# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047<br><br>JUDGE FALLON |
| This Document Relates to Pate v. American International Specialty Lines Insurance Company, et al. (09-7791) | MAGISTRATE JUDGE WILKINSON |

### PLAINTIFF ROBERT C. PATE'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS CONCERNING JURISDICTION AND VENUE

Pursuant to Federal Rules of Civil Procedure 34 and 26, Plaintiff Robert C. Pate, as Trustee of the Chinese Drywall Trust, hereby requests that Defendant respond to the following requests for the production of documents by Thursday, July 29, 2010 in light of the Court's July 1, 2010 Order.

### INSTRUCTIONS

The following instructions apply to all document requests contained herein:

1. The documents are to be produced at Anderson Kill & Olick, P.C., 1251 Avenue of the Americas, New York, NY 10020 with the documents organized in the manner specified in the last paragraph of Rule 34.

2. Each request contained herein extends to any documents in your care, custody, or control, in the broadest meaning given to such terms under the Federal Rules of Civil Procedure. Without limitation of the foregoing, a document is deemed to be in your care, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that you

NYDOCS1-949612.3

may use, inspect, examine or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

3. In the event that you claim that a document requested is privileged, please identify each document in sufficient detail so as to enable the Court to rule upon the claim of privilege, including the following information:

    (a)    The date the document or item was prepared;

    (b)    The author of the document;

    (c)    The substantive content of the document to the extent not privileged;

    (d)    The identity and address of the person or entity who currently has custody of the document or item; and

    (e)    The grounds upon which you refuse to produce said document or item.

4. The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

## **DEFINITIONS**

As used herein, the following terms are defined as follows:

1. "Any" means any and all or each and every, to make it inclusive rather than exclusive.

2. "Communication" means oral or written communications of any kind, such as electronic, facsimile, telephone, correspondence, exchanges of written or recorded information, or face-to-face meetings.

3. "Defendant" means any or all of the following insurance companies that you represent in the above captioned matter: American Guarantee and Liability

Insurance Company, Amerisure Insurance Company, Amerisure Mutual Insurance Company, Auto-Owners Insurance Company, Chartis Specialty Insurance Company, FCCI Commercial Insurance Company, FCCI Insurance Company, Hartford Accident & Indemnity Company, Hermitage Insurance Company, Illinois Union Insurance Company, Landmark American Insurance Company, Lexington Insurance Company, Mid-Continent Casualty Company, National Union Fire Insurance Company of Pittsburgh, P.A., NGM Insurance Company, Ohio Casualty Insurance Company, Owners Insurance Company, Scottsdale Insurance Company, Steadfast Insurance Company, and West American Insurance Company.

4. "Document" means the original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced. This definition also includes letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising and promotional literature, agreements or minutes of meetings. This definition includes electronically stored information.

5. "Plaintiff" means Robert C. Pate, as Trustee for the Chinese Drywall Trust, and any of his agents, attorneys, or representatives.

6. "Related Entity" means your subsidiary and parent corporations, affiliates, or agents.

7.  "State" or "describe" means to set forth fully and in detail all factual information and data that are in any way related to the subject matter of the particular request seeking such statement or description.

8.  "You," "Your," or "Your Company" means any of the following entities that you represent in this matter – American Guarantee and Liability Insurance Company, Amerisure Insurance Company, Amerisure Mutual Insurance Company, Auto-Owners Insurance Company, Chartis Specialty Insurance Company, FCCI Commercial Insurance Company, FCCI Insurance Company, Hartford Accident & Indemnity Company, Hermitage Insurance Company, Illinois Union Insurance Company, Landmark American Insurance Company, Lexington Insurance Company, Mid-Continent Casualty Company, National Union Fire Insurance Company of Pittsburgh, P.A., NGM Insurance Company, Ohio Casualty Insurance Company, Owners Insurance Company, Scottsdale Insurance Company, Steadfast Insurance Company, and West American Insurance Company - and includes that entities respective agents, principals, employees, directors, officers, representatives, affiliates, departments, divisions, and parent and subsidiary corporations.

## DOCUMENT REQUESTS

1.  Documents sufficient to show all travel to Louisiana by any of Your officers, directors, employees, representatives or agents for the purpose of conducting business or engaging in any business activity regarding the marketing, sale or promotion of insurance policies, including but not limited to expense records, airplane tickets, hotel bills, car rental bills and other travel records, as well as documents sufficient to show the dates and purposes of all such trips.

