# EXHIBIT E

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047 |
| | SECTION: L |
| | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:** | |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust, v. AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, FCCI INSURANCE COMPANY, et al., **(2:09-cv-07791)** (E.D. La.) | |

## DEFENDANTS FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S RESPONSES TO PLAINTIFF ROBERT C. PATE'S INTERROGATORIES CONCERNING JURISDICTION AND VENUE

COME NOW, FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY ("FCCI") through their undersigned counsel and provide the following responses and/or objections to Plaintiff Robert C. Pate's Interrogatories Concerning Jurisdiction and Venue propounded on July 21, 2010 ("Plaintiff's Interrogatories").

## I.    **GENERAL OBJECTIONS**

A.    FCCI objects to Plaintiff's Interrogatories generally.  Each general objection is applicable to each response provided below and are incorporated therein.

B.    FCCI objects to the instructions and/or definitions for Plaintiff's Interrogatories to the extent that they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure.

C.    FCCI objects to each of Plaintiff's Interrogatories to the extent that it seeks information, mental impressions, conclusions, opinions or legal research or theories of any attorney or other representatives of FCCI, prepared in anticipation of litigation, and/or protected by attorney-client or joint defense privilege and/or the work-product doctrine, and/or not otherwise subject to discovery.

D.    FCCI objects to each of Plaintiff's Interrogatories to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and which is outside the scope of discovery under the applicable rules of the Federal Rules of Civil Procedure.

E.     FCCI objects to each of Plaintiff's Interrogatories to the extent that it seeks trade secrets, or other confidential, research, development, commercial, financial and/or proprietary information.

F.     FCCI objects to each of Plaintiff's Interrogatories to the extent that it seeks information outside of the scope of and not at issue in this litigation.

G.     FCCI objects to each of Plaintiff's Interrogatories to the extent that it is vague, ambiguous, overly broad, unduly burdensome, and/or harassing.

H.     FCCI objects to each of Plaintiff's Interrogatories to the extent that it seeks information regarding individuals and/or entities that are not parties to this litigation and the disclosure of which would violate their confidentiality and privacy.

I.     FCCI objects to each of Plaintiff's Interrogatories to the extent that Plaintiff has failed to limit the time frame.

J.     Without waiving or restricting any of the General Objections set forth in paragraphs "1" through "9" above, and reserving the right to modify or supplement any objection or response at any time based on receipt of additional information, FCCI responds to individual Interrogatories as follows:

## II.     RESPONSES AND SPECIFIC OBJECTIONS

INTERROGATORY NO. 1:     Do any of your subsidiary or parent corporations sell insurance – directly or indirectly – to Louisiana residents or entities?

If so, for each, identify: its headquarters; your percent Ownership in it or its percent Ownership in you; any officers or directors common to you and the subsidiary or parent; and whether you and the subsidiary or parent maintain separate accounting systems.

RESPONSE:

No.

INTERROGATORY NO. 2:    Identify all offices that You maintain, own, lease, and/or occupy in Louisiana, and for each state the address and the entity maintaining, owning, leasing, and/or occupying the office.

RESPONSE:

None.

INTERROGATORY NO. 3:    Identify all offices in Louisiana at or through which insurance policies are sold by You or on Your behalf.

RESPONSE:

None.

INTERROGATORY NO. 4:    Identify all periods of time during which You were qualified to do business in Louisiana and Identify all periods of time during which You were licensed to sell insurance in Louisiana.

RESPONSE:

Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has ever been qualified to do business or were ever licensed to sell insurance in Louisiana.

National Trust Insurance Company was licensed to sell insurance and sold workers' compensation insurance policies in Louisiana from November 1, 2000 through September 13, 2007.

INTERROGATORY NO. 5:    Identify any tax returns You have filed in Louisiana during the past ten years, including the filer of the tax return, its address, and the year it was filed.

RESPONSE:

Defendants object to this Interrogatory on the grounds that it is unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time or scope to the issues pending in this matter.

