# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | MDL No. 2:09-md-02047 |
| | * | JUDGE FALLON |
| This document relates to: | * * | |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust v. AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL (2:09-cv-07791) (E.D. La.) | * * * * * * * | MAGISTRATE WILKINSON |

*********************************************

## MID-CONTINENT CASUALTY COMPANY'S UNVERIFIED RESPONSES TO INTERROGATORIES

The Defendant, Mid-Continent Casualty Company ("MCC"), responds to Robert C. Pate's ("Pate") and Northstar Holdings, Inc., et. al.'s ("Northstar") Interrogatories Concerning Jurisdiction and Venue as modified by counsel.

        s/RONALD L. KAMMER
        Ronald L. Kammer
        Florida Bar No. 360589
        rkammer@hinshawlaw.com
        Pedro E. Hernandez
        Florida Bar No. 30365
        phernandez@hinshawlaw.com
        HINSHAW & CULBERTSON LLP
        9155 S. Dadeland Boulevard
        Suite 1600
        Miami, Florida 33156-2741
        Telephone: 305-358-7747
        Facsimile: 305-577-1063
        Counsel for Mid-Continent Casualty Company

2

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Unverified Responses to Interrogatories has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, on this 17th day of August 2010.

                                  */s/ Lee M. Peacocke*
                                  **LEE M. PEACOCKE**

14483791v1 908419 56475

## GENERAL OBJECTIONS

1. MCC objects to each instruction and definition to the extent the instruction and/or definition seeks to impose an obligation on MCC that is not required by the Federal Rules of Civil Procedure or any applicable rule of this Court or MDL 2047. This general objection is incorporated by reference into each individual response.

2. MCC objects to definition "You," "Your," or "Your Company" as it is overbroad and unduly burdensome to the extent it seeks information from companies other than MCC and to the extent it requests information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. The only relevant discovery directed to MCC's parent is discovery which would show that MCC's parent corporation so dominates MCC that the two cannot be considered separate and distinct entities. The only information relevant to MCC's subsidiaries are those subsidiaries that sell insurance in Louisiana. To the extent the Interrogatories seek that information, it will be provided unless otherwise noted. Otherwise this general objection is incorporated by reference into each individual response.

3. MCC objects to any request that does not have a time frame or calls for an answer for a period of ten years. By agreement, MCC's answers cover the time frame from 2005-2010.

4. MCC objects to definition of "Defendant" to the extent it calls for it to produce documents or provide information about any other defendant in this action. This general objection is incorporated by reference into each individual response.

5. MCC objects to the definition of "identify" as it is overbroad, unduly burdensome and harassing. This general objection is incorporated by reference into each individual response.

## INTERROGATORIES

**INTERROGATORY NO. 1.** Do any of your subsidiary or parent corporations sell insurance - directly or indirectly - to Louisiana residents or entities? If so, for each, identify:

its headquarters; your percent ownership in it or its percent ownership in you; any officers or directors common to you and the subsidiary or parent; and whether you and the subsidiary or parent maintain separate accounting systems.

**ANSWER:** MCC is a wholly owned subsidiary of Great American Holding, Inc. which does not sell insurance. MCC has two subsidiaries, Mid-Continent Assurance Company and Oklahoma Surety Corporation and will supplement this response when it files its verified answers to interrogatories.

**INTERROGATORY NO. 2.** Identify all offices that You maintain, own, lease, and/or occupy in Louisiana, and for each state the address and the entity maintaining, owning, leasing, and/or occupying the office.

**ANSWER:** MCC did not maintain, own, lease and/or occupy any office in the State of Louisiana from 2005 to 2010.

**INTERROGATORY NO. 3.** Identify all offices in Louisiana at or through which insurance policies are sold by You or on Your behalf.

**ANSWER:** MCC did not maintain any offices in Louisiana at or through which insurance policies were sold by MCC or on MCC's behalf from 2005 to 2010.

