# EXHIBIT H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2:09-md-02047 |
| | * | JUDGE FALLON |
| **This document relates to:** | * * | |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust v. AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL (**2:09-cv-07791**) (E.D. La.) | * * * * * * * | MAGISTRATE WILKINSON |

*********************************

## MID-CONTINENT CASUALTY COMPANY'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

The Defendant, Mid-Continent Casualty Company ("MCC"), responds to Robert C. Pate's and Northstar Homes, Inc., et. al.'s ("Northstar") Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1. MCC objects to each instruction and definition to the extent the instruction and/or definition seeks to impose an obligation on MCC that is not required by the Federal Rules of Civil Procedure or any applicable rule of this Court or the MDL.

2. MCC objects to definition "You," "Your," or "Your Company" as it is overbroad and unduly burdensome to the extent it seeks information from companies other than MCC and to the extent it requests information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. The only relevant discovery directed to MCC's parent

corporation is discovery which would show that MCC's parent corporation so dominates MCC that the two cannot be considered separate and distinct entities. The only information relevant to MCC's subsidiaries would pertain to subsidiaries that sell insurance in Oklahoma. To the extent the Requests seek that information, it will be provided unless otherwise noted. This objection is incorporated by reference in each response.

3. MCC objects to any request that does not have a time frame or calls for an answer for a period of ten years. By agreement, MCC's answers cover the time frame from 2005-2010.

4. MCC objects to the definition of "Related Entity" as it is overbroad and call for the production of documents that are not in the possession, custody or control of MCC. See also MCC"s objection to the definition of You," "Your," or "Your Company". This objection is incorporated by reference in each response.

5. MCC objects to definition of "Defendant" to the extent it calls for it to produce documents or provide information about any other defendant in this action. This general objection is incorporated by reference into each individual response.

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1.** Documents sufficient to show all travel to Louisiana by any of Your officers, directors, employees, representatives or agents for the purpose of conducting business or engaging in any business activity regarding the marketing, sale or promotion of insurance policies, including but not limited to expense records, airplane tickets, hotel bills, car rental bills and other travel records, as well as documents sufficient to show the dates and purposes of all such trips.

**RESPONSE:** None.

**REQUEST NO. 2.** Documents utilized to solicit, market, or advertise Your services or products in Louisiana, including but not limited to electronic media, brochures, advertisements,

news releases, customer service reports, articles, and price lists produced by You for use by You or any Related Entity in Louisiana.

**RESPONSE:** None.

**REQUEST NO. 3.** Documents regarding actual or prospective purchasers of insurance policies in Louisiana, including reports regarding actual or projected sales of insurance policies by You or any Related Entity.

**RESPONSE:** MCC objects to Request No. 3, as it is vague, ambiguous, overbroad and unduly burdensome and seeks information which is confidential and proprietary in nature. This request is so vague that MCC cannot even estimate the time required to comply with this request as it cannot even determine what documents Pate is asking it to produce. MCC objects to producing any documents regarding projected sales, as such information is confidential and proprietary in nature, and further is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections documents for MCC's actual premiums that were relied upon by Mr. Coon will be produced to the extent they exist.

**REQUEST NO. 4.** Documents related to any Louisiana state or federal legal proceedings involving You, including but not limited to: (a) claim, complaint, counterclaim or third party claim You filed in any court, administrative agency, or any other governmental entity within Louisiana; (b) discovery responses and answers You filed in any litigation in which personal jurisdiction over You in Louisiana was or is an issue and any judicial orders, memoranda, or opinions issued thereon; and (c) copies of any judgment, levy, or assessment entered in Louisiana against or in Your favor.

**RESPONSE:** MCC objects to Request No. 4, as it is overbroad and unduly burdensome, as it would require MCC to search thousands of files to determine whether claims, complaints,

counterclaims, third party claims or administrative proceedings were filed or brought in Louisiana or, in those cases, whether the issue of personal jurisdiction was litigated, or if any judgment, levy or assessment was entered in Louisiana against or in MCC's favor as it does not maintain records in this fashion. Accordingly, MCC would literally spend thousands of hours of manpower at great expense to MCC to obtain the documents responsive to this request, assuming such documents are even in its possession, as opposed to the possession of counsel it may have retained and over which it may have no control. Accordingly these documents are equally obtainable to Pate and Northstar. In addition, this request seeks documents which are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Finally, this request may call for the production of documents that may be subject to a confidentiality or similar agreement. Subject to and without waiving these objections, MCC will produce the complaint referred to in its response to interrogatory No. 10.

