UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HAKENJOS ET AL | CIVIL ACTION |
| VERSUS | NO: 10-2579 |
| TALLOW CREEK ET AL | SECTION: L (2) |

*****************************************************************************

**ANSWER TO PETITION FOR BREACH OF CONTRACT,
WARRANTY AND FOR DAMAGES AND FIRST AMENDED PETITION
FOR BREACH OF CONTRACT, WARRANTY AND DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes **GRAF'S DRYWALL, LLC** who, respectfully files this Answer to the Plaintiffs' Petition for Breach of Contract, Warranty and for Damages and First Amended Petition for Breach of Contract, Warranty and Damages (hereinafter "Plaintiffs' Petition"), by denying all and singularly the allegations contained therein except those which are hereinafter especially admitted.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Graf's avers that Plaintiffs' claims against it are limited by the New Home Warranty Act, La. Rev. Stat. Ann. § 9:3141, *et seq*, ("NHWA"), Graf's avers that Plaintiffs' have no right of action against Graf's Drywall.

**SECOND DEFENSE**

Plaintiffs' damages claim is also limited:

- to the reasonable cost of repair or replacement necessary to cure a defect; and
- in the aggregate, shall not exceed the original purchase price of the Property.

*See* LA. REV. STAT. ANN. § 9:3149(A) (2009).

## THIRD DEFENSE

Graf's avers that Plaintiffs' claims are also governed by Plaintiffs' 2-10 Home Buyer's Warranty ("2-10 Agreement").

## FOURTH DEFENSE

By enrollment into the 2-10 Home Buyers Warranty, Plaintiffs' claims are barred to the extent they stem from:

- Any loss or damage that is caused or made worse by:
  - negligence, improper maintenance, defective material or work supplied by, or improper operation by, anyone other than Tallow Creek or its employees, agents, or subcontractors, including failure to comply with the warranty requirements of manufacturers of appliances, equipment or fixtures;
  - Plaintiffs' failure to give prompt and proper notice to Home Buyers Warranty Corporation and Tallow Creek of any defect;
  - Microorganisms, fungus, decay, rotting of any kind, mold, mildew, corrosion, rust, formaldehyde, any solid, liquid or gaseous pollutant, contaminant, toxin, irritant or carcinogenic substance, whether organic or inorganic, including any claim of health risk or un-inhabitability based on any of the foregoing;
  - Plaintiffs' failure to minimize or mitigate any defect, condition, loss or damage as soon as practicable.

## FIFTH DEFENSE

Plaintiffs' claims for damages stemming from the following are also barred: cost of shelter, transportation, food, moving, storage, or other incidental expenses related to relocation during repair, or any other costs due to loss of use, inconvenience, diminished market value of the Property, and any and all consequential loss or damage.

## SIXTH DEFENSE

By signature to the Conventional Purchase Agreement for the Property, Plaintiffs waived any and all claims for bodily injury, medical, hospital, rehabilitation and other incidental or consequential expenses, and damage to personal property.

**SEVENTH DEFENSE**

In the alternative, damages alleged by Plaintiffs' in the Petition were caused by the acts/omissions of third persons for whom Graf's Drywall cannot be held responsible.

**EIGHTH DEFENSE**

Tallow Creek asserts that Plaintiffs' action may be wholly or partially barred by the doctrines of equitable or judicial estoppel, waiver, laches, unclean hands, peremption, prescription, or any applicable statutes of limitation.

**NINTH DEFENSE**

Plaintiffs' petition is impermissibly vague and ambiguous as it relates to its claims in "negligent or fraudulent misrepresentation" and "failure to warn."

**TENTH DEFENSE**

Plaintiffs have failed to plead fraud with particularity.

**ELEVENTH DEFENSE**

The Respondent hereby pleads all applicable affirmative defenses, including failure to mitigate damages, and reserves the right to amend this answer and to assert any and all available defenses, which may come to light as this litigation proceeds.

**TWELFTH DEFENSE**

At all times, Graf's acted with due care.

**THIRTEENTH DEFENSE**

Graf's is free from any and all negligence.

**FOURTEENTH DEFENSE**

Graf's, at all times, complied with all applicable laws, regulations, and standards.

**FIFTEENTH DEFENSE**

Except to the extent expressly admitted above, Graf's denies the material allegations of the petition and demands strict proof thereof.

**SIXTEENTH DEFENSE**

Graf's expressly reserves the right to re-evaluate and/or assert additional defenses upon discovery and review of additional documents and information and upon the development of other pertinent facts.

**AND NOW, ANSWERING** the Plaintiffs' Petition paragraph by paragraph, the Respondent answers as follows:

1.

The allegations contained in Paragraph 1 of the Plaintiffs' Petition do not refer to the Respondent, and therefore no response is required.

2.

The allegations contained in Paragraph 2 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent.

3.

The allegations contained in Paragraph 3 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent.

