# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED | * | MDL No. 2:09-md-02047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | |
| | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| | * | |
| ROBERT C. PATE, as Trustee for the | * | |
| Chinese Drywall Trust | * | MAGISTRATE WILKINSON |
| v. | * | |
| AMERICAN INTERNATIONAL SPECIALTY | * | |
| LINES INSURANCE COMPANY, ET AL | * | |
| (**2:09-cv-07791**) (E.D. La.) | * | |
| | * | |

**************************************************

### THIRD SUPPLEMENTAL MEMORANDUM TO CERTAIN DEFENDANTS' JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER ACTION TO THE MIDDLE DISTRICT OF FLORIDA

**NOW INTO COURT**, through undersigned counsel, comes Scottsdale Insurance Company ("Scottsdale") and files this third supplemental memorandum to its Joinder to Certain Defendants' Joint Motion to Dismiss First Amended Complaint for Improper Venue or, in the Alternative, to Transfer Action to the Middle District of Florida (the "Second Motion to Dismiss") [Doc. 2298], to comply with the requirements set forth in this Court's Order, dated July 1, 2010 [Doc. 4301].

1.      On December 23, 2009, Pate, in his alleged capacity as the Trustee for the Chinese Drywall Trust, commenced this lawsuit seeking a declaration that the defendant insurers are obligated to indemnify the Trust for losses arising from claims that may be brought against the Trust related to houses constructed in Florida by WCI Communities, Inc. In response, on February 24, 2010, Chartis Specialty Insurance Company ("Chartis") and other defendants filed a joint motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a).

2.      On March 15, 2010, Pate filed a first amended complaint [Doc. 1732], which mooted the original joint motion to dismiss. Accordingly, on March 29, 2010, Chartis, Lexington Insurance Company and other defendants filed the Second Motion to Dismiss [Doc. 2157].  Scottsdale filed a Joinder to the Second Motion to Dismiss on April 1, 2010 [Doc. 2298].

3.      On July 1, 2010, the Court entered an Order [Doc. 4301] providing that an insurance company defendant in MDL 2047 may file motions by July 19, 2010, objecting to jurisdiction or venue in this matter and directing the insurer movant to provide certain information.

4.      Scottsdale requests that the Court permit it to supplement the Second Motion to Dismiss as to it with the following information to address the PSC's alleged deficiencies in Scottsdale's previous supplements to the Second Motion to Dismiss

> a.   The insured within MDL 2047 for which the insurer provides CGL insurance and it files the motion:
>
> None. Robert C. Pate in his capacity as Trustee of the Chinese Drywall Trust claims rights to coverage under the Scottsdale policy at issue but neither the Trustee nor the Trust is an insured under the Policy. Distinctive Drywall Designs, Inc. is the named insured under the policy, but it is not a party in this case or any other case in MDL 2047.

    b.   <u>Cases in which claims on any of the same CGL policies are also in suit in MDL 2047:</u>

Scottsdale is not aware of any such case.

    c.   <u>Each case in which this issue may be related or the movant has filed a similar motion:</u>

*Taylor Woodrow Homes Central Florida Division LLC v. Scottsdale Indemnity Company*, MDL Docket No. 2047, Case No. 2:2010-cv-555 (E.D. La.)   The identification of the *Woodrow* motion is strictly based on the fact that Scottsdale has filed a similar motion in that case.  This case and the *Woodrow* case are in no way related.

*Dean and Dawn Amato, et al. v. Liberty Mutual Insurance Company, et al.*, MDL Docket No. 2047, Case No. 2:2010-cv-932 (Ed. La.).  The identification of the *Amato* case is strictly based on the fact that Scottsdale has been sued in that case in connection with a Chinese Drywall claim.  This case and the *Amato* case are in no way related.

**WHEREFORE,** for the reasons set forth above, Scottsdale respectfully submits this Third Supplemental Memorandum to the Second Motion to Dismiss.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   <u>*/s/ Virginia Y. Trainor*</u>
        H. Alston Johnson III, Bar Roll No. 7293
        Virginia Y. Trainor, Bar Roll No. 25275
        II City Plaza
        400 Convention Street • Suite 1100
        Baton Rouge, Louisiana 70802-5618
        P.O. Box 4412
        Baton Rouge, Louisiana 70821-4412
        Telephone: (225) 346-0285
        Telecopier: (225) 381-9197
        Email: johnsona@phelps.com
              trainorg@phelps.com

AND

        Jay Russell Sever, Bar Roll No. 23935
        Charlotte Jane Sawyer, Bar Roll No. 28493

Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: severj@phelps.com
        sawyerc@phelps.com

**ATTORNEYS FOR DEFENDANT**
**SCOTTSDALE INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing *Third Supplemental Memorandum to Certain Defendants' Joint Motion to Dismiss First Amended Complaint for Improper Venue or, in the Alternative to Transfer Action to the Middle District of Florida* has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 27th day of August, 2010.


          */s/ Virginia Y. Trainor*
          Virginia Y. Trainor