**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047<br><br>SECTION "L" |
| THIS DOCUMENT RELATES TO:<br>**DAVID GROSS,** et al<br>v.<br>KNAUF GIPS, DG., et al<br>**Case No. 2:09-CV-6690** | * * * * * | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**INFINITY HOMES, INC.'S MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL ARBITRATIONAND
TO STAY THE PROCEEDINGS AGAINST IT, PENDING ARBITRATION**

The plaintiffs, John and Monica Burk ("the Burks") filed suit against Infinity Homes, Inc. ("Infinity") as one of the intervening plaintiffs in <u>Mary Anne Benes Substituted and Amended Omnibus Class Action Complaint in Intervention (III)</u>. (See Paragraphs 408 and 1202 of the <u>Benes</u> Intervention Complaint; Infinity is subclass defendant # 137 and the Burks are listed as additional plaintiffs in Exhibit A to the <u>Benes</u> Intervention Complaint). The Burks allege the following against Infinity: Negligence, Negligence per se, strict liability, breach of express and/or implied warranties, breach of the implied warranty of habitability, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violation of the Alabama Deceptive Trade Practices Act and equitable and injunctive relief and medical monitoring, all such causes of action directly stemming from Infinity's alleged installation of defective drywall during Infinity's construction of the Burk's home located in Spanish Fort, Alabama.

1

## BACKGROUND

The facts are not in dispute. The Burks and Infinity executed a Construction Contract (the "Contract") on February 18, 2006. (Exhibit 1) On November 29, 2006, the Burks were also provided a "Limited New Home Warranty" for a period of one (1) year, (the "Warranty") , which the parties also executed. (Exhibit 2)

Both the Contract and the Warranty provide for mandatory binding arbitration for any and all claims relating to the construction of the Burk's home. Furthermore, the Burks and Infinity expressly acknowledged in both the Contract and the Warranty that the agreements <u>involve or substantially affect interstate commerce by virtue of the materials and components contained in the dwelling</u>. (Paragraph 15, Exhibit 1 and Paragraph 11, Exhibit 2)

Paragraph 28 of the Contract contains the following mandatory binding arbitration provision:

> 28. DISPUTE RESOLUTION: Except as expressly provided herein, <u>any controversy or claim between or among the parties hereto related in any way to this contract or the construction of the house, whether sounding in tort of contract</u>, which is not covered by Section 26[1] and the warranty described therein shall be resolved as provided in this section. If a dispute arises from any controversy or claim between or among the parties hereto related in any way to this contract or the construction of the house, whether sounding in tort or contract, which is not covered by Section 26 and the warranty described therein, and if the dispute cannot be settled through direct discussions, the parties agree to endeavor first to settle the dispute by mediation administered by the American Arbitration Association under its Construction Industry Mediation Procedures before resorting to arbitration. The mediation shall take place in Mobile, Alabama unless otherwise agreed to by all parties hereto. Any unresolved controversy or claim between or among the parties hereto related in any way to

---

[1] While not directly relevant to this Motion, the Burks also purchased a ten (10) year Limited Warranty on November 29, 2006 from a third party, Residential Warranty Corporation. This ten (10) year Warranty is what is referenced in paragraph 26 of the Contract between the Burks and Infinity. This ten (10) Warranty also contains a binding arbitration provision. Residential Warranty Corporation is not a party to this litigation.

>this contract or the construction of the house, whether sounding in tort or contract, which is not covered by Section 26 and the warranty described therein, and which can not be settled by mediation as described above, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.  The arbitration proceeding shall be conducted before one neutral arbitrator and shall take place in Mobile, Alabama unless otherwise agreed to by all parties hereto.  The prevailing party shall be entitled to an award of reasonable attorney fees.  If the parties agree, a mediator involved in the parties' mediation may be asked to serve as the arbitrator.  A party shall be entitled to reasonable attorney fees and expenses incurred in enforcing this section or Section 26. (Emphasis added)

Paragraph 11 of the one (1) year Warranty[2] also contains the following mandatory binding arbitration provision:

>11. Arbitration.  <u>Any controversy, claim or dispute arising out of or relating to any obligation of Builder to repair,  replace, or pay to Purchaser the reasonable cost of repairing or replacing any Latent Defect</u>[3] covered under this Limited Warranty Agreement shall be settled by binding arbitration pursuant to the Federal Arbitration Act, 9 USC § 1, et seq., and shall be administered in accordance with the applicable rules of the Better Business Bureau of Mobile, Alabama.  Purchaser and Builder acknowledge and agree that this Limited Warranty Agreement substantially affects interstate commerce by virtue of the materials and components contained in the Dwelling.  The Builder and the Purchaser agree to be bound by the decision of the arbitrator with respect to any dispute submitted to arbitration pursuant to the provisions of this paragraph.  Judgment on the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.  (Emphasis added)

---

[2] By referring to and quoting from the Warranty, Infinity does not waive its right to assert at a later date, that the Burks alleged claims under this warranty long ago expired.
[3] "Latent Defect" is defined in Paragraph 2 of the Warranty.

**LAW AND ARGUMENT**

**Alabama Law**

The Burks reside in Spanish Fort, Alabama (Benes Intervention, paragraph 408) and Infinity is an Alabama Corporation with its principal place of business in Mobile, Alabama. (Benes Intervention, paragraph 1202). The Contract and Warranty were both executed in Alabama. This Court should apply the choice of law rules of Louisiana. See Long Island Trust Company v. Dicken, 659 F. 2d 641, 645 n. 6 (5th Cir. 1981). Applying Louisiana choice of law rules, Alabama has, by far, the most contact with this dispute. See La. Civ. Code Art. 3537 (applying such factors as "place of negotiation, formation, performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties…") See also Vishal Hospitality, LLC v. Choice Hotels Int'l, Inc., 907 So. 2d 89 (La. App. 1 Cir. 2005), writ granted; cause remanded on other grounds, 918 So. 2d 1020 (La. 2006) (applying Art. 3537 analysis to an arbitration dispute.) Therefore, Alabama law is clearly applicable to the issues raised in this Motion.

