## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL No. 2:09-md-02047 |
| | * | JUDGE FALLON |
| **This document relates to:** | * * | |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust v. AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL **(2:09-cv-07791)** (E.D. La.) | * * * * * * * | MAGISTRATE WILKINSON |

*********************************************

### CERTAIN DEFENDANTS' OPPOSITION TO THE
### JOINT MOTION TO COMPEL OF THE PLAINTIFFS' STEERING COMMITTEE AND
### ROBERT C. PATE IN ACCORDANCE WITH THE COURT'S SCHEDULING ORDERS
### DATED JULY 1, 2010 AND AUGUST 5, 2010

Chartis Specialty Insurance Company (f/k/a American International Specialty Lines Insurance Company) and Lexington Insurance Company file this opposition to the joint motion to compel ("Motion") [D.E. 5293] filed by Robert C. Pate ("Pate"), as Trustee for the Chinese

Drywall Trust, and the Plaintiffs' Steering Committee ("PSC") (collectively, "Movants") on their own behalf and certain other "Stipulating CGL Providers," as that term is defined in the Motion.[1]

The Movants claim that the Stipulating CGL Providers must respond to interrogatories and document requests allegedly concerning whether this District is the proper venue for the *Pate* action.[2] In fact, the Movants agreed that the Stipulating CGL Providers have no obligation to respond to any discovery related to their pending motions to dismiss. The Movants, who had ample time in which to seek venue-related discovery, did not request any such discovery until after they withdrew the discovery at issue and agreed to seek no discovery from the Stipulating CGL Providers. In any event, the discovery is irrelevant because the discovery concerns personal jurisdiction, not venue. For these reasons, the Movant's motion to compel responses to interrogatories and document requests by the Stipulating CGL Providers should be denied.

## I.  BACKGROUND

On March 29, 2010, some of the Stipulating CGL Providers filed a joint motion to dismiss Pate's First Amended Complaint under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406 in which they demonstrate that this District is not the proper venue for the *Pate* action [D.E. 2157]. Those Stipulating CGL Providers who did not participate in that motion filed separate joinders to

---

[1] Chartis Specialty Insurance Company and Lexington Insurance Company file this opposition on their own behalf and on behalf of the following Stipulating CGL Providers that are parties to this opposition: American Guarantee & Liability Insurance Company, Steadfast Insurance Company, Landmark American Insurance Company, Amerisure Mutual Insurance Company, Amerisure Insurance Company, Chartis Specialty Insurance Company, Lexington Insurance Company, Hermitage Insurance Company, West American Insurance Company, Ohio Casualty Insurance Company, Illinois Union Insurance Company, and National Union Fire Insurance Company of Pittsburgh, Pa.

[2] Pate and the PSC have included Landmark American Insurance Company among those Stipulating CGL Providers that should be compelled to respond to the alleged venue discovery. In fact, Landmark American Insurance Company served objections and responses on August 16, 2010. Pate and the PSC do not challenge those objections and responses in the Motion.

the motion [D.E. 2167, 2205, 2298, 4507] or filed their own motions [D.E. 2155, 2172, 2244, 4452, 4481].[3]

After the Court indicated that it was ready to consider such motions, the parties agreed to and the Court entered an order on July 1, 2010, setting forth a schedule for such motions [D.E. 4301]. Among other things, the July 1, 2010 Order required insurers filing a jurisdictional or venue motion to provide certain information by July 19, 2010. It also required plaintiffs to "identify any filed motion that may require discovery and identify the discovery needed" by no later than July 26, 2010. On July 21, 2010, Pate served the Stipulating CGL Providers with interrogatories and document requests.[4] By letter dated July 21, 2010, Pate also informed the Stipulating CGL Providers that he believed that he was not obligated to respond to their pending motions to dismiss. He made this assertion based on alleged deficiencies in their Insurer Profile Forms and supplemental disclosures in accordance with the July 1, 2010 Order.[5] In a letter dated July 22, 2010, however, Pate directed the Stipulating CGL Providers to disregard the July 21, 2010, letter and stated that he would respond to the motions to dismiss.[6] As of July 22, 2010, Pate had conceded that the Stipulating CGL Providers' motions to dismiss are ripe for hearing.

