# EXHIBIT 5

## H. Minor Pipes

| | |
|---|---|
| From: | Fred Longer [FLonger@lfsblaw.com] |
| Sent: | Monday, July 26, 2010 5:54 PM |
| To: | H. Minor Pipes; 'bsteckler@baronbudd.com'; 'Rhorkovich@andersonkill.com'; 'hlambert@lambertandnelson.com' |
| Cc: | Marion Hutson; Matthew Gaughan |
| Subject: | CDW - Insurance Motions |

Minor, Thank you for covering today's conference call with us in Judy's absence. As you summarized there are four issues still to be resolved: 1) whether you concur with our assessment as to which of the motions are moot; 2) whether Rule 12(b)(7) motions regarding indispensible parties are within the ambit of the court's order limiting motions to jurisdiction and venue; 3) the scope of discovery and whether all movants need to repond to the discovery we provided to you on July 23; and 4) to what extent the deficiencies identified in my letter of July 21 and email of July 23 are disqualifying of any insurers' motion.

    As a follow up to our discussion, I conferred with my co-counsel about your suggestion regarding the scope of discovery and whether it can be limited to certain insurers by stipulation. We are willing to accept that proposal of affirmative stipulations from each insurer that is not contesting jurisdiction, i.e., their motions are limited to venue only, provided that they state that they are subject to personal jurisdiction in the Eastern District of Louisiana. If any insurer is not willing to so stipulate, then we further agree with your proposal that such an insurer would then be obliged to respond to our discovery.

This agreement will go a long way towards resolving this aspect of the scope of discovery for the venue-only insurers.

Please confirm if you are willing to accept this agreement. We can discuss the remaining issues during tomorrow's conference call.

Thank you for your prompt attention to this matter.

------------------------------
Sent from my BlackBerry Wireless Device

1