# EXHIBIT 6


# Jackson
# &Campbell
Attorneys and Counselors at Law

Paul D. Smolinsky
202.457.4265
Fax 202.457.1678
psmolinsky@jackscamp.com

August 10, 2010

**Via E-mail & First-Class Mail**

Robert M. Horkovich, Esq.
Anna M. Piazza, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020

Russ M. Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113-1116

RE:  *Pate v. American International Specialty Lines Insurance Company*, No. 2:09-cv-07791 (E.D. La. filed Dec. 23, 2009).
File No.: 275110.03223

Dear Counsel:

I write on behalf of my clients, Chartis Specialty Insurance Company (Chartis) f/k/a American International Specialty Lines Insurance Company, Lexington Insurance Company (Lexington), and Chartis Claims, Inc. (Chartis Claims) with respect to jurisdictional discovery in the matter referenced above. On July 21, 2010, plaintiff Robert C. Pate served interrogatories and requests for production concerning jurisdiction on Chartis, Lexington and other defendants. By an email dated July 23, 2010, to H. Minor Pipes, Esq., Fred Longer, Esq, indicated that the Plaintiffs' Steering Committee intended to adopt the discovery served by Pate. The Plaintiffs' Steering Committee has not informed Chartis or Lexington that it is has adopted the discovery. Further, the written discovery was not directed to Chartis Claims. By email dated August 10, 2010, however, counsel for Pate informed us that Pate had intended to direct the written discovery to Chartis Claims.

By Order entered on August 5, 2010 [Doc. 4873], the Court stated that "[t]o avoid responding to jurisdictional discovery each moving insurer must stipulate by specifically stating that the company is subject to personal jurisdiction in MDL 2047 in the Eastern District of Louisiana for the case in which it is a moving party, and only for that case, by August 10, 2010." Order at ¶ 3.

In accordance with the August 5, 2010 Order, Chartis, Lexington and Chartis Claim each state that it is subject to personal jurisdiction in MDL 2047 in the Eastern District of Louisiana in

Robert M. Horkovich, Esq.
Russ Herman, Esq.
August 10, 2010
Page 2

*Pate*, the case in which each has moved to dismiss the first amended complaint under Fed. R. Civ. P. 12(b)(3) or (b)(6) and 28 U.S.C. § 1406(a). This stipulation relates to no other case and Chartis, Lexington and Chartis Claims do not waive any defense based on personal jurisdiction in any other case in MDL 2047 or the Eastern District of Louisiana filed at any time. Having complied with the August 5, 2010 Order, Chartis, Lexington and Chartis Claims have no obligation to, and will not respond to, any jurisdictional discovery, including the discovery Pate served on July 21, 2010.

In light of this stipulation and their compliance with all relevant Court orders, on November 3, 2010, the Court will hear the motions to dismiss [Doc. 2157, 3054, 4456] filed by Chartis, Lexington and Chartis Claims.

                                  Sincerely,

                                  JACKSON & CAMPBELL, P.C.

                                  Paul D. Smolinsky

cc:

Kerry Miller, Esq.
Defense Liaison Counsel
Frilot L.L.C.
Suite 3700
1100 Poydras Street
New Orleans, LA 70130

Judy Y. Barrasso, Esq.
H. Minor Pipes, Esq.
Lead Counsel – Insurer Steering Committee
Barrasso Usdin Kupperman Freeman & Sarver, LLC
909 Poydras Street, 24th Floor
New Orleans, LA 70112

# HWW HINKHOUSE WILLIAMS WALSH LLP

Joseph A. Hinkhouse
312.784.5454 (direct)
312.784.5499 (fax)
jhinkhouse@hww-law.com

August 10, 2010

**Via E-mail & First-Class Mail**

Robert M. Horkovich, Esq.
Anna M. Piazza, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020

Russ M. Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113-1116

RE: *Pate v. American International Specialty Lines Insurance Company*, No. 2:09-cv-07791 (E.D. La. filed Dec. 23, 2009).
File No.: 275110.03223

Dear Counsel:

We are writing on behalf of our clients, Chartis Specialty Insurance Company ("Chartis Specialty") f/k/a American International Specialty Lines Insurance Company as alleged insurer of Beta Drywall LLC and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") as alleged insurer of Beta Drywall LLC, Beta Construction LLC, and Finest Drywall Inc. with respect to jurisdictional discovery in the matter referenced above. On July 21, 2010, plaintiff Robert C. Pate served interrogatories and requests for production concerning jurisdiction on Chartis Specialty, National Union and other defendants in the action.

In an Order entered on August 5, 2010, the Court stated that "[t]o avoid responding to jurisdictional discovery each moving insurer must stipulate by specifically stating that the company is subject to personal jurisdiction in MDL 2047 in the Eastern District of Louisiana for the case in which it is a moving party, and only for that case, by August 10, 2010."

In accordance with the August 5, 2010 Order, Chartis Specialty and National Union each state that it is subject to personal jurisdiction in MDL 2047 in the Eastern District of Louisiana in *Pate*, the case in which they moved to dismiss the first amended complaint under Fed. R. Civ. P. 12(b)(7), Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). This stipulation relates to no other case and neither Chartis Specialty nor National Union waive any defense based on personal jurisdiction in any other case in MDL 2047 or the Eastern District of Louisiana filed at any time. Having complied with the August 5, 2010 Order, Chartis Specialty and National Union will not respond to any jurisdictional discovery, including the discovery Mr. Pate served on July 21, 2010.

**HWW** HINKHOUSE WILLIAMS WALSH LLP

Robert M. Horkovich, Esq.
Russ Herman, Esq.
August 10, 2010
Page 2

As a result of this stipulation, and having complied with all other Orders of the Court, National Union's Motion to Dismiss the Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(7) for Failure to Join a Party Under Rule 19 [Doc. No. 2155]; Chartis Specialty's Joinder to National Union's Motion to Dismiss the Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(7) for Failure to Join a Party Under Rule 19 [Doc. No. 4508]; National Union's Joinder to Certain Defendants' Motion to Dismiss the Amended Complaint for Improper Venue or, in the alternative, to transfer to the Middle District of Florida [Doc. Nos. 2167]; and Chartis Specialty's Joinder to Certain Defendants' Motion to Dismiss the Amended Complaint for Improper Venue or, in the alternative, to transfer to the Middle District of Florida [Doc. No. 4507] and all supplemental memoranda in support thereof, will be heard by the Court on November 3, 2010.

Sincerely,

HINKHOUSE WILLIAMS WALSH LLP

*Joe Hinkhouse*

Joseph A. Hinkhouse

cc:  Kerry Miller
     Defense Liaison Counsel
     Frilot L.L.C.
     Suite 3700
     1100 Poydras Street
     New Orleans, LA 70130

     Judy Y. Barrasso
     H. Minor Pipes, III
     Lead Counsel – Insurer Steering Committee
     Barrasso Usdin Kupperman Freeman & Sarver, LLC
     909 Poydras Street, 24th Floor
     New Orleans, LA 70112

4846-4686-1831, v. 1