UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL 2047 SECTION: L JUDGE FALLON |
| * * * * * * * * | * | MAG. JUDGE WILKINSON |

**THIS DOCUMENTS RELATES TO:**
RONNIE VAN WINKLE SR. et al, No. 09-4378

### NAUTILUS INSURANCE COMPANY'S OPPOSITION TO JOINT MOTION TO COMPEL OF THE PLAINTIFFS' STEERING COMMITTEE AND ROBERT C. PATE IN ACCORDANCE WITH COURT'S SCHEDULING ORDERS DATED JULY 1, 2010 AND AUGUST 5, 2010

**MAY IT PLEASE THE COURT:**

Nautilus Insurance Company (hereinafter referred to as "Nautilus") submits this memorandum in opposition to the motion to compel filed by Plaintiffs' Steering Committee and Robert C. Pate (hereafter referred collectively as "PSC"). PSC moves to compel Nautilus to answer discovery regarding issues of personal jurisdiction and venue which PSC deems necessary to respond to Nautilus' motion to dismiss in *Van Winkle, et al v. Knauf Gips KG, et al,* 09-4378 (E.D La. 7/10/09). First, Nautilus' motion to dismiss in *Van Winkle* involves the sole issue of whether there is subject matter jurisdiction. Nautilus

stipulated to personal jurisdiction and will stipulate to venue. Thus, issues of personal jurisdiction and venue are not relevant to Nautilus' motion to dismiss. Second, Nautilus has not been served with any discovery in *Van Winkle*. Accordingly, Nautilus respectfully requests this Honorable court deny PSC's motion to compel Nautilus to answer discovery regarding personal jurisdiction and/or venue in the *Van Winkle* matter.

**I.     Factual and Procedural History**

On July 1, 2010, this Honorable Court issued an Order holding that any insurance company providing comprehensive general liability (CGL) coverage in dispute in MDL 2047 may file a jurisdictional or venue motion in any case to be heard by the Court. (See Document 4301). The July 1, 2010 order also required each movant to comply with Pre-Trial Order 23; to provide disclosures related to the insured for which CGL coverage is alleged and the CGL insurance policies allegedly at issue; and to designate every case where this issue may be related. (See Document 4301)

Nautilus had previously filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP Rule 12(b)(1) in October 2009 (See Doc. 384; LexisNexis File & Serve Transaction no. 28650510) In that motion, Nautilus moves to have the suit filed by Ronnie Van Winkle, Sr. and Anne Van Winkle dismissed for lack of subject matter jurisdiction pursuant to FRCP Rule 12(b)(1)[1]. Specifically, Nautilus asserts that complete diversity is lacking in *Van Winkle* because the Van Winkles are Louisiana residents and

---

[1] It is important to note that in addition to Nautilus, Tudela's Classic Homes, LLC was also named as a defendant in *Van Winkle*. The Van Winkles are also plaintiffs in *Payton* and have named Tudela's Classic Homes, L.L.C. as a defendant in *Payton* as well.

domiciliaries and defendant, Tudela's Classic Homes, LLC (hereinafter referred to as "Tudela's"), is also a Louisiana resident. Further, the Van Winkles have not alleged any federal question jurisdiction pursuant to 28 U.S. C. A. 1331 that would confer subject matter jurisdiction on this Court. Nautilus did not make any objections to personal jurisdiction and/or venue in its motion to dismiss. On July 19, 2010, pursuant to this Court's July 1, 2010 order, Nautilus filed a supplemental memorandum in support of its motion to dismiss to include the information required by this Court. (See Doc. 4423) Again, Nautilus did not make any objections to personal jurisdiction and/or venue in its supplemental memorandum.

This Honorable Court then issued another order on August 5, 2010 adjusting its July 1, 2010 order. (See Doc. 4873) In that order, the Court required each moving insurer to stipulate to personal jurisdiction in the MDL 2047 in the Eastern District of Louisiana for the case in which it is a moving party in order, "[t]o avoid responding to jurisdictional discovery." Accordingly, Nautilus stipulated that it is subject to personal jurisdiction in *Van Winkle.* The PSC has acknowledged this stipulation. (See Memorandum of Law in Support of Joint Motion to Compel of the Plaintiffs' Steering Committee and Robert C. Pate in Accordance with the Court's Scheduling Orders Dated July 1, 2010 and August 5, 2010, p. 6)

Nautilus has complied with all of this Court's requirements as set forth in its July 1, 2010 order and its August 5, 2010 order. Despite Nautilus' compliance with this Court's orders, the PSC now improperly files the instant motion to compel against Nautilus arguing that the Court should order Nautilus to respond to venue discovery.

## II. Law and Analysis

The PSC argues that, "[t]he Stipulating CGL providers have taken the position that they are not obligated to respond to venue discovery, even though they have filed motions to dismiss based on improper venue." (See Memorandum of Law in Support of Joint Motion to Compel of the Plaintiffs' Steering Committee and Robert C. Pate in Accordance with the Court's Scheduling Orders Dated July 1, 2010 and August 5, 2010, p. 28) This is simply not the case.

First and foremost, it is important to point out that Nautilus has not been served with any discovery in the *Van Winkle* matter. Nautilus cannot be compelled to answer discovery with which it has not been served.

Second, PSC is not entitled to discovery from Nautilus on issues of personal jurisdiction and/or venue. Based on PSC's motion and supporting memorandum, Nautilus understands the discovery propounded in the *Pate v. American International Specialty Lines Insurance Company, et al.,* No. 2:09-cv-07791 (E.D.La) case addresses issues of personal jurisdiction and venue.   Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is <u>relevant to any party's claim or defense</u>. (emphasis added) As stated above, the sole issue in *Van Winkle* being raised by Nautilus' motion to dismiss is whether there is subject matter jurisdiction. Nautilus has stipulated to personal jurisdiction in *Van Winkle*; does not make any objections to venue in its motion; and will stipulate to venue.  Since personal jurisdiction and venue are not at issue in Nautilus' motion to dismiss, discovery regarding personal jurisdiction and/or venue is not necessary to allow the Van Winkles to respond

to Nautilus' motion to dismiss. Therefore, personal jurisdiction and venue are not relevant in *Van Winkle* and discovery regarding those issues should be denied.

## III.    Conclusion

PSC has no right to discovery on personal jurisdiction and/or venue from Nautilus in the *Van Winkle* matter. First, the plaintiffs have not propounded any discovery to Nautilus in the *Van Winkle* matter; thus, there is no discovery to compel Nautilus to answer. Second, even if the plaintiffs had propounded discovery to Nautilus, to the extent that discovery sought information on personal jurisdiction and/or venue, the PSC's motion as to Nautilus is still improper because Nautilus has stipulated to personal jurisdiction and has not objected to venue in *Van Winkle*. Clearly, this motion has been improperly filed as to Nautilus and must be dismissed. Therefore, Nautilus respectfully requests this Honorable Court deny PSC's motion to compel and dismiss the PSC's motion as to Nautilus.

Respectfully submitted,

**HEBBLER & GIORDANO, L.L.C.**
*Attorneys at Law*

BY: _____
GEORGE P. HEBBLER, JR. (T.A.)
Louisiana Bar No: 6722
Email: hebbler@hebblergiordano.com
KELLY F. WALSH
Louisiana Bar No: 31352
Email: walsh@hebblergiordano.com
Attorney for Defendants
3636 S. I-10 Service Road W, Suite 300
Metairie, Louisiana 70001
Telephone: (504) 833-8007
Facsimile: (504) 833-2866

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No.6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of August, 2010.

_____
George P. Hebbler, Jr. LSBA #6722