UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED<br>DRYWALL PRODUCTS LIABILITY<br>LITIGATION | MDL 2047<br><br>SECTION   L<br><br>JUDGE FALLON |
| **This document relates to:**<br>**Robert C. Pate v. American**<br>**Speciality Lines Insurance Company, et al**<br>**No. 2:09-cv-07791** | MAG. JUDGE WILKINSON |

**LANDMARK AMERICAN INSURANCE COMPANY'S
JOINDER OF CERTAIN DEFENDANTS AND MEMORANDUM IN
OPPOSITION TO THE JOINT MOTION TO COMPEL OF THE PLAINTIFFS
STEERING COMMITTEE AND ROBERT C. PATE IN ACCORDANCE WITH THE
COURT'S SCHEDULING ORDERS DATED JULY 1, 2010 AND AUGUST 5, 2010**

Defendant, Landmark American Insurance Company ("Landmark"), respectfully submits this Motion and Incorporated Memorandum in Opposition to the Plaintiffs Steering Committee's ("PSC") Motion to Compel.  Landmark has joined in and hereby adopts the statements, arguments and citations to jurisprudence and statutory law contained in Certain Defendants's Opposition to the Joint Motion to Compel of the Plaintiffs Steering Committee and Robert C. Pate in Accordance with the Court's Scheduling Orders Dated July 1, 2010 and August 5, 2010, (Docket Entry No. 5370), as if copied herein *in extenso*.

1

As the pertinent facts and law have been presented in that Motion, Landmark will only highlight the salient points of its particularly unique circumstances, in the interest of saving the Court's time.

The PSC alleges that Landmark has failed to comply with the Court's July 1, 2010 Order, which states, in pertinent part, as follows: "[e]ach movant shall state within its motion the insured within MDL 2047 for which it provides CGL insurance and it files the motion and a list of the cases where claims on this **same** CGL Policy are also in suit in MDL 2047..." The PSC believes that Landmark's supplement is deficient as it fails to name other MDL 2047 suits in which claims are made on the same CGL policy; specifically correspondence from the PSC dated August 18, 2010, states that Landmark's supplement is deficient as it "failed to disclosure it was sued in *Amato*."[1] The undersigned is not aware of any other suit pending in MDL 2047 that involves the **same** CGL policy that it issued to Hinkle Drywall, LLC. Although Landmark is a party to the *Amato* omnibus class action, it has not been named in its capacity as an insurer for Hinkle Drywall, LLC. Supporting Landmark's position is a copy of the Hinkle Drywall, LLC page from Schedule 2 of Omni V,[2] attached hereto as "Exhibit 2."

---

[1] A copy of the email correspondence dated August 18, 2010 is attached hereto as "Exhibit 1."

[2] This page is taken from the most recent version of *Amato,* which was filed on May 11, 2010. The previous version of *Amato* also fails to name Landmark in its capacity as a CGL insurer for Hinkle Drywall. The undersigned is not aware of any new amendments to *Amato* since the PSC filed the May 11, 2010 version.

Morever, pursuant to this Honorable Court's August 5, 2010 order, Landmark has not disputed that there was personal jurisdiction over it in the Eastern District of Louisiana.[3] A copy of this stipulation is attached hereto as "Exhibit 3." Although Landmark stipulated to personal jurisdiction, out of an abundance of caution, it provided adequate and accurate discovery responses to the propounded jurisdictional discovery on August 16, 2010, in accordance with the Court's August 5, 2010 Order. A full and complete copy of Landmark's discovery responses is attached hereto as "Exhibit 4." Despite this fact, it is alleged that Landmark failed to even respond to venue discovery. This is simply not the case. PSC and Pate do not address the adequacy of these timely provided responses in their Motion.

Although Landmark responded to it completely, the jurisdictional and venue discovery requested by Pate and adopted by the PSC, has absolutely no bearing on the jurisdictional motion Landmark has filed. The crux of Landmark's motion[4] is that the Plaintiff has failed to join a required party, its insured, Hinkle Drywall, LLC, pursuant to Fed. R. Civ. P. 12(b)(7) and 19(a). No where in its Motion does Landmark assert that this Honorable Court lacks jurisdiction over it, nor that venue does lie in the Eastern District of Louisiana, as to it. Its motion does question whether jurisdiction and venue are proper as to its insured, Hinkle Drywall, LLC, however the prodigious discovery propounded by the Plaintiff does not relate in anyway to that issue.

---

[3] Landmark submitted its stipulation to counsel for Robert C. Pate and Russ Herman, Plaintiff's Steering Committee Liaison counsel on August 12, 2010. While this stipulation was made after the Court's original August 10, 2010 deadline, no objections to the stipulation have been made by either counsel for Pate or the PSC. Additionally, the stipulation was noted to be "acceptable" in the email correspondence dated August 18, 2010. *See* Exhibit 1.

[4] Landmark's Motion to Dismiss for Failure to Join a Required Party is Docket Entry No. 2150. Two supplements have been filed in accordance with this Court's Orders, Docket Entry Nos. 4446 and 5043, respectively.

Landmark has complied fully with the jurisdictional discovery as required pursuant to this Court's July 1, 2010 and August 5, 2010 Orders.

**WHEREFORE**, for the foregoing reasons and for the reasons set out in the Certain Defendants' Opposition to the Joint Motion to Compel of the Plaintiffs Steering Committee and Robert C. Pate in Accordance with the Court's Scheduling Orders Dated July 1, 2010 and August 5, 2010, Landmark respectfully requests that the joint motion to compel should be denied as to Landmark American Insurance Company and that its Motion should be on this Court's hearing docket, as set for November 3, 2010.

Respectfully submitted:

   */s/ Melissa M. Swabacker*
JAMES W. HAILEY, III, T.A. (23111)
MELISSA M. SWABACKER (32710)
**DEUTSCH, KERRIGAN & STILES**
755 Magazine Street
New Orleans  LA 70130
Phone: (504) 581-5141
Fax: (504) 566-4022
jhailey@dkslaw.com
mswabacker@dkslaw.com
*Counsel for Landmark American Insurance Co.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United states District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of August, 2010.

                                              */s/ Melissa M. Swabacker*
                                              MELISSA M. SWABACKER