UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION  L<br><br>JUDGE FALLON |
| **This document relates to:**<br>*Pate v. American International Specialty Lines Insurance Co., et al.*<br>No. 2:09-cv-7791 | MAG. JUDGE WILKINSON |

**LANDMARK AMERICAN INSURANCE COMPANY'S RESPONSES TO PLAINTIFF ROBERT C. PATE'S REQUEST FOR THE PRODUCTION OF DOCUMENTS AND INTERROGATORIES CONCERNING JURISDICTION AND VENUE**

To:    Plaintiff, Robert C. Pate
       Through his counsel of record,
       Anna M. Piazza, Esq.
       Anderson Kill & Olick, P.C.
       1251 Avenue of the Americas
       New York, New York 10020

       **NOW INTO COURT,** comes Landmark American Insurance Company ("Landmark"),

through undersigned counsel, provides the following responses and/or objections to Plaintiff's

Request for the Production of Documents propounded by Robert C. Pate on July 21, 2010.

1



EXHIBIT
4

## GENERAL OBJECTIONS

Defendant, Landmark, objects on the grounds that many of these Interrogatories and Requests for Production of Documents (collectively, "requests") requests seek information or materials not relevant to the issues raised in this lawsuit and not reasonable calculated to lead to the discovery of admissible evidence. Landmark objects to each and every discovery request that is unduly burdensome and/or oppressive as it seeks information and/or materials within the knowledge, possession and/or control of the Plaintiffs. Further, Landmark objects to the Plaintiffs instructions and definitions included within these requests to the extent that such instructions and/or definitions purport to impose an obligation or burden that is greater than, or inconsistent with, the Federal Rules of Civil Procedure. Lastly, Defendant Landmark objects to the extent these requests fail to describe the information requested with reasonable particularity as required by the Federal Rules of Civil Procedure, and/or are beyond the scope of the Federal Rules of Civil Procedure.

## RESERVATION OF RIGHTS

By providing information in response to Plaintiffs' discovery requests, Landmark does not in any way, waive or intend to waive, but rather intends to preserve and preserving, (a) all objections to relevancy, materiality and admissibility of the responses or subject matter thereof; (b) all objections as to vagueness, ambiguity or undue burdensomeness; (c) all rights to object on any grounds to any use of said responses and documents, in any subsequent proceedings, including the trial of this or any other matter; and (d) all rights to object on any grounds to any request for further responses to these or any other discovery requests involving or relating to the subject matter of the discovery.

2

Landmark's responses are based on the information and documents presently available to it and are given without prejudice to his right to provide additional information at a later date as Landmark's investigation is continuous and ongoing.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Do any of your subsidiary or parent corporations sell insurance - directly or indirectly - to Louisiana residents or entities? If so, for each, identify: its headquarters; your percent ownership in it or its percent ownership in you; any officers or directors common to you and the subsidiary or parent; and whether you and the subsidiary or parent maintain separate accounting systems.

### RESPONSE TO INTERROGATORY NO. 1

Landmark objects to Interrogatory No. 1 as it seeks irrelevant information.

### INTERROGATORY NO. 2

Identify all offices that You maintain, own, lease and/or occupy in Louisiana, and for each state the address and entity maintaining, owning, leasing, and/or occupying the office.

### RESPONSE TO INTERROGATORY NO. 2

Landmark objects to Interrogatory No. 2 as it seeks irrelevant information.

### INTERROGATORY NO. 3

Identify all offices in Louisiana at or through which insurance policies are sold by You or on Your behalf.

### RESPONSE TO INTERROGATORY NO. 3

Landmark objects to Interrogatory No. 3 as it seeks irrelevant information.

**INTERROGATORY NO. 4**

Identify all periods of time during which you were qualified to do business in Louisiana and Identify all periods of time during which You were licensed to sell insurance in Louisiana.

**RESPONSE TO INTERROGATORY NO. 4**

Landmark objects to Interrogatory No. 4 as it is overly broad, unduly burdensome and moreover, seeks information that is irrelevant to the issues raised in this lawsuit.

**INTERROGATORY NO. 5**

Identify any tax returns You have filed in Louisiana during the past ten (10) years, including the filer of the tax return, its address and the year it was filed.

**RESPONSE TO INTERROGATORY NO. 5**

Landmark objects to this Interrogatory as it both seeks irrelevant information and is unduly burdensome.

**INTERROGATORY NO. 6**

During the past ten (10) years, have You sold or marketed insurance policies to persons located in Louisiana, including but not limited to sales by Your subsidiaries, parents, affiliates or agents?  If so, identify the entity selling or marketing the insurance policies, the kind of insurance policies it sold, and the number of insurance policies of each kind it sold each year.

