# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION  **THIS DOCUMENT RELATES TO:**  ROBERT C. PATE, as Trustee for the Chinese Drywall Trust v.  AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, et al. (**2:09-cv-07791**) (E.D. La.) | MDL No. 2:09-md-2047  SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

**DEFENDANTS FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO THE JOINT MOTION TO COMPEL OF THE PLAINTIFFS' STEERING COMMITTEE AND ROBERT C. PATE IN ACCORDANCE WITH THE COURT'S SCHEDULING ORDERS DATED JULY 1, 2010 AND AUGUST 5, 2010**

COME NOW, FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY ("FCCI"), by and through their undersigned counsel and pursuant to this Court's August 5, 2010, revised Scheduling Order, and file the following Response in Opposition to the Joint Motion to Compel of the Plaintiffs' Steering Committee and Robert C. Pate in Accordance With the Court's Scheduling Orders Dated July 1, 2010 and August 5, 2010:

## I. INTRODUCTION

Plaintiff Robert Pate, as Trustee of the Chinese Drywall Trust ("Pate"), filed a Complaint against FCCI and 14 other insurers on or about December 23, 2009 in this Court, to be included with the above-referenced MDL action. In its Complaint Pate alleges that he is an additional insured under FCCI's insurance policies issued to certain subcontractors that allegedly provide coverage for claims against WCI arising from Chinese drywall. Pate served FCCI with process through the Louisiana Insurance Commissioner on or about January 4, 2010. FCCI responded to the Complaint by filing its Motion to Dismiss the Complaint based on a lack of jurisdiction over the FCCI defendants and improper venue, setting forth how FCCI has no contacts with Louisiana and that there is no basis for jurisdiction. [D.E. 1289]. Thereafter, Pate filed an Amended Complaint on March 15, 2010. [D.E. 1732]. FCCI filed a Motion to Dismiss the Amended Complaint reasserting its claim that Pate's action against FCCI is improper because the Court lacks jurisdiction over FCCI. [D.E. 2147].

After FCCI and various other insurers filed their Motions to Dismiss the Amended Complaint the parties agreed to and the Court entered its July 1, 2010 Scheduling Order, setting forth a schedule for the insurers' Motions to Dismiss. [D.E. 4301]. The July 1, 2010, Order also provided that "Plaintiffs shall identify any filed motion that may require discovery and identify the discovery needed.

The Parties are to work together to resolve any discovery issues, before addressing the issues with the Court." Following the Court's July 1, 2010, Order, on July 21, 2010, Pate propounded twenty-nine (29) Interrogatories, thirty-one (31) Requests for Production of Documents, and forty-seven (47) topics for its proposed 30(b)(6) deposition notice upon FCCI as its "jurisdictional discovery."

FCCI has provided Plaintiffs extensive information and conferred with Plaintiffs' counsel in an attempt to agree to a reasonable scope of jurisdictional discovery. FCCI objected to some of Plaintiffs' requests because Plaintiffs' discovery exceeds the reasonable scope of relevant jurisdictional discovery and has requested FCCI to gather and produce volumes of documents so that Plaintiffs may search for any facts that may support their conclusory, thus far unsupported, statements that FCCI is subject to jurisdiction of this Court in Louisiana and that FCCI sells insurance in Louisiana.

FCCI has continued to work with Plaintiffs' counsel to resolve the disputes. The information FCCI has provided and the documents FCCI has agreed to produce provide Plaintiff with more than enough information related to jurisdiction. The documents and information Plaintiffs ask FCCI to research and gather to which FCCI objects exceed the scope of discovery necessary to respond to the Motion to Dismiss and/or jurisdictional issues.

3

Accordingly, for the reasons further outlined herein, Plaintiffs'[1] Motion to Compel should be denied.[2]

## II. ARGUMENT

When a nonresident defendant challenges *in personam* jurisdiction, the plaintiff bears the burden of demonstrating facts supporting jurisdiction. Davis v. Data Capture Solutions-Repair and Remarketing, Inc., 2009 WL 3297976 (S.D. Tex 2009) (citing Johnston v. Multi-data Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008). Since Pate has not alleged any basis for specific jurisdiction in his Complaint, the Court can only have jurisdiction over FCCI if FCCI has continuous, systematic, and substantial contacts with Louisiana. Turan v. Universal Plan Inv. Ltd., 70 F. Supp. 2d 671, 674 (E.D. La. 1999). In determining whether FCCI's contacts with Louisiana are continuous, systematic and substantial the court may consider the following factors: (1) does the defendant directly market or promote business in Louisiana; (2) does the defendant have any tangible property in Louisiana such as bank accounts or real property; (3) does the defendant maintain an office of other place of business in Louisiana; and (4) the amount of business

---

[1] FCCI has only received discovery requests concerning jurisdiction from Plaintiff, Pate. As Plaintiffs' Steering Committee has joined in the Motion to Compel discovery, FCCI collectively refers to both moving parties herein as "Plaintiffs."

