UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * MDL No. 2:09-md-02047 <br> * <br> * <br> * <br> * JUDGE FALLON |
| **This document relates to:** | * <br> * |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust <br> v. <br> AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL **(2:09-cv-07791)** (E.D. La.) | * <br> * MAGISTRATE WILKINSON <br> * <br> * <br> * <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# MID-CONTINENT CASUALTY COMPANY'S OPPOSITION TO MOTION TO COMPEL OF PLAINTIFFS' STEERING COMMITTEE AND ROBERT C. PATE

### Background

The Plaintiff's Steering Committee ("PSC") and Robert C. Pate ("Pate") paint a picture of diligence on their part and obstructionist tactics on the part of Mid-Continent Casualty Company ("MCC") and the other CGL insurers. Nothing can be farther from the truth.

Pate filed his Complaint on December 23, 2009, against 16 insurers including MCC. The Complaint does not allege any facts to establish that any insurer, including MCC, is subject to personal jurisdiction in Louisiana. In response, on February 24, 2010, MCC filed its Motion to Dismiss Pate's Complaint. In their Motion to Dismiss, MCC attached the affidavit of Michael Coon, who testified that MCC does not issue or deliver any commercial general liability policies for the construction of homes in Louisiana, that MCC does not have any employees or maintain an office in Louisiana, and set forth the business it transacted in Louisiana by providing the total

premium generated in Louisiana by MCC as compared to MCC's total premium revenue nationally from 2006 to 2009.  Based on this testimony, MCC argued that its contacts with Louisiana did not satisfy the systematic and continuous test, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984), which this circuit has recognized is difficult to meet.  *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.* 249 F.3d 413, 419 (5th Cir. 2001.  Thereafter, Pate amended his complaint and MCC filed a nearly identical Motion to Dismiss on March 29, 2010 [R.D. no. 2156].

In addition to contesting this Court's general jurisdiction, MCC also raised the issue of improper venue.  Pate's sole basis for venue in this district is 28 U.S.C. § 1391(a)(3).  That section provides that venue is proper in a "judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." *Waldron v. Freightliner Corp.*, No. 96-2530, 1996 WL 737005 at 9 (E.D. La. Dec. 19, 1996).  MCC argued that venue was improper since one or more insurers were not subject to personal jurisdiction and that the Court need look no further than Pate's amended complaint which alleged that WCI built the homes in three Florida cities, two of which are located in the Middle District of Florida, Fort Myers and Bradenton, to see that this action could and should have been brought in that district. (R.D. No. 1732, Amd. Compl. ¶ 27).

After the insurers' Motions to Dismiss were filed, counsel for Pate and the insurers agreed on an initial briefing schedule.  At that time Pate did not request any discovery in order to respond to MCC or the other insurers' Motions to Dismiss for Lack of Personal Jurisdiction.  After the motions were pending for nearly five months, the PSC (which was now involved) and Pate propounded extensive written discovery which was served on July 21, 2010 and thereafter designated 47 separate topics for corporate representative depositions.  Since this was the first

2

time Pate and the PSC asked for any discovery their assertion that MCC and the other non-stipulating insurers have continuously delayed in providing discovery is simply incorrect. (Motion at p. 9). In fact, the opposite is true.

Upon receipt of the request for production and interrogatories, counsel for MCC (as well as counsel for other CGL insurers) contacted counsel for the PSC and Pate to discuss the just filed discovery in an attempt to resolve certain discovery issues and agreed to further postpone the Motions to Dismiss for two months to provide Pate and the PSC with the information they claimed, for the first time, to need to respond to the motions. Each of these calls yielded some results. For example, the time period of ten years initially called for in the written discovery was reduced to five years, interrogatory No. 23 was eliminated and counsel for Pate clarified certain undefined terms which allowed MCC to provide answers to those questions. Thereafter, MCC responded to the discovery requests, by agreement on August 16, 2010 even though the responses were not due under the Fed. R. Civ. P. until after that date.

