**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MID-CONTINENT CASUALTY COMPANY,
a Foreign Corporation,

        Plaintiff,

vs.                                   CASE NO: 2:10-cv-121-FtM-36DNF

ROBERT C. PATE, as Trustee for the Chinese
Drywall Trust, a Citizen of the State of Texas,
1ST CHOICE CONSTRUCTION, INC., a
Florida Corporation, FINEST DRYWALL,
INC., a Florida Corporation, DISTINCTIVE
FINISHES, LLC, a Florida Corporation,
SWEDBERG ENTERPRISES, INC. d/b/a
FLORIDA DRYWALL, a Florida Corporation,
and, STEVEN SWEET DRYWALL, a Florida
Corporation,

        Defendants.           /

                **SUPPLEMENTAL AFFIDAVIT OF MIKE COON**

      Mike Coon, first being duly sworn, testifies as follows:

      1.      I am over the age of 18 and this affidavit is based upon my own personal knowledge.

      2.      My former position was Executive Vice-President.  My job duties as an Executive Vice President included underwriting, marketing, agency relations, loss control and premium audits. Included in these responsibilities is the determination of MCC's annual revenue on a state-by-state basis and the location of agents who sell insurance and surety bonds for MCC throughout the United States.



*Case No. 2:10-cv-121-FtM-36DNF*

3.      I reviewed MCC's responses to the Interrogatories and Request for Production propounded by Robert C. Pate in In Re: Chinese Manufactured Drywall Products Liability Litigation, MDL No. 2047.

4.      In MCC's responses to this discovery, on several occasions, it indicated that it does not maintain records in such a fashion in which it could easily answer that interrogatory or produce the documents that were requested.  Based upon my experience as an Executive Vice President of Mid-Continent Casualty Company, each of the statements made either in MCC's Answers to Interrogatories or in its responses to its Request for Production are correct about how it maintains records, as well as the number of files, hours and expense that would have to be undertaken in order to respond to those Interrogatories and Requests for Production since the information that has been requested in these discovery requests cannot be identified by conducting searches of MCC's computer system.  Accordingly, this information which includes, for example, the number of litigated matters in Louisiana in which MCC was a party, cases in which a court may have applied Louisiana law and if MCC hired any independent contractors in Louisiana, cannot be obtained without a manual review of the thousands of open and closed claim files.  MCC currently has 61,085 open and closed claim files from 2005 to the present time which it would have to search in order to respond to these requests.  It would be unduly burdensome for MCC to manually review each of these files since they are not organized on a state by state basis.

5.      In answering the Interrogatories and Request for Production, Mid-Continent has already involved a number of employees, including me, who have already spent many hours to gather the information and documents.  We have conducted numerous computer searches and

1449616v1_908410_56475

reviewed MCC's files, where such files were available, in an effort to respond to these discovery requests.

6.    MCC is a wholly owned subsidiary of Great American Holding, Inc.  Although MCC shares some common officers and directors with its parent, the two corporations maintain separate headquarters, observe corporate formalities and maintain separate accounting systems. Great American Holding, Inc. does not exercise complete authority over MCC's general policy or daily operations, including MCC's, marketing activities.

7.    MCC does not directly sell or market insurance policies in the State of Louisiana. Rather, these policies are exclusively sold through independent agents.   None of these independent agents were located in Louisiana.  MCC and these independent agents maintain separate headquarters and accounting systems.  MCC does not exercise complete authority or direct the daily operations of these independent agents, including their marketing activities.

FURTHER AFFIANT SAYETH NAUGHT.

MICHAEL COON

STATE OF OKLAHOMA
COUNTY OF Tulsa

SWORN TO AND SUBSCRIBED BEFORE ME this 30th day  of  August,  2010  by Michael Coon, ☒who is personally known to me or ☐who has produced his Drivers License as identification and who ☐did,☒did not take an oath.



Notary Public, State of Oklahoma at Large
Type or Print Name: Sharon Hackl
My Commission Expires: 10/11/10

3