UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047<br><br>SECTION:  L |
| This Document relates to:<br>*Pate v. American International Specialty Lines Insurance Company, et al* **(09-7791)** | ) ) ) ) ) ) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**DEFENDANT, NGM INSURANCE COMPANY'S OPPOSITION TO JOINT MOTION TO COMPEL OF THE PLAINTIFFS' STEERING COMMITTEE AND ROBERT C. PATE IN ACCORDANCE WITH THE COURT'S SCHEDULING ORDERS DATED JULY 1, 2010 AND AUGUST 5, 2010**

The defendant, NGM Insurance Company (hereinafter "NGM"), hereby opposes the Joint Motion to Compel of the Plaintiffs' Steering Committee and Robert C. Pate in Accordance with the Court's Scheduling Orders Dated July 1, 2010 and August 5, 2010 (hereinafter "Motion to Compel").  In support of this opposition, NGM states that it has provided responses and asserted objections on a good faith basis to the broad discovery requests propounded by the plaintiff.  Accordingly, the Motion to Compel should be denied.

At the outset, it bears repeating that when a non-resident defendant brings a Motion to Dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the District Court's jurisdiction over the non-resident. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir., 1985).  There is no connection or contact with Louisiana identified in the plaintiff's First Amended Complaint.  As to NGM, the First Amended

Complaint states only that "NGM offers a complete line of commercial products and services throughout the Southeast and Southwest." (Amd. Compl. ¶ 24). The First Amended Complaint does not allege that NGM was authorized to sell insurance in Louisiana. Moreover, it does not allege that NGM sold insurance in Louisiana, does not allege that its insured, HDS Drywall, is located in Louisiana or performed any work in Louisiana and instead indicates that the underlying claims of property damage and/or personal injury occurred in Florida. (Amd. Compl. ¶ 24, 27 and 29).

While the Court has permitted discovery as to jurisdiction, the scope of permissible discovery on this issue is not boundless. Personal jurisdiction over a non-resident defendant is constitutionally permissible "when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (*quoting International Shoe Company v. Washington*, 826 U.S. 310). Minimum contacts can be established by either demonstrating specific jurisdiction or general jurisdiction. Specific jurisdiction exists when the lawsuit arises out of a defendant's purposeful contact with the forum state. *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 785-786 (1990). In contrast, due process requires that the defendant has engaged in "continuous and systematic contact" in the forum to support the exercise of general jurisdiction over that defendant. *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361-1362 (5th Cir. 1990). Accordingly, any permissible discovery must be tailored to determining whether or not there exist minimum contacts with Louisiana and if the exercise of jurisdiction over NGM does not offend traditional

2

notions of fair play and substantial justice. Here, the discovery requests propounded by the plaintiffs go well beyond the scope necessary to make this determination. For example, the discovery requests are onerous and overly broad as to time, seeking information dating back ten years or in certain instances not limiting the time frame of the request in any way. Moreover, the discovery requests improperly seek comprehensive and intrusive financial and proprietary information, despite the fact that the plaintiffs have failed to make any showing that personal jurisdiction exists as to NGM. In contrast, NGM has set forth by affidavit in connection with its Motion to Dismiss the following: NGM is a Florida corporation with its principal place of business in Jacksonville, Florida; NGM Insurance Company is not and has never been licensed to write any business in Louisiana, is not and has never been authorized to write any coverage in Louisiana and has never written any coverage in Louisiana; NGM has never had any rates on file with the Louisiana Department of Insurance and is not registered with the Louisiana Department of Insurance; NGM Insurance Company has never collected any premiums for insurance written in Louisiana; NGM Insurance Company has never authorized any insurance agent to write any business on its behalf in Louisiana; NGM Insurance Company does not maintain an office in Louisiana and has no employees in Louisiana; NGM Insurance Company does not have a registered agent for service in the State of Louisiana; NGM Insurance Company does not issue or deliver insurance policies in the State of Louisiana; and NGM Insurance does not advertise or market its insurance policies in the State of Louisiana.

   Consistent with its affidavit, and while maintaining appropriate objections, NGM has indicated in answers to interrogatories that: neither it nor its subsidiary or parent

corporations sell insurance to Louisiana entities (Answer to Int. No. 1); it does not own, lease and/or occupy offices in Louisiana (Answer to Int. No. 2); it has no offices in Louisiana at or through which insurance policies are sold by it or on its behalf (Answer to Int. No. 3); it has not been qualified or licensed to do business in Louisiana (Answer to Int. No. 4); it has not filed tax returns in Louisiana in the last ten years (Answer to Int. No. 5); it has not processed claims in Louisiana in the last ten years (Answer to Int. No. 7); there are no locations in Louisiana where documents are maintained (Answer to Int. No. 12); it has not transacted business in Louisiana (Answer to Int. No. 15); it has not contracted to supply any service or thing in Louisiana (Answer to Int. No. 16); it has not solicited business or advertised in Louisiana (Answer to Int. No. 17); there are no employees who work for NGM in Louisiana (Answer to Int. No. 18); it has no agents in Louisiana (Answer to Int. No. 20); it is incorporated in Florida and has its principal place of business in Florida (Answer to Int. No. 24); it has no managing general agent in Louisiana (Answer to Int. No. 26); it has no brokers in Louisiana (Answer to Int. No. 27); there are no retail agents through which it has sold insurance in Louisiana in the past ten years (Answer to Int. No. 28); and it has collected no premiums for the past ten years from Louisiana residents (Answer to Int. No. 29).

