## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED | * | MDL No. 2:09-md-02047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | |
| | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| | * | |
| ROBERT C. PATE, as Trustee for the | * | |
| Chinese Drywall Trust | * | MAGISTRATE WILKINSON |
| v. | * | |
| AMERICAN INTERNATIONAL SPECIALTY | * | |
| LINES INSURANCE COMPANY, ET AL | * | |
| (**2:09-cv-07791**) (E.D. La.) | * | |
| | * | |

**********************************************

## OPPOSITION TO JOINT MOTION TO COMPEL
## OF THE PLAINTIFFS' STEERING COMMITTEE AND ROBERT C. PATE IN
## ACCORDANCE WITH THE COURT'S SCHEDULING ORDERS
## DATED JULY 1, 2010 AND AUGUST 5, 2010

Scottsdale Insurance Company ("Scottsdale") respectfully submits this Opposition to

the Joint Motion to Compel ("Motion to Compel") filed by the Plaintiffs' Steering Committee

("PSC") and Robert C. Pate ("Pate") (collectively referred to as "Movants") [Doc. 5293].

Scottsdale has made good faith efforts to comply with this Court's orders, to answer the

discovery and to work with the PSC and Pate to explain Scottsdale's legal and factual positions.

As Scottsdale explained in its Joinder to Certain Defendants' Joint Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Action to the Middle District of Florida [Doc. 2298], the Middle District of Florida is the proper venue for any action involving the claims under Scottsdale's policy, as its insured is a Florida resident, the policies was issued in Florida and any damage occurred in Florida.  Although Scottsdale has joined the motion challenging venue, it did not stipulate to the Court's personal jurisdiction for the reasons stated herein.  Very simply, Scottsdale's legal position is that (1) Scottsdale admits that it is subject to minimum contacts in Louisiana, (2) but that, for multiple reasons, the Court has no personal jurisdiction over Scottsdale in this case, which involves a Florida policy, Florida insured, and Florida claim. Because Scottsdale has admitted minimum contacts with the State of Louisiana, none of the interrogatories, requests for production or deposition topics on that subject are relevant or necessary as to Scottsdale.  Under these circumstances, the discovery focused on Scottsdale's historic contacts with Louisiana is not relevant.

## I.      FACTUAL BACKGROUND

Several insurers have filed motions to dismiss the *Pate* action based on the Court's lack of personal jurisdiction over them.  On March 29, 2010, Chartis Specialty Insurance Company ("Chartis") and Lexington Insurance Company ("Lexington")  filed a Joint Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Action to the Middle District of Florida. Chartis and Lexington moved to dismiss Pate's first amended complaint under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406 because this District is not the proper venue for the *Pate* action [Doc. 2157].

28 U.S.C. § 1391(a) provides that venue is proper in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  Chartis and Lexington argue that venue is not proper in this District (1) because certain other defendant insurers do not reside in Louisiana as demonstrated in their motions to dismiss for lack of personal jurisdiction, (2) because all of the events or omissions giving rise to the claim occurred in the Middle of Florida, and (3) because this action could be brought in the Middle District of Florida.

On March 29, 2010, Scottsdale filed a joinder to Chartis' and Lexington's motion to dismiss [Doc. 2298].  Other insurer defendants filed similar joinder motions [Docs. 2167, 2205, 2298, 4507] or filed their own motions [Docs. 2155, 2172, 2244, 4452].

After the Court indicated that it was ready to consider these motions, the parties agreed to and the Court entered an order on July 1, 2010, setting forth a schedule for such motions [Doc. 4301].  Among other things, the July 1, 2010 Order required insurers filing a jurisdictional or venue motion to provide certain information by July 19, 2010.  It also required plaintiffs to "identify any filed motion that may require discovery and identify the discovery needed" by no later than July 26, 2010.  On July 21, 2010, Pate served Scottsdale with interrogatories and document requests.[1]

 The PSC sent a letter to Judy Barrasso, lead counsel for the Insurer Steering Committee, dated July 21, 2010, alleging deficiencies in Insurer Profile Forms and supplemental disclosures under the July 1, 2010 Order.[2]  On that basis, the PSC claimed that it was not obligated to respond to the motions to dismiss.  It is unclear why the PSC believes that it was required or

---

[1] Motion to Compel [Doc. 5293] at Exhibits A [Doc. 5293-2] & B [Doc. 5293-3].

[2] Opposition Exhibit 1.

3

even entitled to respond when it has no interest in opposing the motions.  The PSC does not represent Pate in the coverage action and there are no claims by *Pate* homeowners in MDL 2047. As Pate has admitted, the Chinese Drywall Trust has assumed all liability for any damages related to Chinese Drywall.[3]  Notwithstanding this lack of representation, Scottsdale filed supplemental memorandums to correct the alleged deficiencies in Scottsdale's motion. Specifically, Scottsdale identified all other actions in the Chinese Drywall Multidistrict Litigation in which it had been named as a defendant.  [Docs. 4505, 5051, 5347].

