# EXHIBIT 1

## LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LORBER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
* also admitted in New Jersey
† also admitted in New York

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

July 21, 2010

**VIA EMAIL AND REGULAR MAIL**

Judy Y. Barrasso, Esquire
BARRASSO, USDIN, KUPPERMAN,
 FREEMAN & SARVER
LL&E Tower
909 Poydras Street, Suite 1800
New Orleans, LA 70112

    Re:    *In re: Chinese Drywall Litigation – MDL No. 2047*
            Motions filed pursuant to Court's July 1, 2010 Scheduling Orders

Dear Ms. Barrasso:

    We have reviewed the filings that were due on July 19, 2010 in accordance with the Court's scheduling orders dated July 1, 2010 [documents 4300 and 4301]. A number of deficiencies in these filings exist. As Insurance Liaison Counsel we wanted to advise you of those motions that the PSC understands that is has an obligation to respond.

    We have identified 21 motions filed on the Court's docket pursuant to the Scheduling Orders. The vast majority of the filings were not served since they were never uploaded to Lexis File & Serve in accordance with PTO 6. The PSC has no obligation to respond to these motions since they were improperly filed and served.

    A number of defendants have also failed to satisfy the Court's directive that they must fully comply with PTO 23 before filing the motions that are the subject of the Court's scheduling orders. These deficiencies are set forth in the attached chart.

LEVIN, FISHBEIN, SEDRAN & BERMAN

Judy Y. Barrasso, Esquire
July 21, 2010
Page 2

Finally, certain defendants have failed to provide the disclosures called for in the Court's scheduling orders.[1] Because these defendants have yet to fully comply with the discovery obligations imposed by the Court's scheduling orders, the PSC takes the position that it is not obligated to respond to such motions.

For your convenience, the attached chart identifies all relative motions that were docketed on July 19, 2010 and the deficiencies therewith. Based on the deficiencies noted therein, the PSC is only obligated to respond to three of the filings that were in fact served on the PSC:

(1) Hartford Defendants' Motion to Dismiss First Amended Complaint, or, In the Alternative, to Transfer Venue [document 4452];

(2) Motion to Supplement Auto-Owners Insurance Company and Owners Insurance Company's Respective Motions to Dismiss in Accordance with the Court's July 1, 2010 Order [document 4454]; and

(3) Defendant Hermitage Insurance Company's Motion to Dismiss For Improper Venue or Alternative, Motion to Transfer Action to the Middle District of Florida [document 4478].

---

[1] *See* Order dated July 1, 2010 [document 4300] ("Each movant shall state within MDL 2047 for whom it provides homeowner's insurance and files the motion and provide a list of the cases where claims on the same policy form as the form at issue in the motion is also in suit in another case in MDL 2047. In addition, each movant shall designate every case in any jurisdiction where this issue may be related or they have filed a similar motion by caption, docket number and contact information for the presiding judge of the pending motion."); Order dated July 1, 2010 [document 4301] ("Each movant shall state within its motion the insured with MDL 2047 for which it provides CGL insurance and it files the motion and a list of the cases where claims on this same CGL Policy are also in suit in MDL 2047. In addition, each movant shall designate every case in any jurisdiction where this issue may be related or they have filed a similar motion by caption, docket number and contact information for the presiding judge of the pending motion.").

LEVIN, FISHBEIN, SEDRAN & BERMAN

Judy Y. Barrasso, Esquire
July 21, 2010
Page 3

  After you have had an opportunity to review the chart, please advise on whether you are aware of any other filings that we should be aware of or any error in the deficiencies noted above. If we do not hear back from you promptly, the PSC will assume that it has correctly identified all motions that were properly filed and served pursuant to the Court's several orders and will only respond to those motions.

              Very truly yours,

              FRED S. LONGER

/mmh

Enc.

cc: Russ M. Herman, Esquire (via email)
   Kerry J. Miller, Esquire (via email)
   Phillip Wittmann, Esquire (via email)
   Plaintiffs' Steering Committee (via email)