EXHIBIT 4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.  2047 |
| This Document Relates to: | JUDGE FALLON |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust<br>v.<br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL<br>(2:09-cv-07791) (E.D. La.) | MAGISTRATE JUDGE WILKINSON |

**SCOTTSDALE INSURANCE COMPANY'S SUPPLEMENTAL RESPONSES TO PLAINTIFF ROBERT C. PATE'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND INTERROGATORIES CONCERNING JURISDICTION AND VENUE**

TO:   Plaintiff, Robert C. Pate
      Through his attorney of record
      Anna M. Piazza, Esq.
      Anderson Kill & Olick, P.C.
      1251 Avenue of the Americas
      New York, NY  10020

      **NOW INTO COURT**, through the undersigned counsel, comes Scottsdale Insurance

Company ("Scottsdale") and provides the following supplemental responses and/or objections to

Plaintiff's Requests for the Production of Documents propounded to it by Robert C. Pate on July 21, 2010.

## GENERAL OBJECTIONS

1.      Scottsdale makes the following general objections to Plaintiff's Interrogatories and Requests for Production of Documents ("discovery requests"). All of these general objections are applicable to each response given below and are incorporated therein. To the extent that a response or information is supplied in response to a document request, the information is provided subject to and without waiver of these general objections as well as the specific objections raised in each response.

2.      Scottsdale objects to the instructions and/or definitions for Plaintiff's discovery requests to the extent that the instructions and/or definitions in any way deviate from and/or expand upon obligations, duties, or requirements beyond those required and/or permitted by the Federal Rules of Civil Procedure.

3.      Scottsdale objects to each and every discovery request to the extent that it seeks information, mental impressions, conclusions, opinions or legal research or theories of any attorney or other representative of Scottsdale, which were prepared in anticipation of litigation, and/or which are protected by the attorney-client privilege, joint defense privilege and/or the work-product doctrine, and/or which is otherwise not subject to discovery. Scottsdale asserts each and every one of the foregoing privileges and protections applicable to the information or documents sought to the fullest extent provided by law. Although care has been and continues to be taken to exclude such items from production, Scottsdale does not waive such protection with respect to any privileged or work-product information or documents that are inadvertently

produced.  Inadvertent disclosure of such information shall not constitute a waiver of any privilege, any other bases for objecting to disclosure, or the right of Scottsdale to object to the use of any information inadvertently disclosed.

4.     Scottsdale objects to each and every discovery request to the extent that it seeks documents and/or information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and which is generally outside the scope of permissible discovery pursuant to the applicable rules of the Federal Rules of Civil Procedure.  As used herein, the objection that a discovery request "seeks irrelevant information," or words to that effect, means that the discovery request seeks information or documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and/or which seeks information or documents beyond the scope of Scottsdale's discovery obligations under applicable laws.

5.     Scottsdale objects to the production of "any" and/or "all" documents to the extent that the requests seek to require Scottsdale to do more than use reasonable diligence to locate responsive and non-privileged documents based upon an examination of those files that may reasonably be expected to yield such documents, on the grounds that such requests are vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, and seek the production of irrelevant documents.

6.     Scottsdale objects to each and every discovery request to the extent that it seeks documents or information constituting trade secrets, or other confidential, research, development, commercial, financial and/or proprietary information.

7.      Scottsdale objects to each and every discovery request to the extent that it seeks documents or information concerning claims other than those at issue in this litigation.

8.      Scottsdale objects to each and every discovery request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, vexatious, and/or intended solely for the purpose of harassment.

9.      Scottsdale objects to each and every discovery request to the extent that it seeks documents or information covering individuals and/or entities not parties to this action and the disclosure of which would violate the confidentiality and privacy of individuals or entities not parties to this lawsuit.

10.     Scottsdale objects to each and every discovery request to the extent that it seeks documents or information that is already within the knowledge and/or possession of Plaintiff and/or his representatives.

