UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | MDL NO. 2047 |
| IN RE: CHINESE MANUFACTURED DRYWALL | : | |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE FALLON |
| *Centerline Homes Construction, Inc., et al. v.* | : | MAG. JUDGE WILKINSON |
| *Mid-Continent Casualty Co., et al.* Case No.: 10-00178 | : | |

**PLAINTIFFS CENTERLINE HOMES CONSTRUCTION, INC.,
CENTERLINE HOMES AT GEORGETOWN, LLC, CENTERLINE HOMES, INC.,
AND COMPLETED COMMUNITIES II, LLC'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO COMPEL[1]**

Plaintiffs, Centerline Homes Construction, Inc., Centerline Homes at Georgetown, LLC,

Centerline Homes, Inc., and Completed Communities II, LLC (collectively "Centerline"),

request that the Court overrule Mid-Continent Casualty Company's ("Mid-Continent")

objections to Centerline's 30(b)(6) deposition topics and grant Centerline's motion to compel.

Centerline served 30(b)(6) deposition topics upon Mid-Continent on or about August 9,

2010, pursuant to this Court's Order dated August 5, 2010 (DE #4873).  *See* Exhibit A.  In

response, Mid-Continent asserted objections to 5 categories of documents: (1) documents and

information requested from Mid-Continent's parent and subsidiary companies; (2) documents

and information related to person(s) who sold Mid-Continent's insurance policies in Louisiana

and the manner in which they sold said policies; (3) documents and information related to other

lawsuits in Louisiana in which Mid-Continent has alleged that it is authorized to do business in

---

[1] This Motion was timely filed on August 25, 2010.  However, it was stricken by the Clerk for
failure to submit a Notice of Hearing.  It is now being re-filed.

Louisiana; (4) marketing plans addressing Louisiana; and (5) insurance policies referencing Louisiana. *See* Exhibit B.[2]

Centerline submits that the information requested regarding Mid-Continent's parent and subsidiary companies is relevant to the analysis of whether Mid-Continent has minimum contacts with the State of Louisiana. Specifically, the contacts of Mid-Continent's parent and subsidiary companies in Louisiana may be attributable to Mid-Continent. *See Oyuela v. Seacor Marine (Nigeria), Inc.*, 290 F. Supp. 2d 713, 722 (E.D. La. 2003) (*citing Hargrave v. Fireboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) ("all the relevant facts and circumstances surrounding the operations of the parent and subsidiary must be examined to determine whether two separate and distinct corporate entities exist")).

Further, the documents and information related to the following categories are directly related to Mid-Continent's minimum contacts with Louisiana and must be considered by the Court in its analysis: person(s) who sold Mid-Continent's insurance policies in Louisiana and the manner in which they sold said policies; Mid-Continent's purposeful availment of the Louisiana judicial system and its admission of jurisdiction in said cases; Mid-Continent's marketing of insurance products in Louisiana; and Mid-Continent's insurance policies referencing Louisiana. *See Ruston Gas Turbines Inc. v. Donaldson Company, Inc.*, 9 F.3d 415 (5th Cir. 1993).

WHEREFORE, Plaintiffs respectfully request that this Court overrule Mid-Continent's objections, grant Centerline's Motion and grant such other and further relief as this Court deems just and proper.

---

[2] Mid-Continent adopted its responses and objections to Pate and the PSC's 30(b)(6) deposition topics as its response and objections to Centerline's 30(6)(6) topics.

Dated August 31, 2010                    Respectfully submitted,

                                         By: __/s/ Vanessa M. Serrano_____
                                             PETER R. GOLDMAN
                                             Florida Bar No. 860565
                                             VANESSA M. SERRANO
                                             Florida Bar No. 51555
                                             BROAD AND CASSEL
                                             100 S.E. Third Ave., Ste. 2700
                                             Fort Lauderdale, FL 33394
                                             Telephone: (954) 764-7060
                                             Facsimile:  (954) 761-8135
                                             pgoldman@broadandcassel.com
                                             vserrano@broadandcassel.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Memorandum has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 31st day of August, 2010.

__/s/ Vanessa M. Serrano_____
Vanessa M. Serrano

4830-9072-3079.1
34720/0086