UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047 SECTION: L |
| | JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO CASE NO. 2:09cv-07628 | |

_____/

TAYLOR MORRISON SERVICES, INC., a foreign corporation, and TAYLOR WOODROW COMMUNITIES AT VASARI, LLC, a Florida limited liability company,

    Defendants/Cross-claim Plaintiffs,

v.

KNAUF GIPS KG, a German corporation, KNAUF PLASTERBOARD (TIANJIN) CO., LTD., a Chinese limited liability corporation, BANNER SUPPLY CO., a Florida corporation, RESIDENTIAL DRYWALL, INC., a Florida corporation, NU WAY DRYWALL, LLC, a Florida limited liability company, FLORIDA STYLE SERVICES, INC., a Florida corporation,

Cross-claim Defendants,

COTHERN CONSTRUCTION COMPANY, a Florida corporation,
Third-Party Defendant,

_____/

**DEFENDANT BANNER SUPPLY CO.'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND CROSS-CLAIM AGAINST KNAUF GIPS KG, KNAUF PLASTERBOARD TIANJIN CO., LTD., ROTHCHILT INTERNATIONAL LTD., LA SUPREMA TRADING, INC., AND LA SUPREMA ENTERPRISE, INC.**

Defendant, Banner Supply Co., a Florida Corporation ("Banner"), by and through the undersigned counsel, hereby submits its Memorandum in Support of Motion for Leave to Amend Cross-claim against Knauf Gips, KG, Knauf Plasterboarrd Tianjin Co., Ltd., Rothchilt International Ltd., La Suprema Trading, Inc. and La Suprema Enterprise, Inc. (Cross-claim Defendants) and states:

F.R.C.P. 15(a) governs the request for leave to file an amended and supplemental pleading. Leave under Rule 15(a) shall be freely given. *Lone State Ladies Investment Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5 Cir. 2001); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5 Cir. 2006) ("This standard evinces a bias in favor the of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment."). A district court's decision to grant leave to amend a complaint is reviewed for abuse of discretion. *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 268 (5th Cir. 2005). However, Rule 15 "favors permitting amendment; the district court's discretion, therefore, must be considered in this context." *Central Laborers' Pension Fund v. Integrated Elec. Services, Inc.*, 497 F.3d 546, 551 (5 Cir. 2007).

In determining whether to grant leave, a district court may consider such factors as: (1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment. *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 268 (5 Cir. 2005). Prejudice is the "touchstone of the inquiry under rule 15(a). *Id.*

In this matter, the original Complaint was filed in the United States District Court for the Eastern District of Louisiana by numerous Plaintiffs on December 9, 2009. Banner filed a timely Answer, Affirmative Defenses and a Cross-claim against Knauf Gips, KG, Knauf Plasterboarrd Tianjin Co., Ltd., Rothchilt International Ltd., La Suprema Trading, Inc. and La Suprema Enterprise, Inc. on March 26, 2010. Banner's Cross-claim alleged that to the extent Plaintiffs seek to hold Banner liable, such liability is, vicariously, constructively, derivatively and/or technically, arising out of the negligent conduct of Cross-claim Defendants and, therefore, the Cross-claim Defendants must indemnify Banner for all damages sustained.

The Amended Cross-claim against Knauf Gips, KG, Knauf Plasterboarrd Tianjin Co., Ltd., Rothchilt International Ltd., La Suprema Trading, Inc. and La Suprema Enterprise, Inc. is in relation to the Cross-claim filed by Taylor Morrison Services, Inc. f/k/a Morrison Homes, Inc. and Taylor Woodrow at Vasari, LLC, a Florida Limited Liability Company (collectively, the "Taylor Plaintiffs") against Banner. Taylor Plaintiffs, as homebuilders, filed a cross-claim alleging that Banner supplied defective drywall to the properties they built. [See Doc. No. 2097]. Banner merely realleges its original Cross-claim, in that, to the extent Taylor Plaintiffs seek to hold Banner liable, such liability is, vicariously, constructively, derivatively and/or technically, arising out of the negligent conduct of Cross-claim Defendants and, therefore, subject to indemnification and contribution.

In this case, no deadline for amending pleadings has been set by the Court. Discovery is in its early stages. There has been no undue delay, bad faith, or dilatory motive on the part of Banner. Also, there have been no previous attempts at amending the Cross-claim. There is also no undue prejudice to the Cross-claim Defendants.

Accordingly, Banner requests that this Court grant its Motion for Leave to Amend Cross-claim against Knauf Gips, KG, Knauf Plasterboarrd Tianjin Co., Ltd., Rothchilt International Ltd., La Suprema Trading, Inc. and La Suprema Enterprise, Inc.

Respectfully submitted this 31st day of August, 2010,

>WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
>
>*/s/ Shubhra R. Mashelkar*
>**SHUBHRA R. MASHELKAR, ESQUIRE**
>Georgia Bar Number: 475388
>smashelkar@wwhgd.com
>3344 Peachtree Road
>Suite 2400
>Atlanta, GA 30326
>Telephone (404)876-2700
>*Counsel for Banner Supply Company*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of its Motion for Leave to Amend Cross-Claims has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail; and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, in accordance with the procedures established in MDL 2047, on this 31st day of August, 2010.

>*/s/ Shubhra R. Mashelkar*
>**SHUBHRA R. MASHELKAR**

4