UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL DOCKET: 2047
SECTION: L

THIS DOCUMENT RELATES TO
CASE NO. 2:09cv-07628

JUDGE FALLON
MAG. JUDGE WILKINSON

_____/

TAYLOR MORRISON SERVICES, INC., a
foreign corporation, and TAYLOR
WOODROW COMMUNITIES AT
VASARI, LLC, a Florida limited liability
company,

       Defendants/Cross-claim Plaintiffs,

v.

KNAUF GIPS KG, a German corporation,
KNAUF PLASTERBOARD (TIANJIN) CO.,
LTD., a Chinese limited liability corporation,
BANNER SUPPLY CO., a Florida
corporation, RESIDENTIAL DRYWALL,
INC., a Florida corporation, NU WAY
DRYWALL, LLC, a Florida limited liability
company, FLORIDA STYLE SERVICES,
INC., a Florida corporation,

Cross-claim Defendants,

COTHERN CONSTRUCTION COMPANY,
a Florida corporation,
Third-Party Defendant,

_____/

## DEFENDANT BANNER SUPPLY CO.'S ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIM OF TAYLOR MORRISON SERVICES, INC.

<u>**F/K/A/ MORRISON HOMES, INC. AND TAYLOR WOODROW AT VASARI, LLC, A FLORIDA LIMITED LIABILITY COMPANY[1] AND AMENDED CROSS-CLAIMS AGAINST KNAUF GIPS KG, KNAUF PLASTERBOARD TIANJIN CO., LTD., ROTHCHILT INTERNATIONAL LTD., LA SUPREMA TRADING, INC., AND LA SUPREMA ENTERPRISE, INC.**</u>

Defendant, Banner Supply Co., a Florida Corporation ("Banner"), by and through the undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Cross-claim filed by Taylor Morrison Services, Inc. f/k/a Morrison Homes, Inc. and Taylor Woodrow at Vasari, LLC, a Florida Limited Liability Company (collectively, the "Taylor Plaintiffs") and Amended Cross-claims against Knauf Gips, KG, Knauf Plasterboarrd Tianjin Co., Ltd., Rothchilt International Ltd., La Suprema Trading, Inc. and La Suprema Enterprise, Inc. and states:

## I. **THE PARTIES, JURISDICTION and VENUE**

1.      Deny the truth of each and every allegation contained in Paragraphs "1" through "2" of the Cross-claim as they relate to BANNER.

2.      Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "3" through "11" of the Cross-claim as it relates to BANNER.

3.      Admit that BANNER is a Florida Corporation, having its principal place of business in Miami-Dade County, Florida.  Deny the truth of each and every remaining allegation contained in Paragraph "12" of the Cross-claim.

---

[1] Banner is concurrently filing a Motion to Dismiss the Cross-claim filed by Taylor Morrison Services, Inc. f/k/a Morrison Homes, Inc. and Taylor Woodrow at Vasari, LLC, a Florida limited liability company.  Banner does not waive any defenses raised in the Motion to Dismiss by filing this Answer.  Additionally, the responsive pleading are being filed pursuant to Court's instruction that Banner is to proceed to trial on the pending homebuilders' claims and by agreement of counsel.

4.      Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "13" through "17" of the Cross-claim as it relates to BANNER.

5.      Deny the truth of each and every allegation contained in Paragraph "18" of the Cross-claim as they relate to BANNER.

6.      Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "19" through "20" of the Cross-claim as it relates to BANNER.

7.      Admit that BANNER indirectly purchased drywall that was manufactured in China by Knauf Tianjin.  Deny the truth of each and every remaining allegation contained in Paragraph "21" of the Cross-claim.

8.      Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "22" through "23" of the Cross-claim as it relates to BANNER.

9.      Deny the truth of each and every allegation contained in Paragraph "24" of the Cross-claim as they relate to BANNER.

10.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "25" through "27" of the Cross-claim as it relates to BANNER.

11.     Deny the truth of each and every allegation contained in Paragraphs "28" through "30" of the Cross-claim as they relate to BANNER.

**COUNT I**
**(AGAINST KNAUF GIPS FOR VICARIOUS LIABILITY)**

11.     As to Paragraph "31," BANNER repeats and realleges its answers to Paragraphs "1" through "30" as if fully set forth herein.

12.     As to Paragraph "32", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "32" of the Cross-claim.

13.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "33" through "37" of the Cross-claim as it relates to BANNER.

14.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "37: of the Cross-claim in so far as it relates to BANNER.

## COUNT II
## (AGAINST KNAUF GIPS AND KNAUF TIANJIN FOR COMMON LAW LIABILITY)

15.     As to Paragraph "38," BANNER repeats and realleges its answers to Paragraphs "1" through "37" as if fully set forth herein.

16.     As to Paragraph "39", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "39" of the Cross-claim.

17.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "40" through "47" of the Cross-claim as it relates to BANNER.

18.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "47" of the Cross-claim in so far as it relates to BANNER.

## COUNT III
## (AGAINST KNAUF GIPS AND KNAUF TIANJIN FOR STRICT LIABILITY)

13.    As to Paragraph "48," BANNER repeats and realleges its answers to Paragraphs "1" through "47" as if fully set forth herein.

14.    As to Paragraph "49", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "49" of the Cross-claim.

15.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "50" through "54" of the Cross-claim as it relates to BANNER.

16.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "54: of the Cross-claim in so far as it relates to BANNER.

## COUNT IV
## (AGAINST KNAUF GIPS AND KNAUF TIANJIN FOR NEGLIGENCE)

17.    As to Paragraph "55," BANNER repeats and realleges its answers to Paragraphs "1" through "54" as if fully set forth herein.

