360-7008

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| THIS DOCUMENT RELATES TO: | * * | SECTION: L JUDGE FALLON |
| David Gross, Cheryl Gross and Louis Velez, individually, and on behalf of all others similarly situated, v. Knauf Gips KG, et al. Case No. 2:09-cv-6690 | * * * * * * | MAG. JUDGE WILKINSON |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF DEFENDANT GREAT WESTERN BUILDING MATERIALS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant, Great Western Building Materials, submits this Memorandum in Support of its Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b), for the reasons articulated below. Specifically, Great Western Building Materials is not subject to, nor has it submitted to, the jurisdiction of this Court, and the Eastern District of Louisiana is an improper venue for the proceedings against Great Western Building Materials.

## INTRODUCTION

On October 7, 2009, Plaintiffs, David Gross, Cheryl Gross and Louis Velez, individually and on behalf of a proposed class action of "individuals similarly situated" filed a Class Action Complaint in the Eastern District of Louisiana alleging they suffered personal injuries and property damage caused by allegedly defective "Chinese drywall" installed at their residences. (*See generally* Complaint)[Rec. Doc. No. 1]. An Amended Class Action Complaint was filed by Plaintiffs on October 19, 2009. (*See generally* Amended Complaint)[Rec. Doc. No. 366].

Plaintiffs have defined the other members of the class as: "All owners and landlords of real properties located in the United States containing defective Chinese drywall manufactured, sold, distributed, and/or supplied by Defendants." (Complaint ¶191; Amended Complaint ¶226)

Plaintiffs have identified Great Western Building Materials as a Defendant in both the Class Action Complaint and Amended Class Action Complaint. (Complaint ¶97; Amended Complaint ¶110). Plaintiffs allege only in their Class Action Complaint and Amended Class Action Complaint that Great Western Building Materials supplied the drywall at issue in this litigation in certain of the affected states." (Complaint ¶97; Amended Complaint ¶110)(emphasis added) Plaintiffs do not define the term "affected states" in the Class Action Complaint or Amended Class Action Complaint. However, Plaintiffs consistently reference the states of Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina and Virginia throughout their Class Action Complaint and Amended Class Action Complaint. Plaintiffs have not identified Arizona as a location where Chinese drywall was allegedly supplied by Great Western Building Materials.

Plaintiffs do not identify in their Class Action Complaint or Amended Class Action Complaint the identity of the supplier or the installer of the drywall used in their residences. Plaintiffs have identified over forty (40) "suppliers of drywall and related building products," including Great Western Building Materials, who allegedly supplied drywall to the Plaintiffs' residence and the other unidentified class members.

Counsel for Great Western Building Materials has requested documentation to support Plaintiffs' claims that Great Western Building Materials supplied the drywall at issue in this litigation in certain of the affected states. (Complaint ¶97; Amended Complaint ¶110). To date, Plaintiffs have not produced any supporting documentation.

Plaintiffs also filed an Intervention Action adding Mary Anne Benes and over one thousand other plaintiffs to this action. Neither Plaintiff, Mary Anne Benes, nor any other intervening plaintiff, have alleged that Great Western Building Materials supplied drywall to their residence.

Plaintiffs' Class Action Complaint and Amended Class Complaint incorrectly identify Great Western Building Materials as an "Arizona based corporation, with its principal place of business in California." (Complaint ¶97; Amended Complaint ¶110). Great Western Building Materials is an Arizona corporation with its principal place of business located at 3652 E. Miami Avenue, Phoenix, Arizona.[1] (See Exhibit A, Affidavit of Larry Rogers). <u>Great Western Building Materials has one location in Phoenix, Arizona.</u> *Id.* <u>Great Western Building Materials supplies professional contractors in Phoenix, Arizona area only.</u> *Id.*

Great Western Building Materials does not maintain any offices, stores, headquarters, shops, warehouses, distribution centers or any other facilities other than the Phoenix, Arizona location. (*See* Exhibit A). Great Western is not authorized, nor does it conduct any business, outside of the State of Arizona. *Id.* Great Western Building Materials has not, and does not solicit any business in the State of Louisiana. *Id.* Great Western Building Materials does not have information, nor does it have any basis to believe that any products sold from the Phoenix, Arizona location were transported into the State of Louisiana. *Id.*

