STATE OF MICHIGAN   )

COUNTY OF EATON    )

# AFFIDAVIT OF KATHLEEN LOPILATO

Before me, the undersigned authority, personally appeared KATHLEEN LOPILATO, who after being by me first duly sworn, did depose and state as follows:

1. My name is Kathleen Lopilato. I am over the age of nineteen years and I am a resident of the State of Michigan. I am employed by Auto-Owners Insurance Company as a Senior Attorney. I have either personal knowledge of the truth of the matters stated herein or the truth of such matters is based upon records prepared, kept and maintained by Auto-Owners Insurance Company and its wholly-owned subsidiaries in the regular course of business.

2. Auto-Owners is a mutual insurance company operating in 25 states with 79 claims branches. Owners Insurance Company is a stock company wholly owned by Auto-Owners Insurance Company operating in 23 states. Neither company is licensed, admitted or operating in Louisiana. No other company in the Auto-Owners Insurance Company group of companies is licensed, admitted or operating in Louisiana. The Auto-Owners Insurance Company legal department supervised over 14,000 active claims last year alone for all companies in the Auto-Owners Insurance group of companies.

3. Part of my responsibilities as a Senior Attorney in the Home Office Legal Department at Auto-Owners includes the supervision of certain litigated claims for all of our companies. This responsibility includes supervision of claims when coverage is in question.

4. In the present case the plaintiffs have requested that Auto-Owners and Owners Insurance Company both provide answers to interrogatories and requests for production of

1



documents. I have reviewed all of the discovery requests and the information provided in response to such requests. I affirmatively state that all answers would be the same for Auto-Owners Insurance Company as those that were provided for Owners Insurance Company with the exception of Interrogatory No. 24. Auto-Owners Insurance Company is incorporated in Michigan.

5. In the present case the plaintiffs have requested that Auto-Owners and Owners Insurance Company provide answers to the following interrogatories:

> (a) **INTERROGATORY NO. 10:**
>
> During the past ten years, have You been a party to any judicial or administrative proceeding in Louisiana? If so, state the name of the proceeding, the index or other identifying number of the proceeding, and describe of the nature of the proceeding.
>
> (b) **INTERROGATORY NO. 11:**
>
> Identify all the lawsuits or administrative proceedings in which You have been involved during the past 10 years in which the court applied Louisiana law.
>
> (c) **INTERROGATORY NO. 18:**
>
> Identify the number of employees who work for You in Louisiana or work for You elsewhere but reside in Louisiana.

6. In the present case the plaintiffs have requested that Auto-Owners and Owners Insurance Company produce documents in response to the following Requests for Production:

> (a) **REQUEST FOR PRODUCTION NO. 4:**
>
> Documents related to any Louisiana state or federal legal proceedings involving You, including but not limited to: (a) claim, complaint, counterclaim or third party claim You filed in any court, administrative agency, or any other governmental entity within Louisiana; (b) discovery responses and answers You filed in any litigation in which personal jurisdiction over You in Louisiana was or is an issue and any judicial orders, memoranda, or opinions issued thereon; and (c) copies of any

2

judgment, levy, or assessment entered in Louisiana against or in Your favor.

(b) **REQUEST FOR PRODUCTION NO. 5:**

All court orders issued in any action in Louisiana state or federal court wherein the court decided a motion You made to dismiss for lack of personal jurisdiction or improper venue and all briefs submitted by the parties in support of, or in opposition to, such a motion.

7. Plaintiffs have also requested that Auto-Owners/Owners produce a corporate representative to testify at deposition to the same topics listed in paragraphs 4 and 5 above.

8. Interrogatories Nos. 10 and 11 and Requests for Production Nos. 4 and 5 ask for information that cannot be identified by conducting searches of our computer system in the manner that the information has been requested. We do not have the ability to identify claims where there was litigation that specifically involved Auto-Owners or Owners Insurance Company as a party that was sued without a manual review of the claim file. We also do not have a means to distinguish claims that involved litigation involving Auto-Owners and Owners Insurance Company as opposed to the other companies operated under the Auto-Owners Group without a manual review of the claim file.

9. We also cannot segregate between those claims that specifically involve only our insureds as opposed to claims where any of our companies were directly a party without a manual review of the claim file.

10. Further, there is no computer database that stores the case number or other identifying number of litigation against which a search can be run. For any particular litigation, whether it involved the company or an insured, the only way to provide this information is to conduct a manual review of the claim file.

3

11. We also could not identify which claims involved proceedings that possibly involved applications of Louisiana law without a manual review of each claim file.

12. Additionally, because the requests reference summons and complaints of any lawsuit "You" **"have been involved in,"** it would also be necessary to review every claim file for lawsuits against Auto-Owners' insureds in which Auto-Owners was not even a named party if one is to interpret the phrase "involved in" so as to be inclusive of "providing a defense for".

13. I have met with our Claims Department to verify the lack of accessibility to the type of information sought by the plaintiffs. The only method by which the information requested could be provided would be a manual search of both closed and active claim files. This would be extremely burdensome as illustrated in the following paragraphs.

14. Our retention policies do not allow us to provide the information sought for the last 10 years. We generally retain claim files for a period of seven years. Other files may be stored longer if the branches or home office instruct otherwise. Examples of claim files that may be stored longer include claims that involved minors or structured settlements.

15. The warehouse is a 117,000 square foot building. There are currently 67 rows of files. There are 36,432 shelves (4,554 sections) of closed claim files. This shelving extends 120 feet and is two levels high with each level extending 8 feet high. A shelving unit is 7'6" x 24" w x 37" long.

16. At this time there are approximately 4 million total closed claim files in our warehouse.

17. With respect to Interrogatory No. 18, we employ over 3,600 employees. We do not have any employees known to be Louisiana residents and we do not issue any Louisiana payroll. We do not employ anyone in Louisiana at any Louisiana work site. There is no

4

practical way for us to determine if any employees own property or have any residence in the state of Louisiana.

Further Affiant sayeth not.

_____
KATHLEEN LOPILATO

Sworn to and subscribed before me this 31st day of August, 2010.

_____
NOTARY PUBLIC
My Commission Expires: 3/7/2015

AMY S. BRUGAM
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF INGHAM
My Commission Expires Mar. 7, 2015
Acting in the County of Eaton

5