**H. Minor Pipes**

**From:** Bruce Steckler [bsteckler@baronbudd.com]
**Sent:** Friday, August 20, 2010 3:22 PM
**To:** H. Minor Pipes
**Cc:** MGaughan@lfsblaw.com; Judy Barrasso; flonger@lfsblaw.com; hlambert@lambertandnelson.com; Apiazza@andersonkill.com; Rhorkovich@andersonkill.com; LDAVIS@hhkc.com; alevin@lfsblaw.com; RHERMAN@hhkc.com; cpeterson@lambertandnelson.com; Vanessa Serrano; sberry@mckennalong.com; eparkinson@mcglinchey.com; wlutz@jackscamp.com; jhinkhouse@hww-law.com; Jerry L. Saporito; charlotte.sawyer@phelps.com; rkammer@hinshawlaw.com; rdarroch@gmlj.com; dhassett@hassettanddonnelly.com; schristie@hassettanddonnelly.com; hebbler@hebblergiordano.com; jhailey; mswabacker@dkslaw.com
**Subject:** Latest Update on issues on Motions to Dismiss on Jurisdiction and Venue, or alleging indispensable third parties

Minor:

Here is the latest update on the status of the insurance carriers and their Motions to Dismiss, based on jurisdiction, venue or alleging failure to join an indispensable party, based on your e-mail and counsels' responses. I noted that the major problem was that the Carrier Defendants only served the individual attorneys, and not the PSC. It looks as if we now only have a few issues remaining.

Here is the latest:

I. **Motions to Dismiss on Jurisdiction and Venue (Nov. 3rd)**

We currently have now sixteen (18) insurance carriers listed below with pending Motions to Dismiss on jurisdiction and venue, or alleging indispensable third parties that have provided acceptable stipulations and served us timely discovery objections (we received very little if any responses as the Rules contemplate, except for FCCI).

We accept the new American Guarantee/Steadfast Stipulation and appreciate their cooperation in being more forthright in their stipulation. We also accept and appreciate receipt of all the discovery objections by the non-stipulating parties and accept them as timely.

There are still two (2) insurance entities at issue that are denoted by an asterisk and the issues are set forth below in section "D":

**A. Pate Case**

**1. Stipulations submitted:**

Amerisure
American Guarantee
*Chartis Claims
**Chartis Specialty Insurance
Lexington
Hartford
Hermitage
Illinois Union
Landmark
National Union
Ohio Casualty
Steadfast
West American

**2. Discovery Objections submitted:**

FCCI
Mid-Continent
NGM
Owners



Scottsdale

**B. Centerline Case:**

**1. Stipulations submitted:**

Amerisure
Insurance Co of Pa

**C. Northstar Case:**

**1. Stipulations submitted:**

Quanta

**D. Motions to Dismiss at Issue:**

1. *We are not certain on whether Chartis Claims will proceed since they are not an insurance carrier; and
2. **Chartis continues to hedge on whether they are the insurer of Beta Drywall, Beta Construction and Finest Drywall.

The August 20th correspondence from Hinkhouse seems to demonstrate the need for enforcing the Court's July 1, 2010 Order that specifically required **"In addition, each movant shall designate every case in any jurisdiction where this issue may be related or they have filed a similar motion by caption, docket number and contact information for the presiding judge of the pending motion."**

Clearly, they are in the best position to know if they insure these entities and whether there will be a similar issue in another venue.

**II. Written Discovery**

**A. FCCI:** received Objections and Responses- Roggs and RFPs

**B. Mid-Continent:** received Objections- Roggs and RFPs

**C. NGM:** received Objections- Roggs and RFPs

**D. Owners:** received Objections- Roggs and RFPs

**E. Scottsdale:** received Objections- Roggs and RFPs

We will be moving to compel all the objections and theuntimely production of any documents that the Defendants allege that they will be producing on September 2nd. We will be seeking responses to written venue discovery.

**III. 30b6 Depositions**

PSC has now received dates, times, and location on the 30b6 deponent's deposition, as required by the Court's Order. We did receive Objections to all topics for the 30b6 depositions from all the non-stipulating Defendants above. We will be addressing the Objections with the Court on September 2nd and issuing Notices for other witnesses and subpoenas, as the Court has provided. We did not receive the name(s) of the deponent as requested as well as the topics that they will be addressing. Please accept this as a Formal Request for that information for convenience.

**IV. Issues**

**A. Agreements:**

**1. The following Motions to Dismiss are moot:**
1342 (by American Guarantee Liability Insurance Company and Steadfast Insurance Company in *Pate*); and 1346 (Hermitage Insurance Company in *Pate)*

**2. Chartis Claims, Inc.:** We agree to disagree with their Counsel that the Court's Order "applies to insurance companies providing CGL insurance" and what that includes. We will address this with the Court on Sept. 2nd.

**B. Disagreements:**

1. It appears that the fundamental issue with respect to these Supplements is whether the carriers have complied with the Court's July 1, 2010 Order that specifically required "In addition, each movant shall designate every case in any jurisdiction where this issue may be related or they have filed a similar motion by caption, docket number and contact information for the presiding judge of the pending motion." The carriers seem to be insisting that it must only be for a certain insured, when the issue of jurisdiction and venue for the carriers would extend to all insureds and the Order is explicit. It appears that Nautilus will to provide that information.

   Can you let us know which carriers will be providing this information in their discovery responses?

2. Chartis is playing fast and loose with the Stipulation on American Specialty, but it says "alleged insurer of Beta Drywall, Beta Construction and Finest Drywall. " They are in the best position to answer this question.

We assume that this accurately sets forth where we currently stand. Please let me know by tomorrow at noon, if any of this is stated incorrectly. Otherwise, we assume that this is correct and proceed accordingly. It is my hope that we can amicably resolve the minor issues above.

Yours, Bruce

**CONFIDENTIALITY NOTICE**
The information in this E-mail message is legally privileged and confidential, and is intended only for the use of the individual(s) named as recipient(s). Unless you are a named recipient of this E-mail, you should not read, distribute, or otherwise use this E-mail, and you should immediately notify the sender by reply email or by calling 214-521-3605. Thank you.