MINUTE ENTRY
FALLON, J.
SEPTEMBER 2, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: All Cases | JUDGE FALLON MAGISTRATE WILKINSON |

BEFORE JUDGE ELDON E. FALLON
Case Manager: Gaylyn Lambert
Court Reporter: Karen Ibos

Appearances:  Bob Horkovich, Esq., Alan Kanner, Esq. & Lenny Davis, Esq., For PSC
Judy Barrasso, Esq. & Minor Pipes, Esq. Insurers' Liaison Counsel
Jason Foote, Esq. For ASI Lloyds
Robert Darroch, Esq. For FCCI Insurance
Kip Dwyer, Esq. For Hartford
Wayne Lee, Esq. For State Farm
Christopher Martin, Esq. For USAA
Stephen Goldman, Esq. For Standard Fire and Hartford
Ronald Kammer, Esq. For Mid-Continent Casualty
David Hasset, Esq. For NGM Insurance
Jerry Saporito, Esq. For Owners Insurance
Jay Sever, Esq. For Scottsdale Insurance

Commercial General Liability Insurance Discovery Motions:

1. The Plaintiffs' Steering Committee and Robert C. Pate's Joint Motion to Compel (5319)

Argument -
a.  Plaintiffs' request that certain insurers comply with this Court's July 1, 2010, Order requiring disclosure of related actions and other supplementation-DENIED on the basis that the insurers at issue have properly submitted lists of cases in which the specific CGL policy in their motions is involved, and the Insurance Steering Committee submits monthly lists of all insurance actions.

JS10:  3:35

In Re: Chinese Drywall Litigation  MDL 2047 - L
Motion Minutes - September 2, 2010  Page 2

b.  Plaintiffs' request that certain stipulating insurers respond to venue discovery-DENIED on the basis that the Court will address personal jurisdiction challenges first, and then, if the parties are determined to be within the personal jurisdiction of this Court, the Court will take up the venue challenges and permit venue discovery.
>The Court stated that it would clarify in this Minute Entry as to how the venue discovery and motions would be handled in light of this ruling.  Accordingly, the Court now clarifies that the personal jurisdiction motions and related discovery will continue pursuant to this Court's previous Order, and the venue motions and related discovery will be stayed until after the Court issues a ruling on the personal jurisdiction motions.  Thereafter, if necessary, the Court will establish a discovery and briefing schedule for the venue motions.

c.  Plaintiffs' request that certain non-stipulating insurers respond to venue discovery-DENIED on the basis that the Court will address personal jurisdiction challenges first, and then, if the parties are determined to be within the personal jurisdiction of this Court, the Court will take up the venue challenges and permit venue discovery.
>The Court stated that it would clarify in this Minute Entry as to how the venue discovery and motions would be handled in light of this ruling.  Accordingly, the Court now clarifies that the personal jurisdiction motions and related discovery will continue pursuant to this Court's previous Order, and the venue motions and related discovery will be stayed until after the Court issues a ruling on the personal jurisdiction motions.  Thereafter, if necessary, the Court will establish a discovery and briefing schedule for the venue motions.

d.  Plaintiff's request that certain non-stipulating insurers provide discovery responses concerning the sale of insurance policies to Louisiana residents and entities, and processing of insurance claims in Louisiana-GRANTED as it pertains to Scottsdale; DENIED as it pertains to FCCI; GRANTED as it pertains to NGM, but only insofar as NGM is directed to clarify its contested responses; GRANTED as it pertains to Owners, but with the understanding Owners is permitted time to clarify its contested responses; GRANTED as it pertains to MCC but only insofar as MCC is required to disclose the identity of its independent agents who may have the requested information, and may do so under seal.

e.  Plaintiffs' request that certain non-stipulating insurers provide discovery responses concerning judicial and administrative proceedings in Louisiana-DENIED on the basis that this information is equally accessible to both sides and for other oral reasons given.

f.  Plaintiffs' request that certain non-stipulating insurers provide discovery responses concerning assets, including real estate, bank accounts, and ownership interests in corporations, located in Louisiana-GRANTED for oral reasons given.

In Re: Chinese Drywall Litigation                                                          MDL 2047 - L
Motion Minutes - September 2, 2010                                                              Page 3

g.  Plaintiffs' request that certain non-stipulating insurers provide discovery responses concerning advertisements and solicitation of businesses and lobbying in Louisiana-GRANTED insofar as information pertaining to advertisements and solicitation in Louisiana which is targeted to Louisiana, DENIED insofar as information pertaining to lobbying in Louisiana.

h.  Plaintiffs' request that certain non-stipulating insurers provide discovery responses concerning the filing of tax returns in Louisiana or other documentation, including filings, with the Louisiana Department of Insurance and Secretary of State-GRANTED for oral reasons given and with the understanding that tax documents may be filed under seal.

i.  Plaintiffs' request that certain non-stipulating insurers provide discovery responses concerning related entities in Louisiana and the insurance company's relationship with such related entities-GRANTED for oral reasons given.

j.  Plaintiffs' request that certain non-stipulating insurers provide discovery responses concerning revenue and/or premiums originating from Louisiana-GRANTED insofar as information regarding revenue and/or premiums sold in Louisiana and bought by Louisiana citizens; DENIED insofar as information regarding revenue and/or premiums with indirect or temporary connections to Louisiana.

k.  Plaintiffs' request that certain non-stipulating insurers provide discovery responses concerning the transaction of business and provision of services in Louisiana-DENIED on the basis the request is vague and overbroad.

l.  Plaintiffs' request that certain non-stipulating insurers provide discovery responses concerning employment of individuals who work and/or reside in Louisiana-DENIED on the basis the request is vague and overbroad.

Additionally, the Court ordered that all discovery requests for information dating back ten years are modified to requests for information dating back five years.


2. Plaintiffs' Centerline Homes Construction, Inc., Centerline Homes at Georgetown, LLC, Centerline Homes, Inc. And Completed Communities II, LLC's Motion to Compel (5385)

This motion is TAKEN UNDER SUBMISSION.

In Re: Chinese Drywall Litigation					MDL 2047 - L
Motion Minutes - September 2, 2010					Page 4

Homeowners' Insurers' Motions:

3. Allstate Insurance Company's Motion to Dismiss (4472)

4. ASI Lloyds' Rule 12 (c) Motion for Judgment on the Pleadings (4462)

5. Auto Club Family Insurance Company's Rule 12(b)(6) Motion to Dismiss (4651)

6. Federal Insurance Company's Rule 12(b)(6) Motion to Dismiss (4459)

7. Property & Casualty Insurance Company of Hartford's Motion for Judgment on the Pleadings (4494)

8. Homesite Insurance Company's Rule 12(b)(6) Motion to Dismiss (4464)

9. The Standard Fire Insurance Company's Rule 12(b)(6) Motion to Dismiss (4467)

10. State Farm Fire & Casualty Company and State Farm General Insurance Company's Rule 12(b)(6) Motion to Dismiss (4503)

11. USAA Casualty Insurance Company's Motion to Dismiss (4515)

12. USAA Casualty Insurance Company's Motion to Dismiss (3251)

Argument on all motions.
The Court directed the parties to file simultaneous briefs within ten days. However, after the conference, the Court met with the Plaintiffs' Steering Committee and Insurers' Steering Committee and determined that the additional submissions are unnecessary. Accordingly, these motions are TAKEN UNDER SUBMISSION as of this date.


Court adjourned at 3:30 pm.