UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., et al.,* **Case No. 09-6687**

## TAISHAN GYPSUM CO. LTD.'S MOTION TO VACATE THE DEFAULT JUDGMENT AND DISMISS THIS ACTION

Defendant Taishan Gypsum Co. Ltd. ("Taishan"), through undersigned counsel, respectfully moves the Court for an order (1) pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure vacating the November 20, 2009 order of this Court holding Taishan in preliminary default and vacating the May 11, 2010 default judgment in the amount of $2,758,356.20; and (2) pursuant to Rule 12(b)(2) dismissing this action on the grounds of lack of personal jurisdiction.

As explained in more detail in the attached memorandum, which is incorporated herein as if stated in full, Taishan respectfully submits that the preliminary default and default judgment and void and must be vacated for several reasons. *First*, the Court cannot exercise personal

jurisdiction over Taishan consistent with the Due Process Clause of the United States Constitution because Taishan has not had the requisite minimum contacts with Virginia, the forum state where Plaintiffs filed their original Complaint.  *Second*, Plaintiff-Intervenors did not properly serve Taishan with their motion to intervene or the pleading required by Fed. R. Civ. P. 24(c) and 5(a)(2).  *Third*, even if there were a basis for jurisdiction over Taishan, Taishan was not served with the Second Amended Complaint, on which the default was entered and on which the default judgment was based.  *Fourth*, the default judgment cannot stand to the extent that it is based on a complaint that this Court has already found fails to state a claim under the Virginia Consumer Protection Act.  *And fifth*, the defaults should be vacated because any failure by Taishan to timely respond was excusable under the circumstances.

WHEREFORE, Taishan Gypsum prays that this Court vacate the preliminary default order dated November 20, 2009 and the default judgment dated May 11, 2010, and dismiss this action because this Court does not have personal jurisdiction over Taishan Gypsum.

Date: September 3, 2010

>Respectfully submitted,
>
>/s/ Thomas P. Owen, Jr.
>Joe Cyr
>Frank T. Spano
>Eric Statman
>Matthew J. Galvin
>HOGAN LOVELLS US LLP
>875 Third Avenue
>New York, New York 10022
>Email: Joe.cyr@hoganlovells.com
>Frank.spano@hoganlovells.com
>Eric.statman@hoganlovells.com
>matthew.galvin@hoganlovells.com
>Telephone: 212-918-3000
>Facsimile: 212-918-3100

>Richard C. Stanley (La. Bar No. 8487)
>Thomas P. Owen, Jr. (La. Bar No. 28181)
>STANLEY, REUTER, ROSS, THORNTON
>& ALFORD, LLC
>909 Poydras Street, Suite 2500
>New Orleans, Louisiana 70112
>Telephone: 504-523-1580
>Facsimile: 504-524-0069
>E-mail: rcs@stanleyreuter.com
>tpo@stanleyreuter.em
>**Attorneys for Taishan Gypsum Co. Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Vacate Default Judgment and to Dismiss this Action has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 3rd day of September, 2010.

>/s/ Thomas P. Owen, Jr.