IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | * * * | MDL NO. 2047 |
| _____ | * * | SECTION: "L" |
| THIS DOCUMENTS RELATES TO: | * * | |
| David Gross, et al vs. Knauf GIPS KG, et al Case No. 2:09-cv-6690 (E.D.LA.) | * * * | JUDGE FALLON |
| | * * | MAG. JUDGE WILKINSON |

*********************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ON BEHALF OF DEFENDANT IN INTERVENTION, KBS CONSTRUCTION COMPANY, INC.

Defendant in Intervention, KBS Construction Company, Inc., (hereinafter referred to as "KBS"), sets forth in this memorandum the reasons for its dismissal based on this Honorable Court's lack of personal jurisdiction over KBS in accordance with Fed. R. Civ. P. 12(b)(2).

### BACKGROUND

This matter involves a suit for damages wherein Jessie Sylvester alleges that he has suffered harm and damages due to installation of defective drywall by KBS, incorrectly identified as Kenneth B. Speights Construction Company, in his home located at 314 Sylvester Road, McLain, Mississippi 39456.

Of the more than one thousand plaintiffs in intervention in the Mary Ann Benes Omnibus Intervention III, only Mr. Sylvester alleges a claim against KBS for its alleged drywall installation during construction of his one home in McLain, Mississippi.

## ARGUMENT

**PLAINTIFF DOES NOT ALLEGE ANY KBS CONTACT WITH LOUISIANA AS A BASIS FOR THIS COURT TO EXERCISE PERSONAL JURISDICTION OVER KB.**

Close examination of Benes' Omnibus Complaint in Intervention III reveals at page 126 of 172 at Paragraph 667, the plaintiff intervenor, Jessie Sylvester, establishes only that he is a citizen of Mississippi who owns real property located at the McLain, Mississippi address.

At subsequent Paragraph 1223 it alleges that defendant in intervention, Kenneth B. Speights Construction Company, whose correct name is KBS Construction Company, Inc., is identified as having a principal place of business in Carson, Mississippi, and organized under the laws of Mississippi. This paragraph also contains allegations that this defendant built certain of plaintiff's homes installing defective drywall which has resulted in harm and damages.

**IT IS THE PLAINTIFF'S BURDEN TO SHOW THAT PERSONAL JURISDICTION EXISTS.**

When a non-resident defendant seeks to be dismissed alleging a court's lack of personal jurisdiction, the plaintiff then has the burden to show that personal jurisdiction exists. <u>D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.</u>, 754 F.2d 542 (5th Cir. 1985). <u>Kelvin Services, Inc. v. Lexington State Bank</u>, 46 F.3d 13, at 14. A federal district court setting in diversity has personal jurisdiction over a non-resident defendant if (1) the forum state's long arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the due process clause of the Fourteenth Amendment. <u>Latshaw v. Johnson</u>, 167 F.3d 208, at 211. Louisiana's long arm statute extends jurisdiction to the full limits of due process. See La. R.S. 13:3201 (B).

The exercise of personal jurisdiction over a non-resident defendant satisfies due process when (1) defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimal contacts' with that state and (2) exercising personal jurisdiction over the defendant would not offend traditional notions of fair play and substantial justice. Latshaw at 211 (citing International Shoe v. State of Washington, 326 US 310, 316, 66 S.Ct. 154, 158, 90 L.ed. 95 (1945). The contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court" there. Latshaw at 211 (citing Worldwide Volkswagon Corp. v. Woodson, 444 US 286, 397, 100 S.Ct. 559, 567, 62 LE. ED. 2nd 490 (1980).

