UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED       *
DRYWALL PRODUCTS LIABILITY        *
LITIGATION                        *           MDL No. 2047
                                  *
                                  *           JUDGE: FALLON
                                  *
This Document relates to:         *           MAG: WILKINSON
*Amato v. Liberty Mutual Insurance* *
*Company, et al* (10-932)         *
                                  *
* * * * * * * * * * * * * * * * * * * * *

### ANSWER TO PLAINTIFFS' AMENDED
### OMNIBUS CLASS ACTION COMPLAINT (V)

NOW INTO COURT, through undersigned counsel, comes Canal Indemnity Company ("Canal"), sought to be made defendant herein, who, reserving all defenses available under Rule 12(b) of the Federal Rules of Civil Procedure, responds to plaintiffs' Amended Omnibus Class Action Complaint (V) as follows:

### FIRST DEFENSE

Plaintiffs fails to state a claim for which relief may be granted.

### SECOND DEFENSE

This Court lacks jurisdiction over the subject matter of plaintiffs' amended complaint.

### THIRD DEFENSE

This Court lack jurisdiction over the person of defendant.

### FOURTH DEFENSE

Plaintiffs' complaint should be dismissed for insufficiency of service of process and/or insufficient process.

## FIFTH DEFENSE

This Court constitutes an improper venue in which to litigate the cause of action, if any, set forth in plaintiffs' amended complaint.

AND NOW, responding to all of the various allegations set forth in plaintiffs' Amended Omnibus Class Action Complaint (V), Canal represents the following:

## JURISDICTION, PARTIES, AND VENUE

The allegations of Paragraphs 1, 2, and 3 are all denied for lack of sufficient information to justify a belief therein.

## PLAINTIFFS

The allegations of Paragraphs 4 through 426 are all denied for lack of sufficient information to justify a belief therein.

## DEFENDANTS

The allegations of Paragraph 427 are denied for lack of sufficient information to justify a belief therein.

**The Insurance Company Defendants**

The allegations of Paragraphs 428 through 453 are all denied for lack of sufficient information to justify a belief therein.  Responding to the allegations of Paragraph 454, which specifically address Canal, Canal admits that it is a foreign surplus lines insurer doing business in the State of Louisiana.  The allegations of Paragraphs 455 through 527 are all denied for lack of sufficient information to justify a belief therein.

**The Distributor/Supplier/Importer/Exporter/Broker Defendants**

The allegations of Paragraphs 528 through 548 are all denied for lack of sufficient information to justify a belief therein.

### The Developer/Builder Defendants

The allegations of Paragraphs 549 through 609 are all denied for lack of sufficient information to justify a belief therein.

### The Contractor/Installer Defendants

The allegations of Paragraphs 610 through 622 are all denied for lack of sufficient information to justify a belief therein.

### Facts Regarding Chinese Drywall Product

The allegations of Paragraphs 623 through 636 are all denied.

### Facts Regarding the Insurance Policies

With respect to all allegations asserted against defendants other than Canal, the allegations of Paragraphs 637 through 643 are denied for lack of sufficient information to justify a belief therein. As to Canal, those allegations are denied for lack of sufficient information to justify a belief therein. Further answering, Canal affirmatively pleads that any insurance policy issued by it in favor of any individual or entity ultimately determined to be liable to plaintiffs is a detailed contract between the parties thereto and necessarily constitutes the best evidence of its own terms and contents, all of which are affirmatively pleaded herein as if copied *in extenso*.

## CLASS ACTION ALLEGATIONS

### The Declaratory Judgment Class

The allegations of Paragraph 644 are denied. Further answering, Canal affirmatively pleads that the putative class proposed by plaintiffs fails to satisfy the class action prerequisites set forth in FRCP 23 and/or any other applicable federal statute, rule, or regulation.

### The Direct Action Subclass (Subclass 1)

The allegations of Paragraph 645 are denied. Further answering, Canal affirmatively pleads that the putative class proposed by plaintiffs fails to satisfy the class action prerequisites set forth in FRCP 23 and/or any other applicable federal statute, rule, or regulation.

### The Insurance Company Defendants and Subclasses (Subclasses 2, *et seq.*)

The allegations of Paragraph 646 and 647 are denied. Further answering, Canal affirmatively pleads that the putative class proposed by plaintiffs fails to satisfy the class action prerequisites set forth in FRCP 23 and/or any other applicable federal statute, rule, or regulation. Further answering, Canal affirmatively pleads that any insurance policy which it issued in favor of any individual or entity ultimately determined to be liable to plaintiffs is a detailed contract between the parties thereto and necessarily constitutes the best evidence of its terms and contents, all of which are affirmatively pleaded herein as if copied *in extenso*.

### General Class Allegations and Exclusions from the Class Definitions

The allegations of Paragraphs 648 through 658 are all denied.

### Count I - Declaratory Judgment

The allegations of Paragraphs 659 through 663 are denied. Further answering, Canal affirmatively pleads that any insurance policy issued in favor of any individual or entity ultimately determined to be liable to plaintiffs is a detailed contract between the parties thereto and necessarily constitutes the best evidence of its own terms and contents, all of which are affirmatively pleaded herein as if copied *in extenso*.

### Count II - Negligence

The allegations of Paragraphs 664 through 671 are denied.

### Count III - Negligence *per se*

The allegations of Paragraphs 672 through 679 are denied.

