# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA
### (MDL 2047/Chinese Drywall)

| | | |
|---|---|---|
| David Gross, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.  09-6690 |
| | ) | |
| v. | ) | |
| | ) | |
| Knauf Gips, KG, Pulte Home Corp., *et al.* | ) | This Document Applies to the Lead Case and the Mary Anne Benes' Substituted and Amended Omnibus Complaint in Intervention (III) (Proposed Subclass # 208) |
| | ) | |
| Defendants. | ) | |
| _____/. | ) | |

## PULTE HOME CORP.'S MOTION TO DISMISS
## COMPLAINT BY AMY BLOOM (PROPOSED SUBCLASS #208 ONLY)

Defendant, Pulte Home Corp., a Michigan corporation ("Pulte"), by and through its undersigned counsel and pursuant to *Fed R. Civ. P*. 12(b)(2), hereby moves to dismiss the lawsuit filed by Intervener Plaintiff, Amy Bloom ("Bloom"), in the Mary Anne Benes' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) dated March 18, 2010 (the "Complaint"), and in furtherance thereof, states:

**A.**     **Summary Of This Motion**.

1.     Bloom, who owns a residence at 9719 Porta Leona Drive, Boynton Beach, Florida allegedly containing Chinese Drywall, intervened as a Plaintiff in the aforementioned class action.  However, Bloom never sued Pulte in Florida before joining this action and Pulte had not been a party to the litigation until Bloom filed suit. Thus, her claim is not a transferred action. She simply sued Pulte in the Eastern District of Louisiana, a state with which Pulte has no minimum contacts. As a result, her complaint must be dismissed because this Court does not have personal jurisdiction over Pulte.

B.   **Background of Bloom's Complaint.**

2. On or about September 1, 2009, Bloom had an air toxicology inspection performed on her home by Air Toxics, Ltd. The toxicology report showed slightly elevated levels of carbonyl sulfide and carbon disulfide, possible indicators of defective Chinese Drywall.

3. Through counsel, Bloom provided a copy of this Air Toxics report to Pulte. On or about October 2, 2009, A2L Technologies, Inc., professional engineers and industrial hygienists retained by Pulte, conducted a thorough inspection of Bloom's residence. The inspection included a visual inspection of the of the residence, an XRF analysis, and bulk sampling tests. A2L Technologies concluded that Bloom's home contained no defective Chinese Drywall.

4. A true and correct copy of A2L Technologies inspection report is attached hereto as **Exhibit A**.

5. Shortly after A2L performed its inspection, Pulte advised Bloom that her home did not contain defective Chinese Drywall.

6. Nonetheless, on or about October 27, 2009, Bloom served on Pulte a request for insurance information pursuant to Fla. Stat. § 627.4137, asserting that she may have a claim against Pulte for alleged construction defects and that her counsel previously sent a "558 Notice" to Pulte.[1] A true and correct copy of this letter is attached hereto as **Exhibit B**.

7. On October 7, 2009, the original *Gross, et al. v. Knauf GIPS KG*, *et al*. class action complaint was filed in the United States District Court for Eastern District of Louisiana, Case No.: 2:09-cv-06690-EEF-JCW.

8. Pulte was not named as a Defendant in the original *Gross* complaint.

---

[1] In fact, Bloom never served a notice on Pulte pursuant to Fla. Stat. § 558.004 as required by law. Only Eileen DeCarlo and Jerald Nelson did. Nelson & DeCarlo are Bloom's neighbors who initially were joined in proposed Subclass #208, but who have since dismissed their complaint against Pulte.

2

9. On October 19, 2009, the *Gross* complaint was amended. [See, Lead Case 2:09-md-02047, Docket Entry 366].[2] Pulte was not named as a Defendant in the Amended *Gross* Complaint.

10. On February 2, 2010, Bloom moved to intervene as an absent class member in the Plaintiffs' Motion to Intervene in the Amended *Gross* Complaint. [DE# 1712]

11. Pulte was, for the first time, named as an Additional Defendant in this Motion to Intervene in the *Gross* Amended Complaint. This Motion to Intervene was granted on March 18, 2010. [DE# 1776]

12. On May 24, 2010, Pulte was served with Bloom's Complaint. [DE# 3872]

13. On June 28, 2010, Pulte answered the Complaint, asserting as its Third Affirmative Defense that this Court lacked personal jurisdiction. [DE# 4540]

14. On July 21, 2010, Pulte provided Bloom with a copy of the A2L Technologies report referenced above. Despite being advised that her home does not contain Chinese Drywall, she has nonetheless maintained her class action complaint against Pulte in Louisiana even though neither she nor Pulte has any reasonably anticipated basis for being there.

**B.   Pulte Has No Minimum Contacts With Louisiana.**

15. Pulte has no offices, employees, agents, or representatives in Louisiana. See, the Affidavit of Jan Klym, a Corporate Paralegal of PulteGroup, Inc., a publicly traded Michigan corporation and the ultimate parent of Pulte, filed contemporaneously hereto in support of this Motion to Dismiss (the "Klym Affidavit").

16. Pulte does not sell homes in Louisiana and has never constructed any homes in Louisiana. See, Klym Affidavit.

---

[2] All references to the Lead Case docket entries shall be hereinafter indicated by the following symbol: [DE# __].

17. Pulte has no bank accounts, books, records, telephone listings or other business activities in Louisiana. See, Klym Affidavit.

18. Pulte does not own any portion of any company located in Louisiana. See, Klym Affidavit.

19. Pulte is not registered to do business in Louisiana. See, Klym Affidavit.

20. Pulte does not own or lease property in Louisiana. See, Klym Affidavit.

21. Pulte does not target its advertising toward Louisiana residents. See, Klym Affidavit.

22. Pulte has not exchanged any discovery with Bloom or otherwise engaged in any activities that would evidence a waiver of any of its affirmative defenses.

23. Because Pulte has no minimum contacts with Louisiana, it would offend the notions of fair play and justice to force Pulte to continue to defend itself in this action.

WHEREFORE, Pulte Home Corporation, hereby requests that this Court DISMISS the Complaint filed by the Plaintiff, Amy Bloom, for attorneys' fees and costs as permitted to the prevailing party under Florida's Deceptive and Unfair Trade Practices Act, *Fla. Stat.* § 501.201, *et seq.* under which Bloom has sued, and for such other relief as this Court deems just and proper.

SIGNED THIS 9th day of September, 2010.

/s/ John H. Dannecker, Esq.
**JOHN H. DANNECKER, ESQ.**
Florida Bar No. 0745030
**AMANDA G. SIMMONS, ESQ.**
Florida Bar No. 0728020
SHUTTS & BOWEN, LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801-5403
Telephone: (407) 423-3200

4

<div style="text-align: right">
Facsimile: (407) 849-7291  
Email: jdannecker@shutts.com  
asimmons@shutts.com  
*Attorneys for Pulte Home Corp.*
</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing <u>Motion To Dismiss Complaint By Amy Bloom (Regarding Proposed Subclass # 208 Only)</u> has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047; and U.S. Mail and facsimile to: Robert Brown, III, Esq., *counsel for Subclass #208* and Phillip A. Whittmann, *Liaison Counsel for Homebuilder and Installers* , on this 9th day of September, 2010.

<div style="margin-left: 50%">
/s/ John H. Dannecker, Esq._____  
**JOHN H. DANNECKER, ESQ.**
</div>

ORLDOCS 11938955 1