UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
(MDL 2047/Chinese Drywall)

| | | |
|---|---|---|
| David Gross, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-6690 |
| | ) | |
| v. | ) | |
| | ) | This Document Applies to the Lead Case and the |
| | ) | Mary Anne Benes' Substituted and Amended |
| | ) | Omnibus Complaint in Intervention (III) |
| | ) | (Proposed Subclass # 208) |
| Knauf Gips, KG, Pulte Home Corp., *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____/. | ) | |

**PULTE HOME CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO DISMISS THE COMPLAINT FOR LACK OF JURISDICTION
FILED BY AMY BLOOM AS PROPOSED SUBCLASS #208**

Defendant, Pulte Home Corp. ("Pulte"), by and through its undersigned counsel and pursuant to <u>Fed R. Civ. P</u>. 12(b)(2), hereby submits this Memorandum of Law In Support of Its Motion to Dismiss the lawsuit filed by Intervener Plaintiff, Amy Bloom ("Bloom"), in the Mary Anne Benes' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) dated March 18, 2010 (the "Complaint"), and in furtherance thereof, states:

**A.    Summary of Motion.**

1.    Pulte has no continuous and/or systematic business dealings in the State of Louisiana. The actions giving rise to the allegations in Bloom's complaint in intervention did not occur in Louisiana. Bloom's complaint was not transferred from Florida to Louisiana. As a result, in order to avoid offending the notions of fair play and substantial justice, Bloom must allege and prove that Pulte has minimum contacts with Louisiana, which she has failed to do.

Because Pulte has no minimum contacts with Louisiana, Bloom's complaint must be dismissed for lack of personal jurisdiction.

**B.      Pulte Does Not Have Minimum Contacts In Louisiana, Mandating Dismissal.**

2.      The Plaintiff has the burden of establishing personal jurisdiction over a non-resident defendant. *Kevlin Serv., Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995). This is done by alleging facts in the complaint which are sufficient and detailed enough to establish personal jurisdiction over a non-resident defendant. *Caldwell v. Palmetto State. Sav. Bank of S. Carolina*, 811 F.2d 916, 917 (5th Cir. 1987). The Plaintiff has failed to do this.

3.      Bloom's Complaint originated in the United States District Court for the Eastern District of Louisiana. She joined the class action lawsuit by intervening in the *Gross, et al. v. Knauf GIPS KG, et al.*, Case No. 2:09-cv-0669-EEF-JCW. Her case was not transferred from Florida, where Bloom's residence is, out of which the request for recovery originates and where Pulte maintains an office.

4.      Pulte was not named as a Defendant in the original *Gross* complaint, nor the Amended *Gross* Complaint  This necessitated that Bloom intervene, then serve process on Pulte, which was effectuated on May 24, 2010. None of the allegations in the Complaint set forth any basis for this Court's personal jurisdiction over Pulte, a Michigan corporation.

5.      Pulte answered the Complaint, asserting as its Third Affirmative Defense that the this Court does not have personal jurisdiction over Pulte. Pulte has not engaged in any activities which would indicate a waiver of this defense.

6.      Personal jurisdiction over a non-resident defendant may be established in two ways: (1) general jurisdiction or (2) specific jurisdiction. "General personal jurisdiction arises from a defendant's contacts with the forum that are unrelated to the cause of action being

litigated." <u>Consol. Dev. Corp. v. Sherritt, Inc.,</u> 216 F.3d 1286, 1292 (11th Cir. 2000). It "require[s] a showing of continuous and systematic general business contacts between the defendant and the forum state." <u>Id</u>.

7. This court does not have general jurisdiction over Pulte. Pulte has no offices, employees, agents, or representatives in Louisiana. See, Klym Affidavit. Pulte has never constructed or sold any homes in Louisiana. See, Klym Affidavit. Pulte has no bank accounts or other records in Louisiana. See, Klym Affidavit. While Pulte does occasionally conduct national advertisements for its properties (which are not located in Louisiana), such national advertisement is not targeted toward Louisiana residents. See, Klym Affidavit. National advertising does not entitle a court to establish general jurisdiction over a nonresident corporation. <u>Johnston v. Multidata Systems Int'l Corp</u>., 523 F.2d 602, 611 (5th Cir. Tx. 2008).

