UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * * * ** * * * * * * ** * * * * * * ** * *

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., et al.,* **Case No. 09-6687**

**TAISHAN'S MOTION PURSUANT TO RULES 12(B)(2), 55(C), 60(B) AND 62.1 TO VACATE THE DEFAULT JUDGMENT, DISMISS THIS ACTION AND TO SEEK <u>REMAND FROM THE COURT OF APPEALS</u>**

Defendant Taishan Gypsum Co. Ltd. ("Taishan") submits this memorandum in support of its motion (1) pursuant to Rules 55(c), 60(b) and 62.1 of the Federal Rules of Civil Procedure (a) to have the Court state that it would grant this motion if the court of appeals remands for that purpose and (b) after remand, for an order vacating the November 20, 2009 order of this Court holding Taishan in preliminary default and vacating the May 11, 2010 default judgment in the amount of $2,758,356.20; and (2) after remand, for an order pursuant to Rule 12(b)(2), dismissing this action on the grounds of lack of personal jurisdiction.

Taishan respectfully submits although it has filed a Notice of Appeal from the November 20, 2009 and May 11, 2010 orders, this Court should follow the procedure set forth in Fed. R. Civ. P. 62.1 and seek remand so it may decide the motion to vacate under Rules 55 and 60(b) and the motion to dismiss under Rule 12(b)(2). Rule 62.1 provides:

  (a) Relief Pending Appeal.
    If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
    (1) defer considering the motion;
    (2) deny the motion; or
    (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
  (b) Notice to the Court of Appeals.
    The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
  (c) Remand.
    The district court may decide the motion if the court of appeals remands for that purpose.

As explained in more detail in the attached memorandum, which is incorporated herein as if stated in full, the preliminary default and the default judgment are void and must be vacated for several reasons. *First*, the Court cannot exercise personal jurisdiction over Taishan consistent with the Due Process Clause of the United States Constitution because Taishan has not had the requisite minimum contacts with Virginia, the forum state where Plaintiffs filed their original Complaint. *Second*, Plaintiff-Intervenors did not properly serve Taishan with their motion to intervene or the pleading required by Fed. R. Civ. P. 24(c) and 5(a)(2). *Third*, even if there were a basis for jurisdiction over Taishan, Taishan was not served with the Second Amended Complaint, on which the default was entered and on which the default judgment was based. *Fourth*, the default judgment cannot stand to the extent that it is based on a complaint that this Court has already found fails to state a claim under the Virginia Consumer Protection Act. Further, the defaults should be vacated because any failure by Taishan to timely respond was excusable under the circumstances.

  WHEREFORE, Taishan Gypsum prays that pursuant to Fed. R. Civ. P. 62.1 this Court state that it would grant the motion if the court of appeals remands for that purpose and after remand vacate the preliminary default order dated November 20, 2009 and the default judgment

dated May 11, 2010, and dismiss this action because this Court does not have personal jurisdiction over Taishan Gypsum.

Date: September 10, 2010

Respectfully submitted,

/s/ Thomas P. Owen, Jr.
Joe Cyr
Frank T. Spano
Eric Statman
Matthew J. Galvin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Email: Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com
matthew.galvin@hoganlovells.com
Telephone: 212-918-3000
Facsimile: 212-918-3100

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
E-mail: rcs@stanleyreuter.com
tpo@stanleyreuter.em
**Attorneys for Taishan Gypsum Co. Ltd.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion Pursuant to Rules 12(b)(2), 55(c), 60(b) and 62.1 to Vacate the Default Judgment, Dismiss this Action and to Seek Remand from the Court of Appeals has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of September, 2010.

/s/ Thomas P. Owen, Jr.