UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHELLY PARR WIFE OF/AND KELLY PARR** | * | **CIVIL ACTION NUMBER: 10-2737** |
| | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE:** |
| **TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C., ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, JOHN DOE SUPPLY, JOHN DOE SUBCONTRACTORS, LIBERTY MUTUAL FIRE INSURANCE COMPANY, INTERIOR EXTERIOR BUILDING SUPPLY, LP, INTERIOR EXTERIOR ENTERPRISES, LLC, SOUTH CORTEZ, LLC, GRAF'S DRYWALL, LLC, FIRST FINANCIAL INSURANCE COMPANY AND WESTERN WORLD INSURANCE COMPANY** | * | |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

This Memorandum is submitted on behalf of Plaintiff, Shelly Parr Wife of/and Kelly Parr ("Parr"), in support of their Motion to Remand.

The Plaintiffs are homeowners who have discovered "Chinese Drywall" within their home, and who whereupon, filed a Petition in state court against (i) their builder (Tallow Creek), (ii) the suppliers and installers of the drywall (currently unknown, but whose identity is being sought in discovery), and their homeowners insurance (Liberty Mutual).

Tallow Creek is a Louisiana company.

Liberty Mutual nevertheless removed this case to federal court averring that §1332 jurisdiction is implicated because all other parties to the litigation aside from

Liberty were fraudulently joined.   They seek severance of their action pursuant to FRCP 21, arguing that the State Farm case can be more efficiently and judiciously adjudicated in separate actions.

Plaintiffs contend the opposite.

First, Liberty Mutual is not fraudulently joined in the state court action because the Plaintiffs have brought the claims against all the parties in good faith, in accordance with the Louisiana Code of Civil Procedure, and not solely for the purposes of avoiding federal jurisdiction.

Second, and more importantly, the action against Liberty Mutual is closely connected to the actions against the other parties in the state action, and adjudication of the two matters separately, in two separate courts, would be prejudicial and burdensome for the Plaintiffs.

**Diversity Jurisdiction:   In General**

Federal courts are courts of limited jurisdiction[1]. They possess only that power authorized by the Constitution and statutes, which is not to be expanded by judicial decree. *Id.* It is to be presumed that a cause lies outside of this limited jurisdiction, and that the burden of establishing the contrary rests upon the party-asserting jurisdiction. *Id*.  Diversity jurisdiction of federal district courts is limited to those civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between completely diverse citizens. 28 U.S.C. § 1332(a).

---

[1] *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 376 (1994)

Here, we do not have completely diverse citizens. Liberty Mutual is attempting to drive a wedge between the tort and contractual claims and fabricate a diverse proceeding.

**Liberty Mutual Has Burden of Proof Regarding Fraudulent Joinder**

None of the parties deny Plaintiffs are Louisiana citizens, Liberty Mutual has citizenship in Wisconsin and Tallow Creek has Louisiana citizenship. Liberty Mutual is simply attempting to split the claims asserted against it so that it may achieve diversity, claiming Tallow Creek is fraudulently joined.

In the *Capeheart-Creager Enterprises*[2] case, the court clarified that the burden of demonstrating fraudulent joinder rests with the party making the assertion, stating that the "[r]emoving defendant who claims fraudulent joinder must plead such with particularity and prove by clear and convincing evidence that joinder is fraudulent."

Interestingly, Liberty Mutual does not argue the claims against the Louisiana defendant(s) are fraudulent or unviable in support of its removal.   Liberty Mutual seeks removal claiming that the action against it is unrelated to the other actions.

The claim against Liberty Mutual is not unrelated to the underlying facts and law of the proceeding's other claims.   While Liberty Mutual will have distinct legal defenses in its quest to deny coverage, the underlying facts relevant to its argument will be:  (i) does the home have Chinese Drywall; (ii) how deep do the damages run;

---

[2] *Capehart-Creager Enterprises, Inc. v O'Hara & Kendall Aviation, Inc.* (1982, WD Ark) 543 F Supp 259.

