# Chopin Wagar Richard & Kutcher

*Attorneys at Law*
A Limited Liability Partnership

**Audra C. Curry**
Paralegal
Direct Telephone 504 830 3825
Facsimile 504 836 9576
acurry@chopin.com

August 30, 2010

St. Tammany Parish Clerk of Court
P. O. Box 1090
Covington, LA 70434
ATTN: CIVIL RECORDS

> Re: *Rosanne Wilfer v. ASI Lloyds*
> 22nd JDC No. 2010-14762, Division I
> Our File: 891.5821

Dear Clerk:

Please find enclosed our firm check in the amount of $12.06 in advance payment for a certified copy of the record of the above-referenced suit. Please forward the certified copy to my attention at your earliest possible convenience.

With kind regards, I remain

Sincerely yours,

Audra C. Curry
Paralegal

/acc
Enclosure

Rec'd & Sent 8/31/10 PB

Two Lakeway Center, Suite 900  3850 North Causeway Boulevard
Metairie, LA  70002
Telephone 504 830 3838
Facsimile 504 836 9540

EXHIBIT A



# Malise Prieto
## Clerk of Court
### 22nd Judicial District
### Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

DATE: August 31, 2010

I, Pamela A. Beach, DEPUTY CLERK, HEREBY CERTIFY THE ATTACHED TO BE A *TRUE AND COMPLETE COPY* OF THE *CIVIL SUIT* NUMBERED 2010-14762, ENTITLED Rosanne Wilfer VS. ASI Lloyds IN THE TWENTY-SECOND JUDICIAL DISTRICT COURT, PARISH OF ST. TAMMANY, FROM INCEPTION OF THE CASE UNTIL August 30, 2010.

*Pamela A. Beach*
DEPUTY CLERK OF COURT
22ND JUDICIAL DISTRICT COURT

## 22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

### STATE OF LOUISIANA

No. 2010-14762       DIVISION "I"

### ROSANNE WILFER

-VERSUS-

### ASI LLOYDS

FILED: July 29, 2010

_____
DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, ROSANNE WILFER, who, respectfully states as follows:

1.

Petitioner is an individual of full age of majority, residing at 1202 Magnolia Alley, Mandeville, Louisiana 70471 in the Parish of St. Tammany.

2.

Defendant, ASI LLOYDS, is a Florida insurance corporation authorized to do and is doing business in Louisiana, domiciled at 300 Executive Center Drive, West Suite 300, St. Petersburg, FL 33702 and has designated the Louisiana Secretary of State as its agent for service of process in Louisiana.

3.

Venue is proper in this Court pursuant to articles 74, 76 and 76.1 of the Louisiana Code of Civil Procedure.

4.

Petitioner is owner of 1202 Magnolia Alley, Mandeville, Louisiana 70471, located in the Parish of St. Tammany, State of Louisiana.

5.

Petitioner purchased an insurance policy from Defendant, providing coverage for the dwelling in an amount of $241,980.00.

6.

In or about the Summer of 2009, Petitioner discovered that Petitioner's Home was constructed using Chinese manufactured drywall, which caused, and continues to cause,

ST TAMMANY PARISH 2010 JUL 29 P 2:39 FILED

**FAX FILED**
7/23/10

physical loss and damage to Petitioner's Home and contents. The Chinese drywall emits odorous gases that cause corrosion of air-conditioner and refrigerator coils, copper tubing, electrical wiring, computer wiring, and other household items.

7

Petitioner's policy issued by Defendant is all risk policies, providing coverage for direct physical loss or damage to the homes unless caused by the exclusions named in the policy.

8

On or about July 9, 2009, Petitioner provided notice of Petitioner's claim relating to the possible presence of Chinese drywall in Petitioner's Home to Defendant.

9.

On or about July 23, 2009, a final report was rendered by Harold I. Zeliger, Ph.D., inspector for Defendant, that the home was positive for Chinese manufactured drywall.

10.

On or about August 31, 2009, Defendant notified Petitioner that Defendant had determined that the damages being claimed for Petitioner's Home were excluded from coverage and that Defendant was denying coverage for Petitioner's damages caused by the Chinese-manufactured drywall by listing all of the exclusions in Petitioner's policy without specifying which exclusion applied to Petitioner's claim.

