UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>This Document relates to<br><br>*Pate v. American International Specialty Lines Insurance Co., et al.*<br>E.D. La., C.A. No. 09-7791<br><br>*Centerline Homes Construction, Inc., et al. v. Mid-Continent Casualty Company, et al.*<br>E.D. La., C.A. No. 10-178<br><br>*Northstar Holdings, Inc. et al.*<br>*v.*<br>*General Fidelity Insurance Co., et al.*<br>E.D. La., C.A. No. 10-384 | MDL NO.: 2047<br><br>JUDGE: FALLON<br><br>MAG: WILKINSON |

**MEMORANDUM IN SUPPORT OF MID-CONTINENT**
**CASUALTY COMPANY'S MOTION FOR PROTECTIVE ORDER**

Mid-Continent Casualty Company ("MCC") requests this Court to enter a protective order preventing the depositions of independent agents located in Louisiana and restricting the number of depositions of its out of state independent agents pursuant to Fed. R. Civ. P. 26 (c).

## BACKGROUND

On July 21, 2010, Robert C. Pate ("Pate") propounded interrogatories and a request for production to MCC. In response, MCC answered the interrogatories and produced over 2,700 pages of documents. Thereafter, Pate and the Plaintiff's Steering Committee ("PSC") moved to compel and following a meet and confer conference, MCC supplemented its discovery responses by filing a second affidavit of Michael Coon setting forth, among other facts, that MCC did not control the day to day business affairs of any of its independent agents, including their marketing activities.

On September 2, 2010 this Court entered an order compelling MCC to identify the names of its independent agents in response to Pate's Motion to Compel. MCC complied with the Court's order disclosing the names of 21 independent agents, none of whom are located in Louisiana. In response, Pate and the PSC have indicated that they intend to take the depositions of all 21 out-of-state agents. These agents are located in 17 different cities in Alabama, Arizona, Texas, Oklahoma, and Pennsylvania.

Pate and the PSC's discovery regarding personal jurisdiction did not stop there. In addition to these 21 depositions, two of which are already scheduled, Pate also noticed the depositions of four MCC employees[1] and 14 depositions of independent agents located in Louisiana who are authorized to sell surety bonds as opposed to insurance policies for MCC.

In response, MCC attempted to limit this discovery since it had already provided information regarding the business it conducted in Louisiana.[2] It did so by offering to enter into

---

[1] The Motion for Protective Order is not directed to these depositions
[2] See MCC's Verified Answers to Interrogatories 6 and 9. Answer 6 disclosed the total amount of insurance policies sold in Louisiana. Answer nine disclosed the total premium dollars generated based on

a stipulation regarding its relationship with its Louisiana agents and by limiting the number of independent agent depositions to the four agents who were responsible for 91% of the policies issued in Louisiana.[3]  These attempts to limit discovery were rejected.  Instead, counsel for Pate has already started to contact MCC's independent agents, disrupting their business activities where no such disruption is warranted.  Faced with this oppressive and harassing discovery, MCC was not left with no alternative, but to file this Emergency Motion For Protective Order.

## RULE 26 STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides that a Court may, for good cause, issue an order to protect a party from annoyance or undue burden or expense by forbidding or limiting discovery. Fed. R. Civ. P. 26; and *Allstate Life Insurance Co. v. Estate of Miller*, 2004 U.S.Dist.LEXIS 1158 (S.D. Fla. 2004). (motion for protective order should be granted "if the burden or expense outweighs [the] likely benefit" of the discovery being requested).  A critical factor is, therefore, the extent of the burden and the expense occasioned by the discovery, as compared to the prejudice that would flow from prohibiting or limiting the discovery that is requested.  *Metroflight, Inc. v. Argonaut Ins. Co.*, 403 F.Supp. 1195, 1197-98 (N.D. Tex. 1975) (prohibiting discovery of information likely to disrupt and have a chilling effect upon an insured's business relationships with its policyholders); *Conboy v. Edward D. Jones & Co.*, L.P., 140 Fed.Appx. 510, 516 (Tex. 2005) (no abuse of discretion to limit discovery which is "exceedingly burdensome").

---

exposures located in Louisiana regardless of whether the policy was issued to a Louisiana insured for both insurance policies **and** surety bonds.
[3] Since none of the policies at issue involve these independent agents, whether MCC is subject to jurisdiction in Louisiana will hinge upon the principles of general as opposed to specific jurisdiction.

3

MCC resisted the disclosure of the names of its agents since it feared Pate and the PSC, armed with these names, would schedule depositions and otherwise disrupt the business affairs of these independent agents. MCC's fears were more than realized, as even MCC did not envision that Pate and the PSC would schedule (or indicate plans to schedule) 39 depositions on the issue of personal jurisdiction. This is exactly the type of harassing and unduly burdensome discovery that Rule 26 was designed to prevent.

