EXHIBIT "A"



"Horkovich, Robert M." <Rhorkovich@andersonkill.com>
09/10/2010 03:28 PM

To <rkammer@hinshawlaw.com>
cc <phernandez@hinshawlaw.com>, <DPhangSang@hinshawlaw.com>
bcc
Subject Re: Robert C. Pate v. American International, et al: Verified Supplemental Responses to Robert C. Pate's Interrogatories

History: This message has been replied to

Hi Ron:

We need the names of all those who transacted business in Louisiana on behalf of Mid-Continent so we can depose them.

Thanks.

Bob


----- Original Message -----
From: rkammer@hinshawlaw.com <rkammer@hinshawlaw.com>
To: Horkovich, Robert M.
Cc: phernandez@hinshawlaw.com <phernandez@hinshawlaw.com>; DPhangSang@hinshawlaw.com <DPhangSang@hinshawlaw.com>
Sent: Fri Sep 10 15:05:03 2010
Subject: Re: Robert C. Pate v. American International, et al: Verified Supplemental Responses to Robert C. Pate's Interrogatories


I was surprised to receive your email today. Earlier in the week, I sent an email that I would be disclosing the names of the 4 agencies that sold over 90% of the MCC policies. Until today's email, I was unaware that you objected to the disclosure of only those 4 agencies. Furthermore, the Judge's order states that my client is to disclose the identity of its independent agents. In disclosing the names of the agencies, MCC believes it complied with the Judge's order. In any event, since you do not, rather than fighting about this issue, I will disclose the names of the other agencies in a separate email by the end of today together with contact persons for the 4 agencies disclosed in the supplemental verified answers to discovery. I hope to have the names of the contact people/agents for those other independent agents today. If not, I will have them on Monday. That should solve the first two points raised in your email.

As to the last point, the interrogatory asked: Identify all retail agents through which You have sold insurance in Louisiana in the past 10 years. The answer to that question was no. At no time was my client asked to disclose the names of retail agents who sold surety bonds. Therefore we are not concealing their names. Although that question was not asked, it is on the State of Louisiana Website (which you have). On Wednesday I told Anna, that with one possible exception that all of those people were independent agents who sold surety bonds. The one exception, may be a mistake on the website since my client is not aware of any contacts for that person, although it is continuing to investigate that issue. In addition, in order to avoid these depositions (and in the spirit of Judge Fallon's order and comments during the hearing), I have offered to work with your firm and the PSC on a stipulation in which MCC would admit the nature of their relationship with those agents and that they sell bonds and not insurance. Alternatively, if you want to ask MCC to identify all retail agents through which it has sold surety bonds in Louisiana in the past 5 years, I would agree to provide you with an answer to that question in 7 business days. If you want to pursue either option please let me know.

In my clients discovery responses MCC has already provided you with the following information:

INTERROGATORY. For each of the past ten years, and for you and each of your subsidiary or parent corporations, identify any revenue originating from Louisiana; the percent that revenue constitutes of your or your subsidiary or parent corporation's total annual revenue; and the percent of that annual revenue that originates from insurance premium payments by Louisiana residents or entities.

ANSWER: MCC objects to this interrogatory as the terms "originated" and "revenue" are vague and ambiguous. MCC also objects to this interrogatory as it is overbroad and unduly burdensome as it does not maintain records in such a fashion that would allow it to identify premium that originates from Louisiana. Subject to and without waiving these objections, MCC can determine premium collected from exposures located in Louisiana regardless of where the insured is located and it refers Pate and Northstar to Michael Coon's affidavit for information for the last four years. For 2005, the amount of premium sold in Louisiana was $631,124 of which $252,412 was for insurance and $378,705 was for surety bonds. MCC's total premium in 2005 was $328,527,291 of which $9,197,243 was for bonds and $319,330,048 was for insurance. Louisiana insurance premiums in 2005 as compared to its total premiums was less than 1/10 of one percent. In the first 6 months of 2010 the amount of premium sold in Louisiana was $502,888 of which $373,687 was for insurance and $129,201 was for surety bonds. MCC's total premium in 2010 was $80,822,327 of which $4,289,607 was for bonds and $76,532,720 was for insurance. Louisiana insurance premiums in 2010 through June 1, 2010 as compared to its total premiums was less than 1/2 of one percent. Since MCC disclosed premiums for both insurance and bonds (since this question asked for annual revenue as opposed to revenue from just insurance policies) to suggest that my client is concealing information about its surety business in Louisiana could not be farther from the truth.

In light of this email I do not think that a meet or confer is needed. If you disagree, I will be in the office until 5:45 today. I need to leave at that time to attend a religious service in observance of the anniversary of my mother's death.

