# EXHIBIT "B"



**Matthew Gaughan**
<MGaughan@lfsblaw.com>

09/12/2010 08:20 AM

To "rkammer@hinshawlaw.com" <rkammer@hinshawlaw.com>

cc "Piazza, Anna M." <Apiazza@andersonkill.com>, "PHernandez@hinshawlaw.com" <PHernandez@hinshawlaw.com>,

bcc

Subject  Re: MCC depos next week

History:   This message has been replied to.

Sounds like we need the depositions. The stipulation you propose really won't be sufficient for us.

Sent from my iPhone

On Sep 11, 2010, at 10:53 PM, "rkammer@hinshawlaw.com" <rkammer@hinshawlaw.com> wrote:

> I am not willing to enter into such a stipulation. Unless these agents are controlled by MCC (which they are not) then their contacts or visits to Louisiana "do not count for MCC".
>
> Ronald L. Kammer
> Hinshaw & Culbertson LLP
> 9155 S. Dadeland Blvd., Suite 1600
> Miami, Florida 33156
> Phone: 305-428-5100
> Fax: 305-577-1063
> e-mail: rkammer@hinshawlaw.com

Matthew Gaughan <
MGaughan@lfsblaw.com>

09/11/2010 03:57 PM

To "rkammer@hinshawlaw.com" <rkammer@hinshawlaw.com>
cc "Piazza, Anna M." <Apiazza@andersonkill.com>, "PHernandez@hinshawlaw.com" < PHernandez@hinshawlaw.com>, Vanessa Serrano <vserrano@broadandcassel.com>
Subject Re: MCC depos next week

We need to know each and every visit or other contact by the indipendant agents. We also need documents and other discovery from the agents. If you are willing to stipulate that the contacts of the agents count for MCC, a stipulation may be possible. Otherwise the depositions are necessary.

Sent from my iPhone

On Sep 11, 2010, at 3:43 PM, "rkammer@hinshawlaw.com" < rkammer@hinshawlaw.com> wrote:

It was not documents, only additional names which Bob and Anna already have. Those names were provided pursuant to the confidentiality order. My suggestion is that we deal with the 3 depositions in Tulsa next week and discuss logistics regarding the other depositions while we are all there. The independent agents are located in 17 cities across 5 states from Arizona to Pennsylvania. Most of those agents sold 5 or less policies over the 5 year period. I question whether these depositions are even needed as well as any of the depositions in Louisiana. I have asked Anna and Bob to reconsider whether these depositions are necessary, in light of the information already provided, I have also offered to work with Pate and the PSC on a workable stipulation or to provide the information via written discovery that MCC would answer within 7 business days regarding the agents located in Louisiana. I am leaving for the day, however, I will be back in the office early tomorrow if you want to discuss. RLK

Ronald L. Kammer
Hinshaw & Culbertson LLP
9155 S. Dadeland Blvd., Suite 1600
Miami, Florida 33156
Phone: 305-428-5100
Fax: 305-577-1063
e-mail: rkammer@hinshawlaw.com

---

Matthew Gaughan <MGaughan@lfsblaw.com>

09/11/2010 01:55 PM

To "rkammer@hinshawlaw.com" <rkammer@hinshawlaw.com>
cc "Piazza, Anna M." <Apiazza@andersonkill.com>, "PHernandez@hinshawlaw.com" <PHernandez@hinshawlaw.com>, Vanessa Serrano <vserrano@broadandcassel.com>
Subject Re: MCC depos next week

---

I wasn't aware that you had produced additional documents. Should I request copies from Anna? I only have the original production.

Also, it was my understanding that you provided entity names as opposed to the names of the individuals transacting business in Louisana. Are you providing us with the names of the individuals who sold policies and bonds in the state of Louisiana? More importantly, from a scheduling standpoint, should we move the upcoming deps to dates when all deps (including the independant agent in Tulsa) can be accomplished on consecutive days?

Sent from my iPhone

On Sep 11, 2010, at 1:47 PM, "rkammer@hinshawlaw.com" <rkammer@hinshawlaw.com> wrote:

I provided this information to Bob and Anna on Friday.

Ronald L. Kammer
Hinshaw & Culbertson LLP
9155 S. Dadeland Blvd., Suite 1600
Miami, Florida 33156
Phone: 305-428-5100
Fax: 305-577-1063
e-mail: rkammer@hinshawlaw.com

The 30(b)(6) dep on Wednesday will be more time consuming. If we can get the first State compliance officer at 9 AM on Thursday, we should be out in time for your flight.

The bigger question is whether we are getting the independant agent in Tulsa. This individual sold policies or bonds in Louisiana and we still don't have a name or any information on the availability of this witness. It would be more efficient if we could take all deps on consecutive days.

Ron - any new information on the independant agent? Also, should we anticipate receiving any additional documents before the deps? Thanks, Matt.

Sent from my iPhone

On Sep 11, 2010, at 12:12 PM, "Vanessa Serrano" <vserrano@broadandcassel.com> wrote:

Hi, all. I am looking into flights for next week. How long do we think Thursday's depositions will go? I'm just wondering if scheduling a 3:00 p.m. flight out of TUL on Thursday is reasonable.

<ATT00001.jpg>

| | |
|---|---|
| Matthew Gaughan < MGaughan@ifsblaw.com> <br><br> 09/11/2010 01:02 PM | To Vanessa Serrano <vserrano@broadandcassel.com> <br> cc "rkammer@hinshawlaw.com" <rkammer@hinshawlaw.com>, "PHernandez@hinshawlaw.com" < PHernandez@hinshawlaw.com>, "Piazza, Anna M." <Apiazza@andersonkill.com> <br> Subject Re: MCC depos next week |

*Vanessa M. Serrano, Esq.*
One Financial Plaza, Suite 2700

&lt;ATT00002.jpg&gt;Fort Lauderdale, FL 33394
Telephone: (954) 764-7060
Facsimile: (954) 761-8135
**BIO**
Direct Line: (954) 745-5220
Direct Facsimile: (954) 713-0996
E-mail: vserrano@broadandcassel.com

&lt;ATT00003.jpg&gt;

Pursuant to federal regulations imposed on practitioners who render tax advice ("Circular 230"), we are required to advise you that any tax advice contained herein is not intended or written to be used for the purpose of avoiding tax penalties that may be imposed by the Internal Revenue Service. If this advice is or is intended to be used or referred to in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement, the regulations under Circular 230 require that we advise you as follows: (1) this writing is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed on a taxpayer; (2) the advice was written to support the promotion or marketing of the transaction(s) or matter(s) addressed by the written advice; and (3) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. ANY ATTACHMENTS TO THIS TRANSMISSION ARE FOR THE SOLE PURPOSE OF CONVEYING THE DIRECT WRITTEN AND COMMONLY VISIBLE COMMUNICATION CONTAINED THEREIN. NO TRANSMISSION OF UNDERLYING CODE OR METADATA IS INTENDED. USE OF ANY ATTACHMENT FOR ANY PURPOSE OTHER THAN RECEIPT OF THE DIRECT WRITTEN COMMUNICATION CONTAINED THEREIN IS STRICTLY PROHIBITED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY AND RETURN THE ORIGINAL MESSAGE TO THE SENDER. THANK YOU.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.