UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Germano et al. v. Taishan Gypsum, Co., et al.* Case No. 09-6687;<br>*The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Case No. 09-4115;<br>*Steiner et al. v. Beijing New Building Material, PLC et al.*, Case No. 09-06545;<br>*Gross et al. v. Knauf Gips KG, et al.*, Case No. 09-6690;<br>*State of Louisiana v. Knauf Gips KG et al.*, Case No. 10-0340 | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

**THE PLAINTIFFS' STEERING COMMITTEE'S
RESPONSE IN OPPOSITION TO MOTION FOR EXTENSION
OF TIME TO SUBMIT MANUFACTURER PROFILE FORMS**

The Plaintiffs' Steering Committee submits this response to oppose the second motion by Defendants Taishan Gypsum Co. Ltd ("Taishan") and Taian Taishan Plasterboard Co., Ltd ('TTP") for an extension of time to submit Manufacturer Profile Forms. Taishan, after ignoring this Court's jurisdiction for over a year and even suffering a default judgment as a consequence, has finally appeared only to disobey this Court's standing Pretrial Order No. 11 requiring it to complete a Manufacturer Profile Form ("MPF"). Similarly, TPP seeks to avoid providing the basic census information this Court has uniformly demanded of every litigant – both plaintiff and defendant – in this multidistrict litigation. Whereas the PSC previously agreed to these defendants' request for an extension of time as a professional courtesy, it is apparent that Taishan and TPP used that first

1

extension of time as a subterfuge simply to delay these proceedings. This is evident from Taishan and TPP's second motion which focuses on why they should not be required to complete MPFs rather than the need for more time to actually prepare them. As these parties have been properly served with service of process, entered their appearances in this case, enjoyed the benefit of the prior extension that they requested and obtained without opposition, they no longer have any excuse for further delaying their submission of the elemental information required by the MPF.

Taishan and TTP entered their appearances in this litigation on June 10, 2010. Both parties had been previously served by the PSC with service of process through the Hague Convention in their respective actions of *Germano* and *Gross*. Pursuant to PTO 1G, the MPF for these defendants would have ordinarily been due forty days thereafter. *See, e.g.*, PTO 1G; Minute Entry of Aug. 12, 2010 at Sec. III. Instead, on July 27, 2010, these defendants moved for an extension of time, after requesting that the PSC accede to an extension of time, until September 3. The PSC accepted counsel's representation that communications with his distant clients hampered his ability to timely produce an MPF and agreed to a lengthy extension of time. Thus, Taishan and TTP's first motion for an extension of time was unopposed. During the 6 week interim, rather than commit to gathering the information needed to complete the MPF, e.g, gathering product identification and chain of distribution information, including brokers, distributors, shipment information, and insurance, Taishan frittered away the time instead preparing its appeal, contesting an appellate bond and seeking to vacate the default judgment. Apparently, both defendants disclaim personal jurisdiction but refuse to provide the basic "contacts" information contained within the MPF. The information required by the MPF is of the type that any defendant would be expected to provide when raising jurisdictional challenges of the nature presented by Taishan. Nevertheless, the gamesmanship

displayed by these defendants, by avoiding and delaying this information, is not intended to illuminate or inform this Court or the parties of these manufacturers' contacts with this forum, but just the opposite – to obfuscate and avoid that production.

Taishan and TTP also contend that because Taishan is already in default in *Germano* it should not be required to provide an MPF. This argument is not valid since it ignores the fundamental purpose of the profile form, which this Court has repeated mentioned is not to burden parties with discovery but to obtain basic census information. Only recently, this Court stated:

> Just a word on the profile forms. They're drafted not to be cumbersome, they're drafted to get some immediate information for both sides. The defendants have to know what your address is, the defendants have to know whether or not they are the builders or they are the suppliers, and some basic information both sides need to know so that we can deal with the litigation effectively and efficiently.
>
> If we do it the old fashion way with interrogatories, it takes 30 days and then you get an answer and that's a legal answer, that's a lawyer answer, and then you try to decipher that and interpret that and it just takes too long in a case of this sort. So we designed profile forms so that you can get the information, the crux of the information that you need so that if you do design interrogatories they'll be more targeted and be more meaningful to you. But I really need you to focus on that information.

