UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re:  CHINESE-MANUFACTURED * MDL Docket No. 2047
   DRYWALL PRODUCTS *
   LIABILITY LITIGATION * SECTION L
         *
         * JUDGE FALLON
This document relates to All Cases *
         * MAGISTRATE JUDGE WILKINSON
         *
         *
         *
* * * * * * * * * * * * * * * * * *

**JOINT REPORT NO.  14 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 14.  All Pre-Trial Orders are posted on the court's website located at www.laed.uscourts.gov which has a tab that links directly to "Drywall MDL".  The Court's website also includes other postings relevant to the litigation.

I.  PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No. 1 to clarify the preservation of physical evidence during home remediation.

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion practice, but continuing all motions filed in the MDL without date.  Pursuant to a November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is stayed.

1

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 1E entered February 12, 2010 – Regarding stay of responsive pleadings in *Gross*.

Pre-Trial Order No. 1F entered March 9, 2010-Clarifying the deadline dates for responsive pleadings, notices of appearance, profile forms, and alleviating the need to file motions for extensions in all cases.

Pre-Trial Order No. 1G entered May 27, 2010-Further clarifying deadlines for notices of appearances, profile forms, and responsive pleadings in all cases.

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests.  Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

Pre-Trial Order No. 19 entered March 18, 2010—Appointing a State and Federal Coordination Committee.

Pre-Trial Order No. 20 entered April 6, 2010 – Appointment of Insurer Steering Committee.

Pre-Trial Order No. 21 entered April 6, 2010 – Retailer Profile Form.

Pre-Trial Order No. 22 entered April 27, 2010 – Privileged communications relating to PTO 20.

Pre-Trial Order No. 23 entered April 27, 2010 – Insurer Profile Form.

Pre-Trial Order No. 24 entered April 27, 2010 – Subpoenas/30(b)(6) depositions issued re insurance.

II.     PROPERTY INSPECTIONS

Crawford & Company ("Crawford") inspected thirty (30) homes initially pursuant to Pre-Trial Order No. 13 and the revised inspection protocol.  No additional inspections have taken place; however, Crawford is prepared to continue inspections upon notice from the parties or the Court.  The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

III.     PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11 and 12A, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form and a Defendant Distributor Profile Form.  In Pre-Trial Order 14, the Court approved the Importer/Exporter/Broker Profile Form.  In Pre-Trial Order No. 21, the Court approved the Retailer Profile Form, and in Pre-Trial Order No. 23, the Court approved the Insurer Profile Form.  Also, on May 17, 2010, the Court issued an Order [Doc. 3158] that the current Contractor/Installer Defendant Profile Form remains unaltered and continues to apply to the present litigation.  Completed and signed profile forms must be submitted timely pursuant to Pre-Trial Orders 1F and 1G by all parties, and all parties are to continue to supplement responses as additional information is received.  As new parties are added to the MDL, plaintiffs are to

4

respond to the Plaintiff Profile Form within 40 days of filing a Complaint, and defendants are to respond to the appropriate profile form within 40 after service of a Complaint on that defendant. The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

On June 1, 2010, the Court issued an Order [Rec. Doc. 3445] and stated that the purpose of the insurance profile form is to provide useful information to both the parties and the Court, and to allow for more streamlined discovery, not to burden the parties. The Court directed the parties to comply with Pre-Trial Order No. 23 and properly submit profile forms on a timely basis. The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

## IV.   PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order No. 1B, clarifying the protocol for the preservation of physical evidence during home remediation. Pre-Trial Order No. 1 continues in effect regarding documents/ESI.

## V.   STATE/FEDERAL COORDINATION

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination. On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committees. The parties will be prepared to discuss State/Federal coordination at the monthly status conference on September 16, 2010.

## VI.   STATE COURT TRIAL SETTINGS

Defendants will be prepared to advise the Court, to the best of their knowledge, of the following at the status conference on September 16, 2010:

1)   All trial settings in state court that are set over the next 12 months;

2)      All pending discovery motions in state court cases;

3)      All dispositive motions pending in state court cases; and

4)      Any state court issues that should be discussed as a matter of state/federal coordination.

