IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED
DRYWALL PRODUCTS LIABILITY        : MDL No. 2047
LITIGATION                        : Section L
_____/

This Document Relates to:         : JUDGE FALLON
Payton, 09-7628                   : MAG. JUDGE WILKINSON

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS LA SUPREMA ENTERPRISE, INC. AND LA SUPREMA TRADING, INC.'S MOTION TO DISMISS DEFENDANTS, BANNER SUPPLY CO.'S AMENDED CROSSCLAIM**

Defendants, LA SUPREMA ENTERPRISE, INC. and LA SUPREMA TRADING, INC. (collectively, "La Suprema"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), hereby submit their Memorandum of Law in Support of their Motion to Dismiss Counts VII - X of Defendant, BANNER SUPPLY CO.'S ("Banner") Amended Cross-claim ("Crossclaim"), and further state:

I.   *La Suprema lacks the contacts with Louisiana necessary for the Court to exercise personal jurisdiction.*

On March 26, 2010, La Suprema filed its Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint (D.E. 2115) with a Supporting Memorandum of Law ("Memorandum") and Affidavit ("Affidavit"). La Suprema hereby adopts, reasserts and incorporates by reference herein section I (as to personal jurisdiction) of its Memorandum as well as the Affidavit filed in support thereof, in opposition to Counts VII - X of Banner's Crossclaim.

      II.      *Counts VII and IX of Banner's Crossclaim are substantively deficient under Florida law.*

La Suprema furthermore adopts, reasserts and incorporates by reference herein that portion of section II of its Memorandum pertaining to the applicability of substantive Florida law. As will be discussed below, Banner has failed to state a claim for common law indemnity.

The Supreme Court of Florida set forth the elements for an indemnity claim in Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 492-93 (Fla.1979):

> "Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought. … *It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable.* … Indemnity rests upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors. … *A weighing of the relative fault of tortfeasors has no place in the concept of indemnity for the one seeking indemnity must be without fault.*" (emphasis added) (citations omitted)

Accordingly, two essential elements are necessary to sustain a claim for indemnification: the indemnitee must be wholly without fault; and the indemnitee's liability must be solely vicarious for the wrongdoing of another. *See* Zeiger Crane Rentals, Inc. v. Double A Industries, Inc., 16 So.3d 907, 911 (Fla. 4th DCA 2009).

In the case at bar, Banner is alleged to be a "distributor or supplier" and La Suprema is alleged to be an "importer, exporter or broker" of allegedly defective drywall installed in Plaintiffs' homes. *See, e.g.,* ¶¶ 2085 - 2090, and 2126-2127 of Plaintiffs'

Omnibus Class Action Complaint. Thus, Banner and La Suprema are each alleged to occupy different links along the same chain of distribution. Consequently, any liability assigned to Banner (and for which Banner seeks indemnification from La Suprema) is equally attributable to La Suprema because Banner and La Suprema are alleged by Plaintiff to occupy positions along the chain of distribution of the allegedly defective drywall which are downstream from the manufacturer.

Just as Banner alleges it, "… is wholly without fault for Taylor Plaintiffs' damages as alleged herein because they had no involvement in manufacturing the allegedly defective drywall …" (Banner Crossclaim ¶¶40, 51), La Suprema is equally without fault since it neither manufactured nor is alleged by Banner or Plaintiffs to have manufactured the drywall at issue. Therefore, Banner's indemnification claims against La Suprema are legally deficient because, as entities each alleged to occupy positions along the distributive chain of a defective product downstream from the manufacturer, both Banner's and La Suprema's prospective liability is merely vicarious. *See, e.g.*, <u>Costco Wholesale Corp. v. Tampa Wholesale Liquor Co., Inc.</u>, 573 So.2d 347 (Fla. 2d DCA 1990).

