

United States Department of State

Washington, D.C. 20520

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2010 SEP -9  AM 9: 38

LORETTA G. WHYTE
CLERK

## MEMORANDUM

**TO:**      **The Clerk of Court**

**FROM:**  **Linda P. McFadyen**
            **East Asia and Pacific Division**
            **Overseas Citizens Services**

**DATE:**   September 2, 2010

**SUBJECT:** David Gross, Cheryl Gross, and Louis Valez. v Knauf Gips KG, et al.
             Case No.: 09-6690
             Service upon King Shing Steel Enterprises Co., Ltd.

The enclosed envelope contains a Certificate of Service or Non-Service for the subject case in response to a letter rogatory signed by a judge in this court where the case is being tried.

Please handle this certificate as is customary for Certificates of Service in your court.

Please feel free to contact **APS International, Ltd., Attn.: Glenda Fichtner, APS International Plaza, 7800 Glenroy Road, Minneapolis, Minnesota 55439, tel. 800-328-7171 x 336, GEF@CivilActionGroup.com** with any questions you may have.

Enclosure: as stated

| | |
|---|---|
| Taiwan | ) |
| City of Taipei | ) |
| American Institute in Taiwan | )   ss: |
| Taipei Office | ) |

I, Aaron J. Rupert, hereby depose and say as follows:

1. I am employed by the American Institute in Taiwan and am presently stationed at the American Institute in Taiwan, Taipei Office, Consular Section, American Citizen Services Unit.

2. In the absence of diplomatic relations, unofficial commercial, cultural and other relations between the people of the United States and the people of Taiwan are conducted by the American Institute in Taiwan, an unofficial organization funded by Congress.

3. The American Institute in Taiwan ("AIT"), a nonprofit entity incorporated under the laws of the District of Columbia, is authorized to assist and "... protect the interests of United States persons by performing acts such as are authorized to be performed outside the United States for consular purposes by such laws of the United States as the President may specify." See 22 U.S.C. 3305, 3306(a)(3). The judicial assistance acts of AIT personnel parallel the acts performed by U.S. consular officers under 28 U.S.C. 1781(a)(2). See 22 C.F.R. 92.54, 92.66.

4. Pursuant to Section 10(a) of the Taiwan Relations Act, 22 U.S.C. 3309(a), Taipei Economic and Cultural Representative Office (TECRO) is the instrumentality established by the people on Taiwan having the necessary authority under the laws of Taiwan to take actions on behalf of Taiwan in accordance with the Taiwan Relations Act (22 U.S.C. 3301 et seq. (Section 1-204, Ex. Or. No. 12143 of 6/22/79, 44 Fed Reg 37191.)

5. Officers of AIT follow the guidelines for performance of consular services set forth in 22 C.F.R. Part 92 and Volume 7 of the U.S. Department of State's Foreign Affairs Manual ("FAM"). 7 FAM Chapter 900 governs the performance of services related to international judicial assistance.

6. 22 U.S.C. 3306(b) provides that acts performed by authorized employees of AIT under 22 U.S.C. 3306 are valid, and of like force and effect within the United States, as if performed by any other person authorized under the laws of the United States to perform such acts.

7. Letters rogatory issued by a tribunal in the United States requesting international judicial assistance from Taiwan are transmitted, pursuant to

28 U.S.C. 1781(a)(2) to the foreign tribunal, officer, or agency to whom it is addressed through AIT. AIT transmits the request to TECRO, which forwards it to the appropriate Taiwan authority in a position to assign the request to a tribunal for execution. The executed request is received by AIT from TECRO and returned to the requesting tribunal in the United States.

8. On March 19, 2010, AIT received two sets of letters rogatory and accompanying documents requesting judicial assistance in connection with David Gross, Cheryl Gross, and Louis Velez v Knauf Gips KG, et al., Case No.: 09-6690, service upon King Shing Steel Enterprises Co., Ltd. On March 23, 2010, AIT transmitted these to TECRO for action.

9. On July 29, 2010, AIT received a communication from TECRO confirming that service of process has been effected on King Shing Steel Enterprises Co., Ltd. on June 21, 2010 by the Taiwan Tainan District Court, Taiwan.

I declare under penalty of perjury that the foregoing is true and correct.

