a)  using reasonable care in the inspecting of the drywall they supplied to the Plaintiffs and Class Members' homes to discover that it contained Defects as set forth herein;

b)  using reasonable care in the testing of the drywall it supplied to the Plaintiffs and Class Members' homes to discover that it contained Defects as set forth herein;

c)  adequately warning and instructing the Plaintiffs and Class Members of the Defects associated with drywall; and

d)  otherwise exercising reasonable care in the inspecting and testing of the drywall provided to and installed in the Plaintiffs and Class Members' homes to discover that it contained Defects as set forth herein.

236.   The Banner Entities were negligent and breached their duty to exercise reasonable care in the a) inspecting, and b) testing of the drywall it supplied for installation in the Plaintiffs and Class Members' homes, including a duty to adequately warn of its failure to do the same. The Banner Entities negligence included, but was not limited to the following:

a.  failing to use reasonable care in the inspecting of the drywall it supplied to Plaintiffs and Class Members' homes to discover that it contained Defects as set forth herein;

b.  failing to use reasonable care in the testing of the drywall it supplied to Plaintiffs and Class Members' homes to discover that it contained Defects as set forth herein;

51

    c.   failing to adequately warn and instruct the Plaintiffs and Class Members's of the Defects associated with drywall; and

    d.   failing to otherwise exercise reasonable care in the inspecting and testing of the drywall provided to and installed in Plaintiffs and Class Members' homes to discover that it contained Defects as set forth herein.

237.   As a direct and proximate cause of The Banner Entities' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, furnishings, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

238.   As a direct and proximate cause of The Banner Entities' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the cost of repair or replacement of the homes; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; permanent diminution in value of the home;  and other related expenses.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

    a)   an order certifying the case as a class action;

    b)   an order appointing Plaintiffs as the Class Representatives of the Class;

c) an order appointing undersigned counsel and their firms as counsel for the Class;

d) compensatory damages;

e) post-judgment interest;

f) an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

g) an award of taxable costs; and,

h) any and all such further relief as this Court deems just and proper.

**COUNT VIII**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(All Defendant Builder/Developer Defendants South Kendall Construction and Santa Barbara Estates)**

239.    Plaintiffs and the Class Members adopt and restate paragraphs 1-21 and 83-153 as if fully set forth herein.

240.    Defendants were in privity with Plaintiffs and Class Members.

241.    At the times Defendants installed, utilized, supplied, inspected, and/or sold drywall for use in the Plaintiffs and Class Members' homes.  Defendants knew, or it was reasonably foreseeable, that the drywall would be installed in the Plaintiffs and Class Members' homes for use as a building material, and impliedly warranted the product to be fit for that use.

242.    Defendants' drywall product was placed into the stream of commerce by Defendants in a defective condition and were expected to, and did, reach users, handlers, and persons coming into contact with said product without substantial change in the condition in which they were sold.

243.    The drywall was defective because it was not fit for the uses intended or reasonably foreseeable by Defendants; to wit, the installation of the drywall in Plaintiffs and Class

Members' homes for use as a building material, because it contained defects as set forth herein.

244.    The Defendants breached the implied warranty of merchantability because the drywall was not fit to be installed in Plaintiffs and Class Members' homes as a building material due to the defects set forth herein.

245.    Defendants had reasonable and adequate notice of the Plaintiffs' and the Class Members' claims for breach of implied warranty of merchantability and failed to cure.

246.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

247.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; diminution in value of the home; and other related expenses.

248.    Defendants knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

54

a.   an order certifying the case as a class action;

b.   an order appointing Plaintiffs as the Class Representatives of the Class;

c.   an order appointing undersigned counsel and their firms as counsel for the Class;

d.   compensatory damages;

e.   post-judgment interest;

f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

g.   an award of taxable costs; and,

h.   any and all such further relief as this Court deems just and proper.

## COUNT IX
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (All Defendant Builder/Developer Defendants South Kendall Construction and Santa Barbara Estates)

249.   Plaintiffs and the Class Members adopt and restate paragraphs 1-21 and 83-153 as if fully set forth herein.

250.   Defendants were in privity with Plaintiffs and Class Members.

251.   Defendants' drywall product was placed into the stream of commerce by Defendants in a defective condition and was expected to, and did, reach users, handlers, and persons coming into contact with said product without substantial change in the condition in which it were sold.

