UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO | JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| Silva et al v. Knauf Gips KG et al<br>EDLA 09-08034 | |

### PROPOSED ORDER GRANTING MOTION FOR CLASS CERTIFICATION

This matter having come before this Court upon motion by Plaintiff in the above-captioned case for class certification as to declaratory relief and damages claims, and after having considered the briefs filed and arguments made by counsel, IT IS HEREBY ORDERED:

Plaintiff's motion for class certification is GRANTED pursuant to Rule 23(b)(2) and Rule 23(b)(3). The class shall be defined as

> All owners of residential real properties in the state of Louisiana containing Chinese manufactured drywall sold or distributed by Interior Exterior Building Supply LP from January 1, 2005 to December 31, 2008, who have not released or assigned their property damage claims to a third party.

Certification of this class is appropriate because:

1. The class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

2. There are questions of law or fact common to the class, satisfying the requirements of Rule 23(a)(2);

3. The claims of the representative parties are typical of the claims of the class, satisfying the requirements of Rule 23(a)(3);

4. The plaintiff will fairly and adequately protect the interests of the class, satisfying the requirements of Rule 23(a)(4);

5. The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate, satisfying the requirements of Rule 23(b)(2);

6. Questions of law or fact common to the members of the class predominate over questions affecting only individual members;

7. A class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3);

8. Counsel Arnold Levin of Levin, Fishbein, Sedran & Berman; Ervin Gonzalez, of Colson Hicks Eidson; and Richard Lewis, of Hausfeld LLP will fairly and adequately represent the interests of the class as Class Counsel, satisfying the requirements of Rule 23(g)(1); and

IT IS FURTHER ORDERED THAT Plaintiff Mr. Stephen Silva shall serve as class representative for the class certified herein.

IT IS FURTHER ORDERED THAT Arnold Levin of Levin, Fishbein, Sedran & Berman; Ervin Gonzalez, of Colson Hicks Eidson; and Richard Lewis, of Hausfeld LLP are appointed as Class Counsel for the class certified herein.

IT IS FURTHER ORDERED THAT no later than seven days after the date of this Order, the parties through their counsel are to meet and confer on a proposed form of notice to be

mailed to the class by Defendants, and submit the same to the Court not later than seven days after the date of this Order. If no agreement is reached, the parties shall submit to this Court their proposed form of notice no later than seven days thereafter.

New Orleans, Louisiana, this _____ day of _____, 2010.

_____
Eldon E. Fallon
United States District Court Judge