# EXHIBIT 6

DRAFT: 12/07/06
FOR SETTLEMENT PURPOSES ONLY

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between Banner Supply Co., Banner Supply Co.- Pompano, LLC, Banner Supply Co. — Port St. Lucie, LLC, Banner Supply Co. — Ft. Myers, LLC and Banner Supply Co. — Tampa, LLC ("Claimants") and Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin").

### RECITALS

WHEREAS, the Claimants purchased plasterboard for resale in Florida;

WHEREAS, Claimants' customers alleged that certain plasterboard manufactured by Knauf Tianjin had a smell, and Claimants' customers raised concerns regarding potential health risks associated with the alleged smell;

WHEREAS, the alleged smell was brought to the attention of Knauf Tianjin, and Knauf Tianjin investigated the smell and whether there were any health risks associated with the plasterboard;

WHEREAS, Knauf Tianjin's consultant and Knauf Tianjin's internal personnel determined that there were no health risks from Knauf Tianjin's plasterboard and the smell was the common smell of natural Gypsum Chinese plasterboard;

WHEREAS, Knauf Tianjin denies any and all wrongdoing or liability whatsoever relating to the plasterboard manufactured by Knauf Tianjin and Knauf Tianjin has concluded that it is in its best interests to avoid any protracted, time-consuming and costly dispute and to consolidate and take possession of remaining plasterboard in Claimants' stock;

WHEREAS, Claimants also have concluded that it is in their best interests to avoid any protracted, time-consuming and costly dispute;

π's EX. 70
Filed 6-8 A.D. 2010
Case No. 09-38887-CA-42
Clerk Circuit Court

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

BANNER-MDL00007393

DRAFT: 12/06/06
FOR SETTLEMENT PURPOSES ONLY

WHEREAS, the Claimants and Knauf Tianjin have had ample opportunity to receive the advice of counsel in the preparation, drafting and execution of this Settlement Agreement, which was negotiated at arms-length.

NOW THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY STIPULATED AND AGREED, by and between the Claimants and Knauf Tianjin that any dispute relating to Knauf Tianjin's plasterboard being installed in the home shall be compromised and settled on the terms and conditions set forth below.

## TERMS AND CONDITIONS

1. <u>Incorporation of Recitals</u>. The recital provisions set forth at the beginning of this Settlement Agreement are expressly incorporated into this Settlement Agreement.

2. <u>Purpose of Settlement</u>. This Settlement Agreement shall not be construed by anyone as an admission of liability of any kind by Knauf Tianjin, which liability is expressly denied. This Settlement Agreement is being entered into by Knauf Tianjin solely to settle and compromise any and all disputes within the scope of this Settlement Agreement between or among Knauf Tianjin and the Claimants, as described more fully herein.

3. <u>Payment</u>. Knauf Tianjin shall make available to Claimants up to [To Be Determined] pieces of U.S. domestically produced plasterboard ("Settlement Payment") at one of its subsidiaries or affiliates for a period of ninety (90) days. The amount of board attributed to each Claimant is:

- Banner Supply Co. = _18,604_ pieces;
- Banner Supply Co. – Pompano, LLC = _16,530_ pieces;
- Banner Supply Co. – Port St. Lucie, LLC = _12,802_ pieces.

2

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

BANNER-MDL00007394

DRAFT: 12/06/06
FOR SETTLEMENT PURPOSES ONLY

Knauf Tianjin will arrange to provide the plasterboard to Claimants at their warehouse locations. Transportation to the Claimants' warehouse locations will be included in the cost paid by Knauf Tianjin.

4. <u>Timing and Method of Payment.</u> Beginning on February 15, 2007 and for ninety (90) days thereafter, Knauf Tianjin shall provide Claimants access to the amount of plasterboard as described in Section 4. Prior to February 15, 2007, Knauf Tianjin shall provide Claimants information regarding the exact procedures to order the plasterboard. Claimants are responsible for monitoring the amount of plasterboard ordered by each of them and ensuring that each receives the proper number of pieces. Under no circumstances will the order exceed [To Be Determined] pieces.

