UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED       MDL NO. 2047
DRYWALL PRODUCTS LIABILITY        SECTION: L
LITIGATION

THIS DOCUMENT RELATES TO          JUDGE FALLON
                                  MAG. JUDGE WILKINSON
Payton et al v. Knauf Gips KG et al
EDLA 09-07628

**PROPOSED ORDER GRANTING MOTION FOR CLASS CERTIFICATION**

This matter having come before this Court upon motion by Plaintiffs in the above-captioned case, and after having considered the briefs filed and arguments made by counsel, IT IS HEREBY ORDERED:

Plaintiffs' motion for class certification is GRANTED. The classes shall be defined as

> *Florida Class*: All owners of residential real properties in the State of Florida containing Chinese Drywall manufactured, sold, distributed, supplied, marketed, inspected, imported or delivered by Knauf, from January 1, 2005 to December 31, 2008, who have not released or assigned their property damage claims to a third party.
>
> *Louisiana Class*: All owners of residential real properties in the State of Louisiana containing Chinese Drywall manufactured, sold, distributed, supplied, marketed, inspected, imported or delivered by Knauf, from January 1, 2005 to December 31, 2008, who have not released or assigned their property damage claims to a third party.

Certification of this class is appropriate because:

1. The class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

2. There are questions of law or fact common to the class, satisfying the

1

requirements of Rule 23(a)(2);

3. The claims of the representative parties are typical of the claims of the class, satisfying the requirements of Rule 23(a)(3);

4. The plaintiff will fairly and adequately protect the interests of the class, satisfying the requirements of Rule 23(a)(4);

5. Questions of law or fact common to the members of the class predominate over questions affecting only individual members satisfying the requirements of Rule 23(b)(3);

6. A class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3);

7. Counsel Arnold Levin of Levin, Fishbein, Sedran & Berman; Ervin Gonzalez, of Colson Hicks Eidson; and Richard Lewis, of Hausfeld LLP will fairly and adequately represent the interests of the Florida Class as Class Counsel and Russ Herman, of Herman, Herman, Katz & Cotlar, LLP; and Gerald Meunier, of Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC will fairly and adequately represent the interests of the Louisiana Class as Class Counsel, satisfying the requirements of Rule 23(g)(1); and

IT IS FURTHER ORDERED THAT Plaintiffs Dr. Steven Roberts and Mr. Freddie Nunez shall serve as class representatives for the classes certified herein.

IT IS FURTHER ORDERED THAT Arnold Levin of Levin, Fishbein, Sedran & Berman; Ervin Gonzalez, of Colson Hicks Eidson; and Richard Lewis, of Hausfeld LLP are appointed as Florida Class Counsel; and Russ Herman, of Herman, Herman, Katz & Cotlar, LLP; and Gerald Meunier, of Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC are appointed as

Louisiana Class Counsel; for the classes certified herein.

IT IS FURTHER ORDERED THAT no later than seven days after the date of this Order, the parties through their counsel are to meet and confer on a proposed form of notice to be mailed to the class by Defendants, and submit the same to the Court not later than seven days after the date of this Order. If not agreement is reached, the parties shall submit to this Court their proposed form of notice no later than seven days thereafter.

New Orleans, Louisiana, this __ day of _____, 2010.

_____
Eldon E. Fallon
United States District Court Judge