UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br>**CHINESE MANUFACTURED DRYWALL**<br>**PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET No: 2407**<br><br>Section L<br><br>Judge Fallon |
| THIS DOCUMENT RELATES<br>TO THE FOLLOWING CASE: | Magistrate Judge Wilkinson |
| **DEAN & DANWN AMATO**<br>individually and on behalf of<br>others similarly situated, et al.,<br>and<br>**FIRST EAST SIDE SAVINGS BANK**,<br>a Florida corporation,<br>      Plaintiffs,<br><br>v.<br><br>**LIBERTY MUTUAL INSURANCE COMPANY**<br>and<br>**NAUTILUS INSURANCE COMPANY**,<br>an Arizona corporation,<br>      Defendant. | Case No: 10-932 |

**NAUTLIUS INSURANCE COMPANY'S**
**MOTION TO DISMISS FIRST EAST SIDE SAVINGS BANK'S**
**CLAIMS AGAINST NAUTILUS INSURANCE COMPANY**
**WITH PREJUDICE OR IN THE ALTERNATIVE TO TRANSFER**
**THAT CLAIM TO THE SOUTHERN DISTRICT OF FLORIDA**

**NAUTILUS INSURANCE COMPANY** asks that the court grant this motion and dismiss the claims made by First Eastside Savings Bank against Nautilus Insurance Company with prejudice and says:

1. Plaintiff seeks a declaration that the commercial general liability insurance policy issued by Nautilus Insurance Company to Southwell Homes, LLC provides coverage for the damages sought by First East Side Savings Bank against Southwell Homes, LLC in the *Payton* (Omni I) Chinese drywall

class action lawsuit.[1]

2. In *Payton*, First East Side Savings Bank alleges that Southwell Homes LLC used Chinese drywall in the construction of 3 houses owned by it, that the Chinese drywall is damaging the 3 houses owned by it and that it is entitled to recover the resulting damages.

3. The insurance policy issued by Nautilus insurance Company to Southwell Homes, LLC does not provide completed operations insurance coverage to Southwell Homes, LLC.

4. Dismissal of First East Side Savings Bank's claim for declaratory relief is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the insurance policy sued on does not provide completed operations insurance coverage and, thus, there is no insurance coverage for damages sought by First East Side Savings Bank in *Payton*.

5. In *Payton*, First East Side Savings Bank alleges that Southwell Homes LLC used Chinese drywall in the construction of 3 houses owned by it, that the Chinese drywall is damaging the 3 houses owned by it and that the damages sought are the result of Chinese drywall emitting / off-gassing dangerous, volatile chemical gases into the effected houses and that those gases are highly poisonous, corrosive, dangerous and hazardous.  It is also alleged that the poisonous and corrosive chemical gas is the cause of the loss.

6. Under Florida law the damages sought by First East Side Savings Bank in *Payton* are pollution damages.

7. Under Florida law the policy issued by Nautilus Insurance Company to Southwell Homes, LLC does not provide insurance coverage for the pollution damages sought by First East Side Savings Bank in *Payton*.

---

[1] The motion is directed solely to the claims made by First East Side Savings Bank on the policy(ies) issued by Nautilus Insurance Company to Southwell Homes, LLC and not any other claim(s), claimant(s), policy(ies) or defendant(s).

8. Dismissal of First East Side Savings Bank's claim for declaratory relief is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the insurance policy sued on does not provide insurance coverage for the pollution damages sought by First East Side Savings Bank in *Payton*.

9. The dismissal must be with prejudice because there is no set of facts that First East Side Savings Bank can honestly plead showing that the policy of insurance issued by Nautilus Insurance Company to Southwell Homes, LLC provides insurance coverage for the damages sought by First East Side Savings Bank in the *Payton* (Omin I) Chinese drywall class action lawsuit.

10. Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure a party may, by pre-answer motion, challenge a plaintiff's choice of venue.[2]

11. On the face of the complaint it is clear that this case has no nexus to the Eastern District of Louisiana and that all of the parties, evidence, witnesses and property at issue in this case are located in either the Southern District of Florida or Arizona.[3]

12. Pursuant to 28 U.S.C § 1404(a), the court may "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

13. The District Court in the Southern District of Florida has jurisdiction over Nautilus Insurance Company and Nautilus Insurance Company agrees that venue is proper there too.

---

[2] This motion is directed solely to the claims made by First East Side Savings Bank on the policy(ies) issued by Nautilus Insurance Company to Southwell Homes, LLC and not any other claim(s), claimant(s), policy(ies) or defendant(s).

[3] All of the evidence, witnesses and property are located in the Southern District of Florida, and while some of the documents may be located at Nautilus Insurance Company in Arizona, nothing related to this case is located in the Eastern District of Louisiana.  Moreover, this is a claim by a Florida company seeking a determination that an insurance policy sold to and delivered in Florida to a Florida company provides insurance coverage under Florida law for damage to three houses built in and located in Florida.

14. It is in the interest of justice and would be more convenient for the parties and witnesses for this case to be decided in the Southern District of Florida.

15. Nautilus Insurance Company asks that pursuant to 28 U.S.C. 1404(a) the case be transferred to the Southern District of Florida.

16. Nautilus Insurance Company asks that the court dismiss First East Side Savings Bank's complaint with prejudice and grant any other relief that the court deems right on the facts of this case.

17. Alternatively, Nautilus Insurance Company asks that the case be transferred to the Southern District of Florida.

WE CERTIFY that the foregoing has been served on Liaison Counsel by e-mail and upon all Chinese Drywall parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No.6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on September 23, 2010.

Fullerton George, LLP
*Counsel for Nautilus Insurance Co.*

By: *//s// Charles M-P George*
CHARLES M-P GEORGE
Florida Bar Number:  996718
2000 Ponce de Leon Boulevard
Suite 501
Coral Gables, Florida  33134
Telephone:  305-421-6391
Fax:  305-569-6664
CGeorge@FullertonGeorge.com