**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>Gross, et al. v. Knauf Gips KG, et. al., Case No. 2:09-cv-6690 (E.D.La.) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF OMNIBUS MOTION FOR PRELIMINARY DEFAULT JUDGMENT**

## I.     INTRODUCTION

Plaintiffs, David Gross, Cheryl Gross, and Louis Velez, collectively brought a class action seeking to represent owners of properties with defective Chinese drywall that was manufactured, imported, exported, brokered, distributed, delivered, supplied, marketed, inspected, and/or sold by indeterminate defendants. The *Gross* complaint asserts an industry-wide alternative liability theory against the named indeterminate defendants.

Shortly after filing the complaint, Plaintiffs commenced serving the complaint on each of the named defendants. Many of the foreign defendants who have been served with the complaint have failed to enter an appearance, answer, or otherwise respond to the complaint. For this reason, Plaintiffs request that the Court enter preliminary default judgment against each of these foreign defendants in favor of Plaintiffs and the class they seek to represent in accordance with Fed.R.Civ.P. 55 and this Court's Minute Entry dated August 11, 2009.

## II.    FACTS

David Gross, Cheryl Gross, and Louis Velez, the representative plaintiffs in *Gross*, filed their class action complaint on October 7, 2009. The *Gross* complaint names Knauf Gips KG and ninety-one (91) other domestic and foreign defendants who were involved in the manufacture, importing,

exporting, brokering, distribution, delivery, supply, marketing, inspection, and/or sale of the defective drywall at issue in this litigation. The *Gross* complaint was amended on October 19, 2009.

As noted above, the plaintiffs in *Gross* are unable to identify the manufacturer(s) and/or non-manufacturing parties in the chain of distribution of the defective drywall in their homes since the responsible parties fraudulently concealed their identities. Examples of the unidentifiable product at issue in the *Gross* action can be observed in Plaintiffs' and Defendants' Joint Submission of Chinese Drywall Identification Photographs Pursuant to Pre-Trial Order 10. *See* Joint Submission at Nos. 15-25 and 32-35. For this reason, the *Gross* complaint asserts an industry-wide alternative liability theory and requests that the named defendants be held liable in proportion to their relative market share. The *Gross* complaint did not name builders and contractors/installers as defendants.[1]

Plaintiffs Amended Class Action Complaint (the "Complaint") proposes the following class action:

> All owners and landlords of real properties located in the United

---

[1] Subsequent to the filing of the *Gross* complaint, Plaintiffs, *Mary Anne Benes, et al.*, moved pursuant to Fed.R.Civ.P. 24(b) to intervene in *Gross*. That motion was granted by Order dated March 17, 2010. Like the class representative plaintiffs in *Gross*, the *Benes* Intervenors have been unable to identify the manufacturer(s) of the drywall in their homes. Unlike the original *Gross* plaintiffs, however, certain of the *Benes* Intervenors were successful in identifying some of the non-manufacturing parties in the chain of distribution of the defective drywall in their homes. For this reason, the *Benes* Intervenors filed Plaintiff, Mary Anne Benes' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) on March 17, 2010, wherein they joined the industry-wide alternative liability theory against the indeterminate defendants (*i.e.*, the defendants named in the original *Gross* complaint) and asserted subclass claims against identifiable non-manufacturing parties.

Similarly, Plaintiffs, Ruben Jaen, *et. al.*, moved to intervene in *Gross* on July 19, 2010. The Court approved the motion to intervene by Minute Entry dated September 16, 2010. For this reason, the Jaen Intervenors filed Plaintiffs', Ruben Jaen, *et. al.*, Omnibus Class Action Complaint in Intervention (III)(A) on September 16, 2010, wherein they joined the industry-wide alternative liability theory against the indeterminate defendants (*i.e.*, the defendants named in the original *Gross* complaint) and asserted subclass claims against identifiable non-manufacturing parties (*i.e.*, the defendants who were brought into the *Gross* action by the *Benes* Intervenors).

>   States containing defective Chinese drywall manufactured, sold,
>   distributed, and/or supplied by Defendants.

*See* Complaint at ¶ 226.

The Complaint asserts claims against defendants for negligence, negligence per se, breach of express and/or implied warranties, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violation of Consumer Protection Acts, and for equitable injunctive and medical monitoring.

