UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * | MDL NO. 2047 |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * * | |
| LUCILLE BOURDON | * * | MAG. WILKINSON |
| Versus | * * | 09-7025 |
| INTERIOR/EXTERIOR BUILDING SUPPLY, LIMITED PARTNERSHIP, INTERIOR/EXTERIOR ENTERPRISES, L.L.C., ARCH INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, ARTHUR HOMES, L.L.C., JOESPH L. ARTHUR, LOUISIANA HOME BUILDERS ASSOCIATION GENERAL LIABILITY TRUST, MARKEL INSURANCE COMPANY, AND STATE FARM FIRE AND CASUALTY COMPANY | * * * * * * * * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S PETITION FOR DAMAGES

Defendant State Farm Fire and Casualty Company ("State Farm") submits the following

Answer and Defenses to the Petition for Damages filed by Plaintiff Lucille Bourdon.

## DEFENSES

### FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

### THIRD DEFENSE

Any claim asserted in the Petition against State Farm is based on a contract of insurance between Plaintiff and State Farm.  State Farm avers that the Homeowners Insurance Policy issued by State Farm to Plaintiff, a copy of which is attached to this Answer as Exhibit A (the "Policy"), being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

### FOURTH DEFENSE

As to the losses for which Plaintiff seeks to recover in this litigation, State Farm has not been afforded satisfactory proof of loss covered by the Policy, as is required by jurisprudential law, statutory law, and the terms and conditions of the Policy.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because any alleged loss to her home is not an "accidental direct physical loss" under the terms of "**SECTION I – LOSSES INSURED COVERAGE A – DWELLING**" of the Policy.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because any alleged loss to her personal property was not caused by an enumerated peril under the terms of "**SECTION I – LOSSES INSURED . . . COVERAGE B – PERSONAL PROPERTY**" of the Policy.

## SEVENTH DEFENSE

The Policy excludes coverage as follows:

### SECTION I – LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . .

g.     wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

. . .

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiff's claims are barred in whole or in part because her alleged losses consisted of or were caused by inherent vice or latent defect.

## EIGHTH DEFENSE

The Policy excludes coverage as follows:

### SECTION I – LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . .

h.     corrosion, electrolysis or rust;

. . .

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiff's claims are barred in whole or in part because her alleged losses consisted of or were caused by corrosion.

## NINTH DEFENSE

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

    1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    . . .

    j.    contamination;

    . . .

    However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiff's claims are barred in whole or in part because her alleged losses consisted of or were caused by contamination.

## TENTH DEFENSE

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

. . .

    3.    We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following:  (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    . . .

    b.    defect, weakness, inadequacy, fault or unsoundness in:

    . . .

4

> (2)   design, specifications, workmanship, construction, grading, compaction; [or]
>
> (3)   materials used in construction or repair; . . .
>
> . . .
>
> of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**;
>
> . . .
>
> However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiff's claims are barred in whole or in part because her alleged losses consisted of or were caused by defective or faulty workmanship, construction or materials used in construction.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because the losses alleged in the Petition are not resulting losses covered under the Policy and any alleged resulting losses are themselves Losses Not Insured under the Policy.

## TWELFTH DEFENSE

Plaintiff's claims for Loss of Use and Additional Living Expenses are barred because a Loss Insured has not caused the residence premises to become uninhabitable under the terms of "**SECTION I – COVERAGES** . . . **COVERAGE C – LOSS OF USE**" of the Policy.

## THIRTEENTH DEFENSE

Plaintiff's claims for any diminution in the value of her home are barred because no specific policy term provides coverage for such alleged loss. *Townsend v. State Farm Mut. Auto. Ins. Co.*, 34,901-CA, p. 11 (La. App. 2 Cir. 8/22/01); 793 So. 2d 473, 479–80; *Campbell v. Markel Am. Ins. Co.*, 2000 CA 1448, pp. 6–8, 18 (La. App. 1 Cir. 9/21/01); 822 So. 2d 617, 621–23, 628.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because any alleged bodily injury suffered by her is not covered under the terms of the Policy.

