UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED            :    MDL NO. 2047
DRYWALL PRODUCTS LIABILITY              :
LITIGATION                              :    SECTION:  L
------------------------------------------------------------x
THIS DOCUMENT RELATES TO:               :    JUDGE FALLON
                                        :
Payton, et al.  v. Knauf Gips KG, et al.  :  MAG. JUDGE WILKINSON
No. 09-7628 (E.D. La.)                  :
                                        :
------------------------------------------------------------x
```

**KNAUF DEFENDANTS' OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTTE'S EMERGENCY MOTION TO LIFT STAY AS TO VARIOUS PENDING MOTIONS AND EXPEDITE HEARING**

Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong, Knauf New Building Materials Products Co., Ltd., and Knauf Gips KG (collectively the "Knauf Defendants") oppose the PSC's motion to lift the stay as to various pending motions to the extent that the PSC's motion is directed to class certification motions recently filed against the Knauf Defendants, Banner Supply Co. ("Banner") and Interior/Exterior Building Supply LP ("INEX").

1. As the Court is aware, the PSC, the Knauf Defendants, INEX and Banner are very close to reaching an agreement on a demonstration program that would initially remediate up to 300 homes.  This settlement, if successful, could serve as a basis for future settlements, especially if other Chinese manufacturers determine to participate in any expansion.

32040406 (3).DOCX

2. Assuring the success of the demonstration project will occupy substantial time and resources of the Knauf Defendants and their attorneys. Efforts to expand the program also will require substantial time and resources.

3. In addition, the parties are devoting extraordinary resources to complete jurisdictional and alter ego discovery on an expedited basis. Document production from China, Germany and other European countries is proceeding on an expedited basis. Six depositions are scheduled from October 1 through December 15 in New York, London, Hong Kong and Frankfurt.

4. It would be a wasteful diversion of time and resources to litigate class certification while these settlement efforts and other discovery efforts are ongoing. Class certification would require much more than just briefing. The Knauf Defendants, INEX and Banner would be entitled to take written and deposition discovery of a fair number of class representatives – at least 10 – in order to demonstrate the differences among class members. In addition, defendants are entitled to retain expert(s) to evaluate the report of plaintiffs' expert, which purports to opine that damages can be proven through a mathematical formula and do not have to be proven individually. Further, defendants would be entitled to take the deposition of plaintiffs' expert, and to prepare their own affirmative reports. Following the conclusion of expert discovery, there will be briefing on the class certification issue, which may also include challenges to the admissibility of the testimony of plaintiff's expert. Potentially, there could be a need for an evidentiary hearing on the expert challenges.

5.      The substantial amount of time and resources necessary to litigate class certification are not a good use of the parties' time and resources.  That effort and energy is far more productively spent on concluding an agreement on the demonstration program, and then on assuring its success and expanding the program.  Moreover, to the extent there is any diversion from the settlement effort, the parties are already engaged in intensive discovery on jurisdictional and alter ego issues.[1]

6.      We point out, moreover, that class certification is inconsistent with the concept of the demonstration program, as currently being negotiated.  The current negotiations are predicated on the Knauf Defendants (a) first, *individually* negotiating fair contributions from suppliers, builders and their insurers with respect to particular homes involving those suppliers and builders, and (b) second, only after obtaining those fair contributions, agreeing with particular homeowners to pay the cost of remediation (for homes containing all or substantially all KPT drywall).

---

[1]     If substantial progress is being made toward global resolution it may make sense to suspend jurisdictional/alter ego discovery, although the Knauf Defendants are not requesting that at this point.

Dated: October 4, 2010          Respectfully submitted,

By: /s/ Kyle A. Spaulding
MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

      - AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for Defendants Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Materials Products Co., Ltd. and Knauf Gips KG

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Knauf Defendants' Opposition to Plaintiffs' Steering Committee's Emergency Motion to Lift Stay as to Various Pending Motions and Expedite Hearing has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 4th day of October, 2010.

                                          /s/ Kyle A. Spaulding

32040406 (3).DOCX