IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | :MDL NO. 2047 :Section L : |
| This Document Relates to Germano, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd., et al. Case No. 2:09-cv-6687 (E.D. La.) | :JUDGE FALLON :MAG. JUDGE WILKINSON |

## VENTURE SUPPLY, INC. AND THE PORTER-BLAINE CORPORATION'S MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO THE PSC'S MOTION FOR LIMITED CLASS CERTIFICATION

Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("PB"), by counsel, set forth the following as their Memorandum in Support of their Objection to the PSC's Motion for Class Certification.

### BACKGROUND

Venture purchased what has been called "Chinese drywall" from Shandong Taihe Dongxin Co., Ltd. ("Shandong"). As a result of alleged defects in the drywall, the PSC filed on or about May 1, 2009, a class action suit against Venture, PB, Harbor Walk Development , LLC ("Harbor Walk") and Taishan Gypsum Co., Ltd. ("Taishan") f/k/a Shandong in the United States District Court for the Eastern District of Virginia, Norfolk Division.

Thereafter, on or about May 26, 2009, the PSC filed its First Amended Complaint to include Tobin Trading, Inc. ("Tobin") as a defendant. In the First Amended Complaint, the PSC

1

sought to define the "class" as all residents of the Commonwealth of Virginia containing defective drywall manufactured, sold or distributed by Taishan, Venture or Tobin. (First Amended Complaint ¶ 31). It also sought to define a "subclass" as those Virginia residents who have homes that contain defective drywall installed by Harbor Walk or PB. (Id.). On September 23, 2009, the PSC filed in the Virginia federal court its Proof of Service of the First Amended Complaint on Taishan.

The action was transferred to this Court by the Judicial Panel on Multi-District Litigation by Order dated October 6, 2009. (Docket No. 331). Thereafter, on October 30, 2009, the PSC filed a Motion to Amend Germano to make it a national class action against Taishan. (Docket No. 396). That motion was granted by this Court on November 18, 2009 (Docket No. 469), and the Second Amended Complaint was deemed filed on November 18, 2009 (Docket No. 470). The Second Amended Complaint seeks to define the class as all persons in the United States who have homes with drywall manufactured by Taishan (Second Amended Complaint, Docket No. 470, ¶ 32). It also seeks to define two subclasses as (a) those residents of the Commonwealth of Virginia who have homes with drywall imported or sold by Venture or Tobin; and (b) those residents who have homes with drywall installed by PB or Harbor Walk (Id.)

On the same date, November 18, 2009, the PSC filed its Motion for the Entry of Default Judgment, noting that the Court had granted it permission to file the Second Amended Complaint, which was filed. (Docket No. 464). On November 19, 2009, this Court entered an Order finding Taishan in preliminary default. (Docket No. 487)

Thereafter, this Court held a default judgment proceeding allowing 7 intervener Virginia plaintiffs to present evidence on damages to be awarded against Taishan. Venture and PB had filed objections to this proceeding (Docket No. 516), however, upon stipulation of the PSC and

defendants, this Court issued an Order that that proceeding had no effect whatsoever on the other defendants to the Germano action, and the fact that the other defendants did not participate in that proceeding could not prejudice those defendants.   (Docket No. 546).

The apparent purpose of that proceeding was to allow others to intervene and present evidence on the scope of remediation, and to give parties an opportunity to evaluate damage evidence and the value of these cases.  Unfortunately for this purpose, because Knauf withdrew, only the PSC presented un-opposed evidence to this Court.  Given the relatively unchallenged nature of this evidence at the hearing, this Court understandably adopted most of this evidence in its Findings of Fact and Conclusion of Law (Docket No. 2380).[1]

The PSC has now filed a motion to apparently create a new sub-class in the action, and certify this new sub-class action solely against Taishan, and solely for plaintiffs located within the Commonwealth of Virginia (Docket No. 3293).  Spring-boarding off of the default judgment proceeding, the PSC now attempts to make that proceeding applicable to every Virginia plaintiff as it relates to their claims against Taishan.  The PSC in its motion says that this proceeding would have no effect and would not prejudice the other defendants in the action.

Venture and PB object to this certification to the extent that it has any effect whatsoever on their rights.

**ARGUMENT**

As noted above, this Court entered an Order submitted by agreement of the PSC that the default judgment proceedings with respect to the seven "intervener" plaintiffs would not prejudice the other defendants in Germano and would have no effect on those defendants. (Docket No. 546)  Despite this agreement of the PSC, and the Order of this Court, co-counsel to

---

[1] Because of this, as a practical matter the proceeding provides no guidance to parties as to the true scope of remediation and damages – only what the PSC believes is the true scope of remediation and the amount of damages.

3

the PSC has attempted to use those proceedings, and this Court's Findings of Fact and Conclusions of Law, continuously against these defendants in other judicial proceedings. To the extent that the PSC seeks to certify a class action of Virginia residents and orders a "default judgment" against Taishan based upon the mathematical formula advanced in the PSC's Motion for limited Class Certification, this should have absolutely no effect on the other defendants in this action.

This is especially so when the only "challenger" in the default proceedings was Knauf. Knauf made it clear during the pre-trial proceedings that it was not going to challenge or put on any evidence as to the amount of damages claimed by the plaintiffs – only the scope of remediation.

In addition, Knauf withdrew before any evidence was presented to this Court on the scope of damages. (Docket No. 1150). Plaintiffs presented un-challenged evidence approximating remediation construction costs (except with respect to the Leaches) of $86 per square foot. Had there been any challenge to this evidence, the Court would have heard that using costs associated with construction/remediation in Virginia, that a home could have been completely constructed from ground-up for less than these costs. In addition, the Court would have heard evidence that a Virginia builder has completely remediated 74 separate homes in the same local area as many of the plaintiffs for approximately $26 per square foot.[2] The only main difference between the scope of remediation performed by this builder on the 74 homes and that advocated by the PSC is that the builder did not completely replace electrical wires – rather, after receiving advice from a metallurgist, it cut-off affected wiring and replaced receptacles. However, it is expected that the costs of completely replacing the wires while the house is

---

[2] Including relocation expenses, personal property reimbursements, condominium fees, monthly living allowances, and the like, the builder spent approximately $32 per square foot total.

essentially gutted rather than the costs associated with the builder's fix would probably only increase the $26 per square foot by a few dollars. Therefore, it is clear that the $86 per square foot advanced by the PSC – over 3 times the actual costs actually expended by a builder on 74 separate homes in the same area as the plaintiffs' homes - is based on fantasy numbers.

Accordingly, any proceeding solely against Taishan should have no effect on the other defendants in this action, including their rights to challenge any class certification relating to claims against them; their rights to fully defend themselves with respect to each of the plaintiffs, or, if certified, each of the class members; their right to present evidence on both liability and damages; and all other rights that they may have. Put simply, if this Court were to certify a class against Taishan and adopt the formula advanced by the PSC as far as default damages, this should never prejudice the other defendants in any manner.

WHEREFORE, Venture and PB request that the Court deny the PSC's Motion for Class Certification to the extent it has any effect on the rights of these defendants.

This the 4th day of October, 2010.

Respectfully submitted,

By: _____/s/_____

Mark C. Nanavati, Esquire (VSB #38709)
Kenneth F. Hardt, Esquire (VSB # 23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 378-7600 ext. 3311 or 3316
(804) 378-2610 (fax)
khardt@snllaw.com
mnanavati@snllaw.com
*Attorneys for Defendants Venture Supply Inc.
and The Porter-Blaine Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of October, 2010.

                                                                                         _____/s/_____

                                                                                               Kenneth F. Hardt