UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * ** * * * * * * ** * * * * * * *** * *

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., et al., Case No. 09-6687*

**MEMORANDUM OF LAW OF TAISHAN GYPSUM CO. LTD IN OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S EMERGENCY MOTION TO LIFT THE STAY AS TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendant Taishan Gypsum Co. Ltd. ("Taishan Gypsum") submits this memorandum in opposition to the Plaintiffs' Steering Committee's ("PSC") Emergency Motion to Lift Stay as to Various Pending Motions and Expedite Hearing ("PSC's Motion"). Rec. Doc. No. 5572. Specifically, Taishan Gypsum opposes the PSC's request to lift the stay on Plaintiffs' Motion for Class Certification filed in *Germano, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 09-6687 on May 26, 2010 ("Class Cert Motion"), [1] Rec. Doc. No. 3293, for the following reasons: (1) this Court lacks subject matter jurisdiction to hear the Class Cert Motion while the *Germano action* is on appeal to the Fifth Circuit; (2) the Class Cert Motion is also not ripe for consideration until after the court determines whether it has personal jurisdiction over Taishan; and (3) PSC provides no reason whatsoever that the Class Cert Motion should be heard at this juncture.

---

[1] Taishan Gypsum takes no position with respect to a lift of the stay on the other motions delineated in PSC's Motion.

## PROCEDURAL HISTORY

**A.  The Complaints**

The *Germano* Plaintiffs commenced an action against Taishan Gypsum, among others, on May 1, 2009 in the Eastern District of Virginia.[2] On May 26, 2009, the *Germano* Plaintiffs filed their First Amended Complaint and asserted individual claims, and also purported to bring a class action on behalf of "all other similarly situated owners and residents of residential homes in the Commonwealth of Virginia containing defective drywall that was designed, manufactured . . . by Defendant Taishan."  Index. 09-6687, Rec. Doc. No. 1, p. 1.

The case was transferred to this Court on October 13, 2009.  On October 30, 2009, the *Germano* Plaintiffs moved to amend the First Amended Complaint by "interlineation." Rec. Doc. No. 469.  In this amendment, the *Germano* Plaintiffs sought to allege that they represented a national class of homeowners with claims against Taishan Gypsum.  On November 18, 2009, the Court granted the motion to amend and the *Germano* Plaintiffs filed the Second Amended Complaint. Rec. Doc. No. 470.

**B.  The Default Entry and Judgment**

On the same day the Court granted the motion to amend, the *Germano* Plaintiffs moved this Court for entry of default against Taishan Gypsum for failure to answer or move.  On November 20, 2009 the Court entered a preliminary default against Taishan Gypsum.  Rec. Doc. No. 487.

On December 3, 2009, Plaintiff-Intervenors[3] moved to intervene in this action. *See* Rec.

---

[2] The Germano Plaintiffs include Michelle Germano, Dennis and Sharon Jackson, and Jason and Lisa Dunaway owners of three homes in Virginia.

[3] Plaintiffs-Intervenors include: Jerry and Inez Baldwin, Steven and Elizabeth Heischober, Joseph and Kathy Leach, Preston and Rachel McKellar, J. Frederick and Vanessa Michaux, William and Deborah Morgan, and Robert and Lea Orlando.

Doc. No. 548. The Court granted Plaintiff-Intervenors' motion to intervene on December 20, 2009. Rec. Doc. No. 641. On February 19 and 22, 2010, the Court held an unopposed evidentiary hearing to assess damages allegedly suffered by Plaintiff-Intervenors. *See* Rec. Doc. Nos. 1223, 1258. A default judgment in the amount of $2,758,356.20 was entered against Taishan Gypsum on May 11, 2010. Rec. Doc. No. 3013.

**C.     The Motion for Class Certification**

On May 26, 2010, the PSC filed the Class Cert Motion seeking to certify a class of similarly situated Virginia residents against Taishan Gypsum only. Rec. Doc. No. 3293. The PSC argued that Plaintiffs' claims were "ripe for class certification for several reasons," including: (1) the *Germano* Plaintiffs had obtained a preliminary default judgment against Taishan Gypsum; (2) Plaintiffs-Intervenors had obtained a default judgment against Taishan Gypsum; and (3) the Court had made findings of fact and law during the trial on Plaintiff-Intervenors' damages in connection with the default judgment hearing. *Id.* at 1-2. The PSC further argued that the Court could, and should, give preclusive effect to the Findings of Fact and Conclusions of Law issued subsequent to Plaintiff-Intervenors' trial. *Id.* at 2, 14-15.

