UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL No. 2047<br><br>JUDGE: FALLON |
| **This Document relates to**<br>*Silva v. Arch Insurance Co., et al*  (09-8034), | * * * | MAG: WILKINSON |

* * * * * * * * * * * * * *

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S
RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S
<u>EMERGENCY MOTION TO LIFT STAY</u>**

Defendant The North River Insurance Company ("North River") asks that the Court decline to lift the existing stay as to the Plaintiffs' Motion for Class Certification of a Louisiana Homeowner Class for Damages and Declaratory Relief (*Silva*) [Rec. Doc. 5567], identified as Motion No. 5 in the Plaintiffs' Steering Committee's Emergency Motion to Lift Stay as to Various Pending Motions and Expedite Hearing.[1]  It is premature to lift the stay to consider potential class certification issues because Plaintiffs have not yet finalized and served the omnibus complaints that may affect Interior Exterior Building Supply LLC ("Interior Exterior") and North River, including *Payton* and *Amato*, and it makes little sense to undertake the burden and expense of class certification proceedings until the claims being asserted by the Plaintiffs are determined and Defendants have a chance to respond to those pleadings.  In addition, North River respectfully submits that the stay to allow proceedings in the *Silva* Lawsuit should not be

---

[1] North River takes no position as to whether the Court grants the relief requested by Plaintiffs on Motions Nos. 1 – 4 and Motions Nos. 6 – 7 identified in the Plaintiffs' Memorandum filed in support of the Motion.

- 1 -

lifted because it would interfere with the existing pilot program that has been established by the Court.

**The Omnibus Class Action Complaints**

The Plaintiffs first filed the *Payton* Lawsuit (Omnibus I) on December 9, 2009. The Plaintiffs subsequently filed on February 10, 2010, the *Wiltz* Lawsuit (Omnibus II), the *Gross* Lawsuit (Omnibus III), the *Rogers* Lawsuit (Omnibus IV), and the *Amato* Lawsuit (Omnibus V). These complaints have been amended and remain in the process of being amended to include additional plaintiffs and to make sure that the plaintiffs are matched correctly with the proper defendant or defendants. Because the Plaintiffs have not yet completed their amendments to the omnibus complaints, this Court entered Pre-Trial Order No. 1G, which provides that the thirty-day deadline for the defendants in the omnibus lawsuits to file responsive pleadings will not begin until the Plaintiffs Steering Committee files its notice that it has finished amending the omnibus complaints.

Each of the Omnibus Complaints is styled as a class action lawsuit. One of the purposes of these omnibus class action complaints is to provide each defendant with information as to the universe of potential claims that exists against that defendant, so that the defendant can then evaluate its potential damages exposure and negotiate more meaningfully with the Plaintiffs. However, until the Plaintiffs actually finish their work on amending the omnibus class action complaints, the defendants will lack the information they need to do that.

Under those circumstances, the Plaintiffs' current proposal to lift the stay in the *Silva* Lawsuit in order to use that lawsuit as the vehicle for class certification as to Interior Exterior and its insurers seems an inefficient use of the parties' resources. Among other things, Interior

Exterior and its insurers will have to conduct discovery as to the size of the proposed class – the same information that should be readily available after the Plaintiffs finalize and serve the omnibus class action complaints.  Additionally, once the Plaintiffs begin working in earnest on obtaining a class certification in the *Silva* Lawsuit, finalizing work on the omnibus class action complaints may become of lesser significance to the Plaintiffs.  That could adversely affect those homeowners who do not qualify to participate in the proposed class described in the *Silva* Lawsuit and Motion for Class Certification.

**The Pilot Remediation Program**

The Court and the parties have expended substantial time and resources in developing a pilot remediation program to resolve certain claims asserted in this litigation.  As discussed in greater detail in the opposition brief filed today by the Knauf Defendants [Rec. Doc. 5650], the Court should not undertake additional actions that might undercut or work against the pilot remediation program.  North River believes that the pilot remediation program offers a viable method for resolving many of the significant issues in this litigation, and it would be counterproductive to force the parties to focus their efforts and expenditures on class action proceedings before the pilot remediation program is given a chance to develop.  Additionally, a number of the putative class members have been selected for participation in the pilot remediation program; the success of the pilot remediation program will affect the size of the class and may affect the analysis of whether class certification is appropriate.

**Conclusion**

Because of the unsettled state of the Omnibus Complaints and the development of the pilot program, North River respectfully requests that the Court deny the relief requested by the Plaintiffs as to the Emergency Motion to Lift Stay as to the Plaintiffs' Motion for Class

- 4 -

Certification of a Louisiana Homeowner Class for Damages and Declaratory Relief, without prejudice to reconsideration of that request at an appropriate time.

          Respectfully submitted,

          ___/s Eric B. Berger___
          SIDNEY J. ANGELLE, #1002
          ERIC B. BERGER, #26196
          LOBMAN, CARNAHAN, BATT,
            ANGELLE & NADER
          400 Poydras Street, Suite 2300
          New Orleans, Louisiana 70130
          (504) 586-9292   FAX (504) 586-1290

          -and-

          BRIAN S. MARTIN, *pro hac vice*
          KEVIN F. RISLEY, *pro hac vice*
          RODRIGO "DIEGO" GARCIA, JR., *pro hac vice*
          SUZANNE M. PATRICK, *pro hac vice*
          THOMPSON COE COUSINS & IRONS, L.L.P.
          One Riverway
          Suite 1600
          Houston, TX 77056
          (713) 403.8372  Fax: 713.403.8299

          **Attorneys for The North River Insurance Company**

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 4th day of October, 2010.

      /s Eric B. Berger