UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHELLY PARR WIFE OF/AND KELLY PARR | * * * | CIVIL ACTION 10-2737 |
| VERSUS | * * | SECTION L |
| TALLOW CREEK, LLC, SOUTHERN HOMES, LLC, ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, MNO INSURANCE COMPANY, JOHN DOE SUPPLY, AND JOHN DOE CONTRACTORS | * * * * * * * | JUDGE ELDON E. FALLON MAG. 2 |

## ANSWER TO THIRD PARTY DEMAND OF TALLOW CREEK, LLC

NOW INTO COURT, through undersigned counsel, comes First Financial Insurance Company, who responds to the third party demand of Tallow Creek, LLC, as follows:

1.

The allegations of paragraph 1 regarding the identity of this defendant, only, are admitted, but the allegations to the extent that they imply that there is any coverage for the claims against Graf's Drywall, Inc. are denied.

Doc. 176379-03.1316989

2.

The allegations of paragraph 2 are admitted.

3.

The allegations of paragraphs 3, 4, 5, and 6 do not require an answer of this defendant, as they are simply recitations of the claims made by the original plaintiffs.

4.

The allegations of paragraph 7 are denied.

5.

The allegations of paragraph 8 do not require an answer of this defendant.

6.

The allegations of paragraph 9 are denied, in that they call for a legal conclusion regarding the interpretation of written contract documents between the parties.

7.

The allegations of paragraph 10 do not require an answer of this defendant.

8.

The allegations of paragraph 11 are denied.

9.

The allegations of paragraph 12 are denied.

10.

The allegations of paragraphs 13, 14, and 15 do not require an answer of this defendant.

11.

In further answer, defendant avers that its insured is not responsible to third party plaintiff for any of the damages allegedly suffered, and claims as its own, any and all defenses available to its insured in this matter. These defenses include, but are not limited to, the fault of

others, the fault of the third party plaintiff, the fault of original plaintiffs, plaintiffs' failure to mitigate their damages, and any other defenses as may become apparent as the facts of the claim are discovered. Defendant specifically reserves its right to amend its answer in this regard.

12.

In further answer, defendant avers that it is entitled to any of the protections of the written contracts which may exist between the parties, which in any way inure to the benefit of third party plaintiff or First Financial Insurance Company's alleged insured, including but not limited to the waiver of or limitation of warranties contained in the Purchase Agreement, Sale Document, or the 2 – 10 Home Buyer's Warranty Contract.

13.

In further answer, defendant claims, as its own, any protections that may be afforded its insured under all applicable Louisiana law, Civil Code Article, or Revised Statute, including but not limited to the protections of the New Home Warranty Act.

14.

In further answer, defendant avers that its alleged insured was not negligent, and that whatever problems might exist with the drywall supplied by others were not reasonably ascertainable by simple inspection as alleged in the third party demand.

15.

In further answer, defendant denies that there is any coverage for any of the claims made by third party plaintiff, for either the negligence of the alleged insured or for the alleged contractual obligations between Tallow Creek and Graf's Drywall.

16.

Specifically, defendant avers that any policy of insurance shown to exist would not have coverage because:

1. The claim does not arise out of an "occurrence" as defined by the policy;

2. The alleged negligence concerns the insured's "work" and/or "product," for which coverage is excluded under the policy;

3. The damage manifested or occurred outside of the policy period;

4. The policy excludes coverage for tract homes, and,

5. There is no coverage for "contractual" obligations owed by Graf's to third party plaintiff.

17.

In further answer, defendant avers that there is no coverage for its insured's alleged failure to provide proper insurance coverage, or other contractual breaches alleged by third party plaintiff.

18.

In further answer, defendant avers that the policy contains other exclusions, including but not limited to, the Total Pollution Exclusion, which preclude any coverage for the claims of the plaintiffs or third party plaintiff. Defendant reserves the right to avail itself of any other coverage defenses or exclusions contained in the policy, whose terms, conditions, limitations, and exclusions are pled as if copied herein in their entirety.

WHEREFORE, third party defendant, First Financial Insurance Company, prays that this answer to Third Party Demand be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of the defendant, and

against third party plaintiffs, dismissing third party plaintiff's claims with prejudice, and at their cost, and for all general and equitable relief.

                Respectfully submitted:

                BLUE WILLIAMS, L.L.P.

                ***THOMAS G. BUCK***

                _____

| | |
|---|---|
| THOMAS G. BUCK  T.A. | (14107) |
| tbuck@bluewilliams.com | |
| JOHN C. HENRY | (18948) |
| jhenry@bluewilliams.com | |
| DAVID B. PARNELL, JR. | (27031) |
| dparnell@bluewilliams.com | |
| BRETT W. TWEEDEL | (30100) |
| btweedel@bluewilliams.com | |

                3421 North Causeway Boulevard, Suite 900
                Metairie, LA  70002
                Telephone (504) 831-4091
                Facsimile (504) 837-1182
                Attorneys for:  First Financial Insurance Company, Third Party Defendant

## CERTIFICATE OF SERVICE

I do hereby certify that I have on October 6, 2010, electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following.

ATTORNEY FOR TALLOW CREED, LLC
AND SOUTHERN HOMES, LLC
THIRD PARTY PLAINTIFFS
(O) 299-2102 (F) 299-2302
Mr. James M. Garner
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, LA 70112

ATTORNEY FOR PLAINTIFFS
(O) 894-9653 (F) 866-761-8934
Scott G. Wolfe, Jr.
Wolfe Law Group, LLC
4821 Prytania Street
New Orleans, LA 70115

FOR TP DEFENDANT INTERIOR/EXTERIOR
(O) 525-6802 (F) 525-2456
Ms. Carlina C. Eiselen
Galloway, Johnson, Tompkins, Burr & Smith, APLC
701 Poydras Street, Suite 4040
New Orleans, LA 70139

FOR BANKERS INSURANCE
(O) 337-706-1818 (F) 337-706-1828
wkj@kgdlawllc.com
Mr. Walter K. Jamison, III
Kraft Gatz Lane Benjamin, LLC
600 Jefferson Street, Suite 410
Lafayette, LA 70501

FOR WESTERN WORLD INSURANCE CO
(O) 225-929-7033 (F) 225-928-4925
Bar No 22962
BBourgeois@RoedelParsons.com
Mr. Brent J. Bourgeois
Roedel Parsons Koch Blanche Balhoff & McCollister
8440 Jefferson Highway, Suite 301
Baton Rouge, LA 70809-7652

Doc. 1316989.176379-03

ATTORNEY FOR GRAF'S DRYWALL
(O) 225-214-1908  (F) 225-214-3551
hsides@d-plaw.com
Ms. Holly Q. Sides
Law Offices of Donahue Patrick, APLC
1500 Bank One Center, North Tower
450 Laurel Street 70801
Post Office Box 1629
Baton Rouge, LA 70821-1629

ATTORNEY FOR LIBERTY
(O) 589-9700 (F) 589-9701
Bar No. 29875
Ms. Catherine F. Giarrusso
Barrasso, Usdin, Kupperman, Freeman & Sarver, LLC
909 Poydras Street, Suite 2400
New Orleans, LA 70112

    I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM.ECF participants.

                              ***THOMAS G. BUCK***
                              _____
                              THOMAS G. BUCK

Doc. 1316989.176379-03