UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHELLY PARR WIFE OF/AND | * | CIVIL ACTION 10-2737 |
| KELLY PARR | * | |
| | * | SECTION L |
| VERSUS | * | |
| | * | JUDGE ELDON E. FALLON |
| TALLOW CREEK, LLC, SOUTHERN | * | |
| HOMES, LLC, ABC INSURANCE | * | MAG. 2 |
| COMPANY, XYZ INSURANCE | * | |
| COMPANY, MNO INSURANCE | * | |
| COMPANY, JOHN DOE SUPPLY, | * | |
| AND JOHN DOE CONTRACTORS | * | |
| | * | |

## ANSWER

NOW INTO COURT, through undersigned counsel, comes First Financial Insurance Company, sought to be made defendant herein, who answers the Original and First Amended Petition for Breach of Contract, Warranty and for Damages as follows:

### FIRST DEFENSE

The Petition fails to state a cause of action upon which relief can be granted.

I.

The allegations of paragraph I as amended, are admitted to the extent that they correctly identify this defendant, but are denied to the extent that they imply there is any insurance coverage for Graf's Drywall, L.L.C. for the damages prayed for therein.

Page 1 of 8

Doc. 1294953.176379-03

II.

The allegations of paragraphs 2 and 3 do not require an answer of this defendant.

III.

The allegations of paragraphs 4, 5, 6, 7, 8, and 9 do not require an answer of this defendant.

IV.

The allegations of paragraphs 10, 11, 12, 13, 14, 15, 16, 17, and 18 do not require an answer of this defendant, but out of an abundance of caution are denied for lack of sufficient information to justify a belief herein.

V.

The allegations of paragraph 19 are admitted to the extent that they allege that the New Home Warranty Act applies, but denied in that they contain legal conclusions.

VI.

The allegations of paragraphs 20, 21, 22, and 23 do not require an answer of this defendant, but out of an abundance of caution are denied.

VII.

The allegations of paragraphs 24, 25, 26, 27 and 28 do not require an answer of this defendant, but out of an abundance of caution are denied.

VIII.

The allegations of paragraphs 29, 30, 31, and 32 do not require an answer of this defendant, but out of an abundance of caution are denied..

Doc. 1294953.176379-03

IX.

The allegations of paragraph 33 do not require an answer of this defendant.

X.

The allegations of paragraphs 34, 35, 36, 37, and 38 do not require an answer of this defendant, but out of an abundance of caution are denied..

XI.

The allegations of paragraphs 39, 40, 41, and 42 do not require an answer of this defendant.

XII.

The allegations of paragraphs 43, 44, 45, and 46 do not require an answer of this defendant/

XIII.

The allegations of paragraphs 47 and 48 do not require an answer of this defendant.

XIV.

The allegations of paragraphs 49, 50, and 51 do not require an answer of this defendant.

XV.

The allegations of paragraphs 52, 53, 54, 55, and 56 do not require an answer of this defendant.

XVI.

The allegations of paragraphs 57, 58, and 59 do not require an answer of this defendant, but out of an abundance of caution are denied.

XVII.

The allegations of paragraph 60 are denied.

Doc. 1294953.176379-03

XVIII.

The allegations of newly added paragraphs of the amended petition 60a thru 60k do not require an answer of this defendant, but out of an abundance of caution are denied.

XIX.

The allegations of paragraph 61 do not require an answer of this defendant.

XX.

In further answer, defendant avers that the New Home Warranty Act is plaintiffs' exclusive remedy, and thus, all other claims in the petition fail to state a cause of action cognizable under Louisiana law.

XXI.

In further answer, defendant avers that these claims of the plaintiffs are prescribed and perempted.

XXII.

In further answer, defendant avers that its insured is not responsible to plaintiffs for any of the damages allegedly suffered, and claims as its own any and all defenses available to its insured in this matter. These defenses include, but are not limited to, the fault of others, the fault of the plaintiffs, plaintiffs' failure to mitigate their damages, and any other defenses as may become apparent as the facts of the claim are discovered. Defendant specifically reserves its right to amend its answer in this regard.

XXIII.

In further answer, defendant avers that it is entitled to any of the protections of the written contracts which may exist between the parties, which in any way inure to the benefit of third party plaintiff or First Financial Insurance Company's alleged insured, including but not

limited to the waiver of or limitation of warranties contained in the Purchase Agreement or Sale Documents.

XXIV.

