UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL NO. 2:09-md-02047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | JUDGE FALLON |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE WILKINSON |
| | * | |
| SEAN AND BETH PAYTON, et al | * | |
| VS. | * | |
| KNAUF GIPS, et al | * | |
| CASE NO. 2:09-cv-7628 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOHN KORN BUILDERS, LLC'S OBJECTIONS AND RESPONSES TO THE SUBPOENA DUCES TECUM FOR RECORDS SERVED BY PLC

**COMES NOW** Defendant, John Korn Builders, LLC ("JKB"), by and through its attorneys at Galloway, Johnson, Tompkins, Burr & Smith, who submits its objections and responses to the Subpoena Duces Tecum for records served by Plaintiffs' Steering Committee ("PLC") as follows:

### I.  GENERAL OBJECTIONS

Counsel for JKB objects to the Instructions and Definitions contained in the subpoena to the extent they seek to impose a burden or obligation upon JKB which is greater than, inconsistent with, or exceeds the discovery obligations imposed by the Federal Rules of Civil Procedure.

Counsel for JKB objects to the requests as overly broad and not properly limited in scope and/or time.  Specifically, only two homeowners filed lawsuits against JKB: Marshall & Tasha Eleuterius and Gregory & Elizabeth Eleuterius. Both homeowners were named plaintiffs in the *Payton* Omnibus Class Action Complaint.  Eventually, Gregory & Elizabeth Eleuterius voluntarily dismissed their claims in *Payton* and joined in Mary Anne Benes Substituted and

Amended Omnibus Class Action Complaint in Intervention (III) filed in the *Gross* matter. Thereafter, Gregory & Elizabeth Eleuterius dismissed their claims in *Gross* against JKB without prejudice. Thus, presently, the only homeowners with a claim against JKB are Marshall & Tasha Eleuterius in the *Payton* matter. As pointed out in JKB's Motion for Summary Judgment filed in *Payton* and documents submitted therewith, JKB entered into a contract with Marshall Eleuterius on February 5, 2006, and the home passed final inspection with the Jackson County permitting office on October 3, 2006. Accordingly, the only time frame relevant to this cause is in the year 2006.

JKB further objects to the requests as irrelevant. It is JKB's position that the claims made by the Eleuteriuses against JKB are frivolous, and as pointed out in JKB's Motion for Summary Judgment, should be dismissed with prejudice.

Without waiving these objections or any objection which may be asserted at or before the trial on the merits hereof, JKB responds as follows:

## II. RESPONSES

**REQUEST NO. 1:** All policies of insurance which you believe should provide insurance coverage for the claims made against you in this litigation.

**Response:** JKB only has one insurance policy which it believes may provide insurance coverage for the acts alleged in Plaintiffs' lawsuit. The policy is identified as Western Heritage Insurance Company Policy Number SCP0762254. JKB will produce a copy of the policy with premiums and deductibles redacted.

**REQUEST NO. 2:** Any and all policies of insurance, issued to you or which you claim provide coverage in effect from 2005 through the present; including, but not limited to, any and all C.G.L., excess and/or umbrella policies and state the following: policy holder, policy limits, policy terms, policy period, policy provider/insurance carrier, agent or underwriter that provided

and/or sold the policy in effect or any and all policies of insurance in full force and effect from 2005 through the present.

**Objection and Response:** Counsel for JKB objects to Request No. 2 as overly broad, unduly burdensome, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence. Also, counsel objects to stating the items requested, because the relevant information sought is contained in the insurance policy, and the insurance policy speaks for itself. Specifically, as noted in the General Objections hereinabove, the only relevant time period is the year 2006. Without waiving and subject to this objection, JKB responds that it only has one insurance policy which may provide insurance coverage for the acts alleged in Plaintiffs' lawsuit. The policy is identified as Western Heritage Insurance Company Policy Number SCP0762254 and it speaks for itself. JKB will produce a copy of the policy with premiums and deductibles redacted.

**REQUEST NO. 3:** Public Management Liability policies for directors of the corporation, if any.

**Objection and Response:** Counsel for JKB objects to Request No. 3 as overly broad, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, neither the officers nor principals of JKB have been charged with any wrongdoing in this matter. Without waiving and subject to this objection, JKB responds that it only has one insurance policy which may provide insurance coverage for the acts alleged in Plaintiffs' lawsuit. The policy is identified as Western Heritage Insurance Company Policy Number SCP0762254. JKB will produce a copy of the policy with premiums and deductibles redacted.

**REQUEST NO. 4:** Primary Policies from 2005 to the present.

**Objection and Response:** Counsel for JKB objects to Request No. 4 as overly broad, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, as noted in the General Objections hereinabove, the only relevant time period is the year 2006.  Without waiving and subject to this objection, JKB responds that it only has one insurance policy which may provide insurance coverage for the acts alleged in Plaintiffs' lawsuit. The policy is identified as Western Heritage Insurance Company Policy Number SCP0762254. JKB will produce a copy of the policy with premiums and deductibles redacted.

