UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br><br> SECTION: L |
| THIS DOCUMENT RELATES TO: <br><br> ALL CASES | JUDGE FALLON <br><br> MAG. JUDGE WILKINSON |

**PLAINTIFFS' STEERING COMMITTEE'S OMNIBUS REPLY MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO LIFT THE STAY AS TO VARIOUS PENDING MOTIONS AND EXPEDITE HEARING**

MAY IT PLEASE THE COURT:

The Plaintiffs' Steering Committee ("PSC") submits the following omnibus reply memorandum in support of its emergency motion to lift the stay as to various pending motions and expedite hearing. This omnibus memorandum is the most efficient way to respond and reply to the several papers filed in response or in opposition to our initial motion by Banner Supply Company Pompano; Banner Ft. Myers, LLC; Banner Supply Company Tampa; and Banner Supply International (hereinafter collectively referred to as "Banner"); Lowe's Home Centers, Inc. ("Lowe's"); North River Insurance Company ("North River"); Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; Guangdong Knauf New Building Materials Products Co., Ltd.; and Knauf Gips KG (hereinafter collectively referred to as the "Knauf defendants"); Taishan Co., Ltd. ("Taishan"); Interior/Exterior Building Supply ("INEX"); and the Homebuilders' Steering Committee ("HSC"). Both Banner and INEX join in Knauf's response, thus eliminating the need for separate responses. The HSC and Lowe's do not object to the motion but, instead, simply desire additional time for briefing. As a consequence, the Court is left with only three

substantive responses of North River, Knauf and Taishan. Each of these responses will be addressed below.

  **A.**  **North River's Objection is Not Valid.**

North River argues that it is premature to lift the stay as to plaintiff's motion for class certification of the Louisiana homeowner class for damages and declaratory relief in *Silva*. North River contends that the motion is premature because the PSC has not yet submitted a Notice of Completion of Amendments pursuant to Pretrial Order #1G. Pretrial Order #1G provides that the PSC is to file a Notice of Completion of Amendments once all amendments to the omnibus complaints are completed. North River's reliance upon Pretrial Order #1G, however, is misplaced. Pretrial Order #1G applies to the omni complaints. The underlying complaint in which the plaintiffs seek class certification against INEX is not an omni complaint. Rather, *Silva v. Arch Insurance Company*, 09-8034 (E.D.La.) is an action separate from the omni claims. It is ripe for class determination. North River's attempt to bootstrap the *Silva* action into the omni arena is erroneous and mistaken.[1] Accordingly, the Motion to Lift Stay in the *Silva* action should be granted.

  **B.**  **The Knauf Defendants' Opposition to the Motion to Lift Stay is Unfounded.**

The Knauf Defendants opposed the PSC's Motion to Lift the Stay on two principal grounds:

1.  The Knauf defendants, INEX, Banner and the PSC are close to reaching a demonstration remediation program which should not be disturbed by ongoing litigation; and

2.  Jurisdictional discovery should not be disturbed by what Knauf characterizes as "a

---

[1]North River suggests that the Motion for Stay should not be lifted on the grounds that the pilot remediation program will consume the parties' time and perhaps displace the need for this motion. These arguments are addressed in response to the Knauf opposition.

wasteful diversion of time and resources."

Neither of these arguments can withstand scrutiny. The Knauf defendants' argument based upon the demonstration remediation program is not particularly compelling. The demonstration remediation program will, at best, only remediate homes. Accordingly, the vast majority of homes in the MDL will not be the subject of that demonstration program but will remain unresolved. The most efficient means to resolve the thousands of uniformly affected property owners is by Rule 23 class certification. Class certification is a superior means of adjudicating these claims, which clearly share common predominating questions of both fact and law. Given that there are several thousand claimants in the MDL alone with claims against Knauf, it ill behooves the Knauf defendants to suggest that the remediation of but a small minority of affected homeowners should control the majority of claimants.

