IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80743-CIV-MOORE/SIMONTON

GENERAL FIDELITY INSURANCE
COMPANY,

    Plaintiff,

vs.

KATHERINE L. FOSTER, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS OR STAY

THIS CAUSE came before the Court upon Defendant Katherine L. Foster's Motion to Dismiss or Stay (dkt # 34). Plaintiff General Fidelity Insurance Company filed a Response (dkt # 40) and Defendant filed a Reply (dkt # 47).

UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I.  BACKGROUND

This is a declaratory judgment action to determine insurance coverage for personal injury and property damage allegedly resulting from defective Chinese drywall. Plaintiff General Fidelity Insurance Co. ("General Fidelity") seeks a declaration that three commercial general liability policies it issued to Defendants Northstar Holdings, Inc. ("Northstar Holdings"), Northstar Homes, Inc. ("Northstar Homes"), and Northstar Holdings at B & A, LLC ("Northstar B & A") (collectively the "Northstar Defendants"), do not cover the personal injury or property damage alleged in the underlying lawsuit currently pending as part of a Multidistrict Litigation



action in the Eastern District of Louisiana ("Underlying Action). In the Underlying Action, Defendant Katherine L. Foster ("Foster") alleges that she suffered personal injury and property damage because the drywall used by Northstar Defendants to build her home was defective.

### A.   The Underlying Action

On April 3, 2009, Foster filed the Underlying Action in the Southern District of Florida, Katherine L. Foster, et al. v. Northstar Holdings, Inc., et al., Case No. 09-80535-CIV-MOORE (S.D. Fla. Apr. 3, 2009), against the Northstar Defendants, alleging that they built her home in Bonyton Beach, Florida, using defective Chinese drywall. Foster alleges that the defective drywall emitted various sulfide gases "and/or other chemical through 'off-gassing' that created noxious, 'rotten egg-like' odors, causing bodily injury and property damage." Complaint ¶ 17, Katherine L. Foster, et al. v. Northstar Holdings, Inc., et al., Case No. 09-80535-CIV-MOORE (S.D. Fla. Apr. 3, 2009) (dkt # 18). Foster alleges that the Northstar Defendants were negligent and breached their duty to exercise reasonable care in the supply, inspection, selling, and installation of the defective Chinese drywall, as well as their duty to warn of its harmful effects. The Underlying Action was transferred by the Judicial Panel on Multi-District Litigation (the "JPML") to the Eastern District of Louisiana and was consolidated with MDL-2047, In re Chinese-Manufactured Drywall Prod. Liab. Litig. ("MDL Action"). Conditional Transfer Order, Katherine L. Foster, et al. v. Northstar Holdings, Inc., et al., Case No. 09-80535-CIV-MOORE (S.D. Fla. Apr. 3, 2009) (dkt # 18). The Underlying Action is still pending.

### B.   The Current Dispute

General Fidelity issued three commercial general liability policies (the "Policies") to the Northstar Defendants. The first policy was issued to Northstar Holdings and Northstar B & A,

with effective dates of coverage from October 22, 2006, to October 22, 2007. The second policy was issued to Northstar Homes and Northstar B & A, with effective dates of coverage from October 22, 2007, to October 22, 2008. The third policy was issued to Northstar Holdings and Northstar B & A, with effective dates of October 22, 2008, to October 22, 2009. General Fidelity seeks a declaration that it has no duty to defend or indemnify Defendants because the Policies do not cover the bodily injuries or property damages alleged by Foster.

C.     Procedural History

On May 18, 2009, General Fidelity filed its Complaint (dkt # 1) for declaratory judgment. The JPML identified this case as a potential tag-along action to the Underlying Action and was stayed on June 17, 2009, pending a decision by the JPML on whether to transfer this case to the MDL Action as well. Administrative Order Staying Case (dkt # 6). The JPML conditionally transferred this case to the MDL Action on September 25, 2009. Conditional Transfer Order (dkt # 10). On December 4, 2009, however, the JPML vacated its conditional transfer after determining that "this action raises distinctly different factual and legal questions from the core allegations at issue in [the MDL Action], and transfer would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation." Order Vacating Conditional Transfer Order (dkt # 12). This Court subsequently lifted the stay and reopened this case on December 7, 2009. Order Granting Motion to Reopen Case and Lift Stay (dkt # 13).

