# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047 |
| | JUDGE FALLON |
| This document relates to *Pate v. American International Specialty Lines Insurance Company, et al.* (09-7791) | MAGISTRATE JUDGE WILKINSON |

### FIRST AMENDED COMPLAINT

Plaintiff, Robert C. Pate, as Trustee (the "Trustee") for the Chinese Drywall Trust

(the "WCI Chinese Drywall Trust"), brings this action against Defendants American

International Specialty Lines Insurance Company, Illinois Union Insurance Company,

Lexington Insurance Company, Old Republic Insurance Company, and Steadfast

Insurance Company (collectively, the "Insurance Companies") as well as American

Guarantee and Liability Insurance Company, Amerisure Insurance Company, Amerisure

Mutual Insurance Company, FCCI Commercial Insurance Company, FCCI Insurance

Company, Hartford Accident & Indemnity Company, Hermitage Insurance Company,

Landmark American Insurance Company, Mid-Continent Casualty Company, National

Union Fire Insurance Company of Pittsburgh, Pa., NGM Insurance Company, Ohio

Casualty Company, Owners Insurance Company, Scottsdale Insurance Company, West

American Insurance Company (collectively, the "Subcontractor Insurance Companies")

and Chartis Claims, Inc.  The Trustee seeks a declaratory judgment that the Insurance

Companies and the Subcontractor Insurance Companies are obligated to indemnify the

WCI Chinese Drywall Trust for losses arising from claims against WCI Communities,

Inc. and certain of its subsidiaries (collectively, "WCI") for the development and sale of homes allegedly containing defective Chinese manufactured drywall.[1]

PARTIES

1.     Plaintiff, the Trustee, is a citizen of the state of Texas and lives in Corpus Christi, Texas.

2.     Defendant American International Specialty Lines Insurance Company ("AISL") is an Alaskan corporation with its principal place of business in New York.

3.     Defendant Illinois Union Insurance Company ("Illinois Union") is an Illinois corporation with its principal place of business in Pennsylvania.

4.     Defendant Lexington Insurance Company ("Lexington") is a Delaware corporation with its principal place of business in Massachusetts.

5.     Defendant Old Republic Insurance Company ("Old Republic") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

6.     Defendant Steadfast Insurance Company ("Steadfast") is a Delaware corporation with its principal place of business in Illinois.

7.     Defendant American Guarantee and Liability Insurance Company ("American Guarantee") is a New York corporation with its principal place of business in Illinois.

8.     Defendant Amerisure Insurance Company ("Amerisure") is a Michigan corporation with its principal place of business in Michigan.

---

[1] American International Specialty Lines Insurance Company sold insurance to both WCI and Beta Drywall, LLC, and therefore, for the purposes of this First Amended Complaint, constitutes one of the "Insurance Companies" as well as one of the "Subcontractor Insurance Companies."

9.     Defendant Amerisure Mutual Insurance Company ("Amerisure Mutual") is a Michigan corporation with its principal place of business in Michigan.

10.    Defendant FCCI Commercial Insurance Company ("FCCI Commercial") is a Florida corporation with its principal place of business in Florida.

11.    Defendant FCCI Insurance Company ("FCCI") is a Florida corporation with its principal place of business in Florida.

12.    Defendant Hartford Accident & Indemnity Company ("Hartford") is a Connecticut corporation with its principal place of business in Connecticut.

13.    Defendant Hermitage Insurance Company ("Hermitage") is a New York corporation with its principal place of business in New York.

14.    Defendant Landmark American Insurance Company ("Landmark") is an Oklahoma corporation with its principal place of business in Georgia.

15.    Defendant Mid-Continent Casualty Company ("Mid-Continent") is an Ohio corporation with its principal place of business in Oklahoma.

16.    Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is a Pennsylvania corporation with its principal place of business in New York.

17.    Defendant NGM Insurance Company ("NGM") is a New Hampshire corporation with its principal place of business in Florida.

18.    Defendant Ohio Casualty Company ("Ohio Casualty") is an Ohio corporation with its principal place of business in Ohio.

19.    Defendant Owners Insurance Company ("Owners") is an Ohio corporation with its principal place of business in Michigan.

20.     Defendant Scottsdale Insurance Company ("Scottsdale") is an Ohio corporation with its principal place of business in Arizona.

21.     Defendant West American Insurance Company ("West American") is an Indiana corporation with its principal place of business in Ohio.

22.     Defendant Chartis Claims, Inc. ("Chartis Claims") is a Delaware corporation with its principal place of business in New York.

JURISDICTION AND VENUE

23.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and the parties are citizens of different states.

24.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(3) because the Defendants are subject to personal jurisdiction in this judicial district. AISL, American Guarantee, Amerisure, Amerisure Mutual, Hartford, Hermitage, Illinois Union, Landmark, Lexington, Mid-Continent Casualty, National Union, Ohio Casualty, Old Republic, Scottsdale, Steadfast, and West American are authorized to sell insurance in Louisiana. FCCI Insurance Group, which includes FCCI and FCCI Commercial, sells insurance in Louisiana, and maintains a regional office in the Gulf Coast to service states such as Louisiana. NGM offers a complete line of commercial products and services throughout the Southeast and Southwest. Chartis Claims maintains a business establishment and registered office in Louisiana. Venue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation. See In re Chinese-

Manufactured Drywall Products Liability Litigation, 626 F. Supp. 2d 1346 (J.P.M.L. 2009).

FACTS

25.    WCI contracts to build homes and residential communities in states such as Florida, New York, New Jersey, Virginia, Maryland, and Connecticut.

26.    Its projects include, among other things, single-family homes, villas, condominiums, and luxury high rise towers.

The Underlying Claims

27.    In 2006, WCI began to receive complaints of property damage and/or bodily injury allegedly arising from Chinese Drywall[2] installed in homes that WCI sold in Florida, including areas such as Fort Lauderdale, Fort Myers, and Bradenton.

28.    The homeowners closed on these homes primarily between September 5, 2006 and September 12, 2008.

29.    The claimants allege damages that include increased rates of corrosion of soft metal materials throughout the houses (such as air conditioning coils, refrigerator tubing, electrical wires, and television connections); various health issues allegedly arising from the drywall; and tarnishing of silver and soft metal within the homes.

The WCI Chinese Drywall Trust

30.    On August 4, 2008 and July 1, 2009, WCI Communities, Inc. and a number of its subsidiaries filed for bankruptcy (collectively, the "WCI Debtors").

31.    On July 16, 2009, the WCI Debtors filed a Second Amended Joint Chapter 11 Plan of Reorganization (the "Plan").

---

[2] As used herein, the term "Chinese Drywall" includes drywall manufactured in China as well as drywall manufactured domestically that contains recycled drywall from China.

32.    The Plan created a Chinese Drywall Trust to assume the WCI Debtors'

liability or losses for claims asserted against them by an owner or occupant of, or

person otherwise exposed to, a home built by the WCI Debtors for damages related to

Chinese drywall.

33.    On the effective date of the Plan, the WCI Debtors transferred to the WCI

Chinese Drywall Trust their right, title, and interest in the "Insurance Coverage Actions"[3]

and the "Chinese Drywall Actions"[4] and the proceeds thereof, and any right, title or

interest in pursuing and receiving any and all "Insurance Recoveries."[5]

34.    The Plan also established a Chinese Drywall Trustee to prosecute the

Insurance Coverage Actions and Chinese Drywall Actions.

