UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2:09-md-02047 |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * * | MAGISTRATE WILKINSON |
| SEAN AND BETH PAYTON, et al VS. KNAUF GIPS, et al CASE NO. 2:09-cv-7628 | * * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND DEFENSES OF JOHN KORN BUILDERS, LLC TO THE AMENDED OMNIBUS CLASS ACTION COMPLAINT (I)[1]

**NOW INTO COURT** comes Defendant, John Korn Builders, LLC, by and through its attorneys at Galloway, Johnson, Tompkins, Burr & Smith, and files its Answer and Defenses to Plaintiffs' Amended Omnibus Class Action Complaint (I) (hereinafter "Complaint") as follows:

### FIRST DEFENSE

John Korn Builders affirmatively states the Plaintiffs have failed to state a claim against John Korn Builders upon which relief may be granted, and therefore, the Complaint should be dismissed against John Korn Builders pursuant to Rule 12(b)(6); additionally, John Korn Builders reserves its right to plead any affirmative defense hereinafter discovered under Rule 8 and/or Rule 12 of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

John Korn Builders affirmatively states that Plaintiffs have failed to mitigate their alleged damages, if any.

---

[1] Also referred to as "Supplement to Class Action Complaint (I)".

## THIRD DEFENSE

John Korn Builders specifically avers that Plaintiffs contributed and/or caused their own damages, if any, and as such, Plaintiffs' damages should be barred or reduced in relation thereto.

## FOURTH DEFENSE

John Korn Builders specifically avers that Plaintiffs' damages, if any, were proximately caused by independent, intervening, or superseding causes for which John Korn Builders is not liable.

## FIFTH DEFENSE

John Korn Builders specifically avers it complied with all applicable statutes, rules, codes, regulations, and duties of care at all time relevant to this action.

## SIXTH DEFENSE

John Korn Builders entered into a contract with only one Plaintiff, Marshall Eleuterius. Therefore, any claims made by any other Plaintiffs should be stricken as those Plaintiffs have failed to state any claim against John Korn Builders upon which relief may be granted.

## SEVENTH DEFENSE

John Korn Builders specifically avers that it is not liable, legally or contractually, for Plaintiffs' damages, if any damages exist. Specifically, Marshall and Tasha Eleuterius independently purchased drywall for placement in their home: John Korn Builders did not select, recommend, purchase or supply any defective drywall for any person or entity.

## EIGHTH DEFENSE

John Korn Builders specifically denies that it breached any standard of care. Furthermore, to the extent John Korn Builders owed any Plaintiff any duties, John Korn Builders specifically avers that any such duties were not breached.

## NINETH DEFENSE

John Korn Builders affirmatively states that none of its actions or inactions is the proximate cause of any of the Plaintiffs' damages, if any damages exist.

## TENTH DEFENSE

John Korn Builders affirmatively states that it did not breach any warranty to any Plaintiff, and, specifically, it did not breach any warranty given to Marshall Eleuterius and/or his family. Specifically, John Korn Builders did not warrant that the drywall purchased independently by Marshall and Tasha Eleuterius was free from defects or fit for its intended use/purpose.

## ELEVENTH DEFENSE

John Korn Builders affirmatively states that it did not build any homes in Florida, Louisiana, Alabama, North Carolina, Virginia, or Texas, or any other state, and therefore, any allegations brought under the laws of those states should be stricken.

## TWELFTH DEFENSE

John Korn Builders affirmatively states that all or some of Plaintiffs' claims have prescribed.

## THIRTEENTH DEFENSE

John Korn Builders affirmatively states the Complaint is premature because no plaintiff provided John Korn Builders with builder written notice and a reasonable opportunity to comply as provided for in the Mississippi New Home Warranty Act, Miss. Code Ann. § 83-58-7.

## FOURTEENTH DEFENSE

John Korn Builders affirmatively states that Plaintiffs have failed to state a claim upon which relief may be granted under the Mississippi New Home Warranty Act, Miss. Code Ann. §

83-58-1, *et. seq.*, because 1) no home built by John Korn Builders was non-compliant with the building standards, 2) Plaintiffs have not alleged a major structural defect due to noncompliance with building standards, and 3) the Act excludes any defect in, or any defect caused by, materials or work supplied by anyone other than the builder, or any employee, agent or subcontractor of the builder.

**FIFTEENTH DEFENSE**

John Korn Builders affirmatively states Plaintiffs have failed to state a claim for strict liability against it upon which relief may be granted, because John Korn Builders is not a manufacturer or in the business of selling drywall.

**SIXTEENTH DEFENSE**

John Korn Builders affirmatively states that it is not an expert in drywall and did not know and had no way of knowing that drywall purchased by Plaintiffs and installed by others was defective; furthermore, John Korn Builders had no duty to inspect the drywall for latent defects.

**SEVENTEENTH DEFENSE**

John Korn Builders affirmatively states that Plaintiffs have failed to state a claim for violation of the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et. seq.*

**EIGHTEENTH DEFENSE**

John Korn Builders affirmatively states that the Complaint is premature because Plaintiffs failed to attempt to resolve their claims under the Mississippi Consumer Protection Act through an informal dispute settlement program approved by the Attorney General as provided for in Miss. Code Ann. 75-24-15(2).

### NINETEENTH DEFENSE

John Korn Builders affirmatively states that it did not violate the Mississippi Consumer Protection Act, Miss. Code Ann § 75-24-1, *et. seq.*, because it made no representations or misrepresentations regarding the drywall purchased by Plaintiffs and installed by others.

