UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| | * | SECTION: L |
| | * | |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| | * | |
| ALL CASES | * | MAG. JUDGE WILKINSON |

*VEREEN* **CLASS MEMBERS' MEMORANDUM IN OPPOSITION TO PSC'S MOTION TO ENJOIN STATE COURT PROCEEDINGS IN MUSCOGEE COUNTY, GEORGIA**

INTRODUCTION

In this MDL, the Plaintiffs' Steering Committee ("PSC") filed a Motion asking this Court to enter an extraordinary order enjoining a state court in Georgia from proceeding to adjudicate the adequacy and fairness of a Class Action Settlement (the "Settlement") that was preliminarily approved on July 27, 2010 by the Georgia court in *Vereen v. Lowe's Home Centers, Inc.*, Case No. SU10-cv-2267B (Super. Ct. Muscogee Cty.) (the "*Vereen* action"). The PSC's Motion seeks to sweep aside months of legitimate, expensive, and time consuming settlement efforts and would deny millions of dollars of benefits to Settlement Class members. The PSC's Motion, would nullify not only a Class Action Settlement but also a class notice process which has been in process for over a month, beginning on August 26, 2010, which has and will provide notice of the *Vereen* settlement to thousands of claimants.

As a matter of law, the relief sought by PSC in this Motion is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283, which *restricts* the All Writs Act and "is designed

to preclude unseemly interference with state court proceedings."[1] The Anti-Injunction Act bars a federal court from enjoining a state court, or enjoining parties from participating in a state court action, subject to three narrow exceptions, none of which apply here. No federal court has ever held that an exception to the Anti-Injunction Act exists to enjoin a state court from proceeding with a class action settlement under circumstances similar to those presented here. The fact that this action may have been filed before the state court action creates no such exception. Even a cursory review of the authorities cited by the PSC does not support an injunction; as this Court has not certified a class, preliminarily approved a settlement, or issued any order which would preclude the parties from settling their claims and there is no *federal* settlement pending in this action that needs to be "protected" under the All Writs Act. Indeed, there have been no class settlement negotiations in this action at all. Nor is there any final judgment in this action that could justify post-judgment injunctive relief. PSC's Motion plainly asks this Court to violate a federal statute without justifiable legal support.

Moreover, the reasons proffered by the PSC as to why the Settlement purportedly threatens the jurisdiction of this Court do not withstand analysis and do not justify use of the All Writs Act. First, the PSC contends that the *Vereen* Settlement is "a competing and conflicting" action which "erodes this MDL Court's coordinated and consistent supervision over and management of the Chinese drywall litigation."[2] Additionally, the

---

[1] *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1100 (9th Cir. 2008) (reversing injunction which prohibited defendant companies from negotiating settlement with plaintiffs' counsel in other actions); *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) (Anti-Injunction Act creates "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions").

[2] *See* Plaintiffs' Steering Committee's Memorandum of Law in Support of Its Motion to Enjoin Conflicting State Court Proceedings in Muscogee County, Georgia That Interfere With This Court's Continuing Jurisdiction Over This Litigation ("PSC's Motion" at 3 and 6).

PSC states that "[t]his [the *Vereen* action] includes and overlaps with **all of the putative class members** in the Various Omni class actions already pending before this Court" and "[t]he Georgia action **includes all of the plaintiffs before this Court in MDL 2047.**"[3] (emphasis added). Nothing could be farther from the truth. Candidly, of the thousands of plaintiffs involved in the Chinese drywall MDL, there are only three MDL plaintiffs who have filed claims against Lowe's. Notably, none of the three have been able to substantiate the existence of Lowe's supplied Chinese drywall in their homes. Most importantly, even if these three MDL plaintiffs are able to prove that their homes have Chinese drywall from Lowe's, they have the option of opting out the *Vereen* settlement and proceeding with their respective claims through the MDL proceedings.

