Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 1 of 32
Case 3:09-cv-08189-DGC   Document 70-2   Filed 07/30/10   Page 1 of 65
Case 2:09-md-02047-EEF-JCW   Document 5011-2   Filed 08/09/10   Page 2 of 40

### IN THE SUPERIOR COURT OF MUSCOGEE COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| GLEN VEREEN,<br>on behalf of himself and<br>all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. SU10-CV-2267B |

### CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

## TABLE OF CONTENTS

| | | |
|---|---|---|
| 1. | DEFINITIONS | 2 |
| 2. | SETTLEMENT CLASS | 6 |
| | (a) | Settlement Class Definition | 6 |
| | (b) | Conditional Certification for Settlement Purposes Only | 6 |
| | (c) | No Admissions | 7 |
| 3. | SETTLEMENT BENEFITS | 7 |
| 4. | PRELIMINARY APPROVAL | 12 |
| 5. | REQUESTS FOR EXCLUSION AND OBJECTIONS | 13 |
| | (a) | Requests for Exclusion | 13 |
| | (b) | Objections to Settlement | 15 |
| 6. | NOTICE PLAN | 17 |
| | (a) | By Point of Sale Notification | 17 |
| | (b) | Publication Notice | 17 |
| | (c) | Settlement Administrator's Website | 18 |
| | (d) | Best Practicable Means | 18 |
| 7. | CLAIM FORM AND REVIEW PROCESS | 18 |
| | (a) | Claim Form | 18 |
| | (b) | Claim Form Information | 18 |
| | (c) | Processing of Claim Forms | 18 |
| 8. | TIMING OF CLAIM PAYMENTS | 19 |
| 9. | COSTS OF NOTICE AND ADMINISTRATION | 19 |
| 10. | ATTORNEYS' FEES AND EXPENSES | 20 |
| 11. | CONFIDENTIALITY | 20 |
| 12. | INCENTIVE PAYMENTS | 20 |

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 3 of 32
Case 2:09-cv-00189-DSC   Document 78-2   Filed 07/30/10   Page 3 of 65
Case 2:09-md-02047-EEF-JCW   Document 301-2   Filed 08/09/10   Page 4 of 40

13.  CLASS RELEASE AND INJUNCTION.................................................................21

     (a)    Release.................................................................................................21

     (b)    Notice of Release................................................................................22

     (c)    Injunction...........................................................................................22

14.  FINAL ORDER AND JUDGMENT.......................................................................23

     (a)    Final Order and Judgment................................................................23

     (b)    Dismissal of Action...........................................................................24

15.  TERMINATION AND EFFECT OF TERMINATION.............................................24

     (a)    Termination........................................................................................24

     (b)    Effect of Termination........................................................................25

16.  SETTLEMENT OBLIGATIONS...........................................................................26

17.  PUBLIC COMMUNICATIONS.............................................................................26

18.  GENERAL PROVISIONS......................................................................................26

     (a)    Construction.......................................................................................26

     (b)    Entire Agreement; Modifications.......................................................26

     (c)    Waiver.................................................................................................26

     (d)    Cooperation........................................................................................27

     (e)    Binding Effect; Successors and Assigns............................................27

     (f)    Third Parties......................................................................................27

     (g)    Governing Law...................................................................................27

     (h)    Authority to Execute...........................................................................27

     (i)    Headings and Captions......................................................................27

     (j)    Counterparts......................................................................................27

ii

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 4 of 32
Case 3:09-cv-08189-DGC   Document 70-2   Filed 07/30/10   Page 4 of 65
Case 2:09-md-02047-EEF-JCW   Document 3011-2   Filed 08/09/10   Page 5 of 40

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY

STATE OF GEORGIA

|  |  |  |
|---|---|---|
| GLEN VEREEN,<br>on behalf of himself and<br>all others similarly situated, | ) ) ) | |
| | ). | Case No. SU10-CV-2267B |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LOWE'S HOME CENTERS, INC. | ) ) | |
| Defendant. | ) ) | |

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

THIS   CLASS   ACTION   SETTLEMENT   AGREEMENT   AND   RELEASE ("Agreement") is made by and between Lowe's Home Centers, Inc., Lowe's HIW, Inc. (collectively "Lowe's), and Glen Vereen (the "Representative Plaintiff").

WHEREAS, the Representative Plaintiff is asserting claims in this Action (as defined below) relating to allegedly Defective Drywall (as defined below);

WHEREAS, Lowe's vigorously denies any wrongdoing, liability, or fault relating in any way to allegedly Defective Drywall;

WHEREAS, the Parties agree that this Agreement shall not be deemed or construed as an admission or as evidence of any violation of any statute or law, or of any liability or wrongdoing by Lowe's, or of the truth of any of the claims or allegations alleged herein, or as waiver of any defenses thereto;

WHEREAS, the Parties to this Agreement and their respective counsel, after extensive, arm's length negotiations and analysis, have agreed upon certain terms and conditions to settle and resolve the Action in a manner that is fair, reasonable, and reflects the best interests of the Settlement Class as a whole and avoids the expense, burden, and risks associated with protracted litigation;

1

WHEREAS, the Parties have conducted a thorough examination and investigation of the facts and law relating to the asserted and potential claims and defenses herein; and

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein, Lowe's and the Representative Plaintiff, on behalf of himself and the Settlement Class, hereby agree to the full and complete settlement of the Action, subject to Court approval, under the terms and conditions set forth herein.

     1.     **DEFINITIONS.** For purposes of this Agreement, the capitalized terms defined above and those defined in this Section or elsewhere in the Agreement shall have the meanings so designated when used throughout this Agreement.

     (a)     "Action" shall mean the civil action *Glen Vereen, on behalf of himself and all others similarly situated v. Lowe's Home Centers, Inc.*, Case No. SU10-CV-2267B, in the Superior Court of Muscogee County, State of Georgia.

     (b)     "Agreement" shall mean this Class Action Settlement Agreement and Release together with all Exhibits referenced herein and attached hereto.

     (c)     "Claim Deadline" shall mean the date 180 days after the date of the Fairness Hearing.

     (d)     "Claim Form" shall mean the Claim Form described in Section 7 of this Agreement, a copy of which is attached as Exhibit B to this Agreement.

     (e)     "Claims" as defined in Section 13(a).

     (f)     "Class" as defined in Section 2(a).

     (g)     "Class Counsel" shall mean Austin Gower, Esq., 1425 Wynnton Road, P.O. Box 5509, Columbus, Georgia; Don Barrett of Don Barrett, P.A., 404 Court Square, P.O. Box 927, Lexington, Mississippi 39095; Patrick W. Pendley of Pendley, Baudin & Coffin, L.L.P., P.O. Box 71, Plaquemine, Louisiana 70765; and Dewitt Lovelace of Lovelace Law Firm, P.A., 12870 U.S. Hwy. 98 West, Miramar Beach, Florida 32550.

