UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>**BARRY DEMPSTER, et al.**<br>CASE NO. 2:09-5482-EEF-JCW; AND<br><br>**T. JACK KENT, et al.,**<br>CASE NO. 2:10-01110-EEF-JCW; AND<br><br>**OMNIBUS COMPLAINT III (GROSS/BENES)**<br>CASE NO. 2:09-6690-EEF-JCW. | MDL No. 2047<br><br>SECTION "L"<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

### MEMORANDUM IN OPPOSITION TO PSC'S PURPORTED RULE TO SHOW CAUSE

The purported Rule to Show Cause filed by the Plaintiffs' Steering Committee ("PSC"), and directed personally against an attorney for Lowe's Home Centers, Inc.,[1] should be disregarded as one not authorized by the Federal Rules of Civil Procedure. In addition to its fatal procedural flaws, the very foundation of the filing is likewise flawed.

### ARGUMENT

**A. There is no such thing as a federal "Rule to Show Cause" for the Court to even consider.**

The PSC fails to cite any Rule of Civil Procedure authorizing them to file a so-called "Rule to Show Cause." No such rule exists. Rule 7(a) lists the pleadings allowed by the Rules of

---

[1] The Rule to Show Cause is also directed against attorneys for certain plaintiffs.

1

Civil Procedure.[2] Absent from the list is a "rule to show cause." Under Rule 7(b), any request for a court order must be made by motion. A so-called "rule to show cause" is not a proper part of civil practice under the Federal Rules of Civil Procedure. *See U.S. v. Rollnick*, 33 F. Supp. 863, 865 (M.D. Pa. 1940) ("[S]ince the effective date of the New Rules of Civil Procedure, rules to show cause have not been properly a part of civil practice."); *Walling v. Moore Milling Co.*, 62 F. Supp. 378, 382 (W.D. Va. 1945) ("[T]he entry of the rule to show cause was improper ....").

**B.  Lowe's counsel has not interfered in any way with the Court's jurisdiction.**

Aside from the procedural impropriety, the PSC filing begs the question now before the Court. The PSC asks this Court to sign an order compelling counsel for Lowe's to appear in person "to explain why [he has] engaged in conduct interfering with this Court's jurisdiction over the Chinese-manufactured drywall multidistrict and class action litigation in MDL 2047."[3] This wrongly and improperly assumes that interference with jurisdiction has occurred. This Court has made no such finding. In fact, the PSC has not identified any order violated by counsel for Lowe's, nor can they, because no such order exists.  The PSC has not submitted any evidence to support this extraordinary allegation, nor can they, because no such evidence exists.  Instead, the PSC relies upon unsupported and conclusory conjecture in the PSC's Memo in Support of Motion to Enjoin.

---

[2] Rule 7(a) provides:
    (a) **Pleadings.** Only these pleadings are allowed:
        (1) a complaint;
        (2) an answer to a complaint;
        (3) an answer to a counterclaim designated as a counterclaim;
        (4) an answer to a crossclaim;
        (5) a third-party complaint;
        (6) an answer to a third-party complaint; and
        (7) if the court orders one, a reply to an answer.
Fed. R. Civ. P. 7(a).

[3] PSC's proposed Order to Show Cause.

Rather than responding in kind, here are facts, supported by the affidavit of Lowe's counsel William B. Gaudet attached as Exhibit A to this memorandum, demonstrating that the filing of the so-called "Rule to Show Cause" was misguided:

- Before the PSC became aware of the preliminary approval of Lowe's settlement in Georgia state court, Lowe's had never been contacted by any member of the PSC about settlement;

- The first notice to counsel for Lowe's that there was a mediation scheduled in the MDL -- a mediation to which Lowe's *was not invited* – was *after* Lowe's obtained preliminary approval of its settlement in Georgia state court;

- Lowe's was never ordered to participate in any settlement discussions in the MDL;

- Before the filing of this so-called Rule to Show Cause, Lowe's has never been part of any settlement discussions with the PSC;

- Lowe's was never invited to any of the settlement discussions the PSC is reportedly having with some defendants; and

- Before the filing of this so-called Rule to Show Cause or the motion to enjoin, the PSC did not "meet and confer" with Lowe's counsel.

