UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 SECTION "L" |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| **BARRY DEMPSTER, et al.** CASE NO. 2:09-5482-EEF-JCW; AND | MAG. JUDGE WILKINSON |
| **T. JACK KENT, et al.,** CASE NO. 2:10-01110-EEF-JCW; AND | |
| **OMNIBUS COMPLAINT III (GROSS/BENES)** CASE NO. 2:09-6690-EEF-JCW. | |

### AFFIDAVIT OF WILLIAM B. GAUDET

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

Before me, the undersigned notary, on this day personally appeared William B. Gaudet, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified:

1. "My name is William B. Gaudet. I am over 18 years of age, of sound mind, and capable, qualified, and authorized to make this affidavit;

2. The facts stated in this affidavit are within my personal knowledge and are true and correct;

3. I am a partner with the law firm of Adams and Reese LLP and one of the attorneys of record for Lowe's Home Centers, Inc. in the above captioned litigation and have first-hand knowledge of the facts of the case;



4. Before the PSC became aware of the preliminary approval of Lowe's settlement in Georgia state court, Lowe's had never been contacted by any member of the PSC about settlement;

5. The first notice to counsel for Lowe's that there was a mediation scheduled in the MDL -- a mediation to which Lowe's was not invited – was after Lowe's obtained preliminary approval of its settlement in Georgia state court;

6. Lowe's was never ordered to participate in any settlement discussions in the MDL;

7. Before the filing of the PSC's so-called Rule to Show Cause, Lowe's has never been part of any settlement discussions with the PSC;

8. Lowe's was never invited to any of the settlement discussions the PSC is reportedly having with some defendants;

9. Before the filing of the PSC's so-called Rule to Show Cause or the PSC's motion to enjoin, the PSC did not "meet and confer" with Lowe's counsel;

10. Soon after the first lawsuit filed against Lowe's in this court, *Dempster v. Lowe's Home Centers, Inc.* (Civil Action 095482), co-counsel for Lowe's and I met with the attorney representing the Dempsters, expressed the belief that the lawsuit did not belong in the MDL, and invited him to send us any information he had suggesting otherwise. The Dempster home was inspected according to this Court's inspection protocol. That inspection revealed that no Chinese drywall was in that home. Lowe's filed Motion to Deconsolidate that lawsuit and claims from the MDL. (Rec. 1561).To date, I have not been informed by the PSC or by counsel for the Dempsters why that lawsuit remains in the MDL, given there was no Chinese drywall found in the home;

11. To date, none of the other plaintiffs with remaining lawsuits against Lowe's in the MDL have provided any evidence or support for those lawsuits' allegations that they have Chinese drywall from Lowe's in their homes and/or why those lawsuits should remain in the MDL. To date, Lowe's has no information to support those allegations. With respect to the 39 plaintiffs who have voluntarily dismissed their claims against Lowe's in the MDL, I have been advised by counsel for those plaintiffs that home inspections they have conducted have not found Chinese drywall; and

12. By entering into settlement discussions and ultimately agreeing to a class action settlement with the attorneys who had filed the *Vereen* class action lawsuit, which did not allege damages caused by Chinese drywall, I did not believe that I was violating any order of this court nor interfering, intentionally or otherwise, with the jurisdiction of this court.

_____
WILLIAM B. GAUDET

SWORN TO AND SUBSCRIBED BEFORE
ME ON THIS 29th DAY OF SEPTEMBER, 2010.

_____
WENDY K. QUILLIN
NOTARY PUBLIC NO. 86190

WENDY K. QUILLIN
NOTARY PUBLIC
NOTARY #86190
STATE OF LOUISIANA
My Commission Expires
At Death