UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION "L" |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| **BARRY DEMPSTER, et al.,** | MAG. JUDGE WILKINSON |
| v. | |
| **LOWE'S HOME CENTERS, INC.,** | |
| CASE NO. 2:09-5482-EEF-JCW; AND | |
| **T. JACK KENT, et al.,** | |
| v. | |
| **LOWE'S HOME CENTERS, INC.,** | |
| CASE NO. 2:10-01110-EEF-JCW; AND | |
| **OMNIBUS COMPLAINT III (GROSS/BENES)** | |
| CASE NO. 2:09-6690-EEF-JCW. | |

### LOWE'S HOME CENTERS, INC'S
### REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY

MAY IT PLEASE THE COURT:

Lowe's has previously demonstrated that the *Vereen* court offers the most efficient resolution of any drywall claims against Lowe's, for the following reasons:

- While no class has been certified in these MDL proceedings, a settlement class has been certified in *Vereen*.

1

- Although much activity has occurred in these MDL proceedings, almost none of it has moved any claim against Lowe's toward resolution. In contrast, the *Vereen* court has preliminarily approved a settlement of all drywall claims against Lowe's and scheduled a final fairness hearing, and the parties are nearly two months into a court-ordered nationwide publication and claims period.

- The *Vereen* settlement cannot possibly prejudice the rights of any plaintiff in the MDL who has sued Lowe's, because those plaintiffs have the right to opt out.

One federal court presiding over a domestic-drywall class action has already granted the same relief that Lowe's seeks here. In *Yee v. Lowes Companies, Inc.*, pending in the United States District Court for the District of Arizona, the court recently granted Lowe's motion to stay proceedings because of the *Vereen* action in Georgia.[1] The same relief is called for here.

The PSC, in contrast with Lowe's arguments, has not even attempted to show that resolution of the claims against Lowe's would be accomplished more efficiently in this MDL than in the *Vereen* court. Instead of addressing this core issue, the PSC offers several arguments having no bearing on whether the Court should grant Lowe's motion for a stay.

First, the PSC argues that this Court has invested substantial efforts in the MDL.[2] While Lowe's neither denies nor downplays this Court's efforts, to date very little has occurred in the MDL to advance resolution of the claims against Lowe's.[3] This is not surprising, as the claims against Lowe's are only a tiny fraction of the claims this Court is managing in the MDL. And while the PSC enumerates many administrative things the

---

[1] *See Yee v. Lowe's Companies, Inc.*, No. CV09-8189, Doc. 76, Case Mgt. Or. (D. Ariz. Aug. 18, 2010), copy attached as Ex. A.
[2] *See* PSC memo. at 1-2.
[3] For discussion of this point, see Lowe's original memo. at 4-6.

2

Court has done,[4] the PSC fails to show how any of those things has moved any claim against Lowe's closer to resolution.

Among this Court's efforts cited by the PSC are trials of bellwether cases.[5] But none of the bellwether trials involved Lowe's. Instead, they involved claims against manufacturers who either failed to appear for trial or who essentially stipulated to liability. The few claims in the MDL against Lowe's, on the other hand, would be vigorously contested on many grounds, including the threshold issue of whether the claimants even have Chinese-manufactured drywall from Lowe's in their homes. And if they don't, as Lowe's has pointed out to the court is the case of Mr. and Mrs. Dempster who are suing Lowe's in the MDL, they don't even belong in the MDL.

Second, the PSC criticizes the terms of the *Vereen* settlement as being "problematic."[6] While Lowe's believes the settlement is fair and in the best interest of that class, the PSC's arguments to the contrary are directed to the wrong court. The place to voice objections to the *Vereen* settlement is in the Georgia state court presiding over *Vereen,* and the people who have standing to object are individual class members, not the PSC in another proceeding. Any individual class member who fails to opt out of *Vereen* has the right to file an objection to the settlement, which will be considered at the fairness hearing. Any party dissatisfied with the outcome of the fairness hearing may appeal through the Georgia state-court system and (if a federal-law issue is involved) ultimately petition the U.S. Supreme Court for a writ of certiorari. This Court, in contrast, has no jurisdiction to review the *Vereen* court's orders. *See Atlantic Coast Line R.R. Co.*

---

[4] *See* PSC memo. at 1-2.
[5] *See* PSC memo. at 2.
[6] *See* PSC memo. at 3-5.

