# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Yee, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Lowe's Companies, Inc.,<br><br>Defendants. | No. CV09-8189 PCT-DGC<br><br>**CASE MANAGEMENT ORDER** |

On August 4, 2010, a Case Management Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a joint case management report. On the basis of the Case Management Conference and the joint report,

**IT IS HEREBY ORDERED:**

1. The motion of Defendant Lowe's HIW, Inc. to stay this action against it is **granted**. Doc. 69. The order from the Georgia court appears clearly to apply to Plaintiff Yee, who has not opted out of the Georgia class. On or before **December 1, 2010**, the parties shall file a status report concerning the Georgia action and its affect on the stayed claims against Defendant Lowe's.

2. This order governs class certification discovery and motion practice. A second case management conference will be held after class certification is decided.



3.  <u>Deadline for Initial Disclosures</u>. Initial disclosures required by Federal Rule of Civil Procedure 26(a), if not already exchanged, shall be exchanged no later than **August 5, 2010**. The parties shall file with the Clerk a Notice of Initial Disclosure, rather than copies of the actual disclosures.

4.  <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

5.  <u>Class Certification Discovery Limitations</u>. Depositions shall be limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure. Each side may propound up to 45 interrogatories, including subparts, 45 requests for production of documents, including subparts, and 45 requests for admissions, including subparts.

6.  <u>Deadline for Completion of Class Certification Discovery</u>.

    a.  Plaintiff shall permit Defendant to inspect the dry wall at issue in this case by **September 4, 2010**. If any additional plaintiff is added to the case, such inspection shall occur within 30 days of filing the amended complaint.

    b.  Plaintiff shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **November 12, 2010**.

    c.  Defendant shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **December 17, 2010**.

    d.  Discovery, including expert depositions, shall be completed by **January 28, 2010**.

    e.  All depositions shall be scheduled to commence at least five working days prior to the discovery deadline. A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

    f.  All interrogatories, requests for production of documents, and requests for admissions shall be served at least 45 days before the discovery deadline.

      g.    Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who have not been specially employed to provide expert testimony in this case, but who will provide testimony under Federal Rules of Evidence 702, 703, or 705. A Rule 26(a)(2)(B) report is required for any opinion of such witnesses that was not developed in the course of their treatment or other factual involvement in this case.

      h.    As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports disclosed under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefore." Full and complete disclosures of such testimony are required on the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

      i.    Each side shall be limited to one retained or specially employed expert witness per issue.

7.    Class Certification Motion.

      a.    The motion for class certification shall be filed by **February 18, 2011**.

      b.    The response shall be filed by **March 11, 2010**.

      c.    The reply shall be filed by **April 1, 2011**.

      d.    A class certification hearing will be held at **3:00 p.m. on April 8, 2011**.

8.    Discovery Disputes.

      a.    The parties shall not file written discovery motions without leave of Court. If a discovery dispute arises, the parties promptly shall contact the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference.

      b.    Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort

as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

      c.    Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

9. <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this order, and should plan their litigation activities accordingly.

DATED this 17th day of August, 2010.

_____
David G. Campbell
United States District Judge