UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| KIMBER FORET AND RYAN FORET | * * | MAG. WILKINSON |
| Versus | * * | |
| KNAUF GIPS KG, KNAUF PLASTERBOARD TAINHIN CO., LTD., TAISHAN GYPSUM CO. LTD., F/K/A SHNDONG TAIHE DONGXIN CO., LTD., USG CORPORATION, L&W SUPPLY CORPORATION, D/B/A SEACOAST SUPPLY, INTERIOR/ EXTERIOR BUILDING SUPPLY, INDEPENDENT BUILDERS SUPPLY ASSOCIATION, INC., ROTHCHILT INT. LTD, LEE ROY JENKINS, AND STATE FARM FIRE & CASUALTY COMPANY | * * * * * * * * * * | 10-1553 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER
AND DEFENSES TO PLAINTIFFS' PETITION AND
<u>FIRST AMENDING PETITION FOR DAMAGES</u>**

Defendant State Farm Fire and Casualty Company ("State Farm") submits the following Answer and Defenses to the Petition for Damages and First Amending Petition for Damages (collectively, "the Petition") filed by Plaintiffs, Kimber Foret and Ryan Foret.

## DEFENSES

### FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

### THIRD DEFENSE

Any claim asserted in the Petition against State Farm is based on a contract of insurance between Plaintiffs and State Farm. State Farm avers that the Homeowners Insurance Policy issued by State Farm to Plaintiffs, a copy of which is attached to this Answer as Exhibit A (the "Policy"), being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

### FOURTH DEFENSE

As to the losses for which Plaintiffs seek to recover in this litigation, State Farm has not been afforded satisfactory proof of loss covered by the Policy, as is required by jurisprudential law, statutory law, and the terms and conditions of the Policy.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged loss to their home is not an "accidental direct physical loss" under the terms of "**SECTION I – LOSSES INSURED COVERAGE A – DWELLING**" of the Policy.

**SIXTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because any alleged loss to their personal property was not caused by an enumerated peril under the terms of "**SECTION I – LOSSES INSURED** . . . **COVERAGE B – PERSONAL PROPERTY**" of the Policy.

**SEVENTH DEFENSE**

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

    1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    . . .

    g.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

    . . .

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by inherent vice or latent defect.

**EIGHTH DEFENSE**

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

    1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n.

>
> below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . .
>
> h.        corrosion, electrolysis or rust;
>
> . . .
>
> However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by corrosion.

## NINTH DEFENSE

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

> 1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . .
>
> j.        contamination;
>
> . . .
>
> However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by contamination.

## TENTH DEFENSE

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

. . .

    3.    We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following:  (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    . . .

    b.    defect, weakness, inadequacy, fault or unsoundness in:

    . . .

        (2)    design, specifications, workmanship, construction, grading, compaction; [or]

        (3)    materials used in construction or repair; . . .

        . . .

        of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**;

    . . .

    However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by defective or faulty workmanship, construction or materials used in construction.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the losses alleged in the Petition are not resulting losses covered under the Policy and any alleged resulting losses are themselves Losses Not Insured under the Policy.

5

**TWELFTH DEFENSE**

Plaintiffs' claims for Loss of Use and Additional Living Expenses are barred because a Loss Insured has not caused the residence premises to become uninhabitable under the terms of "**SECTION I – COVERAGES** . . . **COVERAGE C – LOSS OF USE**" of the Policy.

**THIRTEENTH DEFENSE**

Plaintiffs' claims for any diminution in the value of their home are barred because no specific policy term provides coverage for such alleged loss. *Townsend v. State Farm Mut. Auto. Ins. Co.*, 34,901-CA, p. 11 (La. App. 2 Cir. 8/22/01); 793 So. 2d 473, 479–80; *Campbell v. Markel Am. Ins. Co.*, 2000 CA 1448, pp. 6–8, 18 (La. App. 1 Cir. 9/21/01); 822 So. 2d 617, 621–23, 628.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because any alleged bodily injury suffered by them is not covered under the terms of the Policy.

