UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL         MDL NO. 2047
PRODUCTS LIABILITY LITIGATION               SECTION: L

                                            JUDGE FALLON
                                            MAG. JUDGE WILKINSON

_____

THIS DOCUMENT RELATES TO:
Rogers et al. v. Knauf GIPS KG et al.; Case No. 2:10-CV-362-EEF-JCW

**DAVIS GENERAL CONTRACTING CORPORATION'S
MEMORADNUM OF LAW IS SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS
ACTION COMPLAINT (IV) FOR FAILURE OF SERVICE
OF PROCESS AND LACK OF PERSONAL JURISDICTION
MEMORANDUM OF LAW**

DAVIS GENERAL CONTRACTING CORPORATION ("DAVIS GENERAL CONTRACTING") submits its memorandum in support of its motion to dismiss as follows:

**A.    Factual Background**

1.    On March 19, 2010, Plaintiffs, Joyce W. Rogers, individually, and on behalf of all others similarly situated, filed Omnibus Class Action Complaint (V) (hereafter the "Complaint") against multiple defendants.

2.    In the "Developer/Builder Subclass" section of the Complaint at ¶ 595, the Complaint names "Davis General Contractors" as "an entity or individual with a principal place of business at 313 5th Street, West Palm Beach, Florida 33401" and states that it "built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes which has resulted in harm and damages to certain Subclass members as described herein."  In Schedule 2 attached to the Complaint, it appears to allege that "Davis General Contractors" installed drywall or took some other action regarding property owned or resided in by a Plaintiff named Lori Sutton that would form the basis for its being a defendant in the case.

3. On or about April 30, 2010, a Complaint and a Summons were served on Deanna Davis at 218 Kenlyn Road, West Palm Beach, FL. (Declaration of Hugh C. Davis attached as Exhibit "A" ("Davis Declaration").) The Summons lists as the defendant, "Davis General Contractors," with an address of 218 Kenlyn Road, Palm Beach, FL 33480. (Ex. 1 to Davis Declaration.)

4. While the Complaint and Summons name "Davis General Contractors," 218 Kenlyn Road, Palm Beach, FL, is not the address for the office, registered agent or any agent or employee of "Davis General Contractors." There is no individual residing or working at such address that has any connection with "Davis General Contractors." (Davis Declaration.)

4. The 218 Kenlyn Road address was, however, prior to January 7, 2010, the address of the registered agent for services of process for DAVIS GENERAL CONTRACTING who is Hugh C. Davis, though at the time the Summons was served the address was 1090 Bimini Lane, Singer Island, FL 33404. DAVIS GENERAL CONTRACTING is a Florida corporation. The office address and principal place of business of DAVIS GENERAL CONTRACTING is 313 5th Street, West Palm Beach, FL 33401. (Davis Declaration.)

5. It would appear the Plaintiffs have the right Defendant, "Davis General Contractors," and the wrong agent for service of process. Alternatively, the Plaintiffs intended to sue and serve DAVIS GENERAL CONTRACTING, but have misnamed it. In either case, the Complaint should be dismissed as against DAVIS GENERAL CONTRACTING for failure of proper service and lack of personal jurisdiction. Further, if the case were to proceed against DAVIS GENERAL CONTRACTING, it would be shown that DAVIS GENERAL CONTRACTING has not performed any services for Plaintiff Lori Sutton or any other Plaintiff or member of the Plaintiff class. (Davis Declaration.)

6. On May 10, 2010, the undersigned contacted the office of Plaintiffs' counsel and spoke to Amy Guidry, informing her of the matters discussed in this motion and was assured by Guidry that the Plaintiff would take no action to default DAVIS GENERAL CONTRACTING which Plaintiffs looked into the matter. Prior to that Hugh Davis contacted Guidry. (Ex. 2 to Davis Declaration.)

7. The Complaint specifically identifies Lori Sutton's real property as located at 526 SW Whitmore Drive, Port St. Lucie, Florida as the only property related to "Davis General Contractors." The Complaint nowhere names or identifies DAVIS GENERAL CONTRACTING as a defendant or party to the litigation. Further, the Complaint does not allege that "Davis General Contractors" or DAVIS GENERAL CONTRACTING built or developed any houses in Louisiana.

