UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

**PRE-TRIAL ORDER NO. 1H**
**(Post-Notice of Completion Motions Practice)**

This Court established in Pre-Trial Order No. 1G a protocol for the filing of responsive pleadings to the several Omnibus complaints now on the docket of this MDL. Therein, the Court authorized the PSC to file a Notice of Completion of Amendments to Omni Complaints ("Notice") when the completion of all amendments to these pleadings had occurred. The Court has been informed by the PSC that the time to file the Notice has not yet occurred for numerous reasons: 1) there are pending six Omni Complaints in various stages of service of process on multiple defendants, a number of which are outside of the United States and subject to the prolix process of foreign service; 2) The PSC has advised that it has and is currently employing APS International (an independent legal support service provider) to perfect service of process, that is actively engaged in efforts to complete service of process; 3) On September 16, 2010, this Court granted the filing of Complaints in Intervention in Omni Complaints I, II, III, and IV and efforts to perfect service of process has only just commenced in these actions; 4) the PSC has issued discovery upon a number

of defendants that have been served including the recent appearance on the MDL docket of Taishan Gypsum Company Ltd. and Taian Taishan Plasterboard Co., Ltd; 5) the additional defendants (Taishan Defendants) are now obligated to file their manufacturer profile forms on October 16, 2010, which will form the basis of information to formulate jurisdictional discovery and issuance of Rule 30(b)(6) deposition notices; 6) the PSC is also in the process of scheduling additional jurisdictional depositions of Knauf witnesses and other witnesses, which discovery in all likelihood will lead to the necessity for amending the Omni Complaints. The Court has therefore determined that a Notice is premature.

The Court, however, is aware of inquiries regarding whether the triggering mechanism has been initiated, in other words, whether the Notice has been filed or not. Once the Amendments are filed and service is perfected the PSC shall file a Notice. Thereafter, the PSC is directed to file a Master Complaint within 60 days of the filing of the PSC's Notice. Only after the Master Complaint is filed will counsel for any defendant identified therein be required to file responsive pleadings within thirty (30) days thereof. The PSC is directed to file on the last day of each month a status report regarding the progress of the activities set forth above.

The Court will then direct the Motions Committee (constituted by Order dated August 25, 2010 [Rec. Doc. 5314]) to organize and prioritize any motions filed in response to the Master Complaint. Prior to setting these motions for hearing, the Committee shall either select one motion as or direct the preparation of one motion as the exemplar motion addressed to the Master Complaint. Thereafter, the Committee shall promptly notify the Court that the matter is ripe for consideration. The Court shall then set the motion for hearing at an appropriate time.

This Order shall not apply to motions filed by or against insurance companies, including, but not limited to, those matters that are presently pending that are the subject of the Orders dated July

1, 2010 relating to homeowner's insurance coverage [Rec. Doc. 4300] and comprehensive general liability coverage [Rec. Doc. 4301]. Any additional motions involving insurance companies will be set pursuant to a separate order of this Court and shall also continue to be addressed by the Motions Committee prior to submission for hearing.

    NEW ORLEANS, LOUISIANA THIS 22nd day of October, 2010.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE