## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2047 |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| | * | |
| WENDY HUBBELL AND CHRISTY CIMO, | * | MAG. WILKINSON |
| | * | |
| Versus | * | |
| | * | 10-2064 |
| TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C., ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, INTERIOR EXTERIOR BUILDING SUPPLY, LP, INTERIOR EXTERIOR ENTERPRISES, LLC, SOUTH CORTEZ, LLC, GRAF'S DRYWALL, LLC, FIRST FINANCIAL INSURANCE COMPANY, BANKERS INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, AND STATE FARM FIRE AND CASUALTY COMPANY | * * * * * * * * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND DEFENSES TO PLAINTIFFS' PETITION AND FIRST AMENDED PETITION FOR BREACH OF CONTRACT, WARRANTY AND FOR DAMAGES

Defendant State Farm Fire and Casualty Company ("State Farm") submits the following Answer and Defenses to the Petition for Breach of Contract, Warranty and for Damages and First Amended Petition for Breach of Contract, Warranty and for Damages (collectively, "the Petition") filed by Plaintiffs, Wendy Hubbell and Christy Cimo.

## DEFENSES

### FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

### THIRD DEFENSE

Any claim asserted in the Petition against State Farm is based on a contract of insurance between Plaintiffs and State Farm.  State Farm avers that the Homeowners Insurance Policy issued by State Farm to Plaintiffs, a copy of which is attached to this Answer as Exhibit A (the "Policy"), being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

### FOURTH DEFENSE

As to the losses for which Plaintiffs seek to recover in this litigation, State Farm has not been afforded satisfactory proof of loss covered by the Policy, as is required by jurisprudential law, statutory law, and the terms and conditions of the Policy.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged loss to their home is not an "accidental direct physical loss" under the terms of "**SECTION I – LOSSES INSURED COVERAGE A – DWELLING**" of the Policy.

### SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged loss to their personal property was not caused by an enumerated peril under the terms of "**SECTION I – LOSSES INSURED . . . COVERAGE B – PERSONAL PROPERTY**" of the Policy.

## SEVENTH DEFENSE

The Policy excludes coverage as follows:

### SECTION I – LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . .

g.     wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

. . .

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by inherent vice or latent defect.

## EIGHTH DEFENSE

The Policy excludes coverage as follows:

### SECTION I – LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . .

h.     corrosion, electrolysis or rust;

. . .

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by corrosion.

## NINTH DEFENSE

The Policy excludes coverage as follows:

### SECTION I – LOSSES NOT INSURED

        1.      We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

              . . .

              j.       contamination;

              . . .

              However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by contamination.

## TENTH DEFENSE

The Policy excludes coverage as follows:

### SECTION I – LOSSES NOT INSURED

. . .

        3.      We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following:  (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

              . . .

              b.       defect, weakness, inadequacy, fault or unsoundness in:

              . . .

> (2)    design, specifications, workmanship, construction, grading, compaction; [or]
>
> (3)    materials used in construction or repair; . . .
>
> . . .
>
> of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**;

. . .

> However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by defective or faulty workmanship, construction or materials used in construction.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the losses alleged in the Petition are not resulting losses covered under the Policy and any alleged resulting losses are themselves Losses Not Insured under the Policy.

## TWELFTH DEFENSE

Plaintiffs' claims for Loss of Use and Additional Living Expenses are barred because a Loss Insured has not caused the residence premises to become uninhabitable under the terms of "**SECTION I – COVERAGES** . . . **COVERAGE C – LOSS OF USE**" of the Policy.

## THIRTEENTH DEFENSE

Plaintiffs' claims for any diminution in the value of their home are barred because no specific policy term provides coverage for such alleged loss. *Townsend v. State Farm Mut. Auto. Ins. Co.*, 34,901-CA, p. 11 (La. App. 2 Cir. 8/22/01); 793 So. 2d 473, 479–80; *Campbell v. Markel Am. Ins. Co.*, 2000 CA 1448, pp. 6–8, 18 (La. App. 1 Cir. 9/21/01); 822 So. 2d 617, 621–23, 628.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged bodily injury suffered by them is not covered under the terms of the Policy.

