# EXHIBIT D

# Inspection      Certificate

DATE:   *3 - 11 - 06*

    I, appointed by the buyer as its representative, have inspected the goods (3660*1220*12.7mm gypsum board (T/E)) in seller's factory and that they meet buyer's specifications and quality, and that pallets are constructed not subject to insect infestation (no solid wood), and that the packing meets buyer's requirements.

    We agree to transfer the goods to the loading port.


Note: seller:   Shandong Taihe Dongxin Co., Ltd

       Buyer:   Venture Supply Inc.



Tobin Trading Inc.

Phillip W. Perry

Signature

# EXHIBIT E

Counterfoil

137090526307
No. 00008655

| | | |
|---|---|---|
| 出口企业名称：山东泰和东新股份有限公司 Exporters: SHANDONG TAIHE DONGXIN CO., LTD | 出口企业税务登记证号： Tax Registration No： | 370911720743873 370911720743873 |
| 出口企业地址： 泰安市货税区 Address: DAWENKOU TAI'AN CITY CHINA | 电话： 86-538-8812017 传真： 86-538-8812017 Tel： 86-538-8812017 Fax： 86-538-8812017 | |
| 成交方式： FOB 提单号：SKSMLYNF00082000? Term of Delivery FOB Lian Yungang B/L No:SKSMLYNF00082000? | 合同号 Contract No： SDTH051117A | SDTH051117A |
| 致： To： VENTURE SUPPLY,INC. | 付款方式： Payment： | 30%T/T and 70%L/C 30%T/T and 70%L/C |
| | 装船口岸： From： Lian Yungang | 目的地： To： NORFOLK U.S.A |

| 唛头及号码 Mark | 品名及规格 Description | 数量 Quantity | 单价 UnitPrice | 金额 Amount |
|---|---|---|---|---|
| VENTURE SUPPLY, INC. | GYPSUM BOARD 3660*1220*12.7mm | 100000sheets | USD3.58/sheet | USD358000 |

合计：
TOTAL:USD Three hundred fifty-eight thousand only

单位名称：(盖章)
Signature
(本发票手写无效)

Signature
(本发票手写无效)

山东省泰安市出口商品专用发票
Taian Shandong Province Special Invoice for Export

出 口 专 用
Special Use for Export

存 根 联
Counterfoil

137090626307

No 00012282

2006年　月　20日填制
Date 2006Y　M　20D

| | |
|---|---|
| 出口企业名称: 山东泰和东新股份有限公司 | 出口企业税务登记证号: 370911720743873 |
| Exporter Name: SHANDONG TAIHE DONGXIN CO., LTD | Tax Registration No.: 370911720743873 |
| 出口企业地址: 泰安市岱岳区 | 电话: 86-538-8812019电系: 86-538-8812679 |
| Address: DAWENKOU TAI'AN CITY CHINA | Tel: 86-538-8812019Fax: 86-538-8812679 |
| 成交方式: FOB 提单号: SKSMLYCA00968000; | |
| Term of Delivery: FOB B/L No: SKSMLYCA00968000 No: | |
| 致: VENTURE SUPPLY INC | 付款方式: T/T |
| To: VENTURE SUPPLY INC | Payment: T/T |
| | 装船口岸: 瑞云港 目的地: 美国 |
| | From: LIANYUNGANGTo: U.S.A |

第一联：存根联（填票单位留存）

| 唛头及号码 Mark | 品名及规格 Description | 数量 Quantity | 单价 UnitPrice | 金额 Amount |
|---|---|---|---|---|
| N/M | PLASTER BOARD 3660*1220*12.7mm | 53912pcs | USD3.668/pcs | USD197749.22 |

合计:
TOTAL: USD197749.22

单位名称:（盖章）
Signature

# 公 证 书

## （2010）泰岱岳证外字第 530 号

　　兹证明贾同春（男，一九六〇年二月八日出生，现住山东省泰安市泰山区文化路欣欣家园 10 号楼 2 单元 302 室）于二〇一〇年九月一日在泰山石膏股份有限公司办公室，在我的面前，在前面的《贾同春的宣誓书》上签名。

