## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br><br>*Pate v. American International Specialty Lines Insurance Co. et al.* (09-7791)<br><br><br>*Centerline Homes Constr. Inc. et al. v. Mid-Continent Casualty Co. et al.* (10-178)<br><br><br>*Northstar Holdings, Inc. et al. v. General Fidelity, Inc. et al.* (10-384) | MDL NO.:  2047<br><br><br><br><br>JUDGE FALLON<br><br><br>MAGISTRATE JUDGE WILKINSON |

## JOINT REPLY OF THE INSURERS IN SUPPORT OF

## MOTIONS TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(7) FOR

## FAILURE TO JOIN REQUIRED PARTIES UNDER RULE 19

NOW INTO COURT, comes Thomas E. Schwab of the law firm of Barkley & Thompson, L.C., a member of good standing of the bar of this Court and the State of Louisiana, and counsel for NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union") and CHARTIS SPECIALTY INSURANCE COMPANY (f/k/a American Specialty Insurance Company) as alleged insurer of Beta Drywall ("Chartis"), in accordance

with this Court's August 5, 2010 order (Docket No. 4873), and provides this reply in support of the Insurers[1] motions pursuant to Fed. R. Civ. P. 12(b)(7) for an order dismissing the complaints in the referenced actions on the basis that the complaints failed to join required parties under Fed. R. Civ. P. 19.

The Insurers moved to dismiss pursuant to Rule 12(b)(7) for failure to join a required party under Rule 19. The Insurers have clearly established that they are entitled to a dismissal of the referenced cases because (1) the Subcontractor Named Insureds[2] are necessary parties to this litigation as the named insureds under the policies, (2) it is not feasible to join the Subcontractor Named Insureds as parties to this litigation because this Court does not have personal jurisdiction over these parties,[3] and (3) equity and good conscience leads to the conclusion that the Subcontractor Named Insureds are indispensable parties such that the Court should dismiss this case.

Plaintiffs ask this Court to ignore the obvious interests of the Subcontractor Named Insureds in the outcome of these three actions, as well as the interests of the Insurers to obtain a full and complete resolution of these disputes. Plaintiffs make the preposterous assertion that the

---

[1] The "Insurers" are defined as those Defendant insurers in the captioned actions who are alleged to have issued policies to subcontractors as the named insureds pursuant to which Plaintiffs now allege that they qualify as additional insureds. The policies are identified in the attached Ex. A. For the court's convenience, the "Insurers" have coordinated to file this joint reply in support of their pending Rule 12(b)(7) motions. The Insurers and their pending motions are identified as: American Guarantee and Liability Insurance Company (Docket No. 2641); Amerisure Mutual Insurance Company and Amerisure Insurance Company (Docket Nos. 2174, 2567); Chartis Specialty Insurance Company (f/k/a American International Specialty Lines Insurance Company) (Docket No. 4508); FCCI Commercial Insurance Company and FCCI Insurance Company (Docket No. 2148); Landmark American Insurance Company (Docket No. 2150); Mid-Continent Casualty Company (Docket Nos. 2156, 2282, 2843); National Union Fire Insurance Company of Pittsburgh (Docket No. 2155); and NGM Insurance Company (Docket No. 3174).

[2] The "Subcontractor Named Insureds" are the named insureds under policies allegedly issued by the Insurers. The policies and corresponding Subcontractor Named Insureds are identified in the attached Ex. A.

[3] Plaintiffs do not dispute that this Court does not have jurisdiction over the Subcontractor Named Insureds.

Insurers' clear entitlement to dismissal under the Rules should be ignored because the limits of liability under the policies issued to the Subcontractor Named Insureds are insignificant when compared with the limits of liability of the policies issued directly to Plaintiffs.  If Plaintiffs believe the Insurers to be necessary to resolution of this dispute, they must also include the Subcontractor Named Insureds to comply with the Federal Rules of Civil Procedure.  That the inclusion of all of the necessary and indispensable parties requires dismissal of this case and directs resolution in another forum is the natural consequence of bringing suit in a forum with absolutely no connections to the dispute.

Plaintiffs erroneously charge that the only rights at issue are those of Pate, Centerline and Northstar under the policies.  Plaintiffs dispute, with no basis in fact, that the policies issued to the Subcontractor Named Insureds are not subject to competing claims.  The reality is that many of the Subcontractor Named Insureds are targets of multiple claims that potentially are covered under the policies.  Plaintiffs' claims for the policy proceeds will diminish the aggregate limits of the policies and subject the Subcontractor Named Insureds to future uninsured exposure. Further, the interests of the Subcontractor Named Insureds are not represented in this action, as the interests of Plaintiffs and the Subcontractor Named Insureds are not aligned.  Accordingly, the Subcontractor Named Insureds' interests will be prejudiced if they are not parties to the dispute.  Moreover, the absence of the Subcontractor Named Insureds will subject the Insurers to inconsistent judgments or obligations.

Equity and good conscience as contemplated under Rule 19 clearly direct dismissal of these cases.  Plaintiffs have the burden to establish that the Subcontractor Named Insureds, which are plainly necessary parties, are not indispensable to the litigation.  Plaintiffs have fallen well short of their burden.

