UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED        *        MDL No. 2047
DRYWALL PRODUCTS LIABILITY         *
LITIGATION                         *
                                   *
THIS DOCUMENT RELATES TO:          *        JUDGE FALLON
KENNETH and BARBARA WILTZ, et al   *
vs.                                *
BEIJING NEW BUILDING MATERIALS     *
PUBLIC Ltd, et al                  *
Case No. 2:10-cv-361-EEF-JCW       *        MAG. WILKINSON

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared

PATRICK MURNANE

who, being duly sworn, upon his oath deposed and stated as follows:

1. He is the President for Grand Harbour Homes, Inc., ("Grand Harbour Homes"), and as such, has personal knowledge of the following based on his review of records maintained by Grand Harbour Homes in the regular course of business.

2. Grand Harbour Homes is a corporation organized and existing under the laws of the State of Florida and has its principal place of business in Lee County, Florida.

3. Grand Harbour Homes is a home builder that contracts with third party vendors for the construction of single-family homes and/or sells completed single-family homes.



EXHIBIT A

4. Grand Harbour Homes has never built a residence in the State of Louisiana nor had any contracts or subcontracts with companies located in Louisiana.

5. Grand Harbour Homes has never been licensed or registered to do business in Louisiana or ever had any offices or employees in Louisiana.

6. Grand Harbour Homes does not have an agent for service of process in Louisiana.

7. Grand Harbour Homes does not have any bank accounts in Louisiana or own any property in Louisiana.

8. Grand Harbour Homes does not solicit business in Louisiana or ever transacted business in Louisiana.

9. Grand Harbour Homes has never maintained a telephone line in Louisiana or kept a post office box or otherwise received mail in Louisiana.

10. Grand Harbour Homes does not maintain an office, store, headquarters, shop, warehouse, or any other facility in the State of Louisiana.

11. Grand Harbour Homes has never received any business from any contacts in Louisiana, whether individual customers, or business customers.

12. Consequently, Grand Harbour Homes never anticipated it would be haled into court in Louisiana.

_____
PATRICK MURNANE

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 14 DAY OF SEPT, 2010.

Frances S Robertson
NOTARY PUBLIC



Notary Public State of Florida
Frances S Robertson
My Commission DD650740
Expires 05/13/2011

2

Nov. 3. 2005 11:23AM   WACHOVIA MORTGAGE                              No. 5254  P. 1



# Grand Harbour Homes, Inc.

4722 SW 29TH AVENUE
CAPE CORAL, FL 33914
239-541-3311 · FAX 239-541-1709
CGC 1508395
23 YEARS EXPERIENCE

## CONSTRUCTION CONTRACT

Date: 11-1-2005

This Agreement is made between:

| OWNER 1: Dennis Laney | SOCIAL SECURITY NO.: |
|---|---|

| OWNER 2: | SOCIAL SECURITY NO.: |
|---|---|

| ADDRESS: 803 NE 7th Ave | HOME PHONE: 239-573-8834 |
|---|---|

| CITY: Cape Coral FL | WORK PHONE: 239-481-1953 |
|---|---|

| STATE: FL | ZIP: 33909 | FAX: |
|---|---|---|

| MODEL: | CITY: | SALES PERSON: Patrick Murnane |
|---|---|---|

and GRAND HARBOUR HOMES INC., a Florida corporation, hereinafter referred to as Contractor, who is licensed as follows: Florida State Certified General Contractor, License No. CGC1508395.

In consideration of the covenants set forth below, Contractor and Owner agree as follows:

### Section I
### Description of Work

Contractor agrees to build a building in accordance with the plans and specifications attached hereto and made a part hereof as if set out in full, upon the property site described below.

Contractor shall furnish all labor and materials for such work complete in accordance with the attached plans and specifications and in a good and workmanlike manner.

