**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2047 |
| | * | SECTION "L" |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| **BARRY DEMPSTER, et al.** CASE NO. 2:09-5482-EEF-JCW; AND | * | MAG. JUDGE WILKINSON |
| **T. JACK KENT, et al.,** CASE NO. 2:10-01110-EEF-JCW; AND | * | |
| **OMNIBUS COMPLAINT III (GROSS/BENES)** CASE NO. 2:09-6690-EEF-JCW. | * | |

*****************************************

**LOWE'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PSC'S MOTION TO ENJOIN STATE COURT PROCEEDINGS IN MUSCOGEE COUNTY, GEORGIA**

On October 28, 2010, a "Joint Motion to Amend Settlement Agreement and Appoint Settlement Administrator" was filed by Class Counsel and Lowe's counsel in *Vereen v. Lowe's Home Centers, Inc.*, Case No. SU10-cv-2267B (Super. Ct. Muscogee Cty.).[1] The *Vereen* settlement of allegedly defective drywall claims by Lowe's customers and others, the proposed amendment, the Georgia state court's authority to consider the proposed amendment, and its authority to administer the *Vereen* settlement are the subjects of the PSC's motion to enjoin and now before this Court.

While continuing to reserve to all class members any claims they have against other alleged responsible parties, including manufacturers, the amendment of the *Vereen* settlement offers additional benefits to eligible class members. Members of the Enhanced Benefits Group

[1] The filing, including the "Supplemental Amendment to Class Action Settlement Agreement and Release," is attached as Exhibit "A." All capitalized terms referencing the *Vereen* settlement and the amendment, not defined in this supplemental memorandum, are defined as set forth in the *Vereen* documents attached here or which are already part of the record.



EXHIBIT
tabbies
1

include those who: (a) purchased allegedly defective drywall from Lowe's; (b) have alleged damage to real property and/or alleged personal injury caused by the possession or use of allegedly defective drywall from Lowe's; and (c) can furnish Threshold Proof of Damage, as described in the *Vereen* amendment. Enhanced Benefits Group class members are eligible for a cash payment of up to **$100,000.00 per property.** And, importantly, Enhanced Benefits Group class members, like all other class members, may choose to opt out of the amended settlement either before the new deadline to be established by the Georgia court **or** later in the claims process if the cash payment is, in their view, insufficient.

Even before the agreement to create and fund the Enhanced Benefits Group, a robust notice and claims period has been in effect for more than two months, and more than 13,000 claim forms had been submitted as of October 27, 2010.[2] The claim period remains open until May 18, 2011, so it is anticipated that many more claims will to be filed.

Contrary to the unsupported and misleading statements by the PSC about the *Vereen* settlement, the benefits to class members are substantial. Eligibility requirements are appropriate, relative to the levels of compensation. Even at the never expiring and fully transferable $50 gift card level, the class member does not even have to provide proof of purchase of the allegedly defective drywall from Lowe's or independent proof of damage. The sliding scale of available payments to class members from the $100,000.00 cash payment down to $50.00, tied to the level of proof the class member has or is willing to provide, is extremely fair. The payments are generous. Lowe's is an innocent seller which, under the laws of many states, bars or significantly limits the potential recovery of plaintiffs,[3] and the settlement has reserved to class

[2] Unsworn Declaration Under Penalty of Perjury Pursuant to 28 U.S.C. §1746 of Timothy J. Taylor, attached as Exhibit "B."

[3] The difference in laws among states is also a reason why it would be problematic for a court to certify a nationwide litigation class. Even the PSC seems to concede this point, in that they have chosen in their Motion for

members any claims they have against other allegedly responsible parties, including manufacturers. It also bears repeating that any class member can opt out of the settlement by the exclusion deadlines established by the Georgia court. Enhanced Benefits Group members have an additional opt-out option after the class of claimants is identified at the end of the claims process.

