GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
FILED IN OFFICE

OCT 2 8 2010

AT 9:3__

DEPUTY
CLERK SUPERIOR/STATE COURT

## IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

GLEN VEREEN,  )
on behalf of himself and  )
all others similarly situated,  )
 )
    Plaintiffs,  )
 )
v.  )
 )
LOWE'S HOME CENTERS, INC.  )
 )
    Defendant.  )

Case No. SU10-CV-2267B

## JOINT MOTION TO AMEND SETTLEMENT AGREEMENT AND APPOINT SETTLEMENT ADMINISTRATOR

NOW INTO COURT, through undersigned counsel, come the Plaintiffs, represented herein by Class Counsel and Defendant/Company, represented herein by their undersigned counsel, all collectively referred to as the "Parties," who respectfully represent to and move the Court as follows:

1.

In the Order Preliminarily Approving Class Action Settlement, Settlement Class Certification, and to Schedule Final Fairness Hearing (the "Preliminary Approval Order"), the Court preliminarily approved the terms of the Class Action Settlement Agreement and Release (the "Settlement Agreement"). All capitalized terms in this joint motion are defined in the Settlement Agreement.

2.

The Parties have agreed to amend the Settlement Agreement to create an additional tier of benefits and claimants in this action, called the Enhanced Benefits Group ("EBG"). EBG class members include those who: (a) purchased allegedly Defective Drywall from Lowe's, (b) have



EXHIBIT
A

alleged damage to real property and/or alleged personal injury caused by the possession or use of allegedly Defective Drywall, and (c) can furnish Threshold Proof of Damage, as defined in the Supplemental Amendment to Class Action Settlement Agreement and Release (hereinafter the "Amendment"), attached as Exhibit 1. EBG class members are eligible for a cash award up to $100,000.00.  The Amendment provides up to $2,250,000.00 in additional funds for EBG class members, supplemental notice and administration costs, and attorneys' fees.  The Amendment also provides for supplemental notice procedures and appoints Special Class Counsel for the EBG Group.

3.

The Enhanced Benefits Group provides additional benefits to those claimants who can demonstrate that they had property damage and/or personal injuries in excess of $4,500.00.

4.

In the Preliminary Approval Order, the Court designated Hilsoft Notifications Epic Systems, Inc. ("Hilsoft") as the third-party Settlement Administrator. Preliminary Approval Order at ¶ 12.

5.

Since the Preliminary Approval Order was entered, Class Counsel, pursuant to their right to do so under the Settlement Agreement and Release, have retained Total Class Solutions, Inc. to serve as the third-party Settlement Administrator.

6.

Hilsoft will continue to serve in the role of the administrator of the Notice Plan.

**WHEREFORE, THE PARTIES JOINTLY PRAY:**

The Court issue an order amending the Settlement Agreement as follows:

1.   The Settlement Agreement is amended to incorporate the Supplemental Amendment to Class Action Settlement Agreement and Release creating the Enhanced Benefits Group;

2.   The "Enhanced Benefits Group Proof of Purchase Claim Form" attached as Exhibit 2 is approved;

3.      The Order Preliminarily Approving Class Action Settlement, Settlement Class Certification, and to Schedule Final Fairness Hearing is amended as follows:

      a.      ¶12 appointing Hilsoft Notifications Epic Systems, Inc. ("Hilsoft") as third-party Settlement Administrator is withdrawn;

      b.      Total Class Solutions, Inc. shall be the third-party Settlement Administrator and Hilsoft shall continue to serve as administrator of the Notice Plan;

      c.      Plaintiff Chris Brucker is approved as an additional Class Representative;

      d.      Robert D. Gary of Gary, Naegele & Theado and Gregory S. Weiss of Leopold-Kuvin are experienced and qualified to represent Plaintiff Chris Brucker and those Class members who have purchased allegedly Defective Drywall manufactured domestically as Special Class Counsel;

      e.      The date for the Fairness Hearing is changed to _____, and the hearing will begin at _____ o'clock __M;

      f.      Any member of the Class who chooses to be excluded from the Class must submit a Request for Exclusion postmarked no later than _____;

      g.      Class Members who desire to file objections, as provided for in ¶17 of the Order Preliminarily Approving Class Action Settlement, Settlement Class

Certification, and to Schedule Final Fairness Hearing, must file them no later than

_____;

h.       The Court has considered the proposal submitted by the parties to supplement

the Notice Plan and finds that the notice to be given pursuant to the Plan, as

supplemented, is the best means of notice to members of the class that is practicable in

the circumstances and constitutes due and sufficient notice of the proposed settlement

to all persons entitled to participate in the proposed settlement, in full compliance with

Ga. Code Ann. §9-11-23 and the constitutional requirements of due process, and that

no further notice is necessary; and

i.       The claim form and manner of notice proposed by Class Counsel

and Special Class Counsel, or a form substantially similar to that form, are hereby

approved, and Class Counsel and Special Class Counsel, through the Court appointed

Settlement Administrator, are ordered to see that such notice is effected as described,

and the Notice Period now in effect shall continue until _____, on which

date it will end;

4.       The other provisions of the Order Preliminarily Approving Class Action Settlement,

Settlement Class Certification, and to Schedule Fairness Hearing shall continue in full force and

effect; and

5.       All capitalized terms in this Order and in the Order Preliminarily Approving Class

Action Settlement, Settlement Class Certification, and to Schedule Fairness Hearing, not defined in

those documents, shall be defined as set forth in the Class Action Settlement Agreement and Release

and in the Supplemental Amendment to Class Action Settlement Agreement and Release.

October ___, 2010.

Respectfully submitted,

Neal Callahan
**WALDREP, MULLIN AND CALLAHAN**
105 13th Street, Suite B
Columbus, GA 31901

**ADAMS AND REESE LLP**
William B. Gaudet
Francis V. Liantonio, Jr.
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Phone: (504) 581-3234
Fax: (504) 566-0210

*Attorneys for Defendant*

*AND*

Austin Gower (Georgia Bar No. 303528)
1425 Wynnton Road   *w/ permission by*
P.O. Box 5509        *WJC*
Columbus, GA 31906
Phone:  706-324-5685
Facsimile:  706-522-2964

Don Barrett
**DON BARRETT, PA**
404 Court Square
P.O. Box 927
Lexington, MS 39095

Patrick W. Pendley
**PENDLEY, BAUDIN & COFFIN, LLP**
P.O. Box 71
Plaquemine, LA 70765

Dewitt Lovelace
**LOVELACE LAW FIRM, PA**
12870 US Hwy. 98 West
Miramar Beach, FL 32550

*Attorneys for Plaintiffs*

# Exhibit 1

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY

STATE OF GEORGIA

GLEN VEREEN,                               )
on behalf of himself and                   )
all others similarly situated,             )
                                           )    Case No. SU10-CV-2267B
         Plaintiffs,                       )
                                           )
v.                                         )
                                           )
LOWE'S HOME CENTERS, INC.                  )
                                           )
         Defendant.                        )

## SUPPLEMENTAL AMENDMENT TO CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

### Additional Provisions

3.A.    **BENEFITS TO ENHANCED BENEFITS GROUP**

In addition to the Settlement Benefits described in Section 3 of the Class Action Settlement Agreement and Release ("Agreement") paid by the Company, the Company agrees to pay claims of Class members who are eligible for Enhanced Benefits, as described below, by satisfying the criteria set forth below, as part of the Enhanced Benefits Group ("EBG"). To be eligible to apply for Enhanced Benefits, a Class member must timely submit to the Settlement Administrator with a postmark on or before the Claim Deadline: (1) a complete and accurate EBG Claim Form, in substantially the form attached as Exhibit A, describing the details of the claim and identifying the attorney, if any, representing the Class member; (2) proof of purchase of allegedly Defective Drywall from Lowe's; and (3) Threshold Proof of Damage, as defined below, in excess of

947288-1                                    1

$4,500.00 caused by the possession or use of allegedly Defective Drywall purchased from Lowe's. "Threshold Proof of Damage" is defined as: (1) a report, pursuant to the Inspection Protocol (attached as Exhibit B), except for the testing of drywall samples, as well as Visual Inspection and Chain of Custody forms substantially in the form attached as Exhibit C, completed by an inspector qualified in the State in which the property is located, with appropriate experience in building inspection and chain of custody procedures and with prior experience, mutually agreed upon by the parties, in environmental sampling and property condition assessments; said report to identify and document objective, visual signs of metal corrosion and corroborating objective evidence that the metal corrosion was caused by the allegedly Defective Drywall purchased from Lowe's, as well as (2) verified, independent proof of payment for expenditures for remediation and/or repair or replacement of damage to real property in excess of $4,500.00, or (3) estimates for the cost of remediation and/or repair or replacement of damage to real property in excess of $4,500.00, where any such  estimates shall be prepared by a appropriately licensed or certified home builder, general contractor or remodeler.  Claim estimates shall at a minimum address the following items: (1) Square footage of home and affected areas, including height of ceiling; (2) Home construction; (3) Existing wallboard texture; (4) Home layout/map; (5) Extent and severity of Plumbing Impact, with list of affected products and fixtures; (6) Extent and severity of Electrical Impact, with list of affected products and fixtures; (7) Extent and severity of HVAC Impact, with list of affected products and fixtures; (8) Extent and severity of Appliance Impact, with list of affected products and fixtures; and (9) Photographs demonstrating all of the above. These items are collectively referred to as the "EBG Claims Package."  The Settlement Administrator will confirm the accuracy and completeness of the EBG Claims Package and simultaneously provide a list of claims and copies of each EBG Claims Package to Special Class Counsel and counsel for the Company. A Class Member who submits an

2

EBG Claims Package is an EBG Class Member.

The Company shall have the right to verify any part of any individual EBG Claims Package and shall have the right to inspect the property at the Company's expense, and Class Counsel agree to cooperate with Lowe's in this process, which shall be called the "EBG Claims Verification Process." The EBG Claims Verification Process may begin at any time after an EBG Claims Package is submitted to the Settlement Administrator and shall be completed within sixty (60) days of the Claim Deadline, unless extended by the Parties, which extension will be reasonably granted. As part of the EBG Claims Verification Process, the Company may require, at the initial cost of the EBG Class Member, the testing of any drywall samples taken, in accordance with the Inspection Protocol.

If, after completion of the testing of drywall samples and the review of the test results, Special Class Counsel and the Company are unable to agree as to the value of any Enhanced Benefit, the objecting party agrees to identify any such EBG Class Member to the other party within sixty (60) days after the Claim Deadline, in writing and setting forth the reason for the objection therein, and further agrees to commence good faith negotiation with the Company or Special Class Counsel regarding any such claim within thirty (30) days of such written notice. Such good faith negotiation may include by agreement of the parties, which agreement will not be unreasonably withheld, the appointment of a Technical Referee to: (1) inspect the property at issue in the EBG Claims Package; (2) review the Threshold Proof, based upon the Exhibit B protocol; (3) review any testing results; and (4) provide an opinion as to the reasonable cost of any remediation and/or repair or replacement of damage to real property caused by the use or possession of allegedly Defective Drywall purchased from Lowe's. The fees and costs of the Technical Referee shall be shared equally by the claimant and the Company. Claimant's unwillingness to share in the fees and costs of the Technical Referee will not constitute

the reasonable withholding of agreement to the appointment of the Technical Referee. All parts of the good faith negotiation, including the submissions to and findings of the Technical Referee, shall remain confidential between the Company, the EBG Class Member and Class Counsel.  However, the Company or the Class Member will be entitled to use the submissions to and findings of the Technical Referee, but not any other information or parts of the good faith negotiation, in other proceedings, disputes, or controversies in which it is a party.

If the good faith negotiation results in agreement as to the amount of the Enhanced Benefit to any such identified EBG Class Member, then the agreed Enhanced Benefit, including the cost of drywall testing conducted in accordance with the Inspection Protocol, up to a maximum amount of $100,000.00, will be paid by the Company to the identified EBG Class Member by the later of the date the Settlement Benefits are paid, or within sixty (60) days of the written confirmation of the negotiated agreement, whichever is later. The Company will not be obligated to pay more than one Enhanced Benefit claim per property. The Company also agrees to reimburse the cost of drywall testing to any EBG Class Member who does not opt out, unless the Technical Referee concludes that the EBG Class Member has not proven damages in excess of $4,500.00 caused by the possession or use of allegedly Defective Drywall purchased from Lowe's. The Technical Referee's decision will not, however, disqualify the claimant from eligibility for Group 1 benefits under the Agreement.

