# EXHIBIT Z



**AlaFile E-Notice**

29-CV-2009-900356.00

Judge: SIBLEY G. REYNOLDS

To:  MCILWAIN CHRISTOPHER LYLE
cmcilwain@hsmbb.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

**ROBERT P. BRUNER, ESQUIRE ET AL v. BUILDING MATERIALS WHOLESALE, INC. ET AL**
**29-CV-2009-900356.00**

The following matter was FILED on 9/3/2010 2:21:28 PM

**D005 TAISHAN GYPSUM, COMPANY, LTD.**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: PORTER MAIBETH J]

Notice Date:      9/3/2010 2:21:28 PM

**LARRY DOZIER**
**CIRCUIT COURT CLERK**
ELMORE COUNTY, ALABAMA
ELMORE COUNTY JUDICIAL CENTER
WETUMPKA, AL 36092

334-514-4222
larry.dozier@alacourt.gov

| STATE OF ALABAMA | Revised 3/5/08 | Case |
|---|---|---|
| Unified Judicial System | | |
| 29-ELMORE | ☐ District Court   ☑ Circuit Court | CV20 |

**CIVIL MOTION COVER SHEET**

| JAMES H ALEXANDER ET AL VS BUILDING MATERIALS WHOLESALE, INC. | Name of Filing Party: D005 - TAISHAN GYPSUM, COMPANY, LTD |
|---|---|

| Name, Address, and Telephone No. of Attorney or Party. If Not Represented. | ☐ Oral Arguments Requested |
|---|---|
| MAIBETH J. PORTER | |
| 1901 SIXTH AVENUE NORTH/SUITE 2400 AMSOUTH/HARBERT PLAZA | |
| BIRMINGHAM, AL 35203 | |
| Attorney Bar No.:   POR003 | |

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Motion to Intervene ($297.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Other _____ | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| pursuant to Rule _____ ($50.00) | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| ☐ Local Court Costs $ _____ | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| ☐ Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | Date: 9/3/2010 1:52:19 PM | Signature of Attorney or Party: /s MAIBETH J. PORTER |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

JAMES H. ALEXANDER,　　　　　　　)
and　　　　　　　　　　　　　　　　)
SHARON H. ALEXANDER,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　PLAINTIFFS,　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　CIVIL ACTION NUMBER:
　　　　　　　　　　　　　　　　　)　　CV-2009-900356.00
TAISHAN GYPSUM CO., LTD.,　　　　)
(D/B/A Shandong Taihe Dongxin Co., Ltd.), et al., )
　　　　　　　　　　　　　　　　　)
　　　　DEFENDANTS.　　　　　　　)

## DEFENDANT TAISHAN GYPSUM CO., LTD.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendant Taishan Gypsum Co., Ltd. ("Taishan") 1/ moves this Court, pursuant to Ala. R. Civ. P. 12(b)(2), to dismiss Plaintiffs' Complaint for lack of personal jurisdiction.

1. In support of this Motion to Dismiss, Taishan relies upon Plaintiffs' Complaint and Taishan's contemporaneously filed Memorandum of Law in Support of Its Motion to Dismiss, including the attachments thereto.

2. These materials demonstrate conclusively that this Court lacks personal jurisdiction over Taishan and that Plaintiffs' Complaint against Taishan should be dismissed because (1) Taishan lacks sufficient minimum contacts with the State of Alabama to comport with due process; and (2) forcing Taishan to defend suit in Alabama offends traditional notions of fair play and substantial justice.

---

1/　　When Taishan received the Complaint in this case in approximately January or February 2010, it did not understand how this litigation could possibly involve Taishan directly because Taishan sells drywall exclusively in China. Further, Taishan has never been involved in litigation of this nature in the United States or anywhere else in the world. Taishan has had no experience with, and did not understand, the litigation process in Alabama or in the United States. It thus did not understand that it had to respond to challenge jurisdiction. Once Taishan retained counsel and learned of the process, its counsel contacted Plaintiffs' counsel to reach an agreement on Taishan's deadline to appear and respond to the Complaint. Taishan's special, limited appearance is made for the sole purpose of challenging this Court's personal jurisdiction over it.

