- Taishan does not have offices, or own or lease real or personal property in Florida and does not have a mailing address or telephone number in Florida. *Id.* ¶¶ 16, 23.

- Taishan does not maintain any bank accounts in Florida. *Id.* ¶ 17.

- Taishan never has appointed an agent to accept service of process in Florida. *Id.* ¶ 18.

- Taishan never has paid taxes or incurred tax liability in Florida. *Id.* ¶ 19.

- Taishan has never been incorporated in Florida, kept any corporate records in Florida and is not registered to do business in Florida. *Id.* ¶¶ 20-22.

- Taishan has no officers, directors, employees, or agents in Florida. None of Taishan's officers, directors, employees, or agents maintain a residence or place of business in Florida. In fact, no officers, directors, employees, or agents of Taishan ever have visited Florida for business purposes. *Id.* ¶¶ 24-25.[1]

Over its entire history Taishan has entered into <u>only</u> two contracts with a United States counterparty, a Virginia company called Venture Supply Inc. Rec. Doc. No. 5515-2, pp. 3-5 ¶¶ 27, 30. The contracts were executed in China and contemplated the sale of drywall FOB at a Chinese port. *Id.* pp. 4-5, at ¶¶ 29, 30, 34, Exs. A, C, E. TG received confirmation that neither shipment of drywall was sent to Florida, but in fact the shipments were sent to Virginia and New Jersey respectively.[2] Rec. Doc. No. 2380, p. 9. And Taishan was never involved in the distribution, installation use, or even the shipment of the drywall after Taishan sold it in China. Rec. Doc. No. 5515-2, pp. 3-5, 7 ¶¶ 33, 46. Aside from these two contracts, Taishan has never sold drywall to a United States buyer.

### B. Plaintiff Files and Serves the Complaint.

Plaintiff commenced suit on March 6, 2009 by filing the Complaint in the Northern District of Florida (09-cv-00089-MCR-MD) ("Complaint" or "Compl."). Plaintiff asserted that

---

[1] Taishan's subsidiary, Tai'an Taishan Plasterboard Co. Ltd. ("TTP"), is also in the drywall business. Decl. ¶ 26. TTP has made some sales of drywall in China to a limited number of U.S. distributors. Contacts of a corporate subsidiary cannot be attributed to a parent for jurisdictional purposes. *See Consol. Devel. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1295 (11th Cir. 2000). TTP's sales are thus not attributed to Taishan for jurisdictional purposes.

[2] According to the *Germano* court's Findings of Fact, the shipments went to Virginia and New Jersey respectively. Rec. Doc. No. 2380, p. 9.

it was an Alabama company, based in Mobile, Alabama, that purchased drywall from two distributors, Interior & Exterior Building Supply ("Interior & Exterior") and Rightway Drywall Inc. ("Rightway") based in Louisiana and Georgia respectively. Compl. ¶¶ 8-10, 21. Plaintiff further claims on information and belief that this drywall was manufactured by Taishan and certain other defendants. *Id.* After using that drywall to construct homes in several states, including Florida, Plaintiff claims that it was informed that the drywall was defective, and that Plaintiff had an obligation to replace it. Compl. ¶¶ 8-10, 19-20. Plaintiff alleged that it incurred and would incur in the future an unspecified amount of time and expense in replacing the drywall. Compl. ¶ 20. Plaintiff further alleged that the drywall claims were filed individually and on behalf of "persons and entities in the States of Louisiana, Georgia, Texas, and Florida who used drywall manufactured by [the Defendants] for the construction, repair, or remodeling of any improvement to real property and who incurred any expense associated with (1) repair or replacement or all or part of drywall, and/or (2) other property damaged by the defective drywall, and/or (3) is liable to owners of the property for said damages" Compl. ¶ 25

Plaintiff served the Complaint on Taishan pursuant to the Hague Convention on the Service Abroad of Judicial Documents[3] on or about May 8, 2009. When Taishan received the Complaint, it did not understand how this litigation could involve the company. *Id.* ¶ 33. As Taishan has never sold or distributed drywall in Florida, Taishan did not believe that it was necessary to appear in the proceedings. *Id.*

---

[3] The full citation to the Convention is the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters (Feb. 10, 1969) 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163, reprinted at 28 U.S.C (the "Convention").

**C.**   **Plaintiff Fails To Serve The Amended Complaint Alleging A Nationwide Class Action.**

On June 24, 2009, Plaintiff's case was transferred to this Court by the Multidistrict Litigation Panel in accordance with 28 U.S.C. § 1407. On July 7, 2009, Plaintiff filed an Amended Complaint. Rec. Doc. No. 42. ("Amended Complaint" or "Am. Compl."). The Amended Complaint changed the size, character, and complexion of the claims levied against Taishan. Critically, the Amended Complaint purported to add a putative "nationwide" class of "users of [defendants] drywall…" to the Complaint's class of "persons and entities in the States of Louisiana, Georgia, Texas, and Florida" Am. Compl. ¶ 29.[4] The Amended Complaint also specified that Plaintiff had incurred more than $15,000 in costs related to the allegedly defective drywall, a sum that was not alleged in the Complaint. Am. Compl. ¶ 24. Plaintiff has not served Taishan with the Amended Complaint. Decl. ¶ 32.

