UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * | MDL No. 2047 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Mitchell, et al. v. Taishan Gypsum Co., Ltd., et al., Case No. 09-4115*

PEOPLE'S REPUBLIC OF CHINA

CITY OF TAI'AN

## DECLARATION OF JIA TONGCHUN

This is a declaration being made in accordance with and pursuant to 28 U.S.C. § 1746.

I, JIA TONGCHUN, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am over eighteen (18) years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts. My native language is Chinese. I do not understand, speak, read, or write English. I signed a Chinese version of this Declaration as well as the English version of this Declaration after it was translated for me by a translator with the law firm of Hogan Lovells International LLP.

1

2. I am Chairman of the Board and General Manager of Taishan Gypsum Co., Ltd. ("Taishan"). I joined Taishan on February 2, 1999 as the leader of the factory and subsequently became Chairman of the Board and General Manager in 2002.

3. When I joined the company, it was called Shandong Taihe Taishan Plasterboard Main Factory (Group). In 2002, the company changed its name to Shandong Taihe Dongxin Co., Ltd. ("Taihe"), when it became a company limited by shares under Chinese law. In 2007, Taihe became Taishan.

4. Taishan is a Chinese corporation with its principal place of business in Tai'an City, Shandong Province, the People's Republic of China ("China").

5. Taishan has approximately 1,600 employees, all of whom are located in China.

6. In 1992, Taishan started manufacturing paper-coated drywall ("drywall").

7. Taishan manufactures drywall exclusively in China.

8. Taishan is one of the largest drywall manufacturers in China. Taishan has won numerous awards and accolades for its outstanding quality of operations, company management, resource management and compliance with environmental standards. Taishan has been certified as a "China Top Brand" reflecting official recognition by the national General Administration of Quality Supervision Inspection and Quarantine ("GAQSIQ") of its high quality and superior reputation. Additionally, Taishan has also received other quality and environmental protection certifications, including, for example, the International Organization for Standardization ("ISO") 9001 standard (for quality management), the ISO 14001 standard (for environmental protection) and certification to use the "China Environmental Labeling" mark.

9. Taishan sells drywall exclusively in China.

2

10. Taishan never has manufactured products in Florida.

11. Taishan never has sold drywall in Florida.

12. Taishan never has marketed its drywall in Florida.

13. Taishan never has distributed its drywall in Florida.

14. Taishan never has advertised in Florida.

15. Taishan never has performed services in Florida.

16. Taishan does not have offices and does not own or lease real or personal property in Florida.

17. Taishan does not maintain any bank accounts in Florida.

18. Taishan never has appointed an agent to accept service of process in Florida.

19. Taishan never has paid taxes or incurred tax liability in Florida.

20. Taishan is not registered to do business in Florida.

21. Taishan never has been incorporated in Florida.

22. Taishan never has maintained any corporate books or records in Florida.

23. Taishan does not have a mailing address or telephone number in Florida.

24. Taishan has no officers, directors, employees, or agents in Florida. None of Taishan's officers, directors, employees, or agents maintain a residence or place of business in Florida.

25. No officers, directors, employees, or agents of Taishan have visited Florida for business purposes.

26. In 2006, Taishan's subsidiary, Tai'an Taishan Plasterboard Co., Ltd. ("TTP"), was formed. TTP also manufactures and sells drywall exclusively in China.

27. In light of Taishan's lack of contacts with Florida and for other reasons discussed below, on behalf of Taishan, I respectfully request that Taishan be excused for failure to appear in this case.

28. Taishan did not intend to offend the court or to challenge its powers. Based upon our lack of contacts with Florida and for other reasons discussed below, we sincerely did not believe that it was necessary for Taishan to appear.

29. Taishan never has been involved in litigation of this nature in the United States or anywhere else in the world. Taishan has had no experience with, and did not understand, the litigation process in Florida or in the United States.

30. No employee at Taishan has sufficient mastery of the English language to read and understand legal documents written in English. As a result, no legal document sent to Taishan only in English underwent meaningful review. Taishan thus did not understand the consequences of not responding to the Complaint.

31. No employee at Taishan has any understanding whatsoever of the United States' judicial process to understand the nature or consequence of the claims asserted in the litigation in the United States. This is true even if the relevant documents are translated into Chinese.

32. Taishan received only one document related to this litigation from the Chinese court and that was the Complaint. The Chinese court did not provide Taishan with any other documents. And Taishan still has not received any other documents relating to this lawsuit in Chinese.

33. When Taishan received the Complaint, we could not understand how this litigation could possibly involve Taishan directly. Taishan sells drywall exclusively in China. Taishan

4

has not sold any drywall in the United States. Taishan had no reason to believe that its drywall had quality problems.

