UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047 SECTION: L |
| This Document relates to: *Pate v. American International Specialty Lines Insurance Company, et al* (09-7791) | ) ) ) ) ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |

**NGM INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**I.    INTRODUCTION**

The plaintiffs bear the burden of establishing the Court's personal jurisdiction over the defendant when personal jurisdiction is challenged. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir.1994). Where the court makes a ruling as to personal jurisdiction without an evidentiary hearing, the plaintiff must make a prima facie showing of jurisdiction over a non-resident. *Id.* In this case, the plaintiffs have failed to meet their burden and are unable to do so. The evidence demonstrates that NGM Insurance Company and its related entities (hereinafter collectively "NGM") have no purposeful contacts or connections with Louisiana and have no business presence in Louisiana. Accordingly, the Court may not exercise personal jurisdiction over NGM and the case should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2).

"A district court sitting in diversity may exercise personal jurisdiction over a defendant to the extent permitted by state law." *Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colorado*, 615 F.3d 364, 367 (5th Cir. 2010) citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir.2008). "The Louisiana long-arm statute authorizes

the exercise of personal jurisdiction to the limits of due process." *Choice Healthcare, Inc.*, 615 F.3d at 367. "The exercise of personal jurisdiction comports with due process where: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id., citing Mink v. AAAA Dev. L.L.C.,* 190 F.3d 333, 336 (5th Cir.1999). "There are two types of 'minimum contacts:' those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir.2008) *quoting Lewis v. Fresne,* 252 F.3d 352, 358 (5th Cir.2001). There is no basis to contend that NGM is subject to specific personal jurisdiction as the Amended Complaint alleges that all of the purportedly damaged homes are located in Florida. Accordingly, the plaintiffs would need to show that NGM's contacts are enough to confer general jurisdiction, which exists only when a non-resident defendant's contacts with the forum state are substantial, continuous and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-19 (1984). "The 'continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'" *Johnston,* 523 F.3d at 609 *quoting Submersible Sys., Inc. v. Perforadora Cent., S.A.,* 249 F.3d 413, 419 (5th Cir.2001). "'Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction . . . .'" *Johnston,* 523 F.3d at 610 *quoting Revell v. Lidov,* 317 F.3d 467, 471 (5th Cir.2002). "'Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction.'" *Johnston,* 523 F.3d at 610 *quoting Moncrief Oil Int'l Inc. v. OAO Gazprom,* 481 F.3d 309, 312 (5th Cir.2007).

## II.     THERE IS NO GENERAL JURISDICTION OVER NGM

"To confer general jurisdiction, a defendant must have a business presence *in* the forum state." *Jackson v. Tanfoglio Giuseppe, S.R,L.,* 615 F.3d 579, 584 (5th Cir.2010) *citing Access Telecom, Inc. v. MCI Telecomm. Corp.,* 197 F.3d 694, 717 (5th Cir.1999). "It is not enough that a corporation do business *with* [the forum state]." *Johnston,* 523 F.3d at 611 *citing Access Telecom, Inc.,* 197 F.3d at 717. The plaintiffs have failed to prove that NGM has any business presence in Louisiana. Accordingly, there is no general jurisdiction over NGM.

The evidence the plaintiffs point to in no way rises to the level of a prima facie showing of jurisdiction. For example, the fact that NGM paid 54 unique claims totaling approximately $2,000,000 to residents and entities located in Louisiana over the last five years is of no consequence. The Fifth Circuit recently held that the payment of approximately fifty claims over a three year period by a non-resident health insurer to a medical facility in Louisiana was insufficient to establish continuous and systematic contact with the forum state as required for general jurisdiction. *Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colorado,* 615 F.3d 364 (5th Cir. 2010). In reaching this conclusion, the Court noted that the unilateral decisions of the insureds to seek treatment in Louisiana did not establish purposeful contact between the defendant health insurer and the State of Louisiana. *Id.* at 369-370. The Court further stated that the payment for treatment of its insureds who visited Louisiana and fortuitously required treatment "cannot qualify as commercial activity purposefully directed toward Louisiana." *Id.* at 370. The court also noted that the insurer made payments because its insureds "independently and without encouragement from [the defendant insurer]" presented for treatment. Similarly, the fact that NGM made certain payments because its insureds fortuitously

were involved in an accident in Louisiana or because a Louisiana resident fortuitously was involved in an accident out-of-state with an insured of NGM's does not establish purposeful contact between NGM and the State of Louisiana.

