# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | ) <br> ) <br> ) <br> ) | MDL NO. 2047 <br><br> SECTION: L |
| This Document relates to:<br>*Pate v. American International Specialty Lines*<br>*Insurance Company, et al* **(09-7791)** | ) <br> ) <br> ) <br> ) <br> ) <br> ) | JUDGE FALLON <br> MAG. JUDGE WILKINSON |

**AFFIDAVIT OF J. WARREN GARDNER, JR.**

I, J. Warren Gardner, Jr., under oath do depose and state:

1. I am a partner at the law firm of Christovich & Kearney, LLP and a member in good standing of the bar of this Court and the State of Louisiana.

2. I represented Jessica Wilbanks and Old Dominion Insurance Company ("Old Dominion") in the matter of *Rachel A. Luke v. Jessica Wilbank, The Main Street America Group a/k/a NGM Insurance Company and State Farm Mutual Automobile Insurance Company*, No. 2:09-cv-07309 (E.D.La.).

3. The case arose out of a motor vehicle accident that occurred in Louisiana and involved plaintiff, Rachel A. Luke ("Luke") and defendant, Jessica Wilbanks ("Wilbanks"). At the time of the accident and at the time of the suit, Wilbanks was a resident of South Carolina. At the time of the accident, Wilbanks had a personal auto policy issued by Old Dominion in South Carolina.

4. While The Main Street America Group a/k/a NGM Insurance Company was originally named as a defendant, the case against it was later voluntarily dismissed when it was determined that Wilbanks was insured by Old Dominion. Old Dominion was added as a defendant by way of the First Supplemental and Amended Complaint.

5.  In this case, the plaintiff was alleging that she sustained personal injuries and property damage as a result of the subject motor vehicle accident. Luke asserted a claim sounding in negligence against Wilbanks and brought a claim against Old Dominion as Wilbanks' insurer. Luke also brought a claim against her own personal auto insurer, State Farm Mutual Automobile Insurance Company.

6.  Personal jurisdiction was not an issue in this case as it arose out of a car accident that occurred in Louisiana. Pursuant to La.Rev.Stat. Ann. §13:3474, both a non-resident driver and non-resident insurer are deemed to have appointed the Secretary of State of Louisiana as their true and lawful attorney for service of process, thus affording the Court with jurisdiction. The Main Street America Group a/k/a NGM Insurance was originally served through the Louisiana Secretary of State. At the request of plaintiff's counsel, Old Dominion authorized me to accept service of process following the filing of the First Supplemental and Amended Complaint. In addition, as the accident occurred in Louisiana, the Direct Action Statute, La.Rev.Stat. Ann. §22:1269 permits the plaintiff to bring suit against Old Dominion, as the insurer of Wilbanks.

7.  When answering the First Supplemental and Amended Complaint as well as the Crossclaim and Amended Crossclaim, I was operating under the misunderstanding that Old Dominion was licensed to and doing business in Louisiana and inadvertently admitted same. I have since learned that Old Dominion is not licensed in Louisiana and does not do business in Louisiana. I have not taken steps to amend the pleadings as the case has been settled.

SIGNED UNDER THE PAINS AND PENALITES OF PERJURY THIS 29 DAY OF OCTOBER, 2010.

_____
J. Warren Gardner

STATE OF LOUISIANA
PARISH OF _Orleans_

On the 29th day of _October_, 2010, before me personally appeared J. Warren Gardner, to me known to be the person named herein, who executed the foregoing Affidavit and acknowledged to me that he has read the foregoing Affidavit and understands the contents thereof and that he executed the same as his free and true act and deed.

_____
Notary Public
My Commission Expires: _At death_

Scott R. Samuel
Notary Public
State of Louisiana
Louisiana Bar Roll # 31953
Notary # 87819
Commissioned for Life