# COMPOSITE

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-80457-CIV-SEITZ/O'SULLIVAN

MID-CONTINENT CASUALTY CO.,
         Plaintiff,

v.

PRECISION DRYWALL,, INC., *et al.*,
         Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY

THIS MATTER is before the Court on the Motion to Dismiss Complaint, or in the Alternative,

Motion to Stay re Complaint, and Incorporated Memorandum of Law filed by Northstar Holdings At B

& A, LLC, Northstar Holdings, Inc., Northstar Homes, Inc. ("Northstar Defendants") [DE 13]. The

Northstar Defendants seek to dismiss this action, or in the alternative to stay the proceedings pending

resolution of proceedings in another action already pending in another venue, pursuant to Federal Rule

of Civil Procedure 12(b)(3) based upon the first-to-file rule. Upon consideration, the Court finds that

the first-to-file rule does not apply here because the actions involve different parties and issues.

Therefore, it is hereby

ORDERED that Motion to Dismiss Complaint, or in the Alternative, Motion to Stay re

Complaint, and Incorporated Memorandum of Law filed by Northstar Holdings At B & A, LLC,

Northstar Holdings, Inc., Northstar Homes, Inc. [DE 13] is DENIED.

DONE AND ORDERED in Miami, Florida, this 22nd day of June, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

MID-CONTINENT CASUALTY CO.,

        Plaintiff,

vs.

ACTIVE DRYWALL SOUTH, INC., a Florida
corporation, LENNAR HOMES, LLC f/k/a
LENNAR HOMES, INC., a Florida limited
liability company, and U.S. HOME
CORPORATION, a Delaware corporation,

        Defendants;

MID-CONTINENT CASUALTY CO., a foreign
corporation,

        Plaintiff,

vs.

PRECISION DRYWALL, INC., a Florida
Corporation, NORTHSTAR HOLDINGS, INC.,
a Florida Corporation, NORTHSTAR HOMES,
INC., a Florida Corporation, and NORTHSTAR
HOLDINGS AT B&A, LLC, a Florida
Corporation,

        Defendants;

MID-CONTINENT CASUALTY CO., a foreign
corporation,

        Plaintiff,

vs.

CLOUTIER BROTHERS, INC., a Florida
Corporation, and ALGANON BROWN and
REGINA BROWN, citizens of Florida,

        Defendants;           /

CASE NO. 10-20859-CIV-PAS

**CONSOLIDATED WITH:**

CASE NO: 10:20861-CIV-PAS
CASE NO: 10:20862-CIV-PAS
CASE NO: 10:80457-CIV-PAS
CASE NO: 10:80459-CIV-PAS

14480932v1 907136 56475

MID-CONTINENT CASUALTY CO., a foreign
corporation,

        Plaintiff,

vs.

JDM BUILDERS, INC., a Florida corporation,
and LENNAR HOMES, LLC f/k/a LENNAR
HOMES, INC., a Florida limited liability
company, and U.S. HOME CORPORATION, a
Delaware corporation,

        Defendants;

MID-CONTINENT CASUALTY CO., a foreign
corporation,

        Plaintiff,

vs.

DESIGN DRYWALL OF SOUTH FLORIDA,
LLC., a Florida corporation, and LENNAR
HOMES, LLC f/k/a LENNAR HOMES, INC., a
Florida limited liability company, and U.S.
HOME CORPORATION, a Delaware
corporation,

        Defendants.

## JOINT SCHEDULING REPORT

Mid-Continent Casualty Company ("MCC"), Active Drywall South, Inc. ("Active"),

Lennar Homes, LLC f/k/a Lennar Homes, Inc., Lennar Corporation and U.S. Home

Corporation (collectively "Lennar"), Northstar Holdings, Inc., Northstar Homes, Inc., and

Northstar Holdings at B&A, LLC (collectively "Northstar"),[1] Cloutier Brothers, Inc., ("Cloutier Brothers"), and Alganon and Regina Brown (collectively "Brown"), pursuant to S.D. Fla. L.R. 16.1 and this Court's instructions on June 17, 2010, submit the following report[2]:

  *a. A short, plain statement of the nature of the claim, any counterclaims, cross-claims or third-party claims with a good faith estimate of the specific dollar valuation of damages claimed and any other relief sought.*

These declaratory relief actions were commenced by MCC against Active, Lennar, Northstar, JDM, Design, Cloutier Brothers, Precision, and Brown for the purpose of determining whether MCC has a duty to indemnify its respective insureds. Lennar filed a counterclaim against MCC. Lennar and Northstar assert they are additional insureds under the policies. Lennar and Northstar claim that MCC has a duty to defend and indemnify them against homeowners they sold homes to for damages arising out of Chinese drywall. MCC disagrees. It is unknown at this time the dollar valuation of the damages.

  *b. A brief summary of the facts that are uncontested or which can be stipulated to without discovery.*

The parties submit that at this early stage it is difficult to submit facts that may be uncontested at this time.

  *c. A list of the legal elements of each claim and defense asserted. Consult the Eleventh Circuit or applicable state standard jury instructions for such. This list will be used to help resolve relevance issues in discovery.*

The legal elements of each claim and defense are set forth in the pleadings.

  *d. Whether discovery should be conducted in phases or limited to certain issues.*

These cases have been consolidated for the purpose of discovery. [*See* D.E. 31]. The parties believe that discovery should be conducted in accordance with the rules set forth by the S.D. Local Rules and Federal Rules of Civil Procedure.

  *e. A detailed schedule of discovery for each party.*

---

[1] Precision Drywall, Inc. ("Precision") has not made an appearance and MCC is in the process of filing a notice of default with the Court. MCC has also filed a notice of default against Design Drywall of South Florida, LLC ("Design"). [*See* D.E. 27]

[2] These cases were consolidated for discovery purposes only on June 17, 2010.

See attached as Attachment "A."

      *f.    Proposed dates and/or deadlines for: Trial; to join other parties; to amend pleadings; to file motions (i.e., Class Certification, Summary Judgment, <u>Daubert</u>, <u>Markman</u>); to complete fact and expert discovery; to exchange Fed. R. Civ. P. 26(a)(3) disclosures; to complete mediation; and to hold any status, specialized hearings (i.e., <u>Markman</u>), and pretrial conferences.  **All Fed. R. Civ. P. 26(a)(3)(A) disclosures must be made at least forty (40) days before the agreed fact discovery cutoff.**  Fifteen (15) weeks must be scheduled between the Summary Judgment Motion deadline and the pretrial conference to complete briefing and ruling prior to the pretrial stipulation deadline.  Pretrial Conferences are set a month before trial.  **Attachment A to this order is a case management deadline worksheet for the parties' convenience.***

See Attachment "A."

