UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**PLAINTIFFS' STEERING COMMITTEE'S OPPOSITION TO LOWE'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM REGARDING THE CONFLICTING STATE COURT PROCEEDINGS IN MUSCOGEE COUNTY, GEORGIA THAT INTERFERE WITH THIS COURT'S CONTINUING JURISDICTION OVER THIS LITIGATION**

On October 28, 2010, Lowe's filed a motion for leave to file a supplemental memorandum in opposition to our motion to enjoin the conflicting state court proceedings in Muscogee County, Georgia, in light of a proposed amendment to the *Vereen* settlement. Rec. Doc. No. 6259. *Vereen* Class Counsel joined in that motion. Rec. Doc. Nos. 6275, 6276, 6277. On October 29, 2010, this Court granted the motion for leave to file, Rec. Doc. No. 6261, however, the PSC nonetheless objects on the following grounds and files herewith a brief response.

First, and most importantly, the proposed amendment to the *Vereen* settlement, which to our knowledge has not yet been approved by any court, does not alter or diminish in any way the grounds for the PSC's motion to enjoin the conflicting state court proceedings. The definition and scope of the *Vereen* class settlement pending in Georgia has not been amended. The *Vereen* class continues to include claims for domestic and Chinese-manufactured drywall. Also, the class definition is not limited to purchases of drywall from Lowe's. The word "Lowe's" appears nowhere in the court's preliminary approval order. Each and every plaintiff in this MDL is a

potential class member in *Vereen*, and, therefore, the *Vereen* matter continues to conflict with this Court's jurisdiction.

Second, while the parties to the *Vereen* settlement have seen fit to provide additional money to certain eligible claimants, known as the Enhanced Benefits Group ("EBG"), there remain serious problems with the *Vereen* settlement:

(a) in order to be considered eligible for that additional money (up to $100,000), the individual EBG claimants must pay for a detailed inspection report and an estimate for remediation costs, and the claimant may be required by the Company to pay up front for the testing of the drywall at issue.[1] In other words, the claimant is expected to expend hundreds, or in some cases thousands of dollars out of pocket prior to even a determination of eligibility for consideration as a member of the EBG.

(b) intra-class conflicts among class members remain. Builders and suppliers of Defective Drywall are included in this massive class, along with owners and residents. Lowe's attempts to avoid these conflicts by appointing Special Class Counsel to represent the "interests of purchasers of allegedly Defective Drywall manufactured domestically,"[2] but this does not solve the conflicts problem.

(c) the additional settlement money provided in the amendment totals $2,250,000 in the aggregate, but this sum is inclusive of payments to the EBG claimants, attorneys' fees, expenses of settlement administration, and costs for supplemental class notice. Again, there is no relationship between the settlement money and the value of the claimants' damages. Moreover, no information regarding the number of potential claimants or the value of their claims has been provided by the parties, and the amount paid to individual EBG claimants may be reduced *pro*

---

[1] *See* Supplemental Amendment to *Vereen* Settlement at 3.A.

[2] Supplemental Amendment to *Vereen* Settlement Agreement at 10.A.

*rata* depending on the number of approved claims.

   (d)  notice by first class mail will be provided only to the initial opt-outs from the original settlement and those claimants qualifying under Group 1.  The parties have not offered to mail notice by first class mail to known purchasers of Lowe's products as is required by due process.  This is unconstitutional.  *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 173 (1974).  Moreover, given the overly broad and confusing class definition, the notice itself is confusing, and class members have no valid way to determine their rights under the settlement.  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810-813 (1985) (due process rights of class members include "the right to intelligently and individually choose whether to continue in a suit as class members").

   (e)  no information regarding the nature of the claim of Christopher Brucker, the additional named representative for the EBG, has been provided, making it impossible to determine whether Mr. Brucker's claims are typical of those of the class and whether he is an adequate class representative.

