## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| | * | |
| THIS DOCUMENT RELATES TO: | * * | SECTON "L" |
| Sean and Beth Payton, et al | * * | JUDGE FALLON |
| vs. | * * | |
| Knauf Gips, KG, et al | * * | MAG. JUDGE WILKINSON |
| Case No. 2:09-cv-07628-EEF-JCW | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DIAMOND COURT CONSTRUCTION COMPANY'S MEMORANDUM IN SUPPORT OF ITS RULE 12(b) MOTION TO DISMISS PLAINTIFF'S CLAIM WITH PREJDUICE AS RES JUDICATA AND BARRED BY CONTRACT

**MAY IT PLEASE THE COURT:**

The defendant, **Diamond Court Construction Company** ("Diamond Court" or "the moving defendant") respectfully submits this Memorandum in Support of its Rule 12(b) Motion to Dismiss with prejudice the claims brought against it in the amended *Payton* Omnibus Class Action Complaint (I):

### I.      Background and Summary of the Argument

As this Honorable Court is well aware, this Multidistrict Litigation ("MDL") includes claims by thousands of plaintiffs who allege damages from defective Chinese drywall.  One suit included in the MDL is Plaintiffs' Omnibus Class Action Complaint (I) ("Original Omni I").[1] Original Omni I included a claim by plaintiff Barbara Lewis who purported to, "[own] real

---

[1] Doc. 1, Case 2:09-cv-07628-EEF-JCW.

1

property located at 2074 South West Beauregard Street, Port Saint Lucie, Florida 34953."[2] Defendant Diamond Court is a member of the Developer/Builder Subclass,[3] and Barbara Lewis identified Diamond Court as the builder of the home that she allegedly owned.[4]

Diamond Court never belonged in Original Omni I. Barbara Lewis was not the owner of the subject property, as she alleged. Diamond Court had previously entered into a 2008 release "of all claims" with the home's true owner, Tokiko Lewis-Zillini. That release settled a 2007 Florida state court action that Diamond Court brought against Ms. Lewis-Zillini for full payment of her contract with Diamond Court. Moreover, the 2007 litigation began after Ms. Lewis-Zillini unilaterally converted the building permit in the city records to a homeowner-builder one without Diamond Court's knowledge or consent (after it was originally styled "contractor-builder" in favor of Diamond Court). This conversion voided the warranties of Ms. Lewis-Zillini's contract with Diamond Court and provides a separate, independent basis for dismissal of this claim.

Diamond Court submitted its Answer, Affirmative Defenses, and Rule 12 Defenses to Original Omni I on April 9, 2010.[5] In its responsive pleading, Diamond Court explained that:

1. Plaintiff Barbara Lewis lacked standing to bring a claim against Diamond Court because she was not the owner of the property;[6]

2. The plaintiff's claims are barred by res judicata, issue preclusion, and claim preclusion because the true property owner, Tokiko Lewis-Zillini, released all claims against Diamond Court in a previous release;[7] and

---

[2] *Id.* at para. 461.
[3] *Id.* at para. 2217.
[4] Doc. 1-11 at p. 20, Case 2:09-cv-07628-EEF-JCW.
[5] Doc. 2420, Case 2:09-md-02047-EEF-JCW.
[6] *Id.* at 48th Affirmative Defense.
[7] *Id.* at 49th Affirmative Defense.

3. Ms. Lewis-Zillini assumed all responsibility and liability for damages to the property because her house was completed under a Homeowner Builder Permit.[8]

In an attempt to amicably resolve the above issues, undersigned counsel asked Plaintiffs' Liaison Counsel to voluntary dismiss Diamond Court from Original Omni I.[9] Plaintiff's Steering Committee acknowledged that correspondence.[10] But Plaintiffs never responded to Diamond Court's request, despite multiple telephone calls by undersigned counsel.

On May 18, 2010, the Court entered an Order granting "Plaintiffs' Joint Motion to Dismiss Certain Defendants, Without Prejudice, Under Fed. R. Civ. P. 41(a) and to Amend the Plaintiffs' Omnibus Class Action Complaint (I)."[11] The amended complaint ("Omni I") clarifies and dismisses multiple parties named in Original Omni I, but it does not alter the legal claims against Diamond Court.  Instead, Omni I substitutes the proper owner of the 2074 South West Beauregard Street property, Tokiko Lewis-Zillini, for the originally named plaintiff, Barbara Lewis.[12] Although the proper homeowner is now named as a plaintiff against Diamond Court, this amended does not address the deficiencies in Plaintiff's lawsuit, including that:

1. the claim against Diamond Court is precluded by the previous release entered into by Tokiko Lewis-Zillini; and

