# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>ROBERT C. PATE, as Trustee for the Chinese Drywall Trust,<br>v.<br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, FCCI INSURANCE COMPANY, et al.<br>(**2:09-cv-07791**) (E.D. La.) | MDL No. 2:09-md-2047<br><br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

### DEFENDANTS FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COME NOW, FCCI Commercial Insurance Company and FCCI Insurance Company (hereinafter, "FCCI"), by and through their undersigned counsel and file this Reply in Support of FCCI'S Motion to Dismiss for Lack of Personal Jurisdiction.

## I. FACTS

This Court should grant FCCI's motion to dismiss for lack of personal jurisdiction as FCCI's contacts with Louisiana do not rise to the level of substantial, continuous and systematic during the relevant timeframe for establishing general personal jurisdiction over FCCI. Further, maintaining this action would offend traditional notions of fair play and substantial justice. FCCI was named as defendant insurers in *Pate v. American International Specialty Lines et al.*, C.A. No. 09-7791 ("Pate") on December 23, 2009. The *Pate* action was filed in Louisiana

against FCCI, which is a Florida entity, by Pate a resident of Texas.  FCCI's principal place of business is located in Florida.  FCCI wrote and delivered the insurance policies at issue in the *Pate* action in Florida to insureds, which are also Florida entities.  Specifically, *Pate* alleges FCCI issued insurance policies to Swedberg Enterprises, Inc. d/b/a Florida Drywall (hereinafter, "Swedberg"), Residential Drywall, Inc. (hereinafter, "Residential") and S.D. & Associates, Inc. (hereinafter, "S.D.") (hereinafter, collectively "FCCI Named Insureds").  *Pate* alleges there is coverage under these policies for damages to homes constructed entirely in Florida.  Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has collected any premiums for any business written in Louisiana (Affidavit of Rupert L. Willis, ¶ 5), has ever authorized any insurance agent to write business on their behalf in Louisiana (Affidavit of Rupert L. Willis, ¶ 6), has ever appointed a registered agent in the state of Louisiana (Affidavit of Rupert L. Willis, ¶ 8), has ever maintained an office in Louisiana.  (Affidavit of Rupert L. Willis, ¶ 7), has any employees with the State of Louisiana (Affidavit of Rupert L. Willis, ¶ 8), issued or delivered insurance policies in Louisiana (Affidavit of Rupert L. Willis, ¶ 8), marketed their insurance policies in Louisiana (Affidavit of Rupert L. Willis, ¶ 8), has ever had any rates on file with the Louisiana Department of Insurance (Affidavit of Rupert L. Willis, ¶ 5).  Under these facts, this Court should not exercise jurisdiction over FCCI in Louisiana as to do so offends the traditional notions of fair play and substantial justice.

## II.      ARGUMENT

### A.    Plaintiffs Fail to Meet the Standard Required to Exercise General Jurisdiction Over FCCI

In their brief, Plaintiffs attempt to illustrate that an FCCI subsidiary, NTI, has contacts with Louisiana that are sufficient for this Court to exercise personal jurisdiction over FCCI. Plaintiffs fall far short, however, of the high general personal jurisdiction standard. Both the Fifth Circuit and this District have recognized that general as opposed to specific jurisdiction is a difficult standard to meet. *See Submersible Sys., Inc. v. Perforadora Central, Inc.* 249 F.2d 413, 419 (5th Cir. 2001), *Galapagos Corp. Turista Galatours S.A. v. Panama Canal Comm'n* 2002 WL 389143 (E.D. La. 2002) (granting motion to dismiss for lack of jurisdiction); *DNH LLC v. In-N-Out Burgers*, 381 F.Supp. 2d 559, 563 (E.D. La. 2002) (same); *Mykhaylov v. Masaic Maritime, Inc.*, 2004 WL 2472480 at *3 (E.D. La. 2004) ("…. the continuous and systematic contacts is a difficult one to meet, requiring extensive contacts between a defendant and a forum" quoting *Moore's Federal Practice* ¶ 108.41[3] (3rd Ed. 1999)); *J.M. Huber Corp. v. Pan Amer. Express, Inc.,* 118 F.Supp.2d 764, 767 (S.D. Tex. 2000) (the minimum contacts review is more demanding for general jurisdiction and requires the plaintiff to demonstrate substantial activities in the forum state). In order to meet this difficult high standard to obtain general jurisdiction, unlike specific jurisdiction, the Plaintiffs have a much higher burden to prove sufficient and necessary contacts. *See Fogarty v. U.S. Truck, Inc.* 2005 WL 3982061 at *4 (N.D. Tex. 2005); *Norwood v. Teather,* at *2 (2005 WL 723863 (N.D. Tex. 2005). In fact, only once has the Supreme Court upheld the exercise of personal jurisdiction when the suit was unrelated to the defendant's contacts with a forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S.

