# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "L" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| *Catalanotto*, No. 10-CV-01828 | * | |
| | * | MAG. WILKINSON |

**************************************************

## DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
## REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

The Plaintiffs' Steering Committee ("PSC") continues to engage in improper procedural gamesmanship in this case, in a further attempt to deprive The Standard Fire Insurance Company ("Standard Fire") of its right to be heard when Rule 12 motions are adjudicated in these consolidated proceedings.  In response to Standard Fire's motion to dismiss, the PSC previously filed a motion for dismissal of *Catalanotto* without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. 4835), in an attempt to avoid litigating the merits of this case.  Standard Fire opposed the motion for voluntary dismissal, arguing that the PSC was improperly trying to deprive Standard Fire of its ability to participate in the upcoming September 2, 2010 hearing, and that the Court was required to adjudicate Standard Fire's Counterclaim for declaratory relief (Doc. 5071).  After oral argument, the Court *denied* the PSC's motion on August 12, 2010 (*see* Minute Entry, Doc. 5207).

Notwithstanding this Court's denial of the motion for voluntary dismissal, the PSC still has failed to file a substantive opposition to Standard Fire's pending motion to dismiss Mrs. Catalanotto's Complaint as to Standard Fire. Standard Fire's motion to dismiss was filed on July 19, 2010 (Doc. 4467), and Plaintiff's response is long overdue. This Court ordered that responses be filed by **August 2, 2010** (*see* Doc. 4300). The PSC initially filed a non-substantive response, claiming, incorrectly, that Standard Fire's motion to dismiss was moot because they had filed a motion for voluntary dismissal of the case without prejudice (Doc. 4826). After the Court denied the PSC's motion for voluntary dismissal, the PSC waited over a week before taking any action. Then, on August 20, 2010, the PSC filed a motion to sever and for leave to amend (Doc. 5281-1). This motion was accompanied by another non-substantive "supplemental" response to Standard Fire's motion to dismiss, claiming that the amendment of the complaint would moot the motion to dismiss (Doc. 5282-2). But the motion for leave to amend has not even been set for hearing.[1] Seeking leave to amend does not obviate the need to respond to the merits of the motion to dismiss. The PSC is engaging in yet another attempt at procedural gamesmanship, contravening this Court's ruling denying the motion for voluntary dismissal.

Not only do this Court's previous findings make it indisputable in this proceeding that the exclusions discussed in Standard Fire's motion to dismiss (Doc. 4467) apply to the facts of Plaintiff's claimed loss (*see In re Chinese Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, Doc. 2380 ("*Germano*")), even the bare bones proposed amended complaint confirms that such is the case. The one and only one substantive allegation in the proposed amended complaint is that:

---

[1] Standard Fire reserves the right to oppose the motion for leave to amend if and when it is set for hearing, on the grounds, among others, that the amendment is futile.

On or around May 2009, Plaintiff discovered that her home was constructed using Chinese manufactured drywall, which caused and continues to cause physical loss and damage to Plaintiff's home and contents. ***The Chinese drywall emits compounds that cause rapid sulfidation of air-conditioner coils, copper tubing, electrical wiring, computer wiring and other household items***.

(Doc. 5281-4, at ¶ 5 (emphasis added).)

Thus, Plaintiff expressly has admitted that the drywall in her home ("Catalanotto Drywall") has caused "sulfidation" of metal components in her residence.  The word "sulfidation" means "the process of sulfiding," and "sulfide" means "a compound of sulfur" and "a salt of hydrogen sulfide."  WEBSTER'S THIRD NEW INT'L DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 2287 (1993).  Hydrogen sulfide is "a colorless flammable very poisonous gas $H_2S$ that has a disagreeable odor suggestive of rotten eggs . . . ."  *Id.* at 1108.  The amended complaint thus alleges that the claimed damage to metal components in the Catalanotto residence was caused by the formation of sulfur compounds on those metals due to the process of sulfiding, caused by hydrogen sulfide gas emitted by the Catalanotto Drywall.  *See also In re Chinese Manufactured Drywall Prods. Liab. Litig. (Germano)*, MDL No. 2047, Record Doc. 2380, at 12-15 (describing the Court's findings in *Germano* with respect to such a process).

The arguments made in Standard Fire's motion to dismiss are fully applicable to these new allegations.  Taking Plaintiff's new proposed allegations as true for purposes of Standard Fire's motion to dismiss, these allegations further demonstrate the applicability of the faulty materials, latent defect, pollution and corrosion exclusions.  Drywall that, as Plaintiff claims is the case with the Catalanotto Drywall, emits noxious gases causing damage to various building components is a "faulty, inadequate or defective" material within the ordinary meaning of those words.  (*See* Doc. 4467-1, at 10-12.)  The fact that the Policy was purchased in November of

3

2008 (*see* Policy, Declarations), but the problems were not discovered until May of 2009, six months later (*see* Proposed Amended Complaint, ¶ 5), further demonstrates that the alleged defect in the Catalanotto Drywall is a "latent" one that is excluded by the latent defect exclusion. (*See* Doc. 4467-1, at 7-10.)  "Sulfidation" is simply another word for "corrosion," and thus the exclusion for loss caused by corrosion also applies.  (*See id.* at 12-14.)  A noxious gas that causes rapid corrosion (or "sulfidation") of metals, such as hydrogen sulfide, is plainly a "pollutant" under the policy's pollution exclusion, which is defined to include a "contaminant" or an "irritant."  (*See id.* at 14-19.)  The proposed amended complaint continues to fail to plead any "direct physical loss" to the Catalanotto Drywall itself, which is another reason why there is no coverage for it.  (*See id.* at 19-20.)  The proposed amended complaint also fails to plead that the claimed damage to personal property was caused by any of the 16 named perils for which the policy provides personal property coverage.  (*See id.* at 21.)

Thus, even if Plaintiffs were allowed to file their eleventh-hour amendment, Standard Fire would still be entitled to judgment as a matter of law.  The Court should proceed to hear oral argument on Standard Fire's motion together with the other pending Rule 12 motions on September 2, and adjudicate that motion on the merits.

## <u>CONCLUSION</u>

For all of the foregoing reasons, in addition to those stated in Standard Fire's motion to dismiss and supporting memorandum of law, Standard Fire's motion to dismiss should be granted, and the Complaint dismissed, in its entirety, with prejudice.

Respectfully submitted,

/s/ Seth A. Schmeeckle
**Ralph S. Hubbard III, La. Bar No. 7040**
**Seth A. Schmeeckle, La. Bar No. 27076**
**LaDonna G. Wilson, La. Bar No. 29102**
Lugenbuhl, Wheaton, Peck,
      Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195
e-mail:      rhubbard@lawla.com
           sschmeeckle@lawla.com
           lwilson@lawla.com

**And**
**Of Counsel**
**STEPHEN E. GOLDMAN**
**DANIEL F. SULLIVAN**
**WYSTAN M. ACKERMAN**
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:    (860) 275-8200
Facsimile:    (860) 275-8299
e-mail:      sgoldman@rc.com
           wackerman@rc.com
           gdwyer@rc.com

**Counsel for The Standard Fire Insurance**
**Company**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Memorandum in Further Support of The Standard Fire's Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of August, 2010.

   /s/Seth A. Schmeeckle
**Seth A. Schmeeckle, La. Bar No. 27076**

5