THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| | * | SECTION: L |
| This Document Relates to: Mathew D. Hughes, et al v. Rogers Company, L.L.C.; Docket No. 10:1649 | * * * | JUDGE: FALLON |
| | * * | MAG. JUDGE WILKINSON |
| | * * | |

# ROGERS COMPANY, L.L.C.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

## INTRODUCTION

Defendant, Rogers Company, L.L.C., makes this Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss plaintiffs' Complaint because the redhibition and negligence claims pled therein have prescribed under the substantive law of Louisiana. Plaintiffs have failed to state claims upon which relief may be granted. It is improper to grant relief for claims that have prescribed. Further, having pled delictual actions, plaintiffs are precluded from seeking to recover under unjust enrichment. Where the claims for redhibition and negligence have prescribed, the remaining unjust

enrichment claim is not sufficient to maintain the viability of this lawsuit. Here, the home was delivered to the buyer by an act of cash sale on July 31, 2008. Plaintiffs filed the Complaint herein on June 4, 2010, well after the one year prescriptive period had expired.

Plaintiffs allege redhibitory defects in their residential property as a result of work performed by defendant, Rogers Company, LLC. Specifically, the Complaint avers that the redhibitory defects made the home unfit for its ordinary use as a residential property. Plaintiffs also claim that defendant was negligent in performing its work by failing to exercise reasonable care in renovating and selling the home. As a result, planitiffs allege that they were unjustly impoverished and the defendant was unjustly enriched without cause. Though viable claims under Louisiana law and jurisprudence, they have prescribed under equally operable Louisiana Law concerning liberative prescription. Negligence claims, as well as claims for the redhibitory defects described in the Complaint are governed by a one year prescriptive period. Further, the plaintiffs are precluded from asserting the remaining unjust enrichment claim.

Plaintiffs have failed to state a claim for which relief may be granted, as relief cannot be granted for claims that have prescribed. This honorable Court should dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Bennett v. United States*, 2001 U.S. Dist. LEXIS 12105 (E.D. La. July 26, 2001). A district court may not dismiss a complaint under FRCP 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. *Id.* The question, therefore, is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. *Id.*

## STATEMENT OF FACTS

All facts set forth herein are based on the pleadings in this matter. Defendant renovated a residence damaged by Hurricane Katrina, bearing the municipal address at 3513 Van Cleave Drive, Meraux, LA 70075. Plaintiffs purchased the home from defendant by an act of cash sale dated July 31, 2008. Following the act of cash sale, plaintiffs occupied the home as their primary residence.

In June 2009, plaintiffs began experiencing problems including, but not limited to, issues with the air conditioning system. Plaintiffs identified that discolored and corroded air conditioning coils needed to be replaced despite being only two to three years old. Also, plaintiffs noticed pitted and corroded copper piping, as well as discolored and corroded copper wiring throughout the home.

As a result, plaintiffs filed a Complaint against defendant on June 4, 2010. Specifically, plaintiffs allege unjust enrichment, redhibition, and negligence. Plaintiffs claim that they were unjustly impoverished and that defendant was unjustly enriched without justification or cause. Further, plaintiffs claim redhibitory defects in the home, making it unfit and useless for its intended purpose and ordinary use as a personal residence. Also, plaintiffs claim that defendant had a duty to exercise reasonable care in renovating and selling the home, including the duty to assure that the renovated home was fit for use, would perform as intended, and would not cause damage described in the Complaint. Defendants allegedly breached this duty by failing to exercise reasonable care in the renovation and sale of the home; defendant knew or should have known that the renovated home was unfit, contained redhibitory defects, did not function as intended, and/or created a high risk of unreasonable, damaging side effects.

## ARGUMENT

### I. THE REDHIBITION AND NEGLIGENCE CLAIMS HAVE PRESCRIBED UNDER LOUISIANA LAW.

Louisiana law provides specific time periods within which legal action must be taken. Article 3447 of the Louisiana Civil Code states that "liberative prescription is a mode of barring of actions as a result of inaction for a period of time." For courts to grant any type of relief or exercise jurisdiction over claims, they must be brought within the time period designated by appropriate Louisiana law. Though redhibition and negligence are well established causes of action in Louisiana law and jurisprudence, they have corresponding prescriptive periods which must be adhered to.

#### A. Louisiana substantive law states that redhibition claims are governed by a one year prescriptive period.

The prescriptive period for claims alleging redhibitory defects in residential immovable property is explicitly asserted in the Louisiana Civil Code. Specifically, the Code states the following:

> A.(1) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.
> (2) However, **when the defect is of residential or commercial immovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.** (Emphasis added).

