# EXHIBIT "1"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * | MDL NO. 2047 |
| | * | SECTION "L" |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| ALL CASES | * * * | MAG. JUDGE WILKINSON |

*****************************************************

## AGREED STAY ORDER

All claims against Lowe's Home Centers, Inc. in this centralized MDL are hereby stayed until the conclusion of the claims administration process in the pending class action settlement in *Vereen v. Lowe's Home Centers, Inc.*, Case No. SU10-CV-2267B in the Superior Court of Muscogee County, Georgia, except as follows:

1. All indentified plaintiffs in any of the Omnibus complaints, MDL Omnibus complaints in intervention, or any other matter pending before the MDL (collectively "MDL Matters"), as well as future plaintiffs in MDL Matters, and future claimants identified or represented by the PSC as of the opt out deadline established or extended by the Georgia Court in the *Vereen* class action settlement (the "Current Potential Claimants"), must either:

    a. Timely opt out of the *Vereen* class action settlement, individually, or opt out collectively through counsel of record with the following statement under each opt out form's signature line, "With My Client's Permission and Authority;" OR

b. Remain part of the *Vereen* class action settlement, timely make all submissions required by that settlement, and be bound by the release in the *Vereen* class action settlement upon final approval by the Georgia Court.

2. The PSC agrees to provide copies of any opt out notice pursuant to subpart 1.a. to counsel for Lowe's, and Lowe's agrees to provide a list of other individuals who have opted out of or requested exclusion from *Vereen* to the PSC designee, Dawn M. Barrios, Barrios, Kingsdorf & Casteix, LLP, 701 Poydras Street, Suite 3650, New Orleans, LA 70139.

3. Current Potential Claimants who have asserted or intend to assert claims against Lowe's must, by Friday, March 5, 2011, provide sufficient indicia that there is CDW in the home (i.e., the identification of markings on the drywall that establish it as CDW, whether provided in the form of photographs, actual drywall samples shown to be taken from the home, or written, signed reports by third parties of visual inspections at the home) and that the CDW in the home was purchased from Lowe's. If they do not, claims already asserted against Lowe's only by that particular Current Potential Claimant shall be dismissed by the PSC in the MDL, and no new claims may be asserted as to Lowes without such mutually agreeable proof.

4. After November 8, 2010, any individual, other than the Current Potential Claimants, who satisfies the following four Conditions Precedent, as defined below, (a "Future Claimant"), may file a motion before this Court in the MDL

requesting not to be bound by the release in the *Vereen* class actions settlement (a "Motion for Relief") and to:

   a. Join the existing *Vereen* settlement class and make all submissions required by that settlement; OR

   b. Proceed with litigation in this MDL.

5. The four Conditions Precedent that a Future Claimant must satisfy before filing the Motion for Relief are:

   a. Provide sufficient indicia that there is CDW from Lowe's in the Future Claimant's home (i.e., the identification of markings on the drywall that establish it as CDW, whether provided in the form of photographs, actual drywall samples shown to be taken from the home, or written, signed reports by third parties of visual inspections at the home) and that the CDW in the home was purchased from Lowe's; and

   b. Sign and submit a sworn affidavit in a form valid in the state of residence of the Future Claimant declaring that the Future Claimant received no actual notice of the *Vereen* settlement; and

   c. Declare in that affidavit that the Future Claimant has not been previously represented by or consulted with any attorney regarding any potential or actual CDW problem, claim, or suit; and

   d. Declare in that affidavit that the Future Claimant had no knowledge of the presence of CDW from Lowe's and that no previous inspection

of the Future Claimant's home had detected or suggested CDW from Lowe's.

6. In response to any Motion for Relief, Lowe's may challenge each of the Conditions Precedent governing eligibility for the filing of the Motion for Relief and reserves any and all defenses to the claim under the applicable law. But if this Court finds that the Future Claimant has satisfied each of the Conditions Precedent governing eligibility for the filing of the Motion for Relief, then Lowe's may not raise the *Vereen* release as a complete bar to the claim in the MDL litigation. If this Court grants a Future Claimant's Motion for Relief, then Lowe's may, at Lowe's option, allow the Future Claimant into the *Vereen* settlement for the purposes of filing a claim. If the Future Claimant has chosen to proceed with litigation in this MDL, then Lowe's agrees to waive jurisdictional defenses and defend the Future Claimant's claim in the MDL.

7. Future Claimants may file a Motion for Relief in the MDL until the dismissal of all of the Future Claimant's claims against the applicable CDW manufacturer(s) and supplier(s) in the MDL or until the termination of the MDL proceeding, whichever occurs first.

8. During the pendency of this agreed stay, the PSC and Lowe's shall cooperate in the identification and good faith resolution of any actual CDW claims against Lowe's in this MDL.

New Orleans, Louisiana, this ___ day of November, 2010.

_____
Eldon E. Fallon
United States District Court Judge