UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * MDL No. 2047<br>*<br>* SECTION L<br>*<br>* JUDGE ELDON E. FALLON<br>*<br>* MAGISTRATE JUDGE<br>* JOSEPH C. WILKINSON, JR.<br>* |

* * * * * * * * * * * * * ** * * * * * * * ** * * * * * * ** * *

**THIS DOCUMENT RELATES TO:** *The Mitchell Company, Inc. v. Wilkinson Knauf Gips, KG et al.*, **Case No. 09-4115**

### TAISHAN GYPSUM CO. LTD.'S RESPONSE TO MOTION FOR RELIEF OF STAY AND TO ESTABLISH A BRIEFING SCHEDULE

Defendant Taishan Gypsum Co. Ltd. ("Taishan") submits this response to The Mitchell Company's ("Mitchell") Motion for Relief of Stay and to Establish a Briefing Schedule ("Motion to Lift Stay" or "Motion") (Rec. Doc. No. 6260). Mitchell seeks to lift the stay in this matter in order to bifurcate Taishan's Motion Pursuant to Rules 12(b)(2) and 55(c) to Vacate the Default and to Dismiss this Action ("Motion to Vacate") (Rec. Doc. No. 5583) into (1) personal jurisdiction and (2) non-personal jurisdiction issues, and set a briefing schedule only as to the latter. However, as explained below, the purported rationale for this approach does not support bifurcation of these issues. Thus, Mitchell's Motion should be granted only to the extent that Mitchell is permitted to file an opposition to the entire Motion to Vacate in order to frame the issues for any necessary jurisdictional discovery.

On March 6, 2009, Mitchell filed a Complaint asserting, *inter alia*, that it constructed homes with drywall allegedly manufactured by Taishan and that the drywall was allegedly

defective. Mitchell served the Complaint on Taishan on or about May 8, 2009. On September 23, 2009, after Mitchell moved for an entry of default, the Court entered a preliminary default against Taishan based on a subsequently-filed Amended Complaint with which Taishan had not been served.

After learning of the entry of default, Taishan retained counsel and appeared in this action on June 10, 2010, explicitly reserving its objections to the Court's jurisdiction. And on September 21, 2010, Taishan filed a Motion to Vacate, in which it sought to vacate the entry of the default in *Mitchell* and dismiss the claims against it because: (1) this Court lacked personal jurisdiction over Taishan with respect to these claims, (2) Taishan has not been properly served with the Amended Complaint, and (3) Taishan's failure to timely respond to this lawsuit was excusable. Mitchell has not filed an opposition to the Motion to Vacate.

Instead, on October 29, 2010, Mitchell filed the Motion to Lift Stay with respect to Taishan's Motion to Vacate the previous entry of default. In that Motion, Mitchell claims that the personal jurisdiction issues contained in Taishan's Motion to Vacate should be bifurcated from the non-personal jurisdiction issues to allow the Court to decide the non-personal jurisdiction issues first. The purported rationale for this approach is that Mitchell contends it will conduct different jurisdictional discovery based on whether the entry of default is confirmed. Specifically, Mitchell claims that if the entry of default is confirmed, it will only conduct jurisdictional discovery as to Taishan, but if the entry of default is excused, it also will conduct jurisdictional discovery as to Tai'an Taishan Plasterboard Co. Ltd. ("TTP"), an entity that has not been named as a party in this suit, let alone served.

This attempted bifurcation, however, makes little sense and serves no legitimate purpose. *First*, the lack of personal jurisdiction over Taishan cannot be separated from any proper analysis

of the validity of the default. Rule 60(b)(4) requires courts to vacate defaults where personal jurisdiction is lacking. *Harper Macleod Solicitors v. Keaty*, 260 F.3d 389, 393 (5th Cir. 2001). Therefore, this Court's decision on its personal jurisdiction over Taishan must be decided before any entry of default can be confirmed. *Second*, deciding the non-personal jurisdictional issues first will not result in any judicial economy. Even if this Court decided the non-jurisdictional issues and determined (as it should) that Taishan was not properly served or that its failure to timely respond to this suit was excusable, the Court still must resolve whether it has personal jurisdiction over Taishan for these claims once Taishan has been properly served. *Third*, this Court's personal jurisdiction over Taishan, or lack thereof, should have no impact on whether Mitchell decides to pursue a claim against TTP, an entity who has not been named and is not even a party to this litigation. Although Mitchell claims that the discovery it needs "to conduct turns on which entity (Taishan or Tai'an) is at issue," the only entity possibly at issue in this case at this time is Taishan.

If Mitchell believes that it has a legitimate basis for pursuing a claim against Taishan, then it should file an opposition to the Motion to Vacate, as the PSC did in *Germano*, to address all of the issues raised. With this, both parties can focus on the issues relevant to the Motion to Vacate and thus can coordinate any necessary jurisdictional discovery with that propounded in *Germano*. This, rather than bifurcation of the issues in the Motion to Vacate, will achieve the greatest judicial economy as it will eliminate the need to conduct multiple rounds of jurisdictional discovery on Taishan.

For all of the foregoing reasons, Taishan respectfully submits that the stay in this case should be lifted only to allow Mitchell to file an opposition to Taishan's Motion to Vacate. Otherwise, Mitchell's Motion should be denied.

Respectfully submitted,

*/s/* Thomas P. Owen Jr.
Joe Cyr
Frank T. Spano
Eric Statman
Matthew J. Galvin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Email: Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com
matthew.galvin@hoganlovells.com
Telephone: 212-918-3000
Facsimile: 212-918-3100

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON
& ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
E-mail: rcs@stanleyreuter.com
tpo@stanleyreuter.em

**Attorneys for Taishan Gypsum Co. Ltd.**

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Taishan Gypsum Co. Ltd's Response to Motion for Relief of Stay and to Establish a Briefing Schedule has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of November, 2010.

                                                            */s/* Thomas P. Owen Jr.