## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED | : | MDL No. 2047 |
| DRYWALL PRODUCTS | : | |
| LIABILITY LITIGATION | : | SECTION:  L |
| | : | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | : | MAG. JUDGE WILKINSON |
| ALL CASES | : | |

### ROYAL HOMES, L.L.C.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF INSURANCE-RELATED DOCUMENTS

**NOW COMES**, through undersigned counsel, Royal Homes, L.L.C. ("Royal Homes"), defendant herein, who, pursuant to, and in accordance with, the Court's Pre-Trial Order No. 24[1], responds to Plaintiffs' *Notice of Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)* and *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* (the "Requests") as follows:

### GENERAL OBJECTIONS

1.      To the extent that any Request may be construed to request any information subject to a claim of privilege or is protected by an immunity from production, including but not limited to, the attorney-client privilege, the work product

---

[1]     Pursuant to the Court's Pre-Trial Order No. 24, plaintiffs' document subpoena shall be treated as a document request served pursuant to Rule 34 of the Federal Rules of Civil Procedure.

doctrine, or the anticipation of litigation doctrine, defendant claims such privilege or doctrinal protection.

2.     The production of any document and/or the dissemination of any information pursuant to the subject Requests is without prejudice to defendant's right to later object that such information is protected by the attorney-client privilege, the work product doctrine, and/or the anticipation of litigation doctrine, and that production of such document and/or the dissemination of any such information was inadvertent.  Nor shall the production of any document and/or the dissemination of any information be construed as an admission by defendant that said document and/or information is relevant, material, authentic, or otherwise admissible as evidence.

3.     Defendant objects to the Requests to the extent any Request seeks facts and documents that are not in defendant's possession, custody or control.

4.     Defendant objects to the Requests to the extent they attempt to impose any obligation on defendant beyond the scope of the Federal Rules of Civil Procedure and/or the Court's Pre-Trial Orders.

5.     Defendant objects to the **"DEFINITIONS & INSTRUCTIONS"** of the Requests to the extent they attempt to impose any obligation on defendant beyond the scope of the Federal Rules of Civil Procedure and/or the Court's Pre-Trial Orders.

6.     Defendant objects to the Requests to the extent the Requests call for documents and electronically stored information "relating to, referring to, describing, evidencing, embodying, or constituting" a particular topic as being overly broad, unduly burdensome and out of proportion to the document's or information's potential relevance, if any.

7.      Defendant objects to the Requests to the extent any Request is premature as discovery is ongoing.

8.      The foregoing general objections apply to every response provided hereafter as though fully set forth in the following objections and responses.

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST NO. 1**:

All policies of insurance which you believe should provide insurance coverage for the claims made against you in this litigation.

**RESPONSE TO REQUEST NO. 1**:

Defendant objects to Request No. 1 to the extent said Request calls for a legal conclusion.  Subject to the foregoing objections and without waiving the same, please see those documents, Bates Nos. Royal Homes 00001-00126, produced herewith.

**REQUEST NO. 2**:

Any and all policies of insurance, issued to you or which you claim provide coverage in effect from 2005 through the present; including, but not limited to, any and all C.G.L., excess and/or umbrella policies and state the following:  policy holder, policy limits, policy terms, policy period, policy provider/insurance carrier, agent or underwriter that provided and/or sold the policy in effect or any and all policies of insurance in full force and effect from 2005 through the present.

**RESPONSE TO REQUEST NO. 2**:

Defendant objects to Request No. 2 to the extent said Request calls for a legal conclusion.  Subject to the foregoing objections and without waiving the same, please see those documents, Bates Nos. Royal Homes 00001-00126, produced herewith.

**REQUEST NO. 3**:

Public Management Liability policies for directors of the corporation, if any.

**RESPONSE TO REQUEST NO. 3**:

Defendant objects to Request No. 3 on the grounds that said Request is vague and ambiguous in that the term "Public Management Liability policies" is undefined and, thus, subject to various meanings and interpretations.   Subject to the foregoing objections and without waiving the same, defendant responds that there are no Public Management Liability policies for directors of the corporation.

**REQUEST NO. 4**:

Primary Policies from 2005 to the present.

**RESPONSE TO REQUEST NO. 4**:

Defendant objects to Request No. 4 to the extent said Request calls for a legal conclusion.   Defendant further objects to Request No. 4 on the grounds that said Request is vague and ambiguous in that the term "primary policy" is undefined and, thus, subject to various meanings and interpretations.   Subject to the foregoing objections and without waiving the same, please see those documents, Bates Nos. Royal Homes 00001-00126, produced herewith.

**REQUEST NO. 5**:

Errors and Omissions policies, from 2005 to the present.

**RESPONSE TO REQUEST NO. 5**:

None.

**REQUEST NO. 6**:

Any and all claims made by you to your insurers related to the subject matter of the instant litigation.

**RESPONSE TO REQUEST NO. 6**:

Please see those documents, Bates Nos. Royal Homes 00127-00129, produced herewith.

**REQUEST NO. 7**:

Any and all correspondence between you and insurance brokers and/or agents relative to claims made related to the subject matter of the instant litigation; including, but not limited to coverage, scope of coverage, demand for defense, demand for indemnification, reservation(s) of rights, and denial(s) of any potential coverage.

**RESPONSE TO REQUEST NO. 7**:

Please see those documents, Bates Nos. Royal Homes 00130-00174, produced herewith.

**REQUEST NO. 8**:

Any and all correspondence/information regarding investigations conducted by insurers pursuant to the insured's request for coverage.

**RESPONSE TO REQUEST NO. 8**:

Defendant objects to Request No. 8 on the grounds that said Request is vague and ambiguous in that the term "investigation" is undefined and, thus, subject to various meanings and interpretations. Subject to the foregoing objections and without waiving the same, defendant responds that it is not in possession of any documents responsive to said Request.

Respectfully submitted,

**HELLER, DRAPER, HAYDEN
PATRICK & HORN, L.L.C.**


*/s/ Drew R. Ballina*
Warren Horn (La. Bar #14380)
Drew R. Ballina (LA Bar #01704)
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: (504) 299.3300
Facsimile: (504) 299-3399
**COUNSEL FOR ROYAL HOMES, L.L.C.**



## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing *GMI Construction, Inc.'s Objections and Responses to Plaintiffs' Request for Production of Insurance-Related Documents* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and the Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 16th day of November 2010.



*/s/ Drew R. Ballina*
**DREW R. BALLINA**