UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047 |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *Pate v. American International Specialty Lines Insurance Co. et al.* (09-7791) | MAGISTRATE JUDGE WILKINSON |

**LANDMARK AMERICAN INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.12(b)(7) FOR FAILURE TO JOIN REQUIRED PARTIES UNDER RULE 19**

**NOW INTO COURT,** through undersigned counsel, comes Landmark American Insurance Company, who respectfully requests this Honorable Court grant it leave to file the accompanying Supplemental Memorandum of Landmark American Insurance Company in further support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7) For Failure to Join Required Parties Under Rule 19, for the following reasons:

On Wednesday, November 3, 2010, this Honorable Court issued a ruling from the bench dismissing Owners Insurance Company from the instant action. At the same hearing, this Court also took the motions to dismiss, filed by Landmark and other subcontractor insurers, under submission. Before this Honorable Court rules on the Motions to Dismiss For Failure to Join a Required Party, Landmark believes it must call attention to the fact that Owners and Landmark are co-insurers for Hinkle drywall.

1

In fact, for the period of January 29, 2008 through May 27, 2008, Hinkle Drywall LLC had insurance at the primary CGL level from both Landmark American Insurance Company and Owners Insurance Company. Both the Landmark and Owners policies contain language regarding what to do if "other insurance" at the primary level is issued. Both policies call for contribution to be apportioned among them, once each insurers obligations are determined. Thus, it necessarily means that both the Owners and Landmark policies will need to be interpreted before Landmark's obligations and duties, if any, with respect to either WCI or its insured, Hinkle, are determined.

This Honorable Court has dismissed Owners Insurance Company from the instant suit for lack of personal jurisdiction. Thus, in addition to the fact that this matter cannot be completely and definitively adjudicated without the joinder of the subcontractor insured Hinkle, now, in light of the overlap in coverage between Landmark and Owners, there is yet another required party to this action missing.

Landmark respectfully requests that it be allowed to file this supplemental memorandum to elucidate the relationship between Landmark and Owners and to discuss potential issues that now may arise regarding the determination of its respective duties, if any, to their insured, Hinkle, and the WCI Trust, in the instant action.

For the foregoing reasons, Landmark American Insurance Company respectfully requests that this Honorable Court permit it to file the accompanying supplemental motion in further support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7) For Failure to Join Required Parties Under Rule 19.

Respectfully submitted:

_/s/ Melissa M. Swabacker_
JAMES W. HAILEY, III (#23111)
MELISSA M. SWABACKER (#32710)
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
jhailey@dkslaw.com
mswabacker@dkslaw.com
*Counsel for Landmark American Ins. Company*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on all Liaison counsel by U.S. Mail, facsimile and/or e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of November, 2010.

_/s/ Melissa M. Swabacker_