UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.:  2047 |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *Pate v. American International Specialty Lines Insurance Co. et al.* (09-7791) | MAGISTRATE JUDGE WILKINSON |

**LANDMARK AMERICAN INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(7) FORFAILURE TO JOIN REQUIRED PARTIES UNDER RULE 19**

**NOW INTO COURT,** through undersigned counsel, comes Landmark American Insurance Company (hereinafter, "Landmark") who respectfully submits this Supplemental Memorandum in Support of its Motion to Dismiss Plaintiff Pate's Amended Complaint. The purpose of this supplemental memorandum is to highlight the relationship between Landmark, Owners Insurance Company and their subcontractor insured, Hinkle Drywall, LLC, which is a bit peculiar. The nature of their relationships is especially relevant in light of the Court's November 3, 2010 ruling from the bench regarding a lack of personal jurisdiction over Owners Insurance Company.

Plaintiff's First Amended Complaint, in part, seeks declaratory and other relief against Landmark predicated on WCI Communities, Inc.'s alleged status as an "additional insured" under the commercial general liability policy issued by Landmark to Hinkle Drywall, LLC.  In

1

particular, Plaintiff seeks a declaration that Landmark, and other alleged "Subcontractor Insurance Companies," are "obligated to indemnify the WCI Chinese Drywall Trust in connection with the Underlying Claims.[1]" Additionally, Pate also sought similar relief as to insurance policies issued by Owners Insurance Company to the very same subcontractor insured. As this Court is no doubt aware, Pate has failed to include Hinkle, the named insured under both the Owners and Landmark policies – the party having negotiated, procured and paid for those very same policies – as a party to this action.

Owners Insurance Company filed a Motion to Dismiss for Lack of Personal Jurisdiction, which this Court granted on November 3, 2010.[2] Landmark has, among many other defendant insurers in this action, filed a motion to dismiss for failure to join its subcontractor insured to this action, predicated on the fact that it is an indispensible party and that there is no personal jurisdiction over the subcontractor insured in the Eastern District of Louisiana.[3] The crux of this argument is simple – without naming the subcontractor insured as a party to this case, any decision interpreting the policies of insurance will necessarily prejudice the insured who does not have a voice in the interpretation of the insurance policies it negotiated, procured and paid for, and that it will likely subject the insurer to inconsistent judgments and obligations.

After the November 3, 2010 ruling, this argument has even more merit – Owners Insurance Company, the co-insurer for Hinkle Drywall, is now no longer a party to this action.

---

[1] *See*, R. Doc. 1723 First Amended Complaint at ¶60; p. 11.

[2] This Honorable Court ruled from the bench regarding the lack of jurisdiction over Owners Insurance Company. This Court indicated that it would issue written reasons regarding the same, though at the time of filing, they have not yet been issued.

[3] *See,* R. Docs. 2150. This Court took the motion under submission on November 3, 2010.

Because of the unique relationship between the Owners and Landmark policies, any ruling by this Court will not afford Landmark or even Plaintiff Pate complete relief and creates the potential for inconsistent judgments and policy interpretations.

Both Landmark[4] and Owners Insurance Company[5] have issued general commercial liability insurance policies to a drywall installer subcontractor by the name of Hinkle Drywall, LLC.[6] Insured subcontractor Hinkle Drywall was actually insured, at the CGL level, by both the Landmark and Owners policies for the period of January 29, 2008 through May 18, 2008.

Admittedly, the contract between WCI and Hinkle Drywall dated June 22, 2007 does state that Hinkle Drywall was to name WCI as an additional insured and loss payee on its insurance policies.[7] The Owners policy lists WCI as an additional insured; the Landmark policy does not.[8] Further, both the Landmark and Owners policies contain provisions relating to "other insurance." Specifically, the Landmark policy states in pertinent part:

---

[4] *See,* Landmark American Insurance Company's Insurer Profile Form and accompanying attachments, including the policy of insurance issued to Hinkle Drywall, LLC for the policy period of May 18, 2007 through May 18, 2008, attached hereto as "Exhibit 1."

