UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES | | |

**CERTAIN BANNER DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S EMERGENCY MOTION TO LIFT STAY AS TO VARIOUS PENDING MOTIONS**

Banner Supply Company, Banner Supply Company Pompano, Banner Fort Myers LLC, Banner Supply Company Tampa, and Banner Supply International (hereinafter collectively referred to as "Banner")[1] hereby responds to Plaintiffs' Steering Committee's Emergency Motion to Lift Stay as to Various Pending Motions [Doc. No. 5650] and shows the Court as follows.

The PSC seeks to lift the stay concerning certain motions for class certification, including the class certification motions against Banner. Banner hereby restates and re-incorporates the Knauf Defendants' Response to the PSC's motion to lift stay. [Doc. 5650; 5747]. As Banner and Knauf explained in their prior responses, proceeding with class certification at this time does not make sense in light of the parties' efforts to resolve the litigation. *Id.* This Court addressed the PSC's Motion for Class Certification against Banner at the October 14, 2010 hearing, immediately after the Court announced a major breakthrough in the form of an agreement on the pilot settlement program. (October 14, 2010 Hearing Transcript, p. 3) ("And we've got the first

---

[1] Banner reserves all its previously raised objections.

step [as many as 300 homes repaired at no cost to homeowners] in that global resolution [that the parties are working toward] reporting today."). The Court continued:

> I have in addition several motions before me, the motions to enjoin the state court in Georgia from proceeding further. *The case has taken a different turn now.* Under the law that's developed, until there is some . . . rees [sic] or program, settlement program, it's very difficult for federal courts to enjoin any state court from proceeding. The situation has changed now, I am involved in a rees [sic], it is a settlement program, a pilot program, but it is a settlement program. And so I am very conscious of protecting that particular program. So I really do now have to take a look at whether or not it is appropriate for the federal court to act on that to protect its jurisdiction and protect its program.
>
> So I am going to set the motion within ten days to determine whether or not to enjoin the state court in Muskogee County. I'll take briefs on that particular. I'll check my calendar and set it sometime within the next ten days alerting all of the parties.
>
> The other motions for class certification of the Florida homeowners class for claims against Banner and claims against other Florida homeowners against Knauf, it seems to me that both of those should be delayed. I am going to delay moving on those for at least 30 days and I will talk with you all about that at the next conference.
>
> *I really want everybody to put their attention and all of their resources into making this pilot program work.* I think everybody is looking at this pilot program. If it works then this may be an avenue to resolve this whole matter globally, and it's going to take a lot of effort to get this matter off the ground and *I don't want to distract the parties with other matters.*

(October 14, 2010 Hearing Transcript, at pp. 24-25) (emphasis added).

This Court decided to put the class certification issues on the back burner while the parties focused on the pilot program. As the Court is aware from last week's conference call, and as a result of painstaking efforts by Banner, Knauf, and certain Plaintiffs, additional homes are being added to the pilot program. The Court's instinct that the parties should focus their resources on making the pilot program work is correct and makes even more sense today

following the expansion of the pilot program. It would be a wasteful diversion of time and resources to litigate the class certification issues while the settlement efforts are bearing fruit.[2]

Respectfully submitted this 29th day of November 2010,

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Shubhra R. Mashelkar
**SHUBHRA R. MASHELKAR, ESQUIRE**
Georgia Bar Number: 475388
3344 Peachtree Road
Suite 2400
Atlanta, GA 30326
Telephone (404)876-2700
smashelkar@wwghd.com
*Counsel for Banner Entities*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Certain Banner Defendants' Supplemental Memorandum In Response To Plaintiffs' Steering Committee's Emergency Motion To Lift Stay As To Various Pending Motions has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail; and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 29th day of November, 2010.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Shubhra R. Mashelkar
**SHUBHRA R. MASHELKAR, ESQUIRE**

---

[2] Banner is not suggesting that all litigation stop; rather, a focus on the Court's *res* is more appropriate at this time rather than using up the tremendous resources that the class issues entail.