UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In re: | **CHINESE-MANUFACTURED** | * | **MDL Docket No. 2047** |
| | **DRYWALL PRODUCTS** | * | |
| | **LIABILITY LITIGATION** | * | **SECTION L** |
| | | * | |
| | | * | **JUDGE FALLON** |
| **THIS RELATES TO:  2:10-cv-04174** | | * | |
| | | * | **MAG. JUDGE WILKINSON** |
| | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*

MEMORANDUM IN SUPPORT OF MOTION
TO REMAND AND FOR COSTS AND EXPENSES

**MADE IT PLEASE THE COURT:**

This removal is so lacking in merit that it warrants the imposition of costs and expenses, including attorney's fees, pursuant to 28 U.S.C. § 1447(c).  There is no basis in law or in fact for removal of this case.  It was clearly filed without a reasonable inquiry into its merits and in clear violation of the federal rules.  For the reasons set forth below, it is respectfully requested that this case be remanded and that Encompass be ordered to pay all costs and expenses of this removal, including attorney's fees, pursuant to 28 U.S.C. § 1447(c).

# I.

## REMOVAL OF THIS CASE IS IMPROPER

### A.    REMOVAL IS UNTIMELY

28 U.S.C. § 1446 sets out the procedure for removal of a case to federal court. Section 1446(a) provides that a defendant desiring to remove a case to federal court shall file a notice of removal "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." Section 1446(b) outlines the timing for removal as follows:

> (b)    The notice of removal of a civil action or proceeding **shall** be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action

28 U.S.C. § 1446(b). (Emphasis added.) Thus, the defendant **must** file the notice of removal within thirty days of service of the first pleading setting forth a removable cause of action. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). The failure to file for removal within the thirty day period is fatal under 28 U.S.C.

§ 1447(c), and requires remand. *York v. Horizon Fed. Sav. And Loan Ass'n.*, 712 F.Supp.

85, 87 (E.D. La. 1989), *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

Removal statutes should be construed narrowly in favor of remand to protect the

jurisdiction of state courts. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109,

61 S.Ct. 868, 85 L.Ed. 1214 (1941).

In the instant case, the Petition for Damages was filed on September 24, 2010.

(See Exhibit 1.) Pursuant to Louisiana law, service of citation or other process on a

domestic or foreign corporation is made by personal service on any one of its agents

for service of process. La.C.C.P. Art. 1261. Defendant Encompass Insurance Company

of America, a foreign corporation, has designated the Louisiana Secretary of State as its

agent for service of process in Louisiana. (See Exhibit 2.)  Encompass was personally

served through its registered agent for service of process, the Louisiana Secretary of

State, on October 1, 2010. (See Exhibit 3.)

Pursuant to 28 U.S.C. § 1446, Encompass had 30 days from October 1, 2010, or

until October 31, 2010 to remove this case.  However, October 31, 2010 fell on a

Sunday.  Under Rule 6(c) of the Federal Rules of Civil Procedure, when the period of

time to be computed is stated in days and the last day of the period is a Sunday, the

period continues to run until the end of the next day that is not a Saturday, Sunday, or

legal holiday.  November 1, 2010 was a Monday and was not a legal holiday. (See

-3-

Exhibit 4.)  Encompass did not file the Notice of Removal until November 2, 2010. (See
Exhibit 5.)

The law is clear: "notice of removal of a civil action or proceeding **shall** be filed
within thirty days…". 28 U.S.C. § 1446(b). (Emphasis added.)  The failure to file for
removal within the thirty day period is fatal under 28 U.S.C. § 1447(c), and requires
remand.  *York, supra.*  Clearly, removal of this case is untimely and, pursuant to
§ 1447(c), should be remanded.

In addition, Encompass had the duty under Rule 11 to determine the date of
service prior to filing the Notice of Removal.  In its removal petition, Encompass merely
states that "[b]ased on the date of service on Encompass, this Notice of Removal is
timely filed in compliance with 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of
Civil Procedure". (Notice of Removal, ¶ 6).  Encompass' representation that the removal
was timely when it knew, or would have known had it conducted the slightest inquiry,
that it was not, warrants the imposition of costs and expenses, including attorney's fees,
incurred by Plaintiffs as a result of having to respond to this frivolous removal.

