CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 10-9891      DIVISION " B-15 "

DONNA BORRELLO AND THOMAS STALLINGS

VERSUS

FRANCIONI BUILDERS, INC.; LAWRENCE E. FRANCIONI III; COLONY INSURANCE COMPANY; THE AMERICAN INSURANCE COMPANY, A FIREMAN'S FUND INSURANCE COMPANY; AND ENCOMPASS INSURANCE COMPANY OF AMERICA

FILED: _____     DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs DONNA BORRELLO and THOMAS STALLINGS, who, in this Petition for Damages respectfully state as follows:

1.

Plaintiffs DONNA BORRELLO and THOMAS STALLINGS are persons of full age and majority, domiciled in the Parish of Orleans, State of Louisiana, residing at 5939 Argonne Boulevard, New Orleans, Louisiana, 70124.

2.

Defendant FRANCIONI BUILDERS, INC. is a Louisiana corporation authorized to do and doing business in Louisiana, with its principal place of business located at 141 Robert E. Lee Boulevard, New Orleans, Louisiana, 70124.

Exhibit 1

3.

Defendant LAWRENCE E. FRANCIONI III is a person of full age and majority, domiciled in the Parish of Orleans, State of Louisiana, residing at 38 Bluebird Street, New Orleans, Louisiana, 70124.

4.

Defendants FRANCIONI BUILDERS, INC., and LAWRENCE E. FRANCIONI III, are hereinafter collectively referred to as "FRANCIONI".

5.

Defendant COLONY INSURANCE COMPANY (hereinafter referred to as "COLONY"), is an insurance corporation authorized to and doing business in Louisiana, located in Richmond, Virginia, and an insurer of FRANCIONI.

6.

Defendant THE AMERICAN INSURANCE COMPANY, A FIREMAN'S FUND INSURANCE COMPANY (hereinafter referred to as FIREMAN'S FUND), is an affiliate of Fireman's Fund Insurance Company, which is a California corporation with its principal place of business in Novato, California, and underwrites and issues homeowners' insurance policies in the state of Louisiana, and an insurer of PLAINTIFFS.

8.

Defendant ENCOMPASS INSURANCE COMPANY OF AMERICA (hereinafter referred to as "ENCOMPASS"), is an Illinois corporation with its principal place of business in Northbrook, Illinois and underwrites and issues homeowners' insurance policies in the state of Louisiana, and an insurer of PLAINTIFFS.

9.

Venue is proper in this Court pursuant to articles 74, 76, and 76.1 of the Louisiana Code of Civil Procedure.

## CLAIMS AGAINST DEFENDANTS FRANCIONI BUILDERS, INC; LAWRENCE FRANCIONI III AND COLONY INSURANCE COMPANY

10.

PLAINTIFFS' residence located at 5939 Argonne Boulevard, New Orleans, Louisiana ("the property") suffered significant damage as a result of Hurricane Katrina. On January 27, 2006, PLAINTIFFS entered into a "Contract Agreement" with FRANCIONI whereby FRANCIONI agreed to repair and extensively renovate PLAINTIFFS' property for a significant sum of money. This work included the replacement of almost all of the drywall on the first floor of the house and all of the drywall in the detached pool house. Most of the work was completed by September, 2006. PLAINTIFFS and their children moved back into the property in late October, 2006.

11.

On September 29, 2009, PLAINTIFFS discovered that FRANCIONI had negligently renovated/repaired the property using Chinese manufactured drywall, which caused and continues to cause loss and damage to PLAINTIFFS' home and its contents. The Chinese drywall emits sulfur compounds that cause damage to air-conditioner and refrigerator coils, copper tubing, electrical wiring, computer wiring and other household items and pose a significant risk of bodily harm.

12.

PLAINTIFFS have suffered and will continue to suffer direct physical loss due to the damaging effects of the sulfur compounds emitted from the Chinese-manufactured

- 3 -

drywall negligently installed in their home by FRANCIONI. These damages include, but are not limited to, costs of inspection; costs and expenses necessary to remedy, replace and remove drywall and other property that has been impacted; lost value or devaluation of their home as a direct result of damage caused to their property and other ensuing loss.

13.

The legal and proximate cause of PLAINTIFFS' damages was the negligent acts and omissions of FRANCIONI.

14.

On October 14, 2009, PLAINTIFFS provided written notice of their claim relating to the presence of Chinese drywall in their home to FRANCIONI via Certified Mail. In this correspondence, PLAINTIFFS advised FRANCIONI that PLAINTIFFS held FRANCIONI and its insurers responsible for their damages and requested that FRANCIONI put its insurers on notice of PLAINTIFFS' claim.

15.

PLAINTIFFS have repeatedly requested that FRANCIONI provide PLAINTIFFS with the names of FRANCIONI'S insurers covering FRANCIONI from 2006 to the present. With the exception of COLONY, FRANCIONI has refused to identify these insurers.

16.

