UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA BORRELLO AND THOMAS STALLINGS | * | CIVIL ACTION NO.: |
| Plaintiffs | * | |
| VERSUS | * | JUDGE: |
| FRANCIONI BUILDERS, INC.; LAWRENCE E. FRANCIONI III; COLONY INSURANCE COMPANY; THE AMERICAN INSURANCE COMPANY, A FIREMAN'S FUND INSURANCE COMPANY; AND ENCOMPASS INSURANCE COMPANY OF AMERICA | * | MAGISTRATE: |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ENCOMPASS INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL

Defendant Encompass Insurance Company of America ("Encompass") hereby removes to this Court the state court action described below.

1. Donna Borrello and Thomas Stallings, both domiciled in Louisiana, commenced this action seeking compensation under their Encompass homeowners insurance policy for damage to their home allegedly caused by Chinese drywall. Plaintiffs also named a second homeowners insurer, American Insurance Company ("American"). In addition to their homeowners insurers, plaintiffs have sued their builders and their insurers.

2. The Petition for Damages names Encompass and American, both non-Louisiana insurers, as defendants.

168888

1

**Exhibit 5**

3. In an attempt to defeat diversity jurisdiction, Plaintiffs have also named as defendants a Louisiana company and individual, Francioni Builders, Inc. and Lawrence E. Francioni III (collectively, the Builder Defendants), along with Colony Insurance Company ("Colony"), the Builder Defendants' insurer.

4. This action was filed in Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Donna Borrello and Thomas Stallings v. Francioni Builders, Inc.; Lawrence E. Francioni III, Colony Insurance Company, a Fireman's Fund Insurance Company, and Encompass Insurance Company of America*, No. 10-9891. (*See* Petition, attached as Exh. A.)

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity of citizenship as to all properly joined parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Based on the date of service on Encompass, this Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure. Encompass has contacted counsel for American, and American has consented to this removal.

### Complete Diversity Exists As To All Properly Joined Parties

7. Plaintiffs are alleged to be citizens of the State of Louisiana. (Pet. at ¶ 1.)

8. Encompass is a foreign insurer that is incorporated under the laws of Illinois and has its principal place of business in Illinois. (Pet. at ¶ 8; Exh. B).

168888

9.      American is a foreign insurer that is incorporated under the laws of California and has its principal place of business in California. (Pet. at ¶ 6).

10.     Consent to or joinder in this removal by the Builder Defendants and Colony, their insurer, is unnecessary because plaintiffs have joined these parties improperly. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, . . . application of this [consent] requirement [for removal] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

### The Non-Diverse Defendants Are Improperly Joined

11.     The Builder Defendants allegedly are citizens of the State of Louisiana. (Pet. at ¶ 1.) These non-diverse defendants, however, do not defeat this Court's subject matter jurisdiction because they are improperly joined.[1] *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355-60 (11th Cir. 1996), *overruled on other grounds sub nom, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *accord Mallard v. Prudential Ins. Co. of Am.*, No. 95-908, 1996 WL 170126, at *3 (M.D. Ala. 1996) ("The court will not allow these plaintiffs to defeat the defendants' right to have their claims determined in a federal forum by the artifice of joining their claims with totally separate claims of other non-diverse parties"); *Turpeau v. Fidelity Fin. Servs., Inc.*, 936 F. Supp. 975, 978-79 (N.D. Ga. 1996) (because each of the transactions at issue

---

[1]  Encompass likewise contends that the claims against Colony, the Builders' insurer, are improperly joined with the claims against Encompass and American. However, as the Colony allegedly is a Virginia citizen, its citizenship does not defeat the Court's jurisdiction. (Pet., at ¶ 5).

3

168888

were made with different plaintiffs and different defendants, the transactions were not sufficiently related so as to permit joinder), *aff'd*, 112 F.3d 1173 (11th Cir. 1997).

