UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

THE PLAINTIFFS' STEERING COMMITTEE'S
MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL DISCOVERY RESPONSES FROM MARK P. NORRIS

I.   **INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC"), pursuant to Fed.R.Civ.P. 37 hereby moves this Honorable Court to compel Knauf Gips, K.G. and Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") to produce Mark P. Norris to complete the witnesses' deposition which was improperly terminated. After extensive cross-examination by Knauf's counsel the witness was turned over for re-direct examination. Ten minutes later, however, the witness got up and left the deposition. Knauf did not move to terminate or limit the deposition. The PSC is therefore compelled to file this motion to compel discovery to require Mr. Norris to appear again to allow for the completion of his deposition.

II.   **FACTUAL BACKGROUND**

Mark P. Norris is the Vice President of Sales and Marketing of Knauf Asia Pacific, which is a group of companies comprising KPT; Knauf Plasterboard (Wuhu) Co., Ltd.; Guangdong Knauf New Building Material Products Co., Ltd.; and other Knauf entities. Mr. Norris is a

1

resident of Beijing, China. His deposition took place by agreement in Hong Kong. Hong Kong is 8,497 miles away from New Orleans, Louisiana. At great expense and effort, counsel for the PSC, Banner Supply Co., Lennar and others traveled to Hong Kong to prepare for and participate in Mr. Norris' deposition.

Mr. Norris' deposition began on Thursday, November 11, 2010. Counsel for the Knauf defendants, Mr. Jay Mayesh, informed those present at the deposition that Mr. Norris would have to leave the deposition the next day promptly at 5:00 p.m. for personal reasons. To meet this unilateral deadline, counsel worked promptly and expeditiously to complete their examinations and offered to extend the working day or skip lunches. The initial examination of Mr. Norris was taken by Mr. Arnold Levin on behalf of the PSC. For example, Mr. Arnold Levin on behalf of the PSC concluded his initial direct examination of Mr. Norris at 4:30 p.m. on November 11, 2010.[1] The next examiner, Mr. Ervin Gonzalez on behalf of the Florida State Litigants, immediately began his examination until Knauf terminated it at 5:00 p.m.

At the conclusion of the first day's examination, out of respect for the witness' desire to promptly end the deposition at 5:00 the next day, a request was made to begin the second day of testimony earlier than 9:00 a.m. Counsel were advised that Mr. Norris would not be available any earlier than 9:00 a.m. In an attempt to complete the deposition timely, Knauf's counsel agreed to an abbreviated, working lunch break for the second day.

Thus, on November 12, 2010, Mr. Gonzalez resumed his examination of Mr. Norris. Mr. Gonzalez concluded his examination of Mr. Norris at approximately noon, at which time the

---

[1] Mark Patrick Norris Deposition, Volume I, November 11, 2010 at p. 317 [attached hereto as Exhibit "A"].

2

examination was turned over to counsel for the Banner Supply Company, Mr. Todd Ehrenreich.[2] At 12:45 pm, the parties broke for what was to be a short recess for lunch. The witness left the conference room and did not work through lunch. Instead, the deposition resumed at 1:23 pm.[3] Mr. Ehrenreich concluded his direct examination of the witness by 2:12 p.m.[4] After a short recess, Ms. Hilarie Bass began her interrogation on behalf of various home builders involved in the litigation. Her examination concluded shortly thereafter at 2:47 p.m.[5] At that time, Mr. Joseph Hassinger began his interrogation on behalf of Interior/Exterior Supply Company, which examination lasted approximately 35 minutes and was concluded at 3:27 p.m.[6] Following that, Mr. David Black began his brief examination on behalf of the State of Louisiana. Mr. Black concluded his examination approximately 20 minutes later at 3:48 p.m.[7]

After a recess request by Knauf, counsel for Knauf began an effort to rehabilitate Mr. Norris through a cross-examination that began at 3:58 p.m. Mr. Mayesh conducted an extensive examination of Mr. Norris in his effort to rehabilitate the witness. Among the numerous topics covered by Mr. Mayesh, Mr. Norris was asked questions regarding INEX complaints (p. 754); the source of INEX product originating from a different lot and batch (p. 756); Exhibit 39 being a

---

[2] Mark Patrick Norris Deposition, Volume II, November 12, 2010 at p. 572 [attached hereto as Exhibit "B"].

[3] *Id.* at 616.

[4] *Id.* at 667.

[5] *Id.* at 702.

[6] *Id.* at 731.

