007028.000004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>*WILTZ, ET. AL. V. BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO., ET. AL.*<br><br>*CASE No. 2:10-cv-00361 (E.D.LA.)* | **CASE NO.: 2047**<br><br>**SECTION: L**<br><br>**Honorable Eldon E. Fallon**<br><br>**MAG: JUDGE WILKINSON** |

**TAG-ALONG DEFENDANT'S, COASTAL CONSTRUCTION OF SOUTH FLORIDA, INC., MOTION TO DISMISS WITH PREJUDICE, OR IN THE ALTERNATIVE REMAND TO THE COURT OF ORIGIN THE CLAIMS OF THE TAG-ALONG TO THE WILTZ OMNIBUS CLASS ACTION COMPLAINT AS A TAG-ALONG CASE**

Tag-Along Defendant, Coastal Construction of South Florida, Inc., ("Coastal"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(2), makes this special limited appearance for contesting personal jurisdiction and hereby moves to dismiss the Plaintiff, Wendy Hobbie ("Hobbie"), as a class representative in the tag-along case (Case Number:10-1113) from the Untied States District Court for the Southern District of Florida (Case Number 10-80320) as incorporated in the Wiltz Omnibus Class Action Complaint (II), with prejudice, for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction pursuant to the Federal Rules of Civil Procedure and remand the matter to the court of origin.

This is a shotgun pleading that makes no effort to distinguish between Coastal and the entities actually responsible for the drywall. Further, Plaintiff failed to properly plead that this Court is the proper venue and has jurisdiction to over Coastal. Plaintiffs have offered a laundry list of generic common law and statutory theories-i.e., Negligence, Negligence Per Se, Strict

Liability, Breach of Express and/or Implied Warranties, Breach of Implied Warranty of Habitability, Breach of Contract, Private Nuisance, Negligent Discharge of Corrosive Substance, Unjust Enrichment, Violation of Florida's Deceptive and Unfair Trade Practices Act, and Equitable and Injunctive Relief and Medical Monitoring. As detailed in the accompanying memorandum of law in support of this Motion, every one of those claims should be dismissed as fatally defective pursuant to Rule 12(b)(6) and Florida law. Coastal does not and does not intend to subject itself to the jurisdiction of this Court for any reason other than to contest this Court's purported jurisdiction over it through the Federal jurisdictional requirements. Plaintiffs claims would be properly adjudicated in Florida and the Coastal rights would be afforded full protection under Florida law

WHEREFORE, for the reasons set forth above and in the accompanying memorandum of law in support, Tag-Along Defendant, Coastal, respectfully requests that the Court enter an order dismissing the claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6) and 12(b)(2), and awarding Coastal its fees in defending this action against the Plaintiffs pursuant to Florida's Deceptive and Unfair Trade Practices Act or in the alternative remand the tag-along case (Case Number:10-1113) to the Court of origin, the United States District Court for the Southern District of Florida.

Dated: December 1, 2010

Respectfully submitted,

/s/ Raul R. Loredo
Raul R. Loredo, Esquire
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
rloredo@defensecounsel.com

/s/ Addison J. Meyers
Addison J. Meyers, Esquire
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
ameyers@defensecounsel.com

CERTIFICATE OF SERVICE

      I, hereby certify that the above and forgoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by United States Mail and email or hand delivery and email and upon all parties electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 1st day of December, 2010.

                                            /s/ Raul R. Loredo
                                            Raul R. Loredo