UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL D'AMICO AND** | * | **CIVIL ACTION NO. 09-4367** |
| **MICHELLE D'AMICO** | * | |
| | * | **SECTION "L"** |
| **VERSUS** | * | |
| | * | **MAGISTRATE "2"** |
| **KNAUF GIPS KG, ET AL** | * | |
| | * | **JURY TRIAL DEMANDED** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**Related to:**
   *Amato v. Liberty Mutual Insurance Company,* **No. 10-932, L(2) (E.D. La. 3/19/10),**
   *Payton, et al v. Knauf Gips KG, et al***, No. 09-7628,L(2) (E.D. La. 12/9/09),**
   **and** *In re: Chinese-manufactured Drywall Products Liability Litigation***,**
   **MDL No. 2047, L(2) (E.D. La.).**

## AMENDED COMPLAINT

The Plaintiffs Daniel and Michelle D'Amico, by and through the undersigned counsel of record, amend and supplement their originally filed complaint in the above-captioned action, adding the additional party and allegations as follows:

### THE PARTIES

1.     The Plaintiffs own immovable property with improvements and personal property located at 591 Autumn Wind Lane, Mandeville, Louisiana, 70471, and have owned this property at

all pertinent times as plead herein.

2. The Plaintiffs are residents and property owners in the Easter District of Louisiana.

3. The Plaintiffs are parties to the Chinese Drywall Litigation pending before the Honorable Eldon E. Fallon, referred to as *In re: Chinese-manufactured Drywall Products Liability Litigation*, MDL No. 2047, L(2) (E.D. La.).

4. The Plaintiffs are parties to the lawsuit filed against the defendant Knauf Plasterboard (Tianjin) Ltd., and others, commonly referred to as Omnibus Complaint I in the MDL proceedings, and bearing the caption *Payton, et al v. Knauf Gips KG, et al*, No. 09-7628,L(2) (E.D. La. 12/9/09), (The Plaintiffs are named as plaintiffs in Paragraph 284).

5. The Defendant Liberty Mutual Fire Insurance Company (hereinafter referred to as "Liberty") is a foreign insurer organized and existing under the laws of the State of Massachusetts and doing business in the State of Louisiana, and which can be served through its registered agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

6. The Defendant Liberty is a named defendant in the action captioned *Amato v. Liberty Mutual Insurance Company*, No. 10-932, L(2) (E.D. La. 3/19/10).

## JURISDICTION AND VENUE

7. The Plaintiffs bring this civil action against the Defendant Liberty pursuant to 28 U.S.C. § 1332(a), as the claim alleged exceeds the sum or value of $75,000.00, and is an action between citizens of different states, as provided by law.

8. Venue is proper in this District. This action involves claims of damages arising from the presence of Chinese-manufactured drywall contained in or on immovable property located in this

District.

9. Upon information and belief, the majority of witnesses and documentary evidence giving rise to and associated with this action reside or are located in this District.

10. Further, upon information and belief, a significant number of activities giving rise to this action were initiated or took place in this District, as further plead herein.

## ALLEGATIONS

11. The Plaintiffs aver the Defendant Liberty is jointly and solidarily liable for the damages and losses sustained by the Plaintiffs as a result of the presence of Chinese-manufactured drywall in their home at 591 Autumn Wind Lane, Mandeville, Louisiana, 70471, with the manufacturer of the drywall products.

12. The Plaintiffs purchased an "All Risk" homeowner's insurance policy (the "All Risk Policy") from Liberty, bearing policy number H32-291-062963-4090.

13. The Plaintiffs' "All Risk" policy included coverage for their home and for their personal property located in their home at 591 Autumn Wind Lane, Mandeville, Louisiana, 70471.

14. The Plaintiffs have learned that their home at 591 Autumn Wind Lane, Mandeville, Louisiana, 70471, contains drywall manufactured in China.

15. Subsequent inspections confirmed the Plaintiffs' home at 591 Autumn Wind Lane, Mandeville, Louisiana, 70471, contained Chinese-manufactured drywall and that component parts of the home, and the contents therein, were impacted and/or affected by the presence of Chinese-manufactured drywall installed in their home.

16. On April 2, 2010, the U.S. Department of Housing and Urban Development (HUD) and the U.S. Consumer Product Safety Commission (CPSC) issued their Interim Remediation

Guidance identifying a link between Chinese-manufactured drywall and damage to component parts of homes and contents contained therein

17. On May 25, 2010, the CPSC released a list of Chinese drywall manufacturers it identified and deemed responsible for damage to component parts of homes and contents contained therein.

