UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Pate v. American International Specialty Lines Insurance Company, et al.* (09-7791) | MDL NO.: 2047<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE WILKINSON |

**PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO
LANDMARK AMERICAN INSURANCE COMPANY'S
<u>MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES</u>**

Plaintiff, Robert C. Pate, as Trustee for the Chinese Drywall Trust ("Pate"), respectfully submits this response to the supplemental memorandum of Landmark American Insurance Company ("Landmark") in support of its motion to dismiss this action for failure to join an indispensable party.

In its supplemental memorandum, just as in its opening memorandum, Landmark improperly attempts to utilize Federal Rule of Civil Procedure 19 as a dismissal device when the proceeding at issue – as currently styled – names all required parties. Landmark's supplemental memorandum merely is a disingenuous attempt to tie Landmark to this Court's November 3, 2010 ruling dismissing Owners Insurance Company ("Owners") from this action for lack of personal jurisdiction. However, Landmark provides no cognizable basis, and no support, for why an alleged *allocation* clause in its policy – that is applied after indemnifying the insured – requires that Owners be present in the same action when Landmark's duties are determined under *its* insurance policy. Moreover, assuming Landmark's and Owners' policies operate to share liability under their respective policies, which is not known at this stage of the

proceedings, Landmark provides no explanation why it could not seek reimbursement from Owners. Landmark's supplemental argument concerning indispensable parties should be rejected and this action should move forward.

## ARGUMENT

### A. Landmark's and Owners' "other insurance" clauses do not establish that Owners is a necessary and indispensable party in this action to determine Landmark's duties under its policy.

"[S]everal courts have found that an absent primary insurer is not a necessary and indispensable party in relation to an already named primary insurer." *Selective Ins. Co. of S.C. v. City of Paris*, No. 07-2224, 2008 WL 927956, at *2 (C.D. Ill. Mar. 17, 2008) (finding that absent primary insurers' payment of defense costs was not enough to make them indispensable parties); *Rhone-Poulenc, Inc. v. Int'l Ins. Co.*, No. 94 C 3303, 1996 WL 435180, at *5-9 (N.D. Ill. July 31, 1996) (holding that absent primary insurers were not necessary and indispensable parties in action against primary insurer for breach of contract and declaration of insurance coverage obligations).

Moreover, "[t]he mere presence of 'other insurance' terms in contested insurance contracts does not compel a finding that absent insurers are conditionally necessary parties." *City of Littleton v. Commercial Union Assurance Cos.*, 133 F.R.D. 159, 162 (D. Colo. 1990); *see e.g., Darnoch Ltd. v. PBM Holdings, Inc.*, 666 F. Supp. 2d 366, 371-72 (S.D.N.Y. 2009); *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007); *Cas. Indem. Exch. v. Vill. of Crete*, 731 F.2d 457, 461-62 (7th Cir. 1984); *Brinco Mining, Ltd. v. Fed. Ins. Co.*, 552 F. Supp. 1233, 1238-39 (D.D.C. 1982) (finding that although primary policy had "other insurance" clause the other three insurance companies were not necessary parties).

Indeed, this rule of law exists because even though "other insurance" clauses may apply, "each insurance contract with the primary insurer creates a separate obligation which can be construed separately in determining whether coverage applies." *Selective Ins. Co. of S.C.*, 2008 WL 927956 at *2 (*quoting City of Littleton*, 133 F.R.D. at 162).

According to Landmark, both Landmark and Owners provide overlapping primary coverage to WCI. As Landmark's and Owners' duties under their respective policies are wholly independent because they have separate and distinct contracts, Owners' absence does not prevent this Court from according Pate the relief he seeks – an interpretation of the terms and conditions of Landmark's policy. *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 748 F. Supp. 1057, 1065 (D. Del. 1990) (finding complete relief could be accorded between plaintiff and named insurance company regardless of whether coverage of absent insurance company was "implicated"); *See City of Littleton*, 133 F.R.D. at 162 (noting that complete relief could be accorded because relief requested was interpretation of insurance policy); Fed. R. Civ. P. 19(a)(1).

