UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS RELATES TO: 2:10-cv-04174 | * | |
| | * | MAG. JUDGE WILKINSON |
| | * | |

**************************************

## MEMORANDUM IN SUPPORT OF MOTION TO SEVER AND JOIN

MAY IT PLEASE THE COURT:

Plaintiffs' claims against Lawrence E. Francioni, III and Francioni Builders, Inc. should be severed from their claims against their alleged homeowner insurers, Encompass Insurance Company and The American Insurance Company, and joined with their claims already pending against Francioni Builders, Inc. in this Court in *Sean and Beth Payton, et al v. Knauf GIPS KG, et al* (Chinese-manufactured drywall products liability litigation).

On January 27, 2006, Donna Borrello and Thomas W. Stallings (hereinafter "plaintiffs") entered into a contract agreement with Francioni Builders, Inc., whereby Francioni Builders, Inc. agreed to repair and renovate part of plaintiffs property.  On October 01, 2009, plaintiffs allege they discovered Chinese manufactured drywall within their home and/or pool house.

Plaintiffs later joined as plaintiffs in *Sean and Beth Payton, et al v. Knauf GIPS KG, et al* (Chinese-manufactured drywall products liability litigation) which is currently pending in this Court and numbered 2:09-cv-07628 (MDL No. 2047).  The Class Action Complaint was filed on

December 09, 2009.  Plaintiffs listed Francioni Builders, Inc. as the contractor/installer of the alleged Chinese manufactured drywall in their property.  Donna Borrello and Thomas W. Stallings were the only plaintiffs to name Francioni Builders, Inc. as a defendant/installer.

On September 24, 2010, plaintiffs then filed suit in the Civil District Court for Orleans Parish and named the following as defendants:

1. Francioni Builders, Inc. as the alleged installer of Chinese manufactured drywall;

2. Lawrence E. Francioni, III;

3. Colony Insurance Company as the alleged insurer of Francioni Builders, Inc. (hereinafter "Colony");

4. The American Insurance Company, A Fireman's Fund Insurance Company as the alleged homeowners' insurer (hereinafter "American"); and

5. Encompass Insurance Company of America as the alleged homeowners' insurer (hereinafter "Encompass").

Plaintiffs collectively referred to Lawrence Francioni, III and Francioni Builders, Inc. as "Francioni."  They did not make any allegations against Lawrence Francioni individually in their Petition for Damages.  Plaintiffs alleged "Francioni" negligently renovated/repaired their property using Chinese manufactured drywall.

On November 2, 2010, Encompass filed a Notice of Removal alleging, *inter alia*, that in an attempt to defeat diversity jurisdiction, plaintiffs named defendants, Lawrence Francioni, III and Francioni Builders, Inc. along with its insurer, Colony Insurance Company, in its Petition for Damages.

On November 3, 2010, defendants, Lawrence Francioni, III and Francioni Builders, Inc. filed a Motion to Sever and Stay plaintiffs' claims pending in the Civil District Court because of the pending claims in this Court in the Chinese-manufactured drywall products liability litigation.  Defendants were not notified of Encompass' Notice of Removal and did not learn of such filing until they received plaintiffs' Motion to Remand.  Defendants' Motion to Sever and Stay plaintiffs' claims was incorrectly set for hearing on January 7, 2010.

However, these defendants join in Encompass' argument.  Plaintiffs not only attempted to defeat jurisdiction but also created a mess of unnecessary expenses, unnecessary litigation and a waste of defendants, the attorneys and the Court's time.  Plaintiffs joined as class action plaintiffs in this Court and named Francioni Builders, Inc. as installer/defendants and then several months later filed a Petition for Damages in the Civil District Court and named Lawrence Francioni, III and Francioni Builders, Inc. for claimed damages arising out of the exact same factual situation and allegations.   Lawrence Francioni, III and Francioni Builders, Inc. were forced to defend themselves in both actions even though plaintiffs' claims evolve out of the same factual situation and allegations and they were forced into incurring the expenses of both litigations.  Clearly, naming Lawrence Francioni, III and Francioni Builders, Inc. in their Petition for Damages was an attempt to defeat jurisdiction.

Rule 21 of the Federal Rules of Civil Procedure allows the Court to sever any and all claims that are necessary for it to retain its jurisdiction and to result in a just adjudication in any manner.  Therefore, should the Court hold that it cannot retain jurisdiction over the entirety of the above-captioned matter, Lawrence Francioni, III and Francioni Builders, Inc. move the Court to sever all of the claims lodged by plaintiffs against them and retain federal jurisdiction as pertains those claims by joining them with plaintiffs' pending claims in the "Chinese-

manufactured drywall products liability litigation" currently pending in this Court and which defendants are already named as defendants by plaintiffs.

WHEREFORE, defendants, Lawrence Francioni, III and Francioni Builders, Inc., pray that in accordance with Rule 21 of the Federal Rules of Civil Procedure, the Court sever all of plaintiffs' claims against Lawrence E. Francioni, III and Francioni Builders, Inc. and join the claims with the Chinese manufactured drywall products liability litigation.

Respectfully submitted,

Of Counsel:

SUTTERFIELD & WEBB, L.L.C.

/s/ JAMES R. SUTTERFIELD
James R. Sutterfield (La. Bar No. 12597)
Jessica B. Cozart (La. Bar No. 31626)
650 Poydras Street, Suite 2715
New Orleans, LA  70130
Telephone:     (504) 598-2715
Facsimile:      (504)529-7197
jsutterfield@swslaw.com
jcozart@swslaw.com
**COUNSEL FOR LAWRENCE FRANCIONI, III and FRANCIONI BUILDERS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, Suite 100, New Orleans, Louisiana 70113, rherman@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163, kmiller@frilot.com, by U.S. Mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with procedures established in MDL 2047, on this 14th day of December, 2010.

/s/ JAMES R. SUTTERFIELD