# EXHIBIT "E"



# CONSTRUCTION ARBITRATION SERVICE ("CAS") (FORMERLY KNOWN AS THE CONSTRUCTION DISPUTE RESOLUTION GROUP OR "CDRG")

## ACBA SERVICES, INC. Arbitration Procedures & Rules

### PROCEDURES

Rules, but not Procedures, may be modified by all parties to a dispute. Procedures may be modified or waived only by ACBA Services, Inc. These Procedures and Rules, including any amendment, shall apply in the form in effect on the date the submission is received by ACBA Services, Inc.

**PROCEDURE I. Submission to Arbitration**

The parties shall submit issues pending between any of the parties to final and binding arbitration pursuant to their own agreement to arbitrate. Submission to ACBA Services, Inc., or naming ACBA Services, Inc., or any specific arbitrator in the agreement to arbitrate, authorizes ACBA Services, Inc. to administer the claim pursuant to ACBA Services, Inc. Procedures and Rules. Any matter not addressed in the agreement to arbitrate shall be governed by these Procedures and Rules.

**PROCEDURE II. Filing Fee**

A non-refundable filing fee of $850 shall be paid at the time of submission to arbitration. Procedure IV, Choice of Arbitrator, will not begin until filing fees have been received on behalf of each party to this arbitration or selection of arbitrator. If one or more parties does not advance the $850 filing fee within ten (10) days of the submission to arbitration, all parties will be notified and Procedure V. (B) may be invoked in order to begin Procedure IV.

**PROCEDURE III. No Right to Appeal; Exclusion of ACBA Services, Inc. and Arbitrators**

A) There shall be no appeal of the arbitration award except for a showing of misconduct, corruption, fraud or irregularity by an arbitrator which constitutes bias or prejudice against a party. An error of law or fact, or the manner in which the hearing is conducted, including scheduling and evidentiary rulings, shall not be a basis to vacate or modify an Award.

B) Any motion to disqualify an arbitrator based upon an allegation of bias, fraud, corruption, misconduct or irregularity, shall be ruled upon by the program director; which determination shall be final and binding.

C) Neither ACBA Services, Inc., and/or the arbitrator(s), is a necessary party in any court, administrative action or legal proceedings, such as a motion to confirm, vacate or modify an award. If ACBA Services, Inc., or any arbitrator, is joined in any action of any kind whatsoever, ACBA Services, Inc., and/or arbitrator(s), shall be entitled to recover costs and attorney fees against the party joining them and/or the losing party. Neither ACBA Services, Inc., nor an arbitrator, shall be liable for any act or omission.

**PROCEDURE IV. Choice of Arbitrator**

A) Unless agreed otherwise, there shall be a single arbitrator appointed to conduct the arbitration. All arbitrators are independent contractors of ACBA Services, Inc. and are not employees, representatives or agents of ACBA Services, Inc.

B) ACBA Services, Inc. shall provide all parties a list of individuals with background or experience in law and/or construction. Each party shall rank numerically the list of arbitrators, with a one (1) being the highest rating. The individual with the lowest combined number (highest ranked) shall be appointed. In the event of a tie, the person with the lower hourly fee shall be appointed; if there is still a tie, ACBA Services, Inc. shall make the determination.

C) At the time of submission to arbitration, the submitting party shall provide a complete disclosure to ACBA Services, Inc. of all possible witnesses, including identification of organizations by which those persons are employed, and their addresses and of persons or parties in interest, with similar affiliation information and addresses, who may possibly be involved in the proceedings. Following service of the submission on the opposing party or counsel, that party shall make the same type of disclosures within fourteen (14) days. These disclosures need not be served on opposing counsel as they will be used by potential arbitrator(s) for purposes of conflict checking and disclosures to the parties of any past or present relationship of the arbitrator(s) with any such persons named, the parties or counsel. Following selection of arbitrator(s), counsel for each party shall make a disclosure of any such potential conflict relationships to the selected arbitrator(s). **The obligation to disclose is a continuing one with any doubt being resolved in favor of disclosure.**

D) If the parties require more than one (1) arbitrator the same selection procedures shall be followed. The panel of arbitrators shall select an individual to chair the board of arbitration. In all cases, the chair of the panel shall be an attorney.

## PROCEDURE V. Expense of Arbitrator

A) Fees shall not be based upon the amount in controversy.

