## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES AND<br><br>**Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al., Case No. 2:10-cv-00361 (E.D.La.)** | |

### INTERVENING PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO INTERVENE

## I.      INTRODUCTION

Intervening Plaintiffs, Clifford Abromatts and Janice Worobec, *et al.*, have moved

pursuant to Fed.R.Civ.P. 24(b) to intervene in the above captioned action of *Wiltz, et al. v.*

*Beijing New Building Materials Public Limited Co., et. al.*, Case No. 2:10-cv-00361 (E.D.La.).[1]

Intervening Plaintiffs have moved to intervene in *Wiltz* since they are absent class members and

are similarly situated to the *Wiltz* plaintiffs.  Accordingly, Intervening Plaintiffs have a strong

interest in intervening in the *Wiltz* case to recover against the *Wiltz* defendants along with the

original *Wiltz* class.  For the reasons set forth below, Intervening Plaintiffs' motion to intervene

should be granted.

---

[1] The Intervening Plaintiffs' Omnibus Class Action Complaint in Intervention (II(C)) is attached to Plaintiffs' Motion to Intervene (the "Complaint in Intervention") as Exhibit "A".  The additional intervening plaintiffs, on whose behalf this motion is filed, are identified in the proposed Complaint in Intervention.

## II.   **FACTUAL BACKGROUND**

The *Wiltz* plaintiffs are the owners of properties in which defective Chinese drywall was installed that was manufactured and distributed by the manufacturing defendants named in the Plaintiffs' Amended Omnibus Class Action Complaint (II) (the "Complaint"), *i.e.*, Beijing New Building Materials Public Limited Co.; Taishan Gypsum Co., Ltd. F/k/a Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.; Prowall Drywall, Inc.;[2] International Materials Trading;[3] Panel Rey;[4] Shamrock Gold; Gridmarx;[5] Gypsum Board; Pabco; and USB.  The plaintiffs in *Wiltz* commenced this action on March 15, 2010, by filing the Complaint directly in the MDL court.  The Complaint asserts claims against the manufacturers, distributors, suppliers, importers, exports, brokers, builders, developers, and contractor/installers of the defective Chinese manufactured drywall in the plaintiffs' homes.[6]

---

[2] a.k.a. Prowall; Pro Wall; and Pro-Wall.

[3] a.k.a. IMT Gypsum; International Materials Trading, Ltd.; IMT; International Materials Trading IMT Chinese Plasterboard; and International Materials Trading (IMT) Gypsum.

[4] a.k.a. Panel de Yeso Panel.

[5] a.k.a. GridmarX; Grid Marx; and GridMarX.

[6] The Complaint asserts claims against defendants for negligence, negligence per se, strict liability, breach of express and/or implied warranty, breach of implied warranty of fitness and merchantability pursuant to Florida Statutes Section 718.203, breach of implied warranty of habitability, breach of contract, violation of the Louisiana New Home Warranty Act, redhibition, Louisiana Product Liability Act, private nuisance, negligent discharge of corrosive substance, unjust enrichment, violation of the Consumer Protection Acts, and for equitable and injunctive relief and medical monitoring.

Subsequent to the filing of the *Wiltz* complaint, Plaintiffs, Kenneth and Cynthia Burke, *et al.*, moved pursuant to Fed.R.Civ.P. 24(b) to intervene in *Wiltz*. That motion was granted by minute entry dated September 16, 2010 and the Plaintiffs', Kenneth and Cynthia Burke, *et. al.*, Omnibus Class Action Complaint in Intervention (II(A)) was docketed. *See* Document # 5559. Like the class representative plaintiffs in *Wiltz*, the *Burke* Intervenors were absent class members with claims against the *Wiltz* defendants who are responsible for the installation of the defective drywall in their homes.

On October 5, 2010, Eduardo and Carmen Amorin filed a motion to intervene in the *Wiltz* case. The *Amorin* Intervenors are also absent class members who have incurred damages attributable to the *Wiltz* defendants. The *Amorin* Intervenors' motion to intervene is presently pending before the Court.

Like the original *Wiltz* Plaintiffs and the *Amorin* and *Burke* Intervenors, each of the *Abromatts* Intervenors owns or owned a home that has been severely damaged by one or more of the defendants named in the *Wiltz* complaint.[7] For this reason, the Intervening Plaintiffs have appended a Complaint in Intervention to their Motion to Intervene that adopts and incorporates the substantive allegations of the *Wiltz* Complaint for purposes of Fed.R.Civ.P. 24(c).[8]

---

[7] The *Abromatts* Intervenors are not seeking to name any new defendants and will limit their subclass claims to the parties who were named in the *Wiltz* Complaint.

[8] Under Rule 24(c), the intervenors are required to submit a motion to intervene accompanied by a pleading setting out the claims or defenses for which intervention is sought. Intervening Plaintiffs have satisfied the requirements of Fed.R.Civ.P. 24(c) by furnishing the Court with the Complaint in Intervention.

