# EXHIBIT H

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | | KNOWLES |

### PRETRIAL ORDER NO. 19

### (ESTABLISHING PLAINTIFFS' LITIGATION EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT)

This order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of special services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs in this complex litigation.

1.   Plaintiffs' Litigation Expense Fund to be Established

Plaintiffs' Liaison Counsel (Russ Herman) and Defendants' Liaison Counsel (Phillip A. Wittmann) are directed to establish an interest-bearing account to receive and disburse funds as provided in this order. Counsel shall agree on and designate an escrow agent for this purpose. These funds will be held as funds subject to the direction of the Court. No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by order of the Court. These funds will not constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by court order to a

specific person.  These limitations do not preclude a party or attorney from transferring,

assigning, or creating a security interest in potential disbursements from the fund if permitted by

applicable state laws and if subject to the conditions and contingencies of this order.

2.    Assessment

    a.    All plaintiffs and their attorneys who, either agree or have agreed – for a monetary consideration – to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to Rofecoxib (Vioxx) claim are subject to an assessment of the "gross monetary recovery," as provided herein.

    b.    Defendants are directed to withhold this assessment from amounts paid to plaintiffs and their counsel, and to pay the assessment directly into the fund as a credit against the settlement or judgment.  If for any reason the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the fund promptly.

    c.    No orders of dismissal of any plaintiffs claim, subject to this order, shall be filed unless accompanied by a certificate of plaintiffs and defendants counsel that the assessment has been withheld and deposited into the fund.

    d.    The Plaintiff's Steering Committee shall provide Defendants' Liaison Counsel, plaintiff's counsel, the escrow agent, the court or its designee with a list of cases and/or counsel who have entered into written agreements with the Plaintiff's Steering Committee.  In the event there is a dispute as to whether a case should be on the list, the Plaintiff's Steering Committee shall resolve the matter with the

particular plaintiff's counsel either informally or upon motion.

e.    In measuring the "gross monetary recovery":

    (1)    Exclude court costs that are to be paid by the defendant.

    (2)    Exclude any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, and other health-care providers in subrogation related to treatment of plaintiff.

    (3)    Include the present value of any fixed and certain payments to be made in the future.

f.    This obligation attaches in the following instances:

    (1)    Full Participation Option. For all cases whose counsel have agreed within 90 days of this Order to cooperate with the MDL by signing an appropriate agreement [attached hereto as Exhibit A], the assessment in such cases shall be three (3) percent of the "gross monetary recovery" (2% fees/1% costs). The assessment shall apply to cases of Counsel with Vioxx cases now pending or later filed in, transferred to, or removed to, this court as well as unfiled and tolled cases and treated as part of the coordinated proceeding known as *In re: Vioxx Products Liability Litigation* including cases later remanded to a state court or any cases on tolling agreements, filed in any state court, or clients whose cases are as yet unfiled. Two percent (2%) shall be deemed fees to be subtracted from the attorneys' fees portions of individual fee contracts, and one percent (1%) shall be deemed costs to be subtracted from the client portion of individual fee contracts. This option shall be required by all members of

the PSC, MDL committee members and the Court approved State Liaison Committee.

(2) Traditional Assessment Option. Following the 90 day period to permit counsel to consider the Full Participation Option, Counsel who sign an appropriate agreement [Attached hereto as Exhibit B] to an assessment on all Vioxx cases now pending, or later filed in, transferred to, or removed to, this court and treated as part of the coordinated proceeding known as *In re: Vioxx Products Liability Litigation*, as well as unfiled or tolled cases in the amount of six (6) percent of the "gross monetary recovery" or four (4) percent of the "gross monetary recovery" of any other cases filed in any state court, or clients whose cases are as yet unfiled, or whose cases are later remanded to state court; unless these percentages are modified by agreement of counsel or by the Court upon showing of good cause.

(3) Limited Waiver Option. Following the 90 day period to permit counsel to consider the Full Participation Option, Counsel who sign an appropriate agreement [Attached hereto as Exhibit C] to an assessment on all Vioxx cases now pending, or later filed in, transferred to, or removed to, this court and treated as part of the coordinated proceeding known as *In re: Vioxx Products Liability Litigation* in the amount of six (6) percent of the "gross monetary recovery" of these federal cases; unless these percentages are modified by agreement of counsel or by the Court upon showing of good cause.

