# EXHIBIT I

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: PROPULSID : MDL NO. 1355
      PRODUCTS LIABILITY LITIGATION : SECTION: L
:
: JUDGE FALLON
: MAG. JUDGE AFRICK
:
:
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

THIS DOCUMENT RELATES TO ALL CASES

PRE TRIAL ORDER NO. 16
(ESTABLISHING PLAINTIFFS' LITIGATION EXPENSE FUND
TO COMPENSATE AND REIMBURSE ATTORNEYS FOR
SERVICES PERFORMED AND EXPENSES INCURRED FOR COMMON BENEFIT)

This order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of special services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation.

1.    <u>Plaintiffs Litigation Expense Fund to be Established</u>.

Plaintiffs' Liaison Counsel (Russ M. Herman) and Defendants' Liaison Counsel (James B. Irwin) are directed to establish an interest-bearing account to receive and disburse funds as provided in this order. Counsel shall agree on and designate an escrow agent for this purpose. These funds will be held as funds subject to the direction of the Court. No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by order of the Court. These funds will not constitute the separate property of any party or attorney or be subject to

garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by court order to a specific person. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this order.

2. <u>Assessment</u>.

   (a) All plaintiffs and their attorneys who, either agree or have agreed – for a monetary consideration – to settle, compromise, dismiss, or reduce the amount of a claim or, with or without a trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to a Cisapride (Propulsid) claim are subject to an assessment of the "gross monetary recovery," as provided herein.

   (b) Defendants are directed to withhold this assessment from amounts paid to plaintiffs and their counsel, and to pay the assessment directly into the fund as a credit against the settlement or judgment. If for any reason the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the fund promptly.

   (c) No orders of dismissal of any plaintiffs claim, subject to this order, shall be filed unless accompanied by a certificate of plaintiffs and defendants counsel that the assessment has been withheld and deposited into the fund.

   (d) The Plaintiff's Steering Committee shall provide Defendants' Liaison Counsel, plaintiff's counsel, the escrow agent, the Court or its designee with a list of cases and/or counsel

2

who have entered into written agreements with the Plaintiff's Steering Committee. In the event there is a dispute as to whether a case should be on the list, the Plaintiff's Steering Committee shall resolve the matter with the particular plaintiff's counsel either informally or upon motion.

(e) In measuring the "gross monetary recovery":

    (1) Exclude court costs that are to be paid by the defendant.

    (2) Exclude any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, and other health-care providers in subrogation related to treatment of plaintiff.

    (3) Include the present value of any fixed and certain payments to be made in the future (except that, in lieu thereof, a plaintiff may agree to be assessed the appropriate percentage when and as future payments are received).

(f) This obligation:

    (1) Applies to all cases now pending, or later filed in, transferred to, or removed to, this court and treated as part of the coordinated proceeding known as *In re: Propulsid Products Liability Litigation* including cases later remanded to a state court. The assessment in such cases shall be six (6) percent of the "gross monetary recovery," except for those cases described in subsections 3 and 4 below.

    (2) Applies to other federal Cisapride (Propulsid) cases which are not transferred to this court under MDL-1355 or which are transferred back to a transferor court by this Court or by the MDL panel for further proceedings. The

assessment in such cases shall be six (6) percent of the "gross monetary recovery," except for those cases described in subsections 3 and 4 below.

(3) Applies to cases in a state court to the extent so ordered by the presiding judge of that court, or in the event a state court plaintiff, through counsel, consents, by written agreement with the Plaintiff's Steering Committee or Plaintiff's Liaison Counsel, to be subject to an MDL fee assessment. The assessment in such state court cases is limited to four (4) percent of the "gross monetary recovery."

(4) Shall not apply to cases removed from state court to federal court and then remanded to state court (based upon an order of improper removal) that have not at any time been transferred to MDL-1355.

(g) Relief from obligation. The Court reserves the right to relieve, wholly or partly, a plaintiff from the obligation of this order upon a showing of exceptional circumstances.

3. <u>Disbursements</u>.

(a) Upon order of the Court, payments may be made from the fund to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client or clients. Attorneys eligible are limited to Plaintiffs' Liaison Counsel and members of the Plaintiffs' Steering Committee, and other attorneys called upon by them to assist in performing their responsibilities, State Liaison Counsel, and other attorneys performing similar responsibilities in state court actions in which the presiding state court judge has imposed similar obligations upon plaintiffs to contribute to this fund. All time and expenses are subject to proper and timely submission (each

4

month) of contemporaneous records certified to have been timely received by Wegmann Dazet & Company in accord with this Court's prior orders.

(b) Payments will be allowed only to companies for special services performed, and to reimburse for special expenses incurred, for the joint and common benefit of all plaintiffs.

(c) Payment may, for example, be made for services and expenses related to the obtaining, reviewing, indexing and paying for hard copies or computerized images of documents from the defendants; to conducting "national" or "state" depositions; and to activities connected with the coordination of federal and state litigation. The fund will not, however, be used to pay for services and expenses primarily related to a particular case, such as the deposition of a treating physician, if such activity results in some incidental and consequential benefit to other plaintiffs.

(d) Payments will not exceed the fair value of the services performed or the reasonable amount of the expenses incurred, and, depending upon the amount of the fund, may be limited to a part of the value of such services and expenses.

(e) No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order. Defense Counsel shall provide at least quarterly notice to the Court or its designee the names and docket numbers of the cases for which it has made an assessment. Details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed to the Plaintiff's Steering Committee, the Court,

    or the Court's designee, however, the monthly statements from the escrow agent shall be provided to Plaintiff's Liaison Counsel, Defense Liaison Counsel, the Court, and the Court's designee showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

 (f) If the fund exceeds the amount needed to make payments as provided in this order, the Court may order a refund to those who have contributed to the fund. Any such refund will be made in proportion to the amount of the contributions.

4. <u>Modification</u>.

The Court reserves the power to modify the terms of this order, but no changes imposing any additional burden or obligation on plaintiffs in actions in a state court that has imposed this obligation on such parties will be made without the approval of the presiding state court judge.

NEW ORLEANS, LOUISIANA, this <u>26th</u> day of <u>December</u>, 2001.

                ___/s/ Eldon E. Fallon_____
                UNITED STATES DISTRICT COURT JUDGE