UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) | MDL NO. 2047 |
| | ) | |
| | ) | SECTION: L |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| ALL CASES | ) | JUDGE FALLON |
| | ) | MAG. JUDGE WILKINSON |
| | ) | |

**PRETRIAL ORDER NO.** _____

Upon consideration of the Plaintiffs' Steering Committee's Motion for an Order Requiring: (1) an accounting to the PSC and the Court of all payments made which wholly or partially resolve or settle Chinese drywall claims within this Court's jurisdiction and claims asserted in various omnibus complaints and interventions; (2) that all attorneys' fees earned on resolutions or settlements among parties to these MDL proceedings be placed in escrow, pending a determination by this Court as to any hold back for appropriate costs and common benefit fee percentage; (3) that all payments made to builder-defendants by manufacturer-defendants and/or their insurers to settle or otherwise resolve Chinese drywall claims be sequestered, pending a determination by this Court as to an appropriate common benefit fee percentage; (4) that all plans, protocols or agreements to remediate homes with Chinese drywall be filed with the Court, including any costs associated therewith; and (5) that defendants be enjoined from contacting plaintiffs directly without notice to and the presence or permission of their counsel, it is hereby ORDERED, ADJUDGED AND DECREED, that:

1. This order shall govern (1) all cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its order dated June 15, 2009; (2) any tag-along actions

subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation; (3) all related cases originally filed in this Court or transferred or removed to this Court; (4) all persons or entities who intend to or may seek recovery related to Chinese-manufactured drywall, including absent class members or any putative class actions or Omnibus class actions; and (5) any subsidiaries or affiliates of defendants in any such actions.

    2.    Pursuant to the Court's duty to supervise pretrial proceedings in this case (including discovery), Fed. R. Civ. P. 23(d), and the Court's inherent and equitable authority, the Court hereby orders that:

    (a)    All parties to these proceedings and their attorneys who, either agree or have agreed to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other relief, including compensatory, remediation and punitive damages, with respect to a Chinese-manufactured drywall claim shall provide an accounting of said settlement or judgment to Plaintiffs' Liaison Counsel (Russ Herman), with a copy to the Court, setting forth the date of the settlement or judgment, the amount of any payment(s), the payor(s), the payee(s), and the case and docket number to which the payment pertains.

    (b)    Any attorney earning a fee in a case wherein Chinese drywall claims have been brought, which has been settled, compromised, dismissed, or reduced – for a monetary consideration – or wherein, with or without trial, a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, has been recovered, shall place the value of the attorney's fee in an escrow account to be

established by Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel, as set forth below in paragraph 3 of this order, pending a determination by the Court at an appropriate juncture as to a fair and reasonable common benefit fee percentage.

(c) In the event any party intends to conduct or be responsible for remediation or repair of any property containing Chinese-manufactured drywall, said party shall file with the Court the proposed plan of remediation detailing the methodology to be utilized, including a description of all building components intended to be removed, repaired and/or replaced, any air quality controls intended to be utilized to perform investigation before and/or after the removal, repair or replacement of any components, any inspections to be performed in relation to the remediation, any proposed releases or authorizations required to be signed by the property owner, and any post-repair warranty to be provided. In addition, an itemization of all costs or expenses associated with the remediation shall also be provided.

(d) All manufacturer-defendants, their assigns and insurers are directed to place any payments owed or owing to any other defendant in this litigation to settle, compromise or otherwise resolve a claim related to Chinese-manufactured drywall in the escrow account described in paragraph 3 of this order, pending a determination by the Court at an appropriate juncture as to a fair and reasonable common benefit fee percentage.

(e) All defendants are enjoined from communicating with plaintiffs in this MDL regarding settlement of their Chinese drywall claims without notice to and the presence or permission of their counsel.

3.       Plaintiffs' Liaison Counsel (Russ Herman) and Defendants' Liaison Counsel (Kerry Miller) are directed to establish an interest-bearing account to receive and disburse funds as provided in this order.  Counsel shall agree on and designate an escrow agent for this purpose.  These funds will be held as funds subject to the direction of the Court.  No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by order of the Court.  These funds will not constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by court order to a specific person. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this order.

4.       No order of dismissal of any plaintiff's claim, subject to this order, shall be filed unless accompanied by a certificate of plaintiff's and defendants' counsel that the parties have complied with all applicable and governing provisions of this order, including any escrow requirements.

New Orleans, Louisiana, this ____ day of _____, 201____.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE