UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
---------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED           :   MDL NO. 2047
DRYWALL PRODUCTS LIABILITY             :
LITIGATION                             :   SECTION:   L
---------------------------------------------------------x
THIS DOCUMENT RELATES TO:              :   JUDGE FALLON
                                       :
09-cv-4115, 09-cv-4117, 09-cv-4119, 09-cv-4324,  :  MAG. JUDGE WILKINSON
09-cv-6690, 09-cv-6741, 09-cv-7628, 10-cv-0340,  :
10-cv-0720, 10-cv-1111                 :
---------------------------------------------------------x
```

**STIPULATION CONCERNING DISCOVERY FROM KNAUF PLASTERBOARD (TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU) CO., LTD., AND GUANGDONG KNAUF NEW BUILDING MATERIALS PRODUCTS CO., LTD.**

1. As used in this Stipulation:

    a. The "Knauf Defendants" means Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu"), Guangdong Knauf New Building Materials Products Co., Ltd. ("Dongguan"), Knauf Gips KG, Knauf International GmbH, and Knauf Insulation GmbH.

    b. The Plaintiffs' Steering Committee ("PSC") means the Committee appointed pursuant to Pretrial Order No. 8.

2. Document discovery responses by KPT, Wuhu and Dongguan for custodians located in China shall be completed as follows:

    a. KPT, Wuhu and Dongguan will respond to the following requests on October 22, 2010 by producing documents sufficient to reflect the information requested rather than by applying search terms: PSC's Manufacturer Requests Nos. 1, 3-6, 8, 10-15, 17-19, 21-22, 24-25, 27-33, 38, 42-43, 46-48; PSC's First Jurisdictional Requests Nos. 1-2, 4-16, 24, 26-29. Production of documents responsive to PSC Manufacturer Requests Nos. 42 and 43 is



32064870 (5).DOCX

subject to an agreement or order providing that all parties will produce their outside counsel communications with government entities.

      b.     For all productions described in Paragraph 9(a), the Knauf Defendants shall produce corresponding privilege and redaction logs, consistent with PTO 15.

      c.     KPT, Wuhu and Dongguan will make available documents responsive to all other Requests by December 1, 2010 in the following manner:

            i.     All documents responsive to the agreed upon search terms (excluding documents produced under sub-paragraph (a) above and documents authored, received by or referencing an attorney) will be made available for inspection without a further screen for relevance or responsiveness to plaintiffs' requests. The documents will be made available for inspection through an electronic database in a format that permits the PSC to run searches of them. Access to the electronic database will be permitted at three locations designated by the PSC. The Knauf Defendants will not have access to the electronic database. Prior to the inspection, KPT may remove multi-media attachments (video, music); provided that a notation has been made of their removal and that they can be made reasonably available for inspection upon request.

            ii.     The PSC may run electronic searches to aid their inspection of the documents. The Knauf Defendants shall not have access to any such electronic searches, search terms or parameters. The PSC will not copy or print any of the documents, but may print a report from the review system that identifies all of the documents they wish produced. Further, the PSC may create their own notes and summaries of documents reviewed in order to more easily identify those documents to be selected for production. The PSC will treat all the documents as "Confidential" under Pretrial Order 16. By December 20, 2010, the PSC will

designate those English language documents they wish produced. The parties will meet and confer on a date for designation of non-English language documents after the PSC has had a chance to review the documents. Such designations shall be made on a rolling basis so that a disproportionate share of designations are not made at or near the last date.

      iii.    KPT, Wuhu and Dongguan will have 5 business days, or such longer reasonable period of time determined by agreement or by the Court if the selection of documents is voluminous, to object to production on grounds of relevance, non-responsiveness, privilege or any other ground. Upon objection, the parties will meet and confer, and if they are unable to resolve their dispute, the Court will resolve it. The PSC will make a good faith effort to limit the production to relevant, responsive documents. All parties reserve their rights in the event of a contention that there has not been a good faith narrowing.

      iv.    Within 5 business days of the expiration of their time to object under subparagraph (iii) or, if objection has been made, within 5 business days of the time the objection has been ruled upon, KPT, Wuhu and Dongguan will produce all designated documents by all parties to which they have not objected and all documents to which their objections have been overruled. The date on which the PSC will relinquish access to all other documents will be discussed at the meet and confer described in Paragraph 11.

      v.    For all productions described in Paragraph 9(c), the Knauf Defendants shall produce corresponding privilege and redaction logs, consistent with PTO 15.

      vi.    There shall be no waiver of attorney-client or work product privilege with respect to any document produced in the manner described in this paragraph, including documents authored, received by or referencing attorneys which inadvertently may be

produced for inspection as set forth in this paragraph. This finding of non-waiver is binding in all federal proceedings as set forth in Fed. R. Evid. 501(d).

          vi.    The Knauf Defendants and all parties seeking access to documents under this paragraph shall each designate a technical consultant to resolve any technical issues that may arise in connection with setting up and using the method for reviewing documents in this paragraph.

3. By entering into this Stipulation, the Knauf Defendants are not waiving any objection to jurisdiction or the objection that the discovery contemplated by this Stipulation is contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. Nothing in this Stipulation shall be construed as a waiver of those positions.

Dated: December 21, 2010

                                              Respectfully submitted,

| /s/ Russ M. Herman | /s/ Kyle A. Spaulding |
|---|---|
| | Steven Glickstein (NY Bar No. 1038157) |
| Leonard A. Davis | Jay P. Mayesh (NY Bar No. 1081603) |
| HERMAN, HERMAN, KATZ | KAYE SCHOLER LLP |
|   & COTLAR, LLP | 425 Park Avenue |
| 820 O'Keefe Avenue | New York, NY 10022 |
| New Orleans, Louisiana 70113 | Phone: (212) 836-8485 |
| Phone: (504) 581-4892 | Fax: (212) 836-6485 |
| Fax: (504) 561-6024 | Email: sglickstein@kayescholer.com |
| Email: Ldavis@hhkc.com | |
| | AND |
| *Plaintiffs' Liaison Counsel* | |
| *MDL 2047* | Kerry J. Miller (#24562) |
| | Kyle A. Spaulding (#29000) |
| Arnold Levin | Paul C. Thibodeaux (#29446) |
| Fred S. Longer | FRILOT, L.L.C. |
| Matthew C. Gaughan | 1100 Poydras Street |
| Levin, Fishbein, Sedran & Berman | Suite 3700 |
| 510 Walnut Street, Suite 500 | New Orleans, LA 70163 |
| Philadelphia, PA 19106 | Phone: (504) 599-8194 |

Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

*Plaintiffs' Lead Counsel*
*MDL 2047*

Fax: (504) 599-8145
Email: kmiller@frilot.com

*Attorneys for Knauf Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Stipulation Concerning Discovery From Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., and Guangdong Knauf New Building Material Products Co., Ltd. has been served upon Plaintiffs' Liaison Counsel by e-mail and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6 and electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 21st day of December, 2010.

                                                                                     s/Kyle Spaulding