STATE OF __ALABAMA__

# BUILDING CONTRACT
# BASS HOMES, INC.

This agreement made this __22ND__ day of __AUGUST__, __2008__, between __BRAXTON H. COLLINS AND KERRIE F. COLLINS__, hereinafter designated "Buyer" whose residence is __10720 HWY 614 MOSSPOINT MS. 39562__ and Bass Homes, Inc., having its principal place of business at P. O. Box 344, Stapleton, Alabama, 36578, hereinafter designated "Seller."

(1)

WITNESSETH:

The Seller agrees to build according to the plans and specifications on this sheet, or sheet attached hereto, which is by reference made a part hereof, on the property of the Buyer, located at:
__10720 HWY 614 MOSSPOINT MS. 39562__

(2)

Description of construction to be performed: __BUILD A 37' X 53' SINGLE STORY HOME. TO BE BUILT ACCORDING TO BASS HOMES, INC. "DALTON III" MODEL. FOR SPECIAL CHANGES AND DETAILS SEE EXHIBITS A, B, C, D, E AND F ATTACHED HERETO.__

Exhibits A, B, C, D, E and F dated __AUGUST 22ND, 2008__ and attached hereto, before execution hereof, are made a part of this contract.

Buyer covenants and agrees to pay for said project (work) the sums and amounts herein set forth, pursuant to the following terms: __ONE HUNDRED FORTY ONE THOUSAND FOUR HUNDRED AND FIFTY 00/100__

| | | |
|---|---|---|
| (1) TOTAL PRICE | $ | 141,450.00 |
| (2) DOWN PAYMENT | $ | 1,000.00 |
| (3) UNPAID BALANCE | $ | 140,450.00 |

Details of Payments: __BUYER(S) TO OBTAIN A CONVENTIONAL MORTGAGE LOAN. BUYER(S) TO PAY ALL CLOSING COSTS, DISCOUNT POINTS AND PRE-PAIDS. BUYER(S) TO OBTAIN A 100% CONSTRUCTION LOAN WITH PROGRESS PAYMENTS DURING CONSTRUCTION OF HOME. SAID PAYMENTS TO BE AS PER STANDARD BANK POLICY. FINAL PAYMENT DUE UPON COMPLETION OF HOME.__

(3)

This instrument, and the other instruments signed in connection with this transaction contain the price and all the terms and conditions agreed upon by the Buyer and Seller, and no statement, representation or promise not set forth herein or in any of said instruments has been made to induce either party to enter into this transaction. In the event an unsatisfactory credit report on the Buyer or any other information unsatisfactory to the Seller is received prior to beginning construction of the house, Seller at its option may within 10 days thereafter cancel this agreement UPON returning to Buyer any deposit. In the event Buyer fails to perform any activities or duties required of Buyer (e.g., failure to prepare lot for construction, or, failure to obtain an unconditional letter of commitment for funds to purchase home or any contents of this contract, or, failure to deliver proof of all funds if cash purchase applies) which failure prevents Seller from commencing construction for a period of sixty (60) days from the date hereof, Seller may cancel this contract at its option, regardless of any assistance that seller may have provided in financing. Should seller not exercise their option to cancel buyer at 60 day requirement then seller can negotiate with buyers to increase cost of this contract should seller choose to do so, provided that construction has not commenced by seller at buyers property described herein (e.g., starting foundation work on home). If buyer chooses not to agree an additional cost then seller may cancel this contract and retain buyers initial deposit of money. In the event the Buyer does not have good and marketable title to the property described in paragraph 1, Seller may at its option, elect to incur all expenses reasonably necessary to obtain good and marketable title in the Buyer, and Buyer shall forthwith reimburse Seller for all expenses so incurred by Seller. In the event the house built by Seller at the location on the ground designated by Buyer is not entirely on the property of Buyer, then the Buyer agrees to pay Seller any and all costs, damages, losses and expenses, including reasonable attorneys' fees and court costs, suffered or incurred as a result thereof by Seller. The above expenses incurred by the Seller shall constitute a lien against said property of the Buyer until paid. No completion date has been represented or is a part of this contract. All provisions of this contract are subject to approval by an officer of BASS HOMES, INC., Stapleton, AL 36578.

In those homes where pilings are specified, pilings shall be to a depth determined by Seller to be structurally safe and sound. In the event the Buyer requires a depth in excess of that deemed by Seller to be sufficient and structurally safe and sound, this contract, at the option of Seller, shall be declared null and void, or the contract may be re-negotiated to include the cost of drilling to a deeper depth. Commencement of construction and commencement of drilling pilings shall not be deemed a waiver of this position.

The house to be constructed is not designed for unusual surface conditions and/or sub-surface conditions in that no warranty is made that the house is designed for conditions that are abnormal, that no testing of the soil will be conducted by the Seller.

Failure of this Seller or Subcontractor to pay those persons supplying material or services to complete this contract can result in the filing of a lien on the above described property which is the subject of this contract.

