UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL NO. 2:09-MD-2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| | * | |
| AMATO, et al. | * | MAGISTRATE WILKINSON |
| VS. | * | |
| LIBERTY MUTUAL INS. CO., et al | * | |
| CASE NO. 10-932 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS FOR PLAINTIFFS' FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

MAY IT PLEASE THE COURT:

North American Specialty Insurance Company ("NAS") files this memorandum in support of its Rule 12(b)(6) Motion to Dismiss due to individual Plaintiffs' James and Barbara Fallmann (the "Fallmanns") and Bradley and Tricia Miller (the "Millers"), failure to state a claim upon which relief can be granted. For the reasons set forth below, NAS respectfully requests that this Honorable Court grant its Motion to Dismiss, dismissing all of Plaintiffs', the Fallmanns' and the Millers', claims against it, with prejudice and at these Plaintiffs' cost.

### I.   Factual Background

On May 11, 2010, Dean and Dawn Amato, individually and on behalf of other similarly situated persons, filed an Amended Omnibus Class Action Complaint (V) (hereinafter referred to as the "Complaint") against various homebuilder Defendants and their respective insurers. (See Plaintiffs' Amended Omnibus Class Action Complaint (V)

attached hereto as "Exhibit 1"). Included in the Complaint are claims by Plaintiffs, James and Barbara Fallmann (hereinafter the "Fallmanns") and Bradley and Tricia Miller (hereinafter the "Millers"), against "Insured Defendants", Sterling Communities, Inc. and Sterling Communities Realty, Inc. (See Exhibit 1, Schedule 1, page 113). Specifically, the Fallmanns make claims against Sterling Communities, Inc. and Sterling Communities Realty, Inc. based on their ownership of real property located at 11063 Pacifica Street in Wellington, Florida 33449. (See Exhibit 1, page 28 and Schedule 1, page 113). Similarly, the Millers make claims against Sterling Communities, Inc. and Sterling Communities Realty, Inc. based on their ownership of real property located at 11134 Pacifica Street in Wellington, Florida 33449. (See Exhibit 1, page 52 and Schedule 1, page 113). In addition to their claims against Sterling Communities, Inc. and Sterling Communities Realty, Inc., the Fallmanns and the Millers assert claims against North American Specialty Insurance Company ("NAS") as an alleged insurer of Sterling Communities, Inc. and Sterling Communities Realty, Inc. (See Exhibit 1, page 81 and Schedule 2, page 40).

Notably, in the Complaint, the following entities are included under the Defendant "Sterling": Sterling Communities, Inc., Sterling Communities Realty, Inc., and The Sterling Collection, Inc. (See Exhibit 1, Schedule 2, page 40). The policy allegedly triggered by the claims of the Fallmanns and the Millers is NAS policy no. BXG0008456-00 for the policy period of July 1, 2004 through July 1, 2005. (See Exhibit 1, Schedule 2, page 40). However, the only insured listed under this NAS policy is The Sterling Collection, Inc., which is wholly and completely unrelated to the other two entities listed under "Sterling" in the Complaint. (See NAS Policy No. BXG0008456-00

attached as Exhibit 2). The status of all three entities can be verified, as a matter of public record, via the Florida Secretary of State corporate records, which shows that The Sterling Collection, Inc. is not related in any way to either Sterling Communities, Inc. or Sterling Communities Realty, Inc. As such, NAS does not insure Sterling Communities, Inc. nor Sterling Communities Realty, Inc. under the relevant policy and, thus, Plaintiffs, the Fallmanns and the Millers, do not state a claim against NAS for which relief can be granted.

## II.   Law and Argument

### 1.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a party to move the Court to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. Rule of Civ. P. 12(b)(6). The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not state factual allegations showing that the right to relief is plausible and above mere speculation. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 570 (2007). The moving party bears the burden of showing that a plaintiff can prove not set of facts consistent with the allegations in the complaint which would entitle it to relief. *See Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986). To survive, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

In considering a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider documents that a Defendant attaches which are referred to in the Plaintiffs'

complaint and are central to the claims therein. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Insurance policies have been considered by Louisiana courts to be central to coverage claims in complaints, thus allowing a court to consider such a policy in a Rule 12(b)(6) motion to dismiss.  *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, in reviewing a motion to dismiss under Rule 12(b)(6), courts may consider items of which judicial notice may be taken.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Items of which judicial notice may be taken include matters of public record. *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244 (3d Cir. 2006; *see also Kourtis v. Cameron*, 419 F.3d 989 (9th Cir. 2005); *see also Ratcliff v. Rainwater*, 93 F. App'x 623 (5th Cir. 2004).

