UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 2047 |
| | * | JUDGE: FALLON |
| This document relates to Case No. 10-CV-4174 (Borrello v. Francioni Builders, Inc.) | * * * * * | MAGISTRATE: WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ENCOMPASS INDEMNITY COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR COSTS AND EXPENSES

Plaintiffs have moved to remand this case on two grounds: (1) the removal was not timely under 28 U.S.C. 1446(b); and (2) plaintiffs' claims against Encompass Indemnity Company, erroneously sued as Encompass Insurance Company of America ("Encompass") were not fraudulently joined with their claims against the Contractor Defendants and their liability insurer. Plaintiffs' first argument fails because the removal indisputably was filed within 30 days after receipt by Encompass' agent of the initial pleading, which is all the cases in this district require. It is the date of receipt by the party's agent, and not the date of substituted service on the Secretary of State, that commences the 30-day removal period.

Plaintiffs' second argument likewise lacks merit because plaintiffs' first-party contract claims against Encompass are factually and legally distinct from their tort-based claims against the non-diverse Contractor Defendants and their liability insurer. These distinct claims are egregiously misjoined. Because all requirements of 28 U.S.C. § 1332 are met with respect to

598590

1

plaintiffs' claims against Encompass, the Court should deny plaintiffs' motion to remand and maintain jurisdiction over these claims.

## BACKGROUND

Donna Borrello and Thomas Stallings, both domiciled in Louisiana, commenced this action seeking compensation under their Encompass homeowners insurance policy for damage to their home allegedly caused by Chinese drywall. Plaintiffs also named a second homeowners insurer, American Insurance Company ("American"), which is a citizen of California. In addition to their homeowners insurers, plaintiffs have sued the contractors who renovated their home (Francioni Builders, Inc. and Lawrence E. Francioni III) and the contractors' liability insurer (Colony Insurance Company). The plaintiffs' substantive claims against the Contractor Defendants and their liability insurer, on the one hand, and their homeowners insurers on the other are separated into two distinct sections of the petition. The claims against the Contractor Defendants and their insurer are based in tort. Plaintiffs allege that the contractors "negligently renovated/repaired the property using Chinese manufactured drywall," and that "[t]he legal and proximate cause of plaintiffs' damages was the negligent acts and omissions of [the contractors]." Pet., at ¶¶ 11, 13. The contractors' liability insurer, plaintiffs allege, "provided coverage for the negligent acts and omissions of [the contractors] and the damages resulting therefrom." *Id.* at ¶ 24.

Unlike the tort claims against the Contractor Defendants, plaintiffs' allegations against their homeowners insurers, which are found in a completely separate section of the petition, sound in contract. Plaintiffs allege that "a valid contract of insurance existed" between plaintiffs and the homeowners insurers. *Id.* at ¶¶ 40-41. The homeowners insurers "have failed to meet their obligations under the policies of insurance and have failed and/or refused to cover

the loss sustained by plaintiffs." *Id.* at ¶ 45. Because of the homeowners insurers' breach of their contractual obligation, plaintiffs claim that they are entitled to recover damages and penalties. *Id.* at ¶¶ 45-48.

Encompass' agent for service of process, CT Corporation System, did not receive the petition until October 4, 2010. *See* Service of Process Transmittal, attached as Exh. A. Encompass filed this removal within 30 days of their receipt, on November 2, 2010. Encompass alleged that the Court can exercise jurisdiction over the plaintiffs' claims against their homeowners insurers under 28 U.S.C. § 1332. The plaintiffs' claims against the non-diverse Contractor Defendants and their liability insurer are egregiously misjoined with the homeowners claims and should be severed and remanded.

## ARGUMENT

### A.  The Notice of Removal Was Timely Filed.

Plaintiffs contend that Encompass' removal was not timely under 28 U.S.C. § 1446(b) because it was filed thirty-one days after service of the Petition on the Louisiana Secretary of State on October 1, 2010. Plaintiffs ignore that Encompass' registered agent, CT Corporation System, did not receive the petition until three days later, on October 4, 2010. *See* Exh. A. Because the removal was filed within 30 days after CT Corporation received the petition, it was timely under 28 U.S.C. § 1446(b).

