# HILL WARD HENDERSON
### ATTORNEYS AT LAW

SENDER'S DIRECT DIAL:
(813) 227-8481

SENDER'S E-MAIL:
rcafaro@hwhlaw.com

September 16, 2010

**VIA FACSIMILE AND U.S. MAIL**

Andrew A. Lemmon, Esq.
Lemmon Law Firm, LLC
15058 River Road
Hahnville, LA 70057

    Re:    In re: Chinese-Manufactured Drywall Products Liability Litigation
            MDL No.: 2047

Dear Mr. Lemmon:

    Please be advised that this law firm represents Standard Pacific of South Florida GP, Inc., HWB Construction, Inc., and other Standard Pacific entities in the multidistrict litigation currently pending in the United States District Court for the Eastern District of Louisiana. We are in receipt of your letters dated August 30, 2010 regarding standard Pacific of South Florida GP, Inc. and HWB Construction, Inc. and 30(B)(6) deposition notices and requests for documents. Please be advised that responses were timely filed on behalf of all Standard Pacific entities, including HWB Construction, inc. and Standard Pacific of South Florida GP, Inc. Please find enclosed copies of Defendants' Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss for Lack of Personal Jurisdiction filed on April 29, 2010 along with Defendants' Memorandum of Law in Support of Their Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss for Lack of Personal Jurisdiction filed on that same date. As you are likely aware, the Court ordered Plaintiffs to respond to the enclosed motions as well as similar motions filed by other Defendants. On June 11, 2010 Plaintiffs filed a response, but to date no order has been entered on the motions.

    I spoke to Tiffany Kuiper in your office this afternoon to discuss this matter. I will be glad to speak with you as well regarding this matter in hopes of avoiding any unnecessary motions practice if you would like to give me a call.

3700 BANK OF AMERICA PLAZA, 101 E KENNEDY BLVD, TAMPA
TEL: 813-221-3900  FAX: 813-221-2900  WWW.HWHLAW.COM

EXHIBIT 2

Please feel free to contact me at your earliest convenience.

Best regards,

Rocco Cafaro
*Board Certified Construction Attorney*

RC/gcl

1814650v1



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL          MDL NO. 2047
PRODUCTS LIABILITY LITIGATION
                                             SECTION: L
THIS DOCUMENT RELATES TO:
                                             JUDGE FALLON
Sean and Beth Payton, et al. v. Knauff Gips, KG, et al.
Case No. 2:09-cv-07628-EEF-JCW              MAG. JUDGE WILKINSON

## DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Standard Pacific of South Florida GP, Inc., HWB Construction, Inc. and Standard Pacific of South Florida, a Florida General Partnership (collectively "Defendants"), reserving all rights and defenses, including specifically their objections to the jurisdiction of this Court as set forth in their Motion to Dismiss for Lack of Personal Jurisdiction, hereby move for a stay of discovery with regard to Defendants for the reasons more specifically set forth in the accompanying Memorandum of Law.

WHEREFORE, Defendants respectfully request that this Court issue an Order granting their Motion to Stay Discovery Pending the Resolution of their Motion to Dismiss for Lack of Personal Jurisdiction, together with such other and further relief that this Court deems just, appropriate and fair.

Dated: 4/29/10                                          Respectfully submitted.

                                                s/ Lara J. Tibbals
Lara J. Tibbals, Florida Bar No. 129054
J. Rocco Cafaro, Florida Bar No. 507121
Brian L. Josias, Florida Bar No. 893811
HILL, WARD & HENDERSON, PA
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida 33602-2231
Tel: (813) 221-3900
Fax: (813) 221-2900

*Counsel for Defendants Standard Pacific of South Florida, GP, Inc., HWB Construction, Inc. and Standard Pacific of South Florida, a Florida General Partnership*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of April, 2010.

