# THE BARTHET FIRM
### LAWYERS TO BUSINESS

Patrick C. Barthet
Alexander E. Barthet
Paul D. Breitner
John C. Hanson, II
Daniel Morman
Jorge L. Cruz-Bustillo
Doron Weiss
Ryan B. Lamchick
Denisse M. Echezarreta
Peter B. Rowell

200 South Biscayne Boulevard, Suite 1800
Miami, Florida 33131
(305) 347.5290 • Fax (305) 377.8695
www.barthet.com
mail@barthet.com

Publishers
**THELIENZONE**
www.thelienzone.com

September 10, 2010

Andrew A. Lemmon, Esq.
Lemmon Law Firm, LLC
15058 River Road
P.O. Box 904
Hahnville, LA 70057

Re:   In re: Chinese-Manufactured Drywall Products Litigation
      MDL Case No. 2047

Dear Mr. Lemmon:

I am writing in reply to your letter of August 30, 2010, received in our office on September 7, 2010. Neither we nor our client, Gryphon Construction, LLC ("Gryphon"), have previously had any communication with you or your firm. Neither you nor your firm are representing any of the individual plaintiffs making claims against Gryphon in either the above-referenced litigation or any of the omnibus class action complaints filed thereunder. Neither you nor your firm is serving as Plaintiffs' Liaison Counsel; nor, as far as we are aware, are you or your firm a member of the Plaintiffs' Steering Committee ("PSC"). Consequently, as a threshold matter we would ask that you clarify your standing to undertake these actions and to threaten Gryphon with the filing of a motion to compel.

As to the substance of your letter, we disagree with certain of the representations contained therein including your assertion as to the date on which any response was due and your assertion that Gryphon has not responded to the subpoena. In response to the subpoena served on Gryphon on April 1, 2010, our office communicated with the office of Plaintiffs' Liaison Counsel concerning both the subpoena and the notice of deposition that accompanied it. Further, Gryphon filed a motion to stay discovery pending resolution of its motion to dismiss for lack of jurisdiction [Rec. Doc. 3136] Subsequently, Judge Fallon issued an order directing the PSC to file responses to the motions to stay discovery filed by Gryphon and other defendants. [Rec. Doc. 3491]; the PSC filed its response on or about June 11, 2010. To date Judge Fallon has not ruled on or issued an order related to Gryphon's motion to stay discovery; Gryphon's motion remains



Andrew A. Lemmon, Esq.
Re: MDL Case No 2047
September 10, 2010
Page 2

pending and it is under no obligation to respond to the subpoena. Therefore, we respectfully suggest that bringing a motion to compel against Gryphon would be premature and ill-advised.

Very truly yours,

John C. Hanson, II
For the Firm

JCH/

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL      MDL NO. 2047
PRODUCTS LIABILITY LITIGATION          SECTION: L

                                       JUDGE FALLON
                                       MAG. JUDGE WILKINSON

---

THIS DOCUMENT RELATES TO:
*Payton et al v. Knauf Gips KG et al;*
Case No. 2:09cv07628-EEF-JCW

## DEFENDANT, GRYPHON CONSTRUCTION, LLC'S
## MOTION TO STAY DISCOVERY

      Defendant, GRYPHON CONSTRUCTION, LLC ("GRYPHON"), by and through undersigned counsel, for the reasons set forth in the accompanying Memorandum of Law in support of this Motion and based on the authorities set forth therein, objects to and seeks a stay of the discovery served on it herein.

      WHEREFORE, Defendant, GRYPHON CONSTRUCTION, LLC, respectfully requests that the Court enter an Order granting its' Motion and staying discovery against it herein, and awarding such other and further relief as this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the above and foregoing Motion to Stay Discovery has been served on Plaintiff's Liaison Counsel, Russ Herman at drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and Homebuilder Steering Committees' Liaison Counsel, Phillip A. Wittmann at pwittman@stonepigman.com, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance

with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States district Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 18TH day of May, 2010.

