# KREBS, FARLEY & PELLETERI, P. L. L. C.

ATTORNEYS AT LAW
400 POYDRAS STREET
SUITE 2500
NEW ORLEANS, LA 70130

(504) 299-3570
Fax: (504) 299-3582
Website: kfplaw.com

*Please reply to this address*

e-mail: clong@kfplaw.com

DAVID J. KREBS [1,3]
MATT J. FARLEY [1]
MAURA Z. PELLETERI [1]
CHARLES B. LONG [1,4,5]
ELLIE B. WORD [2,7]
BRIAN A. DODD [6,8]

RICHARD E. BAUDOUIN [1]
AMY M. BERNADAS [1,3]
MARC L. DOMRES [1,6]
AMY S. MALISH [1]
ANDREA A. MITTLEIDER [1]
THOMAS H. PEYTON [1]
SARA C. PORSIA [1]
KRISTEN H. SCHORP [1]
SANDRA L. SUTAK [1]
ALEC M. TAYLOR [2,6]
RACHEL WALSH [1]

COUNSEL
DIANE L. MATTHEWS [1]
CHARLES A. NUNMAKER [1,3]
KRYSTIL B. LAWTON [1]

ADMITTED IN LOUISIANA - 1
ADMITTED IN MISSISSIPPI - 2
ADMITTED IN TEXAS - 3
ADMITTED IN D. C. - 4
ADMITTED IN MARYLAND - 5
ADMITTED IN ALABAMA - 6
ADMITTED IN TENNESSEE - 7
ADMITTED IN GEORGIA - 8

September 2, 2010

7020-0014

Via E-mail to andrew@lemmonlawfirm.com
Mr. Andrew A. Lemmon
Lemon Law Firm, LLC
15058 River Road
PO Box 904
Hahnville, LA 70057

In Re: Chinese-Manufactured Drywall
Products Liability Litigation
MDL No. 2047; Judge Fallon; Mag. Judge Wilkinson

Dear Mr. Lemmon,

To follow up with my office's conversation with your paralegal Tiffany, contrary to your letter August 30, 2010, Oyster Bay Homes provided responses on May 17, 2010. Please see Lexis File and Serve document 31147190. I have also attached copies of the responses for your records as well.

Very truly yours,

Charles B. Long

CBL/gg
Enclosure

cc: Thomas H. Peyton

Alabama Office: 1950 Stonegate Dr., Suite 225, Birmingham, AL 35242   Telephone: (205) 968-4009
Mississippi Office: 188 E. Capitol Street, Suite 900, Jackson, MS 39201   Telephone: (601) 968-6710

EXHIBIT
00



May 17 2010
2:30PM

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE -MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| THIS DOCUMENT RELATES TO ALL CASES | * * * * * | JUDGE FALLON |
| | * | MAGISTRATE WILKINSON |

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, comes defendant, Oyster Bay Homes, Inc. ("Oyster Bay"), and responds to the Request for Production propounded by Plaintiffs as follows:

## OBJECTION

By responding to Plaintiffs' Request for Production, Oyster Bay does not waive any rights or defenses or submit to the jurisdiction of this Court.

## GENERAL OBJECTIONS

The following general objections are incorporated in each of Oyster Bay's responses:

1. (Scope objection): Oyster Bay does not accept the definitions and instructions purportedly imposed on it by the Plaintiffs' Discovery Requests but will respond to these requests in a manner consistent with the Federal Rules of Civil Procedure.

2. (Claims and Defenses Objection): Oyster Bay objects to the Plaintiffs' Discovery Requests as they fail to restrict the inquiry to non-privileged matters that are relevant to the claims or defenses of the parties, and to respond would subject Oyster Bay to harassment, undue delay, burden or expense.

