UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL  PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL NO. 2047  SECTION: L  JUDGE FALLON MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO ALL CASES

**THE PLAINTIFFS' STEERING COMMITTEE'S
MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
ATTORNEY-CLIENT PRIVILEGE CLAIMS OF VARIOUS KNAUF ENTITIES**

MAY IT PLEASE THE COURT:

**I.     INTRODUCTION**

The party asserting a privilege over a document has the burden of proving that the document is privileged. Furthermore, the party asserting the privilege must articulate the basis for the privilege in sufficient detail so that an evaluation can be made regarding the efficacy of the privilege. Inadequate descriptions are recurring problems with Knauf's privilege logs. Knauf's inadequate descriptions prevent a proper analysis of their privilege claims. In addition, there are a variety of additional deficiencies with Knauf's privilege logs which also prove that the privilege is not warranted. As such, the resolution of certain legal questions may make the inadequate description issue moot. This brief describes the nature of the inadequate descriptions, identifies specific legal questions which may narrow the scope of the dispute at bar and presents a practical framework within which to address this issue.

Knauf has the burden of justifying each claim of privilege. It is Knauf's responsibility to make the privilege apparent on its privilege log and to provide a detailed description of the documents being withheld. However, in multiple instances, Knauf has failed to: a) provide sufficient descriptions, b) list authors and/or recipients, c) show that any legal advice was given or

requested, and/or d) show why the privilege would apply to documents sent between various Knauf companies.

## II. LAW AND ARGUMENT

### A. Knauf Bears the Burden of Establishing Any Right to Withhold Documents from the Truth Finding Process

The basic rule of discovery is that all relevant documents must be disclosed unless they are protected by the attorney-client (or other) privilege. The attorney-client privilege protects only communications made in confidence for the purpose of obtaining legal advice from a lawyer. *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982); *New Orleans Saints v. Griesedieck*, 612 F. Supp. 59, 62-63 (E.D. La. 1985).[1] Privileges are narrowly construed because their assertion results in the suppression of relevant evidence. *United States v. Pipkins*, 528 F.2d 559, 563 (5th Cir. 1976) (Privilege should be "strictly confined within the narrowest possible limits consistent with the logic of its principle" because it "stands in derogation of the public's 'right to everyman's evidence' and as 'an obstacle to the investigation of the truth.'") (citations omitted).

"The burden of demonstrating the applicability of the privilege rests on the party who invokes it." *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985). The privilege must be "specifically asserted with respect to particular documents" and cannot be "tossed as a blanket over an undifferentiated group of documents." *El Paso Co.*, 682 F.2d at 539 (citing *United States v. Davis*, 636 F.2d 1028, 1044 n. 20 (5th Cir.), *cert. denied*, 454 U.S. 862 (1981)); *see*

---

[1] The privilege applies only if:

(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [a] member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975) (adopting the much-quoted formulation of *United States v. United Shoe Mach. Corp.*, 89 F. Supp. 357, 358-359 (D. Mass. 1950)).

*also In re Shell Refinery*, 812 F. Supp. 658, 661 (E.D. La. 1993) ("The asserting party must adequately substantiate the claim of privilege; a party cannot rely on a blanket assertion of privilege.").

      B.    **<u>Knauf Has Waived Any Claim of Privilege Over Its Privilege Log Entries That Fail to Sufficiently Describe the Subject Matter of the Communication.</u>**

Rule 26(b)(5) of the Federal Rules of Civil Procedure requires that, when a party withholds otherwise discoverable information under claims of privilege, the party shall "describe the nature of the documents. . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." *See also* Rule 26(b)(5), advisory committee notes, 1993 amendments ("The party must also provide sufficient information to enable other parties to evaluate the applicability of the claim privilege or protection."). Consistent with this rule, Paragraph 1(f) of PTO #15 requires that the Producing Party must include on its privilege log "a description of the withheld document, communication or tangible thing in a manner that, without revealing information claimed privileged or protected, will enable a party to assess the validity or efficacy of the privilege claim."

