UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| | JUDGE FALLON MAG. JUDGE WILKINSON |

_____

THIS DOCUMENT RELATES TO: ALL CASES

**GRYPHON CONSTRUCTION, LLC'S OBJECTION AND RESPONSE TO PLAINTIFFS' NOTICE OF RECORDS DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 34**

GRYPHON CONSTRUCTION, LLC ("Gryphon"), pursuant to the applicable Federal Rules of Civil Procedure, by and through undersigned counsel, hereby objects and responds to Plaintiffs' Notice of Records Deposition Pursuant to Federal Rule of Civil Procedure 34 as follows:

1. On or about December 8, 2010 Plaintiffs filed and served their Notice of Records Deposition Pursuant to Federal Rule of Civil Procedure 34 (the "Rule 34 Notice") on Gryphon. Therein Plaintiffs directed Gryphon to produce certain insurance related documents in Louisiana within thirty (30) days (*i.e.,* on or before January 7, 2011).

2. Gryphon objects to producing the requested documents for the reasons set forth below.

3. Gryphon has filed Motions to Dismiss as to the three Omnibus Class Action Complaints with which it has been served (*i.e., Payton, Wiltz and Amato*). In sum, the basis thereof is the absence of personal jurisdiction in Louisiana over Gryphon, a Florida company

involved only in construction in Florida and lacking sufficient jurisdictional contacts with Louisiana.

    4.    Pursuant to this Court's Pretrial Order No. 11, Gryphon provided Plaintiffs with its completed Profile Form, including identifying therein all insurance policies related to its involvement as the general contractor on the Peninsula II condominium project in Aventura, Florida. Requiring Gryphon to undertake the extensive effort and expense that would be required to marshal the voluminous supporting documents and records sought by Plaintiffs before the propriety of Plaintiffs' actions against Gryphon in Louisiana is determined would present an undue and unnecessary burden.

    5.    The Notice sets forth eight (8) requests. These requests are identical to those that were the subject of Plaintiffs' Subpoena to Produce Documents pursuant to Federal Rule Of Civil Procedure 30(b)(6) filed and served on or about April 9,2010 (right down to the same spelling and grammatical errors) (the "Rule 30(b)(6) Notice").

    6.    On April 27, 2010 the Court issued Pre-trial Order No. 24 addressing how the Rule 30(b)(6) Notice should be treated. [D.E. 2779] That is, the Court directed that the Rule 30(b)(6) Notices be treated as document requests pursuant to Federal Rule of Civil Procedure 34.

    7.    Gryphon, as one of the more than 500 recipients of the Rule 30(b)(6) Notices, responded thereto by filing a Motion to Stay Discovery and Memorandum of Law In Support. [D.E. 3136; 3136-1]. Therein, Gryphon argued that any substantive discovery, including discovery related to insurance issues, would be unduly burdensome and cause unnecessary expense given the pendency of Gryphon's Motions to Dismiss the claims against it.

    8.    On June 1, 2010 the Court ordered the Plaintiffs' Steering Committee ("PSC") to file a response to motions to stay discovery that had been filed by several defendants, including

Gryphon. [D.E. 3491]. The PSC filed its court-ordered response on or about June 11, 2010. To date the Court has not ruled on the Motions to Stay and they remain pending.

9. Inasmuch as the current Rule 34 Notice is duplicative of, indeed identical to, the previous Rule 30(b)(6) Notice, the same objections to providing the requested documents are present.

10. Gryphon objects to the Rule 34 Notice because the requests are unduly burdensome and would cause unnecessary expense given the pendency of Gryphon's motion to dismiss based on the Court's lack of personal jurisdiction and the impropriety of venue in Louisiana related to the claims against Gryphon. In addition, certain of the discovery being sought is duplicative of information already provided to Plaintiffs in conjunction with Gryphon's submission of the Court-mandated profile forms. The subpoenas are also objectionable given the reality that the requests as drafted impinge on the attorney-client privilege and work-product doctrine.

11. Federal Rule of Civil Procedure 26 permits the protection of a party from the undue expense, burden or inconvenience that would be wrought by responding to improper or overreaching discovery requests. Requiring Gryphon to respond to Plaintiffs' requests at this stage of the proceedings would be unduly burdensome and expensive, particularly in view of Gryphon's assertion that the Court lacks subject matter jurisdiction to even entertain the claims being made against it.

12. It is well-established in this Circuit that it is appropriate to stay discovery where the resolution of pending dispositive motions would preclude the need for discovery in its entirety, thereby sparing the parties unnecessary expense and effort. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5TH Cir. 1994)(refusing to allow discovery to proceed was proper pending

3

determination of motion to change venue); *Petrus v. Bowen*, 833 F2d 581, 583 (5TH Cir. 1987)(stay of discovery was proper where requests did not affect determination of pending motion to dismiss); *Landry v. Air Line Pilots Assoc. Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5TH Cir. 1990).  *See also Dresser v. MEBA Med. & Benefits Plan*, 2008 WL 2705584 at *2 (E.D. La. July 10, 2008)(staying discovery in face of pending motion to dismiss).

13. In particular, this Court has found that it would be clearly erroneous to allow discovery to proceed while a motion to dismiss is pending.  *Parish of Jefferson v. Southern Recovery Management, Inc.*, 1996 WL 144400 at *2 (E.D. La. Mar. 27, 1996).  Therein, the Court reversed the magistrate judge's order denying a motion to stay discovery while a jurisdictional motion to dismiss was pending.  *See also Dykes v. Maverick Motion Picture Group, LLC,* 2009 WL 3053738 at *2 (M.D. La. Sept. 18, 2009)(merits discovery premature until jurisdictional arguments are settled).

14. Accordingly, allowing Plaintiffs merits discovery to proceed while Gryphon's jurisdictional motion to dismiss is pending would impose an undue burden and expense on it. Such a result would be unjust and in contravention of this Court's previous legal determination.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that  this document has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and Homebuilder Steering Committees' Liaison Counsel, Phillip A. Wittmann at pwittmann@stonepigman.com, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order

No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States district Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 6TH day of January, 2011.

Respectfully submitted,

**THE BARTHET FIRM**
Attorneys for Gryphon Construction, LLC
200 South Biscayne Blvd., Suite 1800
Miami, Florida 33131
(305) 347-5290 phone
alex@barthet.com
jhanson@barthet.com

[Original signed document on file with the Court]
/s/ John C. Hanson, II
_____
ALEXANDER  E. BARTHET
Florida Bar No. 173126
JOHN C. HANSON, II
Florida Bar No. 933767