IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : | MDL No. 2047<br><br>Section L<br><br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | : : | MAG. JUDGE WILKINSON |
| *David Gross, et. al. v. Kanuf Gips KG, et. al.*: Case No.: 2:09-cv-06690 (E.D.La.) | : : | |
| *Dean Amato et. al. v. Liberty Mutual Ins. Co.*: Case No.: 2:10-cv-000932 (E.D.La.) | : : | |
| *Kenneth & Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.,* Case No. 2:10-cv-00361 (E.D.La.) | : : : : : | |

**BLACK BEAR GYSPUM SUPPLY, INC.'S AND BLACK BEAR GYPSUM, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY
<u>PENDING RESOLUTION OF ISSUES OF PERSONAL JURISDICTION</u>**

Defendants BLACK BEAR GYPSUM SUPPLY, INC. and BLACK BEAR GYPSUM, LLC (collectively, "Black Bear"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 26, 34, and 45, hereby file this Memorandum of Law in Support of Their Motion for Protective Order and to Stay Discovery Pending Resolution of Issues of Personal Jurisdiction, and state in support thereof as follows:

1.      Federal Rule of Civil Procedure 26 permits the protection of a party from the undue expense, burden, or inconvenience that would be wrought by responding to improper or overreaching discovery requests.  Requiring Black Bear to respond to Plaintiffs' requests at this stage of the

proceedings would be unduly burdensome and expensive, particularly in view of Black Bear's position that the Court lacks personal jurisdiction over it.

2.      It is well established in this Circuit that it is appropriate to stay discovery where the resolution of pending issues would preclude the need for discovery in its entirety, thereby sparing the parties unnecessary expense and effort. *Emplanar Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (refusing to allow discovery to proceed was proper pending determination of motion to change venue); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (stay of discovery was proper until preliminary questions that could dispose of the case were determined, where requests did not affect determination of pending motion to dismiss); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990) (protective order preventing discovery proper where motion to dismiss may be granted, precluding the need for discovery altogether). *See also Dresser v. MEBA Med. & Benefits Plan*, 2008 U.S. Dist. LEXIS at *2 (E.D. La. July 10, 2008) (staying discovery pending determination of a motion to dismiss).

3.      In particular, this Court has found that it would be clearly erroneous to allow discovery to proceed before preliminary jurisdictional issues have been resolved. *Parish of Jefferson v. Southern Recovery Management, Inc.*, 1996 U.S. Dist. LEXIS 3894 at *5-6 (E.D. La. Mar. 27, 1996) (additionally holding that "even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot"). *See also Dykes v. Maverick Motion Picture Group, LLC*, 2009 U.S. Dist. LEXIS 85737 at *5, note 1 (M.D. La. Sept. 17, 2009) (merits discovery premature until jurisdictional arguments are resolved).

4.      Accordingly, allowing Plaintiffs' merits discovery to proceed while the issue of personal jurisdiction over Black Bear remains unresolved would impose an undue burden and expense on Black Bear. Such a result would be unjust and in contravention of this Court's previous

rulings.

WHEREFORE, Black Bear Gypsum Supply, Inc. and Black Bear Gypsum, LLC respectfully request this Honorable Court to enter a Protective Order suspending discovery of Black Bear Gypsum Supply, Inc. and Black Bear Gypsum, LLC in the above-captioned cases until such time as the issue of personal jurisdiction over these entities has been resolved.

        Respectfully submitted,

        */s/Edward J. Briscoe*
        Edward J. Briscoe
        Fla. Bar No. 109691
        Elizabeth J. Ferry
        Fla. Bar No. 43823
        FOWLER WHITE BURNETT P.A.
        Espirito Santo Plaza, 14th Floor
        1395 Brickell Avenue
        Miami, Florida 33131-3302
        Telephone: (305) 789-9200
        Facsimile: (305) 789-9201

IN RE: CHINESE-MANUFACTURED						MDL 2047
DRYWALL PRODUCTS LIABILITY LITIGATION					Page 4

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served via e-mail on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of January, 2011.

/s/Edward J. Briscoe
Edward J. Briscoe

W:\79857\MEMLAW38-Memo of Law for MPO Final