# AMERICAN ARBITRATION ASSOCIATION
## Construction Industry Arbitration Tribunal

In the Matter of the Arbitration Between

DRAGAS MANAGEMENT CORPORATION
     Claimant

and                         Case Number: 16 110 Y 00438 09

THE PORTER-BLAINE CORPORATION
     Respondent

## AWARD OF THE ARBITRATOR

     I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration provisions contained in the Sub-contract Agreement made on February 3, 2005, as amended, between Hampshires Associates, L.C. and The Porter-Blaine Corporation (introduced as Claimant's Exhibit 18) and in the Sub-Contract Agreement made on December 4, 2003 between Dragas Associates X, L.C. and The Porter-Blaine Corporation along with any subsequent sub-contract agreements between Dragas Associates X, L.C. and The Porter-Blaine Corporation including specifically those made on July 30, 2004, September 28, 2004 and September 20, 2005, respectively (introduced collectively as Claimant's Exhibit 21), and having been duly sworn and having duly heard the proofs and allegations of the parties, including, without limitation, the motions and accompanying briefs filed by counsel, the testimony and exhibits presented and the oral and written arguments of counsel, FIND, among other things, as follows:

     At all times relevant hereto, Dragas Management Corporation contracted with Dragas Associates X, L.C. to act as the general contractor for the construction of the housing units at Cromwell Park at Salem located in Virginia Beach, Virginia ("Cromwell Park").

     At all times relevant hereto, Dragas Management Corporation contracted with Hampshires Associates, L.C. to act as the general contractor for the construction of the housing units at The Hampshires at Greenbrier located in Chesapeake, Virginia ("The Hampshires").

     Dragas Associates X, L.C. entered into multiple sub-contract agreements with The Porter-Blaine Corporation to install drywall in the housing units at Cromwell Park (collectively "Cromwell Park Subcontracts").



EXHIBIT

A

Case 2:09-md-02047-EEF-MBN   Document 6947-2   Filed 01/11/11   Page 2 of 3

Hampshires Associates, L.C. entered into a Sub-contract Agreement made on February 3, 2005, as amended, with The Porter-Blaine Corporation to install drywall in the housing units at The Hampshires ("The Hampshires Subcontract").

By agreement effective as of January 1, 2007, Hampshire Associates, L.C. assigned to Dragas Management Corporation all of its right, title and interest in and to The Hampshires Subcontract including but not limited to any and all claims, rights, demands, suits and causes of action that Hampshires Associates, L.C. has related to The Hampshires Subcontract.

By agreement effective as of March 10, 2009, Dragas Associates X, L.C. assigned to Dragas Management Corporation all of its right, title and interest in and to the Cromwell Park Subcontracts including but not limited to any and all claims, rights, demands, suits and causes of action that Dragas Associates X, L.C. has related to the Cromwell Park Subcontracts.

Both of the aforementioned assignments are valid and enforceable.

As stipulated to by the parties in their Joint Arbitration Stipulations submitted to the Arbitrator on August 12, 2010 and subsequently marked as Joint Exhibit 1 ("Joint Stipulations"), the drywall that is the subject of this arbitration was installed by The Porter-Blaine Corporation at both Cromwell Park and The Hampshires and the drywall was defective. As a result, The Porter-Blaine Corporation breached the terms of the Cromwell Park Subcontracts and the terms of The Hampshires Subcontract.

As a result of the installation of defective drywall, it was reasonable and necessary for Dragas Management Corporation to remediate the units at both Cromwell Park and The Hampshires and to compensate the unit owners for certain expenses resulting from the defective drywall and its remediation.

Dragas Management Corporation performed and ultimately paid for the remediation work at both Cromwell Park and The Hampshires and ultimately paid for the compensation to the unit owners for certain expenses resulting from the defective drywall and its remediation.

As stipulated by the parties in their Joint Stipulations, the scope and costs of the remediation work done by Dragas Management Corporation at both Cromwell Park and The Hampshires was reasonable and was caused by the defective drywall installed by The Porter-Blaine Corporation.

As stipulated by the parties in their Joint Stipulations, the reasonable cost to remediate the damage at both Cromwell Park and The Hampshires caused by the defective drywall installed by The Porter-Blaine Corporation and to compensate the unit owners for certain expenses resulting from the defective drywall and its remediation was $4,900,000.00. This amount was ultimately paid by Dragas Management Corporation.

The Arbitrator hereby AWARDS to Dragas Management Corporation the sum of Four Million Nine Hundred Thousand Dollars ($4,900,000.00). Payment shall be due and paid by The Porter-Blaine Corporation to Dragas Management Corporation within ten (10) days of the date of this award and shall accrue additional simple interest at the rate of six (6) percent per annum from that date until paid.

Pursuant to the parties' Joint Stipulations, Dragas Management Corporation is not pursuing its attorney's fees claim.

In addition, the administrative fees and expenses of the American Arbitration Association totaling $14,000.00 shall be borne entirely by The Porter-Blaine Corporation and the compensation and expenses of the arbitrator totaling $38,879.77 shall be borne entirely by The Porter-Blaine Corporation. Therefore, The Porter-Blaine Corporation shall reimburse Dragas Management Corporation the additional sum of Thirty-Three Thousand Four Hundred Thirty- Nine Dollars and Ninety Cents ($33,439.90), representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Dragas Management Corporation.

This Award is in full settlement of all claims and counterclaims submitted to this Construction Industry Arbitration Tribunal. All claims not expressly granted herein are hereby denied.

10-7-10

Date

William H. Hoofnagle, III, Arbitrator