STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates to:**<br><br>*Amato, et al. v. Liberty Mut. Ins. Co.*, et al. Case No. 10-932 and<br><br>*All Cases* | MDL NO.: 2047<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE WILKINSON |

## ORDER

Before the Court is *Plaintiff Steering Committee's Emergency Motion For An Order Preventing The Payment Or Transfer Of Certain Moneys Or, In The Alternative, For Court Ordered Mediation And Temporary Stay Of All Outside Settlement Activities*. The Court, after reviewing the parties' submissions and hearing on the matter conducted on _____, 2011, finds that the Motion should be **GRANTED**. It is therefore **ORDERED** that:

(i) Each Insurer Defendant is enjoined from paying, tendering, conveying, or otherwise alienating, or agreeing to do same, any funds or moneys to a Direct Defendant or an unnamed third party under a policy covering Claims made by one or more named Plaintiffs on behalf of itself or on behalf of one or more absent class members, until resolution of all Claims in the Lawsuit;

(ii) Each Insurer Defendant is enjoined from paying, tendering, conveying, or otherwise alienating, or agreeing to do same, any funds or moneys to any absent class member under a policy that covers Claims made against either a Direct Defendant or a presently unnamed third party by one or more Named Plaintiffs on behalf of itself or absent class members, until resolution of all claims in the Lawsuit;

(iii) Each Direct Defendant is enjoined from seeking, requesting or petitioning for payment of funds or moneys under any policy covering a Claim made by a Named Plaintiff on behalf of itself or on behalf of one or more absent class members, whether

issued by a named Insurer Defendant or by an unnamed insurer or guarantor, until resolution of all claims in the Lawsuit; and

    (iv)    Each Direct Defendant is enjoined from paying, tendering, conveying, or otherwise alienating, or agreeing to do same, any funds or moneys to any absent class member to settle (even in part) one or more Claims made by a Named Plaintiff on behalf of one or more absent class members without first giving the Plaintiffs' Steering Committee sixty (60) days' notice of the intent to make an offer of settlement or partial settlement, until resolution of all Claims in the Lawsuit.

As used herein, a "Claim" is a cause of action set forth in *Plaintiffs' Amended Omnibus Class Action Complaint (V)*, Case No. 2:09-md-02047 (E.D. La.), Document No. 3132, filed May 11, 2010 ("Omni V Complaint" and the "Lawsuit"). An "Insurer Defendant" is party listed on in the Omni V Complaint ¶¶ 428–527; and a "Direct Defendant" a party listed on the Omni V Complaint ¶¶ 528-548, ¶¶ 549-609, and ¶¶ 610- 621.

    **New Orleans, Louisiana, this \_\_ day of _____, 2011.**

                                                                          _____
                                                                          Eldon E. Fallon
                                                                          United States District Court Judge