UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES**

**PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN SUPPORT OF MOTION CHALLENGING THE ADEQUACY AND COMPLETENESS OF THE DISCOVERY RESPONSES OF DEFENDANTS TAISHAN GYPSUM CO. LTD. AND TAIAN TAISHAN PLASTERBOARD CO., LTD., AND TO COMPEL DISCOVERY & JURISDICTIONAL DEPOSITIONS TO BEGIN IN FEBRUARY 2011**

MAY IT PLEASE THE COURT:

**Background**

Defendants, Taishan Gypsum Co. Ltd. ("Taishan Gypsum") and Taian Taishan Plasterboard Co. Ltd. ("TTP"), collectively "Taishan Defendants," have made repeated allegations that they are not subject to personal jurisdiction in this Court. This issue is hotly contested by the PSC, and has not yet been presented to the Court for determination. In anticipation of such motions practice, the Court instructed the parties to engage in meaningful discovery regarding the personal jurisdiction issue. Accordingly, on September 24, 2010, the Plaintiffs' Steering Committee ("PSC") propounded upon the Taishan Defendants: a) Plaintiffs' First Set of Interrogatories Concerning Jurisdictional Issues (Exhibit "A"), and b) Plaintiffs' First Request for Production of Documents Concerning Jurisdictional Issues (Exhibit "B"). The Taishan Defendants responded to the discovery in an evasive and incomplete manner and seek to narrow the discovery of the personal jurisdiction issue in this case to make it virtually meaningless.

The parties met and conferred[1] and also discussed the scheduling depositions for the personal jurisdiction issues in this case.  Due to the Taishan Defendants evasive and incomplete answers and paltry document production to date, the PSC is prepared to begin the personal jurisdiction depositions in this case beginning in February. The Taishan Defendants' counsel has represented that forthcoming document production will be limited in nature, this is no surprise given the Taishan Defendants narrow interpretation of the PSC's discovery requests.  Given the paltry production to date and the Taishan Defendants' representations that future document production will not be voluminous, the PSC is prepared to begin depositions on personal jurisdiction in February.  The Taishan Defendants have offered the first week in April for depositions.  Given the substantial time that Taishan had to prepare for discovery in this matter and conduct its due diligence, the fact that it sat on the sidelines for over a year in these cases and the exigencies in the case for Plaintiffs facing potential health problems and foreclosure issues due Taishan's defective products, Taishan's suggestion of depositions in April is unacceptable.  As such, the PSC requests that the Court order Taishan to produce witnesses in February for jurisdictional depositions.

To date, the PSC has also yet to receive a privilege log from the Taishan Defendants.  During the parties meet and confer, the Taishan Defendants agreed that they would produce a privilege log by the end of January; however, they would not commit to a date certain.  Given the limited production of documents to date by the Taishan Defendants, and the Taishan Defendants incomprehensible narrow view of discovery under the Federal Rule of Civil Procedure, the privilege log should be relatively brief.  In order to conduct any necessary motion practice before

---

1 Please see the PSC's letter dated December 27, 2010 to initiate the parties' meet and confer, and the Taishan Defendants' response, attached hereto respectively as Exhibits "G" and "H."

the requested depositions in this matter, the PSC requests that the Court enter an order requiring the Taishan Defendants to produce a privilege log no later than January 21, 2011.

Because the Taishan Defendants answers and responses are substantially similar, the PSC has treated them as one throughout to streamline this motion. The PSC lists the following interrogatories and requests for production (with specific arguments/reasoning following each interrogatory and response) to illustrate the deficiencies with the Taishan Defendants' discovery responses.

### A. Defendants' limiting the definition of "You," "Your," and "Your Company," in answers to all interrogatories and responses to requests for production:

The Taishan Defendants most egregious attempt to limit the PSC's discovery is to unilaterally limit the definition of "You" resulting in an incomplete and evasive answer to the discovery. The definition of "You" is really the definition of what constitutes the Taishan defendants in terms their subsidiaries, departments, divisions and the like. The PSC permissibly defined "You" in its interrogatories and requests for production as:

> "You", "your" or "your company" means Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., as applicable, including relevant predecessors, successors, subsidiaries, departments, divisions and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on its behalf.[2]

Defendants objected to the PSC's definition of you as vague, ambiguous, and overbroad. The Taishan Defendants unilaterally limited the PSC's definition of "You" to mean: "Taian Taishan Plasterboard Co. Ltd., as well as its predecessors in interest, agents, employees,

---

2 The definitions of "You," "your," or "your company," are the same in the PSC's interrogatories and requests for production.   Exhs. A & B.

