UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO ALL CASES

**PLAINTIFFS' FIRST SET OF INTERROGATORIES
CONCERNING JURISDICTIONAL ISSUES
ADDRESSED TO DEFENDANTS, TAISHAN GYPSUM CO., LTD.
AND TAIAN TAISHAN PLASTERBOARD CO., LTD.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs hereby request that defendants, Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd.,  respond to each of the following interrogatories pursuant to the Order of the Court governing the issue of jurisdictional discovery.

**DEFINITIONS**

As used herein, the following terms are defined as follows:

1. "Defendants" means Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd.

2. "You", "your" or "your company" means Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., as applicable, including relevant predecessors, successors, subsidiaries, departments, divisions and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on its behalf.

3. "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity, group or other form of legal entity.

-1-

4. "Communication" means, without limitation, oral or written communications of any kind, such as electronic, facsimile, telephone, correspondence, exchanges of written or recorded information, or face-to-face meetings.

5. "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether planned or scheduled in advance, including, but not limited to, written exchanges through internet/web based chat, AOL Instant Messenger™ (or similar programs) or electronic "bulletin board" programs.

6. "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger or other person who is or was employed by a defendants.

7. "Document" means, without limitation, the original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced. This definition also includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, workpapers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising and promotional literature, agreements or minutes of meetings.

8. "Electronically Stored Information," abbreviated herein as "ESI," has the same meaning and scope in these Interrogatories as it has in the Federal Rules of Civil Procedure.

8. "Relating to", "referring to", "regarding" or "with respect to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

9. "Or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B", you should produce all information about

A and all information about B, as well as all information about collectively A and B. In other words, "or" should be read as "and/or".

10.     "Including" is used to emphasize the type of information requested and should not be construed as limiting the interrogatory in anyway.

11.     "Identify" when used in reference to a person means to state the person's full name, present or last known address, office, home and portable telephone and facsimile numbers, the person's present or last known position, job description and business affiliation at the time in question.

12.     "Identify" when used in reference to a document or ESI means to describe the type of document or ESI, its date and author, its present location or custodian, every author, whether or not such person signed the document, and every person to whom such document or ESI, or any copy thereof was given or sent. If any such document or ESI was, but is no longer, in your possession or subject to your control, state what disposition was made of it. Documents or ESI prepared prior to or subsequent to the period covered by these interrogatories, but which nonetheless relate or refer thereto, are to be included in your response.

13.     "Identify" when used with respect to a communication other than a writing means to identify every person who was a party to the communication, the type of communication, and to identify all persons participating therein, along with the date, duration, location(s) and the substance of the communication.

14.     "Identify" when used with respect to a person or entity means state their full name, legal address, phone number, and if an individual person, their employer and job title.

15.     "Any" should be construed, when possible, to mean "any and all."

16.     "Chinese drywall" refers to drywall, plasterboard or wallboard manufactured in China.

**INSTRUCTIONS**

1. Unless otherwise noted, these interrogatories require responses for the time period from January 1, 2001 through the date of these interrogatories (the "relevant time period").

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories are continuing in nature so that if, after answering, you acquire additional responsive knowledge or information, plaintiffs direct that you serve supplemental answers after acquiring such additional knowledge or information.

3. If at any time after answering these interrogatories you determine that an answer you provided was false, you must immediately notify plaintiffs' counsel and provide amended answers as soon as reasonably possible.

4. If you refuse to respond to any of these interrogatories based on a claim of privilege pursuant to Federal Rule of Civil Procedure 26(b)(5), you must provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the parties involved, any dates involved, the relevant subject matter of the privileged material, any documents or ESI supporting the privileged information, including the dates, authors, recipients, title and subject matter, and present location of any documents or ESI involved. In the case of attorney work product privilege, you must also identify the litigation for which the work product was prepared.

5. If you answer any interrogatory by reference to business records pursuant to Federal Rule of Civil Procedure 33(d), identify such records by Bates number and the name of your employee certifying the documents or ESI as business records for purposes of answering the interrogatory.

**INTERROGATORIES**

**Interrogatory No. 1**

During the relevant time period, have You possessed an ownership interest in any corporation or business that is located in the United States? If so, identify the corporation, any subsidiaries, affiliates or agents of that corporation which are also located in the United States, the

amount of Your ownership interest in that corporation, and describe the nature of the business in which the corporation, and any of its subsidiaries, affiliates or agents, are or were engaged.

**Interrogatory No. 2**

Has any company located in the United States served as an agent, affiliate or representative for You with regard to sales of Your Chinese drywall to United States purchasers? If so, identify the company, along with any parents, subsidiaries, affiliates or agents of the company and describe the business in which the company and any of its parents, subsidiaries, affiliates or agents are or were engaged.

