UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL ) MDL NO. 2047
  PRODUCTS LIABILITY LITIGATION )
) SECTION: L
)
) JUDGE FALLON
) MAG. JUDGE WILKINSON
_____)

THIS DOCUMENT RELATES TO ALL CASES

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
CONCERNING JURISDICTIONAL ISSUES ADDRESSED
TO DEFENDANTS, TAISHAN GYPSUM CO., LTD.
AND TAIAN TAISHAN PLASTERBOARD CO., LTD.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby request that defendants, Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd., respond to the following requests for the production of documents and produce for inspection and copying by plaintiffs all of the following documents and things which are in the possession, custody, or control of defendants, and/or defendants' agents or attorneys, pursuant to the Order of the Court governing the issue of jurisdictional discovery.

**DEFINITIONS**

As used herein, the following terms are defined as follows:

1. "Defendants" means Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd.

2. "You", "Your" or "Your Company" means Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd., as applicable, including relevant predecessors, successors, subsidiaries, departments, divisions and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on its behalf.

3. "Other Entity" means any subsidiary, affiliate or agent of Pingyi Baier Building Materials Co., Ltd., Taishan, Beijing New Building Materials Public Limited Co. ("BNBM"), China National Building Material Co., Ltd., Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"), China National Building Materials Group Co. ("CNBM Group"), CNBM USA Corp., Chenxiang, Sinkiang Tianshan Building Material and Gypsum Product Co., Ltd., Taishan Gypsum Co., Ltd. Lucheng Branch, Ynan Taishan Gypsum and Building Material Co., Ltd., Tai'an Jindin Building Material Co., Ltd., Taishan Gypsum (Xiangtan) Co., Ltd., Taishan Gypsum (Pingshan) Co., Ltd., Taishan Gypsum (Hengshui) Co., Ltd., Taishan Gypsum (Henan) Co., Ltd., Hubei Taishan Building Material Co., Ltd., Taishan Gypsum (Tongling) Co., Ltd., Weifang Aotai Gypsum Co., Ltd., Taishan Gypsum (Pizhou) Co., Ltd., Fuxin Taishan Gypsum and Building Material Co., Ltd., Taishan Gypsum (Wenzhou) Co., Ltd., Taishan Gypsum (Chongqing) Co., Ltd., Taishan Gypsum (Jaingyin) Co., Ltd., Qinhuangdao Taishan Building Material Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd., Tai'an Tiashan Gypsum Board Co., Ltd., Taishan Gypsum (Baotou) Co., Ltd., Shaanxi Taishan Gypsum Co., Ltd., Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Chenxiang Building Materials Co., Ltd., Shanghai Yu Yuan Imp & Exp Co., Ltd., Prowall Drywall, Inc. a/k/a Prowall, International Materials Trading a/k/a IMT Gypsum, International Materials Trading, Ltd., IMT, International Materials Trading IMT Chinese Plasterboard, International Materials Trading (IMT) Gypsum, Panel Rey a/k/a Panel de Yeso Panel, Shamrock Gold, Gridmarx a/k/a GridmarX, Grid Marx, GridMarX, Gypsum Board, USB, and Pabco.

4. "Related Entity" means any subsidiary, affiliate or agent You identified in response to Interrogatory Nos. 1 and 2 of Plaintiffs' First Set of Interrogatories Concerning Jurisdictional Issues Addressed to Defendants, Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd.

5. "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

6.      "Communication" means, without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchanges of written or recorded information, or face-to-face meetings.

7.      "Corporate Records" as used herein includes Articles of Organization or Operating Agreements, Partnership or Joint Venture Agreements, Minutes and Resolutions of Officer, Director and Board meetings, listings or evidence of ownership interest and filings with governmental authorities or agencies.

8.      "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether or not planned or scheduled, including, but not limited to, teleconferences, written exchanges through internet/ web based chat, AOL Instant Messenger™ (or similar programs), or electronic "bulletin board" programs.

9.      "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent or other person who is or was employed by a defendants.

10.     "Document" means, without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure.  This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external websites, videos, compact discs, computer files and disks, sales, advertising, and promotional literature, agreements, stored recordings, minutes or other records of Meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

11. "Electronically Stored Information," abbreviated herein as "ESI," has the same meaning and scope in these Requests as it has in the Federal Rules of Civil Procedure.

12. "Relating to", "referring to", "regarding" or "with respect to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

13. "Or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B", you should produce all information about A and all information about B, as well as all information about, collectively, A and B. In other words, "or" should be read as "and/or".

14. "Any" should be construed to mean "any and all."

15. "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

16. "Chinese drywall" refers to drywall, plasterboard or wallboard manufactured in China.

## INSTRUCTIONS

1. Unless otherwise noted, the relevant time period of these document requests is January 1, 2001 through the date of these requests (the "relevant time period"). These document requests seek all responsive documents and ESI created or generated during the relevant time period, as well as all responsive documents and ESI created or generated outside this period, but which contain information concerning this period.

