# EXHIBIT "G"

HERMAN HERMAN KATZ & COTLAR
— L.L.P. —
ATTORNEYS AT LAW
Est. 1942

820 O'Keefe Avenue
New Orleans, Louisiana
70113-1116

p: 504.581.4892
f: 504.561.6024
e: info@hhkc.com

hhkc.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†
Stephen J. Herman

Brian D. Katz
Soren E. Gisleson

Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Jeremy S. Epstein†
Edmond H. Knoll
Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans
and Covington, Louisiana

This firm and its partners are also
partners in Herman Gerel, LLP
(formerly known as Herman, Mathis,
Casey, Kitchens & Gerel, LLP)

* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

December 27, 2010

**VIA EMAIL**
Richard Stanley
Stanley Reuter Ross Thornton & Alford, LLC
909 Poydras Street
Suite 2500
New Orleans, LA 70112

Dear Rick:

We write to you to outline our concerns for a meet and confer we need to coordinate with you regarding your clients Taian Taishan Plasterboard Co. Ltd. ("TTP") and Taishan Gypsum Co., Ltd. ("Taishan Gypsum") (collectively, "Defendants") answers to the PSC's First Set of Interrogatories and responses to the PSC's First Request Production. We believe the answers and responses are deficient, incomplete and evasive for the reasons set forth below. In an effort to avoid a motion to compel from the PSC, please call or meet at my office at 1 pm on Wednesday December 29, 2010 for a meet and confer.

We have addressed our concerns below. Because Defendants' answers and responses are substantially similar, we have treated the two Defendant entities as one throughout to streamline our discussions.

A. **Defendants' limiting the Definition of "You," "Your," and "Your Company," in answers to all interrogatories and responses to requests for production:**

Defendants have impermissibly limited the PSC's definition of "You" resulting in an incomplete and evasive answer to the discovery. The PSC permissibly defined "You" in its interrogatories and requests for production as:

> "You", "your" or "your company" means Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., as applicable, including relevant predecessors, successors, subsidiaries, departments, divisions and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers, employees, agents,

1

representatives or any persons acting or purporting to act on its behalf.[1]

Defendants objected to the PSC's definition of you as vague, ambiguous, and overbroad. TTP, and similarly Taishan Gypsum, unilaterally limited the PSC's definition of "You" to mean: "Taian Taishan Plasterboard Co. Ltd., as well as its predecessors in interest, agents, employees, representatives or other persons acting or purporting to act for or on its behalf." In summary, Defendants have excluded the following terms from PSC's definition of "You": "successors, subsidiaries, departments, divisions and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers..." Upon information and belief, Defendants' limited the definition of the term "You" so they could limit, if not totally block, discovery of their minimum contacts in the U.S. on the issue of personal jurisdiction.

For example, interrogatories 1-3 concern Defendants' ownership interest in corporations in the U.S. (interrogatory 1), Defendants' agents in the U.S. for the sale of Chinese drywall (interrogatory 2) and Defendants' employees in the U.S. (interrogatory 3). The PSC's definition of "You" as used in interrogatories 1-3 is reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction, to wit: the discovery of what involvement Defendants, its subsidiaries, entities it had control over, etc., had minimum contacts in the United States. Defendants' unilateral limitation of basis terms only serves to prevent permissible discovery.

Additionally, because Defendants have impermissibly limited the definitions of "You," "Your," and "Your Company," it directly affects Defendants' responses to requests for production where "Related Entity" is a defined term (Requests 1-8, 14, 21, 23-25). The term "Related Entity" is defined by Defendants' answers to interrogatories 1 and 2, where Defendants have improperly limited their answers.

### B. Objection to definition of "Other Entity."

Defendants have made an objection to the PSC's term for "Other Entity." It is not clear to the PSC whether Defendants are refusing to produce documents in the PSC's requests using the defined term "Other Entity." Clarification is needed on this point from Defendants, as it materially affects multiple PSC requests for production using the term for requests that are reasonably calculated to lead to the discovery of admissible evidence.

### C. General objections 7-8 to the PSC's requests for production:

Defendants improperly objected on the basis that they do not have to produce documents that are "more appropriately sought from third parties to whom discovery requests have been made or

---

[1] Rather than repeat each definition of "You," "your," or "your company," we have used the example of the definition from the discovery to Taishan Gypsum. The definitions of the same terms are identical in discovery to TTP with the exception of the Defendants' name.

2

may be directed or are in the possession, custody or control of Plaintiffs." Page 4 of Def's. Resp. to RFP, objection number 7. Defendants improperly objected in general objection number 8 that they do not have to produce publicly available documents or information Plaintiffs may obtain elsewhere. Defendants' objections are contrary to Fed. R. Civ. P. 34(a)(1), requiring production of documents in the responding party's "possession, custody, or control" and not privileged. To the extent that documents are in the possession, custody or control of Defendants, they must produce them.

