**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al., Case No. 2:10-cv-00361 (E.D.La.) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**OMNIBUS MOTION FOR PRELIMINARY DEFAULT JUDGMENT**

I.   **INTRODUCTION**

Plaintiffs, Kenneth and Barbara Wiltz, are the owners of properties in which defective

Chinese drywall was installed that was manufactured and distributed by the manufacturing

defendants named in the Plaintiffs' Amended Omnibus Class Action Complaint (II) (the

"Complaint"), *i.e.*, Beijing New Building Materials Public Limited Co.; Taishan Gypsum Co.,

Ltd. F/k/a Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Pingyi

Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials

Co., Ltd.; Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan

Building Materials Co., Ltd.; Prowall Drywall, Inc.;[1] International Materials Trading;[2] Panel

Rey;[3] Shamrock Gold; Gridmarx;[4] Gypsum Board; Pabco; and USB.  Plaintiffs have asserted

claims against the manufacturers, distributors, suppliers, importers, exports, brokers, builders,

---

[1] a.k.a. Prowall; Pro Wall; and Pro-Wall.

[2] a.k.a. IMT Gypsum; International Materials Trading, Ltd.; IMT; International Materials Trading IMT Chinese Plasterboard; and International Materials Trading (IMT) Gypsum.

[3] a.k.a. Panel de Yeso Panel.

[4] a.k.a. GridmarX; Grid Marx; and GridMarX.

developers, and contractor/installers of the defective Chinese manufactured drywall in the plaintiffs' homes.

Shortly after filing their complaint, Plaintiffs commenced serving the complaint on each of the named defendants.  Many of the foreign defendants who have been served with the complaint have failed to enter an appearance, answer, or otherwise respond to the complaint.  For this reason, Plaintiffs request that the Court enter preliminary default judgment against each of these foreign defendants in favor of Plaintiffs and the class they seek to represent in accordance with Fed.R.Civ.P. 55 and this Court's Minute Entry dated August 11, 2009.

## II.   **FACTS**

The plaintiffs in *Wiltz* commenced this action on March 15, 2010, by filing the Complaint directly in the MDL court.  The Complaint asserts claims against defendants for negligence, negligence per se, strict liability, breach of express and/or implied warranty, breach of implied warranty of fitness and merchantability pursuant to Florida Statutes Section 718.203, breach of implied warranty of habitability, breach of contract, violation of the Louisiana New Home Warranty Act, redhibition, Louisiana Product Liability Act, private nuisance, negligent discharge of corrosive substance, unjust enrichment, violation of the Consumer Protection Acts, and for equitable and injunctive relief and medical monitoring.

Since the filing of the complaint, Plaintiffs have received notice that certain defendants have been served by virtue of leaving rejected legal process with the defendant.  The following defendants have been served in this manner:

1.   Beijing New Building Materials Public Limited Co. on August 25, 2010;

2.   Taian Taishan Plasterboard Co., Ltd. on September 25, 2010, and

3.   Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. on September 25, 2010.

2

*See* Levin Declaration, Exhibit "A". These defendants shall be referred to herein collectively as the Defaulting Defendants.

As of the filing of this motion, none of the Defaulting Defendants listed above have entered an appearance, filed an answer, or otherwise responded to the Complaint.

## III.   <u>ARGUMENT</u>

The entry of a default judgment is governed by Fed.R.Civ.Proc. 55, which states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default...
>
> [In cases where the plaintiff's claim is for a sum that is not certain and cannot be made certain by computation], the party must apply to the court for a default judgment...If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing...

*See* Fed.Rule.Civ.Proc. 55.

This Court has publically warned defendants that their counsel must enter an appearance on their behalf within twenty (20) days of service of the complaint or risk being held in default:

> IT IS ORDERED that Pretrial Order #1, Paragraph 8 regarding EXTENSION AND STAY be and is hereby MODIFIED to reflect that those who have been served and who have not made an appearance will be subject to default. The Court instructed the parties to file a motion for default in cases involving parties who have been served but who have not made an appearance, before the next status conference.

*See* Minute Entry dated August 11, 2009, p.3 [Document # 165]. *See also* Pretrial Order ("PTO") No. 1G (clarifying that counsel must enter an appearance within twenty (20) days after

service of a complaint on their client) [Document # 3348].[5]

Here, Plaintiffs received documentation reflecting service of the Complaint and summons on each of Defaulting Defendants on the dates set forth above. *See* Levin Declaration, Exhibit "A". The most recent of the Defaulting Defendants to be served, Taian Taishan Plasterboard Co., Ltd., was served with the Complaint and summons on September 25, 2010. Thus, the deadline for the Defaulting Defendants to enter an appearance or serve a responsive pleading expired, at the latest, on October 15, 2010. As of this date, none of the Defaulting Defendants have entered an appearance or filed a responsive pleading notwithstanding the Court's instruction that they must enter an appearance within 20 days of service of process or risk being held in default.

Accordingly, the Defaulting Defendants have failed to respond to Plaintiffs' Complaint or otherwise defend this matter. As the Fifth Circuit has explained, mere acceptance of service does not constitute an appearance for purposes of Fed.R.Civ.Proc. 55(b)(2). *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Thus, plaintiffs need not notify the Defaulting Defendants of the present motion for preliminary default judgment.

The Defaulting Defendants have proffered no excuse for their failure to respond to Plaintiffs' Complaint. Accordingly, by the plain language of Fed.Rules Civ. Proc. 55, Plaintiffs and the class they seek to represent are entitled to an entry of default and preliminary default judgment.

## IV.   **CONCLUSION**

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the

---

[5] Pursuant to Fed.Rule Civ. Proc. 12, a defendant must serve an answer within 20 days after being served with the summons and complaint. *See* Fed.R.Civ.Proc. 12(a)(1)(A)(I). PTO No. 1G is designed to relax the burden on defendants by allowing them to avoid default by entering an appearance within 20 days of service of process.

Court grant Plaintiffs' omnibus motion for preliminary default judgment.

Respectfully submitted,

Dated: January 13, 2011

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@altersaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Second Omnibus Motion for Preliminary Default Judgment and Memorandum of Law in support thereof have been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and first class mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 13th day of January, 2011.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047