## Murphy, M.Tomas

| | |
|---|---|
| **From:** | Lenny Davis [LDAVIS@hhkc.com] |
| **Sent:** | Friday, October 29, 2010 4:59 PM |
| **To:** | Glickstein, Steven |
| **Cc:** | Arnold Levin; Russ Herman; Fred Longer; Anthony Irpino; Grand, Jeff; Ervin@colson.com; Patrick Montoya; Linda Golkow; kmiller; Grass, Robert; Murphy, M.Tomas; Garvey, Karin |
| **Subject:** | RE: drywall/confidentiality designations |
| **Categories:** | RETAIN |

We respectfully disagree with your contention that we have to be more specific than the objection with which we have provided you. We have been specific to the depos at issue (as opposed to all depos or all documents). However, regardless of same, there is a more fundamental issue which you are skipping over. PTO #16 (paragraph #6) requires you to make confidentiality designations in "good faith." Here is the pertinent language from PTO #16:

> "Any party may object to the propriety of the designation (or re-designation) of specific material as Confidential or Highly Confidential-Restricted by serving a written objection upon the Producing Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i agreeing to remove the designation; or (ii) stating the reasons for such designation..."

There is a more fundamental issue of "good faith" designation by Knauf. Paragraph 6 of PTO #16 requires "good faith" designations, as follows:

> "'Confidential Information' as used herein means any information that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c)..."

Knauf has marked as confidential a portion of Froehlich's testimony where he discusses his affidavit (which should be a matter of public record). This is but one example. Your designation as confidential of p. 47, line 20 – p. 48, line 9 of Oliver Froehlich's deposition where he discusses his affidavit (which is a matter of public record) is an example of why we had to object to your designations. Here are the specifics from that confidentiality designation:

```
20. Q. Now, you also make the
21 statement that no direct or indirect
22 subsidiaries of Knauf Gips are located or
23 operate in a number of states, including
24 the United States?
1 A. What do you mean by
2 "indirect"?
3 Q. I ask you the question, Mr.
4 Froehlich. What did you mean when you
5 used that word?
6 A. I can't tell you that in
7 this regard. I consulted with the legal
8 department at the time, and they
9 confirmed that statement.
```

What the heck is confidential about that?

With that said, we do believe that if you review your confidentiality designations (with an eye towards making them in "good faith"), it should result in progress inasmuch as we will likely be dealing with substantially fewer designations. In an effort to work with you and avoid a fight, we will await your response on November 8 and then proceed from there.

1


EXHIBIT B

Leonard A. Davis
Attorney at Law
Herman, Herman, Katz & Cotlar LLP
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Glickstein, Steven [mailto:SGlickstein@kayescholer.com]
**Sent:** Thursday, October 28, 2010 6:07 PM
**To:** Lenny Davis
**Cc:** Arnold Levin; Russ Herman; Fred Longer; Anthony Irpino; Grand, Jeff; Ervin@colson.com; Patrick Montoya; Linda Golkow; kmiller; Grass, Robert; Murphy, M.Tomas; Garvey, Karin
**Subject:** FW: drywall/confidentiality designations

Lenny,

Although I don't think your blanket objection to our confidentiality designations complies with Pretrial Order 16, Paragraph 28 -- which requires you to identify the "specific material" to which you object rather than making a blanket objection -- in the interest of compromise and good relations, I will have our folks take another look at these designations. We'll have this review completed by November 8.

I don't agree that the designations have been overly broad. We have designated page and line, and not the entire depositions. In addition, PTO 1 protects confidential commercial information and not just R & D and trade secrets. The designated material is confidential commercial information.

Nonetheless, since you have asked me to take another look -- and I want to see if I can avoid a fight, if possible -- we will take another look and let you know on November 8. That will give you plenty of time to tee up the issue with Judge Fallon at the next status conference, if the matter is not resolved.

"Lenny Davis"
<LDAVIS@hhkc.com>

10/20/2010 02:34 PM

To "Miller, Kerry J." <kmiller@frilot.com>; "Steven Glickstein" <sglickstein@kayescholer.com>

cc "Arnold Levin" <ALevin@lfsblaw.com>; "Russ Herman" <RHERMAN@hhkc.com>; "Fred Longer" <FLonger@lfsblaw.com>; "Anthony Irpino" <airpino@irpinolaw.com>; "Grand, Jeff" <jgrand@seegerweiss.com>; <Ervin@colson.com>; "Patrick Montoya" <patrick@colson.com>; "Linda Golkow" <LGolkow@golkow.com>

Subject drywall/confidentiality designations

The Knauf defendants have recently submitted confidentiality designations as follows:

1) 10/19/10 – Confidentiality Designations for Robert Claxton
2) 10/15/10 – Confidentiality Designations for Jeff Brisley
3) 10/8/10 – Confidentiality Designations for Oliver Froehlich

Undoubtedly, we will be receiving confidentiality designations for Stuermer within the next week. I also think we will possibly be getting Hummell designations and others

● PTO #16, Paragraph 8 requires that "In designating discovery materials as Highly Confidential-Restricted Information, <u>the Producing Party shall do so in good faith</u> consistent with the provisions of this Protective Order and the rulings of the Court, <u>and shall not be overly broad in designating information as Confidential Information under the Protective Order</u>." (Emphasis added).
● PTO #16, Paragraph 12 addresses confidential designations relating to depositions, and requires that the Producing Party designate "...the portions of the transcript in a letter to be served on the court reporter and all counsel within seven (7) business days of the date the court reporter makes the transcript available for the Producing Party's review. The letter shall direct the court reporter to indicate the portions designated as Confidential Information or Highly Confidential-Restricted Information and segregate them as appropriate."

● PTO #16, Paragraph 28 addresses objecting to confidentiality designations, and requires that the objecting party serve "... a written objection upon the Producing Party's counsel.
The next step (pursuant to the same paragraph), is that "[t]he Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (I) agreeing to remove the designation; or (II stating the reasons for such designation. If the Objecting Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue after meeting and

>conferring, the Objecting Party may move the Court for an order striking the designation within ten (10) days after written notice that the parties' meet and confer efforts have ended."

We are in receipt of the Knauf Defendants' confidentiality designations for the following depositions: a) September 20 and 21, 2010 deposition of Oliver Froehlich, b) September 27, 2010 deposition of Jeffrey R. Brisley, and c) September 28, 2010 deposition of Robert Claxton.

Pursuant to Paragraph 28 of Pretrial Order #16 issued on September 25, 2009, this shall serve as our written objection to the aforementioned confidentiality designations submitted by you. Moreover, pursuant to same, please either remover those confidentiality designations or provide us with the reasons for each of these designations within ten (10) days. Should you desire to meet or confer regarding this please set forth some times and we will have a PSC representative available to address the issues. Thank you.

Leonard A. Davis
Attorney at Law
Herman, Herman, Katz & Cotlar LLP
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

\* \* \* \*

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.