UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | MDL NO. 2047 |
| IN RE: CHINESE-MANUFACTURED DRYWALL | |
| PRODUCTS LIABILITY LITIGATION | SECTION:  L |
| THIS DOCUMENT RELATES TO: | |
| | JUDGE FALLON |
| ALL CASES | MAG. JUDGE WILKINSON |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL RESPONSES TO RULE 34 REQUESTS FOR DOCUMENTS

Defendants Standard Pacific of South Florida GP, Inc., HWB Construction, Inc., and Standard Pacific of South Florida, a Florida General Partnership (collectively "Defendants"), reserving all rights and defenses, including specifically their objections to the jurisdiction of this Court as set forth in their Motion to Dismiss for Lack of Personal Jurisdiction [Doc. #2804], hereby respond in opposition to Plaintiffs' Steering Committee's Motion to Compel Responses to Rule 34 Requests for Documents.  Defendants also renew their requests to this Honorable Court for entry of an Order staying any further discovery as to Defendants [Doc. #2805] and entry of a Protective Order concerning Plaintiffs' Rule 34 Requests for Documents [Doc. #3065], as set forth in the following Memorandum of Law.[1]

## I.       INTRODUCTION

The Defendants are not subject to the jurisdiction of this Court and should not be compelled to respond to Plaintiffs' Rule 34 Requests for Documents.  Defendants previously filed a Motion to Dismiss for Lack of Personal Jurisdiction [Doc. #2804] and a Motion to Stay

---

[1] Defendants make this motion without waiving any and all defenses, including their objections to personal jurisdiction. [Doc. #2804.]

Discovery during the pendency of their Motion to Dismiss [Doc. #2805].  After being served with Plaintiffs' document requests that are at issue here, Defendants filed objections and a Motion for Protective Order [Doc. #3065].  All of Defendants' motions remain pending before the Court.

Despite their firm belief that they are not subject to this Court's jurisdiction (and corresponding requests to stay discovery and for a protective order), Defendants timely complied with all Pre-Trial Orders, including 1G and 11, with respect to Plaintiffs' document requests.  As a result, Defendants have already provided Plaintiffs' Steering Committee the discovery they now seek, namely insurance information and copies of insurance policies.  Prior to filing this response, the undersigned attempted to resolve the discovery dispute described in Plaintiffs' Motion to Compel, but was unable to do so.

As set forth herein, this Court should deny Plaintiffs' Motion to Compel because this Court lacks jurisdiction over Defendants and, further, Defendants already provided Plaintiffs with the insurance information they purportedly seek.  The Court should also (1) enter an Order staying discovery as to Defendants until their Motion to Dismiss has been decided, and (2) enter a Protective Order, as previously requested.

## II.    FACTUAL BACKGROUND

Plaintiffs filed the lawsuit commonly referred to as "Payton" or "Omni I" on or about December 9, 2009.  The undersigned counsel first made an appearance on February 24, 2010, on behalf of Standard Pacific of South Florida GP, Inc. and HWB Construction, and on March 26, 2010 on behalf of Standard Pacific of South Florida, a Florida General Partnership.[2]  On April 29, 2010, and prior to the entry of Pre-Trial Order 1G, which suspended deadlines to respond to

---

[2] The Notices of Appearance filed on behalf of Defendants were made subject to all reservation of rights and without waiver of defenses, including Defendants' objections to personal jurisdiction.

2

Plaintiffs' various Complaints, Defendants filed their Motion to Dismiss for Lack of Personal Jurisdiction [Doc. #2804], a copy of which is attached as Exhibit "A."  Also on April 29, 2010, Defendants filed a Motion to Stay Discovery [Doc. #2805] pending resolution of their Motion to Dismiss, a copy of which is attached hereto as Exhibit "B."

