UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION L

THIS DOCUMENT RELATES TO
Kenneth and Barbara Wiltz, et al. v. Beijing New
Building Materials Public Ltd. Co., et al.
Case No: 2:10-cv-00361 (E.D.La.)
_____/

Judge: Fallon
MAG JUDGE WILKINSON

## MEMORANDUM OF LAW IN SUPPORT OF HOLIDAY BUILDERS, INC'S MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant, HOLIDAY BUILDERS, INC, a Florida corporation ("HOLIDAY BUILDERS"), through special appearance of its undersigned counsel[1], and pursuant to Fed.R.Civ.P. 34, 45 and 26 hereby files this Memorandum of Law in Support of Its Motion for Protective Order and to Stay Discovery Pending Resolution of its Motion to Dismiss for Lack of Personal Jurisdiction, and states in support thereof as follows:

1.      On May 4, 2010, HOLIDAY BUILDERS by and through the undersigned filed a Notice of Special Appearance for the sole purpose of contesting personal jurisdiction.

2.      On May 7, 2010, HOLIDAY BUILDERS filed its Motion to Dismiss, which was based on lack of personal jurisdiction. Specifically, a federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of

---

[1] HOLIDAY BUILDERS has been served with a copy of the summons and complaint in this action, and has responded by special appearance to file a motion to dismiss for lack of personal jurisdiction. This appearance is special, preserving all objections to jurisdiction in Louisiana over HOLIDAY BUILDERS.

- 1 -

- 2 -

jurisdiction does not exceed the boundaries of Due Process.  *See Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266*, 270 (5th Cir. 2006).  In the instant case, Louisiana's long arm statue, La. R.S. 13:3201(b) confers no personal jurisdiction because the long arm statute requires that the exercise of personal jurisdiction of a non-resident be consistent with the Constitution of the United States.  Personal jurisdiction also may not be exercised in the instant case because the exercise of such jurisdiction exceeds the boundaries of due process.  The due process inquiry is two-fold  - (1) whether HOLIDAY BUILDERS has the requisite minimum contacts with Louisiana, the forum state, and (2) whether the exercise of personal jurisdiction over HOLIDAY BUILDERS would violate "traditional notions of fair play and substantial justice."  *See  Luv N' Care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006); *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319.

       3.     As supported by affidavit accompanying the Motion to Dismiss, any residence allegedly built by HOLIDAY BUILDERS is not located in Louisiana.  Further, HOLIDAY BUILDERS has never built a residence in the state of Louisiana.  HOLIDAY BUILDERS is not registered to do business in Louisiana, nor does it maintain any offices or employees in Louisiana.  As HOLIDAY BUILDERS has no contact whatsoever with Louisiana, none of Plaintiffs' causes of action arise out of or relate to HOLIDAY BUILDERS forum-related contact, because such contacts are non-existent.

       4.     In this Circuit, it is appropriate to stay discovery where the resolution of pending issues would preclude the need for discovery in its entirety.  *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)(Discovery properly stayed while Court resolved defendants 12(b)(6) motion); *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994)(Discovery properly stayed

- 2 -

- 3 -

pending resolution of venue); *Smith v. Potter*, 2010 WL 4009874 at *6 (5th Cir. 2010)(Stay of discovery proper pending resolution of motion to dismiss for lack of jurisdiction).

5. This Court has further held that it would be erroneous to allow discovery where preliminary jurisdictional issues have yet to be resolved. In *Parish of Jefferson v. Southern Recovery Management, Inc., 1996 WL 144400 (E.D. La. 1996),* the Court held that it was erroneous for the trial court to deny a motion to stay discovery where there was a pending motion to dismiss for lack of jurisdiction. Citing *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987), the Court found that it is, "appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson v. Southern Recovery Management, Inc., 1996 WL 144400* at *2 (E.D. La. 1996). The determination as to whether to stay discovery is discretionary; however, the Court reasoned that, "where the party seeking discovery could not have learned anything through discovery that could have affected the resolution of defendants' dispositive motion, the….court properly deferred discovery while deciding the dispositive motion. *Id.; citing Petrus v. Bowen,* 833 F.2d 581, 582 (5th Cir. 1987). Further, the Court found that "even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot." *Id*.

6. Accordingly, allowing Plaintiffs' discovery to proceed while the issue of personal jurisdiction remains unresolved would impose an undue burden and expense on HOLIDAY BUILDERS.

WHEREFORE, Defendant, HOLIDAY BUILDERS, INC., prays its Motion for Protective Order and to Stay Discovery Pending Resolution of its Motion to Dismiss for Lack of Personal Jurisdiction Under Federal Rule of Civil Procedure 12(b)(2) is granted and that the Court enters an Order that HOLIDAY BUILDERS, INC. does not have to submit itself to

- 3 -

337392 v_02 \ 108652.0094

discovery in this matter until its Motion to Dismiss has been decided, and providing such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          */s /* John Armando Boudet
          John Armando Boudet
          Florida Bar No. 0515670
          jboudet@ralaw.com
          Roetzel & Andress, LPA
          420 South Orange Avenue
          CNL Center II, 7th Floor
          Orlando, FL  32801
          Telephone No:  407.896-2224
          Facsimile No:  407.835.3596
          *Counsel for Defendant, Holiday Builders, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing document has been served on Plaintiffs' Liaison Counsel, Russ Herman (drywall@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller (kmiller@frilot.com), by US Mail and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, on this 13$^h$ day of January, 2011.

          */s /* John Armando Boudet
          John Armando Boudet
          Florida Bar No. 0515670
          jboudet@ralaw.com
          Roetzel & Andress, LPA
          420 South Orange Avenue
          CNL Center II, 7th Floor
          Orlando, FL  32801
          Telephone No:  407.896-2224
          Facsimile No:  407.835.3596
          *Counsel for Defendant, Holiday Builders, Inc.*