UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| THIS DOCUMENT RELATES TO: | SECTION: L |
| ALL CASES | JUDGE FALLON |
| _____ / | MAG. JUDGE WILKINSON |

### R.J.L. DRYWALL, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL RESPONSES TO RULE 34 REQUESTS FOR DOCUMENTS

COMES NOW, Defendant R.J.L. DRYWALL ("RJL"), pursuant to the applicable Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Court for the Eastern District of Louisiana, by and through specially appearing undersigned counsel, without waiving any defenses or submitting to the personal jurisdiction of this honorable Court, hereby files this Memorandum of Law in Opposition to the Plaintiffs' Steering Committee's Motion to Compel Responses to Rule 34 Requests For Documents (the "Motion"), and states as follows:

### SUMMARY OF ARGUMENT

The Motion presents no basis, compelling or otherwise, to require RJL to produce any documents in this matter in the face of unresolved issues over whether RJL is a proper party to these proceedings as set forth in its Motions to Dismiss for Lack of Jurisdiction (D.E. 2388). Unless and until those issues are resolved, RJL should not be required to either incur the expense or expend the effort to provide the requested documents. Even were the Court to direct RJL to provide a response, given the pendency of RJL's Motion to Dismiss and Motion to Stay Discovery (D.E. 3537), the Court should not require RJL to pay a *pro rata* share of Plaintiffs'

fees and costs associated in bringing the Motion because RJL's nonproduction was substantially justified, or, alternatively, such an award would be unjust.

## FACTS AND PROCEDURAL POSTURE

RJL was served with the *Payton* Omnibus Complaint and thereafter filed a motion to dismiss for lack of personal jurisdiction. RJL has also been served with various other Omnibus Complaints and Interventions, but pursuant to the Court's Pretrial Order 1G, has opted not to file responsive pleadings to any of them.  If and when this stay is lifted, RJL would file a virtually identical motion to dismiss for lack of personal jurisdiction in each instance.

In short, RJL is a Florida company which performs all of its business in Florida and lacks any contact with Louisiana whatsoever.  Pursuant to this Court's Pretrial Order No. 11, RJL provided Plaintiffs with its completed Profile Form, including identifying therein all relevant insurance policies.

On or about April 1, 2010, Plaintiffs' served RJL with a Subpoena to Produce Documents pursuant to Federal Rule Of Civil Procedure 30(b)(6) (the "Rule 30(b)(6) Notice").  Thereafter, on April 27, 2010 the Court issued Pre-trial Order No. 24 addressing how the Rule 30(b)(6) Notice should be treated.  That is, the Court directed that the Rule 30(b)(6) Notice be treated as a document request pursuant to Federal Rule of Civil Procedure 34.

The Court granted RJL's motion for an extension of time to comply with the Rule 30(b)(6) Notice (D.E. 3156), and RJL subsequently filed its Motion to Stay Discovery and Memorandum of Law In Support (D.E. 3537).  Therein, RJL argued that any substantive discovery, including discovery related to insurance issues, was premature, would be unduly burdensome, and would cause unnecessary expense given the pendency of RJL's Motion to Dismiss the claims against it.

On June 1, 2010 this Court ordered the Plaintiffs' Steering Committee ("PSC") to file a response to the motions to stay discovery that had been filed by several other defendants (D.E. 3491). The PSC filed its court-ordered response on or about June 11, 2010. To date the Court has not ruled on any of the motions to stay, including RJL's, and they remain pending.

On or about November 11, 2009, this Court entered Pretrial Order 1C which provided that all motions filed in this matter would be "continued without date," and the Court would organize, prioritize and set motions for hearing. To date, neither RJL's motion to stay nor RJL's motion to dismiss have been scheduled for hearing pursuant to Pretrial Order 1C. In a Minute Entry dated August 25, 2010, the Court established a Motions Committee for the purpose of establishing a system for setting pending motions for hearing; the Motions Committee includes representatives of Plaintiffs' and Defendants' Liaison counsel. The Court directed the Motions Committee "to group the motions in a sensible manner, . . . and then submit recommendations to the Court regarding which groups of motions should be set for hearing and when." Based upon the information provided at the ensuing monthly status conferences, the joint reports prepared by liaison counsel in advance of the status conferences, and the Minute Entries memorializing the status conferences, there has been no report of a recommendation from the Motions Committee that RJL's (or any non-insurer defendants') motions to stay or motions to dismiss be heard. Consequently, RJL's motion to stay and motion to dismiss remain pending.

