IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED

DRYWALL PRODUCTS LIABILITY
LITIGATION

(This Document Relates to ALL CASES)
_____/

MDL NO.: 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

### DEFENDANT K. HOVNANIAN FIRST HOMES, LLC'S RESPONSE IN OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL RESPONSES TO RULE 34 REQUESTS

Defendant K. Hovnanian First Homes, LLC ("KHFH") files this Response in Opposition to the Plaintiffs' Steering Committee's Motion to Compel Responses to Rule 34 Requests [DE 6816] ("Motion to Compel").

### INTRODUCTION

On February 3, 2010, KHFH was served with a Complaint in the Payton case in this MDL. Thereafter, KHFH was served with Complaints in Wiltz on April 16, 2010 and Gross on May 24, 2010. In response to each of these Complaints, KHFH filed Motions to Dismiss for Lack of Personal Jurisdiction, with supporting Memoranda of Law and Affidavits (collectively the "Motions to Dismiss") [DE 2090, 2903, 4312]. Copies of the Motions to Dismiss are attached as composite Exhibit 1.

As set forth in the Motions to Dismiss, this Court lacks personal jurisdiction over KHFH. Specifically, KHFH does not have a single connection with the State of Louisiana. KHFH has never built a house in Louisiana, has no office or employees in Louisiana, has never purchased or sold real property in Louisiana, and has never entered into any contracts or subcontracts with companies located or based in Louisiana. To the contrary, all of KHFH's business actions have

occurred exclusively in Florida. Accordingly, Louisiana's long-arm statute does not reach KHFH, and any exercise of *in personam* jurisdiction over KHFH would violate the Constitutional Due Process requirements.

Given the Court's complete lack of personal jurisdiction with respect to KHFH, on March 25, 2010, KHFH filed an initial Motion to Stay Discovery [DE 2091] wherein KHFH sought to avoid the expense and burden of responding to any then-pending or future discovery during the pendency of its Motions to Dismiss for lack of personal jurisdiction.

Notwithstanding the pending Motions to Dismiss and Motion to Stay Discovery, Plaintiffs sought discovery through a deposition of KHFH. On April 27, 2010, the Court converted the initial subpoena to appear for a Rule 30(b)(6) deposition to a Rule 34 discovery request. [PTO 24]. Thereafter, on May 7, 2010 and July 6, 2010, KHFH filed additional Motions to Stay Discovery again asserting KHFH's complete absence of any contacts with the State of Louisiana. [DE 2904 and 4313].[1]

Despite the pending Motions to Stay, counsel for Plaintiffs, by letter dated August 30, 2010, requested the discovery sought in the Motion to Compel and advised KHFH that they might move for an order compelling discovery responses. Relying on its pending Motions to Dismiss for lack of personal jurisdiction and Motions to Stay, KHFH, by letter dated September 8, 2010, advised Plaintiffs' counsel that it continued to object to the outstanding discovery. A copy of KHFH's September 8, 2010 letter is attached as Exhibit 2.

---

[1] By Court Order on June 2, 2010, the Court denied one of KHFH's Motions to Stay [DE 2094] with respect to submission of the profile forms, but did not address the issues raised by KHFH with respect to discovery. On June 15, 2010, KHFH filed a Motion for Reconsideration [DE 3768], which has not yet been addressed by the Court. The Motion for Reconsideration specifically reiterated the arguments in the Motions to Stay with respect to then-pending discovery, as well as any future discovery, separate and apart from the profile forms.

2

As discussed below, Plaintiffs' discovery to KHFH cannot be justified in light of this Court's complete lack of jurisdiction over KHFH. Accordingly, KHFH respectfully requests that the Court deny the Motion to Compel and grant its pending Motions to Stay.

## MEMORANDUM OF LAW

### A. Fifth Circuit Precedent is Clear That Plaintiffs' Requested Discovery Should Not Be Had

Courts within this Circuit have routinely stayed discovery where a motion to dismiss is pending that could dispose of the action. As the Southern District of Mississippi recently stated, the "Fifth Circuit has recognized that a stay of discovery is appropriate where a preliminary motion asking for dismissal of the case is pending because: (1) such motions are decided based on the content of the complaint only, without regard to the facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery." *Dowdy & Dowdy P'ship v. Arbitron, Inc.*, 2010 WL 3893915, *1 (S.D. Miss. Sept. 30, 2010) *citing Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F. 2d 404, 435-36 (5th Cir. 1990); *see also Parish of Jefferson v. S. Recovery Mgmt., Inc.*, 1996 WL 144400, *2 (E.D. La. 1996) (unpublished) (vacating the magistrate's order denying a motion to stay discovery and finding that although "the discovery sought would not be prohibitively costly, even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot") *citing Petrus v. Bowen*, 833 F. 2d 581, 583 (5th Cir. 1987) (holding that discovery could not have affected the resolution of the Rule 12(b)(6) motion and therefore the district court properly deferred discovery while deciding whether the defendants were proper parties to the action).

The stay of discovery requested by KHFH is particularly warranted because its Motions to Dismiss are predicated on this Court's incurable lack of personal jurisdiction over KHFH.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

*See, e.g., Tschirn v. Kurzweg*, 2003 WL 21087741, *2 (E.D. La. 2003) (unpublished) (granting a motion for stay of all discovery pending a ruling on a motion to dismiss for lack of jurisdiction and recognizing that if plaintiff "is allowed to conduct discovery at this time, the parties will incur the expense of litigating over the scope of the discovery and conducting the discovery and this may be unnecessary"); *Dykes v. Maverick Motion Picture Grp.*, 2009 WL 3053738, *2 n.1 (M.D. La. 2009) (unpublished) (refusing to permit merit discovery and recognizing that certain defendants "will be dismissed should they prevail on their jurisdictional arguments, so there is no need for merits discovery relating to them (or by them, about others) until and unless they actually lose their jurisdictional arguments"); *Paolino v. Argyll Equities, LLC*, 401 F. Supp. 2d 712, 722 (W.D. Tex. 2005) (denying even jurisdictional discovery because the lack of personal jurisdiction was clear and therefore the discovery would serve no purpose).

