U. S. DISTRICT COURT
Eastern District of Louisiana

FILED JAN 13 2011

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONRY                                CIVIL ACTION

VERSUS                               NUMBER 10-4599  MDL 09-2047

DAUGHERTY ET AL.                     SECTION L-2

PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND OF DEFAULT JUDGMENT

A. ENTRY OF DEFAULT

1. Plaintiff is John D Conry; Defendant is Gerald Daugherty.

2. On December 22, 2010, Plaintiff sued Defendant for:

   A- Fraud in the formation of the contract for the sale of the property located at 123 Fremont Street in New Orleans, Louisiana, Described in attached exhibit A, seeking nullification of this sale and damages for the Fraud;

   B- Fraud over wire transmission and extortion by the same means of transmission related to repairs of the same property listed above, seeking damages for repairs to the Property listed above;

   C- Fraud through the United States Post Office in seeking to collect debts already paid and collect debts of a dubious nature;

   D- A pattern of Racketeering activities as spelled out in Plaintiff's Complaint, including those activities listed above, for which plaintiff is seeking triple damages and attorney's fees.

3. On December 22, 2010, Plaintiff filed *Conry v Daugherty* with the court. On December 23, 2010, Defendant was served with summons and a copy of the complaint via Certified Mail with Return Receipt to his counsel of record, a copy of which is attached as Exhibit B, Service Letter, and Exhibit C, Proof of Representation. Defendant did not file responsive pleadings or otherwise defend this suit.

4. Plaintiff is entitled to an entry of default.

___ Fee _____
___ Process _____
_X_ Dktd _____
_X_ CtRmDep _____
___ Doc. No. _____

5. The clerk of court may enter a default against a party who has not filed a responsive pleading or otherwise defended a suit. Fed. R. Civ. P. 55(a); see *United States v $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

6. The clerk should enter a default against defendant because Defendant did not file an answer within 20 days after December 22, 2010, the date of service. Fed. R. Civ. P. 12(a)(1)(A)(I).

7. Plaintiff meets the procedural requirements for obtaining an entry of default from the clerk as demonstrated by John Conry's Declaration of Service, Attached as exhibit B.

8. Defendant is neither a minor nor an incompetent person.

9. Defendant is not in military service. Affidavit of Defendant's Military Status is Attached as Exhibit D.

10. Because Defendant did not file a responsive pleading or otherwise defend the suit he is not entitled to notice of entry of the default. *Haw Carpenter's Trust Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986); see Fed. R. Civ. P. 55(a).

11. For these reasons, plaintiff asks that the clerk enter a default in favor of plaintiff.

### B- ENTRY OF DEFAULT JUDGMENT

12. Plaintiff restates and adopts the preceding paragraphs as it relates to a Judgment of Default.

13. Plaintiff now asks the Court to enter a Default Judgment.

14. The Court can enter a Default Judgment against a defendant who has not filed a responsive pleading or otherwise defended the suit. See Fed. R.Civ. P. 55(a), (b)(2); *United States v $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

15. The Court should enter a Default Judgment against defendant Gerald Daugherty because defendant did not file an answer withing 20 days after December 23, 2010, the date of service. Fed. R. Civ. P. 12(a)(1)(A)(I).

16. Plaintiff seeks:

A- A declaration that the purchase of the property described in Exhibit A was based on the Fraud of Defendant, and is therefore Null under Louisiana Law;

B- A Default Judgment as to all issues of liability presented in Plaintiff's Complaint;

B- Damages for the Fraud, Extortion, Wire Fraud, and Mail Fraud, and Quantum Meruit for the undue benefit derived from the fraudulent sale in the amount of $200,000.00;

C- Triple Damages and attorney's fees of 40% as authorized by 18 U.S.C.A. §1962 for Daugherty's pattern of racketeering activities;

To that end, plaintiff requests that this court set a hearing to present evidence in support of his requested damages.

17. For these reasons Plaintiff asks the court to grant this motion for default judgment for the sum of $690,000.00 plus costs of court and interest.

RESPECTFULLY SUBMITTED,

John D. Conry - Pro Se
4053 Turtle Bayou Dr
Kenner, LA 70065
Phone: 504-710-8917
Fax: 504-754-7556