UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | *  MDL No. 2047<br>*<br>*  SECTION L<br>*<br>*  JUDGE ELDON E. FALLON<br>*<br>*  MAGISTRATE JUDGE<br>*  JOSEPH C. WILKINSON, JR.<br>* |

* * * * * * * * * * * * * * * ** * * * * * * ** * * * * * * ** * *

**THIS DOCUMENT RELATES TO ALL CASES**

### DEFENDANTS TAISHAN GYPSUM CO. LTD. AND TAIAN TAISHAN PLASTERBOARD CO., LTD.'S MOTION FOR A PROTECTIVE ORDER

Defendants Taishan Gypsum Co. Ltd. ("TG") and Taian Taishan Plasterboard Co., Ltd. ("TTP") (collectively, the "Defendants"), through undersigned counsel, hereby move the Court for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

As is explained in more detail in the attached memorandum, which is incorporated herein as if stated in full, the Defendants respectfully request that they be protected against certain Rule 30(b)(6) deposition topics that are not directly related to the question of whether Defendants have the requisite minimum contacts to be subject to this Court's jurisdiction, which is the current issue subject to discovery in this matter. At this state of the proceedings, Plaintiffs should not be permitted discovery concerning other issues, such as the relationship between Defendants and their upstream affiliates or with the Chinese government, for the purpose of exploring potential "alter ego" or "piercing the corporate veil" arguments. There is also no basis for discovery concerning numerous subsidiaries of TG that did not manufacture or sell drywall for export to the U.S., and had no contact with the U.S. whatsoever.

Defendants further respectfully request that the Court resolve the parties' dispute over scheduling by setting the depositions of representatives of TG and TTP for April 5 and 6, 2011, in order to afford Defendants, as well as the parties to all state actions in which Defendants have been named and properly served, sufficient time to participate in their 30(b)(6) depositions.

WHEREFORE, Defendants pray that this Court grant a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure: (1) limiting the scope of jurisdictional discovery of TG and TTP to matters directly related to whether they have the requisite minimum contacts to be subject to this Court's jurisdiction, and specifically excluding from their jurisdictional depositions the topics set forth on Exhibit A to this Motion and any other matters related to "alter ego" or "piercing the corporate veil" between Defendants and any other entity and (2) setting the dates of the depositions of TG and TTP for April 5 and 6, 2011, respectively.

Date:  January 14, 2011

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Thomas P. Owen, Jr. |
| Joe Cyr | Richard C. Stanley (La. Bar No. 8487) |
| Frank T. Spano | Thomas P. Owen, Jr. (La. Bar No. 28181) |
| Eric Statman | STANLEY, REUTER, ROSS, THORNTON & |
| Matthew J. Galvin | ALFORD, LLC |
| HOGAN LOVELLS US LLP | 909 Poydras Street, Suite 2500 |
| 875 Third Avenue | New Orleans, Louisiana 70112 |
| New York, New York 10022 | Telephone: 504-523-1580 |
| Email: Joe.cyr@hoganlovells.com | Facsimile: 504-524-0069 |
| Frank.spano@hoganlovells.com | E-mail: rcs@stanleyreuter.com |
| Eric.statman@hoganlovells.com | tpo@stanleyreuter.em |
| matthew.galvin@hoganlovells.com |  |
| Telephone: 212-918-3000 |  |
| Facsimile: 212-918-3100 |  |
|  | **Attorneys for Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co., Ltd.** |

**EXHIBIT A**

1. Any proprietary interest, governance, ownership or other commercial relationship between Taishan Gypsum and/or TTP and the Peoples Republic of China. Rec. Doc. Nos. 5839 and 5840, Schedule A at ¶ 24.

2. The nature of the relationship between Taishan Gypsum and/or TTP . . . and Other Entities[1] during the Relevant Period. Rec. Doc. Nos. 5839 and 5840, Schedule A at ¶ 4.

3. The corporate structure and management of . . . Other Entities during the Relevant Period. Rec. Doc. Nos. 5839 and 5840, Schedule A at ¶ 5.

