UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO ALL CASES**

**DECLARATION OF FRANK T. SPANO IN SUPPORT OF TAISHAN GYPSUM CO.
LTD. AND TAIAN TAISHAN PLASTERBOARD CO., LTD.'S MOTION FOR A
PROTECTIVE ORDER**

I, Frank T. Spano, declare, under penalty of perjury, that the following statements are true

and correct:

1.    I am a partner of the firm of Hogan Lovells US LLP, counsel for Defendants

Taishan Gypsum Co. Ltd. ("TG") and Taian Taishan Plasterboard Co., Ltd. ("TTP")

(collectively, "Defendants").  I am fully familiar with the facts set forth herein.  I affirm that I am

not a party to the action.  I respectfully submit this declaration in support of Defendants' Motion

for a Protective Order.

2.    Attached hereto as Exhibit A is a true and correct copy of the Plaintiff Steering

Committee's ("PSC") Notice of Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P.

30(b)(6) of a corporate representative of TG.

3.    Attached hereto as Exhibit B is a true and correct copy of the PSC's Notice of

Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) of a corporate

representative of TTP.

4.      Attached hereto as Exhibit C is a true and correct copy of the Transcript of the Status Conference Proceedings before Hon. Eldon E. Fallon on October 14, 2010, *In re Chinese-Manufactured Drywall Products Liability Litigation*, No. 09-MD-2047, wherein Judge Fallon ruled that Plaintiffs could obtain jurisdictional discovery.

5.      On October 25, 2010, Defendants and the PSC agreed to postpone further briefing in relation to TG's motion to vacate the Default Judgment entered in *Germano* and dismiss the action on the grounds of lack of personal jurisdiction until the parties were able to complete the jurisdictional discovery authorized by the Court, with the exception of Plaintiffs' opposition in the *Germano* action, which was to be filed on October 28, 2010.  Attached hereto as Exhibit D is a true and correct copy of an E-mail from R. Stanley, counsel for Defendants to L. Davis, of the PSC (Oct. 25, 2010: 4:27PM EST) describing the October 25, 2010 telephone conversation between the PSC and counsel for Defendants regarding supplemental briefing at the close of jurisdictional discovery.

6.      On November 5, 2010, Defendants and the PSC held a telephone "meet and confer".  During that conference we agreed TG and TTP would begin a rolling production of documents in response to Plaintiffs' document requests in mid-December that would be substantially completed by the end of January 2011.  The parties also agreed that the Rule 30(b)(6) depositions of TG and TTP would be held in Hong Kong, and tentatively agreed that the Rule 30(b)(6) depositions would begin no earlier than the end of February or early March 2011.

7.      Finally, during the November 5, 2010 conference, the PSC assured TG and TTP that it would coordinate deposition scheduling with plaintiffs' counsel in the state court actions to avoid duplication.  Attached hereto as Exhibit E is a true and correct copy of an E-mail from L. Davis, of the PSC, to R. Stanley, counsel for Defendants (Nov. 5, 2010: 4:14PM EST) describing

the November 5, 2010 meeting between the PSC and counsel for Defendants on the scope of discovery and the scheduling of depositions.

8.      Attached hereto as Exhibit F is a true and correct copy of TG's Objections and Responses to the PSC's First Set of Interrogatories Concerning Jurisdictional Issues, dated December 17, 2010.[1]

9.      Attached hereto as Exhibit G is a true and correct copy TTP's Objections and Responses to the PSC's First Set of Interrogatories Concerning Jurisdictional Issues, dated December 17, 2010.

10.     Attached hereto as Exhibit H is a true and correct copy of TG's Objections and Responses to the PSC's First Request for Production of Documents Concerning Jurisdictional Issues, dated December 17, 2010.

11.     Attached hereto as Exhibit I is a true and correct copy of TTP's Objections and Responses to the PSC's First Request for Production of Documents Concerning Jurisdictional Issues, dated December 17, 2010.

12.     Attached hereto as Exhibit J is a true and correct copy of a letter from F. Spano, counsel for Defendants to R. Herman of the PSC, dated December 17, 2010, enclosing Defendants' discovery responses as well as Defendants' first round of document production.

13.     In accordance with their December 17, 2010 discovery responses to the PSC, TG and TTP are producing all available documents concerning their sales or potential sales of drywall made to U.S. dimensions.  This includes all documents related to their communications with U.S. companies or their representatives in China or to Chinese trading companies with respect to such sales or potential sales.

