```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
****************************************************************

IN RE:  CHINESE-MANUFACTURED         Docket No. 09-MD-2047
DRYWALL PRODUCTS LIABILITY           New Orleans, Louisiana
                                     Thursday, October 14, 2010

****************************************************************

              TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
            HEARD BEFORE THE HONORABLE ELDON E. FALLON
                     UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF:              HERMAN, HERMAN, KATZ & COTLAR
                                BY:  RUSS M. HERMAN, ESQ.
                                820 O'Keefe Avenue
                                New Orleans, LA 70130

                                LEVIN, FISHBEIN, SEDRAN & BERMAN
                                BY:  ARNOLD LEVIN, ESQ.
                                510 Walnut Street, Suite 500
                                Philadelphia, PA 19106

FOR THE DEFENDANT:              FRILOT L.L.C.
                                BY:  KERRY J. MILER, ESQ.
                                Energy Centre - Suite 3700
                                1100 Poydras Street
                                New Orleans, LA 70163-3700

FOR TAISHAN:                    HOGAN LOVELLS
                                BY:  JOE CYR, ESQ.
                                875 Third Avenue
                                New York, New York 10022

Official Court Reporter:        Karen A. Ibos, CCR, RPR, CRR
                                500 Poydras Street, Room HB-406
                                New Orleans, Louisiana 70130
                                (504) 589-7776


     Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

1  individual companies or why the individual "subsidiaries" are
2  brought into the litigation, I think he has a right to discover
3  that and pursue that with the plaintiffs.  He should know why.
4          But likewise, I think the plaintiffs ought to have a
5  right to discover whether or not they have jurisdiction over it.
6  To the extent of lifting the stay to permit discovery, particularly
7  on jurisdiction, I am going to do so for those reasons.
8          Let's move onto the next.  I have in addition several
9  motions before me, the motions to enjoin the state court in Georgia
10 from proceeding further.  The case has taken a different turn now.
11 Under the law that's developed, until there is some *** rees or
12 program, settlement program, it's very difficult for federal courts
13 to enjoin any state court from proceeding.
14         The situation has changed now, I am involved in a rees,
15 it is a settlement program, a pilot program, but it is a settlement
16 program.  And so I am very conscious of protecting that particular
17 program.  So I really do now have to take a look at whether or not
18 it is appropriate for the federal court to act on that to protect
19 its jurisdiction and protect its program.
20         So I am going to set the motion within ten days to
21 determine whether or not to enjoin the state court in Muskogee
22 County.  I'll take briefs on that particular.  I'll check my
23 calendar and set it sometime within the next ten days alerting all
24 of the parties.
25         The other motions for class certification of the Florida

1    homeowners class for claims against Banner and claims against other
2    Florida homeowners against Knauf, it seems to me that both of those
3    should be delayed.  I am going to delay moving on those for at
4    least 30 days and I will talk with you all about that at the next
5    conference.
6              I really want everybody to put their attention and all of
7    their resources into making this pilot program work.  I think
8    everybody is looking at this pilot program.  If it works then this
9    may be an avenue to resolve this whole matter globally, and it's
10   going to take a lot of effort to get this matter off the ground and
11   I don't want to distract the parties with other matters.
12             There's a motion for leave to amend third-party complaint
13   in the Vickers.  I am going to grant that motion, I think that it's
14   essential for me to get all of the people before me.  That doesn't
15   mean they're going to stay there, but I want them present so that
16   they can at least speak for their respective interests, so they can
17   participate to the extent they wish to participate.  If they're not
18   a party, they can't, they're a spectator.  When they're a party,
19   they're a participant and they can actively advocate for their
20   client.  Again, doesn't mean that they're going to stay in it, they
21   may well get out and they may get out quickly, but at least they
22   ought to be given an opportunity to participate and I see that by
23   allowing an amendment not third-party complaint, so I am going to
24   grant that.
25             Are there any motions that I haven't dealt with?  Lowe's