**From:** Lillian Flemming [mailto:LFLEMMING@hhkc.com <mailto:LFLEMMING@hhkc.com>
**Sent:** Friday, November 05, 2010 4:14 PM
**To:** rcs@stanleyreuter.com <mailto:rcs@stanleyreuter.com>
**Cc:** Fred Longer; jgrand@seegerweiss.com <mailto:jgrand@seegerweiss.com>; Lenny Dav
**Subject:** Chinese Drywall MDL 2047

From: Leonard A. Davis

This shall confirm the substance of our telephone conversation earlier today regarding jurisdictional discovery requests outstanding to Taishan Gypsum Co., Ltd. (TG) and Taian Taishan Plasterboard Co., Ltd. (TTP).

You and Tom from your office and Frank, Eric and Matt from Hogan Lovells participated for TG and TTP. For the PSC, Fred Longer and I participated and Jeff Grand was on for a brief period of time, but had connection problems.

Frank advised that if the Fifth Circuit remanded the jurisdictional issue back to Judge Fallon, then TG and TTP would proceed with jurisdictional discovery. You advised that TG and TTP believed that the relevant inquiry for jurisdictional purposes should be limited to Virginia and the seven (7) claimants, but that TG and TTP has agreed to make disclosure and production as to all sales of Chinese drywall from TG and/or TTP.

Frank further advised that his office has started collecting documents responsive to the Request for Production and that they were setting up a database of the responsive documents. He indicated that production of documents should begin in mid-December of thi year. He further advised that the intent was to complete the production, which will be made ( a rolling basis, by the end of January 2011. We were informed that most e-mails are in English, but that there are some in Chinese. We were further advised that translations from Chinese have not been made and that the documents produced will be in both English and Chinese depending on how the original exists (meaning duplicates in translated format will n be produced). We have been advised that search terms have been created by TG and TTP. We expressed some concern about this and advised that we are willing to provide input with respect to both English and Chinese search terms. If proposed search terms are provided tc us, we will review them and immediately provide comments. We do not want TG and TTP tc undertake a process that involves search terms and results in an incomplete production.

We have been advised that a team of US lawyers are reviewing the documents for privilege. We advised of Pre-Trial Orders 15 and 16 and requested that the appropriate privilege log a confidentiality log be timely produced. We were advised that if there were any issues specifi to privilege or confidentiality, that those issues would be addressed with us in due course ar timely following TG and TTP review of the documents and the two orders.

We were advised that TG and TTP are amenable to producing documents in an electronic format with load files and meta data. We asked that the format be coordinated so that the productions work with our requests. We were advised that this would not be a problem and that additional discussions regarding the appropriate format would take place in the next weeks and prior to an initial production in December.

We asked whether Chinese documents would be segregated from English documents. We were advised that this issue had not been fully considered, but that feed back with respect to Chinese search terms would be appreciated. Should these be provided to us in Mandarin, w will review the terms and comment accordingly. We want to be sure that documents produce are easily identifiable with respect to particular requests and therefore would appreciate an identification of what documents are responsive to particular requests.

We were advised that there may be thousands of documents responsive to the requests. W were advised that productions will be made on CD or some other media and that the documents will be bates numbered and indexed so that all parties can keep track of the various productions. We appreciate your courtesies in this regard and hope to minimize any confusion with the productions.

We have suggested that the 30(b)(6) depositions should take place in late February or Marc of 2011. We were advised that the intention was to schedule depositions in Hong Kong. Sor concern was expressed regarding February and we agreed to further address this issue following the commencement of document production.

With respect to the Request for Production, we were advised that there will be an objection t the scope of discovery primarily due to the definition of "Other Entity". We agreed that we would defer a discussion on this issue until after we had an opportunity to see the objection and the production.

With respect to the Interrogatories were advised that responses would be provided in mid-December at the time document production commences.

We further advised that we will attempt to coordinate with other plaintiffs' counsel so that the will have access to productions made to the MDL. We also advised that we will attempt to coordinate with plaintiffs' counsel in state cases with respect to the taking and scheduling of depositions. Frank advised that there are three state cases where your clients have been served and that you will provide this information to us so that we can reach out to those lawyers and see if they desire to coordinate with the MDL.

I hope this accurately and fully summarizes the discussion we had earlier today. If there are any issues, please let me know. Have a good weekend!

Lillian M. Flemming

Legal Assistant to Leonard A. Davis

**Herman, Herman, Katz & Cotlar, LLP**

**Herman, Gerel, LLP**

820 O'Keefe Avenue

New Orleans, Louisiana 70113

PH: (504) 581-4892

FAX: (504) 561-6024

<<http://www.hhkc.com/>>

This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you

have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message ba to us and deleting it from your system. Thank you.

**CONFIDENTIAL ATTORNEY WORK PRODUCT**