UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * ** * * * * ** * * * * * * ** * *

**THIS DOCUMENT RELATES TO ALL CASES**

## DEFENDANT TAISHAN GYPSUM CO. LTD.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES CONCERNING JURISDICTIONAL ISSUES ADDRESSED TO DEFENDANTS TAISHAN GYPSUM CO., LTD. AND TAIAN TAISHAN PLASTERBOARD CO., LTD.

Defendant Taishan Gypsum Co. Ltd. ("Taishan Gypsum" or "Defendant"), through undersigned counsel, hereby responds and objects to "Plaintiffs' First Set of Interrogatories concerning Jurisdictional Issues Addressed to Defendant Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd." ("Interrogatories"), dated September 24, 2010, as follows:

### PRELIMINARY STATEMENT

These responses and objections (hereinafter, the "Responses" or each a "Response") are made solely for the purposes of this action. Each Response is subject to all objections as to competency, relevancy, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such Interrogatories were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

Defendant's Responses are made based upon reasonable and diligent investigation

   CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER

conducted to date, and are submitted without prejudice to Defendant's right to produce evidence of any subsequently discovered facts and to present in any proceeding and at trial any further information and documents obtained during discovery and preparation for trial.   As discovery and investigation in this matter are ongoing, Defendant reserves the right to add, modify or otherwise change or amend its Responses.

Specific objections to each separate interrogatory are made on an individual basis in Defendant's Responses below.  In addition to the specific objections, Defendant makes certain general objections ("General Objections") to the interrogatories.  These General Objections are hereby incorporated by reference into the Responses made with respect to each separate interrogatory.  Defendant's Response to each individual interrogatory is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that Response.  Accordingly, the inclusion of any specific objection to an interrogatory in any Response below is neither intended as, nor shall in any way be deemed to be, a waiver of any General Objections or of any other specific objections made herein or asserted at a later date.   In addition, the failure to include at this time any general or specific objection to a interrogatory is neither intended as, nor in any way shall be deemed, a waiver of Defendant's right to assert that or any other objection at a later date.

## GENERAL OBJECTIONS

Defendant objects generally to Plaintiffs' Interrogatories as follows:

1.       Each Response is made without waiver of any objections as to competency, relevancy, materiality, propriety, and admissibility or to any and all other objections on any grounds that would require the exclusion from evidence of any statement contained herein or any document produced by Defendant in connection herewith, all of which objections are expressly

reserved and may be interposed at trial.

2.     Defendant objects to the Interrogatories to the extent that they call for the production of documents or information that are privileged or otherwise protected against discovery pursuant to the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable statutory or common-law privilege.   To the extent that any such protected documents or information are inadvertently produced in response to the Interrogatories, the production of such documents or information shall not constitute a waiver of Defendant's right to assert the applicability of any privilege or immunity to the documents or information, and any such documents or information shall be returned to Defendant's counsel immediately upon discovery thereof.

3.     Defendant objects to the Interrogatories to the extent that they seek information relating to Defendant's jurisdictional contacts other than Defendant's contacts with the relevant jurisdictions, which are the forum states where the actions in the multidistrict litigation were originally brought.   Without waiving this objection, Defendant has agreed to produce relevant documents and information relating to its sales or potential sales of drywall to entities located in any state in the U.S.

4.     Defendant objects to the Interrogatories to the extent that they call for the production of trade secrets or proprietary, commercially sensitive, or other confidential information.   Without waiving this objection, to the extent Defendant produces any such information or documents, it will do so in accordance with Pretrial Order No. 16.

5.     Defendant objects to the Interrogatories to the extent that they are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

6.     Defendant objects to the Interrogatories to the extent that they seek information or documents that are not material or necessary to the prosecution or defense of this action.

7.     Defendant objects to the Interrogatories to the extent that they seek documents and information not within Defendant's possession, custody, or control or are more appropriately sought from third parties to whom requests have been or may be directed or are in the possession, custody or control of Plaintiffs.

8.     Defendant objects to the Interrogatories to the extent that they seek production of publicly available documents or information or that which Plaintiffs can obtain from other sources.

9.     Defendant objects to the Interrogatories to the extent that that they are expansive and oppressive, or on the grounds that Plaintiffs have less burdensome means of obtaining the information.

