UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * MDL No. 2047 <br> * <br> * SECTION L <br> * <br> * JUDGE ELDON E. FALLON <br> * <br> * MAGISTRATE JUDGE <br> * JOSEPH C. WILKINSON, JR. <br> * |

* * * * * * * * * * * * * * ** * * * * * ** * * * * * * ** * *

**THIS DOCUMENT RELATES TO ALL CASES**

**DEFENDANT TAIAN TAISHAN PLASTERBOARD CO. LTD.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CONCERNING JURISDICTIONAL ISSUES ADDRESSED TO DEFENDANTS TAISHAN GYPSUM CO., LTD. AND TAIAN TAISHAN PLASTERBOARD CO., LTD.**

Defendant Taian Taishan Plasterboard Co. Ltd. ("TTP" or "Defendant"), through undersigned counsel, hereby responds and objects to "Plaintiffs' First Request for Production of Documents concerning Jurisdictional Issues Addressed to Defendant Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd." ("Requests"), dated September 24, 2010, as follows:

**PRELIMINARY STATEMENT**

These responses and objections (hereinafter, the "Responses" or each a "Response") are made solely for the purpose of this action.  Statements herein to the effect that Defendant will produce responsive documents mean that Defendant will conduct a reasonable search to locate documents responsive to the particular request that are within its possession, custody, or control. Defendant's statement that it will produce responsive documents does not mean, and is not intended to mean, that such documents exist.  To the extent any such documents exist, Defendant will produce such documents in a manner compliant with the Federal Rules of Civil Procedure ("FRCP"), any applicable local rules and the pretrial orders issued in this action.

CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER

Defendant's Responses are made based upon reasonable and diligent investigation. Discovery and investigation in this matter are ongoing, and Defendant reserves the right to supplement or amend its Responses as facts become known and to raise any additional objections it may have in the future.  Furthermore, these Responses are without prejudice to Defendant's right to use or rely on at any time, including trial, any subsequently discovered documents, information, or facts omitted from these Responses as a result of mistake, error, oversight, or inadvertence.  Defendant further reserves the right to produce additional documents, information, or facts at any time, including at trial, and to object on appropriate grounds to the introduction into evidence of any portion of these Responses.

Specific objections to each separate document request are made on an individual basis in Defendant's Responses below.  In addition to the specific objections, Defendant makes certain general objections ("General Objections") to the Requests.  These General Objections are hereby incorporated by reference into the Responses made with respect to each separate Request. Defendant's Response to each individual Request is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that Response. Accordingly, the inclusion of any specific objection to a Request in any Response below is neither intended as, nor shall in any way be deemed to be, a waiver of any General Objections or of any other specific objections made herein or asserted at a later date.   In addition, the failure to include at this time any general or specific objection to a document request is neither intended as, nor in any way shall be deemed, a waiver of Defendant's right to assert that or any other objection at a later date.

## GENERAL OBJECTIONS

Defendant objects generally to the Requests as follows:

1.      Each Response is made without waiver of any objections as to competency,

relevancy, materiality, propriety, and admissibility or to any and all other objections on any grounds that would require the exclusion from evidence of any statement contained herein or any document produced by Defendant in connection herewith, all of which objections are expressly reserved and may be interposed at trial.

2.      Defendant objects to the Requests to the extent they call for the production of documents or information that are privileged or otherwise protected against discovery pursuant to the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable statutory or common-law privilege.   To the extent that any such protected documents or information are inadvertently produced in response to the Requests, the production of such documents or information shall not constitute a waiver of Defendant's right to assert the applicability of any privilege or immunity to the documents or information, and any such documents or information shall be returned to Defendant's counsel immediately upon discovery thereof.

3.      Defendant objects to the Requests to the extent that they seek information relating to Defendant's jurisdictional contacts other than Defendant's contacts with the relevant jurisdictions, which are the forum states where the actions in the multidistrict litigation were originally brought.   Without waiving this objection, Defendant has agreed to produce relevant documents and information relating to its sales or potential sales of drywall to entities located in any state in the U.S.

