**Hogan Lovells**

Joe Cyr
Lauren S. Colton
Frank T. Spano
Eric Statman
Matthew Galvin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Telephone: 212-918-3000
Facsimile: 212-918-3100

January 7, 2011

BY EMAIL AND U.S. MAIL

Hilarie Bass, Esq.,
Mark A. Salky, Esq.
Greenberg Traurig, P.C.
1221 Brickell Avenue
Miami, FL 33131

Bo Bruner, Esq.
Hollis, Wright & Harrington, P.C.
1500 Financial Center
505 North 20th Street
Birmingham, AL 35203

Matthew C. Clark, Esq.
Sher Garner Cahill Richter Klein &
  Hilbert, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, LA 70112

Elizabeth J. Cabraser, Esq.
Leiff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Lenny Davis, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue,
Suite 100
New Orleans, LA 70113

Re:   *Alexander v. Taishan Gypsum Co. Ltd.,*
      **CV-2009-900356 (Cir. Ct. Elmore Cty., Al.)**

      *Lennar Homes, LLC v. Knauf Gips KG,*
      **Case No. 09-07901 CA 42 (11th Cir. Ct. Miami-Dade Cty., Fla.)**

      *Southern Homes, LLC v. Interior/Exterior Building Supply, et al.,*
      **Case No. 09-6564 (Dist. Ct. Orleans Parish, La.)**

      *In Re Chinese Manufactured Drywall Products Liability Litigation,*
      **MDL No. 2047 (E.D. La.)**

Dear Counsel:

We write regarding certain jurisdictional discovery directed to our clients Taishan Gypsum Co. Ltd. ("Taishan Gypsum") and Taian Taishan Plasterboard Co. Ltd. ("TTP").

Pursuant to our efforts to coordinate discovery and maximize efficiencies in these matters, we write to propose that during the week of April 4-8, 2011 Taishan Gypsum and TTP each make available for oral deposition a witness designated to testify on its behalf in response to the Notices of Deposition served on it by the Plaintiffs' Steering Committee ("PSC") in *In re Chinese Manufactured Drywall Litigation*, MDL No. 2047 (E.D. La.). The depositions will be held in Hong Kong, China, at a place to be chosen in the future. You are invited to attend and examine the witnesses in accordance with the applicable rules governing such depositions in the jurisdiction in which your claims are pending. The taking of the depositions during the week of April 4-8, 2011 is contingent upon there being an agreement between all parties as to the proper scope of inquiry or a court order regarding the same, as is set forth below, and final confirmation by our clients.

By way of background, on September 24, 2010, the PSC served Taishan and TTP with "Interrogatories Concerning Jurisdictional Issues" and a "Request for the Production of Documents Concerning Jurisdictional Issues." On or about October 6, 2010, the PSC served Taishan Gypsum and TTP with Notices of Deposition pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiffs in the *Lennar*, *Alexander* and *Southern Homes* cases have also served discovery demands on either or both of Taishan Gypsum and TTP.

Defendants and the PSC met on November 5, 2010, to confer regarding the Discovery Demands. The parties agreed that Taishan Gypsum and TTP would respond to the Discovery Demands on or about December 17, 2010, and that Defendants would make a rolling production of documents beginning shortly thereafter and continuing through January 2011. The PSC also agreed to postpone without date the depositions it had scheduled, with the depositions to follow on a date subsequent to the time Taishan Gypsum and TTP responded to the Discovery Demands.

Taishan Gypsum and TTP filed their written Responses and Objections to all of the discovery demands on December 17, 2010 and began producing documents shortly thereafter. On December 27, 2010, the PSC sent Taishan Gypsum and TTP a letter that outlined the PSC's responses to Defendants' objections to the Discovery Demands, and requested that the parties meet and confer to discuss their differences. On January 4, 2011, representatives of the PSC, along with attorneys for Lennar Homes, met and conferred with Defendants. To the best of our knowledge, no representatives of any other plaintiffs who have served complaints on either or both of the Defendants were present on the call. The result of the call was that the parties were unable to agree on any issues, with the result that there are areas of disagreement regarding the permissible scope of jurisdictional discovery and the date by which depositions should commence.

Given the foregoing, as was set forth above, Defendants are attempting to schedule the Rule 30(b)(6) depositions on a date convenient to all counsel and the clients for an international deposition. Defendants will each make available a 30 (b)(6) witness in Hong Kong on the dates set forth above. For the sake of efficiency, the scheduling of these depositions is contingent upon the resolution of any outstanding issues concerning the

scope of inquiry. Defendants intend to move the federal MDL court by January 14, 2011 for an order, *inter alia*, regarding the permissible scope of discovery in order to resolve these issues in advance of the depositions.

Sincerely,

Frank T. Spano

cc: Maibeth Porter, Esq.
Richard Stanley, Esq.
Alvin F. Lindsay, III