UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

_____
)
)
IN RE: CHINESE-MANUFACTURED DRYWALL ) MDL No. 2047
PRODUCTS LIABILITY LITIGATION ) SECTION L
)
THIS DOCUMENT RELATES TO ALL CASES ) JUDGE FALLON
_____) MAG. JUDGE WILKINSON

**INSURER STEERING COMMITTEE'S OPPOSITION
TO THE PLAINTIFFS' STEERING COMMITTEE'S FIFTH AND SEVENTH
MOTIONS TO LIFT STAY AS TO VARIOUS PENDING MOTIONS**

  The Insurer Steering Committee opposes the Plaintiffs' Steering Committee's Fifth and Seventh Motions to Lift the Stay as to (Dkt. Nos. 6672 and 6954, respectively) their Motion for an Order Requiring an Accounting and Other Relief (Dkt No. 6669) and their Emergency Motion for an Order Preventing the Payment or Transfer of Certain Moneys Or, In the Alternative, For Court Ordered Mediation and Temporary Stay of All Outside Settlement Activities (Dkt. No. 6947). This Court has already addressed the same issue presented in these motions—defendants' right to engage in ongoing settlement discussions—and set parameters for such communications in its Minute Entry dated 9/24/09 (Dkt. No. 278) and there is no need for the Court to reconsider

1

this issue for a third time now as Plaintiffs request, particularly without allowing the Insurer Defendants adequate time to fully brief the issues.

## I. Plaintiffs' Request to Lift the Stay is Unnecessary Because the Court Has Already Ruled on the Parties' Right to Engage In Ongoing Settlement Communications.

Plaintiffs' motion to lift the stay so that its Motion for an Accounting and Emergency Motion for an Order Preventing Payment or Transfer of Money can be heard is unnecessary, as this Court has already considered similar motions by Plaintiffs and, on two prior occasions, refused Plaintiffs' requests to shut down or severely restrict settlement discussions as Plaintiffs requested. Plaintiffs first sought to restrict settlement discussions in September of 2009, when the Plaintiffs' Steering Committee filed an Emergency Motion to Protect Class Members and Fairly Conduct the Action, (Dkt No. 208). In that motion, Plaintiffs requested that certain defendants be ordered to cease communications and contact with class members about releasing their claims. This Court denied Plaintiffs' motion, ruling that "[t]he Court expects the parties to advise property owners that they have the right to consult with counsel. Henceforth, property owners should be advised of the multi-district litigation and website address. On a case-by-case basis, the plaintiffs retain the right to challenge the release." Minute Entry dated 9/24/09 (Dkt. No. 278). In July of 2010, Plaintiffs' Steering Committee again filed a motion requesting restrictions on settlement communications, seeking an order prohibiting certain defendants from engaging in allegedly improper communications with putative class members. *See* Motion Restricting Communications with Putative Class Members, July 7, 2010 (Dkt. No. 4338). Once again, this Court denied the motion. Minute Entry dated 8/12/10 (Dkt. No. 5207).

Now, for a third time, Plaintiffs filed motions which request relief that would shut down settlement communications entirely. Because the Court has twice rejected Plaintiffs' motions requesting similar relief, there is simply no need for the Court to lift the stay to hear these motions at this time, particularly where to do so would leave the Defendant Insurers with insufficient time to formulate oppositions to these motions. For these reasons, the Court should deny Plaintiffs' Motion to Lift the Stay.

## CONCLUSION

The insurers respectfully request that this Court deny the PSC's Fifth and Seventh Motions to Lift the Stay as to Various Pending Motions as these motions are duplicative of prior motions rejected by this Court.

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
BARRASSO USDIN KUPPERMAN FREEMAN
& SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
jbarrasso@barrassousdin.com
mpipes@barrassousdin.com

*Lead Counsel for the Insurer Steering Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of January, 2011.

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814