IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | :MDL NO. 2047<br>:Section L<br>: |
| This Document Relates to<br>Germano, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd., et al. Case No. 2:09-cv-6687 (E.D. La.) | :JUDGE FALLON<br>:MAG. JUDGE WILKINSON |

**<u>VENTURE SUPPLY, INC. AND THE
PORTER-BLAINE CORPORATION'S RESPONSE
TO THE PLAINTIFFS STEERING COMMITTEE'S
MOTION TO COMPEL DISCOVERY
DIRECTED AT TAISHAN GYPSUM CO., LTD.
f/k/a SHANDONG TAIHE DONGXIN CO., LTD.</u>**

Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("PB"), by counsel, submit the following response to the Plaintiff Steering Committee's ("PSC") motion to compel discovery directed at defendant Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan")(Record No. 6964):

1. Venture and PB generally support the efforts of the PSC to receive full and complete discovery responses and documents from Taishan in a timely fashion.

2. Venture and PB also support the efforts of the PSC to take depositions relevant to jurisdictional issues.

3. However, Venture and PB have not been involved in any of the discussions between the PSC and Taishan relating to discovery, including the production of documents and the scheduling or location of depositions. Venture and PB have made a number of good faith

1

efforts to attempt to be involved in these discovery matters to no avail.[1]  In fact, Venture and PB have been informed that none of the other parties to the Germano class action, to which this jurisdictional discovery is very important[2], have been involved in the process or invited to participate. Venture and PB request that the Court order that the parties involve Venture and PB and the other Germano defendants in these important discovery matters.[3]

4.	In addition, Venture and PB suggest that any depositions of corporate representatives of Taishan take place in the United States instead of Hong Kong, as offered by Taishan.  While Venture and PB realize that there is generally a presumption that the deposition of a corporate representative of a foreign party take place in the jurisdiction of the deponent, there are other factors a Court should consider in this regard.  Armsey v. Medshares Mgmt. Servs., Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998).  Those factors include:

> (i) the location of counsel for the parties in the forum district; (ii) the number of corporate representatives a party is seeking to depose; (iii) the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; (iv) whether the persons sought to be deposed often engage in travel for business purposes; and (v) the equities with regard to the nature of the claim and the parties relationship.

---

[1] Numerous email communications will be provided on the good faith efforts of Venture and PB in this regard if requested by the Court.

[2] The jurisdictional basis for the Germano class action is the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), which relies solely on the presence of Taishan as a defendant.  The other parties in the Germano action are all citizens, domiciliaries, and residents of the Commonwealth of Virginia.  Under the law prior to the Class Action Fairness Act of 2005, the lack of complete diversity would divest this Court of jurisdiction. However, arguably under that Act a federal court would have jurisdiction because Taishan had been named as a defendant in another class action suit within three years of the filing of the Germano complaint. 28 U.S.C. § 1332 (d)(4)(A)(ii)(exception to circumstance in which Court should decline jurisdiction). Accordingly, personal jurisdiction over Taishan is of key importance to the Virginia defendants in Germano.  Without such personal jurisdiction this Court would lack subject matter jurisdiction and the action would have to be dismissed. (And everything that has happened in the Germano action, including the default judgment proceedings, would be void).

[3] Venture and PB have filed a number of actions against Taishan including a third-party Complaint in a multi-claimant action filed in the Circuit Court for the City of Norfolk, Virginia, which is in the process of being served under the Hague Convention.  Venture and PB are concerned that any discovery matters that are allowed to proceed in this Honorable Court will somehow preclude or prejudice their rights to take discovery in the Virginia state actions.  Accordingly, Venture and PB's involvement in these discovery matters is very important and should not be overlooked.

2

In re: Outsidewall Tire Litigation, 267 F.R.D. 466, 470n. 4 (E.D. Va. 2010)(Citing Armsey, 184 F.R.D. at 571)

In the present action counsel for the parties are clearly all located within the United States. Counsel for Taishan are located in New York and Louisiana. Counsel for the PSC are located generally all over, but include Virginia and Louisiana. Lead Counsel for Venture and PB are in Virginia, although local counsel exists in Louisiana. Counsel for the other defendants to the Germano action are all located in Virginia.

