```
                       UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF LOUISIANA
****************************************************************

IN RE:  CHINESE-MANUFACTURED         Docket No. 09-MD-2047
DRYWALL PRODUCTS LIABILITY           New Orleans, Louisiana
                                     Thursday, October 14, 2010

****************************************************************

              TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
            HEARD BEFORE THE HONORABLE ELDON E. FALLON
                     UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF:            HERMAN, HERMAN, KATZ & COTLAR
                              BY:  RUSS M. HERMAN, ESQ.
                              820 O'Keefe Avenue
                              New Orleans, LA 70130

                              LEVIN, FISHBEIN, SEDRAN & BERMAN
                              BY:  ARNOLD LEVIN, ESQ.
                              510 Walnut Street, Suite 500
                              Philadelphia, PA 19106

FOR THE DEFENDANT:            FRILOT L.L.C.
                              BY:  KERRY J. MILER, ESQ.
                              Energy Centre - Suite 3700
                              1100 Poydras Street
                              New Orleans, LA 70163-3700

FOR TAISHAN:                  HOGAN LOVELLS
                              BY:  JOE CYR, ESQ.
                              875 Third Avenue
                              New York, New York 10022

Official Court Reporter:      Karen A. Ibos, CCR, RPR, CRR
                              500 Poydras Street, Room HB-406
                              New Orleans, Louisiana 70130
                              (504) 589-7776


     Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

1  is in the lawsuit, that's the first step and then we go to the next
2  step.
3          Thanks for your time.
4          THE COURT: Thank you very much for your time.
5          MR. HERMAN: Your Honor, just a brief response statement,
6  and Mr. Levin has a brief statement.
7          While learned counsel was sending lawyers to China who
8  couldn't speak Chinese, his client was on a web site in English
9  that said that it did business in the United States of America. We
10 think that there should be no delay in going forward with
11 jurisdiction and alter ego discovery.
12         In terms of good faith, we're not subject to
13 cross-examination at this time, but we believe that we've acted in
14 very good faith given the non-appearance of Taishan after they were
15 served.
16         THE COURT: Okay. Thank you very much.
17         MR. LEVIN: Does your Honor want to hear a response?
18         THE COURT: I really don't need to. I understand the
19 issue.
20         MR. LEVIN: I wanted to give one but I didn't think you
21 wanted to hear one.
22         THE COURT: I understand the issues. I make no decision
23 on jurisdiction, that's another issue. But both sides ought to
24 have a right to at least look into this matter. I think counsel
25 for Taishan makes a point about he's interested in why some of his

1   individual companies or why the individual "subsidiaries" are
2   brought into the litigation, I think he has a right to discover
3   that and pursue that with the plaintiffs.  He should know why.
4           But likewise, I think the plaintiffs ought to have a
5   right to discover whether or not they have jurisdiction over it.
6   To the extent of lifting the stay to permit discovery, particularly
7   on jurisdiction, I am going to do so for those reasons.
8           Let's move onto the next.  I have in addition several
9   motions before me, the motions to enjoin the state court in Georgia
10  from proceeding further.  The case has taken a different turn now.
11  Under the law that's developed, until there is some *** rees or
12  program, settlement program, it's very difficult for federal courts
13  to enjoin any state court from proceeding.
14          The situation has changed now, I am involved in a rees,
15  it is a settlement program, a pilot program, but it is a settlement
16  program.  And so I am very conscious of protecting that particular
17  program.  So I really do now have to take a look at whether or not
18  it is appropriate for the federal court to act on that to protect
19  its jurisdiction and protect its program.
20          So I am going to set the motion within ten days to
21  determine whether or not to enjoin the state court in Muskogee
22  County.  I'll take briefs on that particular.  I'll check my
23  calendar and set it sometime within the next ten days alerting all
24  of the parties.
25          The other motions for class certification of the Florida