UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

----------------------------------------------------------------x
IN RE: CHINESE MANUFACTURED : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY :
LITIGATION : SECTION:    L
----------------------------------------------------------------x
THIS DOCUMENT RELATES TO: : JUDGE FALLON
 :
ALL CASES : MAG. JUDGE WILKINSON
----------------------------------------------------------------x

**KPT'S STATEMENT OF POSITION REGARDING PRODUCTION OF COMMUNICATIONS WITH THE CPSC, INCLUDING COMMUNICATIONS TO OR FROM OUTSIDE COUNSEL**

By Minute Entry dated December 10, 2010, this Court ordered that, at the status conference scheduled for January 20, 2011, the "parties should … be prepared to discuss the production of discovery related to their discussions with the CPSC, so as to allow the Court to formulate a uniform rule for producing such discovery." [Rec. Doc. No. 6634.] KPT submits this memorandum to apprise the Court of its position and also sets forth the positions of Plaintiffs, Banner, INEX and Lennar as conveyed in response to discovery requests and in oral discussions.

**KPT** responded to document requests served by the PSC, which seek "[a]ll communications between Defendant and any and all foreign or domestic governmental agencies ... concerning problems with the drywall" and "[a]ll documents provided to any and all foreign or domestic government agencies, legislative bodies, departments, and or representatives ... in connection with any governmental investigations, research, or inquiries concerning Chinese drywall." *See* PSC's First Request for the Production of Documents and Things to Manufacturer

32085570.DOCX

Defendants, Request Nos. 42 and 43.[1]  By email dated October 15, 2010, KPT informed the PSC and counsel for Banner, INEX and Lennar that KPT will produce its communications with the Consumer Products Safety Commission ("CPSC"), all of which were made through counsel, as long as all parties produce all their communications with the CPSC, including those made through counsel.  Consistent with its position, on October 20, 2010, KPT served requests that mirror the PSC requests on Plaintiffs, Banner, INEX and Lennar and has engaged in discussions with those parties to ascertain their positions.

The **PLC** responded on December 30, 2010.  The PLC response included a general objection to KPT's requests for production "to the extent they call for the production of documents protected by the Attorney-Client Privilege and/or Work Product Doctrine or any other privilege provided for in Louisiana Revised Statutes and the United States Code, including La. R.S. 51, et seq., and Title 15 USC."  The PLC then responded that the PSC has made FOIA requests to unspecified government entities and would make any information provided in response to those FOIA requests available to counsel upon request.  In oral discussions with the PSC, the PSC has represented that its privilege objections were solely intended to preserve its position in the event that this Court ruled that counsel's communications with the CPSC are privileged and that the PSC is prepared to produce any communications that PSC members had with the CPSC in addition to the FOIA requests.  Significantly, the PSC stated orally that it is unable to speak for non-PSC lawyers who may have communicated with the CPSC and for individual plaintiffs who may have communicated with the CPSC.  Since KPT's requests are

---

[1]  To the extent the document requests call for the production of communications with or documents provided to foreign governmental entities, neither this Court's Minute Entry nor this submission addresses that information.  The production of that information may raise issues under Chinese law that are beyond the scope of this submission.

directed to all plaintiffs, including their agents (*i.e.*, attorneys), any order requiring disclosure of CPSC communications should include communications with non-PSC lawyers and individual plaintiffs. Conversely, if it is too burdensome for individual plaintiffs and plaintiffs' attorneys to produce CPSC communications, the plaintiffs should not obtain the defendants' communications.

**Banner** responded on November 22, 2010. Banner asserted a general objection to KPT's requests for production "to the extent they seek documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege." Notwithstanding its general objection, Banner has represented that it has produced all communications with the CPSC, including those through outside counsel.

**INEX** responded on November 29, 2010. INEX objected to production of any communications with the CPSC, citing Louisiana Revised Statute 51:1404 and 15 U.S.C. § 2055(a)(2)-(4). INEX's objection is without merit. Those statutes govern the release of documents by the Louisiana Attorney General's Office and by the Consumer Product Safety Commission, respectively. Those statutes do not in any way restrict the production *by INEX* of the requested documents. However, if INEX's objection is deemed valid, then it applies equally to documents in the possession of KPT and all other parties and no party should be required to produce its communications with the CPSC.

**Lennar** responded on January 18, 2011. Lennar objected to production to the extent the requests call for information protected by the attorney-client privilege and work-product doctrine, including documents from its attorneys and consultants. Lennar also objected to the extent the documents constitute trade secrets under 15 U.S.C. § 2055(a). The Knauf Defendants' position on that statute is set forth in the discussion relating to INEX.

In addition, if the Court orders disclosure, for consistency, the Court should establish a uniform cutoff date for CPSC document searches. The Knauf Defendants suggest either December 31, 2010 or the date of the Court's order.

Dated: January 19, 2011                    Respectfully submitted,


                                           By: Kyle A. Spaulding
                                           MILES P. CLEMENTS (#4184)
                                           PETER E. SPERLING (#17812)
                                           KERRY J. MILLER (#24562)
                                           KYLE A. SPAULDING (#29000)
                                           PAUL C. THIBODEAUX (#29446)
                                           FRILOT L.L.C.
                                           1100 Poydras Street
                                           Suite 3700
                                           New Orleans, LA 70163
                                           Telephone: (504) 599-8194
                                           Facsimile: (504) 599-8145
                                           Email: kmiller@frilot.com

                                                  - AND -

                                           STEVEN GLICKSTEIN (NY Bar No. 1038157)
                                           JAY P. MAYESH (NY Bar No. 1081603)
                                           KAYE SCHOLER LLP
                                           425 Park Avenue
                                           New York, NY 10022
                                           Telephone: (212) 836-8485
                                           Facsimile: (212) 836-6485
                                           Email: sglickstein@kayescholer.com

                                           Counsel for Defendant, Knauf Plasterboard
                                           (Tianjin) Co., Ltd.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing KPT's Statement of Position Regarding the Production of Communications With the CPSC, Including Communications To or From Outside Counsel has been served upon Plaintiffs' Liaison Counsel and counsel for Banner, Lennar and INEX by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 19th day of January, 2011.

/s/ Kyle Spaulding