RECEIVED
JAN - 7 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) MDL NO. 2047 )  ) |
| | ) SECTION: L ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| ALL CASES | ) ) JUDGE FALLON ) MAG. JUDGE WILKINSON ) ) |

**MEMORANDUM IN OPPOSITION TO THE PLAINTIFFS'
STEERING COMMITTEE'S MOTION FOR AN
ORDER REQUIRING AN ACCOUNTING AND OTHER RELIEF**

INTRODUCTION

The Plaintiffs' Steering Committee ("PSC") seeks an Order confiscating fees received by plaintiffs' counsel in state-court Chinese drywall cases over which this Court has no jurisdiction. The PSC also asks for an order requiring that the *entire* amount of any such fees--for both state-court cases as well as the member cases of this multi-district litigation--be held in an escrow account until the PSC has been fully compensated.

The state-court attorney fees that the PSC asks this Court to "sequester" are not only outside of the Court's jurisdiction, but the use of these funds to pay the PSC is not justified by the equitable concerns that the PSC discusses in its moving papers. These state court actions are not against foreign manufacturer defendants. They are against domestic suppliers, installers, developers and homebuilders, who are liable for the defective, damage-causing drywall that was installed in the individual plaintiffs' homes. No foreign manufacturers were served with process, no complaints were translated into

Chinese, and no depositions took place in Hong Kong or Germany. The attorneys prosecuting these state court actions do so on their own. They do not "ride free" on the efforts of the PSC.

Furthermore, just like the PSC's July 26, 2010 Motion to Establish a Common Fund, its present Motion for an Accounting is evidentiarily deficient. The PSC claims to have incurred fees and costs that are so substantial as to justify the confiscation of the full amount of *all* attorney fees paid from the settlements of *all* Chinese drywall cases. However, the only evidence the PSC presents in support of this claim is a letter detailing requests for foreign service-of-process apparently made in connection with the MDL. See Exhibit A in support of PSC's Motion for an Order Requiring an Accounting and Other Relief ("Motion for Accounting"). On the basis of nothing other than this letter and its own unsupported assertions, the PSC asks this Court to order the full "sequestration" of all fees from the settlement of claims of persons that the PSC *does not* represent. And indeed, even the PSC's moving papers do not contain any reference to any actual amounts. The PSC does not give even a rough estimate of the amount of costs that it claims to have incurred, or the number of hours it claims to have spent for which it claims to be entitled to reimbursement from a common fund. The PSC bears the burden to demonstrate the need for the drastic relief that it seeks. It has failed to do so.

Finally, under no circumstances is the PSC entitled to an order "sequestering" the *full* amount of the funds paid in settlement of the claims of MDL plaintiffs that it does not represent. Its claim to reimbursement through a common fund is not senior to the actual representing attorneys' contractual right to be paid a portion of the settlement to their

clients. At most, this Court should order a *portion* of the fees from settlement of MDL cases to be paid to a common fund--not the entire amount.

## STATEMENT OF FACTS

In drafting its Motion for an Accounting, the PSC describes the relief it seeks in various, contradictory ways. However, the language of the proposed order is clear -- the PSC is asking this Court to exercise jurisdiction over funds paid in past or future settlements of state court actions. Notably, these state court actions do not seek relief from any foreign manufacturers. They seek relief from domestic companies that were part of the distribution chain of the damage-causing Chinese drywall. Accordingly, the attorneys prosecuting these state court actions neither need nor use the much-ballyhooed international discovery and service of process which, apparently, is the main source of the fees and costs that the PSC seeks to recover.

### A. The PSC Seeks an Order Confiscating the Proceeds of Settlements in State Court Chinese Drywall Actions

In its moving papers, the PSC sometimes limits the relief it seeks to claims that are "within this Court's jurisdiction" or which concern "parties to these MDL proceedings."[1] Elsewhere, the PSC indicates that it seeks an order extending to settlement funds in matters not before this Court. See Motion for an Accounting at p. 10 [stating, "it is appropriate to . . . place in escrow all attorneys' fees earned or owing on cash settlements of Chinese drywall claims"].

---

[1] See Notice of Motion, page 1, and Motion for an Accounting at pp. 1 and 15-16 [contending that "Court has the inherent and equitable authority to secure the fees earned on the resolution of cases on the Court's docket and within the Court's jurisdiction by parties to the litigation"].

