UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) | MDL NO. 2047 |
| | ) | SECTION: L |
| | ) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES**

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE & MEMORANDUM IN OPPOSITION TO THE TAISHAN DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DOC. 7003) & REPLY TO THE TAISHAN DEFENDANTS'[1] OPPOSITION TO THE PSC'S MOTION TO COMPEL (DOC. 7026)**

MAY IT PLEASE THE COURT:

The Plaintiffs' Steering Committee ("PSC") hereby submits its Response & Memorandum in Opposition to the Taishan Defendants' Motion for Protective Order (Doc. 7003) and its Reply to the Taishan Defendants' Opposition to the PSC's Motion to Compel[2] (Doc. 7026), and in support thereof states as follows:

**Introduction**

The PSC's Motion to Compel and the Taishan Defendants' Motion for Protective Order concern essentially the same core issue: the PSC's valid jurisdictional requests for discovery relating to affiliates, subsidiaries and other entities. Accordingly, the PSC has combined its

1 Taishan Gypsum Co. Ltd. ("Taishan Gypsum") and Taian Taishan Plasterboard Co. Ltd. ("TTP"), collectively "Taishan" and "Taishan Defendants."

2 The full title of the PSC's Motion to Compel, (Doc. 6964) is "Plaintiffs' Steering Committee's Motion Challengin the Adequacy and Completeness of the Discovery Responses of Defendants Taishan Gypsum Co. Ltd and Taian Taishan Plasterboard Co., Ltd., and to Compel Discovery & Jurisdictional Depositions to Begin in February 2011.

response to the Taishan Defendants' Motion for Protective Order and its Reply to the Taishan's Response to the PSC's Motion to Compel.

The Taishan Defendants Motion for Protective Order for the PSC's Rule 30(b)(6) deposition notices should be denied and the PSC' Motion to Compel granted because: a) discovery regarding the Taishan Defendants manufacturing and exporting of drywall to the United States by and through other entities is wholly proper for a minimum contacts analysis; and b) the PSC's request to begin depositions on February 14, 2011 is completely reasonable because the Taishan Defendants have had over a year to prepare for these depositions; the Taishan Defendants' counsel will have had over six months to prepare their clients for depositions by February 14; and the exigencies facing Plaintiffs in these cases (such as foreclosures and health problems due to the Taishan Defendants defective drywall).

**Background**

The Taishan Defendants are not new to this litigation. The Taishan Defendants were served with the *Germano* complaint on or about August 3, 2009. A preliminary default judgment was entered by this Court against the Taishan Defendants on November 20, 2009. The Taishan Defendants appeared in this matter on June 16, 2010. As such, Taishan has been on notice of these cases at least since November 2009, but chose, at its own risk, to ignore the cases until last June. The Taishan Defendants should not benefit from their own decision to delay their participation in these cases by over a year in order to delay the PSC's Rule 30(b)(6) depositions.

Counsel for the Taishan Defendants appeared on June 16, 2010. It is reasonable to assume that since that time, the Taishan Defendants' counsel discussed the jurisdictional matters with their clients. Certainly, by the time the PSC served its jurisdictional discovery on September 24, 2010, counsel for the Taishan Defendants were able to begin preparing their clients for

deposition. Nearly five full months would have passed for Taishan's counsel to prepare its clients for deposition by the PSC's requested deposition date of February 14; this is more than adequate time to prepare for a deposition.

Given the paltry production to date and the Taishan Defendants' representations that future document production will not be voluminous, the PSC is prepared to begin depositions on personal jurisdiction on February 14. The Taishan Defendants have offered the first week in April for depositions. Given the substantial time that Taishan Defendants had to prepare for discovery in this matter, the fact that they sat on the sidelines for over a year in these cases, and the exigencies in the case for Plaintiffs facing potential health problems and foreclosure issues due to Taishan's defective products, Taishan's suggestion of depositions beginning in April is unacceptable. As such, the PSC requests that the Court order Taishan to produce witnesses in February for jurisdictional depositions.

