UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO CASE NO. 2:10-cv-932 | JUDGE FALLON |
| Dean and Dawn Amato, et al v. Liberty Mutual Insurance Company, et al. _____/ | MAGISTRATE JUDGE WILKINSON |

**MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE POLLUTION EXCLUSION BY THE TAYLOR MORRISON DEFENDANTS/CROSS CLAIMANTS AGAINST DEFENDANT/ CROSS-DEFENDANT CHARTIS SPECIALTY INSURANCE COMPANY**

Developer/Builder Defendants and Cross-Claimants Taylor Morrison, Inc., f/k/a Taylor Woodrow, Inc., Taylor Morrison Services, Inc., f/k/a Morrison Homes, Inc., Taylor Woodrow Communities at Vasari, L.L.C., and Taylor Morrison of Florida, Inc., (collectively, "Taylor Morrison"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, move this Court for an Order of Partial Summary Judgment in their favor and against Insurance Company Defendant Chartis Specialty Insurance Company, f/k/a American International Specialty Lines Insurance Company ("Chartis"), that the underlying Chinese drywall claims against Taylor Morrison are not subject to the pollution exclusions contained in

1

the insurance policies issued by Chartis to Taylor Morrison. As grounds, Taylor Morrison states as follows:

1. In its Cross-Claims against Defendant/Cross-Defendant Chartis, Taylor Morrison seeks declaratory relief as to the obligations of Chartis to pay for loss resulting from the importation and use of allegedly defective Chinese drywall products at multiple residential construction projects developed by Taylor Morrison in Florida. On this Motion, Taylor Morrison seeks Partial Summary Judgment that the underlying Chinese drywall claims against Taylor Morrison are not subject to the pollution exclusions contained in the Chartis policies.

2. Whether or not the pollution exclusions apply to Taylor Morrison's Chinese drywall claims will most likely depend on which state's law governs that question. The four involved states are 1) Louisiana (where this action was filed); 2) New York (where the negotiation and formation of the Policies took place, where Chartis has its principal place of business, where its final coverage determinations are made, and where payments under the Policies are made from); 3) Arizona (where Taylor Morrison has its corporate office, where its Risk Manager is located, and where policy payments should be sent); and 4) Florida (where the Policies were delivered and the homes with the Chinese drywall problems are located). If Louisiana, New York or Arizona law governs then the pollution exclusions will not apply. If Florida law governs then the pollution exclusion in three of the four policies in issue may well apply. Taylor Morrison's position is that either New York law or, in the alternative, Arizona law should apply because New York and Arizona are the states "whose interests would be most seriously impaired if [their] law were not applied." Louisiana Civil Code Article 3515.

A.   **The Parties To This Motion**

3.   Defendant/Cross-Claimant Taylor Morrison, Inc. is a Delaware corporation with

its corporate office and principal place of business in Scottsdale, Arizona. Taylor Morrison, Inc., through its wholly-owned subsidiaries, is a real estate developer and builder with operations in Arizona, California, Colorado, Florida, Nevada and Texas.

4. Defendant/Cross-Claimant Taylor Morrison Services, Inc., is also a Delaware corporation with its principal place of business in Scottsdale, Arizona. Previously, it acted as a real estate developer and builder in several states, including Florida, but now it builds and sells homes only in California.

5. Defendant/Cross-Claimant Taylor Woodrow Communities at Vasari, LLC ("Vasari") is a Florida limited liability company with its principal place of business in Florida. Vasari is a real estate developer and builder with operations in Florida.

6. Defendant/Cross-Claimant Taylor Morrison of Florida, Inc. is a Florida corporation with its principal place of business in Florida. Taylor Morrison of Florida, Inc. is also a real estate developer and builder with operations in Florida.

7. Defendant/Cross-Defendant Chartis is an Illinois corporation with its principal place of business in New York. It has its principal underwriting operations in New York and claims offices in (at least) New York, California and Arizona. Chartis has substantial operations in the State of Louisiana: in 2009, Chartis had gross premiums of $36,276,119 in Louisiana.

B. **The Chartis Insurance Policies**

8. Taylor Morrison purchased commercial umbrella liability insurance policies from Chartis with the policy numbers and for the policy periods set forth below:

| Policy Number | Policy Period |
|---|---|
| 9746096 | March 1, 2005 – March 1, 2006 |
| 7412123 | March 1, 2006 – March 1, 2007 |
| 7412254 | March 1, 2007 – March 1, 2008 |
| 7412431 | March 1, 2008 – March 1, 2009 |

9. Each of the four Chartis Policies has a "pollution exclusion." The exclusion in the first Chartis Policy, which is for the 2005-2006 Policy year, provides in relevant part as follows:

> "This insurance does not apply to:
>
> 1. any liability arising out of the actual, alleged or threatened discharge, disposal, seepage, migration, release or escape of Pollutants:
>
>    a. at or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any Insured;"

This Policy defines "pollutant" as follows:

> "Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

10. The pollution exclusion in each of the three later Chartis Policies in issue (for the 2006-2007, 2007-2008 and 2008-2009 policy years) is contained in a "Total Pollution Exclusion Endorsement" which provides, in relevant part, as follows:

> "This insurance does not apply to:
>
> 1. Any Bodily Injury, Property Damage or Personal Injury and Advertising Injury arising out of the actual, alleged or threatened discharge, disposal, seepage, migration, release or escape of Pollutants anywhere at any time;"

The definition of "Pollutants" in the Policies for 2006 to 2009 is identical to the definition contained in the 2005-2006 Policy, as set forth above.

