UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO: CASE NO. 2:10-cv-932 (Amato) | MDL DOCKET:  2047<br><br>SECTION:  L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

STATEMENT OF MATERIAL FACTS OF
DEVELOPER/BUILDER DEFENDNAT AND CROSS-CLAIMANT TAYLOR
MORRISON IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST DEFENDANT/ CROSS-DEFENDANT CHARTIS SPECIALTY INSURANCE
COMPANY ON THE POLLUTION EXCLUSION

Developer/Builder Defendants and Cross-Claimants Taylor Morrison, Inc., Taylor Morrison Services, Inc., Taylor Woodrow Communities at Vasari, L.L.C. and Taylor Morrison of Florida, Inc. (collectively, "Taylor Morrison") by and through undersigned counsel, and pursuant to Local Rule 56.1, submit the following Statement of Material Facts in support of their Motion for Partial Summary Judgment against Insurance Company defendant, Chartis Specialty Insurance Company, f/k/a American International Specialty Lines Insurance Company ("Chartis"), as to the application of the pollution exclusions contained in the insurance policies issued by Chartis to Taylor Morrison.

1

| MATERIAL FACT | EVIDENCE IN SUPPORT |
|---|---|
| **A.     The Parties** | **A.     The Parties** |
| 1.     Defendant/Cross-Claimant Taylor Morrison, Inc. is a Delaware corporation.  Its corporate office and principal place of business have been located in Scottsdale, Arizona since April 2008.  Taylor Morrison, Inc., through its subsidiaries, is a real estate developer and builder with operations in Arizona, California, Colorado, Florida, Nevada and Texas.  Taylor Morrison, Inc. is the ultimate parent company of the three other Taylor Morrison Defendants/Cross-Claimants in this action. | 1.     Affidavit of Darrell C. Sherman ("Sherman Aff."), ¶ 3. |
| 2.     Defendant/Cross-Claimant Taylor Morrison Services, Inc., is also a Delaware corporation with its principal place of business in Scottsdale, Arizona.  Taylor Morrison Services, Inc. currently acts as a general contractor in California, where it has 25 offices.  Taylor Morrison Services, Inc. was formerly known as Morrison Homes, Inc.  Previously, it acted as a real estate developer and builder in other states, including Florida, but it no longer builds or sells homes in Florida. | 2.     Sherman Aff., ¶ 4. |
| 3.     Defendant/Cross-Claimant Taylor Woodrow Communities at Vasari, L.L.C., is a Florida limited liability company with its principal place of business in Florida.  Taylor Woodrow Communities at Vasari, L.L.C. is a real estate developer and builder with operations in Florida. | 3.     Sherman Aff., ¶ 5. |

| **MATERIAL FACT** | **EVIDENCE IN SUPPORT** |
|---|---|
| 4. Defendant/Cross-Claimant Taylor Morrison of Florida, Inc. is a Florida corporation with its principal place of business in Florida. Taylor Morrison of Florida, Inc. is a real estate developer and builder with operations in Florida. | 4. Sherman Aff., ¶ 6. |
| 5. Defendant/Cross-Defendant Chartis Specialty Insurance Company ("Chartis") is a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of New York. | 5. Sherman Aff., ¶ 7; Ex. A, ¶ 10; Ex. C. |
| 6. Prior to 2007, Chartis was incorporated in Alaska, but its "main administrative office" and "mail address" were both located at 70 Pine Street, New York, NY 10270 at that time. | 6. Sherman Aff., ¶ 8; Ex. B. |
| 7. In 2009, Chartis had gross premiums of $36,276,119 in the State of Louisiana. | 7. Sherman Aff., ¶ 10; Ex. D. |
| **B. Nature of the Chinese Drywall Claim** | **B. Nature of the Chinese Drywall Claims** |
| 8. The Chinese Drywall Claims against Taylor Morrison include claims by thirteen homeowner Plaintiffs in this action, all of whom are identified as members of Subclass 1 in Schedule 1 to the Amato Class Action Complaint, and who allege (inter alia) as follows:<br>"624. In 'Chinese drywall' (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold by the Insured Defendants herein), the gypsum and | 8. Plaintiffs' Amended Omnibus Class Action Complaint |

