# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED   *   MDL. NO. 2047
DRYWALL PRODUCTS LIABILITY   *   CASE NO. 09-6690
LITIGATION   *
  *   SECTION "L"
  *
THIS DOCUMENT RELATES TO:   *   JUDGE FALLON
David Gross, et al   *
v.   *   MAG. JUDGE WILKINSON
KNAUF GIPS, KG., et al   *
Case No. 2:09-CV-7628   *   **This pleading applies to the claims of**
**********************************   **Plaintiffs, Robert and Denise Martin, ONLY**

## DEFENDANT, HOLMES BUILDING MATERIAL, L.L.C.'S ANSWER, DEFENSES AND CROSS-CLAIM IN RESPONSE TO PLAINTIFFS', MARY ANNE BENES' SUBSTITUTE AND AMENDED OMNIBUS CLASS ACTION COMPLAINT IN INTERVENTION (III)

Defendant, Holmes Building Materials (hereinafter "Holmes"), through undersigned counsel, hereby files this Answer, Affirmative Defenses and Cross-Claim in response to Plaintiffs' Mary Anne Benes' Substituted and Amended Omnibus Action Complaint In Intervention (III) as follows:

## JURISDICTION, PARTIES AND VENUE

1.      The allegations contained in paragraph 1 of Plaintiffs' Omnibus Class Action Complaint are admitted upon information and belief.

2.      The allegations contained in paragraph 2 of Plaintiffs' Omnibus Class Action Complaint are admitted upon information and belief.

3.      The allegations contained in paragraph 3 of Plaintiffs' Omnibus Class Action Complaint are admitted upon information and belief.

## PLAINTIFFS

4.      The allegations contained in paragraphs 4–1062 of Plaintiffs' Omnibus Class Action Complaint in Intervention (III) relate to the specific identity and property interest of each plaintiff and require no response on behalf of answering Defendant.  To the extent that any response is necessary, Defendant is without knowledge concerning these allegations and they are hereby denied.

## DEFENDANTS

5.      The allegations contained in Paragraph 1063 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) do not require a response.  To the extent that any response is necessary, Defendant is without knowledge concerning these allegations and they are hereby denied.

### A.      Allegations Regarding the *Gross* Defendants

6.      The allegations contained in Paragraphs 1064-1067 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are not directed to this Defendant and do not require a response.  To the extent a response may be necessary, Defendant is without knowledge of these allegations and they are hereby denied.

### B.      Allegations Regarding Identifiable Defendants

### The Distributor/Supplier/Importer/Exporter/ Broker Defendants

7.      The allegations contained in Paragraphs 1068-1094 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are not directed to this

Defendant and do not require a response.  To the extent a response may be necessary, Defendant is without knowledge of these allegations and they are hereby denied.

8.     In response to the allegations contained in Paragraph 1095 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III), Defendant admits that it is an entity organized under the laws of Louisiana with a principal place of business at 6190 Greenwell Springs Road, Baton Rouge, LA 70806.  Defendant denies all other allegations contained in Paragraph 1095 Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III).

9.     The allegations contained in Paragraphs 1096-1120 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are not directed to this Defendant and require no response.  To the extent a response may be necessary; Defendant is without knowledge of these allegations and they are hereby denied.

**The Developer/Builder Defendants**

10.     The allegations contained in Paragraphs 1121-1335 Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are not directed to this Defendant and require no response.  To the extent a response may be necessary; Defendant is without knowledge of these allegations and they are hereby denied.

**The Contractor/Installer Defendants**

11.     The allegations contained in Paragraphs 1336-1422 of the Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are not directed to this Defendant and require no response.  To the extent a response may be necessary; Defendant is without knowledge of these allegations and they are hereby denied.

## FACTS REGARDING PRODUCT DEFECT

12.    Defendant is without sufficient knowledge or proof as to Paragraphs 1423-1433 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) therefore, Paragraphs 1423-1433 are denied.

## DEFENDANTS HAVE FRAUDULENTLY CONCEALED THEIR IDENTITIES

13.    Defendant is without sufficient knowledge or proof as to Paragraphs 1434-1440 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) therefore, Paragraphs 1434-1440 are denied.

## CLASS ACTION ALLEGATIONS

14.    The allegations contained in Paragraph 1441 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied.

15.    The allegations contained in Paragraph 1442 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are not directed to this Defendant and require no response.  To the extent a response may be necessary; Defendant is without knowledge of these allegations and they are hereby denied.

