UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL CASES | |

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO HALT ENTRY OF VOLUNTARY MOTIONS TO DISMISS WITHOUT PRIOR NOTICE TO THE PLAINTIFFS' LIAISON COUNSEL AND DEFENSE LIAISON COUNSEL**

I.  **INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") in the interest of the orderly administration of these MDL proceedings has moved to halt the entry of voluntary motions to dismiss that are filed with prejudice without prior notice to the Plaintiffs' Liaison Counsel ("PLC") and Defense Liaison Counsel ("DLC"). The PSC has become aware of recent dismissals of actions in which the homeowner plaintiffs have entered into some private remedial agreement with certain defendants, such as builders or installers, without any acknowledgment or accountability towards the PSC's efforts that create the atmosphere making the resolution of their claims possible. Under these circumstances, the PSC submits that voluntary dismissals with prejudice that follow such resolutions must be carefully monitored by both plaintiffs' liaison counsel and defendants' liaison counsel. It is the position of the PSC that the management committee appointed by the Court to oversee the thousands of cases brought to resolve Chinese drywall claims has an equitable common benefit lien in an amount to be determined by the Court at an appropriate

1

juncture on the settlements that are generating the motions for voluntary dismissals between the homeowners and builders, etc.[1]

The PSC has always maintained its position that this Court has authority to issue Orders necessary to protect the integrity of these proceedings and to ensure the Court's fiduciary responsibility to all parties is met. Any settlements outside the purview of this Court and without notice to the PLC or DLC must be subject to scrutiny prior to entry of the same especially since plaintiffs are representative plaintiffs in class actions whose dismissals are of interest to the Court under Fed.R.Civ.P. 23(c). To ensure fairness to all parties, it is essential that there are no violations of the common benefit principals of law, this Court's authority over the parties before it, as well as other equitable considerations designed to protect the litigants. For these reasons, the PSC's instant motion should be granted.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

The tremendous efforts made by the court-appointed management committee has conferred common benefits on all Chinese drywall plaintiffs. Since July, 2010, the PSC reached an agreement with defendant Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT") and other Knauf entities for the remediation of homes with drywall manufactured by the company.[2] Pursuant to the KPT pilot program, the remediation of 300 homes with KPT Chinese drywall has begun in conformance with this Court's rulings set forth in *Hernandez v. Knauf Gips, KG, et al.*, case no. 09-6050, Rec. Doc. No. 2713 (Findings of Fact). *See* Transcript of Proceedings, 10/14/10, at p.

---

[1] *See*, for example, the PSC's motion for an Order requiring an accounting and other relief.

[2] This agreement has been posted to the Court's website at http://www.laed.uscourts.gov/Drywall/DemonstrationRemediationAgreement.pdf.

4:16-20. The parties expect these 300 homes to be made whole within three months. *Id.* at p. 6:25-7:1. In addition to the KPT entities, a number of suppliers, their insurers and other defendants are participating in this settlement. *Id.* at p. 5:3-5. If the program works, it is expected "that possibly 2,000 to 3,000 homes ... could be eligible" for the remediation program. *Id.* at p. 7:1-3.

Besides creating the KPT settlement, the PSC has pursued since its appointment by the Court and is continuing to pursue actively litigation on behalf of more than 5,000 plaintiff property owners in the MDL. Intervention "Omni" complaints have been or are in the process of being filed for more than 1,500 additional plaintiffs suing more than 500 Chinese drywall manufacturers, importers, builders, suppliers and other defendants.[3] The PSC is currently undergoing the time-consuming and expensive process of serving these intervention complaints upon hundreds of foreign defendants, including, but not limited to, Taishan Gypsum Co., Ltd, f/k/a Shandong Taihe Dongxin Co. Ltd.[4] ("Taishan"), BNBM and related entities, China National Building Materials Co., Ltd. and related entities, and KPT and its related entities, pursuant to the

