UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>CASE NO. 2:09-cv-04117<br>SECTION: L<br><br>JUDGE FALLON<br>MAGISTRATE JUDGEWILKINSON |

THIS DOCUMENT RELATES TO:
Case No.: 09- CIV-20510
**Karin Vickers v. Knauf Gips KG, et al.**

### THIRD PARTY DEFENDANT, ATCO INT. CORP.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO SOUTH KENDALL CONSTRUCTION CORP.'S THIRD PARTY COMPLAINT

Defendant, ATCO INT. CORP., (hereinafter "ATCO"), by and through its undersigned counsel, hereby files this its Amended Answer and Affirmative Defenses to the allegations of Third Party Complaint by South Kendall Construction Corp., (hereinafter "SKCC"), and in support thereof, states as follows:

1. Defendant, ATCO, admits that this purports to be an action for damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), but denies all allegations of wrong doing and liability, and further denies that Third Party Plaintiff, SKCC is entitled to any of the relief sought.

2. Without knowledge, denied.

3. Admitted.

4. Defendant, ATCO, admits that this allegation purports to be related to a dispute of projects and properties located in, and among various states, including the state of Florida, but denies that jurisdiction and venue is proper in the United States District Court for the Eastern

District of Louisiana.

## COUNT I - INDEMNITY

5. Defendant, ATCO, repeats, re-alleges and incorporates its answers to Paragraphs 1 through 4 above, as though fully set forth herein this Court I.

6. Admitted.

7. Admitted.

8. Defendant, ATCO, admits the accuracy of installing drywall purchased from Banner Supply Co. listed in Paragraph 8, but denies the remaining allegations contained therein.

9. Denied.

10. Denied.

11. Denied, and demands strict proof thereof as to an affirmative duty to inform.

12. Denied.

13. Without knowledge, denied.

WHEREFORE, Defendant ATCO denies that Third Party Plaintiff is entitled to any of the relief sought and requests that the Court award Defendant the reasonable attorneys' fees and costs incurred in having to defend this claim, and any other such relief deemed proper pursuant to Federal law.

## COUNT II - BREACH OF WARRANTY

14. Defendant, ATCO, repeats, re-alleges and incorporates its answers to Paragraphs 1 through 4 above as though fully set forth herein this Count II.

15. Defendant admits, at all materials times pertaining to this Complaint, it was in the business of installing drywall listed in Paragraph 15, but denies the remaining allegations contained therein.

16. Defendant admits the accuracy of its agreement with Third Party Plaintiff for the installation of drywall listed in paragraph 16, but denies the remaining allegations contained therein.

17. Defendant admits the accuracy of its agreement with Third Party Plaintiff for the installation of drywall listed in Paragraph 17, but denies the remaining allegations contained therein.

18. Denied.

19. Without knowledge, denied.

20. Denied, and demands strict proof thereof.

21. Denied and demands strict proof thereof.

WHEREFORE, Defendant ATCO denies that Third Party Plaintiff is entitled to any of the relief sought and requests that the Court award Defendant the reasonable attorneys' fees and costs incurred in having to defend this claim, and any other such relief deemed proper pursuant to Federal law.

## COUNT III - STRICT LIABILITY

22. Defendant, ATCO, repeats, re-alleges and incorporates its answers to Paragraphs 1 through 4 above, as though fully set forth herein this Count III.

23. Defendant admits, at all materials times pertaining to this Complaint, it was in the business of installing drywall listed in Paragraph 23, but denies the remaining allegations contained therein.

24. Denied, and demands strict proof thereof.

25. Denied, and demands strict proof thereof.

26. Denied.

27. Without knowledge, denied.

28. Denied.

29. Denied, and demands strict proof thereof as to an affirmative duty to inform.

30. Denied, and demands strict proof thereof.

WHEREFORE, Defendant ATCO denies that Third Party Plaintiff is entitled to any of the relief sought and requests that the Court award Defendant the reasonable attorneys' fees and costs incurred in having to defend this claim, and any other such relief deemed proper pursuant to Federal law.

## COUNT IV - BREACH OF CONTRACT

31. Defendant, ATCO, repeats, re-alleges and incorporates its answers to Paragraphs 1 through 4 above, as though fully set forth herein this Count IV.

32. Defendant admits, at all material times pertaining to this Complaint, it was under an agreement to install drywall for new homes being constructed by Third Party Plaintiff, SKCC, but denies the remaining allegations contained therein.

33. Defendant admits to the dimensions of drywall required as stated within its agreement with Third Party Plaintiff, SKCC, the contract speaks for itself. However, Defendant, ATCO, denies that the work completed was done in an unworkmanlike manner.

34. Denied.

35. Without knowledge, denied.

36. Denied.

37. Denied and demands strict proof thereof.

WHEREFORE, Defendant ATCO denies that Third Party Plaintiff is entitled to any of the relief sought and requests that the Court award Defendant the reasonable attorneys' fees and

costs incurred in having to defend this claim, and any other such relief deemed proper pursuant to Federal law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant, ATCO, affirmatively alleges that the claims of Third Party Plaintiff, SKCC, are barred given that the Third Party Plaintiff, SKCC, was also actively negligent, and therefore equally at fault and may not bring a common law indemnity claim against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant, ATCO, affirmatively alleges that, pursuant to the *Fabre* doctrine as set forth in *Fabre v. Martin*, 623 So.2d 1182 (Fla. 1993) and further codified within Fl. Stat. §768.81, it reserves the right to apportion fault and include on the Jury Form all entities that may also be culpable for the damages pertaining to this action. Defendant, ATCO, specifically requests that the apportionment and/or percentage of fault attributable to the chain of distribution include: Knauf Plasterboard Dongguan Co. Ltd.; Knauf Plasterboard Tianjin Co. Ltd.; Knauf Plasterboard Wuhu Anhui Co. Ltd.; Knauf Plasterboard Wuhu Co. Ltd.; Knauf Plasterboard Guandong Co. Ltd.; Knauf Insulation GmbH; Knauf International GmbH; Knauf Fiberglass GmbH; and Knauf USA Polystrene Inc., and/or Knauf Polystrene.

### THIRD AFFIRMATIVE DEFENSE

Defendant, ATCO, alleges that this Third Party Complaint in barred, in whole or in part, because any alleged defects in the installed drywall were directly a result of the manufacturing process of the Defendant manufacturers to the underlying action and were not caused or created by ATCO.

## FOURTH AFFIRMATIVE DEFENSE

Defendant, ATCO, is entitled to a set-off awarded or otherwise paid or payable pursuant to §768.81 of the Florida Statutes, and any other applicable statute or provision of common law.

## FIFTH AFFIRMATIVE DEFENSE

This Complaint is barred in whole or in part, because of a lack of jurisdiction pursuant to 28 U.S.C. §1367.

## SIXTH AFFIRMATIVE DEFENSE

Third Party Plaintiff, SKCC's strict liability claim is barred, in whole or in part, by the economic loss rule as set forth in *Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc.*, 620 So.2d 1244 (Fla. 1993) . Third Party Plaintiff, SKCC may not seek in tort damages which by their nature are contractual.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant, ATCO, affirmatively alleges that Third Party Plaintiff failed to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant, ATCO, affirmatively alleges and reserves its rights to amend and/or supplement its affirmative defenses as information becomes available and discovery is ongoing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

PEREZ & RODRIGUEZ, P.A.
Attorneys for ATCO Int Corp.
95 Merrick Way, Suite 600
Coral Gables, Florida 33134
(305) 667-9878

By: _____ FBN 58628 for
LUIS N. PEREZ
Florida Bar No.: 438685

p-corrected answer VICKERS