UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
CASE NO. 2:09-cv-04117
SECTION: L

JUDGE FALLON
MAGISTRATE JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
Case No.: 09- cv-20510
Karin Vickers v. Knauf GIPS KG, et al.

## ATCO INT. CORP.'S SECOND AMENDED FOURTH-PARTY COMPLAINT AGAINST BANNER SUPPLY COMPANY

Fourth-Party Plaintiff, ATCO INT. CORP., (hereinafter "ATCO"), by and through its undersigned counsel, hereby sues Fourth-Party Defendant, Banner Supply Co. (hereinafter "BANNER"), and in support thereof, states as follows:

1. This is an action for damages in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00). This action arises out of a Third Party action brought by new home builder, South Kendall Construction Corp. ("SKCC"), and concerns the installation by Fourth-Party Plaintiff of gypsum plasterboard or drywall allegedly manufactured in China. The gypsum plasterboard/drywall was sold and supplied by Fourth-Party Defendant, BANNER to ATCO, for the construction of new homes for builder SKCC. SKCC alleges that the drywall was defective Chinese-manufactured drywall which now is the subject of this mass tort litigation throughout the United States.

### PARTIES

2. Fourth-Party Plaintiff, ATCO, is a Florida corporation with its principal place of business in Miami, Florida.

3. Fourth-Party Defendant, BANNER, is a Florida corporation with its principal place of business in Miami, Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action and in the parties by virtue of supplemental jurisdiction of the Federal Court until Title 28 U.S.C. § 1367.

## COMMON ALLEGATIONS AND BACKGROUND

5. ATCO has functioned as an independent sub-contractor engaged in the business of installing gypsum plasterboard and/or drywall in homes built by various developers since 2003. In the course of its business activities, ATCO established a business relationship with BANNER in which it agreed to enter into agreements for the purchase drywall for use as interior wall partitions and ceilings. Once supplied and delivered by BANNER, ATCO would then install the drywall within the homes being built as contracted by various builders throughout South Florida.

6. During the years 2005 and 2006, ATCO sub-contracted with SKCC to provide labor and materials for the installation of drywall within various communities under construction by SKCC. ATCO would order moisture resistant gypsum plasterboard/drywall from BANNER to be delivered to the various location and paid BANNER substantial sums of monies for those materials. ATCO previously had purchased this type of drywall from BANNER for other developments where it was installing drywall. Unbeknownst to ATCO, the drywall which BANNER sold and supplied was manufactured in China by one of more of the Defendants to this underlying action.

7. When it purchased the drywall from BANNER, ATCO was unaware that it had been made in China. Further, ATCO was not aware that the drywall contained a defect which

might permit high levels of sulfur and other noxious gases to be emitted. These alleged emissions have caused the corrosion of air conditioning coils, refrigerator coils, damage to microwave ovens, copper tubing, electrical wiring, personal property, electrical appliances, and other metal surfaces and household items in the homes constructed by SKCC where ATCO acted as a sub-contractor.

8. BANNER selected, designated, supplied, shipped, and delivered the defective gypsum plasterboard/drywall to the homes as requested by ATCO. ATCO would then install the drywall which it was supplied by BANNER in homes it worked on as sub-contractor for SKCC.

9. All conditions precedent to the bringing of this action have been waived, have occurred, or have been excused.

## COUNT I - INDEMNITY

10. Fourth Party Plaintiff, ATCO, repeats, re-alleges, and incorporates its allegations contained in Paragraphs 1 through 9 above, as though fully set forth herein this Count I.

11. During 2005 and 2006, sub-contractor, ATCO, was in the business of installing drywall in new homes being constructed by SKCC.

12. ATCO ordered and purchased moisture resistant gypsum plasterboard/drywall from BANNER. Unbeknownst to ATCO, the drywall supplied by BANNER had been manufactured in China. At the time of installation, ATCO was not aware that the drywall was manufactured in China nor was ATCO aware that the drywall allegedly was defective by permitting high levels of sulfur and other noxious gases to be emitted. These emissions have allegedly caused air conditions coils and refrigerator coils to corrode, have damaged microwave ovens, copper tubing, electrical wiring, personal property, electrical appliances and other metal surfaces and household items in the homes constructed by SKCC to be damaged.

