UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN CONRY | * | CIVIL ACTION 10-4599 |
| | * | |
| | * | SECTION        L |
| | * | |
| | * | |
| VERSUS | * | MAGISTRATE    2 |
| | * | |
| GERALD "JERRY" DAUGHERTY, | * | |
| THE HERB COMPANY, | * | |
| AND THE HERB IMPORT COMPANY, INC. | * | |

*********************************************

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS**

The plaintiff has failed to establish a claim under the RICO statute. The plaintiff in these proceedings has styled its claim as a suit under 18 U.S.C.A. 1961 et seq, but in truth and fact it is a contract dispute over one specific transaction, the sale of a home. The plaintiff has failed to state a claim under RICO, for failure to establish that the defendants are engaged in "a pattern of racketeering activity."

1. Facts

The defendant, Gerald Daugherty, and the plaintiff entered into an Act of Credit Sale on July 13, 2007 for the purchase and sale of property located at 123 Fremont St. in New Orleans. Mr. Conry, a licensed Louisiana attorney, embarked upon a course of late payments following his acquisition of the property. This pattern culminated on July 23, 2010 when the plaintiff sent a check to Gerald Daugherty to satisfy the monthly installments past due in the amount of $10,500 pursuant to the terms of the mortgage. On July 28, 2010, the check was dishonored by the plaintiff's bank with the notation, "account closed." On September 17, 2010, Mr. Conry issued another check in the

amount of $3,500 which was likewise returned, with the notation "Not Sufficient Funds." On DATE, the attorney for the defendant, Gerald Daugherty, sent a letter to the plaintiff notifying of his default under the terms of the mortgage as a result of the dishonored check.

2. Law

   A. Civil RICO Claims

A civil RICO claim must involve: (1) a *person* who engages in (2) a *pattern of racketeering activity* (3) connected to the acquisition, establishment, conduct, or control of an *enterprise*.[1] "Racketeering activity" consists of two or more predicate offenses, defined by the statute to include acts violating federal wire or mail fraud statutes. 18 U.S.C. § 1961. the Supreme Court explained, that in order to establish a pattern of racketeering activity a plaintiff "must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity."[2]

The Act's sanctions, however, were not intended to extend to fraudulent commercial transactions affecting interstate commerce.[3] Activity that amounts to nothing more than numerous predicate acts which are necessary segments of an otherwise legitimate and singular commercial endeavor do not amount to a RICO violation.[4]

   B. Diversity Jurisdiction

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

---

[1] In re Burzynski, 989 F.2d 733, 741-42 (5th Cir.1993) (quoting Delta Truck & Tractor, Inc. v. J.I. Case Co., 855 F.2d 241, 242 (5th Cir.1988), cert. denied, 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989)).
[2] H.J. Inc. v. Northwestern Bell Telephone, Co. 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).
[3] Delta Truck & Tractor, Inc. v. J.I. Case Co., 855 F.2d 241, 242 (5th Cir. 1988)
[4] *Id.* at 244; See also H.J. Inc., 492 U.S. at 241, 109 S.Ct. at 2902.
Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer, 90 F.3d 118, 123 (5th Cir. 1996)

citizens of different States. Courts have interpreted this to require complete diversity between all plaintiffs and all defendants.[5]

Without the RICO claim, the plaintiff's case must be dismissed for lack of subject matter jurisdiction. Obviously the court has subject matter jurisdiction over the plaintiff's RICO claim pursuant to 28 U.S.C. § 1331. However, if the plaintiff's RICO claim falls, then this court's only authority for subject matter jurisdiction is pursuant to 28 U.S.C. § 1332 or diversity jurisdiction. On the face of the plaintiff's pleadings there is no diversity jurisdiction since the plaintiff and Herb Import Co, Inc. are both citizens of the State of Louisiana.

ARGUMENT

The plaintiff has failed to establish a "pattern of racketeering activity" as required by the RICO statute. In the instant case, the conduct of the defendant, Gerald Daugherty, revolves around a single event, namely the purchase of property located at 123 Fremont St in New Orleans. The plaintiff's petition outlines several complaints, all of which stem from this one commercial transaction. The allegation regarding the Purchase Agreement and the amount of renovations, the alleged use of Chinese drywall, and the collection on a dishonored check, all flow from the contract to purchase the property located at 123 Fremont St. Such conduct merely amounts to acts which are necessary segments of an otherwise legitimate and singular commercial endeavor, which is not a violation of RICO.

---

[5] Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); cf. State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530-531, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967).

I.   CONCLUSION

The plaintiff's RICO claim should be dismissed. All of the alleged racketeering behavior in the complaint revolves around a single event, namely the agreement to purchase 123 Fremont and the foreclosure that was instituted due to nonpayment by Mr. Conry. In his own petition the plaintiff admits the property was foreclosed on for failure to pay the monthly notes. Moreover, the petition admits that all State law causes of action have prescribed. Since Mr. Conry has failed to state a claim under RICO, those counts must be dismissed. The only remaining jurisdictional basis for this Court would be diversity jurisdiction which the plaintiff does not have since there is not complete diversity. As such, the plaintiff's claim must be dismissed.

Additionally, the service of process in this matter is defective insofar as the initial suit was made upon undersigned counsel rather than Mr. Daugherty or any other defendant.

Respectfully Submitted:

**JOHN DAVIDSON AND ASSOCIATES**

_____
**JOHN A. E. DAVIDSON (#4710)**
2901 Independence Street, Suite 201
Metairie, Louisiana 70006
Phone:       (504) 455-3832
Facsimile:   (504) 455-8981

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing the same to each properly addressed and postage prepaid on 26th day of January, 2011.

_____
**JOHN A. E. DAVIDSON**