# EXHIBIT 5

1

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA
 2   ***************************************************************

 3
     IN RE:  CHINESE-MANUFACTURED         Docket No. 09-MD-2047
 4   DRYWALL PRODUCTS LIABILITY           New Orleans, Louisiana
                                          Thursday, September 2, 2010
 5

 6   ***************************************************************

 7
                      TRANSCRIPT OF MOTION PROCEEDINGS
 8             HEARD BEFORE THE HONORABLE ELDON E. FALLON
                      UNITED STATES DISTRICT JUDGE
 9


10
     APPEARANCES:
11
     FOR THE PLAINTIFF
12   STEERING COMMITTEE:            HERMAN, HERMAN, KATZ & COTLAR
                                    BY:  LEONARD A. DAVIS, ESQ.
13                                  820 O'Keefe Avenue
                                    New Orleans, LA 70130
14

15                                  KANNER & WHITELEY
                                    BY:  ALLAN KANNER, ESQ.
16                                  701 Camp Street
                                    New Orleans, LA 70130
17

18
     FOR THE INSURERS COMMITTEE:    BARRASSO, USDIN, KUPPERMAN,
19                                  FREEMAN & SARVER
                                    BY:  JUDY Y. BARRASSO, ESQ.
20                                       MINOR PIPES, ESQ.
                                    909 Poydras St., Suite 1800
21                                  New Orleans, LA 70112

22
     FOR PROPERTY & CASUALTY
23   INSURANCE COMPANY OF HARTFORD: ROBINSON & COLE
                                    BY:GERALD "KIP" P. DWYER, JR.,ESQ.
24                                      STEPHEN E. GOLDMAN, ESQ.
                                    280 Turnbull Street
25                                  Hartford, CT 06103-3597
```

```
 1          Some of the policies have an express separate
 2  contamination exclusion, everybody has contamination or contaminant
 3  as part of it.  And contaminant has been treated differently than
 4  just the pollution argument, and we've cited cases for you, Fifth
 5  Circuit case, in the Barry case of the Middle District where the
 6  contamination exclusion was applied to, were household products,
 7  eggs and sugar in those cases, contaminated because of the contact
 8  and the foreign substances didn't work well together and they said
 9  that's contamination.  And we've cited other cases to you where
10  common household items that in a certain situation contaminated
11  something, that exclusion applied.
12          And the Barry case, which is out of the Middle District,
13  Judge Brady, what's interesting in that case on the contamination
14  exclusion which involved the property coverage policy, he didn't
15  look at Doerr, he didn't look at the arguments under the Supreme
16  Court case in Doerr to say it can only be environmental; he said, I
17  am looking at it, sugar was the undesirable element there, and he
18  applied the contamination exclusion.  But he didn't apply the
19  pollution exclusion which was in that case the pollution exclusion
20  at issue was in a commercial general liability policy, and he
21  treated the liability policy with the pollution exclusion as a
22  different one.  And that analysis applies here, these are homeowner
23  policies, these involve property coverage.
24          The whole Doerr test which was devised for a liability
25  policy doesn't fit here, you can't figure -- one of the questions
```

1  is is the insured an active polluter?  Well, the insured is a
2  homeowner.  If you say it can only apply to environmental cleanup,
3  this covers the home, the property in the home; and so the
4  exclusion is rendered meaningless, the homeowner exclusion, the
5  property part.  A liability policy is different.  They don't cite
6  one case where they've applied the *Doerr*-type analysis to a
7  homeowner property case.
8     And so, Judge, looking at the pollution -- so for those
9  reasons the contamination exclusion would apply and you don't even
10 have to get to the whole pollution exclusion.  But it applies also.
11 I mean, the allegations are noxious gases, toxic gases caused, were
12 being emitted throughout the home, caused the corrosion, caused the
13 contamination and caused the losses.  Those fit under either the
14 contamination or pollution.  Again, on the pollution exclusion the
15 only argument being made is, we have to apply that *Doerr* analysis.
16 And because this is in a homeowner policy, we contend that the
17 *Doerr* analysis just doesn't apply.  You can't ask the question here
18 whether the insured's an active polluter, whether the business
19 presents a risk of pollution, whether the business has another
20 pollution policy, it just doesn't apply.
21    The plaintiffs also attach Department of Insurance
22 advisory letters, which I am not sure is appropriate on a motion to
23 dismiss, but they don't help them because they deal with liability
24 policies, not homeowner property policies.
25    Clearly, again looking at the allegations here we're