# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY M. NISWONGER** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 10-2734** |
| **INTERIOR EXTERIOR ENTERPRISES, LLC, INTERIOR EXTERIOR BUILDING SUPPLY, LP AND BANKERS INSURANCE GROUP** | **SECTION: "L" (2)** |
| | **JUDGE ELDON E. FALLON** |
| | **MAG. JOSEPH C. WILKINSON, JR.** |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

**BANKER'S SPECIALTY INSURANCE COMPANY** prays that this Court dismiss it from this action. Whether under Federal Rule of Civil Procedure Rule 12 or 56, plaintiff's claims do not state a claim for coverage, or alternatively, are excluded from coverage under the Banker's policy.

Attached hereto as Exhibits are:

1. A certified copy of the Bankers policy issued to Mary S. Niswonger on the property in suit;

2. A copy of this court's opinion in *In Re: Chinese Manufactured Drywall Products Liability Litigation,* MDL No. 2047, (12/16/2010), dismissing Chinese drywall claims asserted against homeowner's policies.

Plaintiff has alleged in her complaint the following:

1. Plaintiff owns the residence at 77451 N. Fitzmorris Ext, Covington, Louisiana 70435-9265 (Complaint, paragraph 2).

2. Plaintiff discovered that her home was constructed using Chinese manufactured

        drywall, which caused and continues to cause physical loss and damage to Plaintiff's home and contents. (See Complaint, Rec. Doc. 1, para. 16, 17, 19).

3.     Banker's issued a homeowners policy to plaintiff covering the subject property. (See Complaint, Rec. Doc. 1, para. 31, 32).

Defendant, Bankers attaches the recent ruling from Judge Fallon in *In Re: Chinese Manufactured Drywall Products Liability Litigation,* MDL No. 2047, (12/16/2010), dismissing Chinese drywall claims asserted against homeowner's policies.

This ruling was the subject of literally thousands of pages of briefing, and it explains in detail why there is no coverage for the claims asserted by plaintiff herein. Bankers respectfully asks the Court to grant its summary judgment and dismiss it from this action for the following reasons:

1. Chinese drywall constitutes faulty building materials, and the homeowner's faulty materials exclusion applies to excludes coverage.
2. The homeowner's corrosion exclusion applies, and excludes coverage.
3. There are no ensuing losses.
4. There is no coverage for personal property, loss of use, additional living expenses, or personal injury.
5. Since there is no coverage, the bad faith claims are dismissed.

See attached Ex. 2.

The Bankers Specialty Insurance Policy contains the same exclusions the court addressed in its decision. Attached as Ex. 1 is the Bankers policy, which reads, in pertinent part:

    **SECTION I – PERILS INSURED AGAINST**

    **A.**     **Coverage A-Dwelling and Coverage B-Other Structures**

1. We insure against risk of direct physical loss to property described in Coverages A and B.

2. We do not insure, however, for loss:

a) Excluded under Section I Exclusions;

b) Caused by:

> a. . . .
>
> 6. Any of the following:
>    (a) . . . .
>    (b) Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;
>    (c) smog, rust or other corrosion, mold, or dry rot;
>    (d) . . . .
>    (e) Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Peril Insured Against named under Coverage C.
>
> Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. Waste includes materials to be recycled, reconditioned or reclaimed;…

See Homeowners 3 – Special Form, page 8-9 of 22.

Under **Section I –Exclusions**, the Policy provides:

B. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.

1.. . . . .

3. **Faulty, inadequate or defective:**

> (a) . . . .
> (b) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> (c) Materials used in repair, construction, renovation or

                        remodeling; or
       (d)    Maintenance.

See Homeowners 3 – Special Form, page 12 of 22.

The Bankers Policy provides personal property coverage under Coverage C, limited to damage caused by certain enumerated named perils only as described. The claims alleged do not fall within the enumerated covered causes of loss, provided as follows:

**Coverage C-Personal Property**

We insure for direct physical loss to the property described in Coverage C caused by a peril listed below unless the loss is excluded in Section I-Exclusions.

1. Fire and lightning.
2. Windstorm or hail. . . .
3. Explosion.
4. Riot or civil commotion.
5. Aircraft . . . .
6. Vehicles.
7. Smoke . . . .
8. Vandalism or malicious mischief.
9. Theft . . . .
10. Falling objects. . . .
11. Weight of ice, snow or sleet. . . .
12. Accidental discharge or overflow of water or steam. . . .
13. Sudden and accidental tearing apart, cracking, burning or bulging. . . .
14. Freezing. . . .
15. Sudden and accidental discharge from artificially generated electrical current. . . .
16. Volcanic eruption . . . .
17. By earthquake . . . .

See Ex. 1, Homeowners 3 – Special form, pages 10, 11 and 12 of 22.

**CONCLUSION**

For all of the foregoing reasons, this Court should hold that the Bankers policy does not provide coverage for the cost of removing or replacing the defective drywall in the **NISWONGER** residence and does not cover any damage caused by the drywall or by the discharge of gases from the drywall. This Court should enter judgment as a matter of law in

G:\DOCS\11000's\11700-11799\11770\MSJ.001.dib.ser.doc

favor of **BANKERS SPECIALTY INSURANCE COMPANY**, holding that the **BANKERS** policy does not provide coverage for the plaintiff's claims damage resulting from alleged defective drywall.

          **Respectfully submitted,**

          **UNGARINO & ECKERT L.L.C.**

              /s/Matthew J. Ungarino
          **MATTHEW J. UNGARINO (#15061)**
          **DAVID I. BORDELON (#16815)**
          **Suite 1280 Lakeway Two**
          **3850 North Causeway Boulevard**
          **Metairie, Louisiana  70002**
          *Telephone:*   *504/836-7531*
          **Fax:**   **504/836-7566**
          E-mail: mungarino@ungarino-eckert.com
          E-mail: dbordelon@ungarino-eckert.com

---

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2011, I served a copy of the foregoing pleading on counsel for all parties to this proceeding via facsimile and/or email and/or United States Mail, properly addressed, and first class postage prepaid, OR by electronic means if said attorney is a CM/ECF participant, as may be appropriate.

          Matthew J. Ungarino
          MATTHEW J. UNGARINO

---

G:\DOCS\11000's\11700-11799\11770\MSJ.001.dib.ser.doc