IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | :MDL NO. 2047 :Section L : |
| This Document Relates to Germano, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd., et al. Case No. 2:09-cv-6687 (E.D. La.) | :JUDGE FALLON :MAG. JUDGE WILKINSON |

**VENTURE SUPPLY, INC. AND THE
PORTER-BLAINE CORPORATION'S OBJECTION AND
RESPONSE TO THE PLAINTIFFS STEERING COMMITTEE'S
MOTION FOR ACCOUNTING AND OTHER RELIEF
AND MOTION RELATING TO THE STAY OF OUTSIDE
SETTLEMENT ACTIVITIES**

Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("PB"), by counsel, submit the following objection and response to the Plaintiff Steering Committee's ("PSC") Motion for an Order Requiring an Accounting and Other Relief (Document # 6669)[1] ("Accounting Motion") and Emergency Motion for an Order Preventing the Payment or Transfers of Certain Moneys or, in the Alternative, for Court Ordered Mediation and Temporary Stay of all Outside Settlement Activities (Document # 6947)[2] ("Settlement Motion"), which have been set for a hearing after the Status Conference on February 23, 2011 (Document # 7185).

---

[1] This Motion was filed by the PSC in "All Cases"; accordingly it apparently also relates to the Germano action, which was transferred to this Court from the U.S. District Court for the Eastern District of Virginia (Document No. 331).

[2] This Motion was filed by the PSC in the Amato, et al. v. Liberty Mut. Ins. Co., et al., action (Case No. 10-932). Venture and PB filed a Notice of Appearance (Document No. 4692) and a motion to dismiss the original Amato complaint based on the lack of in personam jurisdiction over these defendants. (Document No. 4693). The original complaint has been amended a number of times, and, pursuant to this Court's Pre-Trial Orders 1G and 1H, no responsive pleadings are required to these amended complaints until such time as the PSC files a Master Complaint.

1

## INTRODUCTION

Accounting Motion

The Accounting Motion at first blush appears to relate to the PSC's complaints with one or two homebuilders who are settling claims with homeowners by remediating the homes and apparently either receiving an assignment of the homeowner's claims or intending to seek independently a claim for indemnity or contribution against manufacturers or suppliers. However, in the memorandum in support of its motion the PSC mentions a far broader range of requested relief, including:

a. an accounting of all settlements reached "in this litigation";

b. the "sequestering" of all payments made by manufacturers and/or their insurers to builder-defendants to settle or otherwise resolve Chinese drywall claims; and

c. an Order requiring that all plans, protocols and agreements to remediate plaintiffs' homes be filed of record, including any costs. (Memorandum in Support, P. 10)(Document # 6669-1).

It is to this relief that Venture and PB object.[3]

---

Although the PSC's Motion was filed in Amato, the relief requested appears to relate to any and all cases in the MDL, including the Germano action. Accordingly, Venture and PB file this response in the Germano action. By the filing of this response to a Motion filed in the Amato action, Venture and PB do not waive and specifically reserve their motion to dismiss Amato on jurisdictional grounds. In addition, this Court has entered an Order in "All Cases" with respect to these PSC Motions specifically preserving any responding defendants' jurisdictional challenges (Document No. 7334) and Venture and PB rely upon this Order in filing its response to this motion.

[3] It is obvious by the theme of the Accounting Motion, the Motion dealing with a litigation expense fund (Document # 4603), and the Settlement Motion, that the PSC is primarily concerned with protecting its own share of the attorneys' fees "pie". Venture and PB do not intend to inject themselves in the dispute between the PSC and other plaintiff attorneys over who gets what share of any attorneys' fee arrangement. It would be interesting to see, however, how the PSC can claim a share of an attorney fee when no attorneys' fees are actually paid or collected – i.e., in the case of a random homebuilder who merely remediates a home rather than risk litigation and who has no intention of proceeding with any claim for indemnity or contribution.

Settlement Motion

The Settlement Motion seeks even broader relief than the Accounting Motion. It seeks, among other things:

a. an Order enjoining any "Direct Defendant", which apparently includes Venture and PB, or their insurers, from settling any Chinese Drywall Claim – to include not only the class members identified in Amato (which is not a "class" and has not been certified as such) but to "absent" class members, which could conceivably entail any person in the United States with Chinese Drywall even if they are not a party to any litigation, state or federal.[4]

b. an Order setting aside any settlements already made and imposing a constructive trust over moneys already paid (Memorandum in Support of Settlement Motion, P. 10 (Document # 6947-1)); and

c. in addition, or in the alternative, an Order staying all settlements or disbursements of monies, until the conclusion of a mediation involving apparently all of the thousands of parties in the MDL which is requested to occur within thirty (30) days.

**ARGUMENT**

Many of the legal issues are addressed in the Memorandum in Opposition being or to be filed on behalf of the Insurer's Steering Committee and addressed in the Memorandum in Opposition filed by "Opposing Plaintiffs" (Document # 7016). For brevity sake, Venture and PB adopt those legal arguments as if set forth herein.

