**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
|  | : | **MDL NO. 2047** |
| IN RE: CHINESE MANUFACTURED DRYWALL | : |  |
| PRODUCTS LIABILITY LITIGATION | : | **SECTION:  L** |
|  | : |  |
|  | : | **JUDGE FALLON** |
|  | : | **MAG. WILKINSON** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :¹

**This Document Relates to:** *Pate v. American International Specialty Lines Insurance Co.*, No. 09-7791; *Centerline Homes Construction, Inc. v. Mid-Continent Casualty Co.*, No. 10-178; and *Northstar Holdings, Inc. v. General Fidelity Insurance Co.*, No. 10-384 **.**

## ORDER & REASONS

Before the Court are the following motions to dismiss filed by defendant commercial

general liability ("CGL") insurers (collectively referred to as the "Insurers"):

1.    American Guarantee & Liability Insurance Co.'s ("American") Motion to Dismiss for Failure to Join Necessary and Indispensable Parties in *Pate v. American International Specialty Lines Insurance Co.*, No. 09-7791(E.D. La. filed Dec. 23, 2009), *consolidated with,* No. 09-md-2047 (E.D. La. filed June 15, 2009)(R. Doc. 2641);

2.    Amerisure Mutual Insurance Co. and Amerisure Insurance Co.'s ("Amerisure") Motion to Dismiss First Amended Complaint for Failure to Join Requested Parties in *Pate*, Case No. 09-7791 (R. Doc. 2174);

3.    Chartis Specialty Insurance Co.'s ("Chartis")¹ Motion to Dismiss Complaint for Failure to Join a Requested Party in *Centerline Homes Construction, Inc. v. Mid-Continent Casualty Co.*, No. 10-178 (E.D. La. filed Jan. 26, 2010), *consolidated with,* No. 09-md-2047(R. Doc. 2567);

4.    FCCI Commercial Insurance Co. and FCCI Insurance Co.'s (collectively referred to as "FCCI") Motion to Dismiss Plaintiff's First Amended Complaint for Failure to Join Indispensable Parties in *Pate*, Case No. 09-7791 (R. Doc. 2148);

---

¹Chartis is named in the complaints as American International Speciality Lines Insurance Company and is formerly known thereby.

5.      Landmark American Insurance Co.'s "("Landmark") Motion to Dismiss in *Pate*, Case No. 09-7791 (R. Doc. 2150);

6.      Mid-Continent Casualty Company's ("MCC") Motion to Dismiss in *Pate*, No. 09-779(R. Doc. 2156);

7.      MCC's Motion to Dismiss in *Centerline*, No. 10-178(R. Doc. 2282);

8.      MCC's Motion to Dismiss in *Northstar Holdings, Inc. v. General Fidelity Insurance Co.*, No. 10-384 (E.D. La. filed Feb. 12, 2010), *consolidated with,* No. 09-md-2047 (R. Doc. 2843);

9.      National Union Insurance Co. of Pittsburgh's ("National Union") Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(7) for Failure to Join a Party Under Rule 19 in *Pate*, Case No. 09-7791 (R. Doc. 2155); and

10.     NGM Insurance Co.'s ("NGM") Motion to Dismiss in *Pate*, No. 09-7791 (R. Doc. Doc. 3174)[2].

Each of these motions seeks dismissal, in whole or part, pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join indispensable parties.  A briefing and hearing schedule on the Rule 12(b)(7) challenges was established by the Court, which culminated in a hearing on November 3, 2010.  The Court has reviewed the briefs, as well as the applicable law and relevant facts, has heard from the parties on oral argument, and is now ready to rule.  For the following reasons, IT IS ORDERED that the motions are DENIED insofar as the Rule 12(b)(7) challenges raised therein.

## I.      BACKGROUND

The present litigation arises from the manufacture, distribution, sale, and installation of Chinese drywall which is contained in homes where it allegedly emits foul odors and damages

---

[2]The Court in a separate ruling granted NGM's Motion to Dismiss as it pertains to its personal jurisdiction challenge.  Nonetheless, the Court finds it appropriate to address NGM's indispensable party challenge as well.

metal and electronic elements and devices, as well as causes various personal injuries to occupants of the homes. On June 15, 2009, the Judicial Panel on Multi-District Litigation transferred all federal actions alleging damages from Chinese-manufactured drywall to this Court, the U.S. District Court for the Eastern District of Louisiana, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig*., 626 F.Supp.2d 1346 (J.P.M.L. 2009)(R. Doc. 1). Since the inception of the MDL, a number of parties have entered the litigation, including the Insurers who are sought after for indemnity and/or defense by their insureds. Many of the cases involving the Insurers, among numerous others, have been consolidated with the MDL proceedings.

On August 5, 2010, the Court, determining it was an appropriate time in the MDL litigation, issued an Order establishing a briefing and hearing schedule for personal jurisdiction, venue, and indispensable joinder motions filed by the CGL Insurers.[3] (R. Doc. 4873).

