UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN CONRY | * | CIVIL ACTION 10-4599 |
| | * | |
| | * | SECTION        L |
| | * | |
| | * | |
| VERSUS | * | MAGISTRATE        2 |
| | * | |
| GERALD "JERRY" DAUGHERTY, | * | |
| THE HERB COMPANY, | * | |
| AND THE HERB IMPORT COMPANY, INC. | * | |

*********************************************

DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO LIFT STAY AND
OPPOSITION TO MOTION FOR DEFAULT JUDGMENT

Now into court comes Gerald Daugherty, The Herb Company and the Herb Import Company, Inc. who opposes the Motions submitted by plaintiff.

The plaintiff has failed to properly effect service in accordance with the Federal Rules of Civil Procedure insofar as the summons and complaint were served on "John Davidson as attorney of record." John Davidson was not attorney of record as of the filing date of plaintiff's complaint since that filing was the document that initiated the complaint. Furthermore the record of Civil Action 10-4599 does not reflect any return of service of any kind. Defendants received no notice that this matter has now been transferred and consolidated into a multi-district litigation proceeding under No. 09-MD-2047, so counsel's review of the on-line court records did not disclose that the Motion to Compel was even filed for record. No electronic notice of the filing was transmitted to counsel. Today, in verifying the assigned hearing date of defendants' Motion to Dismiss, counsel located this

Motion of plaintiff in the multi-district litigation proceeding.

Law & Analysis:

The plaintiff has not met the minimum requirements for service of process. Service of the lawsuit was never made on the defendant, Gerald Daugherty, personally[1] nor by domiciliary service.[2] Moreover, service was never made upon Gerald Daugherty as the authorized agent for the corporate defendants.[3] Instead, the plaintiff provoked a process service to deliver a copy of the petition to attorney John Davidson who is not the authorized registered agent for any of the defendants. The Louisiana Secretary of State designates that the registered agent for service of process for the Herb Company and Herb Import Company, Inc. is Gerald Daugherty. Also, the records of the Eastern District do not reflect that service of process was executed in this matter. Since this service of process is defective, the plaintiff has improperly proceeded with the instant Motions.

    A. Default Judgments Are Disfavored.

Default judgments are disfavored.[4] The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver.[5] Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.[6]

---

1 Fed. R. Civ. P. 4(e)(2)(A).
2 Fed. R. Civ. P. 4(e)(2)(B).
3 Fed. R. Civ. P. 4(e)(2)(C).
4 Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).
5 Sun Bank v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir.1989)
6 Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

In the instant case a default judgment is inappropriate. Although service of process has never been properly made, the defendants have appeared in this case expediently defend their rights. Substantial prejudice will certainly occur if the default judgment is rendered. The grounds for the default are not clearly established and a Motion to Dismiss for lack of subject matter jurisdiction is currently pending. Finally, the harsh remedy of a default judgment is not appropriate remedy against the defendant who is acting in good faith to diligently defend this matter.

**Pending Motion to Dismiss**

Defendants have voluntarily submitted to the jurisdiction of the court without service of process on January 26, 2011 by submitting its Motion to Dismiss which is properly supported by affidavit and exhibits. Consequently, a response is in the record of these proceedings which precludes rendition of a default judgment. Plaintiff continues to proceed in this matter despite knowledge that a response has been made. A hearing is scheduled on March 30, 2001 on defendants' Motion to Dismiss.

**Plaintiff Subsequent Motion Acknowledges Defect of Service**

On January 27, 2011, plaintiff filed a Motion to Compel Appearance which constitutes an acknowledgement that service was not properly obtained on defendants sufficient to require an appearance.

**Conclusion:**

The plaintiff's motions are inappropriate at this time. Service was been properly made on any of the named defendants at the time of the filing of his motion for default. Moreover, a default judgment is a disfavored remedy and in the instant case should not be procured. Consequently, the plaintiff's motion should be denied.

Respectfully Submitted:

**JOHN DAVIDSON AND ASSOCIATES**

_____
**JOHN A. E. DAVIDSON (#4710)**
2901 Independence Street, Suite 201
Metairie, Louisiana 70006
Phone:       (504) 455-3832
Facsimile:   (504) 455-8981

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing the same to each properly addressed and postage prepaid on 9th day of February 2011.

_____
**JOHN A. E. DAVIDSON**