UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | ) ) ) ) ) ) ) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## LIMITED OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR AN ORDER REQUIRING AN ACCOUNTING AND OTHER RELIEF

On July 26, 2010, the Plaintiffs' Steering Committee ("PSC") filed its Motion to Establish A Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit, in which the PSC sought an order assessing common benefit attorney fees on cases both within this MDL proceeding and cases pending outside of the jurisdiction of this MDL proceeding. [Rec. Doc. No. 4603.] Plaintiffs Simon and Rebecca Finger, James and Joycelyn Butler, Carolyn Cathcart and Jason and Renee Niemann (collectively referred to herein as "Plaintiffs") submitted an opposition to the PSC's Motion to the extent the Motion was overly broad and sought an assessment from recoveries in state court cases in which there had been no agreement to coordinate. [Rec. Doc. No. 4958.]

The PSC responded to Plaintiffs' Response in its Supplemental Memorandum. [Rec. Doc. No. 5050.] Therein, the PSC acknowledged that "an assessment on the state actions is not

1

appropriate without these clients voluntarily agreeing to the MDL assessment." <u>PSC Supplemental Memorandum</u>, p.2.[1]

Nevertheless, in spite of its agreement that an assessment on state court recoveries absent voluntary agreement is improper, the PSC's recently filed Motion For An Order Requiring An Accounting And Other Relief seeking to do just that. [Rec. Doc. No. 6669.] Thus, Plaintiffs file this limited opposition to the PSC's Motion, reurging and incorporating herein the arguments Plaintiffs' made in their Response to the PSC's Motion to Establish a Plaintiffs' Litigation Expense Fund, attached hereto as Exhibit A. Plaintiffs' opposition is limited solely to the aspect of the PSC's Motion seeking to escrow all attorneys' fees earned in an action in which Chinese drywall claims have been brought pending a determination by the Court as to the appropriate common benefit fee assessment.

With respect to common benefit attorneys' fee assessment, the PSC's Motion for Accounting seeks an assessment of recoveries in non-MDL coordinated cases, just as its Motion to Establish a Plaintiffs' Litigation Expense Fund sought, which has yet to be heard. One significant difference here is that since the Court has not made a determination as to an appropriate common benefit assessment percentage, the PSC seeks to escrow all attorneys' fees earned on any Chinese drywall action until that determination is made.

Just as in its Motion to Establish a Plaintiffs' Litigation Expense Fund, the PSC's Motion for Accounting overreaches and extends beyond the bounds of this Court's jurisdiction. As set forth in the PSC's proposed order on its Motion for Accounting:

---

[1]The PSC's Motion to Establish A Plaintiffs' Litigation Expense Fund has not yet been set for hearing.

2

> 1. This order shall govern ...(4) all persons or entities who intend to or may seek recovery related to Chinese-manufactured drywall, including absent class members or any putative class actions or Omnibus class actions...."

The proposed order further places accounting duties on and assesses attorney fees from cases beyond this Court's jurisdiction:

> 2. [T]he Court hereby orders that:
>
> (a) All parties to these proceedings and their attorneys who, either agree or have agreed to settle, compromise, dismiss..., with respect to a Chinese-manufactured drywall claim shall provide an accounting of said settlement or judgement to Plaintiffs' Liaison Counsel....
>
> (b) Any attorney earning a fee in a case wherein Chinese drywall claims have been brought, which has been settled, compromised, dismissed....shall place the value of the attorney's fee in an escrow account to be established by the Plaintiffs' Liaison Counsel and Defendants' Liaisjon Counsel, as set forth below in paragraph 3 of this order, pending a determination by the Court at an appropriate juncture as to a fair and reasonable common benefit fee percentage.

Motion for Accounting, proposed order. By its terms, the PSC's proposed order does not limit its reach to those cases within the MDL proceeding and to state cases in which a plaintiff has consented to be subject to an MDL fee assessment. *Cf.*, *In re Propulsid Products Liability Litigation*, MDL No. 1355 (E.D. La. Dec. 27, 2001), Pretrial Order No. 16. For the reasons discussed in Plaintiffs' Opposition to the PSC's Motion to Establish A Plaintiffs' Litigation Expense Fund, Exhibit A hereto, Plaintiffs oppose any order requiring an accounting of, assessment on or escrow of attorneys' in state court actions that are not coordinated with the MDL proceedings.[2]

Dated: February 9, 2011          Respectfully submitted:

---

[2] As discussed in Exhibit A, Plaintiffs' opposition is limited to applicability of the PSC's Motion and proposed order to state court cases. Plaintiffs do not oppose any assessment on recoveries that are part of the MDL coordinated proceedings.

3

By: /s/ Cynthia St. Amant

**KANNER & WHITELEY, L.L.C.**
Allan Kanner – (La. #20580)
a.kanner@kanner-law.com
Cynthia St. Amant – (La. #24439)
c.stamant@kanner-law.com
701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
Facsimile: (504) 524-5763

*and*

**LAW OFFICES OF GREGORY P. DILEO, A.P.L.C.**
Gregory P. Dileo - (La. # 4943)
gregorydileo@gmail.com
300 Lafayette Street, Suite 101
New Orleans, Louisiana 70130
Telephone: (504)-522-3456
Facsimile: (504)-522-3888

*and*

**MILSTEIN ADELMAN, LLP**
Mark Milstein, Esq.
mmilstein@milsteinadelman.com
Allison Willett, Esq.
awillett@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: 310-396-9600
Facsimile: 310- 396-9635

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiffs' Opposition to the Plaintiffs' Steering Committee's Motion For An Order Requiring An Accounting And Other Relief has been served upon Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with

4

the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 9th day of February, 2011.

/s/ Cynthia St. Amant