UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2047 |
| | ) | SECTION: L |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| ALL CASES | ) ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |

**RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S
MOTION TO ESTABLISH A PLAINTIFFS' LITIGATION
EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS
FOR SERVICES PERFORMED AND EXPENSES INCURRED
FOR MDL ADMINISTRATION AND COMMON BENEFIT**

Plaintiffs Simon and Rebecca Finger, James and Joycelyn Butler, Carolyn Cathcart and Jason and Renee Niemann (collectively referred to herein as "Plaintiffs")[1] submit this Response to the Plaintiffs' Steering Committee's ("PSC") Motion to Establish a Plaintiffs' Litigation Expense Fund. Plaintiffs do not object to the creation of a litigation expense fund or to an assessment on recoveries

---

[1] Plaintiffs agreed to participate in various Omni Complaints in the MDL against foreign manufacturer defendants, but Plaintiffs also maintain separate state court actions against non-manufacturing defendants. Plaintiffs Simon and Rebecca Finger and Plaintiffs James and Joycelyn Butler have actions pending in Civil District Court for Orleans Parish against the contractor (McMath Construction, Inc.) and supplier (Interior Exterior Building Supply) of the Chinese manufactured drywall used in their homes and the insurers of these two entities. Plaintiff Carolyn Cathcart has a state action pending against her contractor (Scott Designer Homes) and drywall supplier (Interior Exterior) and their respective insurers. Plaintiffs James and Cynthia Galloway have an action pending in state court against their contractor (Summit Homes) and drywall supplier (Interior Exterior) and their respective insurers. Plaintiffs Jason and Renee Niemann have a state action pending in state court against their contractor (Lakeside Village Development and Crosby).

1



on cases included in this MDL or on state court cases in which the plaintiff has agreed to coordination. Plaintiffs believe that counsel who have performed common benefit work are entitled to compensation for such work, and such compensation should come from those who benefit therefrom. Plaintiffs submit this response and objection to the extent the PSC's Motion seeks an assessment from recoveries in those state court cases in which there has been no agreement to coordinate.

The PSC states that the purpose of its Motion is to create a fund "consisting of recoveries in the federal court cases and claim payments to plaintiffs in state courts that agree to coordination, from which the PSC and other attorneys performing 'common benefit work' for plaintiffs may obtain compensation for the benefits they confer on plaintiffs...." (Motion, p.4) The PSC further states that to create the fund, the defendants should make the assessment payments, and this includes both those defendants named in any of the Omni Complaints, as well as any defendant in any state court action in which a plaintiff is also involved in an Omni Complaint. (Motion, p.11)[2] The PSC is equating a plaintiff's agreement to be named in an Omni Complaint in the MDL, with an agreement to coordinate state proceedings with the MDL proceedings. It is with this that Plaintiffs take issue.

Prior to the filing of the PSC's Motion, it was never disclosed to Plaintiffs or their counsel that Plaintiffs' recovery in their separate state court proceedings was subject to assessment for purposes of payment of MDL administration costs for the PSC or for common benefit work within

---

[2] The proposed order submitted by the PSC is ambiguous, as it generally states that "every defendant named in an Omni Complaint in MDL No. 2047 is directed to withhold this assessment from amounts paid to plaintiffs and their counsel, and to pay the assessment directly into the fund as a credit against the settlement or judgment." (Proposed Order, p.2)

2

the MDL. Nor was it disclosed that by including themselves on a Omni Complaint in the MDL, Plaintiffs were also agreeing to coordination of their separate state actions with the MDL proceedings. Indeed, one of the reasons Plaintiffs decided to file their separate state court actions was to avoid the MDL proceeding and the complexities associated therewith.

The first Omni Complaint was filed in December 2009 pursuant to an agreement by Knauf to accept service of the complaint. None of the communications from the PSC regarding the Omni Complaint ever mentioned that participation in the Omni Complaint was tantamount to an agreement to coordinate separate state court proceedings with the MDL. Likewise, there was not any disclosure that such participation may subsequently lead to an assessment on any recoveries in Plaintiffs' separate state court lawsuits. Joining the Omni Complaint was billed as a way to join in an action against the foreign defendant manufacturer without having to complete the costly and time consuming process of service through the Hague Convention. During the November 4, 2009, teleconference among the numerous participants in the MDL proceedings, this Court explained the purpose of the Omni Complaint, noting that it served as a procedural vehicle to get all of the parties before the Court. The Court reiterated what the PSC had said in various communications with plaintiffs' counsel – joining the Omni Complaint would not prejudice Plaintiffs.

As the PSC prepared to file subsequent Omni Complaints, the same representations were made to the various homeowners and/or to their counsel. The Omni Complaints would allow homeowners to bring suit against the foreign manufacturers without the burdens of having to effect service. The PSC never mentioned any costs or assessments, but instead touted the Omni Complaints as a way for homeowners to sue the foreign manufacturers for free. In counseling their clients on whether or not to join the various Omni Complaints, counsel reiterated the representations

3

made to them by the Court and the PSC – that joining the Omni Complaints in the MDL would not prejudice Plaintiffs nor their state court cases. Plaintiffs made choices based on these representations and ultimately decided to join in an Omni Complaint against the foreign manufacturers of their respective drywall, while still maintaining their separate state action against other defendants, which they understood to be unaffected by this action. Had the PSC intended to require an assessment from Plaintiffs' state court recoveries, the PSC should have disclosed this intent or at least the possibility, so Plaintiffs could have made informed decisions regarding their participation in the Omni Complaints.

To be clear, Plaintiffs' do not take issue with an assessment on recoveries that are part of the MDL coordinated proceedings, including the Omni cases in which Plaintiffs are presently a party. Plaintiffs' objection is to the PSC's attempt to take assessments from Plaintiffs' state court actions, which are not coordinated with the MDL.[3] Thus, to the extent the Court grants the PSC's Motion, Plaintiffs request that the Court modify the order as set forth herein.

Dated: August 6, 2010          Respectfully submitted:

By: /s/ Cynthia St. Amant

KANNER & WHITELEY, L.L.C.
Allan Kanner – (La. #20580)
a.kanner@kanner-law.com
Cynthia St. Amant – (La. #24439)
c.stamant@kanner-law.com
Melissa M. Fuselier – (La. #31163)

---

[3] Plaintiffs note that Pretrial Order No. 16 in *In re Propulsid Products Liability Litigation*, MDL No. 1355 (E.D. La. Dec. 27, 2001), cited by the PSC in its Motion, creates a Plaintiffs' Litigation Fund and authorizes an assessment, similar to the PSC's request here. However, that order draws a distinction between federal cases participating in the MDL and state cases and only authorizes an assessment on state court cases under certain circumstances, one of which is written consent of a plaintiff to be subject to an MDL fee assessment.

4

m.fuselier@kanner-law.com
701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
Facsimile: (504) 524-5763

*and*

**LAW OFFICES OF GREGORY P. DILEO, A.P.L.C.**
Gregory P. Dileo - (La. # 4943)
gregorydileo@gmail.com
300 Lafayette Street, Suite 101
New Orleans, Louisiana 70130
Telephone: (504)-522-3456
Facsimile: (504)-522-3888

*and*

**Milstein, Adelman & Kreger, LLP**
Wayne S. Kreger, Esq.
wkreger@maklawyers.com
Jason Rudolph, Esq.
jrudolph@maklawyers.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: 310-396-9600
Facsimile: 310-396-9635

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Opposition to the Plaintiffs' Steering Committee's Motion to Establish Litigation Expense Fund has been served upon Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 6th day of August, 2010.

/s/ *Cynthia St. Amant*

5