UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047 |
| | | SECTION: L |
| THIS DOCUMENT APPLIES TO ALL CASES | * * * * | JUDGE FALLON |
| | | MAG. JUDGE WILKINSON |

### STOCK BUILDING SUPPLY, LLC'S OBJECTIONS AND RESPONSES TO PSC'S NOTICE OF RECORD DEPOSITION PURSUANT TO FED. R. CIV. P. 34

Defendant Stock Building Supply, LLC ("Stock"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 26(c), 34, and 45(c), submits its objections and responses to the Plaintiffs' Steering Committee's ("PSC") Notice of Records Deposition ("Notice") served on Stock on December 8, 2010 as follows:

### I. GENERAL OBJECTIONS

1.      Stock objects to each of the PSC's requests set forth on Exhibit A of the Notice on the ground that the requests are duplicative of discovery previously served and answered. As required by the Court, Stock has completed and served its Defendant's Profile Forms and identified insurance information. Relevant information sought in Exhibit A to the Notice duplicates information already provided to the PSC in the Defendant's Profile Form.

2.      Stock objects to the Definitions & Instructions to the Requests in their entirety as overly broad, unduly burdensome, oppressive, argumentative, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Stock also objects to the Instructions and Definitions contained in the Notice to the extent they seek to impose a burden or obligation upon Stock which is greater than, inconsistent with, or exceeds the discovery

1

obligations imposed by the Federal Rules of Civil Procedure. In responding to these Requests, Stock has interpreted the words and phrases in accordance with their usual definitions and usages. To the extent the PSC intended any word to have a meaning other than that which is generally accepted, Stock objects because the requests with those words are vague and ambiguous, and they cannot be understood, even in context. When Stock uses terms or phrases PSC has purported to define, those terms should be given either (a) the meanings set out by Stock in its responses or (b) in the case of ordinary words that PSC has attempted to define in a manner inconsistent with their meaning, the ordinary meaning of such words.

3. Stock objects to the Requests as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information or documents from this defendant and any and all of this defendant's "subsidiaries, affiliates, partnerships, and parent companies" without any limitation as to whether the related party or entity had any involvement with the Chinese drywall at issue in this litigation. Stock Building Supply, LLC is the only named Stock defendant in this litigation and on which the Notice is served and Stock Building Supply, LLC has multiple affiliates that had no involvement with Chinese drywall. Unless otherwise specified, in these responses where Stock has agreed to search for and produce documents, such searches and documents will be limited to documents of Stock Building Supply, LLC.

4. Stock objects to the Requests to the extent they call for the disclosure of information that is private or confidential, proprietary or trade secret, or is otherwise protected from disclosure because of its sensitive nature. Such information, if any, will be produced subject to and in accordance with the terms of the protective order entered by the Court as Pretrial Order No. 16.

5.	In searching for information, documents and other materials, Stock will conduct a reasonable search of its records kept in the ordinary course of business, where information, documents, or other things responsive to this discovery are most likely to be found. To the extent PSC's Requests ask for additional information, Stock objects because the discovery is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

6.	Stock objects to the Notice as a whole to the extent it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege.

7.	Stock objects to producing any electronically-stored information ("ESI") until the parties can reach agreement on the production of ESI, including without limitation, the format of production, the appropriate cost-shifting provisions and a set of search terms, which will be used to narrow the scope of potentially responsive documents. Stock also objects to the Notice to the extent compliance with it would require retrieval of ESI that is not reasonably accessible. Stock further objects to the Notice because the burden and expense attendant to retrieval of ESI substantially outweighs any benefit or potential probative value.

8.	Stock makes the foregoing responses without waiving: (a) the right to object to the use of any response for any purpose, in this action or in any other actions, on the grounds of privilege, relevance, materiality, or anything else appropriate; (b) the right to object to any other requests involving or relating to the subject matter of this response; (c) the right to revise, correct, supplement, or clarify these responses should Stock's ongoing investigation in defense of this action warrant such changes; and (d) reserving all defenses and without waiving any objections to service of process, venue or jurisdiction.

9. These General Objections are expressly incorporated into each of the responses set forth herein.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

1. All policies of insurance that you believe should provide insurance coverage for the claims made against you in this litigation.

**Response**: Stock objects to this Request on the ground that it calls for a legal conclusion. Subject to and without waiving its objections, Stock previously identified copies of its relevant policies of insurance with its builder profile form and will produce such policies identified and any other responsive insurance policies for inspection and copying at a time and place mutually agreed by counsel for Stock and the PSC or at the offices of Andrew A. Lemmon, Lemmon Law Firm, LLC, 15058 River Road, Hahnville, Louisiana 70057.

2. Any and all policies of insurance, issued to you or which you claim provide coverage in effect at any time from 2005 through the present; including any and all C.G.L. excess or umbrella policies and state the following: policy holder, policy limits, policy terms, policy period, policy provided/insurance carrier, agent or underwriter that provided or sold the policy in effect or any and all policies of insurance in full force and effect from 2005 through the present.

