UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES _____/ | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

### CERTAIN BANNER ENTITIES' RESPONSE TO PSC's MOTION FOR AN ORDER REQUIRING AN ACCOUNTING AND OTHER RELIEF

Defendants Banner Supply Company, Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, and Banner Supply Company Tampa, LLC, (collectively "Banner"), file this Memorandum in Response to the PSC's Motion for an Order Requiring an Accounting and Other Relief.

The PSC seeks an Order requiring: (1) an accounting of all settlement payments made to resolve Chinese drywall claims; (2) that all attorney's fees earned on such settlements be placed in escrow pending the Court's determination of any "hold back" for common benefit fees; (3) that all payments made by manufacturer-defendants or their insurers to settle Chinese-drywall claims be sequestered pending a determination of common-benefit fees; (4) that all remediation plans be filed with the Court; and (5) that the defendants be enjoined from contacting plaintiffs directly without the permission of their counsel.  For the reasons stated in Banner's Response to the PSC's Emergency Motion for an Order Preventing the Payment or Transfer of Certain Moneys or, in the Alternative, for Court Ordered Mediation and Temporary Stay of all Outside

Settlement Activities (ECF 7371), which are expressly incorporated herein by reference, the Court should deny the PSC's Motion.[1]

The PSC's motion is, at its core, simply another attempt to interfere with settlements between parties unrelated to the PSC, and the Court does not have the authority to order the PSC's requested relief. For example, the Court cannot interfere with settlement between private parties by requiring that all the parties provide an accounting of the settlement to the Court and file all remediation plans. S*ee U.S. v. City of Miami*, 614 F.2d 1322, 1330 (5th Cir. 1980). Such an order would compromise the parties' ability to confidentially settle claims and freely negotiate the terms of those settlements. Nor does the Court have the authority to sequester all settlement payments made to builder-defendants. *See* Banner's Response Brief, ECF 7371. This Court has already denied two prior requests to prohibit direct communication between the defendants and certain claimants. (ECF 278, 5207). Finally, the PSC's request is premature since no class has been certified and no common fund has been established.

For these reasons, and those stated in Banner's Response to the PSC's Emergency Motion for an Order Preventing the Payment or Transfer of Certain Moneys or, in the Alternative, for Court Ordered Mediation and Temporary Stay of all Outside Settlement Activities, the Court should deny the PSC's Motion for an Order Requiring an Accounting and Other Relief.

---

[1] Banner is involved in good faith negotiations with the PSC. Unless or until there is a final settlement, however, the PSC's efforts to interfere with litigation outside of the MDL are simply a distraction that lack legal merit.

2

Respectfully submitted, this 9th day of February, 2011.

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**

*/s/ Nicholas P. Panayotopoulos*
**NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**
Georgia Bar Number: 560679
3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Telephone (404)876-2700
npanayo@wwhgd.com
*Counsel for Banner Supply Company, Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, and Banner Supply Company Tampa, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Certain Banner Entities' Memorandum in Response to the PSC's Motion for an Order Requiring an Accounting and Other Relief has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 9th day of February, 2011.

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**

*/s/ Nicholas P. Panayotopoulos*
**NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**

1027820