UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | CASE NO. 2:09-MD-02047<br><br>SECTION L<br><br>JUDGE FALLON |
| **This Document Relates to All Cases** | ) | MAG. JUDGE WILKINSON |

**CERTAIN DEFENDANT INSURERS' OPPOSITION AND JOINDER TO THE INSURER STEERING COMMITTEE'S OPPOSITION TO THE PLAINTIFF STEERING COMMITTEE'S MOTION FOR AN ACCOUNTING AND OTHER RELIEF AND EMERGENCY MOTION FOR AN ORDER PREVENTING THE PAYMENTS OR TRANSFER OF CERTAIN MONEYS OR, IN THE ALTERNATIVE, FOR COURT ORDERED MEDIATION AND TEMPORARY STAY OF <u>ALL OUTSIDE SETTLEMENT ACTIVITIES</u>**

**NOW INTO COURT,** through undersigned counsel, comes Certain Defendant Insurers,[1] and submits this Opposition to the Plaintiffs Steering Committee's Motion for an Accounting and Other Relief and Emergency Motion for an Order Preventing the Payments or Transfer of Certain Moneys or, in the alternative, for Court Ordered Mediation and Temporary Stay of All Outside Settlement Activities and Joinder to the Insurer Steering Committee's Opposition thereto

---

[1] "Certain Defendant Insurers" refers to defendants (1) American Home Assurance Company as alleged insurer of Gryphon Construction, Gryphon Construction, LLC and Gryphon Corporation; (2) The Insurance Company of the State of Pennsylvania as alleged insurer of Sun Construction, LLC, Sun Construction, LLC d/b/a Sunrise Homes, Sunrise Custom Homes & Construction, LLC, Sunrise Construction & Development, LLC, Sunrise Homes/Sunrise Construction, Sunrise Construction and Sunrise Homes; (3) The Insurance Company of the State of Pennsylvania as alleged insured of Centerline Homes at Delray, Inc., Centerline Homes at Georgetown, LLC, Centerline Port St. Lucie, Ltd., Centerline Homes at Port St. Lucie, LLC, Centerline Homes at Tradition, LLC, Centerline Homes at Vizcaya, Inc., Centerline Homes Construction, Inc., Centerline Homes, Inc. and Completed Communities II, LLC (successor by merger to Centerline Homes at B&A, LLC, Centerline Homes at Tradition, LLC, and Centerline Port St. Lucie, Ltd.); (4) Chartis Specialty Insurance Company (Chartis Specialty) f/k/a American International Specialty Lines Insurance Co. as alleged insurer of Taylor Morrison of Florida, Inc., Taylor Morrison, Inc., Taylor Morrison Services, Inc. d/b/a Morrison Homes, Inc., Morrison Homes, Inc., Taylor Woodrow Communities at Vasari, LLC a/k/a Taylor Morrison Construction Company and Taylor Woodrow, Inc.; (5) Chartis Specialty Insurance Company (Chartis Specialty) f/k/a American International Specialty Lines Insurance Co. as the alleged insurer of WCI Communities, Inc.; (5) Lexington Insurance Company as the alleged insurer of WCI Communities, Inc. and (6) American International Surplus Lines Agency, Inc. n/k/a Chartis Insurance Agency, Inc., which is not an insurance company and issued no insurance policies, as alleged insurer of Taylor Morrison of Florida, Inc., Taylor Morrison, Inc., Taylor Morrison Services, Inc. d/b/a Morrison Homes, Inc., Morrison Homes, Inc., Taylor Woodrow Communities at Vasari, LLC a/k/a Taylor Morrison Construction Company and Taylor Woodrow, Inc.

(D.E. 7379) (the "Insurer Steering Committee's Opposition Brief").  Certain Defendant Insurers, in their capacity as identified in Footnote 1 herein, join, adopt and incorporate the Insurer Steering Committee's Opposition Brief on their own behalf.

In addition to the response set forth therein, Certain Defendant Insurers herein address the alternative relief sought by the Plaintiffs Steering Committee as follows:  In their motion, Plaintiffs seek in the alternative an order requiring mediation between the Plaintiffs Steering Committee and Defendants, before John Perry, within thirty days of the Court's order.   In the interim, Plaintiffs request that the Court stay all pending settlements, as well as disbursements of moneys in full or partial settlement or resolution of any claim related to the subject matter of this litigation.

For many of the same reasons discussed in the Insurer Steering Committee's Opposition Brief opposing imposition of an injunction, the Plaintiffs' request for a stay and court-ordered mediation is unjustified and inappropriate.  Staying disbursement of settlement proceeds pending a mediation would not be in the public interest.  *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985) ("[P]ublic policy favors voluntary settlements which obviate the need for expensive and time-consuming litigation").

