UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | CASE NO. 2:09-MD-02047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION L |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | JUDGE FALLON |
| | ) | MAG. JUDGE WILKINSON |
| *Amato v. Liberty Mut. Ins.*, et al. | ) | |
| (2:10-cv-00932) (E.D. La.) | | |

FCCI COMMERCIAL INSURANCE COMPANY AND
FCCI INSURANCE COMPANY'S OPPOSITION TO THE PLAINTIFF'S STEERING
COMMITTEE'S EMERGENCY MOTION FOR AN ORDER PREVENTING THE
PAYMENTS OR TRANSFER OF CERTAIN MONEYS OR,
IN THE ALTERNATIVE, FOR COURT ORDERED MEDIATION AND
TEMPORARY STAY OF ALL OUTSIDE SETTLEMENT ACTIVITIES

COMES NOW, FCCI COMMERCIAL INSURANCE COMPANY AND FCCI

INSURANCE COMPANY ("FCCI"), by and through their undersigned counsel and files the

following FCCI's Opposition to the Plaintiff's Steering Committee's Emergency Motion for an

Order Preventing the Payments or Transfer of Certain Moneys or, in the Alternative, for Court

Ordered Mediation and Temporary Stay of All Outside Settlement Activities (hereinafter, "FCCI

Opposition") and shows the Court the following:

**INTRODUCTION**

FCCI was named in Amato v. Liberty Mutual Ins. Co., Case No. 10-932, (hereinafter,

Amato) filed in this court on March 19, 2010.  FCCI was also named in the Amended Complaint in

Amato on May 11, 2010.  (Rec. Doc. No. 3132.)  The Amended Complaint asserts claims against

dozens of Defendants, some of which are alleged to be a distributor, supplier, importer, exporter, or

manufacturer of Chinese Drywall, or a builder or developer that allegedly used defective Chinese

Drywall, as well as *98 different insurers* who are alleged to be insurers of the other defendants. Specifically, <u>Amato</u> asserts claims against FCCI insureds Residential Drywall, Inc. and Banner Port St. Lucie Company, LLC.

As this court is aware, the PSC has filed a motion for an accounting and other relief and emergency motion for an order preventing the payments or transfer of certain moneys or, in the alternative, for court ordered mediation and temporary stay of all outside settlement activities ("Motion for Injunction") (Rec. Doc. No. 6947). The Insurer Steering Committee has filed an Opposition to the PSC's Motion for Injunction. FCCI has moved separately to join the Insurer Steering Committee's Opposition to the PSC's Motion for Injunction, and FCCI incorporates in its Opposition the arguments set forth in the Insurer Steering Committee's Opposition. FCCI hereby separately opposes the PSC's Motion for Injunction because specifically as to FCCI, the PSC cannot show a substantial likelihood of success on the merits against FCCI. Further, the PSC's request for an injunction cannot be granted because the PSC lacks personal jurisdiction over FCCI in <u>Amato</u>.

## I.     <u>THE PSC FAILS TO DEMONSTRATE A SUBSTANTIAL LIKLIHOOD OF SUCCESS ON THE MERITS.</u>

The PSC has failed to meet the threshold requirement in obtaining injunctive relief, as it has failed to demonstrate a substantial likelihood of success on the merits. <u>Winter v. NRDC, Inc.</u>, 555 U.S. 7, 24-25 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.") The PSC's Motion for Injunctive Relief fails to set for any argument against FCCI espousing any likelihood of success on the merits. <u>See</u> <u>generally</u> <u>In re Vioxx Prods. Liab. Litig.</u>, 2008 U.S. Dist.

LEXIS 60269, at \*\*49-50 (denying motion to enjoin distribution of funds, holding the plaintiffs had failed to demonstrate a likelihood of success on the merits for myriad of reasons including because "the AVMed Plaintiffs seek to enjoin distribution of settlement funds to approximately $35,000 plaintiff against whom they have no claim whatsoever, let alone a substantial likelihood of success on the merits.").

Here, the PSC cannot show a substantial likelihood of success on the merits against FCCI because FCCI, not the PSC, has the greatest likelihood of prevailing on the merits at issue in Amato. FCCI will prevail on the merits because under the appropriate Florida law, the pollution exclusion, the "your work" exclusion, the "your product" exclusion, and the "impaired property" exclusion, along with other relevant policy provisions, preclude coverage for the damages alleged in the Amato complaint. The PSC cannot and has not met its burden of demonstrating a substantial likelihood of success on the merits, thus, its Motion for Injunction should be denied.

