# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust,<br>     Plaintiff,<br>v.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, FCCI INSURANCE COMPANY, et. al.<br><br>     Defendants. | CASE NO.:   2:09-CV-07791-EEF-JCW<br><br>MDL No. 2:09-cv-2047<br><br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

### AFFIDAVIT OF RUPERT L. WILLIS

Comes now, Rupert L. Willis, who after being duly sworn, deposes and states as follows:

1.

I give this affidavit based upon my own personal knowledge for use in the above styled cases and all other purposes provided by law.

2.

I have been employed by FCCI Services, Inc. since 1999. In that capacity I serve as the Executive Vice President and Chief Regional Officer, responsible for all Field Offices and the functions of underwriting, marketing, agency relations, loss control and premium audit functions for FCCI Insurance Company and FCCI Commercial Insurance Company.

3.

FCCI Insurance Company and FCCI Commercial Insurance Company are Florida corporations with their principal place of business in Sarasota, Florida.

4.

FCCI Insurance Company and FCCI Commercial Insurance Company are not licensed to write any business in Louisiana, are not authorized to write any coverage in Louisiana, and have not written any coverage in Louisiana. FCCI Insurance Company and FCCI Commercial Insurance Company have never been licensed to write any business in Louisiana, have never been authorized to write any coverage in Louisiana, and have not written any coverage in Louisiana.

5.

Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has or has ever had any rates on file with the Louisiana Department of Insurance. I have reviewed the premiums written by FCCI Insurance Company and FCCI Commercial Insurance Company and neither company has collected any premiums for any business written in Louisiana.

6.

Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has ever authorized any insurance agent to write business on their behalf in Louisiana.

7.

Neither FCCI Defendant maintains an office in Louisiana. No entity owned or operated by any FCCI Defendant maintains an office in Louisiana.

8.

Neither FCCI Defendant has a registered agent for service of process in the State of Louisiana, has any employees with the State of Louisiana, issues or delivers insurance policies in the State of Louisiana, advertises or markets their insurance policies in the State of Louisiana, or collects premiums from any insured for any risk within the State of Louisiana.

9.

FCCI Insurance Company owns all of the outstanding stock of FCCI Insurance Group, Inc. (FIG), a Florida stock holding corporation.

10.

FIG owns all the outstanding stock of:

> (a) National Trust Insurance Company, a Tennessee corporation licensed to write workers' compensation policies in Louisiana.
>
> (b) FCCI Commercial Insurance Company, which is a Florida property and casualty insurer, that is not licensed to and does not write any coverage in Louisiana.
>
> (c) FCCI Services, Inc., a Florida stock corporation, which provides underwriting, claims servicing and management, loss control and general administrative functions for FCCI Insurance Company and FCCI Commercial Insurance Company.

11.

From November 1, 2000 until September 13, 2007 National Trust Insurance Company (NTI) wrote Workers Compensation coverage in Louisiana. During that time

National Loss Control Management, Inc. (NLCM), 1010 Florida Boulevard, Baton Rouge, Louisiana served as the General Agent for NTI. NLCM was not authorized and did not write coverage on behalf of NTI other than Workers' Compensation coverage. NLCM was not authorized and did not write business on behalf of FCCI Insurance Company or FCCI Commercial Insurance Company in Louisiana.

As General Agent, NLCM appointed retail agents to sell workers compensation insurance for NTI. On behalf of NTI, NLCM solicited applications; bound insurance coverage; issued policies and endorsements; effected renewals, non-renewals, and cancellations; and countersigned policies for NIT. NLCM maintained possession of all NTI policies issued in Louisiana. NLCM also maintained all underwriting records, statistical and accounting records required by law for the coverages it wrote for NTI.

During this time, NLCM handled claims made with regard to the Louisiana coverages it wrote for NTI in Louisiana. NLCM hired the adjusters responsible for handling all NTI claims in Louisiana. NLCM had the authority to adjust, settle, deny and/or pay losses and loss adjustment expenses on behalf of NTI during that time frame. NLCM maintained all claims files related to the Louisiana policies issued by NTI.

NLCM established bank accounts using its Federal Employer Identification Number for the purposes of collecting premiums and paying all claims and loss adjustment expenses on behalf of NTI. NLCM paid those expenses using NLCM checks or drafts. No one at FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc. was a signatory to that account.

No entity related to any FCCI affiliated company (including FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, and FCCI Services, Inc.)

retained any right to control and exercised no control over the operations of NLCM. No employee of NLCM was an employee of FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc.

Any communications between NTI and its Louisiana insureds, policy holders claimants, or any others, were handled by NLCM. NLCM filed all required claims reports with the Louisiana Department of Insurance.

That General Agency Agreement was terminated effective September 13, 2007.

12.

In 2008, 2009 and 2010, National Trust Insurance Company has not authorized any insurance agent to write business on its behalf in Louisiana.

13.

During the time that NLCM was handling the activities set forth in paragraph 11 for NTI, FCCI Services, Inc. was providing similar services for FCCI Insurance Company and FCCI Commercial Insurance Company. There was no overlapping ownership, control or management between NLCM and FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc.

14.

The policies issued by FCCI Insurance Company and FCCI Commercial Insurance Company to Residential Drywall, S D & Associates, Inc., and Swedberg Enterprises d/b/a Florida Drywall, that are the subject of this present lawsuit, were issued in Florida to Florida corporations. The policies were delivered to the insureds in Florida. Neither NCLM nor NTI has any relationship to these insureds. All of the people

involved in the underwriting and issuance of the policies and in the handling of the claims made under those policies are located in Florida.

Further Affiant Sayeth Not.

This 19th day of February, 2010.

_____
Rupert L. Willis

_____
Notary Public

Sworn to and subscribed before me this 19th day of February, 2010.
My commission expires:



PATRICIA J. PETTYJOHN
MY COMMISSION # DD 631199
EXPIRES: February 12, 2011
Bonded Thru Notary Public Underwriters