UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED         :        MDL NO. 2047
DRYWALL PRODUCTS LIABILITY           :
LITIGATION                                          :        SECTION:     L
---------------------------------------------------------------x
THIS DOCUMENT RELATES TO:            :        JUDGE FALLON
                                                          :
ALL CASES                                       :        MAG. JUDGE WILKINSON
---------------------------------------------------------------x

**KNAUF DEFENDANTS' RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR AN ORDER REQUIRING AN ACCOUNTING AND OTHER RELIEF**

The Knauf Defendants[1] submit this memorandum in response to the PSC's motion for an accounting and other relief.

The PSC seeks three distinct forms of relief against the Knauf Defendants:

- First, the PSC seeks an accounting of all payments made to settle Chinese drywall claims, including payments by manufacturers to builders and entities other than homeowners, and sequestration of such payments pending a determination of a common benefit fee percentage.  If the PSC seeks relief regarding payments related to the pilot program for remediating homes with all or substantially all KPT drywall, the relief is redundant in some respects and inconsistent in others with the pilot program. The relief is redundant because, under that program, Knauf has agreed to share information concerning contributions by other defendants to the remediation efforts.

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Materials Products Co., Ltd., Knauf Gips KG, Knauf International GmbH,  Knauf Insulation GmbH, Knauf UK GmbH, and Gebr. Knauf Verwaltungsgesellschaft KG.

The relief is inconsistent, because the pilot program has agreed-upon provisions for determining the PSC's fee.

- The Knauf Defendants take no position on whether payments made by builders or suppliers to settle directly with any particular homeowner should be subject to holdback. But either way, there is no basis to sequester funds paid by the Knauf Defendants to builders or suppliers. If the underlying settlement between the builder and homeowner is not subject to holdback, then there is no reason why a subsequent settlement between the Knauf Defendants and the builder would be. If the underlying settlement between the builder and homeowner is subject to holdback, then the PSC is not entitled to any additional fee when defendants in the distribution chain allocate that settlement amount among themselves. Permitting the PSC to recover an additional fee would compensate them twice for repairs made to the same home. Moreover, the PSC does not represent builders; it sues builders. Payments by the Knauf Defendants to builders are not the result of a benefit conferred by the PSC to builders.

- Second, the PSC seeks an order barring defendants from communicating with plaintiffs. This Court has already twice denied that relief. As the Court is aware, the Knauf Defendants have been working with the PSC and other interested parties to identify eligible parties for the pilot remediation program and to remediate homes according to an agreed-upon protocol with the PSC. The PSC has not submitted any evidence that the Knauf Defendants are communicating with any represented homeowners outside the presence of their counsel. There is no reason for this Court to deviate from its prior orders.

331514_1.DOC                                2

- Third, the PSC seeks an order requiring defendants to file with the Court all plans or agreements to remediate plaintiffs' homes.  This motion is moot as to the Knauf Defendants because the terms of the pilot program are posted on the Court's website.  The Knauf Defendants defer to the builders on whether the builders should have to file with the Court any of their plans or agreements to remediate plaintiffs' homes.

## ARGUMENT

### I. THE PSC IS NOT ENTITLED TO AN ACCOUNTING OR SEQUESTRATION OF FUNDS RELATING TO SETTLEMENTS BETWEEN THE KNAUF DEFENDANTS AND BUILDERS OR SUPPLIERS

Plaintiffs seek an order requiring that "all attorneys' fees earned or owing on cash settlements reached with plaintiffs in the MDL" be placed in escrow and an order requiring "sequestration of all payments made by manufacturers and/or their insurers to settle or otherwise resolve Chinese drywall claims, even if those claims have been assigned to other parties like builder-defendants."  PSC Mem. at 16.

