UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: GADOLINIUM BASED CONTRAST AGENTS PRODUCTS LIABILITY LITIGATION | Case No. 1:08 GD 50000 |
| | MDL No. 1909 |
| ---------------------------------------------- | Judge Dan Aaron Polster |
| THIS DOCUMENT APPLIES TO: ALL CASES | |
| ---------------------------------------------- | |

PRETRIAL ORDER NO. <u>2</u>

**(ESTABLISHING GADOLINIUM BASED CONTRAST AGENTS FEE AND EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND THE COMMON BENEFIT)**

I.   <u>SCOPE OF ORDER</u>

This Order is entered to provide for the fair and equitable sharing among plaintiffs, and

their counsel, of the burden of services performed and expenses incurred by attorneys acting for

the common benefit of all plaintiffs in this complex litigation.

A.   **Governing Principles--The Common Benefit Doctrine**

The governing principles are derived from the United States Supreme Court's common

benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter*

*alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic*

*National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970);

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL

context, in *inter alia*, *In re MGM Grand Hotel Fire Litigation*, 660 F.Supp. 522, 525-29 (D. Nev.

1

1987); and *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977).

**B.     Application**

This Order applies to all cases now pending, or later filed in, transferred to, or removed to, this Court and treated as part of the coordinated proceeding known as *In re: Gadolinium Based Contrast Agents Products Liability Litigation*. This Order further applies to all plaintiffs' attorneys who represent clients, who have cases now pending, or later filed in, transferred to, or removed to, this Court, regardless of whether the plaintiff's attorney signs the "Participation Agreement" attached hereto as Exhibit A.

**C.     Participation Agreement (Exhibit A)**

Exhibit A, attached hereto and incorporated herein, is a voluntary Participation Agreement between plaintiffs' attorneys who have cases pending in the MDL and in state court. The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only (Participating Counsel); and not Defendants. Participating Counsel include all members of the Plaintiffs' Steering Committee (PSC) (as designated in CMO No. 2) and any other plaintiffs' attorneys who sign on to Exhibit A. Participating Counsel are entitled to receive the MDL "common benefit work product" and the state court "work product" of those attorneys who have also signed the Participation Agreement, including the work product developed in the California Coordinated and New Jersey Coordinated proceedings.

The Court recognizes that plaintiffs' attorneys who have cases in separate and independent jurisdictions are voluntarily agreeing to share the common benefit work product developed in these jurisdictions. The Court further recognizes the separate and independent rights of each jurisdiction, including the jurisdictional rights and obligations of the state courts

whose parties include Participating Counsel. The Agreement and this Order shall not be cited by a party to the Participation Agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

Non-PSC member plaintiffs' attorneys who have cases pending in this Court shall by the next status conference designate whether or not they are a Participating Counsel or a Non-Participating Counsel by signing the appropriate section of the Participation Agreement. PSC members are by virtue of their membership on the PSC deemed to be Participating Counsel.

## II.    PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A.    Establishing the Fee and Expense Funds

Plaintiffs' Liaison Counsel (PLC) is directed to establish two interest-bearing accounts to receive and disburse funds as provided in this Order (the "Funds"). The first fund shall be designated the "Gadolinium Based Contrast Agents (GBCA) Fee Fund" and the second fund shall be designated the "GBCA Expense Fund." These funds will be held subject to the direction of this Court.

By subsequent Order of this Court, the Court will appoint a qualified certified public accountant (the "CPA") to serve as Escrow Agent over the Funds and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds. Such subsequent Order shall specify the hourly rates to be charged by the CPA and for the CPA's assistants, who shall be utilized where appropriate to control costs. The CPA shall submit quarterly detailed bills to the Court and to Plaintiffs' Liaison Counsel. Upon approval, the CPA's bills shall be paid from the GBCA Expense Fund and shall be considered a shared

cost in accordance with § III. B.1., below.  The PLC shall provide a copy of this Order to theCPA and the Plaintiffs' Executive Committee (PEC).

