cause to be deposited in an MDL 1507 Fee and Cost Account established by the District Court in the MDL three percent (3%) of the gross amount recovered by each such client. For purposes of this Agreement, the gross amount of recovery shall include the present value of any fixed and certain payments to be made in the future.

2.      The undersigned Associated State-Court Personal Injury Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC personal injury counsel a lien upon and/or a security interest in any recovery by any client who they represent in connection with any hormone induced injury, to the full extent permitted by law, in order to secure payment in accordance with the provisions of paragraph 1 of this Agreement. The undersigned Associated State-Court Personal Injury Counsel will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

3.      This Agreement shall apply to each and every claim or action arising from the ingestion of hormone therapy in which the undersigned Associated State-Court Personal Injury Counsel have a right to a fee recovery, whether it is filed in state court or is an unfiled case that results in a recovery, and whether or not the undersigned Associated State-Court Personal Injury Counsel's name is on the state court papers or settlement agreement.

4.      The undersigned Associated State-Court Personal Injury Counsel, shall notify Plaintiff's Liaison Counsel in writing the fact (but not the amount) of any recovery obtained or to be obtained based on a claim for which such counsel has a right to fee recovery (including an unfiled case) within ten (10) days of the date a settlement is made or a judgment is reached.

By _____
       Zoe Littlepage, Esq.
       Littlepage Booth
       **Plaintiffs' Lead Counsel**

By _____

       **Associated State-Court Personal Injury Counsel**

14

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 13 2010

JAMES W. McCORMACK CLERK
By: _____ DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | § | MDL Docket No. 4:03CV1507WRW |
| | § | |
| PREMPRO PRODUCTS LIABILITY | § | |
| LITIGATION | § | ALL CASES |
| | § | |

### ORDER TO IMPLEMENT PPO-6

AND NOW, THIS 13ᵗʰ DAY OF _April_, 2010, it is hereby ORDERED:

1.      The Court hereby appoints Bank of the Ozarks Trust & Wealth Management Division, Rex Kyle, President as Trustee of the MDL 1507 Common Benefit Fee and Cost Account. The Trustee shall receive payments required by PPO-6 into the Account by check payable to the order of Trustee of the "MDL 1507 Common Benefit Fee and Cost Account" and sent to Rex Kyle, President, Bank of the Ozarks Trust & Wealth Management Division, 17901 Chenal Parkway, Little Rock, AR 72223. The Common Benefit funds shall be maintained in fixed income obligations that are directly insured by the federal government or through the FDIC. Trustee shall deduct from the funds an administrative fee as previously agreed upon between the MDL 1507 PSC and the Trustee in writing on June 25, 2009.

2.      The payments required by PPO-6 will be accompanied by a statement prepared by the payer ("Payer Statement") setting forth: (1) the name and docket number of the individual case and court in which it is pending, (2) the name of the payer(s), (3) the name and full contact information for the payer's counsel of record, (4) the tax identification number of plaintiffs' counsel of record and (5) the gross amount of the settlement entered into by the payer or the judgment amount, together with any calculation pursuant to PPO-6, ¶¶ 2(a) & 3(c), and the amount of the payment required by PPO-6. If the terms of settlement are confidential pursuant

-1-

to written agreement, the Payer Statement shall be marked "CONFIDENTIAL BY
AGREEMENT DATED [date]."

3.      All records received and kept by Trustee will be maintained as confidential
material, and the only persons with access to such records will be the Court. On a semi-annual
basis, the Trustee will provide to the Court a report of the MDL 1507 Common Benefit Fee and
Cost Account's total balance and interest accrued. The information in this report shall not
include particularized information as to individual plaintiffs or individual dollar amounts. If the
report is in order, the Court will release it to Plaintiffs' and Defendants' Lead Counsel; provided
that the court will first give all defendants a ten day notice that a report is ready to be released,
and, if any defendant files a written objection to release of the report, the Court will not release it
until the Court has ruled on the objection  If the Plaintiffs' Lead Counsel has good reason to
know the Account balance at any other time, she must file a motion seeking disclosure of that
information.

SO ORDERED this *13th* day of _April_ , 2010.

