UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | CASE NO. 2:09-MD-02047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION L |
| | ) | |
| | ) | JUDGE FALLON |
| (RELATES TO ALL CASES) | ) | |
| | ) | MAG. JUDGE WILKINSON |

**CHARTIS' OPPOSITION TO THE PLAINTIFF STEERING COMMITTEE'S MOTION FOR AN ACCOUNTING AND OTHER RELIEF AND EMERGENCY MOTION FOR AN ORDER PREVENTING THE PAYMENTS OR TRANSFER OF CERTAIN MONEYS OR, IN THE ALTERNATIVE, FOR COURT ORDERED MEDIATION AND TEMPORARY STAY OF <u>ALL OUTSIDE SETTLEMENT ACTIVITIES</u>**

**NOW INTO COURT,** through undersigned counsel, comes Chartis,[1] and submits this Opposition to the Plaintiffs Steering Committee's Motion for an Accounting and Other Relief (Document # 6669) and Emergency Motion for an Order Preventing the Payments or Transfer of Certain Moneys or, in the alternative, for Court Ordered Mediation and Temporary Stay of All Outside Settlement Activities (Document # 6947) and Joinder to the Insurer Steering Committee's

---

[1] "Chartis" refers to Defendants Chartis Select Insurance Company, individually and as successor-in-interest to AIG Excess Liability Insurance Company, Ltd. (f/k/a Starr Excess Liability Insurance Company, Ltd.) as the alleged insurer of L&W Supply Corporation d/b/a Seacoast Supply Company ("L&W") and USG Corporation ("USG"); Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company as the alleged insurer of Banner Supply Co., Banner Supply Company Ft. Myers, LLC, Banner Supply Company Pompano, LLC, Banner Supply Company Port St. Lucie, LLC, Banner Supply Company Tampa, LLC, Banner Supply International, LLC (collectively "Banner") and Interior/Exterior Building Supply, LP and Interior/Exterior Enterprises, LLC (collectively "Interior/Exterior"); Illinois National Insurance Company as the alleged insurer of Banner, L&W and USG; Lexington Insurance Company as the alleged insurer of L&W and USG; and National Union Fire Insurance Company of Pittsburgh, PA as the alleged insurer of F. Vicino and Company, Inc., Banner, L&W, and USG.

Opposition thereto (Document # 7379).  Chartis, in its capacity as identified in Footnote 1 herein, joins, adopts and incorporates the Insurer Steering Committee's Opposition Brief on its own behalf.

In addition to the response set forth therein, Chartis herein addresses the alternative relief sought by the Plaintiffs Steering Committee as follows:  In their motion, Plaintiffs seek in the alternative an order requiring mediation between the Plaintiffs Steering Committee and Defendants, before John Perry, within thirty days of the Court's order.  In the interim, Plaintiffs request that the Court stay all pending settlements, as well as disbursements of moneys in full or partial settlement or resolution of any claim related to the subject matter of this litigation.

For many of the same reasons discussed in the Insurer Steering Committee's Opposition Brief opposing imposition of an injunction, the Plaintiffs' request for a stay and court-ordered mediation is unjustified and inappropriate.  Staying disbursement of settlement proceeds pending a mediation would not be in the public interest.  *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985) ("[P]ublic policy favors voluntary settlements which obviate the need for expensive and time-consuming litigation").

Disrupting the settlement process would be particularly unjustified in this case because mediation is undeniably premature.  Defendants have not presented their Rule 12 defenses in reliance on the Court-ordered stay and the Plaintiff Steering Committee's continued assurances that the *Amato* complaint is not complete.  Moreover, Chartis has been offered little to no information regarding the claims and, therefore, cannot reasonably evaluate the liability in issue or the potential for coverage under its policies.  While Chartis acknowledges that mediation at an appropriate time may be a valuable tool, a Court ordered mediation now is entirely premature, would be a waste of the parties' time and resources, and would serve only to further delay litigation of this dispute and possible settlement of underlying claims.

**WHEREFORE,** for the reasons set forth above and in the Insurer Steering Committee's Opposition Brief, Chartis respectfully requests that this Court deny the Plaintiffs Steering Committee's Motion for an Accounting and Other Relief (Document # 6669) and Emergency Motion for an Order Preventing the Payments or Transfer of Certain Moneys or, in the alternative, for Court Ordered Mediation and Temporary Stay of All Outside Settlement Activities (Document # 6947).

Dated:   February 9, 2011                    Respectfully submitted:

/s/ Thomas E. Schwab
Thomas E. Schwab (La. Bar No. 2099)
BARKLEY & THOMPSON, L.C.
1515 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Phone: (504) 595-3370
Fax: (504) 595-3355
E-mail: **tschwab@barkleythompson.com**


Joseph A. Hinkhouse
Sara Uffelman Gattie
HINKHOUSE WILLIAMS WALSH
180 North Stetson Street, Suite 3400
Chicago, Illinois 60601
Phone: (312) 784-5454
Fax: (312) 784-5494
E-mail:       **jhinkhouse@hww-law.com**
              **sgattie@hww-law.com**

**Attorneys for Defendants Chartis Select Insurance Company, individually and as successor-in-interest to AIG Excess Liability Insurance Company, Ltd. (f/k/a Starr Excess Liability Insurance Company, Ltd.) as the alleged insurer of L&W Supply Corporation d/b/a Seacoast Supply Company ("L&W") and USG Corporation ("USG"); Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company as the alleged insurer of Banner Supply Co., Banner Supply Company Ft. Myers, LLC, Banner Supply Company Pompano,**

**LLC, Banner Supply Company Port St. Lucie, LLC, Banner Supply Company Tampa, LLC, Banner Supply International, LLC (collectively "Banner") and Interior/Exterior Building Supply, LP and Interior/Exterior Enterprises, LLC (collectively "Interior/Exterior"); Illinois National Insurance Company as the alleged insurer of Banner, L&W and USG; Lexington Insurance Company as the alleged insurer of L&W and USG; and National Union Fire Insurance Company of Pittsburgh, PA as the alleged insurer of F. Vicino and Company, Inc., Banner, L&W, and USG.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Chartis' Opposition to the Plaintiff Steering Committee's Motion for an Accounting and Other Relief and Emergency Motion for an Order Preventing the Payments or Transfer of Certain Moneys Or, in the Alternative, for Court Ordered Mediation and Temporary Stay of All Outside Settlement Activities has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of February, 2011.

                                                                                  /s/ Thomas E. Schwab
                                              ATTORNEYS FOR DEFENDANT,

**Attorneys for** Defendants Chartis Select Insurance Company, individually and as successor-in-interest to AIG Excess Liability Insurance Company, Ltd. (f/k/a Starr Excess Liability Insurance Company, Ltd.) as the alleged insurer of L&W Supply Corporation d/b/a Seacoast Supply Company ("L&W") and USG Corporation ("USG"); Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company as the alleged insurer of Banner Supply Co., Banner Supply Company Ft. Myers, LLC, Banner Supply Company Pompano, LLC, Banner Supply Company Port St. Lucie, LLC, Banner Supply Company Tampa, LLC, Banner Supply International, LLC (collectively "Banner") and Interior/Exterior Building Supply, LP and Interior/Exterior Enterprises, LLC (collectively "Interior/Exterior"); Illinois National Insurance Company as the alleged insurer of Banner, L&W and USG; Lexington Insurance Company as the alleged insurer of L&W and USG; and National Union Fire Insurance Company of Pittsburgh, PA as the alleged insurer of F. Vicino and Company, Inc., Banner, L&W, and USG.