UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * | MDL No. 2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * ** * * * * * * ** * * * * * ** * *

**THIS DOCUMENT RELATES TO:** *All Cases*

**DEFENDANTS TAISHAN GYPSUM CO. LTD. AND TAIAN TAISHAN PLASTERBOARD CO., LTD.'S OPPOSITION TO THE PSC'S RENEWED MOTION CHALLENGING THE ADEQUACY AND COMPLETENESS OF THEIR DISCOVERY RESPONSES AND TO COMPEL DISCOVERY AND JURISDICTIONAL DEPOSITIONS TO BEGIN IN FEBRUARY 2011**

Defendants Taishan Gypsum Co. Ltd. ("TG") and Taiain Taishan Plasterboard Co., Ltd. ("TTP") (together, "Defendants") submit this memorandum in opposition to the Plaintiffs' Steering Committee's (the "PSC") "Renewed Motion Challenging the Adequacy and Completeness of [Defendants'] Discovery Responses and to Compel Discovery and Jurisdictional Depositions" ("Renewed Motion to Compel"). (Rec. Doc. No. 7364.) The Court should deny the Renewed Motion to Compel because: (1) contrary to the PSC's speculative and baseless assertions, the entry of a preliminary default against certain TG subsidiaries that failed to appear does not indicate that TG intends not to comply with the Court's order or any of its obligations with respect to jurisdictional discovery; and (2) the motion is premature in view of the Court's order denying the PSC's original motion to compel with leave to re-file only after the depositions of Defendants.

## PROCEDURAL HISTORY[1]

### A.   The PSC's Motion to Compel and Defendants' Motion for a Protective Order

On December 17, 2010, TG and TTP submitted responses to PSC's discovery requests concerning personal jurisdiction. While Defendants objected to the overbroad nature of the PSC's requests, they agreed to produce all available documents relating to the manufacture or sale of drywall to the U.S. by them or by the only other TG subsidiary besides TTP that manufactured drywall for export to the U.S., Taishan Gypsum (Weifang) Co. Ltd.  (Spano Decl. ¶ 6.)[2]  Despite Defendants' reassurances that they had provided all information concerning any subsidiary that may have manufactured drywall that could have been exported for use in the U.S., the PSC filed a motion to compel on January 12, 2011 seeking, *inter alia*, further answers to the Interrogatories and Document Requests relating to the activities of TG's subsidiaries and upstream affiliates ("Motion to Compel"). (Rec. Doc. No. 6964.)

TG and TTP filed a Motion for a Protective Order on January 14, 2011 requesting that the scope of deposition discovery be limited to their contacts with the U.S. in connection with their manufacture or sale of drywall. (Rec. Doc. No. 7003.)  On January 18, 2011, Defendants also opposed the PSC's Motion to Compel. (Rec. Doc. No. 7026.)  In both motions, TG and TTP argued that the PSC improperly seeks to engage in a "fishing expedition" concerning their relationship with the Chinese government and some forty other entities, without any showing that such is relevant to the question of personal jurisdiction over TG or TTP.  Plaintiffs have not

---

[1] The procedural history of the proceedings is set forth in Defendants' Motion for a Protective Order filed with the Court on January 14, 2011 (Rec. Doc. No. 7003), and Defendants' opposition to PSC's Motion to Compel filed on January 18, 2011 (Rec. Doc. No. 7026), and will not be repeated at length here.  Both of these motions/briefs filed by Defendants are incorporated herein by reference.

[2] Citations to the "Spano Decl." refer to the Declaration of Frank T. Spano, dated January 18, 2011, submitted with Defendants' opposition to PSC's Motion to Compel. (Rec. Doc. No. 7026-1)

pled any facts which could suggest that TG or TTP's jurisdictional contacts with the U.S. were influenced or controlled by other entities. (Rec. Doc. No. 7026 at 2-3.)

**B.     Oral Argument and the Court's Order**

On January 20, 2011, the Court heard argument on the motions. The Court also heard argument concerning Plaintiffs' motion for a preliminary default against certain subsidiaries of TG in *Gross*. The Court explicitly cautioned that the discovery motions and the default motions should not be conflated. (Renewed Motion to Compel, Ex. B at 11.) At the hearing, the Court denied the PSC motion to compel additional document discovery with leave to re-file, if necessary, after the Defendants' Rule 30(b) jurisdictional depositions. The Court stated: "Let's do it this way: Let's take the depositions of the people that they say. Let's do a 30(b)(6) of those individuals. It may not be sufficient, but let's do that first." *Id.* at 19 (emphasis added). When the PSC further asked "When we go to Hong Kong, are we precluded, even though we don't have documents, from asking questions about these other entities?", the Court answered, "No." *Id.* at 20.

