# EXHIBIT 5

```
                                                                        1

                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA
******************************************************************


IN RE:   CHINESE-MANUFACTURED              Docket No. 09-MD-2047
DRYWALL PRODUCTS LIABILITY                 New Orleans, Louisiana
                                           Thursday, September 2, 2010


******************************************************************


                   TRANSCRIPT OF MOTION PROCEEDINGS
              HEARD BEFORE THE HONORABLE ELDON E. FALLON
                      UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF
STEERING COMMITTEE:              HERMAN, HERMAN, KATZ & COTLAR
                                 BY:  LEONARD A. DAVIS, ESQ.
                                 820 O'Keefe Avenue
                                 New Orleans, LA 70130


                                 KANNER & WHITELEY
                                 BY:  ALLAN KANNER, ESQ.
                                 701 Camp Street
                                 New Orleans, LA 70130



FOR THE INSURERS COMMITTEE:      BARRASSO, USDIN, KUPPERMAN,
                                 FREEMAN & SARVER
                                 BY:   JUDY Y. BARRASSO, ESQ.
                                       MINOR PIPES, ESQ.
                                 909 Poydras St., Suite 1800
                                 New Orleans, LA 70112


FOR PROPERTY & CASUALTY
INSURANCE COMPANY OF HARTFORD:   ROBINSON & COLE
                                 BY:GERALD "KIP" P. DWYER, JR.,ESQ.
                                       STEPHEN E. GOLDMAN, ESQ.
                                 280 Turnbull Street
                                 Hartford, CT 06103-3597
```

1    Some of the policies have an express separate
2    contamination exclusion, everybody has contamination or contaminant
3    as part of it. And contaminant has been treated differently than
4    just the pollution argument, and we've cited cases for you, Fifth
5    Circuit case, in the *Barry* case of the Middle District where the
6    contamination exclusion was applied to, were household products,
7    eggs and sugar in those cases, contaminated because of the contact
8    and the foreign substances didn't work well together and they said
9    that's contamination. And we've cited other cases to you where
10   common household items that in a certain situation contaminated
11   something, that exclusion applied.
12       And the *Barry* case, which is out of the Middle District,
13   Judge Brady, what's interesting in that case on the contamination
14   exclusion which involved the property coverage policy, he didn't
15   look at *Doerr*, he didn't look at the arguments under the Supreme
16   Court case in *Doerr* to say it can only be environmental; he said, I
17   am looking at it, sugar was the undesirable element there, and he
18   applied the contamination exclusion. But he didn't apply the
19   pollution exclusion which was in that case the pollution exclusion
20   at issue was in a commercial general liability policy, and he
21   treated the liability policy with the pollution exclusion as a
22   different one. And that analysis applies here, these are homeowner
23   policies, these involve property coverage.
24       The whole *Doerr* test which was devised for a liability
25   policy doesn't fit here, you can't figure -- one of the questions

1  is is the insured an active polluter? Well, the insured is a
2  homeowner. If you say it can only apply to environmental cleanup,
3  this covers the home, the property in the home; and so the
4  exclusion is rendered meaningless, the homeowner exclusion, the
5  property part. A liability policy is different. They don't cite
6  one case where they've applied the *Doerr*-type analysis to a
7  homeowner property case.
8       And so, Judge, looking at the pollution -- so for those
9  reasons the contamination exclusion would apply and you don't even
10 have to get to the whole pollution exclusion. But it applies also.
11 I mean, the allegations are noxious gases, toxic gases caused, were
12 being emitted throughout the home, caused the corrosion, caused the
13 contamination and caused the losses. Those fit under either the
14 contamination or pollution. Again, on the pollution exclusion the
15 only argument being made is, we have to apply that *Doerr* analysis.
16 And because this is in a homeowner policy, we contend that the
17 *Doerr* analysis just doesn't apply. You can't ask the question here
18 whether the insured's an active polluter, whether the business
19 presents a risk of pollution, whether the business has another
20 pollution policy, it just doesn't apply.
21      The plaintiffs also attach Department of Insurance
22 advisory letters, which I am not sure is appropriate on a motion to
23 dismiss, but they don't help them because they deal with liability
24 policies, not homeowner property policies.
25      Clearly, again looking at the allegations here we're