UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN CONRY | * | CIVIL ACTION 10-4599 |
| | * | 09-MD-2047 |
| | * | |
| | * | SECTION     L |
| | * | |
| | * | |
| VERSUS | * | MAGISTRATE     2 |
| | * | |
| GERALD "JERRY" DAUGHERTY, | * | |
| THE HERB COMPANY, | * | |
| AND THE HERB IMPORT COMPANY, INC. | * | |

*******************************************

MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND
MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY
PENDING OUTCOME OF MOTION TO DISMISS

Law & Argument

Introduction:

The plaintiff in this matter is the defendant's former attorney, who was in defendant's confidence for years. Now plaintiff seeks to use that privileged relationship to launch a fishing expedition into the defendant's matters in an attempt to confect additional claims and cause undue burden and embarrassment.

**1. Defendants Request a Stay of Discovery Pending the Motion to Dismiss**

Plaintiff is a former attorney who was formerly the attorney for defendants. The design of the numerous subpoena requests is an effort to embarrass the defendants and impose unnecessary cost and expense responding to burdensome, vexatious and irrelevant demands. Plaintiff is presently the defendant in a foreclosure action for failure to make monthly payments on the mortgage he granted to defendant, Gerald Daugherty. Upon motion by a party or by the person from whom discovery is

1

sought, and for good cause shown," a district court is authorized to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[1] Jurisprudence has held that a protective order may be issued staying discovery when there is a pending motion to dismiss.[2] The logic being that a successful motion to dismiss will preclude the need for discovery altogether.

In the instant suit a motion to dismiss is set for hearing in March. Meanwhile the plaintiff has issued several subpoenas to banks, cell phone companies, insurance companies, and other entities. The pending motion to dismiss challenges the subject matter jurisdiction of this court since the plaintiff is missing crucial elements to his claim under the civil RICO statute. Moreover, without federal question this court has no jurisdiction over the claims presented by the plaintiff. Since there is a pending motion to dismiss the plaintiff's claims, and since the jurisprudence weights heavily in favor of the defendant's dismissal, a protective order staying discovery is sought.

## 2. The Defendants Move to Quash Subpoenas as They Are Overbroad, Burdensome, and Irrelevant.

A court may quash or modify a subpoena if it requires disclosure of privileged or protected matter or subjects a person to undue burden.[3] The moving party has the burden of proof to demonstrate compliance with the subpoena would be unreasonable and oppressive. Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation.[4]

Here, the defendants meet their burden of establishing the subpoenas are burdensome. The plaintiff is unreasonable in that he has requested documents and information that has absolutely no

---

1 Fed.R.Civ.P. 26(c); Dresser v. MEBA Medical & Benefits Plan, 2008 WL 2705584 (E.D.La.2008).
2 Dresser v. MEBA Medical & Benefits Plan, 2008 WL 2705584 (E.D.La.2008).
3 Fed. R.Civ.P. 45(3)(A)(i)-(iv).

relation to the immediate lawsuit. All of the plaintiff's allegations are made in connection with the foreclosure of the property located at 123 Fremont. Despite this, the plaintiff has requested "complete certified physical copy of *all claims* filed by Gerald Daugherty including submitted receipts for repairs to all properties including, but not limited to 6343 West End Blvd., New Orleans, LA 70124.

The request for *all* claims filed by the defendant, Gerald Daugherty, is unreasonably overbroad. Such a request is open-ended and does not indicate a reasonable time frame for the claims requested. Moreover, the request is overbroad in that it demands receipts for repairs to *all properties* which certainly fall outside the scope reasonableness. Additionally, even the plaintiff's subpoena of documents regarding the specific property, 6343 West End Blvd., is irrelevant. The property at 6343 West End Blvd. bears no factual relationship to this litigation and the plaintiff has failed to show the need for such documents. The importance of the instant litigation is uncertain, all of the state claims alleged by the plaintiff have prescribed, and the subject matter jurisdiction of this court is in question in a pending motion to dismiss. Finally, the subpoena requests documents from an unreasonably open ended time period, most of which bear no relationship to the lawsuit at hand, nor which the plaintiff has demonstrated a particular need. Consequently, this court must Order the aforementioned subpoenas be quashed.

The plaintiff's suit makes no allegations of wrongdoing with respect to either the Herb Import Company or the Herb Company. However, the plaintiff has also subpoenaed "all bank account statements and copies of all deposits and checks written by Gerald Daugherty or the Herb Import Company between January 1, 2005 and December 31, 2010 from any account at Chase Bank in

---

4 Wiwa v. Royal Dutch Petroleum Co., 392F.3d 812, 815 (5th Cir.2004); 28 U.S.C. §§ 1291, 1292.

Louisiana or California." The relevance of this request is questionable since the defendant's suit revolves around a sale (and eventual foreclosure) that occurred in 2008. The request for these bank statements from 2005 and forward predates the dispute. Moreover, the plaintiff has not shown *why* the bank statements of Chase Bank, Gerald Daugherty, or the Herb Import Company are relevant in the instant litigation.

This lawsuit does not involve any insurance claims whatsoever. The plaintiff's subpoena requesting "all homeowner's insurance claims" is overbroad. The plaintiff has subpoenaed the records of C.L.U.E., a comprehensive claims database for insurance companies that tracks claims history, coverage inquiries, credit scores, and other sensitive information. The plaintiff has subpoenaed all homeowner's insurance claims on file in the database as they relate to Gerald Daugherty. This request is overbroad since it does not set forth a reasonable time period in the past and is an open ended request. Also, there is no relevance of the defendant's claims history as to the plaintiff's RICO suit.

3. **The Defendants Move to Quash Subpoenas Which Requests Privileged and/or Protected Information and Trade Secrets, and Cause Undue Burden.**

Alternatively, the defendants move to quash the subpoenas request for privileged and/or protected information and trade secrets. The subpoena for all bank statements, copies of checks and deposits for the defendants is not only overbroad and irrelevant, it is a request for privileged commercial information.

4. Accordingly, defendants as the court to quash and/or suspend response to the subpoena requests issued to:

    a)   Sprint Corporate Security, and Cello Partnership d/b/a Verizon Wireless,

    b)   Louisiana Citizens Property and Casualty Insurance Co.

    c)    C.L.U.E. of Lexis Nexis;

    d)    J.P. Morgan Chase Bank of Louisiana;

    e)    Regions Bank;

    f)    City of New Orleans.

## Conclusion

A protective order should be issued staying discovery until after the motion to dismiss. The motion to dismiss may preclude the need for discovery altogether. The plaintiff's subpoenas are overbroad and open ended, without a reasonable time table for beginning or ending disclosure of the requested information. He has not shown the relevance or the need for the subpoena of all bank account statements, checks and deposits, insurance claims history and other electronically stored information, and which will cause undue burden.

Respectfully Submitted:

**JOHN DAVIDSON AND ASSOCIATES**

_____
**CHRISTOPHER J. DAVIDSON (#31693)**
**JOHN A. E. DAVIDSON (#4710)**
2901 Independence Street, Suite 201
Metairie, Louisiana 70006
Phone:    (504) 455-3832
Facsimile:    (504) 455-8981
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing the same to each properly addressed and postage prepaid on 15th day of February, 2011.

_____
JOHN A. E. DAVIDSON

5