UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL No. 2047 |
| | * | SECTION: L |
| This Document Relates to all cases | * | JUDGE: FALLON |
| | * * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| ****************************************** | * | |

RE-NOTICE OF ORAL AND VIDEOTAPED
DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO:   **Taishan Gypsum Co., Ltd.**
      Through its attorney
      Richard C. Stanley, Esq.
      Stanley Reuter Ross Thornton & Alford, LLC
      909 Poydras Street
      Suite 2500
      New Orleans, LA  70112

**PLEASE TAKE NOTICE** that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, the Plaintiffs Steering Committee will take the deposition of Taishan Gypsum Co., Ltd. beginning on Monday, April 4, 2011, and to continue for the entirety of the week until the deposition can be concluded, starting 9:00 a.m. (Hong Kong Time) each day, at the offices of Hogan Lovells, 11th Floor, One Pacific Place, 88 Queensway, Hong Kong, Ph:  +852 2219 0888, or at another location mutually agreed upon by the parties.  Pursuant to Fed. R. Civ. P. 30(b)(6), Taishan Gypsum Co., Ltd. shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of Taishan Gypsum Co., Ltd. concerning the topics identified in Schedule A attached hereto.

**If you are an attorney of record, please email cdw@golkow.com 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

| | |
|---|---|
| Primary Examiners: | A Member of the PSC, or its designee |
| Videotaped Deposition: | Yes |
| Call-In Number: | **800-747-5150 (for USA callers)** |
| | **Participant Code: 5408057** |

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows. This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein. Counsel should be aware that all matters may be discovered in the deposition beyond the following and that the following explanation is made solely in accordance with the directives provided at the status conference. This is an MDL "common" deposition for jurisdiction.

Respectfully submitted,

/s/ Leonard A. Davis_____
**Russ M. Herman** (Bar No. 6819)
rherman@hhkc.com
Leonard A. Davis (Bar No. 14190)
ldavis@hhkc.com
Stephen J. Herman (Bar No. 23129)
sherman@hhkc.com
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
*Plaintiffs' Liaison Counsel MDL 2047*

2

Arnold Levin, Esquire
Fred S. Longer, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215)592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

| | |
|---|---|
| Dawn M. Barrios<br>701 Poydras Street<br>Suite 3650<br>New Orleans, LA  70139<br>PH:  (504) 524-3300<br>Fax:  (504) 524-3313 | Daniel E. Becnel, Jr.<br>425 W. Airline Highway<br>Suite B<br>LaPlace, LA  70068<br>PH:  (985) 536-1186<br>Fax:  (985) 536-6445 |
| Robert C. Josefsberg<br>25 Flagler Street<br>8th Floor<br>Miami, FL  33130<br>PH:  (305) 358-2800<br>Fax:  (305) 358-2382 | Ervin Amanda Gonzalez<br>255 Aragon Avenue<br>Cora Gables, FL  33134<br>PH:  (305) 476-7400<br>Fax:  305) 476-7444 |
| Ben Gordon<br>316 S. Baylen Street<br>Suite 600<br>Pensacola, FL  32502<br>PH:  (850) 435-7090<br>Fax:  (850) 436-6091 | Hugh P. Lambert<br>701 Magazine Street<br>New Orleans, LA  70130<br>PH:  (504) 581-1750<br>Fax:  (504) 529-2931 |
| Arnold Levin<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA  19106<br>PH:  (215) 592-1500<br>Fax:  (215) 592-4663 | Gerald E. Meunier<br>2800 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA  70163-2800<br>PH:  (504) 522-2304<br>Fax:  (504) 528-9973 |
| Jerrold Seth Parker<br>3301 Bonita Beach Road<br>Bonita Springs, FL  34134<br>PH:  (239) 390-1000<br>Fax:  (239) 390-0055 | James Robert  Reeves<br>160 Main Street<br>Biloxi, MS  39530<br>PH:  (228) 374-5151<br>Fax:  (228) 374-6630 |

