IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| | x | (Case No.: 09-7628) |
| DRYWALL PRODUCTS LIABILITY | x | |
| LITIGATION | x | SECTION: L |
| | x | |
| | x | JUDGE FALLON |
| THIS DOCUMENT APPLIES TO ALL | x | |
| CASES | x | MAG. JUDGE WILKINSON |

**INSTALLER DEFENDANTS' MOTION TO ADOPT THE MEMORANDA FILED BY THE INSURER STEERING COMMITTEE AND CERTAIN BANNER ENTITIES IN OPPOSITION TO THE PLAINTIFFS STEERING COMMITTEE'S MOTION FOR AN ACCOUNTING AND OTHER RELIEF AND EMERGENCY MOTION FOR AN ORDER PREVENTING THE PAYMENTS OR TRANSFER OF CERTAIN MONEYS OR, IN THE ALTERNATIVE, FOR COURT ORDERED MEDIATION AND TEMPORARY STAY OF ALL <u>OUTSIDE SETTLEMENT ACTIVITIES</u>**

The MDL Installer Defendants, by and through undersigned lead counsel, hereby adopt the memoranda filed by the Insurers Steering Committee ("ISC") and by Certain Banner Supply entities in opposition to Plaintiff Steering Committee's ("PSC"), Emergency Motion for an Order Preventing the Payment or Transfer of Certain Moneys, or in the Alternative, for Court Ordered Mediation and Temporary Stay of all Outside Settlement Activities and file this memorandum in support thereof.

<u>MEMORANDUM</u>

The Plaintiff Steering Committee ("PSC"), in its alleged Emergency Motion for an Order Preventing the Payment or Transfer of Certain Moneys, or in the Alternative, for Court Ordered Mediation and Temporary Stay of all Outside Settlement Activities, seeks a overly broad and

unreasonable remedy, essentially requesting the Court permit only settlement activities through which the PSC and its clients will benefit, and precluding settlement activities that will benefit other homeowners, parties and non-PSC lawyers involved in state court Chinese drywall litigation and non-litigated matters. In fact, the remedy requested by the PSC is so broad as to interfere with *any settlement on any claim which may be covered under every insurance policy of every defendant.*

Having had the luxury of reading the memoranda filed on behalf of the ISC and Certain Banner Supply entities, which the Installer Defendants move to adopt, we will not reiterate their memoranda, but briefly highlight significant points which require denial of the PSC's motion in any form.

### Jurisdiction

The Court has yet to address the assertion of many of the defendants potentially affected by the remedy requested by the PSC that this Court does not even have personal jurisdiction over those defendants. The Court certainly does not have jurisdiction over non-Chinese drywall claimants, who may have claims against defendants with coverage under the policies of insurance, which the PSC seeks to impress what essentially is a prejudgment attachment.

### Irreparable Injury

In order for plaintiffs to be granted preliminary injunctive relief, they are required to show that there was a substantial likelihood that they would suffer irreparable injury if an injunction were not granted. An injury is "irreparable" only if it cannot be undone through **monetary remedies**. Spiegel v. City of Houston, 636 F.2d 997 (5th Cir. 1981); Parker v. Dunlop, 517 F.2d 785, 787 (5th Cir. 1975). The injunctive remedy which the PSC seeks is limited to protecting their client and their own **monetary remedies**, money and insurance

proceeds which are rightfully and lawfully in the possession of the defendants and their defendant/insurers. The PSC seeks an injunction proscribing that their client homeowners are entitled to monetary relief and this Court should preclude any other homeowner from negotiating and obtaining relief (without the permission of the PSC) because they are not represented by the PSC. Perhaps the injunction should require that if you are a homeowner with a Chinese drywall problem and seek relief, you can only obtain such relief if you are represented or agree to pay a portion of your recovery to the PSC.

## Conclusion

As aptly outlined by the memoranda filed by the ISC and Certain Banner Supply entities, the PSC motion is entirely without merit and should be denied.

WHEREFORE, MDL Installer Defendants, respectfully requests that this Court grant MDL Installer Defendants' Motion to Adopt and grant any further relief that the court deems just and proper.

ROBERT V. FITZSIMMONS
Florida Bar No. 355739
MONICA C. SEGURA
Florida Bar No. 0021267
RUMBERGER, KIRK & CALDWELL
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3047)
Post Office Box 01-9041
Miami, Florida 33101
Telephone: (305) 358-5577
Telecopier: (305) 371-7580

*Attorneys for Installer Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Adopt has been served upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of February, 2011.

ROBERT V. FITZSIMMONS
Florida Bar No. 355739
MONICA C. SEGURA
Florida Bar No. 0021267
RUMBERGER, KIRK & CALDWELL
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3047)
Post Office Box 01-9041
Miami, Florida 33101
Telephone: (305) 358-5577
Telecopier: (305) 371-7580

*Attorneys for MDL Installer Defendants*

3914654.1