

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   FEB 1 7 2011 wp

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT FOR LOUISIANA

JOHN D CONRY                 *        CIVIL ACTION 10-4599

                             *        2009-MD-2047  L (2)

VERSUS                       *        SECTION L

GERALD DAUGHERTY AND         *        MAGISTRATE 2

THE HERB IMPORT COMPANY      *

*      *      *      *      *      *

<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>

John Conry asks the court to deny Defendant Allstate's Motion to Dismiss.

<u>OBJECTIONS</u>

1. Plaintiff Objects that Defendant's Motion to Dismiss is not clearly state the

grounds on which it is brought. Plaintiff proceeds under the assumption that it is a

Motion to Dismiss for Failure to State a Claim under Fed R Civ P 12-c, and

failure to serve under Fed. R Civ P 4.1 for serving Defendant's attorney.

2. Plaintiff objects that the objection to service on Daugherty's attorney is

frivolous and requests that this court impose a fine of $0.50 for the thirty seconds

it took plaintiff to type this objection and cite Fed R Civ P 5(b) requiring Plaintiff

serve Defendant's attorney and not Defendant himself.

3. Plaintiff objects to and moves to strike Defendant's entire "Statement of

Uncontested Facts" as it is not appropriate in a Motion to Dismiss for a failure to

state a claim.

TENDERED FOR FILING

FEB 1 7 2011

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

____ Fee _____
__ Process _____
X  Dktd _____
X  CtRmDep _____
    Doc No. _____

4. Plaintiff objects to and moves to strike Defendant's Motion in so far as it may be considered a Motion for Summary Judgment, and requests that this honorable court strike, dismiss or continue summary Judgment until after Discovery has proceeded.  Should this honorable court decide to evaluate this matter as a Summary Judgment, Plaintiff requests an extension of time in which to prepare of at least ten days after he is notified of such a decision.

## STANDARD

The motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted.  Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d. 1045, 1050 (5th Cir. 1982)(quoting Wright & Miller, Federal Practice and Procedure: Civil § 1357 at 598 (1969)). The Fifth Circuit has consistently ruled with contempt for dismissals under Rule 12(b)(6). To ascertain whether a complaint states a claim, we must construe the complaint liberally in the plaintiff's favor and accept all factual allegations in the complaint as true. Cherie Shipp v Royce L McMohon, 199 F.3dat 260 (citing Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986)). Furthermore, plaintiff herein reminds the court that he is proceeding *Pro Se*, and his complaint therefore entitled to a less stringent standard than a complaint drafted by a lawyer.  Haines v Kenner, 404 U.S. 519 (1972); Mendoza v Strictland, 5th Cir, 10-20120 (2011).  Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove

consistent with the allegations in the complaint. <u>Jones v. Greninger</u>, 188 F.3d 322, 324 (5th Cir. 1999).

LAW

18 U.S.C.A. §1961(5) Defines a "Pattern of Racketeering Activity" as two acts of racketeering activity.  18 U.S.C.A. §1961(1) defines those acts that constitute racketeering as: any act or threat involving extortion; extortionate credit transactions under §891-894; relating to mail fraud under §1341; obstruction of justice under §1503; interferance with commerce, robbery or extortion under §1952; money laundering under §1956; illegal money transmitters under §1960; interstate transportation of stolen property under §2314 and 2315; use of chemical weapons under §229-229F; fraud connected with the sale of securities and many other activities.  The object of Civil Racketeer Influenced and Corrupt Practices Act (RICO) is to both compensate the victims of the wrongful act <u>and</u> to make them into "private attorneys general." <u>Rotella v Wood</u>, 528 U.S. 549 (2000).

Pattern of Activity

The "Pattern of Racketeering" requirement was established by *Sendima, S.P.R.L. v Imrex, Co.* in 1985.<u>Sendima, S.P.R.L. v Imrex Co.</u>, 473 U.S. 479 (1985).  In that case the plaintiffs alleged that a business partner had inflated their bills.  <u>Id.</u>  The court held that Criminal Conduct constitutes a pattern under RICO when it "embraces criminal acts that have the same or similar purpose, results, participants, victims, methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." <u>Id.</u>

After Sendima, the circuits developed different tests to determine if the pattern requirement had been met. These approached were nicknamed, "multiple schemes," "multiple episodes," "multiple acts," and the "multiple factors" approaches. The eigth circuit adopted the multiple schemes approach requiring plaintiffs to allege multiple criminal acts. Note: Clarifying a "Pattern" of Confusion, 86 Mich L Rev 1745 (June 1988). The multiple episodes approach was adopted by the seventh circuit and was also known as "Multiple Episodes plus an ongoing course of conduct." Note: The Civil Rico Pattern Requirement, 56 Fordham L Rev 995 (April 1988). Episodes were defined as something in between criminal schemes and acts but must also be related to eachother by some ongoing activity. Id. The fifth and Second Circuits adopted the most expansive requirement called "multiple acts." R.A.G.S. Couture, Inc.v Hyatt, 774 F2d 1350 (5th Cit 1985). The "Multiple Acts" approach was sometimes called the "relationship approach," it allowed proof of a pattern based solely on proof of predicate acts.

