UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : : | MDL 2047 SECTION L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL CASES | | |

### AMENDED MEMORANDUM[1] IN SUPPORT OF JOINT MOTION TO COMPEL GLOBAL MEDIATION OF ALL CLAIMS AGAINST BANNER SUPPLY ENTITIES

Now come Banner Supply Company; Banner Supply Company, Inc.; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; Banner Supply Company Port St. Lucie, LLC and Banner Supply International, LLC (collectively "Banner" or "Banner Supply Entities") and Chartis Specialty Insurance Company (formerly known as "American Specialty Lines Insurance Company"), Illinois National Insurance Co. and National Union Fire Insurance Company of Pittsburgh, PA (collectively "Chartis"), and in support of their Joint Motion to Compel Global Mediation of all Claims Against Banner Supply Entities, state the following:

1.   Banner has sought coverage under certain policies issued by Chartis (the "Policies") for claims arising from allegedly defective Chinese-manufactured drywall.

2.   To date, Banner has notified Chartis of a substantial number of pre-suit claims and a substantial number of lawsuits filed against Banner relating to the sale and distribution of allegedly defective Chinese-manufactured drywall (the "CDW Claims"). Claims have been

---

[1] The initial memorandum in support of the Joint Motion was filed under seal. To give all parties an opportunity to respond, the Amended Memorandum is streamlined and is not being filed under seal.

asserted against Banner by homeowners, homebuilders and others in federal and state courts in Florida.

3. To date, claimants in the underlying CDW Claims have engaged in settlement discussions with Banner only on a piecemeal basis and, as a result, settlements have been achieved in only a few of the numerous CDW Claims presently pending against Banner.

4. On December 15, 2010, Banner received a demand from the Plaintiffs' Steering Committee in MDL 2047 (the "PSC") made on behalf of the PSC and certain homebuilders and installers (the "PSC Demand"). Under the terms of the PSC Demand, Banner would agree to tender all applicable policy limits including excess and umbrella coverage to a fund to compensate all claimants other than those claimants that opt out of the settlement class.

5. Banner has also engaged in settlement discussions with certain homebuilders. Several homebuilders with claims against Banner have remediation programs underway. These homebuilders claim that they have expended substantial sums for the remediation of a substantial number of homes that allegedly contain Banner-supplied defective CDW. These homebuilders have demanded that Banner compensate them for their damages, and several of them have engaged Banner in productive settlement discussions that would allow Banner to resolve as many claims as possible for a portion of its policy limits.

6. Claimants against Banner with divergent interests have sought to prevent Banner from proceeding with these settlement efforts. For example, on January 11, 2011, the PSC moved before this Court to enjoin all defendants, including Banner, from proceeding with settlements. [DE 6947] On January 24, 2011, C. David Durkee, counsel for the owners of approximately 170 homes, demanded that Banner cease all negotiations with the PSC.

7.      Absent the Court ordering a global mediation of all competing claims, any claimants could opt out of the contemplated class action settlement, thus upsetting any chance of a global resolution of these claims.

8.      In its January 24, 2011 motion to enjoin all settlements, the PSC also requested, in the alternative, that the Court "order all parties before it to mediation within thirty (30) days before the parties' selected mediator, John Perry." [DE 6947, 2]  As explained above, Banner and Chartis agree with the PSC's view, expressed in the January 24 motion, that a global mediation would best "thwart[] certain parties' attempts at strategic behavior to undermine" a global resolution of all claims. [DE 6947, 24]  The PSC's request for mediation is still pending before the Court.  Banner and Chartis believe a global mediation is the preferable approach to resolving the CDW Claims at this juncture.

9.      Before further insurance proceeds are exhausted through settlements or judgments of other claims (settlement discussions and mediations are ongoing or scheduled with various parties)  Chartis and Banner are turning to the Court to intervene and compel a global mediation, which is the identical relief initially requested by the PSC.

WHEREFORE, Banner and Chartis jointly move that this Court enter an order awarding the same relief sought by the PSC relating to mediation in its January 24, 2011 motion:

1.      Compelling all claimants asserting CDW Claims against Banner Supply Company; Banner Supply Company, Inc.; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; and Banner Supply International, LLC to participate in a global mediation of their claims;

3.      appointing John Perry to act as mediator; and

2.      granting any other relief that the Court deems necessary and appropriate.

Case 2:09-md-02047-EEF-MBN   Document 7611-2   Filed 02/18/11   Page 4 of 5

Respectfully submitted, this 18th day of February, 2011.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Nicholas P. Panayotopoulos*
**NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**
Georgia Bar Number: 560679
3344 Peachtree Road, Suite 2400
Atlanta, GA 30326
Telephone (404)876-2700
npanayo@wwhgd.com
*Counsel for Banner Supply Company, Banner Supply Company, Inc.; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; and Banner Supply International, LLC*

**Peterson & Espino, P.A.**

MICHAEL P. PETERSON
10631 S.W. 88th Street, Suite 220
Miami, Florida 33176
Main Phone: (305) 270-3773
Main Fax: (305) 275-7410
E-mail: mpeterson@petersonespino.com
*Counsel for Banner Supply Company Port St. Lucie, LLC*

**Quinn Emanuel Urquhart & Sullivan, LLP**

JANE M. BYRNE
51 Madison Avenue, 22nd Floor
New York, NY 10010
Main Phone: (212) 849-7000
Main Fax: (212) 849-7100
E-mail: janebyrne@quinnemanuel.com
*Counsel for Chartis Specialty Insurance Company, Illinois National Insurance Co., and National Union Fire Insurance Company of Pittsburgh, PACounsel for Chartis Specialty Insurance Company, Illinois National Insurance Co., and National Union Fire Insurance Company of Pittsburgh, PA*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Amended Memorandum in Support of Joint Motion to Compel Global Mediation of All Claims Against Banner Supply Entities has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 18th day of February, 2011.

                                        WEINBERG, WHEELER, HUDGINS,
                                        GUNN & DIAL, LLC


                                        */s/ Nicholas P. Panayotopoulos*
                                        **NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**