UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) | MDL NO. 2047 |
| | ) | |
| _____ | ) | SECTION: L |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| ALL CASES | ) | JUDGE FALLON |
| | ) | MAG. JUDGE WILKINSON |
| | ) | |
| _____ | ) | |

### INDIVIDUAL PLAINTIFFS' LIMITED OBJECTION TO BANNER AND CHARTIS' MOTION TO COMPEL GLOBAL MEDIATION OF ALL CLAIMS AGAINST BANNER SUPPLY ENTITIES

Banner Supply Company; Banner Supply Company, Inc.; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; Banner Supply Company Port St. Lucie, LLC and Banner Supply International, LLC (collectively "Banner") and Chartis Specialty Insurance Company, Illinois National Insurance Co. and National Union Fire Insurance Company of Pittsburgh, PA (collectively "Chartis") seek an Order compelling all parties with claims against Banner to participate in a global mediation.

Individual Plaintiffs object to Banner's mediation proposal, unless: (1) all Individual Plaintiffs are permitted to voluntarily participate in said mediation with their counsel and are given sufficient notice of same, and (2) there is no cessation of ongoing settlement negotiations pending said mediation. The Individual Plaintiffs file this Limited Objection for the limited purpose of replying to Banner and Chartis' Joint Motion to Compel Global Mediation of All Claims Against Banner Supply Entities.

### 1. Individual Plaintiffs Conditionally Object to the Proposed Mediation

Banner and Chartis request that this Court compel "all claimants asserting CDW claims against Banner Supply Company; Banner Supply Company, Inc.; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; and Banner Supply International, LLC to participate in a global mediation of their claims" and that the Court "appoint[] John Perry to act as mediator." Motion at 3.

By requesting that "all claimants" be required to submit to mediation before this Court, Banner's motion exceeds the Article III jurisdictional reach of this Court, to impose an obligation on all Banner litigants. Not all Banner litigants, and notably none of the Individual Plaintiffs, have submitted to the jurisdiction of *this Court* in an action against Banner. The Individual Plaintiffs, instead, have chosen to prosecute their claims against Banner in Florida State Court. As a result, Banner and Chartis' requested relief is in excess of this Court's jurisdiction.

Individual Plaintiffs, nevertheless, will <u>voluntarily</u> submit to and participate in good faith in Banner's proposed "global" mediation. Individual Plaintiffs believe that, as currently proposed, there is no harm in attempting to reach a global resolution for all plaintiffs as to Banner. However, should this Court exclude certain Individual Plaintiffs or their counsel from participation in the Banner mediation, then the mediation would cease to serve any equitable purpose and would be contrary to the interests of justice. To that end, Individual Plaintiffs do not object to Banner's request, on the condition that *all* Individual Plaintiffs with claims against Banner, and their counsel, are permitted to voluntarily participate in said mediation and are given sufficient notice of same.

Further, Individual Plaintiffs oppose this relief to the extent it would have the effect of staying other settlement efforts pending any such mediation.

Halting settlement efforts pending a Banner-claimant mediation would not serve the public interest, and is accordingly beyond the Court's equitable powers.  *See Federal Savings & Loan Corp. v. Dixon*, 835 F.2d 554 (5th Cir. 1987) ["The general flexibility of equitable powers is enhanced where…the public interest is at stake"].  Doing so would have the effect of halting the normal functioning of the judicial process in regards to nationwide Chinese drywall claims.  In this case, the public interest is in the continued ability to obtain compensation for injuries and property damage due to the defective Chinese drywall.  It benefits neither the public nor the individual claimants for the settlement of all such claims to be halted in the hopes of a successful Banner mediation.  Many of the claimants in these actions need settlement proceeds now, and cannot wait for an uncertain day in the future when they may benefit from the completion of a Banner mediation.

Additionally, as recognized by the Fifth Circuit, the rights of private parties to settle amongst themselves is paramount:

> In what can be termed "ordinary litigation," that is, lawsuits brought by one private party against another private party that will not affect the rights of any other persons, settlement of the dispute is solely in the hands of the parties.  If the parties can agree to terms, they are free to settle the litigation at any time, and the court need not and should not get involved.

