IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2179 SECTION: L |
| This document relates to: | * * | JUDGE FALLON |
| *Vickers, et al v. Knauf Gips, KG, et al* Case No. 09-04117 *Payton, et al v. Knauf Gips, KG, et al* Case No. 09-07628 *Silva, et al v. Knauf Gips, KG, et al* Case No. 09-08034 | * * * * * * | MAGISTRATE WILKINSON |

\* \* \* \* \* \* \*

## KPT'S OPPOSITION TO PLAINTIFFS' MOTION TO INTERVENE

**MAY IT PLEASE THE COURT:**

This memorandum is submitted by Defendant, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), in opposition to Plaintiffs' Motion to Intervene. (Rec. Doc. 7490-3). Due to Plaintiffs' initial change to the Class Representative lineup, the parties agreed that the Court's previous Scheduling Order was unworkable. Based on three subsequent changes to the identities of Class Representatives by Plaintiffs, and Plaintiffs' position that defendants are entitled to only two fact witnesses per class, it became impossible for the parties to agree on the scope of discovery needed to prepare for the June Class Certification Hearing, much less a detailed scheduling order. In an effort to put an end to the confusion caused by Plaintiffs, KPT respectfully requests that the Court deny the Plaintiffs' motion to intervene without prejudice until a firm deadline is set for Plaintiffs to amend their motions for class certification to name the Class Representatives for the *Silva*, *Vickers* and *Payton* actions. Further, KPT requests that, once the identities of the Class Representatives are finalized, the Court enter a Scheduling Order that will equitably allow

KPT and the other defendants to complete the discovery of the Class Representatives, as well as a reasonable number of fact witnesses.

## BACKGROUND

Due to Plaintiffs' multiple changes to the Class Representatives lineup, KPT believes that it would be most efficient to supply the Court with a brief timeline of the events surrounding the Class Representative revisions:

**Initial Class Representatives**

- September 21, 2010 - Plaintiff, Mr. Stephen Silva, filed a Motion for Class Certification seeking to represent all Louisiana Homeowners with Chinese Drywall supplied and/or distributed by Interior Exterior ("The *Silva* Class"). (Rec. Doc. 5567).

- September 21, 2010 - Plaintiffs, Mr. Freddie Nunez and Dr. Steven Roberts, filed a Motion for Class Certification seeking to represent all Florida and Louisiana homeowners with Chinese Manufactured Drywall supplied and/or distributed by KPT ("The *Payton* Class"). (Rec. Doc. 5612).

- September 27, 2010 - Plaintiffs, Ms. Karen Vickers and Dr. Steven Roberts, filed a Motion for Class Certification seeking to represent all Florida Homeowners that had Chinese Manufactured Drywall sold and/or distributed by Banner ("The *Vickers* Class"). (Rec. Doc. 5611).

- January 12, 2011 – Based on the original four Class Representatives identified, this Court entered a Scheduling Order for the *Vickers*, *Silva*, and *Payton* actions setting various deadlines. (Rec. Doc. 6958).

**First Class Representative Change**

- January 25, 2011 - Plaintiffs informed KPT of their intention to amend the Class Representatives in all three actions. Supplemental Declaration by Ronald E. Wright, P.E. (Rec. Doc. 7139); (See Counsel Emails attached as Exhibit A). The Class Representatives were identified by Plaintiffs as follows:

    o *Silva*: Dean and Dawn Amato and Edward and Susan Boudreaux;

    o *Payton*: Byron and Debra Byrne, Edward and Susan Beckendorf, Donald and Marcelyn Puig; and Miriam Castro (and Felix Diaz),

    o *Vickers*: Miriam Castro (and Felix Diaz), Elizabeth Montoya (and Luis Ochoa), Liam Quach (and Ann Naoc Thile), and Giancarlo Visciglia.

- January 25 – February 3, 2011 – defendants repeatedly attempted to confer with Plaintiffs regarding this first Class Representative change in light of the original Scheduling Order entered by the Court. (See Counsel Emails attached as Exhibit B).

**Second Class Representative Change**

- February 3, 2011 - Plaintiffs confirmed to defendants that they were amending the Florida Class Representatives such that the only Florida Class Representative would be Dr. Steven Roberts.  (See Counsel Emails attached as Exhibit C). The Class Representatives were then identified as follows:

    o *Silva*: Amato and Boudreaux;

    o *Payton*: Byrne, Beckendorf, Puig and Roberts;

    o *Vickers*: Roberts.

