

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## DEFENDANTS' SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL PLAINTIFFS

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, the Defendants' Liaison Counsel ("DLC"), pursuant to Pre-Trial Order No. 18, propounds the following Interrogatories on Plaintiffs' Liaison Counsel ("PLC") for distribution to all plaintiffs who have claims pending in MDL 2047 against Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"). Plaintiffs shall provide responses to these Interrogatories within the days allowed by law.

### I. INSTRUCTIONS

A.  In each of your answers to these interrogatories, you are requested to provide not only such information as is in your possession, but also all information as is reasonably available, whether or not it is in your possession. In the event you are able to provide only part of the information called for by any particular interrogatory, provide all of the information you are able to provide, and state the reason for your inability to state the remainder.

B.  Unless otherwise stated herein, the relevant time period encompassed by these interrogatories is from January 1, 2005 through the present date.

C. Every interrogatory herein shall be deemed a continuing interrogatory and you are to supplement your answers promptly if and when you obtain relevant information, in addition to, or in any way inconsistent with, your initial answer to any such interrogatory.

D. If you object to, or otherwise decline to answer, any portion of an interrogatory, please provide all information called for in that portion of the interrogatory to which you do not object or to which you do not decline to answer. If you object to an interrogatory on the grounds that it is too broad (i.e., that it calls both for information which is relevant to the subject manner of the action and for information which is not relevant), please provide such information as you concede to be relevant. If you object to an interrogatory on the grounds that it would constitute an undue burden to provide an answer, please provide such requested information as can be supplied without undertaking such undue burden. For those portions of any interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

## II. DEFINITIONS

A. "Document" as used herein has the full extent of its meaning as provided in Rule 34 of Federal Rules of Civil Procedure and includes any written, drawn, recorded, transcribed, filed or graphic matter, however produced or reproduced, and any drafts, revisions or amendments thereof. This includes, but is not limited to all writing or papers of every kind including, but not limited to, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, contracts, warranties, punchlists, self-sticking removable notes, telegrams, e-mails, teletypes, telefax, canceled checks, check stubs, invoices, receipts, ticket stubs, maps, pamphlets, notes, charts, tabulations, analyses, photographs, statistical or informational accumulation, audits and associated work papers, any kinds of records, film impressions, magnetic tape, video tape, tape records, sound or mechanical

reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them) and copies of documents which are not identical duplicates of the originals because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in the Plaintiffs possession, custody or control.

B.  "House" as used herein means the building in which the allegedly defective drywall is or was installed, and which is the subject of this litigation.

C.  When used in connection with a document, "identify" means to state the type of document (e.g., letter, memorandum, drawing, etc.), the subject matter thereof, the date thereof, by whom written or prepared, by whom signed, to whom sent, the present location (name and address of place) thereof, and the present custodian of the original and copies thereof, If any such document was, but no longer is, in your possession or subject to your control, state what disposition was made of the document.

D.  When used in connection with a person, "identify" means to state the person's full name and home address, present place of business or employment, present position with respect to such employment or business, and present and past relationship with any of the parties to this lawsuit. If such a person is not presently associated with any of the parties to this lawsuit, state the former relationship of such person to a party and the last known residence.

E.  When used in connection with a business entity, "identify" means to state the full name and present address of such entity, the principal place of business of the entity, and the nature of the entity's function.

F. "Communication" means any transfer or exchange between two or more persons of any information, whether by written or oral means, including but not limited to, personal conversations, correspondence, telephone calls and telegrams. This definition includes all communications for which you claim a privilege.

G. When used in connection with a communication, "identify" means to state a brief description of the subject matter communicated, the date it took place, the means of communication (i.e., personal conversation, correspondence, telephone, telegram), the place or places where it occurred, the identity of each document, reporting, referring to, or otherwise pertaining to the communication and the identity of each person who participated in the communication.

H. "Person" shall mean the plural as well as the singular and shall include any natural person, corporation, partnership, joint venture, association, government agency and every other form of entity cognizable by law.

I. "You" or "your" refer to the parties to whom these interrogatories are directed, each and every name by which the party is known or has been known and each and every employee, attorney and agent of such party.

### III. MODE AND DEMAND OF ANSWERS

In answering each Interrogatory:

1. Identify each writing

    (a) relied upon in the preparation of each answer; or

    (b) which forms all or part of the basis for the answer; or

    (c) which corroborates the answer; or

    (d) the substance of which forms all or part of the answer.

2.     If all the information furnished in answer to all or any part of an Interrogatory is not within the personal knowledge of the affiant, state the name of each person to whom all or any part of the information furnished is a matter of personal knowledge, and the name of each person who communicated to the affiant any part of the information furnished.

3.     If the answer to all or any part of the Interrogatory is not presently known or available, include a statement to that effect.

## IV. INTERROGATORIES

### INTERROGATORY NO. 1:

Please state the full name of any person who assisted in answering these interrogatories.

### INTERROGATORY NO. 2:

Please state the current value of the house.

### INTERROGATORY NO. 3:

Please identify each instance in which the house was appraised, and for each instance, identify the appraiser and state the purpose for which the appraisal was performed.

