UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | MDL 2047<br><br>SECTION L<br><br>JUDGE FALLON |
| This document relates to:<br>*Silva et al. v. Knauf Gips, KG, e al.*,<br>Case No. 09-cv-08034 (E.D. La) | * * * | MAG. JUDGE WILKINSON |

**MEMORANDUM IN OPPOSITION OF INTERIOR EXTERIOR BUILDING SUPPLY, L.P. TO PLAINTNIFFS' MOTION TO INTERVENE**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, though undersigned counsel, comes Interior Exterior Building Supply, L.P. ("Interior Exterior"), who files this opposition to the Amended Motion to Intervene on behalf of Plaintiffs, Dean and Dawn Amato, Byron and Debra Byrne, Donald and Marcelyn Puig, and Edward and Susan Beckendorf.  Interior Exterior opposes the motion on the grounds that the requested intervention will unduly prejudice the Defendants, including Interior Exterior, insofar as the PSC seeks to change the designation of the class representatives for a third time only three months before the class certification hearing with no assurance from the PSC that there will be no further changes to the designations and no agreement from the PSC as to appropriate revisions to the Court's Case Management Order, including the time allowed to complete class representative and fact discovery, the appropriate number of class members Interior Exterior will be allowed to depose, and the actual commencement date for the hearing.

## BACKGROUND

On September 21, 2010 the PSC filed Plaintiff's Motion for Class Certification on behalf of Stephen Silva, seeking certification of a class of Louisiana homeowners whose homes contain Chinese manufactured drywall sold or distributed by Interior Exterior. The Court entered a Scheduling Order re: Hearing on Class Certification on January 12, 2011. The Order called for any party seeking to intervene in the Motion for Class Certification to do so by January 17, 2011. That deadline was subsequently twice extended to February 25, 2011.

The Scheduling Order also established a deadline to complete the depositions of the class representatives of February 15, 2011. The Court further set March 3, 2011 as the deadline to complete the depositions of other facts witnesses, and established that the Defendants would be allowed to take the deposition of up to a maximum of ten (10) class members, including class representatives. At the time the Order was entered, there was only one proposed class representative in the *Silva* action, Stephen Silva, leaving nine (9) additional class members to be deposed by the Defendants in the *Silva* action.

The Order also provided other relevant deadlines, including dates for the exchange of expert reports, the completion of expert depositions, the filing of opposition and reply memoranda, the submission of *Daubert* challenges, and the filing of an agenda and procedure for the hearing. Finally, the Order provided that the hearing on each of the Motions for Class Certification would commence on June 1, 2011.

Subsequent to the entry of the Court's Scheduling Order, the PSC notified Interior Exterior that it intended to substitute Dean and Dawn Amato and Nicholas and Ashley Boudreaux for Silvia because of Silva's involvement in the pilot remediation program. A

Motion to Intervene on behalf of the Amatos and Boudreauxs was filed on January 28, 2011. Then, while that motion was still pending, the PSC advised that the Boudreauxs would not be presented as proposed class representatives and, instead the Beckendorfs, Byrnes, and Puigs along with the Amatos would be presented as the class representatives in the *Silva* action. An Amended Motion to Intervene on behalf of the Amatos, Beckendorfs, Byrnes, and Puigs was filed on February 15, 2011.

## **ARGUMENT**

In considering whether to allow intervention under Rule 24(b) of the Federal Rules of Civil Procedure, the Court must consider the potential adverse impact on the original parties, including whether the intervention will unduly delay or prejudice the adjudication of the claim. Fed.R.Civ.P. 24(b)(3). In seeking intervention, Plaintiffs baldly assert that "the few additional plaintiff parties should not be an imposition on these proceeding." While Interior Exterior might originally agree, it cannot do so under the present circumstances given the PSC's refusal to agree to proposed modifications to the Court's Scheduling Order to allow fair adjudication of the class certification issues.

Despite requests, the PSC has never agreed to a date certain by which the designation of the class representatives would be final and not subject to further revisions. Even with this latest third round of changes to the class representatives, the PSC has refused to commit in writing to the finality of the designations. Interior Exterior will continue to be prejudiced if the identity of the class representatives remains a moving target.

