**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047 |
| | SECTION L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | |
| *Silva, et al. v. Arch Insurance Co.* Case No. 09-cv-08034 | MAG. JUDGE WILKINSON |

**THIRD-PARTY CLAIMS OF THE NORTH RIVER INSURANCE COMPANY**
**AGAINST THE KNAUF ENTITIES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The North River Insurance Company ("North River"), for its Third-Party Claims against Knauf International GmbH, Knauf Insulation GmbH (sometimes referred to as Knauf Insulation USA), Knauf GIPS KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., and Guangdong Knauf New Building Material Products Co., Ltd. (collectively identified as the "Knauf Entities"), would show as follows:

1.       North River is a defendant in this action.

2.       Knauf Insulation GMBH a/k/a/ Knauf USA, is a corporation domiciled in the state of Indiana, and upon information and belief an agent of Knauf Gips KG, Knauf International GmbH, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., and Guangdong Knauf New Building Material Products Co., Ltd.

3.       Each of Knauf Gips KG, Knauf International GmbH, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., and Guangdong Knauf New Building Material Products Co., Ltd. is a corporation that is incorporated in a country other than the United States and that has its principal place of business outside of the United States.

4.     Each of the Knauf Entities has either appeared or has consented to jurisdiction in one or more of the cases involved in this MDL proceeding , see, e.g. No. 09-MD-2047, Doc. Nos. 6694, 6695 and 7586, and is subject to the jurisdiction of this Court.

5.     The Knauf Entities are related companies that are under the complete control and dominion of certain members of the Knauf family.  The Knauf Entities are not operated as separate companies but instead are operated in fact as a single business entity for the benefit of its ultimate owners, the Knauf family.  Both for substantive purposes and for purposes of personal jurisdiction, the acts, omissions, or jurisdictional contacts of any one of the Knauf Entities is attributable to each of the Knauf Entities.

6.     North River issued certain excess policies of liability insurance to Interior Exterior Building Supply, L.P. ("Inex"), a corporation that sells commercial and residential building materials, including drywall.  Inex has been sued by hundreds of claimants, including the Plaintiffs in this action, based on allegations that Inex sold drywall that contains a redhibitory defect.  The drywall at issue was designed, manufactured, distributed, and sold to Inex by one or more of the Knauf entities.  There is no evidence from any source that Inex was aware of any redhibitory defect in the drywall at the time Inex sold the drywall to a third party.  In fact, representatives of both the Knauf Entities and Inex have testified under oath that Inex was not aware of any defect in the Knauf drywall sold by Inex.

7.     North River has been sued in this action, as well as other cases, solely in its capacity as a liability insurer of Inex pursuant to the Louisiana Direct Action Statute, La. R.S. 22:1269.  There have been no allegations of any duty owed directly from North River to the various claimants who have brought suit, nor have there been any allegations of independent wrongdoing by North River.

8.      The policies of insurance issued by North River to Inex all provide that in the event that North River makes any payment under the policy, all rights Inex may have against any third party are transferred to North River.  While North River denies that either it or Inex has any liability to any claimant who has brought a direct action against North River based on the sale of drywall by Inex, if North River makes any payment under the policies on such a claim, and for attorneys fees already incurred in defense of this and other direct actions naming North River as a defendant, North River will be entitled to enforce the rights of Inex against third parties who are responsible for the loss.

9.      Pursuant to La. R. S. art. 2531, a seller who is held liable for a redhibitory defect has an action against the manufacturer of the defective thing, if the defect existed at the time the thing was delivered by the manufacturer to the seller, for any loss the seller sustained because of the redhibition. Any contractual provision that attempts to limit, diminish or prevent such recovery by a seller against the manufacturer shall have no effect.

10.      If Inex is held liable for a redhibitory defect in the Knauf drywall it sold, North River will have an action against one or more of the Knauf entities because, as Knauf has admitted, Inex did not know of the alleged defect.  Similarly, should North River be held liable for a redhibitory defect in the Knauf drywall sold by its insured, Inex, North River, pursuant to its contractual rights, will have an action against one or more of the Knauf entities under article 2531.

11.      While North River maintains that neither it nor Inex has any liability to the Plaintiffs in this case, in the unlikely event that such liability is imposed, North River is entitled to recover all losses it incurs, plus costs, expenses, and attorney's fees, from the Knauf Entities for the reasons set forth above.

12.      North River prays for a trial by jury as to all parties and all issues raised herein.

WHEREFORE, Third-Party Plaintiff, The North River Insurance Company, prays that it have and recover from Knauf International GmbH, Knauf Insulation GmbH (sometimes referred to as Knauf Insulation USA), Knauf GIPS KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., and Guangdong Knauf New Building Material Products Co., Ltd. any and all damages that may be assessed against North River in this matter, along with costs, expenses, attorney's fees, interest, and such other items as North River is entitled to recover, and for a trial by jury as to all parties and all issues herein.

Respectfully submitted,

By:  _____/s Eric B. Berger_____
Brian S. Martin, Esq.
Kevin Risley, Esq.
Rodrigo "Diego" Garcia, Jr., Esq.
THOMPSON COE COUSINS & IRONS LLP
One Riverway, Suite 1600
Houston, Texas 77056
Phone: (713) 403-8206
Fax:  (713) 403-8299
bmartin@thompsoncoe.com

Sidney J. Angelle, Esq., La. Bar No. 1002
Eric B. Berger, Esq. La. Bar No. 26196
LOBMAN CARNAHAN BATT ANGELLE
        & NADER
400 Poydras Street, Suite 2300
New Orleans, Louisiana 70130
Phone: (504) 586-9292
Fax:   (504) 586-1290
sja@lcba-law.com
ebb@lcba-law.com

ATTORNEYS FOR THE NORTH RIVER
INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on February 24, 2011.

_____/s Eric B. Berger_____
ERIC B. BERGER