UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | JUDGE FALLON |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| | * | MAG. WILKINSON |
| SHELLY SANSONE | * | |
| | * | |
| Versus | * | 10-723 |
| | * | |
| STATE FARM FIRE AND CASUALTY | * | |
| COMPANY | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND
DEFENSES TO PLAINTIFF'S PETITION FOR DAMAGES**

Defendant State Farm Fire and Casualty Company ("State Farm") submits the following

Answer and Defenses to the Petition for Damages filed by Plaintiff, Shelly Sansone.

**DEFENSES**

**FIRST DEFENSE**

The Petition fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

**THIRD DEFENSE**

Any claim asserted in the Petition against State Farm is based on a contract of insurance between Plaintiff and State Farm. State Farm avers that the Homeowners Insurance Policy issued by State Farm to Plaintiff, a copy of which is attached to this Answer as Exhibit A (the "Policy"), being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

**FOURTH DEFENSE**

As to the losses for which Plaintiff seeks to recover in this litigation, State Farm has not been afforded satisfactory proof of loss covered by the Policy, as is required by jurisprudential law, statutory law, and the terms and conditions of the Policy.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part because any alleged loss to her home is not an "accidental direct physical loss" under the terms of "**SECTION I – LOSSES INSURED COVERAGE A – DWELLING**" of the Policy.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part because any alleged loss to her personal property was not caused by an enumerated peril under the terms of "**SECTION I – LOSSES INSURED** . . . **COVERAGE B – PERSONAL PROPERTY**" of the Policy.

## SEVENTH DEFENSE

The Policy excludes coverage as follows:

### SECTION I – LOSSES NOT INSURED

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    . . .

    g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

    . . .

    However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiff's claims are barred in whole or in part because her alleged losses consisted of or were caused by inherent vice or latent defect.

## EIGHTH DEFENSE

The Policy excludes coverage as follows:

### SECTION I – LOSSES NOT INSURED

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    . . .

    h.  corrosion, electrolysis or rust;

    . . .

    However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiff's claims are barred in whole or in part because her alleged losses consisted of or were caused by corrosion.

## NINTH DEFENSE

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

    1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

        . . .

        j.    contamination;

        . . .

    However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiff's claims are barred in whole or in part because her alleged losses consisted of or were caused by contamination.

## TENTH DEFENSE

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

. . .

    3.    We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following:  (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

        . . .

        b.    defect, weakness, inadequacy, fault or unsoundness in:

        . . .

4

   (2) design, specifications, workmanship, construction, grading, compaction; [or]

   (3) materials used in construction or repair; . . .

 . . .

 of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**;

. . .

 However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiff's claims are barred in whole or in part because her alleged losses consisted of or were caused by defective or faulty workmanship, construction or materials used in construction.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because the losses alleged in the Petition are not resulting losses covered under the Policy and any alleged resulting losses are themselves Losses Not Insured under the Policy.

## TWELFTH DEFENSE

Plaintiff's claims for Loss of Use and Additional Living Expenses are barred because a Loss Insured has not caused the residence premises to become uninhabitable under the terms of "**SECTION I – COVERAGES** . . . **COVERAGE C – LOSS OF USE**" of the Policy.

## THIRTEENTH DEFENSE

Plaintiff's claims for any diminution in the value of her home are barred because no specific policy term provides coverage for such alleged loss. *Townsend v. State Farm Mut. Auto. Ins. Co.*, 34,901-CA, p. 11 (La. App. 2 Cir. 8/22/01); 793 So. 2d 473, 479–80; *Campbell v. Markel Am. Ins. Co.*, 2000 CA 1448, pp. 6–8, 18 (La. App. 1 Cir. 9/21/01); 822 So. 2d 617, 621–23, 628.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because any alleged bodily injury suffered by her is not covered under the terms of the Policy.

### FIFTEENTH DEFENSE

The Petition improperly seeks to impair the obligation of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

### SIXTEENTH DEFENSE

The Petition improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the United States Constitution, including, but not limited to, the Supremacy Clause, the Due Process Clause, the Equal Protection Clause and the Commerce Clause.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to take reasonable steps to mitigate her damages.

### NINETEENTH DEFENSE

State Farm avers that Plaintiff has not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives. If Plaintiff suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of Plaintiff or of third parties for whom State Farm is not responsible.

## **TWENTIETH DEFENSE**

The Policy provides as follows:

**SECTION I – CONDITIONS**

. . .

