UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047 |
| | | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * * | |
| JACQUES SENAC INDIVIDUALLY AND ON BEHALF OF COURTNEY SENAC, DARA SENAC INDIVIDUALLY AND ON BEHALF OF COURTNEY SENAC, AND JENNIFER SENAC | * * * * * * | MAG. WILKINSON  10-1242 |
| Versus | * * | |
| STATE FARM FIRE AND CASUALTY COMPANY | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND
DEFENSES TO PLAINTIFFS' PETITION FOR DAMAGES**

Defendant State Farm Fire and Casualty Company ("State Farm") submits the following Answer and Defenses to the Petition for Damages filed by Plaintiffs, Jacques Senac Individually and on Behalf of Courtney Senac, Dara Senac Individually and on Behalf of Courtney Senac, and Jennifer Senac.

## DEFENSES

### FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

### THIRD DEFENSE

Any claim asserted in the Petition against State Farm is based on a contract of insurance between Plaintiffs and State Farm. State Farm avers that the Homeowners Insurance Policy issued by State Farm to Plaintiffs, a copy of which is attached to this Answer as Exhibit A (the "Policy"), being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

### FOURTH DEFENSE

As to the losses for which Plaintiffs seek to recover in this litigation, State Farm has not been afforded satisfactory proof of loss covered by the Policy, as is required by jurisprudential law, statutory law, and the terms and conditions of the Policy.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged loss to their home is not an "accidental direct physical loss" under the terms of "**SECTION I – LOSSES INSURED COVERAGE A – DWELLING**" of the Policy.

### SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged loss to their personal property was not caused by an enumerated peril under the terms of "**SECTION I – LOSSES INSURED** . . . **COVERAGE B – PERSONAL PROPERTY**" of the Policy.

## SEVENTH DEFENSE

The Policy excludes coverage as follows:

### SECTION I – LOSSES NOT INSURED

1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    . . .

    g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

    . . .

    However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by inherent vice or latent defect.

## EIGHTH DEFENSE

The Policy excludes coverage as follows:

### SECTION I – LOSSES NOT INSURED

1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    . . .

    h.  corrosion, electrolysis or rust;

    . . .

    However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

**Error! Unknown document property name.**

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by corrosion.

## NINTH DEFENSE

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

> 1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . .
>
> j. contamination;
>
> . . .
>
> However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by contamination.

## TENTH DEFENSE

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

. . .

> 3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:
>
> . . .
>
> b. defect, weakness, inadequacy, fault or unsoundness in:
>
> . . .

4

>   (2)   design, specifications, workmanship, construction, grading, compaction; [or]
>
>   (3)   materials used in construction or repair; . . .
>
>   . . .
>
>   of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**;
>
>   . . .
>
>   However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by defective or faulty workmanship, construction or materials used in construction.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the losses alleged in the Petition are not resulting losses covered under the Policy and any alleged resulting losses are themselves Losses Not Insured under the Policy.

## TWELFTH DEFENSE

Plaintiffs' claims for Loss of Use and Additional Living Expenses are barred because a Loss Insured has not caused the residence premises to become uninhabitable under the terms of "**SECTION I – COVERAGES** . . . **COVERAGE C – LOSS OF USE**" of the Policy.

## THIRTEENTH DEFENSE

Plaintiffs' claims for any diminution in the value of their home are barred because no specific policy term provides coverage for such alleged loss. *Townsend v. State Farm Mut. Auto. Ins. Co.*, 34,901-CA, p. 11 (La. App. 2 Cir. 8/22/01); 793 So. 2d 473, 479–80; *Campbell v. Markel Am. Ins. Co.*, 2000 CA 1448, pp. 6–8, 18 (La. App. 1 Cir. 9/21/01); 822 So. 2d 617, 621–23, 628.

**Error! Unknown document property name.**

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because any alleged bodily injury suffered by them is not covered under the terms of the Policy.

**FIFTEENTH DEFENSE**

The Petition improperly seeks to impair the obligation of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

**SIXTEENTH DEFENSE**

The Petition improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the United States Constitution, including, but not limited to, the Supremacy Clause, the Due Process Clause, the Equal Protection Clause and the Commerce Clause.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by their failure to take reasonable steps to mitigate their damages.

**NINETEENTH DEFENSE**

State Farm avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives. If Plaintiffs suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of Plaintiffs or of third parties for whom State Farm is not responsible.

Error! Unknown document property name.

### TWENTIETH DEFENSE

State Farm adjusted Plaintiffs' claim in good faith, in accordance with the terms and conditions of the Policy, and in compliance with applicable statutory or jurisprudential law.

### TWENTY-FIRST DEFENSE

Plaintiffs have no statutory or jurisprudential right of action to recover attorneys' fees.

### TWENTY-SECOND DEFENSE

Although State Farm denies that it breached its contractual or statutory duties to Plaintiffs in any manner, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violations of statutory duties.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm or any of its agents or representatives. As a matter of law, Plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations. Plaintiffs are presumed to know the terms and conditions of the Policy.

### TWENTY-FOURTH DEFENSE

Should it be shown that Plaintiffs have made any material misrepresentations in connection with their claim for recovery of damages under the Policy, State Farm avers that such representations are in violation of the terms and conditions of the Policy, thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of the Policy.

**Error! Unknown document property name.**

**TWENTY-FIFTH DEFENSE**

State Farm reserves the right to a credit for any claims payments that have been made and/or might be made during the pendency of this action but prior to final judgment.

**RESERVATION OF RIGHTS**

To the extent permitted by law, State Farm reserves its rights to supplement and amend this Answer and to assert additional defenses as future discovery may warrant and require.

**ANSWER**

**AND NOW,** answering the numbered allegations of the Petition, State Farm states as follows:

1.

