UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047 |
| | | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * * | |
| THOMAS WEST, SR. AND GLORIA WEST | * * * | MAG. WILKINSON |
| | * | 09-6356 |
| Versus | * * | |
| STATE FARM FIRE AND CASUALTY COMPANY | * * | |

* * * * * * * * * * * * *

**STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND
<u>DEFENSES TO PLAINTIFFS' PETITION FOR DAMAGES</u>**

Defendant State Farm Fire and Casualty Company ("State Farm") submits the following Answer and Defenses to the Petition for Damages filed by Plaintiffs, Thomas West, Sr. and Gloria West.

## DEFENSES

### FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

### THIRD DEFENSE

Any claim asserted in the Petition against State Farm is based on a contract of insurance between Plaintiffs and State Farm. State Farm avers that the Homeowners Insurance Policy issued by State Farm to Plaintiffs, a copy of which is attached to this Answer as Exhibit A (the "Policy"), being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

### FOURTH DEFENSE

As to the losses for which Plaintiffs seek to recover in this litigation, State Farm has not been afforded satisfactory proof of loss covered by the Policy, as is required by jurisprudential law, statutory law, and the terms and conditions of the Policy.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged loss to their home is not an "accidental direct physical loss" under the terms of "**SECTION I – LOSSES INSURED COVERAGE A – DWELLING**" of the Policy.

**SIXTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because any alleged loss to their personal property was not caused by an enumerated peril under the terms of "**SECTION I – LOSSES INSURED** . . . **COVERAGE B – PERSONAL PROPERTY**" of the Policy.

**SEVENTH DEFENSE**

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

    1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    . . .

    g.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

    . . .

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by inherent vice or latent defect.

**EIGHTH DEFENSE**

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

    1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately

3

>> caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . .
>
> h.   corrosion, electrolysis or rust;
>
> . . .
>
> However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by corrosion.

## NINTH DEFENSE

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

> 1.   We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . .
>
> j.   contamination;
>
> . . .
>
> However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by contamination.

4

**Error! Unknown document property name.**

## TENTH DEFENSE

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

. . .

    3.    We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following:  (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    . . .

    b.    defect, weakness, inadequacy, fault or unsoundness in:

    . . .

        (2)    design, specifications, workmanship, construction, grading, compaction; [or]

        (3)    materials used in construction or repair; . . .

        . . .

        of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**;

    . . .

    However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by defective or faulty workmanship, construction or materials used in construction.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the losses alleged in the Petition are not resulting losses covered under the Policy and any alleged resulting losses are themselves Losses Not Insured under the Policy.

5

**Error! Unknown document property name.**

### TWELFTH DEFENSE

Plaintiffs' claims for Loss of Use and Additional Living Expenses are barred because a Loss Insured has not caused the residence premises to become uninhabitable under the terms of "**SECTION I – COVERAGES** . . . **COVERAGE C – LOSS OF USE**" of the Policy.

### THIRTEENTH DEFENSE

Plaintiffs' claims for any diminution in the value of their home are barred because no specific policy term provides coverage for such alleged loss. *Townsend v. State Farm Mut. Auto. Ins. Co.*, 34,901-CA, p. 11 (La. App. 2 Cir. 8/22/01); 793 So. 2d 473, 479–80; *Campbell v. Markel Am. Ins. Co.*, 2000 CA 1448, pp. 6–8, 18 (La. App. 1 Cir. 9/21/01); 822 So. 2d 617, 621–23, 628.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged bodily injury suffered by them is not covered under the terms of the Policy.

### FIFTEENTH DEFENSE

The Petition improperly seeks to impair the obligation of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

### SIXTEENTH DEFENSE

The Petition improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

**Error! Unknown document property name.**

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the United States Constitution, including, but not limited to, the Supremacy Clause, the Due Process Clause, the Equal Protection Clause and the Commerce Clause.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by their failure to take reasonable steps to mitigate their damages.

