# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

SAMUEL LEDFORD, individually)
and on behalf of others similarly)
situated,                              )
                                       )
         Plaintiff,                    )
                                       )
v.                                     )         **Civil Action Number:**
                                       )         **2:09-cv-00538-RRA**
KNAUF     GIPS    KG;    KNAUF)
PLASTERBOARD    TIANJIN    CO.,)
LTD.; MAZER SUPER DISCOUNT)
STORE, et al.,                         )
                                       )
         Defendants.                   )

## AMENDED ANSWER OF MAZER'S DISCOUNT HOME CENTERS, INC., D/B/A MAZER DISCOUNT SUPERSTORE

Mazer's Discount Home Centers, Inc., d/b/a Mazer Discount Superstore ("Mazer's" or "Defendant") denies any liability to the Plaintiff or the proposed class and amends its Answer to Plaintiff's Corrected First Amended Complaint (the "Complaint") more specifically below. In asserting the following defenses, Mazer's does not assume any burden of proof that would otherwise be imposed on the Plaintiff. When used below, the term "Plaintiffs" should be understood as the individual named Plaintiff and the proposed unnamed class members.

## First Defense

Mazer's responds to the corresponding enumerated paragraphs of the Complaint as follows:

## Introduction

1.     The Defendant admits that Plaintiff appears to be bringing an action but denies the allegations of that action as to Mazer's and denies that Plaintiff is entitled to assert any claims on behalf of a class.

2.     Denied.

## Jurisdiction and Venue

3.     This paragraph does not require an answer; however, Defendant incorporates its previous responses.

4.     This Defendant denies this case is proper for a class action, denies that there is complete diversity between Plaintiff and Defendant, and denies that the amount in controversy exceeds $5,000,000.

5.     At this time Defendant neither admits nor denies the allegations of venue.

## The Parties

6.     The Defendant denies that any drywall from Mazer's was defective.  Defendant is without information or belief to admit the remaining allegations of paragraph 6 of the Complaint as to where, and by whom, the

house of the Plaintiff Samuel Ledford was built, and therefore denies same and demands specific proof thereof.

7.    These allegations are not directed to this Defendant, but to the extent a response is required, Defendant is without information or belief to admit the allegations of this paragraph of the Complaint; therefore, Defendant denies the allegations of this paragraph and demands specific proof thereof.

8.    This allegation is denied as to any entity named "Mazer Discount Super Store."

9.    These allegations are not directed to this Defendant, but to the extent a response is required, Defendant is without information or belief to admit the allegations of this paragraph of the Complaint; therefore, Defendant denies the allegations of this paragraph and demands specific proof thereof.

10.    These allegations are not directed to this Defendant, but to the extent a response is required, Defendant is without information or belief to admit the allegations of this paragraph of the Complaint; therefore, Defendant denies the allegations of this paragraph and demands specific proof thereof.

11.    These allegations are not directed to this Defendant, but to the extent a response is required, Defendant is without information or belief to admit the allegations of this paragraph of the Complaint; therefore, Defendant denies the allegations of this paragraph and demands specific proof thereof.

The Defendant also affirmatively denies purchasing or selling any "defective gypsum drywall."

12.    Defendant denies that fictitious parties are permitted in federal courts and denies that the Mississippi Rules of Civil Procedure apply in this Court.  To the extent paragraph 12 of the Complaint alleges any wrongful conduct by Mazer's, those allegations are denied.

## Jurisdiction and Venue [Part II]

13.    Denied.

## General Allegations

14.    Defendant states that upon information and belief consumers in Alabama purchased gypsum drywall but denies that any "defective gypsum drywall" was purchased or sold by Mazer's and as such denies this paragraph.

15.    Denied.

16.    Denied

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

## Class-Action Allegations

24.    Denied.

25.    Denied.

26.    Denied (including as to all subparts).

27.    Denied.

28.    Denied.

29.    Denied.

## Equitable Tolling of the Applicable Statutes of Limitations

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

# Count I

## Vicarious Liability (against Defendant Knauf Gips)

34.    The Defendant incorporates its previous responses.

35. through 42.    The allegations of paragraphs 35 through 42 are not directed to this Defendant, but to the extent a response is required, Defendant is without information or belief to admit the allegations of these paragraphs of the Complaint; therefore, Defendant denies the allegations of these paragraphs and demands specific proof thereof.

