UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Silva, et al. v. Interior Exterior Building Supply, LP et al.*, Civ. Action No. 09-08030 (E.D.La.)<br><br>*Silva et al v. Arch Insurance Company, et al.*, Civ. Action No. 09-08034 (E.D.La.) | |

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' SECOND AMENDED MOTION TO INTERVENE

I.  INTRODUCTION

Plaintiffs, Dean and Dawn Amato, Byron and Debra Byrne, Donald and Marcelyn Puig and Edward and Susan Beckendorf, hereby move pursuant to Fed.R.Civ.P. 24 and this Court's Scheduling Orders of January 21, 2010 and February 9, 2011 (R.Doc. 7366), to intervene in the above captioned action of *Silva*. Plaintiffs are Louisiana homeowners whose properties were constructed of Knauf drywall supplied by Interior/Exterior Building Supply, LP and thus plaintiffs have an interest in the class relief sought as they are absent class members. Because the Silvas are now involved in the Knauf Demonstration Remediation Program, the Amatos, the Byrnes, the Puigs and the Beckendorfs are compelled to present themselves as representative plaintiffs to allow the class to continue to pursue the claims set forth in the Class Action

1

Complaint. For the reasons set forth in this memorandum of law, Plaintiffs' motion to intervene should be granted.

## II. FACTUAL BACKGROUND

Stephen and Isis Silva filed a petition for declaratory judgment as a class action on December 1, 2009 in the Parish of St. Tammany, Louisiana Court against Arch Insurance Company, RSUI Group, Inc., North River Insurance Company, Fireman's Fund Insurance Companies, Liberty Mutual Insurance and Interior/Exterior Building Supply, LP. That action was removed to this Court on December 30, 2009. On September 21, 2010, the plaintiffs moved for class certification of the Louisiana homeowner class for damages and declaratory relief. Subsequently, the Knauf entities and the Plaintiffs' Steering Committee announced the execution of their Settlement Agreement for the Demonstration Remediation of homes with KPT drywall on October 14, 2010. Following that announcement, the Silva's began to participate in the Knauf Demonstration Remediation program.

On January 12, 2011, this Court entered a Scheduling Order regarding hearings for class certification which permitted any party seeking to intervene to file appropriate pleadings with the Court prior to January 17, 2011. Not until after that date did class counsel realize that the Silva's participation in the remediation program dictated that substitute plaintiffs would be required as class representative plaintiffs. On February 9, 2011, the Court extended the deadline for interventions until February 25, 2011. Thus, the Amatos, the Byrnes, the Puigs and the Beckendorfs have timely volunteered to substitute themselves as the class representative

plaintiffs.[1]  Accordingly, proposed class counsel move to intervene the substitute class representative plaintiffs into the Silva action.

Plaintiffs Dean and Dawn Amato and Donald and Marcelyn Puig are named plaintiffs in the Omni I Complaint of *Payton, et al. v. Knauf Gips, KG, et al.*, Civ. Action No. 09-7628 (E.D.La.).  Byron and Debra Byrne and Edward and Susan Beckendorf are named plaintiffs to the Omni I(B) complaint in intervention,.  In the Omni I and Complaint in Intervention Omni I(B), the plaintiffs assert claims against INEX similar to those raised in the *Silva* Action.[2]

## III. ARGUMENT

### A. INTERVENTION SHOULD BE GRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(b)(2).

Federal Rule of Civil Procedure 24(b) governing permissive intervention is to be given a liberal construction, although the Court in the sound exercise of its discretion must make a thoughtful determination and must consider the potential adverse impact on the original parties in

---

[1] Nicholas and Ashley Boudreaux previously had sought to participate in these proceedings.  They no longer seek intervention.

[2] Plaintiffs incorporate by reference the Omni I and Complaint in Intervention Omni I(B) as if appended hereto.  These pleadings are already on the docket and available to all parties.  Because of the voluminous nature of both pleadings, they are not being appended hereto.  Plaintiffs submit that their complaints adequately state their claims for which intervention is sought and further incorporate the allegations of the *Silva* Complaint for purposes of Fed.R.Civ.P. 24(c)(1).  Under Rule 24(c), the intervenors are required to submit a motion to intervene accompanied by a pleading setting out the claims or defenses for which intervention is sought, but courts in the Fifth Circuit employ this rule leniently and some allow intervenors simply to adopt the existing pleadings of the parties.  See *S.E.C. v. Funding Resource Group*, 233 F.3d 575 (5th Cir. 2000)("Although the filing of a complaint in intervention is clearly required by the language of the rule, this court has traditionally "been lenient in hearing the appeals of parties who have failed to fulfill the provisions of Rule 24(c)."), citing, *International Marine Towing, Inc. v. Southern Leasing Partners, Ltd.*, 722 F.2d 126, 129 (5 th Cir.1983); 7C Wright, Miller, Kane, *Federal Practice and Procedure* §1914 at 517 (2007).

its decision to allow or deny intervention. *See United States v. Grand Trunk Western Railroad Co.*, 95 F.R.D. 463, 467 (W.D.Mich.1980). Federal Rule of Civil Procedure 24(b)(1)(B) provides that intervention is permissible when an applicant "has a claim or defense that shares with the main action a common question of law or fact." The court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3). Stated differently, if there is a common question of law or fact, the requirement of the rule has been met and then it is within the Court's discretion to allow or refuse intervention.

In the *Silva* proceeding, the plaintiffs are absent class members that seek intervention because they are aligned with and adopted the *Silva* Class Action Complaint as their proposed pleading. It would be beyond peradventure, then, that there are common legal and factual questions between the movants and the main action instituted by the *Silva* plaintiffs.

It is then left to the exercise of the Court's discretion to allow intervention. The principal consideration is whether such intervention will "unduly delay or prejudice the adjudication of the rights of the original parties". In *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*, 207 F.Supp. 252, 257 (D.C.Ill.1962), *aff'd*, 315 F.2d 564 (7th Cir.1963), the court noted that this language is "a caution to the Court so that in its zeal to avoid a multiplicity of suits it will not hamper or vex the claims of the original parties". The few additional plaintiff parties should not be an imposition on these proceedings. Indeed, their presence is necessary to maintain the class claims as the *Silva* action is presently "headless" as a result of the Silva's participation in the Knauf Demonstration Remediation Program. Further, these plaintiffs will be represented by the Proposed Class Counsel who intend to thoroughly vet these plaintiffs' claims at the class hearing

4

and afford any interested party the opportunity to inspect these plaintiffs' homes and have the plaintiffs participate in discovery, so that they can timely participate in the proceedings contemplated by this Court's January 12, 2011 Scheduling Order. Under these circumstances, the Court should find that intervention by these plaintiffs will not unduly delay the proceedings, nor prejudice the rights of the original parties, as the intervenors will be bound by the Court's scheduling order.

## IV.  CONCLUSION

In light of the foregoing, the Court should find that the Plaintiffs' Second Motion to Intervene under Federal Rule of Civil Procedure 24(b)(2) should be granted.

**PROPOSED CLASS COUNSEL**

Respectfully submitted,

Dated: February 25, 2011

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

## PROPOSED OF COUNSEL TO CLASS, PLAINTIFFS' STEERING COMMITTEE

Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com