UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047 |
| | SECTION: "L"(2) |
| PERTAINS TO: | JUDGE: FALLON |
| *Kelvin Hayes Robins, Sr., et al. v. Knauf Gips KG, et al*. : Civil Action No. 09-7551 | MAGISTRATE: WILKINSON |

**ANSWER TO *COMPLAINT* AND *AMENDED COMPLAINT***

**NOW INTO COURT**, through undersigned counsel, comes defendant, Republic Fire and Casualty Insurance Company ("Republic"), who, for answer to the *Complaint* and *Amended Complaint* filed by plaintiffs, Kelvin and Alecia Robins, respectfully represents as follows:

**FIRST DEFENSE**

The *Complaint* and *Amended Complaint* fails to state claim upon which relief may be granted.

**SECOND DEFENSE**

If plaintiff suffered any damages as alleged, which is denied, such damages were caused in whole or in part by the actions or inactions of third parties, and not defendant herein.

1

## THIRD DEFENSE

If plaintiff suffered any damages as alleged, which is denied, such damages were caused in whole or in part by plaintiffs, and plaintiffs failed to mitigate their damages, which is a complete bar or diminution to plaintiffs' damages, if any.

## FOURTH DEFENSE

Republic hereby pleads, as if set forth herein *in extenso*, any policy of insurance which it issued to plaintiffs, including any and all provisions, limitations, exclusions, and/or endorsements to said policy, which are the best evidence of said policy.

## FIFTH DEFENSE

Plaintiffs' claims are precluded and/or barred by the "Weather conditions," "Acts or decisions," and/or "Faulty, inadequate or defective" Exclusions in the policy of insurance which defendant issued to plaintiffs, which Exclusions provide as follows:

### SECTION I – EXCLUSIONS

\* \* \*

1. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

   \* \* \*

   c. **Faulty, inadequate or defective:**

      \* \* \*

      (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        (3)      Materials used in repair, construction, renovation or remodeling;

*     *     *

of part or all of any property whether on or off the "residence premises."

**SIXTH DEFENSE**

Plaintiffs' claims are subject to, diminished and/or barred by the "Insurable Interest and Limit of Liability," "Your Duties After Loss," and/or "Loss Settlement" Conditions in the policy of insurance which defendant issued to plaintiffs, which are pled as if copied herein *in extenso*.

**SEVENTH DEFENSE**

Plaintiffs' claims are subject to, diminished and/or barred by the "Other Insurance" Condition in the policy of insurance which defendant issued to plaintiffs, which Condition provides as follows:

**SECTION I – CONDITIONS**

*     *     *

**7.**    **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

3

**EIGHTH DEFENSE**

Plaintiffs' claims are subject to, diminished, and/or barred by the provision in the Perils Insured Against section of the policy as modified by the Limited Fungi, Wet or Dry Rot, or Bacteria Coverage – Louisiana Endorsement, which provides as follows:

**COVERAGE A – DWELLING and COVERAGE B – OTHER STRUCTURES**

We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property. We do not insure, however, for loss:

\*       \*       \*

2. Caused by:

    e. Any of the following:

        (1) Wear and tear, marring, deterioration;

        (2) Inherent vice, latent defect, mechanical breakdown;

        (3) Smog, rust or other corrosion,

        \*       \*       \*

        (5) Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape itself caused by a Peril Insured Against under Coverage C of this policy.

        Pollutant means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed;

        \*       \*       \*

4

> Under items **1.** and **2.**, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

### NINTH DEFENSE

Plaintiffs' claims are subject to, diminished, and/or barred by the provision in the "bodily injury" or "property damage" section of the policy, which provides as follows:

### SECTION II – LIABILITY COVERAGES

\* \* \*

### COVERAGE F – MEDICAL PAYMENTS TO OTHERS

> We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury."

\* \* \*

> This coverage does not apply to you or regular residents of your household except "residence employees."

\* \* \*

### TENTH DEFENSE

Plaintiffs' claims are subject to, diminished, and/or barred by the provision in the "bodily injury" or "property damage" section of the policy, which provides as follows:

### SECTION II – EXCLUSIONS

\* \* \*

### COVERAGE F – MEDICAL PAYMENTS TO OTHERS

> [D]o not apply to "bodily injury" or "property damage":

\*          \*          \*

    d.      To any person, other than a "residence employee" of an insured," regularly residing on any part of the "insured location."

\*          \*          \*

### ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged loss to their home is not a "physical loss" under the terms of the SECTION I – PERILS INSURED AGAINST, COVERAGE A-DWELLING and COVERAGE B-OTHER STRUCTURES section of the policy issued by Republic.

### TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged loss to their personal property was not caused by an enumerated peril under the terms of the SECTION I – PERILS INSURED AGAINST, COVERAGE C-PERSONAL PROPERTY section of the policy issued by Republic.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the losses alleged are not ensuing losses covered under the policy and any alleged ensuing losses are themselves losses not insured under the policy.

