UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047 |
| | SECTION: "L"(2) |
| PERTAINS TO: | JUDGE: FALLON |
| *Hakenjos v. Tallow Creek, et al.*: Civil Action No. 10-2579 | MAGISTRATE: WILKINSON |

### ANSWER TO *PETITION FOR BREACH OF CONTRACT, WARRANTY AND FOR DAMAGES* AND *FIRST AMENDED PETITION FOR BREACH OF CONTRACT, WARRANTY AND FOR DAMAGES* BY REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY

**NOW INTO COURT**, through undersigned counsel, comes defendant, Republic Fire and Casualty Insurance Company ("Republic"), who, for answer to the *Petition for Breach of Contract, Warranty and for Damages* and *First Amended Petition for Breach of Contract, Warranty and for Damages* filed by plaintiffs, Candace Hakenjos wife of/and Todd Hakenjos, respectfully represents as follows:

### FIRST DEFENSE

The *Petition for Breach of Contract, Warranty and for Damages* and *First Amended Petition for Breach of Contract, Warranty and for Damages* fail to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

The *Petition for Breach of Contract, Warranty and for Damages* and *First Amended Petition for Breach of Contract, Warranty and for Damages* fail to state a right of action upon which relief may be granted.

### THIRD DEFENSE

If plaintiffs suffered any damages as alleged, which is denied, such damages were caused in whole or in part by the actions or inactions of third parties, and not Republic.

### FOURTH DEFENSE

If plaintiffs suffered any damages as alleged, which is denied, such damages were caused in whole or in part by plaintiffs, and plaintiffs failed to mitigate their damages, which is a complete bar or diminution to plaintiffs' damages, if any.

### FIFTH DEFENSE

Republic hereby pleads, as if set forth herein *in extenso*, any policy of insurance which it issued to plaintiffs, including any and all provisions, limitations, exclusions, and/or endorsements to said policy, which are the best evidence of said policy.

## SIXTH DEFENSE

Plaintiffs' claims are precluded and/or barred by the "Weather conditions," "Acts or decisions," and/or "Faulty, inadequate or defective" Exclusions in the policy of insurance which defendant issued to plaintiffs, which Exclusions provide as follows:

## SECTION I – EXCLUSIONS

\*          \*          \*

**1.**     We do not insure for loss to property described in Coverages A and B caused by any of the following.  However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

\*          \*          \*

**c.     Faulty, inadequate or defective:**

\*          \*          \*

(2)     Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

(3)     Materials used in repair, construction, renovation or remodeling;

\*          \*          \*

of part or all of any property whether on or off the "residence premises."

## SEVENTH DEFENSE

Plaintiffs' claims are subject to, diminished and/or barred by the "Insurable Interest and Limit of Liability," "Your Duties After Loss," and/or "Loss Settlement" Conditions in the policy of insurance which defendant issued to plaintiffs, which are pled as if copied herein *in extenso*.

**EIGHTH DEFENSE**

Plaintiffs' claims are subject to, diminished and/or barred by the "Other Insurance" Condition in the policy of insurance which defendant issued to plaintiffs, which Condition provides as follows:

**SECTION I – CONDITIONS**

\*          \*          \*

**7.    Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

**NINTH DEFENSE**

Plaintiffs' claims are subject to, diminished, and/or barred by the provision in the Perils Insured Against section of the policy as modified by the Limited Fungi, Wet or Dry Rot, or Bacteria Coverage – Louisiana Endorsement, which provides as follows:

**COVERAGE A – DWELLING and COVERAGE B – OTHER STRUCTURES**

We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property.  We do not insure, however, for loss:

\*          \*          \*

2.    Caused by:

e.    Any of the following:

(1)    Wear and tear, marring, deterioration;

(2)    Inherent vice, latent defect, mechanical breakdown;

(3)    Smog, rust or other corrosion,

4

\*            \*            \*

(5)     Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape itself caused by a Peril Insured Against under Coverage C of this policy.

Pollutant means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed;

\*            \*            \*

Under items **1.** and **2.,** any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

## <u>TENTH DEFENSE</u>

Plaintiffs' claims are subject to, diminished, and/or barred by the provision in the "bodily injury" or "property damage" section of the policy, which provides as follows:

## SECTION II – LIABILITY COVERAGES

\*            \*            \*

## COVERAGE F – MEDICAL PAYMENTS TO OTHERS

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury."

\*            \*            \*

This coverage does not apply to you or regular residents of your household except "residence employees."

\*            \*            \*

## <u>ELEVENTH DEFENSE</u>

Plaintiffs' claims are subject to, diminished, and/or barred by the provision in the "bodily injury" or "property damage" section of the policy, which provides as follows:

## SECTION II – EXCLUSIONS

\*          \*          \*

## COVERAGE F – MEDICAL PAYMENTS TO OTHERS

[D]o not apply to "bodily injury" or "property damage":

\*          \*          \*

d.      To any person, other than a "residence employee" of an insured," regularly residing on any part of the "insured location."

