UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES AND  Payton, et al. v. Knauf GIPS KG, et. al., Case No. 2:09-cv-07628 (E.D.La.)  Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al., Case No. 2:10-cv-00361 (E.D.La.)  Rogers, et al. v. Knauf GIPS KG, et. al., Case No. 2:10-cv-00362 (E.D.La.)  Abel, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al., Case No. 2:11-cv-080 (E.D.La.)  Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al., Case No. 2:11-cv-00252 (E.D.La.) | |

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF
LAW IN SUPPORT OF ITS RULE 6(b) MOTION FOR EXTENSION
OF TIME FOR SERVICE OF PROCESS UNDER RULE 4(m)**

I.   **INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") hereby requests a stay or an extension of the 120 day period for service of process on the defendants who are named in Plaintiffs' Omnibus Class Action Complaints I(B), I(C), II(B), II(C), IV(B), IV(C), VII, and VIII. The 120 day period for service of process on these defendants is set to expire on April 2, 2011 (Omnibus I(B)), April

1

5, 2011 (Omnibus II(B) and IV(B)), May 24, 2011 (Omnibus I(C), II(C) and IV(C), May 14, 2011 (Omnibus VII), and June 7, 2011 (Omnibus VIII). Plaintiffs do not believe they will be successful in fully serving any of these complaints before the 120 day period for service expires in light of their past difficulties in serving their omnibus class action complaints.

Given the hardships that Plaintiffs anticipate in seeking to accomplish effective service of the Omnibus Class Action Complaints I(B), I(C), II(B), II(C), IV(B), IV(C), VII, and VIII, the PSC requests that the Court stay and/or extend the 120 day period for service of process under Fed.R.Civ.P. 4(m), as it has for other similar complaints. For the reasons set forth in detail below, there is good cause for an extension of time and/or a stay of the 120 day period for service of process.

## II. FACTS AND PROCEDURAL HISTORY

The PSC has filed omnibus class action complaints during the course of this litigation in order to streamline plaintiffs onto consolidated complaints that are organized by the manufacturing defendants responsible for the defective drywall in the plaintiffs' homes. In addition to asserting claims against manufacturing defendants, these omnibus complaints are also designed as a vehicle for plaintiffs to bring claims against the non-manufacturing defendants in the stream of distribution of the defective drywall in their homes. The pertinent omnibus complaints involving homeowners' claims against the manufacturers and other defendants responsible for the defective drywall at issue in this litigation are:

1. *Payton, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-07628 (E.D.La.) (Omni I) (involving claims against the Knauf defendants);

2. *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.*, Case No. 2:10-cv-00361 (E.D.La.) (Omni II) (involving claims against non-Knauf manufacturers such as

Taishan and BNBM);

      3. *Gross, et al. v. Knauf Gips KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.) (Omni III) (asserting alternative liability theory against all known manufacturers for drywall that cannot be traced to a particular manufacturer);

      4. *Rogers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.) (Omni IV) (involving claims against the Knauf defendants);

      5. *Abel, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-080 (E.D.La.) (Omni VII) (involving claims against Taishan and related entities); and

      6. *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*, Case No. 2:11-cv-00252 (E.D.La.) (Omni VIII)(involving claims against the Knauf defendants).

Because hundreds of plaintiffs participated in each of these omnibus class action complaints, several hundred defendants have been sued in each of these complaints. The Omni complaints have already presented claims for approximately 5,000 plaintiffs in this MDL proceeding. By way of example, five-hundred and seventeen (517) defendants were sued in the *Payton* complaint which involves the claims of more then one thousand plaintiffs. The PSC has experienced extreme difficulty in serving the omnibus class action complaints in part due to the large number of defendants who have been sued in the complaints. For instance, although the *Payton* complaint was filed on December 9, 2009, Plaintiffs have been unable to serve eighty one (81) of the defendants named in the complaint. *See* the PSC's fourth status report pursuant to pre-trial order 1H [Doc. No. 7271].

As the Court is well aware based on earlier motions to extend time for service, the PSC has experienced difficulties in serving both foreign and domestic defendants alike since many of these defendants are taking deliberate measures to evade service of process. The PSC has also experienced delay in serving many of the foreign defendants due to the Hague Convention's

service requirements as well as the actions of protectionist governments attempting to shield their resident corporations from litigation involving foreign plaintiffs. Although some of the problems associated with serving foreign defendants have been resolved since the Knauf defendants have agreed to accept service of process in this litigation, the Taishan defendants have refused to enter such an agreement in a effort to further delay justice to the thousands of consumers who have been damaged by their defective drywall. Taishan's refusal to accept service is clearly designed to thwart and otherwise delay these proceedings since its counsel has entered their appearance in cases where Taishan acknowledges it has been served consistent with the requirements of the Hague Convention.[1]

