MINUTE ENTRY
FALLON, J.
FEBRUARY 23, 2011

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED           MDL NO. 2047
     DRYWALL PRODUCTS
     LIABILITY LITIGATION            SECTION: L

                                                      JUDGE FALLON
                                                      MAGISTRATE WILKINSON

**THIS DOCUMENT RELATES TO: ALL CASES**

BEFORE JUDGE ELDON E. FALLON
Case Manager: Gaylyn Lambert
Court Reporter: Jodi Simcox

Appearances:
Arnold Levin, Esq. & Leonard Davis, Esq. For PSC
Kerry Miller, Esq. & Steve Glickstein, Esq. For Knauf defendants
Judy Barrasso, Esq. For Insurer Steering Committee
Richard Duplantier, Esq. For Interior/Exterior Building Supply
Hillary Bass, Esq. For HomeBuilders Steering Committee
Nick Panayotopoulos, Esq. For Banner

I.     The Plaintiffs' Steering Committee's ("PSC") Ninth Motion to Lift the Stay (R. Doc. 7115) re: Plaintiffs' Omnibus Motion for Preliminary Default Judgment re: *Wiltz* (R Doc. 6974) and Plaintiffs' Second Omnibus Motion for Preliminary Default Judgment re: *Gross* (R. Doc. 6970)

      Argument-GRANTED and plaintiffs are directed to provide the Court with the addresses of the defaulting defendants so it can move forward with the preliminary defaults.

II.     The PSC's Tenth Motion to Lift the Stay (R. Doc. 7305) re: Plaintiffs' Motion to Intervene re: *Silva* (R. Doc. 7265) & Plaintiffs' Amended Motion to Intervene (R. Doc. 7490)

      Argument-GRANTED with the understanding that the parties will submit a joint scheduling order reflecting an agreement on discovery and depositions and that the intervening plaintiffs will submit profile forms.


JS10:    :37

IN RE: CHINESE DRYWALL LITIGATION                                          Page 2
MDL 2047 - L                                                              2/23/2011

III.    The PSC's Emergency Motion for an Order Preventing the Payment or Transfer of Certain Moneys, or in the Alternative, for Court-Ordered Mediation and Temporary Stay of all Outside Settlement Activities (R. Doc. 6947)

Argument-DENIED with the right to re-file.

IV.    The PSC's Motion for an Order Requiring an Accounting and Other Relief (R. Doc. 6669)

Argument-DENIED with the right to re-file.

V.    The PSC's Motion to Halt Entry of Voluntary Motions to Dismiss Without Prior Notice to the Plaintiffs' Liaison Counsel and Defense Liaison Counsel (R. Doc. 7187)

Argument-GRANTED, prohibiting the filing of voluntary motions or notices to dismiss claims without prior notice to the Liaison Counsel of each Steering Committee (Plaintiff, Defendant, Homebuilder, Installer, and Insurer). The Court finds that in view of the large number of cases in the litigation it is consistent with the MDL's efforts towards efficiency and obtaining a consensus to provide notice before filing Rule 41(a) dismissals. However, the Court declines to require approval from the Liaison Counsel before the dismissals may be filed. Indeed, a plaintiff's right to a Rule 41(a) dismissal "may not be extinguished or circumscribed by adversary or court." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

VI.    Banner & Chartis' Joint Motion to Compel Global Mediation of All Claims Against Banner Supply Entities (R. Docs. 7435 (SEALED), 7686).

Argument-Taken under submission. The Court has since considered these motions and finds that, at least for the time being, a global mediation is not a more efficient model for resolution of the Banner claims than the current class settlement model that a number of the parties have been working diligently towards for a significant period of time. Accordingly, IT IS ORDERED that these motions are DENIED with the right to re-file.

VII.    Plaintiff Rookery Park Estates, LLC's Motion to Compel Mediation of All Claims Against Defendant Knauf, Master Builders of South Florida, Inc. and F. Vicinio & Co., Inc. (R. Doc. 7501)

No argument-Taken under submission. The Court has since considered this Motion and finds that a mediation of the claims involving Plaintiff is appropriate, but that such mediation should not occur at this time because the defendants are entitled to more time to review crucial documents and information. Accordingly, IT IS ORDERED that this Motion is CONTINUED until the next monthly status conference.