UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

Civil Action No.: 09-MD 2047

Re:   09-7628 SECT. L MAG. 2

SEAN AND BETH PAYTON, individually,
and on behalf of all others similarly situated,
et al.

Plaintiffs,

v.

KNAUF GIPS KG; KNAUF, et al.,

Defendants.

_____/

## DEFENDANT PONCE RIVIERA, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

COMES NOW, Defendant, Ponce Riviera, LLC, ("PONCE') by and through the undersigned counsel and in accordance with the applicable rules of procedure, and files its Answer and Affirmative Defenses to Plaintiffs' Complaint and states as follows:

### JURISDICTION, PARTIES, AND VENUE

1.   Admitted that the Plaintiffs and certain of the Defendants are citizens of different states. Otherwise, denied.

2.   Denied.

3.   Denied.

## PLAINTIFFS

4 - 2,072.   PONCE is without knowledge as to the allegations contained in paragraphs 4 through 2,072 and therefore each of the allegations contained in those paragraphs is expressly denied.

## DEFENDANTS

2073.   PONCE is without knowledge as to any of the other individual Defendants' citizenship, incorporation status, organization status, and/or principal places of business. As to this Defendant, PONCE states that it is a Florida Limited Liability Company with its principal place of business in Miami-Dade County, Florida.

### The Manufacturing Defendants:

2074 - 2079.   PONCE is without knowledge as to any of the Manufacturing Defendants and therefore PONCE denies all allegations in these paragraphs and demands strict proof thereof at the trial of this cause.

### The Distributor and Supplier Defendants:

2080 – 2123.   PONCE is without knowledge as to any of the Distributor and Supplier Defendants and therefore PONCE denies all allegations in these paragraphs and demands strict proof thereof at the trial of this cause.

### The Importer/Exporter/Broker Defendants:

2124 – 2128.   PONCE is without knowledge as to any of the Importer, Exporter and/or Broker Defendants and therefore PONCE denies all allegations in these paragraphs and demands strict proof thereof at the trial of this cause.

LAW OFFICES
**DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY**
3300 PONCE DE LEON BOULEVARD · CORAL GABLES, FLORIDA 33134 · TELEPHONE 305. 448.7988 · FAX 305. 448.7978

**The Developer/Builder Defendants:**

2129 – 2400.  PONCE is without knowledge as to any of the other Developer and/or Builder Defendants and therefore PONCE denies all allegations in these paragraphs and demands strict proof thereof at the trial of this cause. To the extent that any of the allegations in these paragraphs could be construed against this Defendant, PONCE hereby denies those allegations.

2401.   PONCE admits that it is an entity with a principal place of business at 500 S. Dixie Hwy, St. 307, Miami, Florida 33146. PONCE admits that it is organized under the laws of Florida. PONCE denies all other allegations in this paragraph and demands strict proof thereof at the trial of this cause.

2402 – 2609.  PONCE is without knowledge as to any of the other Developer and/or Builder Defendants and therefore PONCE denies all allegations in these paragraphs and demands strict proof thereof at the trial of this cause. To the extent that any of the allegations in these paragraphs could be construed against this Defendant, PONCE hereby denies those allegations.

## FACTS REGARDING PRODUCT DEFECT

2610. Denied.

2611. Denied.

2612. Denied.

2613. Denied.

2614. Denied.

2615. Denied.

2616. Denied.

LAW OFFICES
**DANIELS, KASHTAN, DOWNS, ROBERTSON & McGIRNEY**
3300 PONCE DE LEON BOULEVARD · CORAL GABLES, FLORIDA 33134 · TELEPHONE 305. 448.7988 · FAX 305. 448.7978

2617. Denied.

2617(a). Denied.

2617(b). Denied.

2617(c). Denied.

2618. Denied.

2619. Denied.

2620. Denied.

2620(a). Denied.

2620(b). Without knowledge and therefore denied.

2620(c). Without knowledge and therefore denied.

2620(d). Without knowledge and therefore denied.

2620(e). Without knowledge and therefore denied.

