UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 02047<br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:

VICKERS, ET AL. V. KNAUF GIPS, KG, ET AL.
Case No. 09-04117

AND

PAYTON, *et al*. v. KNAUF GIPS KG, *et al*.,
Case No. 09-07628
_____/

### MOTION (UNOPPOSED BY PSC) TO INTERVENE BY CERTAIN HOMEBUILDERS FOR CONDITIONAL AND LIMITED PURPOSE OF PARTICIPATING IN BANNER CLASS ACTION SETTLEMENT NEGOTIATIONS AND PROCEEDINGS AND INCORPORATED MEMORANDUM OF LAW

Certain homebuilders that are parties in MDL No. 02047 (collectively, the "Certain Homebuilders"),[1] by and through undersigned counsel and pursuant to Fed. R. Civ. P. 24, move this Court to allow them to intervene in the above-styled cases for the conditional and limited purposes of: (1) participating in the class action settlement negotiations between the Plaintiffs' Steering Committee (the "PSC") and Banner Supply Company and its related entities and

---

[1] This motion to intervene is being filed on behalf of Aranda Homes, Inc.; Bella Builders, Inc.; Hammer Construction Services, LTD.; J. Helm Construction d/b/a Sundown Development; Management Services of Lee County, f/k/a Paul Homes, Inc.; R. Fry Builders, Inc. ("Fry"); and Woodland Enterprises, Inc.  All of the aforementioned homebuilders are represented by Akerman Senterfitt, Miami, Florida, and Phelps Dunbar LLP, New Orleans, Louisiana, and had Commercial General Liability insurance policies issued by State Farm Florida ("State Farm") during the allegedly relevant time frame.  Fry has an additional general liability carrier, Southern-Owners/Auto Owners Insurance ("Auto Owners").  The Certain Homebuilders all had drywall supplied by one or more Banner-related entities.  None has remediated the subject properties.  While some of the Certain Homebuilders are already parties in *Payton* and thus do not need to formally intervene in that action, none is a party in the *Vickers* action, and all of the Certain Homebuilders seek relief that allows them to participate in the above-referenced settlement negotiations and proceedings.

{M3027337;5}

insurers (the "Banner Entities");[2] and (2) object, if necessary, to a proposed settlement. The Certain Homebuilders seek conditional and limited intervention so they may seek to withdraw from the proceedings should the settlement discussions between the PSC and the Banner Entities be terminated and/or a settlement class not be certified.[3] In support of this motion, the Certain Homebuilders state as follows:

1. On September 20, 2010, Plaintiffs filed a Motion for Class Certification of a Florida Homeowner Class for Claims against Banner Supply Co. and other Banner entities ("Banner") in the above-referenced cases, *Vickers* and *Payton*. [D.E. 5611], seeking certification of a class of all owners of residential properties containing Chinese-manufactured drywall ("CDW") obtained through Banner.

2. Since at least December 2010, the PSC has been engaged in active settlement discussions with the Banner Entities, with the apparent hope of submitting a proposed class action settlement to this Court.[4] Any such settlement would likely provide for the distribution of Banner Entities' funds among certain parties, and it would likely include some degree of protection for Banner from pending or future claims. The Certain Homebuilders, which have already filed or intend to file claims against Banner that could be affected by the disbursement of the Banner Entities funds and/or impaired by such a release/settlement bar, wish to intervene in

---

[2] The Banner Entities include Banner Supply Company; Banner Supply Company, Inc.; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; Banner Supply Company Port St. Lucie, LLC; Banner Supply International, LLC (collectively "Banner" or "Banner Supply Entities"); and Chartis Specialty Insurance Company (formerly known as "American Specialty Lines Insurance Company"); Illinois National Insurance Co.; and National Union Fire Insurance Company of Pittsburgh, PA.

[3] Should the Certain Homebuilders ultimately be included in a class that is part of a Banner settlement or class action against Banner, the dismissal of their intervention shall not affect their ability to remain in any such class for purposes of obtaining settlement benefits, exercising a right to opt out, objecting to any proposed settlement, if necessary, or obtaining and exercising any other rights of such a class member.

[4] *See* PSC's Consolidated Response to Defendant Banner Supply Entities and its Insurers' Motions to Compel Global Mediation of All Claims against Banner Supply Entities [D.E. 7648], at 2.

{M3027337;5}

these negotiations and proceedings in order to protect their rights and interests and to object, if necessary, to any formally proposed settlement.

3. Intervention as of right under Fed. R. Civ. P. 24(a) is allowed where the intervenor has "an interest relating to the property or transaction which is the subject of the action and . . . is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). Federal courts should allow intervention where " 'no one would be hurt and greater justice could be attained.'" *Ross v. Marshall*, 426 F. 3d 745, 753 (5th Cir. 2005) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). "Rule 24 is liberally construed and any doubts are resolved in favor of the proposed intervenor." *Ranger Ins. Co. v. Events, Inc.*, No. Civ.A. 03-2831, 2004 WL 2004545, *2 (E.D. La. Sept. 8, 2004).

4. A party should be allowed to intervene as a matter of right when the following conditions are satisfied:

> (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest.

*In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009).

