UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : | MDL 2047  SECTION L |
| THIS DOCUMENT RELATES TO ALL CASES | : : : | JUDGE FALLON  MAG. JUDGE WILKINSON |

### BANNER SUPPLY ENTITIES' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS CLAIMS OF PLAINTIFFS WHO COMPLETELY FAILED TO COMPLY WITH DISCOVERY AND THIS COURT'S ORDER TO FILE PROFILE FORMS

Defendants Banner Supply Company; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; and Banner Supply International, LLC (collectively "Banner" or "Banner Supply Entities"), by and through their attorneys, hereby submit this Motion to Dismiss Claims of Plaintiffs Who Completely Failed to Comply with Discovery and this Court's Order to File Profile Forms and show the Court as follows:

This Court entered Pre-Trial Order No. 1G on May 27, 2010, in which the Court ordered each Plaintiff to complete and file a profile form within forty (40) days of the filing of their complaints.  *See* Pre-Trial Order No. 1G at 2.  These profile forms provide critical and basic information about each Plaintiff's individual claims without which Banner cannot adequately defend itself.  Plaintiffs have demanded millions of dollars from the Defendants but have failed to provide even the basic information on their claims.  Since the entry of that initial Order, this Court has repeatedly instructed the Plaintiffs to comply with this Court's Order and submit the required profile forms or face dismissal of their claims.  Each Plaintiff chose to bring an action and is required to comply with discovery, and the Order requiring the submission of profile

forms is the absolute minimum that each Plaintiffs must do in terms of discovery. The Plaintiffs possess the information about their homes and their claims and without their cooperation it is impossible for Defendants to test the validity of those claims and adequately defend against them.

Despite these basic requirements, a number of Plaintiffs have failed to comply with the requirements of PreTrial Order 1G. Defendants/Movants have had to respond to rigorous and expensive discovery that far exceeds the scope of the de minimus requirements imposed by the profile forms. This Court has already conducted trials against certain Defendants in spite of the absence of profile forms. Additional trials are scheduled in the near future—as early as July against INEX and others. Class certification hearings have been scheduled to take place this summer, and Defendants/Movants are being forced to prepare for these hearings without the benefit of any information from those Plaintiffs who failed to submit their profile forms. With rare exceptions, almost none of the actual Plaintiffs have substantively responded to any written discovery, including that served in 2009 and 2010. By hiding their cards, Plaintiffs are forcing the defense to battle class certification issues without even the most basic information required to make an informed decision as to whom to depose, which homes to inspect, what variations exist from one Plaintiff's case to the next, and other relevant considerations. Counsel for Banner has repeatedly asked for Plaintiffs to comply with their discovery obligations to no avail.

If a party fails to comply with court-ordered discovery, the court may dismiss that party's claims. Fed. R. Civ. P. 37(b)(2)(A)(v). This Court addressed an identical situation in *In re Propulsid Prod. Liab. Litig.*, 2003 WL 22383576 (E.D. La. Oct. 16, 2003), in which the Court dismissed the plaintiffs' claims with prejudice for failure to submit their patient profile forms in accordance with the Court's pretrial order. *See also Nationwise Mut. Fire Ins. Co.*, 2010 WL

5158538 (6th Cir. Dec. 15, 2010) (affirming dismissal of claims for willful failure to cooperate in discovery).  Although dismissal is a severe sanction, it is especially appropriate where the offending party has been warned that failure to comply with the court's order would result in dismissal.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (affirming entry of default judgment for failure to comply with court's discovery order).[1]

Here, the Plaintiffs who have not produced their profile forms have violated this Court's prior Order and ignored the Court's repeated instructions to complete the profile forms as a means of streamlining the discovery process or else risk the termination of their claims.  The Court issued the instruction for the Plaintiffs to file their profile forms time and time again.  The last time the Court addressed this issue was at the last Status Conference held on February 23, 2011:

> In order to expedite matters, we try to shortcut some of the traditional methods of discovery, like interrogatories and motions to produce. We don't have the time for that. …[O]n both sides, I need your cooperation on the profile forms, and I really mean it.  **If we don't get the profile forms from the plaintiffs, I'm going to dismiss the cases.**

Transcript (2/23/11) at p.8, l. 1-4, 8-12 (emphasis added).  Incredibly, despite this latest explicit warning that their claims would be dismissed, as of the date of this Motion, the Plaintiffs on the attached Exhibit "A" have not filed their profile forms[2].  Accordingly, as in *Propulsid*, the Court should dismiss all claims asserted by these Plaintiffs.

---

[1] A court may also dismiss a plaintiff's claims as a sanction for violating a court order under Fed. R. Civ. P 41(b); *Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248 (S.D. Tex. 2005) (affirming dismissal under rule 41(b) for repeated failures to comply with discovery orders/requests).

[2] In the event any Plaintiffs are inadvertently included on Exhibit A, Movants will gladly remove their names from the list.

WHEREFORE, Banner respectfully requests that this Court grant this motion, dismiss the claims asserted by the Plaintiffs listed on Exhibit A, and award such other relief as the Court deems appropriate.

Respectfully submitted, this 7th day of March, 2011.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Nicholas P. Panayotopoulos*
**NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**
Georgia Bar Number: 560679
3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Telephone (404)876-2700
npanayo@wwhgd.com
*Counsel for Banner Supply Company, Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; and Banner Supply International, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Banner Supply Entities' Memorandum in Support of Its Motion to Dismiss Claims of Plaintiffs Who Completely Failed to Comply with Discovery and this Court's Order to File Profile Forms has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 7th day of March, 2011.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Nicholas P. Panayotopoulos*
**NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**