UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN CONRY | * | CIVIL ACTION 10-4599 |
| | * | |
| | * | SECTION      L |
| | * | |
| VERSUS | * | MAGISTRATE  2 |
| | * | |
| GERALD "JERRY" DAUGHERTY, | * | |
| THE HERB COMPANY, | * | |
| AND THE HERB IMPORT COMPANY, INC. | * | |

*********************************************

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS INTERPLEADER**

The defendants move to dismiss the interpleader for the following reasons to wit:

1. Facts

The defendant, Gerald Daugherty, and the plaintiff entered into an Act of Credit Sale on July 13, 2007 for the sale of property located at 123 Fremont St. in New Orleans. Sometime thereafter the plaintiff failed to satisfy his contractual obligated monthly payments, ultimately issuing dishonored checks which he were never made good. Mr. Conry was either unable or unwilling to repay the outstanding money owed, Gerald Daugherty foreclosed on the property. Plaintiff has filed a retaliatory RICO lawsuit in an effort to avoid his contractual obligations. Although claiming a conspiracy between Mr. Daugherty and his two companies, The Herb Company and the Herb Import Company, plaintiff did not articulate how either company participated in a conspiracy or, even, how he was injured. Now the plaintiff has filed an interpleader action attempting to gain federal jurisdiction over the foreclosure proceeding. This court has no subject matter jurisdiction, since the plaintiff is not at risk at double or inconsistent liabilities, and since the foreclosure is a result of the

1

fault of the plaintiff, an interpleader is not proper. Moreover, the plaintiff is not entitled to attorney's fees under the Federal Rule 22 Interpleader.

2. Law

    A. No Stakeholder

Mr. Conry seeks to clothe himself as a stakeholder for the purpose this Complaint in Interpleader. However, he has deposited no property with the Court for distribution, no money or any other asset. There are no competing claims to property to evaluate. Despite Mr. Conry's assertions to the contrary, his federal complaint is a damage suit seeking a monetary award against Mr. Daugherty, whereas the foreclosure suit in Civil District Court for the Parish of Orleans seeks the seizure and sale of certain real property subject to a mortgage. Obviously, Mr. Conry's claim, sounding in tort, extortion and fraudulent conspiracies asserts no claim to the actual realty. Although Mr. Daugherty's temerity in attempting to collect on the promissory note signed by Mr. Conry is the basis for these multiple claims, ownership of property is not one of them. In fact, Mr. Conry as described in Paragraph 9 actually seeks to invalidate the sale to him which would result in the transfer of title to Mr. Daugherty. So, Mr. Conry does not really want the property, but he does want this court to stop the execution sale preventing Mr. Daugherty from regaining possession of the property. In that manner, Mr. Conry can inflict additional damages on Mr. Daugherty including insurance, taxes and possible vandalism to a vacant property. There is certainly no need for this court to interfere with the orderly execution of a promissory note and mortgage, admittedly signed by Mr. Conry a former attorney, simply because Mr. Conry has a claim for damages. This Court can assess damages without holding the vacant house at 123 Fremont Street hostage to the multi-district litigation pending in these proceedings.

B. No Subject Matter Jurisdiction.

The first question in an interpleader is whether the court has jurisdiction.[1] As outlined in the defendant's motion to dismiss, this court lacks subject matter jurisdiction over this matter for failure to state a claim under RICO. The plaintiff has commenced these legal proceedings as a retaliation for the foreclosure of the property located at 123 Fremont Street in New Orleans. The plaintiff has failed to establish a pattern of racketeering, and the statute is not intended to extend to fraudulent commercial transactions affecting interstate commerce.[2]

