UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION   L |
| | * | |
| **This Document Relates to:** | * | JUDGE FALLON |
| **Stephen and Isis Silva, et al** | * | |
| No. 2:09-cv-08034 | * | MAG. JUDGE WILKINSON |
| ************************************ | | |

**THIRD PARTY COMPLAINT**

Landmark American Insurance Company (hereinafter, "Landmark") and National Surety Corporation (hereinafter National Surety"), defendants herein, files this third party complaint against Gebrueder Knauf Verwaltungsgesellschaft, KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf GIPS KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products, Co., Ltd. (collectively identified as the "Knauf entities" herein), pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

I.

Jurisdiction over the original complaint is based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332, 28 U.S.C. §1441 (a) & (b), 28 U.S.C. §1453, because this is a putative class action with more than 100 putative class members who are seeking to recover in excess of $5,000,000.00 and there is minimal diversity.

II.

This Court has ancillary jurisdiction over the subject matters of this third party complaint.

1

III.

Landmark is a defendant in this action. It is a corporation domiciled in the state of Oklahoma with its principal place of business in Atlanta, Georgia.

IV.

National Surety is a defendant in this action. It is a corporation domiciled in the state of Illinois, with its principal place of business in Novato, California.

V.

Knauf Insulation GmbH, also referred to as "Knauf USA" is a corporation domiciled in the state of Indiana with its principal place of business in the same state. Upon information and belief, Knauf Insulation GmbH is an agent of Gebrueder Knauf Verwaltungsgesellschaft, KG, Knauf International GmbH, Knauf GIPS KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products, Co.

VI.

Gebrueder Knauf Verwaltungsgesellschaft, KG, Knauf International GmbH, Knauf GIPS KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products, Co. are corporations that are incorporated in counties other than the United States and have their principal place of business outside the United States.

VII.

Each of the foregoing Knauf entities have either appeared or consented to jurisdiction in one or more of the cases involved in this Multi-District Litigation ("MDL") proceeding. *See, e.g.,* R. Doc. 6694, 6695, 7586. As such, they are subject to the jurisdiction of this Honorable Court.

VIII.

The Knauf entities are related companies that are under the complete control and dominion of certain members of the Knauf family. The Knauf entities are not operated as separate companies but instead are operated in fact as a single business entity for the benefit of its ultimate owners, the Knauf family. Both for substantive purposes and for purposes of personal jurisdiction, the acts, omissions, or jurisdictional contacts of any one of the Knauf entities is attributable to the Knauf entities.

IX.

Landmark and National Surety issued certain second layer excess policies of liability insurance to Interior Exterior Building Supply, L.P (hereinafter, "INEX"). INEX is a corporation that sells commercial and residential building materials, including drywall. INEX has been sued by hundreds of claimants, including the Plaintiffs in this action, based on allegations that INEX sold drywall that contains a redhibitory defect. The drywall at issue was designed, manufactured, distributed and sold to INEX by one or more of the Knauf entities. There is no evidence from any source that INEX was aware of any redhibitory defect in the drywall at the time INEX sold the drywall to third party consumers. In fact, representatives of both the Knauf entities and INEX have testified under oath that INEX was not aware of any defect in the Knauf drywall sold by INEX.

X.

Landmark and National Surety have been sued in this action, as well as other cases, solely in its capacity as a liability insurer for INEX pursuant to the Louisiana Direct Action Statute, La. R.S. §22:1269. There have been no allegations of any duty owned directly from Landmark to the

various claimants who have brought suit, nor have there been any allegations of independent wrongdoing by Landmark. Similarly, there have been no allegations of any duty owned directly from National Surety to the various claimants who have brought suit, nor have there been any allegations of independent wrongdoing by National Surety.

XI.

The policies of insurance issued by Landmark to INEX all provide that in the event Landmark makes any payment under the policy, all rights INEX may have against any third party are transferred to Landmark. While Landmark expressly denies that either it or INEX has any liability to any claimant who has brought a direct action against Landmark based on the sale of drywall by INEX, if Landmark makes any payment under the policies on such a claim, and for attorneys fees already incurred in the defense of this and other direct actions naming Landmark as a defendant, Landmark will be entitled to enforce the rights of INEX against third parties who are responsible for the loss.

XII.

Similarly, the policies of insurance issued by National Surety to INEX all provide that in the event National Surety makes any payment under the policy, all rights INEX may have against any third party are transferred to National Surety. While National Surety expressly denies that either it or INEX has any liability to any claimant who has brought a direct action against National Surety based on the sale of drywall by INEX, if National Surety makes any payment under the policies on such a claim, and for attorneys fees already incurred in the defense of this and other direct actions

naming National Surety as a defendant, National Surety will be entitled to enforce the rights of INEX against third parties who are responsible for the loss.

XIII.

Pursuant to Louisiana Civil Code Art. 2531, a seller who is held liable for a redhibitory defect has an action against the manufacturer of the defective thing, if the defect existed at the time the thing was delivered by the manufacturer to the seller and for any loss the seller sustained because of the redhibition. Any contractual provision that attempts to limit, diminish or prevent such recovery by a seller against the manufacturer shall have no effect.

XIV.

If INEX is held liable for a redhibitory defect in the Knauf drywall it sold, Landmark and National Surety will have an action against one or more of the Knauf entities because, as Knauf has admitted, INEX did not know of the alleged defect. Similarly, should Landmark and/or National Surety be held liable for a redhibitory defect in the Knauf drywall sold by their insured, INEX, Landmark and/or National Surety, pursuant to their individual contractual rights, will have an action against one or more of the Knauf entities under La. C.C. art. 2531.

XV.

While Landmark and National Surety maintain that neither they nor INEX has any liability to the Plaintiffs in this case, in the unlikely event that such liability is imposed, Landmark and National Surety are entitled to recover all losses they incur, plus costs, expenses and attorneys fees from the Knauf entities for the reasons set forth more fully above.

XVI.

Landmark and National Surety respectfully request a trial by jury as to all parties and all issues raised herein.

**WHEREFORE** Third Party Plaintiffs, Landmark American Insurance Company and National Surety Corporation, pray that they have and will recover from Gebrueder Knauf Verwaltungsgesellschaft, KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf GIPS KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products, Co., Ltd., any and all damages that may be assessed against Landmark and/or National Surety in this matter, along with costs, expenses, attorneys fees, interest and such other items as Landmark and National Surety are entitled to recover and for a trial by jury as to all parties and all issues herein.

        **Respectfully submitted:**

           /s/*Melissa M. Swabacker*
        JUDY L. BURNTHORN (17496)
        JAMES W. HAILEY, III (23111)
        MELISSA M. SWABACKER (32710)
        **DEUTSCH, KERRIGAN & STILES LLP**
        755 Magazine Street
        New Orleans  LA  70130
        Phone: (504) 581-5141
        Fax: (504) 566-4022
        jburnthorn@dkslaw.com
         mswabacker@dkslaw.com
        *Counsel for Landmark American Insurance Company*

        - and-

        GARY J. RUSSO (10828)
        MEGAN E. DONOHUE (32429)

> **JONES, WALKER, WAECHTER, POITEVENT,
> CARRERE & DENEGRE, LLP.**
> P.O. Drawer 3408
> Lafayette, LA 70502-3408
> Phone: (337) 262-9000
> Fax: (337) 262- 9001
> grusso@joneswalker.com
> mdonohue@joneswalker.com
> *Counsel for National Surety Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Third Party Complaint has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of March, 2011.

>  */s/Melissa M. Swabacker*
>  MELISSA M. SWABACKER