UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL          MDL No. 02047
         PRODUCTS LIABILITY LITIGATION                SECTION L

                                                                          JUDGE FALLON
                                                                          MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

VICKERS, ET AL. V. KNAUF GIPS, KG, ET AL.
Case No. 09-04117

AND

PAYTON, *et al*. v. KNAUF GIPS KG, *et al*.,
Case No. 09-07628
_____/

**MOTION TO INTERVENE BY
JWR CONSTRUCTION SERVICES, INC.
FOR CONDITIONAL AND LIMITED PURPOSE OF PARTICIPATING
IN BANNER CLASS ACTION SETTLEMENT NEGOTIATIONS AND PROCEEDINGS
AND INCORPORATED MEMORANDUM OF LAW**

JWR Construction Services, Inc. ("JWR"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 24, moves this Court to allow it to intervene in the above-styled cases for the conditional and limited purposes of: (1) participating in the class action settlement negotiations between the Plaintiffs' Steering Committee (the "PSC") and Banner Supply Company and its related entities and insurers (the "Banner Entities");[1] and (2) object, if necessary, to a proposed settlement.  JWR seeks conditional and limited intervention so that it may seek to withdraw from the proceedings should the settlement discussions between the PSC

---

[1]  The Banner Entities include Banner Supply Company; Banner Supply Company, Inc.; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; Banner Supply Company Port St. Lucie, LLC; Banner Supply International, LLC (collectively "Banner" or "Banner Supply Entities"); and Chartis Specialty Insurance Company (formerly known as "American Specialty Lines Insurance Company"); Illinois National Insurance Co.; and National Union Fire Insurance Company of Pittsburgh, PA.

and the Banner Entities be terminated and/or a settlement class not be certified.[2]  In support of this motion, JWR states as follows:

1. On September 20, 2010, Plaintiffs filed a Motion for Class Certification of a Florida Homeowner Class for Claims against Banner Supply Co. and other Banner entities ("Banner") in the above-referenced cases, *Vickers* and *Payton*. [D.E. 5611], seeking certification of a class of all owners of residential properties containing Chinese-manufactured drywall ("CDW") obtained through Banner.

2. Since at least December 2010, the PSC has been engaged in active settlement discussions with the Banner Entities, with the apparent hope of submitting a proposed class action settlement to this Court.[3]  Any such settlement would likely provide for the distribution of Banner Entities' funds among certain parties, and it would likely include some degree of protection for Banner from pending or future claims.  One or more of the Banner Entities supplied drywall to JWR and JWR has rights to contribution and indemnity, among other claims.[4]  JWR's claims against the Banner Entities could be affected by the disbursement of the

---

[2] Should JWR ultimately be included in a class that is part of a Banner settlement or class action against Banner, the dismissal of JWR's intervention shall not affect its ability to remain in any such class for purposes of obtaining settlement benefits, exercising a right to opt out, objecting to any proposed settlement, if necessary, or obtaining and exercising any other rights of such a class member.

[3] *See* PSC's Consolidated Response to Defendant Banner Supply Entities and its Insurers' Motions to Compel Global Mediation of All Claims against Banner Supply Entities [D.E. 7648], at 2.

[4] JWR had drywall supplied by one or more Banner-related entities. JWR is the general contractor associated with the construction of certain condominium property (the "Properties") located in the Gulf Reflections community in Fort Myers, Florida (the "Project"). JWR is not currently a party to MDL No. 02047. On December 9, 2009, putative class Plaintiffs, Gulf Reflections Condominium Association, Inc., Margaret Ann Conte, Architectural Alliance Holdings, Inc., and FMY Ventures LLC (collectively, "Plaintiffs") brought their fifteen (15) count Omnibus Class Action Complaint in *Payton*.  While Plaintiffs alleged claims against Knauf Gips and its affiliates and the developer of the Project, they did not assert any claims against JWR.  Instead, these same Plaintiffs filed a separate class action complaint against JWR (the "State Class Complaint") in the 20th Judicial Circuit in and for Lee County Florida, styled *Gulf Reflections Condo. Ass'n, Inc., et. al. v. JWR Constr. Serv., Inc*., Case No. 10-CA-00037 (the "State Class Action").  The State Class Complaint alleges the very *same* causes of action for which

Banner Entities' funds and/or impaired by a release/settlement bar.  JWR therefore wishes to intervene in these negotiations and proceedings in order to protect its rights and interests and to object, if necessary, to any formally proposed settlement.

3. Intervention as of right under Fed. R. Civ. P. 24(a) is allowed where the intervenor has "an interest relating to the property or transaction which is the subject of the action and . . . is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  Fed. R. Civ. P. 24(a)(2).  Federal courts should allow intervention where " 'no one would be hurt and greater justice could be attained.'"  *Ross v. Marshall*, 426 F. 3d 745, 753 (5th Cir. 2005) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).  "Rule 24 is liberally construed and any doubts are resolved in favor of the proposed intervenor."  *Ranger Ins. Co. v. Events, Inc.*, No. Civ.A. 03-2831, 2004 WL 2004545, *2 (E.D. La. Sept. 8, 2004).

