UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Vickers et al. v. Knauf Gips KG et al.*, Civ. Action No. 09-04117 (E.D.La.)<br><br>*Payton et al. v. Knauf Gips KG et al.*, Civ. Action No. 09-07628 (E.D.La.)<br><br>*Silva, et al. v. Interior Exterior Building Supply, LP et al.*, Civ. Action No. 09-08030 (E.D.La.)<br><br>*Silva et al v. Arch Insurance Company, et al.*, Civ. Action No. 09-08034 (E.D.La.) | |

THE PLAINTIFFS STEERING COMMITTEE'S BRIEF
REGARDING CLASS CERTIFICATION SCHEDULING
PURSUANT TO THE ORDER OF MARCH 3, 2011

I. **INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") hereby submits this supplemental brief regarding the conflicting scheduling orders proposed by the PSC and defendants (KPT, INEX and Banner). For the reasons which follow, the PSC submits that the plaintiffs' proposed scheduling order for a June 27, 2011 hearing on class certification should be approved. A copy of the Plaintiffs Steering Committee's Proposed Order is attached hereto as Exhibit "A".

II. **FACTUAL BACKGROUND**

On September 21, 2010, the PSC filed motions for class certification against INEX,

1

Banner and Knauf as follows:

* Plaintiffs' Motion for Class Certification of a Florida Home Owner Class for Claims Against Banner Supply, Co. (filed on September 20, 2010) [Record Doc. 5564];

* Plaintiffs' Motion for Class Certification of a Louisiana Home Owner Class for Damages and Declaratory Relief against INEX (filed September 21, 2010) [Record Doc. 5561]; and

* Plaintiffs' Motion for Class Certification of a Florida Home Owner Class and a Louisiana Home Owner Class for Property Damage Against Knauf (filed September 21, 2010) [Record Doc. 5570].

At the December 2, 2010 status conference, the Court continued these motions and issued an order directing the parties to submit a joint discovery briefing and hearing schedule for these motions. Whereupon, on January 12, 2011, the Court issued its Order setting forth the schedule for discovery briefing and hearing on class certification. Therein, the parties agreed to conduct discovery, disclose fact and expert witnesses, conclude briefing and other preparations to meet the June 1, 2011 hearing date.

Towards that end, upon entry of the order, the parties began to work in earnest to comply with the January 12, 2011 Scheduling Order. In the course of preparing for the class certification hearing, however, it became apparent that as a result of the Knauf Pilot Program, certain plaintiffs that had been designated as representative plaintiffs no longer had standing to act as representative plaintiffs due to their participation in the remediation program. Substitutions followed, of which Defendants were apprized. With full knowledge of these substitutions,

written discovery of the plaintiffs was propounded by defendants. Nevertheless, because certain additional substitutions occurred with some of the representative plaintiffs, the defendants balked.

Although the defendants had been actively discovering information of the proposed class representatives since February, they contended that the additional interventions in the *Silva* actions against INEX and the substitutions of plaintiffs in the *Payton* and *Vickers* action involving Banner and KPT were too disruptive to the schedule. These matters were presented to the Court at the February 23, 2011 Status Conference in connection with the PSC's motion to intervene in the *Silva* litigation. Underlying the defendants' opposition was their desire to postpone the class certification hearing date and expand the limit on fact witnesses that was previously agreed to and the subject of the January 12, 2011 Order. That Order provided that

> "defendants shall be entitled to take depositions of up to ten (10) class members, including class representatives, and any designated fact witnesses with respect to class certification issues."

Originally only four class representative plaintiffs were proposed in the September motion papers and thus the defendants took the position that this restriction was too limiting given the substitution of the additional class representative plaintiffs. At the Status Conference the PSC agreed not to be too stingy with the number of witnesses that could be subject to discovery. Following the Status Conference, the parties met and conferred in an attempt to agree upon an amended scheduling order without success – the defendants insisted on 6 homeowner fact witnesses per case, while the PSC was willing to agree to 4 homeowner fact witnesses per case, exclusive of the representative plaintiffs.

Given the impasse, on March 1, 2011 the defendants submitted their proposed scheduling

order to the Court which proposed a class certification hearing date of August 15, 2011 and the ability not only to depose 6 other homeowner fact witnesses, but for the first time included the ability to conduct destructive inspections of these witnesses' homes as well. On March 2, 2011, the PSC presented its proposed scheduling order that attempts to adhere to the original expedited June hearing date and reflects the PSC's willingness to increase the number of additional fact witnesses that could be deposed (not inspected) by the defendants. Because of the parties' inability to agree to a hearing schedule on these matters, on March 3, 2011, the Court requested additional briefing and set the matter for argument.

### III.  ARGUMENT

The fundamental differences between the two competing orders reduce to just a few basic issues: 1) how expeditiously should the class hearing be conducted; 2) who are the class representative plaintiffs for each class action; and 3) what are the parameters of appropriate discovery of other homeowner fact witnesses for purposes of class certification.

The first question has largely been dictated to the parties by the Court's INEX trial schedule. The PSC is cognizant of this Court's interest in trying the claims against INEX in July. Since that trial is based upon the claims of the *Silva* class actions, the determination of class certification is properly made **in advance** of the trial. To meet that requirement, the PSC's proposed order retains a June class certification hearing date and only the PSC has attempted to maintain a schedule that provides ample time to accomplish the discovery and other tasks necessary to meet that deadline.

