UNITED STATES DISTRICT COURT

EASTERN DISTRICT FOR LOUISIANA

| | | |
|---|---|---|
| JOHN D CONRY | * | CIVIL ACTION 10-4599 |
| | * | 2009-MD-2047 |
| VERSUS | * | SECTION L |
| GERALD DAUGHERTY AND | * | MAGISTRATE 2 |
| THE HERB IMPORT COMPANY | * | |

\*  \*  \*  \*  \*  \*

## PLAINTIFF'S PARTIAL RESPONSE TO DEFENDANT'S MOTION TO QUASH OR AMEND SUBPOENAS

Plaintiff, John D Conry, herein states his opposition to Defendant's Motion to Quash Subpoenas dealing, in turn, with each issue raised and each subpoena under that issue.  Defendant raises, in order, the following issues in their Motion:

1.    Privileged Documents Generally;

2.    Electronically Stored Information;

3.    Undue Burden; and,

4.    Trade Secrets Privilege.

Defendant Raises these objections in Response to the following Subpoenas issued by Plaintiff through the Clerk of Court:

1.  Plaintiff's Text Message Records from Verizon Wireless (Exhibit A);

2.  Defendant's Text Message Records from Sprint (Exhibit B);

3.  Defendant, Daugherty and HIC's, bank Records from Chase Bank (Exhibit C);

4. Defendant, Daugherty's, Insurance Claim History, from Lexis Nexis (Exhibit D); and

5. Defendant, Daugherty's, claim file for a suit on a property located at 6343 West End Blvd in New Orleans, Louisiana, from Louisiana Citizens Property and Casualty Insurance Company (Exhibit E);

6. Permits for construction work on the Fremont and adjacent West End Properties (Exhibit F); and most amazingly,

7. Plaintiff's own records of a Payment to Defendant at Regions Bank (Exhibit G).

None of the Subpoenas are addressed to movant, hence he is a "third party" for the purpose of this motion.

## STANDING

A Subpoena may be opposed by someone who is not the subject of the subpeona only on the grounds that it is a violation of privilege or a personal property right. <u>Brown v Braddick</u>, 595 F.2d 961, 967 (5th Cir. 1979). A party who is not the subject lacks standing to bring the objection undue burden, unless they are joined in opposition by the person subjected to that burden. <u>Id.</u> In this matter, only Defendants Daugherty and HIC have brought or joined in a Motion to Quash, while neither of them is the subject of any of the subpoenas. (See Exhibits A through F.) Therefore, Defendants' objections of "undue burden," "irrelevance" and "electronically stored information" are not properly brought and should be denied outright.

## LAW OF PRIVILEGE

The objections raised by defendants that they do have the standing to bring are privilege and trade secrets. Defendants raise privilege in a general sense without specifying a real basis for the privilege claim relating to Plaintiff's subpoenas for *Plaintiff's own Banking Records,* Defendants Banking Records, Plaintiff and Defendant's text messages, C.L.U.E. report of

Insurance Claims by Defendant, a Specific Insurance Claim made by the Defendant, and The

Permits for Construction work at Plaintiff's and one of Defendants properties.

A party pleading Privilege has the obligation to establish the grounds for that privilege. M-I

LLC v Stelly et al., 733 F Supp.2d 759 (S.D. Tex. 2010); In re Sante Fe International Corp., 272

F.3d 705 (5th Cir 2001)    In order to successfully plead trade secrets in seeking to quash a

Subpoena or stop discovery, a *defendant must establish* that the information sought is a trade

secret *and* that its disclosure would be harmful. Exxon Chemical Patents v Lubrizol Corp., 131

F.R.D. 668 (S.D. Tex. 1990); M-I LLC v Stelly et al., 733 F Supp.2d 759 (S.D. Tex. 2010).

Defendant herein has not pled, let alone provided any evidence to establish a trade secret, instead

his counsel, once again, has made a conclusory assertion without any support.[1]  Furthermore,

none of the documents requested go to information that could possibly be considered a trade

secret for a head shop, Plaintiff has subpoenaed financial records not bong building techniques.

. Furthermore, factual records of bank activities, as opposed to deliberative records, are not

privileged. In Re: Providian Financial Corp. Securities Litigation, 222 F.R.D. 22 (D.D.C. 2004);

Rosenblatt v Northwest Airlines, Inc., 54 F.R.D. 21 (S.D.N.Y. 1971).  In the instant matter,

Plaintiff has requested bank records in order to establish several relevant and material issues at

litigation herein, specifically: 1) that defendant received a cashiers check on or about November

1, 2010, which he swore he did not receive in his "Petition for Executory Process;" 2) that

defendant used the funds received through his fraud to expand and maintain his interest in the

Business of The Herb Import Company at various times over the past few years; 3) that the

defendant did not spend the amount he represented he had, and agreed to spend in the renovation

---

[1] Defendant's attorney called the requested information, "protected information," "trade secrets" and "protected information" in Part 3 of their Memo, which is the paragraph where Defendants raise privilege.

of the property at 123 Fremont Street, constituting the first act of fraud in Plaintiff's alleged

pattern. None of the requested records constitute opinion or analysis and all are clearly and

obviously calculated to lead to admissible evidence supporting the allegations in Plaintiff's

complaint.

## CONCLUSION

The majority of the argument brought by Defendants is that the Subpoena Requests are

overbroad and burdensome, which are grounds they lack the standing to raise. In addition they

argue Privilege based on trade secrets but fail to mention any trade secret that could be revealed.

In truth, the Motion to Quash is a desperate attempt to prevent plaintiff from getting a certified

copy of his November payment to Daugherty, which he and his counsel have maintained was not

paid and which, were it to come into evidence, would establish several of Plaintiff's allegations

in its own right.[2] Plaintiff requests that this court deny defendants' motion to Quash for its lack

of standing as to burden, overbreadth and electronically stored documents as well as for its

failure to establish a trade secret or risk by the requested disclosure.

Respectfully Submitted,

John D Conry
PO Box 641234
Kenner, LA 70064
P- 504-324-2387
F- 504-754-7556

---

[2]Daugherty's "Petition for Executory Process" alleges no payments had been made since
January 2010 and Defendant's Collection Letter attempted to re-collect the already paid debt in
December 2010.

## CERTIFICATE OF SERVICE

Plaintiff certifies that the attached pleading has been mailed to the last known address of all defendants herein, as none have made an appearance yet and therefore cannot use the CM/ECF system.