# Exhibit H

**From:** Dawn Barrios [mailto:DBarrios@bkc-law.com]
**Sent:** Tuesday, February 15, 2011 4:12 PM
**To:** 'Richard G. Duplantier, Jr.'; Kevin Risley; Melissa Swabacker; Pipes, Minor; Miller, Kerry J.; Michael Sexton; Mike Peterson; Nicholas Panayotopoulos; Thibodeaux, Paul C.; Peter Spillis; Robert Grass; Shubhra Mashelkar; Stephen J. Rapp; Steven Glickstein; Todd Ehrenreich; Benjamin R. Grau; Gary Russo; Greg Currier; Megan Donohue
**Cc:** patrick@colson.com
**Subject:** RE: CDW- Cert Hearing

Rick,
It made sense to us to have the CRs for the cert hearing the plaintiffs for the trial in July. That way most of the work is done now for the trial. This is a similar situation to the FL CRs who have already been through the certification process.
Amato discovery went out about 3. Please check for it.
d

Dawn M. Barrios, Esq.
Barrios, Kingsdorf & Casteix, LLP
Suite 3650
701 Poydras Street
New Orleans, LA 70139-3650
504.524.3300 (phone)
504.524-3313 (fax)
www.bkc-law.com

 Please consider the environment before printing this e-mail

**From:** Richard G. Duplantier, Jr. [mailto:RDuplantier@gjtbs.com]
**Sent:** Tuesday, February 15, 2011 4:06 PM
**To:** Dawn Barrios; 'Risley, Kevin'; Swabacker, Melissa; H. Minor Pipes; kmiller@frilot.com; msexton@wwhgd.com; mpeterson@petersonespino.com; npanayotopoulos@wwhgd.com; pthibodeaux@frilot.com; pspillis@wwhgd.com; RGrass@kayescholer.com; SMashelkar@wwhgd.com; srapp@wwhgd.com; SGlickstein@kayescholer.com; tehrenreich@wwhgd.com; Benjamin R. Grau; grusso@joneswalker.com; goc@ahhelaw.com; mdonohue@joneswalker.com
**Cc:** patrick@colson.com
**Subject:** RE: CDW- Cert Hearing

Dawn -

Thanks.

I am very confused. We received notice today that Amato, Byrne, Puig and Beckendorf are intervening in the Silva matter. Do I understand correctly that the class reps. as to Interior Exterior

1

have changed - Boudreaux is out, Amato remains and now Bynre, Puig and Beckenforf are the class reps in Payton AND Silva.

Also, we have no  discovery responses from the Amato's. When can we expect this.

Finally, do you know if the PSC plans to respond to the Interior Exterior liability discovery?

Thanks

Rick

# Exhibit I

**Poe, Emily A.**

| | |
|---|---|
| **From:** | Panayotopoulos, Nicholas |
| **Sent:** | Wednesday, March 09, 2011 4:12 PM |
| **To:** | Poe, Emily A. |
| **Subject:** | FW: MDL Class Action/Banner |

Nick
(404) 832-9540

-----Original Message-----
From: Gonzalez, Ervin [mailto:Ervin@colson.com]
Sent: Wednesday, March 09, 2011 1:28 PM
To: Sexton, Michael A.
Cc: Montoya, Patrick; DBarrios@bkc-law.com; Ehrenreich, Todd; Panayotopoulos, Nicholas;
Michael P. Peterson
Subject: Re: MDL Class Action/Banner

We are appealing, but we are offering Harrell class members only as knauf class reps
notwithstanding our appeal

Sent from my iPhone
Ervin A. Gonzalez

On Mar 9, 2011, at 1:13 PM, "Sexton, Michael A."
<MSexton@wwhgd.com<mailto:MSexton@wwhgd.com>> wrote:


Patrick and Dawn,

    In light of Judge Farina's Order overruling objections to the Banner/Harrell class
settlement and otherwise approving the class settlement, I assume that the PSC will be
withdrawing Ms. Vickers as a moving class representative, as well as the proposed
inclusion of Messrs. Martinez and Santiago, from the putative class action against Banner
in the MDL.  My understanding is that these indivdiuals are part of the settled class in
Harrell and their claims against Banner have been extinguished, except as provided for in
the class settlement.  I understand that the PSC may keep these individuals as moving
class representatives in the Knauf class, but my interest is obviously limited to the
Banner class.

