UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047<br><br>SECTION L |
| * * * * * * * * * * * * * * * * * * | * | JUDGE FALLON |
| This document relates to: | * * | MAG. JUDGE WILKINSON |
| Silva, et al. v. Interior Exterior<br>EDLA  09-8030 | * | |

### INTERIOR EXTERIOR'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' PETITION, FIRST AMENDED PETITION, AND SECOND AMENDED PETITION FOR DAMAGES

**NOW INTO COURT**, though undersigned counsel, come Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, L.L.C. ("Interior Exterior"), who file their Answer and Affirmative Defenses to Plaintiff's Petition for Damages, First Amended Petition for Damages and Second Amended Petition for Damages as follows:

### FIRST AFFIRMATIVE DEFENSE

Interior Exterior affirmatively avers that it is not a manufacturer of any product complained in the Petition for Damages and therefore is not liable under La. R.S. 9:2800.52.

01815470.DOC

**SECOND AFFIRMATIVE DEFENSE**

Interior Exterior affirmatively avers that it is a good faith seller pursuant to La. Civil Code Article 2531.

**THIRD AFFIRMATIVE DEFENSE**

Interior Exterior avers that plaintiff's damages and/or injuries complained in plaintiff's Petition for Damages were caused either in whole or part by plaintiff's own negligence, and therefore, plaintiff is barred in whole or in part from recovery.

**FOURTH AFFIRMATIVE DEFENSE**

Interior Exterior avers that plaintiff's alleged damages and/or injuries were caused by the fault and/or negligence of third parties and/or non-parties for whom Interior Exterior is not responsible and over whom Interior Exterior exercised no control. Such fault and/or negligence of the third parties and/or non-parties are pleaded herein as a bar to and/or in diminution of recovery by the plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

Interior Exterior avers that plaintiff has failed to mitigate his/her damages.

**SIXTH AFFIRMATIVE DEFENSE**

This action and/or relief sought by plaintiffs against Interior Exterior are or may be barred, in whole or in part, due to additional affirmative defenses that cannot now be articulated by Interior Exterior; as such, Interior Exterior reserves its right to supplement this answer and raise additional defenses as may become applicable upon further amplification of plaintiff's claims and discovery of information presently unknown to Interior Exterior.

## SEVENTH AFFIRMATIVE DEFENSE

This action and/or relief sought by plaintiffs against Interior Exterior are or may be prescribed.

## EIGHTH AFFIRMATIVE DEFENSE

Interior Exterior did not have actual or constructive notice of any defect.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action against Interior Exterior.

And now answering Plaintiff's original Petition for Damages:

1.

The allegations of paragraph I are admitted.

2.

The allegations contained in paragraph II are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in paragraph III are denied.

4.

The allegations contained in paragraph IV are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in paragraph V are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in paragraph VI are denied.

7.

The allegations contained in paragraph VII are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in paragraph VIII are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in paragraph IX are denied.

10.

The allegations contained in paragraph X are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in paragraph XI are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in paragraph XII are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in paragraph XIII are denied.

14.

The allegations contained in paragraph XIV are denied.

15.

The allegations contained in paragraph XV are denied.

And now answering Plaintiff's Amended Petition for Damages:

16.

The allegations of contained paragraph I of the Amended Petition for Damages are admitted.

17.

The allegations contained in paragraph II of the Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in paragraph III of the Amended Petition for Damages are denied.

19.

The allegations contained in paragraph IV of the Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in paragraph V of the Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in paragraph VI of the Amended Petition for Damages are denied.

22.

The allegations contained in paragraph VII of the Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in paragraph VIII of the Amended Petition for Damages are denied.

24.

The allegations contained in paragraph IX of the Amended Petition for Damages are denied.

25.

The allegations contained in paragraph X of the Amended Petition for Damages are denied.

26.

The allegations contained in paragraph XI of the Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in paragraph XII of the Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in paragraph XIII of the Amended Petition for Damages are denied.

29.

The allegations contained in paragraph XIV of the Amended Petition for Damages are denied.

30.

The allegations contained in paragraph XV of the Amended Petition for Damages are denied.

And now answering Plaintiff's Second Amended Petition for Damages:

31.

The allegations of paragraph I of the Second Amended Petition for Damages are admitted.

32.

The allegations contained in paragraph II of the Second Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in paragraph III of the Second Amended Petition for Damages are denied.

34.

The allegations contained in paragraph IV of the Second Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

35.

The allegations contained in paragraph V of the Second Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

36.

The allegations contained in paragraph VI of the Second Amended Petition for Damages are denied.

37.

The allegations contained in paragraph VII of the Second Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

38.

The allegations contained in paragraph VIII of the Second Amended Petition for Damages are denied.

39.

The allegations contained in paragraph IX of the Second Amended Petition for Damages are denied.

40.

The allegations contained in paragraph X of the Second Amended Petition for Damages are denied.

41.

The allegations contained in paragraph XI of the Second Amended Petition for Damages are denied.

42.

The allegations contained in paragraph XII of the Second Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

43.

The allegations contained in paragraph XIII of the Second Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

44.

The allegations contained in paragraph XIV of the Second Amended Petition for Damages are denied.

45.

The allegations contained in paragraph XV of the Second Amended Petition for Damages are denied for lack of sufficient information to justify a belief therein.

### Jury Demand

Interior Exterior prays for trial by jury.

WHEREFORE, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, L.L.C. pray for judgment in their favor dismissing the claims of plaintiffs with prejudice, at plaintiffs' sole cost and for all general and equitable relief, including, but not limited to, all reasonable attorney's fees.

*Richard G. Duplantier, Jr.  /s/*
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Carlina C. Eiselen, (# 28524)
Jeffrey P. Green (# 30531)
GALLOWAY, JOHNSON, TOMPKINS,
    BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Facsimile:   (504) 525-2456
rduplantier@gjtbs.com
jhassinger@gjtbs.com
ceiselen@gjtbs.com;
jgreen@gjtbs.com
*Counsel for Defendant, Interior Exterior*

## Certificate of Service

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 11th day of March, 2011.

*Richard G. Duplantier, Jr.   /s/*
RICHARD G. DUPLANTIER, JR.