UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * | MDL NO. 2047 SECTION "L" |
| THIS DOCUMENT RELATES TO DAVID GROSS, et al. vs. KNAUF GIPS, KG, et al. Case No. 09-6690 | * * * | JUDGE FALLON MAG. JUDGE |

\* \* \* \* \* \* \* \*

---

**MEMORANDUM IN SUPPORT OF SWEDBERG ENTERPRISES, INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE**

---

MAY IT PLEASE THE COURT:

Defendant, Swedberg Enterprises, Inc. ("Swedberg"), through its undersigned counsel, appearing solely for the purpose of this Motion to Dismiss or, Alternatively, Motion to Transfer Venue requests that this Honorable Court issue an order dismissing the claims of the plaintiffs under Fed. Rule Civ. Pro. 12(b)(2). Swedberg is not subject to nor has it submitted to the jurisdiction of this Court, or any other Court in the State of Louisiana. Alternatively, if this Court finds that Swedberg is subject to personal jurisdiction, the claims should be dismissed as the Eastern District is an improper venue to hear such claims pursuant to Fed. Rule Civ. Pro. 12(b)(3).

## BACKGROUND

On December 7, 2009, the Plaintiffs filed this class action Complaint against certain Knauf Manufacturers of Chinese drywall and various other subclasses of defendants including certain "Builders/Developers" and "Contractors/Installers" (hereinafter, "Complaint").   Several interventions have been filed in this matter.   Swedberg was added as a defendant in the pleading filed on March 17, 2010 entitled "Plaintiffs' Omnibus Class Action Complaint in Intervention (III)" (hereinafter, "Complaint").   Rec. Doc. No. 1777.   Further, the Complaint correctly asserts that Swedberg is a Florida entity with its principal place of business in Fort Myers, Florida. Complaint at ¶ 1415.

As shown in this memorandum, Swedberg  is not subject to the personal jurisdiction of this Court because it lacks the constitutionally mandated "minimum contacts" with the State of Louisiana.  As such, this Court cannot properly exercise jurisdiction over Swedberg, which hereby seeks and an order of dismissal.

## ARGUMENT

### I.       This Action Must be Dismissed Because This Court Lacks *In Personam* Jurisdiction Over Swedberg

Plaintiffs allege that Swedberg is a Florida entity with its principal place of business in Florida and that Swedberg installed Chinese drywall in properties in Florida.  Complaint at ¶¶ 953 and 1415.  Based on these allegations, which are the only allegations in the Complaint or this matter that are specific to Swedberg, this Court does not have *in personam* jurisdiction over Swedberg and, as such, this Florida defendant's motion to dismiss should be granted.

2

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir.), cert. denied, 513 U.S. 930 (1994); Ham v. La Cienega Music Co., 4 F.3d 413, 415 (5th Cir.1993); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir.1985); Kelvin Services, Inc. v. Lexington State Bank, 46 F.3d 13, 14 (5th Cir. 1995).  In resolving a jurisdictional issue, the court may review pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits and any part of the record.  Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir.1992).  The allegations of the complaint are taken as true except to the extent that they are contradicted by defendant's affidavits.  Wyatt v. Kaplan, 686 F.2d 276, 282-83 n. 13 (5th Cir.1982) (citing Black v. Acme Markets, Inc., 564 F.2d 681, 683 n. 3 (5th Cir.1977)).

In this matter, the only allegations in the Complaint as to Swedberg establish that it is a Florida entity that performed work in a Florida residence.  Complaint at ¶¶ 953 and 1415.  Nothing in the Complaint even suggests that Swedberg had any contacts with Louisiana.  Thus, taken as true, the Complaint fails to support any claims that this Court has *in personam* jurisdiction over Swedberg.

In a diversity matter, a federal court has jurisdiction over a nonresident defendant if the forum state's long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution.  Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 418 (5th Cir.1993) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)); Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002); Mink v. AAAA Development, L.L.C., 190 F.3d 333, 335 (5th Cir.

