IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2179 SECTION: L |
| This document relates to: | * * | JUDGE FALLON |
| *Vickers, et al v. Knauf Gips, KG, et al* Case No. 09-04117 | * * | MAGISTRATE WILKINSON |
| *Payton, et al v. Knauf Gips, KG, et al* Case No. 09-07628 | * * | |
| *Silva, et al v. Knauf Gips, KG, et al* Case No. 09-08034 | * * | |
| * * * * * * * | | |

## KPT'S RESPONSE TO THE COURT'S MARCH 3, 2011 ORDER REQUESTING BRIEFING ON THE ENTRY OF A NEW SCHEDULING ORDER

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), who, in response to the Court's March 3, 2011 Order (Doc. No. 7794), submits this brief regarding the entry of a new scheduling order in this action. Due to Plaintiffs' failure to timely settle on class representatives and their untenable positions regarding putative class member fact witnesses, Plaintiffs' proposed Scheduling Order should be rejected. KPT respectfully submits that Defendants' proposed Scheduling Order should be entered by the Court because it takes into account Plaintiffs' failure and provides a reasonable discovery schedule and certification hearing date that does not prejudice the parties.

### FACTUAL AND PROCEDURAL BACKGROUND

Due to Plaintiffs' initial changes to the Class Representative lineup, the parties agreed on February 3, 2011 that the Court's January 12, 2011 Scheduling Order (Rec. Doc. No. 6958) was unworkable and that a late June hearing date and corresponding scheduling order was appropriate. (See Counsel Emails attached hereto as Exhibit D). Since that time, however,

Plaintiffs have made two subsequent changes to the Class Representative lineup, increased the total number of Class Representatives, and failed to agree to a corresponding increase in the number of putative class member fact witnesses.  Because Plaintiffs failed to acknowledge the havoc that their uncertainty created in moving forward with discovery and Defendants' selection of putative class member fact witnesses, it became impossible for the parties to agree on the scope of discovery needed to prepare for class certification and the class certification hearing date.

After the February 23, 2011 Status Conference before the Court, KPT, along with its co-defendants Banner and INEX, sent Plaintiffs a proposed Scheduling Order establishing a number of deadlines based on a Class Certification hearing date of August 15, 2011.  In response, Plaintiffs submitted their proposed Scheduling Order with deadlines based on the same late June Class Certification Hearing date the parties were discussing before the Plaintiffs' multiple class representative lineup changes.  For the reasons more fully set forth herein, the Plaintiffs' proposed Scheduling Order is simply unworkable and highly prejudicial to the Defendants.  In an effort to put an end to the confusion caused by the Plaintiffs' actions, KPT respectfully requests that the Court enter its proposed Scheduling Order which establishes a firm deadline for Plaintiffs to amend their motions for class certification to name the Class Representatives for the *Silva*, *Vickers* and *Payton* actions, and more importantly, equitably allows KPT and the other defendants to complete the discovery of the Class Representatives, as well as a reasonable number of fact witnesses, in advance of an August 15, 2011 Class Certification hearing.

    **A.**    **Plaintiffs Have Repeatedly Changed Their Designation of Class Representatives.**

Plaintiffs' multiple changes to the Class Representatives lineup has been, at best, confusing. The below timeline attempts to detail that confusion:

**Initial Class Representatives**

- September 21, 2010 - Plaintiff, Mr. Stephen Silva, filed a Motion for Class Certification seeking to represent all Louisiana Homeowners with Chinese Drywall supplied and/or distributed by Interior Exterior ("The *Silva* Class"). (Rec. Doc. 5567).

- September 21, 2010 - Plaintiffs, Mr. Freddie Nunez and Dr. Steven Roberts, filed a Motion for Class Certification seeking to represent all Florida and Louisiana homeowners with Chinese Manufactured Drywall supplied and/or distributed by KPT ("The *Payton* Class"). (Rec. Doc. 5612).

- September 27, 2010 - Plaintiffs, Ms. Karen Vickers and Dr. Steven Roberts, filed a Motion for Class Certification seeking to represent all Florida Homeowners that had Chinese Manufactured Drywall sold and/or distributed by Banner ("The *Vickers* Class"). (Rec. Doc. 5611).

- January 12, 2011 – Based on the original four Class Representatives identified, this Court entered a Scheduling Order for the *Vickers*, *Silva*, and *Payton* actions setting various deadlines. (Rec. Doc. 6958).

