## Cavet, Susan A.

| | |
|---|---|
| **From:** | Cavet, Susan A. on behalf of Miller, Kerry J. |
| **Sent:** | Tuesday, March 01, 2011 12:14 PM |
| **To:** | 'Lexy_Butler@laed.uscourts.gov' |
| **Cc:** | 'rduplantier@gjtbs.com'; 'NPANAYO@WWHGD.com'; Thibodeaux, Paul C.; 'hlambert@lambertandnelson.com'; 'Russ Herman'; 'Lenny Davis'; alevin@lfsblaw.com; 'flonger@lfsblaw.com'; 'DBARRIOS@bkc-law.com' |
| **Subject:** | Chinese Drywall Class Certification Litigtion - Defendants' Proposed Scheduling Order |
| **Attachments:** | Scheduling Order for Class Certification 2-29-11.pdf |

Lexy,

Attached please find Defendants' (KPT, INEX and Banner) proposed Scheduling Order re: the *Payton*, *Silva* and *Vickers* class certification litigation. As Defendants set forth in their Oppositions to Plaintiffs' Motion to Intervene (Rec. Doc. Nos. 7700 and 7701), which the Court addressed after last Wednesday's status conference, Plaintiffs' multiple changes to the class representative lineup and insistence on a discovery schedule that unfairly prejudices Defendants, both temporally and in scope, has resulted in the parties being unable to agree on a scheduling order.

It is Defendants' understanding that Plaintiffs intend to submit to the Court a proposed scheduling order (with a June certification hearing date) that the parties were working on before Plaintiffs made multiple changes to the class representative lineup and informed Defendants that Plaintiffs would not agree to an increase in fact witness depositions comparable to Plaintiffs' increase in class representatives. It is Defendants' position that such a scheduling order ignores Plaintiffs' failure to timely settle on a class representative lineup and prejudices Defendants' rights because it does not provide for sufficient time nor a sufficient scope for Defendants to prepare their defenses.

Defendants' proposed scheduling order accounts for Plaintiffs' actions. It provides a date-certain for Plaintiffs to amend their motions for class certification and identify class representatives (March 16); sets forth a discovery schedule consistent with the Court's prior scheduling order (Rec. Doc. No. 6958); and provides Defendants with the opportunity to depose the owners of up to six (6) class member properties per class (which is an increase in class member fact witnesses comparable to Plaintiffs' increase in class representatives). Additionally, Defendants' proposed scheduling order proposes a class certification hearing date of August 15, which is necessary because of Plaintiffs' repeated class representative changes and the July INEX trial.

Lastly, the Defendants reserve their ongoing objection and submit this proposed order contingent upon the preservation of their objection to proceeding with class certification in light of Plaintiffs' failure to respond to discovery (served in 2009 and 2010) and failure to submit plaintiff profile forms regarding hundreds of named plaintiffs. As will be set forth more fully in Defendants' upcoming Motion on this issue, the Plaintiffs' failure to provide this information has impaired Defendants' ability to proceed. For example, Defendants do not have sufficient information to select fact witnesses.

Please let me know if you have any questions or if I can be of further assistance. Under separate cover I will send you the proposed Scheduling Order in Word format.

Thanks,

Kerry J. Miller
Frilot L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
(504)599-8194
kmiller@frilot.com



EXHIBIT
H

CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged. This message and any attachments hereto may contain confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you

are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this email from your computer. The sender does not waive any privilege in the event this message was inadvertently disseminated

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2179 SECTION: L |
| *Vickers, et al v. Knauf Gips KG, et al* EDLA 09-04117 | * * | JUDGE FALLON |
| *Payton, et al v. Knauf Gips, KG, et al* EDLA 09-07628 | * * | MAGISTRATE WILKINSON |
| *Silva, et al v. Knauf Gips, KG, et al* EDLA 09-08034 | * * | |
| * * * * * * | * | |

**ORDER**
**(Amended Scheduling Order re: Hearings for Class Certification)**

On September 20, 2010, Plaintiffs filed a Motion for Class Certification of a Florida Homeowner Class for Claims against Banner Supply Co. in *Vickers* and *Payton* [Rec. Doc. 5564]. On September 21, 2010, Plaintiffs filed a Motion against Interior Exterior, Arch Insurance Company, RSUI, North River Insurance Company, Fireman's Fund Insurance Company and Liberty Mutual Insurance Company for Class Certification of a Louisiana Homeowner Class for Damages and Declaratory Relief in *Silva* [Rec. Doc. 5567]. On September 21, 2010, Plaintiffs filed a Motion for Class Certification of a Florida Homeowner Class and a Louisiana Homeowner class for Property Damage against Knauf in *Payton* [Rec. Doc. 5570].

