**Cavet, Susan A.**

| | |
|---|---|
| **From:** | Fred Longer [FLonger@lfsblaw.com] |
| **Sent:** | Wednesday, March 02, 2011 12:47 PM |
| **To:** | 'Lexy_Butler@laed.uscourts.gov'; Miller, Kerry J. |
| **Cc:** | Arnold Levin; DBARRIOS@bkc-law.com; hlambert@lambertandnelson.com; Lenny Davis; NPANAYO@WWHGD.com; Thibodeaux, Paul C.; rduplantier@gjtbs.com; Russ Herman; Cavet, Susan A. |
| **Subject:** | RE: Chinese Drywall Class Certification Litigtion - Plaintiffs' Proposed Scheduling Order |
| **Attachments:** | PSC's Proposed Class Scheduling Order.pdf |



PSC's Proposed
Class Schedulin...



Lexy,

Attached is the PSC's proposed Amended Scheduling Order regarding class practice. Our proposal is made in response to Mr. Miller's email from yesterday.

Plaintiffs have attempted to work with the defense towards meeting the June 1 certification hearing date set by the Court (Record Doc. No 6958). Due to the substitution of class representatives, Arnold Levin had agreed to a hearing date later in June (subject to the Court's availability). Despite the substitution of some representative plaintiffs, the PSC does not accept that there is any prejudice to the defendants' ability to respond to a motion for class certification in time for a hearing over three months from today and the PSC submits we should still go forward in June under the timeframe suggested by our proposed order.

The PSC has identified the final class representative plaintiffs to go forward in each class motion, answered written discovery as soon as we possibly could; permitted inspections, sought an agreement among defense counsel to use the same inspectors and same protocols, and asked defendants to select deposition dates to arrive with a scheduling order that ensures a June hearing date. Indeed, since early February we have answered 2 sets of written discovery in an expedited fashion for the 4 couples in Louisiana and 4 couples and one single homeowner in Florida, and allowed all defense in each home in Louisiana. Knauf's inspections began on February 15 and all inspections by any defendant were completed yesterday in Louisiana. The Florida homes have been inspected by Knauf more than 10 days ago. We have agreed to separate inspections of the Florida homes by Banner/INEX the week of March 14. In addition, the PSC has already filed its substituted class certification motion in the Silva/INEX actions and in short order intends to do the same for the other two class motions. Similarly, yesterday, the PSC filed its proposed fact witness lists for all the motions. We are well on course to still meet a June hearing date. Thus, we submit our proposed order is appropriate.

Finally, other than our disagreement on the timing of the class proceeding, we also disagree with INEX's suggestion contained in the defense's proposed scheduling order that each class take 6 absent class member depositions, exclusive of the class representatives. The original Order granted the entire defense team the right to take 10 fact witness depositions, inclusive of the class representatives. INEX's proposal increases the number of fact witness and class representative depositions from 10 to 32. We submit that the defendants' insistence on widespread discovery of class members other than the representative plaintiffs is unnecessary, disruptive and wasteful. Accordingly, whereas, defendants propose invasive home inspections of class members other than the class representative plaintiffs, our proposal prohibits same. Our proposed order accommodates the defendants' desire to analyze homes other than the class representative plaintiffs by allowing four depositions without inconveniencing too many absent class members through depositions and destructive home inspections.

We ask that the Court take all of these matters into consideration when addressing which of the proposed scheduling orders is better suited to this litigation.

Respectfully,
Fred S. Longer

-----Original Message-----
From: Lexy_Butler@laed.uscourts.gov [mailto:Lexy_Butler@laed.uscourts.gov]
Sent: Tuesday, March 01, 2011 2:17 PM
To: Miller, Kerry J.
Cc: Arnold Levin; DBARRIOS@bkc-law.com; Fred Longer; hlambert@lambertandnelson.com; Lenny
Davis; NPANAYO@WWHGD.com; Thibodeaux, Paul C.; rduplantier@gjtbs.com; Russ Herman; Cavet,
Susan A.
Subject: Re: Chinese Drywall Class Certification Litigtion - Defendants' Proposed
Scheduling Order

Kerry,
I will pass on this information and the proposed order to the Judge.  Also, I anticipate
hearing from the Plaintiffs on this issue so I can give the Judge each side's position.
Lexy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

*Vickers, et al v. Knauf Gips KG, et al.,*
EDLA 09-04117

*Payton, et al v. Knauf Gips, KG, et al.,*
EDLA 09-07628

*Silva, et al v. Interior Exterior Building Supply, LP et al.,*
EDLA 09- 08030

*Silva, et al v. Arch Insurance Company, et al.,* EDLA 09-08034

MDL NO. 2179
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

## ORDER

**(Plaintiffs' Proposed Amended Scheduling Order re: Hearings for Class Certification)**

On September 20, 2010, Plaintiffs filed a Motion for Class Certification of a Florida Homeowner Class for Claims against Banner Supply Co. in *Vickers* and *Payton* [Rec. Doc. 5564]. On September 21, 2010, Plaintiffs filed a Motion against Interior Exterior, Arch Insurance Company, RSUI, North River Insurance Company, Fireman's Fund Insurance Company and Liberty Mutual Insurance Company for Class Certification of a Louisiana Homeowner Class for Damages and Declaratory Relief in *Silva* [Rec. Doc. 5567]. On September 21, 2010, Plaintiffs filed a Motion for Class Certification of a Florida Homeowner Class and a Louisiana Homeowner class for Property Damage against Knauf in *Payton* [Rec. Doc. 5612].

On December 2, 2010, the Court issued a Minute Entry directing counsel to submit a joint discovery, briefing, and hearing schedule for these motions, as well as a list of all state court cases with conflicting class actions and the presiding judges [Rec. Doc. 6516]. On January 12, 2011, this Court issued a Scheduling Order [Rec. Doc. 6958] regarding Class Certification Hearings. On

February 2, 2011, the Parties agreed that a new Scheduling Order was necessary to account for the Plaintiffs' substitution of Class Representatives. On February 23, 2011, due to additional substitutions and changes by Plaintiffs to the Class Representatives at issue, this Court issued an Order extending the deadline for intervention until March 4, 2011 [Rec. Doc. No. 7708].

On February 28, 2011 Plaintiffs filed Plaintiffs' Motion for Leave of Court to File Its Substituted Motion for Class Certification of a Louisiana Homeowner Class For Damages And Declaratory Relief in both *Silva* actions, which identifies the Class Representatives [Rec. Doc. No. 7751].

On March 1, 2011 Plaintiffs filed Fact Witness Lists in all three classes [Rec. Doc. Nos. 7754, 7755, and 7756].

Pursuant to the authority granted in *In re: Chinese-Manufactured Drywall Products Liability Litigation,* MDL 2047, this Order amends and replaces the previous Scheduling Order [Rec. Doc. No. 6958] for the conduct of discovery related to the issue of class certification and the final briefing and hearing of Plaintiffs' Motions to Certify Class Action.

ACCORDINGLY, THE COURT ENTERS THE FOLLOWING ORDER:

1.     **Interventions.** Any interested party, including assignees of homeowner claims, who seek to intervene in one or more of the above referenced Motions for Class Certification shall be subject to the terms, conditions and deadlines set forth in this Order. Any such party seeking to intervene shall file appropriate pleadings with the Court prior to March 4, 2011.

2.     **Motions To Amend Class Representatives.** Plaintiffs must file all motions to amend the Class Representatives in any Motion for Class Certification on or before March 9, 2011.

3.     **Discovery to Class Representatives and Fact Witnesses.** Since January 12, 2011 the     Defendants     propounded     written     discovery     upon     the     designated     Class

Representatives/Plaintiffs, which has been answered. This discovery shall not be duplicative of information previously provided in the Plaintiff Profile Form provided by the Class Representative. Further, Defendants shall be entitled to take fact witness depositions regarding four (4) class member properties, i.e., the owner(s) of the properties, per class (for a total of 12 class member properties), excluding Class Representatives, as designated by Defendants with respect to Class Certification issues. The depositions shall be limited to one day per Class Representative's or class member's property. Depositions of Class Representatives shall be completed by April 15, 2011 and any other designated fact witnesses, including class members by April 27, 2011. Plaintiffs designated fact witnesses on March 1, 2011 and Defendants must designate fact witnesses and class members by April 1, 2011. Defendants shall also be provided with reasonable access to inspect the properties of the Class Representatives. The parties shall coordinate to schedule the inspections at a convenient time and with diminished inconvenience to the property owners. The Defendants shall not be entitled to inspect the property of any fact witness or class member, other than the proposed Class Representatives. If additional fact witnesses are disclosed by either party, such disclosure shall be made in sufficient time prior to the class certification hearing so that a reasonable opportunity to take discovery, without prejudice to any party.

4.      **Disclosure/Discovery of Plaintiffs' Experts.** To the extent Plaintiffs rely upon any experts, Plaintiffs shall furnish to Defendants expert reports in accordance with Fed.R.Civ.P. 26(a)(2)(B) or Affidavits (which may have already been provided in the original filed motions) and dates of availability of their experts for depositions by March 18, 2011. Defendants shall complete the depositions of Plaintiffs' experts by April 22, 2011.

5.      **Designation of Fact Witnesses.** Plaintiffs and Defendants shall all designate fact witnesses who may be called to testify at the class certification hearing (whether live or by deposition) by April 4, 2011.

6.      **Disclosure/Discovery of Defendants' Experts.** To the extent Defendants rely upon any experts, Defendants shall furnish to Plaintiffs expert reports in accordance with Fed.R.Civ.P. 26(a)(2)(B) or Affidavits and dates of availability of their experts for depositions by March 31 2011. The Plaintiffs shall complete the depositions of the Defendants' experts by April 29, 2011.

7.      **Opposition to Motion to Certify Class Action.** Defendants shall file their Memorandum in Opposition to each Motion to Certify Class Action together with exhibits, affidavits and depositions by May 13, 2011.

8.      **Plaintiffs' Memorandum in Reply.** By May 27, 2011, Plaintiffs shall file their Memorandum in Reply to each of the Defendants' Memorandum in Opposition to Motions to Certify Class Action. Supporting affidavits or depositions may be referenced and/or attached only if the affiants/deponents were timely designated in accordance with this Order.

9.      **Daubert Challenges.** To the extent any party files a *Daubert* challenge to any experts, such motion shall be filed prior to June 1, 2011 so that briefing can take place and the Court can schedule a hearing, if necessary, in advance of the hearing date on the Motions to Certify Class Actions. The parties are encouraged to meet and confer in advance to avoid the filing of unnecessary motions relating to *Daubert* challenges.

10.     **Exhibit and Witness Lists:** On or before June 10, 2011, Plaintiffs and Defendants shall serve upon their opponents a list of all exhibits and witnesses which may or will be used at the certification hearing, and all designated deposition testimony which may or will be used at the certification hearing.

11.     **Agenda and Procedure for Class Certification Hearing.** By June 15, 2011 the parties shall file with the court a joint agenda and proposed procedure for the class certification hearing. The agenda shall include a listing of all witnesses, an identification of all documents or things to be used at the hearing, an indication of any objections to evidence and the reason or basis for such objections, and any time limits for oral argument. The parties shall meet and confer in sufficient time prior to June 10, 2011 to confect the submission. A pre-hearing conference will be held by the Court on June 20, 2011 at 1:30 p.m. to finalize the agenda and the procedures to be followed at the class certification hearing.

12.     **Hearing.** The hearing on each of the Motions to Certify Class Actions shall commence on June 27, 2011, at 9:00 a.m. and continue from day to day thereafter through June 29, 2011, as needed.

NEW ORLEANS, LOUISIANA, this ___ day of _____, 2011.

_____
ELDON E. FALLON
UNITED STATES DISTRICT COURT JUDGE