UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| *Vickers, et al. v. Knauf Gips KG, et al.* EDLA 09-04117 | |
| _____/ | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO INTERVENE FILED BY TAYLOR MORRISON SERVICES, INC., AND TAYLOR WOODROW COMMUNITIES AT VASARI, L.L.C.**

TAYLOR MORRISON SERVICES, INC. f/k/a MORRISON HOMES, INC. ("**Taylor Morrison**") and TAYLOR WOODROW COMMUNITIES AT VASARI, L.L.C. ("**Taylor Woodrow**") (collectively, "**Taylor**"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 24 and this Court's Scheduling Order re: Hearings for Class Certification, dated January 12, 2011, hereby submits their memorandum of law in support of their Motion to Intervene.[1]

**I.     BACKGROUND**

This case is a putative class action lawsuit brought on behalf of certain homeowners in the United States whose homes allegedly contain defective Chinese-manufactured drywall ("Chinese Drywall") that was supplied by Banner Supply Company, Banner Supply Company Fort Myers, LLC, Banner Supply Company Port St. Lucie, LLC, Banner Supply Company Tampa, LLC, and Banner Supply Company Pompano, LLC, (collectively, "Banner").[2]

---

[1]     By filing this motion, Taylor does not intend to waive, and expressly preserves, any jurisdictional, venue, or other defenses it may have in other cases pending in this MDL.

[2]     The homeowner plaintiffs in this case seek to certify a class of "[a]ll owners and/or residents of real properties located in the State of Florida containing Knauf Chinese drywall that was sold, distributed,

1

On January 12, 2011, this Court issued a Scheduling Order re: Hearings for Class Certification [D.E. 6958], noting that any interested party who seeks to intervene in this case "shall file appropriate pleadings with the Court prior to January 17, 2011." This Court recently issued an Order, dated March 1, 2011, further extending the deadline to file a motion to intervene in this case to March 14, 2011. [D.E. 7761].

The homeowner plaintiffs in this putative class action seek property damages on their claims against Banner based on the allegation that the drywall supplied by Banner

> is inherently defective because it emits various sulfide gasses and/or other chemicals through "off-gassing" that creates noxious, "rotten egg-like" odors, and causes corrosion (the "Defect") of air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items ("Other Property").

Fifth Amen. Compl. [D.E. 7179-1], at ¶ 1. Among the damages these homeowner plaintiffs seek from Banner are the "tens of thousands of dollars in damages" they have incurred or will incur, "including, but not limited to: repair/replacement of homes, Other Property, any materials contaminated or corroded by the drywall as a result of 'off-gassing,' incidental and consequential damages." *Id.* at ¶ 4.

Taylor, like many other homebuilders, has spent millions of dollars repairing numerous homes that were damaged by defective Chinese Drywall supplied by Banner. In exchange for repairing these homes, Taylor has received from each of its homeowners an assignment of substantially all of the same types of damage claims that the homeowner plaintiffs are pursuing in this case. Accordingly, the claims that Taylor has against Banner are virtually identical to the claims the homeowner plaintiffs have brought in this case.

Given these significant similarities, and the concerns regarding the possible limitations on

---

or supplied by Banner Supply Co., Banner Fort Myers, Banner Port St. Lucie, Banner Tampa, and Banner Pompano." Fifth Amen. Compl. [D.E. 7179-1], at ¶ 138.

Banner's available insurance proceeds, especially if the proceeds are, in fact, tendered to this Court for distribution, Taylor should be permitted to intervene as an additional named plaintiff in this case. Accordingly, and for the reasons discussed in more detail below, the Court should grant Taylor's Motion to Intervene.

## II. ARGUMENT

### A. The Standard for Intervention

"Federal courts should allow intervention where no one would be hurt and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citation and internal quotation marks omitted). Under Federal Rule of Civil Procedure 24, two forms of intervention exist, intervention of right and permissive intervention. *See* Fed. R. Civ. P. 24(a)-(b). Rule 24(a) governs intervention of right and provides, in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Rule 24(b) governs permissive intervention and states, in pertinent part, that, on timely motion, the Court "may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As discussed below, this Court should permit Taylor to intervene in this case under both Rule 24(a)(2) and Rule 24(b)(1)(B).

### B. Taylor is Entitled to Intervene Under Rule 24(a)(2)

Under Rule 24(a)(2), "an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995); *see also In re Discovery Zone Sec. Litig.*, 181

F.R.D. 582, 593-94 (N.D. Ill. 1998) (intervention appropriate where interest in insurance and settlement funds would be significantly impaired due to proposed settlement that would drastically reduce the funds).

In the instant case, Taylor and other similarly-situated homebuilders have an interest in a specific fund -- Banner's limited insurance proceeds. *See Mountain Top Condo. Ass'n*, 72 F.3d at 366. As stated previously, Taylor and other similarly-situated homebuilders have similar damage claims against Banner as the homeowner plaintiffs in this case, including, among other things, the cost of repairing homes containing defective Chinese Drywall. Clearly, if any settlement or judgment is obtained against Banner, Banner's insurance proceeds would be dramatically reduced, if not entirely exhausted, significantly impairing or impeding Taylor and other similarly-situated homebuilders in the recovery on their damage claims. *See In re Discovery Zone Sec. Litig.*, 181 F.R.D. at 593-94.

Moreover, the interests of Taylor and other similarly-situated homebuilders are not adequately represented by the existing parties in this case. The proposed class consists of certain homeowners who have defective Knauf Chinese Drywall in their homes that was supplied by Banner. The proposed class does not expressly include Taylor and other similarly-situated homebuilders that are pursuing their claims, in part, through assignments from homeowners who have had their homes repaired. Furthermore, the homeowner plaintiffs are specifically pursuing claims against Banner for supplying "Knauf Chinese Drywall," Fifth Amen. Compl. [D.E. 7179-1], at ¶ 138, whereas Taylor and other similarly-situated homebuilders are pursuing claims against Banner on Knauf Chinese Drywall, as well as all non-Knauf defective Chinese-manufactured drywall that Banner also supplied. Since Taylor and other similarly-situated homebuilders are therefore not expressly included in the proposed class, and the homeowner

4

plaintiffs are exclusively pursuing claims against Banner for supplying Knauf Chinese Drywall, the class does not represent the interests of Taylor and other similarly-situated homebuilders.

Taylor has met the requirements for intervention under Rule 24(a)(2).

**C.     Alternatively, Permissive Intervention under Rule 24(b)(1)(B) is Proper**

If this Court determines that Taylor has not met the requirements for intervention under Rule 24(a)(2), Taylor should be permitted to intervene under Rule 24(b)(1)(B). Under Rule 24(b)(1)(B), this Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). However, "[i]n exercising its discretion, the [C]ourt must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In this case, the claims of Taylor and other similarly-situated homebuilders involve common questions of law or fact with the homeowner plaintiffs. The homeowner plaintiffs, Taylor, and other similarly-situated homebuilders are all pursuing similar property damage claims against Banner for, among other things, the cost of repairing homes affected by Chinese Drywall. Clearly, common questions of law or fact exist with Banner's liability and the damages recoverable on these claims.

In addition, Taylor's intervention under Rule 24(b)(3) will not unduly delay or prejudice the adjudication of the rights of the homeowner plaintiffs and Banner. Taylor has sought to intervene, as a named plaintiff, consistent with this Court's Scheduling Order, dated January 12, 2011. Accordingly, Taylor has also met the requirements for intervention under Rule 24(b)(1)(B).

### III.     CONCLUSION

For all the foregoing reasons, Taylor's Motion to Intervene should be granted.

Dated:  March 14, 2011

/s/ Neal A. Sivyer
Neal A. Sivyer
Florida Bar No. 373745
Stephen E. Walker
Florida Bar No. 0497851
**SIVYER BARLOW & WATSON,  P.A.**
401 E. Jackson Street, Suite 2225
Tampa, Florida  33602
Telephone:  (813) 221-4242
Facsimile:   (813) 227-8598
*Attorneys for Taylor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 14, 2011, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., and Homebuilders' Steering Committee Dorothy Wimberly and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq. by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

/s/ Neal A. Sivyer
Neal A. Sivyer