UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED          MDL DOCKET: 2047
DRYWALL PRODUCTS LIABILITY           SECTION: L
LITIGATION


THIS DOCUMENT RELATES TO             JUDGE FALLON
ALL CASES                            MAG. JUDGE WILKINSON

_____/

### BANNER DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND OBJECTION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING CERTAIN KNAUF DEPOSITIONS

Defendants Banner Supply Company, Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, Banner Supply Company Tampa, LLC, and Banner Supply International, LLC (collectively "Banner Defendants"), by and through their counsel, hereby move this Court for the entry of an Order compelling certain previously scheduled personal jurisdiction depositions of the Knauf entities. Defendants further respectfully request that this Court deny Plaintiffs' Motion for Protective Order regarding most of these depositions.

### INTRODUCTION

The PSC has requested a protective order to *indefinitely* postpone the depositions of Hans-Peter Ingenillem, Manfred Paul, Baldwin Knauf , and Martin Halbach[1]. Banner has agreed to postpone Mr. Ingenillem's deposition, for now, but wishes to proceed with the depositions of Manfred Paul, Baldwin Knauf, and Martin Halbach per the Notices it previously served. Because the PSC has not shown good cause as to why the depositions should be indefinitely put off, Banner respectfully requests that this Court deny the PSC's Motion for Protective Order and enter an Order compelling the depositions of Manfred Paul, Baldwin Knauf, and Martin Halbach.

---

[1]   Banner intends to proceed with the noticed Knauf depositions that are not the subject of the PSC's motion.

## STATEMENT OF FACTS

The Plaintiffs' Steering Committee ("PSC") scheduled the following depositions of the Knauf entities for the purposes of Federal Rule of Civil Procedure 30(b)(6) depositions regarding personal jurisdiction: (a) Hans-Peter Ingenillem, scheduled for March 3-4, 2011, in Frankfurt, Germany; (b) Manfred Paul, scheduled for March 16-17, 2011, in New York, NY; (c) Baldwin Knauf, scheduled for March 29-30,2011, in Frankfurt, Germany; and (d) Martin Halbach, scheduled for April 28-29, 2011 in New York, NY.  On February 22, 2011, the Banner Defendants filed cross-notices of depositions for Hans-Peter Ingenillem, Manfred Paul, Baldwin Knauf, and Martin Halbach.  *See* Cross-Notices, attached as Exhibit A.

It was only after these cross-notices were filed, that Banner was notified of PSC's desire to indefinitely postpone the depositions pursuant to the PSC's notice.  On February 23, 2011, Banner's counsel objected to an indefinite postponement of the depositions at the motions hearing before this Court and noted for the Court that Banner (and others) intended to proceed with the depositions as noticed. (Hearing Transcript not yet available).  Before making its proclamation in Court on February 23, 2011, the PSC never attempted to contact Banner to discuss scheduling of these depositions.  After Banner's counsel announced in open court – in the presence of the PSC and dozens of defense and plaintiffs' counsel - his intention to proceed with the depositions as scheduled per the properly served notice, neither the PSC nor anyone else objected.

Banner's counsel has attempted to confer in good faith with the PSC in order to determine a convenient date for rescheduling these depositions: "I left you a phone message. Please let me know if you can discuss.  Do you have proposed re-schedule dates for the depos you noticed?"  *See* Panayotopoulos and Davis e-mails attached as Exhibit B, dated February 24,

2001, at 11:53 AM.  The PSC, however, failed to provide a single new date.  *See* Exhibit B at 1:31 PM.  Banner's counsel again attempted to obtain dates to re-schedule the depositions: "I would be fine with changing dates by a few days or so but based on the difficulties we have had getting Knauf depos scheduled we do not want to delay … Again, I would be glad to accommodate anyone's schedule if we are talking about a day or two."  *See* Exhibit B at 2:07 PM.  Finally, Banner's counsel again requested that the PSC provide him with the dates on which the PSC proposed for the depositions to go forward.  *See* Exhibit B at 5:22 PM.  The PSC responded to this email, stating "Will let you know."  *See* Exhibit B at 7:37 PM.  Instead of even attempting to confer on this issue, however, the PSC filed its Motion for Protective Order instead.

As an accommodation to Knauf, Banner agreed to delay taking the deposition of Mr. Ingenillem; it also offered Knauf the opportunity to reschedule some of these depositions as long as new dates on which the deponents were available in the next several months were provided. However, because the PSC refused to even discuss the issue, much less provide a single alternate date, Banner was forced to respond to the motion and file a motion to compel.

## MEMORANDUM OF LAW

### I.    DISCOVERY STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c)(1) does not support the PSC's requested relief.  This rule provides that this Court may "*for good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." (emphasis added).  The party moving for a protective order also "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  Federal Rule of Civil Procedure 37(A)(1) provides

that "a party may move for an order compelling disclosure or discovery."   Rule 26(c)'s requirement of showing good cause to support the issuance of a protective order indicates that "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).   Generally, courts do not grant protective orders "without a **strong** showing of 'good cause.'" *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982) (emphasis added) (citing 4 J. Moore & J. Lucas, Moore's Federal Practice P 26.69 at 26-494 to 26-495 (2d ed. 1982); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 at 264-65 (1970)).   Specifically, "[o]rders prohibiting discovery by deposition are **particularly disfavored**." *Id.* (emphasis added) (citing 8 Wright & Miller § 2037 at 272 (1970)).

## II.   THE PSC FAILED TO CERTIFY THAT IT IN GOOD FAITH CONFERRED OR ATTEMPTED TO  RESOLVE THIS DISPUTE

A party's motion seeking a protective order under Rule 26(c) "**must** include a certificate that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."   (emphasis added).   Rule 26(c)'s requirement of a good faith conference certificate is not optional, but rather is mandatory. Because the PSC did not attach such a certification, its Motion is procedurally deficient.  Rule 26(c)(1) includes a plain requirement that a certificate be attached.  Where, as here, there is no indication that the moving party attempted to comply with the requirement, the Motion should be denied.

The reason the PSC did not attach the certificate is because it did not act in good faith in opposing the Knauf depositions that it (and others, including Banner) had previously noticed.  As demonstrated above, not only has the PSC failed to attach such a certificate, it has been wholly

uncooperative in any good faith attempts by Banner's counsel to resolve this conflict without the Court's involvement.  Despite the fact that Banner's cross-notices are still in place for the depositions of Manfred Paul, Baldwin Knauf, and Martin Halbach, in good faith, Banner's counsel requested dates for rescheduling these depositions in order to accommodate everyone's schedule.  However, rather than cooperate with Banner, the PSC's response to these requests was to file its Motion for Protective Order.

### III.   THE PSC HAS NOT SHOWN GOOD CAUSE AS TO WHY THE DEPOSITIONS SHOULD NOT PROCEED SEVERAL YEARS AFTER THE INITIAL COMPLAINTS WERE FILED

The PSC has not made an adequate showing of good cause as to why a protective order should be entered indefinitely postponing these depositions.  The PSC has not shown how conducting these depositions will jeopardize its own interests.  Specifically, the PSC has not shown that it will suffer "annoyance, embarrassment, oppression, or undue burden or expense." *See* Rule 26(c)(1).  Instead, the PSC simply makes general conclusory statements that good cause exists to enter a protective order.  Such "stereotyped and conclusory" statements are insufficient to show good cause for purposes of a protective order.  See *In re Terra*, 134 F.3d at 306. Moreover, the Court "particularly disfavor[s]" orders prohibiting discovery by deposition, which is effectively what the PSC seeks here.

The PSC lists eight reasons why "good cause" may exist to indefinitely postpone the depositions, all of which can be refuted.  First, the PSC argues that cross-notices were not served for these depositions until after the PSC notified the parties of its intention not to proceed. However, in addition to being irrelevant since Defendants are also entitled to notice and take depositions to prove up defenses and elements of their cross-claims, this is a blatant misstatement.  Banner served the cross-notices for the depositions at issue on February 22, 2011. The PSC's first announcement on the date of the monthly status conference that it did not wish to

proceed per its notices was not made until a day after it was served with Banner's notices of deposition (not to mention notices from other Defendants that pre-dated Banner's notice.) Therefore, the PSC's argument is based upon a factual error.

Second, the PSC argues that the Ingenillem deposition cannot go forward because Knauf only produced relevant documents recently.  The PSC further argues that taking a deposition without adequate time to review the relevant documents is wasteful.  Banner agrees, but such is not the case here.  Banner, which does not have $1/10^{th}$ of the resources the PSC claims it has committed to this case, was able to complete the review of all the Knauf documents. Nevertheless, Banner agreed to postpone Mr. Ingenillem's deposition.   Therefore, PSC's argument, in addition to being incorrect, is moot.

Third, the PSC incorrectly states that "no party raised an objection to the PSC postponing the depositions" at the February 23, 2011 conference before the court.  In fact, in the PSC's presence and before this Court, Banner's counsel specifically stated that Banner cross-noticed the Knauf depositions and that it wished for those to go forward and that it would work with Knauf on specific timing.[2]  Further, Banner has repeatedly emailed and called the PSC, objecting to the postponement of these depositions and inquiring about reschedule dates.  *See generally* Statement of Facts, *supra*.  Moreover, the Federal Rules of Civil Procedure do not grant the PSC a magic wand to unilaterally dismiss those notices of deposition properly filed and served by their opponents, such as Banner.

Fourth, the PSC argues that the depositions will "only serve to slow the settlement process" because Banner is "deeply involved in global settlement negotiations."  Interestingly, the PSC does not argue that these depositions will hinder its ability to participate in the

---

[2] Because Knauf failed to provide a single alternative date, Banner confirmed with Knauf and PSC that the depositions needed to go forward as noticed.

settlement negotiations, but instead seems to believe that it should be able to dictate how Banner allocates its time and energy. Such an allegation is, quite frankly, none of the PSC's business. Banner and its counsel are fully able to determine how to manage this litigation on their own behalf. Banner does not believe that these depositions will slow settlement negotiations, but rather will provide pertinent information, which will allow settlement negotiations to proceed instead of stalling. Further, the PSC has not stated how its own interests would be jeopardized by Banner taking these depositions, but rather indicates the difficulties that might arise for Banner. These depositions are essential to Banner's defenses at the upcoming class certification and in preparation for motions practice and trial. Ironically, the PSC is not concerned about the adverse impact the hurried class certification schedule it is urging upon the Court may have on Banner's resources; according to the PSC's argument here, Banner's resources should be focused on settlement which would be inconsistent with a rushed class certification schedule.

Fifth, the PSC indicates that taking these depositions will slow the process of Knauf acting in good faith to administer the Pilot Program. Again, the PSC is not in a position to determine the manner in which other parties allocate their time and energy. PSC has no first-hand knowledge that these depositions will cause Knauf to suddenly fail to act in good faith in administering the Pilot Program. This certainly does not rise to the level of "good cause" to indefinitely postpone these depositions.

Sixth, the PSC claims that it already canceled the support personnel for the depositions, which it argues makes it "a near impossibility to reconvene them." The PSC supposedly unilaterally canceled their support personnel (in spite of knowing that a number of Defendants has issued notices for those depositions to go forward and after Banner's counsel announced in open court that the depositions would go forward per Banner's notices) and now wishes to take

advantage of its self-serving action to argue that the depositions cannot go forward.  Simply, the PSC should not have canceled its "support personnel" until all parties were in agreement about cancelling the depositions, especially where they previously received a cross-notice for the deposition.  According to the PSC's logic, any adverse party can unilaterally cancel its plans to attend a noticed deposition and then argue the deposition should, as a result, not go forward. Further, the next scheduled deposition is not until March 16 in New York.  As such, deposition "support personnel" can easily be scheduled with a week's notice.  PSC's argument is irrelevant and does not constitute good cause.

Seventh, the PSC argues that because Knauf and INEX have approved postponing the depositions noticed by Banner, the State of Louisiana, and others, that there is "good cause" for postponing the depositions.  Such an argument is irrelevant.  Simply because some, but not all, do not wish for certain depositions to go forward does not constitute "good cause."  Banner strenuously objects to the indefinite postponement of the depositions.  Banner is flexible as to the exact date of the depositions, but believes these depositions are crucial to ongoing settlement negotiations and its opposition to class certification, among others, and, as such, does not agree to postpone them unless dates certain are given in advance.  Depositions of persons residing abroad are notoriously difficult to schedule.  In this case, Knauf has taken more than 5 months to come up with a single date on which Banner could continue with the deposition of Mr. Hummel, a Knauf corporate representative, in spite of knowledge that at least one trial was to have already taken place against Banner in Florida.  Banner has already been forced to defend itself, pursue its cross claims,  not to mention having to pay out millions in various cases and actually try a case, without the benefit of these depositions because of scheduling and other problems.  In light of the PSC's (and Knauf's) refusal to provide any alternative dates, Banner has no confidence that

these depositions can be re-scheduled in the immediate near future, which is essential if Banner's due process rights are not further harmed.

Eighth, the PSC indicates that "many of the parties" are focused on the upcoming class certification hearing.  The PSC argues that because the class certification hearing is scheduled for this summer, taking the depositions is "not a productive use of the parties' resources."  Again, the PSC does not indicate how its own interest is jeopardized by these depositions proceeding, but generally concludes that other parties would be unable to properly prepare for the hearing three months from now.  In fact, unlike Banner, the PSC has previously bragged about the hundreds of attorneys it has at its disposal, so any argument that it does not have the resources to go forward with these depositions and also prepare for the class certification hearing is disingenuous.  Moreover, contrary to the PSC's convoluted argument, the depositions need to take place before the hearing is held.  It is, in part, *because of* the upcoming hearing that the depositions must proceed as scheduled.  For example, issues such as 1) when Knauf and others in the supply chain had notice of the defective board, and, 2) whether this Court has jurisdiction over the various Knauf entities, are highly pertinent to the class question since allocation of fault potentially varies depending on when certain parties had certain knowledge and whether the Knauf corporate veil is a fraud.

Further, while the PSC conveniently argues in this Motion that the interests of judicial economy and efficiency would be best served by postponing these depositions, in its February 28, 2011 status report to the Court, the PSC states:

> The PSC is engaged in certain jurisdictional discovery involving the Knauf defendants as well as the Taishan defendants. This discovery is ongoing. **Based on the current status of service and discovery, the PSC is not prepared to file a notice of completion of amendments for any of the omnibus class action complaints**.

*See* The Plaintiffs' Steering Committee's Fifth Status Report Pursuant to Pre-Trial Order 1H (Post-Notice of Completion Motions Practice) (emphasis added).  The PSC specifically admits the importance of the jurisdictional discovery involving the Knauf defendants.  In fact, this Court has stayed most of this litigation until the PSC finally gets its act together and files a notice of completion of amendments.  How many more years must the parties wait for the PSC to complete its omnibus complaints – the first step in the litigation - so that the litigation can, in essence, start?  The PSC blames the delays in finalizing its complaints on the very depositions it is trying to indefinitely delay stop from occurring.  It is the PSC that is causing additional delays to these proceedings   Banner has no objection if the PSC has changed its position in the last couple of weeks about the importance of the depositions the PSC used to justify its delay. Banner does object, however, to the PSC's attempt to interfere with other litigants' right to properly noticed discovery.

Quite simply, the PSC has not shown good cause why these depositions should not go forward.  As such, the PSC's Motion should be denied.  "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery."  *See* 26(c)(2).  Accordingly, Banner requests that this Court enter such an order compelling the depositions of Manfred Paul, Baldwin Knauf, and Martin Halbach go forward on the dates on which they are currently scheduled.  Banner reiterates its willingness to accommodate scheduling conflicts as long as alternative convenient dates for the depositions to occur within one month of the previously scheduled dates are provided in advance by Knauf and the PSC.

## CONCLUSION

For the above-stated reasons, Banner respectfully requests that this Court deny the PSC's Motion for Protective Order and enter an order compelling the depositions of Manfred Paul, Baldwin Knauf, and Martin Halbach.

Respectfully submitted, this 14th day of March, 2011.

**WEINBERG, WHEELER, HUDGINS,**
**GUNN & DIAL, LLC**

*/s/ Nicholas P. Panayotopoulos*
**NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**
Georgia Bar Number: 560679
3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Telephone (404)876-2700
npanayo@wwhgd.com
***Counsel for Banner Supply Company, Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; and Banner Supply International, LLC***

## <u>CERTIFICATION OF COMPLIANCE WITH RULE 37 (a)(1)</u>

Before filing this Motion to Compel and pursuant to the requirements of Rule 37(a)(1) of the Federal Rules of Civil Procedure, defense counsel attempted in good faith to confer with the PSC in an effort to reschedule the depositions without court involvement.  As reflected in the communications attached to this Motion, the PSC failed to provide a single alternative date on which to set these depositions that Banner noticed.  This Motion is made in good faith and in the interests of justice and is not intended to delay these proceedings.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Nicholas P. Panayotopoulos*
**NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Banner Defendants' Memorandum in Support of Motion to Compel and Objection to Plaintiffs' Motion for Protective Order Regarding Certain Knauf Depositions** has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 14th day of March, 2011.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC


*/s/ Nicholas P. Panayotopoulos*
**NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**