## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL            MDL NO: 02047
     PRODUCTS LIABILITY LITIGATION            SECTION L

                                           JUDGE FALLON
                                           MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

VICKERS, ET AL. V. KNAUF GIPS, KG, ET AL.
Case No: 09-04117
_____/

## BY GEORGE, INC.'S MOTION (UNOPPOSED BY PSC) TO INTERVENE FOR CONDITIONAL AND LIMITED PURPOSE OF PARTICIPATING IN BANNER CLASS ACTION SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

BY GEORGE, INC. a Florida contractor/installer, by and through undersigned counsel and pursuant to *Fed. R. Civ. P. 24*, moves this Court to allow it to conditionally intervene in the above-styled case for the limited purposes of participating in a potential class action settlement of all Chinese drywall related claims against the "Banner Entities"[1], and files this memorandum in support thereof.

### MEMORANDUM

On September 20, 2010, Plaintiffs filed a Motion for Class Certification of a Florida Homeowner Class for Claims against Banner Supply Co. and other Banner entities ("Banner") in the above-referenced case, *Vickers*. [D.E. 5611], seeking certification of a class of all owners of residential properties containing Chinese-manufactured drywall ("CDW") obtained through Banner.

Since at least December 2010, the PSC has been engaged in active settlement discussions

---

[1]   The Banner Entities include Banner Supply Company; Banner Supply Company, Inc.; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; Banner Supply Company Port St. Lucie, LLC; and Banner Supply International, LLC.

with the Banner Entities, with the apparent hope of submitting a proposed class action settlement to this Court.[2] Any such settlement would likely provide for the distribution of Banner Entities' funds among certain parties, and it would likely include some degree of protection for Banner from pending or future claims. By George, Inc. as a contractor/installer which obtained Chinese drywall from the Banner Entities, has claims against Banner that would be affected by the disbursement of the Banner Entities funds and/or impaired by such a release/settlement bar, and therefore petitions the Court to intervene in this case in order to participate in any negotiations and proceedings in order to protect its rights and interests.

Intervention as of right under *Fed. R. Civ. P.* 24(a) is allowed where the intervenor has "an interest relating to the property or transaction which is the subject of the action and . . . is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." *Fed. R. Civ. P.* 24(a)(2). Federal courts should allow intervention where "'no one would be hurt and greater justice could be attained.'" *Ross v. Marshall*, 426 F. 3d 745, 753 (5th Cir. 2005) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). "Rule 24 is liberally construed and any doubts are resolved in favor of the proposed intervenor." *Ranger Ins. Co. v. Events, Inc.*, No. Civ.A. 03-2831, 2004 WL 2004545, *2 (E.D. La. Sept. 8, 2004). A party should be allowed to intervene as a matter of right when the following conditions are satisfied:

> (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest.

---

[2]  *See* PSC's Consolidated Response to Defendant Banner Supply Entities and its Insurers' Motions to Compel Global Mediation of All Claims against Banner Supply Entities [D.E. 7648], at 2.

*In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009). Here, the instant motion to intervene meets this Court's filing deadline.[3] By George, Inc. has substantial interests at stake: *i.e.*, it has rights to contribution and indemnity, among others; and intends to pursue such claims against the Banner Entities in federal and state court suits. A Banner class action settlement may compromise these claims and/or the funds available to resolve such claims and subject By George, Inc. to claims of preclusion principles or *res judicata*. Finally, the existing parties to the action cannot adequately represent By George, Inc.'s interests.[4] While all parties want the affected homes repaired, clearly the PSC and Banner do not have the same concerns as By George, Inc., a contractor/installer.

All of the conditions set out by *Fed. R. Civ. P.* 24(a) for intervention of right are satisfied.[5] Federal courts have allowed non-settling parties such as By George, Inc. to intervene into pending actions where their interests might not adequately be protected otherwise.[6]

As the Court is aware, the PSC has requested the intervention of a potential class of contractor/installers in order to facilitate a global settlement and establish a potential mechanism by which the Banner Entities can extinguish its liabilities concerning Chinese drywall within the

---

[3] On January 12, 2011, this Court issued a Scheduling Order setting the deadline for intervention by any interested party to the Motions for Class Certification [D.E. 6958], which was subsequently extended to March 14, 2011 [D.E. 7086, 7366, 7708, 7711].

[4] Under Fifth Circuit precedent, a proposed intervenor has a "minimal" burden of showing that the existing parties cannot adequately represent its interest. *See Espy*, 18 F.3d at 1207. The movant must merely show that the existing representation "may be" inadequate. *See id.*

[5] In the alternative, By George, Inc. requests that this Court grant it leave to intervene pursuant to *Fed. R. Civ. P.* 24(b) because By George, Inc. has made a timely motion to intervene and has claims (*e.g.*, contribution and indemnity) that share common questions of fact and law with these actions with respect to Banner. Permissive intervention under Rule 24(b) "is allowed when an applicant's claim or defense and the main action have a question of law or fact in common." *Fed. R. Civ. P.* 24(b).

[6] *See e.g., SEC v. Flight Transp. Corp.*, 699 F. 2d 943, 947-48 (8th Cir. 1983) (holding that a creditor was entitled to intervene in an SEC action because virtually all of debtor's assets were held in the hands of an appointed receiver who might not adequately represent the creditor's interest); *Orthopedic Bone Screw Prod. Liab. Lit.*, Nos. 962749, 97-381, 1997 WL 164237 (E.D. Pa. March 26, 1997); *see also In re Masters Mates & Pilots Pension Plan and IRAP Lit.*, 957 F.2d 1020, 1025-26 (2d Cir. 1992) (observing that the rights of third parties to a settlement must be considered where their interests are affected).

limits of its insurance coverage, through a class action settlement.   As the suppliers of the Chinese drywall to numerous Florida contractor/installers, the Banner entities have potential liability to those contractor/installers.   Consequently, in order for the Banner Entities to extinguish its liabilities concerning Chinese drywall, it will require a termination of all potential claims, which could be brought by the contractor/installers to which it supplied Chinese drywall. By George, Inc., as a potential class representative, has agreed to seek conditional and limited intervention for the sole purpose of facilitating settlement of all claims against the Banner Entities based on its involvement in the sale of Chinese drywall, and by agreement with the PSC and the Court, has conditioned its intervention with the right to withdraw from this case without leave of court at any time.

**WHEREFORE,** By George, Inc., respectfully submits that this Court should grant By George, Inc. leave to intervene for the purpose of participating in a potential class action settlement of all Chinese drywall related claims against the Banner Entities, and as agreed, conditioned on its right to withdraw as a party from the case at any time without leave of court.

## CERTIFICATE OF CONSULTATION WITH COUNSEL

I hereby certify that counsel for the By George, Inc. has consulted with Plaintiffs'
Steering Committee representative Ervin Gonzalez, who advised that the PSC does not oppose
the relief sought in this Motion.

Dated:  March 14, 2011.

Respectfully Submitted,

/s/ *Robert V. Fitzsimmons*

ROBERT V. FITZSIMMONS
Florida Bar No. 0355739
MONICA C. SEGURA
Florida Bar No. 0021267
RUMBERGER, KIRK & CALDWELL
A Professional Association
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

*Attorneys for Defendant By George, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Motion (Unopposed by PSC) to Intervene by By
George, Inc. for Conditional and Limited Purpose of Participating in Banner Class Action
Settlement Negotiations and Proceedings and Incorporated Memorandum of Law* has been
served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820
O'Keefe Ave., Suite 100, New Orleans, LA   70113 (rherman@hhkc.com), and Defendants'
Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA
70163 (kmiller@frilot.com), by U.S. Mail and e-mail or by hand delivery and email and upon all

parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of March, 2011.

/s/ Robert V. Fitzsimmons

3979170