UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE -MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON (L) |
| VICKERS, ET AL | * | |
| vs. | * | |
| KNAUF GIPS, KG, ET AL. | * | |
| Case No. 09-04117 | * | MAG. WILKINSON (4) |

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT
TO INTERVENE BY HEIGHTS PROPERTIES, LLC'S FOR CONDITIONAL
AND LIMITED PURPOSE OF PARTICIPATING IN BANNER CLASS ACTION
SETTLEMENT NEGOTIATIONS AND PROCEEDINGS**

Defendant Heights Properties, LLC ("Heights"), pursuant to Federal Rule of Civil Procedure 24, moves this Court to allow it to intervene in this matter for the conditional and limited purposes of participating in the class action settlement negotiations between the Plaintiffs' Steering Committee (the "PSC") and Banner Supply Company and its related entities and insurers (the "Banner Entities"), and to object, if necessary, to any proposed settlement. Heights seeks conditional and limited intervention so that it may seek to withdraw from the proceedings should the settlement discussions between the PSC and the Banner Entities be terminated and/or a settlement class not be certified. **Heights reserves all rights to object to the jurisdiction, including personal jurisdiction, of this Court in all other matters pending before it.** In support of the Motion to Intervene, Heights states as follows:

1. On September 20, 2010, Plaintiffs filed a Motion for Class Certification of a Florida Homeowner Class for Claims against the Banner Entities. (D.E. 5611), seeking certification of a class of Florida owners of residential properties containing Chinese-manufactured drywall ("CDW") obtained through Banner.

2. It is on information and belief that the PSC and the Banner Entities have engaged in active settlement discussions in an attempt to submit a class action settlement to this Court. One or more of the Banner Entities supplied drywall to Heights and Heights has rights to contribution and indemnity, among other claims. Heights' claims against the Banner Entities could be affected by disbursement of the Banner Entities' funds and/or impaired by a release/settlement bar. Accordingly, it is a necessity for Heights to intervene in the settlement negotiations and proceedings in order to protect its rights and interests and to object, if necessary, to any formally proposed settlement.

3. Intervention is permitted pursuant to Federal Rule of Civil Procedure 24, wherever the intended intervenor has clear interest relating to the property or transaction which is the subject of the action and is "so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." *Id*. Federal courts should allow intervention where "no one would be hurt and greater justice could be attained." *Ross v. Marshall*, 426 F. 3d 745, 753 (5th Cir. 2005) (*quoting* Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994)). "Rule 24 is liberally construed and any doubts are resolved in favor

of the proposed intervenor." *Ranger Ins. Co. v. Events, Inc.*, No. Civ.A. 03-2831, 2004 WL 2004545, *2 (E.D. La. Sept. 8, 2004).

    4.    A party should be allowed to intervene as a matter of right when the following conditions are satisfied:

> (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest.

*In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009).

    5.    Here, all Rule 24 criteria for intervention by Heights are met. Heights has met the March 14, 2011 deadline for intervening which was set by this Court's order. Furthermore, Heights has rights to contribution and indemnity, among others. A Banner class action settlement may compromise these claims and/or the funds available to resolve such claims and subject Heights to claim preclusion principles or res judicata. Finally, the existing parties to the action cannot adequately represent Heights' interests. While all parties want the affected homes repaired, the PSC and Banner do not have the same concerns as Heights. Also, while there may be a motion to intervene brought by certain homebuilders that have assignments of rights/claims from homeowners whose properties have already been repaired, those builders have releases from the assigning homeowners and therefore do not share the same concerns about pending and threatened homeowner lawsuits totaling tens of millions of dollars.

6. Counsel for Heights has attempted to consult with PSC representative Ervin Gonzalez regarding his consent to the relief sought in the instant motion. As of this filing, the PSC has not responded to Heights' request.

WHEREFORE, Heights respectfully submits that this Court should grant it leave to intervene for the purposes of: (1) participating in the class action settlement negotiations between the Plaintiffs' Steering Committee and the Banner Entities; and (2) objecting, if necessary, to a proposed settlement. Heights further requests this Court allow Heights to intervene while reserving all rights to jurisdiction of this Court, including personal jurisdiction, in all other pending matters before it. Heights also requests that it be allowed to seek to withdraw as a party from the proceedings should the settlement discussions between the PSC and the Banner Entities be terminated and/or a settlement class not be certified.

                KREBS, FARLEY & PELLETERI, P.L.L.C.

                */s/ Charles B. Long*
                CHARLES B. LONG (#22824)
                THOMAS H. PEYTON (#32635)
                400 Poydras Street, Suite 2500
                New Orleans, Louisiana   70130
                Telephone:   504-299-3570
                Facsimile:   504-299-3582
                E-mail:   clong@kfplaw.com
                E-mail:   tpeyton@kfplaw.com

                ATTORNEYS FOR DEFENDANT
                HEIGHTS PROPERTIES, LLC

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 14th day of March, 2011, this document has been served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and e-mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

                                              /s/*Charles B. Long*
                                              CHARLES B. LONG