UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL   MDL DOCKET: 2047
PRODUCTS LIABILITY LITIGATION

SECTION: L

THIS DOCUMENT RELATES TO:   JUDGE FALLON
MAG. JUDGE WILKINSON

*Vickers, et al. v. Knauf Gips KG, et al.*
EDLA 09-04117

_____/

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION TO INTERVENE FILED BY LENNAR**

Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation (collectively, "Lennar"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 24 and this Court's Scheduling Order re: Hearings for Class Certification, dated January 12, 2011, hereby submits their memorandum of law in support of their Motion to Intervene.[1]

**I.   BACKGROUND**

This case is a putative class action lawsuit brought on behalf of certain homeowners in the United States whose homes allegedly contain defective Chinese-manufactured drywall ("Chinese Drywall") that was supplied by Banner Supply Company, Banner Supply Company Fort Myers, LLC, Banner Supply Company Port St. Lucie, LLC, Banner Supply Company Tampa, LLC, and Banner Supply Company Pompano, LLC, (collectively, "Banner").[2]  On January 11, 2011, this Court conducted a hearing regarding the status of ongoing settlement

---

[1]   By filing this motion, Lennar does not intend to waive, and expressly preserves, any jurisdictional, venue, or other defenses it may have in other cases pending in this MDL.

[2]   The homeowner plaintiffs in this case seek to certify a class of "[a]ll owners and/or residents of real properties located in the State of Florida containing Knauf Chinese drywall that was sold, distributed, or supplied by Banner Supply Co., Banner Fort Myers, Banner Port St. Lucie, Banner Tampa, and Banner Pompano." Fifth Amen. Compl. [D.E. 7179-1], at ¶ 138.

1

discussions between the Plaintiffs' Steering Committee (the "PSC") and Banner.  During this hearing, it was reported that the PSC and Banner were close to reaching a settlement, which may involve the tender by Banner and its insurer, Chartis, of all available insurance proceeds to the Court for distribution.

The next day, this Court issued a Scheduling Order re: Hearings for Class Certification [D.E. 6958], noting that any interested party who seeks to intervene in this case "shall file appropriate pleadings with the Court prior to January 17, 2011."  Shortly thereafter, the Homebuilders' Steering Committee (the "HSC") filed an unopposed motion for extension of time until January 31, 2011, for the homebuilders to determine whether it was appropriate for any of them to intervene in this case.  [D.E. 6997].  The Court granted the HSC's motion.  [D.E. 7019].  After additional extensions, this Court recently issued an Order, dated March 1, 2011, further extending the deadline to file a motion to intervene in this case to March 14, 2011.  [D.E. 7761].

The homeowner plaintiffs in this putative class action seek property damages on their claims against Banner based on the allegation that the drywall supplied by Banner

> is inherently defective because it emits various sulfide gasses and/or other chemicals through "off-gassing" that creates noxious, "rotten egg-like" odors, and causes corrosion (the "Defect") of air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items ("Other Property").

Fifth Amen. Compl. [D.E. 7179-1], at ¶ 1.  Among the damages these homeowner plaintiffs seek from Banner are the "tens of thousands of dollars in damages" they have incurred or will incur, "including, but not limited to: repair/replacement of homes, Other Property, any materials contaminated or corroded by the drywall as a result of 'off-gassing,' incidental and consequential damages."  *Id.* at ¶ 4.

Lennar, like many other homebuilders, has spent millions of dollars repairing hundreds of homes that were damaged by defective Chinese Drywall supplied by Banner. In exchange for repairing these homes, Lennar has received from each of its homeowners an assignment of substantially all of the same types of damage claims that the homeowner plaintiffs are pursuing in this case. Accordingly, the claims that Lennar has against Banner are virtually identical to the claims the homeowner plaintiffs have brought in this case.

Given these significant similarities, and the concerns regarding the possible limitations on Banner's available insurance proceeds, especially if the proceeds are, in fact, tendered to this Court for distribution, Lennar should be permitted to intervene as an additional named plaintiff in this case. Accordingly, and for the reasons discussed in more detail below, the Court should grant Lennar's Motion to Intervene.

## II.   ARGUMENT

### A.   The Standard for Intervention

"Federal courts should allow intervention where no one would be hurt and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citation and internal quotation marks omitted). Under Federal Rule of Civil Procedure 24, two forms of intervention exist, intervention of right and permissive intervention. *See* Fed. R. Civ. P. 24(a)-(b). Rule 24(a) governs intervention of right and provides, in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Rule 24(b) governs permissive intervention and states, in pertinent part, that, on timely motion, the Court "may permit anyone to intervene who . . . (B) has a claim or

defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As discussed below, this Court should permit Lennar to intervene in this case under both Rule 24(a)(2) and Rule 24(b)(1)(B).

**B.     Lennar is Entitled to Intervene Under Rule 24(a)(2)**

Under Rule 24(a)(2), "an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995); *see also In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 593-94 (N.D. Ill. 1998) (intervention appropriate where interest in insurance and settlement funds would be significantly impaired due to proposed settlement that would drastically reduce the funds).

In the instant case, Lennar and other similarly-situated homebuilders have an interest in a specific fund -- Banner's limited insurance proceeds. *See Mountain Top Condo. Ass'n*, 72 F.3d at 366. As stated previously, Lennar and other similarly-situated homebuilders have similar damage claims against Banner as the homeowner plaintiffs in this case, including, among other things, the cost of repairing homes containing defective Chinese Drywall. Clearly, if any settlement or judgment is obtained against Banner, Banner's insurance proceeds would be dramatically reduced, if not entirely exhausted, significantly impairing or impeding Lennar and other similarly-situated homebuilders in the recovery on their damage claims. *See In re Discovery Zone Sec. Litig.*, 181 F.R.D. at 593-94.

Moreover, the interests of Lennar and other similarly-situated homebuilders are not adequately represented by the existing parties in this case. The proposed class consists of certain homeowners who have defective Knauf Chinese Drywall in their homes that was supplied by Banner. The proposed class does not expressly include Lennar and other similarly-situated

4

homebuilders that are pursuing their claims, in part, through assignments from homeowners who have had their homes repaired.  Furthermore, the homeowner plaintiffs are specifically pursuing claims against Banner for supplying "Knauf Chinese Drywall," Fifth Amen. Compl. [D.E. 7179-1], at ¶ 138, whereas Lennar and other similarly-situated homebuilders are pursuing claims against Banner on Knauf Chinese Drywall, as well as all non-Knauf defective Chinese-manufactured drywall that Banner also supplied.  Since Lennar and other similarly-situated homebuilders are therefore not expressly included in the proposed class, and the homeowner plaintiffs are exclusively pursuing claims against Banner for supplying Knauf Chinese Drywall, the class does not represent the interests of Lennar and other similarly-situated homebuilders.

Lennar has thus met the requirements for intervention under Rule 24(a)(2).

**C.     Alternatively, Permissive Intervention under Rule 24(b)(1)(B) is Proper**

If this Court determines that Lennar has not met the requirements for intervention under Rule 24(a)(2), Lennar should be permitted to intervene under Rule 24(b)(1)(B).  Under Rule 24(b)(1)(B), this Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  However, "[i]n exercising its discretion, the [C]ourt must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

In this case, the claims of Lennar and other similarly-situated homebuilders involve common questions of law or fact with the homeowner plaintiffs.  The homeowner plaintiffs, Lennar, and other similarly-situated homebuilders are all pursuing similar property damage claims against Banner for, among other things, the cost of repairing homes affected by Chinese Drywall.  Clearly, common questions of law or fact exist with Banner's liability and the damages

5

recoverable on these claims.

In addition, Lennar's intervention under Rule 24(b)(3) will not unduly delay or prejudice the adjudication of the rights of the homeowner plaintiffs and Banner. Lennar has sought to intervene, as a named plaintiff, consistent with this Court's Scheduling Order, dated January 12, 2011, and within the Court's recently extended deadline of March 14, 2011. Accordingly, Lennar has also met the requirements for intervention under Rule 24(b)(1)(B).

### III. CONCLUSION

For all the foregoing reasons, Lennar's Motion to Intervene should be granted.

Dated: March 14, 2011                                       Respectfully submitted,

                                          **GREENBERG TRAURIG, P.A.**
*Counsel for Lennar*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717
E-mail: bassh@gtlaw.com
E-mail: salkym@gtlaw.com
E-mail: foslida@gtlaw.com


By:____/s/ Hilarie Bass_____
    HILARIE BASS
    Florida Bar No. 334323
    MARK A. SALKY
    Florida Bar No. 058221
    ADAM M. FOSLID
    Florida Bar No. 682284

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2011, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., and Homebuilders' Steering Committee Dorothy Wimberly and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq. by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

                                                                      /s/ Hilarie Bass
                                                                      Hilarie Bass