UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047<br><br>SECTION "L" |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| *Vickers, et al. v. Knauf GIPS KG, et al.*<br>Case No. 09-04117 (E.D. La.) | * * | MAG. JUDGE WILKINSON |

**D.R. HORTON, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO INTERVENE**

**I. INTRODUCTION**

Intervening Plaintiff, D.R. Horton, Inc. ("D.R. Horton"), a Florida homebuilder, moves under Federal Rule of Civil Procedure 24 and this Court's Scheduling Order regarding Hearings for Class Certification dated January 11, 2011 (Rec. Doc. 6958), to intervene in its individual capacity in the above captioned action of *Vickers, et al. v, Knauf GIPS KG, et al.*, Case No. 2:09-cv-04117 (E.D. La.).[1] For the reasons set forth below, D.R. Horton's Motion to Intervene should be granted.[2]

**II. FACTUAL BACKGROUND**

The Homeowner Plaintiffs have a pending Motion for Class Certification in *Vickers* seeking to certify as a class all owners of residential real properties in the State of Florida containing Chinese manufactured drywall sold, distributed, supplied, marketed, inspected, imported or delivered by Banner Supply, from January 1, 2005 to December 31, 2008, who have not released or assigned their property damage claims to a third party. (Rec. Doc. 5611).

---

[1] D.R. Horton's Complaint in Intervention is attached to its Motion to Intervene as Exhibit "A".
[2] By filing this motion, D.R. Horton, Inc. does not intend to waive, and expressly preserves, any jurisdictional, venue, or other defenses it may have in other cases pending in the Chinese drywall MDL.

D.R. Horton is a homebuilder that constructed homes in Florida with Chinese manufactured drywall supplied by Banner Supply Company Fort Myers, LLC ("Banner Supply"). D.R. Horton obtained assignments of claims from certain Florida homeowners and repaired and remediated the homes, at D.R. Horton's sole cost and expense, that were constructed with Chinese manufactured drywall imported, exported, brokered, distributed, delivered, supplied, marketed, inspected, installed, and/or sold by the defendant, Banner Supply.

D.R. Horton has been named as a defendant in this Chinese drywall MDL in *Payton* (Case No. 09-7628), *Wiltz* (Case No. 10-0361), *Gross* (Case No. 09-6690), and *Rogers* (Case No. 10-0362). D.R. Horton has also been named as a defendant in a Florida state court suit brought by a plaintiff-homeowner (20th Judicial Circuit Court in Lee County, Florida, Case No. 10-1186). D.R. Horton has filed its own Florida state court suit against Banner Supply Co. Fort Myers, LLC and B&B Stucco Inc. (20th Judicial Circuit Court in Lee County, Florida, Case No. 09-4722).

Like the Plaintiffs in the pending Motion for Class Certification, D.R. Horton, in its own right and as an assignee of the homeowners' claims,[3] has incurred damages attributable to Banner Supply. Based on the submission by both Banner and the PSC it appears they are in settlement discussions for intended submission of a class action settlement approval to this Court. Any such settlement would have a profound impact on D.R. Horton's pending or future claims against Banner Supply. Therefore, D.R. Horton seeks to assert its claims against Banner Supply in *Vickers* for the limited purpose of participating in any settlement negotiations with the Banner Supply related entities and their insurers.

---

[3] The assignments of claims exclude any of the homeowners' bodily injury claims.

2

565548.1

## III. ARGUMENT

Intervention is permitted under Federal Rule of Civil Procedure 24 wherever the intended intervenor has a clear interest relating to the property or transaction which is the subject of the action and is "so situation that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). In addition, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Intervention is to be liberally construed and should always be granted where "greater justice could be attained." *Ross v. Marshall,* 426 F.3d 745, 753 (5th Cir. 2005), citing *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994). The four parts of the intervention test are the following: (1) timeliness of the motion to intervene; (2) the potential intervenor asserts an interest relating to the action; (3) the disposition of that case may impair or impeded the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the intervenor's interest. *In re Lease Oil Antitrust Litigation,* 570 F.3d 244, 247 (5th Cir. 2009), citing *Sierra Club v. Espy,* 18 F.3d 1202, 1204-05 (5th Cir.1994).

All of the requisite criteria for granting the Motion to Intervene are met in this instance. D.R. Horton's claims are against an existing defendant, Banner Supply and D.R. Horton's claims share a common question of law or fact with the claims asserted by the Plaintiffs. D.R. Horton is not naming any additional defendants; therefore, the interventions will not unduly delay or prejudice the adjudication of the rights of the original parties.

565548.1

At this time, the existing parties do not adequately represent the intervenor's interest because no class has been certified for Florida homebuilders who have repaired and remediated homes containing Chinese manufactured drywall supplied by Banner Supply and who have obtained assignments of the homeowners' claims.  D.R. Horton reserves its rights to withdraw as a party from the proceedings should settlement discussions with the Banner entities be terminated and/or a settlement class is not certified.  Should D.R. Horton be included in a class that is part of a Banner settlement or class action against Banner, D.R. Horton respectfully requests that its withdrawal as an intervening party not affect its ability to remain in any such class for the purposes of obtaining settlement benefits, exercising a right to opt out, objecting to any proposed settlement if necessary, or obtaining and exercising any other rights of a class member.

## IV.   CONCLUSION

For the reasons set forth above, D.R. Horton, Inc.'s Motion to Intervene in *Vickers* should be granted.

**Respectfully submitted,**

BY: /s/ Erick Y. Miyagi
 Erick Y. Miyagi, #22533
 hiko.miyagi@taylorporter.com
 Edward J. Laperouse, II #29310
 ted.laperouse@taylorporter.com
 Leslie Ayres Daniel, #27948
 leslie.daniel@taylorporter.com
 Kari A. Bergeron #31043
 kari.bergeron@taylorporter.com
 (451 Florida Street, 8th Floor, 70801)
 P. O. Box 2471
 Baton Rouge, LA 70821
 Telephone:  225-387-3221
 Fax:           225-346-8049

> James M. Talley  FL#0331961
> jtalley@fisherlawfirm.com
> Fisher, Rushmer, Werrenrath, Dickson, Talley
>   &  Dunlap, P.A.
> P.O. Box 712
> Orlando, FL 32802
> Telephone:  (407) 843-2111
> Facsimile:  (407) 422-1080
>
> Attorneys for D.R. Horton, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, and Kerry Miller, Defendants' Liaison Counsel, by U.S. Mail and/or e-mail and upon all parties by electronically uploading the same to LexisNexis File and Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, on the 14th day of March, 2011.

> ___s/ Erick Y. Miyagi___