UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) MDL NO. 2047 ) ) |
| | ) SECTION: L ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| ALL CASES | ) JUDGE FALLON ) MAG. JUDGE WILKINSON ) ) |

### INDIVIDUAL PLAINTIFFS' FURTHER BRIEFING IN SUPPORT OF OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR AN ORDER REQUIRING AN ACCOUNTING AND OTHER RELIEF

The Plaintiffs' Steering Committee (PSC) seeks an Order requiring the sequestration of the full amount of *all* attorney fees in *all* Chinese drywall actions, whether before this Court or elsewhere. In its Reply to Individual Plaintiffs' Opposition to its Motion, the PSC seeks to distort the facts relevant to the Court's determination of this dispute.

The bottom line, unchanged by the additional briefing submitted by the PSC, is that the Order it seeks is in excess of this Court's jurisdiction, and constitutes a large-scale, unwarranted interference into the settlement of actions not before this Court. The PSC's Motion should be denied in its entirety.

**1. The PSC Seeks Confiscation of All Fees Paid in All Chinese Drywall Cases, Everywhere**

The Proposed Order the PSC has submitted to this Court states in pertinent part, "Any attorney earning a fee in a case wherein Chinese drywall claims have been brought,

which has settled, compromised, dismissed, or reduced--for monetary consideration--or wherein, with or without trial, a judgment for money damages or other monetary relief . . . has been recovered, shall place the value of the attorney's fee in an escrow account established by Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel, as set forth in paragraph 3 of this order, pending a determination by the Court at an appropriate juncture as to a fair and reasonable common benefit fee percentage."

This means that *any* attorney fee paid in *any* Chinese drywall case--whether <u>or not</u> before this Court--is placed, ***in full***, within the control of the PSC, for later distribution.

The PSC states that it merely asks for the funds to be "escrowed" pending determination of a "fair . . . percentage" for payment to the PSC. See PSC Further Briefing at 10-11. What the PSC actually seeks is the assertion of control and the confiscation of the *full amount* of any attorney fee paid in any Chinese drywall action. Simply becuase a later determination will be made in regards to the "percentage" of their own fees that Individual Plaintiffs' counsel will be permitted to reclaim does not affect the fact that the PSC seeks to dispossess every attorney who does not belong to the PSC of the full amount of their fees.

The PSC does not deny that the drastic form of relief it seeks is nowhere authorized by any case authority cited by any party. The PSC does not deny that, in fact, the full-scale sequestration of fee awards in Chinese drywall cases nationwide is entirely at odds with the specific-percentage arrangements that the PSC *does* cite to. See Individual Plaintiffs' Opposition at 10-11. The PSC does not address the fact that the orders entered in *In re Vioxx Products Liability Litigation* and *In re Propulsid Products Liability Litigation*, which it attaches as Exhibits H and I in support of its Motion, both

require the withholding of specific percentages of gross monetary recovery.  The same is true of the order entered in *In re Silicone Gel Breast Implants*, which is specifically cited in the *Manual for Complex Litigation* at section 20.312.

Not only do these orders authorize the assessment only of a specific percentage of gross recovery, *they do not apply to state court actions which are not part of the MDL*. For example, the Order entered in *In Re: Propulsid Products Liability Litigation* states:

> (f)  This obligation:
>
> (1)   Applies to all cases now pending, or later filed in, transferred to, or removed to, this court and treated as part of the coordinated proceeding known as *In re: Propulsid Products Liability Litigation* including cases later remanded to a state court. The assessment in such cases shall be six (6) percent of the "gross monetary recovery," except for those cases described in subsections 3 and 4 below.
>
> (2)   Applies to other federal Cisapride (Propulsid) cases which are not transferred to this court under MDL-1355 or which are transferred back to a transferor court by this Court or by the MDL panel for further proceedings.  The assessment in such cases shall be six (6) percent of the "gross monetary recovery," except for those cases described in subsections 3 and 4 below.
>
> (3)   *Applies to cases in a state court to the extent so ordered by the presiding judge of that court, or in the event a state court plaintiff, through counsel, consents, by written agreement with the Plaintiffs Steering Committee or Plaintiffs Liaison Counsel, to be subject to an MDL fee assessment*.  The assessment in such state court cases is limited to four (4) percent of the "gross monetary recovery."
>
> (4)   Shall not apply to cases removed from state court to federal court and then remanded to state court (based upon an order of improper removal) that have not at any time been transferred to MDL-1355.
>
> Exhibit I in support of PSC Motion for Accounting at 3-4.  Emphasis added.

Once again, this is the very Order to which the PSC cites in support of its present request for relief. And this Order does not authorize the comprehensive sequestration of attorney fees that the PSC seeks in the present action. The fact that this and the other cited orders were entered in MDL actions in no way supports the permissibility of an order which requires the wholesale sequestration of attorney fees in all Chinese drywall cases nationwide.

### 2.     The Order Sought by the PSC Is in Excess of the Court's Jurisdiction

The PSC claims that 88% of the state court actions referenced in the Individual Plaintiffs' Opposition involve parties who are also parties to the MDL. See PSC Further Briefing at 1. The PSC claims on this basis that these plaintiffs have "voluntarily subjected themselves to this Court's jurisdiction." PSC Further Briefing at 10-11.

The conclusion that this Court therefore has jurisdiction over the attorney fees paid in state court actions--is entirely unsupported. The PSC has cited to no authority stating that this Court has jurisdiction over monies paid in attorney fees in state court actions which are plainly beyond the reach of the MDL. Nor does the PSC acknowledge the jurisdictional rules as set forth in reported authorities cited by the Individual Plaintiffs.

The *Manual for Complex Litigation* states plainly at section 20.31 that, "Unless the defendant files for bankruptcy, no legal basis exists for exercising exclusive federal control over state litigation. Interdistrict, intradistrict, and multidistrict transfer statutes apply only to cases filed in, or removable to, federal court." Additionally, in applying to *attorney fees*, the Order proposed by the PSC affects *attorneys* who are not parties to any action in any court. It seeks all fee awards which have been or will be paid to persons

4

who are not themselves parties to any Chinese drywall action.  The Court has no jurisdiction over money legitimately paid to counsel.  As stated in *Hartland v. Alaska Airlines*, 544 F.2d 992 (9th Cir. 1976), "the District Court had not even a semblance of jurisdiction . . . to compel lawyers who were not parties to any action to pay $3,250 into a fund."  *Id*. at 1001.  See Individual Plaintiffs' Opposition at 7.

Nowhere in either its moving papers or its reply brief does the PSC cite to any authority which would permit the far-reaching Order that it asks this Court to sign.  The PSC's request is simply in excess of the Court's jurisdiction, and must be denied.

### 3.  The PSC's Order is Unwarranted by Any Benefits Conferred on the Individual Plaintiffs

Finally, the PSC is incorrect in suggesting that the Individual Plaintiffs seek to avoid paying for the benefits conferred upon this litigation by the PSC.  It is not true that the Individual Plaintiffs object categorically to the establishment of a fund for compensation for the efforts of the PSC.  However, the fund must be based on a specific percentage of gross recovery, and must apply only to those actions which are before this Court.  This is based not only on the jurisdictional concerns set forth above and in the Individual Plaintiffs' Opposition, but on the concerns of fundamental fairness that the PSC's motion ostensibly seeks to address.

The PSC claims that the plaintiffs have benefited in state court actions from the actions of the PSC, and that even if they have not, they should still be required to pay into the common fund.  This is untrue.  As the Individual Plaintiffs explained in their Opposition, the state court actions do not seek to recover against the foreign

manufacturers, but instead only against domestic defendants who are in the supply chain for the Chinese drywall.  See Individual Plaintiffs' Opposition at 8-10.

The PSC does not deny this.  Instead, it simply states in conclusory fashion that "There is persuasive evidence that any settlements reached with the builder- and supplier-defendants (including Florida-based entities) have been made possible and have come to fruition precisely because the PSC has expended hundreds of thousands of dollars to bring all interested and related parties -- and specifically the foreign manufacturers -- into the litigation."  PSC Further Briefing at 2.  However, there is simply no evidence in the PSC's motion or further briefing to draw the conclusion that the state court litigation was made possible by the work of the PSC in pursuing foreign manufacturers.

The PSC cites to the *Genetically Modified Rice* MDL in support of its claim that "Plaintiffs are substantially benefited by 'the mere availability' or relevant discovery, even if an objecting party chooses not [to] use it."  PSC Further Briefing at 5.  Even if true, this does not address the fundamental problem -- that the discovery and service-of-process work done by the PSC in regards to foreign manufacturers of Chinese drywall has not been shown to be *relevant* to the state court actions against domestic suppliers, installers, and builders.  This is why there is no equitable basis for the Court's order to reach these state court actions.

Finally, the Individual Plaintiffs do not object to a fund being established from the gross recovery of the plaintiffs in their MDL member actions.  In these actions, the plaintiffs seek to recover against the manufacturer defendants, and the PSC may legitimately seek compensation for the work that it has performed.  However, the broad relief it presently seeks is both unlawful and unjustified.

## CONCLUSION

Based on the foregoing, it is hereby respectfully requested that the Court deny the PSC's Motion for an Accounting and Other Relief.

Respectfully submitted,

Dated: February 18, 2011

/s/ C. David Durkee, Esq.
ROBERTS & DURKEE, P.A.
Alhambra Towers
Penthouse 1 – Suite 1603
121 Alhambra Plaza
Coral Gables, FL  33134
Phone:  (305) 442-1700
Fax:  (305) 442-2559
durkee@rdlawnet.com
*Counsel for Individual Plaintiffs*

Mark Milstein, Esq.
Paul D. Stevens, Esq.
Allison R. Willett, Esq.
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, CA  90405
Phone:  (310) 396-9600
Fax:  (310) 396-9635
*Counsel for Individual Plaintiffs*