UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| THIS DOCUMENT RELATES TO: | SECTION: L |
| Payton, et al. v. Knauf Gips, KG; et al.<br>Case No. 09-07628 | JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| and | |
| Silva, et al. v. Knauf Gips, KG; et al.<br>Case No. 09-cv-8034 | |

## MITCHELL COMPANY, INC.'S MOTION TO INTERVENE IN SILVA, ET AL. V. KNAUF GIPS; ET AL. AND PAYTON, ET AL. V. KNAUF GIPS; ET AL.

Comes now The Mitchell Company, Inc. ("Mitchell"), by and through its attorneys, and respectfully requests the Court's permission to intervene in *Silva, et al. v. Knauf Gips; et al.* and *Payton, et al. v. Knauf Gips; et al.* for the purpose of presenting argument on the issue of class certification on its claims against certain Knauf entities and Interior and Exterior Building Supply, LP ("INEX"). Specifically, Mitchell requests the opportunity to be heard on the question of whether a class of home builders may proceed on a classwide basis as plaintiffs against certain of the *Silva* and *Payton* defendants from whom Mitchell and the class of home builders it seeks to represent have purchased defective Chinese drywall.

-1-

**Procedural Background**

Mitchell filed its Complaint in the Northern District of Florida on March 6, 2009, alleging claims on behalf of itself and others similarly situated against Defendants Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"); Taishan Gypsum Co. Ltd. (f/k/a Shandong Taihe Dongxin Co. Ltd.) ("Taishan"); Interior & Exterior Building Supply, L.P. ("INEX"); and Rightway Drywall, Inc. ("Rightway").

Mitchell perfected service of its original Complaint on defendant Taishan on or about May 8, 2009. When Taishan has failed to timely enter an appearance, answer, or otherwise respond to Mitchell's original Complaint, this Court entered a preliminary default against Taishan on September 23, 2009 pursuant to Fed. R. Civ. P. 55. Mitchell filed its Amended Complaint on July 7, 2009. On December 4, 2009, Mitchell filed a motion to intervene in the default proceedings in *Germano v. Taishan Gypsum, et al.*, No. 2:09-cv-6687.

On July 22, 2010, Mitchell moved this court for an order certifying, pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), the Class defined as:

> All persons and entities in the States of Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida who used drywall manufactured by Taishan Gypsum Co., Ltd., for the construction, repair, or remodeling of any improvement to real property and who have incurred or will incur, or be held responsible for, any expenses associated with (1) repair or replacement of all or part of the defective drywall, and/or (2) repair or replacement of other property damaged by the defective drywall, and/or (3) attorneys' fees and costs in defense of claims by affected homeowners, and/or (4) other expenses that were or will be incurred as part of the remediation of the defective drywall, including, without limitation, the cost of investigation and expert analysis of the defect, and cost of relocating customers displaced by the presence of defective drywall.[1]

---

[1] The wording of this Class definition varies slightly from the one in Mitchell's original Complaint, but is

Excluded from the proposed Class are Defendant Taishan, its legal representatives, officers, directors, assigns, and successors, or any entity in which the Defendant has a controlling interest; the judge to whom this action is assigned and members of the judge's immediate family; claims for personal injury, wrongful death and/or emotional distress; and all person or entities who properly execute and timely file a request for exclusion from the Class. The complaint seeks a similar class to be certified as to the remaining defendants, including KPT and INEX.

With the present motion, Mitchell seeks to intervene in *Silva* and *Payton* for the purpose of representing itself and the putative class of home builder plaintiffs described above in connection with the class certification motions currently pending in *Silva* as against INEX and in *Payton* against Knauf.

### Argument

Mitchell's motion to intervene is warranted by Federal Rule of Civil Procedure 24(a) and (b).

Under Rule 24(a), Mitchell is entitled to intervention as of right because (1) the application for intervention is timely; (2) Plaintiffs have a sufficient interest in the litigation; (3) that interest may be impaired by the disposition of the action; and (4) that interest is not adequately represented by an existing party in the litigation. *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 690 F.2d 1203. 1208 (5th Cir. 1982). Mitchell's application is timely filed pursuant to this Court's March 1, 2011 Order extending the intervention deadline to March 14, 2011. Mitchell and the class of home builders it seeks to represent have a significant interest in recovering losses suffered and liabilities accrued as a direct result of purchasing and installing

---

substantively the same. Mitchell reserved the right to move to expand the definition to a nationwide class in the future.

defective Chinese Drywall into the homes they built. Mitchell's and the builders' interest could be impaired by the outcome of the *Silva* and *Payton* proceedings, particularly if the Court should find -- without the benefit of evidence and argument from the builders -- that the builders may not proceed as a class against the upstream defendants. Further, any potential class settlement will reasonably impact the ability of the builders to recover because of limited funds and available insurance proceeds. If the Court were to so decide, many builders -- and especially those who have not yet incurred remediation damages, but who may be sued for drywall-related damages -- would be left with severely limited recourse. No other party in the action represents the interests of Mitchell or a class of home builders as plaintiffs. Unless Mitchell is permitted to intervene on behalf of a class of home builder plaintiffs, the builders' rights could be compromised or lost.

Alternately, under Rule 24(b), Plaintiffs request permissive intervention. Fed. R. Civ. P. 24(b)(1)(B) (permitting intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact"). Here, there can be little dispute that Mitchell shares numerous common questions of law and fact with the parties to the *Silva* and *Payton* cases. Like the *Silva* and *Payton* plaintiffs, Mitchell seeks to establish defendant's liability for damages resulting from the purchase and use of defective Chinese Drywall. In addition, Mitchell, like plaintiffs, seeks the Court's determination of whether the action is appropriate for class treatment.

In exercising its discretion under Rule 24(b), the court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). Allowing Mitchell to intervene here will not result in undue delay or prejudice. To the contrary, Mitchell's participation in the *Silva* and *Payton* matters will allow

the Court to consider and determine, in a single proceeding, the viability of a both homeowner and a builder class.

## CONCLUSION

In conclusion, Mitchell respectfully requests leave to intervene. Mitchell submits that justice and efficiency will best be served by allowing Mitchell to participate on behalf itself and the proposed class of home builder plaintiffs, so that any conclusions the Court may reach will be based upon the full complement of legal and factual issues presented by all interested parties.

Respectfully submitted,

STEVEN L. NICHOLAS
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)
sln@cunninghambounds.com


JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, New York 10013
212-355-9500
212-355-9592 (fax)


ELIZABETH J. CABRASER
KRISTEN E. LAW
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, California 94111-3339
415-956-1000
415-956-1008 (fax)
Attorneys for Plaintiff The Mitchell Company, Inc.

**CERTIFICATE OF SERVICE**

I do hereby certify that the above and foregoing Mitchell Company, Inc.'s Motion to Intervene in *Silva, et al. v. Knauf Gips; et al. and Payton, et al. v. Knauf Gips; et al.* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel Kerry Miller, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 14 day of March, 2011.

STEVEN L. NICHOLAS