UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| -------------------------------------- | SECTION: L |
| | JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Vickers, et al. v. Knauf Gips, KG; et al.<br>Case No. 09-04117 | |

## REGATTA CONSTRUCTION LLC'S MOTION TO INTERVENE FOR PURPOSES OF PARTICIPATING IN BANNER CLASS ACTION SETTLEMENT NEGOTIATIONS AND PROCEEDINGS AND INCORPORATED MEMORANDUM OF LAW

Comes now Regatta Construction LLC ("Regatta"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 24, and moves this Court to allow it to intervene in the above-styled cases for the purpose of participating in the class action settlement negotiations between the Plaintiffs' Steering Committee (the "PSC") and Banner Supply Company and its related entities and insurers (the "Banner Entities").[1] In support of this motion, Regatta states as follows:

---

[1] The Banner Entities include Banner Supply Company; Banner Supply Company, Inc.; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; Banner Supply Company Port St. Lucie, LLC; Banner Supply International, LLC (collectively "Banner" or "Banner Entities"); and Chartis Specialty Insurance Company (formerly known as "American Specialty Lines Insurance Company"); Illinois National Insurance Co.; and National Union Fire Insurance Company of Pittsburgh, PA.

-1-

1.      On September 20, 2010, Plaintiffs filed a Motion for Class Certification of a Florida Homeowner Class for Claims against Banner Supply Co. and other Banner Entities ("Banner") in the above-referenced cases, *Vickers* and *Payton* [D.E. 56110], seeking certification of a class of all owners of residential properties containing Chinese-manufactured drywall ("CDW") obtained through Banner. Regatta is a pending defendant in *Payton*, but is not a party to the *Vickers* case.

2.      Since at least December 2010, the PSC has been engaged in active settlement discussions with the Banner Entities, with the apparent hope of submitting a proposed class action settlement to this Court. Any such settlement would likely provide for the distribution of the Banner Entities' funds among certain parties, and it would likely include some degree of protection for Banner from pending or future claims. One or more of the Banner Entities supplied drywall to Regatta and Regatta has rights to contribution and indemnity, among other claims. Regatta's claims against the Banner Entities could be affected by the disbursement of the Banner Entities' funds and/or impaired by any agreement regarding settlement. Furthermore, Regatta is ready, willing, and able to serve as a class representative to protect the rights of similarly situated homebuilders who have similar claims against the Banner Entities. Regatta therefore wishes to intervene in these negotiations and proceedings in order to protect its rights and interests and the rights and interests of a potential class of homebuilders, and to object, if necessary, to any formally proposed settlement.

3.      Intervention as of right under Fed. R. Civ. P. 24(a) is allowed where the intervenor has "an interest relating to the property or transaction which is the subject of the action and . . . is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed R. Civ. P. 24(a)(2). Federal courts should allow intervention where "'no one

would be hurt and greater justice could be attained.'" *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). "Rule 24 is liberally construed and any doubts are resolved in favor of the proposed intervenor." *Ranger Ins. Co. v. Events, Inc.*, No. Civ. A. 03-2831, 2004 WL 2004545, *2 (E.D. La. Sept. 8, 2004).

4. A party should be allowed to intervene as a matter of right when the following conditions are satisfied:

> (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest.

*In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009).

5. Here, the instant motion to intervene meets this Court's filing deadline. A Banner class action settlement may compromise these claims and/or the funds available to resolve such claims. Regatta's intervention, and willingness to serve as a potential class representative, will facilitate a potential global resolution of all claims against Banner. The existing parties to the action, including intervenors, cannot adequately represent Regatta's interests, as Regatta has not fully remediated its homes.

6.All of the conditions set out by Fed. R. Civ. P. 24(a) for intervention of right are satisfied.[2] Federal courts have allowed non-settling parties such as Regatta to intervene into pending actions where their interests might not adequately be protected otherwise.

WHEREFORE, Regatta Construction LLC respectfully submits that this Court should grant it leave to intervene for the purpose of participating in the class action settlement negotiations on its own behalf and on behalf of a putative class of builders which have not remediated homes and obtained assignments from homeowners, between the Plaintiffs' Steering Committee and the Banner Entities.

/s/ Steven L. Nicholas
STEVEN L. NICHOLAS
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)
sln@cunninghambounds.com

JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, New York 10013
212-355-9500
212-355-9592 (fax)

---

[2] In the alternative, Regatta requests that this Court grant it leave to intervene pursuant to Fed. R. Civ. P. 24(b) because Regatta has made a timely motion to intervene and has claims (e.g., contribution and indemnity) that share common questions of fact and law with these actions with respect to Banner. Permissive intervention under Rule 24(b) "is allowed when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).

ELIZABETH J. CABRASER
KRISTEN E. LAW
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, California 94111-3339
415-956-1000
415-956-1008 (fax)

Attorneys for Regatta Construction LLC

## CERTIFICATE OF SERVICE

I do hereby certify that the above and foregoing Regatta Construction LLC's Motion to Intervene for the Purpose of Participating in Banner Class Action Settlement Negotiations and Proceedings and Incorporated Memorandum of Law has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the ___13___ day of March, 2011.

STEVEN L. NICHOLAS