IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED
DRYWALL PRODUCTS LIABILITY                : MDL No. 2047
LITIGATION                                : Section L
_____/

This Document Relates to:                 : JUDGE FALLON
*Hobbie, et al. v. RCR Holdings II, LLC, et al.,*  : MAG. JUDGE WILKINSON
No.10-1113

## LA SUPREMA ENTERPRISE, INC. AND LA SUPREMA TRADING, INC.'S MOTION FOR RECONSIDERATION OF MEDIATION ORDER

Defendants, LA SUPREMA ENTERPRISE, INC. and LA SUPREMA TRADING, INC. (collectively, "La Suprema"), by and through undersigned counsel, hereby move for reconsideration of the Court's Mediation Order (MDL D.E. 8153) entered in the above-referenced action, and in support thereof state:

1) A Mediation Order was entered on March 15, 2011, requiring all parties to the *Hobbie* Florida class action to appear for mediation in New Orleans on March 22, 2011.

2) Undersigned counsel have a severe scheduling conflict for March 22, to wit: counsel represents the Plaintiff in the United States Bankruptcy Court for the Southern District of Florida adversary proceeding styled as *Karen Yonadi vs. Rosemary and Jeffrey Silberstein*, adv. no.: 10-03295-EPK, which proceeding is set for a two-day bench trial beginning March 22, 2011 in West Palm Beach, Florida.

3) The aforementioned trial setting has been scheduled since early February, 2011.

4) Accordingly, undersigned counsel will be unable to attend mediation in the *Hobbie* case as ordered by the Court.

5) Moreover, and as a practical matter, La Suprema has no general liability or other variety of insurance which would provide coverage for the claims being asserted against it in these MDL proceedings. *See* transcript of 30(b)(6) videotaped deposition of La Suprema Enterprise, Inc. and La Suprema Trading, Inc., by and through Salomon H. Abadi taken by the MDL No. 2047 Plaintiffs' Steering Committee on October 19, 2009, pp. 157-159.

6) Consequently, and as dissolved Florida corporations which no longer operate as going concerns and which have no assets, La Suprema's presence at mediation would serve no useful purpose since it has no funds to contribute.

7) In fact, undersigned counsel attended mediation with Mr. Abadi as La Suprema's corporate representative in the Miami-Dade Circuit Court case styled as *Jason and Melissa Harrell v. South Kendall Construction Corp., et al.*, 09-08401 CA 42, which mediation was presided over by Mr. John W. Perry Jr. on August 31, 2010 in Miami, Florida. Upon learning that La Suprema carried no insurance, the undersigned and his client were immediately excused from the mediation by Mr. Perry pursuant to his conclusion that no useful purpose would be served by La Suprema's continued participation.

8) Apart from the undersigned's scheduling conflict referenced above, therefore, La Suprema's presence at the March 22nd mediation would be futile.

9) To the extent the Court nevertheless determines that La Suprema's participation in the *Hobbie* mediation is required, La Suprema respectfully requests that same be rescheduled to enable undersigned counsel to appear with their client.

WHEREFORE, Defendants, LA SUPREMA ENTERPRISE, INC. and LA SUPREMA TRADING, INC. respectfully request reconsideration of the Court's March 15, 2011 Mediation Order (D.E. 8153) to either excuse La Suprema from participating or, alternatively, to reschedule the March 22, 2011 mediation to enable undersigned counsel to attend.

    Respectfully Submitted,

ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC  
One Aventura, Suite 600  
20900 NE 30th Avenue  
Aventura, Florida 33180  
Tel:   305-937-0300  
Fax:   305-937-1311  

By: _____  
    EDUARDO I. RASCO, ESQ.  
    FLORIDA BAR NO. 646326  
    STEVE BIMSTON, ESQ.  
    FLORIDA BAR NO. 179205

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of March, 2011.

        ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
        One Aventura, Suite 600
        20900 NE 30th Avenue
        Aventura, Florida 33180
        Tel:    305-937-0300
        Fax:   305-937-1311

By:_____
        EDUARDO I. RASCO, ESQ.
        FLORIDA BAR NO. 646326
        STEVE BIMSTON, ESQ.
        FLORIDA BAR NO. 179205