UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL 2047  SECTION L  JUDGE FALLON |
| This document relates to: *Silva et al. v. Arch Insurance Co., et al.*, Case No. 09-cv-08034 (E.D. La) | * * * | MAG. JUDGE WILKINSON |

### MEMORANDUM IN OPPOSITION OF INTERIOR EXTERIOR BUILDING SUPPLY, L.P. AND KNAUF PLASTERBOARD (TIANJIN) CO., LTD.TO THE MITCHELL COMPANY, INC.'S MOTION TO INTERVENE

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, though undersigned counsel, comes Interior Exterior Building Supply, L.P. ("Interior Exterior") and Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), who jointly file this opposition to the Motion to Intervene in *Silva, et al. v. Arch Insurance Co., et al.*[1] and *Payton, et al. v. Knauf Gips, et al.* filed by The Mitchell Company, Inc. ("Mitchell"), on behalf of itself and other similarly situated home builders (hereinafter referred to as the "Home Builders.")

---

[1] Intervenor improperly refers to Civil Action no. 09-cv-8034 as *Silva, et al. v. Knauf Gips, et al.*

Case 2:09-md-02047-EEF-MBN   Document 8166   Filed 03/16/11   Page 2 of 10

**PRELIMINARY STATEMENT**

Mitchell is not entitled to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure because it has failed to carry its burden of showing that its request is timely and that the Home Builders have a protectable interest in this *particular* litigation that may be impaired by the disposition of *Plaintiffs'* claims. At best, Mitchell has shown that it and the other Home Builders may have an economic interest in the same "limited funds and available insurance proceeds" as the Plaintiffs. It is well established, however, that "an economic interest alone is insufficient" to intervene. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 466 (5th Cir. 1984). Moreover, Mitchell has established no basis as to how, or why, the Court could find in the *Silva* or *Payton* actions that the Home builders "may not proceed as a class against the upstream defendants" or how the Home Builders' "rights could be compromised or lost." Conclusory statements without any factual or legal support are insufficient to carry its burden.

Moreover, the Court should deny Mitchell's alternative request for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure because the requested intervention will certainly unduly delay the proceedings and prejudice the existing parties. The intervention will dramatically expand the scope of the proposed class action and make the most ambitious proposed scheduling order for the certification hearing untenable. Accordingly, Mitchell's Motion to Intervene should be denied.

**BACKGROUND**

Mitchell filed a Complaint in Civil Action no. 09-cv-4115 on March 6, 2009 against Interior Exterior, amongst others, including Knauf and Taishan entities. On July 7, 2009, Mitchell filed an Amended Complaint. In this Amended Complaint, Mitchell seeks declaratory

2

relief and the recovery damages, on behalf of itself and other similar situated home builders, for expenses associated with repair and remediation of homes affected by defective Chinese drywall. On July 22, 2010, Mitchell moved the Court for an order pursuant to Rule 23(b)(2) and (b)(3) certifying a class defined as:

> All persons and entities in the States of Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida who used drywall manufactured by Taishan Gypsum Co., Ltd., for the construction, repair, or remodeling of any improvement to real property and who have incurred or will incur, or be held responsible for, any expenses associated with (1) repair or replacement of all or part of the defective drywall, and/or (2) repair or replacement of other property damaged by the defective drywall, and/or (3) attorneys' fees and costs in defense of claims by affected homeowners, and/or (4) other expenses that were or will be incurred as part of the remediation of the defective drywall, including, without limitation, the cost of investigation and expert analysis of the defect, and cost of relocating customers displaced by the presence of defective drywall.

Two months later, on September 21, 2010, the PSC filed Plaintiff's Motion for Class Certification in *Silva*, seeking certification of a class of Louisiana homeowners whose homes contain Chinese manufactured drywall sold or distributed by Interior Exterior. That same day, the PSC filed Plaintiffs' Motion for Class Certification in *Payton*, seeking certification of separate classes of Louisiana and Florida homeowners whose homes contain drywall manufactured by Knauf. On January 12, 2011, the Court entered a Scheduling Order re: Hearing on Class Certification in the *Silva* and *Payton* actions. The Order called for any party seeking to intervene in the Motion for Class Certification to do so by January 17, 2011. That deadline was subsequently extended three times to March 14, 2011.

The Court has pending before it further modifications to that Scheduling Order proposed separately by Plaintiffs and Defendants, which call for various discovery and expert deadlines in advance of either a June or September 2011 certification hearing. Mitchell has not proposed any

3

modifications to the Scheduling Order; however, if it were allowed to intervene, substantial further modifications to the schedule would be necessary.

## ARGUMENT

Rule 24 of the Federal Rules of Civil Procedure provides for two types of intervention: intervention as of right and permissive intervention. Fed. R. Civ. P. 24. Mitchell moves to intervene under both standards. However, for the reasons discussed below, Mitchell cannot carry its burden to intervene as of right and this Court should deny its request for permissive intervention.

### A. Intervention as of Right – Rule 24(a).

It is well-settled that to intervene as of right pursuant to Rule 24(a) each of the four requirements of the rule must be met: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *New Orleans Pub. Serv., Inc.,* 732 F.2d at 463 (5th Cir.) (quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir.1978)), *cert. denied,* 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). Failure to satisfy any one requirement precludes intervention of right. *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996); *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir.1994); *Kneeland v. NCAA,* 806 F.2d 1285, 1287 (5th Cir.), *cert. denied,* 484 U.S. 817, 108 S.Ct. 72, 98 L.Ed.2d 35 (1987).

    **1. Although filed within the Court's amended deadline, Mitchell's cannot establish "timeliness" as that factor is defined under established Fifth Circuit authority.**

As established in *In re Lease Oil Antitrust Litig.,* 570 F.3d 244, 247-48 (5th Cir. 2009), "timeliness" is governed by the four-part test in *Stallworth v. Monsanto Co.,* 558 F.2d 257 (5th Cir.1977): (1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances. Despite being fully aware through the MDL of Plaintiffs' motions for class certification in *Silva* and *Payton* and this Court's and the parties attempts to schedule necessary discovery in advance of the certification hearing, Mitchell waited until the last hour to file its Motion to Intervene. Mitchell filed its class complaint over two years ago and moved for class certification nine months ago. Yet, it waited until the expiration of the third amended deadline to attempt to intervene. Mitchell offers no explanation for its dilatory actions.

In any event, the length of time between Mitchell's learning of its interest (March 6, 2009 at the absolute latest) and its petition to intervene (March 14, 2011) is substantial, and the prejudice by this delay is manifest. Accordingly, Mitchell cannot carry its burden of showing "timeliness" under established Fifth Circuit authority.

**2. Mitchell cannot show that it has an interest in the *Silva* and *Payton* class litigation or that proceeding without it will impair or impede its ability to protect that interest.**

To support intervention as of right, Mitchell "must show that it has a direct, substantial, legally protectable interest in the action, meaning that the interest should be one which the *substantive* law recognizes as belonging to or being owned by the applicant." *In re Lease Oil Antitrust Litigation,* 570 F. 3d at 247-48. Further, Mitchell "must be situated so that the disposition of the case into which [it] seeks to intervene may impair or impede [its] ability to protect [its] interest." *John Doe No. 1 v. Glickman,* 256 F.3d 371, 380 (5th Cir.2001).

Although not explicitly stated, it is apparent from Mitchell's motion that it seeks to intervene to assert its own motion for certification of a class of home builders, as set forth in Civil Action no. 09-cv-4115, *The Mitchell Company, et al. v. Knauf Gips KG, et al*. That proposed class action, albeit based on a somewhat vague and poorly worded definition, includes claims by home builders in Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida, who have incurred expenses, including costs of remediation and/or defense costs, related to claims against them for defective drywall by homeowners. Plaintiffs' proposed class action does ***not*** include claims against these Home Builders and does ***not*** include claims by homeowners whose homes have been remediated by these Home Builders and who have released or assigned their property damage claims.

Mitchell simply declares that its interest and that of other home builders "could be impaired by the outcome of the *Silva* and *Payton* proceedings, particularly if the Court should find – without the benefit of evidence and argument from the builders – that the builders may not proceed as a class against the upstream defendant." Mitchell offers no basis for this conjecture and, further, makes no showing as to how or why the Court's ruling on a motion for certification by classes of Louisiana and Florida homeowners could result in finding that a class of Home Builders in six states cannot proceed on their indemnity and contribution claims. Mitchell and the Home Builders are not parties to *Silva* and *Payton* actions. In fact, because of the releases afforded to the Home Builders when they repair or remediate the Plaintiffs' homes, the class actions are largely mutually exclusive. Mitchell and the Home Builders have brought their own motion for class certification, which is not impacted by the Court's ruling on the class representatives' motions for class certification. They are separate motions, involving separate

factual and legal scenarios that require separate argument, consideration, and adjudication. Mitchell has not established that they must, or even could, be tried together.

Mitchell also argues that it has an interest in the *Silva* and *Payton* actions because "any potential class settlement will reasonably impact the ability of the builders to recover because of limited funds and available insurance proceeds." A shared economic interest is insufficient to show an interest that must be protected. *New Orleans Pub. Serv., Inc..,* 732 F.2d at 466. *See also, Petromixtec S.A. v. Nat'l Ry. Equip. Co.*, CIV. A. 99-2866, 2001 WL 515237 (E.D. La. May 15, 2001) *citing Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977) (intervention is not warranted because the outcome of an action might "decrease the collectability of any subsequent judgments they may obtain in the future"); *United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir 2004) ("a mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself. To hold otherwise would create a slippery slop where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an interest in the litigation itself.") Even if true, limited resources for recovery of disparate claims is not a sufficient basis for intervention.

Finally, Mitchell suggests that unless it "is permitted to intervene on behalf of a class of home builder plaintiffs, the builder's rights could be compromised or lost." Again, Mitchell provides no explanation for this statement. Even if a compromise in the *Silva* or *Payton* actions resulted in a release of claims against Home Builders, which of course would inure to the benefit of Mitchell and the other Home Builders, that compromise could not result in the relinquishment of Home Builders' claims without their consent. It is axiomatic that only Mitchell can give up Mitchell's claims. Thus, there is no basis to argue that Mitchell has a protectable interest because the results of an action to which it is not a party could result in the loss of its claim.

Simply put, Mitchell has failed to establish that it is entitled to intervene as a matter of right in the *Silva* and *Payton* actions.

### B. Permissive Intervention – Rule 24(b).

In the alternative, Mitchell requests the Court to exercise its discretion and permit intervention under Fed.R.Civ.P. 24(b), which provides that: "[u]pon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common...." Fed. R. Civ. P. 24(b). Permissive intervention "is wholly discretionary with the [district] court ... even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Public Service,* 732 F.2d at 471 (citing Wright & Miller, *Federal Practice and Procedure:* Civil § 1913 at 551).

In considering whether to allow intervention under Rule 24(b) of the Federal Rules of Civil Procedure, the Court must consider the potential adverse impact on the original parties, including whether the intervention will unduly delay or prejudice the adjudication of the claim. Fed.R.Civ.P. 24(b)(3). In seeking intervention under Rule 24(b), Mitchell baldly asserts that "allowing Mitchell to intervene here will not result in undue delay or prejudice." Clearly, however, this is not the case.

As set forth above, the *Mitchell* class encompasses six states instead of the two at issue in *Silva* and *Payton*. The *Mitchell* class involves numerous home builders and other entities distinctively situated as respects the various defendants – not all defendants are even potentially liable to all the Home Builders. Each Home Builder presents unique questions of choice of law and comparative and contributory fault for the Court or jury to decide. The *Mitchell* class action

would require extensive discovery, briefing, and argument that would not overlap with the *Silva* and *Payton* actions.

Inclusion of the *Mitchell* class with the *Silva* and *Payton* classes, even just for the purposes of determining class certification, is unmanageable and would severely delay and prejudice the already existing parties. Therefore, the Court is well with its sound discretion to deny the requested intervention.

## CONCLUSION

For the foregoing reasons, Interior Exterior respectfully submits that the Court should deny the Motion to Intervene of The Mitchell Company, Inc.

        Respectfully submitted,

        ***Richard G. Duplantier, Jr.   /s/***
        Richard G. Duplantier, Jr. (# 18874)
        Lambert J. Hassinger, Jr. (# 21683)
        Benjamin R. Grau (# 26307)
        Carlina C. Eiselen, (# 28524)
        Jeffrey P. Green (# 30531)
        GALLOWAY, JOHNSON, TOMPKINS,
        BURR & SMITH
        701 Poydras Street, 40th Floor
        New Orleans, Louisiana 70139
        Telephone:  (504) 525-6802
        Facsimile:   (504) 525-2456
        rduplantier@gjtbs.com; jhassinger@gjtbs.com;
        bgrau@gjtbs.com;ceiselen@gjtbs.com; jgreen@gjtbs.com
        *Counsel for Defendant, Interior Exterior*

         - AND -

        **By:  /s/   Kerry J. Miller**
        MILES P. CLEMENTS (#4184)
        PETER E. SPERLING (#17812)
        KERRY J. MILLER (#24562)
        KYLE A. SPAULDING (#29000)
        PAUL C. THIBODEAUX (#29446)
        FRILOT L.L.C.
        1100 Poydras Street

Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com
***Counsel for the KPT Defendants***

### Certificate of Service

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 16th day of March, 2011.

*Richard G. Duplantier, Jr.   /s/*
_____
RICHARD G. DUPLANTIER, JR.