UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL-2047

SECTION "L"

JUDGE FALLON

THIS DOCUMENT RELATES TO:           )
                                    )
                                    )
VICKERS v. KNAUF GIPS, KG,  No. 09-4117    )
PAYTON v. KNAUF GIPS, KG, No. 09-7628      )
                                    )
                                    )

MAG. JUDGE WILKINSON

**AMENDED MOTION TO INTERVENE BY HOMEBUILDERS LAVISH HOLDINGS
(DEERFIELD COURT TOWNHOMES) AND L'OASIS BUILDERS AND CONTRACTOR-
INSTALLER MANDY DRYWALL FOR PARTICIPATION IN BANNER CLASS ACTION
SETTLEMENT PROCEEDINGS WITH INCORPORATED MEMORANDUM OF LAW**

Homebuilders Lavish Holdings and L'Oasis Builders as well as contractor/installer
Mandy Drywall, each of which named as parties in one or more of the various class actions
within MDL No. 2047, by and through undersigned counsel, for their amended motion for entry
of appropriate Order granting them leave to intervene in this consolidated CDW Litigation for
participation in any class action settlement proceedings or negotiations between the Plaintiffs'
Steering Committee (the "PCS") and any Banner Supply Company-related entities or their
insurers (collectively "Banner").  In support of this motion, these Homebuilders and Installer
state as follows:

1.      Plaintiffs have pending a Motion for Class Certification of a class comprised of
Florida Homeowners with any claims against Banner.  While their Motion for Certification [D.E.
5611] was filed within several of the various pending actions within this 2047 MDL, including
*Vickers* (Case No. 09-04117) and *Payton* (Case No. 09-07628) their Motion is broader than just
those two class actions.  Likewise, Banner Supply has filed a Motion (with Plaintiffs' consent) to
compel a "global" Mediation of all potential claims against Banner Supply Entities and Banner's

Motion extends not just to the <u>Vickers</u> and <u>Payton</u> cases but to <u>all</u> other MDL proceedings wherever Banner Supply Entities may have potential claims against them. Plaintiff homeowners' Motion seeks to certify as a class, all owners of Florida residential properties containing Chinese-manufactured drywall ("CDW") supplied for their construction by Banner.  Thus, the Plaintiffs' Class Certification Motion as well as Banner's Motion relating to a mediation of all such claims in effect extend to <u>all</u> MDL cases.

2.      Undersigned counsel represents several of the defendant Florida builders and a contractor/installer of the Banner-supplied drywall used in construction of a number of these Florida homes at issue in Plaintiffs' proposed class certification.  These defendants include LAVISH HOLDINGS, LLC (improperly named in these MDL actions in place of a separate entity that built the homes, DEERFIELD COURT TOWNHOMES, LLC), a Broward County, Florida builder; L'OASIS BUILDERS, INC., a Palm Beach County, Florida builder; and, MANDY DRYWALL, INC. (misnamed in some of the actions as MANDY'S DRYWALL & STUCCO, INC., a Miami, Florida contractor-installer.

3.      Lavish Holdings/Deerfield Court Townhomes is a named defendant in the Rogers MDL Class Action (Case No. 10-362); the Wiltz MDL Class Action (Case No. 10-361); and, the Gross MDL Class Action (Case No. 09-6690).  It is also a defendant in various Florida state court suits brought by some of the same overlapping plaintiff-homeowners as those named in MDL schedules.  Banner is a co-defendant in each of these MDL actions and the state suits, involving some 24 potential plaintiff properties.  Lavish/Deerfield Court have interests in the proposed class certification and Banner's Motion to compel global mediation.

4.     L'Oasis Builders is a named defendant in the Gross MDL Class Action involving homeowner Reinoso.  Banner is a co-defendant. L'Oasis has in interest in the proposed class certification and Banner's Motion to compel global mediation.

5.     Mandy Drywall is a named defendant along with Banner in the Payton and Rogers MDL Class Actions as well as other pending Florida state cases in Miami-Dade County where Banner is likewise a defendant.  Additionally, both Mandy Drywall and Banner have been sued as Third Party Defendants in yet another federal forum, this involving an insurance coverage case pending in the United States District Court for the Southern District of Florida, Miami Division (Case No. 10-23072).  Lanza, the interested homeowners in the coverage case, are the same as those involved in the Rogers MDL action noted above.  Mandy Drywall has an interest in the proposed class certification and Banner's Motion to compel global mediation.

6.     These builder/installer parties have cross-claims or third party claims against Banner.

7.     Based on submissions by both Banner and the PSC it appears they are in settlement discussions for intended submission of a class action settlement approval to this Court.  Any such settlement would necessarily have profound impact on pending or future claims involving not just Banner but these builder-installers as well.

8.     These parties seek proper voice and protection to guard against such adverse effects as might be caused by a Banner release/settlement bar not only as to present claims but likely future claims as well.

9.     Intervention is permitted pursuant to Fed.R.Civ.P., Rule 24, wherever the intended intervenor has clear interest relating to the property or transaction which is the subject of the action and is "so situated that the disposition of the action may as a practical matter impair

or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). Intervention should always be granted where "greater justice could be attained." Ross v. Marshall, 426 F. 3d 745, 753 (5th Cir. 2005) (citing Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994)). Further, this Court itself has earlier observed in a similar context that Rule 24 motions should be "liberally construed." Ranger Ins. Co. v. Events, Inc., No. Civ.A. 03-2831, 2004 WL 2004545, *2 (E.D. La. 2004).

10.   There are several well-recognized criteria for intervention:

> (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest.

In re Lease Oil Antitrust Litigation, 570 F. 3d 244, 247 (5th Cir. 2009).

11.   All of the requisite criteria for granting this Motion to Intervene are met in this instance.

12.   It should be noted in particular that the existing parties contemplated for settlement negotiation participation (the PSC and Banner) cannot adequately represent these intervening builders/installers. Not even the Homebuilders' Steering Committee ("HSC") as an ad hoc subset of the Defense Steering Committee would fairly represent these petitioning parties. The HSC is operating in this instance primarily as a spokesman for homebuilders holding assignments of rights/claims from homeowners whose properties were remediated. The undersigned parties have different concerns and are in a different posture.

13.     It should also be noted for purposes of needed participation that undersigned counsel also represented another Florida homebuilder, South Kendall Construction Corporation and its related entities, in these MDL Class Action proceedings.  The class actions against South Kendall were earlier resolved with the PSC and Florida class action plaintiffs' attorneys after extensive negotiation, this South Kendall action involving the first known CDW class action settlements in the nation.  Thus the undersigned has particular experience and familiarity with the issues presented in any new class settlements under consideration.

14.     Undersigned counsel has conferred with PSC representative Attorney Ervin Gonzalez of the Colson, Hicks law firm of Miami, Florida, who on behalf of the PSC does not oppose this Motion.

15.     A proposed order granting this Motion is attached and incorporated herein.

16.     This Amended Motion was filed pursuant to this Court's Order advising of a "deficient document" dated March 11, 2011.

WHEREFORE, the undersigned on behalf of Lavish Holdings/Deerfield Court Townhomes, L'Oasis Builders and Mandy Drywall, moves for leave to intervene in any Banner-PSC class settlement negotiations as well as any settlement approval/certification process.

Dated this 17th day of March, 2011.

                                LAVISH  HOLDINGS, LLC/DEERFIELD
                                COURT TOWNHOMES, LLC, L'OASIS
                                BUILDERS, INC. and MANDY DRYWALL
                                INC., DEFENDANTS


                                By: s/  Steven G. Schwartz
                                    Steven G. Schwartz, Esquire
                                    SCHWARTZ LAW GROUP
                                    6751 N. Federal Hwy., Ste. 400
                                    Boca Raton, FL  33487
                                    Ph: 561-395-4747
                                    Fx: 561-367-1550
                                    sgs@theschwartzlawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Motion to Intervene by Homebuilders Lavish Holdings/Deerfield Court Townhomes, L'Oasis Builders and Mandy Drywall for Participation in Banner Class Action Settlement Proceedings and Incorporated Memorandum of Law has been served on Plaintiffs' Liaison Counsel, **Russ Herman, Esq.,** Herman, Herman Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, **Kerry Miller, Esq.,** Frilot, LLC, Suite 3700, 1100 Poydras Street, New Orleans, LA 70163 (kmiller@frilot.com), by U.S. Mail and e-mail <u>or</u> by hand delivery and email upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 17th day of March, 2011.

/s/ Steven G. Schwartz
Steven G. Schwartz, Esquire

L:\OPEN FILES\100430\Pleadings\Mot to Intervene-Lavish-L'Oasis-Mandy-jg.doc