**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: CHINESE-MANUFACTURED          MDL NO. 2047
DRYWALL PRODUCTS LIABILITY           SECTION: L
LITIGATION

THIS DOCUMENT RELATES TO             JUDGE FALLON
                                     MAG. JUDGE WILKINSON
Vickers et al v. Knauf Gips KG et al
EDLA 09-04117

Payton et al v. Knauf Gips KG et al
EDLA 09-07628

**PROPOSED ORDER GRANTING SUBSTITUTED**
**MOTION FOR CLASS CERTIFICATION**

This matter having come before this Court upon motion by Plaintiffs in the above-captioned cases for class certification as to damages claims, and after having considered the briefs filed and arguments made by counsel, IT IS HEREBY ORDERED:

Plaintiffs' substituted motion for class certification is GRANTED pursuant to Rule 23(b)(2) and Rule 23(b)(3). The class shall be defined as

> All owners of residential real properties in the state of Florida containing Chinese manufactured drywall sold , distributed, supplied,  marketed , inspected , imported or delivered  by Banner Supply Co. from January 1, 2005 to December 31, 2008, who have not released or assigned their property damage claims to a third party.

Certification of this class is appropriate because:

1.      The class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

2.      There are questions of law or fact common to the class, satisfying the

1

requirements of Rule 23(a)(2);

3.     The claims of the representative parties are typical of the claims of the class, satisfying the requirements of Rule 23(a)(3);

4.     The plaintiffs will fairly and adequately protect the interests of the class, satisfying the requirements of Rule 23(a)(4);

5.     The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate, satisfying the requirements of Rule 23(b)(2);

6.     Questions of law or fact common to the members of the class predominate over questions affecting only individual members;

7.     A class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3);

8.     Counsel Arnold Levin of Levin, Fishbein, Sedran & Berman; Ervin Gonzales of Colson Hicks Eidson and Richard Lewis of Hausfeld LLP will fairly and adequately represent the interests of the class as Class Counsel, satisfying the requirements of Rule 23(g)(1); and

IT IS FURTHER ORDERED THAT Plaintiffs Dr. Stephen Roberts and Mr. Felix Diaz shall serve as class representatives for the class certified herein.

IT IS FURTHER ORDERED THAT Arnold Levin of Levin, Fishbein, Sedran & Berman; Ervin Gonzales of Colson Hicks Eidson and Richard Lewis of Hausfeld LLP are appointed as Class Counsel for the class certified herein.

IT IS FURTHER ORDERED THAT no later than seven days after the date of this Order, the parties through their counsel are to meet and confer on a proposed form of notice to be

mailed to the class by Defendants, and submit the same to the Court not later than seven days after the date of this Order.  If no agreement is reached, the parties shall submit to this Court their proposed form of notice no later than seven days thereafter.


        IT IS SO ORDERED


_____                          _____
Date                                                                        Judge Eldon E. Fallon



4817-6579-4567

3