UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO | JUDGE FALLON MAG. JUDGE WILKINSON |

Payton et al v. Knauf Gips KG et al
EDLA 09-07628

**PROPOSED ORDER GRANTING SUBSTITUTED MOTION FOR CLASS CERTIFICATION**

This matter having come before this Court upon motion by Plaintiffs in the above-captioned cases for class certification as to damages claims, and after having considered the briefs filed and arguments made by counsel, IT IS HEREBY ORDERED:

Plaintiffs' substituted motion for class certification is GRANTED pursuant to Rule 23(b)(2) and Rule 23(b)(3). The classes are defined as follows:

> *Florida Class*: "All owners of residential real properties in the State of Florida containing Chinese Drywall manufactured, sold, distributed, supplied, marketed, inspected, imported or delivered by Knauf, from January 1, 2005 to December 31, 2008, who have not released or assigned their property damage claims to a third party."
>
> *Louisiana Class*: "All owners of residential real properties in the State of Louisiana containing Chinese Drywall manufactured, sold, distributed, supplied, marketed, inspected, imported or delivered by Knauf, from January 1, 2005 to December 31, 2008, who have not released or assigned their property damage claims to a third party."

Certification of this class is appropriate because:

1. The classes are so numerous that joinder of all members is impracticable,

1

satisfying the requirement of Rule 23(a)(1);

2. There are questions of law or fact common to the classes, satisfying the requirements of Rule 23(a)(2);

3. The claims of the representative parties are typical of the claims of the classes, satisfying the requirements of Rule 23(a)(3);

4. The plaintiffs will fairly and adequately protect the interests of the classes, satisfying the requirements of Rule 23(a)(4);

5. The party opposing the classes has acted or refused to act on grounds that apply generally to the classes, so that final injunctive relief is appropriate, satisfying the requirements of Rule 23(b)(2);

6. Questions of law or fact common to the members of the classes predominate over questions affecting only individual members;

7. A class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3);

8. Counsel Arnold Levin of Levin, Fishbein, Sedran & Berman; Ervin Gonzales of Colson Hicks Eidson and Richard Lewis of Hausfeld LLP will fairly and adequately represent the interests of the Florida class as Class Counsel, satisfying the requirements of Rule 23(g)(1);

9. Counsel Russ Herman of Herman, Herman, Katz & Cotlar, LLP and Gerald Meunier of Gainsburgh, Benjamin, David, Meunier, & Warshauer, LLC will fairly and adequately represent the interests of the Louisiana class as Class Counsel, satisfying the requirements of Rule 23(g)(1); and

IT IS FURTHER ORDERED THAT plaintiffs Dr. Stephen Roberts, Karen Vickers,

Jennifer and Felix Martinez, and Jason Santiago shall serve as class representatives for the Florida class certified herein.

IT IS FURTHER ORDERED THAT plaintiffs Edward and Susan Beckendorf, Donald and Marcelyn Puig, Dean and Dawn Amato, and Byron and Debra Byrne shall serve as class representatives for the Louisiana class certified herein.

IT IS FURTHER ORDERED THAT Arnold Levin of Levin, Fishbein, Sedran & Berman; Ervin Gonzales of Colson Hicks Eidson and Richard Lewis of Hausfeld LLP are appointed as Class Counsel for the Florida class certified herein.

IT IS FURTHER ORDERED THAT Russ Herman of Herman, Herman, Katz & Cotlar and Gerald Meunier of Gainsburgh, Benjamin, David, Meunier, & Warshauer, LLC are appointed as Class Counsel for the Louisiana class certified herein.

IT IS FURTHER ORDERED THAT no later than seven days after the date of this Order, the parties through their counsel are to meet and confer on a proposed form of notice to be mailed to the class by Defendant, and submit the same to the Court not later than seven days after the date of this Order.  If no agreement is reached, the parties shall submit to this Court their proposed form of notice no later than seven days thereafter.

IT IS SO ORDERED

_____          _____
Date                            Judge Eldon E. Fallon

4817-6579-4567