UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

--------------------------------------------------------------x
IN RE: CHINESE MANUFACTURED : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY :
LITIGATION : SECTION: L
--------------------------------------------------------------x
THIS DOCUMENT RELATES TO: : JUDGE FALLON
     :
*Payton, et. al. v. Knauf Gips, KG, et. al.* : MAG. JUDGE WILKINSON
No. 09-cv- 7628 :
--------------------------------------------------------------x

**ANSWER AND DEFENSES OF KNAUF GIPS KG TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (I)**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Knauf Gips KG ("Knauf Gips" or the "Answering Defendant") responds to the corresponding paragraphs of Plaintiffs' Omnibus Class Action Complaint (I) and Demand for Jury Trial ("Complaint") as follows:

**JURISDICTION, PARTIES, AND VENUE**

1-3. The Answering Defendant admits the allegations of paragraphs 1 through 3 of the Complaint.

**PLAINTIFFS**

4-2072. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 4 through 2072 of the Complaint.

**DEFENDANTS**

2073. To the extent that the allegations of paragraph 2073 are not directed to the Answering Defendant, no response is required. To the extent that the allegations of paragraph 2073 are directed to the Answering Defendant, the allegations are denied.

1

2074. The Answering Defendant denies the allegations of paragraph 2074 of the Complaint, except admits that it is a German entity and that it is a manufacturer of building materials and systems, and avers that its products are not installed in Plaintiffs' homes.

2075. The Answering Defendant denies the allegations of paragraph 2075 of the Complaint, except admits that it provides certain services to Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu") and Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan").

2076-2077. To the extent that the allegations of paragraphs 2076 through 2077 of the Complaint are not directed to the Answering Defendant, no response is required. To the extent that the allegations are directed to the Answering Defendant, they are denied, except that the Answering Defendant admits that KPT is a foreign manufacturer and seller of gypsum drywall, and that KPT sold drywall that was imported by other companies into the United States.

2078. To the extent that the allegations of paragraph 2078 are not directed to the Answering Defendant, no response is required. To the extent that the allegations are directed to the Answering Defendant, they are denied, except that the Answering Defendant admits that Wuhu is a foreign manufacturer and seller of gypsum drywall, and that Wuhu sold drywall that was imported by other companies into the United States.

2079. To the extent that the allegations of paragraph 2079 are not directed to the Answering Defendant, no response is required. To the extent that the allegations are directed to the Answering Defendant, they are denied, except that the Answering Defendant admits that Dongguan is a foreign manufacturer and seller of gypsum drywall, and that Dongguan sold drywall that was imported by other companies into the United States.

2080-2609.   Paragraphs 2080 through 2609 are not directed to the Answering Defendant and therefore no response is required.

## FACTS REGARDING PROBLEMATIC DRYWALL

2610.   The Answering Defendant admits the allegations of paragraph 2610 of the Complaint with respect to the drywall manufactured by the Answering Defendant.

2611-2620.   The Answering Defendant denies the allegations of paragraphs 2611 through 2620 of the Complaint.

## CLASS ACTION ALLEGATIONS

2621-2630.   The allegations of paragraphs 2621 through 2630 of the Complaint state legal conclusions to which no response is required.  However, to the extent that paragraphs 2621 through 2630 of the Complaint contain factual allegations, the Answering Defendant denies the allegations, except admits that Plaintiffs purport to bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and 23(c)(4) of the Federal Rules of Civil Procedure.

2631-2634.   The allegations of paragraphs 2631 through 2634 of the Complaint state legal conclusions to which no response is required.  However, to the extent that paragraph 2631 of the Complaint contains factual allegations, the Answering Defendant denies the allegations.

2635.   The allegations of paragraph 2635 of the Complaint states a legal conclusion to which no response is required.  However, to the extent that paragraph 2635 of the Complaint contains factual allegations, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

2636-2639.   The allegations of paragraphs 2636 through 2639 of the Complaint state legal conclusions to which no response is required.  However, to the extent that the allegations of

paragraphs 2636 through 2639 of the Complaint contain factual allegations, the Answering Defendant denies the allegations.

## COUNT I
## NEGLIGENCE

2640. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2639 of the Complaint as if fully set forth herein.

2641. The allegations of paragraph 2641 state a legal conclusion to which no response is required. However, to the extent that the allegations of paragraph 2641 are factual, the Answering Defendant denies the allegations.

2642-2647. The Answering Defendant denies the allegations of paragraphs 2642 through 2647 of the Complaint.

## COUNT II
## NEGLIGENCE PER SE

2648. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2647 of the Complaint as if fully set forth herein.

2649. The allegations of paragraph 2649 states legal conclusions to which no response is required. However, to the extent that the allegations of paragraphs 2649 are factual, the Answering Defendant denies the allegations.

2650-2654. The Answering Defendant denies the allegations of paragraphs 2652 through 2654 of the Complaint.

## COUNT III
## STRICT LIABILITY

2655. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2654 of the Complaint as if fully set forth herein.

2656.    The Answering Defendant denies the allegations of paragraph 2656 of the Complaint, except admits that it sells drywall.

2657-2659.    The Answering Defendant denies the allegations of paragraphs 2657 through 2659 of the Complaint.

2660-2662.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 2660 through 2662 of the Complaint.

2663-2668.    The Answering Defendant denies the allegations of paragraphs 2663 through 2668 of the Complaint.

2669.    The Answering Defendant denies the allegations of paragraph 2669 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding purported Class Members' awareness or perception.

2670-2672.    The Answering Defendant denies the allegations of paragraphs 2670 through 2672 of the Complaint.

## COUNT IV
## BREACH OF EXPRESS OR IMPLIED WARRANTIES

2673.    The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2672 of the Complaint as if fully set forth herein.

2674-2680.    The Answering Defendant denies the allegations of paragraphs 2674 through 2680 of the Complaint.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203

2681.    The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2680 of the Complaint as if fully set forth herein.

5

2682-2692.   Paragraphs 2682 through 2692 are not directed to the Answering Defendant and therefore no response is required.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY

2693.   The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2692 of the Complaint as if fully set forth herein.

2694-2699.   Paragraphs 2694 through 2699 are not directed to the Answering Defendant and therefore no response is required.

## COUNT VII
## BREACH OF CONTRACT

2700.   The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2699 of the Complaint as if fully set forth herein.

2701-2703.   Paragraphs 2701 through 2703 are not directed to the Answering Defendant and therefore no response is required.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT

2704.   The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2703 of the Complaint as if fully set forth herein.

2705-2710.   Paragraphs 2705 through 2710 are not directed to the Answering Defendant and therefore no response is required.

## COUNT IX
## REDHIBITION

2711.   The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2710 of the Complaint as if fully set forth herein.

2712-2719. The Answering Defendant denies the allegations of paragraphs 2712 through 2719 of the Complaint.

2720. Paragraph 2720 is not directed to the Answering Defendant and therefore no response is required.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT

2721. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2720 of the Complaint as if fully set forth herein.

2722. The Answering Defendant denies the allegations of paragraph 2722 of the Complaint.

2723. Paragraph 2723 of the Complaint contains a statement as to which no response is required.

2724-2734. The Answering Defendant denies the allegations of paragraphs 2724 through 2734 of the Complaint.

## COUNT XI
## PRIVATE NUISANCE

2735. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2734 of the Complaint as if fully set forth herein.

2736-2741. The Answering Defendant denies the allegations of paragraphs 2736 through 2741 of the Complaint.

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE

2742. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2741 of the Complaint as if fully set forth herein.

2743-2748. The Answering Defendant denies the allegations of paragraphs 2743 through 2748 of the Complaint.

## COUNT XIII
## UNJUST ENRICHMENT

2749. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2748 of the Complaint as if fully set forth herein.

2750-2752. The Answering Defendant denies the allegations of paragraphs 2747 through 2748 of the Complaint.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS

2753. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2752 of the Complaint as if fully set forth herein.

2754. Paragraph 2754 of the Complaint contains a statement as to which no response is required.

2755-2757. The Answering Defendant denies the allegations of paragraphs 2755 through 2757 of the Complaint.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

2758. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 2757 of the Complaint as if fully set forth herein.

2759-2760. The Answering Defendant denies the allegations of paragraphs 2759 through 2760 of the Complaint.

2761. The Answering Defendant denies that Plaintiffs are entitled to any of the relief requested in paragraph 2761 of the Complaint.

2762-2770. The Answering Defendant denies the allegations of paragraphs 2762 through 2770 of the Complaint.

All allegations not specifically admitted are denied.

## DEFENSES

By alleging the matters set forth below, the Answering Defendant does not admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST DEFENSE

The Court lacks personal jurisdiction over the Answering Defendant under Louisiana law and the Due Process Clause of the United States Constitution.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendant.

### THIRD DEFENSE

Plaintiffs have been misjoined.

### FOURTH DEFENSE

Plaintiffs claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

### SEVENTH DEFENSE

Plaintiffs' claims against the Answering Defendant are barred because the Answering Defendant did not manufacture or market the drywall installed in their homes.

### EIGHTH DEFENSE

The Answering Defendant did not make to Plaintiffs, nor did Answering Defendant breach, any express or implied warranties.

### NINTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice to the Answering Defendant.

### TENTH DEFENSE

To the extent that Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

### ELEVENTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Answering Defendant.

### TWELFTH DEFENSE

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

### THIRTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Mississippi because, as provided by Miss. Code Ann. § 75-24-15(2), to bring a private action, a

plaintiff must first have attempted to resolve the matter through an informal dispute resolution program approved the Attorney General, which Plaintiffs have not done.

### **FOURTEENTH DEFENSE**

Plaintiffs cannot recover on their claims under the Louisiana and Mississippi Consumer Protection Statutes because, under La. Rev. Stat. Ann. § 1409 and Miss. Code Ann. § 75-24-15(4), Plaintiffs may not bring a private action for actual damages in a representative capacity.

### **FIFTEENTH DEFENSE**

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute, because class actions for money damages are prohibited under Ala. Code § 8-19-10(f).

### **SIXTEENTH DEFENSE**

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute because venue is proper only in the county where the causes action for residents of that state accrued and/or where the defendant has a principal place of business or conducts business.

### **SEVENTEENTH DEFENSE**

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because Answering Defendant did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

### **EIGHTEENTH DEFENSE**

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because they failed to provide written notice to the Answering Defendants as required by Tex. Bus. & Com. Code § 17.505.

### NINETEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendant did not act with the "intent to deceive," as required by Tex. Bus. & Com. Code § 17.46.

### TWENTIETH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendant did not engage in any form of unfair, unconscionable or deceptive acts or practices to induce Plaintiffs, or any other person, to purchase drywall, as required by Tex. Bus. & Com. Code § 17.46.

### TWENTY-FIRST DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Alabama because Answering Defendant did not act "knowingly," as required by Ala. Code §§ 8-19-3(4), -13.

### TWENTY-SECOND DEFENSE

Answering Defendant did not engage in any intentional or negligent misconduct. However, to the extent that Plaintiffs assert claims for negligence, Plaintiffs cannot recover on their claims under the Consumer Protection Statutes of Florida, Fla. Stat. Ann. § 501.207(4) and Texas, Tex. Bus. & Com. Code § 17.506, which provide that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

### TWENTY-THIRD DEFENSE

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by in designing and formulating the drywall installed in their homes and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably

available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### TWENTY-FOURTH DEFENSE

Plaintiffs cannot recover on their claims because the benefits of the design of the drywall installed in their homes outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### TWENTY-FIFTH DEFENSE

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendant had no control.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

### TWENTY-SEVENTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### TWENTY-EIGHTH DEFENSE

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

### TWENTY-NINTH DEFENSE

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendant is entitled to credit and set-off in the amount of such settlements.

13

### THIRTIETH DEFENSE

The Answering Defendant breached no duty allegedly owed to the Plaintiffs.

### THIRTY-FIRST DEFENSE

The Answering Defendant denies, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendant, or at the instruction or subject to the control of the Answering Defendant, and therefore the Answering Defendant is not liable for any acts or omissions of such third parties as a matter of law.

### THIRTY-SECOND DEFENSE

The Answering Defendant did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred because class actions are not recognized under the laws of and contrary to the public policy of the Answering Defendant's home jurisdiction.

### THIRTY-FIFTH DEFENSE

The Answering Defendant's liability, if any, for damages is several rather than joint, and should be prorated.

### THIRTY-SIXTH DEFENSE

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims for punitive damages fail to state a claim for relief.

### THIRTY-EIGHTH DEFENSE

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-NINTH DEFENSE

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws plaintiffs seek relief.

### FORTIETH DEFENSE

The Answering Defendant gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and reserves the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendant denies that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendant requests that the Complaint be dismissed with prejudice, and that the Answering Defendant be awarded costs and fees incurred in this action.

Respectfully submitted,


By: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for Defendant, Knauf Gips KG

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Defenses of Knauf Gips KG to Plaintiffs' Omnibus Class Action Complaint (I) has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 18th day of March, 2011.

/s/ Kyle Spaulding

32109977.DOCX