UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED          :      MDL NO. 2047
DRYWALL PRODUCTS LIABILITY            :
LITIGATION                            :      SECTION:    L
---------------------------------------------------------------x
THIS DOCUMENT RELATES TO:             :      JUDGE FALLON
                                      :
*Payton, et. al. v. Knauf Gips, KG, et. al.*  :      MAG. JUDGE WILKINSON
No. 09-cv- 7628                       :
---------------------------------------------------------------x

**ANSWER AND DEFENSES OF KNAUF PLASTERBOARD (TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU) CO.,LTD., AND GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO., LTD. TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (I)**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu"), and Guangdong Knauf New Building Material Products Co., Ltd. ( "Dongguan") (collectively, the "Answering Defendants") respond to the corresponding paragraphs of Plaintiffs' Omnibus Class Action Complaint (I) and Demand for Jury Trial ("Complaint") as follows:

**JURISDICTION, PARTIES, AND VENUE**

1-3. The Answering Defendants admit the allegations of paragraphs 1 through 3 of the Complaint.

**PLAINTIFFS**

4-2072. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 4 through 2072 of the Complaint.

## DEFENDANTS

2073.   To the extent that the allegations of paragraph 2073 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 2073 are directed to the Answering Defendants, the allegations are denied.

2074.   To the extent that the allegations of paragraph 2074 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Gips KG ("Knauf Gips") is a German manufacturer of building materials and systems and aver that Knauf Gips's products are not installed in Plaintiffs' homes.

2075.   To the extent that the allegations of paragraph 2074 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Gips provides certain services to KPT, Wuhu and Dongguan.

2076-2077.   The Answering Defendants deny the allegations of paragraphs 2076 through 2077 of the Complaint, except admit that KPT is a foreign manufacturer and seller of gypsum drywall, and that KPT sold drywall that was imported by other companies into the United States.

2078.   The Answering Defendants deny the allegations of paragraph 2078 of the Complaint, except admit that Wuhu is a foreign manufacturer and seller of gypsum drywall, and that Wuhu sold drywall that was imported by other companies into the United States.

2079.   The Answering Defendants deny the allegations of paragraph 2079 of the Complaint, except admit that Dongguan is a foreign manufacturer and seller of gypsum drywall, and that Dongguan sold drywall that was imported by other companies into the United States.

2080-2609.   Paragraphs 2080 through 2609 are not directed to the Answering Defendants and therefore no response is required.

## FACTS REGARDING PROBLEMATIC DRYWALL

2610.   The Answering Defendants admit the allegations of paragraph 2610 of the Complaint with respect to the drywall manufactured by the Answering Defendants.

2611-2620.   The Answering Defendants deny the allegations of paragraphs 2611 through 2620 of the Complaint.

## CLASS ACTION ALLEGATIONS

2621-2630.   The allegations of paragraphs 2621 through 2630 of the Complaint state legal conclusions to which no response is required.  However, to the extent that paragraphs 2631 through 2630 of the Complaint contain factual allegations, the Answering Defendants deny the allegations, except admit that Plaintiffs purport to bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and 23(c)(4) of the Federal Rules of Civil Procedure.

2631.   The allegations of paragraph 2631 of the Complaint state a legal conclusion to which no response is required.  However, to the extent that paragraph 2621 of the Complaint contains factual allegations, the Answering Defendants deny the allegations, except deny knowledge or information sufficient to form a belief as to whether the Answering Defendants' drywall is installed in homes, residences, or other structures owned by Plaintiffs and purported Class Members.

2632-2634.   The allegations of paragraphs 2632 through 2634 state legal conclusions to which no response is required.  However, to the extent that paragraphs 2632 through 2634 contain factual allegations, the Answering Defendants deny the allegations.

32108301.DOCX

2635.   The allegations of paragraph 2635 state a legal conclusion to which no response is required.  However, to the extent that paragraph 2635 contains factual allegations, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

2636-2639.   The allegations of paragraphs 2636 through 2639 state a legal conclusion to which no response is required.  However, to the extent that paragraphs 2636 through 2639 contain factual allegations, the Answering Defendants deny the allegations.

## COUNT I
## NEGLIGENCE

2640.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2639 of the Complaint as if fully set forth herein.

2641.   The allegations of paragraph 2641 state a legal conclusion to which no response is required.  However, to the extent that the allegations of paragraph 2641 contain factual allegations, the Answering Defendants deny the allegations.

2642-2647.   The Answering Defendants deny the allegations of paragraphs 2642 through 2647 of the Complaint.

## COUNT II
## NEGLIGENCE PER SE

2648.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2647 of the Complaint as if fully set forth herein.

2649.   The allegations of paragraph 2649 of the Complaint state legal conclusions to which no response is required.  However, to the extent that the allegations of paragraph 2649 contain factual allegations, the Answering Defendants deny the allegations.

2650-2654.  The Answering Defendants deny the allegations of paragraphs 2650 through 2654 of the Complaint.

## COUNT III
## STRICT LIABILITY

2655.  The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2654 of the Complaint as if fully set forth herein.

2656.  The Answering Defendants deny the allegations of paragraph 2656 of the Complaint, except admit that they sell drywall.

2657.  The Answering Defendants deny the allegations of paragraph 2657 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether their drywall is installed in purported Class Members' homes.

2658.  The Answering Defendants deny the allegations of paragraph 2658 of the Complaint.

2569.  The Answering Defendants deny the allegations of paragraph 2659 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether their drywall is installed in purported Class Members' homes.

2660-2662.  The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 2660 through 2662 of the Complaint.

2663-2668.  The Answering Defendants deny the allegations of paragraphs 2663 through 2668 of the Complaint.

2669.  The Answering Defendants deny the allegations of paragraph 2669 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding purported Class Members awareness or perception.

5

2670-2672.   The Answering Defendants deny the allegations of paragraphs 2670 through 2672 of the Complaint.

## COUNT IV
## BREACH OF EXPRESS OR IMPLIED WARRANTIES

2673.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2672 of the Complaint as if fully set forth herein.

2674-2680.   The Answering Defendants deny the allegations of paragraphs 2674 through 2680 of the Complaint.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203

2681.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2680 of the Complaint as if fully set forth herein.

2682-2692.   Paragraphs 2682 through 2692 are not directed to the Answering Defendants and therefore no response is required.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY

2693.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2692 of the Complaint as if fully set forth herein.

2694-2699.   Paragraphs 2694 through 2699 are not directed to the Answering Defendants and therefore no response is required.

## COUNT VII
## BREACH OF CONTRACT

2700.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2699 of the Complaint as if fully set forth herein.

2701-2703.   Paragraphs 2701 through 2703 are not directed to the Answering Defendants and therefore no response is required.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT

2704.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2703 of the Complaint as if fully set forth herein.

2705-2710.   Paragraphs 2705 through 2710 are not directed to the Answering Defendants and therefore no response is required.

## COUNT IX
## REDHIBITION

2711.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2710 of the Complaint as if fully set forth herein.

2712-2719.   The Answering Defendants deny the allegations of paragraphs 2712 through 2719 of the Complaint.

2720.   Paragraph 2720 of the Complaint is not directed to the Answering Defendants and therefore no response is required.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT

2721.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2720 of the Complaint as if fully set forth herein.

2722.   The Answering Defendants deny the allegations of paragraph 2722 of the Complaint.

2723.   Paragraph 2723 of the Complaint contains a statement as to which no response is required.

7

2724-2725. The Answering Defendants deny the allegations of paragraphs 2724 through 2725 of the Complaint, except admit that they made certain warranties to certain customers and refer to those warranties for their content.

2726-2734. The Answering Defendants deny the allegations of paragraphs 2726 through 2734 of the Complaint.

## COUNT XI
## PRIVATE NUISANCE

2735. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2734 of the Complaint as if fully set forth herein.

2736-2741. The Answering Defendants deny the allegations of paragraphs 2736 through 2741 of the Complaint.

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE

2742. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2741 of the Complaint as if fully set forth herein.

2743-2748. The Answering Defendants deny the allegations of paragraphs 2743 through 2748 of the Complaint.

## COUNT XIII
## UNJUST ENRICHMENT

2749. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2748 of the Complaint as if fully set forth herein.

2750-2752. The Answering Defendants deny the allegations of paragraphs 2747 through 2748 of the Complaint.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS

2753. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2752 of the Complaint as if fully set forth herein.

2754. Paragraph 2754 contains a statement as to which no response is required.

2755-2757. The Answering Defendants deny the allegations of paragraphs 2755 through 2757 of the Complaint.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

2758. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 2757 of the Complaint as if fully set forth herein.

2759-2760. The Answering Defendants deny the allegations of paragraphs 2759 through 2760 of the Complaint.

2761. The Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraph 2761 of the Complaint.

2762-2770. The Answering Defendants deny the allegations of paragraphs 2762 through 2770 of the Complaint.

All allegations not specifically admitted are denied.

## DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

9

## SECOND DEFENSE

Plaintiffs have been misjoined.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

## SIXTH DEFENSE

The Answering Defendants did not make to Plaintiffs, nor did Answering Defendants breach, any express or implied warranties.

## SEVENTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice of any alleged breach to the Answering Defendants.

## EIGHTH DEFENSE

To the extent that Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

## NINTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Answering Defendants.

**TENTH DEFENSE**

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

**ELEVENTH DEFENSE**

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Mississippi because, as provided by Miss. Code Ann. § 75-24-15(2), to bring a private action, a plaintiff must first have attempted to resolve the matter through an informal dispute resolution program approved the Attorney General, which Plaintiffs have not done.

**TWELFTH DEFENSE**

Plaintiffs cannot recover on their claims under the Louisiana and Mississippi Consumer Protection Statutes because, under La. Rev. Stat. Ann. § 1409 and Miss. Code Ann. § 75-24-15(4), Plaintiffs may not bring a private action for actual damages in a representative capacity.

**THIRTEENTH DEFENSE**

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute, because class actions for money damages are prohibited under Ala. Code § 8-19-10(f).

**FOURTEENTH DEFENSE**

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute because venue is proper only in the county where the causes action for residents of that state accrued and/or where the defendant has a principal place of business or conducts business.

32108301.DOCX

## FIFTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because Answering Defendants did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

## SIXTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because they failed to provide written notice to the Answering Defendants as required by Tex. Bus. & Com. Code § 17.505.

## SEVENTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not act with the "intent to deceive," as required by Tex. Bus. & Com. Code § 17.46.

## EIGHTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not engage in any form of unfair, unconscionable or deceptive acts or practices to induce Plaintiffs, or any other person, to purchase drywall, as required by Tex. Bus. & Com. Code § 17.46.

## NINETEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Alabama because Answering Defendants did not act "knowingly," as required by Ala. Code §§ 8-19-3(4), -13.

### TWENTIETH DEFENSE

Answering Defendants did not engage in any intentional or negligent misconduct. However, to the extent that Plaintiffs assert claims for negligence, Plaintiffs cannot recover on their claims under the Consumer Protection Statutes of Florida, Fla. Stat. Ann. § 501.207(4) and Texas, Tex. Bus. & Com. Code § 17.506, which provide that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

### TWENTY-FIRST DEFENSE

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by the Answering Defendants in designing and formulating drywall and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### TWENTY-SECOND DEFENSE

Plaintiffs cannot recover on their claims because the benefits of the design of Answering Defendants' drywall outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### TWENTY-THIRD DEFENSE

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendants had no control.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

## TWENTY-FIFTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

## TWENTY-SIXTH DEFENSE

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

## TWENTY-SEVENTH DEFENSE

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

## TWENTY-EIGHTH DEFENSE

The Answering Defendants breached no duty allegedly owed to the Plaintiffs.

## TWENTY-NINTH DEFENSE

The Answering Defendants deny, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

## THIRTIETH DEFENSE

The Answering Defendants did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims against an Answering Defendant are barred to the extent that Answering Defendant did not manufacture or market the drywall installed in their homes.

32108301.DOCX

### **THIRTY-SECOND DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### **THIRTY-THIRD DEFENSE**

Plaintiffs' claims are barred because class actions are not recognized under the laws of and are contrary to the public policy of the Answering Defendants' home jurisdictions.

### **THIRTY-FOURTH DEFENSE**

Answering Defendants' liability, if any, for damages is several rather than joint, and should be prorated.

### **THIRTY-FIFTH DEFENSE**

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### **THIRTY-SIXTH DEFENSE**

Plaintiffs' claims for punitive damages fail to state a claim for relief.

### **THIRTY-SEVENTH DEFENSE**

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### **THIRTY-EIGHTH DEFENSE**

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and

similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws plaintiffs seek relief.

### THIRTY-NINTH DEFENSE

Answering Defendants give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendants request that the Complaint be dismissed with prejudice, and that the Answering Defendants be awarded costs and fees incurred in this action.

Respectfully submitted,

By: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

>Counsel for Defendants, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Guangdong Knauf New Building Material Products Co., Ltd.

17

32108301.DOCX

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Defenses of Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Guangdong Knauf New Building Material Products Co., Ltd. to Plaintiffs' Omnibus Class Action Complaint (I) has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 18th day of March, 2011.

/s/ Kyle Spaulding

32108301.DOCX