UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
IN RE: CHINESE MANUFACTURED : MDL NO. 247
DRYWALL PRODUCTS LIABILITY :
LITIGATION : SECTION:  L
---------------------------------------------------------------x
THIS DOCUMENT RELATES TO: : JUDGE FALLON
 :
Rogers v. Knauf Gips KG, *et al.* : MAG. JUDGE WILKINSON
Case No. 10-cv-362 :
---------------------------------------------------------------x

**ANSWER AND DEFENSES OF KNAUF PLASTERBOARD (TIANJIN) CO., LTD.,
KNAUF PLASTERBOARD (WUHU) CO., LTD., AND GUANGDONG KNAUF
NEW BUILDING MATERIAL PRODUCTS CO., LTD. TO PLAINTIFFS'
OMNIBUS CLASS ACTION COMPLAINT (IV)**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu"), and Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan") (collectively, the "Answering Defendants") respond to the corresponding paragraphs of Plaintiffs' Omnibus Class Action Complaint (IV) and Demand for Jury Trial ("Complaint") as follows:

**JURISDICTION, PARTIES, AND VENUE**

1-3. The Answering Defendants admit the allegations of paragraphs 1 through 3 of the Complaint.

**PLAINTIFFS**

4-5. Paragraphs 4 and 5 of the Complaint contain statements as to which no response is required.

6-528. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 6 through 528.

1

**DEFENDANTS**

529. To the extent that the allegations of paragraph 529 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 529 are directed to the Answering Defendants, the allegations are denied.

530. To the extent that the allegations of paragraph 530 are not directed to the Answering Defendants, no response is required. To the extent that the allegations are directed to the Answering Defendants, they are denied, except the Answering Defendants admit that Knauf Gips is a German manufacturer of building materials and systems and aver that Knauf Gips's products are not installed in Plaintiffs' homes.

531. To the extent that the allegations of paragraph 531 are not directed to the Answering Defendants, no response is required. To the extent that the allegations are directed to the Answering Defendants, they are denied, except the Answering Defendants admit that Knauf Gips provides certain services to KPT, Wuhu and Dongguan.

532-533. The Answering Defendants deny the allegations of paragraphs 532 through 533 of the Complaint, except admit that KPT is a foreign manufacturer and seller of gypsum drywall, and that KPT sold drywall that was imported by other companies into the United States.

534. The Answering Defendants deny the allegations of paragraph 534 of the Complaint, except admit that Wuhu is a foreign manufacturer and seller of gypsum drywall, and that Dongguan sold drywall that was imported by other companies into the United States.

535. The Answering Defendants deny the allegations of paragraph 535 of the Complaint, except admit that Dongguan is a foreign manufacturer and seller of gypsum drywall, and that Dongguan sold drywall that was imported by other companies into the United States.

536-679.	Paragraphs 536 through 679 are not directed to the Answering Defendants and therefore no response is required.

## FACTS REGARDING PROBLEMATIC DRYWALL

680.	The Answering Defendants admit the allegations of paragraph 680 of the Complaint with respect to the drywall manufactured by the Answering Defendants.

681-690.	The Answering Defendants deny the allegations of paragraphs 681 through 690 of the Complaint.

## CLASS ACTION ALLEGATIONS

691-698.	The allegations of paragraphs 691 through 698 state legal conclusions to which no response is required.  However, to the extent that paragraphs 691 through 698 of the Complaint contain factual allegations, the Answering Defendants deny the allegations, except admit that Plaintiffs purport to bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and 23(c)(4) of the Federal Rules of Civil Procedure.

699.	The allegations of paragraph 699 state a legal conclusion to which no response is required.  However, to the extent that paragraph 699 of the Complaint contains factual allegations, the Answering Defendants deny the allegations, except deny knowledge or information sufficient to form a belief as to whether the Answering Defendants' drywall is installed in homes, residences, or other structures owned by Plaintiffs and purported Class Members.

700-702.	The allegations of paragraphs 700 through 702 state legal conclusions to which no response is required.  However, to the extent that paragraphs 700 through 702 of the Complaint contain factual allegations, the Answering Defendants deny the allegations.

703. The allegations of paragraph 703 state a legal conclusion to which no response is required. However, to the extent that paragraph 703 of the Complaint contains factual allegations, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

704-707. The allegations of paragraphs 704 through 707 state legal conclusions to which no response is required. However, to the extent that paragraphs 704 through 707 of the Complaint contain factual allegations, the Answering Defendants deny the allegations.

## COUNT I
## NEGLIGENCE

708. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 707 of the Complaint as if fully set forth herein.

709. The allegations of paragraph 709 state a legal conclusion to which no response is required. However, to the extent that paragraph 709 of the Complaint contains factual allegations, the answering Defendants deny the allegations.

710-715. The Answering Defendants deny the allegations of paragraphs 710 through 715 of the Complaint.

## COUNT II
## NEGLIGENCE PER SE

716. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 715 of the Complaint as if fully set forth herein.

717. The allegations of paragraph 717 state a legal conclusion to which no response is required. However, to the extent that paragraph 717 of the Complaint contains factual allegations, the Answering Defendants deny the allegations.

718-722. The Answering Defendants deny the allegations of paragraphs 718 through 722 of the Complaint.

## COUNT III
## STRICT LIABILITY

723. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 722 of the Complaint as if fully set forth herein.

724. The Answering Defendants deny the allegations of paragraph 724 of the Complaint, except admit that they sell drywall.

725. The Answering Defendants deny the allegations of paragraph 725 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether their drywall is installed in purported Class Members' homes.

726. The Answering Defendants deny the allegations of paragraph 726 of the Complaint.

727. The Answering Defendants deny the allegations of paragraph 727 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether their drywall is installed in purported Class Members' homes.

728-730. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 728 through 730.

731-736. The Answering Defendants deny the allegations of paragraphs 731 through 736 of the Complaint.

737. The Answering Defendants deny the allegations of paragraph 737, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding purported Class Members' awareness or perception.

5

738-740. The Answering Defendants deny the allegations of paragraphs 738 through 740 of the Complaint.

## COUNT IV
### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

741. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 740 of the Complaint as if fully set forth herein.

742-748. The Answering Defendants deny the allegations of paragraphs 742 through 748 of the Complaint.

## COUNT V
### BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203

749. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 748 of the Complaint as if fully set forth herein.

750-760. Paragraphs 750 through 760 are not directed to the Answering Defendants and therefore no response is required.

## COUNT VI
### BREACH OF THE IMPLIED WARRANTY OF HABITABILITY

761. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 760 of the Complaint as if fully set forth herein.

762-767. Paragraphs 762 through 767 are not directed to the Answering Defendants and therefore no response is required.

## COUNT VII
### BREACH OF CONTRACT

768. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 767 of the Complaint as if fully set forth herein.

769-771.	Paragraphs 769 through 771 are not directed to the Answering Defendants and therefore no response is required.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT

772.	The Answering Defendants repeat and reallege their responses to paragraphs 1 through 771 of the Complaint as if fully set forth herein.

773-778.	Paragraphs 773-778 are not directed to the Answering Defendants and therefore no response is required.

## COUNT IX
## REDHIBITION

779.	The Answering Defendants repeat and reallege their responses to paragraphs 1 through 778 of the Complaint as if fully set forth herein.

780-787.	The Answering Defendants deny the allegations of paragraphs 780 through 787 of the Complaint.

788.	Paragraph 788 is not directed to the Answering Defendants and therefore no response is required.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT

789.	The Answering Defendants repeat and reallege their responses to paragraphs 1 through 788 of the Complaint as if fully set forth herein.

790.	The Answering Defendants deny the allegations of paragraph 790 of the Complaint.

791.	Paragraph 791 of the Complaint contains a statement as to which no response is required.

792.	The Answering Defendants deny the allegations of paragraph 792 of the Complaint, except admit that they have made certain statements and refer to those statements for their content.

793.	The Answering Defendants deny the allegations of paragraph 793 of the Complaint, except admit that they have made certain statements and refer to those statements for their content.

794-802.	The Answering Defendants deny the allegations of paragraphs 794 through 802 of the Complaint.

## COUNT XI
## PRIVATE NUISANCE

803.	The Answering Defendants repeat and reallege their responses to paragraphs 1 through 802 of the Complaint as if fully set forth herein.

804-809.	The Answering Defendants deny the allegations of paragraphs 804 through 809 of the Complaint.

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE

810.	The Answering Defendants repeat and reallege their responses to paragraphs 1 through 809 of the Complaint as if fully set forth herein.

811-816.	The Answering Defendants deny the allegations of paragraphs 811 through 816 of the Complaint.

## COUNT XIII
## UNJUST ENRICHMENT

817.	The Answering Defendants repeat and reallege their responses to paragraphs 1 through 816 of the Complaint as if fully set forth herein.

818-820. The Answering Defendants deny the allegations of paragraphs 818 through 820 of the Complaint.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS

821. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 820 of the Complaint as if fully set forth herein.

822. Paragraph 822 contains a statement as to which no response is required.

823-825. The Answering Defendants deny the allegations of paragraphs 823 through 825 of the Complaint.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

826. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 825 of the Complaint as if fully set forth herein.

827-828. The Answering Defendants deny the allegations of paragraphs 827 through 828 of the Complaint.

829. The Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraph 829 of the Complaint.

830-838. The Answering Defendants deny the allegations of paragraphs 830 through 838 of the Complaint.

All allegations not specifically admitted are denied.

### DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

32107947.DOCX

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

### SECOND DEFENSE

Plaintiffs have been misjoined.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

### SIXTH DEFENSE

The Answering Defendants did not make to Plaintiffs, nor did Answering Defendants breach, any express or implied warranties.

### SEVENTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice of any alleged breach to the Answering Defendants.

### EIGHTH DEFENSE

To the extent that Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

32107947.DOCX

## NINTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Answering Defendants.

## TENTH DEFENSE

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

## ELEVENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Mississippi because, as provided by Miss. Code Ann. § 75-24-15(2), to bring a private action, a plaintiff must first have attempted to resolve the matter through an informal dispute resolution program approved the Attorney General, which Plaintiffs have not done.

## TWELFTH DEFENSE

Plaintiffs cannot recover on their claims under the Louisiana and Mississippi Consumer Protection Statutes because, under La. Rev. Stat. Ann. § 1409 and Miss. Code Ann. § 75-24-15(4), Plaintiffs may not bring a private action for actual damages in a representative capacity.

## THIRTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute, because class actions for money damages are prohibited under Ala. Code § 8-19-10(f).

## FOURTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute because venue is proper only in the county where the causes action for residents of that state accrued and/or where the defendant has a principal place of business or conducts business.

### FIFTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because Answering Defendants did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

### SIXTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because they failed to provide written notice to the Answering Defendants as required by Tex. Bus. & Com. Code § 17.505.

### SEVENTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not act with the "intent to deceive," as required by Tex. Bus. & Com. Code § 17.46.

### EIGHTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not engage in any form of unfair, unconscionable or deceptive acts or practices to induce Plaintiffs, or any other person, to purchase drywall, as required by Tex. Bus. & Com. Code § 17.46.

### NINETEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Alabama because Answering Defendants did not act "knowingly," as required by Ala. Code §§ 8-19-3(4), -13.

**TWENTIETH DEFENSE**

Answering Defendants did not engage in any intentional or negligent misconduct. However, to the extent that Plaintiffs assert claims for negligence, Plaintiffs cannot recover on their claims under the Consumer Protection Statutes of Florida, Fla. Stat. Ann. § 501.207(4) and Texas, Tex. Bus. & Com. Code § 17.506, which provide that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

**TWENTY-FIRST DEFENSE**

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by the Answering Defendants in designing and formulating drywall and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

**TWENTY-SECOND DEFENSE**

Plaintiffs cannot recover on their claims because the benefits of the design of Answering Defendants' drywall outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

**TWENTY-THIRD DEFENSE**

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendants had no control.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

### TWENTY-FIFTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### TWENTY-SIXTH DEFENSE

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

### TWENTY-SEVENTH DEFENSE

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

### TWENTY-EIGHTH DEFENSE

The Answering Defendants breached no duty allegedly owed to the Plaintiffs.

### TWENTY-NINTH DEFENSE

The Answering Defendants deny, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

### THIRTIETH DEFENSE

The Answering Defendants did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims against an Answering Defendant are barred to the extent that Answering Defendant did not manufacture or market the drywall installed in their homes.

## **THIRTY-SECOND DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

## **THIRTY-THIRD DEFENSE**

Plaintiffs' claims are barred because class actions are not recognized under the laws of and are contrary to the public policy of the Answering Defendants' home jurisdictions.

## **THIRTY-FOURTH DEFENSE**

Answering Defendants' liability, if any, for damages is several rather than joint, and should be prorated.

## **THIRTY-FIFTH DEFENSE**

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

## **THIRTY-SIXTH DEFENSE**

Plaintiffs' claims for punitive damages fail to state a claim for relief.

## **THIRTY-SEVENTH DEFENSE**

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

## **THIRTY-EIGHTH DEFENSE**

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and

similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws plaintiffs seek relief.

### THIRTY-NINTH DEFENSE

Answering Defendants give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendants request that the Complaint be dismissed with prejudice, and that the Answering Defendants be awarded costs and fees incurred in this action.

Respectfully submitted,

By:  /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8485
Facsimile:  (212) 836-6485
Email:  sglickstein@kayescholer.com

32107947.DOCX

                    Counsel for Defendant, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Guangdong Knauf New Building Material Products Co., Ltd.

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Answer and Defenses of Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Guangdong Knauf New Building Material Products Co., Ltd. to Plaintiffs' Omnibus Class Action Complaint (IV) has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 18th day of March, 2011.

                                              /s/ Kyle Spaulding

32107947.DOCX