# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED | : | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | : | |
| LITIGATION | : | SECTION:    L |

---------------------------------------------------------------x

| | | |
|---|---|---|
| THIS DOCUMENT RELATES TO: | : | JUDGE FALLON |
| | : | |
| *Silva, et al. v. Arch Insurance Company, et al.* | : | MAG. JUDGE WILKINSON |
| No. 09-cv-08034 | : | |
| | : | |
| *Amato, et al. v. Liberty Mutual Insurance Co., et al.* | : | |
| No. 10-cv-00932 | : | |
| | : | |
| *Silva, et al. v. Interior Exterior Building Supply,* | : | |
| No. 09-cv-08030 | : | |

---------------------------------------------------------------x

## KNAUF DEFENDANTS' OPPOSITION TO THE MOTION OF INEX, THE JOINT MOTION OF LANDMARK AMERICAN INSURANCE COMPANY AND NATIONAL SURETY CORPORATION, AND THE MOTION OF NORTH RIVER INSURANCE COMPANY  FOR LEAVE TO FILE THIRD PARTY COMPLAINTS AGAINST THE KNAUF DEFENDANTS

The Knauf Defendants submit this opposition to the motion of Interior Exterior Building

Supply, L.P. and Interior Exterior Enterprises, L.L.C. (collectively, "INEX"), the joint motion of

Landmark American Insurance Company ("Landmark") and National Surety Corporation

("National"), and the motion of North River Insurance Company (together with Landmark and

National, the "INEX Insurers") for leave to file third-party complaints against the Knauf

Defendants.[1]  [Rec. Docs. 7638, 7705, 8085, 8118.]  The INEX Insurers contend that they and

their insured, INEX, will be parties to a bellwether trial beginning on or about July 18, 2011.

---

[1]      In particular, INEX and the INEX Insurers seek to assert third-party claims against Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., and Guangdong Knauf New Building Material Products Co., Ltd.

The INEX Insurers seek leave to file third-party complaints against the Knauf Defendants so that they can litigate their third-party claims against the Knauf Defendants in the context of the scheduled bellwether trial in July.

Granting the motions would be inconsistent with this Court's careful plan for resolving this complex litigation.  This Court already has conducted bellwether trials of homeowner claims against manufacturers, including KPT: *Germano* (default judgment inquest against Taishan); *Hernandez* (tried to judgment against KPT, in March 2010); and *Campbell/Clement* (against KPT, settled on the eve of trial in June 2010).  In part as a result of those efforts, the Knauf Defendants and the PSC have entered into the pilot program for remediating homes with all or substantially all KPT drywall.

The previous bellwether trials against manufacturers did not address the responsibility of other parties in the supply chain for damages allegedly caused by Chinese drywall.  The Court has scheduled one such bellwether trial in July to consider claims against INEX.  Under Louisiana law, the fact-finder must apportion fault among all parties found to be jointly liable to the plaintiff "regardless of whether the person is a party to the action or a nonparty."  La. Civ. Code § 2323.  Thus, it is not necessary for INEX and the INEX Insurers to assert third-party claims against the Knauf Defendants for the purpose of securing an apportionment of fault.

On the other hand, requiring the Knauf Defendants to participate in the scheduled bellwether trial will impede efforts to resolve this litigation.  The Knauf Defendants have been devoting their resources to ensuring the success of the pilot program and to negotiations towards the expansion of the pilot program and a more complete resolution of the claims asserted against the Knauf Defendants.  Requiring the Knauf Defendants to prepare for a trial in July would divert their resources from that mission.  As the PSC stated in its recent motion for a protective

order to postpone certain depositions of Knauf witnesses, "the Knauf entities are acting in good faith and are currently involved in administration of the Pilot Program, [and] depositions will only slow the process." Plaintiffs' Motion for a Protective Order Regarding Certain Knauf Depositions at 3 [Rec. Doc. 7746]. Preparing for a trial would involve a significantly more substantial delay in that process by resulting in a greater diversion of resources from those necessary to qualify homes for the pilot program and expand the program.

In addition, the *Silva* cases have been pending since December 2009 and the *Amato* matter has been pending since March 2010. The Knauf Defendants are not parties to those cases. INEX and the INEX Insurers have had more than one year to seek leave to assert third-party claims against the Knauf Defendants in those cases. It is too late now – four months prior to trial – to do so. The Knauf Defendants would be prejudiced by this late amendment. *See*, *e.g.*, *Dos Santos v. Terrace Place Realty, Inc.*, 433 F. Supp. 2d 326, 336 (S.D.N.Y. 2006) (denying motion for leave to implead third-party defendant where "Sankey's potential liability was evident from the very beginning" and "Defendants had an extended period in which to implead Mr. Sankey, and they did not do so").

Finally, even if the Court permitted INEX and the INEX Insurers leave to assert third-party claims against the Knauf Defendants, that would not result in the addition of all of the Knauf Defendants to this case in time for a July trial. The Knauf Defendants are not parties to this case. Although the Knauf Defendants entered into a stipulation with the PSC to accept service of process of certain complaints filed in federal court "on behalf of any person or entity represented by the PSC" [Rec. Doc. 6732], that stipulation does not extend to parties such as INEX and the INEX Insurers, which are not represented by the PSC. KPT has entered into a separate stipulation with INEX under which KPT agreed to accept service of INEX complaints

or third-party complaints. But that stipulation does not extend to any Knauf Defendant other than KPT. And, none of the Knauf Defendants have agreed to accept service of the INEX Insurers' third-party complaints. Thus, INEX would have to serve the foreign Knauf Defendants other than KPT through the Hague Convention and the INEX Insurers would have to serve all the foreign Knauf Defendants through the Hague Convention, which likely would not result in joining them in time to prepare for the scheduled July trial.

For the reasons set forth above, the Court should deny INEX's and the INEX Insurers' motions for leave to assert third-party claims against the Knauf Defendants.

Dated: March 18, 2011                    Respectfully submitted,


                                         By: Kyle A. Spaulding
                                         MILES P. CLEMENTS (#4184)
                                         PETER E. SPERLING (#17812)
                                         KERRY J. MILLER (#24562)
                                         KYLE A. SPAULDING (#29000)
                                         PAUL C. THIBODEAUX (#29446)
                                         FRILOT L.L.C.
                                         1100 Poydras Street
                                         Suite 3700
                                         New Orleans, LA 70163
                                         Telephone: (504) 599-8194
                                         Facsimile: (504) 599-8145
                                         Email: kmiller@frilot.com

                                              - AND -

                                         STEVEN GLICKSTEIN (NY Bar No. 1038157)
                                         JAY P. MAYESH (NY Bar No. 1081603)
                                         KAYE SCHOLER LLP
                                         425 Park Avenue
                                         New York, NY 10022
                                         Telephone: (212) 836-8485
                                         Facsimile: (212) 836-6485
                                         Email: sglickstein@kayescholer.com

                                         Counsel for the Knauf Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Knauf Defendants' Opposition to the

Motion of INEX, the Joint Motion of Landmark American Insurance Company and National

Surety Corporation, and the Motion of North River Insurance Company for Leave to File Third-

Party Complaints Against the Knauf Defendants has been served upon Plaintiffs' Liaison

Counsel and counsel for INEX, Landmark American Insurance Company, National Surety

Corporation and North River Insurance Company by email and by electronically uploading the

same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 18th day of

March, 2011.

<u>/s/ Kyle Spaulding</u>