# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL 2047 SECTION L JUDGE FALLON |
| THIS DOCUMENT RELATES TO: ALL CASES | | MAG. JUDGE WILKINSON |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO INTERIOR EXTERIOR'S MOTION TO DISMISS THE CLAIMS OF CERTAIN PLAINTIFFS WHO HAVE FAILED TO PRODUCE PROFILE FORMS PURSUANT TO F.R.C.P. 37(b)

The Plaintiffs' Steering Committee ("PSC") respectfully submits this Memorandum in Opposition to Interior Exterior's Motion to Dismiss the Claims of Certain Plaintiffs who have Failed to Produce Profile Forms Pursuant to FRCP 37(b) (Rec. Doc. 8025).[1] In the motion papers, Interior Exterior ("INEX") seeks extraordinary relief – the dismissal of the claims arising from nearly 350 properties on Exhibit A to its Memorandum. However, as discussed more fully below, INEX's Exhibit A, which lists the plaintiffs who allegedly have delinquent PPFs, is, at worst, patently incorrect and, at best, misleading. INEX seeks to halt the entirety of these proceedings merely because a miniscule fraction of approximately 10,000 claims pending in this MDL are allegedly missing.

INEX's motion is improper as INEX has failed to comply with FRCP Rule 37. The rationale behind Rule 37 is that alleged deficiencies in discovery are best addressed, as in other complex litigations, directly with the PSC and/or DLC, rather than wasting the Court's resources

---

[1] INEX filed a Supplemental Memorandum in Support of its Motion on the evening that the Plaintiffs' Opposition was due to correct some errors in its Exhibit A. Such an admission of inaccuracy – along with the errors discussed below – calls into question INEX's entire Exhibit A, and this Court should not entertain such a drastic remedy, dismissal, in light of so much uncertainty.

1

on such matters which usually are easily resolved. Had the PSC been consulted or given the list in advance of motion practice which comprises Exhibit A, the matter would have been amicably handled. INEX's lack of any effort to consult the PSC in advance or attempt a good faith effort to work on this issue with the PSC caused the PSC to expend hundreds of attorney and staff hours to ascertain if the PPFs were actually delinquent. This task was made particularly difficult as Exhibit A is merely a list of states with plaintiffs' names beneath the state of their CDW property. The PSC requested that more information be provided such as the omnibus complaint the plaintiff was named on, the property address, and counsel for the plaintiff so the PSC could contact each private counsel to obtain the PPFs, if in fact, a PPF was due. INEX failed to cooperate in this regard. Instead, at great effort, the PSC has involved numerous law firms on the PSC to identify each Exhibit A's plaintiff's exact case, property address, his counsel, and the status of the PPF. Due to the complexity of this process, and the short amount of time in which the PSC had to respond, the Exhibits to this Opposition are a work-in-progress and will be supplemented at the Hearing on INEX's Motion, though most of the names on INEX's list have already been accounted for.

Therefore, the PSC respectfully submits that INEX's motion be denied in its entirety.

## ARGUMENT

I.  **INEX HAS FAILED TO CONFER IN GOOD FAITH WITH THE PSC PRIOR TO FILING ITS MOTION.**

FRCP Rule 37 mandates that the movant confer in good faith with the opposing party over a discovery dispute before it is brought formally to the Court's attention. Before filing its Motion, INEX failed to confer or even discuss the plaintiffs on Exhibit A with any PSC member or with Lead or Liaison Counsel. Instead, all INEX has done is generally (and without any names) lament the fact that PPFs for some Plaintiffs were missing. Without a concrete list of

PPFs INEX claimed delinquent and without meeting with the PSC in good faith to resolve the issue, the PSC was unable to address it. This situation is especially egregious since INEX's list is inaccurate.

INEX has compounded the difficulty of the issue by providing only a list of plaintiff names by state. Due to the scant information provided, it has been extremely difficult for the PSC, which has invested at least 50 attorney and staff hours, to track down not only property addresses, but information about which complaint (if any) the listed person is on, individual counsel contact information, and whether or not a PPF has been served on DLC or even due yet. Had INEX provided sufficient identifying information, and had INEX come to the PSC in good faith with its concerns and had carefully worked on its error-riddled list, substantial fees, talent and resources could have been saved, in addition to avoiding the dissipation of INEX's dwindling insurance proceeds.

For this reason alone – because INEX failed to meet and confer in good faith with the PSC – this Court should deny INEX's Motion.

## II.  A LARGE PORTION OF THOSE PLAINTIFFS CLAIMED BY INEX TO BE IN VIOLATION OF THIS COURT'S ORDER HAVE ALREADY SUBMITTED A PPF TO DEFENSE LIAISON COUNSEL.

A significant portion of those Plaintiffs claimed to be in violation of this Court's Pretrial Order No. 11 have already submitted a PPF to Plaintiffs Liaison Counsel ("PLC"), who has in turn produced the PPF to Defense Liaison Counsel ("DLC"). A list of these plaintiffs is annexed hereto as INEX Exhibit A. Therefore, contrary to INEX's assertion, these plaintiffs are NOT in violation of this Court's PTO 11 or other discovery orders, and their claims should not be dismissed.

If there are problems distributing the PPFs among defendants, it is inappropriate to ask this Court to dismiss the claims of plaintiffs who have fully complied with all Court orders because of the defendants' failure to maintain and distribute PPFs. Here, the PSC believes that the problems lie in communication among the defendants, so the proper discussion should be between individual defendants and DLC. Again, this is a problem that is more properly addressed through a good faith meet and confer process, which would save not only this Court's time and resources, but also the resources of the parties.

### III. DEFENDANTS HAD NOT RECEIVED SOME PPFS BECAUSE THEY WERE NOT DUE AT THE TIME OF THE FILING OF THEIR MOTION.

INEX improperly seeks dismissal of some plaintiffs' claims despite the fact that their PPFs were not yet due at the time of the filing of its Motion.

Per this Court's orders, PPFs are due for plaintiffs with claims in a complaint forty (40) days after the filing of the complaint. On February 7, 2011, the PSC filed *Abreu et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, 11-cv-252, more commonly known is Omnibus Complaint VIII ("OC VIII"). INEX filed its Motion on March 9, 2011, well before the 40 day due-date for OCVIII plaintiffs' PPFs. The impropriety of filing for dismissal of claims due to lacking PPFs despite the PPFs not yet being due is patently obvious. A list of these plaintiffs – whose PPFs were not due at the time of INEX's filing – is attached hereto as INEX Exhibit B. All plaintiffs on this list have produced their PPFs to PLC, who has in turn produced them to DLC. Again, had INEX met and conferred with the PSC over the issue, the PSC would have informed INEX that these PPFs were not yet due, a simple fact INEX should know.

### IV. SOME PLAINTIFFS FROM INEX'S EXHIBIT A COULD NOT BE FOUND BY THE PSC ON ANY COMPLAINT IN THE MDL.

4

INEX's Exhibit A to its motion is a list of plaintiffs' names and states with no other identifying information. Because INEX did not meet and confer with the PSC, the PSC does not know how INEX compiled its list. Subsequent to INEX filing its Motion, the PSC asked for more information on each plaintiff, such as the complaint name and number, the property address, and counsel. INEX did not provide any more information. Therefore, the PSC is unable to fully respond to INEX's claim that a PPF is missing for plaintiffs that the PSC cannot find or identify as being on any Omnibus complaint or on individual complaint in the MDL. Those parties alleged to be plaintiffs, but whom the PSC, despite its best efforts, could not find in any complaint in the MDL, are listed on the attached INEX Exhibit C. Again, this is an issue that could have been worked on by INEX and the PSC had there been a good faith effort for resolution before running to the courthouse.

## V.     SOME PLAINTIFFS FROM INEX'S EXHIBIT A ARE DEFENDANTS IN THE MDL.

Exhibit A to INEX's motion contains the names of parties alleged to be plaintiffs who are deficient in filing PPFs, but are really *defendants* in the MDL. Parties that the PSC could only find as defendants in the MDL, but who are listed on INEX's chart as plaintiffs lacking a PPF, are listed on INEX Exhibit D; common sense dictates how ridiculous this motion is regarding defendants.

## VI.    SOME PLANTIFFS FROM INEX'S EXHIBIT A ARE STATE COURT PLAINTIFFS.

The PSC determined, despite being given scant information by INEX, that some of the plaintiffs listed as not filing a PPF have no claims pending in the MDL; those plaintiffs have claims pending only in state court, and therefore are not subject to the orders of this Court. A list

of these state court plaintiffs, whose claims are only in state court, is attached hereto as INEX Exhibit E.

## VII. SOME PLAINTIFFS FROM INEX'S EXHIBIT A HAVE OR INTEND TO DISMISS THEIR CLAIMS.

Some Plaintiffs on INEX's Exhibit A have already dismissed their claims or are in the process of dismissing their claims in the MDL. A list of these Plaintiffs is attached hereto as INEX Exhibit F. Had INEX's counsel, who speaks with at least one PSC member daily, raised these issues, the Court would not be burdened with this motion.

## VIII. THE PSC IS WORKING DILIGENTLY TO OBTAIN THE STATUS OF THE REMAINING PPFs.

The above-listed categories of Plaintiffs account for the vast majority of PPFs that INEX claims to be missing. The PSC is working diligently to identify and contact individual counsel for these remaining plaintiffs and to ascertain the status of the PPF. At the hearing on the motion, the PSC will provide more up to date INEX exhibits for the Court, all of which will suggest that this motion be denied.

It is a drastic remedy to dismiss claims based upon a failure to provide a PPF, especially based upon INEX's claim that hundreds of plaintiffs have failed to comply with this Court's orders regarding PPFs. In reality, only a small handful of PPFs – out of nearly 10,000 – may be delinquent. Now that this has been brought to the PSC's attention and the PSC has created a list of PPFs INEX claims are missing, the PSC can turn its attention to the matter and can ensure that the PPFs are produced.

## IX. CONCLUSION

As discussed more fully above, INEX's list of missing PPFs is inaccurate and misleading. Further, because this issue is one that the Federal Rules mandate be addressed through a meet

and confer process with the PSC and DLC, the PSC respectfully requests that INEX's motion be denied in its entirety. The PSC will endeavor to ensure that all PPFs are properly served, if any are missing.

                              Respectfully submitted by,

Dated: March 18, 2011            /s/ Dawn M. Barrios
Dawn M. Barrios (LA Bar No. 2821) *(On the brief)*
Bruce S. Kingsdorf (LA Bar No. 7403)
Zachary L. Wool (LA Bar No. 32778)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel, MDL 2047*

Arnold Levin, Esquire
Fred S. Longer, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel
MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
Hausfeld LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 (mailing address)
15058 River Road
Hahnville, LA 70057
PH: (985) 783-6789
FAX: (985) 783-1333
andrew@lemmonlawfirm.com

Jeremy W. Alters
Alters Law Firm
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail <u>and</u> e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No.6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 18th day of March, 2011.

      /s/ Dawn M. Barrios
      Dawn M. Barrios
      Barrios, Kingsdorf & Casteix, LLP
      701 Poydras Street, Suite 3650
      New Orleans, LA 70139
      Phone: (504) 524-3300
      Fax: (504) 524-3313
      Barrios@bkc-law.com