UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL 2047 SECTION L JUDGE FALLON |
| THIS DOCUMENT RELATES TO: ALL CASES | | MAG. JUDGE WILKINSON |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
BANNER SUPPLY ENTITIES' MOTION TO DISMISS CLAIMS OF PLAINTIFFS
WHO COMPLETELY FAILED TO COMPLY WITH DISCOVERY AND
THIS COURT'S ORDER TO FILE PROFILE FORMS**

The Plaintiffs' Steering Committee ("PSC") respectfully submits this Memorandum in Opposition to the Banner Supply Entities' Motion to Dismiss Claims of Plaintiffs who Completely Failed to Comply with Discovery and this Court's Order to File Profile Forms (Rec. Doc. 7892). In their motion papers, the Banner Supply Entities ("Banner") seek extraordinary relief – the dismissal of the claims arising from nearly 360 properties on Exhibit A to their Memorandum. However, as discussed more fully below, Banner's Exhibit A is, at best, riddled with errors and, at worst, completely misleading, but most importantly, it is a waste of counsel's and judicial time and energy. Banner seeks to halt the entirety of these proceedings merely because a small fraction of the approximate 10,000 claims in the MDL may have missing PPFs.

Banner's motion is improper. Banner has failed to comply with FRCP Rule 37. The rationale behind Rule 37 is that alleged deficiencies in discovery are best addressed directly by counsel discussing the issues, rather than wasting the Court's resources on such matters which usually are easily resolved. Had the PSC been consulted or given the list in advance of motion practice which comprises Exhibit A, the matter would have been amicably handled. Despite

1

Banner's lack of any effort to consult in advance, much less a good faith effort to work on this issue with the PSC, the PSC has expended a substantial amount of attorney and staff hours to ascertain more information about the names on Banner's Exhibit A, such as who the individual counsel are so that there can be discussion between the PSC and individual counsel about the PPF. This task was made particularly difficult as Exhibit A does not contain counsel information and was not provided in a searchable format. The PSC requested this information and Banner did not cooperate.

Banner has not only failed to meet and confer on this discovery issue in violation of the Federal Rules, but it has not demonstrated a spirit of cooperation or good faith. It is inconceivable to the PSC that Banner didn't collect the names of counsel for those plaintiffs on Exhibit A. In just the short amount of time between filing the Motion to Dismiss and the filing of this Opposition, through its effort, the PSC has involved numerous law firms on the PSC to identify each Exhibit A's plaintiff's counsel and the status of the PPF. Due to the complexity of this process, and the short amount of time in which the PSC had to respond, the Exhibits to this Opposition are a work-in-progress and will be supplemented at the Hearing on Banner's Motion, though most of the names on Banner's list have already been accounted for.

Therefore, the PSC respectfully submits that Banner's motion should be denied.

## ARGUMENT

**I.      BANNER HAS FAILED TO CONFER IN GOOD FAITH WITH THE PSC PRIOR TO FILING ITS MOTION.**

FRCP Rule 37 requires that the movant confer in good faith with the opposing party over a discovery dispute before it is brought formally to the Court's attention. Before filings its Motion, Banner failed to confer with the PSC. Instead, all Banner did was complain generally that PPFs for some Plaintiffs were missing. Banner neglected to provide the PSC with a list prior

to filing the motion; instead, the PSC's first notice of specific plaintiffs was when it was served with the motion. Without a concrete list of PPFs Banner claimed delinquent and without meeting with the PSC in good faith to resolve the issue, the PSC could not address the issue.

In response to Banner's motion practice prior to meeting and conferring, the PSC had to expend a substantial amount of attorney and staff hours trying to ascertain more information about the names on Banner's Exhibit A. In just a short amount of time from the filing of the motion through the filing of this Opposition, through its effort, the PSC has created the attached Exhibits, which explain the status of the PPFs for those listed by Banner as being delinquent. Due to the time it takes to complete this process, and the short amount of time in which the PSC had to respond, the Exhibits to this Opposition are a work-in-progress and will be supplemented at the Hearing on the Motion, though most of the names on Banner's list have already been accounted for.

For this reason alone – because Banner failed to meet and confer in good faith with the PSC – this Court should deny Banner's Motion.

II.   **A LARGE PORTION OF THOSE PLAINTIFFS CLAIMED BY BANNER TO BE IN VIOLATION OF THIS COURT'S ORDER HAVE ALREADY SUBMITTED A PPF TO DEFENSE LIAISON COUNSEL.**

A significant portion of those Plaintiffs Banner claims to be in violation of this Court's Pretrial Order No. 11 have already submitted a PPF to Plaintiffs Liaison Counsel ("PLC"), who has in turn produced those PPFs to Defense Liaison Counsel ("DLC") prior to the filing of this motion. A list of these plaintiffs is annexed hereto as Banner Exhibit A. Therefore, contrary to Banner's assertion, these plaintiffs are NOT in violation of this Court's PTO 11 or other discovery orders, and their claims should not be dismissed.

It is inappropriate to take this Court's valuable time to seek dismissal of the claims of those plaintiffs because of Defendants' failure to communicate and distribute PPFs among themselves so all would know which PPFs were served. Again, this apparent miscommunication among defense counsel is best addressed internally with all defense counsel and then, if necessary, through a good-faith meet and confer with the PSC, and not through motion practice that only wastes this Court's time and resources.

### III. DEFENDANTS HAD NOT RECEIVED SOME PPFS BECAUSE THEY WERE NOT DUE AT THE TIME OF THE FILING OF THEIR MOTION.

Banner improperly seeks dismissal of some plaintiffs' claims despite the fact that their PPFs were not yet due at the time of the filing of its motion.

Per this Court's orders, PPFs are due for plaintiffs with claims in a complaint forty (40) days after the filing of the complaint. On February 7, 2011, the PSC filed *Abreu et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, 11-cv-252, more commonly known is Omnibus Complaint VIII ("OC VIII"). Banner filed its Motion on March 7, 2011, well before the 40 day due-date for OCVIII plaintiffs' PPFs. The impropriety of filing for dismissal of claims due to lacking PPFs despite the PPFs not yet being due is patently obvious.

In addition, Banner claims that PPFs are missing for class representatives from the Fifth Amended Complaint in the *Vickers* case. On February 1, 2011, this Court granted Plaintiffs' Motion to Amend Fourth Amended Complaint and deemed the Complaint filed as of that date. Therefore, at the time Banner filed its Motion, the PPFs for those class representatives were not yet due.

A list of these plaintiffs – whose PPFs were not due at the time of Banner's filing – is attached hereto as Banner Exhibit B. Again, had Banner contacted the PSC with its list before

filing its Motion, the PSC would have noted that many PPFs for the plaintiffs on Banner Exhibit B were not yet due.

IV. **A SIGNIFCANT PORTION OF DEFENDANTS' ALLEGED DEFICIENCIES IN PPFS STEM FROM CLAIMS MADE BY AN ENTITY SEEKING RECOVERY FOR MULTIPLE PROPERTIES.**

Banner's list of missing PPFs contains plaintiffs making claims on behalf of multiple properties. For example, Promenade at Tradition Community Association, Inc., which appears on Banner's Exhibit A, is asserting claims for damage due to the presence of Chinese drywall for over 50 individual condominium units. Counsel for the Association filed one PPF on behalf of the Association for all of the units and Banner motion complains that there are missing a PPF for each unit.

A list of these condominium and other similar units is attached hereto as Banner Exhibit C. Currently, the PSC is working with Banner's counsel to address the matter with the goal of coming to a mutually agreeable solution to provide Banner with the information it needs to evaluate the claim short of a PPF for each individual unit. (Depending on the condominium documents, the condominium association may own the interior walls, and thus the drywall.) Had Banner alerted the PSC to its concerns over condominium unit PPFs before it filed the motion, this issue would have been worked out as it is being done now.

V. **TWO PLAINTIFFS ON BANNER'S EXHIBIT A HAD DISMISSED THEIR CLAIMS.**

Two plaintiffs Banner seeks to dismiss have already dismissed their claims. Therefore, no PPF is due. See Banner Exhibit D. All Banner had to do to learn this fact was to check the docket or contact the PSC.

VI. **THE PSC IS WORKING DILIGENTLY TO OBTAIN THE STATUS OF THE REMAINING PPFs.**

The above-listed categories of Plaintiffs account for a substantial number of the PPFs Banner claims to be missing. The PSC is working diligently to identify and contact individual counsel for these remaining plaintiffs and to ascertain the status of the PPF. It is a drastic remedy to dismiss claims based upon a failure to provide a PPF, especially in light of Banner's claim that hundreds of plaintiffs have failed to comply with this Court's orders regarding PPFs, when in reality, only a small handful of PPFs – out of nearly 10,000 – may be delinquent. Now that this has been brought to the PSC's attention by the filing of a formal motion and order, and that a list of PPFs Banner claims are missing has been provided, the PSC can turn its attention to the matter and can ensure that other PPFs are produced.

## VII. CONCLUSION

As discussed more fully above, Banner's list of missing PPFs is wrong and thus misleading.. Further, because of Banner's failure to meet and confer with the PSC on this issue, the PSC respectfully requests that Banner's Motion be denied.

Respectfully submitted by,

Dated: March 18, 2011

/s/ Dawn M. Barrios
Dawn M. Barrios (LA Bar No. 2821) *(On the brief)*
Bruce S. Kingsdorf (LA Bar No. 7403)
Zachary L. Wool (LA Bar No. 32778)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel, MDL 2047*


Arnold Levin, Esquire
Fred S. Longer, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel
MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
Hausfeld LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 (mailing address)
15058 River Road
Hahnville, LA 70057
PH: (985) 783-6789
FAX: (985) 783-1333
andrew@lemmonlawfirm.com

Jeremy W. Alters
Alters Law Firm
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail <u>and</u> e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No.6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 18th day of March, 2011.

                        /s/ Dawn M. Barrios
                        Dawn M. Barrios
                        Barrios, Kingsdorf & Casteix, LLP
                        701 Poydras Street, Suite 3650
                        New Orleans, LA 70139
                        Phone: (504) 524-3300
                        Fax: (504) 524-3313
                        Barrios@bkc-law.com