UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL<br><br>PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE<br>WILKINSON |

**************************************************

THIS DOCUMENT RELATES TO:

KENNETH ABEL, ET AL. vs. TAISHAN GYPSUM, ET AL; CASE NO. 11-080

---

### MEMORANDUM IN SUPPORT OF
### MOTION TO DIMISS

**MAY IT PLEASE THE COURT:**

Defendant, Venture Supply, Inc. (hereinafter sometimes "Venture Supply" or "Venture"), through undersigned counsel, appearing solely for the purpose of this Motion to Dismiss, moves this Honorable Court to issue an Order dismissing the claims of the intervening plaintiffs in *Plaintiff's, Kenneth Abel, Omnibus Class Action Complaint (VII)* (Rec. Doc. 1) under Fed. R. Civ. Pro. Rule 12 (b)(2) and (3) for the reasons articulated below. Specifically, Venture Supply, Inc. is not subject to, nor have they submitted to, the jurisdiction of this Court, and the Eastern District of Louisiana is an improper venue for the proceedings against Venture Supply, Inc.

1

## I. BACKGROUND FACTS

This case includes numerous and varying claims arising out of the importation, installation, and use, of allegedly tainted dry wall. Venture Supply is alleged to be a distributor of the potentially hazardous drywall. On January 14, 2011, plaintiffs filed a "Class Action Complaint" naming Venture Supply, and many other entities as defendants. (Rec. Doc. 1). Venture Supply is correctly alleged to be a Virginia corporation, with its principle place of business located in Norfolk, Virginia. (Rec. Doc. 1). The plaintiffs' allegations against Venture Supply are primarily contained within paragraph 888 of the Amended Complaint, including allegations that Venture, "imported distributed, delivered, supplied, inspected, marketed, and/or sold defective drywall to builders that was supplied to and damaged Plaintiffs and Class Members"; that Venture Supply, "imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold" defective drywall directly to some Plaintiff [sic] and Class Members.

As this Court is aware, this class action suit filed by the plaintiffs is related to numerous other filings across the country, all arising out of similar allegations that certain drywall, imported from China, is potentially hazardous. It is believed that Venture Supply was originally named as a defendant as they are a distributor of drywall.

However, Venture Supply does not maintain minimum contacts with the State of Louisiana sufficient to allow jurisdiction by this Honorable Court. Accordingly, Venture Supply moves this Court to issue an Order dismissing the intervening plaintiffs' Complaint against Venture Supply for lack of personal jurisdiction, and/or for improper venue.

## II. LAW AND ARGUMENT

### A. Venture Supply, Inc. is not subject to personal jurisdiction in Louisiana.

On January 14, 2011, plaintiffs filed a "Class Action Complaint" naming Venture Supply, and many other entities as defendants. (Rec. Doc. 1). Venture Supply is correctly alleged to be a Virginia corporation, with its principle place of business located in Norfolk, Virginia. (Rec. Doc. 1). In the Complaint and Amended Complaint, the plaintiffs allege, Venture Supply, "imported distributed, delivered, supplied, inspected, marketed, and/or sold" defective drywall to builders that was supplied to and damaged Plaintiffs and Class Members. (Rec. Doc. 1, Paragraph 888). Plaintiffs correctly state that Venture Supply is a Virginia corporation, with its principle place of business located at 1140 Azalea Garden Road, Norfolk, Virginia, 23502. (Rec. Doc. 1).

Venture Supply is not authorized to do, and has never done, any business in the State of Louisiana. (Exhibit "A"). Venture Supply is not aware of any of their products making their way to Louisiana. (Exhibit "A"). Additionally, Venture Supply has never advertised in any publications targeted to the State of Louisiana, has never received any business from any contacts in Louisiana, does not maintain an office in Louisiana, and does not solicit any business in Louisiana. (Exhibit "A").

Initially, it is clear that when the jurisdiction of the Court over the defendant is challenged, the burden rests with the plaintiffs to prove there is personal jurisdiction. *Familia De Boom v. Arosa Mercantil*, S.A., 629 F.2d 1134 (5th Cir. 1980). Therefore, in the present matter, the burden rests with the plaintiffs/intervening plaintiffs to demonstrate to this Court that there is personal jurisdiction over Venture Supply. However, as will be demonstrated below, the plaintiffs/intervening plaintiffs are unable to meet their burden of proof.

As this Court is aware, there are two types of analyses that are applied to issues of jurisdiction, "specific" and "general". When a cause of action arises out of a defendant's purposeful contacts with the forum, the appropriate consideration is "specific" jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, however, due process requires that the defendant have engaged in "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Essentially, "general jurisdiction" requires a higher level of contact with the forum to support jurisdiction over the defendant. However, as detailed below, Venture Supply is not subject to the jurisdiction of this Honorable Court under either a specific or general jurisdiction analysis.

### 1) SPECIFIC JURISDICTION

The Fourteenth Amendment's Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 10/31/2002); citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Fifth Circuit has clarified that when determining whether a court may assert jurisdiction over a non-resident defendant there are two components. *Dalton v. R&W Marine*, Inc., 897 F.2d 1359, 1360 (5th Cir. 4/13/1990). Initially, the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute. *Id*. Second, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *Id*; *See*

*Stuart v. Spademan,* 772 F.2d 1185 (5th Cir.1985). Louisiana's long-arm statute, La. R.S. 13:3201, provides in pertinent part,

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

"In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." La. R.S. 13:3201 (B).

Accordingly, under the applicable case law and the Louisiana long-arm statute the proper analysis is whether exercising jurisdiction would violate the Due Process clause. The pertinent consideration regarding jurisdiction over Venture Supply is whether Venture Supply has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington,* 326 U.S. at 316 (citations omitted). The Fifth Circuit has developed a three part test in order to determine whether jurisdiction is appropriate under the Due Process Clause and

5

*International Shoe*. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 10/31/2002). First, the Court analyzes whether the defendant has minimum contacts with the forum state, i.e. whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. Second, the appropriate inquiry is whether the plaintiff's cause of action arises out of, or results from, the defendant's forum-related contacts. The last consideration is whether the exercise of personal jurisdiction is fair and reasonable.

> **a) <u>Venture did not purposefully direct its activities toward Louisiana.</u>**

In order to determine whether Venture Supply has minimum contacts with Louisiana, the Court, "must identify some act whereby [Venture Supply] 'purposely avail[ed] itself of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws.'" *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469-470 (5th Cir. 1/25/2006). In other words, Venture Supply's conduct must show that it "reasonably anticipates being haled into Court" in Louisiana. *Id*. at 470; citing *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). However, **Venture Supply has not committed <u>any</u> act to show that it reasonably anticipates being haled into court in Louisiana, and the burden is on the plaintiffs to prove to the contrary.**

Plaintiffs are unable to meet their burden of proof as established by this Court and the United States Fifth Circuit. As stated above, <u>Venture Supply has not sold any of its products to any customers in the State of Louisiana.</u> (Exhibit "A"). <u>Venture Supply has not targeted any of its activities towards the State of Louisiana.</u> (Exhibit "A"). <u>Venture Supply is unaware, and it has not been established, that any of its products even entered Louisiana.</u> (Exhibit "A"). Plaintiffs

have not established any fact to the contrary, and it is their burden to make such a showing to this Court.

### b) Plaintiff's/Intervening Plaintiff's claims do not arise out of any contact with Louisiana by Venture.

The second inquiry under the Fifth Circuit's test established in *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 10/31/2002), is whether plaintiff's/intervening plaintiff's cause of action relates to the defendant's forum-related contacts. This case involves allegedly defective drywall. Venture Supply is not aware of any of their products making their way to Louisiana. (Exhibit "A"). Although plaintiffs/intervening plaintiffs have made vague and generic allegations about "distributing defective drywall to Class Members," plaintiffs/intervening plaintiffs have no information or evidence to show that this litigation relates to any contacts with Louisiana by Venture. Consequently, the plaintiff's/intervening plaintiff's cause of action cannot arise from or relate to these non-existent contacts.

### c) Exercising jurisdiction over Venture would violate the dictates of *International Shoe*.

Lastly, the Court must inquire into whether the exercise of jurisdiction in Louisiana would "offend traditional notions of fair play and substantial justice." *Id*.; citing *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154. Venture Supply is not authorized to do, and has never done, any business in the State of Louisiana. (Exhibit "A"). Venture Supply is not aware of any of their products making their way to Louisiana. (Exhibit "A"). Additionally, Venture Supply has never advertised in any publications targeted to the State of Louisiana, has never received any business from any contacts in Louisiana, does not maintain an office in Louisiana, and does not solicit any business in Louisiana. (Exhibit "A").

7

Venture Supply incorporates all of the previous arguments and submits to this Court, that requiring them to defend a suit in a state where they have absolutely no contacts, and the plaintiffs/intervening plaintiffs have failed to establish that any products distributed by Venture Supply have entered the forum or caused injury, would "offend traditional notions of fair play and substantial justice." Furthermore, the burden and expense of litigating in Louisiana, and the expected heavy amount of travel from Virginia in order to defend the allegations in this complex litigation outweighs the benefit of exercising jurisdiction. See in general: *Felch v. Transportes Lar-Mex SA De CV*, 92 F.3d 320, 324 (5th Cir. 1996) (Wherein the Fifth Circuit announces the reasonableness factors discussed *infra*). While Louisiana has an interest in protecting its citizens, and Venture Supply acknowledges this fact, Venture Supply has never directed any activity to the citizens of Louisiana (Exhibit "A"), and plaintiffs/intervening plaintiffs must satisfy their *prima facie* showing prior to this Court considering Louisiana's interest in adjudicating this matter. Next, the plaintiff may secure relief in a proper forum, other than the Eastern District of Louisiana. Venture Supply is a Virginia corporation with its principle place of business in Virginia. Accordingly, the plaintiffs have already filed a complaint against Venture Supply in Virginia. Lastly, the shared interests of the several states would be furthered by adhering to the long-held requirements that a defendant maintain minimum contacts with a forum prior to being subject to the jurisdiction of that forum's courts.

For the reasons set forth above, the plaintiffs have not satisfied their burden of proof in justifying this Court's exercise of jurisdiction over Venture Supply, Inc. under a specific jurisdiction analysis.

### *2) GENERAL JURISDICTION*

It is anticipated that the plaintiffs/intervening plaintiffs will also argue that this Court should exercise jurisdiction over Venture Supply even in the event that the cause of action did not arise out of Venture Supply's contacts with Louisiana.

As previously set forth, where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, due process requires that the defendant have engaged in the higher standard of "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

The Louisiana Eastern District addressed the issue of general jurisdiction in *Olagues v. Kousharian*, 557 F.Supp.2d 731 (E.D. La. 5/27/2008). In *Olagues*, the Eastern District stated that general jurisdiction may be exercised over a defendant where that defendant has "continuous and systematic general business contacts with the forum state." *Id*. at 738; citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. at 416. Consequently, the plaintiffs would be subject to a higher burden of proving that Venture Supply engaged in, "continuous and systematic" contacts. The *Olagues* court found, "**The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and forum**." (Emphasis Added). *Id*; citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). As discussed above, 1) Venture Supply is not aware of any of their products making their way to Louisiana, 2) They never advertised in any publications targeted to the State of Louisiana, 3) Venture Supply has never received any business from any contacts in Louisiana, 4) They do not maintain any offices in Louisiana, and 5) Venture Supply does not solicit any business in Louisiana. (Exhibit "A").

Further, even repeated contacts by Venture Supply, which at all times is vehemently denied, with Louisiana, "may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Id.*; citing *Revell v. Lidov*, 317 F.3d 467, 471 (5th. Cir. 2002). Even if the plaintiffs were able to establish some of the products Venture Supply distributed ultimately found their way to Louisiana, this Court has found that, random, fortuitous, or attenuated contacts will not be sufficient for the Court to find that general jurisdiction exists. *Id.* at 738.

### 3) EFFECT OF THESE PROCEEDINGS AS A CLASS ACTION OR MULTI-DISTRICT LITIGATED MATTER

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on a class certification. *In Re: train Derailment Near Amite, Louisiana, on October 12, 2002*; 2004 WL 224573 (E.D. La. 2/3/2004). In that case, the plaintiff brought suit against two railroad defendants arising out of a train derailment in Louisiana. *Id.* at *1. The plaintiff asserted individual and class claims. The defendant asserted that it was not amenable to suit in Louisiana. In opposition, the plaintiff asserted that the Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." *Id.* at *1. Following the analysis of jurisdiction, the Court concluded, "Finally, this Court is unpersuaded that the certification of a class in this case has any bearing on [the defendant's] motion to dismiss for lack of personal jurisdiction. **The personal jurisdiction determination depends solely on [the defendant's] conduct in and contacts with the forum state.**" *Id.* at *3.

**B. The Eastern District of Louisiana is an improper forum for any claims brought against Venture Supply, Inc.**

Alternatively, should this court find that Venture Supply is subject to personal jurisdiction, the Eastern District of Louisiana is not the proper forum for the claims against Venture Supply.

28 U.S.C.A. § 1404 states in pertinent part:

**(a)** For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**(b)** Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings *in rem* brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

Additionally, 28 U.S.C.A. § 1406 states in pertinent part:

**(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

As is discussed at length above, the Eastern District of Louisiana does not possess jurisdiction over Venture Supply. Additionally, or in the alternative, the Eastern District of Louisiana is an improper venue for any and all claims brought against Venture Supply. 1) Venture Supply is not aware of any of their products making their way to Louisiana, 2) They never advertised in any publications targeted to the State of Louisiana, 3) Venture Supply has never received any business from any contacts in Louisiana, 4) They do not maintain any offices in Louisiana, and 5) Venture Supply does not solicit any business in Louisiana. (Exhibit "A"). The plaintiffs/intervening plaintiffs are unable to establish that any activities on behalf of Venture Supply occurred in the state of Louisiana, that any of Venture Supply's products ended

11

up in the forum, or that Venture Supply is even subject to jurisdiction in this district. If this court does not dismiss the claims against Venture for lack of personal jurisdiction, the convenience of the parties and witnesses and interests of justice require a transfer of this case. Venture Supply prays that this Honorable Court dismiss the plaintiffs' claims against Venture Supply, or transfer said claims to a venue where they could have originally been brought, namely Virginia.

### III.     CONCLUSION

On January 14, 2011, plaintiffs filed a "Class Action Complaint" naming Venture Supply, and many other entities as defendants. (Rec. Doc. 1). Venture Supply is correctly alleged to be a Virginia corporation, with its principle place of business located in Norfolk, Virginia. (Rec. Doc. 1). However, Venture Supply does not have minimum contacts within Louisiana sufficient to be subject to the Jurisdiction of this Honorable Court. This complaint fails to demonstrate any evidence for the exercise of jurisdiction over Venture Supply by this Honorable Court. The Fifth Circuit is clear that when the jurisdiction of the Court over the defendant is challenged, the burden rests with the plaintiffs to prove there is personal jurisdiction. *Familia De Boom v. Arosa Mercantil*, S.A., 629 F.2d 1134 (5th Cir. 1980). In the present matter, Venture Supply has demonstrated to this Court that the exercise of jurisdiction would be improper. In the alternative, Venture Supply argues that venue is also improper in the Eastern District of Louisiana.

Accordingly, defendant, Venture Supply, Inc., prays that its Motion to Dismiss pursuant to Fed. R. Civ. Pro. Rule 12 be granted, and that this Honorable Court dismiss the claims made in *Plaintiff's, Kenneth Abel, Omnibus Class Action Complaint (VII)* (Rec. Doc. 1), against Venture Supply, Inc. as this Court does not have personal jurisdiction over Venture Supply, Inc.,

and the Eastern District of Louisiana is an improper venue for any claims against Venture Supply, Inc.

Respectfully submitted,

/s/   Brett M. Bollinger
Brett M. Bollinger, LSBA #24303
Mark W. Verret, LSBA #23853
Dax C. Foster, LSBA #30506
Allen & Gooch
3900 North Causeway Boulevard, Ste. 1450
Metairie, Louisiana 70002
Telephone:  (504) 836-5285
Facsimile:   (504) 836-5289
Attorneys for Venture Supply, Inc.

And

Mark C. Nanavati, Esq. (VSB #38709)
Kenneth F. Hardt, Esq. (VSB #23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mille Drive
Midlothian, Virginia 23114
Telephone: (804) 378-7600
Facsimile:  (804) 378-2610
Attorneys for Venture Supply, Inc.

# **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 21st day of March, 2011.

/s/   Brett M. Bollinger
Brett Bollinger