UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| THIS DOCUMENT RELATES TO: | SECTION: L |
| Payton, et al. v. Knauf Gips, KG, et al.<br>Case No. 09-cv-7628 | JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| Silva, et al. v. Arch Insurance Co., et al.<br>Case No. 09-cv-8034 | |

### MITCHELL COMPANY INC.S REPLY IN SUPPORT OF MOTION TO INTERVENE IN *SILVA, ET AL. V. KNAUF GIPS, ET AL.* AND *PAYTON, ET AL. V. KNAUF GIPS, ET AL.*

Pursuant to this Court's Order dated March 17, 2011, The Mitchell Company, Inc. ("Mitchell") respectfully submits this reply in support of its motion to intervene in the above-caption cases for the purpose of presenting argument on the question of whether a class of home builders may proceed on a classwide basis as plaintiffs against certain of the *Payton* and *Silva* defendants, including Interior/Exterior, from whom Mitchell and the class of home builders it seeks to represent have purchased defective Chinese drywall.

In their Joint Opposition to Mitchell's motion, Interior Exterior Building Supply, L.P (Interior Exterior) and Knauf Plasterboard (Tianjin) Co. Ltd. (KPT) (together the Objectors) incorrectly argue that Mitchell's motion is untimely and that Mitchell's interests are not sufficiently implicated to warrant intervention. As demonstrated below, the Objectors are wrong on both counts.

## ARGUMENT

### I.     Mitchell Is Entitled To Intervention As Of Right

Under Rule 24(a), Mitchell is entitled to intervention as of right because (1) the application for intervention is timely; (2) Mitchell has a sufficient interest in the litigation; (3) that interest may be impaired by the disposition of the action; and (4) that interest is not adequately represented by an existing party in the litigation. *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 690 F.2d 1203, 1208 (5th Cir. 1982). Objector's arguments to the contrary lack merit and should be rejected.

#### A.     Mitchell's Motion To Intervene Is Timely

Objectors concede that Mitchell submitted its motion to intervene in accordance with the applicable deadline established in this Court's March 1, 2011 Order. It is undisputed that this Court has broad discretion to enter such pre-trial orders as may be necessary to manage the efficient adjudication of the cases before it. Fed. R. Civ. P. 6(b); 16(d); 23(d)(1)(C). Further, it is undisputed that submissions filed within deadlines established by the Court are considered timely. Fed. R. Civ. P. 6(b). Nonetheless, Objectors argue that this Court should ignore its own Order and find that Mitchell's motion is untimely. (Opp. at 3-5).

Objectors cite *Stallworth* for the four factors courts consider in assessing timeliness: (1) how long the potential intervener knew or reasonably should have known of his stake in the case into which he seeks to intervene; (2) the prejudice, if any, the existing parties may suffer due to late intervention; (3) the prejudice, if any, the potential intervener may suffer if the court does not let him intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263-67 (5th Cir. 1977). Without any explanation whatsoever, Objectors conclude that, (1) despite meeting the filing

deadline, Mitchell was "dilatory" in its filing; and (2) "the prejudice [caused] by this delay is manifest." (Opp. at 5).

These conclusory statements are insufficient to support a finding of untimeliness. As Objectors concede, Mitchell filed its motion by the Court-ordered deadline. This fact supports a finding of timeliness under the first and fourth factors of the *Stallworth* test. In addition, as addressed below, the prejudice to Mitchell if it is not allowed to intervene far outweighs any potential for prejudice to the Objectors if Mitchell is permitted to participate in the *Payton* and *Silva* proceedings.

### B.   Mitchell Has An Unrepresented Interest That May Be Impaired By The Outcome Of The *Silva* And *Payton* Matters

Objectors incorrectly suggest that Mitchell lacks "a direct, substantial, legally protectable interest" as required by *In re Lease Oil Antitrust Litig.*, 570 F.3d. 244, 247-48 (5th Cir. 2009). To the contrary, Mitchell and the class of home builders it seeks to represent purchased defective Chinese drywall directly or indirectly from Interior Exterior. As a result, Mitchell and the class have rights to contribution and indemnity, among other claims for damages against Interior Exterior. Because no other party in the *Silva* and *Payton* matters represents the interests of Mitchell or a class of home builders as plaintiffs, the home builders' claims could be affected and impaired by any determination this Court should make -- without the benefit of home builders' participation -- regarding class proceedings or settlement.

Objectors argue that Mitchell and other homebuilders should pursue their contribution and indemnity claims in a separate forum. (Opp. at 6). In support of this argument, Objectors assume that Mitchell and other homebuilders have received releases from homeowners whose properties have been remediated. (*Id.*) As to unremediated homes, however, Mitchell and

members of the home builder class retain exposure for homeowner claims. Thus, the homeowner and homebuilder claims overlap significantly. Unless Mitchell is permitted to intervene on behalf of a class of home builder plaintiffs, the builders' rights could be compromised or lost by the disposition of the homeowner claims.

## II.     Permissive Intervention Is Warranted

Under Rule 24(b), this Court may permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Here, Mitchell shares numerous common questions of law and fact with the parties to the *Silva* and *Payton* cases. Mitchell seeks to establish Interior Exterior's and KPT's liability for damages resulting from the purchase and use of defective Chinese Drywall. In addition, Mitchell, like the homeowner plaintiffs, seeks the Court's determination of whether the action is appropriate for class treatment.

In exercising its discretion under Rule 24(b), the court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). Objectors argue that intervention by Mitchell would delay the proceedings insofar as Mitchell proposed in its Amended Complaint to represent a class of homebuilders from 6 states (AL, MS, LA, GA, TX, and FL), while the *Silva* and *Payton* cases only include homeowners from Louisiana and Florida, respectively. To reduce the risk of any potential delay or burden, Mitchell is willing to intervene on behalf of home builders in Louisiana and Florida only. Allowing Mitchell to intervene in such a limited capacity will not result in undue delay or prejudice. Rather, Mitchell's participation will promote efficiency for the parties and the Court by allowing the Court to consider and determine, in a single proceeding, the viability of a both homeowner and a builder class.

Moreover, practical considerations weigh in favor of allowing Mitchell to intervene at this stage. Allowing Mitchell to present the home builders' third party claims in the same proceeding as the homeowner claims will save time and resources compared to a separate proceeding involving the same defendants, identical legal theories, overlapping witnesses, and duplicative testimony. In addition, addressing homebuilder class claims alongside homeowner claims will reduce the likelihood of disparate results. Further, as the Court has observed in parallel proceedings within the MDL, the parties have struggled to reach global resolution in matters where the homebuilders are unrepresented. *Vickers, et al. v. Knauf Gips, KG, et al.*, Case No. 09-04117, in which this Court recently allowed Regatta Construction LLC to intervene for settlement purposes on behalf of a home builder class, is a prime example. Mitchell therefore respectfully submits that justice and efficiency would best be served by allowing the homebuilders claims against Interior Exterior to be heard simultaneously with the homeowners' similar claims.

## CONCLUSION

In sum, the class actions, if certified will either be settled or tried. If settled, it will be practically impossible to fashion any meaningful and complete relief without the participation of the builders of the affected homes, who have both affirmative claims and claims for contribution and indemnity. If the matter is tried, the fact finder will benefit from participation from the builders, the Court will benefit from resolving all the claims related to the homes at issue, and the parties will benefit in that there will be a single factual finding allocating the losses appropriately. In this way there is no risk of inconsistent results and judicial economy is best served. Intervention will also create no delay. For the reasons set forth above, Mitchell respectfully requests that this Court grant its motion to intervene.

Respectfully submitted,

*[signature]*

STEVEN L. NICHOLAS
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)
sln@cunninghambounds.com


JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
350 Hudson, 8th Floor
New York, New York 10013
212-355-9500
212-355-9592 (fax)


ELIZABETH J. CABRASER
KRISTEN LAW SAGAFI
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, California 94111-3339
415-956-1000
415-956-1008 (fax)

Attorneys for Plaintiff The Mitchell Company, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that the above and foregoing Mitchell Company, Inc.'s Reply in Support of Motion to Intervene in *Silva, et al. v. Knauf Gips, et al.* and *Payton, et al. v. Knauf Gips, et al.*, has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel Kerry Miller, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 21 day of March, 2011.

STEVEN L. NICHOLAS