UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------------x
IN RE: CHINESE MANUFACTURED : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY :
LITIGATION : SECTION:   L
------------------------------------------------------------x
THIS DOCUMENT RELATES TO: : JUDGE FALLON
 :
*Abreu v. Gebrueder Knauf Verwaltungsgesellschaft* : MAG. JUDGE WILKINSON
*KG, et al.*, :
No. 11-cv- 252 :
------------------------------------------------------------x

**ANSWER AND DEFENSES OF GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT KG, KNAUF INTERNATIONAL GmbH, KNAUF INSULATION GmbH, KNAUF UK GMBH, AND KNAUF GIPS KG TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (VIII)**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Gebrueder Knauf Verwaltungsgesellschaft KG ("GKV"), Knauf International GmbH ("Knauf International"), Knauf Insulation GmbH ("KI"), Knauf UK GMBH ("Knauf UK"), and Knauf Gips KG ("Knauf Gips") respond to the corresponding paragraphs of Plaintiffs' Omnibus Class Action Complaint (VIII) and Demand for Jury Trial ("Complaint") as follows:

**JURISDICTION, PARTIES, AND VENUE**

1-3. The Answering Defendants admit the allegations of paragraphs 1 through 3 of the Complaint.

**PLAINTIFFS**

4-5. Paragraphs 4 and 5 of the Complaint contains a statement as to which no response is required.

6-286. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 6 through 286.

1

32108290.DOCX

**DEFENDANTS**

287. To the extent that the allegations of paragraph 287 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 287 are directed to the Answering Defendants, the allegations are denied.

288. To the extent that the allegations of paragraph 288 are not directed to the Answering Defendants, no response is required. To the extent that the allegations are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that GKV is owned by members of the Knauf family and is the parent of Knauf International.

289. To the extent that the allegations of paragraph 289 are not directed to the Answering Defendants, no response is required. To the extent that the allegations are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf International is a foreign corporation and is the parent of Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu") and Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan").

290. To the extent that the allegations of paragraph 290 are not directed to the Answering Defendants, no response is required. To the extent that the allegations are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KI is a foreign corporation with a principal place of business in Shelbyville, Indiana and that KI is a subsidiary of GKV.

291. To the extent that the allegations of paragraph 291 are not directed to the Answering Defendants, no response is required. To the extent that the allegations are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that

Knauf UK is a foreign corporation that is involved in the insulation and building materials industry and aver that products manufactured by Knauf UK are not installed in Plaintiffs' homes.

292. To the extent that the allegations of paragraph 292 are not directed to the Answering Defendants, no response is required. To the extent that the allegations are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Gips is a German manufacturer of building materials and systems and aver that products manufactured by Knauf Gips are not installed in Plaintiffs' homes.

293. To the extent that the allegations of paragraph 293 are not directed to the Answering Defendants, no response is required. To the extent that the allegations are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KPT, Wuhu, and Dongguan sold drywall that was imported by other companies into the United States.

294. To the extent that the allegations of paragraph 294 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 294 are directed to the Answering Defendants, the allegations are denied, except that the Answering Defendants admit that KPT is a foreign manufacturer and seller of gypsum drywall, and that KPT sold drywall that was imported by other companies into the United States.

295. To the extent that the allegations of paragraph 295 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 295 are directed to the Answering Defendants, the allegations are denied, except that the Answering Defendants admit that Wuhu is a foreign manufacturer and seller of gypsum drywall, and that Wuhu sold drywall that was imported by other companies into the United States.

32108290.DOCX

296. To the extent that the allegations of paragraph 296 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 296 are directed to the Answering Defendants, the allegations are denied, except that the Answering Defendants admit that Dongguan is a foreign manufacturer and seller of gypsum drywall, and that Dongguan sold drywall that was imported by other companies into the United States.

297. The Answering Defendants deny the allegations of paragraph 297 of the Complaint, except admit that Knauf Gips provides certain services to KPT, Wuhu and Dongguan.

298-424. Paragraphs 298 through 424 are not directed to the Answering Defendants and therefore no response is required.

## FACTS REGARDING PROBLEMATIC DRYWALL

425. The Answering Defendants admit the allegations of paragraph 425 of the Complaint with respect to drywall manufactured by Knauf Gips and Knauf UK and aver that neither Knauf Gips nor Knauf UK manufactured the drywall that is installed in Plaintiffs' homes.

425-428. The Answering Defendants deny the allegations of paragraphs 426 through 428 of the Complaint.

429. The Answering Defendants deny the allegations of paragraph 429 of the Complaint, except admit that the drywall functions according to its intended purpose as a building component.

430-431. The Answering Defendants deny the allegations of paragraphs 430 through 431 of the Complaint.

432. The Answering Defendants deny the allegations of paragraph 432 of the Complaint, except admit that Hans-Ulrich Hummel visited and took samples of drywall from Florida homes.

433-436. The Answering Defendants deny the allegations of paragraphs 433-436 of the Complaint.

## CLASS ACTION ALLEGATIONS

437-444. The allegations of paragraphs 437 through 444 of the Complaint state legal conclusions to which no response is required. However, to the extent that paragraphs 437 through 444 of the Complaint contain factual allegations, the Answering Defendants deny the allegations, except admit that Plaintiffs purport to bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and 23(c)(4) of the Federal Rules of Civil Procedure.

445. The allegations of paragraph 445 of the Complaint state a legal conclusion to which no response is required. However, to the extent that paragraph 445 of the Complaint contain factual allegations, the Answering Defendants deny the allegations, except deny knowledge or information sufficient to form a belief as to whether the Answering Defendants' drywall is installed in homes, residences, or other structures owned by Plaintiffs and purported class members.

446-448. The allegations of paragraphs 446 through 448 of the Complaint state legal conclusions to which no response is required. However, to the extent that paragraphs 446 through 448 of the Complaint contain factual allegations, the Answering Defendants deny the allegations.

449. The allegations of paragraph 449 of the Complaint state a legal conclusion to which no response is required. However, to the extent that paragraph 449 of the Complaint

32108290.DOCX

contains factual allegations, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

450-453.   The allegations of paragraphs 450 through 453 of the Complaint state legal conclusions to which no response is required.  However, to the extent that paragraphs 450 through 453 of the Complaint contain factual allegations, the Answering Defendants deny the allegations.

## COUNT I
## NEGLIGENCE

454.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 453 of the Complaint as if fully set forth herein.

455.   The allegations of paragraph 455 state a legal conclusion to which no response is required.  However, to the extent that paragraph 455 contains factual allegations, the Answering Defendants deny the allegations.

456-461.   The Answering Defendants deny the allegations of paragraphs 456 through 461 of the Complaint.

## COUNT II
## NEGLIGENCE PER SE

462.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 461 of the Complaint as if fully set forth herein.

463.   The allegations of paragraph 463 state a legal conclusion to which no response is required.  However, to the extent that paragraph 463 contains factual allegations, the Answering Defendants deny the allegations.

464-468.   The Answering Defendants deny the allegations of paragraphs 464 through 468 of the Complaint.

## COUNT III
## STRICT LIABILITY

469. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 468 of the Complaint as if fully set forth herein.

470. The Answering Defendants deny the allegations of paragraph 470 of the Complaint, except that the Answering Defendants admit that Knauf Gips and Knauf UK sell drywall and aver that neither drywall manufactured by Knauf Gips nor Knauf UK is installed in Plaintiffs' homes.

471-473. The Answering Defendants deny the allegations of paragraphs 471 through 473 of the Complaint

474-476. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 474 through 476.

477-482. The Answering Defendants deny the allegations of paragraphs 477 through 482 of the Complaint.

483. The Answering Defendants deny the allegations of paragraph 483, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding purported Class Members' awareness or perception.

484-486. The Answering Defendants deny the allegations of paragraphs 484 through 486 of the Complaint.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

487. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 486 of the Complaint as if fully set forth herein.

488-490.     The Answering Defendants deny the allegations of paragraphs 488 through 490 of the Complaint.

491.     The Answering Defendants deny the allegations of paragraph 491 of the Complaint, except admit that their drywall functions according to its intended purpose as a building component.

492-494.     The Answering Defendants deny the allegations of paragraphs 492 through 494 of the Complaint.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203

495.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 494 of the Complaint as if fully set forth herein.

496-506.     Paragraphs 496 through 506 are not directed to the Answering Defendants and therefore no response is required.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY

507.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 506 of the Complaint as if fully set forth herein.

508-513.     Paragraphs 508 through 513 are not directed to the Answering Defendants and therefore no response is required.

## COUNT VII
## BREACH OF CONTRACT

514.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 513 of the Complaint as if fully set forth herein.

515-517.    Paragraphs 515 through 517 are not directed to the Answering Defendants and therefore no response is required.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT

518.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 517 of the Complaint as if fully set forth herein.

519-524.    Paragraphs 519-524 are not directed to the Answering Defendants and therefore no response is required.

## COUNT IX
## REDHIBITION

525.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 524 of the Complaint as if fully set forth herein.

526-533.    The Answering Defendants deny the allegations of paragraph 526 of the Complaint.

534.    Paragraph 534 is not directed to the Answering Defendants and therefore no response is required.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT

535.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 534 of the Complaint as if fully set forth herein.

536.    The Answering Defendants deny the allegations of paragraph 536 of the Complaint.

537.    Paragraph 537 of the Complaint contains a statement as to which no response is required.

9

538-548.	The Answering Defendants deny the allegations of paragraphs 538 through 548 of the Complaint

## COUNT XI
## PRIVATE NUISANCE

549.	The Answering Defendants repeat and reallege their responses to paragraphs 1 through 548 of the Complaint as if fully set forth herein.

550-555.	The Answering Defendants deny the allegations of paragraphs 550 through 555 of the Complaint.

## COUNT XII
## UNJUST ENRICHMENT

556.	The Answering Defendants repeat and reallege their responses to paragraphs 1 through 555 of the Complaint as if fully set forth herein.

557-559.	The Answering Defendants deny the allegations of paragraphs 557 through 559 of the Complaint.

## COUNT XIII
## VIOLATION OF CONSUMER PROTECTION ACTS

560.	The Answering Defendants repeat and reallege their responses to paragraphs 1 through 559 of the Complaint as if fully set forth herein.

561.	Paragraph 561 contains a statement as to which no response is required.

562-564.	The Answering Defendants deny the allegations of paragraphs 562 through 564 of the Complaint.

## COUNT XIV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

565.	The Answering Defendants repeat and reallege their responses to paragraphs 1 through 564 of the Complaint as if fully set forth herein.

566-567. The Answering Defendants deny the allegations of paragraphs 566 through 567 of the Complaint.

568. The Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraph 568 of the Complaint.

569-577. The Answering Defendants deny the allegations of paragraphs 569 through 577 of the Complaint.

All allegations not specifically admitted are denied.

## DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST DEFENSE

The Court lacks personal jurisdiction over the Answering Defendants under Louisiana law and the Due Process Clause of the United States Constitution.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

### THIRD DEFENSE

Plaintiffs have been misjoined.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

### SEVENTH DEFENSE

Plaintiffs' claims against the Answering Defendants are barred because the Answering Defendants did not manufacture or market the drywall installed in Plaintiffs' homes.

### EIGHTH DEFENSE

The Answering Defendants did not make to Plaintiffs, nor did Answering Defendants breach, any express or implied warranties.

### NINTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice to the Answering Defendants.

### TENTH DEFENSE

To the extent that Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

### ELEVENTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Answering Defendants.

### TWELFTH DEFENSE

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

## THIRTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Mississippi because, as provided by Miss. Code Ann. § 75-24-15(2), to bring a private action, a plaintiff must first have attempted to resolve the matter through an informal dispute resolution program approved the Attorney General, which Plaintiffs have not done.

## FOURTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Louisiana and Mississippi Consumer Protection Statutes because, under La. Rev. Stat. Ann. § 1409 and Miss. Code Ann. § 75-24-15(4), Plaintiffs may not bring a private action for actual damages in a representative capacity.

## FIFTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute, because class actions for money damages are prohibited under Ala. Code § 8-19-10(f).

## SIXTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute because venue is proper only in the county where the causes action for residents of that state accrued and/or where the defendant has a principal place of business or conducts business.

## SEVENTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because Answering Defendants did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

## EIGHTEENTH DEFENSE

13

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because they failed to provide written notice to the Answering Defendants as required by Tex. Bus. & Com. Code § 17.505.

### NINETEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not act with the "intent to deceive," as required by Tex. Bus. & Com. Code § 17.46.

### TWENTIETH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not engage in any form of unfair, unconscionable or deceptive acts or practices to induce Plaintiffs, or any other person, to purchase drywall, as required by Tex. Bus. & Com. Code § 17.46.

### TWENTY-FIRST DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Alabama because Answering Defendants did not act "knowingly," as required by Ala. Code §§ 8-19-3(4), -13.

### TWENTY-SECOND DEFENSE

Answering Defendants did not engage in any intentional or negligent misconduct. However, to the extent that Plaintiffs assert claims for negligence, Plaintiffs cannot recover on their claims under the Consumer Protection Statutes of Florida, Fla. Stat. Ann. § 501.207(4) and Texas, Tex. Bus. & Com. Code § 17.506, which provide that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

### TWENTY-THIRD DEFENSE

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by in designing and formulating the drywall installed in their homes and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### TWENTY-FOURTH DEFENSE

Plaintiffs cannot recover on their claims because the benefits of the design of the drywall installed in their homes outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### TWENTY-FIFTH DEFENSE

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendants had no control.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

### TWENTY-SEVENTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### TWENTY-EIGHTH DEFENSE

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

### TWENTY-NINTH DEFENSE

32108290.DOCX

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

### THIRTIETH DEFENSE

The Answering Defendants breached no duty allegedly owed to the Plaintiffs.

### THIRTY-FIRST DEFENSE

The Answering Defendant denies, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

### THIRTY-SECOND DEFENSE

The Answering Defendant did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred because class actions are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-FIFTH DEFENSE

The Answering Defendants' liability, if any, for damages is several rather than joint, and should be prorated.

16

### THIRTY-SIXTH DEFENSE

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims for punitive damages fail to state a claim for relief.

### THIRTY-EIGHTH DEFENSE

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-NINTH DEFENSE

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws plaintiffs seek relief.

### FORTIETH DEFENSE

The Answering Defendants give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendants request that the Complaint be dismissed with prejudice, and that the Answering Defendants be awarded costs and fees incurred in this action.

Respectfully submitted,

By: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for Defendants, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH and Knauf Gips KG

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Answer and Defenses of Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH and Knauf Gips KG to Plaintiffs' Omnibus Class Action Complaint (VIII) has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 21st day of March, 2011.

                                                         /s/ Kyle Spaulding

32108290.DOCX