# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

-------------------------------------------------------------------x

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED | : | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | : | |
| LITIGATION | : | SECTION:    L |

-------------------------------------------------------------------x

| | | |
|---|---|---|
| THIS DOCUMENT RELATES TO: | : | JUDGE FALLON |
| | : | |
| *Gross, et al., v. Knauf Gips KG, et al.,* | : | MAG. JUDGE WILKINSON |
| Case No. 09-6690 | : | |

-------------------------------------------------------------------x

## ANSWER AND DEFENSES OF KNAUF GIPS KG AND KNAUF INSULATION GMBH TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (III)

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Knauf Gips KG ("Knauf Gips") and Knauf Insulation GmbH ("KI") (collectively, the "Answering Defendants") respond to the corresponding paragraphs of Plaintiffs' Omnibus Class Action Complaint (III) and Demand for Jury Trial ("Complaint") as follows:

### JURISDICTION, PARTIES, AND VENUE

1-3.    The Answering Defendants admit the allegations of paragraphs 1 through 3 of the Complaint.

### PLAINTIFFS

4.    Paragraph 4 of the Complaint contains a statement as to which no response is required.

5.    To the extent that the allegations of paragraph 5 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegation of paragraph 5 of the Complaint are directed to the Answering Defendants, they are denied, except that the Answering Defendants deny knowledge or information sufficient to form a belief as to

1

the Plaintiffs' ability to identify the identity of the manufacturer(s) of drywall installed in their homes.

6-1062.      The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 6 through 1062.

## DEFENDANTS

1063.   To the extent that the allegations of paragraph 1063 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 1063 of the Complaint are directed to the Answering Defendants, they are denied.

1064.   Paragraph 1064 of the Complaint states facts and legal conclusions as to which no response is required.

1065.   The Answering Defendants incorporate and adopt by reference their responses in the Answers and Defenses of Knauf Gips KG and Knauf Insulation GmbH to Plaintiffs', David Gross, Cheryl Gross, Louis Velez, et al., Amended Class Action Complaint to the allegations in paragraphs 15 through 146 of Plaintiffs', David Gross, Cheryl Gross, Louis Velez, et al., Amended Class Action Complaint as if fully set forth herein.

1066.   The Answering Defendants incorporate and adopt by reference their responses in the Answers and Defenses of Knauf Gips KG and Knauf Insulation GmbH to Plaintiffs', David Gross, Cheryl Gross, Louis Velez, et al., Amended Class Action Complaint to the allegations in paragraphs 147 through 152 of Plaintiffs', David Gross, Cheryl Gross, Louis Velez, et al., Amended Class Action Complaint as if fully set forth herein.

1067.   The Answering Defendants deny the allegations of Paragraph 1067 of the Complaint.

1068-1422.     Paragraphs 1068 through 1422 are not directed to the Answering Defendants and therefore no response is required.

## FACTS REGARDING PRODUCT DEFECT

1423.   To the extent that the allegations of paragraph 1423 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 1423 of the Complaint are directed to the Answering Defendants, the Answering Defendants admit the allegations with respect to drywall manufactured by Knauf Gips and aver that drywall manufactured by Knauf Gips is not installed in Plaintiffs' homes.

1424-1433.     The Answering Defendants deny the allegations of paragraphs 1424 through 1433 of the Complaint.

1434-1440.     To the extent that the allegations in paragraphs 1434-1440 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraphs 1435-1440 are directed to the Answering Defendants, they are denied.

## CLASS ACTION ALLEGATIONS

1441-1442.     Paragraphs 1441 through 1442 of the Complaint contain statements as to which no response is required.

1443-1450.     The allegations of paragraphs 1443 through 1450 of the Complaint state legal conclusions as to which no response is required.  However, to the extent that paragraphs 1443 through 1450 of the Complaint contain factual allegations, the Answering Defendants deny the allegations, except that the Answering Defendants admit that Plaintiffs purport to bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure.

32110855.DOCX

1451-1454.      The Answering Defendants deny the allegations of paragraphs 1451 through 1454 of the Complaint.

1451-1454.      The allegations of paragraphs 1451 through 1454 of the Complaint state legal conclusions as to which no response is required.  However, to the extent that paragraphs 1451 through 1454 of the Complaint contain factual allegations, the Answering Defendants deny the allegations.

1455.   The allegations of paragraph 1455 of the Complaint states a legal conclusions as to which no response is required.  However, to the extent that paragraph 1455of the Complaint contains factual allegations, the Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations.

1456-1459.      The allegations of paragraphs 1456 through 1459 of the Complaint state legal conclusions as to which no response is required.  However, to the extent that paragraphs 1456 through 1459 of the Complaint contain factual allegations, the Answering Defendants deny the allegations.

## COUNT I
## NEGLIGENCE

1460.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 1459 of the Complaint as if fully set forth herein.

1461.   The allegations of paragraph 1461 state a legal conclusion to which no response is required.  However, to the extent that paragraph 1461 contains factual allegations, the Answering Defendants deny the allegations.

1462-1467.      To the extent that the allegations in paragraphs 1462 through 1467 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent

that the allegations in paragraphs 1462 through 1467 are directed to the Answering Defendants, they are denied.

**COUNT II**
**NEGLIGENCE PER SE**

1468.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 1467 of the Complaint as if fully set forth herein.

1469.   The allegations in paragraph 1469 state a legal conclusion to which no response is required.  However, to the extent that paragraph 1469 contains factual allegations, the Answering Defendants deny the allegations.

1470-1474.     To the extent that the allegations in paragraphs 1470 through 1474 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraphs 1470 through 1474 are directed to the Answering Defendants, they are denied.

**COUNT III**
**STRICT LIABILITY**

1475.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 1474 of the Complaint as if fully set forth herein.

1476.   To the extent that the allegations in paragraph 1476 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraph 1476 of the Complaint are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Gips sells drywall and aver that drywall manufactured by Knauf Gips is not installed in Plaintiffs' homes.

1477-1479.     To the extent that the allegations in paragraphs 1477 through 1479 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent

that the allegations in paragraphs 1477 through 1479 of the Complaint are directed to the Answering Defendants, they are denied.

1480-1482.    The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1480 through 1482.

1483-1488.    To the extent that the allegations in paragraphs 1483 through 1488 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraphs 1483 through 1488 of the Complaint are directed to the Answering Defendants, they are denied.

1489.  To the extent that the allegations in paragraph 1489 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraph 1489 of the Complaint are directed to the Answering Defendants, they are denied, except that Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding purported Class Members' awareness or perception.

1490-1492.    To the extent that the allegations in paragraph 1490 through 1492 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraphs 1490 through 1492 of the Complaint are directed to the Answering Defendants, they are denied.

<u>COUNT IV</u>
**BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**

1493.  The Answering Defendants repeat and reallege their responses to paragraphs 1 through 1492 of the Complaint as if fully set forth herein.

1494-1500.    To the extent that the allegations in paragraphs 1494 through 1500 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent

that the allegations in paragraphs 1494 through 1500 of the Complaint are directed to the

Answering Defendants, they are denied.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203

1501.   The Answering Defendants repeat and reallege their responses to paragraphs 1

through 1500 of the Complaint as if fully set forth herein.

1502-1512.     Paragraphs 1502 through 1512 are not directed to the Answering

Defendants and therefore no response is required.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY

1513.   The Answering Defendants repeat and reallege their responses to paragraphs 1

through 1512 of the Complaint as if fully set forth herein.

1514-1519.     Paragraphs 1514 through 1519 are not directed to the Answering

Defendants and therefore no response is required.

## COUNT VII
## BREACH OF CONTRACT

1520.   The Answering Defendants repeat and reallege their responses to paragraphs 1

through 1519 of the Complaint as if fully set forth herein.

1521-1523.     Paragraphs 1521 through 1523 are not directed to the Answering

Defendants and therefore no response is required.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT

1524.   The Answering Defendants repeat and reallege their responses to paragraphs 1

through 1523 of the Complaint as if fully set forth herein.

1525-1530.     Paragraphs 1525-1530 are not directed to the Answering Defendants and therefore no response is required.

**COUNT IX**
**REDHIBITION**

1531.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 1530 of the Complaint as if fully set forth herein.

1532-1539.     To the extent that the allegations in paragraphs 1532 through 1539 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraphs 1532 through 1539 of the Complaint are directed to the Answering Defendants, they are denied.

1540.   Paragraph 1540 is not directed to the Answering Defendants and therefore no response is required.

**COUNT X**
**LOUISIANA PRODUCTS LIABILITY ACT**

1541.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 1540 of the Complaint as if fully set forth herein.

1542.   To the extent that the allegations in paragraph 1542 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraph 1542 of the Complaint are directed to the Answering Defendants, they are denied.

1543.   Paragraph 1543 of the Complaint contains a statement as to which no response is required.

1544-1554.     To the extent that the allegations in paragraphs 1544 through 1554 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent

32110855.DOCX

that the allegations in paragraphs 1546 through 1554 of the Complaint are directed to the Answering Defendants, they are denied.

## COUNT XI
## PRIVATE NUISANCE

1555.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 1554 of the Complaint as if fully set forth herein.

1556-1561.      To the extent that the allegations in paragraphs 1556 through 1561 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraphs 1556 through 1561 of the Complaint are directed to the Answering Defendants, they are denied.

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE

1562.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 1561 of the Complaint as if fully set forth herein.

1563-1568.      To the extent that the allegations in paragraphs 1563 through 1568 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraphs 1563 through 1568 of the Complaint are directed to the Answering Defendants, they are denied.

## COUNT XIII
## UNJUST ENRICHMENT

1569.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 1568 of the Complaint as if fully set forth herein.

1570-1572.      To the extent that the allegations in paragraphs 1570 through 1572 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent

that the allegations in paragraphs 1570 through 1572 of the Complaint are directed to the Answering Defendants, they are denied.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS

1573.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 1572 of the Complaint as if fully set forth herein.

1574.   Paragraph 1574 contains a statement as to which no response is required.

1575-1577.     To the extent that the allegations in paragraphs 1575 through 1577 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraphs 1575 through 1577 of the Complaint are directed to the Answering Defendants, they are denied.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

1578.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 1577 of the Complaint as if fully set forth herein.

1579-1580.     To the extent that the allegations in paragraphs 1579 through 1580 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraphs 1579 through 1580 of the Complaint are directed to the Answering Defendants, they are denied.

1581.   The Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraph 1581 of the Complaint.

1582-1590.     To the extent that the allegations in paragraphs 1582 through 1590 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent

that the allegations in paragraphs 1582 through 1590 of the Complaint are directed to the Answering Defendants, they are denied.

All allegations not specifically admitted are denied.

## DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST DEFENSE

The Court lacks personal jurisdiction over the Answering Defendants under Louisiana law and the Due Process Clause of the United States Constitution.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

### THIRD DEFENSE

Plaintiffs have been misjoined.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

11

**SEVENTH DEFENSE**

Plaintiffs' claims against the Answering Defendants are barred because the Answering Defendants did not manufacture or market the drywall installed in their homes.

**EIGHTH DEFENSE**

The Answering Defendants did not make to Plaintiffs, nor did Answering Defendants breach, any express or implied warranties.

**NINTH DEFENSE**

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice to the Answering Defendants.

**TENTH DEFENSE**

To the extent that Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

**ELEVENTH DEFENSE**

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Answering Defendants.

**TWELFTH DEFENSE**

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

**THIRTEENTH DEFENSE**

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Mississippi because, as provided by Miss. Code Ann. § 75-24-15(2), to bring a private action, a

plaintiff must first have attempted to resolve the matter through an informal dispute resolution program approved the Attorney General, which Plaintiffs have not done.

### FOURTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Louisiana and Mississippi Consumer Protection Statutes because, under La. Rev. Stat. Ann. § 1409 and Miss. Code Ann. § 75-24-15(4), Plaintiffs may not bring a private action for actual damages in a representative capacity.

### FIFTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute, because class actions for money damages are prohibited under Ala. Code § 8-19-10(f).

### SIXTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute because venue is proper only in the county where the causes action for residents of that state accrued and/or where the defendant has a principal place of business or conducts business.

### SEVENTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because Answering Defendants did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

### EIGHTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because they failed to provide written notice to the Answering Defendants as required by Tex. Bus. & Com. Code § 17.505.

32110855.DOCX

### NINETEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not act with the "intent to deceive," as required by Tex. Bus. & Com. Code § 17.46.

### TWENTIETH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not engage in any form of unfair, unconscionable or deceptive acts or practices to induce Plaintiffs, or any other person, to purchase drywall, as required by Tex. Bus. & Com. Code § 17.46.

### TWENTY-FIRST DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Alabama because Answering Defendants did not act "knowingly," as required by Ala. Code §§ 8-19-3(4), -13.

### TWENTY-SECOND DEFENSE

Answering Defendants did not engage in any intentional or negligent misconduct. However, to the extent that Plaintiffs assert claims for negligence, Plaintiffs cannot recover on their claims under the Consumer Protection Statutes of Florida, Fla. Stat. Ann. § 501.207(4) and Texas, Tex. Bus. & Com. Code § 17.506, which provide that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

### TWENTY-THIRD DEFENSE

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by in designing and formulating the drywall installed in their homes and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably

available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### TWENTY-FOURTH DEFENSE

Plaintiffs cannot recover on their claims because the benefits of the design of the drywall installed in their homes outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### TWENTY-FIFTH DEFENSE

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendants had no control.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

### TWENTY-SEVENTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### TWENTY-EIGHTH DEFENSE

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

### TWENTY-NINTH DEFENSE

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

### THIRTIETH DEFENSE

The Answering Defendants breached no duty allegedly owed to the Plaintiffs.

### THIRTY-FIRST DEFENSE

The Answering Defendants deny, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

### THIRTY-SECOND DEFENSE

The Answering Defendants did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred because class actions are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-FIFTH DEFENSE

The Answering Defendants' liability, if any, for damages is several rather than joint, and should be prorated.

### THIRTY-SIXTH DEFENSE

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims for punitive damages fail to state a claim for relief.

### THIRTY-EIGHTH DEFENSE

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-NINTH DEFENSE

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws plaintiffs seek relief.

### FORTIETH DEFENSE

The Answering Defendants give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserves the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendants request that the Complaint be dismissed with prejudice, and that the Answering Defendants be awarded costs and fees incurred in this action.

32110855.DOCX

Respectfully submitted,

By:  /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8485
Facsimile:  (212) 836-6485
Email:  sglickstein@kayescholer.com

Counsel for Defendants Knauf Gips KG and Knauf
Insulation GmbH

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer and Defenses of Knauf Gips KG and Knauf Insulation GmbH to Plaintiffs' Omnibus Class Action Complaint (III) has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 21st day of March, 2011.

/s/ Kyle Spaulding