UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2047  SECTION:     L |
---------------------------------------------------------------x
| THIS DOCUMENT RELATES TO: | : : | JUDGE FALLON |
| *Gross, et al., v. Knauf Gips KG, et al.,* Case No. 09-cv-6690 | : : | MAG. JUDGE WILKINSON |
---------------------------------------------------------------x

## ANSWER AND DEFENSES OF KNAUF GIPS KG AND KNAUF INSULATION GMBH TO PLAINTIFFS', RUBEN JAEN, *et al.*, OMNIBUS CLASS ACTION COMPLAINT IN INTERVENTION (III(A))

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Knauf Gips KG ("Knauf Gips") and Knauf Insulation GmbH ("KI") (collectively, the "Answering Defendants") respond to Plaintiffs', Ruben Jaen, *et al.*, Omnibus Class Action Complaint in Intervention (III(A)) and Demand for Jury Trial ("Intervention Complaint (III(A))") as follows:

The Answering Defendants incorporate and adopt by reference their responses in the Answer and Defenses of Knauf Gips KG and Knauf Insulation GmbH to Plaintiff's Omnibus Class Action Complaint (III) to the allegations in paragraphs 1 through 6 and 1063 through 1590 of Plaintiff's Omnibus Class Action Complaint (III) as if fully set forth herein.

The Answering Defendants incorporate and adopt by reference their responses in the Answer and Defenses of Knauf Gips KG and Knauf Insulation GmbH to Plaintiffs', David Gross, Cheryl Gross, Louis Velez, *et al.*, Amended Class Action Complaint to the allegations in paragraphs 1 through 2 and 15 through 297 of Plaintiffs', David Gross, Cheryl Gross, Louis Velez, *et al.*, Amended Class Action Complaint as if fully set forth herein.

1

The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the information concerning the Intervening Plaintiffs contained on pages 2 through 20 of Intervention Complaint (III(A)).

All allegations not specifically admitted are denied.

## DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST DEFENSE

The Court lacks personal jurisdiction over the Answering Defendants under Louisiana law and the Due Process Clause of the United States Constitution.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

### THIRD DEFENSE

Plaintiffs have been misjoined.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

## SEVENTH DEFENSE

Plaintiffs' claims against the Answering Defendants are barred because the Answering Defendants did not manufacture or market the drywall installed in Plaintiffs' homes.

## EIGHTH DEFENSE

The Answering Defendants did not make to Plaintiffs, nor did Answering Defendants breach, any express or implied warranties.

## NINTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice to the Answering Defendants.

## TENTH DEFENSE

To the extent that Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

## ELEVENTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Answering Defendants.

## TWELFTH DEFENSE

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

## THIRTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Mississippi because, as provided by Miss. Code Ann. § 75-24-15(2), to bring a private action, a

plaintiff must first have attempted to resolve the matter through an informal dispute resolution program approved the Attorney General, which Plaintiffs have not done.

### FOURTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Louisiana and Mississippi Consumer Protection Statutes because, under La. Rev. Stat. Ann. § 1409 and Miss. Code Ann. § 75-24-15(4), Plaintiffs may not bring a private action for actual damages in a representative capacity.

### FIFTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute, because class actions for money damages are prohibited under Ala. Code § 8-19-10(f).

### SIXTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute because venue is proper only in the county where the causes action for residents of that state accrued and/or where the defendant has a principal place of business or conducts business.

### SEVENTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because Answering Defendants did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

### EIGHTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because they failed to provide written notice to the Answering Defendants as required by Tex. Bus. & Com. Code § 17.505.

## NINETEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not act with the "intent to deceive," as required by Tex. Bus. & Com. Code § 17.46.

## TWENTIETH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not engage in any form of unfair, unconscionable or deceptive acts or practices to induce Plaintiffs, or any other person, to purchase drywall, as required by Tex. Bus. & Com. Code § 17.46.

## TWENTY-FIRST DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Alabama because Answering Defendants did not act "knowingly," as required by Ala. Code §§ 8-19-3(4), -13.

## TWENTY-SECOND DEFENSE

Answering Defendants did not engage in any intentional or negligent misconduct. However, to the extent that Plaintiffs assert claims for negligence, Plaintiffs cannot recover on their claims under the Consumer Protection Statutes of Florida, Fla. Stat. Ann. § 501.207(4) and Texas, Tex. Bus. & Com. Code § 17.506, which provide that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

## TWENTY-THIRD DEFENSE

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by in designing and formulating the drywall installed in their homes and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably

available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### TWENTY-FOURTH DEFENSE

Plaintiffs cannot recover on their claims because the benefits of the design of the drywall installed in their homes outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### TWENTY-FIFTH DEFENSE

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendants had no control.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

### TWENTY-SEVENTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### TWENTY-EIGHTH DEFENSE

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

### TWENTY-NINTH DEFENSE

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

32115377.DOCX

**THIRTIETH DEFENSE**

The Answering Defendant breached no duty allegedly owed to the Plaintiffs.

**THIRTY-FIRST DEFENSE**

The Answering Defendants deny, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

**THIRTY-SECOND DEFENSE**

The Answering Defendants did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

**THIRTY-THIRD DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**THIRTY-FOURTH DEFENSE**

Plaintiffs' claims are barred because class actions are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

**THIRTY-FIFTH DEFENSE**

The Answering Defendants' liability, if any, for damages is several rather than joint, and should be prorated.

32115377.DOCX

### THIRTY-SIXTH DEFENSE

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims for punitive damages fail to state a claim for relief.

### THIRTY-EIGHTH DEFENSE

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-NINTH DEFENSE

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws plaintiffs seek relief.

### FORTIETH DEFENSE

The Answering Defendants give notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in Intervention Complaint (III(A)).

Accordingly, the Answering Defendants requests that Intervention Complaint (III(A)) be dismissed with prejudice, and that the Answering Defendants be awarded costs and fees incurred in this action.

Respectfully submitted,

By: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for Defendants Knauf Gips KG and Knauf Insulation GmbH

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Defenses of Knauf Gips KG and Knauf Insulation GmbH to Plaintiffs', Ruben Jaen, *et al.*, Omnibus Class Action Complaint in Intervention (III(A)) has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 21st day of March, 2011.

/s/ Kyle Spaulding

32115377.DOCX