UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED          :      MDL NO. 2047
DRYWALL PRODUCTS LIABILITY                :
LITIGATION                                              :      SECTION:    L
---------------------------------------------------------------x
THIS DOCUMENT RELATES TO:              :      JUDGE FALLON
                                                                     :
*Gross, et al., v. Knauf Gips KG, et al.,*          :      MAG. JUDGE WILKINSON
Case No. 09-cv-6690                                    :
---------------------------------------------------------------x

**ANSWER AND DEFENSES OF KNAUF PLASTERBOARD (TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU) CO.,LTD., AND GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO., LTD. TO PLAINTIFFS', DAVID GROSS, CHERYL GROSS, LOUIS VELEZ, *et al*., AMENDED CLASS ACTION COMPLAINT**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu"), and Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan") (collectively, the "Answering Defendants") respond to Plaintiffs', David Gross, Cheryl Gross, Louis Velez, *et al.*, Amended Class Action Complaint and Demand for Jury Trial ("Gross Complaint") as follows:

**JURISDICTION, PARTIES, AND VENUE**

1-2.    The Answering Defendants admit the allegations of paragraphs 1 through 2 of the Gross Complaint.

**PLAINTIFFS**

3-14.    The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3-14 of the Gross Complaint.

**DEFENDANTS**

15.    To the extent that the allegations of paragraph 15 of the Gross Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations

1

of paragraph 15 of the Gross Complaint are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Gips KG ("Knauf Gips") is a German manufacturer of building materials and systems and aver that Knauf Gips's products are not installed in Plaintiffs' homes.

16. To the extent that the allegations of paragraph 16 of the Gross Complaint are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 15 of the Gross Complaint are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Gips provides certain services to KPT, Wuhu and Dongguan.

17-18. To the extent that the allegations of paragraphs 17 through 18 of the Gross Complaint are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraphs 17 through 18 of the Gross Complaint are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KPT is a foreign manufacturer and seller of gypsum drywall and that KPT sold drywall that was imported by other companies into the United States.

19. To the extent that the allegations of paragraph 19 of the Gross Complaint are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 19 of the Gross Complaint are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Wuhu is a foreign manufacturer and seller of gypsum drywall and that Wuhu sold drywall that was imported by other companies into the United States.

20. To the extent that the allegations of paragraph 20 of the Gross Complaint are not directed to the Answering Defendants, no response is required. To the extent that the allegations

of paragraph 20 of the Gross Complaint are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Dongguan is a foreign manufacturer and seller of gypsum drywall and that Dongguan sold drywall that was imported by other companies into the United States.

21-135.  Paragraphs 21 through 135 of the Gross Complaint are not directed to the Answering Defendants and therefore no response is required.

136-137.  To the extent that the allegations of paragraphs 136 through 137 of the Gross Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 136 of the Gross Complaint are directed to the Answering Defendants, they are denied, except that Answering Defendants admit that Dongguan is a foreign manufacturer and seller of gypsum drywall.

138-146.  Paragraphs 138 through146 of the Gross Complaint are not directed to the Answering Defendants and therefore no response is required.

## FACTS GIVING RISE TO INDUSTRY WIDE ALTERNATIVE LIABILITY

147.  The Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 147 of the Gross Complaint

148-152.  To the extent that the allegations of paragraphs 148-152 of the Gross Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraphs 148-152 of the Gross Complaint are directed to the Answering Defendants, they are denied.

## FACTS REGARDING PRODUCT DEFECT

153.  To the extent that the allegations of paragraph 153 of the Gross Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations

of paragraph 153 of the Gross Complaint are directed to the Answering Defendants, they are admitted.

154-165.  To the extent that the allegations in paragraphs 154 through 165 of the Gross Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations in paragraphs 154 through 165 of the Gross Complaint are directed to the Answering Defendants, they are denied.

### FACTS REGARDING INVESTORS WHO AIDED AND ABETTED DEFENDANTS

166-169.  To the extent that the allegations of paragraphs 166 through 169 of the Gross Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraphs 166 through 169 are directed to the Answering Defendants, they are denied.

170-173.  Paragraphs 170 through 173 of the Gross Complaint are not directed to the Answering Defendants and therefore no response is required.

174.  To the extent that the allegations of paragraph 174 of the Gross Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 174 are directed to the Answering Defendants, they are denied.

175.  Paragraph 175 of the Gross Complaint is not directed to the Answering Defendants and therefore no response is required.

### FACTS REGARDING OTHER ENTITIES THAT MAY HAVE AIDED AND ABETTED DEFENDANTS

176-225.  Paragraphs 176 through 225 of the Gross Complaint are not directed to the Answering Defendants and therefore no response is required.

32116100.DOCX

## **CLASS ACTION ALLEGATIONS**

226-227.   The allegations of paragraphs 226 through 227 of the Gross Complaint state legal conclusions to which no response is required.  However, to the extent that paragraphs 226 through 227 of the Gross Complaint contain factual allegations, the Answering Defendants deny the allegations, except that the Answering Defendants admit that Plaintiffs purport to bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure.

228.   The allegations of paragraph 228 of the Gross Complaint state legal conclusions as to which no response is required.

229-233.   The allegations of paragraphs 229 through 233 of the Gross Complaint state legal conclusions to which no response is required.  However, to the extent that paragraphs 229 through 233 of the Gross Complaint contain factual allegations, the Answering Defendants deny the allegations.

234.   The allegations of paragraph 234 of the Gross Complaint state a legal conclusion to which no response is required.  However, to the extent that paragraph 234 of the Gross Complaint contains factual allegations, the Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations.

235-238.   The allegations of paragraphs 235 through 238 of the Gross Complaint state legal conclusions to which no response is required.  However, to the extent that paragraphs 235 through 238 of the Gross Complaint contain factual allegations, the Answering Defendants deny the allegations.

239.   To the extent that the allegations in paragraph 239 of the Gross Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations

32116100.DOCX

in paragraph 239 of the Gross Complaint are directed to the Answering Defendants, they are denied.

## COUNT I
## NEGLIGENCE

240. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 239 of the Gross Complaint as if fully set forth herein.

241. The allegations of paragraph 241 of the Gross Complaint state a legal conclusion as to which no response is required. However, to the extent that paragraph 241 of the Gross Complaint contains factual allegations, the Answering Defendants deny the allegations.

242-247. To the extent that the allegations in paragraphs 242 through 247 of the Gross Complaint are not directed to the Answering Defendants, no response is required. To the extent that the allegations in paragraphs 242 through 247 of the Gross Complaint are directed to the Answering Defendants, they are denied.

## COUNT II
## NEGLIGENCE PER SE

248. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 247 of the Gross Complaint as if fully set forth herein.

249. The allegations of paragraph 249 of the Gross Complaint state legal conclusions as to which no response is required. However, to the extent that paragraph 249 of the Gross Complaint contains factual allegations, the Answering Defendants deny the allegations.

250-253. To the extent that the allegations in paragraphs 250 through 253 of the Gross Complaint are not directed to the Answering Defendants, no response is required. To the extent that the allegations in paragraphs 250 through 253 of the Gross Complaint are directed to the Answering Defendants, they are denied.

## COUNT III
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

254. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 253 of the Gross Complaint as if fully set forth herein.

255-261. To the extent that the allegations in paragraphs 255 through 261 of the Gross Complaint are not directed to the Answering Defendants, no response is required. To the extent that the allegations in paragraphs 255 through 261 of the Gross Complaint are directed to the Answering Defendants, they are denied.

## COUNT IV
## PRIVATE NUISANCE

262. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 261 of the Gross Complaint as if fully set forth herein.

263-268. To the extent that the allegations in paragraphs 263 through 268 of the Gross Complaint are not directed to the Answering Defendants, no response is required. To the extent that the allegations in paragraphs 263 through 268 of the Gross Complaint are directed to the Answering Defendants, they are denied.

## COUNT V
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE

269. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 268 of the Gross Complaint as if fully set forth herein.

270-275. To the extent that the allegations in paragraphs 270 through 275 of the Gross Complaint are not directed to the Answering Defendants, no response is required. To the extent that the allegations in paragraphs 270 through 275 of the Gross Complaint are directed to the Answering Defendants, they are denied.

## COUNT VI
**UNJUST ENRICHMENT**

276. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 275 of the Gross Complaint as if fully set forth herein.

277-279. To the extent that the allegations in paragraphs 277 through 279 of the Gross Complaint are not directed to the Answering Defendants, no response is required. To the extent that the allegations in paragraphs 277 through 279 of the Gross Complaint are directed to the Answering Defendants, they are denied.

## COUNT VII
**VIOLATION OF CONSUMER PROTECTION ACTS**

280. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 279 of the Gross Complaint as if fully set forth herein.

281. Paragraph 281 of the Gross Complaint contains a statement to which no response is required.

282-284. To the extent that the allegations in paragraphs 282 through 284 of the Gross Complaint are not directed to the Answering Defendants, no response is required. To the extent that the allegations in paragraphs 282 through 284 of the Gross Complaint are directed to the Answering Defendants, they are denied.

## COUNT VIII
**EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING**

285. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 284 of the Gross Complaint as if fully set forth herein.

286-287. The Answering Defendants deny the allegations of paragraphs 286 through 287 of the Gross Complaint.

288. The Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraph 288 of the Gross Complaint.

289-297. To the extent that the allegations in paragraphs 289 through 297 of the Gross Complaint are not directed to the Answering Defendants, no response is required. To the extent that the allegations in paragraphs 289 through 297 of the Gross Complaint are directed to the Answering Defendants, they are denied.

All allegations not specifically admitted are denied.

## DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

### SECOND DEFENSE

Plaintiffs have been misjoined.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

### SIXTH DEFENSE

The Answering Defendants did not make to Plaintiffs, nor did Answering Defendants breach, any express or implied warranties.

### SEVENTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice of any alleged breach to the Answering Defendants.

### EIGHTH DEFENSE

To the extent that Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

### NINTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Answering Defendants.

### TENTH DEFENSE

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

### ELEVENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Mississippi because, as provided by Miss. Code Ann. § 75-24-15(2), to bring a private action, a plaintiff must first have attempted to resolve the matter through an informal dispute resolution program approved the Attorney General, which Plaintiffs have not done.

### TWELFTH DEFENSE

Plaintiffs cannot recover on their claims under the Louisiana and Mississippi Consumer Protection Statutes because, under La. Rev. Stat. Ann. § 1409 and Miss. Code Ann. § 75-24-15(4), Plaintiffs may not bring a private action for actual damages in a representative capacity.

### THIRTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute, because class actions for money damages are prohibited under Ala. Code § 8-19-10(f).

### FOURTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute because venue is proper only in the county where the causes action for residents of that state accrued and/or where the defendant has a principal place of business or conducts business.

### FIFTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because Answering Defendants did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

### SIXTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because they failed to provide written notice to the Answering Defendants as required by Tex. Bus. & Com. Code § 17.505.

### SEVENTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not act with the "intent to deceive," as required by Tex. Bus. & Com. Code § 17.46.

## EIGHTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not engage in any form of unfair, unconscionable or deceptive acts or practices to induce Plaintiffs, or any other person, to purchase drywall, as required by Tex. Bus. & Com. Code § 17.46.

## NINETEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Alabama because Answering Defendants did not act "knowingly," as required by Ala. Code §§ 8-19-3(4), -13.

## TWENTIETH DEFENSE

Answering Defendants did not engage in any intentional or negligent misconduct. However, to the extent that Plaintiffs assert claims for negligence, Plaintiffs cannot recover on their claims under the Consumer Protection Statutes of Florida, Fla. Stat. Ann. § 501.207(4) and Texas, Tex. Bus. & Com. Code § 17.506, which provide that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

## TWENTY-FIRST DEFENSE

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by the Answering Defendants in designing and formulating drywall and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### TWENTY-SECOND DEFENSE

Plaintiffs cannot recover on their claims because the benefits of the design of Answering Defendants' drywall outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### TWENTY-THIRD DEFENSE

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendants had no control.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

### TWENTY-FIFTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### TWENTY-SIXTH DEFENSE

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

### TWENTY-SEVENTH DEFENSE

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

### TWENTY-EIGHTH DEFENSE

The Answering Defendants breached no duty allegedly owed to the Plaintiffs.

### TWENTY-NINTH DEFENSE

The Answering Defendants deny, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

### THIRTIETH DEFENSE

The Answering Defendants did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims against an Answering Defendant are barred to the extent that Answering Defendant did not manufacture or market the drywall installed in their homes.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred because class actions are not recognized under the laws of and are contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-FOURTH DEFENSE

Answering Defendants' liability, if any, for damages is several rather than joint, and should be prorated.

14

### THIRTY-FIFTH DEFENSE

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims for punitive damages fail to state a claim for relief.

### THIRTY-SEVENTH DEFENSE

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-EIGHTH DEFENSE

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws plaintiffs seek relief.

### THIRTY-NINTH DEFENSE

Answering Defendants give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in Gross Complaint.

Accordingly, the Answering Defendants request that the Gross Complaint be dismissed with prejudice, and that the Answering Defendants be awarded costs and fees incurred in this action.

>Respectfully submitted,
>
>By: /s/ Kerry J. Miller
>KERRY J. MILLER (#24562)
>KYLE A. SPAULDING (#29000)
>PAUL C. THIBODEAUX (#29446)
>FRILOT L.L.C.
>1100 Poydras Street
>Suite 3700
>New Orleans, LA 70163
>Telephone: (504) 599-8194
>Facsimile: (504) 599-8145
>Email: kmiller@frilot.com
>
>- AND -
>
>STEVEN GLICKSTEIN (NY Bar No. 1038157)
>JAY P. MAYESH (NY Bar No. 1081603)
>KAYE SCHOLER LLP
>425 Park Avenue
>New York, NY 10022
>Telephone: (212) 836-8485
>Facsimile: (212) 836-6485
>Email: sglickstein@kayescholer.com
>
>Counsel for Defendants Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., and Guangdong Knauf New Building Material Products Co., Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Defenses of Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., and Guangdong Knauf New Building Material Products Co., Ltd. to Plaintiffs', David Gross, Cheryl Gross, Louis Velez, *et al.*, Amended Class Action Complaint has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 21st day of March, 2011.

/s/ Kyle Spaulding

32116100.DOCX