UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL   MDL DOCKET: 2047
PRODUCTS LIABILITY LITIGATION

SECTION: L

THIS DOCUMENT RELATES TO:   JUDGE FALLON
MAG. JUDGE WILKINSON

*Vickers, et al. v. Knauf Gips KG, et al.*
EDLA 09-04117
_____/

## MEMORANDUM OF LAW IN SUPPORT OF MEADOWS OF ESTERO'S MOTION TO INTERVENE AS A CLASS ACTION PLAINTIFF

Meadows of Estero-Bonita Springs Limited Partnership ("Meadows of Estero"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 24, hereby submits its memorandum of law in support of its Motion to Intervene as a class action plaintiff.[1]

### I. BACKGROUND

This case is a putative class action lawsuit brought on behalf of certain homeowners in the United States whose homes allegedly contain defective Chinese-manufactured drywall ("Chinese Drywall") supplied by Banner Supply Company, Banner Supply Company Fort Myers, LLC, Banner Supply Company Port St. Lucie, LLC, Banner Supply Company Tampa, LLC, and Banner Supply Company Pompano, LLC,

---

[1] By filing this motion, Meadows of Estero does waive, and expressly reserves, any jurisdictional, venue, or other defenses it may have in other cases pending in the Chinese Drywall MDL proceedings.

1

(collectively, "Banner Supply").[2]

On January 12, 2011, this Court issued a Scheduling Order re: Hearings for Class Certification [D.E. 6958], noting that any interested party who seeks to intervene in this case "shall file appropriate pleadings with the Court prior to January 17, 2011." This Court recently issued an Order, dated March 2, 2011, further extending the deadline to file a motion to intervene in this case to March 14, 2011. [D.E. 7761].

The homeowner plaintiffs in this putative class action seek to recover damages from Banner Supply because, among other things, Banner Supply supplied drywall that:

> is inherently defective because it emits various sulfide gasses and/or other chemicals through "off-gassing" that creates noxious, "rotten egg-like" odors, and causes corrosion (the "Defect") of air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items ("Other Property").

Fifth Am. Compl. [D.E. 7179-1], at ¶ 1. Among the damages the homeowner plaintiffs seek from Banner Supply are the "tens of thousands of dollars in damages" they have incurred or will incur, "including, but not limited to: repair/replacement of homes, Other Property, any materials contaminated or corroded by the drywall as a result of 'off-gassing,' incidental and consequential damages." *Id.* at ¶ 4.

Meadows of Estero, like many other homebuilders, has spent many thousands of dollars repairing numerous homes that were damaged by defective Chinese Drywall that Banner Supply supplied. In exchange for repairing these homes, Meadows of Estero has

---

[2] The homeowner plaintiffs in this case seek to certify a class of "[a]ll owners and/or residents of real properties located in the State of Florida containing Knauf Chinese drywall that was sold, distributed, or supplied by Banner Supply Co., Banner Fort Myers, Banner Port St. Lucie, Banner Tampa, and Banner Pompano." Fifth Am. Compl. [D.E. 7179-1], at ¶ 138.

received from each of its homeowners an assignment of substantially all of the same types of damage claims that the homeowner plaintiffs are pursuing in this case. Accordingly, the claims that Meadows of Estero has against Banner Supply are virtually identical to the claims the homeowner plaintiffs have brought in this case.

Given these significant similarities, and the concerns regarding the possible limitations on Banner Supply's available insurance proceeds, especially if the proceeds are tendered to the Court for distribution, Meadows of Estero should be permitted to intervene as an additional named plaintiff in this case. Accordingly, and for the reasons discussed in more detail below, the Court should grant Meadows of Estero's Motion to Intervene.

## II.   ARGUMENT

### A.   The Standard for Intervention

"Federal courts should allow intervention where no one would be hurt and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citation and internal quotation marks omitted). Under Federal Rule of Civil Procedure 24, two forms of intervention exist, intervention of right and permissive intervention. *See* Fed. R. Civ. P. 24(a)-(b). Rule 24(a) governs intervention of right and provides, in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Rule 24(b) governs permissive intervention and states, in pertinent part, that the Court "may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As discussed below, this Court should permit Meadows of Estero to intervene in this case under the standards set forth in Rule 24 subsections (a)(2) and (b)(1)(B).

### B.     Meadows of Estero is Entitled to Intervene Under Rule 24(a)(2)

Under Rule 24(a)(2), "an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995); *see also In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 593-94 (N.D. Ill. 1998) (intervention appropriate where interest in insurance and settlement funds would be significantly impaired due to proposed settlement that would drastically reduce the funds).

In the instant case, Meadows of Estero and other similarly-situated homebuilders have an interest in a specific fund, Banner Supply's limited insurance proceeds. *See Mountain Top Condo. Ass'n*, 72 F.3d at 366. Meadows of Estero and other homebuilders have similar damage claims against Banner Supply as the homeowner plaintiffs in this case, including, among other things, the costs of remediating and repairing homes containing defective Chinese Drywall. If any settlement is reached or any judgment is obtained against Banner Supply, Banner Supply's insurance proceeds would likely be dramatically reduced, if not entirely exhausted, which would significantly impair or

4

impede Meadows of Estero's recovery for its damage claims against Banner Supply. *See In re Discovery Zone Sec. Litig.*, 181 F.R.D. at 593-94.

Moreover, Meadows of Estero's interests are not adequately represented by the existing parties in this case. The proposed class consists of certain homeowners who reportedly have defective Knauf Chinese Drywall in their homes that Banner Supply supplied. The proposed class does not expressly include Meadows of Estero and other homebuilders that are pursuing their claims, in part, through assignments from homeowners whose homes have been repaired. Furthermore, the homeowner plaintiffs are specifically pursuing claims against Banner Supply for supplying "Knauf Chinese Drywall," Fifth Am. Compl. [D.E. 7179-1], at ¶ 138, whereas Meadows of Estero and other homebuilders are pursuing claims against Banner Supply for Knauf Chinese Drywall and all non-Knauf defective Chinese-manufactured drywall that Banner Supply also supplied. Since Meadows of Estero and other similarly-situated homebuilders are therefore not expressly included in the proposed class, and the homeowner plaintiffs are exclusively pursuing claims against Banner Supply for supplying Knauf Chinese Drywall, the class does not adequately represent the interests of Meadows of Estero. Accordingly, Meadows of Estero has met the requirements for intervention under Rule 24(a)(2), and is entitled to intervene in this action.

**C.    Alternatively, Permissive Intervention under Rule 24(b)(1)(B) is Appropriate**

If this Court determines that Meadows of Estero does not meet the requirements for intervention under Rule 24(a)(2), Meadows of Estero should be permitted to intervene

under Rule 24(b)(1)(B). Under Rule 24(b)(1)(B), this Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). However, "[i]n exercising its discretion, the [C]ourt must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In this case, Meadows of Estero's claims involve common questions of law or fact with the homeowner plaintiffs' claims. The homeowner plaintiffs, Meadows of Estero, and other homebuilders are pursuing similar property damage claims against Banner Supply for, among other things, the cost of remediating and repairing homes damaged by Chinese Drywall. Numerous common questions of law or fact exist, including Banner Supply's liability and the types and amounts of damages recoverable for these claims.

In addition, Meadows of Estero's intervention under Rule 24(b)(3) will not unduly delay or prejudice the adjudication of the homeowner plaintiff's or Banner Supply's rights. Numerous homebuilders are simultaneously moving to intervene as named plaintiffs, and no substantial discovery or other proceedings have occurred which should preclude Meadows of Estero from intervening in this action. Accordingly, Meadows of Estero meets the requirements for intervention under Rule 24(b)(1)(B), and therefore, the Court should permit it to intervene in this action.

### III. CONCLUSION

For the foregoing reasons, Meadows of Estero respectfully requests that the Court grant its Motion to Intervene as a named plaintiff in this action.

Dated: March 17, 2011.

*/s/ Jeffrey M. Paskert*
JEFFREY M. PASKERT
Florida Bar No. 846041
ADAM C. KING
Florida Bar No. 156892
MILLS PASKERT DIVERS
100 N. Tampa Street, Suite 2010
Tampa, Florida 33602
(813) 229-3500 – Telephone
(813) 229-3502 − Facsimile
*Attorneys for Meadows of Estero-Bonita Springs Limited Partnership*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 17, 2011, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., and Homebuilders' Steering Committee Dorothy Wimberly and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq. by U.S. mail and/or email and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

>　　　　　　　　　　　　*/s/ Jeffrey M. Paskert*
>　　　　　　　　　　　　Attorney