UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

*Vickers, et al v. Knauf Gips KG, et al.*
EDLA 09-04117
_____/

**DEFENDANT BANNER ENTITIES' MEMORANDUM
IN OPPOSITION TO HOMEBUILDERS' MOTIONS TO INTERVENE**

COME NOW, Banner Supply Company; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; and Banner Supply International, LLC (collectively, "Banner"), and file this Memorandum in Opposition to the Motions to Intervene in *Vickers v. Knauf Gips KG*, filed by the following homebuilders: Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation (collectively, "Lennar"); Taylor Morrison Services, Inc. f/k/a Morrison Homes, Inc. and Taylor Woodrow Communities at Vasari, LLC (collectively, "Taylor"); Completed Communities II, LLC, Centerline Homes at Georgetown, LLC, Briella Townhomes, LLC, and Centerline Homes Construction, Inc. (collectively, "Centerline"); and Meadows of Estero-Bonita Springs LP ("Meadows").[1]

---

1 Banner does not oppose the other Homebuilders' requests to join these cases for purpose of settlement discussions only.

**PRELIMINARY STATEMENT**

Lennar, Taylor, Centerline, and Meadows ("Homebuilders") should not be allowed to join these cases at this late date, which would have the effect of delaying the hearing on the motion for class certification.[2]  The Scheduling Order entered by the Court was designed to address H*omeowners'* motion for class certification, not claims by any *Homebuilder*.  Banner does not believe that the Court contemplated new categories of plaintiffs to intervene, rather, it appears that the Order contemplated only intervention of different homeowners.

In this action, Homebuilders have not filed or proposed a Complaint asserting claims against Banner, have not responded to any discovery propounded by Banner, and have not filed a motion for class certification explaining why they are entitled to go forward as a class.  Accomplishing these tasks would take many months and is simply inconsistent with the Scheduling Order entered by the Court.

Homebuilders are not entitled to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a).  The Homebuilders have failed to carry their burden of proving that their request for intervention is timely.  Further, they have failed to show any protectable interest in this litigation that may be impaired.  At best, the Homebuilders have showed that they may have any economic interest in the same "specific fund -- Banner's limited insurance proceeds" as the Plaintiffs.  *See* Lennar's Motion to Intervene, p. 4.  It is well-established, however, that "an economic interest alone is insufficient" to intervene.  *New Orleans Pub. Serv., Inv. v. United Gas Pipe Line Co.*, 732 F.2d 452, 466 (5th Cir. 1984).

---

2 As noted herein, Banner opposes intervention by these Homebuilders for any purpose beyond settlement discussions.  However, if they are allowed to intervene, Banner requests that the Homebuilders not be included in the discovery, briefing, and hearing on the current motion for class certification filed by the Homeowners.  Rather, the Homebuilders, if allowed to intervene, should file their own complaints and motions for class certification, Banner should be allowed a reasonable period to respond to and conduct discovery related to the class issues, and a separate hearing should be set for the Homebuilders' motion for class certification in due course.

Moreover, the Court should deny the Homebuilders' alternative request for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b) because the requested intervention will undoubtedly delay the proceedings and prejudice Banner. Any intervention by the Homebuilders will dramatically expand the scope of the proposed class action and its related discovery. It will make an already aggressive Scheduling Order for the certification hearing untenable. As such, Banner respectfully requests that this Court deny the Homebuilders' Motions to Intervene in *Vickers v. Knauf Gips KG*.

## BACKGROUND

On September 21, 2010, the PSC filed Plaintiff's Motion for Class Certification in *Vickers* and *Payton*, seeking certification of separate classes of Louisiana and Florida homeowners whose homes contain drywall manufactured by Knauf. The Court entered a Scheduling Order regarding Hearing on Class Certification in these actions on January 21, 2011. The Order required that any party seeking to intervene in the Motion for Class Certification do so by January 17, 2011. That deadline was subsequently extended three times to March 14, 2011.

The Court has pending before it further modifications to the Scheduling Order proposed separately by Plaintiffs and Defendants, which call for various discovery and expert deadlines in advance of either a June 27 or an August 2011 certification hearing. Homebuilders have not proposed any modifications to the Scheduling Order as of yet; however, if they were allowed to intervene, substantial modifications would be required.

## ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention of right and permissive intervention. Fed. R. Civ. P. 24. The Homebuilders move to intervene under both standards. For the reasons discussed below, however, the Homebuilders do not meet

3

the standards to intervene as a right, and this Court should deny their request for permissive intervention.

## I. **Intervention of Right**

In order to intervene as a right pursuant to Rule 24(a), each of the following four requirements must be met: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *New Orleans Pub. Serv.*, 732 F.2d at 463 (quoting *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978)). Failure to satisfy even one of these requirements precludes intervention of right. *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996); *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994); *Kneeland v. NCAA*, 806 F.2d 1285, 1287 (5th Cir. 1987).

### A. Homebuilders' Motions to Intervene Are Not Timely Despite Being Filed on the Court's Amended Deadline

The first requirement that the Homebuilder must meet is timely applying for intervention. "Timeliness" is governed by a four-part test, regardless of deadlines set by a court: (1) the length of time between the would-be intervenor's learning of its interest and its petition to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervener if the petition were denied, and (4) any unusual circumstances. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247-48 (5th Cir. 2009) (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977)).

These Homebuilders have been fully aware of Plaintiffs' motions for class certification in *Vickers*. Plaintiffs' motions for class certification have been pending in these suits for six

4

months.  Homebuilders have known about these motions for that entire time, as they regularly attend this Court's monthly status conferences.  Further, the Homebuilders have known about this Court's and the parties' attempts to schedule necessary discovery in advance of the certification hearing.  Despite this knowledge, however, the Homebuilders waited until the final hour to file their Motions to Intervene.  Moreover, while the addition of the Homebuilders would greatly delay this case and thereby cause prejudice to the existing parties, the addition of the Homebuilders now, three (or five, at most) months before the class certification hearings are scheduled to go forward, would greatly prejudice Banner.  The class certification Scheduling Order is already quite aggressive.  To add an entire separate subclass of plaintiffs such as the Homebuilders will entail a great deal of additional discovery and depositions, making the Scheduling Order virtually impossible to keep.  If the Homebuilders had moved to intervene earlier, the Scheduling Order could have allowed for this additional discovery.

Further, the Homebuilders will not suffer any prejudice by not being allowed to intervene in the class certification.  Homebuilders are active in the MDL and can pursue state court claims, if it desires, and therefore have legitimate avenues to address their interests.  Additionally, there is no immediacy to the need to address their claims.  The Homebuilders are differently situated from the Homeowners – *i.e.,* they have substantial revenues to withstand a delay to litigate their claims consistent with due process.  For example, Lennar is a publicly traded company that has a presence in 18 states and reported revenues in 2010 of approximately $2.6 billion.  In addition, Taylor Morrison's web site brags that it is "one of the largest home builders in the United States."  Centerline's web site similarly notes that "Over 5,000 families are enjoying their Centerline-built home, and that number is growing rapidly."  No information was publicly available for Meadows of Estero, but Banner is confident that such homebuilder is differently

5

situated from Homeowners in regard to its ability to suffer through a delay. In short, Homebuilders do not require such urgent action as their Motions suggest.

Because the Homebuilders were not timely and have not carried the burden of establishing their timeliness, the Court should refuse their request to intervene as a right under Rule 24(a).

### B. Homebuilders do Not Have an Adequate Interest in The *Vickers* Class Litigation to Intervene

In order to intervene as a right, the Homebuilders "must show that [they] ha[ve] a direct, substantial, legally protectable interest in the action, meaning that the interest should be one which the substantive law recognizes as belonging to or being owned by the applicant[s]." *In re Lease Oil Antitrust Litig.*, 570 F.3d at 247-48. Moreover, the Homebuilders must "be situated so that the disposition of the case into which [they seek] to intervene may impair or impede [their] ability to protect [their] interest[s]." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 380 (5th Cir. 2001).

Homebuilders have not shown that they have a direct, substantial and legally protectable interest in this action. Their argument that they have a right to intervene based on their alleged interest in a specific fund (namely, Banner's insurance proceeds) fails. Homebuilders argue this despite well-settled precedent in the Fifth Circuit that "an economic interest alone is insufficient, as a legally protectable interest is required for intervention under Rule 24(a)(2)." *New Orleans Pub. Serv.*, 732 F.ed at 466; *see also Petromixtec S.A. v. Nat'l Ry. Equip. Co.*, CIV A. 99-2866, 2001 WL 515237 (E.D. La. May 15, 2001) (citing *Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 2004) (intervention is not warranted because the outcome of an action might "decrease the collectability of any subsequent judgments they may obtain in the future"). Homebuilders cite Third Circuit authority in support of their arguments

6

that their interest in a "specific fund" is sufficient to intervene.  *See*, *e.g.*, Lennar's Motion to Intervene at p. 4 (citing *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361 (3d Cir. 1995)).  Not only is *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, the case cited by Homebuilders, not binding precedent, but further, it is entirely distinguishable from the facts in this matter.  72 F.3d 361, 366.

In *Mountain Top*, condominium unit owners sought to intervene in an action that their condominium association brought against a contractor after the association deposited the remainder of hurricane damage insurance proceeds in court registry in return for a release of the contractor's construction liens.  The condominium owners sought to intervene to challenge the distribution of the insurance proceeds.  Because the Third Circuit agreed that the insurance proceeds were assets of an express trust, of which the individual condominium owners were the intended beneficiaries, it held that the condominium owners had a property interest in the trust that was being offered as settlement funds.

The facts of *Mountain Top* are not comparable to the facts in the present matter.  There, the intervenors had an already existing right to the money that was going to be offered as settlement funds.  Their interest in that money was not contingent upon winning a lawsuit.  Here, the Homebuilders do not yet have an interest in Banner's insurance proceeds -- no legally recognizable interest exists until they have a judgment against Banner.  In fact, in *Mountain Top*, the Third Circuit affirmed that "a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene … [t]hus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene."  *Mountain Top*, 72 F.3d at 366.  Further, the Third Circuit reasoned: "[i]f the [condominium owners'] only interest in the present case was to ensure that the [condominium

7

association] would have sufficient resources to satisfy any judgment they may be able to obtain in [another] court action, the district court's reasoning and conclusion [that the condominium owners did not have a sufficient interest to intervene] would be sound." *Id*. The circumstances that the Third Circuit described in its reasoning are precisely the situation before the Court now. Accordingly, Homebuilders do not have a sufficient interest to intervene in this present action under Fifth Circuit precedent or Third Circuit precedent. Because the Homebuilders' only interest in intervening in this action is their interest in Banner's limited insurance proceeds, their request to intervene as a right must be denied.

## II.     Permissive Intervention

In the alternative, the Homebuilders' request that the Court exercise its discretion and permit intervention under Fed. R. Civ. P. 24(b), which provides: "[u]pon timely application[3] anyone may be permitted to intervene in an action … when an applicant's claim or defense and the main action have a question of law or fact in common…." Permissive intervention is "wholly discretionary with the [district] court … even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Pub. Serv.*, 732 F.2d at 471 (citing *Wright & Miller, Federal Practice and Procedure: Civil* § 1913 at 551)).

In determining whether to allow intervention under Rule 24(b), the Court must consider the potential adverse impact on the original parties, including whether the intervention will unduly delay or prejudice the adjudication of the claim. Fed. R. Civ. P. 24(b)(3). Banner respectfully requests that this Court use its broad discretion to deny the Homebuilders' request as it will cause great undue delay and would prejudice the existing parties.

---

3 As discussed above in more detail herein, Homebuilders' request to intervene is untimely. Homebuilders have known about Plaintiffs' desire to certify a class since the PSC filed the Motion for Class Certification in September, 2010.

8

Any assertion by Homebuilders that "intervention under Rule 24(b)(3) will not unduly delay or prejudice the adjudication of the rights of the homeowner plaintiffs and Banner[,]" is wholly disingenuous. *See*, *e.g.*, Lennar Motion to Intervene, p.6. Just because the Homebuilders make such a statement, without any factual support, does not make it so. Homebuilders, however, have yet to file a Complaint or Motion for Class Certification in this case. In its state court action, Lennar's 180-page Second Amended Complaint is comprised of 2224 paragraphs. There is no reason to expect that the Complaint filed in this action, should Homebuilders be permitted to intervene, would be any different. Answering such a complaint that has not yet been filed will be time consuming. Further, with the exception of Taylor Morrison, Banner is not in receipt of any discovery responses from the Homebuilders attempting to intervene. Taylor Morrison made a small production of documents to Banner in another MDL case but has not supplemented its production to make it complete. In order to appropriately prepare for the addition of the Homebuilders as a class in this action, Banner will need to conduct discovery from all four sets of entities. With the class certification hearing only three months (five months, at the most) away, the burden of answering such a complaint and conducting discovery involving hundreds of homes and briefing required to prepare for a class certification hearing is insurmountable. The schedule as it is currently set is already ambitious, and to add to it would make it unobtainable.

Homebuilders cannot have it both ways: they argue that Plaintiffs do not adequately represent their interests, but also argue that their intervention will not unduly delay the proceedings. Although the Homebuilders do not explicitly state it, it is apparent from the Homebuilders' motions that they seek to either join Plaintiffs' class or create their own subclass. The Homebuilders have not yet provided any class definition; however, it is clear that Plaintiffs'

proposed class action does not include claims against the Homebuilders and does not include claims by homeowners whose homes have been remediated by the Homebuilders and who have released or assigned their property damages. In fact, because of the releases afforded to the Homebuilders when they repair or remediate Plaintiffs' homes, the class actions are largely mutually exclusive.

Because the Homebuilders do not appropriately fit into Plaintiffs' class, as they have admitted by arguing that their interests are not protected by the class, they will have to attempt to create a sub-class. Such creation would require extensive discovery, briefing, and argument that does not overlap with the current issues in *Vickers*. Homebuilders have not offered a definition of their class at this point, primarily because there is no valid definition that would include all of the Homebuilders. Homebuilders neglect to address the fact that their "class" involves numerous homebuilders and other entities distinctly situated in respect to the various defendants -- not all defendants are even potentially liable to the Homebuilders. For example, each of the Homebuilders may have its own agreement with home owners and with contractors and distributors such as Banner. Each of the Homebuilders presents unique questions of law and comparative fault for the Court or jury to decide.

## CONCLUSION

For all of the foregoing reasons, Banner requests that the Court deny Homebuilders' request to join the above-captioned action. In the alternative, Banner requests that the Homebuilders not be included in the discovery, briefing, and hearing on the current motion for class certification filed by the Homeowners. Rather, the Homebuilders, if allowed to intervene, should file their own complaints and motions for class certification, Banner should be allowed a

reasonable period to respond to and conduct discovery related to the class issues, and a separate hearing should be set for the Homebuilders' motion for class certification in due course.

Respectfully submitted this 21st day of March 2011,

        **WEINBERG, WHEELER, HUDGINS,**
        **GUNN & DIAL, LLC**

        */s/ Michael A. Sexton*
        **MICHAEL A. SEXTON, ESQUIRE**
        Florida Bar Number: 131520
        msexton@wwhgd.com
        **NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**
        Georgia Bar Number: 560679
        npanayo@wwhgd.com
        **SHUBHRA R. MASHELKAR, ESQUIRE**
        Georgia Bar Number: 475388
        smashelkar@wwhgd.com

        3344 Peachtree Road
        Suite 2400
        Atlanta, GA 30326
        Telephone (404) 876-2700

        *Counsel for Banner Supply Company; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; and Banner Supply International, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **DEFENDANT BANNER SUPPLY COMPANY'S MEMORANDUM IN OPPOSITION TO HOMEBUILDERS' MOTIONS TO INTERVENE** has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 21st day of March, 2011.

                                       */s/ Michael A. Sexton*
                                       **MICHAEL A. SEXTON, ESQUIRE**