UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET:  2047<br><br>SECTION:  L<br>JUDGE FALLON<br>MAGISTRATE JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>SEAN AND BETH PAYTON, et al. v.<br>KNAUF GIPS, et al.<br>CASE NO.: 2:09-cv-07628-EEF-JCW | |

**DEFENDANT, BANNER SUPPLY COMPANY PORT ST. LUCIE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS CROSS-CLAIM AGAINST BANNER SUPPLY COMPANY, ET AL.**

Defendant, BANNER SUPPLY COMPANY PORT ST. LUCIE, LLC ("Banner PSL"), files this Memorandum in Support of its Motion to Dismiss the Cross-Cross against Banner Supply Company, et al. (the "Cross-Claim") filed by Defendant/Cross-Claim Plaintiff, EXCEL CONSTRUCTION OF S.W. FLORIDA, INC. ("Excel").

I.     INTRODUCTION

Plaintiffs, Sean and Beth Payton, et al., filed this class action against distributors, suppliers, importers, exporters, brokers, builders, developers, contractors and installers in connection with the installation of allegedly defective Chinese-manufactured drywall in the Plaintiffs' residences.  Thereafter, Excel filed a Cross-Claim against Banner PSL purportedly arising out Banner PSL's supply of allegedly defective Chinese-manufactured drywall.  Excel has asserted a laundry list of generic common law and statutory claims against Banner PSL, including: (1) negligence; (2) common law indemnity; (3) contribution; (4) equitable subrogation; (5) breach of the implied warranties of merchantability and fitness; (6) negligent

failure to warn; (7) breach of the post-sale duty to warn; (8) strict products liability; (9) strict products liability failure to warn; (10) violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"); and (11) unjust enrichment. This Court should dismiss the Cross-Claim and grant the instant Motion because every one of Excel's claims against Banner PSL is fatally defective and should be dismissed.

## II. EXCEL'S CROSS-CLAIM FAILS TO STATE A CAUSE OF ACTION AGAINST BANNER PSL AND SHOULD BE DISMISSED

### A. *Legal Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950 (citing Twombly, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556).

### B. *Plaintiffs Complaint Violates Rule 8(a)(2) of the Federal Rules of Civil Procedure*

Excel has failed to properly plead a cause of action against Banner PSL because Excel improperly lumps Banner Supply Co.; Banner Supply Company Pompano, LLC; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company

Port St. Lucie, LLC; and Banner Supply International, LLC (collectively the "Banner Entities") together in Counts 14 through 26 in violation of Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), when a complaint alleges that multiple defendants are liable for multiple claims, and does not distinguish the acts done by a particular defendant, the court must determine whether the complaint gives adequate notice to each defendant of the claims against it. <u>Pro Image Installers, Inc. v. Dillon</u>, No. 3:08-CV-273, 2009 WL 112953, *2 (N.D. Fla. Jan. 15, 2009). Numerous courts have held that the practice of lumping all defendants together and making general allegations against the group does not provide each defendant with fair notice of the claims against them, and, therefore, does not withstand the requirements of Rule 8(a)(2). <u>See</u> <u>Atuahene v. Hartford</u>, 10 F. App'x 33, 34 (2d Cir. 2001); <u>see</u> <u>also</u> <u>Pierson v. Orlando Reg'l Healthcare Sys., Inc.</u>, 619 F. Supp. 2d 1260 (M.D. Fla. 2009). Granting a motion to dismiss is an appropriate remedy for such a violation of Rule 8(a)(2). <u>Pro Image Installers, Inc.</u>, 2009 WL 112953, at *2.

In the instant action, Excel has alleged twelve (12) counts against the Banner Entities, including violations of consumer protection acts, by simply lumping together all Banner Entities in Counts 14 through 26. The Cross-Claim is devoid of any allegations establishing that Banner PSL delivered allegedly defective Chinese-manufactured drywall to the subject property. In fact, Excel alleges in a conclusory manner that "Excel Construction purchased drywall for use in the subject home from Defendant/Cross-Claim Defendant Banner." <u>See</u> Cross-Claim ¶ 24. There are six (6) named entities which comprise Excel's description of "Banner" in the Cross-Claim. Because Plaintiffs improperly lump together the Banner Entities throughout the Cross-Claim such that Banner PSL cannot be on notice of the claims against it, Excel's Cross-Claim should be dismissed for failure to state a claim.

C. <u>The Tort Claims Upon Which the Cross-Claim is Based are Barred by the Economic Los Rule</u>

Even if Excel stated legally cognizable claims for strict liability and negligence against Banner PSL, Counts 14, 21, 22, 23 and 24 of the Cross-Claim are barred by the economic loss rule. The economic loss rule "prohibits tort recovery when a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself." <u>Casa Clara Condo. Ass'n, Inc. v. Charley Toppino and Sons, Inc.</u>, 620 So. 2d 1244, 1246 (Fla. 1993).

In <u>Casa Clara</u>, a concrete supplier supplied concrete for the construction of numerous homes which contained high salt content that caused the reinforcing steel in the concrete to rust, which, in turn, caused the concrete to crack and break off. <u>Id.</u> at 1245. The homeowners, in separate actions, sued numerous defendants, including the concrete supplier. <u>Id.</u> The Florida Supreme Court, applying the Economic Loss Rule, held that because there was no physical injury and because no "other property" had been damaged, the homeowners could not state a tort cause of action against the concrete supplier. <u>Id.</u> at 1247.

In this case, Excel claims that Banner PSL sold Excel defective drywall which Excel later installed in the Plaintiffs' residence. Similar to the plaintiff in <u>Casa Clara</u>, the relief sought by Excel is purely economic, as it has failed to allege that anyone has sustained any physical injuries and no property, other than the drywall itself, has sustained any damage. In an attempt to defeat the economic loss rule, Excel re-alleges Plaintiffs' claim that the "unduly hazardous condition of the drywall in the Homes pos[es] serious or unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes." <u>See</u> Cross-Claim ¶ 164. Excel, however, cannot bring a cause of action for strict liability or negligence against Banner PSL based on purported damage to "other property," since the

allegedly damaged property is not owned by Excel, but rather, the very plaintiffs that sued Excel in the underlying action.  See, e.g., Turbomeca, S.A. v. French Aircraft Agency, Inc., 913 So. 2d 714 (Fla. 3d DCA 2005) (refusing to bifurcate the purchased product into separate parts where a component part harms or destroys the finished product).  Without allegations of physical injury or damage to other property, contract law, rather than tort law, is more suitable to redress Excel's alleged claims against Banner PSL.  Since the Economic Loss Rule precludes Excel's claims for strict liability and negligence against Banner PSL, Counts 14, 21, 22, 23 and 24 of the Cross-Claim should be dismissed.

  D. *Excel's Claim for Negligence Should be Dismissed for Failure to State a Claim*

In Count 14 of the Cross-Claim, Excel attempts to assert a claim for negligence against Banner PSL.  In order to state a cause of action for negligence, Excel must allege that: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach caused the plaintiff damages.  See Hansenfus v. Secord, 962 F.2d 1556, 1560-61 (11th Cir. 1992) (applying Florida law) ("Failure to establish any one of these elements is fatal to the plaintiff's case.").  Excel has failed to allege any ultimate facts in Count 14 of the Cross-Claim to support its claim for negligence.  See Dejernette v. M.D. Moody & Sons, Inc., 140 So. 2d 76, 77 (Fla. 2d DCA 1962) (properly sustaining motion to dismiss where complaint alleged only that defendant failed to make a reasonable inspection and failed to discover the defect without alleging specific facts as to how defendant failed to make a reasonable inspection and failed to discover the alleged defect).  In the absence of specific allegations demonstrating how Banner PSL negligently distributed the drywall at issue, and failed to properly inspect the drywall so as to discover the alleged defect, Count 14 of the Cross-Claim should be dismissed, or, in the

alternative, Plaintiffs should be required to comply with the pleading requirements under Florida law.  See Dejernette, 140 So. 2d at 77.

   E. *Excel's Claim for Common Law Indemnification Should be Dismissed Since Banner PSL Neither Altered Nor Caused the Defect in the Chinese-Manufactured Drywall*

In Count 15 of the Cross-Claim, Excel attempts to assert a cause of action against Banner PSL for common law indemnity.  The Florida Supreme Court has determined that a two-part test must be satisfied in order to recover for common law indemnification.  See Houdaille Indus., Inc. v. Edwards, 374 So. 2d 490, 492-93 (Fla. 1979).  Specifically, the party seeking indemnification must: (1) be without fault and the party against whom indemnity is sought must be wholly at fault, and (2) be obligated to pay only because of some vicarious, constructive, derivative or technical liability to another deriving from some "special relationship" with the party for whose fault such party is held liable.  See Id.

In Costco Wholesale Corporation v. Tampa Wholesale Liquor, Inc., 573 So. 2d 347 (1990), a defective bottle of wine was made in Italy and then sold successively to a distributor, a wholesaler, a retailer and a consumer.  Id. at 347.  The consumer was injured by the product and brought an action in strict liability, choosing to sue only the retailer of the defective bottle.  Id. The retailer then sued the wholesaler and distributor for indemnity.  Id.  The Costco Court held that the indemnity action was improper because the defective bottle was not altered in any way by the distributor, wholesaler or the retailer, and the wholesaler and retailer did nothing to cause the defect.  Id.  Relying on Houdaille and its progeny, the court declined to extend a third party plaintiff's rights to common law indemnity against others in the chain of distribution of a defective product who are themselves without fault.  Id.  The court reasoned in pertinent part:

> While a party suffering injury or damage and loss as a result of a latently defective product may have a cause of action in strict liability against anyone in the injured party's chain of distribution

>regardless of fault, a party without fault against whom such a recovery is had has a cause of action for common law indemnity only against those other parties in the chain of manufacture and distribution who are at fault.

Id. at 349 (internal citation omitted).

Similar to the facts in Costco Wholesale Corporation, Excel seeks indemnity from Banner PSL as a mere supplier in the chain of distribution of the allegedly defective Chinese-manufactured drywall. Excel generally alleges that Banner PSL is at fault and responsible for all damages resulting from the defective drywall since "the drywall distributed, sold, and/or supplied by Banner was defective and wholly to blame for Plaintiffs' injuries" (see Cross-Claim ¶ 177). Excel, however, has not alleged that Banner PSL altered the drywall it received from the Chinese manufacturer, or that Banner PSL caused the defect in the drywall at issue. Following the court's rationale in Costco Wholesale Corporation, as well as the Supreme Court's holding in Houdaille and its progeny, Excel's claim against Banner PSL represents an improper extension of third party liability insofar as a distributor in the chain of distribution is concerned. See Costco Wholesale Corp., 573 So. 2d at 348. As in Costco, Excel cannot assert a claim against Banner PSL as a mere distributor of a product merely because Banner PSL is in the chain of distribution. See Id. at 349. Count 15 of the Cross-Claim should, therefore, be dismissed for failing to state a claim upon which relief can be granted.

F. *Excel Fails to State a Cause of Action for Contribution*

In Count 16 of the Cross-Claim, Excel attempts to assert a cause of action against Banner PSL for contribution. A claim for contribution requires allegations of "common liability" on the part of the pleading party and the party being asked for contribution. See Ins. Co. of N. Am. v. Quality Comm. Grp., Inc., 687 So. 2d 960 (Fla. 5th DCA 1997). "A party seeking contribution 'must plead . . . among other necessary allegations, [its] own negligence and the negligence of

the other tortfeasor.'" Id. (internal citations omitted). Section 768.31, Florida Statutes, provides that "when two or more persons become jointly or severally liable in tort for the same injury to person or property . . . there is a right of contribution among them even though judgment has not been recovered against all or any of them." § 768.31, Fla. Stat. (2010). A joint tortfeasor may only recover if he has paid more than her pro rata share of the common liability.

Here, Excel states that it "denies any liability owing to Plaintiffs or any such class of plaintiffs" (see Cross-Claim ¶ 9) in one breath, and states that "should Excel Construction be found liable . . . Banner should be required to repay Excel Construction for any loss, damages, costs, and expenses, including attorneys' fees, Excel Construction is required to pay to or on behalf of Plaintiffs" (see Cross-Claim ¶ 183, 186), in the next. These statements are wholly inconsistent and clearly indicate that Excel claims it was not negligent. Excel fails to plead any ultimate facts in support of its own negligence, in addition to the negligence of the other alleged joint tortfeasors (i.e., Banner PSL). Indeed, Excel pleads no allegations indicating that it is a joint tortfeasor with Banner PSL. Accordingly, Excel has failed to allege a cause of action for contribution, and Count 16 of the Cross-Claim should be dismissed.

### G. Count 17 of the Cross-Claim Fails to State a Claim for Equitable Subrogation

Excel has attempted, but failed, to plead a claim for equitable subrogation. Under Florida law, a cause of action for equitable subrogation requires a plaintiff to prove that (1) the subrogee made the payment to protect his or her own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt; (4) ***the subrogee paid off the entire debt***; and (5) subrogation would not work any injustice to the rights of a third party. Biscayne Inv. Grp., Ltd. v. Guarantee Mgmt. Servs., Inc., 903 So. 2d 251, 255 (Fla. 3d DCA 2005) (emphasis added) (citing Hollywood Lakes Country Club, Inc. v. Cmty. Ass'n Servs., Inc., 770 So. 2d 716,

718 (Fla. 4th DCA 2000)). A right of subrogation does not accrue until payment of the entire debt is made. McKenzie Tank Lines, Inc. v. Empire Gas Corp., 538 So. 2d 482, 486 (Fla. 1st DCA 1989).

In its Cross-Claim, Excel alleges that "***[t]o the extent that Excel Construction is required to pay damages*** . . . [it] would be entitled to reimbursement from Banner under equitable principles." See Cross-Claim ¶ 192 (emphasis added). Excel fails to state a claim for equitable subrogation, because it is the satisfaction, not the mere existence, of a debt which gives rise to the claim. Accordingly, because Excel has not paid or satisfied any debt to Plaintiffs, Excel has no subrogation claim against Banner PSL, and Excel has no shoes in which to stand for a derivative claim. See Rubio v. Rubio, 452 So. 2d 130, 132 (Fla. 2d DCA 1984) ("one is not entitled to be subrogated to the right of a creditor until the claim of the creditor against the debtor has been paid in full"). Because Excel has not discharged or satisfied the alleged debt, no right of subrogation has accrued and Excel has failed to state a claim upon which relief may be granted. Count 17 of the Cross-Claim should, therefore, be dismissed.

> H. *The Allegations Contained in Counts 18 through 20 of the Cross-Claim Fail to Assert Privity Between Banner PSL and Excel, Precluding Claims for Breach of Implied Warranty*

In Counts 18 through 20 of its Cross-Claim, Excel attempts to assert claims against Banner PSL for breach of the implied warranty of merchantability under common law (Count 18), breach of the implied warranty of merchantability under Florida Statute 672.314 (Count 19), and breach of the implied warranty of fitness (Count 20). A plaintiff must be in privity of contract with the defendant in order to state a cause of action for breach of warranty.[1] See Ocana

---

[1] It is true "that an action [for breach of warranty] may be brought against a manufacturer notwithstanding want of privity." Manheim v. Ford Motor Co., 201 So. 2d 440, 441 (Fla. 1967). However, because Banner PSL is not the manufacturer of the allegedly defective Chinese-manufactured drywall, but only a supplier, Excel must *properly* allege that the parties are in privity in order to survive Banner PSL's Motion to Dismiss.

v. Ford Motor Co., 992 So. 2d 319, 325 (Fla. 3d DCA 2008) (finding Florida law requires privity of contract to maintain an action for breach of an implied warranty); see also T.W.M. v. Am. Med. Sys., Inc., 886 F. Supp. 842 (N.D. Fla. 1995) (applying Florida law and holding that the recipient of allegedly defective product did not state a cause of action for breach of implied warranties of merchantability and fitness for particular purpose absent any allegation that he purchased the product directly from the manufacturer or contracted with the manufacturer). This is because "[a] warranty, whether express or implied, is fundamentally a contract. A contract cause of action requires privity." Id. at 844 (internal citations omitted). A plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant. See White & Summers, UNIFORM COMMERCIAL CODE § 11-2, at 528 (3rd ed. 1988).

In the instant case, Excel has failed to allege it is in privity of contract with Banner PSL, that the contract contained an implied warranty, or that Excel relied on that implied warranty. While Excel alleges it "purchased drywall from Banner to be installed in the Homes" (see Cross-Claim ¶ 196), Excel has failed to attach or to incorporate as an exhibit to its Cross-Claim copies of any supply orders or invoices demonstrating that Banner PSL distributed, supplied or sold Excel the allegedly defective drywall that was installed in the Plaintiffs' residence. Accordingly, Excel has failed to state a cause of action against Banner PSL for breach of the implied warranties of merchantability or fitness for a particular purpose. Counts 19, 20 and 21 of the Cross-Claim should, therefore, be dismissed.

In addition, in order to state a cause of action for breach of implied warranty of fitness for an intended purpose and to survive a motion to dismiss, a plaintiff must "allege a particular or unusual use different from the purpose for which the item sold is ordinarily used." Fred's Excavating & Crane Serv., Inc. v. Cont'l Ins. Co., 340 So. 2d 1220, 1220 (Fla. 4th DCA 1976).

In its Cross-Claim, Excel has failed to allege that the allegedly defective Chinese-manufactured drywall was going to be used for a particular or unusual use distinct from the purpose for which the item was sold, or that the seller had reason to know the supposed "particular purpose" for which the drywall was purchased.  Furthermore, because Excel has failed to allege that it was in privity with Banner PSL, Excel could not have made the alleged "particular purpose" known to Banner PSL, and Excel could not have relied on Banner PSL's judgment with regard to the drywall's suitability for that "particular purpose."  Accordingly, Excel's unsubstantiated claims are insufficient to state a cause of action for breach of the implied warranty of fitness and, therefore, Count 20 of the Cross-Claim should be dismissed.

I. *As a Supplier, Banner PSL has no Duty to Warn and Excel's Negligent and Strict Liability Failure to Warn Claims Cannot be Predicated Upon a Duty that Does not Exist as a Matter of Law*

In Counts 21 and 24, Excel attempts to assert causes of action against Banner PSL for negligent failure to warn (Count 21) and strict products liability failure to warn (Count 24). Excel alleges Banner PSL owed a duty to "warn Excel Construction about any dangers inherent in the drywall or its unreasonably dangerous propensities."  See Cross-Claim ¶ 226.  Florida cases uniformly hold that Banner PSL, as a mere distributor of a product that is not inherently dangerous, owes no duty to inspect or to warn for hidden defects.  See generally Craig v. Baker & Holmes Co., 96 So. 2d 94 (Fla. 1923); see also Odum v. Gulf Tire & Supply Co., 196 F. Supp. 35 (N.D. Fla. 1961).  Drywall obviously does not fit into the narrow "inherently dangerous" category, and the Cross-Claim does not allege otherwise.  While Excel generally alleges the use of Chinese-manufactured drywall "involved a danger of which Banner was required to provide a warning" (see Cross-Claim ¶ 260), such allegations are akin to the mere "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not

suffice" to support Excel's products liability failure to warn theory.  See Iqbal, 129 S. Ct. at 1949.  The court in Odum specifically opined:

> The retailer or wholesaler who does nothing more than transfer the goods from one place to another is in no greater position to determine whether there are hidden defects in such an article, and has no greater means for making such inspection than the purchaser or other third person.

Id. at 36.   Banner PSL, as a mere distributor of the allegedly defective Chinese-manufactured drywall, owes no duty to Excel to inspect or to warn for latent defects.  As such, Excel cannot predicate its strict liability claims that the drywall was defective and unreasonably dangerous on that basis.   Likewise, Banner PSL could not have negligently breached a legally non-existent duty giving rise to a claim for negligence.  See Superior Garlic Int'l v. E&A Produce Corp., 913 So. 2d 645 (Fla. 3d DCA 2005).   Counts 21 and 24 of the Cross-Claim should, therefore, be dismissed.

J. *Excel's Claim for Breach of an Alleged Post-Sale Duty to Warn Should be Dismissed Because No Such Cause of Action Exists Under Florida Law*

In Count 22 of the Cross-Claim, Excel asserts a claim against Banner PSL for breach of the post-sale duty to warn.  The duty to warn at the point of sale has been recognized by Florida courts, but is limited to dangers that are discoverable in light of the "generally recognized and prevailing best" knowledge available.  See Siemens Energy &Automation, Inc. v. Medina, 719 So. 2d 312 (Fla. 3d DCA 1998).   While a post-sale duty to warn has been adopted by the Restatement (Third) of Torts, the Restatement (Second) of Torts does not recognize a post-sale duty to warn, and some jurisdictions have refused to impose a common law post-sale duty to warn.  See Boatmen's Trust Co. v. St. Paul Fire & Marine Ins. Co., 995 F. Supp. 956 (E.D. Ark. 1998) (holding that Arkansas does not recognize a post-sale duty to warn); Modelski v. Navistar Int'l Transp. Corp., 707 N.E. 2d 239 (Ill. 1999) (refusing to adopt a post-sale duty to warn of

safety improvements). Although Florida courts appears not to have addressed the issue of a supplier's post-sale duty to warn, because Florida has not adopted the Restatement (Third) of Torts, but has adopted the Restatement (Second) of Torts, it can be inferred that a cause of action for negligent failure to issue a timely post-sale warning has similarly not been adopted.

Notwithstanding the foregoing, even assuming that Florida courts would enforce a post-sale duty to warn against a supplier, Excel has failed to allege the necessary elements for such a claim. In order to sustain a cause action for failure to issue a timely post-sale warning against a supplier, a plaintiff must allege, in part, that the "seller knows or reasonably should know that the product poses a substantial risk of harm to persons or property." See Restatement (Third) of Torts § 10(b)(1). Excel's Cross-Claim fails to allege any facts that would support the inference that Banner PSL knew, or reasonably should have known, that the drywall at issue posed a substantial risk of harm. Instead, Excel alleges in a conclusory manner that Banner PSL "knew or reasonably should have known that the drywall was unduly hazardous and/or posed a substantial risk of harm to persons or property." See Cross-Claim ¶ 237. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Excel's threadbare recital of the elements contained within the Restatement (Third) of Torts is insufficient to state a claim for negligent post-sale duty to warn against Banner PSL and, therefore, Count 22 of the Cross-Claim should be dismissed.

K. *Excel's Claim for Strict Liability Should be Dismissed as a Matter of Law*

In Count 23 of the Cross-Claim, Excel attempts to state a cause of action for strict liability against Banner PSL. Florida law is well settled that the doctrine of strict products

liability does not apply to structural improvements to real estate, such as a home, because a home is not a product. See Easterday v. Masiello, 518 So. 2d 260, 261 (Fla. 1988); see also Virgilio v. Ryland Group, Inc., 695 F. Supp. 2d 1276 (M.D. Fla. 2010) (holding that "a home is not a product" for purposes of strict products liability). In determining whether something constitutes a "product" or a "structural improvement to real property" with regard to products liability actions, courts will look at several factors, including: (1) whether the structure can be disassembled and resold; (2) whether the item adds value to the property; (3) whether the item is intended to enhance the property's value, beauty, or utility; and (4) whether the item is available for purchase in the sense that it is offered in the stream of commerce. See Plaza v. Fisher Dev., Inc., 971 So. 2d 918, 920 (Fla. 3d DCA 2007); see also Easterday, 518 So. 2d at 261.

In its Cross-Claim, Excel re-alleges Plaintiffs' claim that the drywall at issue is a defective building component because it has damaged certain building materials and items within the Plaintiffs' residences. See Cross-Claim ¶¶ 251-252. Because the Chinese-manufactured drywall is an integral part of the subject property into which it was installed, it is considered a "structural improvement" to real property. See Plaza, 971 So. 2d at 922-24 (affirming dismissal of strict liability claim predicated on conveyor that was incorporated as structural improvement to real property); see also Neumann v. Davis Water and Waste, Inc., 433 So. 2d 559, 561 (Fla. 2d DCA 1983) (dismissing claim against installer of treatment tank as an integral part of sewage facility); Foreline Sec. Corp. v. Scott, 871 So. 2d 906 (Fla. 5th DCA 2004) (rejecting contention that a security system installed in a bank is a "product" and not a "structural improvement"). Accordingly, Excel's claim for strict liability against Banner PSL must fail. Likewise, since there are absolutely no allegations relating to the foregoing factors analyzed by the court in Plaza, there can be no dispute that the allegedly defective drywall is a structural improvement to

real property and, as a result, not subject to the strict products liability doctrine. See Plaza, 971 So. 2d at 920. Excel's claim for strict liability against Banner PSL in Count 23 of the Cross-Claim should, therefore, be dismissed.

> L. *Excel's Claim for Violation of the Florida Deceptive and Unfair Trade Practices Act Should be Dismissed As a Matter of Law*

In Count 25 of the Cross-Claim, Excel attempts to assert a claim against Banner PSL for alleged violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"). In order to state a claim for damages under FDUTPA, a plaintiff must allege, at a minimum, the following elements: (1) a deceptive act or practice; (2) causation; and (3) actual damages. Sundance Apartments I, Inc. v. Gen. Elec. Capital Corp., 581 F. Supp. 2d 1215 (S.D. Fla. 2008). Courts examining FDUTPA claims have increasingly applied the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."). "In light of this trend, *claims arising under the FDUTPA must be pled with particularity.*" See Wrestlereunion, LLC v. Live Nation TV Holdings, Inc., No. 8:07-cv-2093-JDW-MSS, 2008 WL 3048859, *3 (M.D. Fla. Aug. 4, 2008) (internal citations omitted) (emphasis added). At a minimum, Rule 9(b) requires a claimant to allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made; [and] (2) the time and place of each statement and the person responsible for making each statement, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001); see also Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008) (setting forth same basic requirements).

Excel's Cross-Claim falls far short of this heightened pleading standard. Excel generally alleges that "Banner's unfair and deceptive conduct in advertising, soliciting, offering, distributing, supplying and/or selling defective drywall . . . constitute[] unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices within the meaning of FDUPTA." See Cross-Claim P 274. The Cross-Claim does not identify a single instance in which Banner PSL—by its words or conduct—deceived Excel or treated them unfairly. Such conclusory allegations do not satisfy the requirement of "particularity" embodied in Rule 9(b). See Fla. Digital Network, Inc. v. N. Telecom, Inc., No. 6:06-cv-889-Orl-31-JGG, 2006 WL 2523163, *5 (M.D. Fla. Aug. 30, 2006) (dismissing FDUPTA claim that failed to allege "specific facts" as mandated by Rule 9(b)). What is more, when alleging fraudulent conduct and statements, a plaintiff may not lump together defendants when it will obscure the identity of the party that has committed the alleged act. See Centrifugal Air Pumps Austl. v. TCS Obselete, LLC, No. 6:10-CV-820, 2010 WL 3584948, at *2 (M.D. Fla. Sept. 9, 2010) (criticizing the practice of "lumping" when it rendered "the factual underpinnings of the [c]omplaint practically incomprehensible" and created a conflicting description of events). This is precisely what Excel has done here by lumping together all six (6) Banner Entities in one claim and, as such, a reasonable person reading the allegations contained in Count 25 of the Cross-Claim cannot determine which acts and/or omissions—whether it be the "advertising, soliciting, offering, distributing, supplying and/or selling" (see Cross-Claim ¶¶ 274-276)—Excel is attributing to Banner PSL. Excel should be required to allege these and other similarly vague allegations with specificity. See Great Fla. Bank v. Countrywide Home Loans, Inc., No. 10-22124-CIV, 2011 WL 382588, *3 (S.D. Fla. Feb. 3, 2011) (finding plaintiff improperly lumped together defendants "in a way that obscures the identity of the party or parties that are alleged to

have actually committed the fraudulent actions."). Excel's unsubstantiated allegations regarding the facts giving rise to its alleged claims under FDUPTA and its damages are insufficient to state a claim against Banner PSL as a matter of law, and Count 25 of the Complaint should, therefore, be dismissed.

In addition, Section 501.212(3), Florida Statues, specifically provides that FDUPTA "does not apply to . . . a claim for damage to property other than the property that is the subject of the consumer transaction." Accordingly, under FDUPTA, the term "actual damages" does not include special or consequential damages. See Smith v. 2001 S. Dixie Highway, Inc., 872 So. 2d 992, 994 (Fla. 4th DCA 2004) (where plaintiff improperly sought consequential damages in her FDUPTA claim—rather than actual damages in relation to the value of the car she purchased—dismissal with prejudice was proper). Because Banner PSL allegedly provided a product—namely, the supply of drywall—Excel can establish "actual damages" *only* by showing a difference between the "market value" of the product that Banner PSL actually provided and the product that Banner PSL was required to provide. See Collins v. Daimler-Chrysler Corp., 894 So. 2d 988, 990 (Fla. 5th DCA 2004) (explaining that "actual damages" under FDUTPA means the "difference in the market value of the product or service in the condition in which it was delivered, and its market value in the condition in which it should have been delivered according to the contract of the parties" (internal citations omitted)).

The subject of Excel's transaction under its claim for violation of FDUPTA is the purchase of the drywall, and, therefore, the proper measure of damages is the difference between the market value of the drywall, as delivered, and its market value as it should have been delivered. Excel, however, fails to set forth facts indicating Excel had any relationship with Banner PSL or that Banner PSL made any representation to Excel. Specifically, the Cross-Claim

does not evidence the existence of any supply orders or invoices demonstrating that Banner PSL distributed, supplied or sold Excel the allegedly defective drywall that was installed in any of Plaintiffs' residences. Accordingly, Banner PSL could not have committed an unfair or deceptive act or practice which caused damage to Excel. See Rollins, Inc. v. Heller, 454 So. 2d 580, 584-85 (Fla. 3d DCA 1984) (holding damages awarded pursuant to a violation of FDUPTA must be limited to the "actual damage related to the system and services [the defendant] contracted to provide").

Finally, Count 25 contains allegations that, on their very face, seek unrecoverable damages under FDUTPA. Paragraph 277 of the Cross-Claim alleges damages resulting from "payments made or to be made on behalf of Excel Construction to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Excel Construction, and/or the settlement of Plaintiffs' claims." See Cross-Claim ¶ 277. Plaintiffs' improper efforts to seek consequential and incidental damages as a result of the installation of allegedly defective Chinese-manufactured drywall are fatal to their FDUTPA claim. See Smith, 872 So. 2d at 994. Accordingly, Excel has failed to state a cause of action under section 501.211, Florida Statutes, as a matter of law, and Count 25 should, therefore, be dismissed.

M. *The Cross-Claim Fails to State a Claim for Unjust Enrichment Against Banner PSL*

In Count 26 of the Cross-Claim, Plaintiffs attempt to assert a claim against Banner PSL for unjust enrichment. It is well settled in Florida that "unjust enrichment is equitable in nature and is, therefore, not available when there is an adequate remedy at law." Bowleg v. Bowe, 502 So. 2d 71, 72 (Fla. 3d DCA 1987) (dismissing unjust enrichment count because plaintiff had a contractual remedy). Consequently, an unjust enrichment claim must fail upon a showing that an

express contract exists. Id.; see also Garcia v. Cosicher, 504 So. 2d 462, 463 n.2 (Fla. 3d DCA 1987).

Although the Cross-Claim is devoid of any factual support that Excel contracted with Banner PSL, Excel's claim for unjust enrichment must fail because Excel has alleged that a contract exists between the parties. See Cross-Claim ¶ 281 ("Pursuant to its contract with Excel Construction, Banner distributed, supplied, and/or sold the gypsum drywall to Excel Construction that was installed in the Homes built by Excel Construction."). Moreover, Excel alleges to have adequate remedies at law, and is, in fact, already pursuing those remedies in this case. Indeed, Excel is seeking the same relief in its unjust count as it does in almost every other count in the Cross-Claim, namely damages as a result of any payments made or to be made on behalf of Excel Construction to or on behalf of Plaintiffs. See Cross-Claim ¶¶ 171, 179, 192, 201, 210, 221, 233, 244, 252, 263, 277 and 286. Therefore, because Excel has adequate remedies at law, its claim for unjust enrichment fails as a matter of law and the Court should dismiss Count 26 of the Cross-Claim.

### III. CONCLUSION

For the foregoing reasons and the legal authority cited herein, Defendant, BANNER SUPPLY COMPANY PORT ST. LUCIE, LLC, respectfully requests that this Court enter an order dismissing the Cross-Claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and for such other and further relief that this Court deems just and proper.

CASE NO.:  2:09-cv-07628-EEF-JCW

Respectfully submitted,

PETERSON & ESPINO, P.A.
Attorneys for Banner Supply Company Port St. Lucie, LLC
10631 Southwest 88th Street, Suite 220
Miami, Florida   33176
Telephone:     (305) 270-3773
Facsimile:      (305) 275-7410
mpeterson@petersonespino.com

By:    /s/ Michael P. Peterson
         Florida Bar No. 982040

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Motion to Dismiss and Incorporated Memorandum of Law of BANNER SUPPLY COMPANY PORT ST. LUCIE, LLC has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all Chinese Drywall parties by electronically uploading same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 6 on this 21st day of March, 2011.  I further certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 21st day of March, 2011.

By:    /s/ Michael P. Peterson