UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| *Silva et al. v. Arch Insurance Co. , et al.*, | * | MAG. JUDGE WILKINSON |
| **Case No. 09-cv-08034 (E.D. La)** | * | |

**INTERIOR EXERIOR'S REPLY TO THE KANUF DEFENDANTS' OPPOSITION TO THE MOTION OF INEX, THE JOINT MOTION OF LANDMARK AMERICAN INSURANCE COMPANY AND NATIONAL SURETY COPORATION, AND THE MOTION OF NORTH RIVER INSURANCE COMPANY FOR LEAVE TO FILE THIRD PARTY COMPLAINTS AGAINST THE KNAUF DEFENDNATS**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, though undersigned counsel, come Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, L.L.C. (collectively "Interior Exterior"), who file this reply to the opposition brief filed by Gebruder Knauf Verwaltungsgesellschaft KG ("GKV"); Knauf Gips KG; Knauf International GmbH ("Knauf International"); Knauf Insulation GMBH a/k/a Knauf USA ("Knauf USA"); and Knauf Plasterboard Tianjin Co., Ltd. ("Knauf Tianjin" or "KPT"); and Knauf Plasterboard Wuhu Co., Ltd. ("Knauf Wuhu") (collectively the "Knauf Defendants") to Interior Exterior's Third Party Complaint.

**ARGUMENT AND AUTHORITIES**

The Knauf Defendants ostensibly oppose Interior Exterior's professed "Motion for Leave" to file its Third Party Demand against them on the following basis:

1. The Knauf Defendants are not necessary parties to the *Silva* bellwether trial because the fact-finder must apportion fault among all persons found to be jointly liable to plaintiff regardless of whether the person is a party to an action;

2. Requiring the Knauf Defendants to participate in the bellwether trial will impede the Knauf Defendants' abilities to participate in the pilot remediation program and further efforts to resolve this litigation; and

3. The Knauf Defendants have not (and presumably will not) consent to waiver of service of process from Interior Exterior and its insurers, although they have admittedly done so with the PSC; thereby delaying the start of the scheduled bellwether trial in July.

These arguments, however, are unavailing; and, for the reasons set forth below, the Knauf Defendant's objection to the inclusion of Interior Exterior's Third Party Demand in the bellwether trial should be rejected.

### A. *Interior Exterior does not need leave of court to bring its Third Party Demand.*

Interior Exterior notes, first and foremost, that the Knauf Defendants are opposing a fictitious motion – Interior Exterior did not move for leave to file its Third Party Demand. Rather, Interior Exterior's Third Party Demand against the Knauf Defendants was filed as a matter of right pursuant to Rule 14 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 14(a)(1) provides as follows:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to if for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

In Pre-Trial Order No. 1, the Court entered an extension and stay, preventing Interior Exterior from filing responsive pleadings to plaintiffs' various complaints, including the complaint in *Silva, et al., v. Interior Exterior Building Supply,* no 09-cv-8030. Although that extension and stay has been subsequently modified, the time period for Interior Exterior to file responsive pleadings has not yet commenced because the PSC has not yet filed a Notice of Completion of Amendments to Omni Complaints. (*See* Pre-Trial Order Nos. 1G and 1H). Nevertheless, in association with the Court's selecting the *Silva* matter for a bellwether trial and the Case Management Order jointly submitted by the Plaintiffs and Interior Exterior, Interior

Exterior filed its Motion to Lift the Stay along with its original answer to the *Silva* claims on March 11, 2011. *See* Interior Exterior's Motion to Lift the Stay (Rec. Doc. 8118) and Answer and Affirmative Defenses to Plaintiffs' Petition, First Amended Petition, and Second Amended Petition for Damages (Rec. Doc. 8122). On that same day, Interior Exterior filed the subject Third Party Demand against the Knauf Defendants (Rec. Doc. 8123). Because the Third Party Demand was filed within 14 days of Interior Exterior's original answer, leave of court was not required. The Knauf Defendant's opposition is both invalid and legally incorrect.

> **B.** *The Knauf Defendants are proper parties to a bellwether trial involving Interior Exterior.*

Addressing the merits of the Knauf Defendants' arguments, Interior Exterior respectfully submits that the Knauf Defendants are proper parties to any bellwether trial testing the likelihood of any ultimate monetary remuneration by Interior Exterior for any problems associated with Chinese drywall. In fact, the utility of any bellwether trial involving Interior Exterior is nearly nonexistent without the presence of the manufacturing entities, from whom Interior Exterior believes it is ultimately entitled to indemnity. The very purpose of the bellwether trial is thwarted if Interior Exterior's affirmative claims are not included.

Your Honor recently noted the value of bellwether trials in testing trial theories and promoting resolution of multidistrict claims in *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2337-38 (2008):

> In the MDL setting, bellwether trials can be effectively employed for nonbinding informational purposes and for testing various theories and defenses in a trial setting. Although the results of such "nonbinding" bellwether trials are obviously binding upon the parties to the specific cases that are tried, the results need not be binding on consolidated claimants in order to be beneficial to the MDL process. The Fifth Circuit has recognized the potential value of employing bellwether trials in this manner:
>
>> The notion that the trial of some members of a large group of claimants may provide a basis for enhancing prospects of

> settlement or for resolving common issues or claims is a sound one that has achieved general acceptance by both bench and bar . . . . The reasons for acceptance by bench and bar are apparent. If a representative group of claimants are tried to verdict, the results of such trials can be beneficial for litigants who desire to settle such claims by providing information on the value of the cases as reflected by the jury verdicts. *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997).
>
> Another significant benefit of bellwether trials is that they provide a vehicle for putting litigation theories into practice. As most experienced litigators know, trials rarely proceed exactly as planned. In addition to the unexpected logistical problems that may arise, one can never be sure how certain arguments and evidence will "play" before a trier of fact. In multidistrict litigation, these uncertainties are often exacerbated by variations that exist among the circumstances of consolidated claimants and by the sheer volume of relevant material produced during discovery.
>
> Bellwether trials thus assist in the maturation of any given dispute by providing an opportunity for coordinating counsel to organize the products of pretrial common discovery, evaluate the strengths and weaknesses of their arguments and evidence, and understand the risks and costs associated with the litigation.

*See also In re Hanford Nuclear Reservation Litig.*, 497 F.3d 1005, 1014 (9th Cir. 2007) ("After almost two decades of litigation, ... the parties in 2005 agreed to a bellwether trial. The trial was designed to produce a verdict that would highlight the strengths and weaknesses of the parties' respective cases and thus focused on six plaintiffs ... who were representative of the larger group. The purpose of the trial was to promote settlement and bring long-overdue resolution to this litigation."); *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, MDL No. 1358, 2007 WL 1791258, at *2-3 (S.D.N.Y. June 15, 2007) ("A bellwether trial also allows a court and jury to give the major arguments of both parties due consideration without facing the daunting prospect of resolving every issue in every action .... And every experienced litigator understands that there are often a handful of crucial issues on which the litigation primarily turns. A bellwether trial allows each party to present its best arguments on these issues for resolution by a

trier of fact. Moreover, resolution of these issues often facilitates settlement of the remaining claims.").

Without the Knauf Defendants participating as parties to the bellwether trial, Interior Exterior cannot test the theories of pass-thru liability, as pled in its Third-Party Demand; and, thus, Interior Exterior and its insurers as well as the Plaintiffs, the Knauf Defendants, and the Court will not gain the benefit of seeing how these arguments "play" and the jury's ultimate conclusion as to whether Interior Exterior will be made to pay any money for allegedly selling defective drywall manufactured by the Knauf Defendants. The results of a trial without consideration of the Knauf Defendants' liability to Interior Exterior will not help elucidate Interior Exterior's ultimate indebtedness, if any, nor will it help promote settlement. If Interior Exterior is correct in its theories, it will ultimately pay nothing. If Interior Exterior is incorrect, it will pay some amount in combination with the Knauf Defendants and the other culpable parties. While a bellwether trial without the third-party claims may shed light on the high-end exposure, it will do nothing to inform the parties of the low-end risks and, therefore, cannot bring the parties closer to resolution.

Moreover, above anything else, the bellwether trial is a trial on the merits as to the persons and entities actually a party. *See In re Chevron U.S.A., Inc.*, 109 F.3d 1016. The findings of the jury are binding on the parties, as if it were any other trial. Interior Exterior must then be allowed to assert any claims and defenses as in the ordinary course of litigation, including any third-party claims as provided for in Fed. R. Civ. P. 14.

Finally, as the Knauf Defendants correctly point out, regardless of whether they are parties on Interior Exterior's Third Party Demand, their liability will be put before the *Silva* jury. Much of the evidence on the Knauf Defendants' liability to the Plaintiffs is the same as the

evidence of their liability to Interior Exterior.  It would, therefore, be a waste of judicial resources to proceed with a trial only as to the Knauf Defendants' contributory negligence with a separate trial later addressing the Knauf Defendants' third-party liability.  If nothing else, judicial economy dictates that Interior Exterior be allowed to proceed with its Third Party Demand against the Knauf Defendants.

### C. *The pilot remediation program will not be impacted by the Knauf Defendants' involvement in the bellwether trial.*

The suggestion that the Knauf Defendants cannot participate in the pilot remediation program at the same time as they prepare a defense to claims by Interior Exterior, of which they have been aware for years, is nearly laughable.  The Knauf Defendants have proved themselves quite adroit at multitasking in this complex, versatile litigation.  The suggestion is further belied by the fact that the Knauf Defendants are concurrently administering the pilot remediation program and participating in the class certification discovery and *Silva* trial depositions.  The Knauf Defendants and their counsel, which include three national law firms, have the resources to administer the pilot program and participate in the *Silva* trial.  Interior Exterior should not be prejudiced from pursing all of its defenses because of mere inconvenience to established culpable parties.

### D. *Service of the Third Party Demand should not delay the trial.*

Lastly, professed issues inherent with service of process on the Knauf Defendants should not prevent Interior Exterior from pursuing the rights afforded to it under the Federal Rules of Civil Procedure.[1]  The Knauf Defendants could certainly agree to waive service of the Third-Party Complaint, as they have admittedly done for the PSC.  As the Court has advised

---

[1] Interior Exterior will give the Knauf Defendants the benefit of the doubt and not interrupt their argument as a threat to intentionally delay the proceeding to induce the Court to not allow Interior Exterior and its insurers to pursue their third-party claims, and instead will simply address the merits of the argument.

previously, they are parties before the Court and might as well accept service because the cost of the service will simply be taxed against them as court costs.

Furthermore, the Knauf Defendants waived any objection to service of process or personal jurisdiction by filing their opposition to Interior Exterior's Third-Party Complaint and the insurers' motions for leave.  Consent to jurisdiction involves making a "general appearance" and failing to raise the defense of lack of jurisdiction or service of process in a timely fashion, thereby waiving the defense. *United States v. Republic Marine, Inc.,* 829 F.2d 1399, 1402 (7th Cir.1987); *Cactus Pipe & Supply Co., Inc. v. M/V Montmartre,* 756 F.2d 1103, 1107 (5th Cir.1985)(holding that such a waiver occurred); *Pacific Employers Insurance Co. v. M/V Gloria,* 767 F.2d 229, 234 (5th Cir.1985)(implicitly recognizing the possibility of such a waiver but holding that it had not occurred); *Associated Metals and Minerals Corp. v. SS Portoria,* 484 F.2d 460, 461-62 (5th Cir.1973)(same). Generally, an appearance in an action involves some presentation or submission to the court and may result from the filing of an answer without raising jurisdictional defects.  *Louisiana ex rel. Dept. of Transp. & Dev. v. Kition Shipping Co., Ltd.*, CIV.A. 08-77-A-M2, 2009 WL 1664621 (M.D. La. May 4, 2009) *vacated in part,* 653 F. Supp. 2d 633 (M.D. La. 2009).  An appearance may also arise by implication from a defendant's "seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to [the] plaintiff other than one contesting only the jurisdiction or by reason of some act or proceedings recognizing the case as in court." *Cactus Pipe & Supply Co., Inc.,* 756 F.2d at 1108.

The Knauf Defendants unquestionably made an appearance by filing their objection to Interior Exterior's Third-Party Demand, which does not raise any jurisdictional defects – it only references the delays that might be caused by service of process.  Counsel for the Knauf

Defendants also made an appearance on their behalf at the deposition of an Interior Exterior employee taken for purposes of the *Silva* bellwether trial on March 21, 2011.[2] Again, counsel did not raise any jurisdictional issues or service issues. These appearances by the Knauf Defendants not only disprove their assertion of diversion of resources but also constitute a waiver of any Rule 12(b) jurisdictional or service defects. Inclusion of the third-party claims, therefore, will not delay the proceedings.

## CONCLUSION

For the foregoing reasons, Interior Exterior respectfully submits that the Court should reject the Knauf Defendants' objection to Interior Exterior's Third Party Demand.

Respectfully submitted,

*Richard G. Duplantier, Jr.   /s/*
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (# 26307)
Carlina C. Eiselen, (# 28524)
Jeffrey P. Green (# 30531)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Facsimile:   (504) 525-2456
rduplantier@gjtbs.com; jhassinger@gjtbs.com;
bgrau@gjtbs.com;ceiselen@gjtbs.com; jgreen@gjtbs.com
*Counsel for Defendant, Interior Exterior*

---

[2] *See* Appearances for the Deposition of Rebecca Galleon, attached hereto as Exhibit A.

## Certificate of Service

      The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 22nd day of March, 2011.

          *Richard G. Duplantier, Jr.   /s/*
          _____
          RICHARD G. DUPLANTIER, JR.