## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | CIVIL ACTION NO. 09-2047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | JUDGE FALLON |
| _____ | ) | |
| This Document Relates to: | | MAGISTRATE WILKINSON |
| ALL CASES | | |

### INTERIOR EXTERIOR'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO INTERIOR EXTERIOR'S MOTION TO DISMISS THE CLAIMS OF CERTAIN PLAINTIFFS WHO HAVE FAILED TO PRODUCE PROFILE FORMS PURSUANT TO F.R.C.P. RULE 37(b)

**MAY IT PLEASE THE COURT:**

Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, L.L.C. ("Interior Exterior") submit this reply to Plaintiffs' Memorandum in Opposition to Interior Exterior's Motion to Dismiss the Claims of Certain Plaintiffs Who Have Failed to Produce Profile Forms Pursuant to F.R.C.P. Rule 37(b) to address the fallacious statements and misplaced arguments raised by Plaintiffs.

In their opposition, Plaintiffs contend that Interior Exterior failed to confer in good faith with the PSC prior to filing its motion. Nothing could be further from the truth. Not only did Interior Exterior inform Plaintiffs Liaison Counsel ("PLC") of the missing profile forms (by name for Louisiana Plaintiffs) and attempt to obtain them from his office, but Interior Exterior consulted directly with Ms. Barrios, the PSC's designated representative for coordinating class certification issues and the counsel who submitted the opposition memorandum on behalf of the PSC. *See* Counsel Correspondence,

attached hereto as Exhibit 1.[1]  Interior Exterior was met, however, with inefficiency and evasion at every turn.  Rather than address the issue and work with Interior Exterior to provide the missing forms, as Plaintiffs suggest they would in their opposition memorandum, the PSC refused and simply directed Interior Exterior to Defense Liaison Counsel (DLC), who in turn directed Interior Exterior to its third-party depository.   Of course, most of the profile forms were not in the depository and were not in the possession of the DLC because they were never produced by Plaintiffs.  For those few that were produced to the DLC but not in the repository, Interior Exterior had no way of knowing this because the PLC refused to actually consult with Interior Exterior on this issue.  Interior Exterior's good faith efforts to obtain the missing profile forms were to no avail.  In fact, even despite this unfortunate motion practice, a number of the missing profile forms still have not been produced.

Moreover, Interior Exterior respectfully submits that a good faith meet and confer is not required for a Rule 37(b) motion.  Plaintiffs confuse a Rule 37(a) motion to compel discovery with Interior Exterior's Rule 37(b) motion as a result of Plaintiffs' disobedience of the Court's scheduling/discovery order.   While Rule 37(a) requires "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery" before bringing a motion to compel, Rule 37(b) has no similar requirement.  The reason for this is simple – there is already a Court Order in place commanding the non-movant to take a particular action but that party has refused to obey the Court's directive.

---

[1] In addition to these e-mails, counsel for Interior Exterior made repeated inquires with PLC's and DLC's offices regarding the missing profile forms – back and forth we went without obtaining the missing forms. As discussed below, the reason for this failure to obtain the forms is now obvious –the forms were not submitted to DLC until after Interior Exterior filed this motion.

In this case, not only is there an Order in place commanding each Plaintiff to provide the profile form, but the Court at the last status conference sternly warned the Plaintiffs to comply with that Order or face dismissal of their claims.  Many of those Plaintiffs rebuffed the Court's warning and ignored its Order, and now they complain, without factual support, that Interior Exterior failed to act in good faith.  These Plaintiffs' failure to comply with the Court's Order can no longer be condoned.

Additionally, in response to Interior Exterior's motion, Plaintiffs contend that many of the missing profile forms were, in fact, produced to the PLC, who Plaintiffs contend provided the forms to the DLC.   Plaintiffs refer the Court to Exhibit A to their Memorandum in Opposition for a listing of the Plaintiffs who "already submitted" a profile form to PLC.  A simple review of Plaintiffs' Exhibit A, however, reveals that a vast majority (**204 out of 234**) of the identified Plaintiffs produced their form between March 14th and 18th – one week **after** Interior Exterior filed its Motion to Dismiss. Plaintiffs gloss over this fact in their argument, suggesting the reason that Interior Exterior did not have these profile forms was because of "communication among the defendants" and not because Plaintiffs had failed to actually submit the forms to the PLC at the time Interior Exterior brought its motion.

Obviously since the filing of this motion, many Plaintiffs have now submitted the required forms.  Although many of these Plaintiffs were in violation of the Court's order and properly face dismissal under Rule 37(b), Interior Exterior will withdraw its request to dismiss the claims of any Plaintiff who has submitted a profile form as of today.[2] Accordingly, a final updated list of the MDL Plaintiffs who have failed to provide a

---

[2] Interior Exterior will accept the PSC's representation that all of the Plaintiffs identified on its Exhibit A have in fact submitted profile forms to the PLC/DLC, despite the fact that many of the profile forms have not been made available to Interior Exterior through the DLC's third-party repository.

profile form (and who have not voluntarily dismissed or are not in the process of dismissing their claim) is attached hereto as the Second Amended Exhibit "A."

In bringing its motion to dismiss, Interior Exterior does not seek to halt the entirety of these proceedings, as suggested by Plaintiffs.  Rather, Interior Exterior seeks to dismiss the claims of only those disobedient Plaintiffs who have willfully failed to comply with the Court's Order, despite an explicit admonition by the Court to do so.  The failure of these Plaintiffs to comply with the Court's mandate and provide even the most basic of information contained on the profile forms has prejudiced Interior Exterior in its defense of this action.

For these reasons and those more fully set forth in Interior Exterior's original and supplemental memoranda in support, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, L.L.C. respectfully request that this Honorable Court grant their Motion Dismiss the Claims of Certain Plaintiffs Who Have Failed to Produce Profile Forms Pursuant to F.R.C.P. Rule 37(b) and enter an Order dismissing with prejudice the claims of the Plaintiffs identified on the Second Amended Exhibit "A" attached hereto.

Respectfully submitted,

***Richard G. Duplantier, Jr.   /s/***
_____
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
Jeffrey P. Green (# 30531)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802 / Fax:  (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com

- 4 -

bgrau@gjtbs.com / ceiselen@gjtbs.com /
jgreen@gjtbs.com
*Counsel for Defendant, Interior Exterior Building
Supply, L.P. and Interior Exterior Enterprises, LLC*

## Certificate of Service

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 22nd day of March, 2011.

*Richard G. Duplantier, Jr.   /s/*

_____
RICHARD G. DUPLANTIER, JR.