# EXHIBIT B

SEP-26-01 12:53  From:                                          T-507 P.04/16 Job-085

# ARTICLES OF PARTNERSHIP IN COMMENDAM
## of
## INTERIOR/EXTERIOR BUILDING SUPPLY, LIMITED PARTNERSHIP

[N0717730.2]

SEP-26-2001  12:52                                96%              P.04

INT/EXT33427

# ARTICLES OF PARTNERSHIP IN COMMENDAM
## of
## INTERIOR/EXTERIOR BUILDING SUPPLY, LIMITED PARTNERSHIP

These ARTICLES OF PARTNERSHIP IN COMMENDAM (these "Articles") are entered into this 25th day of September, 2001, by and between Interior/Exterior Enterprises, L.L.C., a Louisiana limited liability company (the "General Partner"), in its capacity as the sole general partner, and South Cortez, L.L.C., a Louisiana limited liability company, in its capacity as the sole limited partner (the "Limited Partner").

### WITNESSETH:

WHEREAS, the parties desire to form a partnership in commendam (limited partnership) under the laws of the State of Louisiana for the purposes and on the terms herein provided; and

WHEREAS, the General Partner, as sole general partner, and the Limited Partner, as sole limited partner, now wish to enter into these Articles.

NOW THEREFORE, in consideration of the mutual promises made herein, the parties, intending to be legally bound, hereby agree as follows:

## ARTICLE 1
## DEFINITIONS

The following terms have the following respective definitions (unless the context otherwise requires). The singular shall include the plural, and the masculine gender shall include the feminine and neuter, and conversely, as the context requires.

1.1  *"Act"* shall mean the provisions of Title XI of Book III of the Louisiana Civil Code of 1870, *Of Partnership*, consisting of Articles 2801 to 2844, as amended, and any successor articles thereto, and Title 9, Sections 3401 to 3447, of the Louisiana Revised Statutes of 1950, as amended.

1.2  *"Articles"* shall mean this Articles of Partnership in Commendam, as the same may be amended, modified or supplemented from time to time.

1.3  *"Capital Contribution"* shall mean the fair market value (net of liabilities assumed or taken subject to) of property and the total amount of cash contributed to the Partnership by each Partner in exchange for Units.

1.4  *"Code"* shall mean the Internal Revenue Code of 1986, as amended or as the same may be amended from time to time, or any successor laws.

1.5  *"Fiscal Period"* shall mean the period starting on the date of formation of the Partnership and otherwise on the day after the end of the previous fiscal period and ending on (i)

{N0717730.2}

INT/EXT33428

the last day of each calendar quarter or (ii) such other date as the General Partner shall, in its sole and absolute discretion, determine necessary.

1.6 *"General Partner"* shall mean Interior/Exterior Enterprises, L.L.C., a Louisiana limited liability company, acting in such capacity, and any other Person who is admitted as an additional or substituted General Partner pursuant to the terms of these Articles.

1.7 *"General Unit"* shall mean a unit of Partnership Interest held by a General Partner.

1.8 *"Interest"* shall mean the entire legal and equitable ownership interest of a Partner in the Partnership at any particular time.

1.9 *"Limited Partner"* shall mean South Cortez, L.L.C., a Louisiana limited liability company and any other Person who is admitted as an additional or substituted Limited Partner pursuant to the terms of these Articles.

1.10 *"Limited Unit"* shall mean a unit of Partnership Interest held by a Limited Partner.

1.11 *"Liquidator"* shall mean the General Partner or such other Person who may be appointed in accordance with these Articles or applicable law.

1.12 *"Partner"* shall mean either a General Partner or a Limited Partner of the Partnership, as the context may require.

1.13 *"Partnership"* shall mean Interior/Exterior Building Supply, Limited Partnership.

1.14 *"Person"* shall mean any individual, partnership, corporation, limited liability company, association, trust or other entity, and any government or political subdivision or agency, authority or department thereof.

1.15 *"Termination Event"* shall mean any event that is specified by the Act as an event that would cause the termination or dissolution of the Partnership.

1.16 *"Transferee"* shall mean, with respect to any Unit, any Person to which such Unit is transferred or assigned.

1.17 *"Unit"* shall mean either a General Unit or a Limited Unit.

## ARTICLE 2
## FORMATION OF PARTNERSHIP

2.1 *Formation.* Pursuant to the provisions of the Act, the General Partner shall cause these Articles, when executed by the Partners, to be filed with the Louisiana Secretary of State, thereby forming the Partnership. Subject to the provisions of the Act, the parties hereto adopt these Articles to govern the affairs and the conduct of the business of the Partnership.

{N0717730.2}

2

INT/EXT33429

2.2 *Name.* The name of the Partnership is "Interior/Exterior Building Supply, Limited Partnership." Subject to all applicable laws, the business of the Partnership shall be conducted in the name of the Partnership, unless under the law of some jurisdiction in which the Partnership does business such business must be conducted under another name. In such a case, the business of the Partnership in such jurisdiction may be conducted under such other name or names as the General Partner shall determine to be necessary.

2.3 *Term.* The Partnership shall commence on the date of filing of the Articles with the Secretary of State of Louisiana and shall have perpetual existence. Notwithstanding the provisions of the Act, including, but not limited to the provisions of the Act or any event which would constitute a Termination Event, the Partnership shall not be dissolved following the Incapacity of any Partner or the occurrence of any Termination Event. The Partnership shall be dissolved only upon the affirmative vote of the holders of all of the outstanding Units. In all other events, the Partnership shall continue in existence.

2.4 *Perfection of Limited Partnership.* The General Partner of the Partnership shall do all acts and things (including publication or periodic filings of any documents) that may now or hereafter be necessary or advisable for (a) the perfection and continued maintenance of the Partnership as a limited partnership under the Act, (b) in order to form or qualify the Partnership under the laws of any jurisdiction in which the Partnership is doing business or in which such formation or qualification is necessary in order to protect the limited liability of the Limited Partner as a limited partner under the Act or as a limited partner under the laws of any other jurisdiction, (c) in order to continue in effect such formation or qualification, and (d) as may otherwise be determined by the General Partner.

2.5 *Place of Business, Registered Agent and Addresses.*

(a) The principal office and place of business of the Partnership and street address shall be 727 S. Cortez Street, New Orleans, Louisiana 70119. The General Partner, at any time and from time to time, may change the location of the Partnership's office and place of business and may establish such additional place or places of business of the Partnership as it shall determine to be necessary or desirable.

(b) The registered office and principal place of business of the Partnership in Louisiana, and the registered agent for service of process on the Partnership at that address, shall be as shown on the Certificate. The General Partner, at any time and from time to time, may change the Partnership's registered office, registered agent, or both by complying with provisions of the Act and may establish, appoint and change additional registered offices and registered agents of the Partnership in such other states or jurisdictions as it shall determine to be necessary or advisable.

(c) The address of the General Partner is 727 S. Cortez Street, New Orleans, Louisiana 70119.

INT/EXT33430

(d) The address of the Limited Partner is 727 S. Cortez Street, New Orleans, Louisiana 70119.

2.6 *Purpose.* The purpose of the Partnership is to carry on any business that is permitted under the Act.

## ARTICLE 3
## CAPITAL CONTRIBUTIONS AND LIABILITY OF LIMITED PARTNER

3.1 *Capital Contributions.*

(a) The parties acknowledge that prior to the date hereof, the General Partner contributed cash in the amount of ONE DOLLAR ($1.00), to the capital of the Partnership as its initial Capital Contribution and received one (1) General Unit in exchange therefor.

(b) The Limited Partner contributed cash in the amount of NINETY-NINE DOLLARS ($99.00) to the capital of the Partnership as its initial Capital Contribution and received ninety-nine (99) Limited Units in exchange therefor.

(c) No Partner shall be entitled to the return of its Capital Contributions or any part of its consideration otherwise paid to the Partnership for any Units and no interest shall be paid in respect thereto.

(d) Except as otherwise provided in these Articles, no Partner shall be required to contribute or lend any cash or property to the Partnership.

3.2 *Liability of Limited Partners.* No Limited Partner shall be personally liable for any debts, liabilities, contracts or obligations of the Partnership.

## ARTICLE 4
## PARTNERSHIP UNITS

4.1 *Units.* Interests in the Partnership shall be divided into and consist of one (1) General Unit and ninety-nine (99) Limited Units, or such other number of General Units or Limited Units as may be authorized from time to time by the General Partner. In addition to the Units issued pursuant to Section 3.1, the General Partner may, from time to time, issue additional Units in exchange for cash or other property. A General Unit shall represent an Interest in the Partnership as a General Partner and a Limited Unit shall represent an Interest in the Partnership as a Limited Partner. Each Unit shall be in all respects equal to every other Unit and shall be entitled to one vote on all matters for which Partners are entitled to vote as provided in these Articles. The rights and powers represented by the Units shall include (a) the right to receive distributions, including liquidating distributions, from the Partnership and (b) all other rights, benefits, and privileges enjoyed by the Partners (under the Act and these Articles) in their capacities as either a General Partner or a Limited Partner, as the case may be.

4.2 *Distributions.* The holders of Units shall be entitled on a pro rata basis to such distributions, if any, as shall be declared from time to time by the General Partner, except that (a) upon liquidation or dissolution of the Partnership, the holders of Units shall be entitled on a pro rata basis to all remaining assets after satisfaction of the Partnership's liabilities to creditors, and (b) Units shall not be subject to any right of redemption by the Partnership.

4.3 *Special Voting Requirements.* The approval of the Partners holding all of the outstanding Units shall be required with respect to: (a) the amendment of these Articles; (b) the merger or consolidation of the Partnership with or into another entity; (c) the sale, exchange, lease, or other transfer of all or substantially all of the assets of the Partnership (other than any mortgage, pledge or other security transaction authorized by the General Partner); and (d) the dissolution of the Partnership.

## ARTICLE 5
## DISTRIBUTIONS

5.1 *Pro Rata Distributions.* Subject to Section 5.2, the General Partner may from time to time declare, and the Partnership may distribute to the Partners, such amount of cash or other property that it determines is not necessary for the continuing operations of the Partnership. All distributions made by the Partnership shall be identical with respect to each Unit.

5.2 *Limitation on Distributions.* No distribution shall be made by the Partnership if, after giving effect to the distribution: (a) the Partnership would not be able to pay its debts as they become due in the usual course of business; or (b) the Partnership's total assets would be less than the sum of its total liabilities. The Partnership may base a determination that a distribution is not prohibited under this Section 5.2 either on financial statements prepared on the basis of accounting practices and principles that are reasonable under the circumstances or a fair valuation or other method that is reasonable under the circumstances. For purposes of this Section 5.2, generally accepted accounting principles are deemed to be reasonable. The effect of a distribution under this Section shall be measured as of the date upon which the distribution is authorized if the payment occurs within 120 days after the date of authorization, or the date upon which payment is made if it occurs more than 120 days after the date of authorization.

## ARTICLE 6
## MANAGEMENT

6.1 *Management and Control of the Partnership.*

(a) All management powers and authority over the business and affairs of the Partnership shall be exclusively vested in the General Partner. No other Partner, by virtue of having the status of a Partner, shall have any management power or authority over the business and affairs of the Partnership or actual or apparent authority to enter into contracts on behalf of, or to otherwise bind, the Partnership. In addition to the powers that now or hereafter can be granted to Partners under the Act and to all other powers granted under any other provision of these Articles, the General Partner shall, in its sole discretion, have full power and authority to do all things on such terms as it may

INT/EXT33432

deem necessary or appropriate to conduct, or cause to be conducted, the business and affairs of the Partnership, including without limitation the power to hire employees of the Partnership who shall be charged with managing the Partnership's day-to-day affairs. The General Partner may assign such titles and duties to the Partnership's employees as the General Partner may deem useful or appropriate to the operation of the Partnership's business.

(b) No Limited Partner shall participate in the management of or have any control of the Partnership's business and affairs, nor shall any Limited Partner have the power to represent, act for, sign for or bind the General Partner or the Partnership. The Limited Partner hereby consents to the exercise by the General Partner, of the authority and powers granted to them by these Articles.

(c) Persons dealing with the Partnership may rely upon a certificate of the General Partner to establish the status of a Partner, the authenticity of any records of the Partnership, or the authority of any Person to act on behalf of the Partnership.

6.2 *Powers of the General Partner.* Except as otherwise provided in these Articles, the General Partner shall have the right, power and authority, in the management of the business and affairs of the Partnership, to do or cause to be done any and all acts or things deemed by it to be necessary or appropriate to carry out or further the business, purposes and objectives of the Partnership. The power and authority of the General Partner pursuant to these Articles shall be liberally construed and shall include, without limitation, the power and authority on behalf of the Partnership to: (i) make expenditures, incur indebtedness for borrowed money and incur any obligations it deems necessary for the conduct of the activities of the Partnership; (ii) purchase, acquire, trade, invest in, dispose of, mortgage, pledge, encumber, hypothecate or exchange any assets of the Partnership; (iii) use the assets of the Partnership (including, without limitation, cash on hand) for any purpose and on any terms it deems appropriate; (iv) negotiate and execute (on any terms it deems desirable including, but not limited to, the inclusion of customary Louisiana security provisions) any contracts, conveyances, mortgages, guaranties, security devices, or other instruments that it considers useful or necessary in connection with the conduct of the Partnership's operations or the implementation of its powers under these Articles; (v) distribute Partnership cash or other property; (vi) issue additional Units in exchange for cash or other property; (vii) employ and dismiss employees and officers of the Partnership pursuant to Section 6.1(a) and determine their compensation and other terms of their employment; (viii) select and dismiss outside attorneys, accountants, consultants and contractors and determine their compensation and other terms of hiring; (ix) maintain such insurance for the benefit of the Partnership and the Partners as it deems necessary; (x) form any further limited or general partnerships, joint ventures or other entities, that it deems desirable to conduct the Partnership's business; (xi) control any matters affecting the rights and obligations of the Partnership, including the conduct of litigation and incurring of legal expenses and the settlement of claims and litigation; and (xii) carry on any other activities necessary to, in connection with, or incidental to any of, the foregoing or the Partnership's business.

INT/EXT33433

Case 2:09-md-02047-EEF-MBN   Document 8309-4   Filed 03/22/11   Page 9 of 14

## ARTICLE 7
## WITHDRAWAL OR EXPULSION OF A PARTNER AND
## TRANSFERABILITY OF PARTNER'S INTEREST

7.1     *Withdrawal or Expulsion of a Partner.*

(a)     Partners may not be expelled from the Partnership or withdraw from the Partnership, except as otherwise provided in this Article 7.

(b)     The General Partner shall have no right or power to withdraw from the Partnership for any reason unless (i) at the effective time of the withdrawal of the General Partner (the "Withdrawing General Partner") there is at least one other General Partner and at least one other Limited Partner or (ii) the General Partner's General Units are transferred as permitted in these Articles. If the Withdrawing General Partner is the sole general partner in the Partnership at the time it wishes to withdraw from the Partnership, it shall have no right to so withdraw unless prior to the effective time of the withdrawal of the Withdrawing General Partner either (x) another General Partner is admitted to the Partnership and issued at least one General Unit or (y) the entire Interest of the sole remaining General Partner is transferred to another Person and such other Person is admitted as a General Partner prior to the effective time of the withdrawal of the Withdrawing General Partner.

(c)     A Limited Partner may withdraw from the Partnership only upon the transfer of its Limited Units to a Transferee as provided in this Article 7.

7.2     *Transfer of a Partner's Interest.* All Units shall be freely transferable and no consent, approval or action of any other Partner shall be required to effect a transfer of any Unit. As a result of any such transfer of any Unit, the Transferee of the transferred Unit shall be deemed to be automatically admitted as and shall become a substituted Partner in the Partnership with respect to the transferred Unit without any action whatsoever taken or required to be taken by the Partnership, or any Partner, and the transferor of such transferred Unit shall cease to be a Partner with respect to the transferred Unit. As a substituted Partner, the Transferee shall have all the rights, privileges and obligations of a Partner under the Act and these Articles to the extent attributable to the Units. The Partnership shall recognize a transfer or assignment of any Unit provided that the General Partner is notified in writing of such transfer or assignment. The Transferee, as a result of the transfer or assignment, shall be admitted as a Partner, and shall become bound by these Articles, if such Transferee executes these Articles or, without such execution, if such Transferee purchases or otherwise lawfully acquires any Unit in accordance with the provisions of these Articles.

INT/EXT33434

## ARTICLE 8
## TERMINATION AND DISSOLUTION

8.1 *Dissolution of the Partnership.* The Partnership shall be dissolved and its affairs shall be wound up only upon the affirmative vote of all of the holders of the outstanding Units. No other event including, but not limited to, the Incapacity of any Partner or the occurrence of any Termination Event, shall cause the termination or dissolution of the Partnership. Dissolution of the Partnership shall be effective on the day on which the Partners unanimously agree to dissolve the Partnership, but the Partnership shall not terminate until: (a) the Partnership has taken all actions required under the Act to dissolve the Partnership; (b) the Partnership has complied with the laws of the other states in which it owns property or does business; and (c) the assets of the Partnership have been distributed as provided in Section 8.2.

8.2 *Liquidation and Termination.* Upon the dissolution of the Partnership, the Liquidator shall proceed diligently to wind up the affairs of the Partnership and make final distributions as provided herein. The costs of liquidation shall be borne as a Partnership expense. Until final distribution, the Liquidator shall continue to operate the Partnership's business with all of the power and authority of the General Partner. The steps to be accomplished by the Liquidator are as follows:

(a) the Liquidator shall take such actions and file such documents with the Louisiana Secretary of State as required by the Act;

(b) as promptly as possible after dissolution and again after final liquidation, the Liquidator shall cause a proper accounting to be made by a recognized firm of certified public accountants of the Partnership's assets, liabilities and operations through the last day of the calendar month in which the dissolution occurs or the final liquidation is completed, as applicable;

(c) the Liquidator shall pay, satisfy or discharge from Partnership funds all of the debts, liabilities and obligations of the Partnership (including, without limitation, all expenses incurred in liquidation) or otherwise make adequate provision for payment and discharge thereof (including, without limitation, the establishment of a cash escrow fund for contingent liabilities in such amount and for such term as the Liquidator may reasonably determine); and

(d) all remaining assets of the Partnership shall be distributed to the Partners as follows:

(i) the Liquidator may sell any or all Partnership property, including to Partners; and

(ii) liquidation proceeds shall be identical with respect to each outstanding Unit.

(e) on completion of the distribution of Partnership assets as provided herein, the Partnership is terminated, and the Liquidator shall file such documents stating that the Partnership has been liquidated and is dissolved and take such other actions as may be necessary to terminate the Partnership.

## ARTICLE 9
## LIMITATION OF LIABILITY; INDEMNIFICATION

9.1 *Limitation of Liability.* The General Partner shall not be personally liable for monetary damages for breach of any duty provided for in the Act; provided, that this Section shall not limit or eliminate the liability of the General Partner for the amount of a financial benefit received by it to which it is not entitled or for an intentional violation of a criminal law.

9.2 *Right to Indemnification.* A General Partner who is involved in any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, arbitrative, or investigative (hereinafter a "Proceeding"), or any appeal in such a Proceeding, or any inquiry or investigation that could lead to such a Proceeding, by reason of any act performed or omitted to be performed by a General Partner in connection with the Partnership's business shall be indemnified by the Partnership to the fullest extent permitted by law, as the same exists or may hereafter be in effect (but, in the case of any subsequent change in the law, only to the extent that such change permits the Partnership to provide broader indemnification rights than were permitted prior to such amendment) against judgments, penalties (including excise and similar taxes and punitive damages), fines, settlements, and reasonable expenses (including, without limitation, attorneys' fees) actually incurred by such Person in connection with such Proceeding, and indemnification under this Article 9 shall continue as to any Person who has ceased to serve as a General Partner. The rights granted pursuant to this Article 9 shall be deemed contract rights, and no amendment, modification, or repeal of this Article 9 shall have the effect of limiting or denying any such rights with respect to actions taken or Proceedings arising prior to any such amendment, modification or repeal.

9.3 *Advance Payment.* The right to indemnification conferred in this Article 9 shall include the right to be paid or reimbursed by the Partnership the reasonable expenses incurred by a Person of the type entitled to be indemnified under this Article 9 who was, is, or is threatened to be made a named defendant or respondent in a Proceeding in advance of the final disposition of the Proceeding and without any determination as to the Person's ultimate entitlement to indemnification; provided, however, that the payment of such expenses incurred by any such Person in advance of the final disposition of a Proceeding shall be made only upon delivery to the Partnership of (a) a written affirmation by such Person of his or her good faith belief that he or she has met the standard of conduct necessary for indemnification under this Article 9, and (b) a written undertaking, by or on behalf of such Person, to repay all amounts so advanced if it shall ultimately be determined that such indemnified Person is not entitled to be indemnified under this Article 9 or otherwise.

9.4 *Nonexclusivity of Rights.* The right to indemnification and the advancement and payment of expenses conferred in this Article 9 shall not be exclusive of any other right which a

{N0717730.2}                                            9

General Partner may have or hereafter acquire under any law (common or statutory), provision of these Articles, any agreement, or otherwise.

9.5    *Savings Clause.*  If this Article 9 or any portion hereof shall be invalidated on any ground by any court of competent jurisdiction, then the Partnership shall nevertheless indemnify and hold harmless the General Partner indemnified pursuant to this Article as to costs, charges and expenses (including attorneys' fees), judgments, fines, and amounts paid in settlement with respect to any action, suit, or proceeding, whether civil, criminal, administrative, or investigative to the full extent permitted by any applicable portion of this Article 9 that shall not have been invalidated and to the fullest extent permitted by applicable law.

## ARTICLE 10
## BOOKS AND RECORDS; ACCOUNTING; TAX ELECTIONS; ETC.

10.1    *Books and Records.*  The books and records of the Partnership shall be maintained by the Partnership at the office of the Partnership and shall be available for examination there by any Partner or its duly authorized representative(s) at any and all reasonable times.

10.2    *Accounting Basis for Tax and Reporting Purposes; Fiscal Year.*  The books and records of the Partnership for tax purposes, for purposes of these Articles, and for the purpose of reports to the Partners shall be kept on such method of accounting as provided in these Articles and otherwise as the General Partner shall determine in its sole and absolute discretion. The fiscal year of the Partnership shall be the calendar year (or such other fiscal year as may be approved by the Internal Revenue Service).

10.3    *Elections.*  The General Partner shall, in its sole and absolute discretion, cause the Partnership to make all elections required or permitted to be made by the Partnership under the Code and not otherwise expressly provided for in these Articles.

## ARTICLE 11
## MISCELLANEOUS

11.1    *Appointment of Attorney-in-Fact.*

(a)    The Limited Partner, by the execution of these Articles, irrevocably constitutes and appoints the General Partner as its true and lawful agent and attorney-in-fact with full power and authority in its name, place and stead to execute, acknowledge, deliver, swear to, file and record at the appropriate public offices all documents that may be necessary or appropriate to carry out the provisions or purposes of these Articles, including without limitation: (i) all certificates and other instruments (including counterparts of these Articles), and any amendment thereof, that the General Partner deems appropriate to form, reform, qualify or continue the Partnership as a limited partnership in the jurisdictions in which the Partnership may conduct business; (ii) all amendments contemplated by these Articles; (iii) all instruments that the General Partner deems appropriate to reflect a change or modification of the Partnership; and (iv) all

{N0717730.2}                                    10

INT/EXT33437

conveyances and other instruments that the General Partner deems appropriate to reflect the dissolution and termination of the Partnership.

(b) The appointment by the Limited Partner of the General Partner as agent and attorney-in-fact shall be deemed irrevocable and to be a power coupled with an interest in recognition of the fact that all of the Partners under these Articles shall be relying upon the power of the General Partner to act as contemplated by these Articles in any filing and other action by it on behalf of the Partnership, and shall survive the incapacity of any Person hereby giving such power and the transfer or assignment of all or any part of the Interest held by such Person.

11.2 *Amendment.* These Articles may be amended or modified from time to time only by the unanimous consent of all of the Partners.

11.3 *Binding Provisions.* The covenants and agreements contained herein shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns of the respective parties hereto.

11.4 *Applicable Law.* These Articles shall be construed and enforced in accordance with the internal laws of the State of Louisiana, applicable to contracts made and to be performed wholly within such State.

11.5 *Counterparts.* These Articles may be executed in several counterparts, all of which together shall constitute one agreement binding on all parties hereto, notwithstanding that all the parties have not signed the same counterpart, except that no counterpart shall be binding unless signed by the General Partner.

11.6 *Separability of Provisions.* If for any reason any provision or provisions hereof which are not material to the purposes or business of the Partnership are determined to be invalid and contrary to any existing or future law, such invalidity shall not impair the operation of or affect those portions of these Articles that are valid.

11.7 *Entire Articles.* These Articles constitutes the entire agreement among the parties. These Articles supersede any prior agreement or understanding among the parties and may not be modified or amended in any manner other than as set forth herein.

11.8 *Titles.* Article, Section, subsection and paragraph titles are for descriptive purposes only and shall not control or alter the meaning of these Articles as set forth in the text.

\* \* \* \*

{N0717730.2}         11

INT/EXT33438

IN WITNESS WHEREOF, the parties hereto have caused these Articles to be duly executed and delivered by their proper and duly authorized officers as of the date and year first above written.

GENERAL PARTNER

Interior/Exterior Enterprises, L.L.C.

By: _____
Name: Clayton C. Geary
Member

LIMITED PARTNER

South Cortez, L.L.C.

By:  Interior/Exterior Enterprises, L.L.C., Sole Member

By: _____
Name: Clayton C. Geary
Member

{N0717730.2}                              12