**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO**
*Amato v. Liberty Mutual Insurance Co.*, No. 10-932

**QUANTA INDEMNITY COMPANY'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS FOR IMPROPER VENUE**

Quanta Indemnity Company seeks to have certain plaintiffs' claims for insurance coverage relating to Chinese Drywall installed in buildings in Florida dismissed for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1391. These claims are before this Court by virtue of the amended omnibus complaint in *Amato v. Liberty Mutual Insurance Co.*, No. 10-932 – a complaint wrought with procedural problems of subject matter jurisdiction, standing, and improper joinder, among others.[1] Quanta has been sued here as the alleged commercial general liability insurer of two Louisiana homebuilders and eight Florida homebuilders. As to the eight Florida homebuilders, none of the plaintiffs is a Louisiana resident and none of the buildings involved is in Louisiana. While plaintiffs' claims against Quanta as insurer of the two Louisiana

---

[1] Quanta files this motion now in order to preserve its venue defense. According to this Court's Order of March 3, 2011, doc. 7793, this motion is not among the categories that the Court intends to consider at this time. Quanta notes, however, that on August 4, 2010 this Court issued an Order, doc. 4873, setting motions of insurers on, *inter alia*, venue, for hearing on November 3, 2010. Quanta previously submitted a motion objecting to personal jurisdiction and venue in a separate case in this MDL, *Northstar Holdings, Inc. v General Fidelity, et al*. 10-384. Quanta's original motion is doc. 2930. Quanta subsequently withdrew its objection to personal jurisdiction in Louisiana, but persists in its venue objection which has not yet been decided. It appears that the Court has not decided any venue motions to date.

Quanta will also be filing other procedural motions at this time, some of which fall within the categories that the Court has indicated it will consider.

homebuilders under Louisiana's Direct Action Statute may be properly situated in this district, that statute does not make Quanta amenable to a Louisiana venue for non-Louisiana claims against it.

Accordingly, the claims for insurance coverage made against Quanta arising out of Chinese Drywall allegedly installed in buildings in Florida by Quanta's non-Louisiana insureds should be dismissed for improper venue.

## BACKGROUND

The *Amato* plaintiffs allege venue based on 28 U.S.C. § 1391(*b*)(1) & (2). Doc. 3132, ¶ 3 (emphasis added). This may be a typographical error since plaintiffs allege diversity jurisdiction which is governed by § 1391(*a*). Since (a)(1) and (2) are identical to (b)(1) and (2) the analysis is the same under either subsection. Plaintiffs also suggest that venue is "otherwise appropriate" in this Court because such venue is "consistent" with 28 U.S.C. 1407 (the MDL statute) and the order of Judicial Panel on Multidistrict Litigation creating this MDL. Doc. 3132, ¶ 3.

## LAW AND ARGUMENT

**I.    Venue Is Not Proper Under 28 U.S.C. § 1391(a)(1) Or (b)(1)**

Under 28 U.S.C. § 1391(a)(1) or (b)(1), an action may be brought in "a judicial district where any defendant resides, *if all defendants reside in the same State*." (Emphasis added.) Plaintiffs, therefore, must satisfy two separate requirements: (1) that a single defendant resides in this district *and* (2) that *all* defendants reside in Louisiana. If any one defendant does not reside in Louisiana, then venue cannot be proper under this section.

In determining residence for purposes of venue, § 1391(c) guides this Court, providing that a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction *at the time the action is commenced*." Owners Insurance Company is a named defendant in *Amato*. Doc. 3132, ¶ 500. This Court has already ruled it lacks personal

jurisdiction over Owners in Louisiana.  *See* Docs. 6330 and 7356.  Accordingly, not all defendants "resided" in Louisiana at the time the action was commenced and neither § 1391(a)(1) nor (b)(1) cannot be satisfied.[2]

## II.     Venue Is Not Proper Under 28 U.S.C. § 1391(a)(2) or (b)(2)

Under section 1391(a)(2) and (b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  To satisfy venue under these sections, "[a] plaintiff must show that venue is appropriate *as to each claim and as to each defendant*." *Bellsouth Telecommunications, Inc. v. Phone-Link Telecommunications, Inc.*, No. 05-1884, 2006 WL 2980567, *1 n.1 (W.D. La. Sept. 1, 2006) (emphasis added); *accord McCaskey v. Continental Airlines, Inc.*, 133 F.Supp. 2d 514, 525 (S.D. Tex. 2001) ("However, venue under section (a)(2) must be established against *each* 'claim' and against *each* defendant.  Thus, merely because transactional venue is proper here as to Continental does not make venue *ipso facto* proper over MedAire.  Simply put, there is no pendant [*sic*] venue under 28 U.S.C. § 1391(a)(2)."  (Internal quotation omitted.)).

Under this standard, venue as to Quanta for the Florida claims is not proper.  As to Quanta's non-Louisiana insureds, the plaintiffs reside in Florida and/or own an allegedly drywall-damaged building in Florida.  Likewise, the alleged Quanta insureds are all Florida

---

[2] It is Quanta's understanding that other defendants will be filing motions objecting to personal jurisdiction.  Since only one is needed, Quanta has referenced Owners simply because the Court has already determined that it lacks personal jurisdiction over Owners.

builders. The below table identifies the alleged Quanta Florida insureds and the plaintiffs against each as pled in the amended complaint.[3]

| ALLEGED QUANTA INSURED | CLASS REPRESENTATIVE PLAINTIFFS AGAINST ALLEGED QUANTA INSURED |
|---|---|
| Advantage Builders of America, Inc., a Florida corporation with its principal place of business in Ft. Myers, Florida. (Doc. 3132 ¶ 549). | Peace, Stephanie & John<br>123 SW 29th Street<br>Cape Coral, FL 33914<br><br>Transland, LLC[4]<br>5000 Southgate<br>Chrisiansted, VI 00820 |
| Advantage Builders of America, Inc. aka Advantage Builders of SWFL, a Florida corporation with its principal place of business in Ft. Myers, Florida. (Doc. 3132 ¶ 550). | Kelly, Christopher & Jesica<br>2836 NW 25th Terrace<br>Cape Coral, Florida 33993<br><br>Mercedes, William and Carmen<br>845 SW 17lh Street<br>Cape Coral, Florida 33991<br><br>Montalvo, Samuel, Jr.<br>1133 Nelson Road North<br>Cape Coral, Florida 33993<br><br>Penny, Andrew and Rachel<br>1814 NW 2200 Place<br>Cape Coral, Florida 33993 |

---

[3] *See generally* Doc. 3132, Schedule 1 (identifying plaintiffs by name and address and corresponding "insured defendants," "insurance company defendants" and putative subclass numbers. Quanta is putative subclass #75).

[4] Although this plaintiff lists its home address in the Virgin Islands, it is suing over "real property located at 34 NE 4th Street, Cape Coral, Florida 33909." Doc. 3132, ¶ 399, p. 76 of 85.

| ALLEGED QUANTA INSURED | CLASS REPRESENTATIVE PLAINTIFFS AGAINST ALLEGED QUANTA INSURED |
|---|---|
| Northstar Holdings at B and A, LLC, a Florida corporation with its principal place of business in Palm Springs, Florida. (Doc. 3132 ¶ 583). | El1iot, Dezman<br>9845 Cobblestone Creek Drive<br>Boynton Beach, FL 33437<br><br>Eisenberg, Brian and Lauren<br>9957 Cobblestone Creek Drive<br>Boynton Beach, FL 33472<br><br>Frenchman, Beth<br>10133 Cobblestone Creek Drive<br>Boynton, Beach, FL 33437<br><br>Johnson, Charles and Molly<br>10125 Cobblestone Creek Drive<br>Boynton Beach, FL 33472<br><br>Mizne, Michael and Jeannine<br>9621 Cobblestone Creek Drive<br>Boynton Beach, FL 33472 |
| Northstar Homebuilders, Inc., a Florida corporation with its principal place of business in Miami, Florida. (Doc. 3132 ¶ 584). | Gonzalez, Luis and Caridad<br>2944 NE 3rd Drive<br>Homestead, FL 33033<br><br>Segundo, Rafael & Ana<br>PO Box 771498<br>Miami, FL 33177 |
| Northstar Homes, Inc., a Florida corporation with its principal place of business in Palm Springs, Florida. (Doc. 3132 ¶ 585). | Felicetti, Steven & Gayle<br>9941 Cobblestone Creek Drive<br>Boynton Beach, FL 33472 |
| Premier Communities, Inc., a Florida corporation with its principal place of business in North Port, Florida. (Doc. 3132 ¶ 589). | Plotkin, Peter<br>McNeel, Diane<br>9700 Aviation Blvd., St.<br>Los Angeles, CA 90045 |
| Sterling Communities, Inc., a Florida corporation with its principal place of business in Boca Raton, Florida. (Doc. 3132 ¶ 594). | Fallmann, James & Barbara<br>11063 Pacifica Street<br>Wellington, FL 33449<br><br>Miller, Bradley & Tricia<br>11134 Pacifica Street<br>Wellington, FL 33449 |

| ALLEGED QUANTA INSURED | CLASS REPRESENTATIVE PLAINTIFFS AGAINST ALLEGED QUANTA INSURED |
|---|---|
| Sterling Communities Realty, Inc. , a Florida corporation with its principal place of business in Boca Raton, Florida. (Doc. 3132 ¶ 595). | Fallmann, James & Barbara<br>11063 Pacifica Street<br>Wellington, FL 33449<br><br>Miller, Bradley & Tricia<br>11134 Pacifica Street<br>Wellington, FL 33449 |
| The Sterling Collection, a Florida corporation with its principal place of business in Cape Coral, Florida. (Doc. 3132 ¶ 596). | Orlowski, David<br>2722 SW 10th Avenue<br>Cape Coral, FL 33914 |

As this table shows, none of these plaintiffs is a Louisiana resident. None of their property is located in Louisiana. None of their builders is located in Louisiana. All of these builders are allegedly insured by Quanta. Accordingly, none of the "events or omissions giving rise to the[se] claim[s]" occurred in Louisiana and none of the subject property is located in Louisiana. For this reason, venue under section 1391(a)(2) or (b)(2) does not lie with respect to these claims.

## CONCLUSION

The group of plaintiffs suing Quanta's alleged Florida insureds over buildings located outside of Louisiana cannot maintain venue against Quanta in this Court. Accordingly, Quanta asks this Court to drop the non-Louisiana plaintiffs suing Quanta by dismissing them without prejudice. Specifically, the following plaintiffs should be dismissed from this case:

Peace, Stephanie & John
Transland, LLC
Kelly, Christopher & Jesica
Mercedes, William and Carmen
Montalvo, Samuel, Jr.
Penny, Andrew and Rachel
El1iot, Dezman
Eisenberg, Brian and Lauren
Frenchman, Beth
Johnson, Charles and Molly
Mizne, Michael and Jeannine
Gonzalez, Luis and Caridad

Segundo, Rafael & Ana
Felicetti, Steven & Gayle
Plotkin, Peter
McNeel, Diane
Fallmann, James & Barbara
Miller, Bradley & Tricia
Orlowski, David

Respectfully submitted,

*/s/ Madeleine Fischer*
MADELEINE FISCHER, T.A. (5575)
JOSEPH J. LOWENTHAL JR. (8909)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 51st Floor
New Orleans, Louisiana   70170
Telephone:  (504) 582-8000 / Direct:  582-8208
Direct Facsimile:  (504) 589-8208
E-mail:  mfischer@joneswalker.com
E-mail:  jlowenthal@joneswalker.com

*Attorneys for Quanta Indemnity Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Quanta Indemnity Company's Motion to Dismiss for Improper Venue has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 23rd day of March, 2011.

/s/ *Madeleine Fischer*
MADELEINE FISCHER