IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL :     MDL No. 2047
PRODUCTS LIABILITY LITIGATION     Section L

This Document Relates to     JUDGE FALLON
ALL CASES     MAG. JUDGE WILKINSON
_____/

## DEFENDANT SHELBY HOMES, INC.'S
## MEMORANDUM IN SUPPORT OF ITS MOTION FOR CLARIFICATION AND STAY

Defendant Shelby Homes, Inc. ("Shelby") hereby files this Memorandum in Support of its Motion for Clarification and Stay filed contemporaneously herewith.

Plaintiffs filed multiple Omnibus Class Action Complaints in this MDL (the "Complaints") against multiple Defendants, including Shelby. Because there is absolutely no connection between Shelby and the State of Louisiana, Shelby moved to dismiss the Complaints for lack of personal jurisdiction ("Motions to Dismiss"). [*See, e.g.,* DE 4299]. The Court has not yet ruled on the Motions to Dismiss. Moreover, in the Complaints, Shelby has been incorrectly designated as an entity that built certain homes. However, this designation is in error because Shelby does not build houses.

The Court has recently ordered all Homebuilders to deposit with the Clerk of the Court funds to pay the fees and expenses for Homebuilders' Liaison Counsel (the "Order"). [DE 8006]. Because Plaintiff's erroneous designation of Shelby in the Complaints appears to be as a homebuilder, Shelby is unclear as to the application of the Order.

Moreover, as Shelby has set forth in detail in its Motions to Dismiss, Plaintiffs failed to allege any basis whatsoever for the Court to exercise personal jurisdiction over Shelby. If a plaintiff's complaint fails to allege any basis for the court to exercise personal jurisdiction over a

non-resident defendant, the court should dismiss the complaint against the non-resident defendant on that basis alone. *See e.g. Northlake Cardiology Assoc., Inc. v. Alpha Gulf Coast, Inc.*, 1995 WL 739865 (E.D. La. 1995) (unpublished) (dismissing a complaint which failed to allege any basis for the court to exercise personal jurisdiction over some of the defendants). Accordingly, Shelby submits that it is not a proper party to this case. Therefore, assuming that the Order were to apply to Shelby, Shelby would ask that the Court stay any required compliance with the Order until such time as the Court has ruled on the pending Motions to Dismiss.

Based on the foregoing arguments and authorities, Shelby respectfully requests that the Court clarify whether the Order even applies to Shelby, and if it does, to stay the Order with respect to Shelby until Shelby's Motions to Dismiss are resolved, and grant such other and further relief that this Court deems appropriate.

Dated: March 23, 2011

Respectfully submitted,

BILZIN SUMBERG BAENA PRICE
& AXELROD LLP
Attorneys for Defendant Shelby
1450 Brickell Avenue
Suite 2300
Miami, Florida 33131
Tel.: (305)374-7580   Fax: (305)374-7593

BY:   /s/ *Melissa Pallett-Vasquez*
ROBERT W. TURKEN, ESQ.
Florida Bar No. 306355
rturken@bilzin.com
ADAM F. HAIMO, ESQ.
Florida Bar No. 502731
ahaimo@bilzin.com
MELISSA PALLETT-VASQUEZ, ESQ.
Florida Bar No.  715816
mpallett@bilzin.com

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to ALL CASES)

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing Memorandum in Support of KHFH's Motion for Clarification, has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of March, 2011.

By: /s/ *Melissa Pallett-Vasquez*
Melissa Pallett-Vasquez

MIAMI 2475737.1 7687133804