UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED       MDL No. 2:09-md-02047
DRYWALL PRODUCTS LIABILITY
LITIGATION

**This document relates to:**                JUDGE FALLON

AMATO, ET AL. v.
LIBERTY MUTUAL INS. CO., ET AL.
                                             MAGISTRATE WILKINSON
CASE NO. 2:10-cv-00932 (E.D. La.)

## DEFENDANT AMERICAN STRATEGIC INSURANCE CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW the Defendant, AMERICAN STRATEGIC INSURANCE CORPORATION (hereinafter, "AMERICAN STRATEGIC"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(2), hereby serves its Memorandum of Law in support of its Motion to Dismiss the above referenced matter for lack of personal jurisdiction as follows:

## MEMORANDUM OF LAW

### THE COURT LACKS PERSONAL JURISDICTION OVER AMERICAN STRATEGIC.

In order to establish personal jurisdiction over a non-resident defendant, the nonresident defendant must be amenable to service of process under a forum state's long-arm statute and the assertion of in personam jurisdiction must be consistent with the 14th Amendment's Due Process Clause. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999). Louisiana's long arm statute extends to the limits of Due Process under the 14th Amendment and thus, "under the express wording of the present Louisiana Long-arm Statute, the sole inquiry into jurisdiction over a nonresident is a one-

step analysis of the constitutional due process requirements." *Petroleum Helicopters, Inc. v. AVCO Corp.*, 513 So. 2d 1188, 1192 (La. 1987). *See also*, La. R.S. 13:3201(B). Additionally, the plaintiff bears the burden of establishing jurisdiction over the defendant and must make a prima facie case showing same. *See, Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

In order to comport with Due Process, it must be established that the Defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice". *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Toward this end, it must be shown that it is foreseeable that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

### A. AMERICAN STRATEGIC does not have the "minimum contacts" with Louisiana necessary to establish personal jurisdiction.

"Minimum contacts" can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

#### 1. The Court lacks specific personal jurisdiction over AMERICAN STRATEGIC.

Specific jurisdiction over a nonresident corporation is appropriate when that corporation has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that 'arise out of or relate to' those activities," while general

jurisdiction, attaches where the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are "continuous and systematic." *Id.*

In the present matter, AMERICAN STRATEGIC does not have the minimum contacts with Louisiana necessary to exercise personal jurisdiction over it therein. AMERICAN STRATEGIC is a Florida corporation with its principal place of business in St. Petersburg, Florida. [See Complaint, ¶ 439 and AMERICAN STRATEGIC's Insurer Profile Form and Corporate Disclosure Statement, attached hereto as Composite Exhibit "A".] Further, AMERICAN STRATEGIC is a Florida insurer licensed to issue policies in Florida, with policies approved by the State of Florida and registered with the Florida Office of Insurance Regulation and is governed under Florida law. [See Affidavit of Antonio Scognamiglio, ¶ 3] [1] AMERICAN STRATEGIC issued the subject Commercial General Liability policy to Vicinity Drywall, Inc., a Florida corporation doing business in Florida and Brian White, a resident of Florida and Vicinity's owner. [See printout from the Florida Division of Corporations and a copy of the subject policy attached hereto as Composite Exhibit "B".] Further, the subject policy was written pursuant to Florida insurance law, as evidenced by the section therein entitled "Florida Changes" as well as the section entitled "Risk Management Notice to the Policyholder", citing to Florida law. [See Composite Exhibit "B".]

The Plaintiffs in the present action asserting a claim against AMERICAN STRATEGIC's insured, Vicinity Drywall, Inc., are Aurora Barcia, a resident of Florida that owns real property in Port St. Lucie, Florida, and Lynn Lukaszewski, a resident of New Jersey who owns real property in Port St. Lucie, Florida [See Complaint, ¶¶ 36 and

---

[1] Courts may consider Affidavits when ruling on Motions to Dismiss for Lack of Personal Jurisdiction. *See, e.g., Command-Aire Corp. v. Ontario Mech. Sales & Servs., Inc.,* 963 F.2d 90, 95 (5th Cir. 1992).

253 and p. 137 of Schedule 1 of the Complaint. Copies of the relevant excerpts from the Complaint are attached hereto as Composite Exhibit "C".] Therefore, since the allegedly defective Chinese drywall was installed in Florida properties by a Florida corporation insured under a Florida Commercial General Liability policy issued by a Florida insurance company, it is clear that AMERICAN STRATEGIC has not purposefully directed its activities at the forum state, Louisiana, and thus, the Court does not have specific personal jurisdiction over AMERICAN STRATEGIC. *See, Alpine View, supra.*

### 2. The Court lacks general personal jurisdiction over AMERICAN STRATEGIC.

In addition to lacking specific personal jurisdiction over AMERICAN STRATEGIC, the Court also lacks general personal jurisdiction over AMERICAN STRATEGIC. The Fifth Circuit "has consistently imposed the high standard set by the Supreme Court [2] when ruling on general jurisdiction issues." *Johnston v. Multidata Systems International Group*, 523 F.3d 602, 611 (5th Cir. 2008). As recognized by this Court in its February 8, 2011 Order and Reasons, "This 'high standard' is also recognized in cases specifically addressing the general personal jurisdiction of non-resident insurance companies, which is at issue in the present motions. For example, the Fifth Circuit addressed whether there was personal general jurisdiction over a non-resident insurer in *Travelers Indemnity Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 832-34 (5th Cir. 1986)." Therein, the Court held that general personal jurisdiction was lacking since, as is the case for AMERICAN STRATEGIC, the defendant insurer was not authorized to

---

[2] *See, Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984), wherein the Court held that the defendant lacked sufficient contacts with the State of Texas to exercise general personal jurisdiction, even though the defendant purchased helicopters and parts from Texas, sent pilots to Texas for training , sent personnel to Texas for consultations and received a check drawn on a Texas bank.

conduct business in the forum, had no appointed agent for service of process in the forum, had no place of business, employees or assets in the forum, and did not solicit business there; nor did the insurer issue any policies in the forum or for any forum resident, and it did not receive any premiums from the forum. *Id.* at 832-33.

Further, as set forth in *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983), "Generally, a foreign parent corporation [3] is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent." Instead, the Court in *Hargrave* provided several factors to use in determining whether a foreign parent corporation is subject to the jurisdiction of a forum state. These factors, as applied by the courts in the Eastern District of Louisiana, are as follows:

> (1) amount of stock owned by the parent of the subsidiary; (2) did the two corporations have separate headquarters; (3) did they have common directors; (4) did they observe corporate formalities; (5) did they maintain separate accounting systems; (6) did the parent exercise complete authority over general policy; (7) did the subsidiary exercise complete authority over daily operations.
>
> *Turan v. Universal Plan Inv. Ltd.*, 70 F. Supp. 2d 671, 675 (E.D. La. 1999).

The foregoing factors have also been applied to co-subsidiaries. *See, Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 259 F.R.D. 245 (S.D. Miss. 2009); *Oyuela v. Seacor Marine (Nigeria), Inc.*, 290 F. Supp. 2d 713 (E.D. La. 2003). Additionally, the Fifth Circuit, in applying the *Hargrave* factors to co-subsidiaries, has stated that "it could be argued that *an even stronger showing under the Hargrave factors should be required.*"

---

[3] AMERICAN STRATEGIC is not a parent corporation, but is a co-subsidiary, and the law as cited and set forth below is equally applicable to co-subsidiaries.

*Dickson, supra,* at 338-339. (Emphasis added.) In *Dickson*, the Court upheld the dismissal of a foreign corporation for lack of personal jurisdiction where there was no evidence that the foreign corporation exercised any control over the Louisiana co-subsidiary, and where the foreign corporation did not have any offices, shareholders, or employees located in Louisiana, nor did the foreign corporation afford itself of the benefits and protections of the laws of Louisiana.

In the present matter, the Court lacks general jurisdiction over AMERICAN STRATEGIC. AMERICAN STRATEGIC does not insure Louisiana properties or businesses and does not sell policies in Louisiana. [See Affidavit of Antonio Scognamiglio, ¶ 5.] AMERICAN STRATEGIC only writes policies in Florida, Arizona, Colorado, New Jersey, Virginia, Delaware, Georgia, Pennsylvania, Maryland and South Carolina. [See Affidavit of Antonio Scognamiglio, ¶ 4.] Thus, AMERICAN STRATEGIC does not have "continuous or systematic contacts" with Louisiana.

Further, while AMERICAN STRATEGIC acknowledges the Court's ruling of February 8, 2011 finding general personal jurisdiction over Defendants MCC and FCCI, unlike MCC, AMERICAN STRATEGIC has no business presence in Louisiana. Additionally, FCCI was related to a company which had contacts with Louisiana and which was deemed to be an alter ego of FCCI due to FCCI's substantial control over its affairs. In contrast, AMERICAN STRATEGIC is owned by ARX Holdings, Ltd., a Delaware corporation, and XL Capital, a Bermuda corporation. [See AMERICAN STRATEGIC's Corporate Disclosure] While AMERICAN STRATEGIC has a co-subsidiary located in Louisiana, ASI Lloyds, AMERICAN STRATEGIC does not maintain any offices in Louisiana. [See Affidavit of Antonio Scognamiglio, ¶¶ 7 and 9.]

AMERICAN STRATEGIC and ASI Lloyds maintain separate corporate accounts. [See Affidavit of Antonio Scognamiglio, ¶ 9.] AMERICAN STRATEGIC and ASI Lloyds have no control over one another's general policies. [See Affidavit of Antonio Scognamiglio, ¶ 10.] AMERICAN STRATEGIC and ASI Lloyds control their own daily operations independent from one another. [See Affidavit of Antonio Scognamiglio, ¶ 11.] Therefore, for all of the foregoing reasons, the Court lacks general personal jurisdiction over AMERICAN STRATEGIC. *See, Dickson* and *Hargrave, supra.*

### B. Exercising personal jurisdiction over AMERICAN STRATEGIC would offend traditional notions of fair play and substantial justice.

Additionally, even if minimum contacts were shown to exist between AMERICAN STRATEGIC and Louisiana, which AMERICAN STRATEGIC strongly denies, exercising personal jurisdiction over AMERICAN STRATEGIC would offend traditional notions of fair play and substantial justice. To evaluate the reasonableness of exercising jurisdiction, we normally consider: (1) the burden on the defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the shared interest of the several states. *See, Johnston, supra,* at 615. Here, the prejudice to AMERICAN STRATEGIC would be great. Given that AMERICAN STRATEGIC is a Florida insurance company that issued a Commercial General Liability policy approved by the State of Florida and governed by Florida law to Florida insureds and the Complaint relates to Florida properties, AMERICAN STRATEGIC could not have reasonably anticipated being "haled into court" in Louisiana. *See, Burger King, supra.* Although AMERICAN STRATEGIC is also a defendant in the *Hernandez* matter, Case No. 2:10-cv-03070, it is anticipated that

the Plaintiffs' Steering Committee will soon be dismissing same with prejudice. In any event, *Hernandez* concerns coverage under homeowners' insurance policies, rather than Commercial General Liability policies as in the present matter. Since Florida insurance law and Florida properties are at issue in this matter, Florida has a stronger interest in adjudicating the present dispute than Louisiana, and the Plaintiffs would not be inconvenienced thereby since neither Plaintiff resides in Louisiana and one of them, Ms. Barcia, resides in Florida.[4] On the contrary, in addition to AMERICAN STRATEGIC and Vicinity Drywall, both Plaintiffs would be inconvenienced by litigating this matter in Louisiana. Finally, it would be in the interests of all of the states to have each state adjudicate those matters to which its own laws apply. Accordingly, for the foregoing reasons, AMERICAN STRATEGIC should not be subjected to the personal jurisdiction of this Court.

WHEREFORE, for all of the foregoing reasons and for the reasons set forth in the Insurer Steering Committee's Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, the Defendant, AMERICAN STRATEGIC INSURANCE CORP., respectfully requests this Honorable Court to enter an Order granting Defendant's Motion to Dismiss, finding that this Court lacks personal jurisdiction over Defendant AMERICAN STRATEGIC INSURANCE CORP., and granting such further relief deemed necessary, proper and just by the Court.

---

[4] AMERICAN STRATEGIC acknowledges this Court's previous ruling of February 8, 2011 that traditional notions of fair play and substantial justice would not be offended as to the Court's exercise of personal jurisdiction over Defendant FCCI (another Florida insurer with Florida insureds, and with claims involving Florida properties). However, unlike FCCI, AMERICAN STRATEGIC does not have a business presence in Louisiana.

Respectfully submitted,

**Rubinton & Laufer, P.A.**
Emerald Hills Executive Plaza II
4651 Sheridan Street, Suite 200
Hollywood, Florida 33021
Telephone: 954-966-9908
Fax: 954-966-9904
E-mail: jrubinton@rl-associates.com

By: __/s/Jeffrey A. Rubinton__
    Jeffrey A. Rubinton, Esq.
    Florida Bar: 821756

*Attorneys for Defendant, American Strategic Insurance Corporation*

**CHOPIN, WAGAR, RICHARD & KUTCHER, L.L.P.**

By: /s/Jason P. Foote
_____
**JASON P. FOOTE (#25050)**
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3827
Facsimile: (504) 836-9579
E-Mail: jfoote@chopin.com
*Attorneys for Defendant, American Strategic Insurance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum of Law in support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction has been served on Plaintiffs' Liaison Counsel, Russ Herman, Defendants' Liaison Counsel, Kerry Miller, and Insurance Liaison Counsel, Judy Barrasso, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/Jeffrey A. Rubinton
**JEFFREY A. RUBINTON**

/s/Jason P. Foote
**JASON P. FOOTE**