UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL No. 2:09-md-02047

**This document relates to:**

JUDGE FALLON

AMATO, ET AL. v.
LIBERTY MUTUAL INS. CO., ET AL.

MAGISTRATE WILKINSON

CASE NO. 2:10-cv-00932 (E.D. La.)

### DEFENDANT AMERICAN STRATEGIC INSURANCE CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER JOINDER AND LACK OF SUBJECT MATTER JURISDICTION

COMES NOW the Defendant, AMERICAN STRATEGIC INSURANCE CORPORATION (hereinafter, "AMERICAN STRATEGIC"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), hereby serves its Memorandum of Law in support of its Motion to Dismiss the above referenced matter for improper joinder and lack of subject matter jurisdiction, as follows:

### MEMORANDUM OF LAW

### THE ACTION AGAINST AMERICAN STRATEGIC MAY NOT BE MAINTAINED BY THE THIRD PARTY PLAINTIFFS BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION.

Joinder of AMERICAN STRATEGIC, as insurer for Vicinity Drywall, Inc., in this action is not proper under Florida's non-joinder statute and due to the Panel on Multidistrict Litigation's recent Remand Order of February 9, 2011.

AMERICAN STRATEGIC issued the subject Commercial General Liability policy to Vicinity Drywall, Inc., a Florida corporation doing business in Florida and Brian White, a resident of Florida and Vicinity's owner. [See printout from the Florida

Division of Corporations and a copy of the subject policy attached hereto as Composite Exhibit "A".] Further, the subject policy was written pursuant to Florida insurance law, as evidenced by the section therein entitled "Florida Changes" as well as the section entitled "Risk Management Notice to the Policyholder", citing to Florida law. [See Composite Exhibit "A".]

The Plaintiffs in the present action that are asserting a claim against AMERICAN STRATEGIC's insured, Vicinity Drywall, Inc., for alleged damages to real property located in Florida are Aurora Barcia, a resident of Florida that owns real property in Port St. Lucie, Florida, and Lynn Lukaszewski, a resident of New Jersey who owns real property in Port St. Lucie, Florida [See Complaint, ¶¶ 36 and 253 and p. 137 of Schedule 1 of the Complaint. Copies of the relevant excerpts from the Complaint are attached hereto as Composite Exhibit "B".]

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), dismissal is proper when it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief. *Ramming v. United States*, 281 F.3d 158, 160 (5th Cir. 1996). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Id.*

Since the Plaintiffs lack any substantive right to bring a direct action against AMERICAN STRATEGIC, they lack standing and their claims are subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure, as this Court has recognized previously. *See, e.g., Essex Co. v. Bayou Concession Salvage*, 942 F. Supp. 258, 260-61 (E.D. La 1996) (Fallon, J.) (dismissing for lack of subject matter jurisdiction because

there was no case or controversy when the applicable State direct action statute prohibited the direct action).

### A. Joinder of AMERICAN STRATEGIC is improper herein under Florida's nonjoinder statute.

Fla. Stat. § 627.4136, entitled "Nonjoinder of insurers," states in pertinent part as follows:

> (1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

The foregoing statute generally prohibits the joinder of the insurance carrier in a liability action against the insured. *Queen v. Clearwater Electric, Inc., et. al.*, 555 So. 2d 1262, 1265 (Fla. 2d DCA 1989)(referencing Fla. Stat. § 627.4136 under its former designation as Fla. Stat. § 627.7262). *See also, Van Bibber v. Hartford Accident & Indem. Ins. Co.*, 439 So. 2d 880 (Fla. 1983). The legislative intent behind the Florida nonjoinder statute is to ensure that the availability of insurance has no influence on the jury's determination of an insured's liability and damages. *Gen. Star Indem. Co. v. Boran Craig Barber Engel Constr. Co.*, 895 So. 2d 1136, 1138 (Fla. 2d DCA 2005). Further, the Florida nonjoinder statute is applicable to commercial general liability insurers. *See, id.* It should also be noted that the Florida nonjoinder statute is considered to be substantive, rather than procedural, law by Florida courts. *Allstate Ins. Co. v. Stanley, et. al.*, 282 F. Supp. 2d 1342 (M.D. Fla. 2003), citing to *Van Bibber, supra*.

The above referenced statute should apply to the present matter, as it is substantive law and Florida substantive law should apply herein. However, even if

Louisiana law were to apply, the Plaintiffs should not be permitted to join AMERICAN STRATEGIC as an insurer in this action. Although La. R.S. § 22:1269(B)(1) provides for a right of direct action against insurers, either alone or jointly against the insured, La. R.S. § 22:1269(B)(2) further states, "This right of direct action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, **provided the accident or injury occurred within the state of Louisiana.**" (Emphasis added) Thus, since the alleged injuries occurred in Florida, rather than in Louisiana, La. R.S. § 22:1269, permitting direct actions against an insurer, is inapplicable herein.

In the present matter, the Plaintiffs Barcia and Lukaszewski have not yet obtained a settlement or a verdict against AMERICAN STRATEGIC's insured, Vicinity Drywall, Inc., which has also been named in the present action. Accordingly, under Florida's nonjoinder statute, Fla. Stat. § 627.4136, and for all of the reasons set forth in the Insurer Steering Committee's Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure which are fully adopted and incorporated herein, Plaintiffs Barcia and Lukaszewski may not maintain the present action against AMERICAN STRATEGIC due to lack of subject matter jurisdiction as there is no case or controversy. *See, Essex, supra.*

### B. Joinder of AMERICAN STRATEGIC is improper herein based on the reasoning set forth in the Panel on Multidistrict Litigation's recent Remand Order.

Additionally, joinder of AMERICAN STRATEGIC is improper in the Eastern District of Louisiana as to non-Louisiana insurance coverage matters, as revealed by the Panel on Multidistrict Litigation's recent Remand Order. On February 9, 2011, the Panel

on Multidistrict Litigation issued a Remand Order in *Owners Insurance Co., et. al. v. The Mitchell Co., Inc., et. al.*, Case No. 2:10-1036, concluding that "continued inclusion of [*Owners v. Mitchell*] in MDL No. 2047 would not achieve sufficient conveniences or other benefits under 28 U.S.C. § 1407." 28 U.S.C. § 1407(a) states in pertinent part,

> "When civil actions involving one or more **common questions of fact** are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for **such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions**." (Emphasis added.)

The Panel also stated that it had found "insufficient commonality between the insurance coverage issues and the underlying products liability claims to warrant transfer of similar actions," and accordingly remanded the action to the Middle District of Georgia, from whence the *Owners Insurance* action originated. [See Document No. 7372, attached as Exhibit "C"]

Therefore, based on the reasoning set forth above by the Panel on Multidistrict Litigation which appears to be applicable to all non-Louisiana insurance coverage actions, continuing to include AMERICAN STRATEGIC, Plaintiffs Barcia and Lukaszewski and Vicinity Drywall in this matter will not be convenient for the parties, and thus joinder of AMERICAN STRATEGIC herein is not proper. Further, based on the aforementioned ruling of the Panel, there is insufficient commonality between the insurance coverage issues in this matter pertaining to AMERICAN STRATEGIC and the products liability issues being litigated herein involving other parties, and thus this matter, as it pertains to AMERICAN STRATEGIC, should not continue to be maintained

in MDL No. 2047. Accordingly, this matter should be dismissed from the Eastern District of Louisiana and from the MDL as it pertains to AMERICAN STRATEGIC, as joinder herein is not proper.

WHEREFORE, for all of the foregoing reasons, the Defendant, AMERICAN STRATEGIC INSURANCE CORP., respectfully requests this Honorable Court to enter an Order granting Defendant's Motion to Dismiss, finding that AMERICAN STRATEGIC may not be joined as a Defendant in the present matter, finding that the Court lacks subject matter jurisdiction over AMERICAN STRATEGIC, and granting such further relief deemed necessary, proper and just by the Court.

Respectfully submitted,

**Rubinton & Laufer, P.A.**
Emerald Hills Executive Plaza II
4651 Sheridan Street, Suite 200
Hollywood, Florida 33021
Telephone:  954-966-9908
Fax:        954-966-9904
E-mail:     jrubinton@rl-associates.com

By: __/s/Jeffrey A. Rubinton_____
    Jeffrey A. Rubinton, Esq.
    Florida Bar: 821756

*Attorneys for Defendant, American Strategic Insurance Corporation*

CHOPIN, WAGAR, RICHARD & KUTCHER, L.L.P.

By: /s/Jason P. Foote
_____
**JASON P. FOOTE (#25050)**
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3827
Facsimile: (504) 836-9579
E-Mail: jfoote@chopin.com
*Attorneys for Defendant, American Strategic Insurance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum of Law in support of Defendant's Motion to Dismiss for Improper Joinder and Lack of Subject Matter Jursidiction has been served on Plaintiffs' Liaison Counsel, Russ Herman, Defendants' Liaison Counsel, Kerry Miller, and Insurance Liaison Counsel, Judy Barrasso, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/Jeffrey A. Rubinton
**JEFFREY A. RUBINTON**

/s/Jason P. Foote
**JASON P. FOOTE**