UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-02047 |
| **This document relates to:** | JUDGE FALLON |
| AMATO, ET AL. v. LIBERTY MUTUAL INS. CO., ET AL. CASE NO. 2:10-cv-00932 (E.D. La.) | MAGISTRATE WILKINSON |

### DEFENDANT AMERICAN STRATEGIC INSURANCE CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE

COMES NOW the Defendant, AMERICAN STRATEGIC INSURANCE CORPORATION (hereinafter, "AMERICAN STRATEGIC"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(3), hereby serves its Memorandum of Law in support of its Motion to Dismiss the above referenced matter for improper venue as follows:

### MEMORANDUM OF LAW

### THE EASTERN DISTRICT OF LOUISIANA IS THE IMPROPER VENUE IN WHICH TO LITIGATE THIS MATTER.

The Complaint asserts that venue lies in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(1), (b)(2) and (c). [Complaint, ¶ 3] 28 U.S.C. § 1391(b) states as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated

28 U.S.C. § 1391(c) states:

> For purposes of venue under this chapter [28 USCS §§ 1391 et seq.], **a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction** at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.
> (Emphasis added.)

### A. Venue herein is improper as the Court lacks personal jurisdiction over AMERICAN STRATEGIC.

AMERICAN STRATEGIC is a Florida corporation with its principal place of business in St. Petersburg, Florida. [See Complaint, ¶ 439 and AMERICAN STRATEGIC's Insurer Profile Form and Corporate Disclosure Statement, attached hereto as Composite Exhibit "A".] Additionally, the events giving rise to this action, specifically the installation of allegedly defective Chinese drywall by AMERICAN STRATEGIC's insured, also took place in Florida. [See Complaint, ¶¶ 36 and 253 and p. 137 of Schedule 1 of the Complaint. Copies of the relevant excerpts from the Complaint are attached hereto as Composite Exhibit "B".] Further, as discussed more fully in AMERICAN STRATEGIC's Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, which is adopted and incorporated herein, the Court lacks personal jurisdiction over AMERICAN STRATEGIC. Therefore, the Eastern District of Louisiana is not the proper venue in which to litigate this matter as it relates to

AMERICAN STRATEGIC and the Complaint should accordingly be dismissed as to AMERICAN STRATEGIC.

### B. Venue herein is improper under the doctrine of forum non conveniens.

Additionally, venue in the present district is improper under the doctrine of forum non conveniens. The doctrine of forum non conveniens permits a Court to resist exercising its authorized jurisdiction over a dispute to better serve the convenience of the parties and the ends of justice. *Turan v. Universal Plan Inv. Ltd.*, 70 F. Supp. 2d 671, 676 (E.D. La. 1999). The doctrine of forum non conveniens presupposes at least two forums where the defendant is amenable to process [1] and simply furnishes criteria for choice between them. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999). An alternate forum is available when the entire case and all the parties are within the jurisdiction of that forum. *Turan* at 676. The Court in *Dickson* sets forth several "private" and "public" interest factors that must be balanced in order to determine if dismissal is warranted once an adequate and available alternate forum is identified. *Dickson* at 342 (internal citations omitted). The "private" interest factors are:

> The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witness; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.*

The "public" interest factors are:

> The administrative difficulties flowing from court congestion; the "local interest in having localized

---

[1] It is AMERICAN STRATEGIC's position that it is not subject to this Court's jurisdiction, but this assumes for the sake of argument that the Court finds that AMERICAN STRATEGIC is subject to the Court's jurisdiction.

> controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.*

No single factor should be given conclusive weight, as the focus of the analysis should be on convenience. *Id.*

In the present matter, an alternate forum is available in the United States District Court for the Southern District of Florida, which encompasses Port Saint Lucie, Florida, where the subject properties are located. [See Composite Exhibit "B"] AMERICAN STRATEGIC, Vicinity Drywall and the Plaintiffs Barcia and Lukaszewski would be within the jurisdiction of that forum. [See Composite Exhibit "B"]

A number of factors, both private and public, exist which militate in the interest of finding that Florida, rather than Louisiana, is the proper venue herein. First, as set forth above, it would be far more convenient to litigate this matter in Florida given that the properties and the Defendant, AMERICAN STRATEGIC, are located in Florida. Any evidence that would need to be obtained in this matter relating to the coverage issues lies in Florida, and any witnesses that would need to be examined relating to the coverage issues are also located in Florida since the installation of the allegedly defective drywall took place in Florida and the subject policy was obtained in Florida. Should it be necessary to view the properties, litigating this matter in Florida would also be much simpler.

Further, as set forth in *Dickson, supra*, there is clearly "a local interest in having localized controversies decided at home", i.e., in the Southern District of Florida where the subject properties are located. Doing so would also easily resolve any choice of law

issues, since Florida law must apply in this matter as it pertains to AMERICAN STRATEGIC, Vicinity Drywall and Plaintiffs Barcia and Lukaszewski. Finally, as discussed more fully in AMERICAN STRATEGIC's Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, since a Florida approved insurance policy, Florida insurance law and Florida properties are at issue in this matter, Florida has a stronger interest in adjudicating the present dispute than Louisiana.

Accordingly, for all of the foregoing reasons, under the doctrine of forum non conveniens, venue is proper in Florida, rather than in Louisiana, and this action should therefore be dismissed as to AMERICAN STRATEGIC.

WHEREFORE, for all of the foregoing reasons, the Defendant, AMERICAN STRATEGIC INSURANCE CORP., respectfully requests this Honorable Court to enter an Order granting Defendant's Motion to Dismiss, finding that the venue in the Eastern District of Louisiana is improper in this matter as it pertains to Defendant AMERICAN STRATEGIC INSURANCE CORP., and granting such further relief deemed necessary, proper and just by the Court.

                Respectfully submitted,

                **Rubinton & Laufer, P.A.**
                Emerald Hills Executive Plaza II
                4651 Sheridan Street, Suite 200
                Hollywood, Florida 33021
                Telephone:  954-966-9908
                Fax:           954-966-9904
                E-mail:     jrubinton@rl-associates.com

                By:  /s/Jeffrey A. Rubinton
                      Jeffrey A. Rubinton, Esq.
                      Florida Bar: 821756

                *Attorneys for Defendant, American Strategic Insurance Corporation*

CHOPIN, WAGAR, RICHARD & KUTCHER, L.L.P.

By: /s/Jason P. Foote
_____
**JASON P. FOOTE (#25050)**
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3827
Facsimile: (504) 836-9579
E-Mail: jfoote@chopin.com
*Attorneys for Defendant, American Strategic Insurance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum of Law in support of Defendant's Motion to Dismiss for Improper Venue has been served on Plaintiffs' Liaison Counsel, Russ Herman, Defendants' Liaison Counsel, Kerry Miller, and Insurance Liaison Counsel, Judy Barrasso, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/Jeffrey A. Rubinton
**JEFFREY A. RUBINTON**

/s/Jason P. Foote
**JASON P. FOOTE**