MINUTE ENTRY
FALLON, J.
MARCH 23, 2011

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In re:  CHINESE-MANUFACTURED        *        MDL Docket No. 2047
       DRYWALL PRODUCTS            *
       LIABILITY LITIGATION        *        SECTION L
                          *
                          *        JUDGE FALLON
This document relates to All Cases    *
                          *        MAGISTRATE JUDGE WILKINSON
                          *
                          *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

        The monthly status conference was held on this date in the Courtroom of Judge Eldon

E. Fallon.  Prior to the conference, the Court met with members of the Liaison Counsels.  Plaintiffs'

Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submitted Joint Report No. 19

which provided the agenda for the conference.  The conference was transcribed by official Court

Reporter Jodi Simcox.  Counsel may contact Ms. Simcox for copies of the transcript at 504-589-

7780.  A summary of the conference, including the status of the MDL litigation, follows.

       I.        <u>PRE-TRIAL ORDERS</u>

       The Court has issued the following Pre-Trial Orders:

       Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

       Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances
       for Served Parties or risk Default Judgment

JS10(00:44)
                1

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No. 1 to clarify the preservation of physical evidence during home remediation.

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion practice, but continuing all motions filed in the MDL without date.  Pursuant to a November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is stayed.

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 1E entered February 12, 2010 – Regarding stay of responsive pleadings in *Gross.*

Pre-Trial Order No. 1F entered March 9, 2010-Clarifying the deadline dates for responsive pleadings, notices of appearance, profile forms, and alleviating the need to file motions for extensions in all cases.

Pre-Trial Order No. 1G entered May 27, 2010-Further clarifying deadlines for notices of appearances, profile forms, and responsive pleadings in all cases.

Pre-Trial Order No. 1H entered October 22, 2010-Regarding the PSC's Notice of Completion to the Omni Complaints

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering

2

Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 8A entered January 11, 2011 – Appointing Plaintiffs' Steering Committee for a one year term, beginning January 11, 2011.

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests.  Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

Pre-Trial Order No. 19 entered March 18, 2010—Appointing a State and Federal Coordination Committee.

Pre-Trial Order No. 20 entered April 6, 2010 – Appointment of Insurer Steering Committee.

Pre-Trial Order No. 21 entered April 6, 2010 – Retailer Profile Form.

Pre-Trial Order No. 22 entered April 27, 2010 – Privileged communications relating to PTO 20.

Pre-Trial Order No. 23 entered April 27, 2010 – Insurer Profile Form.

Pre-Trial Order No. 24 entered April 27, 2010 – Subpoenas/30(b)(6) depositions issued re insurance.

II.     PROPERTY INSPECTIONS

Crawford & Company ("Crawford") inspected thirty (30) homes initially pursuant to Pre-Trial Order No. 13 and the revised inspection protocol.  No additional inspections have taken place; however, Crawford is prepared to continue inspections upon notice from the parties or the Court.

III.     PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11 and 12A, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form and a Defendant Distributor Profile Form.  In Pre-Trial Order 14, the Court approved the Importer/Exporter/Broker Profile Form.  In Pre-Trial Order No. 21, the Court approved the Retailer Profile Form, and in Pre-Trial Order No. 23, the Court approved the Insurer Profile Form. Also, on May 17, 2010, the Court issued an Order [Doc. 3158] that the current Contractor/Installer Defendant Profile Form remains unaltered and continues to apply to the present litigation. Completed and signed profile forms must be submitted timely pursuant to Pre-Trial Orders 1F and 1G by all parties, and all parties are to continue to supplement responses as additional information is received.  As new parties are added to the MDL, plaintiffs are to respond to the Plaintiff Profile Form within 40 days of filing a Complaint, and defendants are to respond to the appropriate profile form within 40 days after service of a Complaint on that defendant.

On June 1, 2010, the Court issued an Order [Rec. Doc. 3445] and stated that the purpose of the insurance profile form is to provide useful information to both the parties and the Court, and to allow for more streamlined discovery, not to burden the parties.  The Court directed the parties to comply with Pre-Trial Order No. 23 and properly submit profile forms on a timely basis.

IV.    PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order No. 1B, clarifying the protocol for the preservation of physical evidence during home remediation.  Pre-Trial Order No. 1 continues in effect regarding documents/ESI.

V.    STATE/FEDERAL COORDINATION

5

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination.  On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committees.

VI.   STATE COURT TRIAL SETTINGS

The following is a list of trials that are set before the Honorable Mary Jane Hall in Norfolk Circuit Court Virginia.  All January and February, 2011 trial dates were removed from the trial calendar and have not yet been reset by the Court:

1) *Allen, Phillip and Clarine v. HHJV, LLC, et al, Case No. CL09-6785, set March 7, 2011;*
2) *Fontenot, Perry and Cassandra v. HHJV, LLC, et al, Case No. CL09-5895, set March 7, 2011;*
3) *Hollingsworth v. HHJV, LLC, et al, Case No. CL09-6630, set March 7, 2011;*
4) *Smith, Juanita v. HHJV, LLC, et al, Case No. CL09-5901, set March 7, 2011;*
5) *Walker, Benjamin v. HHJV, LLC, et al, Case No. CL09-6720, set March 7, 2011;*
6) *Heischober, Steven and Elizabeth v. Peak Building Corporation, et al, Case No. CL09-5168, set April 11, 2011;*
7) *Ward, Lawrence v. Peak Building Corporation, et al, Case No. CL09-5167, set April 11, 2011;*
8) *Matulenas, Joseph and Elizabeth v. Venture Supply, Inc., et al, Case No. CL09-6328, set April 11, 2011;*
9) *Levy, Christopher and Wendy v. Venture Supply, Inc., et al, Case No. CL09-6365, set April 11, 2011;*
10)   *Day, Dan and Maureen v. Venture Supply, Inc., et al, Case No. CL09-6330, Set April 11, 2011.*

On May 27, 2010, an Order granting Plaintiffs' Motion for Class Certification and Providing for Notice was issued in the case of *Jason Harrell and Melissa Harrell, individually, on behalf of their minor children, and on behalf of all other similarly situated, vs. South Kendall Construction Corp., et al*, in the Circuit Court of the 11th Judicial Circuit In and for Miami-Dade County, Florida, Case No. 09-08401 CA (42). By Order dated October 8, 2010, the *Harrell* matter was scheduled for trial to begin on December 1, 2010.  The case was resolved, and Judge Farina

approved the class settlement on March 4, 2011.  Because a number of claimants opted out of the settlement, the Knauf portion of the settlement was terminated by Knauf.

Judge Farina has also scheduled a trial in *Seifart* in November 2011, the remaining portions of *Harrell* involving Knauf in February 2012, and *Mackle* in March 2012.

Judge Peter Weinstein in Broward County Circuit Court previously set a five day evidentiary hearing on a motion for class certification against the Banner Supply entities that was to commence on January 18, 2011.  The matter was continued in order to allow the PSC to attempt to negotiate a global settlement with all of the Banner entities and their insurance carriers. Judge Weinstein has communicated with Judge Fallon to promote the efficiency and effectiveness in the attempted resolution of these claims. The negotiations are proceeding. A term sheet of relevant matters has been circulated and the parties are continuing their negotiations.  Also, in Broward County, Florida, Judge Charles M. Greene has been appointed as the new Chinese drywall judge.

Judge Youngpeter has scheduled the following trials to begin in Mobile, Alabama on September 19, 2011:

  (1) *Prichard Housing Authority v. The Mitchell Co., et al.*, No. CV-09-901118;
  (2) *Little v. The Mitchell Co. et al.*. No. CV-09-901153; and
  (3) *Henderson v. The Mitchell Co., et al*, No. CV-09-901381.

In Jefferson County, Alabama, Judge Vowell assigned the cases to Judge Nicole Still for consolidated and coordinated pretrial proceedings.

  VII. <u>MOTIONS IN THE MDL</u>

PLC has provided to the Court and the various Liaison Counsel a master database that sets forth the identification of pending motions, the parties who filed the motion, the docket number and other relevant information so that the Court can have an index of substantive motions pending

in this matter.  PLC and Liaison Counsel will coordinate so that the Court is provided with a master database report on an ongoing basis.  It is anticipated that the index will assist the Court pursuant to the directive given by the Court on September 8, 2009 to counsel for Plaintiffs and Defendants to indicate which motions needed to be heard on an expedited basis and to prioritize such motions and further set forth scheduling deadlines with respect to such motions.  On August 25, 2010, the Court issued a Minute Entry appointing Leonard Davis, Dorothy Wimberly and Kyle Spaulding to a motions committee, and directing the committee to group the motions in a sensible manner, such as by similar issues, facts or parties, and then submit recommendations to the Court regarding which groups of motions should be set for hearing and when.  On October 20, 2010, the Court issued an Order appointing Judy Barrasso to the Motions Committee [Rec. Doc. 6082]. Members of the Motions Committee have communicated and have had a number of meet and confers to further the process of grouping the motions.  In addition, and in accordance with the directives of the Court at the last status conference, discussions regarding Pre-Trial Order 1G and the potential for an amendment to that Pre-Trial Order are being addressed by the Motions Committee.

On November 29, 2009, the Court issued Pre-Trial Order No. 1C which allows parties to file motions before the MDL Court and provides that the motions will be continued without date, unless a motion is specifically excepted from the continuance set forth in the Pre-Trial Order and further that the Court will organize and prioritize the continued motions and in due course, set the motions for hearing and further that no responses to the motions are due until two (2) weeks before the hearing date set by the Court.  On January 8, 2010, Pre-Trial Order 1D was issued to clarify Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.  On February 12, 2010, the

8

Court issued Pre-Trial Order No. 1E which clarifies filings of responsive pleadings and motion practice in the *Gross* matter (09-6690).

## VIII.   DISCOVERY ISSUES

On September 2, 2009, the PSC propounded its First Set of Discovery Requests on Defendants.   Numerous meet and confers have taken place between the parties in an attempt to narrow issues in dispute.   The meet and confers included topics relating to hard copy document production, ESI and also addressed the FRCP 30(b)(6) deposition notices that were provided to Defendants on September 2, 2009.

On October 19, 2009, the 30(b)(6) deposition of the La Suprema entities took place. On December 16 and 17, 2009, the 30(b)(6) deposition of Venture Supply and Porter Blaine entities took place.   The 30(b)(6) deposition of Mazer Super Discount Store took place on January 29, 2010. The 30(b)(6) deposition of Interior/Exterior Building Supply, LP took place on February 5, 2010. The 30(b)(6) deposition of Black Bear Gypsum Supply took place on April 1, 2010.   Additionally, the 30(b)(6) deposition of the Lennar entities has been postponed and is to be rescheduled at a later date.   On August 18 and 19, 2010, September 20 and 21, 2010, and October 15, 19 and 20, 2010, the 30(b)(6) deposition of Knauf Gips relating to jurisdiction/alter ego/agency took place. The PSC cross-noticed the deposition of Knauf Insulation GMBH which took place on September 27 and 28, 2010.   Additionally, the deposition of Knauf employees, Mark Norris occurred on November 11 and 12, 2010 in Hong Kong, which was terminated by the deponent and Knauf without consent of the other parties, the deposition of Tony Robson took place on November 17, 2010 in London, the deposition of Isabel Knauf took place on December 7 and 8, 2010 in Germany, and the deposition of Manfred Grundke took place on December 15, 2010 in Germany.   The PSC noticed the

depositions of Hans-Peter Ingenillem to take place in Frankfurt, Germany on March 3-4, 2011; of Manfred Paul to take place in New York on March 16-17, 2011; of Baldwin Knauf to take place in Frankfurt, Germany on March 29-30, 2011; and of Martin Halbach to take place in New York on April 28-29, 2011 all of which were postponed.  Further, Knauf postponed the deposition of its employees Ann Zhong and Shang Fudong in Hong Kong that were scheduled to take place during the week of April 11, 2011, as well Mark Norris who was to be made available for the conclusion of his deposition.

On February 28, 2011, the PSC filed a Motion for Protective Order regarding Knauf depositions [Rec. Doc. 7746], to which the Knauf entities joined [Rec. Doc. 8094].  Banner opposed the motion and filed also filed a motion to compel the depositions [Rec. Doc. 8130].

The PSC also noticed the 30(b)(6) deposition of L&W Supply Corporation d/b/a Seacoast Supply Corporation on December 21, 2010 and USG Corporation on December 22, 2010 in New Orleans and issued discovery to both entities. These depositions were postponed.

On January 26, 2011, the PSC noticed the 30(b)(6) deposition of Oriental Trading Company, L.L.C. on February 15, 2011.  However, the deposition was postponed.  Also, the PSC noticed the 30(b)(6) depositions of OEG Building Materials, Inc. which took place on February 16, 2011, and of Wood Nation, Inc., which took place on February 14, 2011.

On October 15, 2009, the HSC propounded Personal Jurisdiction Interrogatories and Request for Production of Documents to Knauf Gips KG in connection with Knauf Gips' objection to personal jurisdiction.  Also, on October 30, 2009, the PSC propounded its First Set of Interrogatories and Request for Production Concerning Jurisdictional Issues to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf

Plasterboard (Dongguan) Co., Ltd.  (See Section XIX, *infra*.)  The Knauf Defendants continue to supplement discovery responses and the parties have had additional meet and confers, and are attempting to resolve their disputes regarding a number of discovery issues.  To date, Knauf Gips has made thirty-three (33) rolling productions and the other Knauf Defendants have made numerous rolling productions.  Numerous meet and confers have taken place between the PSC and the Knauf Defendants.

On July 29, 2010, the PSC issued Plaintiffs' First Set of Requests for Admission of Facts, Second Set of Interrogatories and Second Set of Requests for Production of Documents Concerning Jurisdictional Issues Addressed to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., and Knauf Plasterboard (Dongguan) Co., Ltd.  Knauf provided a written response to the document requests on August 20, 2010 and answers to the interrogatories and requests to admit on September 13, 2010.  The Knauf entities continue to supplement their responses.   On October 11, 2010, the PSC issued Plaintiffs' Third Set of Request for Production of Documents Concerning Jurisdictional Issues Addressed to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd.  The Knauf entities responded to the Third Set of Request for Production of Documents on January 18, 2011**.**  Further, the parties have met and conferred and the Knauf Defendants have agreed to provide additional documents that were the subject of discovery requests during some of the jurisdictional depositions.   On December 22, 2010, a Stipulation Concerning Discovery From Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., and Guangdong Knauf New Building Materials Products Co., Ltd. [Rec. Doc. 6731] was entered.

On September 24, 2010, the PSC issued a First Set of Interrogatories and Requests for Production of Documents Concerning Jurisdictional Issues addressed to Defendants, Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd. (collectively "Taishan"). The PSC noticed the 30(b)(6) depositions of Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd., which will take place in Hong Kong commencing April 4, 2011 [Rec. Doc. 7549 and 7550]. Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd. made an initial document production on December 17, 2010, served a second production on January 14, 2011, and a third production on January 28, 2011, and has produced confidentiality and privilege logs. The parties continue to meet and confer to discuss this jurisdictional discovery.

The PSC has issued a number of subpoena duces tecums and deposition notices to various defendants seeking production and information relating to insurance policies. On April 27, 2010, the Court issued Pre-Trial Order No. 24 advising that the subpoenas shall be treated as document requests and served pursuant to Rule 34 of the Federal Rules of Civil Procedure and that Defendants shall respond within twenty (20) days of entry of the Order or thirty (30) days after service of the subpoena (now Rule 34 requests), whichever is later in time, and further ordered that the depositions are continued without date, to be rescheduled without the necessity of re-subpoena, if necessary, to a mutually agreeable date, at least ten (10) days thereafter.

On October 4, 2010, Banner Supply Co. and other Banner related entities issued a Notice of Subpoena to the Center for Toxicology and Environmental Health, LLC ("CTEH") for the production of documents, information or objects and are to permit inspection of premises. CTEH responded in writing to the subpoena on October 8, 2010. The PSC was provided copies of documents received in response to the subpoena, and is reviewing the material. On November 23,

2010, Banner filed an Emergency Motion for a Finding of Contempt and to Compel Against CTEH [Rec. Doc. 6448].  On December 10, 2010, the Court issued a Minute Entry [Rec. Doc. 6634] granting in part, denying in part and continuing in part the motion.

On October 12, 2010, the Plaintiffs' Steering Committee issued Second Interrogatories and Request for the Production of Documents and Things to Defendant Venture Supply, Inc., and Third Interrogatories and Request for the Production of Documents and Things to Defendant The Porter-Blaine Corporation.  The discovery was responded to on October 28, 2010.

On October 13, 2009, Defendants' Liaison Counsel propounded its First Set of Interrogatories and Request for Production to Plaintiffs' Liaison Counsel for distribution to plaintiffs.  On December 23, 2010, Defendants' Liaison Counsel propounded its Second Set of Interrogatories and Request for Production of documents to Plaintiffs' Liaison Counsel for distribution to all plaintiffs.  Responses to the DLC's discovery requests were due on January 24, 2011.  On January 26, 2011, PLC responded to DLC's discovery requests, providing numerous objections.

On February 10, 2011, Banner Supply and Interior Exterior propounded discovery on the Knauf defendants concerning testing on Chinese manufactured drywall.  Responses to these discovery requests are due on March 14, 2011.

IX.   FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs and Defendants.  Any party desiring to receive information regarding requests and the status of responses are directed to contact their respective Liaison Counsel, who will make the information available.

Upon receipt of Freedom of Information Act/Public Records Requests, the PLC and Defendants have been and will continue to transmit copies pursuant to the other party's request.

X.    TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]).  The Court has further advised that any such trials will be limited to property damage only.  *Id.* at sect. IV.  The parties have been discussing the protocol and procedure for selecting Bellwether trial candidates.  The PSC suggests a sufficient representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts and legal issues.  The Defendants suggest that the selection of Bellwether plaintiffs must be limited to the plaintiffs that have submitted profile forms where personal injuries are not claimed.  A list of these plaintiff properties has been made available to the PSC and the Court.  The parties continue to discuss the selection of Bellwether trials.

The *Germano, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd, et* al, Case No. 2:09-cv-6687 (E.D.La.) case was tried in February, 2010.  On April 8, 2010, the Court issued its Findings of Fact & Conclusions of Law [Doc. 2380].  On May 26, 2010, Plaintiffs filed a motion to certify a national class for claims against Taishan Gypsum Co. Ltd. [Doc. 3293].  On May 24, 2010, the Intervening Plaintiffs' Counsel filed a Petition for Fees and Costs [Doc. 3248]. Taishan filed an opposition memorandum and on August 5, 2010, and the Court issued an Order & Reasons denying in part and referring in part the matter to the Clerk of Court [Rec. Doc. 4872].  On June 10, 2010, Taishan Gypsum filed a Notice of Appeal in response to the Court's confirmation of the default judgment in the *Germano* matter.  On September 9, 2010, the Court issued an Order having considered Taishan Gypsum Co., Ltd.'s *Ex Parte* Motion for Leave to File

14

Memorandum in Support of Motion to Vacate the Default Judgment and Dismiss this Action in Excess of 25 Pages and ordered that the Motion was denied on the basis that the matter on appeal rendered the Court without jurisdiction over the matter [Rec. Doc. 5504].

On September 10, 2010, Taishan Gypsum filed a Motion to Vacate the Default Judgment, Dismiss the Action, and to Seek Remand From the Court of Appeals [Rec. Doc. 5515]. On September 13, 2010, the Court denied the request for oral argument.  On September 28, 2010, a Joint Stipulation on Briefing Schedule for Taishan's Motion Pursuant to Rules 12(B)(2), 55(C), 60(B) and 62.1 to Vacate the Default Judgment, Dismiss This Action and to Seek Remand from the Court of Appeals [Rec. Doc. 5615] was filed with the Court. On October 22, 2010, the Court entered an Order [Rec. Doc. 6101] stating that Taishan's Motion raises a substantial issue that would benefit from additional consideration prior to determination of the appeal currently pending before the United States Court of Appeals for the Fifth Circuit.  The Order further stated that the Court fully retains the right to either grant or deny the Motion, should the case be remanded, based upon the ultimate merits of the Motion.  On November 17, 2010, the Fifth Circuit remanded Taishan's appeal to allow the Court to decide the Motion to Vacate.

An Unopposed Motion to Suspend Briefing Deadlines was filed with the United States Court of Appeals for the Fifth Circuit on September 28, 2010.  On October 1, 2010, the United States Court of Appeals for the Fifth Circuit issued an Order staying further proceedings in the Fifth Circuit until the district court provides an indicative ruling pursuant to Fed.R.Civ.P. 62.1 on Taishan's Motion to Vacate.

On October 29, 2010, The Mitchell Company filed a Motion to Lift the Stay [Rec. Doc. 6260] with respect to Taishan's Motion to Vacate the default, stating that the personal

jurisdiction issues in Taishan's Motion to Vacate should be bifurcated from the non-personal jurisdiction issues.  Taishan has opposed the motion, stating that Mitchell should only be allowed to file an opposition to the entire Motion to Vacate in order to frame the issues for any necessary jurisdictional discovery.

The *Tatum B. Hernandez and Charlene M. Hernandez, individually and obo their minor children, Grant M. Hernandez and Amelia C. Hernandez versus Knauf Gips KG, et al*, Case No. 2:09-cv-06050 (E.D. La.) case was tried in March, 2010.  On April 27, 2010, the Court issued its Findings of Fact & Conclusions of Law [Doc. 2713].

The *John Campbell v. KPT, et al,* Case No. 2:09-cv-7628 (E.D.La.) and *Paul Clement & Celeste Schexnaydre v. KPT, et al*, Case No. 2:09-cv-7628 (E.D. La.) cases were set to begin trial on June 21, 2010.  On June 18, 2010, the *Clement/Schexnaydre* and *Campbell* cases were settled.

On February 8, 2011, the Court set a bellwether trial on the claims against Interior Exterior to commence on July 18, 2011 [Rec. Doc. 7532].  Because the parties have yet to resolve whether and how the insurance claims will be involved in the trial a case management order has not yet been issued and on March 16, 2011 the Court ordered that the interested insurers are to send a letter to the Court within five days detailing their concerns about being included or excluded from the trial; the plaintiffs and Interior Exterior are permitted to respond to any letters.

XI.   FILINGS IN THE MDL

The parties also continue to discuss the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal jurisdiction and other defenses, including the right to return cases to the originating venue for trial purposes.  Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see

Minute Entry dated July 9, 2009 [Doc. 111]).  Six (6) suppliers have advised that they will consent to direct filings in the MDL and one (1) supplier has a specific reservation.  Builders have advised that they are willing to accept service of any cases, but are not willing to agree to direct filings in the MDL.

XII.   NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment.  On December 15, 2009, the PSC filed a Notice to Defendants of Initially Relevant Pre-Trial Orders [Doc. 617] and suggested that all named Defendants in the *Gross v. Knauf Gips* case (see Section XVI, *infra.*) familiarize themselves with Pre-Trial Orders issued by the Court, as well as the Court's website.  On January 20, 2010, the PSC also filed a Notice to Defendants of the Court's Lifting of the Stay With Regard to Responsive Pleadings [Doc. 770].  Counsel making an appearance are encouraged to familiarize themselves with the same information.  The status of default judgments is set forth in Section XVI *infra.*

XIII.   INSURANCE ISSUES

On April 6, 2010, the Court issued Pre-Trial Order No. 20 creating an Insurer Steering Committee and appointing Judy Y. Barrasso as Lead Counsel for the Committee. Since that time, both PLC and DLC have communicated with Ms. Barrasso.

On June 15, 2010, the United States Judicial Panel on Multidistrict Litigation issued an Order denying transfer to MDL 2047 of three (3) motions involving insurance coverage litigation. On July 1, 2010, the Court issued an Order [Rec. Doc. 4300] setting a filing, briefing, and hearing schedule for homeowner insurer's Motions to Dismiss.  Several insurance companies filed motions and the PSC filed oppositions.   The matters were heard on September 2, 2010.  On December 16,

2010, the Court issued Orders and Reasons granting the Motions to Dismiss [Rec. Doc. 6670].  The Court has entered Orders dismissing with prejudice the cases in which the motions were brought.  The parties are in the process of discussing dismissals and/or motion practice to resolve the remaining claims against homeowner insurers in the MDL.

On July 1, 2010, the Court issued an Order [Rec. Doc. 4301] setting a filing, briefing, and hearing schedule for certain CGL insurers' Motions objecting to jurisdiction and venue.  These motions were argued on November 3, 2010.  On November 3, 2010, the Court issued a Minute Entry [Rec. Doc. 6330] granting the motions filed by Owners Insurance Company [Rec. Doc. 3302] and NGM Insurance Company [Rec. Doc. 3174], and denying motions filed by Mid-Continent Casualty Insurance Company [Rec. Doc. 2156, 2843, and 2282] and FCCI Commercial Insurance Company [Rec. Doc. 2147].  On February 9, 2011, the Court issued Orders and Reasons for those rulings [Rec. Doc. 7356].

The Court also heard oral argument on November 3, 2010 on various motions to dismiss for failure to join Indispensable Parties [Rec. Doc. 2641, 2174, 2567, 2148, 2150, 2156, 2843, 2282, and 2155].  On February 9, 2011, the Court issued its Order and Reasons denying those motions [Rec. Doc. 7357].

The PSC filed a motion to lift the stay to have a discovery and hearing schedule set on, among other matters, a motion for class certification involving certain commercial general liability insurers and their insured, Interior Exterior.  The Court issued a scheduling order on January 12, 2011 scheduling this class certification hearing [Rec. Doc. 6958].  The parties are in the process of negotiating a revised scheduling order.

The PSC, certain plaintiffs and certain homebuilders have filed motions to lift the

stay to allow hearings on substantive motions on CGL insurance policies involving the pollution exclusion. The Court issued an Order on February 17, 2011, advising that the motions should be set for hearing "but not without agreement on briefing, discovery and logistics." A Status Conference took place with the Court following the monthly Status Conference on February 23, 2011 and on March 3, 2011 the Court issued a scheduling Order [Rec. Doc. 7793].

The PSC and various plaintiffs have agreed to recommend dismissal of all homeowners' insurance claims from the MDL, with prejudice. On March 17, 2011, the Court issued an order dismissing Omni VI, with prejudice [Rec. Doc. 8199]. Individual cases have also been dismissed.

## XIV.   SERVICE OF PLEADINGS ELECTRONICALLY

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel. All counsel are required pursuant to Pre-Trial Order No. 6 to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District of Louisiana Court. Pre-Trial Order No. 6 governs service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

In addition to the foregoing, the parties have been advised that LexisNexis is in the process of establishing a system that allows for tracking state cases involving Chinese drywall.

## XV.   MASTER COMPLAINT

The PSC is considering whether to file a Master Complaint.

## XVI.   CLASS ACTION COMPLAINT (INDETERMINATE DEFENDANT)

On October 7, 2009, a Class Action Complaint (Indeterminate Defendant), *Gross,
et al v. Knauf Gips KG, et al*, Case No. 2:09-cv-06690 (E.D.La.), was filed with the Court and on
October 19, 2009, an amendment was filed.  Service of the complaint has been accomplished on all
of the domestic defendants that can presently be located. Efforts to locate the remaining domestic
defendants so that service can be effected upon them have resulted in a number of defendants being
served but there still remain several unserved defendants (see PSC Status Reports filed pursuant to
PTO 1H, Section XXVIII, infra.).  As to the foreign defendants named in the complaint, some have
been served, some have refused service and others are in the process of being served under the
Hague Convention.  The PSC filed a Notice to Defendants of Initially Relevant Pre-Trial Orders
[Doc. 617] and suggested that all named Defendants familiarize themselves with Pre-Trial Orders
issued by the Court, as well as the Court's website.  On February 6, 2010, PLC and DLC filed a
Motion for Entry of Pre-Trial Order No. 1E, requesting that the Court clarify that the stay on motion
practice and responsive pleading is now lifted in *Gross*, and providing a deadline for service of
responsive pleadings.  The Court entered Pre-Trial Order No. 1F on March 10, 2010 and Pre-Trial
Order No. 1G on May 27, 2010 clarifying the deadlines for responsive pleadings, notices of
appearance, and profile forms in all cases.  To address certain pleading matters, Plaintiffs filed and
the Court granted a joint motion to dismiss certain defendants, without prejudice and to amend the
amended class action complaint.  For those defendants that have refused service or have been served
but have not entered their appearance in the MDL, on September 29, 2010 the PSC filed Plaintiffs'
Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 5621][1].  On February 1, 2011, the

---

[1] The Defendants that Pertain to this motion are:  (1) Changzhou Yinhe Wood Industry Co., Ltd.; (2) China National
Building Materials Co., Ltd.; (3) China National Building Material Group Corporation ("CNBM Group"); (4) Fuxin
Taishan Gypsum and Building Material Co., Ltd.; (5) Hubei Taishan Building Materials Co., Ltd.; (6) Jinan Run &
Fly New Materials Co., Ltd.; (7) Nanhai Silk Imp. & Exp. Corporation; (8) Pingyi Baier Building Materials Co.,

Court granted a preliminary default against the Chinese entities who failed to make an appearance [Rec. Doc. 7302].  On January 13, 2011, the PSC filed Plaintiffs' Second Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 6970][2].  This matter was set for hearing after the February 23, 2011 status conference, and subsequently granted by the Court.

### XVII.   OMNIBUS CLASS ACTION COMPLAINTS

On November 2, 2009, Pre-Trial Order No. 17 was issued which recognizes and confirms Knauf Plasterboard (Tianjin) Co., Ltd.'s agreement to accept service of the PSC's Omnibus Class Action Complaint. The Omnibus Class Action Complaint, *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.)(presently referred to as Omnibus I), was filed with the Court on December 9, 2009 and Knauf Plasterboard (Tianjin) Co., Ltd. waived its right to demand service of process through the Hague Convention.  The complaint has been served on all of the Knauf defendants.  Service on Rothchilt International Ltd. has been unsuccessful. Numerous domestic defendants named therein have been served with the summons and Complaint and some of the domestic defendants have filed responsive pleadings.  On May 17, 2010, the PSC filed a joint motion to dismiss certain Defendants without prejudice and to amend the Plaintiffs'

---

Ltd.; (9) Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; (10) Qinhuangdao Taishan Building Material Co., Ltd.; (11) Shanghai Yu Yuan Imp & Exp Co., Ltd.; (12) Sinkiang Tianshan Building Material and Gypsum Product Co., Ltd.; (13) Sunrise Building Materials, Ltd.; (14) Tai'an Jindun Building Material Co., Ltd.; (15) Taishan Gypsum Co., Ltd. Lucheng Branch; (16) Taishan Gypsum (Baotou) Co., Ltd.; (17) Taishan Gypsum (Chongqing) Co., Ltd.; (18) Taishan Gypsum (Henan) Co., Ltd.; (19) Taishan Gypsum (Pingshan) Co., Ltd.; (20) Taishan Gypsum (Pizhou) Co., Ltd.; (21) Taishan Gypsum (Tongling) Co., Ltd.; (22) Taishan Gypsum (Xiangtan) Co., Ltd.; (23) Yunan Taishan Gypsum and Building Material Co., Ltd.; (24) Beijing New Building Materials Public Limited Company; (25) Shaanxi Taishan Gypsum Co., Ltd.; (26) Taishan Gypsum (Hengshui) Co., Ltd.; (27) Taishan Gypsum (Jiangyin) Co., Ltd.; and (28) Taishan Gypsum (Wenzhou) Co., Ltd.

[2] The Defendants that pertain to this motion are:  (1) Beijing New Building Materials (Group) Co., Ltd.; (2) Qingdao Yilie International Trade Co., Ltd.; (3) Shanghai East Best Arts & Crafts Co., Ltd.; (4) SIIC Shanghai International Trade (Group) Co., Ltd.; and Tianjin Tianbao Century Development Co., Ltd.

Omnibus Class Action Complaint.  On May 18, 2010, this Court entered its Order granting the PSC's motion.  The PSC has since filed Notices of Compliance with the Court's Order.

Consistent with PTO No. 17, the PSC also prepared and filed on February 10, 2010, additional omnibus class action complaints, *i.e.*, *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.)(Omni II)–This is a complaint against non-Knauf Chinese manufacturing defendants and others; and *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.) (Omni IV)–This is a Complaint naming new plaintiffs asserting claims against Knauf and others; and *Amato v. Liberty Mutual Ins. Co., et al.*, Case No. 10-932 (Omni V)- This is a Complaint naming additional defendants, including insurers, underwriters and previously named defendants. Proposed amendments to Omni II and Omni IV Complaints have been filed.  On March 15, 2010, technical and other amendments were made to the Omni II and Omni IV complaints.  The PSC has made arrangements for service of process upon all of the defendants, including translating these amended Omni complaints for service under the Hague Convention. Also on February 10, 2010,  in *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention,  *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* (E.D.La.) (Omni III)– The Omni III complaint in intervention is a class action that adopts the theory of the Gross complaint and adds direct actions against new defendants in the course of commerce that have been identified. The Court's order granting the motion to intervene was entered on March 17, 2010. Thereafter, on March 23, 2010, the Court entered an order deeming a substituted and amended Omnibus Complaint (Omni III) to be entered on the docket. The Substituted and Amended Omni III complaint is now in the process of being served. No domestic drywall manufacturers are named

22

as a defendant in any Omni complaint.  On May 11, 2010, the Omni V – Amato complaint was amended to correct technical and other errors.  Service of the Amended Omni V Complaint has been perfected on virtually all defendants.

The PSC decided to prepare additional motions to intervene plaintiffs into some of the existing Omni Complaints limited to claims against existing defendants already named therein. After appropriate notice to all known interested counsel, the PSC obtained information from those counsel to add any additional plaintiffs against the existing defendants in any of the Omni Complaints.  On July 9, 2010, the PSC filed Motions to Intervene in the following Omni actions: Omni I (Payton); Omni II (Wiltz); Omni III (Gross/Benes); and Omni IV (Rogers).  The Knauf entities or their counsel have filed oppositions to all of the interventions except for Omni II (Wiltz). The Court granted these Motions to Intervene, with the exception of Lowe's Home Centers Inc., in Omni IA (Payton); Omni IIA (Wiltz); Omni IIIA (Gross/Benes); and Omni IVA (Rogers) on September 16, 2010 [Rec.Doc. 5559], and the complaints in intervention have been entered of record.

The PSC has also filed additional Motions to Intervene in Omni IB (Abt), Omni IIB (Amorin) and Omni IVB (Burey).  These motions were granted on December 3, 2010.  Service of process of these complaints is underway.  The PSC has been collecting additional plaintiffs for future motions to intervene newly identified clients into their proper Omni Complaint or to file an all together new Omni Complaint against certain non-Knauf defendants.  Defendants reserve their rights to oppose the interventions.

On January 21, 2011, the PSC filed Omnibus Complaint (Omni VII) against Taishan Gypsum Co., Ltd. and other recently identified manufacturers that had previously been considered

indeterminate and listed in the *Gross* complaint.  On February 7, 2011, the PSC filed an Omnibus

Complaint (Omni VIII) involving predominantly Texas plaintiffs with claims against Knauf and

other Defendants.  On January 13, 2011, the PSC filed Plaintiffs' Omnibus Motion for Preliminary

Default Judgment [Rec. Doc. 6974][3] in the *Wiltz* (Omni II) matter.  On February 16, 2011, the PSC

withdrew the Motion for Preliminary Default Judgment with regard to Taishan Gypsum Co., Ltd.

f/k/a Shandong Taihe Dongxin Co., Ltd., and Taian Taishan Plasterboard Co., Ltd. [Rec. Doc. 7503].

The PSC filed on September 15, 2010 the Omni VI Class Action Complaint, *Charlene and Tatum*

*Hernandez, et al. v. AAA Insurance*, No. 10-3070 (E.D.La.).    This action asserts direct claims by

plaintiff homeowners against their homeowner insurers.  Given the Court's Order and Reasons

concluding that there is no coverage under homeowner's policies for plaintiffs' claims, the PSC filed

to dismiss OMNI VI with prejudice, which motion was signed by the Court on March 17, 2011 [Rec.

Doc. 8199].

The PSC reported that Knauf has waived service, easing its burden in serving the

Omni Complaints.  However, the PSC also reported that Taishan continues to refuse to waive

service, and thus the PSC continues with the burdensome process of serving Taishan through the

Hague.

XVIII. <u>SPECIAL MASTER</u>

On November 24, 2009, the Court appointed Michael K. Rozen of Feinberg Rozen,

LLP, as Special Master.

XIX.   <u>KNAUF GIPS KG PERSONAL JURISDICTION MATTER</u>

---

[3] The Defendants that pertain to this motion are:  (1) Beijing New Building Materials Public Limited Co.; (2) Taian Taishan Plasterboard Co., Ltd.; and (3) Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.

On September 21, 2009, Knauf Gips KG filed a Motion for Protective Order to Require Use of the Hague Evidence Convention.  On October 5, 2009, the PSC filed a Response in Opposition and the HSC also filed a Response in Opposition.  On October 12, 2009, Knauf Gips KG filed a Motion for Leave to File Reply in Support of Motion of Knauf Gips KG for Protective Order to Require Use of the Hague Evidence Convention.   On October 27, 2009, the Court issued Order & Reasons denying the motion.

On July 16, 2010 [Rec. Doc. 4440], the Court issued a Scheduling Order for Jurisdictional Discovery.  The parties have undertaken discovery relating to personal jurisdiction issues as to Knauf Gips KG. (See Section VIII, *infra*.)  The parties have had numerous meets and confers to discuss additional discovery necessary for the personal jurisdiction issues and to address a scheduling order.

## XX.    FREQUENTLY ASKED QUESTIONS

The Court, with the input of Liaison Counsel, created a list of Frequently Asked Questions, and placed them on the Court's website.  The "MDL FAQs" may be found at **www.laed.uscourts.gov/Drywall/FAQ.htm.**  Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel.

## XXI.    MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

A number of motions were set for hearing following the monthly status conference. A separate minute entry will be issued by the Court containing the rulings on these motions.

## XXII.   MOTION TO ESTABLISH A PLAINTIFFS' LITIGATION EXPENSE FUND

On August 4, 2010, the PSC filed a Motion to Establish a Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and common Benefit [Rec. Doc. 4603]. On August 6, 2010, several plaintiffs filed a response to the PSC's motion [Rec. Doc. 4958]. On August 9, 2010, the PSC filed a Supplemental Memorandum in Support of Its Motion to Establish a Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit [Rec. Doc. 4995]. On August 10, 2010, the Knauf entities and the Homebuilders filed oppositions to the PSC's motion [Rec. Doc. 5021]. The motion was scheduled for hearing following the August 12, 2010 monthly status conference, but was continued to be set for hearing by the Court at a later date.

The PSC recently filed a motion to establish a fund for those parties who seek to voluntarily contribute to the fund. The Court indicated that it would grant this motion.

XXIII. MEDIATION

On August 24, 2010, the PSC, Knauf Defendants, Interior Exterior Building Supply, QBE Insurance, State Farm, and the Louisiana Homebuilders Association General Liability Trust participated in a mediation refereed by John Perry involving approximately 120 homes in Louisiana, Mississippi and Alabama. The parties have advised the Court that progress was made in the mediation. Additional mediations took place in Florida on March 8, 2011 and March 9, 2011 involving Knauf properties and related defendants. There was a prior mediation of Prichard Housing Authority in Alabama with Knauf – John Perry was the mediator and a prior mediation of Villa-Lago with Knauf in Florida – Rick Kingrea was the mediator.

On January 20, 2011, the Court ordered a mediation of the claims of Slidell Property

Management, and also ordered SPM's authorized member, Jon Campbell to appear in person [Rec. Doc. 7502].  On February 7, 2011 [Rec. 7326].  Mr. Campbell, his counsel, and counsel for Knauf, Interior Exterior Supply and Southern Homes, L.L.C. participated in a follow-up mediation.  The parties have advised the Court that progress was made in the mediation.

On January 28, 2011, the Court ordered a mediation between the PSC, the Knauf defendants, and Interior Exterior Supply which occurred on February 21, 2011 [Rec. Doc. 7267]. The mediation will be refereed by Rick Kingrea.  The parties continue to have on-going discussions.

On February 11, 2011, the Court ordered all insurance companies and insurance claims handling entities named in, and currently parties to, the *Pate* (09-7791) and *Amato* (10-932) actions, the Managing Trustee and Trust Advisor of the WCI Chinese Drywall Trust, and the PSC to a global mediation on March 21 and 22, 2011 [Rec. Doc. 7414].  By Order entered on February 18, 2011, the Court cancelled the mediation and ordered the parties to meet and confer and submit a draft mediation order [Rec. Doc. 7642].   The parties submitted a proposal for liaison counsel to meet with John Perry to schedule these mediations.  The parties continue to discuss the matter.

The PSC has recently filed an Emergency Motion for an Order Preventing the Payment or Transfer of Certain Moneys, or In the Alternative, for Court Ordered Mediation and Temporary Stay of All Outside Settlement Activities [Rec. Doc. 6947] that, in the alternative, seeks mediation between Insurance Defendants and Direct Defendants named on the OMNI V Complaint. The motion was heard at the February 23, 2011 status conference and the Court issued a Minute Entry on February 23, 2011 denying the motion with the right to re-file [Rec. Doc. 7792].

On March 15, 2011, the Court issued a Mediation Order in *Hobbie, et al. v. RCR Holdings, II, LLC, et al.,* No. 10-1113.  The mediation was held on March 22, 2011.

## XXIV.  CLASS CERTIFICATION

The PSC has filed Plaintiffs' Motion for Class Certification (*Germano*) [Rec. Doc. 3293].On December 2, 2010, the Court issued a Minute Entry continuing the motion to lift the stay on this matter to the status conference scheduled for January 20, 2011.  On January 20, 2011, the Court continued the motion to lift the stay on this matter until personal jurisdiction discovery is complete [Rec. Doc. 7136].

The PSC also filed Plaintiff's Motion for Class Certification of a Louisiana Homeowner Class for Damages and Declaratory Relief (*Silva*) [Rec. Doc. 5567], Plaintiffs' Motion for Class Certification of a Florida Homeowner Class for Claims Against Banner Supply Co. (*Vickers* and *Payton*) [Rec. Doc. 5568/5611], and Plaintiffs' Motion for Class Certification of a Florida Homeowner Class and Louisiana Homeowner Class Property Damage Against Knauf (*Payton*) [Rec. Doc. 5570/5612].  On January 12, 2011, the Court issued a Scheduling Order re Hearings for Class Certification [Rec Doc. 6958].  The Order sets deadlines for interventions, discovery of class representatives and fact witnesses, disclosure/discovery of expert witnesses, deadlines for filing oppositions to motions to certify class action and memorandum in reply, deadlines for Daubert challenges, and sets the hearing on the motion to certify class action commencing on June 1, 2011. Due to substitutions of representative plaintiffs, disagreements arose regarding the deadlines set forth in the January 12, 2011 Order. On March 3, 2011, the Court issued an order requesting briefing about the competing scheduling orders presented by the parties to the court immediately preceding its order. A hearing was held on March 16, 2011 on the matter. The Court took the matter under advisement and on March 17, 2011 issued an order setting regular

28

telephone status conferences with the first telephone status conference to take place on March 25, 2011 at 10:00 am [Rec. Doc. 8174]. The parties will be prepared to go forward as appropriate.

On January 27, 2011, the PSC filed a Notice to Substitute Class Representatives, substituting the existing class representatives, and adding further class representatives. The substituted class representatives have provided objections and responses to Knauf's and Interior Exterior's discovery responses, and the parties have begun inspections.

## XXV. PRE-TRIAL ORDER 1H

In response to several inquiries regarding whether Notices of Completion of Amendments to the omnibus complaints had been filed pursuant PTO 1G [Rec. Doc. ], on October 22, 2010, the Court entered Pre-Trial Order 1H [Rec. Doc. 6083]. The Court directed the PSC to file the Notices once the Amendments were filed and served, and then filed a Master Complaint within 60 days of filing of the Notices. Only after the Master Complaint is filed will counsel for any defendant identified in the Master Complaint be required to file responsive pleadings. The Court further ordered the PSC to file on the last day of each month a status report regarding the progress of the Amendments and Notices. On November 1, 2010, and on November 30, 2010 the PSC filed Status Reports pursuant to PTO 1H identifying the current status of service of the omnibus complaints. The PSC advises that it is not yet prepared to file a notice of completion of amendments for any of the omnibus class action complaints.

## XXVI. PILOT PROGRAM

On October 14, 2010, Knauf and the PSC announced the creation of a 300 home remediation pilot program. The Settlement Agreement for the pilot program can be found on the

Court's website (laed.uscourts.gov).  The Knauf entities' counsel reported that there are currently 30 homes undergoing remediation, and 165 homes in the program total.  Counsel also reported that the remediation is taking approximately 60 days.  Knauf seeks to add an additional 150 more homes to the program in the near future.  The Court encouraged Knauf to look into monetizing the remediation remedy.  The PSC requested that those persons threatened with bankruptcy or eviction be prioritized for remediation.

XXVII.       STIPULATION CONCERNING SERVICE OF PROCESS AND PRODUCT IDENTIFICATION

On December 27, 2010, the Knauf Defendants and the PSC entered into a Stipulation concerning service of process and product identification [Rec. Doc. 6732].  The Knauf Defendants agreed to accept service of process for a complaint or intervention complaint filed in federal court on or before December 31, 2010, and further appointed Lynn C. Greer of Brown Greer, PLC as a Master under Federal Rule of Civil Procedure 53 for the purpose of collecting indicia from plaintiffs that the homes in question contained KPT, Wuhu or Dongguan drywall and resolving disputes concerning the sufficiency of such indicia.  Plaintiffs who have sued Knauf Defendants were obligated to provide sufficient indicia to the Special Master within thirty (30) days of filing a complaint or intervention complaint or within thirty (30) days from December 27, 2010, if the complaint has previously been filed.  On January 12, 2011, the Court issued a Supplemental Order Regarding Stipulation Concerning Service of Process and Product Identification [Rec. Doc. 6967], which includes the hourly rates for the Special Master, as well as an Affidavit of Special Master Lynn C. Greer.  Brown Greer is currently constructed the database of indicia, and determinations as to sufficiency of indicia provided will begin shortly.

**NEW ITEMS:**

XXVIII. <u>HOME BULIDERS FEES AND COSTS</u>

On March 9, 2011 the Court entered an Order [Rec. Doc.8006] requiring all home builders to share responsibility for the fees and expenses for their liaison cousel appointed pursuant to Pre-Trial Order 7B.  The Court directed the parties to contact Dorothy Wimberly with any questions or concerns about the order.  Additionally, the Court clarified that these payments constitute costs of defense.

XXIX. <u>PRE-TRIAL ORDER 10</u>

At the February Status Conference the Court directed defendants Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co. Ltd. to provide photos and trademarks in accordance with Pre-Trial Order No. 10.  On March 7, 2011 counsel for the Taishan defendants provided a letter to the Court to which the PSC responded.  The parties have met and conferred and it is anticipated that the Taishan defendants will be providing further supplements so that Pre-Trial Order No. 10 can be updated.  Thereafter, the parties are to contact the Court so it can upload the new images on the Court's website.

XXX.  <u>CPSC INTERIM REPORT</u>

The CPSC issued an interim report altering some of its previous guidelines for remedation of properties containing Chinese drywall.  The Court announced that the new report is contrary to certain findings of the Court regarding remediation, and indicated that it would not be altering its own remediation guidelines.  Additionally, the Knauf defendants indicated that they would continue to track the Court's guidelines, rather the the CPSC's, in remediating homes for the pilot program.

XXXII.    <u>NEXT STATUS CONFERENCES</u>

The next monthly status conference will be held on April 26, 2011, at 9:00 a.m. central time in the Courtroom of Judge Fallon.  The following monthly status conference will be held on May 26, 2011, at 9:00 a.m. central time, also in Judge Fallon's Courtroom.  The conference call number for both conferences is 866-320-4708.  The access code for the April call is 197375. The access code for the May call in 197376.

