UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL NO. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| | * | JUDGE: FALLON |
| This Document Relates to: | * | |
| *Dean and Dawn Amato,* | * | MAG: WILKINSON |
| *individually and on behalf* | * | |
| *of all others similarly situated* | * | |
| *v.* | * | |
| *Liberty Mutual Insurance Company* | * | |
| | * | |
| *Case No. 10-0932* | * | |

**MEMORANDUM IN SUPPORT OF AUTO-OWNERS INSURANCE COMPANY, OWNERS INSURANCE COMPANY AND SOUTHERN-OWNERS INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' AMENDED OMNIBUS CLASS ACTION COMPLAINT (V) FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND MISNOMER OF NAMED DEFENDANT**

**May it Please the Court:**

Come now AUTO-OWNERS INSURANCE COMPANY, OWNERS INSURANCE COMPANY and SOUTHERN-OWNERS INSURANCE COMPANY (collectively referred to as "Auto-Owners Entities"), defendants in the above-styled cause, and submit this Memorandum in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue and Misnomer of Named Defendant filed contemporaneously herewith:

**I.   INTRODUCTION**

This Court lacks personal jurisdiction over the Auto-Owners Entities, insurance companies which are not licensed to write and do not write insurance policies in Louisiana, which maintain no offices in Louisiana, which have no agents in Louisiana, which have no

telephones in Louisiana, which do not solicit business in Louisiana, which do not conduct business in Louisiana and which are not Louisiana corporations. Accordingly, the Auto-Owners Entities lack both the "minimum" contacts and "continuous, systematic and substantial" contacts with the State of Louisiana by which they would reasonably expect to be hailed into Court in this state.

As demonstrated herein, case law precedent from the Fifth Circuit Court of Appeals, the Eastern District of Louisiana, and the Supreme Court of Louisiana all dictate that insurers like the Auto-Owners Entities, which lack ties to the forum either generally or specifically with reference to the matters alleged in Plaintiffs' Amended Omnibus Class Action Complaint (V) [Rec. Doc. 3132], do not have the continuous and systematic contacts upon which personal jurisdiction may be based. Though this Court serves as the hub for claims related to Chinese Drywall, this designation does not mitigate this Court's lack of personal jurisdiction over the Auto-Owners Entities.

Plaintiffs' Amended Omnibus Class Action Complaint (V) at "Schedule 1" references several insurance policies allegedly issued by the Auto-Owners Entities. Specifically, Plaintiffs refer to alleged Auto-Owners Entities' insureds or additional insureds, which policies were issued in the states of Florida or Georgia and all of the properties on which work was allegedly performed are located in Florida or Alabama. The issuance and maintenance of the policies was accomplished with no involvement in or from Louisiana. To the extent an action is asserted against "Right Way Finishing, Inc." as included in "Schedule 1," Auto-Owners has never insured, and does not insure, an entity named "Right Way Finishing, Inc." The policies identified as insuring Right Way Finishing are Georgia insurance policies issued to an unrelated Georgia corporation, Rightway Drywall, Inc.

Accordingly, these facts cannot support the exercise of personal jurisdiction over any of the Auto-Owners Entities. This Court should order dismissal of the Plaintiffs' Amended Omnibus Class Action Complaint (V) against the Auto-Owners Entities pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and Rule 12(b)(3) for Improper Venue.

## II. NARRATIVE OF UNDISPUTED FACTS

Auto-Owners Insurance Company is an insurance company formed under the laws of the State of Michigan, with its principal place of business situated in Lansing, Michigan.[1] Auto-Owners wholly owns Owners Insurance Company and Southern-Owners Insurance Company.[2] Owners Insurance Company is an insurance company formed under the laws of the State of Ohio, with its principal place of business situated in Lansing, Michigan.[3] Southern-Owners Insurance Company is an insurance company formed under the laws of the State of Michigan, with its principal place of business situated in Lansing, Michigan.[4]

The Auto-Owners Entities are not licensed to write and do not write insurance policies in Louisiana.[5] The Auto-Owners Entities do not maintain offices in Louisiana.[6] The Auto-Owners Entities do not have agents in Louisiana.[7] The Auto-Owners Entities do not have telephones in

---

[1] *See* Affidavit of Kathleen Lopilato, ¶ 12, attached hereto as Exhibit "A." *See also* Plaintiffs' Amended Omnibus Class Action Complaint (V) at ¶ 447.

[2] *See id*.

[3] *See id*. *See also* Plaintiffs' Amended Omnibus Class Action Complaint (V) at ¶ 500.

[4] *See id. See also* Plaintiffs' Amended Omnibus Class Action Complaint (V) at ¶ 509.

[5] *Id*. at ¶¶ 3, 9.

[6] *Id*. at ¶ 4.

[7] *Id*. at ¶ 5.

3

Louisiana.[8]  The Auto-Owners Entities do not do not solicit business in Louisiana.[9]  The Auto-Owners Entities do not conduct business in Louisiana.[10]  None of the Auto-Owners Entities are Louisiana corporations.[11]

Indeed, this Court previously has been presented with these exact issues in the *Pate* litigation in this MDL proceeding as they related to Auto-Owners wholly-owned company, Owners Insurance Company. [Underlying Case No. 09-7791].  The Court allowed limited jurisdictional discovery, and counsel for Pate conducted a Federal Rule of Civil Procedure 30(b)(6) deposition of Auto-Owners.  Auto-Owners, per corporate representative Kathleen Lopilato, testified as follows:

> Q. Is Auto-Owners or Owners Insurance or any of those other companies that we've been discussing licensed to do business in the state of Louisiana?
>
> A. They are not.
>
> Q. Auto-Owners or Owners Insurance or those other companies, do they write insurance in Louisiana?
>
> A. They do not.
>
> Q. Does Auto-Owners or Owners Insurance or the other companies that we've been talking about maintain any offices within the state of Louisiana?
>
> A. They do not.
>
> Q. Do Auto-Owners or Owners or any other insurance companies that we've been speaking about maintain any employees in the state of Louisiana?

---

[8] *Id*. at ¶ 6.

[9] *Id*. at ¶ 7.

[10] *Id*. at ¶ 8.

[11] *Id*. at ¶ 10.

A. They do not.

Q. Does Auto-Owners or Owners or these other companies have any agents in the state of Louisiana?

A. They do not.

Q. Does Auto-Owners or Owners or these other companies that we've been talking about have any Louisiana insureds?

A. They do not.

Q. Does Auto-Owners or Owners or the other companies we've been talking about solicit any business in Louisiana?

A. They do not.

Q. Does Owners -- Auto-Owners or Owners or the other companies we've been talking about advertise for any business in Louisiana, whether it be radio, TV, billboards, etcetera?

A. They do not.

Q. Does Auto-Owners or Owners or any of the companies that we've been talking about have any registered agents for the service of process --

A. They do not.

Q. -- in Louisiana?

A. They do not.[12]

Based on this limited jurisdictional discovery, the memoranda of law and oral argument presented on the issues, this Court dismissed Owners Insurance Company, a member of the Auto-Owners group of companies, pursuant to Federal Rule of Civil Procedure 12(b)(2) in

---

[12] *See* Deposition Transcript of Auto-Owners (Kathleen Lopilato) at 131:11 – 133:4, originally attached as Exhibit "F" to Owners' Opposition to Plaintiffs' Steering Committee and Robert C. Pate's Second Joint Motion to Compel [Rec. Doc. 5640] and attached hereto as Exhibit "B."

this MDL litigation. In reaching its decision in *Pate* that Owners Insurance should be dismissed for lack of jurisdiction, the Court opined as follows:

> As the Court announced from the bench at the hearing, Owners does not have sufficiently substantial, systematic, and continuous contacts with Louisiana to warrant the exercise of general personal jurisdiction. *See* Hr'g Tr. 63:2-5. Indeed, as the Fifth Circuit has recognized, the general personal jurisdiction test "is a difficult one to meet, requiring extensive contacts." *Jackson*, 615 F.3d at 584. Owners lacks the following crucial connections with the forum: (1) it is not licensed by the State of Louisiana to write insurance coverage in Louisiana, (2) it does not maintain any offices in Louisiana, (3) it does not have any employees in Louisiana, (4) it does not solicit business from Louisiana residents, (5) it does not advertise in Louisiana, (6) it does not collect premiums from Louisiana residents, and (7) it does not have a registered agent for service of process in Louisiana. *See* (R. Doc. 3302, Ex. A)(Aff. of Scott Norris); *see e.g. Jackson*, 615 F.3d at 584-85(concluding no general personal jurisdiction existed in part because defendant did have an office, employees, address, property, business registration, taxes, or sales in the forum); *Choice Healthcare*, 615 F.3d at 368(concluding no general personal jurisdiction existed in part because defendant lacked officer, property, accounts, taxes, business license, and business in the forum); *Johnston*, 523 F.3d at 611-14(concluding no general personal jurisdiction existed over defendant who had no business, no registered agent, no products, no property, no business registration, no bank, and no records in the forum); *Cent. Freight Lines*, 322 F.3d at 381(concluding no general personal jurisdiction over a defendant without operating authority, business registration, offices, records, or taxes in the forum); *but cf. Hogue*, 2009 WL 2525751, at *5 (finding general personal jurisdiction where non-resident insurer had business interests in the forum, including issuing its policies to residents of the forum). Notably, Owner's absent contacts with the forum are substantially similar to those of the insurer in *Travelers Indemnity* in which the Fifth Circuit concluded general personal jurisdiction was lacking; these absent contacts include: no authorization to do business, no appointed agent for service of process, no place of business, no employees, no assets, no solicitation of business, no issuance of policies, and no receipt of premiums. 798 F.2d at 832-34.

[Rec. Doc. 7356].

Pate further attempted to establish jurisdiction by claiming that Auto-Owners paid claims to Louisiana residents, filed two lawsuits in Louisiana over forty years ago and owned one security interest in the form of a debt related to a Louisiana corporation. With respect to the security interest, Auto-Owners testified as follows:

> Q. … And I guess the question would be, if you are, are you investing in individual companies in Louisiana, securities or otherwise, directly versus a mutual fund?
>
> A. There is one security that I'm aware of in Louisiana. And other than that, nothing.
>
> Q. And that is an investment by Auto-Owners Insurance Company that you're aware of, correct?
>
> A. It's part of our portfolio. I don't know that you'd call it -- it's part of the investment department and -- but it involves a security, so you're asking me -- I'm a little outside of my comfort zone to know the difference between a security and let's say having an ownership interest in a company in Louisiana.
>
> Q. I understand. You have no ownership interest in companies in Louisiana?
>
> A. We do not.
>
> ***************
>
> Q. You indicated that Auto-Owners does own a security in a Louisiana company. Are you a significant shareholder in that company?
>
> A. We're not a shareholder at all.
>
> Q. You just own stock in the company or an interest -- or why don't you tell me your understanding of it?
>
> A. We bought debt.[13]

---

[13] *See* Deposition Transcript of Auto-Owners (Kathleen Lopilato) at 50:5 – 51:14, attached hereto as Exhibit "C."

This Court analyzed each of these issues separately and stated that, "First, the fact the Owners had paid over 340 claims to Louisiana addresses…is fortuitous, and not a result of purposeful availment of the forum." [Rec. Doc. 7356, p. 39]. After a detailed analysis, the Court concluded that "Owners' payment of claims to Louisiana residents does not, in and of itself, warrant the exercise of general personal jurisdiction." *Id*. at p. 40. The Court also rejected the notion that travel through the forum state by an Owners' non-resident insured confers personal jurisdiction. *Id*. Likewise, an Owners' non-resident insured performing work in the forum state does not establish personal jurisdiction. *Id*. at p. 41. With regard to Owners' parent company filing two lawsuits in the forum state over forty years ago, the Court stated, "…these suits, filed approximately 40 years ago, are not within such a time period" as considered reasonable by the Fifth Circuit. *Id*. The Court also found that, "…the purchase of a single security interest from Louisiana does not warrant the exercise of general personal jurisdiction over Owners." *Id*. at 42. Finally, the Court "decline[d] to base general personal jurisdiction over Owners on the basis of its hiring forum adjusters and lawyers." *Id*. at 43.

The Court's reasoning in *Pate* is on point for each of the Auto-Owners Entities named in the *Amato* Amended Omnibus Class Action Complaint (V). Therefore, this Court should dismiss Plaintiffs' claims against the Auto-Owners Entities for lack of personal jurisdiction, or in the alternative, improper venue.

### III. LAW AND ARGUMENT

#### A. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), this Court must consider the allegations contained in Plaintiffs' Amended Omnibus Class Action Complaint (V) as true, unless those allegations are controverted by the defendant's

affidavit.  *Thomas v. Kennedy*, 75 Fed. Appx. 281, 283-284 (5th Cir. 2003)(unpublished) (citing *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 785 (5th Cir. 1990)).  It is Plaintiffs' burden to prove personal jurisdiction over the defendants when the defendants timely call such jurisdiction into question.  *Travelers Indemnity Company v. Calvert Fire Ins. Co.*, 798 F. 2d 826, 831 (5th Cir. 1986).

"In diversity actions … the law of the forum state, subject to the Constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over nonresident defendants."  *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F. 3d 389, 396 (5th Cir. 2001) (citing *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 722 n. 15 (5th Cir. 1988)); *Stuart v. Spademan*, 722 F.2d 1158 (5th Cir. 1985).

A federal court sitting in diversity applies a two-step test to determine whether or not it has personal jurisdiction over a defendant:  1) is the defendant amenable to service under the forum state's long-arm statute, and 2) does the assertion of jurisdiction comport with due process under federal law?  *Standard Fittings Co. v. Sapag*, 625 F.2d 630, 636-37 (5th Cir. 1980).

Thus, this Court sitting in diversity (as invoked by the Amended Omnibus Class Action Complaint (V) at ¶ 1) must look first to Louisiana state statutes governing jurisdiction, then to federal precedent outlining Due Process constraints on personal jurisdiction, in determining if it may properly exercise jurisdiction over the Auto-Owners Entities in this action.

### B. THE AUTO-OWNERS ENTITIES LACK THE NECESSARY CONTINUOUS, SYSTEMATIC AND SUBSTANITAL CONTACTS WITH THE FORUM STATE AND THEREFORE ARE NOT SUBJECT TO GENERAL PERSONAL JURISDICTION

Subsection B of the Louisiana Long-Arm Statute reads: ". . . a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States."  LA. REV. STAT. ANN. § 13:3201 (1987).

9

This statute ensures that the long-arm jurisdiction of a Louisiana court extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So.2d 790, 792 (La. 1987). According to the Supreme Court of Louisiana, the addition of this subsection obviated the need for any inquiry into the propriety of jurisdiction beyond one simple step: an analysis of constitutional due process requirements. *First Guaranty Bank of Hammond v. ALAS*, 515 So.2d 1080, 1083 (La. 1987). Fortunately then, the determination of whether personal jurisdiction over the Auto-Owners Entities exists has been reduced, by virtue of Louisiana's Long-Arm Statute, to the single step of a Due Process inquiry. *See id.*

For the exercise of jurisdiction under the Long-Arm Statute to be constitutionally permissible, the defendants' contacts with the forum must either be continuous and systematic in nature, or the cause of action must arise out of the defendant's minimum contacts with the forum. *First Guaranty Bank of Hammond*, 515 So.2d at 1084 (citing *McGee v. Int'l. Life Ins. Co.*, 355 U.S. 220 (1985)); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984). Factors the Court may consider to determine whether Owners' contacts with Louisiana are continuous, systematic and substantial are: (1) does the defendant directly market or promote business in Louisiana; (2) does the defendant have any tangible property in Louisiana such as bank accounts or real property; (3) does the defendant maintain an office of other place of business in Louisiana; and (4) the amount of business the defendant does in Louisiana. *DNH L.L.C. v. In-N-Out Burgers,* 381 F. Supp. 2d 559, 565 (E.D. La. 2005).

In addition to dealing with the present issues in the *Pate* litigation in this MDL, Auto-Owners recently dealt with these issues in another jurisdiction. The District Court for the Northern District of Texas found that no general personal jurisdiction existed over Auto-Owners

10

because the plaintiff could not prove that Auto-Owners had any business presence in the State of Texas. *American Bank v. Auto-Owners Mutual Fire & Casualty Ins. Co.,* 2010 WL 3784282 at *7 (N.D. Tex. 2010). As is the case in the present litigation, the *American Bank* court held that:

> Plaintiff had neither alleged nor adduced evidence that defendant owns any property in Texas, has employees who work in, or travel to Texas, is currently licensed in Texas, or conducts business of any kind in Texas. The contacts proved by plaintiff are far less than those which the Supreme Court and the Fifth Circuit have found insufficient for a finding of general jurisdiction. Plaintiff's evidence does not show the type of "substantial, continuous and systematic contacts required for a finding of general jurisdiction.

*Id.* (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610-611 (5th Cir. 2008)).

The *American Bank* court relied heavily on two other cases arising out alleged contacts with Texas. In the leading Supreme Court case concerning general jurisdiction, the Court found general jurisdiction lacking despite the defendant's extensive contacts with Texas, including the purchase of approximately eighty percent of its helicopter fleet, parts, and accessories from a Texas company, sending prospective pilots and management and maintenance personnel to Texas for training and consultation, sending its chief executive officer into Texas to negotiate a contract, and accepting a $5 million check drawn on a Texas bank. *Helicopteros*, 466 U.S. at 416-419. The Fifth Circuit in *Access Telecom, Inc. v. Telecommunications Corp.* likewise affirmed a finding of no proof of general jurisdiction even though the defendant had "numerous" contacts with Texas over a period of years, including leasing telephone lines and real property in the state, paying taxes in Texas, contracting to warehouse 75,000 telephone poles in Texas, and receiving revenue from Texas residents totaling millions of dollars per month. 197 F.3d 694, 717 (5th Cir. 1999). The court concluded that defendant's contacts failed to demonstrate a business presence in Texas sufficient to sustain general jurisdiction. *Id.*; *see also Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (5th Cir. 1987) (no personal jurisdiction where nonresident

11

defendant had no employees in forum state even though Beach sold $250 million of goods in the forum state through contracts entered into and executed in other states and purchased $195 million of products from Texas companies); *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1362 (5th Cir.1990)(holding that general jurisdiction did not exist even though 12.9% of the company's charter boat revenues were generated in Louisiana, the defendant engaged in advertising which reached Louisiana, and purchased vessels in Louisiana).

As compared with the these cases, the Auto-Owners Entities' contacts with the forum state are far less substantial, systematic and continuous. The Auto-Owners Entities are not licensed to write and do not write insurance policies in Louisiana. The Auto-Owners Entities do not maintain offices in Louisiana. The Auto-Owners Entities do not have agents in Louisiana. The Auto-Owners Entities do not have telephones in Louisiana. The Auto-Owners Entities do not do not solicit business in Louisiana. The Auto-Owners Entities do not conduct business in Louisiana. None of the Auto-Owners Entities are Louisiana corporations.[14]

Most importantly, the Court has already ruled that general personal jurisdiction does not exist over Owners Insurance Company and its parent company, Auto-Owners Insurance Company, for all the reasons stated above. [Rec. Doc. 7356]. Indeed, the Court stated that "Because the Court has determined that general personal jurisdiction over Owners is lacking, it need not discuss the second prong of the personal jurisdiction inquiry – whether the exercise of personal jurisdiction comports with the traditional notions of fair play and substantial justice – and grants Owners' Motion to Dismiss." *Id*. at 43.

Both the Fifth Circuit Court of Appeals and this Court have found on many occasions that personal jurisdiction is improper on due process grounds over an insurer which, like the

---

[14] Exhibits "A" and "B."

Auto-Owners Entities, is not licensed to write insurance in Louisiana and which does not solicit business in Louisiana. *Jackson v. Tanfoglio Guiseppe, S.R.L.*, 615 F.3d 579, 584-85 (5th Cir. 2010) (the Fifth Circuit held that no general personal jurisdiction existed over a defendant who had no office, bank accounts, employees, postal address, or property in the forum state, and who was not registered to do business nor paid taxes there); *Choice Healthcare, Inc. v. Kaiser Foundation Health Plan*, 615 F.3d 364, 368 (5th Cir. 2010) (Fifth Circuit held that general personal jurisdiction did not exist over a defendant who had no offices and owned no property in the forum state, was not licensed to do business in the forum state, nor conducted or solicited business in the state); *Johnston v. Multidata Systems International Group*, 523 F.3d 602, 611-14 (5th Cir, 2008) (the Fifth Circuit found general personal jurisdiction was lacking because the defendant did not maintain a place of business sin the forum nor had a registered agent for service of process, despite the fact that over the period of five years it sold approximately $140,000 worth of goods and service-related contracts to ten different customers in the forum, representing three percent of the defendants business, its employees periodically traveled to the forum, and its advertisements in national publications reached the forum); *Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376 (5th Cir. 2003) (the Fifth circuit concluded that there was no general personal jurisdiction over a defendant who was not registered to do business in the forum, did not maintain a business office or records in the state, did not pay franchise taxes there, and did not operate any trucks or pick up or deliver any freight there)*; see*, *e.g.*, *Travelers*, 798 F.2d at 833; *Louis Dreyfus Corp. v. Inter-Industry Ins. Co.*, 723 F. Supp. 375, 379-380 (E.D. La. 1989); *Andrieu v. Countrywide Home Loans, Inc.*, No. 04-3516, 2006 WL 2117713, at *4 (E.D. La. July 26, 2006).

Because Plaintiffs have not alleged contacts between the Auto-Owners Entities and Louisiana and because the Auto-Owners Entities have affirmatively shown that they do not do business in Louisiana such that they could reasonably foresee the possibility of facing litigation within the forum, there is no basis consistent with due process for this Court to assert personal jurisdiction over the Auto-Owners Entities. Furthermore, this Court has already decided these issues in the *Pate* litigation and dismissed an Auto-Owners entity for lack of personal jurisdiction.

> **C.  THE AUTO-OWNERS ENTITIES LACK THE NECESSARY MINIMUM CONTACTS WITH THE FORUM STATE AND THEREFORE ARE NOT SUBJECT TO SPECIFIC PERSONAL JURISDICTION**

A non-resident defendant is not subject to the jurisdiction of this Court unless it has sufficient "minimum contacts" with the State of Louisiana, and maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Dalton*, 897 F.2d at 1361 (citing *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)); *LaRocca's Auto Sales Floorplan, Inc. v. Shelton*, No. 09-CA-143 2009 WL 3447606 at *2, (La. App. 5th Cir. Oct. 27, 2009). There are two components to the due process test: "minimum contacts" and "traditional notions of fair play and substantial justice." *Asarco, Inc. v. Glenara Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990).

In *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir. 1990), the Fifth Circuit Court of Appeals identified two categories of minimum contacts which give rise to personal jurisdiction over a non-resident defendant -- general jurisdiction and specific jurisdiction. Louisiana has general jurisdiction over a defendant when the defendant has "continuous and systematic contacts" with the state, as discussed *infra*. *Asarco*, 912 F.2d at 786. Specific jurisdiction arises when the suit is derived from, or related to, the defendant's purposeful contacts with the forum

14

state. *Asarco*, 912 F.2d at 786 (citing *Dalton*, 897 F.2d at 1361-1362); *Helicopteros*, 466 U.S. at 414.

The Auto-Owners Entities have affirmatively established that they do not have minimum contacts with the State of Louisiana because they have not purposely availed themselves of the privilege of conducting business in Louisiana.[15]  The United States Supreme Court has held that "[i]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus evoking the benefits and protections of its laws."  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

This Court cannot exercise personal jurisdiction over the Auto-Owners Entities on the basis of specific jurisdiction, which must arise from some act or omission of the Auto-Owners Entities that is connected to the forum.  *Helicopteros*, 466 U.S. at 412.  The only involvement of the Auto-Owners Entities alleged in the Amended Omnibus Class Action Complaint (V) is the issuance of policies of insurance, either directly to an insured named as a defendant or an additional insured of a named defendant, to Hinkle Drywall LLC, Gateway Drywall, Medallion Homes Gulf Coast Inc. Louran Builders, Inc., Siesta Bay Custom Homes and Rightway Drywall.[16]  Plaintiffs allege that Rightway Finishing, Inc. is a Louisiana corporation, but as stated above, no Auto-Owners Entity has ever insured, and does not insure, a corporation named Rightway Finishing.  The policies identified in the complaint by policy number as insuring Rightway Finishing were issued by Auto-Owners Insurance Company and Owners Insurance Company to an unrelated Georgia corporation named Rightway Drywall, Inc., who is not named

---

[15] *See* Exhibits "A" and "B."

[16] *See* Amended Omnibus Class Action Complaint (V), "Schedule 1."   t.  All policies of insurance were delivered in the state of Florida or Georgia.

as a defendant in the complaint. That Auto-Owners entity is proven by the profile forms submitted per the Court's order. The other policies of insurance were issued in Florida or Georgia and all of the properties on which work allegedly was performed are located in Florida or Alabama. These contracts of insurance cannot serve as a basis of specific jurisdiction as the policies have no connection with Louisiana. *See Louis Dreyfus Corp.*, 723 F. Supp. at 379-380. Therefore, personal jurisdiction in this Court over the Auto-Owners Entities cannot exist consistent with the boundaries and requirements of due process.

Finally, there are no matters pled in the Amended Omnibus Class Action Complaint (V) by which the exercise of personal jurisdiction over the Auto-Owners Entities would comport with "traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). The Auto-Owners Entities have demonstrated that they are wholly bereft of any contacts with the State of Louisiana, either generally or in relation to the matters pled in the Amended Omnibus Class Action Complaint (V), which would allow the exercise of personal jurisdiction over the Auto-Owners Entities consistent with Due Process.

### D. VENUE IS IMPROPER IN THIS FORUM UNDER 28 U.S.C. § 1391

Plaintiffs allege that:

> Venue in this district satisfies the requirements of 28 U.S.C. § 1391(b)(1)-(2) and (c) because Plaintiffs and a significant number of class member reside in this jurisdiction and a substantial amount of the events and occurrences giving rise to these claims occurred in this District, or a substantial part of the property that is the subject of this action is situated in this district. Upon information and belief, the insurance defendants are subject to personal jurisdiction in this district and/or are authorized to sell insurance in Louisiana, and/or do sell insurance in Louisiana. Venue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407 and June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation.[17]

---

[17] Plaintiffs' Amended Omnibus Class Action Complaint (V) at ¶ 3.

A plaintiff bears the burden of proving his choice of venue is proper. *See Thompson v. State of Georgia*, Civ. A. No. 08-1172, 2008 WL 4909421, *1 (W.D. La. Oct. 15, 2008) (citing *Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-20 (E.D. La. 1995). When venue is improper, a Court shall either dismiss the action or, "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

28 U.S.C. § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on a diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, *if all defendant reside in the same State*, (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of the property that is the subject of the action is situated, or (3) *a judicial district in which any defendant is subject to personal jurisdiction* at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis added).

By Plaintiffs' own admissions and allegations, none of the defendant insurance companies are residents of the State of Louisiana.[18] As such, venue under § 1391(a)(1) is improper. *Fortenberry*, 903 F. Supp. at 1020; *Francis v. E-Z- Bus, Inc.*, Civ. A. No. 05-6905, 2006 WL 901761 *1 (E.D. La. April 7, 2006).

Any policy of insurance by which Plaintiff seeks coverage from Owners was executed and delivered in the states of Florida or Alabama.[19] In an action alleging breach of contract, venue is proper at the place of performance. *See Central Progressive Bank v. Harvey*, Civ. A.

---

[18] *See* Amended Omnibus Class Action Complaint (V) at ¶¶ 447, 500, 509.

[19] As previously stated, Plaintiffs incorrectly match Right Way Finishing, Inc., an alleged Louisiana corporation, to an Auto-Owners entity. No Auto-Owners entity has ever issued a policy of insurance to, and does not insure, a corporation named Right Way Finishing., Inc.

17

No. 08-4035, 2009 WL 901770, *5 (E.D. La. March 27, 2009) (citing *American Carpet Mills v. The Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. 1981)).  As set forth in detail above, the Auto-Owners Entities are not subject to the jurisdiction of this Court, so venue under § 1391(a)(3) is likewise inapplicable.  *See*, *e.g.*, *Brady v. Capital Group, Inc.*, Civ. A. No. 91-3873, 1992 WL 46337, *6 (E.D. La. March 4, 1992) (a court must have personal jurisdiction before venue under § 1391(a)(3) is proper).

Plaintiffs alternatively claim that jurisdiction over the Auto-Owners Entities, and ostensibly over other defendants who are not alleged to have contacts with the forum, arises from 28 U.S.C. § 1407 and from the Order from the Judicial Panel on Multidistrict Litigation (JPML) establishing the Chinese-Manufactured Drywall Products Liability Litigation.  *See In re Chinese-Manufactured Drywall Products Liability Litigation*, 626 F. Supp. 2d 1346 (J.P.M.L. 2009).

However, this transfer does not create personal jurisdiction over parties to a claim, whether the claim was transferred under 28 U.S.C. § 1407 to a specific forum or whether Plaintiffs' choice of forum was influenced by a previous transfer.  *See In re Reciprocal of America Sales Practices Litigation*, No. MDL 1551, Civ. A. 04-2294, 2005 WL 3593635, *1 (W.D. Tenn. Dec. 30, 2005) (citing *Ferens v. John Deere Co.*, 494 U.S. 516 (1990) (when case transferred pursuant to JPML order under 28 U.S.C. § 1407, transferee court may entertain motion to dismiss for lack of personal jurisdiction, which it reviews under long-arm statute or other laws of the forum where transferor court is located). As such, this Court should grant the Auto-Owners Entities' Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Improper Venue.

## IV. CONCLUSION

For all of the foregoing reasons, the claims against the Auto-Owners Entities asserted in Plaintiffs' Amended Omnibus Class Action Complaint (V) are due to be dismissed for lack of personal jurisdiction and improper venue.

Respectfully submitted:

**LEAKE & ANDERSSON, L.L.P.**

*/s/ Amanda W. Vonderhaar*

**JERRY L. SAPORITO, T.A. (#11717)**
**jsaporito@leakeandersson.com**
**W. PAUL ANDERSSON (#2474)**
**pandersson@leakeandersson.com**
**AMANDA W. VONDERHAAR (#31350)**
**avonderhaar@leakeandersson.com**
1700 Energy Center
1100 Poydras Street
New Orleans, Louisiana 70163-1701
Telephone: (504) 585-7500
Fax: (504) 585-7775

**-AND-**

**MORROW, ROMINE & PEARSON P.C.**

*/s/ Roger S. Morrow*

**ROGER S. MORROW** (pro hac vice)
**rsmorrow@mrplaw.com**
Post Office Box 4804
Montgomery, Alabama 36103-4804
Telephone: (334) 262-7707
Fax: (334) 262-7742

*Attorneys for Auto-Owners Insurance Company, Owners Insurance Company and Southern-Owners Insurance Company, Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Memorandum in Support of Auto-Owners Insurance Company, Owners Insurance Company and Southern-Owners Insurance Company's Motion to Dismiss Plaintiffs' Amended Omnibus Class Action Complaint (V) for Lack of Personal Jurisdiction, Improper Venue and Misnomer of Named Defendant** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

*/s/ Amanda W. Vonderhaar*
_____
AMANDA W. VONDERHAAR