UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * **MDL NO. 2047** |
| | * |
| **THIS DOCUMENT RELATES TO:** | * **JUDGE FALLON** |
| | * |
| **DEAN AND DAWN AMATO, ET AL** | * **MAG. WILKINSON** |
| | * |
| **VERSUS** | * |
| | * **2010-00932** |
| **LIBERTY MUTUAL INSURANCE COMPANY, ET AL** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION FILED ON BEHALF OF ENDURANCE SPECIALTY INSURANCE LTD.

Endurance Specialty Insurance Ltd. (hereinafter referred to as "Endurance Specialty") is a named defendant in the above captioned Chinese Drywall putative class action litigation. Endurance Specialty is an excess insurer of Beazer Homes Corp., Lennar Corporation and M/I Homes, Inc. Several Florida residents allege that these insureds are liable in tort for damages associated with installation of Chinese drywall in their homes. No Louisiana resident alleges liability of an Endurance Specialty insured.

Endurance Specialty contends as a threshold matter that Florida residents do not have a right of action as third-party claimants directly against a liability insurer. Endurance Specialty joins in the master motion to dismiss all claims asserted against it in this litigation on grounds that these plaintiffs have no right of direct action.

In addition to challenging plaintiffs' right to sue on the claims asserted, Endurance Specialty, an insurance company organized under the laws of the British Territory of Bermuda, submits that it is not subject to the personal jurisdiction of this Court.

The insured defendants are sued for activities occurring exclusively in the State of Florida.[1] Beazer Homes Corp. is a Tennessee corporation. M/I Homes, Inc. is an Ohio corporation with subsidiary companies organized under the laws of the State of Florida. Lennar Corporation is organized under the Delaware Corporation Law. None of these entities is listed in the Louisiana Secretary of State corporation database. Endurance Specialty is not licensed by the State of Louisiana.

This Court issued a comprehensive Order & Reasons for its judgment denying two and granting two insurer motions to dismiss for lack of personal jurisdiction filed in other MDL Chinese drywall lawsuits. *In re: Chinese Manufactured Drywall Products Liability Litigation,* MDL No. 2047 (USDC-EDLA ) Document 7356. That well presented recitation of relevant United States Supreme Court, United States Fifth Circuit Court of Appeals, United States District Court for the Eastern District of Louisiana and Louisiana state statutory and jurisprudential law on the subject of personal jurisdiction forms the basis of analysis herein. Endurance Specialty will omit as superfluous most references to principles of law set forth therein. Application of those enunciated principles is consistent with granting Endurance Specialty's motion.

The details of residency and domicile described in preceding paragraphs establish without any appreciable margin for doubt that the Court may not exercise specific personal jurisdiction over Endurance Specialty. Litigation against Endurance Specialty does not arise out of or relate to activities occurring in the State of Louisiana.

---

[1] Endurance Specialty makes this assertion based on its understanding of the *Amato* class action petition. Attachments identify Endurance and its insureds in connection with named plaintiffs whose residential addresses are all located in the State of Florida.

The Court may exercise general personal jurisdiction under circumstances described in exquisite detail in MDL document number 7356. The general personal jurisdiction inquiry employs a two prong test. Courts consider, first, whether the prospective defendant maintains "minimum contacts" with the forum state and, if so, whether exercise of personal jurisdiction in the case would satisfy "traditional notions of fair play and substantial justice." We assume the Court needs no additional introduction to the law on personal jurisdiction. For Endurance Specialty, the issue is functionally indistinguishable from the motions of NGM and Owners and distinct from the operative minimum contacts precluding dismissal in favor of MCC and FCCI.

The affidavit of Endurance Specialty's Senior Vice-President of Claims, James McNamara, is attached hereto as Exhibit A. Mr. McNamara attests to facts establishing the merit of this motion under the relevant analysis, both as described and already applied by this Court. Endurance Specialty does not reach into the Louisiana market in any kind of continuous or systematic way for the sale of insurance coverage. Endurance Specialty is not licensed by the State of Louisiana. It does not maintain offices in Louisiana nor does it sell policies through Louisiana agents. Endurance Specialty has never advertised through any medium with a focus specifically directed toward the Louisiana market. Endurance Specialty does not maintain sufficient contacts with the forum state minimally necessary for an exercise of general personal jurisdiction.

Motions filed by MCC and FCCI ran afoul of the Court's discerning appreciation on matters of minimum contacts for reasons not applicable to Endurance Specialty. As to MCC, the Court justifiably concluded that forum generated sales representing several percentage points of nationwide business for a Louisiana licensed carrier establish

minimum contacts for purposes of personal jurisdiction.  FCCI was not so directly involved with Louisiana sales.  It's contacts came through *Hargrave* factors imputation of a downstream subsidiary's Louisiana activities.  *Hargrave v. Fibreboard*, 710 F.2d 1154 (5th Cir. 1983).

Endurance Specialty's Louisiana related sales are a small fraction of one-percent of total premium dollars generated.  It is not a Louisiana licensed insurer.  Moreover, Endurance Specialty is not the parent of any subsidiary company.  There are no *Hargrave* factor arguments to be made in favor of a minimum contacts finding by this Court.

The second prong of the general personal jurisdiction inquiry is moot absent a showing of minimum contacts. Endurance Specialty is cognizant of the Court's concern for its obligations as the MDL transferee.  Considering the stated reasons for finding that the second prong was satisfied respecting the motions of MCC and FCCI, further discussion of that issue may not be productive at this time.  Endurance Specialty submits that the plaintiffs' mere representations that common issues of law and fact predominate and the circumstance of MDL referral are not dispositive.  Endurance Specialty is an excess insurer pursuant to policies issued to specific juridical citizens of other states that may or may not be liable for specific damages incurred on specific properties located in Florida.  The balance between economies of scale achieved through the MDL referral and competing considerations on the second prong inquiries is one that Endurance Specialty suggests favors dismissal.  There being no reasonable basis to suggest that the first prong minimum contacts will be found under the Court's prevailing analysis, discussion of these factors can reasonably be set aside at this time.

There is no discernable basis for this Court to find minimum contacts between Endurance Specialty and the Louisiana forum.  For that reason, exercise of personal jurisdiction is inconsistent with Louisiana law and does not comport with due process under the United States Constitution.  This motion should be granted to dismiss the clams asserted against Endurance Specialty Insurance Ltd. pursuant to Fed. R. Civ. Proc. 12(b)(2).

Respectfully submitted,

s/ JAMES ERIC JOHNSON  (#23800)
**JAMES ERIC JOHNSON (#23800)**
**BRYAN J. HAYDEL, JR. (#27500)**
PORTEOUS, HAINKEL, AND JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana 70801-1309
Telephone: (225) 383-8900
Facsimile:  (225) 383-7900
E-Mail: ejohnson@phjlaw.com
*Counsel for Endurance Specialty Insurance Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the above and foregoing *Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction* has been served upon all counsel of record by electronic service through the Court's CM/ECF system and/or by electronic mail this **24th** day of **March, 2011.**

s/ JAMES ERIC JOHNSON  (#23800)
**JAMES ERIC JOHNSON (#23800)**

PEMBROKE PARISH          :

BERMUDA                  :

### AFFIDAVIT OF JAMES McNAMARA

Before me, the undersigned authority, personally appeared JAMES McNAMARA, who after being duly sworn, did execute the affidavit set forth herein below.

Affiant is the Senior Vice-President of Claims for Endurance Specialty Insurance Ltd. ("Endurance Specialty").  In said capacity, affiant has personal knowledge of relevant facts and has reviewed relevant business records of Endurance Specialty and is thereby fully competent to testify to the following:

1.

Endurance Specialty is named as a third-party liability insurer defendant in the class action litigation currently pending before Judge Eldon Fallon of the United States District Court for the Eastern District of Louisiana captioned *Dean and Dawn Amato, et al. v. Liberty Mutual Insurance Company, et al.*, No. 2010-00932 (E.D.La), MDL No. 2047.

2.

Endurance Specialty is an insurance company formed under the laws of the British Territory of Bermuda with its principal place of business located in Pembroke, Bermuda.

3.

Endurance Specialty is a wholly owned subsidiary of Endurance Specialty Holdings Ltd.



4.

Endurance Specialty Holdings Ltd. is formed under the laws of the British Territory of Bermuda with its principal place of business located at Wellesley House, 90 Pitts Bay Road, Pembroke MH 08, Bermuda. None of the subsidiaries of Endurance Specialty Holdings Ltd. are formed under the laws of the State of Louisiana.

5.

Endurance Specialty is not licensed by the State of Louisiana to write insurance coverage in the State of Louisiana.

6.

Endurance Specialty does not maintain any offices nor does it have any employees in the State of Louisiana.

7.

Endurance Specialty does not advertise on any radio or television stations located in the State of Louisiana, in any periodical published in the State of Louisiana, nor does it solicit business directly from residents of the State of Louisiana.

8.

Endurance Specialty has not taken any affirmative steps to appoint an agent for service of process in the State of Louisiana.

9.

The *Amato* lawsuit alleges that various defendants are responsible for acts and omissions causing damage to named plaintiffs and proffered class members. Endurance Specialty insures on an excess basis

only defendants whose businesses are believed to be incorporated in or domiciled in the State of Florida and whose only potential liability to any plaintiff yet identified arises out of activities occurring in the State of Florida. The Endurance Specialty insureds believed to be defendants in *Amato* are M/I Homes, Inc.; Beazer Homes USA; and Lennar Corporation.

10.

During the years 2006 through 2010, the premiums derived from insureds with headquarters believed to be located in the State of Louisiana expressed as a percentage of the total net premiums received by Endurance Specialty is as follows:

| | |
|------|----------|
| 2006: | 0.3019% |
| 2007: | 0.0303% |
| 2008: | 0.0810% |
| 2009: | 0.0000% |
| 2010: | 0.0000% |

At least one-half of the premium income quantified above for the years 2006, 2007 and 2008 was generated from reinsurance accounts.

JAMES McNAMARA
Senior Vice-President
Endurance Specialty Insurance Ltd.

Sworn to and subscribed before me, Notary Public this ___18th___, day of March, 2011.

NOTARY PUBLIC
Notarial #: _____
My Commission or License Expires: ___N/A___