UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | CASE NO. 2:09-MD-02047 SECTION L JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | ) ) | MAG. JUDGE WILKINSON |

**THE STANDARD FIRE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BASED ON LACK OF POLICY**

**INTRODUCTION**

The *Amato* "Omnibus V" Amended Complaint asserts claims against The Standard Fire Insurance Company ("Standard Fire") based on an alleged commercial general liability ("CGL") policy issued to Summit Contractors, Inc., Summit Homes of Louisiana, Inc., or Summit Homes, LLC (collectively "Summit Homes"). But as demonstrated below, Standard Fire never issued a CGL policy to Summit Homes, and accordingly, the Plaintiffs[1] have no standing to sue Standard Fire, and the claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) or, alternatively, for failure to state a claim under Rule 12(b)(6). Simply put, because

---

[1] The Plaintiffs purporting to assert claims against Standard Fire are Wavi Lee Bonnecarrere, Lily Rose Chutz, Juanita DiMaggio, Margaret Finke, James and Cythia Galloway, Senora B. Jackson, Willie L. Johnson Jr., Calvin and Sara LeBlance, Harry and Melissa Darby, Everiste and Lizette Arsenaux, Herman and Deborah Gleason, Eno and Frances Guillot, Barbara Hogan, Bill Talbert, Erwin and Karen Rome, and Wilton and Rita Brian. (ECF No. 3132-4 at 113-115.)

- 1 -

Standard Fire did not issue any such policy there is no basis for asserting any claim against Standard Fire.

## ARGUMENT

I.  **This Court Lacks Subject Matter Jurisdiction Over The Claims Asserted Against Standard Fire.**

Although Plaintiffs allege that Standard Fire issued a CGL policy to Summit Homes numbered 9426573466331 (ECF No. 3132-4 at 113-15; ECF No. 3132-5 at 42), a copy of that Policy demonstrates on its face that that policy number is a homeowners policy that was issued to Mary Catalanotto, who is not a plaintiff in *Amato*.[2] (R. Doc. 7682-1, Declaration of Thomas O'Brien at ¶ 8.) Additionally, Travelers has conducted a full and diligent search of the records it maintains in the ordinary course of its business by policyholder name (Summit Contractors, Inc., Summit Homes of Louisiana, Inc. and Summit Homes, LLC). To date, those searches have not revealed evidence indicating that Standard Fire ever issued any liability insurance policies to Summit Homes.

It is axiomatic that in order for a court to have subject matter jurisdiction over a claim, the plaintiff must have standing to assert it in the first place. *Grant,* 324 F.3d at 386. The plaintiff must "allege[] such a personal stake in the outcome of the controversy" as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf. *Florida Dept. of Ins. v. Chase Bank of Texas Nat. Ass'n*, 274 F.3d 924, 929 (5th Cir. 2001) (quoting *Warth v. Seldin,* 422 U.S. 490, 498-99 (1975)). A plaintiff must establish the three elements required for standing: (1) an "injury in fact," known as an invasion of a legally

---

[2] This Court may rely on the attached policy in the context of this Rule 12(b) motion. *See, e.g., Kane Enters. v. MacGregor USA, Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[T]he court may review the documents attached to the motion to dismiss, e.g., the contracts in issue here, where the complaint refers to the documents and they are central to the claim.") (citation omitted).

- 3 -

protected interest which is (a) concrete and particularized and (b) actual or imminent - not conjectural or hypothetical"; (2) a causal connection between the injury and defendants' conduct; and (3) a "likely" probability that the injury will be redressed by a favorable decision. *Id.* at 387 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Failure to establish *any one* of the above elements mandate dismissal of Plaintiffs' Petition pursuant to Rule 12(b)(1). *See Rivera v. Wyeth Ayerst Laboratories*, 283 F.3d 315, 319 (5th Cir. 2002) (explaining that an "injury in fact" is an "irreducible constitutional minimum" of standing under Art. III of the Constitution); *see also Arbaugh v. Y&H Corp.*, 163 L. Ed. 2d 1097, 1109-10 (U.S. 2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court ***must dismiss*** the complaint") (emphasis added); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); Fed. R. Civ. P. 12(h)(3).

Here, the Plaintiffs asserting claims against Standard Fire lack standing because they cannot possibly have been injured by Standard Fire when Standard Fire didn't issue any insurance policy to Summit Homes (that might cover their alleged injuries). As such, this Court is without subject matter jurisdiction over those claims and they should be dismissed.

**II.     Alternatively, The Claims Against Standard Fire Should Be Dismissed Under Rule 12(b)(6) Because Plaintiffs Fail To State A Claim.**

"To survive a Rule 12(b)(6) motion to dismiss, a complaint . . . must provide the plaintiff's grounds for entitlement to relief including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Culliver v. Taylor*¸ 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555-566). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked

assertion[s], devoid of 'further factual enhancement.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 557.

An insurance contract, like any other contract, requires the essential elements of contract formation be met. *Leger v. Tyson Foods, Inc*., 670 So. 2d 397, 401 (La. App. 3 Cir. 2006). The burden of proof in an action for breach of contract is on the party claiming rights under the contract. *Bond v. Allemand*, 632 So. 2d 326, 329 (La. App. 1 Dist. 1993). It is a clear principle of Louisiana law that "the insured bears the burden of proving *the existence of the policy* and coverage," which including the terms of the policy itself. *Tunstall v. Stierwald*, 2001-1765 (La. 2/26/02), 809 So. 2d 916, 921 (citation omitted); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 359 n.31 (5th Cir. 2010) (collecting Louisiana cases for the proposition that "it is the burden of the insured to prove the incident falls within the policy's terms"); *Johnston v. Broussard*, 940 So.2d 79, 82 (La. App. 2 Cir. 2006) (a "written insurance contact is an essential element of the plaintiff's *prima facie* case"); *see also Louque v. Allstate Ins. Co.* , 314 F. 3d 776, 782 (5th Cir. 2002) (affirming dismissal of action pursuant to Fed. R. Civ. P. 12(b)(6) because "[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision").

Here, because, as explained above, there is no CGL policy in existence that was issued to Summit Homes it is apparent that Plaintiffs cannot possibly state a claim against Standard Fire, and Standard Fire should be dismissed from this litigation pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**WHEREFORE**, for all the foregoing reasons, Defendant The Standard Fire Insurance Company, respectfully request that this Court enter an order: (1) granting this Motion; (2) dismissing all claims against it for the reasons discussed above; and (3) granting such other and further relief this Court deems necessary and proper.

Respectfully submitted by,

*/s/ Seth A. Schmeeckle*_____
Ralph S. Hubbard III, T.A., La. Bar 7040
Seth A. Schmeeckle, La. Bar 27076
LUGENBUHL, WHEATON, PECK, RANKIN
& HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Phone:  (504) 568-1990
Fax:  (504) 310-9195
Email:  rhubbard@lawla.com
           sschmeeckle@lawla.com

And

Donna J. Vobornik
Daniel E. Feinberg
Anthony T. Eliseuson
SNR DENTON US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL  60606-6404
Phone:  (312) 876-8000
Fax:  (312) 876-7934
Email:  donna.vobornik@snrdenton.com
           daniel.feinberg@snrdenton.com
           anthony.eliseuson@snrdenton.com

*Attorneys for Defendant The Standard Fire Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **The Standard Fire Insurance Company's Memorandum of Law in Support of Motion to Dismiss Based on Lack of Policy** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/  Seth A. Schmeeckle
Seth A. Schmeeckle