UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>(Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | ) ) ) ) ) ) ) ) | CASE NO. 2:09-MD-02047<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
|---|---|---|

**TRAVELERS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(7) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**INTRODUCTION**

Travelers[1] has been named as a Defendant in this litigation based on certain commercial general liability ("CGL") policies that it allegedly issued to certain Insured Defendants.[2] Travelers has moved (contemporaneously with this motion) to dismiss these claims for numerous reasons, including lack of subject matter jurisdiction because the state law governing the claims

---

[1] "Travelers" refers to Defendants The Travelers Indemnity Company of Connecticut, Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois, St. Paul Fire & Marine Insurance Company, and The Standard Fire Insurance Company.

[2] With regard to Travelers, the alleged Insured Defendants are Banner Supply Company, Banner Supply Company Ft. Myers, LLC, Banner Supply Company Pompano, LLC, Banner Supply Company Port St. Lucie, LLC, Banner Supply Company Tamp, LLC, Banner Supply International, LLC (collectively "Banner Supply"); Black Bear Gypsum Supply, Inc., Black Bear Gypsum, LLC (collectively "Black Bear"); L&W Supply Corporation *d/b/a* Seacoast Supply ("L&W"); Smoky Mountain Materials, Inc. *d/b/a* Emerald Coast Building Materials ("Smoky Mountain"); USG Corporation ("USG"); Summit Contractors, Inc., Summit Homes of LA, Inc., and Summit Homes, LLC *n/k/a* PHL Construction, LLC (collectively "Summit Homes").

does not allow direct actions against liability insurers (such as Travelers), and for lack of personal jurisdiction.  In the event that this Court finds (contrary to Travelers other motions) that some or all of the claims can be asserted as a direct action against Travelers *and* that Travelers is subject to the personal jurisdiction of this Court, then dismissal is still warranted on yet another basis:  this Court lacks personal jurisdiction over some or all of the Insured Defendants and, as a legion of cases have held, Insured Defendants are necessary and indispensable parties in declaratory suits seeking to adjudicate rights and obligations under their CGL insurance policies.

Undeniably, the Insured Defendants have an interest in the resolution of claims that seek to determine whether their potential Chinese drywall-related liabilities will or will not be covered by their CGL policies.  Any adjudication of Travelers obligations under the policies necessarily affects the nature and extent of available coverage to these Insured Defendants for the underlying claims as well as what policy limits, if any, might be available to them in the future.  Similarly, proceeding on these claims in the absence of the Insured Defendants could subject Travelers to the risk of incurring multiple or otherwise inconsistent judgments in future related lawsuits filed by the Insured Defendants.

Accordingly, the related claims against Travelers must be dismissed under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure ("Rule 12(b)(7)" and "Rule 19").[3]

## BACKGROUND

On March 19, 2010, Plaintiffs and the Plaintiff Steering Committee ("PSC") filed this *Amato* "Omnibus V" Amended Complaint asserting claims on behalf of injured third-party

---

[3] Additionally, because the Plaintiffs are asserting claims to recover damages to their homes, many of which are likely financed, the mortgagees are likely indispensable parties as well. Indeed, this issue will require a case-by-case determination to see whether the Plaintiff asserting a claim even has an interest in the home at issue, and whether other parties, such as the mortgagee or mortgagees, must also be joined to such claims.

Plaintiffs who allege they have defective Chinese drywall in their home as a result of various companies that are alleged to be distributors, suppliers, importers, exporters, or manufacturers of Chinese drywall, or builders or developers that allegedly used defective Chinese drywall. The Plaintiffs assert claims relating to homes that are located in at least 6 states: Louisiana, Florida, Georgia, Virginia, Alabama, and Mississippi.

However, the Insured Defendants at issue in this Motion were not involved with the construction of (or supply of materials to) *any* of the homes in Louisiana that are allegedly affected by the defective drywall. Moreover, most (if not all) of these Insured Defendants have conducted little or no business in Louisiana or otherwise have any connection to Louisiana whatsoever. Thus, Travelers presumes that most or all of its alleged Insureds will be moving to dismiss this case for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12(b)(2) ("Rule 12(b)(2)").[4] Absent specific personal jurisdiction, and in light of the extremely high standard set by the Fifth Circuit for the exercise of general personal jurisdiction over out-of-state defendants, *see Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610-11 (5th Cir. 2008), it seems likely that these Defendant Insureds will eventually be dismissed for lack of personal jurisdiction. In that event, the Court must avoid determining Travelers coverage obligations or otherwise interpreting these policies without the participation of the policyholders (whose rights will be directly affected by any coverage rulings that might be rendered).

## LEGAL STANDARDS

---

[4] At least one of Travelers Insureds has already filed a motion to dismiss for lack of personal jurisdiction, *see Defendant, Banner Supply Company Port St. Luci, LLC's, Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint (VIII)* (R. Doc. 7795, March 3, 2011), and another has advised this Court of its intention to do so. *See Black Bear Gypsum Supply, Inc.'s and Black Bear Gypsum, LLC's Motion for Protective Order and to Stay Discovery Pending Resolution of Issues of Personal Jurisdiction* ¶ 9 (R. Doc. 6927, filed January 7, 2011)("Black Bear fully intends to file motions to dismiss asserting a lack of personal jurisdiction over Black Bear in all of the . . . cases [in this action].").

Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the "fair and complete resolution of the dispute at issue." *See* FED. R. CIV. P.19; *Pulitzer-Polster v. Pulitzer*, 784 F. 2d 1305, 1308 (5th Cir. 1986)(stating that, "[t]he federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of. In accord with this goal, Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by required joinder."). If the court's jurisdiction is threatened by the joinder of a necessary party, the court must dismiss the case if it finds that, as a "matter of equity and good conscience, the lawsuit cannot proceed without them." *Cornhill Insurance PLC v. Valsamis, Inc.*, 106 F. 3d 80, 84 (5th Cir. 1997).

The inquiry into whether to dismiss a claim based on Rule 12(b)(7) and the failure to join a person or party under Rule 19 is a two-step process. First, the court must determine whether a party or entity is "required" pursuant to Rule 19(a), and, thus, whether they should be joined. *See, e.g., HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). Rule 19(a) defines a "required" party as one without whom complete relief cannot be granted, or should the adjudication of the dispute proceed without said party, it will prejudice that person, or the interests of parties before the court. Second, if a "required" party or entity cannot be joined in an action for whatever reason, the court should utilize the framework provided in 19(b) to determine if the suit should be dismissed. *Id.* Rule 19(b) provides as follows:

> **(b) When Joinder Is Not Feasible**. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;

    (B) shaping the relief; or

    (C) other measures;

   (3) whether a judgment rendered in the person's absence would be adequate; and

   (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* These factors are non-inclusive. *See Republic of the Philippines v. Pimentel*, 128 S. Ct. 2180, 2192-93 (2008) (finding that because the determination of who is a "necessary" and "required" party to a suit has direct consequences on all persons effected by the judgment, for the judicial system and for society's concern for fair and prompt resolution of disputes, courts should consider the facts listed in subpart (b) of Rule 19 and equitable considerations).

  Furthermore, courts are encouraged to address Rule 19 in a pragmatic fashion, and should freely consider various harms that the parties and absentees might suffer. *See Pulitzer-Polster v. Pulitzer,* 784 F.2d 1305, 1308-09 (5th Cir. 1986); *see also Broussard v. Columbia Gulf Transmission Co.,* 398 F.2d 885, 888 (5th Cir. 1968) (*citing Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 119 (1968)).

## ARGUMENT

**I. The Insured Defendants Are Required Parties To The Claims Seeking Determination Of Whether CGL Policies Issued To Them Provide Coverage For Their Alleged Chinese Drywall-Related Liabilities.**

  The Insured Defendants are necessary parties for at least two reasons: (1) the disposition of any of the claims against Travelers in the absence of the Insured Defendants would clearly "impair or impede" their ability to protect their interests and could otherwise cause prejudice to the Insureds' rights under their policies; and (2) any determination of Travelers obligations

without the Insureds' participation could subject Travelers to the risk of incurring double, multiple or otherwise inconsistent obligations.

Rule 19(a)(1) provides that a party is "required to be joined if feasible" if "in that person's absence, the court cannot accord complete relief among existing parties . . . ." Fed. R. Civ. P. 19(a)(1)(A). A party is required if that person "claims an interest" in the lawsuit and disposition of the litigation would "impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Here, Plaintiffs' Omnibus Complaint seeks a declaration as to whether certain CGL policies allegedly issued by Travelers provide coverage for the Insured Defendants' future, potential liabilities. The resolution of this issue directly affects these Insureds' rights and interests in their *own* policies.

Indeed, courts routinely hold that insureds are necessary and indispensable parties to insurance coverage cases. *See Alonzo v. State of Louisiana*, No. 02-2792, 2002 U.S. Dist. Lexis 22700, at *5 (E.D. La. Nov. 21, 2002) (holding that in a declaratory judgment action to determine available coverage, the named insured "is clearly an indispensable party to any proceeding which seeks a determination of coverage issues and rights and responsibilities under a contract to which the [named insured] is a party"); *see also National Union Fire Ins. Co. v. Rite-Aid of South Carolina, Inc.,* 210 F.3d 246, 251 (4th Cir. 2000) (holding that the named insured was a necessary and indispensable party to a lawsuit seeking to adjudicate rights and obligations under a liability policy, and allowing such a lawsuit to proceed without named insured would "impair or impede" the ability of the named insured to protect its interest under the policy); *Bethel v. Security National Ins. Co.,* 949 So.2d 219, 223 (Fla. App. 2006)(holding that the policy holder is an indispensable party to the insurer's declaratory judgment action under Florida law); *Aetna Cas. & Sur. Co. v. Rasa Mgmt. Co. Inc.*, 621 F. Supp. 892, 893 (D. Nev. 1985)(explaining, "In an action by a liability insurer for a declaratory judgment to determine the

insurer's liability to an insured party, the insured is, of course, a necessary and indispensable party").

In fact, in the context of contract litigation in general, "[f]ederal courts consistently hold that a party to an agreement in dispute is an indispensable [and thus a required] party under Fed. R. Civ. P. 19(a) in a suit seeking to . . . interpret that agreement." *Siemens Building Tech., Inc. v. Jefferson Parish*, No. 03-2272, 2004 U.S. Dist. Lexis 16153, at *15 (E.D. La. Aug. 12, 2004) (citation omitted); *Harris Trust & Saving Bank v. Energy Assets Int'l* Corp., 124 F.R.D. 115, 117 (E.D. La. 1989) ("Courts applying [Rule 19] to cases requiring contractual interpretation have held that 'there is a general rule that where rights sued upon arise from a contract, all parties to it must be joined.'"); *see also Niagra Mohawk Power v. Tonawanda Band*, 862 F. Supp. 995 (W.D. N.Y. 1994), *aff'd* 94 F.3d 747 (2nd Cir. 1996) ("[A]ll persons who are parties to the contract may be affected by the determination of [an] action and are indispensable parties for the purposes of Rule 19.")).

## II. The Claims Against Travelers Cannot Proceed Without Personal Jurisdiction Over Travelers Insured Defendants.

To the extent that the Insured Defendants are found to be outside of this Court's jurisdiction, then, by definition, they cannot "feasibly" be joined to this litigation as required under Rule 19(a). It is "feasible" to join a party only if the party is subject to the court's personal and subject matter jurisdiction. Fed. R. Civ. P. 19(a)(1); *Santamauro v. Taito do Brasil Industria E Comercia,* 587 F. Supp. 1312, 1318 (E.D. La. 1984) (emphasizing that if the court cannot exercise personal jurisdiction over a necessary party, it is not feasible to join that party).

Under Rule 19(b), if a person who is required to be joined cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed against the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Four non-exclusive factors are

listed in Rule 19(b) for reaching this determination: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the Plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *See Brown v. Pac. Life Ins. Co,* 462 F.3d 384, 394 (5th Cir. 2006); *Hood ex rel Mississippi v. City of Memphis,* 570 F.2d 625, 629 (5th Cir. 2009). As discussed above, the Insured Defendants are required parties under Rule 19(a). And because all four Rule 19(b) factors weigh against proceeding without Travelers Insured Defendants, this action should not be permitted to continue without their presence.

First, as discussed above, any resolution of these coverage issues would prejudice the Insured Defendants' rights under their own insurance policies. *See, supra,* Section I; *see also National Union Fire Ins. Co.,* 210 F.3d at 252-53 (finding factor 1 clearly met in analogous circumstances, and stating the insurer "could be whipsawed by inconsistent judgments," and the prejudice to the insured "if this suit is not dismissed is particularly strong given that [the insured] negotiated and entered into the policy, and this suit concerns [the insured's] conduct").

Second, this prejudice cannot be overcome by "shaping" the relief because, in declaring any of Travelers obligations under the policies, the Court cannot avoid addressing and adjudicating the Insureds' own rights (if any) in their absence. *See National Union Fire Ins. Co.,* 210 F.3d at 253 (finding factor two met, stating: "we cannot fathom how the district court could have tailored its relief to lessen or avoid prejudice to [the insured and insurer]") (citing *Acton Co.*, 668 F.2d at 81).

Third, any judgment would not be "adequate" because it is arguably not binding on the Insured Defendants who could thereafter file another suit against Travelers in a different

jurisdiction and argue for a contrary result. This is particularly problematic because it means that even if Travelers was successful in defeating Plaintiffs' claims here, Travelers may face a second action, asserting the very same claims, that could potentially lead to a different or inconsistent result. This is one of the very problems Rule 19 was designed to avoid. *National Union Fire Ins. Co.,* 210 F.3d at 253 (noting that dismissing the action and allowing suit to proceed instead in a forum where all defendants could be named "will promote the public interest in avoiding piecemeal and inefficient litigation.") (internal quotations omitted).

Finally, Plaintiffs have a easy and adequate remedy if their claims are dismissed under Rule 12(b)(7) and 19 -- they are free to file this suit in an appropriate forum where the Insured Defendant can be joined as a Defendant. *See Acton,* 668 F.2d at 81; *National Union Fire Ins. Co.,* 210 F.3d at 253.

For these reasons, this matter should not be permitted to proceed against Travelers if this Court lacks jurisdiction over any of its Insured Defendants and any related claims against Travelers should be dismissed under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure. *National Union Fire Ins. Co.,* 210 F.3d at 251 (affirming dismissal of suit because the insured was a necessary and indispensable party under Rule 19).

## **CONCLUSION**

For all the foregoing reasons, Travelers respectfully requests that this Court enter an order, pursuant to Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure, dismissing all claims related to any Travelers Insured Defendant over which this Court determines it lacks personal jurisdiction.

Respectfully submitted by,

*/s/ Seth A. Schmeeckle*_____
Ralph S. Hubbard III, T.A., La. Bar 7040
Seth A. Schmeeckle, La. Bar 27076
LUGENBUHL, WHEATON, PECK, RANKIN
& HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Phone: (504) 568-1990
Fax: (504) 310-9195
Email: rhubbard@lawla.com
　　　　sschmeeckle@lawla.com
And

Donna J. Vobornik
Daniel E. Feinberg
Anthony T. Eliseuson
SNR DENTON US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606-6404
Phone: (312) 876-8000
Fax: (312) 876-7934
Email: donna.vobornik@snrdenton.com
　　　　daniel.feinberg@snrdenton.com
　　　　anthony.eliseuson@snrdenton.com

*Attorneys for Defendants The Travelers Indemnity Company of Connecticut, Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois, St. Paul Fire & Marine Insurance Company, and The Standard Fire Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Travelers Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/  Seth A. Schmeeckle
Seth A. Schmeeckle