UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION )<br>)<br>)<br>)<br>(Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) )<br>)<br>)<br>)<br>) | CASE NO. 2:09-MD-02047<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)
FOR IMPROPER DIRECT ACTION ON BUILDERS RISK POLICIES
OF ASSURANCE COMPANY OF AMERICA

This Court has no subject-matter jurisdiction with regard to any claims in the *Amato* Amended Complaint against Defendant Assurance Company of America ("Assurance"). According to the *Amato* Amended Complaint, the only basis for subject-matter jurisdiction over the claims involving Assurance is the Louisiana Direct Action Statute. However, that statute applies only to third-party liability policies, and the only policies identified in the *Amato* Amended Complaint are first-party property ("Builders Risk") policies. None of the Plaintiffs in the *Amato* Amended Complaint are insureds under the policies issued by Assurance. Thus the Plaintiffs do not have the right to bring a Direct Action against Assurance under Louisiana law. Accordingly, all claims against Assurance should be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

For further support of this Motion, Assurance incorporates by reference the Insurer Steering Committee's Memorandum in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

**I.    The Assurance Policies**

The *Amato* Amended Complaint mentions four policies issued by Assurance (the "Assurance Policies"). All four of them provide first-party Builders Risk coverage:

(1) Builders Risk Policy No. BR 62619129, insuring Velvet Pines Construction, LLC for the policy period of October 27, 2005 to October 27, 2006 (*Exhibit B hereto*);

(2) Builders Risk Policy No. BR 62619301, insuring Velvet Pines Construction, LLC for the policy period of October 27, 2006 to October 27, 2007 (*Exhibit C hereto*);

(3) Builders Risk Policy No. BR 62164621, insuring Sunrise Construction & Development Corp. for the period of August 16, 2005 to August 16, 2006 (*Exhibit D hereto*);

(4) Builders Risk Policy No. BR 62164647, insuring Sunrise Construction & Development Corp. for the period of August 16, 2006 to August 16, 2007 (*Exhibit E hereto*);

Each of the Assurance Policies provide in pertinent part: "We will pay for direct physical *loss* to Covered Property from any Covered Cause of Loss described in this Coverage Form..." None of them cover liability and/or amounts the insured is obligated to pay as damages.

## II. The Underlying Claims

The *Amato* Amended Complaint includes one (1) allegation implicating Velvet Pines Construction, LLC, and includes forty-six (46) allegations implicating Sunrise Construction and Development Corp. A list of these forty-seven (47) claims ("the Underlying Claims") is attached (*Exhibit A hereto*). The allegations against Assurance are vague at best; presumably, the Underlying Claims seek to establish coverage under the Assurance Policies for property damage at the thirty-five (35) identified properties. None of the Underlying Claims against Assurance were brought by Assurance's policyholders, Velvet Pines Construction, LLC, and Sunrise Construction and Development Corp.

## LAW AND ARGUMENT

It is apparent from the allegations of the *Amato* Amended Complaint that the Plaintiffs are attempting to join Assurance in this action <u>only</u> pursuant to the Direct Action Statute, La. Rev. Stat. §22:1269(A). This is improper because the Direct Action Statute applies <u>only</u> to liability insurance policies providing third-party coverage, and the Assurance Policies do not provide that coverage; rather, they are property policies providing first-party coverage.

## I. The Assurance Policies Do Not Provide Liability Insurance

The Louisiana Supreme Court has identified Builders Risk insurance as "property insurance" and has distinguished it from liability insurance:

> This insurance is a unique form of property insurance in that it typically covers only projects under construction, renovation, or repair. Builders' Risk insurance insures against accidental losses, damages or destruction of property for which the insured has an insurable interest.

3

*Broadmoor, L.L.C. v. Earnest N. Moriel New Orleans Exhibition Hall Authority*, 04-211 (La. 3/18/01); 867 So. 2d 651, 659. The coverage is "property insurance," not liability insurance. *Id.* (emphasis added).

Consistent with the Supreme Court's definition, the coverage in the Builders Risk policies issued by Assurance is for "direct physical loss" which occurs during the construction process. Accordingly, each of the Assurance Policies provide first-party insurance to the builders, not liability coverage for the builders' liability to third parties. That is, they provide indemnity to the named insured for physical damage to insured property caused by a covered peril. The Assurance Policies do not provide insurance for "those sums that [the insured builders] become legally obligated to pay" as do liability policies.

Accordingly, the Assurance policies follow the Supreme Court's definition of a Builder's Risk policy in naming the insured builders (Velvet Pines Construction, LLC and Sunrise Construction and Development Corp.) as the "insured" and provide first-party property coverage during the construction of the home.

## II. The Louisiana Direct Action Statute does not apply to First-Party Property Policies.

By its very terms, the Direct Action Statute, La. Rev. Stat. §22:1269(A) involves only a "policy or contract of liability insurance" (emphasis added). Accordingly, Louisiana courts have held that it does not apply to first-party property insurance. For example, in *Crescent City Pediatrics v. Bankers Ins. Co.*, 459 F. Supp. 2d 510 (E.D. La. 2006) the court noted:

> This dispute does not involve liability insurance, which protects the insured from its liability to third parties. Instead, Crescent City's claim is a first-party action by an insured against its own insurer for coverage allegedly due under the insurance contract between the parties. As other courts, including those in this circuit, have held, such an action is not a "direct action" …

*Id.* at 510; *see also RSUI Indem. Co. v. Louisiana Rural Parish Ins. Co-op.*, No. 09-0793, 2009 WL 2606092 (W.D. La. Aug. 24, 2009) ("thus, plaintiff's claims against LRPIC are clearly first party subrogation claims and not direct action claims."); *Tosh v. State Farm Fire and Cas. Co.*, No. 06-7634, 2006 WL 3772222 (E.D. La. Dec. 20, 2006) ("The Louisiana direct action statute does not apply to this first party claim by an insured versus her own homeowner's insurer.").

### III. Assurance has no duty to the Plaintiffs.

Under Louisiana law, whether liability exists under the facts of a particular case is determined by conducting a duty-risk analysis. Under this analysis, a plaintiff must prove that (1) the conduct in question was a cause-in-fact of the resulting harm; (2) the defendant owed a duty of care to the plaintiff; (3) the requisite duty was breached by the defendant; and (4) the risk of harm was within scope of protection afforded by the duty. All four elements must be affirmatively pled for a plaintiff to state a cause of action. *Oubre v. Eslaih*, 2003-1133 (La. 2/6/04), 869 So. 2d 71, 74. However, the *Amato* Amended Complaint does not allege that Assurance owed a duty to any of the Plaintiffs. Nor does it allege that any of the Plaintiffs are an "insured" under the Assurance Policies. Accordingly, none of the Plaintiffs have stated any cause of action against Assurance upon which relief can be granted.

### CONCLUSION

To the extent that the *Amato* Amended Complaint purports to bring a Direct Action against Assurance with regard to the CDW Claims (and, notably, the *Amato* Amended Complaint does not even assert that such claims exist specifically with regard to Assurance), there is no right to a Direct Action under Louisiana or any other law. Therefore, with regard to all claims

against Assurance, this Court has no subject-matter jurisdiction; the *Amato* plaintiff class has no standing; and the *Amato* Amended Complaint fails to state a cause of action on which relief can be granted. Accordingly, all claims in this action against Assurance should be dismissed.

Respectfully submitted,

_____
**THOMAS L. GAUDRY, JR., (#5980)**
**WADE A. LANGLOIS, III (#17681)**
**GAUDRY, RANSON, HIGGINS & GREMILLION, LLC**
Oakwood Corporate Center
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Telephone: (504) 362-2466   Fax: (504) 362-5938
Emails: tgaudry@grhg.net and wlanglois@grhg.net
Local Counsel for Assurance Company of America

**AND**

**J. STEPHEN BERRY, GA. Bar No. 053106**
**J. RANDOLPH EVANS, GA. Bar No. 252336**
**McKENNA, LONG & ALDRIDGE, LLP**
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
Phone: 404-527-4000 Fax: 404-527-4198
Emails: sberry@mckennalong.com
Lead counsel for Assurance Company of America

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(B)(1) for Improper Direct Action on Builders Risk Policies of Assurance Company of America,* has been served on Plaintiffs' Liaison Counsel, Russ Herman and Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and/or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

_____
Wade A. Langlois, III, LSBA #17681