UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | CASE NO. 2:09-MD-02047 SECTION L JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | ) ) | MAG. JUDGE WILKINSON |

### TRAVELERS MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS BASED ON IMPROPER VENUE

#### INTRODUCTION

Plaintiffs' "Omnibus" Amended Complaint purports to assert claims against Travelers[1] based upon the assertion that Travelers issued commercial general liability ("CGL") policies to various companies that are alleged to be distributors, suppliers, importers, exporters, or manufacturers of Chinese Drywall, or builders or developers that allegedly used defective Chinese Drywall (the "Insured Defendants"). Yet, there is absolutely no connection between Plaintiffs' claims against Travelers (or the respective Insured Defendants) and Louisiana, where this action was brought. In fact, Plaintiffs' own schedules to their Amended Complaint demonstrate this total lack of connection. Further, it is primarily Florida-based Plaintiffs who are asserting claims against Travelers based upon policies that it issued in Florida to Florida Insured Defendants.

---

[1] "Travelers" means Defendants The Travelers Indemnity Company of Connecticut and Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois.

- 1 -

Therefore, these claims do not meet the requisite tests for venue under 28 U.S.C. § 1391(a), because there is no connection between the forum state of Louisiana and these claims, and accordingly, these claims should be dismissed.[2]

## BACKGROUND

Despite the lack of connection with Louisiana for many of the claims, this action was originally filed in the Eastern District of Louisiana pursuant to the Class Action Fairness Act, and was assigned case number 2:10-cv-00932. (*See* R. Doc. 1 in Case No. 2:10-cv-00932 (E.D. La.).) The case was then administratively transferred to this MDL by the clerk's office, presumably based on its determination that the allegations in this Complaint were sufficient to qualify this action as a "tag-along action" under this Court's Pretrial Order 1 at ¶¶ 2-3. No specific order, findings, or motions regarding such a determination were made by this Court or any party. On May 11, 2010, the PSC filed the Amended Complaint, which is the operative pleading at issue in this Motion. Plaintiffs' Amended Complaint purports to join the claims of approximately 420 plaintiffs allegedly having claims against approximately 94 different Insured Defendants. Based upon these underlying claims, Plaintiffs seek to bring a direct action against 98 insurers (including Travelers) that are alleged to provide CGL insurance to the Insured Defendants. (*See generally* Am. Compl. at ¶¶ 6-622.)

Plaintiffs assert a nationwide class action, and allege *99 subclasses* based on each of the 98 insurers named in the Complaint. (Am. Compl. at ¶¶ 644-647.) Specifically, Plaintiffs assert claims relating to homes that are located in at least 6 states: Louisiana, Florida, Georgia, Virginia,

---

[2] This Motion is being filed pursuant to the Court's March 2, 2011 Order (R. Doc. No. 7793), which expressly allows the filing of partial Rule 12(b) motions without waiving any right to assert other Rule 12(b) motions raising other issues at a later time. Accordingly, Travelers expressly reserve all their rights to assert different Rule 12(b) motions at a later time and does not intend to waive any such motions.

Alabama, and Mississippi, and that relate to CGL policies that were issued or delivered in these states (and others besides Louisiana). The Amended Complaint also alleges fourteen separate causes of action against various groups of defendants. (*Id*. at ¶¶ 659-773.)

The Judicial Panel of Multidistrict Litigation ("JPML") meanwhile, has repeatedly refused to transfer CGL insurance coverage claims, like those at the core of the *Amato* Complaint, into this MDL. The JPML found that these claims lacked sufficient commonality to be included in the MDL under Section 1407. (*See, infra,* n.3 (collecting orders).) As the JPML concluded in these Orders:

> [T]he cases seem to present strictly legal questions which require little or no centralized discovery. . . . *Each* of the insurance coverage questions in these cases is likely to be decided by *an application of the complaint to the policy language under the applicable state law*. . . . For all of these reasons, the Panel concludes that inclusion of these actions in MDL No. 2047 would not achieve sufficient conveniences or other benefits to justify transfer under 28 U.S.C. § 1407.

(*Id.*) These findings apply with full force and effect here.

## ARGUMENT

**I.  Plaintiffs Filed This Case In An Improper Venue And Dismissal Is Required Under Rule 12(b)(3).**

Plaintiffs' claims against Travelers fail because they were filed in an improper venue. "It is well established that, in a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is proper *as to each claim and as to each defendant.*" *Orleans Limousines & Transp. v. Hurd Ins. Agency*, No. 02-2742, 2003 U.S. Dist. LEXIS 3899, at *4-5 (E.D. La. Mar. 14, 2003) (emphasis added); *McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001) (same); *see also Burkitt v. Flawless Records, Inc.*, No. 03-2483, 2005 U.S. Dist. LEXIS 11986, at *14 (E.D. La. June 13, 2005) ("The general rule is that venue must be established for each separate cause of action and for each defendant.") (collecting cases). Moreover, the burden is on the Plaintiffs to demonstrate that venue is proper. *See Smith v.*

*Fortenberry*, 903 F. Supp. 1018, 1019-20 (E.D. La. 1995). Here, Plaintiffs cannot meet that burden as to the non-Louisiana claims against Travelers.

As a threshold matter, the Amended Complaint asserts that venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) and (c), as well as 28 U.S.C. § 1407. (Am. Compl. at ¶ 3.) But none of these statutes apply here. Section 1391(b) only applies to cases "wherein jurisdiction is *not* founded solely on diversity of citizenship." 28 U.S.C. § 1391(b) (emphasis added). This action is in this Court based solely on diversity of citizenship, specifically 28 U.S.C. § 1332(d)(2) the Class Action Fairness Act ("CAFA"), which is a subprovision of the diversity statute, and as such, Section 1391(b) is inapplicable. Similarly, Plaintiffs' reliance on Section 1407, the MDL statute, fares no better. *Amato* is an original action filed in this Judicial District and is not a case that was transferred by the JPML. As discussed below in Section II, the JPML has repeatedly refused to transfer CGL insurance coverage claims like those at issue here to this MDL. The inclusion of this case in this MDL violates Section 1407, and certainly does not provide venue.

Because this action is founded on diversity of citizenship -- CAFA -- 28 U.S.C. § 1391(a) controls. But venue is not proper under 28 U.S.C. § 1391(a) because: (1) not all of the defendants reside in the same state; (2) neither a "substantial part of the events" nor a "substantial part of the property" for the Travelers-related claims is located in Louisiana; and (3) there *is* a proper district for each of these claims -- generally the Southern District or Middle District of *Florida*.

### A. Venue is precluded under Section 1391(a)(1) because the defendants reside in numerous different states.

The over 400 Plaintiffs here (who reside in several different states) have purported to join their independent claims against 94 different Insured Defendants and 98 insurers. However, the nearly 200 defendants reside in dozens of different states, which precludes a finding of venue in this Louisiana federal court under Section 1391(a)(1). *See Francis v. E-Z Bus, Inc.*, No. 05-6905,

- 4 -

2006 U.S. Dist. LEXIS 17565 at *3 (E.D. La. Apr. 7, 2006) (venue is improper under § 1391(a)(1) where one defendant did not reside in the state); *Joseph v. Emmons*, No. 04-2843, 2005 U.S. Dist. LEXIS 5528 at *5 (E.D. La. Mar. 22, 2005) (same). Indeed, even looking just to the Travelers-related defendants, the Insured Defendants reside in Florida, whereas Travelers resides in Connecticut.

>    B.    **Venue is not proper under Section 1391(a)(2) because a substantial part of the events or omissions giving rise to the majority of the claims at issue did not occur in Louisiana, nor is the property at issue located in Louisiana.**

Section 1391(a)(2) reads:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise *to the claim* occurred, or a substantial part of property that is the subject of the action is situated

28 U.S.C. § 1391(a) (emphasis added). Importantly, the statute is clear that the analysis of where the substantial part of the events or omissions occurred, or where the property is located, is a claim-by-claim analysis based on "the claim" in the singular. *Id.*; *see, e.g., Orleans Limousines & Transp.*, 2003 U.S. Dist. LEXIS 3899, at *4-5 ("plaintiff bears the burden of showing that venue is proper *as to each claim* and as to each defendant.") (emphasis added); *McCaskey*, 133 F. Supp. 2d at 523 (same).

"In determining where substantial events giving rise to an action for breach of contract occurred, the Court should consider 'where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred.'" *Principal Tech. Eng'g, Inc. v. SMI Cos.*, No. 4:09-CV-3162009, U.S. Dist. LEXIS 121662, at *7-8 (E.D. Tex. Nov. 12, 2009) (quoting *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co.*, No. 1:07-CV-337, 2007 U.S. Dist. LEXIS 62947, at *4 (E.D. Tex. Aug. 27, 2007)). In the context of insurance contracts, the insured's principal place of business, the place where the policy was negotiated and

delivered, the place from which the insurance premiums were paid, and location of the underlying claim are significant to the venue determination.  *Starnet Ins. Co. v. Fueltrac, Inc*., No. 08-1644, 2009 WL 1210508 at *2 (W.D. La. May 1, 2009); *PIC Group, Inc. v. Landcoast Insulation, Inc*., No. 09-461, 2009 U.S. Dist. LEXIS 81234 at *3-4 (W.D. La. Sept. 8, 2009) (venue was improper under § 1391(a)(2) where the insurance policy was issued in Louisiana but the accident for which coverage was sought occurred outside Louisiana); *Orleans Limousines & Transp. v. Hurd Ins. Agency*, No. 02-2742, 2003 U.S. Dist. LEXIS 3899 at *5-6 (E.D. La. Mar. 13, 2003) (venue was improper under § 1391(a)(2) where contract claims had no connection with Louisiana).

Here, the vast majority of claims have no relationship whatsoever to Louisiana, and involve property that is solely located in another state, predominantly Florida.  As to Travelers, the policies were issued and delivered in Florida to Florida-based insureds, and the alleged losses that Travelers policies allegedly cover arose in Florida.  (R. Doc. 7682-1, O'Brien Decl. at ¶¶ 5-6) Simply put, there is *absolutely no connection* between these claims and Louisiana and, therefore, venue cannot be found to exist over these claims (the vast majority at issue in this action) under Section 1391(a)(2).  A contrary result would allow a group of plaintiffs to file suit in any judicial district so long as one plaintiff's claims met the venue test, joining with that one plaintiff the claims of dozens or even -- as here -- hundreds of other plaintiffs which have no connection with the forum.  Such a result would be contrary to the well-established law discussed above.

      **C.**      **Another judicial district exists in which each individual plaintiff's claims could be brought against all defendants for that claim.**

Finally, Section 1391(a)(3) does not apply here either because, for each plaintiff, there is a judicial district in which each plaintiff's action, against all of the defendants to such action, may be brought, namely the judicial district where that Plaintiff's home is located, which for the most part will be in the Southern or Middle District of Florida.

## II. The PSC's Improper Use of the MDL Statute Does Not Cure the Venue Defects.

This MDL was created by a June 15, 2009 Transfer Order, which transferred ten pending underlying homeowner lawsuits against manufacturers, distributors, and homebuilders to this District for coordinated pretrial proceedings as permitted under 28 U.S.C. § 1407. *In re Chinese Drywall Prods. Liab. Litig.*, 626 F. Supp. 2d 1346 (JPML 2009). The Order provides that other *pending* actions may be treated as "tag-along" actions subject to transfer *after* the parties have been provided an opportunity to object. *Id.* at 1346 n.1. Additionally, Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation provides for the filing of *potential* tag-along actions directly in the transferee district without the necessity of action by the Judicial Panel. This does not mean, however, that the original venue of the Eastern District of Louisiana has been somehow expanded to include Chinese drywall related coverage claims that solely arise in and relate to other states.

Indeed, quite to the contrary, the JPML has repeatedly refused to transfer the CGL insurance coverage claims like those at the core of the *Amato* Complaint into this MDL, finding they lacked sufficient commonality to be included in the MDL under Section 1407.[3] While the

---

[3]   *See* Order Vacating Conditional Transfer Order of *General Fid. Ins. Co. v. Foster*, No. 9:09-80743 (S.D. Fla. Dec. 2, 2009); Order Denying Transfer of *Builders Mut. Ins. Co. v. Dragas Mgt. Corp.*, No. 2:09-185 (E.D. Va. Feb. 5, 2010); Order Denying Transfer of *Taylor Woodrow Communities at Vasari LLC v. Mid-Continent Cas. Co.*, No. 09-823 (M.D. Fla. June 15, 2009), *Chartis Specialty Ins. Co., et al. v Banner Supply Co., et al.*, No. 10-339 (M.D. Fla June 15, 2009), and *General Fid. Ins. Co. v. Foster*, No. 09-80743 (S.D. Fla. June 15, 2009); Order Vacating Condition Transfer Order of *Mid-Continent Cas. Co. v. Pate*, No. 2:10-121 (M.D. Fla. Aug. 9, 2010), *Mid-Continent Cas. Co. v. Centerline Homes Const., Inc.*, No. 0:10-60484 (S.D. Fla. Aug. 9, 2010), *Mid-Continent Cas. Co. v. Design Drywall of South Florida, LLC*, No. 1:10-20861 (S.D. Fla. Aug. 9, 2010), and *Mid-Continent Cas. Co. v. Precision Drywall, Inc.*, No. 9:10-80457 (S.D. Fla. Aug. 9, 2010); Order Denying Transfer of *Amerisure Ins. Co. v. Albanese Popkin The Oaks Dev. Group, LP*, No. 9:09-81213 (S.D. Fla. Aug. 2010); Order Denying Transfer of *Taylor Morrison, Inc. v. American Int'l Specialty Lines Ins. Co.*, No. 8:10-1347 (M.D. Fla. Oct. 8, 2010), *Mid-Continent Cas. Co. v. Active Drywall South, Inc.*, No. 1:10-20859 (S.D. Fla. Oct. 8, 2010), and *Mid-Continent Cas. Co. v. JDM Builders, Inc.*, No. 1:10-20862 (S.D. Fla. Oct. 8,

JPML acknowledged that the coverage disputes have a common factual backdrop involving the general circumstances of Chinese drywall-related damage, it determined that this commonality was insufficient to justify transfer under Section 1407. The JPML's rationale against transfer was first set forth in its Order Denying Transfer of June 15, 2010. In that Order, the JPML concluded that three insurance coverage declaratory judgment actions were inappropriate for transfer most importantly because the insurance coverage actions did not require or rely on the same discovery as the underlying tort actions. Instead, "the cases seem to present strictly legal questions which require little or no centralized discovery." (*See* June 15, 2010 Order Denying Transfer, p. 2 (J.P.M.L.).)

The JPML went on to consider whether similarity of legal issues or increased leverage in potential settlement negotiations could justify transfer, and in each case concluded that the answer was no:

> The declaratory judgment actions do appear to implicate similar legal issues. Consistent legal rulings are often a thankful by-product of centralization, but Section 1407 does not, as a general rule, empower the Panel to transfer cases solely due to the similarity of legal issues. Each of the insurance coverage questions in these cases is likely to be decided by an application of the complaint to the policy language under the applicable state law. Significantly, the insurance companies that might benefit the most from the efficiencies of centralization, all oppose these motions. The similarity of legal issues alone is not enough to justify transfer in these circumstances.

(*Id.*) Significantly, this decision by the full JPML was rendered after hearing not only from the parties to the transfer request, but also from the PSC and the National Association of Homebuilders in support of the request and thirteen insurance companies opposing the request. As stated in the Order, the JPML was advised by the PSC "of the pendency of numerous other

---

2010); Order Denying Transfer of *Lennar Corp. v. Nautilus Ins. Co.*, No. 1:10-21909 (S.D. Fla. Dec. 2, 2010); Order Denying Transfer of *Naionwide Mut. Ins. Co. v. The Overlook, LLC*, No. 4:10-69 (E.D. Va. Feb. 3, 2011).

insurance coverage actions arising from allegedly defective Chinese drywall." (*Id.*, p. 1 at n. 2.) Thus, the JPML was well aware of the potential impact of its decision on other insurance coverage actions pending throughout the federal court system.

Not surprisingly, the Order of June 15, 2010 has been consistently followed by the JPML ever since. (*See, supra*, n. 3 (collecting orders).) Indeed, this very Court recognized the JPML's string of decisions when it granted a Motion for Suggestion of Remand by the insurer plaintiffs in *Owners Ins. Co. v. The Mitchell Co., Inc.*,[4] the only insurance coverage action ever transferred to the MDL. In that order, this Court wrote:

> The present action was the first insurance declaratory judgment action transferred to MDL No. 2047 *and the last*. On June 15, 2010, the Panel entered an order denying transfer of three similar declaratory judgment actions, finding insufficient similarity between the issues to be determined, i.e., insurance coverage, and the underlying claims to justify centralization. Thereafter, the Plaintiffs' Steering Committee in MDL No. 2047 withdrew its Motion for Designation of Potential Tag-Along Actions which named numerous other similar declaratory judgment actions involving insurance coverage issues.
>
> The Court finds that a suggestion of remand is appropriate, not based upon the substantive issues raised, but in order to maintain consistency with the Panel's other orders denying transfer to MDL 2047 in similar declaratory judgment cases involving insurance coverage for Chinese drywall-related damages.

(*Id.* at 2.) Accordingly, this Court recommended remand of the case to the Northern District of Georgia.

Subsequently, the JPML agreed with this Court's recommendation and reversed its earlier order transferring the case to the MDL stating:

> Although the Panel ordered transfer of this action [in an order of April 5, 2010], it has since found insufficient commonality between the insurance coverage issues and the underlying products liability claims to warrant

---

[4] Order & Reasons entered September 9, 2010 (*Owners Ins. Co. v. The Mitchell Co.*, No. 10-1036 (M.D. Ga. 2009), docketed at 5503 in MDL No. 2047).

- 9 -

> transfer of similar actions. Based on these decisions, the transferee judge granted the plaintiffs' motion for a suggestion of remand of this action "in order to maintain consistency with the Panel's other orders denying transfer to MDL [No.] 2047 in similar declaratory judgment cases involving insurance coverage for Chinese drywall-related damages." In these circumstances, the Panel now concludes that continued inclusion of this action in MDL No. 2047 would not achieve sufficient conveniences or other benefits under 28 U.S.C. § 1407.

(*See* February 9, 2011 Remand Order (J.P.M.L.).) It is apparent that transfer would have been denied if, instead of filing *Amato* in this court, the PSC had filed separate declaratory judgment actions in appropriate federal district courts throughout the country, satisfying appropriate personal and subject matter jurisdiction and venue requirements in each district and then sought transfer to this MDL as tag-along actions.

Accordingly, as the JPML has repeatedly held, this MDL is not an appropriate venue for insurance coverage claims, and certainly not for those that have no connection to Louisiana and cannot meet the requirements of 28 U.S.C. § 1391(a).

## **CONCLUSION**

For the foregoing reasons, Defendants The Travelers Indemnity Company of Connecticut and Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois, respectfully request that this Court enter an order: (1) granting this Motion; (2) dismissing all claims against it for the reasons discussed above; and (3) granting such other and further relief this Court deems necessary and proper.

\* \* \* \*

Respectfully submitted by,

*/s/ Seth A. Schmeeckle*_____
Ralph S. Hubbard III, T.A., La. Bar 7040
Seth A. Schmeeckle, La. Bar 27076
LUGENBUHL, WHEATON, PECK, RANKIN
& HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Phone: (504) 568-1990
Fax: (504) 310-9195
Email: rhubbard@lawla.com
sschmeeckle@lawla.com

And

Donna J. Vobornik
Daniel E. Feinberg
Anthony T. Eliseuson
SNR DENTON US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606-6404
Phone: (312) 876-8000
Fax: (312) 876-7934
Email: donna.vobornik@snrdenton.com
daniel.feinberg@snrdenton.com
anthony.eliseuson@snrdenton.com

*Attorneys for Defendants The Travelers Indemnity Company of Connecticut and Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois*

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Travelers Memorandum of Law in Support of Motion to Dismiss Based on Improper Venue** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/ Seth A. Schmeeckle
Seth A. Schmeeckle