UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>(Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | CASE NO. 2:09-MD-02047<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)
AND THIS COURT'S ORDER OF DECEMBER 16, 2010
<u>OF ASSURANCE COMPANY OF AMERICA</u>**

This Court has already found that the "Corrosion" and "Faulty Materials" Exclusions in first-party property policies to exclude coverage for claims involving property damage caused by Chinese-Drywall ("CDW Claims"). *Order and Reasons, December 16, 2010 (Pacer Doc. 6670)* ("Order and Reasons"). The four first-party property policies issued by Assurance that are identified in the *Amato* Amended Complaint ("the Assurance Policies") contain the same exclusions. Accordingly, the Court should dismiss all claims against Assurance in the *Amato* Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because they fail to state a claim upon which relief can be granted. A list of those claims is attached (*Exhibit A hereto*).

In further support of this Motion, Assurance incorporates by reference the Order and Reasons, and the ten Motions to Dismiss and Memoranda in Support referred to in the Order And Reasons (R. 4462, 4472, 4651, 4459, 4494, 4464, 4467, 4503, 4515, 3251) (the "ten Motions to Dismiss").

## STATEMENT OF FACTS

**I.     The Assurance Policies**

**A.     Policy Numbers and Periods**

The *Amato* Amended Complaint mentions four policies issued by Assurance (the "Assurance Policies"). All four of them provide first-party Builders Risk coverage:

(1) Builders Risk Policy No. BR 62619129, insuring Velvet Pines Construction, LLC for the period of October 27, 2005 to October 27, 2006 (*Exhibit "B" hereto*);

(2) Builders Risk Policy No. BR 62619301, insuring Velvet Pines Construction, LLC for the period of October 27, 2006 to October 27, 2007 (*Exhibit "C" hereto*);

(3) Builders Risk Policy No. BR 62164621, insuring Sunrise Construction & Development Corp. for the period of August 16, 2005 to August 16, 2006 (*Exhibit "D" hereto*);

(4) Builders Risk Policy No. BR 62164647, insuring Sunrise Construction & Development Corp. for the period of August 16, 2006 to August 16, 2007 (*Exhibit "E" hereto*);

**B.     Coverage Grants**

Each of the Assurance Policies contains the following coverage grant:

> A.     COVERAGE
>
> > We will pay for direct physical *loss* to Covered Property from any Covered Cause of Loss described in this Coverage Form…
>
> > 3.     COVERED CAUSE OF LOSS
> >
> > > Covered Cause of Loss means risk of direct physical *loss* to Covered Property, except those causes of *loss* listed in the Exclusions.

2

The Coverage Grant in the Assurance Policies covers only "property." It does not cover bodily injury in any way.

**C.    Exclusions**

Further, each of the Assurance Policies contains the following Exclusions:

B.    EXCLUSIONS

    2.    We will not pay for a loss caused by or resulting from any ...

        g.    ...

            (4)    Corrosion, rust, fungus, mold, mildew, rot; ...

    3.    We will not pay for a *loss* caused by or resulting from any of ____t by a Covered Cause of Loss results, we will pay for the results that Covered Cause of Loss. ...

        c.    Faulty, inadequate or defective:

            (1)    Planning, zoning, development, surveying, siting;

            (2)    Design, specifications, workmanship, repair, construction, remodeling, grading, compaction;

            (3)    Materials used in repair, construction renovation;

            (4)    Maintenance;

of all or part of an Covered Property wherever located.

## II. The Underlying Claims

The *Amato* Amended Complaint includes one (1) allegation implicating Velvet Pines Construction, LLC, and includes forty-six (46) allegations, involving thirty-four (34) properties, implicating Sunrise Construction and Development Corp. A list of these forty-seven (47) claims ("the Underlying Claims") is attached (*Exhibit A hereto*). The allegations against Assurance are vague at best; presumably, the Underlying Claims seek to establish coverage under the Assurance Policies for property damage at the identified properties. None of the Underlying Claims against Assurance were brought by Assurance's policyholders, Velvet Pines Construction, LLC, and Sunrise Construction and Development Corp.

## LAW AND ARGUMENT

Builders Risk policies provide what is essentially first-party property coverage, as do Homeowner policies. The Louisiana Supreme Court has identified Builders Risk insurance as "property insurance" and has distinguished it from liability insurance:

> This insurance is a unique form of property insurance in that it typically covers only projects under construction, renovation, or repair. Builders' Risk insurance insures against accidental losses, damages or destruction of property for which the insured has an insurable interest.

*Broadmoor, L.L.C. v. Earnest N. Moriel New Orleans Exhibition Hall Authority*, 04-211 (La. 3/18/01); 867 So. 2d 651, 659. The coverage is "<u>property</u> insurance," not liability insurance. *Id.* (emphasis added).

More importantly, Builders Risk policies contain many of the same exclusions contained in Homeowner policies. Notably, both include materially identical Exclusions for "Corrosion" and "Faulty Materials," as clarified below.

## I.     Corrosion

This Court's Order and Reasons ruled that policy exclusions barring coverage for "corrosion" apply to CDW Claims. This finding turned on the simple definition of "corrosion" as that term was used and included in the policies discussed in the ten Motions to Dismiss granted by the Court, as well as the allegations in the Amato Amended Complaint. In their ten Motions to Dismiss, the Homeowners Insurers argued that the mere presence of corrosion in a covered property triggers the corrosion exclusion. To support this argument, the insurers relied on cases such as *Travco Insurance Co. v. Ward*, 2010 WL 2222255 (E.D. Va. June 3, 2010), where the court noted: "Most jurisdictions hold that an exclusion for damages caused by corrosion precludes recovery for damages caused by corrosion regardless of what caused or how suddenly the corrosion occurred." *See e.g.*, Dkt. 4472-1 at 10.

This Court agreed and granted the ten Motions to Dismiss in its Order and Reasons, holding:

> Each of the complaints involved in the present motions allege that the Chinese drywall in the Plaintiffs' homes emits gases which cause corrosion to metallic and electrical components in the home. These allegations indicate that the present cases are not ones in which corrosion is *de minimis* and no loss is caused thereby. Rather, <u>the Court finds that these allegations trigger the corrosion exclusion</u> since the corrosion is responsible for the majority of losses suffered by the Plaintiffs. Thus, the homeowners' policies, whether they exclude from coverage loss caused by, consisting of,

> or the presence of corrosion, exclude from coverage the corrosion and corrosion related damages. The Louisiana Supreme Court in Central Louisiana made clear that corrosion related loss triggers the corrosion exclusion in an insurance policy. This is consistent with <u>the ordinary meaning of corrosion which is expansive</u>, encompassing the action, process, effect and product of corroding. Additionally, a number of courts outside the jurisdiction have reached similar, if not identical, conclusions.

*Order & Reasons* at 38-39 (emphasis added).

The Assurance Policies contain materially identical exclusions for "corrosion." Specifically, they provide "We will not pay for a loss caused by or resulting from any of the following:...Corrosion...". *Exhibit B at B.2.g.(4); Exhibit C at B.2.g.(4); Exhibit D at B.2.g.(4); Exhibit E at B.2.g.(4)*. These exclusions are the same or similar to the ones the Court found applied in its Order and Reasons.[1] Because the Assurance Policies are property insurance policies, as are the homeowners insurance policies which were the subject of this Court's Order and Reasons, this Court's reasoning controls here. Accordingly, losses due to corrosion are excluded under the Assurance Policies.

## II.   Faulty Materials

This Court's Order and Reasons also addressed the faulty materials exclusions found in the homeowners' policies at issue and found the exclusions applied to bar coverage for CDW

---

[1] "The policies issued by Homesite, Standard Fire, Auto Club, ASI Lloyds, and Hartford exclude from coverage, 'loss...[c]aused by...corrosion.' Allstate and USAA's corrosion exclusions are slightly broader, excluding loss 'consisting of' or 'caused by' corrosion. Federal's policy is unique, excluding from coverage the 'presence of...corrosion,' as well as "any loss caused by...corrosion.' Finally, State Farm's policy excludes from coverage 'any loss...which consists of, or is directly and immediately caused by [corrosion]..., regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these.'" *Order and Reasons* at 36. The Court applied <u>all</u> of these versions.

claims. Those exclusions, outlined below, are similar to those contained in the Assurance Policies:

| Assurance Policies | Homesite, Standard, Auto Club, ASI Lloyds, Hartford, and Allstate Policies | Federal Policies | State Farm Policies |
|---|---|---|---|
| c. Faulty, inadequate or defective: ...<br><br>(2) Design, specifications, workmanship, repair, construction, remodeling, grading, compaction;<br><br>(3) Materials used in repair, construction renovation; ... | "[f]aulty, inadequate, or defective ... [m]aterials used in repair, construction, renovation or remodeling," | "any loss caused by the faulty acts, errors, or omissions... in planning, construction, or maintenance... 'Construction' includes materials...used for construction or repair." | b. defect, weakness, inadequacy, fault or unsoundness in:...<br>(2) design, specifications, workmanship, construction, grading, compaction;<br>(3) materials used in construction or repair." ... |

Again, the Homeowners Insurers relied on cases like *Travco* in arguing that this exclusion barred coverage. *See e.g.*, Dkt. 4472-1 at 21 (noting the *Travco* court held "Consistent with the ordinary meaning of the words 'faulty' and 'defective,' courts have held that the faulty materials exclusion can apply even when the property in question may be serving its intended purpose." Applying the language in the Homesite, Standard, Auto Club, ASI Lloyds, Hartford, Allstate, Federal, and State Farm Policies, this Court ruled: "Based upon the foregoing, the Court finds that the Chinese-manufactured drywall contained in the Plaintiffs' homes constitutes "faulty materials" as that term is used in their homeowners' insurance policies, and thus, the loss

therefrom is excluded from coverage." *Order and Reasons* at 35. This Court agreed with the *Travco* court's reasoning, noting "Furthermore, as the Travco court recognized, it is inconsistent to argue that Plaintiffs have suffered a loss due to the Chinese drywall, but that the drywall is not in any way faulty. The whole basis of the Plaintiffs' claims is that the Chinese drywall in question was faulty and rendered homes unlivable." Because the Assurance Policies are property insurance policies, as are the homeowners insurance policies which were the subject of this Court's Order and Reasons, this Court's reasoning regarding the faulty materials exclusion controls here. Accordingly, losses due to faulty materials are excluded under the Assurance Policies.

## CONCLUSION

To the extent that the *Amato* Amended Complaint alleges losses resulting from corrosion or faulty materials, there is no coverage for such losses under the Assurance Policies. This Court has already found that the "Corrosion" and "Faulty Materials" exclusions in first-party property policies bar coverage for claims involving property damage caused by Chinese-Drywall. Accordingly, all claims against Assurance based on the Assurance Policies should be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

_____
**THOMAS L. GAUDRY, JR., (#5980)**
**WADE A. LANGLOIS, III (#17681)**
**GAUDRY, RANSON, HIGGINS & GREMILLION, LLC**
Oakwood Corporate Center
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Telephone: (504) 362-2466   Fax: (504) 362-5938
Emails: tgaudry@grhg.net and wlanglois@grhg.net
Local Counsel for Assurance Company of America

**AND**

**J. STEPHEN BERRY, GA. Bar No. 053106**
**J. RANDOLPH EVANS, GA. Bar No. 252336**
**McKENNA, LONG & ALDRIDGE, LLP**
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
Phone: 404-527-4000 Fax: 404-527-4198
Emails: sberry@mckennalong.com
Lead counsel for Assurance Company of America

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(B)(1) and This Court's Order of December 16, 2010 of Assurance Company of America,* has been served on Plaintiffs' Liaison Counsel, Russ Herman and Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and/or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana

by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

_____
Wade A. Langlois, III, LSBA #17681