UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | CASE NO. 2:09-MD-02047 SECTION L JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | | MAG. JUDGE WILKINSON |

**TRAVELERS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**INTRODUCTION[1]**

Plaintiffs' "Omnibus" Amended Complaint purports to assert claims against Travelers[2] that have no connection to Louisiana, and are barred based upon the assertion that Travelers issued commercial general liability ("CGL") policies to various companies that are alleged to be distributors, suppliers, importers, exporters, or manufacturers of Chinese Drywall, or builders or developers that allegedly used defective Chinese Drywall (the "Insured Defendants"). Yet, there is absolutely no connection between Plaintiffs' claims against Travelers (or the respective

---

[1] This Motion is being filed pursuant to the Court's March 2, 2011 Order (R. Doc. 7793), which expressly allows the filing of partial Rule 12(b) motions without waiving any right to assert other Rule 12(b) motions raising other issues at a later time. Accordingly, Travelers expressly reserve all their rights to assert different Rule 12(b) motions at a later time and does not intend to waive any such defenses.

[2] For purposes of this Memorandum, "Travelers" refers to Defendants The Travelers Indemnity Company of Connecticut and Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois.

Insured Defendant) and Louisiana, as demonstrated by Plaintiffs' own schedules to their Amended Complaint. Indeed, it is Florida-based Plaintiffs who are asserting claims against Travelers based upon policies it issued in Florida to Florida Insured Defendants.

As set forth in the Insurer Steering Committee's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and accompanying Memorandum of Law ("ISC Motion"), Plaintiffs claims against Travelers are subject to dismissal because Plaintiffs lack standing to file a direct action against Travelers as a matter of law. Accordingly, this Court lacks subject matter jurisdiction over those claims. Travelers has expressly joined the ISC Motion as one of the moving Insurance Company Defendants, and fully incorporates it herein. Travelers files this separate motion to address an additional ground for dismissal of certain claims, namely the profile forms of certain Plaintiffs further demonstrate that they lack standing to sue Travelers, and there is no subject matter jurisdiction over those claims.

## ARGUMENT

### I. This Court Lacks Subject Matter Jurisdiction Over The Claims Asserted Against Travelers Because Plaintiffs Lack Standing Under Florida's Non-Joinder Statute.

As set forth in the ISC Motion, and as Travelers previously demonstrated in opposing various PSC Motions for Injunctive Relief, the claims asserted against Travelers are barred as a matter of law by Florida's non-joinder statute, which deprives Plaintiffs of standing and deprives this Court of subject matter jurisdiction. *See* Fla. Stat. § 627.4136 (2010); R. Doc. 7682 (citing R. Doc. 3132-4 at 2-10, 93); *see also* R. Doc. 7682-1, O'Brien Decl. at ¶¶ 5-6.) Accordingly, and as this Court has previously held, this Court lacks subject matter jurisdiction over these claims. *Essex Co. v. Bayou Concession Salvage*, 942 F. Supp. 258, 260-61 (E.D. La 1996) (Fallon, J.) (dismissing claims for lack of subject matter jurisdiction because the relevant Texas state statute prohibited such a direct action); *Sercovich v. State Farm Mut. Ins. Co.*, No. 99-

2476, 1999 U.S. Dist. LEXIS 17056, at *2-3 (E.D. La. Nov. 2, 1999) (Fallon, J.) (dismissing claims *for lack of jurisdiction* because "the accident and injuries occurred in the state of Mississippi," and the "insurance policy was written in Georgia and delivered to [the insured] in Mississippi," and therefore the Louisiana Direct Action statute did not apply).

## II.   Some Plaintiffs Also Lack Standing For Additional Reasons As Demonstrated By Their Profile Forms.

Many of the plaintiffs allegedly asserting claims against Travelers also lack standing for additional reasons disclosed by their own profile forms.[3] For example, the Dauterives purport to assert a claim against Travelers based the allegation that Banner Supply Co. (a Travelers insured) distributed drywall (R. Doc. 3132-4 at 3), Yet their sworn profile form demonstrates it was Interior Exterior Supply (***not*** a Travelers insured), and not Banner, that provided their drywall. (R. Doc. 7682-2 (redacted version of Dauterive profile form).) There are numerous other inconsistencies between the allegations contained in the Amended Complaint and the profile forms for the other Plaintiffs who purport to implicate Travelers. To the extent these forms demonstrate that the Plaintiff have named the wrong Insured Defendant, or misnamed Travelers those Plaintiffs also lack standing on this basis, which is yet another reason to dismiss those claims under Rule 12(b)(1). *See, e.g., Grant v. Gilbert,* 324 F.3d 383, 386 (5th Cir. 2003).

---

[3] Travelers received copies of hundreds if not thousands of profile forms through the liaison counsel process. Travelers spent substantial time diligently searching that production and located many, but not all, of the Plaintiff Profile Forms for the Plaintiffs asserting claims against Travelers. Thus, Travelers reserves its rights to move regarding other Plaintiffs once it receives their respective profile forms. The statements in these sworn profile forms, which this Court required the parties to submit as supplements to the pleadings, control over the inconsistent allegations in the unverified schedules to the Amended Complaint. *See, e.g., In re Enron Corp.*, No. MDL-1446, 2011 U.S. Dist. LEXIS 1359, at *160-61 (S.D. Tex. Jan. 6, 2011) (holding that exhibits to the pleadings or other documents that are central to the claims control over inconsistent allegations in the complaint) (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004)).

**WHEREFORE**, for all the foregoing reasons, and the reasons contained in the ISC Motion which is adopted in full, Defendants The Travelers Indemnity Company of Connecticut and Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois respectfully request that this Court enter an order: (1) granting this Motion; (2) dismissing all claims against Travelers for the reasons discussed above and in the ISC Motion, which Travelers expressly joined; and (3) such other and further relief this Court deems necessary and proper.

Respectfully submitted by,

/s/ Seth A. Schmeeckle
Ralph S. Hubbard III, T.A., La. Bar 7040
Seth A. Schmeeckle, La. Bar 27076
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Phone: (504) 568-1990
Fax: (504) 310-9195
Email: rhubbard@lawla.com
       sschmeeckle@lawla.com

And

Donna J. Vobornik
Daniel E. Feinberg
Anthony T. Eliseuson
SNR DENTON US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606-6404
Phone: (312) 876-8000
Fax: (312) 876-7934
Email: donna.vobornik@snrdenton.com
       daniel.feinberg@snrdenton.com
       anthony.eliseuson@snrdenton.com

Counsel for The Travelers Indemnity Company of Connecticut and Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois, (collectively "Travelers")

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Travelers Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure** been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/ Seth A. Schmeeckle
Seth A. Schmeeckle