## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

This document relates to:

DEAN and DAWN AMATO, *et al.*
v.
LIBERTY MUTUAL INSURANCE
COMPANY, *et al.*
Civil Action No. 10-0932

MDL NO. 2047

SECTION L

JUDGE FALLON

MAJ. JUDGE WILKINSON

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## FILED BY XL INSURANCE COMPANY LIMITED AND
## XL INSURANCE COMPANY LIMITED AS SUCCESSOR TO XL EUROPE LIMITED

This Court should dismiss plaintiffs' claims against Defendants XL Insurance Company

Limited ("XLICL") and XL Insurance Company Limited as successor to XL Europe Limited

("XL Europe") for several separate and independent reasons:

1. Lack of subject matter jurisdiction pursuant to F.R.C.P. §12(b)(1) because of:[1]

   • The lack of a prior judgment or settlement against the insureds that could give rise to the right to sue XLICL and XL Europe;

   • The absence or a ripe case or controversy against XLICL and XL Europe; and

   • Plaintiffs' improper commencement of the litigation against XLICL and XL Europe in this Multi-District Litigation.

2. Lack of personal jurisdiction pursuant to F.R.C.P. §12(b)(2).

3. Insufficiency of service of process pursuant to F.R.C.P. §12(b)(4).

4. Improper venue pursuant to F.R.C.P. §12(b)(3).[2]

---

[1]    XLICL and XL Europe are among the moving insurers in the motion and brief filed by the Insurers' Steering Committee for lack of subject matter jurisdiction based upon the lack of a prior judgment or settlement and plaintiffs' improper use of this MDL that is being separately filed.

[2]    XLICL and XL Europe recognize that this Court has authorized the insurers to proceed with motions to dismiss on personal jurisdiction and subject matter grounds.  XLICL and XL Europe have also

## I.    STATEMENT OF FACTS

### A.    The Claims Against XLICL and XL Europe

The procedural history of the commencement of the *Amato* action is set forth in the brief submitted by the Insurer Steering Committee in support of the motion to dismiss pursuant to F.R.C.P. § 12(b)(1). In their Amended Complaint, plaintiffs assert claims against certain insured defendants—distributors, suppliers, importers, exporters, brokers, builders, developers, contractors or installers of homes containing Chinese drywall—and against the respective liability insurers who issued general liability, excess or umbrella policies to those insured defendants. For those insurance companies against whom there is no claim under the Louisiana Direct Action Statute—including XLICL and XL Europe—the only claims are Count I (declaratory judgment) and Count XIV (equitable and injunctive relief and medical monitoring).

Plaintiffs sued XLICL and XL Europe based on three policies identified in their Schedule 2.  Plaintiffs allege that XLICL issued a policy to Beazer Homes USA, Inc.,[3] and that XL Europe issued a policy to Lennar Corporation[4] and a policy to Morrison Homes, Inc.[5]  Plaintiffs allege that the XLICL and XL Europe policies are excess insurance policies.[6]

### B.    Residences of the Parties

According to the Amended Complaint, the plaintiffs suing XLICL and XL Europe (indicated in Schedule 1 to plaintiffs' Amended Complaint) do not reside in Louisiana, nor are any of these plaintiffs' homes that allegedly contain Chinese drywall located in Louisiana.

---

included in this motion the failure to effectuate proper service and improper venue as additional bases for dismissal to be in compliance with F.R.C.P. § 12 (b).  Simultaneous with this filing, XLICL and XL Europe are also filing a motion to stay pending arbitration.

[3]    *See* Schedule 1, attached to Amended Complaint, pp. 98-99 (naming XL Insurance Company Ltd.).

[4]    *See* Schedule 1, attached to Amended Complaint, pp. 106-107 (naming XL Europe, Ltd.).

[5]    *See* Schedule 1, attached to Amended Complaint, pp. 131-32 (naming XL Europe Ltd.).

[6]    Amended Complaint, Schedule 2, p. 17 (XLICL excess policy to Beazer Homes Corporations), p. 25 (XL Europe excess policy to Lennar), p. 43 (XL Europe excess policy to Morrison Homes)..

The plaintiffs suing XLICL allege that they own homes containing Chinese drywall in Florida and reside in Florida.[7]   The plaintiffs suing XL Europe allege that they own homes containing Chinese drywall in Florida, and they all allege that they reside in Florida except for one plaintiff who resides in Massachusetts and one plaintiff who resides in New York.[8] No claims are asserted against XLICL or XL Europe related to homes situated in Louisiana.[9]

XLICL and XL Europe are alleged to be foreign entities.[10]   XL Europe was a corporation organized and existing under the laws of Ireland and had had its principal place of business and its registered office in Dublin, Ireland.[11]   XLICL is a corporation organized and existing under the laws of England and Wales and is a corporation in good standing under those laws.[12]

There is no allegation that XLICL or XL Europe issued an insurance policy to any Louisiana homebuilder. Plaintiffs allege that XLICL issued a policy to Beazer Homes Corporation and that Beazer is organized under the laws of Florida with a principal place of business in Atlanta, Georgia.[13]   Plaintiffs allege that XL Europe issued a policy to Lennar and that Lennar is organized under the laws of Florida with a principal place of business in Florida.[14] Plaintiffs allege that XL Europe issued a policy to Morrison Homes, Inc. and that Morrison Homes is organized under the laws of Florida and has a principal place of business in Arizona.[15]

---

[7]        Amended Complaint ¶¶ 84, 172, 224, 280, 417.

[8]        Amended Complaint ¶¶ 33, 132, 135, 143, 161, 164, 179, 202, 420, 423 (the plaintiffs suing XL Europe on the policy issued to Lennar, one of whom resides in Massachusetts); ¶¶ 76, 120, 121, 196, 200, 231, 250, 282, 339, 399 (the plaintiffs suing XL Europe on the policy issued to Morrison Homes, one of whom resides in New York and one of whom resides in Massachusetts).

[9]        *See supra* notes 1-4.

[10]        Amended Complaint ¶¶ 524, 525.

[11]        Sean Gordon Wastie affidavit, Exhibit A.

[12]        Sean Gordon Wastie affidavit, Exhibit A.

[13]        Amended Complaint ¶ 555.

[14]        Amended Complaint ¶ 573.

[15]        Amended Complaint ¶ 582.

There are no factual allegations in the Amended Complaint that either XLICL or XL Europe conduct any business or have any contacts in Louisiana.  Moreover, Mr. Wastie's affidavit[16] demonstrates that XLICL and XL Europe:

    a.    Were not registered, licensed or qualified to do business in Louisiana;

    b.    Did not hold licenses issued by Louisiana;

    c.    Did not own or rent offices or other facilities in Louisiana;

    d.    Did not maintain a telephone number listed on an exchange in Louisiana;

    e.    Did not have employees in Louisiana;

    f.    Did not  have  officers or directors domiciled in Louisiana;

    g.    Did not conduct any meetings of their board of directors or shareholders in Louisiana;

    h.    Did not have underwriting offices in Louisiana;

    i.    Did not have any bank accounts in Louisiana;

    j.    Did not own, rent or lease any real or personal property in Louisiana;

    k.    Did not advertise or solicit business on their behalf in  publications directed primarily to residents of Louisiana;

    l.    Were not admitted to write insurance in Louisiana;

    m.    Were not approved surplus lines insurers in Louisiana;

    n.    Did not authorize any insurance agent to write any business on their behalf in Louisiana;

    o.    Did not  issue or deliver insurance policies in Louisiana;

    p.    Did not appoint the Secretary of State of Louisiana to accept service on their behalf;

    q.    Did not have a registered agent for service of process in Louisiana.

---

[16]    Sean Gordon Wastie affidavit, Exhibit A.

XL Europe issued one policy on a non-admitted basis through brokers outside Louisiana to a company located in Louisiana from 2004 to the time it merged into XL Insurance Company as of January 1, 2009.  The policy was issued for a one year period, September 30, 2007 to September 30, 2008.

XLICL issued two policies on a non-admitted basis through brokers outside Louisiana to two companies located in Louisiana from 2004 to the present. One policy was issued for a one year period, November 1, 2010 to November 1, 2011. The other policy was issued for a one year period, September 1, 2010 to September 1, 2011.

## II.    LACK OF SUBJECT MATTER JURISDICTION

XLICL and XL Europe seek dismissal based upon a lack of subject matter jurisdiction on three grounds:  (1) the plaintiffs, who are not insureds, are not judgment or settlement creditors; (2) there is no case or controversy as against XLICL and XL Europe; and (3) the PSC improperly commenced this action against XLICL and XL Europe in the MDL.

### A.    All Claims Against XLICL and XL Europe Should Be Dismissed Because There is No Prior Judgment Against the Their Insureds

Plaintiffs do not bring claims against XLICL and XL Europe under the Louisiana Direct Action Statute,[17] but nevertheless try to sue them directly by requesting a declaratory judgment that these insurers provide coverage in Count I of the Amended Complaint (¶¶ 659-63) and by

---

[17]    Nor could they.  The Louisiana Direct Action Statute only applies if an accident or incident occurred in Louisiana or if the policy was written or delivered in Louisiana—none of which is alleged for XLICL, XL Europe or Greenwich. La. R.S. § 22:655; *Grubbs v. Gulf Int'l Marine*, 13 F.3d 168, 170 (5th Cir. 1994); *Landry v. Travelers Indemnity Co.*, 890 F.2d 770, 772 (5th Cir. 1989). For example, in *Esteve v. Allstate Ins. Co.*, 351 So. 2d 117, 120 (La. 1967), the Louisiana Supreme Court held that when an automobile accident occurred in Florida and the insurance policy at issue was written and delivered in Florida, the insurer could not be sued under the Louisiana Direct Action Statute, even though the plaintiff was a Louisiana resident.  And in *Landry*, the plaintiff was injured while the vessel was working in Texas territorial waters and the insurance policy was written and delivered in Texas.  The Fifth Circuit upheld summary judgment in favor of Travelers because the policy was neither written nor delivered in Louisiana, and the accident did not occur in Louisiana.  890 F.2d at 773.

making vague references to the need for equitable relief and for an injunction against builders to do things like buy back homes, admit the dangers of Chinese drywall and fund medical monitoring (¶¶ 761-73).  However, under the substantive applicable state law, a tort plaintiff may not directly sue an insurer until the tort plaintiff has obtained a judgment against the insured.

XLICL and XL Europe join the motion to dismiss served and filed by the Insurer Steering Committee. The brief submitted in support of the motion recites the substantive law of Georgia and Florida which is applicable to the policies issued to Beazer and Lennar.[18]  As for the policy issued to Morrison Homes, Plaintiffs allege that Morrison Homes is organized under the laws of Florida and has a principal place of business in Arizona. The policy issued to Morrison Homes has a choice of law provision requiring the application of New York law.[19]

The laws of New York and Arizona are consistent with the law of Florida and Georgia and also require dismissal of this action against XLICL and XL Europe.  In New York, whether a tort claimant may commence a claim for monetary damages or for a coverage determination against the liability insurer is governed by N.Y. Ins. Law §3420 that provides as follows:

> Any person who ... has obtained a judgment against the insured ... for damages for injury sustained or loss or damage occasioned during the life of the policy or contract" to maintain an action against the insurer "[s]ubject to the limitations and conditions of paragraph two of subsection (a) hereof."

Subparagraph (a)(2) states:

> In case judgment against the insured ... shall remain unsatisfied at the expiration of thirty (30) days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may ... be maintained against the insurer.

---

[18]     Plaintiffs allege that XLICL issued a policy to Beazer Homes Corporation and that Beazer is organized under the laws of Florida and that Beazer's principal place of business is Atlanta, Georgia.  The policy issued to Beazer, attached as Exhibit D, has choice of law provisions calling for the application of New York and Georgia law.  Plaintiffs allege that XL Europe issued a policy to Lennar and that Lennar is organized under the laws of Florida and that Lennar's principal place of business is in Florida.  That policy is attached as Exhibit E.

[19]     Attached as Exhibit F.

In New York, a tort claimant must comply with Ins. Law §3420 before commencing a direct suit against the insurer for monetary damages: the claimant must be a judgment creditor and the judgment must remain unsatisfied for 30 days. *Nat'l Fire Ins. Co. v. Starbro Constr. Corp.*, 2009 U.S. Dist. LEXIS 74932 (S.D.N.Y. 2009) ("New York Ins. Law §3420 provides [the tort claimant] with a right to sue [insurer] for indemnification under the insurance policies, but his right to do so is contingent on both a finding of liability as to [the insureds], as well the failure of the insureds to pay [the tort claimant] within 30 days."). As the highest court in New York held in *Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350 (2004), a prior judgment against the insured is "a statutory condition precedent to a direct suit against the tortfeasor's insurer" and any procedural rule providing a right to seek a declaratory judgment "arises only after plaintiff has obtained a judgment in the underlying personal injury action." *Id.* at 352, 355.

The Amended Complaint (¶ 663) cites the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, but that procedural statute does not give a tort plaintiff a substantive right to sue an insurer that does not exist under state law. *Nat'l Fire Ins. Co. v. Starbro Constr. Corp.*, No. 08-cv-3200, 2009 U.S. Dist LEXIS 74932, at *11-*16 (S.D.N.Y. Aug. 20, 2009); *see also Wyly v. CA, Inc.*, No. 05-4430, 2009 U.S. Dist. LEXIS 90037, at *42-*46 (S.D.N.Y. 9/2/09) (28 U.S.C. § 2201 does not create a substantive cause of action, and a request for a declaratory judgment without an underlying substantive basis does not present "an actual case or controversy").

Arizona law is also the same. An "injured party must first obtain a judgment against [the] insured before he has any remedy against" the insurer. *Western Cas. & Sur. Co. v. Evans*, 130 Ariz. 333, 336 (App. 1981); *Sandoval v. Chenoweth*, 102 Ariz. 241, 245 (1967).

In summary, Louisiana law does not apply to the claims against XLICL and XL Europe and under the state law that applies, plaintiffs cannot sue these defendants, even for a declaratory

judgment, unless and until they have obtained a judgment against their insureds.  Because there is no such judgment, the claims against XLICL and XL Europe must be dismissed.

### B.        There is No Ripe Case or Controversy Against XLICL and XL Europe

Unlike most of the other insurance companies sued in the matter, XLICL and XL Europe are sued based on excess policies.[20]  This gives rise to an independent reason that subject matter jurisdiction is lacking:  the lack of a ripe case or controversy.

Article III of the United States Constitution provides that federal jurisdiction exists only when there is a case or controversy, and this includes the requirement that a plaintiff "demonstrate sufficient ripeness to establish a concrete case or controversy."  *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 579 (1985).  *See also United States v. Denedo*, 129 S. Ct. 2213, 2221 (2009) ("a court's power to issue any form of relief—extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy.").

Even if plaintiffs prevail against their insureds—Lennar, Beazer and Morrison Homes—XLICL and XL Europe would still have no responsibility to pay anything to plaintiffs unless the limits of the insureds' primary insurers are exceeded or the insureds satisfied the self-insured retentions.  At this point, any potential obligation of XLICL or XL Europe to pay is merely abstract or hypothetical, and thus is not ripe.

For example, in *Alfa Ins. Corp. v. Praise Tabernacle Holiness Church*, No. 10-0141, 2010 U.S. Dist. LEXIS 123406 (S.D. Miss. Nov. 4, 2010), an insurance company sued its insured, a church, seeking a declaration that the insurance policy did not provide coverage for Chinese drywall.  When the church failed to respond to the lawsuit, the insurer sought a default

---

[20]        Amended Complaint, Schedule 2, p. 17 (XLICL excess policy to Beazer Homes Corporations), p. 25 (XL Europe excess policy to Lennar), p. 43 (XL Europe excess policy to Morrison Homes).

judgment.  The court denied the default judgment, noting that a declaratory judgment is not justiciable unless an actual case or controversy exists between the parties.  The court found that there was no allegation in the complaint that the church had filed a claim with its insurer or otherwise would select to collect on the policy.  *Id.* at \*10-\*11.

There was a similar result in a Chinese drywall case.  In *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. F. Vicino Drywall II, Inc.*, No. 10-60273 (S.D. Fla. Nov. 24, 2010) (attached as Exhibit C), an insurer sued a drywall retailer seeking a declaration that the insurance policy did not provide coverage for Chinese drywall.  The court held that under the federal Declaratory Judgment Act, 28 U.S.C. § 2201—a statute also cited by the *Amato* plaintiffs—a claim against an excess insurer does not constitute a case or controversy when the underlying coverage is not exhausted.  Slip op. at 12.  Because the complaint lacked any allegation "that the underlying policies have been exhausted by any final judgments or settlements," there was only the possibility of a case or controversy and not an actual case or controversy alleged in the complaint and the court granted a motion to dismiss for lack of subject matter jurisdiction.  *Id.* at 12-15.

Similarly here, there is no allegation in the Amended Complaint that the primary insurance policies for Lennar, Beazer and Morrison Homes have been exhausted or the insureds satisfied the self-insured retentions.  Indeed, at this time, it would be factually inaccurate for plaintiffs to make any such claim, but this Court need not consider the facts to dismiss on these grounds.  Instead, XLICL and XL Europe assert what the *Vicino* court called a "facial attack" on the complaint because no such allegation is in the four corners of the Amended Complaint.  *Id.* at 4.  Accordingly, plaintiffs have not alleged a case or controversy against XLICL and XL Europe and all claims against XLICL and XL Europe must be dismissed at this time.  "A court should

dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *New Orleans Public Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987).

      **C.**    **The PSC improperly commenced the action against XLICL and XL Europe in the MDL**

      XLICL and XL Europe adopt and incorporate herein the arguments contained in the Insurer Steering Committee's Memorandum showing that the PSC cannot create subject matter jurisdiction by simply filing this case in this District and asserting that it is related to the MDL.

**III.**    **LACK OF PERSONAL JURISDICTION**

      XLICL is domiciled in London.  XL Europe was domiciled in Ireland. Lennar Corporation, Morrison Homes and Beazer are not domiciled in Louisiana, as Plaintiffs recognize in the Amended Complaint.  The issuance of these insurance policies had nothing to do with Louisiana and there is no basis for personal jurisdiction over XLICL and XL Europe.  Moreover, they lack the "minimum contacts" with Louisiana by which they would reasonably expect to be brought into the courts of Louisiana and therefore would be subject to general jurisdiction.

      This Court's lack of jurisdiction over XLICL and XL Europe was recently made all the more clear by the February 9, 2011 Order dismissing the *Pate* claims against Owners Insurance Company and NGM Insurance Company on personal jurisdiction grounds.[21]  This Court explained that both Owners and NGM lacked the following "crucial" connections with the forum:  they were not licensed by the State of Louisiana to write insurance coverage in Louisiana, they did not maintain offices within Louisiana nor had any employees in Louisiana, they did not direct advertising to Louisiana residents, and did not have a registered agent for service of process within the State."[22]  The same rationale applies to XLICL and XL Europe.

---

[21]    *See* R. Doc. 7356.
[22]    *Id*. at p. 45.

A.        **Burden of Proof to Establish Personal Jurisdiction**

It is a plaintiff's burden to prove personal jurisdiction over the defendant. *Travelers Indemnity Company v. Calvert Fire Ins. Co.*, 798 F. 2d 826, 831 (5th Cir. 1986). Allegations in a plaintiff's compliant are considered true unless controverted by the defendant's affidavit. *Thomas v. Kennedy*, 75 Fed. Appx. 281, 283-284 (5th Cir. 2003) (unpublished); *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 785 (5th Cir.1990). "The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof." *Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc.*, 963 F.2d 90, 95 (5th Cir. 1992).  *See also In re Chinese Manufactured Drywall Products Liability Litig.*, 2011 U.S. Dist. Lexis 12933 (E.D. La. February 8, 2011).

Generally, "[p]ersonal jurisdiction over a nonresident defendant attaches only when a defendant is amenable to service of process under the forum state's long-arm statute and the exercise of jurisdiction comports with the due process clause of the fourteenth amendment." *Asacro, Inc. v. Glenara, LTD*, 912 F.2d at 786. Because Louisiana's long-arm statute, La. R.S. 13:3201, allows jurisdiction over a nonresident to the fullest limits provided by the Constitution, these two inquires merge into one: "the sole inquiry into jurisdiction is a one-step analysis of the constitutional due process requirements." *First Guaranty Bank of Hammond v. ALAS*, 515 So. 2d 1080, 1083 (La. 1987).[23]

The due process clause limits the courts' power to assert personal jurisdiction over nonresident defendants to situations in which the defendants engage in "'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361

---

[23]        *See also Ruppert v. George Kellett & Son, Inc.*, 996 So. 2d 501, 505-06 (La. App. 5th Cir. 2008); *Superior Supply Co. v. Assoc. Pipe & Supply Co.*, 515 So. 2d 790, 792 (La. 1987); *LaRocca's Auto Sales Floorplan, Inc. v. Shelton*, No. 09-CA-143 2009 WL 3447606 at *2, (La. App. 5th Cir. Oct. 27, 2009).

(5th Cir. 1990)(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Asacro, Inc. v. Glenara*, *LTD*, 912 F.2d at 786. Even if the minimum contacts exist, courts will also consider whether requiring the defendant to litigate in the forum state would be unfair. *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 107 (1987); *Dalton v. R&W Marine, Inc.*, 897 F.2d at 1361. The mere fact that an action may be brought as a class action has little or no bearing on the Court's jurisdictional analysis. *In Re: Train Derailment Near Amite, La.,* 2004 WL 224573 (E.D.La. 2004) ("[T]he personal jurisdiction determination depends solely on [the defendant's] conduct and contacts with the forum state").

**B.     Personal Jurisdiction Does Not Exist Under Louisiana's Long-Arm Statute**

For the exercise of jurisdiction under the Long-Arm Statute to be constitutionally permissible, the defendant's contacts with the forum must either be continuous and systematic in nature, or the cause of action must arise out of the defendant's minimum contacts with the forum. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984).

Courts have further refined the minimum contacts analysis to contacts giving rise to specific jurisdiction or general jurisdiction. *Johnson v. Multidata Sys. Int'l Corp.*, 523 F.3d 602 (5th Cir. 2008). When a cause of action arises out of a defendant's purposeful contacts with the forum, minimum contacts exist and the court may exercise specific jurisdiction. *World-Wide Volkswagen v. Woodson*, 444 U.S. 286 (1980). Where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, due process requires that the defendant engaged in "continuous and systematic contacts" in the forum to support exercise of general jurisdiction over a defendant. *Helicopteros Nacionales de Columbia*, 466 U.S. at 415.

 In the instant case, XLICL and XL Europe have no contacts with Louisiana such that it could be subjected to either specific or general jurisdiction.

### 1.    No specific jurisdiction

The Fifth Circuit has articulated the following analysis to determine specific jurisdiction:

1.  Whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there;

2.  Whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and

3.  Whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); *NuovoPignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002).

The first prong of the test considers whether the "defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Ruppert v. Kellett & Sons, Inc.*, 966 So. 2d 501, 506 (La. 2008)(citations omitted). "Purposeful availment ensures that the moving party will not be haled into a jurisdiction as a result of random, fortuitous or attenuated contact, or by unilateral activity of another party or third person." *Id.*

Clearly, specific jurisdiction does not exist over XLICL and XL Europe. The Amended Complaint is barren of any factual allegations that either XLICL or XL Europe has, or had, any contacts whatsoever with Louisiana. None of the representative plaintiffs asserting claims against XLICL or XL Europe reside in Louisiana. None of their homes that allegedly contain Chinese drywall are located in Louisiana. None of the builders to whom XLICL or XL Europe allegedly issued excess policies are domiciled in Louisiana.

### 2.    No general jurisdiction

Because there is no connection whatsoever between the claims at issue and Louisiana, Plaintiffs must demonstrate that XLICL and XL Europe are subject to the "general personal

jurisdiction" of Louisiana, and that the exercise of that general personal jurisdiction comports with the Due Process Clause of the United States Constitution.

Louisiana has general jurisdiction over XLICL and XL Europe only if the plaintiffs can demonstrate that they have "continuous and systematic contacts" with Louisiana. *Helicopteros*, 466 U.S. at 415; *Asarco*, 912 F. 2d at 786 (citing *Dalton v. R&W Marine*, *supra*, 897 F. 2d at 1361-1362)  "It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus evoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *Int'l Shoe*, 326 U.S. at 319).

The "continuous and systematic" test is an *extraordinarily* high bar.  *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610-11 (5th Cir. 2008) (recognizing the "high standard set by the Supreme Court" to establish general jurisdiction and "just how difficult it is" to meet the standard); *Bearry v. Beech Aircraft Corp*., 818 F.2d 370, 375-76 (5th Cir. 1987) (holding personal jurisdiction over defendant was lacking, even though it sold its products in the forum state and was a national corporation that advertised nationally); *Subermsible Sys. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001) ("the continuous and systematic contacts test is a difficult one to meet, requiring *extensive* contacts between a defendant and a forum. *Ollagues v. Kausharian*, 557 F. Supp. 2d 731, 738 (E.D. La. 2008).  *See also In re Chinese Manufactured Drywall Products Liability Litig.*, (E.D. La February 8, 2011) ("to confer general jurisdiction, a defendant must have a business presence in the forum state." (citations omitted).

When plaintiffs asked this Court to find general jurisdiction over Owners and NGM, they pointed to various minor connections between those companies and Louisiana over the years such as the payment of claims to Louisiana addresses, nationwide advertising which reached

Louisiana, issuing insurance to entities that do business in Louisiana, initiation of litigation in Louisiana, maintenance of security interest in Louisiana and even the sale of "insurance policies to individuals traveling to or residing in Louisiana."[24]   Nevertheless, this Court ruled that an assertion of personal jurisdiction over them in this forum "poses an insurmountable challenge" and thus this Court dismissed the claims against them for lack of personal jurisdiction.[25]

Any connection that plaintiffs might try to draw between XLICL and XL Europe would likewise be insufficient to establish general jurisdiction.  For example, XL Europe issued only one policy to a company located in Louisiana—procured through brokers outside of Louisiana— which was in effect for a single year, and XLICL issued only two policies to two companies located in Louisiana—again, procured through brokers outside of Louisiana—which were each in effect for a year.  In keeping with settled law and this Court's prior decisions in this very litigation, that is far from the "continuous and systematic contacts" with Louisiana that is required for general jurisdiction.  *Helicopteros*, 466 U.S. at 415.

As one federal court recently held in dismissing an insurer for lack of personal jurisdiction, even the following extensive contacts were "far less than those which the Supreme Court and the Fifth Circuit have found insufficient for a finding of general jurisdiction":

> [The insurer] was licensed by the Texas Department of Insurance; contracted and communicated with, and issued insurance policies to, its insureds located in Texas; billed and collected premiums from insureds in Texas; adjusted and paid claims by and against its insureds in Texas on insurance policies issued to Texas insureds; hired and paid Texas attorneys to represent it and its insureds when they were sued in Texas more than 100 times during the past ten years; purposefully invoked the jurisdiction of a Texas court by filing suit in Dallas County to collect a debt; contracted with Texas-based vendors and paid them more than $25 million over the past five years; purchased almost $400 million worth of Texas municipal bonds, upon which defendant receives over $15,000,000

---

[24]   R. Doc. 7356, pp. 37, 44.
[25]   R. Doc. 7356 p. 45.

annually in interest; and paid over $80,000,000 in claims-related
expenses to Texas-based insureds, claimants, adjusters, and others.

*Am. Bank, F.S.B. v. Auto-Owners Mut. Fire & Cas. Ins. Co.*, No. 4:10-CV-331-A, 2010 U.S.

Dist. LEXIS 102341, at *11-19 (N.D. Tex. Sept. 27, 2010) (granting motion to dismiss for lack

of personal jurisdiction over insurer because the claims did not arise from any specific contacts

with Texas and there was no general jurisdiction); *see also Choice Healthcare, Inc. v. Kaiser

Found. Health Plan*, 615 F.3d 364, 368 (5th Cir. 2010) (affirming dismissal of insurer for lack of

personal jurisdiction).  Accordingly, it is apparent from the record that this Court lacks personal

jurisdiction over the moving Insurance Company Defendants, and they should be dismissed

under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### C.   The Exercise Of General Jurisdiction Would Violate "Traditional Notions Of Fair Play And Substantial Justice"

Even if this Court finds that any of XLICL's and XL Europe's contacts with Louisiana

are sufficiently "continuous and systematic" to support general personal jurisdiction, it still may

not exercise that jurisdiction if it would violate "traditional notions of fair play and substantial

justice." *See, e.g., Johnston*, 523 F.3d at 615.  Assuming *arguendo* that the plaintiffs somehow

can show that either XL Europe or XLICL has minimum contacts with Louisiana, personal

jurisdiction still does not exist over these entities because the exercise of jurisdiction would

violate traditional notions of fair play and substantial justice. *Wien Air Alaska, inc. v. Brandt*,

195 F.3d 208 (5th Cir. 1999).

In determining whether exercising personal jurisdiction comports with traditional notions

of fair play and justice, courts may look to:

1.  The burden on the defendant;

2.  The interests of the forum state;

3.   The plaintiff's interests in obtaining relief;

16

4.  The interstate judicial system's interest in obtaining the most efficient resolution of controversies; and

5.  The shared interests of several states in furthering substantive social policies.

6.  An examination of all of the factors can only lead to the conclusion that notions of fair play and justice would be violated with an exercise of jurisdiction over XLICL and XL Europe.

*Asahi Metal Industry Co. v. Superior Court*, 480 U.S. at 113; *see also World-Wide Volkswagen v. Woodsen*, 444 U.S. at 292.  XLICL and XL Europe recognize that this Court has considered the above criteria in denying the motions to dismiss by Mid-Continent Casualty Company ("MCC") and General Fidelity Insurance Company ("FCCI") in *Pate*.  XLICL and XL Europe respectively urge that their circumstances are different.

As this Court stated, "the Court must consider the burden upon the nonresident to litigate in the forum. *In re Chinese Manufactured Drywall Products Liability Litig.*, 2011 U.S. Dist. Lexis  at 12935. Unlike MCC and FCCI, XLICL and XL Europe are/were based in London or Dublin, with no offices or employees in Louisiana.   Their witnesses with respect to the policies and the coverage defenses are located in London or Dublin.  Lennar, Morrison Homes and Beazer are not located in Louisiana. As discussed in the companion motion, the proper forum for any coverage issues to be addressed is arbitration in London.  Thus, forcing XLICL and XL Europe to come to Louisiana is unreasonably burdensome. While recognizing that this Court is the center of the liability claims regarding the use of Chinese drywall  and that this Court sits as a district court for the purposes of pre-trial proceedings, XLICL and XL Europe respectfully assert that it is not more beneficial and convenient for them to litigate coverage claims a involving them within the MDL. The issues involving XLICL and XL Europe involve coverage issues. As will be discussed *infra*, and in the Insurer Steering Committee brief, it has already been

determined by the JPML that the issues involved in the insurance policies are distinct and separate from the liability issues against the direct defendants.

Moreover, unlike *Pate,* the plaintiffs are not insureds under the subject policies that XLICL and XL Europe issued to either Lennar, Beazer or Morrison Home.  Unlike *Pate*, in which there was no issues concerning the capacity of the *Pate* plaintiffs to commence a coverage action, here, plaintiffs, as purported owners of homes sold by either Lennar, Beazer or Morrison, do not at this time have the capacity to commence a coverage action since they are not judgment of settlement creditors of Lennar, Beazer or Morrison Homes.  Second, Louisiana has little or no interest in adjudicating the coverage issues between XLICL and XL Europe and Lennar, Beazer and Morrison Homes.  No plaintiffs asserting claims against XLICL or XL Europe have any connection with Louisiana.  Lennar, Beazer and Morrison Homes are not domiciled in Louisiana. Third, plaintiffs may secure relief in a proper forum other than this District once and if they become judgment or settlement creditors of Lennar, Beazer or Morrison Homes.  Fourth, having a Louisiana court decide issues between London insurers and non Louisiana residents does little to further social policies of Louisiana especially in light of the fact that the issues involving XLICL and XL Europe lack any contact with Louisiana. Fourth, shared interests of several states would be furthered by adhering to the long held requirements that a defendant maintain minimum contacts with a forum prior to being subject to the jurisdiction of that forum's courts.

Also, to allow the coverage actions against XLICL and XL Europe to proceed here is antagonistic to the social policies of other states and Louisiana that favor arbitration (as discussed in the companion motion) and the law of New York, Florida, Arizona and Georgia that require the plaintiffs to be judgment or settlement creditors of the insured before commencing an action against the insurer.

XLICL and XL Europe understand that this Court, sitting as an MDL court, has an interest in resolving all similar Chinese drywall related claims.  However, it is respectfully urged that this interest does not apply when it comes to coverage issues. As this Court is aware, the JPML, in denying transfer of insurance coverage cases to this MDL, acknowledged that while the coverage disputes have a common factual backdrop involving the general circumstances of Chinese drywall-related damage, this commonality is insufficient to justify transfer.  It found that insurance coverage questions are likely to involve application of the Amended Complaint to the policy language under the applicable state law, and much of the motion practice and other pre-trial proceedings in the MDL No. 2047 would be inapplicable to the coverage issues.  The JMPL reasoning applies with equal force in showing that the exercise of jurisdiction over XL Europe and XLICL would violate traditional notions of fair play and substantial justice.

Just as this Court and the Fifth Circuit have ruled for other insurers, personal jurisdiction does not exist here against XLICL or XL Europe.  *Travelers*, 798 F.2d at 833; *Louis Dreyfus Corp. v. Inter-Industry Ins. Co.*, 723 F.Supp. 375, 379-380 (E.D. La. 1989); *Andrieu v. Countrywide Home Loans, Inc.*, No. 04-3516, 2006 WL 2117713, at *4 (E.D. La. July 26, 2006).

## IV.    INSUFFICIENCY OF SERVICE OF PROCESS

Plaintiffs failed to effectuate proper service on XLICL and XL Europe.  "When service of process is challenged, the serving party bears the burden of proving its valid it." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F. 2d 1011, 1013 (5th Cir. 1990).  Plaintiffs will be unable to meet this burden of proof.

Fed. R. Civ. Pro. 4(e) requires that service upon a nonresident be made pursuant to the law of the forum state. Louisiana requires that personal jurisdiction exist to effect service under Louisiana's long-arm statute.  La. R.S. § 13:3201.  *Jones v. Maritime Overseas Corp.*, 1993 WL 38101 (E.D. La. 1992).

Plaintiffs attempted to effectuate service upon XLICL and XL Europe solely through service on the Louisiana Secretary of State.  XL Europe and XLICL have never appointed the Louisiana Secretary of State to accept service on their respective behalf and they do not, and did not, transact any business in Louisiana that would serve as a basis for the Louisiana Secretary of State to accept service on their respective behalf.  They are not subject to service of process through the Secretary of State.  *See* La. R.S. § 22:1907.

The affidavit of service upon XLICL states that the pleadings were served on "XL Insurance Company Ltd, aka XL Insurance America, Inc."  As the supporting affidavit demonstrates, XL Insurance America, Inc. is a separate corporate entity from XLICL. XL Insurance America, Inc. is not authorized to accept service on behalf of XLICL.[26]

Plaintiffs' attempted service through the Secretary of State is not valid.  This action against XLICL and XL Europe must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(4) and (5).

## V. THE EASTERN DISTRICT OF LOUISIANA IS NOT THE PROPER VENUE FOR THE ACTION AGAINST XLICL AND XL EUROPE

Plaintiffs allege that venue in this District satisfies the requirements of 28 U.S.C. § 1391(b)(1)-(2) and (c) "because Plaintiffs and a significant number of absent class members reside in this jurisdiction and a substantial amount of the events and occurrences giving rise to these claims occurred in this District, or a substantial part of the property that is the subject of this action is situated in this district." Plaintiffs also allege that "[v]enue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict."  Amended Complaint, ¶ 3.  For XLICL and, XL Europe, these allegations are wrong as a matter of law.  This District is not the proper venue for claims against XLICL and XL Europe and the action as against them should be dismissed.

---

[26]    Wastie Affidavit, attached as Exhibit A; Affidavits of Service, attached as Exhibit B.

### A. Venue is Not Proper Under § 1391(b)(1)(2) and (c)

This is not the proper venue for this action against XLICL and XL Europe because none of the conditions set forth in 28 U.S.C. § 1391(b)(1)(2) and (c) are satisfied.

Section 1391(b)(1)(2) provides, in relevant part, as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

Section 1391 (c) provides in relevant part as follows:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

The burden is on plaintiff to demonstrate that this District is the proper venue. *Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-20 (E.D. La. 1995). Where one of the defendants is a resident of another state, venue under §1391(b)(1) is not proper. *See Faircloth v. Certified Fin., Inc.*, 2000 U.S. Dist. LEXIS 1231 *11 (E.D. La. 2000) (Section 1391(b)(1) did not apply because one of the defendants in an Eastern District of Louisiana action was a Mississippi resident).

For purposes of venue, the "substantial part" is "more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *University Rehab. Hosp., Inc. v. Int'l Coop. Cons., Inc.*, 2006 U.S. Dist. LEXIS 29316 *7 (W.D.

La. 2006), citing *Daniel v. Am. Bd. Of Emerg. Med.*, 428 F.3d 408, 432-33 (2d Cir. 2005).  In the absence of material acts within the forum that bear a close nexus to the claims, the substantiality necessary to support venue is lacking.  *Id.*

Federal courts focus on activities of defendants.[27]  *In re Conmaco/Rector, L.P.*, 348 B.R. 362 (Bankr. E.D. La. 2005).  Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial. *McClintock v. Sch. Bd. E. Feliciana Parish*, 2008 U.S. Dist. LEXIS 2437 (W.D. La. 2008).  Even if the effects of defendant's actions that gave rise to the plaintiff's claims were felt in the district, that does not suffice to authorize venue. *Id.*  "The general rule is that venue must be established for each separate cause of action and for each defendant." *Burkitt v. Flawless Records, Inc.*, No. 03-2483, 2005 U.S. Dist. LEXIS 11986 at *14 (E.D. La. June 13, 2005).

Plaintiffs are wrong to allege that a substantial number of the events and occurrences giving rise to their claims occurred in this District.  The homes of the plaintiffs who assert claims against XLICL and XL Europe are not located in Louisiana. These plaintiffs do not reside in Louisiana. Lennar, Morrison Homes and Beazer are not domiciled in Louisiana.

Plaintiffs' allegations demonstrate that none of the events and none of the property giving rise to this action have a connection with Louisiana. The classes that plaintiffs seek to certify are:

> Subclass 1, which consists of all owners and residents of real property located in Louisiana containing Chinese drywall and all owners and residents of real property containing Chinese drywall located in the United States where the policy of insurance sued

---

[27]     Plaintiffs' factual allegations in support of their choice of venue are wrong. Plaintiffs are wrong when they allege that they all reside in Louisiana. As already demonstrated, not one of the plaintiffs asserting claims against XL Europe and XLICL reside in Louisiana. While there is no definitive means to test plaintiffs' statement that a significant number of absent class members reside in Louisiana, the listing of plaintiffs' residences in Schedule 1 and the location of the involved homes alleged in the Amended Complaint certainly show that many class members do not reside, and the subject homes are not located, in Louisiana.  See Schedule 1 which lists the current residences of the plaintiffs and the allegations in the Amended Complaint concerning the location of the involved homes. Amended Complaint, ¶¶ 6-378.

upon was written or delivered in Louisiana. Amended Complaint,
¶ 645:

> Subclass 2, which consists of all owners and residents of real
> property containing Chinese drywall, where the Insured Defendant
> was the distributor, supplier, importer, exporter, broker, builder
> developer, contractor or installer of the property and where the
> Insurance Company provided an insurance policy. Amended
> Complaint, ¶ 646.

Clearly, plaintiffs allege that the class is nationwide in scope, the locations of the homes
are nationwide and the substantial part of the events that allegedly support plaintiffs' claim have
no connection with Louisiana.  In fact, Subclass 2, in which Louisiana is never mentioned,
consists of claims against the insurers. Amended Complaint, ¶¶ 646, 647.[28]

With respect to contracts, the place where a contract is made or performed can establish
proper venue. *American Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. 1981)
(holding that under an earlier version of § 1391 venue is proper at the place of performance in an
action for breach of contract). In the context of insurance contracts, the insured's principal place
of business, the place the policy was negotiated and delivered, the place from which the
insurance premiums were paid, and location of the underlying claim are significant to the venue
determination. *Starnet Ins. Co. v. Fueltrac, Inc.*, No. 08-1644, 2009 WL 1210508 at *2 (W.D.
La. May 1, 2009); *PIC Group, Inc. v. Landcoast Insulation, Inc.*, No. 09-461, 2009 U.S. Dist.
LEXIS 81234 at *3-*4 (W.D. La. Sept. 8, 2009) (venue was improper under § 1391(a)(2) where

---

[28]     The Amended Complaint contains no factual allegations supporting plaintiffs' assertion that
venue in the District satisfies 28 U.S.C 1391 (b)(1).  Nor can they. Under § 1391(b)(1), the action may be
brought in "a judicial district where any defendant resides, if all defendants reside in the same State." For
the purposes of venue under the statue, a corporation is "deemed to reside in any judicial district in *which
it is subject to personal jurisdiction* at the time the action is commenced." 28 U.S.C. § 1391(c).
(Emphasis added). This court lacks personal jurisdiction over XL Europe and XLICL, as demonstrated
above. Various other defendants in this action, including Residential Drywall, Gryphon Construction,
Nautilus Insurance Company, Overlook Point, Venture Supply, and Parallel Design have filed motions to
dismiss for lack of personal jurisdiction. As this Court lacks personal jurisdiction over one or more of the
defendants, all defendants do not reside in Louisiana. Accordingly, this District is not the proper venue
under § 1391(b)(1).

the insurance policy was issued in Louisiana but the accident for which coverage was sought occurred outside Louisiana); *Orleans Limousines & Transp. v. Hurd Ins. Agency*, No. 02-2742, 2003 U.S. Dist. LEXIS 3899 at *5-*6 (E.D. La. Mar. 13, 2003) (venue was improper under § 1391(a)(2) where contract claims had no connection with Louisiana)

Section 1391(a)(2) does not apply based on the allegations in the Amended Complaint. Plaintiffs' allegations show that the principal places of business of Lennar, Beazer and Morrison Homes are not Louisiana; there are no allegations that the insurance policies issued by XLICL or XL Europe were negotiated and/or delivered in Louisiana, or that the insurance premiums were paid to XLICL or XL Europe in Louisiana.

Plaintiffs allege no activity in Louisiana by XLICL, XL Europe, Lennar, Beazer and Morrison Home with respect to the subject XLICL or XL Europe policies or claims against them. The claims against Lennar, Beazer and Morrison Home are for property damage and/or bodily injury arising from Chinese drywall installed in their homes located in Florida. For these reasons, the substantial part of the events or omissions giving rise to this coverage dispute did not occur in Louisiana, and thus, venue is not proper under § 1391(b)(2).

Plaintiffs also allege that venue is proper under 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the JPML. Amended Complaint, ¶ 3. As noted above, neither the statute nor the Order establish that this District is the proper venue for the plaintiffs to file this action against XLICL or XL Europe. See also *National Union Fire Ins. Co. of Pittsburgh, PA v. Beta Construction, LLC*, 2010 U.S. Dist. LEXIS 108266 (M.D. Fla. September 24, 2010), citing Orders Denying Transfer entered by JPML on June 15, 2010 and August 9, 2010 ("[t]he declaratory judgment actions related to the use of the Chinese-manufactured drywall may implicate similar legal issues, but while consistent legal rulings are often a thankful by-product

of centralization, Section 1407 does not, as a general rule, empower the Panel to transfer cases solely due to the similarity of legal issues.  The insurance coverage questions in these cases are likely to be decided by an application of the complaint to the policy language under the applicable state law, and the insurance company that might benefit the most from the efficiencies of centralization opposes transfer of these cases. In these circumstances, the similarity of legal issues alone is not enough to justify transfer.")

Accordingly, venue for this coverage action against XLICL and XL Europe is not proper in this District.

## VI.    CONCLUSION

For all of the independent reasons set forth herein, all of plaintiffs' claims against XLICL and XL Europe must be dismissed under federal law and/or the applicable state law.

**WHEREFORE** Defendants XL Insurance Company Limited and XL Insurance Company Limited as successor to XL Europe Limited pray that this Court dismiss all claims against them with prejudice and at plaintiffs' sole cost.  In the alternative, defendants pray that these claims be dismissed without prejudice and at plaintiffs' sole cost.

Respectfully submitted,

*Martin A. Stern*
MARTIN A. STERN, T.A. (#17154)
JEFFREY E. RICHARDSON (#2323)
CHRISTINE S. FORTUNATO (#30505)
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210
Martin.Stern@arlaw.com
Jeff.Richardson@arlaw.com
Christine.Fortunato@arlaw.com

STEPHEN M. MARCELLINO
RICHARD S. OELSNER
JENNIFER ALAMPI
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
3 Gannett Drive
White Plains, NY 10604-3407
Telephone:  (914) 323-7000
Facsimile:  (914) 323-7001
Stephen.Marcellino@wilsonelser.com
Richard.Oelsner@wilsonelser.com
Jennifer.Alampi@wilsonelser.com

***Attorneys For XL Insurance Company Limited,
and XL Insurance Company Limited as successor
to XL Europe Limited***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhk.com and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

*Jeffrey E. Richardson*
JEFFREY E. RICHARDSON