UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047<br><br>SECTION: "L" (2) |
| PERTAINS TO:<br><br>*AMATO, et. al, v. LIBERTY MUTUAL INSURANCE COMPANY, et. al.*<br>Civil Action No.: 10-932 | JUDGE: FALLON<br><br>MAGISTRATE: WILKINSON |

**DEFENDANT HANOVER AMERICAN INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS <u>UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)</u>**

Pursuant to the Court's order of March 2, 2011, defendant Hanover American Insurance Company ("Hanover") respectfully submits this memorandum of law in support of its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). As discussed below, this motion should be granted because the Hanover policies at issue are exhausted and there is, therefore, no justiciable "case or controversy" between plaintiffs and Hanover, and subject matter jurisdiction therefore does not exist.[1]

---

[1] Hanover has also joined the motion to dismiss under Rule 12(b)(1) filed by the Insurer Steering Committee ("ISC"). This motion is submitted separately because it raises issues not addressed in the motion filed by ISC. Additionally, and pursuant to the Court's March 2, 2011 Order, which expressly allows the filing of partial Rule 12(b) motions without waiving any right to assert other Rule 12(b) motions that raise other issues at a later time, Hanover reserves the right to assert different Rule 12(b) motions at a later time and does not intend to waive any such defenses.

I.  **Factual Background**

Hanover is alleged in the amended complaint to have insured certain Banner Supply-related entities ("Banner") under three contracts of primary insurance. *See* Am. Compl., Schedule 2, p. 3. National Union Fire Insurance Company of Pittsburgh and other Chartis-related entities are identified in the amended complaint as providing Banner with excess insurance above the primary coverage provided by Hanover American Insurance Company. *Id.*

Although not stated in the amended complaint, each of the Hanover policies issued to Banner provided maximum limits of liability of $2 million, for a total maximum of $6 million in coverage under all Hanover policies. *See* Countersigned Letter Agreement dated July 2, 2010 (attached hereto as Exhibit A).[2] In or around June 2010, Banner reached an agreement with Chartis, by which the defense of Banner in drywall-related litigation was transferred from Hanover, which had been defending Banner under a reservation of rights, to Chartis. That agreement was, which Hanover joined, was subsequently reduced to a written agreement signed by all parties. *See* Exhibit A. The defense was transferred from a law firm retained by Hanover to defend Banner, to a firm selected by Chartis. As part of that agreement, Hanover tendered and paid to Chartis $6 million, representing the full limits available under the subject Hanover policies. *See* Exhibit A. Banner, Chartis and Hanover expressly agreed that upon Hanover's payment to Chartis, Hanover's policies would be fully exhausted, and Hanover would have no further obligation to Banner and/or Chartis for defense or indemnity costs. *Id.*

---

[2] The Court may consider undisputed facts not set forth in the complaint in resolving a motion to dismiss under Rule 12(b)(1). *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 881 (5th Cir. 1992) (affirming dismissal for lack of subject matter jurisdiction).

II.  **Hanover Should Be Dismissed For Lack Of Subject Matter Jurisdiction Because The Policies Issued To Banner Are Exhausted, And Therefore There Is No "Case Or Controversy" On Which Subject Matter Jurisdiction May Be Predicated.**

It is fundamental that in order for a federal court to have subject matter jurisdiction over an action, there must be a "case or controversy" between the parties that the Court can adjudicate. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In order for an "actual controversy" to exist between the parties, "[t]here must be a substantial controversy ... between parties having adverse legal interests." *Wolfer v. Thaler*, 525 F.2d 977, 979 (5th Cir.), *cert. denied*, 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 800 (1976). An "actual controversy" must exist not only at the inception of the litigation, but throughout the litigation. *Environmental Conservation Organization v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008) (dismissing case for lack of subject matter jurisdiction, where the matter in dispute became moot). Moreover, "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot," thereby depriving the Court of subject matter jurisdiction. *Id.*, at 527. A case becomes moot where, as is the case here, the parties "lack a legally cognizable interest in the outcome of the litigation." *Id.*

Since the Hanover policies issued to Banner are fully exhausted, and because Hanover has no further obligations under those policies (either defense or indemnity), there is no actual case or controversy for this Court to adjudicate. Put another way, the Court will not be called upon to construe the Hanover policies or to adjudicate the parties' rights and obligations under those policies. Because Hanover tendered the policies to Chartis and obtained both Chartis's and Banner's agreement that all of its obligations under those policies have been fully discharged, Hanover does not have a sufficient ongoing interest in the resolution of this litigation, and

dismissal is appropriate because there is nothing for the Court to adjudicate with regard to Hanover.

In fact, the Court previously recognized that Hanover has no significant interest in the resolution of this action, by excusing it from attending an otherwise mandatory mediation of Banner-related claims. *See* 3/21/11 Order excusing Hanover from Mediation in *Hobbie v. RCR Holdings II, LLC* (Rec. Doc. 8301). Under these circumstances, dismissal for lack of jurisdiction is warranted and appropriate because Hanover has no "personal stake" in the litigation, which deprives this Court of jurisdiction. *See, e.g., Texas Midstream Gas Services, LLC v. City of Grand Prairie* 608 F.3d 200, 205 (5th Cir. 2010) (a claim is moot and jurisdiction is lacking if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome"); *Tectrans, Inc. v. New Orleans Aviation Bd.*, 695 F. Supp. 2d 313, 318 (E.D.La. 2010) ("The 'case or controversy' requirement of Article III of the United States Constitution prohibits federal courts from considering questions that cannot affect the rights of the litigants in the case before them").

### III.  Conclusion

For the foregoing reasons, Hanover American Insurance Company respectfully requests that the Court enter an order dismissing them from this action.

Respectfully submitted,

/s/ John P. Malloy
John P. Malloy
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-8200
Fax: (860) 275-8299
jmalloy@rc.com

Attorneys for Hanover American Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/ John P. Malloy
John P. Malloy