# ROBINSON & COLE LLP

JOHN P. MALLOY

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
jmalloy@rc.com
Direct (860) 275-8337

July 2, 2010

**Via Email and First Class Mail**

Richard A. Hodyl, Jr.
Hinkhouse Williams Walsh LLP
180 North Stetson Street, Suite 3400
Chicago, Illinois 60601

Michael P. Peterson
Peterson & Espino, P.A.
8900 SW 117th Avenue, Suite C-104
Miami, FL 33186

   Re: Banner Supply Co.

Dear Messers Hodyl and Peterson:

  I write in response to Mr. Scalise's letter of June 24th to Chris Devine of Hanover American Insurance Company ("Hanover"), and further to prior correspondence and communications concerning the tender of limits of liability of policies of insurance issued by Hanover to Banner Supply.

  As you know, Hanover issued the following policies to certain Banner-related entities ("Banner"), as more specifically defined in those policies:  policy no. ZZJ8740164-00; policy no. ZZJ8740164-02; and policy no. ZZJ8740164-03 (the "Hanover Policies").  The maximum aggregate limit of those policies is $6 million. Based upon the parties' prior communications, including conversations between counsel for the parties, it is Hanover's understanding that in exchange for Hanover's tender of $6 million, Banner will recognize and acknowledge that Hanover has fully discharged its obligations to Banner under the Hanover Policies.  At Banner's request, the $6 million payment will be made directly to Chartis, Banner's excess insurer, rather than to Banner.  Banner and Chartis recognize and agree that the payment of $6 million fully exhausts the Hanover Policies, and that Hanover shall have no further obligation to Banner and/or Chartis for defense costs or indemnity costs.

  We further understand, based upon Mr. Scalise's letter to Mr. Peterson of June 4, 2010, that Chartis has already taken over the defense Banner in the drywall-related litigation, and will continue to defend Banner in those claims, including but not



*Law Offices*

BOSTON

PROVIDENCE

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

ALBANY

SARASOTA

*www.rc.com*

# ROBINSON & COLE LLP

July 2, 2010
Richard A. Hodyl, Jr.
Michael P. Peterson
Page 2 of 3

limited to the *Seifart* action. Additionally, since Chartis assumed Banner's defense in the *Seifart* action prior to trial, Chartis will be responsible for the ongoing defense of that case, including all post-verdict conduct of the defense. In this regard, since Chartis has already assumed the defense of Banner in the *Seifart* action, it is Chartis, not Hanover, that is obligated to arrange to have an appellate bond posted.

Hanover's payment as described herein is predicated upon the nature of the claims against Banner, the terms of the Hanover Policies, and governing law. The payment is not intended to be and should not be construed as an admission that drywall-related claims asserted against other Hanover insureds are covered or may be covered. Additionally, the payment described in this letter is without prejudice to Hanover's subrogation rights, which are fully preserved.

Finally, at Chartis' request, payment of the $6 million will be by check payable to National Union. The check will reference file number 169-302323 and will be sent directly to Dawn Papandrea via Federal Express at the following address:

> Dawn Papandrea
> Operations Manager
> Chartis Insurance Company
> 175 Water Street, 21st Floor
> New York, NY 10038
> 212.458.5732

I trust the foregoing properly sets forth our agreement. If so, please return an executed copy of this letter to my attention as quickly as possible. Thank you for your attention to this matter.

Sincerely,

John P. Malloy

Agreed:

_____
Michael P. Peterson
Counsel for Banner Supply Co.

Agreed:

_____
Richard A. Hodyl
Counsel for Chartis Insurance Co.



Case 2:09-md-02047-EEF-MBN   Document 8347-2   Filed 03/24/11   Page 3 of 4

# ROBINSON & COLE LLP

July 2, 2010
Richard A. Hodyl, Jr.
Michael P. Peterson
Page 3 of 3


cc:    Terry Johnson
        William Makimoto
        Christopher J. Devine



# ROBINSON & COLE LLP

July 2, 2010
Richard A. Hodyl, Jr.
Michael P. Peterson
Page 2 of 3

limited to the *Seifart* action. Additionally, since Chartis assumed Banner's defense in the *Seifart* action prior to trial, Chartis will be responsible for the ongoing defense of that case, including all post-verdict conduct of the defense. In this regard, since Chartis has already assumed the defense of Banner in the *Seifart* action, it is Chartis, not Hanover, that is obligated to arrange to have an appellate bond posted.

Hanover's payment as described herein is predicated upon the nature of the claims against Banner, the terms of the Hanover Policies, and governing law. The payment is not intended to be and should not be construed as an admission that drywall-related claims asserted against other Hanover insureds are covered or may be covered. Additionally, the payment described in this letter is without prejudice to Hanover's subrogation rights, which are fully preserved.

Finally, at Chartis' request, payment of the $6 million will be by check payable to National Union. The check will reference file number 169-302323 and will be sent directly to Dawn Papandrea via Federal Express at the following address:

> Dawn Papandrea
> Operations Manager
> Chartis Insurance Company
> 175 Water Street, 21st Floor
> New York, NY 10038
> 212.458.5732

I trust the foregoing properly sets forth our agreement. If so, please return an executed copy of this letter to my attention as quickly as possible. Thank you for your attention to this matter.

Sincerely,

John P. Malloy

Agreed: _____

Michael P. Peterson
Counsel for Banner Supply Co.

Agreed: _____

Richard A. Hodyl
Counsel for Chartis Insurance Co.

