UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | CASE NO. 2:09-MD-02047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION L |
| | ) | |
| | ) | JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. | ) | |
| 2:10-cv-00932) | ) | MAG. JUDGE WILKINSON |

<u>TRAVELERS MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SEVER PURSUANT TO RULE 20 AND 21 OF THE
FEDERAL RULES OF CIVIL PROCEDURE</u>

<u>INTRODUCTION</u>

Plaintiffs' "Omnibus" Amended Complaint purports to join the independent and
unrelated claims of hundreds of individual Plaintiffs against dozens of completely distinct and
unrelated Defendants, each which is alleged to be a distributor, supplier, importer, exporter, or
manufacturer of Chinese drywall, or a builder or developer that allegedly used defective Chinese
drywall (the "Insured Defendants"). Plaintiffs also add to that completely unmanageable hodge-
podge of claims by purporting to interject insurance coverage issues on top of the already highly-
individualized claims against the Insured Defendants -- insurance coverage claims exactly like
those the Judicial Panel on Multidistrict Litigation ("JPML") *expressly* refused to transfer into

this MDL.  Specifically, Plaintiffs allege claims against ***98 different insurers*** based upon the alleged wrongful acts committed by the dozens of distinct Insured Defendants.[1]

  The claims of each individual Plaintiff are improperly joined because they do not meet the mandatory requirements of Rule 20 of the Federal Rules of Civil Procedure.  Simply put, the claims of any single Plaintiff do not arise from the same transaction or occurrence or series of transactions or occurrences as any other individual Plaintiff's claims.[2]  In fact, these claims are wholly unrelated except for being purportedly relate to the broad subject of Chinese drywall.  This type of relationship is insufficient for purposes of joinder, as a legion of courts (including this one) have held.  Moreover, a substantial percentage of the claims at issue have no connection whatsoever to Louisiana, and thus, cannot meet the venue requirements even if they were properly joined (which they are not).  Accordingly, these claims should be severed and separate individual suits should be filed in an appropriate venue, as required by the Federal Rules of Civil Procedure.[3]

---

[1] This Motion is being filed pursuant to the Court's March 2, 2011 Order (R. Doc. 7793), which expressly allows the filing of partial Rule 12(b) motions without waiving any right to assert other Rule 12(b) motions raising other issues at a later time.  Accordingly, Travelers expressly reserve all their rights to assert different Rule 12(b) motions at a later time and does not intend to waive any such motions.

[2] The Rule 20 "same transaction or occurrence" test applies a different standard and a different test than what constitutes an "occurrence" under an insurance policy, which largely depends on the specific language of the policy as well as the facts of the underlying claim.  The Insurance Company Defendants in fact contend that the claim(s) at issue here do not meet the definition of "occurrence" under their respective policies.  As to Rule 20, the claims at issue here are filed by different plaintiffs against different Insured Defendants, which cannot meet the Rule 20 test.  Nothing contained herein should be read to mean that the joining of claims filed by multiple plaintiffs against the same Insured Defendant would fail Rule 20's test.  Similarly, nothing contained herein should be read to mean that multiple claims asserted against a single Insured Defendant relating to that Insured Defendant's alleged sale, use, distribution, or manufacture of Chinese drywall would, depending on the language of the Insured Defendants' policy, constitute more than a single occurrence for purposes of that Insured Defendant's insurance coverage.

[3] Many of the claims are barred by the governing state law, which prohibits direct actions against insurance companies.  As to these claims neither this Court nor any other court has subject

## LEGAL STANDARDS

The joinder of claims by different plaintiffs is governed by Rule 20 of the Federal Rules of Civil Procedure.  Under Rule 20, different plaintiffs *may* join their claims in one action if, *and only if*, the claims satisfy two requirements, they must:  (1) arise from the "same transaction or occurrence," or "series of transactions or occurrences," *and* (2) involve a "common question of law or fact."  Fed. R. Civ. P. 20(a); *see also Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (holding that joinder of plaintiffs is only allowed if these two requirements are both met); *In re Vioxx Prods. Liab. Litig.*, No. 08-3627, 2008 U.S. Dist. LEXIS 95097, at *25-27 (E.D. La. Oct. 21, 2008) (Fallon, J.) (granting motion to sever, holding that Rule 20's test was not met in complex class action suit); *Sucherman v. Metro. Prop. & Cas. Inc. Co.*, No. 06-8765, 2007 U.S. Dist. LEXIS 36883, at *4-7 (E.D. La. May 21, 2007) (stating that "plaintiffs cannot rely on the fact that one natural disaster, Hurricane Katrina, caused the damage to all of their properties as a basis for joining their claims against [their common insurer] . . . .  [A]side from Hurricane Katrina as the cause, the claims against [the insurers] do not" meet the Rule 20 test).

## BACKGROUND

On March 19, 2010, Plaintiffs and the Plaintiff Steering Committee ("PSC") filed this *Amato* "Omnibus V" Complaint asserting claims against distributors, suppliers, importers, exporters, or manufacturers of Chinese drywall, or builders or developers that allegedly used defective Chinese drywall (the "Insured Defendants") on behalf of individuals who allege they have such drywall in their home.  Plaintiffs also assert claims against the "Insurance Company

---

matter jurisdiction.  Thus, most of the claims at issue cannot properly be refiled, and nothing contained herein should be read to concede otherwise.

Defendants," including Travelers,[4] that allegedly issued commercial general liability ("CGL") policies to those Insured Defendants.  Specifically, Plaintiffs assert claims relating to homes that are located in at least 6 states:  Louisiana, Florida, Georgia, Virginia, Alabama, and Mississippi, and that relate to CGL policies that were issued or delivered in these states as well as other states besides Louisiana.  Many of the Insurance Company Defendants and Insured Defendant have little or no connection with Louisiana.

Despite the lack of connection with Louisiana for many of these claims, this action was originally filed in the Eastern District of Louisiana pursuant to the Class Action Fairness Act, and was assigned case number 2:10-cv-00932.  (*See* Rec. Doc. No. 1 in Case No. 2:10-cv-00932 (E.D. La.).)  Next, the case was administratively transferred to this MDL by the clerk's office, presumably based on its determination that the allegations in this Complaint were sufficient to qualify this action as a "tag-along action" under this Court's Pretrial Order 1 at ¶¶ 2-3.  No specific order, findings, or motions in that regard were made by this Court or any party.  On May 11, 2010, the PSC filed the Amended Complaint, which is the operative pleading at issue in this Motion.  (Rec. Doc. No. 3132.)  Plaintiffs' Amended Complaint purports to join the claims of approximately 420 Plaintiffs as well as a putative nationwide class against approximately 94 different Insured Defendants.  (*See generally* Am. Compl. at ¶¶ 6-622.)  Plaintiffs purport to assert a nationwide class action, and allege ***99 subclasses*** based on each of the 98 insurers named in the Amended Complaint.  (Am. Compl. at ¶¶ 644-647.)  The Amended Complaint alleges fourteen separate causes of actions against various groups of defendants.  (*Id*. at ¶¶ 659-773.)

---

[4] "Travelers" refers to Defendants The Travelers Indemnity Company of Connecticut, Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois, St. Paul Fire & Marine Insurance Company, and The Standard Fire Insurance Company.

## ARGUMENT

**I.     The Claims Of Over 400 Plaintiffs In This Suit Are Improperly Joined Because They Do Not Meet The Rule 20 Requirements For Joinder.**

Plaintiffs' Amended Complaint improperly joins the claims of over 400 Plaintiffs that do not arise out of the same transaction or occurrence or series of transactions or occurrences as required under the Rule 20 test.  These claims are insufficiently related because for joinder purposes, they arise from different transactions and occurrences on two independent levels:  (1) the different insurer-insured relationships and policies; and (2) the different Plaintiff to Insured Defendant relationships.[5]

**A.     The insurance-related claims, standing alone, do not meet the Rule 20 test.**

A legion of courts have recognized that it is improper to join claims against different insurers even if the claims might relate to the same type of loss: for example Hurricane Katrina-related property claims.  *See, e.g., Accardo v. Lafayette Ins. Co.*, No. 06-8568, 2007 U.S. Dist. LEXIS 6859, at *20 n.8 (E.D. La. Jan. 30, 2007) (holding that joinder of Hurricane Katrina-related claims against multiple insurers was improper under either Louisiana procedural rules or Rule 20, and requiring separate suits to be filed); *Comer v. Nationwide Mut. Ins. Co.*, No. 1:05CV436, 2006 U.S. Dist. LEXIS 33123, at *6 (S.D. Miss. Feb. 23, 2006) (holding plaintiffs' Hurricane-Katrina claims could not be joined under Rule 20 for several reasons, including the fact that "the particulars of coverage will vary from policy to policy and from one insurance company to the next"); *Vaz v. Allstate Prop. & Cas. Co.*, No. 1:06CV481-LTS-RHW, 2006 U.S. Dist. LEXIS 63965, at *3-4 (S.D. Miss. Sept. 6, 2006) (finding claims did not meet Rule 20's

---

[5] The joinder of claims against Insured Defendants and insurers similarly does not comply with Rule 20's requirements.  Indeed, the Judicial Panel on Multidistrict Litigation has now made clear that coverage claims do not share sufficient commonality to meet the much more liberal standards for consolidation for discovery purposes under 28 U.S.C. § 1407(c).  *See, e.g., In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. 09-2047 (J.P.M.L. June 15, 2010 and Aug. 9, 2010).

requirements even though all arose out of Hurricane Katrina, and thus that each claim relating to a specific policy was required to be filed separately).

Even joinder of multiple claims by different insureds against *the same* insurer is improper.  *See, e.g., Rohr v. Metro. Ins. & Cas. Co.*, No. 06-10511, 2007 U.S. Dist. LEXIS 3612, at *7-10 (E.D. La. Jan. 17, 2007) (finding the joinder of different plaintiffs' Hurricane Katrina-related claims against the same insurer failed to meet the Rule 20 joinder test); *Campo v. State Farm Fire & Cas. Co.*, No. 06-2611, 2007 U.S. Dist. LEXIS 54757 (E.D. La. 2007) (holding that multiple plaintiffs' claims against same insurer were required to be severed because they sought to enforce separate policies); *Ducree v. Liberty Mut. Ins. Co.*, No. 06-8286, 2007 U.S. Dist. LEXIS 17865, at *5-6 (E.D. La. Mar. 12, 2007) (same); *Cresson v. State Farm Fire & Cas. Co.*, No. 06-8788, 2007 U.S. Dist. LEXIS 29365, at *3-7 (E.D. La. Apr. 19, 2007) (same); *Sucherman*, 2007 U.S. Dist. LEXIS 36883, at *4-7 (same principle, stating: "decisions from the Eastern District of Louisiana and Southern District of Mississippi have found that simply because Hurricane Katrina caused the damage in question is not sufficient, without more, to satisfy … Rule 20(a)") (citations omitted).

The reasoning of these "Hurricane Katrina" cases applies with even greater force here. There, the insurance policies at issue were similar if not identical in form and language, yet the courts in those cases still found that Rule 20 was not satisfied.  *See, e.g., Sucherman*, 2007 U.S. Dist. LEXIS 36883, at *4-7 (stating that "plaintiffs cannot rely on the fact that one natural disaster, Hurricane Katrina, caused the damage to all of their properties as a basis for joining their claims against [the defendant]").  Here, because commercial liability policies are at issue, the specific coverages vary more frequently because each Insured Defendant's underwriting criteria is unique.  For example, certain Insured Defendants conduct business in different states, and thus, the policy forms and endorsements might well differ and different governing law will

apply.  In addition, sophisticated commercial businesses like those named here often negotiate

specific provisions or coverages such that "manuscript" rather than "form" policies are issued to

them.  Hence, the contract language within the mountain of insurance policies that needs to be

interpreted vis-à-vis the underlying Chinese drywall claims will not necessarily be the same on a

policy-by-policy basis.

  In short, the law in this Judicial District is well-settled that, for joinder purposes, each

insurance relationship derives from a separate transaction or occurrence.  Therefore, joinder of

plaintiffs asserting claims against different policies is improper under Rule 20 as a matter of law,

and severance is required.

### B.   Additionally, the joinder of the claims of each Plaintiff against each Insured Defendant does not meet the Rule 20 joinder requirements.

  Beyond the impropriety of joining claims against different insurers that relate to wholly

different insureds, even the joinder of underlying claims against the different Insured Defendants

is improper under Rule 20.  Specifically, the facts relating to the installation, manufacture,

distribution of the specific Chinese drywall at issue in each Plaintiff's home will differ by state

of residence and by manufacturer, distributor, and installer.  This Court has recently recognized

these differences in analogous circumstances.  *In re Vioxx Prods. Liab. Litig.*, 2008 U.S. Dist.

LEXIS 95097, at *25-27 (granting motion to sever, holding that Rule 20's test was not met in

complex class action suit).  In finding that it was inappropriate to join plaintiffs' claims in an

analogous situation, one court stated:

> This case is analogous to a hypothetical case in which six perfect strangers
> each buy a set of defective tires through completely unrelated tire outlets,
> and then wish to join together their product-liability claims against the
> manufacturer of the tire.  Such attenuated commonality ***can not*** [satisfy]
> Fed. R. Civ. P. 20, even if the principle (the tire manufacturer or the PLM
> entities) provided to the brokers marketing materials to promote the same of
> its products.

*Koch v. PLM Int'l*, No. 97-0177-BH-C, 1997 U.S. Dist. LEXIS 20111, at \*11 (S.D. Ala. Sept.

24, 1997) (citations omitted) (emphasis added).

      Consistent with this Court's decision in the *Vioxx* MDL, numerous other MDL courts

have found that the claims of plaintiffs were "egregiously" misjoined in similar mass tort

situations when addressing jurisdictional issues.  As one court stated in finding that the joinder of

claims relating to allegedly defective over-the-counter diet pills was without legal basis:

> [T]he pleading presently before the court goes well beyond mere
> misjoinder.  In the instant pleading, Plaintiffs attempt to join persons from
> seven different states into one civil action who have absolutely no
> connection to each other except that they each ingested [various drugs].
> Plaintiffs do not allege that they took the same drug or combination of
> drugs.  Further, Plaintiffs do not allege that they received the drugs from the
> same source or any other similar connections.   The Complaint was
> originally filed in Montgomery County, Alabama.  Only two of the nine
> remaining Plaintiffs reside in Alabama.   Two Plaintiffs are listed as
> residents of Texas.   The remaining Plaintiffs are listed as citizens of
> California, Florida, New Jersey, North Carolina, and Pennsylvania.  The
> nonresident Plaintiffs do not allege any contact with Alabama or from a
> source located in Alabama. . . .
>
> ***Indeed, the court finds that the structure of this pleading is devoid of any
> redeeming feature as respects the underlying joinder rules.  The joinder
> of several plaintiffs who have no connection to each other in no way
> promotes trial convenience or expedites the adjudication of the asserted
> claims.  Rather, the joinder of such unconnected, geographically diverse
> plaintiffs that present individual circumstances material to the final
> outcome of their respective claims would obstruct and delay the
> adjudication process.***

*In re Diet Drugs*, No. 98-20478, 1999 U.S. Dist. LEXIS 11414, at \*15-16 (E.D. Pa., July 16,

1999) (emphasis added); *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 651-54 (S.D. Tex.

2005) (quoting and following *In re Diet Drugs*, and holding that the claims against various

manufacturers and facilities allegedly exposing the plaintiffs to silica-inhalation that led to

silicosis did not meet the Rule 20 test); *see also Williams v. Transport Service Co. of Illinois*, No.

07-3597, 2008 U.S. Dist. LEXIS 37174, at *4-6 (E.D. La. May 7, 2008) (Fallon, J.) (finding

claims arising from different underlying gas line breaches could not be joined under Rule 20).[6]

Here, not only do the Plaintiffs *not* allege that they received Chinese drywall from the

same source or any other such connections, they ***affirmatively*** allege that they *en masse* received

their Chinese drywall from dozens of different sources, different manufacturers, and that the

Chinese drywall was installed by different homebuilders in different years and in different states.

Each of these permutations is a wholly separate and unrelated transaction or occurrence for Rule

20 purposes.  Moreover, even as to Plaintiffs that have claims against overlapping Insured

Defendants, such as a common distributor, the specifics of the installation in each Plaintiff's

home will still vary greatly depending on where the drywall was used, when that drywall was

installed, whether the home was a "mixed home" containing Chinese drywall and non-Chinese

drywall, the location of the home geographically, the existence or non-existence of centralized

air conditioning or other venting, and numerous other factors.  Thus, Rule 20 precludes of the

joinder of claims against the Insured Defendants as well.

---

[6] Indeed, numerous courts addressing product liability claims have held that Rule 20 joinder is
not met simply because the plaintiffs were all injured by the same product -- even where (unlike
here) the product came from the same manufacturer or was identical.  *See, e.g., McNaughton v.
Merck & Co.*, No. 04-8297, 2004 U.S. Dist. LEXIS 30287, at *4-5 (S.D.N.Y. Dec. 17, 2004)
(noting that in drug product liability cases the rule has emerged that "related factual or legal
issues, such as a similar injury allegedly caused by the same drug, are insufficient for Rule 20
joinder purposes"); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, MDL No. 1341, 1995 U.S.
Dist. LEXIS 10138, at *2-3 (E.D. Pa. July 15, 1995) (noting that joinder was not proper because
the allegedly defective product was purchased from different sources at different times and in
different states); *In re Baycol Prods. Liab. Litig.*, MDL No. 1431, 2002 U.S. Dist. LEXIS 28002,
at * (D. Minn. June 5, 2002) ("The fact that defendants' conduct is common to all of plaintiffs'
claims and that the legal issues of duty, breach of duty and proximate cause and resulting harm
are common do not satisfy Rule 20's requirements."); *Simmons v Wyeth Lab.*, Case No. 96-6631,
1996 U.S. Dist. LEXIS 15950, at *11-13 (E.D. Pa. Oct. 24 1996) (same principle, finding joinder
of product liability claims relating to Norplant device was improper); *In re Rezulin Prods. Liab.
Litig.*, 168 F. Supp. 2d 136, 144-46 (S.D.N.Y. 2001) (same principle); *Boschert v. Pfizer, Inc.*,
4:08-CV-1714, 2009 U.S. Dist. LEXIS 41261, at *9-11 (E.D. Mo. May 14, 2009) (same
principle).

C.      **The JPML's refusal to transfer coverage claims into this MDL further demonstrates why joinder is improper.**

The *Amato* action is an original action filed in this Judicial District -- it was not transferred here under the MDL statute by the JPML.  The JPML has repeatedly refused to transfer other insurance coverage cases into this MDL finding they lacked sufficient commonality to be included in the MDL.[7]  As the JPML concluded in these orders:

> [T]he cases seem to present strictly legal questions which require little or no centralized discovery. . . .  *Each* of the insurance coverage questions in these cases is likely to be decided by *an application of the complaint to the policy language under the applicable state law*. . . .  For all of these reasons, the Panel concludes that inclusion of these actions in MDL No. 2047 would not achieve sufficient conveniences or other benefits to justify transfer under 28 U.S.C. § 1407.

(*Id.*)  The JPML's reasons for refusing to transfer such coverage claims to this MDL simply reinforces the fundamental point that the joinder of coverage claims with the underlying claims against the Insured Defendants is not appropriate.  Indeed, as set forth in the Insurance Steering Committee's Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) of

---

[7]      *See* Order Vacating Conditional Transfer Order of *General Fid. Ins. Co. v. Foster*, No. 9:09-80743 (S.D. Fla. Dec. 2, 2009); Order Denying Transfer of *Builders Mut. Ins. Co. v. Dragas Mgt. Corp.*, No. 2:09-185 (E.D. Va. Feb. 5, 2010); Order Denying Transfer of *Taylor Woodrow Communities at Vasari LLC v. Mid-Continent Cas. Co.*, No. 09-823 (M.D. Fla. June 15, 2009), *Chartis Specialty Ins. Co., et al. v Banner Supply Co., et al.*, No. 10-339 (M.D. Fla June 15, 2009), and *General Fid. Ins. Co. v. Foster*, No. 09-80743 (S.D. Fla. June 15, 2009); Order Vacating Condition Transfer Order of *Mid-Continent Cas. Co. v. Pate*, No. 2:10-121 (M.D. Fla. Aug. 9, 2010), *Mid-Continent Cas. Co. v. Centerline Homes Const., Inc.*, No. 0:10-60484 (S.D. Fla. Aug. 9, 2010), *Mid-Continent Cas. Co. v. Design Drywall of South Florida, LLC*, No. 1:10-20861 (S.D. Fla. Aug. 9, 2010), and *Mid-Continent Cas. Co. v. Precision Drywall, Inc.*, No. 9:10-80457 (S.D. Fla. Aug. 9, 2010); Order Denying Transfer of *Amerisure Ins. Co. v. Albanese Popkin The Oaks Dev. Group, LP*, No. 9:09-81213 (S.D. Fla. Aug. 2010); Order Denying Transfer of *Taylor Morrison, Inc. v. American Int'l Specialty Lines Ins. Co.*, No. 8:10-1347 (M.D. Fla. Oct. 8, 2010), *Mid-Continent Cas. Co. v. Active Drywall South, Inc.*, No. 1:10-20859 (S.D. Fla. Oct. 8, 2010), and *Mid-Continent Cas. Co. v. JDM Builders, Inc.*, No. 1:10-20862 (S.D. Fla. Oct. 8, 2010); Order Denying Transfer of *Lennar Corp. v. Nautilus Ins. Co.*, No. 1:10-21909 (S.D. Fla. Dec. 2, 2010); Order Denying Transfer of *Naionwide Mut. Ins. Co. v. The Overlook, LLC*, No. 4:10-69 (E.D. Va. Feb. 3, 2011).

the Federal Rules of Civil Procedure, most of the claims in this case are governed by the law of states that do not allow the joinder of such claims.

    **D.**    **The putative class allegations are facially defective and do not alter the fact that the Plaintiffs' claims cannot be joined under Rule 20.**

The fact that the Amended Complaint purports to allege a putative class action does not alter the Rule 20 joinder requirements.[8]  As a threshold matter, no single Plaintiff has standing to sue any of the Insured Defendants other than those alleged to have been involved with the specific Chinese drywall alleged to have caused that particular plaintiff's injury.  *Grant v. Gilbert*, 324 F.3d 383, 390 (5th Cir. 2003) ("A plaintiff who never had standing to pursue the full claims of the class lacks a personal stake in litigating certification"); *Johnson v. City of Dallas, Texas*, 61 F.3d 442, 445 (5th Cir. 1995) ("If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.") (quotation omitted); *In re Taxable Mun. Bonds Litig.*, Case No. MDL 863, 1993 U.S. Dist. LEXIS 10997 at *17 (E.D. La. Aug. 6, 1993) (applying this rule, stating:  "a class has standing against multiple defendants so long as ***each defendant*** is subject to the claims of ***at least one named class representative***.") (emphasis added); *see also Henry v. Circus Circus Casinos*, 223 F.R.D. 541, 544 (D. Nev. 2004) (same principle).

---

[8] While outside the scope of this motion, the putative class action pled here is facially defective for many reasons, including the highly-individualized nature of the claims as discussed herein. To the extent this motion is not granted, The Insurance Company Defendants reserve their right to move to strike the class action allegations on this basis as well given that there is simply no basis for alleging that the class asserted here can possibly meet Rule 23's requirements.  *See, e.g., John v. Nat. Sec. Fire & Cas. Co.*, Case No. 06-1407, 2006 WL 3228409 (W.D. La. Nov. 3, 2006) *aff'd*, 501 F.3d 443 (5th Cir. 2007) (striking class action allegations because, on the face of the pleadings, claims against insurer were too individualized to meet the predominance requirement of Rule 23); *Nguyen v. St. Paul Travelers*, 2008 WL 4534395 (E.D. La. Nov. 6, 2008) (same); *Aguilar v. Allstate Fire & Cas. Ins. Co.*, 2007 WL 734809 (E.D. La. Mar. 6, 2007) (same).

Thus, the joinder of the various Plaintiffs under Rule 20 was a condition precedent to having the ability to even attempt to plead the massive putative class alleged here.  But because Rule 20 does not allow such joinder, there can be no class asserted against all the Defendants in this case.  *See, e.g. Turpeau v. Fidelity Financial Services, Inc.*, 936 F. Supp. 975, 978-79 (N.D. Ga. 1996) *aff'd*, 112 F.3d 1173 (11th Cir. 1997) (finding improper joinder under Rule 20(a) where plaintiffs filed a class action against various unrelated lenders and life insurance companies for alleged credit life insurance overcharges; even though plaintiffs complained of similar practices, the claims did not arise from the same transaction or series of transactions because "each credit transaction was made by different Plaintiffs with different Defendants" and thus the plaintiffs could not join their claims in order to allege a class against the various defendants).

As one district court has stated in addressing a similar "massive lawsuit" intended to cover an entire industry:

> The instant action appears to be just such a suit described in *La Mar*:  a massive lawsuit intended to cover the entire "mobile home industry."  For the same reasons discussed in *La Mar*, plaintiffs fail to meet the requirements of typicality and adequacy of representation under Rule 23(a) because plaintiffs have not alleged any injury caused by even one of the 282 defendants sued, much less all of them.  Even if the individual plaintiffs were to amend the complaint to assert that they purchased specific mobile homes from specific defendants, and that plaintiffs were each injured as a result of alleged defects, the plaintiffs still could not maintain a class action against all 282 mobile home defendants for the reasons discussed in *La Mar*:  such plaintiffs cannot meet the Rule 23(a) requirements of "typicality" or "adequacy of representation" as to claims against defendants with whom they had no dealings.  ***In fact, it is even doubtful that under the more permissive joinder provisions of Rule 20, plaintiffs could join in the same lawsuit individual mobile home manufacturers from whom they purchased defective homes -- even if all problems of standing were overcome***.

*Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp. 2d 805, 825-26 (W.D. La. 2003) (dismissing claims because the pleadings failed to include sufficient allegations to demonstrate that any

plaintiff had standing to sue the 282 mobile home manufacturing defendants) (emphasis added) (citations and quotations omitted).  Here, just like in the cases above, Plaintiffs cannot meet Rule 20's requirements.

### E.    Plaintiffs' own allegations further demonstrate that joinder is improper.

The scant allegations that are contained in Plaintiffs' Amended Complaint demonstrate that Plaintiffs are consciously aware that their claims are not connected, and therefore, could not be legally joined under Rule 20.  Specifically, Plaintiffs assert *99 subclasses* based on each of the 98 insurers named in the Complaint.  (Am. Compl. at ¶¶ 644-647.)  The allegation of separate subclasses for each insurer confirms that even Plaintiffs recognize that the claims alleged against each respective insurer are separate and distinct from the claims against each of the other 98 insurers.

Moreover, Plaintiffs' Amended Complaint does not contain any allegations regarding the specifics of any claim between any particular Plaintiff and any particular Defendant.  Rather, the Amended Complaint is merely comprised of generalized and conclusory allegations that completely violates the requirements of Rule 8(a).[9]  (*See* Am. Compl. ¶¶ 623-643, 659-773.) The lack of any allegations demonstrating a factual basis for Plaintiffs' claims against any particular Defendant serves to bolster the conclusion that the claims are misjoined because the Plaintiffs already prolix Complaint is unable to satisfy even the minimal pleading standards required to set forth a basis for their claims.

---

[9] "To survive a Rule 12(b)(6) motion to dismiss, a complaint . . . must provide the plaintiff's grounds for entitlement to relief including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Culliver v. Taylor*¸ 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555-566).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).  "Nor does a complaint suffice if it tenders 'naked assertion[s], devoid of 'further factual enhancement.'"  *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 557).

**II.    Even If Plaintiffs' Claims Were Properly Joined Under Rule 20 (And They Are Not), Severance Would Still Be Warranted Under Rule 21.**

Here, severance is warranted even if the Plaintiffs somehow could satisfy the requirements for joinder, which, as shown above, they cannot.  Pursuant to Rule 21, the Court "may . . . sever any claim against a party."  The Court has "broad discretion" to sever claims under Rule 21.  *See Brunet v. United Gas Pipeline Co.,* 15 F. 3d 500, 505 (5th Cir. 1994). Severance under Rule 21 creates "separate actions or suits where previously there was but one." *Allied Elevator, Inc. v. East Texas State Bank,* 965 F. 2d 34, 36 (5th Cir. 1992) (citation omitted). Severance under Rule 21 is appropriate even where the requirements for permissive joinder are satisfied.  *See, e.g., United States v. O'Neil,* 709 F.2d 361, 369 (5th Cir. 1983) (rejecting argument that "Rule 21 may be used only to cure misjoinder of parties," holding that the rule "is not so limited").  Where, as here, "different injuries, different damages, different defensive postures" and other individualized factors will be so dissimilar as to make the management of the joined claims impractical, severance is warranted.  *Demboski v. CSX Transp., Inc*., 157 F.R.D. 28, 30 (S.D. Miss. 1994); *see also Albarado*, 787 So. 2d at 439 (severance is appropriate because the "[c]umulation of unrelated claims is unfair" to defendant "given the absence of a common operative set of facts").

The prejudice that the Defendants would suffer if forced to participate in a single trial of all Plaintiffs' claims is obvious.  The unrelated evidence concerning the differing claims asserted against the nearly 200 different defendants would inevitably lead to jury confusion.  *See*, *e.g.*, *Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 518 (N.D. Ill. 2000) (severing action because "[t]he jury may simply resolve the confusion [created by five different factual situations] by considering all the evidence to pertain to all the plaintiffs' claims, even when it is relevant to only one plaintiff's case"); *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 790 (N.D. Ga. 1994)

(severing claims because of the "tremendous danger that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus, prejudicing defendant with respect to the other plaintiffs' claims").  As one court stated, "[e]ven if tolerably permitted by [Federal Rule of Civil Procedure] 20(a)," where joinder of defendants will prejudice defendants or create significant difficulties in judicial administration, such concerns "far outweigh any financial saving and convenience to plaintiff.…"  *Movie Sys., Inc. v. Abel*, 99 F.R.D. 129, 130 (D. Minn. 1983).

Here, completely different witnesses and documentary proof will be required for the insurance-related claims and the claims against the Insured Defendants.  For example, the witnesses and evidence related to claims against Insured Defendants will likely relate to those Insured Defendants' use and sale of Chinese drywall, their actions or omissions in installing that product in Plaintiffs' home, their knowledge of problems with Chinese drywall, and/or their failure to warn Plaintiffs about the drywall.  Conversely, the witnesses and evidence related to the Plaintiffs' claims against insurers will relate to the specific liability insurance contracts between the relevant Insured Defendants and their respective insurers, which will vary (sometimes significantly) from policy to policy and from insurer to insurer.

Simply put, there is nothing common about any of these claims except that they involve Chinese drywall, which is a broad general label that is meaningless in the context of the actual evidence and issues that will arise in this litigation.  Refusing to sever these claims will simply increase the complexity and expenses of the litigants, which is yet another reason that warrants severance.  *See also Rohr v. Metropolitan Ins. & Cas. Co*., 2007 WL 163037 (E.D. La. Jan. 17, 2007) (finding unique and distinct claims arising from Hurricane Katrina were not properly joined, and further holding:  "severance is also warranted in this instance under Rule 21 because a consolidated trial will result in undue prejudice to Metropolitan.  Any practical benefits

accrued through the conservation of judicial resources are likely to be outweighed by the burden imposed on Metropolitan in defending multiple claims, with different factual scenarios, in one trial"); *Campo v. State Farm Fire and Cas. Co*.,  2007 WL 2155792, *3 (E.D. La. July 26, 2007) (in granting motion to sever, noting "[a]ny practical benefit accrued through the conservation of judicial resources will be outweighed by the burden imposed on [Defendant] in defending multiple claims, with different factual scenarios, in one trial").

<u>**CONCLUSION**</u>

For all the foregoing reasons, Travelers respectfully request that this Court enter an order severing the Plaintiffs' claims under Rule 20 of the Federal Rules of Civil Procedure, or alternatively under Rule 21 of the Federal Rules of Civil Procedure.

Respectfully submitted by,

/s/ Seth A. Schmeeckle
Ralph S. Hubbard III, T.A., La. Bar 7040
Seth A. Schmeeckle, La. Bar 27076
LUGENBUHL, WHEATON, PECK, RANKIN
& HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Phone:  (504) 568-1990
Fax:  (504) 310-9195
Email:  rhubbard@lawla.com
        sschmeeckle@lawla.com

And

Donna J. Vobornik
Daniel E. Feinberg
Anthony T. Eliseuson
SNR DENTON US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL  60606-6404
Phone:  (312) 876-8000
Fax:  (312) 876-7934
Email:  donna.vobornik@snrdenton.com
        daniel.feinberg@snrdenton.com
        anthony.eliseuson@snrdenton.com

*Defendants The Travelers Indemnity Company of Connecticut, Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois, St. Paul Fire & Marine Insurance Company, and The Standard Fire Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Travelers Memorandum of Law in Support of Motion to Sever Pursuant to Rule 20 and 21 of the Federal Rules of Civil Procedure** been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

 */s/ Seth A. Schmeeckle*
Seth A. Schmeeckle