UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIATION<br><br>**This document relates to:**<br><br>DEAN and DAWN AMATO, *et al.*<br>v.<br>LIBERTY MUTUAL INSURANCE COMPANY, *et al.*<br>Civil Action No. 10-0932 | MDL NO. 2047<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAJ. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FILED BY GREENWICH INSURANCE COMPANY**

This Court should dismiss plaintiffs' claims against Defendant Greenwich Insurance Company ("Greenwich") for several separate and independent reasons:

1. Lack of subject matter jurisdiction pursuant to F.R.C.P. §12(b)(1) because of:[1]

• The lack of a prior judgment or settlement against the insureds that could give rise to a direct action against Greenwich; and,

• Plaintiffs' improper commencement of the litigation against Greenwich in this Multi-District Litigation.

2. Improper venue pursuant to F.R.C.P. §12(b)(3).[2]

**I.   STATEMENT OF FACTS**

   **A.   The Claims Against Greenwich**

The procedural history of the commencement of the *Amato* action is set forth in the brief submitted by the Insurer Steering Committee in support of the motion to dismiss pursuant to F.R.C.P. § 12(b)(1). In their Amended Complaint, plaintiffs assert claims against certain insured

---

[1] Greenwich is among the moving insurers in the motion and brief filed by the Insurers' Steering Committee for lack of subject matter jurisdiction based upon the lack of a prior judgment or settlement and plaintiffs' improper use of this MDL that is being separately filed.

[2] Greenwich recognizes that this Court has authorized the insurers to proceed with motions to dismiss on personal jurisdiction and subject matter grounds. Greenwich has also included in this motion improper venue as an additional bases for dismissal to be in compliance with F.R.C.P. § 12 (b).

defendants—distributors, suppliers, importers, exporters, brokers, builders, developers, contractors or installers of homes containing Chinese drywall—and against the respective liability insurers who issued general liability, excess or umbrella policies to those insured defendants. As to those insurance companies against whom there is no claim under the Louisiana Direct Action Statute—which (as shown below) is the case for Greenwich—the only applicable claims are Count I (declaratory judgment, ¶¶ 577-581) and Count XIV (equitable and injunctive relief and medical monitoring, ¶¶ 679-691).

Plaintiffs sued Greenwich pursuant to a policy that is identified in Schedule 2, attached to the Amended Complaint.[3] Plaintiffs allege that Greenwich issued a policy to Taylor Woodrow, Inc.[4] Plaintiffs allege that the Greenwich policy is a primary insurance policy.[5]

### B.     Residences of the Parties

According to the Amended Complaint, the plaintiffs suing Greenwich (indicated in Schedule 1 to plaintiffs' Amended Complaint) do not reside in Louisiana, nor are any of plaintiffs' homes that allegedly contain Chinese drywall located in Louisiana. The four plaintiffs suing Greenwich allege that they own homes containing Chinese drywall in Florida and that they reside in Florida, Illinois and New Jersey.[6] No claims are asserted against Greenwich related to homes situated in Louisiana.[7] Taylor Woodrow is alleged to have its principal place of business in Arizona.[8]

---

[3]     The policy is attached as Exhibit A.
[4]     *See* Schedule 1, attached to Amended Complaint, pp. 132-33 (naming Greenwich Insurance Company).
[5]     Amended Complaint, Schedule 2, p. 44 (Greenwich general liability policy to Taylor Woodrow).
[6]     Amended Complaint ¶¶ 7, 160, 286, 388 (the four plaintiffs suing Greenwich on the policy issued to Taylor Woodrow; one couple resides in Florida, one couple and one plaintiff reside in New Jersey, and one plaintiff resides in Illinois).
[7]     *See supra* notes 1-4.
[8]     Amended Complaint ¶ 604.

Greenwich is (correctly) alleged to be a Delaware corporation with its principal place of business in Delaware.[9]

There is no allegation that Greenwich issued an insurance policy to any Louisiana homebuilder. Plaintiffs allege that Greenwich issued a policy to Taylor Woodrow and that Taylor Woodrow is organized under the laws of Florida and has a principal place of business in Arizona.[10]

## II.   LACK OF SUBJECT MATTER JURISDICTION

Greenwich seeks dismissal based upon a lack of subject matter jurisdiction on two grounds:

1. The plaintiffs, who are not insureds, are not judgment or settlement creditors.

2. The PSC improperly commenced this action against Greenwich in the MDL.

Greenwich joins the motion to dismiss served and filed by The Insurer Steering Committee on both of the above grounds

With respect to the first basis, the brief submitted by the Insurer Steering Committee in support of the motion recites the substantive law of Florida, one of the two jurisdictions alleged by Plaintiffs in the Amended Complaint to have a connection to Taylor Woodrow, which is Greenwich's insured. The first basis for dismissal is also briefed in detail in the Memorandum in Support of Motion to Dismiss Filed by XL Insurance Company Limited ("XLICL") and XL Insurance Company Limited as Successor to XL Europe Limited ("XL Europe"), a brief that is also being filed this same date. Greenwich hereby adopts all of the arguments contained in that Memorandum.

---

[9]   Amended Complaint ¶ 475.
[10]   Amended Complaint ¶ 607.

As for the other jurisdiction alleged to have a connection to Taylor Woodrow based on that company's alleged principal place of business, Arizona, the law in that state is the same as the law of Florida on the inability of a plaintiff who is not an insured to sue an insurance company before the plaintiff is a judgment or settlement creditors. An "injured party must first obtain a judgment against [the] insured before he has any remedy against" the insurer. *Western Cas. & Sur. Co. v. Evans*, 130 Ariz. 333, 336 (App. 1981); *Sandoval v. Chenoweth*, 102 Ariz. 241, 245 (1967).

Greenwich also adopts and incorporates herein the arguments contained in the Insurer Steering Committee's Memorandum showing that the PSC cannot create subject matter jurisdiction by simply filing this case in this District and asserting that it is related to the MDL.

## III. THE EASTERN DISTRICT OF LOUISIANA IS NOT THE PROPER VENUE FOR THE ACTION AGAINST GREENWICH

Greenwich also seeks dismissal because the Eastern District of Louisiana is not the proper venue. The arguments in support of this basis for dismissal are briefed in detail in the Memorandum in Support of Motion to Dismiss Filed by XLICL and XL Europe, a brief that is also being filed on this same date. Greenwich hereby adopts all of the arguments contained in that Memorandum.

## IV. CONCLUSION

For all of the reasons set forth herein, all of plaintiffs' claims against Greenwich must be dismissed under federal law and/or the applicable state law.

**WHEREFORE** Defendant Greenwich Insurance Company prays that this Court dismiss all claims against it with prejudice and at plaintiffs' sole cost. In the alternative, defendant prays that these claims be dismissed without prejudice and at plaintiffs' sole cost.

Respectfully submitted,

*Martin A. Stern*
MARTIN A. STERN, T.A. (#17154)
JEFFREY E. RICHARDSON (#2323)
CHRISTINE S. FORTUNATO (#30505)
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Martin.Stern@arlaw.com
Jeff.Richardson@arlaw.com
Christine.Fortunato@arlaw.com

STEPHEN M. MARCELLINO
RICHARD S. OELSNER
JENNIFER ALAMPI
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, NY 10604-3407
Telephone: (914) 323-7000
Facsimile: (914) 323-7001
Stephen.Marcellino@wilsonelser.com
Richard.Oelsner@wilsonelser.com
Jennifer.Alampi@wilsonelser.com

*Attorneys For Greenwich Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhk.com and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

*Jeffrey E. Richardson*
JEFFREY E. RICHARDSON