1114

SUPPLEMENTARY PAYMENTS − COV-
ERAGES A AND B.

b. This insurance applies to "bodily injury"
and "property damage" only if:

   (1) The "bodily injury" or "property dam-
   age" is caused by an "occurrence"
   that takes place in the "coverage
   territory"; and

   (2) The "bodily injury" or "property dam-
   age" occurs during the policy pe-
   riod.

c. Damages because of "bodily injury" in-
clude damages claimed by any person
or organization for care, loss of ser-
vices or death resulting at any time from
the "bodily injury".

2. **Exclusions**

This insurance does not apply to:

a. **Expected Or Intended Injury**

   "Bodily injury" or "property damage"
   expected or intended from the stand-
   point of the insured. This exclusion does
   not apply to "bodily injury" resulting from
   the use of reasonable force to protect
   persons or property.

b. **Contractual Liability**

   "Bodily injury" or "property damage" for
   which the insured is obligated to pay
   damages by reason of the assumption
   of liability in a contract or agreement.
   This exclusion does not apply to liability
   for damages:

   (1) That the insured would have in the
   absence of the contract or agree-
   ment; or

   (2) Assumed in a contract or agreement
   that is an "insured contract", pro-
   vided the "bodily injury" or "prop-
   erty damage" occurs subsequent to
   the execution of the contract or
   agreement. Solely for the purposes
   of liability assumed in an "insured
   contract", reasonable attorney fees
   and necessary litigation expenses
   incurred by or for a party other than
   an insured are deemed to be dam-
   ages because of "bodily injury" or
   "property damage", provided:

      (a) Liability to such party for, or for
      the cost of, that party's defense
      has also been assumed in the same
      "insured contract"; and

      (b) Such attorney fees and litigation
      expenses are for defense of that
      party against a civil or alterna-
      tive dispute resolution proceed-
      ing in which damages to which
      this insurance applies are alleged.

c. **Liquor Liability**

   "Bodily injury" or "property damage" for
   which any insured may be held liable by
   reason of:

   (1) Causing or contributing to the intoxi-
   cation of any person;

   (2) The furnishing of alcoholic bever-
   ages to a person under the legal
   drinking age or under the influence
   of alcohol; or

   (3) Any statute, ordinance or regulation
   relating to the sale, gift, distribution
   or use of alcoholic beverages.

   This exclusion applies only if you are in
   the business of manufacturing, distrib-
   uting, selling, serving or furnishing alco-
   holic beverages.

d. **Workers' Compensation And Similar Laws**

   Any obligation of the insured under a
   workers' compensation, disability ben-
   efits or unemployment compensation law
   or any similar law.

e. **Employer's Liability**

   "Bodily injury" to:

   (1) An "employee" of the insured arising
   out of and in the course of:

      (a) Employment by the insured; or

      (b) Performing duties related to the
      conduct of the insured's busi-
      ness; or

   (2) The spouse, child, parent, brother
   or sister of that "employee" as a con-
   sequence of Paragraph **(1)** above.

   This exclusion applies:

   (1) Whether the insured may be liable
   as an employer or in any other ca-
   pacity; and

   (2) To any obligation to share damages
   with or repay someone else who
   must pay damages because of the
   injury.

   This exclusion does not apply to liability
   assumed by the insured under an "in-
   sured contract".

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

9S2001 Ed. 4−99

1115

f.  **Pollution**

(1)  "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a)  At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

(i)  "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

(ii)  "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

(iii)  "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

(b)  At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c)  Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible;

(d)  At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly

on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

(i)  "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

(ii)  "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

(iii)  "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire"; or

(e)  At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the opera–

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

1116

tions are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

(2) Any loss, cost or expense arising out of any:

(a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

g. **Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent;

(2) A watercraft you do not own that is:

(a) Less than 51 feet long; and

(b) Not being used to carry persons or property for a charge;

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership, main-

tenance or use of aircraft or watercraft;

(5) "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment"; or

(6) An aircraft you do not own that you charter with crew.

h. **Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

(1) The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

(2) The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

i. **War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

j. **Damage To Property**

"Property damage" to:

(1) Property you own, rent, or occupy;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises.

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1)**, **(3)** and **(4)** of this exclusion do not apply to "property damage"

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

1117

to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Tenants Legal Liability as described in **SECTION III – LIMITS OF INSURANCE.**

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products–completed operations hazard".

k. **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

l. **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products–completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n. **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, in-

spection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

o. **Professional**

(1) "Bodily injury" or "property damage" arising out of the rendering of or failure to render any professional service, including but not limited to:

(a) Accounting, advertising, architectural, drafting, engineering, financial, insurance or legal services, advice and instruction;

(b) Medical, cosmetic, dental, ear piercing, hair dressing, massage, physical therapy, veterinary, nursing, surgical or x–ray services, advice and instruction;

(c) Use of any tanning booth, tanning bed, tanning equipment or tanning device;

(d) Laboratory operations or services, whether medical or not; and

(e) Services performed as a funeral director or as an operator of a cemetery; and

(f) Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming.

(2) This exclusion does not apply to:

(a) Pharmacological services if:

(i) You do business as a retail drug store and do not manufacture or compound in bulk pharmaceuticals for sale by others; and

(ii) The "bodily injury" or "property damage" is not caused by the willful violation of a penal statute or ordinance relating to the sale of phar-

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

1118

maceuticals by or with the knowledge or consent of any insured;

   (b) Optical or hearing aid services, including the prescribing, preparation, production, mounting, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid services.

p. **Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

Exclusions **c.** through **o.** do not apply to "property damage" to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to Tenants Legal Liability, as described in **SECTION III — LIMITS OF INSURANCE.**

## COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

1. **Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in **SECTION III — LIMITS OF INSURANCE;** and

   (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS — COVERAGES A AND B.**

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "cov-

erage territory" during the policy period.

2. **Exclusions**

This insurance does not apply to:

a. "Personal and advertising injury":

   (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

   (2) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

   (3) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

   (4) Arising out of the willful violation of a penal statute or ordinance committed by or at with the consent of any insured;

   (5) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;

   (6) Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement";

   (7) Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement";

   (8) Arising out of the wrong description of the price of goods, products or services stated in your "advertisement";

   (9) Committed by an insured whose business is advertising, broadcasting, publishing or telecasting. However, this exclusion does not apply to Paragraphs **14.a., b.** and **c.** of "personal and advertising injury" under **SECTION V — DEFINITIONS;** or

   (10) Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

1119

b. Any loss, cost or expense arising out of any:

(1) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

## COVERAGE C. MEDICAL PAYMENTS

1. **Insuring Agreement**

   a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

      (1) On premises you own or rent;

      (2) On ways next to premises you own or rent; or

      (3) Because of your operations;

      provided that:

      (1) The accident takes place in the "coverage territory" and during the policy period;

      (2) The expenses are incurred and reported to us within three years of the date of the accident; and

      (3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

   b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

      (1) First aid administered at the time of an accident;

      (2) Necessary medical, surgical, x–ray and dental services, including prosthetic devices; and

      (3) Necessary ambulance, hospital, professional nursing and funeral services.

2. **Exclusions**

   We will not pay expenses for "bodily injury":

   a. To any insured.

   b. To a person hired to do work for or on behalf of any insured or a tenant of any insured.

   c. To a person injured on that part of premises you own or rent that the person normally occupies.

   d. To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

   e. To a person injured while taking part in athletics.

   f. Included within the "products–completed operations hazard".

   g. Excluded under Coverage A.

   h. Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

## SUPPLEMENTARY PAYMENTS – COVERAGES A AND B

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

   a. All expenses we incur.

   b. The cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

   c. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

   d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

   e. All costs taxed against the insured in the "suit".

   f. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

9S2001 Ed. 4–99

1120

g. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

2. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

b. This insurance applies to such liability assumed by the insured;

c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

f. The indemnitee:

(1) Agrees in writing to:

(a) Cooperate with us in the investigation, settlement or defense of the "suit";

(b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

(c) Notify any other insurer whose coverage is available to the indemnitee; and

(d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

(2) Provides us with written authorization to:

(a) Obtain records and other information related to the "suit"; and

(b) Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph 2.b.(2) of SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

a. We have used up the applicable limit of insurance in the payment of judgments or settlements; or

b. The conditions set forth above, or the terms of the agreement described in Paragraph f. above, are no longer met.

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

1121

Your subsidiaries, and subsidiaries of subsidiaries, are insureds if:

(1) They are legally incorporated entities; and

(2) You own more than 50% of the voting stock in them as of the effective date of this policy.

If such subsidiaries are not shown in the Declarations, you must report them to us within 180 days of the inception of this policy.

2. Each of the following is also an insured:

a. Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:

(1) "Bodily injury" or "personal and advertising injury":

(a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while that co-"employee" is either in the course of his or her employment or performing duties related to the conduct of your business;

(b) To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of Paragraph (1)(a) above;

(c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or

(d) Arising out of his or her providing or failing to provide professional health care services.

(2) "Property damage" to property:

(a) Owned, occupied or used by,

(b) Rented to, in the care, custody or control of, or over which physical control is being exer-

cised for any purpose by you, any of your "employees", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

b. Any person (other than your "employee"), or any organization while acting as your real estate manager.

c. Any person or organization having proper temporary custody of your property if you die, but only:

(1) With respect to liability arising out of the maintenance or use of that property; and

(2) Until your legal representative has been appointed.

d. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

e. Any person or organization with whom you agree, because of a written contract, to provide insurance such as is afforded under this policy, but only with respect to liability arising out of your operations, "your work" or facilities owned or used by you.

This provision does not apply:

(1) To any vendor, concessionaire, lessor of leased equipment, grantor of a franchise, engineer, architect or surveyor; or

(2) Unless the contract has been signed prior to the date of "bodily injury", "property damage", or "personal or advertising injury".

f. Any person or organization to whom you are obligated by virtue of a written "insured contract" to provide insurance such as is afforded by this policy, but only with respect to liability arising out of the ownership, maintenance, or use of that part of any premises leased to you. This does not apply to:

(1) Any "occurrence" that takes place after you cease to be a tenant on those premises.

(2) Structural alterations, new construction or demolition operations performed by or on behalf of such insured.

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

1122

g. Any state or political subdivision, but only as respects legal liability incurred by the state or political subdivision solely because it has issued a permit in connection with premises you own, rent, or control for one of the hazards listed below:

(1) The existence, maintenance, repair, construction, erection, or removal of advertising signs, awnings, canopies, cellar entrances, coal holes, driveways, manholes, marquees, hoistaway openings, sidewalk vaults, street banners or decorations and similar exposures;

(2) The construction, erection or removal of elevators; or

(3) The ownership, maintenance or use of any elevators covered by this insurance.

3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

a. "Bodily injury" to a co–"employee" of the person driving the equipment; or

b. "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

4. Any organization you newly acquire or form, other than a partnership or joint venture, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

a. Coverage under this provision is afforded only until the 180th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

c. Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III – LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

a. Insureds;

b. Claims made or "suits" brought; or

c. Persons or organizations making claims or bringing "suits".

2. The General Aggregate Limit is the most we will pay for the sum of:

a. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products–completed operations hazard"; and

b. Damages under Coverage B.

The General Aggregate Limit applies separately to each location owned by or rented to you. Location, as used here, means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right–of–way of a railroad.

3. The Products–Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products–completed operations hazard".

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

a. Damages under Coverage A; and

b. Medical expenses under Coverage C

because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6. Subject to 5. above, the Tenants Legal Liability Limit is the most we will pay under


Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

1123

Coverage **A** for damages because of "property damage" to any one premises, while rented to you or temporarily occupied by you with permission of the owner, arising out of any one "occurrence".

7. Subject to **5.** above, the Medical Expense Limit is the most we will pay under Coverage **C** for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

1. **Bankruptcy**

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or "offense" took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

   e. Knowledge of "occurrence", claim or "suit" by an agent, servant or "employee" of an insured (other than an officer or partner) does not imply knowledge by the insured unless the insured has received notice from the agent, servant or "employee".

   f. Failure by an agent, servant or "employee" of an insured (other than an "executive officer", manager or partner) to notify us of an "occurrence" will not be considered a failure to comply with paragraphs **a.** and **b.** above.

3. **Legal Action Against Us**

   No person or organization has a right under this Coverage Part:

   a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

   b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

   A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

4. **Motor Vehicle Laws**

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

1124

With respect to "mobile equipment" to which this insurance applies:

a. When this Coverage Part is certified as proof of financial responsibility under the provisions of any motor vehicle financial responsibility law, the insurance provided by the Coverage Part for Bodily Injury Liability or Property Damage Liability will comply with the provisions of the law to the extent of the coverage and limits of insurance required by that law.

b. We will provide any liability, uninsured motorists, underinsured motorists, no-fault or other coverages required by any motor vehicle insurance law. We will provide the required limits for those coverages.

5. **Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

a. **Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

b. **Excess Insurance**

This insurance is excess over:

(1) Any of the other insurance, whether primary, excess, contingent or on any other basis:

(a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(b) That insures for direct physical loss to premises rented to you or temporarily occupied by you with permission of the owner;

(c) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

(d) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of

**SECTION I − COVERAGE A − BODILY INJURY AND PROPERTY DAMAGE LIABILITY.**

(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any claim or "suit" if any other insurer has a duty to defend the insured against that claim or "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c. **Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

6. **Premium Audit**

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

1125

a.  We will compute all premiums for this Coverage Part in accordance with our rules and rates.

b.  Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named Insured. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

c.  The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

7.  **Representations**

By accepting this policy, you agree:

a.  The statements in the Declarations are accurate and complete;

b.  Those statements are based upon representations you made to us; and

c.  We have issued this policy in reliance upon your representations.

8.  **Separation Of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a.  As if each Named Insured were the only Named Insured; and

b.  Separately to each insured against whom claim is made or "suit" is brought.

9.  **Transfer Of Rights Of Recovery Against Others To Us**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

This condition does not apply to Coverage C. Medical Expenses.

10. **Unintentional Errors And Omissions**

Any unintentional error or omission in the description of, or failure to completely describe, any premises or operations intended to be covered by this Coverage Part will not invalidate or affect coverage for those premises or operations. But you must report such error or omission to us as soon as practicable after its discovery.

11. **When We Do Not Renew**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the non-renewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

**SECTION V – DEFINITIONS**

1.  "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.

2.  "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease.

4.  "Coverage territory" means:

a.  The United States of America (including its territories and possessions), Puerto Rico and Canada;

b.  International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or

c.  All parts of the world if:

(1) The injury or damage arises out of:

(a) Goods or products made or sold by you in the territory described in a. above; or

(b) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; and

(2) The insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement we agree to.

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

9S2001 Ed. 4-99

1126

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

7. "Hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:

   a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

   b. A sidetrack agreement;

   c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

   d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

   e. An elevator maintenance agreement;

   f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

   Paragraph f. does not include that part of any contract or agreement:

   (1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

   (2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

       (a) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

       (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

   (3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

11. "Loading or unloading" means the handling of property:

    a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

    b. While it is in or on an aircraft, watercraft or "auto"; or

    c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

    but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck,

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

9S2001 Ed. 4-99

1127

that is not attached to the aircraft, water-craft or "auto".

12. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

   a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

   b. Vehicles maintained for use solely on or next to premises you own or rent;

   c. Vehicles that travel on crawler treads;

   d. Vehicles, whether self–propelled or not, maintained primarily to provide mobility to permanently mounted:

      (1) Power cranes, shovels, loaders, diggers or drills; or

      (2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

   e. Vehicles not described in **a, b, c.** or **d.** above that are not self–propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

      (1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

      (2) Cherry pickers and similar devices used to raise or lower workers;

   f. Vehicles not described in **a, b, c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

   However, self–propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

      (1) Equipment with a gross vehicle weight of 1000 lbs. or more and designed primarily for:

         (a) Snow removal;

         (b) Road maintenance, but not construction or resurfacing; or

         (c) Street cleaning;

      (2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

      (3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication of material that violates a person's right of privacy;

   f. Misappropriation of advertising ideas or style of doing business; or

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Products–completed operations hazard":

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      (1) Products that are still in your physical possession; or

      (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

         (a) When all of the work called for in your contract has been completed.

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

1128

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b. Also includes "bodily injury" and "property damage" arising from the consumption of food or beverages sold, handled or distributed as "your product" at any premises you own or rent.

c. Does not include "bodily injury" or "property damage" arising out of:

(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the "loading or unloading" of that vehicle;

(2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

(3) Products or operations for which the classification, listed in this Coverage Part, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Your product" means:

a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1) You;

(2) Others trading under your name; or

(3) A person or organization whose business or assets you have acquired; and

b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

b. The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

21. "Your work" means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

b. The providing of or failure to provide warnings or instructions.

SECTION VI – NUCLEAR ENERGY LIABILITY EXCLUSION

The insurance does not apply:

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

1129

1. Under any Liability Coverage, to "bodily injury" or "property damage":

   a. With respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limits of liability; or

   b. Resulting from the "hazardous properties" of "nuclear material" and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

2. Under any Medical Expenses coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

3. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from the "hazardous properties" of "nuclear material", if:

   a. The "nuclear material" (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured, or (2) has been discharged or dispersed therefrom;

   b. The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of any insured; or

   c. The "bodily injury" or "property damage" arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to "property damage" to

such "nuclear facility" and any property thereat.

As used in this exclusion:

"Hazardous properties" include radioactive, toxic or explosive properties;

"Nuclear material" means "source material," "special nuclear material," and "by-product material," which have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor";

"Waste" means any waste material (1) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (2) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

"Nuclear facility" means:

   a. Any "nuclear reactor";

   b. Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel", or (3) handling, processing or packaging "waste";

   c. Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

   d. Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

"Property damage" includes all forms of radioactive contamination of property.

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1997
Copyright, 1999, Maryland Casualty Company, as to additional text and revisions

1130

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# EXCLUSION - DESIGNATED PRODUCTS

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

## SCHEDULE

**Designated Product(s):**

This insurance does not apply to any claim, demand, suit, proceeding, liability, dispute, or request of any kind based on any injury, damage, loss, cost or expense of any nature whatsoever arising out of, in whole or in part:

1.  an "exterior insulation and finish system" or any part thereof, or any substantially similar system or any part thereof; or

2.  dry rot, excessive moisture, or any moisture-related condition in or on any building or other structure of any kind if such condition is alleged to have been caused, directly or indirectly, in whole or in part, by an "exterior insulation and finish system" or any part thereof, or any substantially similar system or any part thereof;

regardless of any other cause or event or building component that contributed concurrently or in any sequence to that injury or damage, loss, cost or expense.

For the purposes of this endorsement, an "exterior insulation and finish system" means an exterior cladding or finish system applied to any building or other structure of any kind, consisting of:

a.  A rigid or semi-rigid insulation board; and

b.  The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate; and

c.  A reinforcing mesh that is embedded in a base coat applied to the insulation board; and

d.  A finish coat providing surface texture and color;

and includes all conditioners, primers, accessories, flashings, coatings, caulkings or sealants applied or used with such a system.

However, an "exterior insulation and finish system" does not include a cement-based, enhanced stucco cladding system which:

a.  Incorporates a weather resistive building wrap; and

b.  Incorporates ribbed insulation board to provide drainage; and

c.  Is sold under the brand name "Kwik Kote(r)";

so long as that cement-based, enhanced, stucco cladding system satisfies all requirements of the applicable model building code and the applicable local building code.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of any of "your products" shown in the Schedule.

          Copyright, Insurance Services Office, Inc., 1984

1131

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ELECTRONIC DATA LIABILITY AMENDMENT ENDORSEMENT

This endorsement modifies provisions in the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

1. Paragraphs d. & e. of the definition of "personal and advertising injury" in **SECTION V – DEFINITIONS** are deleted and replaced by the following:

   d. Publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

   e. Publication, in any manner, of material that violates a person's right of privacy.

2. In **SECTION V – DEFINITIONS** paragraphs 1., 4. and 17. are deleted and replaced by the following:

   1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

      a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

      b. Regarding web–sites, only that part of a web–site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

   4. "Coverage territory" means:

      a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

      b. International waters or airspace, but only if the injury or damages occurs in the course of travel or transportation between any places in a. above; or

      c. All other parts of the world if the injury or damage arises out of :

         (1) Goods or products made or sold by you in the territory described in a. above;

         (2) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; or

         (3) "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication

      provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement we agree to.

   17. "Property damage" means:

      a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

      For the purposes of this insurance, "electronic data" is not tangible property.

9S2102 Ed. 6–01

Includes copyright material of Insurance Services Office, Inc.with its permission
Copyright, Insurance Services Office, Inc. 1997, 2000
Copyright, 2001, Zurich American Insurance Company as to additional text and revisions

1132

As used in this definition, "electronic data" means information, facts or programs stored as or on, created or used on, or transmitted to or from, computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

3.  2. Exclusions, a. (2) and (3) of SECTION I – COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY are deleted and replaced by the following:

    This insurance does not apply to:

    a. "Personal and advertising injury":

    (2) Arising out of publication of material, if done by or at the direction of the insured with knowledge of its falsity;

    (3) Arising out of publication of material whose first publication took place before the beginning of the policy period.

4.  Exclusion (9) of SECTION I – COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, a. is deleted and replaced by the following:

    (9) Committed by an insured whose business is:

    (1) Advertising, broadcasting, publishing or telecasting;

    (2) Designing or determining content of web-sites for others; or

    (3) An Internet search, access, content or service provider.

    However, this exclusion does not apply to Paragraphs 14. a., b. and c. of "personal and advertising injury" under the Definitions Section.

    For the purposes of this exclusion, the placing of frames, borders or links, or advertising for you or others anywhere on the Internet is not, by itself, considered the business of advertising, broadcasting, publishing or telecasting.

5.  The following additional exclusions are added to SECTION I – COVERAGE B. PERSONAL AND ADVERTISING INJURY, 2. Exclusions, a.:

(11) Arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over whic the insured exercises control;

(12) Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights;

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan; or

(13) Arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

Includes copyright material of Insurance Services Office, Inc.with its permission
Copyright, Insurance Services Office, Inc. 1997, 2000
Copyright, 2001, Zurich American Insurance Company as to additional text and revisions

1133

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# PREMIUM AUDIT WAIVER

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In **Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS**, Paragraph **6. Premium Audit** does not apply.

9S2092 Ed. 4-99          Copyright, 1999, Maryland Casualty Company          Page 1 of 1

1134

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ABSOLUTE ASBESTOS EXCLUSION

This endorsement modifies insurance provided under coverage parts or coverage forms as designated below. This endorsement contains two sections and each section pertains to different coverage parts or coverage forms. Please compare the coverage parts listed on the Declarations page with the coverage parts referenced in both Section 1 and 2 of this endorsement to determine the applicability of each section. PLEASE READ THIS ENTIRE EN-DORSEMENT CAREFULLY.

1.  This section applies to the following:

    – Commercial General Liability Coverage Part

    – Owners and Contractors Protective Lia-bility Coverage Part

    – Products/Completed Operations Liability Coverage Part

    – Farm Liability Coverage Form (this form is contained within the Farm Coverage Part)

Notwithstanding any other provision of this policy, the insurance provided by any of the above does not apply to any of the following:

a.  "Bodily injury," "personal injury" or "prop-erty damage" arising out of or relating in any way to asbestos; or

b.  Any claim, "suit" or proceeding arising out of or relating in any way to any demand, requirement, order, direction, determination or request that you or any other entity pay, repay or reimburse sums expended or to be expended to test for, investigate, monitor, clean up, remove, study, contain, treat, encapsu-late, control or take any other action regarding asbestos; or

c.  Any claim, "suit" or proceeding arising out of or relating in any way to any demand, requirement, order, direction, determination or request that you or any other entity test for, investigate, moni-

tor, clean up, remove, study, contain, treat, encapsulate, control or take any other action regarding asbestos; or

d.  Any sums that you become legally obli-gated to pay as damages because of the actual, alleged or threatened dis-charge, dispersal, release, leakage, leaching, friability, flaking, escape or presence of asbestos; or

e.  Any loss, cost or expense arising out of or relating in any way to asbestos.

2.  This section applies to the following:

    – Commercial Property Coverage Part

    – Farm Property Coverage Form (this form is contained within the Farm Coverage Part)

Notwithstanding any other provision of this policy, the insurance provided by any of the above does not apply to any of the following:

a.  Any physical loss or damage caused by or resulting from asbestos, regardless of any other cause or event that con-tributes concurrently or in any sequence to the loss or damage; or

b.  Any demand, requirement, order, direc-tion, determination, or request that you or any other entity pay, repay or reim-burse sums expended or to be expend-ed to test for, investigate, monitor, clean up, remove, study, contain, treat, encap-sulate, control or take any other action regarding asbestos; or

c.  Any demand, requirement, order, direc-tion, determination, or request that you or any other entity test for, investigate, monitor, clean up, remove, study, con-tain, treat, encapsulate, control or take any other action regarding asbestos; or

d.  Any sums that you become legally obli-gated to pay because of the actual, alleged or threatened discharge, dispersal,

15153 Ed. 9-89                    Page 1 of 2

1135

release, leakage, leaching, friability, flaking, escape or presence of asbestos.

However, this section does not exclude coverage for debris removal, including the removal of asbestos debris, if the debris is caused by or results from a Covered Cause of Loss that occurs during the policy period and such coverage is otherwise provid-ed under the applicable coverage part(s) (See Additional Coverages provisions of applicable coverage part). The coverage for debris removal, if any, shall be subject to all of the terms, conditions and limitations prescribed in the applicable coverage part for such coverage.



1136

COMMERCIAL GENERAL LIABILITY
CG 00 57 09 99

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AMENDMENT OF INSURING AGREEMENT - KNOWN INJURY OR DAMAGE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART (OCCURRENCE VERSION)

Paragraph **1. Insuring Agreement** of Section I – Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

      (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

      (3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

Copyright, Insurance Services Office, Inc., 1998

1137

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

  (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

  (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

  (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

Copyright, Insurance Services Office, Inc., 1998

1138

COMMERCIAL GENERAL LIABILITY

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# FUNGUS EXCLUSION

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" caused directly or indirectly, in whole or in part, by:

1. Any "fungus(es)" or "spore(s)", or

2. Any substance, vapor or gas produced by or arising out of any "fungus(es)" or "spore(s)", or

3. Any material, product, building component, building or structure that contains, harbors, nurtures or acts as a medium for any "fungus(es)" or "spore(s)"

regardless of any other cause, event, material, product and/or building component that contributed concurrently or in any sequence to that injury or damage.

For the purposes of this endorsement, the following definitions are added:

    "Fungus(es)" includes, but is not limited to, any form or type of mold, mushroom or mildew.

    "Spore(s)" means any reproductive body produced by or arising out of any "fungus(es)".

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1993, 1996
Copyright 2000 Zurich American Insurance Company as to additional text and revisions.

9S2540 Ed. 1–01

1139

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US Condition (Section **IV** − COMMERCIAL GENERAL LIABILITY CONDITIONS) is amended by the addition of the following:

We waive any right of recovery we may have against the person or organization shown in the Schedule above because of payments we make for injury or damage arising out of your ongoing operations or "your work" done under a contract with that person or organization and included in the "products−completed operations hazard". This waiver applies only to the person or organization shown in the Schedule above.

CG 24 04 10 93

Copyright, Insurance Services Office, Inc., 1992

1140

COMMERCIAL GENERAL LIABILITY
CG 21 47 07 98

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EMPLOYMENT-RELATED PRACTICES EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph 2., **Exclusions** of **Section I − Coverage A − Bodily Injury And Property Damage Liability**:

This insurance does not apply to:

"Bodily injury" to:

(1) A person arising out of any:

  (a) Refusal to employ that person;

  (b) Termination of that person's employment; or

  (c) Employment−related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment−related practices described in Paragraphs **(a)**, **(b)**, or **(c)** above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.** The following exclusion is added to Paragraph 2., **Exclusions** of **Section I − Coverage B − Personal And Advertising Injury Liability**:

This insurance does not apply to:

"Personal and advertising injury" to:

(1) A person arising out of any:

  (a) Refusal to employ that person;

  (b) Termination of that person's employment; or

  (c) Employment−related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment−related practices described in Paragraphs **(a)**, **(b)**, or **(c)** above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

CG 21 47 07 98

Copyright, Insurance Services Office, Inc., 1997

Page 1 of 1

1141

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA CHANGES -
# CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

A.  Paragraph **2.** of the **Cancellation** Common Policy Condition is replaced by the following:

2.  **Cancellation Of Policies In Effect**

a.  **For 90 Days Or Less**

If this policy has been in effect for 90 days or less, we may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, accompanied by the reasons for cancellation, at least:

(1)  10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

(2)  20 days before the effective date of cancellation if we cancel for any other reason, except we may cancel immediately if there has been:

(a)  A material misstatement or misrepresentation; or

(b)  A failure to comply with the underwriting requirements established by the insurer.

b.  **For More Than 90 Days**

If this policy has been in effect for more than 90 days, we may cancel this policy only for one or more of the following reasons:

(1)  Nonpayment of premium;

(2)  The policy was obtained by a material misstatement;

(3)  Failure to comply with underwriting requirements established by the in-

surer within 90 days of the effective date of coverage;

(4)  A substantial change in the risk covered by the policy; or

(5)  The cancellation is for all insureds under such policies for a given class of insureds.

If we cancel this policy for any of these reasons, we will mail or deliver to the first Named Insured written notice of cancellation, accompanied by the reasons for cancellation, at least:

(a)  10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

(b)  45 days before the effective date of cancellation if we cancel for any of the other reasons stated in Paragraph **2.b.**

B.  The following is added and supersedes any other provision to the contrary:

**NONRENEWAL**

1.  If we decide not to renew this policy we will mail or deliver to the first Named Insured written notice of nonrenewal, accompanied by the reason for nonrenewal, at least 45 days prior to the expiration of this policy.

2.  Any notice of nonrenewal will be mailed or delivered to the first Named Insured's last mailing address known to us. If notice is mailed, proof of mailing will be sufficient proof of notice.

CG 02 20 03 98

Copyright, Insurance Services Office, Inc., 1997

| BILL | POLICY NUMBER | TC | PRODUCER NUMBER | AC | ACCOUNT NUMBER | AUDIT |
|------|---------------|-----|-----------------|-----|------------------------|-------|
| D | PAS 41145096 | | 02063568 | 150 | MO12539435-001-00001 | NONE |

1142

BRANCH  ST  BRANCH TBD - NC                                    RP  EFF 08/29/2003



## ZURICH

### PRECISION PORTFOLIO POLICY
### COMMERCIAL AUTOMOBILE DECLARATIONS
### PRECISION AMERICA
### WHOLESALE PROGRAM

This coverage part consists of this declarations form, the common policy conditions and the coverage form and endorsements indicated as applicable on the forms list.

**ITEM ONE**      NAMED INSURED AND MAILING ADDRESS

Refer to the common declarations for the name of the insured and the business type.

**ITEM TWO**      SCHEDULE OF COVERAGES AND COVERED AUTOS

This coverage part provides only those coverages where a Symbol is shown in the Symbol column below. Each of these coverages will apply only to those "autos" shown as covered "autos." "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the BUSINESS AUTO COVERAGE FORM next to the name of the coverage.

| COVERAGES | SYMBOL<br>Entry of one or more of the Symbols from ITEM THREE (See reverse of this page) indicates what "autos" are covered. | LIMIT<br>THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS |
|-----------|:---:|---|
| **LIABILITY**<br>Includes Hired & Non-Owned "Autos" | 01 | $ 1,000,000 |
| **PERSONAL INJURY PROTECTION**<br>(or equivalent No-fault Coverage) | 05 | SEPARATELY STATED IN EACH PERSONAL INJURY ENDORSEMENT |
| **ADDED PERSONAL INJURY PROTECTION**<br>(or equivalent added No-fault Coverage) | | SEPARATELY STATED IN EACH ADDED PERSONAL INJURY ENDORSEMENT |
| **PROPERTY PROTECTION INSURANCE**<br>(Michigan Only) | | SEPARATELY STATED IN THE PROPERTY PROTECTION ENDORSEMENT |
| **AUTO MEDICAL PAYMENTS** | 07 | $       2,000 |
| **UNINSURED MOTORISTS** | | SEPARATELY STATED IN EACH UNINSURED MOTORISTS ENDORSEMENT |
| **UNDERINSURED MOTORISTS**<br>(When not included in Uninsured Motorists Coverage) | | SEPARATELY STATED IN EACH UNDER-INSURED MOTORISTS ENDORSEMENT |
| **PHYSICAL DAMAGE**<br><br>**COMPREHENSIVE COVERAGE** | 02 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS ANY DEDUCTIBLE FOR EACH COVERED AUTO, BUT NO DED. APPLIES TO LOSS CAUSED BY FIRE OR LIGHTNING. |
| | | |
| **PHYSICAL DAMAGE**<br><br>**COLLISION COVERAGE** | 02 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS ANY DEDUCTIBLE FOR EACH COVERED AUTO. |
| | | |
| **PHYSICAL DAMAGE**<br>**TOWING AND LABOR**<br>(Not Available in California) | | |
| **PHYSICAL DAMAGE**<br>**RENTAL REIMBURSEMENT** | | $     EACH DAY FOR     DAYS |

**COMMERCIAL AUTOMOBILE**

9S3001 Ed. 3-00

INSURED'S COPY                                                      05/02/2010



**ZURICH**

ITEM THREE      PRECISION POLICY COVERED AUTO SYMBOLS

PRECISION AMERICA

| SYMBOL DESCRIPTION | SYMBOL |
|---|---|
| ANY AUTO | 01 |
| ALL OWNED AUTOS | 02 |
| OWNED PRIVATE PASSENGER AUTOS | 03 |
| OWNED AUTO OTHER THAN PRIVATE PASSENGER | 04 |
| ALL OWNED AUTO WHICH REQUIRE NO-FAULT COVERAGE | 05 |
| OWNED AUTOS SUBJECT TO COMPULSORY U.M. LAW | 06 |
| AUTOS SPECIFIED ON SCHEDULE | 07 |
| HIRED AUTOS | 08 |
| NON-OWNED AUTOS | 09 |

**COMMERCIAL AUTOMOBILE**
9S3001 Ed. 3-00

| BILL | POLICY NUMBER | TC | PRODUCER NUMBER | AC | ACCOUNT NUMBER | AUDIT |
|------|---------------|-----|-----------------|-----|----------------|-------|
| D | PAS 41145096 | | 02063568 | 150 | MO12539435-001-00001 | NONE |

1144  BRANCH  ST   BRANCH TBD - NC                                            RP   EFF 08/29/2003



## ZURICH

### PRECISION PORTFOLIO POLICY
### COMMERCIAL AUTOMOBILE SCHEDULE
### PRECISION AMERICA
### WHOLESALE PROGRAM

Coverages are provided for the vehicles scheduled below only when indicated by an "X" or by the presence of a Deductible amount.

**VEH #:   01   1999   INTERNATION   F5070        FLATBED   33449   1HTTNADT6XJ001931**

GARAGED AT:
13000 AUTOMOBILE BLVD, STE 300
CLEARWATER                               FL  33762-4753

COVERAGES AND DEDUCTIBLES:

| LIABILITY | PERSONAL INJURY PROTECTION | ADDED PERS INJURY PROTECTION | PROPERTY PROTECTION (MI ONLY) | MEDICAL PAYMENTS | UNINSURED MOTORISTS | UNDER-INSURED MOTORISTS | COLLISION DEDUCTIBLE | COMPRE-HENSIVE DEDUCTIBLE | PRIV PASS TOWING & LABOR | RENTAL REIMB |
|-----------|------|------|------|------|------|------|------|------|------|------|
| X | X | | | X | | | $1,000 | $1,000 | | |

LOSS PAYEE:  COMMERCIAL LEASING CORP

**VEH #:   02   2000   STERLING   LT9500        FLATBED   33449   2FZXEWEB9YAH42609**

GARAGED AT:
13000 AUTOMOBILE BLVD, STE 300
CLEARWATER                               FL  33762-4753

COVERAGES AND DEDUCTIBLES:

| LIABILITY | PERSONAL INJURY PROTECTION | ADDED PERS INJURY PROTECTION | PROPERTY PROTECTION (MI ONLY) | MEDICAL PAYMENTS | UNINSURED MOTORISTS | UNDER-INSURED MOTORISTS | COLLISION DEDUCTIBLE | COMPRE-HENSIVE DEDUCTIBLE | PRIV PASS TOWING & LABOR | RENTAL REIMB |
|-----------|------|------|------|------|------|------|------|------|------|------|
| X | X | | | X | | | $1,000 | $1,000 | | |

LOSS PAYEE:  COMMERCIAL LEASING CORP

**VEH #:   03   2000   STERLING   LT9513        FLATBED   33449   2FZXKWDB7YAF15512**

GARAGED AT:
13000 AUTOMOBILE BLVD, STE 300
CLEARWATER                               FL  33762-4753

COVERAGES AND DEDUCTIBLES:

| LIABILITY | PERSONAL INJURY PROTECTION | ADDED PERS INJURY PROTECTION | PROPERTY PROTECTION (MI ONLY) | MEDICAL PAYMENTS | UNINSURED MOTORISTS | UNDER-INSURED MOTORISTS | COLLISION DEDUCTIBLE | COMPRE-HENSIVE DEDUCTIBLE | PRIV PASS TOWING & LABOR | RENTAL REIMB |
|-----------|------|------|------|------|------|------|------|------|------|------|
| X | X | | | X | | | $1,000 | $1,000 | | |

LOSS PAYEE:  FIRST UNION

**VEH #:   04   2001   STERLING   LT9500        FLATBED   33449   2FZHAZAN91AH60860**

GARAGED AT:
13000 AUTOMOBILE BLVD, STE 300
CLEARWATER                               FL  33762-4753

COVERAGES AND DEDUCTIBLES:

| LIABILITY | PERSONAL INJURY PROTECTION | ADDED PERS INJURY PROTECTION | PROPERTY PROTECTION (MI ONLY) | MEDICAL PAYMENTS | UNINSURED MOTORISTS | UNDER-INSURED MOTORISTS | COLLISION DEDUCTIBLE | COMPRE-HENSIVE DEDUCTIBLE | PRIV PASS TOWING & LABOR | RENTAL REIMB |
|-----------|------|------|------|------|------|------|------|------|------|------|
| X | X | | | X | | | $1,000 | $1,000 | | |

LOSS PAYEE:  FIRST UNION

**COMMERCIAL AUTOMOBILE**

9S3002 Ed. 3-00                    INSURED'S COPY                           05/02/2010

| BILL | POLICY NUMBER | TC | PRODUCER NUMBER | AC | ACCOUNT NUMBER | AUDIT |
|------|---------------|-----|-----------------|-----|----------------|-------|
| D | PAS 41145096 | | 02063568 | 150 | MO12539435-001-00001 | NONE |

1145  BRANCH  ST  BRANCH TBD - NC                                          RP   EFF 08/29/2003



# PRECISION PORTFOLIO POLICY
# COMMERCIAL AUTOMOBILE SCHEDULE
# PRECISION AMERICA
# WHOLESALE PROGRAM

Coverages are provided for the vehicles scheduled below only when indicated by an "X" or by the presence of a Deductible amount.

**VEH #:   05   2001   CHEVY        C2500          PICKUP        03499   1GCHC24U31E189959**

GARAGED AT:
13000 AUTOMOBILE BLVD, STE 300
CLEARWATER                          FL  33762-4753

COVERAGES AND DEDUCTIBLES:

| LIABILITY | PERSONAL INJURY PROTECTION | ADDED PERS INJURY PROTECTION | PROPERTY PROTECTION (MI ONLY) | MEDICAL PAYMENTS | UNINSURED MOTORISTS | UNDER-INSURED MOTORISTS | COLLISION DEDUCTIBLE | COMPRE-HENSIVE DEDUCTIBLE | PRIV PASS TOWING & LABOR | RENTAL REIMB |
|-----------|------|------|------|------|------|------|------|------|------|------|
| X | X | | | X | | | $500 | $500 | | |

LOSS PAYEE:  GMAC

**VEH #:   06   2000   CHEVY        S10            PICKUP        03499   1GCCS1951Y8257726**

GARAGED AT:
13000 AUTOMOBILE BLVD, STE 300
CLEARWATER                          FL  33762-4753

COVERAGES AND DEDUCTIBLES:

| LIABILITY | PERSONAL INJURY PROTECTION | ADDED PERS INJURY PROTECTION | PROPERTY PROTECTION (MI ONLY) | MEDICAL PAYMENTS | UNINSURED MOTORISTS | UNDER-INSURED MOTORISTS | COLLISION DEDUCTIBLE | COMPRE-HENSIVE DEDUCTIBLE | PRIV PASS TOWING & LABOR | RENTAL REIMB |
|-----------|------|------|------|------|------|------|------|------|------|------|
| X | X | | | X | | | $500 | $500 | | |

LOSS PAYEE:  GMAC

**VEH #:   07   2000   CHEVY        S10            PICKUP        03499   1GCCS1956Y8273954**

GARAGED AT:
13000 AUTOMOBILE BLVD, STE 300
CLEARWATER                          FL  33762-4753

COVERAGES AND DEDUCTIBLES:

| LIABILITY | PERSONAL INJURY PROTECTION | ADDED PERS INJURY PROTECTION | PROPERTY PROTECTION (MI ONLY) | MEDICAL PAYMENTS | UNINSURED MOTORISTS | UNDER-INSURED MOTORISTS | COLLISION DEDUCTIBLE | COMPRE-HENSIVE DEDUCTIBLE | PRIV PASS TOWING & LABOR | RENTAL REIMB |
|-----------|------|------|------|------|------|------|------|------|------|------|
| X | X | | | X | | | $500 | $500 | | |

LOSS PAYEE:  GMAC

**VEH #:   08   2002   STERLING     L9500          FLATBE        33449   2F2HA2A852AJS6053**

GARAGED AT:
13000 AUTOMOBILE BLVD, STE 300
CLEARWATER                          FL  33762-4753

COVERAGES AND DEDUCTIBLES:

| LIABILITY | PERSONAL INJURY PROTECTION | ADDED PERS INJURY PROTECTION | PROPERTY PROTECTION (MI ONLY) | MEDICAL PAYMENTS | UNINSURED MOTORISTS | UNDER-INSURED MOTORISTS | COLLISION DEDUCTIBLE | COMPRE-HENSIVE DEDUCTIBLE | PRIV PASS TOWING & LABOR | RENTAL REIMB |
|-----------|------|------|------|------|------|------|------|------|------|------|
| X | X | | | X | | | $500 | $250 | | |

LOSS PAYEE:  V.F.S.U.S. LLC

**COMMERCIAL AUTOMOBILE**

9S3002 Ed. 3-00                    INSURED'S COPY                          05/02/2010

4. 2. 2

| BILL | POLICY NUMBER | TC | PRODUCER NUMBER | AC | ACCOUNT NUMBER | AUDIT |
|------|---------------|----|-----------------|----|-----------------|-------|
| D | PAS 41145096 | | 02063568 | 150 | MO12539435-001-00001 | NONE |

1146

BRANCH  ST  BRANCH TBD - NC                                    RP   EFF 08/29/2003



# PRECISION PORTFOLIO POLICY
# SUPPLEMENTAL DECLARATIONS
# PRECISION AMERICA
# WHOLESALE PROGRAM

| COVERAGE PART(S) AND FORM OR ENDORSEMENT NUMBER | FORM OR ENDORSEMENT NAME AND FORM OR ENDORSEMENT SUPPLEMENTAL INFORMATION |
|---|---|
| AUTOMOBILE<br><br>CA9903        0797 | AUTO MEDICAL PAYMENTS COVERAGE<br>LIMIT OF INSURANCE FOR AUTO MEDICAL<br>PAYMENTS COVERAGE<br>$2,000 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

COMMERCIAL AUTOMOBILE

9S5008 Ed. 3-00                    INSURED'S COPY                    05/02/2010

| BILL | POLICY NUMBER | TC | PRODUCER NUMBER | AC | ACCOUNT NUMBER | AUDIT |
|---|---|---|---|---|---|---|
| | | | | | | NONE |
| D | PAS 41145096 | | 02063568 | 150 | MO12539435-001-00001 | |

1147

BRANCH        BRANCH TBD - NC                                      RP   EFF 08/29/2003



# PRECISION PORTFOLIO POLICY
## SUPPLEMENTAL DECLARATIONS
### PRECISION AMERICA

| COVERAGE PART(S) AND FORM OR ENDORSEMENT NUMBER | FORM OR ENDORSEMENT NAME AND FORM OR ENDORSEMENT SUPPLEMENTAL INFORMATION |
|---|---|
| AUTOMOBILE<br><br>CA9944          1293 | LOSS PAYABLE CLAUSE<br><br>COMMERCIAL LEASING CORP<br>8300 HALL ST #200<br>SHAWNEE MSN          KS 66219-1567<br><br>LOC #: 001 VEH #: 002 LOAN #: |

**COMMERCIAL AUTOMOBILE**

9S5008 Ed. 3-00                    INSURED'S COPY                    05/02/2010

| BILL | POLICY NUMBER | TC | PRODUCER NUMBER | AC | ACCOUNT NUMBER | AUDIT |
|------|---------------|-----|----------------|-----|----------------|-------|
| D | PAS 41145096 | | 02063568 | 150 | MO12539435-001-00001 | NONE |

1148

BRANCH      BRANCH TBD - NC                                                    RP    EFF 08/29/2003



## PRECISION PORTFOLIO POLICY
## SUPPLEMENTAL DECLARATIONS
## PRECISION AMERICA
### (CONTINUED)

| COVERAGE PART(S) AND FORM OR ENDORSEMENT NUMBER | | FORM OR ENDORSEMENT NAME AND FORM OR ENDORSEMENT SUPPLEMENTAL INFORMATION |
|---|---|---|
| AUTOMOBILE | | LOSS PAYABLE CLAUSE |
| CA9944 | 1293 | FIRST UNION<br>FINANCIAL CENTER<br>CLEARWATER             FL 33760 |
| | | LOC #: 001 VEH #: 003 LOAN #: |

COMMERCIAL AUTOMOBILE

9S5008 Ed. 3-00

INSURED'S COPY                                    05/02/2010

4. 4. 2

| BILL | POLICY NUMBER | TC | PRODUCER NUMBER | AC | ACCOUNT NUMBER | AUDIT |
|------|---------------|-----|-----------------|-----|-----------------|-------|
| D | PAS 41145096 | | 02063568 | 150 | MO12539435-001-00001 | NONE |

1149

| BRANCH | BRANCH TBD - NC | | RP   EFF 08/29/2003 |
|--------|-----------------|---|---------------------|



# PRECISION PORTFOLIO POLICY
## SUPPLEMENTAL DECLARATIONS
### PRECISION AMERICA
(CONTINUED)

| COVERAGE PART(S) AND FORM OR ENDORSEMENT NUMBER | | FORM OR ENDORSEMENT NAME AND FORM OR ENDORSEMENT SUPPLEMENTAL INFORMATION |
|---|---|---|
| AUTOMOBILE | | LOSS PAYABLE CLAUSE |
| CA9944 | 1293 | FIRST UNION<br>P. O. BOX 13687<br>ROANOKE          VA 24040<br><br>LOC #: 001 VEH #: 004 LOAN #: |

**COMMERCIAL AUTOMOBILE**

9S5008 Ed. 3-00

INSURED'S COPY

05/02/2010

4. 4. 3

| BILL | POLICY NUMBER | TC | PRODUCER NUMBER | AC | ACCOUNT NUMBER | AUDIT |
|------|---------------|----|-----------------|----|-----------------|--------|
| D | PAS 41145096 | | 02063568 | 150 | MO12539435-001-00001 | NONE |

1150

BRANCH         BRANCH TBD - NC                                                    RP    EFF 08/29/2003



## PRECISION PORTFOLIO POLICY
## SUPPLEMENTAL DECLARATIONS
## PRECISION AMERICA
### (CONTINUED)

| COVERAGE PART(S) AND FORM OR ENDORSEMENT NUMBER | | FORM OR ENDORSEMENT NAME AND FORM OR ENDORSEMENT SUPPLEMENTAL INFORMATION |
|---|---|---|
| AUTOMOBILE | | LOSS PAYABLE CLAUSE |
| CA9944 | 1293 | GMAC INSURANCE SERVICE CENTER P.O. BOX 2525 HUDSON         OH 44236 |
| | | LOC #: 001 VEH #: 005 LOAN #: |

COMMERCIAL AUTOMOBILE

9S5008 Ed. 3-00

INSURED'S COPY                                    05/02/2010

4. 4. 4