UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>(Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | CASE NO. 2:09-MD-02047<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

MARYLAND CASUALTY COMPANY, STEADFAST INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY, AND ZURICH AMERICAN INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEVER PURSUANT TO RULE 20 OF THE FEDERAL RULES OF CIVIL PROCEDURE

## INTRODUCTION

The *Amato* Amended Complaint involves several claims against Defendants Maryland Casualty Company ("MCC"), Steadfast Insurance Company ("Steadfast"), American Guarantee and Liability Insurance Company ("AGLIC"), American Zurich Insurance Company ("AZIC"), and Zurich American Insurance Company ("ZAIC") (collectively, "the Zurich Companies") for which this Court has no subject-matter jurisdiction.[1] Those claims ("the Non-Louisiana Claims") were improperly joined to this action, and should be dismissed pursuant to Federal Rule of Civil Procedure 20 because none of them arise from the "same transaction or occurrence," or involve a "common question of law or fact," that connects them to any claims over which this Court has jurisdiction. Accordingly, as explained further below, all of the Non-

---

[1] See the Zurich Companies' Motion to Dismiss Claims Pursuant to Rule 12(b)(1).

Louisiana claims against the Zurich Companies listed in the attached list (*Exhibit A hereto*) should be dismissed from this action.[2]

## LAW AND ARGUMENT

I.  **Joinder Requires Claims To Both Arise Out Of The "Same Transaction Or Occurrence" And Involve A "Common Question of Law or Fact."**

The joinder of claims by different plaintiffs is governed by Rule 20 of the Federal Rules of Civil Procedure. Under Rule 20, different plaintiffs may join their claims in one action if, and only if, the claims satisfy two requirements: they must both (1) arise from the "same transaction or occurrence," or "series of transactions or occurrences," and (2) involve a "common question of law or fact." Fed. R. Civ. P. 20(a); *see also Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (holding that joinder of plaintiffs is only allowed if these two requirements are both satisfied); *In re Vioxx Prods. Liab. Litig.*, No. 08-3627, 2008 U.S. Dist. LEXIS 95097, at *25-27 (E.D. La. Oct. 21, 2008) (Fallon, J.) (granting motion to sever, holding that Rule 20's test was not met in complex class action suit).

II. **The Non-Louisiana Claims Do Not Involve Either A Common "Transaction Or Occurrence" Or A "Common Question of Law or Fact" With The Claims Over Which This Court Has Jurisdiction.**

A.  **Contractual Insurance Claims Should Not Be Joined To Tort Claims.**

None of the listed Non-Louisiana claims arise from the "same transaction or occurrence" at issue in any claim over which this Court has subject-matter jurisdiction. Coverage under

---

[2] For support of this Motion, the Zurich Companies incorporate by reference the Travelers' Memorandum of Law in Support of Motion to Sever Pursuant to Rule 20 of the Federal Rules of Civil Procedure.

2

liability policies issued by the Zurich Companies depends on the terms and conditions of each of the separate policies. None of these contracts of insurance arise, in any way, out of the same transactions involving the defendant insureds' use or sale of Chinese-Manufactured Drywall ("CDW"). Nor do any of the listed Non-Louisiana Claims involve a "common question of fact" involved in any claim over which this Court has subject-matter jurisdiction. The facts relating to the installation, manufacture, distribution of Chinese drywall in each Plaintiff's home will differ by state of residence and by manufacturer, distributor, and installer. However, the liability insurance policies at issue in the Non-Louisiana claims will turn only on their policy language.

For these reasons, the JPML refused to transfer two coverage actions as "tag-a-long actions" under the MDL statute. *Order Vacating Conditional Transfer Order of General Fid. Ins. Co. v. Foster*, No. 9:09-80743 (S.D. Fla. Dec. 2, 2009); *Order Denying Transfer of Builders Mut. Ins. Co. v. Dragas Mgt. Corp.*, No. 2:09-185 (E.D. Va. Feb. 5, 2010). Since the JPML issued those orders, it has repeatedly refused to transfer other insurance coverage cases to the MDL proceedings on the defendants' liability, finding insurance coverage cases lack sufficient commonality to be included in the MDL. *JPML June 15, 2010 Order*. Accordingly, this Court should observe the opinion of the JPML and not allow the joinder of insurance coverage claims to this MDL action involving the insured defendants' liability to the plaintiffs.

**B.  Insurance Coverage Claims With No Connection To Louisiana Should Not Be Joined To Louisiana-Related Insurance Coverage Claims.**

Coverage under liability policies issued by the Zurich Companies depends on the terms and conditions of each of their separate policies, issued to separate insureds, for various policy

3

periods, in various states. Even if the court has subject-matter jurisdiction over some Direct Action claims involving Zurich Companies (those wherein the tort allegedly occurred in Louisiana and/or policies that were issued in Louisiana) the Non-Louisiana claims do not arise out of the same transactions or occurrences involved in the Louisiana-related claims. As explained in the Insurer Steering Committee's Memorandum in Support of Motion to Sever Pursuant to Rule 20 of the Federal Rules of Civil Procedure, even joinder of multiple claims by different insureds against the same insurer is improper. *See, e.g., Rohr v. Metro. Ins. & Cas. Co.*, No. 06-10511, 2007 U.S. Dist. LEXIS 3612, at *7-10 (E.D. La. Jan. 17, 2007) (finding the joinder of different plaintiffs' Hurricane Katrina-related claims against the same insurer failed to meet the Rule 20 joinder test); *Campo v. State Farm Fire & Cas. Co.*, No. 06-2611, 2007 U.S. Dist. LEXIS 54757 (E.D. La. 2007) (holding that multiple plaintiffs' claims against same insurer were required to be severed because they sought to enforce separate policies); *Ducree v. Liberty Mut. Ins. Co.*, No. 06-8286, 2007 U.S. Dist. LEXIS 17865, at *5-6 (E.D. La. Mar. 12, 2007) (same); *Cresson v. State Farm Fire & Cas. Co.*, No. 06-8788, 2007 U.S. Dist. LEXIS 29365, at *3-7 (E.D. La. Apr. 19, 2007) (same); *Sucherman*, 2007 U.S. Dist. LEXIS 36883, at *4-7 (same principle, stating: "decisions from the Eastern District of Louisiana and Southern District of Mississippi have found that simply because Hurricane Katrina caused the damage in question is not sufficient, without more, to satisfy … Rule 20(a)") (citations omitted). Accordingly, just because CDW is involved in the Louisiana-related Direct Action claims against the Zurich Companies, does not mean that the Non-Louisiana Claims involving CDW should be joined to them.

4

## CONCLUSION

For the reasons explained herein and more fully briefed in the Insurer Steering Committee's Memorandum in Support of Motion to Sever Pursuant to Rule 20 of the Federal Rules of Civil Procedure, the Non-Louisiana Claims in the attached list (*Exhibit A hereto*) should not be joined to this action and should be dismissed pursuant to Rule 20 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Thomas L. Gaudry, Jr.

**THOMAS L. GAUDRY, JR., (#5980)**
**WADE A. LANGLOIS, III (#17681)**
**GAUDRY, RANSON, HIGGINS & GREMILLION, LLC**
Oakwood Corporate Center
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Telephone: (504) 362-2466  Fax: (504) 362-5938
Emails: tgaudry@grhg.net and wlanglois@grhg.net
Local Counsel for American Guarantee and Liability Insurance Company; Steadfast Insurance Company; American Zurich Insurance Company, Zurich American Insurance Company and Maryland Casualty Company

**AND**

**J. STEPHEN BERRY, GA. Bar No. 053106**
**J. RANDOLPH EVANS, GA. Bar No. 252336**
**McKENNA, LONG & ALDRIDGE, LLP**
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
Phone: 404-527-4000 Fax: 404-527-4198
Emails: sberry@mckennalong.com
Lead counsel for American Guarantee and Liability Insurance Company; Steadfast Insurance Company; American Zurich Insurance Company, Zurich American Insurance Company and Maryland Casualty Company

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Maryland Casualty Company, Steadfast Insurance Company, American Guarantee and Liability Insurance Company, American Zurich Insurance Company and Zurich America Insurance Company's Memorandum of Law in Support of Motion to Sever Pursuant to Rule 20 of the Federal Rules of Civil Procedure,* has been served on Plaintiffs' Liaison Counsel, Russ Herman and Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and/or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this  24th  day of March, 2011.

_____
Wade A. Langlois, III, LSBA #17681