

## FOLLOWING FORM EXCESS LIABILITY INSURANCE POLICY
OCCURRENCE FORM
*Issued by*
XL INSURANCE COMPANY LIMITED - IRISH BRANCH

Policy Number: **IE00013856LI09A**
Renewal of:    **IE00013129LI06A**
Producer:     **Bowring Marsh (Dublin) Limited**

### DECLARATIONS

In consideration of the payment of the premium, and in reliance upon the statements in the Declarations, Items (1) – (11) below, and subject to the limits of liability, attachment points, exclusions, conditions and other terms of this Policy ("**Policy**") (including endorsements), XL Insurance Company Limited - Irish Branch (the "**Company**") agrees with the **Named Insured** as listed in Item (1) below as follows:

(1)  (a)   NAMED INSURED:   **Beazer Homes USA, Inc.**

    (b)   ADDRESS:       **400 Northpark Town Center**
                               **1000 Abernathy Rd. NE, Ste 1200**
                               **Atlanta**
                               **GA 30328**
                               **United States of America**

(2)   POLICY PERIOD:       From: **April 1 2009**    To: **April 1 2010**
                                at 12:01 Standard Time at the address of the **Named Insured**

(3)   COVERAGE:           Following Form Excess Occurrence Liability Insurance

(4)   LIMITS OF LIABILITY:    **USD 25,000,000**
                                This aggregate applies to each type of **Loss** to which an aggregate applies in the **Followed Policy** and per **Occurrence** for all other **Loss**.

(5)   TOTAL UNDERLYING LIMITS OF INSURANCE:

| | | |
|---|---|---|
| a. | Each **Occurrence**: | **USD 25,000,000** |
| b. | Other Aggregate: | **USD 40,000,000** |
| c. | Products Completed Operations Aggregate: | **USD 40,000,000** |



EXHIBIT

**A**

Beazer Homes USA, Inc.
Policy No: IE00013856LI09A

 **XL** INSURANCE

**FOLLOWING FORM EXCESS LIABILITY INSURANCE POLICY**
OCCURRENCE FORM
DECLARATIONS (CONTINUED)

(6)    SCHEDULE OF UNDERLYING POLICIES:        See attached Schedule of Underlying Policies

(7)    FOLLOWED POLICY:

    Company:              **Steadfast Insurance Company**
    Policy Number:        **HBP 3991380-02**
    Coverage:             **Following Form Excess Liabilty Policy**
    Policy Period:        **April 01, 2009 - April 01, 2010**
    Limits of Liability:  **USD 25,000,000 Each Occurrence;**
                          **USD 40,000,00 Other Aggregate;**
                          **USD 40,000,000 Products Completed Operations Aggregate**

(8)    GROSS PREMIUM:    USD
       NET PREMIUM:      USD

(9)    MAILING OF CORRESPONDENCE AND NOTICES:

    To the **Insured**:                      **Beazer Homes USA, Inc.**
                                             **400 Northpark Town Center**
                                             **1000 Abernathy Rd. NE, Ste 1200**
                                             **Atlanta**
                                             **GA 30328**
                                             **United States of America**

                                             **Bowring Marsh (Dublin) Ltd**
                                             **4th Floor, Marsh House**
    To the **Insured's** Representative:     **25-28 Adelaide Road**
                                             **Dublin 2**
                                             **Ireland**

    All Notices of **Occurrences**     Attn:    Manager, Claims Department
    or claims to the **Company**                XL Insurance Company Limited - Irish Branch
                                                La Touche House
                                                International Financial Services Centre
                                                Dublin 1, Ireland
                                                Telephone: (353) 1 6075300
                                                Facsimile: (353) 1 6075321

Beazer Homes USA, Inc.
Policy No: IE00013656LI09A



**FOLLOWING FORM EXCESS LIABILITY INSURANCE POLICY**
OCCURRENCE FORM
DECLARATIONS (CONTINUED)

All other Notices                  Attn:    Underwriting Department
to the **Company**                          XL Insurance Company Limited - Irish Branch
                                            La Touche House
                                            International Financial Services Centre
                                            Dublin 1, Ireland
                                            Telephone: (353) 1 6075300
                                            Facsimile: (353) 1 6075333

(10)   POLICY FORM:        XL XS-OCC (04/00)

(11)   SCHEDULE OF ENDORSMENTS:

| | |
|---|---|
| **End. No. 1** | **Non Follow Service of Suit Endorsement** |
| **End. No. 2** | **Endorsement Excluding Coverage Based Upon State Amendatory** |
| | **and/or Liberalization Provisions** |
| **End. No. 3** | **Uninsured Motorists & Underinsured Motorists Amendment** |
| | **Endorsement** |
| **End. No. 4** | **Total Asbestos Exclusion Endorsement** |
| **End. No. 5** | **Workers' Compensation Exclusion** |
| **End. No. 6** | **Nuclear Exclusion Endorsement** |
| **End. No. 7** | **Arbitration Endorsement** |
| **End. No. 8** | **Law of Construction and Interpretation Endorsement** |
| **End. No. 9** | **Premium Adjustment Endorsement** |
| **End. No. 10** | **Product-Completed Operations Aggregate Limit Endorsement** |
| **End. No. 11** | **Minimum Earned Premium Endorsement** |
| **End. No. 12** | **Amendment to Insuring Agreement Endorsement** |

IN WITNESS WHEREOF, this **Policy** has
been made, entered into and executed by
the undersigned in Dublin, Ireland, this
10th day of **June, 2009.**

By:     _Colm Lyons_

Title:  **Assistant Vice President**
        **XL Insurance Company Limited - Irish Branch**

FORM XL XS-OCC (04/00)                    -iii-

Name: Beazer Homes USA, Inc.
Policy No: IE00013856LI09A

## I. INSURING AGREEMENT

A.  This **Policy** shall provide the **Insured** with excess insurance coverage for **Loss** in accordance
with the same warranties, terms, conditions, exclusions and limitations as are contained in the
insurance policy or policies (including endorsements) described in Item 7 of the Declarations
("**Followed Policy**", which refers to any and all policies listed in Item 7) as of the inception date of
this **Policy**, except as to the premium, limits of liability, attachment points, policy period,
warranties, exclusions, limitations and any other terms and conditions of this **Policy** inconsistent
with the **Followed Policy**.  Except where the context otherwise requires, any references to the
insurer or the policy itself in the **Followed Policy** shall be deemed to be references to the
**Company** or this **Policy**, respectively, for the purpose of the following form coverage afforded
hereunder, and any similar conforming changes shall be made as required.

The Limits of Liability in Item 4 of the Declarations apply only in excess of the lesser of (i) the per
**Occurrence** limit of liability shown in Item 5 of the Declarations, or (ii) the difference between the
aggregate limit of liability shown in Item 5 of the Declarations and the amount of **Loss** actually
paid pursuant to **Underlying Insurance** for the applicable coverage.  Upon the exhaustion of any
applicable aggregate limit of liability in the **Underlying Insurance**, coverage hereunder of further
**Loss** in respect of the applicable coverage shall be subject to any deductible or self-insured
retention under the primary or lowest layer policy of the **Underlying Insurance** which afforded
such coverage.

This **Policy** shall pay **Loss** only in excess of the limits of liability of **Underlying Insurance** as set
forth in Item 5: Total Underlying Limits of Insurance of the Declarations page and shall not drop
down or make any payment (notwithstanding anything to the contrary in the **Followed Policy**) for
any reason other than exhaustion by actual payment of **Loss** under the **Underlying Insurance**,
including, but not limited to, uncollectibility (in whole or in part) of any limit of liability included in
Item 5 of the Declarations cancellation or lapse of any **Underlying Insurance**, or any **Underlying
Insurance** containing terms and conditions different from the **Followed Policy**.  The risk in
respect of the foregoing is retained by the **Insured**.

Notwithstanding the foregoing, if any **Underlying Insurance** shown in the **Schedule of
Underlying Policies** attached hereto has a limit of liability:

1.  greater than the amount shown in such **Schedule**, then this **Policy** will apply in excess of
    the greater amount; or

2.  less than the amount shown in such **Schedule**, then this **Policy** will apply in excess of
    the amount shown in such **Schedule**.

B.  Notwithstanding anything to the contrary set forth in paragraph A: Total Underlying Limits of
Insurance of the Declarations page, if any **Underlying Policy** excludes or otherwise does not
cover an **Occurrence** or **Loss** (for reasons other than exhaustion of the applicable limit of
liability), then the **Company** will not cover such **Occurrence** or **Loss**, as the case may be, (i.e.,
this **Policy** is no broader than any of the **Underlying Insurance**).  If any **Underlying Insurance**
contains a stated sublimit of liability or a separate stated limit of liability in respect of any
coverage which in either case is less than the limit of liability applicable to other coverages
thereunder, this **Policy** shall not apply to any **Occurrence** or **Loss** encompassed thereby, except
as otherwise provided by written endorsement to this **Policy**.



C. The **Company** has no duty to assume control of the investigation, defense or settlement of any claim, suit or proceeding, except, however, the **Company** will assume the defense of a suit brought against the **Insured** seeking damages to which this **Policy** applies:

    1. if all insurers providing the **Underlying Insurance** are obligated by the terms and condition of their policies to assume the defense of such suit; and

    2 after all applicable limits of liability of **Underlying Insurance** have been exhausted by actual payment of **Loss**;

provided, however, that such assumption of the defense shall terminate upon exhaustion of the applicable limit of liability hereunder.

In the event that the condition set forth in C. 1. above (respecting all underlying insurers being obligated to assume the defense) is not met, the provisions of the **Followed Policy** as respects whether **Defense Costs** are included within the applicable limits of liability or are in addition to such limits of liability shall apply to this **Policy**, but, subject to all the limitations, terms, conditions and exclusions applicable to this **Policy**, the **Company** shall be liable only for **Defense Costs** incurred after all applicable limits of liability of **Underlying Insurance** have been exhausted by actual payment of **Loss** or, if applicable, **Defense Costs** and prior to exhaustion of the applicable limit of liability hereunder.

The **Company** in any event has the right to investigate any **Occurrence** or claim and to participate in the investigation, settlement or defense of any claim, suit or proceeding that the **Company** feels may create liability on its part. The Named **Insured** shall furnish to the **Company** upon request complete and accurate copies of any and all **Underlying Insurance** policies.

D 1. As a condition precedent to the obligations of the **Company** under this **Policy**, the Named **Insured** must see to it that the **Company**, is notified as soon as practicable of any **Loss** that may result in a claim or Suit under this **Policy**. The Named **Insured** shall also provide other claim information or reports as reasonably requested by the **Company** from time to time.

    2. Where the obtaining of any optional or additional coverage under the **Followed Policy** results in a material change in risk to this **Policy**, then the Named **Insured** shall notify the **Company** as soon as practicable and the **Company** shall be entitled, if warranted, to charge an additional premium hereunder for adding such additional coverage. No such amendment, addition or modification to the **Followed Policy** which causes a material change in risk shall operate to alter the terms, conditions, exclusions or limitations of the coverage provided by this **Policy**, except as set forth by written endorsement hereto.

E. While this **Policy** is in effect, the **Insured** agrees to maintain the **Underlying Insurance** in full force. The **Insured's** failure, or the failure of others, to comply with this condition will not invalidate this **Policy**, but in the event of such failure, the **Company** will only be liable the same extent as if there had been compliance.

F. This **Policy**, subject to its terms, conditions, exclusions and limitations as set forth herein, follows the **Followed Policy** (including in any endorsements thereto) that are in effect on the inception date of this **Policy**.

G. The **Insured** may not, without the **Company's** consent (which shall not be unreasonably withheld), incur any expense or make any payment which may involve this **Policy**. Any such unauthorized expense or payment will be at the **Insured's** own cost.

**XL INSURANCE**

Name: Beazer Homes USA, Inc.
Policy No: IE00013856LI09A

H.    The Named **Insured**, listed in Item 1 of the Declarations, shall be responsible for and act on behalf of all **Insureds** with respect to the payment of any premiums and determination and receipt of payments of **Loss** due under this **Policy**.

I.    The **Insured** warrants that the underlying aggregate limits, where applicable, as shown in Item 5 b. of the Declarations shall be unimpaired as of the effective date of this **Policy**. In the event of non-concurrent policy periods between this **Policy** and any **Underlying Insurance**, only covered events taking place during the policy period of this **Policy** shall be considered in determining the extent of any erosion or exhaustion of the underlying aggregate limits, and the **Insured** shall retain any resulting gap.

J.    Cancellation provisions of this **Policy** shall follow the cancellation provisions of the **Followed Policy** except as provided by endorsement hereto.

K.    Terms appearing in boldface type in this **Policy** are expressly defined below or elsewhere in this **Policy** as follows:

1.    "**Defense Costs**" shall have the same definition as such term or the equivalent term in the **Followed Policy** or, if not defined therein, shall mean reasonable and necessary expenses and costs incurred in investigating and/or defending against any claim, suit or other proceeding, and shall include, without limitation, attorneys' fees.

2.    "**Insured**" means each entity or person which is insured under all **Underlying Insurance** in the same capacity as which such insurance is afforded.

3.    "**Loss**" shall have the same definition as such term, "ultimate net loss" or the equivalent term in the **Followed Policy** or, if not defined therein, shall mean the total sum which the **Insured** shall become obligated to pay on account of liability which is, and/or but for the amount thereof would be, covered under the **Followed Policy** less any salvages or recoveries.

4.    "**Occurrence**" shall have the same definition as in the **Followed Policy** or, to the extent that term is not used in the **Followed Policy** as the basis for determining the application of limits of liability and/or retentions thereunder, then "**Occurrence**" shall have the same meaning as the term used for that purpose in the **Followed Policy**.

5.    "**Underlying Insurance**" means all of the insurance policies set forth on the **Schedule of Underlying Policies** attached hereto.

XS-OCC (4/00)




Beazer Homes USA, Inc.
Policy No: IE00013856LI09A

## SCHEDULE OF UNDERLYING POLICIES

Company:            Liberty International Underwriters, Inc.
Policy Number:      LQ1-B71-213210-019
Coverage:           Excess Automobile and Employers Liability
Policy Period:      April 1, 2009 to April 1, 2010
Limits of Liability: USD25,000,000 Each Occurrence
                    USD25,000,000 General Aggregate (where applicable)

Company:            Steadfast Insurance Company
Policy Number:      HBP 3991380-02
Coverage:           Home Builders Protective Insurance Policy
Premium:            USD 2,529,728
Policy Period:      April 1, 2009 to April 1, 2010
Limits of Liability: USD25,000,000 Each Occurrence
                    USD40,000,00 Other Aggregate
                    USD40,000,000 Products Completed Operations Aggregate

FORM XL XS-OCC (4/00)



Insured:                    **Beazer Homes USA, Inc.**
Policy No:                  **IE00013856LI09A**
Endorsement No:             **1**
Effective Date:             **April 1, 2009**

---

### NON FOLLOW SERVICE OF SUIT ENDORSEMENT

It is understood and agreed that notwithstanding anything in the contrary contained in any underlying policy this **Policy** shall not be subject to any Service of Suit Clause.

The terms, declarations, insuring agreements, definitions, exclusions and conditions of this **Policy** otherwise remain unchanged.

**XL INSURANCE COMPANY LIMITED – IRISH BRANCH**

By:     _____

        Colm Lyons

Title:  **Assistant Vice President**
        **XL Insurance Company Limited – Irish Branch**

Date:   **June 10th, 2009**

Ref:    XSOCC-313.01



Insured:              **Beazer Homes USA, Inc.**
Policy No:           **IE00013856LI09A**
Endorsement No:    2
Effective Date:      **April 1, 2009**

---

### ENDORSEMENT EXCLUDING COVERAGE BASED UPON STATE AMENDATORY AND/OR LIBERALIZATION PROVISIONS

It is hereby agreed that as of the above Effective Date:

Notwithstanding any provisions of the **Followed Policy** or of any **Underlying Insurance** (collectively, "Other Policy"), no "**State Amendatory Clause**" or "**Liberalization Clause**" (as defined below) that is part of or applicable to any Other Policy shall apply to this **Policy**, and this **Policy** shall not cover any **Loss** or liability that is covered by any Other Policy because of a **State Amendatory Clause** and/or **Liberalization Clause** of such Other Policy.

Definitions:

"**State Amendatory Clause**" means any clause, provision or endorsement (whether actually part of a policy or deemed by law or regulation to be part of a policy) that amends the provisions of such policy as applicable to citizens, residents or other **Insureds** of any specific state, territory, dominion or other jurisdictional unit.

"**Liberalization Clause**" means any clause, provision or endorsement (whether actually part of a policy or deemed by law or regulation to be part of a policy) that provides, in substance, that if provisions (or the coverage) of a policy form issued by an insurer is changed, subsequent to the date that any specific policy ("Specific Policy") is issued and during the policy period of the Specific Policy, that all or certain of such changes in provisions (or coverage) shall apply, or be deemed to apply, to the Specific Policy.

The terms, declarations, insuring agreements, definitions, exclusions and conditions of this **Policy** otherwise remain unchanged.

**XL INSURANCE COMPANY LIMITED – IRISH BRANCH**

By:    

Colm Lyons

Title:    **Assistant Vice President**
          **XL Insurance Company Limited – Irish Branch**

Date:    June 10th, 2009

Ref:     XSOCC-069.01

XL INSURANCE

Insured:                    **Beazer Homes USA, Inc.**
Policy No:                  **IE00013856LI09A**
Endorsement No:             **3**
Effective Date:             **April 1, 2009**

---

### UNINSURED MOTORISTS & UNDERINSURED MOTORISTS AMENDMENT ENDORSEMENT

It is hereby understood and agreed that this **Policy** is amended by the addition of the following exclusion:

Excluding any obligation of the **Insured** under a No Fault, Uninsured Motorist or Underinsured Motorist law.

The terms, declarations, insuring agreements, definitions, exclusions and conditions of this **Policy** otherwise remain unchanged.

**XL INSURANCE COMPANY LIMITED – IRISH BRANCH**

By:         _Colm Lyons_

            Colm Lyons

Title:      **Assistant Vice President**
            **XL Insurance Company Limited – Irish Branch**

Date:       **June 10th, 2009**

Ref:        XSOCC-048.01



Insured:          **Beazer Homes USA, Inc.**
Policy No:        **IE00013856LI09A**
Endorsement No:   **4**
Effective Date:   **April 1, 2009**

---

### TOTAL ASBESTOS EXCLUSION ENDORSEMENT

It is hereby understood and agreed, that this **Policy** shall not apply to and does not cover any actual or alleged liability, whatsoever for any claim or claims in respect of **Loss** or **Losses** directly or indirectly (exclusively or partially) arising out of, resulting from, or in consequence of, or in any way involving asbestos, or any materials containing asbestos in whatever form or quantity.

The terms, declarations, insuring agreements, definitions, exclusions and conditions of this **Policy** otherwise remain unchanged.

**XL INSURANCE COMPANY LIMITED – IRISH BRANCH**

By:      

     **Colm Lyons**

Title:   **Assistant Vice President**
       **XL Insurance Company Limited – Irish Branch**

Date:   **June 10th, 2009**

Ref:    XSOCC-041.01

**XL INSURANCE**

Insured:        **Beazer Homes USA, Inc.**
Policy No:      **IE00013856LI09A**
Endorsement No:  **5**
Effective Date:  **April 1, 2009**

---

## WORKERS' COMPENSATION EXCLUSION

This Policy shall not apply to liability in respect of any obligation for which the **Insured** or any **Company** as its insurer may be liable under any workers' compensation, unemployment compensation or disability benefits law.

The terms, declarations, insuring agreements, definitions, exclusions and conditions of this Policy otherwise remain unchanged.

**XL INSURANCE COMPANY LIMITED – IRISH BRANCH**

By:    _____
       **Colm Lyons**

Title:  **Assistant Vice President**
        **XL Insurance Company Limited – Irish Branch**

Date:   **June 10th, 2009**

Ref:    XSOCC-160.01/R



Insured:            **Beazer Homes USA, Inc.**
Policy No:          **IE00013856LI09A**
Endorsement No:     **6**
Effective Date:     **April 1, 2009**

## NUCLEAR EXCLUSION ENDORSEMENT

This **Policy** shall not apply to liability of whatsoever nature directly or indirectly caused by or contributed to by or arising from ionizing radiations or contamination by radioactivity, fission or fusion of any nuclear fuel, any nuclear waste or any other nuclear or radioactive substance.

The terms, declarations, insuring agreements, definitions, exclusions and conditions of this **Policy** otherwise remain unchanged.

**XL INSURANCE COMPANY LIMITED – IRISH BRANCH**

By: _____

Colm Lyons

Title:   Assistant Vice President
         XL Insurance Company Limited – Irish Branch

Date:    June 10th, 2009

Ref:     XSOCC-129.01



Insured:           **Beazer Homes USA, Inc.**
Policy No:         **IE00013856LI09A**
Endorsement No:    **7**
Effective Date:    **April 1, 2009**

---

### ARBITRATION ENDORSEMENT

It is hereby agreed that, notwithstanding anything to the contrary in the **Followed Policy**, any dispute, controversy or claim arising out of or relating to this **Policy** or to the breach, cancellation, termination or validity of this **Policy** shall be finally and fully determined in London, England under the provisions of the Arbitration Act of 1996 ("Act") and/or any statutory modifications or amendments thereto, for the time being in force, by a Board composed of three arbitrators to be selected for each controversy as follows:

> Any party may, in the event of such a dispute, controversy or claim, notify the other party or parties to such dispute, controversy or claim of its desire to arbitrate the matter, and at the time of such notification the party desiring arbitration shall notify any other party or parties of the name of the arbitrator selected by it.  The other party or parties who has been so notified shall within thirty (30) calendar days thereafter select an arbitrator and notify the party desiring arbitration of the name of such second arbitrator.  If the party or parties notified of a desire for arbitration shall fail or refuse to nominate the second arbitrator within thirty (30) calendar days following the receipt of such notification, the party who first served notice of a desire to arbitrate will, within an additional period of thirty (30) calendar days, apply to a judge of the High Court of Justice of England and Wales for the appointment of a second arbitrator and in such a case the arbitrator appointed by such a judge shall be deemed to have been nominated by the party or parties who failed to select the second arbitrator.  The two arbitrators, chosen as above provided, shall within thirty (30) calendar days after the appointment of the second arbitrator choose a third arbitrator.  In the event of the failure of the first two arbitrators to agree on a third arbitrator within said thirty (30) calendar day period, either of the parties may within a period of thirty (30) calendar days thereafter, after notice to the other party or parties, apply to a judge of the High Court of Justice of England and Wales for the appointment of a third arbitrator and in such case the person so appointed shall be deemed and shall act as the third arbitrator.  Upon acceptance of the appointment by said third arbitrator, the Board of Arbitration for the controversy in question shall be deemed fixed.  All claims, demands, denials of claims and notices pursuant to this arbitration provision shall be given in accordance with the notice provisions of this **Policy**.

The Board of Arbitration shall fix, by a notice in writing to the parties, a reasonable time and place for the hearing and may prescribe reasonable rules and regulations governing the course and conduct of the arbitration proceedings, including discovery by the parties.

The Board shall, within ninety (90) calendar days following the conclusion of the hearing, render its decision on the matter or matters in controversy in writing and shall cause a copy thereof to be served on the parties thereto.  In case the Board fails to reach a unanimous decision, the decision of the majority of the members of the Board shall be deemed to be the decision of the Board and the same shall be final and binding on the parties thereto.  Such decision shall be a complete defense to any attempted appeal or litigation of such decision in the absence of serious irregularity.  Without limiting the foregoing, the parties waive any right to appeal to, and/or seek collateral review of the decision of the Board of

Ref:    XSOCC-001.01

Cont'd...



Insured:            **Beazer Homes USA, Inc.**
Policy No:          **IE00013856LI09A**
Endorsement No:     **7**
Effective Date:     **April 1, 2009**

## ARBITRATION ENDORSEMENT

Arbitration by, any court or other body to the fullest extent permitted by applicable law, including, without limitation, application or appeal under Sections 45 and 69 of the Act.

Any order as to the costs of the arbitration shall be in the sole discretion of the Board, who may direct to whom and by whom and in what manner they shall be paid.

The parties agree that, in the event that claims for indemnity or contribution are asserted in any action or proceeding against the **Company** by any of the **Insured's** other insurers in any jurisdiction or forum other than that set forth in this arbitration provision, the **Insured** will in good faith take all reasonable steps requested by the **Company** to assist the **Company** in obtaining a dismissal of these claims (other than on the merits) and will undertake to the court or other tribunal to reduce any judgment or award against such other insurers to the extent that the court or tribunal determines that the **Company** would have been liable to such insurers for indemnity or contribution pursuant to this **Policy**. The **Insured** shall be entitled to assert claims against the **Company** for coverage under this **Policy**, including, without limitation, for amounts by which the **Insured** reduced its judgment against such other insurers in respect of such claims for indemnity or contribution, in an arbitration between the **Company** and the **Insured** pursuant to this arbitration provision, which arbitration may take place before, concurrently with and/or after the action or proceeding involving such other insurers; provided, however, that the **Company** in such arbitration in respect of such reduction of any judgment shall be entitled to raise any defenses under this **Policy** and any other defenses (other than jurisdictional defenses) as it would have been entitled to raise in the action or proceeding with such insurers (and no determination in any such action or proceeding involving such other insurers shall have collateral estoppel, res judicata or other issue preclusion or estoppel effect against the **Company** in such arbitration, irrespective of whether or not the **Company** remained a party to such action or proceeding).

The terms, declarations, insuring agreements, definitions, exclusions and conditions of this **Policy** otherwise remain unchanged.

**XL INSURANCE COMPANY LIMITED – IRISH BRANCH**

By:     _____

        Colm Lyons

Title:  **Assistant Vice President**
        **XL Insurance Company Limited – Irish Branch**

Date:   **June 10th, 2009**

Ref:    XSOCC-001.01



Insured:              **Beazer Homes USA, Inc.**
Policy No:            **IE00013856LI09A**
Endorsement No:       **8**
Effective Date:       **April 1, 2009**

---

### LAW OF CONSTRUCTION AND INTERPRETATION ENDORSEMENT

It is hereby agreed that notwithstanding anything to the contrary in the **Followed Policy**, this **Policy** and any dispute, controversy or claim arising out of or relating to this **Policy**, shall be governed by and construed in accordance with the substantive internal law (i.e., excluding procedural and choice-of-law rules) of the State of Georgia, except insofar as such law (1) may prohibit payment in respect of punitive damages hereunder; (2) pertain to regulation under Georgia Insurance Law, or regulations issued by the Insurance Department of the State of Georgia pursuant thereto, applying to insurers doing insurance business, or issuance, delivery or procurement of policies of insurance, within the State of Georgia or as respect risks or insured entities situated in the State of Georgia; or (3) are inconsistent with any provision of this **Policy**; provided, however, that the provisions, stipulations, exclusions and conditions of this **Policy** are to be construed in an even handed fashion as between the **Insured** and the **Company**; where the language of this **Policy** is deemed to be ambiguous or otherwise unclear, the issue shall be resolved in the manner most consistent with the relevant provisions, stipulations, exclusions and conditions (without regard to authorship of the language, without any presumption or arbitrary interpretation or construction in favour of either the **Insured** or the **Company** or reference to the "reasonable expectations" of either thereof or to contra proferentum and without reference to parol or other extrinsic evidence). Insofar as the substantive internal law of Georgia is inapplicable as provided herein or otherwise, and as respects arbitration procedure, the internal laws of England and Wales apply.

The terms, declarations, insuring agreements, definitions, exclusions and conditions of this **Policy** otherwise remain unchanged.

**XL INSURANCE COMPANY LIMITED – IRISH BRANCH**

By:  _____

Colm Lyons

Title:   **Assistant Vice President**
         **XL Insurance Company Limited – Irish Branch**

Date:   **June 10ᵗʰ, 2009**

Ref:    XSOCC-046.01



Insured:           **Beazer Homes USA, Inc.**
Policy No:         **IE00013856LI09A**
Endorsement No:    **9**
Effective Date:    **April 1, 2009**

## PREMIUM ADJUSTMENT ENDORSEMENT

At the end of the Policy Period (Item 2 of Declaration Page) the **Company's** premium will be adjustable upwards and downwards in the same proportion to the adjustment relative to the premium in the **Followed Policy** subject to an 85% minimum earned premium in respect of this **Policy**. If the actual number of closings for the period April 1st 2009 to April 1st 2010 are less than the number estimated of 4,698 the **Company** will allow a return premium of up to 15% of the annual quoted premium.

The terms, declarations, insuring agreements, definitions, exclusions and conditions of this **Policy** otherwise remain unchanged.

**XL INSURANCE COMPANY LIMITED – IRISH BRANCH**

By: _____

Colm Lyons

Title:   **Assistant Vice President**
         **XL Insurance Company Limited – Irish Branch**

Date:   **June 10th, 2009**

Ref:    XSOCC-068.02/R



Insured:         **Beazer Homes USA, Inc.**
Policy No:       **IE00013856LI09A**
Endorsement No:  **10**
Effective Date:  **April 1, 2009**

### PRODUCT - COMPLETED OPERATIONS AGGREGATE LIMIT ENDORSEMENT

It is hereby noted and agreed that coverage under the Products - Completed Operations Aggregate Limit expires at the earliest of the following:

a)   180 Months from date of transfer of title during the **Policy** Period, or:

b)   Expiry of all applicable Statutes of Limitation or Repose.

The terms, declarations, insuring agreements, definitions, exclusions and conditions of this **Policy** otherwise remain unchanged.

**XL INSURANCE COMPANY LIMITED – IRISH BRANCH**

By:

Colm Lyons

Title:   **Assistant Vice President**
         **XL Insurance Company Limited – Irish Branch**

Date:    June 10th, 2009

Ref:     XSOCC-166.01



Insured:            Beazer Homes USA, Inc
Policy No:          IE000TBALI09A
Endorsement No:     11
Effective Date:     April 1, 2009

_____

### MINIMUM EARNED PREMIUM ENDORSEMENT

Notwithstanding anything to the contrary in the **Followed Policy**, it is understood and agreed that in the event of cancellation of this **Policy** by or at the direction of **Insured**, the **Company** shall retain the greater of the pro-rata Earned Premium or a Minimum Earned Premium of thirty-five percent (35%) of the total premium for the **Annual Period**.

The terms, declarations, insuring agreements, definitions, exclusions and conditions of this **Policy** otherwise remain unchanged.

**XL INSURANCE COMPANY LIMITED – IRISH BRANCH**

By:

Colm Lyons

Title:   Assistant Vice President
         XL Insurance Company Limited – Irish Branch

Date:   June 10th, 2009

Ref:    XSOCC-055.02



Insured:                Beazer Homes USA, Inc.
Policy No:              IE00013856LI09A
Endorsement No:         12
Effective Date:         April 1, 2009

## AMENDMENT TO INSURING AGREEMENT ENDORSEMENT

It is agreed that as of the Effective Date shown above, Item A. of the Insuring Agreement is amended to read as follows:

This **Policy** shall provide the **Insured** with excess insurance coverage for **Loss** in accordance with the same warranties, terms, conditions, exclusions and limitations as are contained in the insurance policy or policies (including endorsements) described in Item 7 of the Declarations ("**Followed Policy**", which refers to any and all policies listed in Item 7) as of the inception date of this **Policy**, except as to the premium, limits of liability, attachment points, policy period, warranties, exclusions, limitations and any other terms and conditions of this **Policy** inconsistent with the **Followed Policy**. Except where the context otherwise requires, any references to the insurer or the policy itself in the **Followed Policy** shall be deemed to be references to the **Company** or this **Policy**, respectively, for the purpose of the following form coverage afforded hereunder, and any similar conforming changes shall be made as required.

The Limits of Liability in Item 4 of the Declarations apply only in excess of the lesser of (i) the per **Occurrence** limit of liability shown in Item 5 of the Declarations, or (ii) the difference between the aggregate limit of liability shown in Item 5 of the Declarations and the amount of **Loss** actually paid pursuant to **Underlying Insurance** for the applicable coverage.

This **Policy** shall pay **Loss** only in excess of the limits of liability of **Underlying Insurance** as set forth in Item 5: Total Underlying Limits of Insurance of the Declarations page and shall not drop down or make any payment (notwithstanding anything to the contrary in the **Followed Policy**) for any reason other than exhaustion by actual payment of **Loss** under the **Underlying Insurance**, including, but not limited to, uncollectibility (in whole or in part) of any limit of liability included in Item 5 of the Declarations cancellation or lapse of any **Underlying Insurance**, or any **Underlying Insurance** containing terms and conditions different from the **Followed Policy**. The risk in respect of the foregoing is retained by the **Insured**.

Notwithstanding the foregoing, if any **Underlying Insurance** shown in the **Schedule of Underlying Policies** attached hereto has a limit of liability:

1.      greater than the amount shown in such **Schedule**, then this **Policy** will apply in excess of the greater amount; or

Ref:    XSOCC-087.01                                                          Cont'd/...



Insured:         **Beazer Homes USA, Inc.**
Policy No:       **IE00013856LI09A**
Endorsement No:  **12**
Effective Date:  **April 1, 2009**

---

### AMENDMENT TO INSURING AGREEMENT ENDORSEMENT

2.   less than the amount shown in such **Schedule**, then this **Policy** will apply in excess of the amount shown in such **Schedule**.

The terms, declarations, insuring agreements, definitions, exclusions and conditions of this **Policy** otherwise remain unchanged

**XL INSURANCE COMPANY LIMITED – IRISH BRANCH**

By:   *[signature]*

      **Colm Lyons**

Title:   **Assistant Vice President**
         **XL Insurance Company Limited – Irish Branch**

Date:    **June 10th, 2009**

Ref:     XSOCC-087.01

