UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2047 ) Section L ) |
| This Document Relates to: | ) JUDGE FALLON ) MAG. JUDGE WILKINSON |
| *Dean and Dawn Amato, et al., v.* *Liberty Mutual Insurance Co., et al.* *Case No. 10-932* | ) ) ) ) |

**DEFENDANT ALLIED WORLD ASSURANCE COMPANY, LTD'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION**

**COMES NOW** Defendant Allied World Assurance Company, Ltd (hereinafter referred to as "Allied World Bermuda"), improperly sued as Allied World Assurance Company, by its counsel, McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch LLC, and respectfully moves to dismiss Plaintiffs' Complaint Pursuant To Rule 12(b)(2) of the Federal Rules of Civil Procedure, or in the alternative, to Compel Arbitration.[1] In support of its Motion, Allied World Bermuda states as follows:

1.  Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because there is no personal jurisdiction over Allied World Bermuda. Allied World Bermuda is a foreign company based in Bermuda, a British Overseas Territory. Allied World Bermuda does not transact business in Louisiana, and it does not have employees or agents representing them in Louisiana. Furthermore, Allied World Bermuda has no assets, financial accounts or real or personal property of any

---

[1] Allied World Bermuda is also filing a separate motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, and is joining the Insurer Steering Committee and other defendant insurers in a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

1

kind in Louisiana.  As this case does not arise out of any activities in Louisiana, there can be no specific jurisdiction over Allied World Bermuda.  There are no "continuous and systematic" contacts with Louisiana to support the exercise of general jurisdiction over Allied World Bermuda.  The exercise of personal jurisdiction over Allied World Bermuda is similarly inappropriate because it has not purposefully availed itself of the privilege of conducting activities within Louisiana.  The Plaintiffs cannot meet their burden to show that Allied World Bermuda has "minimum contacts" with Louisiana, and the exercise of personal jurisdiction over Allied World Bermuda would not satisfy due process requirements of the United States Constitution.

2. Alternatively, since the policy issued by Allied World Bermuda to Defendant M/I Homes, Inc. requires that any dispute, controversy or claim arising out of or relating to the policy be finally and fully determined in an arbitration in Hamilton, Bermuda, any coverage determinations must be pursued in arbitrations in Hamilton, Bermuda.  Under the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 3 ("New York Convention"), this Court must enforce the arbitration clause in the Allied World Bermuda policy and compel the arbitration of Plaintiffs' disputes in accordance with the policy's terms.

3. In further support of this Motion to Dismiss, Defendant Allied World Bermuda relies upon the supporting *Memorandum of Law* filed contemporaneously herewith, as well as all exhibits referenced in the *Memorandum* which are attached hereto.

**WHEREFORE**, Allied World Bermuda respectfully requests that this Court issue an order dismissing the Complaint against it on the grounds of lack of personal jurisdiction, or in the alternative, compelling the arbitration of Plaintiffs' claims in Hamilton, Bermuda pursuant to the Allied World Bermuda policy terms.

Dated March 24, 2011.

Respectfully submitted,

**ALLIED WORLD ASSURANCE COMPANY, LTD**

By Counsel

___/s/ Thomas P. Anzelmo_____
Thomas P. Anzelmo, Esq.
McCRANIE, SISTRUNK, ANZELMO, HARDY,
   McDANIEL & WELCH LLC
3445 N. Causeway Boulevard, Suite 800
Metarie, LA 70002
Telephone No. (504) 831-0946
Facsimile No. (504) 831-2492

Of Counsel
James D. Wangelin, Esq.
Michael B. Satz, Esq.
Sedgwick, Detert, Moran & Arnold LLP
One North Wacker Drive, Suite 4200
Chicago, IL 60606-2841
(312) 641-9050

**CERTIFICATE OF SERVICE**

I hereby certify that Allied World Assurance Company, Ltd's above and foregoing Motion to Dismiss Plaintiffs' Complaint Pursuant To Rule 12(b)(2) of the Federal Rules of Civil Procedure, or in the alternative, to Compel Arbitration has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

___/s/ Thomas P. Anzelmo_____
Thomas P. Anzelmo, Esq.