

**ALLIED WORLD ASSURANCE COMPANY, LTD**
43 Victoria Street, Hamilton HM 12, Bermuda or
P.O. Box HM 3010, Hamilton HM MX, Bermuda
Tel (441) 278-5400 • Fax: (441) 296-3428 • www.awac.com



## FOLLOWING FORM EXCESS LIABILITY INSURANCE POLICY
## DECLARATIONS

Policy No:    C003999/002
Renewal of:   C003999/001

In consideration of the payment of the premium, and in reliance upon the statements in the Declarations below and subject to the limits of liability, exclusions, conditions and other terms of this policy, ALLIED WORLD ASSURANCE COMPANY, LTD. (hereinafter referred to as the "Insurer") agrees with the Named Insured as listed in Item 1 below (hereinafter referred to as the "Insured") as follows:

**ITEM 1.**  (a)  NAMED INSURED:   **M/I Homes, Inc.**
            (b)  ADDRESS:          **3 Easton Oval, Suite 500**
                                   **Columbus, OH 43219**
                                   **USA**

**ITEM 2.**  POLICY PERIOD:        From: **October 1, 2005** To: **October 1, 2006**
             (12:01 A.M. at the address stated in Item 1 above)

**ITEM 3.**  RETROACTIVE DATE:     **Not Applicable**

**ITEM 4.**  COVERAGE:             ☒ Following Form Occurrence Excess Liability
                                   ☐ Following Form Claims-Made Excess Liability

**ITEM 5.**  LIMITS OF LIABILITY:  **US$25,000,000**
                                   Limit shown applies in the aggregate. This Aggregate applies to each coverage to which an aggregate applies in the Followed Policy and per Occurrence or per Claim (or as Followed Policy) for all other loss.

**ITEM 6.**  PER OCCURRENCE OR PER CLAIM (or as Followed Policy) RETENTION:
                                   **US$20,000,000** (Unless amended by endorsement attached hereto)

**ITEM 7.**  SCHEDULE OF FOLLOWED POLICY(IES), PRIMARY POLICIES AND UNDERLYING EXCESS POLICIES.

**SEE ATTACHED ENDORSEMENT #1**

**EXHIBIT B**



**ALLIED WORLD ASSURANCE COMPANY, LTD**
43 Victoria Street, Hamilton HM 12, Bermuda or
P.O. Box HM 3010, Hamilton HM MX, Bermuda
Tel (441) 278-5400 • Fax: (441) 296-3428 • www.awac.com

## FOLLOWING FORM EXCESS LIABILITY INSURANCE POLICY
## DECLARATIONS (Cont'd)

Policy No:    C003999/002
Renewal of:   C003999/001

**ITEM 8.**  FOLLOWED POLICY:
Company:            Federal Insurance Company
Policy Number:      7979-31-15
Coverage:           Commercial Excess
Policy Period:      October 1, 2005 – October 1, 2006
Limits of Liability: $5,000,000

**ITEM 9.**  PREMIUM:

**ITEM 10.** NOTICES TO THE INSURER:
(a)   All notices of Occurrence or Claim:   Claim Department
(b)   All other notices:                    Underwriting Department
At the address and numbers shown at the top of the Declarations Page.

**ITEM 11.** (a) Representative of Insured:  **Besso Limited**
            (b) Address:                     **8-11 Crescent**
                                             **London EC3N 2LY**
                                             **United Kingdom**

**ITEM 12.** POLICY FORM:          AWAC FF (11/01)
            ENDORSEMENTS:         1 to 19

**ITEM 13.** INSURING AGREEMENT:
This policy shall provide the Insured with Excess Insurance coverage in accordance with the same warranties, terms, conditions, exclusions and limitations as are contained in the Followed Policy(ies) set forth in Item 8 above on the inception date of this Policy, subject to the premium, limits of liability, policy period, warranties, exclusions, limitations and any other terms and conditions of this Policy which may be inconsistent with the Followed Policy including any and all endorsements attached hereto. The limits of liability in Item 5 above apply in excess of (i) the sum of applicable per occurrence, claim, loss limits of liability (as shown in Item 6 above), or, (ii) the sum of applicable remaining aggregate limits of liability, if less than (i), of underlying policy(ies) listed in Item 7 for each applicable coverage. The sum of limits under (i) and (ii) above also includes any applicable Self-Insured Retention associated with such limits.

Provided, however, that any reduction or exhaustion of underlying aggregate limits will not apply to item (ii) above, for the purposes of attachment of this policy, to the extent such reduction is caused by uncollectibility (in whole or in part) of the Aggregate Limits of the underlying policy, the existence of a sub-limit of liability in any underlying policy, the cancellation of an underlying policy or any underlying policy containing terms and



**ALLIED WORLD ASSURANCE COMPANY, LTD**
43 Victoria Street, Hamilton HM 12, Bermuda or
P.O. Box HM 3010, Hamilton HM MX, Bermuda
Tel (441) 278-5400 • Fax: (441) 296-3428 • www.awac.com

## FOLLOWING FORM EXCESS LIABILITY INSURANCE POLICY
## DECLARATIONS (Cont'd)

Policy No:     C003999/002
Renewal of:    C003999/001

conditions different from the Followed Policy or this policy (i.e., this policy does not provide difference-in-conditions coverage nor will the policy respond in the event of insolvency of the underlying insurer, unwillingness to pay by the underlying insurer, cancellation or expiration of the underlying insurance and/or failure by the Insured to satisfy any condition of any underlying policy).

IN WITNESS WHEREOF, this Policy has been made, entered into and executed by the undersigned in Hamilton, Bermuda this 31st day of May 2006.

BY: _____
Anthony R. Lombardo
**TITLE: Vice President**

FILE COPY 

**Endorsement No.:** 2
This endorsement, effective: **October 1, 2005**
(at 12:01 A.M. prevailing time at the address of the Named Insured as shows in Item 1(b) of the Declarations)
forms a part of Policy No.: **C003999/002**
Issued to: **M/I Homes, Inc.**
By: **Allied World Assurance Company, Ltd.**

## ARBITRATION AND CHOICE OF LAW ENDORSEMENT

In consideration of the premium charged, it is agreed that the following are added to this Policy, notwithstanding anything to the contrary in the Followed Policy:

1.  **ARBITRATION**

    Any and all disputes arising under or relating to this Policy, including its formation and validity, shall be finally and fully determined in Hamilton, Bermuda under the provision of The Bermuda International Conciliation and Arbitration Act 1993 (exclusive of the Conciliation Part of such Act), as may be amended and supplemented, by a Board composed of three arbitrators to be selected for each controversy as follows:

    Any party to the dispute may, once a claim or demand on his part has been denied or remains unsatisfied for a period of twenty (20) calendar days by any other, notify the others in writing of its demand for arbitration of the matter in dispute, and at the time of such notification the party demanding arbitration shall notify any other party or parties of the name of the arbitrator selected by it. Any party or parties who have been notified shall within thirty (30) calendar days thereafter select an arbitrator and notify the party demanding arbitration of the name of such second arbitrator. If the party or parties notified of a demand for arbitration shall fail or refuse to nominate the second arbitrator within thirty (30) calendar days following the receipt of such notification, the party who first served notice of a demand for arbitration may, within an additional period of thirty (30) calendar days, request a judge of a court of competent jurisdiction in Bermuda for the appointment for a second arbitrator and in such a case the arbitrator appointed by such a judge shall be deemed to have been nominated by the party or parties who failed to select the second arbitrator. The two arbitrators, chosen as above provided, shall within thirty (30) calendar days after the appointment of the second arbitrator choose a third arbitrator. In the event of the failure of the first two arbitrators to agree on a third arbitrator within said thirty (30) calendar day period, any of the parties may within a period of thirty (30) calendar days thereafter, after notice to the other party or parties, apply to a judge of a court of competent jurisdiction in Bermuda for the appointment of a third arbitrator, and in such case the person so appointed shall be deemed and shall act as the third arbitrator. Upon acceptance of the appointment by said third arbitrator, the Board of Arbitration for the controversy in question shall be deemed fixed.



**Endorsement No.:** 2
This endorsement, effective: **October 1, 2005**
(at 12:01 A.M. prevailing time at the address of the Named Insured as shows in Item 1(b) of the Declarations)
forms a part of Policy No.:   **C003999/002**
Issued to:   **M/I Homes, Inc.**
By:   **Allied World Assurance Company, Ltd.**

## ARBITRATION AND CHOICE OF LAW ENDORSEMENT

The Board of Arbitration shall fix, by a notice in writing to the parties involved, a reasonable time and place for the arbitration hearing and may in such written notice or at the time of the commencement of the hearing, prescribe reasonable rules and regulations governing the course and conduct of the hearing.

The Board shall, within ninety (90) calendar days following the conclusion of the hearing, render its written decision on the matter or matters in controversy and shall cause a copy thereof to be served on all the parties thereto. In case the Board fails to reach a unanimous decision, the decision of the majority of the members of the Board shall be deemed to be the decision of the Board, and the same shall be final and binding on the parties thereto. Such decision shall be a complete defense to any attempted appeal or litigation of such decision in the absence of fraud or collusion. Judgment upon the arbitration award may be entered in any court of competent jurisdiction.

Each party shall bear the cost of its own arbitrator, and all costs of the third arbitrator and of the arbitration shall be borne equally by the parties.

The Insurer and the Insured agree that in the event that claims for indemnity or contribution are asserted in any action or proceeding against the Insurer by any of the Insured's other insurers in any jurisdiction or forum other than that set forth above, the Insured will in good faith take all reasonable steps requested by the Insurer to assist the Insurer in obtaining a dismissal of these claims (other than on the merits) and will, without limitation, undertake to the court or other tribunal to reduce any judgment or award against such other insurers to the extent that the court or tribunal determines that the Insurer would have been liable to such insurers for indemnity or contribution pursuant to this Policy. The Insured shall be entitled to assert claims against the Insurer for coverage under this Policy, including, without limitation, for amounts by which the Insured reduced its judgment against such other insurers in respect of such claims for indemnity or contribution, in an arbitration between the Insurer and the Insured pursuant to this provision; provided, however, that the Insurer in such arbitration in respect of such reduction of any judgment shall be entitled to raise any defenses under this Policy and any other defenses, other than jurisdiction defenses, as it would have been entitled to raise in the action or proceeding with such insurers.



**Endorsement No.:** 2
This endorsement, effective: **October 1, 2005**
(at 12:01 A.M. prevailing time at the address of the Named Insured as shows in Item 1(b) of the Declarations)
forms a part of Policy No.: **C003999/002**
Issued to: **M/I Homes, Inc.**
By: **Allied World Assurance Company, Ltd.**

## ARBITRATION AND CHOICE OF LAW ENDORSEMENT

2.  **CHOICE OF LAW**

    This Policy shall be construed in accordance with the internal laws of the State of New York (with the exception of the procedural law required by Paragraph 1. of this Endorsement which shall be construed in accordance with the laws of Bermuda); provided, however, that, notwithstanding any legal principles to the contrary, the warranties, terms, conditions, exclusions and limitations of this Policy are to be construed in an evenhanded fashion between the Insured and the Insurer. Without limitation, where the language of this Policy is deemed to be ambiguous or otherwise unclear, the issues shall be resolved in the manner most consistent with the warranties, terms, conditions, exclusions and limitations viewed as a whole (without regard to authorship of the language and without any presumption or arbitrary interpretation or construction in favor of either the Insured or the Insurer.)

All other terms and conditions of this Policy remain unchanged.

**ALLIED WORLD ASSURANCE COMPANY, LTD.**

By: _/s/ Anthony R. Lombardo_
Anthony R. Lombardo
Title: Vice President

Date: May 31, 2006