UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL ) | |
| PRODUCTS LIABILITY LITIGATION ) | MDL No. 2047 |
| ) | Section L |
| ) | |
| This Document Relates to: ) | JUDGE FALLON |
| ) | MAG. JUDGE WILKINSON |
| *Dean and Dawn Amato, et al., v.* ) | |
| *Liberty Mutual Insurance Co., et al.* ) | |
| *Case No. 10-932* ) | |
| ) | |

**DEFENDANT ALLIED WORLD ASSURANCE COMPANY, LTD'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**COMES NOW** Defendant Allied World Assurance Company, Ltd (hereinafter referred to as "Allied World Bermuda"), improperly sued as Allied World Assurance Company, by its counsel, McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch LLC, and respectfully moves to dismiss Plaintiffs' Complaint Pursuant To Rule 12(b)(5) of the Federal Rules of Civil Procedure.[1]  In support of its Motion, Allied World Bermuda states as follows:

1. The Court should dismiss Plaintiffs' Complaint against Allied World Bermuda because the Summons and Complaint were not properly served upon it.  Plaintiffs named Allied World Assurance Company and alleged that it is obligated to indemnify its insureds, M/I Homes, Inc. and M/I Homes of Tampa LLC, for underlying Chinese drywall claims.  Plaintiffs served Allied World Assurance Company (U.S.) Inc., at its Boston, Massachusetts office, through the Louisiana Secretary of

---

[1] Allied World Bermuda is also filing a separate motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and is joining the Insurer Steering Committee and other defendant insurers in a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

1

State. Allied World Assurance Company (U.S.) Inc. is not an insurer of M/I Homes, Inc. and M/I Homes of Tampa LLC. Allied World Bermuda, the insurer of M/I Homes, Inc. and M/I Homes of Tampa LLC, is a foreign company based in Bermuda, a British Overseas Territory. Britain has ratified the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Plaintiffs must satisfy the requirements of the Hague Convention in order to properly serve Allied World Bermuda, including personally serving Allied World Bermuda at its place of business.

2. In further support of this Motion to Dismiss, Defendant Allied World Bermuda relies upon the supporting *Memorandum of Law* filed contemporaneously herewith, as well as all exhibits referenced in the *Memorandum* which are attached hereto.

**WHEREFORE**, Allied World Bermuda respectfully requests that this Court issue an order dismissing the Complaint against it on the grounds of insufficient service.

Dated March 24, 2011.

                                                            Respectfully submitted,

                                                            **ALLIED WORLD ASSURANCE COMPANY, LTD**

                                                            By Counsel

                                                            __*/s/ Thomas P. Anzelmo*_____
                                                           Thomas P. Anzelmo, Esq.
                                                           McCRANIE, SISTRUNK, ANZELMO, HARDY,
                                                              McDANIEL & WELCH LLC
                                                           3445 N. Causeway Boulevard, Suite 800
                                                           Metarie, LA 70002
                                                           Telephone No. (504) 831-0946
                                                           Facsimile No. (504) 831-2492

Of Counsel
James D. Wangelin, Esq.
Michael B. Satz, Esq.
Sedgwick, Detert, Moran & Arnold LLP
One North Wacker Drive, Suite 4200
Chicago, IL 60606-2841
(312) 641-9050

## CERTIFICATE OF SERVICE

I hereby certify that Allied World Assurance Company, Ltd's above and foregoing Motion to Dismiss Plaintiffs' Complaint Pursuant To Rule 12(b)(5) of the Federal Rules of Civil Procedure, or in the alternative, to Compel Arbitration has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

                                            */s/ Thomas P. Anzelmo*
                                            Thomas P. Anzelmo, Esq.