UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2047 ) Section L ) |
| This Document Relates to: | ) JUDGE FALLON ) MAG. JUDGE WILKINSON |
| *Dean and Dawn Amato, et al., v. Liberty Mutual Insurance Co., et al. Case No. 10-932* | ) ) ) ) |

**DEFENDANT ALLIED WORLD ASSURANCE COMPANY, LTD'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW Defendant Allied World Assurance Company, Ltd (hereinafter referred to as "Allied World Bermuda"), improperly sued as Allied World Assurance Company, by its counsel, McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch LLC, and submits this memorandum of law in support of its Motion to Dismiss Plaintiffs' Complaint Pursuant To Rule 12(b)(5) of the Federal Rules of Civil Procedure.[1] In support of its Motion, Allied World Bermuda states as follows:

I.  SUMMARY OF ARGUMENT

The Court should dismiss Plaintiffs' Complaint against Allied World Bermuda because the Summons and Complaint have not been served upon it. Plaintiffs named Allied World Assurance Company, and attempted service on it by serving Allied World Assurance Company (U.S.) Inc., at its Boston, Massachusetts office, through the Louisiana Secretary of State. Allied World Bermuda,

---

[1] Allied World Bermuda is also filing a separate motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and is joining the Insurer Steering Committee and other defendant insurers in a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

1

the insurer that issued a policy to Defendant M/I Homes, Inc., is a Bermuda insurance and reinsurance company. Bermuda is a British Overseas Territory, and Britain has ratified the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Plaintiffs must, but have not, satisfied the requirements of the Hague Convention in order to properly serve Allied World Bermuda.

II.     STATEMENT OF FACTS

Plaintiffs asserting claims against Allied World Bermuda purport to be members of a subclass of owners and residents of homes containing Chinese drywall that were built by Defendants M/I Homes, Inc. or M/I Homes of Tampa, LLC. Plaintiffs allege that the Chinese drywall has caused adverse effects on their property and personal injuries (the "Underlying Claims"). It is further alleged that Allied World Bermuda, incorrectly named as Allied World Assurance Company, provided an insurance policy covering Defendants M/I Homes, Inc. and M/I Homes of Tampa, LLC, and that Allied World Bermuda is obligated to indemnify its Insured Defendants for the Underlying Claims.

On March 19, 2010, Plaintiffs filed an Omnibus Class Action Complaint (V) seeking a declaration mandating coverage by various Insurance Company Defendants, including Allied World Assurance Company, for the Underlying Claims for which the Insured Defendants are liable. Plaintiffs purported to effect service upon Allied World Bermuda by serving the Summons and Complaint on the Louisiana Secretary of State on July 19, 2010. The Secretary of State then sent the Summons and Complaint to the offices of Allied World Assurance Company (US) Inc. in Boston, Massachusetts. Allied World Assurance Company (U.S.) Inc. is not an insurer of M/I Homes, Inc. and M/I Homes of Tampa, LLC. Plaintiffs have not attempted to serve Allied World Bermuda in accordance with the Hague Convention.

CH/370023v12

Allied World Bermuda is a Bermuda company with its principal office in Pembroke, Bermuda (*see* Exhibit A, DeGiulio Aff., ¶4).  Allied World Bermuda insured M/I Homes, Inc. under excess liability Policy No. C003999/002, which has limits of $25,000,000 excess of $20,000,000 excess of any other available insurance or retentions on an occurrence basis during the period of October 1, 2005 to April 1, 2006.  Allied World Bermuda has reserved its rights under its policy with respect to the Underlying Claims.

The Allied World Bermuda policy was underwritten, issued, delivered and paid for in Bermuda, where M/I Homes, Inc. was represented by Besso Limited, an insurance broker in London, England.  The policy was issued to M/I Homes, Inc., which is headquartered at 3 Easton Oval, Suite 500, Columbus, Ohio 43219.  M/I Homes, Inc. is a homebuilder with operations in multiple states, but it does not do business in Louisiana.  Allied World Bermuda has never had offices in Louisiana, nor does it transact business in Louisiana.  *See* DeGiulio Aff. ¶¶13, 6-11.  Allied World Bermuda is not licensed or authorized to transact any business in Louisiana and has never designated or authorized any agent or public official to accept service of process for the company in Louisiana. *See* DeGiulio Aff. ¶¶8,17.

III. ARGUMENT

    A. THE PLAINTIFFS FAILED TO EFFECT PROPER SERVICE OF PROCESS ON ALLIED WORLD BERMUDA.

This Court should dismiss the Complaint against Allied World Bermuda under Fed. R. Civ. P. 12(b)(5) because Allied World Bermuda has not properly been served.

Allied World Bermuda is not admitted as an insurer, nor it is accredited as a reinsurer with the Louisiana Department of Insurance, and therefore the Louisiana Secretary of State has no authority to accept service on its behalf. Plaintiffs appear to have attempted to serve Allied World Bermuda by mailing service to the Louisiana Secretary of State, presumably pursuant to Louisiana

3

Code §1253. *See* LSA-R.S. 22:1253. This Code section provides that the Secretary of State is deemed to be appointed as the agent for service of process for a foreign or alien insurer that is transacting business in the state without a certificate of authority. However, for the Louisiana Secretary of State to be an agent for purposes of service under the Code, the foreign insurer must engage in the "transacting of business" in the state. *See id.* Allied World Bermuda is a Bermuda company and has never been authorized, licensed, registered or otherwise qualified to sell insurance or to conduct any other type of business in Louisiana or in any other jurisdiction in the United States. (DeGiulio Aff. ¶¶4,8.) It does not have, and has never had, any office, place of business, mailing address, bank account or telephone listing in Louisiana. (DeGiulio Aff. ¶14.) Likewise, it does not have any officers, agents, employees or other representatives within Louisiana or elsewhere in the United States. (DeGiulio Aff. ¶9.) Further, Allied World Bermuda does not broker or negotiate any policies in Louisiana, and does not underwrite insurance from any location in Louisiana. (DeGiulio Aff. ¶10,11.)

As Allied World Bermuda's supporting affidavit shows, Allied World Bermuda does not have contacts with the State of Louisiana sufficient to be deemed to be transacting business in the state. (*See generally* DeGiulio Aff.) *See also Employers' Liability Assur. Corp. v. Lejeune*, 189 F.2d 521 (5th Cir. 1951) (denying that a foreign insurer was transacting business in the state when it issued a policy to a resident of the state and collected premiums from that resident in the state); *see also Hall v. Scott*, 416 So. 2d 223, 230 (La. Ct. App. 1st Cir. 1982) (insuring a resident of another state was not transacting business within Louisiana under the long-arm statute even where the insured was involved in litigation in Louisiana); *Jones v. MFA Mut. Ins. Co.*, 398 So. 2d 10 (La. Ct. App. 3d Cir. 1981) (foreign insurer without offices, employees or agents in Louisiana was not transacting business in Louisiana).

4

Even if service upon Allied World Bermuda was proper through the Louisiana Secretary of State, Plaintiffs' attempted service was faulty. The Secretary of State sent the Summons and Plaintiffs' Omnibus Class Action Complaint to Allied World Assurance Company (U.S.) Inc. in Boston, Massachusetts. Allied World Assurance Company (U.S.) Inc. is a distinct company that is not an insurer of M/I Homes, Inc. and M/I Homes of Tampa, LLC.

Since Allied World Bermuda, a foreign company, may not be served through the Louisiana Secretary of State, Plaintiffs must comply with the requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters signed at The Hague, The Netherlands, on November 15, 1965, 658 U.N.T.S. 163 (the "Hague Convention"). The Hague Convention provides rules governing service of process between signatory states. The United States and Bermuda (by virtue of the United Kingdom's signature) are bound by the service requirements of the Hague Convention. *See* 20 U.S.T. 362, 658 U.N.T.S. 163.

Specifically, there are four methods for serving process under the Hague Convention: (1) service through the Central Authority of the member country (in this case, Bermuda); (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state. *See In re Amer. Int'l Group, Inc. Sec. Litig.*, No. 04 Civ. 8141, 2007 WL 683991 at *1 (S.D.N.Y. Mar. 2, 2007). Bermuda's domestic law, specifically Order 10 of the Rules of the Supreme Court, does not permit service of writs and process via mail. *See* R.S.C. Order 10 (1985). Pursuant to Order 10, writs and originating summonses or process must be served personally on a party or his attorney. *See* R.S.C. Order 10, Rule 1; R.S.C. Order 10, Rule 5. Furthermore, as the Fifth Circuit has made clear, the Hague Convention does not permit service by mail to a foreign defendant. *See Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002); *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 537-38 (5th Cir. 1990) (finding that service of

5

process on a Japanese corporation must comply with the Hague Convention and that the plaintiff's attempt to mail service directly was improper). The Summons and Complaint were not sent to the Registrar of the Bermuda Supreme Court, the Bermuda Central Authority for service of process under the Hague Convention.

IV.   CONCLUSION

For all of the foregoing reasons, Allied World Bermuda respectfully requests that this Court issue an order dismissing the Complaint against it on the grounds of insufficient service.

Dated March 24, 2011.

        Respectfully submitted,

        ALLIED WORLD ASSURANCE COMPANY, LTD

        By Counsel

        */s/ Thomas P. Anzelmo*
        Thomas P. Anzelmo, Esq.
        McCRANIE, SISTRUNK, ANZELMO, HARDY,
          McDANIEL & WELCH LLC
        3445 N. Causeway Boulevard, Suite 800
        Metarie, LA 70002
        Telephone No. (504) 831-0946
        Facsimile No. (504) 831-2492

Of Counsel
James D. Wangelin, Esq.
Michael B. Satz, Esq.
Sedgwick, Detert, Moran & Arnold LLP
One North Wacker Drive, Suite 4200
Chicago, IL 60606-2841
(312) 641-9050

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Allied World Assurance Company, Ltd's Motion to Dismiss Plaintiffs' Complaint Pursuant To Rule 12(b)(5) of the Federal Rules of Civil Procedure has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

                                            __/s/ Thomas P. Anzelmo_____
                                            Thomas P. Anzelmo, Esq.