UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | CASE NO. 2:09-MD-02047  SECTION L  JUDGE FALLON |
| (This Document Relates to: *Amato v. Liberty Mutual Ins.* No. 2:10-cv-00932) | | MAG. JUDGE WILKINSON |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) BY AMERICAN HOME
ASSURANCE COMPANY, CHARTIS SPECIALTY INSURANCE COMPANY AND
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA**

**INTRODUCTION**

The claims against American Home Assurance Company[1] (American Home), Chartis Specialty Insurance Company[2] (Chartis) and The Insurance Company of the State of Pennsylvania[3] (ISOP) in the *Amato* action should be dismissed because this Court lacks subject matter jurisdiction over those claims. Plaintiffs concede that they are not entitled to bring an action against these insurers under the Louisiana Direct Action Statute, La. Rev. Stat. art. 22:1269. They also cannot bring an action directly against the insurers under the law of any

---

[1] American Home is the alleged insurer of defendants Gryphon Construction, Gryphon Construction, LLC and Gryphon Corporation (collectively, Gryphon).

[2] Chartis is a party to this motion as the alleged insurer of defendants Taylor Morrison of Florida, Inc., Taylor Morrison, Inc., Taylor Morrison Services, Inc. d/b/a Morrison Homes, Inc., Morrison Homes, Inc., Taylor Woodrow Communities at Vasari, LLC a/k/a Taylor Morrison Construction Company and Taylor Woodrow, Inc. (collectively, Taylor Morrison). The *Amato* complaint mistakenly identifies the carrier with respect to one policy as American International Surplus Lines Agency, Inc., which is not an insurance company.

[3] ISOP is a party to this motion as the alleged insurer of defendants Centerline Homes at Delray, Inc., Centerline Homes at Georgetown, LLC, Centerline Port St. Lucie, Ltd., Centerline Homes at Port St. Lucie, LLC, Centerline Homes at Tradition, LLC, Centerline Homes at Vizcaya, Inc., Centerline Homes Construction, Inc., Centerline Homes, Inc., Completed Communities III, LLC successor to Centerline Homes B&A, LLC, Centerline Homes at Tradition, LLC and Centerline Port St. Lucie, Ltd. (collectively, Centerline).

state that may apply to the insurance policies at issue. Because plaintiffs lack any substantive right to bring a direct action against the insurers, they have no standing, and their claims are subject to dismissal under Fed. R. Civ. P. 12(b)(1). *See, e.g., Essex Co. v. Bayou Concession Salvage*, 942 F. Supp. 258, 260-61 (E.D. La 1996) (Fallon, J.) (dismissing for lack of subject matter jurisdiction because there was no case or controversy where the Texas direct action statute prohibited the direct action).

## BACKGROUND

On March 19, 2010, the Plaintiff Steering Committee (PSC) and individual named plaintiffs filed the *Amato* "Omnibus V" Complaint asserting that they have suffered personal injuries and property damage due to allegedly defective drywall installed in their homes. *Amato v. Liberty Mut. Ins. Co.*, No. 2:10-cv-00932 (E.D. La.). The clerk's office administratively transferred the case to this MDL. On May 11, 2010, the PSC filed the Amended Complaint (DE 3132). The Amended Complaint purports to join the claims of approximately 420 individuals and a putative nationwide class against approximately 94 suppliers, importers, exporters, manufacturers, home builders and developers.[4] Included among the home builders and developers are Gryphon, Taylor Morrison and Centerline. The plaintiffs claim that the non-insurer defendants are liable for damages due to allegedly defective drywall installed in their homes located in Alabama, Florida, Georgia, Louisiana, Mississippi and Virginia. Plaintiffs also assert claims against 98 insurance companies, including American Home, Chartis and ISOP, that allegedly issued commercial general liability insurance policies to the other defendants.[5] The

---

[4] *See* Am. Compl. at ¶¶ 6-622.

[5] *Id.* at ¶¶ 644-647.

Amended Complaint alleges fourteen separate causes of action against various subsets of defendants and a declaratory judgment action against all defendants.[6]

Notably, the *Amato* action is the only Omnibus Complaint that includes claims against insurance companies. The Judicial Panel on Multidistrict Litigation (JPML) has repeatedly refused to transfer other actions relating to coverage issues into this MDL because "insurance coverage questions in these cases are likely to be decided by . . . *the applicable state law*," and the JPML has determined that these coverage questions are *not* sufficiently related to the substantive underlying claims to justify their consolidation in these MDL proceedings.[7]

## ARGUMENT

I.  **LEGAL STANDARD**

Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief. *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992) (affirming dismissal of claims for lack of subject matter jurisdiction). A court may consider the complaint alone, the complaint supplemented by undisputed facts in the record, or the complaint supplemented by undisputed facts and disputed facts resolved by the court. *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 881 (5th Cir. 1992) (affirming dismissal for lack of jurisdiction). As the parties asserting jurisdiction, the plaintiffs and the PSC have the burden of proof in defending against a Rule 12(b)(1) motion. *Ramming v. United States*, 281 F.3d 158, 160 (5th Cir. 1996).

---

[6] *Id*. at ¶¶ 659-773.

[7] JPML June 15, 2010 Order (emphasis added). A copy of the Order is attached as Exhibit A.

## II.     SUBJECT MATTER JURISDICTION

### A.     Whether a Court has Subject Matter Jurisdiction over the Claims at Issue Depends on the Applicable State Law.

As this Court has previously held, a court lacks subject matter jurisdiction over a claim by an injured person against the wrongdoer's insurance carrier where the applicable state law does not permit such an action. *Essex Co.*, 942 F. Supp. at 260-61 (dismissing claims for lack of subject matter jurisdiction because applicable Texas law prohibited a direct action against the insurer); *Sercovich v. State Farm Mut. Auto. Ins. Co.*, No. 99-2476, 1999 U.S. Dist. LEXIS 17056 at *2-*3 (E.D. La. Oct. 28, 1999) (dismissing claims for lack of jurisdiction because the Louisiana Direct Action Statute did not apply under the circumstances). This Court's rulings are consistent with Fifth Circuit case law holding that whether a justiciable controversy exists between an injured person and an insurer depends on whether applicable state law permits a direct action. In *Standard Fire Ins. Co. v. Sassin,* 894 F. Supp. 1023, 1027-28 (N.D. Tex. 1995), the court held that no justiciable controversy existed between an injured party and an insurer because the injured party had not yet obtained a judgment against the insured as required under applicable Texas law. The *Sassin* court notes that the Fifth Circuit, "recognizing that the prohibition on direct actions enforces the substantive relationship between the insurer and the tort plaintiff, has long regarded the availability of a direct action against an insurer as a question of substantive law that requires a court sitting in diversity jurisdiction to apply state law." *Id.* at 1027-28 (citing *Nelms v. State Farm Mut. Auto. Ins. Co.*, 463 F.2d 1190, 1191 (5th Cir. 1972)). *See also McAvey v. Lee*, 260 F.3d 359, 369 (5th Cir. 2001) (noting that many courts have recognized that "when the injured plaintiff acquires a valid right against the tortfeasor's insurer under the [Louisiana] direct action statute, that right is substantive in nature."). More generally, the Fifth Circuit has held that whether a justiciable controversy exists for the purposes of a

declaratory judgment action depends in part on the substantive rights available under state law. *See Columbia Cas. Co. v. Georgia & Florida RailNet, Inc.*, 542 F.3d 106, 110-12 (5th Cir. 2008); *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536-37 (5th Cir. 2004); *Psarianos v. Standard Marine*, 12 F.3d 461, 464-65 (5th Cir. 1994).

Courts in other jurisdictions have also held that there is no subject matter jurisdiction where state law does not permit an injured party to bring a direct action against the wrongdoer's insurer. In *Colony Ins. Co. v. Total Contr. & Roofing, Inc.*, No. 10-23091, 2010 U.S. Dist. LEXIS 129497, at *3-6 (S.D. Fla. Dec. 8, 2010), the court dismissed declaratory judgment counterclaims asserted by an injured party against an insurer arising from Chinese drywall because the injured party had no right to pursue the claim under Florida law. Another Florida court has held that an injured party lacks standing to seek declaratory relief because "the [Florida non-joinder] statute is clear on its face that a person not insured under the contract may not bring action against the liability insurer . . . until they attain a verdict against the insured." *Clarendon Am. Ins. Co. v. Bayside Rest., LLC*, No. 8:05-cv-1662, 2006 U.S. Dist. LEXIS 9121, at *3 (M.D. Fla. Feb. 23, 2006). A district court in Alabama held that it lacked jurisdiction and dismissed claims by an injured party against an insurer where Alabama law prohibited such direct actions. *Norton v. Belarus Mach. of USA, Inc.*, No. 2:03cv946-D, 2005 U.S. Dist. LEXIS 42019, at *3 (M.D. Ala. June 23, 2005). Relying on New York law, a court held that having failed to obtain a judgment against the wrongdoer, an injured party lacked standing to seek a declaratory judgment directly against the wrongdoer's insurer. *United States Underwriters Ins. Co. v. Ziering*, No. 06-CV-1130, 2010 U.S. Dist. LEXIS 88883 at *17-*18 (E.D.N.Y. Aug. 27, 2010).[8]

---

[8] *See also Allstate Ins. Co. v. Stanley*, 282 F. Supp. 2d 1342, 1343-44 (M.D. Fla. 2003); *Hunt v. State Farm Mut. Auto. Ins. Co.*, 655 F. Supp. 284, 286-87 (D. Nev. 1987); *MacMillan-Bloedel, Inc. v. Firemen's Fund Ins. Co.*, 558 F. Supp. 596, 598 (S.D. Ala. 1983); *Kenshalo v. Stoneback*, No. 3:05-cv-69-WKW, 2006 U.S. Dist. LEXIS 10918 (M.D. Ala. Mar. 1, 2006).

> **B.    This Court Lacks Jurisdiction Because Plaintiffs Have No Right to Pursue a Direct Action Under Any Potentially Applicable State Law.**

Whatever law applies to the American Home, Chartis and ISOP polices at issue, the plaintiffs have no standing to bring a direct action against these insurers with respect Gryphon, Taylor Morrison and Centerline.  The insurers each contend that the policies at issue are governed by Florida law.  With respect to the American Home policy, however, another court has held that it is governed by California law.[9]  In this action, Taylor Morrison filed a motion arguing that Arizona, Louisiana or New York law governs the policies Chartis issued to Taylor Morrison.[10]  The plaintiffs in this action concede that they may not bring a direct action under Louisiana law against American Home, Chartis and ISOP with respect to Gryphon, Taylor Morrison and Centerline.  Under Arizona, California, Florida and New York law, the plaintiffs also cannot pursue a direct action the insurers, and therefore, this Court lacks subject matter jurisdiction over their claims.

> **1.    Plaintiffs concede in the *Amato* complaint that the Louisiana Direct Action Statute does not apply to these insurers.**

Plaintiffs concede that the Louisiana Direct Action Statute does not permit them to sue American Home, Chartis and ISOP directly with respect to Gryphon, Taylor Morrison and Centerline.  In their Amended Complaint, plaintiffs identify two types of subclasses in their

---

[9] *Order Granting Peninsula II's Motion on Choice of Law* (DE 115), *American Home Assurance Co. v. Peninsula II Developers, Inc.*, No. 1:09-23691 (S.D. Fla. filed Dec. 11, 2009).  American Home contends that the court erred in determining that California law governs and it reserves the right to appeal the court's ruling as permitted by the applicable rules and statutes.

[10] *Motion for Partial Summary Judgment on the Pollution Exclusion by the Taylor Morrison Defendants/Cross-Claimants Against Defendant/Cross-Defendant Chartis Specialty Insurance Company* (DE 7140).  Chartis disputes that Arizona, Louisiana or New York law applies, and it will respond to Taylor Morrison's brief at the appropriate time in accordance with this Court's applicable orders.  Further, as discussed below, plaintiffs concede that the Louisiana Direct Action Statute does not apply to their claims against Taylor Morrison in this action.  The Louisiana Direct Action Statute still would not permit plaintiffs to sue Chartis directly even if Louisiana law applied to the policies because the lawsuit was filed in Louisiana as Taylor Morrison claims.  The injuries at issue did not take place in Louisiana and the insurance policies were not written or delivered in Louisiana as required under the statute. La. Rev. Stat. art. 22:1269.

complaint.  The first type, the "Direct Action Subclass," includes all owners and residents of homes in Louisiana that contain allegedly defective drywall.  It also includes owners and residents of homes located anywhere in the United States that contain allegedly defective drywall where the insurance policy at issue in the suit was written or delivered in Louisiana.  With respect to this subclass, plaintiffs claim that they are filing suit directly against the insurers under the Louisiana Direct Action Statute.[11]

The second type of subclass, which encompasses all other identified subclasses, includes all owners and residents of real property located anywhere in the United States that contain allegedly defective drywall where an insured defendant was a developer, supplier or installer and an insurer defendant issued an insurance policy covering the insured defendant.  Each subclass of this type is identified by the name of the insurer.[12]  American Home, Chartis and ISOP are each identified as a subclass with respect to Gryphon, Taylor Morrison and Centerline as the insureds.[13]  Plaintiffs are silent as to the basis on which they are bringing their claims directly against these insurance companies with respect to these insureds.  Instead, as to these claims, the plaintiffs contend that they are entitled to a declaratory judgment ruling that coverage exists under the policies at issue.[14]

---

[11] Am. Compl. at ¶ 645.

[12] *Id.* at ¶ 646.

[13] *Id.* at ¶ 647 (Subclasses #6, #8, #9, #29, #53).  Plaintiffs incorrectly identify one of the Taylor Morrison policies as having been issued by American International Surplus Lines Agency, Inc., which is not an insurance carrier.  Chartis issued the policy.

[14] *Id.* at ¶¶ 659-63.  The Amended Complaint also appears to assert Count XIV against the insurers.  That count seeks "Equitable and Injunctive Relief and Medical Monitoring."  Am. Compl. at ¶¶ 761-73.  It is unclear if the PSC's attempt to assert this was a scrivener's error or intentional, but either way, and as this Court has previously recognized, such a direct claim cannot be asserted where the Louisiana Direct Action Statute does not apply and additionally where, as here, the governing state law expressly prohibits such a direct action.  To the extent Count XIV is intended to be asserted against American Home, Chartis and ISOP, this Court lacks subject matter jurisdiction over those claims.

As plaintiffs acknowledge, they cannot bring a direct action against the insurers in the second type of subclass because the conditions for a direct action under the Louisiana Direct Action Statute are not satisfied. Under the statute, a claimant may sue an insured and its insurers in the same suit when either the injury took place in Louisiana or the insurance policy was written or delivered in Louisiana. *Esteve v. Allstate Ins. Co.*, 351 So.2d 117, 120 (La. 1977) (citing *Webb v. Zurich Ins. Co.*, 205 So.2d 398 (La. 1967)). Absent these conditions, a court must dismiss a claim brought under the statute. *Landry v. Travelers Indem. Co.*, 890 F.2d 770, 772 (5th Cir. 1989) (affirming dismissal of claim where conditions were not present); *Sercovich*, 1999 U.S. Dist. LEXIS 17056, at *2-3 (dismissing claims for lack of jurisdiction because injuries occurred outside Louisiana and the insurance policy was written and delivered in states other than Louisiana). These conditions are not satisfied with respect to American Home, Chartis and ISOP with respect to Gryphon, Taylor Morrison and Centerline, and the plaintiffs do not allege that the conditions are satisfied.

### 2. No right to bring a direct action is available under Arizona law.

As noted above, Taylor Morrison filed a motion in this action arguing that Arizona law may apply to the Chartis policies plaintiffs identify in the Amended Complaint as being issued to Taylor Morrison. However, under Arizona law, absent a "contractual or statutory provision to the contrary, an injured person has no direct cause of action against a tortfeasor's insurance company." *Nationwide Mut. Ins. Co. v. Arizona Health Care Cost Containment Sys.*, 803 P.2d 925, 928 (Ariz. Ct. App. 1990).[15] Under this rule, a case must be dismissed absent statutory or contractual authority permitting a direct action. *Dumas*, 2009 U.S. Dist. LEXIS 110517 at *2.

---

[15] *See also Dumas v. Am. Int'l Specialty Lines Ins. Co.*, No. 09-1240, 2009 U.S. Dist. LEXIS 110517 at *2 (D. Ariz. Nov. 24, 2009); *Mikkelsen v. Arch Specialty Ins. Co.*, No. 04-0368, 2005 U.S. Dist. LEXIS 26459 at *3 (D. Ariz. Nov. 2, 2005); *Associated Aviation Underwriters v. Wood*, 98 P.3d 572, 616 (Ariz. Ct. App. 2004); *Maricopa County v. Barfield*, 75 P.3d 714, 717-18 (Ariz. Ct. App. 2003).

Arizona has not enacted a direct action statute. *See Maricopa County*, 75 P.3d at 718 (noting that Arizona has no such statute). Plaintiffs do not identify any language in any Chartis policy allegedly insuring Taylor Morrison that entitles them to file an action directly against Chartis. They do not even allege they have obtained a judgment against Taylor Morrison and an assignment from the insured of its right to indemnity under a policy. *See Associated Aviation*, 98 P.3d at 617 (noting that an injured person may bring a direct action against an insurer after obtaining a judgment and assignment of rights). Because the prerequisites for bringing a direct action under Arizona law have not been satisfied, this Court does not have subject matter jurisdiction over any claim against Chartis even if any policy issued to Taylor Morrison were governed by Arizona law.

>  **3.    By statute, a claimant may not bring a direct action under California, Florida and New York law before obtaining a judgment against the insured.**

By statute in California, Florida and New York, an injured person may not bring a direct action against a wrongdoer's insurer before obtaining a judgment against the wrongdoer. Under California law, a liability policy must contain a provision providing that "whenever judgment is secured against the insured . . . then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment." Cal. Ins. Code §11580(b)(2). Courts have interpreted this provision as providing the "exclusive set of circumstances under which a third-party claimant may directly sue another policy holder's liability insurer." *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928 (9th Cir. 2002). Under the statute, an injured person must first secure a final judgment against the insured before that person can sue the insurer. *Mezzetti v. State Farm Mut. Auto Ins. Co.*, 346 F. Supp. 2d 1058,

1063 (N.D. Cal. 2004).[16]  A final judgment is an "essential element" of an injured party's right to recover against the insurer.  *Wright v. Fireman's Fund Ins. Co.*, 14 Cal. Rptr. 2d 588, 597-98 (Cal. Ct. App. 1992).

Florida has a similar statute providing that it is a "condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy."  Fla. Stat. § 627.4136.  Florida courts interpreting this statute have dismissed as premature claims by injured parties against insurers where the injured party had not yet obtained a judgment against the insured.  *VanBibber v. Hartford Accident & Indem. Ins. Co.*, 439 So. 2d 880, 882 (Fla. 1983) (holding that this statute constitutionally modified Florida law to prohibit direct actions against insurers).[17]  At least two courts have relied on the statute to dismiss direct actions against insurers by plaintiffs claiming injuries due to allegedly defective Chinese drywall.  *Colony Ins. Co. v. Total Contr. & Roofing, Inc.*, No. 10-23091, 2010 U.S. Dist. LEXIS 129497, at *3-6 (S.D. Fla. Dec. 8, 2010) (dismissing counterclaims by the injured party against the alleged wrongdoer's insurers); *Mid-Continent Cas. Co. v. Eastern Constr.*, No. 10-21041 (S.D. Fla. October 12, 2010) at 6 (same).[18]

New York law also limits a plaintiff's ability to pursue a claim against a tortfeasor's insurer, only permitting a direct action by a "person who . . . has obtained a judgment against the

---

[16] *See also Laguna Pub. Co. v. Emp's Reins. Corp.*, 617 F. Supp. 271 (C.D. Cal. 1985); *Royal Indem. Co. v. United Enter's, Inc.*, 75 Cal. Rptr. 3d 481 (Cal. Ct. App. 2008); *McKee v. Nat'l Union Fire Ins. Co.*, 19 Cal. Rptr. 2d 286, 287-88 (Cal. Ct. App. 1993).

[17] *See also Dollar Systems, Inc. v. Elvia*, 967 So. 2d 447, 449 (Fla. Dist. Ct. App. 2007); *Hazen v. Allstate Ins. Co.*, 952 So. 2d 531, 540 (Fla. Dist. Ct. App. 2007); *Lucente v. State Farm Mut. Auto. Ins. Co.*, 591 So. 2d 1126, 1128 (Fla. Dist. Ct. App. 1992); *Tomlinson v. State Farm Fire & Cas. Co.*, 579 So. 2d 211, 212 (Fla. Dist. Ct. App. 1991).

[18] A copy of the Order is attached as Exhibit B.

insured . . . for damages for injury sustained or loss or damage occasioned during the life of the policy or contract." N.Y. Ins. Law § 3420(b)(1).  Policies also must provide that if an injured party obtains a judgment that remains unsatisfied for a period of thirty days after serving notice of entry of judgment on the insured and insurer, the injured person may bring a suit against the insurer.  N.Y. Ins. Law § 3420(a)(2).  The statute

> grants an injured party a right to sue the tortfeasor's insurer, but only under limited circumstances – the injured party must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment and await payment for 30 days.  Compliance with these requirements is a condition precedent to a direct action against the insurance company.

*Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350, 354 (N.Y. 2004).[19]  Under the statue, an injured party may file a direct action against an insurer only if he or she satisfies the "pre-conditions" set forth in N.Y. Ins. Law § 3420.  *Ziering*, 2010 U.S. Dist. LEXIS 88883 at *17-*18 (dismissing case where injured party had not yet obtained a judgment against the insured).

Plaintiffs do not allege that they have satisfied any of the conditions required by the Florida, California or New York statutes.  The plaintiffs have not obtained a judgment against Gryphon, Taylor Morrison or Centerline, and they do not even allege that they have done so. Absent a judgment against the alleged insureds, plaintiffs are precluded under the laws of Florida, California or New York from proceeding against American Home, Chartis or ISOP by direct action.  Having no right to bring a direct action, the plaintiffs lack standing to pursue the claims, and this Court lacks subject matter jurisdiction over the claims.

---

[19] *See also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. State of New York*, 901 N.Y.S.2d 176, 177 (N.Y. App. Div. 2010); *Selchick v. Auto. Ins. Co. of Hartford, Conn.*, 822 N.Y.S.2d 575, 576 (N.Y. App. Div. 2006).

**CONCLUSION**

For the foregoing reasons, American Home, Chartis, and ISOP respectfully request that this Court enter an order dismissing all of the claims against them in the *Amato* complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Respectfully submitted:

s/Erin Fury Parkinson
**ERIN FURY PARKINSON, T.A.  (# 22549)**
**JOSE L. BARRO, III   (# 30857)**
**SARAH J. MURPHY  (#31893)**
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 910-9539
E-mail:   eparkinson@mcglinchey.com
             jbarro@mcglinchey.com
             smurphy@mcglinchey.com

**WARREN LUTZ**
**PAUL D. SMOLINSKY**
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W.
Suite 300 South
Washington, D.C.  20036
Phone:  (202) 457-1600
Facsimile:  (202) 457-1678
E-mail:   wlutz@jackscamp.com
             psmolinsky@jackscamp.com

**Attorneys for Defendants:**
(1) **American Home Assurance Company** as alleged insurer of Gryphon Construction, Gryphon Construction, LLC and Gryphon Corporation;
(2) **The Insurance Company of the State of Pennsylvania** as alleged insurer of Sun Construction, LLC, Sun Construction, LLC d/b/a Sunrise Homes, Sunrise Custom Homes & Construction, LLC, Sunrise Construction & Development, LLC, Sunrise Homes/Sunrise Construction, Sunrise Construction and Sunrise

Homes, Centerline Homes at Delray, Inc., Centerline Homes at Georgetown, LLC, Centerline Port St. Lucie, Ltd., Centerline Homes at Port St. Lucie, LLC, Centerline Homes at Tradition, LLC, Centerline Homes at Vizcaya, Inc., Centerline Homes Construction, Inc., Centerline Homes, Inc. and Completed Communities II, LLC (successor by merger to Centerline Homes at B&A, LLC, Centerline Homes at Tradition, LLC, and Centerline Port St. Lucie, Ltd.);

(3) **Chartis Specialty Insurance Company (Chartis Specialty) f/k/a American International Specialty Lines Insurance Co.** as alleged insurer of Taylor Morrison of Florida, Inc., Taylor Morrison, Inc., Taylor Morrison Services, Inc. d/b/a Morrison Homes, Inc., Morrison Homes, Inc., Taylor Woodrow Communities at Vasari, LLC a/k/a Taylor Morrison Construction Company and Taylor Woodrow, Inc., and WCI Communities, Inc.; and

(4) **American International Surplus Lines Agency, Inc. n/k/a Chartis Insurance Agency, Inc.**, which is not an insurance company and issued no insurance policies, as alleged insurer of Taylor Morrison of Florida, Inc., Taylor Morrison, Inc., Taylor Morrison Services, Inc. d/b/a Morrison Homes, Inc., Morrison Homes, Inc., Taylor Woodrow Communities at Vasari, LLC a/k/a Taylor Morrison Construction Company and Taylor Woodrow, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United states District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011

s/Erin Fury Parkinson
**ERIN FURY PARKINSON, T.A.  (# 22549)**
**JOSE L. BARRO, III   (# 30857)**
**SARAH J. MURPHY  (#31893)**
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 910-9539
E-mail:   eparkinson@mcglinchey.com
             jbarro@mcglinchey.com
             smurphy@mcglinchey.com
