UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | CASE NO. 2:09-MD-02047<br><br>SECTION L<br><br>JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | ) ) | MAG. JUDGE WILKINSON |

**CINCINNATI INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

MAY IT PLEASE THE COURT:

Cincinnati Insurance Company ("Cincinnati") is a joining party to the Motion to Dismiss Pursuant to Rule 12(b)(1) filed by the Insurer Steering Committee ("ISC"). For the reasons stated in the supporting Memorandum ("ISC Brief"), as well as for the additional reasons stated in this supplemental memorandum, Cincinnati should be dismissed from this litigation, with prejudice.[1]

THE CLAIMS AGAINST CINCINNATI

The claims against Cincinnati in the amended *Amato* Complaint are limited to the owners of five (5) homes ("Cincinnati Plaintiffs"). Complaint at Schedule 1 and Exhibit B to ISC Brief. The Cincinnati Plaintiffs are all domiciled and the properties are all located in Alabama. *Id*. Cincinnati's lone insured in this matter is Mazer Discount Home Centers, Inc. ("Mazer"), who is

---

[1] In accordance with the Court's order signed on March 2, 2011 and filed on March 3, 2011, Document No. 7793, Cincinnati is electing to reserve, for the present, without prejudice to later filing, its motions to dismiss for lack of personal jurisdiction and improper venue, and motion to sever under Rule 20. Cincinnati believes that the Insurer Steering Committee's Motion to Dismiss for Lack of Subject Matter Jurisdiction, under Rule 12(b)(1), in which Cincinnati has joined, will be dispositive; and, in the interests of judicial economy, elects to rely upon the Court's express reservation of rights to later assert its defenses of lack of personal jurisdiction, improper venue, and Rule 20 severance.

alleged to be a "distributor, supplier, importer, exporter or broker" by the PSC. Complaint at Schedule 2 and Exhibit B to ISC Brief. Neither Cincinnati nor its insured, Mazer, have filed any claim seeking relief in this matter.

Cincinnati is incorporated in Ohio, with its principal place of business in Cincinnati, Ohio. Cincinnati issued Policy 515 14 89 ("Cincinnati Policy") to Mazer at an Alabama address. Mazer is a Delaware corporation, with its only place of business in Birmingham, Alabama; it has never had a location outside Jefferson County, Alabama; and it has never sold, delivered, or supplied drywall to any person or entity in Louisiana. *See* Document No. 5593-2, Affidavit of Michael Mazer, filed in Case 2:09-md-02047-EEF-JCW on September 23, 2010 ("Mazer Affidavit"). There is no suggestion that any Cincinnati Plaintiff sustained any injury or loss in Louisiana. Likewise, there is no suggestion that the Cincinnati Policy was issued or delivered in Louisiana. The only connection of the claims of the Cincinnati Plaintiffs to Louisiana is the improper filing of this action directly in the MDL.[2]

## THE CINCINNATI PLAINTIFFS HAVE NO STANDING TO BRING CLAIMS AGAINST CINCINNATI

There is no "case or controversy" to support the Cincinnati Plaintiffs' request for declaratory relief against Cincinnati because there is no law that may potentially provide relief to the Cincinnati Plaintiffs. Filing under the Federal Declaratory Judgment Act without more is insufficient to support jurisdiction; rather, to invoke this Court's subject matter jurisdiction, the Cincinnati Plaintiffs must establish that the law of the state that governs this matter provides them a right of action against Cincinnati. *See Lowe v. Ingalls Shipbuilding, A Division of Litton*, 723 F.2d 1173, 1179 (5th Cir. 1984) ("'[T]he operation of the Declaratory Judgment Act is procedural only.' [citation]. Congress enlarged the range of remedies available in the federal

---

[2]   *See* Section III of the ISC Brief.

courts but did not extend their jurisdiction.... '[J]urisdiction' means the kinds of issues which give right of entrance to federal courts. Jurisdiction in this sense was not altered by the Declaratory Judgment Act", citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950)); *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990).

With no right or remedy available under federal law, the Cincinnati Plaintiffs must find support for their claims in state law, something they cannot do. The Cincinnati Plaintiffs have not identified any facts to support a right of direct action against Cincinnati prior to obtaining a judgment against its insured, Mazer.

The Court should not be distracted by any suggestion that a choice of law analysis is relevant or necessary. Cincinnati contends that the law of some state other than Louisiana – that is, Alabama - controls the rights and obligations of Cincinnati and its insured, Mazer. Regardless, the plaintiffs appropriately concede in their Amended Complaint that the Louisiana Direct Action Statute does not apply to any of the Moving Insurance Company Defendants, including Cincinnati. As such, even if Louisiana law were otherwise to govern interpretation of the involved Cincinnati policy, something Cincinnati denies, the result is the same, the claims should be dismissed for lack of subject matter jurisdiction.[3]

---

[3] A federal court sitting in diversity must apply the choice of law rules of the forum state. *Travelers Cas. & Sur. Co. of America v. Wright Ins. Agency, Inc*., 404 F.3d 927, 928 (5th Cir. 2005); *Audler v. CBC Innovis Inc*., 519 F.3d 239, 248 (5th Cir. 2008). Under Louisiana's choice of law rules applicable to insurance contracts, La.Civ. Code arts. 3515 and 3537, the law to be applied is the law of the state whose policies and interests would be most impaired if its law were not applied to the action. *See Norfolk Southern Corp. v. California Union Ins. Co.*, 2002-0369, 859 So.2d 167, (La.App. 1 Cir. 9/12/03) (law of Virginia applied to insurance dispute as domicile of some insureds but property at issue was located in Louisiana). *See also Rohr v. Allstate Insurance*, 2007 WL 3120131 (U.S. 5th Cir. 2007); *Champagne v. Ward,* 893 So.2d 773, 787 (La. 2005). Pursuant to these rules, the court must identify the relevant policies of the involved states and then evaluate

Under Louisiana law, without enabling legislation, the right to a direct action against a liability insurer does not exist. *Logan v. Hollier*, 424 So.2d 1279 (La.App. 3d Cir. 1982). In Louisiana, the only statute providing such potential relief is La. Rev. Stat. 22:1269. As noted by one Louisiana court, 22:1269 extends a *conditional right* to file suit to *some parties* under *some circumstances*. *Perkins v. Carter*, 09-673, 30 So.3d 862 (La.App. 5 Cir. 12/29/09). In other words, it does not provide a remedy to all parties filing in Louisiana for all claims. Its language cannot be perverted to apply to a claim not encompassed by the statute. *See Falls v. Employers' Liability Assur. Corp.*, 104 F.Supp. 256 (D.C. La., 1952) (direct action statute must be strictly construed); *Hidalgo v. Fidelity & Casualty Co. of New York*, 104 F.Supp. 230 (D.C.La. 1952) (same).

Where, as here, the statute does not apply on its face, the injured party has no right of action under the statute. *See* ISC Brief at p. 4; *see also, Sprow v. Hartford Ins. Co.*, 594 F.2d 412 (5th Cir. 1979) (this section applies only when tort giving rise to insurer's liability occurs in Louisiana or insurance policy was issued in that state); *Louisiana Continental Ins. Co. v. Jantran, Inc.*, 906 F.Supp. 362 (E.D. La. 1995) (statute can only be applied when at least one of the following prerequisites has been met: (1) policy was written in Louisiana; (2) policy was delivered in Louisiana; or (3) accident occurred in Louisiana).

---

the strength and pertinence of these policies in light of (1) the pertinent contacts of each involved state to the parties and the transaction; (2) the nature, type and purpose of the contract; and (3) the policies listed in Article 3515, and other considerations of planning transactions, promoting multi-state commerce, and protecting one party from undue imposition by another. Even where suit is filed in and the injury is sustained in Louisiana, Louisiana law is often found not to apply to insurance disputes. *Murden v. Acands, Inc.*, 2005-0319, 921 So.2d 165 (La.App. 4 Cir. 12/14/05) (law of Belgium applied as law of location of issuance of policy and domicile of insured despite injury in Louisiana); *Breese v. Hadson Petroleum (USA), Inc.*, 955 F.Supp. 648 (M.D. La. 1996) (law of Mississippi applied as domicile of insured and where policy was negotiated, issued and delivered rather than location of injury).

Cincinnati believes Alabama law applies to this dispute, as Alabama is the domicile of the Cincinnati Plaintiffs, the location of the insured, Mazer, the location of the delivery of the policy, and the location of the injuries claimed by the Cincinnati Plaintiffs.[4] Under Alabama law, as is stated in the ISC Brief, direct actions by injured claimants are statutorily prohibited against an insurer. *See* Ala. Code 27-23-2. By adopting this statute, Alabama chose to provide its citizens a limited remedy against a third-party's insurer for enforcement of that insurer's obligations to pay damages *after* a judgment against its insured. Ala. Code §27-23-2. *See State Farm Mut. Ins. Co. v. McClendon*, 269 Ala. 456, 114 So.2d 153 (1959). *See also, State Farm Mutual Auto Insurance Company v. Brown*, 894 So.2d 643 (Ala. 2004) (holding that final judgment must be obtained before tort claimant can bring action, *including an action for declaratory relief*, against liability insurer).

Even were Alabama law somehow found not to apply, there is no other state whose law could even *conceivably* apply to this matter to afford a direct action right to the Cincinnati Plaintiffs. The only even conceivable other states to consider are Delaware (the state of incorporation of Mazer's, which as noted above, only does business in Alabama), and Ohio (the state of incorporation and principal place of business of Cincinnati Insurance Company).

Delaware expressly forbids direct action. *See News, Inc. v. Jacobs Oil Co.*, 584 A.2d 531, 533 (Del. Super. 1990) (Delaware law provides no right of direct action against liability

---

[4] Cincinnati Plaintiffs allege in the Amended Amato Complaint that Mazer is domiciled and has its principal place of business outside of Alabama (in Delaware). Mazer is incorporated in Delaware, but its principal (and only) place of business is in Alabama (see Mazer Affidavit cited above). Cincinnati Plaintiffs also allege in the Amended Amato Complaint that Cincinnati is incorporated in Ohio and has its principal place of business in Ohio (which is correct). For purposes of this motion, the Court need not reach the question of whether Mazer's principal place of business is in Delaware or in Alabama. The result is the same under Alabama, Delaware or Ohio law, as discussed in this Supplemental Memorandum.

insurer), citing *Kaufmann v. McKeown*, 193 A.2d 81, 83 (Del.1963); ("A liability insurer may well be the real party in interest, but this is not a State where a direct action is permitted against it. Plaintiff is obliged to bring his suit against the tortfeasor or in the event of her demise, her estate."); *Walden v. Allstate Ins. Co.*, 963 A.2d 139 (Table), 2008 WL 5309195 (Del.Supr.2008).

Likewise, Ohio expressly forbids direct action prior to final judgment against the insured. *See* Ohio R.C. §2721.02(B) ("A plaintiff who is not an insured under a particular policy of liability insurance may not commence against the insurer that issued the policy an action or proceeding under this chapter that seeks a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain, until a court of record enters in a distinct civil action for damages between the plaintiff and that insured as a tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved."); Ohio R. C. §3929.06(B) ("Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section.").

## CONCLUSION

The Cincinnati Plaintiffs' cannot create subject matter jurisdiction simply by filing a "Declaratory Judgment Action" in this Court. To invoke subject matter jurisdiction, the Cincinnati Plaintiffs must have a direct right of action against Cincinnati. In their Amended Complaint, the Cincinnati Plaintiffs properly concede they have no such right under the forum state's direct action statute. Alabama, the state whose law Cincinnati contends governs the

parties' rights, explicitly prohibits the type of direct action the Cincinnati Plaintiffs have brought. Even if there were some argument for application of the law of Delaware or the law of Ohio, the result would be exactly the same. There is simply no possibility that the Cincinnati Plaintiffs can establish an actual case or controversy with Cincinnati under the subject policy. As such, Cincinnati is entitled to be dismissed from this case, with prejudice, at Plaintiffs' costs, together with such other relief as the Court deems appropriate in the premises.

        Respectfully Submitted:

        **DUPLASS, ZWAIN, BOURGEOIS,**
        **PFISTER & WEINSTOCK**

        s/Paul J. Verlander

        _____
        **GARY M. ZWAIN (#13809)**
        **GUYTON H. VALDIN, JR. (#20621)**
        **PAUL J. VERLANDER (#19196)**
        3838 North Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        Telephone: (504) 832-3700
        pverlander@duplass.com
        **Counsel for Defendant, Cincinnati Insurance Company**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing *Cincinnati Insurance Company's Supplemental Memorandum in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure of Appearance and Request for Service of All Documents and Pleadings* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will

- 8 -

send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

s/Paul J. Verlander

_____

PAUL J. VERLANDER

pverlander@duplass.com
