UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>This Document relates to:<br><br>*Amato v. Liberty Mutual Insurance Company*<br>(C.A. No. 10-932) | MDL NO.: 2047<br><br>JUDGE: FALLON<br><br>MAG: WILKINSON |

MID-CONTINENT CASUALTY
COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendant, Mid-Continent Casualty Company ("MCC"), pursuant to Fed.R.Civ.P. 12(b)(2), moves to dismiss the Amato Amended Complaint and submits the following argument in support of this Motion.[1]

INTRODUCTION

The Plaintiffs filed the "Omnibus" Amato Complaint on March 19, 2010. On May 11, 2010, the Complaint was amended to include additional parties. The Amended Complaint joins the claims of over 400 plaintiffs who were allegedly injured by defective drywall in their homes with the over 90 insurers of distributors, suppliers, importers, exporters and manufacturers of allegedly defective drywall, as well as the builders, developers and installers that allegedly used

---

[1] This Motion is being filed pursuant to the Court's March 2, 2011 Order [D.E. 7793], which expressly allows the filing of partial Rule 12(b) motions without waiving any right to assert other Rule 12(b) motions that raise other issues at a later time. Accordingly, MCC expressly reserves all rights to assert different Rule 12(b) motions at a later time and does not intend to waive any such defense.

defective Chinese Drywall.  (*See generally* Am. Comp. at ¶¶ 6-622).  Plaintiffs assert a nationwide class action, and allege 99 subclasses against each of the 98 insurers (including MCC) named in the Amended Complaint.  (Am. Comp. at ¶¶ 644-647).  As to each of these subclasses, the Amended Complaint requests the Court to determine if the insurance policies provide coverage.  (Am Comp. at 651 a-f).  The Amended Complaint alleges that MCC is an Ohio corporation with its principle place of business in Tulsa, Oklahoma.  In the Amended Complaint, the Plaintiffs seek both Declaratory Judgment (Count I) as well as damages against MCC's insured. (Counts II-VI, X-XII and XIV)

## ARGUMENT

MCC recognizes that the Court denied its Motion to Dismiss in *Pate, Centerline Northstar*.  Respectfully, under the Supreme Court's precedents that decision was wrong as general personal jurisdiction has *never* been asserted over a corporate entity outside of its state of incorporation or the state where it has its principal place of business.  As noted above, the Supreme Court's most recent case addressing general jurisdiction specifically held that Texas courts violated the Due Process Clause in asserting general jurisdiction over a corporate entity that had substantial contacts and business activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-19 (1984).  In so holding, the Supreme Court strongly suggested that general jurisdiction *requires* the corporation's contacts with the forum state to amount to having a principal place of business in that state.  As the Supreme Court put it, the question is whether the defendant's contacts with the forum state "constitute[d] the kind of continuous and systematic general business contacts the court *found to exist* in *Perkins*," 466 U.S. at 416 (emphasis added), suggesting that *Perkins*—in which the forum was the corporation's "principal . . . place of business," *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770,

779 n.11 (1984)—sets the general jurisdiction floor.[2] *Helicopteros* 466 U.S. at 415-19 (holding that a state may only exercise general jurisdiction over an out-of-state corporation consistent with the Due Process Clause when "the foreign corporation, through its [agent] 'ha[s] been carrying on in [the forum State] a continuous and systematic . . . part of its general business'") (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 438 (1952)).

In *Helicopteros*, the Supreme Court held that it was constitutionally impermissible for the Texas courts to exercise general jurisdiction even where the defendant had extensive contacts with Texas, including purchase of approximately 80% of its helicopter fleet, parts, and accessories from a Texas company, sending prospective pilots and management and maintenance personnel to Texas for training, sending its CEO to Texas to negotiate a contract, and accepting a $5 million dollar check drawn on a Texas bank. Notably, Texas was *not* the principal place of business of the corporate defendant in *Helicopteros*, which further supports the conclusion that under Supreme Court precedent, general jurisdiction may *not* be constitutionally asserted over a corporate defendant outside of its state of incorporation or principal place of business.

Against this backdrop, it is apparent that Plaintiffs have not, and cannot, establish general jurisdiction over MCC, an Ohio Corporation with its principle place of business in Oklahoma. As one federal court recently held in dismissing an insurer for lack of personal jurisdiction, even the following extensive contacts were "insufficient for a finding of general jurisdiction":

> [The insurer] was licensed by the Texas Department of Insurance; contracted and communicated with, and issued insurance policies to, its insureds located in Texas; billed and collected premiums from insureds in Texas; adjusted and paid claims by and against its insureds in Texas on insurance policies issued to Texas insureds; hired and paid Texas attorneys to represent it and its insureds when they

---

[2] The issue of general jurisdiction is currently pending before the United States Supreme Court in *Goodyear v. Brown*, No. 10-76. At oral argument, Justice Kagan specifically questioned whether "general jurisdiction [could] go beyond State of incorporation, principal place of business." (Oral Arg. Tr. at 4:17-21). The United States has joined the Petitioners in arguing that the exercise of general jurisdiction in that case was constitutionally impermissible.

>were sued in Texas more than 100 times during the past ten years; purposefully invoked the jurisdiction of a Texas court by filing suit in Dallas County to collect a debt; contracted with Texas-based vendors and paid them more than $25 million over the past five years; purchased almost $400 million worth of Texas municipal bonds, upon which defendant receives over $15,000,000 annually in interest; and paid over $80,000,000 in claims-related expenses to Texas-based insureds, claimants, adjusters, and others.

*See Am. Bank, F.S.B. v. Auto-Owners Mut. Fire & Cas. Ins. Co.*, No. 4:10-CV-331-A, 2010 U.S. Dist. LEXIS 102341, at *11-19 (N.D. Tex. Sept. 27, 2010) (granting motion to dismiss for lack of personal jurisdiction over insurer because the claims did not arise from any specific contacts with Texas and there was no general jurisdiction). These contacts are virtually indistinguishable from MCC's in Louisiana.

In its opinion, this Court stated that general personal jurisdiction exists over a defendant if it has a "business presence in the forum state." (R.D. No. 7356 at 16 (citing *Jackson*, 615 F.3d at 584).) But this quote from *Jackson* was improperly applied in *Pate* because the context was different. In *Jackson*, the Fifth Circuit did state (in finding general jurisdiction was lacking) that a minimal requirement of the possibility of finding general jurisdiction was the existence of some "business presence in the forum state." *Jackson*, 615 F.3d at 584 (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999)). The Fifth Circuit was specific that this was a *necessary*, **not** *sufficient*, condition for general jurisdiction. In *Jackson* the Fifth Circuit was able to easily "dispose of any argument that general jurisdiction" existed, because the defendant lacked *any* business presence in the forum state. *Id.*

The *Jackson* court found that the lack of a registered agent, office, bank accounts, employees, or real estate meant that the defendant there lacked the requisite "continuous and systematic contacts" necessary to assert general personal jurisdiction. However, that holding does ***not*** mean, as this Court concluded, that the mere existence of some or all of those items necessarily equates to "continuous and systematic contacts." By confusing the concept of

4

necessary contacts with the concept of sufficient ones, this Court found general personal jurisdiction over MCC even though the "high standard" required to satisfy the "continuous and systematic" contacts test under the precedents of the United States Supreme Court and Fifth Circuit did not exist. In fact, the law support dismissal of MCC based on its contacts with Louisiana. *See* Affidavit previously filed in support of MCC's Motion to Dismiss in *Pate* which is attached hereto as Exhibit "1."

For example:

- **Registered Agent Or Appointment Of Secretary Of State For Service Is Not Sufficient**.

"A registered agent, from any conceivable perspective, hardly amounts to "the general business presence"of a corporation so as to sustain an assertion of general jurisdiction. *Siemer v. The Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) (further stating the existence of a registered agent is not entitled to any special weight for jurisdictional purposes) (citing *Bearry*, 818 F.2d at 375); *Cent. Freight Lines, Inc.*, 322 F.3d at 381 (holding that general jurisdiction did not exist even though the defendant had federal operating authority in Texas); *see also See Am. Bank, F.S.B.*, 2010 U.S. Dist. LEXIS 102341, at *11-19 (granting motion to dismiss for lack of personal jurisdiction over insurer because the claims did not arise from any specific contacts with Texas and there was no general jurisdiction even though it was registered to do business in Texas and paid over $80 million a year in claims-related expenses to Texas insureds); *Citicapital Commercial Corp. v. First Nat. Bank of Fort Smith*, No. Civ A3:04-CV-0302-B, 2005 WL 856886 (N.D. Tex. April 11, 2005) (holding personal jurisdiction was lacking and stating "Fifth Circuit precedent is clear that maintaining a registered agent for service in a state does not, standing alone, create personal jurisdiction").

- **Employees Or Offices In State Is Not Sufficient.**

*Submersible Sys. v. Perforada Central, S.A. de C.V.*, 249 F.3d 413, 418-19 (5th Cir. 2001) (vacating judgment in favor of plaintiff because general personal jurisdiction was not established even where the defendant owned drilling rig in the forum state, maintained an office in the state that was staffed by three employees because such contacts were *not* "continuous and systematic"); *Cooper v. McDermott Intern., Inc.*, 62 F.3d 395 (5th Cir. 1995) (unpublished) (holding personal jurisdiction was lacking and the fact that some members of board of directors resided in forum, that some employees were based in forum "does not materially advance the argument that" the defendant had "continuous and systematic contacts" with the forum).

5

- **Doing Business In The State Or Selling Products In The State Is Not Sufficient.**

*Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, (5th Cir. 2003) (reversing district court's failure to dismiss for lack of personal jurisdiction because defendant did not have "continuous and systematic" contacts despite having routine business transactions in the state, frequent and regular visits by the defendant's sales force to the forum, and having contracts and servicing national sales contracts in the forum state); *Tuazon vs. R. J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1174 (9th Cir. 2006) ("a corporation does not necessarily submit to general jurisdiction in every state in which it merely sells a product"); *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984) ("[N]o court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert jurisdiction in an unrelated cause of action.").

- **Even Significant Sales Or Profits From State Not Sufficient.**

*Bearry*, 818 F.2d at 375-76 (finding sales of $250 million to forum state's residents; maintaining distribution network in forum; advertising its products in forum did not constitute "continuous and systematic contacts" with forum sufficient to support court's exercise of general jurisdiction); *Choice Healthcare, Inc*, 615 F.3d at 368-69 (affirming dismissal for lack of personal jurisdiction, holding that fifty-three insurance payments over the course of more than three years did *not* constitute "continuous and systematic" contact with the forum, and noting the argument otherwise "is unavailing as this circuit has found general jurisdiction lacking in instances where a defendant's forum contacts were significantly more substantial than [defendant's]"); *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir. 1990) (holding that general jurisdiction did not exist even though 12.9% of the company's revenues were generated in Louisiana, the defendant engaged in advertising which reached Louisiana, and purchased vessels in Louisiana); *Access Telecom, Inc. v. MCI Telecom. Corp.*, 197 F.3d 694, 717-718 (5th Cir. 1999) (finding no general jurisdiction even though defendant's "revenues derived from Texas residents totaled millions of dollars a month").

Thus, MCC respectfully submits that when the appropriate legal standard is properly applied to undisputed facts, that general personal jurisdiction is lacking, and the claims asserted against it should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### CONCLUSION

For the foregoing reasons, Mid-Continent Casualty Company requests this Court dismiss the Amato's Amended Complaint and grant MCC any further relief this Court deems just and proper under the evidence and circumstances.

Respectfully submitted,

**LARZELERE PICOU WELLS  
SIMPSON LONERO, LLC**  
Two Lakeway Center - Suite 1100  
3850 North Causeway Boulevard  
Metairie, Louisiana  70002  
Telephone: (504) 834-6500  
Facsimile:  (504) 834-6565

BY:    */s/ Lee M. Peacocke*  
**MORGAN J. WELLS, JR. (La. No. 18499)**  
mwells@lpwsl.com  
**LEE M. PEACOCKE (La. No. 18374)**  
lpeacocke@lpwsl.com

AND

**HINSHAW & CULBERTSON LLP**  
**RONALD L. KAMMER, T.A. (Fl. No. 360859)**  
rkammer@hinshawlaw.com  
**PEDRO E. HERNANDEZ (Fl. No. 30365)**  
phernandez@hinshawlaw.com  
9155 S. Dadeland Blvd., Suite 1600  
Miami, Florida  33156  
Telephone: (305) 428-5100  
Facsimile: (305) 577-1063  
**ATTORNEYS FOR DEFENDANT,  
MID-CONTINENT CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Mid-Continent Casualty Company's Memorandum in Support of Motion to Dismiss Complaint for Lack of Personal Jurisdiction has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/ Lee M. Peacocke  
LEE M. PEACOCKE