**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | CASE NO. 2:09-MD-02047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION L |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | JUDGE FALLON |
| | ) | MAG. JUDGE WILKINSON |
| *Amato v. Liberty Mut. Ins.*, et al. | ) | |
| (2:10-cv-00932) (E.D. La.) | | |

**FCCI COMMERCIAL INSURANCE COMPANY**
**AND FCCI INSURANCE COMPANY'S SUPPLEMENTAL BRIEF IN SUPPORT**
**OF THE INSURER STEERING COMMITTEE'S MOTION TO DISMISS**
**PURSUANT TO RULE 12 (B)(1)**
**OF THE FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW FCCI Insurance Company and FCCI Commercial Insurance Company (collectively, "FCCI") and files this Supplement Brief in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction. This Brief is a supplement to the Insurer Steering Committee's Brief, which FCCI joins in full. In that brief, the Insurer Steering Committee showed that the Louisiana Direct Action statute does not apply even if Louisiana law governs the policies. FCCI files this brief to show that Florida, not Louisiana, law applies to the FCCI policies and the claims against FCCI.

**I.      Argument and Citation to Authority**

Determining which state's law governs the interpretation of the FCCI policies and the claims against FCCI is a two-step inquiry. The Court must first determine which state's law applies under Louisiana choice of law rules. *See Roberts v. Energy Dev. Corp.*, 104 F.3d 782, 786 (5th Cir. 1997) ("In federal diversity cases the conflicts law of the forum state, here

Louisiana, governs."). The Court must then determine whether applying that state's law violates due process. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-22 (1985). Here, Louisiana choice of law rules and due process require application of Florida law.

### A. A Choice of Law Analysis is Required Because Applying Louisiana Law Would Prejudice FCCI.

As a threshold matter, a choice of law analysis is required because there is a material conflict between Louisiana and Florida law. *See id.* at 816 (holding that a choice of law analysis is necessary if the law applied conflicts in a material way with any other law that could apply). The plaintiffs in *Pate* show in their Motion for Partial Summary Judgment on the Pollution Exclusions that Florida and Louisiana law are materially different with respect to pollution exclusions. The Insurer Steering Committee shows in their Brief in support of this Motion that Florida law does not permit a direct action, while Louisiana law might. Applying Louisiana law rather than Florida law would therefore injure FCCI. *See id.* (holding that a party is injured if a court applies a state's law that differs materially with the law that should be applied). This Court must therefore decide if Louisiana or Florida law applies.

### B. Florida Law Applies under the Louisiana Choice of law Rules

The Louisiana choice of law rules for contract interpretation are set forth in Civil Code Articles 3515 and 3537. The Supreme Court of Louisiana addressed those articles with respect to insurance contracts in *Champagne v. Ward*, 893 So. 2d 773, 786-89 (2005). The *Champagne* court stressed that other states have strong interests in regulating insurance contracts negotiated and executed outside of Louisiana, even when Louisiana has strong public policies contrary to the law of the other state:

> On the other hand, Mississippi has an interest in the regulation of its insurance industry and in the contractual obligations that are inherent parts thereof. . . . The fact that Congress has allowed fifty states to have their own uniform system of regulations governing insurance strongly suggests this is a legitimate purpose.

*Id.* at 788. The court ultimately held that Mississippi law governed because the insured was a resident of Mississippi, the insured-property (a car) was garaged in Mississippi, Mississippi was the place of negotiation and formation of the insurance contract, and the insurance policy was a Mississippi contract. *Id.* at 789.

Florida's interest in the FCCI insurance policies is as strong as Mississippi's in *Champagne*. All of the Defendants to whom FCCI issued policies are located in Florida, and FCCI's principal place of business is in Florida. The negotiation and formation of the policies – from both FCCI's and the insured-Defendants' perspectives – took place in Florida. The FCCI insurance policies are therefore Florida contracts, and Florida has a significant interest in having its law applied to the interpretation of the contracts. Florida also has a significant interest in regulating companies such as FCCI that have their principal place of business in Florida.

Louisiana's interest in the FCCI policies is non-existent, and far weaker than its interest in the policy at issue in *Champagne*. In *Champagne*, the accident occurred in Louisiana and Louisiana residents were affected directly by the policy's interpretation. *See id.* at 789. Here, by contrast, the events giving rise to the claims against FCCI-insured Defendants occurred in Florida and China; none occurred in Louisiana. Additionally, Louisiana residents will not be affected by the interpretation of FCCI policies; FCCI did not insure any Defendants who installed Chinese-manufactured drywall in Louisiana. Florida thus has a significant interest in the

interpretation of the FCCI policies, and Louisiana has none. Florida law therefore applies to the claims against FCCI.

### C.     Applying Louisiana Law to Claims Against FCCI Would Violate Due Process.

Failing to apply Florida law would also violate due process. For Louisiana law to apply, Louisiana "must have a 'significant contact or significant aggregation of contacts' to the claims asserted by *each member of the plaintiff class*, contacts 'creating state interests,' in order to ensure that the choice of [Louisiana] law is not arbitrary or unfair." *Phillips Petroleum*, 472 U.S. at 821-22 (quoting *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312-13 (1981). Emphasis added). Applying the law of a state that does not have sufficient contacts to the transaction violates constitutional due process. *See id.* at 821-23. The constitutional requirements are not relaxed in a nationwide class action, and the Court "may not take a transaction with little or no relationship to the forum and apply the law of the forum in order to satisfy the procedural requirements that there be a 'common question of law.'" *Id.* at 820-21. It is also error to aggregate the individual claims to create a common fund. *Id.* at 819-20.

A key element in determining whether application of a state's law is constitutional is the parties' expectations. *Id.* at 822. Louisiana has no contacts with the FCCI insurance policies or the claims made against them, and the parties could not have expected that Louisiana law would apply. The policies were issued in Florida, FCCI and the Defendants to whom it issued policies are Florida residents, and the events giving rise to the Plaintiffs' claims against FCCI occurred in Florida. The only reasonable expectation under such circumstances is that Florida law will

apply.[1] Applying Louisiana law on the mere happenstance that other insurers issued policies to other Defendants who performed similar work in Louisiana would be arbitrary and unfair. Applying Louisiana law would therefore violate Fifth and Fourteenth Amendment due process. *See id.* at 819-23.

## II.    Conclusion

Florida law is the only law that can be applied to the claims against FCCI under the Louisiana choice of law rules and due process. Plaintiffs therefore cannot maintain a direct action against FCCI, and the claims against FCCI must be dismissed.

This 24th day of March, 2011.

Respectfully submitted,

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for FCCI COMMERCIAL INSURANCE
COMPANY and FCCI INSURANCE COMPANY

BY:      /S/ ROBERT M. DARROCH
ROBERT M. DARROCH
GA State Bar No.:  205490
STEPHANIE F. GLICKAUF
GA State Bar No.:  257540
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
Phone:  (404) 264-1500
Fax:    (404) 264-1737
rdarroch@gmlj.com
sglickauf@gmlj.com

AND

MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC

---

[1] Federal law grants Florida power to regulate such transactions, and exempts regulation thereof from dormant commerce clause arguments. *See* 15 U.S.C. §§ 1011-1012.

By:     /s/ PATRICK E. COSTELLO
        PATRICK E. COSTELLO (#26619)
        JACQUES P. DeGRUY (#29144)
        4250 One Shell Square
        701 Poydras Street
        New Orleans, Louisiana  70139
        Telephone: 504-595-3000
        Facsimile: 504-522-2121
        pcostello@mblb.com
        jdegruy@mblb.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

        /s/ PATRICK E. COSTELLO
        PATRICK E. COSTELLO (#26619)
        pcostello@mblb.com