UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No.    2047<br>Section L |
| This Document Relates to<br>ALL CASES and specifically<br>AMATO v. LIBERTY MUTUAL INS. CO., et al<br>(OMNI V) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## MEMORANDUM IN SUPPORT OF DEFENDANT MARKEL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT FOR LACK OF A POLICY FILED PURSUANT TO COURT ORDER OF MARCH 3, 2011

### INTRODUCTION

As set forth in the accompanying Motion for Summary Judgment, the *Amato* "Omnibus V" Amended Complaint asserts a claim against Markel Insurance Company ("Markel") based on an alleged commercial general liability ("CGL") policy issued to "Mayeaux Construction." However, no such policy exists, and accordingly, Markel should be granted summary judgment dismissing it from this case. As attested to in its Affidavit in support of its motion, Markel did not issue any such policy and therefore there is no basis for asserting any claim against it.

### BACKGROUND

Plaintiffs and the Plaintiffs' Steering Committee ("PSC") filed this "Omnibus" *Amato* Complaint on March 19, 2010. On May 11, 2010, the PSC filed the Amended Complaint, which is the operative pleading at issue in this Motion. Plaintiffs' Amended Complaint purports to join the claims of approximately 420 plaintiffs who purportedly have claims pending against approximately 94 different Insured Defendants, which are alleged to be distributors, suppliers, importers, exporters, or manufacturers of Chinese Drywall, or

builders or developers that allegedly used defective Chinese Drywall. Based upon these underlying claims, the 420 Plaintiffs purport to bring a direct action against 98 insurers that are alleged to provide commercial general liability ("CGL") coverage to the Insured Defendants. (*See generally* Am. Compl. at ¶¶ 6-622.) Plaintiffs assert a nationwide class action, and allege *99 subclasses* based on each of the 98 insurers named in the Complaint. (Am. Compl. at ¶¶ 644-647.) The Amended Complaint purports to allege fourteen separate causes of actions against various groups of Defendants. (Id. at ¶¶ 659-773.)

## ARGUMENT

An insurance contract, like any other contract, requires that the essential elements of contract formation be met. *Leger v. Tyson Foods, Inc.*, 670 So. 2d 397, 401 (La. App. 3 Cir. 2006). The burden of proof in an action for breach of contract is on the party claiming rights under the contract. *Bond v. Allemand*, 632 So. 2d 326, 329 (La. App. 1 Dist. 1993). It is a clear principle of Louisiana law that "the insured bears the burden of proving *the existence of the policy* and coverage." *Tunstall v. Stierwald*, 2001-1765 (La. 2/26/02), 809 So. 2d 916, 921, citing *Collins v. New Orleans Public Service, Inc.*, 234 So. 2d 270, 272 (La. App. 4th Cir. 1970), *writ den.*, 236 So. 2d 503 (1970); *Johnston v. Broussard*, 940 So.2d 79, 82 (La. App. 2 Cir. 2006) (a "written insurance contact is an essential element of the plaintiff's *prima facie* case").

As set forth in the accompanying affidavit of Mary Rowe, a thorough search of Markel's records has revealed no policy issued to "Mayeaux Construction" or any other entity with a similar name. Moreover, Mayeaux itself does not claim, nor has it ever claimed, to have had coverage with Markel.

Since, as explained above, the burden is on the Plaintiffs to prove that there is a

CGL policy in existence that was issued to Mayeaux, and since no basis exists for asserting the existence of such a policy, Plaintiffs cannot possibly prevail on a claim against Markel. Markel's Motion for Summary Judgment should be granted, dismissing Markel as a party to this litigation.

    Respectfully submitted:

s/ Rebecca C. Appelbaum
REBECCA C. APPELBAUM
FL Bar No. 0179043
rappelbaum@butlerpappas.com
Butler Pappas Weihmuller Katz Craig LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, Florida 33602
(813) 281-1900
(fax)(813) 281-0900

CARIN DORMAN BROCK , ESQ.
LA Bar. No. 28339
cbrock@butlerpappas.com
Butler Pappas Weihmuller Katz Craig LLP
Post Office Box 16328
Mobile, Alabama 36616
(251) 338-3801
(fax)(251) 338-3805
Attorneys for Defendant, Markel Insurance Co.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Defendant, Markel Insurance Company's Motion for Summary Judgment has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

    Respectfully submitted,

s/ Rebecca C. Appelbaum
REBECCA C. APPELBAUM, ESQ

3