**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | CASE NO. 2:09-MD-02047  SECTION L |
| THIS DOCUMENT RELATES TO: | ) ) ) | JUDGE FALLON  MAG. JUDGE WILKINSON |
| *Amato v. Liberty Mut. Ins.*, et al. (2:10-cv-00932) (E.D. La.) | ) | |

**FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

COME NOW Defendants, FCCI COMMERCIAL INSURANCE COMPANY and FCCI INSURANCE COMPANY, (collectively here referred to as "FCCI"), by and through the undersigned counsel of record, and file this, their memorandum of law in support of its Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint (V) (individually referenced hereinafter, "Complaint") and Plaintiffs' Amended Omnibus Class Action Complaint (V) for Insufficient Service of Process (individually referenced hereinafter, "Amended Complaint") (hereinafter collectively "Complaints") pursuant to Federal Rules of Civil Procedure 12(b)(5) and show the Court the following:

**STATEMENT OF FACTS**

Plaintiffs filed the Complaints "mandating coverage by the respective Insurance Company Defendants for all damages and remedies under the pertinent insurance policies for which the distributors, suppliers, importers, exporters, brokers, builders, developers, contractors, and installers (the "Insured Defendants") for whom the Plaintiffs have standing are liable."

(Complaint[1] at p. 2). Plaintiffs are various homeowners who name FCCI, among many other insurance company defendants, in these Complaints. (Complaint ¶¶ 411-412). Plaintiffs assert that the named insurance company defendants, including FCCI, issued insurance policies under naming the Insured Defendant as insureds or additional insureds. (Complaint ¶ 555). Further Plaintiffs assert that the policies issued by the insurance company defendants cover the Insured Defendants for the claims set forth in Plaintiffs' Complaint. (Complaint ¶ 555). Therefore, Plaintiffs assert that each insurance company defendant is liable for the damages allegedly caused by defective Chinese drywall.[2] (Complaint ¶¶ 553, 555).

The Complaints allege that the drywall "designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold by the 'Insured Defendants'" emitted sulfides and other noxious gases (or "off-gases"). (Complaint ¶¶ 542, 546). Plaintiffs allege the sulfides and other noxious gases have caused corrosion and damage to personal property such as HVAC systems, refrigerators, televisions, personal computers and other metal surfaces and property and that exposure to sulfide and other noxious gases caused health problems. (Complaint ¶¶ 543-544). Additionally, Plaintiffs seek damages including the costs of inspection; costs and expenses necessary to remedy; replace and remove the Chinese drywall and other property that has been replaced; lost value or diminution of property value; damages associated with personal injury; medical monitoring; compensatory damages and punitive damages. (Complaint ¶¶ 550-551).

---

[1] For efficiency and readability, throughout this Memorandum, FCCI cites to Plaintiffs' Omnibus Class Action Complaint (V) when it refers to page numbers, paragraph numbers and schedules or exhibits.

[2] Plaintiffs identify certain insurance policies that were allegedly sold by FCCI to named "Insured Defendants" included in Plaintiffs' Complaints in Schedule 1. (Complaint ¶ 380, Schedule 1). However, FCCI Insurance Company and FCCI Commercial Insurance Company issued insurance policies only to named "Insured Defendants" Banner Supply Company Port St. Lucie, LLC and Residential Drywall, Inc.

Plaintiffs' Omnibus Class Action Complaint (V) was filed on March 19, 2010 and service was attempted upon FCCI by serving the Louisiana Secretary of State on July 19, 2010. (See attached as Exhibit "A" at true and accurate copy of FCCI's Summonses). Plaintiffs' Amended Omnibus Class Action Complaint (V) was filed on May 11, 2010 and service was attempted upon FCCI through LexisNexis File & Serve on May 18, 2010.

As will be set forth below, FCCI was improperly served the Plaintiffs' Omnibus Class Action Complaint (V) in violation of Federal Rule of Civil Procedure 4(m); therefore, Plaintiffs' Complaints must be dismissed as to FCCI.

**A.    Plaintiffs' Failure To Properly Serve FCCI Under Federal Rule of Civil Procedure 4(m) Requires The Plaintiffs' Complaints Be Dismissed**

Where a plaintiff has not properly served process upon a defendant, a federal court may not assert personal jurisdiction over the claim. *See Omni Capital Int'l v. Ltd v. Rudolf Wolf & Co.*, 484 U.S. 97, 104 (1987); *Winegarner v. Cinemark Holding, Inc.*, 2010 WL 2901871, E.D.Tex., 2010. The Federal Rules of Civil Procedure govern the manner in which a plaintiff is to perfect service upon a named defendant in an action filed in any federal district court in the United States and authorizes the courts to dismiss a civil action for insufficient service of process. (Fed.R.Civ.P.1, 4, 12(b)(5)). The plaintiff bears the burden of demonstrating the validity of the service when an objection is made. *Carmini v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir.1992). In determining whether service of process was insufficient, the court must look outside the complaint to determine what steps, if any, the plaintiff took to effect service. *Dominion Exploration & Prod., Inc. v. Delmar Systems, Inc.*, 2008 WL 4709453 (E.D.La.2008) (*citing C3 Media & Mktg. Gr., LLC v. Firstgate Internet, Inc.*, 419 F.Supp.2d 419, 427(S.D.N.Y.2005)). Service was not properly effected upon FCCI and thus this Court

3

should not assert personal jurisdiction over the claims against FCCI and the action as to FCCI should be dismissed.

Plaintiffs' service upon the FCCI Defendants was insufficient in that it was completed more than 120 days after the filing of the Complaint, in violation of Federal Rule of Civil Procedure 4(m) and thus the Complaint must be dismissed. Federal Rule of Civil Procedure 4(m) states that:

> "**If service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court**, upon motion or on its own initiative after notice to the plaintiff, **shall dismiss the action** without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." (*Emphasis added*).

When defendants challenge service of process, the serving party bears the burden of proving its validity or good cause for failure to timely serve defendants. *Systems Signs Supplies v. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Good cause must be more than inadvertence, mistake of counsel or ignorance of the rules. *Id.*; *Houston v. Astrue*, 2010 WL 234284, W.D.La., (2010) (finding plaintiff did not provide a proper explanation for the improper service, therefore, good cause was lacking, and plaintiff's case was dismissed). Plaintiff must show excusable neglect, and establish a good faith and a reasonable basis for not serving the summons and complaint within the time allowed by the rules. *Houston v. Astrue*, *Supra*; *Newby v. Enron Cor.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008)(quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985); *Slater v. Mid South Extrusion*, Not Reported in F.Supp.2d, 2007 WL 988924, W.D.La., 2007 (where plaintiffs did not demonstrate good cause for failure to serve defendants within the required time frame, service was insufficient, and the court dismissed the claims).

A plaintiff shows good cause for a delay when he makes a "good faith attempt to effectuate service of process, but the service nevertheless fails to satisfy all the requirements set forth in the applicable rule." *Kimble v. Allied Physicians, LLC*, Not Reported in F.Supp.2d, 2005 WL 1038202 (E.D.La. 2005) (finding no good cause was present to grant an extension where a pro se plaintiff failed to make a good faith effort to remedy service defects of which she had knowledge) (quoting *Chilean Nitrate Corp. V. M/V Hans Leonhardt*, 810 F.Supp. 732, 735 (E.D.La. 1992). Although a court has discretion to grant an extension absent a showing of good cause, the court has not and should not so do so here as Plaintiffs did not even attempt service upon FCCI, and FCCI has done nothing to evade service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996).

Plaintiffs filed Plaintiffs' Omnibus Class Action Complaint (V) against FCCI on March 19, 2010. Plaintiffs served FCCI through the Louisiana Secretary of State on July 19, 2010, which was 122 days after filing. (Ex. B) As discussed above, service upon FCCI through the Louisiana Secretary of State was improper. Further, Plaintiffs have failed to show good cause for why FCCI was not timely served Plaintiffs' Omnibus Class Action Complaint (V).

> **(1)** **Plaintiffs Have Failed to Show Good Cause For Failure to Timely Serve FCCI**

On July 16, 2010, one day before the 120 day Federal deadline, the Plaintiffs' Steering Committee filed a motion for extension time of service as well as an accompanying memorandum of law. (The Plaintiffs' Steering Committee's Rule 6(b) Motion for Extension of Time for Service of Process under Rule 4(m) in Amato; Plaintiffs' Steering Committee's Memorandum of Law in Support of Its Rule 6(b) Motion For Extension of Time for Service of Process under Rule 4(m) in Amato [4443], (hereinafter "Plaintiffs' Memorandum"). However,

5

Plaintiffs' Memorandum fails to state good cause as to why they did not make timely service upon FCCI. Indeed, their brief does not even mention FCCI. Plaintiffs argue their "good cause" for why an extension should be granted is apparently that they "anticipate[d]" they would encounter "similar problems in attempting service of the Amato complaint" as they experienced in serving previous complaints in the MDL 2047 because Plaintiffs' complaint contains "many of the defendants from these earlier cases". (Plaintiffs' Memorandum, page 4). The Plaintiffs' Memorandum merely states generally that their efforts to serve "many of the defendants in Amato have been thwarted in part because the defendants in this litigation have been successful in evading service of process." (Plaintiffs' Memorandum, page 1). However, FCCI did not and has not evaded service. FCCI's registered agent's address is and has been easily ascertainable and accessible at all times during this litigation on the Florida Secretary of State's website. The addresses of each of FCCI's officers are and have been easily accessible on the Florida Secretary of State website throughout this litigation. FCCI's counsel has never been approached or asked to accept service on behalf of FCCI. Plaintiffs simply did not even attempt service upon FCCI. Plaintiffs' argument for failure to timely serve does not reach the legal standard of excusable neglect, good faith or a reasonable basis; therefore, plaintiffs Complaints should be dismissed.

### (2) Plaintiffs Did Not Exercise Due Diligence in Serving FCCI

Plaintiffs do not describe any efforts or their required "due diligence", in attempting service upon FCCI. FCCI's registered agent's address is and has been easily ascertainable and accessible at all times during this litigation on the Florida Secretary of State's website. The addresses of each of FCCI's officers are and have been easily accessible on the Florida Secretary of State website throughout this litigation. Even *if* anticipation of evasion of service was good

6

cause for failure to timely serve FCCI, Plaintiffs had no reasonable basis for believing that FCCI would evade service as they have not done so in this litigation.

Although an extension for the deadline for service may be warranted where defendants had actual notice of the litigation, plaintiffs must still show that they acted reasonably and in good faith. *Jacob v. Barriere Const. Co.*, LLC, No. 08-3795, 2009 WL 2390869, at *3 (E.D.La. July 30, 2009). Here, Plaintiffs have failed to show that they have acted either reasonably or in good faith. Indeed, Plaintiffs have not even shown that they have acted at all. Plaintiffs have failed to show evidence of any attempts of service upon FCCI within the required 120 days.

As Plaintiffs have failed to properly serve the FCCI defendants the Plaintiffs' Omnibus Class Action Complaint (V) and failed to state good cause for this failure, there is no personal jurisdiction over FCCI pursuant to Federal Rule of Civil Procedure 4(m). *Omni Capital Int'l v. Ltd v. Rudolf Wolf & Co.*, 484 U.S. 97, 104 (1987). Therefore, as dictated by Federal Rule of Civil Procedure 4(m), the claims in Plaintiffs' Omnibus Class Action Complaint (V) must be dismissed.

    **B.**    **Plaintiffs' Amended Omnibus Class Action Complaint (V) Was Improperly Served**

Plaintiffs filed Plaintiffs' Omnibus Class Action Complaint (V) against FCCI on March 19, 2010. Plaintiffs filed Plaintiffs' Amended Omnibus Class Action Complaint (V) on May 11, 2010 and served Goodman, McGuffey, Lindsey & Johnson on May 18, 2010 in an apparent attempt to serve FCCI through Lexis-Nexis File & Serve. This service was improper. At the time Plaintiffs served Plaintiffs' Amended Omnibus Class Action Complaint (V), FCCI had not been served with Plaintiffs' Omnibus Class Action Complaint (V), and Counsel for FCCI Defendants had not entered a Notice of Appearance. Therefore, when Plaintiffs filed Plaintiffs' Amended

7

Omnibus Class Action Complaint (V), there was nothing for the Plaintiffs to amend because the original complaint had not been served. See *Johnson v. U.S.*, 152 F.R.D. 87, (E.D.La. 1993) citing *Diversified Marine International, Inc. v. United States*, 774 F.Supp. 1005, 1008 (E.D.La. 1991) (where the original complaint was not served within 120 days and no good cause was shown for the failure, the initial complaint could not be amended because the original complaint had been dismissed). Plaintiffs improperly served FCCI because Plaintiffs attempted to serve upon FCCI the Amended Complaint, which had not yet been filed; Plaintiffs failed to serve the Amended Complaint within 120 days; and Plaintiffs served a law firm which had not yet entered a Notice of Appearance instead of the FCCI Defendants. Thus, the Amended Omnibus Class Action Complaint (V) should be dismissed against FCCI.

## CONCLUSION

For the foregoing reasons, this Court should dismiss this action against FCCI pursuant to Federal Rule of Civil Procedure 12 (b)(5) for insufficient service of process.

This 24th day of March, 2011.

        Respectfully submitted,

        GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
        Attorneys for FCCI COMMERCIAL INSURANCE
        COMPANY and FCCI INSURANCE COMPANY

        BY:    /s/ ROBERT M. DARROCH
                ROBERT M. DARROCH
                GA State Bar No.: 205490
                STEPHANIE F. GLICKAUF
                GA State Bar No.: 257540
                3340 Peachtree Road NE, Suite 2100
                Atlanta, GA 30326-1084
                Phone: (404) 264-1500
                Fax:   (404) 264-1737
                rdarroch@gmlj.com

    sglickauf@gmlj.com

    AND

   MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC

 By: /s/ PATRICK E. COSTELLO
    PATRICK E. COSTELLO (#26619)
    JACQUES P. DeGRUY (#29144)
    4250 One Shell Square
    701 Poydras Street
    New Orleans, Louisiana 70139
    Telephone: 504-595-3000
    Facsimile: 504-522-2121
    pcostello@mblb.com
    jdegruy@mblb.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

        /s/ PATRICK E. COSTELLO
        PATRICK E. COSTELLO (#26619)
        pcostello@mblb.com