UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | CASE NO. 2:09-MD-02047 SECTION L |
| THIS DOCUMENT RELATES TO: | ) ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |
| *Amato v. Liberty Mut. Ins.*, et al. (2:10-cv-00932) (E.D. La.) | ) | |

## FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR IMPROPER VENUE

COME NOW FCCI Insurance Company and FCCI Commercial Insurance Company (collectively, "FCCI") and files this Brief in Support of their Federal Rule of Civil Procedure 12(b)(3) Motion to Dismiss for Improper Venue. The only districts in which venue is proper over FCCI for Chinese-drywall claims are located in Florida. Florida, however, does not have a direct-action statute, and the Judicial Panel on Multi-District Litigations (hereinafter "JPML") has refused to transfer insurance coverage cases to the MDL. Plaintiffs are attempting to circumvent the JPML and Florida law by filing a direct action against FCCI in this Court. Venue is not proper in the Eastern District of Louisiana. Thus, the Court must dismiss the claims against FCCI, or transfer the case to a district court in Florida.

I.      Background

FCCI incorporates by reference the Statement of Facts in its Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, filed in this Action.

## II.     Argument & Citation to Authority

### A.     Plaintiffs Must Prove that Venue is Proper Under 28 U.S.C. § 1391(a)(1)-(2), not Under 28 U.S.C. § 1391(b)(1)-(2) Because Jurisdiction is Based Solely on Diversity.

As the party invoking this Court's jurisdiction, Plaintiffs must allege and prove that venue is proper in the Eastern District of Louisiana *See Jarrett v. N.C.*, 868 F. Supp. 155, 158 (D.S.C. 1994). Here, Plaintiffs allege that venue is proper under 28 U.S.C. § 1391(b)(1)-(2). As a threshold matter, venue cannot lie in this case under section 1391(b), because that section only applies in actions where "jurisdiction is not founded solely on diversity of citizenship." Jurisdiction in this case, if present (which FCCI denies it is), is based solely on diversity of citizenship – 28 U.S.C. § 1332(d). Section 1332(d) confers subject-matter jurisdiction over "mass actions" based on minimal diversity if certain prerequisites are met, s*ee, e.g.*, *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1202-03 (11th Cir. 2007) (discussing the requirements for jurisdiction to lie under section 1332d); it does not create a federal cause of action. The text of section 1391(a)(1) & (2) and section 1391(b)(1) & (2) are identical, however. FCCI therefore addresses whether venue is proper under section 1391(a)(1) or (2).[1]

### B.     Plaintiffs Must Prove that Venue is Proper as to FCCI Individually, and the Court's Status as a MDL Court Has No Bearing on Venue With Respect to FCCI.

Plaintiffs may try to address the various insurers' venue motions collectively and rely heavily on the fact that the Court is sitting as an MDL court. Plaintiffs, however, have

---

[1] Plaintiffs do not allege that venue is proper under section 1391(b)(3).

2

"the burden of establishing that venue is proper as to each claim *and as to each defendant.*" *Jarrett,* 868 F. Supp. at 158 (emphasis added). Thus, Plaintiffs cannot establish venue over FCCI with generic proof and allegations; they must make an individualized showing.

Additionally, Plaintiffs will likely argue that the fact that this Court is sitting as a MDL court should factor into the venue analysis. Even if, as some courts have held, venue motions are an exception to the rule that a MDL court must decide pretrial motions the same as the transferor court would, *see Maricopa County v. Am. Petrofina, Inc.*, 322 F. Supp. 467, 469 (N.D. Cal. 1971), the reasoning behind those cases does not apply here. The reasoning behind those cases is that it would be futile to transfer a case to another court before trial if the case would come straight back to the MDL court for all pretrial proceedings. *See id.* In this case, however, the claims against FCCI and the other insurers would not come back to this Court for pretrial proceedings. The JPML has consistently refused to transfer insurance coverage actions to the MDL because the issues in those cases are not similar enough to the related product-liability issues to justify transfer.[2] Thus, if the Court transfers the claims against FCCI to Florida, the claims will stay in Florida for all proceedings. The Court must

---

[2] *See* Order Vacating Conditional Transfer Order of *General Fid. Ins. Co. v. Foster*, No. 9:09-80743 (S.D. Fla. Dec. 2, 2009); Order Denying Transfer of *Builders Mut. Ins. Co. v. Dragas Mgt. Corp.*, No. 2:09-185 (E.D. Va. Feb. 5, 2010); Order Denying Transfer of *Taylor Woodrow Communities at Vasari LLC v. Mid-Continent Cas. Co.*, No. 09-823 (M.D. Fla. June 15, 2009), *Chartis Specialty Ins. Co., et al. v Banner Supply Co., et al.*, No. 10-339 (M.D. Fla June 15, 2009), and *General Fid. Ins. Co. v. Foster*, No. 09-80743 (S.D. Fla. June 15, 2009); Order Vacating Condition Transfer Order of *Mid-Continent Cas. Co. v. Pate*, No. 2:10-121 (M.D. Fla. Aug. 9, 2010), *Mid-Continent Cas. Co. v. Centerline Homes Const., Inc.*, No. 0:10-60484 (S.D. Fla. Aug. 9, 2010), *Mid-Continent Cas. Co. v. Design Drywall of South Florida, LLC*, No. 1:10-20861 (S.D. Fla. Aug. 9, 2010), and *Mid-Continent Cas. Co. v. Precision Drywall, Inc.*, No. 9:10-80457 (S.D. Fla. Aug. 9, 2010); Order Denying Transfer of *Amerisure Ins. Co. v. Albanese Popkin The Oaks Dev. Group, LP*, No. 9:09-81213 (S.D. Fla. Aug. 2010); Order Denying Transfer of *Taylor Morrison, Inc. v. American Int'l Specialty Lines Ins. Co.*, No. 8:10-1347 (M.D. Fla. Oct. 8, 2010), *Mid-Continent Cas. Co. v. Active Drywall South, Inc.*, No. 1:10-20859 (S.D. Fla. Oct. 8, 2010), and *Mid-Continent Cas. Co. v. JDM Builders, Inc.*, No. 1:10-20862 (S.D. Fla. Oct. 8, 2010); Order Denying Transfer of *Lennar Corp. v. Nautilus Ins. Co.*, No. 1:10-21909 (S.D. Fla. Dec. 2, 2010).

therefore decide whether venue is proper in Louisiana for claims by Florida homeowners against a Florida insurance company that issued policies to insureds in Florida.

### C. Venue is Not Proper Under Section 1391(a)(1) Because Not All Defendants Reside in Louisiana.

Section 1391(a)(1) provides that venue is proper in any district in which any defendant resides *if* all of the defendants reside in the same state. A corporation is a resident of every state in which it is subject to personal jurisdiction. 28 U.S.C. 1391(c). Thus, if one of the Defendants is not subject to personal jurisdiction in Louisiana, venue is not proper in this Court under section 1391(a)(1).

Venue is not proper under section 1391(a)(1) because all of the Defendants are not subject to personal jurisdiction in Louisiana, and therefore do not all reside in Louisiana. This Court held in a separate case that Owners Insurance Company, a Defendant in this action, is not subject to personal jurisdiction in Louisiana. (*See* Dkt. No. 7356, 42-43.) For that reason alone, venue is not proper under section 1391(a)(1).[3]

### D. Venue is Not Proper Under Section 1391(a)(2) Because a Substantial Part of the Events Giving Rise to the Claims Against FCCI Did Not Occur in this District.

The venue statute must be construed strictly. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (citing *Olberding v. Ill. Cent. R.R.*, 346 U.S. 338, 340 (1953)). "That means for venue to be proper [under section 1391(a)(2)], *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district . . . even if other material events occurred elsewhere." *Id.* (emphasis as in original). To determine

---

[3] Louisiana also lacks personal jurisdiction over FCCI, but it is not necessary to even reach that issue here.

whether this test is met, the Court must first identify "the events that directly give rise to [the] claim." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). The Court must then identify the districts in which a substantial part of those events occurred. *See id.* Although the inquiry is properly focused on the actions of the defendant, *see id.* at 1372, the only relevant actions are actions that give rise to the specific claim. *See Gulf Ins.*, 417 F.3d at 357 ("It would be error, for instance, to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries."). The "substantial part" test is thus more restrictive than the minimum contacts test, and contacts that do not share a "close nexus" to the claim are irrelevant. *See Jenkins Brick Co.*, 321 F.3d at 1371-72.

The plaintiffs in *Pate* conceded – and this Court agreed – that none of FCCI's contacts with Louisiana are related to Chinese drywall claims, and that FCCI is not subject to specific jurisdiction in Louisiana. (*See* Dkt. No. 7356, 8.) That is enough to dispose of any argument that venue is proper over FCCI under subsection (a)(2). The minimum contacts test for specific jurisdiction is more liberal than the "substantial part" test for venue.[4] Because the Plaintiffs cannot meet the more liberal minimum-contacts test for specific jurisdiction, they cannot logically meet the stricter "substantial part" test for venue jurisdiction. However, even if the Court does not accept this minimum-contacts analysis, venue is still not proper as to FCCI under subsection (b)(2).

---

[4] Minimum contacts for general jurisdiction are irrelevant because, by definition, the contacts have nothing to do with the plaintiff's claims.

For insurance coverage disputes, two classes of events are potentially relevant for venue purposes. One class includes events relevant in typical breach of contract cases. *See, e.g.*, *Gulf Ins.*, 417 F.3d at 357. Such events include "where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." *Id.* The other class includes events relevant to the underlying loss for which coverage is sought. *See, e.g.*, *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166-67 (10th Cir. 2010) ("Although Bartile contends that the location of the allegedly negligent work is irrelevant to the interpretation of the CGL policies . . . this work is still part of the entire sequence of events underlying the claim because it forms the basis of Bartile's request for a defense and indemnification." Internal quotation marks omitted). Neither a substantial part the contract-related events nor the underlying-loss-related events of the claims against FCCI occurred in the Eastern District of Louisiana.

All of the contract-related events between FCCI and its insureds occurred in Florida – primarily in the Middle and Southern Districts of Florida. FCCI's principal place of business is in Florida, and it issued the relevant policies to insureds in Florida. The contracts were thus negotiated, executed, and performed in Florida. The Plaintiffs have therefore not alleged, and cannot prove, that a "substantial part" of the formation, execution, or performance of the FCCI policies at issue occurred in the Eastern District of Louisiana.

Additionally, none of the events related to the underlying losses for which coverage is sought from FCCI occurred in the Eastern District of Louisiana. All of the homes and buildings in which a FCCI insured is alleged to be responsible for Chinese-drywall-related damages are located in Florida. The Plaintiffs have not alleged, and cannot prove, that an

FCCI insured is responsible for Chinese-drywall-related damages in the Eastern District of Louisiana. Indeed, the Plaintiffs have not even alleged that an FCCI insured has any Chinese-drywall-related contacts with the Eastern District of Louisiana. Finally, the Plaintiffs have not alleged, and cannot prove, that a substantial part of the property related to the claims against FCCI is located in the Eastern District of Louisiana. Venue is therefore not proper in the Eastern District of Louisiana for the claims against FCCI.

> E. **Plaintiffs Have not Alleged or Proven that Venue is Proper under Section 1391(a)(3).**

To establish venue under section 1391(a)(3), Plaintiffs must allege and prove that venue is not proper under sections (a)(1) or (a)(2) *anywhere*. *See Algodonera de las Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005). They have done neither. Venue is proper with respect to FCCI in the Middle and Southern Districts of Florida under both subsections, and is likely proper in the Northern District of Florida under subsection (a)(2). Plaintiffs have not alleged or proven that venue is improper in either of those districts as to any of the other Defendants. Accordingly, Plaintiffs could not rely on subsection (a)(3) even if they had alleged that venue is proper under that section.

> F. **The Court Must Dismiss FCCI, Transfer this Action to a District Court in Florida, or Sever the Claims against FCCI and Transfer Those Claims.**

If venue is improper in this District as to all Defendants, the Court must either dismiss the entire case or transfer it to a district where venue is proper. *See* 28 U.S.C. § 1406(a). If, however, venue is proper in this district as to some Defendants, the Court has three options: 1) dismiss the case against FCCI but not the defendants over whom venue is

proper; 2) transfer the entire case to a district court in Florida; or 3) sever the claims against FCCI and transfer them to a district court in Florida. *See Loeb v. Bank of Am.*, 254 F. Supp. 2d 581, 588 n.14 (2003). Venue is not proper in this District over FCCI. FCCI, however, leaves to this Court's discretion whether to dismiss FCCI or merely transfer the claims against it to Florida.

## III. Conclusion

Venue is not proper in this Court over FCCI. The Court must therefore dismiss FCCI from this action, transfer the entire action to a district court in Florida, or sever the claims against FCCI and transfer them to a district court in Florida.

This 24th day of March, 2011.

        Respectfully submitted,

        GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
        Attorneys for FCCI COMMERCIAL INSURANCE
        COMPANY and FCCI INSURANCE COMPANY

        BY:    /S/ ROBERT M. DARROCH
                 ROBERT M. DARROCH
                 GA State Bar No.: 205490
                 STEPHANIE F. GLICKAUF
                 GA State Bar No.: 257540
                 3340 Peachtree Road NE, Suite 2100
                 Atlanta, GA 30326-1084
                 Phone: (404) 264-1500
                 Fax:  (404) 264-1737
                 rdarroch@gmlj.com
                 sglickauf@gmlj.com

        AND

                            MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC

                  By:    /s/ PATRICK E. COSTELLO
                         PATRICK E. COSTELLO (#26619)
                         JACQUES P. DeGRUY (#29144)
                         4250 One Shell Square
                         701 Poydras Street
                         New Orleans, Louisiana  70139
                         Telephone: 504-595-3000
                         Facsimile: 504-522-2121
                         pcostello@mblb.com
                         jdegruy@mblb.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

                                             /s/ PATRICK E. COSTELLO
                                           PATRICK E. COSTELLO (#26619)
                                           pcostello@mblb.com