UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) | MDL NO. 2047 |
| | ) | SECTION: L |
| This Document relates to: *Amato, et al v. Liberty Mutual Insurance Company, et al* **(10-932)** | ) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF DEFENDANT, OLD DOMINION INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) and 12(b)(3)**

Defendant, Old Dominion Insurance Company (hereinafter "Old Dominion"), hereby submits this Memorandum in Support of Defendant, Old Dominion Insurance Company's Motion to Dismiss the Plaintiffs' Amended Omnibus Class Action Complaint (V) for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3)[1].

**BACKGROUND**

On March 19, 2010, Plaintiffs and the PSC filed the *Amato* "Omnibus V" Complaint asserting claims on behalf of injured third-party Plaintiffs against alleged distributors, suppliers, importers, exporters, or manufacturers of Chinese drywall, or home builders or developers that allegedly used defective Chinese drywall (the "Insured Defendants"). Plaintiffs also assert

[1] Defendant, Old Dominion Insurance Company is also moving to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) as advanced in the Insurer Steering Committee's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to which Old Dominion Insurance Company is included as a moving party. These Motions are being filed pursuant to the Court's March 2, 2011 Order (R.Doc. 7793), which expressly allows the filing of partial Rule 12(b) motions without waiving any right to assert other Rule 12(b) motions that raise other issues at a later time. Old Dominion expressly reserves all of its rights to assert different Rule 12(b) motions at a later time and does not intend to waive any such motions.

claims against the Insurance Company Defendants that allegedly issued CGL insurance policies to those Insured Defendants. The Plaintiffs assert claims relating to homes in Louisiana as well as several other states, including Alabama, Florida, Georgia, and Virginia. These claims allegedly relate to CGL policies that were issued or delivered in these states and elsewhere.

On May 11, 2010, the PSC filed the Amended Complaint. (Rec. Doc. 3132.) Plaintiffs' Amended Complaint purports to join the damage claims of approximately 420 individual Plaintiffs, as well as a putative nationwide class, against approximately 94 different Insured Defendants. (*See generally* Am. Compl. at ¶¶ 6-622.) In the same Amended Complaint, Plaintiffs also assert claims against 98 Insurance Company Defendants seeking declaratory relief under 28 U.S.C. § 2201 and seek a determination of coverage under the policies issued by the Insurance Company Defendants. (Am. Compl. at ¶¶ 644-647.)

Old Dominion is among those insurers named as a defendant in the Plaintiffs' Amended Complaint. There are, however, no allegations contained within the Plaintiffs' Amended Complaint that suggest any contact or connection to the state of Louisiana on the part of Old Dominion. As to Old Dominion, the Plaintiffs' Amended Complaint states only that "Defendant, Old Dominion Insurance Company, is a Florida corporation with its principal place of business at 4601 Touchton Road East, Suite 3300, Jacksonville, Florida 32246-4485. Defendant can be served through its registered agent at Chief Financial Officer, P.O. Box 6200, Tallahassee, FL 32399." (Am. Compl. at ¶ 498.) Through the schedules attached to the Plaintiffs' Amended Complaint, the plaintiffs allege that Old Dominion issued policies to Defendant, RJL Drywall, Inc. (Schedule 1 to Am. Compl.). RJL Drywall, Inc. is identified in the Plaintiffs' Amended Complaint as "an entity or individual with a principal place of business at 8181 Bayshore Road, Fort Myers, Florida 33917. Defendant is organized under the laws of Florida and can be served

through its registered agent, Lawrence A. Fitch, 8181 Bayshore Road, Fort Myers, FL 33917. (Am. Compl. at ¶ 621.) As to RJL Drywall, Inc, the Plaintiffs' Amended Complaint goes on to state that "[u]pon information and belief, Defendant constructed or installed Chinese drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members. *Id.* Read together, the Plaintiffs' Amended Complaint and its attached Schedule 1 identify as plaintiffs the owners of five properties located in Florida that are allegedly associated with RJL Drywall: Jason and Jessica James, 3850 NW 32 Place, Cape Coral, FL 33993; Jeffrey and Cynthia Kottkamp, 4511 Randag Drive, North Fort Myers, FL 33903; Juan and Irena Mercado,1226 NE 10th Lane, Cape Coral, FL 33909; Thomas and Kathleen Mullen, 1130 and 1132 Bari Street East, Lehigh Acres, FL 33936; and James and Kathleen Nichols, 1217 NE 7th Place, Cape Coral, FL 33909. (Am. Compl. at ¶ 215, 232, 266, 283 and 288.) Accordingly, there are no allegations in the Plaintiffs' Amended Complaint which connect Old Dominion, RJL Drywall Inc., or the properties which RJL Drywall, Inc. purportedly damaged to Louisiana.

To the contrary, Old Dominion Insurance Company is not and has never been licensed to write any business in Louisiana, is not and has never been authorized to write any coverage in Louisiana and has never written any coverage in Louisiana. *See* Affidavit of Brian J. Brennan, attached and marked Exhibit A. Old Dominion Insurance Company has never had any rates on file with the Louisiana Department of Insurance and is not registered with the Louisiana Department of Insurance. *See* Exhibit A. Old Dominion Insurance Company has never collected any premiums for insurance written in Louisiana. *See* Exhibit A. Old Dominion Insurance Company has never authorized any insurance agent to write any business on its behalf in Louisiana. *See* Exhibit A. Old Dominion Insurance Company does not maintain an office in Louisiana and has no employees in Louisiana. *See* Exhibit A. Old Dominion Insurance

Company does not have a registered agent for service in the State of Louisiana. *See* Exhibit A. Old Dominion Insurance Company does not issue or deliver insurance policies in the State of Louisiana. *See* Exhibit A. Old Dominion Insurance Company does not directly advertise or market their insurance policies in the State of Louisiana. *See* Exhibit A. Furthermore, Old Dominion Insurance Company issued a commercial general liability policy to RJL Drywall, Inc. RJL Drywall, Inc. is a Florida corporation. The subject policy was delivered to RJL Drywall, Inc. at a Florida address and billing for the policy was sent to a Florida address. An insurance agent in Florida was utilized. *See* Exhibit A.

Moreover, this court has already determined that Old Dominion's contacts with the state of Louisiana are insufficient to confer personal jurisdiction. In the case of *Pate v. American International Specialty Lines Insurance Co*., No. 09-7791, the Court allowed NGM Insurance Company's Motion to Dismiss for Lack of Personal Jurisdiction. (Rec. Doc. No. 7356). Old Dominion is a subsidiary of NGM Insurance Company, and its contacts were considered by the Court in reaching its decision. *See* Record Document No. 7356; *see also* Exhibit A.

Based on the foregoing, Old Dominion asserts that the Court lacks personal jurisdiction over it. As a result, venue is also improper. Accordingly, the Plaintiffs' Amended Complaint should be dismissed.

## LAW AND ARGUMENT

**I. This Court lacks personal jurisdiction over Old Dominion, and accordingly, this action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(2).**

The plaintiffs bear the burden of establishing the Court's personal jurisdiction over the defendant when personal jurisdiction is challenged. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir.1994). Where the court makes a ruling as to personal jurisdiction without an evidentiary hearing, the plaintiff must make a prima facie showing of jurisdiction over a non-resident. *Id.* In determining personal jurisdiction, the allegations of a complaint are taken as true except as contraverted by the defendant's affidavit. *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 785 (1990).

"A district court sitting in diversity may exercise personal jurisdiction over a defendant to the extent permitted by state law." *Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colorado*, 615 F.3d 364, 367 (5th Cir. 2010) citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir.2008). "The Louisiana long-arm statute authorizes the exercise of personal jurisdiction to the limits of due process." *Choice Healthcare, Inc.,* 615 F.3d at 367. "The exercise of personal jurisdiction comports with due process where: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id., citing Mink v. AAAA Dev. L.L.C.,* 190 F.3d 333, 336 (5th Cir.1999). "There are two types of 'minimum contacts:' those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir.2008) *quoting*

*Lewis v. Fresne,* 252 F.3d 352, 358 (5th Cir.2001). Specific jurisdiction exists when the lawsuit arises out of a defendant's purposeful contact with the forum state. *Asarco, Inc.*, 912 F.2d at 786. In contrast, due process requires that the defendant has engaged in "continuous and systematic contact" in the forum to support the exercise of general jurisdiction over that defendant. *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361-1362 (5th Cir. 1990). In determining whether the exercise of personal jurisdiction conforms with "traditional notions of fair play and substantial justice," the factors to be considered are: (1) the burden on the defendant in defending the lawsuit; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in further fundamental substantive social policies. *Asahi Metal Industry Co, Ltd. V. Superior Court of California*, 480 U.S. 102, 113 (1987).

There is no basis to contend that Old Dominion is subject to specific personal jurisdiction, as the purportedly damaged homes that the Amended Complaint attributes to an Old Dominion insured are located in Florida. Accordingly, the plaintiffs would need to show that Old Dominion's contacts are enough to confer general jurisdiction, which exists only when a non-resident defendant's contacts with the forum state are substantial, continuous and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-19 (1984). "The 'continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'" *Johnston,* 523 F.3d at 609 *quoting Submersible Sys., Inc. v. Perforadora Cent., S.A.,* 249 F.3d 413, 419 (5th Cir.2001). "'Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction . . . .'" *Johnston,*

523 F.3d at 610 *quoting Revell v. Lidov,* 317 F.3d 467, 471 (5th Cir.2002). "'Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction.'" *Johnston,* 523 F.3d at 610 *quoting Moncrief Oil Int'l Inc. v. OAO Gazprom,* 481 F.3d 309, 312 (5th Cir.2007).

Here, there are no allegations contained in the First Amended Complaint that suggest that Old Dominion had any contacts with Louisiana. In addition, Old Dominion has demonstrated that no minimum contacts with Louisiana exist. Old Dominion is a Florida corporation with a principal place of business in Jacksonville, Florida. *See* Exhibit A. In addition, Old Dominion Insurance does not conduct business in Louisiana and has never written any coverage in Louisiana. *See* Exhibit A. Old Dominion Insurance Company has never had any rates on file with the Louisiana Department of Insurance and is not registered with the Louisiana Department of Insurance. *See* Exhibit A. Old Dominion Insurance Company has never collected any premiums for insurance written in Louisiana. *See* Exhibit A. Old Dominion Insurance Company has never authorized any insurance agent to write any business on its behalf in Louisiana. *See* Exhibit A. Old Dominion Insurance Company does not maintain an office in Louisiana and has no employees in Louisiana. *See* Exhibit A. Old Dominion Insurance Company does not have a registered agent for service in the State of Louisiana. *See* Exhibit A. Old Dominion Insurance Company does not issue or deliver insurance policies in the State of Louisiana. *See* Exhibit A. Old Dominion Insurance does not directly advertise or market their insurance policies in the State of Louisiana. Furthermore, Old Dominion's insured, RJL Drywall, Inc. is a Florida corporation. *See* Exhibit A. There are no allegations in the Amended Complaint that RJL Drywall, Inc. engaged in any work in Louisiana or entered into any contracts in Louisiana.

Most importantly, this Court has already determined that Old Dominion's contacts with Louisiana are insufficient to establish general jurisdiction. As indicated above, in the case of

*Pate v. American International Specialty Lines Insurance Co.*, No. 09-7791, the Court allowed NGM Insurance Company's Motion to Dismiss for Lack of Personal Jurisdiction. (Rec. Doc. No. 7356). Old Dominion is a subsidiary of NGM Insurance Company. *See* Exhibit A. In reaching its decision, the Court considered both NGM's and its subsidiaries' contacts with Louisiana. (Rec. Doc. No. 7356 at p. 45). The Court ultimately found that "establishing general personal jurisdiction over NGM in this forum poses an insurmountable challenge." *Id.* Moreover, because the Court determined that general personal jurisdiction over NGM was lacking, it held that "it need not discuss the second prong of the personal jurisdiction inquiry – whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Id.* The same findings are required here as to Old Dominion. Accordingly, there is no basis for the court to exercise specific or general jurisdiction over Old Dominion, and the Amended Complaint should be dismissed as to Old Dominion pursuant to Fed.R.Civ.P. 12(b)(2).

## II. Venue is improper, and accordingly, this action must be dismissed pursuant to Fed.R.Civ.P.12(b)(3).

The plaintiff alleges that venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2), 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation. Neither the cited statutes, nor the Transfer Order provides a basis for venue in this court, and accordingly, this action must be dismissed pursuant to Fed.R.Civ.P.12(b)(3). In addition, because the plaintiffs are claiming jurisdiction based upon

diversity of citizenship, citing 28 U.S.C. § 1332(d)(2), venue is governed by 28 U.S.C. § 1391(a). Venue is not proper, however, under 28 U.S.C. § 1391(a).

**A. Venue is not proper under 28 U.S.C. § 1391(a)**

Venue in a diversity case is dictated by 28 U.S.C. § 1391(a), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property which is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

It is the plaintiff's burden to establish that venue is proper. *See Smith v. Fortenberry*, 903 F.Supp. 1018, 1019-1020 (E.D.La.1995). The plaintiffs will be unable to meet this burden in the instant case.

As indicated above, a diversity action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State" pursuant to 28 U.S.C. § 1391(a)(1). A corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). This court lacks personal jurisdiction over Old Dominion (and potentially other defendants), and accordingly, Old Dominion does not reside in Louisiana. The Eastern District of Louisiana is not the proper venue under 28 U.S.C. § 1391(a)(1).

The plaintiff fares no better under 28 U.S.C. § 1391(a)(2), which provides that a diversity action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property which is the subject of the action is situated." There are no allegations in the Amended Complaint that suggest that any part of the events or omissions giving rise to the claims against Old Dominion occurred in

Louisiana. Instead, the Amended Complaint advances claims regarding Chinese Drywall purportedly installed in homes in Florida. Accordingly, 28 U.S.C. § 1391(a)(2), provides no support for venue in the Eastern District of Louisiana.

Lastly, 28 U.S.C. § 1391(a)(3) indicates that venue may be had in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." The plaintiffs have failed to allege or demonstrate that there is no district in which this case may otherwise be brought. Moreover, there is no personal jurisdiction over Old Dominion (and potentially other defendants) and, accordingly 28 U.S.C. § 1391(a)(3) is inapplicable.

**B. Venue is not proper pursuant to 28 U.S.C. § 1407 or the Transfer Order**

In the Amended Complaint, the plaintiffs allege that "[v]enue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation." (Amd. Compl. ¶ 3). The statute, however, states that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated and consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Although the statute permits *transfer* in certain circumstances, it does not establish where an action may be initiated for venue purposes. Similarly, there is nothing in the Transfer Order that establishes venue in the Eastern District of Louisiana in the first instance.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons Defendant, Old Dominion Insurance Company respectfully requests that this Court enter an Order granting its Motion; dismissing Plaintiffs' Amended Omnibus Class Action Complaint (V) for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3); and granting any other relief this Court deems necessary and proper.

Respectfully submitted,

*/s/ Sarah B. Christie*

**David F. Hassett, Esquire (MA No. 544443)**
dhassett@hassettanddonnelly.com
**Sarah B. Christie, Esquire (MA No. 566833)**
schristie@hassettanddonnelly.com
**HASSETT & DONNELLY, P.C.**
446 Main Street, 12th Floor
Worcester, MA 01608
(508) 791-6287 (Phone)
(508) 791-2652 (Fax)

**ATTORNEYS FOR DEFENDANT,**
**OLD DOMINION INSURANCE COMPANY**

DATED: March 24, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT, OLD DOMINION INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) and 12(b)(3)** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

*/s/ Sarah B. Christie*
Sarah B. Christie, Esquire