UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>This Document relates to:<br><br>*Amato v. Liberty Mutual Insurance Company*<br>(C.A. No. 10-932) | MDL NO.: 2047<br><br>JUDGE: FALLON<br><br>MAG: WILKINSON |

**GRANADA INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendant, Granada Insurance Company ("Granada"), moves to dismiss the Amato Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and submits the following argument in support of this Motion.[1]

**INTRODUCTION**

The Plaintiffs filed the "Omnibus" Amato Complaint on March 19, 2010. On May 11, 2010, the complaint was amended to include additional parties. The Amended Complaint joins the claims of over 400 plaintiffs who were allegedly injured by defective drywall in their homes with the over 90 insurers of distributors, suppliers, importers, exporters and manufacturers of allegedly defective drywall, as well as the builders, developers and installers that allegedly used defective Chinese Drywall. (*See generally* Am. Comp. at ¶¶ 6-622). Plaintiffs assert a

---

[1] This Motion is being filed pursuant to the Court's March 2, 2011 Order [D.E. 7793], which expressly allows the filing of partial Rule 12(b) motions without waiving any right to assert other Rule 12(b) motions that raise other issues at a later time. Accordingly, Granada expressly reserves all rights to assert different Rule 12(b) motions at a later time and does not intend to waive any such defenses.

1

nationwide class action, and allege 99 subclasses against each of the 98 insurers (including Granada and MCC) named in the Amended Complaint. (Am. Comp. at ¶¶ 644-647). As to each of these subclasses, the Amended Complaint requests the Court to determine if the insurance policies provide coverage. (Am Comp. at 651 a-f). The Amended Complaint alleges that Granada is a Florida corporation with its principle place of business in Florida and can be served through Florida's Chief Financial Officer. (Am. Comp. ¶ 473). In the Amended Complaint, the Plaintiffs seek both Declaratory Judgment (Count I) as well as damages against Granada's insured. (Counts II-VI, X-XII and XIV).

## Argument

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir.1993); *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir.1985); *Kelvin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995). In resolving a jurisdictional issue, the court may review pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits and any part of the record. *Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc.*, 963 F.2d 90, 95 (5th Cir.1992). The allegations of the Amended Complaint are taken as true except to the extent that they are contradicted by the moving party's affidavits. *Wyatt v. Kaplan*, 686 F.2d 276, 282-83 n. 13 (5th Cir.1982) (*citing Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n. 3 (5th Cir.1977)).

In a diversity matter, a federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Jackson v.*

*Tanfoglio Giuseppe, S.R. L.*, 615 F. 3d 579, 584 (5th Cir. 2010); *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir.1993) (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Revell v. Lidov,* 317 F.3d 467, 469 (5th Cir. 2002); *Mink v. AAAA Development, L.L.C.*, 190 F.3d 333, 335 (5th Cir. 1999); and *Irving v. Owens-Corning Fiberglass Corp.*, 864 F.2d 383, 385 (5th Cir. 1989).

Personal jurisdiction can be based upon either general or specific jurisdiction. In this case only general jurisdiction applies since the claims asserted against Granada and MCC do not arise out of its activities in Louisiana. R.D. No. 7356 at 8 (noting the parties conceded specific personal jurisdiction was not at issue); *.Alpine View Co, Ltd. v. Atlas Copco AB,* 205 F.3d 208, 215 (5th Cir. 2000); *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408 (1984). As this Court previously recognized "general jurisdiction requires that the defendant's contacts with the forum state be 'substantial' and 'continuous and systematic'….and that this test "is a difficult one to meet requiring extensive contacts between a defendant and a forum." Judge Fallon's 2011 Order, [D.E. 7356] at *8 citing *Jackson,* 615 F.3d at 584. (finding no personal jurisdiction over defendant who had no office, bank accounts, employees, postal address or property in the forum state and who was not registered to do business nor paid taxes there) *See also Choice Healthcare, Inc. v. Kaiser Foundation Health Plan,* 615 F.3d 364, 368 (5th Cir. 2010) (no personal jurisdiction over an insurer who did not have any offices, business or property in the state even though defendant had paid 53 claims in the state in the past 3 years); *Johnston v. Multidata Systems Intl. Group,* 523 F.3d 602, 611-14 (5th Cir. 2008) (no personal jurisdiction where defendant did not maintain a place of business or have a registered agent in the forum state despite the fact that 3% of the defendants business was in the state, its employees periodically traveled to the state and its national advertisements reached the forum); *Central*

3

*Freight Lines, Inc. v. APA Transport Corp.*, 322 F.2d 376, 381 (5th Cir. 2003) (no personal jurisdiction where defendant to not maintain an office, pay taxes or operate in the state, even though defendant had a federal operating authority in the state and regularly sent its sales person into the forum and negotiated and serviced contracts in the forum); *Travelers Indem. Co. v. Calvert Fire Ins. Co.,* 798 F.2d 826, 832-34 (5th Cir. 1986) (no personal jurisdiction where insurer was not authorized to conduct business, had not appointed agent for service of process, had no employees or assets in the forum and did not issue policies in the form even though its insureds traveled to the forum and defendant had been named in approximately 25 lawsuits in the forum); *Omega Hospital, LLC v. Board of Trustees,* 2008 WL 4286757, at*4 (E.D. La. Sept. 16, 2008) (no personal jurisdiction over non-resident insurer since it was not licensed to do business nor did it maintain any agents offices or business operations in Louisiana even though the insurer's non-resident insureds traveled to Louisiana) and *Andrieu v. Countrywide Home Loans, Inc.* 2006 WL 2117713, at *4 (E.D. La. July 26 2006) (no personal jurisdiction over an insurer where insurer was not licensed in the forum state, did not own property there and did not solicit business there, even though insurer conducted business in the forum state via phone, fax and mail).

Even if Amato can establish that Granada had the requisite minimum contacts with Louisiana (which it cannot) that does not mean that the Court can exercise personal jurisdiction. Rather, the Court must then examine if the exercise of jurisdiction would violate the traditional notions of fair play and substantial justice. *Wein Air Alaska, Inc v. Brandt,* 195 F.3d 208, 215 (5th Cir. 1999). In order to determine whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice" the following factors are considered:1) the burden on the defendant in defending the lawsuit; 2) the forum state's interest

4

in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and, 5) the shared interest of the states in furthering fundamental substantive social policies. *Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 671 (11th Cir. 1993) (citing *Int'l Shoe Co.*, 326 U.S. at 316.

Amato cannot establish that Granada is subject to general jurisdiction in Louisiana where, as here, Granada has not engaged in any purposeful conduct in Louisiana. Granada is an Florida corporation with their principal place of business in Florida. ( Aff. of Carmen Diaz-Padron ¶ 3, attached as Exhibit "A"). Granada does not have any insurance agents in Louisiana to write insurance business on its behalf in Louisiana. ( Aff. ¶8). Granada does not issue or deliver any insurance policies in Louisiana. (Aff. ¶¶ 3, 9, 13). Granada does not have any employees, property or maintain an office in Louisiana. (Aff. ¶¶ 6-7). Granada has not paid any claims or taxes in Louisiana. (Aff. ¶ 10, 14-16). Granada is not authorized to do business in Louisiana nor has Granada ever requested to have its policy forms or rate filings approved in Louisiana. (Aff. ¶¶4-5). The Granada Policies under which Amato claims coverage were all issued by Granada to a Florida corporation (Siesta Bay). Under these facts to invoke jurisdiction over Granada in Louisiana would offend the traditional notions of fair play and substantial justice.

Litigating this case in Louisiana would not further any fundamental substantive social policies, or assist in the resolution of the issues in a convenient and effective way. None of the factors favor personal jurisdiction in Louisiana. First, Granada will incur a financial burden to defend this suit in Louisiana since Granada only insured one Florida company (out of 94 non-insurer defendants) whose involvement is solely limited to Florida homes. Second, this Court cannot have an interest in adjudicating Plaintiff's claims, as the cause of action as to Granada

occurred in Florida. Third, since there is no connection between this insurance coverage dispute between Granada, its insured, the class and Louisiana, litigating this claim in Louisiana would only create inconvenience and additional cost to the parties. Fourth, the most efficient resolution of this case cannot be in Louisiana, because jurisdiction is lacking as to Granada's insured. Lastly, while certain homeowners impacted by defective drywall reside in Louisiana, having this Court deciding coverage for a Florida insurer, Florida corporation and Florida citizens does not further any social policy.

There simply is no basis to bring Granada into a Louisiana court to interpret Florida policies with relation to construction in Florida. That outcome would offend "traditional notions of fair play and substantial justice.

In fact, this Court has already declined to exercise personal jurisdiction over two insurers (Owners and NGM) whose contacts with Louisiana were far more extensive then Granada's since those contacts were not substantial or continuous and systematic. *See* Order R.D. No. 7356 at *39. In contrast to Granada activities in the state, of which there are none, this Court found that Owners payment of 340 claims totaling approximately $500,000 over the past three years in Louisiana, Owners insuring of entities that did business in Louisiana, Owner's initiation of litigation in Louisiana, Owners maintenance of a security agreement in Louisiana and Owners hiring of independent adjusters and lawyers to handle claims and suits in Louisiana were insufficient to invoke the Court's general personal jurisdiction. Order R.D. No. 7356 at *37. NGM's contacts with Louisiana which were also insufficient to invoke jurisdiction, included national advertising, the payment of $2 million to settle 54 claims in Louisiana, the hiring of adjusters and attorneys in Louisiana to handle those claims and the sale of policies to individuals

and businesses which have contact with Louisiana. NGM had also initiated litigation in Louisiana. *Id.* at *44-45.

The Court found that Owners and NGM lacked such crucial connections with Louisiana including: (1) not being licensed to by the Louisiana to write insurance, (2) having no offices or employees in Louisiana, (3) not soliciting business in Louisiana, (4) collecting no premiums from Louisiana residents and (5) having no registered agent for the service of process in Louisiana. *Id* at *38 and 45.

## CONCLUSION

As Granada lacks these same crucial connections with Louisiana, the Court should reach the same result here and dismiss Amato's Amended Complaint as to Granada for lack of personal jurisdiction.

Respectfully submitted,

**LARZELERE PICOU WELLS
   SIMPSON LONERO, LLC**
Two Lakeway Center - Suite 1100
3850 North Causeway Boulevard
Metairie, Louisiana  70002
Telephone: (504) 834-6500
Facsimile:  (504) 834-6565

BY:    */s/ Lee M. Peacocke*
       **MORGAN J. WELLS, JR. (La. No. 18499)**
             mwells@lpwsl.com
       **LEE M. PEACOCKE (La. No. 18374)**
             lpeacocke@lpwsl.com

       **AND**

>HINSHAW & CULBERTSON LLP
>RONALD L. KAMMER, T.A. (Fl. No. 360859)
>rkammer@hinshawlaw.com
>PEDRO E. HERNANDEZ (Fl. No. 30365)
>phernandez@hinshawlaw.com
>9155 S. Dadeland Blvd., Suite 1600
>Miami, Florida  33156
>Telephone: (305) 428-5100
>Facsimile: (305) 577-1063
>
>ATTORNEYS FOR DEFENDANT,
>GRANADA INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Granada Insurance Company's Memorandum in Support of Motion to Dismiss Complaint for Lack of Personal Jurisdiction has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedure established in MDL 2047, on this 24th day of March, 2011.

>/s/ Lee M. Peacocke
>LEE M. PEACOCKE