UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION    ) ) ) ) ) | CASE NO. 2:09-MD-02047<br><br>SECTION L<br><br>JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932)    ) ) | MAG. JUDGE WILKINSON |

**INSURER STEERING COMMITTEE'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The Insurer Steering Committee and the 57 moving Insurance Company Defendants[1] hereby move pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss all of the non-Louisiana claims for lack of subject matter jurisdiction. In further support of this Motion, the Insurer Steering Committee and the moving Insurance Company Defendants are contemporaneously filing a Memorandum of Law, which is incorporated in full herein.

**WHEREFORE**, for all the foregoing reasons and the reasons contained in the accompanying Memorandum of Law, the Insurer Steering Committee and the 57 moving Insurance Company Defendants respectfully request that this Court enter an order granting this Motion; dismissing all of the non-Louisiana claims for lack of subject matter jurisdiction under

---

[1] This Motion is being filed by the Insurer Steering Committee ("ISC") for the convenience of the Court. The 57 "Insurance Company Defendants" joining this Motion are listed in Exhibit A to the Memorandum of Law in Support of this Motion. Some of these Insurance Company Defendants may also file their own motions or briefs addressing related issues. This Motion is being filed pursuant to the Court's March 2, 2011 Order (R. Doc. 7793), which expressly allows the filing of partial Rule 12(b) motions without waiving any right to assert other Rule 12(b) motions that raise other issues at a later time. Accordingly, all of the Insurance Company Defendants joining in this motion expressly reserve all their rights to assert different Rule 12(b) motions at a later time and do not intend to waive any such defenses. Additionally, numerous Insurance Company Defendants are moving, or may move in the future, to dismiss for lack of personal jurisdiction. The joinder in this Motion by any Insurance Company Defendant is not intended to, nor does it, waive any personal jurisdiction defense. (R. Doc. 7793.)

Rule 12(b)(1) of the Federal Rules of Civil Procedure; and granting any other relief this Court deems necessary and proper.

March 24, 2011

Respectfully submitted,

/s/ Judy Y. Barrasso
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
BARRASSO USDIN KUPPERMAN FREEMAN
& SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
jbarrasso@barrassousdin.com
mpipes@barrassousdin.com

*Lead Counsel for the Insurer Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/ Judy Y. Barrasso
Judy Y. Barrasso, 2814