UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

*Amato, et al. v. Liberty Mutual Insurance Company, et al.*, Civil Action No. 2:10-cv-00932

### NATIONWIDE DEFENDANTS' MOTION TO DISMISS DUPLICATIVE CLAIMS UNDER THE FIRST-FILED DOCTRINE AND FURTHER TO DISMISS CLAIMS AGAINST NATIONWIDE FOR IMPROPER VENUE, MISJOINDER, AND LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1), 20, 21 AND 12(B)(3)

Pursuant to this Court's Order dated March 2, 2011, Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and Nationwide Property and Casualty Insurance Company (collectively, "Nationwide") hereby move to dismiss all claims asserted against them in *Amato, et al. v. Liberty Mutual Insurance Company, et al.*, Civil Action No. 2:10-cv-00932 ("*Amato*") pursuant to the "first filed" doctrine and Federal Rules of Civil Procedure 12(b)(1), 20, 21 and 12(b)(3).[1]

More specifically, the Court should dismiss Nationwide from the *Amato* lawsuit because:

1)      The claims alleged against Nationwide by plaintiff Ricky Edmonds are identical to those in an earlier filed lawsuit, *Nationwide Mutual Insurance Company, et al. v. The Overlook, LLC, et al.*, Case No. 4:10-cv-69 (E.D. Va.), which raises the same facts and issues as Edmonds' claims against Nationwide in *Amato*, but which is more comprehensive and more advanced, and which is venued in a proper forum;

---

[1] Pursuant to the Court's Order dated March 2, 2011, this motion is submitted without prejudice to and reserving Nationwide's additional Rule 12(b) defenses including, but not limited to, lack of personal jurisdiction and the plaintiffs' failure to state a claim against Nationwide. Nationwide does not concede personal jurisdiction by filing this motion as required by the Court.

2) Venue in Louisiana is not proper under 28 U.S.C. § 1391;

3) The claims alleged against Nationwide are improperly joined in violation of Federal Rule of Civil Procedure 20 and thus should be dropped pursuant to Federal Rule of Civil Procedure 21; and

4) This Court lacks subject matter jurisdiction over these claims because no case or controversy exists under the Florida and Virginia non-joinder statutes.

In further support of this Motion, Nationwide relies on the accompanying Memorandum of Law, the Affidavit of Seth V. Jackson and the exhibits annexed thereto, the *Amato* Amended Complaint, the Insurers Steering Committee's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, filed March 24, 2011, as to which Nationwide is a listed moving party, and Quanta Indemnity Company's Motion to Drop Parties Improperly Joined Pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure, as to which Nationwide moves for leave to join.

**WHEREFORE**, for the foregoing reasons, Nationwide respectfully requests that this Court dismiss all claims filed against it in this *Amato* lawsuit.

Dated: March 24, 2011                    Respectfully submitted,

                                          */s/ Catherine M. Colinvaux*
                                          Catherine M. Colinvaux (Mass. Bar No. 557935)
                                          Seth V. Jackson (Mass. Bar No. 658669)
                                          **ZELLE HOFMANN VOELBEL & MASON LLP**
                                          950 Winter Street
                                          Suite 1300
                                          Waltham, MA 02451
                                          Tel: (781) 466-0700
                                          Fax: (781) 466-0701
                                          E-mail: ccolinvaux@zelle.com
                                          E-mail: sjackson@zelle.com

                                          - and -

                                          Scott J. Ryskoski (Tex. Bar No. 24038306)

**RYSKOSKI LAW, P.L.L.C.**

556 Silicon Drive
Suite 100
Southlake, TX 76092
Tel: 817-310-3527
Fax: 817-310-0141
E-mail: sjr@ryskoskilaw.com

*Attorneys for Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and Nationwide Property & Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Nationwide Defendants' Motion to Dismiss Duplicative Claims Under the First-Filed Doctrine and Further to Dismiss Claims Against Nationwide for Improper Venue, Misjoinder and Lack of Subject Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure 12(b)(1), 20, 21 and Rule 12(b)(3)** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

*s/ Catherine M. Colinvaux*
Catherine M. Colinvaux