UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL          MDL No. 2047
        PRODUCTS LIABILITY LITIGATION

                                    SECTION: L

THIS DOCUMENT RELATES TO:

                                      JUDGE FALLON
                                      MAG. JUDGE WILKINSON

*Amato, et al. v. Liberty Mutual Insurance*
*Company, et al.*, Civil Action No. 2:10-cv-00932

**MEMORANDUM OF LAW IN SUPPORT OF THE
NATIONWIDE DEFENDANTS' MOTION TO DISMISS
DUPLICATIVE CLAIMS UNDER THE FIRST-FILED DOCTRINE
AND FURTHER TO DISMISS CLAIMS AGAINST NATIONWIDE FOR IMPROPER
VENUE, MISJOINDER, AND LACK OF SUBJECT MATTER JURISDICTION
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1), 20, 21 AND
12(B)(3)**

Pursuant to this Court's Order dated March 2, 2011, Nationwide Mutual Insurance

Company, Nationwide Mutual Fire Insurance Company and Nationwide Property and Casualty

Insurance Company (collectively, "Nationwide") submit this memorandum of law in support of

their motion to dismiss the claims asserted against them in *Amato, et al. v. Liberty Mutual*

*Insurance Company, et al.*, Civil Action No. 2:10-cv-00932 ("*Amato*") pursuant to Fed. R. Civ.

P. 12(b)(1), 12(b)(3) and the "first-filed action" doctrine.[1]

Many of the arguments supporting Nationwide's dismissal are held in common with other

insurer defendants, and the Court is simultaneously receiving extensive briefing on these

common issues. Accordingly, in order to minimize duplicative briefing of the common issues

relating to (1) improper venue; (2) misjoinder of the claims against Nationwide with scores of

unrelated claims; and (3) lack of subject matter jurisdiction because the *Amato* plaintiffs

---

[1]       Pursuant to the Court's Order dated March 2, 2011, this motion is submitted without prejudice to and reserving Nationwide's additional Rule 12(b) defenses including, but not limited to, lack of personal jurisdiction and the plaintiffs' failure to state a claim against Nationwide. Nationwide does not concede personal jurisdiction by filing this motion as required by the Court.

improperly attempt to bring direct actions against Nationwide in violation of applicable Florida and Virginia law, Nationwide presents only limited argument on these points.

Nationwide files separately, as set forth in more detail below, to raise additional grounds, unique to Nationwide, for dismissing all claims against Nationwide relating to the Overlook Townhouses in Richmond, Virginia. These claims are the subject of an earlier filed, more advanced, and more comprehensive lawsuit, venued in a more appropriate forum. Continued litigation of the duplicative Overlook claims in this Court is inefficient and threatens contradictory rulings, procedures and discovery.

## INTRODUCTORY STATEMENT

*Nationwide's Joinder in Common Grounds for Dismissal.* In *Amato*, nine plaintiff-claimants (the "Nationwide Claimants") allege direct action claims against Nationwide under Nationwide insurance policies allegedly providing insurance coverage—not to the plaintiff-claimants—but rather to one Florida-based and two Virginia-based contractors or developers who allegedly constructed the plaintiff-claimants' houses.

None of these claims, none of the allegedly affected houses, none of the alleged Nationwide insureds, and none of the alleged insurance contracts at issue in the claims asserted by the Nationwide Claimants has any relationship to the State of Louisiana. Moreover, none of the Nationwide insurance policies allegedly at issue bears any relationship to the dozens of other insurance disputes relating to different homes, different developments, different insureds, and different insurers which are also sought to be joined in this lawsuit, all of which collectively involve more than 400 other *Amato* plaintiffs claiming against nearly 100 other alleged insured defendants and nearly 100 other insurance company defendants.

For these reasons, Nationwide moves for dismissal of all claims asserted against Nationwide on the grounds that the claims alleged against Nationwide in *Amato* impermissibly

bring suit in a venue unconnected to the plaintiffs or the subject matter of the legal claims, misjoin the Nationwide claims with unrelated claims of more than 400 other *Amato* plaintiffs, and lack subject matter jurisdiction because they improperly assert direct claims in violation of applicable Florida and Virginia statutes.

In further support of these motions, Nationwide also adopts the reasons and arguments in the Insurer Steering Committee's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, filed March 24, 2011, as to which Nationwide is a listed moving party, and moves for leave to join the reasons and arguments in Quanta Indemnity Company's Memorandum of Law in Support of Its Motion to Drop Parties Improperly Joined Pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure, also filed today, as to which Nationwide filed a joinder.[2]

*Nationwide's Unique Motion to Dismiss Based on the First-Filed Doctrine.* Nationwide further moves for dismissal on the grounds that, Ricky L. Edmonds, one of the Nationwide Claimants is also a party to an earlier filed lawsuit, *Nationwide Mutual Insurance Company, et al. v. The Overlook, LLC, et al.*, Case No. 4:10-cv-69 (E.D. Va.) (the "Virginia *Overlook* Lawsuit"), which raises the same facts and issues as Edmonds' claims against Nationwide in *Amato*, but which is more comprehensive and more advanced, and is venued in a proper forum.

The *Amato* Complaint was filed two months after the Virginia *Overlook* Lawsuit, and the claims asserted therein by Edmonds against Nationwide are completely duplicative. The Virginia *Overlook* Lawsuit seeks declaratory judgment on the same issues raised by Edmonds' claims in *Amato*, and both Edmonds and Nationwide's insured named in the *Amato* Complaint are also

---

[2]       Joinder is favored in the interests of judicial efficiency to minimize duplicative briefing where the same legal arguments merit dismissal of the claims against Nationwide based on the facts and related arguments set forth herein.

parties to the Virginia *Overlook* Lawsuit. However, the Virginia *Overlook* Lawsuit is a superior action for resolving the insurance coverage disputes at issue because, unlike *Amato*, the Virginia *Overlook* Lawsuit involves all issues in dispute between Nationwide and its insured, not just those involving Edmonds' claims. Also, the Virginia *Overlook* Lawsuit is venued in Virginia, the jurisdiction whose law applies to interpret the insurance policies at issue, and is sufficiently advanced such that summary judgment motions regarding the pollution exclusion have been briefed and argued. Indeed, the Judicial Panel on Multidistrict Litigation ("JPML") affirmatively refused to transfer the Virginia *Overlook* Lawsuit to this Court, citing some of these same considerations. *In Re Chinese-Manufactured Prods. Liability Litig.*, MDL No. 2047 (J.P.M.L. Feb. 3, 2011) (Order Denying Transfer). Accordingly, the claims asserted by Edmonds in the later-filed *Amato* action should be dismissed in favor of the first-filed Virginia *Overlook* Lawsuit to maximize judicial efficiency and avoid contradictory judgments.

## FACTUAL BACKGROUND

### I.     The First-Filed Virginia *Overlook* Lawsuit.

#### A.     The Virginia *Overlook* Lawsuit Was Filed First, and It Is More Comprehensive and Advanced.

On January 19, 2010, two full months before *Amato* was filed, Nationwide filed the Virginia *Overlook* Lawsuit, a declaratory judgment action against The Overlook, LLC and other Overlook-related entities (collectively "Overlook") and Ricky Edmonds in the United States District Court for the Eastern District of Virginia. [Affidavit of Seth V. Jackson in Support of Nationwide Defendants' Motion to Dismiss (hereinafter "Jackson Aff."), ¶ 3 at Ex. 1] The Virginia *Overlook* Lawsuit involves the same insurance policies at issue in the claims asserted by Edmonds in *Amato*. [*Id.* at ¶¶ 3-4; *see also Amato* Complaint (Ex. 3) at ¶¶ 137-138, Schedule 2 at 33] In the Virginia *Overlook* Lawsuit, Nationwide seeks a declaration that it has no obligation to

defend or indemnify Overlook in connection with claims asserted by Edmonds against Overlook, including an underlying Virginia state court lawsuit. [*Id*. at ¶¶ 34-50; *see also Amato* Complaint (Ex. 3) at ¶¶ 137-138, 154]

The Virginia *Overlook* Lawsuit also addresses numerous other insurance coverage claims between Overlook and Nationwide, not involving Edmonds, which are not at issue in *Amato*. Edmonds' claims against Overlook arise out of the alleged presence of defective Chinese Drywall in a single unit at the Overlook Townhouses in Richmond, Virginia purchased by Edmonds. Overlook was the owner and developer of the Overlook Townhouses, and it is now the operator. [*Id*. at ¶¶ 3-6, 9-33] In addition to Edmonds' unit, twelve other units at the Overlook Townhouses allegedly contained defective Chinese Drywall. At the time, Overlook had sold nine of these other units and still owned three of them. Overlook took actions to address the Chinese Drywall in each of the 12 units (other than the Edmonds' unit) and has sought insurance coverage from Nationwide for its costs in doing so under first-party property coverage and third-party liability coverages in insurance policies issued to Overlook by Nationwide. [*Id*. at ¶¶ 5-7, 9-24] These other coverage claims asserted by Overlook are not included within the *Amato* Lawsuit. [*See generally Amato* Complaint]

In addition, the Virginia *Overlook* Lawsuit is related to a second insurance coverage declaratory judgment lawsuit pending in United States District Court for the Eastern District of Virginia. *See Nationwide Mutual Insurance Company, et al. v. CG Stony Point Townhomes LLC, et al.*, Case No. 4:10-cv-70 (E.D. Va.) ("*Stony Point* Lawsuit"). The *Stony Point* Lawsuit involves allegedly defective Chinese Drywall at a different building development and involves a different insured, but that insured is related to Overlook and certain documents and witnesses are common between the two lawsuits. Therefore, both the parties and the Court have informally

coordinated the Virginia *Overlook* and *Stony Point* Lawsuits for efficiency in addressing overlapping discovery and parallel legal issues. [Jackson Aff., ¶ 4] There are no Stony Point-related issues in *Amato*. [*See Amato* Complaint]

Also, the Virginia *Overlook* Lawsuit is much further advanced than *Amato*. [Jackson Aff., ¶ 5] Although much discovery remains to be completed, the parties have exchanged thousands of pages of documents, interrogatory responses, and other disclosures. Most significantly, cross-motions for summary judgment on issues relating to application of the pollution exclusion in the Nationwide insurance policies at issue have already been briefed and argued, and the motions are pending. [*Id*.]

### B. The Eastern District of Virginia Denied a Motion to Transfer the Virginia *Overlook* Lawsuit to this Court.

The Court in the Virginia *Overlook* Lawsuit denied a motion by Edmonds to transfer the Virginia *Overlook* Lawsuit to MDL No. 2047. Memorandum Opinion dated June 17, 2010, *Overlook, LLC*, Case No. 4:10-cv-69 (E.D. Va.) (Jackson Aff., Ex. 2). In that opinion, the Court stated that "Edmonds cannot identify a single witness who is inconvenienced by having to appear in Virginia, or who is better accommodated by appearing in Louisiana." [*Id*. at 15]  Further, the Court found that "[t]he fact that the majority of parties to this action reside in Virginia, where the action has been filed, obviously weighs against [venue in Louisiana]." [*Id*. at 16]

The Court also stated that "[i]t is difficult to conclude that [Edmonds] could [prove that granting transfer to Louisiana improves the conveniences for Nationwide or Overlook], given that Nationwide issued the policies in question to Overlook in Virginia; the subject matter of those policies is located in Virginia; and that Overlook is located in Virginia." [*Id*. at 16-17]

Finally, the Court concluded that Edmonds could not demonstrate "how the court in the Eastern District of Louisiana is better equipped than this [Virginia] Court to interpret insurance policies issued to Virginia businesses and pertaining to Virginia properties." [*Id*. at 17]

      **C.**    **The JPML Denied a Motion to Consolidate the Virginia *Overlook* Lawsuit with this MDL.**

On February 3, 2011, the JPML denied the motion of the Plaintiffs' liaison counsel and plaintiffs' lead counsel in MDL No. 2047 to transfer the Virginia *Overlook* Lawsuit from the United Stated District Court for the Eastern District of Virginia to the United States District Court for the Eastern District of Louisiana for inclusion in MDL No. 2047.  *In Re Chinese-Manufactured Prods. Liability Litig.*, MDL No. 2047 (J.P.M.L. Feb. 3, 2011) (Order Denying Transfer) (Docket No. 11) (Jackson Aff., Ex. 14).

In so ordering, the JPML stated that it had decided not to transfer Chinese Drywall insurance coverage cases to MDL No. 2047. Notably, the JPML explained that the Virginia *Overlook* Lawsuit "has been proceeding apace in the Eastern District of Virginia for over a year," "involves thirteen condominium units, only one of which is related to claims pending in MDL No. 2047," and "a potentially dispositive motion is currently pending." *Id.* The JPML stated, "In these circumstances, the Panel concludes that inclusion of this action in MDL No. 2047 would not achieve sufficient conveniences or other benefits to justify transfer under 28 U.S.C. §1407." *Id.*

      **II.**    **The Second-Filed *Amato* Lawsuit.**

On March 19, 2010, two months after the filing of the Virginia *Overlook* Lawsuit, the plaintiffs filed the *Amato* purported class action in the Eastern District of Louisiana. The Nationwide Claimants in *Amato* allege that their claims against three other defendants–The

Overlook, LLC, Overlook Point, LLC,[3] and Louran Builders, Inc.–are covered under commercial general liability insurance policies purportedly issued to these entities by Nationwide.[4] [*Amato* Complaint (Ex. 3) at ¶¶ 45, 73, 131, 219, 295, 300, 337, 405, 422, Schedule 1 at 107, 111-112, Schedule 2 at 26, 33] On May 11, 2010, the Nationwide Claimants filed an Amended Complaint in *Amato* (the "*Amato* Complaint"), which does not make any new claims or allegations against Nationwide. [*See generally id.*]

Edmonds and the other Nationwide Claimants in *Amato* seek "a declaratory judgment against [Nationwide] mandating coverage for all damages and remedies … for which [Nationwide] may be liable under the Insurance Policies" with respect to "real property containing Chinese manufactured drywall." [*Id*. at ¶¶ 1, 127, 154] Pursuant to this Court's orders, no insurer, including Nationwide, has been required to file an answer to the *Amato* Complaint and no discovery has taken place in *Amato*. [*See* Pre-trial Order 1G and 1H (Docket Nos. 3348 and 6083, respectively)]

Although no connection is alleged in the *Amato* Lawsuit between any Nationwide Claimant, any Nationwide alleged insured, or any Nationwide insurance policy and the State of Louisiana, the plaintiffs in *Amato* allege jurisdiction over the claims against Nationwide because, pursuant to 28 U.S.C. § 2201, these claims relate to "questions of actual controversy that exist between the Plaintiffs and the Defendants." [*Amato* Complaint, ¶ 1]

---

[3]     Despite allegations to the contrary in the *Amato* Complaint, Nationwide is not currently aware of any information suggesting any relationship between The Overlook, LLC and Overlook Point, LLC. [*Amato* Complaint, ¶¶ 586-7; Schedule 2 at 33]

[4]     The *Amato* Complaint does not identify any policies issued by Nationwide to Overlook Point, LLC. [*Id.*, Schedule 2 at 33]

### A.    Edmonds' Allegations in *Amato* Against Nationwide and The Overlook, LLC.

Through the *Amato* Complaint, Edmonds seeks equivalent declarations to those at issue in the Virginia *Overlook* Lawsuit, involving the same claims against Overlook by Edmonds, the same Nationwide insured (Overlook), and the same Nationwide insurance policies. [*Amato* Complaint, ¶¶ 131, 492-4, 586, 659-663, Schedule 1 at 111, Schedule 2 at 333] Edmonds' Profile Form in MDL No. 2047 does not list a single Louisiana contact. [Jackson Aff., ¶ 8 at Ex. 4]

### B.    Allegations in *Amato* Against Nationwide and Overlook Point, LLC.

The *Amato* Complaint also includes claims relating to a second (and unrelated) Virginia building development called, coincidentally, Overlook Point. [*Amato* Complaint (Ex. 3), ¶ 114, Schedule 1 at 112]

Specifically, the plaintiffs, Keith and Elizabeth Berry, Kenneth and Jeri Johnson, Johnson Family Trust, Dwight and Psyche Page, Hugh and Tracy Vest, and Bryan and Kimberly Wood ("Overlook Point Claimants") allege that Overlook Point, LLC is a Virginia builder who constructed houses in the Yorktown, Virginia area, allegedly containing defective Chinese Drywall. [*Id*. at ¶¶ 45, 219, 300, 405, 422, 587, Schedule 2 at 33] Although the Overlook Point Claimants allege claims against Nationwide, they do not identify any Nationwide insurance policy allegedly at issue. [*See id*. at Schedule 2 at 33] Nor do the Overlook Point Claimants' Profile Forms in MDL No. 2047 list any Louisiana contact. [Jackson Aff., ¶¶ 9-13 at Exs. 5-9] Indeed, demonstrating that the claims are properly venued in Virginia, two of the Overlook Point Claimants, Keith and Elizabeth Berry, filed a lawsuit against Overlook Point in the Norfolk, Virginia Circuit Court on January 4, 2010, and that lawsuit remains pending and active. [*Id*., ¶ 14 at Ex. 10]

The *Amato* Complaint does not include any allegation of a pending dispute between Nationwide and its alleged insured, Overlook Point, including lawsuits or express claims for coverage. [*See generally Amato* Complaint] In fact, on September 9, 2010, Overlook Point filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) and (3) in *Amato* alleging it is not subject to personal jurisdiction in Louisiana and further, that the Eastern District of Louisiana is an improper venue for this matter. [Overlook Point's Motion to Dismiss dated Sept. 9, 2010 (Lexis E-Service No. 33140774)]

### C.   Allegations in *Amato* Against Nationwide and Louran Builders, Inc.

Finally, the *Amato* Complaint also includes claims against Nationwide relating to a Florida development allegedly involving Nationwide-insured Louran Builders, Inc. [*Amato* Complaint (Ex. 3), ¶ 575, Schedule 1 at 107] Specifically, Judalyne Brown, Vincent L. Randolph, and Anne M. O'Hear (the "Florida Claimants") allege Nationwide issued two commercial general liability policies, No. 77PR738604-3001, to Louran Builders, Inc. for the period August 24, 2004 to August 24, 2006. [*Id*. at ¶¶ 73, 295, 337, Schedule 2 at 26]

Louran Builders is alleged to be a Florida builder. [*See id*. ¶ 575] The *Amato* Complaint includes allegations that damage resulted from the use of Chinese Drywall in Louran Builders' construction of three Florida homes. [*Id*. at ¶¶ 623-635, Schedule 1 at 26]

The *Amato* Complaint does not include any allegation of a pending dispute between Nationwide and Louran Builders, including lawsuits or express claims for coverage. [*See Amato* Complaint] The Florida Claimants also do not allege any judgments arising from the alleged Chinese Drywall claims against Louran Builders. [*See generally id.*] The Florida Claimants' Profile Forms in MDL No. 2047 do not list a single Louisiana contact. [Jackson Aff., ¶¶ 15-17 at Exs. 11-13]

**ARGUMENT**

I.    **Edmonds' Claims in *Amato* Should Be Dismissed Because the Virginia *Overlook* Lawsuit Was First Filed and Is More Comprehensive and Advanced.**

    A.    **The Court Lacks Subject Matter Jurisdiction Where, As Here, A Prior Lawsuit Has Been Filed to Resolve the Same Dispute and Involving the Same Parties.**

A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks statutory authority to hear and decide the dispute. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 570 F. Supp. 2d 851, 853 (E.D. La. 2008).  In ruling on a motion to dismiss under Rule 12(b)(1), a court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or, (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Robinson v. TCI/US West Communs.*, 117 F.3d 900, 904 (5th Cir. 1997); *In re FEMA*, 570 F. Supp. 2d at 853.  The party asserting jurisdiction must prove by a preponderance of the evidence that the court possesses jurisdiction. *Gogreve v. Downtown Development District*, 426 F. Supp. 2d 383, 389 (E.D. La. 2006).

This Court lacks subject matter jurisdiction over the *Amato* Lawsuit where an identical lawsuit is already pending. Indeed, federal courts, including the Fifth Circuit and Eastern District of Louisiana, routinely dismiss second-filed cases, like the *Amato* Lawsuit, for lack of subject matter jurisdiction under the "first-filed" doctrine. *See, e.g.*, *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729-730 (5th Cir. 1985) (holding that "courts may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court"); *Hartford Underwriters Ins. Co. v. Foundation Health Services, Inc.*, 359 F. Supp. 2d 1297, 1299 (M.D. La. 2005) (same); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76 (2d Cir. 1989) (granting of Fed. R. Civ. P. 12(b)(1) dismissal based on presumption favoring forum where suit was first filed was not abuse of discretion); *Odesina v. St. Francis*

*Hospital*, No. 3:01cv1091, 2002 U.S. Dist. LEXIS 27336 (D. Conn. Feb. 26, 2002) (granting

motion to dismiss for lack of subject matter jurisdiction based on prior pending action doctrine);

*Marianna Imports v. Helene Curtis, Inc.*, 873 F. Supp. 308 (D. Neb. 1994) (granting motion to

dismiss under 12(b)(1) where first filed suit was further developed than second filed suit).

      Accordingly, the claims by Edmonds against Nationwide in the second-filed *Amato*

Lawsuit should be dismissed because all such issues can be resolved in the prior pending

Virginia *Overlook* Lawsuit.

> **B.**    **The Fifth Circuit Recognizes that a Subsequently Filed Lawsuit Should Be Dismissed Under the "First-Filed" Doctrine.**

      It is well-established in the Fifth Circuit that, absent compelling circumstances, a

subsequently filed action should be dismissed where the same issues can be resolved in an

earlier-filed action pending in another district court. *West Gulf Maritime Ass'n*, 751 F.2d at 730;

*Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *Who Dat Yat LLC v.*

*Who Dat? Inc.*, No. 10-1333, 2010 U.S. Dist. LEXIS 140053 (E.D. La. June 2, 2010). The public

policy behind the "first-filed" doctrine is "to avoid the waste of duplication, to avoid rulings

which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues

that call for a uniform result." *West Gulf Maritime Ass'n*, 751 F.2d at 730.

      In determining whether to apply the "first-filed" rule, Louisiana federal courts consider

two questions: 1) are the two pending cases so duplicative or involve issues so substantially

similar that they should be decided by a single court; and 2) which of the two courts should

resolve the case? *Davis v. Hartford Ins. Co.*, No. 09-5852, 2009 U.S. Dist. LEXIS 95510, at *3

(E.D. La. Oct. 9, 2009). With regard to the first question, the issues do not have to be identical

for the first filed rule to apply; rather, the crucial inquiry is whether the lawsuits have

"substantial overlap." *Id.*; *Save Power Ltd.,* 121 F.3d at 950; *North Am. Speciality Ins. Co. v.*

*Iberville Coatings,* No. 99-1805, 1999 U.S. Dist. LEXIS 15574 (E.D. La. Sept. 30, 1999). With regard to the second question, deference should be given to the first-filed suit absent "compelling circumstances" such as bad faith, anticipatory litigation, or forum shopping. *Davis*, 2009 U.S. Dist. LEXIS 95510, at **3-4.

Here, the "first-filed" rule mandates dismissal of the Overlook-related *Amato* claims against Nationwide. The Virginia *Overlook* Lawsuit and the *Amato* Lawsuit have substantial overlap. In fact, as they pertain to Nationwide, Edmonds, and Overlook, the two lawsuits are virtually identical. The only difference between them is that the Virginia *Overlook* Lawsuit is more comprehensive than the *Amato* Lawsuit and more advanced. Both lawsuits involve the same three Nationwide entities, Edmonds and The Overlook, LLC. Both lawsuits involve Edmonds' claims against Overlook arising out of defective drywall at his Virginia residence, and both lawsuits involve the interpretation and application of the same insurance policies issued by Nationwide to Overlook. Thus, the *Amato* Lawsuit duplicates the first-filed Virginia *Overlook* Lawsuit in all pertinent respects.

No compelling circumstances support a contrary ruling. Rather, all of the circumstances favor deference to the Virginia *Overlook* Lawsuit. For example, since the policies, the property, the parties, and the dispute all share a Virginia locus, Nationwide did not forum shop, but rather brought the Virginia *Overlook* Lawsuit in the most logical forum: Virginia. Recognizing the propriety of Nationwide's choice of a Virginia forum, both the Eastern District of Virginia and the JPML expressly refused to transfer the Virginia *Overlook* Lawsuit to this Court. Memorandum Opinion dated June 17, 2010, *The Overlook*, Case No. 4:10-cv-69 (E.D. Va.) (holding that Virginia is the most convenient forum because all parties and witnesses are residents of or have principal places of business there including Overlook homeowners,

Overlook, LLC, the subcontractors and suppliers who installed the Chinese Drywall, and the contractors who performed the remediation work) (Jackson Aff., Ex. 2); *In Re Chinese-Manufactured Prods. Liability Litig.*, MDL No. 2047 (J.P.M.L. Feb. 3, 2011) (Order Denying Transfer at 1) (holding that "inclusion of [the Virginia *Overlook* Lawsuit] in MDL No. 2047 would not achieve sufficient conveniences or other benefits to justify transfer") (*Id.*, Ex. 14).

Rather, it was Edmonds who engaged in forum shopping by filing *Amato*. Edmonds has sought and been refused transfer of the Virginia *Overlook* Lawsuit to MDL No. 2047 on multiple occasions. *See, e.g.*, Memorandum Opinion dated June 17, 2010, *The Overlook*, Case No. 4:10-cv-69 (E.D. Va.) (Jackson Aff., Ex. 2); *In Re Chinese-Manufactured Prods. Liability Litig.*, MDL No. 2047 (J.P.M.L. Feb. 3, 2011) (Order Denying Transfer) (*Id.*, Ex. 14). But even if the Virginia *Overlook* Lawsuit had been transferred to this MDL, 28 U.S.C. 1407(a) would mandate return to Virginia for trial and Virginia choice of law rules would clearly apply. *See Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 41-42 (1998); *Trade-Winds Environ. Restoration, Inc. v. Stewart*, 653 F. Supp. 2d 649, 652 (E.D. La. 2009). Here, Edmonds appears to be attempting to evade these procedural requirements by filing suit directly in Louisiana, even though there is no legal basis for Louisiana venue over the Overlook claims. *See* 28 U.S.C. § 1391; Sec. II, *infra*. Further, as set forth in the Insurer Steering Committee's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, by joining Nationwide in a direct action also involving Nationwide's insured and seeking joinder of Edmonds' Virginia based claims with multiple unrelated claims, Edmonds is attempting to obtain relief through this Court that would not be available in a properly filed, properly venued lawsuit.

Additionally, the Virginia *Overlook* Lawsuit is more comprehensive and further developed. The Virginia *Overlook* Lawsuit involves numerous claims arising out of the same common facts concerning defective Chinese Drywall at the Overlook Townhouses. Furthermore, unlike this proceeding, discovery has taken place in Virginia, and summary judgment motions on the pollution exclusion have been briefed and argued. Here, by contrast, answers have yet to be filed; no discovery has been exchanged; and substantive motions have not been filed, let alone briefed and argued.

Accordingly, the "first-filed" rule clearly applies and Edmonds' claims in the *Amato* Complaint against Nationwide should be dismissed in favor of the Virginia *Overlook* Lawsuit.

## II.    The Claims in *Amato* Against Nationwide Should be Dismissed Because Venue in Louisiana is Improper.

In the *Amato* Lawsuit, the plaintiffs allege that venue in the Eastern District of Louisiana is satisfied pursuant to Sec. 1391 because "Plaintiffs and a significant number of the absent class members reside in this jurisdiction and a substantial amount of the events and occurrence giving rise to these claims occurred in this District, or a substantial part of the property that is the subject of this action is situated in this district." [*Amato* Complaint, ¶ 3]

A civil action founded on diversity[5] can be venued in: 1) a judicial district where any defendant resides, if all defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and 3) a judicial district in which any defendant is subject to personal jurisdiction, if there is no district in which the action may

---

[5]      The plaintiffs allege venue under Sec. 1391(b)(1) and (2). [*Amato* Complaint, ¶ 3] However, since this complaint is founded on diversity jurisdiction, venue is based on Sec. 1391(a). [*See id*. at ¶¶ 1-2] Regardless, the analysis and outcome as applied to the claims against Nationwide in *Amato* is the same under these provisions – venue is improper.

otherwise be brought. 28 U.S.C. § 1391(a). A defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. Sec. 1391(c).

### A.   A Claim Must Be Dismissed Where the Plaintiffs Cannot Meet Their Burden to Establish Venue for Each Separate Cause of Action and Each Defendant.

A claim must be dismissed where venue is improper. *See* Fed. R. Civ. P. 12(b)(3). The burden is on a plaintiff to demonstrate that the judicial district in which the suit is brought is the proper venue under the statute. *See Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-1020 (E.D. La. 1995). Critically, in multiple-claim, multiple-defendant complaints, such as the *Amato* complaint, "[t]he general rule is that venue must be established for each separate cause of action and for each defendant." *Burkitt v. Flawless Records, Inc.*, C.A. No. 03-2483, 2005 U.S. Dist. LEXIS 11986, at *14 (E.D. La. June 13, 2005). Accordingly, each of the Nationwide Claimants must establish that the Eastern District of Louisiana is the proper venue for their claims against Nationwide, and cannot rely on unrelated claims by other parties to establish this threshold requirement.

### B.   The Nationwide Claimants Cannot Satisfy the Venue Requirements Under Sec. 1391(a)(1)-(2) and (c).

Applying these statutory requirements to the claims against Nationwide, the plaintiffs cannot show that venue is proper.

**First**, under Sec. 1391(a)(1), although one or more defendants unrelated to the claims against Nationwide are alleged to reside in Louisiana, the plaintiffs have not alleged and cannot allege that **all** defendants reside in Louisiana. *See Fortenberry*, 903 F. Supp. at 1019-1020. More particularly, the alleged-insured defendants relating to Nationwide reside in two **different** states that are not Louisiana. *See Burkitt*, 2005 U.S. Dist. LEXIS 11986, at *14. And it even appears that this Louisiana Court lacks personal jurisdiction over many of the defendants including the

16

alleged Nationwide insureds: Overlook Point, Louran Builders and Overlook, LLC.[6] *See* Overlook Point's Motion to Dismiss dated Sept. 9, 2010 (Lexis E-Service No. 33140774); Defendant The Overlook, LLC's Motion to Dismiss dated Aug. 12, 2010 (*Wiltz v. Beijing New Building*, Case No. 2010 CV 361) (Lexis E-Service No. 32640359); Defendant The Overlook Point's Motion to Dismiss dated May 11, 2010 (*Wiltz*) (Docket No. 3017); Order & Reasons dated Aug. 12, 2010 (Fallon, J.) (Docket No. 7356).

**Second**, under Sec. 1391(a)(2), the Nationwide Claimants have not alleged and cannot allege that a substantial part of the events or omissions giving rise to the claims against Nationwide, or a substantial part of property that is the subject of the claims against Nationwide is situated in Louisiana. *See Fortenberry*, 903 F. Supp. at 1019-1020. To the contrary, the alleged Chinese Drywall claims against Nationwide in *Amato* are based either wholly in Virginia or wholly in Florida. The Nationwide Claimants' houses allegedly constructed with Chinese Drywall are all located in Virginia and Florida. The builder-developers are based either in Virginia or Florida, and there is no allegation of any event or property located in Louisiana. *See, e.g.*, Memorandum Opinion dated June 17, 2010, *Overlook, LLC*, Case No. 4:10-cv-69 (E.D. Va.) (Jackson Aff., Ex. 2) (stating that "[t]he fact that the majority of parties to this action [including witnesses] reside in Virginia, where the action has been filed, obviously weighs against [venue in Louisiana]" and that "Nationwide issued the policies in question to Overlook in Virginia; the subject matter of those policies is located in Virginia; and that Overlook is located in Virginia").

---

[6]      Even though the Court has not yet required motions to dismiss or responsive pleadings, four of the five entities against whom Edmonds has brought claims in these MDL proceedings have also moved to dismiss based on both improper venue and lack of personal jurisdiction. Overlook, LLC's Motion to Dismiss (*Wiltz*) dated May 11, 2010; Porter Blaine and Venture Supply's Motion to Dismiss dated May 4, 2010 (*Wiltz*) (Docket No. 2857); Parallel Design and Development, LLC's Motion to Dismiss dated June 4, 2010 (*Wiltz*) (Docket No. 3532); Parallel Design and Development, LLC's Motion to Dismiss for Lack of Jurisdiction dated October 14, 2010 (*Amato*) (Docket No. 4993).

**Third**, under Sec. 1391(a)(3), even if this Court has personal jurisdiction over Nationwide in connection with the claims of the Nationwide Claimants (which Nationwide does not concede, but rather reserves all of its rights), the Nationwide Claimants' claims can be otherwise brought in the Virginia and Florida judicial districts where the claims arose and where Nationwide clearly is subject to jurisdiction. *See supra* Sec. I and III.

Accordingly, all claims against Nationwide should be dismissed from the *Amato* proceedings.

C.     **Venue Cannot Be Supplied By Virtue of Misjoinder With Claims Unrelated to Nationwide Which Are Alleged to Have A Factual Basis for Louisiana Venue.**

As set forth above, there is no real world or legal connection between this Louisiana forum and the claims alleged against Nationwide in the *Amato* Complaint. Thus, in order to manufacture a basis for Louisiana jurisdiction, the Nationwide Claimants are forced to rely on the venue allegations of other plaintiffs who claim a connection to a Louisiana forum. However, these claims are misjoined to the claims against Nationwide, and pursuant to Federal Rule of Civil Procedure 21, this misjoinder provides an additional basis to drop all claims against Nationwide alleged in *Amato*.

Federal Rule of Civil Procedure 20(a) permits different plaintiffs to join their claims in one action, and Federal Rule of Civil Procedure 20(b) permits different defendants to be joined only if the claims satisfy two specific and mandatory requirements. First, the joined claims must arise from the "same transaction [or] occurrence," or "series of transactions or occurrences"; and second, the joined claims must involve a "common question of law or fact." *See also Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 n.11 (5th Cir. 1995) (both requirements of Fed. R. Civ. P. 20 must be met); *In re Vioxx Prods. Liab. Litig.*, No. 08-3627, 2008 U.S. Dist. LEXIS 95097, at *25-27 (E.D. La. Oct. 21, 2008) (Fallon, J.).

18

In this case, the Nationwide Claimants cannot establish even that their three distinct sets of claims, arising in two different states, involving three different Nationwide insureds, and myriad different suppliers, installers, and contractors arise out of the same transaction or occurrence,[7] let alone that they are connected in anything other than name to the claims of 400 other *Amato* plaintiffs claiming against nearly 100 other alleged insured defendants and nearly 100 other insurance company defendants. Indeed, the only common thread affecting these widely divergent plaintiffs, houses, defendants, and insurance contracts is the allegation that all of the claims have their origins in defective drywall manufactured in China. So thin a thread cannot bind together literally scores of different fact patterns, different and unique insurance policies with different negotiating histories, which all must be considered under different states' law.

In similar mass claim contexts where plaintiffs have attempted to join all claims loosely sharing a common theme in one lawsuit, courts have not hesitated to find improper joinder. *See Accardo v. Lafayette Ins. Co.*, No. 06-8568, 2007 U.S. Dist. LEXIS 6859, at *20 n.8 (E.D. La. Jan. 30, 2007) (characterizing joinder of plaintiffs and defendants related to different insurance claims arising out of Hurricane Katrina as "egregious misjoinder"); *In re Vioxx Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 95097, at *25-27 (refusing to allow joinder of all Vioxx-related claims based on their "attenuated commonality"); *Sucherman v. Metro. Prop. & Cas. Inc. Co.*, No. 06-8765, 2007 U.S. Dist. LEXIS 36883, at *4-7 (E.D. La. May 21, 2007) (stating that "plaintiffs cannot rely on the fact that one natural disaster, Hurricane Katrina, caused the damage to all of their properties as a basis for joining their claims"); *In re Diet Drugs*, No. 98-20478, 1999 U.S. Dist. LEXIS 11414, at *15-16 (E.D. Pa., July 16, 1999) (rejecting "Plaintiffs[']

---

[7]     Nationwide uses the term "occurrence" in connection with its misjoinder arguments as that term is used and applied in Rule 20 and related case law. "Occurrence" is also a defined term in some or the insurance coverages at issue. "Occurrence" may have an entirely different meaning and application in these two contexts, and by using the term "occurrence" as used in the statute, Nationwide does not waive any argument or position concerning the application of this term in the insurance context.

attempt to join persons from seven different states into one civil action who have absolutely no connection to each other except that they each ingested [diet drugs]" as "go[ing] . . . well beyond mere misjoinder"); *see also Williams v. Transport Service Co. of Illinois*, No. 07-3597, 2008 U.S. Dist. LEXIS 37174, at *4-6 (E.D. La. May 7, 2008) (Fallon, J.) (finding claims arising from different underlying gas line breaches could not be joined under Rule 20).

The misjoinder is even more apparent where the alleged claims involve insurance contracts. Each insurance contract is unique, and each requires separate application of the unique facts at issue to the precise contract language agreed between the insured and the insurer under the applicable states' law. Patently, the application of different insurance contracts, under different states' law to different underlying fact patterns does not involve a question of fact or law common to all plaintiffs or defendants, much less the same transaction or series of transactions. Recognizing this fundamental reality, myriad courts have refused to allow joinder of insurance claims involving different insureds, even where they involve the same overarching cause (such as "Hurricane Katrina"). *See, e.g., Rohr v. Metro. Ins. & Cas. Co.*, No. 06-10511, 2007 U.S. Dist. LEXIS 3612, at *8 (E.D. La. Jan. 17, 2007) ("Although Plaintiffs each held basically the same standard homeowners' policy, each insurance contract is a separate transaction"); *Accardo*, 2007 U.S. Dist. LEXIS 6859, at *20 n.8 (Rule 20 does not allow joinder of different insurance claims even though all arose out of Hurricane Katrina); *Campo v. State Farm Fire & Cas. Co.*, No. 06-2611, 2007 U.S. Dist. LEXIS 54757 (E.D. La. 2007) (different insureds' claims against the same insurer involving the same hurricane cannot be joined); *Ducree v. Liberty Mut. Ins. Co.*, No. 06-8286, 2007 U.S. Dist. LEXIS 17865, at *5-6 (E.D. La. Mar. 12, 2007) (same).

Here, where the misjoined claims provide the only basis to claim Louisiana venue, the claims against Nationwide must be dismissed.

**III.  Finally, the _Amato_ Claims Against Nationwide Must Be Dismissed Because Governing Florida and Virginia Law Do Not Allow Direct Actions Such As the _Amato_ Claims Against Nationwide, Thereby Depriving this Court of Subject Matter Jurisdiction.**

Here, as set forth in more detail in the Insurers Steering Committee's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, which Nationwide joins as a moving party, the plaintiffs in _Amato_ ignore the black letter language of the non-joinder statutes in Florida and Virginia which prohibit direct action claims such as those asserted by the Nationwide Claimants against Nationwide in the _Amato_ Complaint. Va. Code Ann. § 8.01-5 (2011) (prohibiting joinder of claims against an insured and its insurer in the same proceeding); Fla. Stat. § 627.4136 (barring "a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract" unless that third party "first obtain[s] a settlement or verdict against" an insured); _see also, e.g., Hill v. Washington Metropolitan Area Transit Authority_, 1987 WL 37096, *3 n. 4 (4th Cir. 1987) (enforcing Virginia statute under Virginia law); _Talbot v. Oxfordshire, LLC, et al._, Civ. No. CL10-3893 (Va. Cir. Ct.) (Order Jan. 3, 2011) (same in Chinese Drywall context); _VanBibber v. Hartford Accident & Indem. Ins. Co._, 439 So.2d 880, 882 (Fla. 1983) (same with respect to Florida statute and law).

As this Court has previously held, where the relevant state law does not allow direct actions, the Court lacks subject matter jurisdiction over such claims.  _Essex Co. v. Bayou Concession Salvage_, 942 F. Supp. 258, 260-61 (E.D. La. 1996). Here, since no case or controversy exists under these Florida and Virginia statutes with respect to the direct action claims of the Nationwide Claimants, this Court lacks subject matter jurisdiction over the claims

against Nationwide in the *Amato* Complaint. Accordingly, the claims against Nationwide must

be dismissed.

**CONCLUSION**

For the foregoing reasons, and as supported by the *Amato* Complaint and the affidavit

filed herewith, Nationwide respectfully requests that this Court dismiss all claims asserted

against it in the *Amato* Complaint.

Dated: March 24, 2011                          Respectfully submitted,

                                               _____/s/ Catherine M. Colinvaux_____
                                               Catherine M. Colinvaux (Mass. Bar No. 557935)
                                               Seth V. Jackson (Mass. Bar No. 658669)
                                               **ZELLE HOFMANN VOELBEL & MASON LLP**
                                               950 Winter Street
                                               Suite 1300
                                               Waltham, MA 02451
                                               Tel: (781) 466-0700
                                               Fax: (781) 466-0701
                                               E-mail: ccolinvaux@zelle.com
                                               E-mail: sjackson@zelle.com

                                               - and -

                                               Scott J. Ryskoski (Tex. Bar No. 24038306)
                                               **RYSKOSKI LAW, P.L.L.C.**
                                               556 Silicon Drive
                                               Suite 100
                                               Southlake, TX 76092
                                               Tel: 817-310-3527
                                               Fax: 817-310-0141
                                               E-mail: sjr@ryskoskilaw.com

                                               *Attorneys for Nationwide Mutual Insurance*
                                               *Company, Nationwide Mutual Fire Insurance*
                                               *Company and Nationwide Property & Casualty*
                                               *Insurance Company*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing **Memorandum of Law in Support of The Nationwide Defendants' Motion to Dismiss Duplicative Claims Under the First-Filed Doctrine and Further to Dismiss Claims Against Nationwide for Improper Venue, Misjoinder and Lack of Subject Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure 12(b)(1), 20, 21 and Rule 12(b)(3)** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

*s/ Catherine M. Colinvaux*
Catherine M. Colinvaux
