# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

DEAN and DAWN AMATO, individually, and
on behalf of all others similarly situated,
[ADDITIONAL PLAINTIFFS LISTED ON
SCHEDULE OF PLAINTIFFS, ATTACHED
HERETO AS EXHIBIT A],

                Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE
COMPANY [ADDITIONAL DEFENDANTS
LISTED ON SCHEDULE OF DEFENDANTS,
ATTACHED HERETO AS EXHIBIT B],

                Defendants.

_____/

CASE NO.: 10-932

CLASS ACTION COMPLAINT

JURY TRIAL DEMAND

## PLAINTIFFS' AMENDED OMNIBUS CLASS ACTION COMPLAINT (V)

Pursuant to Federal Rule of Civil Procedure 23, the class representatives in this action bring

suit on behalf of themselves and all other similarly situated owners and residents of real property

containing Chinese manufactured drywall that was designed, manufactured, imported, distributed,

delivered, supplied, marketed, inspected, installed, or sold by the Insured Defendants, as defined

herein. In order to accomplish an effective class structure, each of the class representatives is

pursuing a nationwide class action against the manufacturer(s) of the Chinese manufactured drywall

located in plaintiffs' homes, as set forth in *Payton, et al. v. Knauf Gips KG, et al.*, No.09-7628 (E.D.

La.) (Omni I); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, No. 10-361

(E.D. La.) (Omni II); *Benes, et al. v. Knauf Gips KG, et al.*, No. 09-6690 (E.D. La.) (Omni III);

*Rogers, et al. v. Knauf Gips KG, et al.*, No. 10-362 (E.D. La.) (Omni IV) (the "National Class

1

___Fee _____
___Process _____
_x_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

41. Plaintiff, Corinne Barreca is a citizen of Louisiana and owns real property located at 302 E. Celestine Street, Chalmette, Louisiana 70043 and 304 E. Celestine Street, Chalmette, Louisiana 70043. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

42. Plaintiffs, Clarence and Marion Barrow are citizens of Louisiana and own real property located at 3170 St. Bernard Avenue, New Orleans,Lousiana70119. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

43. Plaintiff, Nilda Bello de Bachek is a citizen of Florida and owns real property located at 10757 NW 81 Lane, Doral, Florida 33178. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

44. Plaintiffs, Jack and Claire Benjamin are citizens of Louisiana and own real property located at 12 Pelham, Metairie, Louisiana 70005. Plaintiffs are participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

45. Plaintiffs, Keith and Elizabeth Berry are citizens of Virginia and own real property located at 607 Mansion Road Yorktown, Virginia 23693. Plaintiffs are participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

46. Plaintiffs, Virgil and Mary Bettencourt are citizens of Mississippi and own real property located at 23473 Woodland Way, Pass Christian, Mississippi 39571. Plaintiffs are participating as

as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

69.  Plaintiffs, I.D., III and Sonia Brewton are citizens of Florida and own real property located at 8804 Jernigan Road, Pensacola, Florida 32514.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

70.  Plaintiffs, Wilton and Rita Brian are citizens of Louisiana and own real property located at 18523 Bellingrath Lakes, Greenwell Springs, Louisiana 70739.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

71.  Plaintiffs, David and Heather Bronaugh are citizens of Louisiana and own real property located at 2323 Sunset Boulevard, Slidell, Louisiana 70461.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

72.  Plaintiffs, Ada and Hillary Brown are citizens of Louisiana and own real property located at 812 Cole Ct., Covington, Louisiana 70433.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

73.  Plaintiff, Judalyne Brown is a resident of Florida and owns real property located at 1414 SE Ladner Street, Port St. Lucie, Florida 34983.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

15

located at 15246 Campanile Court, Baton Rouge, Louisiana 70810. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

129. Plaintiffs, Scott and Heather Durham are citizens of Louisiana and own real property located at 4329 Tupello Street, Baton Rouge, Louisiana 70808. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

130. Plaintiffs, Barry and Denise Durrance are citizens of Florida and own real property located at 18030 Driftwood Lane, Lutz, Florida 33558. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

131. Plaintiff, Rick L. Edmonds is a citizen of Virginia and owns real property located at 801 Holly Street, Richmond, Virginia 23220. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

132. Plaintiffs, Michelle and Giancario Lee Egan are citizens of Florida and own real property located at 12923 SW 135 Terrace, Miami, Florida 33186. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

133. Plaintiffs, Gregory and Elizabeth Eleuterius are citizens of Mississippi and own real property located at 6401 Seawinds Blvd., Biloxi, Mississippi 39532. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this

216. Plaintiffs, Richard and Tamara Janssen are residents of Florida and together own real property located at 2328 Silver Palm Road, North Port, Florida 34288. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

217. Plaintiffs, Chad and Darlene Jarrell are citizens of Louisiana and own real property located at 400 Briar Meadow Lance, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

218. Plaintiff, Florence Jastremski is a citizen of Louisiana and owns real property located at 5314 Courtyard Drive, Gonzales, Louisiana 70737. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

219. Plaintiffs, Kenneth and Jeri Johnson and Johnson Family Living Trust are citizens of Virgina and own real property located at 609 Mansion Road Yorktown, Virginia 23693. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

220. Plaintiff, Willie L. Johnson, Jr. is a citizen of Louisiana and owns real property located at 319 Brighton Lane, Slidell, Louisiana 70458. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

221. Plaintiffs, Charles and Molly Johnson are citizens of Florida and own real property located at 10125 Cobblestone Creek Drive, Boynton Beach, Florida 33472. Plaintiffs are

incorporated herein by reference.

293.  Plaintiffs, Ernest and Marie Nunez are citizens of Louisiana and own real property located at 612 Huseman Lane, Covington, Louisiana 70435.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

294.  Plaintiffs, Frederick and Lisa Nunez are citizens of Louisiana and own real property located at 123 Dominion Blvd., Madisonville, Louisiana 70447.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

295.  Plaintiff, Anne M. O'Hear is a resident of Florida and owns real property located at 2354 SE Avalon Road, Port St. Lucie, Florida 34952.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

296.  Plaintiffs, Olaf A. and Wanda G. Olson are citizens of Louisiana and own real property located at 61880 Shady Pine Road, Lacombe, Louisiana 70445.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

297.  Plaintiffs, Albert and Judith Orduna are citizens of Louisiana and own real property located at 4111 Jasper Street, Metairie, Louisiana 70002.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

298. Plaintiff, David Orlowski is a citizen of Florida and owns real property located at 2722

SW 10th Avenue, Cape Coral, Florida 33914. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

299. Plaintiff, Brenda Owens is a citizen of Alabama and owns real property located at 2105 Lane Avenue, Birmingham Alabama 35217. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

300. Plaintiffs, Dwight and Psyche Page are citizens of Virginia and own real property located at 102 Overlook Point Yorktown, Virginia 23693. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

301. Plaintiffs, Charles and Rachael Parker are citizens of Alabama and own real property located at 963 Weatherby St. S, Saraland, Alabama 36571. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

302. Plaintiffs, Shelly and Kelly Parr are citizens of Louisiana and own real property located at 683 Solomon Drive, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

303. Plaintiff, Judith Ellen Pasentine is a citizen of Louisiana and owns real property located at 216 Oak Lane, Mandeville, Louisiana 70448. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are

NE 183 Street, Unit 1207, Aventura, Florida 33160.   Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

333. Plaintiffs, William and Maxine Quick are citizens of Louisiana and own real property located at 4610 Frenchmen St., New Orleans, Louisiana 70122.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

334. Plaintiff, Joseph Todd Quividia is a citizen of Louisiana and owns real property located at 17470 Rosemont Drive, Prairieville, Louisiana 70769.   Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

335. Plaintiffs, Randy and Pamela Raborn are citizens of Louisiana and own real property located at 31650 Tickfaw Acre Road, Holden, Louisiana 70744.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

336. Plaintiffs, Lloyd and Dinah Ramsarran are citizens of Florida and own real property located at 6756 NW Argus Street, Port St. Lucie, Florida 34983.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

337. Plaintiff, Vincent L. Randolph is a resident of Florida and owns real property located at 5602 Birch Drive, Fort Pierce, Florida 34982.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are

property located at 70304 8th Street, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

404. Plaintiff, Louis Velez is a citizen of Louisiana and owns real property located at 5427 Paris Avenue, New Orleans, Louisiana 70122. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

405. Plaintiffs, Hugh and Tracy Vest are citizens of Virginia and own real property located at 111 Eston's Run, Yorktown, Virginia 23693. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

406. Plaintiffs, Jacques and Nicole Waguespack are citizens of Louisiana and own real property located at 1423 Savannah Street, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

407. Plaintiffs, Margret Williams and Angella and Nicholas Wakeland are citizens of Florida and own real property located at 967 NW Leonardo Circle, Port St. Lucie, Florida 34986. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

408. Plaintiff, Demetra Walker is a citizen of Georgia and owns real property located at 485 Tranquill Drive, Winder, Georgia 30680. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are

77

which are incorporated herein by reference.

420.  Plaintiff, Teresa Wilson is a citizen of Massachusetts and owns real property located at 3945 Rollingsford Circle, Lakeland, Florida 33810.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

421.  Plaintiff, Robert Wischler is a citizen of Louisiana and owns real property located at 3387 Desaix Boulevard, New Orleans, Louisiana 70119.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

422.  Plaintiffs, Bryan and  Kimberly Wood are citizens of Virginia and own real property located at 603 Mansion Road Yorktown, Virginia 23693.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

423.  Plaintiff, Scott Woolley is a citizen of Florida and owns real property located at 7050 Montauk Point Crossing, Bradenton, Florida 34212.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

424.  Plaintiff, Dr. Cassandra Youmans is a citizen of Louisiana and owns real property located at 5201 Chamberlain Drive, New Orleans, Louisiana 70122.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

425.  Plaintiffs, Linda and Raymond Young are citizens of Louisiana and own real property

486. Defendant, Louisiana Home Builders Association General Liability Trust is a Louisiana entity with its principal place of business at 4970 Bluebonnet Blvd., Suits A, Baton Rouge, Louisiana 70809. Defendant can be served through its registered agent at 4970 Bluebonnet Blvd., Suite A, Baton Rouge, Louisiana 70809.

487. Defendant, Markel Insurance Company, is a Illinois corporation with its principal place of business at Ten Parkway North, Deerfield, IL 60015. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

488. Defendant, Mid-Continent Casualty Company, is an Ohio corporation with its principal place of business at 1437 South Boulder, Suite 200, Tulsa, Oklahoma 74119. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

489. Defendant, Mount Hawley Insurance Company, is an Illinois corporation with its principal place of business at 9025 North Lindbergh Drive, Peoria, Illinois 61615. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

490. Defendant, National Union Fire Insurance Company, is a Alabama corporation with its principal place of business at 175 Water Street, New York, NY 10038. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

491. Defendant, National Union Fire Insurance Company of Pittsburgh, is a Pennsylvania corporation with its principal place of business at 70 Pine Street, New York, New York 10270. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

492. Defendant, Nationwide Mutual Insurance Company, is an Ohio corporation with its principal place of business at One West Nationwide Plaza, Columbus, Ohio 43215. Defendant can

be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

493.  Defendant, Nationwide Mutual Fire Insurance Company, is an Ohio corporation with its principal place of business at One West Nationwide Plaza, Columbus, Ohio 43215. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave.,  Baton Rouge, LA 70809.

494.  Defendant, Nationwide Property and Casualty Insurance Company, is an Ohio corporation with its principal place of business at One West Nationwide Plaza, Columbus, Ohio 43215. Defendant can be served through its registered agent at CT Corp. 4701 Cox Rd., Ste. 301, Glen Allen, VA 23060.

495. Defendant,  Nautilus Insurance Company, is an Arizona corporation with its principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona 85260. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

496.  Defendant, North American Specialty Insurance Company, is a New Hampshire corporation with its principal place of business at 650 Elm Street, Manchester, New Hampshire 03101. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

497.  Defendant, The North River Insurance Company, is a New Jersey corporation with its principal place of business at 305 Madison Avenue, Morristown, New Jersey 07962. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave.,  Baton Rouge, LA 70809.

498.  Defendant, Old Dominion Insurance Company, is a Florida corporation with its principal place of business at 4601 Touchton Road East, Suite 3300, Jacksonville, Florida 32246-4485. Defendant can be served through its registered agent at Chief Financial Officer, P.O. Box

92

6200, Tallahassee, FL 32399.

499. Defendant, Old Republic Insurance Company, is a Pennsylvania corporation with its principal place of business at 414 West Pittsburgh St., Greensburgh, PA 15601. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

500. Defendant, Owners Insurance Company, is an Ohio corporation with its principal place of business at 2325 N. Cole Street, Lima, OH 45801. Defendant can be served through its registered agent at CT Corp System, 4701 Cox Rd. Ste. 301, Glen Allen, VA 23060.

501. Defendant, Praetorian Specialty Insurance Company, a subsidiary of Praetorian Financial Group, Inc., is a Delaware corporation with its principal place of business at Wall Street Plaza, 88 Pine Street, 10th Floor, New York, New York 10005. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

502. Defendant, QBE Specialty Insurance Company, is a North Dakota corporation with its principal place of business at Wall Street Plaza, 88 Pine St, 16th Floor, New York, NY 10005. Defendant can be served through its registered agent at CT Corp System, 314 E. Thayer Ave, Bismarck, ND 58502.

503. Defendant, Quanta Indemnity Company, is a Colorado corporation with its principal place of business at 48 Wall Street, New York, New York10005. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

504. Defendant, RLI Insurance Company, is an Illinois corporation with its principal place of business at 9025 North Lindbergh Drive, Peoria, Illinois 61615. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

505. Defendant, RSUI Group, Inc., is a New Hampshire corporation with its principal place

93

of Florida and can be served through its registered agent, Warren S. Wepman, 3635 Bougainville Road, Miami, FL 33133. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

573.   Defendant, Lennar Corporation is an entity or individual with a principal place of business at 700 NW 107 Avenue, Suite 400, Miami, Florida 33172. Defendant is organized under the laws of Delaware and can be served through its registered agent, CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

574.   Defendant, Lennar Homes, LLC is an entity or individual with a principal place of business at 700 NW 107th Avenue, Suite 400, Miami, Florida 33172. Defendant is organized under the laws of Florida and can be served through its registered agent, CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

575.   Defendant, Louran Builders, Inc. is an entity or individual with a principal place of business at 414 SW Dalton Circle, Port St Lucie, Florida 34953. Defendant is organized under the laws of Florida and can be served through its registered agent, Vincent C. Montalto, Jr., 414 SW Dalton Circle, Port St Lucie, FL 34953. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

110

principal place of business at 1732 S. Congress Avenue, Suite 335, Palm Springs, Florida 33461. Defendant is organized under the laws of Florida and can be served through its registered agent, Scott Worley, 1732 S. Congress Ave., Ste 335, Palm Springs, FL 33461-2140. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

584. Defendant, Northstar Homebuilders, Inc. is an entity or individual with a principal place of business at 5901 SW 74th Street, Ste. 411, Miami, FL 33143. Defendant is organized under the laws of Florida and can be served through its registered agent, Mario Aguilar, 5901 SW 74th Street, Ste. 411, Miami, FL 33143. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

585. Defendant, Northstar Homes, Inc. is an entity or individual with a principal place of business at 1732 S. Congress Avenue, Suite 335, Palm Springs, Florida 33461. Defendant is organized under the laws of Florida and can be served through its registered agent, Scott Worley, 1732 S. Congress Ave., Ste 335, Palm Springs, FL 33461-2140. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

586. Defendant, The Overlook, LLC is an entity or individual with a principal place of business at 9030 Stony Point Parkway, Suite 490, Richmond, Virginia 23235. Defendant is organized under the laws of Virginia and can be served through its registered agent, Steven A. Middleton, 9030 Stony Point Parkway, Ste 500, Richmond, VA 23235. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes,

113

which has resulted in harm and damages to Subclass members as described herein.

587. Defendant, Overlook Point, LLC is an entity or individual with a principal place of business at 10 San Jose Drive, Suite 4C, Newport News, VA 23606. Defendant is organized under the laws of Virginia and can be served through its registered agent, Kenneth L. Allen, 109 Nat Turner Blvd., Newport News, VA 23606. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

588. Defendant, Parallel Design and Development, LLC,  is an entity or individual with a principal place of business at 2627 Landview Circle, Virginia Beach, Virginia 23454, but also operates at 6000 Richpress Drive, Williamsburg, Virginia 23188. Defendant is organized under the laws of Virginia and can be served through its registered agent, John Cussen, 1409 Birch Leaf Road Chesapeake, VA 23320. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

589. Defendant, Premier Communities, Inc. is an entity or individual with a principal place of business at 4316 Turnberry Circle, North Port, Florida 34288. Defendant is organized under the laws of Florida and can be served through its registered agent, LPS Corporate Services, Inc., 46 North Washington Blvd. #1, Sarasota, Florida 34236. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

590. Defendant, Ray Beck, Inc. is an entity or individual with a principal place of business at 1197 Salem Drive, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana

to Subclass members as described herein.

## FACTS REGARDING CHINESE DRYWALL PRODUCT

623. Upon information and belief, the Insured Defendants' drywall contains gypsum.

624. In "Chinese drywall" (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold by the Insured Defendants herein), the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or "off-gassed") from the drywall.

625. The "Chinese drywall" is not fit for its ordinary and intended purpose in that it contains high levels of sulfur and  strontium, which emit high levels of sulfur and sulfur compounds, including sulphuric acid and hydrogen sulfide, carbonyl sulfide and sulfur dioxide which corrode copper wires, copper plumbing, copper piping, air-conditioner coils, and other component parts of building, appliances, and personal property, including, but not limited to, HVAC systems, refrigerators, televisions, personal computers and other electrical and electronic devices.

626. The Chinese-manufactured drywall (and the hydrogen sulfide and/or other compounds emitted therefrom, either independently and/or in combination with other ambient compounds such as formaldehyde) sold by and/or through the Insured Defendants has also been widely associated with an offensive smell, headaches, eye irritation, coughing, sore throats, an aggravation of allergy and/or breathing problems, and fear of potential long-term health effects, which have, in many cases, further contributed to a loss of enjoyment, mental anguish, and/or loss of use.

627. As a direct and proximate result of the Insured Defendants' actions and omissions, Plaintiffs' and the Class Members' structures, personal property, and bodies have been exposed to Defendants' Chinese drywall and the corrosive and harmful effects of the hydrogen sulfide and other

124

compounds being released from Defendants' Chinese drywall.

628.  The Insured Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the Chinese drywall, which caused corrosion and damage to personal property in Plaintiffs' and Class Members' homes, residences or structures and/or caused personal injury resulting in headaches, eye irritation, a sore throat and cough, aggravation of allergy and/or breathing problems, nausea, and fear of potential long term health effects.

629.  The Insured Defendants negligently manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the Chinese drywall at issue in this litigation.

630.  The Insured Defendants negligently implemented faulty procedures for purposes of formulating, preparing, testing, and otherwise ensuring the quality and/or character of the Chinese drywall at issue in this litigation.

631.  As a direct and proximate result of the Insured Defendants' Chinese drywall and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from these products, Plaintiffs and Class Members have suffered, and continue to suffer economic harm and/or personal injury.

632.  As a direct and proximate result of the Insured Defendants' Chinese drywall and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from these products, the Plaintiffs and the Class Members have suffered, and continue to suffer damages. These damages include, but are not limited to, costs of inspection; costs and expenses necessary to remedy, replace and remove the Chinese drywall and other property that has been impacted; lost value or

devaluation of their homes, residences or structures and property as a direct result of damage caused to the property and indirect damage to the property, including stigma damages; loss of use and enjoyment of their home and property; other ensuing loss; and/or damages associated with personal injuries.

633. As a direct and proximate result of the Insured Defendants' Chinese drywall and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from these products, Plaintiffs and the Class Members have been exposed to toxic gases, suffered personal injury, have been placed at an increased risk of disease, and have need for injunctive relief in the form of repair and remediation of their home, of their home contracts, emergency/corrective notice, environmental testing and monitoring, and/or medical monitoring.

634. The Class Representatives are pursuing nationwide class action, against the manufacturers, distributors, suppliers, importers, exporters, brokers, builders, developers, contractors, and installers of the Chinese manufactured drywall located in Plaintiffs' homes, in *Payton, et al. v. Knauf Gips KG, et al.*, No. 09-7628 (E.D. La.) (Omni I); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, No. 10-361 (E.D. La.) (Omni II); *Benes, et al. v. Knauf Gips KG, et al.*, No. 09-6690 (E.D. La.) (Omni III); and *Rogers, et al. v. Knauf Gips KG, et al.*, No. 10-362 (E.D. La.) (Omni IV). Plaintiffs' claims sound in negligence, strict liability, breach of warranty, breach of contract, unjust enrichment, nuisance, violation of Louisiana New Home Warranty Act, redhibition, negligent discharge of a corrosive substance, and violation of consumer protection acts (the "Underlying Claims").

635. Plaintiffs here seek declaratory relief mandating coverage by the respective Insurance Company Defendants for all damages and remedies under the pertinent insurance policies for the

Underlying Claims for which the Insured Defendants are liable.

636. In addition, the Direct Action Plaintiffs (i.e., Subclass 1) file this direct action pursuant to Louisiana Revised Statute 22:1269 against the respective Insured Defendants and Insurance Company Defendants (collectively, the "Direct Action Defendants") for damages individually, jointly, and *in solido*.

## FACTS REGARDING THE INSURANCE POLICIES

637. The Insurance Company Defendants provide and/or provided general liability, excess, and/or umbrella insurance policies (the "Insurance Policies") to one or more of the Insured Defendants.

638. Upon information and belief, the Insurance Policies are based on standardized forms and as such are virtually, if not precisely identical, such that they are subject to uniform interpretation.

639. The Insurance Policies cover the losses arising from the Underlying Claims.

640. Upon information and belief, the Insured Defendants timely provided notice under the Insurance Policies.

641. Upon information and belief, the Insured Defendants have satisfied fully all conditions precedent and obligations under the Insurance Policies.

642. Upon information and belief, the Insured Defendants and/or their Subcontractors have paid substantial sums for the Insurance Policies, constituting all premiums due thereunder.

643. Upon information and belief, the Insurance Company Defendants have either denied coverage, reserved their rights, failed to reply to the Insured Defendants' notice letters, or otherwise failed to acknowledge coverage.

127

Subclass #56:        Lexington Insurance Company

Subclass #57:        Liberty Mutual Insurance Company

Subclass #58:        Louisiana Home Builders Association General Liability Trust

Subclass #59:        Markel Insurance Company

Subclass #60:        Mid-Continent Casualty Company

Subclass #61:        Mount Hawley Insurance Company

Subclass #62:        National Union Fire Insurance Company

Subclass #63:        National Union Fire Insurance Company of Pittsburgh

Subclass #64:        Nationwide Mutual Insurance Company

Subclass #65:        Nationwide Mutual Fire Insurance Company

Subclass #66:        Nationwide Property and Casualty Insurance Company

Subclass #67:        Nautilus Insurance Company

Subclass #68:        North American Specialty Insurance Company

Subclass #69:        The North River Insurance Company

Subclass #70:        Old Dominion Insurance Company

Subclass #71:        Old Republic Insurance Company

Subclass #72:        Owners Insurance Company

Subclass #73:        Praetorian Specialty Insurance Company, a subsidiary of Praetorian
                     Financial Group, Inc.

Subclass #74:        QBE Specialty Insurance Company

Subclass #75:        Quanta Indemnity Company

Subclass #76:        RLI Insurance Company

and Subclass Members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

656. The claims for injunctive relief in this case are certifiable under Federal Rule of Civil Procedure 23(b)(2). Defendants have acted or refused to act on grounds that apply generally to the Class and/or Subclass, so that final injunctive relief is appropriate respecting the Class and/or Subclass as a whole.

657. A class action is superior in this case to other methods of dispute resolution. The Class and Subclass Members have an interest in class adjudication rather than individual adjudication because of their overlapping rights. It is highly desirable to concentrate the resolution of these claims in this single forum because it would be difficult and highly unlikely that the affected Class and Subclass Members would protect their rights on their own without this class action case. Management of the class will be efficient and far superior to the management of individual lawsuits. Accordingly, Plaintiffs' legal claims are properly certified pursuant to Rule 23(b)(3).

658. The issues particularly common to the Class and Subclass Members' claims, some of which are identified above, are alternatively certifiable pursuant to Federal Rule of Civil Procedure 23(c)(4), as resolution of these issues would materially advance the litigation, and class resolution of these issues is superior to repeated litigation of these issues in separate trials.

**COUNT I**
**DECLARATORY JUDGMENT**
(Against All Defendants)

659. Plaintiffs adopt and restsate the preceding paragraphs as if fully set forth herein.

660. Under the terms of the policies, the Insurance Company Defendants are obligated to indemnify the Insured Defendants in connection with the Underlying Claims.

137

661.    Upon information and belief, the Insured Defendants have asked the Insurance Company Defendants to perform their contractual obligations under the policies.

662.    A justiciable controversy exists as to the insurance coverage the policies provide.

663.    Accordingly, the Plaintiffs are entitled to a judgment declaring that the Insurance Company Defendants are obligated to indemnify the Insured Defendants in connection with the Underlying Claims, pursuant to 28 U.S.C. § 2201.

<u>COUNT II</u>
NEGLIGENCE
(Against the Direct Action Defendants)

664.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

665.    Defendants owed a duty to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, i) installing, j) marketing, and/or k) selling this drywall, including a duty to adequately warn of their failure to do the same.

666.    Defendants knew or should have known that their wrongful acts and omissions would result in harm and damages in the manner set forth herein.

667.    Defendants breached their duty to exercise reasonable care in the designing, manufacturing, exporting, importing, distributing, delivering, supplying, inspecting, marketing, and/or selling this drywall.

668.    Defendants likewise breached their duties to Plaintiffs and Class Members by failing to warn about the nature of the drywall.  Defendants, through the exercise of reasonable care, knew or should have known the nature of the Chinese drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

138

706. As a direct and proximate cause of Defendants' breach of warranties, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

## COUNT VI
## BREACH OF CONTRACT
**(Against Direct Action Builders and their Insurance Company Defendants Only)**

707. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

708. As part of the agreements to purchase real properties from the Builder Defendants, for which Subclass Members paid valuable consideration, the Builder Defendants contracted with Subclass Members to construct homes that would not cause the harm and damages as described, and plead, heretofore.

709. The Builder Defendants materially breached their contracts by providing Subclass Members with homes that contained drywall from China that emits various hydrogen sulfide and other compounds through off-gassing that causes harm and damage as described herein.

710. As a direct and proximate cause of the Builder Defendants' breach of contract, Plaintiffs and Subclass Members have incurred harm and damages as described herein.

## COUNT VII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
**(on Behalf of Plaintiffs Who Own Homes in the State of Louisiana)**
**(Against Louisiana Builders Only)**

711. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

712. The Louisiana New Home Warranty Act provides protection to owners of homes against builders in connection with the construction of the homes.

713. For each applicable subclass, every subclass plaintiff is an "owner," as that term is defined by Louisiana Revised Statute 9:3143(3), who is asserting a claim under the New Home Warranty Act against their "builder," as that term is defined by Louisiana Revised Statute 9:3143(1).

144

WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situated demand upon Defendants jointly and severally for:

a. an order certifying the case as a class action;

b. an order certifying the Class and each of the Subclasses;

c. an order appointing Plaintiffs as the Class Representatives of the Class;

d. an order appointing undersigned counsel and their firms as counsel for the Class;

e. a declaratory judgment in favor of Plaintiffs and the proposed Class and Subclass Members and against the Insurance Company Defendants mandating coverage for all damages and remedies (including equitable, injunctive, and medical monitoring) for which the Insured Defendants may be liable under the Insurance Policies;

f. compensatory and statutory damages;

g. punitive damages as allowed by law;

h. pre and post-judgment interest as allowed by law;

i. injunctive relief;

j. an award of attorneys' fees as allowed by law;

k. an award of taxable costs; and

l. any and all such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May , 2010

By:_____
Russ M. Herman
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue

154

# SCHEDULE 1

| Plaintiffs/Current Address | Insured Defendants | Insurance Company Defendants | Subclass #'s |
|---|---|---|---|
| Garcia, Jesus<br>2801 SW 18 Street<br>Miami, FL 33145<br><br>Fernandez, Julio<br>7110 SW 103 Place<br>Miami, FL 33173 | Lennar Homes, LLC | Old Republic Insurance Company<br>XL Europe, Ltd.<br>Interstate Fire & Casualty Company<br>General Security Indemnity Company of Arizona | 71<br>96<br>54<br>44 |
| Gonzalez, Miguel Angel<br>2908 NE 2nd Drive<br>Homestead, FL 33033 | Lennar Homes, LLC | Old Republic Insurance Company<br>XL Europe, Ltd.<br>Interstate Fire & Casualty Company<br>General Security Indemnity Company of Arizona | 71<br>96<br>54<br>44 |
| Brown, Judalyne Brown<br>1414 SE Ladner Street<br>Port St. Lucie, FL 34983 | Louran Builders, Inc. | Nationwide Mutual Fire Insurance Company<br>Owners Insurance Company<br>General Fidelity Insurance Company<br>Vinings Insurance Company | 65<br>72<br>43<br>92 |
| Randolph, Vincent L.<br>5602 Birch Drive<br>Fort Pierce, FL 34982 | Louran Builders, Inc. | Nationwide Mutual Fire Insurance Company<br>Owners Insurance Company<br>General Fidelity InsuranceCompany<br>Vinings Insurance Company | 65<br>72<br>43<br>92 |
| O'Hear, Anne M.<br>2354 SE Avalon Road<br>Port St. Lucie, FL 34952 | Louran Builders, Inc. | Nationwide Mutual Fire Insurance Company<br>Owners Insurance Company<br>General Fidelity InsuranceCompany<br>Vinings Insurance Company | 65<br>72<br>43<br>92 |
| Barragan, Fernando & Barbara<br>8935 SW 228th Lane<br>Cutler Bay, FL 33190 | MATSA Construction Company, Inc. | Mount Hayley Insurance Company<br>Mid-Continent Casualty Company | 61<br>60 |
| Restrepo, Socorro<br>8932 SW 228 Lane<br>Cutler Bay, FL 33190 | MATSA Construction Company, Inc. | Mount Hayley Insurance Company<br>Mid-Continent Casualty Company | 61<br>60 |
| Fores, David<br>Vasquez, Monica | MATSA Construction Company, Inc. | Mount Hayley Insurance Company<br>Mid-Continent Casualty Company | 61<br>60 |
| Helmick, Timothy & Maria<br>8931 SW 228th Lane<br>Cutler Bay, Florida 33190. | MATSA Construction Company, Inc. | Mount Hayley Insurance Company<br>Mid-Continent Casualty Company | 61<br>60 |

107

| Plaintiffs/Current Address | Insured Defendants | Insurance Company Defendants | Subclass #'s |
|---|---|---|---|
| Frenchman, Beth<br>10133 Cobblestone Creek Drive<br>Boynton, Beach, FL 33437 | Northstar Holdings at B and A, LLC | Quanta Indemnity Company<br>General Fidelity Insurance Company<br>Axis Surplus Insurance Company<br>Mid-Continent Casualty Company<br>Essex Insurance Company | 74<br>43<br>20<br>60<br>38 |
| Johnson, Charles and Molly<br>10125 Cobblestone Creek Drive<br>Boynton Beach, FL 33472 | Northstar Holdings at B and A, LLC | Quanta Indemnity Company<br>General Fidelity Insurance Company<br>Axis Surplus Insurance Company<br>Mid-Continent Casualty Company<br>Essex Insurance Company | 74<br>43<br>20<br>60<br>38 |
| Mizne, Michael and Jeannine<br>9621 Cobblestone Creek Drive<br>Boynton Beach, FL 33472 | Northstar Holdings at B and A, LLC | Quanta Indemnity Company<br>General Fidelity Insurance Company<br>Axis Surplus Insurance Company<br>Mid-Continent Casualty Company<br>Essex Insurance Company | 74<br>43<br>20<br>60<br>38 |
| Gonzalez, Luis and Caridad<br>2944 NE 3rd Drive<br>Homestead, FL 33033 | Northstar Homebuilders, Inc. | Quanta Indemnity Company<br>General Fidelity Insurance Company<br>Axis Surplus Insurance Company<br>Mid-Continent Casualty Company<br>Essex Insurance Company | 74<br>43<br>20<br>60<br>38 |
| Segundo, Rafael & Ana<br>PO Box 771498<br>Miami, FL 33177 | Northstar Homebuilders, Inc. | Quanta Indemnity Company<br>General Fidelity Insurance Company<br>Axis Surplus Insurance Company<br>Mid-Continent Casualty Company<br>Essex Insurance Company | 74<br>43<br>20<br>60<br>38 |
| Felicetti, Steven & Gayle<br>9941 Cobblestone Creek Drive<br>Boynton Beach, FL 33472 | Northstar Homes, Inc. | Quanta Indemnity Company<br>General Fidelity Insurance Company<br>Axis Surplus Insurance Company<br>Mid-Continent Casualty Company<br>Essex Insurance Company | 74<br>43<br>20<br>60<br>38 |
| Edmonds, Rick<br>801 Holly Street<br>Richmond, Virginia 23220. | The Overlook, LLC | Nationwide Mutual Insurance Company<br>Nationwide Mutual Fire Insurance Company<br>Nationwide Property & Casualty Insurance Company | 64<br>65<br>66 |

111

| Plaintiffs/Current Address | Insured Defendants | Insurance Company Defendants | Subclass #'s |
|---|---|---|---|
| Berry, Keith and Elizabeth 607 Mansion Road Yorktown, Virginia 23693. | Overlook Point, LLC | Nationwide Mutual Insurance Company<br>Nationwide Mutual Fire Insurance Company<br>Nationwide Property & Casualty Insurance Company | 64<br>65<br>66 |
| Johnson, Kenneth and Jeri and Johnson Family Living Trust 609 Mansion Road Yorktown, Virginia 23693 | Overlook Point, LLC | Nationwide Mutual Insurance Company<br>Nationwide Mutual Fire Insurance Company<br>Nationwide Property & Casualty Insurance Company | 64<br>65<br>66 |
| Page, Dwight and Psyche 102 Overlook Point Yorktown, Virginia 23693 | Overlook Point, LLC | Nationwide Mutual Insurance Company<br>Nationwide Mutual Fire Insurance Company<br>Nationwide Property & Casualty Insurance Company | 64<br>65<br>66 |
| Vest, Hugh and Tracy 111 Eston's Run Yorktown, Virginia 23693. | Overlook Point, LLC | Nationwide Mutual Insurance Company<br>Nationwide Mutual Fire Insurance Company<br>Nationwide Property & Casualty Insurance Company | 64<br>65<br>66 |
| Wood, Bryan and Kimberly 603 Mansion Road Yorktown, Virginia 23693. | Overlook Point, LLC | Nationwide Mutual Insurance Company<br>Nationwide Mutual Fire Insurance Company<br>Nationwide Property & Casualty Insurance Company | 64<br>65<br>66 |
| Edmonds, Rick 801 Holly Street Richmond, Virginia 23220. | Parallel Design and Development, LLC | Builders Mutual Insurance Company | 24 |
| Plotkin, Peter McNeel, Diane 9700 Aviation Blvd., St. 1 Los Angeles, CA 90045 | Premier Communities, Inc. | Quanta Indemnity Company<br>General Fidelity Insurance Company<br>Vinings Insurance Company<br>Mid-Continent Casualty Company | 75<br>43<br>92<br>60 |
| Lea, Chris and Julie 213 Summer Place Cove Slidell, LA 70461 | Ray Beck, Inc. | Quanta Indemnity Company<br>North American Specialty Insurance Company<br>Catlin Specialty Insurance Company | 75<br>68<br>27 |
| Nunez, Carmela 3000 Stanfort Road West Palm Beach, FL 33405 | Saturno Construction AB, Inc. | Essex Insurance Company<br>Underwriters At Lloyd's, London | 38<br>91 |
| First East Side Savings Bank 9399 W. Commercial Blvd. Tamarac, FL 33351 | Southwell Homes, LLC | Nautilus Insurance Company | 67 |

112

# SCHEDULE 2

Louran Builders, Inc.

| Year | Policy No. | INSURANCE COMPANY | | |
|---|---|---|---|---|
| | | General Liability | Umbrella | Excess |
| 08/24/2004 - 08/24/2005 | 77PR738604-3001 | Nationwide Mutual Fire Insurance Company | | |
| 08/24/2005 - 08/24/2006 | 77PR738604-3001 | Nationwide Mutual Fire Insurance Company | | |
| 08/24/2005 - 08/24/2006 | 77PR738604-3001f | Nationwide Mutual Fire Insurance Company | | |
| 05/02/2006 - 05/02/2007 | 96312-20533014-06 | Owners Insurance Company | | |
| 08/24/2007 - 08/24/2008 | BAG0037010 | General Fidelity Insurance Co. | | |
| 08/24/2008 - 08/24/2009 | 00-28456 | Vinings Insurance Co. | | |

**Overlook***

| Year | Policy No. | INSURANCE COMPANY | | |
|---|---|---|---|---|
| | | General Liability | Umbrella | Excess |
| 5/01/2004 - 5/01/2005 | 53PR 140-682-3001 | Nationwide Mutual Insurance Company; Nationwide Mutual Fire Insurance Company; and Nationwide Property & Casualty Insurance Company (Collectively "Nationwide") | | |
| 5/1/2005 - 5/1/2006 | 53PR 140-682-3001 | Nationwide | | |
| | 53CU 140-682-3002 | | Nationwide | |
| 5/1/2006 - 5/1 /2007 | 53PR 140-682-3001 | Nationwide | | |
| | 53CU 140-682-3002 | | Nationwide | |
| 5/1/2007 - 5/1/2008 | 53PR 140-682-3001 | Nationwide | | |
| | 53CU 140-682-3002 | | Nationwide | |
| 5/1/2008 - 5/1/2009 | ACP CPP 2403232071 | Nationwide | | |
| | ACP CAF 2403232071 | Nationwide | | |
| | ACP GLO 2403232071 | Nationwide | | |
| 5/1/2009 - 5/1/2010 | ACP CPP 2413232071 | Nationwide | | |
| | ACP CAF 2413232071 | Nationwide | | |
| | ACP GLO 2413232071 | Nationwide | | |
| 5/14/2004 - 5/14/2005 | 53BP 146-222-3001 | Nationwide | | |
| | 53CU 146-222-3001 | | Nationwide | |
| 5/14/2005 - 5/14/2006 | 53BP 146-222-3001 | Nationwide | | |
| | 53CU 146-222-3001 | | Nationwide | |
| 5/14/2006 - 5/14/2007 | 53BP 146-222-3001 | Nationwide | | |
| | 53CU 146-222-3001 | | Nationwide | |
| 5/14/2007 - 5/14/2008 | 53BP 146-222-3001 | Nationwide | | |
| | 53CU 146-222-3001 | | Nationwide | |
| 5/14/2008 - 5/14/2009 | 53BP 146-222-3001 | Nationwide | | |
| | 53CU 146-222-3001 | | Nationwide | |
| 5/14/2009 - 5/14/2010 | 53BP 146-222-3001 | Nationwide | | |
| | 53CU 146-222-3001 | | Nationwide | |
| 1/26/2006 - 5/1/2005 | 53 CU 140-682-3002 | | Nationwide | |

*Includes Insured Defendants The Overlook, LLC; Overlook Point, LLC.