# EXHIBIT 6

Print Form

Plaintiff Profile Form - Residential Properties

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

**For Internal Use Only**

File Number

Date Received

This Plaintiff Profile Form must be completed and signed by every person making a claim in this litigation using one form per affected address. In completing this Profile Form, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can and expressly indicate "unknown" in the space provided when not known. You must supplement your responses if you learn they are incomplete or incorrect in any material respect. You may and should consult with your attorney if you have any questions regarding completion of this form. If you are completing the form for someone who has died or who cannot complete the Profile Form, please answer as completely as you can for that person.

The questions and requests for production contained within this Profile Form are non-objectionable and shall be answered without objection. By answering this Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts and are subject to all protections afforded by law.

To the extent that the form does not provide enough space to complete your responses, you may attach as many sheets of paper as necessary. All photographs produced in response to this form shall be in color and attached to or printed on 8 1/2" x 11" white paper.

**Section I. Property Information**

Name Property Owner: Kenneth and Jeri Johnson
Address of Affected Property: 609 Mansion Road
Yorktown, VA 23693

Is this Property:* [X] Residential   [ ] Commercial   [ ] Governmental

Name of Person Completing this Form: Kenneth Johnson

Is above your primary residence? (•) Yes   No ( )

Mailing Address (if different): 708 Tabb Lakes Drive
Yorktown, VA 23693

Phone: (757 ) 867 - 7785

* If your response is commercial or governmental you should not fill out the remaining questions, you will receive a follow up form at a later date.

Circle one: [X] Owner-Occupant   [ ] Owner Only   [ ] Renter-Occupant

Represented By: Law Offices of Richard J. Serpe, P.C.
Address: 580 E. Main Street
Suite 310
Norfolk, VA 23510

Phone: (757 ) 233 . 0009
Case No. /Docket Info: 2:10-cv-00361

**Section II. Insurance Information**

Homeowner/ Renter Insurer: Farmer's Insurance

Policy #: 93597-39-98

Agent: John W. Hendrix

Address: PO Box 149044
Austin, TX 78714

Phone: (804 ) 693 - 6332

+ Attach Copy of Insurance Declaration Page - See Attached

**Section III. Claimant Information**

| Name of Claimant | Dates Occupied | | Gender | Date of Birth | Are you claiming personal injuries?* | Identify Claimant Status as an Owner-Occupant, an Owner Only, or an Occupant or Renter Only |
|---|---|---|---|---|---|---|
| | Move-in | Leave | | | Circle One | |
| Kenneth Johnson | 12/20/07 | -/-/- | [X] M / F | 02/09/68 | (•)Yes No( ) | Owner-Occupant |
| Jeri Johnson | 12/20/07 | -/-/- | M /[X] F | 04/10/68 | ( )Yes No[X] | Owner-Occupant |
| Kalen Johnson | 12/20/07 | -/-/- | M /[X] F | 06/25/94 | (•)Yes No( ) | Occupant or Renter Only |
| Jenna Johnson | 12/20/07 | -/-/- | M /[X] F | 04/03/97 | ( )Yes No[X] | Occupant or Renter Only |
| | / / | / / | M / F | / / | ( )Yes No( ) | |
| | / / | / / | M / F | / / | ( )Yes No( ) | |
| | / / | / / | M / F | / / | ( )Yes No( ) | |
| | / / | / / | M / F | / / | ( )Yes No( ) | |
| | / / | / / | M / F | / / | ( )Yes No( ) | |

* Personal injuries include claims for mental anguish and medical monitoring.

Page 1

JohnsonKJ000001

Plaintiff Profile Form - Residential Properties

**Section IV. Inspection Information**

1.0. Have you, or has anyone on your behalf, conducted an inspection into whether Chinese-manufactured drywall is present in your home?  ● Yes   * No ○

1.1. If "Yes" to Question 1.0 Section IV. Who conducted the inspection?   Arthur Greason

1.2. When did the inspection take place?   12 22 /09

2.0. Has a determination been made that Chinese-manufactured drywall is present in your home?   ● Yes   No ○

2.1. If "Yes" to Question 2.0. Section IV. Who made this determination?   Engineering Systems, Inc.

2.2. When was this determination made?   12 22 /09

**Section V. Drywall Information**

| Drywall Manufacturer | Markings on Drywall | Location in Home |
|---|---|---|
| Taishan Gypsum | MFG Taihe China | Throughout |
|  | Venture Supply |  |
|  |  |  |
|  |  |  |

**Section VI. Home Information**

| | | | Yes | No |
|---|---|---|---|---|
| Approx. Sq. Ft. of House: | 3,400 | | | |
| Estimated Sq. Ft. of Drywall | Unknown | Occupied ** | ☒ | |
| Height of Interior Walls | Varies | Year-round | ☒ | |
| Number of Bedrooms | 4 | Summer | | |
| Number of Bathrooms | 3 | Winter | | |

**Plumbing System**

| | Blackening or Corrosion? | | |
|---|---|---|---|
| | Yes | No | N/A |
| PVC/ CPVC/ Plastic Piping | | ☒ | |
| Copper Piping | ☒ | | |
| Copper Fixtures | ☒ | | |
| Other Fixtures | ☒ | | |
| Were repairs made to the plumbing system? | | No | |
| Dates: N/A | | | |

**Electrical System**

| | Blackening or Corrosion? | | |
|---|---|---|---|
| | Yes | No | N/A |
| Receptacles | ☒ | | |
| Switches | ☒ | | |
| Main Panel | | ☒ | |
| 2nd Panel | | | ☒ |
| Exposed Copper Wires | ☒ | | |
| Were repairs made to the electrical system? | | ☒ | |
| Dates: N/A | | | |

+ Attach Copy of Floor Plan on 8 1/2" X 11" paper - See Attached

**Section VII. Construction/Renovation Information**

Date Range for New Home Construction: (Month/Day/Year)

| Start Date: | - /- /07 | Completion Date | 12 /- /07 |
|---|---|---|---|
| Move In Date: | 12 20 /07 | Date Acquired Home | 12 /20 /07 |

Date Range for Renovations: (Month/Day/Year)

| Start Date: | - /- /- | Completion Date | - /- /- |
|---|---|---|---|
| Move In Date: | - /- /- | | |

| Renovation(s) | Yes | No | N/A |
|---|---|---|---|
| First Floor: 1/2 Wall of drywall replaced | | | ☒ |
| First Floor: Full Wall of drywall replaced | | | ☒ |
| Second Floor: Any drywall replaced | | | ☒ |

**Section VIII. Homebuilder/ General Contractor/ Developer Information**

Homebuilder/ General Contractor/ Developer's Name:

Atlantic Homes, LLC

Address:   109 Nat Turner Boulevard
Newport, News VA 23606

Phone:   (757 ) 596 - 8800

+ Attach Copy of Construction/Renovation Contract - N/A

+ Attach Copy of New Home Warranty Declaration - See Attached

**Section IX. Drywall Installer**

Drywall Installer's Name:

Porter-Blaine Corp.

Address:   1140 Azalea Garden Road
Norfolk, VA 23502

Phone:   (757 ) 857 - 0282

**Section X. Drywall Supplier**

Drywall Supplier's Name:

Venture Supply, Inc.

Address:   1140 Azalea Garden Road
Norfolk, VA 23502

Phone:   (757 ) 855 - 5433

* Yes - screening inspection. Testifying experts and reports will be disclosed in accordance with the Court's schedule.

** Home was occupied year round prior to the discovery of Chinese drywall. It is now vacant.

Page 2

JohnsonKJ000002

Plaintiff Profile Form - Residential Properties

**Section XI. Verification of Plaintiff Profile Form**

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in this Plaintiff Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration to the extent that such documents are in my possession, custody or control.

| | | | |
|---|---|---|---|
| _____ | 8/4/10 | _____ | _____ |
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |
| _____ | 8/4/10 | _____ | _____ |
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |
| _____ | _____ | _____ | _____ |
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |

JohnsonKJ000003

FARMERS

## PROTECTORPLUS
**FARMERS INSURANCE EXCHANGE, LOS ANGELES, CALIFORNIA**
**A Reciprocal Company**

## DECLARATIONS
## HOMEOWNERS
Replaces all prior Declarations, if any

**TRANSACTION TYPE:** F/S INCLUDES CHANGES EFFECTIVE: 12/15/2007
The Policy Period is effective (not prior to time applied for) at described residence premises.

| POLICY NUMBER | POLICY PERIOD | | | POLICY/EDITION | | ISSUING OFFICE: |
|---|---|---|---|---|---|---|
| | FROM: | TO: | STANDARD TIME | | | P.O. BOX 149044 |
| 93597-39-98 | 01-04-2008 | 12-15-2008 | 12:01 A.M. | HO0003 | 0491 | AUSTIN, TX 78714 |

**This policy** will continue for **successive policy periods, if:** (1) we elect to continue this insurance, and (2) if you pay the renewal premium for each successive policy period as required by our premiums, rules and forms then in effect.

| INSURED'S NAME & MAILING ADDRESS: | LOCATION OR DESCRIPTION OF RESIDENCE PREMISES: (Same as mailing address unless otherwise stated.) |
|---|---|
| K DAVID JOHNSON AND JERI L JOHNSON<br><br>609 MANSION RD<br>YORKTOWN VA 23693-2665 | |

### DESCRIPTION OF PROPERTY

| YEAR OF CONSTRUCTION | CONSTRUCTION TYPE | ROOF TYPE | NUMBER OF UNITS | OCCUPANCY |
|---|---|---|---|---|
| 2007 | ALUMINUM OR PLASTIC SIDING | ASPHALT COMPOSITION | 001 | OWNER |

**COVERAGES-** We provide insurance only for those coverages indicated by a specific limit or other notation.

| SECTION I-PROPERTY | | | | SECTION II-LIABILITY | | ANNUAL PREMIUM |
|---|---|---|---|---|---|---|
| A-DWELLING OR MOBILE HOME | B-SEPARATE (OTHER) STRUCTURES | C-PERSONAL PROPERTY | D-LOSS OF USE | E- PERSONAL LIABILITY | F-MEDICAL PAY TO OTHERS | |
| $360,000 | $36,000 | $270,000 | $180,000 | $500,000 Each Occurrence | $5,000 Each Person | $775.42 |

### ENDORSEMENTS

| ENDORSEMENT NUMBER | EDITION NUMBER | DESCRIPTION |
|---|---|---|
| HO0145 | 499 | SPECIAL STATE PROVISIONS - VIRGINIA |
| HO0313 | 100 | WINDSTORM OR HAIL PERCENTAGE DEDUCTIBLE - VIRGINIA |
| HO0435 | 491 | LOSS ASSESSMENT COVERAGE |
| HO2337 | 491 | NO COVERAGE FOR HOME DAY CARE BUSINESS |
| HO2372 | 793 | PERSONAL PROPERTY REPLACEMENT COST |
| HO2482 | 491 | PERSONAL INJURY |
| H6220 | 1ED | FREEZER FOOD SPOILAGE COVERAGE ENDORSEMENT NB |
| S6803 | 1ED | EXTENDED REPLACEMENT COST ENDORSEMENT |
| S6838 | 1ED | ORDINANCE OR LAW COVERAGE |
| S6853 | 1ED | VALUE PROTECTION ENDORSEMENT |
| | | IMPORTANT NOTICE - ADDITIONAL ENDORSEMENTS SHOWN ON BACK |

### DISCOUNTS

NEW HOME AND NON SMOKER DISCOUNTS HAVE BEEN APPLIED TO YOUR POLICY.

### DEDUCTIBLES

| | |
|---|---|
| $1,000 | Deductible is applicable to covered losses under Coverage A, B, C. |

THE FOLLOWING DEDUCTIBLE(S) APPLIES TO THE PERILS NAMED:
WINDSTORM/HAILSTORM: 1% OF COVERAGE A LIMIT

### POLICY ACTIVITY

| $ NONE | Previous Balance |
|---|---|
| | Premium |
| | Fees |
| | Payments or Credits |
| $ NONE | Total |
| MORTGAGEE PAYS | |

ANY "TOTAL" BALANCE OR CREDIT $7.00 OR LESS WILL BE APPLIED TO YOUR NEXT BILLING. BALANCES OVER $7.00 ARE DUE UPON RECEIPT.

This Declarations page is part of your policy. It supersedes and controls anything to the contrary. It is otherwise subject to all other terms of the policy.

**AGENT:** John W. Hendrix
**AGENT PHONE:** (804) 693-6332   **AGENT NUMBER:** 68 17 334

Countersignature

_Paul W. Hopkins_
Authorized Representative

56-2491 2ND EDITION 1-05     93597-39-98     *(Continued on the Reverse Side)*     02-07-2008

JohnsonKJ000004

| Additional Premises Section II - Purpose of use is residential, unless stated otherwise. | Outboard Motor over 25 horsepower (Singly or Combined) - Section II |
|---|---|
| | MOTOR A: |
| | MOTOR B: |

## MESSAGES

ASK YOUR FARMERS AGENT ABOUT MORTGAGE PROTECTION.

MORTGAGEE PAYS PREMIUM.

IN THE EVENT OF A LOSS, AT ANY TIME, CALL US AT 1-800-HELPPOINT (1-800-435-7764)

**MORTGAGEE OR OTHER INTEREST:**

LOAN NUMBER   0045043700
PHH MORTGAGE CORP
ISAOA ATIMA
PO BOX 5954
SPRINGFIELD, OH
45501-5954

**MORTGAGEE'S BILLING ADDRESS:**

PHH MORTGAGE CORP

PO BOX 5954
SPRINGFIELD, OH
45501-5954

**ADDITIONAL MORTGAGEE OR OTHER INTEREST(S):**

## ADDITIONAL ENDORSEMENTS

| VA025 | 1ED | ENDORSEMENT AMENDING SECTIONS I AND II - CONDITIONS |
| 254171 | | IMPORTANT INFORMATION TO POLICYHOLDERS |
| 252480 | 1002 | INVESTIGATIVE PRACTICES AND PROTECTION OF YOUR PRIVACY |

56-2491 2ND EDITION 1-05

C2491212

JohnsonKJ000005

Processed by:
Flood Insurance Processing Center
P.O. Box 2057  Kalispell MT 59903-2057

POLICY #: 8704145024200
0242007

To report a claim call: (800) 759-8656

 **FARMERS**

## Farmers Insurance Exchange
## FLOOD POLICY DECLARATIONS

**TYPE: DWELLING**

**POLICY PERIOD:** 12/20/2007 to 12/20/2008

These Declarations are effective as of:   1/04/2008 at 12:01 AM

### INSURED NAME & ADDRESS

JOHNSON, K DAVID
JOHNSON, JERI L
609 MANSION RD
YORKTOWN, VA 23693-2665

### PRODUCER NAME & MAILING ADDRESS
PRODUCER#: 6817334
JOHN HENDRIX
PO BOX 1674
GLOUCESTER, VA 23061-1674

PHONE# (804)693-6332

Ref: 08907-02872-000

## POLICY INFORMATION

**PREMIUM PAYOR:** 1st Mortgagee

**INSURED PROPERTY ADDRESS**
609 MANSION RD
YORKTOWN, VA 23693-2665

**COMMUNITY NAME**
YORK COUNTY *

**COMMUNITY NUMBER**
5101820039B

**POLICY TERM:** One Year

**BUILDING DESCRIPTION**
Single Family
Three or More Floors
Elevated Building

Coverage Limitations May Apply, Refer
to your Standard Flood Insurance
Policy for details.

**CONTENTS LOCATION**
Enclosure and Above

**PROGRAM**
Regular

**FLOOD ZONE**
AE

**CONSTRUCTION**
Post-Firm
Construction

## COVERAGE & RATING INFORMATION

|  | BUILDING |  | CONTENTS | PREMIUM PAID |  |
|---|---|---|---|---|---|
| Coverage: | $250,000 | Coverage: | $100,000 | Premium Subtotal: | $434.00 |
| Deductible: | $1,000 | Deductible: | $1,000 | Previous Premium Subtotal: | $434.00 |
|  |  |  |  | ICC Premium: | $4.00 |
| Rates: | .240/ .080 | Rates: | .380/ .120 | CRS Discount: | $22.00 |
|  |  |  |  | Expense Constant: | $.00 |
|  |  |  |  | Federal Policy Fee: | $30.00 |
|  |  |  |  | Endorsement Amount: | $.00 |

THIS IS AN ELEVATED BUILDING. COVERAGE IS LIMITED
BELOW THE LOWEST ELEVATED FLOOR. SEE PROPERTY NOT
COVERED IN STANDARD FLOOD INSURANCE POLICY.

Total Premium:        $446.00

**FIRST MORTGAGEE**
PHH MORTGAGE CORPORATION
ISAOA ATIMA
PO BOX 5954
SPRINGFIELD, OH  45501
Loan#: 0045043700

**SECOND MORTGAGEE**

This Declarations Page, in conjunction with the policy, constitutes your Flood Insurance Policy.
IN WITNESS WHEREOF, we have signed this policy below and hereby enter into this Insurance Agreement.

Chief Operating Officer                   Secretary
Farmers Insurance Exchange

**INSURED COPY**

OXP

1/17/2008

JohnsonKJ000006

**PROTECTOR PLUS**

**FARMERS INSURANCE EXCHANGE, LOS ANGELES, CALIFORNIA**
A Reciprocal Company

FARMERS
INSURANCE GROUP
**DECLARATIONS**
**HOMEOWNERS**
80 YEARS SERVING AMERICA
*Replaces all prior Declarations, if any*

**TRANSACTION TYPE:    OFFER OF RENEWAL**
The Policy Period is effective (not prior to time applied for) at described residence premises.

| POLICY NUMBER | POLICY PERIOD | | | POLICY/EDITION |
|---|---|---|---|---|
| | FROM: | TO: | STANDARD TIME | |
| 93597-39-98 | 12-15-2008 | 12-15-2009 | 12:01 A.M. | HO 00 03  0491 |

ISSUING OFFICE:
P.O. BOX 149044
AUSTIN, TX 78714

**This policy will continue** for successive policy periods, if: (1) we elect to continue this insurance, and (2) if you pay the renewal premium for each successive policy period as required by our premiums, rules and forms then in effect.

| INSURED'S NAME & MAILING ADDRESS: | LOCATION OR DESCRIPTION OF RESIDENCE PREMISES: (Same as mailing address unless otherwise stated.) |
|---|---|
| K DAVID JOHNSON AND JERI L JOHNSON<br><br>609 MANSION RD<br>YORKTOWN VA  23693-2665 | |

**DESCRIPTION OF PROPERTY**

| YEAR OF CONSTRUCTION | CONSTRUCTION TYPE | ROOF TYPE | NUMBER OF UNITS | OCCUPANCY |
|---|---|---|---|---|
| 2007 | ALUMINUM OR PLASTIC SIDING | ASPHALT COMPOSITION | 001 | OWNER |

**COVERAGES -**   We provide insurance only for those coverages indicated by a specific limit or other notation.

| SECTION I - PROPERTY | | | | SECTION II - LIABILITY | | ANNUAL PREMIUM |
|---|---|---|---|---|---|---|
| A - DWELLING OR MOBILE HOME | B - SEPARATE (OTHER) STRUCTURES | C - PERSONAL PROPERTY | D - LOSS OF USE | E - PERSONAL LIABILITY | F - MEDICAL PAY TO OTHERS | |
| $378,000 | $37,800 | $283,500 | $189,000 | $500,000<br>Each Occurrence | $5,000<br>Each Person | $945.24 |

**ENDORSEMENTS**

| ENDORSEMENT NUMBER | EDITION NUMBER | DESCRIPTION |
|---|---|---|
| HO0145 | 499 | SPECIAL STATE PROVISIONS - VIRGINIA |
| HO0313 | 100 | WINDSTORM OR HAIL PERCENTAGE DEDUCTIBLE - VIRGINIA |
| HO0435 | 491 | LOSS ASSESSMENT COVERAGE |
| HO2337 | 491 | NO COVERAGE FOR HOME DAY CARE BUSINESS |
| HO2372 | 793 | PERSONAL PROPERTY REPLACEMENT COST |
| HO2482 | 491 | PERSONAL INJURY |
| H6220 | 1ED | FREEZER FOOD SPOILAGE COVERAGE ENDORSEMENT NB |
| S6803 | 1ED | EXTENDED REPLACEMENT COST ENDORSEMEMT |
| S6838 | 1ED | ORDINANCE OR LAW COVERAGE |
| S6853 | 1ED | VALUE PROTECTION ENDORSEMENT |
| | | IMPORTANT NOTICE - ADDITIONAL ENDORSEMENTS SHOWN ON BACK |

**DISCOUNTS**

NEW HOME AND NON SMOKER DISCOUNTS HAVE BEEN APPLIED TO YOUR POLICY.

**DEDUCTIBLES**

**POLICY ACTIVITY**   (SUBMIT AMOUNT DUE WITH ENCLOSED INVOICE)

| | |
|---|---|
| $1,000   Deductible is applicable to covered losses under Coverage A, B, C.<br>THE FOLLOWING DEDUCTIBLE(S) APPLIES TO THE PERILS NAMED:<br>WINDSTORM/HAILSTORM: 1% OF COVERAGE A LIMIT | $ NONE   Previous Balance<br>945.24   Premium<br>Fees<br><br>Payments or Credits<br>$ 945.24   Total DUE<br>MORTGAGEE PAYS |

ANY "TOTAL" BALANCE OR CREDIT $7.00 OR LESS WILL BE APPLIED TO YOUR NEXT BILLING. BALANCES OVER $7.00 ARE DUE UPON RECEIPT.

This Declarations page is part of your policy. It supersedes and controls anything to the contrary. It is otherwise subject to all other terms of the policy.

**AGENT:**   John W. Hendrix

**AGENT PHONE:**   (804) 693-6332   **AGENT NUMBER:**   68 17 334

Countersignature
*Paul N Hopkins*
Authorized Representative

56-2491  2ND EDITION 1-05     93597-39-98     *(Continued on the Reverse Side)*     10-22-2008     (7491211)

JohnsonKJ000007

| Additional Premises Section II - Purpose of use is residential, unless stated otherwise. | Outboard Motor over 25 horsepower (Singly or Combined) - Section II |
|---|---|
| | MOTOR A: |
| | MOTOR B: |

## MESSAGES

ASK YOUR FARMERS AGENT ABOUT MORTGAGE PROTECTION.

MORTGAGEE PAYS PREMIUM.

IN THE EVENT OF A LOSS, AT ANY TIME, CALL US AT 1-800-HELPPOINT (1-800-435-7764)

## MORTGAGEE OR OTHER INTEREST:

LOAN NUMBER   0045043700
PHH MORTGAGE CORP
ISAOA ATIMA
PO BOX 5954
SPRINGFIELD, OH
45501-5954

### MORTGAGEE'S BILLING ADDRESS:

PHH MORTGAGE CORP

PO BOX 5954
SPRINGFIELD, OH
45501-5954

## ADDITIONAL MORTGAGEE OR OTHER INTEREST(S):

## ADDITIONAL ENDORSEMENTS

| VA025 | 1ED | ENDORSEMENT AMENDING SECTIONS I AND II - CONDITIONS |
| 252480 | 1002 | INVESTIGATIVE PRACTICES AND PROTECTION OF YOUR PRIVACY |
| 254171 | | IMPORTANT INFORMATION TO POLICYHOLDERS |

Processed by:
Flood Insurance Processing Center
P.O. Box 2057  Kalispell MT 59903-2057

To report a claim call: (800) 759-8656

POLICY #: 8904129922008



# FARMERS

## Farmers Insurance Exchange
### FLOOD POLICY DECLARATIONS

New Policy

**TYPE: DWELLING**

**POLICY PERIOD:** 12/20/2008 to 12/20/2009          Preferred Risk

These Declarations are effective as of:  12/20/2008 at 12:01 AM

**INSURED NAME & ADDRESS-INS**

JOHNSON, K DAVID
JOHNSON, JERI L
609 MANSION RD
YORKTOWN, VA 23693-2665

**PRODUCER NAME & MAILING ADDRESS**

PRODUCER#: 6817334
JOHN HENDRIX
PO BOX 1674
GLOUCESTER, VA 23061-1674

PHONE# (804)693-6332

Ref: 08807-02872-000

## POLICY INFORMATION

**PREMIUM PAYOR:** 1st Mortgagee

**INSURED PROPERTY ADDRESS**
  609 MANSION RD

  YORKTOWN, VA 23693-2665

**COMMUNITY NAME**
YORK COUNTY *

**COMMUNITY NUMBER**
  5101820285C
**POLICY TERM:** One Year

**BUILDING DESCRIPTION**
  Single Family
  Three or More Floors
  No Basement/Enclosure/Crawlspace

Coverage Limitations May Apply, Refer
to your Standard Flood Insurance
Policy for details.

**CONTENTS LOCATION**
Lowest Floor Above Ground
Level and Higher Floors

**PROGRAM**

  Regular

**FLOOD ZONE**

  X

**CONSTRUCTION**

Post-Firm
Construction

## COVERAGE & RATING INFORMATION

| BUILDING | CONTENTS | PREMIUM PAID |
|---|---|---|
| Coverage:          $250,000 | Coverage:     $100,000 | Premium Subtotal:           $335.00 |
| Deductible:         $500 | Deductible:      $500 | Previous Premium Subtotal:      $.00 |

Federal Policy Fee:_         $13.00
Endorsement Amount:          $.00

Total Premium:      $348.00

**FIRST MORTGAGEE**
PHH MORTGAGE CORPORATION
ISAOA ATIMA
PO BOX 5954
SPRINGFIELD, OH 45501-5954
Loan#: 0045043700

**SECOND MORTGAGEE**

This Declarations Page, in conjuncion with the policy, constitutes your Flood Insurance Policy.
IN WITNESS WHEREOF, we have signed this policy below and hereby enter into this Insurance Agreement.

Chief Operating Officer                    Secretary
Farmers Insurance Exchange

**INSURED COPY**

OXP

4/2...  JohnsonKJ000009

**F A R M E R S**

## PROTECTOR PLUS
**FARMERS INSURANCE EXCHANGE, LOS ANGELES, CALIFORNIA**
A Reciprocal Company

**DECLARATIONS**
**HOMEOWNERS**
Replaces all prior Declarations, if any

**TRANSACTION TYPE:**    OFFER OF RENEWAL
The Policy Period is effective (not prior to time applied for) at described residence premises.

| POLICY NUMBER | POLICY PERIOD | | | POLICY/EDITION | ISSUING OFFICE: |
|---|---|---|---|---|---|
| 93597-39-98 | FROM: 12-15-2009 | TO: 12-15-2010 | STANDARD TIME 12:01 A.M. | HO 00 03   0491 | P.O. BOX 149044 AUSTIN, TX 78714 |

**This policy will continue for successive policy periods, if:** (1) we elect to continue this insurance, and (2) if you pay the renewal premium for each successive policy period as required by our premiums, rules and forms then in effect.

| INSURED'S NAME & MAILING ADDRESS: | LOCATION OR DESCRIPTION OF RESIDENCE PREMISES: (Same as mailing address unless otherwise stated.) |
|---|---|
| K DAVID JOHNSON AND JERI L JOHNSON<br><br>609 MANSION RD<br>YORKTOWN VA  23693-2665 | |

### DESCRIPTION OF PROPERTY

| YEAR OF CONSTRUCTION | CONSTRUCTION TYPE | ROOF TYPE | NUMBER OF UNITS | OCCUPANCY |
|---|---|---|---|---|
| 2007 | ALUMINUM OR PLASTIC SIDING | ASPHALT COMPOSITION | 001 | OWNER |

### COVERAGES -    We provide insurance only for those coverages indicated by a specific limit or other notation.

| SECTION I - PROPERTY | | | | SECTION II - LIABILITY | | ANNUAL PREMIUM |
|---|---|---|---|---|---|---|
| A - DWELLING OR MOBILE HOME | B - SEPARATE (OTHER) STRUCTURES | C - PERSONAL PROPERTY | D - LOSS OF USE | E - PERSONAL LIABILITY | F - MEDICAL PAY TO OTHERS | |
| $410,000 | $41,000 | $307,500 | $205,000 | $500,000 Each Occurrence | $5,000 Each Person | $1,089.37 |

### ENDORSEMENTS

| ENDORSEMENT NUMBER | EDITION NUMBER | DESCRIPTION |
|---|---|---|
| HO0145 | 499 | SPECIAL STATE PROVISIONS - VIRGINIA |
| HO0313 | 100 | WINDSTORM OR HAIL PERCENTAGE DEDUCTIBLE - VIRGINIA |
| HO2337 | 491 | NO COVERAGE FOR HOME DAY CARE BUSINESS |
| HO2372 | 793 | PERSONAL PROPERTY REPLACEMENT COST |
| HO2482 | 491 | PERSONAL INJURY |
| H6220 | 1ED | FREEZER FOOD SPOILAGE COVERAGE ENDORSEMENT NB |
| S6803 | 1ED | EXTENDED REPLACEMENT COST ENDORSEMEMT |
| S6838 | 1ED | ORDINANCE OR LAW COVERAGE |
| S6853 | 1ED | VALUE PROTECTION ENDORSEMENT |
| VA025 | 1ED | ENDORSEMENT AMENDING SECTIONS I AND II - CONDITIONS |
| | | IMPORTANT NOTICE - ADDITIONAL ENDORSEMENTS SHOWN ON BACK |

### DISCOUNTS

NEW HOME AND NON SMOKER DISCOUNTS HAVE BEEN APPLIED TO YOUR POLICY.

### DEDUCTIBLES

$1,000    Deductible is applicable to covered losses under Coverage A, B, C.
$4,100    1% of Coverage A for wind/hail
(Adjusts with any change to Coverage A)

### POLICY ACTIVITY    (SUBMIT AMOUNT DUE WITH ENCLOSED INVOICE)

| | |
|---|---|
| $ NONE | Previous Balance |
| 1,089.37 | Premium |
| | Fees |
| | Payments or Credits |
| $ 1,089.37 | Total DUE |
| MORTGAGEE PAYS | |

ANY "TOTAL" BALANCE OR CREDIT $7.00 OR LESS WILL BE APPLIED TO YOUR NEXT BILLING. BALANCES OVER $7.00 ARE DUE UPON RECEIPT.

This Declarations page is part of your policy. It supersedes and controls anything to the contrary. It is otherwise subject to all other terms of the policy.

**AGENT:**    John W. Hendrix
**AGENT PHONE:**    (804) 693-6332    **AGENT NUMBER:**    68 17 334

*Countersignature*
*Paul N Hopkins*
Authorized Representative

56-2491  2ND EDITION 1-05    93597-39-98    *(Continued on the Reverse Side)*    10-22-2009

JohnsonKJ000010

| Additional Premises Section II -<br>Purpose of use is residential, unless stated otherwise. | Outboard Motor over 25 horsepower<br>(Singly or Combined) - Section II<br><br>MOTOR A:<br><br>MOTOR B: |
| --- | --- |

**MESSAGES**

ASK YOUR FARMERS AGENT ABOUT MORTGAGE PROTECTION.


MORTGAGEE PAYS PREMIUM.

IN THE EVENT OF A LOSS, AT ANY TIME, CALL US AT 1-800-HELPPOINT (1-800-435-7764)



**MORTGAGEE OR OTHER INTEREST:**

LOAN NUMBER   0045043700

PHH MORTGAGE CORP
ISAOA ATIMA
PO BOX 5954
SPRINGFIELD, OH
45501-5954

**MORTGAGEE'S BILLING ADDRESS:**

PHH MORTGAGE CORP

PO BOX 5954
SPRINGFIELD, OH
45501-5954

**ADDITIONAL MORTGAGEE OR OTHER INTEREST(S):**

**ADDITIONAL ENDORSEMENTS**

252480        1002        INVESTIGATIVE PRACTICES AND PROTECTION OF YOUR PRIVACY
254171                    IMPORTANT INFORMATION TO POLICYHOLDERS

C2491212
JohnsonKJ000011

Processed by:
Flood Insurance Processing Center
P.O. Box 2057  Kalispell MT 59903-2057

To report a claim call: (800) 759-8656



# FARMERS

## Farmers Insurance Exchange
## FLOOD POLICY DECLARATIONS

New Policy

TYPE: **DWELLING**

**POLICY PERIOD:** 12/20/2009 to 12/20/2010       Preferred Risk

These Declarations are effective as of:  12/20/2009 at 12:01 AM

**INSURED NAME & ADDRESS-INS**

|ldilladladladldadlladladdaladll

JOHNSON, K DAVID
JOHNSON, JERI L
609 MANSION RD
YORKTOWN, VA 23693-2665

**PRODUCER NAME & MAILING ADDRESS**

PRODUCER#: 6817334
JOHN HENDRIX
PO BOX 1674
GLOUCESTER, VA 23061-1674

PHONE# (804)693-6332

Ref: 08807-02872-000

## POLICY INFORMATION

**PREMIUM PAYOR:** 1st Mortgagee

**INSURED PROPERTY ADDRESS**
609 MANSION RD

YORKTOWN, VA 23693-2665

**COMMUNITY NAME**
YORK COUNTY *

**COMMUNITY NUMBER**
5101820285C
**POLICY TERM:** One Year

**BUILDING DESCRIPTION**
Single Family
Three or More Floors
No Basement/Enclosure/Crawlspace

Coverage Limitations May Apply, Refer
to your Standard Flood Insurance
Policy for details.

**CONTENTS LOCATION**
Lowest Floor Above Ground
Level and Higher Floors

**PROGRAM**

Regular

**FLOOD ZONE**

X

**CONSTRUCTION**

Post-Firm
Construction

## COVERAGE & RATING INFORMATION

| | BUILDING | | CONTENTS | PREMIUM PAID | |
|---|---|---|---|---|---|
| Coverage: | $250,000 | Coverage: | $100,000 | Premium Subtotal: | $335.00 |
| Deductible: | $1,000 | Deductible: | $1,000 | Previous Premium Subtotal: | $.00 |
| | | | | Federal Policy Fee: | $13.00 |
| | | | | Endorsement Amount: | $.00 |
| | | | | Total Premium: | $348.00 |

**FIRST MORTGAGEE**
PHH MORTGAGE CORPORATION
ISAOA ATIMA
PO BOX 5954
SPRINGFIELD, OH 45501-5954
Loan#: 0045043700

**SECOND MORTGAGEE**

This Declarations Page, in conjunction with the policy, constitutes your Flood Insurance Policy.
IN WITNESS WHEREOF, we have signed this policy below and hereby enter into this Insurance Agreement.

Chief Operating Officer
Farmers Insurance Exchange

Secretary

INSURED COPY

OXP

4/2

JohnsonKJ000012

JohnsonKJ000013



Atlantic Homes, LLC

OVERLOOK POINT
SEABROOKE PLAN

SECOND FLOOR PLAN
8'-0" CEILING HEIGHT

ATTIC STORAGE

W.I.C.

BONUS ROOM
25'6"X14'0"

LAUNDRY
3'8"X3'0"

MASTER
BATH
11'6"X11'0"

BATH

BEDROOM #2
12'5"X13'0"

MASTER BEDROOM
21'0"X14'0"

SITTING AREA
10'0"X9'0"

OPEN BELOW

BEDROOM #3
12'5"X11'0"

JohnsonKJ000014



OVERLOOK POINT
SEABROOKE PLAN

FIRST FLOOR PLAN

* Added screened porch, Approx. 18 x 14'

Print Date:        1/3/2008

# 2-10 Home Buyers Warranty
## Certificate of Warranty Coverage
### Warranty  VA115734

**2-10**
Home Buyers Warranty®

| Home Owner: | Builder: |
|---|---|
| THE JOHNSON FAMILY | Atlantic Homes, LLC |
| 609 MANSION ROAD | 109 Nat Turner Blvd South |
| YORKTOWN, VA 23693 | Newport News, VA 23606 |

Insured by:

National Home Insurance
Company (A Risk Retention
Group)

Your builder,     **Atlantic Homes, LLC**
HBW Builder #   **2800-9825**
has completed the enrollment process.  Your home has now been enrolled in the following warranty program with an effective date of warranty of 12/20/2007

**One Year Workmanship/Two Year Systems/Ten Year Structural.**

**Warranty Limit: $496,000.00**

The Address and legal description of the home which has been accepted for enrollment is:

**609 MANSION ROAD**                              **28**
**YORKTOWN, VA 23693**                       **OVERLOOK POINT**

The Home Buyers Warranty Limited Warranty Booklet enclosed is dated HBW 307 NH 5/15/07

The Builder Application for Home Enrollment that you signed with your Builder prior to your home being enrolled in the HBW program, this Certificate of Warranty Coverage and the enclosed Home Buyers Warranty Limited Warranty Booklet make up your warranty contract.  No Party will be bound by any other representations or agreements made by any persons.

Notice: Any modifications, alterations or revisions made to this document will void the warranty coverage.

HBW 320 5/03                                HOMEBUYER(S)

PURCHASE AGREEMENT

THIS AGREEMENT OF PURCHASE ("Agreement") made this _16_ day of _November_, _2008_ by and between ATLANTIC HOMES LLC and _Overlook LLC_ ("Seller"), and _Richard & Gary Johnson Family_ Living Trust ("Purchaser"), and _Mid Atlantic Residential_ ("Listing Broker") and _GSH Real Estate_ ("Selling Broker") provides:

1)   Seller is to construct and convey to Purchaser a home known as the _Seabrook_ with Elevation _____ and a _2-+_ car garage in accordance with the plans and specifications, the Purchaser's Option Selection Form, and Purchaser's Color Selection Form, on LOT _28_, BLOCK _____, SECTION _____, in SUBDIVISION _Overlook Point_ in the County or City of _York_, Virginia and more commonly known as _609 Madison Road_ _23693_ ("Property").

2)   The Option Selection Form and Color Selection Form detail the optional features selected by the Purchaser and take precedence over the plans and specifications in case of conflict. Along with the plans and specifications, they will be held on file at the Seller's office and/or the VA, FHA, and appropriate municipality as they may be modified from time to time. Purchaser agrees to complete Color Selection Form within fifteen (15) business days of the ratification of this Agreement.

3)   The Purchase Price is _Four hundred ninety five Thousand_ _Four hundred ninety six Thousand_ ($ ~~495,000~~ 496,000 )

This shall be paid as follows:

$ _5000.00_   Deposit Herewith To Be Applied To _Down Payment_
$ _____   Additional Deposit due at Start of Construction
$ _____   Additional Cash due at Closing
$ _____   Loan Amount
$ ~~495,000~~ 496,000   Total Purchase Price

4)   Purchaser has made a deposit of $ _5000.00_ earnest money ("Deposit") by _Check_ (Method) to be held in escrow by _Mid Atlantic Residential_ ("Escrow Agent") until settlement as hereinafter defined and then applied as stipulated in paragraph 3. It is understood and agreed by Purchaser that the Deposit with this Agreement will be deposited by Escrow Agent in a federally insured interest bearing account(s) and all interest which accrues with respect to the Deposit shall become the sole and exclusive property of Escrow Agent. Purchaser waives any and all right or entitlement to such interest. In the event this transaction is not consummated, Escrow Agent shall hold the Deposit in escrow until (I) all parties to the transaction have agreed in writing as to its disposition, or (II) a court of competent jurisdiction orders disbursement of the Deposit, or (III) Escrow Agent can pay the Deposit to the party who is entitled to receive it in accordance with the clear and explicit terms of this Agreement. In the latter event, prior to disbursement, Escrow Agent shall give written notice to each party not to be paid, by either (I) hand delivery receipted for by the addressee, or (II) by regular and certified mail (return receipt requested), that this payment will be made unless a written protest from that party is received by Escrow Agent within thirty (30) days of the delivery or mailing, as appropriate, of that notice.

5)   This Agreement is contingent upon Purchaser obtaining a loan commitment from _Town Bank_ _Mortgage_ ("Lender") or other Lender as the parties mutually agree, to be obtained no later than _5 Dec 2007_. The Purchaser agrees to make loan application within five (5) business days of ratification of this Agreement and to diligently pursue obtaining a commitment. Cash sales will require Purchaser to provide Seller verification of funds within twenty (20) working days. Failure of the Purchaser to timely make and application or provide verification of funds will constitute a default.

6)   Purchaser and Seller agree to pay closing costs as follows (check one):

(a) _____ Purchaser and Seller agree to pay their own respective closing costs and pre-paid items.

(b) _✓_ Seller to pay up to $ _15,000_ of Purchaser's closing costs including ~~no ( ) or one ( )~~ discount points. ~~The discount fee cannot be used to buy down the loan, unless otherwise noted herein.~~ _Any pre pains & funds can be used at buyers descresion_

(c) _____ Seller to pay all of Purchaser's closing costs over $ _____ including ( ) discount point(s).

Purchaser to pay any document preparation, document review, underwriting, tax service fees, VA funding fee, owner's title, insurance coverage, and pre-paid items.

7)   Seller participation, if any, in Purchasers closing cost is subject to use of _N/A_ Closing Attorney and / or _N/A_ Lender designated by Seller. It may be necessary for Seller to discuss Purchaser's credit report and any other loan package information required to obtain a loan with Purchaser's Lender. Purchaser acknowledges this and authorizes Seller and/or Seller's Broker access to the above information.

8)   Other Provisions: _Move light from breakfast area to middle of room_ _to align with light in kitchen and bay window_ _Buyer will mark spot. Move cable hook up to family_ _to inside wall. Buyer will mark spot._ _Cable hook up in bonus room._

Page 1 of 4                                    Please Initial _[initials]_

VA. CONTRACTOR'S LICENSE #2705 050926A

109 Nat Turner Blvd. Newport News, Virginia 23606
Telephone (757) 596-8800 Fax (757) 596-8516

10/06

JohnsonKJ000016

# PURCHASE AGREEMENT

THIS AGREEMENT OF PURCHASE ("Agreement") made this _16_ day of _November_ _2008_ by and between ATLANTIC HOMES, LLC and _Overlook LLC_ ("Seller"), and _K. Wayne & Brandy Johnson Family Living Trust_ ("Purchaser), and _Mid Atlantic Residential_ ("Listing Broker") and _GSH Real Estate_ ("Selling Broker"), provides:

1)     Seller is to construct and convey to Purchaser a home known as the _Seabrook_ with Elevation _____ and a _2+_ car garage in accordance with the plans and specifications, the Purchaser's Option Selection Form, and Purchaser's Color Selection Form, on LOT _28_, BLOCK _____, SECTION _____, in SUBDIVISION _Overlook Point_ in the County or City of _York_, Virginia and more commonly know as _609 Hanson Road_ _23693_ ("Property").

2)     The Option Selection Form and Color Selection Form detail the optional features selected by the Purchaser and take precedence over the plans and specifications in case of conflict. Along with the plans and specifications, they will be held on file at the Seller's office and/or on the VA, FHA, and appropriate municipally as they may be modified from time to time. Purchaser agrees to complete Color Selection Form within fifteen (15) business days of the ratification of this Agreement. _four hundred ninety six thousand_

3)     The Purchase Price is _Four Hundred Ninety-Five Thousand_ ($ _495,000_ ) _496,000_

This shall be paid as follows:

$ _5000.00_     Deposit Herewith To Be Applied To _Down Payment_
$ _____     Additional Deposit due at Start of Construction
$ _____     Additional Cash due at Closing
$ _____     Loan Amount
$ _495,000_ _496,000_     Total Purchase Price

4)     Purchaser has made a deposit of $ _5000.00_ earnest money ("Deposit") by _Check_ (Method) to be held in escrow by _Mid Atlantic Residential_ ("Escrow Agent") until settlement as hereinafter defined and then applied as stipulated in paragraph 3. It is understood and agreed by Purchaser that the Deposit with this Agreement will be deposited by Escrow Agent in a federally insured interest bearing account(s) and all interest which accrues with respect to the Deposit shall become the sole and exclusive property of Escrow Agent. Purchaser waives any and all right or entitlement to such interest. In the event this transaction is not consummated, Escrow Agent shall hold the Deposit in escrow until (I) all parties to the transaction have agreed in writing as to its disposition, or (II) a court of competent jurisdiction orders disbursement of the Deposit, or (III) Escrow Agent can pay the Deposit to the party who is entitled to receive it in accordance with the clear and explicit terms of this Agreement. In the latter event, prior to disbursement, Escrow Agent shall give written notice to each party not to be paid, by either (I) hand delivery receipted for by the addressee, or (II) by regular and certified mail (return receipt requested), that this payment will be made unless a written protest from that party is received by Escrow Agent within thirty (30) days of the delivery or mailing, as appropriate, of that notice.

5)     This Agreement is contingent upon Purchaser obtaining a loan commitment from _Town Bank_ ("Lender") or other Lender as the parties mutually agree, to be obtained no later than _5 Dec 2007_. The Purchaser agrees to make loan application within five (5) business days of ratification of this Agreement and to diligently pursue obtaining a commitment. Cash sales will require Purchaser to provide Seller verification of funds within twenty (20) working days. Failure of the Purchaser to timely make and application or provide verification of funds will constitute a default.

6)     Purchaser and Seller agree to pay closing costs as follows (check one):

(a)  _____ Purchaser and Seller agree to pay their own respective closing costs and pre-paid items.

(b)  _✓_ Seller to pay up to $ _15,000_ of Purchaser's closing costs including no ( ) or one ( ) discount points. The discount fee cannot be used to buy down the loan, unless otherwise noted herein. _Any more points & funds can be used at buyers discretion_

(c)  _____ Seller to pay all of Purchaser's closing costs over $ _____ including ( ) discount point(s).

Purchaser to pay any document preparation, document review, underwriting, tax service fees, VA funding fee, owner's title, insurance coverage, and pre-paid items.

7)     Seller participation, if any, in Purchasers closing cost is subject to use of _N/A_ Closing Attorney and / or ( _N/A_ Lender designated by Seller. It may be necessary for Seller to discuss Purchaser's credit report and any other loan package information required to obtain a loan with Purchaser's Lender. Purchaser acknowledges this and authorizes Seller and/or Seller's Broker access to the above information.

8)     Other Provisions: _Move wall from breakfast area to middle of room_ _in kitchen with light in kitchen and bay window_ _buyer will have slot. Move cable hook up in family_ _to opposite wall. Buyer will have slot. Move_ _cable hook up in mans room._

Page 1 of 4                                                                                                       Please Initial _____

VA. CONTRACTOR LICENSE #2705 050928A

10/06          109 Nat Turner Blvd. Newport News, Virginia 23608
                Telephone (757) 596-8800 Fax (757) 596-8516

AH/Johnson Family 000083
JohnsonKJ000017



To: Dawn Glass  327-0771

To: Anne Eubanks 630-1422

AH/Johnson Family 000004
JohnsonKJ000018

*Home as Computed*

9)    The estimated completion date of construction of the Property is approximately the _____ day of _____, _____. This is approximately when the Property will have passed the final inspection of the appropriate building officials. Purchaser acknowledges that this date is an estimate only and Seller will not be liable for any delay in completion of work caused by factors outside its control which include but are not limited to weather conditions, material or manpower shortages, and delay in selections by Purchaser. Should a delay be encountered to provide a revised completion date if such factors are encountered, however, Purchaser may declare this contract null and void if home should not be completed within one year from contract date. *Closing to be 20 DEC 2007*

*12/24/t*

10)    CHOICE OF SETTLEMENT AGENT:  You have the right to select a Settlement Agent to handle the closing of this transaction.  The Settlement Agent's role in closing your transaction involves the coordination of numerous administrative and clerical functions relating to the collection of documents and the collection and disbursement of funds required to carry out the terms of the contract between the parties.  If part of the purchase price is financed, your Lender will instruct the Settlement Agent as to the signing and recording of loan documents and the disbursement of loan proceeds.  No Settlement Agent can provide legal advice to any party to the transaction except a Settlement Agent who is engaged in the private practice of law in Virginia and who has been retained or engaged by a party to the transaction for the purpose of providing legal services to that party.

ESCROW, CLOSING AND SETTLEMENT SERVICE GUIDELINES: The Virginia State Bar issues guidelines to help Settlement Agents avoid and prevent the unauthorized practice of law in connection with furnishing escrow, settlement or closing services.  As a party to a real estate transaction, you are entitled to receive a copy of these guidelines from your Settlement Agent, upon request, in accordance with the provision of the Consumer Real Estate Settlement Protection Act.

If Seller is to participate in Purchaser's closing costs, Seller will pay the Settlement Agent of its choice to prepare and effect the requirements of Purchaser's Lender at Settlement.  Any additional legal representation provided at the request of Purchaser will be paid for by Purchaser.  Settlement will be at the office of *To Be determined* ("Settlement Agent") approximately five working days after completion of construction of the Property. Failure of Purchaser to close within fifteen (15) working days of notice of completion of construction of the Property will constitute a default. Possession of the Property will be delivered at Settlement, unless otherwise agreed to in writing.

11)    All taxes, insurance, upkeep, water, rent, and other charges on the Property shall be prorated as of the date of the Settlement.  Purchaser understands that taxes may be based upon estimated assessment at the time of Settlement and may be subject to change. Purchaser agrees to execute, at Settlement, all documents required by VA, FHA, and/or the Lender.  Seller and Purchaser authorize their respective attorneys and the Settlement Agent to furnish to Listing Broker and Selling Broker copies of the final HUD 1 Settlement Statements for the transaction.

12)    Seller agrees to convey the Property to Purchaser by General Warranty Deed, with English Covenants of Title and free and clear of all encumbrances except as may be based upon estimated assessment at the time of Settlement and may be otherwise provided above, but subject to all easements and restrictive covenants of record not adversely affecting the use of the Property.  Seller is to pay the expenses of preparing the deed and the recordation tax applicable to grantor.

13)    Seller agrees to pay Listing Broker a fee of a) _6_ % of the Purchase Price at Settlement or b) ___ as per agreement with Seller. In the event of a cooperative sale, Selling Broker will receive a commission of _3_ % of the Purchase Price paid at Settlement, which amount shall be paid from the fee payable to Listing Broker as stated above.  In the event of a breach of this Agreement by Purchaser, in addition to all remedies available to the parties at law or in equity, Purchaser shall be liable for all brokerage fees and expenses incurred by Seller, including attorney's fees, when applicable.

14)    Agency Disclosure.  (Check as Applicable)  The parties confirm, with respect to their own representation, that disclosure of the agency relationships described below was made in writing at the time specific real estate assistance was first provided by the broker(s) named below, or their respective salespersons.

A)_____The Parties confirm that the Listing Broker and cooperating Broker (sub-agent), if any, and their salespersons have acted on behalf of Seller.

B)___/___The Parties confirm that the Listing Broker and its salespersons have acted on behalf of Seller and the Purchaser's Broker and its salespersons, by agreement, have acted on behalf of Purchaser.

C)_____The Parties confirm that the Broker and its salespersons are acting on behalf of Purchaser.

D)_____The Parties confirm that the Broker and its salespersons are acting on behalf of both the Seller and the Purchaser as disclosed dual representatives.

E)_____The Principal or supervising broker has designated _____ to represent the Seller in the transaction and _____ to represent the Purchaser in the transaction. The principal or supervising broker is acting on behalf of both the Seller and the Purchaser as a disclosed dual representative.

F)_____The Parties also confirm that the written disclosure of and informed consent to the brokerage relationships described in paragraph 14 (D) or (E) above was made prior to the time the offer was made by Purchaser and delivered to Seller.

15)    Property Owner's Association Disclosure: (Check as applicable)
Seller represents that the Property is ___/___ is not _____ located within a development which is subject to the Virginia Property Owner's Association Act (Section 55-516 of the Code of Virginia)("Act"), with a mandatory fee of $ _300_ per _YEAR_, with an additional Capital Contribution fee of $ _150_ due at closing  If the Property is within such a development, the Act requires Seller to obtain from the property owner's association an association disclosure packet and provide it to Purchaser.  Purchaser may cancel this Agreement within three (3) days after receiving the disclosure packet or being notified that it will not be available.  The right to receive the association disclosure packet and the right to cancel this Agreement are waived conclusively if not exercised before Settlement.

Page 2 of 4                                                              Please Initial _____ pbF

AH/Johnson Family 000005
JohnsonKJ000019

16)     Purchaser and Seller agree that paragraph __C__ (Indicate A, B, or C) below applies.

A)     **VA LOAN:** It is expressly agreed that, notwithstanding any of the provisions of this Agreement, Purchaser shall not incur any penalty by forfeiture of Deposit or otherwise be obligated to complete the purchase of the Property described by this Agreement if the agreed Purchase Price exceeds the reasonable value of the Property established by the Veterans Administration. The Purchaser shall, however, have the privilege and option of proceeding with the consummation of this Agreement without regard to the amount of the reasonable value established by the Veterans Administration. **The Veteran Purchaser certifies that he intends to occupy the Property as his primary residence.**

B)     **FHA LOAN:** It is expressly agreed that notwithstanding any other provisions of this Agreement, the Purchaser shall not be obligated to complete the purchase of the Property or to incur any penalty by forfeiture of the Deposit or otherwise unless the Purchaser has been given in accordance with HUD/FHA or VA requirements a written statement issued by the Federal Housing Commissioner, Veterans Administration, or a Direct Endorsement Lender setting forth the appraised value of the Property (excluding closing costs) of not less than $_____. The Purchaser shall, however, have the privilege and option of proceeding with the consummation of this Agreement without regard to the amount of the appraised valuation. The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure. HUD does not warrant the value or the condition of the Property. The Purchaser should satisfy himself/herself that the Purchase Price and condition of the Property are acceptable.

The undersigned certifies that the terms of this Agreement are true to the best of their knowledge and belief. Any other agreement entered into by any of the parties has been fully disclosed and attached to this Agreement.

C)     **CONVENTIONAL LOAN:** It is expressly agreed that, notwithstanding any other provisions of this agreement, the Purchaser shall not incur any penalty by forfeiture or otherwise be obligated to complete the purchase of the Property described herein, if the agreed Purchase Price exceeds the value established by the Lender approved appraiser and the Seller does not agree to reduce the Purchase Price to that appraised value. The Purchaser shall, however, have the privilege and option of proceeding with the consummation of this Agreement without regard to the amount of the appraised valuation made by the Lender approved appraiser. In the event the Purchase Price exceeds the value established by the Lender approved appraiser and Seller or Listing Broker notifies Purchaser or Selling Broker that Seller agrees to reduce the Purchase Price to the established value, then this Agreement will remain in force and Settlement shall occur as specified in this Agreement.

17)     Purchaser certifies that a personal inspection has been made of the home site and that a copy of the plat of the Property has been provided for review. In the event the selected home will not fit on the lot or should the lot require substantial excess preparation (at sole discretion of Seller), it is understood that this Agreement may be nullified and the Deposit returned to Purchaser.

18)     Seller will furnish Purchaser with a ten year "2-10 Home Buyer's Warranty" (herein called "**2-10 Warranty**") policy and assign warranties furnished by manufacturers to Purchaser. The limited warranty provided by the Seller to the Purchaser through the 2-10 Warranty requires that all disputes related to or arising out of the limited warranty be submitted to binding arbitration for resolution. The binding arbitration proceeding shall be governed by the arbitration rules and procedures applicable to the arbitration organization selected to resolve the dispute. The parties to this Agreement hereby agree that any and all claims or disputes arising between them related to or arising out of the limited warranty provided through the 2-10 Warranty shall be submitted to the required binding arbitration for resolution. Seller may, in its discretion, furnish a substitute home buyer's warranty policy in place of the 2-10 Warranty, provided that such substitute policy shall provide coverage substantially similar to the 2-10 Warranty. The provisions of this paragraph shall survive closing.

19)     Seller will furnish Purchaser a Soil Treatment Warranty at Settlement.

20)     If the Property is served by a well and/or septic system, Seller will furnish Purchaser with a certificate indicating that the well water is potable and that the septic system is functioning properly.

21)     No alterations or extra work will be done without a written Change Order or Addendum signed by Purchaser and Seller and accompanied by a non-refundable payment in full by Purchaser. No alterations which affect plans and specifications will be accepted after five (5) business days from execution of this Agreement. No Change Orders or Addendums will be accepted after fifteen (15) business days.

22)     Seller will determine siting of the dwelling on the lot (including reversing the floor plan) to assure that it blends with surrounding houses, has proper drainage and to protect trees or undergrowth should the same be affected by construction. **SELLER'S PRACTICE IS TO MINIMIZE THE CLEARING OF TREES** and Seller will make all reasonable effort not to damage trees, but because of possible unseen damage, diseases, and effects of grade alterations, Seller does not guarantee the life of any tree. During freezing or wet weather, Seller may not be able to establish final finished grades, but will do so as soon as weather permits. Purchaser acknowledges that once Seller completes final grading and seeding, Purchaser is responsible for the growth and survival of the grass.

23)     Unless specified elsewhere, insulation will be installed in the home as follows:

| Area | Type | Thickness | R-Value |
|---|---|---|---|
| Slab Floors | Foam Board | 1" | R-4 |
| Crawl Space Floors | F.G. Batts | 6.25" | R-19 |
| Exterior Walls | F.G. Batts | 3.50" | R-13 |
| Cathedral Ceilings | F.G. Batts or | 8.25"  or 10" | R-30 |
| All other Ceilings | F.G. Batts or | 13" | R-30 |
| OR | Loose Fill | 13" | R-30 |

Seller may substitute insulation types so long as required R-Values are obtained.

24)     Seller has the right to substitute materials of similar quality if unable to obtain exact materials indicated on plans, specifications, Option Form and Color Selection Form through Seller's usual sources. Dimensions may vary somewhat according to field conditions. Until Settlement, the dwelling and all materials and supplies on site remain the property of the Seller.

Page 3 of 4                                                                 Please Initial _____  PDF

AH/Johnson Family 000006
JohnsonKJ000020

25)     Prior to Settlement, Seller will schedule an orientation walk-through of the Property with Purchaser to inform Purchaser of working components and warranties.  A "Punch List" will be prepared noting discrepancies, to be signed and retained by Purchaser and Seller.  This document will be a complete list of discrepancies to be corrected by Seller, except as otherwise required by any applicable warranty.

26)     It is understood that neither Purchaser nor Purchaser's Agent(s) are authorized to enter the property prior to Settlement.  In the event that Purchaser does enter the Property prior to Settlement, Purchaser agrees and understands that Purchaser is doing so without permission of the Seller and at Purchaser's own risk.  Purchaser Releases and agrees to indemnify and hold Seller harmless from and against any and all claims for damage(s) to Purchaser's person or property and to any person or property of any person who may accompany Purchaser.

27)     **Mechanic's Lien Notice:**  Virginia Law (Section 43-1 et seq.) permits persons who have performed labor or furnished materials for construction, removal, repair or improvement of any building or structure to file a lien against the Property. This lien may be filed at any time after the work is commenced or the material is furnished but not later than the earlier of: a) 90 days from the last day of the month in which he performs labor or furnishes material, or b) 90 days from time of construction, removal, repair or improvement is completed, or the work thereon otherwise completed.
          AN EFFECTIVE LIEN FOR WORK PERFORMED PRIOR TO THE DATE OF SETTLEMENT MAY BE FILED AFTER SETTLEMENT. LEGAL COUNSEL SHOULD BE CONSULTED.

28)     **Title Insurance Notification:**  The Purchaser may wish at Purchaser's expense to purchase owner's title insurance.  Depending on the particular circumstances of the transaction, such insurance could include affirmative coverage against possible mechanics' and material men's lien for labor and materials performed prior to Settlement and which, though not recorded at the time of recordation of the Purchaser's deed, may still effect the title to the property.

29)     **Megan's Law Approved Disclosure/Disclaimer:**  "You should exercise whatever due diligence you deem necessary with respect to information on any sexual offenders registered under Chapter 23 (§19.2-387 et seq.) of Title 19.2; whether the owner proceeds under subdivision 1 or 2 of subsection A of §55-519.  Such information may be obtained by contacting your local police department or the Department of State Police, Central Criminal Records Exchange, at (804) 674-2000 or www.state.va.us/vsp.html."

30)     Seller is affiliated with a real estate broker who ( ) is  ( ) is not a party to this Agreement.

31)     Purchaser and Seller agree that a facsimile transmission of any original document will have the same effect as an original.

32)     In the event Purchaser defaults in the performance of any part of this Agreement, unless otherwise written herein, Seller may require specific performance by Purchaser of this Agreement or Seller, at his option, may terminate this Agreement.  In the event of such termination, all rights of Purchaser shall hereby cease and terminate and Seller shall have the right to retain all monies previously paid by Purchaser and apply said monies to damages sustained by Seller.  However, such amounts shall not be construed as liquidated damages for breach of the Agreement by Purchaser.

33)     The parties to this Agreement concur that it shall be binding upon them, and their respective personal representatives, successors and assigns; that its provisions shall be merged into the deed delivered at Settlement and shall not survive Settlement, that unless amended in writing by Seller and Purchaser, this Agreement contains the final agreement between the parties hereto, and that they shall not be bound by any terms, conditions, oral statements, warranties or representations not herein contained; and that it shall be construed under the laws of the Commonwealth of Virginia.

Witness the following signatures and seals.  All parties hereby acknowledge receipt of a copy of this agreement.

SELLER:                                              PURCHASER:
ATLANTIC HOMES, LLC and *Overlook Pl. LLC*

                                                     By: _____

By: ___Peter Full_____                             DATE: _11/16/07_

DATE: __11/16/07__                                  BY: _____

                                                     DATE: _11/16/07_

*Mid Atlantic Residential*                          *HH Real Estate*
Listing Broker                                       Selling Broker

By: _____                          By: _Anne Eubanks_
*Jerome Wesley*

Page 4 of 4                              Please Initial ____

AH/Johnson Family 000007
JohnsonKJ000021

# NEW CONTRACT DATA SHEET

Contract Date:: _16 Nov_     Subdivision: _Quiloce Point_

Lot #: _23_   Model: _Sundial_     Elevation: _____

Spec: _X_  Presale: _____  Contingency: _____   Exp. Date: _____

Buyer Name: _David & June Johnson_ Age: _39_   SSN: _____

Buyer Name: _June_     Age: _39_   SSN: _____

Present Address: _708 Lake Lane Dr._   Single: _____ Married: _X_

_Yorktown, VA 23693_   Rent: _____ Own: _X_

Apt. Complex/Subdivision: _____

Home #: _867 7785_     Work # _____

Employer:His: _KE David Johnson CPAPC_   Position: _CPA_

Hers: _SAME_     Position: _____

Combined Income: _132,000_     Military: Branch: _____

Number in Family: _4_     Station: _____

Age of Children: _girls   13 & 10_   Rank: _____

How did you find us? _Internet_

Base Price: _510,000_     Contract Price: _____

Closing Date: _20 Dec 2007_     C/Cost Paid: $_____ or _____%

Points Paid: _____%

Date: _____   Deposit Amount Received: $_____

Date: _____   Cash Options Received: $_____

Site Broker: _MAR_     Comm %: _3_

Site Agent: _Glaive J Wasley_

Cobroke Office: _GSH Real Estate_   Comm %: _3_

Cobroke Agent: _Anne Eubanks_

Address: _____   Phone #: _____

Lender: _Town Bank_   Contact: _____   Phone #: _____

Address: _____   Type of Financing: _____

Attorney: _____   Contact: _____

Address: _____   Phone #: _____

CNTRTDTA.DOC

AH/Johnson Family 000088
JohnsonKJ000022





### AMENDMENT / ADDENDUM TO PURCHASE AGREEMENT

This document forms an integral part of the Purchase Agreement ("Agreement") dated the _Re_ day of _Mad_, 2007.

between _Johnson Family Trust_ ("Buyer")

and _Quidoot Point LLC_ ("Seller")

and _S & H Real Estate_ ("Selling Firm")

and _Mid Atlantic Residential_ ("Listing Firm")

for all that certain piece, parcel or lot of land described as follows to-wit: _609 Mansion Road,_

_Yorktown, VA 23693_ ("Property").

The undersigned Buyer and Seller hereby agree to the following:

1) House to be professionally cleaned
2) Clean carpets in office and stairs
3) Adjust latch on door to master bath
4) Adjust closet to master bedroom
5) Handle on french door to office/bedroom
6) Paint Attic access door
7) Shoe molding in mud room is missing
8) Replace drains in master Bath tub and hall bath tub
9) Clean outside of house and repaint front door

Except as expressly set forth above, all of the other terms and conditions of the Agreement not modified above, shall remain unchanged and in full force and effect.

_S&H Real Estate_
(Selling Firm)

By: _Gene Lubrantes_ _____
(Date)

_Mid Atlantic Residential_
(Listing Firm)

By: _Dawn Slavin_  11/14/07
(Date)

X _____  11/16/07
(Buyer)   (Date)

_____  11/16/07
(Buyer)   (Date)

_____  _____
(Seller)   (Date)

_Peter Fell_  11/16/07
(Seller)   (Date)

FOR OPTIONAL USE AS PARTIES MAY ELECT

PAA-1 01/01/2005 (Last Revised 1/01/2003)
COPYRIGHT © 2005. Real Estate Information Network, Inc. All Rights Reserved.



**PROPERTY INSPECTION CONTINGENCY ADDENDUM**

This Property Inspection Contingency Addendum ("Addendum") forms an integral part of the Purchase Agreement ("Agreement") date _____ 16 November ____, 200 7 betwee _____ ("Buyer"

_Johnson Family Trust_ _____

and _Atlantic Homes LLC_ _____ ("Selle

and _BHH Real Estate_ _____ ("Selling Firm

and _Mid Atlantic Residential_ _____ ("Listing Firm

for the sale of certain property commonly known as (Address):

_609 Mansion Road, Yorktown, Va. 23693_ _____

("Property")

It is understood and agreed between the parties to the Agreement that the following terms and conditions shall be incorporated into th Agreement and shall become a part thereof and incorporated therein. Capitalized terms not defined in this Addendum shall have th meaning set forth in the Agreement.

All Notices required to be sent to Seller under this Agreement shall be sent to Listing Firm and all notices to be sent to Buyer sha be sent to Selling Firm.

1. **INSPECTION REPORTS:** The Agreement shall be contingent upon Buyer obtaining one or more of the following inspections with th results being acceptable to Buyer at Buyer's sole discretion or Buyer reserves the right to terminate the Agreement: (Check A, B, and/or D as applicable):

☑ **A. PROPERTY INSPECTION(S)**
A Property inspection(s) ("Property Inspection Report") including any supplemental investigations as may be necessary to identi or confirm the condition of the Property. ☐ BUYER ☑ SELLER shall be responsible for providing all utilities require for such inspection.

☐ **B. EXTERIOR INSULATION AND FINISH SYSTEM (EIFS)**
An Exterior Insulation and Finish System inspection ("EIFS Inspection Report") from a qualified professional with experience this field who is acceptable to Buyer. Buyer acknowledges and agrees that the contingency set forth in this paragraph is limited the Exterior Insulation and Finish System only and that Buyer's rights to inspect may be governed and limited by applicab condominium documents if the Property is in a condominium.

☐ **C. LEAD-BASED PAINT INSPECTION**
An assessment or inspection with respect to the presence of lead-based and/or lead-based paint hazards, if any, affecting th Property ("Lead-Based Paint Assessment Report"). See the EPA pamphlet, *Protect Your Family From Lead in Your Home*, fo more information.

☑ **D. OTHER INSPECTIONS**
Such other investigations and inspections of the Property ("Other Inspection Report") as Buyer may desire.

_Appraisal Subject to Buyer having pool approval for installation by certified pool company_
_within 2 wks of contract date, or Buyer may void contract_

The Property Inspection Report, EIFS Inspection Report, Lead-Based Paint Assessment Report and/or Other Inspection Report ar collectively referred to as the "Inspection Reports."

Buyer shall be solely responsible for the selection and payment of inspection services or inspectors for the inspections described in A, B, and D above and will arrange for these inspections. Listing Firm, Selling Firm and Seller will assist Buyer in coordinating access to th Property for such inspection(s).

2. **DEADLINE / CONTINGENCY REMOVAL / RELEASE:**

a. **DELIVERY DEADLINE:** Within _Fourteen_ (_14_) days of ratification of the Agreemen ("Deadline"), Buyer will deliver to Listing Firm:

(i) a complete copy(ies), as applicable, of the Inspection Reports, together with a Property Inspection Contingency Remova Addendum ("Removal Addendum"); or

(ii) a Purchase Agreement Release ("Release Agreement").

Should no Removal Addendum or no Release Agreement be delivered by the Deadline, the contingency(ies) described i Paragraph 1 shall be deemed satisfied and considered removed and the Agreement shall remain in full force and effect.

b. **REQUESTED REPAIRS:** Should Buyer choose to deliver a Removal Addendum, Buyer must list in the Removal Addendum a items identified in the Inspection Reports which Buyer requests Seller to repair ("Requested Repair Items"). Any items identifie in any of the Inspection Reports which are not included in the Removal Addendum shall be deemed waived by Buye except for those items agreed to in Paragraph 11 of the Agreement. However, subject to the Cap referenced in Paragrap 13 of the Agreement, Seller remains obligated to repair waived items if required under Paragraph 13A (Appraisal an Required Repairs), B (Wood Destroying Insect Infestation / Moisture Inspection / Repairs) or C (Well and Septic) of th Agreement.

Initial: Buyer _____
Seller _____

AH/Johnson Family 000000
JohnsonKJ000024

c. **NEGOTIATION PERIOD:**

(i) Seller will have five (5) days ("Negotiation Period") from Seller's receipt of a Removal Addendum either to agree to correc all of the Requested Repair Items or to negotiate with Buyer those Requested Repair Items which Seller will repair. Th total cost of Requested Repair Items agreed to be repaired by Seller shall not be included in the Cap, unless otherwise agree to in writing. Any Requested Repair Items listed on the Removal Addendum that Seller and Buyer agree not to repai are waived by Buyer except for those items agreed to in Paragraph 11 of the Agreement. However, subject to th Cap, Seller remains obligated to repair any waived Requested Repair Items and/or waived items identified in th Inspection Reports ("Waived Items") if required under Paragraph 13A (Appraisal and Required Repairs), B (Woo Destroying Insect Infestation / Moisture Inspection / Repairs) or C (Well and Septic) of the Agreement.

(ii) At any time prior to expiration of the Negotiation Period, Buyer may accept the terms agreed upon to date, continue t negotiate or remove the contingency(ies) described in Paragraph 1 of this Addendum and proceed with the closing under th Agreement.

(iii) If no agreement has been reached by the end of the Negotiation Period, including no response from Seller, Buyer shall hav an additional 24-hour period immediately following the Negotiation Period in which to accept the terms agreed upon to date to continue to negotiate or to remove the contingency. After expiration of the Buyer's 24-hour period, if Buyer has no accepted the terms agreed upon to date or removed the contingency, either Buyer or Seller may terminate the Purchas Agreement.

3. **RELEASE AGREEMENT:** In the event i) the Release Agreement is delivered under the provisions of Paragraph 1 or Paragraph (a)(ii) above or ii) either Buyer or Seller elect to terminate the Agreement pursuant to Paragraph 2(c), all parties agree to execute th Release Agreement whereupon the Escrow Agent shall release the Deposit to Buyer and, except as provided in Paragraph 5 below, n parties shall have any further rights or obligations under the Agreement.

4. **TIME PERIODS:** Time is of the essence for all time periods in this Addendum.

5. **DAMAGE / INDEMNIFICATION:** Buyer and Seller jointly and severally agree to indemnify, defend and hold both Listing Firm an Selling Firm harmless from and against any and all claims, demands, actions or proceedings including the recovery of attorney's fee resulting from any disputes relating to the items identified, omitted, or allegedly omitted by inspectors in the Inspection Reports. Buye agrees to indemnify, defend, and hold Seller, Listing Firm and Selling Firm, harmless from and against any and all claims, actions demands or proceedings, including the recovery of attorney's fees, resulting from any injury or damage to property arising from an inspection of the Property under Paragraph 1 or the rights of access to the Property granted to Buyer under this Addendum. If an damage to the Property is caused by any of the inspections described in Paragraph 1 above, Buyer shall be responsible for th cost of the repair of such damage.

_S&H Real Estate_
(Selling Firm)

By: _Anne Venbrankes_  11-16-07
(Date)

_Mid Atlantic Residential_
(Listing Firm)

By: _Dawn Shain_
(Date)

X _[signature]_  11/16/07
(Buyer)            (Date)

X _[signature]_  11/16/07
(Buyer)            (Date)

_____
(Seller)            (Date)

_Pete Falk_  11/16/07
(Seller)            (Date)

AH/Johnson Family 000001
JohnsonKJ000025

ADDENDUM

The following addendum is hereby made a part of that certain Real Estate Contract dated _16 No 2_ , 2007, by and between Overlook Point Associates LLC and Atlantic Homes LLC (Seller) and _Johnson Family Trust_ (Purchaser) and Mid Atlantic Residential (Listing Agent) and _Anne Eubanks_ (Selling Agent).

Purchaser(s) acknowledges receipt of a copy of the Restrictive Covenants for the Overlook Point Homeowners Association. Disclosure is hereby made to the Purchaser(s) that the maximum general assessment as shown on Page 10, Section 4.3 is to be changed from $200.00 to $300.00.

Disclosure is hereby made to the Purchaser(s) that Cowles M. Spencer, who has an ownership interest in Overlook Point Associates LLC and has a financial interest in the sale of the Property to the Purchaser named herein, is a licensed Real Estate Broker in the Commonwealth of Virginia and is the Principal Broker of Mid Atlantic Residential

Should the Purchaser fail to close on the Property within 30 days of receipt of notification from the Seller that the dwelling is complete and ready for occupancy, the Purchaser will be deemed to be in default and the contract will be null and void in its' entirety.

_____  11/16/07     _____  11/16/07
PURCHASER          DATE         PURCHASER          DATE

_____  11/16/07     _____  11/16/07
ATLANTIC HOMES LLC DATE         OVERLOOK POINT ASSOCIATES DATE

_____  11/16/07     _____  11-16-07
MID ATALNTIC RESIDENTIAL DATE   SELLING AGENT      DATE

AH/Johnson Family 0000 JohnsonKJ000026

February 10th, 2005

To All Home Purchasers at Overlook Point:

Re: Disclosure Notice

Please be advised that part of the land area that encompasses certain parts of the Overlook Point Subdivision has areas that were formerly a 'Borrow Pit'. The vast majority of the "Borrow Pit" land area is located in the common or non-buildable areas and does not infringe on any lot areas excepting for Lots 26, 27, 28, 29, 30, 39, 40, and a very small portion of Lot 31. Accordingly the conditions encountered at the above lot sites differ from those ordinarily encountered and generally recognized as typical. Construction of dwellings on the above listed lots will require special foundations and special foundation work not ordinarily expected to be needed. For those purchasing lots other than the above listed lots, normal and customary foundation techniques will apply to the construction of your home.

The office of Mid-Atlantic Residential has a plat on record which has been marked by the Project Engineer delineating the boundary of the "Borrow Pit" area. Although your lot may not be in the delineated area, you are welcome to review the plat. Please call your Agent and they will be happy to arrange a time for you to review the plat and answer any questions you may have. Although the "borrow pit area" is a part of a very few lots, we want everyone to be advised of its former existence and are therefore asking all Overlook Purchasers to acknowledge this disclosure.

We thank you for choosing Overlook Point for your new home.

Sincerely,

Overlook Point Associates,

By: _____
      Partner

We the undersigned Purchaser(s) of Lot _28_, Overlook Point, York County, do hereby acknowledge receipt of this disclosure on this ___ day of ~~_____, 2005~~ nov 2007.

_____          16 11/16/07
Purchaser                                      Date

_____          11/16/07
Purchaser                                      Date

Mid Atlantic Residential          ~~___07~~ 11/16/07
Agent                                            Date

_____          _____
Agent                                            Date

AH/Johnson Family 000(JohnsonKJ000027

MR K DAVID JOHNSON &
JERI L JOHNSON
JT TEN WROS
708 TABB LAKES DR
YORKTOWN VA 23693

**1002**

Vanguard® Prime
Money Market Fund

DATE 11/16/07

52-22/311

PAY TO THE ORDER OF _MID ATLANTIC RESIDENTIAL_                $ 5,000.00

_Five Thousand Only_                                          DOLLARS

NOT VALID FOR LESS THAN $250.00

Payable Through
Wachovia Bank, National Association
Wilmington, DE 19803

FOR _Down payment - 609 Mansion Road_

⑆100300100 28⑆ ⑉031100225⑉ 85880 1640 7703 7⑆

MP

MP

AH/Johnson Family 000(JohnsonKJ000028



**Atlantic Homes, LLC**

10 San Jose Drive, Suite 4C • Newport News, Virginia 23606 • Telephone: (757) 596-8800 • Fax (757) 596-8516

## OPTION SELECTION FORM
## FEATURED PLANS

PURCHASER __Spec__       DATE _1/6/06_
COMMUNITY __Overlook Point__     LOT _28_   SECTION____
ADDRESS     609 Mansion Road
CLOSING DATE_____

                                              PRICE

MODEL _Seabrook_ BEDROOMS( 4 ) BATHROOMS( 3 )    _539,900_
ELEVATION_____
FULL FRONT PORCH(___)   SLAB(___)   CRAWLSPACE(___)
FOUNDATION SLAB(___)   CRAWLSPACE( X ) BASEMENT(___)
GARAGE    SINGLE(___) DOUBLE( X )
            SIDELOAD(___)REARLOAD(___)
            GARAGE DOORS ONE( X ) TWO(___)
BONUS ROOM FINISHED( X )     UNFINISHED(___)
DORMER     SINGLE(___) DOUBLE(___)
DEN(___) SUNROOM(___) SIZE_____ CATHEDRAL CEILING(___)
FIREPLACE LOCATION _Family Room_
WOODBURNING(___) DIRECT VENT(___)    GAS( X )
GAS LINE ONLY(___) GAS LOGS(___) BLOWER(___)
BAY WINDOW (___)LOCATION_____
DECK( X ) SIZE _152 Sq. ft._ SLAB(___)    CRAWLSPACE(___)
PATIO(___) SIZE_____ SLAB(___)    CRAWLSPACE(___)

ADDITIONAL STANDARD OPTIONS
    Raised Panel Maple Cabinets
    Group 1 Corian Countertops
    Hardwood Kitchen,Breakfast Nook, Family Rm
    1st Upgrdde Padding

                     CC: Steve Vacld@
                     Dave

SUBTOTAL OF ADDITIONAL OPTIONS FROM PAGE 2 _____
LOT ADJUSTMENT _____

TOTAL CONTRACT PRICE _____

PLEASE INITIAL:

SELLER_____(____)   PURCHASER(S)_____(____)
                DATE                             DATE

FOR OFFICE USE:

ISSUE DATE_____    TYPE OF FINANCING_____

AH/Johnson Family 000005
JohnsonKJ000029

# Atlantic Homes, LLC

10 San Jose Drive, Suite 4C · Newport News, Virginia 23606 · Telephone: (757) 596-8800 · Fax (757) 596-8516

*OVERLOOK POINT*　**DATE** 8/22/06

**PURCHASER** SPEC　**CLOSING DATE** _____

**MODEL** *SeaBrooke*　**LOT #** 28　609 Mansion Rd.

## APPLIANCE SELECTIONS

| | | STANDARD | MODEL # | COLOR | |
|---|---|---|---|---|---|
| RANGE | White | ✓ | | | |
| DISHWASHER | White | ✓ | | | |
| MICROWAVE | White | ✓ | | | |
| REFRIDG(OPT) | | | | | |
| WASHER(OPT) | | | | | |
| DRYER (OPT) | | | | | |

## CABINET SELECTION

| STANDARD Natural Maple | UPGRADE Raised Panel Maple |
|---|---|
| KITCH. COUNTERS Mus | SINK Bisque Corian |

F/PL SURROUND  STANDARD MARBLE COLOR Marron Brown
OPTIONAL MATERIAL _____

LIGHTING PACKAGE  A _____   B Bronze  C _____

CC: Steve
Tom
SVS
Dom
Dein

## FLOORING SELECTIONS

CARPET    STANDARD ✓     UPGRADE _____
PADDING   STANDARD _____ 1st upgrade    UPGRADE _____

### CARPET / HARDWOOD / VINYL

| ROOM | COLOR | COLOR # | ROOM | COLOR | COLOR # |
|---|---|---|---|---|---|
| LIVING ROOM | Wheat | M10934 | MSTR BED/RM | Porcelain | 13149 |
| FAMILY RM | " | " | #2 BED/RM | " | " |
| GUEST SUITE | Porcelain | 13149 | #3 EDB/RM | " | " |
| STEPS/UP HALL | Porcelain | 13149 | #4 BED/RM | " | " |
| FOYER | Wheat | M10934 | SUNROOM | | |
| BONUS | Porcelain | 13149 | OPT LIVING RM | | |
| GAME ROOM | | | UP/STAIR BATH | Sage Clay | 60102 |
| DINING ROOM | Wheat | M10934 | MASTER BATH | Origami White | |
| KITCH/BRKFST | Wheat | M10934 | UP HALL BATH | | |
| LAUNDRY ROOM | Sage Clay | 60102 | DOWN BATH | Origami | White |
| UTILITY ROOM | Wheat | M10934 | POWDER DOWN | Wheat | M10934 |
| DOWNSTAIRS HALL | Wheat | M10934 | GROUT | | |
| Pantry | Wheat | M10934 | Mudroom | Sage Clay | 60102 |

BUYER IS ALLOWED TO CHOOSE (2) TWO COLOR SELECTIONS OF CARPET AND VINYL AT NO CHARGE.
THERE IS A $50.00 CHARGE FOR EACH SELECTION OVER TWO.

## EXTERIOR SELECTIONS

Forest Green

| SIDING COLOR/STYLE Almond | EXTERIOR DOORS ~~Forest Green~~ |
|---|---|
| SHUTTERS/STYLE Raised Panel / CC Midnight Green | |

THIS FORM MUST BE COMPLETED BY THE PURCHASER WITHIN 10 DAYS OF THE ACCEPTANCE
OF THE PURCHASE AGREEMENT, AND WHEN SIGNED BY BOTH PARTIES BECOMES PART OF THE
AGREEMENT. ALL UPGRADES MUST BE PAID FOR AT TIME OF SELECTION. IF SELECTED MATERIAL
IS NOT AVAILABLE, PURCHASER AGREES TO MAKE A NEW SELECTION WITHOUT DELAY, OR SELLER
RESERVES THE RIGHT TO SUBSTITUTE MATERIALS OF LIKE QUALITY, PATTERN, AND DESIGN.

PURCHASER SPEC _____     DATE 8/22/06

ATLANTIC HOMES, LLC _____     DATE _____

AH/Johnson Family 000000
JohnsonKJ000030



**Atlantic Homes, LLC**

10 San Jose Drive, Suite 4C · Newport News, Virginia 23606 · Telephone: (757) 596-8800 · Fax (757) 596-8516

~~COLOR SELECTION SHEET~~
## CHANGE ORDER

SUBDIVISION _Deerleaf Point_     DATE _20 Nov 07_

PURCHASER _Johnson Family_     CLOSING DATE _____

MODEL _Deerleaf_     LOT # _28_

~~REVISION TO APPLIANCE SELECTION~~

_Do not move Breakfast nook lights._

~~Pantry lights to house.~~

REVISION TO CABINET, COUNTERTOP, FIREPLACE, OR INTERIOR PAINT

_____

_____

_____

REVISION TO FLOORING SELECTIONS

_____

_____

_____

REVISION TO EXTERIOR SELECTIONS

_____

_____

_____

IF SELECTED MATERIALS ARE NOT AVAILABLE, PURCHASER AGREES TO MAKE A NEW SELECTION WITHOUT DELAY, OR SELLER RESERVES TO RIGHT TO SUBSTITUTE MATERIALS OF LIKE QUALITY, PATTERN, AND DESIGN.  ALL UPGRADES MUST BE PAID FOR AT THE TIME OF SELECTION.  ALL EFFORTS WILL BE MADE TO ACCOMMODATE THE ABOVE CHANGES, HOWEVER, SHOULD THE WORK NOT BE COMPLETED, THE BUILDER'S ONLY RESPONSIBILITY IS TO RETURN FUNDS CHARGED.

DATE _11/20/07_    PURCHASER _____

DATE _11/20/07_    ATLANTIC HOMES, LLC _____

AH/Johnson Family 000007
JohnsonKJ000031



# REIN

## PROPERTY INSPECTION CONTINGENCY REMOVAL ADDENDUM

This document forms an integral part of the Purchase Agreement ("Agreement") dated the _16_ day of _November_ , 200_7_

between _Johnson Family Living Trust_ ("Buyer")

_Smith III_ ("Seller")

_ASH Real Estate_ ("Selling Firm")

and _Mid Atlantic Residential_ ("Listing Firm")

for the sale of certain Property commonly known as (Address) _609 Mansion Rd  Yorktown_

Subject to A or B below, the following property inspection contingencies are hereby removed and a complete copy of the applicable Inspection(s) is attached:

(Check As Applicable)

☑ Property Inspection       ☐ EIFS       ☐ Lead-Based Paint Assessment       ☒ Other _pool_

Mark as appropriate: A or B

☐ **(A)**  No repairs are necessary; OR

☒ **(B)**  **Requested Repair Items:** Seller agrees to make all repairs listed below at Seller's expense. The total cost of Requested Repair Items agreed to be repaired by Seller shall not be included in the Cap referenced in Paragraph 13 of the Agreement, unless otherwise agreed to in writing. In the performance of an EIFS repair, Seller is to use a qualified professional with experience in this field. All repairs to be completed in a workmanlike manner prior to walk through and evidence of payment for such work shall be provided to Buyer at settlement. Seller remains obligated to repair any items agreed to be repaired under Paragraph 11 of the Agreement. Furthermore, subject to the Cap, Seller remains obligated to repair any Waived Items that fall under Paragraph 13A (Appraisal and Required Repairs), B (Wood Destroying Insect Infestation / Moisture Inspection / Repairs) or C (Well and Septic) of the Agreement.

✱ Seller to make all repairs underlined (except item 402 #2 and item 520 #1) by inspector on the fourteen page home inspection report completed November 29, 2007 by Amerispec Quality Home Inspection.

✱ Security system and sprinkler system not part of home inspection. These two systems tested by builders superintendent at walk through.

✱ Additional areas needing touch up paint to be noted at walk thru.

✱ All instruction booklets on appliances systems to be available at walkthrough.

✱ Home Inspector to return ~~at~~ walkthrough to confirm repairs prior to

Received by: _____   Time: _____   Date: _____

_ASH Real Estate_
(Selling Firm)

By: _Anne Eubanks_   _11-21-07_
(Date)

_Mid Atlantic Residential_
(Listing Firm)

By: _Dawn Shaw_   _11/21/07_
(Date)

✱ _[signature]_   _11/27/07_
(Buyer)   (Date)

✱ _[signature]_   _11/27/07_
(Buyer)   (Date)

_____   _____
(Seller)   (Date)

_Peter Fallon_   _11/27/07_
(Seller)   (Date)

---

**(FOR AGENT USE ONLY)**

FOR COMPLETION BY AGENT VERIFYING REMOVAL ACCEPTANCE DATE:

AH/Johnson Family 000C        JohnsonKJ000032

# REIN

**PROPERTY INSPECTION CONTINGENCY REMOVAL ADDENDUM**

This document forms an integral part of the Purchase Agreement ("Agreement") dated the _16_ day of _November_, 200_7_

between _Johnson Family Living Trust_ ("Buyer")

_AH Real Estate_ ("Selling Firm")

and _Mid Atlantic Residential_ ("Listing Firm")

for the sale of certain Property commonly known as (Address) _609 Mansion Rd YorkTown_

Subject to A or B below, the following property inspection contingencies are hereby removed and a complete copy of the applicable Inspection(s) is attached:

(Check As Applicable)

[X] Property Inspection   [ ] EIFS   [ ] Lead-Based Paint Assessment   [X] Other _pool_

Mark as appropriate: A or B

[ ] **(A)** No repairs are necessary; OR

[X] **(B)** Requested Repair Items: Seller agrees to make all repairs listed below at Seller's expense. The total cost of Requested Repair Items agreed to be repaired by Seller shall not be included in the Cap referenced in Paragraph 13 of the Agreement, unless otherwise agreed to in writing. In the performance of an EIFS repair, Seller is to use a qualified professional with experience in this field. All repairs to be completed in a workmanlike manner prior to walk through and evidence of payment for such work shall be provided to Buyer at settlement. Seller remains obligated to repair any items agreed to be repaired under Paragraph 11 of the Agreement. Furthermore, subject to the Cap, Seller remains obligated to repair any Waived Items that fall under Paragraph 13A (Appraisal and Required Repairs), B (Wood Destroying Insect Infestation / Moisture Inspection / Repairs) or C (Well and Septic) of the Agreement.

* Seller to make all repairs underlined (except item 402 #2 and item 520 #1) by inspector on the fourteen page home inspection report completed November 29, 2007 by Amersple-Quality Home Inspections.

* Security system and sprinkler system not part of home inspection. These two systems tested by builders superintendent at walk through.

* Additional areas needing touch up paint to be noted at walk thru.

* All instruction booklets on appliances/systems to be available at walk through.

* Home Inspector to return at walk through to confirm repairs prior to

Received by: _____   Time: _____   Date: _____

_AH Real Estate_
(Selling Firm)

By: _Anne Lubanska_   _11-21-07_
(Date)

[X] _____ (Buyer)   11/27/07 (Date)

[X] _____ (Buyer)   11/27/07 (Date)

_Mid Atlantic Residential_
(Listing Firm)

By: _Dawn Shaw_   _11/27/07_
(Date)

_____ (Seller)   _____ (Date)

_Peter Fallo_ (Seller)   11/27/07 (Date)

---

**(FOR AGENT USE ONLY)**

FOR COMPLETION BY AGENT VERIFYING REMOVAL ACCEPTANCE DATE:

AH/Johnson Family 000000
JohnsonKJ000033