# EXHIBIT 7

Print Form

Plaintiff Profile Form - Residential Properties

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED DRYWALL          MDL NO. 2047

PRODUCTS LIABILITY LITIGATION                 SECTION: L

THIS DOCUMENT RELATES TO: ALL CASES           JUDGE FALLON

                                              MAG. JUDGE WILKINSON

| For Internal Use Only |
|---|
| _____ |
| File Number |
| Date Received |

This Plaintiff Profile Form must be completed and signed by every person making a claim in this litigation using one form per affected address. In completing this Profile Form, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can and expressly indicate "unknown" in the space provided when not known. You must supplement your responses if you learn they are incomplete or incorrect in any material respect. You may and should consult with your attorney if you have any questions regarding completion of this form. If you are completing the form for someone who has died or who cannot complete the Profile Form, please answer as completely as you can for that person.

The questions and requests for production contained within this Profile Form are non-objectionable and shall be answered without objection. By answering this Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts and are subject to all protections afforded by law.

To the extent that the form does not provide enough space to complete your responses, you may attach as many sheets of paper as necessary.  All photographs produced in response to this form shall be in color and attached to or printed on 8 1/2" x 11" white paper.

### Section I. Property Information

**Name Property Owner** Dwight and Psyche Page

**Address of Affected Property** 102 Overlook Point
Yorktown, VA 23693

**Is this Property:*** [X] Residential   [ ] Commercial   [ ] Governmental

**Name of Person Completing this Form** Psyche Page

**Is above your primary residence?** (•) Yes   No ( )

**Mailing Address (if different)** N/A

**Phone:** (757 ) 223 - 1231

* If your response is commercial or governmental you should not fill out the remaining questions, you will receive a follow up form at a later date.

**Circle one:** [X] Owner-Occupant   [ ] Owner Only   [ ] Renter-Occupant

**Represented By:** Law Offices of Richard J. Serpe, P.C.

**Address:** 580 E. Main Street
Suite 310
Norfolk, VA 23510

**Phone:** (757 ) 233 - 0009

**Case No. /Docket Info:** 2:10-cv-00361

### Section II. Insurance Information

**Homeowner/ Renter Insurer:** Nationwide Insurance Company

**Policy #:** 53 45 HO 602887

**Agent:** Tom Wilson

**Address:** 76 W. Mercury Boulevard
Hampton, VA 23669

**Phone:** (757 ) 722 - 6351

**+ Attach Copy of Insurance Declaration Page** - See Attached

### Section III. Claimant Information

| Name of Claimant | Dates Occupied Move-in | Dates Occupied Leave | Gender | Date of Birth | Are you claiming personal injuries?* Circle One | Identify Claimant Status as an Owner-Occupant, an Owner Only, or an Occupant or Renter Only |
|---|---|---|---|---|---|---|
| Dwight Page | 03 /15/ 08 | - /- / - | [X]M / F | 05 /13/ 57 | (•)Yes   No ( ) | Owner-Occupant |
| Psyche Page | 03 /15/ 08 | - /- / - | M / [X]F | 05 /25/ 58 | (•)Yes   No ( ) | Owner-Occupant |
| Harley Page | 03 /15/ 08 | - /- / - | [X]M / F | 10 /02/ 94 | (•)Yes   No ( ) | Occupant or Renter Only |
|  | / / | / / | M / F | / / | ( )Yes   No ( ) |  |
|  | / / | / / | M / F | / / | ( )Yes   No ( ) |  |
|  | / / | / / | M / F | / / | ( )Yes   No ( ) |  |
|  | / / | / / | M / F | / / | ( )Yes   No ( ) |  |
|  | / / | / / | M / F | / / | ( )Yes   No ( ) |  |
|  | / / | / / | M / F | / / | ( )Yes   No ( ) |  |
|  | / / | / / | M / F | / / | ( )Yes   No ( ) |  |

* Personal injuries include claims for mental anguish and medical monitoring.

Page 1

Plaintiff Profile Form - Residential Properties

**Section IV. Inspection Information**

1.0. Have you, or has anyone on your behalf, conducted an inspection into whether Chinese-manufactured drywall is present in your home?   ● Yes *   No ○

   1.1. If "Yes" to Question 1.0 Section IV. Who conducted the inspection?   Peter Fallon, Atlantic Homes, LLC
      1.2. When did the inspection take place?   12 /14 /09   Arthur Greason 12/22/09

2.0. Has a determination been made that Chinese-manufactured drywall is present in your home?   ● Yes   No ○
   2.1. If "Yes" to Question 2.0. Section IV. Who made this determination?   Peter Fallon, Atlantic Homes, LLC
      2.2. When was this determination made?   12 /14 /09   Engineering Systems, Inc. 12/22/09

**Section V. Drywall Information**

| Drywall Manufacturer | Markings on Drywall | Location in Home |
|---|---|---|
| Taishan Gypsum | MFG Taihe China | Throughout |
|  | Venture Supply |  |
|  |  |  |
|  |  |  |

**Section VI. Home Information**

| Approx. Sq. Ft. of House: | 2,363 | | Yes | No |
|---|---|---|---|---|
| Estimated Sq. Ft. of Drywall | Unknown | Occupied | ☒ | ☐ |
| Height of Interior Walls | Varies | Year-round | ☒ | ☐ |
| Number of Bedrooms: | 4 | Summer | ☐ | ☐ |
| Number of Bathrooms: | 2 | Winter | ☐ | ☐ |

**Plumbing System**

| | Blackening or Corrosion? | | |
|---|---|---|---|
| | Yes | No | N/A |
| PVC/ CPVC/ Plastic Piping | ☐ | ☒ | ☐ |
| Copper Piping | ☐ | ☒ | ☐ |
| Copper Fixtures | ☐ | ☒ | ☐ |
| Other Fixtures | ☒ | ☐ | ☐ |
| Were repairs made to the plumbing system? | No | | |
| Dates: | N/A | | |

**Electrical System**

| | Blackening or Corrosion? | | |
|---|---|---|---|
| | Yes | No | N/A |
| Receptacles | ☒ | ☐ | ☐ |
| Switches | ☒ | ☐ | ☐ |
| Main Panel | ☐ | ☐ | ☒ |
| 2nd Panel | ☐ | ☐ | ☒ |
| Exposed Copper Wires | ☒ | ☐ | ☐ |
| Were repairs made to the electrical system? | ☒ | ☐ | |

** Dates: See below

+ Attach Copy of Floor Plan on 8 1/2" X 11" paper - See Attached

**Section VII. Construction/Renovation Information**

Date Range for New Home Construction: (Month/Day/Year)

| Start Date: | - /- /07 | Completion Date | 03 /- /08 |
|---|---|---|---|
| Move In Date: | 03 /15 /08 | Date Acquired Home | 03 /03 /08 |

Date Range for Renovations: (Month/Day/Year)

| Start Date: | - /- / - | Completion Date | - / - / - |
|---|---|---|---|
| Move In Date: | - /- / - | | |

| Renovation(s) | Yes | No | N/A |
|---|---|---|---|
| First Floor: 1/2 Wall of drywall replaced | ☐ | ☐ | ☒ |
| First Floor: Full Wall of drywall replaced | ☐ | ☐ | ☒ |
| Second Floor: Any drywall replaced | ☐ | ☐ | ☒ |

**Section VIII. Homebuilder/ General Contractor/ Developer Information**

Homebuilder/ General Contractor/ Developer's Name:

Atlantic Homes, LLC

Address: 109 Nat Turner Boulevard
Newport, News VA 23606

Phone: (757) 596 - 8800

+ Attach Copy of Construction/Renovation Contract - N/A
+ Attach Copy of New Home Warranty Declaration - See Attached

**Section IX. Drywall Installer**

Drywall Installer's Name:

Porter-Blaine Corp.

Address: 1140 Azalea Garden Road
Norfolk, VA 23502

Phone: (757) 857 - 0282

**Section X. Drywall Supplier**

Drywall Supplier's Name:

Venture Supply, Inc.

Address: 1140 Azalea Garden Road
Norfolk, VA 23502

Phone: (757) 855 - 5433

* Yes - screening inspection.  Testifying experts and reports will be disclosed in accordance with the Court's schedule.

** Repairs to Electrical Systems: Master bedroom/bathroom lighting 3/7/10
                            Kitchen lighting 3/5/10
                            Heating System 3/8/10

Section XI. Verification of Plaintiff Profile Form

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in this Plaintiff Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration to the extent that such documents are in my possession, custody or control.

| _Dwight D. Page_ | _8/4/10_ | _____ | _____ |
|---|---|---|---|
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |
| _Gayle M Page_ | _8/4/10_ | _____ | _____ |
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |
| _____ | _____ | _____ | _____ |
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |

Page 3

PageDP000003



# HOMEOWNER POLICY DECLARATIONS
## Non-Assessable

Page 1 of 3



These Declarations are a part of the policy named above and identified by policy number below. They supersede any Declarations issued earlier. Your Homeowner Policy will provide the insurance described in this policy in return for the premium and compliance with all applicable policy provisions. See policy for details regarding the **other coverages** and **additional coverage options.**

**Policy Number:**
53 45 HO 602887

**Issued:**
JUN 04, 2008

**Policyholder:**
(Named Insured)
DWIGHT & PSYCHE PAGE
102 OVERLOOK PT
YORKTOWN VA 23693-2662

**Policy Period From:**

FEB 28, 2008 to FEB 28, 2009 but only if the required premium for this period has been paid, and only for annual renewal periods if premiums are paid as required. Each period begins and ends at 12:01 A.M. standard time at the Residence Premises.

**Change Effective Date:**
MAY 05, 2008

**The Following Change(s) Have Been Made To Your Policy:**

This revised Declarations reflects recent changes made to your Insurance Policy.

**Residence Premises Information:**

| | | |
|---|---|---|
| DWIGHT & PSYCHE PAGE<br>102 OVERLOOK PT<br>YORKTOWN<br>VA 23693-2662 | ONE FAMILY<br>FRAME DWELLING<br>YEAR OF CONSTRUCTION 2007 | PROTECTION CLASS 4<br>RATED PROTECTION CLASS 4<br>INSIDE MULTI CLASS AREA<br>WITHIN 1000 FT FROM HYDRANT<br>WITHIN 5 MILES FROM FIRE DEPT<br>FIRE DISTRICT 0001<br>PROTECTION TERRITORY 523 |

## SECTION I

| Property Coverages | Limits Of Liability | Deductible: $250 ALL PERILS |
|---|---|---|
| COVERAGE–A–DWELLING | $ 333,000 | In case of a loss under Section I, we cover only that part of each loss over the deductible stated. |
| COVERAGE–B–OTHER STRUCTURES | $ 33,300 | |
| COVERAGE–C–PERSONAL PROPERTY | $ 233,100 | **EXCEPTIONS** |
| COVERAGE–D–LOSS OF USE | $ 333,000 | 1% OF COVERAGE A<br>HURRICANE DEDUCTIBLE<br>(SUBJECT TO $1,000 MINIMUM) |

## SECTION II

| Liability Coverages | Limits Of Liability |
|---|---|
| COVERAGE–E–PERSONAL LIABILITY<br>FOR EACH OCCURRENCE:<br>PROPERTY DAMAGE AND<br>BODILY INJURY | $ 300,000 |
| COVERAGE–F–MEDICAL PAYMENTS<br>TO OTHERS EACH PERSON | $ 1,000 |

H5300

Case 2:09-md-02047-EEF-MBN Document 8367-9 Filed 03/24/11 Page 6 of 20

# HOMEOWNER POLICY DECLARATIONS

## OTHER COVERAGES/OPTIONS APPLICABLE

See Policy or Endorsements for details regarding the Other Coverages and Options that apply to your policy.

| Other Coverages | Limits of Liability |
|---|---|
| INFLATION PROTECTION | APPLIES |
| BOECKH INDEX 0600.9 | |
| FIRE DEPARTMENT SERVICE CHARGE | $ 500 |
| CREDIT CARD - FORGERY | $ 1,000 |
| IDENTITY THEFT | APPLIES |

| Options Applicable | |
|---|---|
| OPTION-J-EXTENDED REPLACEMENT COST | APPLIES |
| PERSONAL PROPERTY | |
| OPTION-K-REPLACEMENT COST PLUS | APPLIES |
| DWELLING | |
| OPTION-L-PROTECTIVE DEVICE CREDIT | APPLIES |
| ALERTING FIRE/BURGLARY ALARM SYSTEM | |
| OPTION-O-ORDINANCE OR LAW 25% OF COVERAGE A | APPLIES |

## PREMIUM SUMMARY

| Premium Based On | Premium Amount |
|---|---|
| POLICY PREMIUM | $ 1,288.00 |
| Annual Premium | $ 1,288.00 |

**Annual Premium Includes Discounts For:**

5 + YEARS CLAIM FREE
CLAIM FREE
HOME/CAR
HOME PROTECTIVE DEVICE
NEW HOME

## FORMS and ENDORSEMENTS MADE PART OF POLICY

| | |
|---|---|
| HO 45-C | Homeowners Policy |
| Fire 4677 | Hurricane Coverage and Deductible Provision Endorsement |
| H-6133 | Identity Theft or Identity Fraud Expenses Coverage |

## ADDITIONAL INTERESTS

**FIRST MORTGAGEE**

WACHOVIA MRTG FSB NO
526 ISAOA
ISAOA ATIMA
PO BOX 57664
JACKSONVILLE FL 32241-7664
LOAN #4395541

PageDP000005

12/30/2009   03:49     81363112198136311220        THE PAGES                        PAGE   01



# HOMEOWNER POLICY
## DECLARATIONS
Non-Assessable

Page 1 of 3

These Declarations are a part of the policy named above and identified by policy number below. They supersede any Declarations issued earlier. Your Homeowner Policy will provide the insurance described in this policy in return for the premium and compliance with all applicable policy provisions. See policy for details regarding the **other coverages** and **additional coverage options.**

**Policy Number:**
53 45 HO 602887

**Issued:**
FEB 02, 2009

**Policyholder:**
**(Named Insured)**
DWIGHT & PSYCHE PAGE
102 OVERLOOK PT
YORKTOWN VA 23693-2662

**Policy Period From:**

FEB 28, 2009  to  FEB 28, 2010  but only if the required premium for this period has been paid, and only for annual renewal periods if premiums are paid as required. Each period begins and ends at 12:01 A.M. standard time at the Residence Premises.

**The Following Change(s) Have Been Made To Your Policy:**

The limit of liability for Section I Coverage A Dwelling is revised.

**Residence Premises Information:**

DWIGHT & PSYCHE PAGE    ONE FAMILY
102 OVERLOOK PT         FRAME DWELLING
YORKTOWN                YEAR OF CONSTRUCTION 2007
VA   23693-2662

PROTECTION CLASS 4
RATED PROTECTION CLASS 4
INSIDE MULTI CLASS AREA
WITHIN 1000 FT FROM HYDRANT
WITHIN 5 MILES FROM FIRE DEPT
FIRE DISTRICT 0001
PROTECTION TERRITORY 523

## SECTION I

| Property Coverages | Limits Of Liability | Deductible: $250 ALL PERILS |
|---|---|---|
| COVERAGE-A-DWELLING | $ 355,000 | In case of a loss under Section I, we cover only that part of each loss over the deductible stated. |
| COVERAGE-B-OTHER STRUCTURES | $ 35,500 | |
| COVERAGE-C-PERSONAL PROPERTY | $ 248,500 | **EXCEPTIONS** |
| COVERAGE-D-LOSS OF USE | $ 355,000 | 1% OF COVERAGE A HURRICANE DEDUCTIBLE (SUBJECT TO $1,000 MINIMUM) |

## SECTION II

| Liability Coverages | Limits Of Liability |
|---|---|
| COVERAGE-E-PERSONAL LIABILITY FOR EACH OCCURRENCE: PROPERTY DAMAGE AND BODILY INJURY | $ 300,000 |
| COVERAGE-F-MEDICAL PAYMENTS TO OTHERS EACH PERSON | $ 1,000 |

H5300

PageDP000006

12/30/2009  03:49    8136311219813631122Ø    THE PAGES                    PAGE  02

# HOMEOWNER POLICY DECLARATIONS

Page 2 of 3

## OTHER COVERAGES/OPTIONS APPLICABLE

See Policy or Endorsements for details regarding the Other Coverages and Options that apply to your policy.

| Other Coverages | Limits of Liability |
|---|---|
| INFLATION PROTECTION | APPLIES |
|   BOECKH INDEX 0640.7 | |
| FIRE DEPARTMENT SERVICE CHARGE | $     500 |
| CREDIT CARD - FORGERY | $   1,000 |
| IDENTITY THEFT | APPLIES |

| Options Applicable | |
|---|---|
| OPTION-J-EXTENDED REPLACEMENT COST | APPLIES |
|   PERSONAL PROPERTY | |
| OPTION-K-REPLACEMENT COST PLUS | APPLIES |
|   DWELLING | |
| OPTION-L-PROTECTIVE DEVICE CREDIT | APPLIES |
|   ALERTING FIRE/BURGLARY ALARM SYSTEM | |
| OPTION-O-ORDINANCE OR LAW 25% OF COVERAGE A | APPLIES |

## PREMIUM SUMMARY

| Premium Based On | Premium Amount |
|---|---|
| POLICY PREMIUM | $   1,550.00 |
| Annual Renewal Premium | $   1,550.00 |

Annual Renewal Premium Includes Discounts For:

5 + YEARS CLAIM FREE
CLAIM FREE
HOME/CAR
HOME PROTECTIVE DEVICE
NEW HOME

## FORMS and ENDORSEMENTS MADE PART OF POLICY

HO 45-C           Homeowners Policy
Fire 4677         Hurricane Coverage and Deductible Provision
                 Endorsement
H-6133          Identity Theft or Identity Fraud Expenses Coverage

## ADDITIONAL INTERESTS

FIRST MORTGAGEE

WACHOVIA MRTG FSB NO
526
ISAOA ATIMA
PO BOX 57664
JACKSONVILLE FL 32241-7664
LOAN #4395541

12/30/2009  03:49    8136311219813631122    THE PAGES                          PAGE  03





# HOMEOWNER POLICY
## DECLARATIONS
Non-Assessable
Page 3 of 3

**Policy Number:**
53 45 HO 602887

**Issued:**
FEB 02, 2009

**Policyholder:**
**(Named Insured)**
DWIGHT PAGE

**Policy Period From:**
FEB 28, 2009 TO   FEB 28, 2010

**Issued By:** NATIONWIDE PROPERTY & CASUALTY INSURANCE CO.
**Countersigned At:** LYNCHBURG, VA
Prior Declaration Issued: JUN 04, 2008

**Home Office — Columbus, Ohio**
**By:** THOMAS E WILSON INC

### IMPORTANT PHONE NUMBERS

Nationwide 24-Hour Claims Number: 1-800-421-3535

For QUESTIONS About Your Policy, Call Your NATIONWIDE AGENT: **THOMAS E WILSON INC
757-722-6351**

For Hearing Impaired: TTY 1-800-622-2421

Nationwide Regional Office: 1-877-669-6877

PageDP000008



# HOMEOWNER POLICY
## DECLARATIONS
Non-Assessable

Page 1 of 3

These Declarations are a part of the policy named above and identified by policy number below. They supersede any Declarations issued earlier. Your Homeowner Policy will provide the insurance described in this policy in return for the premium and compliance with all applicable policy provisions. See policy for details regarding the **other coverages** and **additional coverage options.**

**Policy Number:**
53 45 HO 602887

**Issued:**
FEB 04, 2010

**Policyholder:**
**(Named Insured)**
DWIGHT & PSYCHE PAGE
102 OVERLOOK PT
YORKTOWN VA 23693-2662

**Policy Period From:**

FEB 28, 2010 to FEB 28, 2011 but only if the required premium for this period has been paid, and only for annual renewal periods if premiums are paid as required. Each period begins and ends at 12:01 A.M. standard time at the Residence Premises.

**The Following Change(s) Have Been Made To Your Policy:**

*as a result met up $562*

Home/Car discount for your policy has been removed.

You may notice a change in premium since your last billing. Residence Premises Information has been changed.

The limit of liability for Section I Coverage A Dwelling is revised.

**Residence Premises Information:**

DWIGHT & PSYCHE PAGE
102 OVERLOOK PT
YORKTOWN
VA 23693-2662

ONE FAMILY
FRAME DWELLING
YEAR OF CONSTRUCTION 2007

PROTECTION CLASS 4
RATED PROTECTION CLASS 4
INSIDE SINGLE CLASS AREA
WITHIN 1000 FT FROM HYDRANT
WITHIN 5 MILES FROM FIRE DEPT
PROTECTION TERRITORY 523

## SECTION I

| Property Coverages | Limits Of Liability | Deductible: $250 ALL PERILS |
|---|---|---|
| COVERAGE–A–DWELLING | $ 360,000 | In case of a loss under Section I, we cover only that part of each loss over the deductible stated. |
| COVERAGE–B–OTHER STRUCTURES | $ 36,000 | |
| COVERAGE–C–PERSONAL PROPERTY | $ 252,000 | **EXCEPTIONS** |
| COVERAGE–D–LOSS OF USE | $ 360,000 | 1% OF COVERAGE A HURRICANE DEDUCTIBLE (SUBJECT TO $1,000 MINIMUM) |

*was $350*

## SECTION II

| Liability Coverages | Limits Of Liability | |
|---|---|---|
| COVERAGE–E–PERSONAL LIABILITY FOR EACH OCCURRENCE: PROPERTY DAMAGE AND BODILY INJURY | $ 300,000 | |
| COVERAGE–F–MEDICAL PAYMENTS TO OTHERS EACH PERSON | $ 1,000 | |

H5300

## OTHER COVERAGES/OPTIONS APPLICABLE

See Policy or Endorsements for details regarding the Other Coverages and Options that apply to your policy.

| Other Coverages | Limits of Liability |
|---|---|
| INFLATION PROTECTION | APPLIES |
| BOECKH INDEX 0649.7 | |
| FIRE DEPARTMENT SERVICE CHARGE | $ 500 |
| CREDIT CARD - FORGERY | $ 1,000 |
| IDENTITY THEFT | APPLIES |
| | APPLIES |

| Options Applicable | |
|---|---|
| OPTION-J-EXTENDED REPLACEMENT COST | APPLIES |
| PERSONAL PROPERTY | |
| OPTION-K-REPLACEMENT COST PLUS | APPLIES |
| DWELLING | |
| OPTION-L-PROTECTIVE DEVICE CREDIT | APPLIES |
| ALERTING FIRE/BURGLARY ALARM SYSTEM | |
| OPTION-O-ORDINANCE OR LAW 25% OF COVERAGE A | APPLIES |

## PREMIUM SUMMARY

| Premium Based On | Premium Amount |
|---|---|
| POLICY PREMIUM | $ 2,112.00 |
| Annual Renewal Premium | $ 2,112.00 |

**Annual Renewal Premium Includes Discounts For:**

5 + YEARS CLAIM FREE
CLAIM FREE
HOME PROTECTIVE DEVICE
NEW HOME

## FORMS and ENDORSEMENTS MADE PART OF POLICY

| | |
|---|---|
| HO 45-D | Homeowners Policy |
| Fire 4677 | Hurricane Coverage and Deductible Provision Endorsement |
| H-6133 | Identity Theft or Identity Fraud Expenses Coverage |

## ADDITIONAL INTERESTS

FIRST MORTGAGEE

WELLS FARGO BANK NA
#708
ISAOA ATIMA
PO BOX 23030
JACKSONVILLE FL 32241-3030
LOAN #4395541



# HOMEOWNER POLICY
## DECLARATIONS

Non-Assessable
Page 3 of 3

**Policy Number:**
53 45 HO 602887

**Issued:**
FEB 04, 2010

**Policyholder:**
(Named Insured)
DWIGHT PAGE

**Policy Period From:**
FEB 28, 2010 TO   FEB 28, 2011



---

**Issued By:** NATIONWIDE PROPERTY & CASUALTY INSURANCE CO.
**Countersigned At:** LYNCHBURG, VA
**Prior Declaration Issued:** FEB 02, 2009

**Home Office — Columbus, Ohio**
**By:** THOMAS E WILSON INC

## IMPORTANT PHONE NUMBERS

Nationwide 24-Hour Claims Number: **1-800-421-3535**

For QUESTIONS About Your Policy, Call Your NATIONWIDE AGENT: **THOMAS E WILSON INC**
**757-722-6351**

For Hearing Impaired: TTY **1-800-622-2421**

Nationwide Regional Office: **1-877-669-6877**

# ∽ The Mariner ∽

## ELEVATION "A"

One story with second floor bonus room. 3 bedrooms and 2 baths home with master suite with walk-in closet and luxury bath, dining room, family room, and kitchen with breakfast nook. Total living area including bonus room offers approximately 2223 sq. ft. of living space, optional sunroom is 192 sq. ft. 2-car garage.









## Atlantic Homes, LLC
SAN JOSE DRIVE, SUITE 4C, NEWPORT NEWS, VIRGINIA 23606
PHONE (757) 596-8600 / FAX (757) 596-6516

NOTICE: The above renderings and floorplans are for illustration purposes only and are subject to change at the sole discretion of the Builder. The residence's square footage totals indicated above are approximate, may vary due to construction and are based on perimeter measurements.







**Warranty of Completion of Construction**

J, B, W&K    Fax: 757-873-8103    Feb 26 2008 04:39pm P005/007

**U.S. Department of Housing and Urban Development**
Office of Housing
Federal Housing Commissioner

OMB Approval No. 2502-0059
(Expires 9/30/2007)

This information is required to obtain a HUD-insured single family mortgage. Public reporting burden for this collection of information is estimated to average 3 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. This agency may not conduct or sponsor, and you are not required to respond to, a collection of information unless that collection displays a valid OMB control number. HUD collects this information to determine the insurability of a mortgage on the captioned property and may use it to make a final determination as to whether a defect exists and whether the builder must remedy the defect. Privacy Act Notice: The United States Department of Housing and Urban Development, Federal Housing Administration, is authorized to solicit the information requested in the form by virtue of Title 12, United States Code, Section 1701 et seq., and regulations promulgated thereunder at Title 12, Code of Federal Regulations. While no assurance of confidentiality is pledged to respondents, HUD generally discloses this data only in response to a Freedom of Information Act request.

| Lender's Name, Address and Phone Number (Include Area Code) | Name(s) of Purchaser/Owner |
|---|---|
| | Dwight & Pysche Page |
| **FHA/VA Case Number** | Property Address |
| | 102 Overlook Point |
| | Yorktown, VA. 23693 |

For good and valuable consideration, and in accordance with Section 801 of the Housing Act of 1954, and Public Law 85-857 (38 U.S.C. 3705), the undersigned Warrantor hereby warrants to the Purchaser(s) or Owner(s) identified in the caption hereof, and to his/her successors or transferees, that:

The dwelling located on the property identified in the caption hereof is constructed in substantial conformity with the plans and specifications (including any amendments thereof, or changes and variations therein) which have been approved in writing by the Federal Housing Commissioner or the Secretary of Veterans Affairs on which the Federal Housing Commissioner or the Secretary of Veterans Affairs based the valuation of the dwelling: **Provided, however,** That this warranty shall apply only to such instances of substantial nonconformity as to which the Purchaser(s)/ Owner(s) or his/her (their) successors or transferees shall have given written notice to the Warrantor at any time or times within one year from the date of original conveyance of title to such Purchaser(s)/Owner(s) or the date of initial occupancy, whichever first occurs: **Provided further,** however, That in the event (1) the Purchaser(s)/Owner(s) acquired title to the captioned property prior to the completion of construction of the dwelling thereon, such notice of nonconformity to the Warrantor may be given any time or times within one year from the date of completion or initial occupancy of such dwelling, whichever first occurs, or (2) where it has been necessary to postpone improvements such notice of nonconformity to the Warrantor as to such incomplete items may be given at any time or times within one year from the date of full completion of each of such items.

The term "dwelling" as used herein shall be deemed to include all improvements or appurtenances set forth in the plans and specifications upon which the Federal Housing Commissioner or the Secretary of Veterans Affairs has based the valuation of the property, excepting those constructed by a municipality or other government authority.

The undersigned Warrantor further warrants to the Purchaser(s)/ Owner(s) or his/her (their) successors or transferees, the property against defects in equipment, material, or workmanship and materials supplied or performed by the Warrantor or any subcontractor or supplier at any tier resulting in noncompliance with standards of quality as measured by acceptable trade practices. This warranty shall continue for a period of one year from the date of original conveyance of title to such Purchaser(s) or from the date of full completion of each of any items completed after conveyance of title. The Warrantor shall remedy, at the Warrantor's expense, any defect(s) of equipment, material, or workmanship furnished by the Warrantor. Warrantor shall restore any work damaged in fulfilling the terms and conditions of this warranty.

| If a manufactured (mobile) home was erected on this property, the Warrantor further warrants that (1) the property (other than the manufactured unit itself) complies with the submitted construction exhibits; (2) the manufactured home sustained no hidden damage during transportation and erection; and (3) if the home was manufactured in separate sections, the sections were properly joined and sealed. | Manufacturer's Name, Address & Phone Number (Include Area Code) |
|---|---|

This warranty shall be in addition to, and not in derogation of, all other rights and privileges which such Purchaser(s)/ Owner(s) or his/her (their) successors or transferees may have under any other law or instrument, and shall survive the conveyance of title, delivery of possession of the property, or other final settlement made by the Purchaser(s)/ Owner(s), and shall be binding on the Warrantor notwithstanding any provision to the contrary contained in the contract of purchase or other writing executed by the Purchaser(s)/ Owner(s) or his/her (their) successors or transferees heretofore or contemporaneously with the execution of this agreement or prior to final settlement.

This warranty is executed for the purpose of inducing the Federal Housing Commissioner or the Secretary of Veterans Affairs to make, to guarantee or to insure a mortgage on the captioned property, and the person signing for the Warrantor represents and certifies that he/she is authorized to execute the same by the warrantor and by his/her signature is duly bound under the terms and conditions of said warranty. The FHA Commissioner or the Secretary of Veterans Affairs reserves the right to make a final determination as to whether a defect exists and whether the builder must remedy the defect.

| Warrantor | | Purchaser(s) Acknowledgement | |
|---|---|---|---|
| Warrantor's Title | | Signature of Purchaser | Date (mm/dd/yyyy) |
| Kenneth L. Allen, Manager | | | |
| Signature | Date (mm/dd/yyyy) | Signature of Purchaser | Date (mm/dd/yyyy) |
| | 02/25/08 | | |
| Builder's Name and Address Atlantic Homes, LLC | | Builder's Phone Number (Include Area Code) | |
| 109 Nat Turner Blvd.  N.N. 23606 | | (757) 596-8800 | |

Purchaser Note: Any notice of nonconformity must be delivered to the warrantor within the period or periods set forth above.
Warning: HUD will prosecute false claims and statements. Conviction may result in criminal and/or civil penalties. (18 U.S.C. 1001, 1010, 1012; 31 U.S.C. 3729, 3802)
Provide completed copies of this warranty to both the homebuyer and the builder, at closing. Include a copy of this warranty in the case binder when sent to HUD.

Previous editions are obsolete. Combines previous HUD-92544-A.    VA form 26-1859    form **HUD-92544** (9/2005)
ref. Handbook 4145.1

## PURCHASE AGREEMENT

THIS AGREEMENT OF PURCHASE ("Agreement") made this _9_ day of _Nov_, _2006_ by and between ATLANTIC HOMES LLC and _Overlook Point LLC_ ("Seller"), and _Dwight D. & Psyche M. Page_ ("Purchaser"). and _Mid Atlantic Residential_ ("Listing Broker") and _CSH Real Estate_ ("Selling Broker"), provides:

1) Seller is to construct and convey to Purchaser a home known as the _Mariner_ with Elevation _A_ and a _2_ car garage in accordance with the plans and specifications, the Purchaser's Option Selection Form, and Purchaser's Color Selection Form. on LOT _33_, BLOCK _____, SECTION _____. in SUBDIVISION _Overlook Point_ in the County or City of _York_ _____, Virginia and more commonly know as _102 Overlook_.

2) The Option Selection Form and Color Selection Form detail the optional features selected by the Purchaser and take precedence over the plans and specifications in case of conflict. Along with the plans and specifications, they will be held on file at the Seller's office and/or the VA, FHA, and appropriate municipality as they may be modified from time to time, Purchaser agrees to complete Color Selection Form within fifteen (15) business days of the ratification of this Agreement.

3) The Purchase Price is _Three hundred ninety-nine Thousand_ ($_399,000_)

This shall be paid as follows:

$ _5,000.00_ Deposit Herewith To Be Applied To _Closing Cost_
$ _N/A_ Additional Deposit due at Start of Construction.
$ _____ Additional Cash due at Closing
$ _____ Loan Amount
$ _399,000_ Total Purchase Price

4) Purchaser has made a deposit of $ _5,000.00_ earnest money ("Deposit") by _Check_ ("Escrow (Method) to be held in escrow by _MAR_ Agent") until settlement as hereinafter defined and then applied as stipulated in paragraph 3. It is understood and agreed by Purchaser that the Deposit with this Agreement will be deposited by Escrow Agent in a federally insured interest bearing account(s) and all interest which accrues with respect to the Deposit shall become the sole and exclusive property of Escrow Agent. Purchaser waives any and all right or entitlement to such interest. In the event this transaction is not consummated, Escrow Agent shall hold the Deposit in escrow until (I) all parties to the transaction have agreed in writing as to its disposition, or (II) a court of competent jurisdiction orders disbursement of the Deposit, or (III) Escrow Agent can pay the Deposit to the party who is entitled to receive it in accordance with the clear and explicit terms of this Agreement. In the latter event, prior to disbursement, Escrow Agent shall give written notice to each party not to be paid, by either (I) hand delivery receipted for by the addressee, or (II) by regular and certified mail (return receipt requested), that this payment will be made unless a written protest from that party is received by Escrow Agent within thirty (30) days of the delivery or mailing, as appropriate, of that notice.

5) This Agreement is contingent upon Purchaser obtaining a loan commitment from _Wachovia_ _Bank_ ("Lender") or other Lender as the parties mutually agree, to be obtained no later than _31 Dec 2007_. The Purchaser agrees to make loan application within five (5) business days of ratification of this Agreement and to diligently pursue obtaining a commitment. Cash sales will require Purchaser to provide Seller verification of funds within twenty (20) working days. Failure of the Purchaser to timely make and application or provide verification of funds will constitute a default.

6) Purchaser and Seller agree to pay closing costs as follows (check one):

(a) ____ Purchaser and Seller agree to pay their own respective closing costs and pre-paid items.

(b) _X_ Seller to pay up to $ _5000.00_ of Purchaser's closing costs including no _✓_ or one _✓_ discount point. The discount fee cannot be used to buy down the loan, unless otherwise noted herein.

(c) ____ Seller to pay all of Purchaser's closing costs over $_____ including ( ) discount point(s).

Purchaser to pay any document preparation, document review, underwriting, tax service fees, VA funding fee, owner's title, insurance coverage, and pre-paid items.

7) Seller participation, if any, in Purchasers closing cost is subject to use of ( ) Closing Attorney and / or ( ) Lender designated by Seller. It may be necessary for Seller to discuss Purchaser's credit report and any other loan package information required to obtain a loan with Purchaser's Lender. Purchaser acknowledges this and authorizes Seller and/or Seller's Broker access to the above information.

8) Other Provisions: _Put A/C unit on platform_
_Clear lot 20 feet past silt fence_
_Sprinkler system & sod installed in cleared area_
_past silt fence_

Please Initial _____/_____

Page 1 of 4

VA. CONTRACTORS LICENSE #2705 050926A

109 Nat Turner Blvd. Newport News, Virginia 23606
Telephone (757) 596-8800 Fax (757) 596-8516

10/06

PageDP000015

Atlantic Homes LLC

9)	The estimated completion date of construction of the Property is approximately the _/5_ day of
_MARCH_ ____. _20/0_. This is approximately when the Property will have passed the final inspection
of the appropriate building officials. Purchaser acknowledges that this date is an estimate only and Seller will not be
liable for any delay in completion of work caused by factors outside its control which include but are not limited to
weather conditions, material or manpower shortages, and delay in selections by Purchaser. Seller is authorized to
provide a revised completion date if such factors are encountered, however, Purchaser may declare this contract null
and void if home should not be completed within one year from contract date.

10)	CHOICE OF SETTLEMENT AGENT:   You have the right to select a Settlement Agent to handle the closing of
this transaction.   The Settlement Agent's role in closing your transaction involves the coordination of numerous
administrative and clerical functions relating to the collection of documents and the collection and disbursement of funds
required to carry out the terms of the contract between the parties. If part of the purchase price is financed, your Lender
will instruct the Settlement Agent as to the signing and recording of loan documents and the disbursement of loan
proceeds.  No Settlement Agent can provide legal advice to any party to the transaction except a Settlement Agent who is
engaged in the private practice of law in Virginia and who has been retained or engaged by a party to the transaction for
the purpose of providing legal services to that party.
	ESCROW, CLOSING AND SETTLEMENT SERVICE GUIDELINES: The Virginia State Bar issues guidelines
to help Settlement Agents avoid and prevent the unauthorized practice of law in connection with furnishing escrow,
settlement or closing services.  As a party to a real estate transaction, you are entitled to receive a copy of these
guidelines from your Settlement Agent, upon request, in accordance with the provision of the Consumer Real Estate
Settlement Protection Act.

If Seller is to participate in Purchaser's closing costs, Seller will pay the Settlement Agent of its choice to prepare
and effect the requirements of Purchaser's Lender at Settlement.  Any additional legal representation provided at the
request of Purchaser will be paid for by Purchaser.  Settlement will be at the office of _EASTERN_
_TITLE_ ("Settlement Agent") approximately five working days after completion of
construction of the Property. Failure of Purchaser to close within fifteen (15) working days of notice of completion of
construction of the Property will constitute a default. Possession of the Property will be delivered at Settlement,
unless otherwise agreed to in writing.

11)	All taxes, insurance, upkeep, water, rent, and other charges on the Property shall be prorated as of the date
of the Settlement.  Purchaser understands that taxes may be based upon estimated assessment at the time of
Settlement and may be subject to change.  Purchaser agrees to execute, at Settlement, all documents required by
VA, FHA, and/or the Lender.  Seller and Purchaser authorize their respective attorneys and the Settlement Agent to
furnish to Listing Broker and Selling Broker copies of the final HUD 1 Settlement Statements for the transaction.

12)	Seller agrees to convey the Property to Purchaser by General Warranty Deed, with English Covenants of
Title and free and clear of all encumbrances except as may be based upon estimated assessment at the time of
Settlement and may be otherwise provided above, but subject to all easements and restrictive covenants of record
not adversely affecting the use of the Property.  Seller is to pay the expenses of preparing the deed and the
recordation tax applicable to grantor.

13)	Seller agrees to pay Listing Broker a fee of a) _6_% of the Purchase Price at Settlement or b) ____ as per
agreement with Seller. In the event of a cooperative sale, Selling Broker will receive a commission of _3_% of
the Purchase Price paid at Settlement, which amount shall be paid from the fee payable to Listing Broker as stated
above. In the event of a breach of this Agreement by Purchaser, in addition to all remedies available to the parties at
law or in equity, Purchaser shall be liable for all brokerage fees and expenses incurred by Seller, including attorney's
fees, when applicable.

14)	Agency Disclosure.  (Check as Applicable)  The parties confirm, with respect to their own representation,
that disclosure of the agency relationships described below was made in writing at the time specific real estate
assistance was first provided by the broker(s) named below, or their respective salespersons.

	A)____The Parties confirm that the Listing Broker and cooperating Broker (sub-agent), if any, and their
salespersons have acted on behalf of Seller.

	B) _X_ The Parties confirm that the Listing Broker and its salespersons have acted on behalf of Seller and
the Purchaser's Broker and its salespersons, by agreement, have acted on behalf of Purchaser.

	C) ____The Parties confirm that the Broker and its salespersons are acting on behalf of Purchaser.

	D) ____The Parties confirm that the Broker and its salespersons are acting on behalf of both the Seller
and the Purchaser as disclosed dual representatives.

	E) ____The Principal or supervising broker has designated _____ to represent
the Seller in the transaction and _____ to represent the Purchaser in the transaction. The
principal or supervising broker is acting on behalf of both the Seller and the Purchaser as a disclosed dual
representative.
	F) ____The Parties also confirm that the written disclosure of and informed consent to the brokerage
relationships described in paragraph 14 (D) or (E) above was made prior to the time the offer was made by
Purchaser and delivered to Seller.

15)	Property Owner's Association Disclosure: (Check as applicable)
	Seller represents that the Property is _X_ is not ____ located within a development which is subject to
the Virginia Property Owner's Association Act (Section 55-516 of the Code of Virginia)("Act"), with a mandatory fee of
$_300.00_ per _/R_____, with an additional Capital Contribution fee of $_/50.00_due at closing  If the Property
is within such a development, the Act requires Seller to obtain from the property owner's association an association
disclosure packet and provide it to Purchaser.  Purchaser may cancel this Agreement within three (3) days after
receiving the disclosure packet or being notified that it will not be available.  The right to receive the association
disclosure packet and the right to cancel this Agreement are waived conclusively if not exercised before Settlement.

Page 2 of 4	Please Initial ____/____

PageDP000016

16)     Purchaser and Seller agree that paragraph __*C*__ (indicate A, B, or C) below applies.
        A)      VA LOAN: It is expressly agreed that, notwithstanding any of the provisions of this Agreement, Purchaser shall not incur any penalty by forfeiture of the Deposit or otherwise be obligated to complete the purchase of the Property described by this Agreement if the agreed Purchase Price exceeds the reasonable value of the Property established by the Veterans Administration. The Purchaser shall, however, have the privilege and option of proceeding with the consummation of this Agreement without regard to the amount of the reasonable value established by the Veterans Administration. **The Veteran Purchaser certifies that he intends to occupy the Property as his primary residence.**
        B)      FHA LOAN: It is expressly agreed that notwithstanding any other provisions of this Agreement, the Purchaser shall not be obligated to complete the purchase of the Property or to incur any penalty by forfeiture of the Deposit or otherwise unless the Purchaser has been given in accordance with HUD/FHA or VA requirements a written statement issued by the Federal Housing Commissioner, Veterans Administration, or a Direct Endorsement Lender setting forth the appraised value of the Property (excluding closing costs) of not less than $ _____. The Purchaser shall, however, have the privilege and option of proceeding with the consummation of this Agreement without regard to the amount of the appraised valuation. The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure. HUD does not warrant the value or the condition of the Property. The Purchaser should satisfy himself/herself that the Purchase Price and condition of the Property are acceptable.

The undersigned certifies that the terms of this Agreement are true to the best of their knowledge and belief. Any other agreement entered into by any of the parties has been fully disclosed and attached to this Agreement.

        C)      **CONVENTIONAL LOAN**: It is expressly agreed that, notwithstanding any other provisions of this agreement, the Purchaser shall not incur any penalty by forfeiture of the deposit or otherwise be obligated to complete the purchase of the Property described herein, if the agreed Purchase Price exceeds the value established by the Lender approved appraiser and the Seller does not agree to reduce the Purchase Price to that appraised value. The Purchaser shall, however, have the privilege and option of proceeding with the consummation of this Agreement without regard to the amount of the appraised valuation made by the Lender approved appraiser. In the event the Purchase Price exceeds the value established by the Lender approved appraiser and Seller or Listing Broker notifies Purchaser or Selling Broker that Seller agrees to reduce the Purchase Price to the established value, then this Agreement will remain in force and Settlement shall occur as specified in this Agreement.

17)     Purchaser certifies that a personal inspection has been made of the home site and that a copy of the plat of the Property has been provided for review. In the event the selected home will not fit on the lot or should the lot require substantial excess preparation (at sole discretion of Seller), it is understood that this Agreement may be nullified and the Deposit returned to Purchaser.

18)     Seller will furnish Purchaser with a ten year "2-10 Home Buyer's Warranty" (herein called "2-10 Warranty") policy and assign warranties furnished by manufacturers to Purchaser. The limited warranty provided by the Seller to the Purchaser through the 2-10 Warranty requires that all disputes related to or arising out of the limited warranty be submitted to binding arbitration for resolution. The binding arbitration proceeding shall be governed by the arbitration rules and procedures applicable to the arbitration organization selected to resolve the dispute. The parties to this Agreement hereby agree that any and all claims or disputes arising between them related to or arising out of the limited warranty provided through the 2-10 Warranty shall be submitted to the required binding arbitration for resolution. Seller may, in its discretion, furnish a substitute home buyer's warranty policy in place of the 2-10 Warranty, provided that such substitute policy shall provide coverage substantially similar to the 2-10 Warranty. The provisions of this paragraph shall survive closing.

19)     Seller will furnish Purchaser a Soil Treatment Warranty at Settlement.

20)     If the Property is served by a well and/or septic system, Seller will furnish Purchaser with a certificate indicating that the well water is potable and that the septic system is functioning properly.

21)     No alterations or extra work will be done without a written Change Order or Addendum signed by Purchaser and Seller and accompanied by a non-refundable payment in full by Purchaser. No alterations which affect plans and specifications will be accepted after five (5) business days from execution of this Agreement. No Change Orders or Addendums will be accepted after fifteen (15) business days.

22)     Seller will determine siting of the dwelling on the lot (including reversing the floor plan) to assure that it blends with surrounding houses, has proper drainage and to protect trees or undergrowth outside of the area affected by construction. **SELLER'S PRACTICE IS TO MINIMIZE THE CLEARING OF TREES** and Seller will make all reasonable effort not to damage trees, but because of possible unseen damage, diseases, and effects of grade alterations, Seller does not guarantee the life of any tree. During freezing or wet weather, Seller may not be able to establish final finished grades, but will do so as soon as weather permits. Purchaser acknowledges that once Seller completes final grading and seeding, Purchaser is responsible for the growth and survival of the grass.

23)     Unless specified elsewhere, insulation will be installed in the home as follows:

| Area | Type | Thickness | R-Value |
|---|---|---|---|
| Slab Floors | Foam Board | 1" | R-4 |
| Crawl Space Floors | F.G. Batts | 6.25" | R-19 |
| Exterior Walls | F.G. Batts | 3.50" | R-13 |
| Cathedral Ceilings | F.G. Batts or | 8.25" or 10" | R-30 |
| All other Ceilings | F.G. Batts or | 13" | R-30 |
| OR | Loose Fill | 13" | R-30 |

Seller may substitute insulation types so long as required R-Values are obtained.

24)     Seller has the right to substitute materials of similar quality if unable to obtain exact materials indicated on plans, specifications, Option Form and Color Selection Form through Seller's usual sources. Dimensions may vary somewhat according to field conditions. Until Settlement, the dwelling and all materials and supplies on site remain the property of the Seller.

Page 3 of 4                                                                          Please Initial ____/____

PageDP000017

25)      Prior to Settlement, Seller will schedule an orientation walk-through of the Property with Purchaser to inform Purchaser of working components and warranties. A "Punch List" will be prepared noting discrepancies, to be signed and retained by Purchaser and Seller. This document will be a complete list of discrepancies to be corrected by Seller, except as otherwise required by any applicable warranty.

26)      It is understood that neither Purchaser nor Purchaser's Agent(s) are authorized to enter the property prior to Settlement. In the event that Purchaser does enter the Property prior to Settlement, Purchaser agrees and understands that Purchaser is doing so without permission of the Seller and at Purchaser's own risk. Purchaser Releases and agrees to indemnify and hold Seller harmless from and against any and all claims for damage(s) to Purchaser's person or property and to any person or property of any person who may accompany Purchaser.

27)      **Mechanic's Lien Notice:** Virginia Law (Section 43-1 et seq.) permits persons who have performed labor or furnished materials for construction, removal, repair or improvement of any building or structure to file a lien against the Property. This lien may be filed at any time after the work is commenced or the material is furnished but not later than the earlier of: a) 90 days from the last day of the month in which he performs labor or furnishes material, or b) 90 days from time of construction, removal, repair or improvement is completed, or the work thereon otherwise completed.
      AN EFFECTIVE LIEN FOR WORK PERFORMED PRIOR TO THE DATE OF SETTLEMENT MAY BE FILED AFTER SETTLEMENT. LEGAL COUNSEL SHOULD BE CONSULTED.

28)      **Title Insurance Notification:** The Purchaser may wish at Purchaser's expense to purchase owner's title insurance. Depending on the particular circumstances of the transaction, such insurance could include affirmative coverage against possible mechanics' and material men's lien for labor and materials performed prior to Settlement and which, though not recorded at the time of recordation of the Purchaser's deed, may still effect the title to the property.

29)      **Megan's Law Approved Disclosure/Disclaimer:** "You should exercise whatever due diligence you deem necessary with respect to information on any sexual offenders registered under Chapter 23 (§19.2-387 et seq.) of Title 19.2; whether the owner proceeds under subdivision 1 or 2 of subsection A of §55-519. Such information may be obtained by contacting your local police department or the Department of State Police, Central Criminal Records Exchange, at (804) 674-2000 or www.state.va.us/vsp.html."

30)      Seller is affiliated with a real estate broker who ( ) is  ( ) is not a party to this Agreement.

31)      Purchaser and Seller agree that a facsimile transmission of any original document will have the same effect as an original.

32)      In the event Purchaser defaults in the performance of any part of this Agreement, unless otherwise written herein, Seller may require specific performance by Purchaser of this Agreement or Seller, at his option, may terminate this Agreement. In the event of such termination, all rights of Purchaser shall hereby cease and terminate and Seller shall have the right to retain all monies previously paid by Purchaser and apply said monies to damages sustained by Seller. However, such amounts shall not be construed as liquidated damages for breach of the Agreement by Purchaser.

33)      The parties to this Agreement concur that it shall be binding upon them, and their respective personal representatives, successors and assigns; that its provisions shall be merged into the deed delivered at Settlement and shall not survive Settlement, that unless amended in writing by Seller and Purchaser, this Agreement contains the final agreement between the parties hereto, and that they shall not be bound by any terms, conditions, oral statements, warranties or representations not herein contained; and that it shall be construed under the laws of the Commonwealth of Virginia.

Witness the following signatures and seals. All parties hereby acknowledge receipt of a copy of this agreement.

SELLER:                                         PURCHASER:
ATLANTIC HOMES, LLC and_____

_____         By: _Dwight D. Page_____

By: _____         DATE: ___11/09/07_____

                                          BY: _____

DATE: _____         DATE: ___11/09/07_____

_Mid Atlantic Residential_                _____
Listing Broker                            Selling Broker

By: _____          By: __GSH Real Estate_____
     _Jane Worley_                                          2394

Page 4 of 4                               Please Initial ____/____

PageDP000018

Print Date:    3/12/2008      **BUILDER COPY**

# 2-10 Home Buyers Warranty
# Certificate of Warranty Coverage
## Warranty  VA120834

**2·10**
**Home Buyers Warranty®**

**Home Owner:**

DWIGHT PAGE, PYSCHE PAGE

102 OVERLOOK POINT
YORKTOWN, VA 23693

**Builder:**

Atlantic Homes, LLC

109 Nat Turner Blvd South
Newport News, VA 23606

Insured by:

National Home Insurance
Company (A Risk Retention
Group)

Your builder,    **Atlantic Homes, LLC**
HBW Builder #   **2800-9825**
has completed the enrollment process.  Your home has now been enrolled in the following warranty program with an effective date of warranty of 2/29/2008

**One Year Workmanship/Two Year Systems/Ten Year Structural.**

**Warranty Limit: $399,000.00**

The Address and legal description of the home which has been accepted for enrollment is:

**102 OVERLOOK POINT**                    **33**

**YORKTOWN, VA 23693**                  **OVERLOOK POINT**

The Home Buyers Warranty Limited Warranty Booklet enclosed is dated HBW-307 NH 5/15/2007

The Builder Application for Home Enrollment that you signed with your Builder prior to your home being enrolled in the HBW program, this Certificate of Warranty Coverage and the enclosed Home Buyers Warranty Limited Warranty Booklet make up your warranty contract.  No Party will be bound by any other representations or agreements made by any persons.

Notice: A reproduction of this Certificate of Warranty Coverage is not acceptable proof of warranty coverage.  Any modifications, alterations or revisions made to this document will void the warranty coverage.

HBW 320 3/22/07

AH/Page 000024 PageDP000019