# *EXHIBIT 14*

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: CHINESE-MANUFACTURED DRYWALL**
**PRODUCTS LIABILITY LITIGATION**

| | | |
|---|---|---|
| Nationwide Mutual Insurance Co., et al. v. The Overlook, | ) | |
| LLC, et al., E.D. Virginia, C.A. No. 4:10-69 | ) | MDL No. 2047 |

**ORDER DENYING TRANSFER**

**Before the Panel:**[*] Plaintiffs' liaison counsel and plaintiffs' lead counsel in MDL No. 2047 move, pursuant to 28 U.S.C. § 1407(c), for transfer of the Eastern District of Virginia action before the Panel. Moving counsel seek transfer of the insurance coverage action to the Eastern District of Louisiana for inclusion in MDL No. 2047. The plaintiff insurance companies – Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and Nationwide Property & Casualty Insurance Company (collectively Nationwide) – oppose the motion.

Section 1407 focuses on convenience for the involved parties and witnesses as well as judicial efficiencies in cases with common questions of fact. Here, as in other recent decisions in MDL No. 2047, we have decided not to transfer the insurance coverage case at issue in this motion.

This case and the cases in MDL No. 2047 have a common factual backdrop involving the general circumstances of imported Chinese drywall and the damage it is alleged to have caused; however, this commonality is insufficient to warrant transfer. The declaratory judgment actions related to the use of Chinese-manufactured drywall may implicate similar legal issues, but while consistent legal rulings are often a thankful by-product of centralization, Section 1407 does not, as a general rule, empower the Panel to transfer cases solely due to the similarity of legal issues.

Much of the motion practice and other pretrial proceedings in MDL No. 2047 will be inapplicable to the *Nationwide* action, which has been proceeding apace in the Eastern District of Virginia for over a year. Indeed, a potentially dispositive motion is currently pending in the action. Moreover, the *Nationwide* action involves thirteen condominium units, only one of which is related to claims pending in MDL No. 2047. In these circumstances, the Panel concludes that inclusion of this action in MDL No. 2047 would not achieve sufficient conveniences or other benefits to justify transfer under 28 U.S.C. § 1407.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407(c), for transfer of this action is denied.

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |
| Paul J. Barbadoro | |