UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL DOCKET NO. 2047 SECTION "L" |
| This Document Relates To: | * * | JUDGE FALLON |
| DEAN AMATO, ET AL | * * | MAGISTRATE JUDGE WILKINSON |
| VERSUS | * * | |
| LIBERTY MUTUAL INS., ET AL | * * | |
| Case No. 10-932 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW BY SWISS RE
INTERNATIONAL SE IN SUPPORT OF ITS MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

MAY IT PLEASE THE COURT:

Defendant, Swiss Re International SE (hereinafter "Swiss Re"), submits this memorandum in support of its Motion to Dismiss Pursuant to Rule 12(b)(1) which, but for the state law discussed herein, is based on the same legal principles set forth in the Insurer Steering

Committee's Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (hereinafter "ISC Memorandum") (R. Doc. 8366-1).[1]

## I. INTRODUCTION

The ISC Memorandum establishes that (1) this Court lacks subject matter jurisdiction over the non-Louisiana claims directed at the Insurance Company Defendants in *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-0932 ("*Amato*") because governing state law expressly prohibits such direct action claims; and (2) these direct action claims are therefore subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. To the extent applicable here, Swiss Re adopts the ISC Memorandum as though set forth herein.[2]

## II. THE ALLEGATIONS AGAINST SWISS RE IN THE *AMATO* LAWSUIT

Swiss Re is sued in *Amato* as a New York corporation with its principal place of business in New York (*See* Amended Complaint, R. Doc. 3132 at ¶516). Pursuant to Schedule 1 of the *Amato* Complaint, Swiss Re's involvement is limited to the issuance of insurance policies to Beazer Homes Corp. ("Beazer"), a Florida corporation with its principal place of business in Georgia (R. Doc. 3132 at ¶555). Beazer has been named as a defendant by five homeowners who reside in either Tampa or Fort Myers, Florida (R. Doc. 3132 at Schedule 1).

---

[1] Swiss Re's motion and memorandum, like the ISC Memorandum, is filed pursuant to the Court's March 2, 2011 Order (R. Doc. 7793), which expressly allows the filing of partial Rule 12(b) motions without waiving any right to assert other 12(b) motions raising other issues at a later time. Accordingly, Swiss Re expressly reserves the right to assert different Rule 12(b) motions at a later time and does not intend to waive any such motions, defenses or issues.

[2] Swiss Re specifically adopts, without limitation, the arguments advanced in Section III of the ISC Memorandum, at pages 15-17 thereof, that the CGL coverage issues at the heart of *Amato* are improperly included in this MDL.

A.    **The Swiss Re Policies Issued To Beazer**

Swiss Re issued four (4) Excess Liability policies to Beazer,[3] as follows:

(1)    MH63326 (Exhibit 1 hereto), which was in effect April 1, 2006-07;

(2)    MH63326.1.6 (Exhibit 2 hereto), which was in effect April 1, 2007-08;

(3)    MH63326.1.9 (Exhibit 3 hereto), which was in effect April 1, 2008-09; and

(4)    MH63326.1.13 (Exhibit 4 hereto), which was in effect April 1, 2009-10

Each of these four policies contains the following provision entitled "Law of Construction and Interpretation":

> This Policy, and any dispute, controversy or claim arising out of or relating to this Policy, ***shall be governed by and construed in accordance with the substantive internal law*** (i.e., excepting procedural and choice-of-law rules) ***of New York***; provided, however, that the provisions, stipulations, exclusions and conditions of this Policy are to be construed in an even handed fashion as between the Insured and the Company.  Where the language of this Policy or of the Underlying Umbrella Policy (Followed Policy) is deemed to be ambiguous or otherwise unclear, the issue shall be resolved in the manner most consistent with the relevant provisions, stipulations, exclusions and conditions of this Policy or of the Followed Policy, as the case may be (without regard to the authorship of the language, without any presumption or arbitrary interpretations or construction in favour of either the Insured or the Company or reference to the "reasonable expectations" of either thereof or to contra proferentem) and with due regard for the practices and usages of the insurance business (emphasis added).

### III.  LAW AND ARGUMENT

As noted above, Swiss Re's insured (Beazer) is a Florida corporation with its principal place of business in Georgia.  The five homeowners who have asserted claims against Beazer in *Amato*, and thus have attempted to assert direct action claims against Swiss Re in its capacity as

---

[3]    Although some of these four policies may have been issued in the name of SR International Business Insurance Company, Ltd., that company re-domiciled as Swiss Re on January 1, 2008.

an insurer of Beazer, are Florida residents. Thus, absent the choice of law provision in the Swiss Re policies issued to Beazer quoted above, one might conclude that the law of either Georgia or Florida governs the attempted direct action claims asserted against Swiss Re in *Amato*.[4] Since the Swiss Re policies issued to Beazer contain an explicit choice of law provision, however, any claims asserted against, under or in connection with the Swiss Re policies are governed by New York law. *See, e.g. Burbank v. Ford Motor Co.*, 703 F.2d 865 (5th Cir. 1983) (in enforcing a choice-of-law provision in an employment agreement, the Fifth Circuit noted that choice-of-law provisions in insurance contracts are generally upheld); and *Curtis Callais Welding, Inc. v. Stolt Comex Seaway Holdings, Inc.*, 129 Fed. Appx. 45, 51-52, 2005 WL 408144 (5th Cir. Feb. 22, 2005) (choice of law provisions, so long as they do not violate a "strong public policy of the state," are presumed valid and enforceable).

    A.    **Plaintiffs Do Not Have The Right To Seek Declaratory Relief Or Assert Any Other Claim Against Swiss Re Under New York Law**

The issue of whether a tort claimant may commence a claim for monetary damages against a liability insurer, or a claim for a coverage determination against a liability insurer, is governed by N.Y. Ins. Law §3420. This statute provides, in relevant part, as follows:

> Any person who ... has obtained a judgment against the insured ... for damages for injury sustained or loss or damage occasioned during the life of the policy or contract" to maintain an action against the insurer "[s]ubject to the limitations and conditions of paragraph two of subsection (a) hereof. §3420(b).
>
>     \* \* \*
>
> "In case judgment against the insured ... shall remain unsatisfied at the expiration of thirty [30] days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the

---

[4] As demonstrated in the ISC Memorandum, both Georgia and Florida law prohibit direct actions by injured parties against a liability insurer under the circumstances extant here (*i.e.* where the plaintiffs are neither judgment creditors nor persons that fall within any limited exceptions to the laws in those states prohibiting direct actions against liability insurers).

>insured, and upon the insurer, then an action may ... be maintained against the insurer." §3420(a)(2).

The case law in New York is clear that a tort claimant must comply with Ins. Law §3420 before commencing a suit directly against a tortfeasor's insurer for monetary damages, *i.e.* the claimant must be a judgment creditor and the judgment must remain unsatisfied for 30 days. *See National Fire Ins. Co. v. Starbro Construction Corp.*, 2009 U.S. Dist. LEXIS 74932 (S.D.N.Y. 2009) ("New York Ins. Law §3420 provides [the tort claimant] with a right to sue [insurer] for indemnification under the insurance policies, but his right to do so is contingent on both a finding of liability as to [the insureds], as well the failure of the insureds to pay [the tort claimant] within 30 days.").

In *Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350 (2004), the plaintiff/injured party filed a declaratory judgment action against a defendant insurer after the insurer disclaimed coverage for a personal injury claim. The Court of Appeals (the highest court in the State of New York) held that the injured party could not bring a declaratory judgment action against the insurer because §3420 required that a judgment against the insured had to be obtained as a condition precedent to a suit under the statute. The fact that the insured had been discharged in bankruptcy did not preclude the injured party from obtaining a judgment against the insured, and then subsequently seeking recovery under §3420 from the insurer, but it was undisputed that the claimant did not obtain a judgment against the tortfeasor/insured before suing the insurer. Since the plaintiff failed to fulfill a condition precedent to his suit against the insurer, as required by §3420, the Court of Appeals held that plaintiff could not pursue a direct action against the insurer.

The *Lang* Court explained that, under the common law, "an injured person possessed no cause of action against the insurer of the tortfeasor. When a plaintiff acquired a judgment against the insured and the insured failed to satisfy the judgment due to insolvency, the plaintiff

could not sue the insurance company directly because there was no privity of contract between plaintiff and the insurance carrier. A direct suit by an injured party against the tortfeasor's insurer was thus unknown to the common law."

The Court of Appeals further explained that, in 1917, the New York Legislature created a statutory cause of action on behalf of injured parties directly against liability insurers, now codified in Insurance Law §3420, but only under limited circumstances, *i.e.* the injured party must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment, and await payment for 30 days. Compliance with these requirements is a condition precedent to a direct action against the insurer. *See also Thrasher v United States Liab. Ins. Co*., 19 N.Y.2d 159 (1967).

## IV.  CONCLUSION

Pursuant to New York law (the applicable law stipulated in the Swiss Re policies issued to Beazer), the five (5) homeowners in *Amato* who have asserted direct action claims against Swiss Re in its capacity as a Beazer insurer cannot maintain such a direct action against Swiss Re. The same result obtains even if the Court were to apply the laws of Georgia (where Beazer is located) or Florida (where Beazer is incorporated and the five (5) Beazer homes at issue are located). The Court therefore lacks subject matter jurisdiction over the purported direct action claims asserted against Swiss Re in *Amato* and these direct action claims should be dismissed with prejudice.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   /s/ *Stephen P. Hall*
      Stephen P. Hall (La. Bar No. 1934)
      Jonathan B. Womack (La. Bar No. 30801)
      Marne Jones (La. Bar No. 32522)
      Canal Place
      365 Canal Street • Suite 2000
      New Orleans, Louisiana 70130-6534
      Telephone: (504) 566-1311
      Telecopier: (504) 568-9130
      Email: halls@phelps.com
            jonathan.womack@phelps.com
            marne.jones@phelps.com

**ATTORNEYS FOR**
**SWISS RE INTERNATIONAL SE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/ *Stephen P. Hall*
STEPHEN P. HALL (La. Bar No. 01934)
JONATHAN B. WOMACK (La. Bar No. 30801)
MARNE A. JONES (La. Bar No. 32522)
Counsel for Swiss Re International SE