UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | CASE NO. 2:09-MD-02047 SECTION L JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | ) ) | MAG. JUDGE WILKINSON |

### CHUBB'S MEMORANDUM OF ADDITIONAL SUPPORT ON MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**MAY IT PLEASE THE COURT:**

Chubb Custom Insurance Company ("CCIC") and Federal Insurance Company (improperly named in the Amended Amato Complaint as "Chubb Group of Insurance Companies" and hereinafter referred to as "Federal") (CCIC and Federal collectively referred to as "Chubb"), are joining parties to the Motion to Dismiss Pursuant to Rule 12(b)(1) filed by the Insurer Steering Committee ("ISC"). For the reasons stated in the supporting Memorandum ("ISC Brief"), as well as for the additional reasons stated in this additional memorandum, CCIC and Federal should be dismissed from this litigation, with prejudice.[1]

### THE CLAIMS AGAINST CHUBB

The claims against CCIC and Federal are limited to the owners of nine (9) and six (6) homes respectively, all of which are located in Florida ("the Chubb Plaintiffs"). Amended Complaint (R. Doc. 3132); Complaint at Schedule 1 and Exhibit B to ISC Brief. Likewise, the putative insureds of Chubb are all alleged to have built homes in Florida containing the drywall at issue.

---

[1] By joining the ISC Brief, Chubb does not intend to waive, and indeed intends to preserve, any defense of personal jurisdiction, venue, failure to join necessary parties and any other potentially applicable defense pursuant to this Court's Order dated March 2, 2011 that by filing the 12(b)(1), the insurers do not waive any such defense. *See* R. Doc. 7793.

CCIC's putative insureds in this matter are: Taylor Morrison of Florida, Inc. and Morrison Homes, Inc., both alleged to be organized under the laws of Florida with their principal place of business in Arizona, and Taylor Morrison, Inc. and Taylor Morrison Services, Inc. dba Morrison Homes, Inc., each alleged to be organized under the laws of Delaware with their principal place of business in Arizona. Complaint at ¶¶582; 600-01; 605-06.

CCIC is incorporated and has its principal place of business in Delaware, issued the CCIC policy identified in Schedule 2 of the Complaint in North Carolina and delivered it to named insured Morrison Homes, Inc. in Georgia. Federal is incorporated and has its principal place of business in New Jersey. The Federal Policy identified in Schedule 2 of the Complaint was issued by Federal and delivered to M/I Homes, Inc. in Ohio. Neither Chubb nor its insureds have filed any claims in this matter.

There is no suggestion that any Chubb Plaintiff sustained an injury or loss in Louisiana. Likewise, there is no suggestion that any Chubb policy was issued or delivered in Louisiana. The only connection of the claims of the Chubb Plaintiffs to Louisiana is the improper filing of this action directly in the MDL.[2]

### THE CHUBB PLAINTIFFS HAVE NO STANDING TO BRING CLAIMS AGAINST CHUBB

There is no "case or controversy" to support the Chubb Plaintiffs' request for declaratory relief against Chubb because there is no law that may potentially provide relief to the Chubb Plaintiffs. Filing under the Federal Declaratory Judgment Act without more is insufficient to support jurisdiction; rather, to invoke this Court's subject matter jurisdiction, the Chubb Plaintiffs must be able to establish that the law of the state that governs this matter provides them a right of action against Chubb. *See Lowe v. Ingalls Shipbuilding, A Division of Litton*, 723 F.2d

---

[2] *See* Section III of the ISC Brief.

1173, 1179 (5th Cir. 1984) ("'[T]he operation of the Declaratory Judgment Act is procedural only.' [citation]. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.... '[J]urisdiction' means the kinds of issues which give right of entrance to federal courts. Jurisdiction in this sense was not altered by the Declaratory Judgment Act", citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950)); *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990).

With no right or remedy available under federal law, the Chubb Plaintiffs must find support for their claims in state law, something they cannot do. The Chubb Plaintiffs have not identified any facts to support a right of direct action against Chubb prior to obtaining a judgment against a Chubb insured.

The Court should not be distracted by any suggestion that a choice of law analysis is relevant or necessary to this issue. Chubb contends that the law of some state other than Louisiana—this is, Florida, controls the rights and obligations of Chubb and its putative insureds. Regardless, the plaintiffs appropriately concede in their Amended Complaint that the Louisiana Direct Action Statute does not apply to any of the Moving Insurance Company Defendants, including Chubb. As such, even if Louisiana law were otherwise to govern interpretation of the involved Chubb policies, something Chubb denies, the result is the same – the claims should be dismissed for lack of subject matter jurisdiction.[3]

---

[3] A federal court sitting in diversity must apply the choice of law rules of the forum state, which here is Louisiana. *Travelers Cas. & Sur. Co. of America v. Wright Ins. Agency, Inc.*, 404 F.3d 927, 928 (5th Cir. 2005); *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 248 (5th Cir. 2008). Under Louisiana's choice of law rules applicable to insurance contracts, La.Civ. Code arts. 3515 and 3537, it is the state whose laws would be most impaired if its law were not applied to the action. *See Norfolk Southern Corp. v. California Union Ins. Co.*, 2002-0369, 859 So.2d 167, (La.App. 1 Cir. 9/12/03) (law of Virginia applied to insurance dispute as domicile of some insureds but

Under Louisiana law, without enabling legislation, the right to a direct action against a liability insurer does not exist. *Logan v. Hollier*, 424 So.2d 1279 (La.App. 3d Cir. 1982). In Louisiana, the only statute providing such potential relief is 22:1269. As noted by one Louisiana court, 22:1269 extends a *conditional right* to file suit to *some parties* under *some circumstances*. *Perkins v. Carter*, 09-673, 30 So.3d 862 (La.App. 5 Cir. 12/29/09). In other words, it does not provide a remedy to all parties filing in Louisiana for all claims. Its language cannot be perverted to apply to a claim not encompassed by the statute. *See Falls v. Employers' Liability Assur. Corp.*, 104 F.Supp. 256 (D.C. La., 1952) (direct action statute must be strictly construed); *Hidalgo v. Fidelity & Casualty Co. of New York*, 104 F.Supp. 230 (D.C.La. 1952) (same).

Where, as here, the statute does not apply on its face, the injured party has no right of action under the statute. *See* ISC Brief at pp. 5-6; *see also, Sprow v. Hartford Ins. Co.*, 594 F.2d 412 (5th Cir. 1979) (this section applies only when tort giving rise to insurer's liability occurs in Louisiana or insurance policy was issued in that state); *Louisiana Continental Ins. Co. v. Jantran, Inc.*, 906 F.Supp. 362 (E.D. La. 1995) (statute can only be applied when at least one of the following prerequisites has been met: (1) policy was written in Louisiana; (2) policy was delivered in Louisiana; or (3) accident occurred in Louisiana).

Chubb believes Florida law applies to this dispute as it is the location of the property alleged to be damaged and is the domicile or principal place of business of several of the putative

---

property at issue was located in Louisiana). Pursuant to these rules, the court must identify the relevant policies of the involved states and then evaluate the strength and pertinence of these policies in light of (1) the pertinent contacts of each involved state to the parties and the transaction; (2) the nature, type and purpose of the contract; and (3) the policies listed in clause (3). Even where suit is filed in and the injury is sustained in Louisiana, Louisiana law is often found not to apply to insurance disputes. *Murden v. Acands, Inc.*, 2005-0319, 921 So.2d 165 (La.App. 4 Cir. 12/14/05) (law of Belgium applied as law of location of issuance of policy and domicile of insured despite injury in Louisiana); *Breese v. Hadson Petroleum (USA), Inc.*, 955 F.Supp. 648 (M.D. La. 1996) (law of Mississippi applied as domicile of insured and where policy was negotiated, issued and delivered rather than location of injury).

insureds. Under Florida law, as is stated in the ISC Brief, direct actions by injured claimants are statutorily prohibited against an insurer. *See* Fla. Stat. § 627.4136(1) (2010). By adopting this statute, Florida chose to provide its citizens a limited remedy against a third-party's insurer for enforcement of that insurer's obligations to pay damages after a judgment against its insured. S*ee also VanBibber v. Hartford Acc. & Indem. Ins. Co.*, 439 So. 2d 880, 882 (Fla. 1983) (holding that this statute constitutionally modified Florida law to prohibit direct actions against insurers).

Even were Florida law not found to apply, there is no other state whose law could even arguably apply to this matter that provides relief to the Chubb Plaintiffs sufficient to hold up the motion to dismiss Chubb. *See News, Inc. v. Jacobs Oil Co.*, 584 A.2d 531, 533 (Del. Super. 1990) (Delaware law provides no right of direct action against liability insurer; *Kaufmann v. McKeown*, 193 A.2d 81, 83 (Del.1963) ("A liability insurer may well be the real party in interest, but this is not a State where a direct action is permitted against it. Plaintiff is obliged to bring his suit against the tortfeasor or in the event of her demise, her estate."); *Walden v. Allstate Ins. Co.*, 963 A.2d 139 (Table), 2008 WL 5309195 (Del.Supr.); *Maricopa County v. Barfield*, 206 Ariz. 109, 75 P.3d 714, 407 Ariz. Adv. Rep. 14, 408 Ariz. Adv. Rep. 6 (Ariz.App. Div. 1, 2003) (Arizona follows the general rule that, in the absence of a contractual or statutory provision to the contrary, an injured person has no direct cause of action against a tortfeasor's insurance company); *Nationwide Mut. Ins. Co. v. Arizona Health Care Cost Containment System*, 166 Ariz. 514, 803 P.2d 925 (Ariz.App.,1990) (general rule is that, in absence of contractual or statutory provision to contrary, injured person has no direct cause of action against tortfeasor's insurer); *Tuckey v. Harleysville Ins. Co.*, 236 N.J.Super. 221, 226, 565 A.2d 419 (App.Div.1989) (holding that direct action against insurer failed to state claim on which relief could be granted); *Bergknoff v. A. Bessenyei & Son Inc.*, 1995 WL 854721 (N.J.Super.L. 1995) (absent statutory right of action, none of which applies here, there is no direct action under New

Jersey law); *Lawreszuk v. Nationwide Ins. Co.*, 59 Ohio App. 2d 111, 13 Ohio Op. 3d 165, 392 N.E.2d 1094, 1096 (9th Dist. Lorain County 1977); *W. Broad Chiropractic v. Am. Family Ins.*, 122 Ohio St.3d 497, 912 N.E.2d 1093 (Ohio 2009) (Ohio Stat. R.C. 3929.06(B) precludes an injured person from bringing a civil action against the tortfeasor's insurer until the injured person has first obtained a judgment for damages against the insured and the insurer has not paid the judgment within 30 days."); *DeMent v. Nationwide Mutual Ins. Co.*, 142 N.C.App. 598, 544 S.E.2d 797 (N.C. App. 2001) (injured party has no right of action for declaratory judgment against liability insurer); *Jones v. State Farm Mut. Auto. Ins. Co.*, 270 N.C. 454, 155 S.E.2d 118 (N.C. 1967) (there is no right of direct action absent a statute applicable to the type of insurance dispute involved); *Crisp Regional Hosp., Inc. v. Oliver*, 275 Ga. App. 578, 621 S.E.2d 554 (Ga. Ct. App. 2006) (Georgia law prohibits an injured party from bringing suit directly against a liability insurer, unless and until the injured party secures a judgment against the insured wrongdoer or in the certain limited instances (that are not applicable here) where liability insurance is legislatively mandated); *Hartford Ins. Co. v. Henderson & Son, Inc.*, 258 Ga. 493, 494, 371 S.E.2d 401, 402 (Ga. 1988); *Smith v. Commercial Union Assur. Co.*, 246 Ga. 50, 268 S.E.2d 632, 634 (1980).

## CONCLUSION

The Chubb Plaintiffs cannot create subject matter jurisdiction simply by filing a "Declaratory Judgment Action" in this Court. To invoke subject matter jurisdiction, the Chubb Plaintiffs must have a direct right of action against Chubb. In their Amended Complaint, the Chubb Plaintiffs do not allege they have such a right under the forum state's direct action statute. Florida, the state whose law Chubb contends governs the parties' rights, explicitly prohibits the type of direct action the Chubb Plaintiffs have brought. There is simply no possibility that the

Chubb Plaintiffs can establish an actual case or controversy with Chubb under the subject policies. As such, Chubb is entitled to be dismissed from this case, with prejudice.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Virginia Y. Trainor*
Marshall M. Redmon (La. Bar No. 18398)
Virginia Y. Trainor (La. Bar No. 25275)
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802-5618
P.O. Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
Email: redmonm@phelps.com
   trainorg@phelps.com

- AND –

Pablo Gonzalez, (La. Bar No. 29215)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: gonzalep@phelps.com

- AND –

Joseph A. Ziemianski, (S.D. Tx. Bar No. 25915) (Tx. Bar No. 00797732)
**COZEN O'CONNOR**
One Houston Center
1221 McKinney Street, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905
Email: jziemianski@cozen.com

**ATTORNEYS FOR CHUBB CUSTOM INSURANCE COMPANY AND FEDERAL INSURANCE COMPANY, IMPROPERLY**

            NAMED AS CHUBB GROUP OF INSURANCE
            COMPANIES

## CERTIFICATE OF SERVICE

  I hereby certify that the above and foregoing Memorandum of Additional Support on Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this _____ day of March, 2011.

            */s/ Virginia Y. Trainor*
            Virginia Y. Trainor
            Bar No. 25275
            Attorney for Chubb Custom Insurance Company
            and Federal Insurance Company, improperly named
            as Chubb Group of Insurance Companies
            Phelps Dunbar LLP
            II City Plaza
            400 Convention street, Suite 1100
            Baton Rouge, Louisiana 70802-5618
            Telephone: (225) 346-0285
            Facsimile: (225) 381-9197
            trainorg@phelps.com