UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION ) ) ) ) ) (Relates to *Amato v. Liberty Mutual Ins.*, No. ) 2:10-cv-00932) ) | CASE NO. 2:09-MD-02047<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

### UNDERWRITERS' MEMORANDUM OF ADDITIONAL SUPPORT ON MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**MAY IT PLEASE THE COURT:**

Omega Dedicated Ltd (UK), the sole underwriting member or "Name" for Syndicate 958, and Argo Underwriting Agency, Ltd., the sole underwriting member or "Name" for Syndicate 1200, improperly identified in the Amended Amato Complaint as "Underwriters at Lloyd's, London" and hereinafter referred to as "Underwriters"), are joining parties to the Motion to Dismiss Pursuant to Rule 12(b)(1) filed by the Insurer Steering Committee ("ISC"). For the reasons stated in the supporting Memorandum ("ISC Brief"), as well as for the additional reasons stated in this additional memorandum, Underwriters should be dismissed from this litigation, with prejudice.[1]

### THE CLAIMS AGAINST UNDERWRITERS

The claims against Underwriters are limited to the owner of one home located in Florida, Carmela Nunez ("Nunez"), a Florida resident. Amended Complaint (R. Doc. 3132) at ¶292; Complaint at Schedule 1 and Exhibit B to ISC Brief. Likewise, Underwriters' lone putative insured is alleged to be a builder who constructed Nunez's home in Florida, Saturno

---

[1] By joining the ISC Brief, Underwriters do not intend to waive, and indeed intend to preserve, any defense of personal jurisdiction, venue, failure to join necessary parties and any other potentially applicable defense pursuant to this Court's Order dated March 2, 2011 that by filing the 12(b)(1), the insurers do not waive any such defense. *See* R. Doc. 7793.

Construction AB, Inc. ("Saturno"), incorporated and with its principal place of business in Florida. Complaint at ¶591.

Underwriters, who are organized and have their principal place of business in London, England, severally subscribe to the policy identified in Schedule 2 of the Complaint in London, England and delivered the policy to the insured in Florida. Neither Underwriters nor its insured, Saturno, have filed any claims in the Amato action.

There is no suggestion that Nunez sustained an injury or loss in Louisiana. Likewise, there is no suggestion that Underwriters' policy was issued or delivered in Louisiana. The only connection with Nunez's claims to Louisiana is the improper filing of this action directly in the MDL.[2]

## NUNEZ HAS NO STANDING TO BRING CLAIMS AGAINST UNDERWRITERS

There is no "case or controversy" to support Nunez's request for declaratory relief against Underwriters because there is no law that may potentially provide relief to Nunez. Filing under the Federal Declaratory Judgment Act without more is insufficient to support jurisdiction; rather, to invoke this Court's subject matter jurisdiction, Nunez must be able to establish that the law of the state that governs this matter provides her a right of action against Underwriters. *See Lowe v. Ingalls Shipbuilding, A Division of Litton*, 723 F.2d 1173, 1179 (5th Cir. 1984) ("'[T]he operation of the Declaratory Judgment Act is procedural only.' [citation]. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.... '[J]urisdiction' means the kinds of issues which give right of entrance to federal courts. Jurisdiction in this sense was not altered by the Declaratory Judgment Act", citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950)); *Collin*

---

[2] *See* Section III of the ISC Brief.

*County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990).

With no right or remedy available under federal law, Nunez must find support for her claims in state law, something she cannot do. Nunez has not identified any facts to support a right of direct action against Underwriters prior to obtaining a judgment against Saturno.

The Court should not be distracted by any suggestion that a choice of law analysis is relevant or necessary to this issue. Underwriters contend that the law of some state other than Louisiana—this is, Florida, controls the rights and obligations of Underwriters and their putative insured, Saturno. Regardless, Nunez appropriately concedes in the Amended Complaint that the Louisiana Direct Action Statute does not apply to her claims against Underwriters. As such, even if Louisiana law were otherwise to govern interpretation of the involved Underwriters' policy, something Underwriters deny, the result is the same – the claims should be dismissed for lack of subject matter jurisdiction.[3]

---

[3] A federal court sitting in diversity must apply the choice of law rules of the forum state, which here is Louisiana. *Travelers Cas. & Sur. Co. of America v. Wright Ins. Agency, Inc.*, 404 F.3d 927, 928 (5th Cir. 2005); *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 248 (5th Cir. 2008). Under Louisiana's choice of law rules applicable to insurance contracts, La.Civ. Code arts. 3515 and 3537, it is the state whose laws would be most impaired if its law were not applied to the action. *See Norfolk Southern Corp. v. California Union Ins. Co.*, 2002-0369, 859 So.2d 167, (La.App. 1 Cir. 9/12/03) (law of Virginia applied to insurance dispute as domicile of some insureds but property at issue was located in Louisiana). Pursuant to these rules, the court must identify the relevant policies of the involved states and then evaluate the strength and pertinence of these policies in light of (1) the pertinent contacts of each involved state to the parties and the transaction; (2) the nature, type and purpose of the contract; and (3) the policies listed in clause (3). Even where suit is filed in and the injury is sustained in Louisiana, Louisiana law is often found not to apply to insurance disputes. *Murden v. Acands, Inc.*, 2005-0319, 921 So.2d 165 (La.App. 4 Cir. 12/14/05) (law of Belgium applied as law of location of issuance of policy and domicile of insured despite injury in Louisiana); *Breese v. Hadson Petroleum (USA), Inc.*, 955 F.Supp. 648 (M.D. La. 1996) (law of Mississippi applied as domicile of insured and where policy was negotiated, issued and delivered rather than location of injury).

Under Louisiana law, without enabling legislation, the right to a direct action against a liability insurer does not exist. *Logan v. Hollier*, 424 So.2d 1279 (La.App. 3d Cir. 1982). In Louisiana, the only statute providing such potential relief is 22:1269. As noted by one Louisiana court, 22:1269 extends a *conditional right* to file suit to *some parties* under *some circumstances*. *Perkins v. Carter*, 09-673, 30 So.3d 862 (La.App. 5 Cir. 12/29/09). In other words, it does not provide a remedy to all parties filing in Louisiana for all claims. Its language cannot be perverted to apply to a claim not encompassed by the statute. *See Falls v. Employers' Liability Assur. Corp.*, 104 F.Supp. 256 (D.C. La., 1952) (direct action statute must be strictly construed); *Hidalgo v. Fidelity & Casualty Co. of New York*, 104 F.Supp. 230 (D.C.La. 1952) (same).

Where, as here, the statute does not apply on its face, the injured party has no right of action under the statute. *See* ISC Brief at pp. 5-6; *see also, Sprow v. Hartford Ins. Co.*, 594 F.2d 412 (5th Cir. 1979) (this section applies only when tort giving rise to insurer's liability occurs in Louisiana or insurance policy was issued in that state); *Louisiana Continental Ins. Co. v. Jantran, Inc.*, 906 F.Supp. 362 (E.D. La. 1995) (statute can only be applied when at least one of the following prerequisites has been met: (1) policy was written in Louisiana; (2) policy was delivered in Louisiana; or (3) accident occurred in Louisiana).

Underwriters believe Florida law applies to this dispute as it is the location of the property alleged to be damaged, is the domicile of the claimant, Nunez, is the domicile of the insured, Saturno, and is the state where the policy was delivered to the insured. Under Florida law, as is stated in the ISC Brief, direct actions by injured claimants are statutorily prohibited against an insurer. *See* Fla. Stat. § 627.4136(1) (2010). By adopting this statute, Florida chose to provide its citizens a limited remedy against a third-party's insurer for enforcement of that insurer's obligations to pay damages after a judgment against its insured. *see also VanBibber v.*

*Hartford Acc. & Indem. Ins. Co.*, 439 So. 2d 880, 882 (Fla. 1983) (holding that this statute constitutionally modified Florida law to prohibit direct actions against insurers).

Even were Florida law not found to apply, the only other jurisdiction with any remote connection to Nunez's claims is England, which like Florida, provides no relief to an injured party, except in limited circumstances. *Greene Wood McLean LLP (in Administration) v Templeton Insurance Limited,* [2010] EWHC 2679 (Comm), Case No: Folio 309 of 2008, High Court of Justice Queen's Bench Division Commercial Court (26/10/2010) (injured party has no right of direct action against insurer in common law and any such right must be statutorily created; injured party may only recover against insurer under certain limited circumstances not applicable here).

## CONCLUSION

Nunez cannot create subject matter jurisdiction simply by filing a "Declaratory Judgment Action" in this Court. To invoke subject matter jurisdiction, Nunez must have a direct right of action against Underwriters. In the Amended Complaint, Nunez does not allege she has such a right under the forum state's direct action statute. Florida, the state whose law governs the parties' rights, explicitly prohibits the type of direct action Nunez has brought. There is simply no possibility that Nunez can establish an actual case or controversy with Underwriters under their policy. As such, Underwriters are entitled to be dismissed from this case, with prejudice.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Virginia Y. Trainor*
Marshall M. Redmon (La. Bar No. 18398)
Virginia Y. Trainor (La. Bar No. 25275)
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802-5618
P.O. Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
Email: redmonm@phelps.com
trainorg@phelps.com

- AND –

Pablo Gonzalez, (La. Bar No. 29215)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: gonzalep@phelps.com

ATTORNEYS FOR OMEGA DEDICATED LTD (UK), THE SOLE UNDERWRITING MEMBER OR "NAME" FOR SYNDICATE 958, AND ARGO UNDERWRITING AGENCY, LTD., THE SOLE UNDERWRITING MEMBER OR "NAME" FOR SYNDICATE 1200, IMPROPERLY IDENTIFIED IN THE AMENDED AMATO COMPLAINT AS "UNDERWRITERS AT LLOYD'S, LONDON"

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum of Additional Support on Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

*/s/ Virginia Y. Trainor*
Virginia Y. Trainor
Bar No. 25275
Attorney for Omega Dedicated Ltd (UK), the sole underwriting member or "Name" for Syndicate 958, and Argo Underwriting Agency, Ltd., the sole underwriting member or "Name" for Syndicate 1200, improperly identified in the Amended Amato Complaint as "Underwriters at Lloyd's, London"
Phelps Dunbar LLP
II City Plaza
400 Convention street, Suite 1100
Baton Rouge, Louisiana 70802-5618
Telephone: (225) 346-0285
Facsimile: (225) 381-9197
trainorg@phelps.com