**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * MDL No. 2:09-md-02047<br>*<br>*<br>*<br>* JUDGE FALLON |
| **This document relates to:** | *<br>* |
| AMATO, ET AL.<br>v.<br>LIBERTY MUTUAL INSURANCE COMPANY, ET AL. | *<br>* MAGISTRATE WILKINSON<br>*<br>* |
| CASE NO. 2:10-cv-00932 (E.D. La.) | *<br>* |

**********************************************

**THE CHARTIS INSURERS' JOINDER TO INSURER STEERING COMMITTEE'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**NOW INTO COURT,** through undersigned counsel, comes Chartis Select Insurance Company individually and as successor-in-interest to AIG Excess Liability Insurance Company, Ltd., (f/k/a Starr Excess Liability Insurance Company, Ltd.) ("Chartis Select") as the alleged insurer of L&W Supply Corporation d/b/a Seacoast Supply Company and USG Corporation (collectively, "USG"); Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company ("Chartis Specialty") as the alleged insurer of Banner Supply Co.; Banner Supply Company Ft. Myers, LLC; Banner Supply Company Pompano, LLC; Banner Supply Company Port St. Lucie, LLC; Banner Supply Company Tampa, LLC; and Banner Supply International, LLC (collectively "Banner"); Illinois National Insurance Company ("Illinois National") as the alleged insurer of Banner and USG; Lexington Insurance Company ("Lexington") as the alleged insurer of USG; and National Union Fire Insurance Company of

1

Pittsburgh, PA, erroneously named as National Union Fire Insurance Company and National Union Fire Insurance Company of Pittsburgh ("National Union") as the alleged insurer of F. Vicino and Company, Inc., Banner, and USG, and submit this Joinder to the Insurer Steering Committee's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Rec. Doc. 8366] ("Motion to Dismiss").[1]  Chartis Select, Chartis Specialty, Illinois National, Lexington and National Union, in their alleged capacities as insurers of USG, Banner, and F. Vicino (collectively, the "Chartis Insurers"), adopt and incorporate the Motion to Dismiss and the Memorandum in Support Thereof on their own behalf as stated herein.

On March 19, 2010, Plaintiffs and the Plaintiff Steering Committee ("PSC") filed the *Amato* "Omnibus V" Amended Complaint asserting claims against alleged distributors, suppliers, importers, exporters, or manufacturers of Chinese drywall, or home builders or developers that allegedly used Chinese drywall (the "Insured Defendants"), as well as the Defendant insurance companies that allegedly issued commercial general liability policies to those Insured Defendants ("Insurer Defendants").  On May 11, 2010, the PSC filed the Amended Complaint, which is the operative complaint [Rec. Doc. 3132].  On March 24, 2011, the Insurers' Steering Committee filed the Motion to Dismiss and Memorandum in Support Thereof [Rec. Doc. 8366].

As explained in the Motion to Dismiss, the Louisiana Direct Action Statute requires that claims brought directly by a third-party claimant against an Insurer meet one of the following requirements:  (1) an injury/accident in Louisiana; (2) a policy written in Louisiana; or (3) a policy delivered in Louisiana.  *See* La. R.S. § 22:1269; *Landry v. Travelers Indemn. Co.*, 890 F.2d 770, 772 (5th Cir. 1989) (affirming dismissal of claim because none of these "three limited

---

[1] The Chartis Insurers' appearance as alleged insurers of the identified entities should not be construed as an admission that Chartis is an insurer of any of the identified entities or that any of the alleged policies was in effect, applicable, or provided coverage.

instances" was present); *Sercovich v. State Farm Mut. Ins. Co.*, No. 99-2476, 1999 U.S. Dist. LEXIS 17056, at *2-3 (E.D. La. Nov. 2, 1999) (Fallon, J.) (dismissing claims *for lack of jurisdiction* because "the accident and injuries occurred in the state of Mississippi," and the "insurance policy was written in Georgia and delivered to [the insured] in Mississippi," and therefore the Louisiana Direct Action Statute did not apply); *Esteve v. Allstate Ins. Co.*, 351 So. 2d 117 (La. 1977) (same principle). Claims that do not meet these criteria are subject to dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Plaintiffs' claims at issue in this Joinder do not meet the criteria set forth in the Louisiana Direct Action statute because none of the policies were issued to Louisiana insureds and none of the properties are located in Louisiana. The Chartis policies at issue were each written or delivered to USG, Banner and F. Vicino outside of Louisiana, and thus do not provide a basis for the Plaintiffs to bring claims pursuant to the Louisiana Direct Action Statute. Moreover, USG, Banner and F. Vicino are identified as the alleged supplier or installer of defective drywall at 19 properties outside of Louisiana,[2] which also do not provide a basis for Plaintiffs to bring these direct action claims against the Chartis Insurers. Accordingly, Rule 12(b)(1) mandates dismissal of those claims asserted against the Chartis Insurers pursuant to policies allegedly issued to USG, Banner or F. Vicino, and involving properties located outside of Louisiana. *See* Exhibit A (identifying claims that are subject to dismissal).

The Motion to Dismiss also explains in detail that, where the Louisiana Direct Action Statute has no application, and the relevant state law does not allow direct action suits by injured

---

[2] Plaintiffs identify USG as the alleged supplier of defective drywall to 8 properties outside of Louisiana (7 in Florida and 1 in Georgia), Banner as the alleged supplier of defective drywall to 10 properties outside of Louisiana (all in Florida), and F. Vicino as the alleged supplier of defective drywall to one property outside of Louisiana (located in Florida). While the Chartis Insurers acknowledge that USG has been identified as the alleged supplier of drywall to 5 Louisiana properties and Banner has been identified as the alleged supplier of drywall to one Louisiana property, this motion is not directed at claims arising out of those properties located in Louisiana.

third-parties against an alleged wrongdoer's insurance carrier, the Court lacks subject matter jurisdiction over such claims.  *See, e.g., Essex Co. v. Bayou Concession Salvage*, 942 F. Supp. 258, 260-61 (E.D. La 1996) (Fallon, J.) (dismissing claims for lack of subject matter jurisdiction because the relevant Texas statute prohibited such a direct action).  In the Motion to Dismiss, the Insurer Steering Committee sets forth the relevant law from states that are frequently implicated by the Chinese drywall claims in issue – Alabama, Florida, Georgia and Virginia.  To the extent the laws of any of those states apply to the claims in issue, the Chartis Insurers expressly adopt and incorporate the arguments made in the Motion to Dismiss.

The Motion to Dismiss did not include a discussion of Illinois law, which is potentially applicable to those policies issued by Chartis Insurers to USG in Illinois.  To the extent Illinois law applies, it also mandates dismissal of Plaintiffs' improper direct action claims.  Illinois law prohibits an injured party from pursuing a direct action against an insurer until after judgment has been rendered against its insured.  In *Marchlik v. Coronet Ins. Co.*, 40 Ill.2d 327, 333 239 N.E.2d 799, 802-803 (Ill. 1968), the Supreme Court of Illinois held that the Illinois Insurance Code indicates "a legislative policy against direct actions against insurers before judgment," and thus, injured parties have no right under Illinois law to bring a direct action against an insurance carrier to recover for the tort of the insured.  *Id.*  Subsequent Illinois cases have recognized the holding in *Marchlik* and have reinforced Illinois' strong public policy precluding direct actions to be brought against insurance companies prior to a determination of negligence by the insured.  *See, e.g,. Zegar v. Sears Roebuck & Co*., 211 Ill. App. 3d 1025, 1027 (1st Dist. 1991) ("In Illinois, direct actions against insurance companies are against public policy"); *Richardson v. Economy Fire & Cas*. Co., 109 Ill. 2d 41, 47 (Ill. 1985) ("[T]he public policy of this State prohibits an injured party from recovering personal injury damages against an insurance carrier

on account of the negligence of its insured prior to obtaining a judgment against the insured"); *Loeber Motors, Inc. v. Sims*, 34 Ill. App. 3d 342, 350 (1st Dist. 1975) (claimant not entitled to bring direct action against tortfeasor's insurer based on Illinois policy prohibiting direct actions against insurers); *Sullivan v. Midlothian Park Dist.*, 51 Ill.2d 274, 282, 281 N.E.2d 659, 664 (Ill. 1972) (dismissing direct action against public liability insurer based on holding in *Marchlik*). Based on this clear public policy of Illinois prohibiting the institution of direct actions against insurers, Plaintiffs' claims against the Chartis Insurers as identified in Exhibit A must be dismissed.

Likewise, Illinois courts hold that no actual controversy exists between an allegedly injured plaintiff and the allegedly negligent party's insurance carrier until the injured party obtains a judgment. *Batteast v. Argonaut Ins. Co.*, 118 Ill.App.3d 4, 454 N.E.2d 706 (Ill. Ct. App. 1983) (appellate court affirmed dismissal of injured party's declaratory judgment action against the insurer of the allegedly negligent hospital because no actual controversy existed); *Weber v. St. Paul Fire & Marine Ins. Co.*, 251 Ill. App. 3d 371, 622 N.E.2d 66 (Ill. Ct. App. 1993) (direct action brought prior to liability judgment was dismissed because it did not present an actual case or controversy).

Plaintiffs have not secured any judgment or settlement with respect to the properties at issue in *Amato*. Therefore, under Illinois law, as well as the laws of Florida and other states identified in the Motion to Dismiss, Plaintiffs lack standing to bring claims directly against the Chartis Insurers.

Accordingly, as Plaintiffs lack standing to bring claims against the Chartis Insurers until after a judgment or settlement is secured under Florida, Illinois and other potentially applicable states' laws, and Plaintiffs may not bring non-Louisiana claims under the Louisiana Direct

Action Statute, the claims asserted against the Chartis Insurers as alleged insurers of USG, Banner and F. Vicino, which arise out of properties outside of Louisiana (identified in Exhibit A to this Joinder), must be dismissed by this Court for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  *See* Exhibit A.

**WHEREFORE,** for the reasons set forth above, Chartis Select, Chartis Specialty, Illinois National, Lexington and National Union, in their capacity as alleged insurers of USG, Banner and F. Vicino, respectfully request that this Court enter an order dismissing all of the claims arising out of properties outside of Louisiana for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated:   March 24, 2011

                                          Respectfully submitted:

                                          s/Thomas E. Schwab
                                          Thomas E. Schwab
                                          BARKLEY & THOMPSON, L.C.
                                          1515 Poydras Street, Suite 2350
                                          New Orleans, Louisiana  70112
                                          Phone:  (504) 595-3370
                                          Fax:  (504) 595-3355
                                          E-mail:  tschwab@barkleythompson.com

                                          Joseph A. Hinkhouse
                                          Sara Uffelman Gattie
                                          HINKHOUSE WILLIAMS WALSH
                                          180 North Stetson Street, Suite 3400
                                          Chicago, Illinois  60601
                                          Phone:  (312) 784-5454
                                          Fax:  (312) 784-5494
                                          E-mail:    jhinkhouse@hww-law.com
                                                                 sgattie@hww-law.com

**Attorneys for Defendants: CHARTIS SELECT INSURANCE COMPANY (as alleged insurer of L&W Supply Corp. and USG Corp.); CHARTIS SPECIALTY INSURANCE COMPANY (as alleged insurer of Banner Supply entities); ILLINOIS NATIONAL INSURANCE COMPANY (as alleged insurer of Banner Supply entities, L&W Supply Corp. and USG Corp.); LEXINGTON INSURANCE COMPANY (as alleged insurer of L&W Supply Corp. and USG Corp.); NATIONAL UNION FIRE INSURANCE COMPANY, AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH (as alleged insurer of F. Vicino & Company, Inc., Banner Supply entities, L&W Supply Corp. and USG Corp.)**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Joinder to Insurer Steering Committee's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

    /s/Thomas E. Schwab
**Attorneys for Defendants, Chartis Select Insurance Company individually and as successor-in-interest to AIG Excess Liability Insurance Company, Ltd., (f/k/a Starr Excess Liability Insurance Company, Ltd.) ("Chartis Select") as the alleged insurer of L&W Supply Corporation d/b/a Seacoast Supply Company and USG Corporation (collectively, "USG"); Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company ("Chartis Specialty") as the alleged insurer of Banner Supply Co.; Banner Supply Company Ft. Myers, LLC; Banner Supply Company Pompano, LLC; Banner Supply Company Port St. Lucie, LLC; Banner Supply Company Tampa, LLC; and Banner Supply International, LLC (collectively "Banner"); Illinois National Insurance Company ("Illinois National") as the alleged insurer of Banner and USG; Lexington Insurance Company ("Lexington") as the alleged insurer of USG; and National Union Fire Insurance Company of Pittsburgh, PA, erroneously named as National Union Fire Insurance Company and National Union Fire Insurance Company of Pittsburgh ("National Union") as the alleged insurer of F. Vicino and Company, Inc., Banner, and USG**