**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | CASE NO. 2:09-MD-02047  SECTION L  JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | ) ) | MAG. JUDGE WILKINSON |

**INTERSTATE FIRE & CASUALTY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF  MOTION TO DISMISS PURSUANT TO**
**RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**INTRODUCTION**

This memorandum is being filed by Interstate Fire & Casualty Company[1] ("Interstate Fire") in support of its motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss all of the non-Louisiana claims that have been filed directly against it for lack of subject matter jurisdiction.  This motion and memorandum are also filed as a supplement to the motion and memorandum filed by the Insurer Steering Committee on behalf of the Insurance Company Defendants[2], in order to address certain issues specific to Interstate Fire & Casualty Company.[3]

---

[1] Sometimes also referred to as Interstate Fire and Casualty Company.

[2] Rec. Doc. No. 8366.

[3] This motion and memorandum are being filed pursuant to the Court's March 2, 2011 Order (R. Doc. 7793), which expressly allows the filing of partial Rule 12(b) motions without waiving any right to assert other Rule 12(b) motions raising other issues at a later time.  Accordingly, Interstate Fire & Casualty Company expressly reserves all its rights to assert different Rule 12(b) motions at a later time and do not intend to waive any such defenses.

This Court lacks subject matter jurisdiction over the non-Louisiana claims directed at Interstate Fire in *Amato* because the state law governing the non-Louisiana claims (unlike Louisiana with its unique direct action statute) expressly prohibit direct actions by allegedly injured third parties like the *Amato* Plaintiffs here. Because these Plaintiffs lack any substantive right to bring such a direct action, they lack standing and their claims are subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure as this Court has recognized previously.[4]

## BACKGROUND

Interstate Fire adopts the "Background" portion of the Brief submitted by the Insurance Committee,[5] as if set forth completely herein.

Plaintiffs at issue in Interstate Fire's Motion assert claims relating to homes in states other than Louisiana, including Florida, and that allegedly relate to CGL policies that were issued or delivered in these states and elsewhere. Plaintiffs listed in the attached Exhibit "A" have made claims against Interstate Fire, and these Plaintiffs' claims against Interstate Fire should be dismissed.

## LEGAL STANDARDS

Interstate Fire adopts the "Legal Standards" portion of the Brief submitted by the Insurance Committee,[6] as if set forth completely herein.

---

[4] *See, e.g., Essex Co. v. Bayou Concession Salvage*, 942 F. Supp. 258, 260-61 (E.D. La 1996) (Fallon, J.) (dismissing action for lack of subject matter jurisdiction because there was no case or controversy when the applicable Texas direct action statute prohibited the direct action).

[5] Rec. Doc. No. 8366.

**THE LOUISIANA DIRECT ACTION STATUTE AND SCOPE OF THIS BRIEF**

Interstate Fire adopts "The Louisiana's Direct Action Statute and Scope of this Brief" portion of the Brief submitted by the Insurance Committee, as if set forth completely herein.

**ARGUMENT**

**I. Federal Courts Lack Subject Matter Jurisdiction Over Direct Action Claims Brought By Injured Third-Parties Like Plaintiffs Here Where The Applicable State Law Prohibits Such Direct Actions.**

Interstate Fire adopts Section I of the Argument portion of the Brief submitted by the Insurance Committee,[7] as if set forth completely herein.

**II. The Non-Louisiana Claims Are Barred By The Applicable States' Laws That Govern Such Claims.**

Interstate Fire adopts Section II of the Argument portion of the Brief submitted by the Insurer Committee,[8] as if set forth completely herein, and supplements Section II as follows:

Florida law applies to the determination of whether the Plaintiffs can file a direct action against Interstate Fire concerning the policies it allegedly issued to OCD/Centerline. Florida law or, alternatively, California law, applies to the determination of whether the Plaintiffs can file a direct action against Interstate Fire concerning the policies it allegedly issued to Lennar. The homes related to the Interstate Fire/Lennar policy at issue in this suit are all located in Florida. The policy was issued to Lennar in California. The law of each of these states is clear - these

---

[6] Rec. Doc. No. 8366.

[7] Rec. Doc. No. 8366.

[8] Rec. Doc. No. 8366.

Plaintiffs, as alleged injured third parties that have not secured a judgment against or settlement with the insured, lack standing to prosecute *any* claim against Interstate Fire, which mandates dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Attached as Exhibit "A" is a chart that lists the respective Plaintiffs and alleged Insured Defendants (including the various OCD[9], Centerline[10] and Lennar[11] entities). This chart shows that all of these claims are subject to dismissal.

### A.     Florida law prohibits direct actions.

Florida law applies to the determination of whether the Plaintiffs can file a direct action against Interstate Fire concerning the policies it allegedly issued to the Lennar, OCD and Centerline entities. Interstate Fire adopts the Section II(B) of the Argument portion of the Brief submitted by the Insurance Committee,[12] as if set forth completely herein.

### B.     California law also prohibits direct actions.

If this Court finds that Florida law does not apply to the determination of whether the Plaintiffs can file a direct action against Interstate Fire concerning the policy it allegedly issued to the Lennar entities, then California law applies. Similar to Florida law, California law also

---

[9]   The OCD entities include: Ocean Coast Drywall, Inc. f/k/a Ocean Coast Drywall of S. Florida, Inc.

[10]  The various Centerline entities include: Centerline Homes at Delray, Inc., Centerline Homes at Georgetown, LLC, Centerline Homes at Port St. Lucie, LLC, Centerline Homes at Tradition, LLC, Centerline Homes at Vizcaya, Inc., Centerline Homes Construction, Inc., Centerline Homes, Inc., and Completed Communities II, LLC.

[11]  The various Lennar entities include: Lennar Corporation and Lennar Homes, LLC.

[12]  Rec. Doc. No. 8366.

- 5 -

prohibits an injured party from bringing suit directly against a liability insurer, unless and until the injured party secures a judgment against the insured wrongdoer.

When California law applies, the direct action rights of a third-party plaintiff are governed by California Insurance Code section 11580(b)(2). According to that section, an action based on property damage may be brought against the insurer on the policy *after* a judgment is secured against the insured.

Under subdivision (b)(2) of section 11580, every liability insurance policy issued in California must include a "provision that whenever judgment is secured against the insured ... in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment."[13] This provision is read into every policy issued or delivered in California, so even if such a provision is not actually contained in the policy, the policy "shall be construed as if such provisions were embodied therein."[14]

As a general rule, absent an assignment of rights or a final judgment, a third party claimant may not bring a direct action against an insurance company on the contract because the

---

[13] *McKee v. National Union Fire Ins. Co.*, 15 Cal.App.4th 282, 285, 19 Cal.Rptr.2d 286 (1993).

[14] CAL. INS. CODE § 11580.

insurer's duties flow to the insured.[15]  No exceptions to this general rule are applicable to this matter.[16]

Thus, under California law, a direct action cannot be brought against an insurer until there is a judgment against the insured.[17]  Under section 11580 the judgment against the insured is clearly an essential element of the claimant's right to recover against the insurer.[18]  Therefore, if California law applies to the determination of whether the Plaintiffs can file a direct action against Interstate Fire concerning the policies it allegedly issued to the Lennar, then Plaintiffs cannot bring these claims against Interstate Fire unless and until there is a judgment against Lennar.

Here, the putative class members are attempting to sue Interstate Fire for declaratory relief without even alleging (because they cannot) that they have entered into settlements with or obtained verdicts against, the alleged Insured Defendants.  As California law expressly prohibits such claims, this Court should dismiss all claims against Interstate Fire that are governed by California law.

---

[15] *Harper v. Wausau Insurance Company*, 56 Cal.App.4th 1079, 66 Cal.Rptr.2d 64 (1997), *citing* (*J.C. Penney Casualty Ins. Co. v. M.K.* 52 Cal.3d 1009, 1018, 278 Cal.Rptr. 64, 804 P.2d 689 (1991); *Clemmer v. Hartford Insurance Co.* 22 Cal.3d 865, 889, 151 Cal.Rptr. 285, 587 P.2d 1098 (1978); *Murphy v. Allstate Ins. Co.* 17 Cal.3d 937, 943-944, 132 Cal.Rptr. 424, 553 P.2d 584 (1976).)

[16] *See*, *e.g*., *id*.

[17] *Rose v. Royal Ins. Co. of America*, 2 Cal.App.4th 709, 718, 3 Cal.Rptr.2d 483 (1991).

[18] *Wright v. Fireman's Fund Insurance Companies*, 11 Cal.App.4th 998, 1015, 14 Cal.Rptr.2d 588 (1992).

**III. Litigating Coverage In the MDL Proceedings Is Contrary To the Rationale Expressed By the JPML In Its Orders Denying Transfer of Coverage Actions to the MDL.**

Interstate Fire adopts the Section III of the Argument portion of the Brief submitted by the Insurance Committee,[19] as if set forth completely herein.

### CONCLUSION

For all the foregoing reasons, Interstate Fire respectfully requests that this Court enter an order dismissing all of the non-Louisiana claims against it for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Respectfully submitted:

/S/ GARY J. RUSSO
GARY J. RUSSO (10828)
MEGAN E. DONOHUE (32429)
*Attorneys for Interstate Fire & Casualty Company*
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
P. O. Drawer 3408
Lafayette, LA 70502-3408
Telephone: (337) 262-9000
Fax: (337) 262-9001
Email: grusso@joneswalker.com
Email: mdonohue@joneswalker.com

---

[19] Rec. Doc. No. 8366.

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Interstate Fire & Casualty Company's Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United states District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/S/ Gary J. Russo
GARY J. RUSSO