# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

**THIS DOCUMENT RELATES TO**
*Amato v. Liberty Mutual Insurance Co.*, No. 10-932

MDL No. 2047
SECTION L
JUDGE FALLON
MAG. JUDGE WILKINSON

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(1) FOR IMPROPER DIRECT ACTION ON FIRST PARTY PROPERTY POLICY OF LANDMARK AMERICAN INSURANCE COMPANY

This Court has no subject-matter jurisdiction with regard to any claims in the Amato Amended Complaint against Landmark American Insurance Company ("Landmark"). According to the *Amato* Amended Complaint, the only basis for subject-matter jurisdiction over the claims involving Landmark is the Louisiana Direct Action Statute.[1] However, that statute applies only to third-party property policies, and the only Landmark policy identified in the *Amato* Amended Complaint is a first-party commercial property excess policy ("Commercial Property Policy"). None of the Plaintiffs[2] in the *Amato* Amended Complaint are insureds under the policies issued by Landmark. Thus, the Plaintiffs do not have the right to bring a Direct Action against Landmark under Louisiana law. Accordingly, all claims against Landmark should be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## I.    FACTUAL BACKGROUND

The *Amato* Amended Complaint lists Landmark as an insurer of Taylor-Woodrow Communities at Varasi, LLC a/k/a Taylor Morrison Construction Company. Landmark issued a

---

[1] Landmark has joined in the arguments made by the Insurance Steering Committee regarding the improper use of the Direct Action statute as it applies to non-residents of Louisiana. *See*, R. Doc. 8366.

[2] *See*, Exhibit A, attached hereto, which sets forth the names and addresses of the plaintiffs to which this Motion is applicable.

1

commercial property policy, policy number HD340232 with a policy period of 3/31/2006 to 3/31/2007 to Taylor Woodrow Inc. [3]  This policy provides, in pertinent part, that Landmark "agrees to indemnify the insured named in the schedule herein [Taylor Woodrow, Inc] in respect of direct physical loss or damage to the property described in the schedule while located or contained as described in the schedule, occurring during the period stated by the schedule and caused by any of such perils as are set forth in Item 3 of the schedule and which are also covered by and defined in the policy(ies) specified in the schedule…"

The schedule lists the following commercial property in the "Excess Physical Damage Schedule:" "Building, Personal Property, Business Income, Builder's Risk, Accounts Receivable, Contractor's Equipment." As is clear from the language of the policy, Landmark's policy does not cover liability and/or the amounts the insured is obligated to pay as damages.

In the *Amato* Amended Complaint, four (4) plaintiffs make claims against Landmark in its capacity as an insurer of Taylor Woodrow: Christine and Robert Akers; Larry and Rene Galvin; Allan Neumann; and, Jim Tarzy (collectively, "claimants"). The allegations against Landmark are, at best, vague. Presumably, the claimants in *Amato* seek to establish coverage under the Landmark policy for property damage to their properties.[4] None of the claims against Landmark are brought by its policy holder, Taylor Woodrow.

## II.     LAW AND ARGUMENT

### A.     Landmark's Policy is a First –Party Policy

It is apparent from the allegations of the *Amato* Amended Complaint that the Plaintiffs are attempting to join Landmark in this action pursuant only to the Louisiana Direct Action Statute, La. R.S. §22:1269. This is improper because the Louisiana Direct Action Statute applies

---

[3] *See,* Exhibit 2 to Landmark's Insurer Profile Form, attached hereto as Exhibit B, *in globo.*
[4] The subject matter properties are also listed in Exhibit A.

only to liability insurance policies providing third party coverage and not first party property policies. The Landmark policy issued to Taylor Woodrow was a commercial property excess policy; as such, it does not provide third-party liability coverage.

Louisiana Courts of Appeal have recognized that commercial property insurance operates for the benefit of the insured and not for third parties. *See*, e.g., *Donald M. Clement, Contractor Inc. v. Se. Industrial Contracting, Inc.,* 425 So. 2d 1005, 1006-07 (La. App. 5th Cir., 1983). Recently, the Louisiana First Circuit Court of Appeal held that the plaintiffs therein were not authorized to bring a direct action against their first party property insurer, Continental Casualty Company because the first party property policy was not a liability or indemnity policy. *See, TCC Contractors, Inc. v. Hospital Service District No. 3 of Parish of Lafourche,* 2010-0685 (La. App. 1st Cir., 12/8/10); 52 So. 3d 1103, 1115. In discussing what sort of insurance coverage a first party property policy is, the Court stated:

> The policy at issue is a policy of commercial property insurance, not a policy of liability insurance, because it covers damage to the insured's property for the insured's benefit, not the liability of the insured for damages of others. Property insurance, as first-party coverage, generally does not respond to third-party claims.

*Id.* at 1110. Further, the First Circuit explained that "[p]roperty insurance is considered "first-party" insurance, in the sense that it covers a loss sustained by the insured, the first party to the insurance contract, as opposed to liability or "third-party" insurance, which covers the insured's liability to a third party (a non-party to the insurance contract) for that party's loss. *Id.* at n.6.

Consistent with the definition of first party policies relied upon in the *TCC* case, *supra,* the coverage in Landmark's commercial excess property policy issued to Taylor Woodrow is for "direct physical loss or damage to the property" as set forth in the schedule. Accordingly, the Landmark policy provides first-party insurance to Taylor Woodrow, not liability coverage for

Taylor Woodrow's liability to third parties.   That is, they provide indemnity to the named insured for physical damage to insured property caused by a covered peril.   They do not provide general commercial liability coverage.

**B.      The Louisiana Direct Action Statute Does Not Apply to First-Party Property Policies**

By its very terms, the Louisiana Direct Action Statute, La. R.S. §22:1269(A) involves only a "policy or contract of liability insurance." As such, Louisiana courts consistently reject the application of the Louisiana Direct Action Statute in connection with a first party property insurance policy.   For example, in the *Crescent City Pediatrics v. Bankers Insurance Company,* the court noted that:

> This dispute does not involve liability insurance, which protects the insured from its liability to third parties.   Instead, Crescent City's claim is a first-party action by an insured against its own insurer for coverage allegedly due under the insurance contract between the parties.   As other courts, including those in this circuit, have held, such action is not a "direct action"....

459 F. Supp. 510, 513 (E.D. La., 2006). *See also, RSUI Indemnity Company v. Louisiana Rural Parish Insurance Co-Op.,* 2009 WL 2606092 (W.D. La., 2009)("thus, plaintiff's claims against LRPIC are clearly first party subrogation claims and not direct action claims"); *Tosh v. State Farm Fire and Casualty Co.,* 2006 WL 3772222 (E.D. La., 2006)("[t]he Louisiana direct action statute does not apply to this first party claim by an insured versus her own homeowner's insurer").

The claimants are not insureds under the Landmark policy, nor are they additional insureds.   Further, Landmark's policy is a first party commercial excess property policy, which provides coverage to its insured for covered "direct physical loss or damage to the property," and does not provide third party liability coverage.   As the policy in question is a first party property policy, the claimants are not authorized to bring a claim against Landmark under the terms of the

Louisiana Direct Action Statute.  Accordingly, the claimants have failed to state a claim upon which relief can be granted.

## III.    CONCLUSION

To the extent that the *Amato* Amended Complaint purports to bring a Direct Action against Landmark with regard to the claims arising out of Chinese manufactured drywall, there is no right to a Direct Action under Louisiana law.  Therefore, with regard to all claims against Landmark arising in connection with the Taylor Woodrow first party commercial property policy, the claimants have failed to state a cause of action upon which relief can be granted.  As such, all claims in this action against Landmark should be dismissed with prejudice.

Respectfully submitted:

    */s/Melissa M. Swabacker*
JUDY L. BURNTHORN (17496)
JAMES W. HAILEY, III (23111)
MELISSA M. SWABACKER (32710)
**DEUTSCH, KERRIGAN & STILES LLP**
755 Magazine Street
New Orleans, LA  70130
Phone: (504) 581-5141
Fax: (504) 566-4022
jburnthorn@dkslaw.com
mswabacker@dkslaw.com

*Counsel for Landmark American Insurance Company*

5

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Law in Support of Motion to Dismiss Pursuant to Rule 12(B)(1) for Improper Direct Action on First Party Property Policy of Landmark American Insurance Company has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/ *Melissa M. Swabacker*
MELISSA M. SWABACKER