UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CASE NO. 2:09-MD-02047 |
| | SECTION L |
| | JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | MAG. JUDGE WILKINSON |

HARLEYSVILLE MUTUAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS PURSUANT TO
THE FEDERAL ABSTENTION DOCTRINE

### Introduction

Harleysville Mutual Insurance Company ("Harleysville") respectfully requests that this Honorable Court abstain from hearing this case pursuant to the Federal Abstention Doctrine. Prior to Plaintiffs' filing of this case, Harleysville filed a declaratory judgment action, which remains pending and in active litigation in the Circuit Court of Jefferson County, Alabama. All of the relevant parties to this insurance coverage matter, including the Plaintiffs in Amato asserting claims against Harleysville's insured, are before the Alabama state court. Because the issues in this case as they relate to Harleysville will be controlled by Alabama law, as more fully set forth in Harleysville's Additional Memorandum of Law in Support of the Insurance Steering Committee's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. 8376), and because the Alabama state court case is already in active litigation and has been since before the filing of the Amato complaint, Harleysville moves this Court to abstain from exercising jurisdiction over the claims against Harleysville and also dismiss Harleysville from this case.

### Statement of Facts

**A.    Alabama Litigation**

Harleysville's insured, Mazer's Discount Home Centers (hereinafter referred to as "Mazer"), was named as a defendant in several putative class action lawsuits filed by Plaintiffs

seeking damages allegedly caused by the sale of Chinese Drywall. Mazer submitted these lawsuits to Harleysville for defense and indemnity. After reviewing those submitted lawsuits, Harleysville issued a reservation of its rights to Mazer, and provided, and continues to provide, a defense to Mazer under that reservation of rights.

On November 19, 2009, pursuant to the Alabama Declaratory Judgment Act[1] Harleysville filed a Complaint for Declaratory Judgment in the Circuit Court of Jefferson County, Alabama, CV 09-3513, against its insured, Mazer, the Plaintiff asserting claims against Mazer, and other insurers of Mazer.[2] Complaint (without exhibits) attached hereto as Exhibit A. This Complaint for Declaratory Judgment sought a declaration of Harleysville's rights and obligations under policies of insurance issued to Mazer regarding the lawsuits alleging that Mazer sold defective Chinese drywall that caused property damage and bodily injury. Exhibit A, ¶¶ 13-15. Additionally, Harleysville requested a declaration of its liability for a specified percentage and/or portion of defense and indemnity that represented a fair allocation among all insurers of Mazer. Exhibit A, pp. 18-19.

Since the filing of the original Complaint in the Alabama state court, there have been amendments to the Complaint, as well as the filing of Cross-Claims and Third-Party Claims.[3] In one of those filings, additional Amato Plaintiffs Danny and Cathy Headley, Jeremy Macon, Brenda Owens and Stanley and April Thornton were added to the action. See Exhibit B, ¶¶ 35-

---

[1] Ala. Code § 6-6-220, et seq. Although the Alabama Declaratory Judgment Act allows an insurer to name a plaintiff suing its insured as a defendant in a declaratory judgment action, the Supreme Court of Alabama has specifically held the Act does not allow the reverse – a plaintiff cannot name a defendant's insurer in a suit until after a judgment or settlement has been obtained against the defendant. See State Farm Mut. Auto. Ins. Co. v. Brown, 894 So. 2d 643 (Ala. 2004); see also Norton v. Belarus Machinery of USA, Inc., 2005 WL 1501452 (M.D. Ala. June 23, 2005).

[2] Amato Plaintiff, Samuel Ledford, and Cincinnati Insurance Company were named Defendants in the original filing. Since that original filing, Wesco Insurance Company, QBE Insurance Company, CNA Insurance Company, and all of the Amato Plaintiffs with claims against Harleysville have all been added as parties to the Alabama state court declaratory judgment action.

[3] Only such filings that are relevant have been discussed in this Memorandum.

40.[4] In short, Mazer, all its insurers and all <u>Amato</u> Plaintiffs are currently before the Circuit Court of Jefferson County, Alabama, in litigation regarding the rights and obligations as to insurance coverage of Chinese drywall actions involving Mazer.  The Alabama state court declaratory judgment litigation continues to progress. All parties to the Alabama state court litigation have answered, discovery has been issued and responses have been provided, and the court has issued a case management order.

**B.   Federal Litigation**

On May 11, 2010, Plaintiffs filed their Amended Omnibus Class Action Complaint (V) (hereinafter referred to as "<u>Amato</u>").  Doc. 3132 to 3132-6.  In the <u>Amato</u> action, the Plaintiffs invoked diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act, 28 U.S.C. § 1711, <u>et</u> <u>seq</u>., as well jurisdiction pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201.  Doc. 3132, ¶ 1.  The <u>Amato</u> action identifies Harleysville Mutual Insurance Company as an Insurance Company Defendant.  Doc. 3132-1, ¶ 478.

In <u>Amato</u>, the Plaintiffs identified Mazer's Discount Homes Centers, Inc. as an importer, exporter, distributor, supplier or broker of Chinese drywall.  Doc. 3132-1, ¶ 543.  Mazer is located in Jefferson County, Alabama and was issued insurance by Harleysville in Jefferson County, Alabama.  <u>See</u> certified copies of the Harleysville policies attached as Exhibit A to Harleysville's Additional Memorandum of Law in Support of the Insurance Steering Committee's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. 8376. The policies were issued to Mazer at the following address: #2 South 41st Street, Birmingham, AL 35222-1929.  <u>See</u> Doc. 8376, Exhibit A. Additionally, Mazer's principal place of business is located in Birmingham, Alabama.  <u>See</u> Doc. 8376, Exhibits A and B.

The <u>Amato</u> Complaint seeks the exact same declaratory relief against Harleysville as sought in the previously filed Alabama state court declaratory judgment action that is being

---

[4] The scheduling order entered by the Circuit Court of Jefferson County, Alabama states that "Any and all cross-claims and/or compulsory counterclaims among the parties are deemed asserted and denied."

actively litigated in that forum. Regardless of the exact issues being previously litigated in Alabama among the exact same parties, the Amato Complaint identifies Harleysville as a part of Subclass 50. Doc. 3132-1, p. 131. Such a subclass is identified as follows:

> All owners and residents (past or present) of real property located in the United States containing Chinese drywall, where each of the Insured Defendants identified in Schedule1 was the distributor, supplier, importer, exporter, broker, builder, developer, contractor, or installer of the property, and where the Insurance Company Defendants identified in Schedule 1 provided an Insurance Policy covering the Insured Defendant.

Doc. 3132-1, p. 129.

Schedule 1 of the Amato Complaint identifies the alignment of the representative Plaintiffs with the appropriate Insured Defendant(s) and Insurance Company Defendant(s). Doc. 3132-4, Schedule 1. A review of Schedule 1 shows the following Plaintiffs identified with Mazer and thereby associated in Subclass 50: Samuel Ledford, Danny and Cathy Headley, Jeremy Macon, Brenda Owens and Stanley and April Thornton. Doc. 3132-4, pp. 92-93. Each Plaintiff is making a claim relating to a home located in the State of Alabama. See Id. and Doc. 3132, ¶¶ 197, 249, 256, 299 and 395. Each Plaintiff is also making similar claims as to Cincinnati Insurance Company (Subclass #31), Continental Casualty Company (Subclass #33) and Wesco Insurance Company (Subclass #94). See Doc. 3132-4, Schedule 1.[5]

As to the claims made against Harleysville in the Amato Complaint, the only requested action is a declaratory judgment whereby the Plaintiffs request a declaration that the Insurance Company Defendants are obligated to indemnify the Insured Defendants in connection with the underlying claims.[6] Doc. 3132-1, Count I. Because this very issue is pending, and has been pending prior to the filing of the Amato Complaint, in the Alabama state court declaratory

---

[5] Although QBE Insurance is also an insurer of Mazer and is a party to the Alabama state court declaratory judgment action, QBE is not an insurer against whom the Amato plaintiffs have asserted claims.

[6] The Plaintiffs state that their claim for equitable and injunctive relief is made against All Defendants but a review of the assertions of this Count make it clear that no facts have been alleged related to any of the Insurance Company Defendants, accordingly that claim is inapplicable. Doc. 3132-1, Count XIV.

4

judgment action, Harleysville respectfully requests that this Honorable Court abstain from hearing this matter, and dismiss Harleysville from this case.

## Applicable Law

### A.    History Of The Abstention Doctrine

In Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 62 S. Ct. 1173 (1942), an insurer, anticipating a suit, sought a declaration in federal court of nonliability on an insurance policy. The District Court dismissed the action because of a pending state court proceeding to which the insurer had been added as a defendant. The Supreme Court upheld the dismissal by the District Court and made it clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act. Brillhart, 316 U.S. at 494. The Court reasoned that districts courts are under "no compulsion" to exercise jurisdiction under the Declaratory Judgment Act. Id. Furthermore, it would "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Also, "[g]ratuitous interference with the orderly comprehensive disposition of a state court litigation should be avoided." Brillhart, 316 U.S. at 495.

In Wilton v. Seven Falls Co., 515 U.S. 277 (1995), the United States Supreme Court declared that a District Court's decision to stay a declaratory judgment action during parallel state court proceedings is governed by the discretionary standard of Brillhart. Wilton, 515 U.S. at 289-290. The Court reasoned that there was nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action and that the Declaratory Judgment Act created an opportunity for a federal court, not a duty. As such, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288.

Based on this jurisprudence, the Fifth Circuit has held that the propriety of a federal court's decision not to hear a declaratory judgment is governed by Brillhart. Granite State Ins. v.

Tandy Corp., 986 F.2d 94, 95-96. (5th Cir. 1992). In short, the Declaratory Judgment Act gives this Court a choice, not a command. Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 601 (5th Cir. 1983)(affirming the District Court's dismissal of a federal declaratory judgment action because there was already a pending parallel state court proceeding). With this context in mind, Harleysville moves this Honorable Court to abstain from hearing the claims against Harleysville, and submits that those claims be dismissed in light of the pending Alabama state court proceeding where the same issues and same parties have been litigating the same issues since 2009.

**B.  Brillhart Abstention Is Proper Under Fifth Circuit Law.**

A review of case law makes it clear that this Court should abstain from hearing this case in light of the Alabama state court action in which identical issues of insurance coverage are currently being determined among these identical parties.[7] No statement summarizes this Circuit's law better than this:

> Thus, where a contemporaneous state proceeding will resolve expeditiously all issues in controversy, this Court should defer to the state court proceeding by declining to exercise jurisdiction under 28 U.S.C. § 2201, especially in a matter interpreting state law.

Canadian Universal Ins. Co. v. Thibaut Oil Co., 622 F.Supp. 1055, 1057-1058 (E.D. La. 1985) (citation omitted).[8] Furthermore:

> Where the whole controversy may be heard in contemporaneous state court proceedings, [the plaintiff] has no right to an adjudication of its interests (under state law) in this Court. The public interest demands that the time of the federal courts be more judiciously spent.

Thibaut, 622 F.Supp. at 1058 (citations omitted).

---

[7] The Eastern District of Louisiana has dismissed declaratory judgment actions based on the abstention doctrine. See Home Indemn. Co. v. Lowery Bros. Rigging Center, Inc., 1998 WL 754555 (E.D. La. Oct. 22, 1998) (dismissing a federal court action and holding that an already pending state court action was appropriate forum because the parties and issues were before the state court and the state court could grant the same relief as the federal court).

[8] The Declaratory Judgment Act states, in part, that "...any court of the United States, upon filing of an appropriate pleading, **may** declare the rights and other legal relations of any interested party seeking such declaration..." 28 U.S.C. § 2201 (emphasis added).

6

The Fifth Circuit has enunciated several nonexclusive factors to consider in determining whether to decide a declaratory judgment is proper including: (1) pending state court proceedings in which the matters in controversy between the parties may be litigated; (2) the declaratory judgment is being used for the purpose of forum shopping; (3) the state court proceeding provided a forum for the resolution of all disputes and (4) the possible inequities in permitting the plaintiff to gain precedence in time and forum and the inconvenience to the parties or the witnesses. Granite State Ins. Co. v. Tandy Corp., 986 F.2d 94, 96 (5th Cir. 1992) (citation omitted). The Court has also considered whether retaining the lawsuit in federal court would serve the purposes of judicial economy. Mission Ins. Co. v. Puritans Fashions Corp., 706 F.2d 599, 602 (5th Cir. 1983). Although a review of these factors demonstrates that pursuant to each of them this Court should dismiss this action in favor of the Alabama declaratory judgment action, it is not mandatory that they all be met. Granite State, 986 F.2d at 96.

**1.     The Pending State Court Litigation Is Parallel To The Present Action, Will Serve The Purposes Of Judicial Economy And Will Settle All Disputes.**

In determining the propriety of abstention, a paramount concern is whether there is a pending state action in which all the matters in the controversy can be fully litigated. Axis Reinsurance Co. v. Melancon, 2007 WL 274805, *4 (E.D. La. 2007). That is the exact situation here. If the federal court litigation against Harleysville is allowed to proceed, in effect, this will allow the Plaintiffs to duplicate the entire Alabama case in Louisiana, creating a situation in which two courts are considering the very same issues among the very same parties. Courts in the Eastern District of Louisiana have held such duplicative litigation presents the risk of inconsistent results and is a waste of judicial resources. Westport Ins. Corp. v. St. Martin, 2007 WL 454878, *2 (E.D. La. 2007). Here, the Alabama action, which is currently pending, will fully litigate all the coverage matters between Mazer, its insurers and those Amato Plaintiffs bringing claims against Mazer. There is no need for duplicative federal litigation of the same issues.

Also, retaining the present federal lawsuit would not serve the purposes of judicial economy. There are a very limited number of Plaintiffs in Amato asserting claims against Harleysville. However, the Alabama state court declaratory judgment action addresses those Amato Plaintiffs' claims against Harleysville, as well as a broad scope of other plaintiffs' claims against Mazer, and any potential allocation of defense costs and indemnity due to Mazer by all of its respective insurers.[9] Accordingly, the Alabama state court litigation is broader in scope and will resolve all issues among the parties in Amato, as well as additional other parties. See Highlands Ins. Co. v. A.E. Investments, Inc., 637 F.Supp. 213, 214 (E.D. La. 1986) (dismissing the case because state court action was the proper forum because it would fully resolve all issues in dispute among the parties, including several raised only by way of counterclaim or cross claim and possibly others not raised at all in the federal suit); Sphere Drake Ins. Co. v. Tiger Tennis Camp, 839 F.Supp. 403, 405 (M.D. La. 1993) (dismissing the case if favor of an already pending state court proceeding because there may be other insurance policies at issue involving similar and perhaps additional questions, and concluding that is best handled by one forum). The Alabama state court declaratory judgment action, then, will adjudicate all the issues arising out of the insurance issued to Mazer by all of its insurers during the applicable time period, not just the limited issue before this Court. As such, the Alabama state court is in a position to render a unitary decision on this case in relation to all claims made against Mazer in relation to all applicable insurance policies.

2.     **The Declaratory Judgment Before This Court Is Purely A State Law Issue.**

The Fifth Circuit Court of Appeals has held that when "the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issue is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." Trent v. National City Bank of Indiana, 14 Fed.Appx.

---

[9] In fact, the scope of the Alabama state court declaratory judgment action is broader because Plaintiffs with claims against Mazer outside the MDL are also added to that state court declaratory judgment action.

8

896 (5th Cir. 2005) (citing Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 390-391 (5th Cir. 2003)). Additionally, notions of comity suggest that the state courts ought to have the first opportunity to settle matters of purely state law. Canadian Universal Ins. Co. v. Thibaut Oil Co., 622 F.Supp 1055, 1058 (E.D. La. 1985). Where the issue is one of purely state law, a federal court exercising jurisdiction in a case like this would be committing "gratuitous interference with the orderly and comprehensive disposition of a state court litigation" which is to be avoided. Thibaut, 622 F.Supp. at 1058. In the present case, the issues before this Court involve insurance policies issued to an Alabama insured regarding claims by Alabama citizens such that the only law at issue is Alabama law.[10] There are no issues requiring the interpretation of federal law.

### 3.     All Necessary Parties Are Joined In The State Court Litigation.

In the Alabama state court action, Mazer, all of its insurers, and Plaintiffs with claims against Mazer, have been joined via the Complaint or through cross-claims, counterclaims or third-party complaints. The present action before this Honorable Court, however, includes only seven of the Plaintiffs making claims against Mazer but no others, and, therefore, does not include all known Plaintiffs making claims again Mazer. Additionally, the Alabama state court action includes all known insurers of Mazer so that if Mazer's insurers are required to provide coverage, the court can determine proper allocation among the insurers. Neither these issues nor all of Mazer's insurers are before this Honorable Court. Therefore, this factor favors abstention.

### 4.     There Is Certainty Of Piecemeal And/Or Duplicative Litigation If Both Cases Proceed.

The certainty of piecemeal and duplicative litigation favors abstention in this case. The potential coverage questions based on exclusions, such as the pollution exclusion, will be

---

[10] For a full discussion of Alabama law applicable to this proceeding, including choice of law considerations, see Harleysville's Additional Memorandum of Law in Support of the Insurance Steering Committee's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. 8376.

9

substantial and intensive such that duplicative discovery and motion practice, as well as the potential for inconsistent rulings in the state and federal forums, is a genuine concern. Clarendon American Ins. Co. v. Grant, 2009 WL 511308, *2 (E.D. La. February 27, 2009). However, there is no danger of piecemeal litigation if this Honorable Court abstains from hearing this matter, allowing the Alabama state court to solely hear the issues. See Palmer v. Boucalt, 789 F.Supp. 211, 213 (M.D. La. 1992) (declining to hear a declaratory judgment action filed in federal court because allowing a state court suit filed previously to be the sole forum would avoid piecemeal litigation). If both the previously filed Alabama state court declaratory judgment action and this action proceed, there is a real possibility that the Alabama state court could resolve coverage questions differently from this Honorable Court, creating inconsistent results. Axis Reinsurance Co. v. Melancon, 2007 WL 274805, *5 (E.D. La. 2007). Therefore, this factor weighs in favor of abstention.

### 5. The Alabama Action Was Filed First And Has Progressed Further.

The Alabama state court action has been pending for almost a year and a half. The action in this Court against Harleysville has been pending only nine months. As such, abstention is proper. See Clarendon American Ins. Co. v. Grant, 2009 WL 511308, *2 (E.D. La. February 27, 2009) (dismissing a federal court action that wholly related to claims already being adjudicated in a state court case that had been pending for nearly a year). Moreover, the Alabama state court declaratory judgment action has progressed further: Defendants have answered the Complaint, the court has entered a case management order, and discovery has been served and answered. In the case before this Court, however, the Plaintiffs have not even finalized their complaint and the Defendants have not been required to answer or otherwise respond.

### 6. The Plaintiffs Are Forum Shopping.

A federal district court must give deference to a defendant's choice of state court as the forum to litigate coverage issues especially in light of forum shopping. See Palmer v. Boucvalt,

789 F.Supp. 211, 213 (M.D. La. 1992). Here, Harleysville filed a declaratory judgment action in Alabama state court in November, 2009. That action brings together all of the interested parties: Mazer, Plaintiffs asserting claims against Mazer, as well as the potential class members of any putative class, and Mazer's other insurers. Six months later, in June, 2010, Harleysville was added to this present action. If anything, the Plaintiffs are attempting to circumvent the pending Alabama action. Therefore, this factor weighs in favor of abstention.

### 7. Equities Favor Abstention.

Louisiana federal courts have recognized the inequity of a party having to defend a declaratory judgment in federal court after filing a suit over the same controversy in state court. Palmer v. Boucvalt, 789 F.Supp. 211, 213 (M.D. La. 1992). In the present case, almost eighteen months ago, Harleysville sought to determine its duty to defend and/or indemnify Mazer in relation to Chinese drywall cases. In doing so, Harleysville joined claimants against Mazer and every insurer of Mazer in an effort to obtain a global determination of coverage responsibilities. Since that time, Harleysville has actively litigated the Alabama state court declaratory judgment action. Harleysville now faces litigation involving some of the same claimants, the same policies, the same insured and the same insurers in federal court in a state where none of the relevant parties are located, where none of the relevant events occurred, and whose law will not be applied. Harleysville submits it is inequitable for it to be asked to re-litigate the same case in federal court that it instituted and is already litigating in Alabama. See Essex Ins. Co. v. Bourbon Nite-Life L.L.C., 2006 WL 304563, *6 (E.D. La. 2006) (holding that inequities exist in allowing a federal court declaratory judgment action to proceed resulting in a preclusive effect on an already-filed state court declaratory judgment action).

### 8. The Alabama Action Will Be More Convenient For The Parties And Witnesses.

The convenience of parties and witnesses has traditionally been considered in determining whether to hear a declaratory judgment action. Mission Ins. Co. v. Puritan

11

Fashions Corp., 716 F.2d 599, 602. (5th Cir. 1983). In making this evaluation, the Court should consider the ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, possibility of view of the premises and all other practical problems that make trial of this case easy, expeditious and inexpensive. Puritan Fashions, 706 F.2d at 602-603. This factor clearly weighs in favor of abstention because all of the relevant contacts related to claims against Mazer are in Alabama. The insured, Mazer, is located in Alabama, as are all the Plaintiffs and witnesses. Additionally, all the property allegedly damaged by the Chinese drywall at issue is located in Alabama. The Alabama state action, therefore, is the more convenient forum for all the parties and witnesses.

9.  **Louisiana Federal District Courts Have Applied Abstention In Cases Where The Insurer Was Added To A State Court Action Only Two Days Before The Federal Action Was Filed.**

Although the Alabama state court declaratory judgment action has progressed significantly, especially when compared to this Action which is at a preliminary stage, even if the state court action was not far in front of this case, abstention would be proper. Louisiana Federal District Courts, including the Eastern District of Louisiana, have applied the abstention doctrine even in cases where the state declaratory judgment action had not progressed in any substantial manner. In Essex Insurance Co. v. Bourbon Nite-Life L.L.C., 2006 WL 304563 (E.D. La. 2006), several lawsuits were filed in January of 2005 relating to incidents at a nightclub. Subsequently, in March of 2005, the insurer filed a declaratory judgment in federal court alleging coverage should be denied for the claims. Essex, 2007 WL at *1. Several defendants in the federal court action argued that the Court should abstain from hearing the case because the pending state action could resolve all issues. The Court agreed and held that the federal action would be unnecessarily duplicative. Id. at *5. The Court so held even though the insurer was not named in the state court action until March of 2005, two days prior to the filing of the federal complaint for declaratory judgment. Id. see also Clarendon America Ins. Co. v. Faulk & Foster Real Estate Services, 2005 WL 1523332 (W.D. La. 2005) (abstention doctrine applicable to

12

federal declaratory judgment action even though insurer bringing federal action was not added to state court action until almost 3 months after the filing of the federal court action). Such case law clearly supports the application of the abstention doctrine in the present case where the Alabama state court declaratory judgment action was pending for six months before Harleysville was added as a Defendant in this case.

## CONCLUSION

Considering the foregoing, Harleysville respectfully submits to this Honorable Court that it exercise its discretion to abstain from hearing the claims against Harleysville, and dismiss Harleysville from this case allowing all such issues regarding insurance coverage to be resolved in the previously filed Alabama state court declaratory judgment action.

James M. Smith
Stockham, Carroll, & Smith, P.C.
Attorney for Harleysville Mutual
Insurance Company
2204 Lakeshore Drive, Suite 114
Birmingham, AL 35209
Tel:    (205) 879-9954
Fax:    (205) 879-9990
Alabama State Bar: ASB-9466-I71J
Email: jms@stockhampc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Memorandum of Law in Support of Motion to Dismiss Pursuant to the Federal Abstention Doctrine has been served on Plaintiffs' Liaison Counsel, Russ Herman, (drywall@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, (kmiller@frilot.com), by U.S. Mail, and e-mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

_____
James M. Smith
Stockham, Carroll, & Smith, P.C.
Attorney for Harleysville Mutual
Insurance Company
2204 Lakeshore Drive, Suite 114
Birmingham, AL 35209
Tel:   (205) 879-9954
Fax:   (205) 879-9990
Alabama State Bar: ASB-9466-I71J
Email: jms@stockhampc.com