IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No.: |
| MAZER'S DISCOUNT HOME CENTERS, INC., CINCINNATI INSURANCE COMPANY, SAMUEL LEDFORD and A, B, C and D being the individuals or corporate entities that provided liability insurance coverage or otherwise agreed to indemnify Mazer's Discount Home Centers, Inc., anytime during the years of 2000 through present, whose true and correct names as a party Defendant are not known, but will be substituted by amendment when ascertained by the Plaintiff, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV200903513 |
| Defendants. | ) | |

CV200903513

FILED IN OFFICE

NOV 3 0 2009

ANNE-MARIE ADAMS
Clerk

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Harleysville Mutual Insurance Company ("Harleysville"), and submits to the Court as follows:

### PARTIES

1.    Harleysville Mutual Insurance Company is an insurance corporation organized and existing under the laws of the State of Pennsylvania. It is qualified to and does business under the laws of the State of Alabama.

2.    Defendant Mazer's Discount Home Centers, Inc. ("Mazer"), upon information and belief, is a Delaware corporation with its principal place of business in Jefferson County, Alabama.

3.    Defendant Cincinnati Insurance Company ("Cincinnati") is an insurance corporation organized and existing under the laws of the State of Ohio. Upon

information and belief, it is qualified to and does business under the laws of the State of Alabama.

4.      Defendant Samuel Ledford, upon information and belief, is an individual over the age of nineteen (19) residing in Talladega County, Alabama.

5.      Fictitious Defendants A, B, C and D are individuals or entities that issued liability insurance or otherwise agreed to defend and/or indemnify Mazer anytime between the year 2000 and the present.

## FACTS

6.      Harleysville issued Commercial General Liability Policies ("GL policies") to Mazer under policy number GL 3J2174 for the policy terms of 11/3/04 to 11/3/05 and, separately, 11/3/05 to 11/3/06.  (Attached hereto as Exhibit A).

7.      Harleysville also issued Commercial Liability Umbrella Policies ("Umbrella policies") to Mazer under policy number BE 3J2174 for the policy terms of 11/3/04 to 11/3/05 and, separately, 11/3/05 to 11/3/06.  (Attached hereto as Exhibit B).

8.      Following the expiration of the Harleysville policies, upon information and belief, Cincinnati issued to Mazer commercial general liability insurance and umbrella/excess insurance.

9.      On or about March 18, 2009, Samuel Ledford, filed a Class Action Complaint ("Original Complaint") in the United States District Court for the Northern District of Alabama, CV-09-0538, against Knauf Gips KG and Knauf Plasterboard Tianjin Co., Ltd. (collectively referred to as "Knauf") relating to the drywall manufactured and sold by Knauf. (Original Complaint attached hereto as Exhibit C).  Mazer was not named in this Original Complaint.

10.     On or about March 27, 2009, Ledford filed a First Amended Complaint, adding Mazer, as well as adding Ficticious Defendants A-Z. (See First Amended

2

Complaint attached hereto as Exhibit D). The factual allegations and damages requested in it are the same as those in the Original Complaint.

11.     On or about March 27, 2009, Ledford also filed his Corrected First Amended Complaint (hereinafter "Complaint"). In the Corrected First Amended Complaint, Ledford corrected his First Amended Complaint to include the fictitious Defendants as "Defendants" as used throughout the pleading - no other alterations appear to have been made to the First Amended Complaint. (See Complaint, attached hereto as Exhibit E).

12.     As to Mazer, Ledford asserts a claim for strict products liability. (Exhibit E, Complaint, Count III).

13.     Ledford alleges that Mazer sold drywall made in China that was defective because it was "made with waste material from scrubbers on coal-fired power plants, also called 'fly ash.' These materials can leak into the air and emit one of several sulfur compounds including sulfur dioxide and hydrogen sulfide." (Exhibit E, Complaint, ¶ 15, 17).

14.     Ledford claims that he owns a home located in Alpine, Alabama that was allegedly built using such defective drywall. (Exhibit E, Complaint, ¶ 6).

15.     Ledford claims damages for the cost of inspection, costs and expenses to replace and remove the defective drywall, as well as various personal injuries arising out of exposure to the sulfur dioxide and hydrogen sulfide that "leaked into the air" because the drywall was "made with waste" from coal-fired power plants. (See Exhibit E, Complaint, p. 22).

16.     Ledford seeks class action certification of his claims on behalf of himself "and all other similarly situated owners of homes in the State of Alabama" that were built with drywall made in China and "distributed, delivered, supplied . . . and/or sold by" Mazer. (Exhibit E, Complaint, ¶ 1).

3

17.    Upon information and belief, Mazer did not sell any drywall manufactured in China, if ever, until sometime after August 16, 2006.

18.    Harleysville is currently defending Mazer against Ledford's claims under a full reservation of rights.

<u>**THE INSURANCE POLICIES**</u>

19.    Harleysville Mutual Insurance Company issued two policies of general liability insurance to Mazer under Policy number GL 3J2174.   The first policy term was 11/3/2004 to 11/3/2005. The second policy term was 11/3/2005 to 11/3/2006. Both policies contained the following coverages, exclusions and definitions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.    **Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

                                    * * * * *

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)    The "bodily injury" or "property damage" occurs during the policy period; and

                                    * * * * *

2.    **Exclusions**

    This insurance does not apply to:

    f.    **Pollution**

4

    (1)    "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

\* \* \* \* \*

    (c)    Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

    (i)    Any insured; or

    (ii)    Any person or organization for whom you may be legally responsible; or

\* \* \* \* \* \*

**j.**    **Damage to Property**

"Property damage" to:

    (1)    Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

    (2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

    (3)    Property loaned to you;

    (4)    Personal property in the care, custody or control of the insured;

    (5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    (6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\* \* \* \* \*

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k.**    **Damage To Your Product.**

"Property damage" to "your product" arising out of it or any part of it.

l.      **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m.      **Damage To Impaired Property Or Property Not Physically Injured.**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work";

(2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n.      **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)     "Your product";

(2)     "Your work"; or

(3)     "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

* * * * *

**SECTION V – DEFINITIONS**

6

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \* \* \*

8. "Impaired Property" means tangible property, other than "your product" or "your work" which cannot be used or is less useful because:

    a.    It incorporates "your product" or "your work" that is known or thought to be defective deficient, inadequate or dangerous; or

    b.    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

    a.    The repair, replacement, adjustment or removal of "your product" or "your work"; or

    b.    Your fulfilling the terms of the contract or agreement.

\* \* \* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \* \*

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

\* \* \* \* \*

16. "Products-completed operations hazard":

    a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1) Products that are still in your physical possession; or

        (2) Work that has not yet been completed or abandoned . . . .

\* \* \* \* \*

17. "Property damage" means:

7

a.   Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.   Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * * * *

21.   "Your product"

a.   Means:

(1)   Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a)   You;

(b)   Others trading under your name; or

(c)   A person or organization whose business or assets you have acquired; and

* * * * *

b.   Includes

(1)   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

(2)   The providing or failure to provide warnings or instructions.

* * * * *

22.   "Your work"

a.   Means:

(1)   Work or operations performed by you or on your behalf; and

(2)   Materials, parts, or equipment furnished in connection with such work or operations.

b.   Includes

(1)     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2)     The providing of or failure to provide warnings or instructions.

20.     Additionally, Harleysville Mutual Insurance Company issued two separate umbrella policies to Mazer bearing number BE 3J2174.  The term of the first policy was 11/3/2004 to 11/3/2005.  The term of the second policy was 11/3/2005 to 11/3/2006.  Unless specifically noted herein, both umbrella policies contain the following coverages, exclusions and definitions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.      **Insuring Agreement.**

a.      We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to  defend the insured against any "suit" seeking damage for "bodily injury" or "property damage" to which this insurance does not apply. [1]

---

[1] This subsection in policy number BE 3J2174 with effective dates of 11/3/2004 to 11/3/2005 is slightly different.  In that policy, the second sentence reads as follows:

a.      We will have the right and duty to defend the insured against any "suit" seeking those damages when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted.

\* \* \* \* \*

b.   This insurance applies to "bodily injury" and "property damage" only if:

   (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2)   The "bodily injury" or "property damage" occurs during the policy period; and

\* \* \* \* \*

2.   **Exclusions**

This insurance does not apply to:

\* \* \* \* \* \*

i.   **Pollution**

   (1)   "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time; or

   (2)   "Pollution cost or expense".

This exclusion does not apply if valid "underlying insurance" for the pollution liability risks described above exists or would have existed but for the exhaustion of underlying limits for "bodily injury" and "property damage". Coverage provided will follow the provisions, exclusions and limitations of the "underlying insurance".

\* \* \* \* \*

m.   **Damage to Property.**

"Property damage" to:

   (1)   Property:

      (a)   You own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

\* \* \* \* \*

10

(2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3)    Property loaned to you;

(4)    Personal property in the care, custody or control of the insured;

(5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

＊ ＊ ＊ ＊ ＊

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**n.    Damage To Your Product.**

"Property damage" to "your product" arising out of it or any part of it.

**o.    Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**p.    Damage To Impaired Property Or Property Not Physically Injured.**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

11

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**q.    Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)    "Your product";

(2)    "Your work"; or

(3)    "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\* \* \* \* \*

## SECTION V DEFINITIONS

\* \* \* \* \*

3.    "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time.  "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

\* \* \* \* \*

8.    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

(a)    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

(b)    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work", or your fulfilling the terms of the contract or agreement.

\* \* \* \* \*

12

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * * * *

15.     "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

16.     "Pollution cost or expense" means any loss, cost or expense arising out of any:

    a.     Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

    b.     Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

17.     "Products-completed operations hazard":

    (a)     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1)     Products that are still in your physical possession; or

        (2)     Work that has not yet been completed or abandoned . . . .

* * * * *

18.     "Property damage" means:

    a.     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * * * *

13

19.   "Retained limit" means the available limits of "underlying insurance" scheduled in the declarations or the "self-insured retention", whichever applies.

* * * * *

23.   Ultimate net loss" means the total sum, after reduction for recoveries or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of settlement or judgments or any arbitration or other alternate dispute method entered into with our consent or the "underlying insurer's" consent.

24.   "Underlying insurance" means any policies of insurance listed in the declarations under the schedule of "underlying insurance".

* * * * *

27.   "Your product"

   a.   Means:

   (1)   Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      (a)   You;

      (b)   Others trading under your name; or

      (c)   A person or organization whose business or assets you have acquired; and

* * * * *

   b.   Includes:

   (1)   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

   (2)   The providing or failing to provide warnings or instructions.[2]

28.   "Your work"

---

[2] This subsection in policy number BE 3J2174 with effective dates of 11/3/2004 to 11/3/2005 is slightly different.  In that policy, this subsection reads as follows:

   (2) "Your product" includes the providing or failing to provide warnings or instructions.

14

    a.    Means:

        (1)    Work or operations performed by you or on your behalf; and

        (2)    Materials, parts, or equipment furnished in connection with such work or operations.

    b.    Includes

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        (2)    The providing of or failure to provide warnings or instructions.

\* \* \* \* \*

21.    In pleading specific policy language, endorsements, provisions, terms, exclusions and conditions, Harleysville, in no way, waives its plea that other policy language, endorsements, terms, provisions, exclusions and/or conditions may be applicable and reserves the right to amend this declaratory judgment to so allege.

## REQUEST FOR DECLARATORY RELIEF

22.    Harleysville submits that based on its investigation, the pleadings and policy number GL 3J2174 for the policy term 11/3/2004 to 11/3/2005, there is no "occurrence" triggering coverage under this policy, thus there is no duty to defend and/or indemnify pursuant to this policy.

23.    Alternatively, Harleysville submits that there is no coverage, or limited coverage, under the insuring agreements of policy number GL 3J2174 for the policy term 11/3/2004 to 11/3/2005, and/or such coverage is excluded, in whole or in part, by the "Pollution" exclusion, the "Damage to Property" exclusion, the "Damage to Your Product" exclusion, the "Damage to Your Work" exclusion, the "Damage to Impaired Property or Property Not Physically Injured" exclusion, and/or the "Recall of Products, Work or Impaired Property" exclusion, and/or some other applicable exclusion not specifically set forth herein.

24.     Harleysville submits that based on its investigation, the pleadings and policy number BE 3J2174 for the policy term 11/3/2004 to 11/3/2005, there is no "occurrence" triggering coverage under this policy, thus there is no duty to defend and/or indemnify pursuant to this policy.

25.     Alternatively, Harleysville submits that there is no coverage, or limited coverage, under the insuring agreements of policy number BE 3J2174 for the policy term 11/3/2004 to 11/3/2005, and/or such coverage is excluded, in whole or in part,  by the "Pollution" exclusion, the "Damage to Property" exclusion, the "Damage to Your Product" exclusion, the "Damage to Your Work" exclusion, the "Damage to Impaired Property or Property Not Physically Injured" exclusion, and/or the "Recall of Products, Work or Impaired Property" exclusion, and/or some other applicable exclusion not specifically set forth herein

26.     Harleysville also submits that based on its investigation and the pleadings there is no coverage under the insuring agreements of policy number GL 3J2174  for the policy term 11/3/2005 to 11/3/2006, and/or such coverage is excluded  by the "Pollution" exclusion, the "Damage to Property" exclusion, the "Damage to Your Product" exclusion, the "Damage to Your Work" exclusion, the "Damage to Impaired Property or Property Not Physically Injured" exclusion, and/or the "Recall of Products, Work or Impaired Property" exclusion, and/or some other applicable exclusion not specifically set forth herein.

27.     Harleysville further submits that based on its investigation and the pleadings there is no coverage under the insuring agreements of policy number BE 3J2174 for the policy term 11/3/2005 to 11/3/2006, and/or such coverage is excluded  by the "Pollution" exclusion, the "Damage to Property" exclusion, the "Damage to Your Product" exclusion, the "Damage to Your Work" exclusion, the "Damage to Impaired

16

Property or Property Not Physically Injured" exclusion, and/or the "Recall of Products, Work or Impaired Property" exclusion, and/or some other applicable exclusion not specifically set forth herein.

28.     Harleysville alternatively submits that based on its investigation and the pleadings that there is limited coverage, if any, available under policy number GL 3J2174 for the policy term 11/3/2005 to 11/3/2006, pursuant to the applicable coverages and/or exclusions, including, but not limited to, the "Insuring Agreement," the "Pollution" exclusion, the "Damage to Property" exclusion, the "Damage to Your Product" exclusion, the "Damage to Your Work" exclusion, the "Damage to Impaired Property or Property Not Physically Injured" exclusion, and/or the "Recall of Products, Work or Impaired Property" exclusion.

29.     Harleysville alternatively submits that based on its investigation and the pleadings that there is limited coverage, if any, available under policy number BE 3J2174 for the policy term 11/3/2005 to 11/3/2006, pursuant to the applicable coverages and/or exclusions, including, but not limited to, the "Insuring Agreement," the "Pollution" exclusion, the "Damage to Property" exclusion, the "Damage to Your Product" exclusion, the "Damage to Your Work" exclusion, the "Damage to Impaired Property or Property Not Physically Injured" exclusion, and/or the "Recall of Products, Work or Impaired Property" exclusion.

30.     Harleysville additionally and/or alternatively submits that based on its investigation and the pleadings that Harleysville's defense and indemnification obligations, if any, should be fairly and proportionately allocated among all insurers providing applicable coverage to Mazer.

31.     Harleysville further submits that based on its investigation, the pleadings and the applicable policies, the issue of whether Harleysville has a duty to defend and/or indemnify Mazer against Ledford's claims, and if so what allocation of responsibility for

such defense and/or indemnity should be apportioned to Harleysville, presents a justiciable controversy between it, Mazer, Cincinnati, Ledford, and Fictitious Defendants A, B, C, and D, as to the rights, duties and status of legal relations of the parties.

WHEREFORE, PREMISES CONSIDERED, Harleysville Mutual Insurance Company requests that this Honorable Court:

a.      Take jurisdiction of this cause;

b.      Order, adjudge and decree that it is proper case for an action of declaratory judgment and that there is a bona fide controversy between the parties.

c.      Issue the process of this Court to the Defendants Mazer, Cincinnati and Samuel Ledford as provided by law under the Rules of Court.

d.      Require Defendants to plead or answer this Complaint for Declaratory Judgment within the time required by law, or in the event of their failure to do so, the Defendants suffer a Default Judgment.

e.      Declare the rights, duties, status and legal relationship of the parties under said policies of insurance issued by Harleysville, specifically finding that (1) Harleysville has no duty under Harleysville Mutual Insurance Policies numbered GL 3J2174 and BE 3J2174, to defend and/or indemnify Mazer, in whole or in part, in the lawsuit filed by Ledford the United States District Court for the Northern District of Alabama, CV-09-0538, and  (2) that Harleysville has satisfied its obligations, in whole or in part, under policies GL 3J2174 and BE 3J2174 with regard to the claims made in Ledford v. Mazer Home Centers, et al., filed in the United States District Court for the Northern District of Alabama, CV-09-0538.  Alternatively, Harleysville requests that this Honorable Court adjudge or declare that Harleysville is only liable for a specified percentage and/or portion of defense and indemnity that represents a fair allocation among all insurers, including Cincinnati and Fictitious Defendants A, B, C and D, who are or may be responsible for the payment of such defense and indemnity related to the

claims made in <u>Ledford v. Mazer Home Centers, et al</u>., filed in the United States District Court for the Northern District of Alabama, CV-09-0538.

      f.    Harleysville prays for such other, further, and different relief as may be proper under the facts of this case.

      g.    If Harleysville is mistaken in any special relief prayed for, then Harleysville prays for such other relief to which it may be entitled under these facts.

James M. Smith (SMI223)
Attorney for Plaintiff,
Harleysville Mutual Insurance Company

OF COUNSEL:

**STOCKHAM, CARROLL & SMITH, P.C.**
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone:  (205) 879-9954
Facsimile:  (205) 879-9990
Fax:  (205)250-0290

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

James M. Smith (SMI223)
Attorney for Plaintiff,
Harleysville Mutual Insurance Company

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT:**

**Mazer's Discount Home Centers, Inc.**
**c/o Michael Mazer**
**2 So. 41st St.**
**Birmingham, AL 35222**

**Samuel Ledford**
**10308 Renfroe Rd.**
**Alpine, AL 35014**

**Cincinnati Insurance Company**
**c/o Jack Criswell**
**2001 Park Place Tower, Suite 911**
**Birmingham, AL 35203**