ELECTRONICALLY FILED
9/24/2010 1:35 PM
CV-2009-003513.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: CV-09-03513 |
| | * | |
| MAZER'S DISCOUNT HOMES CENTERS, INC., et al., | * | |
| | * | |
| Defendants, | * | |

---

## COUNTERCLAIM , CROSS-CLAIM AND THIRD-PARTY COMPLAINT
## FOR DECLARATORY JUDGMENT BY QBE INSURANCE CORPORATION

---

COMES NOW Defendant QBE Insurance Corporation (hereinafter "QBE") and for its Counterclaim, Cross-Claim and Third-Party Complaint for Declaratory Judgment against Plaintiff Harleysville Mutual Insurance Company, Co-Defendants Jose Abner, Rochelle Abner, Jason Austin, Tara Austin, Carrie Ayers, Randy Ayers, Marvalean Bell, William Cashion, Christa Diffley, Matthew Diffley, Van Foster, James Harris, Cecil Hatcher, Ivory Jackson, Fred Johnson, Samuel Ledford, Leonard Lewis, Mazer's Discount Home Centers, Inc. ("Mazer"), Carolyn Melton, Randy Reed, Melvin Seymore, Joseph Somma, Ted Tarver, The Myers Building, LLC, Chris Thrower, Cincinnati Insurance Company, Continental Casualty Company, and Wesco Insurance Company ("Wesco") and Third Party Defendants Megan Fincher, Nathan Fincher, Cathy Headley, Danny Headley, Jeremy Macon, Brenda Owens, April Thornton, Stanley Thornton, Rex Trammell, Ryan Trammell, J. Barry Wolfe, Lisa Wolfe, and Regina Boglin, QBE states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      This declaratory judgment action is brought pursuant to Alabama Code § 6-6-220, et seq. (1975) requesting this Court declare the rights, status and other legal relations among the parties to this action.

2.      This case arises out of several suits filed against Mazer, including *Nathan Fincher, et al. v. Mazer's Discount Home Centers, Inc., et al.*, CV-10-1470, in the Circuit Court of Jefferson County, Alabama; *Leonard Lewis, et al., v. Mazer's Discount Homes Centers, Inc., et al.*, CV-10-166, in the Circuit Court of Jefferson County, Alabama (Bessemer Division); *Dean Amato, et al., v. Mazer's Discount Homes Centers, Inc., et al.*, ("Omnibus V"), CV-10-932, in the United States District Court for the Eastern District of Louisiana; and *J. Barry Wolfe, et al., v. Mazer's Discount Homes Centers, Inc., et al.*, CV-10-900060, in the Circuit Court of Winston County, Alabama.

3.      Third-Party Plaintiff QBE is an insurance company organized under the laws of Delaware. It is qualified to do business in Alabama.

4.      Upon information and belief, Plaintiff Harleysville Mutual Insurance Company is an insurance company organized under the laws of Pennsylvania and is qualified to do business in Alabama.

5.      Upon information and belief, Co-Defendant Mazer is a Delaware corporation with its principal place of business in Jefferson County, Alabama.

6.      Upon information and belief, Co-Defendant Jose Abner is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

7.      Upon information and belief, Co-Defendant Rochelle Abner is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

8.      Upon information and belief, Co-Defendant Jason Austin is an individual over the age of nineteen (19) residing in Calhoun County, Alabama.

00437171.WPD-1                                     -2-

9.      Upon information and belief, Co-Defendant Tara Austin is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

10.      Upon information and belief, Co-Defendant Carrie Ayers is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

11.      Upon information and belief, Co-Defendant Randy Ayers is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

12.      Upon information and belief, Co-Defendant Marvalean Bell is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

13.      Upon information and belief, Co-Defendant William Cashion is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

14.      Upon information and belief, Co-Defendant Christa Diffley is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

15.      Upon information and belief, Co-Defendant Matthew Diffley is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

16.      Upon information and belief, Co-Defendant Van Foster is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

17.      Upon information and belief, Co-Defendant James Harris is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

18.      Upon information and belief, Co-Defendant Cecil Hatcher is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

19.      Upon information and belief, Co-Defendant Ivory Jackson is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

20.      Upon information and belief, Co-Defendant Fred Johnson is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

21.    Upon information and belief, Co-Defendant Samuel Ledford an individual over the age of nineteen (19) residing in Talladega County, Alabama.

22.    Upon information and belief, Co-Defendant Leonard Lewis is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

23.    Upon information and belief, Co-Defendant Carolyn Melton is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

24.    Upon information and belief, Co-Defendant Randy Reed is an individual over the age of nineteen (19) residing in St. Clair County, Alabama.

25.    Upon information and belief, Co-Defendant Melvin Seymore is an individual over the age of nineteen (19) residing in Cullman County, Alabama.

26.    Upon information and belief, Co-Defendant Joseph Somma is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

27.    Upon information and belief, Co-Defendant Ted Tarver is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

28.    Upon information and belief, Co-Defendant The Meyers Building, LLC is a domestic limited liability corporation doing business in Jefferson County, Alabama.

29.    Upon information and belief, Co-Defendant Chris Thrower is an individual over the age of nineteen (19) residing in Talladega County, Alabama.

30.    Upon information and belief, Co-Defendant Cincinnati Insurance Company is an insurance company organized under the laws of Ohio and is qualified to do business in Alabama.

31.    Upon information and belief, Co-Defendant Continental Casualty Company is an insurance company organized under the laws of Illinois and is qualified to do business in Alabama.

32.     Upon information and belief, Co-Defendant Wesco Insurance Company is an insurance company organized under the laws of Delaware and is qualified to do business in Alabama.

33.     Upon information and belief, Third-Party Defendant Megan Fincher is an individual over the age of nineteen (19) residing in Winston County, Alabama.

34.     Upon information and belief, Third-Party Defendant Nathan Fincher is an individual over the age of nineteen (19) residing in Winston County, Alabama.

35.     Upon information and belief, Third-Party Defendant Cathy Headley is an individual over the age of nineteen (19) residing in Chilton County, Alabama.

36.     Upon information and belief, Third-Party Defendant Danny Headley is an individual over the age of nineteen (19) residing in Chilton County, Alabama.

37.     Upon information and belief, Third-Party Defendant Jeremy Macon is an individual over the age of nineteen (19) residing in Talladega County, Alabama.

38.     Upon information and belief, Third-Party Defendant Brenda Owens is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

39.     Upon information and belief, Third-Party Defendant April Thornton is an individual over the age of nineteen (19) residing in Chilton County, Alabama.

40.     Upon information and belief, Third-Party Defendant Stanley Thornton is an individual over the age of nineteen (19) residing in Chilton County, Alabama.

41.     Upon information and belief, Third-Party Defendant Rex Trammell is an individual over the age of nineteen (19) residing in Winston County, Alabama.

42.     Upon information and belief, Third-Party Defendant Ryan Trammell is an individual over the age of nineteen (19) residing in Winston County, Alabama.

43.     Upon information and belief, Third-Party Defendant J. Barry Wolfe is an individual over the age of nineteen (19) residing in Winston County, Alabama.

44.     Upon information and belief, Third-Party Defendant Lisa Wolfe is an individual over the age of nineteen (19) residing in Winston County, Alabama.

45.     Upon information and belief, Third-Party Defendant Regina Boglin is an individual over the age of nineteen (19) residing in Jeffery County, Alabama.

46.     As set forth below, there is a justiciable controversy between the parties, and therefore the Court has jurisdiction over this action.

47.     QBE issued policy number ASN31740 effective November 3, 2009 through November 3, 2010 (the "QBE Policy") to Mazer.  The QBE Policy provides coverage on a per occurrence basis with a limit of liability of $1,000,000 per occurrence with a $2,000,000 general aggregate limited and $2,000,000 products-completed operations aggregate limit.  There is a deductible of $1,000.00 per claim.

48.     Mazer tendered the lawsuits reference in paragraph number two (2) herein to QBE, which is providing a conditional defense to the suits pursuant to a full reservation of rights.  Each of these lawsuits contains allegations of damage to property and/or personal injury arising from the incorporation of "Chinese Drywall" into the underlying plaintiffs' homes.  Allegedly, Mazer sold and/or distributed the "Chinese Drywall."

49.     Upon information and belief, Plaintiff Harleysville Mutual Insurance Company issued commercial general liability policies and commercial liability umbrella policies to Mazer for the period November 3, 2004 through November 3, 2006.

50.     Upon information and belief, Co-Defendant Cincinnati Insurance Company issued commercial general liability policies and commercial liability umbrella policies to Mazer for the period November 3, 2007 through November 3, 2009.

51.     Upon information and belief, Co-Defendant Continental Casualty Company issued an excess insurance policy to Mazer for the period November 3, 2006 through November 3, 2007.

52.     Upon and information and belief, Co-Defendant Wesco Insurance Company issued a commercial general liability policy to Mazer for the period November 3, 2006 through November 3, 2007.

## THE POLICY

53.     The QBE Policy contains the following pertinent provisions.  However, by asserting these provisions, QBE reserves the right to assert any other applicable provisions and defenses otherwise applicable.

## SECTION I - COVERAGES

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.     **Insuring Agreement**

    a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ...

                            * * *

    b.     This insurance applies to "bodily injury" and "property damage" only if:

        (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)     The "bodily injury" or "property damage" occurs during the policy period; and

        (3)     Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or

resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * *

## 2.    Exclusions

This insurance does not apply to:

**a.    Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)    That the insured would have in the absence of the contract or agreement; or

(2)    Assumed in a contact or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed

in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

**f.** **Pollution**

(1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

(2) Any loss, cost or expense arising out of any:

(a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

\* \* \*

**j.** **Damage to Property**

"Property damage" to:

\* \* \*

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

... Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement. Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

\* \* \*

**k.    Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.    Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.    Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.    Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)    "Your product";

(2)    "Your work"; or

(3)    "Impaired property";

If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\* \* \*

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

\* \* \*

**2.      Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a.      You must see to it that we are notified as soon as practicable of any "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

(1)      How, when and where the "occurrence" or offense took place;

(2)      The names and addresses of any injured persons and witnesses; and

(3)      The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.      If a claim is made or "suit" is brought against any insured, you must:

(1)      Immediately record the specifics of the claim or "suit" and the date received; and

(2)      Notify us as soon as practicable.

You must see to it that we received written notice of the claim or "suit" as soon as practicable.

c.      You and any other involved insured must:

(1)      Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2)      Authorize us to obtain records and other information;'

(3)      Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4)      Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.      No Insured will, except at that Insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

3.    **Legal Action Against Us**

No person or organization has a right under this Coverage Part:

a.    To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

b.    To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

4.    **Other Insurance**

If the other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, or obligations are limited as follows:

a.    **Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

b.    **Excess Insurance**

This insurance is excess over:

(1)    Any of the other insurance, whether primary, excess, contingent or on any other basis:

(a)    That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(b)    That is Fire insurance or premises rented to you or temporarily occupied by you with permission of the owner;

(c)    That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

(d)    If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section I - Coverage **A** - Bodily Injury And Property Damage Liability.

(2)   Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1)   The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2)   The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply to excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c.   **Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

\* \* \*

**SECTION V - DEFINITIONS**

\* \* \*

3.   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

8.   "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

     a.      It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

     b.      You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

     a.      The repair, replacement, adjustment or removal of "your product" or "your work"; or

     b.      Your fulfilling the terms of the contract or agreement.

\* \* \*

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

15.     "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16.     "Products-completed operations hazard":

     a.      Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

         (1)    Products that are still in your physical possession; or

         (2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

             (a)    When all of the work called for in your contract has been completed.

             (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

             (c)    When the part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

         Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

     b.      Does not include "bodily injury" or "property damage" arising out of:

      (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

      (2)    The existence of tools, uninstalled equipment or abandoned or unused materials; or

      (3)    Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17.    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

18.    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    a.    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b.    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

* * *

21.    "Your product":

    a.    Means:

      (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

         (a)    You;

(b)     Others trading under your name; or

(c)     A person or organization whose business or assets you have acquired; and

(2)     Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b.      Includes:

(1)     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

(2)     The providing of or failure to provide warnings or instructions.

c.      Does not include vending machines or other property rented to or located for the use of others but not sold.

22.    "Your work":

a.      Means:

(1)     Work or operations performed by you or on your behalf; and

(2)     Materials, parts or equipment furnished in connection with such work or operations.

b.      Includes:

(1)     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2)     The providing of or failure to provide warnings or instructions.

* * *

The following endorsement was made a part of this commercial general liability policy:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### TOTAL POLLUTION EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **f.** under Paragraph **2.**, **Exclusions** of Section I - **Coverage A - Bodily Injury And Property Damage Liability** is replaced by the following:

This insurance does not apply to:

**f.**     **Pollution**

    (1)     "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape or "pollutants" at any time.

    (2)     Any loss, cost or expense arising out of any:

        (a)     Request, demand, order or statutory or regulatory requirements that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

        (b)     Claim or sut by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

* * *

<u>COUNT ONE - DECLARATORY RELIEF</u>

54.     QBE adopts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

55.     An actual controversy exists between QBE and the Plaintiff, Co-Defendants and the Third-Party Defendants with regard to whether coverage exists under the QBE Policy for the claims and damages alleged against Mazer in the lawsuits set forth in paragraph number two (2) herein.

56.     Among others, the following justiciable issues exist concerning whether coverage exists for the claims and damages alleged against Mazer in the lawsuits set forth in paragraph number two (2) herein:

    a.     Do the claims in the lawsuits set forth in paragraph two (2) herein constitute an "occurrence" triggering coverage under the QBE Policy?

    b.     If an "occurrence" has taken place, did the "occurrence" take place within the QBE Policy Period?

c.  Do the claims in the lawsuits set forth in paragraph two (2) herein otherwise fall within QBE Policy Insuring Agreement?

d.  Are the claims in the lawsuits set forth in paragraph two (2) herein excluded from coverage under the QBE Policy by any exclusions or endorsements?

e.  Has Mazer satisfied any and all conditions precedent to coverage under the QBE Policy?

f.  If QBE is determined to owe defense and/or indemnification to Mazer, how will other insurers, including Continental Casualty Company, Cincinnati Insurance Company, Harleysville Mutual Insurance Company, and Wesco Insurance Company, contribute?

g.  Did QBE receive late notice of any of the underlying lawsuits?

57.  A real bona fide controversy exists between the parties with regard to QBE's obligations under the QBE Policy, and QBE requests the Court to declare that it has no duty to defend or indemnify Mazer for the claims alleged in the lawsuits set forth in paragraph two (2) herein.

WHEREFORE, PREMISES CONSIDERED, QBE requests:

a.  This Court take jurisdiction of this cause;

b.  This Court order, adjudge and decree that this is a proper cause for an action of declaratory judgment and that there is a bona fide controversy between the parties as to their legal rights, duties, and liabilities;

c.  The process of this Court be issued to the Third-Party Defendants as provided by law and the rules of this Court and that the Plaintiff, Co-Defendants and Third-Party Defendants be required to plead or answer to this Complaint for Declaratory Judgment within the time required by law;

d.   Upon a final hearing of this cause, this Court will declare the rights, duties, status and legal relations of QBE and the Plaintiff, Co-Defendants and Third-Party Defendants under the QBE Policy;

and

e.   QBE prays for such other, further and different relief to which it may be entitled and offers to do equity and further requests, if it be mistaken and any special relief herein sought is denied, such other, further or more general relief to which it may be entitled be granted.

/s/ E. L. McCafferty, III
E. L. MCCAFFERTY, III          (MCC034)
C. RICHARD WILKINS             (WIL165)
Attorneys for QBE Insurance Corporation

OF COUNSEL:

VICKERS, RIIS, MURRAY AND CURRAN, L.L.C.
Post Office Drawer 2568
Mobile, Alabama  36652-2568
(251) 432-9772
Email: elm@vickersriis.com
         rwilkins@vickersriis.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of September, 2010, a copy of the foregoing was electronically filed with the Clerk of the Court using the AlaFile System which sends notification of such filing to counsel of record as follows:

James M. Smith, Esquire
Stockham Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, AL 35209
Email: jms@stockhampc.com
**Attorney for Haylesville Insurance Company**

David W. McDowell, Esquire
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
Wachovia Tower
420 North 20th Street, Suite 1600
Birmingham, AL 35203-5202
Email: dmcdowell@bakerdonelson.com
***Attorneys for Mazer's Discount Home Centers, Inc.***

LaBella S. Alvis, Esquire
John W. Johnson, II, Esquire
Christian & Small, LLP
505 20th Street North, Suite 1800
Birmingham, AL  35203
Email: lsalvis@csattorneys.com
Email: jwjohnson@csattorneys.com
***Attorneys for Cincinnati Insurance Company***

Donald W. McCormick, III, Esquire
McCormick & Associates, P.C.
1829 East Franklin Street, Suite 600
Chapel Hill, NC 27514
Email: dwm@mccormicklaw.org
***Attorney for Continental Casualty Company***

Stephen. W. Mullins, Esquire
Luckey & Mullins, PLLC
2016 Bienville Boulevard, Suite 102
Ocean Springs, MS 39564
Email: jackfish28@aol.com
***Attorney for Samuel Ledford***

Joseph W. Buffington, Esquire
Collins & Downey, P.C.
2021 Morris Avenue, Suite 200
Birmingham, AL  35203
Email: joebuff@bellsouth.net
***Attorney for Samuel Ledford***

John W. Dodson, Esquire
Michelle L. Crunk, Esquire
Ferguson Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, AL  35243
Email: jwd@ffdlaw.com
Email: mlc@ffdlaw.com
***Attorneys for Wesco Insurance Company***

Charles I. Hadden, Esquire
Clarence Young Lee, Esquire
Troutman Sanders, LLP
401 9th Street, NW
Washington, DC 20004-2134
Email: chuck.hadden@troutmansanders.com
Email: clarence.lee@troutmansanders.com
**Attorneys for Continental Casualty Company**

K. Edward Sexton, II, Esquire
Gentle Turner & Sexton
Two North Twentieth Building
2 North 20th Street, Suite 1200
Birmingham, AL 35203
Email: esexton@gtandslaw.com

Joel R. Rhine, Esquire
Lea Rhine & Rosbrugh, PLLC
314 Walnut Street
Wilmington, NC 29401
Email: jrr@lrlawfirm.com

Eric Hoaglund Cook & Irby, LLP
905 Montgomery Highway, Suite 201
Vestavia Hills, AL 35216
Email: ehoaglund@mhcilaw.com

W. Brian Collins, Esquire
2021 Morris Avenue, Suite 200
Birmingham, AL 35203
Email: brian@collinshorsley.com

H. Arthur Edge, Esquire
H. Arthur Edge, P.C.
2021 Morris Avenue, Suite 300
Birmingham, AL 35203
Email: art@edgelawyers.com

Scott Alan George, Esquire
Seeger Weiss LLP
One William Street
New York, NY 10004

/s/ E. L. McCafferty, III
E. L. MCCAFFERTY, III

**Please serve the following Third-Party Defendants via certified mail:**

Megan Fincher
146 Oak Lane
Arley, Alabama 35541-2023

Nathan Fincher
146 Oak Lane
Arley, Alabama 35541-2023

Stanley Thornton
336 County Road 703
Jemison, Alabama 35085

Rex Trammel
62 County Road 3943
Arley, Alabama 35541-3187

Barry Wolfe
62 County Road 3943
Arley, Alabama 35541-3187

Lisa Wolfe
62 County Road 3943
Arley, Alabama 35541-3187

Regina Boglin
2028 Pratt Highway
Birmingham, Alabama 35214

Brenda Owens
2105 Lane Avenue
Birmingham, Alabama 35217

April Thornton
336 County Road 703
Jemison, Alabama 35085

Ryan Trammel
62 County Road 3943
Arley, Alabama 35541-3187

Cathy Headley
5313 County Road 24
Verbena, Alabama 36091

Danny Headley
5313 County Road 24
Verbena, Alabama 30691

Jeremy Macon
346 Korreckt Avenue
Lincoln, Alabama 35096

*/s/ E. L. McCafferty, III*
E. L. MCCAFFERTY, III

00437171.WPD-1                               -22-