UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE – MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *DEAN and DAWN AMATO, et al* vs. *LIBERTY MUTUAL INS., et al* Case No. 2:10-cv-932-EEF-JCW _____/ | MAG. WILKINSON |

**DEFENDANT VININGS INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(a), Defendant VININGS INSURANCE COMPANY ("Vinings"), by and through its undersigned counsel, hereby submits its memorandum of law in support of its motion for partial summary judgment against plaintiffs James and Barbara Fallmann (hereafter, collectively, the "Fallmann Plaintiffs) and Bradley and Tricia Miller (hereafter, collectively the "Miller Plaintiffs"). The undisputed facts demonstrate that Vinings does not insure Defendants Sterling Communities, Inc. and/or Sterling Communities Realty, Inc. as alleged in Plaintiffs' *Amato* Amended Omnibus Class Action Complaint (V).

I.     **STATEMENT OF FACTS**

On March 19, 2010, Plaintiffs and the Plaintiffs' Steering Committee ("PSC") filed the *Amato* Omnibus Class Action Complaint (V) (the "Complaint") asserting claims on behalf of injured third-party Plaintiffs against distributors, suppliers, importers, exporters, or manufacturers of Chinese drywall, or home builders or developers that allegedly used defective Chinese drywall (the "Insured Defendants"). The Plaintiffs also asserted claims

against the Insurance Company Defendants that allegedly issued CGL insurance policies to those Insured Defendants.  This action was originally filed in the Eastern District of Louisiana asserting jurisdiction under the Class Action Fairness Act, and was assigned case number 2:10-cv-00932.  (*See* R. Doc. 1 in Case No. 2L10-cv-00932 (E.D. La.)).  The case was then administratively consolidated in this MDL by the clerk's office as a "tag along action" under this Court's Pretrial Order 1 at ¶¶ 2-3.

On May 11, 2010, the PSC filed the *Amato* Amended Omnibus Class Action Complaint (V) (the "Amended Complaint).  (R. Doc. 3132).  Plaintiffs' Amended Complaint purports to join the damage claims of approximately 420 Plaintiffs, including the Fallman Plaintiffs and the Miller Plaintiffs  (*See* Amended Complaint at ¶¶ 142 and 272 respectively) against 94 different insured Defendants, including Sterling Communities, Inc. and Sterling Communities Realty, Inc. (*See* Amended Complaint at ¶¶ 594 and 595 respectively).  In the same Amended Complaint, Plaintiffs also assert claims against 98 Insurance Company Defendants, including Vinings Insurance Company (*See* Amended Complaint at ¶ 520) seeking declaratory relief under 28 U.S.C. § 2201 and a determination of coverage under the policies issued by the Insurance Company Defendants.  (Amended Complaint at ¶¶ 644 - 647).

Schedule 1 to the Amended Complaint sets forth the alleged alignment of representative Plaintiffs, Insured Defendants, Insurance Defendants and Subclasses.  (*See* Amended Complaint at ¶ 646).  (Hereafter "Schedule 1").  Specifically pertinent to this Motion, Schedule 1 identifies Vinings as the insurer of Sterling Communities, Inc. and Sterling Communities Realty, Inc.   Pertinent portions of Schedule 1 attached as composite Exhibit A.

2

The Fallman Plaintiffs' and Miller Plaintiffs' claims against Vinings are thus dependent upon Vinings status as insurer of Sterling Communities, Inc. and/or Sterling Communities Realty, Inc. As established by the Affidavit of R. Douglas Huffman filed herewith, Vinings never insured Sterling Communities, Inc. or Sterling Communities Realty, Inc. Accordingly, summary judgment in favor of Vinings and against the Fallmann Plaintiffs and Miller Plaintiffs is warranted.

## II.   ARGUMENT

Contrary to Plaintiff's allegations in the *Amato* Complaint, Vinings <u>did not</u> issue any insurance policies to Defendants Sterling Communities, Inc. or Sterling Communities Realty, Inc., the alleged builders of the homes owned by the Fallman plaintiffs and the Miller Plaintiffs. *See* Ex. A at p. 113. Because it is undisputed that Vinings did not insure Sterling Communities, Inc. or Sterling Communities Realty, Inc., the Fallman Plaintiffs and Miller Plaintiffs claims fail and Vinings is entitled to summary judgment as a matter of law.

### A.   Standard of Review

A court must grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Smith v. United Student Aid Funds, Inc.*, No. 96-1610, 1997 WL 159503, at *1 (E.D. La. Apr. 1, 1997); *Blair v. Sealift, Inc.*, 91 F.3d 755, 760 (5th Cir. 1996). Once the moving party demonstrates the absence of a genuine issue of material fact, "the nonmovant party demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Alaro v. Offshore Serv. Vessels, LLC*, No. 09-5440, 2011 WL

63872, at *3 (E.D. La. Jan. 7, 2011).  However, the showing of a genuine issue is not satisfied by creating some metaphysical doubt as to the material facts, by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence." *Millwrights & Mach. Erectors Local Union 729 v. Gulf Eng. Co., LLC*, No. 10989, 2011 WL 162071, at *2 (E.D. La. Jan. 18, 2011) (internal citations and quotations omitted).  Indeed, "the mere existence of some factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be genuine and material." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995) (stating that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will preclude summary judgment."). Here, summary judgment should be entered in favor of Vinings because there is no genuine issue concerning the fact that Vinings has never issued a policy of insurance to Sterling Communities, Inc. or Sterling Communities Realty, Inc. as alleged in Plaintiffs' *Amato* Amended Complaint.

> **B.  Vinings Does Not Insure Defendants Sterling Communities, Inc. and/or Sterling Communities Realty, Inc.**

As their basis for suing Vinings Insurance Company in Counts I and XV of the *Amato* Complaint, the Fallman Plaintiffs and the Miller Plaintiffs allege that Vinings issued insurance to Sterling Communities, Inc. and Sterling Communities Realty, Inc. (Amended Complaint at ¶ 646) (Ex. A at p. 113).  According to the Florida Department of State Division of Corporations, Sterling Communities, Inc. and Sterling Communities Realty, Inc., maintain similar corporate filing information including the identical principal address (3090 Canterbury Drive, Boca Raton, FL  33443), mailing address (P.O. Box 810337, Boca Raton, FL 33443) and officer/director (Paul W. Asfahl).  Vinings requests that this Court take Judicial Notice of the Florida Department of State Division of Corporation's Detail

4

Statements for Sterling Communities, Inc. and Sterling Communities Realty, Inc., which reflect the foregoing corporate information. Vinings' Request for Judicial Notice, together with the pertinent Florida Division of Division of Corporation Detail Statements for Sterling Communities, Inc. and Sterling Communities Realty, Inc. is filed contemporaneously with Vinings's Motion for Partial Summary Judgment and this Memorandum of Law.

Vinings' Director of Underwriting, R. Douglas Huffman, conducted a review of Vinings' records and electronic database. *See* Declaration of R. Douglas Huffman attached as Exhibit B. Mr. Huffman's investigation confirmed that Vinings has never issued a policy of insurance to an entity identified as Sterling Communities, Inc. or Sterling Communities, Realty, Inc. *See Id.* at ¶ 4. His investigation included a search of Vinings' records to determine whether Vinings has ever issued insurance to any entity identifying Paul W. Asfahl as an officer or director. *Id.* at ¶ 3. That search confirmed that Vinings has never issued such a policy. *Id.* at ¶ 5. Because the undisputed facts establish that Vinings did not insure Sterling Communities, Inc. and/or Sterling Communities Realty, Inc., Vinings is entitled to summary judgment as a matter of law respecting the claims asserted against it by the Fallman Plaintiffs and the Miller Plaintiffs.

### III. CONCLUSION

For the reasons stated above, Vinings Insurance Company respectfully requests partial summary judgment in its favor and against the Fallman Plaintiffs and the Miller Plaintiffs in this action, together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/ Lisa A. Oonk
LISA A. OONK, ESQ.
Florida Bar No. 006238
MICHAEL K. MCCAFFREY, ESQ.
Florida Bar No. 069940
Litchfield Cavo LLP
5201 W. Kennedy Blvd., Suite 450
Tampa, FL  33609
Tel.:   813.289.0690
Fax:   813.289.0692
Email: Oonk@litchfieldcavo.com
Email: Mccaffrey@litchfieldcavo.com
Attorneys for Defendant Vinings Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendant Vinings Insurance Company's Memorandum Of Law In Support Of Its Motion For Partial Summary Judgment was served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by U.S. mail and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6., and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

    /s/ Lisa A. Oonk
LISA A. OONK, ESQUIRE
Florida Bar No. 006238