## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

NORTHSTAR HOLDINGS, INC.,
NORTHSTAR HOMES, INC., AND
NORTHSTAR HOLDINGS AT B & A, LLC,

              Plaintiffs,

v.

GENERAL FIDELITY INSURANCE
COMPANY, QUANTA INDEMNITY
COMPANY, MID-CONTINENT CASUALTY
COMPANY, AXIS SURPLUS INSURANCE,
AND ESSEX INSURANCE COMPANY,

              Defendants.

_____/

Case No: 2:10-cv-00384

Judge: Fallon

Magistrate: Wilkinson

## DEFENDANT GENERAL FIDELITY INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS UNDER THE FIRST-TO-FILE RULE

Defendant General Fidelity Insurance Company ("General Fidelity"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure and Local Rule for the Eastern District of Louisiana 7.4, hereby files the following Memorandum of Law in support of its Motion to Dismiss. This case should be dismissed pursuant to the first-to-file rule, particularly in light of the Southern District of Florida's recent order granting General Fidelity's motion for summary judgment, involving the same insurance policies, legal issues, and parties.

I. **Statement of Facts**

On April 3, 2009, Katherine Foster ("Ms. Foster") filed a putative class action lawsuit in the Southern District of Florida, case number 9:09-cv-80535-JIC ("the underlying lawsuit"), alleging that her home in Boynton Beach, Florida, was built in 2006 with defective drywall. Ms. Foster sued Northstar Homes, Inc., and Northstar Holdings, Inc., along with other defendants, for bodily injuries, property damage, and other damages she allegedly sustained as a result of the drywall in her Florida home. Foster Compl. at ¶¶ 1-223. Ms. Foster alleged that her lawsuit is a putative class action because: (1) she believes that Class Members from her community in Boynton Beach, Florida, number in at least the thousands; (2) common questions of fact and law exist as to all members of the Class; (3) her claims are typical of the claims of the Class; and (4) she is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the Class members she seeks to represent. In response to the underlying lawsuit, on May 15, 2009, General Fidelity filed a suit for declaratory relief in the Southern District of Florida ("Southern District of Florida coverage case"), seeking a ruling that it owes no duty to defend or indemnify Northstar in the underlying lawsuit. General Fidelity Compl., attached as Exhibit A.

On June 15, 2009, the Multidistrict Litigation Panel ("MDL Panel") issued a transfer order in MDL number 2047 regarding "Chinese-manufactured drywall products liability litigation," thereby transferring nine cases from Florida and Ohio to the Eastern District of Louisiana. A tenth case already in the Eastern District of Louisiana was also transferred to the MDL.

On July 16, 2009, the Southern District of Florida transferred the underlying lawsuit to the Eastern District of Louisiana in compliance with the transfer order. On September 8, 2009, the MDL Panel entered Conditional Transfer Order (CTO-6), conditionally transferring six "tag-along"

actions, including the Southern District of Florida coverage case. However, on December 2, 2009, the MDL Panel vacated CTO-6 and determined that the Southern District of Florida coverage case should remain in Florida because it "raises distinctly different factual and legal questions from the core allegations at issue in MDL No. 2047, and transfer would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation." Order vacating CTO-6, attached as Exhibit B.

After a stay on the case was vacated, on January 11, 2010, Northstar filed its Answer and Counterclaim for Declaratory Relief in the Southern District of Florida coverage case. On January 29, 2010, General Fidelity filed its Answer and Affirmative Defense to Northstar's Counterclaim.

Even though the MDL Panel already determined the Southern District of Florida case should remain in Florida, on February 11, 2010, Northstar filed a Motion to Transfer with the MDL Panel. On June 15, 2010, the MDL Panel ruled for a second time that the Southern District of Florida case should remain in Florida. JPML Order, attached as Exhibit C.

Despite filing a counterclaim in the Southern District of Florida on January 11, 2010, and a Motion to Transfer with the MDL Panel on February 11, 2010, Northstar filed a complaint with this Court for declaratory judgment and breach of contract against General Fidelity and several other insurers on February 12, 2010. On April 14, 2010, General Fidelity filed a motion to dismiss for lack of personal jurisdiction, improper venue, and the first-to-file rule.

On February 16, 2010, Foster filed a motion to dismiss or to stay seeking to dismiss the Southern District of Florida case in favor of the instant case or to stay that case until a final determination in Foster's underlying action. About seven months later, on September 10, 2010, the Southern District of Florida denied Foster's motion, finding that judicial efficiency concerns cited

by Foster did not warrant dismissal in favor of the second-filed Louisiana coverage action. Order, attached as Exhibit D.

In the interim, on February 24, 2010, General Fidelity filed a Motion for Summary Judgment, asking the Court to declare, as a matter of law, that General Fidelity has no duty to defend or indemnify Northstar in the underlying lawsuit. Motion attached as Exhibit E. The Southern District of Florida court stayed this case again on February 26, 2010, until the MDL Panel again decided not to transfer the case. The Southern District of Florida reopened the case on June 29, 2010.

On July 16, 2010, Foster filed a motion for a stay/extension of time to respond to General Fidelity's motion for summary judgment. The Southern District of Florida court granted Foster's motion on July 31, 2010.

On October 6, 2010, General Fidelity filed a motion to lift the stay on the response deadlines to its motion for summary judgment. On November 9, 2010, the Southern District of Florida granted General Fidelity's motion to lift the stay.

On November 23, 2010, both Foster and Northstar filed their responses to General Fidelity's motion for summary judgment. On December 2, 2010, General Fidelity filed its replies to Foster's and Northstar's responses.

On May 24, 2011, the Southern District of Florida granted General Fidelity's motion for summary judgment, finding that General Fidelity has no duty to defend or indemnify Plaintiffs Northstar Holdings, Inc., Northstar Homes, Inc., and Northstar Holdings at B & A, LLC. Order, attached as Exhibit F.

**II.   This Court should dismiss Northstar's complaint under the first-to-file rule**

As discussed above, General Fidelity filed a nearly identical lawsuit in the Southern District

4

of Florida approximately nine months before Northstar filed the instant case. The Southern District of Florida recently ruled that General Fidelity has no duty to defend or indemnify Northstar. Under the first-to-file rule, this Court should dismiss Northstar's claims against General Fidelity.[1]

When there are parallel proceedings in two federal district courts, the Fifth Circuit follows the "first-to-file" rule, whereby the court in which an action is first filed has priority. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir.1999) (vacating judgment of second-to-file court and remanding with instructions to transfer); *see also Davis v. Hartford Ins. Co. of Midwest*, No. 09-5852, 2009 WL 3347090, *2 (E.D. La. 2009) (dismissing the second-filed case under the first-to-file rule). Under the first-to-file rule, "a district court may dismiss, stay, or transfer an action where the issues presented can be resolved in an earlier-filed action pending in another federal court." *Davis*, 2009 WL 3347090, *1 (quoting *Burger v. Am. Mar. Officers Union*, Nos. 97-31099, et seq., 1999 WL 46962, at *1 (5th Cir. 1999)). The rule seeks to avoid: (1) the waste of duplication, (2) rulings that may trench upon the authority of sister courts, and (3) piecemeal resolution of issues that call for a uniform result. *Davis*, 2009 WL 3347090, *1

District courts consider two factors when determining whether to apply the first-to-file rule: (1) are the pending actions so duplicative or involve substantially similar issues that one court should decide the issues; and (2) which of the two courts should decide the case? *Murray v. Wilson*, No. 08-2005, 2008 WL 3498226, *2 (E.D. La. 2008) (citing *Excel Music, Inc. v. Simone*, No. 95-3626, 1996 WL 5708, *5 (E.D. La. 1996)). The first question should be answered affirmatively when there is a "substantial overlap" between the two cases. *Murray v. Wilson*, 2008 WL 3498226, *2 . On the

---

[1] In light of the Southern District's order, Northstar may also be barred from suing General Fidelity by *res judicata*. *See, e.g., Burger v. United States*, No. 01-2351, 2001 WL 1490736, *2-*3 (E.D. La. 2001).

5

second question, deference should be given to the first-filed suit absent "compelling circumstances" such as bad faith, anticipatory litigation, or forum shopping. *Id.* at *3.

The complaint in the first-filed lawsuit in the Southern District of Florida identifies substantially similar issues that are raised in the instant case. In the Southern District of Florida case, General Fidelity filed a complaint seeking a declaration that it has no duty to defend or indemnify Northstar for the underlying claims asserted against Northstar. In response, Northstar answered and filed a counterclaim for declaratory relief that General Fidelity has a duty to defend and indemnify Northstar for claims asserted against Northstar.

In the instant case, Northstar filed an almost identical complaint for declaratory relief to the counterclaim it filed in the Southern District of Florida. Northstar also now alleges a second count for breach of contract and adds additional defendants (other insurers) to this matter. Hence, the only difference between the Southern District of Florida coverage case and the instant case is that Northstar added more parties and one additional count addressing the same issues. Notably, the two cases involve the same insurance policy between General Fidelity and Northstar (executed and delivered in Florida), the same defective drywall claims against Northstar, and the same Florida residences. Because there is a "substantial overlap" between the two cases, the first prong of the first-to-file inquiry is met.

The second prong is also met because there are no "compelling circumstances" justifying this Court from not giving deference to the first-filed suit. In contrast, there are "compelling circumstances" for this Court *to dismiss* this case. Northstar has engaged in forum shopping by filing the instant action for declaratory relief, despite already filing a counterclaim for declaratory relief in the Southern District of Florida. Such actions by litigants are improper and should not be

6

condoned by this Court, as they waste the precious resources of the federal judiciary, cause unnecessary delay, and needlessly increase the cost of litigation for the parties involved. *See* Fed. R. Civ. P. 11(b).

Because both prongs of the first-to-file inquiry are met, this Court should dismiss the instant case.

### III.    Conclusion

This case involves substantially similar issues to the first-filed case in the Southern District of Florida. The Southern District of Florida has recently ruled that General Fidelity has no duty to defend or indemnify Northstar. As a result, this Court should dismiss all of Northstar's claims against General Fidelity.

Dated: March 24, 2011

                                    Respectfully submitted,

                                    /s/ R. Steven Rawls
                                    R. STEVEN RAWLS, ESQ.
                                    Florida Bar No.: 938254
                                    srawls@butlerpappas.com
                                    RYAN K HILTON, ESQ.
                                    Florida Bar No.: 0304610
                                    rhilton@butlerpappas.com
                                    ROBERT J. WITMEYER, ESQ.
                                    Florida Bar No.: 10249
                                    rwitmeyer@butlerpappas.com
                                    BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
                                    777 S. Harbour Island Boulevard, Suite 500
                                    Tampa, FL 33602
                                    Tel. 813-281-1900
                                    Fax. 813-281-0900
                                    Trial Counsel for General Fidelity Insurance Company

                                    and

ANDREW L. PLAUCHÉ, JR., ESQ.
Louisiana Bar No.: 11023
aplauche@pmpllp.com
PLAUCHÉ MASELLI PARKERSON LLP
701 Poydras Street, Suite 3800
New Orleans, LA 70139-3800
Tel: 504-582-1142
Fax: 504-582-1172

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum of Law in Support of Its Motion to Dismiss Under the First-to-File Rule has been served on Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of May, 2011.

/s/ R. Steven Rawls
R. STEVEN RAWLS, ESQ