UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL      : MDL No. 2047
PRODUCTS LIABILITY LITIGATION             : Section L

This Document Relates to:

DEAN AND DAWN AMATO, ET AL.,
v. LIBERTY MUTUAL INSURANCE COMPANY,
ET AL.
Case No.: 2:10-cv-00932 (E.D.La)          : JUDGE FALLON
                                          : MAG. JUDGE WILKINSON

_____/

## GENERAL FIDELITY'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

General Fidelity, by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(1) and Local Rule for the Eastern District of Louisiana 7.1, moves for the dismissal of the amended complaint with respect to all of the Florida putative class members' claims against General Fidelity, and states as follows:

1. General Fidelity joins, adopts and incorporates by reference the joint motion to dismiss and memorandum of law ("Master Brief") filed by the Insurer Steering Committee [ECF No. 8366].[1]

---

[1] General Fidelity files the instant motion and joins in the Master Brief pursuant to this Court's Order dated March 4, 2011. However, General Fidelity reserves all rights to bring other potential issues to the Court's attention, including but not limited to issues related to class certification. Presently, Plaintiffs Dean and Dawn Amato have no claim against General Fidelity because they are not seeking relief against General Fidelity insureds. This Motion address only the claims of putative class members with homes in Florida against General Fidelity insureds located

2. General Fidelity also files this motion to dismiss in conjunction with the Master Brief.

3. In relation to this case, General Fidelity issued insurance policies to the following six Florida insureds: (1) Louran Builders, Inc., (2) Northstar Holdings at B & A, LLC, (3) Northstar Homes, Inc., (4) Premier Communities, Inc., (5) Sterling Communities, Inc., and (6) The Sterling Collection, Inc. ("General Fidelity Florida Insureds").[2]

4. The following Florida putative class members in the *Amato* action are attempting to file a direct action against General Fidelity: (1) Judalyne Brown, (2) Vincent Randolph, (3) Anne O'Hear, (4) Elliot Dezman, (5) Brian Elsenberg, (6) Lauren Elsenberg, (7) Bob Frenchman, (8) Charles Johnson, (9) Molly Johnson, (10) Michael Mizne, (11) Jennine Mizne, (12) Luis Gonzalez, (13) Caridad Gonzalez, (14) Rafael Segundo, (15) Ana Segundo, (16) Steven Felicetti, (17) Gayle Felicetti, (18) Peter Plotkin, (19) Diane McNeel, (20) James Fallmann, (21) Barbara Fallmann, (22) Bradley Miller, (23) Tricia Miller, and (24) David Orlowski ("Florida putative class members").[3]

5. The amended complaint alleges that the Florida putative class members have houses in Florida.

6. The amended complaint alleges that the six General Fidelity Florida Insureds'

in Florida.

---

[2] The amended complaint erroneously identifies Northstar Homebuilders, Inc. and Sterling Communities Realty, Inc., as General Fidelity insureds. General Fidelity did not issue policies that identify either Northstar Homebulders, Inc, or Sterling Communities Realty, Inc.

[3] With respect to the Fallman and Miller Putative Class Members, General Fidelity is erroneously alleged to have insured Sterling Communities, Inc. With respect to the Gonzalez and Segundo Putative Class Members, General Fidelity is erroneously alleged to have insured Northstar Homebulders, Inc. Even accepting the allegations in the amended complaint as true, the Fallmann, Miller, Gonzalez and Segundo Putative Class Members lack standing to pursue a direct action against General Fidelity for the reasons set forth in this motion.

business addresses are in Florida.

7. The General Fidelity insurance policies were delivered to the six General Fidelity Florida Insureds at their Florida business addresses.

8. Regardless of whether this Court applies Louisiana or Florida substantive law to the Florida putative class members against General Fidelity, the Florida putative class members cannot presently bring a direct action against General Fidelity.[4]

9. As discussed in further detail in the Master Brief, under the Louisiana direct action statute, an injured person has the right to directly sue the carrier, but only if: (1) the policy was issued in Louisiana, (2) policy was delivered in Louisiana, or (3) the accident occurred in Louisiana. La. Rev. Stat. § 22.1269; *Cont'l Ins. Co. v. Jantran, Inc.*, 906 F. Supp. 362, 364 (E.D. La. 1995) (citing *Landry v. Travelers Indemnity Co.*, 890 F.2d 770 (5th Cir. 1989)).

10. As discussed in further detail in the Master Brief, under the Florida non-joinder statute, an injured person has the right to sue an insurer directly, but only after the injured person has obtained a settlement or verdict against the insured. Fla. Stat. § 627.4136(1); *VanBibber v. Hartford Accident & Indem. Ins. Co.*, 439 So. 2d 880, 882 (Fla. 1983); *Dollar Systems, Inc. v. Elvia*, 967 So. 2d 447, 449 (Fla. Dist. Ct. App. 2007).

11. As discussed in further detail in the Master Brief, the Florida putative class members have the burden of proof in demonstrating that this Court possesses subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 1996).

---

[4] General Fidelity believes that Florida substantive law applies. However, this Court does not have to engage in a choice-of-law analysis, because both Louisiana and Florida law prohibit the putative class members with homes in Florida from presently suing General Fidelity.

3

12. Here, the Florida putative class members' homes are located in Florida. Further, General Fidelity issued/delivered the policies to its insureds in Florida. Moreover, the Florida putative class members have not obtained a settlement/verdict against the Florida General Fidelity Insureds.

13. Based on the foregoing, the Florida putative class members presently have no substantive rights to sue General Fidelity under either Louisiana or Florida law.

WHEREFORE, General Fidelity respectfully requests that this Court enter an order dismissing all of the Florida putative class members' claims against General Fidelity due to a lack of subject matter jurisdiction.[5]

Dated: March 24, 2011

Respectfully submitted,

/s/ R. Steven Rawls
R. STEVEN RAWLS, ESQ.
Florida Bar No.: 938254
srawls@butlerpappas.com
RYAN K HILTON, ESQ.
Florida Bar No.: 0304610
rhilton@butlerpappas.com
ROBERT J. WITMEYER, ESQ.
Florida Bar No.: 10249
rwitmeyer@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, FL 33602
Tel. 813-281-1900
Fax. 813-281-0900
Trial Counsel for General Fidelity Insurance Company

---

[5] General Fidelity is not seeking relief with respect to the Louisiana claims brought by putative class members Randy and Lisa Clague.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction has been served on Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

/s/ R. Steven Rawls
R. STEVEN RAWLS, ESQ