# Exhibit A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | **CASE NO. 2:09-MD-02047** |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | **SECTION L** |
| | ) | |
| | ) | **JUDGE FALLON** |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. | ) | |
| 2:10-cv-00932) | ) | **MAG. JUDGE WILKINSON** |

### INSURER STEERING COMMITTEE'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

The Insurer Steering Committee and the 57 moving Insurance Company Defendants[1]

hereby move pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss all of

the non-Louisiana claims for lack of subject matter jurisdiction. In further support of this

Motion, the Insurer Steering Committee and the moving Insurance Company Defendants are

contemporaneously filing a Memorandum of Law, which is incorporated in full herein.

**WHEREFORE,** for all the foregoing reasons and the reasons contained in the

accompanying Memorandum of Law, the Insurer Steering Committee and the 57 moving

Insurance Company Defendants respectfully request that this Court enter an order granting this

Motion; dismissing all of the non-Louisiana claims for lack of subject matter jurisdiction under

---

[1] This Motion is being filed by the Insurer Steering Committee ("ISC") for the convenience of the Court. The 57 "Insurance Company Defendants" joining this Motion are listed in Exhibit A to the Memorandum of Law in Support of this Motion. Some of these Insurance Company Defendants may also file their own motions or briefs addressing related issues. This Motion is being filed pursuant to the Court's March 2, 2011 Order (R. Doc. 7793), which expressly allows the filing of partial Rule 12(b) motions without waiving any right to assert other Rule 12(b) motions that raise other issues at a later time. Accordingly, all of the Insurance Company Defendants joining in this motion expressly reserve all their rights to assert different Rule 12(b) motions at a later time and do not intend to waive any such defenses. Additionally, numerous Insurance Company Defendants are moving, or may move in the future, to dismiss for lack of personal jurisdiction. The joinder in this Motion by any Insurance Company Defendant is not intended to, nor does it, waive any personal jurisdiction defense. (R. Doc. 7793.)

Rule 12(b)(1) of the Federal Rules of Civil Procedure; and granting any other relief this Court

deems necessary and proper.

March 24, 2011                              Respectfully submitted,

                                           /s/ Judy Y. Barrasso
                                           Judy Y. Barrasso, 2814
                                           H. Minor Pipes, III, 24603
                                           BARRASSO USDIN KUPPERMAN FREEMAN
                                           & SARVER, L.L.C.
                                           909 Poydras Street, 24th Floor
                                           New Orleans, Louisiana 70112
                                           Telephone: (504) 589-9700
                                           jbarrasso@barrassousdin.com
                                           mpipes@barrassousdin.com

                                           *Lead Counsel for the Insurer Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs'

Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail

and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the

same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing

was electronically filed with the Clerk of Court of the United States District Court for the Eastern

District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing

in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

                                           /s/ Judy Y. Barrasso
                                           Judy Y. Barrasso, 2814

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED ) | CASE NO. 2:09-MD-02047 |
| DRYWALL PRODUCTS LIABILITY ) | |
| LITIGATION ) | SECTION L |
| ) | |
| ) | JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. ) | |
| 2:10-cv-00932) ) | MAG. JUDGE WILKINSON |

## INSURER STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### INTRODUCTION

This Court lacks subject matter jurisdiction over a large percentage of the claims directed

at the Insurance Company Defendants in *Amato* because the state law governing the non-

Louisiana claims (unlike Louisiana with its unique direct action statute) expressly prohibits

direct actions by injured third parties like the *Amato* Plaintiffs here. Because these Plaintiffs lack

any substantive right to bring such a direct action, they lack standing and their claims are subject

to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure as this Court has

recognized previously. *See, e.g., Essex Ins. Co. v. Bayou Concession Salvage*, 942 F. Supp. 258,

260-61 (E.D. La. 1996) (Fallon, J.) (dismissing action for lack of subject matter jurisdiction

because there was no case or controversy when the applicable Texas direct action statute

prohibited the direct action).[1]

---

[1] This Memorandum of Law is being filed by the Insurer Steering Committee ("ISC") for the convenience of the Court. The ISC is joined by 57 moving Insurance Company Defendants that are expressly joining this Memorandum and related Motion, who are listed in Exhibit A. Some of these Insurance Company Defendants may also be filing separate motions on this issue. These Motions are being filed pursuant to the Court's March 2, 2011 Order (R. Doc. 7793), which expressly allows the filing of partial Rule 12(b) motions without waiving any right to assert other Rule 12(b) motions that raise other issues at a later time. Accordingly, all of the Insurance Company Defendants joining in this Motion expressly reserve all their rights to assert different Rule 12(b) motions at a later time and do not intend to waive any such defenses.

Additionally, the commercial general liability ("CGL") insurance coverage issues at the

heart of the *Amato* Complaint are improperly included in this MDL. The Judicial Panel on

Multidistrict Litigation ("JPML") has repeatedly refused to transfer other actions relating to

insurance coverage issues into this MDL because the "insurance coverage questions in these

cases are likely to be decided by . . . *the applicable state law*." The JPML also determined that

these coverage questions are *not* sufficiently related to the substantive underlying claims to

justify their consolidation in these MDL proceedings. *See, infra,* n. 6 (collecting decisions of

JPML). Under the JPML's rulings, the Plaintiff Steering Committee's ("PSC") inclusion of

*Amato* in this MDL case assignment was improper, as discussed further in Section III.

## BACKGROUND

On March 19, 2010, Plaintiffs and the PSC filed the *Amato* "Omnibus V" Complaint

asserting claims on behalf of injured third-party Plaintiffs against alleged distributors, suppliers,

importers, exporters, or manufacturers of Chinese drywall, or home builders or developers that

allegedly used defective Chinese drywall (the "Insured Defendants").[2] Plaintiffs also assert

claims against the Insurance Company Defendants that allegedly issued CGL insurance policies

to those Insured Defendants. The Plaintiffs assert claims relating to homes in Louisiana as well

as several other states, including Alabama, Florida, Georgia, and Virginia. These claims

allegedly relate to CGL policies that were issued or delivered in these states and elsewhere.

This action was originally filed in the Eastern District of Louisiana asserting jurisdiction

under the Class Action Fairness Act, and was assigned case number 2:10-cv-00932. (*See* R.

---

[2] The Insurance Company Defendants do not concede that any of the alleged Insured Defendants
are in fact insureds under the policies alleged. Indeed, as set forth in separate motions that will
be filed, many of the insurance policies alleged in the *Amato* Complaint do not exist or were not
issued to the "Insured Defendants" as alleged. Nothing contained herein should be read as a
concession on any of those issues.

- 2 -

Doc. 1 in Case No. 2:10-cv-00932 (E.D. La.).) The case was then administratively consolidated in this MDL by the clerk's office, presumably based on its determination that the allegations in this Complaint were sufficient to qualify this action as a "tag-along action" under this Court's Pretrial Order 1 at ¶¶ 2-3. No specific order, findings, or motions in that regard were made by this Court or any party in regards to that decision to consolidate. On May 11, 2010, the PSC filed the Amended Complaint. (R. Doc. 3132.) Plaintiffs' Amended Complaint purports to join the damage claims of approximately 420 individual Plaintiffs, as well as a putative nationwide class,[3] against approximately 94 different Insured Defendants. (*See generally* Am. Compl. at ¶¶ 6-622.) In the same Amended Complaint, Plaintiffs also assert claims against 98 Insurance Company Defendants seeking declaratory relief under 28 U.S.C. § 2201 and a determination of coverage under the policies issued by the Insurance Company Defendants. (Am. Compl. at ¶¶ 644-647.)

## LEGAL STANDARDS

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be based on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 881 (5th Cir. 1992) (affirming dismissal for lack of subject matter jurisdiction). Plaintiffs bear the burden of proof on a Rule 12(b)(1) motion to dismiss because they are the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 1996). Where subject matter jurisdiction is lacking, the claims must be dismissed. Fed. R. Civ. P. 12(h).

---

[3] Although a class action has been alleged, no motion to certify that class has been filed, nor has this Court certified any class. Thus, the class allegations are not relevant to this Motion, and the Insurance Company Defendants expressly reserve their rights to challenge any motion to certify.

It is fundamental that in order for a federal court to have subject matter jurisdiction, there must be a case-or-controversy under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Id.* When a plaintiff cannot satisfy the standing requirements imposed by Article III, the Court lacks subject matter jurisdiction over the claims. *Id*; *see also Grant v. Gilbert*, 324 F.3d 383 (5th Cir. 2003).

These requirements apply to the Federal Declaratory Judgment Act, which authorizes federal courts to declare the rights of interested parties "[i]n a case of actual controversy...." 28 U.S.C. § 2201(a). To determine whether an "actual controversy" exists between the parties within the meaning of § 2201 "[t]here must be a substantial controversy ... between parties having adverse legal interests." *Wolfer v. Thaler*, 525 F.2d 977, 979 (5th Cir.), cert. denied, 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 800 (1976).

Where, as here, the case is founded on diversity jurisdiction, federal courts look to substantive state law to determine whether the plaintiff has standing to pursue the action, and accordingly whether there is an "actual controversy" for purposes of the Federal Declaratory Judgment Act. *See, e.g., Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 173 (2d Cir. 2005); *Metro. Exp. Servs. Inc. v. City of Kansas City, Mo.*, 23 F.3d 1367, 1369-70 (8th Cir. 1994); *Myers v. Richland County*, 429 F.3d 740, 749 (8th Cir. 2005) (stating that a federal court cannot hear the plaintiff's state breach of contract claim unless he has standing to sue under state law). This is because the Federal Declaratory Judgment Act is merely a procedural device, and does not create any substantive rights. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937); *see also Bolin v. Sears Roebuck & Co.*, 231 F.3d 970, 977 (5th Cir. 2000) (noting the Federal Declaratory Judgment Act "does not create remedies otherwise unavailable to the plaintiffs").

- 4 -

## THE LOUISIANA DIRECT ACTION STATUTE AND SCOPE OF THIS BRIEF

The Louisiana Direct Action Statute has no application to the claims at issue in these motions. The Amended Complaint in fact expressly limits the "Direct Action Subclass" to those Plaintiffs and unnamed class members where the "real property [is] located in the State of Louisiana [and] contain[s] Chinese drywall" or "where the policy of insurance sued upon was written or delivered in the State of Louisiana." (Am. Compl. at ¶ 645.)  The Louisiana Direct Action Statute on its face is limited to "three limited instances" where: (1) the injury/accident occurs in Louisiana; (2) the policy was written in Louisiana; or (3) the policy was delivered in Louisiana.  *See* La. R.S. § 22:1269; *Landry v. Travelers Indemn. Co.*, 890 F.2d 770, 772 (5th Cir. 1989) (affirming dismissal of claim because none of these "three limited instances" was present); *Sercovich v. State Farm Mut. Ins. Co.*, No. 99-2476, 1999 U.S. Dist. LEXIS 17056, at *2-3 (E.D. La. Nov. 2, 1999) (Fallon, J.) (dismissing claims *for lack of jurisdiction* because "the accident and injuries occurred in the state of Mississippi," and the "insurance policy was written in Georgia and delivered to [the insured] in Mississippi," and therefore the Louisiana Direct Action Statute did not apply); *Esteve v. Allstate Ins. Co.*, 351 So. 2d 117 (La. 1977) (same principle).

This Brief is solely directed at the claims and policies that do not fall into any of these "three limited instances," and similarly fall outside of the "Direct Action Subclass" alleged in the Amended Complaint. (Am. Compl. at ¶ 645.)  As to these non-Louisiana claims, the Amended Complaint seeks a declaratory judgment ruling that coverage exists. (*Id.* at ¶¶ 659-63.)[4]  For the

---

[4] The Amended Complaint also appears to assert one direct claim against all Insurance Company Defendants:  Count XIV, which seeks "Equitable and Injunctive Relief and Medical Monitoring." (Am. Compl. at ¶¶ 761-73.)  It is unclear if the PSC's attempt to assert this was a scrivener's error or intentional; regardless, as this Court has previously recognized, such a direct claim cannot be asserted where the Louisiana Direct Action Statute does not apply and additionally where, as here, the governing state law expressly prohibits such a direct action.

reasons set forth herein, the Plaintiffs lack standing to assert such claims because the controlling

state law prohibits such direct actions. Thus, these claims should be dismissed for lack of subject

matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Insurance

Company Defendants are attaching a chart that lists the respective Plaintiffs for each moving

Insurance Company Defendant. This chart shows the claims that are subject to dismissal based

on this Motion, and is attached hereto as Exhibit B.[5]

## ARGUMENT

### I.     Federal Courts Lack Subject Matter Jurisdiction Over Direct Action Claims Brought By Injured Third-Parties Like Plaintiffs Here Where The Applicable State Law Prohibits Such Direct Actions.

As this Court has previously held, where the relevant state law does not allow direct

action suits by injured third-parties against the alleged wrongdoer's insurance carrier, the Court

lacks subject matter jurisdiction over such claims. *Essex Ins. Co.*, 942 F. Supp. at 260-61

(dismissing claims for lack of subject matter jurisdiction because the relevant Texas statute

prohibited such a direct action); *Sercovich*, 1999 U.S. Dist. LEXIS 17056, at *2-3 (dismissing

claims for lack of jurisdiction because the Louisiana Direct Action Statute did not apply).

This Court's prior rulings were correct to look to state law -- because the question of

whether a justiciable controversy exists between an injured third party and an insurer is based

solely on the rights of the parties under the applicable state law. *See generally Columbia Cas.*

---

Thus, to the extent Count XIV is actually asserted against the moving Insurance Company
Defendants this Court similarly lacks subject matter jurisdiction over those claims.
[5] A choice of law analysis is neither relevant nor necessary here. Even if Louisiana law applied,
a point that the moving Insurance Company Defendants dispute, under Louisiana law, these
claims should be dismissed for lack of subject matter jurisdiction. The moving Insurance
Company Defendants continue to contend that the law of some state other than Louisiana
controls the rights and obligations of the moving Insurance Company Defendants and the claims
with respect to their putative insureds under the applicable policies. Regardless, the plaintiffs
appropriately concede in their Amended Complaint that the Louisiana Direct Action Statute does
not apply to the claims the Moving Insurance Company Defendants are moving to dismiss.

*Co. v. Georgia & Florida RailNet, Inc.*, 542 F.3d 106, 110-12 (5th Cir. 2008) (applying Texas law in *insurer* declaratory judgment action to determine whether a case or controversy existed); *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536-37 (5th Cir. 2004) (affirming the district court's finding an insurance declaratory judgment action was nonjusticiable based on Texas substantive law); *Psarianos v. Standard Marine*, 12 F.3d 461, 464-65 (5th Cir. 1994) (affirming district court's dismissal of direct action claim because injured third party lacked standing under Texas law); *see also Standard Fire Ins. Co. v. Sassin,* 894 F. Supp. 1023, 1026-27 (N.D. Tex. 1995) (dismissing declaratory judgment action for lack of subject matter jurisdiction because the injured third party had no current interest in the insurance policy under Texas law, explaining that "state law, by defining the substantive rights of the parties, plays a large role in determining whether a case or controversy exists").

This Court's prior rulings in *Essex* and *Sercovich* are also consistent with a legion of other federal cases that have held where, as here, the relevant state law does *not* allow direct actions by injured third parties, the injured third party lacks a sufficient interest or standing in the policy to assert *any* claim.  *Colony Ins. Co. v. Total Contr. & Roofing, Inc.*, No. 10-23091, 2010 U.S. Dist. LEXIS 129497, at \*3-6 (S.D. Fla. Dec. 8, 2010) (dismissing declaratory judgment counterclaims asserted against insurer based on Chinese drywall-related liability because the injured third party lacked standing to bring claims under Florida law); *Clarendon Am. Ins. Co. v. Bayside Rest., LLC*, No. 8:05-cv-1662, 2006 U.S. Dist. LEXIS 9121, at \*3 (M.D. Fla. Feb. 23, 2006) (dismissing declaratory claims against insurer, holding that non-insured third party "lacks the requisite standing to seek declaratory relief," and that "the statute is clear on its face that a person not insured under the contract may not bring action against the liability insurer . . . until they attain a verdict against the insured"); *Allstate Ins. Co. v. Stanley*, 282 F. Supp. 2d 1342, 1343-44 (M.D. Fla. 2003) (same principle); *Hunt v. State Farm Mut. Auto. Ins. Co.*, 655 F. Supp.

284, 286-87 (D. Nev. 1987) (same principle); *Norton v. Belarus Mach. of USA, Inc.*, No. 2:03-cv-946-D, 2005 U.S. Dist. LEXIS 42019, at *3 (M.D. Ala. June 23, 2005) (dismissing claims by injured third party against insurer for lack of jurisdiction because such direct actions were not allowed under Alabama law); *MacMillan-Bloedel, Inc. v. Firemen's Fund Ins. Co.*, 558 F. Supp. 596, 598 (S.D. Ala. 1983) (same); *Kenshalo v. Stoneback*, No. 3:05-cv-69-WKW, 2006 U.S. Dist. LEXIS 10918 (M.D. Ala. Mar. 1, 2006) (same); *NAP, Inc. v. Shuttletex, Inc.*, 112 F. Supp. 2d 369, 378 (S.D.N.Y. 2000) (same under New York law).

Moreover, most if not all of the liability policies subject to this motion to dismiss contain language that explicitly prohibits a direct action by an injured party against the insurer prior to entry of judgment against the insured in the underlying liability action, or prohibits any action against the insurer based upon a mandatory arbitration provision. Thus, Plaintiffs lack standing to sue the Insurance Company Defendants not only under applicable state law, but under the plain language of the contracts as well.

## II. The Non-Louisiana Claims Are Barred By The Applicable States' Laws That Govern Such Claims.

As discussed above, most of the 420 Plaintiffs assert claims that are governed by the laws of other states, including Alabama, Florida, Georgia, and Virginia. The laws of these other states (discussed below) are clear -- these Plaintiffs, as injured third parties that have not secured a judgment against or settlement with the insured, lack standing to prosecute *any* claim against the Insurance Company Defendants, which mandates dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[6]

---

[6] Although the Insurance Company Defendants believe direct actions like this one are not available in Mississippi, those issues are not part of this motion, which addresses only Alabama, Florida, Georgia, and Virginia as examples of the many states that bar direct actions like those alleged here.

As noted above, attached as Exhibit B is a chart that lists the respective Plaintiffs for each moving Insurance Company Defendant. This chart shows the claims that are subject to dismissal based on this Motion.

### A.    Alabama law prohibits direct actions.

Under Alabama law, an injured party cannot bring a direct action against an insurer unless and until the injured party has obtained a final judgment against the insured. Alabama Code Section 27-23-2 establishes when an injured party may bring a direct action against an insured:

> Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

The Alabama Supreme Court has expressly concluded that Section 27-23-2 "confers upon the injured person a right to recover against the defendant's liability insurance carrier the insurance money provided for in the contract of insurance *upon the recovery of a final judgment.*" *United States Fid. & Guaranty Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 97-6218, 1998 WL 34374427, at *4-6 (11th Cir. Feb. 25, 1998); citing *Ohio Cas. Ins. Co. v. Gantt*, 256 Ala. 262, 54 So. 2d 595, 597 (Ala. 1951) (emphasis added).

This limitation has been upheld as recently as 2004. *See Knox v. Western World Ins. Co.*, 893 So. 2d 321, 323 (Ala. 2004) ("this Court in *Maness v. Alabama Farm Bureau Mutual Casualty Insurance Co.*, 416 So. 2d 981-82, held that 'the injured party…can bring an action against the insurer *only after he has recovered a judgment against the insured…*'") (emphasis

added); *see also State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So. 2d 643, 649 (Ala. 2004)

("There is no justiciable controversy because the Browns have yet to obtain a judgment against

Gant that would obligate State Farm to the Browns in any way"); *Manness v. Alabama Farm*

*Bureau Mut. Cas. Ins. Co.*, 416 So. 2d 979 (Ala. 1982) ("We hold that the cross-claims of the

Manesses against the insurance carriers are a form of direct action against an insurance carrier

and not allowable under Alabama law because an injured party cannot bring a direct action

against the insurance carrier, absent a final judgment against its insured, see, Code 1975, §§ 27-

23-1 and 2").

     Likewise, courts have consistently ruled that Section 27-23-2 does not permit a

declaratory-judgment action against an insurer to be sought prior to an underlying judgment

against the insured. *See, e.g., United States Fid. & Guaranty Ins. Co.*, 1998 WL 34374427, at

*4-6 (granting summary judgment where the injured party did not first obtain a judgment against

the insured prior to seeking declaratory judgment against the insurer); *Norton v. Belarus*

*Machinery of USA, Inc,* No. 2:03CV946, 2005 U.S. Dist. LEXIS 42019, at * 20-23 (M.D. Ala.

June 23, 2005) (no justiciable controversy existed when the injured party had not obtained a

judgment against the insured prior to seeking declaratory-judgment against the insurer);

*MacMillan-Bloedel, Inc. v. Firemen's Fund Ins. Co.*, 558 F. Supp. 596, 598 (S.D. Ala. 1983)

(same); *Southern Pioneer Prop. & Cas. Ins. Co. v. Bennett*, No. 2:09-cv-903, 2010 U.S. Dist.

LEXIS 34383, at *7-10 (M.D. Ala. Apr. 7, 2010) (granting dismissal when the injured party did

not obtain a final judgment against the insured prior to action against the insurer).

### B. Florida law prohibits direct actions.

     Under Florida law, an injured person may not bring an action directly against an alleged

wrongdoer's liability insurer until *after* securing a settlement with or verdict against that insured.

Section 627.4136(1) (the "Non-Joinder Statute") provides:

> It shall be a condition precedent to the accrual or maintenance of a cause of
> action against a liability insurer by a person not an insured under the terms
> of the liability insurance contract that such persons *shall first obtain
> settlement or verdict against a person who is an insured under the terms of
> such policy for a cause of action which is covered by such policy.*

*Id.* (emphasis added); *see also VanBibber v. Hartford Acc. & Indem. Ins. Co.*, 439 So. 2d 880,

882 (Fla. 1983) (holding that this statute constitutionally modified Florida law to prohibit direct

actions against insurers); *Dollar Systems, Inc. v. Elvia*, 967 So. 2d 447, 449 (Fla. Dist. Ct. App.

2007) (affirming dismissal of claimant's direct action suit against insurer); *Lucente v. State Farm

Mut. Auto. Ins. Co.*, 591 So. 2d 1126, 1128 (Fla. Dist. Ct. App. 1992) (affirming dismissal of

injured third party's claims against insurer under the Non-Joinder Statute, stating "[b]ecause

Lucente had not received a judgment against the insured, he did not have standing to sue State

Farm").

Florida courts have also concluded that the statute does not permit injured persons who

are not insureds to sue carriers for a declaratory judgment unless and until the injured person

secures a settlement with or verdict against the alleged wrongdoer. *See, e.g., Clarendon Am. Ins.

Co.*, 2006 U.S. Dist. LEXIS 9121, at *3 (dismissing declaratory claims against insurer, holding a

non-insured third party "lacks the requisite standing to seek declaratory relief," and that "the

statute is clear on its face that a person not insured under the contract may not bring action

against the liability insurer . . . until they attain a verdict against the insured"); *see also

Tomlinson v. State Farm Fire & Cas. Co.*, 579 So. 2d 211, 212 (Fla. Dist. Ct. App. 1991)

(holding non-joinder statute "applies to declaratory judgment actions against insurers").

The Non-Joinder Statute is substantive -- not procedural -- and accordingly federal courts

sitting in diversity apply the Florida Non-Joinder Statute to dismiss claims like those asserted

here for lack of jurisdiction. *See, e.g., Clarendon Am. Ins. Co.*, 2006 U.S. Dist. LEXIS 9121, at

*3 (dismissing declaratory claims against insurer, holding non-insured third party "lacks the

requisite standing to seek declaratory relief," and that "the statute is clear on its face that a person not insured under the contract may not bring action against the liability insurer . . . until they attain a verdict against the insured"); *Stanley*, 282 F. Supp. 2d at 1343-44 (same principle). Indeed, the non-joinder statute has already been enforced by federal courts in the context of Chinese drywall-related litigation. *Colony Ins. Co. v. Total Contr. & Roofing, Inc.*, No. 10-23091, 2010 U.S. Dist. LEXIS 129497, at *3-6 (S.D. Fla. Dec. 8, 2010) (dismissing declaratory judgment counterclaims asserted against insurer based on Chinese drywall-related liability because the injured third party lacked standing to bring claims under Florida law); *Mid-Continent Cas. Co. v. E. Constr.*, Case No. 10-21041 (S.D. Fla. Oct. 12, 2010) (not reported on Lexis or Westlaw), attached hereto as Exhibit C at 6 (holding, in a Chinese drywall case, that "the Court agrees that Fla. Stat. 627.4137(1) precludes Alvarez's counterclaim until there is a settlement or judgment in the underlying action").

Here, the putative class members are attempting to sue numerous carriers for declaratory relief without even alleging (because they cannot) that they have entered into settlements with or have obtained verdicts against the alleged Insured Defendants. As Florida law expressly prohibits such claims, this Court should dismiss all claims against the moving Insurance Company Defendants that are governed by Florida law.

**C.     Georgia law prohibits direct actions.**

Similarly, Georgia law prohibits an injured party from bringing suit directly against a liability insurer, unless and until the injured party secures a judgment against the insured wrongdoer or in the certain limited instances (that are not applicable here) where liability insurance is legislatively mandated. *Crisp Regional Hosp., Inc. v. Oliver*, 275 Ga. App. 578, 621 S.E.2d 554 (Ga. Ct. App. 2006). This rule was clarified by the Georgia Supreme Court in *Hartford Ins. Co. v. Henderson & Son, Inc.,* 258 Ga. 493, 494, 371 S.E.2d 401, 402 (Ga. 1988):

> The general rule is that because there is no privity of contract, a party may
> not bring a direct action against the liability insurer of the party who
> allegedly caused the damage unless there is an unsatisfied judgment against
> the insured or it is specifically permitted either by statute or a provision in
> the policy.

It is the law in Georgia that without an unsatisfied judgment, an agreement between parties, or a

legislative mandate, an injured claimant *cannot* sue an insurer directly to recover under a liability

policy. *Crisp Regional Hosp., Inc.,* 275 Ga. App. at 583, 621 S.E.2d at 559 (citing *Googe v.*

*Florida Int'l Indem. Co.*, 262 Ga. 546, 548, 422 S.E.2d 552 (Ga. 1992)); *see also Haezebrouk v.*

*State Farm Auto. Ins. Co.,* 252 Ga. App. 248, 555 S.E.2d 764 (Ga. Ct. App. 2001).

This rule applies in the context of contractual, declaratory judgment, and bad faith claims.

*Mikell v. Certain Underwriters at Lloyds, London*, 288 Ga. App. 430, 654 S.E.2d 227 (Ga. Ct.

App. 2007) (third-party claimant had no right to file direct action for declaratory judgment);

*Capitol Indem. Corp. v. Fraley*, 266 Ga. App. 561, 597 S.E.2d 601 (Ga. Ct. App. 2004) (third-

party claimant had no right to file direct action for bad faith); *Crisp, supra* (malpractice claimant

asserting that hospital failed to obtain liability insurance for doctor, in contravention of

employment contract between hospital and doctor, had no standing to enforce a contract, unless

named in the contract).

Thus, the Plaintiffs here who assert claims that are subject to Georgia law lack standing

to maintain those claims.

### D.  Virginia law prohibits direct actions.

Virginia law prohibits the joinder of the liability insurer in a plaintiff's action against the

alleged tortfeasor.  Virginia Code § 8.01-5 provides as follows:

> *Nothing in this section shall be construed to permit the joinder of any insurance*
> *company* on account of the issuance to any party to a cause of any policy or
> contract of liability insurance, or on account of the issuance by any such company
> of any policy or contract of liability insurance for the benefit of or that will inure
> to benefit of any party to any cause.

- 13 -

Va. Code Ann. § 8.01-5(B) (emphasis added). The statute could not be more clear. And the

Virginia Supreme Court has affirmed that "an injured person must reduce his claim to judgment

before bringing an action against the tortfeasor's liability insurer." *U.S. Auto. Ass'n v.*

*Nationwide Mut. Ins. Co.*, 241 S.E.2d 784, 788 (Va. 1978) (citing *Richmond, F. & P.R. Co. v.*

*Hughs-Keegan, Inc.*, 207 Va. 765, 773 (Va. 1967); *Employers' Liab. Assur. Corp. v. Taylor*, 178

S.E.2d 772, 774 (Va. 1935)); *see also Hill v. Wash. Metro. Area Transit Auth.*, No. 86-2047,

1987 WL 37096, at *1 n.4 (4th Cir. Apr. 14, 1987) (unpublished) (citing § 8.01-5(B) and noting

that "under Virginia law insurance companies providing liability insurance to a party cannot be

named as defendants [in the underlying tort action] without their consent").

Virginia courts have further emphasized that an injured party has no present rights in an

insurance contract prior to the conclusion of the injured party's suit against the insured alleged

tortfeasor. As stated by the Virginia Supreme Court in *Hudgins v. Jones*:

> any liability that the insurance company may have to any of the parties to this suit
> exists only by virtue of its policy of insurance . . . and is purely contractual . . . .
> [U]nder the terms of the insurance contract, [there is no] liability to pay damages
> until [the underlying tort action is resolved].

*Hudgins v. Jones*, 205 Va. 495 (Va. 1964).

Virginia law establishes a mechanism for a plaintiff to bring an action against an alleged

tortfeasor's liability insurer, *after* a judgment against the tortfeasor has been obtained and

returned unsatisfied. Specifically, Va. Code § 38.2-2200 sets forth certain mandatory provisions

that must be included in liability policies in Virginia. Under that statute, no general liability

policy may be issued in Virginia unless it specifically allows a judgment creditor to pursue a

judgment debtor's insurer if the judgment is not satisfied. The statute specifically provides as

follows:

> No policy or contract insuring or indemnifying against liability for injury to or the
> death of any person, liability for injury to or destruction of property, or liability

- 14 -

for injury to the economic interests of any person shall be issued or delivered in
the Commonwealth unless it contains in substance the following provisions . . . :

. . .

2. That if execution on a judgment against the insured or his personal
representative is returned unsatisfied in an action brought to recover damages for
injury sustained or for loss or damage incurred during the life of the policy or
contract, then an action may be maintained against the insurer under the terms of
the policy or contract for the amount of the judgment not exceeding the amount of
the applicable limit of coverage under the policy or contract.

Va. Code Ann. § 38.2-2002 (emphasis added). Each and every Virginia policy at issue in this

action contains the provision cited above, as required by § 38.2-2002.

Under Virginia law, therefore, the appropriate mechanism for resolving insurance

coverage disputes between a plaintiff and a tortfeasor's insurer is *after* the plaintiff has obtained

a judgment against the insured tortfeasor. That rule makes eminent sense, because if the insured

prevails, there will be no need to consider insurance coverage issues, and the court will not have

wasted resources issuing an advisory opinion on questions that ultimately did not matter.

Virginia Code § 38.2-2002 further demonstrates that Plaintiffs' action against the Insurance

Company Defendants is improper and premature. *See, e.g., Employers' Liability Assur. Corp. v.

Taylor*, 164 Va. 103, 110 (1935) ("the rule in this Commonwealth does not permit plaintiff,

before reducing her claim to judgment, to maintain an action on the [defendant's] policy"). The

Court therefore should dismiss all claims for declaratory relief against insurers whose policies

are governed by Virginia law.

## III. Litigating Coverage In the MDL Proceedings Is Contrary To the Rationale Expressed By the JPML In Its Orders Denying Transfer of Coverage Actions to the MDL

This MDL was created by a June 15, 2009 Transfer Order, which transferred ten pending

underlying homeowner lawsuits against manufacturers, distributors, and homebuilders to this

District for coordinated pretrial proceedings as permitted under 28 U.S.C. § 1407. *In re Chinese*

*Drywall Prods. Liab. Litig.*, 626 F. Supp. 2d 1346 (JPML 2009). The Order provides that other

pending actions may be treated as "tag-along" actions subject to transfer after the parties have

been provided an opportunity to object. *Id.* at 1346 n.1. Although Rule 7.2 of the Rules of the

JPML provides for the filing of potential tag-along actions directly in the transferee district

without the necessity of action by the JPML, this does not obviate the requirement that subject

matter jurisdiction must exist. The PSC cannot create subject matter jurisdiction in this Court by

circumventing the rulings of the JPML that have denied transfer of coverage actions into this

MDL and joining insurance coverage claims to underlying claims against the alleged Insured

Defendants in one massive lawsuit filed in the Eastern District of Louisiana.

The JPML has repeatedly refused to transfer the CGL insurance coverage actions like

those at the core of the *Amato* Complaint into this MDL because these actions lacked sufficient

commonality to be included in the MDL under Section 1407. The June 15, 2010 Order rendered

by the JPML is typical of these orders.[7]

---

[7]     *See* Order Vacating Conditional Transfer Order of *General Fid. Ins. Co. v. Foster*, No.
9:09-80743 (S.D. Fla. Dec. 2, 2009); Order Denying Transfer of *Builders Mut. Ins. Co. v.
Dragas Mgt. Corp.*, No. 2:09-185 (E.D. Va. Feb. 5, 2010); Order Denying Transfer of *Taylor
Woodrow Communities at Vasari LLC v. Mid-Continent Cas. Co.*, No. 09-823 (M.D. Fla. June
15, 2009), *Chartis Specialty Ins. Co., et al. v Banner Supply Co., et al.*, No. 10-339 (M.D. Fla
June 15, 2009), and *General Fid. Ins. Co. v. Foster*, No. 09-80743 (S.D. Fla. June 15, 2009);
Order Vacating Condition Transfer Order of *Mid-Continent Cas. Co. v. Pate*, No. 2:10-121
(M.D. Fla. Aug. 9, 2010), *Mid-Continent Cas. Co. v. Centerline Homes Const., Inc.*, No. 0:10-
60484 (S.D. Fla. Aug. 9, 2010), *Mid-Continent Cas. Co. v. Design Drywall of South Florida,
LLC*, No. 1:10-20861 (S.D. Fla. Aug. 9, 2010), and *Mid-Continent Cas. Co. v. Precision
Drywall, Inc.*, No. 9:10-80457 (S.D. Fla. Aug. 9, 2010); Order Denying Transfer of *Amerisure
Ins. Co. v. Albanese Popkin The Oaks Dev. Group, LP*, No. 9:09-81213 (S.D. Fla. Aug. 2010);
Order Denying Transfer of *Taylor Morrison, Inc. v. American Int'l Specialty Lines Ins. Co.*, No.
8:10-1347 (M.D. Fla. Oct. 8, 2010), *Mid-Continent Cas. Co. v. Active Drywall South, Inc.*, No.
1:10-20859 (S.D. Fla. Oct. 8, 2010), and *Mid-Continent Cas. Co. v. JDM Builders, Inc.*, No.
1:10-20862 (S.D. Fla. Oct. 8, 2010); Order Denying Transfer of *Lennar Corp. v. Nautilus Ins.
Co.*, No. 1:10-21909 (S.D. Fla. Dec. 2, 2010); Order Denying Transfer of *Naionwide Mut. Ins.
Co. v. The Overlook, LLC*, No. 4:10-69 (E.D. Va. Feb. 3, 2011).

Significantly, the full JPML rendered this decision after hearing from many interested parties. Certain homebuilders and suppliers moved to transfer the insurance coverage actions into this MDL. The PSC responded in support of the transfer. The National Association of Homebuilders submitted an amicus brief in support of transfer. The insurance companies involved in the coverage litigation opposed the transfer and thirteen other insurance companies also asked the JPML to preclude transferring the declaratory judgment actions arising from insurance coverage to this MDL. The June 15, 2010 Order denying transfer has been consistently followed by the JPML ever since. (*See, supra*, n. 7 (collecting orders).) This Court recognized the JPML's string of decisions when it remanded the coverage action in *Owners Ins. Co. v. The Mitchell Co., Inc.*,[8] the only insurance coverage action ever transferred to the MDL. (*Id.* at 2.) Thereafter, on February 9, 2011, the JPML accepted that ruling and recommendation of this Court issuing an order with brief reasons, specifically remanding the case to the Northern District of Georgia. Thus, the JPML essentially reversed its earlier ruling where it said that *Owners v. Mitchell* was the type of coverage case that could be transferred to the MDL.

Had the PSC commenced the coverage actions against the insurers in the appropriate district court and then sought to transfer the action to this MDL, the JPML would have denied transfer. Litigating coverage in the MDL proceedings is contrary to the rationale expressed by the JPML in its orders denying transfer of coverage actions to the MDL. The PSC should not be permitted to commence coverage actions in this MDL and to bypass the consistent rulings of the JPML that have prevented coverage actions from being litigated in the MDL.

---

[8] Order & Reasons entered September 9, 2010 (*Owners Ins. Co. v. The Mitchell Co.*, No. 10-1036 (M.D. Ga. 2009), docketed at 5503 in MDL No. 2047).

## CONCLUSION

For all the foregoing reasons, the Insurer Steering Committee respectfully requests that

this Court enter an order dismissing all of the non-Louisiana claims for lack of subject matter

jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

March 24, 2011                                     Respectfully submitted,


                                        */s/ Judy Y. Barrasso*
                                        Judy Y. Barrasso, 2814
                                        H. Minor Pipes, III, 24603
                                        BARRASSO USDIN KUPPERMAN FREEMAN
                                        & SARVER, L.L.C.
                                        909 Poydras Street, 24th Floor
                                        New Orleans, Louisiana 70112
                                        Telephone: (504) 589-9700
                                        jbarrasso@barrassousdin.com
                                        mpipes@barrassousdin.com

                                        *Lead Counsel for the Insurer Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March, 2011.

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814

- 19 -