UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO** *Vickers v. Knauf Gips KG*, **No. 09-4117;** *Payton v. Knauf Gips KG*, **No. 09-7628; and** *Silva v. Arch Insurance Co.*, **No. 09-8034.**

## ORDER & REASONS

Before the Court are the following motions to intervene: Taylor Morrison Services, Inc. and Taylor Woodrow Communities at Vasari, LLC's (collectively referred to as "Taylor") Motion to Intervene in *Vickers* (R. Doc. 8128); Completed Communities II, LLC f/k/a Centerline Homes at Tradition, LLC and Centerline Port St. Lucie, Ltd., Centerline Homes at Georgetown, LLC, Briella Townhomes, LLC, and Centerline Homes Construction, Inc.'s (collectively referred to as "Centerline") Motion to Intervene in *Vickers* (R. Doc. 8131); Lennar Corp., Lennar Homes, LLC, and U.S. Home Corp.'s (collectively referred to as "Lennar") Motion to Intervene in *Vickers* (R. Doc. 8135); and the Mitchell Company, Inc's ("Mitchell") Motion to Intervene in *Payton* and *Silva* (R. Doc. 8143)[1]. The Court has reviewed the briefs submitted by the parties, heard from the parties on oral argument, and has considered the applicable facts and law. The Court now rules on these motions as follows.

**I.    BACKGROUND**

The present cases arise from the manufacture, importation, sale, and installation of

---

[1]Mitchell filed a second motion to intervene, *see* (R. Doc. 8144), but the Court finds no difference between the two motions, and thus IT IS ORDERED that this identical second motion is DENIED AS MOOT.

Chinese-manufactured drywall found in numerous homes, which causes alleged property damage and personal injuries to the owners and residents of these homes. Because of the numerous claims arising from Chinese drywall, federal cases arising therefrom are consolidated for pretrial proceedings in multidistrict litigation before this Court. All three cases at issue are part of the MDL proceedings. *Vickers* is a class action suit brought on behalf of Florida homeowners whose homes contain defective Knauf Chinese drywall that was supplied by Banner Supply Co. and its affiliates ("Banner"). *See* (R. Doc. 7312)(Fifth Amended Complaint). *Payton* is a class action suit brought on behalf of homeowners and residents of homes containing Knauf Chinese drywall, and in which both Banner and the Interior Exterior Building Supply, LP are named as defendants. *See* (R. Doc. 8197)(Substituted Motion for Class Certification). *Silva* is a declaratory judgment class action suit brought on behalf of Louisiana homeowners and residents of homes containing Knauf Chinese drywall purchased through Interior Exterior. *See* (R. Doc. 1-3)(No. 09-8034)(Petition).

Class certification motions have been filed in each of these cases. *See* (R. Docs. 8195, 8125, 8197). Additionally, a bellwether trial is scheduled in the *Silva* case for July 18, 2011. On January 21, 2011, the Court issued a Scheduling Order re: Hearings for Class Certification, (R. Doc. 6958), permitting any interested party to intervene in these cases by a specified date, which was later extended to March 14, 2011. *See* (R. Doc. 7761). Taylor, Centerline, Lennar, and Mitchell, as well as a number of other parties, sought intervention pursuant to this Order. Because the movants' intervention motions were opposed, the Court set these motions for hearing, received briefing, and heard oral argument. A summary of the arguments now follows.

II.     **PRESENT MOTIONS**

    A.     **Taylor's Motion to Intervene in *Vickers***
Taylor filed a Motion to Intervene in *Vickers* (R. Doc. 8128). Taylor, a homebuilder,

notes that it has spent millions of dollars repairing homes damaged by Chinese drywall supplied by Banner, and that in exchange for such, it has received from the homeowners an assignment of their claims against Banner and other defendants in the chain of commerce.  Thus, according to Taylor, its claims against Banner are similar enough to those of the plaintiffs in *Vickers* to warrant intervention, and its intervention is necessary given Banner's limited available insurance proceeds for all the claims against it.  It is on these bases that Taylor seeks intervention as of right pursuant to Rule 24(a), and alternatively, permissive intervention pursuant to Rule 24(b). Taylor, along with Lennar, seeks intervention as a class representative "on behalf of a putative class of homebuilders that have repaired homes and/or received assignments of claims from the homeowners [] for the limited purposes of negotiating a potential class-wide settlement with, among other parties, Banner."  *See* (R. Doc. 8128-2)(Proposed Order).

      **B.**     **Centerline's Motion to Intervene in *Vickers***

Centerline filed a Motion to Intervene in *Vickers* (R. Doc. 8131).  Centerline seeks intervention as of right pursuant to Rule 24(a) on the basis that it was involved in the construction and development of properties in which certain subcontractors used Chinese drywall related to the defendants in the case, and thus it has an interest in recovering from these defendants.  Alternatively, Centerline seeks permissive intervention pursuant to Rule 24(b) on the basis that it has similar claims as those asserted by plaintiffs, as well as similar defenses as raised by certain defendants.

      **C.**     **Lennar's Motion to Intervene in *Vickers***

Lennar filed a Motion to Intervene in *Vickers* (R. Doc. 8135).  Lennar, a homebuilder, notes that it has spent millions of dollars repairing hundreds of homes that were damaged by defective Chinese drywall supplied by Banner, and in exchange has received from homeowners

an assignment of their claims against the defendants in the chain of commerce. As a result, Lennar alleges that its claims against Banner are virtually identical to those of the plaintiff homebuilders against Banner, but notes that it, and other similarly situated homebuilders are not included in the class definition. Lennar additionally is concerned about the limited insurance proceeds available for Banner to compensate the plaintiffs and the homebuilders like itself that have received an assignment of the homeowners' claims. Lennar seeks intervention of right pursuant to Rule 24(a) on these bases. Alternatively, Lennar seeks permissive intervention pursuant to Rule 24(b). Lennar, along with Taylor, seeks intervention as a class representative "on behalf of a putative class of homebuilders that have repaired homes and/or received assignments of claims from the homeowners [] for the limited purposes of negotiating a potential class-wide settlement with, among other parties, Banner." *See* (R. Doc. 8135-2)(Proposed Order).

### D. Mitchell's Motion to Intervene in *Payton* and *Silva*

Mitchell filed a Motion to Intervene in *Payton* and *Silva*, (R. Docs. 8143, 8249), seeking the opportunity to present argument for class certification of claims by homebuilders who used Chinese drywall against certain Knauf entities and Interior Exterior. Mitchell seeks intervention as of right pursuant to Rule 24(a) on the basis that its intervention is timely; it has sufficient interest in the litigation, that is, it seeks recovery for the losses and liabilities it has accrued as a result of Chinese drywall; its interest may be impaired by the disposition of the litigation since there are limited funds for recovery, and the Court may find it cannot proceed as a class against upstream defendants; and no existing party adequately represents its interests. Alternatively, Mitchell seeks permissive intervention pursuant to Rule 24(b) on the basis that its claims involving Chinese drywall are similar to those in *Silva* and *Payton*, and its intervention will not

prejudice or delay the existing parties' rights.

### E. Oppositions to Motions to Intervene[2]

#### 1. *Interior Exterior & Knauf Entities*

Interior Exterior and the Knauf Entities filed a Response in opposition to Mitchell's Motion to Intervene. (R. Doc. 8186). These defendants contend that Mitchell's intervention is untimely because it knew of the class certification motions and claims well in advance of its motion, but waited until the last minute to intervene. Additionally, Interior Exterior and Knauf contend that Mitchell cannot demonstrate it has an interest in the *Silva* and *Payton* class litigation, or that its absence in these cases will impair its interest. They concede that Mitchell has a financial interest in the cases, but note that the Fifth Circuit holds that a financial interest alone is insufficient for intervention. They distinguish Mitchell's claims against them as a homebuilder from the plaintiffs' claim against them as homeowners. Interior Exterior and Knauf also refute that permissive intervention is appropriate on the basis that Mitchell's intervention, and its expansive proposed class, would require extensive discovery, briefing, and argument that would severely delay and prejudice the existing parties.

#### 2. *Plaintiffs' Steering Committee ("PSC")*

The PSC filed a Response in opposition to Mitchell's Motion to Intervene. (R. Doc. 8250). The PSC joins in the arguments raised in the preceding paragraph by Interior Exterior and Knauf. It additionally claims that Mitchell's claims are not similar to the plaintiffs and have not been prepared, and thus, are not appropriate for intervention. The PSC does not oppose the

---

[2]The Knauf Defendants also filed a Response to Taylor, Centerline, and Lennar's motions to intervene seeking clarification as to whether these parties sought to intervene against Knauf. (R. Doc. 8243). At the hearing, these parties clarified they are not seeking intervention against Knauf, only against Banner. Thus, presumably, Knauf no longer opposes these homebuilders' motions.

class interventions of Taylor, Centerline, and Lennar in *Vickers*, however.

     *3.*     *Banner Entities*

The Banner Entities filed a Response in opposition to Taylor, Centerline, Lennar, and Meadows of Estero-Bonita Springs LP's[3] motions to intervene.  (R. Doc. 8284).  Banner clarifies in a footnote that it does not oppose these homebuilders intervening for purposes of settlement discussions only, but does oppose their intervention for purposes of the class settlement hearings since such will delay the current hearing date given that no complaints against Banner have been filed, no discovery responses submitted, nor motions for class certification.  Banner notes that the present class certification motions focus on homeowners' claims, not those by homebuilders.  It further claims that the intervention motions are untimely and unwarranted since these homebuilders have failed to demonstrate a protectable interest in the litigation, other than an interest in Banner's limited insurance proceeds, which is insufficient for intervention.  The Court will address each of these motions in turn.

**III.**    **LAW & ANALYSIS**

Federal Rule of Civil Procedure 24 provides for intervention of right and permissive intervention in certain circumstances.  Rule 24(a), governing intervention of right, provides that a "court must permit anyone to intervene who...claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  In the Fifth Circuit, intervention of right must also be

---

[3] Meadows of Estero-Bonita Springs LP filed a Motion to Intervene in *Vickers* (R. Doc. 8274), but this Motion has not yet been set for hearing.  The Court will consider the arguments raised by Banner and resolve this Motion on the briefs in due time.

based upon a timely motion to intervene. *See Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005)(citing *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004)). The Circuit requires that the inquiry under Rule 24(a) be "'a flexible one, which focuses on the particular facts and circumstances surrounding each application,' and... 'be measured by a practical rather than technical yardstick.'" *Id*.(quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)). Intervention of right "should generally be allowed where 'no one would be hurt and greater justice could be attained.'" *Id*. (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). Movants seeking intervention must meet all requirements for intervention as of right and bear the burden of demonstrating their entitlement to such intervention. *See United States v. Tex. E. Transmission Corp.*, 923 F.3d 385, 387 (5th Cir. 1999).

The Court will first address whether the motions to intervene filed by Taylor, Centerline, Lennar, and Mitchell (collectively referred to as the "Homebuilders") were timely. The Fifth Circuit requires consideration of four factors under this inquiry, which are, (1) the length of time the movant actually or reasonably should have known of its interest before filing its motion, (2) the extent of prejudice to the existing parties of the movant's failure to file its motion to intervention upon actual or reasonable knowledge of its interest, (3) the extent of prejudice the movant may suffer if its intervention is denied, and (4) the existence of unusual circumstances militating in favor or against timeliness. *Ross*, 426 F.3d at 754 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977)). Notably, the Circuit characterizes these factors as "'contextual'" and not as "tool[s] of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.'" *Id*. (quoting *Sierra Club*, 18 F.3d at 1205).

7

Considering these factors, whether the Homebuilders' motions to intervene were timely is a close call. It is undisputed that all Homebuilders filed their motions within the deadline established by the Court. However, each Homebuilder has been in the litigation for a substantial amount of time and could have intervened prior to the Court's invitation to do so.

In the timeliness inquiry, the Court must consider also prejudice. The Homebuilders all claim they will be prejudiced in an economic sense if they are prevented from intervening since the defendants have limited funds available. However, the Fifth Circuit holds that "'an economic interest alone is insufficient' to intervene." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 251 (5th Cir. 2009)(quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 466 (5th Cir. 1984)). As to prejudice to the existing parties, they have fought over the discovery, briefing, and hearing schedule for the class certification motions, and by adding the class certification claims of the Homebuilders to the current schedule, prejudicial delay and complication are likely to ensue. However, Taylor, Centerline, and Lennar state that they seek class intervention solely for purposes of inclusion in global settlement negotiations. Neither Banner nor the PSC opposes intervention for this limited purpose. These homebuilders stand in the shoes of the homeowners whose homes they remediated, and thus, their claims would be similar to the claims of the plaintiff homeowners already in the cases. Additionally, at oral argument these homebuilders indicated their class reps would be available for depositions immediately, reducing any delay or prejudice to existing parties. It is on these bases that the Court finds Taylor, Centerline, and Lennar's motions to intervene are timely.

Unlike Taylor, Centerline, and Lennar, Mitchell seeks to present its class certification claims to the Court, as well as participate in any global settlement negotiations. Mitchell also

seeks intervention in *Silva* which is set for trial on July 18, 2011, and which as of now is scheduled to try only the claims against Interior Exterior.  Mitchell's claims, and the claims it seeks to represent, are those as a homebuilder against defendants such as Interior Exterior and Knauf, which are higher in the Chinese drywall chain of commerce, and not as an assignee of homeowners' claims against these defendants.  Thus, the claims, facts, and legal issues would be entirely different from those filed by the homeowner plaintiffs and scheduled for hearing and trial.  Thus, because of the increased prejudice to existing parties, Mitchell's intervention is untimely.  Because movants for intervention must meet all requirements of Rule 24(a) for intervention of right, *see Tex. E. Transmission Corp.*, 923 F.2d at 414,  Mitchell's Motion insofar as it seeks intervention of right is denied.  While Mitchell will suffer a degree of prejudice due to its inability to intervene, it may still pursue its homebuilder class claims against all the defendants above it the chain in commerce all at once in its already filed case, *Mitchell Company, Inc. v. Knauf Gips KG*, No. 09-4115.

Mitchell's arguments for permissive intervention similarly fail.  Rule 24(b), governing permissive intervention, allows a court to permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact."  However, in considering whether to grant permissive intervention, the district court "must consider whether the intervention will unduly prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3). While the Court acknowledges that Mitchell has Chinese drywall-related claims against Interior Exterior and Knauf, it finds that these claims, while generally similar, are different in a factual and legal sense from the homeowners' claims against these defendants. Furthermore, the prejudice and delay to the existing parties, as discussed above, outweighs any

basis for Mitchell to permissively intervene.

Although the Court has determined that Taylor, Centerline, and Lennar's motions to intervene were timely, it must still address the other factors for intervention as of right pursuant to Rule 24(a). These factors are, (1) whether these homebuilders have an interest in the litigation, (2) if without their presence this interest will be harmed, and (3) whether the existing parties protect these homebuilders' interests. Under the first factor, these homebuilders each assert their interest in the litigation, particularly in recovering from the limited funds available from the defendants. As mentioned above, however, this interest is a purely economic one, which the Fifth Circuit holds is insufficient for intervention as of right under Rule 24(a). Notably, the claims Taylor, Centerline, and Lennar represent are those of homeowners, not of themselves, and are similar to those at issue in *Vickers* in which they seek to intervene, that is, a class of homeowners with Chinese drywall claims against Banner. Thus, in this sense, Taylor, Centerline, and Lennar have more than an economic interest in intervening, but also a legal interest. *See generally New Orleans Pub. Serv., Inc.*, 732 F.2d at 463-64. Indeed, a determination of whether the existing putative class plaintiffs constitute a certifiable class would also determine whether the homeowners who presumably would have been in this class had their homes not been remediated by Taylor, Centerline, and Lennar, and assigned their claims thereto, would be part of such a class.

This finding lends itself to the next inquiry, whether Taylor, Centerline, and Lennar's interests are protected by the existing plaintiffs. As assignees of homeowners' claims against the defendants, Taylor, Centerline, and Lennar indeed have similar, if not identical, claims as the plaintiffs in the cases. However, by virtue of the assignment, the claims are distinguishable

enough to warrant these homebuilders' separate representation of such interests in the litigation. Thus, because Taylor, Centerline, and Lennar have demonstrated that they satisfy all factors for Rule 24(a) intervention of right, their motions to intervene are granted. Intervention is further supported by the fact that both the PSC and Banner consent to such insofar as these homebuilders seek to intervene for the limited purpose of negotiating a potential class-wide settlement.

## IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Taylor's Motion to Intervene in *Vickers* (R. Doc. 8128); Centerline's Motion to Intervene in *Vickers* (R. Doc. 8131); and Lennar's Motion to Intervene in *Vickers* (R. Doc. 8135) are GRANTED. IT IS FURTHER ORDERED that Taylor and Lennar are permitted to intervene as class representatives on behalf of a putative class of homebuilders who have repaired homes and/or received assignments of claims from the homeowners for the limited purposes of negotiating a potential class-wide settlement with, among other parties, Banner and its affiliates. All other members of this putative homebuilder class do not need to intervene for purposes of protecting their right to any potential settlement that may be reached with Banner in this action.

IT IS FURTHER ORDERED that Mitchell's Motion to Intervene in *Payton* and *Silva* (R. Doc. 8143) is DENIED. However, the Court will permit representatives of homebuilders that have thus far not repaired homes to participate in any settlement discussions.

New Orleans, Louisiana, this 25th day of March 2011.

*[signature: Eldon C. Fallon]*
U.S. District Judge