**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 2047 |
| | ) | SECTION "L" |
| THIS DOCUMENT RELATES TO: | ) ) | JUDGE FALLON |
| David Gross, et al. vs. Knauf Gips, KG., et al. | ) ) ) ) | MAG. JUDGE WILKINSON |
| CASE NO.: 2:09-CV-6690-EEF-JCW | ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT BOYLE LUMBER COMPANY'S MOTION TO DISMISS PLAINTIFF, RUBEN JAEN'S OMNIBUS CLASS ACTION COMPLAINT IN INTERVENTION (III(A)) AND PLAINTIFF MARY ANNE BENES' SUBSTITUTED AND AMENDED OMNIBUS CLASS ACTION COMPLAINT IN INTERVENTION (III) FOR LACK OF PERSONAL JURISDICTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

**MAY IT PLEASE THE COURT:**

This Memorandum is respectfully submitted by Boyle Lumber Company ("Boyle Lumber") in support of its Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2) filed contemporaneously herewith. Specifically, Boyle Lumber is not subject to, nor has it submitted to, the jurisdiction of this Court.

## I. BACKGROUND

On July 9, 2010, Ruben Jaen, individually and on behalf of others similarly situated, intervened in *Gross, et al. v. Knauf GIPS KG, et al.,* Case No. 09-6690 (E.D. La) asserting they are absent class members. On March 17, 2010, Mary Anne Benes, individually and on behalf of others similarly situated, filed a similar intervention. The intervening plaintiffs contend they have been successful in identifying certain defendants in the chain of distribution of allegedly defective drywall in their homes. Boyle Lumber is identified as a Mississippi company and named as an "importer, exporter, distributor, supplier or broker of drywall and related building products. . . ." (*Jaen* Complaint of Intervention, Paragraph 1082, *Benes* Complaint of Intervention, Paragraph 1082). The only named plaintiff to specifically identify Boyle Lumber as an "importer, exporter, distributor, supplier or broker" of defective drywall to her home is Martha McKenzie, a citizen of Mississippi who owns real property at 175 Old Mount Bayou Road, Mound Bayou, Mississippi 38763. (Benes Complaint of Intervention, Paragraph 514 and Schedule 1 to *Benes* Complaint of Intervention). Plaintiffs assert causes of action against Boyle Lumber sounding in negligence, negligence per se, strict liability, breach of express and/or implied warranties, Louisiana Products Liability Act, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violation of consumer protection acts, and for injunctive relief and medical monitoring.

As admitted by plaintiffs and as more fully set forth in the Affidavit of Kent Wilburn, attached hereto as Exhibit "A", Boyle Lumber is a Mississippi corporation with its sole place of business in Mississippi. Boyle Lumber is a single location retail hardware store that has never transacted business in the State of Louisiana, does not

maintain an office or agent in Louisiana, does not and has never owned property in Louisiana, does not advertise or market in Louisiana, has not breached any contract or committed any tort in Louisiana and has not otherwise conducted itself in any manner that would give rise to personal jurisdiction over Boyle Lumber by a court in Louisiana.

## II.   LAW AND ARGUMENT

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction and (2) the exercise of jurisdiction does not exceed the boundaries of due process. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). Louisiana's long-arm statute, La. R.S. 13:3201(B), provides that a Louisiana court "may exercise personal jurisdiction over a nonresident on any basis consistent with . . . the Constitution of the United States." Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over Boyle Lumber would offend due process. *Luv N' Care, LTD v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006); *see also Electrosource, Inc. v. Horizon Battery Techs., Ltd.,* 176 F.3rd 867, 871 (5th Cir. 1999).

The due process clause limits the Court's power to assert personal jurisdiction over a nonresident defendant. The due process inquiry is two-fold. First, the court must establish whether Boyle Lumber, a non resident defendant, has the requisite minimum contacts with Louisiana, the forum state. *See Luv N' Care,* 438 F.3d at 469 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Second, the Court must determine whether exercising personal jurisdiction over Boyle Lumber would violate "traditional

3

notions of fair play and substantial justice." *Int'l Shoe Co.,* 326 U.S. at 310. For the following reasons, the due process inquiry clearly shows that the Court lacks the power to assert personal jurisdiction over Boyle Lumber.

    A.    <u>Minimum Contacts</u>

The minimum contacts test takes two forms, and the constitutional limitations on the exercise of personal jurisdiction differs depending on whether a court seeks to exercise general or specific jurisdiction over the defendant. In this case, the Court lacks power to exercise either general or specific jurisdiction over Boyle Lumber because it has no contacts whatsoever with the state of Louisiana.

    a.    Specific Jurisdiction

The Court may exercise specific jurisdiction over a nonresident defendant "in a suit arising out of or related to the defendant's contacts with the forum." *Seiferth*, 472 F.3d at 271 (citing *Helicopteros Nacionales de Colombia*, 466 U.S. at 413-13). The Fifth Circuit articulated a three-step journey inquiry for personal jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state. . . whether [he] purposely directed [his] activities toward the forum state or purposely availed [himself] of the privileges of conducting activities there;
>
> (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
>
> (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.*, (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) and *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002)).

The first prong of the analysis requires that plaintiffs establish that Boyle Lumber purposely availed itself of the privileges of conducting activities in Louisiana, thus

invoking the benefits and protections of Louisiana's law.  *Jones v. Petty-Ray Geophysical*, 954 F.2d 1061, 1086 (5th Cir. 1991) (quoting *Hanson v. Denckla*, 377 U.S. 235 (1958)).  This prong is the constitutional touchstone for the exercise of personal jurisdiction.  *See Asahi Metal Indus. Co., Ltd v. Super. Ct. of Calif., Solano Co.*, 480 U.S. 102, 108-09 (1987).

Plaintiffs have not and cannot establish the first prong of the analysis.  Boyle Lumber is not registered to do business in Louisiana, does not have any offices or employees in Louisiana, and does not and has not ever owned any property in Louisiana.  (Wilburn Affidavit).  Moreover, none of the claims made against Boyle Lumber have anything to do with Louisiana.  One named plaintiff, Martha McKenzie, a resident of Mississippi, alleges that Boyle Lumber played an unspecified role in supplying defective drywall used in her Mississippi home.  Plaintiffs have not even alleged, much less established, facts which demonstrate Boyle Lumber purposefully availed itself of the privilege of conducting business in Louisiana.  Accordingly, this Court cannot exercise specific jurisdiction over Boyle Lumber.

To satisfy the second prong of the analysis, plaintiffs must demonstrate that their cause of action arises out of or relates to Boyle Lumber's conduct in Louisiana.  As Boyle Lumber has had no conduct with Louisiana, the plaintiff's cause of action is necessarily not related and does not arise out of Boyle Lumber's conduct in Louisiana.

The final prong of the analysis requires the Court to determine whether the exercise of personal jurisdiction over the non-resident defendant is fair and reasonable.  The exercise of personal jurisdiction is only reasonable if it does not offend "traditional notions of fair play and substantial justice."  *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th

Cir. 1999). Given the complete lack of contacts between Boyle Lumber and Louisiana, as discussed above, it would be unreasonable and unfair to require Boyle Lumber, a Mississippi corporation, to litigate in Louisiana.

  B.  <u>General Jurisdiction</u>

  The sole focus of a general jurisdiction inquiry is whether there are any continuous and systematic contacts between Boyle Lumber and the state of Louisiana. *Dickson Marine, Inc.,* 179 F.3d at 339. The Fifth Circuit has found that the continuous and systematic test "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora*, 249 F.3d 413, 419 (5th Cir. 2001 (emphasis added).

  As Boyle Lumber has no contacts whatsoever with Louisiana, an exercise of general jurisdiction over Boyle Lumber would violate the due process clause. As already noted, Boyle Lumber is a Mississippi corporation with its sole place of business in Mississippi. Boyle Lumber is not and has never been licensed or registered to do business in Louisiana and does not and has not ever had any offices, employees, property, bank accounts or other resources in Louisiana. (Affidavit of Kent Wilburn). The fact that Boyle Lumber has had no contact with Louisiana conclusively establishes that this Court cannot exercise general jurisdiction over it.

  C.  <u>Fair Play and Substantial Justice</u>

  Courts consider several factors when making a fair play and substantial justice analysis: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief. *Luv N' Care, Ltd.*, 438 F.3d at 473. Fairness dictates the dismissal of the complaint as to Boyle Lumber. Boyle Lumber is a

Mississippi corporation with its sole place of business in Mississippi. It is not currently and has never been licensed or registered to do business in Louisiana and does not and has never had any offices, employees, property, bank accounts or other resources in Louisiana. (Affidavit of Kent Wilburn). Moreover, the sole named plaintiff who identifies Boyle Lumber as a supplier of drywall to her home is a Mississippi resident with a Mississippi home. Accordingly, Louisiana's interest in adjudicating this action is tenuous at best where neither Boyle Lumber nor the causes of action asserted have any connection to Louisiana. Moreover, because minimum contacts are not established, plaintiffs cannot as heavily rely on the "interests of the plaintiff. . .[to] justify. . . the serious burdens placed on the defendant." *Asahi Metal Indus. Co., Ltd.,* 480 U.S. at 114.

### III.   CONCLUSION

Fore the foregoing reasons, adjudicating this dispute against Boyle Lumber in Louisiana violates the minimum contacts required to fulfill due process and impedes any notion of "fair play and substantial justice." As such, plaintiffs' complaint must be dismissed against Boyle Lumber for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

                Respectfully Submitted

                s/ Glen E. Mercer
        By: Glen E. Mercer (#21752)
            Kourtney T. French (#26736)
            SALLEY HITE & MERCER LLC
            365 Canal Street, Suite 1710
            New Orleans, Louisiana  70130
            Tel:  (504) 566-8800
            Facsimile:  (504) 566-8828
            Attorneys for Defendant
            Boyle Lumber Company

CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28th day of March, 2011.

                                                  s/ Glen E. Mercer_____
                                                  GLEN E. MERCER