UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | CASE NO. 2:09-MD-02047 SECTION L JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | ) ) | MAG. JUDGE WILKINSON |

**WESCO INSURANCE COMPANY'S MEMORANDUM OF ADDITIONAL SUPPORT ON MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

MAY IT PLEASE THE COURT:

Wesco Insurance Company ("Wesco") is a joining party to the Motion to Dismiss Pursuant to Rule 12(b)(1) filed by the Insurer Steering Committee ("ISC"). For the reasons stated in the supporting Memorandum ("ISC Brief"), as well as for the additional reasons stated in this additional memorandum, Wesco should be dismissed from this litigation, with prejudice.[1]

### THE CLAIMS AGAINST WESCO

The claims against Wesco in the Amended Complaint are limited to the owners of five (5) homes ("Wesco Plaintiffs"). Amended Complaint (R. Doc. 3132) at Schedule 1 and Exhibit B to ISC Brief. The Wesco Plaintiffs are all domiciled and the properties are all located in Alabama. *Id.* Wesco's lone insured in this matter is Mazer Discount Home Centers, Inc. ("Mazer"), who is alleged to be a "distributor, supplier, importer, exporter or broker" by the PSC. Amended Complaint at Schedule 2. Neither Wesco nor its insured, Mazer, have filed any claim seeking relief in this matter.

---

[1] By joining the ISC Brief, Wesco does not intend to waive, and indeed intends to preserve, any defense of personal jurisdiction, venue, failure to join necessary parties, first filed litigation and any other potentially applicable defense pursuant to this Court's Order dated March 2, 2011 that by filing the 12(b)(1), the insurers do not waive any such defense. *See* R. Doc. 7793. Harleysville Insurance Company has separately filed a Motion for Abstention that may also impact the claims against Wesco.

Wesco is incorporated in Delaware with its principal place of business in New York. Wesco issued Policy WPP101005000 ("Wesco Policy") to Mazer at an Alabama address. There is no suggestion that any Wesco Plaintiff sustained any injury or loss in Louisiana. Likewise, there is no suggestion that the Wesco Policy was issued or delivered in Louisiana. The only connection of the claims of the Wesco Plaintiffs to Louisiana is the improper filing of this action directly in the MDL.[2]

### THE WESCO PLAINTIFFS HAVE NO STANDING TO BRING CLAIMS AGAINST WESCO

There is no "case or controversy" to support the Wesco Plaintiffs' request for declaratory relief against Wesco because there is no law that may potentially provide relief to the Wesco Plaintiffs. Filing under the Federal Declaratory Judgment Act without more is insufficient to support jurisdiction; rather, to invoke this Court's subject matter jurisdiction, the Wesco Plaintiffs must establish that the law of the state that governs this matter provides them a right of action against Wesco . *See Lowe v. Ingalls Shipbuilding, A Division of Litton*, 723 F.2d 1173, 1179 (5th Cir. 1984) ("'[T]he operation of the Declaratory Judgment Act is procedural only.' [citation]. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.... '[J]urisdiction' means the kinds of issues which give right of entrance to federal courts. Jurisdiction in this sense was not altered by the Declaratory Judgment Act", citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950)); *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990).

With no right or remedy available under federal law, the Wesco Plaintiffs must find support for their claims in state law, something they cannot do. The Wesco Plaintiffs have not

---

[2] *See* Section III of the ISC Brief.

identified any facts to support a right of direct action against Wesco prior to obtaining a judgment against its insured, Mazer.

The Court should not be distracted by any suggestion that a choice of law analysis is relevant or necessary. Wesco contends that the law of some state other than Louisiana – that is, Alabama - controls the rights and obligations of Wesco and its insured, Mazer. Regardless, the plaintiffs appropriately concede in their Amended Complaint that the Louisiana Direct Action Statute does not apply to any of the Moving Insurance Company Defendants, including Wesco. As such, even if Louisiana law were otherwise to govern interpretation of the involved Wesco policy, something Wesco denies, the result is the same – the claims should be dismissed for lack of subject matter jurisdiction.[3]

Under Louisiana law, without enabling legislation, the right to a direct action against a liability insurer does not exist. *Logan v. Hollier*, 424 So.2d 1279 (La.App. 3d Cir. 1982). In Louisiana, the only statute providing such potential relief is 22:1269. As noted by one Louisiana court, 22:1269 extends a *conditional right* to file suit to *some parties* under *some circumstances*.

---

[3] A federal court sitting in diversity must apply the choice of law rules of the forum state, which here is Louisiana. *Travelers Cas. & Sur. Co. of America v. Wright Ins. Agency, Inc.*, 404 F.3d 927, 928 (5th Cir. 2005); *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 248 (5th Cir. 2008). Under Louisiana's choice of law rules applicable to insurance contracts, La.Civ. Code arts. 3515 and 3537, it is the state whose laws would be most impaired if its law were not applied to the action. *See Norfolk Southern Corp. v. California Union Ins. Co.*, 2002-0369, 859 So.2d 167, (La.App. 1 Cir. 9/12/03) (law of Virginia applied to insurance dispute as domicile of some insureds but property at issue was located in Louisiana). Pursuant to these rules, the court must identify the relevant policies of the involved states and then evaluate the strength and pertinence of these policies in light of (1) the pertinent contacts of each involved state to the parties and the transaction; (2) the nature, type and purpose of the contract; and (3) the policies listed in clause (3). Even where suit is filed in and the injury is sustained in Louisiana, Louisiana law is often found not to apply to insurance disputes. *Murden v. Acands, Inc.*, 2005-0319, 921 So.2d 165 (La.App. 4 Cir. 12/14/05) (law of Belgium applied as law of location of issuance of policy and domicile of insured despite injury in Louisiana); *Breese v. Hadson Petroleum (USA), Inc.*, 955 F.Supp. 648 (M.D. La. 1996) (law of Mississippi applied as domicile of insured and where policy was negotiated, issued and delivered rather than location of injury).

*Perkins v. Carter*, 09-673, 30 So.3d 862 (La.App. 5 Cir. 12/29/09). In other words, it does not provide a remedy to all parties filing in Louisiana for all claims. Its language cannot be perverted to apply to a claim not encompassed by the statute. *See Falls v. Employers' Liability Assur. Corp.*, 104 F.Supp. 256 (D.C. La., 1952) (direct action statute must be strictly construed); *Hidalgo v. Fidelity & Casualty Co. of New York*, 104 F.Supp. 230 (D.C.La. 1952) (same).

Where, as here, the statute does not apply on its face, the injured party has no right of action under the statute. *See* ISC Brief at pp. 5-6; *see also, Sprow v. Hartford Ins. Co.*, 594 F.2d 412 (5th Cir. 1979) (this section applies only when tort giving rise to insurer's liability occurs in Louisiana or insurance policy was issued in that state); *Louisiana Continental Ins. Co. v. Jantran, Inc.*, 906 F.Supp. 362 (E.D. La. 1995) (statute can only be applied when at least one of the following prerequisites has been met: (1) policy was written in Louisiana; (2) policy was delivered in Louisiana; or (3) accident occurred in Louisiana).

Wesco believes Alabama law applies to this dispute as it is the domicile of the Wesco Plaintiffs, the location of its insured, Mazer, the location of the delivery of the policy, and the location of the injuries claimed by the Wesco Plaintiffs.[4] Under Alabama law, as is stated in the ISC Brief, direct actions by injured claimants are statutorily prohibited against an insurer. *See* Ala. Code §27-23-2. By adopting this statute, Alabama chose to provide its citizens a limited remedy against a third-party's insurer for enforcement of that insurer's obligations to pay damages *after* a judgment against its insured. Ala. Code §27-23-2. *See State Farm Mut. Ins. Co. v. McClendon*, 269 Ala. 456, 114 So.2d 153 (1959). Furthermore, the statute enables persons

---

[4] Wesco Plaintiffs allege in the Amended Complaint that Mazer is domiciled and has its principal place of business outside of Alabama and that Wesco has its principal place of business in Delaware, though it is actually in New York. For purposes of this motion, Wesco takes no position on these allegations as the result is the same under Alabama, Delaware or New York.

suffering damage to acquire a lien against the loss and gives them right to damage or indemnity arising under the policy which can be enforced in his or her own name. *Id.*

Even were Alabama law not found to apply, there is no other state whose law could even arguably apply to this matter that provides relief to the Wesco Plaintiffs such as to hold up the motion to dismiss Wesco. *See News, Inc. v. Jacobs Oil Co.*, 584 A.2d 531, 533 (Del. Super. 1990) (Delaware law provides no right of direct action against liability insurer), citing *Kaufmann v. McKeown*, 6 Storey 217,193 A.2d 81, 83 (Del.1963); Del.Supr., 2008 ("A liability insurer may well be the real party in interest, but this is not a State where a direct action is permitted against it. Plaintiff is obliged to bring his suit against the tortfeasor or in the event of her demise, her estate."); *Walden v. Allstate Ins. Co.*, 963 A.2d 139 (Table), 2008 WL 5309195 (Del.Supr.); *Geissler v. Liberty Mut. Ins. Co.* 23 A.D.3d 432, 808 N.Y.S.2d 118 (2d Dept. 2005) (New York statute providing limited right of action against insurer for bodily injury *after* first obtaining judgment against insured that remains unsatisfied for 30 days *only provides relief where claimant has satisfied the requirements of the statute*) *Gutride v. General Reinsurance Corp.*, 1938, 167 Misc. 608, 4 N.Y.S.2d 387, *aff'd* 256 A.D. 904, 10 N.Y.S.2d 239, *appeal denied* 280 N.Y. 850, 20 N.E.2d 397 (giving an injured person limited statutory recourse against negligent party's insurer for bodily injury was passed to obviate the hardships which arose by reason of the fact that an injured party could not claim the benefits of an insurance contract of indemnity).

## CONCLUSION

The Wesco Plaintiffs' cannot create subject matter jurisdiction simply by filing a "Declaratory Judgment Action" in this Court. To invoke subject matter jurisdiction, the Wesco Plaintiffs must have a direct right of action against Wesco. In their Amended Complaint, the Wesco Plaintiffs properly concede they have no such right under the forum state's direct action statute. Alabama, the state whose law Wesco contends governs the parties' rights, explicitly

prohibits the type of direct action the Wesco Plaintiffs have brought. There is simply no possibility that the Wesco Plaintiffs can establish an actual case or controversy with Wesco under the subject policy. As such, Wesco is entitled to be dismissed from this case, with prejudice.

Respectfully submitted,

**PHELPS DUNBAR LLP**


*/s/ Virginia Y. Trainor*
Marshall M. Redmon (La. Bar No. 18398)
Virginia Y. Trainor (La. Bar No. 25275)
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802-5618
P.O. Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
Email: redmonm@phelps.com
       trainorg@phelps.com

- AND –

Pablo Gonzalez, (La. Bar No. 29215)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: gonzalep@phelps.com

**ATTORNEYS FOR DEFENDANT,
WESCO INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Wesco Insurance Company's Memorandum of Additional Support on Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure of Appearance and Request for Service of All Documents and Pleadings* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this _____ day of March, 2011.

/s/ *Virginia Y. Trainor*
Virginia Y. Trainor
Bar No. 25275
Attorney for Wesco Insurance Company
Phelps Dunbar LLP
II City Plaza
400 Convention street, Suite 1100
Baton Rouge, Louisiana 70802-5618
Telephone: (225) 346-0285
Facsimile: (225) 381-9197
trainorg@phelps.com