TO: UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>Gross, et al. v. Knauf Gips KG, et al., Case No. 2: 09-cv-6690 (E. D. La.) | |

## DEFENDANTS' MOTION FOR CIVIL ACTION NO. 09-6690

## I. INTRODUCTION

We, Qingdao Yilie International Trade Co., Ltd, as a defendant of Civil Action NO.09-6690, got the summons on February 22, 2010. It implied that we might export defective drywalls to United States and those drywalls had caused injury to plaintiffs. We feel quite regretful for all misfortune happened to plaintiffs, and willing to cooperate for this case. But according to our documents, we unflinchingly believed that we are definitely irrelevant with the defective drywalls. Hereby we request plaintiffs to remove us from the defendants' list.

## II. FACTUAL DOCUMENTS AND BACKGROUND

**a.** According to our record, it's very easy to find out that we only export drywalls twice to a same customer to US, the details are as the following:

THE SHIPPING DATE : SEP 15TH 2006 AND SEP $22^{TH}$ 2006

THE SPECIFIC DESCRIPTION : PLAIN GYPSUM BOARD 4'X12'X1/2"

QUANTITY: 6000PCS PER ORDER, TOTAL 12000PCS

BUYER:       SUPPLY IT, INC

7511 STATE 80 WEST, ALVA, FL 33920,

P.O. BOX 1059, ALVA, FL 33920

As you can see, our customer is SUPPLY IT, INC and they are not in the list of the defendants, that means they are irrelevant with this action, and due to the record that we only have export the drywall to this customer, so apparently it could be believed that we are irrelevant with this action too.

**For the facts set forth above, since our customer SUPPLY IT, INC, as an US buyer, is not in the list of defendants, certainly we should not be in the list either.**

b. Based on summons, plaintiff Mr. Gross finished repair work in December, 2006. The time was quite close to our shipping date, that means the chance that Mr. Gross used our drywall was almost entirely zero. Because according to normal shipping lead time, overall our goods (two orders) should be in US by nearly end of November, and it at least need one month to complete all the disassemble, transit, restructuring and marketing work, so how that could be for Mr. Gross bought our drywalls and finished the repair within December? That's totally impossible.

For plaintiff Mr. Velez, he undertook to remodel his home approximately two years ago when is around October or November 2007. The time when Mr. Velez found the problem is after more than one year since we shipped the goods. Apparently, it's definitely not possible for our customer taking one year time to sell such small quantities of drywall, they must have their steady period for sale. The time when Mr. Velez bought the drywall had been clearly far away from the time we offered them to

our customer. So it could be believed that Mr. Velez has not use our drywalls.

**For the facts set forth above, it could be believed that we are irrelevant with the defective drywalls which used by the two main plaintiffs Mr. Gross and Mr. Velez.**

c. We only export drywall twice, both in the same month and to the same customer. But as showed on Summons, specifically for our company (Page,17)   It is set forth that *Qingdao Yilie International Trade Co., Ltd has continuously and systematically distributed and sold drywall to numerous purchasers in the United States and our (they) drywall is installed in numerous structures in the United States.* This accuse could not be accepted. We have only export drywalls twice, on Sept. 15, 2006 and on Sept. 22, 2006, this data could be checked by custom system for sure. And according to the custom data, our export quantity is tiny enough compared to other drywall suppliers. So our export action is neither continuously nor systematically.

**Since we only export such small quantity of drywalls for just two times, the possibility is absolutely tiny for plaintiffs using our drywalls.**

## III. CONCLUSION

For the facts set forth above, it could be believed that we, Qingdao Yilie International Trade Co., Ltd, are irrelevant with the defective drywalls, so our motion of request to remove us from the defendants' list should be granted.

Respectfully submitted,

Dated: February 25, 2010

Qingdao Yilie International Trade Co., Ltd
Room 804, Building 1
Tianshengyuan
21 Donghai West Road
Shinan District
Qingdao, Shandong, China
266071