致：路易斯安那州东部地区

美国地区法院

| | |
|---|---|
| 关于中国制造的石膏板的责任诉讼 | MDL NO. 2047<br>区段: L<br>法官：法伦（Fallon）<br>初级法官：威尔金森（Wilkinson） |
| 该文件涉及<br><br>格罗斯（Gross）及其所有相关和可耐福（Knauf）石膏板及其所有相关事件<br>即民事诉讼案号码 09-cv-6690<br>(路易斯安那州东部地区) | |

## 被告对于民事诉讼案号码 09-6690 的请求

### I. 简介

我们，青岛怡羚国际贸易有限公司，作为民事诉讼案号码 09-6690 的被告，于 2010 年 2 月 22 日收到法院传票。传票上指出我司有可能对美国出口有缺陷的中国石膏板，这些石膏板已经对于原告造成了人身伤害。首先我司对于原告的所有不幸境遇深表遗憾，对于这起案件，我司愿意进行合作。但是，根据我司的文件资料显示，我司坚决的认为我司与任何有缺陷的石膏板毫无关联。因此我司请求原告将我司从被告名单中排除。

### II. 据实可信的文件及事件背景

a. 根据我司的出口记录，可以清楚的发现我司只有向美国对同一个客户出口过两次石膏板，明细如下：

两次的船期： 2006 年 9 月 15 日 以及 2006 年 9 月 22 日

详细货物描述： 普通石膏板 （规格 4'X12'X1/2"）

数量：    每次 6000 片，总共 12000 片

买方：           SUPPLY IT, INC

7511 STATE 80 WEST, ALVA, FL 33920,

P.O. BOX 1059, ALVA, FL 33920

如此可见，我司的买方 SUPPLY IT, INC 并不在被告之列，即表明这位买方与此次案件并无关联。根据出口记录显示我司只有给这位买方出口过石膏板，那么可以证明我司也与此次案件无关。

**根据以上事实，既然我们的买家不是被告，那么我司作为卖家更不应该成为被告。**

b. 法院传票显示，原告格罗斯先生（Gross）在 2006 年结束了对于其住房的翻修工作。这个时间与我司的出口船期非常的接近，这表明格罗斯先生使用我司出口的石膏板的可能性几乎为零。因为根据常规的出口船期，我司出口的两次货物到达美国港口的时间应该已接近 11 月底，然后至少需要一个月的时间来完成拆卸，运输，重组和销售这整套程序。所以格罗斯先生怎么可能会在 12 月之内买到我司的石膏板然后同时又完成了翻修工作呢？这是完全不可能的。

关于原告维勒斯先生（Velez），他在大约两年前对于其住宅进行了装修，这个时间大概是 2007 年的 11 月到 12 月之间。维勒斯先生发现石膏板质量问题的时间距离我司出货的时间已经间隔了一年多，那么显然，我司的买家不可能花一整年的时间来销售我司出口的数量甚小的石膏板，买家肯定有他们自身的销售计划。维勒斯先生购买石膏板的时间距离我司出售给买家的时间已经非常遥远。所以可以证明维勒斯先生也不可能使用我司出口的石膏板。

**基于以上几条理由，可以证明我司与两位原告格罗斯先生和维勒斯先生**

**使用的有缺陷的石膏板是没有任何关联的。**

**c.** 我司对于石膏板的出口行为只有两次，而且是在同一个月，为同一个买家出货。但是法院传票上针对我司这段（第17页）指出：*青岛怡羚国际贸易有限公司持续地，有系统地向美国众多购买者销售及出售纸面石膏墙板，他们（即我司）的纸面石膏墙板安装在美国许多建筑物里。*这项指控确实使我司无法接受。我司只出口过两次石膏板，这个数据肯定可以从海关系统中查到。而且根据海关资料，我司出口数量比起其他的石膏板出口商可以说是微乎其微。所以，我司既没有持续地更没有有系统地出口过石膏板。

**既然我司只出口过两次非常少量的石膏板，那么原告使用我们的石膏板的可能性是几乎没有的。**

## III. 结论

鉴于以上事实，可以证明我们，青岛怡羚国际贸易有限公司与有缺陷的石膏板没有任何关联，并且关于于将我司从被告名单中排除的这项请求也是合理且应该被准许的。

此致

敬礼

Qingdao Yilie International Trade Co., Ltd
青岛怡羚国际贸易有限公司
中国山东省青岛市市南东海西路 21 号
天晟苑 1 号楼 0804 室
邮编： 266071

日期：2009 年 2 月 25 日