# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

THIS DOCUMENT RELATES TO:
KENNETH ABEL, et al. v. TAISHAN
GYPSUM CO., LTD., et al.
CASE NO.: 11-080

MDL DOCKET:  2047

SECTION:  L
MAGISTRATE:  2
JUDGE FALLON

_____

## DEFENDANT, BANNER SUPPLY COMPANY PORT ST. LUCIE, LLC'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (VII)

Defendant, BANNER SUPPLY COMPANY PORT ST. LUCIE, LLC ("Banner PSL"),

files this Memorandum in Support of its Motion to Dismiss Plaintiffs' Omnibus Class Action

Complaint (VII) (the "Complaint") filed by Plaintiffs, KENNETH ABEL, et al. ("Plaintiffs").

## I.      INTRODUCTION

On or about January 14, 2011, Plaintiffs filed this class action against distributors,

suppliers, importers, exporters, brokers, builders, developers, contractors and installers in

connection with the installation of allegedly defective Chinese-manufactured drywall in the

Plaintiffs' residences.  Plaintiffs have asserted a laundry list of generic common law and

statutory claims against Banner PSL in what can best be characterized as a shotgun pleading.

This Court should dismiss the Complaint and grant the instant Motion because, among other

things: (1) there is no connection between Banner PSL and the State of Louisiana to justify this

Court's exercise of personal jurisdiction over Banner PSL under Louisiana's log-arm statute or

constitutional due process requirements; (2) venue is improper in the State of Louisiana; and (3) every one of Plaintiffs' claims against Banner PSL is fatally defective and should be dismissed.

## II.   PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

A. <u>Legal Standard</u>

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant only if two requirements are satisfied: (1) the forums state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the boundaries of Due Process. <u>See</u> <u>Seiferth v. Helicopteros Atuneros, Inc.</u>, 472 F.3d 266, 270 (5th Cir. 2006). Louisiana's long arm statute, La. R.S. 13:3201(B), provides that a Louisiana court "may exercise personal jurisdiction over a non-resident on any basis consistent with . . . the Constitution of the United States." Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over Banner PSL would offend due process. <u>See</u> <u>Luv N' Care, LTD v. Insta-Mix, Inc.</u>, 438 F.3d 465,469 (5th Cir. 2006).

The Due Process inquiry is two-fold.  First, the Court must establish whether Banner PSL, a non-resident defendant, has the requisite minimum contacts with Louisiana, the forum state. <u>See</u> <u>Luv N' Care</u>, 438 F.3d at 469 (citing <u>Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310, 319 (1945)). Second, the Court must determine whether exercising personal jurisdiction over Banner PSL would violate "traditional notions of fair play and substantial justice." <u>Int'l Shoe Co.</u>, 326 U.S. at 310. For the following reasons, the Due Process inquiry clearly demonstrates that the Court lacks the power to assert personal jurisdiction over Banner PSL.

B. Banner PSL does not have Sufficient Minimum Contacts with Louisiana

The minimum contacts test takes two forms and the constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant. See Asarco, Inc. v. Glenara Ltd., 912 F.2d 784, 786 (5th Cir. 1990). Specific jurisdiction arises when the lawsuit is derived from, or related to, the defendant's purposeful contacts with the forum state. Id. (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 413-14(1994)). General jurisdiction arises where a defendant has "continuous and systematic contacts" with the state. Asarco, Inc., 912 F.2d at 786.

1. Specific Jurisdiction

In order to exercise specific jurisdiction over Banner PSL, the Court must find that Banner PSL purposefully availed itself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's laws. Jones v. Petty-Ray Geophysical, 954 F.2d 1061, 1086 (5th Cir. 1992) (quoting Hanson v. Denckla, 375 U.S. 235 (1958)). The Affidavit clearly establishes that Banner PSL has not purposefully availed itself of the privilege of doing business in Louisiana. See Affidavit of Scott Giering (the "Affidavit"), Banner PSL's Controller, a true and correct copy of which is attached hereto as Exhibit "A" and specifically incorporated by reference.

The Court clearly lacks the power to exercise specific jurisdiction over Banner PSL because it has no contacts with Louisiana. Plaintiffs admit in their Complaint that Banner PSL is a Florida corporation with its principal place of business in Florida. See Compl. ¶ 593. Banner PSL never transacted business in Louisiana, does not maintain an office or agent in Louisiana, does not own property in Louisiana, has not breached any contract or committed any tort in Louisiana and has not otherwise conducted itself in any manner that would give rise to personal

jurisdiction over Banner PSL by a court in Louisiana.  See Exhibit A.  As such, Plaintiffs have failed to establish Banner PSL purposefully availed itself of the privilege of conducting business in Louisiana and, therefore, this Court cannot exercise specific jurisdiction over Banner PSL.

2.   General Jurisdiction

In order to assert general jurisdiction over Banner PSL, Plaintiffs' causes of action must arise out of or relate to Banner PSL's forum-related contacts.  Asarco, Inc., 912 F.2d at 786. Plaintiffs, however, have not and cannot establish that any of their causes of action (asserted against Banner PSL) arise out of or relate to Banner PSL's conduct in Louisiana.  Banner PSL simply has simply had no contact whatsoever with Louisiana.  The underlying basis for this class-action lawsuit is allegedly defective drywall material used in the construction of certain residences. Yet, none of the residences allegedly involving Banner PSL encompassed by this action are located in Louisiana.   Moreover, Banner PSL is not even registered to do business in Louisiana.  See Exhibit A.  Banner PSL does not have any offices or employees in Louisiana, nor does it own property in Louisiana.  See id.  In light of the fact Banner PSL has had no contact with the state of Louisiana, much less the systematic and continuous contact contemplated by Louisiana's Long Arm Statute, this Court cannot exercise general jurisdiction over Banner PSL.

C.   This Court's Exercise of Personal Jurisdiction over Banner PSL Would Offend Traditional Notions of Fair Play and Substantial Justice

Even where a defendant's contacts with the forum are sufficient to meet the minimum contacts requirement for exercising personal jurisdiction, if exercising personal jurisdiction would offend "traditional notions of fair play and substantial justice," the Court is prohibited from exercising personal jurisdiction.  Int'l Shoe Co., 326 U.S. at 316.  In reaching its decision, the Court must consider the burden on Banner PSL.  See Luv N' Care, Ltd., 438 F.3d at 473.

Fairness dictates the dismissal of the Complaint as to Banner PSL.  Banner PSL is a Florida corporation with its principal place of business in Florida.   It is not licensed or registered to do business in Louisiana, and it has no offices, employees, property, bank accounts or other assets/resources in Louisiana.  <u>See</u> Exhibit A.  If this lawsuit were allowed to proceed in Louisiana, most, if not all, of the critical witnesses, along with all of the physical evidence and related documents are located in Florida.  Where, as here, Banner PSL has not sold or delivered a single piece of allegedly defective Chinese-manufactured drywall in Louisiana, it would be an unreasonable burden on Banner PSL to be forced to defend this action in Louisiana.  Therefore, exercising personal jurisdiction over Banner PSL would violate traditional notions of fair play and substantial justice.  <u>See</u>   <u>Int'l Shoe Co.</u>, 326 U.S. at 316.  Pursuant to Rule 12(b)(2), Plaintiffs' Complaint must be dismissed against Banner PSL for lack of personal jurisdiction.

### III.    VENUE IS IMPROPER IN THE EASTERN DISTRICT OF LOUISIANA

Should this Court find Banner PSL is subject to its exercise of personal jurisdiction, Banner PSL contends that this Court is not the proper forum for the adjudication of the claims asserted by Plaintiffs against Banner PSL.  Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Moreover, pursuant to 28 U.S. § 1406(a), when venue is improper, the court may dismiss the action, or, in the interests of justice, transfer the case to the district or division in which it could have been brought.

As indicated above, it is Banner PSL's position that the Eastern District of Louisiana cannot exercise personal jurisdiction over Banner PSL.  In a diversity action, a corporation resides in any judicial district in which it is subject to personal jurisdiction when the action is commenced and, accordingly, the Eastern District of Louisiana is an improper venue for any and

all claims brought against Banner PSL.  See 28 U.S.C. § 1391(c).  The Affidavit demonstrates, and Plaintiffs are unable to refute, that none of the activities allegedly engaged in by Banner PSL and giving rise to the claims set forth in the Complaint occurred in Louisiana and none of the products sold and/or distributed by Banner PSL ended up in Louisiana.  See Exhibit A.  In the event that this Court does not dismiss the Complaint for lack of personal jurisdiction, the convenience of the parties and witnesses, and the interests of justice, requires this case to be transferred to the United States District Court for the Middle District of Florida where Banner PSL's principal place of business is located.

## IV.   PLAINTIFFS' COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST BANNER PSL AND SHOULD BE DISMISSED

### A.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Id. (quoting Twombly, 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950 (citing Twombly, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1949 (citing Twombly, 550 U.S. at 556).

B.  <u>Plaintiffs' Complaint should be dismissed as an Impermissible Shotgun Pleading</u>

A shotgun pleading is "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading."  <u>Lampkin-Asam v. Volusia Cnty. Sch. Bd.</u>, 261 F.App'x 274, 277 (11th Cir. 2008) (citing <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1128-29 (11th Cir. 2001)).  "Pleadings of this nature are prohibited by Rule 8(a)(2), which requires . . . 'a short and plain statement of claim showing that the pleader is entitled to relief.'"  <u>Id.</u> (quoting FED. R. CIV. P. 8(a)(2)).

A review of the Complaint reveals that it contains 14 causes of action and 1,034 paragraphs.  The first 910 paragraphs of the Complaint contain allegations of fact that are adopted in full in Counts I through XIV of the Complaint.[1]  Each of these causes of action contains factual allegations in addition to those set out in the first 910 paragraphs.  As a result, factual allegations that may be relevant to one cause of action, but not another, are incorporated into each of these causes of action and include immaterial factual allegations.  Moreover, Plaintiffs' separate causes of action adopt and restate "the preceding paragraphs as if fully set forth herein."  Because each count incorporates all preceding paragraphs, Plaintiffs' Complaint should be dismissed as a shotgun pleading.  <u>See</u> <u>Greif v. Jupiter Med. Ctr.</u>, Case No.: 08-80070-CIV, 2008 WL 2705436, *4 (S.D. Fla. 2008) (dismissing shotgun complaint and instructing that "[a]lthough other numbered paragraphs may be incorporated by reference, this must be done with particular care so that only relevant paragraphs are referenced.").

C.  <u>Plaintiffs Complaint Violates Rule 8(a)(2) of the Federal Rules of Civil Procedure</u>

Plaintiffs have failed to properly plead a cause of action against Banner PSL because Plaintiffs improperly lump all Defendants together in Counts I through XIV in violation of Rule

---

[1]  Banner PSL is referenced only twice in the first 910 paragraphs of the Complaint. In fact, aside from these two allegations, Banner PSL is not specifically referenced again in Plaintiffs' entire Complaint.

8 of the Federal Rules of Civil Procedure.  See Compl. ¶¶ 911-1,034.  Under Rule 8(a)(2), when a complaint alleges that multiple defendants are liable for multiple claims, and does not distinguish the acts done by a particular defendant, the court must determine whether the complaint gives adequate notice to each defendant of the claims against it.  Pro Image Installers, Inc. v. Dillon, No. 3:08-CV-273, 2009 WL 112953, *2 (N.D. Fla. Jan. 15, 2009).  Numerous courts have held that the practice of lumping all defendants together and making general allegations against the group does not provide each defendant with fair notice of the claims against them, and, therefore, does not withstand the requirements of Rule 8(a)(2).  See Atuahene v. Hartford, 10 F. App'x 33, 34 (2d Cir. 2001); see also Pierson v. Orlando Reg'l Healthcare Sys., Inc., 619 F. Supp. 2d 1260 (M.D. Fla. 2009).  Granting a motion to dismiss is an appropriate remedy for such a violation of Rule 8(a)(2).  Pro Image Installers, Inc., 2009 WL 112953, at *2.

In the instant action, Plaintiffs have alleged fourteen (14) counts against multiple Defendants, including violations of consumer protections acts, by simply lumping together all Defendants in Counts I through XIV.  While Plaintiffs allege Banner PSL "is a[n] importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices" (see Compl. ¶ 593),  Plaintiffs neither allege what "practices" Banner PSL allegedly engaged in, nor do Plaintiffs specify in what capacity Banner allegedly engaged in such undefined "practices."  The Complaint is devoid of any allegations establishing that Banner delivered allegedly defective Chinese-manufactured drywall to any of the Plaintiffs addresses enumerated in Paragraphs 6 through 581 of the Complaint.  Because Plaintiffs improperly lump together all Defendants throughout the Complaint such that Banner PSL cannot be on notice of the claims against it, Plaintiffs' Complaint should be dismissed for failure to state a claim.

CASE NO.:  11-252
SECT. L MAG. 2

D.  <u>Plaintiffs have Failed to Allege Satisfaction of All Conditions Precedent</u>

In pleading conditions precedent, the Federal Rules of Civil Procedure require only that conditions precedent be alleged "generally." Fᴇᴅ. R. Cɪᴠ. P. 9(c); <u>accord</u> <u>Fitz-Patrick v. Commonwealth Oil Co.</u>, 285 F.2d 726, 729-30 (5th Cir. 1960) (sufficient to allege that "all conditions precedent have been performed or have occurred").

The causes of action asserted by Plaintiffs against Banner PSL require satisfaction of various statutory prerequisites in order to adequately state a claim.  <u>See</u>, <u>e.g.</u>, § 558.004, Fla. Stat. (2010) ("In actions brought alleging a construction defect, the claimant shall, at least 60 days before filing an action . . . serve written notice of claim on the contractor, subcontractor, supplier, or design professional, as applicable.").  Nowhere in the 1,034 paragraphs comprising the Complaint do Plaintiffs allege that they complied with section 558.004, Florida Statutes, or otherwise demonstrate that all conditions precedent to filing this action have been met or waived. Banner PSL recognizes the liberality of the Federal Rules of Civil Procedure in connection with pleading the satisfaction of conditions precedent.  The Complaint, however, cannot be said to meet the requirements of Rule 9(c) where Plaintiffs have failed to even include the generalized allegations upheld by the court in <u>Fitz-Patrick</u>.  Plaintiffs' failure to plead satisfaction of all conditions precedent renders the Complaint legally insufficient and subject to dismissal.

E.  <u>Plaintiffs' Claim for Negligence Should be Dismissed for Failure to State a Claim</u>

In Count I of the Complaint, Plaintiffs attempt to assert a claim for negligence against Banner PSL.  In order to state a cause of action for negligence, Plaintiffs must allege that: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach caused the plaintiff damages.  <u>See</u>  <u>Hansenfus v. Secord</u>, 962 F.2d 1556, 1560-61 (11th Cir. 1992) (applying Florida law) ("Failure to establish any one of these elements is fatal to the

plaintiff's case."). The Complaint alleges Banner PSL somehow owed Plaintiffs a duty to exercise reasonable care in "a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, i) installing, j) marketing, and/or k) selling" the drywall at issue. See Compl. ¶ 912. The Complaint further alleges Banner PSL has a duty to "adequately warn" Plaintiffs about the allegedly defective Chinese-manufactured drywall. See Compl. ¶¶ 912, 915.

Plaintiffs have failed to allege any ultimate facts in Count I of the Complaint to support their claim for negligence. See Dejernette v. M.D. Moody & Sons, Inc., 140 So. 2d 76, 77 (Fla. 2d DCA 1962) (properly sustaining motion to dismiss where complaint alleged only that defendant failed to make a reasonable inspection and failed to discover the defect without alleging specific facts as to how defendant failed to make a reasonable inspection and failed to discover the alleged defect). Banner PSL, as a mere supplier in the chain of distribution of the allegedly defective drywall, did not "design," "manufacture," or "import" any drywall. In the absence of specific allegations demonstrating how Banner PSL negligently distributed the drywall at issue, and failed to properly inspect the drywall so as to discover the alleged defect, Count I of the Complaint should be dismissed, or, in the alternative, Plaintiffs should be required to comply with the pleading requirements under Florida law. See Dejernette, 140 So. 2d at 77.

Furthermore, aside from the fact that the allegations in Count I of the Complaint are insufficient as a matter of law, Florida cases uniformly hold that Banner PSL, as a mere distributor of a product that is not inherently dangerous, owes no duty to inspect or to warn for hidden defects. See generally Craig v. Baker & Holmes Co., 96 So. 2d 94 (Fla. 1923); see also K-Mart Corp. v. Chairs, Inc., 506 So. 2d 7, 8 n. 3 (Fla. 5th DCA 1987); Odum v. Gulf Tire & Supply Co., 196 F. Supp. 35 (N.D. Fla. 1961). In a recent Omnibus Order on Plaintiffs'

Negligence Claims entered on March 18, 2011 by the Honorable Glenn Kelley in the matter styled <u>Marlene Bennett v. Centerline Homes, et. al.</u>, Case No.: 50 2009 CA 014458, pending in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Judge Kelley dismissed plaintiffs' negligence claim where they allege the "homebuilders, installers, or suppliers" owed a duty to inspect the Chinese-manufactured drywall and warn them about its alleged harmful effects.   A true and correct copy of the Omnibus Order is attached hereto as Exhibit "B" and incorporated by reference.  Judge Kelly, citing the foregoing Florida cases, held that the "Chinese manufactured drywall, while apparently defective, cannot be categorized as inherently dangerous," and, therefore, "[t]o the extent the plaintiffs seek to state a claim sounding in negligence based on a general duty to inspect, test or warn, such a claim is not available."  <u>See</u> Exhibit B.  In this case, as in the case pending before Judge Kelley, Banner PSL, as a mere distributor of the allegedly defective Chinese-manufactured drywall, owes no duty to Plaintiffs to inspect or to warn for latent defects.  As such, Banner PSL could not have breached a legally non-existent duty giving rise to a claim for negligence.  <u>See</u> <u>Superior Garlic Int'l v. E&A Produce Corp.</u>, 913 So. 2d 645 (Fla. 3d DCA 2005). Count I of the Complaint should, therefore, be dismissed.

F.   <u>Plaintiffs have not stated a claim for Negligence Per Se</u>

Negligence per se results from a violation of a "statute which establishes a duty to take precautions to protect a particular class of persons from a particular type of injury." <u>DeJesus</u> v. <u>Seaboard Coast Line R.R. Co.</u>, 281 So. 2d 198, 201 (Fla. 1973).  Plaintiffs have failed to state a cause of action for negligence per se because they have not identified a statute that Banner PSL allegedly violated, much less explained how that violation occurred.  Rather, the Complaint asserts only that "Defendants," as an undifferentiated group, somehow violated "statutory

duties," including "those imposed under the International Building Code ('IBC') and other State and local Building Codes."  See Compl. ¶ 922.   Such vague and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," even at the initial pleading stage. Ashcroft, 129 S.Ct. at 1949.

In addition, because the "State and local Building Codes" that Banner PSL allegedly violated are "designed to protect the *general public* rather than a particular class of individuals," the violation of a building code cannot possibly form the basis of a claim for negligence per se. Russ v. Wollheim, 915 So. 2d 1285, 1286 n.1 (Fla. 2d DCA 2005) (emphasis added).  Count II of the Complaint should, therefore, be dismissed.

G.  Plaintiffs' Claim for Strict Liability Should be Dismissed as a Matter of Law

In Count III of the Complaint, Plaintiffs attempt to state a cause of action for strict liability against Banner PSL.  Florida law is well settled that the doctrine of strict products liability does not apply to structural improvements to real estate, such as a home, because a home is not a product.  See Easterday v. Masiello, 518 So. 2d 260, 261 (Fla. 1988); see also Virgilio v. Ryland Group, Inc., 695 F. Supp. 2d 1276 (M.D. Fla. 2010) (holding that "a home is not a product" for purposes of strict products liability).  In determining whether something constitutes a "product" or a "structural improvement to real property" with regard to products liability actions, courts will look at several factors, including: (1) whether the structure can be disassembled and resold; (2) whether the item adds value to the property; (3) whether the item is intended to enhance the property's value, beauty, or utility; and (4) whether the item is available for purchase in the sense that it is offered in the stream of commerce.  See Plaza v. Fisher Dev., Inc., 971 So. 2d 918, 920 (Fla. 3d DCA 2007); see also Easterday, 518 So. 2d at 261.

In their Complaint, Plaintiffs allege that the drywall at issue is a defective building component because it has damaged certain building materials and items within the Plaintiffs' residences.  See Compl. ¶¶ 892.  Because the Chinese-manufactured drywall is an integral part of the subject property into which it was installed, it is considered a "structural improvement" to real property.  See Plaza, 971 So. 2d at 922-24 (affirming dismissal of strict liability claim predicated on conveyor that was incorporated as structural improvement to real property); see also Neumann v. Davis Water and Waste, Inc., 433 So. 2d 559, 561 (Fla. 2d DCA 1983) (dismissing claim against installer of treatment tank as an integral part of sewage facility); Foreline Sec. Corp. v. Scott, 871 So. 2d 906 (Fla. 5th DCA 2004) (rejecting contention that a security system installed in a bank is a "product" and not a "structural improvement").  Accordingly, Plaintiffs' claim for strict liability against Banner PSL must fail.  Likewise, since there are absolutely no allegations relating to the foregoing factors analyzed by the court in Plaza, there can be no dispute that the allegedly defective drywall is a structural improvement to real property and, as a result, not subject to the strict products liability doctrine.  See Plaza, 971 So. 2d at 920.  Plaintiffs' claim for strict liability against Banner PSL in Count III of the Complaint should, therefore, be dismissed.

H.  As a Supplier, Banner PSL has no Duty to Warn and Plaintiffs' Strict Liability Claims Cannot be Predicated Upon a Duty that Does not Exist as a Matter of Law

In Count III of the Complaint, Plaintiffs allege that "[T]he drywall is also problematic and unreasonably dangerous because Defendants failed to adequately warn and instruct Class Members of their negligent design, inspection, testing, manufacturing, marketing, and selling of the drywall."  See Compl. ¶ 483.   As set forth with more particularity above, Florida cases uniformly hold that Banner PSL, as a mere distributor of a product that is not inherently dangerous, owes no duty to inspect or to warn for hidden defects.  See generally Craig, 96 So. 2d

at 94; see also Odum, 196 F. Supp. at 36.  Drywall obviously does not fit into the narrow "inherently dangerous" category, and the Complaint does not allege otherwise.  Banner PSL, as a mere distributor of the allegedly defective Chinese-manufactured drywall, owes no duty to Plaintiffs to inspect or to warn for hidden defects.   As such, Plaintiffs cannot predicate their claims that the drywall was defective and unreasonably dangerous on that basis.  Count III of the Complaint should, therefore, be dismissed.

I. **Plaintiff' Complaint Fails to Assert Privity Between Banner PSL and Plaintiffs Thereby Precluding Claims for Breach of Express Warranty and Breach of Implied Warranty**

In Count IV of the Complaint, Plaintiffs attempt to assert a claim against Banner PSL for breach of express and/or implied warranties.  A plaintiff must be in privity of contract with the defendant in order to state a cause of action for breach of warranty.  T.W.M. v. Am. Med. Sys., Inc., 886 F. Supp. 842 (N.D. Fla. 1995) (applying Florida law and holding that the recipient of allegedly defective product did not state a cause of action for breach of warranty absent any allegation that he purchased the product directly from the manufacturer or contracted with the manufacturer).  This is because "[a] warranty, whether express or implied, is fundamentally a contract.  A contract cause of action requires privity." T.W.M., 886 F. Supp. at 844 (citations omitted).  A plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant.  White & Summers, UNIFORM COMMERCIAL CODE § 11-2, at 528 (3rd ed. 1988).

An express warranty generally arises "where [a] seller asserts a fact of which the buyer is ignorant prior to the beginning of the transaction," and the fact is relied upon by the buyer as the "basis of the bargain." Thursby v. Reynolds Metal Co., 466 So. 2d 245, 250 (Fla. 1st DCA 1984).  Plaintiffs' Complaint is devoid of any facts indicating Plaintiffs relied on any purported express warranties of the undifferentiated defendants.   Indeed, Plaintiffs cannot show the

existence of reliance on any specific affirmations of fact, descriptions, samples or models of the drywall allegedly made or supplied by Banner PSL since Plaintiffs were not in contractual privity with Banner PSL.  See Spolski Gen. Contractor, Inc. v. Jett-Air Corp. Aviation Mgmt. of Cent. Fla., Inc., 637 So. 2d 968, 970 (Fla. 5th DCA 1994) (holding that paint manufacturer could not be held liable to the general contractor for breach of express warranty where there was no sale from the manufacturer to contractor, no privity between them, no contract between them, no reliance on contractor on any warranty, and no warranty was given to contractor).  Plaintiffs have failed to allege any facts in their Complaint indicating that they purchased the allegedly defective Chinese-manufactured drywall from Banner PSL, that Banner PSL and Plaintiffs were in privity of contract, that the contract contained an express warranty, or that Plaintiffs relied on that express warranty.  Count IV of the Complaint should, therefore, be dismissed.

Likewise, in Count IV of the Complaint, Plaintiffs attempt to assert a claim against Banner PSL for alleged breaches of implied warranties of merchantability and fitness for a particular purpose.   Florida law also requires privity of contract to maintain an action for breach of an implied warranty.  See Ocana v. Ford Motor Co., 992 So. 2d 319, 325 (Fla. 3d DCA 2008). Plaintiffs have failed to allege that they were in privity with Banner PSL.  Accordingly, Plaintiffs have failed to state a cause of action against Banner PSL for breach of the implied warranties of merchantability or fitness for a particular purpose, and Count IV of the Complaint should be dismissed.

Finally, in order to state a cause of action for breach of implied warranty of fitness for a particular purpose and to survive a motion to dismiss, a plaintiff must "allege a particular or unusual use different from the purpose for which the item sold is ordinarily used."   Fred's Excavating & Crane Serv., Inc. v. Cont'l Ins. Co., 340 So. 2d 1220, 1220 (Fla. 4th DCA 1976).

In their Complaint, Plaintiffs have failed to allege that the allegedly defective Chinese-manufactured drywall was going to be used for a particular or unusual use distinct from the purpose for which the item was sold, or that the seller had reason to know the supposed "particular purpose" for which the drywall was purchased.   In fact, in Paragraph 948 of the Complaint, Plaintiffs assert that "the drywall functions according to its intended purpose as a building component."  See Compl. ¶ 948.  Plaintiffs cannot, therefore, state a claim under a theory of breach of the implied warranty of fitness for a particular purpose when the allegations in the Complaint, taken as true, admit that the allegedly defective drywall was warranted for its ordinary use and purpose.   Furthermore, because Plaintiffs have failed to allege that they were in privity with Banner PSL, Plaintiffs could not have made the alleged "particular purpose" known to Banner PSL, and Plaintiffs could not have relied on Banner PSL's judgment with regard to the drywall's suitability for that "particular purpose."   Plaintiffs' unsubstantiated claims are insufficient to state a cause of action for breach of the implied warranty of fitness for a particular purpose and, therefore, Count IV of the Complaint should be dismissed.

J.   Plaintiffs Cannot State a Claim for Private Nuisance Against Banner PSL

The underlying policy of private nuisance jurisprudence does not support the Plaintiffs' claim for private nuisance.  In a recent Omnibus Order on Pending Motions to Dismiss (the "Omnibus Order") entered on November 5, 2010 by the Honorable Glenn Kelley in the matter styled Marlene Bennett v. Centerline Homes, et. al., Case No.: 50 2009 CA 014458, pending in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Judge Kelley dismissed plaintiffs' claim for a private nuisance where they allege that the Chinese-manufactured drywall is off-gassing and thereby causing a nuisance within the affected home.  A

true and correct copy of the Omnibus Order is attached hereto as Exhibit "C" and incorporated by reference.

Similarly, on February 11, 2011, The Honorable Peter M. Weinstein, Circuit Court Judge for the Seventeenth Judicial Circuit in and for Broward County, Florida, followed Judge Kelley's ruling in the case styled <u>Dario Orlando, et al. v. Banner Supply Co., et al.</u>, Case No.: 10-28090 (12) and entered the Order on Defendant Banner Supply Company Port St. Lucie, L.L.C.'s Motion to Dismiss First Amended Class Action Complaint dismissing plaintiffs' private nuisance claims ***with prejudice***.  A true and correct copy of the Order is attached hereto as Exhibit "D" and incorporated by reference.  The foregoing judicial orders and the legal authority relied upon therein is instructive in these proceedings, and Banner PSL respectfully suggests to this Court that Count XI of the Complaint should be dismissed for the very same reasons enunciated by Judge Kelly and Judge Weinstein.

Judge Kelley relied on well established Florida legal precedent in recognizing that the doctrine of private nuisance is essentially a mechanism which protects the property rights of one land owner from the unrestrained exercise of the property rights of another.  <u>Jones v. Trawick</u>, 75 So. 2d 785, 787 (Fla. 1954) (stating "[t]his court recognizes that the law of private nuisance is bottomed on the fundamental rule that every person should so use his own property as not to injure that of another"). In their Complaint, Plaintiffs allege that the Defendants' "tortuous or wrongful acts or omissions have  . . .  unreasonably interfered, and continues to interfere, with the Plaintiffs' and Class Members' use and enjoyment of their properties." <u>See</u> Compl. ¶ 1007.  Plaintiffs further allege that Banner PSL's "interference has impaired the rights of the Plaintiffs' and Class Members' health, comfort, safety, free use of their property, and/or peaceful enjoyment of their property." <u>See</u> <u>id.</u> at ¶ 1008.  Plaintiffs, however, have not, nor can

they ever, allege that their claims are "contemporaneous disputes" between "adjoining landowners" as required by Florida law since, simply stated, Banner PSL is not an adjoining landowner.  See Beckman v. Marshall, 85 So. 2d 552, 555 (Fla. 1956).  In this case, as in the cases pending before Judge Kelley and Judge Weinstein, neither Florida law, nor the policy underpinnings of the nuisance doctrine support such a cause of action for private nuisance.

K.   The Complaint Fails to State a Claim for Unjust Enrichment Against Banner PSL

In Count XII of the Complaint, Plaintiffs attempt to assert a claim against Banner PSL for unjust enrichment.  The elements of a cause of action for unjust enrichment are: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant voluntarily accepts and retains the conferred benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.  See Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., 667 So. 2d 876 (Fla. 3d DCA 1996).

In Extraordinary Title Services, LLC v. Florida Power & Light Co., 1 So. 3d 400 (Fla. 3d DCA 2009), an electrical utility customer brought a purported class action against Florida Power & Light Company ("FPL") and its parent company, FPL Group, Inc. ("Group"), alleging that FPL violated the Florida Deceptive and Unfair Trade Practices Act by collecting federal corporate taxes from customers that were not in fact paid to the government, and that Group was unjustly enriched by this practice.  The court, however, affirmed the trial court's dismissal with prejudice of the unjust enrichment claim asserted against Group, specifically noting that because the plaintiff contracted with FPL—not Group—for electricity, plaintiff paid FPL—not Group— and Group provided no services to the plaintiff, the plaintiff cannot allege nor establish that it conferred a direct benefit upon Group.

In the instant action, as in <u>Extraordinary Title</u>, the Complaint indicates that Plaintiffs had absolutely no relationship with Banner PSL and has not directly conferred a benefit upon Banner PSL, negating an equitable claim for unjust enrichment.  Plaintiffs admit in their Complaint that they entered into building contracts with various developers and/or builders to acquire a home and never purchased the Chinese-manufactured drywall directly from Banner PSL.   The Complaint, therefore, is devoid of any factual support that Plaintiffs contracted with Banner PSL, that Plaintiffs purchased the drywall directly from Banner PSL, or that Banner PSL provided any service to Plaintiffs.   Banner PSL is but a mere supplier in a chain of merchants who Plaintiffs claim supplied the allegedly defective drywall.   Plaintiffs, therefore, as the plaintiff in <u>Extraordinary Title</u>, cannot allege or establish that they conferred any direct benefit upon Banner PSL in the form of payment or otherwise.  <u>Extraordinary Title Servs., LLC</u>, 1 So. 3d at 404.  As a result, Count XII fails to state a cause of action against Banner PSL for unjust enrichment and should be dismissed with prejudice.

L.   <u>Plaintiffs' Florida Deceptive and Unfair Trade Practices Act (FDUTPA)Claim Should be Dismissed As a Matter of Law</u>

In Count XIII of the Complaint, Plaintiffs attempt to assert a claim against Banner PSL for alleged violations of "various consumer Protection Acts," including FDUTPA.  In order to state a claim for damages under FDUTPA, Plaintiffs must plead, at a minimum, the following elements: (1) a deceptive act or practice; (2) causation; and (3) actual damages.  <u>Sundance Apartments I, Inc. v. Gen. Elec. Capital Corp.</u>, 581 F. Supp. 2d 1215 (S.D. Fla. 2008).  Courts examining FDUTPA claims have increasingly applied the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure.  <u>See</u> FED. R. CIV. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.").  "In light of this trend, *claims arising under the FDUTPA must be pled with particularity." See*

Wrestlereunion, LLC v. Live Nation TV Holdings, Inc., No. 8:07-cv-2093-JDW-MSS, 2008 WL 3048859, *3 (M.D. Fla. Aug. 4, 2008) (internal citations omitted) (emphasis added).  At a minimum, Rule 9(b) requires a claimant to allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made; [and] (2) the time and place of each statement and the person responsible for making each statement, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001); see also Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008) (setting forth same basic requirements).

Plaintiffs' Complaint falls far short of this heightened pleading standard.  Indeed, Plaintiffs have failed to allege that: (1) Banner PSL engaged in unfair or deceptive trade practices in the course of trade or commerce; (2) Plaintiffs were aggrieved by such unfair or deceptive trade practices; and (3) Plaintiffs suffered damages as a result of such practices.  Instead, Plaintiffs generally allege that "[t]he Defendants' acts and omissions . . . constitute violations of the Consumer Protection Acts of the Relevant States." See Compl. ¶ 1019.  The Complaint does not identify a single instance in which Banner PSL—by its words or conduct— deceived Plaintiffs or treated them unfairly.  Such conclusory allegations do not satisfy the requirement of "particularity" embodied in Rule 9(b).  See Fla. Digital Network, Inc. v. N. Telecom, Inc., No. 6:06-cv-889-Orl-31-JGG, 2006 WL 2523163, *5 (M.D. Fla. Aug. 30, 2006) (dismissing FDUPTA claim that failed to allege "specific facts" as mandated by Rule 9(b)).  What is more, when alleging fraudulent conduct and statements, a plaintiff may not lump together defendants when it will obscure the identity of the party that has committed the alleged act.  See Centrifugal Air Pumps Austl. v. TCS Obselete, LLC, No. 6:10-CV-820, 2010 WL

3584948, at *2 (M.D. Fla. Sept. 9, 2010) (criticizing the practice of "lumping" when it rendered "the factual underpinnings of the [c]omplaint practically incomprehensible" and created a conflicting description of events).   This is precisely what Plaintiffs have done here and, as such, a reasonable person reading the allegations contained in Count XIII of the Complaint cannot determine which acts and/or omissions—whether it be the "failure to disclose the source, affiliation, origin, characteristics, ingredients, standards [or] quality" of the drywall at issue (see Compl. ¶ 562)—Plaintiffs are attributing to Banner PSL.  Plaintiffs should be required to allege these and other similarly vague allegations with specificity.  See Great Fla. Bank v. Countrywide Home Loans, Inc., No. 10-22124-CIV, 2011 WL 382588, *3 (S.D. Fla. Feb. 3, 2011) (finding plaintiff improperly lumped together defendants "in a way that obscures the identity of the party or parties that are alleged to have actually committed the fraudulent actions.").   Plaintiffs' unsubstantiated allegations regarding the facts giving rise to their alleged claims under FDUPTA and their damages are insufficient to state a claim against Banner PSL as a matter of law, and Count XIII of the Complaint should, therefore, be dismissed.

In addition, Section 501.212(3), Florida Statues, specifically provides that FDUPTA "does not apply to . . . a claim for damage to property other than the property that is the subject of the consumer transaction."  Accordingly, under FDUPTA, the term "actual damages" does not include special or consequential damages.  See Smith v. 2001 S. Dixie Highway, Inc., 872 So. 2d 992, 994 (Fla. 4th DCA 2004) (where plaintiff improperly sought consequential damages in her FDUPTA claim—rather than actual damages in relation to the value of the car she purchased— dismissal with prejudice was proper).  Because Banner PSL allegedly provided a product— namely, the supply of drywall—Plaintiffs can establish "actual damages" *only* by showing a difference between the "market value" of the product that Banner PSL actually provided and the

product that Banner PSL was required to provide.  See Collins v. Daimler-Chrysler Corp., 894 So. 2d 988, 990 (Fla. 5th DCA 2004).

The subject of Plaintiffs transaction under its claim for violation of FDUPTA is the purchase of the drywall, and, therefore, the proper measure of damages is the difference between the market value of the drywall, as delivered, and its market value as it should have been delivered.  Plaintiffs, however, fail to set forth facts indicating Plaintiffs had any relationship with Banner PSL or that Banner PSL made any representation to Plaintiffs.  Specifically, the Complaint does not evidence the existence of any supply orders or invoices demonstrating that Banner PSL distributed, supplied or sold Plaintiffs the allegedly defective drywall that was installed in any of Plaintiffs' residences.  Accordingly, Banner PSL could not have committed an unfair or deceptive or deceptive act or practice which caused damage to Plaintiffs.  See Rollins, Inc. v. Heller, 454 So. 2d 580, 584-85 (Fla. 3d DCA 1984) (holding damages awarded pursuant to a violation of FDUPTA must be limited to the "actual damage related to the system and services [the defendant] contracted to provide").

Finally, because each cause of action incorporates all preceding paragraphs in Plaintiffs' Complaint, Count XIII is wrought with allegations that, on their very face, seek unrecoverable damages under FDUTPA.  Paragraph 892 of the Complaint alleges damages resulting from "the costs of inspection; costs and expenses necessary to remedy, replace and remove the problematic drywall and other property that has been inspected; lost value or devaluation of their homes, residences or structures and property . . . loss of use and enjoyment of their home and property; and/or damages associated with personal injuries."  Plaintiffs' improper efforts to seek consequential and incidental damages as a result of the installation of allegedly defective Chinese-manufactured drywall are fatal to their FDUTPA claim.  See Smith, 872 So. 2d at 994.

Plaintiffs' blatant reference to "other property" in their claim for damages (see Compl. ¶ 892) is in complete derogation of section 501.211(3), Florida Statutes, which specifically prohibits recovery of "damage to property other than the property that is the subject of the consumer transaction." Accordingly, Plaintiffs have failed to state a cause of action under section 501.211, Florida Statutes, as a matter of law, and Count XIII should, therefore, be dismissed.

M. Plaintiffs' Complaint Fails to State a Claim for Equitable and Injunctive Relief and Medical Monitoring

Count XIV of the Complaint is titled "Equitable and Injunctive Relief and Medical Monitoring." Plaintiffs seek to "buy back or rescind" its contracts and "create, fund, and support a medical monitoring program." See Compl. ¶ 1025.

1. Equitable and Injunctive Relief

To state a cause of action for injunctive relief in Florida, a plaintiff must allege ultimate facts which, if true, would establish (1) irreparable injury, (2) a clear legal right, (3) lack of an adequate remedy at law and (4) that the requested injunction would not be contrary to the interest of the public generally. See, e.g., Tucker v. Citigroup Global Mkts. Inc., No. 2:06-cv-585-FtM-34DNF, 2007 WL 2071502, *6 (M.D. Fla. July 17, 2007). Plaintiffs have failed to allege any of the elements required to properly state a cause of action for equitable and injunctive relief. In fact, by repeating and readopting all preceding counts, Plaintiffs admit the existence of their adequate legal remedies which, by operation of law, vitiate any claims that Plaintiffs may have to equitable relief. Plaintiffs do not even attempt to explain how the legal remedies sought elsewhere in Omnibus Complaint are inadequate or why Plaintiffs should be entitled to the extraordinary remedy of an injunction. See, e.g., City of Meridian v. Algernon Blair, Inc., 721 F.2d 525, 529 (5th Cir. 1983). Count XIV of the Complaint for equitable relief should, therefore, be dismissed.

2.  Medical Monitoring

Count XIV of the Complaint also seeks to establish a medical monitoring fund for the cost of medical care received to determine any personal injuries to Plaintiffs.  In <u>Jacobs v. Osmose</u>, No. 01-944-CIV, 2002 WL 34241682 (S.D. Fla. Jan. 3, 2002), the plaintiff alleged entitlement to the establishment of a medical monitoring fund because he had been exposed to the hazardous chemicals in treated wood.  <u>Id.</u> at *3.  The only factual allegation concerning the plaintiff's exposure to treated wood was that his deck was comprised of the allegedly hazardous substances.  The court found the complaint alleged insufficient facts surrounding the plaintiff's exposure to treated wood or his entitlement to a medical monitoring fund.  Specifically, the court noted the Complaint "does not adequately provide the defendants with sufficient notice of how the plaintiff was exposed to the allegedly hazardous substances."  <u>Id.</u>

In their Complaint, Plaintiffs generally allege that they "have been exposed to greater than normal levels of sulfur compounds as a result of exposures to Defendants' problematic and unfit drywall and have suffered personal injuries as well."  <u>See</u> Compl. ¶ 1027.  Analogous to the court's reasoning in <u>Jacobs</u>, in the absence of specific allegations demonstrating how Plaintiffs were exposed to the allegedly defective Chinese-manufactured drywall, Count XIV of the Complaint should be dismissed, or, in the alternative, Plaintiffs should be required to comply with the pleading requirements set forth in <u>Jacobs</u>.

**V.     CONCLUSION**

For the foregoing reasons and the legal authority cited herein, Defendant, BANNER SUPPLY COMPANY PORT ST. LUCIE, LLC, respectfully requests that this Court enter an order: (1) dismissing the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2); (2) dismissing the Complaint for failure to state a claim under Federal

CASE NO.:  11-252
SECT. L MAG. 2

Rule of Civil Procedure 12(b)(6); (3) in the alternative, dismissing the Complaint for improper venue in accordance with Federal Rule of Civil Procedure 12(b)(3) and transferring venue of this action to the Unites States District Court for the Southern and/or Middle District of Florida; (4) and for such other and further relief that this Court deems just and proper.

Respectfully submitted,

PETERSON & ESPINO, P.A.
Attorneys for Banner Supply Company Port
St. Lucie, LLC
10631 Southwest 88th Street, Suite 220
Miami, Florida   33176
Telephone:     (305) 270-3773
Facsimile:      (305) 275-7410
mpeterson@petersonespino.com

By:     /s/ Michael P. Peterson
        Florida Bar No. 982040

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the above and foregoing Motion to Dismiss and Incorporated Memorandum of Law of BANNER SUPPLY COMPANY PORT ST. LUCIE, LLC has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all Chinese Drywall parties by electronically uploading same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 6 on this <u>1</u>st day of April, 2011.  I further certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this <u>1st</u> day of April, 2011.

By:     /s/ Michael P. Peterson