UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL NO. 2:09-MD-2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| | * | |
| AMATO, et al. | * | MAGISTRATE WILKINSON |
| VS. | * | |
| LIBERTY MUTUAL INS. CO., et al | * | |
| CASE NO. 10-932 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S MOTION TO JOIN INSURER STEERING COMMITTEE'S FRCP RULE 12(b)(1) MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

NOW INTO COURT, through undersigned counsel, comes Defendant, North American Specialty Insurance Company ("NAS"), and files this motion to join in the FRCP Rule 12(b)(1) motion to dismiss and memorandum of law in support previously filed by the Insurer Steering Committee (R. Doc. 8366).  In support of this motion to join, NAS avers as follows:

As alleged by the Plaintiffs in their amended *Amato* Complaint, Case No. 2:10-cv-00932, NAS is a New Hampshire corporation with its principal place of business in New Hampshire. (*see* R. Doc. 3132, p. 92).  The amended complaint further alleges that, of the ninety-four (94) named defendants, NAS insured The Sterling Collection, Inc., an entity organized under the laws of Florida, with its principal place of business located in Cape Coral, Florida and an agent for service of process located in Florida. (*see* R. Doc. 3132 p. 116).  Moreover, the amended complaint improperly alleges that NAS insured two (2) separate entities organized under the laws of Florida, Sterling Communities, Inc., and

Sterling Communities Realty, Inc., with their principal places of businesses located in Boca Raton, Florida and an agent for service of process in Florida. (*see* R. Doc. 3132, p.116). The amended complaint finally alleges that The Sterling Collection, Inc. installed Chinese drywall in the home of a single plaintiff, David Orlowski, whose home was located in Cape Coral, Florida and that Sterling Communities Inc. and Sterling Communities Realty, Inc. installed Chinese drywall in the homes of plaintiffs, James and Barbara Fallmann and Bradley and Tricia Miller, whose homes were located in Wellington, Florida. (*see* R. Doc. 3132, Schedule 1, p. 113).

For all of the reasons identified and addressed in the motion to dismiss pursuant to FRCP 12(b)(1) and supporting memorandum filed by the Insurer Steering Committee, NAS is similarly entitled to dismissal of these Florida plaintiffs' claims for lack of subject matter jurisdiction. Additionally, even if the Florida plaintiffs, James and Barbara Fallmann and Bradley and Tricia Miller, could file a direct action against the insurer under Florida law, which is avidly denied, NAS did not issue any policy of insurance to Sterling Communities, Inc. and/or Sterling Communities Realty, Inc. Thus, NAS does not insure these two (2) entities in the first place and these plaintiffs cannot maintain their claims against NAS. Accordingly, NAS seeks to join, adopt, and incorporate by reference the Insurer Steering Committee's motion to dismiss pursuant to FRCP 12(b)(1) and memorandum of law in support. NAS also incorporates by reference its own separate motion to dismiss pursuant to FRCP 12(b)(6) and memorandum of law in support filed on December 22, 2010 (R. Doc. 6701 and 6701-1) in conjunction with joining in the Insurer Steering Committee's motion to dismiss pursuant to FRCP 12(b)(1) and memorandum of law in support.

WHEREFORE, defendant, North American Insurance Company, respectfully joins and incorporates by reference the Insurer Steering Committee's 12(b)(1) motion to dismiss and memorandum in support (R. Doc. 8366) and also incorporates by reference NAS' own separate motion to dismiss pursuant to FRCP 12(b)(6) and memorandum of law in support filed on December 22, 2010 (R. Doc. 6701 and 6701-1) in conjunction with this joinder. Accordingly, all claims of Florida plaintiffs, James and Barbara Fallmann, Bradley and Tricia Miller, and David Orlowski, against NAS should be dismissed for lack of subject matter jurisdiction under FRCP 12(b)(1) and/or failure to state a claim upon which relief can be granted under FRCP 12(b)(6).

This 6th day of April, 2011.

Respectfully submitted,

/s/ Doris T. Bobadilla_____
**DORIS T. BOBADILLA  (#24025)**
**ANDREA L. ALBERT (#27353)**
**SHANNON T. BROWN (#32366)**
**GALLOWAY, JOHNSON, TOMPKINS,**
           **BURR & SMITH**
Three Sanctuary Boulevard, Suite 301
New Orleans, Louisiana  70471
Telephone: (985) 674-6680
Facsimile:  (985) 674-6681
*Counsel for Purported Defendant, North American Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify the above and foregoing pleading has been served by U.S. Mail on Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail or by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing pleading was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with procedures established in MDL 2047.

This 6th day of April, 2011.

                                                           **/s/ Doris T. Bobadilla**_____
                                                           DORIS T. BOBADILLA