UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES<br>_____/ | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**BANNER SUPPLY COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER CONCERNING MULTIPLE 30(B)(6) DEPOSITIONS**

Defendant Banner Supply Company ("Banner") files this Memorandum in Support of its Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to prevent multiple 30(b)(6) depositions from proceeding.

**I.      Summary of the Argument**

The Plaintiffs' Steering Committee ("PSC") recently cross-noticed the deposition of Banner's corporate representative under Fed. R. Civ. P. 30(b)(6) despite having already deposed that same representative on the same topics almost a year ago. Other parties have also cross-noticed the deposition of Banner's corporate representative. Because Banner has already produced a 30(b)(6) witness, the PSC or any other party cannot take another 30(b)(6) deposition of Banner without leave of Court, which the parties have not requested. Even if the parties had made such a request, it is not entitled to another 30(b)(6) deposition because it would impose an undue burden on Banner to present the same witness to address the same topics he addressed in the last 30(b)(6) deposition. Accordingly, the Court should quash the PSC's Cross Notice of the Deposition of Banner's 30(b)(6) witness.

## II.     Factual Background

As the Court is well aware, this complex Multi-District Litigation ("MDL") arose when numerous federal cases involving claims for property impacted by defective drywall manufactured in China were consolidated into one action to coordinate discovery efforts and consolidate all pretrial proceedings. *See In re Chinese-Manufactured Drywall Products Liability Litigation*, 626 F. Supp. 2d 1346 (J.P.M.L. 2009).   Banner distributed drywall manufactured by other entities that Plaintiffs allege is defective and has damaged their property. While the MDL proceeds in federal court, however, there are several ongoing individual state court actions, many of which involve the same Plaintiffs as those involved in the MDL.

One of the first cases to proceed through class certification and settlement was *Harrell v. South Kendal Construction Corp., et al.*, which took place in Florida State Court in Miami (Case Number: 09-08401).   Plaintiffs in the *Harrell* action noticed the deposition of a corporate representative of Banner, Scott Giering, with a list of fifty-two (52) distinct topics in April 2010. (Ex. A, Notice of Taking Videotaped Deposition Duces Tecum).   This same deposition was noticed in the MDL on April 26, 2010.  (Ex. B, Notice of Filing the Notice of Taking Videotaped Deposition of Scott Giering).  Many of the same lawyers that are involved in this MDL were also involved in the *Harrell* case.  In particular, Victor Diaz represented the plaintiffs in *Harrell* and was a member of the PSC in the MDL at the time.

On May 6, 2010, Mr. Giering was deposed for approximately six hours on the same topics that the PSC now seeks to depose Banner on again in the MDL - namely, Banner's involvement in the distribution of allegedly defective Chinese drywall.  (Ex. C, Confidential Depo. Trans. of Banner, 5-5-10).  Before questioning Banner's representative, Mr. Gonzalez

2

identified himself as a member of the PSC and as a lawyer for approximately 300 plaintiffs in various actions concerning Chinese drywall. (Ex. C at 242).

The same representative for Banner was deposed again as a corporate representative on December 8, 2010 in another Florida State case: *Orlando v. Banner Supply Co., et al.*, case number 10-28090, pending in Circuit Court of Broward County, Florida. (Ex. D, Depo. Trans. Banner, 12-8-10). Many of the same topics were once again addressed in that deposition along with new subject areas. PSC member Ervin Gonzalez was counsel for plaintiffs in that case, as well.

On March 24, 2011, plaintiffs in a Florida state action, *Mackle v. CDC Builders, Inc., et. al.*, case number 09-56362-CA-13, pending in Circuit Court of Miami-Dade County, Florida, filed a Notice of Taking Deposition Duces Tecum of the Corporate Representative of Banner Supply, Co. with the most knowledge of the drywall supplied to Bermuda Village Complex, Lorretto Avenue, Coral Gable, Florida 33146 for April 13, 2011. (Ex. E, Depo. Notice). On March 31, 2011, the PSC cross-noticed this deposition in the MDL despite the fact that the PSC had already deposed that same representative on the same topics almost a year ago. (Ex. F, Cross-Notice). Moreover, other parties in the MDL also cross-noticed the deposition on similar topics, i.e. distribution of Chinese drywall. (*See e.g.* Ex. G, Cross-Notice by Taylor Morrison Services, Inc. f/k/a Morrison Homes, Inc. and Taylor Woodrow Communities at Vasari, L.L.C. filed on April 7, 2011). Taylor Morrison has been party to the MDL proceeding since its inception and was afforded the opportunity to depose the class representative on the topics listed on its notice back in May 2010.

In short, the same Banner representative has been deposed twice on a wide range of topics, including once in the MDL, and yet the PSC and other parties in MDL now want another

bite at the apple. This Court should accordingly issue an order prohibiting any further 30(b)(6) depositions of Banner entities.

### III.     Argument and Citation of Authority

The Federal Rules permit only one deposition of a person in any case without leave of court. Fed. R. Civ. P. 30(a)(2)(A)(ii). Before a second deposition may be taken, the requesting party must get the court's permission. *Id.* The rule applies equally to individuals and organizations under Rule 30(b)(6). *Ameristart Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192-93 (1st Cir. 2001). If a party fails to seek leave of court before issuing the notice of a second 30(b)(6) deposition, the notice is invalid. *Id.* at 192; *see also In re Sulfuric Acid Antitrust Litig.*, 2005 WL 1994105 (N.D. Ill. 2005) (denying motion to compel second 30(b)(6) deposition of party because it was issued without leave of court).

Here, the PSC and other parties are attempting to participate in the third 30(b)(6) deposition of a Banner representative concerning Banner's distribution of defective Chinese drywall and the myriad issues surrounding it that have been presented in the MDL. Because the parties failed to seek of leave of court before noticing this third deposition, the notice is invalid, and, the parties cannot participate in the deposition. *Id.*

Even if the parties had sought leave of court, however, the parties should not be entitled to a third 30(b)(6) deposition of Banner because the parties have already had two, separate opportunities to question Banner about its role in the sale and distribution of Chinese drywall. The parties appear to have recognized this limitation because they did not originally notice the deposition, but instead cross-noticed the state-court deposition—hoping to avoid the limitation under the Federal Rules of Civil Procedure. Forcing Banner to appear for a third time would

impose an undue burden that Banner should not have to bear. The entire purpose of MDL proceedings is to prevent such duplicative pretrial activities.

Additionally, for Taylor Morrison to expect the opportunity to examine the same corporate representative on distribution of drywall to suppliers other than Bermuda Village Complex with only few days to prepare would be patently unfair and prejudicial. The corporate representative will not have sufficient time to re-educate and prepare for and defend on the matters listed on Taylor Morrison's notice.

For all the reasons set forth, the Court should quash the cross-notices of taking deposition and issue a protective order prohibiting any additional 30(b)(6) depositions of Banner by any party.

**IV.   Conclusion**

The Court should quash all the cross-notices of Deposition of Banner because it was issued without first obtaining leave of Court. More importantly, permitting yet another 30(b)(6) deposition of Banner would impose an undue burden on Banner.

WHEREFORE, Banner respectfully requests that the Court quash the cross-notices of deposition, issue an order prohibiting any additional 30(b)(6) depositions of Banner, and award such other relief as the Court deems appropriate.

Respectfully submitted, this 8th day of April, 2011.

                **WEINBERG, WHEELER, HUDGINS,
                GUNN & DIAL, LLC**

                */s/ Nicholas P. Panayotopoulos*
                **NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**
                Georgia Bar Number: 560679

5

3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Telephone (404)876-2700
npanayo@wwhgd.com
***Counsel for Banner Supply Company***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Banner Supply Company's Memorandum in Support of its Motion for Protective Order Concerning Multiple 30(b)(6) Depositions has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 8th day of April, 2011.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ *Nicholas P. Panayotopoulos*  _____
**NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**