# EXHIBIT A

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**CHINESE DRYWALL DIVISION**
CASE NO.: 09-200,000 (42)

IN RE: CHINESE DRYWALL LITIGATION

THIS DOCUMENT RELATES TO ALL CASES

_____/

JASON HARRELL and MELISSA HARRELL, individually and on behalf of their minor children and on behalf of all others similarly situated,

      Plaintiffs,

vs.

                                   CASE NO.: 09-08401 CA (42)

SOUTH KENDALL CONSTRUCTION CORP., a Florida corporation; PALM ISLES HOLDINGS, LLC, a Florida limited liability company; KEYS GATE REALTY, INC., a Florida corporation; and BANNER SUPPLY CO., a Florida corporation,

      Defendants.

_____/

**PLAINTIFFS' NOTICE OF TAKING VIDEOTAPED DEPOSITION DUCES TECUM**

      PLEASE TAKE NOTICE that, pursuant to rule 1.310(b)(6), Florida Rules of Civil Procedure, Plaintiffs will take the deposition of

| | |
|---|---|
| **DEPONENT:** | **Scott Giering, as an individual and as the corporate representative of Defendant Banner Supply Co. who is most knowledgeable of the subject matters set forth in Exhibit "A" attached hereto.** |
| **DATE & TIME:** | **May 6, 2010 beginning at 10:00 AM** |
| **PLACE:** | Adorno & Yoss<br>2525 Ponce de Leon, Suite 400<br>Coral Gables, FL 33134 |

**CALL-IN INFORMATION:**       **DIAL IN: 888-337-8218**
                               **PASSCODE: 769758**

upon oral examination.  The deposition will be videotaped in accordance with rule 1.310(b)(4), Florida Rules of Civil Procedure, by Video Court Reporting, Inc. or another person authorized by to record depositions and will be recorded stenographically by Linda Golkow or another officer authorized to record depositions.  Pursuant to rule 1.310(b)(6), the deponent shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify.  The persons so designated shall testify about matters known or reasonably available to the organization.  The matters on which examination is requested are those listed in **Exhibit "A"** attached hereto.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was served on **Robert Fitzsimmons, Esq., Defendants' Liaison Counsel,** and upon all parties by electronically uploading the same to Lexis Nexis File & Serve, which will send a notice of electronic filing to all interested parties, and that the foregoing was filed with the Miami-Dade Clerk of Court by paper on this _____ day of April, 2010.

HIGER LICHTER & GIVNER, LLP
Bank of America Building
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
Tel: (305) 933-9970
Fax: (305) 933-0998
David H. Lichter, Esq
Florida Bar No. 359122
dlichter@hlglawyers.com
J. Joseph Givner, Esq.
Florida Bar No. 850705
jgivner@hlglawyers.com

*Counsel for Plaintiffs*

THE BLUMSTEIN LAW FIRM
One Turnberry Place, Suite 400
19495 Biscayne Boulevard
Aventura, Florida 33180
Tel: (305) 356-7547
Fax: (305) 356-7539
Mark Blumstein, Esq.
Florida Bar No. 0090700
Mark@BlumsteinLaw.com

*Counsel for Plaintiffs*

PODHURST ORSECK, P.A.
25 W. Flagler Street, Suite 800
Miami, Florida 33130
Tel: (305) 358-2800
Fax: (305) 358-2382

By: _____ (FBN 180122)
for   Victor M. Diaz, Jr., Esq.
Florida Bar No. 503800
vdiaz@podhurst.com

*Counsel for Plaintiffs*

## EXHIBIT A – MATTERS ON WHICH
## EXAMINATION IS REQUESTED

1.    Your relationship with the third party defendant ATCO Int. Corp., including but not limited to contracts, agreements, letters, correspondence, emails, and any other business document of any kind of label.

2.    Your relationship with the third party defendant La Suprema Enterprise, Inc., including but not limited to contracts, agreements, letters, correspondence, emails, and any other business document of any kind of label.

3.    Your relationship with the third party defendant La Suprema Trading, Inc., including but not limited to contracts, agreements, letters, correspondence, emails, and any other business document of any kind of label.

4.    All records or documents in your possession, custody or control that in any way relate to your relationship or dealings with ATCO Int. Corp.

5.    All records or documents in your possession, custody or control that in any way relate to your relationship or dealings with La Suprema Trading, Inc.

6.    All records or documents in your possession, custody or control that in any way relate to your relationship or dealings with La Suprema Enterprise, Inc.

7.    All records or documents in your possession that in any way relate to any drywall that ATCO Int. Corp. purchased from you from January 1, 2001 through the present.

8.    All records or documents in your possession that in any way relate to any drywall that you purchased from La Suprema Trading, Inc. from January 1, 2001 through the present.

9.    All records or documents in your possession that in any way relate to any drywall that you purchased from La Suprema Enterprise, Inc. from January 1, 2001 through the present.

10.   Your relationship with South Kendall Construction Corp., including but not limited to contracts, agreements, letters, correspondence, emails, and any other business document of any kind or label.

11.   Your relationship with Palm Isles Holdings, LLC, including but not limited to contracts, agreements, letters, correspondence, emails, and any other business document of any kind or label.

12.   Your relationship with Keys Gate Realty, Inc., including but not limited to contracts, agreements, letters, correspondence, emails, and any other business document of any kind or label.

4

13.   The process you generally undertake, as a matter of general business practice, to select a manufacturer or importer of drywall from which to purchase drywall that you later sell or distribute to general contractors, developers, builders, installers or subcontractors for use and installation in homes.

14.   The process you followed to select a manufacturer or importer of drywall from which to purchase drywall that you later sold or distributed and/or caused to be installed in the Plaintiffs' home at 1926 SE 23 Court, Homestead, FL 33035.

15.   All records in your possession, custody or control that in any way relate to or reflect Chinese-manufactured drywall.

16.   The full extent of your knowledge concerning Chinese drywall or Chinese-manufactured drywall or suspected Chinese-manufactured drywall sold, supplied, or distributed by you that was installed in any home between 2001 and the present.

17.   Any and all contracts between you and Keys Gate Realty, Inc. pursuant to which you were to sell, supply or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

18.   Any and all contracts between you and South Kendall Construction Corp. pursuant to which you were to sell, supply or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

19.   Any and all contracts between you and Palm Isles Holdings, LLC pursuant to which you were to sell, supply or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

20.   Any and all contracts between you and ATCO Int. Corp., from January 1, 2001 through the present, pursuant to which you were to sell, supply or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

21.   Any and all contracts between you and La Suprema Enterprise, Inc., from January 1, 2001 through the present, pursuant to which you were to purchase drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

22.   Any and all contracts between you and La Suprema Trading, Inc., from January 1, 2001 through the present, pursuant to which you were to purchase drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

23.   Any and all correspondence between you and Keys Gate Realty, Inc. concerning your agreement to sell, supply, or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

24.   Any and all correspondence between you and South Kendall Construction Corp. concerning your agreement to sell, supply, or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

25.   Any and all correspondence between you and Palm Isles Holdings, LLC concerning your agreement to sell, supply, or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

26.   Any and all correspondence between you and ATCO Int. Corp. concerning your agreement to sell, supply, or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

27.   Any and all correspondence between you and La Suprema Trading, Inc. concerning your agreement to purchase drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

28.   Any and all correspondence between you and La Suprema Enterprise, Inc. concerning your agreement to purchase drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

29.   Any and all correspondence concerning your agreement to sell, supply, or distribute drywall, to any person or entity, including but not limited to ATCO Int. Corp., concerning drywall that was to be installed in any home in the Palm Isles, Augusta Greens or Arbor Park communities.

30.   Any and all contracts, correspondence, or other documents concerning your agreement to purchase, from La Suprema Enterprise, Inc., drywall that was to be installed in any home in the Palm Isles, Augusta Greens or Arbor Park communities.

31.   Any and all contracts, correspondence, or other documents concerning your agreement to purchase, from La Suprema Trading, Inc., drywall that was to be installed in any home in the Palm Isles, Augusta Greens or Arbor Park communities.

32.   Any and all contracts, correspondence, or other documents concerning your agreement to purchase, from any entity, drywall that was to be installed in any home in the Palm Isles, Augusta Greens or Arbor Park communities.

6

33. Any and all notes, memoranda, field notes, photographs, videotapes, or samples concerning any Chinese-manufactured drywall you sold, supplied or distributed that was installed at the direction of or pursuant to a contract with Keys Gate Realty, Inc.; South Kendall Construction Corp.; Palm Isles Holdings, LLC; ATCO Int. Corp.; La Suprema Enterprise, Inc.; and/or La Suprema Trading, Inc.

34. Any and all notes, memoranda, field notes, photographs, videotapes, or samples concerning any drywall you sold, supplied or distributed that was installed in the Palm Isles, Augusta Greens or Arbor Park communities.

35. Any and all documents concerning any drywall you sold, supplied or distributed that was installed in any home built or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc. nationwide.

36. Any and all written notices concerning any alleged problem or issue relating to alleged "Chinese drywall" in any homes regarding for which you supplied the drywall that was installed.

37. Any and all documents related to any averment in any pleading filed by you in this action.

38. Any and all documents that are "distribution records" or records showing in which properties (by address) for which you sold, supplied or distributed Chinese-manufactured drywall that was installed or caused to be installed in homes built or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

39. Any and all documents that are "purchase records" or records showing from whom, when, where, and how you purchased the Chinese-manufactured drywall you sold, supplied or distributed that was then installed in the Plaintiffs' home.

40. Any and all policies, procedures, documents, memoranda, or other information internal to you that in any way relates to quality control or testing of the product you use or sell, supply or distribute to your customers.

41. Any and all policies, procedures, documents, memoranda, or other information internal to you that in any way relates to quality control or testing of the product you supplied for use in the Plaintiffs' home.

42. Any and all documents or policies in any way relating to how you obtain the information regarding or keep track of the specifications or quality evaluations from the manufacturer concerning the drywall that you sell, supply or distribute for use in homes.

43. Any and all information you have concerning the product you sold, supplied or distributed for use in the Plaintiffs' home in the instant action, that in any way relates to product specifications or quality evaluations from the manufacturer of the drywall.

44.    Any and all matters at issue as set forth in any pleading filed in this action.

45.    Your position in these consolidated actions as to whether the drywall you sold, supplied or distributed for installation in the Plaintiffs' home was and is defective or unreasonably dangerous.

46.    Your position in these consolidated actions as to whether the drywall you procured for supply in construction in the State of Florida was and is defective because it contains and emits toxins, including sulphur and sulphur compounds such as carbon disulfide, carbonyl sulfide and hydrogen sulfide, which damage homes, fixtures attached thereto, and personal property contained therein, in many ways, including, but not limited to: (a) eroding, corroding and/or tarnishing various metals within residences, including plumbing and interior electrical wiring; (b) disrupting and/or interfering with the operation of electric and electronic equipment and appliances within said residences, including but not limited to microwaves, computers, air conditioning and refrigerator coils; and (c) creating a noxious rotten egg-like odor that renders the homes uninhabitable.

47.    Your position in these consolidated actions as to whether the alleged defect exists and, if so, whether the defect can or should be repaired or remediated.

48.    Your position in this action as to whether Plaintiffs have actually sustained damage to their homes, fixtures attached thereto, and personal property contained therein as a direct result of the sulphuric toxins emitted by defective drywall sold, supplied or distributed by you.

49.    Your position in this action as to whether the homes of Plaintiffs and members of the putative class in which defective drywall has been installed are in need of remediation.

50.    Your position in this action as to the specifics of what would constitute a remediation protocol that would acceptably remedy all problems caused by the defective Chinese-manufactured drywall.

51.    Your position in this action as to whether the home sold to Plaintiffs is habitable or fit for its intended purpose.

52.    As to any entity with which you are affiliated that is involved in the ordering, purchase, use, sale, or distribution of Chinese drywall, the responsibilities that each such entity has in regard to Chinese drywall.

53.    The steps taken by or on behalf of you to preserve documents that are or may be potentially discoverable in this action.

54.    Your knowledge regarding any affirmative defenses or demands included in any responsive pleading filed by any party in these consolidated proceedings.

# EXHIBIT B



30780672
Apr 26 2010
4:09PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED       *
DRYWALL PRODUCTS LIABILITY        *
LITIGATION                        *       MDL No. 2047
                                  *
This Document Relates to all cases *      SECTION: L
                                  *
                                  *       JUDGE FALLON
                                  *
                                  *       MAGISTRATE JUDGE
                                  *       WILKINSON
                                  *

*******************************************

## NOTICE OF FILING THE NOTICE OF TAKING DEPOSITION OF SCOTT GIERING, AS CORPORATE REPRESENTATIVE OF BANNER SUPPLY CO.

Defendant BANNER SUPPLY CO. ("BANNER"), by its undersigned counsel, hereby

provides notice of its filing of the attached Notice of Taking Deposition of Scott Giering, as

Corporate Representative of Banner Supply Co.

                        Respectfully submitted,

                        /s/Jeffrey A. Backman
                        JAN DOUGLAS ATLAS
                        Fla. Bar No. 226246
                        JEFFREY A. BACKMAN
                        Fla. Bar No. 0662501
                        ADORNO & YOSS LLP
                        350 East Las Olas Boulevard; Suite 1700
                        Fort Lauderdale, FL 33301-4217
                        Telephone: (954) 763-01200
                        Facsimile: (954) 766-7800
                        *Attorneys for BANNER SUPPLY CO.*

{218429.0005/N0825013_1}

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of April, 2010.

/s/Jeffrey A. Backman
Jeffrey A. Backman

{218429.0005/N0787214_1}

2

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800



IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

**CHINESE DRYWALL DIVISION**
CASE NO.: 09-200,000 (42)

IN RE: CHINESE DRYWALL LITIGATION

THIS DOCUMENT RELATES TO ALL
CASES

_____/

JASON HARRELL and MELISSA HARRELL,
individually and on behalf of their minor
children and on behalf of all others similarly
situated,

        Plaintiffs,

vs.                                                              CASE NO.: 09-08401 CA (42)

SOUTH KENDALL CONSTRUCTION
CORP., a Florida corporation; PALM ISLES
HOLDINGS, LLC, a Florida limited liability
company; KEYS GATE REALTY, INC., a
Florida corporation; and BANNER SUPPLY
CO., a Florida corporation,

        Defendants.

_____/

**PLAINTIFFS' NOTICE OF TAKING VIDEOTAPED DEPOSITION DUCES TECUM**

    PLEASE TAKE NOTICE that, pursuant to rule 1.310(b)(6), Florida Rules of Civil

Procedure, Plaintiffs will take the deposition of

**DEPONENT:**            **Scott Giering, as an individual and as the corporate**
                               **representative of Defendant Banner Supply Co. who is most**
                               **knowledgeable of the subject matters set forth in Exhibit "A"**
                               **attached hereto.**

**DATE & TIME:**        **May 6, 2010 beginning at 10:00 AM**

**PLACE:**               **Adorno & Yoss**
                        **2525 Ponce de Leon, Suite 400**
                        **Coral Gables, FL 33134**

**CALL-IN INFORMATION:**      **DIAL IN: 888-337-8218**
                                           **PASSCODE: 769758**

upon oral examination.  The deposition will be videotaped in accordance with rule 1.310(b)(4), Florida Rules of Civil Procedure, by Video Court Reporting, Inc. or another person authorized by to record depositions and will be recorded stenographically by Linda Golkow or another officer authorized to record depositions.  Pursuant to rule 1.310(b)(6), the deponent shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify.  The persons so designated shall testify about matters known or reasonably available to the organization. The matters on which examination is requested are those listed in **Exhibit "A"** attached hereto.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was served on **Robert Fitzsimmons, Esq., Defendants' Liaison Counsel,** and upon all parties by electronically uploading the same to Lexis Nexis File & Serve, which will send a notice of electronic filing to all interested parties, and that the foregoing was filed with the Miami-Dade Clerk of Court by paper on this _____ day of April, 2010.

HIGER LICHTER & GIVNER, LLP
Bank of America Building
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
Tel: (305) 933-9970
Fax: (305) 933-0998
David H. Lichter, Esq
Florida Bar No. 359122
dlichter@hlglawyers.com
J. Joseph Givner, Esq.
Florida Bar No.850705
jgivner@hlglawyers.com

*Counsel for Plaintiffs*

THE BLUMSTEIN LAW FIRM
One Turnberry Place, Suite 400
19495 Biscayne Boulevard
Aventura, Florida 33180
Tel: (305) 356-7547
Fax: (305) 356-7539
Mark Blumstein, Esq.
Florida Bar No. 0090700
Mark@BlumsteinLaw.com

*Counsel for Plaintiffs*

PODHURST ORSECK, P.A.
25 W. Flagler Street, Suite 800
Miami, Florida 33130
Tel: (305) 358-2800
Fax: (305) 358-2382

By: _____ (FBN180122)
      Victor M. Diaz, Jr., Esq.
      Florida Bar No. 503800
      vdiaz@podhurst.com

*Counsel for Plaintiffs*

3

## EXHIBIT A – MATTERS ON WHICH
## EXAMINATION IS REQUESTED

1.  Your relationship with the third party defendant ATCO Int. Corp., including but not limited to contracts, agreements, letters, correspondence, emails, and any other business document of any kind of label.

2.  Your relationship with the third party defendant La Suprema Enterprise, Inc., including but not limited to contracts, agreements, letters, correspondence, emails, and any other business document of any kind of label.

3.  Your relationship with the third party defendant La Suprema Trading, Inc., including but not limited to contracts, agreements, letters, correspondence, emails, and any other business document of any kind of label.

4.  All records or documents in your possession, custody or control that in any way relate to your relationship or dealings with ATCO Int. Corp.

5.  All records or documents in your possession, custody or control that in any way relate to your relationship or dealings with La Suprema Trading, Inc.

6.  All records or documents in your possession, custody or control that in any way relate to your relationship or dealings with La Suprema Enterprise, Inc.

7.  All records or documents in your possession that in any way relate to any drywall that ATCO Int. Corp. purchased from you from January 1, 2001 through the present.

8.  All records or documents in your possession that in any way relate to any drywall that you purchased from La Suprema Trading, Inc. from January 1, 2001 through the present.

9.  All records or documents in your possession that in any way relate to any drywall that you purchased from La Suprema Enterprise, Inc. from January 1, 2001 through the present.

10. Your relationship with South Kendall Construction Corp., including but not limited to contracts, agreements, letters, correspondence, emails, and any other business document of any kind or label.

11. Your relationship with Palm Isles Holdings, LLC, including but not limited to contracts, agreements, letters, correspondence, emails, and any other business document of any kind or label.

12. Your relationship with Keys Gate Realty, Inc., including but not limited to contracts, agreements, letters, correspondence, emails, and any other business document of any kind or label.

4

13.     The process you generally undertake, as a matter of general business practice, to select a manufacturer or importer of drywall from which to purchase drywall that you later sell or distribute to general contractors, developers, builders, installers or subcontractors for use and installation in homes.

14.     The process you followed to select a manufacturer or importer of drywall from which to purchase drywall that you later sold or distributed and/or caused to be installed in the Plaintiffs' home at 1926 SE 23 Court, Homestead, FL 33035.

15.     All records in your possession, custody or control that in any way relate to or reflect Chinese-manufactured drywall.

16.     The full extent of your knowledge concerning Chinese drywall or Chinese-manufactured drywall or suspected Chinese-manufactured drywall sold, supplied, or distributed by you that was installed in any home between 2001 and the present.

17.     Any and all contracts between you and Keys Gate Realty, Inc. pursuant to which you were to sell, supply or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

18.     Any and all contracts between you and South Kendall Construction Corp. pursuant to which you were to sell, supply or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

19.     Any and all contracts between you and Palm Isles Holdings, LLC pursuant to which you were to sell, supply or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

20.     Any and all contracts between you and ATCO Int. Corp., from January 1, 2001 through the present, pursuant to which you were to sell, supply or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

21.     Any and all contracts between you and La Suprema Enterprise, Inc., from January 1, 2001 through the present, pursuant to which you were to purchase drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

22.     Any and all contracts between you and La Suprema Trading, Inc., from January 1, 2001 through the present, pursuant to which you were to purchase drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

23. Any and all correspondence between you and Keys Gate Realty, Inc. concerning your agreement to sell, supply, or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

24. Any and all correspondence between you and South Kendall Construction Corp. concerning your agreement to sell, supply, or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

25. Any and all correspondence between you and Palm Isles Holdings, LLC concerning your agreement to sell, supply, or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

26. Any and all correspondence between you and ATCO Int. Corp. concerning your agreement to sell, supply, or distribute drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

27. Any and all correspondence between you and La Suprema Trading, Inc. concerning your agreement to purchase drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

28. Any and all correspondence between you and La Suprema Enterprise, Inc. concerning your agreement to purchase drywall that was to be installed in any homes constructed or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

29. Any and all correspondence concerning your agreement to sell, supply, or distribute drywall, to any person or entity, including but not limited to ATCO Int. Corp., concerning drywall that was to be installed in any home in the Palm Isles, Augusta Greens or Arbor Park communities.

30. Any and all contracts, correspondence, or other documents concerning your agreement to purchase, from La Suprema Enterprise, Inc., drywall that was to be installed in any home in the Palm Isles, Augusta Greens or Arbor Park communities.

31. Any and all contracts, correspondence, or other documents concerning your agreement to purchase, from La Suprema Trading, Inc., drywall that was to be installed in any home in the Palm Isles, Augusta Greens or Arbor Park communities.

32. Any and all contracts, correspondence, or other documents concerning your agreement to purchase, from any entity, drywall that was to be installed in any home in the Palm Isles, Augusta Greens or Arbor Park communities.

33.    Any and all notes, memoranda, field notes, photographs, videotapes, or samples concerning any Chinese-manufactured drywall you sold, supplied or distributed that was installed at the direction of or pursuant to a contract with Keys Gate Realty, Inc.; South Kendall Construction Corp.; Palm Isles Holdings, LLC; ATCO Int. Corp.; La Suprema Enterprise, Inc.; and/or La Suprema Trading, Inc.

34.    Any and all notes, memoranda, field notes, photographs, videotapes, or samples concerning any drywall you sold, supplied or distributed that was installed in the Palm Isles, Augusta Greens or Arbor Park communities.

35.    Any and all documents concerning any drywall you sold, supplied or distributed that was installed in any home built or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc. nationwide.

36.    Any and all written notices concerning any alleged problem or issue relating to alleged "Chinese drywall" in any homes regarding for which you supplied the drywall that was installed.

37.    Any and all documents related to any averment in any pleading filed by you in this action.

38.    Any and all documents that are "distribution records" or records showing in which properties (by address) for which you sold, supplied or distributed Chinese-manufactured drywall that was installed or caused to be installed in homes built or sold by South Kendall Construction Corp.; Palm Isles Holdings, LLC; and/or Keys Gate Realty, Inc.

39.    Any and all documents that are "purchase records" or records showing from whom, when, where, and how you purchased the Chinese-manufactured drywall you sold, supplied or distributed that was then installed in the Plaintiffs' home.

40.    Any and all policies, procedures, documents, memoranda, or other information internal to you that in any way relates to quality control or testing of the product you use or sell, supply or distribute to your customers.

41.    Any and all policies, procedures, documents, memoranda, or other information internal to you that in any way relates to quality control or testing of the product you supplied for use in the Plaintiffs' home.

42.    Any and all documents or policies in any way relating to how you obtain the information regarding or keep track of the specifications or quality evaluations from the manufacturer concerning the drywall that you sell, supply or distribute for use in homes.

43.    Any and all information you have concerning the product you sold, supplied or distributed for use in the Plaintiffs' home in the instant action, that in any way relates to product specifications or quality evaluations from the manufacturer of the drywall.

44. Any and all matters at issue as set forth in any pleading filed in this action.

45. Your position in these consolidated actions as to whether the drywall you sold, supplied or distributed for installation in the Plaintiffs' home was and is defective or unreasonably dangerous.

46. Your position in these consolidated actions as to whether the drywall you procured for supply in construction in the State of Florida was and is defective because it contains and emits toxins, including sulphur and sulphur compounds such as carbon disulfide, carbonyl sulfide and hydrogen sulfide, which damage homes, fixtures attached thereto, and personal property contained therein, in many ways, including, but not limited to: (a) eroding, corroding and/or tarnishing various metals within residences, including plumbing and interior electrical wiring; (b) disrupting and/or interfering with the operation of electric and electronic equipment and appliances within said residences, including but not limited to microwaves, computers, air conditioning and refrigerator coils; and (c) creating a noxious rotten egg-like odor that renders the homes uninhabitable.

47. Your position in these consolidated actions as to whether the alleged defect exists and, if so, whether the defect can or should be repaired or remediated.

48. Your position in this action as to whether Plaintiffs have actually sustained damage to their homes, fixtures attached thereto, and personal property contained therein as a direct result of the sulphuric toxins emitted by defective drywall sold, supplied or distributed by you.

49. Your position in this action as to whether the homes of Plaintiffs and members of the putative class in which defective drywall has been installed are in need of remediation.

50. Your position in this action as to the specifics of what would constitute a remediation protocol that would acceptably remedy all problems caused by the defective Chinese-manufactured drywall.

51. Your position in this action as to whether the home sold to Plaintiffs is habitable or fit for its intended purpose.

52. As to any entity with which you are affiliated that is involved in the ordering, purchase, use, sale, or distribution of Chinese drywall, the responsibilities that each such entity has in regard to Chinese drywall.

53. The steps taken by or on behalf of you to preserve documents that are or may be potentially discoverable in this action.

54. Your knowledge regarding any affirmative defenses or demands included in any responsive pleading filed by any party in these consolidated proceedings.

8

# EXHIBIT C

```
  1        IN THE CIRCUIT COURT      OF THE
         ELEVENTH JUDICIAL CIRCUIT    IN AND FOR
  2        MIAMI-DADE COUNTY,       FLORIDA
  3   _____    §   CHINESE
                                  §   DRYWALL
  4   IN RE: CHINESE DRYWALL      §   DIVISION
      LITIGATION                  §
  5                               §
      THIS DOCUMENT RELATES       §   CASE NO.
  6   TO CALL CASES               §   09-200,000  (42)
                                  §
  7   _____    §
  8
  9
               THURSDAY, MAY 6, 2010
 10
               - CONFIDENTIAL -
 11
      SUBJECT TO FURTHER CONFIDENTIALITY REVIEW
 12
 13        Videotaped deposition of SCOTT
 14   GIERING, AS RULE 30(B)(6) REPRESENTATIVE OF
 15   BANNER SUPPLY CO., held at the offices of
 16   Adorno & Yoss, 2525 Ponce de Leon, Suite 400,
 17   Coral Gables, Florida, commencing at
 18   10:08 a.m., on the above date, before Susan
 19   Perry Miller, Certified Court Reporter,
 20   Registered Diplomate Reporter and Certified
 21   Realtime Reporter.
 22
 23        GOLKOW TECHNOLOGIES, INC.
          877.370.3377 ph 1 fax 917.591.5672
 24             deps@golkow.com
```

# EXHIBIT D

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 10-28090  12

IN RE: CHINESE DRYWALL LITIGATION

DARIO ORLANDO, et al.,

        Plaintiffs,



vs.

BANNER SUPPLY CO., et al.,

        Defendants.

_____/


VIDEOTAPED DEPOSITION OF JACK LANDERS

    Volume I/Pages 1-41
    Wednesday, December 8, 2010
    12:35 p.m. - 1:09 p.m.
    2601 South Bayshore Drive
    Suite 850
    Miami, FL  33133



    Stenographically Reported By:
    JANINE P. CARROLL, FPR
    Florida Professional Reporter

# EXHIBIT E

IN THE CIRCUIT COURT OF THE 11ᵀᴴ
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CHINESE DRYWALL DIVISION
CASE NO.: 09-200000 CA (42)

THIS DOCUMENT RELATES TO:
CASE NO.: 09-56362 CA 42

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LITIGATION

_____ /

## NOTICE OF TAKING DEPOSITION DUCES TECUM

### TO: ALL COUNSEL ON ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that the undersigned will take the deposition(s) of the

below-named person(s) on the date(s) and hour(s) indicated opposite his/her name:

| | |
|---|---|
| **DEPONENT:** | **Corporate Representative of Defendant Banner Supply Co. with the most knowledge of the drywall supplied to the Bermuda Village Complex, Lorretto Avenue, Coral Gables, Florida 33146, including the dates and amount of drywall supplied, the manufacturer of any drywall supplied, the chain of distribution, the allegations of the Complaint, and the allegations contained in Banner's proposed Third Party Complaint** |
| **TIME:** | **10:00 A.M.** |
| **DAY/DATE:** | **APRIL 13, 2011** |
| **LOCATION:** | **GEORGE HARTZ & LUNDEEN**<br>**4800 LEJEUNE ROAD**<br>**CORAL GABLES, FLORIDA** |

upon oral examination(s) before U.S. LEGAL SUPPORT, Notary Public in and for the

State of Florida at Large, or some other officer duly authorized by law to take

*CASE NO.: 09-56362 CA 42*

depositions. The deposition(s) will continue from day to day until completed. The deposition(s) is-are being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

## YOU ARE TO BRING WITH YOU ALL
## DOCUMENTS LISTED ON ATTACHED SCHEDULE

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiff's Liaison Counsel, Ervin A. Gonzalez, Colson Hicks Eidson, and Defendants' Liaison Counsel, Bob Fitzsimmons, Rumberger, Kirk, and Caldwell, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with the Electronic Service Order November 6, 2009, which will send a notice of electronic filing with the procedures established in MDL 2047, and that the foregoing was filed with the Miami Dade Clerk of Court by paper on this _24_ day of March, 2011.

GEORGE, HARTZ & LUNDEEN
Attorneys for the Plaintiffs

By _Jessica Lagos_

CHARLES MICHAEL HARTZ
Florida Bar Number 152521
JESSICA GABRIELLE LAGOS
Florida Bar Number 60001
4800 LeJeune Road
Coral Gables, Florida 33146
Telephone (305) 662-4800

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Attorney ADA Coordinator at (305) 662-4800 no later than seven (7) days prior to the proceeding.
CC: Klein, Bury & Associates via fax.

-2-

## SCHEDULE ATTACHED TO NOTICE OF TAKING DEPOSITION DUCES TECUM
## ADDRESSED TO: CORPORATE REPRESENTATIVE OF BANNER SUPPLY

1.    All documents evidencing the amount of Chinese Drywall purchased, stored, used, sold and/or distributed by Defendant from the years of 2005 and 2006, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

2.    Documents sufficient to identify batch and/or lot numbers for the Chinese drywall identified pursuant to paragraph 12.

3.    All documents identifying the entity or entities from whom Defendant ordered, purchased, imported, and/or received Chinese drywall from the years of  of 2005 and 2006, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

4.    All documents, including invoices, bills of lading and receipts which relate to purchases and/or receipts of Chinese drywall from the years of 2005 and 2006, including but not limited to the Chinese drywall supplied to Mavied Corporation.

5.    All communications from 2004 through 2007 between Defendant and any manufacturer, exporter, importer, broker, distributor or retailer of Chinese drywall concerning Defendant's orders, purchases, receipts, storage, use, sale, and/or distribution of Chinese drywall, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

6.    All communications in the year of 2006 between Defendant and Mavied Corporation concerning orders, purchases, receipts, storage, use, sales, and/or distribution of drywall shipped to Ponce Riviera Bermuda Village.

-3-

7.     All documents relating to any inventory control systems or procedures utilized by Defendant to track its purchases, receipts, storage, sale, distribution or transfer of Chinese drywall, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

8.     All documents and communications relating to the storage and/or warehousing of Chinese Drywall from the years of 2005 and 2006, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

9.     All documents reviewed in preparation for the deposition.

GEORGE, HARTZ & LUNDEEN
4800 LEJEUNE ROAD, CORAL GABLES, FLORIDA 33146-1819  •  TELEPHONE (305) 662-4800

# EXHIBIT F



36784128

Mar 31 2011
11:24AM

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | x x x x x x | MDL NO. 2047 |
|  |  | SECTION: L |
| THIS DOCUMENT APPLIES TO ALL CASES | x x x | JUDGE FALLON |
|  |  | MAG. JUDGE WILKINSON |

## CROSS-NOTICE OF THE NOTICE OF TAKING
## DEPOSITION DUCES TECUM

TO:    The parties in all cases consolidated in *In re Chinese-Manufactured Drywall
Products Liability Litigation*, by and through their counsel of record.

PLEASE TAKE NOTICE that the deposition of **the corporate representative of
Defendant Banner Supply Co. with the most knowledge of the drywall supplied to
the Bermuda Village Complex, Lorretto Avenue, Coral Gables, Florida 33146,
including the dates and amount of drywall supplied, the manufacturer of any
drywall supplied, the chain of distribution, the allegations of the Complaint, and the
allegations contained in Banner's proposed Third Party Complaint,** will be held on
**April 13, 2011** beginning at **10:00 o'clock a.m. (ET)**, at **George Hartz & Lundeen,
4800 Lejeune Road, Coral Gables, Florida**, to continue from day to day until
completed. This deposition is being taken for the purpose of discovery, for use at trial, or
for such other purposes as are permitted under the Federal Rules of Civil Procedure. You
are invited to attend and participate.

1

Primary Examiner:        A member of the PSC or its designee

This cross-notice is based on the Notice of Taking Deposition Duces Tecum (Exhibit "A" attached hereto) in *In re:  Chinese-Manufactured Drywall Products Litigation*, In the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Chinese Drywall Division, Case No.: 09-200000 CA (42), THIS DOCUMENT RELATES TO: CASE NO. 09-56362 CA 42.

Respectfully submitted,

/s/ Leonard A. Davis

**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Plaintiffs' Liaison Counsel**

2

Dawn M. Barrios
701 Poydras Street
Suite 3650
New Orleans, LA 70139
PH: (504) 524-3300
Fax: (504) 524-3313

Robert Josefsberg
25 Flagler Street
8th Floor
Miami, FL 33130
PH: (305) 358-2800
Fax: (305) 358-2382

Ben Gordon
316 S. Baylen Street
Suite 600
Pensacola, FL 32502
PH: (850) 435-7090
Fax: (850) 436-6091

Arnold Levin
510 Walnut Street
Suite 500
Philadelphia, PA 19106
PH: (215) 592-1500
Fax: (215) 592-4663

Jerrold Seth Parker
3301 Bonita Beach Road
Bonita Springs, FL 34134
PH: (239) 390-1000
Fax: (239) 390-0055

Christopher Seeger
One William Street
New York, NY 10004
PH: (212) 584-0700
Fax: (212) 584-0799

Scott Weinstein
12800 University Drive
Suite 600
Ft. Myers, FL 33907
PH: (239) 433-6880
Fax: (239) 433-6836
Richard J. Serpe, Esquire

Daniel E. Becnel, Jr.
425 W. Airline Highway
Suite B
LaPlace, LA 70068
PH: (985) 536-1186
Fax: (985) 536-6445

Ervin Amanda Gonzalez
255 Aragon Avenue
Cora Gables, FL 33134
PH: (305) 476-7400
Fax: 305) 476-7444

Hugh P. Lambert
701 Magazine Street
New Orleans, LA 70130
PH: (504) 581-1750
Fax: (504) 529-2931

Gerald E. Meunier
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
PH: (504) 522-2304
Fax: (504) 528-9973

James Robert Reeves
160 Main Street
Biloxi, MS 39530
PH: (228) 374-5151
Fax: (228) 374-6630

Bruce William Steckler
3102 Oak Lawn Ave.
Suite 1100
Dallas, TX 75219
PH: (214) 523-6674
Fax: (214) 520-1181

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431

3

| Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322 | |

## PLAINTIFFS' STEERING COMMITTEE

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.WSuite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201<br>rlewis@hausfeldllp.com<br><br>Jeremy W. Alters<br>Alters Law Firm<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@alterslaw.com | Andrew A. Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 (mailing address)<br>15058 River Road<br>Hahnville, LA  70057<br>Phone:  (985) 783-6789<br>Fax:  (985) 783-1333<br>andrew@lemmonlawfirm.com |

4

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Cross-Notice of Notice of Taking Deposition Duces Tecum has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 31st day of March, 2011.

/s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA  70113
PH: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhkc.com

5

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CHINESE DRYWALL DIVISION
CASE NO.: 09-200000 CA (42)

THIS DOCUMENT RELATES TO:
CASE NO.: 09-56362 CA 42

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LITIGATION

_____/

## NOTICE OF TAKING DEPOSITION DUCES TECUM

**TO: ALL COUNSEL ON ATTACHED SERVICE LIST**

**PLEASE TAKE NOTICE** that the undersigned will take the deposition(s) of the

below-named person(s) on the date(s) and hour(s) indicated opposite his/her name:

| | |
|---|---|
| **DEPONENT:** | **Corporate Representative of Defendant Banner Supply Co.** with the most knowledge of the drywall supplied to the Bermuda Village Complex, Lorretto Avenue, Coral Gables, Florida 33146, including the dates and amount of drywall supplied, the manufacturer of any drywall supplied, the chain of distribution, the allegations of the Complaint, and the allegations contained in Banner's proposed Third Party Complaint |
| **TIME:** | **10:00 A.M.** |
| **DAY/DATE:** | **APRIL 13, 2011** |
| **LOCATION:** | **GEORGE HARTZ & LUNDEEN 4800 LEJEUNE ROAD CORAL GABLES, FLORIDA** |

upon oral examination(s) before U.S. LEGAL SUPPORT, Notary Public in and for the

State of Florida at Large, or some other officer duly authorized by law to take

depositions. The deposition(s) will continue from day to day until completed. The

deposition(s) is-are being taken for the purpose of discovery, for use at trial, or both

of the foregoing, or for such other purposes as are permitted under the applicable and

governing rules.

### YOU ARE TO BRING WITH YOU ALL
### DOCUMENTS LISTED ON ATTACHED SCHEDULE

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiff's Liaison

Counsel, Ervin A. Gonzalez, Colson Hicks Eidson, and Defendants' Liaison Counsel,

Bob Fitzsimmons, Rumberger, Kirk, and Caldwell, and upon all parties by electronically

uploading the same to LexisNexis File & Serve in accordance with the Electronic

Service Order November 6, 2009, which will send a notice of electronic filing with the

procedures established in MDL 2047, and that the foregoing was filed with the Miami

Dade Clerk of Court by paper on this $\underline{24}$ day of March, 2011.

> GEORGE, HARTZ & LUNDEEN
> Attorneys for the Plaintiffs
>
> By _____
> CHARLES MICHAEL HARTZ
> Florida Bar Number 152521
> JESSICA GABRIELLE LAGOS
> Florida Bar Number 60001
> 4800 LeJeune Road
> Coral Gables, Florida 33146
> Telephone (305) 662-4800

In accordance with the Americans with Disabilities Act of 1990, persons needing a special
accommodation to participate in this proceeding should contact the Attorney ADA Coordinator at (305)
662-4800 no later than seven (7) days prior to the proceeding.
CC: Klein, Bury & Associates via fax.

## SCHEDULE ATTACHED TO NOTICE OF TAKING DEPOSITION DUCES TECUM ADDRESSED TO: CORPORATE REPRESENTATIVE OF BANNER SUPPLY

1.      All documents evidencing the amount of Chinese Drywall purchased, stored, used, sold and/or distributed by Defendant from the years of 2005 and 2006, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

2.      Documents sufficient to identify batch and/or lot numbers for the Chinese drywall identified pursuant to paragraph 12.

3.      All documents identifying the entity or entities from whom Defendant ordered, purchased, imported, and/or received Chinese drywall from the years of of 2005 and 2006, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

4.      All documents, including invoices, bills of lading and receipts which relate to purchases and/or receipts of Chinese drywall from the years of 2005 and 2006, including but not limited to the Chinese drywall supplied to Mavied Corporation.

5.      All communications from 2004 through 2007 between Defendant and any manufacturer, exporter, importer, broker, distributor or retailer of Chinese drywall concerning Defendant's orders, purchases, receipts, storage, use, sale, and/or distribution of Chinese drywall, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

6.      All communications in the year of 2006 between Defendant and Mavied Corporation concerning orders, purchases, receipts, storage, use, sales, and/or distribution of drywall shipped to Ponce Riviera Bermuda Village.

-3-

7.     All documents relating to any inventory control systems or procedures utilized by Defendant to track its purchases, receipts, storage, sale, distribution or transfer of Chinese drywall, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

8.     All documents and communications relating to the storage and/or warehousing of Chinese Drywall from the years of 2005 and 2006, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

9.     All documents reviewed in preparation for the deposition.

GEORGE, HARTZ & LUNDEEN
4800 LEJEUNE ROAD, CORAL GABLES, FLORIDA 33146-1819  •  TELEPHONE (305) 662-4800

# EXHIBIT G



Apr 7 2011
3:06PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL       MDL DOCKET: 2047
PRODUCTS LIABILITY LITIGATION
                                          SECTION: L

THIS DOCUMENT RELATES TO:                 JUDGE FALLON
                                          MAG. JUDGE WILKINSON
*ALL CASES*
_____/

## CROSS-NOTICE OF THE NOTICE OF TAKING DEPOSITION DUCES TECUM OF BANNER SUPPLY CO.

PLEASE TAKE NOTICE that TAYLOR MORRISON SERVICES, INC. f/k/a MORRISON HOMES, INC. ("**Taylor Morrison**") and TAYLOR WOODROW COMMUNITIES AT VASARI, L.L.C. ("**Taylor Woodrow**") (collectively, "Taylor"), cross-notice the deposition of the corporate representative of Defendant Banner Supply Co. with the most knowledge of the drywall supplied to the subcontractors identified in (Exhibit "B" attached hereto), including the dates and amount of dry supplied, the manufacturer of any drywall supplied, the chain of distribution, to be held on April 13, 2011 beginning at 10:00 o'clock a.m. (ET), at the office of George Hartz & Lundeen, 4800 LeJeune Road., Coral Gables, Florida, before a court reporter and videographer, or any other Notary Public or officer duly authorized by law to take depositions in the State of Florida.

The oral examination is to continue from day to day until completed. This deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under Federal Rules of Civil Procedure.

This cross-notice is based on the Notice of Taking Deposition Duces Tecum (Exhibit "A" attached hereto) *In re: Chinese-Manufactured Drywall Products Litigation,* In the Circuit Court

of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Chinese Drywall Division Case No.: 09-200,000 (42).

Respectfully submitted,

/s/ Neal A. Sivyer
Neal A. Sivyer
Florida Bar No. 373745
Stephen E. Walker
Florida Bar No. 0497851
**SIVYER BARLOW & WATSON, P.A.**
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598
*Attorneys for Taylor*

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 7, 2011, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., and Homebuilders' Steering Committee Dorothy Wimberly and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq. by U.S. Mail and email or by hand delivery and email upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No.: 6.

/s/ Neal A. Sivyer
Neal A. Sivyer

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CHINESE DRYWALL DIVISION
CASE NO.: 09-200000 CA (42)

THIS DOCUMENT RELATES TO:
CASE NO.: 09-56362 CA 42

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LITIGATION

_____/

## NOTICE OF TAKING DEPOSITION DUCES TECUM

TO: ALL COUNSEL ON ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that the undersigned will take the deposition(s) of the

below-named person(s) on the date(s) and hour(s) indicated opposite his/her name:

| DEPONENT: | Corporate Representative of Defendant Banner Supply Co. with the most knowledge of the drywall supplied to the Bermuda Village Complex, Lorretto Avenue, Coral Gables, Florida 33146, including the dates and amount of drywall supplied, the manufacturer of any drywall supplied, the chain of distribution, the allegations of the Complaint, and the allegations contained in Banner's proposed Third Party Complaint |
|---|---|
| TIME: | 10:00 A.M. |
| DAY/DATE: | APRIL 13, 2011 |
| LOCATION: | GEORGE HARTZ & LUNDEEN 4800 LEJEUNE ROAD CORAL GABLES, FLORIDA |

upon oral examination(s) before U.S. LEGAL SUPPORT, Notary Public in and for the

State of Florida at Large, or some other officer duly authorized by law to take

*CASE NO.: 09-56362 CA 42*

depositions. The deposition(s) will continue from day to day until completed. The deposition(s) is-are being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

**YOU ARE TO BRING WITH YOU ALL
DOCUMENTS LISTED ON ATTACHED SCHEDULE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiff's Liaison Counsel, Ervin A. Gonzalez, Colson Hicks Eidson, and Defendants' Liaison Counsel, Bob Fitzsimmons, Rumberger, Kirk, and Caldwell, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with the Electronic Service Order November 6, 2009, which will send a notice of electronic filing with the procedures established in MDL 2047, and that the foregoing was filed with the Miami Dade Clerk of Court by paper on this 24 day of March, 2011.

GEORGE, HARTZ & LUNDEEN
Attorneys for the Plaintiffs

By _____
CHARLES MICHAEL HARTZ
Florida Bar Number 152521
JESSICA GABRIELLE LAGOS
Florida Bar Number 60001
4800 LeJeune Road
Coral Gables, Florida 33146
Telephone (305) 662-4800

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Attorney ADA Coordinator at (305) 662-4800 no later than seven (7) days prior to the proceeding.
CC: Klein, Bury & Associates via fax.

-2-

*CASE NO.: 09-56362 CA 42*

## SCHEDULE ATTACHED TO NOTICE OF TAKING DEPOSITION DUCES TECUM
## ADDRESSED TO: CORPORATE REPRESENTATIVE OF BANNER SUPPLY

1.   All documents evidencing the amount of Chinese Drywall purchased, stored, used, sold and/or distributed by Defendant from the years of 2005 and 2006, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

2.   Documents sufficient to identify batch and/or lot numbers for the Chinese drywall identified pursuant to paragraph 12.

3.   All documents identifying the entity or entities from whom Defendant ordered, purchased, imported, and/or received Chinese drywall from the years of of 2005 and 2006, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

4.   All documents, including invoices, bills of lading and receipts which relate to purchases and/or receipts of Chinese drywall from the years of 2005 and 2006, including but not limited to the Chinese drywall supplied to Mavied Corporation.

5.   All communications from 2004 through 2007 between Defendant and any manufacturer, exporter, importer, broker, distributor or retailer of Chinese drywall concerning Defendant's orders, purchases, receipts, storage, use, sale, and/or distribution of Chinese drywall, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

6.   All communications in the year of 2006 between Defendant and Mavied Corporation concerning orders, purchases, receipts, storage, use, sales, and/or distribution of drywall shipped to Ponce Riviera Bermuda Village.

-3-

7.    All documents relating to any inventory control systems or procedures utilized by Defendant to track its purchases, receipts, storage, sale, distribution or transfer of Chinese drywall, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

8.    All documents and communications relating to the storage and/or warehousing of Chinese Drywall from the years of 2005 and 2006, including but not limited to the Chinese drywall sold to Mavied Corporation and shipped to Ponce Riviera Bermuda Village.

9.    All documents reviewed in preparation for the deposition.

GEORGE, HARTZ & LUNDEEN
4800 LEJEUNE ROAD, CORAL GABLES, FLORIDA 33146-1819 • TELEPHONE (305) 662-4800

# EXHIBIT "B"

Cothern Construction Co.
4376 Harbor Blvd.
Port Charlotte, FL  33952

Dollaway Drywall, Inc.
17423 Boyette Rd.
Lithia, FL 33547

Florida Style Services, Inc.
R/A - Robert V. Fitzsimmons, Esq.
c/o Rumberger Kirk & Caldwell, .PA.
80 SW 3th Street, Suite 3000
Miami, FL 33130

NuWay Drywall LLC
384 Snapdragon Loop
Bradenton, FL 34212

Residential Drywall
R/A – Andrea M. Fair
Fair Law Group
16009 North Lake Village Dr.
Odessa, FL 33556

Shirley Construction & Drywall, Inc.
18440 Paulson Dr.,
Unit F
Port Charlotte, FL  33954