UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL         MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO

SEAN PAYTON, et al., v. KNAUF GIPS KG, et al.
CASE NO. 09-7628

JOYCE W. ROGERS, et al., v. KNAUF GIPS KG, et al.
CASE NO. 10-362

## MOTION TO ALTER, AMEND OR VACATE THE MARCH 9, 2011 AND MARCH 25, 2011 ORDERS

COME NOW Defendants, HPH Properties, LLC and HPH Homes (hereinafter "Defendant" or "HPH") and Lifescape Builders (hereinafter "Lifescape"), and without waiving their arguments concerning personal jurisdiction, hereby file the following motion to alter, amend or vacate the Orders of March 9, 2011 and March 25, 2011, requiring builders to pay certain sums into court for builders' liaison counsel in the above-referenced matter. In support of said motion, HPH and Lifescape state as follows:

1. On March 2, 2010 HPH Properties, LLC filed a Motion to Dismiss this matter asserting that this Court had no personal jurisdiction over HPH Properties as HPH has never done business in the State of Louisiana. Said motions have yet to be heard by this Court.

2. On March 31, 2010, HPH Homes filed a Motion to Dismiss this matter asserting that this Court had no personal jurisdiction over HPH Homes as HPH has never done business in the State of Louisiana. Said motions have yet to be heard by this Court.

3. Lifescape Builders has filed Motions to Dismiss in these matters asserting that this Court had no personal jurisdiction over Lifescape as Lifescape has never done business in the State of Louisiana. Said motions have yet to be heard by this Court.

4. The Court's Order is arbitrary and capricious because it attempts to similarly situate builders based upon number of homes in the MDL that the builder constructed. However, the builders in these cases are not similarly situated and the Court setting certain fees by builders based solely on the number of homes involved in the MDL is arbitrary.

5. Additionally, Rule 1 of the Federal Rules of Civil Procedure requires the rules to be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Requiring builders over whom there is no jurisdiction to pay thousands of dollars into court does not comport with the plain language of Rule 1. Additionally, requiring these builders to deposit these funds into court places an undue burden upon them .

6. As this Court has no jurisdiction over these builders, HPH and Lifescape Builders would request that the Court vacate its Orders of March 9, 2011

and March 25, 2011 requiring builders to pay a certain sum into court for builders' liaison counsel.

Respectfully submitted on this the  8th  day of April, 2011,

   /s/ James A. Kee, Jr.

   /s/ Lucy W. Jordan
James A. Kee, Jr., KEE005
Lucy W. Jordan, JOR037
Attorneys for HPH Properties, LLC and HPH Homes

OF COUNSEL:
KEE LAW FIRM
1900 International Park Drive, Suite 220
Birmingham, Alabama 35243
(205) 968-9900
(205) 968-9909 *facsimile*

   /s/ Philip G. Piggott
Philip G. Piggott
Attorney for Lifescape Builders

OF COUNSEL:
STARNES, DAVIS & FLORIE, LLP
100 Brookwood Place, 7th Floor,
Birmingham, AL 35209
(205) 868-6086
(205) 868-6099 *facsimile*

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing Motion to Alter, Amend or Vacate the March 9, 2011 and March 25, 2011 Orders has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 8th day of April, 2011.

                 /s/ Lucy W. Jordan
                 OF COUNSEL