UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAGISTRATE JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>DOCKET NUMBER: 2:10-CV-00361<br>*Kenneth Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.–Omni II* | |

_____

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendant, City Salvage, Inc. (hereinafter referred to as "City Salvage"), through undersigned counsel, appearing solely for the purpose of this Motion to Dismiss, moves this Honorable Court to issue an Order dismissing the claims of the plaintiffs in *Plaintiff's, Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.– Omni II*, (Rec. Doc. 1), as Amended, and to dismiss any plaintiffs-in-intervention asserting claims against City Salvage under Fed. R. Civ. Pro. Rule 12(b)(2) and (3) for the reasons articulated below. Specifically, City Salvage is not subject to, nor have they submitted to, the jurisdiction of this Court, and the Eastern District of Louisiana is an improper venue for the proceedings against City Salvage.

**I.     BACKGROUND FACTS**

As the Court well knows, this case includes numerous and varying claims arising out of the importation, installation, and use, of alleged tainted dry wall. City Salvage is an alleged distributor/ supplier of the drywall. On February 10, 2010, *Kenneth and Barbara Wiltz, et al.* filed their Plaintiffs

Omnibus Class Action Complaint (II)" naming City Salvage and many other entities as defendants. (Rec. Doc. 1). The plaintiffs correctly allege City Salvage is an entity organized under the laws of Mississippi. (Rec. Doc. 1, Page 108). The plaintiffs allegations against City Salvage are primarily contained within Paragraph 560, alleging City Salvage is an importer, exporter, distributor, supplier or broker of drywall and related building products which resulted in the harm and damages to Subclass Members.

However, City Salvage does not maintain minimum contacts with the State of Louisiana sufficient to allow jurisdiction by this Honorable Court. Accordingly, City Salvage moves this Court to issue an Order dismissing the plaintiffs' claims, and any intervening plaintiffs' claims against City Salvage for lack of personal jurisdiction, and/or for improper venue.

## II.    LAW AND ARGUMENT

### A. City Salvage is not subject to personal jurisdiction in Louisiana.

On February 10, 2010 plaintiffs filed their Omnibus Class Action Complaint (II) naming City Salvage, and many other entities as defendants. (Rec. Doc. 1). Plaintiffs correctly allege City Salvage is an entity organized under the laws of Mississippi. (Rec. Doc. 1, Pg. 108). City Salvage is in fact a Mississippi corporation formed under the laws of the State of Mississippi. (Exhibit "A" - Affidavit of Larry Loftin - President and owner of City Salvage, Inc.). Its principle place of business located in Laurel, Mississippi. *Id.*

City Salvage is not authorized to do nor has it ever done any business in the State of Louisiana. (Exhibit "A"). City Salvage does not own or maintain an office, store, shop, warehouse, or facility in the State of Louisiana. *Id.* City Salvage does not have a bank account located in any bank in the State of Louisiana. *Id.* City Salvage has not derived any revenue from the State of Louisiana from any person or business entity. *Id.* City Salvage does not have a business presence

within the State of Louisiana. *Id.* As the President and Owner of City Salvage, Larry Loftin has no knowledge of any of City Salvage's products ever being distributed to Louisiana, making its way to Louisiana in any fashion, or being installed in any home, building, or other structure within the State of Louisiana. *Id.* City Salvage does not and has never solicited business from any contacts in Louisiana. *Id.* City Salvage has never advertised in any publications or media either targeted in the State of Louisiana or in any way intended to draw any business from the State of Louisiana. *Id.*

When the jurisdiction of the Court over a defendant is challenged, the burden rests with the plaintiffs to prove there is personal jurisdiction. *Familia De Boom v. Arosa Mercantil,* S.A., 629 F.2d 1134 (5th Cir. 1980). As such, the burden rests with the plaintiffs/intervening plaintiffs to demonstrate to this Court that there is personal jurisdiction over City Salvage. As will be demonstrated below, the plaintiffs/intervening plaintiffs are unable to meet their burden of proof.

There are two types of analyses that are applied to issues of jurisdiction, "specific" and "general". When a cause of action arises out of a defendant's purposeful contacts with the forum, the appropriate consideration is "specific" jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). When a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, due process requires that the defendant have engaged in "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). As will be explained below, City Salvage is not subject to the jurisdiction of this Honorable Court, under either specific or general jurisdiction analysis.

*1) SPECIFIC JURISDICTION*

The Fourteenth Amendment's Due Process Clause protects a defendant's liberty interest in

not being subject to the binding judgments of a forum with which he has established no meaningful contacts. *Nuovo Pignone, SpA v. Storman Asia .MIV,* 310 F.3d 374, 378 (5th Cir. *10/3112002);* citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310,319,66 S.Ct. 154,90 L.Ed. 95 (1945).

The Fifth Circuit has clarified that when determining whether a court may assert jurisdiction over a non-resident defendant there are two components. *Dalton v. R&W Marine,* Inc., 897 F.2d 1359, 1360 (5th Cir. 4/13/1990). Initially, the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute. *Id.* Second, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *Id; See Stuart v. Spademan,* 772 F.2d 1185 (5th Cir.1985). Louisiana's long-arm statute, La. R.S. l3:3201, provides in pertinent part,

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from anyone of the following activities performed by the nonresident:
> 
> (1) Transacting any business in this state.
> 
> (2) Contracting to supply services or things in this state.
> 
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
> 
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
> 
> (8) Manufacturing of product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.//

"In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of

the Constitution of the United States." La. R.S. l3:3201 (B).

Under the applicable case law and the Louisiana long-arm statute the proper analysis is whether exercising jurisdiction would violate the Due Process clause. The question is whether City Salvage has certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *See International Shoe Co.* v. *Washington,* 326 U.S. at 316 (citations omitted). A three part test has been developed to determine whether jurisdiction is appropriate under the Due Process Clause and *International Shoe*. The Court first analyzes whether the defendant has minimum contacts with the forum state, *i.e.* whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. Secondly, the inquiry is whether the plaintiff's cause of action arises out of, or results from, the defendant's forum-related contacts. Lastly, the question is whether the exercise of personal jurisdiction is fair and reasonable.

**(a) City Salvage did not purposefully direct its activities toward Louisiana.**

In order to answer the question as to whether or not City Salvage has minimum contacts with Louisiana, the Court must identify some act where City Salvage purposely availed itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws. *Luv n' Care, Ltd.* v. *Insta-Mix, Inc.,* 438 F.3d 465, 469-470 (5th Cir. 1125/2006). City Salvage's activities in the forum must show that it reasonably anticipated being haled into Court in Louisiana. *Id.* At 470; citing *World Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286,297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

City Salvage has not done anything or committed any act to show that it reasonably anticipated being haled into court in Louisiana, and the burden of proof is on the plaintiffs to prove to the contrary. City Salvage has not sold any of its products to any customers in the State of

Louisiana. (Exhibit "A"). City Salvage has not derived any revenue from the State of Louisiana from any person or business entity. *Id.* City Salvage does not have a business presence in the State of Louisiana and has never solicited business from any contacts in Louisiana. *Id.* City Salvage is unaware that any of its products even entered Louisiana. *Id.* None of the plaintiffs who have made claims against City Salvage are located in the State of Louisiana. The claims made against City Salvage arise out of homes or structures built in the State of Mississippi, and not Louisiana.

The plaintiffs' are unable to meet their burden of proof as established by this Court and the United States Fifth Circuit. The facts stated above have not been controverted and it is the plaintiff's burden to make such a showing to this Court.

    **b) Plaintiff's/Intervening Plaintiff's claims do not arise out of any contact with Louisiana by City Salvage.**

The Fifth Circuit in *Nuovo Pignone, SpA v. Starman Asia M/V,* 310 F.3d 374 (5th Cir. 10/31/2002), is whether plaintiff's/intervening plaintiffs's cause of action relates to the defendants's forum-related contacts. City Salvage is not aware of any of their products ever making its way to Louisiana in any form or fashion, or being installed in a home, building, or structure in the State of Louisiana. (Exhibit "A"). The plaintiffs and intervening plaintiffs have made general allegations about distributing defective drywall to Class Members but they have no information or evidence to this litigation relates to any contacts with Louisiana by City Salvage. In fact, none of the claims against City Salvage involve any home, building, or structure built in the State of Louisiana. Consequently, the plaintiffs/intervening plaintiffs cause of action cannot arise or relate to contacts between City Salvage in the State of Louisiana, because there are none.

    **c) Exercising jurisdiction over City Salvage would violate the dictates of *International Shoe*.**

Finally, the Court must inquire into whether the exercise of jurisdiction in Louisiana would

offend the traditional notions of fair play and substantial justice. *See International Shoe Co.* v. *Washington,* 326 U.S. at 316 (citations omitted). City Salvage is not authorized to do, and has never done, any business in the State of Louisiana. (Exhibit "A"). City Salvage does not have a business presence in the State of Louisiana. *Id.* City Salvage is not aware of any of its products making its way into the State of Louisiana. *Id.* City Salvage has never advertised in any publications or media either targeted to the State of Louisiana, or in any way intended to draw a business from the State of Louisiana. (Exhibit "A"). City Salvage submits to this Court, that mandating them to defend a suit in Louisiana where they have no contacts, where the plaintiffs/intervening plaintiffs have failed to establish any products distributed by City Salvage has entered Louisiana or caused any injury in the State of Louisiana, would absolutely offend traditional notions of fair play and substantial justice. The burden and expense of litigating in Louisiana in order to defend the allegations in this extremely complex case outweighs the benefit of exercising jurisdiction.

City Salvage acknowledges Louisiana has an interest in protecting its citizens, however, City Salvage has never directed any activity to the citizens of Louisiana and plaintiffs/intervening plaintiffs must establish their burden of proof before this Court considers Louisiana's interest in adjudicating this case.

For the reasons more fully set forth above, the plaintiffs/intervening plaintiffs have not satisfied their burden of proof in the Court exercising jurisdiction over City Salvage under a specific jurisdiction analysis.

### 2) GENERAL JURISDICTION

The plaintiffs/intervening plaintiffs will likely argue the Court should exercise general jurisdiction over City Salvage. When a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, due process requires that a defendant having engaged in the

higher standard of "continuous and systematic contacts" in the forum to support the exercise of general jurisdiction over that defendant. *See Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579 5th Cir. 2010. Where a defendant has continuous and systematic general business contacts with the forum state, the Court may exercise general jurisdiction over any action brought against that defendant. *Id.*. To confer general jurisdiction, a defendant must have a business presence *in* the forum state. *Id.* Simply injecting a product, even in a substantial volume, into a forum's "stream of commerce" without more, does not support general jurisdiction. *Id.* The continuous and systemic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and forum. *Id.*, citing *Johnston* v. *Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008).

There are no continuous and systematic contacts between City Salvage and the State of Louisiana. City Salvage does not have a business presence in the State of Louisiana. City Salvage has not derived any revenue from the State of Louisiana from any person or business entity. (Exhibit "A"). City Salvage has never advertised in any publications or media either targeted in the State of Louisiana or anyway intended to draw any business from the State of Louisiana. *Id.* As the President and Owner of City Salvage, Larry Loftin has no knowledge of any of City Salvage's products ever being distributed to Louisiana, making its way to Louisiana in any fashion, or being installed in any home, building, or other structure within the State of Louisiana. *Id.*

There is no evidence upon which the plaintiffs/intervening plaintiff can use to reply upon to establish general jurisdiction.

**B.  The Eastern District of Louisiana is an improper forum.**

In the event the Court should find City Salvage is subject to personal jurisdiction, the Eastern District of Louisiana is not a proper forum for the claims against it.

28 U.S.C.A. § 1404 states in pertinent part:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings *in rem* brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

Additionally, 28 U.S.C.A. § 1406 states in pertinent part:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The Eastern District of Louisiana does not possess jurisdiction over City Salvage. Alternatively, the Eastern District of Louisiana is an improper venue for any and all claims brought against City Salvage. The plaintiffs/intervening plaintiffs are unable to establish any activity on behalf of City Salvage which occurred in the State of Louisiana, or that any of City Salvage's products ended up in this forum, or that City Salvage is subject to jurisdiction in Eastern District. If this Court should not choose not to dismiss the claims against City Salvage for lack of personal jurisdiction, the convenience of the parties and witnesses and interests of justice require a transfer of this case. City Salvage prays this Honorable Court dismiss the plaintiffs' claims against it, or transfer said claims to Mississippi, where they could have originally been brought.

### III. CONCLUSION

For the reasons more fully stated above, this Court does not have specific or general jurisdiction over City Salvage. The claims against City Salvage should be dismissed for lack of personal jurisdiction. Alternatively, the claims against City Salvage should be transferred from the Eastern District of Louisiana, an improper venue, to a venue which is proper.

        Respectfully submitted,

        **BRINEY FORET CORRY**


BY:    /s/ Charles J. Foret
        CHARLES J. FORET-Bar Roll No. 05700
        JASON R. GARROT-Bar Roll No. 29202
        413 Travis Street, Suite 200
        Post Office Drawer 51367
        Lafayette, Louisiana 70505-1367
        Telephone:  (337) 237-4070
        Facsimile:  (337) 233-8719
        Email: foret@brineyforet.com
        Email: garrot@brineyforet.com
        ***ATTORNEYS FOR DEFENDANT,***
        ***CITY SALVAGE, INC.***

## *CERTIFICATE OF SERVICE*

      I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 11th day of April 2011.

                                            /s/ Charles J. Foret