MINUTE ENTRY
FALLON, J.
APRIL 8, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRY WALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO *Vickers v. Knauf Gips KG*, No. 09-4117; *Payton v. Knauf Gips, KG,* No. 09-7628; *Silva v. Arch Insurance Co.,* No. 09-8034; *Silva v. Interior Exterior Building Supply, LP,* No. 09-8030

On this date, a telephone status conference was held in the Chambers of Judge Eldon Fallon in the above captioned cases. The conference was scheduled to resolve a number of disputes arising from the inspection of fact witness homes for purposes of the upcoming class certification hearing. Rick Duplantier participated on behalf of the Interior Exterior defendants; Fred Longer, Dawn Barrios, Zach Wool, and Lenny Davis participated on behalf of the Plaintiffs' Steering Committee; Dorothy Wimberly participated on behalf of the Homebuilders' Steering Committee; and Eugene Terk participated on behalf of the Knauf defendants. After hearing from the parties, the Court determined the appropriate methods for proceeding with the inspections. Accordingly, IT IS ORDERED that, in conducting the inspections of the fact witness properties, the defendants are to first attempt to identify the type of drywall therein by a visual inspection, and if the visual inspection does not provide sufficient information, the defendants are permitted to do minimal destruction to discover this information, but if such destruction is done, the defendants are directed to repair any damage within two weeks of the inspection. IT IS FURTHER ORDERED that at this time, the

JS10(01:30)

defendants are only permitted to visually inspect and observe the metallic elements of the fact witness properties, i.e. the electric wiring and copper plumbing; however, the Court will consider, if necessary, at a later date whether the defendants may remove any such items for sampling and testing purposes. Additionally, the Court directed the parties to contact it in the case they cannot agree on dates for the inspections, and it would then issue an order requiring the inspections on specific dates and times.

One dispute not addressed at the conference is Knauf's request, and the PSC's opposition thereto, to allow its expert, Dr. Robert Sproles, to inspect the fact witness properties during the week of April 25, 2011 because of a scheduling conflict with the agreed-upon inspection dates. The Court has considered this issue. Accordingly, IT IS FURTHER ORDERED that Dr. Sproles is permitted to examine the properties at issue during the week of April 25, 2011, at times most convenient to all homeowners and their counsel.