

Mar 3 2010 1:29PM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

MDL NO.: 09-2047

JUDGE FALLON
MAGISTRATE JUDGE WILKINSON

*****************************************************************

THIS DOCUMENT RELATES TO:
*SEAN and BETH PAYTON, et al. v. KNAUF GIPS KG, et al.*,
CASE NO.: 09-7628

*****************************************************************

## LIFESCAPE BUILDERS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I. PROCEDURAL HISTORY

On December 9, 2009, Plaintiffs, Sean and Beth Payton (the "Paytons"), who reside in Louisiana, directly filed this omnibus class action complaint against numerous Defendants and fictitious Defendants, including Lifescape Builders, LLC, ("Lifescape"), in the United States District Court for the Eastern District of Louisiana invoking diversity jurisdiction pursuant to 28 U.S.C. §1332(d)(2) and the Class Action Fairness Act 28 U.S.C. §1711, *et. seq.* ("Complaint"). This Court imposed a stay of discovery by Pretrial Order No. 1 in order to organize the MDL structure. Pretrial Order No. 1 was modified by Pretrial Order No. 1A to permit effectuation of service. Although there is some evidence to the contrary, the stay in *Payton* was arguably lifted by Pretrial Order No. 1D with respect to responsive pleadings on January 8, 2010.

{B1122481}

## II. BACKGROUND FACTS

This case includes numerous and varying claims arising out of the importation, installation, and use, of allegedly tainted drywall imported from China. Lifescape Builders, LLC is alleged to be a general contractor that has utilized potentially hazardous drywall. On December 9, 2009, Plaintiffs filed an "omnibus class action complaint (i)" naming Lifescape Builders, LLC, and many other entities as Defendants. (Rec. Doc. 1). Lifescape Builders, LLC is correctly alleged to be an Alabama Limited Liability Company, with its principal place of business located in Jefferson County, Alabama. (Rec. Doc. 1).

As this Court is aware, this class action suit filed by the Plaintiffs is related to numerous other filings across the country, all arising out of similar allegations that certain drywall, imported from China, is potentially hazardous. It is believed that Lifescape Builders, LLC was named as a Defendant, as they are a general contractor that has allegedly utilized tainted drywall during the construction of certain property. However, as will then be demonstrated below, Lifescape Builders, LLC does not maintain minimum contacts with the State of Louisiana sufficient to allow jurisdiction by this Honorable Court. Accordingly, Lifescape Builders, LLC, moves this Court to issue an order dismissing the Plaintiff's Complaint against Lifescape Builders, LLC, for lack of personal jurisdiction, and/or improper venue.

A very few of the multitude of Plaintiffs reside in the State of Alabama. (Complaint ¶5-2072). The Complaint contains no specific allegations against this specific Defendant with the exception of the statement contained in paragraph 2327.

{B1122481}

(Complaint ¶2327 In paragraph 2327 of the Complaint, the Plaintiffs make the following vague and inaccurate allegations against Lifescape:

> 133. Defendant Lifescape Builders, LLC is an entity or individual with a principal place of business located at 8000 Liberty Parkway, #110, Birmingham, Alabama 35242. Defendant is organized under the laws of the State of Alabama. Defendant built certain subclass members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damage to subclass members as described herein.

As is evidenced by the Affidavit of Sam G. Lowrey III ("Lowrey"), (which Affidavit is attached hereto as Exhibit "A"), Lifescape Builders LLC's only place of business is in Birmingham, Alabama. (Exhibit "A"). Lifescape Builders is a Limited Liability Company and it has never had a location, nor transacted any business, outside the State of Alabama (Exhibit "A"). Lifescape has never performed any business in the State of Louisiana, never constructed any houses, or other properties in the State of Louisiana, and more specifically has never made any sales or delivery of drywall in the State of Louisiana, and has never purchased, supplied, or delivered any drywall to any person or entity in the State of Louisiana. (Exhibit "A"). Moreover, as stated by Mr. Lowrey:

- Lifescape has never sought a business license nor been licensed to conduct business in Louisiana, (Exhibit "A");

- Lifescape has never maintained a business listing, telephone number, or business address in Louisiana, (Exhibit "A");

- Lifescape has never owned any real property in Louisiana, (Exhibit "A");

- Lifescape has never maintained or operated any factories, warehouses, or offices in Louisiana, (Exhibit "A");

{B1122481}

- Lifescape has never advertised in Louisiana, (Exhibit "A");

- Lifescape has never marketed or promoted sales of any products or properties in Louisiana, (Exhibit "A"); and

- Lifescape has never maintained bank accounts in Louisiana (Exhibit "A").

- Lifescape has never received any business from any contracts entered into in Louisiana, whether individual customers or business customers (Exhibit "A").

### III. CHOICE OF LAW

Because Plaintiffs have invoked federal jurisdiction, this Court must apply the substantive law of Louisiana and federal procedural law. *Erie RR Co. v. Tomkins*, 304 U.S. 64, 78-79 (1938); *Hanna v. Plumer*, 380 U.S. 460, 473 (1965). State substantive law includes Louisiana's choice of law principles. *Klaxon v. Stentor Electric. Mfg. Co.*, 313 U.S. 487, 496 (1941).

This Court has previously held that actions filed directly into an MDL in Louisiana "by citizens who reside in the MDL court's judicial district. . . would have been filed [in Louisiana], whether or not an MDL existed in [Louisiana]. In these cases, the MDL court must apply its own state law, that is, the law of the state in which it sits. It is undisputed that the MDL court has complete authority over every aspect of these cases." *In re VIOXX Products Liability Litigation*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007). Therefore, Louisiana law applies to this case.[1]

---

[1] Even if Alabama law applied, Lifescape is due to be dismissed for lack of personal jurisdiction, because both Louisiana's and Alabama's long-arm statutes extend due process to the fullest extent permitted by federal due process. *Davis v. Dempster*, 790 So.2d 43, 46 (La. App. 2000) *writ denied* 785 So.2d 830 (La. 2001); *Ex parte McInnis*, 820 So.2d 795 (Ala. 2001) *cert. denied* 535 U.S. 1077 (2002). *See e.g. In re Bausch & Lomb, Inc.*, 2007

{B1122481}

## IV. STANDARD ON MOTION TO DISMISS

When considering this motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(2) and 12(b)(6), this Court must consider the allegations contained in the Plaintiff's complaint as true, unless those allegations are controverted by the Defendant's affidavit. *Thomas v. Kennedy*, 75 Fed. Appx. 281, 283-4 (5th Cir. 2003) (unpublished) citing *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 785 (5th Cir. 1990)(emphasis added).

## V. THIS ACTION IS DUE TO BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

### A. Under Louisiana's Long-Arm Statute, and Applicable Federal Law, Plaintiffs' Claims Must be Dismissed.

"In diversity actions. . . the law of the forum state, subject to the Constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over non-resident Defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F. 3d 389, 396 (5th Cir. 2001), citing *Southmark Corp. v. Life Investors, Inc.*, 851 2d 763, 722 n. 15 (5th Cir. 1988) and *Stuart v. Spademan*, 722 F. 2d 1158, 1189 (5th Cir. 1985).

The Louisiana Long-arm statute, La. R.S. 13:3201(A) and (B), describes the circumstances under which a Louisiana court may exercise personal jurisdiction over a non-resident Defendant such as Lifescape:

> A. A court may exercise personal jurisdiction over a non-resident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the non-resident:

---

WL 3046682 at 3 (D. S. C. Oct. 11, 2007) in which the court did not determine which substantive law applied, because there was no conflict among the states. *Id.* at *3.

{B1122481}

(1) Transacting any business in this state;

(2) Contracting to supply services or things in this state;

(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state;

(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

B. In addition to the provision of Subsection A, <u>A court of this state may exercise personal jurisdiction over a non-resident on any basis consistent with the Constitution of this state and of the Constitution of the United States</u>.

(Emphasis added).

<u>La. R.S. 13:3201</u>(b) ensures that the long-arm jurisdiction of a Louisiana court extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So.2d 790, 792 (La. 1987). In *Superior Supply*, the court stated that under "the express terms of the present long-arm statute, the sole inquiry into jurisdiction over a non-resident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under the long-arm statute." *Id.* (Citing *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So. 2d 1188, 1192 (La. 1987). *See also, Puckett v. Advance Sports, Inc.*, No. 2009 CA 0507, 2009 WL 3430283 (La. App. 1 Cir. Oct. 26, 2009) at \*4; *Thomas v. Kennedy, supra*, 75 Fed. Appx. at 283.

Initially, it is clear that when the jurisdiction of the Court over the Defendant is challenged, the burden rests with the Plaintiffs to prove there is personal jurisdiction. *Familia De Boom v. Arosa Mercantile S.A.*, 629 F.2d 1134 (5th Cir. 1980). Therefore, in the present matter, the burden rests with the Plaintiff to demonstrate to this Court that there is personal jurisdiction over Lifescape Builders, LLC. However, as will be demonstrated below, the Plaintiffs are unable to meet the burden of proof.

As this Court is aware, there are two types of analysis that are applied to issues of jurisdiction, "specific" and "general". When the cause of action arises out of a Defendant's purposeful contacts with the forum, the appropriate consideration is "specific" jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed., 2d 490 (1980). Where a cause of action does not arise out of a foreign Defendant's purposeful contacts with the forum, however, due process requires that the Defendant has engaged in "continuous and systematic contacts", and the forum to support the exercise of "general" jurisdiction over that Defendant. *See Helicopteros Nacionales de Colombia, S.A., the Hall*, 466 U.S. 408, 104, S.Ct. 1968 (80 L.Ed.2d 404 (1984)). Essentially, "general jurisdiction" requires a higher level of contact with the forum to support jurisdiction over the Defendant. However, as detailed below, Lifescape Builders, LLC it not subject to the jurisdiction of this Honorable Court under either a specific or general jurisdictional analysis.

1) **Specific Jurisdiction**

The Fourteenth Amendment's Due Process Clause protects a Defendant's liberty interest in not being subject to the binding judgments of a forum with which he has

{B1122481}

established no meaningful contracts. *Nuove Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 10/31/2002); citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Fifth Circuit has clarified that when determining whether a court may assert jurisdiction over a non-resident Defendant there are two components. *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1360 (5th Cir. 4/13/1990). Initially, the Defendant must be amenable to Service of process under the forum state's jurisdictional long-arm statute. *Id*. Second, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *Id*; *See, Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985). Louisiana's long-arm statute, La. R.S. 13:3201, provides in pertinent part,

> A. A court may exercise personal jurisdiction over a non-resident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the non-resident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

"In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a non-resident on any basis consistent with the constitution of this state and of the Constitution of the United States." La. R.S. 13:3201(B).

Accordingly, under the applicable case law and the Louisiana long-arm statute the proper analysis is whether exercising jurisdiction would violate the Due Process clause. The pertinent consideration regarding jurisdiction over Lifescape is whether Lifescape has "certain minimum contracts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *See International Shoe Co. v. Washington*, 326 U.S. at 316 (citations omitted).

The Fifth Circuit has developed a three-part test in order to determine whether jurisdiction is appropriate under the Due Process Clause and *International Shoe. Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 10/31/2002). First, the Court analyzes whether the Defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. Second, the appropriate inquiry is whether the plaintiff's cause of action arises out of, or results from, the Defendant's forum-related contacts. The last consideration is whether the exercise of personal jurisdiction if fair and reasonable.

  a) **<u>Lifescape did not purposefully direct its activities toward Louisiana.</u>**

In order to determine whether Lifescape has minimum contacts with Louisiana, the Court, "must identify some act whereby [Lifescape] 'purposely avail[ed] itself of the

privilege of conducting activities [there], thus invoking the benefits and protections of its laws.'" *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469-470 (5th Cir. 1/25/2006). In other words, Lifescape's conduct must show that it "reasonably anticipates being haled into Court" in Louisiana. *Id.* at 470 (1980). However, **Lifescape has not committed any act to show that it reasonably anticipates being haled into court in Louisiana, and the burden is on the plaintiffs to prove to the contrary.**

Plaintiffs are unable to meet their burden of proof as established by this Court and the United States Fifth Circuit. As stated above, Lifescape has never transacted any business in the State of Louisiana. (Exhibit "A"). Lifescape has not targeted any of its activities towards the State of Louisiana. (Exhibit "A"). Plaintiffs have not established any fact to the contrary, and it is their burden to make such a showing to this Court.

    **b)**     **Plaintiffs' Claims do not arise out of any contact with Louisiana by Lifescape.**

The second inquiry under the Fifth Circuit's test established in *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F3d 374 (5th Cir. 10/31/2002), is whether plaintiffs' cause of action relates to the Defendant's forum-related contacts. This cause involves allegedly defective drywall. Lifescape is not aware of any of business transaction having anything to do with Louisiana. (Exhibit "A"). Although Plaintiffs have made vague and generic allegations, Plaintiffs have no information or evidence to show that this litigation relates to any contacts with Louisiana by Lifescape. Plaintiffs do not even allege that Lifescape distributed drywall in Louisiana or constructed any residences or buildings in the State of

{B1122481}

Louisiana. Consequently, the Plaintiffs' cause of action cannot arise from or relate to these non-existent contacts.

### c) Exercising jurisdiction over Lifescape would violate the dictates of *International Shoe*.

Lastly, the Court must inquire into whether the exercise of jurisdiction in Louisiana would "offend traditional notations of fair play and substantial justice." *Id*; citing *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154. <u>Lifescape is not authorized to do, and has never done, any business in the State of Louisiana</u>. (Exhibit "A"). <u>Additionally, Lifescape has never advertised in any publications targeted to the State of Louisiana, has never received any business from any contracts entered into in Louisiana, does not maintain an office in Louisiana, and does not solicit business in Louisiana</u>. (Exhibit "A").

Lifescape incorporates all of the previous arguments and submits to this Court, that requiring them to defend a suit in state where they have absolutely no contacts, and the Plaintiffs have failed to establish any contact by Lifescape with the State of Louisiana, would "offer traditional notations of fair play and substantial justice." Furthermore, the burden and expense of litigation in Louisiana, and the expected heavy amount of travel from Alabama in order to defend the allegations in this complex litigation out weighs the benefit of exercising jurisdiction. See in general: *Felch v. Transportes Lar-Mex SA De CV*, 92 F.3d 320, 324 (5th Cir. 1996)(Wherein the Fifth Circuit announces the reasonableness factors discussed *infra*). While Louisiana has an interest in protecting its citizens, and Lifescape acknowledges this fact, Lifescape has

never directed any activity to the citizens of Louisiana (Exhibit "A"), and Plaintiffs must satisfy their prima facie showing prior to this Court considering Louisiana's interest in adjudicating this matter. Next, the Plaintiff may secure relief in a proper forum, other than the Eastern District of Louisiana. Lifescape is an Alabama Limited Liability Company with its principal place of business in Alabama. Lastly, the shared interests of the several states would be furthered by adhering to the long-held requirements that a Defendant maintain minimum contacts with a forum prior to being subject to the jurisdiction of that forum's courts.

For the reasons set forth above, the Plaintiffs have not satisfied their burden of proof in justifying this Court's exercise of jurisdiction over Lifescape under a specific analysis.

2) **General Jurisdiction.**

It is anticipated that the Plaintiffs will also argue that this Court should exercise jurisdiction over Lifescape even in the event that the cause of action did not arise out of Lifescape's contacts with Louisiana.

As previously set forth, where a cause of action does not arise out of a foreign Defendant's purposeful contacts with the forum, due process requires that the Defendant has engaged in the higher standard of "continuous and systematic contracts" in the forum to support the exercise "general" jurisdiction over that Defendant. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct 1969, 80 L.Ed2d 404 (1984).

{B1122481}

The Louisiana Eastern District addressed the issue of general jurisdiction in *Ollagues v. Kausharian*, 557 F.Supp. 2d 731 (E.D. La. 5/27/2008). In *Olagues*, the Eastern District stated that general jurisdiction may be exercised over a Defendant where the Defendant has "continuous and systematic general business contracts with the forum state." *Id*, at 738; citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 416. Consequently, the Plaintiffs would be subject to a higher burden of proving that Lifescape engaged in, "continuous and systematic" contacts. The *Olagues* court found, "**The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a Defendant and forum**." (Emphasis added). *Id*; citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). As discussed above 1) Lifescape has never transacted any business in the State of Louisiana, 2) Has never advertised in any publications targeted to the State of Louisiana, 3) Lifescape has never received any business from any contracts entered into in Louisiana, 4) It does not maintain any offices in Louisiana, and 5) Lifescape does not solicit any business in Louisiana. (Exhibit "A").

Further, even repeated contacts by Lifescape, which at all times is vehemently denied, with Louisiana, "may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Id.: Revell v. Lidov*, 317 F3d 467, 471 (5th Cir. 2002). Even if the Plaintiffs were able to establish some kind of random contact with the State of Louisiana, this Court has found that random, fortuitous, or attenuated contacts will not be sufficient for the Court to find that general jurisdiction exists. *Id* 738.

{B1122481}

### 3) Effect of These Proceedings As a Class Action or Multi-District Litigated Matter.

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on a class certification. *In Re: Train Derailment Near Amite, Louisiana on October 12, 2002; 2004 WL 224573(E.D. La. 2/3/2004)*. In that case, the Plaintiff brought suit against two railroad Defendants arising out of a train derailment in Louisiana. *Id.* at *1. The Plaintiff asserted individual and class claims. The Defendant asserted that it was not amenable to suit in Louisiana. In opposition, the Plaintiff asserted that the Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." *Id. at *1*. Following the analysis of jurisdiction, the Court concluded, "Finally, this Court is unpersuaded that the certification of a class in this case has any bearing on [the Defendant's] motion to dismiss for lack of personal jurisdiction. **The personal jurisdiction determination depends solely on [the Defendants] conduct in and contracts with the forum state**." *Id at *3*.

### B. The Eastern District of Louisiana is an improper forum for any claims brought against Lifescape.

Alternatively, should this court find that Lifescape is subject to personal jurisdiction, the Eastern District of Louisiana is not the proper forum for the claims against Lifescape.

{B1122481}

28 U.S.C.A. § 1404 states in pertinent part:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings *in rem* brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

Additionally, 28 U.S.C.A. §1406 states in pertinent part:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

As is discussed at length above, the Eastern District of Louisiana does not possess jurisdiction over Lifescape. Additionally, or in the alternative, the Eastern District of Louisiana is an improper venue for any and all claims brought against Lifescape. 1) Lifescape has never transacted any business in the State of Louisiana, 2) Never advertised in any publications targeted to the State of Louisiana, 3) Lifescape has never received any business from any contracts entered into in Louisiana, 4) Lifescape does not maintain any offices in Louisiana, and 5) Lifescape does not solicit any business in Louisiana. (Exhibit "A"). The Plaintiffs are unable to establish that any activities on behalf of Lifescape occurred in the State of Louisiana, that any of Lifescape's products ended in the forum, or that Lifescape is even subject to jurisdiction in this district. If this court does not

{B1122481}

dismiss the claims against Lifescape for lack of personal jurisdiction, the convenience of the parties and witnesses and interests of justice require a transfer of this case. Lifescape prays that this Honorable Court dismiss the Plaintiffs' claims against Lifescape, or transfer said claims to a venue where they could have originally been brought, namely Alabama.

## VI.  PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION, AND THEY DO NOT HAVE STANDING

Plaintiffs have not alleged any facts that link any defective drywall at issue with Lifescape; thus, their complaint is based on rank speculation that Lifescape is a proper Defendant. Consequently, Plaintiffs' complaint is due to be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) because it does not allege a cause of action against Lifescape. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The United States Supreme Court has recently revisited Federal Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, supra. In *Twombly*, the Court expressly overruled *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), insofar as *Conley* held that dismissal was not available "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 563. *Twombly* holds that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. (*See also Bausch & Lomb, Inc.*, 2007 WL 3046682 (D.S.C. Oct. 11, 2007), an MDL action, in which certain of the Plaintiff's claims were dismissed because they relied on conclusory statements that the Plaintiffs "have been

{B1122481}

monetarily injured" and did not provide factual allegations to support their legal conclusions).

In *Ashcroft v. Iqbal*, ____U.S. ____, 129 S.Ct. 1937, 1950 (2009), the United States Supreme Court stated that when evaluating the sufficiency of a complaint, a court must identify and disregard all unsupported legal conclusions, and determine whether the remaining factual allegations plausibly suggest the Defendant's liability, because "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Id* at 1950 citing *Bell Atlantic Corp. v. Twombly*, at 555. (*See also Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F. 3d 228, 230 (5th Cir. 2007)(*quoting Plotkin v. IP Axess, Inc.*, 407 F. 3d 690, 696 (5th Cir. 2005), in which the Fifth Circuit held that it does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

## VII. CONCLUSION

On December 9, 2009, Plaintiffs filed an "Omnibus Class Action Complaint I" naming Lifescape Builders LLC as a Defendant. (Rec. Doc. 1). However, Lifescape does not have minimum contacts within Louisiana sufficient to be subject to the jurisdiction of this Honorable Court. The Fifth Circuit is clear that when the jurisdiction of the Court over the Defendant is challenged, the burden rests with the Plaintiffs to prove there is personal jurisdiction. *Familia De Boom v. Arosa Mercantile, S.A.*, 629 F.2d 1134 (5th Cir. 1980). In the present matter, Lifescape has demonstrated to this Court

that the exercise of jurisdiction would be improper. In the alternative, Lifescape argues that venue is also improper in the Eastern District of Louisiana.

          Respectfully submitted,

          /s/ Philip G. Piggott
          Philip G. Piggott

          Attorney for Lifescape Builders, LLC.

OF COUNSEL:
Philip G. Piggott
William Anthony Davis, III
P. Andrew Laird, Jr. (#100273)
STARNES & ATCHISON, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL  35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099

* * ORAL ARGUMENT REQUESTED * *

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and electronic mail upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 3rd day of March, 2010.

          /s/ Philip G. Piggott
          OF COUNSEL

{B1122481}