2,8/0 /

P

Feb 22 2011
3:22PM

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF LOUISIANA

JOYCE W. ROGERS, individually, and )
on behalf of all other similarly situated, )
                                   )       MDL 09-2047
             Plaintiffs,        )
                                     )
vs.                                  )       CASE NO.: 2:10-cv-00362-EEF-JCW
                                     )
KNAUF GIPS KG, et al            )       **ORAL ARGUMENT REQUESTED**
                                     )
            Defendants.      )

## SECOND SUPPLEMENTAL MOTION TO DISMISS
## LIFESCAPE BUILDERS, LLC

      **COMES NOW**, Defendant designated as Lifescape Builders, LLC, and in response to the Complaint and Intervention filed by Roxanne Burey, et al. on December 6, 2010, and received by Lifescape Builders, LLC, on February 15, 2011, moves this Court for an Order of Dismissal due to lack of personal jurisdiction. Lifescape Builders, LLC files this supplemental Motion to Dismiss for the special purpose of objecting to personal jurisdiction and therefore moves this Court to enter an Order dismissing all claims against Lifescape Builders, LLC, in entirety, pursuant to Fed. R. Civ. P. 12(b)(2) and (3).

      On February 15, 2011, Lifescape Builders received a summons with regards to the Plaintiffs, Roxanne Burey, et al., in the above-class action complained in intervention (Exhibit B).

      Lifescape Builders adopts and reincorporates the previously Motion to Dismiss filed on July 16, 2010, with this Court (Exhibit A).

{B1260878}

**WHEREFORE, PREMISES CONSIDERED,** Lifescape respectfully requests this Court to dismiss Lifescape Builders, LLC entirely from this action.

**<u>DEFENDANT RESPECTFULLY REQUESTS ORAL ARGUMENT.</u>**

Respectfully submitted,

<u>/s/ Philip G. Piggott</u>
Philip G. Piggott

Attorney for Lifescape Builders, LLC.

<u>OF COUNSEL</u>:
Philip G. Piggott
William Anthony Davis, III
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL   35259-8512
Telephone:  (205) 868-6000
Fax:  (205) 868-6099

{B1260878}

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Second Supplemental Motion to Dismiss Lifescape Builders, LLC, has been served upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 22nd day of February, 2011.

/s/ Philip G. Piggott
OF COUNSEL

{B1260878}



36078210

Feb 22 2011
3:22PM

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF LOUISIANA

JOYCE W. ROGERS, individually, and )
on behalf of all other similarly situated, )
                                )      MDL 09-2047
        Plaintiffs,        )
                                  )
vs.                              )      CASE NO.: 2:10-cv-00362-EEF-JCW
                                  )
KNAUF GIPS KG, et al        )      **ORAL ARGUMENT REQUESTED**
                                  )
        Defendants.      )

## MOTION TO DISMISS LIFESCAPE BUILDERS, LLC

**COMES NOW**, Lifescape Builders, LLC ("Lifescape"), appearing solely for the limited and special purpose of objecting to personal jurisdiction in this forum and moves this Court to enter an Order dismissing all claims against Lifescape Builders, LLC, in their entirely pursuant to Fed. R. Civ. P. 12(b)(2) and (3). Lifescape is not subject to, nor has it submitted to, the Jurisdiction of this Court. The Eastern District of Louisiana is an improper venue for any proceeding against this Defendant. Lifescape submits herewith an accompanying Memorandum of Law in support of this motion.

**WHEREFORE, PREMISES CONSIDERED,** Lifescape respectfully requests this Court to dismiss Lifescape Builders, LLC entirely from this action.

## DEFENDANT RESPECTFULLY REQUESTS ORAL ARGUMENT.

[B1182319]

**EXHIBIT**

A

tabbies'

Respectfully submitted,


/s/ Philip G. Piggott
Philip G. Piggott

Attorney for Lifescape Builders, LLC.

OF COUNSEL:

Philip G. Piggott
William Anthony Davis, III
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL  35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Motion to Dismiss has been served upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 16th day of July, 2010.

/s/ Philip G. Piggott
OF COUNSEL

[D1182319]



Jul 16 2010
8:20AM

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF LOUISIANA

JOYCE W. ROGERS, individually, and )
on behalf of all other similarly situated, )
                              )    MDL 09-2047
      Plaintiffs,           )
                              )
vs.                           )    CASE NO.: 2:10-cv-00362-EEF-JCW
                              )
KNAUF GIPS KG; et al.       )    **ORAL ARGUMENT REQUESTED.**
                              )
                              )
      Defendants.        )

## LIFESCAPE BUILDERS, LLC'S MEMORANDUM
## OF LAW IN SUPPORT OF MOTION TO DISMISS

### I.    PROCEDURAL HISTORY

On March 15, 2010, an amended Omnibus Class Action Complaint (IV) (the "Complaint"), was brought in the name of Joyce W. Rogers, individually and on behalf of all other similarly situated, ("Plaintiff"), against multiple Defendants, including Lifescape Builders, LLC. The Complaint purports to assert multiple causes of action against Lifescape Builders, LLC, and demands a judgment for compensatory, statutory and punitive damages, along with injunctive relief.

### II.    BACKGROUND FACTS

This case includes numerous and varying claims arising out of the importation, installation, and use, of allegedly tainted drywall imported from China. Lifescape Builders, LLC is alleged to be a general contractor that has utilized potentially hazardous drywall. On March 15, 2010, Plaintiff filed an "Omnibus Class Action Complaint (i)"

{B1182321}

naming Lifescape Builders, LLC, and many other entities as Defendants. (Rec. Doc. 1). Lifescape Builders, LLC is correctly alleged to be an Alabama Limited Liability Company, with its principal place of business located in Jefferson County, Alabama. (Rec. Doc. 1).

As this Court is aware, this class action suit filed by the Plaintiffs is related to numerous other filings across the country, all arising out of similar allegations that certain drywall, imported from China, is potentially hazardous. It is believed that Lifescape Builders, LLC was named as a Defendant, as they are a general contractor that has allegedly utilized tainted drywall during the construction of certain property. However, as will then be demonstrated below, Lifescape Builders, LLC does not maintain minimum contacts with the State of Louisiana sufficient to allow jurisdiction by this Honorable Court. Accordingly, Lifescape Builders, LLC, moves this Court to issue an order dismissing the Plaintiff's Complaint against Lifescape Builders, LLC, for lack of personal jurisdiction, and/or improper venue.

A very few of the multitude of Plaintiffs reside in the State of Alabama. The Complaint contains no specific allegations against this specific Defendant with the exception of the statement contained in paragraph 628. (Complaint ¶628 In paragraph 628 of the Complaint, the Plaintiffs make the following vague and inaccurate allegations against Lifescape:

> 133. Defendant Lifescape Buildings, (sic), LLC is an entity or individual with a service address at Bruce C. Webster, 530 Beacon Pkwy, West, Suite 900, Birmingham, Alabama 35209. Defendant is organized under the laws of the State of Alabama. Defendant built certain subclass members' homes

{B1182321}

and, directly or through agents, installed defective drywall in
these homes, which has resulted in harm and damages to sub-
class members as described herein.

As is evidenced by the Affidavit of Sam G. Lowrey III ("Lowrey"), (which
Affidavit is attached hereto as Exhibit "A"), Lifescape Builders LLC's only place of
business is in Birmingham, Alabama. (Exhibit "A"). Lifescape Builders is a Limited
Liability Company and it has never had a location, nor transacted any business, outside
the State of Alabama (Exhibit "A"). Lifescape has never performed any business in the
State of Louisiana, never constructed any houses, or other properties in the State of
Louisiana, and more specifically has never made any sales or delivery of drywall in the
State of Louisiana, and has never purchased, supplied, or delivered any drywall to any
person or entity in the State of Louisiana. (Exhibit "A"). Moreover, as stated by Mr.
Lowrey:

- Lifescape has never sought a business license nor been licensed to conduct
  business in Louisiana, (Exhibit "A");

- Lifescape has never maintained a business listing, telephone number, or
  business address in Louisiana, (Exhibit "A");

- Lifescape has never owned any real property in Louisiana, (Exhibit "A");

- Lifescape has never maintained or operated any factories, warehouses, or
  offices in Louisiana, (Exhibit "A");

- Lifescape has never advertised in Louisiana, (Exhibit "A");

- Lifescape has never marketed or promoted sales of any products or
  properties in Louisiana, (Exhibit "A"); and

- Lifescape has never maintained bank accounts in Louisiana (Exhibit "A").

{B1182321}

- Lifescape has never received any business from any contracts entered into in Louisiana, whether individual customers or business customers (Exhibit "A").

## III.   CHOICE OF LAW

Because Plaintiffs have invoked federal jurisdiction, this Court must apply the substantive law of Louisiana and federal procedural law. *Erie RR Co. v. Tomkins*, 304 U.S. 64, 78-79 (1938); *Hanna v. Plumer*, 380 U.S. 460, 473 (1965). State substantive law includes Louisiana's choice of law principles. *Klaxon v. Stentor Electric. Mfg. Co.*, 313 U.S. 487, 496 (1941).

This Court has previously held that actions filed directly into an MDL in Louisiana "by citizens who reside in the MDL court's judicial district. . . would have been filed [in Louisiana], whether or not an MDL existed in [Louisiana]. In these cases, the MDL court must apply its own state law, that is, the law of the state in which it sits. It is undisputed that the MDL court has complete authority over every aspect of these cases." *In re VIOXX Products Liability Litigation*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007). Therefore, Louisiana law applies to this case.[1]

## IV.   STANDARD ON MOTION TO DISMISS

---

[1] Even if Alabama law applied, Lifescape is due to be dismissed for lack of personal jurisdiction, because both Louisiana's and Alabama's long-arm statutes extend due process to the fullest extent permitted by federal due process. *Davis v. Dempster*, 790 So.2d 43, 46 (La. App. 2000) *writ denied* 785 So.2d 830 (La. 2001); *Ex parte McInnis*, 820 So.2d 795 (Ala. 2001) *cert. denied* 535 U.S. 1077 (2002). *See e.g. In re Bausch & Lomb, Inc.*, 2007 WL 3046682 at 3 (D. S. C. Oct. 11, 2007) in which the court did not determine which substantive law applied, because there was no conflict among the states. *Id.* at *3.

{B1182321}

When considering this motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(2) and 12(b)(6), this Court must consider the allegations contained in the Plaintiff's complaint as true, unless those allegations are controverted by the Defendant's affidavit. *Thomas v. Kennedy*, 75 Fed. Appx. 281, 283-4 (5th Cir. 2003) (unpublished) citing *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 785 (5th Cir. 1990)(emphasis added).

## V.   THIS ACTION IS DUE TO BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

### A.   Under Louisiana's Long-Arm Statute, and Applicable Federal Law, Plaintiffs' Claims Must be Dismissed.

"In diversity actions. . . the law of the forum state, subject to the Constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over non-resident Defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F. 3d 389, 396 (5th Cir. 2001), citing *Southmark Corp. v. Life Investors, Inc.*, 851 2d 763, 722 n. 15 (5th Cir. 1988) and *Stuart v. Spademan*, 722 F. 2d 1158, 1189 (5th Cir. 1985).

The Louisiana Long-arm statute, La. R.S. 13:3201(A) and (B), describes the circumstances under which a Louisiana court may exercise personal jurisdiction over a non-resident Defendant such as Lifescape:

> A.   A court may exercise personal jurisdiction over a non-resident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the non-resident:
>
> (1)  Transacting any business in this state;
>
> (2)  Contracting to supply services or things in this state;

(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state;

(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

B.  In addition to the provision of Subsection A, <u>A court of this state may exercise personal jurisdiction over a non-resident on any basis consistent with the Constitution of this state and of the Constitution of the United States.</u>

(Emphasis added).

La. R.S. 13:3201(b) ensures that the long-arm jurisdiction of a Louisiana court extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So.2d 790, 792 (La. 1987). In *Superior Supply*, the court stated that under "the express terms of the present long-arm statute, the sole inquiry into jurisdiction over a non-resident is a one-step analysis of the constitutional due process requirements.  If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under the long-arm statute." *Id.* (Citing *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So. 2d 1188, 1192 (La. 1987). *See also*, *Puckett v. Advance Sports, Inc.*, No. 2009 CA 0507, 2009 WL 3430283 (La. App. 1 Cir. Oct. 26, 2009) at *4; *Thomas v. Kennedy, supra*, 75 Fed. Appx. at 283.

Initially, it is clear that when the jurisdiction of the Court over the Defendant is challenged, the burden rests with the Plaintiffs to prove there is personal jurisdiction.

{B1182321}

*Familia De Boom v. Arosa Mercantile S.A.*, 629 F.2d 1134 (5th Cir. 1980). Therefore, in the present matter, the burden rests with the Plaintiff to demonstrate to this Court that there is personal jurisdiction over Lifescape Builders, LLC. However, as will be demonstrated below, the Plaintiffs are unable to meet the burden of proof.

As this Court is aware, there are two types of analysis that are applied to issues of jurisdiction, "specific" and "general". When the cause of action arises out of a Defendant's purposeful contacts with the forum, the appropriate consideration is "specific" jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed., 2d 490 (1980). Where a cause of action does not arise out of a foreign Defendant's purposeful contacts with the forum, however, due process requires that the Defendant has engaged in "continuous and systematic contacts", and the forum to support the exercise of "general" jurisdiction over that Defendant. *See Helicopteros Nacionales de Colombia, S.A., the Hall*, 466 U.S. 408, 104, S.Ct. 1968 (80 L.Ed.2d 404 (1984)). Essentially, "general jurisdiction" requires a higher level of contact with the forum to support jurisdiction over the Defendant. However, as detailed below, Lifescape Builders, LLC it not subject to the jurisdiction of this Honorable Court under either a specific or general jurisdictional analysis.

### 1)    Specific Jurisdiction

The Fourteenth Amendment's Due Process Clause protects a Defendant's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contracts. *Nuove Pignone, SpA v. Storman Asia M/V*, 310 F.3d

{B1162321}

374, 378 (5th Cir. 10/31/2002); citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66

S.Ct. 154, 90 L.Ed. 95 (1945).

The Fifth Circuit has clarified that when determining whether a court may assert

jurisdiction over a non-resident Defendant there are two components. *Dalton v. R&W*

*Marine, Inc.*, 897 F.2d 1359, 1360 (5th Cir. 4/13/1990). Initially, the Defendant must be

amenable to Service of process under the forum state's jurisdictional long-arm statute.

*Id.* Second, the exercise of jurisdiction must comport with the Due Process Clause of the

Fourteenth Amendment. *Id*; *See, Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985).

Louisiana's long-arm statute, La. R.S. 13:3201, provides in pertinent part,

A. A court may exercise personal jurisdiction over a non-resident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the non-resident:

(1) Transacting any business in this state.

(2) Contracting to supply services or things in this state.

(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

{B1182321}

"In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a non-resident on any basis consistent with the constitution of this state and of the Constitution of the United States." La. R.S. 13:3201(B).

Accordingly, under the applicable case law and the Louisiana long-arm statute the proper analysis is whether exercising jurisdiction would violate the Due Process clause. The pertinent consideration regarding jurisdiction over Lifescape is whether Lifescape has "certain minimum contracts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"   *See International Shoe Co. v. Washington*, 326 U.S. at 316 (citations omitted).

The Fifth Circuit has developed a three-part test in order to determine whether jurisdiction is appropriate under the Due Process Clause and *International Shoe. Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 10/31/2002). First, the Court analyzes whether the Defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there.   Second, the appropriate inquiry is whether the plaintiff's cause of action arises out of, or results from, the Defendant's forum-related contacts.   The last consideration is whether the exercise of personal jurisdiction if fair and reasonable.

      a)    **Lifescape did not purposefully direct its activities toward Louisiana.**

In order to determine whether Lifescape has minimum contacts with Louisiana, the Court, "must identify some act whereby [Lifescape] 'purposely avail[ed] itself of the

privilege of conducting activities [there], thus invoking the benefits and protections of its laws.'" *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469-470 (5th Cir. 1/25/2006). In other words, Lifescape's conduct must show that it "reasonably anticipates being haled into Court" in Louisiana. *Id.* at 470 (1980). However, **Lifescape has not committed any act to show that it reasonably anticipates being haled into court in Louisiana, and the burden is on the plaintiffs to prove to the contrary.**

Plaintiffs are unable to meet their burden of proof as established by this Court and the United States Fifth Circuit. As stated above, Lifescape has never transacted any business in the State of Louisiana. (Exhibit "A"). Lifescape has not targeted any of its activities towards the State of Louisiana. (Exhibit "A"). Plaintiffs have not established any fact to the contrary, and it is their burden to make such a showing to this Court.

      b)    **Plaintiffs' Claims do not arise out of any contact with Louisiana by Lifescape.**

The second inquiry under the Fifth Circuit's test established in *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F3d 374 (5th Cir. 10/31/2002), is whether plaintiffs' cause of action relates to the Defendant's forum-related contacts. This cause involves allegedly defective drywall. Lifescape is not aware of any of business transaction having anything to do with Louisiana. (Exhibit "A"). Although Plaintiffs have made vague and generic allegations, Plaintiffs have no information or evidence to show that this litigation relates to any contacts with Louisiana by Lifescape. Plaintiffs do not even allege that Lifescape distributed drywall in Louisiana or constructed any residences or buildings in the State of

Louisiana. Consequently, the Plaintiffs' cause of action cannot arise from or relate to these non-existent contacts.

**c)** <u>Exercising jurisdiction over Lifescape would violate the dictates of *International Shoe*.</u>

Lastly, the Court must inquire into whether the exercise of jurisdiction in Louisiana would "offend traditional notations of fair play and substantial justice." *Id*; citing *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154.  <u>Lifescape is not authorized to do, and has never done, any business in the State of Louisiana.</u>  (Exhibit "A"). <u>Additionally, Lifescape has never advertised in any publications targeted to the State of Louisiana, has never received any business from any contracts entered into in Louisiana, does not maintain an office in Louisiana, and does not solicit business in Louisiana.</u> (Exhibit "A").

Lifescape incorporates all of the previous arguments and submits to this Court, that requiring them to defend a suit in state where they have absolutely no contacts, and the Plaintiffs have failed to establish any contact by Lifescape with the State of Louisiana, would "offer traditional notations of fair play and substantial justice." Furthermore, the burden and expense of litigation in Louisiana, and the expected heavy amount of travel from Alabama in order to defend the allegations in this complex litigation out weighs the benefit of exercising jurisdiction. See in general: *Felch v. Transportes Lar-Mex SA De CV*, 92 F.3d 320, 324 (5th Cir. 1996)(Wherein the Fifth Circuit announces the reasonableness factors discussed *infra*).  While Louisiana has an interest in protecting its citizens, and Lifescape acknowledges this fact, Lifescape has

{B1192321}

never directed any activity to the citizens of Louisiana (Exhibit "A"), and Plaintiffs must satisfy their prima facie showing prior to this Court considering Louisiana's interest in adjudicating this matter. Next, the Plaintiff may secure relief in a proper forum, other than the Eastern District of Louisiana. Lifescape is an Alabama Limited Liability Company with its principal place of business in Alabama. Lastly, the shared interests of the several states would be furthered by adhering to the long-held requirements that a Defendant maintain minimum contacts with a forum prior to being subject to the jurisdiction of that forum's courts.

For the reasons set forth above, the Plaintiffs have not satisfied their burden of proof in justifying this Court's exercise of jurisdiction over Lifescape under a specific analysis.

      2)    **General Jurisdiction.**

It is anticipated that the Plaintiffs will also argue that this Court should exercise jurisdiction over Lifescape even in the event that the cause of action did not arise out of Lifescape's contacts with Louisiana.

As previously set forth, where a cause of action does not arise out of a foreign Defendant's purposeful contacts with the forum, due process requires that the Defendant has engaged in the higher standard of "continuous and systematic contracts" in the forum to support the exercise "general" jurisdiction over that Defendant. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct 1969, 80 L.Ed2d 404 (1984).

{B1182321}

The Louisiana Eastern District addressed the issue of general jurisdiction in *Ollagues v. Kausharian*, 557 F.Supp. 2d 731 (E.D. La. 5/27/2008). In *Ollagues*, the Eastern District stated that general jurisdiction may be exercised over a Defendant where the Defendant has "continuous and systematic general business contracts with the forum state." *Id*, at 738; citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 416. Consequently, the Plaintiffs would be subject to a higher burden of proving that Lifescape engaged in, "continuous and systematic" contacts. The *Ollagues* court found, "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a Defendant and forum." (Emphasis added). *Id*; citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). As discussed above 1) Lifescape has never transacted any business in the State of Louisiana, 2) Has never advertised in any publications targeted to the State of Louisiana, 3) Lifescape has never received any business from any contracts entered into in Louisiana, 4) It does not maintain any offices in Louisiana, and 5) Lifescape does not solicit any business in Louisiana. (Exhibit "A").

Further, even repeated contacts by Lifescape, which at all times is vehemently denied, with Louisiana, "may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Id.*: *Revell v. Lidov*, 317 F3d 467, 471 (5th Cir. 2002). Even if the Plaintiffs were able to establish some kind of random contact with the State of Louisiana, this Court has found that random, fortuitous, or attenuated contacts will not be sufficient for the Court to find that general jurisdiction exists. *Id* 738.

3)   **Effect of These Proceedings As a Class Action or Multi-District Litigated Matter.**

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on a class certification. *In Re: Train Derailment Near Amite, Louisiana on October 12, 2002; 2004 WL 224573(E.D. La. 2/3/2004).* In that case, the Plaintiff brought suit against two railroad Defendants arising out of a train derailment in Louisiana. *Id.* at *1. The Plaintiff asserted individual and class claims. The Defendant asserted that it was not amenable to suit in Louisiana. In opposition, the Plaintiff asserted that the Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." *Id. at *1.*   Following the analysis of jurisdiction, the Court concluded, "Finally, this Court is unpersuaded that the certification of a class in this case has any bearing on [the Defendant's] motion to dismiss for lack of personal jurisdiction. **The personal jurisdiction determination depends solely on [the Defendants] conduct in and contracts with the forum state.**" *Id at *3.*

B.    **The Eastern District of Louisiana is an improper forum for any claims brought against Lifescape.**

Alternatively, should this court find that Lifescape is subject to personal jurisdiction, the Eastern District of Louisiana is not the proper forum for the claims against Lifescape.

{B1182321}

28 U.S.C.A. § 1404  states in pertinent part:

    (a)    For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

    (b)    Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.  Transfer of proceedings *in rem* brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

Additionally, 28 U.S.C.A. §1406 states in pertinent part:

    (a)    The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

As is discussed at length above, the Eastern District of Louisiana does not possess jurisdiction over Lifescape.  Additionally, or in the alternative, the Eastern District of Louisiana is an improper venue for any and all claims brought against Lifescape.  1) Lifescape has never transacted any business in the State of Louisiana, 2) Never advertised in any publications targeted to the State of Louisiana, 3) Lifescape has never received any business from any contracts entered into in Louisiana, 4) Lifescape does not maintain any offices in Louisiana, and 5) Lifescape does not solicit any business in Louisiana.  (Exhibit "A").  The Plaintiffs are unable to establish that any activities on behalf of Lifescape occurred in the State of Louisiana, that any of Lifescape's products ended in the forum, or that Lifescape is even subject to jurisdiction in this district.  If this court does not

{B1182321}

dismiss the claims against Lifescape for lack of personal jurisdiction, the convenience of the parties and witnesses and interests of justice require a transfer of this case. Lifescape prays that this Honorable Court dismiss the Plaintiffs' claims against Lifescape, or transfer said claims to a venue where they could have originally been brought, namely Alabama.

## VI.   PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION, AND THEY DO NOT HAVE STANDING

Plaintiffs have not alleged any facts that link any defective drywall at issue with Lifescape; thus, their complaint is based on rank speculation that Lifescape is a proper Defendant. Consequently, Plaintiffs' complaint is due to be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) because it does not allege a cause of action against Lifescape. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The United States Supreme Court has recently revisited Federal Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, supra. In *Twombly*, the Court expressly overruled *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), insofar as *Conley* held that dismissal was not available "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 563. *Twombly* holds that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. (*See also Bausch & Lomb, Inc.*, 2007 WL 3046682 (D.S.C. Oct. 11, 2007), an MDL action, in which certain of the Plaintiff's claims were dismissed because they relied on conclusory statements that the Plaintiffs "have been

monetarily injured" and did not provide factual allegations to support their legal conclusions).

In *Ashcroft v. Iqbal*, _____U.S. _____, 129 S.Ct. 1937, 1950 (2009), the United States Supreme Court stated that when evaluating the sufficiency of a complaint, a court must identify and disregard all unsupported legal conclusions, and determine whether the remaining factual allegations plausibly suggest the Defendant's liability, because "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Id* at 1950 citing *Bell Atlantic Corp. v. Twombly*, at 555. (*See also Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F. 3d 228, 230 (5th Cir. 2007)(*quoting Plotkin v. IP Axess, Inc.*, 407 F. 3d 690, 696 (5th Cir. 2005), in which the Fifth Circuit held that it does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

## VII.   CONCLUSION

On March 15, 2010, Plaintiffs filed an "Omnibus Class Action Complaint" naming Lifescape Builders LLC as a Defendant. (Rec. Doc. 1). However, Lifescape does not have minimum contacts within Louisiana sufficient to be subject to the jurisdiction of this Honorable Court. The Fifth Circuit is clear that when the jurisdiction of the Court over the Defendant is challenged, the burden rests with the Plaintiffs to prove there is personal jurisdiction. *Familia De Boom v. Arosa Mercantile, S.A.*, 629 F.2d 1134 (5th Cir. 1980). In the present matter, Lifescape has demonstrated to this Court that the exercise of

jurisdiction would be improper.  In the alternative, Lifescape argues that venue is also improper in the Eastern District of Louisiana.

Respectfully submitted,

/s/ Philip G. Piggott
Philip G. Piggott

Attorney for Lifescape Builders, LLC.

OF COUNSEL:
Philip G. Piggott
William Anthony Davis, III
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL  35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099

**\* \* ORAL ARGUMENT REQUESTED \* \***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Motion to Dismiss has been served upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 16th day of July, 2010.

/s/ Philip G. Piggott
OF COUNSEL

{B1182321}

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

JOYCE W. ROGERS, individually, and )
on behalf of all other similarly situated, )
                                          )        MDL 09-2047
            Plaintiffs,                   )
                                          )
vs.                                       )        CASE NO.: 2:10-cv-00362-EEF-JCW
                                          )
KNAUF GIPS KG; et al.                     )        ORAL ARGUMENT REQUESTED
                                          )
                                          )
            Defendants.                   )

## AFFIDAVIT OF SAMUEL G. LOWREY, III

STATE OF ALABAMA            )

JEFFERSON COUNTY            )

BEFORE ME, the undersigned authority, in for said county and state, appeared Samuel G. Lowrey, III, who, after being duly sworn by me under oath, deposes and states as follows:

1.      My name is Samuel G. Lowery III, and I am the Project Manager of Lifescape Builders, Inc., LLC ("Lifescape"). I am over the age of nineteen (19), and I have personal knowledge of the matters and facts stated herein.

2.      I make this affidavit in connection with the lawsuit styled *Sean and Beth Payton, et al. v. Knauf GIPS KG, et al.*, (hereinafter the "lawsuit") filed in the United

[B1182325]

States District Court for the Eastern Division of Louisiana as Civil Action No.: 2:10-cv-00362-EEF-JCW, and assigned MDL No.: 09-2047, Section L.

3.     Lifescape is a Limited Liability Corporation, and its only place of business is in Jefferson County, Alabama.

4.     I am a custodian of Lifescape's business records, which Lifescape maintains in the regular course of Lifescape's business.

5.     Lifescape is a general contractor, and it has never had an office outside of Jefferson County, Alabama.

6.     Lifescape's business records confirm that it has never purchased, sold, delivered, or supplied drywall to any person or entity in the State of Louisiana.

7.     Lifescape has never sought a business license in the State of Louisiana, or been licensed to conduct business in the State of Louisiana.

8.     Lifescape has never maintained a business listing, telephone number, or business address in the State of Louisiana.

9.     Lifescape has never owned, built or sold any real property in the State of Louisiana.

10.    Lifescape has never maintained or operated any factories, warehouses, or offices in the State of Louisiana.

{B1182325}

11.     Lifescape has never advertised in the State of Louisiana.

12.     Lifescape has never marketed or promoted sales of any products or really estate in the State of Louisiana.

13.     Lifescape has never maintained bank accounts in Louisiana.

14.     Lifescape has never advertised in any publications either targeted to the State of Louisiana, or in any way intended to draw business from any potential customers in Louisiana.

15.     Lifescape has never received any business from any contracts in Louisiana, whether individual customers or business customers.

16.     Lifescape does not and has never solicited any business or transacted any business in Louisiana.

FURTHER AFFIANT SAITH NOT.

Dated this the _15th_ day of July, 2010.

Lifescape Builders, Inc., LLC

By: _____

Samuel G. Lowrey, III
Project Manager

[B1182325]

STATE OF ALABAMA            )

JEFFERSON COUNTY            )

   I *Jennifer L. Yates* in and for said county and state, hereby certify that
**Samuel G. Lowrey, III** whose name as Project Manager of **Lifescape Builders, Inc.,
LLC,** is signed to the foregoing document, and who is known to me, acknowledged
before me on this day that, being informed of the contents thereof, he, as such officer and
with full authority, executed the same voluntarily for and as the act of said corporation.

   Given under my hand and official seal, this the *15th* day of July, 2010.

                                    *Jennifer L. Yates*
                                    NOTARY PUBLIC

(SEAL)

                        My Commission Expires: *5-14-12*

[B1182325]

## LexisNexis File & Serve Transaction Receipt

| | |
|---|---|
| **Transaction ID:** | 32168409 |
| **Submitted by:** | Phil Piggott, Starnes & Atchison LLP |
| **Authorized by:** | Phil Piggott, Starnes & Atchison LLP |
| **Authorize and file on:** | Jul 16 2010 8:20AM CDT |

| | |
|---|---|
| **Court:** | LA US District Court Eastern District E-Service-Chinese Drywall |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Civil-Products Liability-Chinese Drywall |
| **Case Type:** | Chinese Drywall-All Cases |
| **Case Number:** | MC MDL 2047 |
| **Case Name:** | In re: Chinese Manufactured Drywall Products Liability Litigation |

| | |
|---|---|
| **Transaction Option:** | Serve Only - Public |
| **Billing Reference:** | 27937 |
| **Read Status for e-service:** | Not Purchased |

**Documents List**
**3 Document(s)**

**Attached Document, 2 Pages   Document ID: 31414074**                    PDF Format  |  Original Format

| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
|---|---|---|---|
| Motion | Public | $0.00 | |

**Document title:**
Motion to Dismiss Lifescape Builders, LLC

**Attached Document, 18 Pages   Document ID: 31414099**                    PDF Format  |  Original Format
Related Document ID: 31414074

| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
|---|---|---|---|
| Brief | Public | $0.00 | |

**Document title:**
Lifescape Builders, LLC's Memorandum of Law in Support of Motion to Dismiss

**Attached Document, 4 Pages   Document ID: 31414113**                    PDF Format  |  Original Format
Related Document ID: 31414074

| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
|---|---|---|---|
| Affidavit | Public | $0.00 | |

**Document title:**
Affidavit of Samuel G. Lowrey, III

Expand All

⊞ Sending Parties (1)

⊞ Recipients (496)

⊞ Service List (496)

⊟ Additional Recipients (0)

⊞ Case Parties

[ Close ]

 **LexisNexis**

About LexisNexis | Terms & Conditions | Privacy | Customer Support - 1-888-529-7587
Copyright © 2010 LexisNexis®, a division of Reed Elsevier Inc. All rights reserved.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

FEB 15 2011

Joyce W. Rogers, et al )
)
_____ )
*Plaintiff* )
v. )    Civil Action No.  10-362 Section L
Knauf Gips KG, et al )
)
_____ )
*Defendant* )

### SUMMONS IN A CIVIL ACTION

Complaint in
Intervention IV(B)

To: *(Defendant's name and address)*  LifeScape Buildings, LLC
1000 URBAN CENTER DRIVE STE 300
BIRMINGHAM, AL 35242

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT  Loretta G. Whyte

Date:  January 14, 2011   _____
*Signature of Clerk or Deputy Clerk*



EXHIBIT
B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

JOYCE W. ROGERS, et al.

               Plaintiffs,

      v.

KNAUF GIPS KG, et al.

CASE NO.: 10-362

PLAINTIFFS', ROXANNE BUREY, et. al.,
OMNIBUS CLASS ACTION COMPLAINT IN INTERVENTION (IV(B))

Pursuant to Fed. R. Civ. P. 23, the Intervening Plaintiffs in this action bring suit on behalf of themselves and all other similarly situated owners and residents of real properties containing defective Chinese manufactured drywall that was manufactured, imported, exported, brokered, distributed, delivered, supplied, marketed, inspected, installed, or sold by the Defendants.

Intervening Plaintiffs have intervened in *Rogers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.), since they are absent class members in that action. As absent class members, Intervening Plaintiffs are similarly situated to the *Rogers* plaintiffs and the defendants named in the *Rogers* complaint are liable to the Intervening Plaintiffs. Intervening Plaintiffs incorporate and adopt the substantive allegations of the *Rogers* complaint ¶¶ 1-6, and 529-838 herein by reference.

The Intervening Plaintiffs seek to be class representatives for the class identified in *Rogers*. Additionally, Intervening Plaintiffs are also seeking to be class representatives for certain of the subclasses identified in the *Rogers* complaint. The *Rogers* Defendants who are aligned with Intervening Plaintiffs are liable to Intervening Plaintiffs for their role in the design, manufacture, importing, distributing, delivery, supply, marketing, inspecting, installing, or sale of the defective drywall at issue in this litigation. Finally, Intervening Plaintiffs assert claims against Knauf Insulation GmbH (referred to in MDL 2047 as Knauf Insulation USA) for its role in the distribution,

delivery, supply, marketing, and sale of the defective drywall at issue in this litigation.

Each of the Intervening Plaintiffs are identified in the chart below.  This chart provides all

pertinent information regarding the Intervening Plaintiffs (*i.e.*, their names, the addresses of the

subject properties, the citizenship of the Intervening Plaintiffs, and the subclasses (if any) in which

the Intervening Plaintiffs are seeking to participate as class representatives):

| INTERVENING PLAINTIFFS | | | | |
|---|---|---|---|---|
| PLAINTIFF(S) | ADDRESS OF SUBJECT PROPERTY | CITIZENSHIP OF PLAINTIFF(S) | SUBCLASS APPLICATION TO PLAINTIFF(S) | SUBCLASS NO. |
| 1. Barbee, Kathleen and Marissa (PREVIOUSLY INCLUDED IN OMNI IV(A)) | 1948 NE 5ᵗʰ Street Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Group Development, LLC | 38<br><br>39 |
| 2. Burey, Roxanne (PREVIOUSLY INCLUDED IN OMNI I AND IV) | 1942 NE 5ᵗʰ Street Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Group Development, LLC | 38<br><br>39 |
| 3. Callaway, Mona and Julian | 1132 SW Kickaboo Road Port St. Lucie, FL 34953 | FL | Venus Street, LLC | 117 |
| 4. Cheng, Nicky Mei-Wen | 160 Belle Grove Lane Royal Palm Beach, FL 33411 | FL | Ilovstone Properties Florida, LLC | 61 |
| 5. Comaze-FL, LLC | 390 NE 34ᵗʰ Terrace Homestead, FL 33033 | FL | Carribean Custom Builders and Developers | 29 |
| 6. Delva, Kesnel | 3928 SW 52ⁿᵈ Avenue, Bldg. F, Apt #5 Pembroke Park, FL 33023 | FL | Gregan Construction Corp. | 52 |
| 7. Dickens, Faith (PREVIOUSLY INCLUDED IN OMNI I AND IV) | 1966 NE 5ᵗʰ Street Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Group Development, LLC | 38<br><br>39 |

| INTERVENING PLAINTIFFS | | | | | |
|---|---|---|---|---|---|
| PLAINTIFF(S) | | ADDRESS OF SUBJECT PROPERTY | CITIZENSHIP OF PLAINTIFF(S) | SUBCLASS APPLICATION TO PLAINTIFF(S) | SUBCLASS NO. |
| 8. | Elkins, Joseph (PREVIOUSLY INCLUDED IN OMNI I AND IV) | 1850 NE 5th Street Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Group Development, LLC | 38<br><br>39 |
| 9. | Flood, Brian (PREVIOUSLY INCLUDED IN OMNI I(A)) | 124 Big Black Drive Kissimmee, FL 34759 | NY | L&W Supply Corporation d/b/a Seacoast Supply Company | 8 |
| 10. | Fox, Selena and Paul | 3002 SW 23rd Avenue Cape Coral, FL 33914 | FL | Al Brothers, Inc. | 125 |
| 11. | Joseph, David and Pamela | 514 NW Dover Court Port St. Lucie, FL 33983 | Fl | | |
| 12. | Keddo, Terriano (PREVIOUSLY INCLUDED IN OMNI IV) | 1984 NE 5th Street Boynton Beach, Fl 33435 | FL | Cornerstone Group<br><br>Cornerstone Group Development, LLC | 38<br><br>39 |
| 13. | Lagano, Sasha (PREVIOUSLY INCLUDED IN OMNI I AND IV) | 1990 NE 5th Street Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Group Development, LLC | 38<br><br>39 |
| 14. | Licatta, Dominick (PREVIOUSLY INCLUDED IN OMNI IV) | 1710 NE 6th Street Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Development Group, LLC | 38<br><br>39 |
| 15. | Lichtenberger, Andres (PREVIOUSLY INCLUDED IN OMNI IV) | 3182 Lamb Court Miami, FL 33133 | FL | B&E Construction Miami Corp.<br><br>Gomez Interiors, Inc.<br><br>Banner Supply Co. | 22<br><br>133<br><br>6 |
| 16. | Litwin, Benjamin (PREVIOUSLY INCLUDED IN OMNI IV) | 1960 NE 5th Street Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Development Group, LLC | 38<br><br>39 |
| 17. | Pereira, Fernanda (PREVIOUSLY INCLUDED IN OMNI I AND IV) | 1765 NE 12th Street Ft. Lauderdale, FL 33304 | FL | Cabot Homes<br><br>Edweward Development Company, LLC | 27<br><br>46 |

3

| INTERVENING PLAINTIFFS | | | | | |
|---|---|---|---|---|---|
| PLAINTIFF(S) | | ADDRESS OF SUBJECT PROPERTY | CITIZENSHIP OF PLAINTIFF(S) | SUBCLASS APPLICATION TO PLAINTIFF(S) | SUBCLASS NO. |
| 18. | Philias, Roldry (PREVIOUSLY INCLUDED IN OMNI IV(A)) | 1802 NE 5th Street Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Development Group, LLC | 38<br><br>39 |
| 19. | Pons, Lakendra (PREVIOUSLY INCLUDED IN OMNI IV) | 1702 NE 6th Street Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Development Group, LLC | 38<br><br>39 |
| 20. | Quigley, Shannon (PREVIOUSLY INCLUDED IN OMNI IV(A)) | 1954 NE 5th Street Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Development Group, LLC | 38<br><br>39 |
| 21. | Reck, Robert (PREVIOUSLY INCLUDED IN OMNI IV) | 1818 NE 5th Street, Unit 1406 Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Development Group, LLC | 38<br><br>39 |
| 22. | Silver, Stacey (PREVIOUSLY INCLUDED IN OMNI IV) | 613 NW 25th Avenue Boynton Beach, FL 33426 | FL | Cornerstone Group<br><br>Cornerstone Development Group, LLC | 38<br><br>39 |
| 23. | Simms, Troy and Carrie (PREVIOUSLY INCLUDED IN OMNI I AND IV) | 3180 Lamb Court Coconut Grove, FL 33133 | VA | B&E Construction Miami, Corp.<br><br>Gomez Interiors, Inc.<br><br>Banner Supply Co. | 22<br><br>133<br><br>2 |
| 24. | Strickland, Melissa and James | 3264 Silverado Circle Green Cove Springs, FL 32043 | FL | Adams Homes of Northwest Florida, Inc.<br><br>L&W Supply Corporation d/b/a Seacoast Supply Company | 15<br><br>8 |
| 25. | Trotman, Shonae (PREVIOUSLY INCLUDED IN OMNI I AND IV) | 1826 NE 5th Street Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Development Group, LLC | 38<br><br>39 |
| 26. | Tucker, Joseph and Deborah (PREVIOUSLY INCLUDED IN OMNI I) (Being intervened into both Omni I and IV) | 2285 SW Plymouth Street Port St. Lucie, FL 34983 | FL | Groza Builders | 55 |

4

| INTERVENING PLAINTIFFS | | | | | |
|---|---|---|---|---|---|
| PLAINTIFF(S) | | ADDRESS OF SUBJECT PROPERTY | CITIZENSHIP OF PLAINTIFF(S) | SUBCLASS APPLICATION TO PLAINTIFF(S) | SUBCLASS NO. |
| 27. | Virden, David (PREVIOUSLY INCLUDED IN OMNI I AND IV) | 1200 N. Victoria Park Ft. Lauderdale, FL 33304 | FL | Cabot Homes<br><br>Edweaard Development Company, LLC | 27<br><br>46 |
| 28. | Waite, Leeford S. | 3928 SW 52 Avenue #4 Pembroke P ark, FL 33023 | FL | Gregan Construction Corp. | 52 |
| 29. | Wright, Stephen (PREVIOUSLY INCLUDED IN OMNI IV) | 1726 NE 6th Street Boynton Beach, FL 33435 | FL | Cornerstone Group<br><br>Cornerstone Development Group, LLC | 38<br><br>39 |
| 30. | Zbikowski, Richard Kowaleski, Lois | 7584 Bristol Circle Naples, FL 34120 | NY | Waterways Joint Venture, IV, LLC | 120 |

## ALLEGATIONS REGARDING DEFENDANT KNAUF INSULATION GmbH

1.      Defendant Knauf Insulation GmbH (referred to in MDL 2047 as Knauf Insulation USA) is a foreign corporation with a principal place of business in Shelbyville, Indiana.

2.      By information and belief, Knauf Insulation is a subsidiary of Knauf GIPS KG. Knauf Insulation acted as an agent for Knauf GIPS KG and other Knauf entities lending assistance and participating in the promotion, distribution, marketing, and sale of the drywall at issue in this litigation to American suppliers. Accordingly, Knauf Insulation was responsible for the drywall at issue in the case being imported, distributed, delivered, supplied, inspected, marketed and/or sold. This conduct by Knauf Insulation has resulted in harm and damages to Plaintiffs.

## DEMAND FOR JURY TRIAL

Intervening Plaintiffs, individually and on behalf of the Class and Subclass Members, hereby demand a trial by jury as to all issues so triable as a matter of right.

5

## PRAYER FOR RELIEF

WHEREFORE Intervening Plaintiffs, on behalf of themselves and all others similarly situated demand upon Defendants jointly and severally for:

a.   an order certifying the case as a class action;

b.   an order certifying the Class and each of the Subclasses;

c.   an order appointing Plaintiffs as the Class Representatives of the Class;

d.   an order appointing undersigned counsel and their firms as counsel for the Class;

e.   compensatory and statutory damages;

f.   punitive damages as allowed by law;

g.   pre and post-judgment interest as allowed by law;

h.   injunctive relief;

I.   an award of attorneys' fees as allowed by law;

j.   an award of taxable costs; and

k.   any and all such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: October 5, 2010

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue

6

New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel - MDL 2047*

PLAINTIFFS' STEERING COMMITTEE

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

7

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
  & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

8

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

OF COUNSEL TO PLAINTIFFS' STEERING
COMMITTEE
Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W.
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

9

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com


COUNSEL FOR INDIVIDUAL PLAINTIFFS[1]


Baron & Budd; Alters, Boldt, Brown, Rash & Culmo; and
Shapiro, Blasi, Waserman & Gora, PA
*Counsel on Behalf of the Following Individual Plaintiffs:*

Barbee, Kathleen and Marissa                Comaze-FL, LLC
Burey, Roxanne                              Dickens, Faith
Callaway, Mona and Julian                   Elkins, Joseph

---

[1]Attached hereto as Exhibit "A" is the contact information for each plaintiff's counsel.

10

Flood, Brian
Keddo, Terriano
Lagano, Sasha
Licatta, Dominick
Lichtenberger, Andres
Litwin, Benjamin
Pereira, Fernanda
Philias, Roldry
Potts, Lakendra

Quigley, Shannon
Reck, Robert
Silver, Stacey
Simms, Troy and Carrie
Trotman, Shonae
Tucker, Joseph and Deborah
Virden, David
Wright, Stephen

### Parker Waichman, Alonso, LLP,
*Counsel on Behalf of the Following Individual Plaintiffs:*

Cheng, Nicky Mei-Wen
Delva, Kesnel
Fox, Selena and Paul
Joseph, David and Pamela
Waite, Leeford S.
Zbikowski, Richard
Kowaleski, Lois

### Shapiro, Blasi, Waserman & Gora, PA,
*Counsel on Behalf of the Following Individual Plaintiffs:*

Strickland, Melissa and James

*Joyce W. Rogers, et al. v. Knauf Gips, KG, et al. - 10-362*

Exhibit "A"–Plaintiffs' Counsel Contact Information in
Plaintiffs', Roxanne Burey, *et al.*,
Omnibus Class Action Complaint in Intervention (IV(B))

| PLAINTIFF'S COUNSEL |
|---|
| Jeremy Alters<br>Alters Boldt Brown Rash & Culmo<br>4141 Northeast 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8558<br>jeremy@abbrclaw.com |
| Bruce Steckler<br>Baron & Budd<br>3102 Oak Lawn Avenue<br>Suite 1100<br>Dallas, TX  75219-4281<br>Phone: (214) 521-3605<br>Fax: (214) 520-1181<br>hflowers@baronbudd.com |
| Jerrold Parker<br>Jordan L. Chaikin<br>April S. Goodwin<br>Parker, Waichman, Alonso LLP<br>3301 Bonita Beach Road<br>Bonita Springs, FL 34134<br>Phone: (239) 390-1000<br>Fax: (239) 390-0055<br>Jchaikin@yourlawyer.com |

Michael B. Shapiro
Allison Grant
Shapiro, Blasi, Wasserman & Gora, PA
Corporate Centre at Boca Raton
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Phone: (561) 477-7800
Fax: (561) 477-7722
agrant@sbwlawfirm.com