**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) MDL No. 2047 ) ) SECTION: L ) |
| THIS DOCUMENT RELATES TO: Payton, et al. v. Knauf Gips, KG, et al. Case No. 09-cv-7628 | ) ) JUDGE FALLON ) MAG. JUDGE WILKINSON ) ) ) |

**MEMORANDUM IN SUPPORT OF INDIVIDUAL PLAINTIFF DORIS C. HODGSON'S STATEMENT NOTING DEATH OF INDIVIDUAL PLAINTIFF ROBERT M. HODGSON AND MOTION TO SUBSTITUTE PROPER PARTY**

COMES NOW, Individual Plaintiff Doris C. Hodgson by and through undersigned counsel and in accordance with Rule 25(a) of the Federal Rules of Civil Procedure and Local Rule 7.4, files this Memorandum in Support of Individual Plaintiff Doris C. Hodgson's Statement Noting Death of Individual Plaintiff Robert M. Hodgson and Motion to Substitute Proper Party and states as follows:

1.  Individual Plaintiffs, Robert M. Hodgson and Doris C. Hodgson, husband and wife and resident citizens of the state of Alabama, were named as Individual Plaintiffs in Payton, et al. v. Knauf Gips, KG, et al. Case No. 09-cv-7628 via Omnibus Class Action Complaint in Intervention I-C (document 6651, filed on December 15, 2010), asserting numerous claims relating to the presence of Chinese-Manufactured Drywall in their home in Baldwin County, Alabama.

    2.     Robert M. Hodgson died on or about January 3, 2011, and the Probate Court of Baldwin County, Alabama issued Letters Testamentary appointing Doris C. Hodgson, Philip M. Hodgson and Kimberly Hodgson Jardine as Personal Representatives of the estate of the deceased (Letters Testamentary are attached hereto as Exhibit A).

    3.     Rule 25(a) of the Federal Rules of Civil Procedure states:

> (a) DEATH
>
> (1) *Substitution if the Claim Is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) *Continuation Among the Remaining Parties*. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) *Service*. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a).

    4.     Alabama's "survival statute," Ala. Code 1975, § 6-5-462 provides:

> In all proceedings not of an equitable nature, <u>all claims upon which an action has been filed</u> and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, <u>survive in favor of</u> and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representative of a deceased tort-feasor.

Ala. Code 1975, § 6-5-462 (emphasis added).

5.    Because this action had been filed at the time of Mr. Hodgson's death, his claims survive in favor of the personal representatives under Alabama law.  Consequently, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, the individually named plaintiff in this action Robert M. Hodgson is due to be substituted by the personal representatives as set forth herein who are now the proper parties in this action.

WHEREFORE, In accordance with Rule 25(a) of the Federal Rules of Civil Procedure, Plaintiff moves the Court to substitute "Doris C. Hodgson, Philip M. Hodgson and Kimberly Hodgson Jardine as Personal Representatives of the Estate of Robert M. Hodgson, deceased", as the proper parties to this action in place of individually named plaintiff Robert M. Hodgson.

Respectfully submitted,

/s/R. Tucker Yance
R. TUCKER YANCE (Ala.Bar#: ASB-9775-H71Y)
YANCE LAW FIRM, LLC
169 Dauphin Street suite 318
Mobile, AL  36602
(251) 432-8003
(251) 432-8009 FAX
rty@yancelaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing MEMORANDUM IN SUPPORT OF INDIVIDUAL PLAINTIFF DORIS C. HODGSON'S STATEMENT NOTING DEATH OF INDIVIDUAL PLAINTIFF ROBERT M. HODGSON AND MOTION TO SUBSTITUTE PROPER PARTY has been served on Plaintiffs' Liaision Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of April, 2011.

                                        /s/R. Tucker Yance
                                        R. TUCKER YANCE (Ala.Bar#: ASB-9775-H71Y)