UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: Payton, et al. v. Knauf GIPS KG, et al., | |
| Case No. 2:09-cv-07628 (E.D.La.) | MAG. WILKINSON |

## MOTION TO DISMISS COMPLAINT IN INTERVENTION I(B) AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the undersigned on behalf of Defendant Zamora Corporation ("Zamora") and pursuant to the Federal Rules of Civil Procedure and hereby files Zamora's Motion to Dismiss the Complaint in Intervention I(B) against it and also files its memorandum of law in support of said Motion and as grounds therefore would state as follows:

1. Zamora has been sued in this class action as a builder, specifically under subclass #436 of the complaint.

2. Zamora makes a request for this Court to take Judicial Notice pursuant to Rule 201 (b), Federal Rules of Evidence, of the decision in the 15th Circuit in and for Palm Beach County, Florida where Judge Glenn Kelley ruled that builders cannot be held liable for negligence for faulty drywall installed during home construction if they did not have actual or implied notice of a defect in the drywall at the time of construction. Said Judge's ruling is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned and accordingly, judicial notice of the law established in the Palm Beach County case should be considered by this Court when determining whether the complaint's allegations against Zamora serve to potentially make it liable. *See Briggs v. Newberry Court School District, 838 F.Supp. 232 (D.S.C. 1992), aff'd, 989 F.2d 491 (4th Cir. 1993).*

3. Alternatively, should this Court not be inclined to take judicial notice under Rule 201(b), then it should adopt Judge Kelley's decision and find that since Zamora had no knowledge of potential drywall defects at the time of

    construction, the Complaint in Intervention against it has no merit and should be dismissed.

4. Inasmuch as Zamora had no knowledge whatsoever of any potential drywall defects at the time of construction, it should not be a defendant in this matter and the complaint in intervention against it should be dismissed.

WHEREFORE, the undersigned respectfully requests that this Court enter an order granting the Motion made herein and providing any other relief that the Court deems just and appropriate.

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss Complaint in Intervention I(B) and Incorporated Memorandum of Law has been served on Plaintiff's liason counsel, Russ Herman and Defendant's liason counsel, Kerry Miller via e-mail and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established by MDL 2047, on this _19_ of _April_, 2011.

                                          Rafael dJ. Pozo
                                          Law Offices, Rafael dJ. Pozo, P.A.
                                          P.O. Box 835155
                                          Miami Florida 33283
                                          305 443 4773
                                          305 596 0204 fax

                                          _____
                                          By: Rafael dJ. Pozo, Esq.
                                          Florida Bar No. 982075

Cc: Alina Zamora, via e-mail