UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED          :    MDL NO. 2047
DRYWALL PRODUCTS LIABILITY            :
LITIGATION                            :    SECTION:   L
-----------------------------------------------------------x
THIS DOCUMENT RELATES TO:             :    JUDGE FALLON
                                      :
PAYTON (09-7628)                      :    MAG. JUDGE WILKINSON
-----------------------------------------------------------x
```

**KNAUF PLASTERBOARD (TIANJIN) CO. LTD.'S
MEMORANDUM IN SUPPORT OF ITS
<u>MOTION FOR RELIEF FROM PRE-TRIAL ORDER 1(B)</u>**

Knauf Plasterboad (Tianjin) Co., Ltd. ("KPT") submits this memorandum in support of its motion for an order relieving them from the requirements of Pre-Trial Order 1(B) ("PTO 1(B)") to the extent those requirements pertain to approximately 48,000 sheets of drywall currently being stored in a warehouse in Fort Lauderdale, Florida.  As set forth below, the drywall in question has been documented by all parties, so its disposal would not amount to spoliation of the evidence or prejudice to any party.

Roughly 48,000 sheets of allegedly defective KPT drywall has been stored in a warehouse in Fort Lauderdale, Florida for several years ("the Ft. Lauderdale drywall"). Thousands of dollars have been incurred in rental expenses for the warehouse.

As the Court is aware, PTO 1(B) requires the preservation of physical evidence from "properties that may be repaired by the parties during the course of the litigation."  Thus, it is arguable that KPT is not bound by the terms of PTO 1(B) since it is not seeking to dispose of

1

drywall taken out of a home in litigation. However, out of an abundance of caution, KPT seeks an Order from the Court allowing the disposal of the drywall. This motion and memorandum also puts all MDL parties on notice of the warehouse, its contents and the disposal plan.

During the course of the litigation, the parties to the litigation inspected and photographed the drywall. Thus, evidence of the identification and quantity of the Ft. Lauderdale drywall has been gathered and obtained by all interested parties. At this point, the physical evidence has been preserved, and PTO 1B has functioned as it was intended to: the Ft. Lauderdale drywall has been identified, the quantity has been determined and the evidence has been documented by photographs. Because all evidence from the Ft. Lauderdale drywall has been preserved by photographic evidence, the disposal of the drywall will not amount to a destruction of evidence or result in prejudice to any party. There is also no reason to incur thousands of dollars in continued rental expenses each month to store the drywall.

Moreover, the disposal of the drywall will be performed in accordance with all applicable federal, state & local laws regarding disposal of Chinese drywall.

## **CONCLUSION**

Because PTO 1B has functioned as intended, KPT's motion for relief from PTO 1B should be granted, and it should be allowed to dispose of the Ft. Lauderdale drywall at its own expense.

WHEREFORE, Knauf Plasterboard (Tianjin) Co., Ltd. prays for an order granting its motion for relief, whereby it can dispose of the Ft. Lauderdale drywall and return control of the warehouse to its owner.

Respectfully Submitted,

By: /s/ Kyle A. Spaulding
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for the Knauf Plasterboard (Tianjin) Co., Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Plaintiffs' Liaison Counsel, by email, and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was e-filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047 on this 19th day of April, 2011.

/s/ Kyle A. Spaulding