UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047 SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES _____/ | JUDGE FALLON MAG. JUDGE WILKINSON |

## BANNER SUPPLY COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER CONCERNING MULTIPLE 30(B)(6) DEPOSITIONS

Defendant Banner Supply Company ("Banner") files this Reply in Support of its Motion for Protective Order Concerning Multiple 30(b)(6) Depositions and in reply to Taylor Morrison Services, Inc.'s Opposition to Banner's Motion.

The Plaintiffs' Steering Committee ("PSC") recently cross-noticed the deposition of Banner's corporate representative under Fed. R. Civ. P. 30(b)(6) despite having already deposed that <u>same representative</u> on the <u>same topics</u>[1] almost a year ago. Taylor Morrison Services, Inc., ("TM") also filed its own cross notice.

Taylor Morrison argues that it is entitled to proceed with the 30(b)(6) deposition of Banner because it did not participate in any of the prior Banner (30)(b)(6) depositions. But Taylor Morrison has been party to the MDL proceeding since its inception and was afforded *the opportunity* to depose Banner's corporate representative on the topics listed on its recent notice back in May 2010; therefore, Taylor Morrison's unilateral decision to forego asking questions at

---

[1] The PSC claims that its second notice of deposition to Banner Supply Company includes topics that were not included in the first notice to Banner. Although omission of a topic in the initial notice of deposition is irrelevant for purposes of determining whether the rules permit a party to be deposed repeatedly, the PSC's position is factually incorrect. The broad deposition topics in the PSC's first notice covered all the topics in the PSC's second notice, as further explained in Banner's briefs addressing the PSC's second notice of deposition to the same entity.

the prior deposition, which was noticed in the MDL, does not entitle it to another deposition of Banner.  Indeed, the rule speaks of depositions "in the case" rather than a party's participation in the deposition.  Fed. R. Civ. P. 30(a)(2)(A)(ii).  What matters is whether a party (here Banner Supply Company) has been deposed in a case, not whether a party (here Taylor Morrison) chose to ask questions in that deposition.  Id.  And because Banner's 30(b)(6) representative was already deposed in this case, no party is entitled to another deposition of Banner without leave of court, which Taylor Morrison has not even requested.  Thus, Taylor Morrison is not entitled to a second 30(b)(6) deposition of Banner regardless of whether it participated in the first Banner deposition.  Otherwise, if the rule were as Taylor Morrison wishes, Banner could be deposed in the MDL hundreds if not thousands of times by the thousands of parties.

 Next, Taylor Morrison claims that it is entitled to depose Banner because the Court recently allowed Taylor Morrison to intervene in the Vickers case.  But the Court's Order clearly limited Taylor Morrison's right to intervene "for the limited purposes of negotiating a potential class-wide settlement with, among other parties, Banner and its affiliates."  (Doc. 8397, p. 11).  Accordingly, for this additional reason Taylor Morrison cannot participate in discovery by virtue of its limited intervention.  Moreover, if parties such as Taylor Morrison that chose not to participate in Banner's deposition when it took place were permitted to do so again because of the maneuverings of an MDL, deponents could be tied up in depositions over the same subject matter for months.

 Finally, Taylor Morrison claims that it intends to cover only new topics with Banner— including a secret topic that it will disclose only to the Court.  But the rule does not permit "secret" topics that are first sprung on the deponent corporation during the deposition; the rule specifically states that the noticing party "must describe with reasonable particularity the matters

2

for examination." Fed. R. Civ. P. 30(b)(6). This enables the other party to designate the witness with the most knowledge of that subject. Accordingly, even if Taylor Morrison had a basis for Banner to be re-deposed, which it does not, it should have identified and disclosed all such topics in its notice. The Federal Rules were specifically designed to avoid litigation by ambush.

For these reasons, and those stated in Banner's initial brief, Banner Supply Company should not be re-deposed .

Respectfully submitted, this 22nd day of April, 2011.

> **WEINBERG, WHEELER, HUDGINS,**
> **GUNN & DIAL, LLC**
>
> /s/ *Stephen J. Rapp*
> **STEPHEN J. RAPP**
> Georgia Bar Number: 103806
> 3344 Peachtree Road, Suite 2400
> Atlanta, GA  30326
> Telephone (404)876-2700
> srapp@wwhgd.com
> ***Counsel for Banner Supply Company***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Banner Supply Company's Reply in Support of Its Motion for Protective Order Concerning Multiple 30(b)(6) Depositions has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 22nd day of April, 2011.

> **WEINBERG, WHEELER, HUDGINS,**
> **GUNN & DIAL, LLC**
>
> /s/ *Stephen J. Rapp*
> **STEPHEN J. RAPP**