UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES<br>_____/ | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

### BANNER SUPPLY COMPANY'S REPLY TO THE PSC'S RESPONSE AND MEMORANDUM IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER CONCERNING MULTIPLE 30(B)(6) DEPOSITIONS

Defendant Banner Supply Company ("Banner") files this Reply to the Plaintiff Steering Committee's Response in Opposition to Banner's Motion for Protective Order Concerning Multiple 30(b)(6) depositions.

The PSC boldly asserts that Banner "omits several material facts" in its Motion, but the PSC ignores the exhibits attached to the Motion, which disclose and render indisputable Banner's grounds why it should not be deposed again by the PSC. For example, the PSC argues that Banner did not disclose that the deposition was initially noticed by a non-PSC firm in a Florida state case. Banner omitted no such fact as evidenced by the notice of deposition *attached* as Exhibit A to Banner's Motion. Moreover, the PSC's contentions are simply wrong.

The PSC argues that because its most-recent notice is supposedly not duplicative of the earlier one, the PSC is entitled to depose Banner again. Although the topics covered in the prior deposition are irrelevant for purposes of a second 30(b)(6) deposition of the same entity, the PSC's position is factually incorrect. A clear reading of the topics contained in the prior notice—rather than the summary of categories cherry-picked by the PSC—indicates that the

prior topics on which Banner was deposed subsumed virtually all the subsequent, more-specific notices. For example, one of the topics listed on the PSC's notice before Banner's deposition was:

> The full extent of your knowledge concerning Chinese drywall or Chinese-manufactured drywall or suspected Chinese-manufactured drywall sold, supplied, or distributed by you that was installed in **any** home between 2001 and the present.

(Ex. B to Banner's Motion, ¶ 16) (emphasis added). It is difficult to conceive of a more all-encompassing topic, and this subject area would certainly encompass the more specific topics identified in the re-notice to the same corporate deponent. (Exhibit A to Banner's Motion). Other examples reflecting that the notices are for a deposition on duplicative topics abound and are readily discernible even upon cursory review of the two exhibits.

Regardless, the PSC's argument misses the point. The scope of the prior deposition is not determinative; instead, the simple fact that the deposition of Banner's corporate representative was already taken precludes another such deposition solely by filing a second notice. Fed. R. Civ. P. 30(a)(2)(A)(ii). The PSC simply dismisses the plain language of the rule and again claims that because the proposed deposition will allegedly cover different topics, it can unilaterally send a notice and re-depose Banner without leave. The rule could hardly be more clear, however; Court permission is required before Banner can be deposed yet again. This Court has made clear at least a dozen times in open court that the parties need to coordinate because the deposition of a party will take place only once. If the PSC had its way, Banner and others in this case would be subject to hundreds of depositions because the PSC or others could simply claim that they omitted some topic from the previous notices of deposition.[1]

---

[1] Banner concedes that in certain instances an initial deposition may be limited by Court order and, therefore, a deponent may be subject to an additional deposition, but that is not the case in this dispute.

Accordingly, the Court should quash the PSC's cross-notice of deposition, issue an order prohibiting any additional 30(b)(6) depositions of Banner, and award such other relief as the Court deems appropriate.

Respectfully submitted, this 22nd day of April, 2011.

> **WEINBERG, WHEELER, HUDGINS,**
> **GUNN & DIAL, LLC**
>
> /s/ *Stephen J. Rapp*
> **STEPHEN J. RAPP**
> Georgia Bar Number: 103806
> 3344 Peachtree Road, Suite 2400
> Atlanta, GA  30326
> Telephone (404)876-2700
> npanayo@wwhgd.com
> ***Counsel for Banner Supply Company***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Banner Supply Company's Reply to the PSC's Response and Memorandum in Opposition to Motion for Protective Order Concerning Multiple 30(b)(6) Depositions has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 22nd day of April, 2011.

> **WEINBERG, WHEELER, HUDGINS,**
> **GUNN & DIAL, LLC**
>
> /s/ *Stephen J. Rapp*
> **STEPHEN J. RAPP**