

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Apr 12 2011
2:45PM

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

/

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Defendants Banner Supply Co., Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, Banner Supply Company Tampa, LLC, and Banner Supply International, LLC, by and through their counsel of record, are causing the attached subpoena to be served upon the following to produce the items listed therein at the time and place specified in the subpoena:

COASTAL CONDOMINIUMS OF PALM BEACH, INC.
Attn: CORPCO, INC., REGISTERED AGENT
2699 SOUTH BAYSHORE DRIVE
7TH FLOOR
MIAMI, FLORIDA 33133

Respectfully submitted this 12th day of April, 2011.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Shubhra R. Mashelkar
SHUBHRA R. MASHELKAR, ESQUIRE
Georgia Bar Number: 475388
smashelkar@wwhgd.com
3344 Peachtree Road
Suite 2400
Atlanta, GA 30326
Telephone (404)876-2700
*Counsel for Banner Supply Company*



AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| Chinese-Manufactured Drywall Products Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL No. 2047 |
| | ) | |
| This Applies to All Cases | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Louisiana   ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Coastal Condominiums of Palm Beach, Inc. c/o Corpco, Inc., Registered Agent
2699 South Bayshore Drive, 7th Floor, Miami, Florida 33133

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC<br>3344 Peachtree Road, NE, Suite 2400<br>Atlanta, Georgia 30326 | Date and Time:<br>5:00 PM, Friday, April 22, 2011 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 4/12/11

CLERK OF COURT

_____   OR   _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Banner Supply Company
See Exhibit A, attached. _____, who issues or requests this subpoena, are:
Shubhra R. Mashelkar, Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, Suite 2400, Atlanta, Georgia 30326, Telephone: 404-876-2700, Email: SMashelkar@wwhgd.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL No. 2047

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED        MDL DOCKET: 2047
DRYWALL PRODUCTS LIABILITY         SECTION: L
LITIGATION

                                   JUDGE FALLON
THIS DOCUMENT RELATES TO           MAG. JUDGE WILKINSON
ALL CASES
_____/

## EXHIBIT A TO SUBPOENA

### DEFINITIONS

A. "Document" as used herein has the full extent of its meaning as provided in Rule 34 of Federal Rules of Civil Procedure and includes any written, drawn, recorded, transcribed, filed or graphic matter, however produced or reproduced, and any drafts, revisions or amendments thereof. This includes, but is not limited to all writing or papers of every kind including, but not limited to, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, contracts, warranties, punchlists, self-sticking removable notes, telegrams, e-mails, teletypes, telefax, canceled checks, check stubs, invoices, receipts, ticket stubs, maps, pamphlets, notes, charts, tabulations, analyses, photographs, statistical or informational accumulation, audits and associated work papers, any kinds of records, film impressions, magnetic tape, video tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them) and copies of documents which are not identical duplicates of the originals because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in the Plaintiffs' possession, custody or control.

B. "Home" as used herein means the building in which allegedly defective drywall is or was installed, and which is the subject of this litigation. Specifically, the term "Home" or "Home" refers to the following property:

> Property Owner: TAREK AND ANDREA LOUTFY
> Address: 1660 RENAISSANCE COMMONS BOULEVARD, UNIT 2424
> BOYNTON BEACH, FLORIDA 33426

C. "Banner" as used herein means Banner Supply Co., Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, Banner Supply Company Tampa, LLC, and/or Banner Supply International, LLC.

## DOCUMENTS REQUESTED

1. All documents concerning, evidencing or relating to the drywall installed in the Home, including the brand of drywall, the manufacturer of the drywall, any markings on the drywall, the person or entity who installed the drywall, the date of installation, the person or entity who supplied the drywall, the approximate date it was supplied, and the number of defective drywall boards in the Home.

2. All documents concerning, evidencing or relating to your work on the Home, including, but not limited to, the contract, plans, specifications, submittals and responses thereto, purchase orders, pick tickets, delivery tickets, bills of lading and addenda thereto.

3. All documents concerning, evidencing or relating to the original construction of the Home, including, but not limited to, the construction contract, performance bonds, permits, plans, specifications, subcontracts, submittals and responses thereto, insurance policies, inspection cards, request for information and representation, appliance list and addenda thereto.

4. All documents concerning, evidencing or relating to the construction or renovation of the Home, including information such as the date(s) of construction and/or renovation, the homebuilder, contractor, or developer who performed the construction and/or renovation, and the part(s) of the Home that was renovated.

5. All documents concerning, evidencing or relating to any upgrades in the Home, including, but not limited to, receipts, warranties, and documents evidencing the date(s) the items were purchased.

6. All documents concerning, evidencing or relating to any appliances in the Home, including, but not limited to, receipts, warranties and documents evidencing the date(s) the appliances were purchased.

7. All documents concerning, evidencing or relating to any action you have taken to mitigate any damages to the Home, including, but not limited to, investigating, testing, cleaning, repairing, or replacing any element(s) of the Home or personal property contained therein.

8. All documents confirming the existence of defective drywall in the Home.

9. All documents concerning, evidencing or relating to any ordering, purchasing and delivery of the drywall used in the construction of the Home.

10. All blueprints, diagrams, drawings, maps, charts, specifications or plans concerning, supporting, evidencing, referring or relating to the Home and the location of the allegedly defective drywall in the Home.

11. All pictures concerning, evidencing or relating to the allegedly defective drywall in the Home, including, but not limited to, pictures of the drywall and/or any items allegedly damaged by the drywall.

12. All documents concerning, evidencing or relating to any defects of the drywall, including, but not limited to, its alleged smell, its chemical composition, its emission of chemicals into the air, and/or its effect on personal property.

13. All documents that support any claims of wrongdoing or misfeasance on the part of Banner in this action.

14. All contracts or agreements, including all amendments and modifications thereto, by and between you and Banner.

15. All documents reflecting when and how you first became aware of any problems associated with the drywall in the Home.

16. All documents which represent or reflect any repair work or remediation work conducted on the Home.

17. All documents which represent or reflect any lawsuits filed against you relating to Chinese drywall.

18. All documents reflecting the manufacturer(s) of the Chinese drywall in the Home.

19. All documents which reflect the original construction costs for your scope of work on the Home.

20. All contracts or agreements between you and any contractor, subcontractor, installer, builder, developer, and/or supplier who performed work on the construction of the Home.

21. All documents sufficient to demonstrate the building layout and architecture for the Home.

22. All documents sufficient to show the building materials used in the construction of the Home, including but not limited to, cabinetry, countertops, bathroom fixtures, flooring or any custom requests by the homeowner(s).

23. All documents which represent or reflect the cost to repair/remediate each Home containing Chinese drywall, including the consideration of varying building codes, building costs, personal property, building materials and other variable which may depend upon the condition of each Home.

24. All contracts or other agreements with any drywall installer or drywall contractor utilized in connection with the construction of any Home containing Chinese drywall.

Requested by Counsel for Defendants Banner Supply Co., Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, Banner Supply Company Tampa, LLC, Banner Supply International, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail; and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, in accordance with the procedures established in MDL 2047, on this 12th day of April, 2011.

/s/ Shubhra R. Mashelkar
SHUBHRA R. MASHELKAR