UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED          MDL DOCKET: 2047
DRYWALL PRODUCTS LIABILITY           SECTION: L
LITIGATION

                                     JUDGE FALLON
**THIS DOCUMENT RELATES TO:**        MAG. JUDGE WILKINSON
*Vickers, et al v. Knauf Gips KG, et al*
EDLA 09-04117
*Payton, et al v. Knauf Gips KG, et al*
EDLA 09-0762
_____/

**CERTAIN DEFENDANT BANNER ENTITIES' MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE HOMEBUILDERS' FACT WITNESS LISTS**

Banner Supply Company, Banner Supply Company Pompano, Banner Fort Myers LLC, Banner Supply Company Tampa, and Banner Supply International (hereinafter collectively referred to as "Banner"), file this Memorandum in Support of their Motion to Strike Homebuilders' fact witness lists in *Vickers v. Knauf Gips KG* and *Payton v. Kanuf Gips KG*, which were filed by the following homebuilders: Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation (collectively, "Lennar"); Taylor Morrison Services, Inc. f/k/a Morrison Homes, Inc. and Taylor Woodrow Communities at Vasari, LLC (collectively, "Taylor"); Meadows of Estero-Bonita Springs LP ("Meadows"); and ATCO Interior Corp (ATCO) (hereinafter collectively referred to as "Homebuilders").[1]

---

[1] Notably, Homebuilder Completed Communities II, LLC, Centerline Homes at Georgetown, LLC, Briella Townhomes, LLC, and Centerline Homes Construction, Inc. (collectively, "Centerline") have not filed fact witness lists, presumably intentionally since the deadline for doing so has long passed.

**PRELIMINARY STATEMENT**

Banner moves the Court to strike Homebuilders' fact witness lists from the record. The Court permitted Lennar and Taylor to intervene but only for the "limited purposes of negotiating a potential class-wide settlement with, among other parties, Banner and its affiliates." *See* Order and Reasons, p.11. Meadows' Motion to Intervene has not been ruled upon.[2] Moreover, ATCO never filed a Motion to Intervene in either the *Vickers* or *Payton* cases, and that the deadline for making such a filing was March 14, 2011 (over a month ago). *Id.* at p. 3. Finally, Homebuilders should not be allowed to participate for all purposes in the class certification hearing at this late date, as to allow them to do so would work a significant prejudice against Banner, which simply should not be permitted.[3]

**BACKGROUND**

The Court issued its Scheduling Order on March 29, 2011, which superseded its previously issued Scheduling Order and Amended Scheduling Order. *See* Scheduling Order, p. 1. This Scheduling Order, which serves as the roadmap for all parties to this litigation, set forth a comprehensive list of deadlines for the class certification process. April 8, 2011 was the deadline for Plaintiffs and Defendants to designate their fact witnesses in this case. *Id.* at pp. 3, 5.

This Court issued its Order and Reasons in response to Taylor, Centerline, Lennar, and the Mitchell Company, Inc.'s ("Mitchell") Motions to Intervene on March 25, 2011. *See* Order

---

[2] Meadows filed a Motion to Intervene in *Vickers*, but at the time that the Court issued its Order and Reasons, the Motion had not yet been set for a hearing. *See* Orders and Reason, p. 6, FN 3. The Court noted that it "will consider the arguments raised by Banner and resolve this Motion on the briefs in due time." (*Id.*). Banner has filed its Opposition to Meadow's Motion to Intervene on March 21, 2011. *See* Banner's Opposition to Motion to Intervene, (DOC # 8284). To date, the Court has not yet ruled on Meadows' Motion to Intervene.

[3] Meadows and ATCO submitted their witness lists after the deadline for designating witnesses, as prescribed by the Court in its March 29, 2011 Second Amended Order (Scheduling Order re: Hearings for Class Certification) (hereinafter "Scheduling Order"). *See* Scheduling Order, p. 4. As such, these Homebuilders have also failed to comply with the Court's Scheduling Order.

2

and Reasons. The Court correctly noted that Banner did not oppose the intervention of the Homebuilders for the sole purpose of settlement discussions, but that it did oppose their intervention for purposes of the class settlement hearing. *Id.* at p.6. The Court also correctly noted Banner's argument that permitting the Homebuilders' intervention for all matters would delay the date of the class certification hearing. *Id*. The Court granted Taylor, Centerline, and Lennar's Motions to Intervene in *Vickers*, and limited Taylor and Lennar's intervention for the purpose of negotiating a potential class-wide settlement. *Id.* at p. 11.

Four Homebuilders recently filed fact witness lists:

1. Lennar filed with the Court its fact witness list for the *Vickers* case on April 8, 2011, despite the fact that the Court expressly limited Lennar's intervention to the purpose of negotiating for settlement. Lennar's fact witness list identifies four (4) fact witnesses that it "may call to testify (by live testimony, deposition or prior testimony) at the class certification hearing." *See* Lennar's Fact Witness List, p. 1.

2. Taylor filed with the Court its amended fact witness list for the *Vickers* case on April 15, 2011, despite the fact that the Court expressly limited Taylor's intervention to the purpose of negotiating for settlement. Taylor's amended fact witness list identifies approximately twenty (20) fact witnesses that it "may call to testify at the class certification hearing, either by live testimony or deposition." *See* Taylor's Amended Fact Witness List, p. 1.

3. Meadows filed with the Court its fact witness list for the *Vickers case* on April 19, 2011, despite the fact that the Court has yet to rule on this Meadow's Motion to Intervene. Meadows' fact witness list identities approximately thirty-two (32) fact witnesses that it "may call to testify at the class certification hearing, either by live testimony or deposition." *See* Meadows' Fact Witness List, p. 1.

4. ATCO filed with the Court its fact witness list on April 12, 2011, despite the fact that ATCO never filed a Motion to Intervene in either the *Vickers* or *Payton* cases. ATCO's fact witness list identifies three (3) fact witnesses that "may be called at the Class Certification hearing to provide testimony live or by designation of prior deposition or trial testimony." *See* ATCO's Fact Witness List, p. 1.

In total, these Homebuilders have designated over fifty-seven (57) fact witnesses at this late stage of the class certification process. Other Homebuilders, such as Centerline, in keeping

3

with the Court's limitation concerning intervention, did not file a witness list. Centerline has confirmed that it interprets the Court's Order to permit only a limited intervention, as Banner does, and therefore it would not respond to discovery on class certification issues related to its homes at this stage. (*See* Email exchange with Centerline's counsel, attached as Exhibit "A").

## ARGUMENT

The class certification Scheduling Order entered over Defendants' objections is quite aggressive, and parties to the *Vickers* and *Payton* cases face extremely tight deadlines in the coming months. In approximately 120 days, on August 23, 2011, the Motions to Certify Class Actions will be heard. Prior to this hearing, it will be necessary for Banner to:

1. Propound additional written discovery upon the designated class representatives;
2. Attend the inspections of Plaintiffs' homes;
3. Attend the fact witness depositions regarding five (5) class member properties;
4. Evaluate the reports of Plaintiffs' experts;
5. Take the depositions of Plaintiffs' experts;
6. Produce Banner's experts' reports;
7. Defend the Plaintiffs' depositions of Banners' experts;
8. Prepare and file multiple Memorandums in Opposition to Motions to Certify Class Actions;
9. Prepare and file multiple *Daubert* challenges;
10. Prepare and file lists of exhibits, witnesses and designated deposition testimony that may be used at the class certification hearing;
11. Confer with Plaintiffs and prepare and file a joint agenda and proposed procedure for the class certification hearing; and
12. Prepare for and attend a pre-hearing conference.

Additionally, Banner will continue its good-faith negotiations with the various parties with the goal of obtaining a settlement.

As demonstrated, the above-referenced deadlines weigh heavily on Banner's time and resources. Banner has been working diligently on the discovery process, drafting briefs and

4

attending hearings relating to the class certification process. The Homebuilders have designated over fifty-seven (57) fact witnesses at this late stage of the class certification process. Allowing the Homebuilders to fully participate in this process at the proverbial eleventh hour will only serve to derail Banner's diligent efforts in the class certification process, as it will force Banner to divert its limited resources away from the roadmap that has been so set-forth by the Court in its Scheduling Order. Allowing the Homebuilders to participate will also necessitate a great deal of additional discovery and depositions, making the Scheduling Order virtually impossible to keep. The Homebuilders' actions (with the exception of Centerline), overstep the bounds of the Court's Order limiting the scope of the intervention and are prejudicial to Banner. In addition, their actions will tax the Court's valuable resources. To date, most of these Homebuilders have not filed a complaint against Banner in the cases in which they filed their witness lists. Taylor has also served extensive discovery in connection with the class certification process and would like to add to the clogged deposition schedule.

The Homebuilders apparently presume that they have the right to insert themselves into the class certification process by intervening for purposes that contravene the Court's Order. It must also be noted that Meadows and ATCO's witness lists were untimely filed after the April 8, 2011 deadline. If the Court is to uphold its Order and Reasons and Scheduling Order in this matter, it must strike the Homebuilders' fact witness lists.

## **CONCLUSION**

For the foregoing reasons, Banner respectfully requests that the Court enforce its Orders and strike the Homebuilders' fact witness lists.

**[SIGNATURE OF COUNSEL ON NEXT PAGE]**

Respectfully submitted, this 22nd day of April, 2011.

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**

 */s/ Nicholas P. Panayotopoulos*
**NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**
Georgia Bar Number: 560679
3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Telephone (404)876-2700
npanayo@wwhgd.com
*Counsel for Banner Supply Company*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Certain Banner Entities' Memorandum in Support of Its Motion to Strike Homebuilders' Fact Witness Lists** has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 22nd day of April, 2011.

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**

 */s/ Nicholas P. Panayotopoulos*
**NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**