2. Documents utilized to solicit, market, or advertise Your services or products in Louisiana, including but not limited to electronic media, brochures, advertisements, news releases, customer service reports, articles, and price lists produced by You for use by You or any Related Entity in Louisiana.

3. Documents regarding actual or prospective purchasers of insurance policies in Louisiana, including reports regarding actual or projected sales of insurance policies by You or any Related Entity.

4. Documents related to any Louisiana state or federal legal proceedings involving You, including but not limited to: (a) claim, complaint, counterclaim or third party claim You filed in any court, administrative agency, or any other governmental entity within Louisiana; (b) discovery responses and answers You filed in any litigation in which personal jurisdiction over You in Louisiana was or is an issue and any judicial orders, memoranda, or opinions issued thereon; and (c) copies of any judgment, levy, or assessment entered in Louisiana against or in Your favor.

5. All court orders issued in any action in Louisiana state or federal court wherein the court decided a motion You made to dismiss for lack of personal jurisdiction or improper venue and all briefs submitted by the parties in support of, or in opposition to, such a motion.

6. Documents sufficient to identify all agents You authorized to receive service of process or notice of proceedings within Louisiana.

7. Documents sufficient to identify the locations at which or from which Your services or products are sold in Louisiana and/or are sold to Louisiana residents and entities.

8. All documents concerning any tax charged to You by the state of Louisiana.

9. Documents sufficient to show for each of the past ten years, Your annual sales of insurance policies to purchasers in Louisiana (including but not limited to sales of insurance policies by any Related Entity) and the dollar value for all such sales.

10. Documents sufficient to identify the offices You may maintain, own, lease, or occupy in Louisiana.

11. Documents that You filed with the Louisiana Department of Insurance in the past ten years.

12. Documents that You filed with the Louisiana Secretary of State in the past ten years.

13. Documents sufficient to identify for each of the past ten years, your assets, including bank accounts, real estate interests, financial instruments or securities, located in Louisiana and the dollar value of each asset.

14. Documents sufficient to show Your corporate structure, including any Related Entities.

15. Documents sufficient to show Your percent ownership interest in any Related Entities.

16. Documents sufficient to any Related Entity's percent ownership interest in You.

17. Documents sufficient to identify Your board of directors, each corporate officer, and Your organizational structure.

18. Documents sufficient to identify the board of directors, each corporate officer, and the organizational structure of Related Entities.

19. Documents sufficient to show each distribution or transfer of cash or assets between You and a Related Entity.

20. Documents sufficient to show the existence of any inter-company loans, advances of funds, or cost sharing between You and a Related Entity.

21. Documents sufficient to show the existence of any guarantees or similar assurances by You to financial institutions on behalf of any Related Entity.

22. Documents that relate to the preparation and approval by You of annual and longer-term business plans, marketing plans, and budgets for any Related Entity.

23. Any combined financial statements for You and any Related Entity.

24. Documents sufficient to identify the percentage of Your revenue that originates from Louisiana residents or entities.

25. Documents sufficient to identify any of Your employees, independent contractors, or leased personnel whom You employ in Louisiana or who live in Louisiana.

26. Documents concerning any lobbying performed by You on Your behalf in Louisiana.

27. Documents concerning Your storage or maintenance of any documents or things in Louisiana.

28. Documents sufficient to identify Your managing general agent in Louisiana.

29. Documents sufficient to identify Your brokers in Louisiana.

30. Documents sufficient to identify the retail agents through which You have sold insurance in Louisiana in the past 10 years.

31. Documents sufficient to identify each year for the last ten years the total amount of premiums You have collected from Louisiana clients.

July 21, 2010                              ANDERSON KILL & OLICK, P.C.

By: *Anna M. Piazza*
Robert M. Horkovich
Anna M. Piazza
1251 Avenue of the Americas
New York, New York 10020
P: 212-278-1000
F: 212-278-1733
rhorkovich@andersonkill.com
apiazza@andersonkill.com

*Plaintiff's Lead Counsel*

Burton LeBlanc (#20491)
Baron & Budd, P.C.
9015 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
P: 225-927-5441
F: 225-927-5449
bleblanc@baronbudd.com

Renée Melançon
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
P: 214-521-3605
F: 214-520-1181
RMelanco@baronbudd.com

*Plaintiff's Local Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail on July 22, 2010, and upon all counsel of record by Federal Express on this 21st day of July, 2010.

*Anna M. Piazza*
Anna M. Piazza