FCCI objects to Interrogatory No. 5 on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or

- 5 -

federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has ever filed tax returns in Louisiana.

National Trust Insurance Company sold workers compensation policies to Louisiana employers from 2000 until 2007. All tax returns were properly filed by National Trust Insurance Company. National Trust Insurance Company was a Tennessee corporation until it was redomesticated to Indiana in July 2010.

INTERROGATORY NO. 6:    During the past ten years, have You sold or marketed insurance policies to persons located in Louisiana, including but not limited to sales by Your subsidiaries, parents, affiliates, or agents? If so, identify the entity

selling or marketing the insurance policies, the kind of insurance policies it sold, and the number of insurance policies of each kind it sold each year.

RESPONSE:

Neither FCCI Insurance Company, FCCI Commercial Insurance Company, nor their subsidiaries, parents, affiliate or agents has ever sold or marketed insurance policies to persons located in Louisiana.

From November 1, 2000 until September 13, 2007 National Trust Insurance Company (NTI) wrote Workers Compensation coverage in Louisiana. During that time National Loss Control Management, Inc. (NLCM), 1010 Florida Boulevard, Baton Rouge, Louisiana (a company that is not subsidiary, parent, affiliate or agent of FCCI Insurance Company or FCCI Commercial Insurance Company) served as the General Agent for NTI ("General Agent" is an insurance industry term of art and not a legal "agent" as suggested by this interrogatory). NLCM was not authorized and did not write coverage on behalf of NTI other than Workers' Compensation coverage. NLCM was not authorized and did not write business on behalf of FCCI Insurance Company or FCCI Commercial Insurance Company in Louisiana.

As General Agent, NLCM appointed retail agents ("agent" in this context is an insurance term of art and not a legal "agent" as suggested by this interrogatory) to sell workers compensation insurance for NTI. On behalf of NTI, NLCM solicited

applications; bound insurance coverage; issued policies and endorsements; effected renewals, non-renewals, and cancellations; and countersigned policies for NIT. NLCM maintained possession of all NTI policies issued in Louisiana. NLCM also maintained all underwriting records, statistical and accounting records required by law for the coverages it wrote for NTI.

During this time, NLCM handled claims made with regard to the Louisiana coverages it wrote for NTI in Louisiana. NLCM hired the adjusters responsible for handling all NTI claims in Louisiana. NLCM had the authority to adjust, settle, deny and/or pay losses and loss adjustment expenses on behalf of NTI during that time frame. NLCM maintained all claims files related to the Louisiana policies issued by NTI.

NLCM established bank accounts using its Federal Employer Identification Number for the purposes of collecting premiums and paying all claims and loss adjustment expenses on behalf of NTI.  NLCM paid those expenses using NLCM checks or drafts. No one at FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc. was a signatory to that account.

No entity related to any FCCI affiliated company (including FCCI Insurance Company, FCCI Commercial Insurance Company) retained any right to control and

exercised no control over the operations of NLCM. No employee of NLCM was an employee of FCCI Insurance Company, FCCI Commercial Insurance Company, or any company affiliated with FCCI Insurance Company or FCCI Commercial Insurance Company.

Any communications between NTI and its Louisiana insureds, policy holders claimants, or any others, were handled by NLCM. NLCM filed all required claims reports with the Louisiana Department of Insurance.

That General Agency Agreement was terminated effective September 13, 2007.

INTERROGATORY NO. 7:     Identify the number of insurance claims You have processed in Louisiana in the past ten years, identifying in your answer the names of the entities processing the claims and their relation to You.

RESPONSE:

None.

Neither FCCI Insurance Company, FCCI Commercial Insurance Company, nor their subsidiaries, parents, affiliate or agents has ever processed any claims in Louisiana in the past ten years nor have they had any claims operations in Louisiana.

As indicated above, National Loss Control Management, Inc. processed claims for workers compensation policies written from November 1, 2000 through September 13, 2007 by National Trust Insurance Company in Louisiana.

INTERROGATORY NO. 8: Identify all assets, including but not limited to real estate, bank accounts, financial instruments, or securities that You own or have owned in Louisiana in the past ten years, including the type of asset, the owner of the asset, and the dollar value of the asset.

RESPONSE:

FCCI objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and unlimited in scope.

FCCI objects to Interrogatory No. 8 on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

- 10 -

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

By agreement of counsel, FCCI is not obligated to search for securities information. It is not reasonably possible to identify publicly traded securities or other similar investments that may have connections with Louisiana.

Subject to and without waiving any objection, to these Defendants' knowledge no assets in Louisiana are or were owned by FCCI Insurance Company, FCCI Commercial Insurance Company, nor by its parent, affiliates or subsidiaries.

INTERROGATORY NO. 9:   For each of the past ten years, and for you and each of your subsidiary or parent corporations, Identify any revenue originating from Louisiana; the percent that revenue constitutes of your or your subsidiary or parent corporation's total annual revenue; and the percent of that annual revenue that originates from insurance premium payments by Louisiana residents or entities.

- 11 -

RESPONSE:

FCCI objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly burdensome, and vague in that "revenue" is undefined and unlimited in scope. Further, FCCI objects to Interrogatory No. 9 on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects to Interrogatory No. 9 on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects to Interrogatory No. 9 on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects to Interrogatory No. 9 on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Subject to and without waiving said objection, neither FCCI Insurance Company nor FCCI Commercial Insurance Company had any revenue originating from Louisiana.

FCCI is trying to identify the following information: (1) premiums written by all FCCI entities from 2000-2009, (2) premiums written by National Trust Insurance Company from 2000-2009, (3) premiums written by National Trust Insurance Company for Louisiana workers compensation insureds from 2000-2007 (no policies were written in 2008 and 2009), and (4) premiums collected by National Trust Insurance Company in 2008 or 2009 for Louisiana workers compensation policies issued to insureds from 2000-2007.

INTERROGATORY NO. 10:   During the past ten years, have You been a party to any judicial or administrative proceeding in Louisiana? If so, state the name of the proceeding, the index or other identifying number of the proceeding, and describe of the nature of the proceeding.

RESPONSE:

FCCI lacks the ability to access the information asked for in this interrogatory without an individual review of all claims files.   Therefore, FCCI objects because this Interrogatory is overly broad, unduly burdensome, vague and unlimited in scope.

FCCI objects to Interrogatory No. 10 on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b). Owner further objects on the grounds it seeks information that is not material, not relevant, and it is not designed to lead to the discovery of admissible evidence.

FCCI objects to Interrogatory No. 10 on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint.

FCCI objects to Interrogatory No. 10 on the grounds that it is seeks the identities of information or materials that cannot be provided by FCCI with substantially greater facility than would otherwise be provided by other sources or obtained independently by the Plaintiff, who has ample opportunity by discovery in this action to obtain the information or materials sought.

FCCI objects to Interrogatory No. 10 as the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

FCCI objects to Interrogatory No. 10 to the extent that the information sought is unduly burdensome or expensive, taking into account the needs of the case, the

amount in controversy, various limitations on the parties' resources, and the importance of the issues at stake in the litigation.

Further answering, and without waiving objections thereto, FCCI has conducted a search of readily accessible documents as they are kept in the ordinary course of business and is unable to identify any documents involving any Louisiana insured because FCCI has never had any Louisiana insureds.

Further answering, and without waiving objections thereto FCCI and its attorneys have undertaken a review of information available outside of FCCI and the information readily available within FCCI and any affiliates and have determined the following:

Counsel for FCCI has asked the Louisiana Workforce Commission for any administrative procedures filed against FCCI or any subsidiaries, parents, affiliates or agents of FCCI and the Louisiana Workforce Commission, Office of Worker's Compensation responded "none found".

Nevertheless, Counsel for FCCI has determined that a workers compensation claim was filed by Otilio Galicia with the Office of Workers' Compensation, State of Louisiana, Docket 07-06318 under a policy of insurance issued by National Trust

Insurance Company but mistakenly naming FCCI Insurance Group as a party. FCCI Insurance Group was subsequently dismissed.

Counsel for FCCI has determined that a workers compensation claim was filed by Rhonda Theriot with the Office of Workers' Compensation, State of Louisiana, under a policy of insurance issued by National Trust Insurance Company but mistakenly naming FCCI Insurance Group as a party. FCCI Insurance Group was subsequently dismissed.

Counsel for FCCI has been able to identify one complaint to the Louisiana Office of the Commissioner of Insurance filed in 2003 related to the cancellation of National Trust Insurance Company Workers Compensation policy.

Counsel for FCCI determined that between January 1, 2000 and the present the following law suits have been brought in Louisiana against FCCI or any subsidiaries, parents, affiliate or agents of FCCI (excluding the Pate and Amato actions pending before this Court):

(1) *Babin, Sr., Wayne Joseph v. Mac's Vac's, FCCI Insurance Company, et al.* U.S. District Court, Eastern District of Louisiana, Case No. 2:07-cv-00230-MLCF-DEK (automobile accident that occurred in Louisiana but the insured was not a Louisiana resident and the policy was not a Louisiana policy);

(2) *Badeaux, Felcia, obo the minor child, Badeaux, Caleb W. v. Reid, Donald B., R.K. Wallace Construction, Inc. and Brierfield Insurance Company and in the alternative Taylor, Ashley M. and US Agencies Insurance Company*, 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, Case No. 2009-10252 (automobile accident that occurred in Louisiana but the insured was not a Louisiana resident and the policy was not a Louisiana policy);

(3) *Barbisan, Leo J. v. Loper, Jerry D., G.A. West & Company, Inc. and National Trust Insurance Company*, 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, Case No. 2007-11736 (automobile accident that occurred in Louisiana but the insured was not a Louisiana resident and the policy was not a Louisiana policy);

(4) *Griffin, Carolyn M. v. Jackie Lee Sterns, Morton Contracting, Inc., FCCI Insurance Group, National Trust Insurance Co., Essex Insurance Co.*, U.S. District Court, Western District of Louisiana, Case No. 5:03-cv-01305-SMH-RSP; (the action against FCCI Insurance Group was terminated 7/9/03, the same day the action was filed) (motor vehicle accident that occurred in Louisiana but the insured was not a Louisiana corporation and the policy was not a Louisiana policy);

(5) *Kemp, Milton S. & Ruby v. Fairburn, Jeremy M., R.K. Wallace Construction, Inc., Brierfield Insurance Company, Louisiana Farm Bureau Casualty*

- 17 -

*Insurance Company, AND Louisiana Farm Bureau Casualty Insurance Company v. R.K. Wallace Construction, Inc. and Brierfield Insurance Company*, U.S. District Court, Eastern District of Louisiana, Case No. 2:09-cv-03303-ILRL-DEK (and removed from the 22nd Judicial District Court for St. Tammany Parish, Case No. 2009-11302) (motor vehicle accident that occurred in Louisiana but the insured was not a Louisiana corporation and the policy was not a Louisiana policy);

(6) *Learson, Gregory v. New, William, Oakley Excavating, Inc. and FCCI Insurance Group*, Civil District Court, Parish of Orleans, State of Louisiana, Case No. 06-12241 (automobile accident that occurred in Louisiana but the insured was not a Louisiana resident and the policy was not a Louisiana policy);

(7) *Perkins, Valerie v. Rayford Fontenot, Jr., Atlas Manufacturing Company, Inc., and Brierfield Insurance Company*, U.S. District Court, Eastern District of Louisiana, Case No. 2:09-cv-03748-EEF-JCW (and removed from the 24th Judicial District Court for Jefferson Parish, Case No. 672-007) ) (motor vehicle accident that occurred in Louisiana but the insured was not a Louisiana corporation and the policy was not a Louisiana policy);

(8) *Taylor, Ashley M. v. Reid, Donald B., R.K. Wallace Construction, Inc. and the Brierfield Insurance Company*, 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, Case No. 2009-10251 (this is the same accident as

Babin above) (automobile accident that occurred in Louisiana but the insured was not a Louisiana resident and the policy was not a Louisiana policy);

(9) *Williams, Ronald S. and Dona G. v. FCCI Insurance Company, Madison Recycled Wood Products, and Michael Shane Smithie,* U.S. District Court, Eastern District of Louisiana, Case No. 2:10-cv-02294; (and removed from the 21st Judicial District Court for Tangipahoa Parish, Case No. 2010-0002515) (Complaint was subsequently amended to name Brierfield Insurance Company rather than FCCI Insurance Company) ) (motor vehicle accident that occurred in Louisiana but the insured was not a Louisiana corporation and the policy was not a Louisiana policy).

INTERROGATORY NO. 11:   Identify all the lawsuits or administrative proceedings in which You have been involved during the past 10 years in which the court applied Louisiana law.

RESPONSE:

FCCI cannot determine which state's law was applied to a particular proceeding by a review of its files.  FCCI assumes that Louisiana tort law would have been applied to the automobile accidents that occurred in Louisiana and are referenced above and that Louisiana law would have been applied to workers compensation claims written on workers compensation policies issued by National Trust Insurance Company to Louisiana employers between 2000 and 2007.

INTERROGATORY NO. 12:   Identify all locations at which You maintain any documents in Louisiana and identify the categories of documents (ex. policies, underwriting files, or claims files).

RESPONSE:

None.

INTERROGATORY NO. 13:   Identify the number of claims that You have paid to Louisiana residents or entities in the past 10 years and the total amount of those claims.

RESPONSE:

FCCI objects to Interrogatory No. 13 on the grounds that it is overly broad, unduly burdensome, vague in that "revenue" is undefined and unlimited in scope. Further, FCCI objects to Interrogatory No. 9 on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects to Interrogatory No. 13 on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

- 20 -

FCCI objects to Interrogatory No. 13 on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects to Interrogatory No. 13 on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Subject to and without waiving said objection, FCCI has not identified any payments made to Louisiana residents.

FCCI is trying to identify the following information (1) number of claims against National Trust Insurance Company by employees of companies to whom National Trust issued Louisiana workers compensation policies issued from 2000-2007 (no policies were written in 2008 and 2009) and (2) payments made from 2000 to the present for claims by employees against National Trust Insurance Company for Louisiana workers compensation policies issued from 2000-2007.

INTERROGATORY NO. 14:   Identify all witnesses relevant to this case who reside or work in Louisiana.

RESPONSE:

None.

INTERROGATORY NO. 15:   Identify each type of business that You have transacted in Louisiana, the entity transacting the business, and the time period during which You transacted the business

RESPONSE:

Neither FCCI Insurance Company nor FCCI Commercial Insurance Company nor any subsidiaries, affiliates, or agents has ever been qualified to do business or were ever licensed to sell insurance in Louisiana.

National Trust Insurance Company was licensed to sell insurance and sold workers' compensation insurance policies in Louisiana from November 1, 2000 through September 13, 2007.

INTERROGATORY NO. 16:   Identify each type of service or thing that You have contracted to supply in Louisiana, the entity supplying the service or thing, and the time period during which You supplied the service or thing.

RESPONSE:

None other than that which has been set forth in the previous interrogatories.

INTERROGATORY NO. 17:   Identify all manners in which You solicit business or advertise to Louisiana residents or entities, including but not limited to catalogs, brochures, and internet advertisements, and when such soliciting or advertising took place.

RESPONSE:

None.

Neither FCCI Insurance Company nor FCCI Commercial Insurance Company nor any of their subsidiaries, affiliates, or agents has ever solicited business or advertised to Louisiana residents or entities.

From 2000 through 2007 National Trust Insurance Company did not solicit business or advertise to Louisiana residents or entities. National Loss Control Management, Inc. (NLCM) (which is not a subsidiary, affiliate, or agent of FCCI) may have solicited Louisiana residents or entities.

INTERROGATORY NO. 18:   Identify the number of employees who work for You in Louisiana or work for You elsewhere but reside in Louisiana.

RESPONSE:

None.

INTERROGATORY NO. 19:   During the past ten years, have You possessed an ownership interest in any corporation or business that is located in Louisiana? If so, identify the corporation, any subsidiaries, affiliates, or agents of that corporation, and describe the nature of the business in which the corporation, and any of its subsidiaries, affiliates, or agents, are or were engaged.

RESPONSE:

FCCI objects to Interrogatory No. 19 on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any objection, to these Defendant's knowledge no assets in Louisiana are or were owned by FCCI Insurance Company, FCCI Commercial Insurance Company, nor by its parent, affiliates or subsidiaries.   It is not reasonably possible to identify publicly traded securities or other similar investments that my have connections with Louisiana.

INTERROGATORY NO. 20:   During the past ten years, has any company located in Louisiana served as an agent, affiliate, or representative for You with regard to sales of insurance policies? If so, identify the company, along with any parents, subsidiaries, affiliates, or agents of the company and describe the business in which the company and any of its parents, subsidiaries, affiliates, or agents are or were engaged.

RESPONSE:

Neither FCCI Insurance Company nor FCCI Commercial Insurance Company had any company located in Louisiana that served as agent, affiliate, or representative with regard to sales of insurance policies.

From November 1, 2000 until September 13, 2007 National Trust Insurance Company wrote Workers' Compensation coverage in Louisiana.  During that time National Loss Control Management, Inc. served as the General Agent (which is an insurance industry term of art and not a legal "agent" as suggested by this interrogatory) for National Trust under a General Agency Agreement.   The agreement was terminated effective September 13, 2007.

INTERROGATORY NO. 21:   During the past ten years, have any of your officers, directors, employees, representatives, or agents visited Louisiana for the purposes of conducting business or engaging in any business activity relating to the sale of insurance? If so, identify the relevant officers, directors, employees, representatives, or agents, the dates and lengths of their visit(s) to Louisiana, any persons or corporations they met during their visit(s) and describe briefly the purpose of their visit(s).

RESPONSE:

Neither FCCI Insurance Company nor FCCI Commercial Insurance Company had any officers, directors, employees, representatives, or agents who visited Louisiana for the purposes of conducting business or engaging in any business activity relating to the sale of insurance on behalf of either FCCI Insurance Company or FCCI Commercial Insurance Company.

- 25 -

During 2000-2006 various representatives of National Trust Insurance Company may have visited Louisiana to attend court ordered hearings, attend meetings with representatives of National Loss Control Management, Inc. (NLCM), etc. related to its workers compensation policies.

FCCI and its affiliates have been able to search its records back to 2007. The following people (who are/were employed by any entity affiliated with any FCCI entity) visited Louisiana between January 1, 2007 and the present for any reason:

Jacqueline Harris and Montjoy Graziella travelled to New Orleans on March 28, 2007 apparently for a Convention on Disaster Preparedness; Daniel Skaling travelled to New Orleans from October 23, 2007 through October 26, 2007 for the International Facilities Management Association's International Meeting and Conference; Tommy C. Tucker travelled to Kentwood on October 30, 2007; Harry Kessler travelled to New Orleans November 4, 2007 through November 8, 2007 for the National Association of Subrogation Professionals National Conference; Brad Thompson may have traveled to Jennings February 7, 2009 to investigate a claim that occurred in Louisiana involving an Alabama insured; Stephanie Call and Cathy Denofa travelled to Baton Rouge March 4, 2009; Jonathan Dubose and Matthew Koury travelled to Baton Rouge on July 10, 2009 for a convention; Donald D'Errico travelled to New Orleans on August 19, 2009 for a legislative trip; Donald D'Errico

travelled to New Orleans from September 1-4, 2009 for a Property Casualty Insurers Association of America Convention; James Hobson travelled to Vidalia September 10, 2009 for a premium audit related to policies of insurance issued by National Trust Insurance Company between 2000 and 2007; Donald D'Errico travelled to New Orleans September 14, 2009 on regulatory business; Donald D'Errico travelled to New Orleans November 19-23, 2009 for the National Conference Of Insurance Legislators National Conference; Thomas Quaka travelled to Hammond December 26, 2009.

INTERROGATORY NO. 22:  During the past ten years, have You ever financed or made contributions of capital to any corporation, subsidiary, affiliate or agent located in Louisiana? If so, identify all such transactions, including but not limited to any inter-company loans, advances of funds, costs sharing agreements, or extensions of credit.

RESPONSE:

No.

INTERROGATORY NO. 23:  Identify all financial investors You have that reside in Louisiana.

RESPONSE:

None.

- 27 -

INTERROGATORY NO. 24:   Identify Your state of incorporation and principal place of business.

RESPONSE:

Both FCCI Insurance Company and FCCI Commercial Insurance Company were incorporated in the state of Florida and their principal place of business is 6300 University Parkway, Sarasota, FL 34240.

No entity in any way affiliated with FCCI is incorporated in or has a principal place of business in Louisiana.

INTERROGATORY NO. 25:   For each of the insurance policies that You sold that are at issue in this proceeding, identify where the insurance policy was counter-signed and where the last act of contracting with regard to that insurance policy took place.

RESPONSE:

Florida.

INTERROGATORY NO. 26:   Identify Your managing general agent in Louisiana.

RESPONSE:

None.

INTERROGATORY NO. 27:    Identify Your brokers in Louisiana.

RESPONSE:

None.

INTERROGATORY NO. 28:    Identify all retail agents through which You have sold insurance in Louisiana in the past 10 years.

RESPONSE:

Neither FCCI Insurance Company nor FCCI Commercial Insurance Company had any retail agents who sold insurance on their behalf in the past 10 years.

As set forth above, from 2000 until 2007, National Loss Control Management, Inc. (NLCM), 1010 Florida Boulevard, Baton Rouge, Louisiana (a company that is not subsidiary, parent, affiliate or agent of FCCI Insurance Company or FCCI Commercial Insurance Company) served as the General Agent for National Trust Insurance Company.   NLCM was not authorized and did not write coverage on behalf of NTI other than Workers' Compensation coverage.   NLCM was not authorized and did not write business on behalf of FCCI Insurance Company or FCCI Commercial Insurance Company in Louisiana.   As General Agent, NLCM appointed retail agents to sell workers compensation insurance for NTI.   NTI did not appoint any retail agent to sell insurance on its behalf.

- 29 -

INTERROGATORY NO. 29:   Identify the total amount of premiums that You collected each year for the past ten years from Louisiana clients.

RESPONSE:

See also FCCI's response to Interrogatory No. 9.

This 16th day of August, 2010.

Respectfully submitted,

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for FCCI COMMERCIAL INSURANCE
COMPANY and FCCI INSURANCE COMPANY


BY:   /s/ ROBERT M. DARROCH
ROBERT M. DARROCH
GA State Bar No.:  205490
rdarroch@gmlj.com
STEPHANIE F. GLICKAUF
GA State Bar No.:  257540
sglickauf@gmlj.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
Phone:  (404) 264-1500
Fax:   (404) 264-1737

AND

MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC


By:   /s/ PATRICK E. COSTELLO
PATRICK E. COSTELLO (#26619)
pcostello@mblb.com
JACQUES P. DeGRUY (#29144)

- 30 -

jdegruy@mblb.com
4250 One Shell Square
701 Poydras Street
New Orleans, Louisiana  70139
Telephone: 504-595-3000
Facsimile: 504-522-2121

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **DEFENDANTS FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S RESPONSES TO PLAINTIFF ROBERT C. PATE'S INTERROGATORIES CONCERNING JURISDICTION AND VENUE** has been served upon Plaintiff's Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller, by e-mail.

This 16th day of August, 2010.

By:   /s/ PATRICK E. COSTELLO
      PATRICK E. COSTELLO (#26619)

- 32 -