**INTERROGATORY NO. 4.** Identify all periods of time during which You were qualified to do business in Louisiana and Identify all periods of time during which You were licensed to sell insurance in Louisiana.

**ANSWER:** MCC objects to this interrogatory as the term "qualified" is vague and ambiguous. Subject to and without waiving this objection MCC states that it was licensed to do business in Louisiana from 2005 to 2010. See Affidavit of Michael Coon for the types of insurance policies sold during that timeframe.

14483791v1 908419 56475

**INTERROGATORY NO. 5.**   Identify any tax returns You have filed in Louisiana during the past ten years, including the filer of the tax return, its address, and the year it was filed.

**ANSWER:**   MCC objects to this interrogatory as the term "tax returns" is vague and ambiguous. Subject to and without waiving this objection, MCC states POB 1409, Tulsa, Oklahoma has paid premium taxes in Louisiana from 2005 to 2010.

**INTERROGATORY NO. 6.**   During the past ten years, have You sold or marketed insurance policies to persons located in Louisiana, including but not limited to sales by Your subsidiaries, parents, affiliates, or agents? If so, identify the entity selling or marketing the insurance policies, the kind of insurance policies it sold, and the number of insurance policies of each kind it sold each year.

**ANSWER:**   MCC sold and/or marketed insurance policies in the State of Louisiana through independent agents from 2005 to 2010. None of these independent agents were located in Louisiana. See Affidavit of Michael Coon for the kind of insurance policies sold. MCC will provide the number and type of insurance policies of each kind sold from January 1, 2005 to June 1, 2010 when it files its verified answers to interrogatories.

**INTERROGATORY NO. 7.**   Identify the number of insurance claims You have processed in Louisiana in the past ten years, identifying in your answer the names of the entities processing the claims and their relation to You.

**ANSWER:**   MCC objects to this interrogatory as the term "processed" is vague and ambiguous. Subject to and without waiving this objection, MCC "processes" its own claims in Tulsa Oklahoma, not in Louisiana.

**INTERROGATORY NO. 8.** Identify all assets, including but not limited to real estate, bank accounts, financial instruments, or securities that You own or have owned in Louisiana in the past ten years, including the type of asset, the owner of the asset, and the dollar value of the asset.

**ANSWER:** MCC objects to this interrogatory to the extent it seeks information that is confidential or otherwise not discoverable under any applicable law regarding the disclosure of non-public personal or financial information. Subject to and without waiving this objection, MCC does not have any real estate or bank accounts in Louisiana. By agreement, Pate has withdrawn its request regarding "financial instruments, or securities."

**INTERROGATORY NO. 9.** For each of the past ten years, and for you and each of your subsidiary or parent corporations, identify any revenue originating from Louisiana; the percent that revenue constitutes of your or your subsidiary or parent corporation's total annual revenue; and the percent of that annual revenue that originates from insurance premium payments by Louisiana residents or entities.

**ANSWER:** MCC objects to this interrogatory as the terms "originated" and "revenue" are vague and ambiguous. MCC also objects to this interrogatory as it is overbroad and unduly burdensome as it does not maintain records in such a fashion that would allow it to identify premium that originates from Louisiana. Subject to and without waiving these objections, MCC can determine premium collected from exposures located in Louisiana regardless of where the insured is located and it refers Pate and Northstar to Michael Coon's affidavit for information for the last four years. For 2005, the amount of premium sold in Louisiana was $631,124 of which $252,412 was for insurance and $378,705 was for surety bonds. MCC's total premium in 2005 was $328,527,291 of which $9,197,243 was for bonds and $319,330,048 was for insurance.

Louisiana insurance premiums in 2005 as compared to its total premiums was less than 1/10 of one percent. In the first 6 months of 2010 the amount of premium sold in Louisiana was $502,888 of which $373,687 was for insurance and $129,201 was for surety bonds. MCC's total premium in 2010 was $80,822,327 of which $4,289,607 was for bonds and $76,532,720 was for insurance. Louisiana insurance premiums in 2010 through June 1, 2010 as compared to its total premiums was less than 1/2 of one percent.

**INTERROGATORY NO. 10.** During the past ten years, have You been a party to any judicial or administrative proceeding in Louisiana? If so, state the name of the proceeding, the index or other identifying number of the proceeding, and describe of the nature of the proceeding.

**ANSWER:** MCC objects to this interrogatory as the term "administrative proceeding" is vague and ambiguous. MCC further objects to this interrogatory as is overbroad and unduly burdensome as it does not maintain records that are readily searchable for this type of information since Louisiana is a direct action state. In addition, this interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. In order to determine whether MCC has been involved in any judicial or administrative proceeding in Louisiana, it would have to search literally thousands of files in order to obtain this information. This would involve literally thousands of hours of manpower at great expense to MCC. Subject to and without waiving these objections, MCC located one insurance commissioner complaint in 2008.

**INTERROGATORY NO. 11.** Identify all the lawsuits or administrative proceedings in which You have been involved during the past 10 years in which the court applied Louisiana law.

14483791v1 908419 56475

**ANSWER:** MCC objects to this interrogatory as it is overbroad and unduly burdensome as MCC does not maintain files in a manner in which it can determine, during the past five years, whether any court or administrative proceeding has applied Louisiana law. In order to determine the answer to this question MCC would have to search literally thousands of files. This would involve literally thousands of hours of manpower at great expense to MCC. In addition, MCC objects to this interrogatory as its seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12.** Identify all locations at which You maintain any documents in Louisiana and identify the categories of documents (ex. policies, underwriting files, or claims files).

**ANSWER:** No such locations exist.

**INTERROGATORY NO. 13.** Identify the number of claims that You have paid to Louisiana residents or entities in the past 10 years and the total amount of those claims.

**ANSWER:** MCC objects to this interrogatory as it is overbroad and unduly burdensome as it does not maintain records that are readily searchable for this type of information. Accordingly, MCC cannot determine the number of claims it has paid to Louisiana residents in the past five years without searching literally thousands of files in order to obtain this information. This would involve literally thousands of hours of manpower at great expense to MCC. Finally, MCC objects to this interrogatory as its seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, MCC opened 52 claim files from 2005 to 2010 from which it paid $774,596.05 to individuals which it believed were Louisiana residents.

1448379lv1 908419 56475

**INTERROGATORY NO. 14.** Identify all witnesses relevant to this case who reside or work in Louisiana.

**ANSWER:** MCC objects to this interrogatory as it overbroad and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, MCC is not aware of any witnesses that reside or work in Louisiana that have knowledge of facts relevant to this case.

**INTERROGATORY NO. 15.** Identify each type of business that You have transacted in Louisiana, the entity transacting the business, and the time period during which You transacted the business.

**ANSWER:** MCC refers Pate to Michael Coon's Affidavit attached to its Motion to Dismiss. The same type of insurance business was transacted by MCC in 2005 through 2010.

**INTERROGATORY NO. 16.** Identify each type of service or thing that You have contracted to supply in Louisiana, the entity supplying the service or thing, and the time period during which You supplied the service or thing.

**ANSWER:** MCC objects to this interrogatory as the term "service or thing" is vague and ambiguous. Subject to the clarification provided by opposing counsel during the meet and confer conference, none.

**INTERROGATORY NO. 17.** Identify all manners in which You solicit business or advertise to Louisiana residents or entities, including but not limited to catalogs, brochures, and internet advertisements, and when such soliciting or advertising took place.

**ANSWER:** MCC does not advertise insurance business in the state of Louisiana. MCC has agreements with independent agents, none of whom are located in Louisiana who may solicit business in Louisiana. MCC does not know how or if they may solicit business in

Louisiana. Moreover how an independent agent may solicit business is not relevant or reasonably calculated to lead to the discovery of admissible evidence. However, MCC does not provide these independent agents with any catalogs, brochures or internet advertisements.

**INTERROGATORY NO. 18.** Identify the number of employees who work for You in Louisiana or work for You elsewhere but reside in Louisiana.

**ANSWER:** MCC does not employ anyone that works for MCC in Louisiana.

**INTERROGATORY NO. 19.** During the past ten years, have You possessed an ownership interest in any corporation or business that is located in Louisiana? If so, identify the corporation, any subsidiaries, affiliates, or agents of that corporation, and describe the nature of the business in which the corporation, and any of its subsidiaries, affiliates, or agents, are or were engaged.

**ANSWER:** No.

**INTERROGATORY NO. 20.** During the past ten years, has any company located in Louisiana served as an agent, affiliate, or representative for You with regard to sales of insurance policies? If so, identify the company, along with any parents, subsidiaries, affiliates, or agents of the company and describe the business in which the company and any of its parents, subsidiaries, affiliates, or agents are or were engaged.

**ANSWER:** No.

**INTERROGATORY NO. 21.** During the past ten years, have any of your officers, directors, employees, representatives, or agents visited Louisiana for the purposes of conducting business or engaging in any business activity relating to the sale of insurance? If so, identify the relevant officers, directors, employees, representatives, or agents, the dates and lengths of their

14483791v1 908419 56475

visit(s) to Louisiana, any persons or corporations they met during their visit(s) and describe briefly the purpose of their visit(s).

**ANSWER:** No.

**INTERROGATORY NO. 22.** During the past ten years, have You ever financed or made contributions of capital to any corporation, subsidiary, affiliate or agent located in Louisiana? If so, identify all such transactions, including but not limited to any inter-company loans, advances of funds, costs sharing agreements, or extensions of credit.

**ANSWER:** MCC objects to this interrogatory to the extent it seeks information that is confidential or otherwise not discoverable under any applicable law regarding the disclosure of non-public personal or financial information and to the extent it seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, no.

**INTERROGATORY NO. 23.** Identify all financial investors You have that reside in Louisiana.

**ANSWER:** Withdrawn by agreement.

**INTERROGATORY NO. 24.** Identify Your state of incorporation and principal place of business.

**ANSWER:** MCC is incorporated in Ohio with its principal place of business in Tulsa, Oklahoma.

**INTERROGATORY NO. 25.** For each of the insurance policies that You sold that are at issue in this proceeding, identify where the insurance policy was counter-signed and where the last act of contracting with regard to that insurance policy took place.

**ANSWER:** Florida.

**INTERROGATORY NO. 26.**  Identify Your managing general agent in Louisiana.

**ANSWER:**  Not applicable.

**INTERROGATORY NO. 27.**  Identify Your brokers in Louisiana.

**ANSWER:**  None.

**INTERROGATORY NO. 28.**  Identify all retail agents through which You have sold insurance in Louisiana in the past 10 years.

**ANSWER:**  MCC objects to this interrogatory as it seeks information that is confidential and proprietary in nature. In addition, MCC objects to this interrogatory as its seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objection, MCC does not have any agreements with independent agents that are located in Louisiana.

**INTERROGATORY NO. 29.**  Identify the total amount of premiums that You collected each year for the past ten years from Louisiana clients.

**ANSWER:**  See Affidavit of Michael Coon attached to MCC's Motion to Dismiss and MCC's response to interrogatories 6 and 9.

```
                                        _____
                                        MICHAEL H. COON
```

STATE OF _____ )
                      ) ss:
COUNTY OF _____ )

    BEFORE ME personally appeared **Michael H. Coon**, known to me to be the person described in and who executed the foregoing instrument, and acknowledged to and before me that he executed said instrument for the purposes therein expressed.

    DATED this _____ day of August, 2010.


```
                                        _____
                                        NOTARY PUBLIC, State of Oklahoma
```

Personally Known    or
Type of Identification Produced_____

13

14483791v1 908419 56475