**REQUEST NO. 5.** All court orders issued in any action in Louisiana state or federal court wherein the court decided a motion You made to dismiss for lack of personal jurisdiction or improper venue and all briefs submitted by the parties in support of, or in opposition to, such a motion.

**RESPONSE:** See MCC's response to Request for Production No. 4.

**REQUEST NO. 6.** Documents sufficient to identify all agents You authorized to receive service of process or notice of proceedings within Louisiana.

**RESPONSE:** Documents responsive to Request No. 6 will be produced to the extent they exist.

4

**REQUEST NO. 7.**   Documents sufficient to identify the locations at which or from which Your services or products are sold in Louisiana and/or are sold to Louisiana residents and entities.

**RESPONSE:** MCC objects as Request No. 7 as it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is overbroad and unduly burdensome as it would require MCC to contact its independent agents to determine if an independent agent sold a policy to a Louisiana resident or entity. Moreover the names of MCC's independent agents is confidential and proprietary in nature and is otherwise not discoverable. Subject to and without waiving these objections MCC does not have any locations or independent agents located in Louisiana in which its services or products are sold and therefore has no documents that are responsive to this request.

**REQUEST NO. 8.**   All documents concerning any tax charged to You by the state of Louisiana.

**RESPONSE:** Documents regarding taxes paid by MCC responsive to Request No. 8 will be produced to the extent they exist.

**REQUEST NO. 9.**   Documents sufficient to show for each of the past ten years, Your annual sales of insurance policies to purchasers in Louisiana (including but not limited to sales of insurance policies by any Related Entity) and the dollar value for all such sales.

**RESPONSE:** MCC objects to this request as the terms "sales" is vague and that the request is overbroad and unduly burdensome as MCC does not maintain records in such a fashion that would allow it to identify annual sales of insurance policies and the dollar value for all such sales in Louisiana. Subject to and without waiving this objection and consistent with the clarification during the parties meet and confer conference that "sales" means premium, MCC

5

can determine premium collected from exposures located in Louisiana regardless of where the insured is located and it refers Pate and Northstar to Michael Coon's Affidavit for this information for the last four years and its response to Request for Production No. 3.

**REQUEST NO. 10.** Documents sufficient to identify the offices You may maintain, own, lease, or occupy in Louisiana.

**RESPONSE:** None.

**REQUEST NO. 11.** Documents that You filed with the Louisiana Department of Insurance in the past ten years.

**RESPONSE:** MCC objects to this request as it is vague, overbroad and unduly burdensome. MCC further objects to this Request as it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections documents responsive to Request No. 11 will be produced to the extent they exist.

**REQUEST NO. 12.** Documents that You filed with the Louisiana Secretary of State in the past ten years.

**RESPONSE:** MCC objects to this request as it is vague and overbroad. MCC further objects to this request as it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, none to MCC's knowledge.

**REQUEST NO. 13.** Documents sufficient to identify for each of the past ten years, your assets, including bank accounts, real estate interests, financial instruments or securities, located in Louisiana and the dollar value of each asset.

6

**RESPONSE:** None as to bank accounts and real estate interests. Pate and Northstar, by agreement, have withdrawn their requests pertaining to "financial instruments or securities".

**REQUEST NO. 14.** Documents sufficient to show Your corporate structure, including any Related Entities.

**RESPONSE:** MCC objects to this request as it is overbroad and unduly burdensome. Subject to and without waiving this objection MCC will produce documents regarding its current corporate structure for MCC to the extent they exist.

**REQUEST NO. 15.** Documents sufficient to show Your percent ownership interest in any Related Entities.

**RESPONSE:** MCC objects to this request as it is overbroad and unduly burdensome and seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. To the extent a subsidiary of MCC sells insurance in Louisiana MCC will produce documents sufficient to show its current percentage ownership in those entities to the extent they exist.

**REQUEST NO. 16.** Documents sufficient to any Related Entity's percent ownership interest in you.

**RESPONSE:** MCC objects to this request as it is overbroad and unduly burdensome and seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence as MCC's parent does not sell insurance in Louisiana. Subject to and without waiving these objections MCC will produce documents sufficient to show Great American Holding, Inc. current percentage ownership of it to the extent they exist.

**REQUEST NO. 17.** Documents sufficient to identify Your board of directors, each corporate officer and Your organizational structure.

7

**RESPONSE:** MCC objects to this request as it is overbroad and unduly burdensome and seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections MCC will produce documents sufficient to identify its current board of directors, each corporate officer and organizational structure to the extent they exist.

**REQUEST NO. 18.** Documents sufficient to identify the board of directors, each corporate officer, and the organizational structure of Related Entities.

**RESPONSE:** MCC objects to this request as it is overbroad and unduly burdensome and seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections MCC will produce documents sufficient to identify the current board of directors, each corporate officer and organizational structure of its parent and subsidiaries to the extent they exist.

**REQUEST NO. 19.** Documents sufficient to show each distribution or transfer of cash or assets between You and a Related Entity.

**RESPONSE:** MCC objects to this request as it is vague, overbroad and unduly burdensome and seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. MCC further objects to this request to the extent it seeks information that is confidential, proprietary privileged and otherwise not discoverable under any applicable law regarding the disclosure of non-public personal or financial information.

**REQUEST NO. 20.** Documents sufficient to show any inter-company loans, advances of funds, or cost sharing between You and a Related Entity

**RESPONSE:** MCC objects to this request as it is vague, overbroad and unduly burdensome and seeks information which is not relevant or reasonably calculated to lead to the

discovery of admissible evidence. MCC further objects to this request to the extent it seeks information that is confidential, proprietary privileged and otherwise not discoverable under any applicable law regarding the disclosure of non-public personal or financial information.

**REQUEST NO. 21.** Documents sufficient to show the existence of any guarantees or similar assurances by You to financial institutions on behalf of any Related Entity.

**RESPONSE:** MCC objects to this request as it is vague, overbroad and unduly burdensome and seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. MCC further objects to this request to the extent it seeks information that is confidential, proprietary privileged and otherwise not discoverable under any applicable law regarding the disclosure of non-public personal or financial information.

**REQUEST NO. 22.** Documents that relate to the preparation and approval by You of annual and longer-term business plans, marketing plans, and budgets for any Related Entity.

**RESPONSE:** MCC objects to this request as it is vague, overbroad and unduly burdensome and seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. MCC further objects to this request to the extent it seeks information that is confidential, proprietary privileged and otherwise not discoverable.

**REQUEST NO. 23.** Any combined financial statements for You and any Related Entity.

**RESPONSE:** MCC objects to this request as it is overbroad and unduly burdensome and seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections MCC will produce any combined financial statements to the extent they exist.

**REQUEST NO. 24.** Documents sufficient to identify the percentage of Your revenues that originates from Louisiana residents or entities.

**RESPONSE:** See response to Request for Production Nos. 3 and 9.

**REQUEST NO. 25.** Documents sufficient to identify any of Your employees, independent contractors, or leased personnel whom You employ in Louisiana or who live in Louisiana.

**RESPONSE:** There are no documents responsive to this request that identify MCC employees or leased personnel in Louisiana. MCC objects to Request for Production No. 25 insofar as it requests MCC to produce documents regarding independent contractors as that request is overbroad and unduly burdensome as MCC does not maintain records in this fashion. Accordingly MCC would literally have to search thousands of claim files at great time and expense to determine if it ever retained an independent contractor in Louisiana to obtain the documents responsive to this request. MCC further objects as this request seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 26.** Documents concerning any lobbying performed by You on Your behalf in Louisiana.

**RESPONSE:** None

**REQUEST NO. 27.** Documents concerning Your storage or maintenance of any documents or things in Louisiana.

**RESPONSE:** None.

**REQUEST NO. 28.** Documents sufficient to identify Your managing general agent in Louisiana.

**RESPONSE:** None.

**REQUEST NO. 29.** Documents sufficient to identify Your brokers in Louisiana.

**RESPONSE:** None.

14483797v1 908419 56475

**REQUEST NO. 30.** Documents sufficient to identify the retail agents through which You have sold insurance in Louisiana in the past 10 years.

**RESPONSE:** MCC objects to this request as it is vague, overbroad and unduly burdensome and seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. MCC further objects to this request to the extent it seeks information that is confidential, proprietary, privileged and otherwise not discoverable.

**REQUEST NO. 31.** Documents sufficient to identify each year for the last ten years the total amount of premiums You have collected from Louisiana clients.

**RESPONSE:** Please see MCC's response to Request for Production Nos. 3 and 9.

Respectfully submitted,

/s/RONALD L. KAMMER
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Pedro E. Hernandez
Florida Bar No. 0030365
phernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Counsel for Mid-Continent Casualty Company

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, and all counsel of record by U.S. Mail and e-mail in accordance with the procedures established in MDL 2047, on this 16th day of August, 2010.

/s/RONALD L. KAMMER
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Pedro E. Hernandez
Florida Bar No. 0030365
phernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Counsel for Mid-Continent Casualty Company

14483797v1 908419 56475