4.

The allegations contained in Paragraph 4 of the Plaintiffs' Petition are responded to by stating that the Respondent pleads the Conventional Purchase Agreement, which represents the best evidence of its terms and conditions. That Conventional Purchase Agreement contains

many terms, provisions and exclusions, warranties and waivers, all of which are pleaded herein as if set forth *in extensio*.

5.

The allegations contained in Paragraph 5 of the Plaintiffs' Petition are responded to by stating that the Respondent pleads the Conventional Purchase Agreement, which represents the best evidence of its terms and conditions. That Conventional Purchase Agreement contains many terms, provisions and exclusions, warranties and waivers, all of which are pleaded herein as if set forth *in extensio*.

6.

The allegations contained in Paragraph 6 of the Plaintiffs' Petition are responded to by stating that the Respondent pleads the Conventional Purchase Agreement, which represents the best evidence of its terms and conditions. That Conventional Purchase Agreement contains many terms, provisions and exclusions, warranties and waivers, all of which are pleaded herein as if set forth *in extensio*.

7.

The allegations contained in Paragraph 7 of the Plaintiffs' Petition does not refer to the Respondent, and therefore no response is required. However, if a response is required at this time, those allegations are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Plaintiffs' Petition does not refer to the Respondent, and therefore no response is required. However, if a response is required at this time, those allegations are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Plaintiffs' Petition does not refer to the Respondent, and therefore no response is required.

10.

The allegations contained in Paragraph 10 of the Plaintiffs' Petition are denied for lack of sufficient information upon which to justify a belief therein.

11.

The allegations contained in Paragraph 11 of the Plaintiffs' Petition are denied for lack of sufficient information upon which to justify a belief therein.

12.

The allegations contained in Paragraph 12 of the Plaintiffs' Petition are denied for lack of sufficient information upon which to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Plaintiffs' Petition does not refer to the Respondent, and therefore no response is required.

14.

The allegations contained in Paragraph 14 of the Plaintiffs' Petition are responded to by stating that the Respondent refers to the letter, which represents the best evidence of its terms and conditions and is pleaded herein as if set forth *in extensio*.

15.

In response to the allegations contained in Paragraph 15 of the Plaintiffs Petition, Graf's admits that the Property contains drywall manufactured in China ("Chinese Drywall"). Graf's denies all other allegations of Paragraph 15.

16.

The allegations contained in Paragraph 16 of the Plaintiffs' Petition are denied.

17.

The allegations contained in Paragraph 17 of the Plaintiffs' Petition are denied.

18.

The allegations contained in Paragraph 18 of the Plaintiffs' Petition are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph 19 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

20.

The allegations contained in Paragraph 20 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

21.

The allegations contained in Paragraph 21 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

22.

The allegations contained in Paragraph 22 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

23.

The allegations contained in Paragraph 23 of the Plaintiffs' Petition do not refer to the Respondent, and therefore no response is required.

24.

The allegations contained in Paragraph 24 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

25.

The allegations contained in Paragraph 25 of the Plaintiffs' Petition are responded to by stating that the Respondent refers to the letter, which represents the best evidence of its terms and conditions and is pleaded herein as if set forth *in extensio*. All other allegations contained Plaintiffs' Petition do not refer to the Respondent, and therefore no response is required.

26.

The allegations contained in Paragraph 26 of the Plaintiffs' Petition do not refer to the Respondent, and therefore no response is required.

27.

The allegations contained in Paragraph 27 of the Plaintiffs' Petition do not refer to the Respondent, and therefore no response is required.

28.

The allegations contained in Paragraph 28 of the Plaintiffs' Petition do not refer to the Respondent, and therefore no response is required.

29.

The allegations contained in Paragraph 29 of the Plaintiffs' Petition are denied.

30.

The allegations contained in Paragraph 30 of the Plaintiffs' Petition are denied.

31.

The allegations contained in Paragraph 31 of the Plaintiffs' Petition are denied.

32.

The allegations contained in Paragraph 32 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

33.

The allegations contained in Paragraph 33 of the Plaintiffs' Petition do not refer to the Respondent, and therefore no response is required.

34.

The allegations contained in Paragraph 34 of the Plaintiffs' Petition are denied.

35.

The allegations contained in Paragraph 35 of the Plaintiffs' Petition are denied.

36.

The allegations contained in Paragraph 36 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

37.

The allegations contained in Paragraph 37 of the Plaintiffs' Petition are denied.

38.

The allegations contained in Paragraph 38 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

39.

The allegations contained in Paragraph 39 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

40.

The allegations contained in Paragraph 40 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondents.

41.

The allegations contained in Paragraph 41 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

42.

The allegations contained in Paragraph 42 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

43.

The allegations contained in Paragraph 43 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

44.

The allegations contained in Paragraph 44 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

45.

The allegations contained in Paragraph 45 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

46.

The allegations contained in Paragraph 46 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

47.

The allegations contained in Paragraph 47 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

48.

The allegations contained in Paragraph 48 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

49.

The allegations contained in Paragraph 49 of the Plaintiffs' Petition are responded to by stating that the Respondent pleads the contract, which represents the best evidence of its terms

and conditions. That contract contains many terms, provisions and exclusions all of which are pleaded herein as if set forth *in extensio*.

50.

The allegations contained in Paragraph 50 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent.

51.

The allegations contained in Paragraph 51 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent.

52.

The allegations contained in Paragraph 52 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

53.

The allegations contained in Paragraph 53 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

54.

The allegations contained in Paragraph 54 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

55.

The allegations contained in Paragraph 55 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

56.

The allegations contained in Paragraph 56 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

57.

The allegations contained in Paragraph 57 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent.

58.

The allegations contained in Paragraph 58 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

59.

The allegations contained in Paragraph 59 of the Plaintiffs' Petition call for a legal conclusion, and therefore no response is required by the Respondent. However, if a response is required at this time, those allegations are denied.

60.

The allegations contained in Paragraph 60 of the Plaintiffs' Petition do not refer to the Respondent, and therefore no response is required.

61.

The allegations contained in Paragraph 61 of the Plaintiffs' Petition do not require an answer.

**AND NOW, ANSWERING** the Plaintiff's First Amended Petition for Breach of Contract, Warranty and Damages paragraph by paragraph, the Respondent answers as follows:

62.

The allegations in Paragraphs 1 and II of the Plaintiffs' Amended Petition for Breach of Contract, Warranty and Damages amended by paragraphs I and II of the Plaintiffs' First Amended Petition are responded to by stating that all previously plead allegations, facts, causes of action and provisions are answered as previously stated. The allegations in Paragraph III of the Plaintiffs' First Amended Petition for Breach of Contract, Warranty and Damages require no response from the Respondent.

63.

The allegations contained in Paragraph 60a. of the Plaintiffs' First Amended and Supplemental Petition do not refer to the Respondent, and therefore no response is required.

64.

The allegations contained in Paragraph 60b of the Plaintiffs' First Amended and Supplemental Petition do not refer to the Respondent, and therefore no response is required.

65.

The allegations contained in Paragraph 60c of the Plaintiffs' First Amended and Supplemental Petition do not refer to the Respondent, and therefore no response is required.

66.

The allegations contained in Paragraph 60d of the Plaintiffs' First Amended and Supplemental Petition do not refer to the Respondent, and therefore no response is required.

67.

The allegations contained in Paragraph 60e of the Plaintiffs' First Amended and Supplemental Petition do not refer to the Respondent, and therefore no response is required.

68.

The allegations contained in Paragraph 60f of the Plaintiffs' First Amended and Supplemental Petition do not refer to the Respondents, and therefore no response is required.

69.

The allegations contained in Paragraph 60g of the Plaintiffs' First Amended and Supplemental Petition do not refer to the Respondent, and therefore no response is required.

70.

The allegations contained in Paragraph 60h of the Plaintiffs' First Amended and Supplemental Petition do not refer to the Respondent, and therefore no response is required.

71.

The allegations contained in Paragraph 60i of the Plaintiffs' First Amended and Supplemental Petition do not refer to the Respondent, and therefore no response is required.

72.

The allegations contained in Paragraph 60j of the Plaintiffs' First Amended and Supplemental Petition do not refer to the Respondent, and therefore no response is required.

73.

The allegations contained in Paragraph 60k of the Plaintiffs' First Amended and Supplemental Petition do not refer to the Respondent, and therefore no response is required.

74.

There are no allegations contained in Paragraph III of the Plaintiffs' First Amended and Supplemental Petition, therefore no response is required by Respondent.

**WHEREFORE**, the Respondent, **GRAF'S DRYWALL, LLC**, prays that after all due proceedings be had, there be judgment rendered herein in favor of the Respondent and against the Plaintiffs, denying and rejecting their claims with prejudice and dismissing their claims at their costs. The Respondent further prays for all general and equitable relief, which may be necessary in the premises, for all orders that are appropriate.

Respectfully submitted by:

/s/ Kirk A. Patrick III
KIRK A. PATRICK III (#19728)
HOLLY Q. SIDES (#27614)
R. HEATH SAVANT (#29670)
450 Laurel Street, Suite 1500
Baton Rouge, Louisiana 70801
Telephone: (225) 214-1908
Facsimile: (225) 214- 3551
Email: hsides@d-plaw.com
Email: kpatrick@d-plaw.com
Email: hsavant@d-plaw.com
*Attorney for Graf's Drywall, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY** certify that on this 26th day of August, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants and have this same day forwarded a copy of this filing to all non-CM/ECF participants, if applicable.

/s/ Kirk A. Patrick III