Alabama arbitration law was recently succinctly summarized in Hereford v. D. R. Horton, Inc., 13 So. 3d 375 (Ala. 2009). There, the Alabama Supreme Court held:

> The Federal Arbitration Act, 9 U.S,.C. § 2, provides, in pertinent part: "A written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." "Section 2 has the effect of preempting conflicting Alabama law, in particular § 8-1-41(3), Ala. Code 1975, which makes predispute agreements to arbitrate unenforceable." Title Max of Birmingham, Inc. v. Edwards, 973 So. 2d 1050, 1053 (Ala. 2007) (citing Garikes, Wilson, & Atkinson, Inc. v. Episcopal Found. Of Jefferson County, Inc., 614 So. 2d 447, 448 (Ala. 1993)). Therefore, in Alabama, predispute arbitration provisions are enforceable so long as the party moving to compel arbitration

>   proves "the existence of a contract calling for arbitration and … that that contract evidences a transaction involving interstate commerce."  Title Max of Birmingham, 973 So. 2d at 1052 (citing Polaris Sales, Inc. v. Heritage Imports, Inc., 879 So. 2d 1129, 1132 (Ala. 2003).
>
>   As a preliminary matter, we first address whether the arbitration agreement between Hereford and Horton was governed by the Federal Arbitration Act.  The limited warranty states that arbitration would be "governed by the procedures of the Federal Arbitration Act, 9 U.S.C. 1 et seq."  Moreover, in its motion to compel arbitration, Horton specifically invoked the "Federal Arbitration Act" and moved the trial court to stay all proceedings and to compel Hereford to arbitrate her breach-of-warranty claim against Horton.  The parties agreed that Hereford's purchase of the house was a transaction that involved interstate commerce; the real-estate sales contract expressly provides that "[t]he Seller and Buyer acknowledge that this Agreement necessarily involves interstate commerce by virtue of the materials and components contained in the dwelling."  Therefore, we hold that the arbitration proceedings in this case were governed by the Federal Arbitration Act.
>
> Id. at p. 379. (Emphasis added)

Infinity has shown earlier in this brief that it has clearly proved the two requirements in Hereford:  (1) the existence of a contract calling for Arbitration and (2) that the contract evidences a transaction involving interstate commerce (in this instance by the express stipulation of the parties).   Having done so, "… the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question." Cartwright v. Tri-County Signature Homes, LLC, 30 So. 3d 405, 408 (Ala. 2009). (Emphasis added)  More specifically, "a motion to compel arbitration should not be denied unless it may be said with *positive assurance* that the arbitration clause is not susceptible of an interperation that covers the asserted dispute."  Id. at p. 410. (Emphasis in original)  The Alabama Supreme Court in Cartwright further noted the broad "relating to" language used in the Agreement in that case which, it noted, is a broader phrase than "arising out of."  Id. at p. 410.  As shown above,

Infinity's Contract and Warranty both contain the broader "<u>relating to</u>" language. The language used in these agreements clearly covers all the claims asserted by the Burks against Infinity in this litigation.

### **Federal Law**

As stated by the United States Supreme Court in <u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. 213, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985):

> The Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. By its terms, the Act leaves <u>no place for the exercise of discretion</u> by a district court, but instead <u>mandates</u> that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. §§ 3, 4. Thus, insofar as the language of the Act guides our disposition of this case, we would conclude that <u>agreements to arbitrate must be enforced</u>, absent a ground for revocation of the contractual agreement.

<u>Id</u>. at p. 1242. (Emphasis added)

As to the non-movant's burden, the Fifth Circuit Court of Appeals in <u>Carter v. Country Wide Loans, Inc.</u>, 362 F. 3d 294 (5th Cir. 2004) held:

> Accordingly, there is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity.
> \* \* \* \* \*
> We have already noted that individuals seeking to avoid the enforcement of an arbitration agreement <u>face a high bar</u>.

<u>Id.</u> at p. 297.  (Emphasis added)

### **CONCLUSION**

In the present case, rather than following the mandatory and binding arbitration provisions in the Contract and Warranty, the Burks made Infinity a defendant in this complex MDL proceeding. Because such filing was prohibited by the Contract and the Warranty between the parties and because Alabama and federal law enforce arbitration agreements, Infinity's

6

Motion to Compel Arbitration and to Stay the Proceedings Against It Pending Arbitration should be granted; the Burks should be compelled to arbitrate their claims against Infinity; and the Burks' case against Infinity ought to be stayed pending such arbitration.

              Respectfully submitted,

              */s/Frank G. Taylor*
              Elias J. Saad (AL Bar No. ASB-8614-D51E)
              Ej.saad@atchisonlaw.com
              Frank G. Taylor (AL Bar No. ASB-3380-Y88F)
              Frank.taylor@atchisonlaw.com
              THE ATCHISON FIRM, P. C.
              3030 Knollwood Drive
              Mobile, AL  36693
              Tel:  251.665.7200
              Fax:  251.665.7250
              *Attorneys for Defendant Infinity Homes, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Infinity Homes, Inc.'s Memorandum in Support of Motion to Compen Arbitration and to Stay the Proceedings Against It Pending Arbitration has been served on Plaintiffs' Liaison Counsel, Russ Herman at Drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot.com, and Homebuilder's and Installers' Liaison Counsel, Phillip A. Wittmann at pwittman@stonepigman.com, by U. S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2047, on this 30th day of August, 2010.

              */s/Frank G. Taylor*