---

[3] Chartis Claims, Inc. also filed a motion to dismiss under Fed. R. Civ. P. 12(b)(3), (b)(6) and 28 U.S.C. §1406 [D.E. 3054]. In a footnote, the Movants assert that the Court should not hear the motion on November 3, 2010, because Chartis Claims, Inc. allegedly did not comply with the disclosure requirement in the Court's July 1, 2010 Order. Motion at 4 n.3. Chartis Claims, Inc. has no duty to supplement under the July 1, 2010 Order [D.E. 4301] as suggested by the PSC. That Order imposes obligations on "insurance companies." Chartis Claims, Inc., is not an insurance company, as Pate admits in his complaint where he alleges that Chartis Claims is the claims administrator for Lexington Insurance. *First Amended Complaint* [D.E. 1732], ¶ 66. There is no requirement for claims administrators to supplement a motion to dismiss. Further, the Stipulating CGL Providers moved to dismiss the amended complaint based on improper venue and other grounds. Chartis Claims, Inc. filed a motion to dismiss for improper venue based on the same law and facts raised by the Stipulating CGL Providers. For that reason, it would be most efficient for the parties and the Court to hear that motion on November 3, 2010, along with the other motions making the same arguments. This Court has specifically stated a preference for hearing all motions making the same arguments to maximize judicial efficiency. Moreover, the PSC has acknowledged that any ruling on the insurers' motions to dismiss based on improper venue would apply to the Chartis Claims Inc.'s motion.

[4] Motion at Exhibits A & B.

[5] Opposition Exhibit 1.

[6] Opposition Exhibit 2.

The PSC also sent a letter dated July 21, 2010, to the Stipulating CGL Providers alleging deficiencies in Insurer Profile Forms and supplemental disclosures under the July 1, 2010 Order.[7] On that basis, the PSC claimed that it was not obligated to respond to the motions to dismiss. It is unclear why the PSC believes that it was required or even entitled to respond when it has no interest in opposing the motions. The PSC does not represent Pate in the coverage action and there are no claims by *Pate* homeowners in MDL 2047. As Pate has admitted, the Chinese Drywall Trust has assumed all liability for any damages related to Chinese Drywall.[8] Nonetheless, the PSC has continued to allege deficiencies in the Stipulating CGL Providers' motions despite the fact that Pate, the interested party, has conceded that no deficiencies exist.

In an email dated July 23, 2010, to Insurer Liaison Counsel, the PSC stated that it "intends to adopt the jurisdictional discovery" that Pate served on July 21, 2010.[9] The PSC has never served discovery on any of the Stipulating CGL Providers or informed them that it was adopting Pate's discovery.

Following Pate's service of the discovery, Insurer Liaison Counsel and certain insurers discussed with Pate and the PSC the scope of that discovery. In the course of those discussions, the PSC requested that the insurers who filed motions to dismiss based only on improper venue or lack of an indispensable party stipulate to personal jurisdiction in this Court in exchange for withdrawing the pending discovery. In response to that request, Insurer Liaison Counsel stated on the insurers' behalf that some insurers were willing to stipulate but only if Pate and the PSC agreed that any stipulating insurer would have no obligation to respond to any discovery related to the motions to dismiss, including Pate's interrogatories and document requests and any

---

[7] Opposition Exhibit 3.

[8] First Amended Complaint [D.E. 1732], ¶¶ 30-36.

[9] Opposition Exhibit 4.

depositions. Pate and the PSC clearly understood the terms under which the insurers were willing to agree to stipulate to personal jurisdiction.[10] The agreement clearly reflects all parties' understanding that the discovery Pate served concerns personal jurisdiction. This agreement was formalized in an order drafted by the parties and entered by the Court on August 5, 2010 [D.E. 4873]. That order provides:

> To avoid responding to jurisdictional discovery each moving insurer must stipulate by specifically stating that the company is subject to personal jurisdiction in MDL 2047 in the Eastern District of Louisiana for the case in which it is a moving party, and only for that case, by August 10, 2010, or the non-stipulating moving insurer shall provide responses and/or objections to any jurisdictional discovery propounded by the PSC or any other party by August 16, 2010.

At no point before the Court entered this Order did either Pate or the PSC state that a stipulating insurer would be expected to respond to any interrogatory or document request or be subject to deposition. They never identified any interrogatory, document request or deposition topic that allegedly addressed venue.

As required by the August 5, 2010 Order, the Stipulating CGL Providers informed the Movants that they were stipulating to personal jurisdiction. In their communications with the Movants, the insurers stated that they had no obligation and would not respond to any jurisdictional discovery, including the discovery Pate served on July 21, 2010, having complied with the August 5, 2010 Order.[11] Pate's counsel confirmed in an email dated August 10, 2010, to counsel for Chartis Specialty Insurance Company and Lexington Insurance Company that by stipulating, the insurers did not have to respond to the July 21, 2010 written discovery.[12]

---

[10] Opposition Exhibit 5.

[11] *See*, *e.g.*, Opposition Exhibit 6.

[12] Opposition Exhibit 7.

According to Pate's counsel, providing the stipulation would "obviate the need for you to respond to these discovery requests."[13]

The PSC did not request that the Stipulating CGL Providers respond to the written discovery until August 19, 2010. In a letter dated that day, Pate identified for the first time interrogatories and document requests that allegedly relate to venue and asserted that stipulating insurers were always required to respond to such discovery.[14] The Insurer Liaison Counsel informed the PSC on August 20, 2010, that the Stipulating CGL Providers would not respond to the discovery in light of the agreement that obviated the need to do so.[15]

## II.  ARGUMENT

### A. The Parties Agreed that the Stipulating CGL Providers have no Obligation to Respond to any Written Discovery and They are Attempting to Delay a Hearing on the Motions to Dismiss.

The motion to compel should be denied because the parties agreed that the Stipulating CGL Providers have no obligation to respond to any discovery in connection with their pending motions to dismiss based on improper venue. The PSC requested that insurers seeking to dismiss the *Pate* action based on improper venue or lack of an indispensable party stipulate to personal jurisdiction. In response, the insurers, through Insurer Liaison Counsel, agreed to stipulate only if Pate and the PSC withdrew the written discovery with respect to any stipulating insurer. The Stipulating CGL Providers agreed to stipulate to personal jurisdiction based solely on Pate's and the PSC's representations that stipulating would obviate the need to respond to discovery. They would not have agreed to stipulate otherwise. Pate and the PSC understood and agreed to the terms under which the insurers were willing to stipulate. Pate's counsel confirmed this

---

[13] *Id.*

[14] Opposition Exhibit 8. In the letter and the Motion, Movants identify Interrogatory Nos. 12, 14, 24-28 and Document Request Nos. 27-30. Motion at 28-29.

[15] Opposition Exhibit 9.

understanding when she informed two of the insurers that they would not have to respond to the written discovery if those carriers stipulated by August 10, 2010, as required by the August 5, 2010 Order.[16] Those carriers shared this correspondence with the other Stipulating CGL Providers, which also relied on this written assurance.

The Movant's motion to compel "venue" discovery violates this agreement.[17] Pate and the PSC cannot avoid their agreement by claiming that they never agreed to forego venue discovery. During the discussions regarding the agreement to withdraw discovery in exchange for a stipulation as to personal jurisdiction, neither Pate nor the PSC stated that they were reserving the right to seek venue discovery. They did not state that a stipulating insurer would still be expected to respond to any interrogatories or document requests, much less sit for a deposition. Significantly, they did not identify any specific interrogatories or document requests that allegedly relate to venue until nine days after the insurers stipulated to personal jurisdiction on August 10, 2010. If Pate and the PSC had wanted stipulating carriers to respond to written discovery allegedly related to venue, they should have informed the insurers and identified the discovery when negotiating the agreement. It was not incumbent on the insurers to divine their intent and the interrogatories and document requests, if any, that Pate and the PSC believe relate to venue. The Movants cannot now unilaterally change an agreement, which was incorporated into an agreed Court order, after the fact to suit their purposes.

---

[16] Opposition Exhibit 7.

[17] The demand for such discovery and the motion to compel at this time are also a transparent attempt to delay a hearing on the motions. The Movants had abundant time in which to seek discovery related to venue if they truly believed it was necessary to oppose the motions to dismiss for improper venue. The first such motion, which most of the Stipulating CGL Providers joined, was filed at the end of March, but Pate waited until July 21, 2010, almost four months later, before serving any discovery. He waited another month until August 19, 2010, ten days after the insurers had stipulated to personal jurisdiction, before identifying the interrogatories and document requests that allegedly relate to venue. Having squandered the time in which to seek such discovery, Pate and the PSC should not be permitted to potentially further delay a hearing by claiming that they must have discovery that they could have requested at any time in the past four months.

**B.   The Interrogatories and Document Requests Identified by Pate and the PSC do not Seek Information Relevant to Whether this District is the Proper Venue for the *Pate* Action.**

Interrogatory Nos. 12, 14, 24-28 and Document Request Nos. 27-30 that Pate and the PSC identified are not relevant to venue  In his complaint, Pate cites 28 U.S.C. § 1391(a)(3) as the basis for venue in this Court.[18]  Section 1391(a)(3) provides that venue is proper in a "judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  The written discovery identified by Pate and the PSC as "venue" discovery relates generally to contacts with Louisiana.  All the interrogatories and document requests that Pate served are relevant, if at all, only to personal jurisdiction.  The Stipulating CGL Providers do not dispute that they are subject to personal jurisdiction in this case.  The identified discovery has nothing to do with whether the *Pate* action could have been brought in another district.

That the discovery relates only to personal jurisdiction is evidenced by the Movant's own actions.  In accordance with the August 5, 2010 Order, Pate and the PSC issued on August 9, 2010, a list of topics for jurisdictional discovery for corporate depositions.[19]  The topics include areas of testimony identical to Pate's interrogatories and document requests, including all the interrogatories and documents request that the Movant's now claim relate to venue.

Contrary to the Movant's claims in the Motion[20], the cited discovery does not address whether "a substantial part of the events or omissions giving rise to the claim occurred" in Louisiana.  *See* 28 U.S.C. § 1391(a)(2).  The Stipulating CGL Providers are not required to interpret or rewrite discovery relating generally to contacts with Louisiana to provide responses

---

[18] *First Amended Complaint*, ¶ 24.

[19] Opposition Exhibit 10.

[20] Motion at 28-29.

that would be responsive to discovery that actually addressed venue. That Pate included the term "venue" in the title of the discovery is not enough to make the discovery relevant to venue.

Further, Pate and the PSC have not even established a basis on which to seek any venue discovery relevant to § 1391(a)(2). Pate and the PSC offer no facts suggesting that the dispute at issue has any connection with Louisiana that would justify venue discovery from the Stipulating CGL Providers. There are no facts indicating that any alleged insured is located in Louisiana, that any policy was negotiated, brokered, issued or delivered or any premium paid in the state, or that any underlying claim arises or is being handled in the state. Absent any such facts, Pate and the PSC are merely undertaking a fishing expedition without any basis to believe that any information or documents exist showing a connection between the dispute and Louisiana. In fact, no policy identified in the *Pate* complaint and issued by a Stipulating CGL Provider was negotiated, brokered, issued or delivered in Louisiana and no premiums were paid in that state. No claim relating to Pate is being handled in Louisiana. Neither Pate nor the PSC identify any alleged insured located in Louisiana. Pate concedes that all the individuals with claims against the Chinese Drywall Trust assert property damage, bodily injury or both "arising from Chinese Drywall installed in homes that WCI sold in Florida, including areas such as Fort Lauderdale, Fort Myers, and Bradenton."[21] Pate and the PSC offer no reason to believe that the alleged venue discovery they seek would demonstrate otherwise.

### III.     CONCLUSION

For the reasons stated above, the joint motion to compel is baseless as to all Stipulating CGL Providers. Further, these insurers have fully complied with this Court's Orders in order to have their Motions heard. Despite full compliance with those Orders, they have filed

---

[21] First Amended Complaint at ¶ 27.

supplemental memorandum to placate both Pate and the PSC, which have contested these filings at each step. The insurers also agreed to amend this Court's Scheduling Order in order to provide adequate time for any appropriate and relevant discovery. Notwithstanding these efforts, Pate and the PSC have responded with additional, sometimes contradictory, reasons for why the motions to dismiss should not be heard. The joint motion to compel should be denied as to the Stipulating CGL Providers and their motions should be on this Court's hearing docket, now set for November 3, 2010.

Respectfully submitted:

s/Erin Fury Parkinson
**ERIN FURY PARKINSON, T.A.  (# 22549)**
**JOSE L. BARRO, III   (# 30857)**
**SARAH J. MURPHY  (#31893)**
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 910-9539
E-mail:   eparkinson@mcglinchey.com
             jbarro@mcglinchey.com
             smurphy@mcglinchey.com

**WARREN LUTZ**
**PAUL D. SMOLINSKY**
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W.
Suite 300 South
Washington, D.C.  20036
Phone:  (202) 457-1600
Facsimile:  (202) 457-1678
E-mail:   wlutz@jackscamp.com
             psmolinsky@jackscamp.com

**Attorneys for Defendants:**
**CHARTIS SPECIALTY INSURANCE COMPANY (**formerly known as  American International Specialty Lines Insurance Company) **and LEXINGTON INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing "*Certain Defendants' Opposition to the Joint Motion to Compel"* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United states District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of August, 2010.

s/Erin Fury Parkinson
**ERIN FURY PARKINSON, T.A.  (# 22549)**
**JOSE L. BARRO, III   (# 30857)**
**SARAH J. MURPHY  (#31893)**
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 910-9539
E-mail:  eparkinson@mcglinchey.com
            jbarro@mcglinchey.com
            smurphy@mcglinchey.com