**RESPONSE TO INTERROGATORY NO. 6**

Landmark objects this Interrogatory as it is overly broad, unduly burdensome and moreover, seeks information that is irrelevant to the issues raised in this lawsuit.

**INTERROGATORY NO. 7**

Identify the number of insurance claims that You have processed in Louisiana in the past ten (10) years, identifying in your answer the names of the entities processing the claims and their relation to You.

**RESPONSE TO INTERROGATORY NO. 7**

Landmark objects this Interrogatory as it is overly broad, unduly burdensome and moreover, seeks information that is irrelevant to the issues raised in this lawsuit.

**INTERROGATORY NO. 8**

Identify all assets, including but not limited to real estate, bank accounts, financial instruments, or securities that You own or have owned in Louisiana in the past ten (10) years, including the type of asset, the owner of the asset, and the dollar value of the asset.

**RESPONSE TO INTERROGATORY NO. 8**

Landmark objects this Interrogatory as it is overly broad, unduly burdensome and moreover, seeks information that is irrelevant to the issues raised in this lawsuit.

**INTERROGATORY NO. 9**

For each of the past ten (10) years, and for you and each of subsidiary or parent corporations, Identify any revenue originating from Louisiana; the percent that revenue constitutes of your or your subsidiary or parent corporation's total annual revenue; and the percent of that annual revenue that originates from insurance premium payments by Louisiana residents or entities.

**RESPONSE TO INTERROGATORY NO. 9**

Landmark objects this Interrogatory as it is overly broad, unduly burdensome and moreover, seeks information that is irrelevant to the issues raised in this lawsuit.

5

**INTERROGATORY NO. 10**

During the past ten (10) years, have You been a party to any judicial or administrative proceeding in Louisiana? If so, state the name of the proceeding, the index or other identifying number of the proceeding, and describe the nature of the proceeding.

**RESPONSE TO INTERROGATORY NO. 10**

Landmark objects this Interrogatory as it is overly broad, unduly burdensome and moreover, seeks information that is irrelevant to the issues raised in this lawsuit.

**INTERROGATORY NO. 11**

Identify all the lawsuits or administrative proceedings in which You have been involved during the past ten (10) years where the court applied Louisiana law.

**RESPONSE TO INTERROGATORY NO. 11**

Landmark objects this Interrogatory as it is overly broad, unduly burdensome and moreover, seeks information that is irrelevant to the issues raised in this lawsuit.

**INTERROGATORY NO. 12**

Identify all locations at which You maintain any documents in Louisiana and identify the categories of documents (ex. policies, underwriting files, or claims files).

**RESPONSE TO INTERROGATORY NO. 12**

Landmark objects to Interrogatory No. 12 because it seeks irrelevant information, is overly broad and unduly burdensome.

**INTERROGATORY NO. 13**

Identify the number of claims that You have paid to Louisiana residents or entities in the past ten (10) years and the total amount of those claims.

6

**RESPONSE TO INTERROGATORY NO. 13**

Landmark objects to Interrogatory No. 13 because it seeks irrelevant information, is overly broad and unduly burdensome.

**INTERROGATORY NO. 14**

Identify all witnesses relevant to this case who reside or work in Louisiana.

**RESPONSE TO INTERROGATORY NO. 14**

Landmark is unaware of any witnesses relevant to this case who either reside and/or work in the state of Louisiana.

**INTERROGATORY NO. 15**

Identify each type of business that You have transacted in Louisiana, the entity transacting the business, and the time period during which You transacted the business.

**RESPONSE TO INTERROGATORY NO. 15**

Landmark objects to Interrogatory No. 15 because it seeks irrelevant information, is overly broad and unduly burdensome.

**INTERROGATORY NO. 16**

Identify each type of service or thing that You have contracted to supply in Louisiana, the entity supplying the service or thing, and the time period during which You supplied the service or thing.

**RESPONSE TO INTERROGATORY NO. 16**

Landmark objects to Interrogatory No. 16 because it seeks irrelevant information, is overly broad and unduly burdensome.

**INTERROGATORY NO. 17**

Identify all manners in which You solicit business or advertise to Louisiana residents or entities, including but not limited to catalogs, brochures, and internet advertisement, and when such soliciting or advertising took place.

**RESPONSE TO INTERROGATORY NO. 17**

Landmark objects to this interrogatory as it seeks information that is not relevant to the issues raised in this lawsuit.

**INTERROGATORY NO. 18**

Identify the number of employees who work for You in Louisiana or work for You elsewhere, but reside in Louisiana.

**RESPONSE TO INTERROGATORY NO. 18**

Landmark objects to this interrogatory as it seeks information that is not relevant to the issues raised in this lawsuit.

**INTERROGATORY NO. 19**

During the past ten (10) years, have You possessed an ownership interest in any corporation or business that is located in Louisiana?  If so, identify the corporation, any subsidiaries, affiliates, or agents of that corporation, and describe the nature of the business in which the corporation, and any of its subsidiaries, affiliates, or agents are or were engaged.

**RESPONSE TO INTERROGATORY NO. 19**

Landmark objects to Interrogatory No. 19 as it seeks information that is irrelevant to the issues raised in this lawsuit.

8

**INTERROGATORY NO. 20**

During the past ten (10) years, has any company located in Louisiana served as an agent, affiliate, or representative for You with regard to sales of insurance policies? If so, identify the company, along with any parents, subsidiaries, affiliates, or agents of the company and describe the business in which the company and any of its parents, subsidiaries, affiliates, or agents are or were engaged.

**RESPONSE TO INTERROGATORY NO. 20**

Landmark objects to Interrogatory No. 20 because it seeks irrelevant information and is overly and unduly burdensome.

**INTERROGATORY NO. 21**

During the past ten (10) years, have any of your officers, directors, employees, representative, or agents visited Louisiana for purposes of the conducted business or engaging in any business activity relating to the sale of insurance? If so, identify the relevant officers, directors, employees, representatives, or agent, the dates and length of their visit(s) to Louisiana, any persons or corporation they met during their visit(s) and describe briefly the purpose of their visit(s).

**RESPONSE TO INTERROGATORY NO. 21**

Landmark objects to Interrogatory No. 21 because it seeks irrelevant information and is overly and unduly burdensome.

**INTERROGATORY NO. 22**

During the pat ten (10) years, have You ever financed or made contributions of capital to any

9

corporation, subsidiary, affiliate or agent located in Louisiana? If so, identify all such transactions, including but not limited to any inter-company loans, advances of funds, costs sharing agreement, or extension of credit.

**RESPONSE TO INTERROGATORY NO. 22**

Landmark objects to Interrogatory No. 22 because it seeks irrelevant information and is overly and unduly burdensome.

**INTERROGATORY NO. 23**

Identify all financial investors You have that reside in Louisiana.

**RESPONSE TO INTERROGATORY NO. 23**

Landmark objects to Interrogatory No. 23 as it seeks irrelevant information.

**INTERROGATORY NO. 24**

Identify You state of incorporation and principal place of business.

**RESPONSE TO INTERROGATORY NO. 24**

Landmark is incorporated under the laws of the state of Oklahoma and its principal place of business is located in Atlanta, Georgia.

**INTERROGATORY NO. 25**

For each of the insurance policies that You sold that are at issue in this proceeding, identify where the insurance policy was counter-signed and where the last act of contracting wtih regard to that insurance policy place.

**RESPONSE TO INTERROGATORY NO. 25**

Landmark objects to Interrogatory No. 25 as it calls for a conclusion of law.

**INTERROGATORY NO. 26**

Identify Your general managing agent in Louisiana.

**RESPONSE TO INTERROGATORY NO. 26**

Landmark objects to Interrogatory No. 26  because it seeks irrelevant information.

**INTERROGATORY NO. 27**

Identify Your brokers in Louisiana.

**RESPONSE TO INTERROGATORY NO. 27**

Landmark objects to Interrogatory No. 27  because it seeks irrelevant information.

**INTERROGATORY NO. 28**

Identify all retail agents through which You have sold insurance in Louisiana in the past ten

(10) years.

**RESPONSE TO INTERROGATORY NO. 28**

Landmark objects to Interrogatory No. 28 because it seeks irrelevant information and is

overly and unduly burdensome.

**INTERROGATORY NO. 29**

Identify the total amount of premiums that You collected each year for the past ten (10)

years.

**RESPONSE TO INTERROGATORY NO. 29**

Landmark objects to Interrogatory No. 29 because it seeks irrelevant information and is

overly and unduly burdensome.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1

Documents sufficient to show all travel to Louisiana by any of Your officers, directors, employees, representatives or agents for the purpose of conducting business or engageing in any business activity regarding the marketing, sale or promotion of insurance policies, including but not limited to expense records, airplane tickets, hotel bills, car rental bills and other travel records, as well as documents sufficient to show the dates and purposes of all such trips.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Landmark objects to Request for Production No. 1 because it seeks irrelevant information.

### REQUEST FOR PRODUCTION NO. 2

Documents utilized to solicit, market, or advertise Your services or products in Louisiana, including but not limited to electronic media, brochures, advertisements, news releases, customer service reports, articles, and price lists produced by You for use by You or any Related Entity in Louisiana.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Landmark objects to this Request for Production as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit.

### REQUEST FOR PRODUCTION NO. 3

Documents regarding actual or prospective purchasers of insurance policies in Louisiana, including reports regarding actual or projected sales of insurance policies by You or any Related entity.

12

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit, is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 4**

Documents related to any Louisiana state or federal legal proceeding involving You, including but not limited to: (a) claim, complaint, counterclaim or third party claim You filed in any court, administrative agency, or any other governmental entity within Louisiana; (b) discovery responses and answers You filed in any litigation in which personal jurisdiction over You in Louisiana was or is an issue and any judicial orders, memoranda, or opinions issued thereof; and (c) copies of any judgment, levy or assessment entered in Louisiana against or in Your favor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit, is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 5**

All court orders issued in action in Louisiana state or federal court wherein the court decided a motion You made to dismiss for lack of personal jurisdiction or improper venue and all briefs submitted by the parties in support of, or in opposition to, such a motion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit, is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 6**

Documents sufficient to identify all agents You authorized to receive service of process or notice of proceedings within Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit.

**REQUEST FOR PRODUCTION NO. 7**

Documents sufficient to identify the locations at which or from which Your services or products are sold in Louisiana and/or sold to Louisiana residents and entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit.

**REQUEST FOR PRODUCTION NO. 8**

All documents concerning any tax charged to You by the state of Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit, is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 9**

Documents sufficient to show for each of the past ten (10) years, Your annual sales of insurance policies to purchasers in Louisiana (including but not limited to sales of insurance policies by any Related Entity) and the dollar value for all such sales.

14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit, is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 10**

Documents sufficient to identify the offices You may maintain, own, lease or occupy in the Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit.

**REQUEST FOR PRODUCTION NO. 11**

Documents that You filed with the Louisiana Department of Insurance in the past ten (10) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit, is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 12**

Documents that You filed with the Louisiana Secretary of State in the past ten (10) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit, is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 13**

Documents sufficient to identify for each of the past ten (10) years, your assets, including bank accounts, real estate interests, financial instruments or securities, located in Louisiana and the dollar value of each asset.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit, is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 14**

Documents to show Your corporate structure including any Related Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit.

**REQUEST FOR PRODUCTION NO. 15**

Documents sufficient to show Your percent ownership in any Related Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit.

**REQUEST FOR PRODUCTION NO. 16**

Documents sufficient to any Related Entity's percent ownership interest in You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Landmark objects to this Request as it seeks irrelevant information.

16

**REQUEST FOR PRODUCTION NO. 17**

Documents sufficient to identify Your board of directors, each corporate officer, and Your organizational structure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Landmark objects to this Request as it seeks information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 18**

Documents sufficient to identify the board of directors, each corporate officer, and the organizational structure of Related Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Landmark objects to this request as it seeks information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 19**

Documents sufficient to show each distribution or transfer of cash or assets between You and a Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit, is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 20**

Documents sufficient to show the existence of any inter-company loans, advances of funds, or cost sharing between You and a Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit.

17

**REQUEST FOR PRODUCTION NO. 21**

Documents to show the existence of any guarantees or similar assurances by You to financial institutions on behalf of any Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Landmark objects to this Request as it seeks information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 22**

Documents that related to the preparation and approval of You of annual or longer-term business plans, marketing plans and budgets for any related entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Landmark objects to this Request as it seeks information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 23**

Any combined financial statements for You and any Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Landmark objects to this Request as it seeks information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 24**

Documents sufficient to identify the percentage of Your revenue take originates from Louisiana residents or entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Landmark objects to this Request as it seeks information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 25**

Documents sufficient to identify any of Your employees, independent contractors, or leased personnel whom You employee in Louisiana or who live in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Landmark objects to this Request as it seeks information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 26**

Documents concerning any lobbying performed by You or on Your behalf in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Landmark objects to this Request as it seeks information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 27**

Documents concerning Your storage or maintenance of any documents or things in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Landmark objects to this Request as it seeks information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 28**

Documents sufficient to identify Your managing general agent in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Landmark objects to this Request as it seeks information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 29**

Documents sufficient to identify Your brokers in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Landmark objects to this Request as it seeks information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 30**

Documents sufficient to identify the retail agents through which You have sold insurance in Louisiana in the past ten (10) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Landmark objects to this Request as it seeks information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 31**

Documents sufficient to identify each year, for the last ten (10) years, the total amount of premiums You have collected from Louisiana clients.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Landmark objects to this request as it seeks information that is as it seeks information that is irrelevant to the issues raised against it in this lawsuit, is overly broad and unduly burdensome.

Respectfully submitted:

_/s/ James W. Hailey, III_
JAMES W. HAILEY, III, T.A. (23111)
MELISSA M. SWABACKER (32710)
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine Street
New Orleans  LA  70130
Phone: (504)581-5141
Fax: (504) 566-1201
jhailey@dkslaw.com
mswabacker@dkslaw.com
*Counsel for Landmark American Insurance Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants Liaison Counsel, Kerry Miller, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6 on this 16th day of August, 2010.

_/s/ James W. Hailey, III_

20