[2] It is noted that a separate objection to Plaintiffs' Topics for 30(b)(6) Deposition Notice Concerning Jurisdiction and Venue has been filed [D.E. 5214] and while the Motion to Compel does not address this directly and thus this Opposition to the Motion to Compel does not address this directly, the same issues are applicable and as necessary D.E. 5214 is referenced herein.

the defendant does in Louisiana.  DNH L.L.C. v. In-N-Out Burgers, 381 F.Supp. 2d 559, 565 (E.D. La. 2005).

In determining the jurisdictional issue, the court may receive affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.  Id. (citing Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985)).  See also Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (In determining a motion to dismiss for lack of personal jurisdiction, the court may postpone the decision and permit discovery, determine the motion on the basis of the pleadings and affidavits, or hold an evidentiary hearing (citing Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir.1981)).

As a general rule, however, "courts are wary of allowing discovery absent some showing of personal jurisdictional facts if a defendant has challenged plaintiff's assertion of personal jurisdiction over him, because basic fact-finding should precede discovery."  Hansen v. Neumueller, GmbH, 163 F.R.D. 471, 474 (D. Del. 1995) (citing Poe v. Babcock Int'l, PLC, 662 F.Supp. 4, 7 (M.D.Pa.1985)); see also Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (holding that the plaintiff was not entitled to conduct discovery on the issue of jurisdiction as to one defendant where there was no preliminary *prima facie* showing to justify discovery and permitting limited jurisdictional discovery for another defendant where plaintiffs restricting the discovery requests to ten

interrogatories); Washington v. Norton Mfg, Inc., 588 F.2d 441 (5th Cir. 1979) (not permitting discovery in personal jurisdiction dispute where it "could not have added any significant facts and would only have been expensive and burdensome for non-resident corporation even in the absence of showing by the party objecting to discovery of undue expense or burdensomeness").

Under circumstances where the court determines that a plaintiff has made a sufficient *prima facie* showing that the court has jurisdiction over the defendant and the defendant raises a factual issue challenging jurisdiction, limited discovery may be permitted on those disputed factual issues. In those circumstances discovery is typically limited to the disputed issues raised. See Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988).

**A.   Plaintiffs Have Exceeded the Scope of Discovery for the Limited Issues of Jurisdiction and Venue in this Action.**

While there is no bright-line rule setting forth parameters of jurisdictional discovery or what is reasonable, courts generally agree it is appropriate to limit such discovery to obtaining information on disputed facts raised or relating to a plaintiff's claims. See Hansen v. Neumueller, 163 F.R.D. 471 (D. Del. 1995) (permitting discovery but limiting it to testimony by a deposition); Invitrogen Corp. v. President and Fellows of Harvard College, 2007 WL 2915058 (S.D. Cal 2007) (permitting limited discovery restricted to interrogatory or deposition and

6

limited to the time period relevant to the complaint).  Importantly, "[d]iscovery *need not be granted to allow [a] plaintiff to engage in an unfounded fishing expedition for jurisdictional facts*." Teligent, Inc. v. Banda 26, S.A., 2004 WL 724945, *6 (S.D.N.Y. Bankr. 2004) (citing Gear, Inc. v. L.A. Gear California, Inc., 637 F. Supp. 1323, 1328 (S.D.N.Y.1986) (emphasis added).

In the present case the Court has permitted some discovery on the issue of jurisdiction by way of its scheduling orders, and has asked the parties to work to agree upon the scope and details regarding such discovery.  Instead of limiting their discovery requests only to jurisdictional issues, Plaintiffs served extensive, blanket discovery requests to all 15 insurers involved in this action and requested numerous documents from any entity associated with FCCI.  All of the information Plaintiffs could possibly need to respond to FCCI's Motion to Dismiss can be obtained from the Affidavit of Rupert L. Willis[3] that FCCI filed with its Motion to Dismiss and FCCI's interrogatory answers provided.  Even then, if Plaintiffs had remaining questions for issues raised in FCCI's Motion to Dismiss, FCCI has agreed to produce a representative for deposition for jurisdictional issues regarding FCCI's operations[4].

---

[3] D.E. 1289, Exhibit A and D.E. 2147, Exhibit A.
[4] FCCI has objected to some of the broad deposition topics Plaintiffs served and does not waive any of its objections.

For these reasons, Plaintiffs' discovery requests are unnecessarily overly-broad. Pate's only allegations relating to jurisdiction in the Complaint are that:

> "[FCCI] sells insurance in the state of Louisiana" (Complaint, ¶ 19); and "maintains a regional office in the Gulf Coast" ) (Complaint, ¶ 19).

In their Motion to Dismiss, FCCI set forth how these assertions had no foundation and provided affidavit testimony by an FCCI representative outlining the corporate structure for both FCCI entities, that neither had any association with Louisiana, sales in Louisiana, or insurance policies sold in Louisiana (among other factual statements), and describing the business relationship between FCCI entities. Plaintiffs have not asserted any evidence or allegations disputing any of the sworn testimony FCCI has provided. In such circumstances the court may determine that further discovery is not warranted. See Mykhaylov v. Masaic Maritime, Inc., 2004 WL 2472480 (E.D. La. 2004) (when the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted, noting that defendant's affidavit submitted in support of a motion to dismiss set forth most of the factual information relevant to the issue of personal jurisdiction, and plaintiffs failed to raise any issue as to the potential existence of facts which would support personal jurisdiction).

Accordingly, based on the limited jurisdictional issues raised and the information FCCI has already provided, Plaintiffs have no basis to seek the further

discovery responses they compel as they far exceed the permissible and reasonable scope of discovery for jurisdictional purposes.

**B.    Plaintiffs Improperly Seek Information and Documents for Unrelated Entities Not Parties to this Litigation.**

In some circumstances courts have permitted limited discovery for jurisdiction when the basis for jurisdiction asserted by the plaintiff was through an affiliated corporation, such as the alter ego theory.  See <u>Davis v. Data Capture Solutions-Repair and Remarketing, Inc</u>., 2009 WL 3297976 (S.D. Tex 2009) (holding that limited discovery is appropriate where alter ego theory was asserted and limiting discovery to written discovery requests); <u>Bowers v. Wurzburg</u>, 2004 WL 724945 (S.D.N.Y. Bankr. 2004) (Holding that some jurisdictional discovery should have been permitted *where the plaintiff adequately pleaded an alter-ego theory of jurisdiction* between a parent and subsidiary in the complaint and asserted additional supporting factual allegations).

In stark contrast to such cases and the cases cited by Plaintiffs, Pate in this action has only sued FCCI and has merely asserted that FCCI sold insurance in Louisiana and maintained claims offices somewhere in the Gulf region.  Without more, Plaintiffs should not be entitled to embark on a fishing expedition for information and documents related to an unlimited number of entities, possibly

9

remotely related to FCCI that are not even relevant to the claims at issue in this action.  See Teligent, 2004 WL 724945 at *6.

In their Motion to Compel, Plaintiffs cite Oyuela v. Seacor Marine (Nigeria), Inc., 290 F. Supp. 2d 713 (E.D. La. 2003) for the assertion that FCCI's relationships with its parent and subsidiary corporations are relevant to the minimum contact analysis, stating that "under certain circumstances – such as where one entity essentially controls another – the minimum contacts of one entity are attributed to the other for purposes of personal jurisdiction."  Oyuela, however, provides no support for the Plaintiffs' claim that they should be entitled to unlimited discovery for any and all entities related or affiliated in any way in every format they choose to seek.  Oyuela, a decision from this Court, involved a plaintiff's action against several defendants that were affiliated corporations. There were a number of contested issues of fact surrounding the relationship among the various companies, among other things, and the Court held an evidentiary hearing for the issues of jurisdiction and choice of law.  Id. at 716.  In finding that the court had jurisdiction over SEACOR (Bahamas) Inc., the Court found substantial interaction between the two affiliates and cited to Hargrave for the rule that where a subsidiary does not maintain independence in day-to-day operations, a court may use the parent's contacts to obtain jurisdiction over the subsidiary, or *vise versa*. Id. at 723.

Unlike Oyuela, however, Pate has only named as defendants FCCI Insurance Company and FCCI Commercial Insurance Company. Thus, all other "related" or "affiliated" companies are not parties to this litigation. Further, Pate has asserted no alternate theories of jurisdiction such as the alter-ego theory of liability. FCCI has provided corporate information and business organizational information (despite the questionable relevance of some of the requested information) to Plaintiffs and as evidenced by FCCI's information, there are no subsidiaries of either FCCI entity that are related to this litigation or that would form the basis for jurisdiction. As such, related jurisdictional discovery is irrelevant. FCCI has provided Plaintiffs the details regarding corporate structure by way of sworn testimony in an Affidavit and in its Answers to Interrogatories. Plaintiffs have no basis to seek any further information or documents other than what FCCI has provided for other entities and such discovery is wholly irrelevant to this action and the issue of jurisdiction.

### III.  SPECIFIC RESPONSES AND OBJECTIONS AT ISSUE

In their Motion the Plaintiffs outline FCCI's responses and why Plaintiffs claim FCCI should be required to respond to each and every discovery request

Plaintiffs have propounded, regardless of its scope. FCCI will address each specific Response and argument by Plaintiffs herein[5]:

### A. Interrogatories

Plaintiffs point to three Interrogatories (out of 29) to which they claim FCCI should be ordered to provide a more complete answer. Additionally, Plaintiffs claim that with respect to each Interrogatory FCCI "may need to supplement certain of its responses."

<u>Interrogatories 9, 13, and 29</u>:

For each of these Interrogatories FCCI has conferred with Plaintiffs and attempted to resolve the dispute over Plaintiffs' Interrogatories and FCCI's objections. Further, while FCCI maintains that Plaintiffs' request as phrased is still objectionable, FCCI will provide a supplementary response with responsive information from 2006 through 2009.

As to all of Plaintiffs' Interrogatories, Plaintiffs claim that FCCI has not indicated whether its responses to certain interrogatories hold true for "any parent, subsidiary, or related corporations it may have." As outlined above, FCCI should not be required to provide all information and documents requested for any and all related corporations, particularly where the Plaintiff has made no allegations and

---

[5] FCCI's Answers to Plaintiffs' Interrogatories and Plaintiff's Request for Production concerning jurisdiction and venue were attached to the Motion to Compel [D.E. 5319] as Exhibits E and F and will not be re-attached herein.

have set forth no facts supporting a need for discovery of all related entities or a theory of jurisdiction making such information relevant. Regardless, however, FCCI is amending its Answers to Plaintiffs' Interrogatories Concerning Jurisdiction and Venue and providing clarification for those entities to which FCCI's answers are applicable.

### B. Requests for Production

Plaintiffs have moved to compel FCCI to produce documents and outline the responses to following document requests:

Request 2: Plaintiffs claim that despite FCCI's response that no such documents exist for FCCI, since FCCI provided information that National Loss Control Management, Inc. (NCLM) may have solicited Louisiana residents or entities, Plaintiffs contend they are entitled to documents supporting this information. NLCM is not a subsidiary, affiliate, or agent of FCCI. As such, any such documents would be irrelevant to FCCI's jurisdiction and it would be unduly burdensome to request FCCI to obtain and collect such documents.

Requests 3, 9, 24, and 31: For each of these four Requests FCCI objects to producing documents for other entities. FCCI has provided information responsive to this Request and to related Interrogatories. As argued above, FCCI should not be required to collect and produce documents for any and all remotely related

entities when they are not parties to this action and Plaintiff has set forth no facts supporting the need for any such documents.

Request 8:  Similarly, for this Request, FCCI has responded that no such documents exist for FCCI.  FCCI responded that other entities (not subsidiary or affiliate entities of FCCI) may have filed tax returns in Louisiana.  As argued above, FCCI should not be required to collect and produce documents for any and all remotely related entities when they are not parties to this action and Plaintiff has set forth no facts supporting the need for any such documents.  Such documents are not relevant to the limited jurisdictional issues for which Plaintiffs may be entitled to discovery.

Request 11, 12: Plaintiffs state that "depending on the nature of FCCI's relationship with NTI, NTI's minimum contacts with Louisiana may be relevant to this Court's personal jurisdiction over FCCI."  Again, Plaintiffs are not entitled to all documents from other entities (here National Trust Insurance Company).  As admitted in Plaintiffs' motion, Plaintiffs request such documents without any foundation of the nature of relationship between FCCI and National Trust Insurance Company.  The information regarding the nature of the two companies' relationship may be obtained by interrogatories and deposition and/or affidavit testimony.

Request 13:  FCCI is not aware of any documents or assets responsive to this request.

Requests 15 and 16: Plaintiffs again state that FCCI's relationships with parent and subsidiary corporations are relevant.  Plaintiffs' request, however, is for documents showing FCCI's percent ownership interest *in any Related Entities*.  As argued above, Plaintiffs may obtain information regarding FCCI's relationships with subsidiaries by way of Interrogatory and sworn testimony.  The information sought is not relevant to the present jurisdictional issues, particularly where Plaintiff has asserted no facts or allegations in its Complaint that support how any other entities are relevant.

Request 18:  FCCI agreed to produce responsive documents to Plaintiffs subject to general objections.

Requests 19-23: FCCI has properly objected to the production of confidential, proprietary, sensitive documents, many seeking financial records, from various related entities without any foundation.  Plaintiffs have no basis to request FCCI to collect and produce the documents requested for jurisdiction in the present case.

Request 26:  FCCI properly objected to this Request as it is irrelevant to the issue of jurisdiction, and where the only jurisdictional allegations against FCCI are that FCCI sells insurance in Louisiana (which has been disclaimed).

## IV. CONCLUSION

Plaintiffs have served overly-broad, burdensome, and irrelevant discovery requests in their pursuit of discovery allegedly relating only to jurisdiction and/or venue in this action. Because Plaintiffs' requests seek confidential, proprietary business documents and information (that are irrelevant) from entities that are not parties to this litigation and that are not parents or subsidiaries or affiliates of FCCI without any basis, FCCI has properly asserted objections to certain of Plaintiffs' discovery requests. FCCI has provided more than adequate information to address any jurisdictional facts that may be at issue and Plaintiffs have not asserted any evidence or facts disputing any of FCCI's sworn testimony. Accordingly, this Court should deny Plaintiffs' Motion to Compel.

**WHEREFORE**, FCCI respectfully request that this Court deny the Joint Motion to Compel of the Plaintiffs' Steering Committee and Robert C. Pate in Accordance with the Court's Scheduling Orders Dated July 1, 2010 and August 5, 2010, and provide such other relief as this Court deems just and proper.

This 30th day of August, 2010.

> Respectfully submitted,
>
> GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
> Attorneys for FCCI COMMERCIAL INSURANCE COMPANY and FCCI INSURANCE COMPANY
>
>
> BY:    /s/ ROBERT M. DARROCH
>       ROBERT M. DARROCH
>       GA State Bar No.: 205490
>       rdarroch@gmlj.com
>       STEPHANIE F. GLICKAUF
>       GA State Bar No.: 257540
>       sglickauf@gmlj.com
>       3340 Peachtree Road NE, Suite 2100
>       Atlanta, GA 30326-1084
>       Phone: (404) 264-1500
>       Fax:   (404) 264-1737
>
>       AND
>
> MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC
>
>
> By:    /s/ PATRICK E. COSTELLO
>       PATRICK E. COSTELLO (#26619)
>       pcostello@mblb.com
>       JACQUES P. DeGRUY (#29144)
>       jdegruy@mblb.com
>       4250 One Shell Square
>       701 Poydras Street
>       New Orleans, Louisiana 70139
>       Telephone: 504-595-3000
>       Facsimile: 504-522-2121

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **DEFENDANTS FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO THE JOINT MOTION TO COMPEL OF THE PLAINTIFFS' STEERING COMMITTEE AND ROBERT C. PATE IN ACCORDANCE WITH THE COURT'S SCHEDULING ORDERS DATED JULY 1, 2010 AND AUGUST 5, 2010** has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

This 30th day of August, 2010.

/s/ PATRICK E. COSTELLO
PATRICK E. COSTELLO (#26619)
pcostello@mblb.com
JACQUES P. DeGRUY (#29144)
jdegruy@mblb.com
4250 One Shell Square

701 Poydras Street
New Orleans, Louisiana 70139
Telephone: 504-595-3000
Facsimile: 504-522-2121