MCC's efforts to resolve the discovery dispute did not end there. Shortly after receiving the Motion to Compel, counsel, once again, contacted counsel for Pate and the PSC regarding the issues raised in their Motion to Compel. *See* e-mail from Ron Kammer to Bruce Steckler attached as Exhibit "A". As a result of that email, the parties engaged in additional discussions to try and narrow their differences. In light of these efforts, Pate and the PSC's claim that MCC did not make a good faith effort to respond to their discovery is simply untrue. (Motion at p. 2). The facts belie that statement as well as their motion to compel. In total, Pate and the PSC propounded 29 interrogatories and 31 requests for production. In the Motion to Compel, Pate and the PSC only took issue with seven of MCC's interrogatory answers and nine of its

3

responses to the Request for Production.[1]  With only a few exceptions, MCC answered and responded to those questions and requests.  Accordingly there are only a few issues for this Court to resolve.

### The Permissible Scope of Discovery In Jurisdictional Disputes

The scope of discovery under the Federal Rules of Civil Procedure "has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  This principle is further supported by Rule 26 which specifically provides "that a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defenses of any party …."

The sole basis for personal jurisdiction over MCC hinges upon whether it has "continuous, systematic and substantial contacts with Louisiana". *Turan v. Universal Plan Inv. Ltd.* 70 F.Supp. 2d 671, 674 (E.D. La. 1999).  Factors the Court may consider to determine whether MCC contacts with Louisiana are continuous, systematic and substantial are: (1) does the defendant directly market or promote business in Louisiana (2) does the defendant have any tangible property in Louisiana such as bank accounts or real property, (3) does the defendant maintain an office of other place of business in Louisiana, and (4) the amount of business the defendant does in Louisiana.  *DNH L.L.C. v. In-N-Out Burgers*, 381 F.Supp. 2d 559, 565 (E.D. La. 2005).  These are the relevant inquiries and these are the questions MCC answered.

Overly-broad discovery requests such as those made by Pate and the PSC, which amount to nothing more than mere "fishing expeditions" should not tolerated. *E.g.*, *Strait v. Mehlenbacher*, 526 F. Supp. 581, 584 (W.D. N.Y. 1981), *Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 432 (E.D. Mich. 1979) and *Murphy v. Cooper Tire & Rubber Co.*, 2008 WL 5273548, *6 (N.D.

---

[1] The Motion to Compel addressed two interrogatories which were answered before the Motion to Compel was served. Accordingly the dispute is only over MCC's answers to five questions, most of which MCC answered over objection.  In addition, MCC has already produced documents which it believes are responsive to the request for Production.

4

Fla. Dec. 18, 2008) (finding overly broad and unduly burdensome a request for the production of documents regarding steel-belted tires of nearly every size, every type, and every model manufactured at Cooper-owned plants during a fifteen-year period). As one federal court explained, "[t]he request in this instance represents not merely a 'fishing expedition,' but . . . an effort to 'drain the pond and collect the fish from the bottom.'" *Amcast Industrial Corp. v. Detrex Corp.*, 138 F.R.D. 115, 121 (N.D. Ind. 1991) (quoting *In re IBM Peripheral EDP Devices Antitrust Litigation*, 77 F.R.D. 39, 41-42 (N.D. Cal. 1977)). This is exactly what Pate and the PSC has done here and the Court need look no farther then than their designation of 47 different subject areas for the depositions of MCC's corporate representative(s) and written discovery which asked for such information as the names of witnesses located in Louisiana, (which may be relevant if this motion involved *forum non conveniens* but not venue or personal jurisdiction), cases involving MCC where a court applied Louisiana law regardless of where the case was venued and for confidential financial information such as transfer of cash or assets, inter-company loans, advances of funds, cost sharing, guarantees or similar assurances between MCC and its parent. Respectfully, the Court should reject the PSC's and Pate's efforts to drain the pool and deny their Motion to Compel.

      The law is clear that discovery on matters of personal jurisdiction need not be permitted unless a motion to dismiss raises an issue of fact. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). In order to obtain any discovery the party opposing a motion to dismiss for lack of personal jurisdiction must present factual allegations with reasonable particularity to establish the requisite minimum contacts. *Toys "R" Us, Inc. v. Step Two S.A.*, 318 F.3d 446,456 (3rd Cir. 2003). When the lack of personal jurisdiction is clear, discovery serves no purpose and should not be permitted, as such discovery would not add any significant facts. *Id.* quoting, in part, 4

14485760v1 900735 56475

Moore's Federal Practice 26.29; *Washington v. Norton Manufacturing, Inc.*, 588 F.2d 441 (5th Cir. 1979) (discovery in personal jurisdiction dispute not allowed where it "could not have added any significant facts and would only have been expensive and burdensome for non-resident corporation even in the absence of showing by the party objecting to discovery of undue expense or burdensomeness."); *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419 (5th Cir. 2005) (holding that trial court's decision not to grant further discovery was not prejudicial even though testimony established that 70 out of approximately 750,000 issues of the defendant's newspaper were circulated in Texas over a 5 year period); *Mykhaylov v. Masaic Maritime, Inc.*, 2004 WL 2472480 (E.D. La. 2004) (when the lack of personal jurisdiction is clear, discovery serves no purpose and should not be permitted, noting that defendant's affidavit submitted in support of Motion to Dismiss set forth most of the factual information relevant to the issue of personal jurisdiction, and plaintiffs failed to raise any issue as to the potential existence of facts which would support personal jurisdiction); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Hibernia National Bank, N.A.*, 2001 WL 34085607 (W.D. La. 2001) (denying request for discovery where motion to dismiss was filed on July 30, 2001, and opposing counsel took no action to request discovery prior to the Rule 26 scheduling conference and where party opposing Motion to Dismiss for Personal Jurisdiction offered nothing more than vague speculation as what might be gained through discovery) and *Paolino v. Argyll Equities, L.L.C.*, 401 F.Supp. 2d 712, 722 (W.D. Tex. 2005) (additional discovery not required where it is clear from the affidavit that the discovery sought would not demonstrate sufficient minimum contacts to support jurisdiction).

Although MCC's Motion to Dismiss was filed months ago, neither Pate nor the PSC in their Motion to Compel provided any evidence contesting Mr. Coon's affidavit which sets forth the factual information relevant to the issue of personal jurisdiction. *DNH L.L.C*, 381 F.Supp. 2d

at 565. If any relevant information was omitted from Mr. Coon's affidavit, it has now been provided in MCC's responses to Pate and the PSC's written discovery. Pate and the PSC fail to establish in their motion why any additional discovery is needed and for this reason alone their Motion to Compel should be denied. *Mykhaylov*, 2004 WL 2472480, *1 and *National Union*, 2001 WL 34085607, *3.

Neither case cited by Pate and the PSC justify the broad discovery requested in this case, especially where the Amended Complaint is devoid of any allegations to establish personal jurisdiction and there is no showing of what may be gained through additional discovery that is not already available to Pate and PSC in the affidavits and responses to interrogatories. *Ingram v. Connect Corp.*, 1989 WL 35548 (E.D. La. 1989) stands for the unremarkable proposition that a party contesting a motion to dismiss for lack of jurisdiction is entitled to discovery. MCC does not dispute Pate and the PSC's entitlement to reasonable discovery and has provided answers to the relevant requests that were not unduly burdensome — even producing documents that were equally accessible to Pate and the PSC. The court in *Parrish of Jefferson Louisiana v. Southern Recovery Management, Inc,* 1995 WL 542475 (E.D. La. 1995) merely found that the discovery of financial records in that case was relevant to the issue of subject matter jurisdiction under RCRA. Of course, this case does not involve either RCRA or subject matter jurisdiction.

MCC spent a significant amount of time in order to respond to this discovery. See Supplemental Affidavit of Mike Coon attached as Exhibit "B". It produced 2,750 pages of documents. When, as here, the lack of jurisdiction over just one insurer is clear (thus defeating venue), Pate and the PSC's Motion to Compel should be properly denied.

## MCC's Discovery Responses[2]

A.  **Introduction**

Pate and the PSC take issue with MCC's responses to interrogatory responses 1, 6, 10, 11, 14, 17, and 18 and its responses to Request for Production 4, 5, 7, 19-22, 25 and 30.  MCC completely answered questions one and six before the Motion to Compel was filed when it served verified answers to interrogatories and therefore Pate and the PSC's Motion to Compel as to these questions should be denied.  Since Pate and the PSC did not attach MCC's verified answers, they are attached here as Exhibit "C".  Likewise MCC has produced documents responsive to request for Production 3, 6, 8, 11, 14-18, 24 and 31.

B.  **Interrogatories**

Pate and PSC assert that MCC's responses to interrogatory questions 10 and 11, are incomplete without offering any evidence to support this assertion.  These questions seek the names of cases that MCC has been a party (or where Louisiana law was applied regardless of where the case was brought).  First, although MCC has been sued in Louisiana, this does not mean that it has "continuous, systematic and substantial contacts with Louisiana and the PSC and Pate offers no authority to the contrary,  In fact the opposite is true. *Hunter v. Serv-Tech, Inc.*, 2009 WL 2447999 (E.D. La. 2009).  Second, MCC, under oath informed the Pate and the PSC that it does not maintain records that are readily searchable for this information and that it would take literally thousands of hours to review all of its claim files for the last 5 years at great expense to try and even answer this question. *Conboy v. Edward D. Jones & Co.*, L.P., 140 Fed.Appx. 510, 516 (Tex. 2005) (no abuse of discretion to limit  discovery which is "exceedingly burdensome");  *Washington v. Norton Manufacturing, Inc.*, 588 F.2d 441 (5th Cir. 1979)

---

[2] This Response also covers the 47 requested areas of testimony for MCC's corporate representative where MCC has interposed an objection to providing such testimony.  MCC also incorporates by reference its Response to Centerline's Motion to Compel directed to those designations.

14485760v1 900735 56475

(denying discovery where the requests were unduly burdensome). See also Affidavit of Mike Coon further addressing MCC's efforts to answer this question. Accordingly Pate and the PSC's Motion to Compel should be denied as to interrogatories 9 and 10.

Pate and the PSC next take issue with MCC's response to interrogatory 14 which seeks the names of witnesses claiming that the location of witnesses is relevant to the issue of venue. First, the location of witnesses has no bearing on venue. See 28 U.S.C. § 1391. Accordingly MCC properly objected to this question as not seeking relevant information. Second, MCC answered this interrogatory by stating that it is not aware of any witnesses located in Louisiana that have knowledge relevant to this coverage case. This answer should come as no surprise, since all of MCC's policies were issued in Florida to Florida named insureds, and all of the homes allegedly impacted by drywall are located in Florida too.

The sole basis for the Motion to Compel is Pate and the PSC's claim that they are entitled to know what efforts MCC undertook to identify such witnesses. Leaving aside the fact this interrogatory did not ask for this information, there is nothing in Federal Rule of Civil Procedure 33 that requires MCC to provide this information. Once again the Motion to Compel should be denied.

Next Pate and the PSC object to MCC's responses to interrogatories 17 and 18 which MCC answered as follows:

> 17. MCC does not advertise insurance business in the state of Louisiana. MCC has agreements with independent agents, none of whom are located in Louisiana who may solicit business in Louisiana. MCC does not know how or if they may solicit business in Louisiana. Moreover how an independent agent may solicit business is not relevant or reasonably calculated to lead to the discovery of admissible evidence. However, MCC does not provide these independent agents with any catalogs, brochures or internet advertisements.

9

>  18. MCC does not employ anyone that works for MCC in Louisiana.

To the extent Pate or the PSC seek information about how MCC's independent agents advertise or solicit their businesses, MCC cannot be forced to provide that information since it is not in MCC's possession or control. *Monroe's Estate v. Bottle Rock Power Corp.*, 2004 WL 737463 at *10 (E.D.La.2004) (plaintiff's bear the burden to show that MCC has control over the materials it seeks, and "the nature of the relationship between the party and non-party is the key").  Moreover the exact location and names of MCC's independent agents is not relevant to the issue of personal jurisdiction since they are not located in Louisiana and it is MCC's jurisdiction and not its independent agent's jurisdiction that is at issue. *Mykhaylov*, 2004 WL 2472480, *1.  See also the Supplemental Affidavit of Mike Coon.  Although Pate and the PSC may not like MCC's answers as they establish that MCC is not subject to personal jurisdiction in this state, that is not a valid basis for a motion to compel.

Finally Pate and the PSC assert that MCC's objection to the definition of "you" is improper.  Once again by failing to attach MCC's verified answers to interrogatories they paint an inaccurate description of MCC's responses.  In response to the first interrogatory MCC stated:

> MCC is a wholly owned subsidiary of Great American Holding, Inc. which does not sell insurance.  MCC has two subsidiaries of which it owns 100%, Mid-Continent Assurance Company and Oklahoma Surety Corporation ("Oklahoma Surety").  Only Oklahoma Surety Corporation has sold insurance in Louisiana. Both Mid-Continent Assurance and Oklahoma Surety are headquartered in Tulsa Oklahoma. Mid-Continent and Oklahoma Surety share accounting systems. For each of the answers below MCC includes Oklahoma Surety.

14485760v1 900735 56475

The only relevant discovery directed to MCC is discovery that shows that MCC's parent corporation so dominates MCC that the two cannot be considered separate and distinct entities. This information includes: (1) whether the parent owns 100% of the subsidiaries stock; (2) whether the two corporations maintain separate headquarters; (3) whether the parent and subsidiary share common officers and directors; (4) whether corporate formalities are observed; (5) whether separate accounting systems are maintained; (6) whether the parent exercises complete authority over the subsidiary's general policy; and (7) whether the parent exercises complete authority over daily operations, including research and development, marketing and supply of its subsidiary. *DP Solutions v. Rollins,* 24 Fed. Appx. 150 (5th Cir. 2002) and *Hamilton v. Mosiac Co.,* 2009 WL 2870215 (E.D. La. 2009). To the extent this information was requested in any interrogatory, an answer was provided or documents were produced, and MCC should not be required to provide information about its parent (which does not even sell insurance) unless Pate and the PSC can establish, which they cannot, that MCC's parent so dominates MCC that the two cannot be considered separate and distinct entities. Otherwise, Pate and the PSC's discovery requests are not relevant.

The only information relevant to the issue of jurisdiction pertaining solely to MCC's subsidiaries concern those subsidiaries that sell insurance in Louisiana. To the extent the interrogatories sought information about MCC's one subsidiary that sold insurance in Louisiana, that information was provided. (See Response to Interrogatory 1). Once again, the Motion to Compel should be denied.

Neither of the cases cited by Pate and the PSC alters the scope of relevant inquiry established by the *Rollins* court. In fact, they support MCC's position. For example, in *Oyuela v. Seacor Marine (Nigeria), Inc.,* 290 F. Supp.2d. 713 (E.D. La. 2003), the court reaffirmed the

proposition that only when an affiliate is nothing more than a shell or alter ego of the parent, that its contacts can be used to establish jurisdiction. The *Oyuela* court properly recognized that "so long as a parent and subsidiary maintains separate and distinct corporate entities, the presence of one in the forum state may not be attributed to the other…." *Id.* at p. 722. That is the case here and there is no contrary evidence to suggest otherwise. *See* Exhibit "B", Supplemental Affidavit of Mike Coon.

The *Oyuela* court then cited *Hargrave v. Fibreboard Corp.*, 72 F.2d 1154 (5th Cir. 1983) observing that the "implication of that rule is that where is a subsidiary does not maintain independence in day-to-day operations, a court may use the parent's contacts to obtain jurisdiction over the subsidiary, or *vise versa*." *Id.* at 723. The court in that case, properly considered the contacts of the parent since, unlike here; the parent did not maintain a corporate existence independent of the subsidiary. The *Hargrave* court relied on *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925), which held that "so long as the parent and subsidiary maintain separate and distinct corporate offices, the presence of one in a foreign state may not be attributed to the other. *Id.* at 1160. The *Hargrave* court went on to note that even if 100% of the stock is owned by the parent and there is some commonality of officers and directors, that these factors alone are not sufficient to establish an *alter ego* relationship. Rather, what is required is proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes. *Id.* Accordingly discovery that addresses control over the internal business affairs of MCC by its parent may be relevant—however the request for private financial information is nothing more than harassing.

14485760v1 900735 56475

### C. Request For Production

Requests 4 and 5 parallel interrogatories 10 and 11. Once again, without any evidence Pate and the PSC assert that MCC's response suggests that it has not performed an adequate search. This is simply incorrect (*See* Supplemental Affidavit of Mike Coon attached as Exhibit "B". As set forth in MCC's responses to these requests it would have to search thousands of files to determine whether claims, complaints, counterclaims, third party claims or administrative proceedings were filed or brought in Louisiana or, in those cases, whether the issue of personal jurisdiction was litigated, or if any judgment, levy or assessment was entered in Louisiana against or in MCC's favor as it does not maintain records in this fashion. Accordingly, MCC would literally spend thousands of hours of manpower at great expense to MCC to obtain the documents responsive to this request, assuming such documents are even in its possession, as opposed to the possession of counsel it retained and over which it has no control. As it would be unduly burdensome for MCC to answer this request the Motion to Compel should be denied. Similar, requests for unduly burdensome discovery requests in jurisdiction disputes have been routinely denied. See *Washington*, 558 F.2d. at 441.

Moreover, the fact that MCC was sued in Louisiana is of dubious relevancy as being haled into Louisiana to defend litigation does not establish continuous, systematic and substantial contacts to assert personal jurisdiction over it. *Hunter v. Serv-Tech, Inc.*, 2009 WL 2447999) (out of state company which entered into indemnity contracts with Louisiana company may contemplate litigation in Louisiana, but does not represent the sort of purposeful activity in the state for jurisdiction to attach) and *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1363 n.4 (5th Cir. 1990) (plaintiff's contention that defendant reasonably should anticipate "being haled into court in Louisiana" because it is has been an active litigant in Louisiana did not establish that the

14485760v1 900735 56475

defendant purposefully availed itself of contacts of a quality or nature that would support subjecting it to jurisdiction in Louisiana.). Likewise, what position MCC may have taken in other cases (whether to contest jurisdiction of not) is likewise irrelevant. *Paul v. Stewart Enterprises, Inc.*, 2000 WL 1171120 (E.D. La. 2000) (precluding discovery of prior lawsuits). MCC has chosen to contest jurisdiction in this case based upon its lack of contacts with Louisiana where, as here, there is no basis to assert specific jurisdiction and its contacts with Louisiana are simply insufficient to justify the imposition of this Court's general jurisdiction. Simply, Pate and the PSC do not cite a single case to support their position that positions MCC may have been taken in other cases somehow creates personal jurisdiction in this case. It does not.

Next Pate and the PSC object to MCC's response to request seven. Once again this is a response that was answered by MCC after it asserted certain objections. MCC responded that since it "does not have any locations or independent agents located in Louisiana in which its services or products are sold….[that it] therefore has no documents that are responsive to this request". To the extent Pate and the PSC claim that MCC is under an obligation to obtain these documents from its independent agents they are incorrect. *Goh v. Baldor Electric Co.*, 1999 WL 20943 at *2 (N.D. Tex 1999) (defendant not required to produce documents not in its possession or control where entity possessing the documents was not "under [its] common control").

Since MCC's independent agents are not located in Louisiana their exact location or name is not relevant and certainly confidential since many of MCC's competitors are defendants in this action. Simply, Pate and the PSC have not demonstrated a need to know the identity of these agents in order to respond to the Motion to Dismiss and their Motion to Compel should be denied. *Washington v. Norton Manufacturing, Inc.*, 588 F.2d 441 (5th Cir. 1979).

Request 19 through 21 do not seek relevant documents. As Pate and the PSC concede, it is only under certain limited circumstances that the contacts of the parent can be used to establish personal jurisdiction over its subsidiary. In *DP Solutions* the court listed seven factors which are relevant to the determination of whether a parent so dominates its subsidiary that a parent's contacts may be properly considered by a court to determine jurisdiction of the subsidiary. Request 19 asks for the transfer of cash between MCC and its parent. That is not one of the seven factors listed in *DP Solutions*. Requests 20 and 21 asks for inter-company loans, advances or sharing of funds and guarantees or financial assurances. None of these documents establish that MCC's parent exercises complete authority over MCC's general policy or over its daily operations. As these requests seek information that is not relevant as well as confidential, Pate and the PSC's Motion to Compel should be denied.[3]

Request 22 relates to long term business plans. In other words this request does not seek documents about MCC's past activities in Louisiana, but rather what it may do in the future. The law is once again clear, and neither Pate nor the PSC cite any authority that establishes that what a company may do in the future is sufficient to establish jurisdiction over it now. An analogous situation is where a company is registered to do business in a state, but has taken no action after registering to actually conduct business. *Wenche Siemer v. Learjet Acquisition, Corp.*, 966 F.2d 179, 181 (5th Cir. 1992) (mere appointment of an agent to do business without more does not establish personal jurisdiction) and *Felch v. Transportes Lar-Mex SA De CV*, 92 F.3d 320, 328 (5th Cir. 1996) (it is only the actual conduct of business that is relevant).

---

[3] As to the definition of "You" in the Request for Production, MCC refers to its discussion of that definition in the section of its Response addressing its answers to interrogatories. Documents regarding MCC's subsidiary which transacts business in Louisiana have been produced to the extent where MCC has responded to any request.

14485760v1 900735 56475

Request 25 involves a question that MCC partially answered. In response to this question, MCC stated that "[t]here are no documents responsive to this request that identify MCC employees or leased personnel in Louisiana." MCC then objected to the request insofar as it asked MCC to produce documents regarding independent contractors as that request is overbroad and unduly burdensome as MCC does not maintain records in this fashion. Accordingly MCC would literally have to search thousands of claim files at great time and expense to determine if it ever retained an independent contractors in Louisiana. See Supplemental Affidavit of Mike Coon attached as Exhibit B. Since complying with this request would be unduly burdensome the Motion to Compel should be denied. *Conboy,* 140 Fed.Appx. at 516 (No abuse of discretion to limit discovery which is "exceedingly burdensome").

The final request is 30. This request seeks the names of MCC's retail agents. Since MCC's independent or retail agents are not located in Louisiana, their exact location or name is not relevant and certainly confidential since many of MCC's competitors are defendants in this action. *J.M. Huber Corp. v. Pan American Express, Inc.* 118 F.Supp. 2d 764, 769 (S.D. Tex. 2000) (defendant's out of state activities are insufficient to establish personal jurisdiction where defendant's products were assembled in California and then shipped to Texas) and *King v. Hawgwild Air, LLC,* 2008 WL 2620099 *4 (N.D. Tex. 2008) (explaining the difference between doing business in the state which can subject a defendant to personal jurisdiction from doing business with the state which does not). Once again, given MCC's response to this request, Pate and the PSC have not demonstrated a need to know the identity of these agents in order to respond to the Motion to Dismiss as MCC has disclosed all of its business activity which it conducted through these agents in Mr. Coon's affidavit and answers to interrogatories. Anything

16

more is merely harassing and their Motion to Compel should be denied. *Washington v. Norton Manufacturing, Inc.*, 588 F.2d 441 (5th Cir. 1979).

Once again, Pate and the PSC assert that MCC's objection to the definition of "you" is improper. For the reasons previously stated, their position is incorrect.

## Conclusion

For the forgoing reasons Mid-Continent Casualty Company respectively requests this Court to deny the Motion to Compel.

Dated: August 30, 2010.

        Respectfully submitted:

        **LARZELERE PICOU WELLS SIMPSON LONERO, LLC**
        Two Lakeway Center – Suite 1100
        3850 North Causeway Boulevard
        Metairie, Louisiana 70002
        Telephone: (504) 834-6500
        Facsimile: (504) 834-6565

        BY: /s/Lee M. Peacocke
        **MORGAN J. WELLS, JR. (La. No. 18499)**
        mwells@lpwsl.com
        **LEE M. PEACOCKE (La. No. 18374)**
        lpeacocke@lpwsl.com

        **AND**

>HINSHAW & CULBERTSON LLP
>RONALD L. KAMMER, T.A.
>(Fla. Bar No. 360859)
>rkammer@hinshawlaw.com
>PEDRO E. HERNANDEZ
>(Fla. Bar No. 30365)
>phernandez@hinshawlaw.com
>9155 S. Dadeland Boulevard – Suite 1600
>Miami, Florida 33156
>Telephone: (305) 428-5100
>Facsimile: (305) 577-1063
>**ATTORNEYS FOR DEFENDANT,**
>**MID-CONTINENT CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition to Motion to Compel of Plaintiffs' Steering Committee and Robert C. Pate has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of August, 2010.

>/s/ Lee M. Peacocke
>LEE M. PEACOCKE

14485760v1 900735 56475