      Similarly, subject to appropriate objections, NGM has indicated in its document response that there are: no documents utilized to solicit, market, or advertise its services in Louisiana (Response No. 2); no documents regarding actual or prospective purchasers of insurance policies in Louisiana (Response No. 3); no documents that identify agents authorized to receive service of process (Response No. 6); no documents identifying locations in Louisiana where its products or services are sold or are sold to Louisiana

4

residents (Response No. 7); no documents concerning any tax charged to it by Louisiana (Response No. 8); no documents showing annual sales for the last ten years of insurance policies to purchasers in Louisiana (Response No. 9); no documents regarding offices in Louisiana (Response No. 10); no documents filed with the Louisiana Department of Insurance in the past ten years (Response No. 11); no documents filed with the Louisiana Secretary of State in the past ten years (Response No. 12); no documents identifying revenue originating from Louisiana residents or entities (Response No. 24); no documents regarding employees, independent contractors or leased personnel employed by NGM in Louisiana (Response No. 25); no documents concerning its storage or maintenance of any documents or things in Louisiana (Response No. 27); no documents identifying a managing general agent in Louisiana (Response No. 28); no documents identifying brokers in Louisiana (Response No. 29); no documents identifying retail agents through which it has sold insurance in Louisiana in the past ten years (Response No. 30); and no documents identifying premiums collected from Louisiana clients in the last ten years (Response No. 31).

NGM asserts that its answers to interrogatories and document responses are reasonable and were prepared in good faith. These discovery responses establish that NGM has no contact with the state of Louisiana and that it would offend traditional notions of fair play and substantial justice for this court to exercise personal jurisdiction over it. It would be unjust for force NGM to engage in further costly discovery efforts when the plaintiffs have made no showing as to personal jurisdiction. When the lack of personal jurisdiction is clear, discovery serves no purpose and should not be permitted, as such discovery would not add any significant facts. *Toys "R" Us, Inc. v. Step Two S.A.*,

318 F.3d 446,456 (3rd Cir. 2003) quoting, in part, 4 Moore's Federal Practice 26.29; *Washington v. Norton Manufacturing, Inc.*, 588 F.2d 441 (5th Cir. 1979) (discovery in personal jurisdiction dispute not allowed where it "could not have added any significant facts and would only have been expensive and burdensome for non-resident corporation even in the absence of showing by the party objecting to discovery of undue expense or burdensomeness.")

Accordingly, NGM requests that the Court deny the Plaintiffs' Motion to Compel further answers to the following Interrogatories:

- Interrogatory No. 8 (requesting information regarding assets located in Louisiana);

- Interrogatory Nos. 10 and 11 (requesting information about judicial and administrative proceedings in Louisiana);

- Interrogatory No. 13 (requesting information regarding claims paid in Louisiana);

- Interrogatory Nos. 14 and 18 (requesting information regarding witnesses and employees located in Louisiana);

- Interrogatory Nos. 19 and 22 (requesting information regarding financing and ownership interest of businesses in Louisiana);

- Interrogatory No. 21 (requesting information about sales visits to Louisiana).

Further, NGM requests that the Court deny the Plaintiffs' Motion to Compel further responses to the following document requests:

- Request No. 1 (requesting information regarding travel to Louisiana related to marketing and sales);

- For Request Nos. 2-3, 6-12, and 27-31, NGM intends to eliminate the qualifying language objected to ("none in the present possession, custody or control of NGM");

- Request Nos. 4 and 5 (requesting information regarding lawsuits in Louisiana and motions to dismiss for lack of personal jurisdiction);

- Request No. 13 (requesting information regarding assets, including bank accounts and real estate, in Louisiana);

- Request Nos. 17 and 18 (requesting information regarding board of directors, corporate officers and organizational structure);

- Request Nos. 19-23 (requesting information regarding financial information of and between NGM and its affiliates);

- Request No. 26 (requesting information regarding lobbying performed in Louisiana).

In addition, NGM incorporates the foregoing arguments in support of its objections filed with the court and in support of its opposition to the plaintiffs' Motion to Compel as to the proposed areas of inquiry for its corporate representative deposition.

Dated: August 30, 2010

Respectfully submitted,

 */s/ Sarah B. Christie*
**David F. Hassett, Esquire**
**(MA No. 544443)**
dhassett@hassettanddonnelly.com
**Sarah B. Christie, Esquire**
**(MA No. 566833)**
schristie@hassettanddonnelly.com
**HASSETT & DONNELLY, P.C**.
446 Main Street, 12th Floor
Worcester, MA 01608
(508) 791-6287 (Phone)
(508) 791-2652 (Fax)

**ATTORNEYS FOR DEFENDANT,**
**NGM INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **DEFENDANT, NGM INSURANCE COMPANY'S OPPOSITION TO JOINT MOTION TO COMPEL OF THE PLAINTIFFS' STEERING COMMITTEE AND ROBERT C. PATE IN ACCORDANCE WITH THE COURT'S SCHEDULING ORDERS DATED JULY 1, 2010 AND AUGUST 5, 2010** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of August, 2010.

*s/ Sarah B. Christie*_____
Sarah B. Christie, Esquire