In an email dated July 23, 2010, to Insurer Liaison Counsel, the PSC stated that it "intends to adopt the jurisdictional discovery" that Pate served on July 21, 2010.[4]  The PSC has never served discovery on Scottsdale or informed Scottsdale that it was adopting Pate's discovery.

Scottsdale responded to the discovery propounded by Pate on July 29, 2010.[5]  Scottsdale objected to the discovery as not relevant because Scottsdale did not raise the issue of the Court's personal jurisdiction over Scottsdale in its motion to dismiss for improper venue.  Thereafter, Insurer Liaison Counsel and certain insurers discussed the scope of the discovery with counsel for Pate and the PSC.  In the course of those discussions, the PSC requested that the insurers who filed motions to dismiss based only on improper venue stipulate to personal jurisdiction in this Court.  Scottsdale did not agree to stipulate to this Court's personal jurisdiction because it is Scottsdale's legal position that while Scottsdale has minimum contacts with Louisiana via policies issued in Louisiana to Louisiana insureds not involved in this action**,** this Court does not

---

[3] First Amended Complaint [Doc. 1732], ¶¶ 30-36.

[4] Opposition Exhibit  2.

[5] Motion to Compel [Doc. 5293] at Exhibit D [Doc. 5293-5].

have specific or general personal jurisdiction over Scottsdale and other defendants based on the facts of *this* case.

Prior to filing the Motion to Compel, neither counsel for Pate nor the PSC contacted or attempted to contact counsel for Scottsdale regarding alleged deficiencies in its responses to the discovery propounded by Pate.  In the Motion to Compel, Movants specifically identify the following Interrogatories as relevant to the minimum contacts analysis: 8, 10-13, 17-19, 21 and 22.[6]   Movants specifically identify the following Requests for Production as relevant to the minimum contacts analysis: 1, 4, 5, 7, 11-13, 15, 16, 18-23, 25, 26 and 30.[7]  Movants' identification of these discovery requests does not appear to have been intended as an exclusive list of the Interrogatories and Requests for Production of Documents that relate to minimum contacts.

After the Motion to Compel was filed, counsel for Scottsdale attempted in good faith to reach an agreement with Movants regarding the scope of the discovery directed to Scottsdale. Specifically, Scottsdale contacted counsel for Pate and the PSC to discuss Scottsdale admitting to minimum contacts for the sake of economy despite the discovery's lack of relevance to Scottsdale's venue motion.  Movants would not agree to Scottsdale admitting to minimum contacts in lieu of responding to the discovery requests addressing the minimum contacts issue.[8] In a good faith effort to respond to the discovery requests, Scottsdale has amended its responses to reflect Scottsdale's admission of minimum contacts with Louisiana and has served its supplemental discovery responses on Movants.[9]

---

[6]  Motion to Compel [Doc.  5293-1] at  pp. 14-19.

[7]  Motion to Compel [Doc.  5293-1] at pp. 21-27.

[8] Opposition Exhibit 3.

[9]  Opposition Exhibit 4.

II.     **ARGUMENT**

A.      **Because Scottsdale Has Admitted Minimum Contacts, the Interrogatories and Document Requests Are Not Necessary or Relevant.**

The PSC and Pate are attempting to compel interrogatory responses and documents on the issue of Scottsdale's minimum contacts with Louisiana.  Scottsdale has never argued that it lacks minimum contacts with Louisiana.  In fact, it admits such contacts.  Scottsdale nevertheless refused to stipulate to personal jurisdiction because of the legal argument that such jurisdiction offends traditional notions of fair play and substantial justice because the claims against Scottsdale are purely Florida-related.[10]   Scottsdale has not purposely directed activity at Louisiana residents in this case.   Scottsdale's policy was issued in Florida to a Florida insured.  Neither the loss, the insured, the claimants nor any relevant events took place in Louisiana.

Further, Scottsdale has filed a motion regarding this Court's lack of personal jurisdiction over Scottsdale in *Taylor Woodrow Homes Central Florida Division LLC v. Scottsdale Indemnity Company*, Case No. 2:2010-cv-555) (E.D. La.), MDL No. 2:09-md-02047.  However, Scottsdale did not raise the issue of the Court's lack of personal jurisdiction over Scottsdale in its motion to dismiss the Pate case for improper venue.  Instead, Scottsdale joined Charts and Lexington's Joint Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Action to the Middle District of Florida because it is very clear that the insurer defendants that filed motions to dismiss based on the Court's lack of personal jurisdiction do not even have minimum contacts with Louisiana and are thus, not subject to the Court's jurisdiction.

---

[10] The jurisdictional question of fair play and substantial justice is one of reasonableness and depends on an evaluation of the following factors:  (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several state in furthering fundamental social policies. *See Katz v. Princess Hotels Intern., Inc*., 839 F.Supp. 406 (E.D. La. 1993) (citing *Asahi Metal Ind. Co. v. Superior Court of Cal., Solano County*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987), on remand, 734 P.2d 989, 236 Cal.Rptr. 153 (Cal. 1987).

None of the discovery requested by Pate and the PSC has anything to do with whether a substantial part of the events or omissions giving rise to Pate's claim occurred in Louisiana or whether the *Pate* action could have been brought in another district.  *See* U.S. 28 1391(a)(2) and (3).  Fed. R. Civ. Pro. 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is *relevant* to any party's claim or defense…."(Emphasis added).  Contrary to their claims in the Motion to Compel,[11] the discovery does not address whether venue is proper in this district.  Scottsdale is not required to interpret or rewrite discovery relating generally to its contacts with Louisiana to provide responses that would be responsive to discovery that actually addressed venue.  That Pate included the term "venue" in the title of the discovery is not enough to make the discovery relevant to venue.

Further, Pate and the PSC have not even established a basis on which to seek any venue discovery relevant to § 1391(a)(2) or (3).  Pate and the PSC offer no facts suggesting that the dispute at issue has any connection with Louisiana that would justify venue discovery from Scottsdale.  There are no facts indicating that any alleged Scottsdale insured is located in Louisiana, that Scottsdale's policy was negotiated, brokered, issued or delivered or any premium paid in the state, or that any underlying claim arises or is being handled in the state.  Absent any such facts, Pate and the PSC  are merely undertaking a fishing expedition without any basis to believe that any information or documents exist showing a connection between the dispute and Louisiana.  Scottsdale's policy was not negotiated, brokered, issued or delivered in Louisiana and no premiums were paid in that state.  No claim relating to Pate is being handled in Louisiana.  Neither Pate nor the PSC identify any alleged insured located in Louisiana.  Pate concedes that all the individuals with claims against the Chinese Drywall Trust assert property damage, bodily

---

[11] Motion to Compel [Doc. 5293-1] at pp. 28-29.

injury or both "arising from Chinese Drywall installed in homes that WCI sold in Florida, including areas such as Fort Lauderdale, Fort Myers, and Bradenton."[12]  Pate and the PSC offer no reason to believe that the venue discovery they seek would demonstrate otherwise.

**B.**   **The Deposition Topics for Corporate Representatives Are Not Proper as to Scottsdale**

Movants' deposition topics for corporate representatives are described in part by Movants as follows:

> · The type, extent, and duration of travel to Louisiana/and or the transacting of business in Louisiana (Topics 1-6, 8-10, 12, 13, 15-18, 20, 25, 27, 28, 29, 31-34, 42, 44, and 47);
>
> · Contacts with Louisiana governmental entities (Topics 1, 7, 10, 21, and 35);
>
> · Extent and character of insurance policies covering Louisiana residents and Louisiana entities (Topics 8, 11, 13, 19, 20, and 22);
>
> · General contacts with Louisiana (Topics 21, 23, 24, 26, 28, 29, 39, 45, 46); and
>
> · Information about corporate structure (Topics 30, 36-39, 40, 41, 43, 44).

These deposition topics concern Scottsdale's contacts with Louisiana.  Scottsdale has admitted that it has minimum contacts with Louisiana.  Scottsdale's corporate representative should therefore not be required to testify on these topics.  Further, Scottsdale did not raise the issue of the Court's personal jurisdiction over Scottsdale in its motion to dismiss for improper venue and these deposition topics are not relevant to Scottsdale's motion.  Notwithstanding these objections, Scottsdale's corporate representative, Gary Gray, will be made available to Movants for deposition on September 8, 2010, September 14, 2010 and September 15, 2010 in Scottsdale, Arizona.

---

[12] First Amended Complaint [Doc. 1732] at ¶ 27.

## III.  CONCLUSION

For the reasons stated above, the Joint Motion to Compel as to Scottsdale should be denied.  Notwithstanding Scottsdale's valid objections to Movants' discovery requests, Scottsdale has admitted to having minimum contacts with Louisiana in a good faith attempt to resolve these discovery issues prior to the hearing on the Motion to Compel and has supplemented its responses to the discovery requests to that effect.  Further, Scottsdale has fully complied with this Court's Orders in order to have their Motions heard.  Despite full compliance with those Orders, Scottsdale has filed supplemental memorandums to placate both Pate and the PSC, which have alleged deficiencies.  Scottsdale also agreed to amend this Court's Scheduling Order in order to provide adequate time for any appropriate and relevant discovery.  The Motion to Compel as to Scottsdale should be denied and its motion should be on this Court's hearing docket, now set for November 3, 2010.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Virginia Y. Trainor*
<u></u>
H. Alston Johnson III, Bar Roll No. 7293
Virginia Y. Trainor, Bar Roll No. 25275
II City Plaza
400 Convention Street • Suite 1100
Baton Rouge, Louisiana 70802-5618
P.O. Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
Email: johnsona@phelps.com
        trainorg@phelps.com

AND

9

Jay Russell Sever, Bar Roll No. 23935
Charlotte Jane Sawyer, Bar Roll No. 28493
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: severj@phelps.com
        sawyerc@phelps.com

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing *Opposition to Joint Motion to Compel of the Plaintiffs' Steering Committee and Robert C. Pate* has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of August, 2010.

*/s/ Virginia Y. Trainor*
Virginia Y. Trainor

PD.4152486.1