11.     Scottsdale objects to the production of documents at a location other than the undersigned counsels' office or any other location upon which the parties may mutually agree.

12.     Scottsdale objects to the scope of each and every request to the extent that Plaintiff has failed to limit the time frame within which it is seeking responsive documents.

13.     Nothing herein, and nothing in the documents or responses produced by Scottsdale is intended to be or shall be construed as an admission by Scottsdale regarding the admissibility or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization therein.  Furthermore, a statement that Scottsdale will produce responsive documents means that, subject to the general and specific objections set forth herein, Scottsdale will produce responsive, non-privileged documents to the extent such documents exist within

their possession, custody, and control at a time mutually convenient for both parties. However, by producing documents responsive to Plaintiff's discovery requests, Scottsdale does not waive any of the foregoing general objections or specific objections set forth below; nor does it waive, in any respect, any objections Scottsdale may have to the use of such materials at trial or otherwise, or objections Scottsdale may have in the future with regard to further inquiry into the subject matter of these discovery requests. Similarly, Scottsdale's responses to these discovery requests should not be construed or used in any fashion so as to reflect any form of agreement with Plaintiff's positions in this action.

14.    Without waiving or restricting the General Responses, Objections and Limitations set forth in paragraphs "1" through "13" above, and expressly reserving and incorporating each such objection and also reserving the right to modify or supplement any objection or response contained herein at any time based on its receipt of additional information, Scottsdale responds to the various individual requests as follows:

In response to Plaintiff's Requests for Production of Documents and Interrogatories, Scottsdale admits that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show all travel to Louisiana by any of Your officers, directors, employees, representatives or agents for the purpose of conducting business or engaging in any

business activity regarding the marketing, sale or promotion of insurance policies, including but not limited to expense records, airplane tickets, hotel bills, car rental bills and other travel records, as well as documents sufficient to show the dates and purposes of all such trips.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Scottsdale objects to Request for Production No. 1 because it seeks irrelevant information.  Notwithstanding this objection, Scottsdale has admitted  that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

## REQUEST FOR PRODUCTION NO. 2:

Documents utilized to solicit, market, or advertise Your services or products in Louisiana, including but not limited to electronic media, brochures, advertisements, news releases, customer service reports, articles, and price lists produced by You for use by You or any Related Entity in Louisiana.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Scottsdale objects to Request for Production No. 2 because it seeks irrelevant information.  Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 3:**

Documents regarding actual or prospective purchasers of insurance policies in Louisiana, including reports regarding actual or projected sales of insurance policies by You or any Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Scottsdale objects to Request for Production No. 3 because it seeks irrelevant information and is overly broad and unduly burdensome.   Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 4:**

Documents related to any Louisiana state or federal legal proceedings involving You, including but not limited to: (a) claim, complaint, counterclaim or third party claim You filed in any court, administrative agency, or any other governmental entity within Louisiana; (b) discovery responses and answers You filed in any litigation in which personal jurisdiction over You in Louisiana was or is an issue and any judicial orders, memoranda, or opinions issued thereon; and (c) copies of any judgment, levy, or assessment entered in Louisiana against or in Your favor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Scottsdale objects to Request for Production No. 4 because it seeks irrelevant information and is overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 5:**

All court orders issued in any action in Louisiana state or federal court wherein the court decided a motion You made to dismiss for lack of personal jurisdiction or improper venue and all briefs submitted by the parties in support of, or in opposition to, such a motion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Scottsdale objects to Request for Production No. 5 because it seeks irrelevant information and is overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify all agents You authorized to receive service of process or notice of proceedings within Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Scottsdale objects to Request for Production No. 6 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.  However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify the locations at which or from which Your services or products are sold in Louisiana and/or are sold to Louisiana residents and entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Scottsdale objects to Request for Production No. 7 because it seeks irrelevant information.  Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.  However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning any tax charged to You by the state of Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Scottsdale objects to Request for Production No. 8 because it seeks irrelevant information and is overly broad and unduly burdensome. Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show for each of the past ten years, Your annual sales of insurance policies to purchasers in Louisiana (including but not limited to sales of insurance policies by any Related Entity) and the dollar value for all such sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Scottsdale objects to Request for Production No. 9 because it seeks irrelevant information and is overly broad and unduly burdensome. Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify the offices You may maintain, own, lease, or occupy in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Scottsdale objects to Request for Production No. 10 because it seeks irrelevant information.  Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 11:**

Documents that You filed with the Louisiana Department of Insurance in the past ten years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Scottsdale objects to Request for Production No. 11 because it seeks irrelevant information and is overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 12:**

Documents that You filed with the Louisiana Secretary of State in the past ten years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

      Scottsdale objects to Request for Production No. 12 because it seeks irrelevant information and is overly broad and unduly burdensome. Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 13:**

      Documents sufficient to identify for each of the past ten years, your assets, including bank accounts, real estate interests, financial instruments or securities, located in Louisiana and the dollar value of each asset.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

      Scottsdale objects to Request for Production No. 13 because it seeks irrelevant information and is overly broad and unduly burdensome. Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 14:**

      Documents sufficient to show Your corporate structure, including any Related Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Scottsdale objects to Request for Production No. 14 because it seeks irrelevant information.  Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show Your percent ownership interest in any Related Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Scottsdale objects to Request for Production No. 15 because it seeks irrelevant information.  Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to any Related Entity's percent ownership interest in You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Scottsdale objects to Request for Production No. 16 because it seeks irrelevant information.  Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over

Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify Your board of directors, each corporate officer, and Your organizational structure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Scottsdale objects to Request for Production No. 17 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to identify the board of directors, each corporate officer, and the organizational structure of Related Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Scottsdale objects to Request for Production No. 18 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show each distribution or transfer of cash or assets between You and a Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Scottsdale objects to Request for Production No. 19 because it seeks irrelevant information and is overly broad and unduly burdensome. Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show the existence of any inter-company loans, advances of funds, or cost sharing between You and a Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Scottsdale objects to Request for Production No. 20 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show the existence of any guarantees or similar assurances by You to financial institutions on behalf of any Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Scottsdale objects to Request for Production No. 21 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 22:**

Documents that relate to the preparation and approval by You of annual and longer-term business plans, marketing plans, and budgets for any Related Entity. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Scottsdale objects to Request for Production No. 22 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with

Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over

Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not

offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 23:**

Any combined financial statements for You and any Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Scottsdale objects to Request for Production No. 23 because it seeks irrelevant

information.  Notwithstanding this objection, Scottsdale has admitted that it has purposefully

availed itself of the benefits and protections of Louisiana by establishing minimum contacts with

Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over

Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not

offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify the percentage of Your revenue that originates from

Louisiana residents or entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Scottsdale objects to Request for Production No. 24 because it seeks irrelevant

information.  Notwithstanding this objection, Scottsdale has admitted that it has purposefully

availed itself of the benefits and protections of Louisiana by establishing minimum contacts with

Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over

Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not

offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to identify any of Your employees, independent contractors, or leased personnel whom You employ in Louisiana or who live in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Scottsdale objects to Request for Production No. 25 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 26:**

Documents concerning any lobbying performed by You on Your behalf in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Scottsdale objects to Request for Production No. 26 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 27:**

Documents concerning Your storage or maintenance of any documents or things in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Scottsdale objects to Request for Production No. 27 because it seeks irrelevant information.  Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to identify Your managing general agent in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Scottsdale objects to Request for Production No. 28 because it seeks irrelevant information.  Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to identify Your brokers in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Scottsdale objects to Request for Production No. 29 because it seeks irrelevant information.  Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over

Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to identify the retail agents through which You have sold insurance in Louisiana in the past 10 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Scottsdale objects to Request for Production No. 30 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to identify each year for the last ten years the total amount of premiums You have collected from Louisiana clients.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Scottsdale objects to Request for Production No. 31 because it seeks irrelevant information and is overly broad and unduly burdensome. Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District

Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

## INTERROGATORY NO. 1:

Do any of your subsidiary or parent corporations sell insurance — directly or indirectly — to Louisiana residents or entities?  If so, for each, identify: its headquarters; your percent ownership in it or its percent ownership in you; any officers or directors common to you and the subsidiary or parent; and whether you and the subsidiary or parent maintain separate accounting systems.

## RESPONSE TO INTERROGATORY NO. 1:

Scottsdale objects to Interrogatory No. 1 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

## INTERROGATORY NO. 2:

Identify all offices that You maintain, own, lease, and/or occupy in Louisiana, and for each state the address and the entity maintaining, owning, leasing, and/or occupying the office.

## RESPONSE TO INTERROGATORY NO. 2:

Scottsdale objects to Interrogatory No. 2 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.

However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 3:**

Identify all offices in Louisiana at or through which insurance policies are sold by You or on Your behalf.

**RESPONSE TO INTERROGATORY NO. 3:**

Scottsdale objects to Interrogatory No. 3 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 4:**

Identify all periods of time during which You were qualified to do business in Louisiana and Identify all periods of time during which You were licensed to sell insurance in Louisiana.

**RESPONSE TO INTERROGATORY NO. 4:**

Scottsdale objects to Interrogatory No. 4 because it seeks irrelevant information and is overly broad and unduly burdensome. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of

personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 5:**

Identify any tax returns You have filed in Louisiana during the past ten years, including the filer of the tax return, its address, and the year it was filed.

**RESPONSE TO INTERROGATORY NO. 5:**

Scottsdale objects to Interrogatory No. 5 because it seeks irrelevant information and is unduly burdensome.  Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 6:**

During the past ten years, have You sold or marketed insurance policies to persons located in Louisiana, including but not limited to sales by Your subsidiaries, parents, affiliates, or agents?  If so, identify the entity selling or marketing the insurance policies, the kind of insurance policies it sold, and the number of insurance policies of each kind it sold each year.

**RESPONSE TO INTERROGATORY NO. 6:**

Scottsdale objects to Interrogatory No. 6 because it seeks irrelevant information and is overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of

personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

## INTERROGATORY NO. 7:

Identify the number of insurance claims You have processed in Louisiana in the past ten years, identifying in your answer the names of the entities processing the claims and their relation to You.

## RESPONSE TO INTERROGATORY NO. 7:

Scottsdale objects to Interrogatory No. 7 because it seeks irrelevant information and is overly broad and unduly burdensome. Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

## INTERROGATORY NO. 8:

Identify all assets, including but not limited to real estate, bank accounts, financial instruments, or securities that You own or have owned in Louisiana in the past ten years, including the type of asset, the owner of the asset, and the dollar value of the asset.

## RESPONSE TO INTERROGATORY NO. 8:

Scottsdale objects to Interrogatory No. 8 because it seeks irrelevant information and is overly broad and unduly burdensome. Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of

personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern

District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 9:**

For each of the past ten years, and for you and each of your subsidiary or parent

corporations, Identify any revenue originating from Louisiana; the percent that revenue

constitutes of your or your subsidiary or parent corporation's total annual revenue; and the

percent of that annual revenue that originates from insurance premium payments by Louisiana

residents or entities.

**RESPONSE TO INTERROGATORY NO. 9:**

Scottsdale objects to Interrogatory No. 9 because it seeks irrelevant information and is

overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted

that it has purposefully availed itself of the benefits and protections of Louisiana by establishing

minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of

personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern

District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 10:**

During the past ten years, have You been a party to any judicial or administrative

proceeding in Louisiana?  If so, state the name of the proceeding, the index or other identifying

number of the proceeding, and describe the nature of the proceeding.

**RESPONSE TO INTERROGATORY NO. 10:**

Scottsdale objects to Interrogatory No. 10 because it seeks irrelevant information and is

overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted

that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 11:**

Identify all the lawsuits or administrative proceedings in which You have been involved during the past 10 years in which the court applied Louisiana law.

**RESPONSE TO INTERROGATORY NO. 11:**

Scottsdale objects to Interrogatory No. 11 because it seeks irrelevant information and is overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 12:**

Identify all locations at which You maintain any documents in Louisiana and identify the categories of documents (ex. policies, underwriting files, or claims files).

**RESPONSE TO INTERROGATORY NO. 12:**

Scottsdale objects to Interrogatory No. 12 because it seeks irrelevant information and is overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of

personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern

District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 13:**

Identify the number of claims that You have paid to Louisiana residents or entities in the

past 10 years and the total amount of those claims.

**RESPONSE TO INTERROGATORY NO. 13:**

Scottsdale objects to Interrogatory No. 13 because it seeks irrelevant information and is

overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted

that it has purposefully availed itself of the benefits and protections of Louisiana by establishing

minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of

personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern

District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 14:**

Identify all witnesses relevant to this case who reside or work in Louisiana.

**RESPONSE TO INTERROGATORY NO. 14:**

Scottsdale is unaware of any witnesses relevant to this case who reside or work in

Louisiana.

**INTERROGATORY NO. 15:**

Identify each type of business that You have transacted in Louisiana, the entity

transacting the business, and the time period during which You transacted the business.

**RESPONSE TO INTERROGATORY NO. 15:**

Scottsdale objects to Interrogatory No. 15 because it seeks irrelevant information and is

overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted

that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 16:**

Identify each type of service or thing that You have contracted to supply in Louisiana, the entity supplying the service or thing, and the time period during which You supplied the service or thing.

**RESPONSE TO INTERROGATORY NO. 16:**

Scottsdale objects to Interrogatory No. 16 because it seeks irrelevant information and is overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 17:**

Identify all manners in which You solicit business or advertise to Louisiana residents or entities, including but not limited to catalogs, brochures, and internet advertisements, and when such soliciting or advertising took place.

**RESPONSE TO INTERROGATORY NO. 17:**

Scottsdale objects to Interrogatory No. 17 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of

the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 18:**

Identify the number of employees who work for You in Louisiana or work for You elsewhere but reside in Louisiana.

**RESPONSE TO INTERROGATORY NO. 18:**

Scottsdale objects to Interrogatory No. 18 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 19:**

During the past ten years, have You possessed an ownership interest in any corporation or business that is located in Louisiana?  If so, identify the corporation, any subsidiaries, affiliates, or agents of that corporation, and describe the nature of the business in which the corporation, and any of its subsidiaries, affiliates, or agents, are or were engaged.

**RESPONSE TO INTERROGATORY NO. 19:**

Scottsdale objects to Interrogatory No. 19 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of

the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 20:**

During the past ten years, has any company located in Louisiana served as an agent, affiliate, or representative for You with regard to sales of insurance policies?  If so, identify the company, along with any parents, subsidiaries, affiliates, or agents of the company and describe the business in which the company and any of its parents, subsidiaries, affiliates, or agents are or were engaged.

**RESPONSE TO INTERROGATORY NO. 20:**

Scottsdale objects to Interrogatory No. 20 because it seeks irrelevant information and is overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 21:**

During the past ten years, have any of your officers, directors, employees, representatives, or agents visited Louisiana for the purposes of conducting business or engaging in any business activity relating to the sale of insurance?  If so, identify the relevant officers, directors, employees, representatives, or agents, the dates and lengths of their visit(s) to

Louisiana, any persons or corporations they met during their visit(s) and describe briefly the purpose of their visit(s).

**RESPONSE TO INTERROGATORY NO. 21:**

Scottsdale objects to Interrogatory No. 21 because it seeks irrelevant information and is overly broad and unduly burdensome. Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 22:**

During the past ten years, have You ever financed or made contributions of capital to any corporation, subsidiary, affiliate or agent located in Louisiana? If so, identify all such transactions, including but not limited to any inter-company loans, advances of funds, costs sharing agreements, or extensions of credit.

**RESPONSE TO INTERROGATORY NO. 22:**

Scottsdale objects to Interrogatory No. 22 because it seeks irrelevant information and is overly broad and unduly burdensome. Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 23:**

Identify all financial investors You have that reside in Louisiana.

**RESPONSE TO INTERROGATORY NO. 23:**

Scottsdale objects to Interrogatory No. 23 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 24:**

Identify Your state of incorporation and principal place of business.

**RESPONSE TO INTERROGATORY NO. 24:**

Scottsdale is incorporated under the laws of Ohio and its principal place of business is in Scottsdale, Arizona.

**INTERROGATORY NO. 25:**

For each of the insurance policies that You sold that are at issue in this proceeding, identify where the insurance policy was counter-signed and where the last act of contracting with regard to that insurance policy took place.

**RESPONSE TO INTERROGATORY NO. 25:**

Florida.

**INTERROGATORY NO. 26:**

Identify Your managing general agent in Louisiana.

**RESPONSE TO INTERROGATORY NO. 26:**

Scottsdale objects to Interrogatory No. 26 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 27:**

Identify Your brokers in Louisiana.

**RESPONSE TO INTERROGATORY NO. 27:**

Scottsdale objects to Interrogatory No. 27 because it seeks irrelevant information. Notwithstanding this objection, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing minimum contacts with Louisiana. However, Scottsdale does not admit that the exercise of personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 28:**

Identify all retail agents through which You have sold insurance in Louisiana in the past 10 years.

**RESPONSE TO INTERROGATORY NO. 28:**

Scottsdale objects to Interrogatory No. 28 because it seeks irrelevant information and is overly broad and unduly burdensome. Notwithstanding these objections, Scottsdale has admitted that it has purposefully availed itself of the benefits and protections of Louisiana by establishing

minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of

personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern

District of Louisiana would not offend traditional notions of fair play and substantial justice.

**INTERROGATORY NO. 29:**

Identify the total amount of premiums that You collected each year for the past ten years

from Louisiana clients.

**RESPONSE TO INTERROGATORY NO. 29:**

Scottsdale objects to Interrogatory No. 29 because it seeks irrelevant information and is

overly broad and unduly burdensome.  Notwithstanding these objections, Scottsdale has admitted

that it has purposefully availed itself of the benefits and protections of Louisiana by establishing

minimum contacts with Louisiana.   However, Scottsdale does not admit that the exercise of

personal jurisdiction over Scottsdale in this case by the U.S. District Court for the Eastern

District of Louisiana would not offend traditional notions of fair play and substantial justice.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Virginia Y. Trainor*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
H. Alston Johnson III, Bar Roll No. 7293
Virginia Y. Trainor, Bar Roll No. 25275
II City Plaza
400 Convention Street • Suite 1100
Baton Rouge, Louisiana 70802-5618
P.O. Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
Email: johnsona@phelps.com
         trainorg@phelps.com

AND

Jay Russell Sever, Bar Roll No. 23935
Charlotte Jane Sawyer, Bar Roll No. 28493
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: severj@phelps.com
        sawyerc@phelps.com

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison

Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail

or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis

Nexis File & Serve in accordance with Pretrial Order No. 6 on this 30th day of August, 2010.

/s/ *Virginia Y. Trainor*

Virginia Y. Trainor,
Louisiana Bar Roll No. 25275
II City Plaza
400 Convention Street • Suite 1100
Baton Rouge, Louisiana 70802-5618
P.O. Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
trainorg@phelps.com