18.    As to Paragraph "56", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "56" of the Cross-claim.

19.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "57" through "61" of the Cross-claim as it relates to BANNER.

20.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "61" of the Cross-claim in so far as it relates to BANNER.

## COUNT V
## (AGAINST KNAUF GIPS AND KNAUF TIANJIN FOR EQUITABLE SUBROGATION)

21.     As to Paragraph "62," BANNER repeats and realleges its answers to Paragraphs "1" through "61" as if fully set forth herein.

22.     As to Paragraph "63", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "63" of the Cross-claim.

23.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "64" through "69" of the Cross-claim as it relates to BANNER.

24.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "69" of the Cross-claim in so far as it relates to BANNER.

## COUNT VI
## (AGAINST KNAUF GIPS AND KNAUF TIANJIN FOR CONTRIBUTION)

25.     As to Paragraph "70," BANNER repeats and realleges its answers to Paragraphs "1" through "69" as if fully set forth herein.

26.     As to Paragraph "71", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "71" of the Cross-claim.

27.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "72" through "73" of the Cross-claim as it relates to BANNER.

28.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "73" of the Cross-claim in so far as it relates to BANNER.

**COUNT VII**
**(AGAINST BANNER FOR BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY UNDER COMMON LAW AND/OR FLORIDA STATUTE SECTION 672.314)**

29.     As to Paragraph "74," BANNER repeats and realleges its answers to Paragraphs "1" through "73" as if fully set forth herein.

30.     As to Paragraph "75", the Cross-claim speaks for itself.  By way of further response, BANNER denies the truth of each and every allegation contained in Paragraph "75" of the Cross-claim as they relate to BANNER.

31.     BANNER admits that it is a distributor of drywall.  BANNER denies the truth of each and every remaining allegation contained in Paragraph "76" of the Cross-claim.

32.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "77" of the Cross-claim as it relates to BANNER.

33.     BANNER denies the truth of each and every allegation contained in Paragraphs "78" through "83" of the Cross-claim as they relate to BANNER.

34.     BANNER denies the allegations contained in the unnumbered "Wherefore" paragraph following Paragraph "83" of the Cross-claim.

**COUNT VIII**

**(AGAINST BANNER FOR BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER COMMON LAW AND/OR FLORIDA STATUTE SECTION 672.315)**

35.     As to Paragraph "84," BANNER repeats and realleges its answers to Paragraphs "1" through "83" as if fully set forth herein.

36.     As to Paragraph "85", the Cross-claim speaks for itself.  By way of further response, BANNER denies the truth of each and every allegation contained in Paragraph "85" of the Cross-claim as they relate to BANNER.

37.     BANNER admits that it is a distributor of drywall.  BANNER denies the truth of each and every remaining allegation contained in Paragraph "86" of the Cross-claim.

38.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "87" of the Cross-claim as it relates to BANNER.

39.     BANNER denies the truth of each and every allegation contained in Paragraphs "88" through "95" of the Cross-claim as they relate to BANNER.

40.     BANNER denies the allegations contained in the unnumbered "Wherefore" paragraph following Paragraph "95" of the Cross-claim.

**COUNT IX**
**(AGAINST BANNER FOR STRICT LIABILITY)**

41.     As to Paragraph "96," BANNER repeats and realleges its answers to Paragraphs "1" through "95" as if fully set forth herein.

42.     As to Paragraph "97", the Cross-claim speaks for itself.  By way of further response, BANNER denies the truth of each and every allegation contained in Paragraph "97" of the Cross-claim as they relate to BANNER.

43. BANNER denies the truth of each and every allegation contained in Paragraphs "98" through "102" of the Cross-claim as they relate to BANNER.

44. BANNER denies the allegations contained in the unnumbered "Wherefore" paragraph following Paragraph "102" of the Cross-claim.

## COUNT X
## (AGAINST BANNER FOR COMMON LAW INDEMNITY)

45. As to Paragraph "103," BANNER repeats and realleges its answers to Paragraphs "1" through "102" as if fully set forth herein.

46. As to Paragraph "104", the Cross-claim speaks for itself.  By way of further response, BANNER denies the truth of each and every allegation contained in Paragraph "104" of the Cross-claim as they relate to BANNER.

47. Admit that BANNER is a distributor of drywall.  BANNER denies the truth of each and every remaining allegation contained in Paragraph "105" of the Cross-claim.

48. BANNER denies the truth of each and every allegation contained in Paragraphs "106" through "112" of the Cross-claim as they relate to BANNER.

49. BANNER denies the allegations contained in the unnumbered "Wherefore" paragraph following Paragraph "112" of the Cross-claim.

## COUNT XI
## (AGAINST BANNER FOR EQUITABLE SUBROGATION)

50. As to Paragraph "113," BANNER repeats and realleges its answers to Paragraphs "1" through "112" as if fully set forth herein.

51. As to Paragraph "114", the Cross-claim speaks for itself.  By way of further response, BANNER denies the truth of each and every allegation contained in Paragraph "114" of the Cross-claim as they relate to BANNER.

52.    BANNER denies the truth of each and every allegation contained in Paragraphs "115" through "120" of the Cross-claim as they relate to BANNER.

53.    BANNER denies the allegations contained in the unnumbered "Wherefore" paragraph following Paragraph "120" of the Cross-claim.

**COUNT XII**
**(AGAINST BANNER FOR CONTRIBUTION)**

54.    As to Paragraph "121," BANNER repeats and realleges its answers to Paragraphs "1" through "120" as if fully set forth herein.

55.    As to Paragraph "122", the Cross-claim speaks for itself.  By way of further response, BANNER denies the truth of each and every allegation contained in Paragraph "122" of the Cross-claim as they relate to BANNER.

56.    BANNER denies the truth of each and every allegation contained in Paragraphs "123" through "124" of the Cross-claim as they relate to BANNER.

57.    BANNER denies the allegations contained in the unnumbered "Wherefore" paragraph following Paragraph "124" of the Cross-claim.

**COUNT XIII**
**(AGAINST NU WAY FOR BREACH OF CONTRACT)**

58.    As to Paragraph "125," BANNER repeats and realleges its answers to Paragraphs "1" through "124" as if fully set forth herein.

59.    As to Paragraph "126", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "126" of the Cross-claim.

60.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "127" through "138" of the Cross-claim as it relates to BANNER.

61.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "138" of the Cross-claim in so far as it relates to BANNER.

## COUNT XIV
### (AGAINST NU WAY FOR BREACH OF EXPRESS WARRANTY)

62.     As to Paragraph "139," BANNER repeats and realleges its answers to Paragraphs "1" through "138" as if fully set forth herein.

63.     As to Paragraph "140", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "140" of the Cross-claim.

64.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "141" through "146" of the Cross-claim as it relates to BANNER.

65.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "146" of the Cross-claim in so far as it relates to BANNER.

## COUNT XV
### (AGAINST NU WAY FOR BREACH OF IMPLIED WARRANTY)

66.     As to Paragraph "147," BANNER repeats and realleges its answers to Paragraphs "1" through "146" as if fully set forth herein.

67. As to Paragraph "148", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "148" of the Cross-claim.

68. Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "149" through "153" of the Cross-claim as it relates to BANNER.

69. Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "153" of the Cross-claim in so far as it relates to BANNER.

### COUNT XVI
### (AGAINST NU WAY FOR CONTRACTUAL INDEMNITY)

70. As to Paragraph "154," BANNER repeats and realleges its answers to Paragraphs "1" through "153" as if fully set forth herein.

71. As to Paragraph "155", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "155" of the Cross-claim.

72. Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "156" through "159" of the Cross-claim as it relates to BANNER.

73. Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "159" of the Cross-claim in so far as it relates to BANNER.

### COUNT XVII
### (AGAINST NU WAY FOR COMMON LAW INDEMNITY)

74. As to Paragraph "160," BANNER repeats and realleges its answers to Paragraphs "1" through "159" as if fully set forth herein.

75. As to Paragraph "161", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "161" of the Cross-claim.

76. Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "162" through "169" of the Cross-claim as it relates to BANNER.

77. Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "169" of the Cross-claim in so far as it relates to BANNER.

## COUNT XVIII
## (AGAINST NU WAY FOR EQUITABLE SUBROGATION)

78. As to Paragraph "170," BANNER repeat and reallege its answers to Paragraphs "1" through "169" as if fully set forth herein.

79. As to Paragraph "171", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "171" of the Cross-claim.

80. Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "172" through "177" of the Cross-claim as it relates to BANNER.

81. Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "177" of the Cross-claim in so far as it relates to BANNER.

## COUNT XIX
## (AGAINST NU WAY FOR CONTRIBUTION)

82.   As to Paragraph "178," BANNER repeats and realleges its answers to Paragraphs "1" through "177" as if fully set forth herein.

83.   As to Paragraph "179", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "179" of the Cross-claim.

84.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "180" through "181" of the Cross-claim as it relates to BANNER.

85.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "181" of the Cross-claim in so far as it relates to BANNER.

## COUNT XX
## (AGAINST FLORIDA STYLE FOR BREACH OF CONTRACT)

86.   As to Paragraph "182," BANNER repeats and realleges its answers to Paragraphs "1" through "181" as if fully set forth herein.

87.   As to Paragraph "183", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "183" of the Cross-claim.

88.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "184" through "195" of the Cross-claim as it relates to BANNER.

89.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "195" of the Cross-claim in so far as it relates to BANNER.

## COUNT XXI
## (AGAINST FLORIDA STYLE FOR BREACH OF EXPRESS WARRANTY)

90.    As to Paragraph "196," BANNER repeats and realleges its answers to Paragraphs "1" through "195" as if fully set forth herein.

91.    As to Paragraph "197", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "197" of the Cross-claim.

92.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "198" through "202" of the Cross-claim as it relates to BANNER.

93.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "202" of the Cross-claim in so far as it relates to BANNER.

## COUNT XXII
## (AGAINST FLORIDA STYLE FOR BREACH OF IMPLIED WARRANTY)

94.    As to Paragraph "203," BANNER repeats and realleges its answers to Paragraphs "1" through "202" as if fully set forth herein.

95.    As to Paragraph "204", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "204" of the Cross-claim.

96.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "205" through "209" of the Cross-claim as it relates to BANNER.

97.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "209" of the Cross-claim in so far as it relates to BANNER.

## COUNT XXIII
## (AGAINST FLORIDA STYLE FOR CONTRACTUAL INDEMNITY)

98.     As to Paragraph "210," BANNER repeats and realleges its answers to Paragraphs "1" through "209" as if fully set forth herein.

99.     As to Paragraph "211", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "211" of the Cross-claim.

100.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "212" through "215" of the Cross-claim as it relates to BANNER.

101.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "215" of the Cross-claim in so far as it relates to BANNER.

## COUNT XXIV
## (AGAINST FLORIDA STYLE FOR COMMON LAW INDEMNITY)

102.    As to Paragraph "216," BANNER repeats and realleges its answers to Paragraphs "1" through "215" as if fully set forth herein.

103.   As to Paragraph "217", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "217" of the Cross-claim.

104.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "218" through "225" of the Cross-claim as it relates to BANNER.

105.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "225" of the Cross-claim in so far as it relates to BANNER.

### COUNT XXV
### (AGAINST FLORIDA STYLE FOR EQUITABLE SUBROGATION)

106.   As to Paragraph "226," BANNER repeats and realleges its answers to Paragraphs "1" through "225" as if fully set forth herein.

107.   As to Paragraph "227", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "227" of the Cross-claim.

108.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "228" through "233" of the Cross-claim as it relates to BANNER.

109.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "233" of the Cross-claim in so far as it relates to BANNER.

### COUNT XXVI
### (AGAINST FLORIDA STYLE FOR CONTRIBUTION)

110.   As to Paragraph "234," BANNER repeats and realleges its answers to Paragraphs "1" through "233" as if fully set forth herein.

111.   As to Paragraph "235", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "235" of the Cross-claim.

112.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "236" through "237" of the Cross-claim as it relates to BANNER.

113.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "237" of the Cross-claim in so far as it relates to BANNER.

<u>COUNT XXVII</u>
<u>(AGAINST RESIDENTIAL FOR BREACH OF CONTRACT)</u>

114.   As to Paragraph "238," BANNER repeats and realleges its answers to Paragraphs "1" through "238" as if fully set forth herein.

115.   As to Paragraph "239", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "239" of the Cross-claim.

116.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "240" through "251" of the Cross-claim as it relates to BANNER.

117.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "251" of the Cross-claim in so far as it relates to BANNER.

## COUNT XXVIII
## (AGAINST RESIDENTIAL FOR BREACH OF EXPRESS WARRANTY)

118.    As to Paragraph "252," BANNER repeats and realleges its answers to Paragraphs "1" through "251" as if fully set forth herein.

119.    As to Paragraph "253", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "253" of the Cross-claim.

120.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "254" through "259" of the Cross-claim as it relates to BANNER.

121.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "259" of the Cross-claim in so far as it relates to BANNER.

## COUNT XXIX
## (AGAINST RESIDENTIAL FOR BREACH OF IMPLIED WARRANTY)

122.    As to Paragraph "260," BANNER repeats and realleges its answers to Paragraphs "1" through "259" as if fully set forth herein.

123.    As to Paragraph "261", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "261" of the Cross-claim.

124.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "262" through "266" of the Cross-claim as it relates to BANNER.

125.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "266" of the Cross-claim in so far as it relates to BANNER.

**COUNT XXX**
**(AGAINST RESIDENTIAL FOR CONTRACTUAL INDEMNITY)**

126.   As to Paragraph "267," BANNER repeats and realleges its answers to Paragraphs "1" through "266" as if fully set forth herein.

127.   As to Paragraph "268", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "268" of the Cross-claim.

128.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "269" through "272" of the Cross-claim as it relates to BANNER.

129.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "272" of the Cross-claim in so far as it relates to BANNER.

**COUNT XXXI**
**(AGAINST RESIDENTIAL FOR COMMON LAW INDEMNITY)**

130.   As to Paragraph "273," BANNER repeats and realleges its answers to Paragraphs "1" through "272" as if fully set forth herein.

131.   As to Paragraph "274", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "274" of the Cross-claim.

132.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "275" through "282" of the Cross-claim as it relates to BANNER.

133.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "282" of the Cross-claim in so far as it relates to BANNER.

**COUNT XXXII**
**(AGAINST RESIDENTIAL FOR EQUITABLE SUBROGATION)**

134.    As to Paragraph "283," BANNER repeats and realleges its answers to Paragraphs "1" through "282" as if fully set forth herein.

135.    As to Paragraph "284", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "284" of the Cross-claim.

136.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "285" through "290" of the Cross-claim as it relates to BANNER.

137.    Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "290" of the Cross-claim in so far as it relates to BANNER.

**COUNT XXXIII**
**(AGAINST RESIDENTIAL FOR CONTRIBUTION)**

138.    As to Paragraph "291," BANNER repeats and realleges its answers to Paragraphs "1" through "291" as if fully set forth herein.

139.   As to Paragraph "292", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "292" of the Cross-claim.

140.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "293" through "294" of the Cross-claim as it relates to BANNER.

141.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "294" of the Cross-claim in so far as it relates to BANNER.

<u>COUNT XXXIV</u>
<u>(AGAINST COTHERN FOR BREACH OF CONTRACT)</u>

142.   As to Paragraph "295," BANNER repeats and realleges its answers to Paragraphs "1" through "295" as if fully set forth herein.

143.   As to Paragraph "296", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "296" of the Cross-claim.

144.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "297" through "309" of the Cross-claim as it relates to BANNER.

145.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "309" of the Cross-claim in so far as it relates to BANNER.

**COUNT XXXV**
**(AGAINST COTHERN FOR BREACH OF EXPRESS WARRANTY)**

146.   As to Paragraph "310," BANNER repeats and realleges its answers to Paragraphs "1" through "309" as if fully set forth herein.

147.   As to Paragraph "311", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "311" of the Cross-claim.

148.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "312" through "316" of the Cross-claim as it relates to BANNER.

149.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "316" of the Cross-claim in so far as it relates to BANNER.

**COUNT XXXVI**
**(AGAINST COTHERN FOR BREACH OF IMPLIED WARRANTY)**

150.   As to Paragraph "317," BANNER repeats and realleges its answers to Paragraphs "1" through "316" as if fully set forth herein.

151.   As to Paragraph "318", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "318" of the Cross-claim.

152.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "319" through "323" of the Cross-claim as it relates to BANNER.

153.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "323" of the Cross-claim in so far as it relates to BANNER.

## COUNT XXXVII
### (AGAINST COTHERN FOR CONTRACTUAL INDEMNITY)

154.   As to Paragraph "324," BANNER repeats and realleges its answers to Paragraphs "1" through "323" as if fully set forth herein.

155.   As to Paragraph "325", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "325" of the Cross-claim.

156.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "326" through "329" of the Cross-claim as it relates to BANNER.

157.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "329" of the Cross-claim in so far as it relates to BANNER.

## COUNT XXXVIII
### (AGAINST COTHERN FOR COMMON LAW INDEMNITY)

158.   As to Paragraph "330," BANNER repeats and realleges its answers to Paragraphs "1" through "329" as if fully set forth herein.

159.   As to Paragraph "331", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "331" of the Cross-claim.

160.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "332" through "339" of the Cross-claim as it relates to BANNER.

161.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "339" of the Cross-claim in so far as it relates to BANNER.

## COUNT XXXIX
### (AGAINST COTHERN FOR EQUITABLE SUBROGATION)

162.   As to Paragraph "340," BANNER repeats and realleges its answers to Paragraphs "1" through "339" as if fully set forth herein.

163.   As to Paragraph "341", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "341" of the Cross-claim.

164.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "342" through "347" of the Cross-claim as it relates to BANNER.

165.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "347" of the Cross-claim in so far as it relates to BANNER.

## COUNT XL
### (AGAINST COTHERN FOR CONTRIBUTION)

166.   As to Paragraph "348," BANNER repeats and realleges its answers to Paragraphs "1" through "347" as if fully set forth herein.

167.   As to Paragraph "349", the Cross-claim speaks for itself.  By way of further response, BANNER is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "349" of the Cross-claim.

168.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "350" through "351" of the Cross-claim as it relates to BANNER.

169.   Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the unnumbered "Wherefore" paragraph following Paragraph "351" of the Cross-claim in so far as it relates to BANNER.

## GENERAL DENIAL

Banner denies any allegation contained in the Cross-claim that is not specifically admitted herein.  Banner further denies any allegation or request for relief to which no response is required.

## AFFIRMATIVE DEFENSES

Subject to further investigation and discovery and without assuming the burden of proof when the law places the burden upon Taylor Plaintiffs, Defendant Banner asserts the following affirmative defenses:

### First Affirmative Defense

Banner affirmatively alleges that Taylor Plaintiffs' claims are barred, in whole or in part, for failure to state a cause of action against Banner and for failure to state sufficient facts upon which the relief demanded can be granted.

**Second Affirmative Defense**

Banner affirmatively alleges that Taylor Plaintiffs' claims are barred due to this Court's lack of personal jurisdiction over the Banner.

**Third Affirmative Defense**

Banner affirmatively alleges that Taylor Plaintiffs' claims are barred due to this Court's lack of subject matter jurisdiction over the Banner.

**Fourth Affirmative Defense**

Banner affirmatively alleges that Taylor Plaintiffs' claims are barred due to improper venue.

**Fifth Affirmative Defense**

Banner affirmatively alleges that Taylor Plaintiffs' claims are barred, in whole or in part, pursuant to the economic loss doctrine and/or lack of privity with Banner.

**Sixth Affirmative Defense**

Banner affirmatively alleges that Taylor Plaintiffs' failed to comply with Chapter 558, Florida Statutes as a condition precedent to bringing this action.

**Seventh Affirmative Defense**

Banner affirmatively alleges that it is only responsible for its relative degree of culpability as determined by the trier of fact pursuant to the *Fabre* Doctrine as set forth in *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) and Section 768.81, Florida Statutes; furthermore, Banner reserves the right to place on the Jury Verdict Form any parties that may also be culpable for the damages alleged in this action.

**Eighth Affirmative Defense**

Banner affirmatively alleges that Taylor Plaintiffs' injuries were caused by the negligent actions of one or more third parties not named as defendants in this action and/or are not in the employment and/or agency of Banner and therefore, the Court should apportion a percentage of liability among those non-parties pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). Banner specifically asks that these names, as identified in the course of discovery, be included on the Jury Verdict Form and that a percentage of negligence be attributed to them in this action.

**Ninth Affirmative Defense**

Banner affirmatively alleges that at all times material hereto, Taylor Plaintiffs, individually, collectively, and on behalf of others similarly situated, acted in a negligent and careless manner, and as a direct and proximate result of this negligence, are barred from recovery, in whole or in part, against Banner on the grounds of comparative negligence.

**Tenth Affirmative Defense**

Banner affirmatively alleges that it is entitled to a credit and/or set-off from any benefits, collateral sources, or other sources of set-offs or recoupment, paid or payable to Taylor Plaintiffs.

**Eleventh Affirmative Defense**

Banner affirmatively alleges that the incident alleged by Taylor Plaintiffs herein was unforeseeable to Banner and therefore, Banner had neither a duty nor an opportunity to prevent same.

**Twelfth Affirmative Defense**

At all times material hereto, there was a lack of notice and/or insufficient notice to Banner of any alleged defect and/or danger, and the lack of opportunity to correct the same.

### Thirteenth Affirmative Defense

Banner affirmatively alleges that at all times material hereto, it acted within its contractual and/or statutory rights, and pursuant to state and federal law.

### Fourteenth Affirmative Defense

Banner affirmatively alleges that Taylor Plaintiffs claims are barred, in whole or in part, as the drywall at issue is a structural improvement to real property.

### Fifteenth Affirmative Defense

Banner affirmatively alleges that the drywall was altered and/or otherwise substantially changed by Taylor Plaintiffs and/or by third parties.

### Sixteenth Affirmative Defense

Banner affirmatively alleges superseding cause.

### Seventeenth Affirmative Defense

Banner affirmatively alleges that Taylor Plaintiffs damages were caused by an intervening cause, specifically, the failure of others to reasonably inspect the drywall before it was installed in Plaintiff's home.

### Eighteenth Affirmative Defense

Banner affirmatively alleges that Taylor Plaintiffs have failed to join one or more necessary parties.

### Nineteenth Affirmative Defense

Banner affirmatively alleges that Taylor Plaintiffs have failed to mitigate their damages.

### Twentieth Affirmative Defense

Banner affirmatively alleges that Taylor Plaintiffs' claims are barred, in whole or in part, due to Taylor Plaintiffs' lack of standing.

### Twenty-First Affirmative Defense

Banner affirmatively alleges that any alleged defect in the drywall was not present at the time it left Banner's possession.

### Twenty-Second Affirmative Defense

Banner affirmatively alleges that the Taylor Plaintiffs' claims are barred, in whole or in part, because Banner had no fiduciary relationship with Taylor Plaintiffs.

### Twenty-Third Affirmative Defense

Banner affirmatively alleges that Taylor Plaintiffs' claims are barred, in whole or in part, as it had no knowledge of the alleged defective drywall when the drywall was placed into the stream of commerce by Banner.

### Twenty-Fourth Affirmative Defense

Banner affirmatively alleges that Taylor Plaintiffs' claims are barred, in whole or in part, as it was not an intended third party beneficiary of any warranty given by Banner.

### Twenty-Fifth Affirmative Defense

Banner affirmatively alleges that Taylor Plaintiffs' claim for attorneys' fees and costs are barred, as Taylor Plaintiffs' claims do not arise under a statute which provides for an award of attorneys' fees and costs.

### Twenty-Sixth Affirmative Defense

Banner affirmatively alleges that Taylor Plaintiffs' claim for attorneys' fees and costs are barred, as Plaintiffs never entered into any contract with Banner providing for an award of attorneys' fees and costs.

### Twenty-Seventh Affirmative Defense

Banner affirmatively alleges that this action is duplicative of numerous previously filed actions involving the same parties and substantially similar issues and this, this action should be stayed and/or abated.

### Twenty-Eight Affirmative Defense

Banner affirmatively alleges that Taylor Plaintiffs' claims are barred in whole or in part by the doctrine of laches and waiver.

### Twenty-Nine Affirmative Defense

To the extent that Banner is not wholly at fault, Taylor Plaintiffs' recovery should be barred or limited accordingly.

### Thirtieth Affirmative Defense

Banner affirmatively alleges that any claims against it is subject to and governed by Florida law.

### Thirty-First Affirmative Defense

Banner affirmatively alleges that any claims against it are barred by the doctrines of waiver, estoppel, and ratification.

### Thirty-Second Affirmative Defense

Banner reserves the right to supplement its affirmative defenses to Taylor Plaintiffs' Cross-claim as additional facts and/or information are discovered.

WHEREFORE, BANNER SUPPLY CO. demands judgment against Cross-claim Plaintiffs Taylor Morrison Services, Inc. f/k/a Morrison Homes, Inc. and Taylor Woodrow at Vasari, LLC, a Florida Limited Liability Company, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## AMENDED CROSS-CLAIM

BANNER SUPPLY CO., through its undersigned counsel, hereby file its Amended Cross-claim against Defendants KNAUF GIPS KG ("KNAUF GIPS"), KNAUF PLASTERBOARD TIANJIN CO., LTD. ("KNAUF TIANJIN"), ROTHCHILT INTERNATIONAL LTD. ("ROTHCHILT"), LA SUPREMA TRADING, INC. ("LST"), and LA SUPREMA ENTERPRISE, INC. ("LSE"), and state as follows:

## GENERAL ALLEGATIONS

1.     This is an action for common law indemnification and contribution against Knauf Gips, KG, Knauf Plasterboard Tianjin Co., Ltd., Rothchilt International Ltd., La Suprema Trading, Inc. and La Suprema Enterprise, Inc.

2.     BANNER has been named as a Cross-claim Defendant in the above-styled action wherein it is alleged by Taylor Plaintiffs that the drywall supplied by it was defective and caused damages to Taylor Plaintiffs.  *(See* Cross-claim)

3.     BANNER has denied any liability owing to Taylor Plaintiffs.  BANNER's Answer and Affirmative Defenses to the Cross-Complaint, above, is incorporated herein.

4.     This Cross-claim arises from the same transactions or occurrences as Taylor Plaintiffs' action.  Accordingly, should this Court determine that it has jurisdiction and proper venue over Taylor Plaintiffs' action, this Court shall have jurisdiction and proper venue over the instant Cross-claim and the named Cross-claim Defendants.

5.     All conditions precedent to the filing of this Cross-claim have been performed, excused, or otherwise waived.

## COUNT I - INDEMNITY AGAINST KNAUF GIPS KG

6.     BANNER repeats and realleges each and every allegation contained in

Paragraphs "1" through "5" above, with the same force and effect as if set forth fully herein.

7.      BANNER is wholly without fault for Taylor Plaintiffs' damages as alleged herein because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in the Affected homes.

8.      A special relationship existed between BANNER and KNAUF GIPS by virtue of the respective duties undertaken by KNAUF GIPS to distribute drywall that is free of defects and safe for construction of residential housing.

9.      KNAUF GIPS is at fault for its failure to reasonably manufacture, design, and sell the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

10.     To the extent Taylor Plaintiffs seek to hold BANNER liable, such liability is vicariously, constructively, derivatively and/or technically, arising out of the negligent conduct of KNAUF GIPS.

11.     As a direct and proximate cause of the negligence of KNAUF GIPS, BANNER has suffered damages, which continue to accrue.

12.     BANNER is entitled to recover their reasonable attorneys' fees pursuant to the wrongful act doctrine.  Specifically, BANNER involvement in the instant action is due solely to KNAUF GIPS' wrongful acts, as more specifically described in the Cross-Complaint.  As a result of KNAUF GIPS' actions, BANNER has been forced to incur significant expenses to defend Taylor Plaintiffs' claims and protect its interests.

WHEREFORE, BANNER SUPPLY CO. demands judgment against Cross-claim Defendant KNAUF GIPS for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT II – CONTRIBUTION AGAINST KNAUF GIPS KG

13.     BANNER repeats and realleges each and every allegation contained in Paragraphs "1" through "12" above, with the same force and effect as if set forth fully herein.

14.     This is an action, in the alternative, for contribution against KNAUF GIPS.

15.     BANNER did not intentionally, willfully, or wantonly cause or contribute to Taylor Plaintiffs' injuries.

16.     To the extent BANNER is called on to pay more than its pro rata share of the common liability, BANNER seeks to recover from KNAUF GIPS for the amount paid by it in excess of its pro rata share.

17.     WHEREFORE, BANNER SUPPLY CO. demands judgment for damages against KNAUF GIPS in an amount to be determined at trial, plus attorneys' fees and costs, and for such further and other relief as the Court deems just and proper.

## COUNT III - INDEMNITY AGAINST KNAUF PLASTERBOARD TIANJIN CO., LTD.

18.     BANNER repeats and realleges each and every allegation contained in Paragraphs "1" through "17" above, with the same force and effect as if set forth fully herein.

19.     BANNER is wholly without fault for Taylor Plaintiffs' damages as alleged herein because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in the Affected homes.

20.     A special relationship existed between BANNER and KNAUF TIANJIN by virtue of the respective duties undertaken by KNAUF TIANJIN to distribute drywall that is free of defects and safe for construction of residential housing.

21.     KNAUF TIANJIN is at fault for its failure to reasonably manufacture, design, and sell the Drywall and insure that it was reasonably safe, free of defects, and safe for construction

of residential housing.

22.     To the extent Taylor Plaintiffs seek to hold BANNER liable, such liability is vicariously, constructively, derivatively and/or technically, arising out of the negligent conduct of KNAUF TIANJIN.

23.     As a direct and proximate cause of the negligence of KNAUF TIANJIN, BANNER has suffered damages, which continue to accrue.

24.     BANNER is entitled to recover their reasonable attorneys' fees pursuant to the wrongful act doctrine.  Specifically, BANNER involvement in the instant action is due solely to KNAUF TIANJIN's wrongful acts, as more specifically described in the Cross-Complaint.  As a result of KNAUF TIANJIN's actions, BANNER has been forced to incur significant expenses to defend Taylor Plaintiffs' claims and protect its interests.

WHEREFORE, BANNER SUPPLY CO. demands judgment against Cross-claim Defendant KNAUF TIANJIN for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT IV – CONTRIBUTION AGAINST KNAUF PLASTERBOARD TIANJIN CO., LTD.

25.     BANNER repeats and realleges each and every allegation contained in Paragraphs "1" through "24" above, with the same force and effect as if set forth fully herein.

26.     This is an action, in the alternative, for contribution against KNAUF TIANJIN.

27.     BANNER did not intentionally, willfully, or wantonly cause or contribute to Taylor Plaintiffs' injuries.

28.     To the extent BANNER is called on to pay more than its pro rata share of the common liability, BANNER seeks to recover from KNAUF TIANJIN for the amount paid by it in excess of its pro rata share.

WHEREFORE, BANNER SUPPLY CO. demands judgment for damages against KNAUF TIANJIN in an amount to be determined at trial, plus attorneys' fees and costs, and for such further and other relief as the Court deems just and proper.

### COUNT V- INDEMNITY AGAINST ROTHCHILT INTERNATIONAL LTD.

29.    BANNER repeats and realleges each and every allegation contained in Paragraphs "1" through "28" above, with the same force and effect as if set forth fully herein.

30.    BANNER is wholly without fault for Taylor Plaintiffs' damages as alleged herein because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in the Affected homes.

30.    A special relationship existed between BANNER and ROTHCHILT by virtue of the respective duties undertaken by ROTHCHILT to distribute drywall that is free of defects and safe for construction of residential housing.

31.    ROTHCHILT is at fault for its failure to reasonably inspect the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

32.    To the extent Taylor Plaintiffs seek to hold BANNER, such liability is vicariously, constructively, derivatively and/or technically, arising out of the negligent conduct of ROTHCHILT.

33.    As a direct and proximate cause of the negligence of ROTHCHILT, BANNER has suffered damages, which continue to accrue.

34.    BANNER is entitled to recover their reasonable attorneys' fees pursuant to the wrongful act doctrine.  Specifically, BANNER's involvement in the instant action is due solely to ROTHCHILT's wrongful acts, as more specifically described in the Cross-Complaint. As a

result of ROTHCHILT's actions, BANNER has been forced to incur significant expenses to defend Taylor Plaintiffs' claims and protect its interest.

WHEREFORE, BANNER SUPPLY CO. demands judgment against   Cross-claim Defendant ROTHCHILT for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT VI – <u>CONTRIBUTION AGAINST ROTHCHILT INTERNATIONAL LTD.</u>

35.   BANNER repeats and realleges each and every allegation contained in Paragraphs "1" through "34" above, with the same force and effect as if set forth fully herein.

36.   This is an action, in the alternative, for contribution against ROTHCHILT.

37.   BANNER did not intentionally, willfully, or wantonly cause or contribute to Taylor Plaintiffs' injuries.

38.   To the extent BANNER is called on to pay more than its pro rata share of the common liability, BANNER seeks to recover from ROTHCHILT for the amount paid by it in excess of its pro rata share.

WHEREFORE, BANNER SUPPLY CO. demands judgment for damages against ROTHCHILT in an amount to be determined at trial, plus attorneys' fees and costs, and for such further and other relief as the Court deems just and proper.

### COUNT VII - <u>INDEMNITY AGAINST LA SUPREMA TRADING, INC.</u>

39.   BANNER repeats and realleges each and every allegation contained in Paragraphs "1" through "38" above, with the same force and effect as if set forth fully herein.

40.   BANNER is wholly without fault for Taylor Plaintiffs' damages as alleged herein because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in the Affected homes.

41.     A special relationship existed between BANNER and LST by virtue of the respective duties undertaken by LST to distribute drywall that is free of defects and safe for construction of residential housing.

42.     LST is at fault for its failure to reasonably inspect the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

43.     To the extent Taylor Plaintiffs seek to hold BANNER, such liability is vicariously, constructively, derivatively and/or technically, arising out of the negligent conduct of LST.

44.     As a direct and proximate cause of the negligence of LST, BANNER has suffered damages, which continue to accrue.

45.     BANNER is entitled to recover their reasonable attorneys' fees pursuant to the wrongful act doctrine.  Specifically, BANNER's involvement in the instant action is due solely to LST's wrongful acts, as more specifically described in the Cross-Complaint. As a result of LST's actions, BANNER has been forced to incur significant expenses to defend Taylor Plaintiffs' claims and protect its interest.

WHEREFORE, BANNER SUPPLY CO. demands judgment against   Cross-claim Defendant LST for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

**COUNT VIII – <u>CONTRIBUTION AGAINST LA SUPREMA TRADING, INC.</u>**

46.     BANNER repeats and realleges each and every allegation contained in Paragraphs "1" through "45" above, with the same force and effect as if set forth fully herein.

47.     This is an action, in the alternative, for contribution against LST.

48.     BANNER did not intentionally, willfully, or wantonly cause or contribute to

Taylor Plaintiffs' injuries.

49.     To the extent BANNER is called on to pay more than its pro rata share of the common liability, BANNER seeks to recover from LST for the amount paid by it in excess of its pro rata share.

WHEREFORE, BANNER SUPPLY CO. demands judgment for damages against LST in an amount to be determined at trial, plus attorneys' fees and costs, and for such further and other relief as the Court deems just and proper.

## COUNT IX - INDEMNITY AGAINST LA SUPREMA ENTERPRISE, INC.

50.     BANNER repeats and realleges each and every allegation contained in Paragraphs "1" through "49" above, with the same force and effect as if set forth fully herein.

51.     BANNER is wholly without fault for Taylor Plaintiffs' damages as alleged herein because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in the Affected homes.

52.     A special relationship existed between BANNER and LSE by virtue of the respective duties undertaken by LSE to distribute drywall that is free of defects and safe for construction of residential housing.

53.     LSE is at fault for its failure to reasonably inspect the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

54.     To the extent Taylor Plaintiffs seek to hold BANNER, such liability is vicariously, constructively, derivatively and/or technically, arising out of the negligent conduct of LSE.

55.     As a direct and proximate cause of the negligence of LSE, BANNER has suffered damages, which continue to accrue.

56.     BANNER is entitled to recover their reasonable attorneys' fees pursuant to the wrongful act doctrine.  Specifically, BANNER's involvement in the instant action is due solely to LSE's wrongful acts, as more specifically described in the Cross-Complaint.  As a result of LSE's actions, BANNER has been forced to incur significant expenses to defend Taylor Plaintiffs' claims and protect its interest.

WHEREFORE, BANNER SUPPLY CO. demands judgment against  Cross-claim Defendant LSE for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT X – <u>CONTRIBUTION AGAINST LA SUPREMA ENTERPRISE, INC</u>.

57.     BANNER repeats and realleges each and every allegation contained in Paragraphs "1" through "56" above, with the same force and effect as if set forth fully herein.

58.     This is an action, in the alternative, for contribution against LSE.

59.     BANNER did not intentionally, willfully, or wantonly cause or contribute to Taylor Plaintiffs' injuries.

60.     To the extent BANNER is called on to pay more than its pro rata share of the common liability, BANNER seeks to recover from LSE for the amount paid by it in excess of its pro rata share.

WHEREFORE, BANNER SUPPLY CO. demands judgment for damages against LSE in an amount to be determined at trial, plus attorneys' fees and costs, and for such further and other relief as the Court deems just and proper.

Respectfully submitted this 31st day of August, 2010,

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**

/s/ Shubhra R. Mashelkar
**SHUBHRA R. MASHELKAR, ESQUIRE**
Georgia Bar Number:  475388
smashelkar@wwhgd.com
3344 Peachtree Road
Suite 2400
Atlanta, GA  30326
Telephone (404)876-2700
***Counsel for Banner Supply Company***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Affirmative Defenses to the Cross-claim filed by Taylor Morrison Services, Inc. f/k/a Morrison Homes, Inc. and Taylor Woodrow at Vasari, LLC, a Florida Limited Liability Company has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail; and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, in accordance with the procedures established in MDL 2047, on this 31st day of August, 2010.

/s/ Shubhra R. Mashelkar
**SHUBHRA R. MASHELKAR**