As outlined below, Great Western Building Materials lack the minimum contacts (in fact, <u>any contacts</u>) with the State of Louisiana that would justify an exercise of personal jurisdiction over Great Western Building Materials under either the Louisiana long-arm statute or the due

---

[1] A separate corporation exists entitled Oxnard Building Materials, Inc., d/b/a Great Western Building Materials, Inc. Oxnard Building Materials, Inc. d/b/a Great Western Building Materials has not been identified as a defendant in this litigation. In an abundance of caution, Great Western Building Materials produces the attached Affidavit which also clearly establishes that this Honorable Court lacks personal jurisdiction over Oxnard Building Materials, Inc. d/b/a Great Western Building Materials as well. (*See* Exhibit B, Affidavit of Larry Rogers)

process requirements provided for in the United States Constitution. Therefore, the Plaintiffs' claims against Great Western Building Materials should be dismissed for lack of personal jurisdiction.

## LAW & ARGUMENT

### A. PERSONAL JURISDICTION STANDARD

Plaintiff has the burden of establishing personal jurisdiction over a non-resident defendant. *Kevlin Serv., Inc. v. Lexington State Bank,* 46 F.3d 13, 14 (5th Cir. 1995). A plaintiff must allege sufficient facts in its complaint which are sufficient to establish personal jurisdiction over a non-resident defendant. *Caldwell v. Palmetto State Sav. Bank of S. Carolina*, 811 F.2d 916, 917 (5th Cir. 1987).

A federal court may exercise personal jurisdiction over a non-resident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the boundaries of the Due Process Clause. *Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d 266, 270 (5th Cir. 2006). The 5th Circuit has held that the limits of Louisiana's long-arm statute are co-extensive with the constitutional limit such that the dual inquires "fold into one." *Luv n' Care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006).

Louisiana's long-arm statute, La. R.S. 13:3201, provides in pertinent part,

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by a nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

    (4)  Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

  The burden rests with Plaintiffs, not Great Western Building Materials, to establish that Great Western transacted business, contracted to supply drywall materials, and/or committed an act or omission in the State of Louisiana. *See Kevlin Serv., Inc. v. Lexington State Bank,* 46 F.3d 13, 14 (5th Cir. 1995).

  The Due Process Clause "operates to limit the power of a State to assert *in personam* jurisdiction over a non resident defendant." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-414, 104 S.Ct. 1868 (1984). The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir.1999), (citing *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945)). A defendant's contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkwsagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

  There are two types of "minimum contacts" with the forum state that give rise to personal jurisdiction: "specific jurisdiction" or "general jurisdiction." *Johnson v. Multidata Systems International Corp, et al.*, 523 F.3d 602 (5th Cir. 2008). As discussed below, Plaintiffs are unable to establish that sufficient "minimum contacts" exist under "specific jurisdiction" or

"general jurisdiction" analysis such that permits the application of personal jurisdiction over Great Western Building Materials.

1. **SPECIFIC JURISDICTION**

Specific jurisdiction is appropriate when the non-resident defendant's contacts with the forum state arise from, or are directly related to, the cause of the action. *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 324 (5th Cir. 1996); See also *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984).

The 5th Circuit has developed a three-step analysis for a specific jurisdiction inquiry: (1) whether the defendant has minimum contacts with the forum state, i.e. whether it purposely directed its activities towards the forum state or purposely availed itself to the privileges of conducting business there; (2) whether the plaintiffs' cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Seiferth v. Helicoperos Atuneros, Inc.,* 472 F.3d 266, 271 (5th Cir. 2006), citing to *Nuovo Pignone, SpA v. Stornman Asia M/V*, 310 F.3d 374 (5th Cir. 2002)

A plaintiff must show that a non-resident defendant purposefully availed itself such that the non-resident defendant should have reasonably anticipated being "haled into court" in the forum state. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 418 (5th Cir. 1993), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

If the plaintiff successfully satisfies the first two prongs, then the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable. *Id.*

### a. GREAT WESTERN BUILDING MATERIALS DID NOT DIRECT ITS BUSINESS ACTIVITIES TOWARDS LOUISIANA

The actions of the non-resident defendant must "purposely avail itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v Rudzewicz*, 471 U.S. 461, 474, 105 S.Ct. 2174 (1985).

Plaintiffs are unable to establish that Great Western Building Materials directed its business activities towards the State of Louisiana.

Plaintiffs' Complaint and Amended Complaint improperly identifies Great Western Building Materials as an "Arizona based corporation, with its principal place of business in Oxnard, California." (Complaint ¶97; Amended Complaint ¶110). Great Western Building Materials is an Arizona corporation with its principal place of business located at 3652 E. Miami Avenue, Phoenix, Arizona. (*See* Exhibit A). Great Western Building Materials has one location in Phoenix, Arizona and does not maintain any other locations. *Id.* Great Western Building Materials supplies professional contractors in Phoenix, Arizona area only. *Id.*

<u>Great Western Building Materials is not authorized to do business, nor has it ever been authorized to do business in the State of Louisiana</u>. *Id.* Great Western Building Materials does not maintain, or has it ever maintained, a registered agent for service of process in Louisiana. *Id.*

Great Western Building Materials does not operate any retail or distribution locations within the State of Louisiana. *Id.* Furthermore, Great Western Building Materials does not solicit business in Louisiana. *Id.* Great Western Building Materials has not entered into any contracts with any Louisiana businesses or entities for the sale or delivery of drywall or related building products. *Id*.

Great Western Building Materials has not marketed its business or advertised within the State of Louisiana. *Id.* Great Western Building Materials has not sold products in Louisiana. *Id.*

Great Western Building Materials does not possess any knowledge that products sold from its Phoenix, Arizona location was transported into the State of Louisiana.  (*See* Exhibit A). Furthermore, Great Western Building Materials does not have the distribution ability to transport products to Louisiana from its Phoenix, Arizona location.

Additionally, Larry Rogers, President of Great Western Building Materials, has reviewed its sales records and has confirmed that Great Western does not show sales of any products to any business or entity inside the State of Louisiana.  *Id*.  Furthermore, Great Western Building Materials does not have any belief, and despite repeated requests to Plaintiffs it has not been established, that any product sold by Great Western Building Materials was transported from Great Western's Phoenix, Arizona location to Louisiana.  *Id.*

Plaintiffs are unable to present any evidence to establish Great Western Building Materials directed its business activities towards Louisiana.[2]  The Affidavit executed by Larry Rogers on behalf of Great Western Building Materials clearly indicates Great Western's business activities are directed at the Phoenix, Arizona area only, not the State of Louisiana.  *Id.*

      **b.** **PLAINTIFFS' CLAIMS DO NOT ARISE OUT OF ANY CONTACT BY GREAT WESTERN BUILDING MATERIALS WITH LOUISIANA.**

Plaintiffs' sole vague and generic allegation against Great Western Building Materials is that it allegedly supplied Chinese drywall "at issue in this litigation to the affected states." (Complaint ¶97; Amended Complaint ¶110).

Great Western Building Materials has not sold or delivered any drywall or related building products to Louisiana.  (*See* Exhibit A).[3]  Furthermore, Great Western Building

---

[2] As set forth in the Affidavit of Larry Rogers, Oxnard Building Materials, Inc. d/b/a Great Western Building Materials, Inc., did not direct its business activities towards the State of Louisiana either.  (*See* Exhibit B).

[3] Oxnard Building Materials, Inc. d/b/a Great Western Building Materials, Inc. has also not sold or delivered any drywall or related building products to the State of Louisiana.  (*See* Exhibit B).

Materials is not aware of any of its products being transported from Great Western's Phoenix, Arizona location to Louisiana. *Id*.

Counsel for Great Western Building Materials has repeatedly asked Plaintiffs' counsel for any evidence to establish that Great Western supplied drywall to any business or entity within the State of Louisiana. To date, Plaintiffs have not produced any such documentation to counsel which evidences that Great Western Building Materials supplied "drywall or related building products" as alleged in Plaintiffs' Complaint or Amended Complaint. Consequently, Plaintiffs cannot establish that their causes of action arise out of or relate to any contact by Great Western Building Materials within the State of Louisiana.

> **c. THE EXERCISE OF PERSONAL JURISDICTION OVER GREAT WESTERN BUILDING MATERIALS IS NOT "FAIR AND REASONABLE."**

As set forth above, Great Western Building Materials is not authorized nor does it conduct business in the State of the Louisiana. (*See* Exhibit A). Great Western Building Materials does not maintain an office, store, headquarters, shop, warehouse, distribution center or other facility in Louisiana. *Id.* Great Western Building Materials does not own any property in Louisiana. *Id.* Additionally, Great Western Building Materials does not solicit or transact business in Louisiana. *Id.* Great Western Building Materials is not aware of any of products sold at its Phoenix, Arizona which were transported to the State of Louisiana for use in any residence or business. *Id.* Furthermore, Great Western Building Material has not advertised or received any business contacts from Louisiana. *Id.*

Great Western Building Material's sole connection with Louisiana results from being named as a defendant by Plaintiffs in the Class Action Complaint and Amended Class Action Complaint. Given the location and nature of its business, Great Western Building Materials

could not have reasonably anticipated that it could be sued in Louisiana, a state in which it does not conduct any business. Counsel for Great Western has repeatedly asked Plaintiffs for evidence of sales of any products by Great Western Building Materials in Louisiana, but Plaintiffs have been unable to present any such evidence.

If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, the court must then consider whether the "fairness" prong of the jurisdictional inquiry is satisfied. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994); *See also Asahi Metal Industries Co. v. Superior Court*, 480 U.S. 102, 105, 107 S.Ct. 1026, 1033 (1987)

However, Plaintiffs are unable to present any evidence to establish that Great Western Building Materials has sufficient related or minimum contacts with Louisiana. Thus, a further analysis by this Court is not warranted as to whether the exercise of personal jurisdiction over Great Western Building Materials is "far and reasonable."

### 2. GENERAL JURISDICTION

General jurisdiction will attach even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are "continuous and systematic." *Johnson*, 523 So.2d at 609, citing to *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-415 (1984). Contacts between a defendant and the forum state must be "extensive" to satisfy the "systematic and continuous" test. *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.,* 249 F.3d 413, 419 (5th Cir.2001). As the Fifth Circuit has observed, the continuous and systematic contacts test for general personal jurisdiction is a difficult one to meet. *Id.* "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Johnson,* 523 So.2d at 610, citing to *Moncrief Oil Int'l Inc. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007).

"General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Johnson*, 523 So.2d at 610, citing to *Access Telecom, Inc. v. MCI Telecomms. Corp*, 197 F.3d 694, 717 (5th Cir. 1999). The contacts must be viewed as a whole, and not in isolation of one another. *Johnson,* 523 So.2d at 610. Vague and overgeneralized assertions that give no indication as to the "extent, duration, or frequency of the contacts" are insufficient to support general jurisdiction. *Johnson*, 523 So.2d at 610, citing to *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999).

As set forth above, Great Western Building Materials has one location in Phoenix, Arizona which supplies drywall to professional contractors in the Phoenix, Arizona area only. (*See* Exhibit A). Great Western Building Materials does not maintain a distribution center in any other cities or states. *Id.* Great Western Building Materials is not aware that any product sold at Great Western's Arizona location was transported to Louisiana. *Id.* Great Western Building Materials does not advertise or solicit business in the State of Louisiana. *Id.* Furthermore, Larry Rogers has reviewed the sales records for Great Western Building Materials and did not discover any evidence of sales to any business or entity in the State of Louisiana. *Id.*

Plaintiffs are unable to establish that Great Western Building Materials has sufficient "systematic and continuous" contacts with Louisiana such that would be required for a finding general jurisdiction.

## **CONCLUSION**

Plaintiffs have the burden of establishing that Great Western Building Materials has sufficient minimum contacts with Louisiana such that it is subject to personal jurisdiction in this venue. As set forth above, Plaintiffs are unable establish that Great Western Building Materials has sufficient minimum contacts with the State of Louisiana such that would meet the standards

for the application of "specific jurisdiction" or "general jurisdiction." Accordingly, Great Western Building Materials prays that its Motion to Dismiss be granted and Plaintiffs' claims against Great Western Building Materials be dismissed as this Court does not have personal jurisdiction over Great Western Building Materials.

Respectfully submitted,

**DEGAN, BLANCHARD & NASH**

  /s/ *Laura M. Mayes*
Foster P. Nash, III, Esq. (#19079)
Laura M. Mayes, Esq. (#32197)
2600 Texaco Center
400 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 529-3333
Facsimile: (504) 529-3337

*Attorneys for Defendant, Great Western Building Materials*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Unopposed Motion for Extension of Time has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this  26th  day of   August  , 2010.

  /s/ Laura M. Mayes
LAURA M. MAYES

L:\360\7008\Doc\11 Memo in Support of Motion to Dismiss for Lack of PJ.doc