The "minimum contacts" by a non-resident defendant can be classified as either "specific" or "general" personal jurisdiction depending on whether defendant's purposeful or intentional contacts arose from or were directly related to the alleged cause of action. If so, it is "specific"; if not, they give rise to "general" jurisdiction but only if the contacts are both continuous and systematic. A single act by a defendant directed at the forum state can be enough to confer personal jurisdiction if the cause of action arises out of that one act. Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.34d 415, at 419 (5th Cir. 1993). Contacts between the forum state must be extensive to satisfy the "systematic and continuous" test. Submersible Systems, Inc. v. Perforadora Central, S.A. 219 F.3d 413, 419 (5th Cir. 2001)

Based on a review the allegations of the complaint in intervention, Jessie Sylvester, the one plaintiff who has sued KBS, has not alleged one fact that establishes that KBS had any form of contact with the State of Louisiana, much less "minimum contacts" sufficient to find specific or general jurisdiction. Furthermore, attached hereto and marked as Exhibit "1" is the sworn Affidavit of Kathy Speights who has been an officer in KBS from its incorporation in December 1995 until it was voluntarily dissolved in November 2007. During that time she had held first the position of

Secretary/Treasurer and in the later years that of President of the corporation. Ms. Kathy Speights' Affidavit clearly demonstrates that KBS during its corporate life had no contact with Louisiana upon which personal jurisdiction could be based.

As KBS had no contacts with the State of Louisiana, neither the Louisiana Long Arm Statute at La. R.S. 13:3201 nor the due process clause of the Fourteenth Amendment, when viewed in a light most favorable to the plaintiff, support this Court's exercise of personal jurisdiction over KBS here in the State of Louisiana. To force KBS to now defend itself in Louisiana before this Court would indeed offend traditional notions of fair play and substantial justice as articulated by the U.S. Supreme Court in its landmark decision in International Shoe, *supra*.

**NEITHER MULTIDISTRICT LITIGATION NOR THE FACT THIS IS A CLASS ACTION UNDER THE CLASS ACTION FAIRNESS ACT (CAFA) 28 USC § 1332(d)(2) AND (d)(6) ALTERS IN ANY WAY THE DETERMINATION OF WHETHER THIS COURT HAS PERSONAL JURISDICTION OVER KBS.**

The conversion from multidistrict litigation to a class action litigation has no bearing on the personal jurisdiction determination. In re: Train Derailment Near Amite, La on October 12, 2002, 2004 WL 224573(E.D.LA. 2/3/2004), the court stated it was unpersuaded that certification of a case involving a train derailment had any bearing on defendant's motion to dismiss for lack of personal jurisdiction. The court stated that the determination of personal jurisdiction depended solely on the defendant's conduct in and contacts with the forum state.

Multidistrict litigation also does not deprive defendants of any right entitled to judicial protection nor has Congress given any indication that by enacting 28 USC § 1407 it intended to expand the territorial limits of effective service. See In Re: Library Editions of Childrens Books, 299 F.Supp. 1139, 1142 (J.P.M.L. 1969).

## CONCLUSION

The Affidavit by Kathy Speights, former Secretary/Treasurer and later President of KBS as well as even the allegations by the one plaintiff in intervention to sue KBS establish no contact by KBS with the State of Louisiana upon which any claim for either "specific" or "general" personal jurisdiction can be based.

That this is multi-district, class action litigation does not change the fundamental requirement that KBS be granted due process under the law. KBS Construction Company, Inc., should be dismissed on the basis this Honorable Court lacks personal jurisdiction over this former Mississippi corporation.

Respectfully submitted

BOGGS, LOEHN & RODRIGUE

_____
ROBERT F. LAKEY (#7927)
CHARLES K. CHAUVIN (#27403)
3616 S. I-10 Service Road W., Suite 109
Metairie, Louisiana 70001
Telephone: (504) 828-1202
Facsimile: (504) 828-1208
*Attorney for KBS Construction Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been served on Liaison Counsel by e-mail and upon all Chinese Drywall parties by electronically uploading the same to LexisNexis File & Serve in accordance with PreTrial Order No. 6 and it was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this __8TH__ day of September, 2010.

_____
ROBERT F. LAKEY
CHARLES K. CHAUVIN

L:\Rob\KBS Construction Co. (0032010002)\Pleadings\MEMO in Supp of Mtn to Dismiss for Lack of Personal Jurisdiction ( 9-7-10).wpd