### Count IV - Strict Liability

The allegations of Paragraphs 680 through 698 are denied.

### Count V - Breach of Express and/or Implied Warranties

The allegations of Paragraphs 699 through 706 are all denied.

### Count VI - Beach of Contract

The allegations of Paragraphs 707 through 710 are all denied.

### Count VII - Violation of the Louisiana New Home Warranty Act

The allegations of Paragraphs 711 through 717 are all denied.

### County VIII - Redhibition

The allegations of Paragraphs 718 through 725 are all denied.

### Count IX - Louisiana Products Liability Act

The allegations of Paragraphs 726 through 737 are all denied.

### Count X - Private Nuisance

The allegations of Paragraphs 738 through 744 are all denied.

### Count XI - Negligent Discharge of a Corrosive Substance

The allegations of Paragraphs 745 through 751 are all denied.

### Count XII - Unjust Enrichment

The allegations of Paragraphs 752 through 755 are all denied.

**Count XIII - Violation of Louisiana Unfair Trade Practices and Consumer Protection Law**

The allegations of Paragraphs 756 through 760 are all denied.

**Count XIV - Equitable and Injunctive Relief and Medical Monitoring**

The allegations of Paragraphs 761 through 773 are all denied.

## DEMAND FOR JURY TRIAL

Canal joins in plaintiffs' request for trial on all issues susceptible to trial by jury.

## AFFIRMATIVE DEFENSES

And now, further answering, Canal affirmatively pleads the following:

1.

Any insurance policy issued by Canal in favor of any individual or entity ultimately determined to be liable to plaintiffs is a detailed contract between the parties thereto and necessarily constitutes the best evidence of its own terms and contents, all of which are affirmatively pleaded herein as if copied *in extenso*.

2.

Coverage under the Canal policy is excluded by the policy's "your work," "your product," "impaired property," "damage to work performed by subcontractors on your behalf," "organic pathogen," and "construction defect" exclusions.

3.

The Canal policy does not cover damages resulting from any breach of contract or any other contract-based cause of action, and further, such coverage is specifically excluded by the policy's contractual liability limitation endorsement.

4.

The Canal policy does not cover damages resulting from the violation of any federal or state consumer protection laws.

5.

The Canal policy excludes damages resulting from intentional, knowing, fraudulent, and purposeful conduct, nor does it cover damages resulting from purposeful and intentional misrepresentations.

6.

Plaintiffs' claims are prescribed and/or perempted by applicable statutes of limitation, repose, and laches.

7.

Plaintiffs' alleged damages were sustained outside the effective dates of any applicable Canal policy.

8.

The actionable conduct allegedly causing plaintiffs' damages occurred outside the effective dates of any applicable Canal policy.

9.

None of the damages alleged by plaintiffs constitute "bodily injury" or "property damage" as defined by the Canal policy.

10.

None of the damages alleged by plaintiffs resulted from an "occurrence" as defined by the Canal policy.

11.

Plaintiffs' alleged damages were caused solely by an act of God, *force majeure*, irresistible force, and/or unavoidable accident and not by any actionable conduct on the part of any individual or entity insured by Canal.

12.

There is no coverage under the Canal policy to the extent that Canal's insured did not timely notify Canal of any occurrence, accident, claim, or suit relating in any way to the claims asserted by plaintiffs.

13.

The Canal policy did not provide coverage to the extent plaintiffs' claims arise out of or occurred in whole or in part from the actual, alleged, or threatened discharge, disbursal, seepage, migration, release, or escape of pollutants, irritants, or any other hazardous substances at any time.

14.

The Canal policy does not provide coverage for punitive or exemplary damages.

15.

The Canal policy only applies to damages arising out of those operations which are classified and shown in the policy's declarations, endorsements, and supplements.

16.

There is no coverage under the Canal policy for medical expenses for "bodily injury" included within the "products-completed operations hazard."

17.

Plaintiffs' alleged damages were caused solely by the fault of third parties over whom Canal exercised no supervision or control, nor whom Canal insured, such that said third party fault cannot

be imputed to Canal.

18.

Plaintiffs have failed to mitigate their damages.

19.

Plaintiffs' damages resulted solely from plaintiffs' own legal fault and want of care, so as to completely bar any recovery by plaintiffs herein.

20.

Plaintiffs' alleged damages were caused, at least in part, by plaintiffs' own comparative fault and/or contributory negligence, so as to result in a proportionate reduction in any judgment which plaintiffs may ultimately recover.

WHEREFORE, defendant, Canal Indemnity Company, prays that this answer be deemed good and sufficient, and that after due proceedings are had there be judgment rendered herein in its favor, dismissing plaintiffs' demands with prejudice, at plaintiffs' cost, for trial by jury on all issues, and for all general and equitable relief.

Respectfully submitted:

**BURGLASS & TANKERSLEY, LLC**

/s/ Scott O. Gaspard
DENNIS J. PHAYER (10408)
SCOTT O. GASPARD (23747)
5213 Airline Drive
Metairie, Louisiana 70001-5602
Phone: (504) 836-2220
Fax: (504) 836-2221
dphayer@burglass.com
sgaspard@burglass.com

*Counsel for defendant, Canal Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer to Plaintiffs' Amended Omnibus Class Action Complaint (V) has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of September, 2010.

/s/ Scott O. Gaspard