8. To show the type of "continuous and systematic contact" required for general jurisdiction, a plaintiff must demonstrate contacts of a more extensive quality and nature between the forum state and the defendant than those needed for specific jurisdiction. <u>Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colorado</u>, --- F.3d ---, 2010 WL 3156773, *2 (5th Cir. La. 2010). To find general jurisdiction over the defendant, a defendant's contact with the forum must be substantial. Random, fortuitous or attenuated contacts are not sufficient. <u>Choice Healthcare</u> at *2.

9. Simply put, Pulte has not engaged in any continuous and systematic business contacts with Louisiana sufficient to allow this Court to have general jurisdiction over it.

10. Unlike general jurisdiction, specific jurisdiction "arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." <u>Id</u>. at 1291. To establish sufficient minimum contacts for purposes of specific jurisdiction, the defendant's

contacts with the forum state must satisfy three criteria. *Moncreif Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 312, fn 2 (5th Cir. Tex. 2007) and *McGow v. McCurry,* 412 F.3d 1207, 1214 (11th Cir. Cir. 2005); Also see, *Choice Healthcare* * 2 and *Seiferth v. Helicoperso Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). First, the contacts must be related to the plaintiff's cause of action or have given rise to it. *Moncreif Oil* at 312. Second, the contacts must involve some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws. *Id.* Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there so as not to offend due process. *Id.*; Also see, *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993).

11. Under the Supreme Court's "effects test" in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), the second prong (purposeful availment) can be satisfied by "a foreign act that is both aimed at and has effect in the forum state." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000). "To meet the effects test [or purposeful availment test], the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Id.*

12. Even an exchange of communications in the course of developing and carrying out a contract does not, by itself, constitute the required purposeful availment of the benefits and protections of the forum state's laws so as to subject one's self to the state's long-arm statute. *Moncrief Oil* at 312, citing, *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986).

13. Plaintiff Bloom can hardly say that Pulte purposefully availed itself of Louisiana's benefits and laws. The actions allegedly giving rise to Bloom's Complaint arise out

of the construction of her home in Boynton Beach, Florida. The construction of her home involved a Florida-domiciled subcontractor which purchased the drywall in Florida, not Louisiana. Even the alleged breach of warranties would have necessarily occurred in Florida.

14. Notwithstanding the fact that Bloom's home does not contain defective Chinese Drywall, the harm of which she complains occurred solely in Palm Beach County, Florida. Moreover, Pulte does not engaged in systematic and continuous contacts with the state. See Klym Affidavit.

15. To require Pulte to litigate in Louisiana would offend the traditional notions of fair play and substantial justice, as such dismissal of Bloom's complaint is mandatory. *Moncreif Oil Intern.* at 311.

16. Because Bloom has attempted to bring suit against Pulte under Florida's Deceptive and Unfair Trade Practices Act, *Fla. Stat*. § 501.201, *et. seq*., Pulte, as the prevailing party, is entitled to recover its attorneys' fees and costs should this Court grant this Motion. See, *Fla. Stat*. § 501.2105(1). Demand is hereby made for an award of attorneys' fees and costs.

WHEREFORE, Defendant, Pulte Home Corporation, hereby respectfully requests that this Court GRANT its Motion to Dismiss the Complaint of Amy Bloom, for its attorneys' fees and costs in having to bring this Motion, and for such other relief as this Court deems just and proper.

SIGNED THIS 9th day of September, 2010.

/s/ John H. Dannecker, Esq.
**JOHN H. DANNECKER, ESQ.**
Florida Bar No. 0745030
**AMANDA G. SIMMONS, ESQ.**
Florida Bar No. 0728020
SHUTTS & BOWEN, LLP

ORLDOCS 11939078 1

>300 South Orange Avenue, Suite 1000
>Orlando, Florida 32801-5403
>Telephone: (407) 423-3200
>Facsimile: (407) 849-7291
>Email: jdannecker@shutts.com
>       asimmons@shutts.com
>*Attorneys for Pulte Home Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing <u>Memorandum of Law in Support of Pulte's Motion to Dismiss The Complaint By Amy Bloom (Regarding Proposed Subclass # 208 Only)</u> has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047; and U.S. Mail and facsimile to: Robert Brown, III, Esq., *counsel for Subclass #208* and Phillip A. Whittmann, *Liaison Counsel for Homebuilder and Installers* , on this 9th day of September, 2010.

>/s/ John H. Dannecker, Esq._____
>**JOHN H. DANNECKER, ESQ.**