(iii) what exactly caused the damages; and (iv) are the damages a type that implicates coverage.

Plaintiff contends a judge or jury will ultimately be required to decide factually, and based upon expert testimony, *what exactly* caused the damages to the Plaintiffs' home and person.   The cause and factual circumstances of the "occurrence" will be at the center of the parties' arguments.

The case against the other non-diverse defendants in this state action is not secluded from this determination.   To the contrary, a judge or jury will similarly be required to make factual determinations, based on the same expert testimony, to the cause and depth of the damages to Plaintffs' person and property to understand whether the builder, suppliers and installers have any liability to Plaintiffs.

Disregarding for the purposes of argument whether Plaintiffs have the procedural right to join these actions, it:   (i) makes sense for the proceeds to be joined; and (ii) may be a circumstance where joinder is required.   After all, if the proceedings are separated, a factual determination in one of the proceedings may contradict the same factual determinations in another proceeding, and there is the chance that one action may be res judicada of the other.

Further, the Plaintiffs are not seeking two or three different judgments against the two or three different parties.   Instead, the Plaintiffs are seeking one judgment against all the parties, who may be jointly and severally liable to it for the damages sustained.

## **The Cases Used to Prove the Alleged Improper Joinder Can Be Distinguished**

Each case Liberty Mutual uses in their attempt to prove that they were improperly joined can be distinguished from the case at hand. Liberty Mutual first contends that the non-diverse citizens are improperly joined, and because of this they do not defeat federal court jurisdiction. The first case that they rely on is *Tapscott*[3]. In *Tapscott*, Plaintiff added to a complaint regarding fraud and civil conspiracy arising from the sale of "service contracts" on automobiles a new defendant a complaint regarding violations of an Alabama code regarding the sale of extending service contracts in connection with the sale of retail products.[4] The court held that the two classes had no connection with the controversy regarding the other.[5] In the case at hand, the nucleus of fact – the existence of Chinese drywall in the home of Shelly and Kelly Par – provides a clear connection in the claims against each of the defendants, including Liberty Mutual.

Another case cited by Liberty Mutual is *Mallard v. Prudential Ins. Co. of America*, 1996 WL 170126 (M.D.Ala.). *Mallard* is similar to *Tapscott*. A group of plaintiffs filed complaints against an Insurance Company and one of its former agents.[6] After discovery it was determined that a large group of the plaintiffs had no cause of action against the former agent.[7] The court would not allow the additional Plaintiffs to defeat the Defendants' right to have their claims heard in a federal court by the joinder of totally separate claims of other non-diverse parties. Again, this

---

[3] *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996)
[4] Id.
[5] Id. at 1360.
[6] Id. at 2.
[7] Id.

case is differentiated from the case at hand because there is a clear connection between each of the defendants – including Liberty Mutual.

The next case that Liberty Mutual uses to attempt to prove improper joinder is *Turpeau v. Fidelity Fin Servs., Inc.*.[8] In this case automobile purchasers brought a class action in state court against lenders and life insurers, seeking to hold them liable for sales of credit life insurance in amounts that allegedly exceeded statutory limits[9]. No single plaintiff was hurt by more than one Defendant lender and one Defendant insurer.[10] It is this fact that distinguishes the class action suit in *Turpeau* to the case at hand.  The courts holding in *Turpeau* – that because each of the transactions at issue were made with different plaintiffs and different defendants, the transactions were not sufficiently related so as to permit joinder[11]- has no baring in this instance.  Here, there is only one plaintiff and each defendant hurt this plaintiff.

Defendants next contend that when a petition alleges only parallel claims against separate, unrelated diverse and non-diverse defendants, joinder of the non-diverse defendants is improper.  This contention holds true for cases such as *Tapscott*, where there are two clearly unrelated claims, but says nothing about a scenario such as the one in this case.  In support of this contention, Defendants first cite a case from the Middle District of Louisiana.  This case, *Chehardy, et al. vl Louisiana Ins. Comm., et al.* which could not be located by undersigned counsel and when opposing counsel was asked about the matter could not locate *Chehardy*.

---

[8] 963 F. Supp. 975 (N.D. Ga. 1996), *aff'd*, 112 F.3d 1173 (11th Cir. 1997)
[9] *Turpeau v. Fidelity Fin. Servs., Inc.* 936 F.Supp at 977 (11th Cir. 1997)
[10] Id.
[11] Id.

Another case cited by Defendant is *Polk v. Lifescan, Inc.* In this case, the court granted the plaintiff's Motion to Remand where the defendants sought removal because they believed that non-diverse defendants had been improperly joined.[12] The court laid out the most current test for fraudulent joinder saying "the court determines whether *any possibility of recovery* against the party whose joinder is being questioned."[13]  They go on to say that "if there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder."[14]  Further, "[t]his *possibility, however, must be reasonable*, not merely theoretical.[15]  Clearly, this test is met in the case at hand, thus barring fraudulent joinder.

**Fairness Precludes Severance**

Plaintiffs assert that removal is inappropriate because it is unfair.  The court in *Pena v. McArthur,* analyzing the federal court rules for severance note that "Fairness is a critical consideration in determining whether severance is appropriate."[16]

Here, Liberty Mutual seeks to sever the action against it, remove it to federal court, and require the individual Plaintiffs to litigate in two different jurisdictions. Liberty Mutual being a sophisticated and well-funded corporation, and the Plaintiffs' being individuals severely damaged by the existence of Chinese Drywall damage to their home and person.

---

[12] *Polk v. Lifescan, Inc.*, No. 4:03CV020, 2003 WL 22938056 (N.D. Miss. 2003)
[13] Id.
[14] Id.
[15] Id.
[16] *Pena v. McArthur*, 889 F. Supp. 403 (E.D. Cal. 1994)

Requiring the individual Plaintiffs to litigate in two forums is over burdensome and unfair, and shifts an unfair advantage to the insurance Defendant.

While removal may present unfair issues to the Plaintiffs, remanding is not unfair at all to Liberty Mutual.  Liberty Mutual is still entitled to file a Motion to Dismiss in that action, and assert all the arguments for dismissal that it makes herein.  The only difference is that the Plaintiffs aren't requirement to separate their actions, rightly joined, and litigate the issues in two different forums.

**Conclusion**

Diversity Jurisdiction under 28 U.S.C. §1332 is not proper here even though the jurisdictional amount is met. The second requirement for Diversity is not met, which is complete diversity between parties exist. Here we have both the Plaintiffs and Tallow Creek having domicile in Louisiana.

Liberty Mutual attempts to sever the claims asserted against it from the alleged "underlying torts," but this is a hollow attempt to select the forum and create an unfair advantage over the individual Plaintiffs.  In the interest of judicial economy and as per the State and Federal Statutes governing disputes such as the instant matter, the case should be remanded back to the 22nd Judicial District Court where it can properly be adjudicated.

Plaintiffs pray that this Honorable Court remand this matter back to State Court and award all costs and attorney fees for this improper procedural maneuver, which has caused further delay and inconvenience to the Plaintiffs.

Respectfully Submitted,

s/ Seth J. Smiley
WOLFE LAW GROUP, LLC
Scott G Wolfe Jr. (30122)
Seth J. Smiley (32693)
4821 Prytania Street
New Orleans, LA 70115
504-894-9653
Fax: 866-761-8934
http://www.wolfelaw.com
Attorneys for Plaintiff Rogers

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Motion to Remand has been served on Plaintiffs' Liaision Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13 day of September, 2010.

s/ Seth J. Smiley
SETH J. SMILEY