11.

On or about October 28, 2009, Petitioner was notified by Defendant that Petitioner's policy would not be renewed and coverage would end on February 28, 2010. Defendant stated that the reason for non-renewal was for "Reduction of Hurricane Exposure Management", although Defendant continued to write policies in Petitioner's very own neighborhood.

12.

Petitioner was then forced to purchase last resort insurance from Louisiana Citizens Fair Plan at a premium of $2,909.00, more than double what Petitioner was paying per year with Defendant, which was $1,425.00.

13.

Petitioner has complied with all of her obligations under the policies of insurance.

14.

A valid contract of insurance exists between Petitioner and Defendant providing coverage for the losses and damages caused by the Chinese-manufactured drywall, as none of the exclusions claimed by Defendant apply to damages caused by Chinese-manufactured drywall.

15.

Petitioner has paid all premiums due under her policy of insurance with Defendant and has materially performed her obligations under the policy.

16.

The damages and losses sustained by Petitioner were caused by the presence of Chinese-manufactured drywall in Petitioner's Home; yet, Defendant has failed to meet its obligations under the policy of insurance and has failed and/or refuses to cover the damages and losses sustained by Petitioner.

17.

Defendant has breached its policy by unjustifiably denying Petitioner's claim for covered damages.

18.

As a direct and proximate result of the breach by Defendant, Petitioner was deprived of the benefits of insurance coverage for which Defendant was paid substantial premiums, and, accordingly, Petitioner has suffered, and will continue to suffer, substantial economic damage, particularly associated with remediation efforts.

19.

Defendant breached its duty of good faith and fair dealing that it owes to Petitioner in denying Petitioner's claim.

20.

Defendant misrepresents the policy provisions, including the exclusions, in denying Petitioner's claim under the policies.

21.

Defendant violated La. R.S. 22:1973 and La. R.S. 22:1892 by failing to properly adjust and pay Petitioner's claim in a fair and timely manner.

22.

Petitioner demands a trial by jury.

23.

WHEREFORE, Petitioner, ROSANNE WILFER, respectfully prays that her Petition for Damages be deemed good and sufficient, and that Defendant, ASI LLOYDS, be duly served and cited with a copy of this Petition for Damages and that Defendant be made to appear and answer the same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be judgment entered in favor of Petitioner, ROSANNE WILFER, and against Defendant, ASI LLOYDS, in an amount that is reasonable under the premises, and together with all costs of these proceedings, for penalties and attorney fees, for legal interest from the date of judicial demand until paid, and for all general and equitable relief.

Dated: July 23, 2010

Respectfully Submitted,

| | |
|---|---|
| HUGH P. LAMBERT, T.A. | (Bar #7933) |
| LINDA J. NELSON | (Bar #9938) |
| CANDICE C. SIRMON | (Bar #30728) |
| CAYCE C. PETERSON | (Bar #32217) |

LAMBERT & NELSON, P.L.C.
701 Magazine Street
New Orleans, LA 70130
Counsel for Petitioner, ROSANNE WILFER
hlambert@lambertandnelson.com
lnelson@lambertandnelson.com
candices@lambertandnelson.com
cpeterson@lambertandnleson.com

**PLEASE SERVE:**

ASI LLOYDS
Through its Registered Agent for Service:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

4

**LAMBERT & NELSON**
A PROFESSIONAL LAW CORPORATION
701 MAGAZINE STREET
NEW ORLEANS, LA. 70130-3629

HUGH P. LAMBERT
LINDA J. NELSON

(504) 581-1750
FAX: (504) 529-2931

July 27, 2010

**VIA FEDERAL EXPRESS**
22nd Judicial District Court
St. Tammany Parish
Clerk of Court - Civil Department
701 North Columbia street
Covington, LA 70433

**FILED**
JUL 29 2010
MALISE PRIETO - CLERK
Deputy _____

RE: *Rosanne Wilfer v. ASI Lloyds*
22nd JDC Case No. 2010-14762 (I)

---

Dear Sir and/or Madam:

Enclosed herewith please find the original and three (3) copies of the Petition for Damages in connection with the above referenced matter, which was fax filed on July 23, 2010. We would appreciate you providing us with a conformed copy in the enclosed self-addressed stamped envelope.

Further, enclosed herewith please find our firm check number 40330 in the amount of Two Hundred Sixty-Five Dollars ($265.00), which represents the filing and service fees, as well as the charge to fax file.

If you have any questions regarding the foregoing, please feel free to contact me or my paralegal, Amy.

Very truly yours,

LINDA J. NELSON

LJN/adg
Enclosures

ST TAMMANY PARISH
2010 JUL 29 P 2: 39
**FILED**

**FAX FILED**
7/23/10

From: Origin ID: NEWA (504) 581-1750
Amy Guidry
Lambert & Nelson, PLC
701 Magazine St.
New Orleans, LA 70130

Ship Date: 28JUL10
ActWgt 1.0 LB
CAD: 7571348/INET3060

SHIP TO: (504) 581-1750   BILL SENDER
**Clerk of Court Civil Intake**
**22nd Judicial District Court**
**701 N COLUMBIA ST**

**COVINGTON, LA 70433**

Ref # CDW - Witfer
Invoice #
PO #
Dept #

Delivery Address Bar Code

St. Tammany Parish Clerk of Court D-62010-14762, 07/29/2010, 665, page 0 of 1

**FILED**
2010-14762
JUL 29 2010
MALISE PRIETO, CLERK
Deputy

TRK# 7937 6848 1577
0201

THU - 29 JUL  A2
STANDARD OVERNIGHT

42 BXAA

70433
LA-US
MSY

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

| | |
|---|---|
| ROSANNE WILFER | No.  2010-14762 I |
| Versus | **22nd Judicial District Court**<br>**Parish of St. Tammany**<br>**Louisiana** |
| ASI LLOYDS | |

TO THE DEFENDANT    ASI LLOYDS THROUGH ITS REGISTERED AGENT FOR SERVICE, LOUISIANA

SECRETARY OF STATE, 8585 ARCHIVES AVENUE, BATON ROUGE, LOUISIANA 70809

You are hereby summoned to comply with the demand contained in the petition/ of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default judgment against you.

Witness the Honorable the Judges of said Court this    29TH    day of   JULY             A.D. 20  10

*Malise Prieto*, CLERK OF COURT

BY:   S/CONNIE GENNARO

DEPUTY CLERK OF COURT

ISSUED: 8/6/10

Attorney    LINDA J. NELSON    P01

701 MAGAZINE ST.

NEW ORLEANS, LA 70130

Received on _____, 20 ____, and on the _____ day of _____, 20 ____,

I served a true copy of the within _____,

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from

the Court House.

_____
Deputy Sheriff

Parish of _____

K-101                                                                                                                                        101-15



*Malise Prieto*

**Clerk of Court**

22nd Judicial District
Parish of St. Tammany

P.O. Box 1090
Covington, LA
70434
(985) 809-8700

August 6, 2010

HON. SID J. GAUTREAUX, III
CIVIL SHERIFF
EAST BATON ROUGE PARISH
P. O. BOX 3277
BATON ROUGE, LA 70821

RE: ROSANNE WILFER
VS.#2010-14762 I
ASI LLOYDS

Dear Sir:

Enclosed please find a citation & certified copy together with a certified copy of the Original Petition, that are to be served on the following:

ASI LLOYDS THROUGH ITS REGISTERED AGENT FOR SERVICE, LOUISIANA SECRETARY OF STATE, 8585 ARCHIVES AVENUE, BATON ROUGE, LOUISIANA 70809

After service has been made, please mail your return to this office for filing.

Also, enclosed please find our check made payable to YOU in the amount of $     and our check made payable to the Secretary of State in the amount of $

Sincerely,

Connie Gennaro
Deputy Clerk

St. Tammany Parish Clerk of Court - C201014762 - 07/23/2010, 000 - page 1 of 5 - 10:03:00 PM
Case 2:09-md-02047-EEF-MBN   Document 5526-1   Filed 09/15/10   Page 11 of 18
JUL-23-2010 FRI 02:31 PM LAMBERT & NELSON, PLC        FAX NO. 504 529 2931        P. 01

**LAMBERT & NELSON**
A PROFESSIONAL LAW CORPORATION
701 MAGAZINE STREET
NEW ORLEANS, LA. 70130-3629

HUGH P. LAMBERT
LINDA J. NELSON

(504) 581-1750
FAX: (504) 529-2931

July 23, 2010

**VIA FACSIMILE (985) 809-8777**
22nd Judicial District Court
St. Tammany Parish
Clerk of Court - Civil Department
701 North Columbia street
Covington, LA 70433

    RE: *Rosanne Wilfer v. ASI Lloyds*
         Petition for Damages

Dear Sir and/or Madam:

    Attached hereto please find Rosanne Wilfer's Petition for Damages. We would appreciate your filing same into the record and confirming filing of such, along with a receipt for the fax-filing fee. My office will forward the original of this pleading along with the check for the filing fee.

    If you have any questions regarding the foregoing, please feel free to contact me or my paralegal, Amy.

Very truly yours,

LINDA J. NELSON

LJN/adg
Enclosures

**FAX COPY**

JUL 2 3 2010

Case 2:09-md-02047-EEF-MBN Document 5326-1 Filed 08/23/10 Page 12 of 18
St Tammany Parish Clerk of Court - C2010147621 07/23/2010 000 page 2 of 5
JUL-23-2010 FRI 02:31 PM LMBERT & NELSON, PLC    FAX NO. 5  529 2931    P. 02

# 22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

## STATE OF LOUISIANA

No. 2010 14762                                    DIVISION "I"

### ROSANNE WILFER

### -VERSUS-

### ASI LLOYDS

FILED:_____

_____
DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, ROSANNE WILFER, who, respectfully states as follows:

1.

Petitioner is an individual of full age of majority, residing at 1202 Magnolia Alley, Mandeville, Louisiana 70471 in the Parish of St. Tammany.

2.

Defendant, ASI LLOYDS, is a Florida insurance corporation authorized to do and is doing business in Louisiana, domiciled at 300 Executive Center Drive, West Suite 300, St. Petersburg, FL 33702 and has designated the Louisiana Secretary of State as its agent for service of process in Louisiana.

3.

Venue is proper in this Court pursuant to articles 74, 76 and 76.1 of the Louisiana Code of Civil Procedure.

4.

Petitioner is owner of 1202 Magnolia Alley, Mandeville, Louisiana 70471, located in the Parish of St. Tammany, State of Louisiana.

5.

Petitioner purchased an insurance policy from Defendant, providing coverage for the dwelling in an amount of $241,980.00.

6.

In or about the Summer of 2009, Petitioner discovered that Petitioner's Home was constructed using Chinese manufactured drywall, which caused, and continues to cause,

**FAX COPY**
JUL 2 3 2010

physical loss and damage to Petitioner's Home and contents. The Chinese drywall emits odorous gases that cause corrosion of air-conditioner and refrigerator coils, copper tubing, electrical wiring, computer wiring, and other household items.

7

Petitioner's policy issued by Defendant is all risk policies, providing coverage for direct physical loss or damage to the homes unless caused by the exclusions named in the policy.

8

On or about July 9, 2009, Petitioner provided notice of Petitioner's claim relating to the possible presence of Chinese drywall in Petitioner's Home to Defendant.

9.

On or about July 23, 2009, a final report was rendered by Harold I. Zeliger, Ph.D., inspector for Defendant, that the home was positive for Chinese manufactured drywall.

10.

On or about August 31, 2009, Defendant notified Petitioner that Defendant had determined that the damages being claimed for Petitioner's Home were excluded from coverage and that Defendant was denying coverage for Petitioner's damages caused by the Chinese-manufactured drywall by listing all of the exclusions in Petitioner's policy without specifying which exclusion applied to Petitioner's claim.

11.

On or about October 28, 2009, Petitioner was notified by Defendant that Petitioner's policy would not be renewed and coverage would end on February 28, 2010. Defendant stated that the reason for non-renewal was for "Reduction of Hurricane Exposure Management", although Defendant continued to write policies in Petitioner's very own neighborhood.

12.

Petitioner was then forced to purchase last resort insurance from Louisiana Citizens Fair Plan at a premium of $2,909.00, more than double what Petitioner was paying per year with Defendant, which was $1,425.00.

13.

Petitioner has complied with all of her obligations under the policies of insurance.

**FAX COPY**

JUL 2 3 2010

14.

A valid contract of insurance exists between Petitioner and Defendant providing coverage for the losses and damages caused by the Chinese-manufactured drywall, as none of the exclusions claimed by Defendant apply to damages caused by Chinese-manufactured drywall.

15.

Petitioner has paid all premiums due under her policy of insurance with Defendant and has materially performed her obligations under the policy.

16.

The damages and losses sustained by Petitioner were caused by the presence of Chinese-manufactured drywall in Petitioner's Home; yet, Defendant has failed to meet its obligations under the policy of insurance and has failed and/or refuses to cover the damages and losses sustained by Petitioner.

17.

Defendant has breached its policy by unjustifiably denying Petitioner's claim for covered damages.

18.

As a direct and proximate result of the breach by Defendant, Petitioner was deprived of the benefits of insurance coverage for which Defendant was paid substantial premiums, and, accordingly, Petitioner has suffered, and will continue to suffer, substantial economic damage, particularly associated with remediation efforts.

19.

Defendant breached its duty of good faith and fair dealing that it owes to Petitioner in denying Petitioner's claim.

20.

Defendant misrepresents the policy provisions, including the exclusions, in denying Petitioner's claim under the policies.

21.

Defendant violated La. R.S. 22:1973 and La. R.S. 22:1892 by failing to properly adjust and pay Petitioner's claim in a fair and timely manner.

22.

Petitioner demands a trial by jury.

**FAX COPY**

JUL 2 3 2010

3

23.

WHEREFORE, Petitioner, ROSANNE WILFER, respectfully prays that her Petition for Damages be deemed good and sufficient, and that Defendant, ASI LLOYDS, be duly served and cited with a copy of this Petition for Damages and that Defendant be made to appear and answer the same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be judgment entered in favor of Petitioner, ROSANNE WILFER, and against Defendant, ASI LLOYDS, in an amount that is reasonable under the premises, and together with all costs of these proceedings, for penalties and attorney fees, for legal interest from the date of judicial demand until paid, and for all general and equitable relief.

Dated: July 23, 2010

Respectfully Submitted,

HUGH P. LAMBERT, T.A.    (Bar #7933)
LINDA J. NELSON          (Bar #9938)
CANDICE C. SIRMON        (Bar #30728)
CAYCE C. PETERSON        (Bar #32217)
LAMBERT & NELSON, P.L.C.
701 Magazine Street
New Orleans, LA 70130
Counsel for Petitioner, ROSANNE WILFER
hlambert@lambertandnelson.com
lnelson@lambertandnelson.com
candices@lambertandnelson.com
cpeterson@lambertandnleson.com

**PLEASE SERVE:**

ASI LLOYDS
Through its Registered Agent for Service:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

**FAX COPY**

JUL 2 3 2010

4



# Malise Prieto
## Clerk of Court

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

**22nd Judicial District**
**Parish of St. Tammany**

---

ATTN: LINDA NELSON

FROM: ST TAMMANY CLERK

Document type: **NEW SUIT**

Date Received: July 23, 2010

Title: ROSANNE WILFER VS ASI LLOYDS

Suit No: **2010-14762 "I"**

**AMOUNT DUE INCLUDING FAX FEE: $265.00**

Fax: 504-529-2931

Phone - 985-809-8776
Fax- 985-809-8777

# FAX CONFIRMATION

PLEASE ATTACH TO FRONT PAGE OF
ORIGINAL PLEADINGS OR YOUR ORIGINAL
SUIT MAY NOT BE FILED TIMELY.
PLACE THE SUIT NUMBER ON ALL PLEADINGS.

R.S.13:850. Facsimile transmissions: filings in civil actions; fees; equipment and supplies
- A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
- B. Within five days, exclusive of legal holidays, after the Clerk of Court has received the transmission, the party filing the document shall forward the following to the Clerk:
  (1) The original signed document
  (2) The applicable filing fee (**This includes fees for filing the fax pleadings as well as originals. New suits incur additional charges, such as judicial expense fund, parish council fee, etc...**)
  (3) **A transmission fee of $5.00 plus $ 0.50 per pg &confirmation fee of $10.00.**
- C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. **However, certain fees are still due the Clerk's office. Call for correct amount.** The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
- D The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

---

**ATTENTION FILING CLERK**
THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.

```
** Transmit Confirmation Report **
```
P.1
ST TAM CLERK OF COURT  Fax:985-809-8777                Jul 23 2010 03:53pm

| Name/Fax No.  | Mode   | Start      | Time  | Page | Result | Note |
|---------------|--------|------------|-------|------|--------|------|
| 915045292931  | Normal | 23,03:52pm | 1'00" | 1    | O K    |      |



### Malise Prieto
**Clerk of Court**

22nd Judicial District
Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

---

ATTN: LINDA NELSON                    Fax: 504-529-2931

FROM: ST TAMMANY CLERK                Phone - 985-809-8776
                                      Fax -  985-809-8777
Document type: NEW SUIT

Date Received : July 23, 2010

Title: ROSANNE WILFER VS ASI LLOYDS

Suit No: 2010-14762 "I"

**AMOUNT DUE INCLUDING FAX FEE: $265.00**

## FAX CONFIRMATION

PLEASE ATTACH TO FRONT PAGE OF
ORIGINAL PLEADINGS OR YOUR ORIGINAL
SUIT MAY NOT BE FILED TIMELY.
PLACE THE SUIT NUMBER ON ALL PLEADINGS.

R.S.13:850. Facsimile transmissions: filings in civil actions; fees; equipment and supplies
- A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
- B. Within five days, exclusive of legal holidays, after the Clerk of Court has received the transmission, the party filing the document shall forward the following to the Clerk:
  (1) The original signed document
  (2) The applicable filing fee (**This includes fees for filing the fax pleadings as well as originals. New suits incur additional charges, such as judicial expense fund, parish council fee, etc...**)
  (3) A transmission fee of $5.00 plus $ 0.50 per pg & confirmation fee of $10.00.
- C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. However, certain fees are still due the Clerk's office. Call for correct amount. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
- D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

---

**ATTENTION FILING CLERK**
THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.

**RETURN**

| ROSANNE WILFER | No. 2010-14762 I |
|---|---|
| | 22nd Judicial District Court |
| Versus | Parish of St. Tammany |
| | Louisiana |
| ASI LLOYDS | |

TO THE DEFENDANT   ASI LLOYDS THROUGH ITS REGISTERED AGENT FOR SERVICE, LOUISIANA SECRETARY OF STATE, 8585 ARCHIVES AVENUE, BATON ROUGE, LOUISIANA 70809

You are hereby summoned to comply with the demand contained in the petition/ of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default judgment against you.

Witness the Honorable the Judges of said Court this   29TH   day of   JULY   A.D. 20  10

*Malise Prieto*, CLERK OF COURT

BY:   S/CONNIE GENNARO

**DEPUTY CLERK OF COURT**

ISSUED: 8/6/10

Attorney   LINDA J. NELSON   PO1
701 MAGAZINE ST.
NEW ORLEANS, LA 70130

AUG 11 2010
I made service on the named party through the Office of the Secretary of State

Received on _____, 20 ____, and on the ____ day of _____, 20__,
I served a true copy of the within _____ a copy of this document to ____ MEGHAN SHANKS,
on _____ ☐ TAMMY GLOVER
at domicile with _____ ☐ JULIE NESBITT
                      AUG 10 2010 C _____ Johnson,
in _____ Parish, a distance of _____ Parish of East Baton Rouge, Louisiana
the Court House _____ E.B.R. SHERIFF'S OFFICE _____ miles from

FILED
AUG 26 2010
MALISE PRIETO, CLERK
Deputy _____

Parish of _____

_____
Deputy Sheriff

K-101                                                                                   101-15