Discovery in personal jurisdiction disputes should not be allowed where it does not add any significant facts and would only have been expensive and burdensome for non-resident corporation. W*ashington v. Norton Manufacturing, Inc.*, 588 F.2d 441 (5th Cir. 1979) (refusing to allow discovery where the affidavits revealed that the defendant had one employee in Mississippi, had no offices in the state, that while the defendant had distributors in the state, none of those distributors exclusively handled its products and the defendant kept no property in the state). See also *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419 (5th Cir. 2005) (holding that trial court's decision not to grant further discovery was not prejudicial); *Mykhaylov v. Masaic Maritime, Inc.*, 2004 WL 2472480 (E.D. La. 2004) (no discovery allowed where affidavit submitted in support of motion to dismiss set forth most of the factual information relevant to the issue of personal jurisdiction); and *Paolino v. Argyll Equities, L.L.C.*, 401 F.Supp. 2d 712, 722 (W.D. Tex. 2005) (additional discovery not required where it is clear from the affidavit that the discovery sought would not demonstrate sufficient minimum contacts to support jurisdiction). This is the situation here. In Michael Coon's affidavit, he testified that in the past four years, MCC's total premium generated in Louisiana, as compared to MCC's total premium revenue were .39% (2006), .28% (2007), .45% (2008), and .72% (2009). He testified that MCC did not

sell any insurance for construction related work to developers, general contractors, or subcontractors, (Coon Aff. ¶¶ 8-10), and that MCC has taken steps not to conduct business in the area of construction insurance in Louisiana by including a designated work exclusion which expressly designates Louisiana as a state where coverage is precluded for construction projects of any kind. In addition, he testified that MCC has no employees, offices, documents or bank accounts in Louisiana. Following these cases, MCC's Motion for Protective Order should be granted since the additional discovery which is now being sought from these independent agents does not add any significant facts. Moreover, even if these depositions did add some information, the burden and expense of this discovery greatly outweighs any potential benefit.

## THE DEPOSITIONS OF THE OUT OF STATE INDEPENDENT AGENTS

As this Court has already recognized the only relevant discovery directed to MCC's out of state independent agents is discovery that shows that MCC so dominates these independent agents that the two cannot be considered separate and distinct entities. *DP Solutions v. Rollins*, 24 Fed. Appx. 150 (5th Cir. 2002) and *Hamilton v. Mosiac Co.*, 2009 WL 2870215 (E.D. La. 2009). MCC initially disclosed the names of four independent agents that accounted for 91% of the insurance policies sold in Louisiana. Pate objected, demanding the names of the other agents indicating that he needed all of their names in order to depose them. See email from attorney Horkovich to attorney Kammer attached as Exhibit "A". The PSC quickly followed suit. See email from Attorney Gaughan to attorney Kammer attached as Exhibit "B". MCC then disclosed the names of 17 other agents and volunteered to identify the names of the independent agents who sold five or less policies over the five year period if Pate agreed not to depose those agents. Pate refused, even though the activities of those agents, even if MCC controlled them, which it

does not, could never establish jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (the requirement of "purposeful availment" ensures that the nonresident defendant will not be haled into a jurisdiction "solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person").

This Court should enter an order prohibiting the depositions of these 17 additional independent agents. First, any benefit gained from these depositions will be greatly outweighed by the expense to obtain the testimony from these independent agents. For example, if the Court assumes a total of 8 hours to prepare for and attend these depositions, MCC will pay its lawyers for over 130 hours of legal work, plus tens of thousands of dollars in travel expenses. Second, there is no benefit to these depositions since these agents accounted for so little business with Louisiana (as opposed to business conducted in Louisiana). *Burger King Corp.,* 471 U.S. at 472; *King v. Hawgwild Air, LLC,* 2008 WL 2620099 at *4 (N.D. Tex. 2008) (explaining the difference between doing business <u>in the state</u> which can subject a defendant to personal jurisdiction from doing business <u>with the state</u> which does not) and *Paolino,* 401 F. Supp. 2d at, 723 (denying similar discovery requests on the ground that it would not demonstrate sufficient minimum contacts since the number of sales would "at most constitute doing business with the forum, not doing business in the forum"). Third, limiting this discovery will not prejudice Pate nor the PSC since MCC has already provided information regarding the number of policies and premium generated with the State of Louisiana and Pate and the PSC can question Mr. Coon and the four agents responsible for 91% of the business with the state of Louisiana. This would, include the only relevant issue, what control, if any MCC exercise of these four independent agents. Based on the information already provided and the benefit, if any, as compared to the

cost associated with obtaining these depositions, MCC's Expedited Motion for Protective Order prohibiting these additional 17 depositions from proceeding should be granted.

### THE DEPOSITIONS OF THE LOUISIANA SURETY INDEPENDENT AGENTS

These depositions of the Louisiana agents that sell surety bonds are totally unnecessary and should be quashed.  The sole basis for personal jurisdiction over MCC hinges upon whether it has "continuous, systematic and substantial contacts with Louisiana".  *Turan v. Universal Plan Inv. Ltd.*  70 F.Supp. 2d 671, 674 (E.D. La. 1999).  MCC has already admitted that it sells insurance and surety bonds in Louisiana.  See Affidavit of Mike Coon [DE 1318-2] and MCC's verified answers to Interrogatories [DE 5380]  MCC has already provided the total amount of premium sold through these independent surety agents for the past five years in Louisiana.  *Id.*  In an effort to avoid the costs and burden associated with these depositions, MCC has even offered to stipulate or answer additional written discovery (since Pate never asked to disclose any information regarding independent agents who sold surety bonds in Louisiana) within seven business days that would admit that the independent agents located in Louisiana are authorized by MCC to sell surety bonds as opposed to insurance.[4]  For the issue of personal jurisdiction, no other discovery is needed.  *DNH L.L.C. v. In-N-Out Burgers*, 381 F.Supp. 2d 559, 565 (E.D. La. 2005).

Unlike MCC's independent agents that sell insurance, these independent agents are located in Louisiana, thus alleviating the need to determine whether MCC controls these independent agents or not.  Whether MCC's contacts through these independent agents (as well

---

[4] As further evidence that none of the Louisiana independent agents sell insurance, MCC has filed separately under seal as Exhibit "C", a sample contract that MCC uses for its Louisiana agents.  Since none of these independent agents are authorized to sell insurance, the commission schedule for the sale of insurance for these agents is blank.

7

as the business they generate for MCC) are sufficient to establish personal jurisdiction over MCC in Louisiana is the subject of MCC's Motion to Dismiss. See *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408 (1984) and *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.* 249 F.3d 413, 419 (5th Cir. 2001.) Since Pate and the PSC are already in possession of this information, the depositions of these Louisiana independent agents serve no purpose and should be quashed. In fact, courts faced with similar overreaching jurisdictional discovery have denied such requests. *Washington,* 588 F.2d at 477 (when the quantum of contacts with the state *are admitted there was no abuse in discretion in prohibiting further discovery regarding the "quality, nature and extent" of those contacts* (emphasis added)); *DNH L.L.C. v. In-N-Out Burgers,* 381 F.Supp. 2d 559, 566 (E.D. La. 2005) (prohibiting additional jurisdictional discovery); *King,* 2008 WL at *8 (prohibiting additional jurisdictional discovery where plaintiff failed to outline why such discovery would alter the results of the jurisdictional inquiry); *Paolino,* 401 F. Supp. 2d at 722 (same); *Mykhaylov,* 2004 WL 2472480 at *4 (denying additional discovery where the facts pertinent to jurisdiction are set forth in affidavits); and *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Hibernia National Bank, N.A.*, 2001 WL 34085607 (W.D. La. 2001) (denying request for discovery where nothing relevant would be gained regarding personal jurisdiction). MCC's Motion for Protective Order as to these depositions should therefore be granted.

## CONCLUSION

Pate and the PSC have made no showing why 39 depositions are needed to respond to MCC's Motion To Dismiss. Federal Rule of Civil Procedure 30(a)(2) imposes this burden upon Pate and the PSC - a burden they have not met. Moreover, even if this additional discovery is

8

needed, which it is not, the costs associated with obtaining the deposition testimony from 39 independent agents of MCC who have absolutely no involvement with this litigation far outweighs any information Pate and the PSC could hope to learn in order to respond to MCC's Motion to Dismiss. For the forgoing reasons Mid-Continent Casualty Company respectively requests this Court to grant its emergency Motion For Protective Order.

Dated: September 13th, 2010.

                                              **Respectfully submitted:**

**LARZELERE PICOU WELLS SIMPSON LONERO, LLC**
Two Lakeway Center – Suite 1100
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 834-6500
Facsimile: (504) 834-6565


BY:  s/Lee M. Peacocke
**MORGAN J. WELLS, JR. (La. No. 18499)**
mwells@lpwsl.com
**LEE M. PEACOCKE (La. No. 18374)**
lpeacocke@lpwsl.com

AND

**HINSHAW & CULBERTSON LLP**
**RONALD L. KAMMER, T.A.**
(Fla. Bar No. 360859)
rkammer@hinshawlaw.com
**PEDRO E. HERNANDEZ**
(Fla. Bar No. 30365)
phernandez@hinshawlaw.com
9155 S. Dadeland Boulevard – Suite 1600
Miami, Florida 33156
Telephone: (305) 428-5100
Facsimile: (305) 577-1063
**ATTORNEYS FOR DEFENDANT,
MID-CONTINENT CASUALTY COMPANY**

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing Memorandum in Support of Mid-Continent Casualty Company's Motion for Protective Order has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of September, 2010.

                                              /s/ Lee M. Peacocke
                                              LEE M. PEACOCKE