Ronald L. Kammer
Hinshaw & Culbertson LLP
9155 S. Dadeland Blvd., Suite 1600
Miami, Florida 33156
Phone: 305-428-5100
Fax: 305-577-1063
e-mail: rkammer@hinshawlaw.com


"Horkovich, Robert M." <Rhorkovich@andersonkill.com>

09/10/2010 01:29 PM
To
    <rkammer@hinshawlaw.com>
cc
    <phernandez@hinshawlaw.com>
Subject
    Robert C. Pate v. American International, et al: Verified Supplemental Responses to Robert C. Pate's Interrogatories


Dear Mr. Kammer:

Mid-Continent's supplemental responses that we just received are insufficient.

Mid-Continent is in violation of Judge Fallon's order.

Mid-Continent has failed to provide the names of the persons acting as independent agents. Mid-Continent instead merely has set out company names.

Also, Mid-Continent still is concealing information regarding independent agents for Louisiana who are responsible for selling a tenth of the insurance policies Mid-Continent sells in Louisiana.

Also, Mid-Continents still is concealing the identify of the independent agents who sold bonds in Louisiana.

Mid-Continent's discovery ordered by the Court is overdue. Depositions will be in less than a week.

Please provide full supplemental responses today.

If not, please let me know on what date and at what time we can meet and confer about why Mid-Continent should not be sanctioned (including the denial of Mid-Continent's motion to dismiss as a sanction) for Mid-Continent's failure to comply with the Court's order.

Thank you for your attention.

Bob


-----Original Message-----
From: PHernandez@hinshawlaw.com [mailto:PHernandez@hinshawlaw.com]
Sent: Friday, September 10, 2010 12:36 PM
To: Piazza, Anna M.; rherman@hhkc.com; kmiller@frilot.com; vserrano@broadandcassel.com; jspringhart@broadandcassel.com
Cc: Parkinson, Erin F.; ABalice@tresslerllp.com; anna.scully@burr.com; ASandoval@tresslerllp.com; Aucoin, Maria; avonderhaar@leakeandersson.com; babels@boyerhebert.com; BYNOGC@phelps.com; cgiarrusso@barrassousdin.com; delder@tresslerllp.com; dhassett@hassettanddonnelly.com; eherndon@conroysimberg.com; forrest.latta@burr.com; ginger.trainor@phelps.com; hsharp@lawla.com; iryan@dkslaw.com; jbarrasso@barrassousdin.com; jdegruy@mblb.com; jhailey@dkslaw.com; jhinkhouse@hww-law.com; jhite@shrmlaw.com; jsaporito@leakeandersson.com; jziemianski@cozen.com; kkress@mcsalaw.com; logburn@kg-law.com; LPeacocke@lpwsl.com; Mike.Strasavich@burr.com; mpipes@barrassousdin.com; mswabacker@dkslaw.com; mwells@lpwsl.com; Wilson, Michelle R.; panderson@fhslc.com; pcostello@mblb.com; phernandez@hinshawlaw.com; Smolinsky, Paul D.; pwanek@mcsalaw.com; RDarroch@GMLJ.com; rhubbard@lawla.com; rkammer@hinshawlaw.com; sberry@mckennalong.com; schristie@hassettanddonnelly.com; sglickauf@gmlj.com; sguillot@shrmlaw.com; sklepper@kg-law.com; sschmeeckle@lawla.com; Suffelman@hww-law.com; TGaudry@grhg.net; thenkel@cozen.com; tschwab@barkleythompson.com; wharrison@dkslaw.com; wlanglois@grhg.net; wstout@dkslaw.com; Michael S. Davis; Smolinsky, Paul D.; rkammer@hinshawlaw.com; LPeacocke@lpwsl.com; mpipes@barrassousdin.com; MMunguia@hinshawlaw.com; DPhangSang@hinshawlaw.com
Subject: Robert C. Pate v. American International, et al: Verified Supplemental Responses to Robert C. Pate's Interrogatories

Counsel:

Attached please find Mid-Continent Casualty Company's Verified Supplemental Responses to Robert C. Pate/Northstar/Centerline's Interrogatories. Let us know if you have any questions. Thanks.

Pedro E. Hernandez
Attorney

9155 South Dadeland Boulevard, Suite 1600, Miami, Florida 33156
Tel: 305-358-7747 | Fax: 305-577-1063
E-mail: PHernandez@hinshawlaw.com

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

This electronic mail transmission may contain privileged, confidential and/or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure to another person is strictly prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. ************************************************************* IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed therein.

This electronic mail transmission may contain privileged, confidential and/or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure to another person is strictly prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. ************************************************************* IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed therein.

This electronic mail transmission may contain privileged, confidential and/or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure to another person is strictly prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. ************************************************************** IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed therein.