*In re Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047, Hearing Transcript at 6-7 (E.D.La. June 24, 2010). Further, when insurers sought to avoid their obligation to provide profile forms because they had pending motions to dismiss, this Court denied their motions for a protective order. See *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047, Order (E.D.La. July 2, 2010).

Taishan's argument also overlooks the fact that no default has been entered against it in the *Gross* action in which it is also a party, and therefor Taishan can not rely on its default in *Germano*

3

(even if a valid justification) as an excuse for not completing an MPF altogether. Nor is the argument that MPFs should not be required until service of the complaints in intervention are completed a valid one. These defendants have already been served in the *Gross* complaint. Awaiting service for the subsequent related complaints in intervention are simply confected means of avoiding their obligations to obey this Court's orders.

Plainly, Taishan and TTP have already delayed these proceedings and want to delay these proceedings still further. These defendants have already enjoyed a lengthy extension of time to respond to their MPF obligation. No further extensions should be granted.

Wherefore, the PSC respectfully requests that this Court deny the instant motion and order Taishan and TTP to provide completed MPFs within five days.

                        Respectfully submitted,

Dated: September 14, 2010        /s/ Russ M. Herman
                                   Russ M. Herman, Esquire (Bar No. 6819)
                                   Leonard A. Davis, Esquire (Bar No. 14190)
                                   Stephen J. Herman, Esquire (Bar No. 23129)
                                   HERMAN, HERMAN, KATZ & COTLAR, LLP
                                   820 O'Keefe Avenue
                                   New Orleans, Louisiana 70113
                                   Phone: (504) 581-4892
                                   Fax: (504) 561-6024
                                   LDavis@hhkc.com
                                   *Plaintiffs' Liaison Counsel*
                                   *MDL 2047*

                                        Arnold Levin (On the Brief)
                                        Fred S. Longer (On the Brief)
                                        Matthew C. Gaughan (On the Brief)
                                        Levin, Fishbein, Sedran & Berman
                                        510 Walnut Street, Suite 500
                                        Philadelphia, PA 19106
                                        215-592-1500 (phone)
                                        215-592-4663 (fax)
                                        Alevin@lfsblaw.com
                                        *Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Dawn M. Barrios<br>Barrios, Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>Barrios@bkc-law.com | Bruce William Steckler<br>Baron & Budd, P.C.<br>3102 Oak Lawn Ave., Suite 1100<br>Dallas, TX 75219<br>Phone: (214) 521-3605<br>Fax: (214) 520-1181<br>bsteckler@baronbudd.com |
| Daniel E. Becnel, Jr.<br>Becnel Law Firm. LLC<br>P.O. Drawer H<br>106 W. Seventh Street<br>Reserve, LA 70084<br>Phone: (985) 536-1186<br>Fax: (985) 536-6445<br>dbecnel@becnellaw.com | Ervin A. Gonzalez<br>Colson, Hicks, Eidson, Colson<br>  Matthews, Martinez, Gonzales,<br>  Kalbac & Kane<br>255 Alhambra Circle, Penthouse<br>Cora Gables, FL 33134<br>Phone: (305) 476-7400<br>Fax: (305) 476-7444<br>Ervin@colson.com |
| Victor Manuel Diaz<br>Podhurst Orseck, P.A.<br>25 Flagler Street, 8th Floor<br>Miami, FL 33130<br>Phone: (305) 358-2800<br>Fax: (305) 358-2382<br>vdiaz@podhurst.com | Ben W. Gordon, Jr.<br>Levin, Papantonio, Thomas, Mitchell<br> Echsner & Proctor, P.A.<br>316 S. Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: (850) 435-7000<br>Fax: (850) 435-7020   bgordon@levinlaw.com |

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055   Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Response in Opposition to Motion for Extension of Time to Submit Manufacturer Profile Forms has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 14th day of September, 2010.

               /s/ Leonard A. Davis
               Leonard A. Davis, Esquire
               Herman, Herman, Katz & Cotlar, LLP
               820 O'Keefe Avenue
               New Orleans, Louisiana 70113
               Phone: (504) 581-4892
               Fax: (504) 561-6024
               LDavis@hhkc.com
               Plaintiffs' Liaison Counsel
               MDL 2047