In addition to the foregoing, the PSC will advise the Court of all motions that are pending regarding tag-along cases and, to the extent known, assist in advising the Court regarding the above mentioned matters.

The *Jason and Melissa Harrell v. Banner, et al*, Case No. 09-08401, Circuit Court, Miami Dade County, case is set to begin before Judge Joseph Farina on September 20, 2010, and is expected to last approximately three weeks. Selection of the jury commenced on September 13, 2010.

The following is a list of trials that are set before the Honorable Mary Jane Hall in Norfolk Circuit Court Virginia:

1) *Baldwin, Jerry and Inez v. Wellington, LLC, et al*, Case No. CL09-5135, set January 8, 2011;
2) *Leach, Joseph and Cathy v. Wellington, LLC, et al,* Case No. CL09-5932, set January 8, 2011;
3) *Morgan, William and Deborah v. Wellington, LLC, et al,* Case No. CL09-5133, set January 8, 2011;
4) *Orlando, Robert and Lisa v. Wellington, LLC, et al,* Case No. CL09-5722, set January 8, 2011;
5) *Bailey, Eric v. HHJV, LLC, et al,* Case No. CL09-5892, set February 7, 2011;
6) *Fowle, Amanda v. HHJV, LLC, et al,* Case No. CL09-5894, set February 7, 2011;
7) *McKellar, Preston and Rachel v. HHJV, LLC, et al,* Case No. CL09-5903, set February 7, 2011;
8) *Michaux, Joseph and Vannessa v. HHJV, LLC, et al,* Case No. CL09-6334, set February 7, 2011;
9) *Parker, Marlon and LaTasha v. HHJV, LLC, et al,* Case No. CL09-6784, set February 7, 2011;
10) *Allen, Phillip and Clarine v. HHJV, LLC, et al,* Case No. CL09-6785, set March 7, 2011;
11) *Fontenot, Perry and Cassandra v. HHJV, LLC, et al,* Case No. CL09-5895, set March 7, 2011;

12) *Hollingsworth v. HHJV, LLC, et al,* Case No. CL09-6630, set March 7, 2011;

13) *Smith, Juanita v. HHJV, LLC, et al,* Case No. CL09-5901, set March 7, 2011;

14) *Walker, Benjamin v. HHJV, LLC, et al,* Case No. CL09-6720, set March 7, 2011;

15) *Heischober, Steven and Elizabeth v. Peak Building Corporation, et al,* Case No. CL09-5168, set April 11, 2011;

16) *Ward, Lawrence v. Peak Building Corporation, et al,* Case No. CL09-5167, set April 11, 2011;

17) *Matulenas, Joseph and Elizabeth v. Venture Supply, Inc., et al,* Case No. CL09-6328, set April 11, 2011;

18) *Levy, Christopher and Wendy v. Venture Supply, Inc., et al,* Case No. CL09-6365, set April 11, 2011;

19) *Day, Dan and Maureen v. Venture Supply, Inc., et al,* Case No. CL09-6330, Set April 11, 2011.

On May 27, 2010, an Order granting Plaintiffs' Motion for Class Certification and Providing for Notice was issued in the case of *Jason Harrell and Melissa Harrell, individually, on behalf of their minor children, and on behalf of all other similarly situated, vs. South Kendall Construction Corp., et* al, in the Circuit Court of the 11th Judicial Circuit In and for Miami-Dade County, Florida, Case No. 09-08401 CA (42).

The parties will be prepared to discuss the foregoing at the monthly status conference on September 16, 2010.

VII.   <u>MOTIONS IN THE MDL</u>

PLC has provided to the Court and the various Liaison Counsel a master database that sets forth the identification of pending motions, the parties who filed the motion, the docket number and other relevant information so that the Court can have an index of substantive motions pending in this matter.  PLC and Liaison Counsel will coordinate so that the Court is provided with a master database report on an ongoing basis.  It is anticipated that the index will assist the Court pursuant to the directive given by the Court on September 8, 2009 to counsel for Plaintiffs and Defendants to indicate which motions needed to be heard on an expedited basis and to prioritize such motions and further set forth scheduling deadlines with respect to such

motions. On August 25, 2010, the Court issued a Minute Entry appointing Leonard Davis, Dorothy Wimberly and Kyle Spaulding to a motions committee, and directing the committee to group the motions in a sensible manner, such as by similar issues, facts or parties, and then submit recommendations to the Court regarding which groups of motions should be set for hearing and when. Members of the Motions Committee have communicated and also met on September 14, 2010 and are in the process of grouping the motions.

On November 29, 2009, the Court issued Pre-Trial Order No. 1C which allows parties to file motions before the MDL Court and provides that the motions will be continued without date, unless a motion is specifically excepted from the continuance set forth in the Pre-Trial Order and further that the Court will organize and prioritize the continued motions and in due course, set the motions for hearing and further that no responses to the motions are due until two (2) weeks before the hearing date set by the Court. On January 8, 2010, Pre-Trial Order 1D was issued to clarify Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings. On February 12, 2010, the Court issued Pre-Trial Order No. 1E which clarifies filings of responsive pleadings and motion practice in the *Gross* matter (09-6690). The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

## VIII.  DISCOVERY ISSUES

On September 2, 2009, the PSC propounded its First Set of Discovery Requests on Defendants. Numerous meet and confers have taken place between the parties in an attempt to narrow issues in dispute. The meet and confers included topics relating to hard copy document production, ESI and also addressed the FRCP 30(b)(6) deposition notices that were provided to Defendants on September 2, 2009.

On October 19, 2009, the 30(b)(6) deposition of the La Suprema entities took place. On December 16 and 17, 2009, the 30(b)(6) deposition of Venture Supply and Porter

Blaine entities took place.  The 30(b)(6) deposition of Mazer Super Discount Store took place on January 29, 2010.  The 30(b)(6) deposition of Interior/Exterior Building Supply, LP took place on February 5, 2010.  The 30(b)(6) deposition of Black Bear Gypsum Supply took place on April 1, 2010.  Additionally, the 30(b)(6) deposition of the Lennar entities has been postponed and is to be rescheduled at a later date.  On August 18 and 19, 2010 the 30(b)(b) deposition of Knauf Gips relating to jurisdiction/alter ego/agency took place.  The deposition was not concluded and other corporate representatives for items of inquiry set forth in the Notice of the 30(b)(6) deposition will be deposed on September 20 and 21, 2010 and on October 19 and 20, 2010. The PSC has also cross-noticed the deposition of Knauf Insulation GMBH which is scheduled to take place on September 27 and 28, 2010.  The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

On October 15, 2009, the HSC propounded Personal Jurisdiction Interrogatories and Request for Production of Documents to Knauf Gips KG in connection with Knauf Gips' objection to personal jurisdiction.  Also, on October 30, 2009, the PSC propounded its First Set of Interrogatories and Request for Production Concerning Jurisdictional Issues to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd.  (See Section XIX, *infra*.)  The Knauf Defendants continue to supplement discovery responses and the parties have had additional meet and confers, and are attempting to resolve their disputes regarding a number of discovery issues.  A Motion for Sanctions and to Compel Production of Knauf Defendant Documents [Rec. Doc. 4754] was heard after the August 12, 2010 monthly status conference.  The Court granted the motion in part, ordering the Knauf Defendants to produce documents in response to the PSC's discovery requests pursuant to the Federal Rules of Civil Procedure.  On August 24, 2010, the Court issued a Minute Entry [Rec. Doc. 5303] setting a deadline for the Knauf Defendants to

produce the requested discovery documents and encouraging the parties to schedule a Federal Rule of Civil Procedure 16 Conference to discuss outstanding discovery issues, including translation of discovery documents.  Numerous meet and confers have taken place between the PSC and the Knauf Defendants.  The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

On July 29, 2010, the PSC issued Plaintiffs' First Set of Requests for Admission of Facts, Second Set of Interrogatories and Second Set of Requests for Production of Documents Concerning Jurisdictional Issues Addressed to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., and Knauf Plasterboard (Dongguan) Co., Ltd.  Knauf provided a written response to the document requests on August 20, 2010 and answers to the interrogatories and requests to admit on September 13, 2010.  The PSC is reviewing the responses to determine the adequacy of the responses.

The PSC has issued a number of subpoena duces tecums and deposition notices to various defendants seeking production and information relating to insurance policies. On April 27, 2010, the Court issued Pre-Trial Order No. 24 advising that the subpoenas shall be treated as document requests and served pursuant to Rule 34 of the Federal Rules of Civil Procedure and that Defendants shall respond within twenty (20) days of entry of the Order or thirty (30) days after service of the subpoena (now Rule 34 requests), whichever is later in time, and further ordered that the depositions are continued without date, to be rescheduled without the necessity of re-subpoena, if necessary, to a mutually agreeable date, at least ten (10) days thereafter.  The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

On April 21, 2010, Knauf Plasterboard (Tianjin) Co. Ltd. issued a First Set of Interrogatories and Request for Production of Documents to Plaintiffs and to Homebuilders

regarding warehouses.  Responses have been provided by the various parties.  The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

On August 19, 2010, the Knauf Defendants sent notice to the PSC and plaintiffs' counsel in the Omnibus I Complaint concerning Knauf's position that certain plaintiffs have not complied with PTO 17.  The PSC responded by letter to Counsel for Knauf on August 24, 2010.  Counsel for the Knauf Defendants has advised the PSC that it has received several responses and provided copies of same to Plaintiffs' Liaison Counsel and Plaintiffs' Lead Counsel.  The Knauf Defendants have advised the PSC that they intend to seek dismissal for those plaintiffs who provide no indicia of KPT drywall by September 18, 2010.  The PSC will be responding.  The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

IX.   FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs and Defendants.  Any party desiring to receive information regarding requests and the status of responses are directed to contact their respective Liaison Counsel, who will make the information available.

Upon receipt of Freedom of Information Act/Public Records Requests, the PLC and Defendants have been and will continue to transmit copies pursuant to the other party's request.  PLC and DLC will be prepared to discuss this matter and the status of any request at the monthly status conference on September 16, 2010.

X.   TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]).  The Court has further advised that any such trials will be limited to property damage only.  *Id.* at sect. IV;   The parties have been discussing the protocol

11

and procedure for selecting Bellwether trial candidates. The PSC suggests a sufficient representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts and legal issues. The Defendants suggest that the selection of Bellwether plaintiffs must be limited to the approximately 31 plaintiffs that have submitted profile forms where personal injuries are not claimed. A list of these plaintiff properties has been made available to the PSC and the Court. The parties continue to discuss the selection of Bellwether trials.

The *Germano, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd, et* al, Case No. 2:09-cv-6687 (E.D.La.) case was tried in February, 2010. On April 8, 2010, the Court issued its Findings of Fact & Conclusions of Law [Doc. 2380]. On May 26, 2010, Plaintiffs filed a motion to certify a national class for claims against Taishan Gypsum Co. Ltd. [Doc. 3293]. On May 24, 2010, the Intervening Plaintiffs' Counsel filed a Petition for Fees and Costs [Doc. 3248]. Taishan filed an opposition memorandum and on August 5, 2010, and the Court issued an Order & Reasons denying in part and referring in part the matter to the Clerk of Court [Rec. Doc. 4872]. On June 10, 2010, Taishan Gypsum filed a Notice of Appeal in the *Germano* proceeding. On June 10, 2010, Taishan Gypsum filed a Notice of Appeal in response to the Court's confirmation of the default judgment in the *Germano* matter. On September 10, 2010, Taishan Gypsum filed a Motion to Vacate the Default Judgment, Dismiss the Action, and to Seek Remand From the Court of Appeals [Rec. Doc. 5515]. The motion hearing has not yet been set by the Court and responsive pleadings have not yet been filed.

Taishan Gypsum has also advised that it may have been served in several federal court actions, and that it intends, with full reservation of all rights and defenses, to participate in those actions, and has filed a Notice of Appearance to that effect.

The *Tatum B. Hernandez and Charlene M. Hernandez, individually and obo their minor children, Grant M. Hernandez and Amelia C. Hernandez versus Knauf Gips KG, et al,* Case No. 2:09-cv-06050 (E.D. La.) case was tried in March, 2010.  On April 27, 2010, the Court issued its Findings of Fact & Conclusions of Law [Doc. 2713].

The *John Campbell v. KPT, et al,* Case No. 2:09-cv-7628 (E.D.La.) and *Paul Clement & Celeste Schexnaydre v. KPT, et al*, Case No. 2:09-cv-7628 (E.D. La.) cases were set to begin trial on June 21, 2010.  On June 18, 2010, the *Clement/Schexnaydre* and *Campbell* cases were settled. The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

## XI.   FILINGS IN THE MDL

The parties also continue to discuss the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal jurisdiction and other defenses, including the right to return cases to the originating venue for trial purposes.  Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]).  Six (6) suppliers have advised that they will consent to direct filings in the MDL and one (1) supplier has a specific reservation. Builders have advised that they are willing to accept service of any cases, but are not willing to agree to direct filings in the MDL.  The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

## XII.   NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment.  On December 15, 2009, the PSC filed a Notice to Defendants of Initially Relevant Pre-Trial Orders [Doc. 617] and suggested that all named Defendants in the *Gross v. Knauf Gips* case (see Section XVI, *infra.*) familiarize

themselves with Pre-Trial Orders issued by the Court, as well as the Court's website.   On January 20, 2010, the PSC also filed a Notice to Defendants of the Court's Lifting of the Stay With Regard to Responsive Pleadings [Doc. 770].   Counsel making an appearance are encouraged to familiarize themselves with the same information.  The parties will be prepared to discuss the status of this issue in more detail at the September 16, 2010 status conference.

### XIII.   <u>INSURANCE ISSUES</u>

On April 6, 2010, the Court issued Pre-Trial Order No. 20 creating an Insurer Steering Committee and appointing Judy Y. Barrasso as Lead Counsel for the Committee. Since that time, both PLC and DLC have communicated with Ms. Barrasso.  In accordance with the Order issued by the Court on June 10, 2010 [Doc. 3684], the parties have met and conferred and submitted to the Court a proposed briefing and hearing schedule for various Jurisdictional and Venue Motions and various Homeowner's Insurers' motions. The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

On June 15, 2010, the United States Judicial Panel on Multidistrict Litigation issued an Order denying transfer to MDL 2047 of three (3) motions involving insurance coverage litigation.  The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

On July 1, 2010, the Court issued an Order [Rec. Doc. 4300] setting a filing, briefing, and hearing schedule for homeowner insurer's Motions to Dismiss.  Several insurance companies have filed motions and the PSC has filed oppositions.    The matters were heard on September 2, 2010, and are currently under advisement.

On July 1, 2010, the Court issued an Order [Rec. Doc. 4301] setting a filing, briefing, and hearing schedule for SCL's insurers' Motions objecting to jurisdiction and venue.

On August 5, 2010, the Court amended the Order to reset the hearing date on these motions to November 3, 2010 and to provide a schedule for certain jurisdictional discovery.

## XIV.   SERVICE OF PLEADINGS ELECTRONICALLY

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel.  All counsel are required pursuant to Pre-Trial Order No. 6 to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District of Louisiana Court.  Pre-Trial Order No. 6 governs service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

In addition to the foregoing, the parties have been advised that LexisNexis is in the process of establishing a system that allows for tracking state cases involving Chinese drywall.  The parties will be prepared to discuss this further with the Court at the monthly status conference on September 16, 2010.

## XV.   MASTER COMPLAINT

The PSC is in the process of drafting a Master Complaint.  The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

## XVI.   CLASS ACTION COMPLAINT (INDETERMINATE DEFENDANT)

On October 7, 2009, a Class Action Complaint (Indeterminate Defendant), *Gross, et al v. Knauf Gips KG, et al*, Case No. 2:09-cv-06690 (E.D.La.), was filed with the Court and on October 19, 2009, an amendment was filed.  Service of the complaint has been accomplished on all of the domestic defendants that can presently be located.  Efforts to locate the remaining domestic defendants so that service can be effected upon them are ongoing.  As to the foreign defendants named in the complaint, some have been served and others are in the process of being served under the Hague Convention.  The PSC filed a Notice to Defendants of Initially Relevant

Pre-Trial Orders [Doc. 617] and suggested that all named Defendants familiarize themselves with Pre-Trial Orders issued by the Court, as well as the Court's website.  On February 6, 2010, PLC and DLC filed a Motion for Entry of Pre-Trial Order No. 1E, requesting that the Court clarify that the stay on motion practice and responsive pleading is now lifted in *Gross*, and providing a deadline for service of responsive pleadings.   The Court entered Pre-Trial Order No. 1F on March 10, 2010 and Pre-Trial Order No. 1G on May 27, 2010 clarifying the deadlines for responsive pleadings, notices of appearance, and profile forms in all cases.  To address certain pleading matters, Plaintiffs filed and the Court granted a joint motion to dismiss certain defendants, without prejudice and to amend the amended class action complaint. The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

## XVII.  OMNIBUS CLASS ACTION COMPLAINTS

On November 2, 2009, Pre-Trial Order No. 17 was issued which recognizes and confirms Knauf Plasterboard (Tianjin) Co., Ltd.'s agreement to accept service of the PSC's Omnibus Class Action Complaint.  The Omnibus Class Action Complaint, *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.)(presently referred to as Omnibus I), was filed with the Court on December 9, 2009 and Knauf Plasterboard (Tianjin) Co., Ltd. waived its right to demand service of process through the Hague Convention.  The complaint is in the process of being served; numerous defendants named therein have been served with the summons and Complaint and some of the domestic defendants have filed responsive pleadings.  This complaint is still in the process of being translated for service on the remaining foreign defendants.  On May 17, 2010, the PSC filed a joint motion to dismiss certain Defendants without prejudice and to amend the Plaintiffs' Omnibus Class Action Complaint.  On May 18, 2010, this Court entered its Order granting the PSC's motion.  The PSC has since filed Notices of Compliance with the Court's Order.

16

Consistent with PTO No. 17, the PSC also prepared and filed on February 10, 2010, additional omnibus class action complaints, *i.e.*, : *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.)(Omni II)–This is a complaint against non-Knauf Chinese manufacturing defendants and others; and *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.) (Omni IV)–This is a Complaint naming new plaintiffs asserting claims against Knauf and others; and *Amato v. Liberty Mutual Ins. Co., et al.*, Case No. 10-932 (Omni V)- This is a Complaint naming additional defendants, including insurers, underwriters and previously named defendants. Proposed amendments to Omni II and Omni IV Complaints have been filed.  On March 15, 2010, technical and other amendments were made to the Omni II and Omni IV complaints.  The PSC has made arrangements for service of process upon all of the defendants, including translating these amended Omni complaints for service under the Hague Convention. Also on February 10, 2010,  in *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention, *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.*, (E.D.La.) (Omni III)– The Omni III complaint in intervention is a class action that adopts the theory of the Gross complaint and  adds direct actions against new defendants in the course of commerce that have been identified.  The Court's order granting the motion to intervene was entered on March 17, 2010. Thereafter, on March 23, 2010, the Court entered an order deeming a substituted and amended Omnibus Complaint (Omni III) to be entered on the docket.  The Substituted and Amended Omni III complaint is now in the process of being served.  No domestic drywall manufacturers are named as a defendant in any Omni complaint.  On May 11, 2010, the Omni V – Amato complaint was amended to correct technical and other errors.

The PSC decided to prepare additional motions to intervene plaintiffs into some of the existing Omni Complaints limited to claims against existing defendants already named therein.  After appropriate notice to all known interested counsel, the PSC obtained information from those counsel to add any additional plaintiffs against the existing defendants in any of the Omni Complaints.  On July 9, 2010, the PSC filed Motions to Intervene in the following Omni actions:  Omni I (Payton); Omni II (Wiltz); Omni III (Gross/Benes); and Omni IV (Rogers).  The Knauf entities or their counsel have filed oppositions to all of the interventions except for Omni II (Wiltz) and Taishan has objected to Omni II (Wiltz).  The PSC has replied and briefing is now complete.  The Court has set the Motions to Intervene for hearing in Omni I (Payton); Omni II (Wiltz); Omni III (Gross/Benes); and Omni IV (Rogers) following the monthly status conference on September 16, 2010.

The PSC is also in the process of collecting additional plaintiffs for future motions to intervene newly identified clients into their proper Omni Complaint.  This process is ongoing.  Defendants reserve their rights to oppose the interventions. The parties will be prepared to discuss these omni complaints further at the monthly status conference on September 16, 2010.

The PSC will shortly be filing an Omni VI Class Action Complaint asserting direct claims by plaintiff homeowners against their homeowner insurers.  Service of the complaint will be instituted immediately, which process the PSC anticipates will be completed in a matter of weeks.  The parties will be prepared to discuss this matter further at the monthly status conference on September 16, 2010.

XVIII. SPECIAL MASTER

On November 24, 2009, the Court appointed Michael K. Rozen of Feinberg Rozen, LLP, as Special Master.

XIX.   KNAUF GIPS KG PERSONAL JURISDICTION MATTER

On September 21, 2009, Knauf Gips KG filed a Motion for Protective Order to Require Use of the Hague Evidence Convention.  On October 5, 2009, the PSC filed a Response in Opposition and the HSC also filed a Response in Opposition.  On October 12, 2009, Knauf Gips KG filed a Motion for Leave to File Reply in Support of Motion of Knauf Gips KG for Protective Order to Require Use of the Hague Evidence Convention.   On October 27, 2009, the Court issued Order & Reasons denying the motion.

On July 16, 2010 [Rec. Doc. 4440], the Court issued a Scheduling Order for Jurisdictional Discovery.  The PSC and the HSC have each issued discovery relating to personal jurisdiction issues to Knauf Gips KG. (See Section VIII, *infra*.)  The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

On August 18 and 19, 2010, the 30(b)(6) depositions of Knauf Gips took place in New York.  The deposition will continue on September 20 and 21, 2010 and on October 19 and 20, 2010.  On September 8, 2010, the PSC filed and served a revised deposition notice with the location and dial-in information.  To assure that arrangements are made with building security, counsel intending to appear in person must notify Todd Porter (tporter@kayescholer.com), legal assistant to Knauf Gips's counsel.

XX.   FRE 706 DATABASE MANAGEMENT EXPERT

PLC and DLC provided to the Court a proposed show cause order regarding the possible appointment of a FRE 706 database management expert.  The proposed role of this Court-appointed expert would be to assist the parties and the Court in the collection,

organization, centralization and management of data relating to this litigation, provide access to such information, and such other support services as may jointly be requested by the parties or ordered by the Court. The parties will be prepared to discuss this issue in more detail at the September 16, 2010 status conference.

## XXI.  FREQUENTLY ASKED QUESTIONS

The Court, with the input of Liaison Counsel, created a list of Frequently Asked Questions, and placed them on the Court's website. The "MDL FAQs" may be found at www.laed.uscourts.gov/Drywall/FAQ.htm. Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel. The parties will be prepared to discuss this issue at the monthly status conference on September 16, 2010.

## XXII.  MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

The following matters were set for hearing by Order dated September 9, 2010 [Rec. Doc. 5505] following the status conference:
(A)     Plaintiff Motion to Intervene in Payton [Rec. Doc. 4346].
(B)     Plaintiff Motion to Inervene in Wiltz [Rec. Doc. 4347].
(C)     Plaintiff Motion to Intervene in Rogers [Rec. Doc. 4349].
(D)     Plaintiff Motion to Intervene in Gross [Rec. Doc. 4350].

Any oppositions to the motions were to be filed prior to September 14, 2010.

## XXIII. MOTION TO ESTABLISH A PLAINTIFFS' LITIGATION EXPENSE FUND

On August 4, 2010, the PSC filed a Motion to Establish a Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and common Benefit [Rec. Doc. 4603]. On August 6, 2010, several plaintiffs filed a response to the PSC's motion [Rec. Doc. 4958]. On August 9, 2010, the PSC filed a Supplemental Memorandum in Support of Its Motion to Establish a Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and

Expenses Incurred for MDL Administration and Common Benefit [Rec. Doc. 4995].  On August 10, 2010, the Knauf entities and the Homebuilders filed oppositions to the PSC's motion [Rec. Doc. 5021].  The motion was scheduled for hearing following the August 12, 2010 monthly status conference, but was continued to be set for hearing by the Court at a later date.

### XXIV. MEMBERS OF THE DEFENSE STEERING COMMITTEE

On August 12, 2010 the Court appointed Richard Duplantier, Jr. to the Defense Steering Committee.  On August 20, 2010, the Court appointed Joe Cyr and Richard Stanley to the Defense Steering Committee.

### XXV.  MEMBERS OF THE PLAINTIFFS' STEERING COMMITTEE

At the June 24, 2010 status conference, the Court indicated that members of the Plaintiffs' Steering Committee must reply for appointment.  Many of the PSC members have provided submissions to the Court regarding their reapplication.

**NEW ITEMS**

### XXVI. MEMBERS OF THE INSURERS STEERING COMMITTEE

On September 13, 2010, the Insurers Steering Committee ("ISC") filed a motion to add five additional members to the ISC [Rec. Doc. 5523].  This motion is pending and the parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

### XXVII.    MEDIATION

On August 24, 2010, the PSC, Knauf Defendants, Interior Exterior Building Supply, QBE Insurance, State Farm, and the Louisiana Homebuilders Association General Liability Trust participated in a mediation refereed by John Perry involving approximately 120 homes in Louisiana, Mississippi and Alabama.  The parties have advised the Court that progress was made in the mediation.  On September 10, 2010, the Court issued an Order [Rec. Doc. 5522]

scheduling a negotiation between the PSC and the Knauf Defendants on September 15, 2010 in New Orleans, Louisiana, to further discuss settlement.  The parties will be prepared to discuss this further at the monthly status conference on September 16, 2010.

XXVIII.   NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| /s/ Russ M. Herman | /s/ Kerry J. Miller |
| Russ M. Herman (Bar No. 6819) | Kerry Miller (Bar No. 24562) |
| Leonard A. Davis (Bar No. 14190) | Kyle Spaulding (Bar No. 29000) |
| **Herman, Herman, Katz & Cotlar, LLP** | **Frilot L.L.C.** |
| 820 O'Keefe Avenue | 1100 Poydras Street |
| New Orleans, LA  70113 | Suite 3700 |
| PH:  (504) 581-4892 | New Orleans, LA  70613-3600 |
| FAX:  (504) 561-6024 | PH:     (504) 599-8000 |
| | FAX:  (504) 599-8100 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

### CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 13 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 14th day of September, 2010.

/s/   Kerry J. Miller