The facts of <u>Costco Wholesale Corp.</u> are directly analogous to those of the instant case. Therein, Florida's Second District Court of Appeal was faced with a claim for indemnification brought by the retailer of a defective product (Costco) against the intermediate sellers of the product. Referencing the Florida Supreme Court's holding in <u>Houdaille</u>, the Second District noted:

> "Under the holding of *Houdaille*, Costco could recover in common law indemnity against Tampa Wholesale and Tyfield only if Costco was without actual fault and Tampa Wholesale and Tyfield were parties in the chain of

> distribution to Costco who were possessed of actual fault in regard to the defect in the product. *Since Costco, Tampa Wholesale and Tyfield were all without actual fault in regard to the defective product, common law indemnity will not lie between them. If they were all guilty of some degree of actual fault, common law indemnity would not lie as there can be no common law indemnity among joint tortfeasors.*" Costco Wholesale Corp., 573 So.2d at 348 (emphasis added)

Thus, to the extent La Suprema's liability to Plaintiffs is merely vicarious as an entity along the distributive chain of the drywall, such liability cannot sustain Banner's indemnification claims because La Suprema lacks actual culpability. *Id.* Similarly, to the extent La Suprema's liability to Plaintiffs is based upon actual fault due to allegedly importing, exporting or brokering the drywall at issue to Banner, Banner will likewise possess some degree of actual fault for ultimately selling the drywall to Plaintiffs. Common law indemnification is unavailable under either scenario due to both indemnitor and indemnitee possessing mere vicarious liability, or, alternatively, actual culpability. *Id.*

    III.    <u>Counts VIII and X of Banner's Crossclaim are substantively deficient under Florida law.</u>

La Suprema again adopts, reasserts and incorporates by reference herein that portion of section II of its Memorandum pertaining to the applicability of substantive Florida law. As will be discussed below, Banner has failed to state a claim for contribution.

In Florida, the right to contribution is governed by Florida Statutes §768.31, which provides, in pertinent part:

"(2) **Right to contribution.—**

> (b) *The right of contribution exists only in favor of a tortfeasor who has paid more than her or his pro rata share of the common liability, and the tortfeasor's total recovery is limited to the amount paid by her or him in excess of her or his pro rata share.*" (emphasis added)

Banner merely alleges that it seeks contribution from La Suprema, "[t]o the extent BANNER is called on to pay more than its pro rata share of the common liability …" (Banner Crossclaim ¶¶49, 60). Banner's Crossclaim omits allegations that it actually has paid more than its pro rata share of the common liability, or that its pro rata share has even been determined.

Accordingly, Banner has failed to state a claim for contribution pursuant to §768.31 because it is not entitled to relief under said provision unless and until it has paid more than its pro rata share of the common liability. Until such pro rata shares have been determined, Banner's contribution claim is premature. *See* T & S Enterprises Handicap Accessibility, Inc. v. Wink Indus. Maintenance & Repair, Inc., 11 So.3d 411 (Fla. 2d DCA 2009) (affirming trial court's dismissal of a third-party claim for contribution where third-party plaintiff had opportunity to affirmatively plead comparative fault of third-party defendant, so as to minimize the likelihood that third-party plaintiff would pay more than its pro rata share of any common liability); *see also* Fla.Stat. §768.81(3).

Respectfully submitted this 14th day of September, 2010.

    ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
One Aventura, Suite 600
20900 NE 30th Avenue
Aventura, Florida 33180
Tel:    305-937-0300
Fax:    305-937-1311

By:_____
    EDUARDO I. RASCO, ESQ.
    FLORIDA BAR NO. 646326
    STEVE BIMSTON, ESQ.
    FLORIDA BAR NO. 179205

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of September, 2010.

    ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
One Aventura, Suite 600
20900 NE 30th Avenue
Aventura, Florida 33180
Tel:    305-937-0300
Fax:    305-937-1311

By:_____
    EDUARDO I. RASCO, ESQ.
    FLORIDA BAR NO. 646326
    STEVE BIMSTON, ESQ.
    FLORIDA BAR NO. 179205