Aaron J. Rupert
Consular Officer

Executed in Taipei, Taiwan
On August 2, 2010

The foregoing sworn Declaration Under Penalty of Perjury was executed in accordance with 28 U.S.C. 1746.

- 2 -

**Coordination Council for North American Affairs**
*Headquarters for*
*Taipei Economic and Cultural Representative Office in the U.S.*
(TECRO)
133 BoAi Road, Taipei, Taiwan, Republic of China
Tel: 23119212   Fax: 23822651

Ref No: TECRO 09958028560

JUL 28 2010

July 27, 2010

Ms. Julie L. Kavanagh
Chief
Consular Section
American Institute in Taiwan
Taipei Office
7, Lane 134, Hsin Yi Road, Sec. 3
Taipei, Taiwan

Dear Ms. Kavanagh:

In reply to AIT/T's letter (B-192) dated March 23, 2010 concerning the transmittal of legal documents to King Shing Steel Enterprise Co. Ltd., I am writing to inform you that the documents have been duly served. Enclosed please find the certificate of service from the Taiwan Tainan District Court for your reference.

Sincerely yours,

Steven Lin
Chief
Administrative Division

Encl : a/s

# 臺灣臺南地方法院送達證書

(郵遞區號：70802　機關住址：台南市安平區健康路3段308號)

| 應受送達人姓名地址 | 郵遞區號：717<br>設臺南縣仁德鄉保安村保安路1段21號<br>相對人　1　King Shing Steel Enterprise Co., Ltd. 即金升鋼鐵企業股份有限公司（金昇鋼鐵企業股份有限公司） |
|---|---|
| 案　號<br>案　由 | 99年度助字第9號<br>囑託送達 |
| 送達文書 | 路易斯安那東部地區美國地方法院　國際司法協助請求書（調查委託書）中文版及英文版各一份。 |
| 送達人注意 | 一、依上述送達方式送達者，送達人應即將本送達證書，提出於法院附卷。<br>二、無法依上述送達方法送達者，送達人應作記載該事由之報告書，提出於法院附卷，並繳回應送達之文書。 |

送達方法（由送達人在 □ 上劃 ∨ 號選記）

| | |
|---|---|
| □ 已將文書交與應受送達人： | □ 本　人（簽名蓋章或按指印） |
| ☑ 未獲會晤本人，已將文書交與有辨別事理能力之同居人或受僱人： | □ 同居人（簽名蓋章）<br>□ 受僱人（或按指印）<br>※送達人應記名收領人之姓名（以正楷登記） |
| □ 應受送達之本人、同居人或受僱人，收領後拒絕或不能簽名、蓋章或按指印者，由送達人記明其事由於右欄： | ※送達人填記： |
| □ 應受送達之本人、同居人、或受僱人，無法律之理由拒絕收領，經送達人將文書留置於送達處所，以為送達： | □ 本人<br>□ 同居人(姓名)：<br>□ 受僱人(姓名)：　拒絕收領 |
| □ 未獲會晤本人亦無受領文書之同居人或受僱人，已將該送達文書：<br>□ 應受送達之本人，或同居人、或受僱人、無法律上之理由、拒絕收領，並有難達留置情事，已將該送達文書： | 寄存於下列之一處所，並作送達通知書兩份，一份黏貼於受送達人住居所、事務所、營業所或其就業處所門首，另一份置於該送達處所信箱或其他適當位置，以為送達。（請擇一打∨）<br>□ 寄存於　　　警察派出所。<br>□ 寄存於　　　鄉(鎮市)區公所。<br>□ 寄存於　　　鄉(鎮市)區　　村(里)辦公處。 |

| （由郵局收字人填寫） | 原寄郵局日戳 | 送達郵局日戳 |
|---|---|---|
| 郵件種類： | | |
| 掛號號碼： | （由司法警察送達時免蓋） | （由司法警察送達時免蓋） |
| 送達處所 | 送達時間 | 送達人簽章 |
| ☑ 同上記載地點。<br>□ 改送：<br>（送達人務請填記） | 中華民國 99 年 6 月 21 日<br>午 11 時 10 分<br>（送達人務請填記） | 查檔<br>782<br>大宗郵資已付掛號函件<br>臺南地方法院郵局 |

列印日期：99年6月17日　　　　　民事：丁股