252.   The drywall was defective because it was not fit for the specific purpose of installing in the Plaintiffs and Class Members' homes as a building material, for which Plaintiffs and Class Members bought the product in reliance on the judgment of Defendants.

55

253.    The Defendants breached the implied warranty of fitness for a particular purpose because the drywall was not fit to be installed in Plaintiffs and Class Members homes as a building material due to the defects set forth herein.

254.    Defendants had reasonable and adequate notice of the Plaintiffs and the Class Members' claims for breach of implied warranty of merchantability and failed to cure.

255.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

256.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; permanent diminution in value of the home; and other related expenses.

257.    Defendants knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

     a.   an order certifying the case as a class action;

     b.   an order appointing Plaintiffs as the Class Representatives of the Class;

c.   an order appointing undersigned counsel and their firms as counsel for the Class;

d.   compensatory damages;

e.   post-judgment interest;

f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

g.   an award of taxable costs; and,

h.   any and all such further relief as this Court deems just and proper.

**COUNT X**
**VIOLATION OF THE FLORIDA DECEPTIVE**
**AND UNFAIR TRADE PRACTICES ACT**
**(All Defendant Builder/Developer Defendants South Kendall Construction and Santa**
**Barbara Estates)**

258.   Plaintiffs and the Class Members adopt and restate paragraphs 1-21 and 83-153 as if fully set forth herein.

259.   This is an action for relief under section 501.201, *et.seq.,* Florida Statutes (The Florida Deceptive and Unfair Trade Practices Act).

260.   Section 501.203(7), Florida Statutes defines "Consumer" as "an individual; child, by and through its parent or legal guardian; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; or any other group or combination." Plaintiffs and Class Members are "Consumers" within the meaning of §501.203(7), Florida Statutes.

261.   Section 501.203(8), Florida Statutes defines "Trade or Commerce" as:

> [T]he advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. "Trade or

57

Commerce" shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity.

The advertising, soliciting, providing, offering, or distributing of drywall by Defendants to Plaintiffs and Class Members is "Trade or Commerce" within the meaning of section 501.203(8), Florida Statutes.

262.    Section 501.204(1) provides that: "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  The Defendants' acts and omissions as well as their failure to use reasonable care in this matter as alleged in this Complaint equals unconscionable acts or practices, as well as deceptive and unfair acts or practices in the conduct of Defendants' trade or commerce pursuant to section 501.204, Florida Statutes.

263.    The unconscionable, illegal, unfair and deceptive acts and practices of Defendants violate the provisions of Florida's Deceptive and Unfair Trade Practices Act.  Plaintiffs and Class Members have suffered actual damage for which they are entitled to relief pursuant to section 501.211(2), Florida Statutes.

264.    Plaintiffs and Class Members are entitled to recover their reasonable attorneys' fees pursuant to section 501.2105, Florida Statutes upon prevailing in this matter.

As a direct and proximate cause of the Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for the replacement value of the defective drywall in their home. WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

      a.  an order certifying the case as a class action;

      b.  an order appointing Plaintiffs as the Class Representatives of the Class;

58

  c. an order appointing undersigned counsel and their firms as counsel for the Class;

  d. compensatory damages;

  e. post-judgment interest;

  f. an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

  g. an award of taxable costs; and,

  h. any and all such further relief as this Court deems just and proper.

**COUNT XI**
**BREACH OF CONTRACT AGAINST DEFENDANT SOUTH KENDALL CONSTRUCTION ON BEHALF OF THE SOUTH KENDALL CONSTRUCTION PLAINTIFFS**

265. Plaintiffs and the Class Members adopt and restate paragraphs 1-17, 83-84, and 87-153 as if fully set forth herein.

266. South Kendall Construction made an offer to build homes for Plaintiffs Karin Vickers, Felix Martinez, Jenny Martinez, Jason Santiago, and the South Kendall Construction Subclass.

267. Plaintiffs Karin Vickers, Felix Martinez, Jenny Martinez, Jason Santiago, and the South Kendall Construction Subclass accepted South Kendall Construction's offer to build a home for them.

268. As consideration, Plaintiffs Karin Vickers, Felix Martinez, Jenny Martinez, Jason Santiago, and the South Kendall Construction Subclass agreed to compensate South Kendall Construction for building their homes.

269. As part of the agreement to purchase the homes, South Kendall Construction promised Plaintiffs Karin Vickers, Felix Martinez, Jenny Martinez, Jason Santiago and the South

Kendall Construction Subclass that their homes would be free of defects, such as drywall that is inherently defective because it emits various sulfide gases and/or other chemicals through "off-gassing" that causes property damage and potential health hazards.

270.   South Kendall Construction breached the contract by providing Plaintiffs Karin Vickers, Felix Martinez, Jenny Martinez, Jason Santiago and the South Kendall Construction Subclass homes that were not free of defects, to wit, the homes contained drywall that is inherently defective because it emits various sulfide gases and/or other chemicals through "off-gassing" that causes property damage and potential health hazards.

271.   Plaintiffs' contracts for the purchase of their homes are attached hereto as Composite Exhibit "A."

272.   As a direct and proximate cause of South Kendall Construction's breach of contract, Plaintiffs Karin Vickers, Felix Martinez, Jenny Martinez, Jason Santiago and the South Kendall Construction Subclass have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

273.   As a direct and proximate cause of South Kendall Construction's breach of contract, Plaintiffs Karin Vickers, Felix Martinez, Jenny Martinez, Jason Santiago and the South Kendall Construction Subclass have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable

housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; permanent diminution in value of the home; and other related expenses.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

    a.   an order certifying the case as a class action;

    b.   an order appointing Plaintiffs as the Class Representatives of the Class;

    c.   an order appointing undersigned counsel and their firms as counsel for the Class;

    d.   compensatory damages;

    e.   post-judgment interest;

    f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

    g.   an award of taxable costs; and,

    h.   any and all such further relief as this Court deems just and proper.

**COUNT XII**
**BREACH OF CONTRACT AGAINST DEFENDANT SANTA BARBARA ESTATES ON BEHALF OF THE SANTA BARBARA ESTATES PLAINTIFFS**

274.    Plaintiffs and the Class Members adopt and restate paragraphs 1-11, 18-21, and 85-153 as if fully set forth herein.

275.    Santa Barbara Estates made an offer to build homes for Plaintiffs Felix Diaz, Liem Quach, Ann Ngoc Thile and the Santa Barbara Estates Subclass.

276.    Plaintiffs Felix Diaz, Liem Quach, Ann Ngoc Thile and the Santa Barbara Estates' Subclass accepted Santa Barbara Estates' offer to build a home for them.

277.    As consideration, Plaintiffs Felix Diaz, Liem Quach, Ann Ngoc Thile and the Santa Barbara Estates' Subclass agreed to compensate Santa Barbara Estates for building their homes.

278.    As part of the agreement to purchase the homes, Santa Barbara Estates promised Felix Diaz, Liem Quach, Ann Ngoc Thile and the Santa Barbara Estates' Subclass that their homes would be free of defects, such as drywall that is inherently defective because it emits various sulfide gases and/or other chemicals through "off-gassing" that causes property damage and potential health hazards.

279.    Santa Barbara Estates breached the contract by providing Felix Diaz, Liem Quach, Ann Ngoc Thile and the Santa Barbara Estates' Subclass homes that were not free of defects, to wit, the homes contained drywall that is inherently defective because it emits various sulfide gases and/or other chemicals through "off-gassing" that causes property damage and potential health hazards.

280.    Plaintiffs' contracts for the purchase of their homes are attached hereto as Composite Exhibit "B."

281.    As a direct and proximate cause of Santa Barbara Estates' breach of contract, Plaintiffs Felix Diaz, Liem Quach, Ann Ngoc Thile and the Santa Barbara Estates' Subclass have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

282.    As a direct and proximate cause of Santa Barbara Estates' breach of contract, Plaintiffs ,

Plaintiffs Felix Diaz, Liem Quach, Ann Ngoc Thile and the Santa Barbara Estates' Subclass

have incurred or will incur incidental and consequential damages for the costs of moving

while homes are being repaired; renting of comparable housing during the duration of the

repairs; the loss of use and enjoyment of real property; the loss in value of the home due to

the stigma attached to having defective drywall in the home; permanent diminution in value

of the home; and other related expenses.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

  a.  an order certifying the case as a class action;

  b.  an order appointing Plaintiffs as the Class Representatives of the Class;

  c.  an order appointing undersigned counsel and their firms as counsel for the Class;

  d.  compensatory damages;

  e.  post-judgment interest;

  f.  an award of attorneys' fees to class counsel based upon a common fund theory as
      allowed by Federal law, for the benefits conferred upon the Class and/or as
      allowed by contract or statute;

  g.  an award of taxable costs; and,

  h.  any and all such further relief as this Court deems just and proper.

### COUNT XIII
### PRIVATE NUISANCE
### (Against All Defendants)

283.    Plaintiffs and the Class Members adopt and restate paragraphs 1-153 as if fully set forth

herein.

63

284.    The Defendants' tortious or wrongful acts or omissions have caused sulfide gas and/or
other chemical leaching into Plaintiffs and Class Members' homes which has unreasonably
interfered, and continues to interfere, with the Plaintiffs and Class Members' use and
enjoyment of their properties and caused them potential health problems.

285.    Defendants' interference has impaired the rights of Plaintiffs and Class Members health,
comfort, safety, free use of their property, and/or peaceful enjoyment of their property.

286.    Defendants' invasions were intentional and unreasonable, and/or unintentional but
otherwise negligent or reckless.

287.    The interference with Plaintiffs and Class Members' use of their property caused by
Defendants is substantial and is ongoing.

288.    Defendants' private nuisance was the direct, proximate, and foreseeable cause of
Plaintiffs and Plaintiff Class Members' damages, injuries, harm, economic loss, and
increased risk of harm, which they suffered and will continue to suffer.

289.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class
Members have incurred economic damages and are entitled to recover monetary damages
for: replacement/repair of their homes; the removal and replacement of all of the drywall
contained in their homes; the replacement of Other Property (air-conditioner and refrigerator
coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring,
personal property, electronic appliances, and other metal surfaces and household items); and
the repair and/or replacement of any materials contaminated or corroded by the drywall.

290.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class
Members have incurred or will incur incidental and consequential damages for the costs of
moving while homes are being repaired; renting of comparable housing during the duration

64

of the repairs; the loss of use and enjoyment of real property; the loss in value of the home

due to the stigma attached to having defective drywall in the home; permanent diminution in

value of the home; and other related expenses.

291.    Defendants knew or should have known that their wrongful acts and omissions would

result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

    a.  an order certifying the case as a class action;

    b.  an order appointing Plaintiffs as the Class Representatives of the Class;

    c.  an order appointing undersigned counsel and their firms as counsel for the Class;

    d.  compensatory damages;

    e.  post-judgment interest;

    f.  an award of attorneys' fees to class counsel based upon a common fund theory
        as allowed by Federal law, for the benefits conferred upon the Class and/or as
        allowed by contract or statute;

    g.  an award of taxable costs; and,

    h.  any and all such further relief as this Court deems just and proper.

### COUNT XIV
### EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

292.    Plaintiffs and the Class Members adopt and restate paragraphs 1-153 as if fully set forth

herein. Plaintiffs and the Class are without adequate remedy at law, rendering injunctive and

other equitable relief appropriate.

293.    Plaintiffs and the Class will suffer irreparable harm if the Court does not render the

injunctive relief and medical monitoring relief set forth herein, and if defendants are not

ordered to recall, buy back, remediate and/or repair the plaintiffs and members of the class' homes.

294.   Plaintiffs on behalf of themselves and all others similarly situated, demand injunctive and equitable relief and further, that defendants be ordered to: (1) remedy, repair, remediate and/or replace the drywall in the homes, (2) cease and desist from misrepresenting to the Class and the general public that there is no defect in, or danger associated with, the drywall, and (3) institute, at their own cost, a public awareness campaign to alert the Class and general public of the defect, dangers associated with the drywall (4) create, fund, and support a medical monitoring program.

295.   Until Defendants' defective drywall has been removed, Defendants should provide continued environmental and air monitoring in Plaintiffs and Class Members' homes.

296.   Plaintiffs and Class Members have been exposed to greater than normal background levels of sulfides and other hazardous chemicals as a result of exposures to Defendants' defective drywall.

297.   The sulfides gases and the other chemicals which have been released from Defendants drywall and to which Plaintiffs and Class Members have been exposed are proven hazardous, dangerous, or toxic substances.

298.   Plaintiffs' and Class Members' exposures were caused by the Defendant's negligence or otherwise tortious conduct.

299.   Plaintiffs and Class Members exposure may lead to serious health problems, diseases, and medical conditions that may be prevented by timely medical diagnosis and treatment.

300.   The method and means for diagnosing the Plaintiffs and Class Members potential medical problems are well accepted in the medical and scientific community and will be of

great benefit to the Plaintiffs and Class Members by preventing or minimizing health problems that they may encounter as a result of the defective drywall.

301.    As a proximate result of their exposure to sulfide gases and other toxic chemicals from Defendants' defective drywall, Plaintiffs and Class Members have developed a significantly increased risk of contracting a serious latent disease.

302.    Monitoring procedures exist that makes the early detection of any latent disease possible that are different from those normally recommended in the absence of the exposure.

303.    The prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

WHEREFORE, Plaintiffs, on behalf of all others similarly situated demand injunctive and/or equitable relief against the Defendant as follows:

 a. an Order certifying the Class and appointing Plaintiffs as Class Representatives;

 a. an order appointing Class Counsel to the represent the Class;

 b. an order and judgment requiring the necessary repairs, remediation, relocation costs, personal property replacement, establishment of environmental and medical monitoring programs;

 c. pre-judgment and post-judgment interest at the maximum rate allowable at law;

 d. all statutory damages;

 e. an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

67

    f.   the costs and disbursements incurred by Plaintiffs and Class Members in connection with this action, including reasonable attorneys' fees based on the benefits conferred upon the Class, a common fund, statutory, and/or contractual basis;

    g.   equitable, injunctive, and declaratory relief;

    h.   pursuant to Rule 23(b)(2) and/or Rule 23(d), Plaintiffs seek notice to Class Members of the defective drywall in their home, need to have the home inspected, and potential health risks associated with the drywall;

    i.   environmental and air monitoring;

    j.   medical monitoring; and

    k.   such other and further relief under all applicable state and federal law and any other relief the Court deems just and appropriate.

## COUNT XV
## NEGLIGENCE
### (Against Distributor/Supplier Defendant Rothchilt)

304.    Plaintiffs and the Class Members adopt and restate paragraphs 1-64, 76-79 and 87-153 as if fully set forth herein.

305.    Defendants owed a duty to Plaintiffs to exercise reasonable care in the a) inspecting, and b) testing, of the drywall it supplied for installation in Plaintiffs and Class Members' homes, including a duty to adequately warn of its failure to do the same. The Defendants' duty includes, but was not limited to the following:

    a.   using reasonable care in the inspecting of the drywall they supplied to the Plaintiffs and Class Members' homes to discover that it contained Defects as set forth herein;

68

b.  using reasonable care in the testing of the drywall it supplied to the Plaintiffs and Class Members' homes to discover that it contained Defects as set forth herein;

c.  adequately warning and instructing the Plaintiffs and Class Members of the Defects associated with drywall; and

d.  otherwise exercising reasonable care in the inspecting and testing of the drywall provided to and installed in the Plaintiffs and Class Members' homes to discover that it contained Defects as set forth herein.

306.  The Defendants were negligent and breached their duty to exercise reasonable care in the a) inspecting, and b) testing of the drywall it supplied for installation in the Plaintiffs and Class Members' homes, including a duty to adequately warn of its failure to do the same. The Defendants' negligence included, but was not limited to the following:

a.  failing to use reasonable care in the inspecting of the drywall it supplied to Plaintiffs and Class Members' homes to discover that it contained Defects as set forth herein;

b.  failing to use reasonable care in the testing of the drywall it supplied to Plaintiffs and Class Members' homes to discover that it contained Defects as set forth herein;

c.  failing to adequately warn and instruct the Plaintiffs and Class Members's of the Defects associated with drywall; and

d.  failing to otherwise exercise reasonable care in the inspecting and testing of the drywall provided to and installed in Plaintiffs and Class Members' homes to discover that it contained Defects as set forth herein.

307.    As a direct and proximate cause of the Defendants' acts and omissions, Plaintiffs and

Class Members have incurred economic damages and are entitled to recover monetary

damages for: replacement/repair of their homes; the removal and replacement of all of the

drywall contained in their homes; the replacement of Other Property (air-conditioner and

refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer

wiring, personal property, furnishings, electronic appliances, and other metal surfaces and

household items); and the repair and/or replacement of any materials contaminated or

corroded by the drywall.

308.    As a direct and proximate cause of the Defendants' acts and omissions, Plaintiffs and

Class Members have incurred or will incur incidental and consequential damages for the

costs of moving while homes are being repaired; renting of comparable housing during the

duration of the repairs; the cost of repair or replacement of the homes; the loss of use and

enjoyment of real property; the loss in value of the home due to the stigma attached to having

defective drywall in the home; permanent diminution in value of the home; and other related

expenses.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

      a)   an order certifying the case as a class action;

      b)   an order appointing Plaintiffs as the Class Representatives of the Class;

      c)   an order appointing undersigned counsel and their firms as counsel for the Class;

      d)   compensatory damages;

      e)   post-judgment interest;

    f)  an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

    g)  an award of taxable costs; and,

    h)  any and all such further relief as this Court deems just and proper.

**COUNT XVI**
**STRICT LIABILITY**
**(Against Installer Defendant Atco)**

309.    Plaintiffs and the Class Members adopt and restate paragraphs 1-21, 80-82, and 87-153 as if fully set forth herein.

310.    At all times relevant hereto, Defendant was in the business of exporting, importing, distributing, delivering, supplying, inspecting, marketing, installing, and/or selling drywall for sale to the general public.

311.    The drywall, including that installed in the homes of Plaintiffs and Class Members was placed by Defendant in the stream of commerce.

312.    Defendant knew that the subject drywall would be used without inspection for defects by consumers.

313.    Defendant intended that the drywall reach the ultimate consumer, such as Plaintiffs and Class Members, and it indeed reached Plaintiffs and Class Members when it was installed in their homes.

314.    When installed in the Plaintiffs and Class Members' homes, the drywall was in substantially the same condition it was when Defendant distributed, supplied, sold, installed, and/or delivered it.

315.    At all times relevant hereto the subject drywall was used in a manner consistent with the uses intended by, or known to Defendant, and in accordance with the Defendant's directions and instructions.

316.    The subject drywall was not misused or altered by any third parties, Plaintiffs or Class Members.

317.    The drywall was defectively manufactured, designed, inspected, tested, marketed, distributed, delivered, and/or sold.

318.    The design defect was in designing drywall that allowed high levels of sulfur and/or other chemicals to emit through off-gassing and damage Plaintiffs and Class Members' property that caused corrosion of air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items ("Other Property") and potential health hazards.

319.    The manufacturing defect was in improperly selecting, testing, inspecting, mining, making, assembling, and using, gypsum for drywall with levels of sulfur that were too high and emitted various sulfide gases and/or other chemicals through "off-gassing" that creates noxious, "rotten egg-like" odors for drywall that caused corrosion of air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items ("Other Property").

320.    The drywall was also defective because it was improperly exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold in a defective condition, as described above.

72

321.   The defective manufacturing, designing, inspecting, testing, marketing, distributing, installation, and selling of the drywall rendered it unsafe and unreasonably dangerous for its intended use and to the Plaintiffs and Class Members.

322.   The drywall is also defective and unreasonably dangerous because Defendant failed to adequately warn and instruct the Plaintiffs and Class Members of the defective design, inspection, testing, manufacturing, marketing, and selling of the drywall.

323.   Plaintiffs and Class Members were unaware of the unreasonably dangerous propensities and defective condition of the drywall, nor could Plaintiffs and Class Members, acting as a reasonably prudent people discover that Defendant's drywall was defective, as set forth herein, or perceive its danger.

324.   Defendant's defective drywall was much more dangerous and harmful than expected by the average consumer and by Plaintiffs and Class Members.

325.   Defendant's defective drywall benefit to Plaintiffs and Class Members, if any, was greatly outweighed by the risk of harm and danger to them.

326.   The defects in the drywall, as well as Defendant's failure to adequately warn the Plaintiffs and Class Members of the defects rendered the drywall unreasonably dangerous and was the direct and proximate cause of damages to Plaintiffs and Class Members.

327.   As a direct and proximate cause of Defendant's acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, furnishings, electronic appliances, and other metal surfaces and household

items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

328.    As a direct and proximate cause of Defendant's acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the cost of repair or replacement of the homes; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; permanent diminution in value of the home;  and other related expenses. WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

    a)  an order certifying the case as a class action;

    b)  an order appointing Plaintiffs as the Class Representatives of the Class;

    c)  an order appointing undersigned counsel and their firms as counsel for the Class;

    d)  compensatory damages;

    e)  post-judgment interest;

    f)  an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

    g)  an award of taxable costs; and,

    h)  any and all such further relief as this Court deems just and proper.

### COUNT XVII
### VIOLATION OF THE FLORIDA DECEPTIVE
### AND UNFAIR TRADE PRACTICES ACT
#### (Against Installer Defendant Atco)

329.    Plaintiffs and the Class Members adopt and restate paragraphs 1-21, 80-82, and 87-153 as if fully set forth herein.

330.    This is an action for relief under section 501.201, *et.seq.,* Florida Statutes (The Florida

Deceptive and Unfair Trade Practices Act).

331.    Section 501.203(7), Florida Statutes defines "Consumer" as "an individual; child, by and

through its parent or legal guardian; firm; association; joint venture; partnership; estate; trust;

business trust; syndicate; fiduciary; corporation; or any other group or combination."

Plaintiffs and Class Members are "Consumers" within the meaning of §501.203(7), Florida

Statutes.

332.    Section 501.203(8), Florida Statutes defines "Trade or Commerce" as:

> [T]he advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. "Trade or Commerce" shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity.

The advertising, soliciting, providing, offering, or distributing of drywall by the Banner Entities

to Plaintiffs and Class Members is "Trade or Commerce" within the meaning of section

501.203(8), Florida Statutes.

333.    Section 501.204(1) provides that: "[u]nfair methods of competition, unconscionable acts

or practices, and unfair or deceptive acts or practices in the conduct of any trade or

commerce are hereby declared unlawful."  Defendant's acts and omissions as well as their

failure to use reasonable care in this matter as alleged in this Complaint equals

unconscionable acts or practices, as well as deceptive and unfair acts or practices in the

conduct of the Banner Entities' trade or commerce pursuant to section 501.204, Florida

Statutes.

334.  The unconscionable, illegal, unfair and deceptive acts and practices of the Defendant violates the provisions of Florida's Deceptive and Unfair Trade Practices Act. Plaintiffs and Class Members have suffered actual damage for which they are entitled to relief pursuant to section 501.211(2), Florida Statutes.

335.  Plaintiffs and Class Members are entitled to recover their reasonable attorneys' fees pursuant to section 501.2105, Florida Statutes upon prevailing in this matter.

336.  As a direct and proximate cause of the Defendant's acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for the replacement value of the defective drywall in their home.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

     a.  an order certifying the case as a class action;

     b.  an order appointing Plaintiffs as the Class Representatives of the Class;

     c.  an order appointing undersigned counsel and their firms as counsel for the Class;

     d.  compensatory damages;

     e.  post-judgment interest;

     f.  an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

     g.  an award of taxable costs; and,

     h.  any and all such further relief as this Court deems just and proper.

**COUNT XVIII**
**NEGLIGENCE**
**(Against Installer Defendant Atco)**

337.    Plaintiffs and the Class Members adopt and restate paragraphs 1-21, 80-82, and 87-153
        as if fully set forth herein.

338.    Defendant owed a duty to Plaintiffs to exercise reasonable care in the a) inspecting, and
        b) testing, of the drywall it was installing in Plaintiffs and Class Members' homes, including
        a duty to adequately warn of its failure to do the same.  Defendant's duty included, but was
        not limited to the following:

          a.   using reasonable care in inspecting the drywall it installed in Plaintiffs and
               Class Members' homes to discover that it contained Defects as set forth herein
               and not to install the defective drywall in Plaintiffs' and Class Members'
               homes;

          b.   using reasonable care in the testing of the drywall it supplied to the Plaintiffs
               and Class Members' homes to discover that it contained Defects as set forth
               herein and not to install the defective drywall in Plaintiffs' and Class
               Members' homes;

          c.   adequately warning and instructing the Plaintiffs and Class Members of the
               Defects associated with drywall; and

          d.   otherwise exercising reasonable care in the inspecting and testing of the
               drywall provided to and installed in the Plaintiffs and Class Members' homes
               to discover that it contained Defects as set forth herein.

339.    Defendant was negligent and breached its duty to exercise reasonable care in the a)
        inspecting, and b) testing of the drywall it supplied for installation in the Plaintiffs and Class

77

Members' homes, including a duty to adequately warn of its failure to do the same. The
Defendant's negligence included, but was not limited to the following:

    a.   failing to use reasonable care in inspecting the drywall it installed in Plaintiffs
and Class Members' homes to discover that it contained Defects as set forth
herein and not to install the defective drywall in Plaintiffs' and Class
Members' homes;

    b.   failing to use reasonable care in the testing of the drywall it supplied to the
Plaintiffs and Class Members' homes to discover that it contained Defects as
set forth herein and not to install the defective drywall in Plaintiffs' and Class
Members' homes;

    c.   failing to adequately warn and instructi the Plaintiffs and Class Members of
the Defects associated with drywall; and

    d.   failing to otherwise exercise reasonable care in the inspecting and testing of
the drywall provided to and installed in the Plaintiffs and Class Members'
homes to discover that it contained Defects as set forth herein.

340.    As a direct and proximate cause of the Defendant's acts and omissions, Plaintiffs and
Class Members have incurred economic damages and are entitled to recover monetary
damages for: replacement/repair of their homes; the removal and replacement of all of the
drywall contained in their homes; the replacement of Other Property (air-conditioner and
refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer
wiring, personal property, furnishings, electronic appliances, and other metal surfaces and
household items); and the repair and/or replacement of any materials contaminated or
corroded by the drywall.

78

341.   As a direct and proximate cause of the Defendant's acts and omissions, Plaintiffs and

Class Members have incurred or will incur incidental and consequential damages for the

costs of moving while homes are being repaired; renting of comparable housing during the

duration of the repairs; the cost of repair or replacement of the homes; the loss of use and

enjoyment of real property; the loss in value of the home due to the stigma attached to having

defective drywall in the home; permanent diminution in value of the home; and other related

expenses.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

a)   an order certifying the case as a class action;

b)   an order appointing Plaintiffs as the Class Representatives of the Class;

c)   an order appointing undersigned counsel and their firms as counsel for the Class;

d)   compensatory damages;

e)   post-judgment interest;

f)   an award of attorneys' fees to class counsel based upon a common fund theory

as allowed by Federal law, for the benefits conferred upon the Class and/or as

allowed by contract or statute;

g)   an award of taxable costs; and,

h)   any and all such further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs individually and on behalf of the Class Members, hereby demand a trial by jury

as to all issues so triable as a matter of right.

Respectfully submitted,

Dated:  September 14, 2010.

79

/s/ Arnold Levin
Arnold Levin, Esquire
Fred S. Longer, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663

*Counsel for Individual Representative Plaintiffs and the Class*


Ervin A. Gonzalez
Patrick S. Montoya
COLSON HICKS EIDSON COLSON MATTHEWS
MARTINEZ GONZALEZ KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-476-7400
Fax: (305) 476-7444
*Counsel for Individual Representative Plaintiffs and the Class*


Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

*Counsel for Individual Representative Plaintiffs and the Class*


Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006

80

Phone: (202) 540-7200
Fax: (202) 540-7201
*Counsel for Individual Representative Plaintiffs and the Class*

## OF COUNSEL TO PLAINTIFFS (PLAINTIFFS' STEERING COMMITTEE)

Russ M. Herman
*Liaison Counsel MDL 2047*
Leonard A. Davis
Stephen J. Herman
HERMAN, HERMAN KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com

Arnold Levin
*Plaintiffs' Lead Counsel MDL 2047*
Fred S. Longer
Matthew C. Gaughan
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663

Daniel E. Becnel, Jr.
BECNEL LAW FIRM LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS, MITHCELL,
ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Victor Manuel Diaz
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Hugh P. Lambert
LAMBERT & NELSON
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

James Robert Reeves
LUMPKIN & REEVES
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID, MEUNIER &

Christopher Seeger
SEEGER WEISS, LLP

81

WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmenunier@gainsben.com

Jerrold Seth Parker
PARKER, WAICHMAN, ALONSO LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
jerry@yourlawyer.com

Dawn M. Barrios
BARRIOS, KINGSDORF & CATEIX, LLP
701 Poydras Street, Suie 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (305) 524-3313
barrios@bkc-law.com

One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@aseegerweiss.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201

Jeremy W. Alters
Alters Law Firm, P.A.
4141 NE 2nd Ave., Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkp@lewis-roberts.com

82