5. <u>Storage of Knauf Tianjin Board.</u> Within five (5) days of the execution of this Settlement Agreement, the Claimants shall consolidate all remaining stock of Knauf Tianjin plasterboard in their possession at [warehouse location] at no additional charge or cost to Knauf Tianjin, other than what is included in the Settlement Amount. When the board is delivered to the warehouse, Knauf Tianjin shall take legal possession of the plasterboard in exchange for the Settlement Payment. Claimants will provide Knauf Tianjin, or its designated representative, keys to the warehouse, and Claimants further agree not to remove any Knauf Tianjin plasterboard from the warehouse. Tianjin shall pay Claimants $7,300 per month for storing the Knauf Tianjin plasterboard in the warehouse.  Claimants further warrant that the Knauf Tianjin plasterboard

3

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

BANNER-MDL00007395

DRAFT: 12/06/06
FOR SETTLEMENT PURPOSES ONLY

being consolidated pursuant to this Section is (1) free of any liens, encumbrances or similar third-party rights; and (2) all the Knauf Tianjin plasterboard that is in their possession.

6. **Mutual Release by the Claimants and Knauf Tianjin.** The Claimants and Knauf Tianjin hereby release, acquit and forever discharge each other, and their past and present officers, directors, agents, attorneys, employees, shareholders, successors, predecessors, assignees, parents, subsidiaries, affiliates and sister corporations, and any and all entities and persons who may be made parties to a contribution action, from and against all claims, demands, damages, liabilities, expenses, and causes of action, including, but not limited to, property, product liability, diminution of value, trespass, nuisance, negligence, stigma, medical monitoring, personal injury, bodily injury and third-party claims, which were or could be claimed by the Claimants.

7. **Confidential Nature Of Settlement Agreement.** The Claimants and their attorneys and agents shall keep confidential the terms and provisions of the Settlement Agreement, and shall not divulge their contents, directly or indirectly, to any person, individual, firm, partnership, corporation or other entity (other than governmental taxing authorities, accountants or as may be required by order of a court of competent jurisdiction).

Claimants further shall not make statements regarding any perceived or actual smell or health risks relating to Knauf Tianjin plasterboard or assist any party in pursuing any claims, demands or litigation against Knauf Tianjin. Claimants understand and agree that their promises of confidentiality as provided in this paragraph are a material inducement to enter into the Settlement Agreement and are of the essence of this Settlement Agreement and that a breach of the obligations under this confidentiality provision, to wit, the disclosure, revelation, or divulgence to (except as required to governmental taxing authorities, accountants or by order of a

4

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

BANNER-MDL00007396

DRAFT: 12/06/06
FOR SETTLEMENT PURPOSES ONLY

court of competent jurisdiction) any person, firm, corporation or to any entity whatsoever, including, but not limited, to the press and public media (i.e. any employees or agents of newspapers, television stations, radio stations or other medias), any organization or association, or any internet websites ("home pages" or "chat rooms"), of the facts and circumstances of their claims, the terms of this Settlement Agreement, the amount of the payment recited herein, the source or sources for the settlement funds and the basis on which said payments are computed shall be a material breach hereof.

Claimants agree that any breach or threatened breach of this provision could cause irreparable harm to Knauf Tianjin and that its remedies at law or in damages would be inadequate to remedy such a breach or threatened breach and that this provision may be enforced by way of a restraining order and/or injunction in addition to any other remedies which may be available at law or in equity. Claimants agree that any breach of this provision by Claimants entitles Knauf Tianjin to cancel further shipments of USG plasterboard pursuant to this Settlement Agreement. Claimants agree that if they breach these confidentiality provisions, it will entitle Knauf Tianjin to a payment of $5,000.00 for each breach, plus attorneys' fees and costs incurred in enforcing the Settlement Agreement from the party who breaches these confidentiality provisions, and that this Settlement Agreement will in all other respects remain in full force and effect.

8.  **Choice of Law.**  This Settlement Agreement shall be governed and interpreted according to the laws of the State of Florida.

9.  **Entire Agreement.**  This Settlement Agreement represents the entire agreement between the parties and there are no terms, representations, agreements, understandings or covenants, oral or otherwise, that are not incorporated into this Settlement Agreement.

5

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

BANNER-MDL00007397

DRAFT: 12/06/06
FOR SETTLEMENT PURPOSES ONLY

10. <u>Capacity and Authority</u>. All parties entering into this Settlement Agreement have the capacity and authority to do so, and no third party has any rights which could affect the validity or legality of this Settlement Agreement.

11. <u>Terms of Agreement Negotiated</u>. This Settlement Agreement has been negotiated and drafted by the parties and their representatives. The parties to this Settlement Agreement represent and warrant that they have read and understand this Settlement Agreement and have had an opportunity to consult with their respective counsel concerning its legal effect. No rule of construction shall apply to this Settlement Agreement construing its provisions in favor of or against any party.

12. <u>Execution in Counterparts</u>. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13. <u>Default and Remedies</u>. In the event that (i) any party to this Settlement Agreement fails to perform any of their obligations or covenants under this Settlement Agreement; or (ii) any party seeks to assert an adverse claim against any party on any matter pertaining to Knauf Tianjin plasterboard, except as described in Paragraph 7, there shall be a default under this Settlement Agreement. In the event of default or any action or litigation to enforce any of the provisions or rights under this Settlement Agreement, including Paragraph 7, any party found to have breached the terms of this Settlement Agreement shall pay the prevailing party its costs, expenses and reasonable attorneys' fees, incurred by the prevailing party in such action or litigation to enforce this Settlement Agreement, including without limitation, any related appellate proceedings.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

BANNER-MDL00007398

DRAFT: 12/06/06
FOR SETTLEMENT PURPOSES ONLY

14. <u>Amendment or Modification</u>. This Settlement Agreement may be amended or modified only by a written instrument signed by all parties to this Settlement Agreement.

IN WITNESS WHEREOF, the parties have read and understood the terms and conditions of this Settlement Agreement, agree to be bound by all of its provisions, and have executed this Settlement Agreement on the date shown by their signatures below.

KNAUF PLASTERBOARD (TIANJIN) CO., LTD.

By: _____
Authorized Representative

Dated:

BANNER SUPPLY CO.

By: [signature]
Authorized Representative

Dated: 1/25/07

BANNER SUPPLY CO. – POMPANO, LLC

By: [signature]
Authorized Representative

Dated: Jan 25/07

BANNER SUPPLY CO. – PORT ST. LUCIE, LLC

By: _____
Authorized Representative

Dated:

BANNER SUPPLY CO. – FT. ~~MEYERS~~ MYERS, LLC

By: _____
Authorized Representative

Dated:

BANNER SUPPLY CO. – TAMPA, LLC

By: [signature]
Authorized Representative

Dated: 1/31/07

7

DRAFT: 12/06/06
FOR SETTLEMENT PURPOSES ONLY

14. **Amendment or Modification.** This Settlement Agreement may be amended or modified only by a written instrument signed by all parties to this Settlement Agreement.

IN WITNESS WHEREOF, the parties have read and understood the terms and conditions of this Settlement Agreement, agree to be bound by all of its provisions, and have executed this Settlement Agreement on the date shown by their signatures below.

KNAUF PLASTERBOARD (TIANJIN) CO, LTD.

By: _____
Authorized Representative

Dated:

BANNER SUPPLY CO.

By: _____
Authorized Representative

Dated:

BANNER SUPPLY CO. – POMPANO, LLC

By: _____
Authorized Representative

Dated:

BANNER SUPPLY CO. – PORT ST. LUCIE, LLC

By: _____
Authorized Representative

Dated:

BANNER SUPPLY CO. – FT. ~~MEYERS~~ *myers*, LLC

By: /s/ _____
Authorized Representative

Dated: 01/29/07

BANNER SUPPLY CO. – TAMPA, LLC

By: _____
Authorized Representative

Dated:

7

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

BANNER-MDL00007400

DRAFT: 12/06/06
FOR SETTLEMENT PURPOSES ONLY

14. <u>Amendment or Modification</u>. This Settlement Agreement may be amended or modified only by a written instrument signed by all parties to this Settlement Agreement.

IN WITNESS WHEREOF, the parties have read and understood the terms and conditions of this Settlement Agreement, agree to be bound by all of its provisions, and have executed this Settlement Agreement on the date shown by their signatures below.

KNAUF PLASTERBOARD (TIANJIN) CO, LTD.

By: _____[signature]_____
    Authorized Representative

Dated: 13/2/2007

BANNER SUPPLY CO.

By: _____
    Authorized Representative

Dated: _____

BANNER SUPPLY CO. – POMPANO, LLC

By: _____
    Authorized Representative

Dated: _____

BANNER SUPPLY CO. – PORT ST. LUCIE, LLC

By: _____Gus Coffinas_____
    Authorized Representative

Dated: 1/24/07

BANNER SUPPLY CO. – FT. ~~MEYERS~~ MYERS, LLC

By: _____
    Authorized Representative

Dated: _____

BANNER SUPPLY CO. – TAMPA, LLC

By: _____
    Authorized Representative

Dated: _____

7

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

BANNER-MDL00007401