Since the filing of the amended complaint on October 19, 2009, Plaintiffs received notice that service of process was perfected on the following defendants:

1. Changzhou Yinhe Wood Industry Co., Ltd. on June 27, 2010;

2. China National Building Materials Co., Ltd. on February 25, 2010;

3. China National Building Material Group Corporation ("CNBM Group") on February 25, 2010;

4. Fuxin Taishan Gypsum And Building Material Co., Ltd. on March 4, 2010;

5. Hubei Taishan Building Material Co., Ltd. on February 8, 2010;

6. Jinan Run & Fly New Materials Co., Ltd. on February 8, 2010;

7. Nanhai Silk Imp. & Exp. Corporation on March 12, 2010;

8. Pingyi Baier Building Materials Co., Ltd. on February 25, 2010;

9. Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd. ("Chenxiang") on February 25, 2010;

10. Qinhuangdao Taishan Building Material Co., Ltd. on February 9, 2010;

11. Shanghai Yu Yuan Imp & Exp Co., Ltd. on February 26, 2010;

12. Sinkiang Tianshan Building Material And Gypsum Product Co, Ltd. on April 30, 2010;

13. Sunrise Building Materials Ltd. on December 7, 2009;

14. Tai'an Jindun Building Material Co., Ltd. on February 4, 2010;

15. Taishan Gypsum Co., Ltd. Lucheng Branch on March 26, 2010;

16. Taishan Gypsum (Baotou) Co., Ltd. on March 3, 2010;

17. Taishan Gypsum (Chongqing) Co., Ltd. on February 9, 2010;

18. Taishan Gypsum (Henan) Co., Ltd. on March 25, 2010;

19. Taishan Gypsum (Pingshan) Co., Ltd. on March 11, 2010;

20. Taishan Gypsum (Pizhou) Co., Ltd. on March 3, 2010;

21. Taishan Gypsum (Tongling) Co., Ltd. on February 20, 2010;

22. Taishan Gypsum (Xiangtan) Co., Ltd. on March 24, 2010; and

23. Yunan Taishan Gypsum and Building Material Co., Ltd. on April 7, 2010.

*See* Levin Declaration, Exhibit "A".

In addition to the defendants listed above, Plaintiffs have also received notice that other defendants have been served by virtue of leaving rejected legal process with the defendant. The following defendants have been served in this manner:

24. Beijing New Building Materials Public Limited Company on February 25, 2010;

25. Shaanxi Taishan Gypsum Co., Ltd. on March 11, 2010;

26. Taishan Gypsum (Hengshui) Co., Ltd. on March 10, 2010;

27. Taishan Gypsum (Jiangyin) Co., Ltd. on July, 29, 2010; and

28. Taishan Gypsum (Wenzhou) Co., Ltd. on May 14, 2010.

*See* Levin Declaration, Exhibit "A". These defendants as well as those identified in the preceding section shall be referred to herein collectively as the Defaulting Defendants.

As of the filing of this motion, none of the Defaulting Defendants listed above have entered an appearance, filed an answer, or otherwise responded to the Complaint.

### III.  ARGUMENT

The entry of a default judgment is governed by Fed.R.Civ.Proc. 55, which states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default...
>
> [In cases where the plaintiff's claim is for a sum that is not certain and cannot be made certain by computation], the party must apply to the court for a default judgment...If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing...

*See* Fed.Rule.Civ.Proc. 55.

This Court has publically warned defendants that their counsel must enter an appearance on their behalf within twenty (20) days of service of the complaint or risk being held in default:

> IT IS ORDERED that Pretrial Order #1, Paragraph 8 regarding EXTENSION AND STAY be and is hereby MODIFIED to reflect that those who have been served and who have not made an appearance will be subject to default.  The Court instructed the parties to file a motion for default in cases involving parties who have been served but who have not made an appearance, before the next status conference.

*See* Minute Entry dated August 11, 2009, p.3 [Document # 165].  *See also* Pretrial Order ("PTO") No. 1G (clarifying that counsel must enter an appearance within twenty (20) days after service of a complaint on their client) [Document # 3348].[2]

Here, Plaintiffs received documentation reflecting service of the Complaint and summons on each of Defaulting Defendants on the dates set forth above.  *See* Levin Declaration, Exhibit "A".

---

[2] Pursuant to Fed.Rule Civ. Proc. 12, a defendant must serve an answer within 20 days after being served with the summons and complaint. *See* Fed.R.Civ.Proc. 12(a)(1)(A)(I).  PTO No. 1G is designed to relax the burden on defendants by allowing them to avoid default by entering an appearance within 20 days of service of process.

5

The most recent of the Defaulting Defendants to be served, Taishan Gypsum (Jiangyin) Co., Ltd., was served with the Complaint and summons on July 29, 2010. Thus, the deadline for the Defaulting Defendants to enter an appearance or serve a responsive pleading expired, at the latest, on August 18, 2010. As of this date, none of the Defaulting Defendants have entered an appearance or filed a responsive pleading notwithstanding the Court's instruction that they must enter an appearance within 20 days of service of process or risk be held in default.

Accordingly, the Defaulting Defendants have failed to respond to Plaintiffs' Complaint or otherwise defend this matter. As the Fifth Circuit has explained, mere acceptance of service does not constitute an appearance for purposes of Fed.R.Civ.Proc. 55(b)(2). *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Thus, plaintiffs need not notify the Defaulting Defendants of the present motion for preliminary default judgment.

The Defaulting Defendants have proffered no excuse for their failure to respond to Plaintiffs' Complaint. Accordingly, by the plain language of Fed.Rules Civ. Proc. 55, Plaintiffs and the class they seek to represent are entitled to an entry of default and preliminary default judgment.

## IV.     CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' omnibus motion for preliminary default judgment.

Respectfully submitted,

Dated: September 29, 2010            /s/ Russ M. Herman
                                     Russ M. Herman, Esquire (Bar No. 6819)
                                     Leonard A. Davis, Esquire (Bar No. 14190)
                                     Stephen J. Herman, Esquire (Bar No. 23129)
                                     HERMAN, HERMAN, KATZ & COTLAR, LLP
                                     820 O'Keefe Avenue
                                     New Orleans, Louisiana 70113
                                     Phone: (504) 581-4892
                                     Fax: (504) 561-6024
                                     LDavis@hhkc.com
                                     *Plaintiffs' Liaison Counsel MDL 2047*

                                        Arnold Levin (On the Brief)
                                        Fred S. Longer (On the Brief)
                                        Matthew C. Gaughan (On the Brief)
                                        Levin, Fishbein, Sedran & Berman
                                        510 Walnut Street, Suite 500
                                        Philadelphia, PA 19106
                                        215-592-1500 (phone)
                                        215-592-4663 (fax)
                                        Alevin@lfsblaw.com
                                        *Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Dawn M. Barrios<br>Barrios, Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>Barrios@bkc-law.com | Ervin A. Gonzalez<br>Colson, Hicks, Eidson, Colson<br>  Matthews, Martinez, Gonzales,<br>  Kalbac & Kane<br>255 Alhambra Circle, Penthouse<br>Cora Gables, FL 33134<br>Phone: (305) 476-7400<br>Fax: (305) 476-7444<br>Ervin@colson.com |
| Daniel E. Becnel, Jr.<br>Becnel Law Firm. LLC<br>P.O. Drawer H<br>106 W. Seventh Street<br>Reserve, LA 70084<br>Phone: (985) 536-1186<br>Fax: (985) 536-6445<br>dbecnel@becnellaw.com | Ben W. Gordon, Jr.<br>Levin, Papantonio, Thomas, Mitchell<br> Echsner & Proctor, P.A.<br>316 S. Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: (850) 435-7000<br>Fax: (850) 435-7020   bgordon@levinlaw.com |
| Victor Manuel Diaz<br>Podhurst Orseck, P.A.<br>25 Flagler Street, 8th Floor<br>Miami, FL 33130<br>Phone: (305) 358-2800<br>Fax: (305) 358-2382<br>vdiaz@podhurst.com | Hugh P. Lambert<br>Lambert and Nelson<br>701 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 581-1750<br>Fax: (504) 529-2931<br>hlambert@lambertandnelson.com |
| Bruce William Steckler<br>Baron & Budd, P.C.<br>3102 Oak Lawn Ave., Suite 1100<br>Dallas, TX 75219<br>Phone: (214) 521-3605<br>Fax: (214) 520-1181<br>bsteckler@baronbudd.com | |

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com