## FIFTEENTH DEFENSE

The Petition improperly seeks to impair the obligation of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

## SIXTEENTH DEFENSE

The Petition improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the United States Constitution, including, but not limited to, the Supremacy Clause, the Due Process Clause, the Equal Protection Clause and the Commerce Clause.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to take reasonable steps to mitigate her damages.

## NINETEENTH DEFENSE

State Farm avers that Plaintiff has not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives.  If Plaintiff suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of Plaintiff or of third parties for whom State Farm is not responsible.

**TWENTIETH DEFENSE**

State Farm adjusted Plaintiff's claim in good faith, in accordance with the terms and conditions of the Policy, and in compliance with applicable statutory or jurisprudential law.

**TWENTY-FIRST DEFENSE**

Plaintiff has no statutory or jurisprudential right of action to recover attorneys' fees.

**TWENTY-SECOND DEFENSE**

Although State Farm denies that it breached its contractual or statutory duties to Plaintiff in any manner, should Plaintiff establish a breach of contract and/or violation of statutory duties, Plaintiff has not suffered any real damages as a result of said breach and/or violations of statutory duties.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff did not and cannot rely on any alleged misrepresentations of State Farm or any of its agents or representatives.  As a matter of law, Plaintiff has no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations.  Plaintiff is presumed to know the terms and conditions of the Policy.

**TWENTY-FOURTH DEFENSE**

Should it be shown that Plaintiff has made any material misrepresentations in connection with her claim for recovery of damages under the Policy, State Farm avers that such representations are in violation of the terms and conditions of the Policy, thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of the Policy.

**TWENTY-FIFTH DEFENSE**

State Farm reserves the right to a credit for any claims payments that have been made and/or might be made during the pendency of this action but prior to final judgment.

## **RESERVATION OF RIGHTS**

To the extent permitted by law, State Farm reserves its rights to supplement and amend this Answer and to assert additional defenses as future discovery may warrant and require.

## **ANSWER**

**AND NOW,** answering the numbered allegations of the Petition, State Farm states as follows:

### 1.

State Farm denies the allegations of Paragraph 1 for lack of sufficient knowledge to justify a belief therein, but admits that it is an insurance company authorized to do and doing business in the State of Louisiana.

### 2.

State Farm admits that Plaintiff alleges that she is bringing an action under the statutes and theories described in Paragraph 2 of the Petition, but denies that Plaintiff is entitled to any relief whatsoever from State Farm.

### 3.

The petition in this proceeding initially was filed in the Civil District Court for the Parish of Orleans in the State of Louisiana.  Thereafter, State Farm removed this action to this Court. State Farm asserts that venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391.

### 4.

Paragraph 4 does not require an answer.  In the abundance of caution, however, State Farm incorporates the answers to each of the preceding paragraphs as if reproduced herein.

5.

State Farm denies the allegations of Paragraph 5 for lack of sufficient knowledge to justify a belief in the truth therein.

6.

State Farm denies the allegations of Paragraph 6 for lack of sufficient knowledge to justify a belief in the truth therein.

7.

State Farm denies the allegations of Paragraph 7 for lack of sufficient knowledge to justify a belief in the truth therein.

8.

State Farm denies the allegations of Paragraph 8 for lack of sufficient knowledge to justify a belief in the truth therein.

9.

Paragraph 9 does not require an answer.  In the abundance of caution, however, State Farm incorporates the answers to each of the preceding paragraphs as if reproduced herein.

10.

State Farm denies the allegations of Paragraph 10 for lack of sufficient knowledge to justify a belief in the truth therein.

11.

State Farm denies the allegations of Paragraph 11 for lack of sufficient knowledge to justify a belief in the truth therein.

12.

State Farm denies the allegations of Paragraph 12 for lack of sufficient knowledge to justify a belief in the truth therein.

13.

State Farm denies the allegations of Paragraph 13 for lack of sufficient knowledge to justify a belief in the truth therein.

14.

State Farm admits that Plaintiff renewed her Homeowners Policy No. 18-BB-U191-3 with State Farm Fire and Casualty Company for the period June 17, 2008 to June 17, 2009.  State Farm denies the remaining allegations as written and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions, contained therein.

15.

State Farm admits that Plaintiff alleges that State Farm is a defendant pursuant to La. R.S. 22:655, *et seq.*, but denies that Plaintiff is entitled to any relief whatsoever from State Farm.

16.

Paragraph 16 does not require an answer.  In the abundance of caution, however, State Farm incorporates the answers to each of the preceding paragraphs as if reproduced herein.

17.

State Farm denies the allegations of Paragraph 17 for lack of sufficient knowledge to justify a belief in the truth therein.

18.

State Farm denies the allegations of Paragraph 18 for lack of sufficient knowledge to justify a belief in the truth therein.

19.

State Farm denies the allegations of Paragraph 19 for lack of sufficient knowledge to justify a belief in the truth therein.

20.

State Farm denies the allegations of Paragraph 20 for lack of sufficient knowledge to justify a belief in the truth therein.

21.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 21 for lack of sufficient knowledge to justify a belief in the truth therein.

22.

State Farm denies the allegations of Paragraph 22 for lack of sufficient knowledge to justify a belief in the truth therein.

23.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 23 for lack of sufficient knowledge to justify a belief in the truth therein.

24.

State Farm denies the allegations of Paragraph 24 for lack of sufficient knowledge to justify a belief in the truth therein.

25.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 25 for lack of sufficient knowledge to justify a belief in the truth therein.

26.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 26 for lack of sufficient knowledge to justify a belief in the truth therein.

27.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 27 for lack of sufficient knowledge to justify a belief in the truth therein.

28.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 28 for lack of sufficient knowledge to justify a belief in the truth therein.

29.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 29 for lack of sufficient knowledge to justify a belief in the truth therein.

30.

Paragraph 30 does not require an answer.  In the abundance of caution, however, State Farm incorporates the answers to each of the preceding paragraphs as if reproduced herein.

31.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 31 for lack of sufficient knowledge to justify a belief in the truth therein.

32.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 32 for lack of sufficient knowledge to justify a belief in the truth therein.

33.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 33 for lack of sufficient knowledge to justify a belief in the truth therein.

34.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 34 for lack of sufficient knowledge to justify a belief in the truth therein.

35.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 35 for lack of sufficient knowledge to justify a belief in the truth therein.

36.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 36 for lack of sufficient knowledge to justify a belief in the truth therein.

37.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 37 for lack of sufficient knowledge to justify a belief in the truth therein.

38.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home

with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 38 for lack of sufficient knowledge to justify a belief in the truth therein.

39.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 39 for lack of sufficient knowledge to justify a belief in the truth therein.

40.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 40 for lack of sufficient knowledge to justify a belief in the truth therein.

41.

Paragraph 41 does not require an answer.  In the abundance of caution, however, State Farm incorporates the answers to each of the preceding paragraphs as if reproduced herein.

42.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 42 for lack of sufficient knowledge to justify a belief in the truth therein.

43.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home

with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 43 for lack of sufficient knowledge to justify a belief in the truth therein.

44.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 44 for lack of sufficient knowledge to justify a belief in the truth therein.

45.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 45 for lack of sufficient knowledge to justify a belief in the truth therein.

46.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 46 for lack of sufficient knowledge to justify a belief in the truth therein.

47.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 47 for lack of sufficient knowledge to justify a belief in the truth therein.

48.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 48 for lack of sufficient knowledge to justify a belief in the truth therein.

49.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 49 for lack of sufficient knowledge to justify a belief in the truth therein.

50.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 50 for lack of sufficient knowledge to justify a belief in the truth therein.

51.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 51 for lack of sufficient knowledge to justify a belief in the truth therein.

52.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home

with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 52 for lack of sufficient knowledge to justify a belief in the truth therein.

53.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 53 for lack of sufficient knowledge to justify a belief in the truth therein.

54.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 54 for lack of sufficient knowledge to justify a belief in the truth therein.

55.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 55 for lack of sufficient knowledge to justify a belief in the truth therein.

56.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 56 for lack of sufficient knowledge to justify a belief in the truth therein.

57.

State Farm denies the allegations of Paragraph 57 for lack of sufficient knowledge to justify a belief in the truth therein.

58.

State Farm denies the allegations of Paragraph 58 for lack of sufficient knowledge to justify a belief in the truth therein.

59.

Paragraph 59 does not require an answer.  In the abundance of caution, however, State Farm incorporates the answers to each of the preceding paragraphs as if reproduced herein.

60.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 60 for lack of sufficient knowledge to justify a belief in the truth therein.

61.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 61 for lack of sufficient knowledge to justify a belief in the truth therein.

62.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home

with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 62 for lack of sufficient knowledge to justify a belief in the truth therein.

63.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 63 for lack of sufficient knowledge to justify a belief in the truth therein.

64.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 64 for lack of sufficient knowledge to justify a belief in the truth therein.

65.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 65 for lack of sufficient knowledge to justify a belief in the truth therein.

66.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 66 for lack of sufficient knowledge to justify a belief in the truth therein.

67.

State Farm denies the allegations of Paragraph 67 for lack of sufficient knowledge to justify a belief in the truth therein.

68.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's  home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 68 for lack of sufficient knowledge to justify a belief in the truth therein.

69.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 69 for lack of sufficient knowledge to justify a belief in the truth therein.

70.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 70 for lack of sufficient knowledge to justify a belief in the truth therein.

71.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 71 for lack of sufficient knowledge to justify a belief in the truth therein.

72.

State Farm denies the allegations of Paragraph 72 for lack of sufficient knowledge to justify a belief in the truth therein.

73.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 73 for lack of sufficient knowledge to justify a belief in the truth therein.

74.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 74 for lack of sufficient knowledge to justify a belief in the truth therein.

75.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 75 for lack of sufficient knowledge to justify a belief in the truth therein.

76.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 76 for lack of sufficient knowledge to justify a belief in the truth therein.

77.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 77 for lack of sufficient knowledge to justify a belief in the truth therein.

78.

State Farm denies the allegations of Paragraph 78 for lack of sufficient knowledge to justify a belief in the truth therein.

79.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 79 for lack of sufficient knowledge to justify a belief in the truth therein.

80.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 80 for lack of sufficient knowledge to justify a belief in the truth therein.

81.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 81 for lack of sufficient knowledge to justify a belief in the truth therein.

82.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 82 for lack of sufficient knowledge to justify a belief in the truth therein.

83.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 83 for lack of sufficient knowledge to justify a belief in the truth therein.

84.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 84 for lack of sufficient knowledge to justify a belief in the truth therein.

85.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 85 for lack of sufficient knowledge to justify a belief in the truth therein.

86.

State Farm denies the allegations of Paragraph 86 for lack of sufficient knowledge to justify a belief in the truth therein

87.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the remaining allegations of Paragraph 87 for lack of sufficient knowledge to justify a belief in the truth therein.

88.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 88 for lack of sufficient knowledge to justify a belief in the truth therein

89.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiff's home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 89 for lack of sufficient knowledge to justify a belief in the truth therein.

90.

State Farm denies the allegations of Paragraph 90.

91.

State Farm denies the allegations of Paragraph 91.

92.

State Farm denies the allegations of Paragraph 92 for lack of sufficient knowledge to justify a belief in the truth therein.

93.

State Farm denies the allegations of Paragraph 93.

94.

State Farm denies the allegations of Paragraph 94.

95.

State Farm denies the allegations of Paragraph 95.

## **PRAYER FOR RELIEF**

State Farm denies that Plaintiff is entitled to the relief sought in her "Prayer for Relief."

## **GENERAL DENIAL**

State Farm denies each and every allegation of the Petition not specifically and expressly admitted herein.

WHEREFORE, Defendant State Farm Fire and Casualty Company prays that its Answer and Defenses to Plaintiff's Petition for Damages be deemed good and sufficient, and that after due proceedings, this Court renders judgment in its favor with all costs and fees assessed to Plaintiff.

/s/ Adrianne L. Baumgartner

_____
**ADRIANNE L. BAUMGARTNER, T.A. (#2861)**
**DARRIN M. O'CONNOR (#24582)**
**EMILY S. MORRISON (#18351)**
PORTEOUS, HAINKEL & JOHNSON
408 North Columbia Street
Covington, LA 70434
(985) 893-4790
abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com

**Attorneys for State Farm Fire and Casualty Company**

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing Defendant State Farm Fire & Casualty Company's Answer has been served upon Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 1st  day of October, 2010.

                                       **/s/ Adrianne L. Baumgartner**