**D.     The Appeal and Motion to Vacate**

On June 10, 2010, Taishan Gypsum appeared and filed a Notice of Appeal from, *inter alia*, the preliminary default and the default judgment. Rec. Doc. No. 3670. (*See* 5th Cir. Docket No. 10-30568.)

On September 10, 2010, Taishan Gypsum filed a "Motion Pursuant to Rules 12(b)(2), 55(c), 60(b), and 62.1 to Vacate the Default Judgment, Dismiss This Action, and to Seek Remand From the Court of Appeals" ("Motion to Vacate"). Rec. Doc. No. 5515.[4] In the Motion

---

[4] Taishan Gypsum first filed its Motion to Vacate on September 3, 2010, followed on September 8, 2010 by its Ex Parte Motion for Leave to File Memo is Support of Motion to Dismiss in Excess of the Page Limitation. Rec. Doc.

to Vacate, Taishan Gypsum requested, among other things, that this Court follow the procedure set forth in Fed. R. Civ. P. 62.1 and seek remand so it may have jurisdiction to decide the motion to vacate.[5]  At the September 16, 2010 status conference, the Court requested that the parties agree on a briefing schedule for the Motion to Vacate; the parties filed a joint briefing schedule on September 28, 2010.  Rec. Doc. No. 5615.  The same day Taishan Gypsum moved the Fifth Circuit to stay the briefing deadlines for its appeal while the Motion to Vacate is briefed in this Court and this Court deliberates on whether it will issue an indicative ruling pursuant to Rule 62.1.  That motion was granted by the Fifth Circuit on September 30, 2010.

## ARGUMENT

### I. THE APPEAL DIVESTED THIS COURT OF SUBJECT MATTER JURISDICTION OVER THE MOTION FOR CLASS CERTIFICATION

It is well-settled that a district court lacks subject matter jurisdiction over issues on appeal when a timely notice of appeal has been filed.  *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *In re Transtexas Gas Corp.*, 303 F.3d 571, 578-79 (5th Cir. 2002) ("It is a fundamental tenet of federal civil procedure that--subject to certain, defined exceptions--the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court."); *Dayton Indep.*

---

Nos.  5436 and 5459.  The Ex Parte Motion was denied on September 9, 2010 "on the basis that the present matter is on appeal, rendering this Court without jurisdiction over the matter."  Rec. Doc. No. 5504.

[5] Rule 62.1 states:
> (a) *Relief Pending the Appeal*: If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue; (b) *Notice to the Court of Appeals*: The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue; (c) *Remand*: The district court may decide the motion if the court of appeals remands for that purpose.

4

*Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) ("A district court does not have the power to 'alter the status of the case as it rests before the Court of Appeals.'") (citation omitted). *But cf. Alvarado Partners, L.P. v. Mehta*, Civ. A. No. 88-B-0781, 1991 WL 94281, *1 (D. Colo. Mar. 28, 1991) (hearing plaintiff's motion for class certification where a decision from the Court of Appeals on defendant's motion for approval of partial settlement and plan of contribution would have no bearing on the class certification issue).

Taishan Gypsum has appealed both the preliminary default and the default judgment orders, and the Court has acknowledged that the appeal has divested it of jurisdiction on those issues. (Rec. Doc. No. 5504, "[T]he present matter is on appeal, rendering this Court without jurisdiction over the matter.") It is indisputable that the issues on appeal, namely, the validity of the default orders, bear on the merits of the Class Cert Motion. Indeed, PSC has argued that class certification is appropriate *because* a default was entered. For example, PSC states:

- "As to predominance, since this is a default judgment proceeding against Taishan, liability and the fact of damage are already established." Class Cert Motion, p. 5.

- "The proposed subclass representatives and the proposed subclass have obtained a preliminary default. The factual and legal issues in the case are common to the proposed subclass members, and will all be resolved under Virginia law." *Id.* at 14.

- Regarding commonality: "Under the doctrine of collateral estoppel, the court may also rely on the extensive findings already made as to the facts relevant to the scope and cost of remediation and other property damages in Virginia homes containing Taishan drywall." *Id.* at 14.

- "Because the only claims at issue here are against a default judgment Defendant, and because the court has already found sufficient facts to establish the fact of damage associated with these types of claims and determined the applicable law, a full trial will not be necessary. Rather, if this subclass is certified, the court can establish subclass-wide damages pursuant to a Rule 55(b)(2)(B) hearing." *Id.* at 19.

- "As stated above, the factual determination of subclass-wide property damages is the only unresolved issue pertaining to the claims against Taishan. The applicable

5

law has already been determined such as Plaintiffs' claims of negligence, negligence *per se*, breach of express and/or implied warranty, private nuisance, and the Virginia Consumer Protection Act do allow for the type of property damages found for the seven Plaintiffs Intervenors under Virginia law. Thus, there is no variation in the applicable law, and subclass-wide damages can be established on a formulaic basis. In this context, where a trial will not be necessary, all the requirements of Rule 23(b) predominance are readily established." *Id*. at 22.[6]

- "This case presents a factual and procedural status that makes certification appropriate as a result of the entry of a default judgment on liability and the fact that this court has already made extensive findings that are applicable to a cross-section of Virginia Taishan homeowners." *Id*. at 23.

Because the issues on appeal are inextricably intertwined with those presented in PSC's Class Cert Motion, this Court lacks jurisdiction to hear the motion until the issues on appeal are resolved and jurisdiction is returned to this Court.

## II.   THE MOTION FOR CLASS CERTIFICATION IS NOT RIPE FOR CONSIDERATION

Should this Court request remand from the Court of Appeals in order to hear Taishan Gypsum's Motion to Vacate,[7] the issues raised by the Class Cert Motion would still not be ripe for hearing. Obviously, as the Class Cert Motion is based on the entry of default and the default judgment against Taishan Gypsum, should this Court vacate the default, the Class Cert Motion would be eviscerated. Further, Taishan Gypsum has argued, among other things, that the Court cannot exercise personal jurisdiction over Taishan Gypsum consistent with the Due Process Clause of the United States Constitution because Taishan Gypsum did not have the requisite

---

[6] This Court has previously held that the complaint did not state a claim under the VCPA because Taishan Gypsum's sale of drywall to Venture was not a "consumer transaction" within the meaning of the VCPA. (Rec. Doc. No. 4872, p. 12).

[7] As discussed above, Taishan Gypsum has petitioned the Court to seek remand from the Fifth Circuit pursuant to Rule 62.1. The Court does not have jurisdiction over the issues on appeal until such time as the Court of Appeals remands the Motion to Vacate. *See Richardson v. Dayton Public Schs*, No. 3:10-cv-028, 2010 WL 2302342, at *1 (S.D. Ohio June 8, 2010) ("Because Plaintiff has taken an appeal from the final judgment in this case, this Court is limited to deferring the motion pending appeal, denying it, or stating that it would grant the motion if the Court of Appeals remanded for that purpose or that the motion raises a substantial issue.").

minimum contacts with Virginia, the forum state where Plaintiffs filed their original Complaint. Consequently, if this Court finds that Taishan Gypsum is not subject to personal jurisdiction, the Class Cert Motion would be rendered moot. *See Clower v. Wells Fargo Bank, N.A.*, No. 09-40918, 2010 WL 2465003 (5th Cir. June 17, 2010) (refusing to consider issues of class certification where the complaint was dismissed). Thus, even if the Court did have subject matter jurisdiction to hear the Class Cert Motion, the motion should not go forward until the Court resolves the issues raised concerning personal jurisdiction.

### III.     PSC HAS PROVIDED NO REASON TO LIFT THE STAY

Pursuant to Pre-Trial Order 1C, motions filed in the MDL are "continued without a date, unless a motion is specifically except from the continuance by the Court." Rec. Doc. No. 509. PSC argues that "it is essential that these motions be set for hearing by the Court and rule upon for the progress of the litigation" (PSC's Motion, p. 1), but provides *absolutely no explanation* as to why the stay of the Class Cert Motion is "essential" and should be lifted by their "emergency" motion.

As it was set forth above, however, because PSC bases its Class Cert Motion on the defaults entered against Taishan Gypsum, and those default orders are now on appeal and have been challenged by Taishan Gypsum's Motion to Vacate, the Court should not lift the stay to hear the Class Cert Motion.

**CONCLUSION**

For all of the foregoing reasons, Taishan Gypsum respectfully submits that the Court deny the PSC's Motion to lift the stay on hearing the Class Cert Motion filed in the *Germano* matter.

Respectfully submitted,

*/s/* Thomas P. Owen Jr.
Joe Cyr
Frank T. Spano
Eric Statman
Matthew J. Galvin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Email: Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com
matthew.galvin@hoganlovells.com
Telephone: 212-918-3000
Facsimile: 212-918-3100

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
E-mail: rcs@stanleyreuter.com
tpo@stanleyreuter.em

**Attorneys for Taishan Gypsum Co. Ltd.**

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing Memorandum of Law of Taishan Gypsum Co. Ltd. In Opposition to Plaintiffs' Steering Committee's Emergency Motion to Lift the Stay as to Plaintiffs' Motion for Class Certification has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of October, 2010.

                     /s/ Thomas P. Owen Jr.