In further answer, defendant claims, as its own, any protections that may be afforded its insured under all applicable Louisiana law, Civil Code Article, or Revised Statute, including but not limited to the protections of the New Home Warranty Act.

XXV.

In further answer, defendant avers that its alleged insured was not negligent, and that whatever problems might exist with the drywall supplied by others was not reasonably or otherwise, and that its insured had no actual knowledge of any problem with the drywall.

XXVI.

In further answer, defendant denies that there is any coverage for any of the claims made by third party plaintiff, for either the negligence of the alleged insured.

XXVII.

Specifically, defendant avers that any policy of insurance shown to exist would not have coverage because:

1. The claim does not arise out of an "occurrence" as defined by the policy;

2. The alleged negligence concerns the insured's "work" and/or "product," for which coverage is excluded under the policy;

3. The damage manifested or occurred outside of the policy period;

4. The policy excludes coverage for tract homes, and,

5. There is no coverage for "contractual" obligations owed by Graf's to third party plaintiff.

XXVIII.

Doc. 1294953.176379-03

In further answer, defendant avers that the policy contains other exclusions, including but not limited to, the Total Pollution Exclusion, which preclude any coverage for the claims of the plaintiffs or third party plaintiff. Defendant reserve the right to avail itself of any other coverage defenses or exclusions contained in the policy, whose terms, conditions, limitations, and exclusion are pled as if copied herein in their entirety.

WHEREFORE, defendant, First Financial Insurance Company, prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of the defendant, and against plaintiffs' claims with prejudice, and at their cost, and for all general and equitable relief.

Respectfully submitted:

BLUE WILLIAMS, L.L.P.

***THOMAS G. BUCK***

---

THOMAS G. BUCK  T.A.          (14107)
tbuck@bluewilliams.com
JOHN C. HENRY                 (18948)
jhenry@bluewilliams.com
DAVID B. PARNELL, JR.         (27031)
dparnell@bluewilliams.com
BRETT W. TWEEDEL              (30100)
btweedel@bluewilliams.com
3421 North Causeway Boulevard, Suite 900
Metairie, LA  70002
Telephone (504) 831-4091
Facsimile (504) 837-1182
Attorneys for:  First Financial Insurance Company

## CERTIFICATE OF SERVICE

I do hereby certify that I have on October 6, 2010, electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following.

ATTORNEY FOR PLAINTIFFS
(O) 894-9653 (F) 866-761-8934
Scott G. Wolfe, Jr.
Wolfe Law Group, LLC
4821 Prytania Street
New Orleans, LA 70115

ATTORNEY FOR TALLOW CREED, LLC
AND SOUTHERN HOMES
(O) 299-2102 (F) 299-2302
Mr. James M. Garner
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, LA 70112

FOR TP DEFENDANT INTERIOR/EXTERIOR
(O) 525-6802 (F) 525-2456
Ms. Carlina C. Eiselen
Galloway, Johnson, Tompkins, Burr & Smith, APLC
701 Poydras Street, Suite 4040
New Orleans, LA 70139

FOR BANKERS INSURANCE
(O) 337-706-1818 (F) 337-706-1828
wkj@kgdlawllc.com
Mr. Walter K. Jamison, III
Kraft Gatz Lane Benjamin, LLC
600 Jefferson Street, Suite 410
Lafayette, LA 70501

Doc. 1294953.176379-03

FOR WESTERN WORLD INSURANCE CO
(O) 225-929-7033 (F) 225-928-4925
Bar No 22962
BBourgeois@RoedelParsons.com
Mr. Brent J. Bourgeois
Roedel Parsons Koch Blanche Balhoff & McCollister
8440 Jefferson Highway, Suite 301
Baton Rouge, LA 70809-7652

ATTORNEY FOR GRAF'S DRYWALL
(O) 225-214-1908  (F) 225-214-3551
hsides@d-plaw.com
Ms. Holly Q. Sides
Law Offices of Donahue Patrick, APLC
1500 Bank One Center, North Tower
450 Laurel Street 70801
Post Office Box 1629
Baton Rouge, LA 70821-1629

ATTORNEY FOR LIBERTY
(O) 589-9700 (F) 589-9701
Bar No.  29875
Ms. Catherine F. Giarrusso
Barrasso, Usdin, Kupperman, Freeman & Sarver, LLC
909 Poydras Street, Suite 2400
New Orleans, LA 70112

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM.ECF participants.

*THOMAS G. BUCK*
_____
THOMAS G. BUCK

Doc. 1294953.176379-03