**REQUEST NO. 5:** Errors and Omissions policies, from 2005 to the present.

**Objection and Response:** Counsel for JKB objects to Request No. 5 as overly broad, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, as noted in the General Objections hereinabove, the only relevant time period is the year 2006.  Without waiving and subject to this objection, JKB responds that it only has one insurance policy which may provide insurance coverage for the acts alleged in Plaintiffs' lawsuit. The policy is identified as Western Heritage Insurance Company Policy Number SCP0762254. JKB will produce a copy of the policy with premiums and deductibles redacted.

**REQUEST NO. 6:**  Any and all claims made by you to your insurers related to the subject matter of the instant litigation.

**Objection:** Counsel for JKB objects to Request No. 6 as overly broad, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence.  The sole issues in this case are whether JKB is strictly liable to Plaintiffs for defective drywall, whether JKB was negligent in installing defective drywall, whether JKB breached any warranties to Plaintiffs, and whether JKB made any misrepresentations to Plaintiffs.  Any communications

between JKB and its insurer, including, but not limited to claims made to its insurer, are not reasonably calculated to lead to the discovery of admissible evidence and are otherwise protected since any communications that were made were done so in anticipation of litigation. Counsel further objects on the grounds that Plaintiffs are entitled only to the insurance policy itself, and the documents sought in this Request are not relevant to the claim or defense of the parties seeking discovery. Without waiving and subject to these objections, JKB responds only to state that it put its insurer on notice of the instant lawsuit under the insurance policy produced in response to Request No. 1.

**REQUEST NO. 7:** Any and all correspondence between you and insurance brokers and/or agents relative to claims made related to the subject matter of the instant litigation; including, but not limited to coverage, scope of coverage, demand for defense, demand for indemnification, reservation(s) of rights, and denial(s) of any potential coverage.

**Objection:** Counsel for JKB objects to Request No. 7 as overly broad, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence. The sole issues in this case are whether JKB is strictly liable to Plaintiffs for defective drywall, whether JKB was negligent in installing defective drywall, whether JKB breached any warranties to Plaintiffs, and whether JKB made any misrepresentations to Plaintiffs. Any communications between JKB and its insurer, including, but not limited to coverage, scope of coverage, demand for defense, demand for indemnification, reservation(s) of rights, and denial(s) of any potential coverage, are not reasonably calculated to lead to the discovery of admissible evidence and are otherwise protected since any communications that were made were done so in anticipation of litigation. Counsel further objects on the grounds that Plaintiffs are entitled only to the insurance policy itself, and the documents sought in this Request are not relevant to the claim or defense of the parties seeking discovery. Without waiving and subject to these objections, JKB responds

only to state that it put its insurer on notice of the instant lawsuit under the insurance policy produced in response to Request No. 1.

**REQUEST NO. 8:** Any and all correspondence/information regarding investigations conducted by insurers pursuant to the insured's request for coverage.

**Objection:** Counsel for JKB objects to Request No. 8 as overly broad, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence. The sole issues in this case are whether JKB is strictly liable to Plaintiffs for defective drywall, whether JKB was negligent in installing defective drywall, whether JKB breached any warranties to Plaintiffs, and whether JKB made any misrepresentations to Plaintiffs. Any correspondence and/or information regarding investigations conducted by insurers pursuant to the insured's request for coverage are not reasonably calculated to lead to the discovery of admissible evidence and are otherwise protected since any communications that were made were done so in anticipation of litigation and are protected by the attorney-client privilege and attorney work-product doctrine. Counsel further objects on the grounds that Plaintiffs are entitled only to the insurance policy itself, and the documents sought in this Request are not relevant to the claim or defense of the parties seeking discovery. Without waiving and subject to these objections, JKB responds only to state that it put its insurer on notice of the instant lawsuit under the insurance policy produced in response to Request No. 1.

Respectfully submitted, this the 8th day of October, 2010.

JOHN KORN BUILDERS, LLC

By: _/s/ Kevin L. Cole_
KEVIN L. COLE, LA Bar No. 04248

**KEVIN L. COLE, LA Bar No. 04248**
Email: kcole@gjtbs.com
**ANDREW J. GIBSON, LA Bar No. 29583**
Email:  agibson@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS,
   BURR & SMITH
#3 Sanctuary Boulevard – Suite 301
Mandeville, Louisiana  70471
Phone:  (985) 674-6680
Facsimile: (985) 674-6681
*Attorneys for John Korn Builders, LLC*

-and-

**LARRY CANADA, LA Bar No. 17894**
Email:  lcanada@gjtbs.com
**KATHRYN BREARD PLATT, LA  Bar No. 29776**
Email:  kplatt@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS,
   BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana  70139
Phone: (504) 525-6802
Facsimile:  (504) 525-2456
*Attorneys for John Korn Builders, LLC*


## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing *Objections and Responses to Subpoena Duces Tecum* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, Suite 100,  New Orleans, Louisiana 70113, rherman@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163, kmiller@frilot.com, by U.S. Mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with procedures established in MDL 2047, on this 8th day of October, 2010.

 /s/ Kevin L. Cole
KEVIN L. COLE, LA Bar No. 04248