The Knauf defendants' alternative contention that the parties will be diverted from engaging in alter ego and jurisdictional discovery because of class certification proceedings is equally misplaced. The class certification motion presented by the PSC presents a factual background that is well established based upon facts previously determined in the Bellweather trials and the *Seifert* trial. The PSC does not envision a substantial diversion of its time should the Court agree that the class certification motion should proceed. Further, the PSC is prepared to devote as much manpower as necessary to avoid any delay in these proceedings, should the class certification motion go forward. Accordingly, the Motion to Lift Stay is well founded.

    C.    **<u>The Taishan Response is Simply Designed to Delay these Proceedings.</u>**

Taishan continues to defy this Court's jurisdiction. When this Court ruled that it was without jurisdiction to review Taishan's Motion to Vacate the Default Judgment, Taishan filed a Motion

pursuant to Rule 62.1 to contend that this Court had the jurisdiction to consider the validity of the default judgment despite its appeal. Taishan also approached the PSC and requested that it agree to stay the proceedings in the Fifth Circuit (which the PSC did) to allow this Court to address Taishan's Rule 62.1 motion. Now that the Rule 62.1 motion is before this Court, Taishan argues, in response to the instant motion, that the Court is again without jurisdiction. Taishan's position is disingenuous. The PSC understands that this Court has the authority to determine whether or not its default judgment is valid and based upon sound principles by adjudicating Taishan's Rule 62.1 motion. Because the PSC is confident that this Court possessed sufficient jurisdiction over Taishan to comport with minimal due process, the PSC submits that the real waste of the parties' resources would be to allow any further delay of these proceedings. The PSC therefore submits that the Court proceed simultaneously with the class certification motion so that if and when any party decides to appeal this Court's rulings, all of the procedural matters may be addressed at one time rather than in the piecemeal fashion that Taishan proposes.

## **CONCLUSION**

The PSC has sought to lift the stay of these several motions to avoid any needless delay in these proceedings. By lifting the stay and determining the Motions that the PSC requested be set for hearing, this litigation will be progressed further and in the most expeditious and efficient manner. Accordingly, the PSC respectfully requests that its motion be granted.

                                        Respectfully submitted,

Dated: October 11, 2010            /s/ Russ M. Herman
                                            Russ M. Herman, Esquire (Bar No. 6819)
                                            Leonard A. Davis, Esquire (Bar No. 14190)
                                            Stephen J. Herman, Esquire (Bar No. 23129)
                                            HERMAN, HERMAN, KATZ & COTLAR, LLP
                                            820 O'Keefe Avenue
                                            New Orleans, Louisiana 70113
                                            Phone: (504) 581-4892
                                            Fax: (504) 561-6024
                                            LDavis@hhkc.com
                                            *Plaintiffs' Liaison Counsel*
                                            *MDL 2047*

                                            Arnold Levin (On the Brief)
                                            Fred S. Longer (On the Brief)
                                            Matthew C. Gaughan (On the Brief)
                                            Levin, Fishbein, Sedran & Berman
                                            510 Walnut Street, Suite 500
                                            Philadelphia, PA 19106
                                            215-592-1500 (phone)
                                            215-592-4663 (fax)
                                            Alevin@lfsblaw.com
                                            *Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

| | |
|---|---|
| James Robert Reeves<br>Lumpkin & Reeves<br>160 Main Street<br>Biloxi, MS 39530<br>Phone: (228) 374-5151<br>Fax: (228) 374-6630<br>jrr@lumpkinreeves.com | Christopher Seeger<br>Seeger Weiss, LLP<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W<br>Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com |
| Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 11th day of October, 2010.

                                                /s/ Leonard A. Davis
                                                Leonard A. Davis
                                                Herman, Herman, Katz & Cotlar, LLP
                                                820 O'Keefe Ave.
                                                New Orleans, LA  70113
                                                PH:  (504) 581-4892
                                                Fax:  (504) 561-6024
                                                ldavis@hhkc.com