On January 11, 2010, Northstar Defendants filed a Counterclaim for Declaratory Relief (dkt # 19) against General Fidelity seeking a declaration that General Fidelity has a duty to defend and indemnify Defendants because the Policies cover the damages arising from Foster's alleged injuries and property damage. Northstar Defendants filed before the JPML a Motion to

3

Transfer this case to the MDL Action on February 11, 2010. See Courtesy Copy of Motion to Transfer (dkt # 33). Meanwhile, on February 12, 2010, Northstar Defendants filed a Complaint in the Eastern District of Louisiana ("Second Insurance Action"), for declaratory judgment and breach of contract "which raises the exact issues presented in this suit, yet is more comprehensive insofar as it also raises the same insurance issues with respect to four other insurance carriers whose coverage regarding Chinese drywall claims is also at issue . . . ." Pl.'s Mot. at 4 (dkt # 34).

Shortly thereafter, on February 16, 2010, Foster filed the instant Motion to Dismiss or to Stay (dkt # 34) seeking to dismiss this action in favor of the Second Insurance Action or to stay this case until a final determination in the Underlying Action. This Court, however, stayed this case on February 26, 2010, until the JPML decided Northstar Defendants' Motion to Transfer to the MDL Action. See Order Staying Case (dkt # 38). On June 16, 2010, the JPML declined to transfer this case a second time and denied Northstar Defendants' Motion to Transfer stating that while "[t]hese cases do have a common factual backdrop involving the general circumstances of imported Chinese drywall and the damage it is alleged to have caused . . . the cases seem to present strictly legal questions which require little or no centralized discovery." Courtesy Copy of Order Denying Transfer (dkt # 39). This court subsequently reopened this case on June 29, 2010. See Order Granting Plaintiff's Motion to Reopen Case (dkt # 43). General Fidelity filed a Response (dkt # 47) to Foster's Motion to Dismiss or to Stay on July 12, 2010, and Foster filed a Reply (dkt # 57) on July 28, 2010.

**II. ANALYSIS**

Foster seeks to dismiss this case in favor of the Second Insurance Action because it is

4

more comprehensive than the instant case and will resolve all issues sounding in contract and in tort as to all insurers involved. In the alternative, Foster seeks to stay this case until a final resolution of the Underlying Action.

A.  Motion to Dismiss is Denied

In support of her request for dismissal or a stay, Foster argues that judicial efficiency considerations militate in favor of dismissing this case to permit all issues against all involved insurers to be resolved in the Second Insurance Action. General Fidelity argues that this case - filed almost nine months before the Second Insurance Action - should not be dismissed because the "first-in-time" rule favors adjudication of the coverage issue in this Court.

Foster relies primarily on the factors set forth in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005), to support her request for dismissal. In Ameritas, the Court set forth "factors for consideration to aid district courts in balancing state and federal interests" when determining "whether to abstain from exercising federal jurisdiction over state-law claims in the face of parallel litigation in the state courts." 411 F.3d at 1331. These considerations, however, are inapplicable here as Foster asks this Court to decline jurisdiction in favor of parallel litigation in another federal court. The principles of "federalism, efficiency, and comity" that traditionally inform the balancing of federal-state adjudicatory powers are not at issue in this case.

Fatal to Foster's Motion is her failure to address General Fidelity's citation to the "first-to-file" rule. The Eleventh Circuit applies the "first-to-file" rule to parallel litigation in federal courts. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-

5

filed rule." Id. "[T]he party objecting to jurisdiction in the first filed forum carr[ies] the burden of proving compelling circumstances to warrant an exception to the first-filed rule." Id.

The instant Complaint was filed almost nine months before the Second Insurance Action. Moreover, Northstar filed a Counterclaim (dkt # 25) against General Fidelity that is nearly identical to the Complaint in the Second Insurance Action. The only difference between the instant case and the Second Insurance Action is that Northstar added additional parties and a claim for breach of contract in the Second Insurance Action. The two cases otherwise involve the same insurance policies, the same defective Chinese drywall claims against Northstar Defendants, and the same Florida residences. Foster has not made any arguments regarding the first-to-file rule nor has Foster presented compelling circumstances that warrant an exception to the rule. Foster's Motion generally cites judicial efficiency. Northstar Defendants, however, filed the Second Insurance Action one month after it filed a nearly identical Counterclaim in the instant action and almost nine months after General Fidelity filed the instant action. Foster has not presented any compelling reasons why the additional defendants named in the Second Insurance Action and the additional breach of contract claim could not have been added to Northstar Defendants' Counterclaim in the instant action. Any perceived judicial inefficiencies, therefore, were borne out of Defendants' actions. Nevertheless, the judicial efficiency concerns cited by Foster do not warrant dismissal in favor of the Second Insurance Action.

B.   Motion to Stay is Denied

Foster argues, in the alternative, that this case should be stayed until the conclusion of the Underlying Action because factual questions surrounding the causes and effects of Chinese drywall must be determined in the Underlying Action before this Court may determine whether

6

General Fidelity has a duty to defend or indemnify Defendants. Whether General Fidelity has a duty to defend will be determined by looking to "the allegations contained within the four corners of the complaint" filed in the Underlying Action. Phila. Indem. Ins. Co. v. Yachtman's Inn Condo Ass'n, Inc., 595 F. Supp. 2d 1319, 1322 (S.D. Fla. 2009) (citation omitted). If the complaint "alleges any facts which actually, or even potentially, fall within the scope of coverage under the policy, the insurer is obligated to defend the entire suit." Id. (citation omitted). Under Florida law,[1] because the duty to defend is much broader than the duty to indemnify, "a court's determination that the insurer has no duty to defend requires finding that there is no duty to indemnify." Id. (citations omitted). Without explaining how, Foster argues that the factual questions in the Underlying Action are central to General Fidelity's declaratory action, "i.e. whether defective Chinese drywall and the damage it causes constitutes pollution and is consequently subject to the pollution exclusion." Pl.'s Reply at ¶ 3. Because General Fidelity's duty to defend - i.e. whether Foster's allegations are covered by the Policy - will be determined by looking to the allegations in Foster's Complaint, the factual questions in the Underlying Action are irrelevant.

Moreover, in vacating its condition transfer of this case to the MDL Action, the JPML determined that because "this action raises distinctly different factual and legal questions from the core allegations at issue in [the MDL Action], a transfer would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation." Order Vacating Conditional Transfer Order (dkt # 12). The JPML rejected transfer of this case a second time in its Order Denying Motion to Transfer to the MDL Action on June 16, 2010,

---

[1] In this diversity case, this Court must apply substantive Florida law. James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 n.1 (11th Cir. 2008).

concluding that the insurance coverage questions are "likely to be decided by an application of the complaint to the policy language under applicable state law" and would not rely on the same factual discovery as the MDL Action. Courtesy Copy of Order Denying Transfer at 2 (dkt # 39).

In fact, Foster's argument is belied by the position later taken in her Reply in Support of Motion for Extension of Time to Respond to Motion for Summary Judgment (dkt # 57). In her Motion for Extension of Time, Foster sought and received from this Court a stay of her response deadline until her request to file an amended complaint in the Underlying Action is ruled upon. Foster's statement in her Reply makes the same conclusion as the JPML and is worth quoting in full:

> General Fidelity also cites to and relies on many factual findings Judge Fallon made in the MDL proceeding, but those findings have no bearing on the insurance coverage question at issue in this case, i.e., whether the damages that will be alleged by Defendant Foster in her amended complaint will be excluded by General Fidelity's policy. General Fidelity is bound by its policy and its policy's definition of "pollutant." Judge Fallon was not considering whether the property damages sustained in certain particular homes with Chinese drywall were caused by a "pollutant" as General Fidelity defines that term. The issues are different --- sufficiently different for the JPML to deny transfer of this case to the MDL --- and, as noted above, they will be governed by Defendant Foster's amended complaint.

Def.'s Reply in Support of Motion for Extension of Time to Respond to Motion for Summary Judgment at 3 (dkt # 57). The issue in the Underlying Action is whether Northstar Defendants are liable to Foster for any damage caused by the defective Chinese drywall. This Court agrees with both the JPML and Foster's position in her Reply in Support of Motion for Extension of Time to Respond to Motion for Summary Judgment that the factual findings in the Underlying Action have no bearing on the insurance coverage question at issue in this case. Accordingly, a stay this action until the Underlying Action is concluded is unwarranted.

### III. CONCLUSION

In light of the foregoing, it is

ORDERED AND ADJUDGED that Defendant Katherine L. Foster's Motion to Dismiss or Stay (dkt # 34) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of September, 2010.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

Digitally signed by Kevin Michael Moore
DN: cn=Kevin Michael Moore, o, ou, email=k_michael_moore@flsd.uscourts.gov, c=US
Date: 2010.09.10 16:04:24 -04'00'

cc:   Counsel of record