35.    The United States Bankruptcy Court for the District of Delaware entered

an Order confirming the Plan on August 26, 2009, including the creation of the WCI

---

[3] The Plan defines "Insurance Coverage Actions" as "any rights to indemnification, reimbursement, contribution or other payment under any of the [WCI] Debtors' existing insurance policies, including the [WCI] Debtors' director and officer liability insurance policies, as of the Effective Date that may provide coverage with respect to Allowed Chinese Drywall Claims."

[4] The Plan defines "Chinese Drywall Actions" as "the Causes of Action that the [WCI] Debtors may have against any subcontractor or other Person who installed Chinese drywall in a home built or sold by a [WCI] Debtor, directly or indirectly, any insurer of any such subcontractor or other Person, any retailer, wholesaler, distributor, manufacturer or provider of Chinese drywall that was installed in a home built or sold by a [WCI] Debtor, directly or indirectly, and/or any insurer of any such retailer, wholesaler, distributor, manufacturer or provider."

[5] The Plan defines "Insurance Recovery," in pertinent part, as "(a) the right to pursue and receive the benefits and proceeds of any insurance policy issued to, owned by, or otherwise providing coverage to any [WCI] Debtor, including any insurance policy owned by any third party on which any [WCI] Debtor is named as an additional insured, with respect to Chinese Drywall Claims; (b) the right to pursue and receive recovery from or as a result of any Insurance Coverage Action; ... [and] (e) the right to pursue and receive any other recovery from an insurance company, in its capacity as such, with respect to Chinese Drywall Claims."

Chinese Drywall Trust, and approving the appointment of Robert C. Pate as the Chinese Drywall Trustee.

36.    Over 700 homeowners allegedly have Chinese Drywall installed in their homes and may seek recovery through the WCI Chinese Drywall Trust.

The Insurance Policies

37.    The insurance policies that cover the losses arising from the Underlying Claims consist of liability insurance policies sold to WCI and numerous subcontractor insurance policies under which WCI is a named or additional insured.

The WCI Insurance Policies

38.    Old Republic Insurance Company sold WCI policy number MWZY 56761 with a $3,000,000 limit of liability for the period December 10, 2004 through December 10, 2007.

39.    Illinois Union sold WCI a commercial umbrella liability policy, number XOO G22081706, with a $15,000,000 limit of liability for the period March 1, 2005 through May 1, 2006.

40.    Steadfast sold WCI a following form excess liability policy, number AEC 3836443 03, with a $25,000,000 limit of liability for the period March 31, 2005 through May 1, 2006.

41.    AISL sold WCI a commercial umbrella liability policy, number 7412158, with a $25,000,000 limit of liability for the period May 1, 2006 through May 1, 2007.

42.    Lexington sold WCI an excess liability policy, number 0355453, for the period May 1, 2006 through May 1, 2007.

43.     Steadfast also sold WCI a follow form excess liability policy, number AEC 3836443 03, with a $15,000,000 limit of liability for the period May 1, 2006 through May 1, 2007.

44.     AISL also sold WCI policy number RMGGL 159-57-59 with a $1,000,000 limit of liability for the period December 10, 2007 through December 10, 2008.

45.     Additionally, AISL sold a commercial umbrella liability policy, policy number 7412275, with a $25,000,000 limit of liability for the period May 1, 2007 through May 1, 2008.

46.     Lexington also sold WCI a follow form excess liability policy, number 1011060, with a $15,000,000 limit of liability for the period May 1, 2007 through May 1, 2008.

47.     AISL sold WCI a commercial umbrella liability policy, number BE 4943750, with a $25,000,000 limit of liability for the period May 1, 2008 through December 10, 2008.

48.     Lexington sold WCI policy number 1053988 with a $15,000,000 limit of liability for the period May 1, 2008 through December 10, 2008.

The Subcontractor Insurance Policies

49.     WCI is a named or additional insured under the insurance policies of certain subcontractors that allegedly supplied and/or installed Chinese Drywall in the claimants' homes.

50.     Those subcontractors and the related insurance policies consist of:

| Subcontractor | Insurance Company | Policy number | Policy period |
|---|---|---|---|
| Hinkle Drywall LLC | Owners | 074612-20693161-07<br>074612-20693161-08<br>074612-20693161-09 | 1/29/07-1/29/08<br>1/29/08-1/29/09<br>1/29/09-1/29/10 |
|  | Landmark | LAB009279 | 5/18/07-5/18/08 |
| SD & Associates | FCCI | GL00039663 | 1/7/08-1/7/09 |
| Finest Drywall Inc. | Mid-Continent | 04GL000699958<br>04GL000730812<br>04GL000768602 | 9/15/07-9/15/08<br>9/15/08-9/15/09<br>9/15/09-9/15/10 |
|  | National Union | BE5346464 | 9/15/08-9/15/09 |
| Distinctive Drywall Designs, Inc. | Scottsdale | CLS1515640 | 6/09/08-6/09/09 |
| Beta Drywall, LLC | Amerisure | GL2027317000000<br>GL2027317010006<br>GL2027317020007<br>GL2027317030008<br>GL2027317040009 | 2/28/05-2/28/06<br>2/28/06-2/28/07<br>2/28/07-2/28/08<br>2/28/08-2/28/09<br>2/28/09-2/28/10 |
|  | Amerisure Mutual | CU 2027319<br>CU 2052086-00<br>CU 2052086 01 | 2/28/05-2/28/06<br>2/28/08-2/28/09<br>2/28/09-2/28/10 |
|  | National Union | BE 6564380 | 2/28/07-2/28/08 |
|  | AISL | CPL 1732167 | 2/27/09-2/27/10 |
| Distinctive Finishes, LLC | Mid-Continent | 04-GL-000586669<br>04-GL-000627470<br>04-GL-712047 | 4/11/05-4/11/06<br>4/11/06-4/11/07<br>4/11/08-4/11/09 |
|  | American Guarantee | AUC 5345732-03 | 4/11/08-4/11/09 |
| Steven Sweet Drywall, LLC | Mid-Continent | 04GL000705707 | 2/15/08-2/15/09 |
| ABF Drywall, Inc. | Hermitage | HGL54387608<br>HGL54387609 | 6/20/08-6/20/09<br>6/20/09-6/20/10 |

| Residential Drywall Inc. | FCCI | CPP0007699 1<br>CPP0007699 2 | 11/9/07-11/9/08<br>11/9/08-11/9/09 |
|---|---|---|---|
| Florida Drywall | Mid-Continent | 04-GL-0000630931 | 5/11/06-5/11/07 |
| | FCCI Commercial | GL00056902<br>UMB00053572 | 5/11/08-5/11/09<br>5/11/08-5/11/09 |
| 1st Choice Construction | Mid-Continent | 04GL000717960 | 6/1/08-6/1/09 |
| AA Stucco & Drywall Inc. | Hartford | 21UUNTS1424<br>21XHUTS1133<br>21UUNTS1424<br>21XHUTS1133 | 1/1/08-1/1/09<br>1/1/08-1/1/09<br>1/1/09-1/1/10<br>1/1/09-1/1/10 |
| HDS Drywall Services | West American | BKW (06) 52884210 | 11/1/05-11/1/06 |
| | Ohio Casualty | USO0652884210 | 11/1/05-11/1/06 |
| | NGM | MP 085157<br>CU 085157<br>MP 085157<br>CU 085157 | 11/1/06-11/1/07<br>11/1/06-11/1/07<br>11/1/07-11/1/08<br>11/1/07-11/1/08 |
| Supreme Drywall & Metal Framing Co. | Amerisure Mutual | GL2027812010006<br>GL2027812010007<br>GL2027812010008 | 3/17/06-3/17/07<br>3/17/07-3/17/08<br>3/17/08-3/17/09 |

### Notice and Failure to Provide Coverage

51.   WCI timely provided notice under the WCI Insurance Policies and the Subcontractor Insurance Policies.

52.   WCI has satisfied fully all conditions precedent and obligations under the WCI Insurance Policies and the Subcontractor Insurance Policies.

53.   WCI has paid substantial sums for the policies, constituting all premiums due thereunder.

54.   WCI has responded to and answered requests for information from the Insurance Companies and the Subcontractor Insurance Companies doing investigations.

55.   The Insurance Companies and the Subcontractor Insurance Companies have either denied coverage, reserved their rights, failed to reply to WCI's notice letters, or otherwise failed to acknowledge coverage.

COUNT I
DECLARATORY JUDGMENT

56.   The Trustee repeats and realleges paragraphs 1 through 55 above as if fully set forth herein.

57.   Under the terms of the policies, the Insurance Companies and the Subcontractor Insurance Companies are obligated to indemnify WCI in connection with the Underlying Claims.

58.   WCI has asked the Insurance Companies and the Subcontractor Insurance Companies to perform their contractual obligations under the policies.

59.   A justiciable controversy exists as to the insurance coverage the policies provide.

60.   Accordingly, the Trustee is entitled to a judgment declaring that the Insurance Companies and the Subcontractor Insurance Companies are obligated to indemnify the WCI Chinese Drywall Trust in connection with the Underlying Claims, pursuant to 28 U.S.C. § 2201.

## COUNT II
## BREACH OF CONTRACT

61.     The Trustee repeats and realleges paragraphs 1 through 60 above as if fully set forth herein.

62.     The Insurance Companies and the Subcontractor Insurance Companies breached the policies by failing to acknowledge coverage for the Underlying Claims.

63.     As a result, the WCI Chinese Drywall Trust has suffered damages in an amount to be determined at trial.

## COUNT III
## TORTIOUS INTEFERENCE WITH THE LEXINGTON POLICIES
### (AGAINST CHARTIS CLAIMS, INC.)

64.     The Trustee repeats and realleges paragraphs 1 through 63 above as if fully set forth herein.

65.     Lexington sold WCI excess liability policy numbers 0355453, 1011060, 1053988 (the "Lexington Policies").

66.     Chartis Claims serves as the claims administrator for Lexington, and has knowledge of Lexington's indemnity obligations to WCI.

67.     Chartis Claims has failed to acknowledge coverage in connection with Lexington's indemnity obligations under the Lexington Policies.

68.     In doing so, Chartis Claims has, without justification, induced and/or caused Lexington's breach of those policies and has caused the WCI Chinese Drywall Trust damages.

## DEMAND FOR JURY TRIAL

The Trustee hereby demands a trial by jury as to all issues so triable.

NYDOCS1-939902.5

## PRAYER FOR RELIEF

WHEREFORE, the Trustee demands upon the Insurance Companies and the Subcontractor Insurance Companies:

A.      Judgment in the Trustee's favor on Count I, declaring that the Insurance Companies and the Subcontractor Insurance Companies are obligated to indemnify the WCI Chinese Drywall Trust in connection with the Underlying Claims;

B.      Judgment in the Trustee's favor on Count II, awarding the WCI Chinese Drywall Trust damages in an amount to be determined at trial;

C.      Judgment in the Trustee's favor on Count III, awarding the WCI Chinese Drywall Trust damages in an amount to be determined at trial;

D.      Pre and post-judgment interest;

E.      Attorneys' fees;

F.      Costs; and

G.      Any and all such further relief as this Court deems just and proper.

March 15, 2010                           Respectfully submitted,

                                         /s/ Anna M. Piazza
                                         _____
                                         Robert M. Horkovich
                                         Anna M. Piazza
                                         Anderson Kill & Olick, P.C.
                                         1251 Avenue of the Americas
                                         New York, New York 10020
                                         P: 212-278-1000
                                         F: 212-278-1733
                                         rhorkovich@andersonkill.com
                                         apiazza@andersonkill.com

                                         *Plaintiff's Lead Counsel*

                                         Burton LeBlanc (#20491)
                                         Baron & Budd, P.C.
                                         9015 Bluebonnet Blvd.

NYDOCS1-939902.5

13

Baton Rouge, Louisiana 70810
P: 225-927-5441
F: 225-927-5449
bleblanc@baronbudd.com

Renée Melançon
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
P: 214-521-3605
F: 214-520-1181
RMelanco@baronbudd.com

*Plaintiff's Local Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing First Amended Complaint has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all counsel of record by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th day of March, 2010.

/s/ Anna M. Piazza
Anna M. Piazza

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

CENTERLINE HOMES CONSTRUCTION,      CASE NO.:
INC., COMPLETED COMMUNITIES II,
LLC, CENTERLINE HOMES AT
GEORGETOWN, LLC, CENTERLINE
HOMES, INC.,

           **Plaintiffs,**

v.

MID-CONTINENT CASUALTY COMPANY,
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, INTERSTATE
FIRE & CASUALTY COMPANY,
AMERISURE INSURANCE COMPANY,

           **Defendants.**
_____/

### COMPLAINT

Plaintiffs, Centerline Homes Construction, Inc., Completed Communities II, LLC,
Centerline Homes at Georgetown, LLC, and Centerline Homes, Inc. (collectively "the Centerline
entities"), bring this action against Defendants, Mid-Continent Casualty Company and The
Insurance Company of the State of Pennsylvania ("the Insurance Companies") as well as
Interstate Fire & Casualty Company, Mid-Continent Casualty Company, and Amerisure
Insurance Company ("the Subcontractor Insurance Companies"). The Centerline entities seek a
declaratory judgment that the Insurance Company and Subcontractor Insurance Companies are
obligated to defend and indemnify the Centerline entities for losses arising from claims and suits
against the Centerline entities for the development of single family and multi-family residences
allegedly containing defective Chinese manufactured drywall.

## PARTIES

1.      Plaintiffs are citizens of the state of Florida.

2.      Plaintiff Completed Communities II, LLC ("Completed Communities") is the successor entity by merger of the following Florida entities: Centerline Homes at B&A, LLC, Centerline Homes at Tradition, LLC, and Centerline Port St. Lucie, Ltd.

3.      Defendant Mid-Continent Casualty Company ("Mid-Continent") is an Oklahoma corporation with its principal place of business in Oklahoma. Mid-Continent is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

4.      Defendant The Insurance Company of the State of Pennsylvania ("ISOP") is a Pennsylvania corporation with its principal place of business in New York. ISOP is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

5.      Defendant Interstate Fire & Casualty Company ("Interstate Fire") is an Illinois corporation with its principal place of business in Illinois. Interstate Fire is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

6.      Defendant Amerisure Insurance Company ("Amerisure") is a Michigan corporation with its principal place of business in Michigan. Amerisure is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and the parties are citizens of different states.

8.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(3) because the Defendants are subject to personal jurisdiction in this judicial district. The Defendants are authorized to sell insurance in Louisiana and routinely sell insurance in Louisiana.  Venue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation. See In re Chinese-Manufactured Drywall Products Liability Litigation, 626 F. Supp. 2d 1346 (J.P.M.L. 2009).

## GENERAL FACTS

9.      One or more of the Centerline entities were and/or are involved in building homes and residential communities in Florida.

10.     The projects include single-family homes and multi-family homes, such as townhomes and condominiums.

11.     This action arises from alleged property damage and/or bodily injury allegedly occurring as a result of the use of Chinese drywall in homes that one or more of the Centerline entities sold to homeowners ("homeowners" or "claimants") in Broward, Palm Beach and Saint Lucie County, Florida.

12.     The homeowners closed on these homes primarily between May 2005 and May 2007.

13.     The claimants allege damages that include, but are not limited to: increased rates of corrosion of soft metal materials throughout the houses (such as air conditioning coils, refrigerator tubing, electrical wires, and television connections); tarnishing of silver and other metal within the homes; damage to their personal property within their homes; damages resulting from the need to restore, repair, and replace the damage and sources of the damage; and bodily injury.

<u>Insurance Policies</u>

14.     The insurance policies that cover the losses arising from the claims consist of liability insurance polices sold to one or more of the Centerline entities and drywall subcontractor policies under which these entities are a named or additional insured.

15.     Mid-Continent issued the Centerline entities the following commercial umbrella liability policies:

    a.     04-GL-000568052, policy period 9/8/04 - 9/8/05 (multi-family)

    b.     04-GL-000572650, policy period 9/8/04 - 9/8/05 (single-family)

    c.     04-GL-000603021, policy period 9/8/05 - 9/8/06 (multi-family)

    d.     04-GL-000603065, policy period 9/8/05 - 9/8/06 (single-family)

    e.     04-GL-000645709, policy period 9/8/06 - 9/8/07

16.     Mid-Continent also issued the Centerline entities the following excess liability policies:

    a.     04 XS 137856, policy period 12/8/04 - 9/8/05

    b.     04 XS 140631, policy period 9/8/05 - 9/8/06

    c.     04 XS 145904, policy period 9/8/06 - 9/8/07

17.    ISOP issued the Centerline entities the following excess liability policy: 105-3242, policy period 10/6/05 - 9/8/06.

## The Subcontractor Insurance Policies

18.    One or more of the Centerline entities is a named or additional insured under the insurance policies of certain drywall subcontractors that allegedly supplied and/or installed Chinese Drywall in the claimants' homes.

19.    Those subcontractors and the related insurance policies consist of:

Ocean Coast Drywall, Inc.:

| Insurance Company | Policy Number | Period |
| --- | --- | --- |
| Interstate Fire & Casualty Company | CLP6273524 | 1/10/05 – 1/10/06 |

United Framers, Inc.:

| Insurance Company | Policy Number | Period |
| --- | --- | --- |
| Mid-Continent Casualty Company | 04GL000656133 | 8/21/06 – 8/21/07 |
| Amerisure Insurance Company | GL204115101 | 11/27/07 – 11/27/08 |

## Notice and Failure to Provide Coverage

20.    The Centerline entities timely provided notice under the Insurance Policies and the Subcontractor Insurance Policies.

21.    The Centerline entities have satisfied all conditions precedent and obligations under the Insurance Policies and the Subcontractor Insurance Policies; alternatively, any further efforts to satisfy conditions precedent would be futile.

22.     The Centerline entities have paid substantial sums for the policies, constituting all premiums due thereunder.

23.     The Insurance Companies and the Subcontractor Insurance Companies have either denied coverage, repudiated their obligation to provide coverage, or otherwise failed to timely acknowledge their coverage and defense obligations.

## COUNT I
## DECLARATORY JUDGMENT

24.     The Centerline entities repeat and reallege paragraphs 1 through 23 above as if fully set forth herein.

25.     Under the terms of the Insurance Policies and Subcontractor Insurance Policies, the Defendants are obligated to defend and indemnify the Centerline entities in connection with the Underlying Claims.

26.     The Centerline entities have demanded that Defendants perform their contractual obligations under the policies, but they have repudiated their contractual obligations.

27.     A justiciable controversy exists as to the insurance coverage the policies provide.

28.     Accordingly, pursuant to 28 U.S.C. § 2201, the Centerline entities are entitled to a judgment declaring that the Defendants are obligated to defend and indemnify the Centerline entities connection with the Underlying Claims.

## COUNT II
## BREACH OF CONTRACT

29.     The Centerline entities repeat and reallege paragraphs 1 through 23 above as if fully set forth herein.

30.     The Defendants breached the policies by failing to acknowledge coverage for the Underlying Claims and by failing to defend the Centerline entities in Chinese drywall litigation.

31.     As a result, the Centerline entities have suffered damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

The Centerline entities hereby demand a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Centerline entities demand:

A.     Judgment in the Plaintiffs' favor on Count I, declaring that the Defendants are obligated to defend and indemnify the Centerline entities in connection with the Underlying Claims;

B.     Judgment in the Plaintiffs' favor on Count II, awarding the Plaintiffs damages in an amount to be determined at trial;

C.     Pre- and post-judgment interest;

D.     Attorney's fees;

E.     Costs; and

F.     Any and all such further relief as this Court deems just and proper.

DATED: January 26, 2010

Respectfully submitted,

By: __/s/ Peter R. Goldman_____
    PETER R. GOLDMAN
    Florida Bar No. 860565
    VANESSA M. SERRANO
    Florida Bar No. 51555
    BROAD AND CASSEL
    100 S.E. Third Ave., Ste. 2700
    Fort Lauderdale, FL 33394
    Ph:  (954) 764-7060
    Fax: (954) 761-8135
    pgoldman@broadandcassel.com
    vserrano@broadandcassel.com

    *Counsel for Plaintiffs*

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORTHSTAR HOLDINGS, INC.,** **NORTHSTAR HOMES, INC. AND** **NORTHSTAR HOLDINGS AT B & A, LLC,** | **CASE NO.:** |
| **Plaintiffs,** | |
| v. | |
| **GENERAL FIDELITY INSURANCE** **COMPANY, QUANTA INDEMNITY** **COMPANY, MID-CONTINENT CASUALTY** **COMPANY, AXIS SURPLUS INSURANCE** **COMPANY AND ESSEX INSURANCE** **COMPANY** | |
| **Defendants.** | |
| _____/ | |

### COMPLAINT

Plaintiffs, Northstar Holdings, Inc., Northstar Homes, Inc. and Northstar Holdings at B & A, LLC (collectively "the Northstar entities"), bring this action against General Fidelity Insurance Company, Quanta Indemnity Company, Mid-Continent Casualty Company, Axis Surplus Insurance Company and Essex Insurance Company (individually, an "Insurance Company," and collectively, the "Insurance Companies"). The Northstar entities seek a declaratory judgment that each Insurance Company is obligated to defend and indemnify the Northstar entities for losses arising from claims and suits against the Northstar entities for the development of homes allegedly containing defective Chinese manufactured drywall.

### PARTIES

1.      Plaintiffs are citizens of the state of Florida.

2.      Plaintiff, Northstar Holdings, Inc., is a Florida for-profit corporation with its principal place of business in Palm Beach County, Florida.

3.      Plaintiff, Northstar Homes, Inc., is a Florida for-profit corporation with its principal place of business in Palm Beach County, Florida.

4.      Plaintiff, Northstar Holdings at B & A, LLC, is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

5.      Defendant, Mid-Continent Casualty Company ("Mid-Continent"), is an Ohio corporation with its principal place of business in Oklahoma.  Mid-Continent is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

6.      Defendant, General Fidelity Insurance Company ("General Fidelity") is a California corporation with its principal place of business in North Carolina. General Fidelity is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

7.      Defendant, Quanta Indemnity Company ("Quanta") is a Colorado corporation with its principal place of business in New York. Quanta is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

8.      Defendant, Essex Insurance Company ("Essex"), is a Delaware corporation with its principal place of business in Virginia. Essex is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

2

9.     Defendant, Axis Surplus Insurance Company ("Axis"), is an Illinois corporation with its principal place of business in Georgia.  Axis is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

## JURISDICTION AND VENUE

10.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and the parties are citizens of different states.

11.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(3) because the Defendants are subject to personal jurisdiction in this judicial district. Defendants are authorized to sell insurance in Louisiana and routinely sell insurance in Louisiana.  Venue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407.

## GENERAL FACTS

12.     One or more of the Northstar entities were and/or are involved in building homes and residential communities in Florida.

13.     This action arises from alleged property damage and/or bodily injury allegedly occurring as a result of the use of Chinese drywall in homes that one or more of the Northstar entities sold to homeowners ("homeowners" or "claimants") in Palm Beach County, Florida.

14.     The homeowners closed on these homes primarily between 2005 and 2007.

15.     The claimants allege damages that include, but are not limited to: increased rates of corrosion of soft metal materials throughout the houses (such as air conditioning coils, refrigerator tubing, electrical wires, and television connections); tarnishing of silver and other

3

metal within the homes; damage to their personal property within their homes; damages resulting from the need to restore, repair, and replace the damage and sources of the damage; and bodily injury (the "Underlying Claims"). The Underlying Claims are being made against Northstar in several actions one of which is pending in MDL-2047, *In re Chinese-Manufactured Drywall Products Liability Litigation*, case no. 09-4320, *Katherine Foster v. Northstar Holdings, Inc., et al.*, presided over by Judge Eldon Fallon of the Eastern District of Louisiana.[1]

## Northstar's Insurance Policies

16.    The insurance policies that cover the losses arising from the claims consist of liability insurance polices sold to one or more of the Northstar entities and drywall subcontractor policies under which these entities are a named or additional insured (collectively, the "Insurance Policies").

17.    General Fidelity issued to one or more of the Northstar entities the following commercial general liability policies:

        a.    BAG0002215-00, policy period 1022/06 - 10/22/07

        b.    BAG0004973-00, policy period 10/22/07 - 10/22/08

        c.    BAG0006227, policy period 10/22/08 - 10/22/09

18.    Quanta issued to one or more of the Northstar entities commercial general liability policies:

        a.    QAG0002131-00, policy period 12/3/04 – 10/22/05

---

[1] Many other cases involving similar or identical insurance policy provisions in the context of Chinese drywall have been filed; at least 10 are pending before Judge Fallon. *See Borne v. Liberty Mut. Fire Ins. Co.*, 09-6073; *Van Winkle v. Nautilus Ins. Gp.*, 09-4378; *West v. State Farm Fire & Cas. Co.*, 09-6356; *West v. State Farm Fire & Cas. Co.*, 09-6356; *Louis & Huft v. Interior Exterior Bldg. Supply, LP*, 09-7016; *Silva v. Arch Ins. Co.*, 09-8034; *Bourdon v. Interior Exterior Bldg. Supply, LP*, No. 09-7025; *Dennis v. State Farm Fire & Cas. Co.*, 09-7560; *Pate v. Am. Int'l Specialty Lines Ins. Co.*, 09-7791, *Bourgeiois v. Allstate Indemnity Co.*, 10-00052 (all in E.D. La.). *See* MDL-2047 Docket Nos. 158 & 159, PLC's Notice of Supplemental Authority (Jan. 19, 2010)). http://www.jpml.uscourts.gov/Mats/WinMATS%20Pleadings/2047/MDL%202047%20Pleadings%20158.pdf.

   b.  QNX0006138, policy period 10/22/05 – 10/22/06

  19.  Quanta issued to one or more of the Northstar entities commercial excess liability policies:

   a.  QAX0002132-00, policy period 12/3/04 – 10/22/05

   b.  QNX0006139-00, policy period 10/22/05 – 10/22/06

   c.  QAX0010125, policy period 10/22/06 – 10/22/07

  20.  Axis issued to one or more of the Northstar entities commercial general liability policies:

   a.  EAF72473006, policy period 2/15/06 – 2/15/07

   b.  EAM737440-08, policy period 2/15/08 – 2/15/09

The Subcontractor Insurance Policies

  21.  One or more of the Northstar entities is a named or additional insured under the insurance policies of its drywall subcontractor, Precision Drywall, Inc. that supplied and/or installed Chinese Drywall in the claimants' homes.

  22.  These insurance policies consist of:

| Insurance Company | Policy Number | Period |
| --- | --- | --- |
| Mid-Continent Casualty Company | 04-GL-000657042 | 9/9/06 – 9/9/07 |
| Mid-Continent Casualty Company | 04-GL-000688059 | 9/9/07 – 9/9/08 |
| Mid-Continent Casualty Company | 04-GL-000730055 | 9/9/08 – 9/9/09 |
| Mid-Continent Casualty Company | MSG24989 | 9/9/05 – 9/9/06 |
| Essex Insurance Company | 04SX147476 | 9/9/06 – 9/9/07 |

5

<u>Notice and Failure to Provide Coverage</u>

23.    The Northstar entities timely provided notice under the Insurance Policies.

24.    The Northstar entities have satisfied all conditions precedent and obligations under the Insurance Policies; alternatively, any further efforts to satisfy conditions precedent would be futile.

25.    The Northstar entities have paid substantial sums for the policies, constituting all premiums due thereunder.

26.    The Insurance Companies that issued the Insurance Policies have either denied coverage, repudiated their obligation to provide coverage, or otherwise failed to timely acknowledge their coverage and defense obligations.


**COUNT I**
**DECLARATORY JUDGMENT**

27.    The Northstar entities repeat and reallege paragraphs 1 through 26 above as if fully set forth herein.

28.    Under the terms of the Insurance Policies, the Defendants are obligated to defend and indemnify the Northstar entities in connection with the Underlying Claims.

29.    The Northstar entities have demanded that Defendants perform their contractual obligations under the Insurance Policies, but they have repudiated their contractual obligations.

30.    A justiciable controversy exists as to the coverage afforded under the Insurance Policies.

31.    Accordingly, pursuant to 28 U.S.C. § 2201, the Northstar entities are entitled to a judgment declaring that the Defendants are obligated to defend and indemnify the Northstar entities in connection with the Underlying Claims.

6

## COUNT II
## BREACH OF CONTRACT

32.    The Northstar entities repeat and reallege paragraphs 1 through 26 above as if fully set forth herein.

33.    The Defendants breached the policies by failing to acknowledge coverage for the Underlying Claims and by failing to defend the Northstar entities in the Chinese drywall litigation.

34.    As a result, the Northstar entities have suffered damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

The Northstar entities hereby demand a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Northstar entities demand:

A.    Judgment in the Plaintiffs' favor on Count I, declaring that the Defendants are obligated to defend and indemnify the Northstar entities in connection with the Underlying Claims;

B.    Judgment in the Plaintiffs' favor on Count II, awarding the Plaintiffs damages in an amount to be determined at trial;

C.    Pre- and post-judgment interest;

D.    Attorney's fees;

E.    Costs; and

7

F.     Any and all such further relief as this Court deems just and proper.

DATED: February 12, 2010

Respectfully submitted,

BROAD and CASSEL

/s/ Michael K. Wilson
Florida Bar No. 657069
mkwilson@broadandcassel. com
390 N. Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
*Attorneys for Northstar Holdings, Inc., Northstar*
*Homes, Inc.  and Northstar Holdings at B&A,*
*LLC*

8

# EXHIBIT D



| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List .    Next on List    Return To List

Events    No Name History

Entity Name Search

Submit

# Detail by Entity Name

## Florida Limited Liability Company

DISTINCTIVE FINISHES, L.L.C.

## Filing Information

| | |
|---|---|
| Document Number | L98000002721 |
| FEI/EIN Number | 650876132 |
| Date Filed | 11/17/1998 |
| State | FL |
| Status | INACTIVE |
| Last Event | ADMIN DISSOLUTION FOR ANNUAL REPORT |
| Event Date Filed | 09/24/2010 |
| Event Effective Date | NONE |

## Principal Address

14630 PALM BEACH BLVD. #3
PMB #221
FORT MYERS FL 33905 US

Changed 06/30/2009

## Mailing Address

14630 PALM BEACH BLVD. #3
PMB #221
FORT MYERS FL 33905 US

Changed 06/30/2009

## Registered Agent Name & Address

COX, JOE B ESQ.
C/O COX & NICI 1185 IMMOKALEE ROAD
SUITE 110
NAPLES FL 34110 US

Name Changed: 10/27/2006

Address Changed: 10/27/2006

## Manager/Member Detail

**Name & Address**

Title MGR

QUILLEN, ROBERT J
22920 N. RIVER RD.
ALVA FL 33920 US

## Annual Reports

**Report Year Filed Date**

| 2007 | 10/05/2007 |
|------|-----------|
| 2008 | 04/23/2008 |
| 2009 | 06/30/2009 |

## Document Images

| | |
|---|---|
| 06/30/2009 -- ANNUAL REPORT | View image in PDF format |
| 04/23/2008 -- ANNUAL REPORT | View image in PDF format |
| 10/05/2007 -- REINSTATEMENT | View image in PDF format |
| 10/27/2006 -- REINSTATEMENT | View image in PDF format |
| 08/18/2005 -- Amendment | View image in PDF format |
| 04/21/2005 -- ANNUAL REPORT | View image in PDF format |
| 09/20/2004 -- ANNUAL REPORT | View image in PDF format |
| 03/24/2003 -- ANNUAL REPORT | View image in PDF format |
| 10/23/2002 -- ANNUAL REPORT | View image in PDF format |
| 01/29/2001 -- ANNUAL REPORT | View image in PDF format |
| 04/21/2000 -- ANNUAL REPORT | View image in PDF format |
| 05/03/1999 -- ANNUAL REPORT | View image in PDF format |
| 11/17/1998 -- Florida Limited Liabilites | View image in PDF format |

**Note:** This is not official record. See documents if question or conflict.

Previous on List    Next on List    Return To List

Events    No Name History

Entity Name Search

Submit

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright © and Privacy Policies
State of Florida, Department of State



| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List    Next on List    Return To List

Events    No Name History

Entity Name Search

Submit

# Detail by Entity Name

## Florida Profit Corporation

RESIDENTIAL DRYWALL, INC.

## Filing Information

| | |
|---|---|
| Document Number | P98000074453 |
| FEI/EIN Number | 593531320 |
| Date Filed | 08/26/1998 |
| State | FL |
| Status | INACTIVE |
| Last Event | ADMIN DISSOLUTION FOR ANNUAL REPORT |
| Event Date Filed | 09/24/2010 |
| Event Effective Date | NONE |

## Principal Address

9237 LAZY LANE
TAMPA FL 33614

Changed 08/07/2002

## Mailing Address

P. O. BOX 273449
TAMPA FL 33688

Changed 01/19/2005

## Registered Agent Name & Address

FAIR, ANDREA M ESQ
1010 N. FLORIDA AVENUE
TAMPA FL 33602 US

Address Changed: 03/02/2006

## Officer/Director Detail

**Name & Address**

Title DPT

MOBLEY, MICHAEL C
2818 SAFE HARBOR DRIVE
TAMPA FL 33618

Title VP

PHILLIAN-SANCHEZ, ANGELA
P.O. BOX 273449
TAMPA FL 33688

Title S

SHEETS, KIM
P.O. BOX 273449
TAMPA FL 33688

## Annual Reports

**Report Year Filed Date**

| | |
|---|---|
| 2008 | 02/04/2008 |
| 2008 | 09/18/2008 |
| 2009 | 01/31/2009 |

## Document Images

| | |
|---|---|
| 01/31/2009 -- ANNUAL REPORT | View image in PDF format |
| 09/18/2008 -- ANNUAL REPORT | View image in PDF format |
| 02/04/2008 -- ANNUAL REPORT | View image in PDF format |
| 02/07/2007 -- ANNUAL REPORT | View image in PDF format |
| 03/02/2006 -- Reg. Agent Change | View image in PDF format |
| 01/23/2006 -- ANNUAL REPORT | View image in PDF format |
| 06/17/2005 -- Reg. Agent Change | View image in PDF format |
| 01/19/2005 -- ANNUAL REPORT | View image in PDF format |
| 07/12/2004 -- ANNUAL REPORT | View image in PDF format |
| 04/16/2003 -- ANNUAL REPORT | View image in PDF format |
| 04/16/2002 -- ANNUAL REPORT | View image in PDF format |
| 01/29/2001 -- ANNUAL REPORT | View image in PDF format |
| 02/17/2000 -- ANNUAL REPORT | View image in PDF format |
| 04/15/1999 -- ANNUAL REPORT | View image in PDF format |
| 08/26/1998 -- Domestic Profit | View image in PDF format |

**Note:** This is not official record. See documents if question or conflict.

| | | | |
|---|---|---|---|
| Previous on List | Next on List | Return To List | Entity Name Search |
| Events | No Name History | | Submit |

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright © and Privacy Policies
State of Florida, Department of State



| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |
|------|-----------|-------------------|-------------------|-------|------|

Previous on List    Next on List    Return To List

Events    Name History

Entity Name Search

Submit

# Detail by Entity Name

## Florida Profit Corporation

1ST CHOICE CONSTRUCTION, INC.

## Filing Information

| | |
|---|---|
| Document Number | P00000062227 |
| FEI/EIN Number | 593653518 |
| Date Filed | 06/23/2000 |
| State | FL |
| Status | INACTIVE |
| Last Event | VOL DISSOLUTION OF INACTIVE CORP |
| Event Date Filed | 01/12/2010 |
| Event Effective Date | NONE |

## Principal Address

241 31ST SE.
NAPLES FL 34117

Changed 02/12/2004

## Mailing Address

P.O. BOX 367149
BONITA SPRINGS FL 34136

Changed 11/04/2005

## Registered Agent Name & Address

ZAPATA, IGNACIO G
10999 GOODWIN ST
BONITA SPRINGS FL 34135 US

Address Changed: 03/06/2007

## Officer/Director Detail

**Name & Address**

Title P

ZAPATA, IGNACIO G
10999 GOODWIN ST
BONITA SPRINGS FL 34135

Title VP

MONTANE, JUAN C
10999 GOODWIN ST
BONITA SPRINGS FL 34135

Title S

ZAPATA, MARIA A
10999 GOODWIN ST
BONITA SPRINGS FL 34135

Title T

VINCE, CORDERO
10999 GOODWIN ST
BONITA SPRINGS FL 34135

## Annual Reports

| Report Year | Filed Date |
|-------------|------------|
| 2006        | 04/27/2006 |
| 2007        | 03/06/2007 |
| 2008        | 01/31/2008 |

## Document Images

| | |
|---|---|
| 01/12/2010 -- Vol. Diss. of Inactive Corp. | View image in PDF format |
| 01/31/2008 -- ANNUAL REPORT | View image in PDF format |
| 03/06/2007 -- ANNUAL REPORT | View image in PDF format |
| 04/27/2006 -- ANNUAL REPORT | View image in PDF format |
| 11/04/2005 -- REINSTATEMENT | View image in PDF format |
| 01/10/2005 -- Amendment | View image in PDF format |
| 06/09/2004 -- Name Change | View image in PDF format |
| 05/06/2004 -- Amendment | View image in PDF format |
| 02/12/2004 -- ANNUAL REPORT | View image in PDF format |
| 08/25/2003 -- REINSTATEMENT | View image in PDF format |
| 02/07/2002 -- Amendment | View image in PDF format |
| 06/22/2001 -- ANNUAL REPORT | View image in PDF format |
| 06/23/2000 -- Domestic Profit | View image in PDF format |

Note: This is not official record. See documents if question or conflict.

Previous on List    Next on List    Return To List

Events    Name History

Entity Name Search

Submit

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright © and Privacy Policies
State of Florida, Department of State

# P000000062227

(Requestor's Name)

(Address)

(Address)

(City/State/Zip/Phone #)

[ ] PICK-UP    [ ] WAIT    [ ] MAIL

(Business Entity Name)

(Document Number)

Certified Copies _____    Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



500163996315

01/12/10--01023--018  **35.00

2010 JAN 12 PM 2: 54
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

FILED

Diss.

TB    JAN 1 4 2010

## COVER LETTER

**TO:**  Amendment Section
Division of Corporations

**SUBJECT:** VOLUNTARY DISSOLUTION

**DOCUMENT NUMBER:** P00000062227

The enclosed **Articles of Dissolution** and fee are submitted for filing.

Please return all correspondence concerning this matter to the following:

IGNACIO G ZAPATA
_____
(Name of Contact Person)

1ST CHOICE CONSTRUCTION, INC.
_____
(Firm/Company)

10999 GOODWIN ST
_____
(Address)

BONITA SPRING  FL, 34135
_____
(City/State and Zip Code)

For further information concerning this matter, please call:

IGNACIO G ZAPATA                    at ( 239  ) 450·2359.
_____
(Name of Contact Person)        (Area Code & Daytime Telephone Number)

Enclosed is a check for the following amount:

☑$35 Filing Fee  ☐$43.75 Filing Fee &  ☐$43.75 Filing Fee &  ☐$52.50 Filing Fee,
Certificate of Status    Certified Copy     Certificate of Status &
(Additional copy is      Certified Copy
enclosed)                (Additional copy is
enclosed)

**MAILING ADDRESS:**                    **STREET ADDRESS:**
Amendment Section                        Amendment Section
Division of Corporations                 Division of Corporations
P.O. Box 6327                            Clifton Building
Tallahassee, FL 32314                    2661 Executive Center Circle
                                         Tallahassee, FL 32301

# ARTICLES OF DISSOLUTION

Pursuant to section 607.1403, Florida Statutes, this Florida profit corporation submits the following articles of dissolution:

FIRST: The name of the corporation as currently filed with the Florida Department of State:

**1ST CHOICE CONSTRUCTION, INC.**

SECOND: The document number of the corporation (if known): **P00000062227**

THIRD: The date dissolution was authorized: **07/17/2009**

Effective date of dissolution if applicable: **07/17/2009**

(no more than 90 days after dissolution file date)

FOURTH: Adoption of Dissolution (CHECK ONE)

☑ Dissolution was approved by the shareholders. The number of votes cast for dissolution was sufficient for approval.

☐ Dissolution was approved by the shareholders through voting groups.

*The following statement must be separately provided for each voting group entitled to vote separately on the plan to dissolve:*

The number of votes cast for dissolution was sufficient for approval by

_____
(voting group)

Signature: _____

(By a director, president or other officer - if directors or officers have not been selected - by an incorporator - if in the hands of a receiver, trustee, or other court appointed fiduciary - by that fiduciary)

**IGNACIO G ZAPATA**
_____
(Typed or printed name of person signing)

**PRESIDENT**
_____
(Title of person signing)

**Filing Fee: $35**



| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List      Next on List      Return To List

Events                 Name History

Entity Name Search

Submit

# Detail by Entity Name

## Florida Limited Liability Company

BETA DRYWALL, LLC

## Filing Information

| | |
|---|---|
| Document Number | L06000039433 |
| FEI/EIN Number | 900146232 |
| Date Filed | 04/14/2006 |
| State | FL |
| Status | INACTIVE |
| Last Event | ADMIN DISSOLUTION FOR REGISTERED AGENT |
| Event Date Filed | 02/18/2010 |
| Event Effective Date | NONE |

## Principal Address

6586 HYPOLUXO RD. #306
LAKE WORTH FL 33467

Changed 06/10/2009

## Mailing Address

6586 HYPOLUXO RD. #306
LAKE WORTH FL 33467

Changed 06/10/2009

## Registered Agent Name & Address

None

FL US

Registered Agent Resigned: 11/20/2009

## Manager/Member Detail

**Name & Address**

Title MGRM

FELDMAN, STEPHEN
5 SOUNDVIEW LANE
GREAT NECK NY 11024

Title MGRM

WATKINS, MICHAEL B
572 EAST SILVER CLOUD PLACE
ORO VALLEY AZ 85737

## Annual Reports

**Report Year Filed Date**

| | |
|---|---|
| 2007 | 02/15/2007 |
| 2008 | 07/18/2008 |
| 2009 | 04/20/2009 |

## Document Images

| | |
|---|---|
| 02/18/2010 -- Admin. Diss. for Reg. Agent | View image in PDF format |
| 11/20/2009 -- Reg. Agent Resignation | View image in PDF format |
| 04/20/2009 -- ANNUAL REPORT | View image in PDF format |
| 07/18/2008 -- ANNUAL REPORT | View image in PDF format |
| 02/15/2007 -- ANNUAL REPORT | View image in PDF format |
| 08/28/2006 -- LC Name Change | View image in PDF format |
| 04/14/2006 -- Florida Limited Liability | View image in PDF format |

**Note:** This is not official record. See documents if question or conflict.

| | | | |
|---|---|---|---|
| Previous on List | Next on List | Return To List | Entity Name Search |
| Events | Name History | | Submit |

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright © and Privacy Policies
State of Florida, Department of State



FLORIDA DEPARTMENT OF STATE
DIVISION OF CORPORATIONS

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List    Next on List    Return To List

Events    No Name History

Entity Name Search

Submit

# Detail by Entity Name

## Florida Limited Liability Company

STEVEN SWEET DRYWALL L.L.C.

## Filing Information

Document Number    L03000051980
FEI/EIN Number     562422848
Date Filed         12/01/2003
State              FL
Status             INACTIVE
Last Event         ADMIN DISSOLUTION FOR ANNUAL REPORT
Event Date Filed   09/26/2008
Event Effective Date NONE

## Principal Address

15511 WETSTONE DR
TAMPA FL 33613

Changed 05/10/2005

## Mailing Address

P.O. BOX 273902
TAMPA FL 33688

Changed 05/10/2005

## Registered Agent Name & Address

SWEET, STEVEN
15511 WETSTONE DR.
TAMPA FL 33613 US

Address Changed: 05/10/2005

## Manager/Member Detail

### Name & Address

Title MGR

SWEET, STEVEN
15511 WETSTONE DR
TAMPA FL 33613

Title MGRM

SWEET, MRYA M
15511 WETSTONE DR
TAMPA FL 33613

## Annual Reports

**Report Year Filed Date**
2005      05/10/2005
2006      05/18/2006
2007      07/05/2007

## Document Images

07/05/2007 -- ANNUAL REPORT          View image in PDF format

05/18/2006 -- ANNUAL REPORT          View image in PDF format

05/13/2005 -- Amendment              View image in PDF format

05/10/2005 -- ANNUAL REPORT          View image in PDF format

05/04/2004 -- ANNUAL REPORT          View image in PDF format

12/01/2003 -- Florida Limited Liabilites    View image in PDF format

**Note:** This is not official record. See documents if question or conflict.

Previous on List      Next on List      Return To List                    Entity Name Search

Events              No Name History                                      Submit

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright © and Privacy Policies
State of Florida, Department of State



| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List    Next on List    Return To List

Events          No Name History

Entity Name Search

Submit

# Detail by Entity Name

## Florida Profit Corporation

S.D. & ASSOCIATES, INC.

## Filing Information

| | |
|---|---|
| Document Number | P92000012627 |
| FEI/EIN Number | 650376146 |
| Date Filed | 12/16/1992 |
| State | FL |
| Status | INACTIVE |
| Last Event | VOLUNTARY DISSOLUTION |
| Event Date Filed | 06/17/2010 |
| Event Effective Date | NONE |

## Principal Address

4731 S.W. 83RD TERRACE
BAY 1
DAVIE FL 33328

## Mailing Address

PO BOX 350493
FORT LAUDERDALE FL 33335

Changed 04/26/2010

## Registered Agent Name & Address

DZIKOWSKI, STEPHEN J
4731 S.W. 83RD TERRACE
BAY 1
DAVIE FL 33328 US

## Officer/Director Detail

**Name & Address**

Title D

DZIKOWSKI, STEPHEN J
4731 S.W. 83RD TERRACE
DAVIE FL 33328

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2008 | 03/24/2008 |
| 2009 | 03/25/2009 |
| 2010 | 04/26/2010 |

www.sunbiz.org - Department of State                                                    Page 2 of 2

## Document Images

06/17/2010 -- Voluntary Dissolution    View image in PDF format

04/26/2010 -- ANNUAL REPORT    View image in PDF format

03/25/2009 -- ANNUAL REPORT    View image in PDF format

03/24/2008 -- ANNUAL REPORT    View image in PDF format

04/06/2007 -- ANNUAL REPORT    View image in PDF format

04/03/2006 -- ANNUAL REPORT    View image in PDF format

04/20/2005 -- ANNUAL REPORT    View image in PDF format

02/23/2004 -- ANNUAL REPORT    View image in PDF format

04/21/2003 -- ANNUAL REPORT    View image in PDF format

01/24/2002 -- ANNUAL REPORT    View image in PDF format

02/01/2001 -- ANNUAL REPORT    View image in PDF format

01/24/2000 -- ANNUAL REPORT    View image in PDF format

02/20/1999 -- ANNUAL REPORT    View image in PDF format

01/15/1998 -- ANNUAL REPORT    View image in PDF format

08/18/1997 -- ANNUAL REPORT    View image in PDF format

04/17/1996 -- ANNUAL REPORT    View image in PDF format

04/27/1995 -- ANNUAL REPORT    View image in PDF format

**Note:** This is not official record. See documents if question or conflict.

Previous on List     Next on List     Return To List     Entity Name Search

Events     No Name History     Submit

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright © and Privacy Policies
State of Florida, Department of State

P92000012427

(Requestor's Name)

(Address)

(Address)

(City/State/Zip/Phone #)

☐ PICK-UP    ☐ WAIT    ☐ MAIL

(Business Entity Name)

(Document Number)

Certified Copies _____    Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only.



200182050452

200182050452
06/17/10--01024--015  **49.75

FILED
SECRETARY OF STATE
TALLAHASSEE, FLORIDA
10 JUN 17 AM 10: 30

AM DISS/CC
(a  6/18/10

## COVER LETTER

**TO:** Amendment Section
Division of Corporations

**SUBJECT:** Articles of Dissolution

**DOCUMENT NUMBER:** P92000012627

The enclosed **Articles of Dissolution** and fee are submitted for filing.

Please return all correspondence concerning this matter to the following:

Steve Dzikowski
(Name of Contact Person)

S.D. & Associates Inc.
(Firm/Company)

P.O. Box 350493
(Address)

Ft. Lauderdale FL 33335
(City/State and Zip Code)

For further information concerning this matter, please call:

Steve Dzikowski at ( 954 ) 325 - 6989
(Name of Contact Person)　　　(Area Code & Daytime Telephone Number)

Enclosed is a check for the following amount:

☐ $35 Filing Fee　☐ $43.75 Filing Fee &　☑ $43.75 Filing Fee &　☐ $52.50 Filing Fee,
　　　　　　　　Certificate of Status　Certified Copy　Certificate of Status &
　　　　　　　　　　　　　　　　(Additional copy is　Certified Copy
　　　　　　　　　　　　　　　　enclosed)　　　　(Additional copy is
　　　　　　　　　　　　　　　　　　　　　　　enclosed)

**MAILING ADDRESS:**　　　　　　　　　**STREET ADDRESS:**
Amendment Section　　　　　　　　　　Amendment Section
Division of Corporations　　　　　　　　Division of Corporations
P.O. Box 6327　　　　　　　　　　　　Clifton Building
Tallahassee, FL 32314　　　　　　　　　2661 Executive Center Circle
　　　　　　　　　　　　　　　　　　Tallahassee, FL 32301

# ARTICLES OF DISSOLUTION

Pursuant to section 607.1403, Florida Statutes, this Florida profit corporation submits the following articles of dissolution:

FIRST:   The name of the corporation as currently filed with the Florida Department of State:

S. D. & Associates, Inc.

SECOND:   The document number of the corporation (if known): P 92 0 0 0 0 6 6 9 7

THIRD:   The date dissolution was authorized: June 8, 2010

Effective date of dissolution if applicable: _____
(no more than 90 days after dissolution file date)

FOURTH:   Adoption of Dissolution (CHECK ONE)

[✓] Dissolution was approved by the shareholders. The number of votes cast for dissolution was sufficient for approval.

[ ] Dissolution was approved by the shareholders through voting groups.

*The following statement must be separately provided for each voting group entitled to vote separately on the plan to dissolve:*

The number of votes cast for dissolution was sufficient for approval by

_____
(voting group)

Signature: _____

(By a director, president or other officer – If directors or officers have not been selected, by an incorporator – If in the hands of a receiver, trustee, or other court appointed fiduciary, by that fiduciary)

Stephen Dzikowski
(Typed or printed name of person signing)

President
(Title of person signing)

**Filing Fee: $35**

FILED
SECRETARY OF STATE
TALLAHASSEE, FLORIDA
10 JUN 17 AM 10: 30