### TWENTIETH DEFENSE

John Korn Builders affirmatively states that it is not liable to Plaintiffs for any punitive or exemplary damages.

### TWENTY-FIRST DEFENSE

John Korn Builders affirmatively states Plaintiffs' claim for punitive damages violates John Korn Builders' rights under the United States Constitution because:

(1) The standard for an award of punitive damages is vague and indefinite in that it does not give this Defendant fair notice of the kind of conduct that was subjected to punishment or the severity of the penalty that the state may impose;

(2) The jury does not provide standards of sufficient clarity, objectivity and uniformity for determining either the appropriateness or the amount of a punitive damage award;

(3) The jury is not instructed on the limits of punitive damage awards by the applicable principles of punishment and deterrents;

(4) An award of punitive damages is not subject to judicial review on the basis of objective and uniform standards;

(5) Plaintiffs' claims exceed legitimate interests of the State of Mississippi and punishing conduct in deterring repetition of conduct;

(6) Plaintiffs' claims are grossly excessive in comparison to any civil or criminal penalty that would be imposed for comparable conduct;

(7) There is no basis to infer that a lesser deterrent would not fully and adequately protect the interest of Mississippi citizens; and

(8) Plaintiffs' claims would impose an undue burden on interstate commerce.

## TWENTY-SECOND DEFENSE

John Korn Builders did not have any involvement in the sale, selection or installation of drywall in Plaintiffs' home. Furthermore, John Korn Builders did not breach any duty, contract or warranty, nor did it make any misrepresentations of any kind. Because Plaintiffs' claims against John Korn Builders are meritless, John Korn Builders should be awarded its attorney's fees, costs and expenses in defending this frivolous action.

## TWENTY-THIRD DEFENSE

By answering the allegations of the Amended Complaint, this Answer does not admit any wrongdoing with regard to this matter, and to the contrary, John Korn Builders specifically denies any and all wrongdoing. This Answer specifically denies each material allegation of the Amended Complaint which is not heretofore admitted, regardless of paragraph number or lack thereof.

## TWENTY-FOURTH DEFENSE – ANSWER

**AND NOW**, in response to the specific allegations of Plaintiffs' Amended Complaint, John Korn Builders incorporates herein by reference all responses and defenses to each allegation of the original Complaint and responds to the amendments and additional allegations as follows:

## Amendments to Specific Allegations

None of the amendments to specific allegations listed in *Exhibit "E"—Paragraph-By-Paragraph Amendments to Plaintiffs' Omnibus Class Action Complaint (I)* require a response from this Defendant. To the extent a response is required, same are denied for lack of sufficient information to justify a belief therein, except to state that John Korn Builders agrees that the allegations contained in Paragraph 1464 pertaining to Gregory and Elizabeth Eleuterius are deemed stricken and replaced with "Intentionally left blank."

## Additional Allegations to be Deemed Part of the Amended Complaint

4(a). The allegations contained in Paragraph 4(a) do not require a response from this Defendant; however, to the extent a response is necessary, they are denied for lack of sufficient information to justify a belief therein.

2617(a). The allegations contained in Paragraph 2617(a) are denied.

2617(b). The allegations contained in Paragraph 2617(b) are denied.

2617(c). The allegations contained in Paragraph 2617(c) are denied.

2620(a). The allegations contained in Paragraph 2620(a) are denied.

2620(b). The allegations contained in Paragraph 2620(b) do not require a response from this defendant; however, to the extent a response is necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

2620(c). The allegations contained in Paragraph 2620(c) do not require a response from this defendant; however, to the extent a response is necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

2620(d). The allegations contained in Paragraph 2620(d) are denied.

2620(e). The allegations contained in Paragraph 2620(e) do not require a response from this defendant; however, to the extent a response is necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

**WHEREFORE,** Defendant, John Korn Builders, LLC, prays its Answer and Defenses to the Amended Complaint be deemed good and sufficient and, after a jury trial had, the Amended Complaint filed on behalf of the Plaintiffs be dismissed, with prejudice, and for all further general and equitable relief, to which this Defendant is entitled and which this Honorable Court is competent to grant.

        Respectfully submitted,

        GALLOWAY, JOHNSON, TOMPKINS,
        BURR & SMITH

    By:  /s/ KEVIN L. COLE
        KEVIN L. COLE, LA Bar No. 04248

**KEVIN L. COLE, LA Bar No. 04248**
Email: kcole@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
#3 Sanctuary Boulevard – Suite 301
Mandeville, Louisiana 70471
Phone: (985) 674-6680
Facsimile: (985) 674-6681
*Attorneys for John Korn Builders, LLC*

-and-

**LARRY CANADA, LA Bar No. 17894**
Email: lcanada@gjtbs.com
**KATHRYN BREARD PLATT, LA Bar No. 29776**
Email: kplatt@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Phone: (504) 525-6802
Facsimile: (504) 525-2456
*Attorneys for John Korn Builders, LLC*

## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman and Leonard Davis, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, New Orleans, Louisiana 70113, rherman@hhkc.com and Ldavis@hhkc.com and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163, kmiller@frilot.com, by U.S. Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with procedures established in MDL 2047, on this 20TH day of OCTOBER, 2010.

/s/   Kevin L. Cole
KEVIN L. COLE, LA Bar No. 04248