Notably, *Vereen* is simply not a Chinese drywall case. *Vereen* is a defective domestic-drywall case which will affect a miniscule number of Chinese drywall claims in the MDL against a single defendant – Lowe's. Significantly, the minority of Chinese drywall claimants which may be affected by *Vereen* can simply opt-out of the settlement. Even if these claimants choose not to opt out of the *Vereen* settlement, they still maintain any and all claims against any other responsible defendants included in the MDL proceeding. Moreover, should this Court enjoin the *Vereen* action, it would essentially deny settlement of thousands of non-Chinese drywall claims which could never be part of the Chinese drywall MDL. To infringe upon the rights the *Vereen* class members to resolve their non-Chinese drywall claims in order to protect a small number of unrelated, tenuous Chinese drywall claimants, who can simply opt out of the *Vereen* Settlement, is nonsensical and prohibited by the Anti-Injunction Act.

---

[3] *See* PSC's Motion at 4 and 9.

Similarly, unsupportable is the PSC's second argument that the Settlement purports to divest this Court of its existing jurisdiction or its ability to manage and adjudicate the case or controversy before it. Nothing in the Settlement "threatens" this Court's jurisdiction or justifies relief under the All Writs Act.

In sum, the PSC's Motion is prohibited by the Anti-Injunction Act, and the case law which the PSC cites is not remotely on point. All of the PSC's principal arguments in support of an injunction fail. The record is clear that the Settlement was negotiated at arm's length over a period of many months. Contrary to the PSC's Motion, the parties in this case are free to negotiate settlement with parties and counsel in other cases, and the PSC has no right to use the All Writs Act to obstruct or interfere with the approval process of a legitimate class action settlement achieved in another case. Consequently, the PSC's Motion to Enjoin the *Vereen* Settlement should unquestionably be denied.

### A. The *Vereen* Settlement Benefits

The Settlement was negotiated over a period of more than six months in an adversarial setting and provides $6,500,000.00 of valuable benefits to Settlement Class members. Settlement Class members will receive: (1) a total settlement value of up to $4,500.00, which includes a $2,500.00 cash benefit and a $2,000.00 Lowe's branded gift card, with proof of purchase of defective drywall from Lowe's and damages to real property or personal injury; (2) a Lowe's branded Gift Card valued at $250.00 with proof of purchase of defective drywall from Lowe's but no proof of damages; and (3) a Lowe's branded Gift Card valued at $50.00 for those Settlement Class members who timely submit a claim form but who do not submit proof of purchase of defective drywall from

Lowe's.[4] The *Vereen* Settlement agreement also provides class counsel with a $1 million to be used for implementing the Notice plan and to pay the Settlement Administrator for all claims administration processes and allows for attorneys' fees not to exceed one-third of the maximum aggregate class fund amount.[5]

### B. The Preliminary Approval Order And Notice To The Settlement Class

On July 27, 2010, the *Vereen* Court entered a Preliminary Approval Order approving a nationwide, class action settlement of all claims asserted against Lowe's relating to defective drywall. Notably, the Preliminary Approval Order provides an opt-out provision. According to the court-ordered point-of-sale-notification, on August 26, 2010, the class notice process began with each purchaser at a United States Lowe's retail store receiving notification, on their purchase receipts, concerning the *Vereen* settlement, including notice of the November 19, 2010 fairness hearing, information on how to become a class member or opt out of the *Vereen* settlement, the address of the Settlement Administrator's website and the telephone number of the Settlement Administrator in order to complete a claim form and/or obtain additional information. Nationwide class notice has been and will be widely published in the print media, including nationally distributed newspapers and magazines. Furthermore, the *Vereen* Settlement is nearly one month into a nationwide class notice process and claims period which has cost hundreds of thousands of dollars. For the reasons set out herein, the PSC's Motion to Enjoin the Georgia State Court proceedings should be denied.

---

[4] *See* Class Action Settlement Agreement and Release in *Vereen*; attached hereto as Exhibit "A" at 7-11.
[5] *See* Class Action Settlement Agreement and Release in *Vereen* at 19-20.

5

## ARGUMENT

I.   **THE PSC IS NOT ENTITLED TO AN INJUNCTION UNDER THE ALL WRITS ACT AND THE REQUESTED RELIEF IS BARRED BY THE ANTI-INJUNCTION ACT**

The All Writs Act provides in relevant part that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (a). As the Supreme Court has admonished, the All Writs Act should be used "sparingly and only in the most critical and exigent circumstances." *Wisconsin Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (2004) (citation omitted).

Moreover, the Anti-Injunction Act creates "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). The Act provides that:

> A Court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The Anti-Injunction Act rests on the "fundamental constitutional independence of the States and their courts," and its purpose is to make the dual system of state and federal courts work without "needless friction." *Atlantic Coast Line*, 398 U.S. at 286, 287; *Negrete v. Allianz Life Ins. Co. of North America*, 253 F.3d 1091, 1100 (9th Cir. 2008) (The Act "is designed to preclude unseemly interference with state court proceedings.")

"Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coast Line*, 398 U.S. at 297. Moreover, "it is settled that the prohibition of [the Anti-Injunction Act] cannot be evaded by addressing the order to the parties." *Atlantic Coast Line*, 398 U.S. at 287.

Here, in an unprecedented step of enjoining thousands of individuals for which this Court has no jurisdiction over, the PSC seeks injunctive relief under the All Writs Act which will interfere with the rights of the thousands. The PSC argues that this extraordinary injunctive relief may be issued under the All Writs Act and that it is not precluded by the Anti-Injunction Act because it is "necessary in aid of the court's jurisdiction." Contrary to PSC's suggestion, the Supreme Court has explained that the "in aid of jurisdiction" exception may only be applied where "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line*, 398 U.S. at 295. Under the circumstances of this case, well-settled authority precludes application of the "in aid of jurisdiction" exception to enjoin the Settlement.

**A.    In This Circuit, The "In Aid Of Jurisdiction Exception" To The All Writs Act Does Not Apply When Federal And State Courts Are Presiding Over Parallel *In Personam* Actions, Such As the Case At Bar**

The All Writs Act relief sought by the PSC is prohibited by the Anti-Injunction Act, 28 U.S.C. 2283. Importantly, the Anti-Injunction Act is designed to prevent conflict between state and federal courts. *See U.S. v. Billingsley*, No. 09-40734, *3 (5th Cir. Aug. 16, 2010). The Anti-Injunction Act is considered "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three

7

specifically designed exceptions." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engrs.*, 398 U.S. 281, 286 (1970); *see also Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977). None of the exceptions apply here.

The PSC has failed to cite any Act of Congress which would override the Anti-Injunction Act nor does any judgment or order of this Court exist that needs protection by means of an injunction. As a result, the PSC argues that the "in aid of jurisdiction" exception to the Anti-Injunction Act applies to the instant case. *Vereen* Class Counsel posits that the United States Court of Appeals for the Fifth Circuit has never applied the "in aid of jurisdiction" exception to actions based on *in personam* jurisdiction in general or to cases involving parallel class actions in particular.

In *In re Ford Motor Co. Bronco II Products Liability Litigation*, 1994 WL 605970 (E.D.La.) 11/3/1994, the Fifth Circuit stated, "in cases decided under this exception, courts have interpreted the language narrowly, finding a threat to the court's jurisdiction only where a state proceeding threatens to dispose of property that forms the basis for federal *in rem* jurisdiction, or where the state proceedings threatens the continuing superintendence by a federal court, such as in school desegregation case. In no event may the 'aid of jurisdiction' exception be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision." *See also* and *Fuller v. Coastal Plains, Inc.*, 283 F. Supp. 754, 5/7/1968, and *In re Diamond B. Marine Services, Inc.*, 2001 WL 726885 (E.D. La.), 6/5/2000. As the Supreme Court has explained, "[t]he traditional notion is that *in personam* actions in federal and state courts may proceed concurrently, without interference from either court, and there is no evidence that the exception to [the "Anti-

8

Injunction Act"] was intended to alter this balance. *Vendo Co. v. Lektro-verd Corp.,* 433 U.S. 623, 641-42 (1977). Thus, the *Ford Motor* Court concluded that the aid of jurisdiction exception does not apply because *in personam* actions in federal and state court should generally be allowed to proceed concurrently, without interference from either court.

Thus, the Fifth Circuit generally does not apply the "in aid of jurisdiction" exception to actions based on *in personam* jurisdiction in general or to cases involving parallel class actions in particular. In this case, jurisdiction over the parties in both the Chinese Drywall MDL and the *Vereen* Action is based upon *in personam*, rather than *in rem*, principles. Under the *Ford Motor* decision, the exception "may not be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision." *See also Texas v. United States,* 837 F.2d 184, 186 n.4 (5th Cir. 1998). Accordingly, the PSC's Motion is unsupported in any Fifth Circuit authority and should be denied.

In *Martingale LLC v. City of Louisville,* 361 F.3d 297, 302 (6th Cir. 2004), the Sixth Circuit explained that "Courts have applied the ["in aid of jurisdiction"] exception in only two scenarios: where the case is removed from the state court, and where the federal court acquires *in rem* or *quasi in rem* jurisdiction over a case involving real property before the state court does." *See also Warner v. Fuller Rehab. & Consulting Servs.,* 2005 WL 1490071 (E.D. Tenn. June 23, 2005) (noting that "in aid of jurisdiction" exception has been applied in only two scenarios). Relying on *Vendo Co. v. Lektro-verd Corp.,* 433 U.S. 623, 641-42 (1977), the Sixth Circuit explained that "[t]he traditional notion is that *in personam* actions in federal and state courts may proceed concurrently,

9

without interference from either court, and there is no evidence that the exception [to the "Anti-Injunction Act"] was intended to alter this balance." *Martingale*, at 303 n.3. Thus, the *Martingale* Court concluded that because "jurisdiction over these parties is based on *in personam*, rather than *in rem*, principles..., the 'in aid of jurisdiction exception' does not apply." *Id.*; *see also Zurich Am. Ins. Co. v. Superior Court for State of Cal.*, 326 F.3d 816, 825 (7th Cir. 2003) ("Historically, this exception applied only to *in rem* rather *than in personam* proceedings.").

In a recent decision, the Sixth Circuit, in *In re Life Investors Insurance Co. of America*, 589 F.3d 319, 330 (6th Cir. 2009), stated that "a simultaneous *in personam* state action does not interfere with the jurisdiction of a federal court in a suit involving the same subject matter." Furthermore, the court held that a complex class action, where the a federal court had not certified a class, and where the challenging class action was an opt-out class action could not affect the right of the federal court plaintiffs unless they chose not to opt out. Similarly, the Eighth Circuit, in *In re Federal Skywalk Cases*, 680 F.2d 1175, 1183 (8th Cir. 1982), held that *in personam* cases did not fall into the "necessary in aid of jurisdictions" exception to the Anti-Injunction Act. This very same reason should apply here as the *Vereen* settlement allows any class members to opt out.

**B. Even Assuming The "In Aid Of Jurisdiction Exception" Could Apply To *In Personam* Actions, It Should Not Be In The Circumstances Of This Case**

In *Negrete v. Allianz Life Ins. Co. of North America*, 523 F.3d 1091 (9th Cir. 2008), the Ninth Circuit reversed a federal district court's order enjoining an insurance company from conducting settlement negotiation in similar class actions filed in other state and federal courts. The *Negrete* court explained:

> In general, the necessary-in-aid-of-jurisdiction exception applies to *in rem* proceedings where the federal court has jurisdiction over the *res* and state court proceedings might interfere with that. *See Vendo Co.*, 433 U.S. at 641-42, 97 S. Ct. at 2893. But that principle does not authorize interference with parallel *in personam* state actions merely because the state courts might reach a conclusion before the district court does.

The *Negrete* court further explained that the fact that "the actions of a state court might have some affect on the federal proceedings does not justify interference." *Id.* at 1101. "And the mere fact that a state court may reach a conclusion that differs from what a federal court would prefer does not change the result." *Id.* at 1102.

As the *Negrete* court explained, orders enjoining litigants from proceeding with parallel state court actions have been upheld only in rare cases where the federal actions were so advanced that the state court proceeding would interfere with the federal court's ability to effectuate a class settlement or a judgment. *Negrete*, 523 F.3d at 1102; *In re Gen. Motors Corp.*, 134 F.3d at 145 (same). In fact, the select few All Writs Act injunctions which have been upheld involve proceedings in which: (1) a settlement was conditionally approved or imminent in the federal court; and/or (2) an existing federal court judgment was threatened by the state action. *See, e.g., In re Diet Drugs*, 282 F.3d 220, 239 (3rd Cir. 2002) (complex MDL class action where class provisionally certified and settlement preliminarily approved by the federal court); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1018, 1024-25 (9th Cir. 1988) (class action settlement preliminarily approved by the federal court, and state court action would opt out a whole subclass); *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877, 880-81 (11th Cir. 1989) (federal class action case had reached judgment stage and state court litigation would interfere with administration of post-judgment proceedings); *In re Baldwin-United Corp.*, 770 F2d 328, 337-38 (2d Cir. 1985) (class action where class certified in federal court, settlement

agreements reached, and only district court approval of those remained); *Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 195, 202-04 (3d Cir. 1993) (class action settlement in federal court imminent and state court settlement attempted to dictate terms of federal settlement); *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 501 F.2d 383, 383-84 (4th Cir. 1974) (per curiam) (class action case had reached judgment and state court litigation would interfere with carrying out the terms of that judgment).

As the Third Circuit explained in a similar context in *Grider v. Keystone Health Plan Central, Inc.*, 500 F.3d 322 (3d Cir. 2007), the exception to the Anti-Injunction Act is generally used to protect a pending settlement *in the federal court*:

> It is clear that the Act is generally used to prohibit activities in another court that threaten to undermine a pending settlement in the enjoining court. When the act has been used to *block* settlement efforts in another court, it is typically because a party was deliberately using that forum to circumvent a pending settlement in the enjoining court.

*Id.* at 330 (citations omitted) (emphasis in original). Similarly, the *Negrete* court reversed the district court's injunction because no class settlement was imminent in the federal court. *Negrete*, 523 F.3d at 1102 (discovery was not complete; no class settlement was imminent, in fact, as far as the record shows no serious settlement progress has been made.")

The same is true here. No class settlement is imminent in this MDL proceeding. In fact, upon information and belief, there have been no class settlement negotiations in this case. Since no class has been certified here, this Court has no reason or authority to enter an extraordinary order enjoining the *Vereen* state court settlement.

Accordingly, the "in aid of jurisdiction" exception has no application here. *See Negrete*, 523 F.3d at 1102; *see also In re Gen. Motors Corp.*, 134 F.3d at 145 (denying

request to enjoin parallel state court action where no federal settlement was imminent); *Zurich Am. Ins. Co.*, 326 F.3d at 826 (denying request to enjoin parallel state court proceedings when there where no federal court orders to protect); *RC2 Corp. Toy Lead Paint Prods. Liab. Litig.*, 2008 WL 548772 (N.D. Ill Feb. 20, 2008) (denying request to enjoin parallel state court proceeding where federal MDL was not far advanced and no federal settlement was pending or imminent); *Vallier v. Am. Fid. Assurance Co.*, 2008 WL 4330028 (D. Kan. Sept. 16, 2008) (denying request to enjoin parallel state court proceeding where '[n]o settlement is 'directly in prospect' or even in the negotiation stage and thus, it cannot be said that a settlement was being 'circumvented or co-opted"); *Annunziato v. eMachines Inc.*, 2006 WL 5014567 (C.D. Cal. July 24, 2006) (denying request to enjoin state court proceeding where federal action had not settled and federal court "has not issued a judgment upon which the …state court would infringe.")[3]

## II.   THE PSC'S ARGUMENTS IN SUPPORT OF AN INJUNCTION ARE WITHOUT MERIT

The PSC offers several arguments in support of their request for an injunction. As shown below, none of them have any merit.

---

[6] Moreover, enjoining the *Vereen* settlement would thwart the strong federal policy in favor of settling class actions. "The compromise of complex litigation is encouraged by the courts and favored by public policy." 4 *Newberg on Class Actions* § 11:41; *see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) ("We are mindful of the strong judicial policy in favor of settlements, particularly in the class action context.") (internal quotation marks omitted); *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."); *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits."). *Colella v. Univ. of Pittsburgh*, 569 F. Supp. 2d 525, 530 (W.D. Pa. 2008) ("The strong public policy and high judicial favor for negotiated settlements of litigation is particularly keen in class actions….") (internal quotation marks omitted); *In re Corrugated Container Antitrust Litig.*, 556 F. Supp. 1117, 1157 (S.D. Tex. 1982), *aff'd*, 687 F.2d 52 (5th Cir. 1982) ("Due to their uncertainty, difficulty of proof, and length, and in the interests of judicial economy, class action [lawsuits] should be settled whenever possible, as soon as possible.")

A.  **The PSC's Authorities Are Entirely Inapposite**

The PSC contends that "[u]nder the All Writs Act, the MDL Court has the power to protect its continuing jurisdiction over complex litigation and ongoing global settlement efforts from competing state court litigation that threatens to derail the achievements of the Court and that infringes upon the rights of class members before the Court."[6] The PSC's argument is misleading, and the cases cited are inapposite. Contrary to the PSC's suggestion, All Writs Act injunctions are exceedingly rare in the context of parallel federal and state class actions. And, all of the authorities cited by the PSC are entirely inapplicable because they involve proceedings in which (1) settlements were pending or imminent; and/or (2) judgments had been entered.

For example, In re *Corrugated Container Antitrust Litigation*, 659 F.2d 1332 (5th Cir. 1981), was a proceeding in which at the time the injunction was issued, the multidistrict court had ***already approved settlements "and the final judgments were predictable if not assured."*** *Id.* at 1135. The Fifth Circuit held that, "[a]n exception to the general rule that a federal forum may not enjoin the prosecution of a simultaneous *in personam* action on the same cause of action in state court comes into play once judgment is entered." *Id.*

*In re Diet Drugs*, 282 F.3d 220 (3d Cir. 2002) involved a proceeding in which the federal court conditionally certified a class certified for settlement which consisted of six million members, ***preliminarily approved a settlement*** and established an opt-out procedure. *Id.* at 236. "The central events in [the] dispute occurred after . . . a conditional class certification and preliminary settlement had been negotiated and

---

[6] *See* PSC's Motion at 10.

approved by the District Court." *Id.* The Third Circuit affirmed the district court's injunction after finding that parallel state actions will likely pose a genuine threat to a complex case when "*certification or settlement has received conditional approval, or perhaps even where settlement is pending.*"

In *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), several state class actions had been consolidated into one large national class, a *settlement agreement had been preliminarily approved* by the district court, and a *nationwide class had been certified for settlement purposes*. Accordingly, the Ninth Circuit affirmed the district court's injunction of a Georgia state-wide class which was filed after the federal court's certification of a nationwide class.

In *Carlough v. Amchem Products, Inc.*, 10 F.3d 189 (3d Cir. 1993), a class action complaint, an answer and a stipulation of settlement were filed simultaneously and the federal court issued a *conditional class-certification order and scheduled a fairness hearing*. Soon after, a *class was certified* for purposes of settlement. *Id.* at 195. The Third Circuit affirmed the lower court's injunction of a related state court action after finding that "[t]here the prospect of settlement was indeed imminent, as in other cases in which federal courts have issued injunctions." *Id.* at 203. Furthermore, the court found that the district court had not abused its discretion in issuing the injunction. *Id.* at 204.

In *White v. National Football League*, 41 F.3d 402 (8th Cir. 1994), a *settlement agreement had been reached* in the federal court, and the Eighth Circuit found that the agreement would be inadequate to end the litigation if the court were to approve the settlement without enjoining the related claims. *Id.* at 409. Accordingly, the Eighth Circuit held that an injunction under the All Writs Act was appropriate.

As noted above, the cases cited by the PSC are entirely inapposite, and have no application here because: (1) no class settlement is imminent or even pending in the MDL with respect to Lowe's – in fact, there have been no class settlement discussions; (2) no class has been certified; and (3) no judgment has been entered. Accordingly, there is no case law supporting the PSC's Motion or argument that an exception to the Anti-Injunction Act applies.

**B.     The *Vereen* Settlement Is Not A Collusive Attempt To Usurp This Court's Jurisdiction.**

The PSC's bare allegations that "[w]here counsel, such as Barrett and Pendley and others for class representatives in this MDL litigation, seek to engage in 'satellite' litigation interfering with the MDL Court's disposition of the case, this Court has ample authority to act."[7] As detailed above, the *Vereen* Settlement was the result of months of adversarial negotiations between the parties. The Settlement constituted a global resolution of many actions which had been pending and it provides millions of dollars in valuable settlement benefits. Moreover, *Vereen* was not filed to frustrate any potential settlement or proceedings in this case. At the time *Vereen* was filed and still today, there is no imminent settlement nor settlement discussions in this case. Thus, the *Vereen* settlement cannot be considered "satellite" litigation or in any way collusive or an attempt to circumvent a federal court settlement. *See, e.g., Negrete*, 523 F.3d at 1099 (injunction of state court class settlement not permitted where there was no evidence of collusion); *Vallier*, 2008 WL 4330028, at *4 (denying injunction where allegation of collusion was unsupported and there was no attempt to circumvent a federal settlement).

---

[7] *See* PSC's Motion at 15.

Preliminary Approval Order could not possibly interfere with this Court's jurisdiction over plaintiff's claims. *See In re Gen. Motors Corp.*, 134 F.3d at 145 (state court settlement did not interfere with federal proceeding where state settlement "contained opt out provisions, thereby protecting the rights of the [federal] plaintiffs").

### C. The Anti-Injunction Act Precludes This Court from Enjoining the Parties Before it

The PSC erroneously argues that, "[i]n the context of a class action the court also has authority under Fed.R.Civ.P. 239(d)(2) to enjoin parties before it from proceeding with actions that are in derogation of the court's order."[8] As will be shown, this argument is baseless and has been specifically rejected by the Fifth Circuit. Rule 23 does not provide alternative authority for this court to issue an injunction as rejected by the Fifth Circuit in *Piambino v. Bailey*, 610 F.2d 1306 (5th Cir. 1980). In *Piambino,* the court was tasked with determining whether Rule 23 could serve as an additional exception to the Anti-Injunction Act. The Fifth Circuit specifically rejected this theory as an exception to the Anti-Injunction Act holding that the Act "must be given a strict construction due to the sensitive nature of federal interference with state court proceedings." *Id.* at 1330.

Importantly, it is well established by Supreme Court precedent that the Anti-Injunction Act cannot be evaded by directing an injunctive order at the parties instead of the state court. *Atlantic Coast Line*, 398 U.S. at 287 ("the prohibition of § 2283 [the Anti-Injunction Act] cannot be eroded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding"); *see also Negrete*, 523 F.3d at 1098; *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805 (9th Cir. 2002)

---

[8] *See* PSC's Motion at 14.

17

("[o]rdering the parties not to proceed is tantamount to enjoining the parties"). Moreover, whether a ruling constitutes an impermissible injunction is determined by the order's "substantial effect," not by "terminology" or "what a district court chooses to call an order." *Negrete*, 523 F.3d at 1097. Any order that required the *Vereen* Plaintiffs to stay the settlement approval process in Georgia would clearly violate the Anti-Injunction Act.

Accordingly, the authority suggested by the PSC supplies no justification to issue an injunction here. Any injunction affecting the *Vereen* action or the parties' ability to proceed with the Settlement in *Vereen* would violate the Anti-Injunction Act and well established precedent as demonstrated above.

## CONCLUSION

For the reasons set forth above, the PSC's Motion to Enjoin State Court Proceedings in Muscogee County, Georgia under the All Writs Act should be denied.

Dated: October 21, 2010

Respectfully submitted,

**CLASS COUNSEL FOR *VEREEN* CLASS MEMBERS**

*/s/ Patrick W. Pendley*
Patrick W. Pendley
Nicholas R. Rockforte
Pendley, Baudin & Coffin, L.L.P.
P.O. Drawer 71
Plaquemine, LA 70765
Telephone: (225) 687-6396
Facsimile: (225) 687-6398
pwpendley@pbclawfirm.com

Don Barrett
Don Barrett, PA
404 Court Square
P.O. Box 927
Lexington, MS 39095

Dewitt Lovelace
Lovelace Law Firm, PA
12870 U.S. Hwy. 98 West
Miramar Beach, FL 32550

Austin Gower
1425 Wynnton Rd
P.O. Box 5509
Columbus, GA 31906

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman; Defendants' Liaison Counsel, Kerry Miller; and Homebuilders and Installers Liaison Counsel, Phillip A. Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File and Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 21st day of October, 2010.

*/s/ Patrick W. Pendley*