     (h)     "Class Period" shall mean the period from the beginning of time through

2

the date of the Preliminary Approval Order.

       (i)    "Company" shall mean Lowe's Home Centers, Inc. and Lowe's HIW, Inc., and each of their parents, predecessors, assigns, successors, affiliates, related companies, subsidiary companies or holding companies.

       (j)    "Court" means the Superior Court of Muscogee County, State of Georgia, where the Action is pending.

       (k)    "Cy-Pres Fund" as defined in Section 3.

       (l)    "Defective Drywall" shall include any and all drywall, whether manufactured domestically, in China or in any other country, whether synthetic, recycled or natural, and all related products, manufactured, imported, distributed, delivered, supplied, inspected, marketed, installed and/or sold by the Company, their parents, predecessors, assigns, successors, affiliates, related companies, subsidiary companies or holding companies and which is allegedly harmful and/or defective for any reason whatsoever, including but not limited to, the alleged emission of sulfide gases and any other gases, or chemicals through "off-gassing" that creates noxious, "rotten egg-like" smells, causes corrosion of metals including without limitation, copper and silver, causes any other alleged damage to real or personal property, and/or causes irritant effects and/or potential health hazards or alleged injuries to persons.

       (m)    "Exclusion Deadline" as defined in Section 5(a).

       (n)    "Fairness Hearing" shall mean the hearing scheduled by the Court pursuant to Ga. Code Ann. § 9-11-23 to consider final approval of the Settlement, the date of which will be set by the Court.

       (o)    "Final Effective Date" means the date on which the Final Order and Judgment approving the Settlement becomes final and not subject to further appeal. If no appeal has been taken from the Final Order and Judgment, Final Effective Date means the date on which the time to appeal therefrom has expired. If any appeal has been taken from the Final Order and Judgment, Final Effective Date means the date on which all appeals therefrom, including

3

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 7 of 32

Case 2:09-cv-08189-DGC   Document 70-2   Filed 07/30/10   Page 7 of 65
Case 2:09-md-02047-EEF-JCW   Document 501-2   Filed 06/09/09   Page 8 of 40

petitions for rehearing, petitions for rehearing en banc, and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Final Order and Judgment.

(p)     "Final Order and Judgment" shall mean the proposed Final Order and Judgment approving the Settlement entered by the Court in substantially the form attached to this Agreement as Exhibit F.

(q)     "Gift Card" shall mean a Lowe's branded gift card that may be used toward purchases at a Lowe's store. A Gift Card may be transferred or assigned and has no expiration date.

(r)     "Group" as defined in Section 3.

(s)     "Group 1 Approved Claims Total" or "G1ACT" as defined in Section 3(d)(i).

(t)     "Group 1 Available Amount" or "G1AA" as defined in Section 3(d)(iv).

(u)     "Group 2 Approved Claims Total" or "G2ACT" as defined in Section 3(d)(ii).

(v)     "Group 2 Available Amount" or "G2AA" as defined in Section 3(d)(ii).

(w)     "Group 3 Approved Claims Total" or "G3ACT" as defined in Section 3(d)(i).

(x)     "Group 3 Available Amount" or "G3AA" as defined in Section 3(d)(v).

(y)     "Lowe's" shall mean Lowe's Home Centers, Inc. and Lowe's HIW, Inc.

(z)     "Maximum Aggregate Class Fund Amount" as defined in Section 3.

(aa)     "Notice" shall mean the notice to the Class provided for under Section 6 of this Agreement and the Preliminary Approval Order.

(bb)     "Notice and Claims Administration Payment" as defined in Section 9.

(cc)     "Notice Date" shall mean August 26, 2010, the date ordered by the Court for Point of Sale Notification to begin.

4

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 8 of 32
Case 3:09-cv-08189-PGC   Document 70-2   Filed 07/30/10   Page 8 of 65
Case 2:09-md-02047-EEF-JCW   Document 3011-2   Filed 08/09/10   Page 9 of 40

(dd)   "Notice Period" shall mean the time period between the Notice Date and the date on which Notice will be terminated.

(ee)   "Notice Plan" as defined in Section 6.

(ff)   "Objection" as defined in Section 5(b)(i).

(gg)   "Objection Deadline" as defined in Section 5(b)(i).

(hh)   "Objector" as defined in Section 5(b)(i).

(ii)   "Parties" shall mean all of the parties to this Agreement, including the Representative Plaintiff, the Settlement Class members and the Company.

(jj)   "Person" shall include any real person, partnership, corporation, sole proprietorship or any other legally recognized business entity.

(kk)   "Point of Sale Notification" as defined in Section 6(a)(i).

(ll)   "Preliminary Approval Order" shall mean the Order in substantially the form attached to this Agreement as Exhibit E entered by the Court granting preliminary approval of the Settlement, granting preliminary approval of the Settlement Class, approving the Notice Plan, and scheduling a Fairness Hearing to address final approval of the Settlement.

(mm)   "Publication Notice" as defined in Section 6(b).

(nn)   "Release" shall mean the release of Claims provided in Sections 13(a) and (b).

(oo)   "Released Claims" shall mean the claims to be released in the Final Order and Judgment as defined in Sections 13(a) and (b).

(pp)   "Released Parties" include the various persons and entities to be released upon entry of the Final Order and Judgment as defined in Section 13(a).

(qq)   "Releasing Parties" as defined in Section 13(a).

(rr)   "Representative Plaintiff" shall mean Glen Vereen.

(ss)   "Request for Exclusion" as defined in Section 5(a).

(tt)   "Section" refers to a numbered Section of this Agreement.

(uu)   "Settlement" shall mean the settlement between the Company, the

5

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 9 of 32
Case 3:09-cv-08189-DPC   Document 70-2   Filed 07/30/10   Page 9 of 65
Case 2:09-md-02047-EEF-JCW   Document 3011-2   Filed 03/09/10   Page 10 of 40

Representative Plaintiff and members of the Settlement Class, as contemplated by this Agreement.

(vv)   "Settlement Class" as defined in Section 2(a).

(ww)   "Settlement Administrator" shall mean the class action settlement administrator selected by Class Counsel and approved by the Court.

(xx)   "Settlement Benefits" as defined in Section 3.

2.   **SETTLEMENT CLASS.**

(a)   <u>Settlement Class Definition.</u> For purposes of this Agreement, the "Settlement Class" or "Class" shall be defined as including any Person in the United States who, during the Class Period, purchased, installed or had installed on real property, Defective Drywall or were owners and/or residents on such real property. Excluded from the Class shall be the following:

(i)   All persons who during the Class Period were officers, directors, or employees of the Company; and

(ii)   All persons currently serving as judges or justices in the State courts of Georgia and the members of their immediate family.

(b)   <u>Conditional Certification for Settlement Purposes Only.</u> Solely for purposes of this Settlement, the Company agrees not to object to the conditional certification of a class for settlement purposes only pursuant to Ga. Code Ann. § 9-11-23. The conditional certification of the Settlement Class pursuant to this Agreement shall not constitute an admission or acknowledgement of any kind that the certification of a class or the satisfaction of any factor under the applicable class action rules would be appropriate outside of the Settlement context or absent this Agreement. It is the Company's position that it would ultimately prevail in any contested class certification proceeding and that this case would not satisfy the requirements for a class action if litigated and that no class could properly be certified outside of the Settlement context for numerous reasons. By entering into this Agreement, Company is not waiving any defenses or objections to class certification, nor is it agreeing that any of the criteria for class

6

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 10 of 32

Case 3:09-cv-08188-DCC   Document 70-2   Filed 07/30/10   Page 10 of 65
Case 2:09-md-02047-EEF-JCW   Document 5011-2   Filed 08/09/10   Page 11 of 40

certification could be met outside of the Settlement context or absent the terms of this Agreement. If this Agreement is not approved for any reason, or entry of the Final Judgment and Order does not occur, the Company expressly reserves the right to assert all objections and defenses to certification of any class for litigation or trial purposes, and neither Class Counsel nor any Representative Plaintiff or Class member shall offer the conditional certification under this Agreement as evidence in support of any motion to certify a class outside of the Settlement context or in any other proceeding.

(c)   <u>No Admissions.</u>  The Parties expressly acknowledge that this Agreement and the Settlement is the result of settlement and compromise negotiations, and that neither this Settlement nor any proposals, negotiations, communications, documents, or discussions relating to the Settlement shall be considered or used as an admission of any wrongdoing or liability, and that to the contrary, the Company expressly denies any wrongdoing, liability, or fault of any kind. Neither the terms of this Agreement nor any proposals, negotiations, communications, documents, or discussions preceding or related to the Settlement or this Agreement may be introduced or used in any proceeding as proof of any fact or point of law, except in a proceeding before the Court to enforce the terms and conditions of this Agreement.

3.     SETTLEMENT BENEFITS.

The Company agrees to distribute to Class members up to an aggregate funding amount of $6.5 million ($6,500,000.00) dollars in value (the "Maximum Aggregate Class Fund Amount") in the form of Gift Cards and cash (the "Settlement Benefits"). If approved claims exceed the Maximum Aggregate Class Fund Amount, the payments to Class Members shall be reduced *pro rata,* as described in detail below. If the qualifying claims do not reach $2.5 million ($2,500,000.00) then the difference between $2.5 million ($2,500,000.00) and the amount distributed to Class Members shall be treated as a *Cy-Pres* Fund. The *Cy-Pres* Fund shall be distributed to one or more IRC Section 501(c)(3) charitable organizations mutually agreed between the Company and Class Counsel, including Habitat For Humanity, subject to approval

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 11 of 32
Case 3:09-cv-08189-DPC   Document 79-2   Filed 07/30/10   Page 11 of 65
Case 2:09-md-02047-EEF-JCW   Document 301-2   Filed 08/09/10   Page 12 of 40

by the Court, and the Company shall have no further obligation. To be eligible to receive Settlement Benefits, each Class member satisfying the criteria set forth below must timely submit a complete and accurate Claim Form, and independent proof, if required, as described below to the Settlement Administrator by the Claim Deadline. All Class members who timely submit a complete and accurate Claim Form with a postmark on or before the Claim Deadline including all required information and documentation will be eligible to receive the benefits specified below, depending on which of the following settlement payment groups that Settlement Class member is determined to be in by the Settlement Administrator:

     (a)    **Group 1 – Proof of Purchase and Damages Group** – Group 1 includes Settlement Class members who timely submit a complete and accurate Claim Form and valid, independent proof of purchase of allegedly Defective Drywall from Lowe's and valid, independent proof of claimed damage to real property and/or personal injury allegedly caused by the Defective Drywall. These Persons may be entitled to receive a Lowe's branded Gift Card in an amount up to $2,000, as determined by the Settlement Administrator. Persons who are Settlement Class members who also submit proven, verified independent proof of claimed damage allegedly caused by the Defective Drywall exceeding $2,000, such as (i) expenditures for remediation and/or repair or replacement of damages to real property, or (ii) medical reports and bills for treatment of symptoms claimed to arise from the Defective Drywall, may be entitled to receive an additional cash award of up to $2,500, with the amount not to exceed the cost of the remediation or medical bills, as determined by the Settlement Administrator. The maximum combined Gift Card and cash combined aggregate amount available for all claims in Group 1 is $4.5 million ($4,500,000.00). The Company shall have the right to verify the completeness and accuracy of the Claim Form and the claimed damages allegedly caused by the Defective Drywall.

     (b)    **Group 2 – Proof of Purchase Only Group** – Group 2 includes Settlement Class members who timely submit a complete and accurate Claim Form and valid, independent proof of purchase of allegedly Defective Drywall from Lowe's but have not timely

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 12 of 32
Case 3:09-cv-08189-DGC   Document 70-2   Filed 07/30/10   Page 12 of 65
Case 2:09-md-02047-EEF-JCW   Document 301-2   Filed 08/09/09   Page 13 of 40

submitted independent proof of claimed damages or injury allegedly caused by Defective Drywall. These individuals may be entitled to receive a Lowe's branded Gift Card valued in an amount not to exceed $250.00. The maximum gift card value amount available for all claims in Group 2 is $1 million ($1,000,000.00). The Company shall have the right to verify the completeness and accuracy of the Claim Form.

(c)     **Group 3 – No Independent Proof Group** – Group 3 includes Settlement Class members who timely submit a complete and accurate Claim Form which allows the Settlement Administrator to determine they are Settlement Class members, but who do not timely submit valid, independent and valid proof of purchase of allegedly Defective Drywall from Lowe's, may be entitled to receive a Gift Card valued in the amount of $50.00. The maximum gift card value amount available for all claims in Group 3 is $1 million ($1,000,000.00). The Company shall have the right to verify the completeness and accuracy of the Claim Form.

(d)     If, after receipt and verification of all timely submitted Claim Forms, it is determined that the Maximum Aggregate Class Fund Amount is insufficient to pay the full amounts of the approved claims of the Settlement Class members as set forth *below*, the amounts approved will be recalculated and may be reduced *pro rata* pursuant to the following mechanism and in the following order. Proration of claims will occur only among claims in the same Group; and in no event will the Maximum Aggregate Class Fund be exceeded:

(i)     If (i) the total claims approved by the Settlement Administrator for Group 1 (the "Group 1 Approved Claims Total," or "G1ACT") exceed $4,500,000 and (ii) the total claims approved by the Settlement Administrator for Group 3 (the "Group 3 Approved Claims Total" or "G3ACT") are less than $1,000,000, then the amount remaining for payment for Group 3 (the "Group 3 Available Amount," or "G3AA") will be added to the $4,500,000 allocable to Group 1 before any proration of payments may occur in Group 1.

(ii)     If (i) the Group 1 Approved Claims total exceeds $4,500,000, (ii)

9

the Group 3 Available Amount is insufficient to fully pay the G1ACT, and (iii) the total claims approved by the Settlement Administrator for Group 2 (the "Group 2 Approved Claims Total" or "G2ACT") are less than $1,000,000, then the amount remaining for payment for Group 2 (the "Group 2 Available Amount," or "G2AA") will also be added to the $4,500,000 allocable to Group 1 before any proration of payments may occur in Group 1.

        (iii)    If (i) the Group 1 Approved Claims Total exceeds $4,500,000 and (ii) either there is no Group 3 Available Amount or Group 2 Available Amount or such amounts are insufficient to fully pay the G1ACT, then the payments to the Settlement Class members in Group 1 will be reduced *pro rata* pursuant to a fraction, the numerator of which is the total amount available to pay those claims from the Maximum Aggregate Class Fund and the denominator of which is the G1ACT.

        (iv)    If (i) the Group 1 Approved Claims Total is less than $4,500,000 and (ii) the Group 2 Approved Claims Total exceeds $1,000,000, then the amount by which the Group 1 Approved Claims Total is less than $4,500,000 (the "Group 1 Available Amount," or "G1AA") will be added to the $1,000,000 allocable to Group 2 before any proration of payments may occur in Group 2.

        (v)    If (i) the total Group 1 Approved Claims Total is less than $4,500,000, (ii) the Group 2 Available Amount is insufficient to fully pay the G2ACT and (iii) the Group 3 Approved Claims Total is less than $1,000,000, then the amount by which the Group 3 Approved Claims Total is less than $1,000,000 (the "Group 3 Available Amount," or "G3AA") will also be added to the $1,000,000 allocable to Group 2 before any proration of payments may occur in Group 2.

        (vi)    If (i) the Group 2 Approved Claims Total exceeds $1,000,000 and (ii) either there is no Group 1 Available Amount or Group 3 Available Amount or such amounts are insufficient to fully pay the G2ACT, then the payments to the Settlement Class

10

members in Group 2 will be reduced *pro rata* pursuant to a fraction, the numerator of which is the total amount available to pay those claims from the Maximum Aggregate Class Fund and the demoninator of which is the G2ACT.

(vii)    If the Group 3 Approved Claims Total exceeds $1,000,000 and there is any amount available from Group 1 or Group 2 after paying the claims to the class members of those Groups, such amount will be added to the $1,000,000 allocable to Group 3 before any proration of payments may occur in Group 3.

(viii)    If (i) the Group 3 Approved Claims Total exceeds $1,000,000 and (ii) either there is no Group 1 Available Amount or Group 2 Available Amount or such amounts are insufficient to fully pay the G3ACT, then the payments to the Settlement Class members in Group 3 will be reduced *pro rata* pursuant to a fraction, the numerator of which is the total amount available to pay those claims from the Maximum Aggregate Class Fund and the denominator of which is the G3ACT.

(ix)    If (i) the Group 1 Approved Claims Total exceeds $4,500,000, (ii) the Group 2 Approved Claims Total exceeds $1,000,000 and (iii) the Group 3 Approved Claims Total exceeds $1,000,000, then:

(A)    The claims approved by the Settlement Administrator for Group 1 will be paid *pro rata* pursuant to a fraction, the numerator of which is $4,500,000 and the denominator of which is the Group 1 Approved Claims Total, expressed as a formula as shown below:

$$\frac{\$4,500,000}{G1ACT} \text{ Multiplied by the claim amount} = \text{the claim payment;}$$

(B) The claims approved by the Settlement Administrator for Group 2 will be paid *pro rata* pursuant to a fraction, the numerator of which is $1,000,000 and the denominator of which is the Group 2 Approved Claims Total, expressed as a formula as shown below:

11

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 15 of 32
Case 3:09-cv-00189-PGC-W   Document 70-2   Filed 07/30/10   Page 15 of 65
Case 2:09-md-02047-EEF-JCW   Document 301-2   Filed 08/09/10   Page 16 of 40

$$\frac{\$1,000,000}{G2ACT}$$ Multiplied by the claim amount = the claim payment; and

(C) The claims approved by the Settlement Administrator for Group 3 will be paid *pro rata* pursuant to a fraction, the numerator of which is $1,000,000 and the denominator of which is the Group 3 Approved Claims Total, expressed as a formula as shown below:

$$\frac{\$1,000,000}{G3ACT}$$ Multiplied by the claim amount = the claim payment.

4.      **PRELIMINARY APPROVAL.**  Within five (5) business days or as soon as reasonably possible after execution of this Agreement, the Parties shall file a copy of this Agreement with the Court and jointly move for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit E.  The Preliminary Approval Order shall include provisions:

(a)      granting preliminary approval of the Settlement and setting a date for a Fairness Hearing to consider entry of the Final Order and Judgment pursuant to Georgia Code Ann. § 9-11-23;

(b)      conditionally certifying a class for settlement purposes only, consistent with the provisions of Section 2(b), and defining the Settlement Class, consistent with Section 2(a);

(c)      approving the Notice Plan set forth in Section 6 of this Agreement;

(d)      prescribing a time period and required procedures for any Settlement Class members to opt out and exclude themselves from the Class consistent with Section 5(a);

(e)      prescribing a time period and required procedures in order for any Settlement Class members to file objections to the Settlement and, if so desired, to be heard at the Fairness Hearing, consistent with Section 5(b);

(f)      prescribing a time period by which Claim Forms must be submitted and

12

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 16 of 32
Case 3:09-cv-08188-PGE  Document 70-2   Filed 07/30/10   Page 16 of 65
Case 2:09-md-02047-EEF-MBN   Document 301-2   Filed 08/09/10   Page 17 of 40

the required procedures for Settlement Class members to receive Settlement Benefits;

        (g)     providing that, pending a determination on entry of the Final Order and Judgment after the Fairness Hearing, all members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are enjoined and prohibited from attempting to frustrate the purpose of the Settlement by commencing, filing, continuing, prosecuting, or participating in any other action or proceeding in any jurisdiction, either directly or indirectly, that asserts claims against the Company or the Released Parties which relate to allegedly Defective Drywall and fall within the definition of Released Claims under the Agreement; and

        (h)     providing that, pending a determination on entry of the Final Order and Judgment after the Fairness Hearing, all members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are enjoined and prohibited from attempting to frustrate the purpose of this Settlement by organizing Settlement Class members into a separate class or subclass for purposes of pursuing as a purported class action any lawsuit or proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) that asserts claims against the Company or the Released Parties which relate to allegedly Defective Drywall and fall within the definition of Released Claims under the Agreement.

    5.    **REQUESTS FOR EXCLUSION AND OBJECTIONS.**

        (a)     <u>Requests for Exclusion.</u> Any Settlement Class member who wishes to opt-out and be excluded from the Settlement Class must mail a written request for exclusion ("Request for Exclusion") to the Settlement Administrator on or before the deadline set forth in the Preliminary Approval Order, which shall be no later than 30 days after the last day of the Notice Period (the "Exclusion Deadline").

        (i)     In order to be valid and effective, a Request for Exclusion must be sent by first class mail properly addressed to the Settlement Administrator, postmarked

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 17 of 32
Case 2:09-cv-09189-DCC   Document 70-2   Filed 07/30/10   Page 17 of 65
Case 2:09-md-02047-EEF-JCW   Document 561-2   Filed 08/09/10   Page 48 of 40

on or before the Exclusion Deadline, and (A) must include the Class member's full name and address, (B) must bear the individual signature of the Person seeking exclusion, and (C) must clearly state that the Class member desires to be excluded from the Class. No persons shall be permitted to request exclusion from the Settlement Class on behalf of any other Settlement Class members, except that a legal representative or guardian may submit a Request for Exclusion on behalf of a minor or incapacitated Class member. Each individual Class member seeking to exclude themselves from the Settlement must submit an individually signed Request for Exclusion. Any attempt to frustrate the purpose of the Settlement by opting out a class or group of individuals shall be null and void.

(ii)     The Settlement Administrator shall provide copies of all Requests for Exclusion to Class Counsel and counsel to the Company weekly or at any other time interval mutually agreed between Class Counsel and Counsel to the Company. On the date of the Fairness Hearing, the Settlement Administrator shall submit to the Court, under seal, a report listing all persons who timely filed Requests for Exclusion, and all persons who filed untimely Requests for Exclusion, providing for each such person the date the Request for Exclusion was postmarked, and the date it was received. A copy of the report shall be provided to Class Counsel and counsel to the Company.

(iii)     All persons who timely and properly submit a written Request for Exclusion to opt out and exclude themselves from the Settlement shall no longer be members of the Class.

(iv)     Any Class member who does not file a proper Request for Exclusion that satisfies all requirements of this Section postmarked on or before the Exclusion Deadline shall be considered a Class member for all purposes under this Agreement and shall be bound by the Final Order and Judgment.

(v)     Other than responding to questions from Class members about the

14

procedures for completing a Request for Exclusion provided by this Section, Class Counsel shall not directly or indirectly assist, cooperate with, or aid in any way Class members or their counsel in excluding themselves from the Settlement or pursuing any separate actions against the Company or the Released Parties.

      (b)    <u>Objections to Settlement.</u>

           (i)    Any Settlement Class member who does not request exclusion from the Settlement Class and wishes to object (an "Objector") may object to the proposed Settlement by filing with the Court an Objection in writing, with a copy served to Class Counsel, counsel to the Company, and the Settlement Administrator, by the deadline set forth in the Preliminary Approval Order, which shall be no later than 30 days after the last day of the Notice Period (the "Objection Deadline"). The right to object to the proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group or class and, except in the case of a minor or incapacitated Class member, not by the act of another person acting or purporting to act in a representative capacity. In order to be effective, an Objection must be in writing, filed with the Court, mailed to the Settlement Administrator, and served on Class Counsel and counsel to the Company by first class mail and facsimile by the Objection Deadline, and must contain:

           (1)    A heading which includes the name of this case and the case number;

           (2)    The name, address, telephone number, and signature of the Settlement Class member filing the Objection;

           (3)    A detailed description of the nature and all grounds for the Objection, including any legal support the Class member intends to bring to the Court's attention, and copies of any documents or evidence that the Class member intends to introduce or present in support of the Objection;

           (4)    The name, address, bar number, and telephone number of

15

the objecting Class member's counsel, if represented by an attorney. If the Class

member is represented by an attorney, he or she must comply with all applicable

Georgia laws and rules for filing pleadings and documents in Georgia courts;

        (5)    A statement whether the Objector intends to appear at

the Fairness Hearing, either in person or through counsel; and

        (6)    A certificate of service certifying that copies of the

Objection were served on Class Counsel, counsel to the Company, and the

Settlement Administrator on or before the Objection Deadline.

        Any Settlement Class member who fails to comply with all requirements of

this Section 5(b)(i) shall waive and forfeit any and all rights to object to the Settlement.

        (ii)    If a Settlement Class member or his or her attorney desires

permission to speak at the Fairness Hearing for the purpose of objecting to the Settlement,

the Settlement Class member must comply with all of the requirements for Objections in

Section 5(b)(i) and must file with the Court a notice of intent to appear on or before the

Objection Deadline containing or accompanied by the following information:

        (1)    The name, address, and telephone number of the person

who intends to appear at the Fairness Hearing and a copy of the written Objection

to the Settlement;

        (2)    A detailed statement of the specific legal and factual

basis for each ground for objection;

        (3)    A list of any witnesses that the Objector would like

to call at the Fairness Hearing, with the address of each witness and a summary of his

or her proposed testimony;

        (4)    A detailed description of any and all evidence the Objector

may offer at the Fairness Hearing, including copies of any and all exhibits which

the Objector may seek to introduce at the Fairness Hearing; and

16

Case 2:09-md-02047-EEF-MBN Document 6050-1 Filed 10/21/10 Page 20 of 32
Case 3:09-cv-08189-PGC-W Document 70-2 Filed 07/30/10 Page 20 of 65
Case 2:09-md-02047-EEF-JCW Document 5011-2 Filed 08/09/10 Page 21 of 40

        (5)     Documentary or other admissible proof of membership in the Settlement Class.

In order to be effective, copies of the notice of intent to appear must be filed with the Court, mailed to the Settlement Administrator, and served by first class mail and facsimile to Class Counsel and counsel to the Company on or before the Objection Deadline. Persons who comply with the above requirements will be permitted an opportunity to be heard at the Fairness Hearing to the extent allowed and deemed appropriate by the Court. Any Settlement Class member or attorney who fails to comply with the requirements of this Section 5(b)(ii) shall waive and forfeit any and all rights to appear and speak at the Fairness Hearing.

6.     **NOTICE PLAN.**

Notice shall be provided to Settlement Class members as follows, all of which shall be collectively be defined as the "Notice Plan."

     (a)     <u>By Point of Sale Notification.</u>

        (i)     For each day in the Notice Period, each purchaser in all Company retail stores in the United States will receive notification in substantially the form attached to this Agreement as Exhibit A (the "Point of Sale Notification"). The Point of Sale Notification shall include a description of the nature of the Action, a description of the Settlement Class, information regarding the Fairness Hearing, information regarding how Settlement Class members may, if desired, request exclusion from the Settlement or object to the Settlement, and shall provide the address of the Settlement Administrator's website and the telephone number of the Settlement Administrator to enable the Settlement Class member to obtain additional information and obtain and complete a Claim Form.

     (b)     <u>Publication Notice.</u> On one Sunday during the Notice Period, an advertisement in substantially the form attached as Exhibit B (the "Publication Notice") will be

17

Case 2:09-md-02047-EEF-MBN  Document 6050-1  Filed 10/21/10  Page 21 of 32
Case 3:09-cv-08189-DGC  Document 70-2  Filed 07/30/10  Page 21 of 65
Case 2:09-md-02047-EEF-JCW  Document 3011-2  Filed 08/09/10  Page 22 of 40

published in *Parade Magazine* and *USA Weekend*. The Publication Notice will also be published in once during the Notice Period in *National Geographic Magazine*. The Publication Notice shall contain the Exclusion Deadline and the Objection Deadline, the address of the Settlement Administrator's website, and the telephone number of the Settlement Administrator to enable the reader to obtain additional information, including a Claim Form.

      (c)    <u>Settlement Administrator's Website.</u> No later than the Notice Date, the Settlement Administrator shall establish an internet website where Settlement Class members may view and download a full copy of the Detailed Notice in substantially the form attached as Exhibit C, the Claim Form, the Agreement, and any other documents mutually agreed to by the Parties. The Internet site shall remain open and accessible until the Claim Deadline expires.

      (d)    <u>Best Practicable Means.</u> The Parties agree that Notice Plan is an effective and the best practicable means of giving notice to Settlement Class members and that the Notice Plan is designed to reach all Settlement Class members who can be identified through reasonable effort.

      7.    **CLAIM FORM AND REVIEW PROCESS.** The Claim Form shall be in substantially the form attached hereto as Exhibit D.

      (a)    <u>Claim Form.</u> In order to be valid for consideration by the Settlement Administrator, the Claim Form must be properly addressed to the Settlement Administrator and postmarked on or before the Claim Deadline.

      (b)    <u>Claim Form Information.</u> The Claim Form shall contain and advise the Class members of the address to which the Claim Form should be mailed and the deadline for mailing in order to submit a valid claim for Settlement Benefits under the Settlement.

      (c)    <u>Processing of Claim Forms.</u> The Settlement Administrator will receive and process all Claim Forms, rejecting any that are late or do not comply with the Claim Form requirements of this Agreement. Any Settlement Class member who does not submit a properly completed, accurate, and signed Claim Form postmarked on or before the Claim Deadline shall be

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 22 of 32

Case 2:09-cv-08189-DGC   Document 70-3   Filed 07/30/10   Page 23 of 65
Case 2:09-md-02047-EEF-RCW   Document 501-1   Filed 08/09/09   Page 23 of 40

deemed to have waived any claim to Settlement Benefits.  The Settlement Administrator shall provide copies of Claim Forms upon request of Class Counsel or counsel for the Company at any time before the Claim Deadline.

        (i)      Within twenty one (21) days after expiration of the Claim Deadline, the Settlement Administrator shall provide copies of all submitted Claim Forms to counsel for the Parties along with a list of all valid and invalid Claim Forms.

        (ii)      Within twenty one (21) days after receipt of the list of invalid Claim Forms, if any, if Class Counsel disagrees with the invalidity determination, Class Counsel may request that the Settlement Administrator reconsider its invalidity determination on such Claim Form. Class Counsel shall copy the Company's counsel with any such request, and the Parties will work together in good faith with the Settlement Administrator to resolve any such dispute. If, after such reconsideration, a dispute remains regarding the validity of any Claim Forms, the dispute shall be submitted to the Settlement Administrator who shall apply the language of this Agreement to determine validity and whose decision regarding validity of the Claim Form shall be final.

    8.      **TIMING OF CLAIM PAYMENTS.** Within 180 days after the Final Effective Date, Lowe's will provide the payable Settlement Benefits to the Settlement Administrator, without interest. The Settlement Administrator shall make all payments of the Settlement Benefits to Class members as required by the Settlement.

    9.      **COSTS OF NOTICE AND ADMINISTRATION.** Class Counsel shall be responsible for all costs of implementing the Notice plan and the costs of the Settlement Administrator. Upon preliminary approval of the Agreement, the Company agrees to deposit, into an escrow account controlled by Class Counsel, $1 million ($1,000,000.00) dollars to be used by Class Counsel for implementing the Notice plan and to pay the Settlement Administrator for all claims administration processes (the "Notice and Claims Administration Payment"). If this Agreement is terminated for any reason, then the balance of the Notice and Claims Administration Payment shall be returned to the

Case 2:09-md-02047-EEF-MBN  Document 6050-1  Filed 10/21/10  Page 23 of 32
Case 3:09-cv-08189-DGC  Document 70-2  Filed 07/30/10  Page 23 of 65
Case 2:09-md-02047-EEF-JCW  Document 501-2  Filed 08/09/10  Page 24 of 40

Company within five (5) business days of the termination date. After the Final Effective Date, any balance of the Notice and Claims Administration Payment may be withdrawn from the escrow account and disbursed to Class Counsel.

10.     **ATTORNEYS' FEES AND EXPENSES.** The Company agrees to pay to Class Counsel a reasonable attorneys' fee as ordered by the Court not to exceed one-third of the Maximum Aggregate Class Fund Amount which shall include all costs and expenses of any kind and nature, in addition to any remainder of the Notice and Claims Administration Payment set forth in Section 9. Class Counsel agrees to make an application to the Court for an award of attorneys' fees, including all costs and expenses of any kind and nature, in a total amount not to exceed $2.166 million ($2,166,000.00) dollars, and Class Counsel agrees not to seek or accept any award exceeding such amount. Provided such fee, expense and cost award does not exceed $2.166 million ($2,166,000.00) dollars, the Company shall not object to such application and shall pay the attorneys' fees, expense and cost award made by the Court in the Final Order and Judgment within thirty (30) days after the Final Effective Date. Class Counsel represents and warrants that all other legal counsel in the Action, if any, who are entitled to any part of the attorneys' fees or costs shall be compensated from the amount awarded by the Court to Class Counsel.

11.     **CONFIDENTIALITY.** Neither Settlement Class members nor Class Counsel shall use or disclose any information obtained in the Action or in connection with the Settlement for any purpose other than the Action and administration of the Settlement. Any protective order entered in the Action shall remain in force including but not limited to any such order which protects confidential information and documents obtained through confirmatory discovery or voluntarily produced by the Company. The Parties shall move for a protective order in the Action at the Company's request to protect the confidentiality of any Company documents. All documents produced by the Company in discovery in the Action shall be destroyed or returned to the Company at its option after the Final Effective Date.

12.     **INCENTIVE PAYMENTS.** For their efforts on behalf of the Class, within thirty

20

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 24 of 32
Case 3:09-cv-08189-DGC   Document 70-2   Filed 07/30/10   Page 24 of 65
Case 2:09-md-02047-EEF-JCW   Document 501-2   Filed 08/09/10   Page 25 of 40

(30) days after the Final Effective Date, the Company shall pay to the Representative Plaintiff the sum of $5,000 as an incentive award by delivering to Class Counsel a check made payable to the Representative Plaintiff.

13.    **CLASS RELEASE AND INJUNCTION.**

(a)    <u>Release.</u> Except as expressly provided in subsection (b) below, as of the Final Effective Date, the Representative Plaintiff, and all Settlement Class members who have not properly and timely excluded themselves from the Class, on behalf of themselves and all representatives, heirs, successors, assigns, and any other persons or entities claiming under or through them (collectively, the "Releasing Parties") do hereby expressly and irrevocably waive, release, and forever discharge the Company and all of their respective current and former officers, directors, stockholders, subsidiaries, parents, affiliated companies, employees, agents, attorneys, predecessors, successors, heirs, and assigns (collectively the "Released Parties") from any and all claims, demands, complaints, disputes, causes of action, rights of action, suits, debts, liabilities, obligations, and damages of every nature whatsoever, including but not limited to personal injury or property damages, economic, compensatory or punitive damages, fines, costs, repair or replacement damages, subrogation, or indemnity claims, whether based on federal, state, or local law, statute, ordinance, regulation, warranty, tort law, product liability law, common law, equity, private contract, agreement, or any other authority or basis whatsoever (collectively, "Claims"), whether known or unknown, asserted or unasserted, patent or latent, that the Releasing Parties now have, ever had, or may in the future have, arising out of, resulting from, or relating in any way to allegedly Defective Drywall, or component parts, including, without limitation:

(i)    Any right to bring a representative or class action claim of any nature whatsoever relating to allegedly Defective Drywall based in whole or in part on any fact, act, omission, event, or circumstance, whether known or unknown, in existence or which occurred at any time on or before the Final Effective Date; and

(ii)    Any and all Claims for attorneys' fees, costs, or expenses.

21

The Representative Plaintiff and Settlement Class members acknowledge that they are aware that they may hereafter discover Claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein. Nevertheless, it is the intention of the Settlement to fully, finally and forever settle and release all such matters and all Claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action). It is expressly understood that the Release will extinguish all Claims of every nature regardless of whether the Claims are known at the time of the Settlement or Final Order and Judgment. All Settlement Class members hereby expressly waive and relinquish any and all rights conferred by California Civil Code § 1542 which provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the Release, which if known by him or her must have materially affected his or her settlement with the debtor." All Settlement Class members further waive and relinquish any rights conferred by similar laws of any other states that would conflict with or restrict the ability of Settlement Class members to release claims unknown or unsuspected at the time of Settlement or the Final Order and Judgment.

      (b)    <u>Notice of Release.</u> The Notice shall contain language explaining to Class members that the Release to be included in the Settlement is comprehensive and is an essential term to the Settlement and should be reviewed carefully because it will affect their rights and that anyone not in agreement with the Release should take steps to exclude themselves from the Settlement.

      (c)    <u>Injunction.</u> Upon entry of the Final Order and Judgment, all Representative Plaintiffs and Class members who have not timely and properly opted out and excluded themselves from the Settlement shall be permanently barred and enjoined:

          (i)    from filing, commencing, continuing, prosecuting, intervening in,

22

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 26 of 32
Case 3:09-cv-08182-DGC   Document 70-2   Filed 07/30/10   Page 26 of 65
Case 2:09-md-02047-EEF-JCW   Document 501-2   Filed 08/09/10   Page 27 of 40

or participating in (individually or in a representative capacity) any lawsuit, action, or proceeding in any jurisdiction asserting or based upon any claims or causes of action released in the Settlement and the Final Order and Judgment; and

    (ii)    from soliciting or encouraging any other Class members to participate in any such lawsuit, action, or proceeding.

14.    **FINAL ORDER AND JUDGMENT.** Prior to the Fairness Hearing the Parties shall file their briefs in support of entry of the Final Order and Judgment.

    (a)    <u>Final Order and Judgment.</u> The proposed Final Order and Judgment, to be jointly submitted by the Parties, shall include provisions necessary to effectuate and enforce the Settlement including, among other things, provisions:

    (i)    finding that the Court has personal jurisdiction over all Settlement Class members and that the Court has subject matter jurisdiction to approve the Agreement;

    (ii)    approving the Agreement and the Settlement as fair, reasonable, adequate, and consistent and in compliance with all applicable requirements of Ga. Code Ann. § 9-11-23 and due process;

    (iii)    finding that the Notice Plan under the Agreement constitutes the best practicable Notice, constitutes notice that was reasonably calculated under the circumstances to apprise Settlement Class members of the Action, the Settlement, their right to object to or exclude themselves from the Settlement and their right to appear at the Fairness Hearing, and fully complies with the requirements of due process as required by applicable law;

    (iv)    finding that Class Counsel and the Representative Plaintiff have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and approving the payment of fees and incentive payments as provided under the Agreement;

23

        (v)     dismissing the Action with prejudice;

        (vi)     incorporating the Release provisions of the Agreement and making the Release effective as of the date of the Final Order and Judgment and forever discharging the Released Parties from any Claims or liabilities for any Released Claims;

        (vii)     permanently barring and enjoining all Settlement Class members who have not been timely and properly excluded from the Class, or anyone acting on their behalf, from (A) filing, commencing, continuing, prosecuting, intervening in, or participating in (individually or in a representative capacity) any lawsuit, action, or proceeding in any jurisdiction asserting or based upon any Claims released in the Final Order and Judgment, or (B) soliciting, organizing, or encouraging any other Settlement Class members to participate in any such lawsuit, action, or proceeding;

        (viii)     authorizing the Parties, without further approval from the Court and without further notice to the Settlement Class, to agree to and adopt such amendments or modifications of the Agreement which are (A) consistent with the Final Order and Judgment, and (B) do not limit the rights of Class members under the Agreement; and

        (ix)     without affecting the finality of the Final Order and Judgment for purposes of appeal, providing that the Court shall retain jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement and the Final Order and Judgment, and for any other necessary purpose.

    (b)    **Dismissal of Action.** Upon entry of the Final Order and Judgment, the Representative Plaintiff shall dismiss the Action with prejudice.

    15.    **TERMINATION AND EFFECT OF TERMINATION.**

        (a)    **Termination.** This Agreement and the Settlement will terminate upon any of the following events:

        (i)     The Court denies preliminary approval of the Settlement;

24

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 28 of 32
Case 3:09-cv-09189-DCC   Document 79-2   Filed 07/30/10   Page 28 of 65
Case 2:09-md-02047-EEF-JCW   Document 3011-2   Filed 03/09/10   Page 29 of 40

        (ii)     The Court does not enter the Final Order and Judgment after the Fairness Hearing;

        (iii)    If the Company, in its sole judgment and discretion, determines that the number of Class members who opt out of the Settlement by filing timely Requests for Exclusion is unsatisfactory to the Company; or

        (iv)    If the Court or any appellate court rejects, modifies, or denies approval of any portion or part of the Agreement (including any Exhibits) or otherwise changes the terms of the Settlement in any way that the Company in its sole judgment and discretion determines to be material, including but not limited to changes in any terms of relief, the Preliminary Approval Order, the Release, or the Final Order and Judgment, in which case the Company shall notify Class Counsel, in writing, within thirty (30) days after it receives notice of the event creating its right to terminate.

        (v)     Failure of the Court to award the fees and expenses requested by Class Counsel shall not be grounds to otherwise terminate this Settlement and Agreement as the Parties expressly agree that all other terms of this Agreement shall remain in full force and effect.

    (b)    <u>Effect of Termination.</u> If this Agreement is terminated and the Settlement does not result in entry of the Final Order and Judgment:

        (i)     the Agreement shall be null and void and shall have no further force or effect, and no party shall be bound by any of its terms, except that the terms of Sections 2(b) (not including the first sentence of Section 2(b)), 2(e), 9, 11, and 17 shall survive and continue in effect after any termination of this Agreement;

        (ii)    the Parties shall be restored to the extent possible to their respective positions existing immediately before execution of the Agreement; and

        (iii)   the Action shall be dismissed without prejudice and shall proceed no further.

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 29 of 32
Case 3:09-cv-00489-DCN   Document 79-2   Filed 07/30/10   Page 29 of 65
Case 2:09-md-02047-EEF-JCW   Document 3011-2   Filed 08/09/10   Page 30 of 40

16.    **SETTLEMENT OBLIGATIONS.** The Company shall have no further or additional financial or obligations other than as expressly set forth in this Agreement. All Settlement Class members and Class Counsel shall be responsible for any taxes that may be imposed as a result of their participation in the Settlement or payments received under the Settlement.

17.    **PUBLIC COMMUNICATIONS.** The Parties agree that Class Counsel and the Representative Plaintiff shall not publish any type of press release or make any announcement, including publication on the internet, concerning the Settlement without the Company's prior review and approval.

18.    **GENERAL PROVISIONS.**

(a)    **Construction.** This Agreement is the result of extensive negotiation by the Parties, each represented by experienced independent counsel. This Agreement shall be deemed a product of the mutual effort of the Parties. This Agreement shall be construed fairly as to all Parties; it shall not be construed for or against any Party based on the extent to which that Party participated in its preparation. No Party shall be considered the drafter of this Agreement, and no presumptions favoring any Party shall be used in interpreting or construing this Agreement.

(b)    **Entire Agreement; Modifications.** This Agreement including the Exhibits constitutes the complete and entire agreement between the Parties to this Agreement, and this Agreement may not be contradicted by evidence of any prior or contemporaneous agreements. Any modification of this Agreement must be in writing and signed by Class Counsel and counsel to the Company.

(c)    **Waiver.** No waiver of any provision of this Agreement nor consent to any departure from this Agreement shall be effective unless the same shall be in writing and signed by the Party to be charged therewith, and approved by the Court if necessary, and then such modification, waiver, or consent shall be effective only in the specific instance and for the specific purpose for which given. The failure to seek redress for violation of, or to insist upon

Case 2:09-md-02047-EEF-MBN  Document 6050-1  Filed 10/21/10  Page 30 of 32
Case 3:09-cv-08189-PGS  Document 70-2  Filed 07/30/10  Page 30 of 65
Case 2:09-md-02047-EEF-JCW  Document 301-2  Filed 08/05/10  Page 31 of 40

the strict performance of, any term, covenant, or condition of this Agreement shall not prevent a later demand for cure thereof, nor shall any such failure operate as a waiver or affect a party's rights in the event of any subsequent violation.

(d)   **Cooperation.** The Parties and their counsel agree to cooperate fully with one another in seeking Court approval of the Agreement and to use their best efforts to support and defend the Settlement and to effect the prompt approval and consummation of the Settlement.

(e)   **Binding Effect; Successors and Assigns.** This Agreement shall be binding upon the Parties and all of their heirs, spouses, dependents, beneficiaries, agents, executors, representatives, and all other persons claiming under or through them. This Agreement shall inure to the benefit of the Company, the Released Parties, and their respective successors and assigns.

(f)   **Third Parties.** This Agreement shall not expand the rights of any third parties who are not Parties or Released Parties under this Agreement, and only the Parties including Settlement Class members, shall acquire any rights hereunder. Other than the Released Parties, there are no intended third party beneficiaries to this Agreement.

(g)   **Governing Law.** This Agreement shall be governed by the laws of the State of Georgia.

(h)   **Authority to Execute.** The undersigned signatories to this Agreement represent and warrant that they have full authority and consent of all other necessary persons to execute this Agreement on behalf of themselves and any Parties they represent.

(i)   **Headings and Captions.** The various headings and captions of this Agreement are for convenience only and shall not be considered in interpreting the legal effect of this Agreement.

(j)   **Counterparts.** This Agreement may be executed in counterparts, and execution of counterparts shall have the same force and effect as if all Parties to this Agreement had

Case 2:09-md-02047-EEF-MBN   Document 6050-1   Filed 10/21/10   Page 31 of 32
Case 3:09-cv-98489-DCC   Document 79-2   Filed 07/30/10   Page 31 of 65
Case 2:09-md-02047-EEF-JCW   Document 3011-2   Filed 03/09/10   Page 32 of 40

signed the same instrument. A true and correct copy of the Agreement shall be enforceable the same as an original.

IN WITNESS WHEREOF, and intending to be legally bound, this Agreement has been executed below by the undersigned counsel on behalf of the Parties to this Agreement.

Dated July 27, 2010.

CLASS COUNSEL

Austin Gower
1425 Wynnton Rd
PO Box 5509
Columbus, GA 31906

Don Barrett
Don Barrett, PA
404 Court Square
PO Box 927
Lexington, MS 39095

Dewitt Lovelace
Lovelace Law Firm, PA
12870 US Hwy. 98 West
Miramar Beach, FL 32550

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
PO Box 71
Plaquemine, LA 70765

and

LOWE'S COUNSEL

William B. Gaudet
Francis V. Liantonio, Jr.
Adams and Reese LLP
701 Poydras Street
New Orleans, LA 70139

28

| | |
|---|---|
| Exhibit A: | Point of Sale Notification Form |
| Exhibit B: | Publication Notice Form |
| Exhibit C: | Detailed Notice Form |
| Exhibit D: | Claim Form |
| Exhibit E: | Order Preliminarily Approving Class Action Settlement, Settlement Class Certification, and to Schedule Final Fairness Hearing |
| Exhibit F: | Proposed Final Order and Judgment |