Concededly, no "meet and confer" requirement attends the filing of a rogue pleading. Had the PSC talked with Lowe's counsel beforehand, though, it might have spared everyone the need to deal with baseless allegations such as the following:

- **BASELESS ALLEGATION:** "The Georgia action includes *all of the plaintiffs before this Court in MDL 2047* and serves as an interference with and a roadblock to this Court's management of and supervision over the resolution of CDW cases."[4]
- **TRUTH:** The Georgia action includes claims *only against Lowe's.*

Not even a handful of plaintiffs in the MDL have asserted claims against Lowe's, despite a wave of print and television advertisements, including commercials featuring Coach Sean Payton of the Super Bowl Champion New Orleans Saints. Those few persons are the *only* plaintiffs before this Court included in the Georgia settlement. Should they wish to exclude themselves from the *Vereen* settlement and proceed with their claims in the MDL, *they can opt out,* and counsel for Lowe's has been advised that is exactly what they plan to do. Whether these Plaintiffs remain part of the *Vereen* settlement or opt out and pursue their CDW in the MDL, these Plaintiffs will maintain all of their claims against every other potential defendant.

The PSC's touting its expenses in serving foreign manufacturers, how it attracted and aggregated plaintiffs, and how it put the "mass" in mass tort, and how these efforts have prompted some defendants to have settlement discussions[5] may have some relevance to other issues before the court, but it has no relevance to Lowe's. Lowe's assumes other defendants are having settlement discussions; but exploratory conversation does not begin to justify the Draconian remedy sought by the PSC. No significant settlement has yet been achieved in the MDL.[6] Accordingly, this situation does not even remotely compare with the situation in the

---

[4] PSC's Memo in Support of Motion to Enjoin, page 9, emphasis supplied.
[5] *Id.*, at page 7, emphasis supplied.
[6] The KPT pilot program is addressed in Lowe's Memo in Opposition to the PSC's Motion to Enjoin, which is incorporated herein by reference.

4

lonely, and easily distinguishable decision the PSC relies upon.[7] There, when the federal court enjoined a state court, 18 of 26 defendants *had* settled, and settlements with the other 8 were imminent.

The Lowe's settlement of the Georgia action is in fact the only relief actually offered to such a broad class of homeowners who claim to have purchased allegedly defective drywall from Lowe's.[8] And that settlement affects but three of the thousands of plaintiffs in the MDL.

Counsel for Lowe's has not interfered with this Court's jurisdiction.[9] Lowe's counsel has acted on behalf of a client who has every right to defend and settle claims in state court. Lowe's has succeeded in reaching a settlement that will allow numerous homeowners to get relief from Lowe's for claims associated with allegedly defective drywall ***while fully reserving all rights to obtain additional recoveries from manufacturers and any other allegedly responsible parties***, a fact the PSC fails to include in its discussion of the Georgia state court settlement. Activity like this does not interfere with the Court's jurisdiction. *See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engrs.*, 398 U.S. 281, 295–96 (1970) (parallel state-court litigation "did not hinder the federal court's jurisdiction so as to make an injunction necessary to aid that jurisdiction"); *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642 (1977) ("We have never viewed parallel in personam actions as interfering with the jurisdiction of either court …."); *Retirement Sys. of Ala. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 426 (2d Cir. 2004) (quoting *Vendo* and applying it to MDL setting).

---

[7] *In re Baldwin-United Corp.*, 770 F.2d 328 (2d Cir. 1985), which was distinguished by the Second Circuit in *Retirement Systems of Alabama v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 427 (2d Cir. 2004).
[8] The PSC's attack on Lowe's and its counsel about this settlement is remarkably similar to the PSC attack on homebuilders who have tried to settle with homeowners to allow them to repair their homes. The common thread in the attacks is that there is no financial benefit to the PSC in either situation if the settlements go forward.
[9] This argument is fully set forth in Lowe's Memo in Opposition to the PSC's Motion to Enjoin, which is incorporated herein by reference.

## CONCLUSION

Uniformly rejected by modern courts, the "rule to show case" is a relic. The PSC's Rule to Show Cause lacks both procedural and factual grounding. As this Court has not certified a class, has not preliminarily approved a settlement, and has not issued any order precluding the parties from taking action in state court, counsel for Lowe's cannot have interfered with this Court's jurisdiction by representing his client in state court in Georgia. He therefore asks the Court to deny the relief sought by the PSC.

Respectfully submitted,

**ADAMS AND REESE LLP**
*/s/Francis V. Liantonio, Jr.*
WILLIAM B. GAUDET (#1374)
FRANCIS V. LIANTONIO, JR. (#19282)
EDWIN C. LAIZER (#17014)
JEFFREY E. RICHARDSON (#23273)
701 Poydras Street
One Shell Square, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
William.Gaudet@arlaw.com
Frank.Liantonio@arlaw.com
Edwin.Laizer@arlaw.com
Jeff.Richardson@arlaw.com
*Attorneys for Lowe's Home Centers, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman; Defendants' Liaison Counsel, Kerry Miller; and Homebuilders and Installers Liaison Counsel, Phillip A. Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 21st day of October, 2010.

/s/ *Francis V. Liantonio, Jr.*