*v. Brotherhood of Locomotive Engrs.*, 398 U.S. 281, 296 (1970) ("[L]ower federal courts possess no power whatever to sit in direct review of state court decisions.").

Third, the PSC rehashes its arguments in support of its motion to enjoin the *Vereen* proceedings.[7] For reasons stated in Lowe's opposition to that motion, the injunction sought by the PSC would violate the Anti-Injunction Act.[8] The injunction sought by the PSC would not only violate the Anti-Injunction Act, but also deprive Lowe's and the certified class in *Vereen* of an efficient resolution of the drywall claims against Lowe's.[9]

The PSC argues that final approval of the *Vereen* settlement is uncertain.[10] Lowe's believes that the *Vereen* settlement is fair and that it should be approved. But if it is not, this Court can then reconsider any stay it grants now. The PSC has indicated that it will take the strategy of opting OUT the few plaintiffs that have claims in the MDL against Lowe's, while utilizing other claimants for the purpose of objecting to the *Vereen* settlement. While the appropriateness of that strategy is debatable, the intent and apparent ability of the PSC to formally object in Georgia further supports issuing a stay in the MDL, to allow the PSC, or anyone else, to voice their objections to the *Vereen* settlement. The Georgia court can then weigh the evidence for and against any objections to the *Vereen* settlement. Through its motion to stay, Lowe's simply asks this Court to stay the MDL proceeding against Lowe's only, up to and through resolution of the *Vereen* fairness hearing. This stay would not affect any other defendant or any Plaintiff's rights to pursue remedies against any other defendants in the MDL or

---

[7] PSC memo. at 5-6.
[8] 28 U.S.C. § 2283.
[9] Rather than repeat itself, Lowe's incorporates herein by reference its opposition to the PSC's motion for an injunction.
[10] PSC memo. at 7.

4

otherwise. Nor would this stay affect the rights of any MDL Plaintiffs who chose to opt out of the *Vereen* settlement.

Indeed, the stay sought by Lowe's would allow orderly completion of a process already well underway in state court. The *Vereen* settlement was preliminarily approved on July 27, 2010. Claim forms are being submitted daily by mail and online through the website: www.DrywallSettlement.info. A toll free number has been established to answer questions and to allow claimants to request detailed notice and forms. The deadline for opt-outs is November 9, 2010, and the fairness hearing is scheduled for November 19, 2010. By granting a stay, this Court would accord full faith and credit to these ongoing state-court proceedings. In contrast, denial of a stay not only would create the danger of undue interference in these ongoing state-court proceedings, but also would prejudice the rights of numerous class members who have affirmatively expressed their desire to participate in the *Vereen* settlement.

Despite the PSC's arguments, Lowe's central argument for a stay remains unrefuted: A stay would serve the interests of judicial economy and efficient resolution of any drywall claims against Lowe's. The PSC, understandably, does not even attempt to refute this fact.

Lowe's therefore prays that this Court reject the PSC's arguments and grant Lowe's motion for a stay.

                    Respectfully submitted,

                    **ADAMS AND REESE LLP**

                    */s/Francis V. Liantonio, Jr.*
                    WILLIAM B. GAUDET (#1374)
                    FRANCIS V. LIANTONIO, JR. (#19282)
                    EDWIN C. LAIZER (#17014)
                    JEFFREY E. RICHARDSON (#23273)
                    701 Poydras Street
                    One Shell Square, Suite 4500
                    New Orleans, LA 70139
                    Telephone: (504) 581-3234
                    Facsimile: (504) 566-0210
                    William.Gaudet@arlaw.com
                    Frank.Liantonio@arlaw.com
                    Edwin.Laizer@arlaw.com
                    Jeff.Richardson@arlaw.com

                  ***Attorneys for Lowe's Home Centers, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman; Defendants' Liaison Counsel, Kerry Miller; and Homebuilders and Installers Liaison Counsel, Phillip A. Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 21st day of October, 2010.

                                        */s/ Francis V. Liantonio, Jr.*