**FIFTEENTH DEFENSE**

The Petition improperly seeks to impair the obligation of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

**SIXTEENTH DEFENSE**

The Petition improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the United States Constitution, including, but not limited to, the Supremacy Clause, the Due Process Clause, the Equal Protection Clause and the Commerce Clause.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by their failure to take reasonable steps to mitigate their damages.

**NINETEENTH DEFENSE**

State Farm avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives. If Plaintiffs suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of Plaintiffs or of third parties for whom State Farm is not responsible.

**TWENTIETH DEFENSE**

State Farm adjusted Plaintiffs' claim in good faith, in accordance with the terms and conditions of the Policy, and in compliance with applicable statutory or jurisprudential law.

**TWENTY-FIRST DEFENSE**

Plaintiffs have no statutory or jurisprudential right of action to recover attorneys' fees.

**TWENTY-SECOND DEFENSE**

Although State Farm denies that it breached its contractual or statutory duties to Plaintiffs in any manner, should Plaintiffs establish a breach of contract and/or violation of statutory

duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violations of statutory duties.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm or any of its agents or representatives. As a matter of law, Plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations. Plaintiffs are presumed to know the terms and conditions of the Policy.

## TWENTY-FOURTH DEFENSE

Should it be shown that Plaintiffs have made any material misrepresentations in connection with their claim for recovery of damages under the Policy, State Farm avers that such representations are in violation of the terms and conditions of the Policy, thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of the Policy.

## TWENTY-FIFTH DEFENSE

State Farm reserves the right to a credit for any claims payments that have been made and/or might be made during the pendency of this action but prior to final judgment.

## RESERVATION OF RIGHTS

To the extent permitted by law, State Farm reserves its rights to supplement and amend this Answer and to assert additional defenses as future discovery may warrant and require.

## **ANSWER**

**AND NOW,** answering the numbered allegations of the Petition, State Farm states as follows:

I.

State Farm denies that it was, at any time, a homebuilder or a manufacturer, processor, distributor, deliverer, supplier, inspector, marketer, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall, and denies that it insured any other Defendant alleged to be a manufacturer, processor, distributor, deliverer, supplier, inspector, marketer, seller or installer of drywall used in the construction of Plaintiffs' home.  State Farm further denies the allegations of Paragraph I (as amended by Paragraph I of the First Amending Petition for Damages) for lack of sufficient knowledge to justify a belief therein, but admits that it is a foreign insurance company authorized to do and doing business in the State of Louisiana and that Plaintiffs purchased their Homeowners Policy No. 18-E4-3021-0 with State Farm Fire and Casualty Company for the period May 25, 2006 to May 25, 2007.  State Farm denies that Plaintiffs are entitled to any relief whatsoever from State Farm and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions contained therein.  State Farm further states that the Petition in this proceeding initially was filed in the 22nd Judicial District Court for the Parish of St. Tammany in the State of Louisiana.  Thereafter, State Farm removed this action to this Court.  State Farm asserts that jurisdiction is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1332.

II.

The Petition in this proceeding initially was filed in the 22nd Judicial District Court for the Parish of St. Tammany in the State of Louisiana. Thereafter, State Farm removed this action to this Court. State Farm asserts that venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391.

III.

State Farm denies the allegations of Paragraph III.

IV.

State Farm denies the allegations of Paragraph IV for lack of sufficient knowledge to justify a belief in the truth therein.

V.

State Farm denies the allegations of Paragraph V for lack of sufficient knowledge to justify a belief in the truth therein.

VI.

State Farm denies the allegations of Paragraph VI for lack of sufficient knowledge to justify a belief in the truth therein.

VII.

State Farm denies the allegations of Paragraph VII for lack of sufficient knowledge to justify a belief in the truth therein.

VIII.

State Farm denies that it was, at any time, a homebuilder or a manufacturer, processor, distributor, deliverer, supplier, inspector, marketer, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall, and denies that it insured any other Defendant alleged to be a manufacturer, processor, distributor, deliverer, supplier, inspector, marketer, seller or installer of drywall used in the construction of Plaintiffs' home. State Farm further denies the allegations of Paragraph VIII for lack of sufficient knowledge to justify a belief therein.

IX.

State Farm denies that it was, at any time, a homebuilder or a manufacturer, processor, distributor, deliverer, supplier, inspector, marketer, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall, and denies that it insured any other Defendant alleged to be a manufacturer, processor, distributor, deliverer, supplier, inspector, marketer, seller or installer of drywall used in the construction of Plaintiffs' home. State Farm further denies the allegations of Paragraph IX for lack of sufficient knowledge to justify a belief in the truth therein.

X.

State Farm denies that it was, at any time, a homebuilder or a manufacturer, processor, distributor, deliverer, supplier, inspector, marketer, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall, and denies that it insured any other Defendant alleged to be a manufacturer, processor, distributor,

deliverer, supplier, inspector, marketer, seller or installer of drywall used in the construction of Plaintiffs' home. State Farm further denies the allegations of Paragraph X for lack of sufficient knowledge to justify a belief in the truth therein.

XI.

State Farm denies the allegations of Paragraph XI for lack of sufficient knowledge to justify a belief in the truth therein.

XIII.

State Farm admits that Plaintiffs request a trial by jury, but denies that Plaintiffs are entitled to any relief whatsoever from State Farm.

II.
(First Amending Petition for Damages)

Paragraph II of the First Amending Petition for Damages does not require an answer. In the abundance of caution, however, State Farm incorporates the answers in each of the preceding paragraphs as if reproduced herein.

**PRAYER FOR RELIEF**

State Farm denies that Plaintiffs are entitled to the relief sought in their prayer for relief (as amended by the prayer for relief in the First Amending Petition for Damages).

**GENERAL DENIAL**

State Farm denies each and every allegation of the Petition not specifically and expressly admitted herein.

WHEREFORE, Defendant State Farm Fire and Casualty Company prays that its Answer and Defenses to Plaintiffs' Petition for Damages and First Amending Petition for Damages be deemed good and sufficient, and that after due proceedings, this Court renders judgment in its favor with all costs and fees assessed to Plaintiffs.

_____
**ADRIANNE L. BAUMGARTNER, T.A. (#2861)**
**DARRIN M. O'CONNOR (#24582)**
**EMILY S. MORRISON (#18351**)
PORTEOUS, HAINKEL & JOHNSON
408 North Columbia Street
Covington, LA 70434
(985) 893-4790
abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com

**CHARLES L. CHASSAIGNAC (#20746)**
PORTEOUS, HAINKEL & JOHNSON, LLP
343 Third Street, Suite 202
Baton Rouge, Louisiana  70801-1309
Telephone: (225) 383-8900
cchassaignac@phjlaw.com

**Attorneys for State Farm Fire and Casualty Company**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing  Answer of Defendant State Farm Fire and Casualty Company has been served upon counsel for Plaintiffs' Kimber and Ryan Foret and Defendants   KNAUF GIPS KG, KNAUF PLASTERBOARD TAINHIN CO., LTD., TAISHAN GYPSUM CO. LTD., F/K/A SHNDONG TAIHE DONGXIN CO., LTD., USG

13

CORPORATION, L&W SUPPLY CORPORATION, D/B/A SEACOAST SUPPLY, INTERIOR/ EXTERIOR BUILDING SUPPLY, INDEPENDENT BUILDERS SUPPLY ASSOCIATION, INC., and ROTHCHILT INT. LTD, by Lexis/Nexis File & Serve and upon Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and email <u>or</u> by hand-delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 21st day of October, 2010.

                 /s/ Adrianne L. Baumgartner
                 **ADRIANNE L. BAUMGARTNER**