8. DAVIS GENERAL CONTRACTING has never transacted business in Louisiana, does not maintain an office or agent in Louisiana, does not own property in Louisiana, has not breached any contract or committed any tort in Louisiana, and has not otherwise conducted itself in any manner that would give rise to personal jurisdiction over DAVIS GENERAL CONTRACTING by a court in Louisiana. (Davis Declaration.)

B. **Argument and Citation of Authority**

1. **The Complaint Should Be Dismissed For Failure to Serve the Proper Party**

Fed.R.Civ.P. 4(m) provides:

> (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

3

The Summons served on DAVIS GENERAL CONTRACTING has the name of "Davis General Contractors." DAVIS GENERAL CONTRACTING, if Plaintiffs actually intended to sue it, has never gone by the name "Davis General Contractors." See Declaration of Hugh C. Davis. DAVIS GENERAL CONTRACTING notified the Plaintiffs of this many months ago and the Plaintiffs have taken no action to correct the misnomer, if that is what it is. (Ex. 2 to Davis Declaration.) The Complaint should, therefore, be dismissed against DAVIS GENERAL CONTRACTING. See generally, Roberts v. Michaels, 219 F.2d 775 (8th Cir. 2000) (misnomers involving serving the wrong party vs. serving the right party but misnaming it.)

In this case is that the Plaintiffs have served the defective summons on the wrong party because DAVIS GENERAL CONTRACTING has never performed any work for any of the Plaintiffs, including Lori Sutton, who is identified as the Plaintiff whose property in Port St. Lucie, Florida, the defendant "Davis General Contractors" is alleged to have performed work at. The Plaintiffs know this, but have done nothing to correct it.

**2.    The Complaint Should Be Dismissed For Lack of Personal Jurisdiction**

This case is one of a multitude of cases which have been consolidated into a Multi-District Litigation ("MDL") located in this Court. Nevertheless, each case in the MDL maintains its individual standing and each defendant must be subject to the personal jurisdiction of the court in which the case is brought. That is, because this case was initiated and is pending in the Eastern District of Louisiana, the defendants, including DAVIS GENERAL CONTRACTING, if that is who Plaintiffs meant to sue by naming "Davis General Contractors," must be subject to the personal jurisdiction of this Court. The case must be dismissed as to any defendant, such as DAVIS GENERAL CONTRACTING, over which the Court does not have personal jurisdiction. Class certification or attempted class certification does not obviate the need

for personal jurisdiction or alter the jurisdictional analysis that the Court must conduct to assess whether a defendant is subject to personal jurisdiction in this Court. In re: Train Derailment Near Amite, Louisiana on October 12, 2002, 2004 WL 224573 (E.D.La. 02/03/2004).

The plaintiffs have the burden to show that personal jurisdiction may be properly exercised. Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006); Familia De Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1138 (5th Cir. 1980). A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if two (2) requirements are satisfied: first, the forum state's long-arm statute confers personal jurisdiction; and second, the exercise of jurisdiction does not exceed the boundaries of constitutional due process. Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006).

Louisiana's long arm statute, La. R.S. 13:3201(B), provides that a court "may exercise personal jurisdiction over a non-resident on any basis consistent with ... the Constitution of the United States." Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry becomes simply whether this Court's exercise of personal jurisdiction over DAVIS GENERAL CONTRACTING would offend due process. Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006); see also Electrosource, Inc. v. Horizon Battery Technologies, Ltd., 176 F.3d 867, 871 (5th Cir. 1999).

The Due Process clause limits a Court's power to assert personal jurisdiction over a non-resident defendant. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 413-14 (1994). The necessary Due Process inquiry consists of two steps. First, the Court must establish whether the non-resident defendant has the requisite minimum contacts with the forum state (here, Louisiana). See Luv N' Care, 438 F.3d at 469 (citing Int'l Shoe Co. V. Washington, 326 U.S. 310 (1945)). Second, the Court must determine whether exercising personal jurisdiction

over the non-resident defendant would violate "traditional notions of fair play and substantial justice." <u>Int'l Shoe Co.</u>, 326 U.S. at 316. As applied in this case, the Due Process inquiry demonstrates that the Court lacks the power to assert personal jurisdiction over DAVIS GENERAL CONTRACTING.

The minimum contacts analysis can take two forms and the constitutional limits on the exercise of personal jurisdiction differ depending on whether the Court seeks to exercise general or specific jurisdiction over the non-resident defendant. <u>See e.g.</u>, <u>World-wide Volkswagen Corp. v. Woodsen</u>, 444 U.S. 286 (1980); <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408 (1984). In this case, because DAVIS GENERAL CONTRACTING has no contacts with Louisiana, the Court unequivocally lacks the power to exercise either general or specific jurisdiction over DAVIS GENERAL CONTRACTING.

The Court may exercise specific jurisdiction over a non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum." <u>Seiferth</u>, 472 F.3d at 271 (citing <u>Helicopteros Nacionales</u>, 466 U.S. at 414-15). The Fifth Circuit in <u>Seiferth</u> articulated the following three part analysis related to whether personal jurisdiction is properly exercised over a non-resident defendant: (1) whether the defendant has minimum contacts with the forum state so that it could be said that the defendant purposefully directed its' activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. <u>Seiferth</u>, 472 F.3d at 271 (citing <u>Burger King Corp. V. Rudzewicz</u>, 471 U.S. 462, 474 (1985); <u>Nuovo Pignone, SpA v. Storman Asia M/V</u>, 310 F.3d 374, 378 (5th Cir. 2002).

The first prong of this analysis requires that Plaintiffs establish that DAVIS GENERAL CONTRACTING, if that is who the Plaintiffs meant to sue by naming "Davis General Contractors," purposefully availed itself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's laws. Jones v. Petty-Ray Geophysical, 954 F.2d 1061, 1068 (5th Cir. 1992) (quoting Hanson v. Denckla, 357 U.S. 235 (1958)). This prong is the constitutional touchstone for the exercise of personal jurisdiction. See Asahi Metal Indus. Co., Ltd. v. Superior Court of Calif., Solano County, 480 U.S. 102, 108-09 (1987).

Plaintiffs have not and cannot establish the first prong of this analysis. DAVIS GENERAL CONTRACTING is not registered to do business in Louisiana. DAVIS GENERAL CONTRACTING does not have any office or employees in Louisiana. DAVIS GENERAL CONTRACTING does not own any property in Louisiana. Moreover, as reflected on the face of the Complaint, the only claim raised against DAVIS GENERAL CONTRACTING, if that is in fact who the Plaintiffs meant to sue, does not relate in any way whatsoever to Louisiana. In fact, Plaintiffs have affirmatively alleged that a corporation named "Davis General Contractors" (not DAVIS GENERAL CONTRACTING) performed work for only one putative plaintiff i.e., Lori Sutton) and it was located in Florida, not Louisiana. Plaintiffs have failed to establish that DAVIS GENERAL CONTRACTING, if that is in fact who Plaintiffs meant to sue, purposefully availed itself of the privilege of conducting business in Louisiana; and therefore, the Court cannot exercise specific jurisdiction over DAVIS GENERAL CONTRACTING.

To satisfy the second prong of the analysis, Plaintiffs' causes of action must arise out of or relate to DAVIS GENERAL CONTRACTING's forum-related contacts. Plaintiffs, however, have not and cannot establish that any of the causes of action asserted against DAVIS GENERAL CONTRACTING, if that is who Plaintiffs meant to sue by naming "Davis General

Contractor," arise out of or relate to any conduct in Louisiana. DAVIS GENERAL CONTRACTING simply has no contact with Louisiana on which to base personal jurisdiction.

The underlying basis for this class-action lawsuit is allegedly defective Chinese Drywall used in the construction of certain residences. Yet, as reflected on the face of the Complaint, the only residence allegedly involving DAVIS GENERAL CONTRACTING, if that is in fact who the Plaintiffs meant to sue by naming "Davis General Contractor," is not located in Louisiana. Moreover, DAVIS GENERAL CONTRACTING is not registered to do business in Louisiana. DAVIS GENERAL CONTRACTING does not have any offices or employees in Louisiana, nor does it own property in Louisiana. Davis Declaration. As DAVIS GENERAL CONTRACTING has no contacts whatsoever with Louisiana, none of the Plaintiffs' tort-based causes of action arise out of or relate to DAVIS GENERAL CONTRACTING's forum-related contact. That is, Louisiana contacts are non-existent.

Finally, the exercise of personal jurisdiction over a non-resident defendant must be fair and reasonable. Plaintiffs have not and cannot establish this third prong of the personal jurisdiction analysis because exercising personal jurisdiction over DAVIS GENERAL CONTRACTING is anything but fair and reasonable. Under the reasonableness prong, the exercise of personal jurisdiction is only reasonable if it does not offend "traditional notions of fair play and substantial justice." Latshaw v. Johnson, 167 F.3d 208, 211 (5th Cir. 1999).  The Court must also consider the burden placed on DAVIS GENERAL CONTRACTING, as a non-resident defendant, by requiring it to litigate in this forum. See e.g., World-wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). DAVIS GENERAL CONTRACTING, in being hailed into a court located far from its place of business and where it has no minimum contacts, would be subjected to an undue and improper burden. In addition, most (if not all) of the critical

witnesses, along with all of the physical evidence and related documents, necessary to proceed with the purported claims against DAVIS GENERAL CONTRACTING are located in Florida. In light of the foregoing it would be unreasonable and unfair to force DAVIS GENERAL CONTRACTING to defend this matter in Louisiana.

The sole focus of a general jurisdiction inquiry is whether there are continuous and systematic contacts between DAVIS GENERAL CONTRACTING and Louisiana as would give rise to personal jurisdiction. See Dickson Marine, 179 F.3d at 339. The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.  In the absence of any contacts whatsoever with Louisiana, an exercise of general jurisdiction over DAVIS GENERAL CONTRACTING would offend due process. On the facts of this case (i.e., DAVIS GENERAL CONTRACTING is a Florida corporation with its principal place of business in Florida; DAVIS GENERAL CONTRACTING is not licensed or registered to do business in Louisiana, has no offices, employees, property, bank accounts, or other resources in Louisiana, has never worked on a residence in Louisiana, and has not had any contracts or subcontracts with companies located in Louisiana.), DAVIS GENERAL CONTRACTING lacks the "continuous and systematic" contacts required for general jurisdiction.

For the foregoing reasons, adjudicating this dispute against DAVIS GENERAL CONTRACTING, if in fact it is who the Plaintiffs intended to sue by naming "Davis General Contractors," in Louisiana would violate the minimum contacts required to fulfill due process and impede any notion of "fair play and substantial justice." As such, Plaintiffs' Complaint must be dismissed against DAVIS GENERAL CONTRACTING for lack of personal jurisdiction.

### 3. Effect of Amended Omnibus Complaint

As noted above, DAVIS GENERAL CONTRACTING was served with the Complaint on or around April 30, 2010.

After to serving the Complaint on DAVIS GENERAL CONTRACTING, though, Plaintiffs filed an Amended Omnibus Class Action Complaint (IV) on or about May 11, 2010 ("Amended Complaint").

DAVIS GENERAL CONTRACTING has not been served with the Amended Complaint. Consequently, this Motion to Dismiss addresses only the allegations and sufficiency of the Complaint served on it and is not meant or intended to be a response to the Amended Complaint. However, to the extent the allegations made against DAVIS GENERAL CONTRACTING in the Complaint and the Amended Complaint are the identical, DAVIS GENERAL CONTRACTING adopts these arguments as against the Amended Complaint.

WHEREFORE, Defendant, DAVIS GENERAL CONTRACTING, LLC, respectfully requests that the Court enter an Order granting the Motion, dismissing Plaintiffs' claims against it, and awarding DAVIS GENRAL CONTRACTING such other and further relief as the Court deems just and proper under the circumstances, including but not limited to its attorney's fees and costs for having to bring this motion.

/s/ John C. Davis
JOHN C. DAVIS
Fla. Bar No. 0827770
Law Office of John C. Davis
623 Beard Street
Tallahassee, FL 32303
(850) 222-4770
(850) 222-3119 (fax)
Attorney for Davis General Contracting
Corporation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiff's Liaison Counsel, Russ Herman at drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and Homebuilder Steering Committees' Liaison Counsel, Phillip A. Wittmann at pwittmann@stonepigman.com, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 22[th] day of October, 2010.

/s/ John C. Davis
JOHN C. DAVIS