## FIFTEENTH DEFENSE

The Petition improperly seeks to impair the obligation of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

## SIXTEENTH DEFENSE

The Petition improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the United States Constitution, including, but not limited to, the Supremacy Clause, the Due Process Clause, the Equal Protection Clause and the Commerce Clause.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by their failure to take reasonable steps to mitigate their damages.

## NINETEENTH DEFENSE

State Farm avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives.  If Plaintiffs suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of Plaintiffs or of third parties for whom State Farm is not responsible.

## TWENTIETH DEFENSE

State Farm adjusted Plaintiffs' claim in good faith, in accordance with the terms and conditions of the Policy, and in compliance with applicable statutory or jurisprudential law.

## TWENTY-FIRST DEFENSE

Plaintiffs have no statutory or jurisprudential right of action to recover attorneys' fees.

## TWENTY-SECOND DEFENSE

Although State Farm denies that it breached its contractual or statutory duties to Plaintiffs in any manner, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violations of statutory duties.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm or any of its agents or representatives. As a matter of law, Plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations. Plaintiffs are presumed to know the terms and conditions of the Policy.

## TWENTY-FOURTH DEFENSE

Should it be shown that Plaintiffs have made any material misrepresentations in connection with their claim for recovery of damages under the Policy, State Farm avers that such representations are in violation of the terms and conditions of the Policy, thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of the Policy.

## TWENTY-FIFTH DEFENSE

State Farm reserves the right to a credit for any claims payments that have been made and/or might be made during the pendency of this action but prior to final judgment.

## <u>RESERVATION OF RIGHTS</u>

To the extent permitted by law, State Farm reserves its rights to supplement and amend this Answer and to assert additional defenses as future discovery may warrant and require.

## <u>ANSWER</u>

**AND NOW,** answering the numbered allegations of the Petition, State Farm states as follows:

1.

State Farm denies the allegations of Paragraph 1 (as amended by Paragraph I of the First Amended Petition for Breach of Contract, Warranty and for Damages) for lack of sufficient knowledge to justify a belief therein, but admits that it is a foreign insurance company and that Plaintiffs renewed their Homeowners Policy No. 18-E4-4610-1 with State Farm Fire and Casualty Company for the period June 29, 2009 to June 29, 2010. State Farm denies that Plaintiffs are entitled to any relief whatsoever from State Farm and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions contained therein.

2.

The Petition in this proceeding initially was filed in the 22nd Judicial District Court for the Parish of St. Tammany in the State of Louisiana. Thereafter, State Farm removed this action to this Court. State Farm asserts that jurisdiction is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1332.

3.

The Petition in this proceeding initially was filed in the 22nd Judicial District Court for the Parish of St. Tammany in the State of Louisiana. Thereafter, State Farm removed this action

to this Court.  State Farm asserts that venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391.  State Farm denies that Plaintiffs are entitled to any relief whatsoever from State Farm.

4.

State Farm denies the allegations of Paragraph 4 for lack of sufficient knowledge to justify a belief in the truth therein.

5.

State Farm denies the allegations of Paragraph 5 for lack of sufficient knowledge to justify a belief in the truth therein.

6.

State Farm denies the allegations of Paragraph 6 for lack of sufficient knowledge to justify a belief in the truth therein.

7.

State Farm denies the allegations of Paragraph 7 for lack of sufficient knowledge to justify a belief in the truth therein.

8.

State Farm denies the allegations of Paragraph 8 for lack of sufficient knowledge to justify a belief in the truth therein.

9.

State Farm denies that it insured Tallow Creek, Southern Homes, or any Subcontractor or Supplier alleged to be a manufacturer, processor, distributor, deliverer, supplier, inspector, marketer, seller or installer of drywall used in the construction of Plaintiffs' home.  State Farm

further denies the allegations of Paragraph 9 for lack of sufficient knowledge to justify a belief in the truth therein.

10.

State Farm denies the allegations of Paragraph 10 for lack of sufficient knowledge to justify a belief in the truth therein.

11.

State Farm denies the allegations of Paragraph 11 for lack of sufficient knowledge to justify a belief in the truth therein.

12.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 12 for lack of sufficient knowledge to justify a belief in the truth therein.

13.

State Farm denies the allegations of Paragraph 13 for lack of sufficient knowledge to justify a belief in the truth therein.

14.

State Farm denies the allegations of Paragraph 14 for lack of sufficient knowledge to justify a belief in the truth therein.

15.

State Farm denies the allegations of Paragraph 15 for lack of sufficient knowledge to justify a belief in the truth therein.

16.

State Farm denies the allegations of Paragraph 16 for lack of sufficient knowledge to justify a belief in the truth therein.

17.

State Farm denies the allegations of Paragraph 17 for lack of sufficient knowledge to justify a belief in the truth therein.

18.

State Farm denies the allegations of Paragraph 18 for lack of sufficient knowledge to justify a belief in the truth therein.

19.

State Farm states that the allegations of Paragraph 19 constitute a legal conclusion to which no answer is required. In the abundance of caution, however, State Farm denies the allegations of Paragraph 19 for lack of sufficient knowledge to justify a belief in the truth therein.

20.

State Farm denies the allegations of Paragraph 20 for lack of sufficient knowledge to justify a belief in the truth therein.

21.

State Farm denies the allegations of Paragraph 21 for lack of sufficient knowledge to justify a belief in the truth therein.

22.

State Farm states that the allegations of Paragraph 22 constitute a legal conclusion to which no answer is required. In the abundance of caution, however, State Farm denies the

allegations of Paragraph 22 for lack of sufficient knowledge to justify a belief in the truth therein.

23.

Paragraph 23 does not require an answer.  In the abundance of caution, however, State Farm denies the allegations of Paragraph 23 for lack of sufficient knowledge to justify a belief in the truth therein.

24.

State Farm states that the allegations of Paragraph 24 constitute a legal conclusion to which no answer is required.  In the abundance of caution, however, State Farm denies the allegations of Paragraph 24 for lack of sufficient knowledge to justify a belief in the truth therein.

25.

State Farm denies the allegations of Paragraph 25 for lack of sufficient knowledge to justify a belief in the truth therein.

26.

State Farm denies the allegations of Paragraph 26 for lack of sufficient knowledge to justify a belief in the truth therein.

27.

State Farm denies the allegations of Paragraph 27 for lack of sufficient knowledge to justify a belief in the truth therein.

28.

State Farm denies the allegations of Paragraph 28 for lack of sufficient knowledge to justify a belief in the truth therein.

29.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 29 for lack of sufficient knowledge to justify a belief in the truth therein.

30.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 30 for lack of sufficient knowledge to justify a belief in the truth therein.

31.

State Farm denies the allegations of Paragraph 31 for lack of sufficient knowledge to justify a belief in the truth therein.

32.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm admits that Plaintiffs allege that they are bringing an action under the theory described in Paragraph 32, but denies that Plaintiffs are entitled to any relief whatsoever from State Farm.  State Farm further denies the remaining allegations of Paragraph 32 for lack of sufficient knowledge to justify a belief in the truth therein.

33.

State Farm denies the allegations of Paragraph 33 for lack of sufficient knowledge to justify a belief in the truth therein.

34.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, merchant or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm admits that Plaintiffs allege that they are bringing an action under the theory described in Paragraph 34, but denies that Plaintiffs are entitled to any relief whatsoever from State Farm.

35.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, merchant or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 35 for lack of sufficient knowledge to justify a belief in the truth therein.

36.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, merchant or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm admits that Plaintiffs allege that they are bringing an action under the theory described in Paragraph 36, but denies that Plaintiffs are entitled to any relief whatsoever from State Farm.

37.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, merchant or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 37 for lack of sufficient knowledge to justify a belief in the truth therein.

38.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, merchant or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 38 for lack of sufficient knowledge to justify a belief in the truth therein.

39.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm admits that Plaintiffs allege that they are bringing an action under the theory described in Paragraph 39, but denies that Plaintiffs are entitled to any relief whatsoever from State Farm.

40.

State Farm states that the allegations of Paragraph 40 constitute a legal conclusion to which no answer is required.

41.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, merchant or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 41 for lack of sufficient knowledge to justify a belief in the truth therein.

42.

State Farm admits that Plaintiffs allege that they are entitled to bring an action under the theory described in Paragraph 42, but denies that Plaintiffs are entitled to any relief whatsoever

from State Farm.  State Farm further denies the remaining allegations of Paragraph 42 for lack of sufficient knowledge to justify a belief in the truth therein.

43.

State Farm denies the allegations of Paragraph 43 for lack of sufficient knowledge to justify a belief in the truth therein.

44.

State Farm denies the allegations of Paragraph 44 for lack of sufficient knowledge to justify a belief in the truth therein.

45.

State Farm denies the allegations of Paragraph 45 for lack of sufficient knowledge to justify a belief in the truth therein.

46.

State Farm denies the allegations of Paragraph 46 for lack of sufficient knowledge to justify a belief in the truth therein.

47.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, merchant or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm admits that Plaintiffs allege that they are bringing an action under the theory described in Paragraph 47, but denies that Plaintiffs are entitled to any relief whatsoever from State Farm.

48.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, merchant or installer of drywall or otherwise had any involvement in the construction of

Plaintiffs' home with allegedly defective drywall.  State Farm admits that Plaintiffs allege that they are bringing an action under the theory described in Paragraph 48, but denies that Plaintiffs are entitled to any relief whatsoever from State Farm.  State Farm further denies the remaining allegations of Paragraph 48 for lack of sufficient knowledge to justify a belief in the truth therein.

49.

State Farm denies the allegations of Paragraph 49 for lack of sufficient knowledge to justify a belief in the truth therein.

50.

State Farm states that the allegations of Paragraph 50 constitute a legal conclusion to which no answer is required.

51.

State Farm denies the allegations of Paragraph 51 for lack of sufficient knowledge to justify a belief in the truth therein.

52.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm admits that Plaintiffs allege that they are bringing an action under the theory described in Paragraph 52, but denies that Plaintiffs are entitled to any relief whatsoever from State Farm.   State Farm further denies the remaining allegations of Paragraph 52 for lack of sufficient knowledge to justify a belief in the truth therein.

53.

State Farm states that the allegations of Paragraph 53 constitute a legal conclusion to which no answer is required.  In the abundance of caution, however, State Farm denies the allegations of Paragraph 53 for lack of sufficient knowledge to justify a belief in the truth therein.

54.

State Farm states that the allegations of Paragraph 54 constitute a legal conclusion to which no answer is required.  In the abundance of caution, however, State Farm denies the allegations of Paragraph 54 for lack of sufficient knowledge to justify a belief in the truth therein.

55.

State Farm denies the allegations of Paragraph 55 for lack of sufficient knowledge to justify a belief in the truth therein.

56.

State Farm denies the allegations of Paragraph 56 for lack of sufficient knowledge to justify a belief in the truth therein.

57.

State Farm states that the allegations of Paragraph 57 constitute a legal conclusion to which no answer is required.

58.

State Farm states that the allegations of Paragraph 58 constitute a legal conclusion to which no answer is required.

59.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, merchant or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall.  State Farm further denies the allegations of Paragraph 59 for lack of sufficient knowledge to justify a belief in the truth therein.

60.

State Farm denies that it was, at any time, a homebuilder or a processor, distributor, seller or installer of drywall or otherwise had any involvement in the construction of Plaintiffs' home with allegedly defective drywall, and denies that it insured any other Defendant alleged to be a processor, distributor, seller or installer of drywall used in the construction of Plaintiffs' home. State Farm admits that Plaintiffs allege that they are bringing an action under the theory described in Paragraph 60, but denies that Plaintiffs are entitled to any relief whatsoever from State Farm.

60a.

State Farm denies the allegations of Paragraph 60a.

60b.

State Farm denies the allegations of Paragraph 60b.

60c.

State Farm denies the allegations of Paragraph 60c.

60d.

State Farm denies the allegations of Paragraph 60d.

60e.

State Farm denies the allegations of Paragraph 60e.

60f.

State Farm denies the allegations of Paragraph 60f.

60g.

State Farm denies the allegations of Paragraph 60g.

60h.

State Farm denies the allegations of Paragraph 60h.

60i.

State Farm denies the allegations of Paragraph 60i.

60j.

State Farm denies the allegations of Paragraph 60j.

60k.

State Farm denies the allegations of Paragraph 60k.

61.

State Farm admits that Plaintiffs reserve the right to demand a trial by jury, but denies that Plaintiffs are entitled to any relief whatsoever from State Farm.

II.
(First Amended Petition for Breach of
Contract, Warranty and for Damages)

Paragraph II of the First Amended Petition for Breach of Contract, Warranty and for Damages does not require an answer.  In the abundance of caution, however, State Farm incorporates the answers in each of the preceding paragraphs as if reproduced herein.

III.
(First Amended Petition for Breach of
Contract, Warranty and for Damages)

Paragraph III of the First Amended Petition for Breach of Contract, Warranty and for Damages does not require an answer.  In the abundance of caution, however, State Farm incorporates the answers to paragraphs 60a through 60k as if reproduced herein.

III[a].
(First Amended Petition for Breach of
Contract, Warranty and for Damages)

Paragraph III[a] of the First Amended Petition for Breach of Contract, Warranty and for Damages does not require an answer.  In the abundance of caution, however, State Farm incorporates the answers in each of the preceding paragraphs as if reproduced herein.

**PRAYER FOR RELIEF**

State Farm denies that Plaintiffs are entitled to the relief sought in their "Prayer" (as amended by the prayer in the First Amended Petition for Breach of Contract, Warranty and for Damages).

**GENERAL DENIAL**

State Farm denies each and every allegation of the Petition not specifically and expressly admitted herein.

WHEREFORE, Defendant State Farm Fire and Casualty Company prays that its Answer and Defenses to Plaintiffs' Petition for Breach of Contract, Warranty and for Damages and First Amended Petition for Breach of Contract, Warranty and for Damages be deemed good and sufficient, and that after due proceedings, this Court renders judgment in its favor with all costs and fees assessed to Plaintiffs.

/s/ Adrianne  L. Baumgartner
_____
**ADRIANNE L. BAUMGARTNER, T.A. (#2861)**
**DARRIN M. O'CONNOR (#24582)**
**EMILY S. MORRISON (#18351**)
PORTEOUS, HAINKEL & JOHNSON
408 North Columbia Street
Covington, LA 70434
(985) 893-4790
abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com


**CHARLES L. CHASSAIGNAC (#20746)**
PORTEOUS, HAINKEL & JOHNSON, LLP
343 Third Street, Suite 202
Baton Rouge, Louisiana  70801-1309
Telephone: (225) 383-8900
cchassaignac@phjlaw.com


**Attorneys for State Farm Fire and Casualty Company**




**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing  Answer of Defendant State Farm Fire and Casualty Company has been served upon counsel for Plaintiffs'  WENDY HUBBELL AND CHRISTY CIMO and Defendants TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C., ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, INTERIOR EXTERIOR BUILDING SUPPLY, LP, INTERIOR EXTERIOR ENTERPRISES, LLC, SOUTH CORTEZ, LLC, GRAF'S DRYWALL, LLC, FIRST FINANCIAL INSURANCE COMPANY, AND WESTERN WORLD INSURANCE COMPANY,  by Lexis/Nexis File & Serve and upon Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and email <u>or</u> by hand-delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 27th day of October, 2010.

/s/ Adrianne L. Baumgartner
**ADRIANNE L. BAUMGARTNER**

22