中华人民共和国山东省泰安市岱岳公证处

公证员 

二〇一〇年九月二日

XM871919 B

# NOTARIAL    CERTIFICATE

### (2010)Tai  Daiyue  Zheng  Wai  Zi  No.530

This is to certify that Jia Tongchun (male, born on February 8, 1960, now residing in Building No.10, Unit 2, Room 302, Xinxinjiayuan, Wenhua Road, Taishan District, Taian City, Shandong Province) on Taishan Gypsum Co., Ltd. Office on September 1, 2010, and with the presence of the under-mentioned notary signed on the *AFFIDAVIT OF JIA TONGCHUN*.

Notary: Zhang Weibing

Daiyue Notary Public Office

Taian City, Shandong Province

The People's Republic of China

September 2, 2010

XW3710I968

# 证　明　书

（2010）泰岱岳证外字第 531 号

　　兹证明前面的（2010）泰岱岳证外字第 530 号《公证书》
的英文译本内容与该公证书中文原本相符。

中华人民共和国山东省泰安市岱岳公证处

公证员　

二〇一〇年九月二日

XW37191993

# NOTARIAL    CERTIFICATE

## (2010)Tai Daiyue Zheng Wai Zi No.531

This is to certify that the English translation contents of the (2010) Tai Daiyue Zheng Wai Zi No.530 *NOTARIAL CERTIFICATE* agree with the Chinese contents of that.


Notary: Zhang Weibing

Daiyue Notary Public Office

Taian City, Shandong Province

The People's Republic of China

September 2, 2010

# EXHIBIT 2

## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

JAMES H. ALEXANDER,         )
and         )
SHARON H. ALEXANDER,       )
        )
       PLAINTIFFS,    )
v.        )    CIVIL ACTION NUMBER:
        )    CV-2009-900356.00
TAISHAN GYPSUM CO., LTD.,    )
(D/B/A Shandong Taihe Dongxin Co., Ltd.), et al.,  )
        )
       DEFENDANTS.    )


CITY OF SHANGHAI        )
        )    To Wit:
PEOPLE'S REPUBLIC OF CHINA    )


### AFFIDAVIT OF YUEN HIU SUM

I, Yuen Hiu Sum, being duly sworn under oath, do state as follows:

1.    I am over eighteen (18) years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts.

2.    I am a senior translator with the law firm of Hogan Lovells International LLP, and work in the firm's office in Shanghai, China.

3.    I am fluent in the languages of Chinese and English.

4.    Based upon my ability to speak, read, and write Chinese and English fluently, I have been responsible for translating various communications and documents relating to the above-captioned lawsuit.

5.    Among the documents I have translated is the Declaration of Jia Tongchun, Chairman of the Board and General Manager of Taishan Gypsum Co., Ltd., which is being filed in support of Taishan Gypsum Co. Ltd.'s Motion to Dismiss the Complaint.

6.    I hereby certify that I translated the Declaration between the English and Chinese languages. I further certify that the English version of the Declaration is a true and accurate translation of the Chinese version of the Declaration. I also certify that the English version of the Declaration and the Chinese version of the Declaration, both of which Jia Tongchun signed, are accurate translations of one another.

I hereby swear and affirm that the foregoing statements are true and correct.

Executed on August 25, 2010.

_____

Yuen Hiu Sum

People's Republic of China)
Municipality of Shanghai )
Consulate General of the )SS.
United States of America )

Subscribed and sworn to before me _Pierce M. Davis_
(Vice) Consul of the United States of America at Shanghai,
duly commissioned and qualified, this __25th__ day
of __Aug__, 2010_____.

_____

Pierce M. Davis
Vice Consul of the United States
of America

American Consulate General
Shanghai   China



## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

| | |
|---|---|
| ALEXANDER JAMES H, | ) |
| ALEXANDER SHARON H, | ) |
| Plaintiffs, | ) |
| | ) |
| V. | )   **Case No.:**  CV-2009-900356.00 |
| | ) |
| BUILDING MATERIALS | ) |
| WHOLESALE, INC., | |
| MCGEE CONSTRUCTION | |
| COMPANY, INC., | ) |
| CHILTON SUPPLY, INC., | ) |
| VENTURE SUPPLY, INC., | ) |
| TAISHAN GYPSUM, COMPANY, | ) |
| LTD., | ) |
| Defendants. | ) |

## [ORDER]

   Upon consideration of Defendant Taishan Gypsum Co. Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction as well as the papers submitted in support thereof and in opposition thereto, the undersigned finds that Defendant lacks sufficient contacts with the State of Alabama to subject it to jurisdiction in this Court. Accordingly, it is, this _____ day of _____, 2010 hereby:

ORDERED that Defendant's motion to dismiss be and hereby is GRANTED, and the Complaint and any and all Amended Complaints, cross claims, or counter-claims against Defendant Taishan Gypsum Co. Ltd. be and hereby are dismissed with prejudice and without costs.

DONE this[To be filled by the Judge].

/s[To be filled by the Judge]
_____

CIRCUIT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * ** * * * * * * ** * * *

**THIS DOCUMENT RELATES TO:** *The Mitchell Co., Inc. v. Knauf Gips KG et al.,* **Case No. 09-4115**

### TAISHAN'S MOTION PURSUANT TO RULES 55(C) AND 12(B)(2) TO VACATE THE ENTRY OF DEFAULT JUDGMENT AND DISMISS THIS ACTION

Defendant Taishan Gypsum Co. Ltd. ("Taishan") submits this motion for an order (1) pursuant to Rule 55(c) of the Federal Rules of Civil Procedure vacating the September 23, 2009 order of this Court holding Taishan in preliminary default; and (2) pursuant to Rule 12(b)(2) dismissing this action on the grounds of lack of personal jurisdiction.

As explained in more detail in the attached memorandum, which is incorporated herein as if stated in full, the preliminary default must be vacated and the action dismissed for several reasons. First, it is void because: (a) the Court cannot exercise personal jurisdiction over Taishan consistent with the Florida long-arm statute, § 48.193, or the Due Process Clause of the United States Constitution because Taishan lacks the requisite minimum contacts with Florida, the forum state where Plaintiff filed its original Complaint; and (b) Plaintiff did not properly serve Taishan with its Amended Complaint, on which the default was entered. Further, even assuming

the Court has jurisdiction over Taishan, the default should be vacated because any failure by Taishan to timely respond was excusable under the circumstances.

WHEREFORE, Taishan prays that pursuant to Fed. R. Civ. P. 55(c) and 12(b)(2) this Court vacate the preliminary default order dated September 23, 2009, and dismiss this action because this Court does not have personal jurisdiction over Taishan.

Date: September 21, 2010

Respectfully submitted,

/s/ Thomas P. Owen, Jr.
Joe Cyr
Frank T. Spano
Eric Statman
Matthew J. Galvin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Email: Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com
matthew.galvin@hoganlovells.com
Telephone: 212-918-3000
Facsimile: 212-918-3100

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON
& ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
E-mail: rcs@stanleyreuter.com
tpo@stanleyreuter.com

**Attorneys for Taishan Gypsum Co. Ltd.**

2

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion Pursuant to Rules 55(c) and 12(b)(2) to Vacate the Entry of Default and Dismiss This Action has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 21st day of September, 2010.

/s/ Thomas P. Owen, Jr.

3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \*\* \* \* \* \* \* \* \*\* \* \*

**THIS DOCUMENT RELATES TO:** *The Mitchell Co., Inc. v. Knauf Gips KG et al.,* **Case No. 09-4115**

**TAISHAN GYPSUM CO. LTD.'S MEMORANDUM
IN SUPPORT OF ITS MOTION PURSUANT TO RULES 55(C) AND 12(B)(2) TO
VACATE THE ENTRY OF DEFAULT AND DISMISS THIS ACTION**

## Table of Contents

<strong><u>Page</u></strong>

INTRODUCTION ..................................................................................................3

FACTUAL AND PROCEDURAL BACKGROUND.........................................3

    A.    Taishan Only Does Business In China. ........................................................3

    B.    Plaintiff Files and Serves the Complaint. ....................................................4

    C.    Plaintiff Fails To Serve The Amended Complaint Alleging A
           Nationwide Class Action. ...........................................................................6

    D.    Plaintiff Obtains A Default On The Unserved Amended Complaint. ..........6

ARGUMENT.......................................................................................................7

II.   THE COURT LACKED JURISDICTION TO ENTER A PRELIMINARY
      DEFAULT AGAINST TAISHAN. ..............................................................7

    A.    The Northern District Of Florida Lacked Personal Jurisdiction Over
           Taishan..........................................................................................................8

          1.    The Exercise of Jurisdiction over Taishan Would be
                 Inconsistent with the Florida Long-Arm Statute. ...........................10

               (a)    Taishan has not conducted business in Florida.....................11

               (b)    Taishan has not committed a "tortious act" in Florida. ........12

               (c)    Plaintiff fails to allege "injury to person or property" in
                      Florida. .................................................................................12

          2.    The Exercise of Jurisdiction Over Taishan Would Violate Due
                 Process. ..........................................................................................13

               (a)    Taishan Has Not Had The Continuous and Systematic
                      Contacts With Florida To Support the Assertion of
                      General Jurisdiction. ............................................................15

               (b)    There Is No Basis For The Court To Exercise of
                      Specific Personal Jurisdiction Over Taishan. .......................16

    B.    The Exercise Of Jurisdiction Over Taishan Would Offend Traditional
           Notions Of Fair Play And Substantial Justice. ...........................................17

III. THE DEFAULT MUST BE SET ASIDE BECAUSE PLAINTIFF FAILED
      TO SERVE THE PLEADING UPON WHICH IT WAS BASED. ......................19

IV. THE PRELIMINARY DEFAULT ALSO SHOULD BE SET ASIDE ON
      THE GROUNDS OF EXCUSABLE NEGLECT. ...............................................20

    A.    Taishan Did Not Willfully Default. ............................................................20

    B.    Vacating The Default Will Not Prejudice Plaintiff. ....................................22

    C.    Taishan Has Meritorious Defenses.............................................................22

    D.    Taishan Gypsum Acted Expeditiously to Vacate The Default....................24

CONCLUSION...................................................................................................24

2

Defendant Taishan Gypsum Co. Ltd. ("Taishan") submits this memorandum in support of its motion for an order (1) pursuant to Rule 55(c) of the Federal Rules of Civil Procedure vacating the September 23, 2009 order of this Court holding Taishan in preliminary default; and (2) pursuant to Rule 12(b)(2) dismissing this action for lack of personal jurisdiction.

## INTRODUCTION

The preliminary default must be vacated and the action dismissed for several reasons. First, it is void because: (a) the Court cannot exercise personal jurisdiction over Taishan consistent with the Due Process Clause of the U.S. Constitution because Taishan lacks the requisite minimum contacts with Florida, the forum state where Plaintiff filed its original Complaint; and (b) Plaintiff did not properly serve Taishan with its Amended Complaint on which the default was entered. Further, even assuming the Court has jurisdiction over Taishan, the default should be vacated because any failure by Taishan to timely respond was excusable.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.   Taishan Only Does Business In China.

Taishan is a Chinese corporation with its principal place of business in Tai'an City, Shandong Province, People's Republic of China.   Declaration of Jia Tongchun, Chairman, General Manager and Senior Engineer of Taishan ("Decl." or "Declaration"), ¶¶ 2, 4.  Taishan has manufactured drywall since 1992.  *Id.* ¶ 6.   Taishan manufactures and sells drywall exclusively in China. *Id.* ¶¶ 79.

Taishan does not conduct business in Florida and never has.  Specifically:

- Taishan never has manufactured products or performed any services in Florida. *Id.* ¶¶ 11, 15.
- Taishan never has marketed, advertised, distributed, or sold drywall in Florida. *Id.* ¶¶ 11-14.

3