3

Plaintiffs are attempting to hide behind their choice of forum, which has no connection to these disputes, in order to appropriate the aggregate limits of the Insurers' policies for their sole benefit without consideration to the Subcontractor Named Insureds' interests in the policy proceeds – the very policies for which they contracted and paid premiums.   Respectfully, Plaintiffs' effort to exclude the Subcontractor Named Insureds and to avoid what they apparently believe to be an unfavorable forum should not be countenanced by this Court.   The *Pate*, *Centerline*, and *Northstar* actions each assert that all of the alleged injuries or damages arose out of homes located in Florida.   As the Insurers have demonstrated, the *Pate*, *Centerline*, and *Northstar* actions should not be allowed to proceed without the Subcontractor Named Insureds who are necessary and indispensable to resolution of these matters, when these cases involve issues that can be resolved in the Florida courts.

Additionally, while the coverage obligations of all of the Defendant Insurers, including the direct insurers of Plaintiffs and the Subcontractor Named Insureds, unquestionably cannot be resolved in this Court, the alleged facts show that full resolution is possible in a Florida court or elsewhere.   Dismissal of these actions as to all Defendant Insurers will facilitate a complete adjudication of each of these cases in a more appropriate forum.   Thus, equity and good conscience as contemplated by Rule 19 plainly favor dismissal of the *Pate*, *Centerline*, and *Northstar* actions in their entirety.

Accordingly, these actions should be dismissed pursuant to Rule 12(b)(7) for failure to join required parties under Rule 19.

### A.  The Subcontractor Named Insureds Are Necessary Parties

Rule 19(a) requires that "persons whose joinder is desirable from the standpoint of complete adjudication and elimination of relitigation" be joined where feasible.  *Tick v. Cohen*, 787 F.2d 1490, 1493 (11th Cir. 1986).  Federal courts consistently hold that "a party to an agreement in dispute is an indispensable [and thus required] party under F. Rule Civ. P. 19(a) in a suit seeking to … interpret that agreement."  *Siemens Building Tech., Inc. v. Jefferson Parish*, No. 03-2272, 2004 WL 1837386, *6 (E.D. La. Aug. 16, 2004) (holding that where party to the suit sought to take away absent parties' rights under contract for its own benefit, the absent party was a required party).  Moreover, a named insured policy holder is a necessary party in an insurance coverage action because an additional insured's rights to coverage are at most equal to the named insured's rights.  *Bethel v. Security National Ins. Co.*, 949 So.2d 219, 223 (Fla. Dist. Ct. App. 3d Dist. 2006); *Hartford Ins. Co. of the Midwest v. Bellsouth*, 824 So.2d 234, 241 (Fla. Dist. Ct. App. 4th Dist. 2001) (rights of the additional insured can be no greater than those of the named insured).

The contracting relationships at issue here clearly establish that the Subcontractor Named Insureds have a significant legal interest in the policies and are in fact necessary to resolution of the cases at bar.  *Harris Trust & Savings Bank v. Energy Assets Int'l Corp.*, 124 F.R.D. 115, 117 (E.D. La. 1989) ("Courts applying [Rule 19] to cases requiring contractual interpretation have held that 'there is a general rule that where rights sued upon arise from a contract, all parties to it must be joined."); *Forty-Eight Insulations, Inc. v. Aetna Cas. & Surety Co.*, 109 B.R. 315, 320 (N.D. Ill. 1989) (named insured was necessary to determination of whether payments to a third-party would reduce the aggregate limit on the policy).  *See also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968), relied on by Plaintiffs, (U.S. Supreme Court

assumed that an insured was a necessary party because it had an interest in preserving funds since it was also facing claims).

In fact, the Insurers have established that each of the factors to be addressed under Rule 19(a) weigh in favor of finding that the Subcontractor Named Insureds are necessary parties to the instant cases.  In the absence of the Subcontractor Named Insureds (1) this Court cannot accord complete relief to the parties, and (2) disposing of the action without the Subcontractor Named Insureds would impair or impede their interests or leave the Insurers subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

### 1.   This Court Cannot Accord Complete Relief To The Parties

A party is necessary under Rule 19(a)(1)(A) if the court cannot accord complete relief among the existing parties in its absence.  Contrary to Plaintiffs' arguments, this Court cannot completely resolve the coverage questions raised by the cases at bar without the participation of the Subcontractor Named Insureds.

As Plaintiffs recognize in their Response, any coverage issues resolved by this Court will not be binding on the Subcontractor Named Insureds over whom this Court does not have jurisdiction. (*See* Response Br. at 14, 18.)  Thus, if this action is allowed to proceed here, key coverage questions will be raised by the parties and decided by this Court, but the Insurers would be obligated to relitigate the exact same issues in a Florida court to obtain a judgment binding on the Subcontractor Named Insureds.

The threshold question of whether Plaintiffs qualify as additional insureds under the policies further justifies a finding that the Subcontractor Named Insureds are required parties to fully resolve the disputes at issue in these cases.  If the Plaintiffs do not qualify as additional insureds, the question of Plaintiffs' entitlement to coverage will be completely dependent on

whether the Subcontractor Named Insureds have a duty to indemnify the Plaintiffs.  These issues will unquestionably be raised early on in these proceedings, which means that this litigation will begin rather than end this dispute, a key problem that Rule 19 seeks to avoid.  *Tick v. Cohen*, 787 F.2d 1490, 1493 (11th Cir. 1986).  *See also Northland v. Berkebile Oil Co.*, No. 3:03CV00011, 2003 WL 22995127, *3 (W.D. Va. Dec. 12, 2003) (holding that the named insured was an indispensable party in an action in which a party sought additional insured status under a vendor endorsement because, if the putative insured could not recover under the policy, its only avenue of relief would be to seek indemnification from the named insured who would in turn likely seek coverage under the policy for its contractual liability).[4]

Accordingly, this factor establishes that the Subcontractor Named Insureds are necessary parties.

## 2.   The Subcontractor Named Insureds Have a Substantial Interest in these Disputes

A party is necessary under Rule 19(a)(1)(b) if a judgment on the merits could adversely affect the absent parties' interests or subject a party to the action to inconsistent judgments. *Denkmann Assocs. v. Int'l Paper Co.*, 132 F.R.D. 168, 176 (M.D. La. 1990) (finding an absent party necessary because the outcome of the litigation could substantially prejudice its rights); *Tick v. Cohen*, 787 F.2d at 1494 ("[I]n view of the fact that a judgment in favor of the Ticks

---

[4]  The cases cited by Plaintiffs to assert that this dispute could be completely resolved without the named insureds are distinguished on their facts.  *Brown v. Am. Int'l Group, Inc.*, 339 F. Supp. 2d 336 (D. Mass. 2004) (holding that not all named insureds were necessary parties to coverage litigation between other related named insureds); *Royal Ins. Co. of Am. v. Caleb V. Smith & Son*, No. 3:90CV651, 1007 WL 835058 (D.Conn. June 16, 1997) (finding that absent party was necessary, but unlike here, the insurer filed suit, and thus bore the risk that a necessary party could not be joined in its chosen forum).

could adversely affect the absent beneficiaries' interests, we find that the absent beneficiaries are persons to be joined if feasible.").

It is indisputable that the Subcontractor Named Insureds have substantial interests in the outcome of this litigation, which will be prejudiced if these cases are allowed to proceed. Plaintiffs seek to obtain the full proceeds of the insurance policies without affording the named insured an opportunity to contest, or at the very least be heard, as to the disposition of such limits.[5] *Baker v. Dale*, 123 F. Supp. 364, 368 (W.D. Mo. 1954) (absent parties with joint interest triggered Rule 19 (a)).   As such, the Subcontractor Named Insureds likely will not have sufficient policy funds to settle other claims against them.   Moreover, the Insurers may be subject to inconsistent obligations or judgments in light of these competing claims.[6]  *National Union Ins. Co. v. Rite Aid of S. Carolina, Inc.*, 210 F.3d 246, 253 (4th Cir. 2000) (recognizing that, when proceeding in lawsuit without named insured, an insurer could be "whipsawed," and thus prejudiced, by inconsistent judgments); *American Standard Ins. Co. of Wisconsin v. Rogers*, 123 F.Supp.2d 461, 468 (S.D. Ind. 2000) (where necessary party is absent from an insurance coverage action, the insurer is vulnerable to inconsistent judgments); *Greenberg v. Fireman's Fund Ins. Co.*, No. CV-07-1554-PHX-DGC, 2007 WL 4105990, *2 (D. Ariz. Nov. 16, 2007) (absence of necessary party in insurance coverage action subjects the insurer to a risk of inconsistent judgments in the two declaratory actions that concern coverage under the same

---

[5] In fact, Pate seeks to obtain the proceeds of the insurance policies for the benefit of the WCI Chinese Drywall Trust, which would foreclose any other claimant from benefiting from the policy proceeds.

[6] Certain insurers have sought to pursue their policy defenses to the Subcontractor Named Insureds and Plaintiffs with the result that two actions arising out of the same dispute are now pending.  Plaintiffs' argument that the Insurers chose to subject themselves to multiple inconsistent judgments is unavailing – Insurers could only seek a declaration of their duties to Plaintiffs and the Subcontractor Named Insureds in a Court that has jurisdiction over all of the necessary parties. Moreover, Plaintiffs' contention is ill-focused – Plaintiffs' actions in not including all parties is the cause of the potential inconsistent judgments.

policy); *Siemens,* 2004 WL 1837386, at *6 (holding that, absent all parties to the contract in dispute, an existing party could have been subjected to a substantial risk of incurring multiple or otherwise inconsistent judgments).

Plaintiffs' assertion that the policies issued to the Subcontractor Named Insureds are not subject to competing claims for coverage is simply wrong. The potential impairment or impediment of the Subcontractor Named Insureds' interests in the policy proceeds raised by this action is no mere speculation – the Subcontractor Named Insureds have in fact been named as defendants in other actions arising out of allegedly defective drywall. *See, e.g., Banner Supply Company Tampa, LLC v. Hinkle Drywall LLC*, No. 10-CA-06882, Hillsborough County, Fla. (pending against Hinkle Drywall); *Lennar Homes LLC v. Knauf Gips KG et al.*, No. 09-07901CA42, Miami-Dade County, Fla. (pending against Finest Drywall and Residential Drywall, Inc.); *Gerald Bell et al. v. Banner Supply Co. et al.*, No. CACE10011668, Broward County, Fla. (pending against Distinctive Drywall Designs); *Crespo v. Beta Drywall Inc. et al.*, No. CACE08056080, Broward County, Fla., *Orlando v. Banner Supply Co. Pompano LLC et al.*, No. CACE0701733, Broward County, Fla., *Rivercrest LLC v. Beta Construction LLC et al.*, Hillsborough County, Fla. (pending against Beta Drywall); *KB Home Tampa LLC v. Steven Sweet Drywall LLC*, No. 10-CA-010083, Hillsborough County, Fla. (pending against Steven Sweet Drywall LLC); *KB Home Fort Myers LLC v. ABF Drywall Inc.*, No. 2010 CA 004960 NC, Sarasota County (pending against ABF Drywall, Inc.); *Maronda Homes Inc. of Fla. v. Residential Drywall, Inc. v. Banner Supply Fort Myers*, No. 10-CA-006976, Hillsborough County, Fla. (pending against Residential Drywall, Inc.). This list is based on publically available information to avoid disclosing confidential information and is certainly not exhaustive of the outstanding lawsuits, nor does it address pre-suit claims arising out of allegedly defective

drywall or any other types of claims.  Nonetheless, it demonstrates that competing claims are pending, which will likely implicate the coverage afforded by the policies issued to the Subcontractor Named Insureds.

Accordingly, there can be no dispute that the Subcontractor Named Insureds have direct interests in the proceeds under the policies for which they contracted and paid premiums. *Contrast Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Mason, Perrin & Kanovsky*, 709 F. Supp. 411, 415 (S.D.N.Y. 1989) (party seeking to intervene had only a speculative interest in the litigation because *it first had to obtain a judgment against the insured*).   Further, unlike Plaintiffs' cited case law, the policy funds at issue here may not be sufficient to satisfy all third-party claims.  *Contrast SMI-Owen Steel Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 199 F.R.D. 209, 212 (S.D. Tex. 2001) (finding that claims for which absent parties were competing for policy funds were speculative because "a fair reading of the policy" established that there *were sufficient funds to satisfy all claimants*).  For example, the Trust Distribution Plan ("TDP") filed with the Delaware Bankruptcy Court by the Plaintiff in *Pate*, proposes that the known claimants' claims may be valued as high as $224 million – well in excess of the potentially available coverage.[7]  *See In re WCI Communities, Inc., et al.*, No. 08-11643 (Bankr. D. Del.), TDP filed October 7, 2010, attached as Ex. B.

Despite Plaintiffs' claim to the contrary, permissive intervention does not control the indispensability of the parties.  *Am. Safety Cas. Ins. Co. v. Condor Associates, Ltd.*, 129 Fed. Appx. 540, 543, 2005 WL 914856, *2 (11th Cir. 2005) ("ability to intervene cannot control the indispensability determination, which examines whether a party is an essential part of the

---

[7]  This value is calculated based on the maximum value of $150 per square foot identified in the TDP (Ex. at p. 19), multiplied by an average square footage of 2,500 square feet per home for approximately 600 homes which have been identified to date by Pate.

controversy before the court").  Plaintiffs' argument is illogical in any event – Plaintiffs argue in the same breath that the subcontractors are defunct, and thus have no interest in the litigation, while also charging these same financially imperiled companies with the duty to intervene to protect their interests in the policy proceeds in an out-of-state court action in which this Court has no personal jurisdiction.  The Subcontractor Named Insureds should not be held accountable to submit to this Court when it would not otherwise be able to exercise jurisdiction.  Courts do not countenance such strained interpretations of the rules.  *Cf. Giambelluca v. Dravo Basic Materials Co., Inc.*, 131 F.R.D. 475, 479 (E.D. La. 1990) ("If the Court were to accept the plaintiffs' argument in the instant matter, which is based upon diversity jurisdiction, an absurd outcome would result, for it would make intervention a prerequisite for preserving one's status as an indispensable party, even though if one were truly indispensable to the action, the party would be prohibited from intervening since diversity jurisdiction would thereby be destroyed.").

Furthermore, the fact that some of the Subcontractor Named Insureds have not entered appearances in actions pending in Middle District of Florida is not relevant to the analysis here and completely ignores the subcontractor defendants who have appeared in those same actions. *See, e.g., National Union Fire Ins. Co. of Pittsburgh, Pa. et al. v. Beta Constr. LLC et al.*, C.A. No. 10-60484 (M.D. Fla.) (Finest Drywall appeared); *Mid-Continent Casualty Company v. Pate, et al.,* No. 10-121 (M.D. Fla.) (Finest Drywall appeared).   Plaintiffs' argument additionally ignores the majority of the Subcontractor Named Insureds who are not defunct[8] and/or who have not been named in competing actions.[9]

---

[8]

 Finest Drywall, Inc., Swedberg Enterprises, Inc. d/b/a Florida Drywall, Supreme Drywall & Metal Framing Co., Hinkle Drywall LLC, United Framers, Inc., and HDS Drywall Services, Inc. are active companies.  *See* corporate records, attached as Ex. E.

[9]

 Hinkle Drywall LLC, HDS Drywall Services, Inc., Supreme Drywall & Metal Framing Company have not been named

Plaintiffs seek to avoid the obvious conclusion that the Subcontractor Named Insureds have an interest in the litigation by making the unsubstantiated argument that the Subcontractor Named Insureds' interests would not be impaired or impeded if the litigation proceeds. This argument fails. First, the alignment of the absent party's interests with a party to the litigation is a factor under Rule 24, which governs the permissive intervention of parties, but it is not a factor under the Rule 19, which governs the required party analysis applicable here. *Condor Associates, Ltd.*, 129 Fed. Appx. at 543 (finding that the permissive intervention analysis under Rule 24 takes into account factors that are not required considerations under Rule 19).

Second, unlike the cases cited by the Plaintiffs, the Subcontractor Named Insureds' interests are not aligned with any of the parties to this litigation. *See KeyBank Nat'l Ass'n v. Perkins Rowe Assocs., LLC,* No. 09-497, 2009 WL 4042974, *5 (M.D. La. Nov. 20, 2009) (recognizing the "master of the litigation" model where one party asserts claims on behalf of a disparate group – a party to the litigation was obligated by contract to act as an agent to the alleged party in interest); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Mason, Perrin & Kanovsky*, 709 F. Supp. 411, 415 (S.D.N.Y. 1989) (named insured parties' and absent named insureds' interest in preventing rescission of policy were aligned and thus the absent parties' interests were protected). By contrast, the interests of the Plaintiffs and the Subcontractor Named Insureds are not the same: There are other claims pending against the Subcontractor Named Insureds that compete for the finite funds from the subject policies' limits, while Plaintiffs are asserting that the indemnity limits under the policies are for their sole benefit. In fact, the Plaintiff in *Pate* seeks the aggregate policy limits contracted for by the Subcontractor

---

in any declaratory judgment actions by the Insurers to address coverage questions raised by the Drywall Claims at issue in the *Pate*, *Centerline*, or *Northstar* actions.

Named Insureds for inclusion in a trust created by the Bankruptcy Court, which would eliminate any possibility of coverage to the Subcontractor Named Insureds for other claims.  *See* TDP, attached as Ex. B.   In requesting this drastic and prejudicial relief, Plaintiffs, notably, have made no showing that the policies respond solely for their benefit.

Plaintiffs' reliance on case law in which the non-parties had an interest that was unaffected by the dispute is similarly inapplicable here.  *HS Resources, Inc. v. Wingate*, 327 F.3d 432,439 (5th Cir. 2003) (finding that the interests of the non-parties were unaffected because the royalties owed to them would be paid on the same basis regardless of the outcome of the suit); *Brown v. Am. Int'l Group, Inc.*, 339 F. Supp. 2d 336, 343-44 (D. Mass. 2004) (duties to the plaintiffs under the policy did not impact coverage available to the absent plaintiffs).   In this case, any sums paid to third parties on behalf of the Plaintiffs reduce the policy proceeds available to the Subcontractor Named Insureds and will thus have a substantial and irreparable impact on the Subcontractor Named Insureds' own ability to settle claims pending against them.

As in *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246 (4th Cir. 2000), the Subcontractor Named Insureds' interests are "separate and distinct from the existing parties," and Plaintiffs' attempt to distinguish the court's decision from the cases at bar is without merit.   In *Rite Aid*, that court found that the parent company that contracted for insurance was a necessary party in a suit between the insurer and the subsidiary because the subsidiary was merely a beneficiary of the coverage the parent could obtain.  *Id.* at 251.   Similarly, here, Plaintiffs' only benefit under the policies arises out of the alleged agreements made by the Subcontractor Named Insureds in the subcontracts themselves and in the policies the Subcontractors Named Insureds purchased from the Insurers.  A court's decision with respect to the coverage available to the Plaintiffs necessarily entails a determination of the

Subcontractor Named Insureds' duties to the Plaintiffs and the scope of the coverage the Subcontractor Named Insureds obtained.   Thus, the Subcontractor Named Insureds are clearly necessary to these coverage disputes, and the disputes should not be permitted to proceed without their involvement.

Significantly, if this case is allowed to proceed, the Insurers may be subjected to multiple inconsistent judgments or obligations.  The predicament of the Insurers is demonstrated in those Florida federal court actions filed by certain Insurers to affirmatively seek declarations of their rights and obligations under their policies with respect to both the Plaintiffs and their Subcontractor Named Insureds.  For example, in *National Union et al. v. Beta Construction LLC et al.*, No. 10-cv-01541 (M.D. Fla. Oct. 5, 2010), attached as Ex. C, that Court agreed with the Insurers, including National Union, that the case should proceed in the Middle District of Florida despite the *Pate* case pending in the Eastern District of Louisiana.  The Court based its ruling on the fact that this Court apparently has no connections to the dispute and cannot assert jurisdiction over the Subcontractor Named Insureds.   Additionally, in *Mid-Continent Casualty Co. v. Precision Drywall, Inc., et al.*, No. 10-cv-80457 (S.D. Fla. June 22, 2010), attached as Ex. D, the Court agreed with the Mid-Continent Casualty Company that the case should proceed in the Southern District of Florida despite the *Pate* case pending in the Eastern District of Louisiana.

Plaintiffs' argument that the Insurers chose to subject themselves to multiple inconsistent judgments is specious – Plaintiffs could only seek a declaration of their duties to Plaintiffs and the Subcontractor Named Insureds in a Court that has jurisdiction over all of the necessary parties.  Thus, in order for the Subcontractor Named Insureds to obtain a complete adjudication of their rights and obligations under the subject policies, they must pursue actions in Florida or elsewhere or risk being sued by their Subcontractor Named Insureds for coverage under the

policies.  It is Plaintiffs' actions in pursuing these cases in a forum with no connection to the disputes that has subjected the parties to piecemeal litigation.

The cases relied on by Plaintiffs are distinct from the situation here.  *See Pyramid Sec. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1122 (D.C. Cir. 1991) (holding that insurer would not be subject to inconsistent obligations because there was only one potential plaintiff who would only be entitled to collect once for a single injury); *Aetna Cas. & Sur. Co. v. Namrod Dev. Corp.*, 140 B.R. 56, 62 (S.D.N.Y. 1992) (defendants did not dispute that the possibility of inconsistent judgments was remote); *Allstate Ins. Co. v. Daniels*, 87 F.R.D. 1 (W.D. Okla. 1978) (in deciding a motion for joinder of additional parties filed by the defendant the court concluded that the only issue in the litigation was whether the party seeking coverage under an automobile liability policy was an additional insured operating the vehicle with the named insured's permission).

In sum, Plaintiffs' arguments simply do not overcome the facts establishing that the Subcontractor Named Insureds are necessary parties to this litigation.

### C.  The Subcontractor Named Insureds Are Indispensable Parties Under Federal Rule of Civil Procedure 19(b)

Plaintiffs do not dispute that it is not feasible to join the Subcontractor Named Insureds to these cases because this Court lacks personal jurisdiction over these entities.  Accordingly, under Rule 19(b), this action must be dismissed if the Subcontractor Named Insureds are indispensable parties.  Whether a party is indispensable under Rule 19 "is a pragmatic and fact specific inquiry."  *Continental Ins. Co. v. Loewen Group, Inc.*, No. 96 CV 1426, 1998 WL 142380, *15 (N.D. Ill. March 17, 2008) (holding that primary named insured was an indispensable party in coverage litigation).  "If the absent party has a legally protected interest in the subject matter of the action [such as when he is a party to a contract at issue] he falls squarely within the terms of

15

Rule 19…." *Florian v. Sequa Corp.*, No. 98 C 7459, 2002 WL 31844985, *4 n.5 (N.D. Ill. Dec. 18, 2002).

Plaintiffs have the burden to negate the unjoined party's indispensability "where an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensable." *Ranger Ins. Co. v. United Housing of New Mexico*, 488 F.2d 682, 683 (5th Cir. 1974), *quoting Boles v. Greenville Housing Authority*, 468 F.2d 476 (6th Cir. 1972). Plaintiffs assert that, even if the Subcontractors Named Insureds are necessary parties, they are not indispensable because proof of competing claims asserted against the Subcontractor Named Insureds has not been provided, the majority of the Subcontractor Named Insureds are defunct, this Court can shape relief to avoid prejudice to the parties and non-parties and dismissal would lead to piecemeal litigation. Plaintiffs' arguments have no merit as it is Plaintiffs' burden to establish that these clearly necessary parties are not indispensable to resolution of this dispute. *Ranger Ins. Co. v. United Housing of New Mexico*, 488 F.2d at 683. Plaintiffs have fallen woefully short in carrying this burden.

**1. The Subcontractor Named Insureds and the Insurers Will be Prejudiced if Judgment is Rendered in these Actions**

As we established in the prior section, the first and second arguments raised by Plaintiffs are without merit. The Subcontractor Named Insureds and the Insurers would be prejudiced if these cases proceed without the Subcontractor Named Insureds who have interests in the policy proceeds that is equal to the Plaintiffs' alleged interest. The Subcontractor Named Insureds' rights, as well as the Insurers' rights to be free of inconsistent judgments, would be prejudiced if the Subcontractor Named Insureds are not joined – a risk that cannot be avoided by this Court.

The cases relied upon by Plaintiffs suffer from a complete dissimilarity of facts to the facts in issue here.  For example, in *Smith v. State Farm & Fire Cas. Co.*, 633 F.2d 401, 405 (5th Cir. 1980), the court refused to vacate a judgment based on failure to join a bankruptcy trustee because the parties had not even sought the trustee's joinder until after judgment was rendered, and the beneficiary of the judgment had an agreement in place with the trustee that protected the interests of the trust with respect to the judgment.   This case, by contrast, has not passed the motion to dismiss stage and the Plaintiffs have undertaken no arrangement to protect the Subcontractor Named Insureds' rights to the policy proceeds.  Indeed, Plaintiffs seek to deprive the Subcontractor Named Insureds of all policy benefits without permitting the Subcontractor Named Insureds even the ability to contest the Plaintiffs' claims to the Subcontractor Named Insureds' own policies.  Considering the distinct context here, *Smith* clearly has no application.

Similarly, in *Okada v. MGIC Indem. Corp.*, 608 F. Supp. 383, 390 (D. Haw. 1985), *overruled on other grounds*, 823 F.2d 276 (9th Cir. 1986), cited by Plaintiffs, that court did rule that different acts of the insureds may be distinct losses, but its decision was based on completely dissimilar policy language.  Unlike the cases at bar, in which the per occurrence and aggregate limits at issue may apply to multiple entities, the *Okada* court recognized that each policy was subject to a per director limit that applied separately to each insured – only if the directors were accused of participating in conduct leading to a single loss would a per loss aggregate apply.  *Okada*, 608 F. Supp. at 387-89.  Accordingly, directors that were not accused of actions contributing to the loss at issue in that case were not indispensable to resolution of the dispute.  *See also N. Am. Hotels, Ltd. v. Home Indem. Co.*, 112 F.R.D. 25, 27 (E.D. Pa. 1996) (finding that the dispute between two insurers over who was required to defend their named

insured "was a matter of indifference" to the insured because he would be defended in any event).

Plaintiffs also erroneously state that the policy proceeds are subject to a first come, first serve principle, but this is *not* true. *See General Security National Ins. v. Marsh*, 303 F.Supp.2d 1321 (M.D. Fla. 2004) (finding that depletion of policy limits in favor of one of multiple co-insureds could be basis for bad faith claim); *see also Farinas v. Florida Farm Bureau General Ins. Co.*, 850 So. 2d 555 (Fla. Dist. Ct. App. 4th Dist. 2003) (when a carrier exhausted the policy limits in satisfaction of some but not all of the claims, whether the carrier had acted in a reasonable manner would always be a question of fact for the jury); *Contreras v. U.S. Security Ins. Co.*, 927 So.2d 16 (Fla. Dist. Ct. App. 4th Dist. 2006) (insurer that exhausted the policy limits in a settlement with the claimant on behalf of the named insured was not in bad faith for failing to settle on behalf of co-insured when the claimant refused to settle with the co-insured). Moreover, Plaintiffs' reliance on *Travelers Indem. Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 765 (5th Cir. 1999) is misplaced.  (decision relied on Texas case law in which there was only one potential insured that was sued by multiple third-party claimants).

Finally, Plaintiffs' argument that some of the Subcontractor Named Insureds are defunct and thus lack an interest in the litigation fails.  The Subcontractor Named Insureds are the subject of claims arising out of their former business activities.  Even if some of the Subcontractor Named Insureds are no longer doing business, their interests in the policy proceeds or resolution of these disputes have neither been reduced nor eliminated.  Moreover, Plaintiffs completely fail to account for those Subcontractor Named Insureds who are still in business.

Plaintiffs' position amounts to an argument that the first party to run to the courthouse is entitled to all of the policy proceeds.  Plaintiffs' position is particularly spurious where, as here, Plaintiffs' interest in the policy proceeds is in fact speculative at best since, in many cases, Plaintiffs have failed to provide the alleged subcontracts that they assert would entitle them to coverage under the policies issued to the Subcontractor Named Insureds.

## 2.   The Court Cannot Shape Relief to Avoid Prejudice

Plaintiffs offer no suggestions for how the Court could shape relief to prevent prejudice to the Subcontractor Named Insureds.  Indeed, the rules of policy construction would prevent any such flexibility.  *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732, 735 (Fla. 2002) (the scope and extent of insurance coverage is defined by the language and terms of the insurance policy, and where the language of a policy is plain and unambiguous, the contract must be enforced as written).  *Contrast Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987) (finding that where joinder of absent party would destroy diversity, it was not indispensable because plaintiff had already agreed to accept a remedy fashioned to account for the absent party's interests).   This consideration, therefore clearly favors a finding of indispensability.

## 3.   Plaintiffs Will Have An Adequate Remedy In Another Court

Plaintiffs seek to avoid the matter that is at the heart of this issue – if this Court dismisses the instant actions, which seek coverage for alleged damages arising out of Florida homes, Plaintiffs will have an adequate remedy in a Florida court or elsewhere.  *Compare Continental Ins. Co. v. Loewen Group, Inc.*, No. 96 CV 1426, 1998 WL 142380, *15 (N.D. Ill. March 17, 1998) (dismissing case on basis that it did not have jurisdiction over the primary named insured,

which was an indispensable party, in part because the insurer had an adequate though not preferred remedy in another jurisdiction) *and Royal Ins. Co. of Am. v. Caleb V. Smith & Son, Inc.*, No. 90CV651, 1997 WL 835058, *1, n. 1 (D. Conn. June 16, 1997) (refusing to dismiss the case because the plaintiff would have to refile in several states because no court had personal jurisdiction over all defendants). This factor "has been authoritatively construed to refer to the public interest in efficient, nonrepetitive litigation." *See Ranger*, 488 F.2d at 684. In *Ranger*, the court found it significant that if the suit was dismissed pursuant to Rule 19, the plaintiff could seek a declaratory judgment in the state courts of Texas and join all necessary and indispensable parties in that forum. 488 F.2d at 684. In light of this, the Fifth Circuit held that the plaintiff failed to carry its burden of establishing that the case "would not be wasteful, uneconomical litigation that could be more efficiently conducted in another forum." *Id.*

In *Pate*, *Centerline* and *Northstar*, the Defendant Insurers who have taken a position on the appropriate alternative forum have asserted that these disputes are more properly decided in a Florida court,[10] and the homes at issue in the complaints in all three actions are in Florida. Furthermore, two Florida federal courts have denied motions to dismiss second-filed actions filed by Mid-Continent Casualty Company ("MCC") and National Union, respectively. *See National Union, et al. v. Beta Construction LLC, et al.*, No. 10-cv-01541 (M.D. Fla. Oct. 5, 2010) (denying Pate's motion to dismiss), attached as Ex. C; *Mid-Continent Cas. Co. v. Precision Drywall, Inc., et al.*, No. 10-cv-80457 (S.D. Fla. June 22, 2010) (denying Northstar's

---

[10]

Should the court grant this motion, Plaintiffs suggest that the claims against the Plaintiffs' direct insurers should continue to proceed in this forum, but this would result in piecemeal litigation unable to address coverage issues such as the application of "other insurance" conditions when multiple policies are implicated by underlying claims. Pate's factual assertion that the policy limits of the Subcontractor Named Insureds provide the minority of coverage sought is similarly unavailing and unpersuasive when all of the Plaintiffs' allegations arise out of homes in Florida and thus so clearly favor resolution in an alternative forum.

motion to dismiss), attached as Ex. D.  Therefore, there is no reason for this Court to doubt that Plaintiffs will not have an adequate remedy in a Florida court.

The *National Union* action named Pate and its Subcontractor Named Insureds as defendants, and the court refused to dismiss the case on the basis that compelling circumstances exist in favor of allowing the case to proceed, including the complete lack of connections between the state of Louisiana and the dispute, and the fact that Pate's assertion of coverage under the policies arose out of homes constructed in Florida.  *See* Ex. C.  Similarly, in the *MCC* action, the court denied Northstar's motion to dismiss a second-filed action against Northstar and its Subcontractor Named Insureds.  *See* Ex. D.  Likewise, the *Centerline* action bears no relation to the state of Louisiana and arose out of alleged injuries to homes constructed in Florida.  *See* Plaintiffs' Ex. B, Complaint filed Oct. 13, 2010 in *Centerline Homes Constr. Inc. et al. v. Mid-Continent Cas. Co. et al.*, No. 2:10-cv-00178 (E.D. La.), at ¶ 9.  Thus, as in *Ranger* and the pending actions in Florida, this Court should find that the availability of an adequate remedy elsewhere clearly favors proceeding in a forum other than this Court.  Accordingly, Rule 19 clearly favors dismissal of these actions.

### C.  Rule 19 Favors Dismissal of the Entire Action

Plaintiffs' assertion that dismissal of the Insurers of the Subcontractor Named Insureds from this action does not warrant dismissal of the direct insurers of WCI, Centerline and Northstar should be rejected.  In *Schlumberger Industries, Inc. v. National Surety Corp.*, 36 F.3d 1274 (4th Cir. 1994), the court considered the insurance coverage for the insured's CERCLA response costs due to soil and water contamination at the Insured's manufacturing facility.  That Court held that joinder of all insurers was mandated because they were necessary and indispensible parties.  *Schlumberger*, 36 F.3d at 1288 (given the overarching legal and factual

21

issues of when the underlying contamination occurred, complete relief cannot be adjudicated in the absence of all potential insurers), *citing Evergreen Park Nursing & Convalescent Home, Inc. v. American Equitable Assurance Co.*, 417 F.2d 1113 (7th Cir. 1969) (absent insurers in fire loss dispute governed by "other insurance" clauses are indispensable parties, even though insurance contracts create separable obligations). The *Schlumberger* court, therefore, dismissed the *entire* action because joinder of all insurers would destroy diversity jurisdiction and a state court could adjudicate the entire case with all issues before it. *Schlumberger*, 36 F.3d at 1288.

Here, there is simply no reason to proceed in this Court with only some Defendant Insurers because there is an available remedy in the Florida courts or elsewhere for the Plaintiffs in the *Pate*, *Centerline* and *Northstar* actions to pursue their asserted claims to coverage under *all* of the policies.[11]  Dismissal of all these actions in their entirety will facilitate full and complete adjudication of each of these disputes in another forum. Accordingly, Rule 19 clearly mandates dismissal of all of the Defendant Insurers by this Court.

## CONCLUSION

For the reasons stated above, the National Union and Chartis Specialty, on behalf of themselves and the other Insurers, respectfully request that the Court grant the motion and dismiss this action pursuant to Fed.R.Civ.P. 12(b)(7).

---

[11] Moreover, Plaintiffs' assertion that the relative liability of their direct insurers versus those who insured Subcontractor Named Insureds, is without merit. Rule 19 gives no consideration to whether an existing party potentially has a greater financial stake in the dispute. Rather, it seeks to determine whether an absent party's interest is substantial and would be impaired or impeded if the case is not dismissed. As the Insurers have demonstrated, the Subcontractor Named Insureds have a substantial interest that will be impaired or impeded if this entire action is not dismissed.

Dated: October 26, 2010                      Respectfully submitted:


/s/ Thomas E. Schwab

Thomas E. Schwab (Bar No. 2099)

BARKLEY & THOMPSON, L.C.
1515 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Phone:  (504) 595-3370
Fax:  (504) 595-3355
E-mail:  tschwab@barkleythompson.com

Joseph A. Hinkhouse
Sara Uffelman Gattie
HINKHOUSE WILLIAMS WALSH
180 North Stetson Street, Suite 3400
Chicago, Illinois  60601
Phone:  (312) 784-5454
Fax:  (312) 784-5494
E-mail:  jhinkhouse@hww-law.com

            sgattie@hww-law.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Joint Reply of the Insurers In Support of Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7) for Failure to Join Required Parties Under Rule 19 has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of October, 2010.

/s/Thomas E. Schwab

Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, PA and Chartis Specialty Insurance Company

24