Owners initials



EXHIBIT B

Owner represents and warrants that it is the owner in fee simple of or is purchasing the property at the following location which is more specifically described as:

PID No.: 36-43-23-C3-02483.0150

Lots 15 and 16, Block 2483, Unit 36, Cape Coral Subdivision according to the plat thereof as recorded in Plat Book 23, Page(s) 87, inclusive, in the Public Records of Lee County, Florida. 1717 PL
Street Address: 1700 NE 4TH AVE  CAPE CORAL, FL 33909

## Section II
## Possession of Building Site

The Owner hereby grants possession of the building site to Contractor; the building site will be redelivered to the Owner upon completion of construction and payments by Owner of all money due Contractor under this Contract and owner signing Contractor's acceptance form. Owner agrees that under no circumstances will Owner occupy the premises prior to payment of all amounts due Contractor and Owner's execution of Contractor's acceptance form. Contractor shall retain exclusive possession of the entire premises until completion of construction thereon, and occupancy of any part thereof by Owner prior to completion shall be deemed to constitute an acknowledgment on Owner's part of complete performance by Contractor of the construction under this contract and all balances due Contractor shall become immediately due and payable.

## Section III
## Time of Commencement and Completion

The Contractor shall not have the duty to begin construction until the later of: 1) Owner has acquired financing or set up a construction funds escrow in an amount necessary to pay the Contractor in full; or 2) the required building permits are issued. For the purpose of determining the time of completion, the time of commencement shall be the date footings are poured.

Except as may be extended by the provisions of this Section III, the construction shall be completed within 270 working days from the commencement of construction as defined in this Section III, allowing five (5) working days per calendar week but excluding legal holidays. For all purposes the date of completion shall be the date of issuance of the certificate of occupancy. The parties acknowledge that damages for Contractor's failure to complete construction within the number of days described herein is not readily ascertainable. If Contractor fails to complete construction timely as described above, the Contractor shall credit Owner $10.00 per day for each working day longer than set forth in this Section III taking into account any time extension as provided herein.

2                                                owners initials

Liquidated damages of $10.00 per day shall be Owner's sole remedy for Contractor's failure to complete construction within the number of days as calculated by the provisions of this Section III. In the event that Contractor shall be delayed or hindered in, or prevented from, the performance of any work required hereunder, because of strikes, lockouts, labor troubles, building material shortages, failure of power, restrictive governmental laws or regulations, newly established requirements of governmental agencies, riots, insurrections, war, hurricanes, tornadoes, floods, fire or other reasons, not within the control of the Contractor, the performance of the work to be performed shall be excused for the period of the delay and the period of the work to be performed hereunder shall be extended for an equivalent period of time.

The Owner, without invalidating the Contract, may order changes in the work to be performed by the Contractor consisting of additions, deletions, or modification; the contract amount and the contract time shall be adjusted in writing accordingly. All changes in the work to be performed shall be authorized by written change orders signed by the Owner and Contractor and pursuant to requirements and provisions of Section XII of this Contract. The contract amount may be changed only by written change order signed by both parties. However, Owner's refusal to execute a Change Order within three (3) working days of presentment to Owner by Contractor shall constitute a default by Owner entitling Contractor to all remedies provided in Section XII of this Contract. However, Contractor shall have the option to continue construction without the change if Owner refuses or fails to execute a change order within three (3) days of presentment to Owner by Contractor without waiving any claim of default by Owner. The cost or credit to the Owner from a change in the work to be performed and the amount of contract time shall be determined by Contractor and described in the Change Order.

Section IV
Contract Price

The total contract price is Two hundred fifty thousand +  00/100 ($ 250,000⁻ ). Owner promises to pay said amount in accordance with the terms of this Contract and subject to any additions or deductions as herein provided. Said amount is payable in cash or cashier's check in accordance with the draw schedule. Said price is determined by the total of the following:

| | |
|---|---|
| Base Construction Price for Building | $250,000 ⁰⁰ |
| Options, Extras & Upgrades (per attachment) | $ -- |
| Pool/Spa Package | $ 55,000.00 |
| Other: _____ | $ _____ |
| | $ _____ |

5                                                     Owners Initials
                                                      _____

### Section V
### Project and Draw Schedule

| | | | |
|---|---|---|---|
| Total Contract Amount | | $ 250,000.00 | (100%) |
| A. | Upon signing this contract, receipt of which, subject to collection, is acknowledged | $ 2,500.00 | %( 1 ) |
| B. | Slab Placement | $ 35,000.00 | %(14) |
| C. | Completion of block walls & lintel (or framing) | $ 20,000.00 | %( 8 ) |
| D. | Rough in inspections complete (Electrical/HVAC & Plumbing) | $ 42,500.00 | %(17) |
| E. | Drywall and Septic Installation Complete | $ 25,000.00 | %(10) |
| F. | Cabinets, Bath Tile, Plumbing Trim and Electrical Fixtures Installed | $ 50,000.00 | %(20) |
| G. | Completion of HVAC, Drives & Walks complete | $ 50,000.00 | %(20) |
| H. | Completion of Exterior Paint, Floor Coverings & Appliances | $ 25,000.00 | %(10) |
| I. | Issuance of c/o or at closing (RETAINAGE) | $ —— | Final |
| | TOTAL | $ 250,000.00 | |

All payments shall be made within seven (7) days from the requisition by Contractor and shall bear interest at the rate of one and one-half percent (1 1/2%) per month if not paid within seven (7) days of requisition.

On nonpayment of any draw when due under the terms of this contract, Contractor at Contractor's option may cease work until such draw is paid.

Owner's final payment shall be paid within ten (10) days of notice to Owner by Contractor that the certificate of occupancy has been issued and premises are substantially ready for occupancy. Owner shall not have the right to delay final payment because of work that does not interfere with occupancy. Said work will be listed on a Final Punch List, signed by Owner and Contractor's superintendent. This work will be scheduled and completed by Contractor as quickly as possible,

4

Owners initials

Nov. 3, 2005 11:23AM    WACHOVIA MORTGAGE                              NO.3204   P. 9



# Grand Harbour Homes, Inc.

4722 SW 29TH AVENUE
CAPE CORAL, FL 33914
239-541-3311 · FAX 239-541-1709
CGC 1508395
23 YEARS EXPERIENCE

## The Palm

### SCHEDULE OF ALLOWANCES

The following allowances are included in the contract price

| # | Item | Amount |
|---|---|---|
| 1. | Impact Fees | 10,000.- |
| 2. | Lot Prep, Final Grades, Clearing and Fill | 10,000.- |
| 3. | Light Fixtures | 500.- |
| 4. | Appliances | 2,400.- |
| 5. | Tile Flooring | 4,200.- |
| 6. | Carpet | — |
| 7. | Landscaping and Sod | 2,500.- |
| 8. | Drive and Walks, Labor and Material | 3,000.- |
| 9. | Well | 4,700.- |
| 10. | Septic System | 5,700.- |

*Any Assessments for Sewer and Water if applicable to be paid by purchaser.

Purchasers initials _____

Builders initials _____

however, Owner's payment of Contractor's final payment shall not be delayed until completion of the Final Punch List. Substantial performance on the part of the Contractor in good faith and without willful failure shall be deemed sufficient performance. The issuance of the certificate of occupancy shall constitute substantial performance of this Contract by Contractor.

### Section VI
### Construction Loan or Construction Funds
### Cash Escrow

The Owner agrees to make application, within three (3) days of execution of this Contract, with a bona fide lending institution and to execute all necessary documents for a construction mortgage loan on the above-described property in an amount necessary to pay Contractor in full. The Owner shall pay all loan costs, including the cost of surveys, title insurance premium and other title insurance related charges, Intangible Tax and Documentary Stamps on the mortgage and note, all recording fees, credit report, appraisal fees and any loan charges made by the lending institution, none of which are included in the Contract amount. Flood insurance, any prepaid insurance requirements and all construction interest are to be paid by the Owner and are not included in the Contract amount.

If at any time during construction the Contractor determines that the remaining funds in Owner's construction loan will be insufficient to complete construction and pay Contractor's contract sum in full, including change orders, Owner shall deposit sufficient funds, based on Contractor's estimate, with the construction lender within three (3) days of Contractor's notice. Owner's failure to timely do so shall constitute a default hereunder.

In the event financing cannot be obtained by Owner, Contractor shall have sufficient time to exercise its best efforts to obtain a construction mortgage loan on behalf of Owner. If the efforts of the Contractor and Owner are unsuccessful, this Construction Contract shall become null and void, and all deposits other than non-refundable deposits as shown in Section V shall be refunded to the Owner by the Contractor, less out-of-pocket expenses incurred by the Contractor.

If Owner elects not to use construction loan financing, then Owner shall deliver the entire amount necessary to pay Contractor in full to a construction funds escrow agent designated by Contractor to be held in escrow and disbursed to Contractor during the course of construction in accordance with the draw schedule. Owner and Contractor shall execute an escrow agreement as may be required by the escrow agent. All fees and costs related to the escrow shall be paid by Owner.

### Section VII
### Insurance

Contractor carries and maintains satisfactory workers' compensation and public liability insurance to cover the liability of contractor and any subcontractor for personal injury, death, and property damage, and that insurance covers this work.

5                                                          Owners initials

Nov. 3. 2005 11:24AM    WACHOVIA MORTGAGE                    No.5254   P. 6

The Owner shall be responsible for purchasing and maintaining its own liability insurance and, at its option, may maintain insurance as to protect Owner against claims which may arise from the operations described in this Contract.

## Section VIII
## Lot Preparation

Contractor has not inspected Owner's building site and therefore the contract amount is based on a readily accessible clear, level developable lot, currently serviced by public utilities, free of bushes and trees, and of a sufficiently high elevation to permit a normal two-block foundation. In addition to the contract amount, Owner shall pay Contractor, for each of the following items that are necessary: user fees and hook-up fees; impact fees; obtaining water meter; all corrections to septic system per engineer's request (the contract amount set forth in Section IV above includes an allowance of $10,000.00 for septic connection; any septic system connection in excess of the allowance shall be paid by Owner); connecting water and/or sewer, if available; digging through difficult soil such as that which contains hard pan, clay or rock for foundation, septic system and driveway; compliance with governmental requirements which are not commonly anticipated in average construction; cleaning of the property.

Block required in excess of normal two (2) course foundation including additional fill required, will be charged to Owner. The Owner shall pay for additional fill, if necessary, at a rate of $110.2 _____ per yard. Owner shall pay for additional block required at a rate of $5.00 _____ per block.

It is further agreed and understood that Contractor shall not be responsible for any site preparation not specifically stated in this Contract. In addition, Owner shall be responsible to notify Contractor of unusual soil conditions and will provide, at Owner's expense, soil tests or borings if needed. The Owner shall furnish all surveys. Easements for permanent structures or permanent changes in existing facilities shall be secured and paid for by Owner.

Allowances are Contractor's best estimate at the time of contract signing. Actual site improvements may cost more or less. Owner shall pay Contractor any excess over the estimated homesite improvement costs as reflected herein or the Contractor shall refund any over estimates to Owner at closing. Machine grading of the lot up to 10,000 square feet total area is included. Any charges for excess machine grading shall be paid by Owner. Any excess payment owed to Contractor shall include Contractor's standard addition for cost of administration and profit.

80 X
125 = 10K

## Section IX
## Driveway

The Contractor will furnish A CONCRETE driveway of up to 1,160 _____ square feet. Additional driveway will be charged to the Owner at $ 110.2 PER YARD _____ per square foot. Machine grading of up to 1,160 square feet total areas included. Should the condition of the lot be such that a culvert is needed, the cost of the culvert shall be paid by the Owner in addition to the contract amount.

6                                                       Owners initials

Any structural and/or mechanical changes made by the Owner after Contractor's receipt of signed Owner Approved Prints and Plans and Specifications shall be paid for, along with costs for new drawings, new engineering, etc. before the start of construction.

Changes made by Owner after Contractor has purchased building permits must be received by Contractor no later than fifteen (15) days prior to the phase of construction such change will affect. All changes made by Owner after purchase of building permit are subject to Contractor's approval together with the costs thereof, and a Two Hundred Fifty Dollars ($250.00) change order fee for each change, which shall be paid by Owner at the time the changes are requested.

For each change made by Owner, the Contractor shall be allowed a minimum of five (5) additional working days to complete construction plus any additional time delay calculated to be caused by the change order.

### Section XIII
### Modifications and Substitutions

Contractor shall have the right to make architectural, structural or design modifications or changes in the plans or construction as it deems necessary, so long as they do not substantially and adversely change the plans, or if it is required by any controlling governmental authority. Contractor shall have the right to substitute materials, appliance, cabinets, fixtures, and/or floor coverings with items of similar quality, utility, value and/or color where necessary due to cost increases, unavailability or shortages at the time ordered, or cancellation of a supplier. Owner agrees and acknowledges that certain items such as brick, wood, woodgrain, carpet, paint, cabinets, marble, tile, mica, and the like, are subject to shading and gradation and may vary from samples, models or color charts, and from piece to piece, and Contractor shall not be liable for those variations.

### Section XIV
### Selections

Contractor may at its option, grant Owner the right to make color, material, appliance or other selections, and if Contractor does, Owner must make those selections within five (5) days of Contractor's request, from suppliers designated by Contractor. If Owner fails or refuses to make selections within five (5) days, Contractor is hereby authorized to make those selections. If Owner timely makes those selections, Contractor shall use its best efforts to provide Owner with those selections; but Contractor shall not be liable for substitutions as provided in Section XIII above.

### Section XV
### Construction Costs

Pricing in this contract is based upon present construction costs and current impact fees, building fees and governmental requirements. Owner and Contractor recognize that construction costs are very fluid and subject to change. Any adjustments in price as a result of an increase in construction costs, impact fees, building fees or governmental code or other requirements will be paid by Owner in addition to the contract amount. If the adjustments result in an increase of more than ten percent

8

Owners initials

### Section X
### Utilities

Contract amount includes electrical service entering utility room or garage directly without crossing the roof, requiring the shortest possible electric run. A longer and/or underground run shall be an additional charge to the Owner. Should electricity or water not be available to the Owner's lot during construction, the Contractor will rent or supply equipment to provide utilities at Owner's expense at prevailing local rates. The Contractor will connect to public water and sewer lines to a distance of forty (40) feet. Cost of lines required over forty (40) feet will be paid by Owner.

### Section XI
### Permits and Licenses

Contractor shall be responsible for securing the necessary permits and licenses for the work.

Contractor will not apply for Building Permits or commence with construction prior to receiving signed Owner Approved Plans and Specifications with any and all changes initialed. Contractor will not be held responsible for delays in permit processing due to Owner's delay in returning Owner Approved prints or engineering or plans and specifications.

Building fees and charges will be paid by Contractor. The term *Building Fees and Charges*, as used in this contract will be limited to the purchase of the building permits and items stated on attached specification sheet pertaining to the phases of construction contemplated by this contract.

Expenses incurred for testing, engineering, city, local, or state fees, including but not limited to fees, such as impact fees, betterment fees, concurrency fees, health department fees, etc., and other special requirements made by the Building Department or the Lender shall be borne by the Owner, unless otherwise incorporated in this contract.

If Contractor cannot obtain all permits to perform the work described herein in accordance with the plans and specifications within a reasonable time, Contractor may refund all deposits except non-refundable deposits listed in Section V, less Contractor's expenses, to Owner and terminate this Contract.

### Section XII
### Alterations/Changes

Changes in plans and specifications may be requested by the Owner when practicable and must be stipulated in writing, signed by both parties and the price fixed by them before work on such alterations or modification shall commence. All changes must meet the approval of both the Contractor and the Lender, if any, and must comply with all applicable governmental rules and regulations. Contractor reserves the right to disapprove a change order if in its sole discretion and judgment the change will delay the prudent continuation of the job schedule. Contractor will not be liable for and shall not perform any work that is orally requested by Owner.

7

Owners initials

(10%) of the contract total price, the Owner has the right to cancel the contract and receive the return of Owner's deposit, less any costs incurred by Contractor. Notice of the election to cancel this contract must be given in writing to Contractor within ten (10) days of presentment of the adjustment notice to Owner by Contractor.

## Section XVI
### Construction by Owner or Other Contractors

Owner will not construct, cause to be built, or contract with other parties for any construction on the premises without the Contractor's written consent. Upon receiving the Contractor's consent, the Owner will be directly responsible to the Contractor for damages, delays and costs thereof resulting from work the Owner has performed, or from work performed by any other parties the Owner has authorized. The Owner, when contracting with other parties, agrees to use only licensed persons, and must supply the Contractor with a valid Certificate of Liability and Workmans' Compensation Insurance, prior to commencement. The Owner holds the Contractor harmless for any and all delays, damages and injuries which may result.

## Section XVII
### Interference with Construction

Owner shall not enter into or upon the building site or property or interfere with the progress of construction or with workman, and Owner will not cause entry or interference by others. Contractor shall not be liable for any injuries resulting from Owner's breach or violation of this Section. Owner acknowledges that its primary contact with Contractor shall be solely with the construction superintendent but that neither the construction superintendent nor any other employees of Contractor or any subcontractors have the authority to modify this contract.

## Section XVIII
### Limited Warranty/Disclaimer

The Contractor gives the Owner a *Limited Warranty* for a period of (1) year, starting when the certificate of occupancy is granted. The Contractor warrants the structural components of the completed Building will be constructed free from substantial or material defects arising from faulty workmanship. In addition, Contractor shall assign to Owner all manufacturer or supplier warranties that are so assignable. The Contractor does not warranty concrete slab or driveway from cracking in any way. The Contractor does not warranty ceramic tile floors from cracking in any way. The Owner is responsible for maintaining sod and landscaping after it is installed. If not maintained properly warranty does not apply.

Contractor makes the above limited warranty expressly in lieu of all other express or implied warranties concerning the completed Building and the property sold hereunder or previously purchased from Contractor, and any other representations, statements or promises made by any person are unauthorized and are not binding upon Contractor. All other warranties with respect to the Building and the property hereunder are hereby disclaimed, to the extent permitted by law, whether implied or arising by operation of law, course of dealing, custom and practice, or otherwise,

9                                           Owners initials

including, but not limited to any warranties of habitability, merchantability, and fitness for particular purpose; and Owner represents that Owner has read and understood this provision, and that Owner understands and agrees that by entering into this contract and accepting the benefits of the limited warranty described above, Owner has knowingly relinquished any and all other warranties of any kind or nature regarding the Building and the property.

Should the Contractor determine that warranty work requested by the Owner was the result of neglect or abuse, the Owner agrees to reimburse the Contractor for all expenses incurred in the repair.

### Section XIX
### Contract Documents/Section Headings

This contract includes this Contract and the attached plans and specifications and all written signed change orders.

Section headings are for convenient identification only and shall not be considered in construing the contract's meaning or terms.

### Section XX
### Court Costs and Attorney Fees

Owner agrees to pay court costs actually incurred and reasonable attorneys' fees if the contract is referred to an attorney for collection of any monies due or any other enforcement of this contract. Owner shall pay all costs and expenses necessitated thereby, including reasonable attorney fees in all legal actions including those incurred in mediation, arbitration, state or federal court, bankruptcy court and all appeals.

### Section XXI
### Right to Terminate Contract and Pursue All Remedies

Should the work be stopped by public authority for a period of thirty (30) days or more, through no fault of the Contractor, or should the work be stopped through an act or neglect of the Owner, including but not limited to Owner's failure to pay Contractor when due, Owner's failure to timely execute a Change Order, or Owner's failure to deposit additional amounts required by this contract, Contractor may, upon five (5) days written notice to the Owner, stop work and terminate the contract and recover from the Owner payment for all work executed, any loss sustained, reasonable profit and damages and Contractor may pursue any and all remedies available under Florida law.

### Section XXII
### Assignment

It is understood and agreed that the Owner will not assign this contract without the written consent of the Contractor which consent may be withheld at Contractor's option and sole judgment and discretion.

10                                              Owners initials

### Section XXIII
### Binding

This Contract shall be binding upon the heirs, executors, administrators, successors, and assigns of Owner and Contractor.

### Section XXIV
### Entire Agreement/Invalid Provision

This Contract contains the sole and entire agreement between the parties. Any changes to this contract must be in writing to be valid and enforceable. The parties acknowledge and agree that neither of them has made any representation with respect to the subject matter of this Contract or any representations inducing the execution and delivery hereof, except those representations as are specifically set forth herein, and each of the parties hereto acknowledges that they have relied on their own judgment in entering into this Contract. The parties hereto further acknowledge that any statement or representations that may have heretofore been made by either of them to each other are void and of no effect and that neither party shall have relief thereon in connection with dealing with the other.

If any provision of this Contract is found to be illegal, invalid or unenforceable, the remainder of the Contract shall not be affected thereby.

### Section XXV
### Real Estate Brokers

Owner represents and warrants to Contractor that this transaction was not brought about by any real estate broker other than _____N/A_____ (whose commission shall be paid by Owner), and Owner shall indemnify and hold Contractor harmless from any liability or damage, including attorney's fees and court costs, in connection with any other claim for brokerage.

### Section XXVI
### CONSTRUCTION INDUSTRIES RECOVERY FUND

The following statement is required by Section 489.1425 Florida Statues:

PAYMENT MAY BE AVAILABLE FROM THE CONSTRUCTION INDUSTRIES RECOVERY FUND IF YOU LOSE MONEY ON A PROJECT PERFORMED UNDER CONTRACT, WHERE THE LOSS RESULTS FROM SPECIFIED VIOLATIONS OF FLORIDA LAW BY A STATE-LICENSED CONTRACTOR. FOR INFORMATION ABOUT THE RECOVERY FUND AND FILING A CLAIM, CONTACT THE FLORIDA CONSTRUCTION INDUSTRY LICENSING BOARD AT THE FOLLOWING TELEPHONE NUMBER AND ADDRESS: Florida Construction Industry Licensing Board, 7920 Arlington Expressway, Suite 300, Jacksonville, Florida 32211, Phone: (904) 727-6530.

11                                             Owners initials

Nov. 3. 2005 11:25AM    WACHOVIA MORTGAGE                            NO.5254   P. 12

I (WE) HAVE READ AND UNDERSTAND AND AGREE TO THE PROVISIONS SET FORTH IN SECTIONS I THROUGH XXVI OF THIS CONTRACT AND I (WE) STATE THAT NO REPRESENTATION, PROMISE OR AGREEMENT NOT EXPRESSED IN THIS CONTRACT HAS BEEN MADE TO INDUCE ME/US TO ENTER INTO THIS CONTRACT.

IN WITNESS WHEREOF, this contract is executed as of the date on page one.

_____
Witness #1    As to Owner
Print Name: Danielle Callahan

_____
Owner Signature
Print Name: Dennis Long

_____
Witness #2    As to Owner
Print Name:

_____
Owner Signature
Print Name:

GRAND HARBOUR HOMES, INC

_____
Witness #1 As to Contractor
Print Name: Danielle Callahan

By Its: _____
Print Name: Patrick Musgrave

Address:  4722 S.W. 29TH Avenue
          Cape Coral, FL 33914
Telephone: (239) 541-3311

_____
Witness #2.    As to Contractor
Print Name:

12                                    Owners Initials