Moreover, this is not the proper venue to consider the fairness of the *Vereen* settlement. Facilitating settlement in an MDL, if practicable and if all parties are willing, is favored; but it is respectfully suggested that issuing an injunction that effectively prevents willing parties from settling in their chosen forum, or pressuring parties to settle only in the MDL court, is outside the scope of authority and purpose of 28 U.S.C. §1407[4], and is inconsistent with the goals and purposes of the Anti-Injunction statute. Lowe's position on this issue is further buttressed by the particular circumstances related to the few and dubious claims involving Lowe's in the MDL, all of which have been fully set forth in Lowe's original memorandum. The injunction sought by the PSC would, of course, directly interfere with the *Vereen* court and jeopardize its settlement, contradicting a universally desirable goal in complex litigation.

As the Court considers the extraordinary measures advocated by the PSC in the face of the Anti-Injunction Act and controlling jurisprudence, it may wish to consider alternative

---

Class Certification as to Banner to specifically limit that class to people with economic injury claims in Florida only. Both this Court and the Fifth Circuit have refused to certify class actions in the past where the laws of multiple states are potentially applicable to the plaintiffs' claims, because the claims are unmanageable and present too many issues requiring individual determination. *Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597, 608 (E.D. La. 2006)(Fallon, J.), *citing, Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741-43 (5th Cir. 1996) ; *In re Propulsid Prods. Liab. Litigation*, 208 F.R.D. 133, 146-47 (E.D. La. 2002) (Fallon, J.).

4 The statutory responsibility of the MDL court is not unlimited. This responsibility is to efficiently and fairly manage pretrial proceedings. *See, "Ten Steps to Better Case Management: A Guide for Multidistrict Litigation Transferee Judges," The Judicial Panel on Multidistrict Litigation & The Federal Judicial Center, 2009*, at page 9. The purpose of 28 U.S.C. §1407 is "to eliminate duplicative discovery, prevent inconsistent pretrial rulings…; and conserve the resources of the parties, their counsel, and the judiciary." *See,* John G. Heyburn II, *A View from the Panel: Part of the Solution,* 82 Tulane L. Rev. 2225, 2228, n. 14, *quoting, In re KFC Corp. Fair Labor Standards Act Litig.,* 530 F. Supp. 1356, 1357 (J.P.M.L. 2008).

approaches[5] that do not delay the continued progress of the *Vereen* settlement toward final resolution. One alternative involves coordination between this Court and the Georgia court. Lowe's does not believe this approach is required because the *Vereen* settlement does not interfere with this Court's jurisdiction or its role in this centralized Chinese-Manufactured Drywall ("CDW") MDL, and because unlike other coordinated state courts which are supervising solely CDW claims, the Georgia court is overseeing a class action settlement that may not even include **any** proven CDW claims. But Lowe's acknowledges that coordination would give the Court the ability to follow the progress of the *Vereen* settlement and insure there is no interference between the *Vereen* proceedings and the MDL.

Instead of enjoining the *Vereen* settlement and the Georgia court's consideration of the proposed amendment, Lowe's respectfully asks the Court to embrace it. Embracing the *Vereen* settlement would be in full accord with the Anti-Injunction Act and would further a real settlement, sought by more than 13,000 Lowe's people.

The PSC's motion to enjoin should be denied.

---

5 In accord with this Court's suggestion, Lowe's did, indeed, already explore alternative, extrajudicial approaches with the PSC, but all were met with the same, inflexible position: If Lowe's takes CDW out of the *Vereen* settlement, then the PSC will not object to the settlement. Otherwise, the PSC will encourage both objections to and opt outs from the *Vereen* settlement.

Respectfully submitted,

**ADAMS AND REESE LLP**

/s/*Francis V. Liantonio, Jr.*
WILLIAM B. GAUDET (#1374)
FRANCIS V. LIANTONIO, JR. (#19282)
EDWIN C. LAIZER (#17014)
JEFFREY E. RICHARDSON (#23273)
701 Poydras Street
One Shell Square, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
William.Gaudet@arlaw.com
Frank.Liantonio@arlaw.com
Edwin.Laizer@arlaw.com
Jeff.Richardson@arlaw.com
***Attorneys for Lowe's Home Centers, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman; Defendants' Liaison Counsel, Kerry Miller; and Homebuilders and Installers Liaison Counsel, Phillip A. Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28th day of October, 2010.

/s/ *Francis V. Liantonio, Jr.*