If the good faith negotiation does not result in resolution of the claim of the identified EBG Class Member, then that EBG Class Member may opt out of the settlement by submitting a written EBG Request for Exclusion. In order to be valid and effective, an EBG Request for Exclusion must be provided to Class Counsel and Lowe's Counsel no later than one hundred fifty (150) days after the Claim Deadline. The EBG Request for Exclusion must: (A) include the EBG Class Member's full name and address;

(B) bear the individual signature of the EBG Class Member; (C) state whether the EBG Class Member is represented by counsel and, if so, the name, address, and telephone number of such counsel; and (D) clearly state that the EBG Class Member desires to be excluded from the Class and reasons why the EBG Class Member desires to be excluded.  No EBG Class Members shall be permitted to request exclusion from the Settlement Class on behalf of any other EBG Class Member.  Each EBG Class member seeking to opt out of the Settlement must submit an individually signed EBG Request for Exclusion.  Any attempt to frustrate the purpose of the Settlement by opting out a class or group of individuals shall be null and void.  Any EBG Class member who timely and properly submits a written EBG Request for Exclusion to opt out and exclude himself or herself from the Settlement shall no longer be a member of the Class. Upon receipt of a valid and effective EBG Request for Exclusion, the Company reserves the right to engage in further good faith negotiations with the Class Member, Class Counsel and any other attorney representing the individual submitting the EBG Request for Exclusion. If such additional good faith negotiations result in agreement between the Company and the EBG Class Member, that EBG Class Member will withdraw the EBG Request for Exclusion.

Under no circumstances will the Company's obligation to EBG class members exceed $2,250,000.00 more than the $6,500,000.00 Maximum Aggregate Class Fund Amount discussed in the Agreement, out of which $2,250,000.00 will be paid all attorney's fees and expenses, and any costs of Supplemental Notice and Claims Administration.  If the total claims approved by the Settlement Administrator for the Enhanced Benefits Group exceeds $1,250,000.00 and, after giving effect to Section 3(d) of the Agreement, there are any amounts remaining from the Maximum Aggregate Class Fund Amount, then the amount remaining will be added to the $1,250,000.00 allocable to the Enhanced Benefits Group before any proration of payments may occur in the Enhanced Benefits Group. All qualifying claims in Group 1, Group 2, Group 3, and the Enhanced Benefits

947288-1

Group shall be aggregated to determine the applicability of the *Cy-Pres* Fund provision in Section 3 of the Agreement.

During all good faith negotiations referenced in this Amendment, Class Counsel may represent and assist EBG Class Members. During the good faith negotiations referenced in this Amendment, Class Counsel shall not, directly or indirectly, assist, cooperate with, or aid in any way potential EBG Class Members or their counsel in excluding themselves from the Settlement or pursuing any separate actions against the Company or the Released Parties. Similarly, neither the Company nor Class Counsel shall take any steps, directly or indirectly, to interfere with processing of the claims of any Class member who has elected to apply for Settlement Benefits under Section 3 of the Agreement.

Any EBG Class Member accepting Enhanced Benefits or who does not timely file an EBG Request for Exclusion shall be bound by the Release. Claimant and the Company reserve all rights and claims not expressly released in the Agreement including, without limitation, claims against manufacturers of any allegedly Defective Drywall under contribution, indemnity, or any other theory of liability.

The Company agrees that the Maximum Aggregate Class Fund Amount as defined in Section 3 of the Agreement shall be increased by $2,250,000.00 ("EBG Additional Funding"). However, the EBG Additional Funding must be used first to pay approved EBG Claims. If approved EBG Claims exceed the total funds available from all sources and EBG Additional Funding, the payments to EBG Class Members shall be reduced *pro rata*. If there is a *pro rata* reduction whether or not outside of the opt out period the EBG claimant may, in their sole discretion, as set forth below, accept the *pro rata* reduction or exclude themselves from the settlement within fifteen (15) days after the date of mailing of written notice of any *pro rata* reduction and retain all rights and claims against the Company. Any EBG claimant who does not exclude themselves within

947288-1

6

fifteen (15) days after the date of mailing of such written notice is deemed to have accepted the *pro rata* reduction.

6.A.   **SUPPLEMENTAL NOTICE PLAN**

Supplemental notice shall be provided to Settlement Class members as follows, all of which shall collectively be defined as the "Supplemental Notice Plan."

(a)   **By Point of Sale Notification.**  From the date this Amendment is approved by the Court until the end of the extended Notice Period, each purchaser in all Company retail stores in the United States will receive notification in substantially the form attached to this Agreement as Exhibit D (the "Amended Point of Sale Notification"). The Amended Point of Sale Notification shall include a description of the nature of the Action, a description of the Settlement Class, information regarding the Fairness Hearing, information regarding how Settlement Class members may, if desired, request exclusion from the Settlement or object to the Settlement, and shall provide the address of the Settlement Administrator's internet website and the telephone number of the Settlement Administrator to enable the Settlement Class member to obtain additional information and obtain and complete an EBG Claim Form.

(b)   **Settlement Administrator's Website.**  From the date this Amendment is preliminarily approved by the Court, the Settlement Administrator's internet website shall be supplemented to allow Settlement Class members to view and download a full copy of the Amended Detailed Notice in substantially the form attached as Exhibit E, the EBG Claim Form, the Agreement, this Amendment and any other amendments to the Agreement, and any other documents mutually agreed to by the Parties. The internet site shall remain open and accessible until the Claim Deadline expires.

947288-1

(c)    **Notice by First Class Mail.**    The   Settlement   Administrator shall send, by first class mail, notice of the amended Settlement in substantially the form attached as Exhibits F-1 and F-2 (collectively, the "Mail Notice"), the Amended Detailed Notice, and the EBG Claim Form, to all claimants who, as of the date that this Amendment is preliminarily approved, qualify for Group 1 benefits or have submitted a valid Request for Exclusion.  Any person who receives the Mail Notice and submits a complete and accurate EBG Claim Form  within thirty (30) days of the mailing of the Mail Notice shall have their claim considered in the same manner as other EBG claims.

(d)    **Best   Practicable   Means.**    The  Parties  agree  that  this Supplemental Notice Plan is effective and the best practicable means of giving notice to Settlement Class members and is designed to reach all Settlement Class members who can be identified through reasonable effort.

(e)    The provisions regarding Claim Forms in Section 7 of the Agreement  shall  be  applicable  to  the  EBG  Claim  Form,  except  as  those provisions may conflict with Section 3.A.

### 9.A.   COSTS OF SUPPLEMENTAL NOTICE AND ADMINISTRATION

Class Counsel shall be responsible for all costs of implementing the Supplemental Notice Plan and any supplemental costs of the Settlement Administrator for administering the claims of EBG Class Members.  To facilitate the administration of the claims, within five (5) business days of the preliminary approval of this Amendment,  the Company will deposit into an escrow account controlled by Class Counsel $250,000.00 (the "Supplemental Notice and Claims Administration Payment"), the parties understanding that such $250,000.00 will count against the total EGB Additional Funding, to be used and distributed as detailed in Section 9 of the Agreement.

### 10.A.   ATTORNEY'S FEES AND EXPENSES

Leopold~Kuvin and Gary, Naegele & Theado will be designated Special Class

947288-1

Counsel and, with Class Counsel, will represent the interests of the EBG class members. Class Counsel and Special Class Counsel have agreed that Special Class Counsel will be responsible for representing the interests of purchasers of allegedly Defective Drywall manufactured domestically, and Class Counsel will retain its responsibilities to represent all Class members. Leopold~Kuvin and Gary, Naegele & Theado, in coordination with Class Counsel,  are acknowledged herein to have significantly improved the opportunity for members of the group to receive a benefit of up to $100,000.00, which benefit did not exist previously, while still preserving their right to litigate against the drywall manufacturers and/or homebuilder.   The $2,250,000.00 EBG Additional Funding has been specifically designated for these claims, out of which will be paid the Supplemental Notice and Claims Administration Payment and all  litigation costs and attorneys' fees.

The Company agrees to pay Special Class Counsel a reasonable fee as ordered by the Court.  In this regard, the Company and Special Class Counsel acknowledge that the additional funding actually paid to the EBG will vary with the EBG claims made and approved.  The claims may be less than, equal to, or greater than  the amount of the $2,250,000.00 EBG Additional Funding.  In the latter event, this Amendment provides for the possible additional funding of the EBG by means of amounts initially allocated to Groups 1, 2, and 3, but remaining in one or more of those groups, as detailed in paragraph 3.A of this Amendment.  In recognition of the possibility that the amount paid to the EBG could exceed $2,250,000.00, the uncertainty that surrounds the actual amount that will be paid to the EBG, and the fact that Special Class Counsel are obligated to pay the additional administrative and litigation costs irrespective of the amount of additional funds actually paid to the EBG, the Company agrees to pay attorney fees to Special Class Counsel in such reasonable amount as is awarded by the Court, but not to exceed one-third of the EBG Additional Funding of $2,250,000.00, plus any money remaining out of the  Supplemental Notice and Claims Administration Payment described in Paragraph 9.A.   Special Class

9

Counsel agrees to make an application to the Court for an award of reasonable attorneys' fees consistent with these provisions. Provided that such fee, expense and cost award does not exceed one-third of the $2,250,000.00 EBG Additional Funding, the Company agrees not to object to such application or award, and shall pay the award made by the Court in the Final Order and Judgment within thirty (30) days after the Final Effective Date.

## 12.A.   INCENTIVE PAYMENT

For his effort on behalf of the EBG Class, and within 30 days of the Final Effective Date, the Company shall pay to the Representative Plaintiff for the EBG Class, Mr. Christopher Brucker, 6077 NW Pine Level Street, Arcadia, Florida 34266, an incentive award of $20,000.00, by delivering to Special Class Counsel a check payable to Mr. Brucker.

## 17.A.   PUBLIC COMMUNICATIONS

Special Class Counsel and the Representative Plaintiff for the EBG Class agree to be bound by Section 17 of the Agreement.

## INCORPORATION; ENTIRE AGREEMENT

This Amendment, is hereby incorporated in to, shall be a part of, and is subject in all respects to the terms of the Agreement. Except as amended by this Amendment, all the terms, conditions and covenants of the Agreement are valid, shall remain in full force and effect, and are hereby ratified and confirmed; provided that in the event of any inconsistencies between the terms this Amendment and the terms of the Agreement, the terms of this Amendment shall control with respect to the express subject matter hereof. After completion of the good faith negotiations pursuant to the Agreement and this Amendment, the parties agree they will continue to cooperate with one another and to provide such assistance to one another concerning the obtaining and review of documents and other information as may be reasonably required. By execution of this Amendment, Special Class Counsel on behalf of the EBG Class Members and Lowe's Counsel on behalf of the Company agree to be bound by each and every term, condition

and covenant contained herein and in the Agreement, as the same may be amended from time to time. Special Class Counsel shall also agree to be bound to all obligations of Class Counsel set forth in the Agreement, except as otherwise specifically provided in this Amendment. The Agreement, as amended by this Amendment, contains the entire agreement of the Parties with respect to the matters covered and no other prior promises, negotiations or discussions, oral or written, made by any party or its employees, officers or agents shall be valid and binding.  All capitalized terms not defined in this Amendment shall be defined as set forth in the Agreement.

| | |
|---|---|
| Exhibit A: | EBG Claim Form |
| Exhibit B: | Inspection Protocol |
| Exhibit C: | Inspection and Chain of Custody Forms |
| Exhibit D: | Amended Point of Sale Notification Form |
| Exhibit E: | Amended Detailed Notice Form |
| Exhibit F: | Mail Notice |

**[Signature pages to follow]**

947288-1

Neal Callahan
**Waldrep, Mullin, and Callahan**
105 13th Street, Suite B
Columbus, Georgia 31901

William B. Gaudet
Francis V. Liantonio, Jr.
**ADAMS AND REESE LLP**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139

_Austin Gower_
Austin Gower   _w/ express permission by NSL_
1425 Wynnton Road
P.O. Box 5509
Columbus, GA 31906

Don Barrett
**DON BARRETT, PA**
404 Court Square
P.O. Box 927
Lexington, MS 39095


Dewitt M. "Sparky" Lovelace
**LOVELACE LAW FIRM, PA**
12870 US Highway 98 West
Miramar Beach, FL  32550

Patrick W. Pendley
**PENDLEY, BAUDIN & COFFIN, LLP**
P.O. Box 71
Plaquemine, LA 70765

Gregory S. Weiss
**LEOPOLD KUVIN**
2929 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410

Robert D. Gary

**GARY, NAEGELE & THEADO LLC**
446 Broadway
Lorain, Ohio 44052-1797

**Exhibit A**                                                      Lowe's EBG Proof of Purchase Claim Form

## LOWE'S DRYWALL SETTLEMENT
### ENHANCED BENEFITS GROUP PROOF OF PURCHASE CLAIM FORM
**This Settlement Claim Form is to be used by Members of the Vereen v. Lowe's Home Centers, Inc. Settlement that have independent proof of purchase of allegedly Defective Drywall from Lowe's anytime before July 27, 2010 and can furnish Threshold Proof of Damage (as defined below) of damages, in excess of $4,500, caused by the possession or use of allegedly Defective Drywall purchased from Lowe's. By completing this form, you are accepting the Settlement as outlined in the Amended Detailed Notice available for review at www.DrywallSettlement.info. If you do not execute and return a Claim Form then you will not be eligible to receive any part of the Settlement.**

Benefit: This "Enhanced Benefits Group Proof of Purchase Claim Form" is for Class Members who can document purchase(s) of allegedly Defective Drywall from Lowe's and can furnish Threshold Proof of Damage (as defined below) of claimed damages in excess of $4,500 caused by allegedly Defective Drywall purchased from Lowe's. "Enhanced Benefits Group" claimants may be eligible for cash up to $100,000 (as fully described in the Amended Detailed Notice and Settlement Agreement). If no Threshold Proof of Damage can be proffered, Class Members may submit a "Proof of Purchase Claim Form" available online at www.DrywallSettlement.info or by calling 1-877-497-3512 toll free. If no proof of purchase is available, Class Members may submit a "No Purchase/No Proof of Purchase Claim Form" available online or by phone via the aforementioned website and phone number.

Eligibility: Settlement Class Members include all persons in the United States who (1) purchased, installed or had installed allegedly Defective Drywall from Lowe's anytime before July 27, 2010, or (2) were owners or residents of any real property (house, apartment, condominium, building, etc.) in which allegedly Defective Drywall purchased from Lowe's anytime before July 27, 2010, was installed.

Threshold Proof of Damage: To qualify as a Enhanced Benefits Group Class Member, you must provide Threshold Proof of Damage. "Threshold Proof of Damage" is defined as:

(1) An inspection report and chain of custody forms completed by an inspector qualified in the State in which the property is located, with appropriate experience in building inspection and chain of custody procedures and with prior experience, mutually agreed upon by the parties, in environmental sampling and property condition assessments; said report to identify and document objective, visual signs of metal corrosion and corroborating objective evidence that the metal corrosion was caused by the allegedly Defective Drywall purchased from Lowe's; AND

(2) Verified, independent proof of payment for expenditures for remediation and/or repair or replacement of damage to real property in excess of $4,500.00; OR

(3) Estimates for the cost of remediation and/or repair or replacement of damage to real property in excess of $4,500.00, where any such estimates shall be prepared by an appropriately licensed or certified home builder, general contractor or remodeler. Claim estimates shall at a minimum address the following items: (1) Square footage of home and affected areas, including height of ceiling; (2) Home construction; (3) Existing wallboard texture; (4) Home layout/map; (5) Extent and severity of Plumbing Impact, with list of affected products and fixtures; (6) Extent and severity of Electrical Impact, with list of affected products and fixtures; (7) Extent and severity of HVAC Impact, with list of affected products and fixtures; (8) Extent and severity of Appliance Impact, with list of affected products and fixtures; and (9) Photographs demonstrating all of the above

You may also be required to submit drywall samples for testing in accordance with the Court's approved Inspection Protocol.

Instructions: Fill out all required information below, sign page 3 of this Claim Form, and mail this Claim Form along with the required documentation of Threshold Proof of Damage to the address listed below. The claim deadline is May 18, 2011. You may only submit one claim and are eligible for no more than one Settlement payment. YOU MUST DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION BELOW IS TRUE TO THE BEST OF YOUR KNOWLEDGE AND BELIEF. YOU AGREE THAT THE INFORMATION PROVIDED BELOW MAY BE SUBJECT TO VERIFICATION.

When will I get my settlement payment? Settlement payments will not be mailed until after the May 18, 2011 filing deadline.

Questions: More information is available in the Amended Detailed Notice and Settlement Agreement. Those documents and more information are available online at www.DrywallSettlement.info or by calling 1-877-497-3512 toll free.

---

**I.     CLAIMANT INFORMATION:**

Last Name _____     First Name _____     Middle Initial _____

Street Address 1 _____     Street Address 2 _____

City _____     State _____     Zip Code _____     Country _____

Best Telephone #: _____     E-Mail Address: _____     DOB: _____

Exhibit A

**II.    DRYWALL PURCHASE INFORMATION, DATA AND RECEIPTS:**

Did you or your contractor purchase the allegedly defective drywall from a Lowe's store? YES _____ NO _____

If Yes, at what Lowe's store location did you make this purchase? City _____ State _____

What was the date of purchase from Lowe's of the allegedly defective drywall? _____

If the allegedly defective drywall was purchased by your contractor from a Lowe's store, and you have receipts or documentation of this purchase, and this drywall was installed on your property, please provide the following:

Contractor's Name: _____ Address _____

Contractor's Phone Number: ( ___ ) _____

Approximately how many sheets of allegedly defective drywall did you purchase from Lowe's?

1 to 5 ☐        6 to 10 ☐        10+ ☐

Address of property where the allegedly defective drywall was installed if different from mailing address already given.

Address (Street) _____

City/State/Zip _____

What is the approximate square footage of the structure where the allegedly defective drywall was installed? _____ sq. feet

**NOTICE: YOU MUST SIGN AND DATE PAGE 3 OF THIS FORM TO BEGIN THE CLAIM HANDLING PROCESS. FAILURE TO SIGN AND DATE THIS FORM WILL RESULT IN THE AUTOMATIC REJECTION OF YOUR CLAIM.**

**LOWE'S DRYWALL SETTLEMENT - PROOF OF PURCHASE CLAIM FORM (page 2)**

Has the allegedly defective drywall been replaced? YES_____ NO _____

If YES, please provide the proof you have that the allegedly defective drywall has been replaced and provide copies of all receipts, reports, photographs or any other proof of the cost of replacement.

Name of the manufacturer of the allegedly defective drywall you purchased from Lowe's:

_____

**III.    PROPERTY DAMAGE**

Do you have property damage that you claim was caused by allegedly defective drywall purchased from Lowe's? YES _____ NO _____

If YES, do you have an Inspector's Report?           YES _____ NO_____ If YES please attach report.

Do you have photographs?                      YES _____ NO_____ If YES please attach photographs.

Are there objective, visual signs of metal corrosion?      YES _____ NO_____ If YES please attach photographs.

If YES, is there corroborating objective evidence as described in the definition of Threshold Proof of Damage that the metal corrosion was caused by the allegedly Defective Drywall purchased from Lowe's?  If so, please attach the corroborating evidence identified as Threshold Proof.

Have you repaired or otherwise remediated the damage allegedly caused by the allegedly Defective Drywall? YES_____ NO_____

If YES, do you have independent proof of payment for repair/remediation expenditures? YES_____ NO_____ If YES please attach.

If YES, please provide the proof you have of the Threshold Proof of Damage.

_____
_____
_____

If NO, please attach estimates for the cost of remediation and/or repair of replacement of damage, prepared by an appropriately licensed    or    certified    home    builder,    or    general    contractor,    or    remodeler.

_____
_____
_____

What is the total amount of damage supported by your Threshold Proof of Damage?  (Check one)

$4,500-$10,000☐    $10,000-$35,000☐    $35,000-$50,000☐    $50,000-$75,000☐    $75,000-$100,000☐    More than $100,000☐

If there is disagreement as to the total amount of damage supported by your Threshold Proof of Damage, would you like to have a neutral Technical Referee provide an opinion on that issue?      YES _____ NO _____

**Exhibit A**

| | |
|---|---|
| **IV.      PERSONAL INJURY** | |

**Date exposed to the allegedly defective drywall:**

FROM: (month) _____ (year) _____     TO: (month) _____ (year) _____

Is there any evidence of bad odor (rotten egg smell) coming from the allegedly defective drywall purchased from Lowe's?                                              YES _____ NO _____

If YES, did anyone have physical symptoms you claim were due to allegedly defective drywall purchased at Lowe's?                                              YES _____ NO _____

If YES, please explain: _____

_____

Was anyone seen by a healthcare provider for the claimed symptoms?          YES _____ NO _____

If YES, please provide copies of all medical reports and bills related to treatment for the claimed symptoms and explain.

_____

_____

---

**V.      OTHER DAMAGE**

Do you have any other damage that you claim was caused by allegedly defective drywall purchased from Lowe's? YES _____ NO _____

If YES, please describe the damage in detail and provide the proof you have of the damage, including copies of any reports, receipts, photographs or any other proof.

_____

_____

_____

**IMPORTANT! PLEASE READ BEFORE SIGNING**

I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I AGREE THAT THE INFORMATION PROVIDED ABOVE MAY BE SUBJECT TO VERIFICATION.

Signature _____ Date_____

State of _____

County/Parish of_____

      This instrument was acknowledged before me on this _____ day of _____, _____, by _____
_____.                    (month)          (year)          (name of signer)

_____Personally Known
_____Produced Identification

Type and # of ID_____

                                    _____
                                    (Signature of Notary)

      (Seal)                        Printed Name of Notary_____

                                    Notary Public, State of _____

Please mail original to: Lowe's Drywall Settlement,
P.O. Box 869066, Plano, Texas 75086-9066
Must be postmarked no later than May 18, 2011
Benefits will not be processed until after the May 18, 2011 date.
www.DrywallSettlement.info or 1-877-497-3512 Toll Free

**NOTICE: YOU MUST SIGN AND DATE PAGE 3 OF THIS FORM TO BEGIN THE CLAIM HANDLING PROCESS. FAILURE TO SIGN AND DATE THIS FORM WILL RESULT IN THE AUTOMATIC REJECTION OF YOUR CLAIM**

**EXHIBIT B**

**Inspection Protocol**

The Inspector may perform the following tasks while at the Property:

- Visual Inspection

- Corrosion Assessment

- Drywall Sampling

- Water & Air Sampling (Perform these tests only if there are claims for personal injuries)

Details of each task are document below.

## 1. Visual Inspection

The interior and exterior of the structure will be visually inspected to identify evidence of building materials and/or conditions that may impact the indoor environmental quality of the home. The visual inspection processes will be conducted in a manner consistent with "Interim Guidance – Identification of Homes with Corrosion from Problem Drywall – Revision 1" by the Consumer Product Safety Commission (CPSC) and the Department of Housing and Urban Development (HUD) August 27, 2010. The visual inspection will be documented and photographed.

The Inspector's visual inspection will include the following components:

- ➤ Review and document the building's general construction type and various building materials used such as finishing materials, coatings, and insulation, etc.

- ➤ Proof of new construction or remodeling utilizing drywall purchased from Lowe's prior to July 27, 2010. This includes notation of the manufacturer's identification markings on the back side of a full 4X8 or 12 foot drywall panel. Perform a thorough visual inspection of occupied spaces and non-occupied spaces such as the attic and crawl spaces.

- ➤ Inspect copper components of the heating, ventilation, refrigeration and air-conditioning (HVAC), plumbing and electrical systems for blackening. Photo document and collect samples of selected materials for further analysis as Corrosion Assessment Protocol.

- ➤ Presence of potable water well or city water supply

## 2. Corrosion Assessment Protocol

The Corrosion Assessment may include the investigation of the following:

- ➤ Electrical Power Outlets & Light Switches

- ➤ Copper HVAC Piping and Copper Plumbing

- ➤ Miscellaneous Copper & Other Metal Items in the House

1

*Electrical Power Outlets & Light Switches*

Determine the location of the outlet on a map of the house and photograph the outlet from the outside per these positions:

- From across the room to document household items in the vicinity of the outlet.

- From about three feet away.

- Close up of any deposits or corrosion products. For each of the corrosive wires, indicate the color of any deposits, the approximate percentage of area covered by the deposit and any unique observations.

- Optionally, take a photograph of anything near the outlet of significance.

- Open the outlet and pull the electrical wires to full length and photograph each bare wire and connections from at least two angles.

*Copper HVAC Piping and Copper Plumbing*

Determine the location of the plumbing on a map of the house. For piping that is easily accessible, either HVAC or plumbing, examine the piping for deposits/corrosion products and document, per below.

Photograph the piping from the outside per these positions:

- From across the room to document household items that are in the vicinity of the piping.

- From about three feet away.

- Close up of any deposits or corrosion products. For each of the corrosive pipes, indicate the approximate percentage of area covered by the deposit and any unique observations.

- Optionally, take a photograph of anything near the piping of significance.

*Miscellaneous Copper & Other Metal Items in the House*

The premises will be checked for the presence of other metal containing objects, equipment, appliances, computers, lighting, etc. Focus will be on metals that may be corroded by sulfur compounds such as copper, brasses, bronzes, zinc, silver, mild steel, or other metals that may form sulfur compounds. When metal surfaces are easily visible, or can be made visible by non-destructive means, the following procedure will be carried out as time permits:

The location of the metal containing object will be noted and referenced to a map of the house. The metal surfaces of the metal containing object will be examined for deposits/corrosion products.

The metal surfaces will be photographed from the outside per these positions:

- From across the room to document household items that are in the vicinity of the metal-containing object.

2

947257-1

- From about three feet away.

- Close up of any deposits or corrosion products. For each of the metal surfaces with corrosion products or deposits, indicate the approximate percentage of area covered by the deposit and any unique observations.

- Optionally, take a photograph of anything near the metal object of significance.

### 3. Drywall/Material Sampling

The amount, type and manufacturer of the gypsum drywall currently in the home will be determined and catalogued, as practicable. In addition, samples of the drywall will be taken for further analysis. Cataloging and sampling may require the partial removal of the gypsum drywall from the home. The Inspector will inspect, catalog, and photograph this process. During the inspection and cataloging, the Inspector will note the location of removal (including marking location of samples on a diagram), manufacturer, manufactured date (if available), condition, dimensions, and any other information which may be used to uniquely identify the material. The Inspector will collect bulk samples of gypsum drywall during the inspection from only 4 x 8-12 foot panels of drywall, no sample will be collected from partial sheets of drywall. The quantity and sample locations will be determined during the cataloging process. The Inspector will seek access to a split of any other drywall sample already tested by, on behalf of, or at the request of Claimant.

Approximately 16 square inches (4 inches by 4 inches) of drywall will be collected for each sample. Where gypsum drywall is sampled, the paper, gypsum material, and associated insulation similar in size, located within the wall cavity, will be collected. Each sample should be placed in a separate sample container. The Inspector will log, map and photograph each sample during the removal process. The samples will be individually marked, placed in a sealed plastic bag and shipped to Columbia Analytical Services, Simi Valley, California. The samples will be logged in and photographed upon receipt. Samples will be analyzed using either Gas Chromatography/Electron Capture Detection or Gas Chromatography/Mass Spectrometry and ASTM Method D5504-08 Chain of custody procedures will be followed for each sample.

The frequency of samples will be based upon the number of drywall sheets purchased and the total square footage of the house.  Samples will be taken as the claimant and the Inspector determine is appropriate, but no less frequently than as follows:

- Collect 1 sample if proof of purchase indicates 1 to 10 sheets of drywall

- Collect 2 samples if proof of purchase indicates 11-20 sheets of drywall

- Collect 3 samples if proof of purchase indicates 21-30 sheets of drywall

- Collect 4 samples if home exceeds 2,000 total square feet

Other procedures and detail:

Removal of pieces of drywall from the walls and/or the ceiling of the home will be necessary.

1.      Collect drywall samples within close proximity of visual evidence of corrosion.

3

947257-1

2.  The Inspector will perform the work in a professional manner and will exercise due care in cutting and removing any sheets of drywall, making every effort to collect dust that is created from such process and to avoid dust dispersion.

3.  After completion of the inspection, the Inspector will also replace the HVAC filters in the Home following such process. If samples have been collected and there is visible dust created as a result of sample collection, the Inspector will vacuum the sample collection area with a HEPA-vacuum.

4.  Split samples may be taken, with one being provided to Claimant and the other taken by the Inspector. Each split sample will be approximately 16 square inches. The split samples will be bagged and labeled by the Inspector with appropriate chain of custody.

5.  If the Inspector desires to retain any pieces of board larger than the split samples, or from which the split samples are taken, chain of custody procedures will be followed. The Inspector will ensure that such pieces are retained in a reasonably secure manner in a cool, dark location of its choosing. Claimant and/or his counsel will have access to such pieces at such location for further inspection or to take additional samples, upon seven (7) days' advance written notice to The Inspector. The entire pieces will be returned to Claimant or his counsel with the same amount of notice, but The Inspector may prior to such return take and retain additional samples from the sheets. Claimant and his counsel will follow chain of custody procedures for any pieces of drywall from the Home which they remove from The Inspector's custody.

4.  **Water and Air Sampling – Perform these tests only if there are claims for personal injuries**

**Site Information**

➢  Provide a map of the layout of the home (e.g., approximate size of home and orientation of rooms, presence of aerator, location of water sources, etc.),

➢  Document characteristics of the heating, ventilation, insulation, energy, air conditioning systems (HVAC) and/or plumbing (e.g., hot water heater brand/specifications, hook-ups for the septic system, solar cells, etc.) and slab design, as possible (e.g., vapor barrier, etc.).

➢  Inspect light switch and outlet wiring in the bathrooms and living rooms for impacts to copper wiring. Document results with pictures.

➢  Map utilities if possible. Document land use on neighboring properties (note landfills, farms, commercial establishments, if any).

➢  Determine if house been unoccupied for a period of time and condition of water traps.

➢  Note any odors present.

➢  Measure temperature and humidity of home.

➢  Check pressurization of home (match test).

**Sample Types** (Assumes two bathrooms and a kitchen; if different, modify accordingly)

4

947257-1

➢ Groundwater assessment:

- Sample well water if potable well present (1 water sample).

- If potable well water is treated prior to use in home, sample water before and after any treatment, such as aeration (2 water samples), if possible.

➢ Air assessment:

- Sample the indoor air in a living area and two bathrooms (3 air samples).

- Sample ambient outdoor air (1 air sample).

- If possible, operate sprinklers (if installed) for five minutes and collect outdoor air sample near home on leeward side of house (1 air sample).

- All outdoor ambient air samples should be collected at least 10 feet from the footprint of the house.

- Sample near other materials and/or sources that may impact the indoor environmental quality of the home.

- Tap water assessment (Only complete the following sampling if a sulfide odor is noted associated with the tap water. Also, ensure that the door is closed and the fan is not on. Seal any obvious airflow paths)

  1. In the 1st bathroom, allow the shower to run with hot water and take air sample in the bathroom at approximately five-minute intervals for up to 20 minutes. (4 air samples).

  2. In the 2nd bathroom, allow the shower to run with cold water and take air sample in the bathroom at approximately five-minute intervals for up to 20 minutes. (4 air samples).

- If a sulfide odor is not noted associated with the tap water, then do the following:

  1. In the 1st bathroom, allow the shower to run with hot water and take air sample in the bathroom after approximately five minutes (1 air sample).

  2. In the 2nd bathroom, allow the shower to run with cold water and take air sample in the bathroom after approximately five minutes (1 air sample).

  3. Sample the ambient indoor air in living area upon leaving (1 air sample).

- Indoor tap water assessment (perform during air assessment):

  1. Sample all indoor cold and hot tap water (6 water samples).

  2. Sample the water heater spigot (1 water sample).

5

947257-1

**Air and Water Analytical Methodology**

➢ Air samples (potential total 14 field samples).

➢ Collect air samples in Tedlar bags using a lung sampler. Bags will have polypropylene (as opposed to stainless steel) fittings, and bags will be filled only 1/2 to 3/4 full, to allow room for expansion during air shipment.

➢ Send samples to Columbia Analytical for the analysis of reduced sulfur compounds (H2S, CSO, and CS2) using ASTM D 5504-08 with a maximum hold time of 24 hours.

➢ Water samples (total 10 field samples).

➢ Attempt not to aerate the samples, and fill the container to "overflowing" leaving no headspace (i.e., no air bubbles). The sample should be preserved in the field with zinc acetate and NaOH solution to a pH over 9, capped and mixed vigorously, then and stored at a cool temperature (4°C).

➢ The samples should be sent to ESC laboratory for the analysis of total sulfide using Standard Method 4500-S2 with a hold time of 7 days and sulfate using EPA Method SW9056.

➢ In the field, the samples should be analyzed for typical stabilization parameters (e.g., dissolved oxygen, oxidation-reduction potential, and pH). The pH can be measured in the laboratory using the same sample as sulfate analysis.

➢ Measure the tap water and shower flow rate using a gallon jug or 5-gallon bucket and a timer.

➢ Document all the time and flow rates at which water is used in the residence.

➢ Equipment blank (total 1 sample).

➢ Send field sample and Tedlar bag to laboratory for testing using sulfur-free gas.

All of the above are subject to modification and/or addition in the field as actual property-specific home conditions, characteristics, layout and contents are determined.

**Recommended Outline of Defective Drywall Report:**

1. Introduction/Objective
2. Description of Home
   a. City, State and Street Address
   b. Claim information/Construction date/ location, etc
3. Map and photographs of Home
   a. Layout of home including modifications
   b. Photographs of home (include newspaper to document date of photo)
4. Inspection and Sampling Protocol & Methodology
5. Visual Inspection Results/Photographs
   a. Visual Inspection Results

6

947257-1

        i.  Odor
       ii.  Wall board
     iii.  Electrical
     iv.  Plumbing
      v.  HVAC/Appliances

6.  Sampling Description and Results
    a.  Wall board
    b.  Water*
    c.  Air*

7.  Summary/Conclusions

* Not required unless there is a claim for personal injury

Appendices

A – Photographs
B – Map of Home including locations of photographs, visual evidence of corrosion and sample locations
C – Inspection Form
D – Chain of Custody Form
E – Sample Results

7

947257-1

# EXHIBIT C

## VISUAL INSPECTION AND CHAIN OF CUSTODY FORM

| GENERAL PROPERTY INFORMATION | | | | | |
|---|---|---|---|---|---|
| Address ID: | | | Date of Inspection: | | |
| Address: | | | | | |
| City: | | State: | | Zipcode: | |
| GPS Coordinates: | | Longitude | | Latitude | |

| INSPECTOR DATA | | | | | |
|---|---|---|---|---|---|
| Inspector Name: | | Emp # | | Company | |
| Asst. Inspector Name: | | Emp # | | Company | |
| Attorney(s) Present | | | | | |
| Camera Serial #1 | | Camera Make/Model | | | |
| Camera Serial #2 | | Camera Make/Model | | | |
| Borescope 1 Serial # | | Borescope Mk/Model | ExTech Br200 | | |
| Borescope 2 Serial # | | Borescope Mk/Model | ExTech Br200 | | |

| ODOR OBSERVATIONS | |
|---|---|
| Sulfur-Like Odor Present | Description/Location of Sulfur-like odor or masking fragrance present |
| | |

| HVAC/PLUMBING/LIGHT FIXTURE REPLACEMENT HISTORY | |
|---|---|
| HVAC | |
| Plumbing | |
| Light Fixtures | |

| DISCOLORATION INSPECTION | | | |
|---|---|---|---|
| PART | LOCATION | Discoloration Present/Color | Photo Number & Folder Location |
| HVAC HE COIL | | | |
| HVAC ELEC/MECH | | | |
| CIRCUIT BREAKER | | | |
| REFRIGERATOR | | | |
| HOT WATER HEATER | | | |
| LIGHT SWITCH | | | |
| ELECTRICAL OUTLET | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

946424-1

| DISCOLORATION INSPECTION | | | |
|---|---|---|---|
| PART | LOCATION | Discoloration Present/Color | Photo Number & Folder Location |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Visual Inspection Comments |
|---|
| |
| |
| |
| |

Use N/A for Discoloration Present if required item listed above is not Copper or Chrome
Use additional rows to list all additional parts found made of copper/chrome that show discoloration
All Cells must have an entry.
Only one Switch or Receptacle must be inspected in each room.

946424-1

## VISUAL INSPECTION FORM

**GENERAL PROPERTY INFORMATION**

| Address ID: | 0 | Date of Inspection: | 1/0/2010 |

**DRYWALL IDENTIFICATION**

| Wall Designation (Letter) | Panel Designation (1-4) | Vertical Measurement from Floor (inches) | Horizontal Measurement from Left (inches) | Room in house (living room, kitchen, etc.) | Manufacturer | Photo Number Folder &Location | Comments |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

946424-1

## VISUAL INSPECTION FORM

### GENERAL PROPERTY INFORMATION

Address ID: | 0 | Date of Inspection: | 1/0/2010

### DRYWALL IDENTIFICATION

| Wall Designation (Letter) | Panel Designation (1-4) | Vertical Measurement from Floor (inches) | Horizontal Measurement from Left (inches) | Room in house (living room, kitchen, etc.) | Manufacturer | Photo Number & Folder Location | Comments |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Comments

946424-1

# CHAIN OF CUSTODY FORM

Threshold Inspection Protocol

Company:

Page _____ of _____

| Sample Identification | Sample Size | Bag # | Sample Date | Time | Location and Recommended Analysis | Sample Name |
|---|---|---|---|---|---|---|
| | | | | | | |

| Custodian Name and Telephone # | Bag # | Date Received | Date Transferred | Recipient Name and Telephone # | Method of Transfer |
|---|---|---|---|---|---|
| | | | | | |

## Lab Information

| | | | | |
|---|---|---|---|---|
| Company | | | | |
| Attn | | | | |
| Address | | | | |
| City | | State | Zip | Country |
| Phone | | Fax | Email | US |

946424-1

**Exhibit D**

**Amended Point of Sale Notice**

NOTICE: Drywall Settlement.  Read Below.

Lowe's has settled a lawsuit alleging that certain drywall purchased from Lowe's was defective and caused property damage and/or personal injury.  Lowe's denies all of these claims.  You are included in the Class if you have or allegedly had defective drywall that was purchased from Lowe's anytime before 7/27/10.

Class Members may receive from $50 to $100,000.00 in Lowe's gift cards and/or cash.  To get a payment, you must submit a claim form by 5/18/11.

Unless you exclude yourself from the Class by XX/XX/XX, you give up the right to ever sue Lowe's about the legal claims this settlement resolves.  If you stay in the Class, you may object to the settlement by XX/XX/XX.

The Court will hold a hearing on XX/XX/XX, to consider whether to approve the settlement and attorney's fees of up to $2.9085 million. You may ask to appear and speak at the hearing.

4174572 v1

**EXHIBIT E – AMENDED DETAILED NOTICE**

**SUPERIOR COURT OF MUSCOGEE COUNTY, STATE OF GEORGIA**

**If you have or had purchased drywall from Lowe's, you could get a payment from a class action settlement.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement has been reached with Lowe's Home Centers, Inc. and Lowe's HIW, Inc. (together called "Lowe's" or "Defendant") to resolve claims about whether certain drywall sold by Lowe's was allegedly defective and caused property damage and/or bodily injury.

- The $8.75 million settlement offers payments of Lowe's gift cards and/or cash valued from $50 to $100,000.00.

- Your legal rights are affected whether you act, or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| Submit A Claim Form | The only way to get benefits. |
| Exclude Yourself | Get no benefits. This is the only option that allows you to sue Lowe's over the claims resolved by this settlement. |
| Object | Write to the Court about why you do not like the settlement. |
| Go To A Hearing | Ask to speak in Court about the fairness of the settlement. |
| Do Nothing | Get no benefits. Give up your rights to sue Lowe's about the legal claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying Claim Forms. Please be patient.

Questions? Call 1-877-497-3512 toll free, or visit www.DrywallSettlement.info

- 1 -

## WHAT THIS NOTICE CONTAINS BASIC INFORMATION

Basic Information..........................................................................................................4
1.   Why is this Notice being provided?.........................................................4
2.   What is this lawsuit about?......................................................................4
3.   Why is this a class action?......................................................................4
4.   Why is there a settlement?......................................................................4

WHO IS IN THE SETTLEMENT...............................................................................5
5.   How do I know if I am part of the settlement?.........................................5
6.   Are there exceptions to being included?..................................................5
7.   What if I am not sure whether I am included in the settlement?...............5

THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY.....................5
8.   What does the settlement provide?..........................................................5
9.   What if I cannot provide documentation that the drywall was purchased
     from Lowe's?...........................................................................................6
10.  What if I purchased drywall from Lowe's and I have documentation of my
     purchase?................................................................................................7
11.  What if I purchased drywall from Lowe's, have damages related to the
     allegedly defective drywall and can provide documentation?...................7
12.  What if I purchased drywall from Lowe's, have damages related to the allegedly
     Defective Drywall, and can provide documentation of damages in excess of
     $4,500?....................................................................................................8
13.  Tell me more about the Lowe's Gift Card..................................................9
14.  What if the Class Fund is not large enough to fully pay all eligible claims?..........9

HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM.....................................9
15.  How can I get a payment?........................................................................9
16.  When will I get my payment?....................................................................9
17.  What if my claim is not approved?...........................................................10
18.  What am I giving up as part of the settlement?........................................10

EXCLUDING YOURSELF FROM THE SETTLEMENT.............................................10
19.  If I exclude myself, can I get anything from this settlement?....................10
20.  If I do not exclude myself, can I sue later?..............................................10
21.  How do I exclude myself from the settlement?.........................................11

THE LAWYERS REPRESENTING YOU...................................................................11
22.  Do I have a lawyer in the case?...............................................................11
23.  How will the lawyers be paid?..................................................................11

OBJECTING TO THE SETTLEMENT.......................................................................12
24.  How do I tell the Court if I do not like the settlement?.............................12
25.  What is the difference between objecting and asking to be excluded?..................13

THE COURT'S FAIRNESS HEARING......................................................................13

Questions? Call 1-877-497-3512 toll free, or visit www.DrywallSettlement.info

26.    When and where will the Court decide whether to approve the settlement?.........13

27.    Do I have to come to the hearing? ......................................................................13

28.    May I speak at the hearing? ...............................................................................13

IF YOU DO NOTHING .................................................................................................. 14

29.    What happens if I do nothing at all? ...................................................................14

GETTING MORE INFORMATION................................................................................. 14

30.    How do I get more information about the proposed settlement?...........................14

Questions? Call 1-877-497-3512 toll free, or visit www.DrywallSettlement.info

- 3 -

## BASIC INFORMATION

**1.   Why is this Notice being provided?**

A Court authorized this notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to give "final approval" to the settlement. If the settlement is approved, benefits will be given to everyone who submitted a valid, complete and timely claim. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who may be eligible for those benefits, and how to get those benefits.

Judge Bobby Peters of the Superior Court of Muscogee County, Georgia, is overseeing this class action. The case is known as Vereen v. Lowe's Home Centers, No. SU10-CV-2267B. The person who sued is called the "Plaintiff," and the company they sued called "Defendant."

**2.   What is this lawsuit about?**

The lawsuit claims that certain drywall sold by Lowe's was defective because it contained high levels of sulfur and/or other organic compounds. The drywall is alleged to emit sulfide gasses and/or other chemicals. The lawsuit claims the defective drywall leads to: "rotten egg-like" odors; corrosion of air-conditioners, refrigerators, electrical wiring and other metal surfaces and items; and also causes physical irritation and health hazards including noxious odors, respiratory problems, sinus problems, eye irritation and nose bleeds.

Lowe's denies that it sold defective drywall and denies that any drywall it sold caused any damage.

**3.   Why is this a class action?**

In a class action, one or more people called "Representative Plaintiffs" (in this case, Glen Vereen and Chris Brucker) sue on behalf of people who have similar claims. All of these people are a "Class" or "Class Members." One court resolves the issues for all class members, except for those who timely exclude themselves from the class.

**4.   Why is there a settlement?**

The Court did not decide in favor of Plaintiff or the Defendant. Instead, both sides agreed to settle this case to avoid the cost and risk of trial. The settlement does not mean that any law was broken or that Lowe's did anything wrong. Lowe's denies all legal claims in this case. The Representative Plaintiff and his lawyers think the settlement is best for all Settlement Class Members.

Questions? Call 1-877-497-3512 toll free, or visit www.DrywallSettlement.info

- 4 -

## WHO IS IN THE SETTLEMENT

To see if you can get benefits from this settlement, you first have to determine if you are a Settlement Class Member.

| **5.** | **How do I know if I am part of the settlement?** |
|---|---|

The Court decided that the Settlement Class includes persons in the United States who (1) purchased, installed or had installed defective drywall from Lowe's anytime before July 27, 2010, or (2) who were owners and/or residents of real property (house, apartment, condominium, building, etc.) in which defective drywall that was purchased from Lowe's anytime before July 27, 2010 was installed.

**"Persons"** includes individuals as well as partnerships, corporations, sole proprietorships and other legally recognized business entities.

**"Defective drywall"** means any drywall from Lowe's that is alleged to be defective for whatever reason including (a) causing alleged damage to real or personal property, (b) causing irritant effects, and (c) causing potential health hazards or alleged injuries to persons.

**"Resident"** means someone who permanently or temporarily lives at a particular place.

**"Real property"** means any building such as a house, apartment, condominium, etc.

| **6.** | **Are there exceptions to being included?** |
|---|---|

Yes. The following are not included in the settlement: Lowe's and its officers, directors and employees; the judges or justices in the State courts of Georgia and the members of their immediate family; and anyone who timely requests to be excluded from the Class (see "Excluding Yourself from the Settlement" below).

| **7.** | **What if I am not sure whether I am included in the settlement?** |
|---|---|

If you are not sure whether you are in the Settlement Class, or have any other questions about the settlement, call the toll-free number, 1-877-497-3512. You also may write with questions to: Lowe's Drywall Settlement, P.O. Box 869066, Plano, Texas 75086-9066.

### THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

| **8.** | **What does the settlement provide?** |
|---|---|

The settlement establishes a $8.75 million Maximum Class Fund to make payments to qualified, eligible claims. Three kinds of claims are eligible for payments under the settlement.

Questions? Call 1-877-497-3512 toll free, or visit www.DrywallSettlement.info

- 5 -

**No Purchase/No Proof of Purchase Claims:** Class Members who (1) purchased allegedly defective drywall from Lowe's or (2) were owners or residents of any building in which allegedly defective drywall from Lowe's was installed, and cannot provide any documentation may be eligible for a $50 Lowe's gift card (see Question 9 below).

**Proof of Purchase Claims:** Class Members who purchased allegedly defective drywall from Lowe's and provide documentation to prove their purchase may be eligible to receive a $250 Lowe's gift card (see Question 10 below).

**Proof of Purchase and Damages Claims:** Claimants who purchased allegedly defective drywall from Lowe's and provide independent proof of purchase and alleged damages may be eligible to receive a $2,000 Lowe's gift card and a cash reimbursement of up to $2,500 (see Question 11 below).

**Enhanced Benefits Claims:**  Claimants who purchased allegedly Defective Drywall from Lowe's and provide independent proof of purchase and Threshold Proof (as defined below) of damage in excess of $4,500 caused by the possession or use of the allegedly Defective Drywall may be eligible to receive up to $100,000.  (see Question 12 below).

Each Settlement Class Member may submit only one Claim Form and is eligible for only one payment under the Settlement.

Lowe's has the right to verify all documentation submitted with any Claim Form, and the Claim Form must be signed under penalty of perjury that the information on the Claim Form is true and correct to the best of your knowledge.

If the value of qualifying claims paid under the settlement is less than $2.5 million, the difference will be paid to one or more charitable organizations mutually agreed upon between Lowe's and Class Counsel, subject to approval by the Court. For example, if the total value of claims paid under the settlement is $2 million, the approved charitable organizations will receive $500,000 from the Class Fund.

Complete details on all of the settlement benefits are in the Settlement Agreement, which is available at www.DrywallSettlement.info.

**9.     What if I cannot provide documentation that the drywall was purchased from Lowe's?**

**No Purchase/No Proof of Purchase Claims:** Settlement Class Members who (1) purchased allegedly defective drywall from Lowe's or (2) were owners or residents of any building in which allegedly defective drywall from Lowe's was installed, and cannot provide any documentation may be eligible for a $50 Lowe's gift card. To be eligible, you must submit a complete Claim Form on time (See "How can I get a payment?" below) and sign the Claim Form

under penalty of perjury that the information on the Claim Form is true and correct to the best of your knowledge.

| 10. | What if I purchased drywall from Lowe's and I have documentation of my purchase? |
|---|---|

**Proof of Purchase Claims**: Settlement Class Members who purchased allegedly defective drywall from Lowe's and provide independent proof of the purchase are eligible for a $250 Lowe's gift card. To be eligible, you must submit a complete Claim Form on time (See "How can I get a payment?" below) and sign the Claim Form under penalty of perjury that the information on the Claim Form is true and correct to the best of your knowledge. The Claim Form must include documentation that shows that drywall was purchased from Lowe's before July 27, 2010, such as a store receipt.

| 11. | What if I purchased drywall from Lowe's, have damages related to the allegedly defective drywall and can provide documentation? |
|---|---|

**Proof of Purchase and Damages Claims**: Settlement Class Members who purchased allegedly defective drywall from Lowe's and had alleged damages to real property and/or alleged personal injury, and have independent proof of their claim, are eligible for a $2,000 Lowe's gift card. The Claim Form must include documentation that shows that the drywall was purchased from Lowe's before July 27, 2010, such as a store receipt or credit card statement. The Claim Form must also include documentation of alleged damage to real property and/or alleged personal injury. Documentation of alleged damage to real property could include a building inspection report, contractor invoice, repair bill or a receipt for a replacement appliance purchase. Documentation of alleged personal injury could include medical bills or medical reports for treatment of symptoms claimed to arise from the allegedly defective drywall.

Settlement Class Members who meet the criteria in the previous paragraph and also can provide independent proof for actual expenses they paid exceeding $2,000 related to the allegedly defective drywall, are eligible for cash reimbursement of up to $2,500. This cash reimbursement is in addition to the $2,000 Lowe's gift card described above. For reimbursement related to alleged property damage, eligible expenses could include expenditures for remediation and/or repair and/or replacement. Adequate independent proof of these expenses could include invoices related to replacing wiring or drywall or other property repairs. Adequate documentation for the replacement of air conditioning units, appliances, faucets and other similar items includes merchant invoices and credit card receipts. For reimbursement related to alleged personal injury, documentation could include bills for medical care for treatment of symptoms claimed to arise from the allegedly defective drywall.

To be eligible, you must submit a complete Claim Form on time (See "How can I get a payment?" below) and sign the Claim Form under penalty of perjury that the information on the Claim Form is true and correct to the best of your knowledge.

**12.    What if I purchased drywall from Lowe's, have damages related to the allegedly defective drywall, and can provide documentation of damages in excess of $4,500?**

**Enhanced Benefit Group Claims:**    Settlement Class Members who purchased allegedly Defective Drywall from Lowe's, had alleged damage to real property and/or alleged bodily injury, and can furnish Threshold Proof of Damage (as defined below) documenting said damage or injuries, are eligible for a cash award up to $100,000.00. The Enhanced Benefit Group Claim Form must include documentation that shows that the allegedly Defective Drywall was purchased from Lowe's before July 27, 2010, such as a store receipt or credit card statement.

To qualify as an Enhanced Benefits Group Class Member, you must also furnish Threshold Proof of Damage, which is defined as:

(1) an inspection report, pursuant to the Inspection Protocol as well as Visual Inspection and Chain of Custody forms, completed by an inspector qualified in the State in which the property is located, with appropriate experience in building inspection and chain of custody procedures and with prior experience, mutually agreed upon by the parties, in environmental sampling and property condition assessments; said report to identify and document objective, visual signs of metal corrosion and corroborating objective evidence that the metal corrosion was caused by the allegedly Defective Drywall purchased from Lowe's, as well as

(2) verified, independent proof of payment for expenditures for remediation and/or repair or replacement of damage to real property in excess of $4,500.00, or

(3) estimates for the cost of remediation and/or repair or replacement of damage to real property in excess of $4,500.00, where any such  estimates shall be prepared by a appropriately licensed or certified home builder, general contractor or remodeler.  Claim estimates shall at a minimum address the following items: (1) Square footage of home and affected areas, including height of ceiling; (2) Home construction; (3) Existing wallboard texture; (4) Home layout/map; (5) Extent and severity of Plumbing Impact, with list of affected products and fixtures; (6) Extent and severity of Electrical Impact, with list of affected products and fixtures; (7) Extent and severity of HVAC Impact, with list of affected products and fixtures; (8) Extent and severity of Appliance Impact, with list of affected products and fixtures; and (9) Photographs demonstrating all of the above.

The Inspection Protocol and Inspection Forms available at www.DrywallSettlement.info provide more information, as do the Class Action Settlement Agreement and Release and the Supplemental Amendment to that Agreement. Documentation of alleged bodily injury could include medical bills or medical reports for treatment of symptoms claimed to arise from the allegedly Defective Drywall.

Questions? Call 1-877-497-3512 toll free, or visit www.DrywallSettlement.info

- 8 -

**13.   Tell me more about the Lowe's Gift Card.**

The Lowe's gift cards described above are Lowe's branded gift cards that may be used toward any purchase at a Lowe's store. The gift cards may be transferred or assigned--this means the gift cards may be given away to another person or sold. The gift cards will have no expiration date.

**14.   What if the Class Fund is not large enough to fully pay all eligible claims?**

If approved claims exceed the $7.75 million Maximum Class Fund, payments to Settlement Class Members will be reduced in relationship to other valid claims. There is process in the Settlement Agreement to calculate and allocate payments among valid claims. Enhanced Benefit Group Class Members who do not wish to accept a prorated amount can opt out of the settlement. The Settlement Agreement and the Supplemental Amendment can be viewed at www.DrywallSettlement.info. If you have questions, please call 1-877-497-3512.

## HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM

**15.   How can I get a payment?**

To ask for a payment, you must complete and submit a Claim Form. You can get a Claim Form at www.DrywallSettlement.info or by calling 1-877-497-3512. Please read the instructions carefully, fill out the Claim Form, attach any necessary documentation, sign the Form and mail it to:

> Lowe's Drywall Settlement
> P.O. Box 869066
> Plano, Texas 75086-9066

**No Purchase/No Proof of Purchase Claims** (see Question 9 above) may also be submitted online at www.DrywallSettlement.info. All other claims must be submitted in writing and mailed to the address above.

The deadline to submit claims is 180 days after the date of the Fairness Hearing (see "The Court's Fairness Hearing" below). The Claim Deadline will be no earlier than May 18, 2011.

**16.   When will I get my payment?**

Payments will be mailed to Settlement Class Members who send in valid Claim Forms after the Court grants "final approval" and any appeals are resolved (see "The Court's Fairness Hearing" below). It is uncertain when any appeals made will be resolved, and resolving them can take time. Please be patient.

### 17.   What if my claim is not approved?

If the Settlement Administrator does not approve your claim, there is a process in the Settlement Agreement for Class Counsel or Special Class Counsel (see "Do I have a lawyer in this case?" below), Lowe's and the Settlement Administrator, to work in good faith to resolve any disputes. You may be asked to provide additional information to document your claim and will be given a new deadline to re-file your claim. The Settlement Administrator will make final decisions on the validity of claims. The Settlement Agreement, available at www.DrywallSettlement.info, provides more information about this process.

### 18.   What am I giving up as part of the settlement?

If the settlement becomes final, Settlement Class Members who submitted claim forms or did nothing at all, will be releasing the Defendant and all related people and entities from all of the claims described and identified in section 13 of the Settlement Agreement. This means you will no longer be able to sue the Defendant regarding any of the claims described in the Settlement Agreement. The Settlement Agreement is available at www.DrywallSettlement.info or by writing to Lowe's Drywall Settlement, P.O. Box 869066, Plano, Texas 75086-9066. The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class (see "The Lawyer's Representing You" below) for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this proposed settlement and you want to keep the right to sue Lowe's about the legal issues in this case, then you must take steps to get out of the settlement. This is called asking to be excluded from or sometimes called "opting out" of the Class.

### 19.   If I exclude myself, can I get anything from this settlement?

No. If you exclude yourself, you may not apply for any benefits under the proposed settlement and you cannot object to the proposed settlement. However, if you ask to be excluded, you may sue, continue to sue, or be part of a different lawsuit against Lowe's in the future. You will not be bound by anything that happens in this lawsuit.

### 20.   If I do not exclude myself, can I sue later?

No. Unless you exclude yourself, you give up the right to sue Lowe's for all of the claims that this proposed settlement resolves. You must exclude yourself from this Class to start your own lawsuit, continue with a lawsuit, or be part of any other lawsuit relating to the claims in this case.

**21.   How do I exclude myself from the settlement?**

To exclude yourself from the proposed settlement, you must send a letter or other written document by mail clearly stating that you want to be excluded from Settlement. The letter must state: "I request that I be excluded from the Settlement in *Glen Vereen v. Lowe's Home Centers, Inc.*, Case NO. SU10-CV-2267B." Be sure to include your full name, address, signature, and date.

You must mail your request for exclusion so that it is postmarked by **XX/XX/XXXX** to:

> Lowe's Drywall Exclusions
> P.O. Box 869066
> Plano, Texas 75086-9066

You cannot ask to be excluded on the phone, by email, or at the website. You cannot exclude yourself by mailing a request to any other location or by mailing your request after the deadline listed above. The letter must be signed by you. You cannot exclude yourself by having an attorney or anyone else acting on your behalf exclude you. The letter must be signed by you individually and not by a group of Settlement Class members.

### THE LAWYERS REPRESENTING YOU

**22.   Do I have a lawyer in the case?**

The Court has appointed Austin Gower, 1425 Wynnton Road, P.O. Box 5509, Columbus, GA 31906; Don Barrett of Don Barrett, P.A., 404 Court Square, P.O. Box 927, Lexington, MS 39095; Patrick W. Pendley of Pendley, Baudin & Coffin, L.L.P., P.O. Box 71, Plaquemine, LA 70765; and Dewitt Lovelace of Lovelace Law Firm, P.A., 12870 U.S. Hwy. 98 West, Miramar Beach, FL 32550, as Class Counsel to represent you and other Settlement Class Members. Gregory Weiss of Leopold~Kuvin and Robert Gary of Gary, Naegele & Theado have been appointed Special Class Counsel and represent the interests of the Enhanced Benefits Group members who purchased allegedly Defective Drywall manufactured domestically. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

**23.   How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees, costs and expenses of up to $2.9085 million. Class Counsel will request an award of $5,000 to Representative Plaintiff Glen Vereen and an award of $20,000 to Representative Plaintiff Chris Brucker for their service on behalf of the Class. The Court may award less than these amounts. The payment of attorneys' fees, costs and expenses and the payment to the Class Representative is in addition to all of the other benefits under the settlement and will be paid separately by Lowe's.

## OBJECTING TO THE SETTLEMENT

**24.    How do I tell the Court if I do not like the settlement?**

You can object to the settlement if you do not like some part of it. You must give reasons why you think the Court should not approve the settlement. To object, send a letter to the four addresses below, saying that you object to the proposed settlement in Glen Vereen v. Lowe's Home Centers, Inc., Case NO. SU10-CV-2267B. Be sure to include:

- The name of this case and case number (Glen Vereen v. Lowe's Home Centers, Inc., Case NO. SU10-CV-2267B);

- Your name, address, telephone number, and signature.

- A detailed description of the nature and all grounds for your Objection, including any legal support you intend to bring to the Court's attention, and copies of any documents or evidence that you intend to introduce or present in support of your Objection;

- If you are represented by an attorney, include the name, address, bar number, and telephone number of your counsel. If you are represented by an attorney, he or she must comply with all applicable Georgia laws and rules for filing pleadings and documents in Georgia courts;

- A statement whether you intend to appear at the Fairness Hearing, either in person or through counsel; and

- A certificate of service certifying that copies of the Objection were served on Class Counsel, counsel to Lowe's, and the Settlement Administrator on or before the Objection Deadline.

Mail the objection to each of the following four different places so that it is postmarked no later than XX/XX/XXXX.

| COURT | CLASS COUNSEL | LOWE'S COUNSEL | ADMINISTRATOR |
|---|---|---|---|
| Clerk of Superior Court<br>P.O. Box 2145<br>100 10th Street<br>2nd Floor<br>Columbus, GA 31902 | Don Barrett<br>Don Barrett, PA<br>404 Court Square<br>PO Box 927<br>Lexington, MS 39095 | William B. Gaudet<br>Adams and Reese LLP<br>701 Poydras Street<br>New Orleans, LA 70139 | Lowe's Drywall<br>Objections<br>P.O. Box 869066<br>Plano, TX 75086 |

## 25.    What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you cannot object to the settlement and you will not be eligible to apply for any benefits under the settlement because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

## 26.    When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 2:00 p.m. on XX/XX/XXXX at the Muscogee County Superior Court, 100 Tenth Street, Columbus, Georgia 31901. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's request for attorneys' fees, costs, and expenses, and the incentive award. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the proposed settlement and how much to award to Class Counsel as fees, costs, and expenses and the incentive award.

The Fairness Hearing may be moved to a different date or time without additional notice, so it is recommended that you periodically check www.DrywallSettlement.info for updated information.

## 27.    Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You also may pay your own lawyer to attend the Fairness Hearing, but their attendance is not necessary.

## 28.    May I speak at the hearing?

To speak at the Fairness Hearing, you must file with the Court a Notice of Intent to Appear. To do this, send your "Notice of Intent to Appear" postmarked no later than XX/XX/XXXX, to all four addresses listed in Question 23, along with the following information:

- Your name, address, and telephone number and a copy any written Objection to the Settlement;

- The name and telephone number of any lawyer who may ask to speak on your behalf;

- A detailed statement of the specific legal and factual basis for each objection;

Questions? Call 1-877-497-3512 toll free, or visit www.DrywallSettlement.info

- A list of any witnesses that you would like to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony;

- A detailed description of any and all evidence you may offer at the Fairness Hearing, including copies of any and all exhibits which you may seek to introduce at the Fairness Hearing;

- Documentary or other admissible proof of membership in the Settlement Class.

You cannot speak at the hearing if you exclude yourself from the settlement.

## IF YOU DO NOTHING

### 29.   What happens if I do nothing at all?

If you are a Class Member and do nothing, you will not get benefits from this settlement. And, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant about the claims in this case, ever again.

## GETTING MORE INFORMATION

### 30.   How do I get more information about the proposed settlement?

This notice summarizes the proposed settlement. To view the Settlement Agreement, visit www.DrywallSettlement.info. If you have questions, go to the website, call toll free 1-877-497-3512 or write to Lowe's Drywall Settlement, P.O. Box 869066, Plano, Texas 75086-9066.

Questions? Call 1-877-497-3512 toll free, or visit www.DrywallSettlement.info

- 14 -

**EXHIBIT F-1**

**Notice to Opt-Outs To Lowe's Drywall Settlement**

Dear Lowe's Drywall Settlement Opt-Out Class Member:

**YOU SHOULD READ THIS NOTICE REGARDING ADDITIONAL BENEFITS NOW BEING OFFERED AS A RESULT OF AN AMENDMENT TO THE LOWE'S DRYWALL SETTLEMENT. THIS INFORMATION MAY AFFECT  YOUR PRIOR DECISION TO EXCLUDE YOURSELF FROM THIS SETTLEMENT.**

You received this legal notice because  our records indicate that you submitted a request to exclude yourself from the Lowe's Drywall Settlement in *Vereen v. Lowe's Home Centers, Inc.*, Case No. SU10-CV-2267B, pending in the Superior Court of Muscogee County, Georgia ("the Settlement"). This notice is to apprise you of an Amendment to the Settlement in which the parties agreed to enhanced benefits for any Settlement Class Member who claims to have incurred damages greater than $4,500.00 caused by allegedly Defective Drywall purchased from Lowe's prior to July 27, 2010.

**What Additional Benefits Are Now Available?**

Class Members that qualify under this Amendment to the Settlement– the Enhanced Benefits Group ("EBG") – may now be eligible for a cash award of up to $100,000.000.  **In order to be considered for these additional benefits, you will have to send in a form, by XX/XX/XXXX confirming that you wish to withdraw your request for exclusion. You will also have to send in a claim form by May 18, 2011, and fulfill the requirements explained below.**

**Requirements For Inclusion In The Enhanced Benefits Group:**

- You must complete and submit an EBG Claim Form, which is available at www.DrywallSettlement.info or by calling 1-877-497-3512 toll-free. The EBG Claim Form must include documentation that shows that the allegedly Defective Drywall was purchased from Lowe's before July 27, 2010, such as a store receipt. The EBG Claim Form must also include documentation of alleged damage to real property and/or alleged bodily injury. Documentation of alleged damage to real property could include a building inspection report, contractor invoice, repair bill or a receipt for a replacement appliance purchase. Documentation of alleged bodily injury could include medical bills or medical reports for treatment of symptoms claimed to arise from the allegedly Defective Drywall.

- To qualify as an EBG Class Member, you must also provide Threshold Proof of Damage, which is defined as:

    (1) An inspection report and chain of custody forms completed by an inspector qualified in the State in which the property is located, with

appropriate experience in building inspection and chain of custody procedures and with prior experience, mutually agreed upon by the parties, in environmental sampling and property condition assessments; said report to identify and document objective, visual signs of metal corrosion and corroborating objective evidence that the metal corrosion was caused by the allegedly Defective Drywall purchased from Lowe's; AND

(2) Verified, independent proof of payment for expenditures for remediation and/or repair or replacement of damage to real property in excess of $4,500.00; OR

(3) Estimates for the cost of remediation and/or repair or replacement of damage to real property in excess of $4,500.00, where any such estimates shall be prepared by a appropriately licensed or certified home builder, general contractor or remodeler. Claim estimates shall at a minimum address the following items: (1) Square footage of home and affected areas, including height of ceiling; (2) Home construction; (3) Existing wallboard texture; (4) Home layout/map; (5) Extent and severity of Plumbing Impact, with list of affected products and fixtures; (6) Extent and severity of Electrical Impact, with list of affected products and fixtures; (7) Extent and severity of HVAC Impact, with list of affected products and fixtures; (8) Extent and severity of Appliance Impact, with list of affected products and fixtures; and (9) Photographs demonstrating all of the above.

- Submit the completed EBG Claim Form, which requests that you should attempt to identify the manufacturer of the allegedly Defective Drywall, and Threshold Proof of Damage to the Claims Administrator by May 18, 2011.

- You may also be required to submit drywall samples for testing in accordance with the Court's approved Inspection Protocol.

**What Happens Next?**

You must decide whether to remain excluded from the Settlement or re-join the Settlement. Should you choose to re-join the Settlement, you must complete the attached form withdrawing your request for exclusion, and mail the attached form, postmarked by XX/XX/XXXX to Total Class Solutions at the following address: Lowe's Drywall Exclusions, P.O. Box 869066, Plano, Texas 75086-9066. You must then go to http://drywallsettlement.info/ or call 1-877-497-3512 to obtain an EBG Claim Form and the materials required for the above-mentioned Threshold Proof of Damage requirements, including the Inspection Protocol and the Inspection and Chain of Custody Report Forms.

More information is available in the Amended Detailed Notice and the Supplemental Amendment to the Settlement Agreement. Those documents and more information are available online at www.DrywallSettlement.info or by calling 1-877-497-3512 toll-free.

## Attachment to Notice to Opt-Outs

## Form for Withdrawing Request for Exclusion

To:   Lowe's Drywall Exclusion
      P.O. Box 869066
      Plano, Texas 75086-9066.

Name:       _____

Address:    _____

I have reviewed the Notice to Opt-Outs to Lowe's Drywall Settlement and hereby withdraw my

request for exclusion from the class.

Signature: _____     Date: _____

**EXHIBIT F-2**

**Notice Of Supplemental Amendment To Lowe's Drywall Settlement**

Dear Lowe's Drywall Settlement Group 1 Claimant:

You received this legal notice because you are currently a Group 1 (Proof of Purchase and Damages) claimant as part of the Lowe's Drywall Settlement in *Vereen v. Lowe's Home Centers, Inc.*, Case No. SU10-CV-2267B, pending in the Superior Court of Muscogee County, Georgia ("the Settlement").  This notice is to apprise you of an Amendment to the Settlement in which the parties agreed to enhanced benefits for any Settlement Class Member who claims to have incurred damages greater than $4,500.00 caused by allegedly Defective Drywall purchased from Lowe's prior to July 27, 2010.  If you take no action, you will remain in Group 1.

**What Benefits Are Available To Enhanced Benefits Group Class Members?**

Enhanced Benefits Group ("EBG") Class Members who purchased allegedly Defective Drywall from Lowe's, had alleged damage to real property and/or alleged bodily injury caused by the possession or use of allegedly Defective Drywall, and can furnish Threshold Proof of Damage (as defined below) documenting said damage or injuries, are eligible for a cash award up to $100,000.00.

**Requirements For Inclusion In The Enhanced Benefits Group:**

- You must complete and submit an EBG Claim Form, which is available at www.DrywallSettlement.info or by calling 1-877-497-3512 toll-free.  The EBG Claim Form must include documentation that shows that the allegedly Defective Drywall was purchased from Lowe's before July 27, 2010, such as a store receipt. The EBG Claim Form must also include documentation of alleged damage to real property and/or alleged bodily injury.  Documentation of alleged damage to real property could include a building inspection report, contractor invoice, repair bill or a receipt for a replacement appliance purchase.  Documentation of alleged bodily injury could include medical bills or medical reports for treatment of symptoms claimed to arise from the allegedly Defective Drywall.

- To qualify as an EBG Class Member, you must also provide Threshold Proof of Damage, which is defined as:

  (1) An inspection report and chain of custody forms completed by an inspector qualified in the State in which the property is located, with appropriate experience in building inspection and chain of custody procedures and with prior experience, mutually agreed upon by the parties, in environmental sampling and property condition assessments; said report to identify and document objective, visual signs of metal corrosion and corroborating objective evidence that the metal corrosion

was caused by the allegedly Defective Drywall purchased from Lowe's; AND

(2) Verified, independent proof of payment for expenditures for remediation and/or repair or replacement of damage to real property in excess of $4,500.00; OR

(3) Estimates for the cost of remediation and/or repair or replacement of damage to real property in excess of $4,500.00, where any such estimates shall be prepared by a appropriately licensed or certified home builder, general contractor or remodeler. Claim estimates shall at a minimum address the following items: (1) Square footage of home and affected areas, including height of ceiling; (2) Home construction; (3) Existing wallboard texture; (4) Home layout/map; (5) Extent and severity of Plumbing Impact, with list of affected products and fixtures; (6) Extent and severity of Electrical Impact, with list of affected products and fixtures; (7) Extent and severity of HVAC Impact, with list of affected products and fixtures; (8) Extent and severity of Appliance Impact, with list of affected products and fixtures; and (9) Photographs demonstrating all of the above.

- Submit the completed EBG Claim Form, which requests that you should attempt to identify the manufacturer of the allegedly Defective Drywall, and Threshold Proof of Damage to the Claims Administrator by May 18, 2011.

- You may also be required to submit drywall samples for testing in accordance with the Court's approved Inspection Protocol.

**What Happens Next?**

You must decide whether to remain a Group 1 claimant or to apply for enhanced benefits. Should you choose to apply for enhanced benefits, go to http://drywallsettlement.info/ or call 1-877-497-3512 to obtain an EBG Claim Form and the materials required for the above-mentioned Threshold Proof of Damage requirements, including the Inspection Protocol and the Inspection and Chain of Custody Report Forms.

More information is available in the Amended Detailed Notice and the Supplemental Amendment to the Settlement Agreement. Those documents and more information are available online at www.DrywallSettlement.info or by calling 1-877-497-3512 toll-free.

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

GLEN VEREEN,                              )
on behalf of himself and                 )
all others similarly situated,           )
                                         )      Case No. SU10-CV-2267B
        Plaintiffs,                      )
                                         )
v.                                       )
                                         )
LOWE'S HOME CENTERS, INC.                )
                                         )
        Defendant.                       )

ORDER AMENDING SETTLEMENT AGREEMENT AND APPOINTING
SETTLEMENT ADMININSTRATOR

WHEREAS the Parties have submitted a Joint Motion to Amend Settlement Agreement and to Appoint Settlement Administrator (the "Joint Motion"); and

WHEREAS the Court has considered the Joint Motion:

Based on the submissions of the Parties to this Court and believing that the requested amendments to the Settlement Agreement are in the best interests of the Settlement Class members, the Court hereby issues the following Orders:

1.  The Settlement Agreement is amended to incorporate the Supplemental Amendment to Class Action Settlement Agreement and Release creating the Enhanced Benefits Group;

2.  The "Enhanced Benefits Group Proof of Purchase Claim Form" attached as Exhibit 2 to the Joint Motion is approved;

3.  The Order Preliminarily Approving Class Action Settlement, Settlement Class Certification, and to Schedule Final Fairness Hearing is amended as follows:

a.      ¶12 appointing Hilsoft Notifications Epic Systems, Inc. ("Hilsoft") as third-party Settlement Administrator is withdrawn;

b.      Total Class Solutions, Inc. shall be the third-party Settlement Administrator and Hilsoft shall continue to serve as administrator of the Notice Plan;

c.      Plaintiff Chris Brucker is approved as an additional Class Representative;

d.      Robert D. Gary of Gary, Naegele & Theado and Gregory S. Weiss of Leopold-Kuvin are experienced and qualified to represent Plaintiff Chris Brucker and those Class members who have purchased allegedly Defective Drywall manufactured domestically as Special Class Counsel;

e.      The date for the Fairness Hearing is changed to _____, and the hearing will begin at _____ o'clock __M;

f.      Any member of the Class who chooses to be excluded from the Class must submit a Request for Exclusion postmarked no later than _____;

g.      Class Members who desire to file objections, as provided for in ¶17 of the Order Preliminarily Approving Class Action Settlement, Settlement Class Certification, and to Schedule Final Fairness Hearing, must file them no later than _____;

h.      The Court has considered the proposal submitted by the parties to supplement the Notice Plan and finds that the notice to be given pursuant to the Plan, as supplemented, is the best means of notice to members of the class that is practicable in the circumstances and constitutes due and sufficient notice of the proposed settlement to all persons entitled to participate in the proposed settlement, in full compliance with

Ga. Code Ann. §9-11-23 and the constitutional requirements of due process, and that

no further notice is necessary; and

i.      The claim form and manner of notice proposed by Class Counsel

and Special Class Counsel, or a form substantially similar to that form, are hereby

approved, and Class Counsel and Special Class Counsel, through the Court appointed

Settlement Administrator, are ordered to see that such notice is effected as described,

and the Notice Period now in effect shall continue until _____, on which

date it will end;

4.      The other provisions of the Order Preliminarily Approving Class Action Settlement,

Settlement Class Certification, and to Schedule Fairness Hearing shall continue in full force and

effect; and

5.      All capitalized terms in this Order and in the Order Preliminarily Approving Class

Action Settlement, Settlement Class Certification, and to Schedule Fairness Hearing, not defined in

those documents, shall be defined as set forth in the Class Action Settlement Agreement and Release

and in the Supplemental Amendment to Class Action Settlement Agreement and Release.

October __, 2010.


_____

HONORABLE JUDGE BOBBY PETERS

# EXHIBIT 2

**Exhibit A**                                                    Lowe's EBG Proof of Purchase Claim Form

**LOWE'S DRYWALL SETTLEMENT**
**ENHANCED BENEFITS GROUP PROOF OF PURCHASE CLAIM FORM**
This Settlement Claim Form is to be used by Members of the Versaco / Lowe's Home Center's. The Settlement that have independent proof of purchase of allegedly Defective Drywall from Lowe's anytime before July 27, 2010 and can furnish Threshold Proof of Damage (as defined below) of damages in excess of $4,500, caused by the possession or use of allegedly Defective Drywall purchased from Lowe's. By completing this form, you are accepting the Settlement as outlined in the Amended Detailed Notice available for review at www.DrywallSettlement.info. If you do not execute and return a Claim Form then you will not be eligible to receive any part of the Settlement.

**Benefit:** This "Enhanced Benefits Group Proof of Purchase Claim Form" is for Class Members who can document purchase(s) of allegedly Defective Drywall from Lowe's and can furnish Threshold Proof of Damage (as defined below) of claimed damages in excess of $4,500 caused by allegedly Defective Drywall purchased from Lowe's. "Enhanced Benefits Group" claimants may be eligible for cash up to $100,000 (as fully described in the Amended Detailed Notice and Settlement Agreement). If no Threshold Proof of Damage can be proffered, Class Members may submit a "Proof of Purchase Claim Form" available online at www.DrywallSettlement.info or by calling 1-877-497-3512 toll free. If no proof of purchase is available, Class Members may submit a "No Purchase/No Proof of Purchase Claim Form" available online or by phone via the aforementioned website and phone number.

**Eligibility:** Settlement Class Members include all persons in the United States who (1) purchased, installed or had installed allegedly Defective Drywall from Lowe's anytime before July 27, 2010, or (2) were owners or residents of any real property (house, apartment, condominium, building, etc.) in which allegedly Defective Drywall purchased from Lowe's anytime before July 27, 2010, was installed.

**Threshold Proof of Damage:** To qualify as a Enhanced Benefits Group Class Member, you must provide Threshold Proof of Damage. "Threshold Proof of Damage" is defined as:

(1) An inspection report and chain of custody forms completed by an inspector qualified in the State in which the property is located, with appropriate experience in building inspection and chain of custody procedures and with prior experience, mutually agreed upon by the parties, in environmental sampling and property condition assessments; said report to identify and document objective, visual signs of metal corrosion and corroborating objective evidence that the metal corrosion was caused by the allegedly Defective Drywall purchased from Lowe's; AND

(2) Verified, independent proof of payment for expenditures for remediation and/or repair or replacement of damage to real property in excess of $4,500.00; OR

(3) Estimates for the cost of remediation and/or repair or replacement of damage to real property in excess of $4,500.00, where any such estimates shall be prepared by an appropriately licensed or certified home builder, general contractor or remodeler. Claim estimates shall at a minimum address the following items: (1) Square footage of home and affected areas, including height of ceiling; (2) Home construction; (3) Existing wallboard texture; (4) Home layout/map; (5) Extent and severity of Plumbing Impact, with list of affected products and fixtures; (6) Extent and severity of Electrical Impact, with list of affected products and fixtures; (7) Extent and severity of HVAC Impact, with list of affected products and fixtures; (8) Extent and severity of Appliance Impact, with list of affected products and fixtures; and (9) Photographs demonstrating each of the above.

You may also be required to submit drywall samples for testing in accordance with the Court's approved Inspection Protocol.

**Instructions:** Fill out all required information below, sign page 3 of this Claim Form, and mail this Claim Form along with the required documentation of Threshold Proof of Damage to the address listed below. The claim deadline is May 18, 2011. You may only submit one claim and are eligible for no more than one Settlement payment. YOU MUST DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION BELOW IS TRUE TO THE BEST OF YOUR KNOWLEDGE AND BELIEF. YOU AGREE THAT THE INFORMATION PROVIDED BELOW MAY BE SUBJECT TO VERIFICATION.

**When will I get my settlement payment?** Settlement payments will not be mailed until after the May 18, 2011 filing deadline.

**Questions:** More information is available in the Amended Detailed Notice and Settlement Agreement. Those documents and more information are available online at www.DrywallSettlement.info or by calling 1-877-497-3512 toll free.

| **I.   CLAIMANT INFORMATION:** | | |
|---|---|---|
| Last Name _____ | First Name _____ | Middle Initial _____ |
| Street Address 1 _____ | Street Address 2 _____ | |
| City _____ | State _____ | Zip Code _____ | Country _____ |
| Best Telephone #: _____ | E-Mail Address: _____ | DOB |

Page 1

**EXHIBIT**
**2**

**Exhibit A**    Lowe's EBG Proof of Purchase Claim Form

**II.    DRYWALL PURCHASE INFORMATION, DATA AND RECEIPTS:**

Did you or your contractor purchase the allegedly defective drywall from a Lowe's store? YES _____ NO _____

If Yes, at what Lowe's store location did you make this purchase? City _____ State _____

What was the date of purchase from Lowe's of the allegedly defective drywall? _____

If the allegedly defective drywall was purchased by your contractor from a Lowe's store, and you have receipts or documentation of this purchase, and this drywall was installed on your property, please provide the following:

Contractor's Name: _____ Address _____

Contractor's Phone Number: (____) _____

Approximately how many sheets of allegedly defective drywall did you purchase from Lowe's?

1 to 5 ☐        6 to 10 ☐        10+ ☐

Address of property where the allegedly defective drywall was installed if different from mailing address already given.

Address (Street) _____

City/State/Zip _____

What is the approximate square footage of the structure where the allegedly defective drywall was installed? _____ sq. feet

**NOTICE: YOU MUST SIGN AND DATE PAGE 6 OF THIS FORM TO BEGIN THE CLAIM HANDLING PROCESS. FAILURE TO SIGN AND DATE THIS FORM WILL RESULT IN THE AUTOMATIC REJECTION OF YOUR CLAIM.**

**LOWE'S DRYWALL SETTLEMENT – PROOF OF PURCHASE CLAIM FORM (page 2)**

Has the allegedly defective drywall been replaced? YES _____ NO _____

If YES, please provide the proof you have that the allegedly defective drywall has been replaced and provide copies of all receipts, reports, photographs or any other proof of the cost of replacement.

Name of the manufacturer of the allegedly defective drywall you purchased from Lowe's:

_____

_____

**III.    PROPERTY DAMAGE**

Do you have property damage that you claim was caused by allegedly defective drywall purchased from Lowe's? YES _____ NO _____

If YES, do you have an Inspector's Report?          YES _____ NO _____   If YES please attach report.

Do you have photographs?          YES _____ NO _____   If YES please attach photographs.

Are there objective, visual signs of metal corrosion?          YES _____ NO _____   If YES please attach photographs.

If YES, is there corroborating objective evidence as described in the definition of Threshold Proof of Damage that the metal corrosion was caused by the allegedly Defective Drywall purchased from Lowe's?  If so, please attach the corroborating evidence identified as Threshold Proof.

Have you repaired or otherwise remediated the damage allegedly caused by the allegedly Defective Drywall? YES _____ NO _____

If YES, do you have independent proof of payment for repair/remediation expenditures? YES _____ NO _____   If YES please attach.

If YES, please provide the proof you have of the Threshold Proof of Damage.

_____

_____

_____

If NO, please attach estimates for the cost of remediation and/or repair of replacement of damage, prepared by an appropriately licensed or certified home builder, or general contractor, or remodeler.

_____

_____

_____

What is the total amount of damage supported by your Threshold Proof of Damage?  (Check one)

$4,500-$10,000☐  $10,000-$35,000☐  $35,000-$50,000☐  $50,000-$75,000☐  $75,000-$100,000☐  More than $100,000☐

If there is disagreement as to the total amount of damage supported by your Threshold Proof of Damage, would you like to have a neutral Technical Referee provide an opinion on that issue?          YES _____ NO _____

**Exhibit A**

**IV.   PERSONAL INJURY**

Date exposed to the allegedly defective drywall:

FROM: (month) _____ (year) _____     TO: (month) _____ (year) _____

Is there any evidence of bad odor (rotten egg smell) coming from the allegedly defective drywall purchased from Lowe's?                                                      YES _____ NO _____

If YES, did anyone have physical symptoms you claim were due to allegedly defective drywall purchased at Lowe's?                                                          YES _____ NO _____

If YES, please explain: _____

_____

Was anyone seen by a healthcare provider for the claimed symptoms?          YES _____ NO _____

If YES, please provide copies of all medical reports and bills related to treatment for the claimed symptoms and explain.

_____

**V.   OTHER DAMAGE**

Do you have any other damage that you claim was caused by allegedly defective drywall purchased from Lowe's? YES _____ NO _____

If YES, please describe the damage in detail and provide the proof you have of the damage, including copies of any reports, receipts, photographs or any other proof.

_____

_____

**IMPORTANT! PLEASE READ BEFORE SIGNING**

I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I AGREE THAT THE INFORMATION PROVIDED ABOVE MAY BE SUBJECT TO VERIFICATION.

Signature _____     Date_____

State of _____

County/Parish of _____

        This instrument was acknowledged before me on this _____ day of _____, _____, by _____

_____.                              (month)         (year)      (name of signer)

_____Personally Known
_____Produced Identification

Type and # of ID_____

                                        _____
                                                (Signature of Notary)

(Seal)                                  Printed Name of Notary_____

                                        Notary Public, State of_____

Please mail original to: Lowe's Drywall Settlement,
P.O. Box 869066, Plano, Texas 75086-9066
Must be postmarked no later than May 18, 2011
Benefits will not be processed until after the May 18, 2011 date.
www.DrywallSettlement.info or 1-877-497-3512 Toll Free

**NOTICE: YOU MUST SIGN AND DATE PAGE 3 OF THIS FORM TO BEGIN THE CLAIM HANDLING PROCESS. FAILURE TO SIGN AND DATE THIS FORM WILL RESULT IN THE AUTOMATIC REJECTION OF YOUR CLAIM**