02024689.1

WHEREFORE, Taishan respectfully requests that this Court grant Taishan's Motion to Dismiss and dismiss Plaintiffs' Complaint and any and all claims against it for lack of personal jurisdiction.  Taishan further prays for such other, further or different relief as this Court deems appropriate.  A proposed order is attached hereto.

Respectfully Submitted by


*/s Maibeth J. Porter* _____
Maibeth J. Porter
Alvin L. (Peck) Fox, Jr.
Joshua B. Baker

Attorneys for Defendant Taishan Gypsum Co., Ltd.

OF COUNSEL:

Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000


Mr. Frank T. Spano
Ms. Lauren S. Colton
Ms. Katherine Cooper
Hogan Lovells US LLP
Harbor East
100 International Drive, Suite 2000
Baltimore, MD 21202
(410) 659-2700

2

02024689.1

## CERTIFICATE OF SERVICE

I certify that on September 3, 2010, a copy of the foregoing was served on the following via the court's Alafile electronic notification system, or via first-class U.S. Mail:

Mr. Bo Bruner
HOLLIS, WRIGHT & HARRINGTON, P.C.
1500 Financial Center
505 North 20th Street
Birmingham, Alabama  35203
**Counsel for Plaintiff**

Mr. Russell Q. Allison
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
**Counsel for Building Materials Wholesale, Inc.**

Mr. N. Gunter Guy
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
**Counsel for McGee Construction Company**

Mr. Christopher McIlwain
Hubbard, Smith, McIlwain & Brakefield, P.C.
P.O. Box 2427
Tuscaloosa, Alabama 35403
**Counsel for Venture Supply**

*/s Maibeth J. Porter*
OF COUNSEL

02024689.1

## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

| | |
|---|---|
| JAMES H. ALEXANDER, )<br>and )<br>SHARON H. ALEXANDER, )<br> )<br>PLAINTIFFS, )<br>v. )<br> )<br>TAISHAN GYPSUM CO., LTD., )<br>(D/B/A Shandong Taihe Dongxin Co., Ltd.), et al., )<br> )<br>DEFENDANTS. ) | CIVIL ACTION NUMBER:<br>CV-2009-900356.00 |

### ORDER

Upon consideration of Defendant Taishan Gypsum Co. Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction as well as the papers submitted in support thereof and in opposition thereto, the undersigned finds that Defendant lacks sufficient contacts with the State of Alabama to subject it to jurisdiction in this Court. Accordingly, it is, this _____ day of _____, 2010 hereby:

ORDERED that Defendant's motion to dismiss be and hereby is GRANTED, and the Complaint and any and all Amended Complaints, cross claims, or counter-claims against Defendant Taishan Gypsum Co. Ltd. be and hereby are dismissed with prejudice and without costs.

_____
CIRCUIT JUDGE

02025677.1

IN THE CIRCUIT COURT OF ELMORE COUNTY,

| | |
|---|---|
| JAMES H. ALEXANDER, <br> and <br> SHARON H. ALEXANDER, <br><br>      PLAINTIFFS, <br> v. <br><br> TAISHAN GYPSUM CO., LTD., <br> (D/B/A Shandong Taihe Dongxin Co., Ltd.), et al., <br><br>      DEFENDANTS. | CIVIL ACTION NUMBER: <br> CV-2009-900356.00 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANT TAISHAN GYPSUM CO., LTD.

Defendant Taishan Gypsum Co., Ltd. ("Taishan") is not subject to the personal jurisdiction of this Court and thus the complaint against it should be dismissed. Plaintiffs, James and Sharon Alexander ("Plaintiffs"), have here asserted claims against Taishan for negligence, wantonness, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, fraudulent misrepresentations, and fraudulent conduct and pursuant to the Alabama Extended Manufacturer's Liability Doctrine.  See Complaint at ¶¶ 53-59, 67-73, 74-77, 94-103, 104-114, 115-124, 125-131.  Plaintiffs' Complaint should be dismissed because Taishan has absolutely no contacts with the state of Alabama, and certainly not the minimum contacts necessary for the exercise of personal jurisdiction under Alabama law and the due process clause of the United States Constitution.

## BACKGROUND

Plaintiffs have alleged that Taishan is subject to jurisdiction in Alabama because it placed drywall in the "stream of commerce" by purportedly selling it to a Virginia entity, defendant Venture Supply Inc. ("Venture"), which then re-sold the drywall to defendant Building Material Wholesale, which then re-sold it to defendant McGee Construction Company, where the drywall

then may have been used in renovating Plaintiffs' home.  Plaintiffs claim that Taishan had the "expectation that its drywall would be purchased by consumers in Alabama."   As is set forth below, Taishan had no contact with Alabama, did not expect, intend, or anticipate that drywall it sold in China would be re-sold in Alabama, and had no reasonable basis for such an expectation.

Taishan is a Chinese corporation with its principal place of business in Tai'an City, Shandong Province, People's Republic of China ("China").   Affidavit of Jia Tongchun, Chairman, General Manager, and Senior Engineer of Taishan ("Jia Aff.") attached as Exhibit 1 to the Memorandum at ¶ 4. 1/  Tai'an is located approximately 436 miles south of Beijing. Taishan manufactures and sells drywall exclusively in China. Id. at ¶¶ 7, 9.  The claims asserted against Taishan do not and cannot arise out of any activity by Taishan in Alabama for the very simple reason that Taishan never has engaged in any activity in this State. Id. at ¶ 31.

Taishan never has manufactured products, performed services or sold drywall in Alabama. Id. at ¶¶ 10, 11, 18.  Taishan does not have offices and does not own or lease real or personal property in Alabama.  Id. at ¶ 20.  Taishan does not maintain bank accounts in Alabama. Id. at ¶ 21.  Taishan never has paid taxes or incurred any tax liability in Alabama. Id. at ¶ 22.  Taishan is not registered to do business in Alabama. Id. at ¶ 23.  Taishan never has been incorporated in Alabama. Id. at ¶ 24.  Taishan never has advertised in Alabama. Id. at ¶ 16. Taishan never has maintained any corporate books or records in Alabama. Id. at ¶ 25.  Taishan never has sent invoices to Alabama. Id. at ¶ 13.  Taishan has not sold drywall to distributors located in Alabama. Id. at ¶ 12.  Taishan does not have a mailing address or telephone number in Alabama. Id. at ¶ 26. Taishan never has made any telephone calls, or sent emails to, anyone in

---

1/      Because Mr. Jia speaks Chinese, he has signed his Affidavit in both English and his native language, and both Affidavits are attached as Exhibit 1.  Attached as Exhibit 2 is the Affidavit of Yuen Hiu Sum, the person responsible for translating Mr. Jia's Affidavit, attesting that the "the English version of the Declaration and the Chinese version of the Declaration, both of which Mr. Jia signed, are accurate translations of one another." Affidavit of Yuen Hiu Sum at ¶ 6 (Exhibit 2).

Alabama. Id. at ¶ 27. Taishan never has appointed an agent to accept service of process in Alabama. Id. at ¶ 28. Taishan has no officers, directors, employees or agents in Alabama, and none of its officers, directors, employees or agents maintain a residence or place of business in Alabama. Id. at ¶ 29. Taishan has not solicited sales in Alabama. Id. at ¶ 17. None of Taishan's officers, directors, employees, or agents have visited Alabama for business purposes. Id. at ¶ 30. In short, Taishan never has engaged in any actions whatsoever in Alabama. Id. at ¶ 31.

Equally important is the fact that Taishan had absolutely no reason to expect that its drywall would find its way to consumers in Alabama. Nor did it intend for its drywall to make its way to consumers in Alabama. This is because Taishan did not make any sales to distributors located in Alabama. Id. at ¶ 12. The drywall allegedly at issue here would have to have been included in one of two sales in China to Venture, a distributor based in Virginia. Id. at ¶¶ 39, 41, 48. Venture was responsible for arranging and paying for shipment of the drywall to the desired destinations, which were Virginia and New Jersey, not Alabama. Id. at ¶¶ 43, 48. Taishan's two sales, both made in China, to Venture are the only sales of drywall Taishan has made to any customer based in the United States during the relevant time period.2/ Id. at ¶48. Taishan could not have reasonably anticipated that its two sales of drywall in China to a Virginia distributor, who then shipped the drywall to Virginia and New Jersey, would result in it being subject to suit

---

2/     Taishan's subsidiary, Taian Taishan Plasterboard ("TTP"), is also in the drywall business and has sold drywall in China to a limited number of United States distributors, other than Venture. Contacts of a corporate subsidiary cannot be imputed to the parent for jurisdictional purposes. See Saudi v. Northrop Grummon Corp., 427 F.3d 271, 276 (4th Cir. 2005) (describing general rule that the contacts of a corporate subsidiary cannot be imputed to provide jurisdiction over its parent); Portera v. Winn Dixie of Montgomery, Inc., 996 F. Supp. 1418, 1424 (M.D. Ala. 1998) (finding that the court did not have jurisdiction over parent company of subsidiary, where parent had no contact with Alabama). TTP's sales thus are not attributed to Taishan for jurisdictional purposes. In any event, TTP has never sold drywall to any companies in Alabama.

in Alabama. <u>Id</u>. at ¶ 49.  There was absolutely no reason for Taishan to believe that any of this drywall would make its way to Alabama. <u>Id</u>. at ¶ 48.  Taishan did not engage in any conduct that indicates that it can be subject to suit in Alabama as it has no insurance or claims-indemnification contracts in the United States. <u>Id</u>. at ¶¶ 32, 33.  It has not contracted with a United States company to test its drywall, and its employees have never attended trade shows here. <u>Id</u>. at ¶¶ 35, 36.  In short, Taishan had no reason to believe that selling drywall in China to a distributor located in Virginia would subject it to suit in Alabama because it did not purposefully avail itself of the benefits of doing business in Alabama. <u>Id</u>. at ¶¶ 10-31.  Indeed, it had no reason at all to believe that any of its product would ever wind up in Alabama.

<u>ARGUMENT</u>

## I.   THIS COURT LACKS PERSONAL JURISDICTION OVER TAISHAN BECAUSE TAISHAN DOES NOT HAVE MINIMUM CONTACTS WITH ALABAMA

Alabama's long-arm statute, Rule 4.2 of the Alabama Rules of Civil Procedure, provides that "[a]n appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States[.]"  Ala. R. of Civ. P. 4.2.  Thus, Rule 4.2 "extends the personal jurisdiction of Alabama courts to the limits of due process under the United States and Alabama Constitutions."  <u>Ex parte Citizens Property Ins. Corp.</u>, 15 So. 3d 511, 514, 515 (Ala. 2009) (quoting <u>Hiller Invs., Inc. v. Insultech Group, Inc.</u>, 957 So. 2d 1111, 1114, 1115 (Ala. 2006) (internal quotation marks omitted)) (concluding that defendant had insufficient contacts with the State of Alabama for the exercise of personal jurisdiction, where the defendants "maintain[ed] no place of business or office in Alabama, ... [had] no property in

Alabama, …. [had] no telephone listing in Alabama, … [had] no employees or authorized agents

in Alabama … and … [had] derived no income from business concluded in Alabama.").

    The "limits of due process" under the United States Constitution were, of course,

articulated in <u>International Shoe Co. v. State of Washington</u>:

> [I]n order to subject a defendant to a judgment *in personam*, if he be not present within
> the territory of the forum, he [must] have certain minimum contacts with it such that the
> maintenance of the suit does not offend 'traditional notions of fair play and substantial
> justice'…
>
> Whether due process is satisfied must depend … upon the quality and nature of
> the activity in relation to the fair and orderly administration of the laws which it
> was the purpose of the due process clause to insure.   That clause does not
> contemplate that a state may make binding a judgment *in personam* against an
> individual or corporate defendant with which the state has no contacts, ties, or
> relations.

<u>Citizens Property Ins. Corp.</u>, 15 So. 3d at 515-16 (quoting <u>Int'l Shoe Co. v. State of Wash.</u>,

326 U.S. 310, 316, 319-20 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)).

    Because Alabama's long-arm statute is coterminous with federal due process, whether the

exercise of personal jurisdiction over Taishan complies with the due process clause is the

essential analysis.   <u>See</u> <u>Am. Home Assurance Co. v. Weaver Aggregate Transport, Inc.</u>, No.

2:09-cv-612-MEF, 2010 WL 2572031, *3 (M.D. Ala. June 28, 2010) (sitting in diversity and

noting "the Court need not apply Alabama's long-arm statute, as Alabama's state courts have

interpreted it to confer personal jurisdiction to the extent allowed by federal due process.

Therefore, the Court needs only determine whether the exercise of personal jurisdiction over [the

defendant] comports with due process.") (citations omitted).   Plaintiffs cannot show that the

exercise of jurisdiction over Taishan here would comply with due process.

    **A.**    <u>**Taishan Does Not Have Minimum Contacts With Alabama Necessary For**</u>
        <u>**the Exercise of Personal Jurisdiction**</u>

    Plaintiffs have the burden of proving that the court has personal jurisdiction over Taishan.

<u>Ex parte Excelsior Financial, Inc.</u>, No. 1081719, 2010 WL 245585, *6 (Ala. Jan. 22, 2010)

(quoting Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226 (Ala. 2004)).  This Plaintiffs cannot do.  To satisfy both state and federal constitutional requirements, Taishan's minimum contacts with Alabama must be sufficient so as not to violate basic principles of due process. "The Due Process Clause of the Fourteenth Amendment permits a forum state to subject a nonresident defendant to its courts only when that defendant has sufficient 'minimum contacts' with the forum state." Worthy v. Cyberworks Technologies, Inc., 835 So. 2d 972, 975 (Ala. 2002) (quoting Int'l Shoe, 326 U.S. at 316).

To satisfy due process, Taishan must have purposefully availed itself of the privilege of conducting activities in Alabama, thereby invoking the benefits and protections of the laws of Alabama.  Citizens Property Ins. Corp., 15 So. 3d at 516 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).  Due process will only be satisfied if Taishan has engaged in acts within the State that indicate that it would reasonably anticipate being brought into an Alabama court.  Id. (quoting Elliott v. Van Kleef, 830 So. 2d 726, 730 (Ala. 2002) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985)).  "This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of 'the unilateral activity of another person or a third person.'"  Id. (quoting Elliott, 830 So. 2d at 731 (quoting Burger King, 471 U.S. at 475, quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984)). "[R]andom, fortuitous, or attenuated contacts" are insufficient to fulfill the requirement that a defendant have purposefully availed itself of contact with Alabama.  Ex parte Ga. Farm Bureau Mut. Auto. Ins. Co., 889 So. 2d 545, 551 (Ala. 2004) (quoting Burger King, 471 U.S. at 475-76). Because Taishan has had absolutely no contact with Alabama, let alone contacts indicating that it enjoyed the benefits and protections of Alabama's laws, the Complaint should be dismissed.

**B.      The Court Lacks Both General and Specific Jurisdiction over Taishan**

In determining whether a defendant has sufficient minimum contacts for the exercise of jurisdiction to comport with due process, Alabama courts distinguish between general and specific jurisdiction.  Personal jurisdiction can be based on a theory of general jurisdiction "when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, [but] … there are sufficient [continuous and systematic] contacts between the State and the foreign corporation."  <u>Ex parte Citizens Property Ins. Corp.</u>, 15 So. 3d at 516 (quoting <u>Helicopteros</u>, 466 U.S. at 414-16) (additions in original).  By contrast, a court can only exercise specific jurisdiction where the defendant has specific contacts with the forum state that are related to the cause of action and "rise to such a level as to cause the defendant to anticipate being haled into court in the forum state."  <u>Ex parte Excelsior Financial, Inc.</u>, 2010 WL 245585, *4 (quoting <u>Ex parte Phase III Constr., Inc.</u>, 723 So. 2d 1263, 1266 (Ala. 1998) (Lyons, J., concurring in the result) (quoting <u>Burger King</u>, 471 U.S. at 472-75)).  "[R]egardless of whether the issue of jurisdiction is considered under specific-jurisdiction analysis or under general-jurisdiction analysis, [t]he critical question with regard to nonresident defendant's contacts [with the forum state] is whether the contacts are such that the nonresident defendant should reasonably anticipate being haled into court in the forum state."  <u>Citizens Property Ins. Corp.</u>, 15 So. 3d at 516 (citations and internal quotation marks omitted) (alternations in original).

1.       **Plaintiffs Cannot Show That Taishan Has Continuous and Systematic Contacts With Alabama To Support the Assertion of General Jurisdiction**

Plaintiffs do not – and, indeed cannot – allege that Taishan is subject to general jurisdiction in Alabama.  Taishan is not subject to general jurisdiction in Alabama because it has had absolutely no contact with this State, and certainly nothing approaching the high threshold necessary for a court to exercise general jurisdiction.  General jurisdiction can only be exercised

if "there is a showing of continuous and systematic general business contacts between the defendant and the forum state." Ninesling v. CHS Middle East, LLC, No. 2:09-CV-297-WKW[WO], 2009 WL 3617864, *2 (M.D. Ala. Oct. 30, 2009) (quoting Consolidated Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000)). "These contacts must be 'substantial' in nature, and must consist of more than mere 'limited and sporadic connections' with the forum state." Id. (quoting Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 747 (11th Cir. 2002)). Taishan had no contact with Alabama, and certainly not continuous and substantial contacts, and thus cannot be subject to general jurisdiction here.  Jia Aff. at ¶¶ 7-31; see S.B. Thompson v. Taracorp, Inc., 684 So. 2d 152, 157 (Ala. Civ. App. 1996) (citing Murray v. Alfab, Inc., 601 So. 2d 878 (Ala. 1992)) (finding that defendant's receipts from the Alabama plaintiff for materials shipped freight on board from Georgia and payment of checks to plaintiff in Alabama did not justify exercise of general jurisdiction where these activities did "not constitute 'substantial' and 'continuous and systematic' contacts with the state of Alabama").  There are plainly no such contacts where, as here, the defendant has had no contact whatsoever with the state of Alabama. See Jia Aff. at ¶ 31 (attesting that "Taishan never has engaged in any actions in Alabama whatsoever.").

2.    **Plaintiffs Cannot Demonstrate Any Facts To Support the Exercise of Specific Jurisdiction Over Taishan**

Facts sufficient to support the exercise of specific jurisdiction are similarly lacking.  For the Court to exercise specific personal jurisdiction over Taishan, Plaintiffs' claims must be related to and arise out of any alleged contact between Taishan and the State of Alabama. Georgia Farm Bureau, 889 So. 2d at 550-51 (citing Burger King, 471 U.S. at 472-75).  But here they plainly are not. Further, in order for this Court to exercise specific jurisdiction over Taishan, Taishan must have purposefully availed itself of the privilege of conducting activities in Alabama. Id. at 551 (quoting Burger King, 471 U.S. at 475). This Taishan did not do. Taishan

cannot be subject to personal jurisdiction in Alabama, where it had no contacts here that could have given rise to Plaintiffs' claims.

Alabama courts have concluded that non-resident defendants, even those with some contacts with this State, are not subject to specific personal jurisdiction here.  In Georgia Farm Bureau, the Supreme Court of Alabama concluded that it did not have specific personal jurisdiction over a non-resident insurance company, even though the insurance company had offices in 17 Georgia counties abutting the Alabama border and could have anticipated that "Georgia residents who purchased Georgia Farm Bureau policies in Georgia would enter Alabama and suffer tragic accidents here" where these accidents would be the "unilateral acts of other persons," not the Farm Bureau.  Id. at 552.  Like the defendant in Georgia Farm Bureau, Taishan cannot be subject to personal jurisdiction in Alabama because it does not have a single contact with this State; it does not even have any distributors in Alabama to whom it sells drywall.  Jia Aff. at ¶ 12.  It does not advertise or even send invoices here.  Id. at ¶¶ 13, 16.  In sum, Taishan has not engaged in any actions in Alabama whatsoever.  Id. at ¶ 31.  Similarly, in Ex parte Troncali Chrysler Plymouth Dodge, Inc., 876 So. 2d 459, 465 (Ala. 2003), the Supreme Court of Alabama found that an out-of-state defendant was not subject to personal jurisdiction in Alabama where the defendant entered into a transaction for the transfer of a car to Alabama, reasoning that "something more than an isolated contact initiated by an in-state plaintiff is required to satisfy the 'purposeful-availment' prong of the due process analysis."  Id.  (also rejecting plaintiff's argument that defendant should be subject to personal jurisdiction in Alabama because it utilized a "computer database locater" maintained by Chrysler to inform Chrysler dealers' of other dealers' stock).  Taishan has had even fewer contacts with Alabama than the defendant in Troncali Chrysler -- indeed, no contacts -- and likewise, cannot be subject to personal jurisdiction here.  Put simply, Taishan does not have the requisite minimum contacts

with Alabama for personal jurisdiction. Taishan has not distributed or sold drywall to distributors or consumers in Alabama. Jia Aff. at ¶¶ 12, 15. It does not perform services related to its drywall in Alabama, and it never has manufactured or advertised its drywall in Alabama. Id. at ¶¶ 10, 16, 18. In short, Taishan did not purposefully avail itself of the privilege of conducting business in Alabama. Id. ¶¶ at 10-31.

Plaintiffs have alleged that Taishan is subject to jurisdiction because it placed its drywall in the stream of commerce and expected that it would be sold to consumers in Alabama. This conclusory allegation does not coincide with the facts. Taishan's sale of drywall in China to a distributor based in Virginia does not create an "expectation that [its drywall would] be purchased by consumers" in Alabama. Ex parte DBI, Inc., 23 So. 3d 635, 651 (Ala. 2009) (quoting World-Wide Volkswagen, 444 U.S. at 295-98) (emphasis added). In Ex parte DBI, Inc., the Alabama Supreme Court found that it could not adopt either of the "stream of commerce" tests adopted by pluralities of the United States Supreme Court in Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102 (1987). Id. at 647. Instead, the DBI court held that the last binding Supreme Court precedent was that set forth in World-Wide Volkswagen. 3/ 23 So. 3d at 651. As the DBI court wrote:

> [T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is if the defendant's **conduct and connection** with the forum State are such that he should reasonably anticipate being haled into court there...

---

3/     Although the DBI court concluded that the decision in World-Wide Volkswagen was the last binding Supreme Court precedent, the DBI decision did not alter the fact that, as the World-Wide Volkswagen Court wrote, due process requires that a defendant must purposefully avail itself of contact with Alabama in order to be subject to personal jurisdiction; mere placement of a product in the stream of commerce is not enough. In addition, other courts, recognizing that the discussion of stream of commerce in World-Wide Volkswagen is dictum, have continued to adhere to the purposeful availment requirement expressed in Hanson, World-Wide Volkswagen, and Asahi. See Wilson v. Brown, No. 09-00490-CG-N, 2010 WL 743950, *3 (S.D. Ala. Jan. 20, 2010) (applying Asahi's purposeful availment requirement and finding that a nonresident defendant was not subject to personal jurisdiction in Alabama) (quoting Elliott, 830 So. 2d at 731 (quoting Asahi, 480 U.S. at 112)).

The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with *__the expectation that they will be purchased by__* *__consumers in the forum State__*.

Id. at 651 (quoting World-Wide Volkswagen, 444 U.S. at 295-98) (emphasis added and internal quotation marks omitted)).

Based on the facts before it, the DBI court concluded that DBI, a Korean seatbelt manufacturer, should have expected that its products would reach consumers in Alabama, because, among other reasons, DBI sold millions of dollars worth of seatbelts to Kia Motors ("Kia"), a major car manufacturer with dealers throughout the United States, including Alabama. Id. at 654. The facts here are starkly and plainly distinguishable.

In particular, some of the key distinctions between the facts of this case and those in DBI include:

| DBI had reason to expect that its products would reach consumers in Alabama: | Taishan had no reason to expect that its products would reach consumers in Alabama: |
|---|---|
| DBI sold its seatbelts to Kia, an international car manufacturer with nine dealerships in Alabama, as well as dealerships throughout the United States, thus purposefully availing itself of the benefits of conducting business in Alabama. Id. at 655. | Taishan sold two orders of drywall in China to Venture, a Virginia distributor. Jia Aff. at ¶¶ 37-48. Taishan had no reason to believe that the drywall it sold in China to a Virginia-based distributor would be sold subsequently in Alabama. Id. at ¶ 48. Taishan did not purposefully avail itself of the benefits of conducting business in Alabama. Id. at ¶¶ 10-31. |
| DBI was aware that its seatbelts were incorporated into automobiles that were mass-produced and marketed on a broad spectrum throughout the United States. Id. at 654. | A representative of Venture inspected the drywall in China and was responsible for transporting the drywall to Venture's desired location and insuring the drywall once title transferred to it in China. Id. at ¶¶ 39-43. After delivery of the drywall to a port in China, Taishan had nothing more to do with the |

| | drywall thereafter because the drywall was shipped "FOB" or "free on board". 4/ Id. at ¶¶ 44, 45. Taishan had no knowledge or information concerning whether any of the drywall it supplied in China pursuant to those contracts would be distributed or used in Alabama. Id. at ¶ 44. |
|---|---|
| DBI maintained insurance coverage against risks and losses occurring in the United States. Id. | Taishan does not have any insurance coverage for the United States. Id. at ¶ 32. |
| DBI entered into a claims-indemnification contract with Kia in the United States. Id. | Taishan has not entered into any type of claims-indemnification contract with any companies, entities, or individuals in the United States. Id. at ¶ 33. |
| DBI contracted with a New Jersey company to test its seat belts. Id. | Taishan has never contracted with any companies in the United States to test its drywall. Id. at ¶ 36. |
| DBI representatives "attended American automobile manufacturing trade shows and/or have participated in trade groups to ensure that [DBI's] products comply with governmental standards imposed by legislative bodies." Id. at 638. | None of Taishan's officers, directors, employees, or agents have ever attended trade shows or participated in trade groups in the United States. Id. at ¶ 35. |
| DBI supplied its seatbelts to Kia, a multi-national car manufacturer with dealers throughout the United States. Id. at 655. | Taishan made only two sales of drywall in China to Venture, a locally-owned, Virginia-based distributor. Id. at ¶¶ 39, 40, 48. |

Indeed, while the DBI Court recognized that in certain circumstances it was foreseeable that DBI's products would reach consumers in Alabama, id. at 654, this is not so here. Taishan had no reason to anticipate being haled into court in Alabama because:

- Taishan sells drywall exclusively in China and does not advertise or market its drywall to customers in Alabama. Jia Aff. at ¶¶ 9, 14, 16.

---

4/    "Free on Board means the seller delivers when the goods pass the ship's rail at the named port of shipment."    Incoterms 2010 by the International Chamber of Commerce, ICCWBO.ORG, http://www.iccwbo.org/incoterms/id3040/index.html (last visited August 23, 2010).

- Taishan does not sell drywall to distributors located in Alabama, and it has never distributed its drywall here. Id. at ¶¶ 12, 15.

- Taishan has never manufactured, sold, marketed, or advertised its drywall in Alabama. Id. at ¶¶ 10, 11, 14, 16.

- Taishan has not received any revenue from any customer or distributor in Alabama. Id. at ¶ 19. Unlike DBI, which had $27,000,000 in revenue for sales to the United States, sold seatbelts to a major car manufacturer with dealers throughout the United States, and sold an extremely high volume of seatbelts to Kia, 23 So. 3d at 642, Taishan's sales to Venture totaled only $555,749.22. Jia Aff. at ¶¶ 39, 41, 45.

In short, Taishan had no reason to expect that its drywall would find its way into Alabama. Id. at ¶ 48. Further, as the DBI court noted, "it is essential in each case that there be some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." 23 So. 3d at 652 (quoting Hanson, 357 U.S. at 253). Not so here. In contrast, the presence of Taishan's drywall in Alabama is a random and fortuitous occurrence that is insufficient to subject it to personal jurisdiction in Alabama. Taishan's sale of drywall in China to a Virginia-based distributor, where it had no expectation that its drywall would reach Alabama, does not constitute purposeful availment of the privilege of doing business in Alabama necessary for the exercise of personal jurisdiction to comport with due process. The Complaint does not contain any allegations that refute this fact. See, e.g. Brown v. Abus Kransysteme GMBH, 11 So. 3d 788, 797 (Ala. 2008) (finding that a German crane manufacturer was not subject to personal jurisdiction in Alabama based on a stream-of-commerce theory where the hoist at issue in the case wound up in Alabama through "unpredictable currents or eddies" in the stream of