**D.**   **Plaintiff Obtains A Default On The Unserved Amended Complaint.**

On September 2, 2009, Plaintiff moved for entry of default against Taishan for failure to answer or move with respect to the Complaint or the Amended Complaint. Rec. Doc. Nos. 190; 256. Taishan did not receive any notice of this application.[5] On September 23, 2009, the Court entered a preliminary default against Taishan based on the Amended Complaint, which had not been served on Taishan. Rec. Doc. No. 277. By order dated October 9, 2009, the Court extended indefinitely the deadline for Plaintiff to file its motion for confirmation of the

---

[4] The "nationwide class" was proposed "in the alternative" to a class of covered person or entities in Alabama, Louisiana, Georgia, Texas or Florida. Am. Compl ¶ 29. Additionally, the Amended Complaint dramatically changed Plaintiff's theory of causation. Whereas the Complaint originally alleged that "sulfur" rendered the drywall unsuitable for its intended purpose (Compl. ¶ 16), the Amended Complaint claimed that one or more "contaminates" in the drywall rendered it unsuitable for its intended purposes, thereby expanding Plaintiff's theory of the root cause of the defective product. Am. Compl. ¶ 21.

[5] Plaintiff served the motion electronically on Defendants' liaison counsel by e-mail and upon all parties participating in LexisNexis File & Serve service in accordance with Pre-Trial Order No. 6.

preliminary default. Rec. Doc. No. 335. To date, Plaintiff has not moved to confirm the preliminary default.[6] After learning of the default, Taishan retained counsel and appeared in this action on June 10, 2010, explicitly reserving its objections to the Court's jurisdiction. Decl. ¶¶ 34-35.

## ARGUMENT

## II.     THE COURT LACKED JURISDICTION TO ENTER A PRELIMINARY DEFAULT AGAINST TAISHAN.

"Defaults are not favored and their strict enforcement 'has no place in the Federal Rules.'" *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (citation omitted). Fed. R. Civ. P. 55(c) provides that the court "may set aside a default judgment under Rule 60(b)."

Rule 60(b) provides, *inter alia*,

> (b)     On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise or excusable neglect; . . .
>>
>> (4) the judgment is void; . . .
>>
>> (6) any other reason that justifies relief.

Rule 60(b)(4) compels Courts to vacate defaults where personal jurisdiction is lacking and/or service of process was insufficient. *Harper Macleod Solicitors v. Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (judgment entered against parties not subject to personal jurisdiction of the rendering court is a nullity). Where, as here, the default has only been entered and not reduced to a default

---

[6] On December 24, 2009, Plaintiff moved for class certification against Taishan only. Rec. Doc. No. 653. The Motion for Class Certification was deemed deficient and refiled on January 7, 11, and 13, 2010. Rec. Doc. Nos. 710; 722; 738. Plaintiff subsequently filed an amended motion for class certification on July 22, 2010. Rec. Doc. No. 4566. On August 9, 2010, Plaintiff moved to lift the court ordered stay on motions arguing that this motion for class certification should be briefed and heard on the same schedule as that filed in *Germano v. Taishan Gypsum* (09-6687). Rec. Doc. No. 5010.

judgment, district courts are even more willing to set aside an entry of default. As the Fifth

Circuit has stated: "courts apply essentially the same standards to motion to set aside a *default*

and a *judgment by default* . . . we have also stated that the former is more readily granted than a

motion to set aside a default judgment." *In re OCA, Inc.*, 551 F.3d 359, 371 (5th Cir. 2008)

(quotations and citation omitted).

### A. The Northern District Of Florida Lacked Personal Jurisdiction Over Taishan.

This action was originally filed in the Northern District of Florida. Accordingly, the

question of personal jurisdiction should be determined on the basis of the transferor Court's

ability to exercise jurisdiction. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-

1873, slip op. at 2-3 (E.D. La. Apr. 12, 2010) (refusing to exercise personal jurisdiction over

MDL defendant not properly named as a defendant in suits from transferor court).

To determine whether there is a basis for personal jurisdiction over Taishan in Florida, a

district court is required to apply a two-part analysis. *United Techs. Corp. v. Mazer*, 556 F.3d

1260, 1274 (11th Cir. 2009). *First*, the court must look to the law of Florida to determine

whether there is jurisdiction over the defendant. *Id. Second*, the court must determine whether

the exercise of jurisdiction would be consistent with federal due process requirements. *Id.*

Plaintiff has the burden of establishing that the exercise of jurisdiction over Taishan

would be proper. *Future Tech. Today, Inc. v. OSF Healthcare*, 218 F.3d 1247, 1249 (11th Cir.

2000) ("Plaintiff's burden in alleging personal jurisdiction is to plead sufficient material facts to

establish the basis for exercise of such jurisdiction.") (citation omitted). To satisfy this burden,

Plaintiff must do more than make vague and unsubstantiated assertions that Taishan is amenable

8

to jurisdiction in Florida.[7] *United Techs.*, 556 F.3d at 1275 n.16 (disregarding unsupported conclusory allegations that defendant "regularly conducted business in the state" where contradicted by affidavit by defendant); *see also MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1353 (S.D. Fla. 2000) (granting motion to dismiss for, *inter alia,* failure to allege facts sufficient establish personal jurisdiction over defendant). Plaintiff cannot meet this burden.

Here, the Amended Complaint contains only conclusory or speculative allegations in support of the exercise of jurisdiction over Taishan:

- "Taishan purposefully availed itself of the jurisdiction of the court by selling and shipping substantial quantities of drywall into the States of Florida and Louisiana."[8] Amended Complaint ¶ 8.

- "Taishan has continuously and systematically distributed and sold drywall to numerous purchasers in the States of Florida and Louisiana and Taishan's drywall is installed in numerous homes in both States." *Id.*

- "As discussed more fully below, and upon information and belief, Taishan manufactured and sold to certain suppliers in the States of Alabama, Mississippi, Louisiana, Georgia, and Florida, defective gypsum drywall that was installed in homes being built by Mitchell and Class Members, thereby causing substantial damage." *Id.*

- "Upon information and belief, Taishan manufactured, sold, distributed, marketed and placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within the States of Alabama, Mississippi, Louisiana, Georgia and Florida." *Id.*

---

[7] In determining personal jurisdiction on a Rule 12(b)(2) motion, a court "is not restricted to a review of the plaintiff's pleadings." *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 667 (5th Cir. 2000). When the unsubstantiated allegations of a complaint are controverted by a defendant's affidavit or declaration, "the affidavit or declaration trumps the allegations." *In re Norplant Contraceptive Prods. Liab. Litig.*, 915 F. Supp. 845, 847 (E.D. Tex. 1996) (citing *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F. 2d 826, 831 (5th Cir. 1986), *modified*, 836 F. 2d 850 (1988)).

[8] As set forth above, the operative question is whether Taishan is subject to jurisdiction in Florida. *See supra* p 7 (citing *FEMA Prod. Liab. Litig.*, slip op. at 2-3). Accordingly, any allegations that Taishan had contact with Louisiana or any other states other than Florida have no bearing on the inquiry as to whether Taishan is subject to jurisdiction in Florida. *See, e.g. Am. Investors*, 876 F. Supp. at 1281 (North Carolina contacts could not subject defendant to jurisdiction in Florida).

- "The defective drywall in the affected homes was supplied by Interior & Exterior and Rightway. Upon information and belief, Interior & Exterior and Rightway received the defective drywall directly or indirectly from the Manufacturers, who manufactured the defective drywall in China." *Id.* ¶ 25.

Plaintiff does not identify any actual contacts that Taishan had with Florida; in fact there weren't any. As explained more fully below, Taishan did not sell, supply, or market drywall to anyone in Florida.

### 1.   The Exercise of Jurisdiction over Taishan Would be Inconsistent with the Florida Long-Arm Statute.

The Court may exercise jurisdiction only to the extent permitted by Florida law. "Florida's long-arm statute, which must be strictly construed, confers less jurisdiction upon Florida courts than allowed by the Due Process Clause." *Am. Investors Life Ins. Co. v. Webb Life Ins. Agency, Inc.*, 876 F. Supp. 1278, (S.D.Fla 1995) (citing *McRae v. J.D./M.D., Inc.*, 511 So. 2d 540, 543 (Fla. 1987)) (citation omitted).[9] Only three provisions of the Florida long-arm statute are remotely applicable to the facts as alleged, and they are Section 48.193 (1)(a), (b), and (f), which provide as follows:

1.   Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

   (a)   Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

   (b)   Committing a tortious act within this state . . .

   (f)   Causing injury to persons or property within this state arising out of an act or an omission by the defendant outside of this state, if, at or about the time of the injury, either:

---

[9] Nonetheless, it is possible in some circumstances for a court to hold that jurisdiction could be acquired under the Florida long arm statute but nonetheless improper under the Due Process Clause. *See, e.g. Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247 (11th Cir. 2000).

1.  The defendant was engaged in solicitation or service activities within this state: or

2.  Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.[10]

§ 48.193, Fla. Stat. (2010). A feature common to all of these provisions is the requirement that the defendant purposefully engaged in activity in Florida or otherwise directly serviced the Florida market. *Am. Investors*, 876 F. Supp. at 1281 (long-arm statute did not provide jurisdiction over claims against North Carolina defendant that contracted with Florida plaintiff where plaintiff initiated contact with defendant, tortious act occurred entirely in North Carolina, and defendant otherwise lacked contacts with Florida). Fatally for Plaintiff's claims, Taishan has not undertaken any acts in Florida or otherwise serviced the Florida market.

### (a)    Taishan has not conducted business in Florida.

"In order to establish that a defendant is 'carrying on business' in Florida for the purposes [of § 48.193(1)] of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Future Tech. Today, Inc.*, 218 F.3d at 1249 (citations omitted). Factors relevant to this analysis include the presence or operation of an office in Florida, the number of clients served, and the percentage of overall revenue from Florida clients. *Travel Opportunities of Fort Lauderdale, Inc. v. Walter Karl List Mgmt Inc.*, 726 So. 2d 313, 314 (Fla. 4th DCA 1998) (19 sales in Florida worth $198,000 over two year period insufficient for purposes of applying section 48.193(1)(a));

---

[10] The other acts listed by the long-arm statute are inapplicable to the case at bar. They include: "(c) Owning, using, possessing, or holding a mortgage or other lien on any real property within this state; (d) Contracting to insure any person, property, or risk located within this state at the time of contracting; (e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage . . . ; (g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state; (h) With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived." § 48.193, Fla Stat. (2010).

*Milberg Factors, Inc. v. Greenbaum*, 585 So. 2d 1089, 1091 (Fla. 3rd DCA 1991). In this case, Taishan has never had an office or any employees in Florida, nor has it sold drywall to any companies located in Florida. Thus, Taishan has not conducted business in Florida and there is no basis for the Court to exercise jurisdiction pursuant to Fla. Stat. § 48.193(1)(a).

        **(b)**      **Taishan has not committed a "tortious act" in Florida.**

For a court to exercise jurisdiction under § 48.193(1)(b) of the Florida long-arm statute, plaintiff must show that Taishan committed a "substantial aspect of the alleged tort" in Florida. *Scutieri v. Chambers*, Slip. Op. at * 4 n.6, 2010 WL 2836613 (11th Cir. July 20, 2010); *see also Associated Transp. Line, Inc. v. Productos Fitosanitarios Proficol El Carmen, S.A.*, 197 F.3d 1070, 1072-73 (11th Cir. 1999) (injury in Florida is an insufficient basis to assert jurisdiction under § 48.193(1)(b)). Florida courts have held that downstream injury in Florida caused by a product placed into the stream of commerce outside Florida does not constitute a substantial aspect of the tort for purposes of § 48.193(1)(b). *Blumberg v. Weiss & Co., Inc.*, 922 So. 2d 361, 364 (Fla. 3rd DCA 2006) (although sale of norephedrine had ultimate consequences—plaintiff's stroke—in Florida, substantial aspect of the tortious conduct was not in Florida because sale occurred elsewhere). Plaintiff alleges that Taishan "directly or indirectly" sold drywall to two US distributors not based in Florida, which then supplied the drywall to Plaintiff, who then used the drywall in Alabama and Florida. Am. Compl. ¶¶19, 20, 25. Even if Plaintiff's allegations were true, they amount merely to a claim that Taishan placed drywall in the stream of commerce, which is insufficient to justify the exercise of jurisdiction under Section 48.193(1)(b).

        **(c)**      **Plaintiff fails to allege "injury to person or property" in Florida.**

Under Florida law, economic injury does not satisfy the "injury to persons or property" requirement for jurisdiction under section 48.193(1)(f). *Aetna Life & Cas. Co. v. Therm-O-Disc,*

*Inc.*, 511 So. 2d 992, 993-94 (Fla. 1987).  In *Aetna*, the Florida Supreme Court held that 48.193(1)(f) could not provide jurisdiction over an insurance company's claims against an Ohio manufacturer of defective switches for amounts paid to reimburse victims of property damages caused by the switches.  *Id.*  Like Aetna, Plaintiff (as a supplier of drywall to others) asserts only claims for economic loss.  Plaintiff itself has not sustained any "injury to persons or property" from allegedly defective drywall.  Rather, Plaintiff seeks to recover costs allegedly incurred or anticipated to reimburse homeowners who have allegedly sustained property damage due to defective drywall.  Am. Compl. ¶ 24  As in *Aetna*, section 48.193(1)(f) cannot provide jurisdiction here.

Moreover, even assuming Plaintiff alleged "injury to persons or property", section 48.193(1)(f), does not apply when "persons outside [of Florida] are injured by acts or omissions which occur *outside* the state."  *Price v. Point Marine, Inc.*, 610 So. 2d 1339 (Fla. 1st DCA 1992) (emphasis added); *see also Riviere v. St. James Episcopal Church of Clayton, Georgia, Inc.*, 545 So. 2d 449 (Fla. 3rd DCA 1989) (for this Section to apply injury must be in Florida).  Plaintiff's alleged economic loss occurred in Alabama, not Florida, and is thus outside the ambit of section 48.193(1)(f).

### 2.    The Exercise of Jurisdiction Over Taishan Would Violate Due Process.

Even when a case meets the requirements of the Florida long-arm statute, courts are restrained from exercising jurisdiction by due process.  *Sea Lift, Inc. v. Refinadora Costarricense De Petroleo, S.A.*, 792 F.2d 989, 993 (11th Cir. 1986).  The "limits of due process" under the United States Constitution were articulated in *Int'l Shoe Co. v. Washington*:

> [I]n order to subject a defendant to a judgment in personam, if he
> be not present within the territory of the forum, he [must] have
> certain minimum contacts with it such that the maintenance of the

13

> suit does not offend 'traditional notions of fair play and substantial justice'…
>
> Whether due process is satisfied must depend … upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations.

326 U.S. 310, 316-20 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Minimum contacts are constitutionally sufficient when a party has purposefully availed itself of the privilege of conducting activities in Florida, thereby invoking the benefits and protections of its laws. *Sea Lift,* 792 F.2d at 993 ("The mere 'foot-fall' of the defendant's agents 'on the State's soil' does not in the relevant sense invoke the benefits and protections of the laws of the forum."). A court may assume power over an out-of-state defendant only by either a proper finding of specific jurisdiction based on conduct connected to the suit or by a proper finding of general jurisdiction. *Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir 1990). General jurisdiction is necessary to adjudicate claims arising out of defendant's activities unrelated to the forum state. *Id.* (citing *Helicopteros Nacionales de Columbia, N.A. v. Hall*, 466 U.S. 408, 414 nn. 8 & 9 (1984)). Neither exists here.

A defendant may be subject to specific jurisdiction when the cause of action "arises from" the defendant's forum-related activities. *Sea Lift*, 792 F.2d at 993 (citing *Helicopteros*, 466 U.S. at 414 n.8); *see also Crowe v. Paragon Relocation Res., Inc.*, 506 F. Supp. 2d 1113, 1120 (N.D. Fla 2007) (plaintiff must show a direct affiliation, nexus, or substantial connection between cause of action and defendant's in-state conduct). This analysis turns on the relationship between the claims and contacts, and thus courts generally evaluate specific jurisdiction on a claim-by-claim basis.

14

It is well settled in the Eleventh Circuit that the mere placement of a product in the stream of commerce with the awareness that one's product will enter a particular state is insufficient to satisfy due process. *Assoc. Transp.*, 197 F.3d at 1075 (citing *Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cal.*, 480 U.S. 102, 112-13 (1987)); *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 628 (11th Cir. 1994) (same). Due process could be satisfied only if Taishan engaged in acts that indicated that it reasonably anticipated being brought into a Florida court because it "purposefully availed" itself of the privilege of conducting activities in the State. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985). With regard to a foreign manufacturer, this "purposeful-availment" requirement assures that a defendant will not be haled into a jurisdiction as a result of the activity of others who unilaterally deliver the manufacturer's product into the forum. *See Tomashevsky v. Komori Printing Mach. Co. Ltd.*, 715 F. Supp. 1562, 1566 (S.D.Fla 1989) (resale of printing press to Florida buyer did not subject original seller-manufacturer of press to personal jurisdiction for claim arising from injury caused by the press).

**(a)      Taishan Has Not Had The Continuous and Systematic Contacts With Florida To Support the Assertion of General Jurisdiction.**

General jurisdiction can only be exercised if there is "a showing of continuous and systematic general business contacts between the defendant and the forum state." *Associated Transport*, 197 F.3d at 1075 (nine sales to U.S. during a four-year period insufficient to supply general jurisdiction). These contacts must be "substantial" in nature, and must consist of more than mere "limited and sporadic connections" with the forum state. *See Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1362, n.3 (5th Cir. 1990) (declining to exercise jurisdiction when the defendant's purchases combined with its sales in the forum yielded 12.9% of its total profit); *Rexam Airspray, Inc. v. Arminak*, 471 F. Supp. 2d 1292, 1300 (S.D.Fla 2007) (1% of total

business in Florida insufficient to confer general jurisdiction). Taishan cannot be subject to general jurisdiction because it has not conducted any business in Florida, let alone engaged in the continuous and substantial contacts that are constitutionally required.

### (b) There Is No Basis For The Court To Exercise of Specific Personal Jurisdiction Over Taishan.

Courts in the Eleventh Circuit have regularly held that passing contacts with the forum—even those far more substantial than those before the Court here—are insufficient to confer specific personal jurisdiction. In *Sea Lift v. Refinadora Costarricense De Petroleo, S.A.*, the Eleventh Circuit concluded that a district court did not have personal jurisdiction over a Costa Rican company that directly solicited business from, and sent a contract to, a Florida company, where the defendant performed its obligations on the contract outside of Florida. 792 F. 2d at 993-94. Here Taishan did not even do that much; it had no contracts to sell drywall to anyone in Florida.[11] Under *Sea Lift*, Taishan is clearly not subject to personal jurisdiction in Florida. *Id.; see also Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1341-47 (S.D. Fla 2002) (no jurisdiction over foreign antitrust defendant that met with co-conspirators in Florida on multiple occasions, advertised its product in Florida and nationally, and previously sold its product in Florida and elsewhere in the United States).

There is no basis to conclude that Taishan purposefully availed itself of the benefits and protections of Florida law. Taishan has not sold, distributed or marketed drywall to anyone in Florida. Decl. ¶¶ 11-13. Nor has Taishan ever maintained any office or sent any employees or agents to Florida. *Id.* 16, 25. As discussed above, Plaintiff's vague and conclusory allegations that Taishan's drywall was brought into the forum by third parties (or Plaintiff itself) is a

---

[11] The two contracts with Venture were negotiated, consummated and performed entirely in China. Rec. Doc. No. 5515-2, pp. 3-5 ¶¶ 27-32. They resulted in two FOB China shipments to Virginia and New Jersey. Rec. Doc. No. 2380, p. 9. Consequently, these contracts do not supply contacts to Florida.

constitutionally insufficient basis to hale Taishan into court in Florida. Am. Compl ¶ 25; *See Madara*, 916 F.2d at 1516-7 (denying jurisdiction over defendant that allegedly libeled plaintiff in magazine distributed in Florida on basis that defendant was "not the magazine's publisher and did not control its circulation and distribution") (citing *Asahi*, 480 U.S. at 1032-33); *see also Elite Aluminum Corp. v. Trout*, 451 F. Supp. 2d 1311, 1316-17 (S.D.Fla 2006) (declining to exercise specific jurisdiction where plaintiff acted through an intermediary to bring Defendant's product into the state); *Tomashevsky*, 715 F. Supp. at 1566 (same). Accordingly, Taishan does not have the minimum contacts with Florida necessary to be subject to personal jurisdiction consistent with the due process clause of the constitution.

**B.      The Exercise Of Jurisdiction Over Taishan Would Offend Traditional Notions Of Fair Play And Substantial Justice.**

Even if Taishan had purposefully availed itself of the benefits of a Florida forum, the exercise of jurisdiction must also be constitutionally reasonable, taking into account: (a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interests in obtaining relief, (d) the efficient resolution of controversies between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies. *See Future Tech. Today*, 218 F.3d at 1251-52 (citing *Burger King*, 471 U.S. at 466).

The first factor—the burden on the defendant—is reason enough to find that Taishan should not be subject to personal jurisdiction in Florida. In *Asahi*, the Supreme Court cautioned that "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." 480 U.S. at 114; *see also Madara*, 916 F.2d at 1519 (recognizing significant burden on California company if it were required to litigate in Florida); *Gray v. Riso Kagaku Corp.*, 82 F.3d 410, 1996 WL 181488, at *4 (4th Cir. April 17, 1996)

(exercise of jurisdiction unreasonable over Japanese company due to language and cultural barriers and distance of South Carolina forum from Japan). To defend this lawsuit, Taishan would have to travel around the world to a forum where it has never done business. Taishan would also face major logistical and bureaucratic difficulties in terms of transportation, voluminous translations, governmental approvals, and deep-seated cultural differences. *See Gray*, 1996 WL 181488, at *4. Imposing such a severe burden on Taishan is wholly inconsistent with notions of fair play and substantial justice.

As the Supreme Court concluded in *Asahi,* "the procedural and substantive policies of other *nations* . . . as well as the Federal interest in Government's foreign relations policies, will be best served by a careful inquiry into the reasonableness of the assertion of jurisdiction in the particular case, and <u>an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State</u>." 480 U.S. at 115 (emphasis in original).

Here, the interests of the forum state weigh against asserting jurisdiction over Taishan because, as shown above, Taishan does not have the requisite minimum contacts with Florida. In fact, Plaintiff is an Alabama corporation who realized its injuries, if any, in Alabama. Thus, the forum state has no interest in exercising jurisdiction.

The interests of international comity also weigh against exercising jurisdiction. Subjecting Taishan to unexpected litigation half a world away would certainly defeat its reasonable expectations of not being haled into a court room in Florida based on an Alabama company's alleged purchases of drywall from Louisiana and Georgia distributors. *Cf. OMI Holding, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1097 (10th Cir.1998) (adjudication of dispute with Canadian defendants arising out of contract negotiated in Canada and governed

under Canadian law would implicate Canada's sovereign interest in interpreting its laws and militated in favor of dismissal).

## III.   THE DEFAULT MUST BE SET ASIDE BECAUSE PLAINTIFF FAILED TO SERVE THE PLEADING UPON WHICH IT WAS BASED.

In keeping with the principle that default judgments are disfavored, courts have required "strict compliance" with the legal prerequisites establishing the courts' power to render such judgments. *Varnes v. Local 91 Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1369 (11th Cir. 1982), *quoted by Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 650 (5th Cir. 1988).

Pursuant to Rule 5(a)(2), Plaintiff was required to serve the Amended Complaint on Taishan Gypsum in accordance with Rule 4 because the Amended Complaint introduced new claims. Among other things, the Amended Complaint sought certification of a nationwide class of persons, whereas the initial complaint sought class certification of a discrete class of builders in specific states. Further, upon filing of the Amended Complaint, the initial (served) Complaint became a nullity, rendering it an inapt vehicle for the default. *Viznai v. United Homes of New York, Inc.*, No. 07-civ-4173, 2009 WL 931178, at *2 (E.D.N.Y. Apr. 3, 3009) (finding "the filing of an amended complaint would render the defaults of the [defendants] a nullity" because the amended complaint renders the original "of no legal effect") (citations omitted); *Saint-Gobain Autover USA, Inc. v. Fuyao Glass Industry Group Co., Ltd.*, No. 05-civ-71079, 2005 WL 3454402, at *2 (E.D. Mich. Dec. 16, 2005) (setting aside default based on original complaint "which is now a nullity because it was later amended.")

Accordingly, even if Taishan could be subject to jurisdiction in Florida, the preliminary default should be set aside because Plaintiff did not serve Taishan pursuant to the Hague Convention with the Amended Complaint on which the default was granted.

## IV.   THE PRELIMINARY DEFAULT ALSO SHOULD BE SET ASIDE ON THE GROUNDS OF EXCUSABLE NEGLECT.

Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default for "good cause." "[T]he requirement of 'good cause' . . . ha[s] generally been interpreted liberally." *Amberg*, 934 F.2d at 685 (internal citation omitted). Three factors are examined when determining "good cause":  (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).  These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause. *In re Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).  Other factors may be considered, such as whether the party acted expeditiously to correct the default.  *Id.*  "In any event, entries of default are serious; 'where there are no intervening equities[,] any doubt should ... be resolved in favor of the movant to the end of securing a trial upon the merits'" *Effjohn*, 346 F.3d at 563 (quotation and citation omitted).

### A.   Taishan Did Not Willfully Default.

Courts have vacated defaults where defendants had a *good faith* basis for believing that they were not subject to the jurisdiction of the forum court, even if the belief was invalid.  *Carl Marks & Co. v. Union of Soviet Socialist Republics*, 665 F. Supp. 323 (E.D.N.Y. 1987), *aff'd* 841 F.2d 26 (2d Cir. 1988) (vacating of default judgments entered against the Soviet Union where defendant did not believe the court could have jurisdiction over it); *cf. Northrop Grumman Ship Sys., Inc. v. Ministry of Def. of Venezuela*, 575 F.3d 491, 503 (5th Cir. 2009) (vacating default with instructions that lower court determine arbitrability of dispute).  Here, Taishan did not willfully default.  It did not intend to offend the Court or challenge its powers. Decl. ¶ 28. Taishan did not understand the significance of the Complaint, and could not imagine how its

sales of drywall in China could have legitimately resulted in U.S. litigation it was required to participate in Decl. ¶¶ 41, 46. Given Taishan's lack of any sales or other business activities in Florida, it is understandable that Taishan believed it did not need to respond to the Complaint. Once Taishan learned of the nature of the U.S. proceedings, Taishan promptly appeared and made cooperating with this Court "amongst its highest priorities." Decl. ¶ 34.

Excusable neglect may also be found where a party was ignorant of the U.S. judicial process. *See, e.g., Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1551 (D.C. Cir. 1987) (remanding with instructions to consider, *inter alia,* whether failure to respond to a complaint "was the excusable result of 'a broad divergence in [American and Bolivian] cultural, governmental, and political approaches to the present case.'") (citation omitted); *E. & J. Gallo Winery v. Cantine Rallo, S.p.A.*, 430 F. Supp. 2d 1064 (E.D. Cal. 2005) (vacating default judgment entered against non-English speaking, foreign defendant that received summons and complaint but did not understand the nature of the suit).

In this case, Taishan's failure to respond to the Complaint was due in large measure to its ignorance of the U.S. legal system. Taishan has never been involved in litigation of this nature in the United States or anywhere else in the world. Taishan has had no experience with the litigation process in Florida or anywhere else in the United States. No employee at Taishan had any understanding whatsoever of the U.S. judicial process to understand the nature or consequences of the claims asserted in this litigation. Decl. ¶¶ 2-33.

Moreover, a default is not willful where the defendant lacked actual notice of the action pending against it. *See Robinson v. Sanctuary Music*, Nos. 08-2078-cv, 08-2320-cv, 08-2333-cv, 2010 WL 2649849, at *3 (2d Cir. July 1, 2010) (finding good cause where defendants had not been properly served with process prior to default judgment pursuant to the Hague Convention.);

21

*Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308, 313-14 (N.D. Tex. 2004) (vacating a default judgment where intervenors adversely affected by judgment had no notice of the suit or entry of default).

By failing to serve the Amended Complaint or the motion for a default judgment, Plaintiff did not afford Taishan actual notice of its claims. This deprived Taishan of the opportunity to consider the consequences of not responding or participating in the hearing upon which the default was based.

### B. Vacating The Default Will Not Prejudice Plaintiff.

A plaintiff will not be prejudiced upon vacatur of a default where it cannot show that vacatur will cause the "loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Robinson*, 2010 WL 2649849, at *3 (citation omitted). Here, there is no reason to believe that any evidence has been lost, that discovery would be any more difficult than prior to the default, or that any fraud has taken place. Moreover, requiring Plaintiff to prove its case on the merits is not the type of prejudice that justifies allowing the entry of default to remain. *In re Marinez*, 589 F.3d 772, 778 (5th Cir. 2009) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require [him] to prove [his] case.") (citation omitted, alteration in original).

### C. Taishan Has Meritorious Defenses.

In determining whether a meritorious defense exists, "'[t]he underlying concern is . . . whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Jenkins v. Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2697 (3d ed. 1998)). That possibility exists here. *First*, Taishan is not subject

22

to jurisdiction in Florida. *Supra*, Part I. *Second*, Plaintiff, an Alabama builder, lacks standing to sue on behalf of property owners nationwide. Am. Compl. ¶¶ 4, 29; *Warth v. Seldin*, 422 U.S. 490, 501 (1975). *Third*, the Amended Complaint fails to state claims as a matter of law. Plaintiff's tort claims for negligence/gross negligence (Count I) and strict products liability (Count II) are barred by the economic loss rule. *See Aetna*, 511 So. 2d at 994 (citing *GAF Corp. v. Zack Co.*, 445 So. 2d 350, 354 (Fla. 3rd DCA 1984)   (no cognizable personal injury or property damage sustained by roofer under economic loss rule as a result of its purchase and installation of the defective roofing materials). Plaintiff cannot succeed on its claim for unjust enrichment (Count III) because alleged payments to Taishan *purchasers* of drywall other than Plaintiff did not confer a benefit *from* Plaintiff *to* Taishan. *See Nova Info Sys. Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1007-08 (11th Cir. 2004) (to succeed on a claim for unjust enrichment defendant must have received a benefit from the plaintiff). Plaintiff's cause of action for breach of implied warranty (Count IV) also fails because Plaintiff failed to allege any privity between Plaintiff and Taishan. *Cruz v. Mylan, Inc.*, No. 8:09-civ-1106-T17-(EAJ), 2010 WL 598688, at *2 (M.D.Fla. Feb. 17, 2010) (Florida law requires privity between the contracting parties in claims for breach of the implied warranty of fitness and the implied warranty of merchantability.) (citation omitted). Nor can Plaintiff's breach of express warranty claim (Count VI)[12] go forward where the Complaint is devoid of any allegation that Taishan made "an affirmation of fact or promise" to Plaintiff. *See* FLA. STAT. § 672.313 (2010) ("[A]ny affirmation of fact or promise made *by the seller to the buyer* which relates to the goods and becomes part of the basis of the bargain creates an express warranty") (emphasis supplied).

---

[12] The Amended Complaint does not allege a Count V. Am. Compl. ¶¶ 66-74.

In addition to the legal insufficiency of the Amended Complaint, there are fundamental factual issues such as whether the drywall at issue actually originated with Taishan, whether it was defective when sold, or if it was damaged due to improper shipment storage or installation. These are serious issues that should not be determined in a vacuum without discovery, evidence, cross-examination and fact-finding. Accordingly, if the Court determines it has jurisdiction, the case should proceed on the merits.

**D.** **Taishan Gypsum Acted Expeditiously to Vacate The Default.**

When Taishan received the Complaint, the company could not understand how the litigation could involve Taishan due to its extremely limited connection to the United States. Decl. ¶ 27. After Taishan became aware that the default was entered, however, it retained counsel in the United States and concluded it was necessary to appear and participate in this action. *Id.* ¶ 34. Taishan then promptly appeared before this Court and moved for dismissal.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, the Court should vacate the entry of default and dismiss the action against Taishan.

Respectfully submitted,

/s/ Thomas P. Owen, Jr.

Joe Cyr
Frank T. Spano
Eric Statman
Matthew J. Galvin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: 212-918-3000
Facsimile: 212-918-3100
E-mail: joe.cyr@hoganlovells.com
frank.spano@hoganlovells.com
eric.statman@hoganlovells.com
matthew.galvin@hoganlovells.com

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORTON
& ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
E-Mail: res@stanleyreuter.com
tpo@stanleyreuter.com

**Attorneys for Taishan Gypsum Co. Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum In Support of Motion Pursuant to Rules 12(b)(2) and 55(c) to Vacate the Default and to Dismiss this Action has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 21st day of September, 2010.

/s/ Thomas P. Owen, Jr.