34. Now that Taishan is aware that preliminary default has been entered, however, it is forced to defend itself and its reputation. It retained counsel in the United States and concluded it was necessary to appear and participate in this action. Taishan is determined to appear in this case in order to challenge the jurisdiction of the Court and otherwise defend itself as necessary.

35. Among our highest priorities is to erase the preliminary default entered against us in this case. We respectfully ask the Court to do that and to give us a chance to defend the claims made against us.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 16, 2010.

Jia Tongchun

5

美国地区法院
路易斯安那州东部区

关于：中国生产的石膏板产品责任诉讼  *  跨地区诉讼第 2047 号
                                  *
                                  *  L 部门
                                  *
                                  *  Eldon E. Fallon 法官
                                  *
                                  *  Joseph C. Wilkinson, Jr. 司法官
                                  *

* * * * * * * * * * * * * * * * * * * * * * * * * *

关于：*Mitchell* 等诉泰山石膏股份有限公司等一案，案件编号为 09-4115 号

中华人民共和国

泰安市

<u>贾同春的声明</u>

本声明系根据并依照《美国法典》第 28 卷第 1746 条发表。

本人贾同春，根据美利坚合众国法律项下的伪证处罚规定声明，以下陈述真实、准确：

1. 本人年龄超过十八（18）岁，有资格对本宣誓书所述事宜作证，并且本人知悉该等事实。本人的母语是中文。本人不会听、说、读、写英文。本人签署了本声明的中文文本，也签署了一份由霍金路伟国际律师事务所为我翻译的本声明的英文翻译件。

2. 本人系泰山石膏股份有限公司（"泰山"）的董事长和总经理。本人于1999年2月2日加入泰山，担任厂长职务，后于2002年起担任董事长和总经理职务。

3. 本人加入公司时，公司名称为山东泰和泰山纸面石膏板总厂（集团）。2002年，根据中国法律，公司成为一家股份有限公司，并更名为山东泰和东新股份有限公司（"泰和"）。2007年，泰和更名为泰山。

4. 泰山为一家中国公司，其主要营业地为中华人民共和国（"中国"）山东省泰安市。

5. 泰山约有1,600名员工，全部在中国境内工作。

6. 泰山自1992年起开始生产纸面石膏板（"石膏板"）。

7. 泰山只在中国境内生产石膏板。

8. 泰山是中国最大的石膏板生产商之一。泰山曾因其出色的经营、公司管理、资源管理及符合环保标准，荣获了很多奖项和赞誉。泰山还被中华人民共和国国家质量监督检验检疫总局（"GAQSIQ"）评为"中国名牌"，认可了泰山优异的质量和极高的声誉。另外，泰山还获得了其他质量和环保证书，其中包括国际标准化组织（"ISO"）9001标准（质量管理）认证，ISO14001标准（环境保护）认证，和"中国环境标志"产品认证。

9. 泰山只在中国境内出售石膏板。

10. 泰山从未在佛罗里达州生产过任何产品。

11. 泰山从未在佛罗里达州出售过石膏板。

12. 泰山从未在佛罗里达州营销过其石膏板。

13. 泰山从未在佛罗里达州分销过其石膏板。

14. 泰山从未在佛罗里达州作过广告宣传。

15. 泰山从未在佛罗里达州提供过任何服务。

16. 泰山在佛罗里达州没有办事处，没有任何动产或不动产，也没有租借过任何动产或不动产。

17. 泰山未在佛罗里达州开立任何银行账户。

18. 泰山从未在佛罗里达州委托过任何代理人接受诉讼书状送达。

19. 泰山从未在佛罗里达州纳税或产生任何纳税义务。

20. 泰山并未在佛罗里达州注册从事业务。

21. 泰山从未在佛罗里达州组建过任何实体。

22. 泰山从未在佛罗里达州有过任何公司簿册或记录。

23. 泰山在佛罗里达州没有邮寄地址或电话号码。

24. 泰山在佛罗里达州没有高级职员、董事、员工或代理人。泰山的高级职员、董事、员工或代理人在佛罗里达州均无住所或营业地。

25. 泰山的高级职员、董事、员工或代理人均未以商务目的到访过佛罗里达州。

26. 2006年，泰山的子公司，泰安市泰山纸面石膏板有限公司（"TTP"）成立。TTP也是只在中国境内生产和出售石膏板。

27. 鉴于泰山与佛罗里达州没有联系，以及以下提及的其他原因，本人代表泰山恳请贵法院谅解泰山未在本案审判中应诉。

28. 泰山并非有意冒犯法庭或挑战其权威。鉴于泰山与佛罗里达州没有接触，以及以下提及的其他原因，泰山当时真的认为没有必要应诉。

29. 泰山从未在美国或世界上其他国家牵涉入该种性质的诉讼。对于佛罗里达州或美国的诉讼程序，泰山没有任何经验和知识可言。

30. 泰山员工所掌握的英语程度也无法达到能够阅读并理解以英文书写的法律文书的水平。因此，发往泰山的仅以英文书写的法律文书均未经泰山仔细探究，故而泰山并不理解不对起诉书做出回应的后果。

31. 泰山员工对美国司法程序一无所知，也无法理解美国诉讼中所提出的权利主张的性质或后果。即使相关文件翻译成中文，这一问题依然存在。

32. 泰山仅从中国法院收到本案相关的一份文件，即起诉书。中国法院并未向泰山提供任何其他文件，并且泰山到目前为止尚未收到与本案相关的任何其他中文文件。

33. 在收到本案的起诉书时，泰山并不理解本案怎么会有可能直接牵涉到泰山，因为泰山仅在中国销售石膏板，从未在美国销售过任何石膏板。并且泰山没有理由认为泰山的石膏板有任何质量问题。

34. 泰山现在意识到法院已做出缺席审判，为了公司的声誉，泰山不得不进行抗辩。泰山在美国聘请了律师，并认定有必要应诉并参加本案诉讼。泰山下定决心在本案中应诉，从而对贵法院的司法管辖权提出异议以及在其他方面为其进行必要的辩护。

35. 泰山的当务之急是寻求撤销本案的缺席审判。泰山恳请贵法院撤销缺席审判，让泰山有机会就针对其提出的诉求进行抗辩。

本人根据美利坚合众国法律项下的伪证处罚规定声明，上述内容真实、准确。

签署于2010年9月16日

贾同春

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * | MDL No. 2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Mitchell, et al. v. Taishan Gypsum Co., Ltd., et al., Case No. 09-4115*

PEOPLE'S REPUBLIC OF CHINA

CITY OF TAI'AN

### DECLARATION OF YUEN HIU SUM

This is a declaration being made in accordance with and pursuant to 28 U.S.C. § 1746.

I, Yuen Hiu Sum, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am over eighteen (18) years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts.

2. I am a senior translator with the law firm of Hogan Lovells International LLP, and work in the firm's office in Shanghai, China.

3. I am fluent in the languages of Chinese and English.

4. Based upon my ability to speak, read, and write Chinese and English fluently, I have been responsible for translating various communications and documents relating to the above-captioned lawsuit.

5. Among the documents I have translated is the Declaration of Jia Tongchun, Chairman of the Board and General Manager of Taishan Gypsum Co., Ltd., which is being filed in support of Taishan Gypsum Co. Ltd.'s Motion to Dismiss the Complaint.

6. I hereby certify that I translated the Declaration between the English and Chinese languages. I further certify that the English version of the Declaration is a true and accurate translation of the Chinese version of the Declaration. I also certify that the English version of the Declaration and the Chinese version of the Declaration, both of which Jia Tongchun signed, are accurate translations of one another.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 16, 2010.

_____
Yuen Hiu Sum

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * | MDL No. 2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *The Mitchell Co., Inc. v. Knauf Gips KG et al.*, Case No. 09-4115

## NOTICE OF HEARING

Please take notice that the undersigned will move the Court before the Honorable Judge Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, Room C456, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana, 70130, on October 14, 2010, at 9:00 o'clock a.m., or as soon thereafter as counsel can be heard, for an order granting Defendant Taishan Gypsum Co., Ltd.'s Motion Pursuant to Rules 55(c) and 12(b)(2) to Vacate the Entry of Default and to Dismiss This Action.

Date: September 21, 2010

        Respectfully submitted,

        /s/ Thomas P. Owen, Jr.
        Joe Cyr
        Frank T. Spano
        Eric Statman
        Matthew J. Galvin
        HOGAN LOVELLS US LLP
        875 Third Avenue
        New York, New York 10022
        Email: Joe.cyr@hoganlovells.com
        Frank.spano@hoganlovells.com
        Eric.statman@hoganlovells.com
        matthew.galvin@hoganlovells.com
        Telephone: 212-918-3000
        Facsimile: 212-918-3100

        Richard C. Stanley (La. Bar No. 8487)
        Thomas P. Owen, Jr. (La. Bar No. 28181)
        STANLEY, REUTER, ROSS, THORNTON
        & ALFORD, LLC
        909 Poydras Street, Suite 2500
        New Orleans, Louisiana 70112
        Telephone: 504-523-1580
        Facsimile: 504-524-0069
        E-mail: rcs@stanleyreuter.com
        tpo@stanleyreuter.com

        **Attorneys for Taishan Gypsum Co. Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Hearing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 21st day of September, 2010.

/s/ Thomas P. Owen, Jr.