In addition, personal jurisdiction is not conferred upon NGM simply because it hires vendors located in Louisiana on occasion. Plaintiffs make the general assertion that NGM works with independent adjusters in Louisiana and point to one instance where its subsidiary hired an attorney in Louisiana. "But vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 611 *citing Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir.1999). Moreover, intermittent payments to Louisiana do not establish the continuous and systematic contact with Louisiana required to confer general jurisdiction over NGM. *See Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colorado*, 615 F.3d 364, 367 (5th Cir. 2010); *American Bank, F.S.B. v. Auto-Owners Mutual Fire & Casualty Insurance,* 2010 WL 3784282 (N.D.Tex., Sept. 27, 2010) (holding that the payment of an alleged $25 million by non-resident defendant to vendors in forum state did not establish general jurisdiction). Furthermore, general jurisdiction is not conferred over NGM by virtue of its purchasing services from Louisiana entities. *See Johnston,* 523 F.3d at 612 (holding that purchase of over $5.2 million worth of goods from vendors in forum state over five year period insufficient to establish general jurisdiction); *Helicopteros,* 466 U.S. at 417 (stating that "[p]urchases and related trips, standing alone, are not the type of contacts that will establish general jurisdiction."); *see also Access Telecom, Inc.,* 197 F.3d at 717 n.6. Even in the instance of sales in significant amounts, the Fifth Circuit has declined to find that general jurisdiction is established. *See Bearry v. Beech Aircraft Corp.,* 818 F.2d 370, 373-76 (5th Cir.1987) (holding that sale of more than $250 million of

4

products to forum state over five years did not establish general jurisdiction in forum state as delivery accepted in another state); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir.2008) (finding that sale of approximately $140,000 of goods and travel to forum state by employees insufficient to establish general jurisdiction); *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir.2003) (holding that general jurisdiction had not been established even though defendant had routinely arranged and received shipments to and from the forum state and regularly sent sales people to the forum state to develop business, negotiate contracts and service national accounts). Here, there is no evidence of any sales and only vague references to the purchasing of an unidentified amount of services by NGM from vendors located in Louisiana. This is insufficient to establish general jurisdiction.

In contrast, by way of interrogatory answers, deposition testimony, affidavit and the extensive disclosure of financial and proprietary information, NGM has demonstrated that neither it nor its subsidiaries have any purposeful contacts with Louisiana. NGM has shown, and the plaintiffs do not contest, that it is not licensed to sell insurance in Louisiana and does not conduct its business from within Louisiana. *See* Plaintiffs' Exhibit S, Brennan Tr., at p.67; Plaintiffs' Exhibit R, NGM's Supplemental Answers to Interrogatories. NGM has further shown that it owns no property in Louisiana, maintains no records in Louisiana and has paid no taxes in Louisiana. *See* Plaintiffs' Exhibit S, Brennan Tr., at pp. 36, 54; Plaintiffs' Exhibit R, NGM's Supplemental Answers to Interrogatories, # 8. The plaintiffs have presented no evidence to the contrary. NGM has no business presence in Louisiana and has engaged in no purposeful contacts with Louisiana. There is no general jurisdiction over NGM.

The plaintiffs' reliance upon the Answer to the First Supplemental and Amended Complaint as well as the Answer to the Crossclaim and Amended Crossclaim (hereinafter "Answers") filed

on behalf of Old Dominion in the case of *Luke v. Wilbank, et al.*, No. 09-7309 (E.D. La.) is also unavailing. That case arose out of a motor vehicle accident that occurred in Louisiana and involved plaintiff, Rachel A. Luke ("Luke") and defendant, Jessica Wilbanks ("Wilbanks"), who was a resident of South Carolina. *See* Affidavit of J. Warren Gardner, attached and marked Exhibit A. There, the plaintiff was alleging that she sustained personal injuries and property damage as a result of the subject motor vehicle accident. Luke asserted a claim sounding in negligence against Wilbanks and brought a claim against Old Dominion as Wilbanks' insurer. Luke also brought a claim against her own personal auto insurer, State Farm Mutual Automobile Insurance Company. *See* Exhibit A. Personal jurisdiction was not an issue in the case as it arose out of a car accident that occurred in Louisiana. Pursuant to La.Rev.Stat. Ann. §13:3474, both a non-resident driver and non-resident insurer are deemed to have appointed the Secretary of State of Louisiana as their true and lawful attorney for service of process, thus affording the Court with jurisdiction. *See* La.Rev.Stat. Ann. §13:3474; *see also* Exhibit A. In addition, as the accident occurred in Louisiana, the Direct Action Statute, La.Rev.Stat. Ann. §22:1269 permits the plaintiff to bring suit against Old Dominion, as the insurer of Wilbanks. *See* La.Rev.Stat. Ann. §22:1269; *see also* Exhibit A. Due to a misunderstanding, the Answers inadvertently admitted that Old Dominion was authorized to do business in Louisiana and was doing business in Louisiana. *See* Exhibit A. As NGM has demonstrated, neither it nor any of its related entities, including Old Dominion, is licensed to do business in Louisiana or conducts business from within Louisiana. *See* Plaintiffs' Exhibit S, Brennan Tr., at p.67; Plaintiffs' Exhibit R, NGM's Supplemental Answers to Interrogatories. Further, in the Fed.R.Civ.P. 30(b)(6) deposition of NGM, its corporate representative, Brian J. Brennan, states that the Answers in the *Luke* case are incorrect when they say that Old Dominion is a foreign insurer authorized to do

and doing business in the state of Louisiana. *See* Plaintiffs' Exhibit S, Brennan Tr., at p. 82:16-20. No steps have been taken to amend the Answers in *Luke* as the case has been settled. *See* Exhibit A. In addition, that NGM's subsidiary "has engaged in other litigation is not indicative of minimum contacts as to this case." *American Bank, F.S.B. v. Auto-Owners Mutual Fire & Casualty Insurance,* 2010 WL 3784282 (N.D.Tex., Sept. 27, 2010) citing *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1363 n. 4 (5th Cir.1990). Accordingly, the pleadings from the *Luke* case are irrelevant and should not be considered by the Court.

As demonstrated above, the plaintiffs have failed to make a prima facie showing of general jurisdiction. There is no evidence that NGM has taken any affirmative steps to interject itself into Louisiana. Contact with Louisiana by NGM's insureds does not constitute contact between NGM and Louisiana. "Only the defendant's contacts with the forum state are relevant, not the unilateral activities of another party or a third-person." *Sinclair v. Studiocanal, S.A.*, 709 F.Supp.2d 496, 508-09 (E.D. 2010) *quoting Sunshine Kids Foundation v. Sunshine Kids Juvenile Prod., Inc,* No. 09-2496, 2009 WL 5170215 (S.D.Tex. Dec. 18, 2009). The evidence establishes that NGM has no business presence in Louisiana and accordingly, there is no general jurisdiction over NGM. As the plaintiffs have failed to show that the required minimum contacts exist, it is unnecessary to consider the second prong of the test for personal jurisdiction: that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice. *See American Bank, F.S.B. v. Auto-Owners Mutual Fire & Casualty Insurance,* 2010 WL 3784282 (N.D.Tex., Sept. 27, 2010). Due process does not allow the exercise of personal jurisdiction over NGM where it does not have minimum contacts with Louisiana. Accordingly, the case should be dismissed pursuant to Fed.R.Civ.P. 12 (b)(2).

III.  **NGM WAS NOT PROPERLY SERVED WITH PROCESS**

NGM has no business presence in Louisiana and does not transact business in Louisiana. As NGM does not have minimum contacts with Louisiana, service cannot be effectuated under the long arm statute. Accordingly, NGM was not properly served with process and the Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(4) and (5).

Respectfully submitted,

*/s/ Sarah B. Christie*
**David F. Hassett, Esquire (MA No. 544443)**
dhassett@hassettanddonnelly.com
**Sarah B. Christie, Esquire (MA No. 566833)**
schristie@hassettanddonnelly.com
**HASSETT & DONNELLY, P.C.**
446 Main Street, 12th Floor
Worcester, MA 01608
(508) 791-6287 (Phone)
(508) 791-2652 (Fax)

**ATTORNEYS FOR DEFENDANT,
NGM INSURANCE COMPANY**

Dated: October 29, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **NGM INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of October, 2010.

/s/ Sarah B. Christie
Sarah B. Christie, Esquire