      *g.    Estimated length of trial and whether it is jury or non-jury.*

5-10 days.
Jury trial.

      *h.    A list of all pending motions, whether each is "ripe" for review, the date each became ripe and a summary of the parties' respective positions with respect to each ripe motion.*

At this time there is only one motion pending before this Court, which is MCC's motion to default Design Drywall. [*See* D.E. 27].

      *i.    Any unique legal or factual aspect of the case requiring the Court's special consideration.*

The Defendants advise that the relationship between so-called Chinese Drywall and damages alleged by homeowners to have occurred in residences in which Chinese Drywall was installed presents unique, first impression factual issues that involve ongoing and evolving scientific evaluation, analysis and determination.  MCC states there are no unique legal or factual aspects of the case based upon prior decisions of this Court and other Florida Courts.

      *j.    A statement as to the need (or agreement) to refer matters, including motions to dismiss, motions for summary judgment and discovery to the Magistrate Judge or special master.  As part of the Joint Scheduling Report, the parties shall jointly complete and file with the Court the **Magistrate Judge jurisdiction election form for motions appended to this Order as Attachment <u>B</u>.**  The Court will not accept unilateral submissions in this regard; thus, a "Yes" should be checked only if all parties agree.  If all parties consent to a full disposition of the case by the Magistrate Judge, including trial and entry of final judgment, **Attachment <u>C</u> is an election form which all parties must sign and file.***

4

See attached as Attachment "B."

*k.*      *The status and likelihood of settlement.*

It is unknown at this time.

*l.*      *Any other matters that Local Rule 16.1B requires, or that may aid in the fair, expeditious and efficient management and/or disposition of this action.*

a.      *the likelihood of appearance in the action of additional parties*: Whether additional parties will appear in this action is unknown at this time.

b.      *proposed limits on the time:*

   i.      *to join other parties and to amend the pleadings*: October 22, 2010.

   ii.      *file and hear motions*: August 29, 2011 to file dispositive motions and October 3, 2011 to hear motions. The parties stipulate that the complexity of the issues warrant the page limitation for a legal memorandum, as it applies to motions for summary judgment, exceed the twenty (20) page limit set forth in S.D. Fla.

   iii.      *to complete discovery*:  Fact discovery to be completed by May 3, 2011 and expert discovery to be completed by July 12, 2011.

c.      *proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment*: MCC submits that the matter may be resolved through the filing of motions for summary judgment. Defendants believe that there are numerous and genuine disputed issues of material fact that must be resolved by the trier of fact.

d.      *the necessity or desirability of amendments to the pleadings*:  The parties submit that no amendments to the pleadings are anticipated at this time. If necessary, the parties shall file an appropriate motion for leave requesting permission from the court.

e.      *the possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations, regarding authenticity of documents, electronically stored information or things, and the need for advance*

*rulings from the Court on admissibility of evidence*: MCC submits that issues of fact may be simplified through the use of requests for admissions and stipulations of fact, particularly for the purposes of authenticating documents. The need for advance rulings from the Court is unknown at this time. Defendants believe that there are factual issues for trial.

f.    *suggestions for the avoidance of unnecessary proof and of cumulative evidence: suggestions for the avoidance of unnecessary proof and of cumulative evidence*: The cases have been consolidated for discovery purposes only.

g.    *suggestions on the advisability of referring matters to a Magistrate Judge or master*: See Attachment "B."

h.    *a preliminary estimate of the time required for trial*: The anticipated length of time for trial should not exceed 5-10 days, jury trial.

i.    *requested date or dates for conferences before trial, a final pretrial conference, and trial*: The parties request that a final pre-trial conference in this matter be scheduled two weeks prior to the commencement of the trial period.[3]

j.    *any other information that might be helpful to the Court in setting the case for status or pretrial conference*: None at this time.

Respectfully submitted this June 25, 2010.

---

[3] These five cases have been consolidated for the purpose of discovery only. As best indicated below in Attachment "A," the parties will, at this time, need five separate trial dates. Thus, the parties will propose and will also need five separate final pretrial conferences. The parties may ultimately file an appropriate motion with the Court consolidating all, if not some, of the cases for trial, but this decision is unknown at this early stage.

s/ Pedro E. Hernandez
Ronald L. Kammer, Esq.
Florida Bar No. 360589
rkammer@hinshawlaw.com
Pedro E. Hernandez, Esq.
Florida Bar No. 30365
phernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard, Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Counsel for Mid-Continent Casualty Company*

s/ F. William Harvey
F. William Harvey, Esq.
Florida Bar # 342890
F. William Harvey, P.A.
5402 Red Cypress Lane
Tamarac, FL 33319
Telephone: (786) 201-5290
Fax: (954) 486-3206
fwhlaw@aol.com
*Counsel for Active Drywall South, Inc.*

s/ Cara C. Morris
John J. Hoffman, Esq.
Florida Bar No. 604755
jhoffman@hoffmanandmorris.com
Cara C. Morris, Esq.
Florida Bar No. 555991
cmorris@hoffmanandmorris.com
HOFFMAN & MORRIS, PL
2655 North Ocean Drive, Suite 300
Singer Island, Florida 33404
Telephone: 561-840-3406
Fax: 561-840-3407
*Counsel for Cloutier Brothers, Inc.*

s/ Charles A. Carlson
Thomas G. Long, Esq.
Florida Bar No. 367321
tlong@barnettbolt.com
Charles A. Carlson. Esq.
Florida Bar No. 716286
ccarlson@barnettbolt.com
Amy E. Stoll, Esq.
Florida Bar No. 150959
astoll@barnettbolt.com
BARNETT, BOLT, KIRKWOOD,
LONG & MCBRIDE
601 Bayshore Blvd., Suite 700
Tampa, Florida 33606
Telephone: 813-253-2020
Facsimile: 813-251-6711
*Counsel for Lennar Homes, LLC, f/k/a Lennar Homes, Inc., and U.S Home Corporation*

s/ Michael K. Wilson
Michael K. Wilson, Esq.
Florida Bar No. 657069
mkwilson@broadandcassel.com
L. Kent Koch, Esq.
Florida Bar No. 0710091
lkkoch@broadandcassel.com
BROAD & CASSEL
390 North Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
*Counsel for Northstar Holdings, Inc., Northstar Homes, Inc., and Northstar Holdings & B&A, LLC*

s/ Robert B. Brown
Robert B. Brown, III, Esq.
Florida Bar No. 621609
bbrown@baronbudd.com
ALTERS, BOLDT, BROWN, RASH,
CULMO
Miami Design District
4141 Northeast 2nd Avenue
Suite 201
Miami, Florida 33137
Telephone: 305-571-8550
Fax: 305-571-8558
*Counsel for the Browns*

## Case Management Deadline Worksheet

| | |
|---|---|
| October 22, 2010 | Joinder of parties and amendment of pleadings. |
| August 20, 2010 | Initial disclosures are due and Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |
| March 1, 2011 | Plaintiff must furnish expert witness list to the Defendants, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendants. |
| April 1, 2011 | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff. |
| July 12, 2011 | All discovery must be completed. All fact discovery must be completed by May 13, 2011. <br><br> All expert discovery must be completed by July 12, 2011. |
| August 29, 2011 | All dispositive pretrial motions and memoranda of law must be filed. A **minimum of fifteen (15) weeks** is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. **If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.** |
| September 6-10, 2011[4] | Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.) |
| September 19, 2011 | (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1.E. The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. **The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation.** The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; **and** <br><br> (b) Joint proposed jury instructions (for jury cases) or conclusions of law (non-jury cases) outlining (1) the legal elements of Plaintiff's claims, including damages, and (2) the legal elements of the defenses raised; **and** <br><br> (c) Joint Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation. |
| September 19, 2011 | Final proposed jury instructions or findings of fact and conclusions of law must be submitted. (*A courtesy copy shall be handdelivered to Chambers on 3.5 diskette, WordPerfect format*), each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination. |
| October 3, 2011[5] | Pretrial conference. Usually 50 minutes are allotted for pretrial conference unless the parties or the Court, *sua* |

---

[4] The parties agree that it would be beneficial to hold mediation on multiple consecutive days in all five cases, (i.e., 9/6/11-- mediation date for the MCC v. JDM and Lennar case; 9/7/11-- MCC v. Active and Lennar; and so forth.). This will be particularly beneficial for traveling clients.

*sponte*, indicate a greater time is needed.

| | |
|---|---|
| November 1, 2011 | Trial Dates. |
| January 17, 2012 | |
| February 20, 2012 | |
| March 19, 2012 | |
| April 23, 2012 | |
| N/A | Date of any other deadline the parties adopt as part of their case management plan, including *Daubert* or *Markman* hearing. In cases the parties anticipate a *Markman* hearing, counsel must provide dates for the exchange of proposed disputed claim terms, and due dates for Plaintiff's brief and Defendant's brief. |

**[Attachment A]**

---

[5] Subject to footnote 3.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

MID-CONTINENT CASUALTY CO.,

       Plaintiff,

vs.

ACTIVE DRYWALL SOUTH, INC., a Florida
corporation, LENNAR HOMES, LLC f/k/a
LENNAR HOMES, INC., a Florida limited
liability company, and U.S. HOME
CORPORATION, a Delaware corporation,

       Defendants;

MID-CONTINENT CASUALTY CO., a foreign
corporation,

       Plaintiff,

vs.

PRECISION DRYWALL, INC., a Florida
Corporation, NORTHSTAR HOLDINGS, INC.,
a Florida Corporation, NORTHSTAR HOMES,
INC., a Florida Corporation, and NORTHSTAR
HOLDINGS AT B&A, LLC, a Florida
Corporation,

       Defendants;

MID-CONTINENT CASUALTY CO., a foreign
corporation,

       Plaintiff,

vs.

CLOUTIER BROTHERS, INC., a Florida
Corporation, and ALGANON BROWN and
REGINA BROWN, citizens of Florida,

       Defendants;        /

CASE NO. 10-20859-CIV-PAS

**CONSOLIDATED WITH:**

CASE NO: 10:20861-CIV-PAS
CASE NO: 10:20862-CIV-PAS
CASE NO: 10:80457-CIV-PAS
CASE NO: 10:80459-CIV-PAS

MID-CONTINENT CASUALTY CO., a foreign
corporation,

          Plaintiff,

vs.

JDM BUILDERS, INC., a Florida corporation,
and LENNAR HOMES, LLC f/k/a LENNAR
HOMES, INC., a Florida limited liability
company, and U.S. HOME CORPORATION, a
Delaware corporation,

          Defendants;

MID-CONTINENT CASUALTY CO., a foreign
corporation,

          Plaintiff,

vs.

DESIGN DRYWALL OF SOUTH FLORIDA,
LLC., a Florida corporation, and LENNAR
HOMES, LLC f/k/a LENNAR HOMES, INC., a
Florida limited liability company, and U.S.
HOME CORPORATION, a Delaware
corporation,

          Defendants.

---

## ELECTION TO JURISDICTION BY A UNITED STATES
## MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

In accordance with the provisions of 28 U.S.C. 636(c), the undersigned parties to the
above-captioned civil matter hereby jointly and voluntarily elect to have a United States
Magistrate Judge decide the following motions and issue a final order or judgment with respect
thereto:

| 1. | Motions for Costs | Yes _____ | No _X_ |
| 2. | Motions for Attorney's Fees | Yes _____ | No _X_ |
| 3. | Motions for Sanctions | Yes _____ | No _X_ |
| 4. | Motions to Dismiss | Yes _____ | No _X_ |
| 5. | Motions for Summary Judgment | Yes _____ | No _X_ |
| 6. | Other (specify) __ Discovery Motions__ | | |

6/28/10            s/ PEDRO E. HERNANDEZ
6/28/10            s/ RONALD L. KAMMER

6/28/10            s/ AMY E. STOLL

6/28/10            s/ CHARLES A. CARLSON

6/28/10            s/ THOMAS G. LONG

6/28/10            s/ CARA C. MORRIS
6/28/10            s/ ROBERT B. BROWN
6/28/10            s/ MICHAEL K. WILSON
6/28/10            s/ F. WILLIAM HARVEY

**[ATTACHMENT B]**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MID-CONTINENT CASUALTY CO. a foreign
corporation,

                **Plaintiff,**

-vs-                                    **Case No.  2:10-cv-121-FtM-36DNF**

ROBERT C. PATE, as Trustee for the Chinese
Drywall Trust, a Citizen of the State of Texas,
1ST CHOICE CONSTRUCTION, INC. a
Florida coporation, FINEST DRYWALL, INC. a
Florida Corporation, DISTINCTIVE
FINISHES, LLC, a  Florida corporation,
SWEDBERG ENTERPRISES, INC. a  Florida
Corporation doing business as Florida Drywall,
STEVEN SWEET DRYWALL, a Florida
Corporation,

                **Defendants.**

_____

# CASE MANAGEMENT AND SCHEDULING ORDER

Having considered the case management report prepared by the parties, *see* Fed.R.Civ.P. 26(f) and

Local Rule 3.05(c), the Court enters this case management and scheduling order:

| | |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** | **AUGUST 31, 2010** |
| **Certificate of Interested Persons and Corporate Disclosure Statement by all parties who have not previously filed** | **IMMEDIATELY** |
| **Motions to Add Parties or to Amend Pleadings** | **SEPTEMBER 30, 2010** |
| **Disclosure of Expert Reports**       **Plaintiff:**<br>**Defendant:**<br>**Rebuttal:** | **FEBRUARY 1, 2011**<br>**FEBRUARY 1, 2011**<br>**MARCH 2, 2011** |
| **Discovery Deadline** | **APRIL 6, 2011** |

| Mediation | Deadline:<br>Mediator:<br>Address:<br><br>Telephone: | APRIL 15, 2011<br>John Freud<br>155 West Flagler Street<br>Suite 2700<br>Miami, FL 33130<br>305-371-9120 |
|---|---|---|
| **IF NO MEDIATOR IS DESIGNATED HEREIN:**<br>The parties shall file a stipulation selecting a mediator within fourteen (14) days of the date of this Order. | | |
| Dispositive Motions, *Daubert*, and *Markman* Motions | | MAY 6, 2011 |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement | | JULY 22, 2011 |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witnesses Lists, Exhibit Lists on Approved Form | | AUGUST 1, 2011 |
| All Other Motions Including Motions *In Limine*, Trial Briefs | | AUGUST 1, 2011 |
| Final Pretrial Conference | Date:<br>Time:<br>Judge: | AUGUST 22, 2011<br>1:30 P.M.<br>Charlene Edwards Honeywell |
| Trial Term Begins<br>[Trials Before Magistrate Judges Begin on Date Certain] | | SEPTEMBER 6, 2011 |
| Estimated Length of Trial | | 5 - 7 days |
| Jury/Non Jury | | Jury |

The purpose of this order is to discourage wasteful pretrial activities, and to secure the just, speedy, and inexpensive determination of the action. *See* Fed.R.Civ.P. 1; Local Rule 1.01(b). This order controls the subsequent course of this proceeding. Fed.R.Civ.P. 16(b), (e). Counsel and all parties (both represented and *pro se*) shall comply with this order, with the Federal Rules of Civil Procedure, and with the Local Rules of the United States District Court for the Middle District of Florida. Counsel shall also comply with the *Ideals and Goals of Professionalism* adopted by the Board of Governors of the Florida Bar on May 16, 1990. *See* 73 FLORIDA BAR JOURNAL 711- 13 (September 1999); Local Rule 2.04(g).

## I.  DISCOVERY

A.     **Certificate of Interested Persons and Corporate Disclosure Statement** – This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.   A motion, memorandum, response, or other paper – including emergency motion – may be denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate shall do so within **fourteen (14)** days

of the date of this order or sanctions will be imposed.

**B.  Discovery Not Filed** – The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.

**C.  Limits on Discovery** – The parties may agree by stipulation on other limits on discovery within the context of the limits and deadlines established by this case management and scheduling order, but the parties may not alter the terms of this order without leave of Court. Fed.R.Civ.P. 29.

**D.  Discovery Deadline** – Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.

**E.  Disclosure of Expert Testimony** – On or before the date set forth in the above table for the disclosure of expert reports, the party shall fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

**F.  Confidentiality Agreements** – The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." *See also* "Motions to File Under Seal" below.

## II.  MOTIONS

**A.  Certificate of Good Faith Conference** – *Before filing any motion in a civil case, the moving party shall **confer** with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has **conferred** with opposing counsel, and that counsel have been unable to agree on the resolution of the motion.* Local Rule 3.01(g); Fed.R.Civ.P. 26(c). No certificate is required in a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action. Local Rule 3.01(g). Nevertheless, the Court expects that a party alleging that a pleading fails to state a claim will confer with counsel for the opposing party before moving to dismiss, and will agree to an order permitting the filing of a curative amended pleading. Fed.R.Civ.P. 10, 15. The term "confer" in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action, and does not envision an exchange of ultimatums by fax or letter. Counsel who merely "attempt" to confer have not "conferred." Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, *Ideals and Goals of Professionalism*, 73 Florida Bar Journal 712 - 13 ¶ 6.10 and *Creed of Professionalism* ¶ 8 (adopted May 16, 1990). The Court may deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate. Motions titled as "unopposed" or "agreed" normally come to the Court's attention prior to the deadline for response. If the parties are in agreement, counsel should consider whether an unfiled stipulation is sufficient in lieu of a motion seeking a Court order.

**B.  Extension of Deadlines**

  **1.  Dispositive Motions Deadline and Trial Not Extended** – The Court cannot extend a dispositive motion deadline to the eve of trial. In light of the district court's heavy felony trial calendar, at least four months are required

before trial to receive memoranda in opposition to a motion for summary judgment, and to research and resolve the dispositive motion sufficiently in advance of trial.

2. **Extensions of Other Deadlines Disfavored** – Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. Failure to complete discovery within the time established by this order shall not constitute cause for continuance unless brought to the attention of the Court at least sixty days in advance of the beginning of the scheduled trial term. The movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery. Local Rule 3.09(b). The filing of a motion for extension of time does not toll the time for compliance with deadlines established by rule or order.

C. **Motions to Compel and for Protective Order** – Motions to compel and motions for a protective order will be denied unless the motion fully complies with Local Rule 3.04, requiring the motion to quote in full each interrogatory, question, or request; to quote in full opposing party's objection and grounds, or response which is asserted to be insufficient; and to state the reasons the motion should be granted.

D. **Motions to File Under Seal** – Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. Motions to file under seal are disfavored. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.

E. **Emergency Motions** – The Court may consider and determine emergency motions at any time. Local Rule 3.01(e). Counsel should be aware that the designation "emergency" may cause a judge to abandon other pending matters in order to immediately address the "emergency." The Court will sanction any counsel or party who designates a motion as "emergency" under circumstances that are not true emergencies. It is not an emergency when counsel has delayed discovery until the end of the discovery period.

F. **Motions for Summary Judgment**

1. **Required Materials** – A motion for summary judgment shall be accompanied by a memorandum of law, and a concise statement of the material facts as to which the moving party contends there is no genuine issue for trial in a single document not more than 25 pages as required by Local Rule 3.01(a), along with supporting affidavits. Each party opposing a motion for summary judgment shall file and serve, within **fourteen (14)** days after being served with such motion, a legal memorandum with citation of authorities as to which the opposing party contends there exists a genuine issue for trial and a concise statement of the material facts in opposition to the relief requested, in a single document limited to not more than 20 pages, as required by Local Rule 3.01(b), and shall include necessary affidavits. Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of record supporting each material fact. General references to a deposition are inadequate. Material facts set forth in the statement required to be served by the moving party will be deemed admitted for the purposes of the motion unless controverted by the opposing party's statement.

2. **Under Advisement** – The Court takes a motion for summary judgment under advisement **twenty-one (21)** days from the date it is served, unless the Court orders a different date. Until that date, the party opposing summary judgment may file additional affidavits and exhibits within the purview of Fed.R.Civ.P. 56 in opposition to the motion, but not additional memoranda. Fed.R.Civ.P. 6(d) and 56(c); Local Rule 3.01(b). Unless specifically ordered, the Court will not hold a hearing on the motion. Failure to oppose any motion for summary judgment may result in the entry of a judgment for the movant without further proceedings. *See*

*Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*); Fed.R.Civ.P. 56(e). All requirements in this order apply to *pro se* litigants as well as to parties represented by counsel.

G.      **Daubert and Markman Motions** – On or before the date established in the above table for the filing of motions for summary judgment, any party seeking a ruling pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (admissibility of expert opinions) or pursuant to *Markman v. Westview Instruments, Inc.*, 116 S.Ct. 1384 (1996) (interpretation of a patent claim) shall file and serve an appropriate motion. The parties shall prepare a glossary of technical or scientific terms where appropriate for the Court, court reporter, and trier of fact at any hearing or trial.

H.      **All Other Motions Including Motions In Limine** – On or before the date established above, the parties shall file and serve all other motions including motions *in limine*. Local Rule 3.01(g) applies, and the parties shall confer to define and limit the issues in dispute.

## III.     JOINT FINAL PRETRIAL STATEMENT

A.      **Meeting In Person** – On or before the date established in the above table, **lead trial counsel** for all parties and any **unrepresented parties** shall meet together *in person* pursuant to Local Rule 3.06(b) in a good faith effort to:

1.      settle the case; the parties shall thoroughly and exhaustively discuss settlement of the action before undertaking the extensive efforts needed to conduct final preparation of the case for trial and to comply with the requirements of this order;

2.      stipulate to as many facts and issues as possible; in order to assist the Court, the parties shall make an active and substantial effort to stipulate at length and in detail as to agreed facts and law, and to limit, narrow, and simplify the issues of fact and law that remain contested; as a rule, parties who have complied with this

requirement in good faith will file a Joint Final Pretrial Statement listing far more agreed facts and principles of law than those that remain for determination at trial;

3.      tag, mark, identify, examine, copy, and list all original trial exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during trial [Local Rule 3.06(b)(3) and 3.07(a)]; prepare and exchange a final exhibit list bearing a description identifying each exhibit and sponsoring witness [Local Rule 3.07(b)]; it is anticipated that counsel will agree to the admission of the bulk of the opposing parties' exhibits without objection, and shall designate on the exhibit list the exhibits which the Court may admit without objection at trial. Absent good cause, the Court will **not** receive in evidence over objection any exhibits – including charts, diagrams, and demonstrative evidence – not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting, or not listed in the joint final pretrial statement. Photographs of sensitive exhibits (*i.e.*, guns, drugs, valuables) and of non-documentary evidence, and reductions of documentary exhibits larger than 8 ½" by 14" to be substituted for original exhibits after conclusion of the trial, must be presented to opposing counsel for examination at the meeting to prepare the Joint Final Pretrial Statement. Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement. The parties are advised that the design of certain courtrooms may preclude the use of large exhibits and posters in a jury trial. The parties are directed to contact the trial judge's courtroom deputy to discuss exhibits and equipment to be used during trial;

4.      exchange the names and addresses of all witnesses, and state whether they will likely be called; and

5.      prepare a Joint Final Pretrial Statement strictly in conformance with Local Rule 3.06(c) and this order.

## B.    The Joint Final Pretrial Statement

1.    **Form of Joint Final Pretrial Statement** – On or before the date established in the above table, the parties shall file a Joint Final Pretrial Statement that strictly conforms to the requirements of Local Rule 3.06(c) and this order. **This case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due.** Lead trial counsel for **all** parties, or the parties themselves if unrepresented, shall sign the Joint Final Pretrial Statement. The Court will strike pretrial statements that are unilateral, incompletely executed, or otherwise incomplete. Inadequate stipulations of fact and law will be stricken. Sanctions may be imposed for failure to comply, including the striking of pleadings. At the conclusion of the final pretrial conference, all pleadings are deemed to merge into the Joint Final Pretrial Statement, which will control the course of the trial. Local Rule 3.06(e); Fed.R.Civ.P. 16(e).

2.    **Exhibit List** – Exhibit lists are available on www.flmd.uscourts.gov. Unlisted exhibits will not be received into evidence at trial, except by order of the Court in the furtherance of justice. *See* Local Rule 3.06(e). The Joint Final Pretrial Statement must attach each party's exhibit list on the approved form listing each *specific* objection ("all objections reserved" does *not* suffice) to each numbered exhibit that remains after full discussion and stipulation. Objections not made – or not made with specificity – are waived.

3.    **Witness List** – On the witness list required by Local Rule 3.06(c)(5), the parties and counsel shall designate which witnesses will likely be called, and also designate which witnesses may be called. Absent good cause, the Court will not permit testimony from unlisted witnesses at trial over objection. This restriction does not apply to true rebuttal witnesses (*i.e.,* witnesses whose testimony could not reasonably have been foreseen to be necessary). Records custodians may be listed, but will not likely be called at trial, except in the rare event that authenticity or foundation is contested. For good cause shown in compelling circumstances, the Court may permit presentation of testimony in open court by contemporaneous transmission from a different location. Fed.R.Civ.P. 43(a).

4.    **Depositions** – The Court encourages stipulations of fact to avoid calling unnecessary witnesses. Where a stipulation will not suffice, the Court permits the use of videotaped depositions. At the required meeting, counsel and unrepresented parties shall agree upon and specify in writing in the Joint Final Pretrial Statement the pages and lines of each deposition (except where used solely for impeachment) to be published to the trier of fact. The parties shall include in the Joint Final Pretrial Statement a page-and-line description of any testimony that remains in dispute after an active and substantial effort at resolution, together with argument and authority for each party's position. The parties shall prepare, for submission and consideration at the final pretrial conference or trial, edited and marked copies (as to the portion offered by each party) of any depositions or deposition excerpts which are to be offered in evidence.

5.    **Joint Jury Instructions, Verdict Form, Voir Dire Questions** – In cases to be tried before a jury, counsel shall file **a single jointly-proposed set of jury instructions**, together with a single jointly-proposed jury verdict form. Local Rule 5.01(c). The parties should be considerate of their juries, and therefore should submit short, concise special verdict forms. The Court prefers pattern jury instructions approved by the United States Court of Appeals for the Eleventh Circuit. A party may include at the appropriate place in the single set of jointly-proposed jury instructions a contested charge, so designated with the name of the requesting party and bearing at the bottom a citation of authority for its inclusion, together with a summary of the opposing party's objection. The Court will deny outright a proposed instruction that is "slanted" in any way. The Court requests that the parties, where possible, **e-mail the single set of jury instructions and verdict form, preferably in WordPerfect® format to the Chambers mailbox**. Each party who wishes for the Court to ask specific questions of the venire during voir dire may also include in the Joint Final Pretrial Statement a single joint list of proposed questions.

C. **Coordination of Joint Final Pretrial Statement** – All counsel and parties are responsible for filing a Joint Final Pretrial Statement in full compliance with this order. Plaintiff's counsel (or plaintiff if all parties are proceeding *pro se*) shall have the *primary* responsibility to coordinate compliance with the sections of this order that require a meeting of lead trial counsel and unrepresented parties in person, and the filing of a Joint Final Pretrial Statement and related material. *See* Local Rule 3.10 (relating to failure to prosecute). If the plaintiff is proceeding *pro se*, defense counsel shall coordinate compliance. If counsel is unable to coordinate such compliance, counsel shall timely notify the Court by written motion or request for a status conference.

D. **Trial Briefs and Other Materials**

1. **Trial Briefs** – In the case of a non-jury trial, on or before the date established above for filing "All Other Motions and Briefs," the parties shall file and serve a trial brief with proposed findings of fact and conclusions of law. The parties may file a trial brief on or before the same date in the case of a jury trial.

2. **Exhibit Notebook** – On the first day of a jury trial or non-jury trial, the parties shall provide to the Court a bench notebook containing marked copies of all exhibits. The parties may contact the Courtroom Deputy Clerk for the trial judge to determine whether this requirement may be waived.

IV. **MEDIATION**

A. **Purpose** – To minimize costly pretrial procedures in a case that may be equitably settled, and to secure the just, speedy, and inexpensive determination of this action, all parties shall participate in good faith in court-annexed mediation. *See* Fed.R.Civ.P. 1; Fed.R.Civ.P. 16(a)(5); Local Rules 1.01(b), 9.01(b).

B. **Last Date to Mediate** – The parties shall complete the mediation conference on or before the mediation date set forth earlier in the above table. Despite Local Rule 9.05(d), *neither the mediator nor the parties have authority to*

*continue the mediation conference beyond this date* except on express order of the Court. In any Track Three case, complex case, or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is complete by the last date to mediate.

C. **Mediator's Authority** – The mediator shall have all powers and authority to conduct a mediation and to settle this case as are described in Chapter Nine of the Local Rules, except as limited by this order. *The mediation shall continue until adjourned by the mediator.* In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation. At such time, the mediator may designate one or more coordinating attorneys who shall be responsible for conferring with the mediator regarding the mediation conference. If necessary, the coordinating attorney may coordinate the rescheduling of a mediation conference within the time allowed in this order.

D. **General Rules Governing Mediation Conference**

1. **Case Summaries** – Not less than **two days** prior to the mediation conference, each party shall deliver to the mediator a written summary of the facts and issues of the case.

2. **Identification of Corporate Representative** – As part of the written case summary, counsel for each corporate party shall state the name and general job description of the employee or agent who will *attend and participate with full authority to settle* on behalf of the corporate party.

3. **Attendance Requirements and Sanctions** – Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, ***shall*** attend and participate in the mediation conference. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit. The Court will impose sanctions upon lead counsel and parties

who do not attend and participate in good faith in the mediation conference.

4. **Authority to Declare Impasse** – Participants shall be prepared to spend as much time as may be necessary to settle the case. No participant may force the early conclusion of a mediation because of travel plans or other engagements. Only the mediator may declare an impasse or end the mediation.

5. **Restrictions on Offers to Compromise** – Evidence of offers to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. Fed. R. Evid. 408 (includes evidence of conduct or statements made in compromise negotiations); Local Rule 9.07(b). All discussion, representations and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. Local Rule 9.07; Fed. R. Evid. 408. A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator that it is not.

E. **Rate of Compensation** – The mediator shall be compensated as per Local Rule 9.02(f), or at a rate stipulated by the parties in advance of mediation and borne equally by the parties. Upon motion of the prevailing party, the party's share may be taxed as costs in this action.

F. **Settlement and Report of Mediator** – A settlement agreement reached between the parties shall be reduced to writing and signed by the parties and their attorneys in the presence of the mediator. *See also* Local Rule 9.06(b) and 3.08. Within **five days** of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present, whether the case settled, and whether the mediator was forced to declare an impasse. *See* Local Rule 9.06. The mediator may report any conduct of a party or counsel that falls short of a good faith effort to

resolve the case by agreement. *See* Local Rule 9.05(e), 9.06(a).

V. **FINAL PRETRIAL CONFERENCE**

A. **Lead Trial Counsel and Parties** – If this order does not set a final pretrial conference date, the Court may later set a final pretrial conference on notice. **Lead trial counsel and local counsel for each party, together with any unrepresented party, *must* attend the final pretrial conference in person unless previously**

excused by the Court. *See* Local Rule 3.06(d); Fed.R.Civ.P. 16(d).

**B.      Substance of Final Pretrial Conference** – This case must be fully ready for trial at the time that the joint final pretrial statement is due. At the final pretrial conference, all counsel and parties must be prepared and authorized to accomplish the purposes set forth in Fed.R.Civ.P. 16 and Local Rule 3.06, including the formulation and simplification of the issues; the elimination of frivolous claims or defenses; admitting facts and documents to avoid unnecessary proof; stipulating to the authenticity of documents; obtaining advance rulings from the Court on the admissibility of evidence; settlement and the use of special procedures to assist in resolving the dispute; disposing of pending motions; establishing a reasonable limit on the time allowed for presenting evidence; and such other matters as may facilitate the just, speedy, and inexpensive disposition of the action. *See* Fed.R.Civ.P. 16(c)-(d).

## VI.    SANCTIONS

The Court will impose sanctions on any party or attorney:  1) who fails to attend and to actively participate in the meeting to prepare the joint pretrial statement, or who refuses to sign and file the joint pretrial statement; 2) who fails to attend the final pretrial conference, or who is substantially unprepared to participate; 3) who fails to attend the mediation and actively participate in good faith, or who attends the mediation without full authority to negotiate a settlement, or who is substantially unprepared to participate in the mediation; or 4) who otherwise fails to comply with this order. Sanctions may include reasonable attorneys fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court. *See* Fed.R.Civ.P. 16(f) and 37; Local Rules 9.05(c), (e); 28 U.S.C. § 1927.

## VII.   TRIAL

**A.      Trial Before District Judge** – A case scheduled for trial before a United States District Judge normally will be called for trial on the first day of the trial term indicated in the above table,

or as soon after that date as is possible in light of the Court's felony and civil trial calender.[1]  Cases not reached for trial will be carried over to the following month, and issued subpoenas will continue in force. Counsel, parties, and witnesses *shall be available on twenty-four hours notice* for trial after the beginning of the trial term. A different district judge or visiting judge may try the case. Local Rule 1.03(d). The case may be set for trial in the Orlando Division, Tampa Division, Fort Myers Division, Ocala Division, or Jacksonville Division of the Middle District of Florida. Local Rule 1.02(e). Absent a showing of good cause, any party whose turn it is to provide evidence will be deemed to have rested if, during the hours designated for trial, the party has no further evidence or witnesses available.

**B.      Trial Before Magistrate Judge** – A case scheduled for trial before a United States Magistrate Judge will be called for trial on a date certain. With respect to a civil case that remains pending before a district judge as of the date of this order, the United States District Judges of the Middle District of Florida wish to afford the parties the opportunity to consent to proceed before a magistrate judge. Consent must be unanimous. A United States Magistrate Judge is available pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73(a) to conduct all further proceedings in this case (or specified motions in this case), to conduct a jury or non-jury trial *beginning on a date certain*, and to enter final judgment. A party may appeal a final judgment of a magistrate judge to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from the district court. 28 U.S.C. § 636(c)(3); Fed.R.Civ.P. 73. A party is free to withhold consent without adverse substantive consequences. 28 U.S.C. § 636(c)(2); Fed.R.Civ.P. 73(b).

---

[1]This case may be reassigned to a visiting district judge at any time. As stated in paragraph III (B)(1) above, this case should be fully ready for trial at the time that the Joint Final Pretrial Statement is due. In unusual and extraordinary circumstances, the Court may re-notice this case for trial shortly *before* the first day of the trial term if necessary to accommodate the trial schedule of the district judge or a visiting judge.

C.      **Settlement** – Counsel shall immediately
notify the Court upon settlement of any case.
Local Rule 3.08.  The parties are jointly and
severally liable for jury costs for settlement after
jurors have been notified to appear without
sufficient time to cancel the appearance.
Regardless of the status of settlement
negotiations, the parties shall appear for all
scheduled hearings, including the final pretrial
conference and for trial, absent the filing of a
stipulation of dismissal signed by all parties
who have appeared in the action (or notice of
dismissal if prior to answer and motion for
summary judgment).  Fed.R.Civ.P. 41(a).

        **DONE** and **ORDERED** this <u>18th</u> day
of August, 2010.

*Charlene Edwards Honeywell*

Charlene Edwards Honeywell
United States District Judge

---

**Note: Notice re: Pre-marking of Exhibits with Exhibit List and Tags and a Magistrate Consent
form can be found on the Court's website at *http://www.flmd.uscourts*.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MID-CONTINENT CASUALTY CO.,

     Plaintiff,      CASE NO. 10-20859-CIV-SEITZ/O'SULLIVAN

v.

ACTIVE DRYWALL SOUTH, INC., *et al.*,

     Defendants.

_____/

MID-CONTINENT CASUALTY CO.,

     Plaintiff,      CASE NO. 10-20861-CIV-SEITZ/O'SULLIVAN

v.

DESIGN DRYWALL OF SOUTH
FLORIDA, LLC, *et al.*,

     Defendants.

_____/

MID-CONTINENT CASUALTY CO.,

     Plaintiff,      CASE NO. 10-20862-CIV-SEITZ/O'SULLIVAN

v.

JDM BUILDERS, INC., *et al.*,

     Defendants.

_____/

MID-CONTINENT CASUALTY CO.,

     Plaintiff,      CASE NO. 10-80457-CIV-SEITZ/O'SULLIVAN

v.

NORTHSTAR HOLDINGS, INC., *et al.*,

     Defendants.

_____/

MID-CONTINENT CASUALTY CO.,

        Plaintiff,                CASE NO. 10-80459-CIV-SEITZ/O'SULLIVAN

v.

CLOUTIER BROTHERS, INC., *et al.*,

        Defendants.
_____/

MID-CONTINENT CASUALTY CO.,

        Plaintiff,                CASE NO. 10-60502-CIV-SEITZ/O'SULLIVAN

v.

REGENCY CONSTRUCTORS, LLC, et al.,

        Defendants.
_____/

MID-CONTINENT CASUALTY CO

        Plaintiff,                CASE NO. 10-60484-CIV-SEITZ/O'SULLIVAN

v.

CENTERLINE HOMES
CONSTRUCTION, INC., et al.,

        Defendants.
_____/

MID-CONTINENT CASUALTY CO.,

        Plaintiff,                CASE NO. 10-61571-CIV-SEITZ/O'SULLIVAN

v.

JADE ORGANIZATION, et al.,

        Defendants.
_____/

2

MID-CONTINENT CASUALTY CO.,

        Plaintiff,            CASE NO. 10-23072-CIV-SEITZ/O'SULLIVAN

v.

C L ARCHITECTS & CONTRACTORS,
CORP., et al.,

        Defendants.

_____/

MID-CONTINENT CASUALTY CO.,

        Plaintiff,            CASE NO. 10-23082-CIV-SEITZ/O'SULLIVAN

v.

GREGAN CONSTRUCTION, INC., et al.,

        Defendants.

_____/

MID-CONTINENT CASUALTY CO.,

        Plaintiff,            CASE NO. 10-61663-CIV-SEITZ/O'SULLIVAN

v.

MEYERS CONSTRUCTION &
REAL ESTATE, INC., et al.,

        Defendants.

_____/

MID-CONTINENT CASUALTY CO.,

        Plaintiff,            CASE NO. 10-61669-CIV-SEITZ/O'SULLIVAN

v.

DANAL HOMES DEVELOPMENT,
INC., et al.,

        Defendants.

_____/

3

VINTAGE PROPERTIES INC., et al.,

          Plaintiff,                CASE NO. 10-80836-CIV-SEITZ/O'SULLIVAN

v.

MID-CONTINENT CASUALTY CO.,

          Defendants.

_____/

## ORDER SETTING HEARING

THIS MATTER is before the Court on the Joint Motions Requesting a Status Conference filed in the following actions: *Mid-Continent Casualty Co. v. Active Drywall South, Inc., et al.*, Case No. 10-20859 [DE 66]; *Mid-Continent Casualty Co. v. Design Drywall of South Florida, LLC, et al.*, Case. No. 10-20861 [DE 54]; *Mid-Continent Casualty Co. v. Precision Drywall, Inc., et al.*, Case No. 10-80457 [DE 50]; *Mid-Continent Casualty Co. v. Cloutier Brothers, Inc., et al.*, Case No. 10-80459 [DE 47]; *Mid-Continent Casualty Co. v. Regency Constructors, LLC, et al.*, Case No. 10-60502 [DE 65]; *Mid-Continent Casualty Co. v. Centerline Homes Construction, Inc., et al.*, Case No. 10-60484 [DE 111]; and *Mid-Continent Casualty Co. v. Jade Organization, et al.*, 10-61571 [DE 7], and upon the transfer of the following actions: *Mid-Continent Casualty Co. v. C L Architects & Contractors, Corp. et al.*, Case No. 10-23072 [DE 10]; *Mid-Continent Casualty Co. v. Gregan Construction, Inc., et al.*, Case No. 10-23082 [DE 8]; *Mid-Continent Casualty Co. v. Meyers Construction & Real Estate, Inc., et al.*, Case No. 10-61663 [DE 8]; *Mid-Continent Casualty Co. v. Danal Homes Development, Inc., et al.*, Case No. 10-61669 [DE 11]; and *Vintage Properties Inc., et al v. Mid-Continent Casualty Co.*, Case No. 10-80836 [DE 15]. It is

ORDERED that

(1) On **November 17, 2010** at **8:30 a.m.** a hearing and status conference regarding the above referenced cases will be held at 400 North Miami Avenue, Miami, Florida 33128 in Courtroom 11-4. At the hearing, the parties should be prepared to finalize detailed discovery and case management plans. The

parties also should be prepared to discuss coordination of discovery and other pretrial proceedings.

(2) The parties must confer in advance of the hearing to develop detailed case management and discovery plan(s). By **November 12, 2010**, the parties shall file detailed case management and discovery plan(s). The case management and discovery plan(s) should address whether discovery and/or briefing of dispositive motions on certain claims, defenses, or issues should be conducted in phases.

(3) The Joint Motions Requesting a Status Conference filed in the following actions are GRANTED:

(A) *Mid-Continent Casualty Co. v. Active Drywall South, Inc., et al.*, Case No. 10-20859 [DE 66];

(B) *Mid-Continent Casualty Co. v. Design Drywall of South Florida, LLC, et al.*, Case. No. 10-20861 [DE 54];

(C) *Mid-Continent Casualty Co. v. Precision Drywall, Inc., et al.*, Case No. 10-80457 [DE 50];

(D) *Mid-Continent Casualty Co. v. Cloutier Brothers, Inc., et al.*, Case No. 10-80459 [DE 47];

(E) *Mid-Continent Casualty Co. v. Regency Constructors, LLC, et al.*, Case No. 10-60502 [DE 65];

(F) *Mid-Continent Casualty Co. v. Centerline Homes Construction, Inc., et al.*, Case No. 10-60484 [DE 111]; and

(G) *Mid-Continent Casualty Co. v. Jade Organization, et al.*, 10-61571 [DE 7].

DONE AND ORDERED in Miami, Florida, this 28 day of October, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     Judge O'Sullivan
        All counsel of record

5

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2047

ORDER DENYING MOTION FOR RECONSIDERATION

**Before the entire Panel**: Certain defendants[1] move the Panel to reconsider its order dated August 9, 2010, which denied transfer of the Middle District of Florida action and three Southern District of Florida actions listed on Schedule A.  These defendants urge the Panel to transfer these insurance coverage actions to the Eastern District of Louisiana for inclusion in MDL No. 2047.  Mid-Continent Casualty Co., the plaintiff in these actions, opposes the motion and continues to object to transfer of its actions.

After considering all argument of counsel, we find that the moving defendants have not presented any circumstances that justify reconsideration of the Panel's order.  The Panel was aware of the arguments of the parties as well as the status of the proceedings in the transferee court when it rendered its decision.

The defendants encourage the Panel to apply the "first-filed" rule in assessing the proper district for these insurance coverage actions.  In determining the propriety of transfer of an action to an existing multidistrict litigation, the Panel follows the criteria for transfer in Section 1407, its authorizing statute, which differ from the considerations under the "first-filed" rule.  Defendants can present their arguments regarding the "first-filed" rule to the presiding courts.

IT IS THEREFORE ORDERED that the motion for reconsideration is denied.

---

[1]    The moving defendants are Centerline Homes, Inc.; Centerline Homes Construction, Inc.; Completed Communities II, LLC; Centerline Homes at Georgetown, LLC; Lennar Corp.; Lennar Homes, LLC; U.S. Home Corp.; Northstar Holdings, Inc.; Northstar Homes, Inc.; Northstar Holdings at B & A, LLC; and Robert C. Pate, as trustee for the WCI Chinese Drywall Trust.

Case MDL No. 2047 Document 319 Filed 10/07/10 Page 2 of 3

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.   Kathryn H. Vratil
David R. Hansen    W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.   Barbara S. Jones

**IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION**                    MDL No. 2047

## SCHEDULE A

<u>Middle District of Florida</u>

Mid-Continent Casualty Co. v. Robert C. Pate, et al., C.A. No. 2:10-121

<u>Southern District of Florida</u>

Mid-Continent Casualty Co. v. Centerline Homes Construction, Inc., et al., C.A. No. 0:10-60484
Mid-Continent Casualty Co. v. Design Drywall of South Florida, LLC, et al.,
   C.A. No. 1:10-20861
Mid-Continent Casualty Co. v. Precision Drywall, Inc., et al., C.A. No. 9:10-80457