  Third, it has come to our attention that a plaintiff in the MDL, who has sued KPT and others for damages arising from the Chinese drywall in her home, purchased that drywall from Lowe's and has a claim against Lowe's for that reason.  That plaintiff is Hillary Howard.  Ms. Howard's claim against Knauf was filed in the MDL in *Payton, et al. v. Knauf Gips KG, et al.*, Case No. 09-07628 (Omnibus Complaint I).  The drywall in her home was purchased from Lowe's and delivered by distributor Interior Exterior ("INEX").[3]  *See* INEX invoice to Lowe's, attached hereto as Exhibit "A," showing delivery of 131 drywall boards to Lot 2 Acton Meadows, Trussville, Alabama.  *See also* 2010 St. Clair County Tax Record and Warranty Deed, attached hereto as Exhibit "B," showing Hillary Howard as the owner of Lot 2 Acton Meadows,

---

[3]  INEX is participating in the KPT pilot settlement program before this Court.

a/k/a address 85 Acton Loop Rd., Moody, AL, for the years 2007, 2008, 2009 and 2010. The inspection report for Ms. Howard's home evidences the presence of Chinese drywall manufactured by Knauf. *See* Home Inspection Report, attached hereto as Exhibit "C."

Lowe's has not been completely forthright regarding the extent of existing Chinese drywall claims that pertain to Lowe's. Lowe's contention that only a "minuscule" number of MDL plaintiffs – "at most two or three" – have a claim against Lowe's has not been shown and appears not to be the case. It is telling that the parties in *Vereen* are not willing to eliminate Chinese drywall claims from their settlement. At a minimum, there should be discovery on this issue. *See* additional INEX invoices to Lowe's for drywall purchases, attached hereto as Exhibit "D."

Accordingly, the proposed amendment to the *Vereen* settlement does not vitiate the need for an injunction to halt the proceedings in Georgia, which interfere with this Court's administration of these Chinese-drywall proceedings and the settlement reached with KPT. For these reasons, we respectfully ask that our motion be granted.

                                            Respectfully submitted,

Dated: November 1, 2010         /s Russ M. Herman_____
                                            Russ M. Herman, Esquire (Bar No. 6819)
                                            Leonard A. Davis, Esquire (Bar No. 14190)
                                            HERMAN, HERMAN, KATZ & COTLAR, LLP
                                            820 O'Keefe Avenue
                                            New Orleans, Louisiana 70113
                                            Phone: (504) 581-4892
                                            Fax: (504) 561-6024
                                            LDavis@hhkc.com
                                            *Plaintiffs' Liaison Counsel*
                                            *MDL 2047*

                                            Arnold Levin (On the Brief)
                                            Fred S. Longer (On the Brief)
                                            Sandra L. Duggan (On the Brief)
                                            Levin, Fishbein, Sedran & Berman
                                            510 Walnut Street, Suite 500

Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
The Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Opposition to Lowe's Motion for Leave to File a Supplemental Memorandum Regarding the Conflicting State Court Proceedings in Muscogee County, Georgia That Interfere With this Court's Continuing Jurisdiction over this Litigation has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 1st day of November, 2010.

      Additionally, a copy of the foregoing Plaintiffs' Steering Committee's Opposition to Lowe's Motion for Leave to File a Supplemental Memorandum Regarding the Conflicting State Court Proceedings in Muscogee County, Georgia That Interfere With this Court's Continuing Jurisdiction over this Litigation was served via FedEx to the following parties, on the 1st day of November, 2010:

The Honorable Bobby Peters
Superior Court Judge
100 10th Street
Columbus, GA 31901

Austin Gower, Esquire
1425 Wynnton Road
Columbus, GA 31906

Don Barrett, Esquire
Don Barrett, PA
404 Court Square
Lexington, MS 39095

Patrick W. Pendley, Esquire
Pendley, Baudin & Coffin, LLP
24110 Eden Street
Plaquemine, LA 70764

Witt Lovelace, Esquire
Lovelace Law Firm, PA
12870 US Hwy. 98 West
Miramar Beach, FL 32550

Jannea S. Rogers, Esquire
Adams and Reese, LLP
11 N. Water Street, Ste. 23200
Mobile, AL 36602

William B. Gaudet, Esquire
Francis V. Liantonio, Jr., Esquire
Adams and Reese, LLP
701 Poydras Street, Ste. 4500
New Orleans, LA 70139

David P. Matthews, Esquire
Matthews & Associates
2905 Sackett Street
Houston, TX 77098

/s/ _____
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*