2. Ms. Lewis-Zillini assumed liability for any defects in her home by converting her permit to a homeowner-builder one.

Diamond Court still does not belong in Omni I, even as amended.  In their 2008 "Mutual General Release," Tokiko Lewis-Zillini (the "Plaintiff") released Diamond Court from all claims

---

[8] *Id.* at 53rd Affirmative Defense.
[9] *See* May 7, 2010, correspondence of Christopher A. D'Amour and David C. Coons to Russ Herman, attached as Exhibit "A."
[10] *See* June 9, 2010, correspondence of Matthew C. Gaughan to David C. Coons, attached as Exhibit "B."
[11] Doc. 3160, Case 2:09-md-02047-EEF-JCW.
[12] Doc. 3160-11 at p. 11, Case 2:09-md-02047-EEF-JCW.

between the parties.   By law, this Release includes those brought against Diamond Court in

Omni I.   Plaintiff's instant claim for Chinese Drywall damage is barred by *res judicata*.

Furthermore, the Plaintiff's relationship with Diamond Court is governed by the parties'

Building Agreement.  The Plaintiff breached that Agreement by taking possession of the 2074

South West Beauregard Street property prior to final payment and unilaterally converting

Diamond Court's building permit.   The Building Agreement expressly states that the Plaintiff

accepts the house "as is" if she takes possession of the property prior to closing.  Plaintiff fails to

state a claim upon which relief can be granted in light of her contract with Diamond Court.

Plaintiff's claims contain incurable defects.  Each cause of action against Diamond Court

should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

## II.      Legal Analysis

### A.      Res judicata applies to bar the Plaintiff's claims against Diamond Court.

In 2007, Diamond Court sued Tokiko Lewis-Zillini for unpaid sums due on the parties'

home construction contract ("the 2007 litigation").[13]   In July of 2008, Diamond Court entered

into a release with Tokiko Lewis-Zillini to settle that case ("the 2008 release").[14]   The 2008

release extinguishes all claims between the parties, "for or by reason of any matter, cause, or

thing whatsoever, whether known or unknown, fixed or contingent, from the beginning of the

world to the day of these presents […]."[15]

The 2008 release is couched in all-encompassing terms.  Florida courts have enforced

such agreements.  The Florida Supreme Court has observed that, "Florida courts enforce general

releases to further the policy of encouraging settlements.  Many Florida cases have upheld

---

[13] *See* Complaint in the Circuit Court for the Nineteenth Judicial Circuit in and for St. Lucie County, Florida (Case No. 56-2007-CA-002280, attached here as Exhibit "C."
[14] *See* Mutual General Release between Diamond Court and Tokiko Lewis-Zillini, attached here as Exhibit "D."
[15] *Id.* at p. 1.

general releases, even when the releasing party was unaware of the defect at the time the agreement was executed."[16]

In *Bd. of Trustees of Fla. Atl. University v. Bowman*, the court confronted nearly identical language in a Proposal for Settlement and General Release.[17]   There, the court granted attorney fees to a university when students rejected a Proposal for Settlement, lost at trial, and later claimed that the Proposal it rejected was invalid as overbroad.   The *Bowman* court noted that, "the General Release required Plaintiffs to release all claims against Defendant from any and all actions or claims that Plaintiffs had or could have had as of the date of execution of the Proposal for Settlement [...]."[18]   The court recognized that, "these factors are typical of a 'general release' and do not invalidate the Proposals for Settlement."[19]   Ultimately, the *Bowman* court held that:

> [t]he fact that Plaintiffs are required to release Defendant for all claims which had accrued as of the date of the Proposal for Settlement does not invalidate the Proposal for Settlement.   The Florida Supreme Court has held that general releases contained in proposals for settlement are enforceable to further the policy of encouraging settlements.[20]

The lawsuit against Diamond Court should be dismissed because the plaintiff's instant claims had already accrued at the time the parties entered into the 2008 Mutual General Release. Any defects allegedly attributable to Diamond Court <u>must</u> have existed at the time of the 2008 release because Diamond Court has not performed any work on the Lewis-Zillini home since that time.   More specifically, the Plaintiff's cause of action accrued when her drywall was installed, even if all of her alleged damages were not yet known.   This is consistent with *Mazzoni Farms*, where a releasing party was not aware of the defect at the time he entered into a release.

---

[16] *Mazzoni Farms, Inc. v. DuPont De Nemours & Co.*, 761 So.2d 306, 315 (Fla. 2000) (citations omitted); *see also Cerniglia v. Cerniglia*, 679 So.2d 1160, 1164 (Fla. 1996) ("Where the language of [a] release is clear and unambiguous, [a] court cannot entertain evidence contrary to its plain meaning.").
[17] 853 So.2d 507 (Fla. 4th DCA 2003).
[18] *Id.* at 509.
[19] *Id.* (citing *Hold v. Manzini*, 736 So.2d 138, 141 (Fla. 3d DCA 1999)).
[20] *Id.* (citing *Maxxoni Farms*, supra).

**B.      Plaintiff's claims against Diamond Court are barred by contract.**

At the heart of the 2007 litigation between Diamond Court and Ms. Lewis-Zillini was Ms. Lewis-Zillini's unilateral conversion of Diamond Court's building permit in the records of Port St. Lucie, Florida.  Ms. Lewis-Zillini filed a homeowner-builder permit in the city records just before Diamond Court completed inspection of her home.  The Plaintiff took this action to avoid making the final payment to Diamond Court pursuant to their contract.  It is unclear how Ms. Lewis-Zillini was able to secure a homeowner-builder permit with the city when one already existed on the subject property in favor of Diamond Court.

Regardless of how the Plaintiff was able to convert Diamond Court's building permit in the city records, her conversion was a breach of the parties' Building Agreement.  By converting the permit, the Plaintiff took control of the property prior to closing.  Section VI of the parties' Building Agreement provides that:

> It is expressly understood and agreed that the Buyer shall in no event take possession of, or enter upon the Property prior to closing and should the buyer breach this provision: first the Buyer accepts house as is and forfeits all warranty and second the Buyer consents that the Builder shall have the right to dispossess them from the Property by summary proceedings if such action is deemed necessary by the Builder.[21]

In light of this clear contractual language, the Plaintiff's unilateral conversion of Diamond Court's building permit relieves Diamond Court of any liability for the Plaintiff's alleged damages.  Even if the Plaintiff's home is defective—which Diamond Court denies—the Plaintiff waived her right to recover damages from Diamond Court.  Not only did Plaintiff sign her Building Agreement with Diamond Court, but she initialed each page indicating her understanding of all terms contained in the contract.[22]  Plaintiff took her house "as is," forfeiting

---

[21] *See* June 30, 2004, Building Agreement between Diamond Court Construction Company and Tokiko Lewis-Zillini at p. 4, attached here as Exhibit "E."
[22] *Id.*

all warranties, by taking possession of the property prior to Diamond Court's completion of construction.

Additionally, by obtaining an owner-builder permit, the Plaintiff violated state law requiring all construction work to be done by licensed contractors. As Florida Statute 489.101 explains, "[t]he Legislature deems it necessary in the interest of public health, safety, and welfare to regulate the construction industry." In this context, Florida Statute 489.115(1) provides that, "[n]o person may engage in the business of (construction) contracting in this state without first being certified or registered in the proper classification." Florida Statute 489.103 creates certain narrow exceptions to this requirement.

The Plaintiff is not a licensed contractor. She does not qualify for an exemption to the contracting requirement under Florida Statute 489.103. The Plaintiff represented to the city of Port Saint Lucie, Florida, that she was the builder/owner of her property. She made this specific representation knowing that she had a Building Agreement with the licensed Diamond Court Construction Company, which had nearly completed her home. The Plaintiff acted in violation of both her written contract with Diamond Court and Florida construction contracting law. The Plaintiff disavowed the general contractor—Diamond Court—that she brings into this suit and expressly assumed the liability for which she now attempts to recover from Diamond Court. Plaintiff cannot now urge that Diamond Court is responsible for her alleged damages when she breached her written contract with Diamond Court and state law.

This court should dismiss the Plaintiff's action against Diamond Court. In addition to contractually barring any claim against Diamond Court, Plaintiff's illegal action to unilaterally obtain an owner/builder permit mutually excludes her right against Diamond Court.

7

## III.   Conclusion

Diamond Court Construction Company does not belong in the Plaintiffs' Omni I complaint. Diamond Court is only brought into this complaint by Plaintiff Tokiko Lewis-Zillini. Plaintiff's claim is barred by res judicata—Ms. Lewis-Zillini released her rights for the instant cause of action in her 2008 Mutual General Release with Diamond Court. Additionally, Plaintiff's claims are barred by contract—Ms. Lewis-Zillini assumed liability for any defects in her home by unilaterally converting her permit to a homeowner-builder one. Because of these incurable defects, each cause of action against Diamond Court should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

Respectfully submitted,

**ADAMS AND REESE LLP**

s/Christopher A. D'Amour
CHRISTOPHER A. D'AMOUR (La. Bar #26252)
MEGAN HAGGERTY GUY (La. Bar # 26316)
DAVID C. COONS (La. Bar #32403)
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
***Attorneys for Defendant Diamond Court***
***Construction Company***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 2nd day of November, 2010.

s/Christopher A. D'Amour