408, 416 (1984).  In *Helicopteros*, purchasing equipment in a forum and traveling to that forum on related business was insufficient to confer personal jurisdiction.

### 1. NTI Did Not Maintain Substantial, Continuous And Systematic Contacts With Louisiana.

Plaintiffs essentially concede that FCCI does not have sufficient contacts with Louisiana to subject it to jurisdiction in this Court.  Plaintiffs argue that contacts of a subsidiary entity, NTI, are sufficient to confer personal jurisdiction over FCCI in Louisiana in this case.  Plaintiffs fail to meet the burden for showing general jurisdiction over NTI and even more so over FCCI.  NTI lacks sufficient contacts with Louisiana to support general personal jurisdiction.

Whether FCCI is subject to personal jurisdiction "is a one-step analysis of the constitutional due process requirements."  *Ruppert v. George Kellet & Sons, Inc.*, 996 So.2d 501, 505-506 (La.App. 5 Cir., 2008); *See also Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990) ("the exercise of jurisdiction [over a non-resident defendant] … must comport with norms imposed by the due process clause of the fourteenth amendment.").  When the cause of action does not arise from or relate to the foreign corporation's purposeful conduct within the forum state, due process requires that there be *continuous* and *systematic* contacts between the State and the foreign corporation to support an exercise of "general" personal jurisdiction. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (5th Cir. 1987).  Haling FCCI into this forum under the circumstances that exist here violates due process. *See Ruston Gas Turbines, Inc. v. Donaldson Co., Inc*., 9 F.3d 415, 418 (5th Cir.1993) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *R.S. 13:3201*(B); *Ruppert*, 996 So. 2d at 505 (citing *Superior Supply Co.*

*v. Assoc. Pipe and Supply Co.*, 515 So. 2d 790, 792 (La. 1987)); *Tsaoussidis v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 3448133 (5th Cir. 2009).

First, the mere insuring of residents in a foreign state does not constitute "doing business" in the state of the insured. *Sasnett v. Iowa State Traveling Men's Ass'n,* 90 F.2d 514 (8th Cir. 1937). Additionally, selling products in the forum state through contracts in other states does not rise to sufficient contacts to be considered continuous and systematic. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (5th Cir. 1987) (no personal jurisdiction where nonresident defendant had no employees in forum state even though Beach sold $250 million of goods in the forum state through contracts entered into and executed in other states and purchased $195 million of products from Texas companies). Under this standard, NTI transacted in Louisiana is clearly did not have continuous, systematic and substantial contacts with Louisiana. *See Turan v. Universal Plan Inv. Ltd.* 70 F.Supp.2d 671, 674 (E.D. La. 1999); *LeBlanc v. Patton-Tully Transp. LLC,* 138 F.Supp.2d 817, 819 (S.D.Tex. 2001) (court concluded that exercise of jurisdiction in Texas offended traditional notions of fair play even though defendant derived 13% of its revenue in Texas where accident involved a Louisiana resident and the cause of action arose in Mississippi.); *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1362 (5th Cir.1990) (holding that general jurisdiction did not exist even though 12.9% of the company's charter boat revenues were generated in Louisiana, the defendant engaged in advertising which reached Louisiana, and purchased vessels in Louisiana); *Helicopteros, supra,* 466 U.S. at 411, 417-18 (holding that the non-resident defendant's purchase of 80% of its helicopter fleet, as well as spare parts and accessories for the aircraft, at a cost of several million dollars over a seven-year period was not sufficient to support the exercise of general jurisdiction where that activity was not related to the

cause of action sued upon); *Access Telecom, Inc. v. MCI Telecom. Corp.,* 197 F.3d 694, 717-718 (5th Cir. 1999) (finding no general jurisdiction even though defendant's "revenues derived from Texas residents totaled millions of dollars a month"); *Smirch v. Allied Shipyard, Inc*., 164 F. Supp.2d 903, 910-11 (S.D. Tex. 2001) (no jurisdiction where defendant corporation had 50 customers in Texas, regularly solicited and collected millions of dollars from those customers in Texas and previously been sued or defended lawsuits in Texas).

As compared to these cases, NTI and FCCI have far fewer contacts with Louisiana. From November 1, 2000 until September 13, 2007, NTI, an Indiana corporation, wrote a small amount of Workers Compensation insurance coverage in Louisiana. During that time, National Loss Control Management, Inc. ("NLCM") in Baton Rouge, Louisiana served as the General Agent for NTI. NLCM was not authorized and did not write coverage on behalf of NTI other than Workers' Compensation coverage. NLCM was not authorized and did not write business on behalf of FCCI Insurance Company or FCCI Commercial Insurance Company in Louisiana. (Affidavit of Rupert L. Willis, ¶ 11). NTI's direct written premium for residents or employers in Louisiana, as compared to FCCI's total premium revenue nationwide was: 0518% in 2006; .0487% in 2007; .002% in 2008 and 0% in 2009. Contrary to Plaintiff's insistence that NTI continued to write policies in Louisiana after November 13, 2007, the aforementioned percentage for premiums collected in Louisiana in 2008 was on business that was written before termination of the managing general agency agreement with NLCM but received after termination either due to runoff or premium audit. Such activity indirectly through an agreement with an agent is not sufficient to establish continuous or substantial contacts with Louisiana. *See Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colorado*, 2010 WL 3156773 at *2 (5th Cir. 2010)

(payment of 53 claims over a three year period to Louisiana citizens is not continuous and systematic contact with Louisiana where defendant had no offices or other accounts in Louisiana noting that the Fifth Circuit had found general jurisdiction lacking where a defendant's forum contacts were even "more significantly substantial"); *see also Hunter v. Serv-Tech, Inc.* 2009 WL 2447999 at *4 (E.D. La. 2009) (execution of an indemnity agreement with a Louisiana company is not a purposeful direction of activities toward Louisiana such that specific jurisdiction can be asserted). NTI's contacts and thus FCCI's contacts with Louisiana fall far short of that which this court has considers minimum contacts for general personal jurisdiction.

Plaintiffs argue that personal jurisdiction is not tied to the revenue of corporations as long as there are adequate minimum contacts. Plaintiffs' and PSC's Memorandum of Law in Opposition to Defendants' Motions to Dismiss for Lack of Personal Jurisdiction ("Response") at pp.19-21. Each of the cases cited by the Plaintiffs, however, is distinguishable. For example, *Haas Outdoors, Inc. v. Novelty, Inc.,* 2006 WL 1134234 at *3 (N.D. Miss. 2006) and *Luv N' Care, Ltd. v. Ins-Mix, Inc.,* 438 F.3d 465, 470-71 involve *specific* as opposed to general jurisdiction, as the defendants in those cases sold the allegedly infringing product through stores located in Mississippi and Louisiana. In fact, this Court refused to file *Luv N' Care* on that basis in *Starfleet Marine Transp., Inc. v. Kobelt Mfg. Co.* 2006 WL 3087171 at *6 (E.D. La. 2006) (no personal jurisdiction where the product at issue ended up in Florida as opposed to Louisiana). *Sanders v. Ball,* 1999 WL 397921 at *4 (E.D. La. 1999) also involved specific as opposed to general jurisdiction since the defendant in that case injured a Louisiana resident. Finally, *Praetorian Specialty Ins. Co. v. Auguillard Constr. Co. Inc.* 2010 WL 2026655 at *6 (W.D. La. 2010) involved a specific jurisdiction analysis where the first suit that defendant filed was related

7

to the second suit that defendant was fighting jurisdiction. As noted above, the burden is far different on parties, such as Plaintiffs here, attempting to assert specific as opposed to general jurisdiction.

### 1. FCCI's Relationship with NCLM Does Not Establish Minimum Contacts with Louisiana

NCLM cannot be used to impute personal jurisdiction over FCCI since they are separate and distinct entities. FCCI does not exercise control over NCLM. *DP Solutions v. Rollins,* 24 Fed. Appx. 150 (5th Cir. 2002) and *Hamilton v. Mosiac Co.,* 2009 WL 2870215 (E.D. La. 2009). *Administrators of Tulane Educational Fund v. Biomeasure, Inc.,* 687 F.Supp.2d 620, 629 (E.D. La. 2009) ("Plaintiff's have not even attempted to demonstrate that Ipsen exercises sufficient control over Tercica to fuse the two for jurisdictional purpose, and the Court rejects this basis for exercising jurisdiction over Ipsen"). Moreover, in the case of the independent agencies which are not located in Louisiana, Plaintiffs ignore the critical distinction between doing business with as opposed to doing business in the state of Louisiana. *King v. Hawgwild Air, LLC,* 2008 WL 2620099 at *4 (N.D. Tex. 2008) (explaining the difference between doing business in the state which can subject a defendant to personal jurisdiction from doing business with the state which does not).

As General Agent, NLCM operated independently of NTI and FCCI and no FCCI entity exercised any control over the daily activities of NCLM. From 2000 through 2007 NLCM handled claims made with regard to the Louisiana coverages it wrote for NTI in Louisiana. NLCM hired the adjusters responsible for handling all NTI claims in Louisiana. NLCM had the authority to adjust, settle, deny and/or pay losses and loss adjustment expenses on behalf of NTI

during that time frame. NLCM maintained all claims files related to the Louisiana policies issued by NTI. (Affidavit of Rupert L. Willis, ¶11). No entity related to any FCCI or any affiliated company (including FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, and FCCI Services, Inc.) retained any right to control and exercised no control over the operations of NLCM. No employee of NLCM was an employee of FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc. (Affidavit of Rupert L. Willis, ¶11). Any communications between NTI and its Louisiana insureds, policy holders claimants, or any others, were handled by NLCM. NLCM filed all required claims reports with the Louisiana Department of Insurance.

Further, NTI's General Agency Agreement with NLCM was terminated effective September 13, 2007. In 2008, 2009 and 2010, NTI did not authorize any insurance agent to write business on its behalf in Louisiana. (Affidavit of Rupert L. Willis, ¶¶11-12). There was no overlapping ownership, control or management between NLCM and FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc. at any time. (Affidavit of Rupert L. Willis, ¶ 13).

Clearly, based on these facts as supported by Rupert Willis' Affidavit, there was no effort by FCCI Insurance Company or FCCI Commercial Insurance Company to manage or control the business NLCM wrote in Louisiana using NTI's policy forms. NLCM made all the decisions, issued the policies, maintained the policies, renewed or cancelled the policies, adjusted the claims, and issued loss payments. NLCM simply used NTI's policy form. Absent a significant level of control, this Court simply cannot impute business NLCM conducted upon FCCI for jurisdictional purposes. Even if the business of NLCM can be imputed upon FCCI's subsidiary,

NTI, NTI's contacts are insufficient to support jurisdiction. The existence of a subsidiary that conducted a limited amount unrelated business in the state more than two years ago simply is not sufficient to show "purposeful availment" by the FCCI Defendants.

The Plaintiffs cite only a few cases that address general jurisdiction. Each is readily distinguishable from the case at bar. In *Pacific Employers Ins. Co. v. M/T Iver Champion,* 1995 WL 295293 at *2-3 (E.D. La. 1995), for example, one of the defendant's (Gard) most significant members was headquartered in New Orleans, Louisiana. Gard insured all of the vessels (about 1,000) owned by this member. In addition, Gard listed a Louisiana attorney as its correspondent who was specifically designated to perform services in Louisiana for its Louisiana insureds, and one of its Committee members resided in Louisiana. Gard also made regularly scheduled visits to Louisiana. Finally, Gard's business in Louisiana represented 72% of all of its letters of guarantee issued in the United States. In stark contrast, FCCI has no employees in Louisiana, does not make regularly scheduled visits to the state.

*Hicks v American Heritage Life Ins. Co.,* 332 F.Supp. 2d 1193 (W.D. Ark. 2004), another case Plaintiffs cite, actually involved specific as opposed to general jurisdiction since the suit involved the life insurance policy issued by the defendant to an Arkansas citizen. The present case does not involve specific jurisdiction, as none of FCCI's policies in this case were issued to a Louisiana insured nor does this suit involve a claim for property damage or bodily injury allegedly sustained by a Louisiana citizen.

Additionally, *Dooley v. Pennsylvania Nat'l Mut. Cas. Ins. Co.,* 1988 WL 28377 at *2 (D.D.C. 1998), involved a different long arm statute which allowed jurisdiction to attach if the corporation had *any* continuing corporate presence directed at advancing the corporation's

objectives.  In reaching its decision the *Dooley* court recognized that its decision to confer jurisdiction was contrary to two prior decisions where the corporations in those cases derived less than 1% of their revenue in the District of Columbia.  *See Hughes v. A.H. Robins Co.*, 490 A.2d 1140 (D.C. 1985) and *Bayles v. K-Mart Corp.*, 636 F.Supp. 852, 855-56 (D.D.C. 1986).  Unlike *Dooley*, other courts have relied on *Hughes* and *Bayles* to determine whether contacts similar to FCCI's contacts were sufficient to invoke personal jurisdiction.  Finally, *Dooley* is inconsistent with the law of this Circuit in that here a corporation cannot submit itself to personal jurisdiction by merely registering to do business  *Wenche Siemer v. Learjet Acquisition, Corp.*, 966 F.2d 179, 181 (5th Cir. 1992) (mere appointment of an agent to do business without more does not establish personal jurisdiction).

  Plaintiffs' cite *Hogue v. State Farm,* 2009 WL 2525751 at *5-6 (E.D. La. 2009) for the proposition that hailing FCCI into Louisiana will not offend the traditional notions of fair play.  However, in *Hogue* the plaintiff was a Louisiana citizen.  That is not the case here. None of the plaintiffs with claims against FCCI are Louisiana citizens. This crucial distinction is yet another reason why haling FCCI into Louisiana offends the traditional notions of fair play and substantial justice.  For the same reason *Alden v. State Farm Fire and Cas. Co.*, 760 So.2d 431, 434 (La. Ct. App. 2000) is also distinguishable.

  Next, Plaintiff's rely on *Aetna Cas. & Sur. Co. v. Cont'l Western Ins. Co.*, 704 So.2d 900 (La. Ct. App. 1997).  Like nearly every other case Plaintiff's rely upon, *Aetna* involves specific as opposed to general jurisdiction.  *Id.* at 903.  When analyzing whether the assertion of jurisdiction violated due process, the court concluded that it would not be unreasonable or unfair

11

to require an insurer to come to Louisiana when it refused to defend a Louisiana insured.  *Id.* at 904.  Such is not the case here.

Finally, Plaintiff's rely on *Trizec Props., Inc. v United States Mineral Products Company*, 1990 WL 142017 (E.D. La. 1990).  Interestingly, the *Trizec* court cited with approval two cases relied upon by FCCI that Plaintiffs made absolutely no attempt to distinguish.  *Id.* at *3 citing *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 375 (5th Cir. 1987) and *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359 (5th Cir. 1990).  Moreover, *Trizec* is distinguishable for several important reasons.  First, the defendant in *Trizec* made nearly monthly visits to Louisiana, staying in Louisiana for as much as three days at a time. It trained Louisiana customers on-site how to use their products, advertised in two Louisiana publications, attended trade shows in Louisiana, and used the Port of New Orleans as a transshipment point to send its products overseas.  Second, unlike the instant case, Louisiana was the only forum available for the suit as the other two states with a greater interest in the dispute were not available since the suit would have been barred by those state's statutes of limitation.  The *Trizec* court observed that the "unavailability of other forums negates any claim that the suit would be more efficiently resolves elsewhere." *Id* at *6.  This is not the case here, as the Plaintiffs are already defendants in Florida suits together with all of the necessary parties, and can certainly litigate their claims in Florida, the state most closely related to all of the claims at issue.  Finally, Louisiana had a strong interest in *Trizec*, which is not present here since Louisiana had enacted a specific law to ensure the broad availability of asbestos abatement.  *Id.*

### 2. Even if NCLM's Contacts are Imputed to FCCI, NCLM no Longer has Contacts with Louisiana in the Course of its Business

Accidents that occurred more than ten years before the action at issue are simply too remote in time to be relevant to this Court's decision of whether to assert jurisdiction over FCCI now. *See Paolino v. Argyll Equities, L.L.C.* 401 F.Supp. 2d 712, 720 (W.D. Tex. 2005). For considerations of general jurisdiction, the court should only consider the defendant's contacts with the forum state over a reasonable number of years up to the date the suit was filed. Praetorian, 2010 WL 2026655, at 7 (citing Johnston, 523 F.3d at 610); *see also Alpine View Co. v Atlas Copco AB,* 205 F.3d 208, 217 (5th Cir. 2000) (quoting *Access Telecom, Inc. v. MCI Telecomms. Corp.,* 197 F.3d 694, 717 (5th Cir. 1999)).

Contacts over a period of five years has been held to be inadequate where the contacts relied upon were forty-seven calls at a Louisiana port by ships allegedly managed by the defendant. *Asarco, Inc. v. Glenara, Ltd*, 912 F.2d 784, 787 (5th Cir. 1990); *see also Johnston v. Multidata Sys. Int'l Corp*, 523 F.3d 602, 611-12 (5th Cir. 2008) (Finding contacts too insignificant and sporadic when over a period of five years the defendant sold approximately $140,000 worth of goods and services contracts to customers in the forum state, which sales represented three percent of defendant's business and resulted in periodic trips by employees to the forum state for equipment service).

As explained above, Plaintiff can point to no direct contacts by FCCI supporting jurisdiction, but instead rely upon limited, past contacts one of its subsidiaries had with Louisiana not directly, but through an agent, with whom the subsidiary no longer has an affiliation. The only contacts the subsidiary, NTI, had with Louisiana, which was by way of

13

limited premiums collected for workers compensation insurance, terminated in 2007 (and at the most these premiums totaled less than 1% of NTI's annual revenue).

NTI's limited, sporadic business activities or contacts related to this forum state do not rise to substantial, continuous contact and in this limited temporal period do not support sufficient contact to subject FCCI to general personal jurisdiction.

### B.      Maintaining this Action Offends Traditional Notions of Fair Play and Substantial Justice

Maintaining the present action offends traditional notions of fair play and substantial justice.  Plaintiffs agree that the factors of whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice" are 1) the burden on the defendant in defending the lawsuit; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and, 5) the shared interest of the states in furthering fundamental substantive social policies.  *Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 671 (11th Cir. 1993) (citing *Int'l Shoe Co.*, 326 U.S. at 316).

None of the factors favor personal jurisdiction in Louisiana.  First, FCCI, a Florida Company will incur a financial burden to defend this suit, related to a Florida matter, in Louisiana.  Second, this Court does not have an interest in adjudicating Plaintiff's claims, as the cause of action occurred in Florida and Plaintiff is a Texas resident. Plaintiff's claim that Louisiana has a strong interest in litigation concerning Louisiana citizens.  Response at pp. 30-31.  This mate be true, but none of the cases here involve Louisiana citizens.  Third, since there is no connection between these insurance coverage disputes and Louisiana, litigating these suits

in Louisiana would only create inconvenience and additional cost to the parties.  Plaintiffs do not even attempt to argue otherwise.

Fourth, the most efficient resolution of this case cannot be in Louisiana, because jurisdiction is lacking as to certain insurers and FCCI's Subcontractors cannot be sued in Louisiana.  Plaintiffs' assert without any support that dismissal will contravene the goal of efficient administration of justice since Pate may have to sue the various insurance companies in different jurisdictions.  Response at p. 31.  This assertion is false.  As Plaintiffs well know all 21 insurers can be sued in the Middle District of Florida.  This should come as no surprise since all insurers involved in these cases entered into insurance contracts with Florida insureds who built homes in Florida.  Moreover, unlike these Louisiana suits, the Florida litigation already includes FCCI's named insureds under which WCI claims it is an additional insured.  Thus, the most efficient forum is Florida since all of the parties and insurers can be sued in Florida.  Only the dismissal of these cases will allow all of the necessary parties to adjudicate this dispute in one forum.

Lastly, having this Court decide coverage for Florida corporations and Florida citizens does not further any social policies and, once again, Plaintiffs really do not argue otherwise.  Response at p. 31.  There simply is no basis to bring FCCI into a Louisiana court to interpret Florida policies with relation to construction activities in Florida.  Moreover, the purpose of an MDL procedure is not to provide bellwether arguments that other courts will look to for guidance.  Rather the purpose of the MDL is to handle pre-trial procedures and then refer cases transferred into an MDL back to those courts so local courts handle local matters to conclusion.  *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 41-42 (1998).

### III.   CONCLUSION

FCCI's contacts with Louisiana fail to rise to the general jurisdiction standard which this Court has established constitutes substantial, continuous and systematic contacts with Louisiana during the relevant time frame. Further, maintenance of this action would violate traditional notions of fair play and substantial justice. here exists an appropriate forum in which this dispute should be heard. Florida courts have personal jurisdiction over FCCI and the necessary subcontractor insureds which are Florida entities. For the foregoing reasons this court cannot exercise personal jurisdiction over FCCI and maintaining this action in Louisiana would offend traditional notions of fair play and substantial justice.

This 29th day of October, 2010.

Respectfully submitted,

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for FCCI COMMERCIAL INSURANCE COMPANY and FCCI INSURANCE COMPANY


BY:   /S/ ROBERT M. DARROCH
ROBERT M. DARROCH
GA State Bar No.:  205490
rdarroch@gmlj.com
STEPHANIE F. GLICKAUF
GA State Bar No.:  257540
sglickauf@gmlj.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
Phone:  (404) 264-1500
Fax:    (404) 264-1737

AND

                                        MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC

By:   /s/ PATRICK E. COSTELLO
       PATRICK E. COSTELLO (#26619)
       pcostello@mblb.com
       JACQUES P. DeGRUY (#29144)
       jdegruy@mblb.com
       4250 One Shell Square
       701 Poydras Street
       New Orleans, Louisiana 70139
       Telephone: 504-595-3000
       Facsimile: 504-522-2121

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing DEFENDANTS FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

This 29th day of October, 2010.

/s/ PATRICK E. COSTELLO
PATRICK E. COSTELLO (#26619)
pcostello@mblb.com
JACQUES P. DeGRUY (#29144)
jdegruy@mblb.com
4250 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: 504-595-3000
Facsimile: 504-522-2121