La. Civ. Code Art. 2534.

According to the Complaint, plaintiffs purchased the home located at 3513

Van Cleave Drive, Meraux, Louisiana, 70075 by an act of cash sale on July 31, 2008. The immovable property was purchased, by plaintiffs' own admission, for primary and sole use as residential property. The Complaint alleges redhibitory defects of the air conditioning system, air conditioning coils, wiring, and piping, which render the property unfit for use as a primary residence.

However, plaintiffs have presented no evidentiary support for the assertion that defendant had constructive or actual knowledge of redhibitory defects in the home. Defendant did not know and had no way of knowing the existence of redhibitory defects in the home at the time of sale. Though defendant was involved in renovation of the home, this does not establish knowledge of all possible redhibitory defects.

In *Holland v. Breaux,* 2005 U.S. Dist. LEXIS 36523 (E.D. La. November 2, 2005), the plaintiff attempted to raise issues of fact to suggest defendant may have known of defects in the house at the time of the sale. Plaintiff alleged the following:

> Because defendant was involved in the design and construction of the house, defendant would have known that the foundation of the home was constructed with untreated lumber, that the house suffered from drainage problems severe enough to require sump pumps be installed in the crawl space, and that the dryer had been vented into the crawl space. In response to an interrogatory asking "at whose instruction were such pumps placed," defendant admits that it was "Bob Frazier and Prosper Breaux." Defendant also stated that he did "not recall whether plaintiff was told where the sump pumps were located." Nor did defendant recall who was responsible for selecting untreated lumber for use in the construction of the house's subfloor.

*Holland* at 14. However, the court held that the defendant had no knowledge of the home's defects, even though the defendant was integrally involved in the home's

construction. Specifically, the court reasoned:

> Plaintiff, however, has not provided any evidence to suggest that defendant knew of the house's structural defects, including its rotting subfloor and floor joists, at the time of the sale. Plaintiff's averments regarding the untreated lumber, sump pumps, and dryer vent, even when taken to be true, do not suggest defendant's knowledge, actual or constructive, of the redhibitory defect. To the contrary, the record shows that defendant experienced none of the structural problems about which plaintiff complains.

*Holland* at 15. A plaintiff must do more than make an assertion that a defendant had knowledge of redhibitory defects to establish such knowledge. In *Holland*, the court held that the plaintiff did not assert sufficient facts to establish that the defendant had knowledge of the defects. The court also cited additional cases, wherein the plaintiff failed to establish knowledge:

> Plaintiff presents evidence that defendant, prior to the sale of the house, contacted civil engineer Darrell Fussell regarding drainage problems on Breaux's property. Fussell stated in his deposition, however, that his consultation was limited to the issue of surface water drainage, not any issue with the floor joists or crawl space. Even assuming that defendant had notice of a moisture problem in the crawl space, the evidence is insufficient to show that defendant had actual or constructive knowledge of the severity of the problem, which plaintiff admits "was not determined until the house began to collapse." See, e.g., *Sterbcow v. Peres*, 222 LA. 850, 64 So. 2d 195, 200 (La. 1953) (holding that defendant seller's knowledge of crack in wall of building did not put defendant on notice of redhibitory defects); *Ward v. Kemp*, 539 So. 2d 1291, 1293 (La. App. 3d Cir. 1989) (finding sellers did not have constructive knowledge of roof defects where roof had not leaked since its repair six years prior to sale); *Coleman Oldsmobile, Inc. v. Newman & Assocs.*, 477 So. 2d 1155, 1160 (La. App. 1st Cir. 1985) (affirming trial court's decision that the "minor service work" performed on car was insufficient to show defendant should have been aware of the alleged redhibitory defects in car's engine). Plaintiff does not present evidence that defendant had any prior inspection of the house's foundation performed or was in any way on notice of problems in the crawl

> space. Nor does plaintiff provide evidence to show that defendant actively concealed any alleged defects in the house's foundation.

*Holland* at 15-16. Here, the plaintiffs have done nothing more than make an assertion that defendant had knowledge of redhibitory defects at the time of sale. This is insufficient and plaintiffs have not met their burden of proof.

Under these circumstances, any claims for redhibitory defects prescribe in one year from the day delivery of the property was made to the buyer. Here, the home was delivered to the buyer by an act of cash sale on July 31, 2008. Plaintiffs filed the Complaint herein on June 4, 2010, well after the one year prescriptive period had expired.

### B. Louisiana substantive law states that negligence claims are governed by a one year prescriptive period

Negligence claims are asserted as delictual actions in Louisiana. Louisiana Civil Code Article 3492 states that delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.

In the Complaint, plaintiffs stated that, "In June 2009, plaintiffs began experiencing problems, including, but not limited to problems with the air conditioning system. On further investigation, plaintiffs discovered that the discolored and corroded air conditioning coils needed replaced [sic] despite being only two to three years old, and, on further investigation, discovered pitted and corroded copper piping, and discolored and corroded copper wiring throughout the Home."

Plaintiffs failed to allege a specific date when injury or damage was sustained, as is required by the Louisiana Civil Code. Plaintiffs merely assert a month and a year when they began experiencing problems. This vague and ambiguous assertion is insufficient to establish a date when injury or damage was sustained. The Complaint was filed on June 4, 2010. Even if, *arguendo*, the Court applies June 1, 2009, as the date when injury and damages were sustained, the suit would still be filed untimely, as Louisiana Civil Code Article 3492 states that delictual actions are subject to a liberative prescription of one year.

## II. CLAIMS WHICH HAVE PRESCRIBED ARE NOT CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

The plaintiffs' claims for redhibition and negligence have prescribed under Louisiana Law. Federal Rule of Civil Procedure specifically lists "failure to state a claim upon which relief can be granted" as a defense. Fed. R. Civ. P. 12(b)(6). "A district court may not dismiss a complaint under FRCP 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S.Ct. 99 (1957). There is no valid claim for which relief can be granted if the claims are prescribed. *Fields v. Stalder*, 2002 U.S. Dist. LEXIS 13430 (E.D. La. July 18, 2002).

## III. HAVING PLED A DELICTUAL ACTION, PLAINTIFFS ARE PRECLUDED FROM SEEKING TO RECOVER UNDER UNJUST ENRICHMENT.

In addition to claims for redhibition and negligence, plaintiffs allege that they were impoverished and that the defendants were unjustly enriched with cause or justification. However, Louisiana jurisprudence establishes that once a delictual action has been pled, a

plaintiff cannot recover under unjust enrichment.

In *Walters v. Medsouth Record Mgmt., LLC,* 38 So. 3d 245, 2010 La. LEXIS 1375 (La. 2010), the plaintiff's original petition alleged that he suffered harm as a direct result of the negligent and tortious conduct of the defendant. However, having pled a delictual action, the court held that the plaintiff was precluded from seeking to recover under unjust enrichment. *Walters* at 246. The court found it "of no moment that the plaintiff's tort claims had prescribed; that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id.* at 246.

Pursuant to the Louisiana Civil Code, Article 2298, the remedy of unjust enrichment is subsidiary in nature, and shall not be available if the law provides another remedy. The unjust enrichment remedy is only applicable to fill a gap in the law where no express remedy is provided. *Walters* at 246.

As in *Walters*, the plaintiffs have asserted delictual, tort-based actions, which have prescribed. Unjust enrichment is the only claim remaining. Louisiana jurisprudence is clear that unjust enrichment is not a viable claim where an appropriate delictual action is available.

## IV. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P.12(b)(6).

It has been established that the redhibition and negligence claims herein have prescribed. The burden of proof falls on the party pleading prescription; however, if the petition appears prescribed on its face, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. *Bennett v. United States*, 2001 U.S. Dist. LEXIS 12105 (E.D. La. July 26, 2001). Plaintiffs have done nothing to establish timeliness of the

Complaint, much less to establish any suspension or interruption of the prescriptive period. Unjust enrichment is not a viable claim where delictual actions have been pled; it cannot revive the Complaint where prescription bars the redhibition and negligence claims. No claims exist herein upon which relief may be granted; accordingly, this Court should dismiss the plaintiffs' Complaint.

## CONCLUSION

For all the reasons set forth above, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant moves this Honorable Court to dismiss plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

LAW OFFICES OF STEVEN B. WITMAN

_____
STEVEN B. WITMAN (#13621)
VALERIE THENG MATHERNE (#25898)
Two Lakeway Center - Suite 1960
3850 N. Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 836-2200
Facsimile: (504) 836-2201
switman@witmanlaw.com
vmatherne@witmanlaw.com
Attorneys for Defendant, Rogers Company, L.L.C.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this 8th day of Nov., 2010, electronically filed a copy of the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

STEVEN B. WITMAN