[5] *See,* Owners Insurance Company's Insurer Profile Form and accompanying attachments, including the policies of insurance issued to Hinkle Drywall, LLC for the policy periods of January 29, 2008 through January 29, 2009, January 29, 2009 through January 29, 2010, and, January 29, 2010 through January 29, 2011, attached hereto as "Exhibit 2."

[6] If an effort to simplify the relationship between Owners and Landmark and their insured, Hinkle Drywall, attached hereto as "Exhibit 3" is a coverage chart based on the information contained in the profile forms submitted by both insurers.

[7] *See,* ¶6.6 of Master Subcontractor Agreement, dated June 22, 2007 between WCI and Hinkle Drywall, attached hereto as "Exhibit 4."

[8] *See,* Exhibit 2 at p. 10, entitled "Additional Insured Exclusion – Products-Completed Operations" and *see generally,* Exhibit 1.

   **4.** **Other Insurance**
If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B, our obligations are limited as follows:

   **a.** **Primary Insurance**
This insurance is primary except when b. ["Excess Insurance"] below applies.  If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in c. below.

             ***

**c.** **Method of Sharing**
If all the other insurance permits contribution by equal shares, we will follow this method also.  Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits.  Under this method, each insurer's share is based on the ratio of its applicable limits of insurance of all insurers.

*See,* Exhibit 1 at p. 37-38. The Owners policy contains the exact same language as it pertains to "Other Insurance." *See,* Exhibit 2 at p. 49-50.

  The plain language of both policies indicate that Landmark and Owners respective duties, if any, to WCI and its insured, necessarily depend on the interpretation and application of the language in both policies.  Should both policies apply, the contribution should be apportioned among both Owners and Landmark, as described in the policy.  This is merely just one issue that a Court will need to address before a determination is made as to the respective duties of both Owners and Landmark.

  This Honorable Court has dismissed Owners Insurance Company from the instant action as of November 3, 2010 and as such, it no longer has jurisdiction to interpret Owners' duties under the contract of insurance it issued to Hinkle and the corollary duties to additional insured

WCI. As such, it will be unable to fully determine Landmark's duties, if any, to its insured Hinkle.

When this Honorable Court heard oral argument regarding the indispensible party motions on November 3, 2010, it expressed a concern over multiple courts interpreting the same insurance policies and rendering inconsistent judgments as well as a dismissal of this case spawning a multitude of litigation. Specifically with regard to this issue the Court stated that,

> [b]ut that's a problem when you don't have them all in one court because that's the difficulty. They are strewn throughout the country at this point. So it may be the same policies, but you're going to get different views from either different counties in Florida, different courts in Florida, and also different courts in other states as well. We have about 26 states so far involved in this MDL. I suspect that they will have the same policies strewn throughout those 26 states, and the difficult that's confronting this case and perhaps the MDL court—I don't mean the transferee court, I mean the panel itself—has not got the same policies being interpreted by conceivably 26 different judges, which makes it a little bit more difficult, I think.[9]"

As a result of the November 3rd ruling dismissing Owners Insurance Company, Landmark will now have to file an action in the Middle District of Florida where the Court will have jurisdiction over Owners Insurance Company as well as the subcontractor insured Hinkle. A Florida venue is the only place, in light of the recent ruling, where a court will be able to interpret the insurance policies with all necessary parties present.

There is simply no reason to proceed with this action in this Court, especially if it is concerned with multiple courts interpreting the same policies, when a Florida court will have jurisdiction over Owners, Landmark and Hinkle. As such, dismissal of this action in its entirety will facilitate the full and complete resolution of this dispute in another forum. As such, Landmark respectfully requests that this Court dismiss the instant action.

---

[9] *See,* Transcript from November 3, 2010 hearing at p. 74, ll. 10-22.

Respectfully submitted:

_/s/ Melissa M. Swabacker_
JAMES W. HAILEY, III (#23111)
MELISSA M. SWABACKER (#32710)
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
jhailey@dkslaw.com
mswabacker@dkslaw.com
*Counsel for Landmark American Ins. Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on all Liaison counsel by U.S. Mail, facsimile and/or e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of November, 2010.

_/s/ Melissa M. Swabacker_