**B.    THIS COURT LACKS SUBJECT MATTER JURISDICTION**

Encompass maintains that this Court has jurisdiction pursuant to 28 U.S.C.
§ 1332.  It alleges that certain defendants were improperly joined in an attempt to defeat
diversity and that complete diversity exists as to all properly joined parties.  Encompass
claims that joinder of claims "against the Builder Defendants and their insurer with the

- 4 -

claims against the homeowners insurers is improper and the citizenship of the Builder Defendants should be disregarded." (Notice of Removal ¶ 13.) Encompass' claim of improper joinder is clearly without merit. Complete diversity of citizenship does not exist. Therefore, this Court lacks subject matter jurisdiction over the instant case.

It is the removing party's burden to establish fraudulent joinder and that burden is a heavy one. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). There are two methods of establishing fraudulent joinder, "(1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 647. There is no allegation of actual fraud in this case. With respect to the second method, the most current test for fraudulent joinder is:

> [T]he court determines whether [the party moving for remand] has **any possibility of recovery** against the party whose joinder is questioned. If there is arguably **a reasonable basis** for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This **possibility, however, must be reasonable**, not merely theoretical.

*Id*. At 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*. 313 F.3d 305, 312 (5th Cir. 2003)) (emphasis in *Travis*; internal citations and quotations omitted). In the instant case, there is no reasonable possibility that Plaintiffs will not be able to recover against the Builder defendants. Therefore, Encompass has not met the test for this second method of establishing fraudulent joinder.

In the instant case, Encompass alleges "improper joinder" as the basis for removal. While removal may be proper for fraudulent misjoinder of defendants, mere misjoinder is not fraudulent joinder. *Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360* (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000); *In re Benjamin Moore & Company,* 309 F.3d 296, 298 (5th Cir. 2002). In order to justify removal, such misjoinder must be "**so egregious as to constitute fraudulent joinder**". *Tapscott,* supra, at 1360. (Emphasis added.) In *Tapscott,* certain plaintiffs sought recovery against "automobile" defendants while different plaintiffs urged claims against "retail" defendants. In other words, the plaintiffs in *Tapscott* clearly had joined unrelated claims. The court found plaintiffs' attempt to join these parties "so egregious as to constitute fraudulent joinder." *Id*.

The instant case is clearly distinguishable from *Tapscott* and the other cases relied upon by Encompass in its Notice of Removal. In this case, it is apparent that all of the Plaintiffs' claims are against all of the defendants and that all of the claims are reasonably related. All of the claims are for damages arising out of the installation of Chinese drywall in Plaintiffs' residence. There is nothing at all "egregious" in the joinder of these claims or the defendants herein.

This case was filed in Louisiana Civil District Court for the Parish of Orleans. Joinder of the Plaintiffs' claims against the defendants herein was proper under the joinder provisions of the Louisiana Code of Civil Procedure. Pursuant to La.C.C.P.

Art. 647, joinder of parties in the same suit is governed by the rules regulating the cumulation of actions set forth in Articles 463 through 465. Article 463 provides that two or more parties may be joined in the same suit, either as plaintiffs or defendants, if:

> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

Article 464 provides that when the court lacks jurisdiction over, or when venue is improper as to, one of the actions cumulated, that action shall be dismissed. When the cumulation is improper for any other reason, the court may order separate trials of the actions or order the plaintiff to elect which actions he shall proceed with. La.C.C.P. Art. 464. Article 465 provides as follows:

> When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of accumulated actions, even if the cumulation is proper.

In the instant case, all of the elements of Art. 463 have been met: there is a community of interest between all of the parties joined, each of the actions is within the jurisdiction of the court and brought in the proper venue and all of the actions are mutually consistent and employ the same form of procedure. Thus, Plaintiffs' claims against the defendants are properly joined. Even if there is something improper in the

cumulation of actions, which is specifically denied, "mere misjoinder is not fraudulent joinder." *Tapscott, supra,* at 1360. Joinder herein is certainly not "so egregious as to constitute fraudulent joinder." *Id.* If any action is found to be improperly cumulated, state court remedies are available under Articles 464 and 465 of the Louisiana Rules of Civil Procedure.

As set forth above, removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Here, should improper cumulation be found, there are adequate remedies under state law. The jurisdiction of the state court should be protected. Encompass' claim of improper joinder is without merit. Complete diversity of citizenship does not exist. Therefore, this Court lacks subject matter jurisdiction over this case.

## C.     DEFENDANT FAILED TO OBTAIN THE CONSENT OF ALL DEFENDANTS

Encompass removed this case under 28 U.S.C. § 1441(a), which provides as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant or defendants**, to the district court of the United States for the district and division embracing the place where such action is pending...

28 U.S.C. § 1441(a). (Emphasis added.) The procedure for removal, as set forth in 28 U.S.C. § 1446, requires that "[a] defendant or defendants desiring to remove any civil action… shall file… a notice of removal". The Fifth Circuit Court of Appeals has repeatedly held that "[t]he law is clear that under 28 U.S.C. § 1446, removal procedure requires that **all defendants** join in the removal petition." *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992) (Emphasis added; citations omitted.) This rule is based on § 1441(a) which provides that "the defendant or the defendants" may remove the case. The courts have interpreted these words to mean that, if there is only one defendant then that defendant may remove the case; however, if there is more that one defendant, then the defendants must act collectively to remove the case. *Id.* (Citations omitted.)

In the instant case, Encompass failed to have all defendants join in the removal petition as required by the federal rules, providing yet another basis for remand. In their Notice of Removal, Encompass states that it "has contacted counsel for American and American has consented to this removal." (Notice of Removal ¶ 6). Encompass then states, that "[c]onsent to or joinder by the Builder Defendants and Colony, their insurer, is unnecessary because plaintiffs have joined these parties improperly. *See Jernigan v. Ashland Oil, Inc*. 989 F. 2d 812, 815 (5th Cir. 1993)." (Notice of Removal ¶ 10.) While this may be a correct statement of the law, Encompass' claim that the Builder Defendants and Colony are improperly joined is without merit for the reasons fully set forth above. Therefore, the consent of all defendants was required to remove this case.

Encompass' failure to have all defendants join in the removal petition as required by the federal rules mandates remand.

## II.
## DEFENDANT SHOULD BE ORDERED TO PAY
## ALL COSTS AND EXPENSES OF THIS REMOVAL

Plaintiffs are clearly entitled to costs and expenses, including attorney's fees, incurred as a result of this frivolous removal. 28 U.S.C. § 1447(c) provides in pertinent part, "An order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." Encompass filed the Notice of Removal without the requisite reasonable inquiry and without a basis in law or in fact in violation of Rule 11, justifying the imposition of costs and expenses.

In determining whether to award attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), the Court is afforded much discretion. *Miranti v. Lee,* 3 F.3d 925, 929 (5th Cir. 1993). In order to award attorney's fees, the Court must find that the defendant acted improperly, taking into account such things as the state of the law and defendants' tactics. *Id.* At 928. Clearly, defendant's Notice of Removal is without merit. It was obviously filed without the slightest inquiry into its merits, in clear violation of federal rules. Accordingly, under the factors set forth by the Fifth Circuit in *Miranti, supra,* Plaintiffs are entitled to attorney's fees incurred responding to this removal.

Plaintiffs are also entitled to an award of costs under 28 U.S.C. § 1447(c). The decision to award costs is left to the Court's discretion, to be exercised based on the

nature of the removal and the nature of the remand. *Miranti* at 928. In the instant case, for the reasons set forth above, Encompass should be ordered to pay all costs incurred by Plaintiffs as a result of this removal.

### III.

### CONCLUSION

This removal is so lacking in merit that it warrants the imposition of costs and expenses pursuant to § 1447(c) of the Federal Rules of Civil Procedure. There is no basis in law or in fact for removal of this case. It was obviously filed without a reasonable inquiry into its merits and in clear violation of federal rules. For the reasons set forth above, it is respectfully requested that this case be remanded and that Encompass be ordered to pay all costs and expenses of this removal, including attorney's fees, pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

/s/ Donna M. Borrello
**Donna M. Borrello, Bar No. 16817**
Attorney at Law
206 Decatur Street
New Orleans, Louisiana 70130
Telephone: (504) 595-6191
dborrello@delacroixcorp.com

**COUNSEL FOR PLAINTIFFS:**
**DONNA BORRELLO AND**
**THOMAS STALLINGS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2010, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

> Judy Y. Barrasso
> Catherine Fornias Giarrusso

and I have mailed a copy of the filing to:

> Rodney J. Lacoste, Jr., Esq.
> One Canal Place
> 365 Canal Street – Suite 2550
> New Orleans, LA 70130
>
> James R. Sutterfield, Esq.
> Jessica B. Cozart, Esq.
> Sutterfield & Webb, L.L.C.
> 650 Poydras St. – Suite 2715
> New Orleans, LA 70130-6111
>
> C. Michael Pfister, Jr., Esq.
> Nicole M. Boyer, Esq.
> Duplass, Zwain, Bourgeois, Pfister & Weinstock
> 3838 North Causeway Blvd.
> Three Lakeway Center – Suite 2900
> Metairie, LA 70002

> /s/ Donna M. Borrello