PLAINTIFFS expressly reserve the right to amend this Petition when additional insurers of FRANCIONI are made known through discovery.

- 4 -

17.

FRANCIONI purchased a Commercial General Liability policy from COLONY, the policy period being from April 1, 2009 to April 1, 2010, providing coverage for, among other things, the negligent acts and omissions of FRANCIONI and the damage to PLAINTIFFS' property.

18.

On October 29, 2009, PLAINTIFFS were advised in writing that their claim had been reported to COLONY and advising that a COLONY claim representative would be contacting PLAINTIFFS in the near future.

19.

On or about November 12, 2009, COLONY'S adjuster met with PLAINTIFF THOMAS STALLINGS and inspected PLAINTIFFS' property.

20.

Since that time, PLAINTIFFS have not been contacted by COLONY or FRANCIONI regarding their claim.

21.

The damage and loss sustained by PLAINTIFFS was caused and continues to be caused by the Chinese drywall negligently installed in PLAINTIFFS' home by FRANCIONI.

22.

COLONY has failed to meet its obligations under the policies of insurance issued to FRANCIONI and have failed and/or refused to cover the losses sustained by PLAINTIFFS.

- 5 -

23.

PLAINTIFFS intend to perform remediation repairs by having the Chinese drywall removed and any other damaged or destroyed components removed. PLAINTIFFS have suffered and will suffer substantial economic damage associated with their remediation efforts.

24.

COLONY provided coverage for the negligent acts and omissions of FRANCIONI and the damages resulting there from.

25.

COLONY breached its duty of good faith and fair dealing by failing to properly adjust and pay PLAINTIFFS' claim, entitling PLAINTIFFS to damages, as well as all statutory penalties allowed by law.

26.

COLONY acted in bad faith by failing to timely adjust PLAINTIFFS' claim, entitling PLAINTIFFS to damages, as well as all statutory penalties allowed by law.

27.

COLONY acted in an arbitrary and capricious manner in failing to adjust and pay PLAINTIFFS' claim, entitling PLAINTIFFS to damages, as well as all statutory penalties allowed by law.

**ALLEGATIONS AGAINST DEFENDANTS**
**THE AMERICAN INSURANCE COMPANY, A FIREMAN'S FUND INSURANCE COMPANY AND ENCOMPASS INSURANCE COMPANY OF AMERICA**

28.

PLAINTIFFS purchased homeowners insurance policies from ENCOMPASS and FIREMAN'S FUND, providing coverage for, among other things, their dwelling, contents and loss of use of the property.

- 6 -

29.

The homeowners insurance policies issued by ENCOMPASS covered the period from June 24, 2005 until April 12, 2007. The homeowners' insurance policies issued by FIREMAN'S FUND covered from April 12, 2007 to the present.

30.

As set forth above, following Hurricane Katrina, PLAINTIFFS' home located at 5939 Argonne Boulevard, New Orleans, Louisiana, ("the property'), was extensively renovated/repaired by FRANCIONI due to flooding and storm damage. This work included the replacement of almost all of the drywall on the first floor of the house and all of the drywall in the detached pool house. Most of the work was completed by September, 2006. PLAINTIFFS and their children moved back into the property in late October, 2006.

31.

On September 29, 2009, PLAINTIFFS discovered that the property had been negligently renovated/repaired by FRANCIONI using Chinese manufactured drywall, which caused and continues to cause loss and damage to PLAINTIFFS" home and its contents. The Chinese drywall emits sulfur compounds that cause corrosion of air-conditioner and refrigerator coils, copper tubing, electrical wiring, computer wiring and other household items.

32.

PLAINTIFFS" policies issued by ENCOMPASS and FIREMAN'S FUND are all-risk policies, providing coverage for all risks of direct physical loss or damage to the home, contents and other permanent structures unless an exclusion applies.

- 7 -

33.

On or about December 16, 2009, PLAINTIFFS provided notice of their claim relating to the presence of Chinese manufactured drywall in PLAINTIFFS' home to ENCOMPASS through Plaintiffs' insurance agent, Eustis Insurance, Inc.

34.

On or about January 21, 2010, ENCOMPASS' adjuster met with PLAINTIFF Thomas Stallings and inspected PLAINTIFFS' home.

35.

In correspondence dated March 10, 2010, ENCOMPASS notified PLAINTIFFS that it denied coverage for PLAINTIFFS' damages caused by the Chinese drywall.

36.

On or about December 16, 2009, PLAINTIFFS provided notice of their claim relating to the presence of Chinese manufactured drywall in Plaintiffs' home to FIREMAN'S FUND through PLAINTIFFS' insurance agent, Eustis Insurance, Inc.

37.

On February 9, 2010, FIREMAN FUND'S adjuster and consultant met with PLAINTIFF THOMAS STALLINGS and inspected PLAINTIFFS' home. FIREMAN'S FUND'S consultant took photographs and samples of the drywall in PLAINTIFFS' home and confirmed that PLAINTIFFS' home contains Chinese manufactured drywall.

38.

In correspondence dated April 12, 2010, FIREMAN' FUND notified PLAINTIFFS that it denied coverage for PLAINTIFFS' damages caused by the Chinese drywall.

- 8 -

39.

PLAINTIFFS have complied with all of their obligations under the policies issued by ENCOMPASS AND FIREMAN'S FUND.

40.

A valid contract of insurance existed between PLAINTIFFS and ENCOMPASS, providing coverage for the loss and damage caused by the Chinese drywall.

41.

A valid contract of insurance existed and continues to exist between PLAINTIFFS and FIREMAN'S FUND, providing coverage for the loss and damage caused by the Chinese drywall.

42.

PLAINTIFFS have paid all premiums due under their policies of insurance with ENCOMPASS and FIREMAN'S FUND and have performed all of their obligations under the policies.

43.

PLAINTIFFS have suffered and will continue to suffer direct physical loss due to the damaging effects of the sulfur compounds emitted from the Chinese-manufactured drywall installed in their home. These damages include, but are not limited to, costs of inspection; costs and expenses necessary to remedy, replace and remove drywall and other property that has been impacted; lost value or devaluation of their home as a direct result of damage caused to their property and other ensuing loss.

44.

The damage and loss sustained by PLAINTIFFS was caused by and continues to be caused by the presence of Chinese drywall in PLAINTIFFS' home; yet,

- 9 -

ENCOMPASS and FIREMAN'S FUND have failed to meet their obligations under the policies of insurance and have failed and/or refused to cover the loss sustained by PLAINTIFFS, entitling PLAINTIFFS to damages, as well as all statutory penalties allowed by law.

45.

ENCOMPASS and FIREMAN'S FUND have breached their policies by unjustifiably denying PLAINTIFFS' claim for covered damages, entitling PLAINTIFFS to damages, as well as all statutory penalties allowed by law.

46.

As a direct and proximate result of the breach by ENCOMPASS and FIREMAN'S FUND, PLAINTIFFS were deprived of the benefit of insurance coverage for which ENCOMPASS and FIREMAN'S FUND were paid substantial premiums, and, accordingly, PLAINTIFFS' have suffered and will suffer substantial economic damage, particularly associated with remediation of their home, entitling PLAINTIFFS to damages, as well as all statutory penalties allowed by law.

47.

ENCOMPASS and FIREMAN'S FUND have breached their duty of good faith and fair dealing by failing to properly adjust and pay PLAINTIFFS' claim, entitling PLAINTIFFS to damages, as well as all statutory penalties allowed by law.

48.

ENCOMPASS and FIREMAN'S FUND acted in an arbitrary and capricious manner in failing to adjust and pay PLAINTIFFS' claim, entitling PLAINTIFFS to damages, as well as all statutory penalties allowed by law.

WHEREFORE, PLAINTIFFS DONNA BORRELLO and THOMAS STALLINGS respectfully pray that their Petition be deemed good and sufficient, and that Defendants FRANCIONI BUILDERS, INC.; LAWRENCE FRANCIONI III; COLONY INSURANCE COMPANY; THE AMERICAN INSURANCE COMPANY, A FIREMAN'S FUND INSURANCE COMPANY; and ENCOMPASS INSURANCE COMPANY OF AMERICA, be duly served and cited with a copy of this Petition for Damages and that they be made to appear and answer same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be judgment entered in favor of Plaintiffs DONNA BORRELLO and THOMAS STALLINGS and against defendants FRANCIONI BUILDERS, INC.; LAWRENCE FRANCIONI III; COLONY INSURANCE COMPANY; THE AMERICAN INSURANCE COMPANY, A FIREMAN'S FUND INSURANCE COMPANY; and ENCOMPASS INSURANCE COMPANY OF AMERICA, in an amount that is reasonable under the premises, and together with all costs of these proceedings, for penalties and attorneys fees, for legal interest, and for all general and equitable relief.

DATED: September 24, 2010

Respectfully submitted,

*[signature]*

**DONNA M. BORRELLO – Bar #16817**
New Orleans, LA 70130
Telephone: (504) 595-6191
Fax: (504) 595-6192
E-mail: dborrello@delacroixcorp.com

**Counsel for:**
**DONNA BORRELLO AND**
**THOMAS STALLINGS**

- 11 -

**PLEASE SERVE**

FRANCIONI BUILDERS, INC.
Through its agent for service of process
Joseph B. Landry
639 Loyola Avenue
25th Floor, One Poydras Plaza
New Orleans, LA 70113

LAWRENCE E. FRANCIONI III
38 Bluebird Street
New Orleans, LA 70124

COLONY INSURANCE COMPANY
Through its agent for service of process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

ENCOMPASS INSURANCE COMPANY OF AMERICA
Through its agent for service of process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

THE AMERICAN INSURANCE COMPANY,
A FIREMAN'S FUND INSURANCE COMPANY
Through its agent for service of process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809