12. When a petition alleges only parallel claims against separate, unrelated diverse and non-diverse defendants, joinder of the non-diverse defendants, like the Builder Defendants, is improper. *Chehardy, et al. v. Louisiana Ins. Comm., et al.*, No. 05-1140 (M.D. La. 2006) (finding fraudulent joinder and maintaining jurisdiction where plaintiffs alleged separate claims against separate insurers and Insurance Commissioner); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Polk v. Lifescan, Inc.*, No. 4:03CV020, 2003 WL 22938056, at *5 (N.D. Miss. 2003); *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003) (claims against tortfeasor allegedly causing injury found improperly joined with contract claim against insurer); *see also Mallard*, No. 95-908, 1996 WL 170126; *Turpeau*, 936 F. Supp. at 978-79.

13. Plaintiffs have improperly joined their claims against the Builder Defendants and their insurer with their claims against Encompass and American, their homeowners insurers. Whether or not plaintiffs have colorable claims against the Builder Defendants and their insurer, on the one hand, and the homeowners insurers, on the other hand, the claims are wholly distinct and are not properly joined. The tort-based claims against the Builder Defendant and their insurer arise out of their allegedly negligent installation of defective drywall in plaintiffs' home in violation of Louisiana law. In contrast, the contract-based claims against the homeowners insurers, Encompass and American involve no more than the purported coverage under plaintiffs' homeowners insurance policies for their alleged losses. Plaintiffs have

168888

not alleged that the homeowners insurers participated in any way in the allegedly tortious conduct of the Builder Defendants and their insurer or that Encompass or American issued an insurance policy to any of the Builder Defendants. Nor have plaintiffs alleged that the Builder Defendants or their insurer have any relation to or involvement with plaintiffs' homeowners policies. Accordingly, joinder of the separate, unrelated claims against the Builder Defendants and the their insurer with the claims against the homeowners insurers is improper and the citizenship of the Builder Defendants should be disregarded.

### The Amount In Controversy Exceeds $75,000

14. As required by Louisiana law, the Petition is silent as to the amount in controversy. Therefore, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the Petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54.

15. Here, it is clear from the face of the Petition that plaintiffs seek an amount in excess of $75,000. Plaintiffs seek recovery for "costs of inspection; costs and expenses necessary to remedy, replace and remove drywall and other property that has been impacted; lost value or devaluation of their home . . . and other ensuing loss." (Pet. at ¶ 43). Based on these demands, Encompass' liability could potentially equal its policy limits. Encompass' homeowners policy issued to plaintiffs provided a limit of $556,000 for dwelling, contents, and other structures. (*See* Coverage Summary, attached as Exh. C). Encompass has made no

168888

payment to plaintiffs under their homeowners policy in connection with this claim, leaving the full policy limits potentially in dispute.

16. In addition, plaintiffs also attempt to state causes of action against the homeowners insurers for bad faith, and claim that they are entitled to recover "damages", "statutory penalties", and "attorney fees". (Pet. ¶¶ 45-48, Prayer). Such amounts must be considered in determining the amount in controversy. *See Davis v. State Farm*, No. 06-0560, 2006 WL 1581272, at *4 (E.D. La. June 7, 2006) ("Here, penalties under 22:658 alone could increase the amount awarded to plaintiffs by $17,000 bringing the total amount in controversy to $85,000 without considering whether plaintiffs might be able to show damages under section 22:1220."); *Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733 (E.D. La. 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met); *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1258 (5th Cir. 1998) (noting that attorney's fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law); *In re Abbott Labs.*, 51 F.3d 524, 526-57 (5th Cir. 1995) (holding that combination of attorney fees, allowed by class action statute, and claims by plaintiffs satisfied jurisdictional amount). Accordingly, the amount in controversy clearly exceeds $75,000.

17. In sum, considering plaintiffs' claims against Encompass for substantial damage caused by allegedly defective Chinese drywall, along with damages, statutory penalties, and attorney fees, the amount in controversy here clearly exceeds $75,000; and, as demonstrated

168888

6

above, there is complete diversity of citizenship between plaintiffs and the only properly joined defendants.

**WHEREFORE,** Encompass respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

/s/ Catherine F. Giarrusso

Judy Y. Barrasso, 2814
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Encompass Insurance Company of America*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Encompass Insurance Company of America's Notice of Removal, has been served upon all counsel of record by facsimile, hand delivery, electronic mail, or placing same in the United States mail, postage prepaid and properly addressed, this 2nd day of November, 2010.

/s/ Catherine F. Giarrusso

168888