[7] *Id.* at 753.

draft document (p. 760); the license requirements to conduct business in China (p. 765); his authority to unilaterally contract with Banner in the United Sates (p. 770); his authority to unilaterally contract with INEX in the United States (p. 772); his collaboration with the Knauf Group in Germany to establish pricing (p. 773); his authority to enter into a sole agent contract with Banner (p. 777); the incredulous reaction of others regarding smelly drywall (p. 781); Dr. Hummel's reputation and expertise (p. 782); whether he sought permission from any other Knauf Group executive to replace Banner's wallboard (p. 800); discussions with counsel regarding attorney client privileged communications regarding the return of wallboard during discussions with Banner (p. 804)[8]; whether KPT conducts its own human resources efforts (p. 806); whether KPT does not use human resource personnel from any other Knauf Group entities in Germany (p. 806).

The cross examination of Mr. Norris included extensive readings into the record of documentary evidence from a CTEH summary of air sampling results, Exhibit 62. At one point in time, Mr. Levin objected, "You're running out the clock right now by reading. We will stipulate that all the documents say what the document say and then you ask the witness a question. We know exactly what you're doing."[9] Mr. Mayesh continued to run out the clock despite these objections of Mr. Levin and others. With ten minutes to spare before the self-imposed deadline, Mr. Mayesh concluded his interrogation of Mr. Norris.[10]

---

[8] The PSC contends that Mr. Norris and Mr. Mayesh waved the attorney client privilege by opening up the door to this line of inquiry. This area of inquiry would have required extensive re-direct examination.

[9] *Id.* at 792.

[10] *Id.* at 807.

As Mr. Mayesh covered numerous areas of inquiry in his cross-examination of Mr. Norris, the need for significant rebuttal testimony on re-direct examination was created. Mr. Levin immediately began his examination and was making significant progress towards its completion. When Mr. Levin began inquiring into the fact that all Chinese manufacturers that got gypsum from the same mine as KPT had smelly drywall, Mr. Norris declined to answer the question based upon China's State Secrecy Act. Then he abruptly terminated the examination by getting up and walking out of the deposition.[11] Counsel advised Mr. Norris and Mr. Mayesh that only ten to fifteen minutes of re-direct examination remained. Nevertheless, rather than allow for the short period of time required to complete the re-direct examination, Mr. Norris departed. The deposition was left open subject to the objections that are now raised by this motion.

## III. ARGUMENT

Fed.R.Civ.P. 30(d)(3)(a) permits a party to terminate a deposition upon a motion if the deposition is "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Courts have observed that such a motion is mandatory. In *Langer, et al. v. Presbyterian Medical Center of Philadelphia*, 1995 WL 79520 (E.D.Pa. Feb. 17, 1995), the Court was faced with a factual pattern where counsel and the witness abruptly terminated the deposition. The Court ruled that:

> Going beyond the interruptive slew of unfortunate objections, counsel's manner of ending the deposition was objectionable as well. One does not just latch on to one's deponent and simply sashay away from the table, leaving the other lawyers to look at an empty witness chair, a suddenly silenced Stenotype. The Rules require more: a court order.

---

[11]*Id.* at 819.

*Id.* at *13. Knauf failed to move to terminate the deposition of Mr. Norris.[12]

The PSC has therefore been required to file this motion to compel pursuant to Rule 37. Rule 37(a)(3)(B)(i) authorizes the PSC to compel discovery from Mr. Norris because he has "failed to answer a question asked under Rule 30." Because Mr. Norris walked out of the deposition, a logistic problem is created by seeking to compel the completion of his deposition. Mr. Norris resides in China. The PSC should not be put to the burden or expense of traveling to Asia to complete Mr. Norris's deposition. Instead, the PSC posits that Mr. Norris should be compelled to appear in New Orleans to allow the completion of his deposition. There is no justification for Mr. Norris terminating the deposition in the manner done so here.

## IV. CONCLUSION

For the reasons set forth above, the PSC's motion to compel should be granted. Mr. Norris should be compelled to appear at the offices of Herman, Herman, Katz & Cotlar, 820 O'Keefe Avenue, New Orleans, Louisiana 70113 within the next 30 days at Knauf's expense.

---

[12]Rule 30(d)(1) notes that although depositions are ordinarily limited to one day of seven hours, hereby the parties agreed to a 2 day period of time to depose Mr. Norris. Rule 30(d)(1) provides, however, that "the Court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

Respectfully submitted,

Dated: December 1, 2010

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Daniel E. Becnel, Jr. |
| Barrios, Kingsdorf & Casteix, LLP | Becnel Law Firm. LLC |
| 701 Poydras Street, Suite 3650 | P.O. Drawer H |
| New Orleans, LA 70139 | 106 W. Seventh Street |
| Phone: (504) 524-3300 | Reserve, LA 70084 |
| Fax: (504) 524-3313 | Phone: (985) 536-1186 |
| Barrios@bkc-law.com | Fax: (985) 536-6445 |
| | dbecnel@becnellaw.com |

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Memorandum in Support of Motion to Compel Discovery Responses from Mark P. Norris has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 1st day of December, 2010.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047