18. The list provided by the CPSC included Chinese drywall manufactured by the company Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT").

19. An environmental consultant experienced in identifying Chinese-manufactured drywall has informed the Plaintiffs that their home located at 591 Autumn Wind Lane, Mandeville, Louisiana, 70471, contains Chinese-manufactured drywall manufactured by KPT, and that this drywall caused damage to the component parts of their home and possibly to their personal property located in their home.

20. As a result of their home containing KPT Chinese-manufactured drywall, the Plaintiffs have suffered damages which are compensable under the terms of their "All Risk" policy issued to them by Liberty.

21. The Plaintiffs seek the enforcement of the terms of their insurance policy issued by Liberty, including the recovery of costs necessary to replace and/or repair damages resulting from the presence of Chinese-manufactured drywall in their home.

22. In particular, the Plaintiffs are entitled to recover under the terms of their policy issued by Liberty for the costs to replace any and all component parts damaged by the presence of KPT drywall in their home, including but not limited to the costs to replace electrical components and wiring, gas service piping, the HVAC system, copper tubing, electrical and plumbing fixtures,

etc.

23. Additionally, the Plaintiffs are entitled to recover under the terms of their policy issued by Liberty for the costs to replace any and all component parts damaged by the presence of KPT drywall in their home.

24. The Plaintiffs are further entitled to recover alternative living expenses, including the costs of lodging and meals, resulting from their anticipated relocation necessitated by the need to repair and replace the impacted component parts of their home.

25. The Plaintiffs are entitled to a declaratory judgment of their rights as policyholders under the "All Risk" policy issued to them and covering their home and personal property by Liberty.

26. The Plaintiffs are further entitled to all necessary and appropriate injunctive relief to prevent Liberty from denying coverage, and more importantly, from any refusal to timely and promptly pay for the damages asserted herein, an to which the Plaintiffs are entitled to receive under the terms of their "All Risk" policy.

27. The Plaintiffs further aver that the Defendant Liberty was placed on notice of a claim for damages and losses for their home located at 591 Autumn Wind Lane, Mandeville, Louisiana, 70471, prior to the filing of this action.

28. To date, and upon information and belief, Liberty has denied coverage and possibly even canceled policies of insurance for similar claims asserted by like homeowners and policyholders.

29. Liberty is liable for penalties, attorney's fees and costs as provided by state law (La. R.S. §§ 22:1892 and 22:1973), for failing to timely adjust the Plaintiffs' claims and for Liberty's failure to tender any portion of the policy limits to Plaintiffs once placed upon notice of the claim

alleged herein.

30. The Plaintiffs intend that all other allegations and charges against the parties to the originally filed Complaint in this action remain unchanged and unaltered by the additional allegations asserted in this Amended Complaint.

31. The Plaintiffs further intend that all other allegations and charges against any person or party in any of the other related actions to which the Plaintiffs are parties or putative members are to remain unchanged and unaltered by the additional allegations asserted in this Amended Complaint.

32. The Plaintiffs request a trial by jury of this action against the Defendant Liberty, and all other parties, including KPT.

WHEREFORE, the Plaintiffs pray the Defendant Liberty be served with a copy of this Amended Complaint, and after the expiration of all legal delays, for this Honorable Court to issue judgment in favor of the Plaintiffs and against the Defendants (1) for all damages to which they are entitled under federal and state law, as plead herein, or in any other related action pending before this Court, (2) for all damages to which they are entitled under the terms of her "All Risk" policy issued by Liberty, (3) for all penalties, costs and attorney's fee pursuant to La. R.S. §§ 22:1892 and 22:1973, (4) for declaratory judgement finding the Defendant Liberty jointly and solidarily liable to the Plaintiffs with the manufacturer(s) of the defective Chinese-manufactured drywall (Knauf) located in their home, (5) for all attorney's fees and costs otherwise provided to the Plaintiffs by law from the Defendant Liberty or any other defendant, (6) for all other declaratory and injunctive relief as plead herein, and (7) for any other general and equitable relief to which she may be entitled under the law against the Defendants.

Respectfully submitted,

**THORNHILL LAW FIRM, APLC**

_/s/ Tom W. Thornhill_
TOM W. THORNHILL (#12776)
1308 Ninth Street
Slidell, LA 70458
Ph: (985) 641-5010
Fax: (985) 641-5011
Email: tom@thornhilllawfirm.com

AND

N. Frank Elliot III (#23054)
N. FRANK ELLIOT III, LLC
P.O. Box 3065
Lake Charles, LA 70602
Ph: (337) 309-6999
Fax: (337) 439-2545
Email: frank@nfelaw.com