Additionally, Owner's ability to protect any interest it might have will not be impaired or impeded as determination of Landmark's coverage will not be *stare decisis* over Owners in a separate action. Fed. R. Civ. P. 19(a)(2)(i); *see Gen. Refractories*, 500 F.3d at 317 (expressly rejecting that "persuasive precedent" could impede an absent insurance company's ability to protect interest in later action); *see also Spec. Jet Servs., Inc. v. Fed. Ins. Co.*, 83 F.R.D. 596, 599-600 (W.D. Pa. 1979) ("a third party is not a necessary or indispensable party to an action to determine the rights of other parties under a contract, simply because the third party's rights or obligations under an

entirely separate contract will be seriously affected by the action."). Moreover, despite Landmark's cursory assertion, Owners' absence will in no way lead to any potential inconsistent judgments between these parties under Fed. R. Civ. P. 19(a)(2)(ii). As the court in *Remington Arms* noted:

> The fact that insurance coverage issues may be decided in one manner and the contribution issue decided in another manner does not mean defendants will be subjected to "inconsistent obligation" … [i]t will only affect the amount of money the defendants might recover from the absent insurers.

748 F. Supp. at 1067.

Indeed, Landmark provides no support for its assertion that Owners is a necessary and indispensable party in this action. Instead, Landmark makes much of its "unique relationship" with Owners in defense of its position that because Owners has been dismissed, Pate's action against Landmark also must be dismissed. There is no unique relationship. The Landmark and Owners policies, just as all other modern insurance policies, contain "other insurance" clauses that purportedly discount their ultimate liability if the policyholder has multiple insurance policies covering the same risk for the same policy period. That is all.

However, Landmark states, in conclusory fashion, that "[s]hould both policies apply, the contribution should be apportioned among both Owners and Landmark" and "[t]his is … just one issue a Court will need to address before a determination is made as to the respective duties of both Owners and Landmark." Even if true, there is no reason – and Landmark provides no explanation – why such a determination would have to be made now. Indeed, the Third Circuit in *Koppers Co. v. Aetna Cas. & Sur.*

*Co.*, 98 F.3d 1440, 1454 (3d. Cir 1996) (emphasis added), explained how such "other insurance" clauses *actually* operate:

> …the insured gets indemnified first (pursuant to the insuring agreements) and then the insurers may seek to redistribute the burden among themselves. *It is only at this later stage that the 'other insurance' clauses become relevant….*

And the insurance companies would enjoy that later proceeding (wherever it might be) without burdening their policyholder.

Moreover, even assuming that the "other insurance" clauses operate in the fashion that Landmark asserts, Landmark will be liable only for its fair portion of WCI's liability. However, even if for some unknown reason, Landmark is held liable for more than its fair share of liability, Landmark will still not be harmed by not including Owners in this action, because Landmark's policy explicitly contains a right of subrogation. Ex. 1, at 38. If Pate has rights to recover any payments from Owners that Landmark has made, those rights are transferred to Landmark, and Landmark can enforce that right against Owners. *See Rocha v. Landry*, 615 So. 2d 995, 998 (La. Ct. App. 1993) (holding where co-insurers had pro rata "other insurance" clauses, insurance company which paid full settlement had conventional right of subrogation to enforce the pro rata clause against non-paying insurance company).

Accordingly, Owners is not a necessary and indispensable party to Pate's action against Landmark to determine Landmark's independent duties under its policy.

## **CONCLUSION**

For the foregoing reasons, and those stated in his earlier briefs, Pate respectfully requests that this Court deny the motions to dismiss for failure to join indispensable parties under Fed. R. Civ. P. 12(b)(7) and 19.

- 6 -

December 8, 2010

Respectfully submitted,

/s/ Anna M. Piazza
Robert M. Horkovich
Anna M. Piazza
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York 10020
P: 212-278-1000
F: 212-278-1733
rhorkovich@andersonkill.com
apiazza@andersonkill.com
*Plaintiff's Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all counsel of record by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 8th day of December, 2010.

/s/ Anna M. Piazza
Anna M. Piazza