B) The parties shall be required to escrow fees and expenses with ACBA Services, Inc. in an amount estimated by the arbitrator at the initiation of the process including a portion of arbitrator fees for CAS administration. All fees shall be paid in advance of any scheduled hearing dates. Each party shall escrow fees in equal amounts, subject to reallocation by the arbitrator in the award. Any party may pay the fees or expenses or both ON BEHALF of any other party or parties who do not pay their fees or expenses in a timely manner. The arbitrator or arbitrators may order reimbursement of such payments as part of the arbitrator's award.

C) Once any hearing date is scheduled, there may be fees for postponement or cancellation depending on the arbitrators fee agreement. Unless agreed otherwise, the party seeking a postponement or cancellation shall be liable for these fees.

D) All bills and charges are subject to approval by ACBA Services, Inc., and all compensation is to be distributed by ACBA Services, Inc.

E) Interim re-estimates and billing may occur at the discretion of the arbitrator and ACBA Services, Inc.

## PROCEDURE VI. Disqualification of Arbitrator as Witness; Exclusion from Liability

No arbitrator or ACBA Services, Inc. personnel shall be called as a witness or expert in any proceeding related to the claims or arbitration, nor shall any notes or other materials relating to the arbitration award be subject to subpoena or discovery. The parties agree that the arbitrators and ACBA Services, Inc. shall have the same immunity from liability for any act or omission in connection with the arbitration as judges would have under federal or state law.

## RULES

Rules may be modified or waived by all parties to a particular claim or dispute.

### RULE 1. Statement of Claim

The initiating party shall submit a Statement of Claim with its submission to arbitration and serve the opposing party or its counsel. Each responding party has twenty (20) days after receipt of the Statement of Claim to file cross-claims, counter-claims or claims for contribution and indemnity. Each Statement of Claim shall state, at a minimum, the theory of liability and the relief sought. There is no obligation to file an answer and, if no answer is filed, the allegations of the Statement of Claim shall be considered to be deemed to be denied by the other party.

## RULE 2. Award

All decisions are final and binding. Awards shall be issued within thirty (30) days of close of the Record. The arbitrator, however, may issue interim awards or orders. Within fourteen (14) days after the transmittal of an Award, any party, upon notice to the other party, may make application to the arbitrator(s) to correct any clerical, typographical, technical or computational error in the Award. The arbitrator(s) is prohibited, however, from re-determining the merits of any claim already decided. Once a modification request is made by a party, the other party shall have seven (7) days to respond to the request and the arbitrator(s) must rule on the request within fourteen (14) calendar days after the receipt of the request for modification or it shall be deemed denied.

## RULE 3. Pre-Hearing Activities and Discovery

The arbitrator shall conduct a preliminary meeting or conference call with counsel or representatives of the parties. The arbitrator has discretion to limit discovery or exchange of documents and/or to request submission of particular documents or information at any time prior to issuance of a final award.

## RULE 4. Ex Parte Communications

Except as agreed to by all parties to the arbitration and the designated arbitrator, no party, nor anyone acting on their behalf, shall have any ex parte communication with any arbitrator with respect to any matter relating to the arbitration. All communications with any arbitrator shall be in writing only, with copy to opposing counsel, by conference call with all counsel, or via ACBA Services, Inc.

## RULE 5. Witnesses and Evidence for Arbitration Hearing

A) The parties shall make available any witnesses within their employ or control. The arbitrator may issue subpoenas pursuant to the Federal or Uniform Arbitration Acts. Each party shall submit a witness list to the arbitrator, and each party, thirty (30) days prior to the commencement of oral hearings. The arbitrator may allow additional witnesses for good cause.

B) The parties recognize that the voluntary exchange of documents is important to prepare for an arbitration. The parties shall conduct pre-hearing document exchanges with the objective of providing each other, and the arbitrator, with the documents that each party believes necessary for an effective presentation. All documents to be used at the hearing shall be identified and/or supplied to all other participants more than twenty (20) days prior to the commencement of hearings.

## RULE 6. Scheduling and Conduct of Arbitration Hearing

A) The arbitration hearing shall be scheduled on consecutive business days unless agreed otherwise by all parties.

B) The Federal Rules of Evidence shall be utilized as guidelines and applied as the arbitrator determines appropriate.

C) The arbitrator shall resolve all contested issues, including amendments to claims, and other procedural or substantive matters.

D) The arbitrator, exercising his or her discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case. The arbitrator shall entertain motions, including motions that dispose of all or part of a claim or that may expedite the proceedings, and may also make preliminary rulings and enter interlocutory orders.

## RULE 7. Privacy

The arbitration proceedings shall be private and confidential, except as limited by operation of law.

**ACBA Services, Inc.**
400 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Phone: 412/402-6691  Fax: 412/263-5353  e-mail: kkaelin@acba.org