## III.   ARGUMENT

### A.   INTERVENTION SHOULD BE GRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(b)(2).

Federal Rule of Civil Procedure 24(b), which governs permissive intervention, is to be given a liberal construction. The Court in the sound exercise of its discretion must make a thoughtful determination and must consider the potential adverse impact on the original parties in its decision to allow or deny intervention.[9] *See United States v. Grand Trunk Western Railroad Co.*, 95 F.R.D. 463, 467 (W.D.Mich.1980). Federal Rule of Civil Procedure 24(b)(1)(B) provides that intervention is permissible when an applicant "has a claim or defense that shares with the main action a common question of law or fact." The court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3). Stated differently, if there is a common question of law or fact, the requirement of the rule has been met and then it is within the Court's discretion to allow or refuse intervention.

The claims of the Intervening Plaintiffs clearly involve common issues of law and fact with the *Wiltz* action since the Intervening Plaintiffs are absent class members. Further, the Intervening Plaintiffs are aligned with and have adopted the allegations of the *Wiltz* Complaint. It would be beyond peradventure, then, that there are common legal and factual questions between the movants and the *Wiltz* plaintiffs. Intervention is appropriate under these circumstances.

---

[9] Intervention as of right under Fed.R.Civ.P. 24(a) is not being pursued since the Intervening Plaintiffs' interests are being adequately represented by the representative plaintiffs in *Wiltz*.

4

The Court should allow intervention here just as it has in similar circumstances in the MDL. *See* Order of March 17, 2010 granting motion to intervene in *Gross, et. al. v. Knauf Gips, KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.)[Document # 1776]. *See also* Minute Entry of September 16, 2010 granting motion to intervene in *Payton, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-07628 (E.D.La.); *Gross, supra*; *Wiltz, supra*; and *Rogers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.)[Document # 5559].  None of the impediments to intervention exists, such as where intervention will "unduly delay or prejudice the adjudication of the rights of the original parties".  In *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*, 207 F.Supp. 252, 257 (D.C.Ill.1962), *aff'd*, 315 F.2d 564 (7th Cir.1963), the court noted that this language is "a caution to the Court so that in its zeal to avoid a multiplicity of suits it will not hamper or vex the claims of the original parties".  These unwarranted concerns do not apply since the Intervening Plaintiffs will not be an imposition on these proceedings.  Indeed, the Intervening Plaintiffs will be represented by the Plaintiffs Steering Committee (the "PSC"), and will be pursuing identical claims to those asserted by the plaintiffs in *Wiltz*.

Additionally, the Intervening Plaintiffs are not naming any additional defendants (*i.e.*, distributors, suppliers, importers, exporters, brokers, builders, and contractors/installers).  To the extent Intervening Plaintiffs will be asserting subclass claims, such subclass claims will only be asserted against the defendants that were already named by the *Wiltz* plaintiffs.  Allowing intervention under these circumstances will not delay the proceedings in *Wiltz* nor prejudice the original parties.  Service of the *Wiltz* complaint has been time consuming due to the constraints imposed by the Hague Convention.  None of the foreign defendants have been served with the

Complaint.[10]  Accordingly, since the *Wiltz* proceedings are still in their infancy, allowing the

Intervening Plaintiffs to participate in these proceedings will not result in undue delay and/or

prejudice to the original parties.  To the contrary, permitting the requested intervention will

afford all parties complete relief.

## IV.    CONCLUSION

For the reasons set forth above, Intervening Plaintiffs' Motion to Intervene in *Wiltz*

should be granted.

Respectfully submitted,

Dated: December 15, 2010          /s/ Russ M. Herman
                                  Russ M. Herman, Esquire (Bar No. 6819)
                                  Leonard A. Davis, Esquire (Bar No. 14190)
                                  Stephen J. Herman, Esquire (Bar No. 23129)
                                  HERMAN, HERMAN, KATZ & COTLAR, LLP
                                  820 O'Keefe Avenue
                                  New Orleans, Louisiana 70113
                                  Phone: (504) 581-4892
                                  Fax: (504) 561-6024
                                  LDavis@hhkc.com
                                  *Plaintiffs' Liaison Counsel*
                                  *MDL 2047*

                                  Arnold Levin (On the Brief)
                                  Fred S. Longer (On the Brief)
                                  Matthew C. Gaughan (On the Brief)
                                  Levin, Fishbein, Sedran & Berman
                                  510 Walnut Street, Suite 500
                                  Philadelphia, PA 19106
                                  215-592-1500 (phone)
                                  215-592-4663 (fax)
                                  Alevin@lfsblaw.com
                                  *Plaintiffs' Lead Counsel*
                                  *MDL 2047*

---

[10] The *Wiltz* Plaintiffs have arranged for service through APS together with translation in accordance with the Hague Convention.

6

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

7

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

### OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com