4

(4)    The Limited Waiver Option assessment shall not apply to cases removed from state court to federal court and then remanded to state court (based upon an order of improper removal) that have not at any time been transferred to MDL 1657.

3.    <u>Disbursements</u>

a.    Upon order of the Court, payments may be made from the fund to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client or clients. Attorneys eligible are limited to Plaintiffs' Liaison Counsel and members of the Plaintiff's Steering Committee, and other attorneys called upon by them to assist in performing their responsibilities, Court appointed State Liaison Counsel, and other attorneys performing similar responsibilities in state court actions. All time and expenses are subject to proper and timely submission (each month) of contemporaneous records certified to have been timely received by Wegmann Dazet & Company in accord with this Court's prior orders.

b.    Payments will be allowed only to entities for special services performed, and to reimburse for special expenses incurred, for the joint and common benefit of all plaintiffs.

c.    Payment may, for example, be made for services and expenses related to the obtaining, reviewing, indexing, and payment for hard copies of computerized images of documents for the defendants; to conducting "national" or "state" depositions; and to activities connected with the coordination of federal and state litigation. The fund will not, however, be used to pay for services and expenses

<u>5</u>

primarily related to a particular case, such as the deposition of a treating physician, even if such activity results in some incidental and consequential benefit to other plaintiffs.

d.  Payments will not exceed the fair value of the services performed or the reasonable amount of the expenses incurred, and, depending upon the amount of the fund, may be limited to a part of the value of such services and expenses.

e.  No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order.  Defense Counsel shall provide at least quarterly notice to the Court or its designee the names and docket numbers of the cases for which it has made an assessment.  Details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed to the Plaintiff's Steering Committee, the Court, or the Court's designee.  However, monthly statements from the escrow agent shall be provided to Plaintiff's Liaison Counsel, Defense Liaison Counsel, the Court, and the Court's designee showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

f.  If the fund exceeds the amount needed to make payments as provided in this order, the Court may order a refund to those who have contributed to the fund. Any such refund will be made in proportion to the amount of the contributions.

4.   **Incorporation by Reference**

The individual attorney agreements attached hereto as Exhibits A, B, and C are incorporated by reference and have the same effect as if fully set forth in the body of this order.

NEW ORLEANS, LOUISIANA, this __4th__ day of __August__, 2005.

         _/s/ Eldon E. Fallon_
         UNITED STATES DISTRICT COURT JUDGE

# AGREEMENT
### (FULL PARTICIPATION OPTION)

This Agreement is made this _____ day of _____, 200___, by and between the Plaintiffs' Steering Committee ("PSC") appointed by the United States District Court for the Eastern District of Louisiana in MDL Docket No. 1657 and **[FILL IN THE NAME OF THE FIRM EXECUTING THE AGREEMENT]** (hereinafter "the Participating Attorneys").

WHEREAS, the United States District Court for the Eastern District of Louisiana has appointed Russ Herman, Andy D. Birchfield, Jr., Christopher A. Seeger, Richard J. Arsenault, Elizabeth J. Cabraser, Thomas R. Kline, Arnold Levin, Carlene Rhodes Lewis, Gerald E. Meunier, Troy A. Rafferty, Drew Ranier, Mark P. Robinson, Jr., and Christopher V. Tisi  to serve as members of the PSC to facilitate the conduct of pretrial proceedings in the federal actions relating to the use of Vioxx.

WHEREAS, the PSC in association with other attorneys working for the common benefit of plaintiffs have developed or are in the process of developing work product which will be valuable in the litigation of state court proceedings involving Vioxx induced injuries (the "PSC Work Product") and

WHEREAS, the Participating Attorneys are desirous of acquiring the PSC Work Product and establishing an amicable, working relationship with the PSC for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

### EXHIBIT "A"

1.      With respect to each client who they represent in connection with a Vioxx related claim, whether currently with a filed claim in state or federal court or unfiled or on a tolling agreement, each of the Participating Attorneys shall deposit or cause to be deposited in an MDL Fee and Cost Account established by the District Court in the MDL a percentage proportion of the gross amount recovered by each such client which is equal to three percent (3%) of the gross amount of recovery of each such client (2% fees; 1% costs).  For purposes of this Agreement, the gross amount of recovery shall include the present value of any fixed and certain payments to be made to the plaintiff or claimant in the future.  It is the intention of the parties that such assessment shall be in full and final satisfaction of any present or future obligation on the part of each Plaintiff and/or Participating Attorney to contribute to any fund for the payment or reimbursement of any legal fees, services or expenses incurred by, or due to, the MDL and/or any Common Benefit Attorneys.

2.      The Participating Attorneys, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any client who they represent in connection with any Vioxx induced injury, to the full extent permitted by law, in order to secure payment in accordance with the provisions of paragraph 1 of this Agreement.  The Participating Attorneys will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

3.      The amounts deposited in the MDL Fee and Cost Account shall be available for distribution to attorneys who have performed professional services or incurred expenses for the benefit of the plaintiffs in MDL 1657 and the coordinated state court litigation pursuant to

2

written authorization from the Liaison counsel of the PSC.  Such sums shall be distributed only

upon an Order of the Court in MDL 1657 which will be issued in accordance with applicable law

governing the award of fees and costs in cases involving the creation of a common benefit.

Appropriate consideration will be given to the experience, talent and contribution made by all of

those authorized to perform activities for the common benefit, including the Participating

Attorneys.

      4.     As the litigation progresses and work product of the same type and kind continues

to be generated, the PSC will provide Participating Attorneys with such work product and will

otherwise cooperate with the Participating Attorneys to coordinate the MDL litigation and the

state litigation for the benefit of the plaintiffs.

      5.     No assessment will be paid by the Participating Attorneys on any recovery

resulting from a medical malpractice claim against a treating physician.

      6.     It is understood and agreed that the PSC and Common Benefit Attorneys may also

apply to the Court for class action attorneys' fees and reimbursement of expenses, if appropriate,

and this Agreement is without prejudice to the amount of fees or costs to which the PSC and

Common Benefit Attorneys may be entitled to in such an event.

      7.     Upon execution of this Agreement, the PSC will provide to the Participating

Attorneys, to the extent developed, the PSC Work Product, including access to the PSC's virtual

depository.

      8.     The Participating  Attorneys shall have the following rights:

          a.     Full participation in discovery matters and appropriate committee
                assignments with full recognition of the participation of the Participating
                Attorneys;

3

    b.     Appropriate participation and consultation in settlement negotiations;

    c.     Appropriate participation in trials, class matters, management, fund administration and allocation of fees and costs.

9.     Both the PSC and the Participating Attorneys recognized the importance of individual cases and the relationship between case-specific clients and their attorneys. Regardless of the type of settlement or conclusion eventually made in either state or federal matters, the PSC will recommend to Judge Fallon that appropriate consideration will be given to individual case contracts between attorneys and their clients and to work that has been performed by attorneys in their individual cases.

10.     The PSC agrees that, should there be a global settlement against any defendant(s), with the possibility of opt-outs under Rule 23(b)(3), the PSC will complete discovery against any such defendant(s) and will not agree to or seek a stay of discovery against any such defendant(s).

11.     It is understood that at the conclusion of each MDL deposition, a designee of Participating Attorneys will be permitted to ask the deponent additional non-duplicative questions.

12.     The Participating Attorneys represent that the list appended hereto as Exhibit "A" correctly sets forth the name of each client represented by them who has filed a civil action arising from the use of Vioxx together with the Court and docket number of each such case and that the list attached hereto as Exhibit "B" contains the name and social security number of each client represented by them who has not yet filed a civil action arising from the use of Vioxx.

13.     The Participating Attorneys shall supplement the lists appended hereto as Exhibit "A" and "B" on a quarterly basis.

4

14.     This Agreement shall apply to each and every claim or action arising from the use of Vioxx in which the Participating Attorneys have a right to a fee recovery.

PLAINTIFFS' STEERING COMMITTEE

By: _____
           Russ Herman, Esquire
           820 O'Keefe Avenue
           New Orleans, LA 70113
           504-581-4892

AND

By:_____
           Participating Attorney
           [Firm Name]

5

# AGREEMENT
## (TRADITIONAL ASSESSMENT OPTION)

This Agreement is made this _____ day of _____, 200___, by and between the Plaintiffs' Steering Committee ("PSC") appointed by the United States District Court for the Eastern District of Louisiana in MDL Docket No. 1657 and **[FILL IN THE NAME OF THE FIRM EXECUTING THE AGREEMENT]** (hereinafter "the Participating Attorneys").

WHEREAS, the United States District Court for the Eastern District of Louisiana has appointed Russ Herman, Andy D. Birchfield, Jr., Christopher A. Seeger, Richard J. Arsenault, Elizabeth J. Cabraser, Thomas R. Kline, Arnold Levin, Carlene Rhodes Lewis, Gerald E. Meunier, Troy A. Rafferty, Drew Ranier, Mark P. Robinson, Jr., and Christopher V. Tisi to serve as members of the PSC to facilitate the conduct of pretrial proceedings in the federal actions relating to the use of Vioxx.

WHEREAS, the PSC in association with other attorneys working for the common benefit of plaintiffs have developed or are in the process of developing work product which will be valuable in the litigation of state court proceedings involving Vioxx induced injuries (the "PSC Work Product") and

WHEREAS, the Participating Attorneys are desirous of acquiring the PSC Work Product and establishing an amicable, working relationship with the PSC for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

**EXHIBIT "B"**

1.     With respect to each client who they represent in connection with a Vioxx related claim filed or unfiled, other than clients with claims filed or pending in any Federal court, each of the Participating Attorneys shall deposit or cause to be deposited in an MDL Fee and Cost Account established by the District Court in the MDL a percentage proportion of the gross amount recovered by each such client which is equal to four percent (4%) of the gross amount of recovery of each such client. For purposes of this Agreement, the gross amount of recovery shall include the present value of any fixed and certain payments to be made to the plaintiff or claimant in the future.

2.     With respect to each client who they represent in connection with a Vioxx related claim which is filed or pending in any Federal court, unfiled or subject to a tolling agreement, each of the Participating Attorneys shall deposit or cause to be deposited in an MDL Fee and Cost Account established by the District Court in the MDL, a percentage proportion of the gross amount recovered by each such client which is equal to six percent (6%) of the gross recovery by each such client. For purposes of this Agreement, the gross amount of recovery shall include the present value of any fixed and certain payments to be made to the plaintiff in the future.

3.     The Participating Attorneys, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any client who they represent in connection with any Vioxx induced injury, to the full extent permitted by law, in order to secure payment in accordance with the provisions of paragraphs 1 and 2 of this Agreement. The Participating Attorneys will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

2

4.      The amounts deposited in the MDL Fee and Cost Account shall be available for distribution to attorneys who have performed professional services or incurred expenses for the benefit of the plaintiffs in MDL 1657 and the coordinated state court litigation pursuant to written authorization from the Liaison counsel of the PSC.  Such sums shall be distributed only upon an Order of the Court in MDL 1657 which will be issued in accordance with applicable law governing the award of fees and costs in cases involving the creation of a common benefit.  Appropriate consideration will be given to the experience, talent and contribution made by all of those authorized to perform activities for the common benefit, including the Participating Attorneys.

5.      As the litigation progresses and work product of the same type and kind continues to be generated, the PSC will provide Participating Attorneys with such work product and will otherwise cooperate with the Participating Attorneys to coordinate the MDL litigation and the state litigation for the benefit of the plaintiffs.

6.      No assessment will be paid by the Participating Attorneys on any recovery resulting from a medical malpractice claim against a treating physician.

7.      It is understood and agreed that the PSC and Common Benefit Attorneys may also apply to the Court for class action attorneys' fees and reimbursement of costs, if appropriate, and this Agreement is without prejudice to the amount of fees and costs to which the PSC and Common Benefit Attorneys may be entitled to in such an event.

8.      Upon execution of this Agreement, the PSC will provide to the Participating Attorneys, to the extent developed, the PSC Work Product, including access to the PSC's virtual depository.

9.      The Participating Attorneys shall have the following rights:

3

     a.     Full participation in discovery matters and appropriate committee assignments with full recognition of the participation of the Participating Attorneys;

     b.     Appropriate participation and consultation in settlement negotiations;

     c.     Appropriate participation in trials, class matters, management, fund administration and allocation of fees and costs.

10.     Both the PSC and the Participating Attorneys recognized the importance of individual cases and the relationship between case-specific clients and their attorneys. Regardless of the type of settlement or conclusion eventually made in either state or federal matters, the PSC will recommend to Judge Fallon that appropriate consideration will be given to individual case contracts between attorneys and their clients and to work that has been performed by attorneys in their individual cases.

11.     The PSC agrees that, should there be a global settlement against any defendant(s), with the possibility of opt-outs under Rule 23(b)(3), the PSC will complete discovery against any such defendant(s) and will not agree to or seek a stay of discovery against any such defendant(s).

12.     It is understood that at the conclusion of each MDL deposition, a designee of Participating Attorneys will be permitted to ask the deponent additional non-duplicative questions.

13.     The Participating Attorneys represent that the list appended hereto as Exhibit "A" correctly sets forth the name of each client represented by them who has filed a civil action arising from the use of Vioxx together with the Court and docket number of each such case and that the list attached hereto as Exhibit "B" contains the name and social security number of each client represented by them who has not yet filed a civil action arising from the use of Vioxx.

14.     The Participating Attorneys shall supplement the lists appended hereto as Exhibit "A" and "B" on a quarterly basis.

4

15.     This Agreement shall apply to each and every claim or action arising from the use of Vioxx in which the Participating Attorneys have a right to a fee recovery.

PLAINTIFFS' STEERING COMMITTEE

By:  _____
     Russ Herman, Esquire
     820 O'Keefe Avenue
     New Orleans, LA 70113
     504-581-4892

AND

By:_____
     Participating Attorney
     [Firm Name]

5

# AGREEMENT
## (Limited Waiver Option)

This Agreement is made this _____ day of _____, 200___, by and between Plaintiffs' Steering Committee ("PSC") in MDL 1657 and **[FILL IN THE NAME OF THE FIRM EXECUTING THE AGREEMENT]** (hereinafter "the Requesting Attorneys").

### W I T N E S S E T H:

WHEREAS, the Requesting Attorneys have clients with filed federal cases that are subject to an assessment of 6% of any recovery obtained therein and have requested that the PSC supply them with work product materials described in Pretrial Order No. _____ entered by the United States District Court for the Eastern District of Louisiana.

WHEREAS, the parties have agreed that the requested materials should be supplied by the PSC to the requesting attorneys subject to the terms hereinafter set forth.

WHEREAS, the Requesting Attorney has affirmatively stated that he or she will <u>not</u> use the PSC work product in their state cases.

NOW, THEREFORE, in consideration of the covenants contained herein and intending to be legally bound, the parties agree as follows:

1.     Subject to proper payment for the actual costs of providing the materials, the PSC will provide the Requesting Attorneys with PSC work product materials and any supplements thereto on a prompt and timely basis.

2.     The Requesting Attorneys expressly agree that the materials supplied by the PSC to the Requesting Attorneys under the terms of this Agreement will be used solely for purposes

**EXHIBIT "C"**
1

of prosecuting federal cases which are or have been subject to consolidated or coordinated pretrial proceedings in MDL 1657.

3.      The Requesting Attorneys further agree and expressly represent that they will **NOT** use the materials supplied by the PSC hereunder for purposes of prosecuting any litigation pending in State Court without the express written consent of the liaison counsel for the PSC.

4.      Further, the Requesting Attorneys expressly agree and represent that with respect to the materials provided to them by the PSC pursuant to this Agreement they will not provide such materials, copies of such materials, duplicates of such materials, summaries of such materials, and the like to any other attorney, person, firm or entity whatsoever.

5.      Because the damages attributable to breach of this Agreement are difficult to ascertain, the PSC and the Requesting Attorneys hereby agree that in the event of a breach of this Agreement by the Requesting Attorneys, the damages for such breach will be an amount equal to six percent (6%) of the total amount recovered by each of every client through settlement, verdict, judgment or otherwise where that client was represented by a Requesting Attorney or any other attorney who has received or used the confidential work product materials.

6.      It is further stipulated and agreed that this Agreement shall be construed and enforced under the laws of Louisiana and that all proceedings to enforce the terms of this Agreement shall take place exclusively in the Courts of Louisiana and nowhere else.

PLAINTIFFS' STEERING COMMITTEE

By: _____

     Russ Herman, Esquire
     820 O'Keefe Avenue
     New Orleans, LA 70113
     504-581-4892

AND

By: _____

     Requesting Attorney
     [Firm Name]