(4)

Seller promises to furnish Buyer at closing a one-year limited warranty on the dwelling, a copy of which is attached here as Exibit " F "

(5)

### ARBITRATION AGREEMENT

ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE BREACH THEREOF, OR ARISING OUT OF ANY PRIOR DEALINGS BETWEEN SELLER AND BUYER OR ARISING OUT OF ANY FUTURE DEALINGS BETWEEN SELLER AND BUYER, SHALL BE SETTLED BY ARBITRATION IN THE STATE OF ALABAMA IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION (THE "ARBITRATION RULES OF THE AAA"), AND JUDGMENT UPON THE AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.

THE PARTIES FURTHER AGREE THAT SHOULD ONE PARTY INVOKE ARBITRATION IN ACCORDANCE WITH THIS AGREEMENT, THE OTHER PARTY SHALL BRING TO THE ARBITRATION PROCESS ANY CLAIM OR COUNTERCLAIM WHICH IT MAY HAVE AGAINST THE INVOKING PARTY, WHETHER DEEMED TO BE COMPULSORY OR PERMISSIVE AT LAW; AND, THE FAILURE TO BRING SUCH CLAIM OR COUNTERCLAIM SHALL CONSTITUTE A WAIVER OF AND A BAR TO THE BRINGING OF SUCH CLAIM OR COUNTERCLAIM IN ANY SUBSEQUENT ARBITRATION OR LEGAL ACTION.

SELLER AND BUYER UNDERSTAND AND AGREE (i) THAT EACH OF THEM IS WAIVING RIGHTS TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO A JURY TRIAL; (ii) THAT PRE-ARBITRATION DISCOVERY PROCEEDINGS IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS; (iii) THE ARBITRATOR'S AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING; AND (iv) EITHER PARTY'S RIGHT TO APPEAL OR SEEK MODIFICATION OF RULINGS BY THE ARBITRATOR IS STRICTLY LIMITED. THE VENUE FOR ARBITRATION SHALL BE IN BALDWIN COUNTY, ALABAMA.

IN WITNESS WHEREOF, the Buyer and Seller have hereunto set their hands and seals at __STAPLETON__, __ALABAMA__, the day and year first above written.

(City)   (State)

*CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS CONTRACT BEFORE YOU SIGN IT.*

**BASS HOMES, INC.**
SELLER

BY _____
    Title

_____
(BUYER) Braxton H Collins

_____
(BUYER) Kerrie F Collins

EXHIBIT A

# RE:BRAXTON H. COLLINS AND KERRIE F. COLLINS
## COMPLETION CERTIFICATE AND OWNER'S ACCEPTANCE ;
### LIMITED ONE-YEAR WRITTEN WARRANTY

The undersigned, owner (whether one or more) of the real property described in their contract with **BASS HOMES, INC.** ("Contractor") dated : AUGUST 22, 2008   hereby acknowledge and certify as follows:

1. All materials and labor provided for in said contract have been furnished and installed by the Contractor or his subcontractors on our said real property in a good and workmanlike manner; that we have made a full and complete inspection of the same; that all construction and other work called for in said contract has been satisfactorily completed; that the home is fit, suitable and habitable; and the improvements are hereby accepted by us as built.

2. Contractor did not manufacture any materials used in the construction of this home; that the Contractor does not warrant any of the said materials against any defects in QUALITY, FITNESS or MERCHANTABILITY; that the Contractor will make good only on the workmanship of the actual construction of home; and that any and all claims related to the materials used in construction shall be pursued by customers ONLY against the manufacturers of any materials provided to the Contractor.

3. Contractor hereby gives a limited warranty on the home located at 10720 HWY 614 MOSSPOINT MS. 39562 for a period of one ( 1 ) year following closing or occupancy by the Buyer(s), whichever event occurs first.

4. Contractor warrants the home to be free from latent defects for a period of one ( 1 ) year following closing or occupancy, whichever event occurs first.

5. **THIS WARRANTY IS GIVEN IN LIEU OF ANY AND ALL OTHER WARRANTIES, EITHER EXPRESSED OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, HABITABILITY AND /OR WORKMANSHIP.**

6. Contractor shall not be liable under the parties' contract or this warranty unless written notice of the latent defect(s) shall have been given by Buyer(s) to Contractor within the (1) year warranty. Steps taken by the Contractor to correct any defect(s) shall not act to extend the warranty period described hereunder.

7. Buyers confirm that they have performed a walk-thru inspection prior to signing the Completion Certificate and Owners Acceptance; Limited One-Year Written Warranty. Further Buyer(s) agree that their signatures below signify that they have accepted the construction of the home and waive any further right to complain of cosmetic deficiencies and the quality of workmanship or any other matter that does not constitute a latent defect.

8. Any and all remedies of the Buyer(s) and any liability of the Contractor shall be governed strictly by the terms of this one-year limited warranty. Neither the Contractor nor its assigns shall be liable for any incidental or consequential damages. under no circumstances may the Buyer(s) recover damages in excess of the amount of the subject building construction contract.

9. Any reference to the singular herein shall also encompass the plural where appropriate; and any reference to the plural shall also encompass the singular where appropriate.

BUYER(S) INITIALS OF RECEIPT OF THIS DOCUMENT BEFORE CONSTRUCTION OF HOME:
BUYER: _Braxton Collins_   BUYER: _Kerrie J Collins_

DATE: _____   BUYER: XXXXXXXXXXXXXXX

DATE: _____   BUYER: XXXXXXXXXXXXXXX


Witness: _____   DATE: _____

STATE OF __ALABAMA__

# BUILDING CONTRACT
# BASS HOMES, INC.

This agreement made this __15TH__ day of __JULY__, __2008__, between __JASON HERRINGTON AND CASSIE HERRINGTON__, hereinafter designated "Buyer" whose residence is __20608 CAMERON LANE__ and Bass Homes, Inc., having its principal place of business at P. O. Box 344, Stapleton, Alabama, 36578, hereinafter designated "Seller."

(1)

WITNESSETH:

The Seller agrees to build according to the plans and specifications on this sheet, or sheet attached hereto, which is by reference made a part hereof, on the property of the Buyer, located at: __HURLEY, MS.__

(2)

Description of construction to be performed: __BUILD A 50' X 56' X 59' ONE AND ONE HALF STORY HOME. TO BE BUILT ACCORDING TO BASS HOMES, INC. "HALLMARK GOLD" MODEL. FOR SPECIAL CHANGES AND DETAILS SEE EXHIBITS A, B, C, D, E AND F ATTACHED HERETO. (WITHOUT GARAGE: 50' X 56')__

Exhibits A, B, C, D, E and F dated __JULY 15TH 2008__ and attached hereto, before execution hereof, are made a part of this contract.

Buyer covenants and agrees to pay for said project (work) the sums and amounts herein set forth, pursuant to the following terms: __TWO HUNDRED TWENTY THOUSAND AND 00/100__

(1) TOTAL PRICE        $ 220,000.00
(2) DOWN PAYMENT       $   1,000.00
(3) UNPAID BALANCE     $ 219,000.00

Details of Payments: __BUYER(S) TO OBTAIN A CONVENTIONAL MORTGAGE LOAN. BUYER(S) TO PAY ALL CLOSING COSTS, DISCOUNT POINTS AND PRE-PAIDS. BUYER(S) TO OBTAIN A 100% CONSTRUCTION LOAN WITH PROGRESS PAYMENTS DURING CONSTRUCTION OF HOME. SAID PAYMENTS TO BE AS PER STANDARD BANK POLICY. FINAL PAYMENT DUE UPON COMPLETION OF HOME.__

(3)

This instrument, and the other instruments signed in connection with this transaction contain the price and all the terms and conditions agreed upon by the Buyer and Seller, and no statement, representation or promise not set forth herein or in any of said instruments has been made to induce either party to enter into this transaction. In the event an unsatisfactory credit report on the Buyer or any other information unsatisfactory to the Seller is received prior to beginning construction of the house, Seller at its option may within 10 days thereafter cancel this agreement UPON returning to Buyer any deposit. In the event Buyer fails to perform any activities or duties required of Buyer (e.g., failure to prepare lot for construction, or, failure to obtain an unconditional letter of commitment for funds to purchase home or any contents of this contract, or, failure to deliver proof of all funds if cash purchase applies) which failure prevents Seller from commencing construction for a period of sixty (60) days from the date hereof, Seller may cancel this contract at its option, regardless of any assistance that seller may have provided in financing. Should seller not exercise their option to cancel buyer at 60 day requirement then seller can negotiate with buyers to increase cost of this contract should seller choose to do so, provided that construction has not commenced by seller at buyers property described herein (e.g., starting foundation work on home). If buyer chooses not to agree an additional cost then seller may cancel this contract and retain buyers initial deposit of money. In the event the Buyer does not have good and marketable title to the property described in paragraph 1, Seller may at its option, elect to incur all expenses reasonably necessary to obtain good and marketable title in the Buyer, and Buyer shall forthwith reimburse Seller for all expenses so incurred by Seller. In the event the house built by Seller at the location on the ground designated by Buyer is not entirely on the property of Buyer, then the Buyer agrees to pay Seller any and all costs, damages, losses and expenses, including reasonable attorneys' fees and court costs, suffered or incurred as a result thereof by Seller. The above expenses incurred by the Seller shall constitute a lien against said property of the Buyer until paid. No completion date has been represented or is a part of this contract. All provisions of this contract are subject to approval by an officer of BASS HOMES, INC., Stapleton, AL 36578.

In those homes where pilings are specified, pilings shall be to a depth determined by Seller to be structurally safe and sound. In the event the Buyer requires a depth in excess of that deemed by Seller to be sufficient and structurally safe and sound, this contract, at the option of Seller, shall be declared null and void, or the contract may be re-negotiated to include the cost of drilling to a deeper depth. Commencement of construction and commencement of drilling pilings shall not be deemed a waiver of this position.

The house to be constructed is not designed for unusual surface conditions and/or sub-surface conditions in that no warranty is made that the house is designed for conditions that are abnormal, that no testing of the soil will be conducted by the Seller.

Failure of this Seller or Subcontractor to pay those persons supplying material or services to complete this contract can result in the filing of a lien on the above described property which is the subject of this contract.

(4)

Seller promises to furnish Buyer at closing a one-year limited warranty on the dwelling, a copy of which is attached here as Exibit " F "

(5)

### ARBITRATION AGREEMENT

ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE BREACH THEREOF, OR ARISING OUT OF ANY PRIOR DEALINGS BETWEEN SELLER AND BUYER OR ARISING OUT OF ANY FUTURE DEALINGS BETWEEN SELLER AND BUYER, SHALL BE SETTLED BY ARBITRATION IN THE STATE OF ALABAMA IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION (THE "ARBITRATION RULES OF THE AAA"), AND JUDGMENT UPON THE AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.

THE PARTIES FURTHER AGREE THAT SHOULD ONE PARTY INVOKE ARBITRATION IN ACCORDANCE WITH THIS AGREEMENT, THE OTHER PARTY SHALL BRING TO THE ARBITRATION PROCESS AND CLAIM OR COUNTERCLAIM WHICH IT MAY HAVE AGAINST THE INVOKING PARTY, WHETHER DEEMED TO BE COMPULSORY OR PERMISSIVE AT LAW; AND, THE FAILURE TO BRING SUCH CLAIM OR COUNTERCLAIM SHALL CONSTITUTE A WAIVER OF AND A BAR TO THE BRINGING OF SUCH CLAIM OR COUNTERCLAIM IN ANY SUBSEQUENT ARBITRATION OR LEGAL ACTION.

SELLER AND BUYER UNDERSTAND AND AGREE (i) THAT EACH OF THEM IS WAIVING RIGHTS TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO A JURY TRIAL; (ii) THAT PRE-ARBITRATION DISCOVERY PROCEEDINGS IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS; (iii) THE ARBITRATOR'S AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING; AND (iv) EITHER PARTY'S RIGHT TO APPEAL OR SEEK MODIFICATION OF RULINGS BY THE ARBITRATOR IS STRICTLY LIMITED. THE VENUE FOR ARBITRATION SHALL BE IN BALDWIN COUNTY, ALABAMA.

IN WITNESS WHEREOF, the Buyer and Seller have hereunto set their hands and seals at __STAPLETON__, __ALABAMA__, the day and year first above written.

(City)      (State)

*CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS CONTRACT BEFORE YOU SIGN IT.*

**BASS HOMES, INC.**
SELLER

BY_____
Title

_____
(BUYER)

_____
(BUYER)


EXHIBIT B

Exhibit " F "

# RE: JASON HERRINGTON AND CASSIE HERRINGTON
## COMPLETION CERTIFICATE AND OWNER'S ACCEPTANCE ;
### LIMITED ONE-YEAR WRITTEN WARRANTY

The undersigned, owner (whether one or more) of the real property described in their contract with **BASS HOMES, INC.** ("Contractor") dated : <u>JULY 15TH 2008</u> hereby acknowledge and certify as follows:

1. All materials and labor provided for in said contract have been furnished and installed by the Contractor or his subcontractors on our said real property in a good and workmanlike manner; that we have made a full and complete inspection of the same; that all construction and other work called for in said contract has been satisfactorily completed; that the home is fit, suitable and habitable; and the improvements are hereby accepted by us as built.

2. Contractor did not manufacture any materials used in the construction of this home; that the Contractor does not warrant any of the said materials against any defects in QUALITY, FITNESS or MERCHANTABILITY; that the Contractor will make good only on the workmanship of the actual construction of home; and that any and all claims related to the materials used in construction shall be pursued by customers ONLY against the manufacturers of any materials provided to the Contractor.

3. Contractor hereby gives a limited warranty on the home located at HURLEY, MS. for a period of one ( 1 ) year following closing or occupancy by the Buyer(s), whichever event occurs first.

4. Contractor warrants the home to be free from latent defects for a period of one ( 1 ) year following closing or occupancy, whichever event occurs first.

5. **THIS WARRANTY IS GIVEN IN LIEU OF ANY AND ALL OTHER WARRANTIES, EITHER EXPRESSED OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, HABITABILITY AND /OR WORKMANSHIP.**

6. Contractor shall not be liable under the parties' contract or this warranty unless written notice of the latent defect(s) shall have been given by Buyer(s) to Contractor within the (1) year warranty. Steps taken by the Contractor to correct any defect(s) shall not act to extend the warranty period described hereunder.

7. Buyers confirm that they have performed a walk-thru inspection prior to signing the Completion Certificate and Owners Acceptance; Limited One-Year Written Warranty. Further Buyer(s) agree that their signatures below signify that they have accepted the construction of the home and waive any further right to complain of cosmetic deficiencies and the quality of workmanship or any other matter that does not constitute a latent defect.

8. Any and all remedies of the Buyer(s) and any liability of the Contractor shall be governed strictly by the terms of this one-year limited warranty. Neither the Contractor nor its assigns shall be liable for any incidental or consequential damages. under no circumstances may the Buyer(s) recover damages in excess of the amount of the subject building construction contract.

9. Any reference to the singular herein shall also encompass the plural where appropriate; and any reference to the plural shall also encompass the singular where appropriate.

BUYER(S) INITIALS OF RECEIPT OF THIS DOCUMENT BEFORE CONSTRUCTION OF HOME:
BUYER: X_____ BUYER: X_____

DATE: _____ BUYER: XXXXXXXXXXXXXXXXX

DATE: _____ BUYER: XXXXXXXXXXXXXXXXX

Witness: _____ DATE: _____

STATE OF __ALABAMA__

# BUILDING CONTRACT
## BASS HOMES, INC.

This agreement made this __9TH__ day of __DECEMBER__, __2008__, between __GREG E. WIGGINS__, hereinafter designated "Buyer" whose residence is __1047 WELL RD. BREWTON, AL.36426__ and Bass Homes, Inc., having its principal place of business at P. O. Box 344, Stapleton, Alabama, 36578, hereinafter designated "Seller."

(1)

WITNESSETH:

The Seller agrees to build according to the plans and specifications on this sheet, or sheet attached hereto, which is by reference made a part hereof, on the property of the Buyer, located at:

__WELL RD DAMASCAS AL.__

(2)

Description of construction to be performed: BUILD A __2,427__ SQ. FT. HEATED AND COOLED LIVING SPACE HOME ACCORDING TO BUYER(S) CUSTOM PRELIMINARY PLANS. BUILDING PLANS TO BE DRAFTED AND PROVIDED BY BASS HOMES, INC. BUYER(S) AND SELLER AGREE THAT HOME SHALL BE BUILT TO THE SAME SPECIFICATIONS AND CONSTRUCTION STANDARDS AS A STANDARD BASS HOMES, INC. MODEL. ALL SPECIALTY ITEMS,

Exhibits A, B, C, D, E and F dated __DECEMBER 9TH 2008__ and attached hereto, before execution hereof, are made a part of this contract.

Buyer covenants and agrees to pay for said project (work) the sums and amounts herein set forth, pursuant to the following terms: ONE HUNDRED FIFTY SIX THOUSAND SEVEN HUNDRED AND SEVENTY SIX AND 00/100

(1) TOTAL PRICE         $ 157,776.00
(2) DOWN PAYMENT    $     1,000.00
(3) UNPAID BALANCE  $ 156,776.00

Details of Payments: __BUYER(S) TO OBTAIN A CONVENTIONAL MORTGAGE LOAN. BUYER(S) TO PAY ALL CLOSING COSTS, DISCOUNT POINTS AND PRE-PAIDS. BUYER(S) TO OBTAIN A 100% CONSTRUCTION LOAN WITH PROGRESS PAYMENTS DURING CONSTRUCTION OF HOME. SAID PAYMENTS TO BE AS PER STANDARD BANK POLICY. FINAL PAYMENT DUE UPON COMPLETION OF HOME.__

(3)

This instrument, and the other instruments signed in connection with this transaction contain the price and all the terms and conditions agreed upon by the Buyer and Seller, and no statement, representation or promise not set forth herein or in any of said instruments has been made to induce either party to enter into this transaction. In the event an unsatisfactory credit report on the Buyer or any other information unsatisfactory to the Seller is received prior to beginning construction of the house, Seller at its option may within 10 days thereafter cancel this agreement UPON returning to Buyer any deposit. In the event Buyer fails to perform any activities or duties required of Buyer (e.g., failure to prepare lot for construction, or, failure to obtain an unconditional letter of commitment for funds to purchase home or any contents of this contract, or, failure to deliver proof of all funds if cash purchase applies) which failure prevents Seller from commencing construction for a period of sixty (60) days from the date hereof, Seller may cancel this contract at its option, regardless of any assistance that seller may have provided in financing. Should seller not exercise their option to cancel buyer at 60 day requirement then seller can negotiate with buyers to increase cost of this contract should seller choose to do so, provided that construction has not commenced by seller at buyers property described herein (e.g., starting foundation work on home). If buyer chooses not to agree an additional cost then seller may cancel this contract and retain buyers initial deposit of money. In the event the Buyer does not have good and marketable title to the property described in paragraph 1, Seller may at its option, elect to incur all expenses reasonably necessary to obtain good and marketable title in the Buyer, and Buyer shall forthwith reimburse Seller for all expenses so incurred by Seller. In the event the house built by Seller at the location on the ground designated by Buyer is not entirely on the property of Buyer, then the Buyer agrees to pay Seller any and all costs, damages, losses and expenses, including reasonable attorneys' fees and court costs, suffered or incurred as a result thereof by Seller. The above expenses incurred by the Seller shall constitute a lien against said property of the Buyer until paid. No completion date has been represented or is a part of this contract. All provisions of this contract are subject to approval by an officer of BASS HOMES, INC., Stapleton, AL 36578.

In those homes where pilings are specified, pilings shall be to a depth determined by Seller to be structurally safe and sound. In the event the Buyer requires a depth in excess of that deemed by Seller to be sufficient and structurally safe and sound, this contract, at the option of Seller, shall be declared null and void, or the contract may be re-negotiated to include the cost of drilling to a deeper depth. Commencement of construction and commencement of drilling pilings shall not be deemed a waiver of this position.

The house to be constructed is not designed for unusual surface conditions and/or sub-surface conditions in that no warranty is made that the house is designed for conditions that are abnormal, that no testing of the soil will be conducted by the Seller.

Failure of this Seller or Subcontractor to pay those persons supplying material or services to complete this contract can result in the filing of a lien on the above described property which is the subject of this contract.

(4)

Seller promises to furnish Buyer at closing a one-year limited warranty on the dwelling, a copy of which is attached here as Exibit " F "

(5)

## ARBITRATION AGREEMENT

ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE BREACH THEREOF, OR ARISING OUT OF ANY PRIOR DEALINGS BETWEEN SELLER AND BUYER OR ARISING OUT OF ANY FUTURE DEALINGS BETWEEN SELLER AND BUYER, SHALL BE SETTLED BY ARBITRATION IN THE STATE OF ALABAMA IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION (THE "ARBITRATION RULES OF THE AAA"), AND JUDGMENT UPON THE AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.

THE PARTIES FURTHER AGREE THAT SHOULD ONE PARTY INVOKE ARBITRATION IN ACCORDANCE WITH THIS AGREEMENT, THE OTHER PARTY SHALL BRING TO THE ARBITRATION PROCESS AND CLAIM OR COUNTERCLAIM WHICH IT MAY HAVE AGAINST THE INVOKING PARTY, WHETHER DEEMED TO BE COMPULSORY OR PERMISSIVE AT LAW; AND, THE FAILURE TO BRING SUCH CLAIM OR COUNTERCLAIM SHALL CONSTITUTE A WAIVER OF AND A BAR TO THE BRINGING OF SUCH CLAIM OR COUNTERCLAIM IN ANY SUBSEQUENT ARBITRATION OR LEGAL ACTION.

SELLER AND BUYER UNDERSTAND AND AGREE (i) THAT EACH OF THEM IS WAIVING RIGHTS TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO A JURY TRIAL; (ii) THAT PRE-ARBITRATION DISCOVERY PROCEEDINGS IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS; (iii) THE ARBITRATOR'S AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING; AND (iv) EITHER PARTY'S RIGHT TO APPEAL OR SEEK MODIFICATION OF RULINGS BY THE ARBITRATOR IS STRICTLY LIMITED. THE VENUE FOR ARBITRATION SHALL BE IN BALDWIN COUNTY, ALABAMA.

IN WITNESS WHEREOF, the Buyer and Seller have hereunto set their hands and seals at __STAPLETON__, __ALABAMA__, the day and year first above written.

(City)          (State)

*CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS CONTRACT BEFORE YOU SIGN IT.*

BASS HOMES, INC.
SELLER
BY _____
    Title

(BUYER) _Greg E. Wiggins_

(BUYER) _____

EXHIBIT C

## RE: GREG E. WIGGINS
## COMPLETION CERTIFICATE AND OWNER'S ACCEPTANCE ;
### LIMITED ONE-YEAR WRITTEN WARRANTY

The undersigned, owner (whether one or more) of the real property described in their contract with **BASS HOMES, INC.** ("Contractor") dated : <u>DECEMBER 9TH, 2008</u> hereby acknowledge and certify as follows:

1. All materials and labor provided for in said contract have been furnished and installed by the Contractor or his subcontractors on our said real property in a good and workmanlike manner; that we have made a full and complete inspection of the same; that all construction and other work called for in said contract has been satisfactorily completed; that the home is fit, suitable and habitable; and the improvements are hereby accepted by us as built.

2. Contractor did not manufacture any materials used in the construction of this home; that the Contractor does not warrant any of the said materials against any defects in QUALITY, FITNESS or MERCHANTABILITY; that the Contractor will make good only on the workmanship of the actual construction of home; and that any and all claims related to the materials used in construction shall be pursued by customers ONLY against the manufacturers of any materials provided to the Contractor.

3. Contractor hereby gives a limited warranty on the home located at WELL RD DAMASCAS AL. for a period of one ( 1 ) year following closing or occupancy by the Buyer(s), whichever event occurs first.

4. Contractor warrants the home to be free from latent defects for a period of one ( 1 ) year following closing or occupancy, whichever event occurs first.

5. **THIS WARRANTY IS GIVEN IN LIEU OF ANY AND ALL OTHER WARRANTIES, EITHER EXPRESSED OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, HABITABILITY AND /OR WORKMANSHIP.**

6. Contractor shall not be liable under the parties' contract or this warranty unless written notice of the latent defect(s) shall have been given by Buyer(s) to Contractor within the (1) year warranty. Steps taken by the Contractor to correct any defect(s) shall not act to extend the warranty period described hereunder.

7. Buyers confirm that they have performed a walk-thru inspection prior to signing the Completion Certificate and Owners Acceptance; Limited One-Year Written Warranty. Further Buyer(s) agree that their signatures below signify that they have accepted the construction of the home and waive any further right to complain of cosmetic deficiencies and the quality of workmanship or any other matter that does not constitute a latent defect.

8. Any and all remedies of the Buyer(s) and any liability of the Contractor shall be governed strictly by the terms of this one-year limited warranty. Neither the Contractor nor its assigns shall be liable for any incidental or consequential damages. under no circumstances may the Buyer(s) recover damages in excess of the amount of the subject building construction contract.

9. Any reference to the singular herein shall also encompass the plural where appropriate; and any reference to the plural shall also encompass the singular where appropriate.

BUYER(S) INITIALS OF RECEIPT OF THIS DOCUMENT BEFORE CONSTRUCTION OF HOME:
BUYER: _____ BUYER: _____

DATE: _____ BUYER: XXXXXXXXXXXXXX

DATE: _____ BUYER: XXXXXXXXXXXXXX


Witness: _____ DATE: _____

RE: COLLINS, BRAXTON H. AND KERRIE F.
COMPLETION CERTIFICATE AND OWNER'S ACCEPTANCE

The undersigned, owner (whether one or more) of the real property described in their contract with **BASS HOMES, INC.** ("Contractor") dated : **August 22, 2008** hereby acknowledge and certify as follows:

1. That all materials and labor provided for in said contract have been furnished and installed by the Contractor or his subcontractors on our said real property in a good and workmanlike manner; that we have made a full and complete inspection of the same; that all construction and other work called for in said contract has been satisfactorily completed; that the home is fit, suitable and habitable; and the improvements are hereby accepted by us as built.

2. That the Contractor did not manufacture any materials used in the construction of this home; that the Contractor does not warrant any of the said materials against any defects in QUALITY, FITNESS or MERCHANTABILITY; that the Contractor will make good only on the workmanship of the actual construction of home; and that any and all claims related to the materials used in construction shall be pursued by customers ONLY against the manufacturers of any materials provided to the Contractor.

3. That the Contractor hereby gives us a twelve (12) month warranty (**which began 7 days after date of "Buyers Walk Thru Inspection List"**) the terms of which are as follows: the Contractor agrees to correct any defects in the quality of workmanship during such period and that we understand the responsibilities of the Contractor thereunder.

4. Buyer's agree that the above contractors (12) month warranty date began/begins on _2/5/09_, which is seven calender days after the date of the document styled Bass Homes Inc. "Buyers Walk Thru Inspection List". **The date below does not represent the beginning of buyers warranty date.**

5. In the event of any warranty claims made by buyer(s) then buyer(s) agree that seller will be given fair notice with proof thereof, together with necessary time, to correct any item(s) that are covered by this warranty. This includes any post warranty issue that may arise from buyers claims that can be evidenced to a defect that is proven to have been incorrect during the construction process or during the one year warranty.

The quality of workmanship shall be limited to any items not performing their duty as intended in the construction industry. However, the Buyers agree that a walk-thru inspection has been done prior to signing this Owners' Acceptance and Buyers further agree by signing this document that they will forfeit any future rights of discrimination against cosmetic imperfections in the quality of workmanship originally performed in the construction of their home. The Contractor has further delivered to us all manufacturers' warranties as to the appliances and air conditioning and heating equipment within the improvements (the "**Manufacturers' Warranties**").

**The Foregoing Warranty and Manufacturers' Warranties Are Expressly In Lieu of All Other Warranties, Express Or Implied By Law Or Otherwise, And No Warranty Of MERCHANTABILITY, HABITABILITY, Or FITNESS for any particular purpose Of Any Fixtures, Equipment Appliances, Personal Property, Or Real Property And Improvements Thereon Is Made By Contractor. The Liability Of The Contractor And Its Assigns Shall Be Strictly Limited To The Express Warranty Terms, And Neither the Contractor Nor Its Assigns Shall Be Liable For Any Incidental or Consequential Damages.**

DATE: _2/5/09_ BUYER: _Kerrie Collins_
DATE: _2/5/09_ BUYER: _Braxton Collins_
Witness: _____ DATE: _2/5/09_

EXHIBIT D

RE: Herrington, Jason and Cassie.

## COMPLETION CERTIFICATE AND OWNER'S ACCEPTANCE

The undersigned, owner (whether one or more) of the real property described in their contract with **BASS HOMES, INC.** ("Contractor") dated : _July 15, 2008_ hereby acknowledge and certify as follows:

1. That all materials and labor provided for in said contract have been furnished and installed by the Contractor or his subcontractors on our said real property in a good and workmanlike manner; that we have made a full and complete inspection of the same; that all construction and other work called for in said contract has been satisfactorily completed; that the home is fit, suitable and habitable; and the improvements are hereby accepted by us as built.

2. That the Contractor did not manufacture any materials used in the construction of this home; that the Contractor does not warrant any of the said materials against any defects in QUALITY, FITNESS or MERCHANTABILITY; that the Contractor will make good only on the workmanship of the actual construction of home; and that any and all claims related to the materials used in construction shall be pursued by customers ONLY against the manufacturers of any materials provided to the Contractor.

3. That the Contractor hereby gives us a twelve (12) month warranty **(which began 7 days after date of "Buyers Walk Thru Inspection List")** the terms of which are as follows: the Contractor agrees to correct any defects in the quality of workmanship during such period and that we understand the responsibilities of the Contractor thereunder.

4. Buyer's agree that the above contractors (12) month warranty date began/begins on _March 16, 2009_, which is seven calender days after the date of the document styled Bass Homes Inc. "Buyers Walk Thru Inspection List". **The date below does not represent the beginning of buyers warranty date.**

5. In the event of any warranty claims made by buyer(s) then buyer(s) agree that seller will be given fair notice with proof thereof, together with necessary time, to correct any item(s) that are covered by this warranty. This includes any post warranty issue that may arise from buyers claims that can be evidenced to a defect that is proven to have been incorrect during the construction process or during the one year warranty.

The quality of workmanship shall be limited to any items not performing their duty as intended in the construction industry. However, the Buyers agree that a walk-thru inspection has been done prior to signing this Owners' Acceptance and Buyers further agree by signing this document that they will forfeit any future rights of discrimination against cosmetic imperfections in the quality of workmanship originally performed in the construction of their home. The Contractor has further delivered to us all manufacturers' warranties as to the appliances and air conditioning and heating equipment within the improvements (the **"Manufacturers' Warranties"**).

**The Foregoing Warranty and Manufacturers' Warranties Are Expressly In Lieu of All Other Warranties, Express Or Implied By Law Or Otherwise, And No Warranty Of MERCHANTABILITY, HABITABILITY, Or FITNESS for any particular purpose Of Any Fixtures, Equipment Appliances, Personal Property, Or Real Property And Improvements Thereon Is Made By Contractor. The Liability Of The Contractor And Its Assigns Shall Be Strictly Limited To The Express Warranty Terms, And Neither the Contractor Nor Its Assigns Shall Be Liable For Any Incidental or Consequential Damages.**

DATE: _3-13-2009_ BUYER: _Jason Scott Heyl, Bruy Hyl — attorney in fact_

DATE: _3-13-2009_ BUYER: _Cassie Herrington_

Witness: _Patricia Newbery_ DATE: _3-13-09_

**EXHIBIT E**

RE: WIGGINS, GREG E.
COMPLETION CERTIFICATE AND OWNER'S ACCEPTANCE

The undersigned, owner (whether one or more) of the real property described in their contract with **BASS HOMES, INC.** ("Contractor") dated : __December 9, 2008__ hereby acknowledge and certify as follows:

1. That all materials and labor provided for in said contract have been furnished and installed by the Contractor or his subcontractors on our said real property in a good and workmanlike manner; that we have made a full and complete inspection of the same; that all construction and other work called for in said contract has been satisfactorily completed; that the home is fit, suitable and habitable; and the improvements are hereby accepted by us as built.

2. That the Contractor did not manufacture any materials used in the construction of this home; that the Contractor does not warrant any of the said materials against any defects in QUALITY, FITNESS or MERCHANTABILITY; that the Contractor will make good only on the workmanship of the actual construction of home; and that any and all claims related to the materials used in construction shall be pursued by customers ONLY against the manufacturers of any materials provided to the Contractor.

3. That the Contractor hereby gives us a twelve (12) month warranty **(which began 7 days after date of "Buyers Walk Thru Inspection List")** the terms of which are as follows: the Contractor agrees to correct any defects in the quality of workmanship during such period and that we understand the responsibilities of the Contractor thereunder.

4. Buyer's agree that the above contractors (12) month warranty date began/begins on __4/22/09__, which is seven calender days after the date of the document styled Bass Homes Inc. "Buyers Walk Thru Inspection List". **The date below does not represent the beginning of buyers warranty date.**

5. In the event of any warranty claims made by buyer(s) then buyer(s) agree that seller will be given fair notice with proof thereof, together with necessary time, to correct any item(s) that are covered by this warranty. This includes any post warranty issue that may arise from buyers claims that can be evidenced to a defect that is proven to have been incorrect during the construction process or during the one year warranty.

The quality of workmanship shall be limited to any items not performing their duty as intended in the construction industry. However, the Buyers agree that a walk-thru inspection has been done prior to signing this Owners' Acceptance and Buyers further agree by signing this document that they will forfeit any future rights of discrimination against cosmetic imperfections in the quality of workmanship originally performed in the construction of their home. The Contractor has further delivered to us all manufacturers' warranties as to the appliances and air conditioning and heating equipment within the improvements (the **"Manufacturers' Warranties"**).

The Foregoing Warranty and Manufacturers' Warranties Are Expressly In Lieu of All Other Warranties, Express Or Implied By Law Or Otherwise, And No Warranty Of MERCHANTABILITY, HABITABILITY, Or FITNESS for any particular purpose Of Any Fixtures, Equipment Appliances, Personal Property, Or Real Property And Improvements Thereon Is Made By Contractor. The Liability Of The Contractor And Its Assigns Shall Be Strictly Limited To The Express Warranty Terms, And Neither the Contractor Nor Its Assigns Shall Be Liable For Any Incidental or Consequential Damages.

DATE: __4-22-09__   BUYER: _____

DATE: __4-22-09__   BUYER: _____

Witness: _____   DATE: __4/22/09__

EXHIBIT F