    **2.  Plaintiffs Fail to State a Claim against NAS for which Relief Can be Granted Because Plaintiffs are not a Named Insured Under the Applicable NAS Policy.**

Under Louisiana law, an insurance policy is a contract and should be construed using the general rules of contract as set forth by the Louisiana Civil Code.  *Sher v. Lafayette Ins. Co.,* 2007-2441 (La. 4/4/08); 988 So.2d 186.  In that regard, words and phrases of an insurance contract should be interpreted by using the plain, ordinary, and generally prevailing meaning.  *Id.*  If the policy wording at issue clearly and unambiguously expresses the parties' intent, "the insurance contract must be enforced as written." *Succession of Fannaly v. Lafayette Insurance Co.,* 01-1355, p.4 (La. 1/15/02), 805 So.2d 1134, 1138.  Thus, the NAS policies in question should be construed as written.

The NAS policy at issue, bearing Policy No. BXG0008456-00, states in relevant part:

**SECTION 1 – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the <u>insured is legally obligated to pay</u> as damages because of "bodily injury" or "property damage" to which insurance applies. [emphasis added]

\*   \*   \*

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declaration as:

    **a.** An individual, you or your spouse are insureds, but only with respect to the conduct of a business of which you are sole owner.

    **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds but only with respect to the conduct of your business.

    **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as managers.

    **d.** An organization other than a partnership, joint venture, or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers and directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    **e.** A trust, you are an insured. Your trustess are also insureds, but only with respect to their duties as trustees.

   *  *  *

  No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture, or limited liability company that is not shown as a Named Insured in the Declarations.

   *  *  *

(See Exhibit 2). The language in this policy is clear and unambiguous.

  Under the NAS policy, the only insured named on the Declarations page is The Sterling Collection, Inc. (See Exhibit 2). However, the Fallmanns and the Millers name NAS as an insurer Defendant based on their claims against Sterling Communities, Inc. and Sterling Communities Realty, Inc., which are wholly and completely unrelated to the entity named under the NAS policy. Specifically, the two unrelated entities are not a partnership, joint venture, limited liability company, or any other organization related to the Named Insured, The Sterling Collection, Inc. as required under the clear language of the policy to be considered an "Insured". (See Exhibit 2). Because the two unrelated entities are not "insured(s)" under the NAS policy, NAS is not obligated under this policy to pay for any claims that these two entities may be found liable for. Thus, NAS has no legal obligation under the policy language for the claims of the Fallmanns and the Millers against Sterling Communities, Inc. and/or Sterling Communities Realty, Inc., as these entities are not named insureds under the NAS policy. Consequently, the claims of Plaintiffs, the Fallmanns and the Millers, against NAS must be dismissed from this matter.

**Conclusion**

**WHEREFORE**, premises considered, Defendant, North American Specialty Insurance Company, requests that this Honorable Court grant its Rule 12(b)(6) Motion to Dismiss based on individual Plaintiffs', James and Barbara Fallmann and Bradley and Tricia Miller, failure to state a claim against NAS upon which relief can be granted.

Respectfully submitted, this the 22nd day of December, 2010.

/s/ Doris T. Bobadilla_____
**DORIS T. BOBADILLA  (#24025)**
**ANDREA L. ALBERT (#27353)**
**SHANNON T. BROWN (#32366)**
**GALLOWAY, JOHNSON, TOMPKINS,**
  **BURR & SMITH**
Three Sanctuary Boulevard, Suite 301
New Orleans, Louisiana  70471
Telephone: (985) 674-6680
Facsimile:  (985) 674-6681
*Counsel for Purported Defendant, North American Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

  I hereby certify the above and foregoing pleading has been served by U.S. Mail on Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail or by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing pleading was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with procedures established in MDL 2047.

  This 22nd day of December, 2010.

             **/s/ Doris T. Bobadilla**_____
             DORIS T. BOBADILLA