The statute provides that a removal shall be filed "within thirty days *after the receipt by the defendant*, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b) (emphasis added). Interpreting this statutory language, numerous sections of this Court have expressly held that the thirty-day time period for removal begins to run when the defendant or its

598590

3

registered agent actually receives the initial pleading, *not* when the Secretary of State is served. *See, e.g., Fields v. Markel Ins. Co., et al.*, No. 09-6815, 2010 WL 148293, at **1-2 (E.D. La. 2010) (Duval, J.) (finding that 30-day period for removal began to run from date that defendant actually received the petition and not earlier date when Secretary of State was served); *Crescent City Holdings, L.L.C. v. Scottsdale Ins. Co.*, No. 08-902, 2008 WL 783592, at *2 (E.D. La. 2008) (Feldman, J.) (finding that removal filed thirty-one days after service on Secretary of State but twenty-nine days after defendant's agent (CT Corporation) received process was timely); *see also Brown v. S.L. Netterville Logging, Inc., et al.*, No. 09-200, 2009 WL 1875755, at *3 (M.D. La. 2009) (finding that service on out-of-state defendants was complete on the date defendants received Notice of Service, copy of Citation, and a copy of the Petition and not earlier when the Secretary of State was served). Indeed, "it now appears to be settled law that the time for seeking removal begins to run only when the defendant or someone who is serving as the defendant's agent in fact receives the process." 14C Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3732 (3d ed. 1998). Mere "substituted service" on "a Secretary of State (or comparable state official)" is not sufficient to commence the 30-day period. *Id.*

Accordingly, the 30-day period for removal did not begin until CT Corporation System actually received the petition on October 4, 2010. Plaintiffs' substituted service on the Secretary of State on October 1, 2010 was not sufficient to commence the period. Because Encompass indisputably filed its removal within 30 days after CT Corporation received the petition, the removal was timely under 28 U.S.C. § 1446(b).

Furthermore, even if the 30-day period began to run on October 1, as plaintiffs contend, the thirtieth day (October 31st) was a Sunday, and the following Monday (November 1)

598590

4

was All Saints Day, a state holiday. *See* La. Rev. Stat. 1:55. Federal Rule 6(a)(6)(C) defines "legal holiday" to include "for periods that are measured after an event, any other day declared a holiday by the state where the district court is located." Under this definition, November 1st was a legal holiday, and thus the removal was not due until the following day, November 2nd, when Encompass filed. *See* Fed. R. Civ. Pro. 6(a)(1)(C).

B.  **Complete Diversity Exists as to All Properly Joined Parties.**

It is undisputed that plaintiffs and their homeowners insurers are of diverse citizenship. Plaintiffs are Louisiana citizens, Encompass is an Illinois citizen, and American Insurance Company is a California citizen. *See* Dep't of Ins. Records, attached as Exh. B. The only Louisiana defendants are the Contractor Defendants. The citizenship of these entities does not destroy diversity, however, because the plaintiffs' claims against the homeowners insurers are egregiously misjoined with the claims against the Contractor Defendants.[1] *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355-60 (11th Cir. 1996), *overruled on other grounds sub nom, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *accord Mallard v. Prudential Ins. Co. of Am.*, No. 95-908, 1996 WL 170126, at *3 (M.D. Ala. 1996) ("The court will not allow these plaintiffs to defeat the defendants' right to have their claims determined in a federal forum by the artifice of joining their claims with totally separate claims of other non-diverse parties"); *Turpeau v. Fidelity Fin. Servs., Inc.*, 936 F. Supp. 975, 978-79 (N.D. Ga. 1996) (because each of the transactions at issue were made with different plaintiffs and different defendants, the transactions were not sufficiently related so as to permit joinder), *aff'd*, 112 F.3d 1173 (11th Cir. 1997); *Chehardy, et al. v. Louisiana Ins. Comm., et al.*, No. 05-1140 (M.D. La. 2006) (finding

---

[1]  Encompass likewise contends that the claims against the contractors' liability insurer is egregiously misjoined with the claims against the homeowners insurers. However, as the liability insurer is a citizen of Virginia, its citizenship does not defeat the Court's jurisdiction. Pet., at ¶ 5; Exh. B.

598590

5

fraudulent joinder and maintaining jurisdiction where plaintiffs alleged separate claims against separate insurers and Insurance Commissioner).

Parties may be joined in the same suit, either as plaintiffs or defendants, only if there is a community of interest between them. *See, e.g., Milliet v. Liberty Mutual Ins. Co.*, No. 07-7443, 2008 WL 147821, at *3 (E.D. La. 2008) (citing La. Code Civ. Proc. art. 463). A community of interest is present only "'where enough factual overlap is present between the cases to make it commonsensical to litigate them together.'" *Id.* (quoting *Touro Infirmary v. American Maritime Officer*, 2007 WL 4181506, **7-8 (5th Cir. 2007)).

In two recent Chinese drywall cases in Mississippi involving nearly identical allegations, the federal district court held that the plaintiffs' claims against their contractors were fraudulently joined with their claims against their homeowners insurers. *See Bishop v. Sturdivant*, 4:10CV49, 2010 WL 3122251, at *1 (S.D. Miss. 2010); *Lopez v. Sturdivant*, 4:10CV55, 2010 WL 3121750, at *1 (S.D. Miss. 2010). In *Bishop* and *Lopez*, as here, the plaintiff homeowners filed suit against the contractor who sold them their homes containing Chinese drywall, alleging tort claims such as breach of the duty of good faith and fair dealing, breach of warranties, negligence and gross negligence, and fraud. *See Bishop v. Sturdivant*, 2010 WL 3122251, at *1; *Lopez v. Sturdivant*, 2010 WL 3121750, at *1. In the same suit, also as here, the plaintiffs joined their claims against their homeowners insurer to recover under their homeowners policies for damage caused by Chinese drywall and for bad faith. *See id.* The homeowners insurers removed the cases, asserting egregious misjoinder, just as Encompass has done here, and the plaintiffs moved to remand. *See id.* The Court denied the motion to remand, reasoning that the claims against the contractor and the homeowners insurer were not related in any way whatsoever, and thus were egregiously misjoined:

598590

> There is not a distinct litigable event linking the claims against [the contractor] and [the homeowners insurer]. Rather, the claims against [the contractor] relating to his alleged defective construction and the first party breach of contract and bad faith claims against [the homeowners insurer] involve distinct litigable events which arise out of separate allegations of wrongdoing occurring at separate times. The claims involve entirely separate legal issues and primarily separate proof.

*Bishop*, 2010 WL 3122251, at *3; *Lopez*, 2010 WL 3122251, at *3.

The *Bishop* and *Lopez* decisions are consistent with numerous decisions by the Eastern District of Louisiana, including by this Court, in the aftermath of Katrina finding that plaintiffs' claims against contractors or other parties were improperly joined with their claims against their homeowners insurers, because there was no factual nexus between the tort-based contractor claims and the contract-based insurer claims. *See Savoie v. Safeco Ins. Co.*, No. 06-7808, 2007 WL 675304, at *1 (E.D. La. 2007) (Fallon, J.) (denying remand and finding that claims against homeowners insurer and insurance agent were improperly joined with claims against contractor); *Bowman v. Horace Mann Ins. Co.*, No. 07-7056, 2008 WL 282760, at *1 (E.D. La. 2008) (Zainey, J.) (denying remand and finding that claims against homeowners insurer were improperly joined with claims against contractor); *Milliet v. Liberty Mutual Ins. Co.*, No. 07-7443, 2008 WL 147821, at *3 (E.D. La. 2008) (Engelhardt, J.) (denying plaintiff's motion to remand and finding that claims against homeowners insurer were misjoined with claims against contractor because "[t]here is no community of interest between the parties, and only tangentially are they related regarding operative and relevant facts"). *See also Defourneaux v. Metropolitan Property & Casualty Insurance Co.*, No. 06-3809, 2006 WL 2524165, *1 (E.D. La. Aug. 30, 2006) (Feldman, J.) (granting motion to sever plaintiffs' tort claims against governmental subdivision from first-party claims against homeowners insurer).

In *Bowman*, Judge Zainey aptly observed,

> Assuming *arguendo* that Plaintiff has a claim against [contractor], that claim has nothing to do with Plaintiff's claim against [the homeowners insurer]. Plaintiff's entitlement to recovery against [homeowners insurer] will be governed by the terms of the policy between the parties, and to the extent that penalties are sought, by Louisiana statutory law. As noted by Judge Engelhardt in a very similar case, there is no community of interest between the three parties-the claims would be tangentially related at best.

*Id.* Likewise, in *Savoie*, 2007 WL 675304, at *1, this Court observed that the plaintiff's contract claims against her homeowners insurer were "wholly independent" from her tort claims against her contractor and thus these claims were improperly joined.

This case is no different than *Bishop*, *Lopez*, or the many post-Katrina Louisiana cases, including this Court's *Savoie* decision, cited above. There are simply no overlapping or common questions of fact or related issues of law between plaintiffs' first-party homeowners insurance claims and their tort-based claims against the Contractor Defendants. There is "no distinct litigable event" linking these claims and they are "tangentially related at best." For example, the tort claims against the Contractor Defendants depend upon facts such as what knowledge, if any, these defendants had concerning possible problems with the drywall and what representations, if any, they made to plaintiffs. In contrast, the first-party contract claim against the homeowners insurers does not depend upon these facts at all, and instead turns upon the plain language of the homeowners policies and the nature of the damage allegedly caused by the drywall. The tort claims against the Contractor Defendants (and their liability insurer) will require discovery related to the construction of plaintiffs' home and the sale of Chinese drywall, while the contract claims against the homeowners insurers, as this Court already has held, require no discovery and can be resolved based solely upon examination of the homeowners policies' clear language.

Because there is no factual overlap between plaintiffs' tort-based claims against the nondiverse Contractor Defendants and their first-party insurance claims against Encompass, these parties share no "community of interest" and the claims against them are not properly joined. As the *Tapscott* court found, plaintiffs should not be permitted to manipulate the pleadings by joining unrelated claims in an effort to deny Encompass its federal forum. *Tapscott*, 77 F.3d at 1360.[2]

C.   **The Amount in Controversy Exceeds $75,000.**

Plaintiffs do not dispute that the amount in controversy exceeds $75,000. Indeed, they could not, as Encompass' removal amply demonstrated that the full homeowners policy limits of $556,000 are potentially in dispute based on the plaintiffs' allegations, in addition to possible damages for bad faith. Accordingly, the requisite amount in controversy is clearly established.

D.   **Plaintiffs Are Not Entitled to Recover Costs and Expenses.**

Plaintiffs also ask the Court to award costs and expenses based on 28 U.S.C. § 1447(c), claiming that "Encompass filed the Notice of Removal without the requisite reasonable inquiry and without a basis in law or in fact in violation of Rule 11[.]" Contrary to plaintiffs' contention, as demonstrated above Encompass clearly had a basis both in law and in fact for its removal, as demonstrated by the many on-point authorities cited herein. *See, e.g., Troyer v.*

---

[2] Plaintiffs also contend that the removal was improper because Encompass did not obtain the consent of the Contractor Defendants or their liability insurer. As plaintiffs concede, consent of these parties is only required if the Court finds that plaintiffs' claims against them were properly joined with the homeowners claims. *See* Motion to Remand, Rec. Doc. No. 6510-1, at p. 9 (noting that Encompass correctly stated the law that consent is not required from egregiously misjoined parties). As demonstrated above, they were not. Therefore, Encompass' failure to obtain consent from the egregiously misjoined parties does not defeat removal. Encompass did obtain consent from the only other properly joined defendant, American, prior to removal.

598590

9

*Keller*, 2009 WL 1067045, *4 (E.D. La. Apr. 29, 2009) (denying a request for attorneys' fees and costs based on an allegedly improper removal where, as here, defendants "offered a persuasive and meritorious argument" and the removal was not "frivolous or in bad faith").

## CONCLUSION

Encompass' removal was timely under 28 U.S.C. 1446(b), because it was filed within 30 days of receipt of the initial pleading by its statutory agent. The Court has jurisdiction over this matter under 28 U.S.C. 1332, because the citizenship of all properly joined parties (the homeowners insurers and plaintiffs) is diverse and the amount in controversy clearly exceeds $75,000. Therefore, the Court should deny plaintiffs' motion to remand the claims against the homeowners insurers.

Respectfully submitted,

*/s/ Catherine F. Giarrusso*

Judy Y. Barrasso, 2814
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Encompass Indemnity Company*

598590

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by facsimile, hand delivery, electronic mail, or placing same in the United States mail, postage prepaid and properly addressed, this 29th day of December, 2010.

/s/ *Catherine F. Giarrusso*
_____

598590