                                                s/ Lara J. Tibbals
Attorney



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION: L

THIS DOCUMENT RELATES TO:

Sean and Beth Payton, et al. v. Knauff Gips, KG, et al.
Case No. 2:09-cv-07628-EEF-JCW

JUDGE FALLON

MAG. JUDGE WILKINSON

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Standard Pacific of South Florida GP, Inc., HWB Construction, Inc. and Standard Pacific of South Florida, a Florida General Partnership ("Defendants"), through their undersigned counsel, hereby file this Memorandum of Law in Support of their Motion to Stay Discovery Pending Resolution of their Motion to Dismiss for Lack of Personal Jurisdiction, filed contemporaneously herewith.

### INTRODUCTION

As set forth more fully in Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and supporting Memorandum of Law (together the "Motion to Dismiss"), which arguments are incorporated by reference herein, this Court lacks personal jurisdiction over Defendants. Defendants have no connection with the State of Louisiana. Louisiana's long-arm statute does not reach Defendants, and any exercise of *in personam* jurisdiction over Defendants would violate the Constitutional Due Process requirements. Given the Court's lack of personal jurisdiction with respect to Defendants, Defendants respectfully submit that they should not be required to participate in discovery prior to the Court's disposition of their Motion to Dismiss.

## ARGUMENT

It is axiomatic that control of discovery is committed to the sound discretion of the trial court. In this regard, the Fifth Circuit has held that "it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson v. Southern Recovery Management, Inc.*, 1996 WL 144400, *2 (E.D. La. 1996) (unpublished) (vacating magistrate's order denying motion to stay discovery and finding that although "the discovery sought would not be prohibitively costly, even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot.") *citing Petrus v. Bowen*, 833 F. 2d 581, 583 (5th Cir. 1987) (holding that nothing in discovery could have affected the resolution the Rule 12(b)(6) motion and the district court properly deferred discovery while deciding whether the defendants were proper parties to the action).

Moreover, courts within the Fifth Circuit have routinely held that when the lack of personal jurisdiction is clear and the discovery would serve no purpose, it should not be permitted. *See, e.g., Paolino v. Argyll Equities, LLC*, 401 F. Supp. 2d 712, 722 (W.D. Tex 2005) (denying even jurisdictional discovery because the lack of personal jurisdiction was clear and therefore the discovery would serve no purpose); *Tschirn v. Kurzweg*, 2003 WL 21087741, *2 (E.D. La. 2003) (unpublished) (granting motion for stay of all discovery pending ruling on motion to dismiss for lack of personal jurisdiction and recognizing that if plaintiff "is allowed to conduct discovery at this time, the parties will incur the expense of litigating over the scope of the discovery and conducting the discovery and this may be unnecessary"); *Dykes v. Maverick Motion Picture Grp.*, 2009 WL 3053738, *2 n.1 (M.D. La. 2009) (unpublished) (refusing to permit merits discovery and recognizing that certain defendants "will be dismissed should they

2

prevail on their jurisdictional arguments, so there is no need for merits discovery relating to them (or by them about others) until and unless they actually lose their jurisdictional arguments").

In this case, as set forth in Defendants' Motion to Dismiss, there is no basis whatsoever upon which to assert personal jurisdiction over Defendants. Therefore, any discovery would serve no purpose but to force Defendants to incur unnecessary expenses and waste judicial resources.

## CONCLUSION

Based on the foregoing, Defendants Standard Pacific of South Florida GP, Inc., HWB Construction, Inc. and Standard Pacific of South Florida, a Florida General Partnership, respectfully request that the Court stay all discovery with respect to them pending the resolution of their Motion to Dismiss.

Dated: April 29, 2010               Respectfully submitted.

s/ Lara J. Tibbals
Lara J. Tibbals , Florida Bar No. 129054
J. Rocco Cafaro, Florida Bar No. 507121
Brian L. Josias, Florida Bar No. 893811
HILL, WARD & HENDERSON, PA
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida 33602-2231
Tel: (813) 221-3900
Fax: (813) 221-2900

*Counsel for Defendants Standard Pacific of South Florida, GP, Inc., HWB Construction, Inc. and Standard Pacific of South Florida, a Florida General Partnership*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of April, 2010.

s/ Lara J. Tibbals
Attorney