Respectfully submitted,

**THE BARTHET FIRM**
Attorneys for Gryphon Construction, LLC
200 South Biscayne Blvd., Suite 1800
Miami, Florida 33131
(305) 347-5290 phone
alex@barthet.com

[Original signed document on file with the Court]
/s/ Alexander E. Barthet

ALEXANDER E. BARTHET
Florida Bar No. 173126

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL        MDL NO. 2047
PRODUCTS LIABILITY LITIGATION              SECTION: L

                                           JUDGE FALLON
                                           MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*Payton et al v. Knauf Gips KG et al;*
Case No. 2:09cv07628-EEF-JCW

## DEFENDANT, GRYPHON CONSTRUCTION, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS' MOTION TO STAY DISCOVERY

Defendant, GRYPHON CONSTRUCTION, LLC ("GRYPHON"), by and through

undersigned counsel, hereby files this Memorandum of Law in Support of its Motion for Stay of

Discovery served on it herein.

### INTRODUCTION AND BACKGROUND

On December 9, 2009, Plaintiffs, SEAN AND BETH PAYTON, individually, and on

behalf of all others similarly situated, filed an Omnibus Class Action Complaint (I) ("hereafter

Complaint") against multiple Defendants, including GRYPHON. The Complaint was served on

GRYPHON on or about February 9, 2010. GRYPHON timely filed and served its Motion to

Dismiss Plaintiffs' Omnibus Class Action Complaint For Lack of Personal Jurisdiction (the

"Motion to Dismiss").

Thereafter, without prior notice of conferring with counsel, Plaintiffs served GRYPHON

with subpoenas for the production of documents and for deposition testimony. In addition to

calling for production of documents from a party in less time than that permitted by the Federal

Rules of Civil Procedure, the subpoenas for documents sought a broad range of documents

relating to insurance (including policies, claims, correspondence, investigative material, etc.). The deposition of GRYPHON's representative was also set on dates unilaterally selected by Plaintiffs and in a location across the State of Florida from GRYPHON's offices.

The Court subsequently entered Pretrial Order No. 24, specifying that the document subpoenas be treated as document requests pursuant to Federal Rule of Civil Procedure 34. Pretrial Order No. 24 also provided a new deadline within which defendants were to response (*i.e.*, the later of twenty days following entry of the order or thirty days following service of the subpoenas). The Court also continued the deposition of Defendant representatives to an unspecified future time.

GRYPHON objects to the subpoenas because they are unduly burdensome and cause unnecessary expense given the pendency of GRYPHON's motion to dismiss based on the Court's lack of personal jurisdiction and the impropriety of venue in Louisiana related to the claims against GRYPHON. In addition, certain of the discovery being sought is duplicative of information already provided to Plaintiffs in conjunction with GRYPHON's submission of the Court-mandated profile forms. The subpoenas are also objectionable given the reality that the requests as drafted impinge on the attorney-client privilege and work-product doctrine.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 26 permits the protection of a party from the undue expense, burden or inconvenience that would be wrought by responding to improper or overreaching discovery requests. Requiring GRYPHON to respond to Plaintiffs' requests or provide deposition testimony at this stage of the proceedings would be unduly burdensome and expensive, particularly in view of GRYPHON's assertion that the Court lacks subject matter jurisdiction to even entertain the claims being made against it.

2

It is well-established in this Circuit that it is appropriate to stay discovery where the resolution of pending dispositive motions would preclude the need for discovery in its entirety, thereby sparing the parties unnecessary expense and effort. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5TH Cir. 1994)(refusing to allow discovery to proceed was proper pending determination of motion to change venue); *Petrus v. Bowen*, 833 F2d 581, 583 (5TH Cir. 1987)(stay of discovery was proper where requests did not affect determination of pending motion to dismiss); *Landry v. Air Line Pilots Assoc. Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5TH Cir. 1990). *See also Dresser v. MEBA Med. & Benefits Plan*, 2008 WL 2705584 at *2 (E.D. La. July 10, 2008)(staying discovery in face of pending motion to dismiss).

In particular, this Court has found that it would be clearly erroneous to allow discovery to proceed while a motion to dismiss is pending. *Parish of Jefferson v. Southern Recovery Management, Inc.*, 1996 WL 144400 at *2 (E.D. La. Mar. 27, 1996). Therein, the Court reversed the magistrate judge's order denying a motion to stay discovery while a jurisdictional motion to dismiss was pending. *See also Dykes v. Maverick Motion Picture Group, LLC*, 2009 WL 3053738 at *2 (M.D. La. Sept. 18, 2009)(merits discovery premature until jurisdictional arguments are settled).

Accordingly, allowing Plaintiffs merits discovery to proceed while GRYPHON's jurisdictional motion to dismiss is pending would impose an undue burden and expense on it. Such a result would be unjust and in contravention of this Court's previous legal determination.

WHEREFORE Defendant GRYPHON CONSTRUCTION, LLC requests that the Court enter an order granting this Motion and stay the discovery served on it pending resolution of GRYPHON's motion to dismiss Plaintiffs' Omnibus Class Action Complaint (I), together with such other and further relief as this Court deems just and proper under the circumstances.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Memorandum of Law In Support of Motion to Stay Discovery has been served on Plaintiff's Liaison Counsel, Russ Herman at drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and Homebuilder Steering Committees' Liaison Counsel, Phillip A. Wittmann at pwittman@stonepigman.com, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States district Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 18TH day of May, 2010.

Respectfully submitted,

**THE BARTHET FIRM**
Attorneys for Gryphon Construction, LLC
200 South Biscayne Blvd., Suite 1800
Miami, Florida 33131
(305) 347-5290 phone
alex@barthet.com

[Original signed document on file with the Court]
/s/ Alexander E. Barthet

ALEXANDER E. BARTHET
Florida Bar No. 173126



30456821
E-SERVICE
Apr 7 2010
2:09PM

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

---

THIS DOCUMENT RELATES TO: Case No. 2:09cv07628-EEF-JCW

### DEFENDANT, GRYPHON CONSTRUCTION, LLC'S
### MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT FOR
### LACK OF PERSONAL JURISDICTION

GRYPHON CONSTRUCTION, LLC ("GRYPHON"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(2), and for the reasons set forth in the accompanying Memorandum of Law in support of this Motion and based on the authorities set forth therein, moves to dismiss this action against it for lack of personal jurisdiction.

WHEREFORE, Defendant, GRYPHON CONSTRUCTION, LLC, respectfully requests that the Court enter an Order granting its' Motion to Dismiss and dismissing the Plaintiffs' claims against GRYPHON CONSTRUCTION, LLC, and awarding such other and further relief as this Court deems just and proper under the circumstances.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiff's Liaison Counsel, Russ Herman at drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and Homebuilder Steering Committees' Liaison Counsel, Phillip A. Wittmann at pwittman@stonepigman.com, by US MAIL and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order

No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States district Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of April, 2010.

Respectfully submitted,

**THE BARTHET FIRM**
Attorneys for Gryphon Construction, LLC
200 South Biscayne Blvd., Suite 1800
Miami, Florida 33131
(305) 347-5290 phone
alex@barthet.com

[Original signed document on file with the Court]
/s/ Alexander E. Barthet

_____
ALEXANDER E. BARTHET
Florida Bar No. 173126

2



30456821

Apr 7 2010
2:09PM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL          MDL NO. 2047
PRODUCTS LIABILITY LITIGATION               SECTION: L

                                            JUDGE FALLON
                                            MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO: Case No. 2:09cv07628-EEF-JCW

## DEFENDANT, GRYPHON CONSTRUCTION, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION

GRYPHON CONSTRUCTION, LLC ("GRYPHON"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(2), files this Memorandum of Law in support of its' Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint for lack of personal jurisdiction over GRYPHON and states as follows:

1.      On February 9, 2010, Plaintiffs, SEAN AND BETH PAYTON, individually, and on behalf of all others similarly situated, filed an Omnibus Class Action Complaint (hereafter the "Complaint") against multiple Defendants, including GRYPHON.

2.      The Complaint sets forth claims by various Plaintiffs against various subclasses of defendants related to the manufacture, importation, sale, or installation of drywall manufactured in China (the "Chinese Drywall"). In particular, the Complaint demands judgment for damages and injunctive relief and asserts nine (9) causes of action against GRYPHON.

3.      The Complaint alleges that Gryphon is a member of the Builder/Developer Subclass (i.e., Subclass No. 192). *See* Complaint at ¶2627, p. 520; Schedule 3 at p. 736.

4.     The Complaint further alleges that GRYPHON is a Florida corporation with its principal place of business in Florida, and that GRYPHON built certain plaintiff Subclass Members' homes. *See* Complaint at ¶ 2265, p. 431.

5.     The Complaint identifies Marcelo Julian as a plaintiff Subclass Member who owns real property located in Aventura, Florida and who is participating as a class representative "as set forth in the schedules accompanying this complaint which are incorporated herein by reference." *See* Complaint at ¶ 700, p. 131. *See also* Complaint at Exhibit "A" p. 596.

6.     The Complaint specifically identifies Mr. Marcelo's real property in Aventura, Florida as the only property related to GRYPHON or which was built/developed by GRYPHON. *See* Complaint at Schedule "3," p. 767. The Complaint does not allege that GRYPHON built or developed any houses in Louisiana.

7.     GRYPHON has never transacted business in Louisiana, does not maintain an office or agent in Louisiana, does not own property in Louisiana, has not breached any contract or committed any tort in Louisiana, and has not otherwise conducted itself in any manner that would give rise to personal jurisdiction over GRYPHON by a court in Louisiana.

8.     This Court lacks personal jurisdiction over GRYPHON because Louisiana's long-arm statute, La. R.S. 13:3201, does not reach this nonresident Defendant and because the exercise of personal jurisdiction over this non-resident Defendant would violate the Due Process Clause of the United States Constitution.

9.     There is no basis for the exercise of personal jurisdiction over GRYPHON in Louisiana. Because there is no connection between GRYPHON and Louisiana to justify this Court's exercise of jurisdiction over GRYPHON under Louisiana's long-arm statute or

constitutional due process requirements, the Complaint must be dismissed for lack of personal jurisdiction as to GRYPHON.

10.   This case is one of a multitude of cases which have been consolidated into a Multi-District Litigation ("MDL") located in this Court.  Nevertheless, each case in the MDL maintains its individual standing and each defendant must be subject to the personal jurisdiction of the court in which the case is brought.  That is, because this case is pending in the Eastern District of Louisiana, the defendants (including GRYPHON) must be subject to the personal jurisdiction of this Court.  The case must be dismissed as to any defendant, such as GRYPHON, over which the Court does not have personal jurisdiction.  Class certification or attempted class certification does not obviate the need for personal jurisdiction or alter the jurisdictional analysis that the Court must conduct to assess whether a defendant is subject to personal jurisdiction in this Court.  *In re: Train Derailment Near Amite, Louisiana on October 12, 2002*, 2004 WL 224573 (E.D.La. 02/03/2004).

11.   Once personal jurisdiction over a defendant is challenged, it is the plaintffs' burden to show that personal jurisdiction may be properly exercised.  *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980).

12.   A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant only if two (2) requirements are satisfied: first, the forum state's long-arm statute confers personal jurisdiction; and second, the exercise of jurisdiction does not exceed the boundaries of constitutional due process. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).

13.     Louisiana's long arm statute, La. R.S. 13:3201(B), provides that a court "may exercise personal jurisdiction over a non-resident on any basis consistent with ... the Constitution of the United States." Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry becomes simply whether this Court's exercise of personal jurisdiction over GRYPHON would offend due process. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006); *see also Electrosource, Inc. v. Horizon Battery Technologies, Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999).

14.     The Due Process clause limits a Court's power to assert personal jurisdiction over a non-resident defendant. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1994). The necessary Due Process inquiry consists of two steps. First, the Court must establish whether the non-resident defendant (here, GRYPHON) has the requisite minimum contacts with the forum state (here, Louisiana). *See Luv N' Care*, 438 F.3d at 469 (citing *Int'l Shoe Co. V. Washington*, 326 U.S. 310 (1945)). Second, the Court must determine whether exercising personal jurisdiction over the non-resident defendant (*i.e.,* GRYPHON) would violate "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316.  As applied in this case, the Due Process inquiry demonstrates beyond peradventure that the Court lacks the power to assert personal jurisdiction over GRYPHON.

15.     The minimum contacts analysis can take two forms and the constitutional limits on the exercise of personal jurisdiction differs depending on whether the Court seeks to exercise general or specific jurisdiction over the non-resident defendant. *See e.g., World-wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286 (1980); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984).  In this case, because GRYPHON has no contacts with Louisiana,

4

the Court unequivocally lacks the power to exercise either general or specific jurisdiction over GRYPHON.

16.     The Court may exercise specific jurisdiction over a non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum." *Seiferth*, 472 F.3d at 271 (citing *Helicopteros Nacionales*, 466 U.S. at 414-15). The Fifth Circuit in *Seiferth* articulated the following three part analysis related to whether personal jurisdiction is properly exercised over a non-resident defendant: (1) whether the defendant has minimum contacts with the forum state so that it could be said that the defendant purposefully directed its' activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Seiferth*, 472 F.3d at 271 (citing *Burger King Corp. V. Rudzewicz*, 471 U.S. 462, 474 (1985); *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002).

17.     The first prong of this analysis requires that Plaintiffs establish that GRYPHON purposefully availed itself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's laws. *Jones v. Petty-Ray Geophysical*, 954 F.2d 1061, 1068 (5th Cir. 1992) (quoting *Hanson v. Denckla*, 357 U.S. 235 (1958)). This prong is the constitutional touchstone for the exercise of personal jurisdiction. *See Asahi Metal Indus. Co., Ltd. v. Superior Court of Calif., Solano County*, 480 U.S. 102, 108-09 (1987).

18.     Plaintiffs have not and cannot establish the first prong of this analysis. GRYPHON is not registered to do business in Louisiana. GRYPHON does not have any office or employees in Louisiana. GRYPHON does not own any property in Louisiana. Moreover, as reflected on the face of the Complaint, the only claim raised against GRYPHON does not relate

in any way whatsoever to Louisiana. In fact, Plaintiffs have affirmatively alleged Schedule 3 of the Complaint that GRYOHON built only one house and it was located in Florida, not Louisiana. As such, Plaintiffs have failed to establish that GRYPHON purposefully availed itself of the privilege of conducting business in Louisiana; and therefore, the Court cannot exercise specific jurisdiction over GRYPHON.

19.     To satisfy the second prong of the analysis, Plaintiffs' causes of action must arise out of or relate to GRYPHON's forum-related contacts. Plaintiffs, however, have not and cannot establish that any of the nine (9) causes of action asserted against GRYPHON arise out of or relate to any conduct in Louisiana. GRYPHON simply has no contact with Louisiana upon which to base personal jurisdiction.

20.     The underlying basis for this class-action lawsuit is allegedly defective Chinese Drywall used in the construction of certain residences. Yet, as reflected on the face of the Complaint, the only residence allegedly involving GRYPHON is not located in Louisiana. Moreover, GRYPHON is not registered to do business in Louisiana. GRYPHON does not have any offices or employees in Louisiana, nor does it own property in Louisiana. As GRYPHON has no contact whatsoever with Louisiana, none of the Plaintiffs' tort-based causes of action arise out of or relate to GRYPHON's forum-related contact, because such contacts are non-existent.

21.     Plaintiffs are also asserting several contract or contract-type claims against GRYPHON. In contract cases, the Fifth Circuit looks to contemplated future consequences of the agreement and the actual course of dealing between the contracting parties. *Dickson Marine, Inc. v. Panalina, Inc.,* 179 F.3d 331, 337 (5th Cir. 1999). However, the only listed class member alleged to relate to GRYPHON had nothing to do with Louisiana.

22.     Finally, the exercise of personal jurisdiction over a non-resident defendant must be fair and reasonable. Plaintiffs have not and cannot establish this third prong of the personal jurisdiction analysis because exercising personal jurisdiction over GRYPHON is anything but fair and reasonable. Under the reasonableness prong, the exercise of personal jurisdiction is only reasonable if it does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999).

23.     In concluding its' analysis, the Court must also consider the burden placed on GRYPHON, as a non-resident defendant, by requiring it to litigate in this forum. *See e.g., World-wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980). GRYPHON, in being hailed into a court located far from its place of business and where it has no minimum contacts, would be subjected to an undue and improper burden. In addition, most (if not all) of the critical witnesses, along with all of the physical evidence and related documents, necessary to proceed with the purported claims against GRYPHON are located in Florida. In light of the foregoing it would be unreasonable and unfair to force GRYPHON, to defend this matter in Louisiana.

24.     The sole focus of a general jurisdiction inquiry is whether there are continuous and systematic contacts between GRYPHON and Louisiana as would give rise to personal jurisdiction. *See Dickson Marine,* 179 F.3d at 339.  The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.

25.     In the absence of any contacts whatsoever with Louisiana, an exercise of general jurisdiction over GRYPHON would offend due process. On the facts of this case (*i.e.,* GRYPHON is a Florida corporation with its principal place of business in Florida; GRYPHON is not licensed or registered to do business in Louisiana, has no offices, employees, property, bank accounts, or other resources in Louisiana, has never worked on a residence in Louisiana, and has

not had any contracts or subcontracts with companies located in Louisiana.), it can not be said that GRYPHON has the "continuous and systematic" contacts required for general jurisdiction.

26.    For the foregoing reasons, adjudicating this dispute against GRYPHON in Louisiana would violate the minimum contacts required to fulfill due process and impede any notion of "fair play and substantial justice." As such, Plaintiffs' Complaint must be dismissed against GRYPHON for lack of personal jurisdiction.

WHEREFORE, Defendant, GRYPHON CONSTRUCTION, LLC, respectfully requests that the Court enter an Order granting the Motion, dismissing Plaintiffs' claims against it, and awarding GRYPHON such other and further relief as the Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiff's Liaison Counsel, Russ Herman at drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and Homebuilder Steering Committees' Liaison Counsel, Phillip A. Wittmann at pwittmann@stonepigman.com, by US MAIL and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States

8

district Court for the Eastern District of Louisiana by using the CM/ECF System, which will

send a notice of electronic filing in accordance with the procedures established in MDL 2047, on

this 7th day of April, 2010.

                                        Respectfully submitted,

                                        THE BARTHET FIRM
                                        Attorneys for Gryphon Construction, LLC
                                        200 South Biscayne Blvd., Suite 1800
                                        Miami, Florida 33131
                                        (305) 347-5290 phone
                                        alex@barthet.com

                                        [Original signed document on file with the Court]
                                        /s/ Alexander E. Barthet

                                        _____
                                        ALEXANDER E. BARTHET
                                        Florida Bar No. 173126