3. (Relevance Objection): Oyster Bay objects to the Plaintiffs' Discovery Requests to the extent that they seek information or documents that are not relevant to an issue in dispute in this matter. The Federal Rules of Civil Procedure provides that discovery may be obtained if relevant to the issues in the litigation. Discovery requests relating to non-relevant information or documents are not reasonably calculated to lead to the discovery of admissible evidence, and to respond would subject Oyster Bay to annoyance, harassment, oppression, undue delay, burden or expense. By answering any discovery, Oyster Bay does not concede the relevance thereof to the claim or defense of any party to this litigation.

4. (Overbreadth Objection): Oyster Bay objects to the Plaintiffs' Discovery Requests to the extent that they are overbroad, vague, ambiguous, unduly burdensome and harassing, and to respond would subject Oyster Bay to harassment, undue delay, burden or expense.

5. (Time Objection): Oyster Bay objects to the Plaintiffs' Discovery Requests to the extent they are without temporal limitations to the issues in dispute in this matter. This also includes objections on the grounds that such information, documentation and materials are irrelevant, immaterial, overbroad, unduly burdensome, harassing and likely to require Oyster Bay to incur unnecessary and needless expense.

6. (Privilege Objection): Oyster Bay objects to the Plaintiffs' Discovery Requests to the extent that they seek information and/or documents subject to the attorney-client privilege or work product protection. The Plaintiffs have requested information about or the production of certain documents and other materials which may, in part, constitute or contain confidential communications between Oyster Bay and its lawyers, which communications were not intended to be disclosed to third persons other than those to whom disclosure was in furtherance of the rendition of legal services to Oyster Bay or those to whom disclosure was reasonably necessary for the transmission of the communication. Any production of documents or disclosure of information protected by the attorney-client privilege or the work production doctrine is inadvertent and shall not constitute a waiver of any claim of privilege or other protection.

7. (Unreasonable Inquiry Objection): Oyster Bay objects to the Plaintiffs' Discovery Requests as overbroad and unduly burdensome to the extent they purport to require Oyster Bay to perform any unreasonable additional search or inquiry for documents

or information. Oyster Bay will undertake (a) a reasonable and thorough search for documents or information maintained in its possession, custody or control in locations where documents or information responsive to the Discovery Requests is most likely to be found; and (b) a reasonable and thorough inquiry of those persons currently employed by Oyster Bay who are most likely to have knowledge of documents or information response to the Discovery Requests.

8. (Inconvenience): Oyster Bay objects to the Plaintiffs' Discovery Requests to the extent that the documents or information sought therein can be obtained from the public records and/or from other sources that are more convenient, less burdensome, or less expensive.

9. (Possession): Oyster Bay objects to the Plaintiffs' Discovery Requests to the extent they purport to require searches of files and documents in the care, custody, and/or possession of third parties.

10. Oyster Bay reserves the right to supplement all responses.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.1:

All policies of insurance which you believe should provide insurance coverage for the claims made against you in this litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Oyster Bay incorporates as if fully forth herein General Objections No. 1, 2, 3, 4, 5, 6, 8, and 10 as to Scope, Claims and Defenses, Relevance, Overbreadth, Time, Privilege,

Unreasonable Inquiry, and Possession. Oyster Bay objects to Request No. 1 as the phrase and policies of insurance "all" is overly broad and/or undefined. Oyster Bay further objects to Request No. 1 as it seeks information neither relevant to the claims and defenses at issue nor information reasonably calculated to lead to the discovery of admissible evidence. Oyster Bay further objects to Request No. 1 to the extent that it is overbroad, vague, ambiguous, unduly burdensome and harassing, and to respond would subject Oyster Bay to harassment, undue delay, burden or expense. Oyster Bay further objects to Request No. 1 to the extent it is without temporal limitations to the issues in dispute in this matter. Oyster Bay further objects to Request No. 1 to the extent it seeks privileged and/or work product materials. Oyster Bay further objects to Request No. 1 as overbroad and unduly burdensome to the extent it purports to require Oyster Bay to perform an unreasonable additional search or inquiry for documents or information. Oyster Bay further objects to the Request No. 1 to the extent that the documents or information sought therein can be obtained from the public records and/or from other sources that are more convenient, less burdensome, or less expensive. Oyster Bay further objects to Request No. 1 to the extent it purports to require searches of files and documents in the care, custody, and/or possession of third parties.

Oyster Bay objects to request No. 1 as it calls for the formulation of a legal opinion.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

Any and all policies of insurance, issued to you or which you claim provide coverage in effect from 2005 through the present; including, but not limited to, any and all C.G.L., excess and/or umbrella policies and state the following: policy holder, policy limits, policy

terms, policy period, policy provider/insurance carrier, agent or underwriter that provided and/or sold the policy in effect or any and al policies of insurance in full force and effect from 2005 through the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Oyster Bay incorporates as if fully forth herein General Objections No. 1, 2, 3, 4, 6, 7, and 9 as to Scope, Claims and Defenses, Relevance, Overbreadth, Time, Privilege, Unreasonable Inquiry, and Possession. Oyster Bay objects to Request No. 2 as the phrase "any all policies of insurance" are overly broad. Oyster Bay further objects to Request No. 2 as it seeks information neither relevant to the claims and defenses at issue nor information reasonably calculated to lead to the discovery of admissible evidence. Oyster Bay further objects to the Request No. 2 to the extent that it is overbroad, vague, ambiguous, unduly burdensome and harassing, and to respond would subject Oyster Bay to harassment, undue delay, burden or expense. Oyster Bay further objects to Request No. 2 to the extent it seeks privileged and/or work product materials. Oyster Bay further objects to Request No. 2 as overbroad and unduly burdensome to the extent it purports to require Oyster Bay to perform an unreasonable additional search or inquiry for documents or information. Oyster Bay further objects to Request No. 2 to the extent that the documents or information sought therein can be obtained from the public records and/or from other sources that are more convenient, less burdensome, or less expensive. Oyster Bay further objects to the Request No. 2 to the extent it purports to require searches of files and documents in the care, custody, and/or possession of third parties. Finally, Oyster Bay objects to this request as it calls for

the formulation of a legal opinion.

Subject to the foregoing objections, see the attached bates labeled policies of insurance issued to Oyster Bay. As discovery in this matter has just commenced, Oyster Bay reserves the right to supplement this request as discovery progresses.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

Public Management Liability policies for directors of the corporation, if any.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Oyster Bay incorporates as if fully forth herein General Objections No. 1, 2, 3, 5, 6, 7, and 9 as to Scope, Claims and Defenses, Relevance, Time, Privilege, Unreasonable Inquiry, and Possession. Oyster Bay objects to Request No. 3 as the phrase "Public Management Liability Policies" as vague, ambiguous, and undefined. Oyster Bay further objects to Request No. 3 as it seeks information neither relevant to the claims and defenses at issue nor information reasonably calculated to lead to the discovery of admissible evidence. Oyster Bay further objects to Request No. 3 to the extent it is without temporal limitations to the issues in dispute in this matter. Oyster Bay further objects to Request No. 3 to the extent it seeks privileged and/or work product materials. Oyster Bay further objects to Request No. 3 as overbroad and unduly burdensome to the extent it purports to require Oyster Bay to perform an unreasonable additional search or inquiry for documents or information. Oyster Bay further objects to Request No. 3 to the extent that the documents or information sought therein can be obtained from the public records and/or from other sources that are more convenient, less burdensome, or less expensive. Oyster Bay further

objects to the Request No. 3 to the extent they purport to require searches of files and documents in the care, custody, and/or possession of third parties.

Subject to the foregoing objections, Oyster Bay is currently searching for responsive documents and will supplement this request if and when additional documents are located. Further answering, Oyster Bay currently has no responsive documents to this request.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

Primary Policies from 2005 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

See Response to Request No. 3.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

Errors and Omissions policies, from 2005 to the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

See Response to Request No. 3.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

Any and all claims made by you to your insurers related to the subject matter of the instant litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Oyster Bay incorporates as if fully forth herein General Objections No. 1, 2, 3, 4, 5, 6, 7, and 9 as to Scope, Claims and Defenses, Overbreadth, Time, Privilege, Unreasonable Inquiry, and Possession. Oyster Bay objects to Request No. 6 as the phrase "any and all claims" is overly broad and/or undefined. Oyster Bay further objects to Request No. 6 as it

8

seeks information neither relevant to the claims and defenses at issue nor information reasonably calculated to lead to the discovery of admissible evidence. Oyster Bay objects to Request No. 6 to the extent that it is overbroad, vague, ambiguous, unduly burdensome and harassing, and to respond would subject Oyster Bay to harassment, undue delay, burden or expense. Oyster Bay objects to Request No. 6 to the extent it is without temporal limitations to the issues in dispute in this matter. Oyster Bay further objects to Request No. 6 to the extent it seeks privileged and/or work product materials. Oyster Bay further objects to Request No. 6 as overbroad and unduly burdensome to the extent it purports to require Oyster Bay to perform an unreasonable additional search or inquiry for documents or information. Oyster Bay further objects to the Request No. 6 to the extent it purports to require searches of files and documents in the care, custody, and/or possession of third parties.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

Any and all correspondence between you and insurance brokers and/or agents relative to claims made related to the subject matter of the instant litigation; including, but not limited to coverage, scope of coverage, demand for defense, demand for indemnification, reservation(s) of rights, and denial(s) of any potential coverage.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Oyster Bay incorporates as if fully forth herein General Objections No. 1, 2, 3, 4, 6, 7, 8, and 9 as to Scope, Claims and Defenses, Overbreadth, Time, Privilege, Unreasonable Inquiry, and Possession. Oyster Bay objects to Request No. 7 as the phrase "any and all

correspondence" is overly broad. Oyster Bay further objects to Request No. 7 as it seeks information neither relevant to the claims and defenses at issue nor information reasonably calculated to lead to the discovery of admissible evidence. Oyster Bay further objects to Request No. 7 to the extent that it is overbroad, vague, ambiguous, unduly burdensome and harassing, and to respond would subject Oyster Bay to harassment, undue delay, burden or expense. Oyster Bay further objects to Request No. 7 to the extent it is without temporal limitations to the issues in dispute in this matter. Oyster Bay further objects to Request No. 7 as overbroad and unduly burdensome to the extent it purports to require Oyster Bay to perform an unreasonable additional search or inquiry for documents or information. Oyster Bay further objects to Request No. 7 to the extent that the documents or information sought therein can be obtained from the public records and/or from other sources that are more convenient, less burdensome, or less expensive. Oyster Bay further objects to the Request No. 7 to the extent they purport to require searches of files and documents in the care, custody, and/or possession of third parties. Oyster Bay further objects to Request No. 7 to the extent it seeks privileged and/or work product materials.

Subject to the foregoing objections, Oyster Bay will produce for inspection and copying, at a mutually convenient time and place, all non-privileged, responsive documents.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

Any and all correspondence/information regarding investigations conducted by insurers pursuant to the insured's request for coverage.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Oyster Bay objects to Request No. 7 as the phrase "investigations" is undefined, and therefore ambiguous and vague. Also, see objections and Response to Request No. 7.

KREBS, FARLEY & PELLETERI, P.L.L.C.

/s/ Charles B. Long

CHARLES B. LONG (#22824)
THOMAS H. PEYTON (#32635)
400 Poydras Street, Suite 2500
New Orleans, Louisiana   70130
Telephone:   504-299-3570
Facsimile:    504-299-3582
E-mail:       clong@kfplaw.com
E-mail:       tpeyton@kfplaw.com
ATTORNEYS FOR
OYSTER BAY HOMES, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of May, 2010, this pleading and any responsive documents have been served on Plaintiffs' counsel Hugh P. Lambert, 701 Magazine Street, New Orleans, LA 70130 by hand-delivery; the pleading only is being served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

/s/ Charles B. Long

CHARLES B. LONG

11