To meet the burden imposed by Rule 26(b)(5), courts require that a privilege log must provide <u>specific</u> information about the subject matter of the withheld documents. Simple descriptions like "attorney report," "client inquiry," "payment" and "attorney communication," are not sufficient to support a claim of privilege. *Felham Enterprises (Cayman) Ltd v. Certain Underwriters of Lloyd's* 2004 WL 2360159, at *3 (E.D. La. October 19, 2004). In *In re Papst Licensing*, 2001 WL 1135268, at * 2 (E.D. La. Sept. 19, 2001), the court found that a privilege log must be produced in the "manner described by Professor Rice in 2 P. Rice, *Attorney-Client Privilege in the United States* § 11.8." The subject matter descriptions contained in Professor Rice's sample privilege log are as follows:

- Results of review with regulatory counsel (J. Werner) of steps to be taken in opposing ATT Local Distribution Facilities Tariff;

- Legal memo discussing WUI's claim that WU violates "International Formula" in handling unrouted overseas messages.

2 P. Rice, § 11.8 at , p. 75.[2]

The entries in Knauf's privilege logs do not contain this level of specificity. Knauf has failed to provide a sufficient description of the document's specific subject matter. Instead, Knauf provides overly broad descriptions of the document's content which do not allow one to assess the applicability of the privilege. Examples of deficient descriptions from the various Knauf entities' privilege logs include:

a) "Confidential communication from client to counsel related to drywall issues."[3]

b) "Confidential communication from client to counsel regarding a business dispute against PT Knauf Gypsum Indonesia."[4]

c) "Confidential communication between client representatives in relation to Chinese-manufactured drywall products at request of counsel."[5]

While these privilege log entries may have more than a few words, they are woefully deficient. Moreover, these entries are vague to the point that they do not allow the PSC or the Court to assess the applicability of the privilege. Descriptions such as these violate Fed. R. Civ. P. 26(b)(5) as well as Paragraph 1(f) of PTO #15.

In these circumstances, a proper remedy is to find that Knauf has waived any claim of privilege. *Stempler v. Collect America, Ltd.*, 2000 WL 288377, at *2 (E.D. La. March 14, 2000) ("If the privilege log is not specific enough, the Court may find that Dendy has waived all claims of privilege."); *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (waiver

---

[2] Ample case authority supports the principle that specificity – not generality – is required in Merck's privilege logs. *See Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993) ("[V]ery skeletal description of 'subject'" such as "proxy statement" do not meet the proponent's burden of establishing privilege); *Allendate Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992) ("[D]escriptions such as 'letter re claim,' 'analysis of claim,' or 'report in anticipation of litigation' – with which we have grown all too familiar – will be insufficient."); *Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 643 (S.D.N.Y. 1991) (description such as "legal analysis," "legal opinion," "legal strategy," "legal recommendation," or legal advice," were "paltry and self-serving" and unacceptable proof of privilege.").
[3] Exhibit "A" at p. 4. (KPT-PRIV0000012)
[4] Exhibit "B" at p. 6.(WUHU-PRIV0000080)
[5] Exhibit "A" at p. 5. (KPT-PRIV0000090)

found where the privilege log contained only "cursory descriptions" of the contents of the documents withheld from production); *Willemijn v. Apollo Computer*, 707 F. Supp. 1429, 1443 (D. Del. 1989) (ordering production solely on grounds documents were inadequately described on privilege log). Knauf has waived the privilege for any and all of its privilege log entries which do not sufficiently describe the document to "enable a party to assess the validity or efficacy of the privilege claim." These privilege claims should be stricken and the documents should be produced to the PSC. Alternatively, the PSC requests that Knauf submit these documents to the Court for review pursuant to Paragraph 3 of PTO #15.

### C. Many of Knauf's Privilege Claims Are Significantly Deficient Such That The Attorney-Client Privilege Cannot Be Applicable.

The privilege logs of the various Knauf entities show a pattern of deficiencies which preclude applicability of the attorney-client privilege. Plaintiffs have categorized the deficiencies with Knauf's privilege logs in order provide a reasonable and efficient method for addressing the privilege log issues. These categories include:

(1) Entries where no author and/or no recipient are listed;

(2) Entries that do not reveal that any legal advice was given or requested; and

(3) Entries where a third-party is an author or listed as receiving a copy.

Plaintiffs respectfully request that the Court find these categories of claims not privileged and order production of all documents falling within these categories.

#### 1. Multiple entries from the Knauf Defendants' Privilege Logs fail to list authors and/or recipients.

The name and title of both the persons sending and receiving a particular document are critical to two elements of the attorney-client privilege." P. Rice, *Attorney-Client Privilege in the United States* § 11.6, p. 56 (2d ed. 1999). The "identity of individuals" involved in allegedly privileged communications is information that "must be disclosed in order to factually prove the

elements of the privilege." *Id.*, § 11:6, pp. 46-47.  No claim of privilege can be maintained for the category of documents where Knauf has failed to identify the author and/or recipient.  *Freeport-McMoran Sulphur L.L.C. v. Millen Energy Equip. Res.*, 2004 WL 1299042, at *11 (E.D. La. 2004) ("[T]here is no way for the Court to know who prepared the draft insert, for whom it was prepared, and whether it was prepared for the purpose of seeking or rendering legal advice.  Freeport has failed to establish that a privilege applies here."), *reconsideration denied*, 2004 WL 1488665 (June 30, 2004); *see also Smiley v. City of Philadelphia*, 1995 WL 639799 (E.D. Pa. 1995) ("[F]or each document asserted to be protected" the privilege proponent "must provide both the plaintiff and the Court with the date of the document, the name of its author, the name of its recipient, the names of all people given copies of the document . . ..  Absent such a designation, a party may not rely upon the privilege [].").

KPT's and WUHU's supplemental privilege logs, in multiple instances, identify no author or no recipient.[6]  Rather than provide the names of the individuals involved, Knauf either states "N/A" or "Recipient Identification Intentionally Omitted."[7]  By definition, these deficient entries cannot satisfy the burden of proving that an attorney-client privilege exists.  An example Knauf (KPT) Attorney-Client Privilege Log claim which fails to provide a necessary identity is listed, in pertinent part, as follows:

| Bates Number | From | Recipient | Description of Document | Ground Alleged |
|---|---|---|---|---|
| KPT-PRIV738-KPT-PRIV740 | Douglas B. Sanders | (Recipient Identification Intentionally Omitted) | Confidential Communication Relating to Chinese drywall withheld at request of third party pursuant to confidentiality agreement. | Confidentiality Agreement |

---

[6] *See* Exhibit "A" at pp. 10 & 11 (Examples from KPT's First Supplemental Privilege Log include KPT-PRIV: 672-678, 679, 680-691, 692-697, 698-703, 704-717, 718-725, 726-737, 738-740, 741-748, 749, 750-751 & 752-758); *See* also Exhibit "B" at pp. 12, 14 & 17 - 19 (Examples from Wuhu's First Supplemental Privilege Log include WUHU-PRIV: 544, 626, 627, 628, 629, 630, 673-686, 696, 704, 724-725).

[7] *Id.*

Knauf cannot carry its burden of proving the existence of an attorney-client privilege where it fails or refuses to identify authors or recipients.[8] Any such privilege claims should be stricken as a matter of law. Further, in several instances, Knauf has listed "Confidentiality Agreement" as the sole basis for its claim of attorney-client privilege.[9] At best Knauf did this by accident, at worst Knauf did this in order to avoid actually producing the documents pursuant to PTO #16 (Confidentiality Order). Either way, Knauf should not be allowed to hide "confidential" documents under the cloak of a privilege log, and the PSC requests this Court to strike these "privilege" claims and order that these documents be produced.

### 2. Multiple entries do not reveal that any legal advice was given or requested.

Even if a document is to or from an attorney, it is not protected by the attorney-client privilege unless the document is related to seeking or conveying legal advice. *In re Central Gulf Lines*, 2000 WL 1793395, *1-2 (E.D. La. Dec. 4, 2000) (citing *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 403 (8th Cir. 1987)). "[T]he mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean that the communication is necessarily privileged." *Phelps Dodge Refining Corp.*, 852 F. Supp. at 160. Documents that do not contain any "confidential [attorney-]client communications or legal advice" are simply not privileged regardless of whether sent to or from an attorney. *Id.* at 163.

Many of Knauf's privilege log entries fail to establish that the documents actually reflected or sought legal advice. An example of these types of deficient attorney-client privilege log claims is listed, in pertinent part, as follows:

| Bates Number | From | Recipient | Description of Document | Ground Alleged |
|---|---|---|---|---|
| WUHU-PRIV22 Client | David N. Gregory | mhutagalung@yahoo.com | Confidential Communication between client representatives regarding a business dispute against PT Knauf Gypsum Indonesia | Attorney-Work Product |

---

[8] 2 P. Rice, *Attorney-Client Privilege in the United States* § 11.6, pp. 46 - 47.
[9] *See* KPT-PRIV: 672-678, 679, 680-691, 692-697, 698-703, 704-717, 718-725, 726-737, 738-740, 741-748, 749, 750-751 & 752-758.

Knauf cannot carry its burden of proving the existence of an attorney-client privilege where its does not show that the underlying document contains information relating to seeking or conveying legal advice. The attorney-client privilege is not applicable in any such instances. Additionally, other deficiencies exist (e.g., lack of recipient identity, inadequate description of document and no attorney identified) in the above and similar privilege log entries which also preclude a finding of privilege.

### 3. Multiple entries list a third-party as an author or recipient.

No attorney-client privilege arises unless the attorney and client intended the communication to be <u>in confidence</u>. "The assertor of the lawyer-client privilege must prove [among other requirements] . . . that he made a *confidential* communication." *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997) (emphasis in original). The presence of others in addition to the attorney and client when the communication occurs precludes any privilege. *New Orleans Saints v. Griesedieck*, 612 F. Supp. 59, 63 (E. D. La. 1985), *aff'd*, 790 F.2d 1249 (5th Cir. 1986). Documents from one non-attorney to another hardly reflect this confidentiality requirement. Moreover, any potential privilege is waived if the communication is also and/or subsequently disclosed to others. *New Orleans Saints*, 612 F. Supp. at 63 (E. D. La. 1985); *United States Postal Service v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 162 (E.D.N.Y. 1994) ("[T]he fact the document is sent to a third party ordinarily removes the cloak of confidentiality necessary for protection under the attorney-client privilege.").

Multiple entries from each Privilege Log of KPT and Wuhu list documents to/from persons employed by other Knauf entities who could be considered as third parties. An example of these types of deficient Privilege Log claims is listed, in pertinent part, as follows:

| Bates Number | From | Recipient | Description of Document | Ground Alleged |
|---|---|---|---|---|
| KPT-PRIV55 | Tony Robson | Barry Topple; Jeff Brisley; Bob Britton; Cyrile Fournier; Mark Norris; David Gregory; Frederick Knauf; Paul Manfred; cc to Baldwin Knauf; Joerg Shanow | Confidential Communication between client representatives including in-house counsel regarding the rendition of legal advice on shipping issues | Attorney-Client Work Product |

The author and recipients listed in the above privilege log entry work for several different Knauf companies.[10] Knauf is apparently claiming that communications to and from individuals employed by various Knauf entities amounts to communications within the company. This begs the following questions:

1)   If KPT was the only Knauf entity responsible for the export of Chinese drywall to the U.S., as Knauf claims, then why are individuals from Knauf Insulation, Knauf Insulation GmbH (Knauf's U.S. company), Knauf Drywall and/or Knauf Gips KG continuously listed in KPT's privilege log entries regarding Chinese drywall shipments to the U.S.?

2)   If each of the Knauf Group of companies are truly separate/distinct entities, as Knauf claims, then why would correspondence between individuals from these different entities be subject to the attorney-client privilege?

The PSC happily acknowledges that these type of KPT and Wuhu privilege log entries[11] (involving individuals from many different Knauf companies) are entirely consistent with the PSC's positions that: a) Knauf was acting as one entity with respect to the shipment of Chinese drywall to the U.S., and/or b) many different Knauf companies (including Knauf's U.S. company) were responsible for the shipment of Chinese drywall into the U.S. Nonetheless, this inconsistency presents a "can't have it both ways" scenario for Knauf in the context of personal jurisdiction versus maintenance of attorney-client privilege claims.

It is impossible for Knauf to claim no overall responsibility for the Chinese drywall and/or that it is made up of truly "separate" companies while its "separate" companies submit privilege claims for Chinese drywall related correspondence between them. Third parties being included in these communications precludes any finding of privilege.[12] Either the different Knauf entities are

---

[10] Tony Robson (Knauf Insulation), Barry Topple (Knauf Drywall), Jeff Brisley (Knauf Insulation GmbH), Bob Britton (Knauf Insulation GmbH), Cyrile Fournier (KPT), Mark Norris (KPT), David Gregory (KPT), Frederick Knauf, Paul Manfred (Knauf Gips KG) andJoerg Shanow (Knauf Gips KG).

[11] *See* Exhibit "D" - Listing of the 60 entries on the KPT First Supplemental Privilege Log (Exhibit "A") and 38 entries on the Wuhu First Supplemental Privilege Log (Exhibit "B") which fall under this category.

[12] *New Orleans Saints v. Griesedieck*, 612 F. Supp. 59, 63 (E. D. La. 1985), *aff'd*, 790 F.2d 1249 (5th Cir. 1986).

truly separate companies (where the privilege claims would fail while still subjecting some of the Knauf entities to jurisdiction in the U.S.) or they are one big company (supporting the privilege claims, but subjecting the entire "Knauf Group" to jurisdiction in the U.S.).

### III.	KNAUF GIPS KG'S VIOLATION OF PTO #15

Attorney-client privilege claims as well as the procedures to be followed regarding same are controlled in this matter by PTO #15, which "govern[s] the treatment of all privileged or work product materials in MDL 2047."[13] Paragraph 1 of PTO #15 requires that "[t]he Producing Party shall produce a privilege log within seven (7) days after the production of documents for which the privilege is asserted to apply." This timing requirement is particularly important due to the fast pace of the litigation.

The PSC has already been significantly prejudiced by Knauf's continued practice of producing "new documents" immediately before or after the depositions of key Knauf witnesses. For example, Knauf Gips KG produced fourteen (14) sets of documents (consisting of 43,000+ pages of documents) subsequent to the deposition of Oliver Froehlich.[14] Knauf's last-minute and/or after-the-fact document productions have proven to be a routine occurrence.[15] Thus, the PSC cannot afford to have delay tactics used in the privilege process as well.

To date, the PSC has only received one privilege log, on May 26, 2010, from Knauf Gips KG.[16] In fact, Knauf Gips KG's privilege log lists only one claim of privilege over a one page document.[17] Since May 26, 2010, Knauf Gips KG has made eighteen (18) different document

---

[13] *See* PTO #15 at p. 1.

[14] Knauf Gips KG document production numbers 7 - 20 (Bates Nos. KNAUFGIPS 0001297 - 0044145) all occurred after the 9/21/10 deposition of Oliver Froehlich.

[15] Knauf Gips has also made twelve (12) document productions subsequent to the depositions of Hans Hummell and Martin Stuermer, and several document productions subsequent to the depositions of Isabel Knauf, Tony Robson and Manfred Grundke. Additionally, Knauf Insulation made two (2) document productions within a week of the corporate deposition of Knauf Insulation, and made four (4) additional document productions subsequent thereto.

[16] *See* Exhibit "C"

[17] *Id.*

-10-

productions consisting of 43,897 pages of documents.  However, Knauf Gips KG has still yet to produce any privilege logs relative to these productions.[18]  This is in direct violation of Paragraph 1 of PTO #15, which requires a privilege log to be submitted seven (7) days after the production is made.  Considering the continuous delay tactics used by Knauf Gips KG and the repeated prejudices suffered by plaintiffs regarding same, the PSC requests an order that any such documents which Knauf Gips KG possesses relating to these productions that otherwise would have been privileged should be immediately produced to the PSC.

## **Conclusion**

There exist multiple deficiencies with respect to the various Knauf entities' attorney-client privilege claims.  These deficiencies include: a) lack of an adequate description, b) failure or refusal to identify authors or recipients, c) failure to indicate whether legal advice is being sought or rendered, d) claiming attorney-client privilege over documents sent between different companies and/or third parties, and e) failure to submit a privilege log (Knauf Gips KG).  Between them, these deficiencies transcend all Knauf privilege claims.  As such, the PSC requests that this Court strike all of the Knauf defendants' privilege claims and order that Knauf make immediate production to the PSC of the underlying documents.  Alternatively, pursuant to Paragraph 3 of PTO #15, the Court

---

[18] Knauf Gips KG may claim that it does not have any attorney-client privilege claims to make relative to these eighteen (18) subsequent document productions.  However, the PSC points out that for more than half a year now, KPT and Wuhu have had many responsive documents to/from Knauf Gips KG listed on their privilege logs.

should order that the Knauf defendants "submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege."

Respectfully submitted,

Dated: January 6ᵀᴴ, 2011

/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin, Esquire
Fred S. Longer, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle
Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931   hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181   bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

| | |
|---|---|
| Christopher Seeger<br>Seeger Weiss, LLP<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com | Scott Wm. Weinstein<br>Morgan & Morgan<br>12800 University Drive, Suite 600<br>Ft. Meyers, FL 33907<br>Phone: (239) 433-6880<br>Fax: (239) 433-6836   sweinstein@forthepeople.com |

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W,<br>Suite  650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201<br>rlewis@hausfeldllp.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com |
| Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 6th day of January, 2011.

/s/ Leonard A. Davis                         
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhkc.com

W:\! DRYWALL\27687 MDL\Pld\Motions to Strike\Knauf Privilege Claims\Memo in Support of Mtn to Strike Knauf Privilege Claims.wpd

-14-