3

representatives or other persons acting or purporting to act for or on its behalf." In summary, Defendants have excluded the following terms from PSC's definition of "You": "successors, subsidiaries, departments, divisions and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers…"  Pg. 5 of Exhs. "C"-"F".  Upon information and belief, Defendants' limited the definition of the term "You" so they block discovery of their minimum contacts in the U.S. on the issue of personal jurisdiction.

For example, interrogatories 1-3 concern Defendants' ownership interest in corporations in the U.S. (interrogatory 1), Defendants' agents in the U.S. for the sale of Chinese drywall (interrogatory 2) and Defendants' employees in the U.S. (interrogatory 3).  Ex. "A."  The PSC's definition of "You" as used in interrogatories 1-3 is reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction, to wit: the discovery of what involvement Defendants, its subsidiaries, departments, divisions, affiliates and those entities it managed or had control over, including directors and officers had minimum contacts in the United States.  Defendants' unilateral limitation of basis terms only serves to prevent permissible discovery.

Additionally, because Defendants have impermissibly limited the definitions of "You," "Your," and "Your Company," it directly affects Defendants' responses to requests for production where "Related Entity" is a defined term (Requests 1-8, 14, 21, 23-25).  Exhs. "E"-" F."  The term "Related Entity" is defined by Defendants' answers to interrogatories 1 and 2, where Defendants have improperly limited their answers. Exhs. "C"-"D."

B. **General objections 7-8 to the PSC's requests for production:**

Defendants improperly objected on the basis that they do not have to produce documents that are "more appropriately sought from third parties to whom discovery requests have been made or may be directed or are in the possession, custody or control of Plaintiffs." P. 4, Exhs. "E"-"F," objection number 7. Defendants improperly objected in general objection number 8 that they do not have to produce publicly available documents or information Plaintiffs may obtain elsewhere. Defendants' objections are contrary to Fed. R. Civ. P. 34(a)(1), requiring production of documents in the responding party's "possession, custody, or control" and not privileged. To the extent that documents are in the possession, custody or control of Defendants, they must produce them. Defendants objection should be overruled and Defendants should be required provide responsive documents. During the parties meet and confer, the Taishan defendants stated there were no responsive documents that fell within their objections. Under the Federal Rules of Civil Procedure, Defendants are under an obligation to supplement their responses as materials become available, accordingly, Defendants' objections should be overruled so that in the future responsive documents will be produced.

C. **General objection 11 to the PSC's requests for production regarding time frame:**

Defendants object that the PSC is seeking information from an unspecified time period. The PSC's requests for production are clear, unless otherwise stated in the request, the time frame requested is "January 1, 2001 through the date of these requests (the "relevant time period"). Exhs. "A"-"B," p. 4, Instruction 1. During the parties' meet and confer, Defendants admitted that they used the PSC's definition of "relevant time period." As such, and in order to remove any confusion for future updates to the discovery, Defendants' objections should be overruled.

### D. General objection 13 regarding Chinese law:

Defendants object and state that they will respond to the requests "to the extent permitted by the laws of the People's Republic of China and any political subdivisions therein." The PSC has not noted in any of Defendants' responses to the PSC's requests that it is objecting on the basis of Chinese law, nor does it cite any applicable Chinese law. During the parties' meet and confer the Taishan Defendants stated that nothing was withheld pursuant to their objection. If that is so, the Defendants should respond forthrightly that no such documents exist, rather than object. Conversely, if there are responsive documents and the Taishan Defendants believe they have a good faith basis to object, then the PSC requests that Defendants state in any privilege log it will be producing the alleged applicable Chinese law that prevents the disclosure of information in this case.

### E. Defendants' responses to requests for production numbered 5-7, 14-20, 24-25, 30-31 and interrogatories numbered 6, and 15-16 that it will produce documents that "can be reasonably located."

The Taishan Defendants respond to numerous requests for production that they will produce documents that "can be reasonably located." Pursuant to Fed. R. Civ. P. 34(a)(1), Defendants' limiting production to what they term as being "reasonably located" is improper. Rule 34(a)(1) is unambiguous; it requires production of documents in the Defendants' "possession, custody, or control." The standard is not what Defendants can reasonably locate. To the extent that documents are in the possession, custody or control of Defendants, they must produce them.

### F. Defendants' limitation of its responses to requests for producing documents "concerning its [Defendants'] sales of drywall made to dimensions commonly used in the U.S. …" in requests for production 14-15 and 18-20 (Ex. B):

The PSC requests that Defendants provide a list of all shipments to the United States.

### G. The PSC's Request No. 23 is easily understood (Ex. B):

Request No. 23
All documents reflecting Your authorizations, approvals or denials of authorizations or approvals in response to any request for expenditures or relating to the manufacturing, pricing or distribution of Chinese drywall from any Related Entity.

Response to Request No. 23
Defendant objects to this Request because it is vague, ambiguous and incomprehensible.

PSC's argument as to Request No. 23: The PSC's Request number 23 is straightforward and easily understood. It is a narrowly focused request for information for monetary expenditures or denials of monetary expenditures, approvals or denials of the same for the manufacturing, pricing or distribution of Chinese drywall from any Related Entity, as defined by the PSC. Moreover, the request is reasonably calculated to lead to the discovery of admissible evidence if Defendants approved or denied expenditures related to manufacturing, pricing, or distribution of Chinese drywall to a Related Entity that was doing business in the U.S., which is relevant to the question of the Court's personal jurisdiction over Defendants.

### H. Defendants have agreed to produce responsive documents to request No. 27:

During the meet and confer, the Taishan Defendants agreed to produce non-privileged motions filed in other matters.

### I. Request No. 34 is easily understood (Ex. B):

Request Number 34:
All documents related to any legal proceedings involving a cartel and/or plasterboard that You were involved in, including, but not limited to, any:

(a) Claim, complaint, counterclaim or third party claim You filed or was named a party in any court, administrative agency or any other governmental entity, excluding any claim or lawsuit filed in this litigation;

(b) Discovery responses and answers You filed in any litigation in which personal jurisdiction over You in the United States was or is an issue and any judicial orders, memoranda or opinions issued thereon; and

    (c) Copies of any judgment, levy or assessment entered against or in favor of You.

Response to Request No. 34
Defendant reasserts its General Objections in response to this Request. Defendant objects to this Request because it is vague, ambiguous and incomprehensible.

PSC's argument as to request number 34:   Request number 34 is similar to request number 27, that Defendants did not object to as being "vague, ambiguous, and incomprehensible."  The only difference between request 27 and 34, is that request 34 is a request for documents from legal proceedings regarding any cartel Defendants were alleged to be involved in.  A "cartel" is defined as "a combination of independent commercial or industrial enterprises designed to limit competition or fix prices."[3]  During the meet and confer, the Taishan Defendants would not directly respond to the PSC's inquiry if the Taishan Defendants are part of a "cartel."  Clearly, the Taishan Defendants understood what a cartel was, inconsistent with the objection they raised. Rather than respond, the Taishan Defendants wanted the PSC's reasoning for requesting the discovery.  Such reasoning is protected by the work product privilege.  Moreover, the Taishan Defendants are being evasive; either they are or are not part of a cartel and should be compelled by the Court to respond.

    **J. Request No. 35 (Ex. B):**

Request No. 35
Documents showing or reflecting any proprietary interest, governance, ownership or other commercial relationship between you and the Peoples Republic of China.

Response to Request No. 35
Defendant reasserts its General Objections in response to this Request.   Defendant further objects to this Request as overbroad, unreasonably burdensome, palpably improper and harassing because the activities of other entities are irrelevant to the question of whether the Court has personal jurisdiction over Defendant.

---

3  Merriam-Webster.

PSC's Response to Request No. 35: "Relevancy" is not a proper objection to discovery. The standard for discovery is whether the request is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 34(a)(1). Request number 35 is reasonably calculated to lead to the discovery of admissible evidence as to documents concerning the Defendants' business relationship with the Peoples Republic of China. Moreover, the requested information is relevant. For example, if the agents of the Peoples Republic of China conducted trade missions directed to the United States or trade fairs targeting the drywall market in the United States and the People's Republic of China had an ownership interest in Defendants, then there may be a question of agency/alter ego from those activities in or directed to the United States for personal jurisdiction purposes. This is but one example and not intended to limit the scope the PSC's valid request for production.

### K. Request No. 36 (Ex. B):

Request No. 36
Documents sufficient to show Your ownership interest in, or affiliation with any Other Entity.

Response to Request No. 36
Defendant reasserts its General Objections in response to this Request. Defendant further objects to this Request as overbroad, unreasonably burdensome, palpably improper and harassing because the activities of other entities are irrelevant to the question of whether the Court has personal jurisdiction over Defendant.

PSC's argument as to request number 36: "Relevancy" is not a proper objection to discovery. The standard for discovery is whether the request is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 34(a)(1). Request number 36 is reasonably calculated to lead to the discovery of admissible evidence as to documents concerning Defendants' ownership interest or affiliation with any "Other Entity" as defined by the PSC. Moreover, the requested information is relevant, for example, if there are agents under the control of an "Other

9

Entity" that directed, facilitated, or conducted sales of Defendants' products into the United States, then there may be a question of agency/alter ego from those activities in or directed to the United States for personal jurisdiction purposes. This is but one example and not intended to limit the scope the PSC's valid request for production.

The Taishan Defendants also generally objected to the PSC's definition of the term "Other Entity," as it relates to requests number 36 and 37 (Section K, *infra*). The PSC defined other "Other Entity" as "any subsidiary, affiliate, or agent of" multiple known manufacturers or distributors of Chinese drywall. Ex. "B" at 2. The PSC defined "Other Entit[ies]" in a focused effort to obtain relevant information if the Taishan Defendants have an ownership interest in or affiliation with other entities (Request number 36) or share personnel and may have had any communications with other entities that may have directed, facilitated, or conducted sales of Defendants' products into the United States (Request number 37).

As to request number 36, any documents that show the Taishan Defendants' ownership, interest in, or affiliation with any Other Entity, the request is relevant because it may lead to evidence of Taishan Defendants' control over other entities or agency relationships with other entities for the Taishan Defendants imports of defective Chinese drywall into United States. Thus, the information requested is directly relevant for personal jurisdiction.

## L. Request No. 37 (Ex. B):

Request No. 37
Documents sufficient to identify the board of directors, each corporate officer and the organizational structure of any Other Entity.

Response to Request No. 37
Defendant reasserts its General Objections in response to this Request. Defendant further objects to this Request as overbroad, unreasonably burdensome, palpably improper and harassing because the activities of other entities are irrelevant to the question of whether the Court has personal jurisdiction over Defendant.

PSC's argument as to request number 37: "Relevancy" is not a proper objection to discovery. The standard for discovery is whether the request is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 34(a)(1). Request number 37 is reasonably calculated to lead to the discovery of admissible evidence as to documents concerning the makeup of any "Other Entit[ies]" board of directors, corporate officers and organizational structure. Moreover, the requested information is relevant, for example, if Defendants and an "Other Entity" shared a board or directors, or members or officers, there may be agency/alter ego and control issues as to what the "Other Entity" did on behalf of Defendants to direct, facilitate, or conducted sales of Defendants' products into the United States for personal jurisdiction purposes. This is but one example and not intended to limit the scope the PSC's valid request for production.

As to request number 37, any documents that identify the board of directors, officers, or organizational structure of other entities may lead to discoverable evidence of Taishan Defendants' employees or agents having relationships with the other entities sufficient to make them agents for the Taishan Defendants imports of defective Chinese drywall into United States. Thus, the information requested is directly relevant for personal jurisdiction.

**M. Boilerplate objections, "overbroad," "unreasonably burdensome," and "harassing":**

Defendants have made boilerplate objections such as "overbroad," "unreasonably burdensome," and "harassing." Defendants have failed to provide any support in their answers and responses that any of the PSC's discovery is overbroad, unreasonably burdensome or harassing.

**N. Defendants have agreed to produce a privilege log by the end of January 21, 2011:**

During the parties meet and confer, the Taishan Defendants agreed that they would produce a

privilege log by the end of January; however, they would not commit to a date certain.   Given the limited production of documents to date by the Taishan Defendants, and the Taishan Defendants incomprehensible narrow view of discovery under the Federal Rule of Civil Procedure, the privilege log should be relatively brief.   In order to conduct any necessary motion practice before the requested depositions in this matter, the PSC requests that the Court enter an order requiring the Taishan Defendants to produce a privilege log no later than January 21, 2011.

WHEREFORE, the PSC respectfully requests that this Honorable Court set a hearing at the January 20, 2011 Status Conference to address the instant motion to compel and to enter an appropriate Order in connection therewith.

Dated:   January 12, 2011

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W. Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:   (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of January, 2011.

    /s/ Leonard A. Davis
    Leonard A. Davis
    Herman, Herman, Katz & Cotlar, LLP
    820 O'Keefe Ave.
    New Orleans, LA   70113
    PH:   (504) 581-4892
    Fax:   (504) 561-6024
    ldavis@hhkc.com