**Interrogatory No. 3**

Have any of Your employees, during the relevant time period, also worked for or received any benefits from any corporation, subsidiary or affiliate identified in response to Interrogatory No. 1? If so, identify the name of the employee, the years that the employee worked for You, the years that the employee worked for or received benefits from any corporation, subsidiary or affiliate identified in response to Interrogatory Nos. 1 and 2, and the positions that the employee held with You and with any corporation, subsidiary or affiliate identified in response to Interrogatory Nos. 1 and 2.

**Interrogatory No. 4**

During the relevant time period, have any of your officers, directors, employees representatives or agents visited the United States for the purpose of conducting business or engaging in any business activity relating to Chinese drywall? If so, identify the relevant officers, directors, employees, representatives or agents, the dates and length of their visit(s) to the United States, any persons or corporations they met with during their visit(s) and describe briefly the purpose of their visit(s).

**Interrogatory No. 5**

During the relevant time period, have You been a party to any judicial or administrative proceedings in the United States? If so, give the name of the proceeding, the judicial

or administrative body before which it was pending, the index or other identifying number of the proceeding, and a brief description of the nature of the proceeding.

**Interrogatory No. 6**

During the relevant time period, have You sold or marketed any Chinese drywall to persons located in the United States, including, but not limited to, sales to Your subsidiaries, affiliates or agents?  If so, identify the types of Chinese drywall that have been sold or marketed to persons located in the United States, and the dollar amount of each such product sold to persons in the United States during each year of the relevant time period.

**Interrogatory No. 7**

During the relevant time period, have You assisted with or participated in the sales, marketing, advertising or promotion of any corporation, subsidiary, affiliate or agent identified in response to Interrogatory Nos. 1 and 2?  If so, describe, in detail Your role in the sales, marketing, advertising or promotion of such products, and identify any employees involved in such activities.

**Interrogatory No. 8**

Have any of Your employees, during the relevant time period, had any oversight responsibilities over the activities of any corporation, subsidiary, affiliate or agent identified in response to Interrogatory Nos. 1 and 2?  If so, identify each such employee and the nature of that employee's oversight responsibilities over the activities of any corporation, or any subsidiary or affiliate or agent of any corporation, identified in response to Interrogatory Nos. 1 and 2.

**Interrogatory No. 9**

During the relevant time period, have You ever financed or made contributions of capital to or from any corporation, subsidiary, affiliate or agent located in the United States?  If so, identify all such transactions, including, but not limited to, any inter-company loans, advances of funds, cost sharing agreements, or extensions of credit.

**Interrogatory No. 10**

Identify all Your assets, including bank accounts, financial instruments or securities, located in the United States, including the dollar value of each such asset.

**Interrogatory No. 11**

Identify all United States patents You hold and all licensing agreements with United States companies, including any of Your subsidiaries, affiliates or agents.

**Interrogatory No. 12**

Identify all United States product specifications, standards or designs you meet or attempt to meet in the manufacture of your Chinese drywall.

**Interrogatory No. 13**

Identify all labeling You used in the production of your Chinese drywall.

**Interrogatory No. 14**

Identify all financial investors you have that are citizens of the United States or incorporated in the United States.

**Interrogatory No. 15**

Identify all of your marketing efforts in the United States or directed to the United States, including catalogs, brochures, samples, internet advertisements, URLs, etc.

**Interrogatory No. 16**

During the relevant time period did You communicate with any person within the United States regarding the manufacture, sale, promotion, solicitation, warranty, or performance of Chinese drywall? If so, as to each communication:

    a. Identify each person making the communication;

    b. Identify to whom the communication was made;

    c. Identify the type of communication;

    d. Identify the substance or nature of the communication.

**Interrogatory No. 17**

Identify any contracts You have with persons or entities in the United States regarding the study of performance issues regarding your Chinese drywall.

**Interrogatory No. 18**

Identify all dealings or relationships that You have with JP Morgan and/or Morgan Stanley.

                              Respectfully submitted,

Dated: September 24, 2010               /s/ Russ M. Herman
                              Russ M. Herman, Esquire
                              Leonard A. Davis, Esquire
                              Stephen J. Herman, Esquire
                              HERMAN, HERMAN, KATZ & COTLAR, LLP
                              820 O'Keefe Avenue
                              New Orleans, Louisiana 70113
                              Phone: (504) 581-4892
                              Fax: (504) 561-6024
                              LDavis@hhkc.com
                              *Plaintiffs' Liaison Counsel*
                              *MDL 2047*

                              Arnold Levin, Esquire
                              Fred S. Longer, Esquire
                              Levin, Fishbein, Sedran & Berman
                              510 Walnut Street, Suite 500
                              Philadelphia, PA 19106
                              215-592-1500 (phone)
                              215-592-4663 (fax)
                              Alevin@lfsblaw.com
                              *Plaintiffs' Lead Counsel*
                              *MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing discovery has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 24th day of September, 2010.

    /s/ Leonard A. Davis
    Leonard A. Davis
    Herman, Herman, Katz & Cotlar, LLP
    820 O'Keefe Ave.
    New Orleans, LA 70113
    PH: (504) 581-4892
    Fax: (504) 561-6024
    ldavis@hhkc.com