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are continuing in nature so that if you subsequently discover or obtain possession, custody, or control of any document or ESI which plaintiffs have previously requested, you shall promptly make such document or ESI available.

3. In producing documents, ESI and other materials, you are to furnish all documents, ESI or things in your possession, custody or control, regardless of whether such documents, ESI or materials are possessed directly by you or your employees, managing agents, parent company(ies), subsidiaries, affiliates, investigators or by your attorneys or their employees or investigators.

4. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all documents and ESI shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks which may be present on the container.

5. Documents and ESI shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

6. Documents or ESI attached to each other should not be separated. If any portion of any document is responsive to any paragraph or subparagraph of the document requests below, then the entire document must be produced, including but not limited to, hard-copy versions of documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

7. If a document or ESI once existed and subsequently has been lost, destroyed or is otherwise missing, you should provide sufficient information to identify the document and state, in writing, the details including whether the document or ESI:

    a. is lost or missing;

    b. has been destroyed and, if so, by whom and at whose request;

    c. has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or

    d. has been otherwise disposed of.

8. In each instance in which a document or ESI once existed and subsequently has been lost, missing, destroyed or has been otherwise disposed of, explain the circumstances surrounding the disposition of the document or ESI including, but not limited to:

    a. the identity of the person who last possessed the document or ESI;

    b. the date or approximate date of the document's or ESI's disposition; and

    c. the identities of all people who have or had knowledge of the document's or ESI's contents.

9. If any document or ESI responsive to any of the requests is privileged, and the document or ESI, or any portion of the document or ESI requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

    a. the reason for withholding it;

    b. the date of such communication;

    c. the medium of such communication;

    d. the general subject matter of such communication (such description shall not be considered a waiver of your claimed privilege);

    e. the identity of any document or ESI that was the subject of such communication and the present location of the document or ESI;

    f. the identity of the persons involved in such communication;

    g. the identity of any document or ESI which records, refers or relates to such communication and the present location of such document or ESI;

    h. the identity of any document or ESI that was the subject of such communication and the present location of such document or ESI; and

    i. the paragraph or paragraphs of these requests for production of documents or ESI to which such information is responsive.

10. Each document or ESI requested herein should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 9 above, regardless of whether you consider the entire document or ESI, or only part of it to be relevant or responsive to these document requests. If you have redacted any portion of a document, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted. Any redactions to documents produced should be identified in accordance with Instruction 9 above.

11. All documents produced in paper form should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

12. Unless otherwise agreed, all ESI shall be produced in native format. To the extent that any such ESI is not reasonably usable in native format, then such ESI (including any metadata) shall also be produced in such other format as is reasonably usable.

## DOCUMENT REQUESTS

**Request No. 1**

Documents sufficient to show Your ownership interest in, or affiliation with any Related Entity.

**Request No. 2**

Documents sufficient to identify the board of directors, each corporate officer and the organizational structure of You and any Related Entity.

**Request No. 3**

Documents sufficient to show each distribution or transfer of cash or assets, including fees, commissions or other revenue between You and any Related Entity.

**Request No. 4**

Documents sufficient to show the existence of any inter-company loans, advances of funds or cost sharing agreements between You and any Related Entity.

**Request No. 5**

Documents sufficient to show the existence of any guarantees or similar assurances by You to financial institutions on behalf of You and any Related Entity.

**Request No. 6**

All documents that relate to the preparation and approval by You of annual and longer-term business plans, marketing plans and budgets for You and any Related Entity.

**Request No. 7**

Any combined financial statements for You and any Related Entity.

**Request No. 8**

All documents submitted by or on behalf of You or any persons currently or formerly in Your employ to any department or agency of the United States government including, without limitation, any applications for visas, import, export or disposal authorizations or licenses, or currency, monetary or other financial transfers or transactions, or patents.

**Request No. 9**

All documents issued during the relevant time period by any agency or department of the United States government to, at the request of, or on behalf of You or any persons currently or formerly in Your employ, including, but not limited to, visas, import, export or disposal authorizations or licenses, or currency, monetary or other financial transfers or transactions, or patents.

**Request No. 10**

Documents sufficient to show all travel to the United States by any of Your officers, directors, employees, representatives or agents for the purpose of conducting business or engaging in any business activity regarding the marketing, sale or promotion of Chinese Drywall, including, but not limited to, expense records, airplane tickets, hotel bills, car rental bills and other travel records, as well as documents sufficient to show the dates and purposes of all such trips.

**Request No. 11**

Documents sufficient to identify for each year during the relevant time period, all Your assets, including bank accounts, financial instruments or securities, located in the United States and the dollar value of each such asset.

**Request No. 12**

Documents sufficient to show any insurance coverage or policy issued to or in favor of You by any United States insurance company, or covering any insurable event involving You within the United States.

**Request No. 13**

All documents concerning any tax charged to You by any agency of the United States government, or by any state or local government within the United States.

**Request No. 14**

Documents sufficient to show for each year during the relevant time period, Your annual sales of Chinese Drywall to purchasers located in the United States (including, but not limited to sales of Chinese Drywall to any Related Entity located in the United States) and the dollar value for all such sales.

**Request No. 15**

Documents sufficient to show for each year during the relevant time period, the dollar amount and quantity of Chinese Drywall You sold in the United States

**Request No. 16**

Documents sufficient to show for each year during the relevant time period, Your annual sales of any products or services (excluding sales of Chinese Drywall) to purchasers located in the United States (including, but not limited to sales of products or services to any Related Entity).

**Request No. 17**

All documents relating to any written or unwritten agreements or understandings relating to the production, manufacture, marketing, pricing, sale or resale of Chinese Drywall between or among You and any named defendant.

**Request No. 18**

All documents relating to meetings attended by You and any named defendant at which meeting there was any communication concerning the production, manufacture, marketing, pricing or sale of Chinese Drywall directed to the United States.

**Request No. 19**

All documents related to any communications among defendants concerning the production, manufacture, marketing, pricing or sale of Chinese Drywall directed to the United States.

**Request No. 20**

All communications between you and any other Person with respect to sales of Chinese Drywall in the United States.

**Request No.  21**

Documents sufficient to show all licensing agreements, the sharing of technology or the provision of technical assistance by You to any Related Entity.

**Request No. 22**

All documents reflecting any requests by a Related Entity for Your authorization or approval for expenditures or relating to the manufacturing, pricing or distribution of Chinese Drywall.

**Request No. 23**

All documents reflecting Your authorizations, approvals or denials of authorizations or approvals in response to any request for expenditures or relating to the manufacturing, pricing or distribution of Chinese drywall from any Related Entity.

**Request No. 24**

All marketing or public relations documents relating to Chinese Drywall including, but not limited to, brochures, advertisements, news releases, customer service reports, technical articles and price lists produced by You or for use by any Related Entity in the United States.

**Request No. 25**

All documents and reports regarding actual or prospective purchasers of Chinese drywall, including reports regarding actual or projected sales of Chinese drywall by any Related Entity.

**Request No. 26**

All documents concerning any United States patent, trademark or copyright application made by You.

**Request No. 27**

All documents related to any United States legal proceedings involving You, including, but not limited to, any:

    (a)    Claim, complaint, counterclaim or third party claim You filed in any court, administrative agency or any other governmental entity within the United States or any State or other jurisdiction of the United States;

    (b)    Discovery responses and answers You filed in any litigation in which personal jurisdiction over You in the United States was or is an issue and any judicial orders, memoranda or opinions issued thereon; and

    (c)    Copies of any judgment, levy or assessment entered in the United States against or in favor of You.

**Request No. 28**

All Court Orders issued in any United States action wherein the Court decided a motion You made to dismiss for lack of personal jurisdiction and all briefs submitted by the parties in support of, or opposition to, such a motion.

**Request No. 29**

Documents sufficient to identify any and all agents You authorized to receive service of process or notice of proceedings within the United States or any State or other jurisdiction of the United States, for any or all litigation or proceedings, including, but not limited to 35 U.S.C. § 293.

**Request No. 30**

Your Corporate Records.

**Request No. 31**

A corporate organizational chart identifying entities, together with the name and identification of individuals with specific job duties for each year.

**Request No. 32**

All documents, correspondence and communications by and between You and JP Morgan.

**Request No. 33**

All documents, correspondence and communications by and between You and Morgan Stanley.

**Request No. 34**

All documents related to any legal proceedings involving a cartel and/or plasterboard that You were involved in, including, but not limited to, any:

 (a) Claim, complaint, counterclaim or third party claim You filed or was named a party in any court, administrative agency or any other governmental entity, excluding any claim or lawsuit filed in this litigation;

 (b) Discovery responses and answers You filed in any litigation in which personal jurisdiction over You in the United States was or is an issue and any judicial orders, memoranda or opinions issued thereon; and

 (c) Copies of any judgment, levy or assessment entered against or in favor of You.

**Request No. 35**

Documents showing or reflecting any proprietary interest, governance, ownership or other commercial relationship between you and the Peoples Republic of China.

**Request No. 36**

Documents sufficient to show Your ownership interest in, or affiliation with any Other Entity.

**Request No. 37**

Documents sufficient to identify the board of directors, each corporate officer and the organizational structure of any Other Entity.

                                                                       Respectfully submitted,

Dated: September 24, 2010                 /s/ Russ M. Herman
                                                   Russ M. Herman, Esquire
                                                   Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin, Esquire
Fred S. Longer, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing discovery has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 24th day of September, 2010.

    /s/ Leonard A. Davis
    Leonard A. Davis
    Herman, Herman, Katz & Cotlar, LLP
    820 O'Keefe Ave.
    New Orleans, LA 70113
    PH: (504) 581-4892
    Fax: (504) 561-6024
    ldavis@hhkc.com