### D. General objection 11 to the PSC's requests for production regarding time frame:

Defendants object that the PSC is seeking information from an unspecified time period. The PSC's requests for production are clear, unless otherwise stated in the request, the time frame requested is "January 1, 2001 through the date of these requests (the "relevant time period"). Instruction 1, p. 4 of PSC's RFP.

### E. General objection 13 regarding Chinese law:

Defendants object and state that they will respond to the requests "to the extent permitted by the laws of the People's Republic of China and any political subdivisions therein." The PSC notes in Defendants' responses that it is not objecting on the basis of Chinese law, nor does it cite any applicable Chinese law. The PSC requests that Defendants state in any privilege log it will be producing the alleged applicable Chinese law that prevents the disclosure of information in this case. Furthermore, Federal law controls all procedural aspects of this case and the relevant state laws control the substantive aspects of the law so that Chinese law is irrelevant in this matter.

### F. Defendants' responses to requests for production numbered 5-7, 14-20, 24-25, 30-31 and interrogatories numbered 6, and 15-16 that it will produce documents that "can be reasonably located."

Defendants respond to numerous requests for production that they will produce documents that "can be reasonably located." Pursuant to Fed. R. Civ. P. 34(a)(1), Defendants' limiting production to what they term as being "reasonably located" is improper. Rule 34(a)(1) is unambiguous, it requires production of documents in the Defendants' "possession, custody, or control." To the extent that documents are in the possession, custody or control of Defendants, they must produce them. The standard is not what Defendants can reasonably locate.

### G. Defendants' limitation of its responses to requests for producing documents "concerning its [Defendants'] sales of drywall made to dimensions commonly used in the U.S. ..." in requests for production 14-15 and 18-20

The PSC requests that Defendants provide a list of all shipments to the United States.

### H. Request No. 23 is easily understood:

3

Request No. 23
All documents reflecting Your authorizations, approvals or denials of authorizations or approvals in response to any request for expenditures or relating to the manufacturing, pricing or distribution of Chinese drywall from any Related Entity.

Response to Request No. 23
Defendant objects to this Request because it is vague, ambiguous and incomprehensible.

PSC's argument as to Request No. 23: The PSC's Request number 23 is straightforward and easily understood. It is a narrowly focused request for information on spending, pricing or distribution of Chinese drywall from any Related Entity, as defined by the PSC. Moreover, the request is reasonably calculated to lead to the discovery of admissible evidence if Defendants approved or denied spending related to manufacturing, pricing, or distribution of Chinese drywall to a Related Entity that was doing business in the U.S., which is relevant to the question of the Court's personal jurisdiction over Defendants.

I. **Request No. 27:**
   All documents related to any United States legal proceedings involving You, including, but not limited to, any:

   (a) Claim, complaint, counterclaim or third party claim You filed in any court, administrative agency or any other governmental entity within the United States or any State or other jurisdiction of the United States;

   (b) Discovery responses and answers You filed in any litigation in which personal jurisdiction over You in the United States was or is an issue and any judicial orders, memoranda or opinions issued thereon;and

   (c) Copies of any judgment, levy or assessment entered in the United States against or in favor of You.

Response to Request No. 27
Defendant reasserts its General Objections in response to this Request. Defendant also objects to this Request as palpably improper and unreasonably burdensome to the extent that it seeks documents prepared or compiled by its attorneys in anticipation of litigation or in the defense of litigation, or which are publicly available and equally accessible to Plaintiffs.

Subject to and without waiving the foregoing objections, Defendant will produce discovery responses and answers in any litigation in which personal jurisdiction over Defendant in the United States was an issue. Defendant states that there are no judicial orders, memoranda or opinions issued thereon. Defendant further states that it will not produce any other documents in response to this request.

PSC's argument as to Request No. 27: Request number 27 is a straightforward request for documents that were filed publicly or served in legal proceedings involving Defendants in the United States. If defendants are making a work product privilege objection by stating that

4

Plaintiffs are seeking documents prepared for "in anticipation of litigation," they should state it clearly and add those documents to a privilege log. That the documents are "equally accessible" to the PSC is not a valid objection. Once again, Fed. R. Civ. P. 34(a)(1), requires production of documents in the responding party's "possession, custody, or control." To the extent that documents are in the possession, custody or control of Defendants, they must produce them.

Defendants refuse to provide documents for requests 27 (a) and (c) without a proper objection. As to 27(a) if Defendants filed a claim, complaint, counterclaim in the United States, it bears directly on Defendants' contacts in the United States and whether Defendants can reasonably be expected to be haled into a court in the United States. The same analysis is true for 27(c).

### J. Request No. 34 is easily understood:

Request Number 34:
All documents related to any legal proceedings involving a cartel and/or plasterboard that You were involved in, including, but not limited to, any:

(a) Claim, complaint, counterclaim or third party claim You filed or was named a party in any court, administrative agency or any other governmental entity, excluding any claim or lawsuit filed in this litigation;

(b) Discovery responses and answers You filed in any litigation in which personal jurisdiction over You in the United States was or is an issue and any judicial orders, memoranda or opinions issued thereon; and

(c) Copies of any judgment, levy or assessment entered against or in favor of You.

Response to Request No. 34
Defendant reasserts its General Objections in response to this Request. Defendant objects to this Request because it is vague, ambiguous and incomprehensible.

PSC's argument as to request number 34: Request number 34 is similar to request number 27, that Defendants did not object to as being "vague, ambiguous, and incomprehensible." The only difference between request 27 and 34, is that request 34 is a request for documents from legal proceedings regarding any cartel Defendants were alleged to be involved in. A "cartel" is defined as "a combination of independent commercial or industrial enterprises designed to limit competition or fix prices."[2] The request also asks for documents from legal proceedings regarding plasterboard. That "plasterboard" is "vague, ambiguous, and incomprehensible" to Defendants is disingenuous.

### K. Request No. 35:

Request No. 35

---

[2] Merriam-Webster.

5

Documents showing or reflecting any proprietary interest, governance, ownership or other commercial relationship between you and the Peoples Republic of China.

Response to Request No. 35
Defendant reasserts its General Objections in response to this Request. Defendant further objects to this Request as overbroad, unreasonably burdensome, palpably improper and harassing because the activities of other entities are irrelevant to the question of whether the Court has personal jurisdiction over Defendant.

PSC's Response to Request No. 35: "Relevancy" is not a proper objection to discovery. The standard for discovery is whether the request is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 34(a)(1). Request number 35 is reasonably calculated to lead to the discovery of admissible evidence as to documents concerning the Defendants business relationship with the Peoples Republic of China. For example, if the agents of the Peoples Republic of China conducted trade missions directed to the United States or trade fairs targeting the drywall market in the United States and the People's Republic of China had an ownership interest in Defendants, then there may be a question of agency/alter ego from those activities in or directed to the United States for personal jurisdiction purposes. This is but one example and not intended to limit the scope the PSC's valid request for production. Another example may be other manufacturers related to Taishan and the Peoples Republic of China that sell drywall in the United States.

## L. Request No. 36:

Request No. 36
Documents sufficient to show Your ownership interest in, or affiliation with any Other Entity.

Response to Request No. 36
Defendant reasserts its General Objections in response to this Request. Defendant further objects to this Request as overbroad, unreasonably burdensome, palpably improper and harassing because the activities of other entities are irrelevant to the question of whether the Court has personal jurisdiction over Defendant.

PSC's argument as to request number 36: "Relevancy" is not a proper objection to discovery. The standard for discovery is whether the request is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 34(a)(1). Request number 36 is reasonably calculated to lead to the discovery of admissible evidence as to documents concerning Defendants' ownership interest or affiliation with any "Other Entity" as defined by the PSC. For example, if there are agents under the control of an "Other Entity" that directed, facilitated, or conducted sales of Defendants' products into the United States, then there may be a question of agency/alter ego from those activities in or directed to the United States for personal jurisdiction purposes. This is but one example and not intended to limit the scope the PSC's valid request for production. See also comments to 35 above.

## M. Request No. 37:

Request No. 37

6

Documents sufficient to identify the board of directors, each corporate officer and the organizational structure of any Other Entity.

Response to Request No. 37
Defendant reasserts its General Objections in response to this Request. Defendant further objects to this Request as overbroad, unreasonably burdensome, palpably improper and harassing because the activities of other entities are irrelevant to the question of whether the Court has personal jurisdiction over Defendant.

PSC's argument as to request number 37: "Relevancy" is not a proper objection to discovery. The standard for discovery is whether the request is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 34(a)(1). Request number 37 is reasonably calculated to lead to the discovery of admissible evidence as to documents concerning the makeup of any "Other Entit[ies]" board of directors, corporate officers and organizational structure. For example, if Defendants and an "Other Entity" shared a board or directors, or members or officers, there may be agency/alter ego and control issues as to what the "Other Entity" did on behalf of Defendants to direct, facilitate, or conducted sales of Defendants' products into the United States for personal jurisdiction purposes. This is but one example and not intended to limit the scope the PSC's valid request for production.

### N. Boilerplate objections, "overbroad," "unreasonably burdensome," and "harassing":

Defendants have made boilerplate objections such as "overbroad," "unreasonably burdensome," and "harassing." Defendants have failed to provide any support in their answers and responses that any of the PSC's discovery is overbroad, unreasonably burdensome or harassing.

We trust that we will be able to resolve many, if not all of these issues with you in a meet and confer. To the extent that we are unable to resolve the issues, we will file a motion to compel for the Court's consideration. We look forward to your early reply and anticipated cooperation.

Very truly yours,

LEONARD A. DAVIS

LAD:ltr
cc: Russ Herman
    Arnold Levin
    Fred Longer
    PSC Jurisdiction Discovery Team

7