In the interim, on Thursday, April 1, 2010, without prior notice or conferral with counsel, Plaintiffs served subpoenas for the production of documents and deposition testimony on Defendants.  The Court subsequently entered Pretrial Order No. 24, which specified that the document subpoenas shall be treated as document requests served pursuant to Rule 34 of the Federal Rules of Civil Procedure.  The Order provided Defendants additional time to respond – within twenty (20) days of the entry of the Order or thirty (30) days after service of the subpoenas, whichever is later in time.  In addition, the Court continued without date the Rule 30(b)(6) depositions that had been unilaterally set by Plaintiffs.  Defendants, in turn, filed objections to Plaintiffs' Subpoenas and a Motion for Protective Order on May 14, 2010 [Doc. #3065], a copy of which is attached as Exhibit "C."  Defendants' Motion for Protective Order sought an order from the Court providing that the production of documents requested by Plaintiffs not occur until the Court had resolved Defendants' personal jurisdiction arguments. The motion stated:

> Defendants Standard Pacific of South Florida GP, Inc., HWB Construction, Inc., and Standard Pacific of South Florida, a Florida General Partnership, respectfully request that this Court enter a protective order providing that the production of responsive materials and testimony sought by the subpoenas not occur until after the resolution of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Stay Discovery, together with such additional relief as the Court deems just and proper.

[Doc. 3065 at p. 5.]

3

On June 1, 2010, the Court ordered Plaintiffs to respond to Defendants' pending Motion to Stay Discovery [Doc. #3491].  Plaintiffs did so on June 11, 2010 [Doc. #3681].  Plaintiffs' response to Defendants' Motion to Stay made clear that, although Plaintiffs' discovery requests sought vast categories of documents, all Plaintiffs really cared about was the production of insurance documents.  It stated: "Only by obtaining this initial disclosure, can the information necessary to verify a valid census of insurance matters at issue in this MDL be gathered."  [Doc. #3681 at p. 5.]

While reserving all objections, Defendants complied with Plaintiffs' requests for insurance information.  Defendants, in fact, completed builder profile forms containing insurance information and produced the requested policies.  Despite the fact that Defendants sought a protective order over this exact discovery and ultimately provided Plaintiffs the insurance information Plaintiffs requested, Plaintiffs have now filed a Motion to Compel.

Defendants should not be compelled to provide further responses to Plaintiffs' discovery requests.  The requests are unduly burdensome and will cause unnecessary expense particularly in light of Defendants' pending Motions to Dismiss for Lack of Personal Jurisdiction and to Stay Discovery.  In addition, as set forth in Defendants' Motion for Protective Order [Doc. #3065], the discovery sought is largely duplicative of the Court's required profile forms, which Defendants have timely submitted along with copies of insurance policies.  The subpoenas also improperly request documents which are protected by the attorney-client and attorney work-product privileges and are premature.  Defendants therefore oppose Plaintiffs' Motion to Compel, object to the subpoenas and renew Defendants' Motion to Stay Discovery and Motion for entry of a Protective Order.

## III.   ARGUMENT

### A.   This Court Lacks Personal Jurisdiction over Defendants.

Defendants have their principal places of business in Florida, where they are engaged in the business of building residential homes.  All of the residential homes built by Defendants and described in this litigation are located in Florida.  None of the Defendants are incorporated in Louisiana, nor are they qualified to do business in Louisiana, and none have ever engaged in business within the State of Louisiana.  They have no subsidiaries, employees, offices or comparable facilities in Louisiana and do not specifically direct any advertising to persons in Louisiana.  Given Defendants' lack of any contact whatsoever with Louisiana, imposing jurisdiction over them would violate Louisiana's Long-Arm Statute and Constitutional due process requirements.  A copy of Defendants' pending Motion to Dismiss the Omnibus Class Action Complaint for Lack of Personal Jurisdiction and supporting Memorandum of Law [Doc. #2804] is attached hereto as Exhibit "A."

### B.   The Court should Stay Discovery as to Defendants.

The Fifth Circuit has repeatedly held that it is appropriate to stay discovery under Rule 26(c) where the resolution of pending dispositive motions would preclude the need for discovery altogether, thus saving time and expense. [3] *Enplanar, Inc. v. Marsh,* 11 F.3d 1284, 1291 (5th Cir. 1994) (holding refusal to allow discovery was proper pending a ruling on a motion for change of venue); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding stay of discovery was proper where the party seeking discovery could not have learned anything through discovery that could have affected the resolution of defendants' motion to dismiss); *Landry v. Air Line Pilots Assoc. Int'l. AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990) (holding stay of discovery was proper

---

[3] The arguments set forth in Defendants' Motion to Stay Discovery [Doc. #2805] are adopted and fully incorporated herein.

pending resolution of summary judgment motions); *see also Dresser v. MEBA Med. & Benefits Plan*, 2008 WL 2705584 at *2 (E.D. La. July 10, 2008) (staying discovery pending resolution of motion to dismiss).

This Court has found it "clearly erroneous" to allow discovery to proceed while a motion to dismiss is pending. *Parish of Jefferson v. Southern Recovery Mgmt, Inc.*, 1996 WL 144400 at *2 (E.D. La. Mar. 27, 1996). In *Parish of Jefferson*, the Court reversed a magistrate judge's order denying a motion to stay discovery where a motion to dismiss on jurisdictional grounds was pending, reasoning that "even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot." *Id.*; *see also Dykes v. Maverick Motion Picture Group, L.L.C.*, 2009 WL 3053738 at *2 n.1 (M.D. La. Sept. 18, 2009) (refusing to permit merits discovery stating that "defendants … will be dismissed should they prevail on their jurisdictional arguments, so there is no need for merits' discovery relating to them (or by them about others) until and unless they actually lose their jurisdictional arguments.").

**C.      Plaintiffs' Motion to Compel must be Denied.**

As set forth above, it is improper for Defendants to be forced to participate in discovery with their objections to personal jurisdiction and corresponding Motion to Stay Discovery pending. Should the Court consider Plaintiffs' Motion to Compel, Defendants renew their Motion for Protective Order [Doc. #3065]. Plaintiffs' Motion to Compel must be denied for the reasons set forth in Plaintiffs' Motion for Protective Order.

In addition, Defendants have already produced the insurance information requested by Plaintiffs. Requiring Defendants to produce additional information will impose an undue burden and expense. Defendants' pending motions to dismiss, if successful, will dispose of this case in its entirety as to Defendants. For the same reasoning used by the Fifth Circuit and this Court,

Defendants should not be required to undergo the burden and expense of producing documents that they may never have to produce if successful with their pending motions.

Moreover, Plaintiffs cannot justify the burden their subpoenas place on Defendants at this stage of the lawsuit.  Although Plaintiffs filed their original Complaint on December 9, 2009, they have announced their intention to finalize their Amended Complaints and/or file a "Master" Complaint, but have yet to do either.  Defendants have already produced a meaningful selection of the requested documents and information pursuant to the Court-required Profile Forms. Defendants, in fact, produced the precise information Plaintiffs said they really wanted: insurance policies.  Defendants should not be required to provide more at this stage of the lawsuit, especially when Defendants have already filed a motion to dismiss for lack of personal jurisdiction and a corresponding motion to stay discovery pending resolution of their motion to dismiss.  A protective order should therefore be entered providing that further discovery as to these Defendants not occur until after resolution of their Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Stay Discovery.

## IV.   CONCLUSION

Defendants Standard Pacific of South Florida GP, Inc., HWB Construction, Inc. and Standard Pacific of South Florida, a Florida General Partnership, respectfully request that this Court (1) deny Plaintiffs' Motion to Compel, (2) enter a protective order providing that the production of responsive materials and testimony sought by the document requests not occur until after the resolution of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and

Motion to Stay Discovery, and (3) award Defendants the expenses, including attorneys' fees, incurred in bringing their Motion for Protective Order and responding to Plaintiffs' Motion to Compel, together with such additional relief as the Court deems just and proper.

Dated:  1/13/11                                    Respectfully submitted.

                                               s/ Lara J. Tibbals
                                               Lara J. Tibbals, Florida Bar No. 129054
                                               J. Rocco Cafaro, Florida Bar No. 507121
                                               HILL, WARD & HENDERSON, PA
                                               101 East Kennedy Boulevard, Suite 3700
                                               Tampa, Florida  33602-2231
                                               Tel: (813) 221-3900
                                               Fax: (813) 221-2900

                                               *Counsel for Defendants Standard Pacific of South Florida, GP, Inc., HWB Construction, Inc. and Standard Pacific of South Florida, a Florida General Partnership*

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of  January, 2011.

                                               s/ Lara J. Tibbals
                                               Attorney

2017598v1