## ARGUMENT

The PSC's Motion is ill-taken. The sole apparent basis for the PSC's Motion is its observation that, even though RJL moved for a stay, "No stay has been entered, and it has not responded further." Motion at 8. RJL properly and timely responded to the Rule 30(b)(6) Notice by filing its motion to stay. The Court directed the PSC to respond thereto, which it did.

Scheduling a hearing on RJL's motion is within the sole purview of the Court, either *sua sponte* pursuant to Pretrial Order 1C or upon recommendation of the Motions Committee pursuant to the August 25, 2010, Minute Entry. F.R.C.P. 26 permits the protection of a party from the undue expense, burden or inconvenience that would be wrought by responding to improper, overreaching or premature discovery requests.

It is well-established in this Circuit that it is appropriate to stay discovery where the resolution of pending dispositive motions would preclude the need for discovery in its entirety, thereby sparing the parties unnecessary expense and effort. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (refusing to allow discovery to proceed was proper pending determination of motion to change venue); *Petrus v. Bowen*, 833 F2d 581, 583 (5th Cir. 1987) (stay of discovery was proper where requests did not affect determination of pending motion to dismiss); *Landry v. Air Line Pilots Assoc. Int'l AFLCIO*, 901 F.2d 404, 435-36 (5th Cir. 1990); *see also Dresser v. MEBA Med. & Benefits Plan*, 2008 WL 2705584 at *2 (E.D. La. July 10, 2008) (staying discovery in face of pending motion to dismiss).

In particular, this Court has found that it would be clearly erroneous to allow discovery to proceed while a motion to dismiss is pending. *Parish of Jefferson v. Southern Recovery Management, Inc.*, 1996 WL 144400 at *2 (E.D. La. Mar. 27, 1996). Therein, the Court reversed the magistrate judge's order denying a motion to stay discovery while a jurisdictional motion to dismiss was pending. *See also Dykes v. Maverick Motion Picture Group, LLC,* 2009 WL 3053738 at *2 (M.D. La. Sept. 18, 2009) (merits discovery premature until jurisdictional arguments are settled); *Dykes v. Maverick Motion Picture Group, LLC*, 2010 WL 4181448 at *2 (M.D. La. Oct. 20, 2010) (merits discovery is premature until issue of personal jurisdiction over

parties is resolved; "the first hurdle for plaintiffs to overcome is that of establishing that this court has personal jurisdiction over the *parties*, regardless of what 'facts' the parties may provide on the merits" (emphasis in original)).

Accordingly, requiring RJL to provide the requested discovery while its jurisdictional motion to dismiss is pending would be premature, and impose an undue burden and expense on it. Such a result would be unjust and in contravention of this Court's previous legal determinations.

Even were the Court to disregard its previous legal findings and determine that RJL should provide the requested discovery, it should not grant Plaintiffs an award of attorneys' fees and costs incurred in bringing the Motion. There is no suggestion that RJL's motion to stay was brought in bad faith or for any improper or dilatory purpose. The arguments and authorities presented therein are viable, rendering RJL's nonproduction substantially justified. Consequently, the Court may not order that RJL be responsible for a *pro rata* share of any incurred attorneys' fees or costs. F.R.C.P. 37(a)(5)(A)(ii). Similarly, given that RJL could not control the timing of any hearing on its motion to stay, it would be unjust to find it responsible for the delay in disposition of the motion. The Court may not order that RJL be responsible for a *pro rata* share of any incurred attorneys' fees or costs as a result. F.R.C.P. 37(a)(5)(A)(iii).

WHEREFORE, R.J.L. DRYWALL, INC. respectfully requests that the Court deny the Plaintiffs' Steering Committee's Motion to Compel Responses to Rule 34 Requests for Documents, or, in the event the Court orders the production, that the Court deny the request for an award of *pro rata* attorneys' fees and costs.

                Respectfully submitted,

By: /s/ Kieran F. O'Connor
   KIERAN F. O'CONNOR, ESQUIRE
   Florida Bar No. 896829
   koconnor@ogdensullivan.com
   DEREK J. ANGELL, ESQUIRE
   Florida Bar No. 73449
   dangell@ogdensullivan.com
   OGDEN, SULLIVAN & O'CONNOR, P.A.
   111 North Orange Avenue
   Suite 850
   Orlando, Florida 32801
   Telephone: (407) 843-2100
   Facsimile: (407) 843-2061
   *Attorneys for Defendant RJL Drywall, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of January, 2011.

                /s/ Kieran F. O'Connor

                Kieran F. O'Connor, Esquire