The Motions to Stay explicitly detail why Louisiana's long-arm statute does not reach KHFH, and why any exercise of *in personam* jurisdiction over KHFH would violate the Constitutional Due Process requirements. Yet, Plaintiffs have offered no justification to impose the burden of discovery on KHFH. Indeed, they have not even responded to KHFH's Motions to Stay, much less the Motions to Dismiss. Rather, Plaintiffs filed the Motion to Compel ignoring altogether the arguments made in KHFH's Motions to Stay, and instead have misrepresented to the Court that KHFH has simply refused to respond to their discovery requests. This fact, in and of itself, precludes Plaintiffs from the relief they seek.

As the Fifth Circuit explained in *Landry*,

> In their motions for protective order, the defendants gave several reasons why this discovery was not needed prior to the resolution of the summary judgment motions which, if granted, would preclude the need for the discovery altogether. **They correctly stated that no discovery was needed to resolve the motions to dismiss under F. R. Civ. P. 12(b)(6). Such motions are decided**

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

> **on the face of the complaint.** Defendants also argued that the summary judgment motions could be decided as a matter of law on the basis of the undisputed facts already before the court.
>
> * * *
>
> We find that by these arguments ALPA, TACA and Huttinger met their burden of showing, *prima facie*, why a protective order was warranted – that is why the discovery sought would be unduly burdensome and expensive. Thus the burden reverted to the pilots, on rebuttal, to show a need for the depositions such that their burden and expense would not be "undue."
>
> * * *
>
> In the response to the movants' showing, the pilots failed to show the protective order was unwarranted. They asserted no facts they hoped to adduce, no genuine issues of material fact they hoped to create, no showing they hoped to rebut. . . .
>
> We find that pilots' showing was insufficient. "A plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the party to withstand a Rule 56(e) motion for summary judgment.
>
> **Discovery is not justified when cost and inconvenience will be the sole result.**

*Landry*, 901 F. 2d at 435-36 (emphasis added) (internal citations omitted).

Plaintiffs' failure to offer any response to KHFH's Motions to Stay or Motions to Dismiss is not surprising. There is simply no response to be offered.

Because KHFH never maintained a business office in Louisiana, never built a house in Louisiana, never purchased or sold real property in Louisiana, never entered into any contracts or subcontracts with companies located or based in Louisiana, and never engaged in any business activity of any kind in Louisiana – let alone an activity that in any way involves a resident of

5

Louisiana – Plaintiffs cannot offer any argument to support this Court's exercise of personal jurisdiction over KHFH.

In short, there is no basis whatsoever to justify any of the discovery Plaintiffs seek from KHFH and therefore, the Motion to Compel should be denied.

**B.     The Additional Relief Sought in the Motion to Compel Is Inappropriate**

In addition to the discovery sought, Plaintiffs also seek sanctions against KHFH by seeking to impose on KHFH its *pro rata* share of any attorneys' fees and costs incurred in connection with the Motion to Compel.

Here, there is no suggestion that KHFH's Motions to Stay were brought in bad faith or for any improper or dilatory purpose. To the contrary, the Motions to Stay are replete with support from this Circuit, rendering KHFH's nonproduction justified and appropriate. Moreover, the request for attorneys' fees and costs is predicated on the notion that KHFH never responded to the discovery. This is simply incorrect in light of KHFH's Motions to Stay discovery. The inclusion of this request is particularly surprising given that KHFH specifically reminded Plaintiffs of the pending Motions to Stay, and its continued objections to the requested discovery in its September 8, 2010 correspondence with Plaintiffs' counsel. Having never even responded to KHFH's Motions to Stay, Plaintiffs now protest that KHFH has failed to respond to their discovery requests and seek sanctions.

Under such circumstances, there is simply no basis to impose any sanctions against KHFH.

## CONCLUSION

Based on the foregoing arguments and authorities, KHFH objects to the discovery at issue, states that the Motion to Compel be denied, and respectfully requests that the Court enter

an Order staying discovery with respect to KHFH until the Motions to Dismiss have been resolved, and grant such other and further relief that this Court deems appropriate.

Dated: January 13, 2011

Respectfully submitted,

BILZIN SUMBERG BAENA PRICE
& AXELROD LLP
Attorneys for Defendant KHFH
1450 Brickell Avenue
Suite 2300
Miami, Florida 33131
Tel.: (305)374-7580   Fax: (305)374-7593

BY:   /s/ *Melissa Pallett-Vasquez*
ROBERT W. TURKEN, ESQ.
Florida Bar No. 306355
rturken@bilzin.com
ADAM F. HAIMO, ESQ.
Florida Bar No. 502731
ahaimo@bilzin.com
MELISSA PALLETT-VASQUEZ, ESQ.
Florida Bar No. 715816
mpallett@bilzin.com

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to All Cases)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response in Opposition to Plaintiffs' Steering Committee's Motion to Compel Response to Rule 34 Requests has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of January, 2011.

By: /s/ *Melissa Pallett-Vasquez*
Melissa Pallett-Vasquez

MIAMI 2398095.3 7860333069

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456