4. Any loans, advances of funds, or cost sharing agreements between Taishan Gypsum and/or TTP . . . and Other Entities during the Relevant Time Period. Rec. Doc. Nos. 5839 and 5840, Schedule A at ¶ 11.

5. Any guarantees or assurances by Taishan Gypsum and/or TTP for any of the . . . Other Entities during the Relevant Time Period. Rec. Doc. Nos. 5839 and 5840, Schedule A at ¶ 12.

6. Business plans, marketing plans, and budgets for . . . Other Entities during the Relevant Time Period. Rec. Doc. Nos. 5839 and 5840, Schedule A at ¶ 14.

7. The sharing of services during the Relevant Time Period between Taishan

---

[1] Plaintiffs define "Other Entities" as "any subsidiary, affiliate or agent of Pingyi Baier Building Materials Co., Ltd., Taishan, Beijing New Building Materials Public Limited Co. ("BNBM"), China National Building Material Co., Ltd., Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"), China National Building Materials Group Co. ("CNBM Group"), CNBM USA Corp., Chenxiang, Sinkiang Tianshan Building Material and Gypsum Product Co., Ltd., Taishan Gypsum Co., Ltd. Lucheng Branch, Ynan Taishan Gypsum and Building Material Co., Ltd., Tai'an Jindin Building Material Co., Ltd., Taishan Gypsum (Xiangtan) Co., Ltd., Taishan Gypsum (Pingshan) Co., Ltd., Taishan Gypsum (Hengshui) Co., Ltd., Taishan Gypsum (Henan) Co., Ltd., Hubei Taishan Building Material Co., Ltd., Taishan Gypsum (Tongling) Co., Ltd., Weifang Aotai Gypsum Co., Ltd., Taishan Gypsum (Pizhou) Co., Ltd., Fuxin Taishan Gypsum and Building Material Co., Ltd., Taishan Gypsum (Wenzhou) Co., Ltd., Taishan Gypsum (Chongqing) Co., Ltd., Taishan Gypsum (Jaingyin) Co., Ltd., Qinhuangdao Taishan Building Material Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd., Tai'an Tiashan Gypsum Board Co., Ltd., Taishan Gypsum (Baotou) Co., Ltd., Shaanxi Taishan Gypsum Co., Ltd., Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Chenxiang Building Materials Co., Ltd., Shanghai Yu Yuan Imp & Exp Co., Ltd., Prowall Drywall, Inc. a/k/a Prowall, International Materials Trading a/k/a IMT Gypsum, International Materials Trading, Ltd., IMT, International Materials Trading IMT Chinese Plasterboard, International Materials Trading (IMT) Gypsum, Panel Rey a/k/a Panel de Yeso Panel, Shamrock Gold, Gridmarx a/k/a GridmarX, Grid Marx, GridMarX, Gypsum Board, USB, and Pabco." Rec. Doc. Nos. 5839 and 5840 at Schedule A.  This list includes twenty subsidiaries of TG, all but one of which never manufactured or sold drywall for export to the U.S.  TG's subsidiary Taishan Gypsum (Weifang) Co. Ltd. f/k/a Weifang Aotai Gypsum Co., Ltd. manufactured a single overflow order of drywall on behalf of TTP that was sent to the U.S., and TTP is producing the documents it has regarding that overflow order.

        Gypsum and/or TTP and . . . Other Entities, including, but not limited to, legal, technical, R&D, purchasing, and other services. Rec. Doc. Nos. 5839 and 5840, Schedule A at ¶ 17.

8.     Contracts or agreements between Taishan Gypsum and/or TTP and . . . the Other Entities that were entered into or in effect during the Relevant Time Period. Rec. Doc. Nos. 5839 and 5840, Schedule A at ¶ 18.

9.     The purpose, function and nature of each of the Related Entity and Other Entities and their employees in the United States during the Relevant Time Period. Rec. Doc. Nos. 5839 and 5840, Schedule A at ¶ 7.

10.     The design, development, composition, testing, inspection and/or performance of Chinese Drywall during the Relevant Time Period. Rec. Doc. Nos. 5839 and 5840, Schedule A at ¶ 19.

5

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion for a Protective Order has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of January, 2011.

/s/ Thomas P. Owen, Jr.