---

[1] For each of its interrogatory responses, TG and TTP provided a verification in Chinese with a certified English translation, which are not provided here.

14.     Further, as of January 14, 2011, TG and TTP have produced almost 20,000 pages of responsive documents to Plaintiffs.

15.     Attached hereto as Exhibit K is a true and correct copy of a letter from L. Davis to R. Stanley, dated December 27, 2010, addressing Defendants' Objections and Responses to the PSC's discovery requests.

16.     On January 4, 2011, Defendants, the PSC and counsel for plaintiffs in the *Lennar* Florida state court action participated in a telephone conference to discuss the scope of jurisdictional discovery and the deposition schedule.  No other plaintiffs' counsel to the state court actions participated in the conference.

17.     During the January 4, 2011 conference, the PSC demanded that the Rule 30(b)(6) depositions of TG and TTP proceed on February 14, 2011, the first day of business following the Chinese New Year's holiday.  Defendants informed the PSC that holding their depositions on those dates would be impractical and prejudicial. Attached hereto as Exhibit L is a true and correct copy of an internet article, Sara Naumann, *Top 6 Travel Related Questions – Traveling During Chinese New Year*,  About.com,  http://gochina.about.com/od/chinesenewyear/tp/Q-andA_CNY.htm (last visited January 12, 2011), which provides in relevant part, that travel during the Chinese New Year is expensive and very difficult.

18.     During the January 4, 2011 conference, Defendants explained that their document production would not be completed until the end of January and if the depositions proceeded immediately after the Chinese New Year, counsel would not have sufficient time to meet with deponents.

19.     Further, during the January 4, 2011 conference, Defendants also informed the PSC that defense counsel would be unavailable to prepare for and defend the depositions in March 2011 due to other professional and personal commitments.

20.     During the January 4, 2011 conference, the parties also discussed TG and TTP's continuing objections to certain interrogatories and document requests that Plaintiffs had served seeking discovery concerning their relationship with the Chinese government and 40 other entities.  In response, the PSC stated that Plaintiffs "agreed to disagree" regarding that discovery.

21.     Also during the January 4, 2011 conference, the PSC indicated that Plaintiffs would not move to compel answers to the disputed interrogatories and document requests, and but would proceed to take the Defendants' depositions without resolving the dispute over the scope of discovery and without receiving any documents that Defendants deemed to be outside the proper scope of jurisdictional discovery.

22.     The PSC further indicated during the January 4, 2011 conference that it would not agree to limit the Rule 30(b)(6) deposition topics to matters directly related to Defendants' jurisdictional contacts with the U.S.

23.     On January 7, 2011, TG and TTP wrote to counsel in all of the state and federal actions in which they have been served.  Attached hereto as Exhibit M is a true and correct copy of a letter from F. Spano to H. Bass, M. Salky, B. Bruner, M. Clark, E. Cabraser and L. Davis, dated January 7, 2011.

24.     In their June 7, 2011 letter, TG and TTP proposed scheduling their Rule 30(b)(6) depositions all during the week of April 4, 2011 in Hong Kong, provided that Defendants' dispute with the PSC regarding the scope of jurisdictional discovery is resolved.

25. To date, following receipt of this letter, no party in any state action in which TG or TTP have been named and properly served has communicated an objection to the proposed week of April 4, 2011 deposition period.

26. On January 12, 2011, the PSC filed a motion to compel, challenging the adequacy and completeness of Defendants' written discovery responses and to compel depositions in February 2011. TG and TTP will respond separately to that motion, which seeks the same unnecessary and overbroad discovery that Defendants seek protection against in this motion.

27. Based upon fact investigation, only two TG subsidiaries have ever manufactured drywall to U.S. specifications: (1) TTP and (2) Taishan Gypsum (Weifang) Co. Ltd. f/k/a Weifang Aotai Gypsum Co., Ltd.

28. Attached hereto as Exhibit N is a true and correct copy of the Transcript of the Status Conference Proceedings before Hon. Eldon E. Fallon on December 2, 2010, *In re: Chinese-Manufactured Drywall Products Liability Litigation*, No. 09-MD-2047, wherein Judge Fallon requests that the parties coordinate depositions so that discovery is conducted efficiently.

New York, New York
Date: January 14, 2011

_____
Frank T. Spano