10.     Defendant objects to the Interrogatories to the extent that they are vague or ambiguous and thereby preclude Defendant from determining with sufficient precision the particular information or identification that Plaintiffs are seeking.

11.     Defendant objects to the Interrogatories to the extent that they seek information from an unspecified time period.

12.     Defendant objects to the Interrogatories to the extent that they purport to impose obligations greater than or inconsistent with those imposed by applicable law.   Defendant will respond to the Interrogatories, subject to its other objections, to the extent required by the Federal Rules of Civil Procedure ("FRCP").

13.     Defendant objects to the Interrogatories to the extent they purport to request documents or information prohibited from disclosure by or in violation of the laws of the

People's Republic of China or any political subdivisions therein.   Defendant will respond to the Interrogatories, subject to its other objections, to the extent permitted by the laws of the People's Republic of China and any political subdivisions therein.

14.    Defendant objects to any implications and to any explicit or implicit characterization of facts, events, circumstances, or issues in these Interrogatories.   Defendant's response that it will produce documents or information in connection with a particular Interrogatory, or that it has no responsive documents or information, is not intended to indicate that Defendant agrees with any implication or any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories or that such implications or characterizations are relevant to this action, and shall not constitute an admission.

15.    Defendant reserves the right to amend, supplement or withdraw its response to the Interrogatories, pursuant to the FRCP or other applicable rules.

16.    These General Objections are hereby incorporated in Defendant's response to each specific Interrogatory set forth hereafter, as if fully stated therein.

## OBJECTIONS TO "DEFINITIONS"

1.    Defendant objects to Definition 2 as vague, ambiguous, and overbroad. Defendant will interpret the terms "You," "your," and "your company" to mean Taishan Gypsum Co. Ltd., as well as its predecessors in interest, agents, employees, representatives or other persons acting or purporting to act for or on its behalf.

2.    Defendant objects to Definition 3 as overbroad, unreasonable, palpably improper and harassing to the extent that it purports to encompass the attorneys retained by Defendant to defend itself in this litigation.

3.    Defendant objects to Definition 7 to the extent that the definition of "Document"

differs from the definition of that term as set forth in the FRCP.

4.     Defendant objects to Definition 12 on the grounds that it is unduly burdensome and to the extent that it attempts to impose obligations on Defendant other than those imposed or authorized by the FRCP.

5.     Defendant objects to Definition 16 as vague, ambiguous, overbroad and unduly burdensome to the extent it refers to drywall manufactured by entities other than Defendant.

Defendant expressly incorporates these Objections to Plaintiffs' Definitions into each specific Response to the Interrogatories set forth below as if set forth in full therein.

## OBJECTIONS TO "INSTRUCTIONS"

1.     Defendant objects to Instructions 2 and 3 on the grounds that they are overbroad and unduly burdensome and to the extent that they attempt to impose obligations on Defendant other than those imposed or authorized by the FRCP.

2.     Defendant objects to Instruction 4 as unduly burdensome, palpably improper, harassing and irrelevant insofar as it purports to require that Defendant provide FRCP 26(b)(5) privilege log information concerning communications that are subject to the attorney-client, work product, or joint defense privileges, which occurred on or after the time Defendant appeared in these action.   Subject to the foregoing objection, in accordance with Pretrial Order #15 in this action, Defendant will provide a privilege log for all documents withheld on the basis of the attorney-client, work product, or joint defense privileges.

Defendant expressly incorporates these Objections to Plaintiffs' Instructions into each specific Response to the Interrogatories set forth below as if set forth in full therein.

## SPECIFIC OBJECTIONS AND RESPONSES

### Interrogatory No. 1

During the relevant time period, have You possessed an ownership interest in any corporation or business that is located in the United States? If so, identify the corporation, any subsidiaries, affiliates or agents of that corporation which are also located in the United States, the amount of Your ownership interest in that corporation, and describe the nature of the business in which the corporation, and any of its subsidiaries, affiliates or agents, are or were engaged.

Response to Interrogatory No. 1

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant states that during the

"relevant time period" it did not possess an ownership interest in any corporation or business

located in the United States.

### Interrogatory No. 2

Has any company located in the United States served as an agent, affiliate or representative for You with regard to sales of Your Chinese drywall to United States purchasers? If so, identify the company, along with any parents, subsidiaries, affiliates or agents of the company and describe the business in which the company and any of its parents, subsidiaries, affiliates or agents are or were engaged.

Response to Interrogatory No. 2

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant states that during the

"relevant time period" no company located in the United States served as its agent, affiliate, or

representative.

### Interrogatory No. 3

Have any of Your employees, during the relevant time period, also worked for or

received any benefits from any corporation, subsidiary or affiliate identified in response to Interrogatory No. 1? If so, identify the name of the employee, the years that the employee worked for You, the years that the employee worked for or received benefits from any corporation, subsidiary or affiliate identified in response to Interrogatory Nos. 1 and 2, and the positions that the employee held with You and with any corporation, subsidiary or affiliate identified in response to Interrogatory Nos. 1 and 2.

Response to Interrogatory No. 3

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant refers to its responses to Interrogatory Nos. 1 and 2.

**Interrogatory No. 4**

During the relevant time period, have any of your officers, directors, employees representatives or agents visited the United States for the purpose of conducting business or engaging in any business activity relating to Chinese drywall? If so, identify the relevant officers, directors, employees, representatives or agents, the dates and length of their visit(s) to the United States, any persons or corporations they met with during their visit(s) and describe briefly the purpose of their visit(s).

Response to Interrogatory No. 4

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant states that none of its officers, directors, employees, representatives or agents visited the United States for the purpose of conducting business or engaging in any business activity relating to Chinese drywall during the "relevant time period."

**Interrogatory No. 5**

During the relevant time period, have You been a party to any judicial or administrative proceedings in the United States? If so, give the name of the proceeding, the judicial or administrative body before which it was pending, the index or other identifying number of the proceeding, and a brief description of the nature of the proceeding.

Response to Interrogatory No. 5

Defendant reasserts its General Objections in response to this Interrogatory.

Defendant also objects to this Request as palpably improper and unreasonably burdensome to the extent that it seeks documents prepared or compiled by its attorneys in anticipation of litigation or in the defense of litigation, or which are publicly available and equally accessible to Plaintiffs.

Subject to and without waiving the foregoing objections, Defendant has been served in the following actions in U.S. courts:

1. Germano, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al., No. 09-00202 (E.D. Va.)

2. David Gross, et al. v. Knauf Gips KG, No. 09-6690 (E.D. La.)

3. The Mitchell Co., Inc., et al. v. Knauf Gips KG, et al., No. 09-00089 (N.D. Fla.)

4. Steiner, et al v. Beijing New Building Material, PLC, et al., No. 09-81259 (S.D. Fla.)

5. Southern Homes v. Interior/Exterior Building Supply, et al., No. 09-6564 (La. Civil D. Ct.)

6. Alexander and Alexander v. Taishan Gypsum Co., Ltd. d/b/a Shandong Taihe Dongxin Co., Ltd.), et. al , No. 09-900356, (Ala. Cir. Ct.)

7. Lennar Homes, LLC f/k/a/ Lennar Homes, Inc. and U.S. Home Corp. v. Knauf Gips KG, No. 09-07901 (Fla. Cir. Ct.)

8. State of Louisiana, ex. rel. Caldwell v. Knauf Gips KG, et al., No. 10-392 (La. Civil D. Ct.)

## Interrogatory No. 6

During the relevant time period, have You sold or marketed any Chinese drywall to persons located in the United States, including, but not limited to, sales to Your subsidiaries, affiliates or agents? If so, identify the types of Chinese drywall that have been sold or marketed to persons located in the United States, and the dollar amount of each such product sold to

persons in the United States during each year of the relevant time period.

<u>Response to Interrogatory No. 6</u>

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant states that it sold drywall only in China, including to customers located in the United States.   Pursuant to FRCP 33(d), Defendant will produce responsive non-privileged business records reflecting any sales or marketing to persons located in the United States that can be reasonably located.

**Interrogatory No. 7**

During the relevant time period, have You assisted with or participated in the sales, marketing, advertising or promotion of any corporation, subsidiary, affiliate or agent identified in response to Interrogatory Nos. 1 and 2? If so, describe, in detail Your role in the sales, marketing, advertising or promotion of such products, and identify any employees involved in such activities.

<u>Response to Interrogatory No. 7</u>

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant refers to its responses to Interrogatory Nos. 1 and 2.

**Interrogatory No. 8**

Have any of Your employees, during the relevant time period, had any oversight responsibilities over the activities of any corporation, subsidiary, affiliate or agent identified in response to Interrogatory Nos. 1 and 2? If so, identify each such employee and the nature of that employee's oversight responsibilities over the activities of any corporation, or any subsidiary or affiliate or agent of any corporation, identified in response to Interrogatory Nos. 1 and 2.

<u>Response to Interrogatory No. 8</u>

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant refers to its responses to Interrogatory Nos. 1 and 2.

**Interrogatory No. 9**

During the relevant time period, have You ever financed or made contributions of capital to or from any corporation, subsidiary, affiliate or agent located in the United States? If so, identify all such transactions, including, but not limited to, any inter-company loans, advances of funds, cost sharing agreements, or extensions of credit.

Response to Interrogatory No. 9

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant states that it has never financed or made contributions of capital to or from any corporation in the United States. For its response regarding any subsidiary, affiliate or agent located in the United States, Defendant refers to its responses to Interrogatory Nos. 1 and 2.

**Interrogatory No. 10**

Identify all Your assets, including bank accounts, financial instruments or securities, located in the United States, including the dollar value of each such asset.

Response to Interrogatory No. 10

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant states that it does not have assets located in the United States.

**Interrogatory No. 11**

Identify all United States patents You hold and all licensing agreements with United States companies, including any of Your subsidiaries, affiliates or agents.

Response to Interrogatory No. 11

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant states that it does not

hold any United States patents or license agreements with United States companies.

**Interrogatory No. 12**

Identify all United States product specifications, standards or designs you meet or attempt
to meet in the manufacture of your Chinese drywall.

Response to Interrogatory No. 12

Defendant reasserts its General Objections in response to this Interrogatory.

Defendant further objects that the phrase "United States product specifications, standards

or designs" is vague and incomprehensible to the extent that Defendant is incapable of

responding to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant states that upon a

request from a customer, Defendant would manufacture drywall to dimensions commonly used

in the United States.

**Interrogatory No. 13**

Identify all labeling You used in the production of your Chinese drywall.

Response to Interrogatory No. 13

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant refers to the Taishan

Gypsum Manufacturer Profile Form served on October 14, 2010 in the multi-district litigation

pending in the Eastern District of Louisiana.

## Interrogatory No. 14

Identify all financial investors you have that are citizens of the United States or incorporated in the United States.

Response to Interrogatory No. 14

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant states that, upon information and belief, none of Taishan Gypsum's financial investors are citizens of the United States or incorporated in the United States.

## Interrogatory No. 15

Identify all of your marketing efforts in the United States or directed to the United States, including catalogs, brochures, samples, internet advertisements, URLs, etc.

Response to Interrogatory No. 15

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, pursuant to FRCP 33(d), Defendant will produce responsive information contained in non-privileged business records that can be reasonably located.

## Interrogatory No. 16

During the relevant time period did You communicate with any person within the United States regarding the manufacture, sale, promotion, solicitation, warranty, or performance of Chinese drywall? If so, as to each communication:
      a. Identify each person making the communication;
      b. Identify to whom the communication was made;
      c. Identify the type of communication;

CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER

d. Identify the substance or nature of the communication.

Response to Interrogatory No. 16

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, pursuant to FRCP 33(d), Defendant will produce responsive information contained in non-privileged business records that can be reasonably located.

## Interrogatory No. 17

Identify any contracts You have with persons or entities in the United States regarding the study of performance issues regarding your Chinese drywall.

Response to Interrogatory No. 17

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant states that, upon information and belief, no such contracts exist.

## Interrogatory No. 18

Identify all dealings or relationships that You have with JP Morgan and/or Morgan Stanley.

Response to Interrogatory No. 18

Defendant reasserts its General Objections in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Defendant states that it has not had any dealings or any relationship with JP Morgan and/or Morgan Stanley.

Dated: December 17, 2010

STANLEY, REUTER, ROSS, THORNTON
& ALFORD, LLC


/s/ Thomas P. Owen, Jr.
Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON
& ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
E-mail: rcs@stanleyreuter.com
tpo@stanleyreuter.com

Joe Cyr
Frank T. Spano
Eric Statman
Matthew J. Galvin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Email: Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com
Matthew.galvin@hognanlovells.com
Telephone: 212-918-3000
Facsimile: 212-918-3100


**Attorneys for Taishan Gypsum Co. Ltd.**