4.      Defendant objects to the Requests to the extent they call for the production of trade secrets or proprietary, commercially sensitive, or other confidential information. Without waiving this objection, to the extent Defendant produces any such information or documents, it will do so in accordance with Pretrial Order No. 16.

5.      Defendant objects to the Requests to the extent they are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to the Requests to the extent that they seek information or documents that are not material or necessary to the prosecution or defense of this action.

7.      Defendant objects to the Requests to the extent they seek documents and information not within Defendant's possession, custody, or control or are more appropriately sought from third parties to whom discovery requests have been or may be directed or are in the possession, custody or control of Plaintiffs.

8.      Defendant objects to the Requests to the extent they seek production of publicly available documents or information or that which Plaintiffs can obtain from other sources.

9.      Defendant objects to the Requests to the extent they are expansive and oppressive, or on the grounds that Plaintiffs have less burdensome means of obtaining the information.

10.     Defendant objects to the Requests to the extent they are vague or ambiguous and thereby precludes Defendant from determining with sufficient precision the particular information that Plaintiffs are seeking.

11.     Defendant objects to the Requests to the extent they seek information from an unspecified time period.

12.     Defendant objects to the Requests to the extent they purport to impose obligations greater than or inconsistent with those imposed by applicable law.   Defendant will respond to the Requests, subject to its other objections, to the extent required by the Federal Rules of Civil Procedure.

13.     Defendant objects to the Requests to the extent they purport to request documents or information prohibited from disclosure by or in violation of the laws of the People's Republic

of China or any political subdivisions therein.   Defendant will respond to the Requests, subject to its other objections, to the extent permitted by the laws of the People's Republic of China and any political subdivisions therein.

14.     Defendant objects to any implications and to any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.   Defendant's response that it will produce documents or information in connection with a particular Request, or that it has no responsive documents or information, is not intended to indicate that Defendant agrees with any implication or any explicit or implicit characterization of facts, events, circumstances, or issues in the Request or that such implications or characterizations are relevant to this action, and shall not constitute an admission.

15.     Defendant reserves the right to amend, supplement or withdraw its response to the Request, pursuant to the FRCP or other applicable rules.

16.     These General Objections are hereby incorporated in Defendant's response to each specific Request set forth hereafter, as if fully stated therein.

## OBJECTIONS TO "DEFINITIONS"

1.     Defendant objects to Definition 2 as vague, ambiguous, and overbroad. Defendant will interpret the terms "You," "your," and "your company" to mean Taian Taishan Plasterboard Co. Ltd., as well as its predecessors in interest, agents, employees, representatives or other persons acting or purporting to act for or on its behalf.   Defendant further objects to the defined term "Other Entity" in Definition 3 as overbroad, unreasonably burdensome, palpably improper and harassing because the activities of other entities are irrelevant to the question of whether the Court has personal jurisdiction over Defendant.

2.     Defendant objects to Definition 5 as overbroad, unreasonable, palpably improper

and harassing to the extent that it purports to encompass the attorneys retained by Defendant to defend itself in this litigation.

3. Defendant objects to Definitions 6, 7 and 12 as vague, ambiguous, overbroad and unduly burdensome to the extent they attempt to impose obligations on Defendant other than those imposed or authorized by the FRCP.

4. Defendant objects to Definition 10 to the extent that the definition of "Document" differs from the definition of that term as set forth in the FRCP.

5. Defendant objects to Definition 16 as vague, ambiguous, overbroad and unduly burdensome to the extent it refers to drywall manufactured by entities other than Defendant.

Defendant expressly incorporates these Objections to Plaintiffs' Definitions into each specific Response to the Requests set forth below as if set forth in full therein.

## OBJECTIONS TO "INSTRUCTIONS"

1. Defendant objects to Instructions 1 and 9 as overbroad and unduly burdensome to the extent that they attempt to impose obligations on Defendant other than those imposed or authorized by the FRCP and the Pre-Trial Orders issued in this matter.  Defendant further objects to Instruction 9 as unduly burdensome, palpably improper, harassing and irrelevant insofar as it purports to require that Defendant provide Rule 26(b)(5) privilege log information concerning communications that are subject to the attorney-client, work product, or joint defense privileges, which occurred on or after the time Defendant appeared in these actions.   Subject to the foregoing objection, in accordance with Pretrial Order #15 in this action, Defendant will provide a privilege log for all documents withheld on the basis of the attorney-client, work product, or joint defense privileges.

2. Defendant objects to Instructions 3, 5, 6, 7, 8, 10, and 12 on the grounds that they

are overbroad and unduly burdensome and to the extent that they attempt to impose obligations on Defendant other than those imposed or authorized by the FRCP and the Pre-Trial Orders issued in this matter.   Defendant specifically objects to producing documents in the possession of its parent companies, affiliates or subsidiaries, other than Taishan Gypsum Co. Ltd.

Defendant expressly incorporates these Objections to Plaintiffs' Instructions into each specific Response to the Requests set forth below as if set forth in full therein.

## SPECIFIC OBJECTIONS AND RESPONSES

### Request No. 1

Documents sufficient to show Your ownership interest in, or affiliation with any Related Entity.

Response to Request No. 1

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that no such documents exist; see Defendant's responses to Interrogatory Nos. 1 and 2.

### Request No. 2

Documents sufficient to identify the board of directors, each corporate officer and the organizational structure of You and any Related Entity.

Response to Request No. 2

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged responsive documents that can be reasonably located, except that no such documents exist with respect to any Related Entity; see Defendant's responses to Interrogatory

Nos. 1 and 2.


**Request No. 3**

Documents sufficient to show each distribution or transfer of cash or assets, including fees, commissions or other revenue between You and any Related Entity.

Response to Request No. 3

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that no such documents exist; see Defendant's responses to Interrogatory Nos. 1 and 2.


**Request No. 4**

Documents sufficient to show the existence of any inter-company loans, advances of funds or cost sharing agreements between You and any Related Entity.

Response to Request No. 4

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that no such documents exist; see Defendant's responses to Interrogatory Nos. 1 and 2.


**Request No. 5**

Documents sufficient to show the existence of any guarantees or similar assurances by You to financial institutions on behalf of You and any Related Entity.

Response to Request No. 5

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged responsive documents that can be reasonably located, except that no such

documents exist with respect to any Related Entity; see Defendant's responses to Interrogatory Nos. 1 and 2.

**Request No. 6**

All documents that relate to the preparation and approval by You of annual and longer-term business plans, marketing plans and budgets for You and any Related Entity.

Response to Request No. 6

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged responsive documents that can be reasonably located, except that no such documents exist with respect to any Related Entity; see Defendant's responses to Interrogatory Nos. 1 and 2.

**Request No. 7**

Any combined financial statements for You and any Related Entity.

Response to Request No. 7

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged responsive documents that can be reasonably located, except that no such documents exist with respect to any Related Entity; see Defendant's responses to Interrogatory Nos. 1 and 2.

**Request No. 8**

All documents submitted by or on behalf of You or any persons currently or formerly in

Your employ to any department or agency of the United States government including, without limitation, any applications for visas, import, export or disposal authorizations or licenses, or currency, monetary or other financial transfers or transactions, or patents.

Response to Request No. 8

     Defendant reasserts its General Objections in response to this Request.

     Subject to and without waiving the foregoing objections, Defendant states that, upon

information and belief, no such documents exist.

**Request No. 9**

     All documents issued during the relevant time period by any agency or department of the United States government to, at the request of, or on behalf of You or any persons currently or formerly in Your employ, including, but not limited to, visas, import, export or disposal authorizations or licenses, or currency, monetary or other financial transfers or transactions, or patents.

Response to Request No. 9

     Defendant reasserts its General Objections in response to this Request.

     Subject to and without waiving the foregoing objections, Defendant states that, upon

information and belief, no such documents exist.

**Request No. 10**

     Documents sufficient to show all travel to the United States by any of Your officers, directors, employees, representatives or agents for the purpose of conducting business or engaging in any business activity regarding the marketing, sale or promotion of Chinese Drywall, including, but not limited to, expense records, airplane tickets, hotel bills, car rental bills and other travel records, as well as documents sufficient to show the dates and purposes of all such trips.

Response to Request No. 10

     Defendant reasserts its General Objections in response to this Request.

     Subject to and without waiving the foregoing objections, Defendant states that, upon

information and belief, no such documents exist.

**Request No. 11**

Documents sufficient to identify for each year during the relevant time period, all Your assets, including bank accounts, financial instruments or securities, located in the United States and the dollar value of each such asset.

Response to Request No. 11

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that, upon

information and belief, no such documents exist.

**Request No. 12**

Documents sufficient to show any insurance coverage or policy issued to or in favor of You by any United States insurance company, or covering any insurable event involving You within the United States.

Response to Request No. 12

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that, upon

information and belief, no such documents exist.

**Request No. 13**

All documents concerning any tax charged to You by any agency of the United States government, or by any states or local government within the United States.

Response to Request No. 13

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that, upon

information and belief, no such documents exist.

**Request No. 14**

Documents sufficient to show for each year during the relevant time period, Your annual sales of Chinese Drywall to purchasers located in the United States (including, but not limited to sales of Chinese Drywall to any Related Entity located in the United States) and the dollar value for all such sales.

Response to Request No. 14

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that it sold drywall only in China, including to customers located in the United States.  Defendant will produce non-privileged responsive documents concerning its sales of drywall made to dimensions commonly used in the U.S., to the extent such documents can be reasonably located.

**Request No. 15**

Documents sufficient to show for each year during the relevant time period, the dollar amount and quantity of Chinese Drywall You sold in the United States.

Response to Request No. 15

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that it did not sell any drywall in the U.S.  Defendant will produce non-privileged responsive documents reflecting the price and quantity of drywall it sold made to dimensions commonly used in the U.S., to the extent such documents can be reasonably located.

**Request No. 16**

Documents sufficient to show for each year during the relevant time period, Your annual sales of any products or services (excluding sales of Chinese Drywall) to purchasers located in the United States (including, but not limited to sales of products or services to any Related Entity).

Response to Request No. 16

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant will produce

non-privileged responsive documents to the extent such documents can be reasonably located.

**Request No. 17**

All documents relating to any written or unwritten agreements or understandings relating to the production, manufacture, marketing, pricing, sale or resale of Chinese Drywall between or among You and any named defendant.

Response to Request No. 17

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant will produce

non-privileged responsive documents to the extent such documents can be reasonably located.

**Request No. 18**

All documents relating to meetings attended by You and any named defendant at which meeting there was any communication concerning the production, manufacture, marketing, pricing or sale of Chinese Drywall directed to the United States.

Response to Request No. 18

Defendant reasserts its General Objections in response to this Request.

Defendant states that this Request is vague and ambiguous, and incomprehensible, as it is

impossible to determine which word "directed" modifies.   Further, Defendant states that it did

not direct its production, manufacture, marketing, pricing or sale of drywall to the United States.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged

responsive documents referring and relating to the production, manufacture, marketing, pricing

and sale of drywall in U.S. dimensions, to the extent such documents can be reasonably located.

**Request No. 19**

  All documents related to any communications among defendants concerning the
production, manufacture, marketing, pricing or sale of Chinese Drywall directed to the United
States.

Response to Request No. 19

  Defendant reasserts its General Objections in response to this Request.

  Defendant states that this Request is vague and ambiguous, and incomprehensible, as it is

impossible to determine which word "directed" modifies.   Further, Defendant states that it did

not direct its production, manufacture, marketing, pricing or sale of drywall to the United States.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged

responsive documents referring and relating to the production, manufacture, marketing, pricing

and sale of drywall in U.S. dimensions, to the extent such documents can be reasonably located.

**Request No. 20**

  All communications between you and any other Person with respect to sales of Chinese
Drywall in the United States.

Response to Request No. 20

  Defendant reasserts its General Objections in response to this Request.

  Further, Defendant states that it did not sell any drywall in the U.S.   Subject to and

without waiving the foregoing objections, Defendant will produce non-privileged responsive

documents referring and relating to sales of drywall in U.S. dimensions, to the extent such documents can be reasonably located.

## Request No. 21

Documents sufficient to show all licensing agreements, the sharing of technology or the provision of technical assistance by You to any Related Entity.

Response to Request No. 21

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that no such documents exist; see Defendant's responses to Interrogatory Nos. 1 and 2.

## Request No. 22

All documents reflecting any requests by a Related Entity for Your authorization or approval for expenditures or relating to the manufacturing, pricing or distribution of Chinese Drywall.

Response to Request No. 22

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that no such documents exist; see Defendant's responses to Interrogatory Nos. 1 and 2.

## Request No. 23

All documents reflecting Your authorizations, approvals or denials of authorizations or approvals in response to any request for expenditures or relating to the manufacturing, pricing or distribution of Chinese drywall from any Related Entity.

Response to Request No. 23

Defendant objects to this Request because it is vague, ambiguous and incomprehensible.

**Request No. 24**

All marketing or public relations documents relating to Chinese Drywall including, but not limited to, brochures, advertisements, news releases, customer service reports, technical articles and price lists produced by You or for use by any Related Entity in the United States.

Response to Request No. 24

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged responsive documents that can be reasonably located, except that no such documents exist with respect to any Related Entity; see Defendant's responses to Interrogatory Nos. 1 and 2.

**Request No. 25**

All documents and reports regarding actual or prospective purchasers of Chinese drywall, including reports regarding actual or projected sales of Chinese drywall by any Related Entity.

Response to Request No. 25

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged responsive documents that can be reasonably located, except that no such documents exist with respect to any Related Entity; see Defendant's responses to Interrogatory Nos. 1 and 2.

**Request No. 26**

All documents concerning any United States patent, trademark or copyright application made by You.

<u>Response to Request No. 26</u>

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that, upon information and belief, no such documents exist.

## **Request No. 27**

All documents related to any United States legal proceedings involving You, including, but not limited to, any:

(a)   Claim, complaint, counterclaim or third party claim You filed in any court, administrative agency or any other governmental entity within the United States or any State or other jurisdiction of the United States;

(b)   Discovery responses and answers You filed in any litigation in which personal jurisdiction over You in the United States was or is an issue and any judicial orders, memoranda or opinions issued thereon; and

(c)   Copies of any judgment, levy or assessment entered in the United States against or in favor of You.

<u>Response to Request No. 27</u>

Defendant reasserts its General Objections in response to this Request.

Defendant also objects to this Request as palpably improper and unreasonably burdensome to the extent that it seeks documents prepared or compiled by its attorneys in anticipation of litigation or in the defense of litigation, or which are publicly available and equally accessible to Plaintiffs.

Subject to and without waiving the foregoing objections, Defendant will produce discovery responses and answers in any litigation in which personal jurisdiction over Defendant in the United States was an issue.   Defendant states that there are no judicial orders, memoranda or opinions issued thereon.   Defendant further states that it will not produce any other documents in response to this request.

**Request No. 28**

All Court Orders issued in any United States action wherein the Court decided a motion You made to dismiss for lack of personal jurisdiction and all briefs submitted by the parties in support of, or opposition to, such a motion.

Response to Request No. 28

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that, upon information and belief, no such documents exist.

**Request No. 29**

Documents sufficient to identify any and all agents You authorized to receive service of process or notice of proceedings within the United States or any State or other jurisdiction of the United States, for any or all litigation or proceedings, including, but not limited to 35 U.S.C. § 293.

Response to Request No. 29

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that, upon information and belief, no such documents exist.

**Request No. 30**

Your Corporate Records.

Response to Request No. 30

Defendant reasserts its General Objections in response to this Request.

Defendant further objects to this Request as overbroad, unreasonably burdensome, palpably improper and harassing because it seeks information irrelevant to the question of whether the Court has personal jurisdiction over Defendant. Subject to and without waiving the

foregoing objections, Defendant will produce non-privileged responsive documents to the extent such documents can be reasonably located.

**Request No. 31**

A corporate organizational chart identifying entities, together with the name and identification of individuals with specific job duties for each year.

Response to Request No. 31

Defendant reasserts its General Objections in response to this Request.

Defendant further objects to this Request as overbroad, unreasonably burdensome, palpably improper and harassing because it seeks information irrelevant to the question of whether the Court has personal jurisdiction over Defendant. Subject to and without waiving the foregoing objections, Defendant will produce non-privileged responsive documents to the extent such documents can be reasonably located.

**Request No. 32**

All documents, correspondence and communications by and between You and JP Morgan.

Response to Request No. 32

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that, upon information and belief, no such documents exist.

**Request No. 33**

All documents, correspondence and communications by and between You and Morgan Stanley.

Response to Request No. 33

Defendant reasserts its General Objections in response to this Request.

Subject to and without waiving the foregoing objections, Defendant states that, upon information and belief, no such documents exist.

**Request No. 34**

All documents related to any legal proceedings involving a cartel and/or plasterboard that You were involved in, including, but not limited to, any:

(a)     Claim, complaint, counterclaim or third party claim You filed or was named a party in any court, administrative agency or any other governmental entity, excluding any claim or lawsuit filed in this litigation;

(b)     Discovery responses and answers You filed in any litigation in which personal jurisdiction over You in the United States was or is an issue and any judicial orders, memoranda or opinions issued thereon; and

(c)     Copies of any judgment, levy or assessment entered against or in favor of You.

Response to Request No. 34

Defendant reasserts its General Objections in response to this Request.   Defendant objects to this Request because it is vague, ambiguous and incomprehensible

**Request No. 35**

Documents showing or reflecting any proprietary interest, governance, ownership or other commercial relationship between you and the Peoples Republic of China.

Response to Request No. 35

Defendant reasserts its General Objections in response to this Request.

Defendant further objects to this Request as overbroad, unreasonably burdensome, palpably improper and harassing because the activities of other entities are irrelevant to the question of whether the Court has personal jurisdiction over Defendant.

**Request No. 36**

Documents sufficient to show Your ownership interest in, or affiliation with any Other Entity.

Response to Request No. 36

Defendant reasserts its General Objections in response to this Request.

Defendant further objects to this Request as overbroad, unreasonably burdensome, palpably improper and harassing because the activities of other entities are irrelevant to the question of whether the Court has personal jurisdiction over Defendant.

**Request No. 37**

Documents sufficient to identify the board of directors, each corporate officer and the organizational structure of any Other Entity.

Response to Request No. 37

Defendant reasserts its General Objections in response to this Request.

Defendant further objects to this Request as overbroad, unreasonably burdensome, palpably improper and harassing because the activities of other entities are irrelevant to the question of whether the Court has personal jurisdiction over Defendant.

Dated: December 17, 2010

STANLEY, REUTER, ROSS, THORNTON
& ALFORD, LLC


/s/ Thomas P. Owen, Jr,_____
Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON
& ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
E-mail: rcs@stanleyreuter.com
tpo@stanleyreuter.com


Joe Cyr
Frank T. Spano
Eric Statman
Matthew J. Galvin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Email: Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com
Telephone: 212-918-3000
Facsimile: 212-918-3100

**Attorneys for Taian Taishan Plasterboard
Co. Ltd.**