As to the second factor – the number of witnesses to be deposed - Venture and PB have not been allowed to be involved in the discovery discussions with Taishan. However, they cannot believe that numerous representatives will be designated by Taishan to address the issues raised by the PSC's 30(b)(6) deposition notices.

As to the third factor – the possibility of discovery disputes that will need the involvement of this Honorable Court – given the heated debate already existing between Taishan and the PSC relating to discovery responses; the default judgment proceeding and related motions and appeal; and the disagreements over the permitted scope of discovery and whether discovery is to include corporate organizational issues, this factor is almost a given.

As to the fourth factor and the history of travel of the proposed deponents, again Venture and PB have not been allowed to participate in discovery discussions. Accordingly, this factor is completely unknown to these defendants.

As to the final factor, the equities, Venture and PB note the arguments of the PSC with respect to the default judgment proceedings, although not adopting them in toto. Clearly Taishan has been aware of the vast number of actions filed against it in the United States; has waited until

after a "default judgment" was presumably entered against it to appear; has refused to accept service but, instead, has forced parties to proceed through the costly process of service through the Hague Convention[4]; and has already apparently objected to or not participated in any meaningful manner in permissible jurisdictional discovery. This almost total lack of interest in addressing serious litigation which involves hundreds of homeowners and which has forced two viable, long-standing and well-respected businesses to cease operations after decades of doing business clearly tilt the "equity" scale in the favor of requiring depositions in the United States.

In addition, as to the equities Venture and PB will offer to share with all other parties in reasonable travel expenses of a Taishan corporate representative or representatives to appear in the United States. As a practical matter, all parties, including Taishan, will save considerable time and expense if the corporate representative(s) travel to the United States rather than forcing attorneys for all parties to travel to Hong Kong.[5]

---

[4] Venture and PB have requested that Taishan accept service of the one hundred-plus third party complaints filed against it in the state court actions in Virginia, but Taishan has refused. Accordingly, Venture and PB (in addition to another defendant) are in the process of serving a third-party complaint in a multi-claimant action filed in Norfolk, among other actions.

[5] Should the Court decide that the depositions should take place in Hong Kong, Venture and PB request that the Court consider ordering Taishan to pay Venture and PB for the reasonable fees and travel related expenses of conducting the depositions in Hong Kong.

> Costs also must be addressed by the magistrate. International travel is expensive and time consuming. These factors are appropriately considered and weighed in the presumption calculus. In this case, in the event the depositions are taken in Dubai, it appears reasonable that given the nature and complexity of the case, the Al Dobowi defendants should cover the travel and accommodation expenses for two attorneys, including compensation for the attorneys at their customary hourly rate for the time of travel and any time needed to recover from jet lag prior to taking the depositions. The cost of taking the depositions in Virginia-- travel and accommodation expenses for the deponents--would be far less and, by agreement, would be borne by plaintiffs. The details and allocation of costs and expenses occasioned by the deposition situs rest in the sound discretion of the magistrate judge.

In re: Outsidewall Tire Litigation, 267 F.R.D. at 474.

4

WHEREFORE, Venture and PB request that the Court encourage the parties to involve them in participating in these important discovery issues relating to jurisdiction over Taishan. In addition, Venture and PB request that any corporate depositions of Taishan take place in the United States, or that any costs and expenses of taking the depositions in Hong Kong be borne by Taishan.

This the 18th day of January, 2011.

Respectfully submitted,

By: _____/s/_____

Mark C. Nanavati, Esquire (VSB #38709)
Kenneth F. Hardt, Esquire (VSB # 23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 378-7600 ext. 3311 or 3316
(804) 378-2610 (fax)
khardt@snllaw.com
mnanavati@snllaw.com
*Attorneys for Defendants Venture Supply Inc.
and The Porter-Blaine Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 18th day of January, 2011.

_____/s/_____

Kenneth F. Hardt