3

In its Proposed Order, the PSC is clear that it seeks an Order requiring the placement in escrow of *all* attorney fees paid through the settlement of Chinese drywall claims -- period. It states,

> Any attorney earning a fee in a case wherein Chinese drywall claims have been brought, which has been settled, compromised, dismissed, or reduced -- for monetary consideration -- or wherein, with or without trial, a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, has been recovered, shall place the value of the attorney's fee in an escrow account to be established by Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel, as set forth below in paragraph 3 of this order, pending a determination by the Court at an appropriate juncture as to a fair and reasonable common benefit fee percentage.

See Proposed Order at pp. 2-3.

This language in the PSC's Proposed Order is clear. By executing this Order, the Court will require the placement in escrow of all attorney fees paid through the settlement of all Chinese drywall cases, whether before this Court or not.

**B.  The State Court Cases Subject to the PSC's Proposed Order Do Not Name Foreign Manufacturers as Defendants**

While some of the Chinese drywall cases filed in various state courts were removed and then subsequently transferred to this Court,[2] many such actions remain in state court.

The undersigned represents the plaintiffs in a total of 118 cases pending in Florida state court, in which one or more homeowners aggrieved by the presence of Chinese

---

[2] For example, the undersigned represents the plaintiffs in *Peterson v. Treasure Coast Homes, LLC*, E.D. La. Case No. 2:09-cv-04319-EEF-JCW, and *Kent v. Lowe's Home Centers, Inc.*, E.D. La. Case No. 2:10-cv-01110-EEF-JCW. Both cases were filed in Florida state court, were removed, and are now member actions in this multi-district litigation. See **Exhibit A**.

4

drywall in their homes seek to recover for the resulting damages from various defendants.[3] In *each such case*, the defendants from whom the plaintiff(s) seek to recover include domestic (usually Florida-based) entities in the distribution chain, but do not include foreign manufacturers of the Chinese drywall.[4]

These cases were filed in 2009 and 2010, and are at various stages of discovery. However, in none of these cases has it been necessary, or even possible, for the plaintiffs to make use of any of the international discovery or service-of-process performed by the PSC in this multi-district litigation. The foreign depositions taken by the PSC in this litigation are similarly irrelevant to the Florida state actions, as are the discovery and other documents maintained in the document depository in this litigation. See **Exhibit A**.

In short, the Florida state court Chinese drywall actions in which plaintiffs are represented by the undersigned have progressed with little or no need for the work product generated by, or work performed by, the PSC in this multi-district litigation.

---

[3] **Exhibit B** is a copy of a case list stating the name, case number, and county of venue, for each of the Chinese drywall cases pending in Florida state court, in which the undersigned is counsel of record for the plaintiff(s).

[4] These cases include, for example *Acosta v. Hansen Homes of South Florida, Inc.*, Lee County Circuit Court Case No. 10-CA-001851 (Complaint attached as **Exhibit C**); *Albano v. Centerline Homes Construction, Inc.*, Broward County Circuit Court Case No. 09-46262 CACE 09 (Second Amended Complaint attached as **Exhibit D**); *Ammons v. Florida Style Services, Inc.*, Lee County Circuit Court Case No. 10-CA-002388 (First Amended Complaint attached as **Exhibit E**); and *Arbelo v. Midwest Construction and Development, Inc.*, St. Lucie County Circuit Court Case No. 562009CA010254 (Complaint attached as **Exhibit F**).

5

## LEGAL DISCUSSION

This Court is without jurisdiction to grant the PSC the relief it seeks. Its Motion for an Accounting must therefore be denied. Additionally, the equitable concerns raised by the PSC do not apply to state court Chinese drywall actions in which no recovery is sought from foreign manufacturers. Finally, the PSC fails to meet its burden to show that it is entitled to the relief it seeks, even as to actions over which this Court does have jurisdiction. At most, a portion of the attorney fees paid in settlement of such actions can be "sequestered," *not* the entire amount of the fees paid on each such settlement.

### A. The Court Has No Jurisdiction to Order Attorney Fees Paid from Settlements of State Court Actions to be Placed in an Escrow Account

The law is settled that in multi-district litigation, the federal transferee court has no jurisdiction over state court actions, and therefore it may not order the "sequestration" of amounts paid in settlement of such actions.

In *In re Showa Denko*, 953 F.2d 162 (4th Cir. 1992), the court invalidated a common-fund order identical in all relevant respects to the one here at issue. *Id.* at 166. The *Showa Denko* court stated:

> Paragraph 2 and 3 of Order No. 7 require plaintiff's counsel to contribute $1,000 and .5% of the value of settlement or verdict "in all cases filed or later filed in these proceedings." While these paragraphs apparently limit their scope to parties in the litigation before the court, paragraph 4 applies the obligations of paragraphs 2 and 3 "to actions venued in state courts, untransferred federal cases, and unfiled claims in which any MDL defendant is a party or payor." The order thus compels contributions from plaintiffs in state or federal litigation who are not before the court and by claimants who have chosen not to litigate but to compromise their claims outside of the court. Contrary to the suggestion of the plaintiffs' steering committee, this impermissible reach of paragraph 4 is not mitigated by the opportunity under paragraph 5 to obtain a waiver of assessments by petitioning the district court. To take advantage of this opportunity, the claimant is compelled to file a petition

> in the district court, yet the court has no jurisdiction to compel such a procedure in the first instance. *Claimants who have not sued and plaintiffs in state and untransferred federal cases have not voluntarily entered the litigation before the district court not have they been brought in by process. The district court simply has no power to extend the obligations of its order to them.*

*Id.* at 166. Emphasis added.

The court in *Hartland v. Alaska Airlines*, 544 F.2d 992 (9th Cir. 1976) dealt with a similar situation, in which the plaintiff had filed no lawsuit, but the defendant conditioned settlement upon approval by the MDL court which had jurisdiction over federal cases arising from the plane crash which had caused the dispute. *Id.* at 994, 996-997. The district court conditioned its approval of the settlement on the attorneys' payment of one-fifth of their fee into the common fund to compensate the plaintiffs' discovery committee. *Id* at 996-997. The Court of Appeal reversed, stating, "the District Court had not even a semblance of jurisdiction original, ancillary or pendent to order anything or anybody, and least of all to compel lawyers who were not parties to any action to pay $3,250 into a fund." *Id.* at 1001.

More recently, the court in *In re Linerboard Antitrust Litigation*, 292 F.Supp.2d 644 (E.D. Pa.) confronted this same issue, and, citing to *Showa Denko* and *Hartland*, the court struck down an order requiring sequestration of funds from cases "initiated in any other district and not transferred to this court." *Id.* at 664-665. The court stated that it "conclude[d] on the present state of the record that any order sequestering funds from settlements and other recoveries in the tag-along cases should not extend to nontransferred cases." *Id.* at 664.

Finally, this issue is addressed in the *Manual for Complex Litigation* to which this Court has referred the parties to this action. See Pretrial Order No. 1, page 3 ["Counsel

7

are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation."] The *Manual* states, "Unless the defendant files for bankruptcy, no legal basis exists for exercising exclusive federal control over state litigation. Interdistrict, intradistrict, and multidistrict transfer statutes and rules apply only to cases filed in, or removable to, federal court." *Manual for Complex Litigation Fourth*, at section 20.31, page 230. See also at section 20.312, pages 233-234, f.n. 701, recognizing the "jurisdictional limit" imposed by the holding in *Showa Denko* that "fee orders in MDL cases cannot be applied to cases that were not within the jurisdiction of the MDL transferee court."

In the present case, the PSC asks this Court in no uncertain terms for an order sequestering the full amount of any fee payments from the settlement of state court Chinese drywall actions. The law is clear that this Court has no jurisdiction to enter any such order. The PSC's motion must therefore be denied.

**B.     There Exists No Equitable Basis for Sequestering Settlements in State Court Chinese Drywall Actions**

The sole basis for any common-fund order is to compensate the leadership group of attorneys for their work that benefits all of the plaintiffs. The fund exists in order to prevent attorneys who have not contributed to the work undertaken by the leadership group from "riding free," by taking advantage of the fruits of the leadership group's labor and contributing nothing in return. See Motion for an Accounting, pages 11-14 and cases cited therein. Indeed, this is the one and only justification advanced by the PSC for the establishment of a fund. It states, "[I]n these consolidated MDL proceedings the court-

8

appointed plaintiffs' management committee is entitled to receive reimbursement for expenses incurred and compensation for services provided for the benefit of all plaintiffs with Chinese drywall claims." Motion for an Accounting at pp. 14-15.

The PSC also states that most of the work it performed for which it seeks compensation through the common fund consists of service of process and discovery involving foreign manufacturer defendants. In its July 26, 2010 Motion to Establish a Plaintiffs' Litigation Expense Fund, the PSC stated, "As evidenced to date, there is every reason to believe that this PSC and its associated counsel will perform more work than the Plaintiffs' Legal Committee in *Bone Screws* and incur even greater expenses in service of the Omni Complaints due to the scores of foreign manufacturers involved here, and the fact that counsel have already expended a substantial outlay of money for property inspections." Document 4603-1 at p. 10.

The PSC elaborates on this point in its present Motion for an Accounting, stating:

> At great burden and expense, the court-appointed management committee prepared, filed, translated and served Omni complaints against hundreds of foreign manufacturers under the Hague Convention and other related entities, bringing all interested parties, including insurance carriers and financiers, into the litigation and aggregating them in one forum. The PSC engaged in vigorous and time-consuming discovery that has required travel to many parts of the United States and to international destinations as far away as Hong Kong, Germany, and the United Kingdom.

Motion for an Accounting, p. 8.

The problem is that the state court cases whose settlements the PSC seeks to raid did not make use of the work performed by the PSC in obtaining jurisdiction over and discovery from these foreign manufacturer defendants. As explained above, the undersigned counsel represents a large number of individual plaintiffs in Chinese drywall

9

actions pending in Florida state court. In each of these cases, the plaintiff or plaintiffs seek to recover from the builder and/or others in the distribution chain of the harm-causing Chinese drywall, but not from the foreign manufacturer. Since the state-court cases are limited in this fashion, the plaintiffs in these actions are not benefited in any way by the work performed by the PSC in pursuing the manufacturer defendants. See **Exhibit A**. The attorneys (such as the undersigned) who represent the plaintiffs in these actions accordingly should not be forced to shoulder the cost burden incurred by the PSC. For this reason as well, the PSC's motion should be denied.

### C. The PSC Is Not Entitled to an Order Sequestering the Full Amount of Attorney Fees Paid from Settlement of Chinese Drywall Actions

The *Manual for Complex Litigation Fourth* states at section 20.312 that "MDL judges generally issue orders directing that defendants who settle MDL-related cases contribute a fixed percentage of the settlement to a general fund to pay the national counsel."

This requirement--for payment of a *fixed percentage*--is reflected as well in the sample orders which *the PSC* attaches as Exhibits H and I in support of its Motion for an Accounting. The PSC's Exhibit H includes a pretrial order in *In re Vioxx Products Liability Litigation*, ED La. MDL No. 1657, which orders defendants to withhold an assessment amounting to either 3% or 6% of the gross monetary recovery. Similarly, the PSC's Exhibit I includes a pretrial order in *In re Propulsid Products Liability Litigation*, ED La. MDL No. 1355, which likewise requires defendants to withhold either 4% or 6% of the gross amount of the settlement.

10

The same is true of the order specifically endorsed in the *Manual for Complex Litigation*, at 20.312, pp. 233-234, f.n. 701. In *In re Silicone Gel Breast Implants Products Liability Litigation*, N.D. AL MDL No. 926, the court ordered withholding of either 5% or 6% or gross monetary recovery, depending on the date when the settlement was reached.

The *In re Silicone* order and the samples attached by the PSC to its moving papers differ markedly from the proposed order that the PSC now asks this Court to sign. The proposed order before this Court does *not* require the withholding of a fixed percentage from settlements. Instead, it requires that the *full amount* of attorney fees paid in such settlements be handed over to Liaison Counsel, for later disbursement to the PSC. This is confiscatory and entirely unjustified. Nowhere does the PSC present this Court with any legal authority authorizing the seizure *in full* of attorney fees paid in connection with the settlement of individual claims.

Nor does the PSC present any evidence which would warrant such a heavy-handed ruling. The PSC attaches a single document (Exhibit A to its Motion for an Accounting) which apparently references services requested for service of process on foreign parties. However, nowhere is there any discussion of the amounts which the PSC believes it is entitled to, nor any factual discussion or evidence of any kind in support of the idea that wholesale confiscation of the fees rightfully belonging to other attorneys is necessary in order to ensure that the PSC is adequately reimbursed.

PSC has failed to present any legal or factual basis for the seizure of the full amount of attorney fees paid from settlement of Chinese drywall cases. Its motion must therefore be denied.

## CONCLUSION

Based on the foregoing, it is hereby respectfully requested that the Court deny the PSC's Motion for an Accounting.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., at drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller, Esq., at kmiller@frilot.com and Homebuilder Steering Committees' Liaison Counsel, Phillip A. Wittman, Esq., at pwittmann@stonepigman.com, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of January, 2011.

Respectfully submitted,

By:_____
C. David Durkee, Esq.
ROBERTS & DURKEE, P.A.
Alhambra Towers
Penthouse 1 – Suite 1603
121 Alhambra Plaza
Coral Gables, FL 33134
Phone: (305) 442-1700
Fax: (305) 442-2559
durkee@rdlawnet.com
*Counsel for Individual Plaintiffs*

Mark Milstein, Esq.
Paul D. Stevens, Esq.
Allison R. Willet, Esq.
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Phone: (310) 396-9600
Fax: (310) 396-9635
mmilstein@milsteinadelman.com
*Counsel for Individual Plaintiffs*