On January 12, 2011, the PSC filed its Motion Challenging the Adequacy and Completeness of the Discovery Responses of Defendants Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co., Ltd., and to Compel Discovery & Jurisdictional Depositions to Begin In February 2011 (Doc. 6964). The aforementioned motion has at its core the same fundamental issue raised by Taishan in their Motion for Protective Order, the PSC's request for discovery concerning other entities that have a relationship with Taishan. Rather than reiterate the basis and facts of the PSC's Motion Challenging the Adequacy of the Taishan Defendants' discovery responses, the PSC incorporates by reference its Motion at Docket Entry 6964.

**THE SCOPE OF THE PSC'S JURISDICTIONAL DISCOVERY PROPERLY ENCOMPASSES OTHER ENTITIES FOR ALTER-EGO, VEIL PIERCING, AGENCY AND UNDERTAKER THEORIES RELEVANT TO JURISDICTION**

As a threshold matter, the PSC's complaints need not plead each and every jurisdictional

theory it may have and they meet the notice pleading requirements under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a)(1) simply requires "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Plaintiffs have met their pleading burden under Rule 8(a)(1) for jurisdiction over Taishan, as set forth in part by the Taishan Defendants' lengthy quotes from the complaints contained in the Taishan Defendants' Motion for Protective Order at 10-13 (Doc. 7003).

The Taishan Defendants argue that the PSC cannot seek jurisdictional discovery from "upstream" entities, and that the allegations pled are insufficient and lack factual detail regarding the other entities activities that may relate to Taishan's minimum contacts with the United States. Taishan seems to forget that this case is only in the discovery phase. One of the reasons to conduct jurisdictional discovery concerning Taishan's activities as it relates to the sale of Chinese drywall in the United States is to determine what relationships Taishan may have had with other entities for the sale of Taishan's products into the United States. The Taishan Defendants activities directed to the United States may subject it to liability veil piercing, agency, alter-ego/veil piercing and/or undertaker doctrine theories as discussed below. All of those legal theories impute liability to the Taishan Defendants, their affiliates or parents for their actions of manufacturing and selling drywall to the United States.

**Agency.** If "upstream" entities, in Taishan's terms, controlled or directed Taishan to sell Taishan's drywall or other products into the United States, certainly those actions may be imputed to the Taishan defendants under an agency theory. As to agency, under Florida law, which has many Plaintiffs impacted by Chinese drywall in this MDL, "[t]he key element in establishing actual agency is the control by the principal over the actions of the agent." *Hickman v. Barclay's*

*Intern. Realty, Inc*., 5 So. 3d 804 (Fla. 4th DCA 2009). Thus, if an "upstream" entity controlled the agent, here the Taishan Defendants, manufacture and sell of Chinese drywall to the United States, it bears on Taishan's activities directed towards the United States for jurisdictional purposes. "It is the right of control, not actual control or descriptive labels employed by the parties, that determines an agency relationship. *Id.* Thus, whatever labels that Taishan wants to give other entities that the PSC seeks discovery for, if those entities had the right of control over Taishan, or vice-versa, and that conduct was directed towards the United States, then it is relevant to minimum contacts and personal jurisdiction discovery, because Taishan, or the other entities, may be liable for the conduct.

**Undertaker doctrine.** Under Florida law, "[w]henever one undertakes to provide a service to others, whether one does so gratuitously or by contract, the individual who undertakes to provide the service, i.e., the "undertaker"-thereby assumes a duty to act carefully and to not put others at an undue risk of harm." *Clay Cooperative Inc., v. Johnson*, 873 So.2d 1182 (Fla. 2004); *Goldberg*, 899 S0.2d at 110-111. "Voluntarily undertaking to do an act that if not accomplished with due care might increase the risk of harm to others…confers a duty of reasonable care, because it thereby "creates a foreseeable zone of risk." *McCain v. Florida Power Corp.*, 593 So.2d 500 (Fla.1992); *Kowkabany,* 606 So.2d at 720-21. If the Taishan Defendants undertook the obligation to assist with the export of the Chinese drywall to the United States and supervision, instruction, or oversight of the drywall for other entities, they had a duty to do so using reasonable care and would be liable for their acts and omissions. Thus, under the undertaker doctrine, what other entities may have requested Taishan to do relating to Chinese drywall in the United States is relevant. The PSC's discovery, in part, seeks to answer this question, and is relevant to the Taishan Defendants minimum contacts to the United States. If Taishan voluntarily assumed duties

relating to the manufacture, sale and export of Chinese drywall, it is legally responsible to the Plaintiffs for their property damages incurred as a result of the presence of defective Chinese manufactured drywall in their homes. *Goldberg*, 899 S0.2d at 110-111; *Union Memorial Chapel v. Hutt*, 670 So.2d 64 (Fla. 1996). The undertaker doctrine is embodied in the Restatement (Second) of Torts § 324A (1965), and adopted in Florida and Mississppi[3],both states significantly impacted by Chinese drywall. Alabama[4] has similar law.

**Veil-piercing/alter ego.** When a nonresident defendant contests lack of personal jurisdiction, it is the plaintiff who bears the burden of demonstrating the district court's jurisdiction over the defendant seeking dismissal. *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999), citing *Wilson v. Belin*, 20 F.3d 644, 649 (5th Cir. 1994). A plaintiff satisfies this burden by

---

3 The Fifth Circuit Court of Appeals has held that the principles of this section of the Restatement of Torts should be applied as Mississippi law in a diversity case. *See Tillman v. Travelers Indemnity Co.*, 506 F.2d 917, 920 (5th Cir. 1975); *Stacy v. Aetna Cas. & Sur. Co.*, 484 F.2d 289, 292 (5th Cir. 1973).

4 The Supreme Court of Alabama has held that "liability can arise from the negligent performance of a voluntary undertaking." *Beasley v. MacDonald Engineering Co.*, 249 So.2d 844, 846 (Ala. 1971); *Miss Janel, Inc. v. Elevating Boats, Inc.*, 725 F. Supp. 1553, 1567-68 (S.D. Ala. 1989). A parent corporation's involvement in the activities of its subsidiary can also lead to undertaker liability. "[A] duty that would not otherwise have existed can arise when an individual or company nevertheless undertakes to perform some action." *See In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 887 F. Supp. 1447, 1454 (N.D. Ala. 1995) (where corporate parent's "in-house counsel reviewed and approved warnings in package inserts and other information given by [subsidiary] to physicians … fact-finder at a trial could consider the[se] actions as undertakings by [parent]"). This duty "is measured in terms of reasonable forseeability." *Id.*; *see also In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 887 F. Supp. 1455, 1461 (N.D. Ala. 1995) ("*Breast Implants II*"). In *Breast Implants*, the District Court in Alabama held that "by both conducting tests relating to [the subsidiary's product] and making public statements regarding the safety of such [product], [the parent] can be held to have assumed a duty of reasonable care towards potential users who might rely upon such tests and statements." *Id.*; *see also Breast Implants II*.

presenting a prima facie case for jurisdiction. *Id*. Upon a motion to dismiss, in deciding whether a prima facie case has been made, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Id.*, citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir.1990). This case has not yet reached the stage for final briefing and hearing on Taishan's motion to dismiss, as such, Plaintiffs' allegations regarding veil piercing/alter ego must be taken as true. The Taishan Defendants want to argue the facts of personal jurisdiction over them without having given the PSC a meaningful opportunity to conduct discovery on the veil piercing/alter ego theories for the purposes of personal jurisdiction. At this time the Taishan Defendants are putting the cart before the horse. The PSC should be given the opportunity to conduct meaningful discovery upon the other entities related to the Taishan Defendants to determine if the corporate form has been ignored under the veil piercing theory and if the Taishan Defendants are being used as an alter ego by other entities, or are using other entities as alter ego to conduct activities in the United States relevant to the personal jurisdiction analysis.

WHEREFORE, the PSC respectfully requests that this Honorable Court grant the PSC's Motion to Compel, deny the Taishan Defendants' Motion for Protective Order and require the

Taishan Defendants to provide deposition dates for personal jurisdiction depositions to begin on February 14, 2011.

Dated: January 19, 2011

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
Matthews, Martinez, Gonzales,
Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W. Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of January, 2011.

/s/ Leonard A. Davis

Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
PH: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhkc.com