## C. The Policies Involved For Each State

11. When the laws of the potentially interested states conflict, the first step in determining which state's law applies is to identify the policies involved for each state.

- 4 -

12.     <u>Relevant Policies for Louisiana</u>.  It appears that Louisiana's only connection to this dispute is that the action was filed here, and that Chartis does significant business in Louisiana.  Therefore, Louisiana may not have any relevant policies that are triggered by the issues before the Court on this Motion.

13.     <u>Relevant Policies for New York.</u>  Chartis is a resident of New York because it has its principal place of business in that state.  The Chartis Policies were issued and formed in New York by an insurance carrier that had its principal place of business in New York at the time the Policies were issued and where it still has its principal place of business today.  The Policies were also (at least in part) negotiated in New York.  Taylor Morrison tendered its Chinese drywall claims to Chartis in New York; and the claims have been (again, at least in part) handled by Chartis in New York.  Performance of Chartis' contractual obligations is to be made in New York in that Chartis will make payments under the Policies from New York.  Therefore, the relevant policies in issue for New York are the regulation of its insurance industry and the contractual obligations entered by members of that industry.

14.     <u>Relevant Policies for Arizona.</u>  Taylor Morrison, Inc. (the U.S. parent of the Taylor Morrison group of companies) and Taylor Morrison Services, Inc., both have their principal places of business in Arizona, and therefore they are residents of Arizona.  Claim payments under the Chartis Policies should be sent to Taylor Morrison in Arizona.  Because Taylor Morrison, Inc. and Taylor Morrison Services, Inc. are Arizona residents, Arizona has an interest in seeing that Taylor Morrison's insurance coverage is protected and that, in accordance with Arizona law, Chartis should only be able to avoid its coverage obligations for *traditional* environmental contamination, which is not what is at issue in this coverage dispute.

15.     <u>Relevant Policies for Florida.</u>  Florida's interests will not be impaired if Florida

law on the pollution exclusion is not applied by the Court on this Motion. The Florida Supreme Court has held that a pollution exclusion of the type found in the Chartis Policies for 2006 to 2007, 2007 to 2008 and 2008 to 2009, is clear and unambiguous and is not limited in its application to environmental or industrial pollution. The *effect* of the ruling is clear: it is to protect insurers by (potentially) denying coverage for any claim that is pollution related. But in this case, the insurer who would benefit from the application of the rule, Chartis, is neither a domiciliary nor a resident of Florida because it is incorporated in Illinois and has its principal place of business in New York. In so far as the purpose of the Florida rule is to protect Florida insurance companies, clearly it should not be applied on this Motion because to do so will not benefit a Florida insurance carrier.

### D. The States' Interests In Light Of Their Relationships To The Parties And The Dispute

16. To determine which state's interests control, the Court must evaluate those interests in light of each state's relationship to the parties and the dispute.

17. <u>Louisiana's Relationship to the Parties and Dispute</u>. Louisiana's relationship to the parties and dispute is limited. It is based solely on the fact that Chartis does business in Louisiana and that this action is filed here.

18. <u>New York's Relationship to the Parties and Dispute</u>. New York clearly has a close relationship to the parties and the dispute:

> 1) Chartis' principal place of business when it issued these Policies was New York and it is still New York today.
> 2) Chartis underwriters in New York (with some assistance from underwriters in Georgia), negotiated the Policies.
> 3) Chartis representatives counter-signed the Policies in New York.
> 4) The Chartis Policies were issued and formed in New York.

    5)    Each of the Chartis Policies contains only New York addresses for Chartis.

    6)    Taylor Morrison tendered its Chinese drywall claims to Chartis in New York.

    7)    Chartis has, in part, been handling Taylor Morrison's Chinese drywall claims out of New York.

    8)    Payments on the Chartis Policies are expected to be made by Chartis in New York.

19.    New York's highest court has spoken clearly on the application of the modern day pollution exclusion to personal injuries arising from indoor exposure to harmful substances. It found the exclusion to be ambiguous and the court will therefore not apply it to injuries arising from indoor exposure. New York's legitimate interest in the regulation of its insurance industry and the contractual relationship entered by the members of that industry, together with the close relationship between New York, the parties and this dispute, all dictate that New York has a compelling interest in seeing its rule on the pollution exclusion applied to insurance policies issued in New York by New York insurers.

20.    <u>Arizona's Relationship to the Parties and Dispute</u>. Arizona also has a substantial relationship to the parties and dispute:

    1)    Defendant/Cross-Claimant Taylor Morrison, Inc., the U.S. parent to all of the Taylor Morrison parties involved in this coverage dispute, has its corporate office and principal place of business in Scottsdale, Arizona.

    2)    Defendant/Cross-Claimant Taylor Morrison Services, Inc. also has its principal place of business in Scottsdale, Arizona.

    3)    Taylor Morrison's Risk Manager is located in Scottsdale, Arizona.

    4)    Chartis handled the Taylor Morrison Chinese drywall claim out of its office in Phoenix, Arizona for a period of time in 2009.

    5)    Payments for claims under the Chartis Policies should be sent by Chartis to Taylor Morrison, Inc. at its current corporate office in Scottsdale,

Arizona.

21. Arizona's legitimate interest in protecting the interests of its resident insureds, and the close relationship between Arizona, the parties and this dispute, demonstrate that Arizona has a compelling interest in seeing its law applied.

22. <u>Florida's Relationship to the Parties and Dispute</u>.  Florida's relationship to the parties and dispute are not significant:

> 1) Chartis has never been incorporated, or had its principal place of business, in Florida.
>
> 2) The Policies were issued to Taylor Morrison, Inc. in Florida because its principal place of business at that time was in Florida, but now it is in Arizona.  Taylor Morrison Services, Inc. also had its principal place of business in Florida at the time the Policies were issued, but now it is in Arizona.  Only Taylor Woodrow Communities at Vasari, L.L.C. and Taylor Morrison of Florida, Inc. still have their principal places of business in Florida.
>
> 3) The Policies cover Taylor Morrison's operations in Florida, but they also cover its operations in Arizona, Georgia and Texas.
>
> 4) The policies were brokered from Florida, but that fact has no bearing on Taylor Morrison's coverage dispute with Chartis.
>
> 5) None of the claims handling has taken place in Florida.
>
> 6) Thus far, the only homes built by Taylor Morrison with known Chinese drywall problems are located in Florida.  However, most of the Florida homeowners' claims have already been settled by Taylor Morrison without any assistance from its insurance carriers.  As to the claims that

have not yet been settled, or which theoretically could go to judgment against Taylor Morrison, Taylor Morrison is not dependent on its insurance carriers to fund such settlements or judgments.

23. Given the state of Florida law on the application of the pollution exclusion to claims arising from indoor exposures (i.e., that there is no coverage for such claims), Florida's only potential interest in the issues before the Court on this Motion would be to protect its resident insurance carriers. However, Chartis is not a resident of Florida. Therefore, Florida does not have a relevant interest. Furthermore, it cannot be disputed that if Florida law were to be applied it would only *harm* residents of Florida. As to the homeowners, Taylor Morrison will pay their legitimate claims with or without assistance from its insurance carriers, but if the Court decided that they still have an interest in this coverage dispute, they could only be harmed by the application of Florida law; they certainly will not benefit if their developer loses its insurance. As to Taylor Woodrow Communities at Vasari, LLC and Taylor Morrison of Florida, Inc., they are both incorporated in and have their principal places of business in Florida. They are residents of Florida and the injury to them resulting from the application of Florida law will be direct and immediate.

24. Based on the above, New York's interests will be most impaired by the failure to apply its law, followed by Arizona. If either New York or Arizona law on the pollution exclusion governs the substantive issues on this Motion, the pollution exclusions contained in the Chartis Policies do not apply. Given the state of Florida law and the residency of the parties, Florida does not have a relevant interest because the application of its law would only hurt Florida residents and benefit non-residents.

WHEREFORE, Defendants and Cross-Complainants Taylor Morrison, Inc. Taylor Morrison Services, Inc., Taylor Woodrow Communities at Vasari, L.L.C. and Taylor Morrison of Florida, Inc. respectfully request that this Court grant their Motion for Partial Summary Judgment against Defendant/Cross-Defendant Chartis Specialty Insurance Company and rule that the pollution exclusions contained in the Chartis Policies do not apply to Taylor Morrison's Chinese drywall claims.

Dated:  January 24, 2011	Respectfully submitted,

By:	s/ Neal A. Sivyer
NEAL A. SIVYER
Fla. Bar No. 373745
E-mail:  NSivyer@sbwlegal.com
Sivyer Barlow & Watson, P.A.
Suntrust Financial Center
401 E. Jackson Street
Suite 2225
Tampa, Florida  33602
Tel. 813-221-4242
Fax. 813-227-8598

and

JEFFREY D. MASTERS
California State Bar No. 94122
E-mail:  JMasters@coxcastle.com
Cox, Castle & Nicholson, LLP
2049 Century Park East
28th Floor
Los Angeles, California  90067-3284
Tel. 310-277-4222
Fax. 310-277-7889

Attorneys for
Defendants and Cross-Claimants Taylor Morrison, Inc., Taylor Morrison Services, Inc., Taylor Woodrow Communities at Vasari, L.L.C. and Taylor Morrison of Florida, Inc.

**CERTIFICATE OF SERVICE**

      I HEREBY certify that on January 24, 2011, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., and Homebuilders' Steering Committee Dorothy Wimberly and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq. by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No.: 6.

      /s/ Neal A. Sivyer
      Neal A. Sivyer