| MATERIAL FACT | EVIDENCE IN SUPPORT |
|---|---|
| other components of the product break down and release sulfides and other noxious gases that are then emitted (or 'off-gassed') from the drywall.<br><br>625. The "Chinese drywall" is not fit for its ordinary and intended purpose in that it contains high levels of sulfur and strontium, which emit high levels of sulfur and sulfur compounds, including sulphuric acid and hydrogen sulfide, carbonyl sulfide and sulfur dioxide which corrode copper wires, copper plumbing, copper piping, air-conditioner coils, and other component parts of buildings, appliances, and personal property, including, but not limited to, HVAC systems, refrigerators, televisions, personal computers and other electrical and electronic devices.<br><br>626. The Chinese-manufactured drywall (and the hydrogen sulfide and/or other compounds emitted therefrom, either independently and/or in combination with other ambient compounds such as formaldehyde) sold by and/or through the Insured Defendants has also been widely associated with an offensive smell, headaches, eye irritation, coughing, sore throats, an aggravation of allergy and/or breathing problems, and fear of potential long-term health effects, which have, in many cases, further contributed to a loss of enjoyment, mental anguish, and/or loss of use." | |

| **MATERIAL FACT** | **EVIDENCE IN SUPPORT** |
|---|---|
| **C.     The Insurance Policies** | **C.     The Insurance Policies** |
| 9. Taylor Morrison purchased commercial umbrella liability insurance policies from Chartis with the policy numbers and for the policy periods set forth below:<br><br>**Policy Number**         **Policy Period**<br>9746096                           March 1, 2005 – March 1, 2006<br><br>7412123                           March 1, 2006 – March 1, 2007<br><br>7412254                           March 1, 2007 – March 1, 2008<br><br>7412431                           March 1, 2008 – March 1, 2009 | 9.     Affidavit of Mark A. DeLillo ("De Lillo Aff."), ¶ 3; Exs. A-D. |
| 10. Taylor Morrison, Inc. is the First Named Insured on each of the four Chartis Policies. Taylor Morrison Services, Inc. is a Named Insured on the 2008-2009 Policy. Taylor Woodrow Communities at Vasari, L.L.C. and Taylor Morrison of Florida, Inc. are Named Insureds on all four Policies. | 10.     DeLillo Aff., ¶ 4; Ex. A (End. #14), Ex. B (End. #6) and Exs. C and D (End. #7). |
| 11. The Chartis Policies cover Taylor Morrison subsidiaries incorporated in Delaware, Arizona, Florida, Georgia and Texas and Taylor Morrison operations in Arizona, Florida, Georgia and Texas. | 11.     De Lillo Aff., ¶ 5; Ex. A (End. #14), Ex. B (End. #6) and Exs. C and D (End. #7). |
| 12. Each of the four Chartis Policies has a "pollution exclusion." The exclusion in the first Chartis Policy, which is for the 2005-2006 Policy year, provides in | 12.     De Lillo Aff., ¶ 7; Ex. A., Commercial Umbrella Liability Policy Coverage Form, Section VII.T, page 17 of 26. |

- 5 -

| **MATERIAL FACT** | **EVIDENCE IN SUPPORT** |
|---|---|
| relevant part as follows:<br>"This insurance does not apply to:<br>1. any liability arising out of the actual, alleged or threatened discharge, disposal, seepage, migration, release or escape of Pollutants:<br>   a. at or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any Insured;"<br>Commercial Umbrella Liability Coverage Form, Section VI.R, page 9 of 26. | |
| 13. The Chartis Policy for 2005-2006 defines "pollutants" as follows:<br>"Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed." | 13.   De Lillo Aff., ¶ 7; Ex. A., Commercial Umbrella Liability Coverage Form, Section VI.R, page 9 of 26. |
| 14.   The pollution exclusion in each of the three later Chartis Policies in issue (for the 2006-2007, 2007-2008 and 2008-2009 policy years) is contained in a "Total Pollution Exclusion Endorsement" which provides, in relevant part, as follows:<br>"This insurance does not apply to:<br>1. Any Bodily Injury, Property Damage or Personal Injury and Advertising Injury arising out of the actual, alleged or threatened discharge, disposal, seepage, migration, release or escape of Pollutants anywhere at any time;" | 14.   De Lillo Aff., ¶ 8; e.g. Ex. D, End. #8 ("Total Pollution Exclusion Endorsement"). |

| **MATERIAL FACT** | **EVIDENCE IN SUPPORT** |
|---|---|
| 15. The definition of "Pollutants" in the Policies for 2006 to 2009 is identical to the definition contained in the 2005-2006 Policy, as set forth above. | 15. De Lillo Aff., ¶ 8; e.g. Ex. D, Commercial Umbrella Liability Coverage Form, Section VI.U, page 10 of 27. |
| **D.   Negotiation, Execution and Issuance of the Polices** | **D.   Negotiation, Execution and Issuance of the Polices** |
| 16.   Each of the Chartis Policies was negotiated by Chartis underwriters located in New York, New York and Atlanta, Georgia. | 16.   De Lillo Aff., ¶ 10.   Affidavit of Suzanne McDermott Brown ("Brown Aff."), ¶¶ 4 and 5. |
| 17.   Each of the Chartis Policies contains only New York, New York addresses for American International Specialty Lines Insurance Company ("AISLIC") (as Chartis was known at the time the Policies were issued), on both the Declarations page and the first page of the 26 or 27 page Coverage Form, namely, either 175 Water Street, New York, New York, or 70 Pine Street, New York, New York. | 17.   De Lillo Aff., ¶ 10; Exs. A-D., Declarations pages and Coverage Form, page 1 of 26 or 27. |
| 18.   The Policies for the three policy periods 2006 to 2009 all state on the last page of the Coverage Form as follows: "This policy shall not be valid unless signed at the time of issuance by an authorized representative of the Company, either below or on the Declarations page of the policy." | 18.   De Lillo Aff., ¶ 11; Exs. B, C, and D, at page 27 of 27. |
| 19.   Each of the Chartis Policies is counter-signed on the Declarations page and/or the last page of the 26 or 27-page Coverage Form, as well as on the endorsements, by Chartis representatives who were all located in New York at the time the policies were issued. | 19.   De Lillo Aff., ¶ 11; Exs. A-D; Brown Aff., ¶¶ 4 and 5; Ex. A. |

| **MATERIAL FACT** | **EVIDENCE IN SUPPORT** |
|---|---|
| 20. The mailing address for Taylor Morrison, Inc. shown on each of the four Policies is in Bradenton, Florida.  This is where Taylor Morrison, Inc. had its corporate office until April 2008, when it moved to Scottsdale, Arizona. | 20. De Lillo Aff., ¶ 12; Exs. A-D |
| 21. Insurance companies always send claim payments to corporate policyholders at the policyholder's corporate office, where the Risk Manager is customarily located. | 21. De Lillo Aff., ¶ 13. |
| 22. Chartis representatives were aware that Taylor Morrison's corporate office had moved to Scottsdale, Arizona no later than the end of 2008 or beginning of 2009 (when they were in renewal discussions) and would have sent claim payments to Scottsdale, Arizona, even without a formal notice of change of address. | 22. De Lillo Aff., ¶ 14. |
| 23. However, Taylor Morrison requested its broker, Willis of Florida, Inc. ("Willis"), to give Chartis a written notice in October 2009. Willis did so by e-mail on October 22, 2009 and Chartis immediately confirmed that they would make the change. | 23. De Lillo Aff., ¶ 14; Ex. E. |
| 24. Taylor Morrison's and Chartis' expectation, was that payments would be sent to the *current* corporate office.  Nobody would expect them to be sent to a former address. | 24. De Lillo Aff., ¶ 14 and 15; Ex. F. |
| **E.   The Coverage Claim** | **E.   The Coverage Claim** |
| 25. Taylor Morrison's Chinese drywall claims were tendered to Chartis in New York. | 25. De Lillo Aff., ¶ 17; Exs. G and H. |

| **MATERIAL FACT** | **EVIDENCE IN SUPPORT** |
|---|---|
| 26.  Taylor Morrison's Chinese drywall claims were initially handled on behalf of Chartis by a claims examiner located in New York, James Corona. | 26.  De Lillo Aff., ¶ 17; Ex. I, ¶ 5. |
| 27.  The Chartis file for Taylor Morrison's Chinese drywall claims was subsequently re-assigned to claims examiners located in Phoenix, Arizona, Santa Ana, California and San Ramon, California, but such local responsibility was always subject to supervision by the principal claims office in New York, New York. | 27.  De Lillo Aff., ¶ 18; Ex. J. |
| 28.  According to Chartis' Janet Shipes, who was the claims examiner for Taylor Morrison's Chinese drywall claims from August 2009 to the Spring of 2010, "[n]o claims examiner has had sole responsibility for handling the claim.  Each claims examiner has consulted with other employees of Chartis Claims, Inc., located in New York, New York." | 28.  De Lillo Aff., ¶ 19; Ex. K, ¶ 10. |
| 29.  Chartis did not take a coverage position on Taylor Morrison's Chinese drywall claims until December 4, 2009.  On behalf of Chartis, Chartis' Janet Shipes wrote to Taylor Morrison denying coverage by stating that "there is no coverage under the [Chartis] policies for any costs arising out of the process of repairing and replacing the drywall."  Chartis asserted twenty-one additional reasons why it reserved the right to deny coverage, including the pollution exclusion. | 29.  De Lillo Aff., ¶ 20; Ex. L, pages 6 and 9 of 11. |

| **MATERIAL FACT** | **EVIDENCE IN SUPPORT** |
|---|---|
| 30.  The Chartis denial/reservation of rights letter of December 4, 2009 was signed by Janet Shipes and sent to Taylor Morrison from the Chartis office in Santa Ana, California but, according to Ms. Shipes, the letter was "approved and authorized by [her] manager in New York before [she] sent it." | 30.  De Lillo Aff., ¶ 20; Ex. I, ¶ 5. |
| 31.  Taylor Morrison tendered the instant (Amato) action to Chartis in New York for indemnity on September 17, 2010.  So far, there has been no response from Chartis. | 31.  De Lillo Aff., ¶ 21. |
| 32.  Taylor Morrison's ability to pay either settlements agreed with, or adverse judgments obtained by, the thirteen homeowners who have asserted claims against Taylor Morrison in this (Amato) action, is not contingent upon an insurance recovery from Chartis. | 32.  Sherman Aff., ¶11. |

Respectfully submitted,

By: /s/Neal A. Sivyer

NEAL A. SIVYER
Fla. Bar No. 373745
E-mail: NSivyer@sbwlegal.com
Sivyer Barlow & Watson, P.A.
Suntrust Financial Center
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Tel. 813-221-4242

JEFFREY D. MASTERS
California State Bar No. 94122
E-mail: JMasters@coxcastle.com
Cox, Castle & Nicholson, LLP
2049 Century Park East, 28th Floor
Los Angeles, California 90067-3284
Tel. 310-277-4222

Attorneys for Defendants and Cross-Claimants Taylor Morrison, Inc., Taylor Morrison Services, Inc., Taylor Woodrow Communities at Vasari, L.L.C. and Taylor Morrison of Florida, Inc.

## CERTIFICATE OF SERVICE

I HEREBY certify that on January 24, 2011, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., and Homebuilders' Steering Committee Dorothy Wimberly and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq. By U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No.: 6.

/s/Neal A. Sivyer
Neal A. Sivyer