### The *Gross* Class

16.    The allegations contained in Paragraph 1443 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are denied.

### The Distributor/Supplier/Importer/Exporter/Broker Subclasses (Subclasses 1-52)

17.    The allegations contained in Paragraph 1444 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied.

18.    The allegations contained in Paragraph 1445 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied.

**The Builder/Developer Subclass (Subclasses 53-269)**

19.   The allegations contained in Paragraph 1446 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied.

20.   The allegations contained in Paragraph 1447 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied.

**The Contractor/Installer Subclasses (Subclasses 270-356)**

21.   The allegations contained in Paragraph 1448 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied.

22.   The allegations contained in Paragraph 1449 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied.

**General Class Allegations and Exclusions from Class Definitions**

23.   The allegations contained in Paragraph 1450 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are not directed to this Defendant and require no response.  To the extent a response may be necessary; Defendant is without knowledge of these allegations and they are hereby denied.

24.   The allegations contained in Paragraph 1451 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied for lack of information sufficient to justify a belief therein.

25.   The allegations contained in Paragraph 1452, including subparts a-d, of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied for lack of information sufficient to justify a belief therein.

26.     The allegations contained in Paragraph 1453 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied for lack of information sufficient to justify a belief therein.

27.     The allegations contained in Paragraph 1454 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied for lack of information sufficient to justify a belief therein.

28.     The allegations contained in Paragraph 1455 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied for lack of information sufficient to justify a belief therein.

29.     The allegations contained in Paragraph 1456 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied for lack of information sufficient to justify a belief therein.

30.     The allegations contained in Paragraph 1457 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied.

31.     The allegations contained in Paragraph 1458 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied for lack of information sufficient to justify a belief therein.

32.     The allegations contained in Paragraph 1459 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are hereby denied for lack of information sufficient to justify a belief therein.

## COUNT I

### NEGLIGENCE
### (Against All Defendants)

33.    As to Paragraph 1460, Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

34.    The allegations contained in Paragraphs 1461-1467 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are denied.

## COUNT II

### NEGLIGENCE PER SE
### (Against All Defendants)

35.    As to Paragraph 1468, Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

36.    The allegations contained in Paragraphs 1469-1474 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are denied.

## COUNT III

### STRICT LIABILITY
### (Against All Defendants)

37.    As to Paragraph 1475, Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

38.    The allegations contained in Paragraphs 1476-1492 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are denied.

## COUNT IV

### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (Against All Defendants)

39.   As to Paragraph 1493, Defendant adopts and re-states the preceding paragraphs and

defenses as if fully set forth herein.

40.   The allegations contained in Paragraphs 1494-1500 of Plaintiffs' Omnibus Class Action

Complaint are denied.

## COUNT V

### BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY
### PURSUANT TO FLORIDA STATUTES SECTION 718.203
### (On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)
### (Against Builders Only)

41.   The allegations contained in Paragraphs 1501-1512 of Plaintiffs' Substituted and

Amended Omnibus Class Action Complaint in Intervention (III) are not directed to this

Defendant and require no response.   To the extent a response may be necessary, the

allegations are denied.

## COUNT VI

### BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

42.   The allegations contained in Paragraphs 1513-1519 of Plaintiffs' Substituted and

Amended Omnibus Class Action Complaint in Intervention (III) are not directed to this

Defendant and require no response.   To the extent a response may be necessary, the

allegations are denied.

## COUNT VII

### BREACH OF CONTRACT
### (Against Builders Only)

43.     The allegations contained in Paragraphs 1520-1523 of Plaintiffs' Omnibus Class Action

Complaint are not directed to this Defendant and require no response.  To the extent a

response may be necessary, the allegations are denied.

## COUNT VIII

### VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (Against Louisiana Builders Only)

44.     The allegations contained in Paragraphs 1524-1530 of Plaintiffs' Substituted and

Amended Omnibus Class Action Complaint in Intervention (III) are not directed to this

Defendant and require no response.  To the extent a response may be necessary, the

allegations are denied.

## COUNT IX

### REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

45.     As to Paragraph 1531, Defendant adopts and re-states the preceding paragraphs and

defenses as if fully set forth herein.

46.     The allegations contained in Paragraphs 1532-1540 of Plaintiffs' Substituted and

Amended Omnibus Class Action Complaint in Intervention (III) are denied.

## COUNT X

### LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

47.     As to Paragraph 1541, Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

48.     The allegations contained in Paragraphs 1542-1554 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are denied.

## COUNT XI

### PRIVATE NUISANCE
### (All Defendants)

49.     As to Paragraph 1555, Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

50.     The allegations contained in Paragraphs 1556-1561 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are denied.

## COUNT XII

### NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

51.     As to Paragraph 1562, Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

52.     The allegations contained in Paragraphs 1563-1568 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are denied.

## COUNT XIII

### UNJUST ENRICHMENT
### (All Defendants)

53.     As to Paragraph 1569, Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

54.     The allegations contained in Paragraphs 1570-1572 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are denied.

## COUNT XIV

### VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

55.     As to Paragraph 1573, Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

56.     The allegations contained in Paragraphs 1574-1577 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are denied.

## COUNT XV

### EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

57.     As to Paragraph 1578, Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

58.     The allegations contained in Paragraphs 1579-1590 of Plaintiffs' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) are denied.

59.     Defendant denies any allegations not specifically identified herein and now Defendant asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

60.     Plaintiffs' demands are barred or alternatively reduced to the extent of the Plaintiffs' failure to mitigate, minimize, or abate any damages allegedly sustained.

### SECOND AFFIRMATIVE DEFENSE

61.     Defendant avers that the injuries and damages alleged, if any, were caused by the negligence, strict liability and/or fault of third parties, for which Defendant is not liable.

## THIRD AFFIRMATIVE DEFENSE

62.   Defendant was not in the business of manufacturing or developing drywall; therefore, is not liable for any latent defects or any alleged misrepresentation regarding drywall.

## FOURTH AFFIRMATIVE DEFENSE

63.   Any and all products sold and/or distributed by Defendant were at all times reasonably fit and/or suitable for the purposes for which they were sold and/or distributed.

## FIFTH AFFIRMATIVE DEFENSE

64.   Defendant affirmatively pleads the "state of art" defense and denies the existence of any defects in products sold and/or distributed by it.  Further, Defendant affirmatively avers that at all pertinent times that any and all products sold and/or distributed by it were reasonably fit and suited for the purposes for which they were sold and/or distributed by this Defendant and were sold and/or distributed with such advices as were consistent with the state of the existing medical and industrial arts.

## SIXTH AFFIRMATIVE DEFENSE

65.   This Defendant specifically pleads herein any and all defenses available to it under the Louisiana Civil Code, and/or the Louisiana Code of Civil Procedure and further specifically, including without limitation, the Louisiana Products Liability Act, La. R.S. 9:2851, *et. seq*., as if same were restated and copied herein.

## SEVENTH AFFIRMATIVE DEFENSE

66.   Defendant specifically denies all allegations of duty, breach, causation, negligence, as well as all damages alleged, and demands strict proof thereof.

## EIGHTH AFFIRMATIVE DEFENSE

67.   Plaintiffs' claims against Defendant are barred to the extent any of the property damage alleged in the Complaint arose from non-fortuitous events, either in whole or in part.

## NINTH AFFIRMATIVE DEFENSE

68.   To the extent that Plaintiffs' damages, if any, resulted from their own contributory fault and/or contributory negligence, assumption of known risks, and/or victim fault, then the amount of damages otherwise recoverable should be extinguished or reduced.

## TENTH AFFIRMATIVE DEFENSE

69.   Plaintiffs' claims against Defendant are barred, in whole or in part, to the extent that Plaintiffs' alleged damages, if any, were caused by pre-existing conditions over which Holmes had no control and/or for which Holmes is not responsible and may not be held liable.

## ELEVENTH AFFIRMATIVE DEFENSE

70.   Plaintiffs' claims are barred in whole or in part by prescription, statute of limitations, and/or laches.

## TWELFTH AFFIRMATIVE DEFENSE

71.   The proximate cause of damages and/or injuries alleged by Plaintiffs is not the result of any acts or omissions on the part of Holmes.  Defendant maintains such alleged damages are the result of the acts or omissions of third parties unrelated to Holmes.  Accordingly, Defendant cannot be held liable and/or accountable for the actions of entities lacking real or apparent authority to act on behalf of Holmes and over whom Defendant lacked control.

## THIRTEENTH AFFIRMATIVE DEFENSE

72.   The alleged damages of Plaintiffs, if any, were proximately caused by the negligence or fault of entities whose identities are unknown at this time and the comparative negligence or fault of those entities proportionately reduces or bars Plaintiffs' recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE

73.   Defendant did not breach any express or implied warranties and/or warranties created by law.  The claims of Plaintiffs for breach of warranty are therefore barred, fail to state a claim, and must be dismissed with prejudice.

## FIFTEENTH AFFIRMATIVE DEFENSE

74.   The alleged damages and/or injuries of Plaintiffs, if any, resulted from pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses that cannot be attributed to any alleged act or omission of Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

75.   To the extent the claims of Plaintiffs are based upon a theory of liability without proof of causation, such claims violate Defendant's rights pursuant to the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

76.   In the event that Defendant is found to be liable to Plaintiffs, all damages against Holmes should be apportioned among each of the defendants, as well as amongst any other defendants and/or their respective insurers, whether named in this action or not, in proportion to the respective obligations of each such defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

77.   Plaintiffs have failed to join all necessary parties to this action.

## NINETEENTH AFFIRMATIVE DEFENSE

78.   This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part, because of the acts or omissions of Plaintiffs, or because Plaintiffs waived their right, or are estopped, to pursue this action.

## TWENTIETH AFFIRMATIVE DEFENSE

79.   Any damages allegedly sustained by Plaintiffs were caused in whole, or in part, by the acts or omissions of entities other than this Defendant, over whom this Defendant had no control or by intervening causes outside the control of this Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

80.   This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part, to the extent Plaintiffs have incurred unreasonable and inappropriate costs and/or expenses with regard or in relation to any alleged damages and/or injuries.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

81.   This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part, because the Plaintiffs may not have requisite standing to sue Holmes.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

82.   This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part to the extent Plaintiffs have impaired Holmes' rights of subrogation or contribution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

83.   This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part to the extent Plaintiffs seek compensation for property that has not

been damaged from an alleged defect, deficiency, inadequacy, or dangerous condition in the materials allegedly supplied by Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

84.    This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part to the extent Plaintiffs seek compensation for property damage related to materials not supplied by Holmes.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

85.    The Complaint is vague to the extent it does not describe the claims made against Defendant with sufficient particularity to enable Holmes to determine applicable defenses to claims within the Complaint.  Defendant therefore reserves the right to raise all defenses which may be pertinent to the Complaint once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

86.    This Honorable Court may lack subject matter jurisdiction because there is not complete diversity among the parties and the cause of action of plaintiff is not established by federal statutory law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

87.    The Complaint of Plaintiffs fails to state a claim against Holmes for which relief may be granted.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

88.    Defendant further adopts any and all defenses asserted by other parties hereto, to the extent such defenses are not inconsistent with the defenses asserted by Holmes.

**CROSS CLAIMS AGAINST KNAUF GIPS; KNAUF PLASTERBOARD (TIANJIN) CO.,
LTD., KNAUF PLASTERBOARD (WUHU), CO. LTD., KNAUF PLASTERBOARD
(DONGGUAN) CO., LTD. AND INTERIOR/EXTERIOR BUILDING SUPPLY, LP**

89.     HOLMES BUILDING MATERIALS, L.L.C., (hereinafter "Holmes") defendant herein,
        hereby asserts the following allegations as Plaintiff-in-Cross-Claim, as follows:

90.     Plaintiff-in-Cross Claim, Holmes Building Materials, L.L.C., is a Limited Liability
        Company authorized to and doing business in the State of Louisiana, which falls within
        this Court's jurisdictional authority.

91.     Made Defendants-in-Cross Claim are KNAUF GIPS; KNAUF PLASTERBOARD
        (TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU), CO. LTD., KNAUF
        PLASTERBOARD (DONGGUAN) CO., LTD., along with all other applicable affiliates
        and related entities (hereinafter "Knauf"); and

92.     Defendant-in-Cross-Claim INTERIOR/EXTERIOR BUILDING SUPPLY, LP. a limited
        partnership authorized to do and doing business in the State of Louisiana, Parish of
        Orleans, along with all other applicable affiliates and related entities ("Interior/Exterior").

93.     Plaintiffs, JOYCE ROGERS ET AL[1], have brought claims against HOLMES BUILDING
        MATERIALS, L.L.C., along with numerous other defendants, to recover damages as a
        result of property damage allegedly caused by defective drywall installed in their homes
        and businesses.

94.     Plaintiff-in-Cross-Claim, HOLMES BUILDING MATERIALS, L.L.C., has answered the
        aforementioned Complaint denying liability as set forth in its answer which has been
        filed herewith into the record of this Honorable Court.    Plaintiff-in-Cross Claim,

---

[1] Specifically, only plaintiffs Robert and Denise Martin have brought claims against Holmes Building Materials,
L.L.C.

HOLMES BUILDING MATERIALS, L.L.C., avers that the incident which is the subject of this litigation, and which has allegedly given rise to the damages sought by the Plaintiffs was caused in whole or in part by the negligence of Defendant-in-Cross-Claim, Knauf, its employees, representatives, agents, sub-contractors, and/or the negligence Defendant-in-Cross-Claim of  Interior/Exterior, its employees, representatives, agents, sub-contractors.  By way of Cross-Claim, and only in the event that Holmes is held liable to Plaintiffs for their alleged damages, which liability is denied, Holmes adopts by reference (as if reproduced herein *in extenso*) all allegations made by Plaintiffs against the above-listed Defendants-in-Cross-Claim.   This includes specific allegations as to named entities and general allegations concerning manufacturers, distributors, and/or suppliers.  Holmes avers that it is entitled to judgment over and against said Defendants-in-Cross-Claim for contribution and/or indemnity.

**CROSS-CLAIMS AGAINST KNAUF GIPS,**
**KNAUF PLASTERBOARD (TIANJIN) CO., LTD.,**
**KNAUF PLASTERBOARD (WUHU), CO. LTD.,**
**KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.**

**FIRST CROSS-CLAIM FOR BREACH OF EXPRESS WARRANTIES**

95.   Holmes hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

96.   In its capacity as Plaintiff-in-Cross-Claim, Holmes asserts claims against Defendant-in-Cross-Claim, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Knauf Plasterboard (Dongguan) Co., Ltd., and all other applicable affiliates and/or entities (hereinafter "Knauf") for breach of express warranties.

97.   Holmes paid for and acquired a specific amount of gypsum drywall manufactured by Knauf.

98.   The Knauf gypsum drywall was expressly warranted to be fit for the ordinary purpose such material is utilized and free of defects.

99.   Holmes has previously denied any liability for damages allegedly sustained by Plaintiffs. In the event it is established the gypsum drywall manufactured by Knauf and subsequently sold to Holmes was in any manner defective and/or not fit for its ordinary purpose, Knauf is liable to Holmes for breach of its express warranty.

100.   Holmes has incurred significant monetary damages resulting from its defense of the foregoing action of Plaintiffs as a direct and proximate result of Knauf's breach of express warranties.   Upon information and belief, Holmes will continue to incur monetary damages in its defense of the foregoing action.

## SECOND CROSS-CLAIM FOR BREACH OF IMPLIED MERCHANTABILITY

101.   Holmes hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

102.   In its capacity as Plaintiff-in-Cross-Claim, Holmes asserts claims against Defendant-in-Cross-Claim Knauf for breach of implied merchantability.

103.   Knauf is a merchant of gypsum drywall.

104.   Holmes paid for and acquired a specific amount of gypsum drywall manufactured by Knauf.

105.   Knauf warranted its gypsum drywall was merchantable and fit for the ordinary purpose such material is utilized.

106.   Holmes has previously denied any liability for damages allegedly sustained by Plaintiffs. In the event it is established the gypsum drywall manufactured by Knauf and subsequently sold to Holmes was in any manner defective and/or not fit for its ordinary purpose, Knauf is liable to Holmes for breach of its implied warranty.

107.   Holmes has incurred significant monetary damages resulting from its defense of the foregoing action of Plaintiffs and has been required to respond to complaints of homeowners as a direct and proximate result of Knauf's breach of implied warranties. Upon information and belief, Holmes will continue to incur monetary damages in its defense of the foregoing action and in its response to homeowner complaints.

## THIRD CROSS-CLAIM FOR INDEMNIFICATION

108.   Holmes hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

109.   In its capacity as Plaintiff-in-Cross-Claim, Holmes asserts claims against Defendant-in-Cross-Claim Knauf for equitable and/or common law indemnification.

110.   Knauf is solely responsible and liable for any allegedly wrongful acts committed as alleged within the Complaint of Plaintiffs.

111.   Knauf is solely liable for any and all damages alleged by Plaintiffs.

112.   In the event Holmes is required to pay any amount of damages to Plaintiffs, Defendant is entitled to be indemnified by Knauf for any such damages based on the doctrines of equitable and/or common law indemnification.

**CROSS-CLAIMS AGAINST INTERIOR/EXTERIOR BUILDING SUPPLY, LP**

**FOURTH CROSS-CLAIM FOR BREACH OF EXPRESS WARRANTIES**

113.   Holmes hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

114.   In its capacity as Plaintiff-in-Cross-Claim, Holmes asserts claims against Defendant-in-Cross-Claim, Interior/Exterior Building Supply, LP and all other applicable affiliates and/or entities (hereinafter "Interior/Exterior") for breach of express warranties.

115.   Holmes paid for and acquired a specific amount of gypsum drywall manufactured by Knauf and supplied by Interior/Exterior.

116.    The Knauf gypsum drywall Interior/Exterior supplied to Holmes was expressly warranted to be fit for the ordinary purpose as such material is utilized and free of defects.

117.   Holmes has previously denied any liability for damages allegedly sustained by Plaintiffs. In the event it is established the gypsum drywall manufactured by Knauf and supplied by Interior/Exterior to Holmes was in any manner defective and/or not fit for its ordinary purpose, Interior/Exterior is liable to Holmes for breach of its express warranty.

118.   Holmes has incurred significant monetary damages resulting from its defense of the foregoing action of Plaintiffs as a direct and proximate result of Interior/Exterior's breach of express warranties.   Upon information and belief, Holmes will continue to incur monetary damages in its defense of the foregoing action.

**FIFTH CROSS-CLAIM FOR BREACH OF IMPLIED MERCHANTABILITY**

119.   Holmes hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

120.     In its capacity as Plaintiff-in-Cross-Claim, Holmes asserts claims against Defendant-in-Cross-Claim Interior/Exterior for breach of implied merchantability.

121.     Knauf is a merchant of gypsum drywall.

122.     Holmes paid for and acquired a specific amount of gypsum drywall manufactured by Knauf and supplied by Interior/Exterior.

123.     Interior/Exterior warranted the Knauf gypsum drywall supplied to Holmes was merchantable and fit for the ordinary purpose such material is utilized.

124.     Holmes has previously denied any liability for damages allegedly sustained by Plaintiffs. In the event it is established the gypsum drywall manufactured by Knauf and supplied to Holmes by Interior/Exterior was in any manner defective and/or not fit for its ordinary purpose, Interior/Exterior is liable to Holmes for breach of its implied warranty.

125.     Holmes has incurred significant monetary damages resulting from its defense of the foregoing action of Plaintiffs and has been required to respond to complaints of homeowners as a direct and proximate result of Knauf's breach of implied warranties. Upon information and belief, Holmes will continue to incur monetary damages in its defense of the foregoing action and in its response to homeowner complaints.

## SIXTH CROSS-CLAIM FOR INDEMNIFICATION

126.     Holmes hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

127.     In its capacity as Plaintiff-in-Cross-Claim, Holmes asserts claims against Defendant-in-Cross-Claim Interior/Exterior for equitable and/or common law indemnification.

128.     Knauf and/or Interior/Exterior are solely responsible and liable for any allegedly wrongful acts committed as alleged within the Complaint of Plaintiffs.

129.   Knauf and/or Interior/Exterior are solely liable for any and all damages alleged by Plaintiffs.

130.   In the event Holmes is required to pay any amount of damages to Plaintiffs, Defendant is entitled to be indemnified by Interior/Exterior for any such damages based on the doctrines of equitable and/or common law indemnification.

131.   Holmes reserves its right to amend its Cross-Claims.

## JURY TRIAL REQUEST

132.   Defendant, HOLMES BUILDING MATERIALS, L.L.C., prays for trial by jury on all issues presented herein.

WHEREFORE, Defendant and Plaintiff-in-Cross-Claim, Holmes Building Materials, L.L.C., prays that this Answer and Cross-Claims be deemed good and sufficient and that after due proceedings are had and in the event that Holmes Building Materials, L.L.C., is cast in judgment as a liable Defendant, which liability is denied, that it be awarded contribution and/or indemnity from the aforementioned Defendants-in-Cross-Claim and for all general and equitable relief, and for trial by jury of all issues herein.

Respectfully submitted,

 */s/ Elizabeth Haecker Ryan*
Elizabeth Haecker Ryan (La. Bar No. 6404)
C. Kieffer Johnson (La. Bar No. 31206)
Pan-American Life Center
601 Poydras Street, 21st Floor
New Orleans, LA  70130
Tel:    504.584.9138
Fax:    504.584.9142
E-mail:  eryan@lemle.com
E-mail:  kjohnson@lemle.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer, Affirmative Defenses, and Cross-Claims of Holmes Building Materials, LLC has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at KMiller@frilot.com, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day January 2010.

*/s/ Elizabeth Haecker Ryan*

748937_1.DOC