---

[3]*See, e.g., Payton, et al. v. Knauf GIPS KG, et al.*, Case No. 2:09-cv-07628 (E.D. La.) (Omnibus I, I(A), I(B), and I(C)) (involving claims against the Knauf defendants); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No. 2:10-cv-00361 (E.D. La.) (Omnibus II, II(A), II(B), and II(C)) (involving claims against non-Knauf manufacturers such as Taishan and BNBM); *Gross, et al. v. Knauf GIPS KG, et al.*, Case No. 2:09-cv-6690 (E.D. La.) (original complaint, Omnibus III and III(A)) (asserting alternative liability theory against all known manufacturers for drywall that cannot be traced to a particular manufacturer); *Rogers, et al. v. Knauf GIPS KG, et al.*, Case No. 2:10-cv-00362 (E.D. La.) (Omnibus IV, IV(A), IV(B), and IV(C)) (involving claims against the Knauf defendants); *Amato, et al. v. Liberty Mutual Insurance Company*, Case No. 2:10-cv-00932 (E.D. La.) (Omnibus V); *Hernandez, et al. v. AAA Insurance, et al.*, Case No. 2:10-cv-3070 (E.D. La.) (Omnibus VI).

[4]On September 10, 2007, Shandong Taihe Dongxin Co., Ltd., which was a subsidiary company controlled by Beijing New Building Material Co., Ltd. ("BNBM"), changed its name to Taishan Gypsum Co., Ltd.

3

Hague Convention. Many of these complaints have been translated and are in various stages of being submitted to the central authorities in China responsible for serving the defendants.

The PSC is also presently engaged in widespread jurisdictional discovery of those foreign defendants that have challenged this Court's power to adjudicate claims against them resulting from the Chinese drywall they produced, promoted, imported, marketed, distributed and/or sold in this country. Substantive discovery is ongoing with respect to the foreign defendants as well as other defendants, including, but not limited to, Banner Supply Co., Interior/Exterior Building Supply, L.P. and L&W Supply Corporation, d/b/a Seacoast Supply Corporation. The PSC has served extensive written discovery on all of the defendants, reviewed tens of thousands of documents, taken depositions of myriad officers of the Knauf companies in Hong Kong, Germany, the United Kingdom and elsewhere. The PSC has also taken discovery of other defendants in various cities throughout the United States.

As a result of these painstaking efforts, the PSC has established liability and jurisdiction over these defendants. In addition, the PSC has resolved ten bellwether cases in Virginia and Louisiana,[5] which were intended to serve as a useful tool for all plaintiffs and defendants, as well as the Court.[6] As a result of those trials, the Court made numerous findings of fact regarding the

---

[5] *See Germano, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 09-6687 (E.D. Va.) (7 cases), Default Judgment (May 11, 2010) (Rec. Doc. No. 3013); *Hernandez v. Knauf Gips KG, et al.*, CA 09-6050 (E.D. La.) (1 case), Judgment (May 11, 2010) (Rec. Doc. No. 3). Two additional bellwether cases, *Campbell v. KPT, et al.*, Case No. 2:09-cv-7628 (E.D. La.) and *Clement v. KPT, et al.*, Case No. 2:09-cv-7628 (E.D. La.), were settled on the eve of trial on June 18, 2010.

[6] *See* Hon. E. Fallon, J. Grabill, R. Wynne, "Bellwether Trials in Multidistrict Litigation," 82 TUL. L. REV. 2323 (Jun. 2008) (concluding that the use of a bellwether trial is "one of the most innovative and useful techniques for the resolution of complex cases"); *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997) ("The notion that the trial of some

appropriate scope of remediation of plaintiffs' homes. *E.g., In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2010 WL 1445684 (E.D. La. Apr. 8, 2010). The Court's findings in *Hernandez v. Knauf Gips KG, et al.*, CA 09-6050 (E.D. La.) (Rec. Doc. No. 2713) served as a basis for the KPT pilot remediation settlement reached this fall.

      Recently, it has come to the attention of the PSC that motions of voluntary dismissal with prejudice are being filed in this MDL as the result of individual settlements taking place between certain defendants and various homeowners. The terms and nature of the settlements are occurring outside the confines and purview of this MDL Court for cases docketed in this MDL Court and, while the PSC supports these efforts to remediate plaintiffs' homes, many of these settlement offers provide less than adequate benefits than those specified by this Court for proper remediation which requires the careful monitoring and, where appropriate, intervention by the PSC. Many, if not most, of these settlements and motions for voluntary dismissal of actions would not have been possible absent the common benefit bestowed upon the plaintiffs and others through the provision of the PSC's Omni Class Action Complaints, service thereof and subsequent administrative efforts made by the Management Committee. These valuable services performed by the PSC have contributed to these resolutions of actions and it would not be equitable for parties in this MDL to receive those benefits without proper recognition by the parties of the PSC's efforts.

---

members of a large group of claimants may provide a basis for enhancing prospects of settlement or for resolving common issues or claims is a sound one that has achieved general acceptance by both bench and bar.... The reasons for acceptance by bench and bar are apparent. If a representative group of claimants are tried to verdict, the results of such trials can be beneficial for litigants who desire to settle such claims by providing information on the value of the cases as reflected by the jury verdicts.").

Accordingly, to allow for the monitoring of any settlements outside the confines of this MDL, the PSC respectfully submits that no actions may be voluntarily dismissed with prejudice, except by motion (*i.e.* not by stipulation) and without first affording appropriate notice to the PLC and DLC.

### III.    ARGUMENT

#### A.    This Court has the inherent authority to control its docket and manage the flow of pleadings filed on the docket.[7]

It is beyond peradventure that this Court has the inherent authority to control its docket. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir.1995)("The federal courts are vested with inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases[,]' ... includ[ing] the power of the court to control its docket[.]"). *See also*, Fed.R.Civ.P. 83(b). Consistent with the Court's authority to manage the prolix docket before it, this Court may direct or restrain the filing of certain motions to the management committee appointed by the Court to oversee such administrative efforts. See *In Re: Chinese Manufactured Drywall Products Liability Litig.*, MDL 2047, Minute Entry of August 25, 2010 (E.D.La. Aug. 25, 2010) (appointing motions committee); *see also In Re: Diet Drugs Products Liability Litig.*, MDL 1203, PTO No. 19 (E.D.Pa. Mach 16, 1998) (requiring that any motion filed on behalf of any plaintiff shall be filed through the PMC). (Attached hereto as Exhibit "A").

Only by allowing the PLC and DLC to first review and consider the motions for voluntary

---

[7]The PSC incorporates by reference the equitable arguments set forth within its motion for an Order Requiring an Accounting and Other Relief to the effect that the Common Benefit Doctrine affords the PSC an equitable lien against any settlements that are the subject of any motion for voluntary dismissal.

6

dismissal will the Court's appointed officers be able to confirm that the moving parties are, in fact, in compliance with this Court's directives and acting within the purview of the settlement constructs of this MDL litigation. Such measures will certainly add to the efficiency and equitable administration of these proceedings.

## IV. CONCLUSION

WHEREFORE, the PSC respectfully requests that for any plaintiff on an Omni Complaint no motions for voluntary dismissal with prejudice may be filed without first prior notice to the PLC and DLC and their approval thereof. Further, stipulations of voluntary dismissal with prejudice should be prohibited until such time as the Court deems appropriate.

Respectfully submitted,

Dated: January 25, 2011

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

8

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Memorandum in Support of Motion to Halt Entry of Voluntary Motions to Dismiss Without Prior Notice to the Plaintiffs' Liaison Counsel and Defense Liaison Counsel has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and first class mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 25th day of January, 2011.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047