13. BANNER selected, designated, supplied, shipped, and delivered the drywall to ACTO which was used in the SKCC community developments. At all times material, BANNER knew or should have known that the drywall was going to be used in construction of the SKCC homes. BANNER sold the drywall without sufficiently and properly investigating the properties of the drywall and failed to determine whether the drywall product was fit and appropriate for its intended use.

14. BANNER further failed to inform ATCO that it was selling drywall which was Chinese manufactured, as opposed to, domestic or American-made drywall, which BANNER previously had sold to ATCO. Nor did BANNER advise and/or warn ATCO that the drywall in question had properties different from those of the customary domestic drywall which had been designated by ATCO.

15. ATCO installed the drywall in various homes constructed for SKCC. SKCC has sued ATCO in a third party action for alleged damage caused to home owners' property in the constructed homes for SKCC.

16. ATCO was unaware of BANNER having supplied it with defective Chinese made drywall. ATCO is not guilty of any act of wrong doing and is wholly without fault. ATCO was not actively negligent. ATCO's potential liability to SKCC is technical, imputed and derived from its contractual and other relationship with BANNER. ATCO has been exposed to liability solely because of BANNER's wrongful act. As such, and because of its special relationship with BANNER, ATCO is entitled to indemnification from BANNER for any liability and damages incurred by ATCO to SKCC, as well as, costs and expenses including but not limited to reasonable attorneys' fees incurred in the defense of SKCC's claims. To the extent that Fourth Party Plaintiff, ATCO, will be held liable in the underlying third party action, such liability is

vicarious, constructive, derivative and/or technical arising out of the negligent conduct of BANNER. As a direct and proximate result of BANNER's negligent conduct, ATCO has suffered damage which continues to accrue.

## COUNT II - BREACH OF WARRANTY

17. Fourth Party Plaintiff, ATCO , repeats, re-alleges, and incorporates its allegations contained in Paragraphs 1 through 9 above, as though fully set forth herein this Count II.

18. BANNER is in the business of selling and supplying drywall and other construction products and materials.

19. During 2005 and 2006, ATCO, pursuant to an underlying contract with SKCC for new home construction, entered into purchase agreements with BANNER to supply construction materials. ATCO installed and used the supplied drywall in the manner for which it was intended and without any alteration on behalf of SKCC as a sub-contractor. The supplied drywall by BANNER, which is the subject of this action, was to be of the same type and origin as conforming drywall that ATCO had purchased from BANNER on earlier occasions.

20. BANNER, as the seller and supplier or drywall, impliedly warranted to ACTO that the drywall would be merchantable and reasonably fit for the purpose for which it was intended, namely wall partitions and ceilings of home interiors free of defect.

21. In purchasing the drywall product from BANNER, ATCO detrimentally relied upon BANNER's implied warranties and guarantees.

22. BANNER breached its implied warranty of merchantability against ATCO because, the subject drywall allegedly emits gasses and other chemicals which damage components and personal property within the affected homes of the Plaintiffs' in the underlying action. Among other things, the drywall allegedly emits various sulfide gases and chemicals

which create noxious fumes, odors and which corrode air conditioning and refrigerator coils, copper tubing, electrical wiring, computer wiring, other personal property items and destroys electrical appliances and metal surfaces.

23. The drywall which BANNER sold and supplied to ATCO could not pass without objection in trade. Nor was it fit for the ordinary purposes for which such goods are used.

24. As a direct and proximate result of the foregoing breaches, ATCO has been sued in an underlying action by SKCC and has had to incur costs and expenses of defending the litigation including reasonably attorneys' fees and costs.

## COUNT III - BREACH OF CONTRACT

25. Fourth Party Plaintiff, ATCO, repeats, re-alleges, and incorporates its allegations contained in Paragraphs 1 through 9 above, as though fully set forth herein this Count III.

26. During 2004 through 2006, ATCO entered into purchase agreements with BANNER to provide standard and customary gypsum plasterboard/drywall. This product was to be consistent with the type of product previously purchased from Fourth Party Defendant and which was domestically made.

27. BANNER agreed to supply drywall for use as interior wall partitions and ceilings in new homes being constructed on behalf of SKCC.

28. ATCO paid substantial sums and in full for the supplied drywall from BANNER. BANNER, however, did not supply ATCO with the standard and customary drywall which ATCO had ordered in the past from BANNER. Instead, BANNER substituted inferior and allegedly defective Chinese made drywall. ATCO had no knowledge that the drywall supplied by BANNER was not the standard and customary domestically made drywall.

29. The Chinese manufactured drywall allegedly emits various sulfide gases and

chemicals which do damage to air conditioning components, refrigerators and other appliances, copper tubing, electrical wiring, personal property within the homes and damage to other metal surfaces in household items.

30. As a direct and proximate result of BANNER's use and substitution of interiorly manufactured drywall, ATCO failed to receive the benefit of the bargain for which it contracted. Moreover, BANNER thus materially breached its agreement with ATCO by supplying and selling inferiorly and allegedly defective Chinese made manufactured drywall.

31. ATCO installed the subject drywall on behalf of SKCC in various homes. SKCC has sued ATCO in a third party action based upon the fact that the installed drywall has caused damage to its customers and/or Plaintiff homeowners in the underlying action. Additionally, ACTO has had to incur costs and expenses of defending the litigation including reasonably attorneys' fees. But for BANNER's material breaches, these losses would not have been incurred.

## COUNT IV- CONTRIBUTION

32. Fourth Party Plaintiff, ATCO, repeats, re-alleges, and incorporates its allegations contained in Paragraphs 1 through 9 above, as though fully set forth herein this Count IV.

33. ATCO is wholly without fault for the underlying Plaintiff's damages as alleged because it had no involvement in the manufacturing, distributing, selling, and/or supplying of the drywall used in the construction of the affected homes.

34. While ATCO denies any and all liability with respect to the Plaintiff's alleged claims, to the extent that ATCO, BANNER, and SKCC are commonly liable, ATCO is entitled to contribution from the other parties for any payments made in excess of ATCO's pro rata share of the common liability pursuant to Fla. Stat. § 768.81.

35. BANNER had the duty to inspect the imported drywall to ensure that it was reasonably safe and free of defects.

36. BANNER breached those duties by negligently failing to supply drywall that was free of defects and reasonably safe for use.

37. The breach by BANNER has resulted in ATCO suffering damages and said damages continued to accrue.

38. Had BANNER properly performed its duties, the resulting damages would not have occurred to Fourth Party Plaintiff, ATCO.

39. As a direct and proximate cause of BANNER's actions, Fourth Party Plaintiff sustained injury and damages.

## RELIEF REQUESTED

WHEREFORE, Fourth Party Plaintiff, ACTO INT. Corp. demands judgment against Fourth Party Defendant, BANNER SUPPLY CO. in accordance with the proof at trial as follows:

I. As to Counts I - IV, awarding compensatory damages in accordance with the proof at trial.

II. As to all Counts awarding costs including attorneys' fees directly and under the Wrongful Act Doctrine as damages and such other relief as is just and proper.

Respectfully submitted,

By: _____ FBN.58628 for
LUIS N. PEREZ
Florida Bar No.: 438685

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

PEREZ & RODRIGUEZ, P.A.
Attorneys for ATCO Int Corp.
95 Merrick Way, Suite 600
Coral Gables, Florida 33134
(305) 667-9878

By: _____ FBN. 58628
LUIS N. PEREZ
Florida Bar No.: 438685

p-corrected fourth party complaint VICKERS