However, certain specific arguments raised by the PSC in its motions as they relate to Venture and PB need be addressed. First, the PSC argues throughout the Memorandum in Support of the Settlement Motion that the Court has authority to enjoin the disbursement of

---

[4] Amato purports to be a "nationwide" class action.

3

assets that are not specifically related to the Plaintiffs' claims because the PSC has set forth equitable claims. The PSC makes this argument to avoid the effect of the U.S. Supreme Court's decision in Groupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999), which held that in actions at law district courts lack the equitable powers to enjoin the use or disposition of assets to support a potential judgment.[5]

The PSC argues that the Amato Complaint alleges equitable causes of action – "redhibition, nuisance, unjust enrichment, and injunctive relief." (Memorandum in Support of Settlement Motion, Page 10). As it applies to Venture and PB, however, the PSC has no viable "equitable" cause of action. Venture and PB did not do any business in Louisiana and did not sell any drywall in Louisiana (Exhibits A and B to Document # 4693). Therefore the unique Louisiana cause of action of "redhibition" does not apply to claims against these defendants.

As to nuisance, unjust enrichment and "injunctive relief", these claims have all been raised and rejected in the independent state court actions filed by the Virginia plaintiffs named in the Amato action. (See Memorandum Opinion and Order of Judge Mary Jane Hall, dated March 29, 2010, in In Re Pending Chinese Drywall Cases, Circuit Court for the City of Norfolk, Virginia, attached hereto as Exhibit A).

Accordingly, as it relates to Venture and PB, the Plaintiffs only have actions at law for money damages.

> "Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." Bowen v. Massachusetts, 487 U.S. 879, 918-919, 101 L. Ed. 2d 749, 108 S. Ct. 2722 (1988) (SCALIA, J., dissenting).

---

[5] Memorandum in Support of Settlement Motion, Page 7 fn.2.

> And "money damages are, of course, the classic form of *legal* relief." Mertens, *supra,* at 255.

Great-West Life and Annuity Co. v. Knudson, 534 U.S. 204, 210 (2002).

Thus, because the actions involving Venture and PB are legal in nature only, the Supreme Court's holding in Grupo, supra, applies. E.g., Traffix, Inc. v. Talk.Holding Corp., 2001 U.S. Dist. LEXIS 1200 (S.D.N.Y. 2001); see also, ContiChem LPG v. Parsons Shipping Company, 229 F.3d 426 (2d Cir. 2000); In re Seatco, Inc., 259 B.R. 279 (N.D. Tex. 2001). This is especially so when the Plaintiffs can claim no specific identifiable interest in the defendants' or insurers' assets with a sufficient nexus to impose a constructive trust. E.g., Travelers Casualty and Surety Co. of America v. Beck Development Corp., 95 F. Supp. 2d 549 (E.D. Va. 2000). Accordingly, this Court lacks the equitable authority to impose a pre-judgment preliminary injunction in effect freezing Venture or PB's assets or those of its insurers.

In addition, the fact that this Court lacks personal jurisdiction over Venture and PB in the Amato action, in which the Settlement Motion was filed, prohibits this Court from issuing a preliminary injunction relating to the disbursement of Venture or PB's assets or those of its insurers. In re: General Motors Corporation Pick-Up Truck Fuel Tank Products Liability, 134 F.3d 133, 140-141 (3d Cir. 1998)("At the threshold, we must examine our power over the parties. See Amchem Prods., Inc., 10 F.3d 189, 198 (3d Cir. 1993)(application of the Anti-Injunction and All-Writs Acts must be preceded by the satisfaction of jurisdictional requirements).") At the very least, this Court should address Venture and PB's jurisdictional arguments procedurally at the appropriate time (after a Master Complaint is filed – see Pre-Trial Orders 1G and 1H) prior to issuing an injunction applying to these defendants or their insurers.[6]

---

[6] The only actions before this Court in which this Court as a Transferee Court may have in personam jurisdiction over Venture and/or PB are the Germano and Hinkley actions. However, the PSC could not file their Settlement

5

However, even if the Court believes that it has authority to issue an injunction in an action at law and despite the fact that the jurisdictional prerequisites have not been met, the Court must consider the four factors recognized by the Fifth Circuit with respect to issuing a preliminary injunction -  (1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is denied, (3) that the threatened injury outweighs any damage that the injunction might cause defendants, and (4) that the injunction will not disserve the public interest.  See Sugar Busters, LLC v. Brennan, 177 F.3d 258, 265 (5th Cir. 1999).  These factors are mostly addressed in the memoranda submitted by the Opposing Plaintiffs and the Insurer's Steering Committee and those arguments are incorporated herein.[7]  Needless to say, the public's interest in fostering settlements and, if necessary, promoting confidential settlements as a means to such resolutions, outweighs any perceived prejudice to the Plaintiffs or the PSC's attorneys' fees.

However, Venture and PB find it somewhat ironic that the PSC is now apparently arguing that the Plaintiffs will suffer irreparable harm without an injunction because there is a limited fund.  For example, the PSC cites the Dragas Management Corporation's arbitration award of $4.9 million and its accompanying motion for declaratory judgment against Venture and PB's insurers.  The PSC argues "The Hanover proceeds are sought by innumerable Plaintiffs who *also* have claims against Porter-Blaine, as described in the Omni V Complaint.  To the

---

Motion in those actions, because it seeks to enjoin not only Venture and PB, but their insurers as well.  The insurers are not parties to Germano or Hinkley.

[7] The PSC argues that it has established the likelihood of success based, in part, on the Germano default judgment proceedings.   However, a default judgment proceeding without any consideration of liability; dealing solely with the issue of the PSC's view of damages; and dealing with a scope of remediation and related costs which were totally unopposed provides no basis for this Court to consider the "likelihood of success" on the merits of the claims raised in the Amato action.  Moreover, this Court issued a consent Order, with specific approval and agreement of the PSC, that the Germano default judgment proceeding has no effect on and does not prejudice Venture and PB. (Document # 526).  Accordingly, at least with respect to Venture and PB consideration of the default proceedings is a violation of the PSC's agreement and this Court's Order.

extent that award exhausts Porter-Blaine's coverage, it risks leaving nothing to compensate named and absent class members alike." (Memorandum in Support of Settlement Motion, P. 5)(emphasis in original).

Early in this litigation, Venture and PB made an inquiry to the Virginia State Bar regarding the plaintiffs' counsel representation of numerous plaintiffs when there was an apparent limited fund. As a direct result of that inquiry, Venture and PB filed motions to disqualify counsel for the Plaintiffs. (Originally filed in the Eastern District of Virginia (<u>Germano</u>) and Eastern District of North Carolina (<u>Hinkley</u>) actions prior to transfer, and filed in the MDL pursuant to Order, Document # 514, and Documents #346 and # 531). Although not directed at the PSC as a group, but to certain of its members, the plaintiffs' attorneys filed a vehement response arguing that there was absolutely no showing of a limited fund. This matter was heard in this Court on December 4, 2009, during which the Court agreed, among other things, that there was no showing of a limited fund – however, mentioning that should a limited fund become apparent at a future time this issue may need to be re-evaluated by counsel for the Plaintiffs. (entered Order, Document #556).

Now the PSC is arguing that there is, in fact, a limited fund and that is one of the main reasons for an injunction. If this is the "irreparable harm" that will be suffered without an injunction, the PSC would need to re-examine the ethical issues raised in the previous motions and its continued representation of multiple claimants all seeking that limited fund.

Finally, the PSC suggests that Congress's and the JPML's "purpose and spirit" of consolidating the cases in this Court is to somehow foster a settlement that is fair to all similarly situated claimants – "Otherwise, why are we all here?" (Memorandum in Support of Settlement,

Page 2). However, as recognized by the JPML, settlement may be a by-product of consolidation but is not the statutory purpose:

> Transfer of this insurance coverage action and other similar actions could also provide the transferee court with greater leverage within the inevitable settlement discussions. As with consistent legal rulings, settlement of multidistrict litigation is a sometime byproduct, not a statutory rationale, for transfer under Section 1407.

JPML Order Denying Transfer of Lennar Corp, et al. v. Nautilus Insurance, S.D. Fla. 1:10 cv 21909 to this MDL.

In addition, the "why are we here" question can be answered with reference to the statute. Under 28 U.S.C. § 1407, these cases were consolidated by the JPML because they involved one or more common questions of fact; consolidation would be convenient for the parties and witnesses; and consolidation would promote the just and efficient conduct of such actions. Specifically, the cases were consolidated for coordination of pre-trial matters so that eventually the cases could be returned to the Transferor court for trial. The statute is silent on coordination to facilitate or even guarantee a "fair" settlement to all.

WHEREFORE, for these reasons, Venture and PB request that the Court deny the Accounting Motion and the Settlement Motion, at least with respect to these defendants and their insurers.

This the 9th day of February, 2011.

Respectfully submitted,

By: _____/s/_____

>Mark C. Nanavati, Esquire (VSB #38709)
>Kenneth F. Hardt, Esquire (VSB # 23966)
>Sinnott, Nuckols & Logan, P.C.
>13811 Village Mill Drive
>Midlothian, Virginia 23114
>(804) 378-7600 ext. 3311 or 3316
>(804) 378-2610 (fax)
>khardt@snllaw.com
>mnanavati@snllaw.com
>*Attorneys for Defendants Venture Supply Inc.*
>*and The Porter-Blaine Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of February, 2011.

>                /s/
>Kenneth F. Hardt