As mentioned above, three cases are implicated in the present motions, (1) *Pate v. American International Specialty Lines, et al.*, No. 09-7791; (2) *Centerline Homes Construction, Inc., et al. v. Mid-Continent Casualty Co., et al.*, No. 10-178; and (3) *Northstar Holdings, Inc., et al. v. General Fidelity Insurance Co.*, No. 10-384, the facts of which are summarized as follows.

**A.    *Pate***

The *Pate* case was filed directly in the Eastern District of Louisiana on December 23,

---

[3]The Court held a hearing on personal jurisdiction challenges on the same date as the hearing on the present indispensable party challenges, *see* (R. Doc. 6330), and has addressed the personal jurisdiction challenges in a separate Order & Reasons. The venue challenges have been continued by the Court, and, if appropriate, will be fully briefed and scheduled for hearing after resolution of the jurisdiction and indispensable party challenges. *See* (R. Doc. 5450).

2009, by Robert C. Pate, as Trustee for the WCI Chinese Drywall Trust (the "Trust"), seeking a declaratory judgment that WCI's CGL insurers, as well as its subcontractors' CGL insurers, are obligated to indemnify the Trust for losses arising from claims against WCI Communities, Inc. and certain of its subsidiaries (collectively referred to as "WCI") for the development and sale of homes allegedly containing defective Chinese drywall. *See* No. 09-7791(R. Doc. 1). Thereafter, on March 15, 2010, the Trustee filed a First Amended Complaint. *See* No. 09-md-2047(R. Doc. 1732).

WCI is a contractor for single-family homes, villas, condominiums, and luxury high rise towers. *See id.* In 2006, WCI began to receive complaints of property damage and/or personal injuries as a result of Chinese drywall installed in the residences WCI sold in Florida from 2005 to 2008, particularly in the Fort Lauderdale, Fort Meyers, and Bradenton areas. *Id.* On August 4, 2008, and July 1, 2009, WCI filed for bankruptcy. *Id.* Thereafter, on July 16, 2009, WCI filed a Second Amended Joint Chapter 11 Plan of Reorganization. *Id.* This Plan created the Chinese Drywall Trust to assume WCI's liability or losses for Chinese drywall-related claims asserted against WCI. *Id.* The Trust was transferred the right, title, and interest in pursuing and receiving any and all insurance recoveries arising from these claims. *Id.* The United States Bankruptcy Court for the District of Delaware confirmed the Plan on August 26, 2009. *Id.*

At issue in the present motions is whether WCI's subcontractors who procured CGL insurance policies naming WCI as a named or additional insured are indispensable parties. These subcontractors (collectively referred to as the "Subcontractors") and their insurers include the following: Hinkle Drywall, LLC insured by Owners Insurance Co. ("Owners") and Landmark; SD & Associates insured by FCCI; Finest Drywall, Inc. insured by MCC and

4

National Union; Beta Drywall, LLC insured by Amerisure, National Union, and Chartis; Distinctive Finishes, LLC insured by MCC and American; Steven Sweet Drywall, LLC insured by MCC; Residential Drywall, Inc. insured by FCCI; Florida Drywall insured by MCC and FCCI; 1st Choice Construction insured by MCC; Supreme Drywall & Metal Framing Co. insured by Amerisure; and HDS Drywall Services insured by West American, Ohio Casualty, and NGM.[4]

### B.    *Centerline*

The *Centerline* case was filed in the Eastern District of Louisiana on January 26, 2010, by Centerline Homes Construction, Inc., Completed Communities II, LLC, Centerline Homes at Georgetown, LLC, and Centerlines Homes, Inc. (collectively referred to as "Centerline"), seeking a declaratory judgment that their insurers, as well as the insurers of their subcontractors, are obligated to defend and indemnify Centerline for claims against it relating to its development of residences allegedly containing Chinese drywall.  *See* No. 10-178(R. Doc. 1).  Centerline builds single-family and multi-family homes, such as townhouses and condominiums, in Florida. *Id.*  A number of homeowners who purchased Centerline residences between 2005 and 2007 in Broward, Palm Beach, and Saint Lucie counties have complained of property damage and/or personal injuries as a result of the Chinese drywall in their homes.  *Id.*

At issue in Amerisure and MCC's motions, *see* (R. Docs. 2282, 2567), is whether Centerline's subcontractor United Framers, Inc. is an indispensable party on the basis of its procurement of CGL policies from Amerisure and MCC which name Centerline as a named or

---

[4]There are other subcontractors and insurers named in the *Pate* complaints, but because they are not involved with the present motions, the Court has omitted their information.

additional insured.

### C.    *Northstar*

The *Northstar* case was filed in the Eastern District of Louisiana on February 12, 2010, by Northstar Holdings, Inc., Northstar Homes, Inc., and Northstar Holdings at B & A., LLC (collectively referred to as "Northstar"), seeking a declaratory judgment that their insurers and the insurers of their subcontractor are obligated to defend and indemnify them for losses arising from claims against Northstar for its development of homes allegedly containing Chinese drywall.  *See* No. 10-384(R. Doc. 1).  Northstar builds homes and residential communities in Florida.  *Id*.  A number of homeowners who purchased Northstar homes between 2005 and 2007 have alleged that these homes contain Chinese drywall which causes property damage and/or personal injuries.  *Id*.  MCC issued insurance policies to Northstar's subcontractor, Precision Drywall, Inc., under which Northstar seeks coverage as a named or additional insured.  *Id*.

## II.    PRESENT MOTIONS

### A.    Insurers' Motions

The Insurers each filed individual motions to dismiss, followed by a joint reply and joint oral argument at the hearing.  *See* (R. Docs. 2148, 2150, 2155, 2156, 2174, 2282, 2567, 2641, 2843, 3174, 4508, 6226); Hr'g Tr. 64:25-76:2; 84:22-86:12 (Nov. 3, 2010).  Because of the commonality of issues raised therein, the Court will address the motions *in toto*.

The Insurers argue that the Subcontractors who procured the insurance policies under which the Plaintiffs seek coverage are required parties pursuant to Rule 19(a), and that because they cannot be joined to the litigation, dismissal of the cases based upon the factors in Rule 19(b) is warranted.  The Insurers argue that under applicable law, in a contract dispute, such as the

present, all parties to the contract are required parties, and thus the Subcontractors are required parties. According to the Insurers, the Subcontractors have a substantial interest in the present cases since they will suffer prejudice if their limited insurance funds are paid to the Plaintiffs, leaving them with little or no coverage and defense. The Insurers claim that if the Court retains the present cases without the Subcontractors, they face the risk of duplicative and/or inconsistent rulings in other courts where the Subcontactors and Insurers are parties, as well as incurring extra costs to defend these actions. The Insurers contend that the risks of depleted funds and additional litigation cannot be remedied by joining the Subcontractors to the present cases since the Court lacks jurisdiction over them. Finally, according to the Insurers, dismissal is further warranted since there are already similar cases pending in Florida and there, all parties, including the Subcontractors, can be joined in the litigation.

Landmark has submitted a Supplemental Memorandum (R. Doc. 6405), contending that dismissal of the *Pate* case is especially warranted based upon the Court's recent dismissal of Owners[5], its co-insurer for Hinkle Drywall. According to Landmark, because its policy and Owner's policy are interrelated in the sense that the interpretation of one policy effects the other, the likelihood it will be subjected to inconsistent judgments and policy interpretations is further heightened by its continued defense in litigation in which Owners is no longer a party.

### B.    Plaintiffs' Response

In response, Plaintiffs[6] contend that the Subcontractors are not required parties pursuant

---

[5]The Court previously dismissed Owners in a previous ruling for lack of personal jurisdiction.

[6]Plaintiffs here include Pate, Northstar, Centerline, and the Plaintiffs' Steering Committee.

to Rule 19(a), and even if they are, the factors of Rule 19(b) dictate that the Court continue with the litigation in their absence.  *See* (R. Doc. 5980); Hr'g Tr. 76:3-84:20.  As support, Plaintiffs argue that as named and/or additional insureds under the Subcontractors' policies, they have a right to seek insurance funds thereunder.  Plaintiffs refute that their right to insurance funds is somehow derivative of or dependant upon the Subcontractors' own rights under the policies, and note that they are not seeking adjudication of the Subcontractors' rights under the policies. Plaintiffs challenge the Insurers' claim that the Subcontractors are prejudiced by their exclusion from the present cases, and note that the Subcontractors could have intervened in the cases to protect their rights, but have not done so.  Nonetheless, according to Plaintiffs, the Insurers' arguments are the same as the Subcontractors would raise, and thus, the Subcontractors' rights are represented.  Plaintiffs argue that any alleged prejudice-depletion of the Subcontractors' available insurance proceeds and subjection of the Insurers to inconsistent and/or duplicative court rulings-is pure speculation or theoretical.  Plaintiffs also claim that the Subcontractors are not harmed by their absence in the litigation since many of the Subcontractors are dissolved entities and/or have defaulted in similar cases in other courts.  Finally, Plaintiffs argue that the MDL is the most efficient forum for resolution of the claims since all claims can be resolved at one time, in one forum.

In response to Landmark's Supplemental Memorandum, Plaintiffs contend that Landmark has failed to demonstrate that dismissal of the *Pate* case is further warranted simply because Landmark and Owners provide overlapping primary insurance coverage to Hinkle Drywall, and Owners has now been dismissed.  *See* (R. Doc. 6393).  Plaintiffs claim that the question of whether Landmark owes coverage to Hinkle is independent of Owners' own

coverage for Hinkle and thus does not require Owners' presence in the litigation for adjudication.

### III.   LAW & ANALYSIS

#### A.   Federal Rule of Civil Procedure 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) authorizes a motion to dismiss for failure to join a required party in accordance with Rule 19.[7]  The movant bears the initial burden of demonstrating that an absent person or entity is a required party, but if an initial appraisal of the facts demonstrates the absent person or entity is required, the burden is shifted to the opponent of joinder.  *Hood v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009)(quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006)); *Ranger Ins. Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682, 683 (5th Cir. 1974).  Under Rule 19(a), the court is to determine whether an absent person "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" should be joined as a "required party."  Fed. R. Civ. P. 19(a).  If the court finds in the affirmative, that person must be joined, unless joinder is

---

[7]Although a number of the Insurers' motions seek dismissal for failure to join 'indispensable' parties, the current language of Rule 19 contains no mention of 'indispensable' parties.  *See* Fed. R. Civ. P. 19.  The "familiar but confusing terminology" of Rule 19 is that "the decision to proceed [with the litigation without the absent person] is a decision that the absent person is merely 'necessary' while the decision to dismiss [the case] is a decision that [the absent person] is 'indispensable.*"  Provident Tradesmens Bank & Trust, Co. v. Patterson*, 390 U.S. 102, (1968).  The language of the current Rule 19 uses "required party" to describe both a 'necessary' and 'indispensable' absent person, but distinguishes between the two by characterizing a 'necessary' party as a "required party," while an 'indispensable' party is a "required party" whose "joinder is not feasible."  *See* Fed. R. Civ. P. 19; 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1604 (3d ed. 2010).  For purposes of the present motions, the Court will use the terms as contained in language of the Rule, but notes that some of the case citations refer to the older terms of 'necessary' and 'indispensable.'

not feasible, then court must determine under Rule 19(b) whether to proceed without the absent person or to dismiss the action.  *See August v. Boyd Gaming Corp.*, 135 Fed. App'x 731, 732 (5th Cir. 2005); *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438-39 (5th Cir. 2003); 5C Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure § 1359 (3d ed. 2010).  "It is to be stressed that the criteria set forth in Rule 19 are not to be applied mechanically nor are they to be used to override compelling substantive interests."  *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970); 7 Wright & Miller, Federal Practice and Procedure § 1604 (3d. ed. 2010)(concluding that there is no precise formula for determining whether an absent person is a required party.).  The Rule 19 inquiry "is a highly-practical, fact-based endeavor."  *Hood,* 570 F.3d at 628; 7 Wright & Miller § 1604 (concluding the Rule 19 inquiry is heavily influenced by the facts and circumstances of individual cases.).

Under the two step analysis of Rule 19, the Court first must determine whether the absent person is a "required party," that is,

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.  Fed. R. Civ. P. 19(a)(1).

If the court finds that an absent person constitutes a required party, but the required party "cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).  The factors the court is to consider for this inquiry are:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
     (A) protective provisions in the judgment;
     (B) shaping the relief; or
     (C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. *Id*.

### B.    Rule 19(a)-Required Party

The Court begins its Rule 12(b)(7) analysis by determining whether the Subcontractors are required parties pursuant to Rule 19(a)(1).  The first type of required party under Rule 19(a)(1) is one whose absence prevents the court from according complete relief among the existing parties.  Fed. R. Civ. P. 19(a)(1)(A).  The crux of the Insurers' argument under Rule 19(a)(1)(A) is that because the Subcontractors will not be bound by this Court's rulings, whether or not the Insurers are obligated to provide coverage to the Subcontractors will still have to be resolved in other litigation.

The Court finds the Insurers' argument specious.  The relief sought by the Plaintiffs is a declaration as to their specific rights under the insurance policies as named or additional insureds, not a general declaration of coverage.  *See generally Brown v. Am. Int'l Group, Inc*., 229 F.Supp.2d 336, 342 (D. Mass. 2004).  Thus, with or without the Subcontractors, the Court can determine this relief in its entirety.  *Cf. Haas v. Jefferson Nat. Bank*, 442 F.2d 394, 398 (5th Cir. 1971)(finding absent person a required party under Rule 19(a) in part because his presence was critical to the disposition of the important issues in the litigation.).  Indeed, this same argument was rejected in *Brown v. American International Group, Inc*., wherein the court concluded "the absence of the other individual insureds poses no bar to according complete relief

11

among those [co-insureds] already parties." 229 F.Supp.2d at 342-43 (citing *Hill v. Liberty Mut. Ins. Co.*, 453 F.Supp. 1342, 1344 (D. Va. 1978) and *Royal Ins. Co. of Am. v. Caleb V. Smith & Sons, Inc.*, 1997 WL 835058, at *3 n. 3 (D. Conn. June 16, 1997)).  Other courts have reached the same conclusion using this logic.  *See e.g. Congregation Ahavath Achim v. Underwriters at Lloyd's of London*, 31 F.R.D. 275, 276 (D. Or. 1962)("[W]hile the plaintiff and [the absent person] are jointly and severally named as insureds under the single policy of insurance issued by the defendant, nevertheless the two are holders of distinct separate rights and therefore may litigate their claims without the presence of the other."); *In re 360 Viansa, LLC*, 2009 WL 3697998, at *2 (Bankr. N.D. Cal. Nov. 2, 2009)(relying on logic in *Brown* to reject indispensable party arguments); 7 Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Federal Practice and Procedure § 1619 (3d ed. 2010)("Nor are persons who are jointly-and-severally insured indispensable to an action by another insured against the insurer.")

    The second type of required party under Rule 19(a)(1) is one who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. P. 19(a)(1)(B).  As discussed above, the thrust of the Insurers' argument is that the Subcontractors are required parties pursuant to subsection (a)(1)(B) of Rule 19 because the Subcontractors have an interest in the litigation and their absence prevents them from protecting their limited insurance funds, as well as subjects the Insurers to the risk of inconsistent obligations due to similar cases pending elsewhere that include the Subcontractors and the possibility of subsequent litigation filed by the

12

Subcontractors against them.

Turning to the limited funds argument, the Court finds that if the Subcontractors are concerned about the Plaintiffs depleting their insurance coverage they may protect their interest in their insurance policy coverage by asserting their own claims against the Insurers. *See Brown*, 339 F.Supp.2d at 343 (suggesting that absent insureds can assert their interest in limited insurance proceeds by filing their own case against the insurer). According to the Insurers, many, if not all, of the Subcontractors are involved in other state and federal litigation, presumably some of which would resolve the Subcontractors' rights, if any, to coverage. *See* (R. Doc. 6226). Also, if the Subcontractors were as concerned about their insurance funds as suggested by the Insurers, they could seek intervention into the *Northstar* and *Centerline* cases.[8]

At least one court within the Fifth Circuit has rejected the argument that an insured is a required party on the basis that its co-insured is seeking recovery of shared, limited insurance

---

[8]The Subcontractors could seek intervention as plaintiffs in *Northstar* and *Centerline* without defeating diversity of citizenship since those involved therein are alleged to be Florida citizens, same as the Plaintiffs in those cases, while the defendants are all non-Florida citizens. *See* Fed. R. Civ. P. 24; 28 U.S.C. §§ 1332, 1367(b); *Yorkshire P'ship, Ltd. v. Pac. Capital Partners*, 154 F.R.D. 141, 142 (M.D. La. 1993). The same is not true for *Pate* where the Subcontractors' presence as intervening plaintiffs would defeat diversity of citizenship on the basis that there are Florida defendants. An exception is HDS, and any other diverse Subcontractors, which is a Virginia citizen unlike any of the defendant Insurers in *Pate*. However, the Court finds it telling that the Subcontractors have not intervened especially since under Rule 19(a)(1)(B), for an absent person to be a required party he is to "claim an interest relating to the subject of the action." At least one other court within the Fifth Circuit has considered an absent person's decision to not intervene as suggestive that this person is not a required party. *See Peavey Elec. Corp. v. Pinske*, 2010 WL 2243562, at *2 n.1 (S.D. Miss. June 1, 2010)("The court would note, too, that if [the absent person's] practical ability to protect its interest could not be adequately protected by [the defendant], it would be entitled to intervene as a matter of right under Rule 24(a), without destroying the court's diversity jurisdiction."). Additionally, the Supreme Court in *Provident Tradesmens Bank & Trust v. Patterson*, 390 U.S. 102, 114 (1968), recognized in the context of a Rule 19 challenge that an absent person who could have intervened, but chose not to do so, does not make that person a required party.

policy funds.  In *SMI-Owen Steel Co., Inc. v. St. Paul Fire & Marine Insurance Co.*, 199 F.R.D. 209, 212 (S.D. Tex. 2001), the court was presented with an analogous factual issue, that is, whether in a claim by an insured subcontractor against its insurer, the co-insured contractor and designer are required parties because the subcontractor, contractor, and designer were all claimants under the same policy.  *Id*.  The court concluded that the absent co-insureds were not required parties, reasoning that the insurer failed to demonstrate that the limited insurance funds were at risk of depletion.  *Id.*  The court characterized the insurers claim of depletion as "innuendo and suspicion," and determined by its own calculation that the policy funds were sufficient to satisfy all possible claimants.  *Id.*

Similarly, a number of courts, including the Supreme Court, have concluded that an absent insured with an interest in a limited insurance fund is not a required party, indispensable to the litigation pursuant to Rule 19(b).  *See Provident Tradesmens Bank & Trust v. Patterson*, 390 U.S. 102, 115 (1968); *Kelly v. Commercial Union Ins. Co.*, 709 F.2d 973, 977-78 (5th Cir. 1983); *Smith v. State Farm Fire & Cas. Co.*, 633 F.2d 401, 405-06 (5th Cir. 1980).  Although the Court is not, at this juncture, addressing Rule 19(b), it nonetheless finds these conclusions influential given that the Rule 19(a) factors are substantially similar to the Rule 19(b) factors. *See* 7 Wright, Miller, & Kane § 604.  For example, the Supreme Court in *Provident Tradesmens Bank & Trust v. Patterson*, 390 U.S. 102, 114-15 (1968)[9], concluded that dismissal of a case

---

[9]The Court recognizes that the Supreme Court case cited, *Provident Tradesmens Bank & Trust v. Patterson*, 390 U.S. 102, 108 (1967), does "assume" that the absent insured is a "required party" under Rule 19(a) on the basis that he was "faced with the possibility of judgments against him, [and] had an interest in having the fund preserved to cover that potential liability."  However, the focus of the Court's opinion was on the Rule 19(b) factors, the analysis of which the Court looks to for guidance here.

14

filed by a third-party against an insurer was not required although an absent insured's insurance funds were at risk of depletion without the insured's presence in the litigation.

Here, the Insurers allege that the Subcontractors' insurance funds will be depleted or substantially reduced by the present litigation based upon the Plaintiffs' estimated damages. However, the present cases do not seek the award and allocation of certain insurance funds, but rather, are declaratory judgment actions seeking a ruling from the Court as to insurance language and coverage.  *See* Rosemary Gregor, Margaret Hoag & William Lindsley, American Jurisprudence § 131 (2d ed. 2010).  Even if the cases before the Court presented the risk of depletion of the Subcontractors' insurance funds, it is speculative at this point to assume that Plaintiffs will be entitled to coverage, and if so, in an amount equal to their claimed damages.

As to the risk of the Insurers facing multiple or inconsistent obligations, the Court finds that such risk is indeed a possibility, but does not rise to the level of a "substantial risk" as required for Rule 19(a).  *See e.g. Royal Ins. Co. v. Caleb V. Smith & Son, Inc*., 1997 WL 835058, at * (D. Conn. June 16, 1997)("While...plaintiff [is] in the unenviable position of facing potentially inconsistent obligations under its insurance policies with respect to the various insureds, that possibility is insufficient to require [] that this case be dismissed in its entirety.").  In this Court, as the cases stand now, there will be declaratory judgment rulings as to insurance coverage between the Plaintiffs and the Insurers, but no rulings as to the Subcontractors' coverage from the Insurers.  Thus, the Plaintiffs and Insurers will be bound by this ruling, but the Subcontractors will not, leaving open the possibility that the coverage issues between the Insurers and Subcontractors will be resolved in separate proceedings with possibly different outcomes than the one in this Court.  However, the Insurers' coverage obligations to each of the

Plaintiffs and the Subcontractors, although they arise in the same insurance contract, are separate obligations. *See* 3 Allan D. Windt, Insurance Claims and Disputes § 11:30 (5th ed. 2010)("[Additional] insureds are entitled to the same coverage as the named insured."); *see e.g. Travelers Prop. Cas. Co. v. Liberty Mut. Ins. Co.*, 444 F.3d 217, 219 (4th Cir. 2006)(recognizing that an insurer owes to an additional insured under the policy an independent contractual obligation to provide coverage); *W. Am. Ins. Co. v. Lindepuu*, 128 F.Supp.2d 220, 232 (E.D. Pa. 2000)(noting that additional insured subject to same rights and obligations under insurance policy as named insured).  Additionally, whether the Insurers ultimately owe indemnity to the Plaintiffs and Subcontractors is entirely dependant upon whether the plaintiffs in underlying cases, mostly home owners and residents, with claims against them for Chinese drywall-related damages prevail.  *See e.g. Okada v. MGIC Indem. Corp.*, 608 F.Supp. 383, 390 (D.C. Haw. 1985), *superceded on other grounds*, 823 F.2d 276 (9th Cir. 1986)(concluding that insureds not required parties in suit by co-insureds against insurer in part because the absent insureds may have participated in different acts, requiring a separate determination of coverage based on different factual allegations in underlying lawsuits.).   Whether or not the Subcontractors are liable to the underlying plaintiffs has yet to be resolved, but if they are found not liable, they also will not be entitled to indemnity from the Insurers.[10]  Moreover, even if the Court concludes that the Insurers owe coverage to the Plaintiffs and another court concludes that the Insurers also owe coverage to the Subcontractors, these coverage obligations are not "multiple" because they

---

[10]In this situation, it is also unlikely that the Plaintiffs, as additional insureds, will receive indemnity either.  *See* 3 Lee R. Russ, Couch on Insurance § 40:25 (3d ed. 2010).  However, ultimately whether an insured is covered depends upon the terms of the contract.  *See id.*

16

involve separate obligations to separate insured[11]; nor would a ruling here finding coverage for the Plaintiffs and a ruling in another court finding no coverage for the Subcontractors, or visa-versa, constitute an "inconsistent" obligation for the Insurers since it is entirely possible that the contractual coverage language applies differently to each the Subcontractor and the Plaintiffs, and/or that in the underlying cases against the Plaintiffs and Subcontractors, one is found liable and the other is not. *See Grubb & Ellis Co. v. Huntington Hoffman, LLC*, 2010 WL 4962846, at *3 (N.D. Ill. Dec. 1, 2010)(discussing the difference between "inconsistent obligations" and "inconsistent adjudications or results," for Rule 19(a) purposes.).

Moreover, both of the Insurers concerns-the limited insurance funds and the additional litigation-are the result of the contracts they entered into with the Plaintiffs and Subcontractors, not because the Subcontractors are absent from the present cases. The Court finds the logic in *Brown,* addressing similar concerns, insightful,

> [The insurer] suggests that the absent [insureds] subject it to a 'risk of incurring double, multiple, or otherwise inconsistent obligations,'...Yet [the insurer] assumed precisely this risk when it extended coverage to 'each and every Director, Officer, or Employee of the Company.' It was surely foreseeable that these individual insureds could commit multiple or inconsistent wrongful acts....Thus, [the insurer's] risk of inconsistent obligations is due not to the absence of the other directors and officers, but to the terms of its Policy. 339 F.Supp.2d at 343 (citing *Okada v. MGIC Indem. Corp*., 608 F.Supp. 383, 390 (D. Haw. 1985), *overruled on other grounds* 823 F.2d 276 (9th Cir. 1986))(internal citations omitted).

In the present cases, the Insurers, Plaintiffs, and Subcontractors are business entities who entered

---

[11]The Fifth Circuit concluded in *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1312 (5th Cir. 1986) that absent parties constituted required parties under Rule 19(a) in part because a party faced a "substantial risk" of "double liability" on the basis that he was facing liability to the *same* claimant in a federal suit seeking individual damages and in a state suit seeking damages in a derivative action. *Pulitzer* is distinguishable from the present cases where the Insurers are facing possible obligations to separate persons-the Plaintiffs in the MDL and the Subcontractors in other courts.

into contracts which obligate the Insurers to provide indemnity and/or defense for both the

Plaintiffs and Subcontractors.  If the Insurers are obligated to provide indemnity and/or defense

to the Plaintiffs and/or Subcontractors, even in multiple cases, it is a result of their own

bargaining and agreement.  Additionally, the Subcontractors assumed the risk of depletion of

their insurance funds when they agreed to include the Plaintiffs as named or additional insureds

on their policies, likely with a reciprocal benefit, such as being hired for construction projects.

   The Court recognizes the breadth of case law cited by the Insurers which concludes that

an insured or party to a contract is a Rule 19 party in cases involving the insurance policy or

contract.  However, these cases are each factually distinguishable because they involve the

claims of third parties for indemnity or other rights under a contract, termination or modification

of the contract, or a determination of the absent person's rights under the contract, none of which

are at issue here.  For example, this Court in *Siemens Building Techonologies, Inc. v. Jefferson*

*Parish*, 2004 WL 1837386, at *6 (E.D. La. Aug. 16, 2004), held that an absent person was a

required party under Rule 19(a) on the basis that the defendant had entered into a contract with

the absent person and the plaintiff was seeking to have this contract voided so it could do the

work contracted-for thereunder itself.  Clearly, in an action seeking to void an absent person's

contract, the absent person would be a required party.  Here, there is no threat to the existence of

the Subcontractors' contracts.

   Likewise, in *Alliance General Insurance Co. v. Louisiana Sheriff's Automobile Risk*

*Program*, 1997 WL 472513, at * (E.D. La. Aug. 18, 1997), the facts are disparate.  In *Alliance*,

the Court concluded *sua sponte* that absent insureds constituted required parties under Rule 19

on the basis that the insurers' suit against co-insureds sought rescission of the policies.

18

Rescission of an insurance policy is a general declaration of all insureds' rights, unlike whether certain individual insureds are covered by the policy, which is at issue in the present cases. Rescission is also a much more extreme remedy which would leave absent insureds without coverage completely.

*Harris Trust & Savings Bank v. Energy Assets International Corp*., 124 F.R.D. 115, (E.D. La. 1989), is also distinguishable from the present cases in that the required party therein was the interest holder in oil and gases leases which were the subject of litigation between its mortgage holder of the leases and the defendant with whom it contracted to provide income from the leases. Whether the mortgage holder versus the defendant had priority to the absent person's lease income required an interpretation of the absent person's contractual obligations to each of the parties. Here, the absent Subcontractors' contractual relationships with each the Plaintiffs and the Insurers are not at issue, only the contract between the Plaintiffs and Insurers.

A number of Insurers rely upon the Fourth Circuit's decision in *National Union Fire Ins. Co. v. Rite Aid*, 210 F.3d 246 (4th Cir. 2000), wherein the Circuit affirmed dismissal of a declaratory judgment action brought by an insurer against an insured subsidiary on the basis that the absent parent company, a co-insured, was an indispensable party. The insurer sought a declaration that it owed no coverage to the insured subsidiary because the parent insured failed to comply with its notice obligations under the policy. *Id*. at 248. The Circuit concluded that the parent company constituted a required party under Rule 19(a) largely because the case was not merely a coverage determination like the present, but also required the court to determine whether the parent complied with its notice obligation under the policy. *Id*. at 251. Additionally, in purchasing the insurance policy on behalf of itself and its subsidiaries, the

19

parent was obligated thereunder to pay the first $250,000 of any covered claim brought by its subsidiaries. *Id.* at 247. This Court, agreeing with the Circuit, finds that the issue in *National Union* of whether the parent provided notice rendered the parent a Rule 19 party; it also finds that the risk of the parent owing up to $250,000 under the policy supports the same conclusion. However, no analogous facts are present in the cases before the Court. *National Union* is further distinguishable because it involved a claim by an insurer against insureds while the present cases involve claims by insureds against insurers. *See Emp'rs Ins. of Wasau v. Jostens, Inc.*, 181 F.R.D. 623, 626-27 (D. Minn. 1998)(distinguishing between declaratory judgment actions in the Rule 19 context on the basis of whether the insured or the insurer is the plaintiff against the other).

Landmark asserts that since the Court has dismissed its co-insurer Owners, dismissal of the entire case is further warranted because whether and how Owners and/or Landmark owe coverage to WCI depends upon the interpretation and application of the language of both policies. Specifically, according to Landmark, in the case in which both its policy and Owners' policy constitute primary coverage, each may be obligated to contribute to WCI's coverage either by equal shares or by limits, the apportionment of which will need to be decided at the same time. However, the obligations owed by Landmark and Owners to WCI are separate and distinct. *See Shell Oil Co. v. Aetna Cas. & Surety Co.*, 158 F.R.D. 395, 400 (N.D. Ill. 1994)(recognizing that the liability of two primary insurers to an insured is wholly independent). "Other primary insurers may be indispensable parties in a suit by an insured against a primary insurer, but it depends on the circumstances of the case." *Rhone-Poulenc Inc. v. Int'l Ins. Co.*, 71 F.3d 1299, 1301 (7th Cir. 1996)(citations omitted); *accord Emp'rs Ins. of Wasau v. Jostens,*

*Inc.*, 81 F.R.D. 623, 626-27 (D. Minn. 1998).  Generally, courts have found that an absent primary insurer is indispensable in a suit by an insured against another primary insurer when there exists a more comprehensive parallel proceeding, while the case at issue has made substantially less progress.  *See Sta-Rite Indus., Inc.,* 69 F.3d at 285; *Emp'rs Ins. of Wausau*, 181 F.R.D. at 626-29; *compare, Scottsdale Ins. Co. v. Subscriptions Plus, Inc.*, 195 F.R.D. 640, 647 (W.D. Wis. 2000).  Here, there is no pending case in another court involving Owners and Landmark's coverage obligations to WCI, *see* (R. Doc. 6392, p. 5)(noting an action does not currently exist involving Landmark and Owners regarding their coverage obligations to WCI); thus, the same need for dismissal of the case is not present.

Additionally, Landmark is not prejudiced for purposes of Rule 19 because of the possibility that it will have to seek contribution against Owners in a subsequent action.  A number of courts have concluded that the need for a subsequent contribution action among primary insurers does not render an absent primary insurer a Rule 19 party.  *See Rhone-Poulenc Inc.,* 71 F.3d at 1301; *Rhone-Poulenc, Inc. v. Int'l Ins. Co.*, 1996 WL 435180, at *6-10 (N.D. Ill. July 31, 1996); *Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D. Ohio 1984).  "In a case of multiple, overlapping coverage the insurers who are not sued will not be bound by determinations made in a suit to which they are not parties, and the insurers who are sued can if they lose seek contribution afterward from the other, though this may depend, as we shall see, on the precise working of each insurance contract."  *Rhone-Poulenc Inc.,* 71 F.3d at 1301(internal citations omitted).  Thus, Landmark's arguments are unavailing.

"The question of joinder of parties under Rule 19 has arisen in a variety of cases involving insurance claims that defy generalization."  7 Wright, Miller, & Kane § 1619.

"Contrary to defendants' blanket assertion that all insured are always indispensable parties, courts have held in a variety of circumstances that not all insured must be joined in a declaratory judgment action." *Royal Ins. Co. v. Caleb V. Smith & Son, Inc*., 1997 WL 835058, at * (D. Conn. June 16, 1997)(citing a number of cases); *see e.g. Okada v. MGIC Indem. Corp*., 608 F.Supp. 383, 390 (D.C. Haw. 1985), *superceded on other grounds*, 823 F.2d 276 (9th Cir. 1986)(concluding absent insureds not indispensable parties in declaratory judgment action brought by their co-insureds against their insurer). The Court finds that the present cases are among these. Looking to the facts and circumstances of the present cases, as is required under the applicable law, the Court concludes, based upon the foregoing analysis, that the Subcontractors are not required parties under Rule 19(a). The Court finds that the most practical approach is to proceed with the present cases without the Subcontractors. Based upon the relevant facts, the Court sees no reason to impose the burden of litigation on the Subcontractors, nor does it find dismissal of the present cases from the MDL litigation warranted given that the *gravitas* of the federal Chinese drywall-related claims is located here and the resolution of similar claims can be done in an efficient and concise manner. The Court can alleviate many of the Insurers' concerns by making its best efforts to coordinate with the other judges presiding over similar cases and, if appropriate, tailor the judgment to hold the insurance funds until all similar cases are resolved. Furthermore, because the present cases are declaratory judgment actions, "this court has great flexibility in framing its relief so as to avoid prejudice to absent parties." *Okada,* 608 F.Supp. at 390 (citing 7 Wright & Miller § 1616). Since the Court has concluded that the Subcontractors do not constitute required parties under Rule 19(a), it need not address Rule 19(b).

**IV.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the present Motions are DENIED

insofar as they pertain to the Insurers' Rule 12(b)(7) challenges.


New Orleans, Louisiana, this 8th day of February 2011.

_____

U.S. District Judge