**Response**: Stock objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it is not limited to insurance policies that may provide coverage for the claims being asserted against Stock in this litigation. Any insurance policies that would not provide coverage for the claims asserted against Stock in this litigation are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Requiring Stock to gather irrelevant material would be unduly burdensome and would require Stock to disclose confidential and proprietary information. Stock also objects on the ground that this Request calls for a legal conclusion. Subject to and without waiving its objections, Stock previously identified

4

copies of its relevant policies of insurance with its builder profile form and will produce such policies identified therein and any other responsive insurance policies for inspection and copying at a time and place mutually agreed by counsel for Stock and the PSC or at the offices of Andrew A. Lemmon, Lemmon Law Firm, LLC, 15058 River Road, Hahnville, Louisiana 70057.

   3. Public Management Liability policies for directors of the corporation in effect at any time from 2005 to present.

  **Response**: Stock objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks insurance policies issued to Stock that Stock does not believe provide coverage for the claims made against Stock in this litigation.  Stock also objects on the ground that the Request is vague and ambiguous, in that Stock is a privately held company and the Request seeks insurance policies for public management liability.  Subject to and without waiving its objections, Stock states that it has not located Public Management Liability insurance policies for directors of Stock in effect from 2005 to the present and that it does not presently believe such policies would cover the claims asserted against Stock in this litigation.

   4. Primary Policies in effect at any time from 2005 to the present.

  **Response**: Stock objects to this Request as overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to insurance policies that may provide coverage for the claims being asserted against Stock in this litigation.  Any "Primary Policies" that would not possibly provide coverage for the claims in this litigation are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Stock previously identified copies of its relevant policies of insurance with its builder profile form and will produce the

5

policies identified and any other responsive primary insurance policies for inspection and copying at a time and place mutually agreed by counsel for Stock and the PSC or at the offices of Andrew A. Lemmon, Lemmon Law Firm, LLC, 15058 River Road, Hahnville, Louisiana 70057.

5. Errors and Omissions policies in effect at any time from 2005 to the present.

**Response**: Stock objects to this Request as overly broad and unduly burdensome because it is not limited to insurance policies that may provide coverage for the claims being asserted against Stock in this litigation. Any "Error and Omissions policies" are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Stock has not located documents responsive to this Request for the claims at issue in this litigation. Stock will supplement its document production if and as appropriate.

6. Any and all claims made by your [sic] to your insurers related to the subject matter of the instant litigation.

**Response**: Stock objects to this Request on the ground that it is vague and ambiguous in that the phrase "claims made" is undefined. Stock also objects to this Request as overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the claims asserted against Stock in the MDL, but rather seeks documents "related to the subject matter of the instant litigation." Any insurance claims made by Stock that are unrelated to the claims asserted against Stock in this litigation are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Stock further objects to this Request to the extent it calls for documents or information protected from disclosure by the attorney-client privilege, work-product doctrine or other

6

applicable privileges. Subject to and without waiving its objections, Stock refers the PSC to the information it already provided with its builder profile form and states that it will consider producing nonprivileged responsive documents, if any, upon clarification by the PSC as to the information and documents sought.

7.  Any and all correspondence between you and insurance brokers or agents relative to claims made related to the subject matter of the instant litigation; including coverage, scope of coverage, demand for defense, demand for indemnification, reservation(s) of rights, and denial(s) of any potential coverage.

**Response**: Subject to and without waiving its objections, Stock adopts and incorporates herein by reference its response to Request No. 6 above.

8.  Any and all correspondence/information regarding investigations conducted by insurers pursuant to the insured's request for coverage.

**Response**: Stock objects to this Request as vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the claims asserted against Stock in the MDL. Any correspondence between Stock and insurers unrelated to the claims asserted against Stock in this litigation is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Requiring Stock to gather such irrelevant material would be unduly burdensome. Stock further objects to this Request to the extent it calls for documents or information protected from disclosure by the attorney-client privilege, work-product doctrine or other applicable privileges. Subject to and without waiving its objections, Stock refers the PSC to the information it already provided with its builder profile form and states that it will consider producing nonprivileged responsive documents, if any, upon clarification by the PSC as to the information and documents sought.

Dated: February 9, 2011.

        Respectfully submitted,

        **HUNTON & WILLIAMS LLP**

        /s/ A. Todd Brown
        A. Todd Brown
        North Carolina Bar No. 13806
        Bank of America Plaza
        101 South Tryon Street
        Suite 3500
        Charlotte, NC  28280
        Telephone:  (704) 378-4700
        Facsimile:   (704) 378-4890
        tbrown@hunton.com

        *Counsel for Stock Building Supply, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of February 2011.

/s/ A. Todd Brown
A. Todd Brown