Disrupting the settlement process would be particularly unjustified in this case because mediation is undeniably premature.  Defendants have not presented their Rule 12 defenses in reliance on the Court-ordered stay and the Plaintiff Steering Committee's continued assurances that the *Amato* complaint is not complete.  Moreover, Certain Defendant Insurers have been offered little to no information regarding the claims and, therefore, cannot reasonably evaluate the liability in issue or the potential for coverage under its policies.  While Certain Defendant Insurers acknowledge that mediation at an appropriate time may be a valuable tool, a Court

ordered mediation now is entirely premature, would be a waste of the parties' time and resources, and would serve only to further delay litigation of this dispute and possible settlement of underlying claims.

**WHEREFORE,** for the reasons set forth above and in the Insurer Steering Committee's Opposition Brief, Certain Defendant Insurers respectfully request that this Court deny the Plaintiffs Steering Committee's Motion for an Accounting and Other Relief (D.E. 6669) and Emergency Motion for an Order Preventing the Payments or Transfer of Certain Moneys or, in the alternative, for Court Ordered Mediation and Temporary Stay of All Outside Settlement Activities (D.E. 6947).

Respectfully submitted:

s/Erin Fury Parkinson
**ERIN FURY PARKINSON, T.A.  (# 22549)**
**JOSE L. BARRO, III   (# 30857)**
**SARAH J. MURPHY  (#31893)**
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 910-9539
E-mail:   eparkinson@mcglinchey.com
              jbarro@mcglinchey.com
              smurphy@mcglinchey.com

**WARREN LUTZ**
**PAUL D. SMOLINSKY**
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W.
Suite 300 South
Washington, D.C.   20036
Phone:  (202) 457-1600
Facsimile:  (202) 457-1678
E-mail:   wlutz@jackscamp.com
              psmolinsky@jackscamp.com

**Attorneys for Defendants:**
(1) **American Home Assurance Company** as alleged insurer of Gryphon Construction, Gryphon Construction, LLC and Gryphon Corporation; (2) **The Insurance Company of the State of Pennsylvania** as alleged insurer of Sun Construction, LLC, Sun Construction, LLC d/b/a Sunrise Homes, Sunrise Custom Homes & Construction, LLC, Sunrise Construction & Development, LLC, Sunrise Homes/Sunrise Construction, Sunrise Construction and Sunrise Homes, Centerline Homes at Delray, Inc., Centerline Homes at Georgetown, LLC, Centerline Port St. Lucie, Ltd., Centerline Homes at Port St. Lucie, LLC, Centerline Homes at Tradition, LLC, Centerline Homes at Vizcaya, Inc., Centerline Homes Construction, Inc., Centerline Homes, Inc. and Completed Communities II, LLC (successor by merger to Centerline Homes at B&A, LLC, Centerline Homes at Tradition, LLC, and Centerline Port St. Lucie, Ltd.); (3) **Chartis Specialty Insurance Company (Chartis Specialty) f/k/a American International Specialty Lines Insurance Co.** as alleged insurer of Taylor Morrison of Florida, Inc., Taylor Morrison, Inc., Taylor Morrison Services, Inc. d/b/a Morrison Homes, Inc., Morrison Homes, Inc., Taylor Woodrow Communities at Vasari, LLC a/k/a Taylor Morrison Construction Company and Taylor Woodrow, Inc., and WCI Communities, Inc.; (3) **Lexington Insurance Company** as the alleged insurer of WCI Communities, Inc. and (4) **American International Surplus Lines Agency, Inc. n/k/a Chartis Insurance Agency, Inc.**, which is not an insurance company and issued no insurance policies, as as alleged insurer of Taylor Morrison of Florida, Inc., Taylor Morrison, Inc., Taylor Morrison Services, Inc. d/b/a Morrison Homes, Inc., Morrison Homes, Inc., Taylor Woodrow Communities at Vasari, LLC a/k/a Taylor Morrison Construction Company and Taylor Woodrow, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing motion to supplement has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United states District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of February, 2011.

s/Erin Fury Parkinson
**ERIN FURY PARKINSON, T.A.  (# 22549)**
**JOSE L. BARRO, III   (# 30857)**
**SARAH J. MURPHY  (#31893)**
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 910-9539
E-mail:  eparkinson@mcglinchey.com
           jbarro@mcglinchey.com
           smurphy@mcglinchey.com