As the Insurer Steering Committee set forth in its Opposition to the PSC's Motion, which FCCI has moved to join, the other required elements for preliminary injunctive relief have not been met as to FCCI. All of the arguments included in the Insurer Steering Committee's brief are applicable to FCCI and are incorporated herein by reference.

## II. __THE PSC DOES NOT HAVE PERSONAL JURSIDICTION OVER FCCI, THEREFORE THEIR MOTION FOR AN INJUNCTION MUST BE DENIED.__

Fifth Circuit precedent is clear that a "district court has no power to grant an interlocutory or final injunction against a party over whom it has not acquired valid jurisdiction, and an order granting an interlocutory injunction in these circumstances is erroneous as a matter of law," "[w]here a challenge to jurisdiction is interposed on an application for a preliminary injunction the plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate

success upon the question of jurisdiction when the action is tried on the merits." <u>Enterprise Intern.,</u> <u>Inc. v. Corporacion Estatal Petrolera Ecuatoriana</u>, 762 F.2d 464, 470 (5th Cir. 1985) (internal quotations omitted).  Here, Plaintiffs have not made such a heightened showing, and, as to FCCI, they cannot.

        **A.**    <u>**FCCI Does Not Have Minimum Contacts with Louisiana.**</u>

The undisputed jurisdictional facts relevant to personal jurisdiction over FCCI include:

1.      The FCCI Defendants are Florida corporations with their principal place of business in Florida.  (Complaint, ¶¶ 411-412)   (Exhibit A, Affidavit of Rupert L. Willis, ¶ 3).

2.      The specific plaintiffs who allege claims against actual FCCI "insured defendants" are not a citizen of the State of Louisiana.

3.      Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has collected any premiums for any business written in Louisiana. (Ex. A ¶ 5).

4.      Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has ever authorized any insurance agent to write business on their behalf in Louisiana.  (Ex. A ¶ 6).

5.      Neither FCCI Insurance Company nor FCCI Commercial Insurance Company ever appointed a registered agent in the state of Louisiana.  (Ex. A ¶ 8).

6.      Neither FCCI Defendant maintains an office in Louisiana.  (Ex. A ¶ 7).

7.      Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has any employees within the State of Louisiana.  (Ex. A ¶ 8).

8.      Neither FCCI Insurance Company nor FCCI Commercial Insurance Company issues or delivers insurance policies in Louisiana.  (Ex. A ¶ 8).

9.      Neither FCCI Insurance Company nor FCCI Commercial Insurance Company markets their insurance policies in Louisiana.  (Ex. A, ¶ 8).

10.     Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has ever had any rates on file with the Louisiana Department of Insurance.  (Ex. A ¶ 5).

11.     The FCCI Defendants issued insurance policies only to the following entities named as insureds in Plaintiffs' Amended Omnibus Class Action Complaint (V): Banner Supply Company Port St. Lucie, LLC and Residential Drywall, Inc.

12.     The FCCI policies under which Plaintiffs claim the named FCCI insured Defendants are covered were issued by Florida corporations (FCCI Insurance Company and FCCI Commercial Insurance Company) to Florida corporations (Banner Supply Company Port St. Lucie, LLC and Residential Drywall, Inc.) and insured only construction by those insureds in Florida.  (Ex. A ¶ 3; Complaint ¶ 476; Amended Complaint ¶ 619).

FCCI lacks any of the traditional "minimum contacts" a court must rely upon to exercise personal jurisdiction over a nonresident defendant. As this court does not have personal jurisdiction over FCCI, it cannot issue an injunction to which FCCI can be bound.

## 1.      <u>FCCI Does Not Fall Within the Reach of Louisiana's Long Arm Statute.</u>

FCCI never manufactured, marketed, sold, distributed, installed, or were in any way involved with the Chinese drywall that is the subject of this MDL.  Further, FCCI never issued or delivered insurance policies in Louisiana, collected any premiums for any business written in Louisiana, authorized any insurance agent to write business on their behalf in Louisiana, appointed a registered agent in the state of Louisiana, maintained an office in Louisiana, retained any

employees with the State of Louisiana or marketed their insurance policies in Louisiana. (Ex. A ¶¶ 5-8).

In filing <u>Amato</u> in this Court, the Plaintiffs invoked federal jurisdiction.  As such, this Court must apply federal procedural law.  <u>See</u> <u>Erie R.R. Co. v. Tomkins</u>, 304 U.S. 64, 78-79 (1938). Since the FCCI Defendants are Florida entities, the starting point for analysis of whether this Court may exercise jurisdiction begins with Louisiana's Long-Arm jurisdictional statute, <u>La. R.S. 13:3201</u>, which describes the circumstances under which a Louisiana court may exercise personal jurisdiction over non-resident defendants such as FCCI.

Louisiana's long-arm statute provides:

A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from one of the following activities performed by the nonresident:
    **(1)**    Transacting any business in this state;
    **(2)**    Contracting to supply services or things in this state;
    **(3)**    Causing injury or damage by an offense or quasi offense committed through and act or omission in this state;
    **(4)**    Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

<u>La. R.S. 13:3201(A)</u>.  Subparagraphs (3) and (4) obviously do not apply because Plaintiff has not alleged any injury or damage occurring in Louisiana.  Likewise, there is no allegation that either FCCI Defendant ever contracted to supply services or things in Louisiana.  Neither FCCI Insurance Company nor FCCI Commercial Insurance Company are licensed to write any business in Louisiana, are authorized to write any coverage in Louisiana, or have written any coverage in Louisiana.  (Ex. A ¶4).

The basis for jurisdiction appears to be subparagraph (1)'s "transacting business" provision. La. R.S. 13:3201 was subsequently amended in 1987 to add Subsection (B), which extends the exercise of Louisiana's long-arm jurisdiction over a nonresident to the fullest limits permitted under the Due Process Clause of the Fourteenth Amendment consistent with "the Constitution of this state and the Constitution of the United States."  La. R.S. 13:3201(B); Ruppert v. Geo. Kellett & Sons, 996 So.2d 501, 505 (5th Cir 2008) (citing Superior Supply Co. v. Assoc. Pipe and Supply Co., 515 So.2d 790, 792 (La. 1987)).  As such, "under the express terms of the present long-arm statute, the sole inquiry into jurisdiction is a one-step analysis of the constitutional due process requirements." Id, 996 So. 2d at 505-06.

### 2.    Plaintiff Fails to Satisfy the Constitutional Due Process Requirements; Therefore, There Is No Jurisdiction Over FCCI.

"Due process requirements are satisfied when the non-resident defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Hogue v. State Farm Fire and Cas. Co., 2009 WL 2525751 (E.D. La. 2009).

The required degree of "minimum contacts" can arise in two ways:

> When a cause of action arises out of a defendant's purposeful contacts with the forum, minimum contacts are found to exist and the court may exercise its "specific" jurisdiction.  Even a single, substantial act directed toward the forum can support specific jurisdiction.  Where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, however, due process requires that the defendant have engaged in "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant …. [C]ontacts of a more extensive nature are required.

Asarco, 912 F.2d at 786 (*citing* Dalton, 897 F.2d at 1361-62 (citations omitted)).  *See also* Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985); Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984).

The determination of whether a nonresident defendant has sufficient minimum contacts with the forum state to subject it to personal jurisdiction initially depends upon whether the nonresident has "purposefully availed" itself of the privilege of conducting business in the forum state, "thus invoking the benefits and protections of its laws."  Hogue, 2009 WL 2525751 at *4 (*citing* Wilton Jones v. Touche Ross & Co., 556 So.2d 67 (La. App. 4th Cir. 1989) (*quoting* Hansen v Denckla, 357 U.S. 235 (1958)).  A nonresident defendant's "purposeful availment" of a foreign forum must be such that the defendant "should reasonably anticipate being haled into court" in the forum state, and ensures that the nonresident defendant will not be haled into a jurisdiction "solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person."  *See* Asahi Metal Indus. Co., Ltd. V. Superior Court of California, 480 U.S. 102 (1987); Burger King Corp., 471 U.S. at 475.

The degree of a nonresident defendant's "minimum contacts" with the forum state is critical, since the type of personal jurisdiction a court may exercise over said nonresident defendant depends upon the type of contacts the nonresident defendant has with the forum state.  Asarco, 912 F.2d at 786 (*citing* Dalton, 897 F.2d at 1361-62).  *See also* Helicopteros, 466 U.S. at 414.  If the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action, the jurisdiction is said to be "specific."  If the claims are not directly related to the nonresident defendant's contact with the forum state, but the nonresident defendant's contacts with the forum

state are both "continuous and systematic," then jurisdiction is said to be "general" in nature. Wilson v. Belin, 30 F.3d 644, 647 (5th Cir. 1994).

The FCCI Defendants had nothing to do with Chinese Drywall or the construction of any homes. Therefore, Plaintiff's claims do not arise from, and are not directly related to, the underlying cause of action. That lack of causal connection precludes this Court from exercising specific personal jurisdiction over the FCCI Defendants. Therefore, if personal jurisdiction exists, it must be general in nature. For general jurisdiction to exist, the FCCI Defendants contacts with Louisiana must be "systematic and continuous" in nature. *See* Belin, 20 F.3d at 647.

As to FCCI, none of the factors that generally evidence "purposeful availment" of a forum are present in this case. Therefore, FCCI is not subject to the jurisdiction of this Court. *See*, *e.g.*, Telephone Elec. Corp., 98 F.3d 1338 (exercise of personal jurisdiction over nonresident defendant is proper where non resident of Louisiana had discussions and negotiations leading up to agreement conducted in Louisiana, repeated meetings following execution of agreement in Louisiana, and nonresident defendant's office in Louisiana provided a variety of services related to the continued operation of the joint enterprise). *But see* Bearry v. Beech Aircraft Corp., 818 F.2d 370 (5th Cir. 1987) (no personal jurisdiction where nonresident defendant was not qualified to conduct business in forum state, had no employees in forum state, sold goods to forum state only through contracts entered into and executed in other states and accepted all deliveries from forum state via vendors in other states); Dalton, 897 F.2d at 1362-63 (nonresident defendant took care to ensure all boat charters entered into, and payment remitted to, Ohio; no systematic and continuous contacts); Tsaoussidis v. State Farm Mut. Auto. Ins. Co., 2009 WL 3448133 at *3 (nonresident defendant not licensed to do business in Louisiana, no evidence it ever defended a lawsuit in Louisiana, accident

took place in state other than Louisiana, and no evidence nonresident defendant ever conducted business in Louisiana or entered into any contractual relationships in Louisiana).

As set forth in the affidavit of Rupert Willis, Executive Vice President and Chief Regional Officer for the FCCI Defendants, neither of the FCCI Defendants is licensed to conduct business in Louisiana or to sell insurance in Louisiana. Neither of the FCCI Defendants has ever sold a policy of insurance in Louisiana or collected a premium for a policy sold to an insured in Louisiana. Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has ever authorized any insurance agent to write business on their behalf in Louisiana. Neither FCCI Defendant maintains an office in Louisiana. No entity owned or operated by FCCI maintains an office in Louisiana. Neither FCCI Defendant has a registered agent for service of process in the State of Louisiana, has any employees with the State of Louisiana, issues or delivers insurance policies in the State of Louisiana, advertises or markets their insurance policies in the State of Louisiana, or collects premiums from any insured for any risk within the State of Louisiana. No policy of insurance issued by FCCI to the subcontractors identified in Plaintiff's First Amended Complaint was ever negotiated, delivered, or entered into in the State of Louisiana. FCCI has shown that they are not subject to this Court's exercise of personal jurisdiction over them.

**B.**      **The Relationship Between FCCI Insurance Company and National Trust Insurance Company Does Not Form the Basis for an Exercise of Personal Jurisdiction.**

The only conduct that could be argued as having a relationship to Louisiana is the past conduct of a sister company, National Trust Insurance Company (NTI). NTI is not directly owned by either FCCI Defendant. NTI has no connection to FCCI Commercial Insurance Company. NTI's connection to FCCI Insurance Company is too remote to support any exercise of jurisdiction.

FCCI Insurance Company owns all of the outstanding stock in FCCI Insurance Group, Inc. (FIG), a Florida stock holding corporation.   FIG in turn owns all the outstanding stock of NTI, a Tennessee corporation previously licensed to write workers' compensation policies in Louisiana. (Ex. A ¶ 3).  From November 1, 2000 until September 13, 2007, NTI wrote Workers Compensation coverage in Louisiana.  During that time National Loss Control Management, Inc. (NLCM) in Baton Rouge, Louisiana served as the General Agent for NTI.  NLCM was not authorized and did not write coverage on behalf of NTI other than Workers' Compensation coverage.  NLCM was not authorized and did not write business on behalf of FCCI Insurance Company or FCCI Commercial Insurance Company in Louisiana.  (Ex. A ¶ 11).

As General Agent, NLCM appointed retail agents to sell workers compensation insurance for NTI.   On behalf of NTI, NLCM solicited applications; bound insurance coverage; issued policies and endorsements; effected renewals, non-renewals, and cancellations; and countersigned policies for NTI.  NLCM maintained possession of all NTI policies issued in Louisiana.  NLCM also maintained all underwriting records, statistical and accounting records required by law for the coverages it wrote for NTI.  (Ex. A ¶ 11).

During this time, NLCM handled claims made with regard to the Louisiana coverage it wrote for NTI in Louisiana.  NLCM hired the adjusters responsible for handling all NTI claims in Louisiana.  NLCM had the authority to adjust, settle, deny and/or pay losses and loss adjustment expenses on behalf of NTI during that time frame.   NLCM maintained all claims files related to the Louisiana policies issued by NTI.  (Ex. A ¶11).  NLCM established bank accounts using its Federal Employer Identification Number for the purposes of collecting premiums and paying all claims and loss adjustment expenses on behalf of NTI.   NLCM paid those expenses using NLCM checks or

drafts.  No one at FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc. was a signatory to that account.  (Ex. A ¶ 11).

No entity related to any FCCI affiliated company (including FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, and FCCI Services, Inc.) retained any right to control and did not exercise control over the operations of NLCM.  No employee of NLCM was an employee of FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc.  (Ex. A ¶11).  Any communications between NTI and its Louisiana insureds, policy holders claimants, or any others, were handled by NLCM.  NLCM filed all required claims reports with the Louisiana Department of Insurance.

That General Agency Agreement was terminated effective September 13, 2007.  In 2008, 2009 and 2010, National Trust Insurance Company did not authorize any insurance agent to write business on its behalf in Louisiana.  (Ex. A ¶¶11-12). During the time that NLCM was handling the activities set forth in paragraph 11 for NTI, FCCI Services, Inc. was providing similar services for FCCI Insurance Company and FCCI Commercial Insurance Company.  There was no overlapping ownership, control or management between NLCM and FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc.  (Ex. A ¶ 13).

These facts raise two issues: (1) is there sufficient relationship between FCCI Insurance Company and National Trust Insurance Company for the Court to exercise personal jurisdiction? and (2) is past conduct by National Trust Insurance Company in writing a small amount of workers compensation coverage sufficient "purposeful availment" by FCCI Insurance Company to subject it to personal jurisdiction for a dispute between Florida insurers and their Florida insureds?

        1.        **The Relationship Between FCCI Insurance Company and National Trust Insurance Company Is Not Sufficient for the Court to Exercise Personal Jurisdiction.**

If parent and subsidiary maintain separate and distinct corporate entities, the presence of one corporation in the forum state may not be attributed to the other.  Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250 (U.S. 1925).  Because the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction, the foreign parent corporation is not subject to the forum state's jurisdiction simply because its subsidiary is present or doing business in the forum state.  Id.

In those few courts were the conduct of a subsidiary corporation is sufficient to exercise jurisdiction over a parent corporation, the focus is on control.  "Although jurisdiction over a subsidiary does not automatically provide jurisdiction over a parent ... where the parent totally controls the actions of the subsidiary so that the subsidiary is the mere alter ego of the parent, jurisdiction is appropriate over the parent as well."  Patin v. Thoroughbred Power Boats Inc.,  294 F.3d 640 (5th Cir. 2002) (quoting Minnesota Mining & Mfg. Co. v. Eco Chem Inc., 757 F.2d 1256, 1265 (Fed.Cir.1985)).

The issue is similar to that required to "pierce the corporate veil" or to find the parent is no more than an "alter ego" of the subsidiary.  See, Hargrave v. Fibreboard Corp., 710 F.2d 1154, 1159 (5th Cir.1983) ("Generally, our cases demand proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes.").  The Courts look at the "such domination of finances, policies and practices that the controlled corporation has, so to speak, no separate mind, will, or existence of its own and is but a business conduit for its principal."  Gardemal v. Westin Hotel Co., 186 F.3d 588 (5th Cir. 1999).

This case is one in which there is no evidence to support the exercise of jurisdiction over FCCI as a result of their relationship with National Trust.  NTI wrote only workers compensation coverage in Louisiana.   It never wrote any liability coverage in Louisiana.   National Trust is a Tennessee corporation.  The FCCI policies under which Plaintiff claims coverage were issued by Florida corporations (FCCI Insurance Company and FCCI Commercial Insurance Company) to Florida corporations (Residential Drywall, Banner Port St. Lucie) and insured only construction by those insureds in Florida.   The FCCI Defendants provided, not workers compensation coverage, but liability coverage.

The affidavit of Rupert L. Willis clearly shows that there was no effort by FCCI Insurance Company or FCCI Commercial Insurance Company to manage or control the business NLCM wrote in Louisiana using NTI's policy forms.  There was no overlapping ownership, control or management between NLCM (the General Agent) and FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc.  This was what might be commonly called a "fronting agreement."   NLCM made all the decisions, issued the policies, maintained the policies, renewed or cancelled the policies, adjusted the claims, and issued loss payments.  NLCM simply used NTI's policy form.   Absent a significant level of control, this Court simply cannot exercise jurisdiction over the FCCI Defendants.  The existence of a subsidiary, that did unrelated business in the state more than two years ago, simply is not sufficient to show "purposeful availment" by the FCCI Defendants.

2. **The Past Conduct By National Trust Insurance Company In Writing A Small Amount Of Workers Compensation Coverage Is Not Sufficient "Purposeful Availment" By FCCI Insurance Company**

Even if the Court attributes National Trust's conduct to FCCI, the defendant's contacts with the forum state must be "such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Single or even occasional acts are not sufficient to support jurisdiction if they create only an attenuated affiliation with the forum state. "Purposeful availment" ensures that the moving party will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174 (1985). In addition, the focus is on whether that **conduct occurred at the time of service of process.** Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250 (U.S. 1925).

What was National Trust's relationship with Louisiana at the time this suit was filed? None! National Trust ended all business in the state in 2007, more than two years before suit was filed. In 2008, 2009 and 2010, National Trust Insurance Company did not authorize any insurance agent to write business on its behalf in Louisiana. National Trust had clearly shown its intent to not do business and to not purposefully avail itself of jurisdiction in Louisiana.

As the Court noted in Sasnett v. Iowa State Traveling Men's Ass'n, 90 F.2d 514 (C.A.8 1937):

> The cases appear to hold that merely casual acts do not constitute 'doing business'; that there must be some continuity in the employment of an alleged agent, **or at least that the employment existed at the time of the alleged service**; that the mere insuring of residents of a foreign state, the contract of insurance being made and being carried out in the home state of the association, does not constitute 'doing business' in the state of the insured.

(emphasis added).

Even if the Court uses National Trust's conduct to exercise jurisdiction over the FCCI defendants, National Trust had ended its agency agreement in 2007 and ceased doing business in Louisiana. Neither National Trust nor the FCCI Defendants have employees in Louisiana, have offices in Louisiana, have agents in Louisiana, have insureds in Louisiana, or have any thing to do with Louisiana.  This court does not have personal jurisdiction over FCCI and thus cannot grant the PSC's Motion for Injunctive relief so as to be effective against FCCI. For the foregoing reasons as well as those reasons set forth in the Insurer Steering Committee's Opposition to the PSC's Motion for Injunctive Relief, this Court should deny the PSC's Motion for Injunctive Relief as against FCCI.

**CONCLUSION**

**WHEREFORE**, FCCI hereby opposes the Plaintiff's Steering Committee's Motion and requests that this Court deny the PSC's Emergency Motion for an Order Preventing the Payment or Transfer of Certain Moneys or, in the Alternative, for Court Ordered Mediation and Temporary Stay of All Outside Settlement Activities (Rec. Doc. No. 6947); and grant such other relief this Court deems necessary and proper.

This 9th day of February 2011.

Respectfully submitted,

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for FCCI COMMERCIAL INSURANCE
COMPANY and FCCI INSURANCE COMPANY

BY:      /S/ ROBERT M. DARROCH
         ROBERT M. DARROCH
         GA State Bar No.:  205490
         STEPHANIE F. GLICKAUF
         GA State Bar No.:  257540

3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
Phone:  (404) 264-1500
Fax:    (404) 264-1737
rdarroch@gmlj.com
sglickauf@gmlj.com

AND

MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC

By:   /s/ PATRICK E. COSTELLO
      PATRICK E. COSTELLO (#26619)
      JACQUES P. DeGRUY (#29144)
      4250 One Shell Square
      701 Poydras Street
      New Orleans, Louisiana  70139
      Telephone: 504-595-3000
      Facsimile: 504-522-2121
      pcostello@mblb.com
      jdegruy@mblb.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of February, 2011.

/s/ PATRICK E. COSTELLO
PATRICK E. COSTELLO (#26619)
pcostello@mblb.com