It is not clear whether the PSC's motion excludes payments made in connection with the pilot program.  To the extent that the relief sought by plaintiffs does relate to the pilot program for remediating homes with all or substantially all KPT drywall, the relief is inconsistent with the terms of that program.  Pursuant to Section X of the pilot program, "the PSC, … common benefit attorneys, and the counsel for the homeowner are entitled to Attorneys'' Fees, paid by the Knauf Entities separately and in addition to any consideration received by a homeowner under this Agreement, the calculation and/or amount of which will be determined by a separate agreement(s) between the PSC, … and the Knauf Entities, which agreement(s) will be submitted to the MDL Court for approval …."  Section X further provides that "[i]n the event the parties are unable to agree on the calculation and/or amount of Attorney's Fees within six months of the

execution of this Demonstration Remediation Agreement, then the dispute will be submitted to the MDL Court for resolution." Accordingly, there is no basis to institute different procedures to ensure compensation of the PSC with respect to homes involved in the pilot program.[2]

The PSC is not entitled to attorneys' fees for payments by the Knauf Defendants to builders that have repaired or agreed to repair homes outside the pilot program. The Knauf Defendants' prior objection to the PSC's First Common [Rec. Doc. No. 4603] Benefit Motion – on the ground that any "holdback should be limited to recoveries by *homeowner plaintiffs* and not recoveries by third-party plaintiffs who are not homeowners (*e.g.*, manufacturers, suppliers and builders)" – is equally applicable to the present motion.[3]

As the Knauf Defendants explained in their response to the PSC's First Common Benefit Motion, any common benefit fund established for the PSC should not apply to settlement payments by the Knauf Defendants to builders or suppliers because the PSC's common benefit work has been undertaken on behalf of *homeowners*. The DSC and the HSC – not the PSC – undertake comparable common benefit work on behalf of manufacturers, suppliers and builders. Settlements allocating liability among manufacturers, suppliers and builders do not confer any benefit on homeowners and do not derive from any benefit conferred by the PSC on homeowners.

---

[2] In addition, Section II(F)(5) of the pilot program obligates the Knauf Defendants to disclose "[a]greements with Other Participating Companies, including the allocation to Eligible Homes … to lead and liaison counsel for the PSC and to the MDL Court under seal." In this regard, the PSC's motion is superfluous.

[3] *See* Response of Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Materials Products Co., Ltd. and Knauf Gips KG to the Motion of the Plaintiffs' Steering Committee to Establish a Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit at 8 [Rec. Doc. No. 5021] (attached as Exhibit A).

Moreover, any holdbacks from settlements to compensate the PSC for common benefit work should be limited to those obtained by MDL plaintiffs or state court plaintiffs who have agreed to cooperate with the PSC. To the extent the PSC seeks to sequester funds related to settlements with any other parties, the motion should be denied.

The Knauf Defendants take no position on whether payments by builders or suppliers to settle directly with homeowners should be subject to holdback. However, regardless of how the Court decides that issue, there is no basis to hold back amounts from the Knauf Defendants' settlements with suppliers or builders. If the underlying settlement between the builder and homeowner is not subject to holdback, then of course there is no reason to require a holdback for the subsequent allocation between the Knauf Defendants and the builder. If the underlying settlement between the builder and homeowner is subject to a holdback, then permitting the PSC to sequester amounts from the allocation between the Knauf Defendants and the builder would result in the PSC recovering the same fee twice. The PSC would recover once when the homeowner plaintiff settled, and again when the various defendants in the chain of distribution sorted out how to allocate among themselves the amount paid to the homeowner. There is no reason to permit such "double-dipping."

That some builders may have taken an assignment of claims from homeowners upon settling with them does not change the analysis. Once the builder has settled with the homeowner any contribution the builder might obtain from the Knauf Defendants does not confer any additional benefit on the homeowner. The PSC should not be entitled to take fees for a second time when a manufacturer settles the claims of a builder by contributing towards a settlement the builder previously has negotiated with homeowners. Any common benefit fee percentage should be applied once (if at all) upon settlement by the homeowner. The PSC has

331514_1.DOC                                   5

not cited a single example in which a court has ordered payments from settlements among defendants to be applied to a common benefit fee to compensate plaintiffs' attorneys.

## II. THE PSC IS NOT ENTITLED TO AN INJUNCTION BARRING THE KNAUF DEFENDANTS FROM COMMUNICATING WITH PLAINTIFFS

The PSC also seeks an injunction barring "defendants from communicating directly with plaintiffs without permission from their counsel." PSC Mem. at 18. The PSC has not satisfied their burden to establish a "clear record" from which the Court could make "specific findings regarding the abuse the court seeks to prevent." Local Rule 23.1.D.2; *see Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981) ("an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties"). Moreover, to justify such a restraint on First Amendment rights, the PSC must demonstrate "a likelihood of serious abuses." *Id.* at 104. The "mere possibility of abuses does not justify" entry of such orders. *Id.*

This is the fifth time that plaintiffs have sought to prohibit communications between defendants and plaintiffs and the third time the PSC has done so. Most recently, the PSC moved to restrict communications with putative class members. [Rec. Doc. No. 4338]. On August 12, 2010, this Court denied that motion. *See* Minute Entry, August 12, 2010 [Rec. Doc. No. 5207].[4] Prior to that, on September 24, 2009, the Court denied the PSC's emergency motion to protect class members and fairly conduct the action. *See* Minute Entry, September 24, 2009 [Rec. No.

---

[4] The Knauf Defendants' memorandum in opposition to that motion is attached as Exhibit B and incorporated by reference. *See* Opposition of Knauf Plasterboard (Tianjin) Co., Ltd. and Knauf Plasterboard (Wuhu) Co., Ltd. to the Plaintiffs' Steering Committee's Motion to Restrict Communications With Putative Class Members [Rec. Doc. No. 4824] ("Knauf Defs. Opp.").

278]. At that time, the Court directed "the parties to advise property owners that they have the right to consult with counsel" and advise them "of the multi-district litigation and website address." Two other federal courts previously had similarly declined to bar communications between builders and homeowners. *See Culliton v. Taylor Morrison Servs., Inc.*, No. 8:09-cv-589-T-27TGW, Order (M.D. Fla. May 26, 2009) (attached as Exhibit 1 to Knauf Defs. Opp.); *Minafri v. M/I Homes, Inc.*, No. 2:09-cv-167, Order (S.D. Ohio Apr. 27, 2009) (attached as Exhibit 2 to Knauf Defs. Opp.).

Plaintiffs have not submitted any evidence that should lead this Court to deviate from its prior rulings. On October 14, 2010, the Knauf Defendants and the PSC entered into a settlement agreement establishing a pilot program to remediate homes with all or substantially all KPT drywall. Since that time, the Knauf Defendants have been working with the PSC, builders and suppliers in an effort to bring as many eligible homes as possible into the program. The PSC has not submitted any evidence that any Knauf Defendant has communicated directly with a homeowner, much less that any Knauf Defendant has done so in a manner that would violate this Court's previous directions. Accordingly, there is no basis to enter an order barring the Knauf Defendants from communicating directly with homeowners outside the presence of counsel.

### III. THE PSC IS NOT ENTITLED TO AN INJUNCTION REQUIRING THE KNAUF DEFENDANTS TO FILE ALL REMEDIATION AGREEMENTS WITH THE COURT

The PSC's request to "require defendants to file with the Court all plans and agreements to remediate plaintiffs' homes" (PSC Mem. at 18-19) is moot with respect to the Knauf Defendants. The terms and conditions of the pilot program are posted on this Court's website.

Plaintiffs contend that "various builder-defendants have offered to repair plaintiffs' homes, but with far less adequate standards than those put in place by this Court" in the Court's

findings in the *Germano* and *Hernandez* cases, which "then served as a basis for the KPT pilot program." PSC Mem. at 18. The Knauf Defendants defer to the builders regarding the PSC's request for an injunction requiring builders to file with the Court any plans to remediate plaintiffs' homes. The Knauf Defendants note, however, that the only evidence on which the PSC relies for this proposition are letters from builders regarding offers to remediate homes dated January 25, 2010 and January 27, 2010, respectively (*see* PSC Mem. Exs. B, D), which was prior to this Court's subsequent findings in *Germano* and *Hernandez* [Rec. Doc. Nos. 2380, 2713].

Dated: February 9, 2011                    Respectfully submitted


                                By:  /s/ Kyle A. Spaulding
MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

       - AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8485
Facsimile:  (212) 836-6485
Email:  sglickstein@kayescholer.com

Counsel for the Knauf Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Knauf Defendants' Response to the Plaintiffs' Steering Committee's Motion for an Accounting and Other Relief has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 9th day of February, 2011.

                                                            /s/ Kyle Spaulding