**B.      Payments into the Fee and Expense Funds: The Assessment**

All Plaintiffs and their attorneys who, either agree or have agreed - for a monetary consideration - to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to GBCA claims are subject to an assessment of the "gross monetary recovery," as provided herein.

**1.      Gross monetary recovery**

Gross monetary recovery includes any and all amounts paid to plaintiffs' counsel by Defendants as settlement or judgment.  In measuring the "gross monetary recovery," the parties are to (a) exclude court costs that are to be paid by the defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, and other healthcare providers in subrogation related to treatment of plaintiff; and (c) include the present value of any fixed and certain payments to be made in the future.  The assessment shall apply to all of cases pending in the MDL or state court as well as any unfiled or tolled cases in which they are counsel or co-counsel.

**2.      Assessment Amount**

The assessment amount shall be five (5) percent for common benefit attorneys' fees and one (1) percent for costs.  The assessment represents a hold back (*In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (2d. Cir. 2006)) and shall not be altered in any way unless each of the following occurs:  (1) the entire PSC is consulted and provided an opportunity to be heard prior to the filing of any motion to change the assessment amount; (2) the PSC approves the

proposed change to the assessment by a majority vote; and (3) noticed motion with an opportunity to be heard is granted by the Court.

### 3.   Defendant Obligations

The PSC shall provide the Defendants' Liaison Counsel, plaintiff's counsel, the CPA, the Court or its designee with a list of cases and/or counsel who have entered into written agreements with the PSC. In the event there is a dispute as to whether a case should be on the list, the PSC shall resolve the matter with the particular plaintiff's counsel either informally or upon motion.

Defendants and their counsel shall not distribute any settlement proceeds to plaintiff's counsel until after (1) defendant's counsel notifies Plaintiffs' Liaison Counsel in writing of the existence of a settlement and the name of the individual plaintiff's attorney and (2) Plaintiffs' Liaison Counsel has advised defendant's counsel in writing whether or not the individual plaintiff's attorney's cases are subject to an assessment pursuant to this Order. Plaintiffs' Liaison Counsel shall be permitted to share this information with the PEC Firms, who shall otherwise keep this information confidential. For cases subject to an assessment, defendants are directed to withhold an assessment from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Funds as a credit against the settlement or judgment. No orders of dismissal of any plaintiff's claim, subject to this Order, shall be entered unless accompanied by a certificate of plaintiff's and defendant's counsel that the assessment, where applicable, will be withheld and will be deposited into the Funds at the same time the settlement proceeds are paid to settling counsel. If for any reason the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the fund promptly.

Counsel for each Defendant shall provide at least quarterly notice to the Court or its designee the names and docket numbers of the cases for which it has paid an assessment into the Funds since the last such report.  A report is not due if there are no payments made into the Funds by that Defendant during that quarter.  Details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed by the CPA to the PEC, the PSC, the Court, or the Court's designee, unless the Court requests that it receive that information.  Monthly statements from the CPA shall, however, be provided to PEC and the Court showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

### III.   COMMON BENEFIT EXPENSES

### A.   Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, said expenses must meet the requirements of this section.  Specifically, said expenses must be (a) for the common benefit, (b) appropriately authorized, as set forth in the Participation Agreement, and timely submitted, (c) within the defined limitations set forth in this Order, and (d) verified.

### B.   Shared and Held Common Benefit Expenses

### 1.   Shared Costs

Shared Costs are costs incurred for the common benefit of the MDL as a whole.  Shared Costs are costs that will be paid out of a separate GBCA Expense Fund account that has already been established by PLC and to be funded by all members of the PSC and others as determined by the PSC and its designated subcommittees. All Shared Costs must be approved by PEC  prior to payment.  Shared Costs include:  (a) Certain Court, filing and service costs;  (b) Deposition and court reporter costs for non-case specific depositions; (c) Document Depository:  creation,

operation, equipment and administration; (d) Plaintiffs' Co-Lead and Liaison Counsel administrative matters (*e.g.*, expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.); (e) PSC group administration matters such as meetings and conference calls; (f) Legal and accountant fees; (g) Expert witness and consultant fees and expenses; (h) Printing, copying, coding, scanning (out of house or extraordinary firm cost) (i) Research by outside third party vendors/consultants/ attorneys; (j) Common witness expenses including travel; (k) Translation costs; (l) Bank or financial institution charges; and (m) Investigative services.

### 2.   Held Costs

Held Costs are those that will be carried by each attorney in MDL 1909 and reimbursed as and when determined by the PSC and this Court and are also those unreimbursed and authorized shared costs. Held Costs are costs incurred for the global benefit of the MDL. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement from the GBCA Expense Fund.

### C.   Authorization and Submission

The Participation Agreements sets forth the guideliness for authorizating and submitting expenses for the common benefit.

iii.   Postage Charges:   A contemporaneous postage log or other supporting documentation must be maintained and submitted.   Postage charges are to be reported at actual cost.

iv.   Telefax Charges:   Contemporaneous records should be maintained and submitted showing faxes sent and received.   The per-fax charge shall not exceed $1.00 per page.

v.   In-House Photocopy:   A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.   The maximum copy charge is 20¢ per page.

vi.   Computerized Research – Lexis/Westlaw:   Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

## E.   Verification

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions.   Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

## F.   Costs and/or Expenses in Excess of Amounts Available in the Expenses Fund

Any compensable costs and/or expenses that exceed the amounts available in the GBCA Expense Fund may be compensable by the GBCA Fee Fund upon Order of the Court.

## IV.   COMMON BENEFIT WORK

## A.   Qualified Common Benefit Work Eligible for Reimbursement

Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit.   Participating Counsel shall be eligible for reimbursement for time and efforts expended for common benefit work, if said time and efforts are (a) for the common benefit, (b) appropriately authorized, as set forth in the Participation Agreement, (c) timely submitted and (d) approved by this Court.

**B.     Compensable Common Benefit Work Defined**

As the litigation progresses and common benefit work product of the same type and kind continues to be generated, the PSC will provide Participating Counsel with such common benefit work product and will otherwise cooperate with Counsel to coordinate the MDL litigation and the state litigation for the benefit of the plaintiffs.  Common Benefit Work Product includes, but is not limited to, maintenance and working in the depository, review and document coding, timelines, materials provided to experts, expert retention, the deposition cuts that may be used in a case, the trial exhibit preparation, the scientific articles assembled, PSC and PEC activities, work of lead or liaison counsel in the New Jersey and California Coordinated Proceedings, Discovery and Science Co-Chairs and committee work, expert Development authorized by the Chair of the Science Committee or PEC, authorized State and Federal Court Trials, and Company and expert depositions in state or federal court.

Common Benefit Work Product does not include trial transcripts, deposition transcripts of defendant or third party witnesses or exhibits attached thereto nor does it include actual documents produced by defendants in response to discovery.

**C.     Authorization and Time Keeping**

All time must be authorized and accurately and contemporaneously maintained.  Time shall be kept according to these guidelines as set forth in the Participation Agreement.

**D.     Distributions**

**1.     Procedures and Forms**

The PSC shall establish forms and procedures to implement and carry out any time and expense submissions required by the Court and for reimbursement from the GBCA Funds.  Once

developed, these forms may be obtained from the PEC.  The forms shall be certified by a senior partner in each firm attesting to the accuracy of the submissions.   Questions regarding the guidelines or procedures or the completion of any form should be directed to the PSC or the Court.

      2.     **Court Approval.**

      The amounts deposited in the GBCA Fee and Expense Funds shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit.  No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order.  Specifically, such sums shall be distributed only upon Order of the Court in MDL 1909.  This Court retains jurisdiction over any common benefit award; and in furtherance with state federal cooperation, may receive input from the state court judges, including the coordinating judges in California and New Jersey.   Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation prior to any recommendation to the Court.

      **IT IS SO ORDERED.**


**Dated:** _February 20_, ~~200~~ 09                          _____s/Dan A. Polster_____

                                              **Honorable Dan Aaron Polster**
                                              **United States District Judge**

# EXHIBIT 5

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 3 0 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES W McCORMACK CLERK

By: _____

DEP. CLERK

In re:                                          :                    MDL Docket No. 4:03CV1507 WRW
                                                :
PREMPRO PRODUCTS                :                    ALL CASES
LIABILITY LITIGATION               :

<u>PRACTICE AND PROCEDURE ORDER NO. 6</u>
<u>ESTABLISHMENT OF PLAINTIFFS' PERSONAL INJURY LITIGATION</u>
<u>EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR</u>
<u>SERVICES PERFORMED AND EXPENSES</u>
<u>INCURRED FOR COMMON BENEFIT</u>

1.      The Court finds that this litigation has advanced to the point that it is appropriate

to establish a system for the sequestration of a certain percentage of payments that may be made

by defendant(s) to hormone therapy personal injury plaintiff(s) in settlement of claims or

satisfaction of judgments (all such payments hereinafter referred to as "claim payments"). The

funds so sequestered are to be available to provide for reimbursement of costs and payment of

attorneys' fees to Common Benefit Attorneys, subject to a proper showing in the future.

"Common Benefit Attorneys" means the Plaintiffs' Steering Committee ("PSC") personal injury

counsel and other MDL attorneys who have been authorized by Zoe Littlepage or by other PSC

personal injury counsel designated pursuant to the Court's Orders appointing members to

Steering Committee to perform work for the common benefit of personal injury plaintiffs in

MDL 1507 and of plaintiffs represented by any state-court personal injury counsel that agrees to

associate hereunder (hereinafter the "Common Benefit Attorneys").

2.      a.      Before making any claim payment to a personal injury plaintiff whose

claim has been resolved in federal court, defendants shall deduct from the payment an amount

equal to five percent (5%) of the gross amount and shall pay such sum as hereinafter provided

**5 7 0**

for deposit into the MDL 1507 Fee and Cost Trust Account (this Account and its procedures will be established in a future order of this Court).

        b.    In measuring the gross amount, the defendant shall include the present value of any fixed and certain payments to be made in the future; in the event that a defendant makes payment to an insurance annuity company, the present value shall be the amount of the payment to the insurance annuity company.

        c.    In measuring the gross amount, the defendant shall exclude (1) court costs that are to be paid by the defendant; and (2) any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, and other health-care providers in subrogation related to treatment of plaintiff.

3.    a.    "Associated State Court Personal Injury Counsel" are those who have executed an Agreement substantially in the form attached to this Order as "Exhibit 1."

        b.    On the first working day of each month, the PSC personal injury counsel shall provide to Defendant's liaison counsel an updated list of the name of any state court attorney who has associated with MDL PSC personal injury counsel.  In addition, the PSC personal injury counsel shall make their best efforts to provide the names of the plaintiffs that each associated state court attorney represents; however, the Defendant's withholding of the assessment is tied to the identity of the state court attorney, not the identity of the Plaintiff.

        c.    (i)    Before making any claim payment to a personal injury plaintiff represented by Associated State Court Personal Injury Counsel whose name appears on the most recent updated list as provided in Paragraph 3(b), defendants shall deduct an amount equal to three percent (3%) of the gross amount and shall pay such sum as hereinafter provided for

2

deposit into the MDL 1507 Fee and Cost Trust Account (this Account and its procedures will be established in a future order of this Court).

(ii)   In measuring the gross amount, the defendant shall include the present value of any fixed and certain payments to be made in the future; in the event that a defendant makes payment to an insurance annuity company, the present value shall be the amount of the payment to the insurance annuity company.

(iii).   In measuring the gross amount, the defendant shall exclude (1) court costs that are to be paid by the defendant; and (2) any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, and other health-care providers in subrogation related to treatment of plaintiff.

d.   Defendants shall have primary responsibility for withholding three percent (3%) of the claim payments and tendering such sums to the MDL 1507 Fee and Cost Account. If, however, a defendant fails to do so, in addition to the Court's power generally, including the exercise of its powers to compel payment by defendant in compliance with this Order, the Court, under appropriate circumstances, can be expected to seek such payment from the plaintiff and/or his or her counsel under terms that are just and equitable.

e.   Any plaintiff or plaintiff's counsel whose case or claim has been subjected to the withholding of the 3% amount and who disputes the application of this Order to that claim payment is instructed to make a motion, pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, seeking relief from the application of this Order to his or her claim payment that sets forth with particularity the grounds for such relief.  Any such motion shall be made within 30 days of receipt by such plaintiff or plaintiff's counsel of the claim payment.  Any such motion shall be filed "Under Seal" in such a way that protects the confidentiality of the

3

settling parties and, unless directed otherwise by the Court, shall not reveal the dollar value of the claim payment or the amount in dispute.

4.    Payment by defendant to the MDL 1507 Fee and Cost Account of the assessment amount shall fully discharge the defendant's obligation under this Order.

5.    The requirements of paragraph 2 shall apply regardless of whether a plaintiff's case is disposed of during the time it is on the docket of the transferee court, or following remand or transfer from the transferee court to another federal district court for trial, or transfer to other district courts in accordance with 28 U.S.C. § 1404 or other provisions of law. The requirements shall follow the case to its final disposition in any United States court, including a court having jurisdiction in bankruptcy.

6.    As a condition of appointment made by this Court of any counsel to the Plaintiffs' Steering Committee or any sub-committee thereof, such counsel are deemed to have agreed to the terms of paragraph 2 for all said counsel obtaining any personal injury recovery in any federal or state forum, however, recoveries in a federal forum shall be subject to a five percent (5%) assessment and recoveries in a state forum (or unfiled claims that result in a recovery) shall be subject to a three percent (3%) assessment.

7.    a.    Any hormone therapy plaintiff counsel may obtain the PSC Personal Injury Counsel's Common Benefit Resource Materials by executing an Agreement substantially in the form attached to this Order as "Exhibit 1" (which Agreement defines "the PSC Personal Injury Counsel's Common Benefit Resource Materials") and becoming an Associated State Court Personal Injury Counsel. No state court litigant will be subject to a tax, fee, assessment or other charge imposed by this Court except upon execution of an express written agreement with the PSC to share the PSC's Common Benefit Resource Materials as provided in this Order.

4

b.      Subject to Section 7(e) herein, this Order will not restrict a defendant's ability to provide, produce, or make available for inspection any deposition transcript and accompanying exhibits.

c.      Subject to Section 7(e) herein, this Order will not restrict a defendant's ability (1) to cross-notice depositions in state court proceedings or other proceedings outside these MDL proceedings, or (2) to use such cross-noticed depositions for any purpose in non-MDL proceedings. Accordingly, no tax, fee assessment or other charge will be imposed on any state court litigant by virtue of attending and participating in depositions conducted pursuant to any PPO or other order in these MDL proceedings, and/or by virtue of use by any party in a state court case of transcripts, videotapes and/or exhibits from such depositions.

d.      Subject to Section 7(e) herein, this Order will not restrict a defendant's ability (1) to assemble collections or depositories of its own documents and other materials related to hormone therapy, or (2) to include such collections or depositories (or subsets of such collections or depositories as independently determined by the defendant or by non-MDL parties or witnesses) in its responses to discovery requests from other parties in non-MDL proceedings.

e.      In the event that any party in a non-MDL proceeding serves a document demand for "all documents selected for production and/or copying by the PSC in MDL 1507" (or a substantially similar demand), defendants shall notify the PSC of that document demand promptly upon receipt and prior to producing responsive materials.

f.      Nothing in this order limits the applicability of the Confidentiality Order [Docket No. 27].

8.      The set-aside payments as provided in Paragraphs 2 and 3 of this Order shall be deposited into the MDL 1507 Fee and Cost Trust Account.  All funds in the account will be held

as funds subject to the direction of the Court. Payment to the trustee shall fully discharge any

obligation a defendant may have under this Order.  If payments are made to any plaintiff or

claimant before this Court establishes the MDL 1507 Fee and Cost Trust Account, a defendant

may deposit the set-aside payment as provided in Paragraphs 2 and 3 of this Order into a separate

interest-bearing trust account and transfer amounts to the MDL 1507 Fee and Cost Trust Account

after that Account is fully operational.  For purposes of this Order, a defendant "tenders

payment" to a plaintiff or claimant at the time funds are tendered to an individual plaintiff or

claimant, and not at the time that funds may be tendered to or deposited in an intermediate

escrow account.

        9.    a.     The Court or its designated trustee shall maintain detailed records which

identify all claim payments made to personal injury plaintiffs, the personal injury plaintiffs' and

plaintiffs' counsel's names, current address and telephone numbers, civil action numbers or other

identifying number, amount of deposit, date of deposit, and other information that may be

required by the circumstances.  All such records shall be maintained as highly confidential

material and the only persons with access to such records shall be the Court and its designated

trustee.  The purpose of maintaining confidentiality is to protect the defendants' legitimate

concerns regarding disclosure of the amounts that any defendant deposits into the escrow fund,

inasmuch as knowledge of such amounts would allow calculation of settlements paid by the

defendant, which settlements may be confidential.

            b.     The trustee shall report to the Court from time to time the sums that are

deposited in the account together with the information supplied to the trustee by the paying

defendant at the time of the deposit that will be sufficient for the trustee to determine if the

amount deposited is the amount required to be paid under the terms of this Order.  The trustee

shall confer with the defendants and the court to determine the appropriate form that should be completed and accompany any payment to be made to the trustee to allow the trustee to verify the accuracy of any payment made. The fees and costs of the trustee shall be paid from the Trust Account upon the approval of this Court.

10.    Each Defendant who is obligated to deduct a 3% or 5% assessment shall report to the Court or its designated trustee the information described in Paragraph 9. This report is intended to assist the Court and its designated trustee in monitoring compliance with this Order.

11.    Upon a proper showing, the Common Benefit Attorneys will be entitled to receive an award of counsel fees and reimbursement of out-of-pocket litigation expenses to be paid from the MDL 1507 Fee and Cost Trust Account in such amounts as are determined by the Court, after a hearing, based on the appropriate and controlling law. In making such an award, the Court will first determine the amount of costs for which reimbursement is appropriate. The amount remaining in the MDL 1507 Fee and Cost Trust Account after deducting the amount of costs awarded by the Court will be available for any award of counsel fees. In making an award of counsel fees to the Common Benefit Attorneys and in apportioning any fee award among those attorneys, appropriate consideration will be given to the experience, talent, and contribution made by each Common Benefit Attorney who seeks to recover counsel fees from the MDL 1507 Fee and Cost Trust Account, provided, however, that the Court will only consider compensation for those services which were authorized by Zoe Littlepage or designated PSC personal injury counsel.

12.    Any sum ordered to be paid by the Court pursuant to this Order as an award of counsel fees shall be deducted from the gross recovery. Any sum ordered to be paid by the Court pursuant to this Order as reimbursement for out-of-pocket costs shall be prorated among

the plaintiffs whose claim payments were deposited, in part, in the MDL 1507 Fee and Cost

Trust Account.

     13.    Nothing in this Order will limit the amount of attorneys' fees and costs, in the

form of a percentage award or otherwise, which may be awarded by the Court in the event of

recovery in any personal injury action certified as a class action under Fed. R. Civ. P. 23.

     14.    The Court is not making the determination by this Order that the Common Benefit

Attorneys shall receive any specific sum or percentage as payment of counsel fees and

reimbursement of litigation expenses.  Such a determination is specifically reserved for an

appropriate time following petitions related to such an award. Rather, this Order is intended to

develop a mechanism for the creation of a fund from which the amount of fees and costs to

which the Common Benefit Attorneys ultimately may be determined to be entitled may be

awarded and paid with reliability.

     15.    At such time as the MDL 1507 Fee and Cost Trust Account contains balances that

are not necessary to be retained for the payment of fees and costs, the Court will, upon applicable

provisions of law, following a hearing, make refunds on an equitable basis, or if such balances

are of small amounts, enter such orders concerning the disposition of such funds as are

appropriate under the law.

     SO ORDERED this _30th_ day of _March_ , 2005.

_____
UNITED STATES DISTRICT JUDGE
WM. R. WILSON, JR.

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON _3/30/05_ BY _____

8

Presented by:

Gary Eubanks & Associates
P.O. Box 3887
Little Rock, Arkansas 72203-3887
(501) 372-0266

By: _____
William Gary Holt          81090
Russell D. Marlin          2000
*Plaintiffs' Liaison Counsel*

9

Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

|  | : | **MDL DOCKET NO. 4:03-CV-1507-WRW** |
|---|---|---|
| IN RE: | : |  |
| **PREMPRO PRODUCTS LIABILITY** | : |  |
| **LITIGATION** | : | **ALL CASES** |

### AGREEMENT

This Agreement is made this _____ day of _____, _____, by and between the Plaintiffs' Steering Committee ("PSC"), personal injury counsel appointed by the United States District Court for the Eastern District of Arkansas in MDL Docket No. 1507, and the following Associated State-Court Personal Injury Counsel, _____.

The undersigned Associated State-Court Personal Injury Counsel, on behalf of themselves and the clients they represent, expressly consent to submit to the jurisdiction of the United States District Court in MDL 1507 for purposes of enforcing this Agreement and for resolving any disputes that may arise under this Agreement.

WHEREAS the United States District Court for the Eastern District of Arkansas has appointed Counsel to served as members of the PSC to facilitate the conduct of pretrial proceedings in the federal personal injury action relating to the ingestion of HORMONE THERAPY; and

WHEREAS the PSC personal injury counsel in association with other attorneys working for the common benefit of personal injury plaintiffs have developed or are in the process of developing litigation resource and reference materials which will be valuable to the litigation of state court proceeding involving HORMONE THERAPY induced injuries, including:

11

(a) collections compiled by the PSC of CD-ROMs and a virtual depository containing images of the key documents selected by the personal injury counsel from the document productions of the defendants and third-parties in MDL 1507;

(b) a bibliographic database providing a "coded" index of such key documents;

(c) collections compiled by the PSC of the depositions of each generally applicable fact witness taken in MDL 1507 and in any coordinated state-court actions in the form of transcripts, text searchable computer disks and CD-ROMs;

(d) creation of time-lines, casts of characters, and other summaries and analyses relating to the facts at issue in MDL 1507;

(e) collections compiled by the PSC of expert reports on generally applicable liability and generally applicable causation issues, as well as transcripts of such experts' testimony;

(f) collections compiled by the PSC of cross examination of defendants' experts on generally applicable liability and generally applicable causation issues; and

(g) preparation and collections compiled by the PSC of *Daubert* briefing and argument on generally applicable liability and generally applicable causation expert opinions.

which will collectively be referred to as the "PSC Personal Injury Common Benefit Resource Materials"; and

WHEREAS the undersigned Associated State-Court Personal Injury Counsel are desirous of acquiring the PSC Personal Injury Common Benefit Resource Materials and establishing an amicable working relationship with the PSC Personal Injury Counsel for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1.    With respect to each personal injury client who they represent in connection with a hormone therapy related claim, other than clients with claims filed or pending in any federal court, each of the undersigned Associated State-Court Personal Injury Counsel shall deposit or

12