_____
Honorable William R. Wilson
United States District Judge

Presented by:

Zoe Littlepage, Esq.
Plaintiffs' Lead Counsel
2043A W. Main St.
Houston, TX  77098
(713) 529-1988

ORDERFINALCOUNS

Ralph M. Cloar, Jr., Esq.
Plaintiff's Liaison Counsel
1501 N. University Ave., Suite 640
Little Rock, AR 72207
(501) 378-0106

Lyn Peeples Pruitt, Esq.
Defendant's Liaison Counsel
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525

ORDERFINALCOUNS

# EXHIBIT 6

**PLEASE RETURN TO CASHIERS**
**NOTE: INTEREST BEARING ACCOUNT**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:

REZULIN PRODUCTS LIABILITY                           MASTER FILE
LITIGATION (MDL No. 1348)
                                                     00 Civ. 2843 (LAK)
This Document Relates to:  All Cases
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PRETRIAL ORDER NO. 67
#### (Escrow Account to Fund Any Award for Common Benefit Work)

LEWIS A. KAPLAN, *District Judge.*

The Plaintiffs' Executive Committee ("PEC") has applied for a so-called Order

Securing an Equitable Allocation of Counsel Fees and Costs for Common Benefit work.  In

substance, it seeks to have a portion of any settlements or awards realized in this MDL and in state

cases in which plaintiffs elect to rely on work product generated by or under the direction of the PEC

set aside to fund any award of attorneys' fees and costs that this Court might make for legal work

and expenses for the common benefit.

This Court has not determined whether any such award would be appropriate and

preserves complete freedom of action in that regard.  Nevertheless, it has concluded that the creation

of a fund against the possibility that such an award later may prove appropriate is prudent because

it essentially would preserve a *res* against which any such application might be made.  Accordingly,

the PEC's application is granted to the extent, and only to the extent, that it is hereby:

ORDERED, as follows:

2

1.    As used herein, the following terms are defined as hereinafter set forth:

(a)    "Claim Payment" means any money or thing of value paid or to be paid by any defendant to or for the benefit of any plaintiff to settle any claim asserted or to satisfy, in whole or in part, any judgment rendered in any Federal Rezulin Case or Electing State Rezulin Case.

(b)    "Common Benefit Work" means work performed and expenses incurred for the common benefit of plaintiffs in this MDL No. 1348.

(c)    "Clerk" means the Clerk of this Court.

(c)    "CRIS Account" means the Court Registry Investment System, interest bearing account.

(d)    "Federal Rezulin Case" means any action transferred to this Court as part of MDL No. 1348 except actions remanded to state courts for lack of subject matter jurisdiction or as improperly removed.

(e)    "Electing State Rezulin Case" means a State Rezulin Case in which the plaintiff(s) and their counsel have filed a Submission.

(f)    "Escrow Amount" shall mean six percent (6%) of the Recovery in a Federal Rezulin Case and four percent (4%) of the Recovery in an Electing State Rezulin Case.

(g)    "PEC" means the Plaintiffs' Executive Committee appointed pursuant to Pretrial Order No. 1.

(h)    "Recovery" means the gross amount of all payments made or to be made to or for the benefit of a plaintiff pursuant to any settlement or in satisfaction or compromise of any judgment in a Federal Rezulin Case or an Electing State Rezulin Case.  In determining the

3

gross amount of payments made or to be made to or for the benefit of any plaintiff, the paying

defendant shall include the present value of any fixed and certain payments to be made in the future.

The discount rate used in such determination shall be fixed by agreement of the payor and payee or,

failing agreement, by this Court.

        (i)      "State Rezulin Case" means any state court action seeking damages

or other relief on behalf of any person who ingested Rezulin, or any successor in interest thereto, on

the ground that the person who ingested Rezulin was or hereafter may be injured as a result of such

ingestion.

        (j)      "Submission" means a document, in a form to be approved by this

Court, whereby the plaintiff(s) and his, her or their counsel in a State Rezulin Case (A) agrees to be

bound by, and (B) submits to the jurisdiction of this Court for purposes of enforcement of, this Order

and the entry and enforcement of any subsequent order relating to attorneys' fees and costs with

respect to Common Benefit Work.

        2.      Before making any Claim Payment, each paying defendant shall deduct

therefrom and pay to the Clerk for deposit to the CRIS Account the Escrow Amount. The funds thus

deposited, and any interest earned thereon, shall be held pending further order of this Court and will

be used only to pay any award of attorney's fees and costs that hereafter may be made in respect of

Common Benefit Work, with any excess after payment of any such fees and costs being paid to the

settling plaintiffs in proportion to their respective interests in the account. At the time of each

payment, the paying defendant shall inform the PEC, the defendants' liaison counsel, and the Clerk,

in writing, of the following:

        (a)      The name(s) and address(es) of the plaintiff or plaintiffs for whose

4

benefit the payment is made and of their attorneys;

    (b)    The title and docket number of the case(s) in respect of which the payment is made and the court in which the case is pending;

    (c)    The amount of the Recovery;

    (d)    The amount of the Escrow Amount;

    (e)    The amount of the deposit;

    (f)    The name(s) and address(es) of the persons or entities contributing the amount deposited and of their attorneys.

The PEC, defendants' liaison counsel, and the Clerk each shall keep detailed records of all such information.

    3.    Paragraph 2 shall apply to a Federal Rezulin Case regardless of whether it or any claim asserted in it is disposed of while it is on the docket of this Court or following transfer from this Court to another federal district court for trial. The obligation to make Escrow Amount payments shall follow each Federal Rezulin Case to its final disposition in any United States court, including a court having jurisdiction in bankruptcy.

    4.    As a condition of continued or subsequent appointment by this Court of any counsel to any committee, counsel shall be deemed to have agreed to the terms of this order with respect to all Federal Rezulin Cases and Electing State Rezulin Cases in which said counsel participates.

    5.    In the event the Court awards attorneys' fees and costs in this case payable in whole or in part from funds deposited pursuant to this Order and the proceeds thereof, the amount of any such award of attorneys' fees shall be deducted from the total amount of counsel fees payable

5

to individual plaintiffs' counsel so that the Common Benefit Attorneys' portion shall not diminish the net recovery that any plaintiff would have received had there been no such award. Any award in respect of disbursements shall be prorated among the plaintiffs whose Claim Payments were deposited, in part, in the CRIS Account in proportion to their Recoveries.

6.    Nothing in this Order will limit the amount of attorneys' fees and costs that may be awarded by the Court in the event of recovery in any action certified as a class action under Rule 23 of the Federal Rules of Civil Procedure.

7.    Should the balance in the CRIS Account in respect of Escrow Amounts and the proceeds thereof exceed what the Court deems likely to be necessary to fund any attorneys' fee and cost award, it reserves the right to distribute any excess to the plaintiffs in respect of whom Escrow Amounts have been received in proportion to their respective contributions.

8.    The Clerk, as soon as the business of his office allows, shall prepare the necessary forms to effectuate the transfer of funds hereafter received pursuant to this Order from the registry of this Court to the registry of the United States District Court for the Southern District of Texas for the purpose of placing said funds in the CRIS Account.

9.    The Clerk shall deduct from the income earned on the investment a fee not exceeding that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office of United States Courts whenever such income becomes available for deduction from the investment so held and without further order of this Court.

10.    Plaintiffs' Liaison Counsel shall serve signed copies of this Order on the Clerk and on a financial deputy in the Cashier's Office.

11.    On or before April 1, 2002, the PEC and defendants' liaison counsel shall

6

submit an agreed proposed form of Submission for approval by the Court.

    12.    The emergency motion of the PEC to preserve a *res*, etc., is denied as moot.

Dated: March 20, 2002

Copies mailed 03/20/02
Chambers of Judge Kaplan
   PMC

_____
Lewis A. Kaplan
United States District Judge

It is ORDERED that counsel to whom this Order is
sent is responsible for faxing a copy to all counsel
and retaining verification of such in the case file
Do not fax such verification to Chambers

# EXHIBIT 7

1

2                                                  HONORABLE BARBARA J. ROTHSTEIN

3

4                    FILED _____ ENTERED

5            _____ LODGED _____ RECEIVED

6                    JUL 0 9 2002

7            CLERK U.S. DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
8            BY                        DEPUTY



9

10

11                    UNITED STATES DISTRICT COURT

12                    WESTERN DISTRICT OF WASHINGTON
                            AT SEATTLE

13   IN RE: PHENYLPROPANOLAMINE              MDL Docket No. 1407
     (PPA) PRODUCTS LIABILITY
14   LITIGATION.                             AMENDED CASE MANAGEMENT
                                            ORDER NO. 8,
15   This document relates to all actions.   ESTABLISHING PLAINTIFFS'
                                            LITIGATION EXPENSE FUND
16                                           TO COMPENSATE AND
                                            REIMBURSE ATTORNEYS FOR
17                                           SERVICES PERFORMED AND
                                            EXPENSES INCURRED FOR
18                                           COMMON BENEFIT [**PROPOSED**]

19

20        AND NOW, THIS __8th__ DAY OF ___July_____, 2002, it is hereby

21   ORDERED, ADJUDGED AND DECREED that:

22             A.    Set Aside for Counsel Fees and Costs in MDL 1407

23             1.    The Court finds that this litigation has advanced to the point that it is

24   appropriate to establish a fair system for the sequestration of a certain percentage of all

25   payments by defendant(s) to plaintiff(s) in fulfillment of obligations to settle claims of

26

27   plaintiffs from time to time as well as to satisfy judgments that may result in some

28   AMENDED CASE MANAGEMENT ORDER NO. 8,                    LEVINSON FRIEDMAN, P.S.
     ESTABLISHING PLAINTIFFS' LITIGATION                        PACIFIC BUILDING
                                                            720 THIRD AVENUE, SUITE 1800
     EXPENSE FUND (MDL Docket No. 1407) – Page 1                SEATTLE, WA 98104-1845
                                                                  (206) 624-8844
                                                               fax (206) 624-2912

ORIGINAL

instances (all such payments hereinafter referred to as "claim payments"). The funds so sequestered are to be available to provide for reimbursement of costs and payment of attorneys' fees to the Plaintiffs' Steering Committee ("PSC") and other attorneys who have been authorized by the PSC, pursuant to the Court's "Order Appointing Members to Plaintiffs' and Joint Committees" (entered Jan. 17, 2002), to perform work for the benefit of plaintiffs in MDL 1407 and any state-court counsel that agrees to be coordinated hereunder (hereinafter the "Common Benefit Attorneys"), subject to a proper showing in the future.

2.       Before making any claim payment to a plaintiff whose action has been subject to coordinated pretrial proceedings in MDL 1407, defendants shall deduct from such payments an amount equal to four (4) percent for the federal court recoveries and three (3) percent for the state court coordinating case recoveries of the aggregate of the amount being paid and any amounts to be paid to the plaintiff in the future; and shall pay such sum as hereinafter provided for deposit into the MDL 1407 Fee and Cost Account. In measuring the gross amount due or to become due to any plaintiff as such claim payments, the defendant shall include the present value of any fixed and certain payments to be made in the future.

3.       The requirements of paragraph 2 shall apply regardless of whether a plaintiff's case is disposed of during the time it is on the docket of the transferee court, or following remand or transfer from the transferee court to another federal district court for trial, or transfer to other district courts in accordance with 28 U.S.C. § 1404 or other provisions of law. The obligation shall follow the case to its final disposition in any United States court, including a court having jurisdiction in bankruptcy.

AMENDED CASE MANAGEMENT ORDER NO. 8,
ESTABLISHING PLAINTIFFS' LITIGATION
EXPENSE FUND (MDL Docket No. 1407) – Page 2

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

4.      As a condition of appointment made by this Court of any counsel to any committee, counsel deemed to have agreed to the terms of paragraph 2 for all said counsel retaining any recovery in both federal and state forums, however, recoveries in federal forums shall be subject to a four (4) percent assessment and recoveries in state forums (or unfiled cases that result in a recovery) shall only be subject to a three (3) percent assessment.

5.      State Court counsel who wish to obtain the PSC's proprietary attorney work product described herein shall voluntarily agree to the terms of this Order upon execution of the express written agreement attached hereto as "Exhibit 1". 1 No State Court litigant will be subject to a tax, fee, assessment or other charge imposed by this Court except upon execution of an express written agreement with the PSC to share the PSC's proprietary attorney work product.  For the purposes of this Order, "proprietary attorney work product" of the PSC shall not include fact depositions taken in these MDL proceedings, transcripts and videotapes thereof and/or exhibits thereto, and shall not include any documents produced in PPA litigation by any party or by any non-party pursuant to any Notice of Subpoena served in these MDL proceedings.

Accordingly, no tax, fee, assessment or other charge will be imposed on any State Court litigant by virtue of attending and participating in fact depositions conducted in this MDL proceedings, and/or use by any party of transcripts, videotapes and/or exhibits from such depositions or documents produced in the PPA MDL litigation in a State Court Case.  Before making any claim payment to a state court plaintiff who

---

1      The proposed Agreement for state court attorneys who voluntarily agree to the use of the MDL work product is attached hereto as "Exhibit 1" .

AMENDED CASE MANAGEMENT ORDER NO. 8,
ESTABLISHING PLAINTIFFS' LITIGATION
EXPENSE FUND (MDL Docket No. 1407) – Page 3

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1843
(206) 624-8844
fax (206) 624-2912

has voluntarily agreed to coordinate by accepting the terms of this CMO, defendants

shall withhold from such payments an amount equal to three (3) percent of the

aggregate of the amount being paid and any amounts to be paid in the future; and shall

pay such sum as herewith provided for deposit into the MDL 1407 fee and cost account.

The PSC and each defendant subject to this Order shall promptly notify defendant's

liaison counsel of any state court attorney who they have reason to believe is a

Common Benefit Attorney.

6.      Defendants shall have primary responsibility for withholding the four

percent (4%) and three percent (3%) set-off of the claim payments and tendering such

sums to the MDL 1407 Fee and Cost Account. If, however, a defendant fails to do so,

in addition to the Court's power generally, including the exercise of its powers to compel

payment by defendant in compliance with this Order, the Court, under appropriate

circumstances, can be expected to seek such payment from the plaintiff and/or his or

her counsel under terms that are just and equitable.

7.      The Court shall cause the Defendants to deposit the set-off payments, as

provided in this Order, into the Registry of this District Court in an interest-bearing

account. All funds in the account will be held as funds subject to the direction of the

Court.

8.      The Defendants' Co-Lead Counsel shall maintain detailed records which

identify the plaintiffs and plaintiffs' counsel's names, current address and telephone

numbers, civil actions or other identifying number, amount of deposit, date of deposit,

identification of the parties contributing to the amount deposited (and any allocation if

more than one contribution is being made), and other information that may be required

AMENDED CASE MANAGEMENT ORDER NO. 8,
ESTABLISHING PLAINTIFFS' LITIGATION
EXPENSE FUND (MDL Docket No. 1407) – Page 4

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

by the circumstances.  All such records shall be maintained as highly confidential material and the only persons with access to such records shall be the Court and Defendants' Co-Lead Counsel.  Plaintiffs' Co-Lead Counsel shall have access to the information limited only to the total amount of funds in the account, but not to the particularized information as to individual plaintiffs or individual dollar amounts.

9.      Each party who is in any way affected by the creation of an obligation to make a claim payment is jointly and severally liable for promptly reporting to the Registry of this District Court and the PSC the terms of any settlement or judgment that may be subject to this Order as well as the information described in paragraph 8 so the Court and Co-Lead Counsel can monitor compliance with this Order.

10.      Upon a proper showing, the Common Benefit Attorneys will be entitled to receive an award of counsel fees and reimbursement of out-of-pocket litigation expenses to be paid from the MDL 1407 Fee and Cost Account in such amounts as are determined by the Court, after a hearing, based on the appropriate and controlling law. In making such an award, the Court will first determine the amount of costs for which reimbursement is appropriate.  The amount remaining in the MDL 1407 Fee and Cost Account after deducting the amount of costs awarded by the Court will be available for any award of counsel fees.  In making an award of counsel fees to the Common Benefit Attorneys and in apportioning any fee award among those attorneys, appropriate consideration will be given to the experience, talent, and contribution made by each Common Benefit Attorney who seeks to recover counsel fees from the MDL 1407 Fee and Cost Account, provided, however, that the Court will only consider compensation for those services which were authorized by the PSC.

AMENDED CASE MANAGEMENT ORDER NO. 8,
ESTABLISHING PLAINTIFFS' LITIGATION
EXPENSE FUND (MDL Docket No. 1407) – Page 5

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

11.     Any sum ordered to be paid by the Court pursuant to this Order as an award of counsel fees shall be deducted from the gross recovery that any plaintiff would have been entitled to receive.  Any sum ordered to be paid by the Court pursuant to this Order as reimbursement for out-of-pocket costs shall be prorated among the plaintiffs whose claim payments were deposited, in part, in the MDL 1407 Fee and Cost Account.

12.     Nothing in this Order will limit the amount of attorneys' fees and costs, in the form of a percentage award or otherwise, which may be awarded by the Court in the event of recovery in any action certified as a class action under *Fed.R.Civ.P. 23.*

13.     The Court is not making the determination by this Order that the Common Benefit Attorneys shall receive any specific sum as payment of counsel fees and reimbursement of litigation expenses.  Such a determination is specifically reserved for an appropriate time following petitions related to such an award.  Rather, this Order is merely intending to develop a mechanism for the creation of a fund from which the amount of fees and costs which the Common Benefit Attorneys are ultimately entitled may be awarded and paid with reliability.

14.     At such time as the MDL 1407 Fee and Cost Account contains balances that are not necessary to be retained for the payment of fees and costs, the Court will, upon applicable provisions of law, following a hearing, make refunds on an equitable basis, or if such balances are of small amounts, enter such orders concerning the disposition of such funds as are appropriate under the law.

AMENDED CASE MANAGEMENT ORDER NO. 8,
ESTABLISHING PLAINTIFFS' LITIGATION
EXPENSE FUND (MDL Docket No. 1407) – Page 6

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

1

2

3     SO ORDERED this 8th day of July , 2002.

4

5

6     Honorable Barbara Jacobs Rothstein

7     United States District Judge

8

9
      Presented by:
10
      *Levinson Friedman, P.S.*
11

12
      By _____
13    Lance E. Palmer
      WSBA #18141
14    **Plaintiffs' Liaison Counsel**

15

16

17

18

19

20

21

22

23

24

25

26

27

28
      AMENDED CASE MANAGEMENT ORDER NO. 8,
      ESTABLISHING PLAINTIFFS' LITIGATION
      EXPENSE FUND (MDL Docket No. 1407) – Page 7

      LEVINSON FRIEDMAN, P.S.
      PACIFIC BUILDING
      720 THIRD AVENUE, SUITE 1800
      SEATTLE, WA 98104-1843
      (206) 624-8844
      fax (206) 624-2912

# Exhibit 1

1

2
                          THE HONORABLE BARBARA J. ROTHSTEIN

3

4

5

6

7

8

9

10

11
UNITED STATES DISTRICT COURT

12
WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

13
IN RE: PHENYLPROPANOLAMINE        MDL Docket No. 1407

14
(PPA) PRODUCTS LIABILITY

LITIGATION.

15
                          AGREEMENT BETWEEN PSC

AND STATE COURT ATTORNEY

16
This document relates to all actions.

17
## AGREEMENT

18
This Agreement is made this _____ day of _____, 2002, by and

19
between the Plaintiffs' Steering Committee ("PSC") appointed by the United States

20
District Court for the Western District of Washington in MDL Docket No. 1407 and

21
**[FILL IN THE NAME OF THE FIRM EXECUTING THE AGREEMENT]** (hereinafter "the

22
State Attorneys").

23

24
WHEREAS the United States District Court for the Western District of

25
Washington has appointed Counsel to serve as members of the PSC to facilitate the

26
conduct of pretrial proceedings in the federal actions relating to the ingestion of PPA;

27
and

28
AGREEMENT BETWEEN PSC AND STATE
COURT ATTORNEY(MDL Docket No. 1407) -
Page 1

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

1
2        WHEREAS the PSC in association with other attorneys working for the common
3  benefit of plaintiffs have developed or are in the process of developing work product
4  which will be valuable in the litigation of state court proceedings involving PPA induced
5  injuries, including:
6           a.    CD-ROMs and a virtual depository containing images of the key
7                 documents selected by the PSC from the document productions of
                  the defendants and third-parties in MDL 1407;
8
9           b.    a bibliographic database providing a "coded" index of such key
                  documents;
10
11          c.    the depositions of each generally applicable fact witness taken in
                  MDL 1407 and in any coordinated state-court actions in the form of
                  paper transcripts, text searchable computer disks and CD-ROMs
12                and videotapes of videotaped depositions; and
13
            d.    time-lines, casts of characters, and other work product relating to
14                the facts at issue in MDL 1407;
15
    which will collectively be referred to as the "PSC Work Product"; and
16
17       WHEREAS the State Attorneys are desirous of acquiring the PSC Work Product
18  and establishing an amicable working relationship with the PSC for the mutual benefit of
19  their clients;
20       NOW, THEREFORE, in consideration of the covenants and promises contained
21  herein, and intending to be legally bound hereby, the parties agree as follows:
22       1.    With respect to each client who they represent in connection with a PPA
23  related claim, other than clients with claims filed or pending in any federal court, each of
24
25  the State Attorneys shall deposit or cause to be deposited in an MDL 1407 Fee and
26  Cost Account established by the District Court in the MDL three (3) percent of the gross
27  amount recovered by each such client. For purposes of this Agreement, the gross
28

AGREEMENT BETWEEN PSC AND STATE
COURT ATTORNEY(MDL Docket No. 1407) -
Page 2

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912