The same day the Court entered an order permitting the PSC to question TG and TTP concerning their relationships with other entities, providing that the "scope of the depositions is to be broad, including *questions* about related, subsidiary, parent, and affiliated companies." (Rec. Doc. No. 7136 at 3) (emphasis added). The same order addressed the PSC's Motion for Default Judgment in *Gross*, which sought preliminary defaults against TG's non-appearing subsidiaries (the "Subsidiaries"). (*Id.* at 1, citing Rec. Doc. No. 5621.) The Court stayed the motion for one week allowing the Subsidiaries to appear or warned that, if the Subsidiaries failed to appear, it would move forward with the default. *Id.*

C.     The PSC's Renewed Motion to Compel

Subsequent to the January conference, the PSC and counsel for Defendants conferred and agreed that depositions would take place in Hong Kong during the week of April 4, 2011. Just one day after that agreement was reached, the PSC filed its renewed motion to compel discovery of the additional documents that the Court had denied.

## ARGUMENT

### I.     THE RENEWED MOTION TO COMPEL IS UNJUSTIFIED AND PREMATURE

The PSC has ignored the Court's warning not to conflate the *Gross* default motion and the motions relating to the scope of personal jurisdiction discovery. Instead, the PSC alleges that the Subsidiaries' failure to appear in *Gross* indicates that TG and TTP "intend to be obstreperous and prevent discovery of their affiliates' activities related to personal jurisdiction . . . ." (Renewed Motion to Compel, Memo. of Law, at 2.) The Subsidiaries' failure to appear indicates nothing of the kind. The parties have agreed to conduct the Rule 30(b)(6) depositions of TG and TTP during the week of April 4, 2011 in Hong Kong, and in accordance with the Court's ruling, "the scope of the depositions is to be broad, including questions about related, subsidiary parent and affiliated companies." (Rec. Doc. No. 7136 at 3.) Thus, Plaintiffs may question TG and TTP regarding "their affiliates' activities related to personal jurisdiction." TG and TTP will provide that information to the extent it is within their corporate knowledge.[3] Thus, even if the Subsidiaries had appeared, the scope of jurisdictional discovery of TG and TTP pursuant to the Court's order would be the same. There is simply no basis for the PSC's unfounded allegation that TG and TTP intend to "prevent discovery."

---

[3] As it was required to do, TG has produced documents within its possession and control concerning its subsidiaries' contacts and communications related to the sale or potential sale of drywall made to U.S. dimensions. This amounted to more than 30,000 pages of documents. Defendants' designated witnesses will be fully prepared to address these issues in accordance with the Court's Order.

## II.     THE RENEWED MOTION IS PRE-MATURE

The Court specifically directed the parties to take the depositions "first" and depending on the testimony of TG's and TTP's witnesses, the PSC could make a determination as to whether it had a basis to seek further discovery and re-file the motion if "necessary." (Renewed Motion to Compel, Ex. B at 19.) The fact that the Subsidiaries the PSC improperly sued without any factual basis chose to default rather than appear in the *Gross* matter does not justify the PSC's attempt to reargue a motion the Court has already denied. Indeed, the Court was aware that Subsidiaries might not appear, and gave them a week to appear or face default. (Rec. Doc. No. 7136.) The Court did <u>not</u>, however, state that the PSC could re-file its motion to compel against TG and TTP if the other companies defaulted. The PSC now argues that a grant of their renewed motion would be "consistent" with the Court's Order regarding the scope of deposition testimony. (Renewed Motion to Compel, Memo. of Law, at 3.) But such a grant would be decidedly *inconsistent* as the Court has specifically deferred burdensome production of documents related to these other entities unless the depositions produce evidence to suggest that such discovery is necessary.

The PSC is simply trying to get another bite at the apple – rearguing a motion that has already been denied. The PSC's motion should be denied.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that the Court deny the PSC's Renewed Motion to Compel.

Respectfully submitted,

<u>/s/</u> Thomas P. Owen Jr.
Joe Cyr
Frank T. Spano
Eric Statman
Matthew J. Galvin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Email: Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com
matthew.galvin@hoganlovells.com
Telephone: 212-918-3000
Facsimile: 212-918-3100

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
E-mail: rcs@stanleyreuter.com
tpo@stanleyreuter.com

**Attorneys for Taishan Gypsum Co. Ltd.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Defendants Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co., Ltd.'s Opposition to the PSC's Renewed Motion Challenging the Adequacy and Completeness of Defendants' Discovery Responses and to Compel Jurisdictional Depositions to Begin in February 2011 has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of February, 2011.

*/s/* Thomas P. Owen Jr.