| | |
|---|---|
| Christopher Seeger<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>Fax:  (212) 584-0799<br><br>Scott Weinstein<br>12800 University Drive<br>Suite 600<br>Ft. Myers, FL  33907<br>PH:  (239) 433-6880<br>Fax:  (239) 433-6836<br><br>Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431 | Bruce William Steckler<br>3102 Oak Lawn Ave.<br>Suite 1100<br>Dallas, TX  75219<br>PH:  (214) 523-6674<br>Fax:  (214) 520-1181<br><br>Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>PH:  (757) 233-0009<br>Fax:  (757-233-0455 |

**PLAINTIFFS' STEERING COMMITTEE**

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.WSuite  650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201<br>rlewis@hausfeldllp.com<br><br>Andrew A. Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 (mailing address)<br>15058 River Road<br>Hahnville, LA  70057<br>Phone:  (985) 783-6789<br>Fax:  (985) 783-1333<br>andrew@lemmonlawfirm.com | Jeremy W. Alters<br>Alters Law Firm<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@alterslaw.com |

4

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Re-Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of February, 2011.

    /s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhkc.com

## SCHEDULE A

## DEFINITIONS

"**Chinese Drywall**" shall mean the defective Chinese drywall imported into the United States and at issue in this Multidistrict Litigation No. 2047.

"**Defendant**" or "**you**" or "**your**" shall mean Taishan Gypsum Co., Ltd., in its present form or whether known by any other name(s) during the Relevant Time Period, and/or any of its officers, directors, employees, agents, or representatives, as applicable.

"**Document**" or "**documents**" means and includes any written, recorded, or graphic matter, however produced or reproduced, whether or not in the possession, custody, or control of Defendant and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, books, brochures, notes, diaries, notebooks, ledgers, letters, contracts, checks, drawings, graphs, charts, reports, records, statements, receipts, computer diskettes, computer printouts, teletypes, telecopies, invoices, worksheets, lists, memoranda, correspondence, telegrams, schedules, photographs, sound recordings, films, computer media, or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.

"**Other Entities**" means, collectively, any subsidiary, affiliate or agent of Pingyi Baier Building Materials Co., Ltd., Taishan, Beijing New Building Materials Public Limited Co. ("BNBM"), China National Building Material Co., Ltd., Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"), China National Building Materials Group Co. ("CNBM Group"), CNBM USA Corp., Chenxiang, Sinkiang Tianshan Building Material and Gypsum Product Co., Ltd., Taishan Gypsum Co., Ltd. Lucheng Branch, Ynan Taishan Gypsum and Building Material Co., Ltd., Tai'an Jindin Building Material Co., Ltd., Taishan Gypsum

(Xiangtan) Co., Ltd., Taishan Gypsum (Pingshan) Co., Ltd., Taishan Gypsum (Hengshui) Co., Ltd., Taishan Gypsum (Henan) Co., Ltd., Hubei Taishan Building Material Co., Ltd., Taishan Gypsum (Tongling) Co., Ltd., Weifang Aotai Gypsum Co., Ltd., Taishan Gypsum (Pizhou) Co., Ltd., Fuxin Taishan Gypsum and Building Material Co., Ltd., Taishan Gypsum (Wenzhou) Co., Ltd., Taishan Gypsum (Chongqing) Co., Ltd., Taishan Gypsum (Jaingyin) Co., Ltd., Qinhuangdao Taishan Building Material Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd., Tai'an Tiashan Gypsum Board Co., Ltd., Taishan Gypsum (Baotou) Co., Ltd., Shaanxi Taishan Gypsum Co., Ltd., Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Chenxiang Building Materials Co., Ltd., Shanghai Yu Yuan Imp & Exp Co., Ltd., Prowall Drywall, Inc. a/k/a Prowall, International Materials Trading a/k/a IMT Gypsum, International Materials Trading, Ltd., IMT, International Materials Trading IMT Chinese Plasterboard, International Materials Trading (IMT) Gypsum, Panel Rey a/k/a Panel de Yeso Panel, Shamrock Gold, Gridmarx a/k/a GridmarX, Grid Marx, GridMarX, Gypsum Board, USB, and Pabco.

"**Related Entity**" means any subsidiary, affiliate or agent You identified in response to Interrogatory Nos. 1 and 2 of Plaintiffs' First Set of Interrogatories Concerning Jurisdictional Issues Addressed to Defendants, Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. served on You on September 24, 2010.

"**Person**" means any natural person, corporation, partnership, business, governmental body, or entity of any kind.

"**Relevant Time Period**" shall mean the time period from January 1, 2001, to the present.

**DEPOSITION TOPICS**

Pursuant to Rule 30(b)(6), Defendant shall designate and produce for deposition one or more of its partners, officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

1. Contacts You and any Related Entity have had with the United States during the Relevant Period.

2. Presence of any of Your employees, agents, or representatives in the United States during the Relevant Time Period.

3. Your conducting business in the United States or with companies from the United States during the Relevant Time Period.

4. The nature of the relationship between Taishan Gypsum Co., Ltd., the Related Entity and Other Entities during the Relevant Period.

5. The corporate structure and management of Taishan Gypsum Co., Ltd., the Related Entity and Other Entities during the Relevant Period.

6. Officers and directors of Taishan Gypsum Co., Ltd., the Related Entity and the Other Entities during the Relevant Period.

7. The purpose, function and nature of each of the Related Entity and Other Entities and their employees in the United States during the Relevant Time Period.

8. Employees of Taishan Gypsum Co., Ltd. and the Taishan Entities in the United States and their job related duties during the Relevant Time Period.

9. The ownership of Taishan Gypsum Co., Ltd. and the Related Entity, including any transfers of ownership, control, and/or possession of any assets or liabilities during the Relevant Time Period.

10. Banking and financial dealings in the United States during the Relevant Time Period.

11. Any loans, advances of funds, or cost sharing agreements between Taishan Gypsum Co., Ltd. and the Related Entity and Other Entities during the Relevant Time Period.

12. Any guarantees or assurances by Taishan Gypsum Co., Ltd. for any of the Related Entity or Other Entities during the Relevant Time Period.

13. Taishan Gypsum Co., Ltd.'s involvement in sales or opening companies in new markets outside of China during the Relevant Time Period.

14. Business plans, marketing plans, and budgets for Taishan Gypsum Co., Ltd. and the Related Entity and Other Entities during the Relevant Time Period.

15. Your direct shipment of any building materials to the United States during the Relevant Time Period.

16. Your indirect shipment of any building materials to the United States during the Relevant Time Period.

17. The sharing of services during the Relevant Time Period between Taishan Gypsum Co., Ltd. and the Related Entity and Other Entities, including, but not limited to, legal, technical, R&D, purchasing, and other services.

18. Contracts or agreements between Taishan Gypsum Co., Ltd. and any of the Related Entity and Other Entities that were entered into or in effect during the Relevant Time Period.

19. The design, development, composition, testing, inspection and/or performance of Chinese Drywall during the Relevant Time Period.

20. Travel by Taishan Gypsum Co., Ltd.'s employees, representatives, or agents to the United States for business purposes during the Relevant Time Period.

21. Any involvement by Taishan Gypsum Co., Ltd. in the manufacturing, pricing, marketing, or distribution of Chinese Drywall.

22. The investigation of and response to complaints relating to odors and other issues associated with Chinese Drywall.

23. The problems associated with Taishan drywall imported into the United States during the Relevant Time Period.

24. Any propriety interest, governance, ownership or other commercial relationship between You and the Peoples Republic of China.

25. Any dealings with Morgan Stanley and/or J.P. Morgan.