In R.A.G.S. Couture, Inc. v Hyatt shareholders of a business sued their fellow shareholder and former president for allegedly mailing several fraudulent invoices to their company. Id. The Complaint was dismissed on Summary Judgment and Plaintiff's appealed. The District Court held that the Plaintiff had alleged only one act of mail fraud. When the Court of Appeals reviewed they found the district court misapplied the Mail Fraud Statute by ignoring mail the defendant had allegedly caused their attorney to send. Id. When addressing the "pattern" requirement the court noted the Defendant's argument, like defendant's herein, that while two acts were necessary they may not be sufficient. The Circuit Court found that two acts of mail fraud were related and constituted a pattern, an expressly rejected the defendant's argument.

The Supreme Court next touched the issue in H.J., Inc. v Northwest Bell Telephone
Company, 109 S.Ct. 2893 (1989).  In H.J., the plaintiff's complained that Northwest Bell
had provided "cash in-Kind" payments to members of the Minnesota Public Utilities
Comission who, in turn, granted Northwest Bell's requested rate increases.  Id. The case
reached the Supreme court after the Eighth Circuit found RICO didn't apply because
each *pot-du-vin* was in furtherance of the same scheme.  Id.  The Supreme court reversed
and stated in a footnote that neither proof of relationship nor continuity requires showing
that the predicate acts were committed in furtherance of multiple criminal schemes.  Id
The court did uphold some requirement beyond merely two predicate acts but did not
require that they all be criminal acts.

In Dale v Ala Acquisitions Inc., the Southern District of Mississippi held that threat
of continued criminal activity was established in the complaint by allegations of mail and
wire fraud by a corporation which hoped to acquire a hospital. Dale v Ala Acquisitions,
Inc. 203 S. Supp 2d 694 (S.D. Miss 2002).  Furthermore, the Southern District of Texas
held that a complaint's allegations that a landlord obtained money from commercial
tenants by billing for "phony construction" and rent above what was due through
extortion.  Trevino v Pechero, 592 F.Supp. 2d 939 (S.D.Tex. 2008).  The *Trevino* court
held that the extortion was one act and the fraud a second, and that because the two of
them arose out of a lease contract, they met the pattern requirement.

Finally, the current standard is laid out in Abraham v Singh the fifth Circuit used a
two pronged approach: first, the court asked was the illegal activity limited to a few
months time and, therefore, without a threat of future criminal activity?  If so, then the
single transaction argument raised here would be valid.  The court found that the

defendants in Singh engaged in a "two year" scheme affecting 200 individuals and would

not have been stopped but for the filing of the suit. Abraham v Singh, 480 F.3d 851 (5th

Cir 2007). The Abraham court found a continuing threat based on the defendants

activities both before the formation of a contract (when recruiting people in India) and

after the contract (when they worked in the U.S.). Id. The Singh court relied on the

opinions in *U.S. v Delgado* where the court held, in a criminal Racketeering case, that the

defendant's participation in six of seven predicate acts constituted a pattern and evidence

of a threat of continuing activity. U.S. v Delgado, 401, F.3d 290 (5th Cir 2005). The

Singh Court also looked to *Abell v Potomac Ins. Co. of Illinois* in which *H.J.* was applied

in the Fifth Circuit and held that the pattern requirement should be put to a multi-factor

test beginning with whether the acts, "are interrelated by distinguishing characteristics

and are not isolated events." Abell v Potomac Ins. Co. Of Illinois, 946 F.2d 1160 (5th cir

1991). The continuity of the acts must be either "confined to a closed period, or to past

conduct that by its nature projects into the future with a threat of repetition." Abell,

quoting H.J. For that purpose the *Abell* Court found that the existence of multiple

schemes, while not a requirement, was highly relevant. Id. In *Abell* the bond holders in

a home for the mentally ill were found to have been scammed by the defendant through a

complicated series of Real Estate Transactions that escalated the cost of the land at issue

from $100,000 to $13.5 Million and sued for fraud in the bond sale and after the fact.

The court found that continuity was met by the schemes because the fraudulent raising of

the bond funds and the subsequent fraudulent inflating of the Real Estate costs of the

project had the same goal, enriching the Defendant, and the same victims, the bond

holders. Idum, at 1168. Therefore, while a single otherwise lawful business transaction

might not fall under RICO, when a defendant engages in multiple schemes with the

purpose of enriching themselves at the expense of the same people or person, a civil

RICO right accrues.

## ALLEGATIONS

Because this is a Motion to Dismiss based solely on the complaint, Plaintiff

interprets it as a Failure to Dismiss for Failure to State a Claim, Plaintiff reintegrates their

objection to any other form of Motion as premature without an answer and discovery

having been conducted.  The allegations of paragraph 37 of plaintiff's complaint, in

pertinent part, are as follows:

1. On January 29, 2007, Daugherty signed and mailed a Purchase Agreement which

stated he would spend a minimum of $60,000.00 in renovations before the purchase was

to be completed and he knowingly spent less than half that amount, constituting wire and

mail fraud;

2. Daugherty made false oral representations as to the quality of the building

materials he would use in the renovation, specifically that he would not purchase the

cheapest product on the market for any part of the projects, and then purchased the

cheapest (Chinese) drywall, constituting simple fraud;

3. On April 27, 2007, Daugherty faxed or mailed another purchase agreement with

the same conditions as noted in paragraph one, constitution a second act or mail or wire

fraud;

4. Daugherty tried to force Plaintiff to pay him at least double the value of the

property through an extortion scheme related to a draft mistakenly returned by Plaintiff's

bank, and succeeded in forcing Plaintiff to spend approximately $40,000.00 on

renovations through this scheme, constituting extortion;

5. Daugherty sent a text Message in furtherance or his extortion scheme and caused

his attorney to email a closing agreement, both instances constituting wire fraud and

extortion; finally

6. Daugherty caused his attorney to seek collection of funds for a returned check

which had already been paid through the mailing of a collection letter stating they had

not been paid; constituting another act of mail fraud.


To review, plaintiff alleged that defendant engaged in at least four acts of mail or

wire fraud, at least one act of simple fraud and a scheme of extortion against John Conry.

These schemes fell under one to fraudulently underpay for the renovation of the property

and another to blackmail plaintiff into paying double to debt owed for the return of the

same property.  Paragraph 36 of the Complaint alleges that the funds used from the

original acts of fraud were used to acquire and or maintain Daugherty's interest in The

Herb Import Company of California, a branch of Daugherty's chain of drug

paraphernalia shops.   So, Plaintiff alleges at least two schemes designed to enrich Gerald

Daugherty and expand his business both at the expense of the same victim, John Conry.


## ARGUMENT

In both *Trevino* the court held that extortion and fraud by a landlord for the sole

purpose of increasing the landlord's income, as alleged in a complaint, was sufficient top

meet the burden of stating a claim.  In *Dale* the court held that an act of wire and mail

fraud misrepresenting the financial status of a company seeking to purchase a hospital was sufficient.  Essentially, two predicate acts by the same individual against the same individual with the intent to gain undeserved consideration meets the requirement here. Plaintiff has alleged six predicate acts all with the intent of gaining undue consideration and further expanding Mr Daugherty's chain of drug paraphernalia shops.

Defendant argues that all of the acts described in Plaintiff's Complaint, misidentified as a Petition in their memo, all arise from "necessary segments of an otherwise legitimate and singular commercial endeavor."  In support of their position defendants cite *Delta Truck and Tractor Inc. v J.I. Case Co.* a Fifth Circuit case decided before *H.J. Inc. v Northwest Bell*, in which set the standard for continuity and pattern requirements.

First, plaintiff disputes that fraudulent inducement and the subsequent extortion can be classified as part of the same business transaction.  This reading requires an extremely expansive definition of single otherwise legitimate business transaction.  *Abell, Delgado, Singh, Trevino* and *Dale* all centered on one central transaction.  In *Trevino* the central transaction was a lease but the court found multiple schemes because the landlord had come up with two ways to scam the tenants, in *Delgado* participation in six acts was sufficient, *Wheelan* was a gas well contract and *Dale* was just the fraud used to secure a purchase, yet in none of these post *H.J.* cases was *Delta*'s single "otherwise legitimate" transaction applicable.  Supra.  Instead, the clear fact that a defendant has committed extortion and mail fraud, mail fraud and wire fraud, or any other combination of schemes to gain unwarranted consideration has been sufficient since *H.J.*

In the instant case, the defendants are accused of six acts of Racketeering under three schemes, all for the purpose of enriching Gerald Daugherty and The Herb Import

Company.   All of the separate acts are intended to claim money or debt from one person, John Conry.   The Complaint herein clearly alleges all the necessary elements of the RICO claim and the Cause of Action is clearly stated.

## CONCLUSION

Plaintiff asks that this court deny Defendant's Motion to Dismiss and caution Defendant against filing further pleadings that are not based in current law or the relevant facts.  In the event that this court finds Plaintiff's complaint does not state a claim, plaintiff asks that he be afforded an opportunity to amend the Complaint.

Respectfully submitted,

John D Conry  - *Pro Se*
PO Box 641234
Kenner, LA 70064
P- 504-324-2387
F- 504-754-7556

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2011, I mailed this pleading to be electronically filed the foregoing with the Clerk of Court by using the CM/EFC system, which will send a notice to all parties that are known to counsel of record.   I also mailed a copy to counsel for the defendant



John D Corry
PO Box 641234
Kenner, LA 70064-1234

Clerk Court
Eastern District of Louisiana
500 Poydras Street Ste C151
New Orleans LA 70130-3367

$1.399
US POSTAGE
FIRST-CLASS
FROM 70001
FEB 16 2011
stamps
.com