*U.S. v. City of Miami*, 614 F.2d 1322, 1330 (5th Cir. 1980).  The parties must be able to continue their efforts and negotiate in order to work diligently toward resolution.

### 2. Banner's Motion Flatly Misrepresents C. David Durkee's January 24, 2011 Correspondence to Banner

Banner incorrectly states in its Motion that "[o]n January 24, 2011, C. David Durkee, counsel for the owners of approximately 170 homes, demanded that Banner cease all negotiations with the PSC."  This is a patently false statement.  In reality, C. David Durkee sent a letter to Banner advising as to Florida bad faith law and requesting that they following the law, as was his duty on behalf of his clients.  Durkee's letter states, in pertinent part:

> "If these limits are tendered to the PSC or anyone else when Banner and its carriers know that tendering the policy limits will not resolve the 170 homes outlined above (and voluminous other state court claims that have not been brought through the Omnibus Complaint filed by the PSC), this tender does exactly what Florida law warns against, indiscriminately settling selected claims and leaving an insured at risk for an excess judgment.  Rather, these carriers are required to investigate and then seek to settle as many claims as possible."

As shown above, it is simply not true that the Individual Plaintiffs demanded that Banner cease all negotiations with the PSC.  Rather, the correspondence sought to remind Banner of its obligations under Florida insurance bad faith law.  Should this Court be so inclined, Individual Plaintiffs will provide for an in camera review of said correspondence.

Nothing herein shall be construed as a waiver, modification, or alteration of Individual Plaintiffs' position set forth in the above-referenced January 24, 2011 letter to Banner's counsel and its insurers.  Furthermore, Individual Plaintiffs disagree with any assertion by Banner or its insurers that the present Motion satisfies Banner's and its insurers' obligations under Florida bad faith law.

**CONCLUSION**

In short, Individual Plaintiffs do not object to Banner and Chartis' request for mediation including all Banner-claimants, but only to the extent that *all* Individual Plaintiffs with claims against Banner, and their counsel, are permitted to participate in the mediation on a voluntary basis, and are given sufficient notice of same. Because Individual Plaintiffs have not submitted to the jurisdiction of this court as to their claims against Banner, this participation must be on a voluntary basis. Further, Individual Plaintiffs oppose this relief to the extent that it would have the effect of staying other settlement efforts pending any such mediation.

Based on the foregoing, it is hereby respectfully requested that the Court grant Banner and Chartis' Motion, with the provision that any such mediation include all Individual Plaintiffs, their counsel, and that they be given sufficient notice of same.

Respectfully submitted,


Dated: February 22, 2011          /s/ C. David Durkee, Esq.
                                  ROBERTS & DURKEE, P.A.
                                  Alhambra Towers
                                  Penthouse 1 – Suite 1603
                                  121 Alhambra Plaza
                                  Coral Gables, FL  33134
                                  Phone:  (305) 442-1700
                                  Fax:  (305) 442-2559
                                  durkee@rdlawnet.com
                                  *Counsel for Individual Plaintiffs*

                                  Mark Milstein, Esq.
                                  Paul D. Stevens, Esq.
                                  Allison R. Willett, Esq.
                                  MILSTEIN ADELMAN, LLP
                                  2800 Donald Douglas Loop North
                                  Santa Monica, CA  90405
                                  Phone:  (310) 396-9600
                                  Fax:  (310) 396-9635
                                  *Counsel for Individual Plaintiffs*

5

**CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery <u>and</u> e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 22nd day of February, 2011.

            /s/ C. David Durkee, Esq.
            ROBERTS & DURKEE, P.A.
            Alhambra Towers
            Penthouse 1 – Suite 1603
            121 Alhambra Plaza
            Coral Gables, FL  33134
            Phone:  (305) 442-1700
            Fax:  (305) 442-2559
            durkee@rdlawnet.com
            *Counsel for Individual Plaintiffs*

            Mark Milstein, Esq.
            Paul D. Stevens, Esq.
            Allison R. Willett, Esq.
            MILSTEIN ADELMAN, LLP
            2800 Donald Douglas Loop North
            Santa Monica, CA  90405
            Phone:  (310) 396-9600
            Fax:  (310) 396-9635
            *Counsel for Individual Plaintiffs*