- February 3, 2011 - Plaintiffs, KPT, and the other defendants agreed that, in light of the Class Representative changes, the previous Scheduling Order was unworkable and that a new Scheduling Order and Class Certification Hearing date was necessary. (See Counsel Emails attached as Exhibit D).

**Third Class Representative Change**

- February 11, 2011 - Plaintiffs changed the Class Representatives of the *Vickers* Class by adding an additional three Class Representatives from Florida: Karen Vickers, Felix and Jenny Martinez, and Jason Santiago. (See Counsel Emails attached as Exhibit E). The Class Representatives were then identified as follows:

    o  *Silva*: Amato and Boudreaux;

    o *Payton*: Byrne, Beckendorf, Puig, and Roberts;

    o *Vickers*: Roberts, Vickers, Martinez, and Santiago.

- February 14, 2011 - Despite the Plaintiffs' repeated modifications to the number of Class Representatives, Plaintiffs informed defendants that they would not agree to the six (6) plaintiff fact witness depositions set forth in the original Scheduling Order, rather the plaintiffs would only agree to two (2) fact witnesses per class. (See Counsel Emails attached as Exhibit F).

**Fourth Class Representative Change**

- February 15, 2011 – Plaintiffs confirmed to KPT that Mr. Boudreaux was being removed as a Class Representative in the *Silva* Class, and that Byrne, Beckendorf, and Puig were being added as Class Representatives.  See Plaintiffs' Motion to Intervene (Rec. Doc. 7490-3); (See Counsel Emails attached as Exhibit G).

- o *Silva*: Amato, Byrne, Beckendorf, and Puig;

- o *Payton*: Byrne, Beckendorf, Puig, and Roberts;

- o *Vickers*: Roberts, Vickers, Martinez and Santiago.

- As of the date of filing, KPT has not received responses to its December 23, 2010 discovery from all of the Florida Class Representatives, and has never received any responses from Dr. Steven Roberts. (See Defendant's Second Discovery Request attached as Exhibit H).

## ARGUMENT

In considering whether to allow intervention under Rule 24(b) of the Federal Rules of Civil Procedure, the Court must consider the potential adverse impact on the original parties' rights, including whether the intervention will unduly delay or prejudice the adjudication of those rights. Fed.R.Civ.P. 24(b)(3). The identification of Class Representatives by Plaintiffs has been a moving target from the beginning. As a result, the Plaintiffs agreed that the original scheduling order entered by the Court was unworkable. The three subsequent changes to the identities and number of Class Representatives has made it difficult for KPT to determine who it is defending against, while at the same time increasing the scope of discovery for both class representatives and fact witnesses. More specifically, the original Scheduling Order permitted ten (10) depositions, comprising of four (4) Class Representatives and six (6) plaintiff fact witnesses. Based on the Class Representatives named today, which may or may not be the lineup that Plaintiffs settle on, there would be a total of eight (8) Class Representatives in the three class actions, allowing KPT only two (2) additional plaintiff fact witness depositions. Plaintiffs' own inability to settle on a Class Representative lineup, and their unreasonable position that increasing the number of Class Representatives does not result in a comparable increase in defendant fact witnesses, is untenable.

In order to allow KPT the necessary time to prepare for Class Certification, the Court should deny Plaintiffs' motion to intervene without prejudice, and impose a firm deadline for Plaintiffs to formally amend their Motions for Class Certification to set forth the Class Representatives at issue.  Next, once the deadline has passed and the Class Representative lineup is finalized, the Court should issue a new Scheduling Order that serves the equitable interests of the parties.

## CONCLUSION

KPT respectfully requests that this Court deny the Plaintiffs' motion to intervene without prejudice, and impose a concrete date for Plaintiffs to identify and name, once and for all, the Class Representatives for the three respective class actions.  Further, KPT respectfully requests that this Court impose a new Scheduling Order that provides for a reasonable number of defendant fact witnesses and that will fairly and adequately allow KPT to complete discovery, inspections, depositions, and disclosures in anticipation of the Class Certification Hearing.

By:  /s/ Kerry J. Miller
MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

- AND -

>STEVEN GLICKSTEIN (NY Bar No. 1038157)
>JAY P. MAYESH (NY Bar No. 1081603)
>KAYE SCHOLER LLP
>425 Park Avenue
>New York, NY 10022
>Telephone: (212) 836-8485
>Facsimile: (212) 836-6485
>Email: sglickstein@kayescholer.com
>
>Counsel for the KPT Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Plaintiffs' Liaison Counsel, by email, and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was e-filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047 on this 22nd day of February, 2010.

>/s/ Kerry J. Miller