### INTERROGATORY NO. 4:

Please state whether the house is in foreclosure. If so, please state the date on which the mortgage first became delinquent.

### INTERROGATORY NO. 5:

Please state whether the house has been sold or transferred to another person. If so, please state the name of the purchaser, the date of sale, the price paid, and identify any other relevant circumstances surrounding the sale or transfer (*e.g.*, sold under duress, sold at auction, deed in lieu of foreclosure, short sale, etc.).

**INTERROGATORY NO. 6:**

Identify the manufacturer or manufacturers of the drywall in the house, the percentage of drywall from each such manufacturer, and please identify all relevant facts used to make the determination of manufacturer or brand.

**INTERROGATORY NO. 7:**

Identify in detail, specifying by date, when you first noticed or became aware of that your home was affected by Chinese-manufactured drywall.

**INTERROGATORY NO. 8:**

Identify in detail, the circumstances or events that occurred that gave rise to when you first noticed or became aware that your home was affected by Chinese-manufactured drywall.

**INTERROGATORY NO. 9:**

If you claim that the presence of Chinese drywall has diminished the value of the house, please state with particularity each fact which supports such claims.

**INTERROGATORY NO. 10:**

Have you vacated the house because of the alleged presence of Chinese drywall? If so, please identify each location where you have resided subsequent to the facts giving rise to your claims by street address, and state the time periods in which you resided at each location.

**INTERROGATORY NO. 11:**

Please state whether the Chinese drywall in the house has been remediated, and identify the dates on which any remediation work was performed and each person who performed any remediation work.

**INTERROGATORY NO. 12:**

Please state whether you have claimed a tax deduction on your federal income tax under section 165 of the Internal Revenue Code and/or Revenue Procedure 2010-36 based on an alleged casualty loss due to the installation of Chinese drywall in your house.

**INTERROGATORY NO. 13:**

If your answer to Interrogatory No. 12 was anything other than an unqualified negative, please state the tax year in which you claimed a deduction under section 165 of the Internal Revenue Code, the amount of any such claimed deduction, and the facts giving rise to the claimed deduction.

**INTERROGATORY NO. 14:**

Please state whether you have ever been arrested or convicted of a crime and, if so, identify the nature of the offense, the date of the arrest and/or conviction, and the city and state in which the arrest and/or conviction occurred.

**INTERROGATORY NO. 15:**

Have you retained any expert that you intend to disclose or use during any portion of this litigation or trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

## V. REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce all documents, photographs, videotapes, and any other materials which evidence and/or identify the manufacturer of drywall installed in the house as listed in response to Section V of your Plaintiff Profile Form.

### REQUEST FOR PRODUCTION NO. 2:

Please produce all documents evidencing and/or supporting your property damage claims, including, but not limited to, videotapes, photographs, and documentation evidencing any other covered expenses.

### REQUEST FOR PRODUCTION NO. 3:

Please produce all inspection reports generated by the inspections identified in response to Section IV of your Plaintiff Profile Form.

### REQUEST FOR PRODUCTION NO. 4:

Please produce all documents relating to any and all foreclosure proceedings identified in response to Interrogatory No. 4.

### REQUEST FOR PRODUCTION NO. 5:

Please produce all documents relating to any sales or transfers of the property that is the subject of this litigation identified in response to Interrogatory No. 5.

### REQUEST FOR PRODUCTION NO. 6:

Please produce copies of any and all appraisals performed on the house both prior and subsequent to the occurrence of any of the events alleged in the petition.

### REQUEST FOR PRODUCTION NO. 7:

Please produce all documents which support your allegations that the value of the house has been diminished, as stated in your response to Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 8:**

If you claim in your response to Interrogatory No. 8 that you vacated the house as a result of the presence of Chinese drywall, please produce all correspondence, receipts, or other documents relating to or evidencing any expenses incurred.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all documents relating to any remediation work on the house as identified in your response to Interrogatory No. 9.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all copies of statements or reports prepared in connection with any interview conducted by plaintiffs or on your behalf concerning the circumstances of the claims asserted in the petition.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any and all copies of all notes, logs, blogs, memoranda, or diaries maintained in connection with any of the activities that concern or are in any way related to the claims asserted in the petition.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce copies of all prior lawsuits filed by you or on your behalf.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce copies of any and all documentation upon which you intend to rely to prove claims for loss of income.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce a copy of the complete file – including all materials reviewed, considered, inspected, authored, generated, or created in any way, a list of all cases in which the individual

has testified, and a current curriculum vitae (CV) – of each individual that you intend to disclose or use during any portion of this litigation or trial of this case identified in Interrogatory No. 13.

Respectfully submitted this 23rd day of December, 2010.

Respectfully submitted by,

s/ Kerry J. Miller
Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, Louisiana 70163
Telephone:   (504) 599-8194
Facsimile:    (504) 599-8145
Email: kmiller@frilot.com

*DEFENDANTS' LIAISON COUNSEL*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with pretrial Order No. 6, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of December, 2010.

s/ Kerry J. Miller