The PSC and the Defendants have been able to agree to a general framework for a proposed schedule, with a mutual agreement to propose to the Court that the class

certification hearing take place the week of June 27, 2011.  However, Interior Exterior and its insurers cannot give final approval to that proposal until there is finality to the designation of class representatives.  All of the other deadlines are based on knowing for certain who the representatives will be.  Accordingly, Interior Exterior opposes Plaintiff's Motion to Intervene insofar as it represents yet another change to the designation of class representatives and fails to provide the necessary certainty to allow for just adjudication of the issues.

Moreover, Interior Exterior opposes the intervention because it seeks to replace the one (1) previous proposed representative with eight (8) new proposed representatives, while, at the same time, the PSC has refused to allow an increase in the number of class members the Defendants are allowed to depose.  Pursuant to the Court's January 12th Scheduling Order, the Defendants were limited to ten (10) depositions of class members, including the one (1) proposed class representative, Silva.[1]  In essence, the Court's Order allowed for the deposition of nine (9) non-representative class members.  However, despite seeking to increase the number of class representatives from one (1) to eight (8), the PSC refuses to agree to expand the total number of class member depositions.  Under the PSC's proposed schedule, then, the Defendants would only be allowed to take the deposition of two (2) non-representative class members.  In short, the PSC wants to increase the number of class representatives eight-fold while allowing the

---

[1] The PSC purportedly asserts that the Court's January 12, 2011 Scheduling Order applies collectively to the *Payton*, *Vickers*, and *Silva* matters so that the Defendants in all three actions were limited to ten total depositions, the four named class representatives (two in Louisiana and two in Florida) and six other class members collectively from the four proposed classes.   Interior Exterior disagrees with this reading of the Court's Order.  However, even under this interpretation, the Defendants in all three actions were allowed to take the deposition of putative class members in a ratio of 3:2 with class representatives.  Applying this same ratio to the PSC's latest proposal for class representatives would result in the Defendants in just the two Louisiana class actions (*Payton* and *Silva*) being allowed to depose twelve class members in addition to the eight named class representatives.  Nevertheless, the PSC is only offering to allow the Defendants two class member depositions in each of the *Payton* and *Silva* matters.

Defendants one-fourth of the number of putative class member depositions as originally provided. The prejudice by such a proposal is blatant.

With the Court's approval, Interior Exterior is willing to consent to the requested intervention provided that the Defendants in the *Silva* action be afforded the deposition of the eight (8) class representatives and the deposition of six (6) other class members, and provided that the PSC agrees to reasonable modifications to the proposed class certification discovery schedule to allow orderly and reasonable time to complete fact discovery, expert discovery, motion practice, and briefing in advance of a certification hearing the week of June 27, 2011.

## CONCLUSION

For the foregoing reasons, Interior Exterior respectfully submits that the Court should deny the Amended Motion to Intervene on behalf of Plaintiffs, Dean and Dawn Amato, Byron and Debra Byrne, Donald and Marcelyn Puig, and Edward and Susan Beckendorf. Alternatively, consistent with the lack of undue prejudice requirements of Fed. R. Civ. P. 24(b)(3), the Plaintiffs should only be allowed to intervene provided that, in conjunction with then Defendants, they jointly submit to the Court proposed modifications to the class certification scheduling order that provide a date certain for the designation of class representatives; allow the Defendants in the *Silva* action to depose the eight class representatives and six additional putative class members; establish reasonable discovery, motion, and briefing deadlines; and set the hearing on class certification during the week of June 27, 2011, at the earliest.

Respectfully submitted,

*Richard G. Duplantier, Jr.   /s/*

---

Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Carlina C. Eiselen, (# 28524)
Jeffrey P. Green (# 30531)
GALLOWAY, JOHNSON, TOMPKINS,
    BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Facsimile:   (504) 525-2456
 rduplantier@gjtbs.com;
 jhassinger@gjtbs.com
 ceiselen@gjtbs.com;
 jgreen@gjtbs.com
*Counsel for Defendant, Interior Exterior*

### Certificate of Service

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 22nd day of February, 2011.

*Richard G. Duplantier, Jr.   /s/*

---

RICHARD G. DUPLANTIER, JR.