2. **Your Duties After Loss.** After a loss to which this insurance may apply, you shall see that the following duties are performed:

   a. give immediate notice to us or our agent. Also notify the police if the loss is caused by theft. Also notify the credit card company or bank if the loss involves a credit card or bank fund transfer card;

   b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

   c. prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of the loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

   d. as often as we reasonably require:

      (1) exhibit the damaged property;

      (2) provide us with records and documents we request and permit us to make copies;

      (3) submit to and subscribe, while not in the presence of any other **insured**:

         (a) statements; and

         (b) examinations under oath; and

      (4) produce employees, members of the **insured's** household or others for examination under oath to the extent it is within the **insured's** power to do so; and

   e. submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

      (1) the time and cause of loss;

      (2) interest of the **insured** and all others in the property involved and all encumbrances on the property;

      (3) other insurance which may cover the loss;

      (4)    changes in title or occupancy of the property during the term of this policy;

      (5)    specifications of any damaged building and detailed estimates for repair of the damage;

      (6)    an inventory of damaged or stolen personal property described in 2.c.;

      (7)    receipts for additional living expenses incurred and records supporting the fair rental value loss; and

      (8)    evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

. . .

6.    **Suit Against Us.**  No action shall be brought unless there has been compliance with the policy provisions. The action must be started within [twenty-four months][1] after the date of loss or damage.

Plaintiff's claims are barred in whole or in part because they have failed to comply with the conditions of the Policy.

## TWENTY-FIRST DEFENSE

State Farm has acted in good faith, in accordance with the terms and conditions of the Policy, and in compliance with applicable statutory or jurisprudential law.

## TWENTY-SECOND DEFENSE

Plaintiff has no statutory or jurisprudential right of action to recover attorneys' fees.

## TWENTY-THIRD DEFENSE

Although State Farm denies that it breached its contractual or statutory duties to Plaintiff in any manner, should Plaintiff establish a breach of contract and/or violation of statutory duties, Plaintiff has not suffered any real damages as a result of said breach and/or violations of statutory duties.

---

[1] Although the Policy states that suit must be brought within one year after the date of loss or damage, Louisiana law now requires that a policyholder bring suit against the insurer within twenty-four months after the loss. *See* La. R.S. 22:868(B); La. R.S. 22:1311.

8

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff did not and cannot rely on any alleged misrepresentations of State Farm or any of its agents or representatives. As a matter of law, Plaintiff has no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations. Plaintiff is presumed to know the terms and conditions of the Policy.

## TWENTY-FIFTH DEFENSE

Should it be shown that Plaintiff has made any material misrepresentations in connection with her claim for recovery of damages under the Policy, State Farm avers that such representations are in violation of the terms and conditions of the Policy, thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of the Policy.

## TWENTY-SIXTH DEFENSE

State Farm reserves the right to a credit for any claims payments that have been made and/or might be made during the pendency of this action but prior to final judgment.

## RESERVATION OF RIGHTS

To the extent permitted by law, State Farm reserves its rights to supplement and amend this Answer and to assert additional defenses as future discovery may warrant and require.

## ANSWER

**AND NOW,** answering the numbered allegations of the Petition, State Farm states as follows:

1.

State Farm denies the allegations of Paragraph 1 for lack of sufficient knowledge to justify a belief in the truth therein.

2.

State Farm admits the allegations of Paragraph 2.

3.

The Petition in this proceeding initially was filed in the 34th Judicial District Court for the Parish of St. Bernard in the State of Louisiana. Thereafter, State Farm removed this action to this Court. State Farm asserts that venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391.

4.

State Farm denies the allegations of Paragraph 4 as written, but admits that Plaintiff purchased Homeowners Policy No. 18-GC-0478-5 from State Farm Fire and Casualty Company. State Farm denies that Plaintiff is entitled to any relief whatsoever from State Farm and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions contained therein.

5.

State Farm denies the allegations of Paragraph 5 as written, but admits that Plaintiff renewed her Homeowners Policy No. 18-GC-0478-5 with State Farm Fire and Casualty Company for the period August 20, 2008 to August 20, 2009, and for the period August 20, 2009 to August 20, 2010. State Farm denies that Plaintiff is entitled to any relief whatsoever from State Farm and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions contained therein.

6.

State Farm denies the allegations of Paragraph 6 as written, but admits that the limits under the Policy were $217,100 for the dwelling, $21,710 for dwelling extensions, $162,825 for

personal property, and loss of use in the amount of actual loss sustained for the period August 20, 2009 to August 20, 2010. State farm further states that the limits under the Policy were $207,700 for the dwelling, $20,770 for dwelling extensions, $155,775 for personal property and loss of use in the amount of actual loss sustained for the period August 20, 2008 to August 20, 2009. State Farm denies that Plaintiff is entitled to any relief whatsoever from State Farm and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions contained therein.

7.

State Farm denies the allegations of Paragraph 7 for lack of sufficient knowledge to justify a belief in the truth therein.

8.

State Farm denies the allegations of Paragraph 8 for lack of sufficient knowledge to justify a belief in the truth therein.

9.

State Farm denies the allegations of Paragraph 9 for lack of sufficient knowledge to justify a belief in the truth therein.

10.

State Farm denies the allegations of Paragraph 10 for lack of sufficient knowledge to justify a belief in the truth therein.

11.

State Farm denies the allegations of Paragraph 11 for lack of sufficient knowledge to justify a belief in the truth therein.

12.

State Farm denies the allegations of Paragraph 12 for lack of sufficient knowledge to justify a belief in the truth therein.

13.

State Farm denies the allegations of Paragraph 13 for lack of sufficient knowledge to justify a belief in the truth therein.

14.

State Farm denies the allegations of Paragraph 14 for lack of sufficient knowledge to justify a belief in the truth therein.

15.

State Farm denies the allegations of Paragraph 15 for lack of sufficient knowledge to justify a belief in the truth therein.

16.

State Farm denies the allegations of Paragraph 16 as written and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions contained therein.

17.

State Farm denies the allegations of Paragraph 17 for lack of sufficient knowledge to justify a belief in the truth therein.

18.

State Farm denies the allegations of Paragraph 18 for lack of sufficient knowledge to justify a belief in the truth therein.

19.

State Farm denies the allegations of Paragraph 19 for lack of sufficient knowledge to justify a belief in the truth therein.

20.

State Farm denies the allegations of Paragraph 20 for lack of sufficient knowledge to justify a belief in the truth therein.

21.

State Farm denies the allegations of Paragraph 21 as written and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions contained therein.

22.

State Farm admits that all premiums due under the Policy at the time State Farm received Plaintiff's claim for coverage had been paid. State Farm denies the remaining allegations of Paragraph 22 for lack of sufficient knowledge to justify a belief in the truth therein.

23.

State Farm denies that it has failed to meet its obligations under the Policy, but admits that it notified Plaintiff that it denied Plaintiff's claim in writing dated May 18, 2010. The May 18, 2010 letter is the most accurate statement of its terms. State Farm denies the remaining allegations of Paragraph 23 for lack of sufficient knowledge to justify a belief in the truth therein.

24.

State Farm denies the allegations of Paragraph 24.

25.

State Farm denies the allegations of Paragraph 25.

26.

State Farm denies the allegations of Paragraph 26.

27.

State Farm denies the allegations of Paragraph 27.

28.

State Farm admits that Plaintiff demands a trial by jury, but denies that Plaintiff is entitled to any relief whatsoever from State Farm.

## PRAYER FOR RELIEF

State Farm denies that Plaintiff is entitled to the relief sought in her prayer for relief.

## GENERAL DENIAL

State Farm denies each and every allegation of the Petition not specifically and expressly admitted herein.

WHEREFORE, Defendant State Farm Fire and Casualty Company prays that its Answer and Defenses to Plaintiff's Petition for Damages be deemed good and sufficient, and that after due proceedings, this Court renders judgment in its favor with all costs and fees assessed to Plaintiff.

This 24th day of February 2011.

**/s/ Adrianne L. Baumgartner**
**ADRIANNE L. BAUMGARTNER, T.A. (#2861)**
**DARRIN M. O'CONNOR (#24582)**
**EMILY S. MORRISON  (#18351**)
Porteous, Hainkel & Johnson, L.L.P.
408 North Columbia Street
Covington, LA 70434
Telephone: (985) 893-4790
abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com

**CHARLES L. CHASSAIGNAC, IV (#20746)**
Porteous, Hainkel & Johnson, L.L.P.
343 Third Street, Suite 202
Baton Rouge, LA  70801-1309
Telephone:  (225) 383-8900
cchassaignac@phjlaw.com

**Attorneys for State Farm Fire & Casualty Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant State Farm Fire & Casualty Company's Answer has been served upon  Counsel for Plaintiff Shelly Sansone,   Greg DiLeo, Jennifer Eagan, and Allan Kanner and Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and email <u>or</u> by hand-delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 24th day of February, 2011.

/s/ Adrianne L. Baumgartner

**Error! Unknown document property name.**