State Farm denies the allegations of Paragraph 1 for lack of sufficient knowledge to justify a belief in the truth therein.

2.

State Farm admits the allegations of Paragraph 2.

3.

State Farm admits that venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391.

4.

State Farm denies the allegations of Paragraph 4 for lack of sufficient knowledge to justify a belief in the truth therein.

5.

State Farm denies the allegations of Paragraph 5 for lack of sufficient knowledge to justify a belief in the truth therein.

**Error! Unknown document property name.**

6.

State Farm denies the allegations of Paragraph 6 as written, but admits that Plaintiffs purchased their Homeowners Policy No. 18-E4-2174-2 with State Farm Fire and Casualty Company in 2006 and renewed the Policy for the period April 28, 2009 to April 28, 2010.  State Farm denies that Plaintiffs are entitled to any relief whatsoever from State Farm and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions contained therein.

7.

State Farm denies the allegations of Paragraph 7 for lack of sufficient knowledge to justify a belief in the truth therein, but admits that it received a claim for coverage made by or on behalf of Plaintiffs on or about June 22, 2009.

8.

State Farm denies the allegations of Paragraph 8 for lack of sufficient knowledge to justify a belief in the truth therein.

9.

State Farm denies the allegations of Paragraph 9 for lack of sufficient knowledge to justify a belief in the truth therein.

10.

State Farm denies the allegations of Paragraph 10 for lack of sufficient knowledge to justify a belief in the truth therein.

11.

State Farm denies that it has failed to meet its obligations under the Policy and Louisiana law, but admits that it denied Plaintiffs' claim. State Farm denies the remaining allegations of Paragraph 11 for lack of sufficient knowledge to justify a belief in the truth therein.

12.

State Farm admits that it received a claim for coverage under Policy No. 18-E4-2174-2 made by or on behalf of Plaintiffs on or about June 22, 2009. State Farm denies the remaining allegations of Paragraph 12 for lack of sufficient knowledge to justify a belief in the truth therein.

13.

State Farm denies the allegations of Paragraph 13 as written, but admits that State Farm notified Plaintiffs that it denied Plaintiffs' claim in writing dated June 25, 2009, and that State Farm notified Plaintiffs that it denied another, unrelated claim in writing dated June 30, 2009. The June 25, 2009 and June 30, 2009 letters are the most accurate statement of their terms.

14.

State Farm denies the allegations of Paragraph 14 as written and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions contained therein.

15.

State Farm denies the allegations of Paragraph 15.

16.

State Farm denies the allegations of Paragraph 16 as written, but admits that Plaintiffs provided some documentation to State Farm regarding Plaintiffs' alleged losses.

**Error! Unknown document property name.**

17.

State Farm denies the allegations of Paragraph 17 as written, and states that State Farm has not been afforded satisfactory proof of a loss covered by the Policy.

18.

State Farm denies the allegations of Paragraph 18. State Farm further states that the allegations of Paragraph 18 constitute a legal conclusion to which no answer is required.

19.

State Farm denies the allegations of Paragraph 19. State Farm further states that the allegations of Paragraph 19 constitute a legal conclusion to which no answer is required.

20.

State Farm denies the allegations of Paragraph 20. State Farm further states that the allegations of Paragraph 20 constitute a legal conclusion to which no answer is required.

21.

State Farm denies the allegations of Paragraph 21. State Farm further states that the allegations of Paragraph 21 constitute a legal conclusion to which no answer is required.

22.

State Farm denies the allegations of Paragraph 22. State Farm further states that the allegations of Paragraph 22 constitute a legal conclusion to which no answer is required.

23.

State Farm denies the allegations of Paragraph 23. State Farm further states that the allegations of Paragraph 23 constitute a legal conclusion to which no answer is required.

24.

**Error! Unknown document property name.**

State Farm denies the allegations of Paragraph 24 for lack of sufficient knowledge to justify a belief in the truth therein.

25.

State Farm denies the allegations of Paragraph 25.

26.

State Farm admits that Plaintiffs request a trial by jury, but denies that Plaintiffs are entitled to any relief whatsoever from State Farm.

27.

State Farm denies that Plaintiffs are entitled to the relief sought in Paragraph 27.

28.

State Farm denies that Plaintiffs are entitled to the relief sought in Paragraph 28.

## **GENERAL DENIAL**

State Farm denies each and every allegation of the Petition not specifically and expressly admitted herein.

WHEREFORE, Defendant State Farm Fire and Casualty Company prays that its Answer and Defenses to Plaintiffs' Petition for Damages be deemed good and sufficient, and that after due proceedings, this Court renders judgment in its favor with all costs and fees assessed to Plaintiffs.

This 24th day of February 2011.

**/s/ Adrianne L. Baumgartner**
**ADRIANNE L. BAUMGARTNER, T.A. (#2861)**
**DARRIN M. O'CONNOR (#24582)**
**EMILY S. MORRISON  (#18351**)
PORTEOUS, HAINKEL & JOHNSON
408 North Columbia Street
Covington, LA 70434
Telephone: (985) 893-4790
abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com

**CHARLES L. CHASSAIGNAC, IV (#20746)**
Porteous, Hainkel & Johnson, L.L.P.
343 Third Street, Suite 202
Baton Rouge, LA  70801-1309
Telephone:  (225) 383-8900
cchassaignac@phjlaw.com

Counsel for State Farm Fire & Casualty Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant State Farm Fire & Casualty Company's Answer has been served upon  Counsel for Plaintiffs Jacques Senac, Dara Senac, Jennifer Senac and Courtney Senac,  Rick Fernandez and Amber Cisney, Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and email or by hand-delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 24th day of February, 2011.

/s/ Adrianne L. Baumgartner

**Error! Unknown document property name.**