### NINETEENTH DEFENSE

State Farm avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives. If Plaintiffs suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of Plaintiffs or of third parties for whom State Farm is not responsible.

### TWENTIETH DEFENSE

The Policy provides as follows:

**SECTION I – CONDITIONS**

. . .

2. **Your Duties After Loss.** After a loss to which this insurance may apply, you shall see that the following duties are performed:

    a. give immediate notice to us or our agent. Also notify the police if the loss is caused by theft. Also notify the credit card company or bank if the loss involves a credit card or bank fund transfer card;

    b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to

7

|     | protect the property, keep an accurate record of repair expenditures; |
| --- | --- |
| c.  | prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of the loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory; |
| d.  | as often as we reasonably require: |

    (1)    exhibit the damaged property;

    (2)    provide us with records and documents we request and permit us to make copies;

    (3)    submit to and subscribe, while not in the presence of any other **insured**:

        (a)    statements; and

        (b)    examinations under oath; and

    (4)    produce employees, members of the **insured's** household or others for examination under oath to the extent it is within the **insured's** power to do so; and

e.    submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

    (1)    the time and cause of loss;

    (2)    interest of the **insured** and all others in the property involved and all encumbrances on the property;

    (3)    other insurance which may cover the loss;

    (4)    changes in title or occupancy of the property during the term of this policy;

    (5)    specifications of any damaged building and detailed estimates for repair of the damage;

    (6)    an inventory of damaged or stolen personal property described in 2.c.;

8

        (7)    receipts for additional living expenses incurred and records supporting the fair rental value loss; and

        (8)    evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

. . .

6.    **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within [twenty-four months][1] after the date of loss or damage.

Plaintiffs' claims are barred in whole or in part because they have failed to comply with the conditions of the Policy.

## TWENTY-FIRST DEFENSE

State Farm has acted in good faith, in accordance with the terms and conditions of the Policy, and in compliance with applicable statutory or jurisprudential law.

## TWENTY-SECOND DEFENSE

Plaintiffs have no statutory or jurisprudential right of action to recover attorneys' fees.

## TWENTY-THIRD DEFENSE

Although State Farm denies that it breached its contractual or statutory duties to Plaintiffs in any manner, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violations of statutory duties.

---

[1] Although the Policy states that suit must be brought within one year after the date of loss or damage, Louisiana law now requires that a policyholder bring suit against the insurer within twenty-four months after the loss. *See* La. R.S. 22:868(B); La. R.S. 22:1311.

**Error! Unknown document property name.**

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm or any of its agents or representatives. As a matter of law, Plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations. Plaintiffs are presumed to know the terms and conditions of the Policy.

**TWENTY-FIFTH DEFENSE**

Should it be shown that Plaintiffs have made any material misrepresentations in connection with their claim for recovery of damages under the Policy, State Farm avers that such representations are in violation of the terms and conditions of the Policy, thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of the Policy.

**TWENTY-SIXTH DEFENSE**

State Farm reserves the right to a credit for any claims payments that have been made and/or might be made during the pendency of this action but prior to final judgment.

**RESERVATION OF RIGHTS**

To the extent permitted by law, State Farm reserves its rights to supplement and amend this Answer and to assert additional defenses as future discovery may warrant and require.

**ANSWER**

**AND NOW,** answering the numbered allegations of the Petition, State Farm states as follows:

**Error! Unknown document property name.**

I.

State Farm denies the allegations of Paragraph I for lack of sufficient knowledge to justify a belief in the truth therein.

II.

State Farm admits that it is a foreign insurance company authorized to do and doing business in the State of Louisiana. State Farm further states that the Petition in this proceeding initially was filed in the 24th Judicial District Court for the Parish of Jefferson in the State of Louisiana. Thereafter, State Farm removed this action to this Court. State Farm asserts that jurisdiction is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1332.

III.

The Petition in this proceeding initially was filed in the 24th Judicial District Court for the Parish of Jefferson in the State of Louisiana. Thereafter, State Farm removed this action to this Court. State Farm asserts that venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391.

IV.

State Farm denies the allegations of Paragraph IV.

V.

State Farm denies the allegations of Paragraph V for lack of sufficient knowledge to justify a belief in the truth therein.

**Error! Unknown document property name.**

VI.

State Farm denies the allegations of Paragraph VI as written, and states that Plaintiff Thomas West, Sr., and non-party Melanie Broussard renewed Homeowners Policy No. 18-EX-0880-5 with State Farm Fire and Casualty Company for the period January 25, 2009 to January 25, 2010. State Farm denies that Plaintiffs are entitled to any relief whatsoever from State Farm and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions contained therein.

VII.

State Farm denies the allegations of Paragraph 7 for lack of sufficient knowledge to justify a belief in the truth therein.

VIII.

State Farm denies the allegations of Paragraph VIII for lack of sufficient knowledge to justify a belief in the truth therein.

IX.

State Farm denies the allegations of Paragraph IX for lack of sufficient knowledge to justify a belief in the truth therein.

X.

State Farm denies the allegations of Paragraph X for lack of sufficient knowledge to justify a belief in the truth therein.

XI.

State Farm denies the allegations of Paragraph XI as written, but admits that State Farm has not tendered payment under the Policy for Plaintiffs' alleged losses.

XII.

State Farm denies the allegations of Paragraph XII as written and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions contained therein.

XIII.

State Farm denies the allegations of Paragraph XIII as written and specifically avers that the Policy is the most accurate reflection of the terms of the Policy including the conditions, limitations, and exclusions contained therein.

XIV.

State Farm denies the allegations of Paragraph XIV.

XV.

State Farm denies the allegations of Paragraph XV.

XVI.

State Farm denies the allegations of Paragraph XVI.

XVII.

State Farm denies the allegations of Paragraph XVII.

**Error! Unknown document property name.**

XVIII.

State Farm denies the allegations of Paragraph XVIII.

XIX.

Paragraph XIX does not require an answer.

XX.

State Farm admits that Plaintiffs pray for a trial by jury, but denies that Plaintiffs are entitled to any relief whatsoever from State Farm.

**PRAYER FOR RELIEF**

State Farm denies that Plaintiffs are entitled to the relief sought in their prayer for relief.

**GENERAL DENIAL**

State Farm denies each and every allegation of the Petition not specifically and expressly admitted herein.

WHEREFORE, Defendant State Farm Fire and Casualty Company prays that its Answer and Defenses to Plaintiffs' Petition for Damages be deemed good and sufficient, and that after due proceedings, this Court renders judgment in its favor with all costs and fees assessed to Plaintiffs.

**Error! Unknown document property name.**

This 24th day of February 2011.

**/s/ Adrianne L. Baumgartner**
**ADRIANNE L. BAUMGARTNER, T.A. (#2861)**
**DARRIN M. O'CONNOR (#24582)**
**EMILY S. MORRISON  (#18351**)
PORTEOUS, HAINKEL & JOHNSON
408 North Columbia Street
Covington, LA 70434
Telephone: (985) 893-4790
abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com

**CHARLES L. CHASSAIGNAC, IV (#20746)**
Porteous, Hainkel & Johnson, L.L.P.
343 Third Street, Suite 202
Baton Rouge, LA  70801-1309
Telephone:  (225) 383-8900
cchassaignac@phjlaw.com

Counsel for State Farm Fire & Casualty Company

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant State Farm Fire & Casualty Company's Answer has been served upon  Counsel for Plaintiffs Thomas and Gloria West, Brian Houghtaling and Charlie Thomas and Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and email <u>or</u> by hand-delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 24th day of February, 2011.

/s/ Adrianne L. Baumgartner

**Error! Unknown document property name.**