## Count II

## Negligence and Negligence Per Se
### (against Defendants Knauf Gips and Knauf Tianjin)

43.     The Defendant incorporates its previous responses.

44. through 54.    The allegations of paragraphs 44 through 54 are not directed to this Defendant, but to the extent a response is required, Defendant is without information or belief to admit the allegations of these paragraphs of the Complaint; therefore, Defendant denies the allegations of these paragraphs and demands specific proof thereof.

## Count III

## Strict Products Liability
### (against Defendants Knauf Gips, Knauf Tianjin, and Mazer)

55.     The Defendant realleges and incorporates its answers and responses in prior paragraphs.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

## Count IV Fraudulent Misrepresentation
### (against Defendants Knauf Gips and Knauf Tianjin)

73.     The Defendant realleges and incorporates its answers and responses in prior paragraphs.

74. through 84.     The allegations of paragraphs 74 through 84 are not directed to this Defendant, but to the extent a response is required, Defendant is without information or belief to admit the allegations of these paragraphs of the Complaint; therefore, Defendant denies the allegations of these paragraphs and demands specific proof thereof.

## Count V Fraudulent Concealment
### (against Defendants Knauf Gips and Knauf Tianjin)

85.     The Defendant realleges and incorporates its answers and responses in prior paragraphs.

86. through 96.    The allegations of paragraphs 86 through 96 are not directed to this Defendant, but to the extent a response is required, Defendant is without information or belief to admit the allegations of these paragraphs of the Complaint; therefore, Defendant denies the allegations of these paragraphs and demands specific proof thereof.

## Count VI

### Violation of the Alabama Deceptive Trade Practices Act
### (against Defendants Knauf Gips and Knauf Tianjin)

97.    The Defendant realleges and incorporates its answers and responses in prior paragraphs.

98. through 105.    The allegations of paragraphs 98 through 105 are not directed to this Defendant, but to the extent a response is required, Defendant is without information or belief to admit the allegations of these paragraphs of the Complaint; therefore, Defendant denies the allegations of these paragraphs and demands specific proof thereof.

**Prayer for Relief**

With regard to the unnumbered section of the Complaint headed "Prayer for Relief," Defendant denies that the Plaintiff is entitled to any of the requested relief and denies that either the Plaintiff or the proposed class members are entitled to any relief whatsoever. Defendant denies that the Plaintiff is entitled to certification of a class. Defendant demands a judgment in its favor as to any and all claims by Plaintiff and an award of costs of this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant is not guilty of the matters and things alleged against it in the Complaint.

### Second Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted as to some or all of the Plaintiff's purported claims.

### Third Affirmative Defense

Defendant denies that its conduct was the proximate cause of the Plaintiff's alleged injuries and damages.

### Fourth Affirmative Defense

This Defendant owes no duty to the Plaintiff.

## Fifth Affirmative Defense

Defendant pleads that the alleged defect or hazard complained of was latent and there was no causal connection between this Defendant's actions and the alleged defect.

## Sixth Affirmative Defense

The Plaintiff's alleged injuries and damages were proximately caused by an intervening or superseding force or event.

## Seventh Affirmative Defense

The Plaintiff's alleged injuries and damages were caused by the acts or omissions of others for whom this Defendant owes no legal responsibility (whether other Defendants, nonparties, or Plaintiff).

## Eighth Affirmative Defense

The Plaintiff lacks capacity to sue, is not the real party in interest, or lacks standing to assert some or all of the claims, if any, alleged in the Complaint.

## Ninth Affirmative Defense

Some or all of the Plaintiff's claims are barred by the doctrines of waiver, laches, unclean hands, and estoppel (including but not limited to judicial estoppel).

## Tenth Affirmative Defense

Venue is improper or, alternatively, if proper, venue should be transferred under the doctrine of *forum nonconveniens*. Additionally, the reference to "venue" should be understood to include the division of the district as well as the district.

## Eleventh Affirmative Defense

The Plaintiff's claims are barred by the defense of assumption of the risk

## Twelfth Affirmative Defense

The Plaintiff was guilty of contributory negligence which proximately contributed to cause his alleged injuries and damages.

## Thirteenth Affirmative Defense

The Plaintiff's claims are barred to the extent the product made the basis of this case was misused or used in a manner other than the manner in which it was designed to be used.

## Fourteenth Affirmative Defense

The Plaintiff's claims are barred because of lack of causation or lack of causal relation.

## Fifteenth Affirmative Defense

The Plaintiff's claims are barred because he failed to follow the directions for use of the product and disregarded warnings.

### Sixteenth Affirmative Defense

This Defendant was in no better position than the manufacturer, the purchaser, the ultimate consumer or user, or the Plaintiff to inspect the product at issue in the Complaint. This Defendant was in no better position than the manufacturer, the purchaser, the ultimate consumer or user, or the Plaintiff to discovery any defects in the product at issue in the Complaint. The purchasers were sophisticated users who had experience with the product at issue and could have discovered the defect, if any, as well or better than Defendant could have.

### Seventeenth Affirmative Defense

Defendant is not liable for any uncommon reaction or an allergic reaction of a hypersensitive user.

### Eighteenth Affirmative Defense

Defendants allege that the Plaintiff's injuries and damages were caused by the negligence, misuse, assumption of the risk, or comparative fault of others for whom defendants is not liable.

### Nineteenth Affirmative Defense

With regard to the Plaintiff's claims for punitive damages, Defendant pleads and asserts the following defenses:

1. An award of punitive damages in this case would constitute a violation of due process and equal protection of the laws as protected by the United States Constitution and Alabama Constitution.

2.    Without limiting the generality of the foregoing, the constitutional provisions that an award of punitive damages in this case would violate include (but are not limited to) the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6, of the Constitution of Alabama. The grounds on which these provisions would be violated by such an award include, but are not limited to, the following:

a.    The procedures under which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violate some or all of these provisions;

b.    The procedures under which punitive damages are awarded violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution because they (1) fail to provide specific standards, (ii) fail to provide a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damages award; (iii) provide unconstitutionally vague or insufficient standards for the amount of the award of punitive damages; (iv) fail to provide instruction on the limits on punitive damages imposed by the applicable principle of deterrence and punishment; (v) do not expressly prohibit awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (vi) permit the award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (vii) do not provide for judicial review on the basis of objective standards.

c.    The procedures under which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

d.    The procedures under which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which

thereby violate the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e.   The procedures under which punitive damages are awarded fail to require that an award of punitive damages be proportional, or bear a reasonable relationship, to the actual harm incurred;

f.   The procedures under which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages;

g.   The procedures under which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages;

h.   The procedures under which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined;

i.   The procedures under which punitive damages are awarded may permit the admission of evidence relative to acts that occurred in another state which mayor may not be lawful under the laws of that state; and

j.   The procedures under which punitive damages are awarded violate the Due Process Clause of the U.S. Constitution because they fail to provide adequate protection that the defendant will not be punished for injury inflicted on nonparties or strangers to the litigation.

3.   Any award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22, of the Constitution of Alabama.

4.   Any award of punitive damages in this case would create an improper and unlawful burden on interstate commerce in violation of Article I, Section 8, of the United States Constitution.

5.    An award of punitive damages in this case could violate the Defendant's rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing a guarantee against double jeopardy.

6.    Any attempt to impose punitive or extra-contractual damages on Defendant on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States of America and Article I, Section 6, of the Alabama Constitution.

7.    Any award of punitive damages to Plaintiffs in this case would violate the procedural safeguards provided to a defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

8.    Present Alabama law under which punitive damages are sought is impermissibly vague, imprecise, and inconsistent, and is in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama.

9.    An award of punitive damages to Plaintiff would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under Article I, Section 6, of the Alabama Constitution.

10.    It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against defendants which are penal in nature by requiring a burden of proof on defendants which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

11.    It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America and Article I, Section 6 of the Constitution of the State of Alabama, to impose

against defendants punitive damages, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

## Twentieth Affirmative Defense

With respect to the demands in the Complaint for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination or enforceability of punitive damages awards as articulated in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1 (Ala. 2001); *Hammond v. City of Gadsden*, 493 So. 2d 1374 (Ala. 1986), and *Green Oil Co. v. Hornsby*, 539 So. 2d 218 (Ala. 1989). With respect to the demands in the Complaint for punitive damages, if any, those claims are subject to the requirements of Ala. Code §§ 6-11-20,6-11-22, 6-11-23, 6-11-24, 6-11-25, and 6-11-27. To the extent any of these statutes is considered invalid or unenforceable by any judicial decision, such decision violates the Alabama Constitution, including but not limited to the separation-of-powers provisions (§§ 42-43), and the right to due process under both the U.S. Constitution and Alabama Constitution. With regard to the Plaintiff's claims for punitive damages, to the extent that the Plaintiff's Complaint can be read to include any claims for punitive

damages against Defendant, such damages are limited by Ala. Code § 6-11-21.  To the extent the limitation established by Ala. Code § 6-11-21 is considered invalid or unenforceable by *Henderson v. Alabama Power Co.*, 627 So. 2d 878 (Ala. 1993), or any other decision, such decision violates the Alabama Constitution, including but not limited to the separation-of-powers provisions (§§ 42-43), and the right to due process under both the U.S. Constitution and Alabama Constitution.  To allow an award of punitive damages in excess of the statutory cap in Ala. Code § 6- 11-21 is in direct contravention of the express public policy of the State of Alabama.

### Twenty-First Affirmative Defense

Defendant denies each and every allegation not otherwise herein admitted and demand strict proof thereof.

### Twenty-Second Affirmative Defense

Defendant pleads that they were not the manufacturer, distributor or seller of the allegedly defective products.

### Twenty-Third Affirmative Defense

The Plaintiff's injuries and damages were caused by an act of God and not by any act or omission of these defendants.

### Twenty-Fourth Affirmative Defense

Defendant expressly reserves the right to amend its Answer in this case.

### Twenty-Fifth Affirmative Defense

Defendant denies that they breached any duty they owed to the Plaintiff or the deceased.

### Twenty-Sixth Affirmative Defense

The Defendant asserts that any drywall that it sold was not defective.

### Twenty-Seventh Affirmative Defense

The Defendant pleads the applicable statute of limitations or repose and the doctrine of laches.

### Twenty-Eighth Affirmative Defense

The Defendant pleads that the Plaintiff cannot show damages.

### Twenty-Ninth Affirmative Defense

This case is not suitable as a class action as to some or all of the Plaintiff's claims because the proposed class is not so numerous that joinder of all members is impracticable.

### Thirtieth Affirmative Defense

This case is not suitable as a class action as to some or all of the Plaintiff's claims because there are no common material questions of law or fact common to the proposed class or, to the extent there are any common questions of law or fact, those questions to do not predominate over questions affecting individual members of the proposed class.

### Thirty-First Affirmative Defense

This case is not suitable as a class action as to some or all of the Plaintiff's claims because the claims of the named Plaintiff are not typical of the claims of the proposed class.

### Thirty-Second Affirmative Defense

This case is not suitable as a class action as to some or all of the Plaintiff's claims because the named Plaintiff is not an adequate representative of the proposed class.

### Thirty-Third Affirmative Defense

This case is not suitable as a class action as to some or all of the Plaintiff's claims because the prosecution of individual actions would not create a risk of inconsistent or varying adjudications with respect to individual members of the proposed class, would not create incompatible standards for the parties opposing the class, would not result in adjudications that would as a practical matter be dispositive of the interests of the other members of the proposed class who are not parties, and would not substantially impair or impede the ability of the individual members of the proposed class to protect their interests.

### Thirty-Fourth Affirmative Defense

This case is not suitable as a class action as to some or all of the Plaintiff's claims because a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

### Thirty-Fifth Affirmative Defense

This case is not suitable as a class action because the Defendant has not acted or refused to act on grounds that apply generally to the class, so that injunctive or declaratory relief is not appropriate respecting the class as a whole.

### Thirty-Sixth Affirmative Defense

This case is not suitable as a class action as to some or all of the Plaintiff's claims because a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

### Thirty-Seventh Affirmative Defense

Plaintiff failed to join indispensable parties.

### Thirty-Eighth Affirmative Defense

Mazer's pleads caveat emptor.

Respectfully submitted on February _____, 2011.

/s/ Christopher A. Bottcher_____
Christopher A. Bottcher
Attorney for Defendant
Mazer's Discount Home Centers, Inc.

**OF COUNSEL:**

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:  (205) 930-5101

/s/ Larry S. Logsdon
Larry S. Logsdon
Attorney for Defendant
Mazer's Discount Home Centers, Inc.


**OF COUNSEL:**

WALLACE, JORDAN, RATLIFF & BRANDT, LLC
Post Office Box 530910
Birmingham, Alabama 35253
Tel.:  (205) 874-0341
Fax:  (205) 874-3241


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Amended Answer to Complaint has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United Stated District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the _____ day of February, 2011.

/s/ Christopher A. Bottcher
Of Counsel