**FOURTEENTH DEFENSE**

Plaintiffs' claims for Loss of Use and Additional Living expenses are barred because a loss insured under the policy did not cause the residence to become uninhabitable under the terms of SECTION I – PROPERTY COVERAGES, COVERAGE D-LOSS OF USE.

**FIFTEENTH DEFENSE**

Plaintiffs' claims for any diminution in the value of their home are barred because no specific policy term provides coverage for such alleged loss.

**SIXTEENTH DEFENSE**

**AND NOW,** for answer to the specific allegations of the *Complaint* and *Amended Complaint*, defendant avers and alleges upon information and belief as follows:

I.

The allegations contained in Paragraphs 1, 2, 4, 6-32, 34-41, 43-53, 55-71, 73-83, 85-101, 103-112, 114-125, 127-133, 135-141, 143-151, 153-163, 165-171, 173-179, 181-188, 190-200, 202-211, and 213-221 of the *Complaint* are denied for lack of sufficient information or knowledge upon which to justify a belief.

II.

The allegations contained in Paragraphs 3, 33, 42, 54, 72, 84, 102, 113, 126, 134, 142, 152, 164, 172, 180, 189, 201, and 212 of the *Complaint* do not require an answer of this defendant. To the extent that an answer is required, the allegations are denied.

III.

The allegations contained in Paragraphs I of the *Amended Complaint* are admitted only to the extent that Republic Fire and Casualty Insurance Company is a Oklahoma stock insurer with a principal place of business is in Dallas Texas, who is licensed to do business in the State of Louisiana.  All remaining allegations in Paragraph I of the *Amended Complaint* are denied for lack of sufficient information or knowledge upon which to justify a belief.

IV.

The allegations contained in Paragraph II of the *Amended Complaint*, adding Paragraph 222 to the original *Complaint,* state conclusions of law with regard to insurance coverage and therefore do not require an answer from this defendant.  Defendant also avers that the allegations concern a policy of insurance, which, as a written document, is the best evidence of its definitions, conditions, exclusions, terms, limitations, and contents, and therefore is pled in defense of plaintiff's allegations, as if copied herein in its entirety.  However, to the extent that an answer is required, the allegations contained in Paragraph II of the *Amended Complaint,* adding Paragraph 222 to the original *Complaint,* are admitted only to the extent that defendant issued homeowner's insurance policy number HI2 0894330 00 to Kelvin and Elisha Robins for the period December 15, 2008 to December 15, 2009.  All remaining allegations are denied.

V.

The allegations contained in Paragraph III of the *Amended Complaint*, adding Paragraph 223 to the original *Complaint,* are denied for lack of sufficient information or knowledge upon which to justify a belief.

VI.

Republic now specifically realleges, reavers, and reiterates each allegation, defense, affirmative defense, and statement as set forth in Paragraphs I and II above in response to the allegations contained in Paragraph IV of the *Amended Complaint.*

VII.

The allegations contained in all unnumbered, articles, prayers and preambles of the *Complaint* and *Amended Complaint* and all allegations not specifically addressed above are denied.

VIII.

Based on information and belief, defendant avers that it is entitled to trial by jury and hereby requests trial by jury.

## **SEVENTEENTH DEFENSE**

**AND NOW**, further answering, and in the alternative, and as a separate and complete defense, Republic avers that plaintiff has not provided satisfactory proof of loss to Republic, and Republic has not acted arbitrarily and capriciously such that plaintiff is entitled to statutory penalties, costs or attorneys' fees, if any are allowable under Louisiana law.

**WHEREFORE**, defendant, Republic Fire and Casualty Insurance Company prays:

1. That this Answer be deemed good and sufficient, and that after due proceedings are had, there be judgment in favor of Republic dismissing with prejudice plaintiffs'

claims against Republic, with all costs of these proceedings assessed solely to plaintiffs;

2. For trial by jury; and

3. For all such other general and equitable relief as this Honorable Court may deem just under the circumstances and be competent to grant.

>Respectfully submitted,
>
>**LARZELERE PICOU WELLS**
>  **SIMPSON LONERO, LLC**
>Two Lakeway Center - Suite 1100
>3850 North Causeway Boulevard
>Metairie, LA  70002
>Tel. (504) 834-6500
>Fax  (504) 834-6565
>
>**BY:** */s/ Jennifer R. Kretschmann*
>**JAY M. LONERO, T.A. (No. 20642)**
>   jlonero@lpwsl.com
>**ANGIE ARCENEAUX AKERS (No. 26786)**
>   aakers@lpwsl.com
>**JENNIFER R. KRETSCHMANN (No. 28646)**
>   jkretschmann@lpwsl.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Memorandum in Support of Motion for Summary Judgment by Republic Fire and Casualty Insurance Company* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this <u>25th</u> day of February, 2011.

<u>*/s/ Jennifer R. Kretschmann*</u>