\*          \*          \*

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged loss to their home is not a "physical loss" under the terms of the SECTION I – PERILS INSURED AGAINST, COVERAGE A-DWELLING and COVERAGE B-OTHER STRUCTURES section of the policy issued by Republic.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged loss to their personal property was not caused by an enumerated peril under the terms of the SECTION I – PERILS INSURED AGAINST, COVERAGE C-PERSONAL PROPERTY section of the policy issued by Republic.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the losses alleged are not ensuing losses covered under the policy and any alleged ensuing losses are themselves losses not insured under the policy.

## FIFTEENTH DEFENSE

Plaintiffs' claims for Loss of Use and Additional Living expenses are barred because a loss insured under the policy did not cause the residence to become uninhabitable under the terms of SECTION I – PROPERTY COVERAGES, COVERAGE D-LOSS OF USE.

## SIXTEENTH DEFENSE

Plaintiffs' claims for any diminution in the value of their home are barred because no specific policy term provides coverage for such alleged loss.

## SEVENTEENTH DEFENSE

**AND NOW,** for answer to the specific allegations of the *Petition for Breach of Contract, Warranty and for Damages*, defendant avers and alleges upon information and belief as follows:

### I.

The allegations contained in the preamble of the *Petition for Breach of Contract, Warranty and for Damages* do not necessitate a response from Republic; however, to the extent that these allegations are construed to require a response from Republic, they are denied for lack of sufficient information or knowledge to justify a belief therein.

### II.

The allegations contained in Paragraph 1 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

### III.

The allegations contained in Paragraph 2 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

IV.

The allegations contained in Paragraph 3 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

V.

The allegations contained in Paragraph 4 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

VI.

The allegations contained in Paragraph 5 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

VII.

The allegations contained in Paragraph 6 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

VIII.

The allegations contained in Paragraph 7 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

IX.

The allegations contained in Paragraph 8 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

X.

The allegations contained in Paragraph 9 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XI.

The allegations contained in Paragraph 10 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XII.

The allegations contained in Paragraph 11 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XIII.

The allegations contained in Paragraph 12 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XIV.

The allegations contained in Paragraph 13 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XV.

The allegations contained in Paragraph 14 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XVI.

The allegations contained in Paragraph 15 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XVII.

The allegations contained in Paragraph 16 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XVIII.

The allegations contained in Paragraph 17 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XIX.

The allegations contained in Paragraph 18 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XX.

The allegations contained in Paragraph 19 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXI.

The allegations contained in Paragraph 20 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXII.

The allegations contained in Paragraph 21 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXIII.

The allegations contained in Paragraph 22 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXIV.

The allegations contained in Paragraph 23 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXV.

The allegations contained in Paragraph 24 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXVI.

The allegations contained in Paragraph 25 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXVII.

The allegations contained in Paragraph 26 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXVIII.

The allegations contained in Paragraph 27 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXIX.

The allegations contained in Paragraph 28 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXX.

The allegations contained in Paragraph 29 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXXI.

The allegations contained in Paragraph 30 of the *Petition for Breach of Contract, Warranty and for Damages* are denied.

XXXII.

The allegations contained in Paragraph 31 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXXIII.

The allegations contained in Paragraph 32 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXXIV.

The allegations contained in Paragraph 33 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXXV.

The allegations contained in Paragraph 34 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXXVI.

The allegations contained in Paragraph 35 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXXVII.

The allegations contained in Paragraph 36 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXXVIII.

The allegations contained in Paragraph 37 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XXXIX.

The allegations contained in Paragraph 38 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XL.

The allegations contained in Paragraph 39 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XLI.

The allegations contained in Paragraph 40 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XLII.

The allegations contained in Paragraph 41 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XLIII.

The allegations contained in Paragraph 42 found on page 10 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XLIV.

The allegations contained in Paragraph 43 found on page 10 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XLV.

The allegations contained in Paragraph 42 found on page 11 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XLVI.

The allegations contained in Paragraph 43 found on page 11 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XLVII.

The allegations contained in Paragraph 44 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XLVIII.

The allegations contained in Paragraph 45 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

XLVIX.

The allegations contained in Paragraph 46 of the *Petition for Breach of Contract, Warranty and for Damages* are denied for lack of sufficient information or knowledge upon which to justify a belief.

L.

The allegations contained in Paragraph 47 of the *Petition for Breach of Contract, Warranty and for Damages* do not require an answer from this defendant.  However, to the extent that an answer is required, Republic also hereby demands a trial by jury.

LI.

The allegations contained in all unnumbered, articles, prayers and preambles of the *Petition for Breach of Contract, Warranty and for Damages* and all allegations not specifically addressed above are denied.

LII.

**NOW FURTHER ANSWERING** the allegations of plaintiffs, Candace Hakenjos wife of/and Todd Hakenjos, as set forth in the *First Amended Petition for Breach of Contract, Warranty and for Damages*, defendant, Republic Fire and Casualty Insurance Company respectfully represents as follows:

LIII.

The allegations contained in Paragraph I of the *First Amended Petition for Breach of Contract, Warranty and for Damages* are admitted only to the extent that Republic Fire and Casualty Insurance Company is a foreign insurer doing business in the State of Louisiana.  All remaining allegations in Paragraph I of the *First Amended Petition for Breach of Contract, Warranty and for Damages* are denied.

LIV.

The allegations contained in Paragraph II of the *First Amended Petition for Breach of Contract, Warranty and for Damages* repeats and realleges the allegations of the *Petition for Breach of Contract, Warranty and for Damages*, which allegations are denied for lack of sufficient information or knowledge upon which to justify a belief.

LV.

The allegations contained in Paragraph III of the *First Amended Petition for Breach of Contract, Warranty and for Damages* state conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer from this defendant.  However, to the extent that an answer is required, the allegations are denied for lack of sufficient information or knowledge upon which to justify a belief.

LVI.

The allegations contained in Paragraph 60(a) of the *First Amended Petition for Breach of Contract, Warranty and for Damages* state conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer from this defendant.  However, to the extent that an answer is required, the allegations are denied.

LVII.

The allegations contained in Paragraph 60(b) of the *First Amended Petition for Breach of Contract, Warranty and for Damages* state conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer from this defendant.  However, to the extent that an answer is required, the allegations are denied.

LVIII.

The allegations contained in Paragraph 60(c) of the *First Amended Petition for Breach of Contract, Warranty and for Damages* state conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer from this defendant.  However, to the extent that an answer is required, the allegations are denied.

LIX.

The allegations contained in Paragraph 60(d) of the *First Amended Petition for Breach of Contract, Warranty and for Damages* state conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer from this defendant.  However, to the extent that an answer is required, the allegations are denied.

LX.

The allegations contained in Paragraph 60(e) of the *First Amended Petition for Breach of Contract, Warranty and for Damages* state conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer from this defendant.  However, to the extent that an answer is required, the allegations are denied.

LXI.

The allegations contained in Paragraph 60(f) of the *First Amended Petition for Breach of Contract, Warranty and for Damages* state conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer from this defendant.  However, to the extent that an answer is required, the allegations are denied.

LXII.

The allegations contained in Paragraph 60(g) of the *First Amended Petition for Breach of Contract, Warranty and for Damages* state conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer from this defendant.  However, to the extent that an answer is required, the allegations are denied.

LXIII.

The allegations contained in Paragraph 60(h) of the *First Amended Petition for Breach of Contract, Warranty and for Damages* state conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer from this defendant.  However, to the extent that an answer is required, the allegations are denied.

LXIV.

The allegations contained in Paragraph 60(i) of the *First Amended Petition for Breach of Contract, Warranty and for Damages* state conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer from this defendant.  However, to the extent that an answer is required, the allegations are denied.

LXV.

The allegations contained in Paragraph 60(j) of the *First Amended Petition for Breach of Contract, Warranty and for Damages* state conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer from this defendant.  However, to the extent that an answer is required, the allegations are denied.

LXVI.

The allegations contained in Paragraph 60(k) of the *First Amended Petition for Breach of Contract, Warranty and for Damages* state conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer from this defendant.  However, to the extent that an answer is required, the allegations are denied.

LXVII.

The allegations contained in Paragraph III of the *First Amended Petition for Breach of Contract, Warranty and for Damages* are denied.

LXVIII.

The allegations contained in all unnumbered, articles, prayers and preambles of the Firt *Amended Petition for Breach of Contract, Warranty and for Damages* and all allegations not specifically addressed above are denied.

**EIGHTEENTH DEFENSE**

**AND NOW**, further answering, and in the alternative, and as a separate and complete defense, Republic avers that plaintiff has not provided satisfactory proof of loss to Republic, and Republic has not acted arbitrarily and capriciously such that plaintiff is entitled to statutory penalties, costs or attorneys' fees, if any are allowable under Louisiana law.

**WHEREFORE**, defendant, Republic Fire and Casualty Insurance Company prays:

1.   That this Answer be deemed good and sufficient, and that after due proceedings are had, there be judgment in favor of Republic dismissing with prejudice plaintiffs' *Petition for Breach of Contract, Warranty and for Damages* and *First Amended Petition for Breach of Contract, Warranty and for Damages*, with all costs of these proceedings assessed solely to plaintiffs;

2.   For trial by jury; and

3.   For all such other general and equitable relief as this Honorable Court may deem just under the circumstances and be competent to grant.

Respectfully submitted,

**LARZELERE PICOU WELLS
SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA   70002
Telephone:     (504) 834-6500
Fax:  (504) 834-6565

**BY:**     */s/ Jennifer R. Kretschmann*
           **JAY M. LONERO, T.A. (No. 20642)**
           **jlonero@lpwsl.com**
           **ANGIE ARCENEAUX AKERS (No. 26786)**
           **aakers@lpwsl.com**
           **JENNIFER R. KRETSCHMANN (No. 28646)**
           **jkretschmann@lpwsl.com**

           **ATTORNEYS  FOR  REPUBLIC  FIRE  AND
CASUALTY INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Answer to Petition for Breach of Contract, Warranty and for Damages and First Amended Petition for Breach of Contract, Warranty and for Damages by Republic Fire and Casualty Insurance Company* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day of February, 2011.

*/s/ Jennifer R. Kretschmann*