As a direct result of these difficulties in perfecting service of process, the PSC has filed several motions to extend the 120 day period for service of process. *See* document #s 340 (motion to extend time for service on foreign defendants); 1098 (motion for extension of time to serve defendants in *Gross*); 2175 (motion for extension of time to serve defendants in *Payton*); 4385 (motion for extension of time to serve defendants in *Wiltz*); 4387 (motion for extension of time to serve defendants in *Rogers*); 4388 (motion for extension of time to serve defendants in *Gross* (*i.e.*, Omni III); 4443 (motion for extension of time to serve defendants in *Amato*); and 6493 (motion for extension of time to serve defendants in Omni I(A), II(A), III(A), and IV(A)).

This Court has recognized the difficulties in perfecting service of process in the past by granting each of the motions to extend the 120 day period for service of process. *See* Order dated October 21, 2009 [document # 379] (granting motion to extend time for service on foreign

---

[1] Taishan's continuing refusal to accept service of process will end up costing plaintiffs hundreds of thousands of dollars in translation and service costs. This decision could also delay service by a year or longer.

4

defendants in all cases); Order dated February 23, 2010 [document # 1285] (granting motion to extend time for service in *Gross*). Most recently the Court granted the PSC's motions to extend the 120 day period for service of process with respect to each of the then filed omnibus class action complaints. *See* Order dated March 31, 2010 [document # 2268] (granting motion to extend time for service in *Payton*); Order dated August 12, 2010 [document # 5207] (granting motions to extend time for service in *Rogers*, *Wiltz*, *Gross*, and *Amato*); Order dated January 21, 2011 [document # 7138] (granting motions to extend time to serve the Omni I(A), II(A), III(A), and IV(A) complaints).

The PSC has since filed additional motions to intervene in *Payton*, *Wiltz*, and *Rogers* which were granted by the Court in a series of orders dated December 3, 2010 and January 21, 2011. *See* Documents 6530 (*Payton*); 6565 (*Wiltz*); 6566 (*Rogers*); 7132 (*Payton*); 7133 (*Wiltz*); and 7135 (*Rogers*). The PSC's Omnibus Class Action Complaints were entered of record on December 3, 2010 (I(B)), December 6, 2010 (II(B) and IV(B)), and January 24, 2011 (I(C), II(C), and (IV(C)). *See* Document #'s 6563, 6567, 6568, 7178, 7181, and 7182. Additionally, the PSC has filed two additional Omnibus Class Action Complaints in *Abel* and *Abreu* on January 14, 2011 and February 7, 2011, respectively. Accordingly, the PSC has until April 2, 2011 ( I(B)), April 5, 2011 (II(B) and IV(B)), May 24, 2011 (I(C), II(C) and IV(C)), May 14, 2011 (VII), and June 7, 2011 (VIII) to serve each of these Complaints consistent with the requirements of Rule 4(m).

Despite the PSC's diligence in preparing the Omnibus Class Action Complaints I(B), I(C), II(B), II(C), IV(B), IV(C), VII, and VIII for service, the PSC anticipates it will experience many of the same difficulties and delays it has experienced in serving its other omnibus class

action complaints.[2] Accordingly, the PSC respectfully requests that the Court grant its motion to extend the 120 day period for serving Omnibus Class Action Complaints I(B), I(C), II(B), II(C), IV(B), IV(C), VII, and VIII.

## III. ARGUMENT

As with the PSC's earlier omnibus class action complaints, it is unlikely the PSC will be able to fully serve the Omnibus Class Action Complaints I(B), I(C), II(B), II(C), IV(B), IV(C), VII, and VIII before the 120 day period for service expires. For starters the PSC must interpret and serve the Omnibus II(B), II(C), and VII consistent with the Hague requirements in light of Taishan's refusal to accept service of process. With regard to each of these complaints, the PSC anticipates it will experience significant delay in serving the foreign defendants for the same reasons discussed in its earlier motions for extension of time for service which are incorporated herein by reference. *See* document #s 340; 1098; 2175; 4385; 4387; 4388 and 4443. The PSC also anticipates that it will experience difficulties in serving the domestic defendants for the same reasons discussed in these earlier motions for extension of time for service of process.

As was discussed in these earlier motions, the process of translating the omnibus complaints for service on the foreign defendants is time consuming and will delay the PSC's efforts to serve foreign defendants by several months. Once translated the complaints will then need to be forwarded to the central authority responsible for serving the foreign defendants and

---

[2] As with the earlier round of omnibus class action complaints, APS International, Ltd. ("APS") has been appointed to handle all matters related to the service of the Omnibus I(B), I(C), II(B), II(C), IV(B), IV(C), VII, and VIII. The PSC has obtained summonses for each of the complaints and APS is actively serving domestic defendants. In addition, APS has begun translating the Omnibus II(B), II(C), and VII Complaints for service on the foreign defendants consistent with the requirements of the Hague Convention.

the complaints will languish for several months before service is even attempted. Even after service has been attempted, several months will elapse before the PSC is notified of whether service has been perfected. This type of delay as well as instances where foreign governments have refused to attempt service is well documented in the PSC's earlier motions to extend time for service.

The PSC has also experienced many instances where both domestic and foreign defendants have engaged in conduct designed to evade service of process. For instance, certain defendants have refused to accept service of process where a complaint contains minor typographical errors in the defendant's name, several defendants have relocated to unknown addresses, and the service addresses for many other defendants are either mail boxes where service cannot be perfected or located in gated communities where the PSC's process servers have been denied access. Examples of such instances are documented in the PSC's earlier motions to extend time for service of process. Thus, there are some foreign and domestic defendants that Plaintiffs will be unable to locate within the 120 days for service and/or who will be uncooperative in accepting service of process once they are located.

In light of the above impediments, there is good cause to extend the 120 day period for service of process and/or to stay the period for service of process. *See* Rule 6(b)(1) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ...").[3] Just as this Court has allowed for other extensions of time for service of process under

---

[3] It is well established that courts have the ability to stay the 120 day period for service of process under Rule 4(m). *See Snyder v. Hall*, 2008 WL 2838814, * 2 (C.D.Ill. 2008) (complete stay of the litigation operated to stay plaintiff's duty to serve the defendant within 120 days of the filing of the complaint); *Denton v. United States of America*, 2006 WL 3783595, * 1-2 (N.D.Ga. 2006)
(continued...)

7

Rule 4(m), good cause exists for extensions of time to perfect service of process of the Omnibus Class Action Complaints I(B), I(C), II(B), II(C), IV(B), IV(C), VII, and VIII.

## IV. CONCLUSION

Accordingly, the PSC respectfully requests that the Court grant the relief requested in the instant motion by either extending the period of time for service of process or by staying the 120 days for service of process under Rule 4(m) with respect to the Omnibus Class Action Complaints I(B), I(C), II(B), II(C), IV(B), IV(C), VII, and VIII.

Dated: February 28, 2011

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

---

[3](...continued)
(ruling that plaintiff's attempt to serve defendants during a stay were invalid, and that the stay tolled the running of the 120 day period for service under Rule 4(m)); *Vitaich v. City of Chicago*, 1995 WL 493468, * 5 (N.D.Ill. 1995) (determining that stay of proceedings operated to toll the running of the 120 day for service under Rule 4(m)).

8

        Arnold Levin (On the Brief)
        Fred S. Longer (On the Brief)
        Matthew C. Gaughan (On the Brief)
        Levin, Fishbein, Sedran & Berman
        510 Walnut Street, Suite 500
        Philadelphia, PA 19106
        215-592-1500 (phone)
        215-592-4663 (fax)
        Alevin@lfsblaw.com
        *Plaintiffs' Lead Counsel*
        *MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Dawn M. Barrios<br>Barrios, Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>Barrios@bkc-law.com | Bruce William Steckler<br>Baron & Budd, P.C.<br>3102 Oak Lawn Ave., Suite 1100<br>Dallas, TX 75219<br>Phone: (214) 521-3605<br>Fax: (214) 520-1181<br>bsteckler@baronbudd.com |
| Daniel E. Becnel, Jr.<br>Becnel Law Firm. LLC<br>P.O. Drawer H<br>106 W. Seventh Street<br>Reserve, LA 70084<br>Phone: (985) 536-1186<br>Fax: (985) 536-6445<br>dbecnel@becnellaw.com | Ervin A. Gonzalez<br>Colson, Hicks, Eidson, Colson<br>  Matthews, Martinez, Gonzales,<br>  Kalbac & Kane<br>255 Alhambra Circle, Penthouse<br>Cora Gables, FL 33134<br>Phone: (305) 476-7400<br>Fax: (305) 476-7444<br>Ervin@colson.com |
| Robert C. Josefsberg<br>Podhurst Orseck, P.A.<br>25 Flagler Street, 8th Floor<br>Miami, FL 33130<br>Phone: (305) 358-2800<br>Fax: (305) 358-2382<br>rjosefsberg@podhurst.com | Ben W. Gordon, Jr.<br>Levin, Papantonio, Thomas, Mitchell<br>  Echsner & Proctor, P.A.<br>316 S. Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: (850) 435-7000<br>Fax: (850) 435-7020<br>bgordon@levinlaw.com |

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

                                                              Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Memorandum of Law in Support of its Rule 6(b) Motion for Extension of Time for Service of Process Under Rule 4(m) has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and first class mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 28th day of February, 2011.

                                              /s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047