## CLASS ACTION ALLEGATIONS

### The Knauf Class:

2621.   This paragraph is not directed at PONCE and therefore PONCE is not required to respond, but as far as any allegation(s) in this paragraph can be construed against PONCE, the allegation(s) is hereby denied.

### The Distributor/Supplier Subclasses (1-43):

2622 - 2623.   These paragraphs are not directed at PONCE and therefore PONCE is not required to respond, but as far as any allegation(s) in these paragraphs can be construed against PONCE, the allegation(s) are hereby denied.

### The Importer/Exporter/Broker Subclasses (44-48):

4

2624 – 2625. These paragraphs are not directed at PONCE and therefore PONCE is not required to respond, but as far as any allegation(s) in these paragraphs can be construed against PONCE, the allegation(s) are hereby denied.

**The Builder/Developer Subclasses (49-436)**:

2626 Denied.

2627. Denied.

**The Contractor/Installer Subclasses (437-529)**:

2628 – 2629. These paragraphs are not directed at PONCE and therefore PONCE is not required to respond, but as far as any allegation(s) in these paragraphs can be construed against PONCE, the allegation(s) are hereby denied.

**General Class Allegations and Exclusions from the Class Definitions**:

2630. Denied.

2631. Denied.

2632. Denied.

2633. Denied.

2634. Denied.

2635. Denied.

2636. Denied.

2637. Denied.

2638. Denied.

2639. Denied.

## COUNT I- NEGLIGENCE
(against all defendants)

5

LAW OFFICES
**DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY**
3300 PONCE DE LEON BOULEVARD · CORAL GABLES, FLORIDA 33134 · TELEPHONE 305. 448.7988 · FAX 305. 448.7978

2640. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2641. Denied.

2642. Denied.

2643. Denied.

2644. Denied.

2645. Denied.

2646. Denied.

2647. Denied.

## COUNT II- NEGLIGENCE PER SE
(against all defendants)

2648. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2649. Denied.

2650. Denied.

2651. Denied.

2652. Denied.

2653. Denied.

2654. Denied.

## COUNT III- STRICT LIABILITY
(against all defendants)

2655. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2656. Denied.

6

2657. Denied.

2658. Denied.

2659. Denied.

2660. Denied.

2661. Denied.

2662. Denied.

2663. Denied.

2664. Denied.

2665. Denied.

2666. Denied.

2667. Denied.

2668. Denied.

2669. Denied.

2670. Denied.

2671. Denied.

2672. Denied.

## COUNT IV – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
(against all defendants)

2673. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2674. Admitted that PONCE was in direct contractual privity with a minimal number of the subclass Plaintiffs. All other allegations in this paragraph are denied.

2675. Denied.

7

2676. Denied.

2677. Denied.

2678. Denied.

2679. Denied.

2680. Denied.

## COUNT V – BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY
(by Florida condominium unit owners against builders only)

2681. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2682. Admitted.

2683. Admitted.

2684. Florida Statutes section 718.203 speaks for itself. Otherwise, Denied.

2685. Florida Statutes section 718.203 speaks for itself. Otherwise, Denied.

2686. Denied.

2687. Denied.

2688. Denied.

2689. Denied.

2690. Denied.

2691. Denied.

2692. Denied.

## COUNT VI – BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
(against builders only)

8

2693. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2694. Admitted that PONCE was in direct contractual privity with a minimal number of the subclass Plaintiffs.

2695. Denied.

2696. Denied.

2697. Denied.

2698. Denied.

2699. Denied.

## COUNT VII – BREACH OF CONTRACT
(against builders only)

2700. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2701. Denied as phrased.

2702. Denied.

2703. Denied.

## COUNT VIII – VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
(against Louisiana builders only)

2704 – 2710. This Count is not directed at PONCE and therefore PONCE is not required to respond. To the extent that any allegations within these paragraphs could be construed against this Defendant, PONCE hereby denies said allegations and demands strict proof thereof at the trial of this cause.

9

## COUNT IX – REDHIBITION
(by Louisiana Plaintiffs against all Defendants)

2711. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2712. Without knowledge and therefore denied.

2713. Denied.

2714. Without knowledge and therefore denied.

2715. Without knowledge and therefore denied.

2716. Without knowledge and therefore denied.

2717. Denied.

2718. Denied.

2719. Denied.

2720. Denied.

## COUNT X – LOUISIANA PRODUCTS LIABILITY ACT
(Manufacturing Defendants - pled in the alternative against distributors)

2721 – 2734. This Count is not directed at PONCE and therefore PONCE is not required to respond. To the extent that any allegations within these paragraphs could be construed against this Defendant, PONCE hereby denies said allegations and demands strict proof thereof at the trial of this cause.

## COUNT XI – PRIVATE NUISANCE
(against all Defendants)

2735. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2736. Denied.

LAW OFFICES
DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY
3300 PONCE DE LEON BOULEVARD · CORAL GABLES, FLORIDA 33134 · TELEPHONE 305. 448.7988 · FAX 305. 448.7978

2737. Denied.

2738. Denied.

2739. Denied.

2740. Denied.

2741. Denied.

## COUNT XII – NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
(against all Defendants)

2742. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2743. Denied.

2744. Denied.

2745. Denied.

2746. Denied.

2747. Denied.

2748. Denied.

## COUNT XIII – UNJUST ENRICHMENT
(against all Defendants)

2749. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2750. Denied.

2751. Denied.

2752. Denied.

11

## COUNT XIV – VIOLATION OF CONSUMER PROTECTION ACTS
(against all Defendants)

2753. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2754. Admitted that this purports to be an action for relief under various Consumer Protection Acts of several jurisdictions. Denied as to all other allegations in this paragraph.

2755. Denied.

2756. Denied.

2757. Denied.

## COUNT XV – EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
(against all Defendants)

2758. PONCE incorporates its responses to the preceding paragraphs as if fully set forth herein.

2759. Denied.

2760. Denied.

2761. Denied.

2762. Denied.

2763. Denied.

2764. Denied.

2765. Denied.

2766. Denied.

2767. Denied.

LAW OFFICES
**DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY**
3300 PONCE DE LEON BOULEVARD · CORAL GABLES, FLORIDA 33134 · TELEPHONE 305. 448.7988 · FAX 305. 448.7978

2768. Denied.

2769. Denied.

2770. Denied.

## GENERAL DENIAL

Due to the number of parties, amended complaints and answers, and in order to ensure that all allegations against it are addressed, Defendant Ponce Riviera, LLC hereby generally denies all allegations that would be construed against it. More specifically, Ponce Riviera, LLC denies any liability for any Chinese Drywall that may be present at the Bermuda Village Project in Coral Gables, Florida for which Ponce Riviera, LLC served as the Developer. Ponce Riviera, LLC reserves the right to amend this Answer and Affirmative defenses as the pleadings continue to be amended and discovery is on-going.

## AFFIRMATIVE DEFENSES

1. Defendant affirmatively alleges that it is only responsible for its relative degree of culpability as determined by the trier of fact pursuant to the *Fabre* Doctrine and Florida Statute §768.81; furthermore, Defendant reserves the right to place on the verdict form any parties that may also be culpable for the damages alleged in this action who are not yet known and will be revealed through discovery.

2. Defendant affirmatively alleges that Plaintiff's injuries were caused by the negligent actions of one or more third parties not named as defendants in this action and/or who are not in the employment and/or agency of the Defendant and therefore, the Court should apportion a percentage of liability among those non-parties. Defendant

13

specifically asks that these names as identified in the course of discovery be included on the Jury Verdict Form and that a percentage of negligence be attributed to them in the case.

3. Defendant affirmatively alleges that Plaintiff failed to comply with Chapter 558, Florida Statutes as a condition precedent to bringing this action.

4. Defendant affirmatively alleges that it is entitled to any and all collateral source payoffs, paid or payable, as provided for under all applicable laws.

5. Defendant affirmatively alleges that at all times material to Plaintiffs' Complaint, Plaintiffs, individually, collectively and on behalf of others similarly situated, conducted themselves in a negligent and careless manner, and as a direct and proximate result of this negligence, are barred from recovery in whole or in part against Defendant on the grounds of comparative negligence.

6. Defendant affirmatively alleges it is entitled to a credit and/or setoff from any and all personal injury protection benefits paid and/or payable, and any and all other benefits, collateral sources or other sources of setoffs or recoupment and therefore claims said setoffs, credits and recoupment.

7. Defendant affirmatively alleges that any damages of which Plaintiff herein make complaint were caused by the negligence, if negligence there were, of others over whom Defendant had no dominion, custody or control.

8. Defendant affirmatively alleges that any damages of which Plaintiff herein make complaint were caused either in whole or in part by Plaintiff' own negligence, and therefore, Plaintiff are not entitled to recover, or in the alternative, any award rendered to Plaintiff should be reduced accordingly by the amount attributable to their negligence.

14

9. Defendant affirmatively alleges that the incident(s) for which Plaintiffs have based their Complaint were unforeseeable to Defendant and therefore Defendant had neither duty nor opportunity to take steps to prevent same.

10. Defendant affirmatively alleges that no nexus exists between Plaintiff's damages or injuries and any alleged negligence on the part of Defendant, and therefore this action fails for lack of proximate cause.

11. Defendant affirmatively alleges that it acted within its contractual and statutory rights, and pursuant to the laws of the State of Florida.

12. Defendant affirmatively alleges that at the time this particular product was manufactured and marketed, it was manufactured and marketed in accordance with the then existing state of the relevant technology pertaining to the subject product, and pursuant to State and Federal Law.

13. Defendant affirmatively alleges that the product has been altered and/or otherwise substantively changed by Plaintiff and/or by third parties.

14. Defendant affirmatively alleges that superseding causes and intervening acts sever the causal chain between Defendant's alleged acts and/or omissions and Plaintiff's alleged damages.

15. Defendant affirmatively alleges assumption of risk on the part of Plaintiffs.

16. Defendant affirmatively alleges Plaintiff failed to join one or more parties.

17. Defendant affirmatively alleges that it is neither a manufacturer nor a distributor of Chinese Drywall.

18. Defendant affirmatively alleges that the Complaint fails to state a cause of action against Defendant as it fails to identify from whom the product was purchased and it fails

15

to set forth ultimate facts which show that Defendant actually distributed the particular item used by Plaintiff, from which this Complaint arises. Therefore, the Complaint should be dismissed as to Defendant.

19. Defendant affirmatively alleges that the cause of action, claim and items of damages in Plaintiff's Complaint did not accrue within the time prescribed by law before this action was brought. Therefore, this action is barred by the applicable statute of limitations.

20. Defendant affirmatively alleges that Plaintiff has failed to mitigate its damages. Investigation into the matters alleged in Plaintiff's Complaint is ongoing, and Defendant therefore reserves the right to assert other or different defenses to Plaintiff's claims as additional facts and/or information are discovered.

21. Defendant affirmatively alleges that Plaintiffs have failed to state a cause of action against this Defendant because the class lacks commonality.

22. Defendant affirmatively alleges that venue is not proper because the Plaintiff and Defendant are both domiciled and/or incorporated in Miami-Dade County, Florida, Defendant does business primarily in Miami-Dade County, Florida, and the project that is the subject matter of this action in respect to this Defendant is located in Miami-Dade County, Florida.

WHEREFORE, Defendant Ponce Riviera, LLC, having fully answered the Amended Complaint, demands judgment in its favor, and against Plaintiffs, together with all taxable fees and costs and further demands trial by jury of all issues so triable as of right and such other further relief as the Court deems just and proper.

16

LAW OFFICES
**DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY**
3300 PONCE DE LEON BOULEVARD · CORAL GABLES, FLORIDA 33134 · TELEPHONE 305. 448.7988 · FAX 305. 448.7978

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th of March, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

DANIELS, KASHTAN, DOWNS & ROBERTSON & McGIRNEY
Counsel for Defendant Ponce Riviera, LLC
3300 PONCE DE LEON BLVD.
CORAL GABLES, FL 33134
305 448-7988 Telephone
305 448-7978 FAX

By: _____
JEREMY C. DANIELS, ESQ.
FLA. BAR NO. 0493643

P:\EDSISS\DOCS\1009\6409\EQ6148.DOC