5. Here, the instant motion to intervene meets this Court's filing deadline.[5] The Certain Homebuilders have substantial interests at stake: *i.e.*, they have rights to contribution and indemnity, among others; have already sued Banner in several of the MDL Omnibus actions; and they intend to file such claims in the remaining pertinent Omnibus actions and various state court

---

[5] On January 12, 2011, this Court issued a Scheduling Order setting the deadline for intervention by any interested party to the Motions for Class Certification [D.E. 6958], which was subsequently extended to March 14, 2011 [D.E. 7086, 7366, 7708, 7711].

{M3027337;5}

suits. A Banner class action settlement may compromise these claims and/or the funds available to resolve such claims and subject the Certain Homebuilders to claim preclusion principles or *res judicata*. Finally, the existing parties to the action cannot adequately represent the Certain Homebuilders' interests.[6] While all parties want the affected homes repaired, clearly the PSC and Banner do not have the same concerns as the Certain Homebuilders. Also, while there may be a motion to intervene brought by homebuilders that have assignments of rights/claims from homeowners whose properties have already been repaired, those builders have releases from the assigning homeowners and therefore do not share the same concerns about pending and threatened homeowner lawsuits totaling tens of millions of dollars.

6. All of the conditions set out by Fed. R. Civ. P. 24(a) for intervention of right are satisfied.[7] Federal courts have allowed non-settling parties such as the Certain Homebuilders to intervene into pending actions where their interests might not adequately be protected otherwise.[8]

---

[6] Under Fifth Circuit precedent, a proposed intervenor has a "minimal" burden of showing that the existing parties cannot adequately represent its interest. *See Espy*, 18 F.3d at 1207. The movant must merely show that the existing representation "may be" inadequate. *See id.*

[7] In the alternative, the Certain Homebuilders request that this Court grant them leave to intervene pursuant to Fed. R. Civ. P. 24(b) because the Certain Homebuilders have made a timely motion to intervene and have claims (*e.g*., contribution and indemnity) that share common questions of fact and law with these actions with respect to Banner. Permissive intervention under Rule 24(b) "is allowed when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).

[8] *See e.g., SEC v. Flight Transp. Corp*., 699 F. 2d 943, 947-48 (8th Cir. 1983) (holding that a creditor was entitled to intervene in an SEC action because virtually all of debtor's assets were held in the hands of an appointed receiver who might not adequately represent the creditor's interest); *Orthopedic Bone Screw Prod. Liab. Lit*., Nos. 962749, 97-381, 1997 WL 164237 (E.D. Pa. March 26, 1997); *see also In re Masters Mates & Pilots Pension Plan and IRAP Lit.,* 957 F.2d 1020, 1025-26 (2d Cir. 1992) (observing that the rights of third parties to a settlement must be considered where their interests are affected).

**WHEREFORE,** the Certain Homebuilders respectfully submit that this Court should grant the Certain Homebuilders leave to intervene for the purposes of: (1) participating in the class action settlement negotiations between the Plaintiffs' Steering Committee and the Banner Entities; and (2) objecting, if necessary, to a proposed settlement. The Certain Homebuilders also request that they be allowed to seek to withdraw as parties from the proceedings should the settlement discussions between the PSC and the Banner Entities be terminated and/or a settlement class not be certified.

## CERTIFICATE OF CONSULTATION WITH COUNSEL

I hereby certify that counsel for the Certain Homebuilders has consulted with Plaintiffs' Steering Committee representative Ervin Gonzalez, who advised that the PSC does not oppose the relief sought in this Motion, and counsel for the Banner Entities, who has not responded as of the filing of this Motion.

Dated: March 4, 2011

    Respectfully submitted,

    **AKERMAN SENTERFITT**

BY:    /s/ Valerie B. Greenberg
      Valerie B. Greenberg (Fla. Bar No. 026514)
      Stacy Bercun Bohm (Fla. Bar No. 022462)
      One S.E. 3rd Avenue, 25th Floor
      Miami, Florida 33131
      Telephone: (305) 374-5600
      Telecopier: (305) 374-5095
      Email: valerie.greenberg@akerman.com
            stacy.bohm@akerman.com
            leslie.tomczak@akerman.com

*Counsel For Aranda Homes, Inc.; Bella Builders, Inc.; Hammer Construction Services, LTD.; J. Helm Construction d/b/a Sundown Development; Management Services of Lee County, f/k/a Paul Homes, Inc.; R. Fry Builders, Inc.; and Woodland Enterprises, Inc.*

{M3027337;5}

*Co-Counsel for Aranda Homes, Inc.; Bella Builders, Inc.; Hammer Construction Services, LTD.; J. Helm Construction d/b/a Sundown Development; Management Services of Lee County, f/k/a Paul Homes, Inc.; R. Fry Builders, Inc.; and Woodland Enterprises, Inc.*

Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La. Bar No. 31309)
**Phelps Dunbar LLP**
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Telecopier:  (504) 568-9130
Email:  Brent.barriere@phelps.com
            Susie.morgan@phelps.com
            Skylar.rosenbloom@phelps.com

{M3027337;5}

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Motion (Unopposed by PSC) to Intervene by Certain Homebuilders for Conditional and Limited Purpose of Participating in Banner Class Action Settlement Negotiations and Proceedings and Incorporated Memorandum of Law* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA  70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA  70163 (kmiller@frilot.com), by U.S. Mail and e-mail <u>or</u> by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of March, 2011.

/s/ Valerie B. Greenberg

{M3027337;5}