C. Prescribed Claims

In his initial complaint, Mr. Conry makes assertions that might support a claim for redhibition, he does not ask for such relief. Any redhibition claims has clearly prescribed on its face. The property was sold to Mr. Conry on July 13, 2007. Although not currently practicing, Mr. Conry has been a Louisiana attorney experienced in property disputes. He has previously represented Mr. Daugherty and, on several occasions, offered to represent Mr. Daugherty in Chinese Drywall litigation. In paragraph 11 of the complaint, Mr. Conry outlines the first of several factors which led him to obtain a report in September of 2009 that definitively established the existence of Chinese Drywall. Mr. Conry has never shared the report with Mr. Daugherty, made any demand on Mr. Daugherty or initiated any lawsuit for redhibition stemming from that problem. Under La. Civil Code art. 2534 Mr. Conry had only one year from either the date of sale or date of discovery of the defect.[3]

---

1 Pan Am. Fire & Cas. Co. v. Revere, 188 F. Supp. 474, 476 (E.D. La. 1960).

[2] Delta Truck & Tractor, Inc. v. J.I. Case Co., 855 F.2d 241, 242 (5th Cir. 1988)
3 La. Civ. Code Art. 2534. Prescription
3

In fact, Paragraph 40.4 states, "Plaintiff's right to claim Redhibition may have prescribed as a result of Daugherty's extortion scheme." Clearly, any claim stemming from asserted house defects against Mr. Daugherty has prescribed.

### D. Extortion Scheme

Despite the plaintiff's efforts he has still not established any conduct of racketeering, and his complaint does not extend beyond his gravamen of the foreclosure proceeding against him. Moreover, the interpleader and the RICO lawsuit are both pretexts for state law causes of action which the plaintiff admits have prescribed. The plaintiff makes a multitude of criminal accusations against the defendants, yet he seeks civil remedies and penalties. To date the defendant has not been charged, arrested, or had criminal proceedings brought against him for the alleged extortion and fraud. Instead, the plaintiff conveniently seeks monetary compensation in a civil action only. Without satisfying the necessary elements of RICO, the plaintiff's lawsuit must be dismissed for lack of complete diversity among the parties. Consequently, this interpleader lacks both federal question and diversity jurisdiction and must be dismissed.

Mr. Conry asserts that Mr. Daugherty's demand for restitution after issuance of a worthless check amounts to extortion. Since the issuance of a worthless check is a crime under Louisiana law, Mr. Daugherty had the right to consult with the District Attorney's office and advise Mr. Conry of

---

A.(1) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.

(2) However, when the defect is of residential or commercial immovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.

B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.

C. In any case prescription is interrupted when the seller accepts the thing for repairs and commences anew from the day he tenders it back to the buyer or notifies the buyer of his refusal or inability to make the required repairs.

4

the information he received.[4] Further, Louisiana law establishes a civil penalty for issuance of a worthless check equal to twice the amount of the check, attorney's fees and costs.[5] Mr. Daugherty has a right to be paid by Mr. Conry for the contractual obligations into which he has entered. As a trained attorney, Mr. Conry cannot intimidated, deterred or dissuaded by statutory law of the State of Louisiana.

      E. Rule 22 Interpleader Requires Double or Multiple Liability.

The plaintiff has not met the essential elements under Rule 22 for interpleader. Under Federal Rule 22 a plaintiff may file an interpleader when there are "claims that may expose a plaintiff to double or multiple liability." The purpose of interpleader is to enable the plaintiff-stakeholder to avoid "the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing."[6] The plaintiff has not clearly established how he would be exposed to double or multiple liability. Moreover, he has not established who is competing for claims against the property at 123 Fremont Street.

The plaintiff suggests that he has a claim for damages for the foreclosure, and that his damages include claims relative to the condition of the property at 123 Fremont Street. However, alleged damage claim made by the plaintiff is separate and distinct from the foreclosure on the property at 123 Fremont. Hence, interpleader is improper. Moreover, the foreclosure on 123 Fremont

---

[4] **14§71. Issuing worthless check**
    A.(1)(a) Issuing worthless checks is the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, with intent to defraud, of any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has not sufficient credit with the bank, or other depository for the payment of such check, draft, or order in full upon its presentation.

[5] **9§2782. Nonsufficient fund checks; damages, attorney fees**
    A. Whenever any drawer of a check dishonored for nonsufficient funds fails to pay the obligation created by the check within fifteen working days after receipt of written demand for payment thereof delivered by certified or registered mail, the drawer shall be liable to the payee or a person subrogated to the rights of the payee for damages of twice the amount so owing, but in no case less than one hundred dollars plus attorney fees and court costs.

5

Street is an executory process suit, wherein the plaintiff executed a confession of judgment. The ownership of 123 Fremont Street is not at issue, nor has the foreclosure been estopped or enjoined. Since the property at 123 Fremont Street is not a fund over which competing interests have made claims, interpleader is inappropriate. Pure and simple, Mr. Conry has a damage claim against Mr. Daugherty- not a claim to a common fund. Mr. Conry does not occupy the property, it lays vacant and unoccupied posing all the risks and liabilities attendant thereto.

F. Unclean Hands.

All of the complaints stem from the fault of the plaintiff. Because interpleader is an equitable remedy the "clean hands doctrine" applies.[7] Accordingly, "if the hazard which plaintiff seeks to avoid has been occasioned by his own act he is not entitled to the remedy." All of the plaintiff's complaints stem from the foreclosure on 123 Fremont. The foreclosure is a result of the plaintiff's nonpayment of the money owed on the promissory note. Additionally, the plaintiff admits to writing more than one nsf check. The plaintiff does not dispute that he is significantly in arrears in mortgage payments. If the plaintiff had continued to pay the money owed on the promissory note and if the plaintiff had not written dishonored checks, there would be no foreclosure. Since the foreclosure is a result of the fault of the plaintiff, he should be precluded from the remedy of interpleader.

G. No Attorney's Fees for Claimant Stakeholder.

Assuming that the plaintiff has a claim to the property, he is precluded from obtaining attorney's fees. A district court has the authority to award reasonable attorney's fees in interpleader actions.[8] The award of attorney's fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of

---

[6] Hussain v. Boston Old Colony Ins. Co., 311 F.3d 623, 631 (5th Cir. 2002).
7 Pan Am. Fire & Cas. Co. v. Revere, 188 F. Supp. 474, 476 (E.D. La. 1960).

6

the claimants.[9] Here, the plaintiff argues that he has a claim to the property at 123 Fremonth, therefore making him a claimant and a stakeholder. Consequently, since the plaintiff is a claimant stakeholder he is precluded from being awarded attorney's fees. Additionally, Mr. Conry has retained no attorney to assist in the prosecution of this *pro se* matter and cannot receive such an award.

CONCLUSION

The plaintiff's interpleader claims must be dismissed since there is neither a common fund to distribute nor conflicting claims to property. Although Mr. Conry makes claims stemming from property condition, he makes no claim to the property itself. A defaulting mortgagor, issuer of worthless checks, cannot invoke the equitable jurisdiction of this court, since he does not have clean hands. Finally, the plaintiff is an interested claimant stakeholder not entitled to attorney's fees.

Respectfully Submitted:

**JOHN DAVIDSON AND ASSOCIATES**

**JOHN A. E. DAVIDSON (#4710)**
2901 Independence Street, Suite 201
Metairie, Louisiana 70006
Phone: (504) 455-3832
Facsimile: (504) 455-8981

COUNSEL FOR DEFENDANTS

---

8 See Corrigan Dispatch Company v. Casa Guzman, S.A., 696 F.2d 359, 364 (5th Cir.1983).
9 Rhoades v. Casey, 196 F.3d 592, 603 (5th Cir. 1999); see also Phillips Petroleum Company v. Hazlewood, 534 F.2d 61, 63 (5th Cir.1976).

7

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing the same to each properly addressed and postage prepaid on 9th day of March, 2011.

_____
**JOHN A. E. DAVIDSON**