4. A party should be allowed to intervene as a matter of right when the following conditions are satisfied:

> (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest.

*In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009).

5. Here, the instant motion to intervene meets this Court's filing deadline.[5]  JWR has

---

Plaintiffs brought suit in this MDL relating to the *same* Properties at issue.  JWR has not remediated the Properties.

[5]  On January 12, 2011, this Court issued a Scheduling Order setting the deadline for intervention by any interested party to the Motions for Class Certification [D.E. 6958], which was subsequently extended to March 14, 2011 [D.E. 7086, 7366, 7708, 7761].

{FT756014;1}

substantial interests at stake: *i.e.*, JWR has rights to contribution and indemnity, among others. A Banner class action settlement may compromise these claims and/or the funds available to resolve such claims and subject JWR to claim preclusion principles or *res judicata*. Finally, the existing parties to the action cannot adequately represent JWR's interests.[6] While all parties want the affected homes repaired, clearly the PSC and Banner do not have the same concerns as JWR. Also, while there may be a motion to intervene brought by homebuilders that have assignments of rights/claims from homeowners whose properties have already been repaired, those builders have releases from the assigning homeowners and therefore do not share the same concerns about pending and threatened homeowner lawsuits totaling tens of millions of dollars.

6. All of the conditions set out by Fed. R. Civ. P. 24(a) for intervention of right are satisfied.[7] Federal courts have allowed non-settling parties such as JWR to intervene into pending actions where their interests might not adequately be protected otherwise.[8]

**WHEREFORE,** JWR respectfully submits that this Court should grant it leave to intervene for the purposes of: (1) participating in the class action settlement negotiations between the Plaintiffs' Steering Committee and the Banner Entities; and (2) objecting, if necessary, to a proposed settlement. JWR also requests that it be allowed to seek to withdraw as a party from

---

[6] Under Fifth Circuit precedent, a proposed intervenor has a "minimal" burden of showing that the existing parties cannot adequately represent its interest. *See Espy*, 18 F.3d at 1207. The movant must merely show that the existing representation "may be" inadequate. *See id.*

[7] In the alternative, JWR requests that this Court grant it leave to intervene pursuant to Fed. R. Civ. P. 24(b) because JWR has made a timely motion to intervene and has claims (*e.g.*, contribution and indemnity) that share common questions of fact and law with these actions with respect to Banner. Permissive intervention under Rule 24(b) "is allowed when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).

[8] *See e.g., SEC v. Flight Transp. Corp.*, 699 F. 2d 943, 947-48 (8th Cir. 1983) (holding that a creditor was entitled to intervene in an SEC action because virtually all of debtor's assets were held in the hands of an appointed receiver who might not adequately represent the creditor's interest); *Orthopedic Bone Screw Prod. Liab. Lit.*, Nos. 962749, 97-381, 1997 WL 164237 (E.D. Pa. March 26, 1997); *see also In re Masters Mates & Pilots Pension Plan and IRAP Lit.*, 957 F.2d 1020, 1025-26 (2d Cir. 1992) (observing that the rights of third parties to a settlement must be considered where their interests are affected).

{FT756014;1}

the proceedings should the settlement discussions between the PSC and the Banner Entities be terminated and/or a settlement class not be certified.

### CERTIFICATE OF CONSULTATION WITH COUNSEL

I hereby certify that counsel for JWR has consulted with Plaintiffs' Steering Committee representative Ervin Gonzalez and counsel for the Banner Entities regarding their consent to the relief sought in this Motion. Neither the PSC or Banner have responded as of the filing of this Motion.

Dated:  March  11, 2011

                Respectfully submitted,

                **AKERMAN SENTERFITT**

BY:      /s/ Stacy Bercun Bohm
        Stacy Bercun Bohm (Fla. Bar No. 022462)
        Leslie Miller Tomczak (Fla. Bar No. 126489)
        Las Olas Centre II, Suite 1600
        350 East Las Olas Boulevard
        Fort Lauderdale, Florida 33301-2229
        Telephone: (954) 463-2700
        Telecopier: (954) 463-2224
        Email:  stacy.bohm@akerman.com
                leslie.tomczak@akerman.com

**COUNSEL FOR DEFENDANT,
JWR CONSTRUCTION SERVICES,
INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Motion to Intervene by JWR Construction Services, Inc. for Conditional and Limited Purpose of Participating in Banner Class Action Settlement Negotiations and Proceedings and Incorporated Memorandum of Law* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA  70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA  70163 (kmiller@frilot.com), by U.S. Mail and e-mail <u>or</u> by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 11th day of March, 2011.

                                                  /s/ Stacy Bercun Bohm