The second question – who are the plaintiffs – has already been addressed. Both before and since the issuance of the Court's March 3 Order, plaintiffs have continued to observe their

4

proposed order's schedule. For example, Plaintiffs timely filed their last intervention motion on February 25, 2011.[1] Plaintiffs met their deadline for designating fact witnesses.[2] In advance of the proposed March 9, 2011 deadline for motions to amend class representatives, Plaintiffs filed their Substituted Motion for Class Certification of a Louisiana Homeowner Class for Damages and Declaratory Relief against INEX (filed February 28, 2011)[Rec.Doc. 7751]. And on March 10, 2011, Plaintiffs filed the other Substituted Motions for Class Certification against Banner and Knauf [Rec.Doc. Nos. 8072 & 8077].

In the substituted class motions, Plaintiffs conclusively announced that the INEX class representative plaintiffs are Edward and Susan Beckendorf, Byron and Debra Byrne, Donald and Marcelyn Puig, and Dean and Dawn Amato. In the Banner class motion, plaintiffs identified Stephen Roberts and Felix Diaz as the class representatives. And in the Knauf class motion, plaintiffs identified for the Louisiana class Edward and Susan Beckendorf, Byron and Debra Byrne, Donald and Marcelyn Puig, and Dean and Dawn Amato; and identified for the Florida class Steven Roberts, Karen Vickers, Jennifer & Felix Martinez, and Jason Santiago.

Plaintiffs have been adhering to their proposed schedule so that the proposed class certification schedule ending in a June hearing date can be maintained. Thus far, the PSC has identified the final class representative plaintiffs to go forward in each class motion and much,

---

[1]Plaintiff's Second Amended Motion to Intervene was filed in *Silva v. Interior Exterior Building Supply, LP*, Civ.No. 09-98930 (E.D.La.) and *Silva v. Arch Ins. Co.*, Civ.No. 09-08034 (E.D.La.), on behalf of four homeowner couples: Dean and Dawn Amato, Byron and Debra Byrne, Donald and Marcely Puig, and Edward and Susan Beckendorf. These plaintiffs had previously filed a substantially similar motion on February 15, 2011. The second amended motion was filed merely to clarify that intervention was sought in both the *Silva* damages action and the *Silva* action for declaratory relief.

[2]On March 1, 2011, Plaintiffs filed and served their Fact Witness Lists for the INEX, Banner and Knauf classes. [Rec.Doc. 7754, 7755, 7756].

much more. These Plaintiffs have answered written discovery; have been and are permitting home inspections, and have been available for depositions (which the defendants have avoided scheduling by failing to respond to plaintiff's inquiries).[3] Indeed, since early February we have answered 2 sets of written discovery in an expedited fashion for the Louisiana representative plaintiffs and the Florida representative plaintiffs. Inspections of the Louisiana homes have already been completed. Inspections of the Florida homes are scheduled and expected to be completed during the week of March 14-18. Under the Plaintiffs' proposed schedule, the Defendants will still have ample time, 4 weeks after their last home inspection, until April 15 to conduct the depositions of the representative plaintiffs. Accordingly, plaintiffs perceive no prejudice to the defendants to prepare for depositions relating to their defense of a mere procedural motion.

Finally, as to the third question, the PSC disagrees with the defense's proposed scheduling order that provides for each separate class motion to have depositions and destructive home inspections of 6 non-representative plaintiff homeowners. The January 12, 2011 Order granted the entire defense team the right to take 10 fact witness <u>depositions</u>, inclusive of the class representatives. Defendants' proposal unnecessary increases the number of fact witness and class representative depositions. It also imposes the huge burden on these people to endure the destruction of parts of their home. We submit that the defendants' insistence on widespread discovery of class members other than the representative plaintiffs is unnecessary, time

---

[3] INEX has recently postured that these depositions can not be scheduled due to the answers and objections to its written discovery by the plaintiffs. INEX is confecting opportunities to delay rather than advance the proceedings towards a pre-July class certification hearing. The PSC will be prepared to discuss any outstanding class or trial-related discovery disputes at the March 16 hearing, if the Court is willing to entertain these matters.

consuming, disruptive and wasteful. Accordingly, whereas, defendants propose invasive home inspections of class members other than the class representative plaintiffs, our proposal prohibits same. Our proposed order accommodates the defendants' desire to analyze more homes other than the class representative plaintiffs by allowing four depositions without inconveniencing too many other homeowner class members through depositions and destructive home inspections.

## IV.    **CONCLUSION**

For the reasons set forth above, the PSC's proposed scheduling order should be entered rather than the defendant's proposed order. Plaintiffs' motions for class certification have been of record since September, and little changed with the exception of only minor substitutions of plaintiffs as the result of some plaintiffs participating in Knauf's pilot program and the *Harrell* settlement becoming final. Defendants have been aware of the proposed class representative plaintiffs for long enough to propound discovery and complete home inspections in time to prepare adequately for responding to what is, after all, only a procedural motion. And, with the INEX trial scheduled for July, all parties have been on notice of the need to conduct the INEX class hearing beforehand. Since the PSC's proposed order is the only schedule that meets that criteria, we respectfully request that our order be adopted.

Respectfully submitted,

Dated: March 11, 2011

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing The Plaintiffs' Steering Committee's Brief Regarding Class Certification Scheduling Pursuant to the Order of March 3, 2011 has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and first class mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 11th day of March, 2011.

                        /s/ Leonard A. Davis
                        Leonard A. Davis, Esquire
                        Herman, Herman, Katz & Cotlar, LLP
                        820 O'Keefe Avenue
                        New Orleans, Louisiana 70113
                        Phone: (504) 581-4892
                        Fax: (504) 561-6024
                        LDavis@hhkc.com
                        Plaintiffs' Liaison Counsel
                        MDL 2047