    Assuming your agreement with the foregoing, my understanding is that Mr. Roberts is
the sole moving class representative in the putative Banner class and that the PSC seeks
to add Mr. Diaz, as well.

    Please confirm your agreement regarding the moving class representatives so that we
can file appropriate papers with the Court effectuating these changes.

    Best regards,

Michael A. Sexton
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
(404) 832-9544 (direct)
(404) 875-9433 (facsimile)
msexton@wwhgd.com<mailto:msexton@wwhgd.com>


The information contained in this message may contain privileged client confidential
information. If you have received this message in error, please delete it and any copies

immediately.

Exhibit J

## Panayotopoulos, Nicholas

| | |
|---|---|
| **From:** | Panayotopoulos, Nicholas |
| **Sent:** | Monday, February 21, 2011 6:06 PM |
| **To:** | Dawn Barrios |
| **Cc:** | RDuplantier@gjtbs.com; Miller, Kerry J.; Zachary Wool; Sexton, Michael A.; Mashelkar, Shubhra; 'Thibodeaux, Paul C.'; Michael P. Peterson |

**Subject:** RE: CDW--LA Inspections

Dawn,  I never heard back from you about the written confirmation I requested that the latest disclosed potential reps are the ones the PSC will stick to going forward against Banner;  we, obviously, need to go about the process of selecting witnesses, etc. and a shifting landscape of potential class representatives interferes with our preparation.  Nevertheless, so we can move this process along, can we schedule inspections of the Banner class reps - whomever those end up being finally selected by the PSC, presuming the court approves the PSC's anticipated amended motion for certification pursuant to Local Rule 7.4 - for the week of March 14?  INEX and Knauf have filled up all available dates before that week.  I am still waiting to hear from one expert but hope to nail down that week for inspections.

Please let me know.

*Nick*
*(404) 832-9540*

---

**From:** Dawn Barrios [mailto:DBarrios@bkc-law.com]
**Sent:** Friday, February 11, 2011 11:40 AM
**To:** 'Thibodeaux, Paul C.'
**Cc:** RDuplantier@gjtbs.com; Panayotopoulos, Nicholas; Miller, Kerry J.; Zachary Wool
**Subject:** RE: CDW--LA Inspections

Paul,
Because I am in court out of town, I can't get back to you by 3.  I would like to do it next week, but can't promise when I can get to you.  Can I call you tomorrow if I don't get you today?
Please keep Zachary Wool on these emails.
d

Dawn M. Barrios, Esq.
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street
New Orleans, LA  70139
504.524.3300 (phone)
504.524.3313 (fax)
barrios@bkc-law.com

---

**From:** Thibodeaux, Paul C. [mailto:PThibodeaux@frilot.com]
**Sent:** Friday, February 11, 2011 10:18 AM
**To:** Dawn Barrios
**Cc:** RDuplantier@gjtbs.com; Panayotopoulos, Nicholas; Miller, Kerry J.
**Subject:** CDW--LA Inspections

Dawn,

Notwithstanding today's addition of 3 more FL class reps, Knauf is still prepared to go forward with LA class rep inspections next week (Tues-Fri:  2/15-2/18).  If the PSC is amendable to Knauf proceeding next week, and INEX proceeding at a later date per our discussion this morning, please let me know by 3pm today so that I can make arrangements w/ my experts.

Also, when will you produce the outstanding LA class rep discovery?

Please give me a call if you'd like to discuss.

Thanks,

Paul C. Thibodeaux
Frilot L.L.C.
1100 Poydras St.
Suite 3700
New Orleans, LA 70163
www.frilot.com
Direct: (504)599-8204
Fax: (504)599-8279

3/8/2011

Exhibit K

**From:**    Benjamin R. Grau [bgrau@gjtbs.com]
**Sent:**    Thursday, March 10, 2011 12:37 PM
**To:**      'Dawn Barrios'; 'Zachary Wool'
**Cc:**      Richard G. Duplantier, Jr.; Carlina C. Eiselen; PThibodeaux@frilot.com; 'Terk, Eugene ';
             Panayotopoulos, Nicholas; Mashelkar, Shubhra
**Subject:** CDW - INEX 2nd Set of Interrogatories and Request for Production

Dawn and Zachary,

As you know INEX's Second Set of Interrogatories and Request for Production were served on each of
the Louisiana class representatives, through your office, on February 7, 2011.  (We also not that you
agreed to consider the discovery served on the Florida class representatives as well.)  We understood
that there was an agreement that the the discovery would be responded to within fifteen (15) days of
service.  Nevertheless, the thirty day deadline to respond provided under the Federal Rules was March 9,
2011.  However, we have not received any formal response from any of the class representatives to these
discovery requests.

While we did receive a letter from Russ Herman dated February 21, 2011, purportedly providing an
"informal" reply, we have not received any response from the actual Plaintiffs in the form of a pleading
responding to each interrogatory and each request.  Moreover, the exhibits provided by Mr. Herman are
not responsive to all of the requests and do not provide all of the information requested in the
interrogatories.

The information and documents requested in this Second Set of Interrogatories and Request
for Production is necessary before INEX can proceed with further class certification discovery.
Considering the schedule that the Plaintiffs are attempting to impose and the fact that the discovery is
now overdue, please advise allow this correspondence to serve as our good faith attempt to confer, under
Rule 37.1, in an effort to obtain the necessary but delinquent discovery without court action.  We are
certainly happy to discuss this matter with you, but given Plaintiffs' unreasonable time demands, it will be
necessary for INEX to expeditiously move to compel the responses.

Ben

**From:**   Benjamin R. Grau [bgrau@gjtbs.com]
**Sent:**   Thursday, March 10, 2011 4:33 PM
**To:**   'Dawn Barrios'
**Cc:**   Cayce Peterson; Richard G. Duplantier, Jr.; Carlina C. Eiselen; Panayotopoulos, Nicholas; Mashelkar, Shubhra; Thibodeaux, Paul C.
**Subject:** CDW - Class Representatives' Responses to INEX's 1st Set of Interrogatories and Request for Production

Dawn,

Our review and evaluation of the class representatives' responses to INEX's First Set of Interrogatories and Request for Production has revealed several deficiencies, which we believe must be corrected before the parties can conduct further class discovery. Therefore, please let this correspondence serve as our Rule 37.1 good faith attempt to have the class representatives to supplement their responses to provide full and complete responses and produce the requested information without seeking court intervention.

Specifically, INEX requests that the class representatives supplement their responses to address the deficiencies outlined below. (This request is in addition to and supplementation of our request from yesterday directed solely to the Amatos). INEX is entitled to supplemental responses in advance of any further discovery related to class certification, including deposition of the class representatives and fact witnesses, the preparation of any expert opinions, and the selection of and discovery to other fact witnesses, including other class members. We trust that you will, therefore, expeditiously provide the requested information.

**Interrogatory 4** - Information regarding the appraisal of the home. The class representatives' answers refer to their answers to Knauf's Rog 3. However, INEX Rog 4 inquires not just as to whether there was any appraisals of the home, but also the name of the person/company who performed the appraisal, the appraised value of the home, and the identity of any appraisal report. This information has not been provided. Moreover, INEX RFP's 1 and 4 call for the production of any such appraisal report, yet none have been provided. Even if the requested appraisals are not physically in the class representatives' possession, they are certain within their custody or control; and, therefore, the class representatives have an obligation under Fed. R. Civ. P. 34 to produce them.

**Interrogatory 5** - Information regarding inspections of the home. The class representatives' answers refer to their answers to Knauf's RFP 3, which is limited to inspections indentified on the PFF related to Chinese drywall. However, INEX Rog 5 is not limited to drywall inspections, but includes any inspection of the property at any time, such as at the time of purchase, completion of construction, building occupancy, regulatory inspections, and sale/resale. Moreover, INEX RFP's 1, 4, 8 and 9 call for the production of any such inspection reports, yet none have been provided. Again, Rule 34 requires the class representatives to produce these reports.

**Interrogatory 12** - Information related to claim of diminished value. The class representatives' answer refers to the answer to Knauf's Rog 9. However, those answers fail to provide the requested information, instead they assert objections on the basis that the Interrogatory calls for an opinion and is not relevant to class certification. To the extent these objections are even intended to apply to INEX's interrogatory, which is unclear from the confusing nature of the cross-referencing responses, these objections are misplaced. INEX's interrogatory seeks the

factual basis for Plaintiffs' contention and, as such, is a proper contention interrogatory. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact ....") Moreover, the factual basis for the class representative's damage claims are certainly relevant to the Court's consideration of class certification. Judge Duval has made clear that when he considers class certification, "Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *In re Katrina Canal Breaches Consol. Litig.*, 258 F.R.D. 128, 132 (E.D. La. 2009*), citing* Manual for Complex Litigation § 30.11 (3d ed.1995). In short, the interrogatory is proper, and the class representatives must provide the information requested.

**Interrogatory 13, 14, and 15** - Information related to claim of lost income, personal injuries, and mental anguish. Again, the class representatives objected and failed to respond to 13 and 14 and provided only a limited response to 15. However, as set forth above, the information is clearly relevant to the class certification issues in that INEX, and the Court, are entitled to understand Plaintiffs' claims and the factual basis thereof. Moreover, if the class representatives' claims differ from the rest of the class or part of the class, the difference may impact the representatives' ability to fairly and adequately represent the class. The interrogatories are proper, and we, therefore, ask that the class representatives provide all of the information requested.

**Interrogatory 20** - Information related to the rooms in the home. The class representatives each objected and stated the requested information would be available from an inspection. However, not all of the information was available from the inspection. INEX is entitled to know the information not readily ascertainable - *i.e.*, whether the room was constructed when the home was built or was part of an addition after the home was built; whether the room has been remodeled and, if so, the date of the remodel; and whether the drywall in the room has ever been replaced, in whole or in part, and, if so, the date of the replacement.

**RFP 8 and 9** - Documents relating to the construction of the home and remodeling of the home. Other than some floor plans, the class representatives failed to produce any responsive documents. Instead, they each objected on the basis that the information was not relevant to class certification, with the Beckendorfs stating that this was particularly true as to "the cost of construction." However, INEX is entitled to all of the requested construction documents, particularly costs of construction, for purposes of class certification. Again, the Court's inquiry must go beyond the pleadings and include an understanding of all claims and defenses and all relevant facts. The class representatives' claims cannot be understood with the requested information, and INEX's potential defenses cannot be developed without it as well. INEX is entitled to all documents related to the construction, including plans, specifications, engineering reports/documents, invoices, and correspondence. INEX is entitled to documents related to all subcontractors, including drywall installers, electricians, plumbers, and mechanical installers. INEX is entitled to all documents relating to building inspectors and code compliance. Additionally, INEX is entitled to documents relating to any remodeling. All of these documents are relevant to liability, comparative fault, contributory negligence, damages, typicality, commonality, and the ability of the class representatives to adequately and fairly represent the class, among other reasons. The documents are certainly with the class representatives' possession, custody, or control, and thus must be produced pursuant to Rule 34.

**RFP 12** - Documents relating to the contention that the home has been damaged - The class representatives each refer INEX to "expert reports previously filed." However, not all of these reports have been produced to INEX. Further, INEX is entitled to know which reports specifically evidence that the class representatives' homes have allegedly been damaged by Chinese drywall. To INEX's knowledge, other than Driskall inspection reports, none of the expert reports produced in other trials, to

which INEX was not a party, address the specific contentions of the class representatives with respect to damage to their homes. Accordingly, in addition to any "generic" expert reports, INEX is entitled to production of the documents that these class representatives will rely upon to establish their contention that their homes have been damaged by Chinese drywall.

**RFP 13** - Documents relating to diminution of value - The class representatives answers refer to their answers to Knauf's RFP 7. However, the class representatives failed to answer Knauf's RFP 7, instead objecting for the same reasons discussed above (expert opinion and relevancy). As discussed above, these are not valid objections. Accordingly, the class representatives must supplement to provide this information.

**RFP 14, 15, and 16** - Documents relating to claim of lost income, personal injuries, and mental anguish. The class representatives objected and refused to provide this information. For the same reasons discussed herein throughout, this information is relevant and must be produced.

It is apparent that without supplemental responses prior to conducting further class representative discovery, INEX (and presumably the other Defendants) will be unfairly prejudiced. Accordingly, we call upon the class representatives to expeditiously provide supplemental responses and/or notify INEX of which answers and responses they will not supplement and the basis for their refusal, so that INEX may further consider these issues and proceed with judicial intervention, if necessary.

Should you wish to discuss any of these matters in more detail, please do not hesitate to contact me.

Ben

Exhibit L

# WEINBERG, WHEELER,
# HUDGINS, GUNN & DIAL, LLC

### ATTORNEYS AT LAW

3344 PEACHTREE ROAD, NE
SUITE 2400
ATLANTA, GEORGIA 30326
TELEPHONE (404) 876-2700
FACSIMILE (404) 875-9433
WWW.WWHGD.COM

**Writer's Direct Dial:** (404) 832-9540
**E-mail:** npanayo@wwhgd.com

March 11, 2011

<span style="text-decoration: underline;">**VIA LEXISNEXIS**</span>

*All Plaintiffs' Counsel of Record*          *The Plaintiffs' Steering Committee*

Re:     ***In Re: Chinese-Manufactured Drywall Products Liability Litigation***
         United States District Court, Eastern District of Louisiana
         MDL No. 2047
         ALL CASES

Dear Counsel:

This letter shall serve as yet another good faith effort to obtain discovery from Plaintiffs.

This is the ***third*** written[1] good faith effort to obtain complete responses from all Plaintiffs to Defendants' Steering Committee's First Interrogatories and Request for Production propounded on October 13, 2009 and Defendants' Steering Committee's Amended Second Set of Interrogatories and Request for Production of propounded on December 23, 2010.[2]

The vast majority of the named Plaintiffs in this litigation have simply failed to provide ***any*** responses to this discovery; only a handful of Plaintiffs actually responded. As a result, Defendants Banner Supply Company, Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, Banner Supply Company Tampa, LLC Banner Supply International, LLC (collectively "Banner" or "the Banner entities") are being forced to prepare for a class certification hearing that is scheduled for this summer without the most basic information to make informed decisions. Obviously, the information sought is necessary for a number of additional reasons.

Compounding the problem is the fact that most Plaintiffs have failed to submit complete profile forms despite the fact that complete profile forms are required by the Court, Pre-trial Order No. 1G. For instance, many Plaintiffs have failed to identify the manufacturer of the drywall in their homes, or any markings on the drywall that could be used in an identification process. *See, e.g.,*

---

[1] I note that the PSC has also never responded to our phone calls to address these issues.
[2] The first good faith letter was served via LexisNexis on all counsel of record on October 11, 2010. The second good faith letter was served via LexisNexis on November 16, 2010.

*All Plaintiffs' Counsel of Record*
*The Plaintiffs' Steering Committee*
March 11, 2011
Page 2

Morton, R., Morris, R., Mottolo, E., Nuccio, T., Meyer, K., and Taggaret, T.[3] In addition, numerous profile forms do not identify the installers, general contractors, or homebuilders that installed the drywall. *See, e.g.,* Mulligan, V., Nemes, R., and Nunez, J. Even basic information, such as when the dwelling was built and when the claimant owner-occupier took possession has been left blank on the profile forms. *See, e.g.* Miranda, J., Marzulff, P., and Meister, D. Compounding these problems is the fact that some Plaintiffs do not even acknowledge the question and simply leave entire sections blank. *See, e.g.* Miranda, J., and Marzulff, P. Finally, not all Plaintiffs signed the forms they submitted under oath, as required.

This information is necessary for the Defendants to evaluate the claims against them and for class certification purposes. The lack of this essential information has made it extremely difficult for Banner to appropriately select the fact witnesses, proceed with home inspections, access the alleged damages, and/or provide its experts with relevant information to formulate their opinions for the class certification hearing. Only the Plaintiffs possess the information about their homes and their claims, and without their cooperation it is extremely difficult, if not impossible, for Defendants to test the validity of certifying a class.

The Court has repeatedly asked that the parties comply with the outstanding discovery requests. At the last hearing before the Court, Judge Fallon again restated the importance of Plaintiffs responding to the outstanding discovery and completing profile forms. Plaintiffs' failures to comply with the most basic of discovery obligations is unnecessarily delaying this litigation.

Banner reiterates that Plaintiffs do not need to respond to any questions regarding personal injury or any that have already been answered. If the Plaintiffs have responded to a particular request on the Profile Form that is somehow duplicative of the discovery requests, Plaintiffs do not have to respond to that particular question and can specifically reference the Profile Form.

Please provide the long overdue responses within 15 days of the date of this letter. Should you need additional time to respond, in addition to the two years since the 2009 requests have been pending and the many months since the 2010 requests were served, please call me and we can discuss scheduling in light of the class certification schedule and the Court's instructions that Plaintiffs comply with discovery.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Nicholas P. Panayotopoulos*

Nicholas P. Panayotopoulos, Esq.

---

[3] It should be noted, as well, that the identified lists of plaintiff profile forms are by no means exhaustive, but simply examples pulled during the review of a sample a dozen or so profile forms.

*All Plaintiffs' Counsel of Record*
*The Plaintiffs' Steering Committee*
March 11, 2011
Page 3


NPP/srm

cc:    All counsel of record
        Russ Herman, Plaintiffs' Liaison Counsel (*via E-Mail: rherman@hhkc.com*)
        Arnold Levin, Plaintiffs' Lead Counsel (*via E-Mail: alevin@lfsblaw.com*)
        Kerry J. Miller, Defendants' Liaison Counsel (*via E-Mail: kmiller@frilot.com*)
        Kyle A. Spaulding, Defendants' Liaison Counsel (*via E-Mail: kspaulding@frilot.com*)

Exhibit M

## Panayotopoulos, Nicholas

**From:** Dawn Barrios [DBarrios@bkc-law.com]

**Sent:** Friday, February 25, 2011 6:29 PM

**To:** Dena Folts; Ben Grau ; Gary J. Russo ; Gregory O. Currier ; H. Minor Pipes; Kerry Miller; Kevin F. Risley ; Megan Donohue ; Melissa Swabacker ; Paul Thibodeaux ; Richard G. Duplantier Jr. ; Robert Grass; Steven Glickstein; Sexton, Michael A.; Michael P. Peterson ; Panayotopoulos, Nicholas; Spillis, Peter K.; Mashelkar, Shubhra; Rapp, Steve J.; Ehrenreich, Todd

**Cc:** Lillian Flemming; ervin@colson.com; patrick@colson.com; Emma Kingsdorf; Zachary Wool

**Subject:** RE: CDW- Felix & Jenny Martinez- Responses to Knauf Discovery (Email 1 of 3)

Please disregard all the Martinez discovery responses in the 3 emails you just received. There were changes made which were not incorporated.

We will send the corrected Martinez discovery on Monday.

We apologize for the inconvenience.

d

Dawn M. Barrios, Esq.
Barrios, Kingsdorf & Casteix, LLP
Suite 3650
701 Poydras Street
New Orleans, LA 70139-3650
504.524.3300 (phone)
504.524.3313 (fax)
www.bkc-law.com

 Please consider the environment before printing this e-mail

**From:** Dena Folts
**Sent:** Friday, February 25, 2011 5:18 PM
**To:** Ben Grau ; Gary J. Russo ; Gregory O. Currier ; H. Minor Pipes; Kerry Miller; Kevin F. Risley ; Megan Donohue ; Melissa Swabacker ; Paul Thibodeaux ; Richard G. Duplantier Jr. ; Robert Grass; Steven Glickstein; Michael A. Sexton ; Michael P. Peterson ; Nicholas P. Panayotopoulos ; Peter K. Spillis ; Shubhra Mashelkar; Stephen J. Rapp ; Todd Ehrenreich
**Cc:** Dawn Barrios; Lillian Flemming; ervin@colson.com; patrick@colson.com; Emma Kingsdorf; Zachary Wool
**Subject:** CDW- Felix & Jenny Martinez- Responses to Knauf Discovery (Email 1 of 3)

Counsel,

The following documents will be provided in 3 separate emails:

- Felix & Jenny Martinez's Answers to Knauf's Amended Second Set of Interrogatories;
- Felix & Jenny Martinez's Responses to Knauf's Amended Second Set of Request for Production of Documents; and
- Document Production.

3/8/2011