3

1999); and Irving v. Owens-Corning Fiberglass Corp., 864 F.2d 383, 385 (5th Cir. 1989). Thus,

the starting point for whether this Court has jurisdiction over Swedberg begins with Louisiana's

Long Arm statute, La. R. S. 13:3201, which provides the circumstances under which a court in

Louisiana may exercise *in personam* jurisdiction over Swedberg, a nonresident defendant in this

matter.

Under Louisiana's long-arm statute:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from one of the following activities performed by the nonresident:

(1) Transacting any business in this state;

(2) Contracting to supply services or things in this state;

(3) Causing injury or damage by an offense or quasi offense committed through and act or omission in this state;

(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

(5) Having an interest in, using or possessing a real right on immovable property in this state.

(6) Non-support of a child, parent or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.

(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of the state and of the Constitution of the United States.

Thus, under La. R. S. 13:3201, a court could have *in personam* jurisdiction under the

specifically enumerated conduct provided in Section A or under Section B, if the exercise of

4

jurisdiction is consistent with the laws of Louisiana and the Constitution of the United States. Neither Section A nor Section B of Louisiana's Long Arm Statute provide this Court with *in personam* jurisdiction over Swedberg.

**A.      This Court does not have *in personam* jurisdiction over Swedberg as it did not conduct any of the activities specifically enumerated in La. R. S. 13:3201(A) in Louisiana.**

La. R.S. 13:3201(A) Subparagraph (1) does not confer *in personam* jurisdiction over Swedberg.  Thus, as specifically stated in the Affidavit of Dale E. Swedberg, President of Swedberg, (hereinafter, "Swedberg Affidavit"),[1] Swedberg has not conducted and does not conduct any business in Louisiana.  Affidavit at ¶¶ 7 and 13 .  Likewise, Subparagraph (2) does not confer jurisdiction because the Complaint fails to allege that Swedberg ever performed any construction services or provided any drywall in Louisiana.  Id.  Rather, the Swedberg Affidavit specifically states that Swedberg has not performed construction in or had any contracts or subcontracts to perform work in Louisiana.   Swedberg Affidavit at ¶ 7.    Additionally, Subparagraphs (3) and (4) do not provide such jurisdiction because the Plaintiffs have not alleged that any injury or damage occurring in Louisiana.  Rather, the Complaint alleges injury or damage in Florida.  See Complaint at ¶¶ 953.  In addition, Subparagraph (5) does not apply as there is no allegation that Swedberg has any interest in real property in Louisiana.  To the contrary, the facts show that Swedberg has no interest in real property in Louisiana.  Swedberg Affidavit at ¶ 9.[2] Subparagraph (8) does not apply as the Complaint does not allege that Swedberg is a manufacturer, but that it is a "Contractor/Installer."   Complaint at ¶¶ 1415 and Schedule 3.  Additionally,

---

[1]      The Swedberg Affidavit is attached hereto as Exhibit "A."

[2]      Clearly, Subparagraphs (6) and (7) cannot apply to Swedberg as it is an entity, not an individual.

Swedberg has admitted that it is simply a construction subcontractor, which has not conducted any business in Louisiana.  See generally, Swedberg Affidavit, specifically, ¶ 7.

Considering the foregoing application of the elements of La. R.S. 13:3201(A), the Louisiana Long Arm Statute does not confer *in personam* jurisdiction over Swedberg in Louisiana.

**B.**     **This Court does not have *in personam* jurisdiction over Swedberg under La. R. S. 13:3201(B), and the exercise of *in personam* jurisdiction over Swedberg exceeds the boundaries of due process.**

Louisiana's long-arm statute allows jurisdiction over a nonresident to the fullest limits permitted under the Due Process Clause of the Fourteenth Amendment consistent with "the constitution of this state and the Constitution of the United States."   La. R.S. 13:3201(B); Tsaoussidis v. State Farm Mutual Auto. Ins. Co., 2009 WL 3448133 (5th Cir. 2009);  Ruppert v. Geo. Kellett & Sons, 996 So. 2d 501, 505 (La. App. 5th Cir 2008) (citing Superior Supply Co. v. Assoc. Pipe and Supply Co., 515 So. 2d 790, 792 (La. 1987)).  As such, "under the express terms of the present long-arm statute, the sole inquiry into jurisdiction is a one-step analysis of the constitutional due process requirements."  Ruppert, 996 So. 2d at 505-06; See also Dalton v. R & W Marine, Inc., 897 F.2d 1359, 1361 (5th Cir. 1990) ("the exercise of jurisdiction [over a non-resident defendant] . . .  must comport with norms imposed by the due process clause of the fourteenth amendment").

Jurisdiction over Swedberg in Louisiana offends the traditional notions of fair play and substantial justice.  The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction *in personam* of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); Int'l

6

Shoe Co. v. Washington, 326 U.S. at 319.  Under a proper due process inquiry, the Court must first establish whether Swedberg, a nonresident defendant, has the requisite minimum contacts with Louisiana, the forum state.   Luv N' Care, Ltd. v. Insta-Mix, inc., 438 F.3d 465, 469 (5th Cit. 1/25/2006); see also Int'l Shoe Co. v. Washington, 326 U.S. at 319.  The final requirement under a Due Process analysis is that the Court must determine whether exercising personal jurisdiction over Swedberg would violate "traditional notions of fair play and substantial justice." Int'l Shoe Co., 326 U.S. 310 (1945).

*In personam* jurisdiction can be general or specific. If a defendant's contacts with the forum state are "continuous and systematic," a court may exercise general jurisdiction over any action brought  against that defendant, regardless of whether the action is related to the forum contacts. Helicopteros, 466 U.S. at 414-15.  If a defendant has relatively few contacts, a court may still exercise specific jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." Id. at 414 & n.8.

Swedberg has no contacts within Louisiana.

### 1.    This Court does not have specific jurisdiction over Swedberg in this matter.

The Fifth Circuit has articulated a three-step analysis to identify specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266 (5th Cir. 12/11/2006)

7

(citing <u>Nuovo Pignone v. Storman Asia M/V</u>, 310 F.3d 374 (5th Cir. 10/31/2002)).  Applying each of these steps, this Court does not have specific *in personam* jurisdiction over Swedberg.

Swedberg is a Florida corporation with its principal place of business in Hudson, Florida. Swedberg Affidavit at ¶ 3.  Swedberg has no subsidiaries or other related entities either in Louisiana or otherwise and has not purchased or sold real property in Louisiana.  Swedberg Affidavit at ¶¶ 5 and 9.  Swedberg has no bank accounts in Louisiana.  Swedberg Affidavit at ¶ 10.  Swedberg has never been licensed or registered to do business in Louisiana and has no registered agent for service of process in Louisiana.  Swedberg Affidavit at ¶ 11.  Swedberg has not and does not maintained any office(s) nor employ any employees in Louisiana.  Swedberg Affidavit at ¶ 12.  Swedberg does not solicit business in Louisiana and has never transacted business in Louisiana.  Swedberg Affidavit at ¶ 13.

Swedberg is a construction subcontractor that contracts with third parties for the construction of residential homes and commercial work.  Swedberg Affidavit at ¶ 6. In fact, Swedberg has never performed construction in or had any contracts or subcontracts to perform construction in Louisiana.  Swedberg Affidavit at ¶ 7.  According to the schedules attached to the Complaint, the residence on which Swedberg allegedly conducted work is located in Florida.  In fact, the alleged homeowner who has asserted a claim in the Complaint against Swedberg does not reside in Louisiana, the property at issue in the Complaint (as pertains to Swedberg) is not located in Louisiana and Swedberg did not negotiate or enter into any contract with any plaintiff in Louisiana.  Swedberg Affidavit at ¶ 14; Complaint at ¶ 953.  Swedberg does not have any agreements with agents located in the State of Louisiana who are authorized to perform work on behalf of Swedberg in Louisiana.  Swedberg Affidavit at ¶ 15.

8

Based on the allegations of the Complaint and the affidavit testimony of Dale E. Swedberg, President of Swedberg, Swedberg does not have any contacts with the forum state, particularly pertaining to the Complaint at issue. As such, this Court does not have specific *in personam* jurisdiction over Swedberg. In fact, the allegations of the Complaint and the Swedberg Affidavit support that this Court lacks even general *in personam* jurisdiction over Swedberg.

> ## 2. This Court does not have general *in personam* jurisdiction over Swedberg.

General *in personam* jurisdiction can be determined by looking at a nonresident defendants' minimum contacts with the forum state. The determination of whether a nonresident defendant has sufficient minimum contacts with the forum state to subject it to personal jurisdiction depends upon whether the nonresident has "purposefully availed" itself of the "privilege of conducting business in the forum state . . . " Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 631 (11th Cir. 1996); Hogue v. State Farm Fire & Cas. Co., No. 08-500, 2009 WL 2525751 at 4 (E.D. La. Aug. 3, 1009) (citing Wilton Jones v. Touche Ross & Co., 556 So. 2d 67 (La. App. 4th Cir. 1989) (quoting Hansen v. Denckla, 357 U.S. 235 (1958)). To determine whether Swedberg has "minimum contacts" with Louisiana, the Court must identify some act whereby Swedberg "purposely avails itself of the privilege of conducting activities [in Louisiana], thus invoking the benefits and protections of its laws." See Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). The requirement of "purposeful availment" ensures that the nonresident defendant will not be hailed into a jurisdiction "solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person." Asahi Metal Industry Co., Ltd. V. Superior Court, 480 U.S. 102 (1987). The conduct of

Swedberg must show that it "reasonably anticipated being haled into Court" in Louisiana. Luv N' Care, Ltd. V. Insta-Mix, inc., 438 F.3d at 470.

As discussed in the analysis for specific jurisdiction, Plaintiffs have not set forth any allegations in the Complaint that suggest that Swedberg had any contacts, much less even "minimum contacts" with Louisiana such that it ever purposefully availed itself "of the privilege of conducting activities in Louisiana." To the contrary, the Complaint and the Swedberg Affidavit support that Swedberg had no contact with Louisiana. To require Swedberg to come to Louisiana to defend claims of Florida property owners against damages and injury which occurred in Florida clearly "offends the notion of fair play."

Litigating this case in Louisiana would not further any fundamental substantive social policies, or help to resolve the issues in a convenient and effective way. Rather, the primary fact witnesses in this action will be located in Florida. Swedberg will incur a financial burden to defend this suit in Louisiana about a Florida matter with Florida fact witnesses. This Court cannot have an interest in adjudicating Plaintiff's claims, as the cause of action occurred in Florida and Plaintiff and Swedberg are Florida residents. Moreover, since there is no connection between this dispute and Louisiana, litigating this claim in Louisiana would only create inconvenience and additional cost to the parties. Thus, the most efficient resolution of this case cannot be in Louisiana, because jurisdiction is lacking and Swedberg cannot be sued in Louisiana. There simply is no basis to bring Swedberg into a Louisiana court with relation to construction in Florida. That outcome would offend "traditional notions of fair play and substantial justice."

## II.     This Action Should Be Transferred To The Middle District Of Florida.

Venue is not proper in the Eastern District of Louisiana, and the Complaint should be dismissed as to Swedberg pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, this action should be transferred to the Middle District of Florida pursuant to 28 U.S.C. §1406(a).

### A.     Venue Is Not Proper And The Complaint Should Be Dismissed.

The burden is on plaintiff to demonstrate that this district is the proper venue under the statute. See Smith v. Fortenberry, 903 F. Supp. 1018, 1019-1020 (E.D. La. 1995). "The general rule is that venue must be established for each separate cause of action and for each defendant." Burkitt v. Flawless Records, Inc., No. 03-2483, 2005 WL 2060987 (E.D. La. June 13, 2005).

As discussed above and in the Swedberg Affidavit, the residence involved in the Complaint (pertaining to Swedberg) is located in Florida. Plaintiffs have not established nor can they establish any claims against Swedberg for actions or activities that occurred in Louisiana. All actions and/or activities at issue took place in Florida, specifically, in the Middle District of Florida. Witnesses, including plaintiff homeowners are located in Florida. If the Court does not dismiss the claims against Swedberg for lack of *in personam* jurisdiction, then the court should dismiss based on improper forum.

Alternatively, the Court should transfer the claims against Swedberg to the United States District Court for the Middle District of Florida for the convenience of the parties, where they should have originally been brought. 28 U.S.C. §1404 states in pertinent part: "(a) [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Further, 28 U.S.C. 1406 (a) states "[t]he district court of a district in which is filed a case laying venue in the

11

wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." For the reasons stated above and in the Swedberg Affidavit, if the Court does not dismiss the claims against Swedberg, the Court should transfer the claims against Swedberg to the United States District Court for the Middle District of Florida for the convenience of the parties, where they should have originally been brought.  See Ellis v. Great Southwestern Corp., 646 F.2d 1099, 1107 (5th Cir. 1981) (transfer to a district in which personal jurisdiction over the defendant may be obtained may properly be made under § 1406(a)).

### B.  Venue Is Not Proper Under 28 U.S.C. § 1407 Or The Transfer Order.

Plaintiff further asserts that venue is proper under 28 U.S.C. §1407 and the June 15, 2009, Transfer Order of the Judicial Panel on Multidistrict Litigation ("JPML").  Complaint at ¶ 19. Neither the statute nor the Transfer Order provides a basis for this district as a proper venue for this action. On its face, §1407 does not apply. This statute provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The statute cannot be used to establish that a venue is proper where a party brings an action in the wrong venue in the first instance, as Plaintiffs did here.  Similarly, on its face, the Transfer Order does not make this district the proper venue for this origination of this action. In re: Chinese Drywall Products Liability Litigation, 626 F. Supp. 2d 1346 (U.S. Jud. Pan. Mult. Lit. 2009).  The Transfer Order merely transferred ten pending underlying homeowner lawsuits to this district for coordinated pretrial proceedings as permitted under §1407.  Id. at 1346.  The Transfer Order provides that other pending actions may be treated as "tag-along" actions subject

12

to transfer after the parties have been provided an opportunity to object. Id. at 1346 n.1 (citing R.P.J.P.M.L. 7.4-7.5).   Nothing in the Transfer Order establishes that this district is the appropriate venue for this action simply because the JPML consolidated some homeowner's cases in the district.

Again, in the alternative, the Court may transfer this action to any district in which plaintiff could have filed this action.  Pursuant to 28 U.S.C. §1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Plaintiffs could have brought this action in the Middle District of Florida.

13

Accordingly, the Court could transfer this action to the Middle District of Florida under 28 U.S.C.

§1406 instead of dismissing it.

Respectfully submitted,

/s/ Elizabeth L. Gordon
Lloyd N. Shields (La. Bar No. 12022)
Elizabeth L. Gordon (La. Bar No. 21619)
Andrew G. Vicknair (La. Bar No. 28448)
Adrian A. D'Arcy (La. Bar No. 29137)
Shields Mott Lund L.L.P.
650 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: (504) 581-4445
Facsimile: (504) 584-4440
lnshields@shieldsmottlund.com
elgordon@shieldsmottlund.com
agvicknair@shieldsmottlund.com
aad'arcy@shieldsmottlund.com

Attorneys for
   Swedberg Enterprises, Inc.

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify the above and foregoing *Memorandum in Support of Swedberg Enterprises, Inc.'s Motion to Dismiss or, Alternatively, Motion to Transfer Venue* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, Suite 100, New Orleans, Louisiana 70113, rherman@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163, kmiller@frilot.com, by U. S. Mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with procedures established in MDL 2047, on this 11th day of March, 2011.


/s/ Elizabeth L. Gordon

62065-02\Pleadings\Memo in Support -- Dismissal.Swedberg.Gross.wpd



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2047 |
| | * | SECTION "L" |
| THIS DOCUMENT RELATES TO DAVID GROSS, et al. | * | JUDGE FALLON |
| vs. | * | MAG. JUDGE |
| KNAUF GIPS, KG, et al. | | |
| Case No. 09-6690 | * | |

\*      \*      \*      \*      \*      \*      \*

---

**AFFIDAVIT OF DALE E. SWEDBERG**

---

STATE OF FLORIDA

COUNTY OF MARTIN

Before me, the undersigned authority, personally appeared Dale E. Swedberg, who after being by me duly sworn did depose and testify as follows:

1.    I am the President of Swedberg Enterprises, Inc. (hereinafter, "Swedberg"). I am over the age of 21 and am a resident of Florida. I have either personal knowledge of the truth of the matters stated herein or the truth of such matters is based upon records prepared, kept and maintained by Swedberg in the regular course of business.

Exhibit A

2.      Swedberg is a named defendant in the Complaint filed in the matter entitled *David Gross, et al. v. Knauf Gips, KG, et al.,* Case No. 09-6690.

3.      Swedberg is a Florida corporation with its principal place of business in Hudson, Florida.

4.      Swedberg has no agents, agencies or offices in Louisiana.

5.      Swedberg has no subsidiaries or other related entities either in Louisiana.

6.      Swedberg is a construction contractor that contracts with third parties for the construction of residential homes and commercial work.

7.      Swedberg has never performed construction in or had any contracts or subcontracts to perform construction in Louisiana.

8.      Swedberg did/does not manufacture any drywall products and does not manufacture any products that are shipped to or installed in Louisiana.

9.      Swedberg has not purchased or sold real property in Louisiana.

10.      Swedberg has no bank accounts in Louisiana.

11.      Swedberg has never been licensed or registered to do business in Louisiana and has no registered agent for service of process in Louisiana.

12.      Swedberg has not and does not maintained any office(s) nor employ any employees in Louisiana.

2

13.    Swedberg does not solicit business in Louisiana and has never transacted business in Louisiana.

14.    According to the Complaint, the residence on which Swedberg allegedly conducted work is located in Florida.  In fact, the alleged homeowner who has asserted any claims in the Complaint against Swedberg resides in Florida, not Louisiana , the property at issue in the Complaint (as pertains to Swedberg) is located in Florida and Swedberg did not negotiate or enter into any contract with any plaintiff in Louisiana.

15.    Swedberg does not have any agreements with agents located in the State of Louisiana who are authorized to preform work on behalf of Swedberg in Louisiana.

16.     Considering the above, Swedberg has no connection to Louisiana and did not

anticipate that it would be haled into Court in Louisiana as part of this or any other

litigation.

_DALE E. SWEDBERG_ (signature)

DALE E. SWEDBERG

SWORN TO AND SUBSCRIBED BEFORE ME,
NOTARY, THIS 9ᵗʰ DAY OF FEBRUARY, 2011.

_____
Notary Public

My Commission expires: ___6-9-14___

Bar/Notary No.: _DD 977455_

62065-04\Pleadings\Affidavit - Swedberg.wpd

DESIREE CARR
Notary Public - State of Florida
My Comm. Expires Jun 9, 2014
Commission # DD 977455
Bonded Through National Notary Assn.

4