**First Class Representative Change**

- January 25, 2011 - Plaintiffs informed KPT of their intention to amend the Class Representatives in all three actions. Supplemental Declaration by Ronald E. Wright, P.E. (Rec. Doc. 7139); (See Counsel Emails attached as Exhibit A). The Class Representatives were identified by Plaintiffs as follows:

    o *Silva*: Dean and Dawn Amato and Edward and Susan Boudreaux;

    o *Payton*: Byron and Debra Byrne, Edward and Susan Beckendorf, Donald and Marcelyn Puig; and Miriam Castro (and Felix Diaz),

    o *Vickers*: Miriam Castro (and Felix Diaz), Elizabeth Montoya (and Luis Ochoa), Liam Quach (and Ann Naoc Thile), and Giancarlo Visciglia.

- January 25 – February 3, 2011 – defendants repeatedly attempted to confer with Plaintiffs regarding this first Class Representative change in light of the original Scheduling Order entered by the Court. (See Counsel Emails attached as Exhibit B).

**Second Class Representative Change**

- February 3, 2011 - Plaintiffs confirmed to defendants that they were amending the Florida Class Representatives such that the only Florida Class Representative would be Dr. Steven Roberts. (See Counsel Emails attached as Exhibit C). The Class Representatives were then identified as follows:

    o *Silva*: Amato and Boudreaux;

3

- o *Payton*: Byrne, Beckendorf, Puig and Roberts;

- o *Vickers*: Roberts.

- February 3, 2011 - Plaintiffs, KPT, and the other defendants agreed that, in light of the Class Representative changes, the previous Scheduling Order was unworkable and that a new Scheduling Order and Class Certification Hearing date was necessary. (See Counsel Emails attached as Exhibit D).

**Third Class Representative Change**

- February 11, 2011 - Plaintiffs changed the Class Representatives of the *Vickers* Class by adding an additional three Class Representatives from Florida: Karen Vickers, Felix and Jenny Martinez, and Jason Santiago. (See Counsel Emails attached as Exhibit E). The Class Representatives were then identified as follows:

    - o  *Silva*: Amato and Boudreaux;

    - o *Payton*: Byrne, Beckendorf, Puig, and Roberts;

    - o *Vickers*: Roberts, Vickers, Martinez, and Santiago.

- February 14, 2011 - Despite the Plaintiffs' repeated modifications to the number of Class Representatives, Plaintiffs informed defendants that they would not agree to the six (6) plaintiff fact witness depositions set forth in the original Scheduling Order, rather the plaintiffs would only agree to two (2) fact witnesses per class. (See Counsel Emails attached as Exhibit F).

**Fourth Class Representative Change**

- February 15, 2011 – Plaintiffs confirmed to KPT that Mr. Boudreaux was being removed as a Class Representative in the *Silva* Class, and that Byrne, Beckendorf, and Puig were being added as Class Representatives.  See Plaintiffs' Motion to Intervene (Rec. Doc. 7490-3); (See Counsel Emails attached as Exhibit G).

    - o *Silva*: Amato, Byrne, Beckendorf, and Puig;

    - o *Payton*: Byrne, Beckendorf, Puig, and Roberts;

    - o *Vickers*: Roberts, Vickers, Martinez and Santiago.

    **B.     The Parties Exchange of Proposed Scheduling Orders**

On March 1, 2011, Defendants sent Plaintiffs their proposed Scheduling Order.  See March 1, 2011 email from Kerry Miller and proposed Scheduling Order, attached hereto as Exhibit H.  It is the Plaintiffs' repeated substitution of class representatives, their insistence on an

4

abbreviated discovery schedule, and the baseless position that Defendants are not entitled to inspect putative class member fact witness properties, that prejudices Defendants regarding the nature and scope of discovery, and has ultimately brought the parties to this impasse. Defendants' proposed scheduling order addresses Plaintiffs' failures by providing a date-certain (March 16) for the Plaintiffs to amend their motions for class certification and identify, once and for all, their class representatives. The Defendants' proposed scheduling order also sets forth a discovery schedule that is consistent with the Court's original Scheduling Order (Doc. No. 6958), by providing Defendants the opportunity to depose the owners of up to six (6) class member properties per class (an increase in class member properties comparable with the Plaintiffs' increase in the number of class representatives). More importantly, in light of the amount of discovery still to be done and the upcoming July 18, 2011 INEX trial, the Defendants' proposed Scheduling Order sets an August 15, 2011 hearing date for class certification, subject to the Court's availability.

Plaintiffs submitted to the Court their competing proposed scheduling order. See March 2, 2011 email from Fred Longer and attached scheduling order, attached hereto as Exhibit I. The Plaintiffs assert that their actions over the past several months have not prejudiced the Defendants' ability to prepare for a late June class certification hearing date. Nothing could be further from the truth. As an example, the Plaintiffs' proposed scheduling order seeks to limit the number of fact witness depositions to only four (4) per class. Furthermore, the plaintiffs' proposed scheduling order states that "Defendants shall not be entitled to inspect the property of any fact witness or class member, other than the Class Representatives." It goes without saying that KPT and the other defendants will be prejudiced if they are limited to only 4 fact witness depositions, and more importantly, are <u>not</u> allowed to inspect the properties of any such class

members other than the class representatives. Such a position proposed by plaintiff is not only unreasonable, but has no basis in equity or the federal rules of civil procedure governing discovery. At best, such a posture by plaintiffs is an implicit acknowledgment that there is simply not enough time under their proposed scheduling order to complete all of the discovery necessary in this matter.

The transmittal letter with the Plaintiffs' scheduling order goes on to assert that "[t]he Florida homes have been inspected by Knauf more than 10 days ago." *Id.* In fact, Knauf has not conducted any such inspection of the Florida class representative properties and won't have an opportunity to do so until March 15-18. Plaintiffs' belief that they "are well on course to still meet a June hearing date" simply ignores the discovery that remains, including the selection of fact witnesses, fact witness written discovery, fact witness inspections, fact witness depositions, class representative depositions, expert reports and depositions and any non-putative class member fact witness discovery.

### C. Plaintiffs Have Failed to Provide Timely Written Discovery and Their Fact Witness Lists Further Evidence The Unreasonableness of Their Proposed Scheduling Order

In fact, Plaintiffs' delays in providing timely responses to Defendants' discovery, as well as their own selection of numerous fact witnesses, has recently delayed and increased the scope of discovery. For example, KPT propounded written discovery to the various class representatives on or about January 25, 2011. Plaintiffs, however, failed to provide responses for the *Vickers* class representatives until Monday, February 28, 2011.

More recently, on March 1, 2011, the Plaintiffs submitted their Fact Witness Lists for the various class actions. (Doc. Nos. 7754, 7755, and 7756). These fact witness lists identify a number of fact witnesses that have not yet been deposed, including numerous 30(b)(6)


representatives of various entities. It is difficult, bordering on impossible, to imagine how the Plaintiffs envision conducting the remaining discovery in this matter, including taking these outstanding depositions, within the deadlines set forth in their proposed scheduling order.

## **ARGUMENT**

Despite Plaintiffs' representations to the Court at the February 23, 2011 Status Conference that they are not acting like "Keystone Cops," their actions suggest otherwise. See partial transcript of the February 23, 2011 oral arguments, attached hereto as Exhibit J, pp. 24-28. Plaintiffs' identification of Class Representatives has been a moving target from the beginning. As a result, the Plaintiffs agreed that the original scheduling order entered by the Court was unworkable. The three subsequent changes to the identities and number of Class Representatives has made it difficult for KPT to determine who it is defending against, while at the same time increasing the scope of discovery for both class representatives and fact witnesses. Plaintiffs' own inability to settle on a Class Representative lineup, and their unreasonable positions that (1) increasing the number of Class Representatives does not result in a comparable increase in defendant fact witnesses, and (2) Defendants are not entitled to inspect the properties of putative class member fact witnesses, are untenable. Put simply, Plaintiffs' proposed Scheduling Order does not recognize their own failures - - the most basic of which is Plaintiffs' failure to be ready to proceed with class certification litigation - - and the need to provide additional time to accommodate those failures.

Ultimately, in order to allow the parties the necessary time to prepare for Class Certification, the Court should adopt the Defendants' proposed Scheduling Order, which (1) imposes a firm deadline for Plaintiffs to formally amend their Motions for Class Certification to set forth the Class Representatives at issue, (2) serves the equitable interests of the parties, and

(3) sets an August 15, 2011 class certification hearing date that does not conflict with the July INEX trial.

## CONCLUSION

For the reasons more fully set forth herein, as well as those set forth in the briefing filed by Banner and INEX, which KPT expressly adopts and incorporates herein in its entirety, KPT respectfully requests that this Court enter the Defendants' proposed scheduling order.

By: /s/ Kerry J. Miller
MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for the KPT Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Plaintiffs' Liaison Counsel, by email, and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was e-filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047 on this 11th day of March, 2011.

/s/ Kerry J. Miller