On December 2, 2010, the Court issued a Minute Entry directing counsel to submit a joint discovery, briefing, and hearing schedule for these motions, as well as a list of all state court cases with conflicting class actions and the presiding judges [Rec. Doc. 6516]. On January 12, 2011, this Court issued a Scheduling Order [Rec. Doc. 6958]

1

regarding Class Certification Hearings. On February 2, 2011, the Parties agreed the January 12 Scheduling Order was unworkable and that a new Scheduling Order was necessary to account for the Plaintiffs' substitution of class representatives. On February 23, 2011, due to additional substitutions and changes by Plaintiffs to the Class Representatives at issue, this Court issued an Order extending the deadline for intervention until March 3, 2011 [Rec. Doc. No. 7708].

Pursuant to the authority granted in *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL 2047, this Order amends and replaces the previous Scheduling Order [Rec. Doc. No. 6958] for the conduct of discovery related to the issue of class certification and the final briefing and hearing of Plaintiffs' Motions to Certify Class Action.

ACCORDINGLY, THE COURT ENTERS THE FOLLOWING ORDER:

1. **Interventions.** Any interested party, including assignees of homeowner claims, and plaintiff homeowners, who seek to intervene in one or more of the above referenced Motions for Class Certification shall be subject to the terms, conditions and deadlines set forth in this Order. Any such party seeking to intervene shall file appropriate pleadings with the Court prior to March 3, 2011.

2. **Motions To Amend Class Representatives.** Plaintiffs must file all motions to amend the Class Representatives in any of the above referenced Motions for Class Certification so that such motions may be set for hearing on March 30, 2011.

3. **Discovery to Class Representatives and Fact Witnesses.** Commencing as of the date this Order is entered, Defendants shall be entitled to propound additional written discovery upon the designated class representatives. This discovery shall not be

duplicative of information previously provided in the Plaintiff Profile Form provided by the class representative. Further, Defendants shall be entitled to take fact witness depositions regarding six (6) class member properties, i.e., the owner(s) of the properties, per class (for a total of 18 class member properties), excluding Class Representatives, as designated by defendants with respect to Class Certification issues. The depositions shall be limited to one day per class member property. Depositions of class representatives shall be completed by May 6, 2011 and any other designated witnesses by May 13, 2011. If additional fact witnesses are disclosed by either party, such disclosure shall be made in sufficient time prior to the class certification hearing so that a reasonable opportunity to take discovery is provided to the other side, without prejudice to any party.

4. **Disclosure/Discovery of Plaintiffs' Experts.** To the extent Plaintiffs rely upon any experts, Plaintiffs shall furnish to Defendants expert reports in accordance with Fed.R.Civ.P. 26(a)(2)(B) or Affidavits (which may have already been provided in the original filed motions) and dates of availability of their experts for depositions by April 7, 2011. Defendants shall complete the depositions of Plaintiffs' experts by May 27, 2011.

5. **Designation of Fact Witnesses.** Plaintiffs and Defendants shall all designate fact witnesses who may be called to testify at the class certification hearing (whether live or by deposition) by April 15, 2011.

6. **Disclosure/Discovery of Defendants' Experts.** To the extent Defendants rely upon any experts, Defendants shall furnish to plaintiffs expert reports in accordance with Fed.R.Civ.P. 26(a)(2)(B) or Affidavits and dates of availability of their experts for depositions by May 20, 2011. The Plaintiffs shall complete the depositions of the Defendants' experts by June 10, 2011.

3

7. **Opposition to Motion to Certify Class Action.** Defendants shall file their Memorandum in Opposition to each Motion to Certify Class Action together with exhibits, affidavits and depositions by June 17, 2011.

8. **Plaintiffs' Memorandum in Reply.** By July 8, 2011, plaintiffs shall file their Memorandum in Reply to each of the Defendants' Memorandum in Opposition to Motions to Certify Class Action. Supporting affidavits or depositions may be referenced and/or attached only if the affiants/deponents were timely designated in accordance with this Order.

9. **Daubert Challenges.** To the extent any party files a *Daubert* challenge to any experts, such motion shall be filed prior to June 10, 2011 so that briefing can take place and the Court can schedule a hearing, if necessary, in advance of the hearing date on the Motions to Certify Class Actions. The parties are encouraged to meet and confer in advance to avoid the filing of unnecessary motions relating to *Daubert* challenges.

10. **Agenda and Procedure for Class Certification Hearing.** By July 19, 2011 the parties shall file with the court a joint agenda and proposed procedure for the class certification hearing. The agenda shall include a listing of all witnesses, an identification of all documents or things to be used at the hearing, an indication of any objections to evidence and the reason or basis for such objections, and any time limits for oral argument. The parties shall meet and confer in sufficient time prior to July 15, 2011 to confect the submission. A pre-hearing conference will be held by the Court on August 3, 2011 at 1:30 p.m. to finalize the agenda and the procedures to be followed at the class certification hearing.

11. **Hearing.** The hearing on each of the Motions to Certify Class Actions shall

4

commence on August 15, 2011, at 9:00 a.m. and continue from day to day thereafter through August 17, 2011, as needed.

NEW ORLEANS, LOUISIANA, this ____ day of _____, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE