UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL No. 2047** |
| | **SECTION L** |
| | **JUDGE FALLON** |
| **THIS DOCUMENT RELATES TO: ALL CASES** | **MAG. JUDGE WILKINSON** |

_____/

**COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.'S OBJECTIONS TO AND MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER**

COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC., by and through the undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26 and 45, hereby objects to, and moves to quash, the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated April 12, 2011 (referred to as "Subpoena" hereafter) issued by counsel for Banner Supply, or in the alternative moves for a protective order prohibiting the production of documents, information, and objects in accordance with the Orders of this Court, and as grounds states the following:

1.      On or about April 13, 2011, COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. was served with the Subpoena, attached as Exhibit "A".

2.      COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. is/was a home-builder and one of the named Defendant's in a Palm Beach County lawsuit involving Chinese Drywall, Case Number 50 2009CA032471XXXXMB.

3.      According to paragraph 8 of Pre-Trial Order #1, dated June 9, 2009, attached as Exhibit "B," "all outstanding discovery proceedings are stayed, and **no further discovery will be initiated**" (emphasis added).

4.      The Court subsequently entered an Order regarding class certification, dated January 11, 2011, attached as Exhibit "C".  Paragraph 2 of that order allowed Defendants to propound additional written discovery upon designated class representatives and take their depositions. This order did not lift the stay on other discovery requests, including the Subpoena served on COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC., as it is not a potential class representative

5.      Therefore the Subpoena served on COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. is improper and is in opposition to the Orders entered by this Court and should be quashed.

6.      Additionally, COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. would state that requiring it to produce these documents at this stage of the litigation, when discovery is stayed as to other similarly situated homebuilders is unjust and would be a miscarriage of justice.

7.      Further, COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC., objects to the Subpoena on the grounds that the voluminous documents sought put an undue burden on COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. and seem to seek documents that would be privileged and confidential and for that reason the Subpoena should be quashed.  COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. would state that it does not waive any further objections to the information sought by the Subpoena and reserves the right to assert all proper objections if further response is required by the Court.

8.      If the Court does not choose to quash this Subpoena, COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.. would request that this Court enter a Protective Order requiring counsel for Banner to reissue the Subpoena when the discovery stay is lifted by this

Court and in accordance with the proper procedures set forth by this Court.

9.      Counsel for COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. has attempted to resolve this matter with opposing counsel, but has been unable to come to an agreement, necessitating the filing of this Motion.

        **WHEREFORE**, COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.. respectfully requests the Court to enter an Order quashing the Subpoena, or in the alternative issue a Protective Order, consistent with the Pre-Trial Order #1, forbidding the discovery, and granting any further relief this Court finds proper.

                                Respectfully submitted,

Dated: April 22, 2011


                        /s/ Addison J. Meyers
                        Addison J. Meyers, Esq.
                        Fl Bar No. 267041
                        MINTZER SAROWITZ ZERIS
                        LEDVA & MEYERS, LLP
                        The Waterford at Blue Lagoon
                        1000 NW 57th Court, Suite 300
                        Miami, FL  33126
                        Tel:  305-774-9966
                        Fax:  305-774-7743
                        ameyers@defensecounsel.com


                        /s/ Brian A. Eves
                        Brian A. Eves, Esq.
                        FL Bar No. 43794
                        MINTZER SAROWITZ ZERIS
                        LEDVA & MEYERS, LLP
                        The Waterford at Blue Lagoon
                        1000 NW 57th Court, Suite 300
                        Miami, FL  33126
                        Tel:  305-774-9966
                        Fax:  305-774-7743
                        beves@defensecounsel.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email <u>or</u> hand delivery and email <u>and</u> upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 22nd day of April, 2011.

/s/ Addison J. Meyers
Addison J. Meyers



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL DOCKET: 2047
SECTION: L

THIS DOCUMENT RELATES TO
ALL CASES

JUDGE FALLON
MAG. JUDGE WILKINSON

_____/

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Defendants Banner Supply Co., Banner Supply Company

Pompano, LLC, Banner Supply Company Fort Myers, LLC, Banner Supply Company Tampa,

LLC, and Banner Supply International, LLC, by and through their counsel of record, are causing

the attached subpoena to be served upon the following to produce the items listed therein at the

time and place specified in the subpoena:

COASTAL CONDOMINIUMS OF PALM BEACH, INC.
Attn: CORPCO, INC., REGISTERED AGENT
2699 SOUTH BAYSHORE DRIVE
7TH FLOOR
MIAMI, FLORIDA 33133

Respectfully submitted this 12th day of April, 2011.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Shubhra R. Mashelkar
SHUBHRA R. MASHELKAR, ESQUIRE
Georgia Bar Number: 475388
smashelkar@wwhgd.com
3344 Peachtree Road
Suite 2400
Atlanta, GA 30326
Telephone (404)876-2700
*Counsel for Banner Supply Company*



EXHIBIT

A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| Chinese-Manufactured Drywall Products Litigation | ) | |
| *Plaintiff* | ) | Civil Action No.   MDL No. 2047 |
| v. | ) | |
| | ) | |
| This Applies to All Cases | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Louisiana          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Coastal Condominiums of Palm Beach, Inc. c/o Corpco, Inc., Registered Agent
      2699 South Bayshore Drive, 7th Floor, Miami, Florida 33133

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC 3344 Peachtree Road, NE, Suite 2400 Atlanta, Georgia 30326 | Date and Time: 5:00 PM, Friday, April  22, 2011 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  4/12/11

CLERK OF COURT

                                                              OR  _____
_____                                         *Attorney's signature*
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Banner Supply Company
See Exhibit A, attached._____ , who issues or requests this subpoena, are:
  Shubhra R. Mashelkar, Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, Suite 2400, Atlanta, Georgia 30326, Telephone: 404-876-2700, Email: SMashelkar@wwhgd.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL No. 2047

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                        _____

                                                          *Server's signature*

                                                   _____

                                                          *Printed name and title*

                                                   _____

                                                          *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL DOCKET: 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO
ALL CASES

_____/

## EXHIBIT A TO SUBPOENA

## DEFINITIONS

A. "Document" as used herein has the full extent of its meaning as provided in Rule 34 of Federal Rules of Civil Procedure and includes any written, drawn, recorded, transcribed, filed or graphic matter, however produced or reproduced, and any drafts, revisions or amendments thereof. This includes, but is not limited to all writing or papers of every kind including, but is not limited to, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, contracts, warranties, punchlists, self-sticking removable notes, telegrams, e-mails, teletypes, telefax, canceled checks, check stubs, invoices, receipts, ticket stubs, maps, pamphlets, notes, charts, tabulations, analyses, photographs, statistical or informational accumulation, audits and associated work papers, any kinds of records, film impressions, magnetic tape, video tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them) and copies of documents which are not identical duplicates of the originals because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in the Plaintiffs' possession, custody or control.

B. "Home" as used herein means the building in which allegedly defective drywall is or was installed, and which is the subject of this litigation. Specifically, the term "Home" or "Home" refers to the following property:

> Property Owner: TAREK AND ANDREA LOUTFY
> Address: 1660 RENAISSANCE COMMONS BOULEVARD, UNIT 2424
> BOYNTON BEACH, FLORIDA 33426

C. "Banner" as used herein means Banner Supply Co., Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, Banner Supply Company Tampa, LLC, and/or Banner Supply International, LLC.

## DOCUMENTS REQUESTED

1. All documents concerning, evidencing or relating to the drywall installed in the Home, including the brand of drywall, the manufacturer of the drywall, any markings on the drywall, the person or entity who installed the drywall, the date of installation, the person or entity who supplied the drywall, the approximate date it was supplied, and the number of defective drywall boards in the Home.

2. All documents concerning, evidencing or relating to your work on the Home, including, but not limited to, the contract, plans, specifications, submittals and responses thereto, purchase orders, pick tickets, delivery tickets, bills of lading and addenda thereto.

3. All documents concerning, evidencing or relating to the original construction of the Home, including, but not limited to, the construction contract, performance bonds, permits, plans, specifications, subcontracts, submittals and responses thereto, insurance policies, inspection cards, request for information and representation, appliance list and addenda thereto.

4. All documents concerning, evidencing or relating to the construction or renovation of the Home, including information such as the date(s) of construction and/or renovation, the homebuilder, contractor, or developer who performed the construction and/or renovation, and the part(s) of the Home that was renovated.

5. All documents concerning, evidencing or relating to any upgrades in the Home, including, but not limited to, receipts, warranties, and documents evidencing the date(s) the items were purchased.

6. All documents concerning, evidencing or relating to any appliances in the Home, including, but not limited to, receipts, warranties and documents evidencing the date(s) the appliances were purchased.

7. All documents concerning, evidencing or relating to any action you have taken to mitigate any damages to the Home, including, but not limited to, investigating, testing, cleaning, repairing, or replacing any element(s) of the Home or personal property contained therein.

8. All documents confirming the existence of defective drywall in the Home.

9. All documents concerning, evidencing or relating to any ordering, purchasing and delivery of the drywall used in the construction of the Home.

10. All blueprints, diagrams, drawings, maps, charts, specifications or plans concerning, supporting, evidencing, referring or relating to the Home and the location of the allegedly defective drywall in the Home.

11. All pictures concerning, evidencing or relating to the allegedly defective drywall in the Home, including, but not limited to, pictures of the drywall and/or any items allegedly damaged by the drywall.

12. All documents concerning, evidencing or relating to any defects of the drywall, including, but not limited to, its alleged smell, its chemical composition, its emission of chemicals into the air, and/or its effect on personal property.

13. All documents that support any claims of wrongdoing or misfeasance on the part of Banner in this action.

14. All contracts or agreements, including all amendments and modifications thereto, by and between you and Banner.

15. All documents reflecting when and how you first became aware of any problems associated with the drywall in the Home.

16. All documents which represent or reflect any repair work or remediation work conducted on the Home.

17. All documents which represent or reflect any lawsuits filed against you relating to Chinese drywall.

18. All documents reflecting the manufacturer(s) of the Chinese drywall in the Home.

19. All documents which reflect the original construction costs for your scope of work on the Home.

20. All contracts or agreements between you and any contractor, subcontractor, installer, builder, developer, and/or supplier who performed work on the construction of the Home.

21. All documents sufficient to demonstrate the building layout and architecture for the Home.

22. All documents sufficient to show the building materials used in the construction of the Home, including but not limited to, cabinetry, countertops, bathroom fixtures, flooring or any custom requests by the homeowner(s).

23. All documents which represent or reflect the cost to repair/remediate each Home containing Chinese drywall, including the consideration of varying building codes, building costs, personal property, building materials and other variable which may depend upon the condition of each Home.

24. All contracts or other agreements with any drywall installer or drywall contractor utilized in connection with the construction of any Home containing Chinese drywall.

Requested by Counsel for Defendants Banner Supply Co., Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, Banner Supply Company Tampa, LLC, Banner Supply International, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail; and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, in accordance with the procedures established in MDL 2047, on this 12th day of April, 2011.

/s/ Shubhra R. Mashelkar
**SHUBHRA R. MASHELKAR**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | MDL NO. 2047 |
| IN RE: CHINESE-MANUFACTURED DRYWALL | : | : |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE WILKINSON |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | : |  |

**THIS DOCUMENT RELATES TO ALL CASES**

<u>**PRETRIAL ORDER #1**</u>
**Setting Initial Conference**

It appearing that civil actions listed on Schedule A, attached hereto, which were

transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its

order of June 15, 2009 merit special attention as complex litigation, the following Order is

issued:

1. INTRODUCTION—It is not yet known how many attorneys will eventually join this

litigation, but we can assume it will be a large number.  As attorneys involved in a multi-district

case, you will probably be laboring together for some time in the future with work progressively

becoming more complicated and exacting.  Some of you know each other and some are complete

strangers.  Undoubtedly each has a different style and personality.  It is likely that during the

course of this litigation your working relationship will occasionally be strained, communication



derailed, and mutual trust questioned. The just and efficient resolution of this litigation will depend in large measure on the way you as attorneys comport yourselves and overcome the temptations and trepidations inherent in a case of this magnitude. The Manual for Complex Litigation recognizes that judicial involvement in managing complex litigation does not lessen the duties and responsibilities of the attorneys. To the contrary, the added demands and burdens of this type of litigation place a premium on professionalism and require counsel to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and the Court. The Court expects, indeed insists, that professionalism and courteous cooperation permeate this proceeding from now until this litigation is concluded. The court record should never be the repository of ill- chosen words arising out of a sense of frustration over real or imagined issues. Because of the high level of competence and experience of attorneys who are generally involved in multi-district litigation, this Court is confident that this objective will be achieved without judicial intervention.

2. APPLICABILITY OF ORDER—Prior to the initial pretrial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to its order of June 15, 2009 listed on Schedule A. This Order also applies to all related cases filed in all sections of the Eastern District of Louisiana and will also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

3.  CONSOLIDATION—The civil actions listed on Schedule A are consolidated for pretrial purposes.  Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, will automatically be consolidated with this action without the necessity of future motions or orders.   This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

4.  DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE—Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on July 9, 2009 at 2:00 p.m. in Judge Eldon E. Fallon's courtroom, Room C- 468, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana.  Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.  The items listed in MCL 4th Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference.  Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, consideration of any class action allegations and motions, and be prepared to select trial dates.  If the parties have any suggestions as to any case management orders or additional agenda items, these shall be faxed to (504) 589-6966 or otherwise submitted to the Court by July 6, 2009.

5. POSITION STATEMENT—Plaintiffs and defendants shall submit to the Court by July 1, 2009 a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known. The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants.

6. APPEARANCE AT INITIAL CONFERENCE—Each party represented by counsel shall appear at the initial pretrial conference through their attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference. A party, by designating an attorney to represent the party's interest at this initial conference, will not be precluded from personally participating or selecting other representation during the future course of this litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

7. SERVICE—Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto and designated as

Schedule B.  Any attorney who wishes to have his/her name added to or deleted from such Panel

Attorney Service List may do so upon request to the Clerk of this Court and notice to all other

persons on such service list.  The parties shall present to the Court at the initial conference a list

of attorneys and their office addresses, phone and fax numbers, and E-mail addresses.

    8.   EXTENSION AND STAY—Each defendant is granted an extension of time for

responding by motion or answer to the complaint(s) until a date to be set by this Court.  Pending

the initial conference and further orders of this Court, all outstanding discovery proceedings are

stayed, and no further discovery shall be initiated.  Moreover, all pending motions must be

renoticed for resolution on a motion day or days after the Court's initial conference herein.

    9.  MASTER DOCKET FILE—Any pleadings or document which is to be filed in any of

these actions shall be filed with the Clerk of this Court and not in the transferor court.  The Clerk

of this Court will maintain a master docket case file under the style "In Re: CHINESE-

MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION" and the

identification "MDL No. 2047 ".  When a pleading is intended to be applicable to all actions, this

shall be indicated by the words: "This Document Relates to All Cases."  When a pleading is

intended to apply to less than all cases, this Court's docket number for each individual case to

which the document number relates shall appear immediately after the words "This Document

Relates to".  The following is a sample of the pleading style:

IN RE: CHINESE-MANUFACTURED DRYWALL          MDL No. 2047
PRODUCTS LIABILITY LITIGATION

                                               SECTION: L

This Document Relates to:

Judge Fallon
Mag. Judge Wilkinson

10. FILING—All documents filed in this Court, subsequent to those initiating a new case, must be filed electronically pursuant to Local Rule 5.7 E and this Court's Administrative Procedures for Electronic Filing. Attorneys may register for electronic filing at www.laed.uscourts.gov/cmecf/cm_ecf_training.htm. An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption. The application shall be in writing, filed with the Clerk of Court, and shall state the reason for the attorney's inability to comply.

Pro se litigants who have not been authorized to file electronically shall continue to file their pleadings with the Clerk of this Court in the traditional manner, on paper.

The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet. All documents shall be filed in the master file.

11. DOCKETING—When an action that properly belongs as a part of In Re: Chinese-Manufactured Drywall Products Liability Litigation is hereinafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

    a.    File a copy of this Order in the separate file for such action;

    b.    Make an appropriate entry on the master docket sheet;

    c.    Forward to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

    d.    Upon the first appearance of any new defendant, forward to the attorneys

-6-

for the defendant in such newly filed or transferred cases a copy of this

Order.

12. APPEARANCES IN LITIGATION—Counsel who appeared in a transferor court

prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys

admitted to practice and in good standing in any United States District Court are admitted *pro*

*hac vice* in this litigation, and the requirements of Local Rules 83.2.6E and 83.2.7 are waived.

Association of local counsel is not required.

13. REMAND STIPULATIONS—In the event that a case is remanded, the parties shall

furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish

all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the

order of remand.

14. PRESERVATION OF EVIDENCE—All parties and their counsel are reminded of

their duty to preserve evidence that may be relevant to this action. The duty extends to

documents, data, and tangible things in possession, custody and control of the parties to this

action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess

materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and

tangible things" is to be interpreted broadly to include writings, records, files, correspondence,

reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail,

telephone message records or logs, computer and network activity logs, hard drives, backup data,

removable computer storage media such as tapes, discs and cards, printouts, document image

files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices,

bills,  vouchers,  checks statements, worksheets, summaries,  compilations, computations, charts,

diagrams,  graphic presentations,  drawings,  films,  charts, digital or chemical process

photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings

and notes, studies or drafts of studies or other similar such material.  Information that serves to

identify, locate, or link such material, such as file inventories, file folders, indices, and metadata,

is also included in this definition.   Preservation includes the obligation not to alter any such

thing as to its form, content or manner of filing.  Until the parties reach an agreement on a

preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve

all documents, data and tangible things containing information potentially relevant to the subject

matter of this litigation. Each counsel is under an obligation to the Court to exercise all

reasonable efforts to identify and notify parties and nonparties, including employees of corporate

or institutional parties of the contents of this paragraph.  Failure to comply may lead to dismissal

of claims, striking of defenses, imposition of adverse inferences or other dire consequences.

Before any devices, tangible things, documents, and other records which are reasonably

calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to

resolve questions as to whether the information should be preserved.  If counsel are unable to

agree, any party may apply to this Court for clarification or relief from this Order upon

reasonable notice.

15. FILING OF DISCOVERY REQUESTS—In accordance with Rule 5(d) of the

Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the

Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

16. LIAISON COUNSEL—<u>Two weeks prior</u> to the initial conference, counsel for the plaintiffs and counsel for the defendant(s) shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. Proposals for the designation of liaison counsel shall be submitted to the Court no later than one week prior to the date of the initial conference. Appointment of liaison counsel shall be made by the Court after full consideration of the proposals. At the first conference liaison counsel and/or the parties should be prepared to discuss

-9-

any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

17. PLAINTIFFS' STEERING COMMITTEE—It is the Court's intent to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendant's representatives or committee. Applications/nominations for the PSC positions must be filed with the Eastern District of Louisiana's Clerk's Office either electronically or on paper (original and one copy) on or before July 10, 2009. Notice must also be served upon counsel named in the attached list on the day of filing. The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation (d) willingness to commit the necessary resources to pursue this matter. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than four (4) pages will be considered. The Court will only consider attorneys who have filed a civil action in this litigation.

Objections may be made to the appointment of a proposed applicant/nominee. Nevertheless, the Court will entertain only written objections to any application/nomination. These must be filed with the Clerk of Court either electronically or on paper (original and one copy) on or before July 17, 2009. The objections, if there be any, must be short, yet thorough, and must be supported by necessary documentation. As with the application/nomination, any objection must be served on all counsel appearing on the attached list on the day of filing.

The PSC will have the following responsibilities:

-10-

Discovery

    (1)    Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi district litigation.

    (2)    Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

    (3)    Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issue found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

    (4)    Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

Hearings and Meetings

    (1)    Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the

-11-

Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(2)     Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(3)     Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

Miscellaneous

(1)     Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC.

(2)     Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

-12-

    (3)    Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

    (4)    Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

    (5)    Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to the other plaintiffs' attorneys.

    (6)    Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders.

    (7)    Perform such other functions as may be expressly authorized by further orders of this Court.

    (8)    Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

18.   DEFENDANT(S) STEERING COMMITTEE–The Court will consider the recommendations of the defendant(s) for membership on the defendant(s) steering committee. Defendant(s) Steering Committee will have the duties and responsibilities described in Paragraph 17 of this order as it pertains to this respective group.

19. MDL 2047 WEBSITE–A website particular to MDL 2047 has been created and can

-13-

be accessed by going to this Court's website located at www.laed.uscourts.gov and clicking on the button for Drywall MDL. The MDL 2047 website may also be accessed directly by going to www.laed.uscourts.gov/drywall/drywall.htm . The website will contain forms, court orders, minute entries, a calendar of upcoming events, and other relevant information.

20.  COMMUNICATION WITH THE COURT—Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendant's counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendant's counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

New Orleans, Louisiana, this 16th     Day of  June,  2009

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Attachments

-14-

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION                        MDL No. 2047

### SCHEDULE A

EDL
SEC.I

Middle District of Florida

Shane M. Allen, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 2:09-54          09-41.
Duane Ankney v. Knauf Gips KG, et al., C.A. No. 2:09-166                                              09-41.
Kristin Morgan Culliton v. Taylor Morrison Services, Inc., et al., C.A. No. 8:09-589                  09-41.

Northern District of Florida

The Mitchell Co., Inc. v. Knauf Gips KG, et al., C.A. No. 3:09-89                                     09-41.

Southern District of Florida

Lawrence Riesz, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 0:09-60371        09-41.
Karin Vickers, et al. v. Knauf Gips KG, et al., C.A. No. 1:09-20510                                   09-41.
Lorena Garcia, et al. v. Lennar Corp., et al., C.A. No. 1:09-20739                                    09-41.
Janet Morris-Chin, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 1:09-20796     09-41.

Eastern District of Louisiana

Jill M. Donaldson, et al. v. Knauf Gips KG, et al., C.A. No. 2:09-2981

Southern District of Ohio

Steven Minafri v. M/I Homes, Inc., et al., C.A. No. 2:09-167                                          09-41.

SCHEDULE B

# Judicial Panel on Multidistrict Litigation - Panel Service List
## for
## MDL 2047 - IN RE: Chinese-Manufactured Drywall Products Liability Litigation

### *** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
   * Signifies that an appearance was made on behalf of the party by the representing attorney.
   # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
   All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
   Docket: 2047 - Chinese-Manufactured Drywall PL
   For Open Cases

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Docket: 2047 - IN RE: Chinese-Manufactured Drywall Products Liability Litigation

Status: Transferred on 06/15/2009

Transferee District: LAE    Judge: Fallon, Eldon E.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Atlas, Jan Douglas<br>ADORNO & YOSS LLP<br>350 East Las Olas Blvd<br>Suite 1700<br>Fort Lauderdale, FL 33301 | =>Phone: (954) 766-7823  Fax: (954) 766-7800  Email: jda@adorno.com<br>Banner Supply Co.* |
| Bass, Hilarie<br>GREENBERG TRAURIG LLP<br>1221 Brickell Avenue<br>Miami, FL 33131 | =>Phone: (305) 579-0500  Fax: (305) 579-0717  Email: bassh@gtlaw.com<br>Lennar Corp.*; Lennar Homes, LLC fka Lennar Homes, Inc.*; U.S. Home Corp.* |
| Baumann, Gary F.<br>FULMER LEROY ALBEE BAUMANN & GLASS<br>2866 East Oakland Park Blvd.<br>Ft. Lauderdale, FL 33306 | =>Phone: (954) 707-4430  Fax: (954) 707-4431  Email: gbaumann@fulmerleroy.com<br>Independent Builders Supply Association, Inc.* |
| Becnel, Jr, Daniel E.<br>BECNEL LAW FIRM LLC<br>106 West Seventh Street<br>P.O. Drawer H<br>Reserve, LA 70084 | =>Phone: (985) 536-1186  Fax: (985) 536-6445  Email: dbecnel@becnellaw.com<br>Donaldson, Jill M.; Oertling, John |
| Boldt, Kimberly L.<br>ALTERS BOLDT BROWN RASH & CULMO PA<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137 | =>Phone: (305) 571-8550  Fax: (305) 571-8558  Email: kimberly@abbrclaw.com<br>Barrozo, Hector*; DeBarrozo, Maria Ines Pinar*; Garcia, Angela*; Garcia, Lorena* |
| Briscoe, Edward J.<br>FOWLER WHITE BURNETT PA<br>Espirito Santo Plaza<br>1395 Brickell Avenue<br>14th Floor<br>Miami, FL 33131-3302 | =>Phone: (305) 789-9252  Fax: (305) 789-9251  Email: EJB@Fowler-White.com<br>Black Bear Gypsum Supply, Inc.* |
| Burge, S. Greg<br>BURR & FORMAN LLP<br>420 North 20th Street<br>Suite 3400<br>Birmingham, AL 35203 | =>Phone: (205) 458-5101  Fax: (205) 244-5612  Email: gburge@burr.com<br>Rightway Drywall, Inc.* |
| Casper, Christopher C.<br>JAMES HOYER NEWCOMER & SMILJANICH PA<br>One Urban Centre<br>4830 West Kennedy Boulevard<br>Suite 550<br>Tampa, FL 33609-2589 | =>Phone: (813) 286-4100  Fax: (813) 286-4174  Email: ccasper@jameshoyer.com<br>Culliton, Kristin Morgan* |

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Cole, Susan J.<br>BICE COLE LAW FIRM<br>999 Ponce De Leon Boulevard<br>Suite 710<br>Coral Gables, FL 33134 | =>Phone: (305) 444-1225  Fax: (305) 446-1598  Email: cole@bicecolelaw.com<br>L&W Supply Corp. dba Seacoast Supply*; USG Corp.* |
| Coutroulis, Chris S.<br>CARLTON FIELDS PA<br>P.O. Box 3239<br>4221 West Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33601-3239 | =>Phone: (813) 223-7000  Fax: (813) 229-4133  Email: ccoutroulis@carltonfields.com<br>M/I Homes, Inc.* |
| Diaz, Jr., Victor Manuel<br>PODHURST ORSECK JOSEFSBERG ET AL<br>City National Bank Building<br>Suite 800<br>25 W. Flagler Street<br>Miami, FL 33130 | =>Phone: (305) 358-2800  Fax: (305) 358-2382  Email: vdiaz@podhurst.com<br>Green, Dajan*; Morris-Chin, Janet* |
| Gilman, Kenneth G.<br>GILMAN & PASTOR LLP<br>6363 Highcroft Drive<br>Naples, FL 34119 | =>Phone: (239) 213-9960  Fax: (239) 213-9946  Email: kgilman@gilmanpastor.com<br>Ankney, Duane |
| Interior Exterior Bldg.,<br>727 S. Cortez<br>New Orleans, LA 70119 | =><br>Interior Exterior Building Supply |
| Knauf Gips KG,<br>Ridham Dock, Kemsley<br>Sittingbourne, Kent ME 9 8SR, UK | =><br>Gebr Knauf Verwaltungsgesellschaft KG; Knauf Gips KG |
| Knauf Plasterboard,<br>North Yinhe Bridge, East Jingjin Road<br>Beichen District<br>Tianjin, China 300400 P.R.C. | =><br>Knauf Plasterboard (Tianjin) Co., Ltd. |
| Knauf Plasterboard,<br>No. 2 Gang Wan Road<br>RC-241009 Whuhu Anhui, China | =><br>Knauf Plasterboard (Dongguan) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd. |
| Knauf Plasterboard,<br>No. 2 Xinsha Development Zone<br>RC-52347 Guangdong, China | =><br>Knauf Plasterboard (Dongguan) Co., Ltd. |
| La Suprema Enterprise,<br>221 NE 164th Street<br>North Miami Beach, FL 33160 | =><br>La Suprema Enterprise, Inc. |

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| La Suprema Trading, Inc.,<br>221 NE 164th Street<br>N. Miam Beach, FL 33160 | =><br>La Suprema Trading, Inc. |
| Landskroner, Jack<br>LANDSKRONER GRIECO MADDEN LTD<br>1360 West 9th Street<br>Suite 200<br>Cleveland, OH 44113 | =>Phone: (216) 522-9000  Fax: (216) 522-9007<br>Minafri, Steven |
| Levin, Arnold<br>LEVIN FISHBEIN SEDRAN & BERMAN<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3697 | =>Phone: (215) 592-1500  Fax: (215) 592-4663  Email: alevin@lfsblaw.com<br>Martinez, Felix*; Martinez, Jenny*; Niemczura, Walter*; Raphael, Gene*; Santiago, Jason*; Tarzy, Jim*; Vickers, Karin* |
| Loredo, Raul Ricardo<br>MINTZER SOROWITZ & ZERIS<br>255 Alhambra Circle<br>Suite 1150<br>Coral Gables, FL 33134 | =>Phone: (304) 774-9966  Fax: (305) 774-7743  Email: rloredo@defensecounsel.com<br>Interior Exterior Building Supply, LP* |
| Nicholas, Steven L.<br>CUNNINGHAM BOUNDS LLC<br>1601 Dauphin Street<br>P.O. Box 66705<br>Mobile, AL 36660 | =>Phone: (251) 471-6191  Fax: (251) 479-1031  Email: sln@cunninghambounds.com<br>Mitchell Co., Inc. (The)* |
| Reise, Jack<br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>120 East Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432 | =>Phone: (561) 750-3000  Fax: (561) 750-3364  Email: jreise@csgrr.com<br>Riesz, Lawrence*; Schnee, Jennifer* |
| Rothchilt International,<br>N-510 Chia Hsn Bld.<br>Annex 96 Chung Shan N. Rd. Sec. 2<br>Taipei, Taiwan R.O.C. | =><br>Rothchilt International Ltd. |
| Sivyer, Neal A.<br>SIVYER BARLOW & WATSON PA<br>401 East Jackson Street<br>Suite 2225<br>Tampa, FL 33602 | =>Phone: (813) 221-4242  Fax: (813) 227-3598<br>Taylor Morrison Services, Inc. dba Morrison Homes; Taylor Woodrow Communities at Vasari, LLC* |
| South Kendall Constructio,<br>2368 SE 17th Ter.<br>Homestead, FL 33035 | =><br>South Kendall Construction Corp. |
| Steckler, Bruce<br>BARON & BUDD<br>3102 Oak Lawn Ave, Ste 1100 | =>Phone: (214) 521-3605  Fax: (214) 520-1181  Email: bsteckler@baronbudd.com<br>Foster, Katherine L.* |

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Dallas, TX 75219-4281

Taishan Gypsum Co., Ltd.,
Dawenkou, Taian
Shandong, China 271026

=>
    Taishan Gypsum Co., Ltd. fka Shandong Taihe Dongxin Co., Ltd.

Weinstein, Scott Wm.
MORGAN & MORGAN PA
12800 University Drive
Suite 600
Fort Myers, FL 33907-5337

=> **Phone: (239) 433-6880  Fax: (239) 433-6836  Email: sweinstein@forthepeople.com**
    Allen, Nicole J.*; Allen, Shane M.*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047 SECTION: L |
| This document relates to: | * * | JUDGE: FALLON |
| *Vickers, et al v. Knauf Gips KG, et al* EDLA 09-04117 | * * * | MAG. JUDGE WILKINSON |
| *Payton, et al v. Knauf Gips, KG, et al* EDLA 09-07628 | * * * | |
| *Silva, et al v. Knauf Gips, KG, et al* EDLA 09-08034 | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>ORDER</u>
**(Scheduling Order re: Hearings for Class Certification)**

On September 20, 2010, Plaintiffs filed a Motion for Class Certification of a Florida

Homeowner Class for Claims against Banner Supply Co. in *Vickers* and *Payton* [Rec. Doc. 5611]

On September 21, 2010, Plaintiffs filed a Motion against Interior Exterior, Arch Insurance

Company, RSUI, North River Insurance Company, Fireman's Fund Insurance Company and Liberty

Mutual Insurance Company for Class Certification of a Louisiana Homeowner Class for Damages

and Declaratory Relief in *Silva* [Rec. Doc. 5567]. On September 21, 2010, Plaintiffs filed a Motion

for Class Certification of a Florida Homeowner Class and a Louisiana Homeowner class for Property

Damage Against Knauf in *Payton* [Rec. Doc. 5612]. On December 2, 2010, the Court issued a

Minute Entry directing counsel to submit a joint discovery, briefing, and hearing schedule for these

motions, as well as a list of all state court cases with conflicting class actions and the presiding



judges [Rec. Doc. 6516].

Pursuant to the authority granted in *In re: Chinese-Manufactured Drywall Products Liability Litigation,* MDL 2047, this Order establishes a schedule for the conduct of discovery related to the issue of class certification and the final briefing and hearing of Plaintiffs' Motions to Certify Class Action.

ACCORDINGLY, THE COURT ENTERS THE FOLLOWING ORDER:

1.   **Interventions.**   Any interested party, including assignees of home owner claims, who seeks to intervene in one of the above referenced Motions for Class Certifications shall be subject to the terms, conditions and deadlines set forth in this Order.  Any such party seeking to intervene shall file appropriate pleadings with the Court prior to January 17, 2011.

2.   **Discovery to Class Representatives and Fact Witnesses.**   Commencing as of the date this Order is entered, Defendants shall be entitled to propound additional written discovery upon the designated class representatives.  This discovery shall not be duplicative of information previously provided in the Plaintiff Profile Form provided by the class representative.  Further, Defendants shall be entitled to take depositions of up to ten (10) class members, including class representatives, and any designated fact witnesses with respect to Class Certification issues.  The depositions shall be limited to one day per deponent.  Depositions of class representatives shall be completed by February 15, 2011 and any other designated witnesses by March 3, 2011.  If additional fact witnesses are disclosed by either party, such disclosure shall be made in sufficient time prior to the class certification hearing so that a reasonable opportunity to take discovery is provided to the other side, without prejudice to any party

3.   **Disclosure/Discovery of Plaintiffs' Experts.**  To the extent Plaintiffs rely upon any experts, Plaintiffs shall furnish to Defendants expert reports in accordance with Fed.R.Civ.P.

26(a)(2)(B) or Affidavits (which may have already been provided in the original filed motions) and dates of availability of their experts for depositions by January 24, 2011. Defendants shall complete the depositions of Plaintiffs' experts by March 10, 2011.

4.    **Designation of Fact Witnesses.**  Plaintiffs, Defendants and Intervenors shall all designate fact witnesses who may be called to testify at the class certification hearing(whether live or by deposition) by February 3, 2011.

5.    **Disclosure/Discovery of Defendants' Experts.**  To the extent Defendants rely upon any experts, Defendants shall furnish to plaintiffs expert reports in accordance with F.R.C.P. 26(a)(2)(B) or Affidavits and dates of availability of their experts for depositions by February 18, 2011. The Plaintiffs shall complete the depositions of the Defendants experts by March 25, 2011.

6.    **Opposition to Motion to Certify Class Action.**  Defendants shall file their Memorandum in Opposition to each Motion to Certify Class Action together with exhibits, affidavits and depositions by April 4, 2011.

7.    **Plaintiffs' Memorandum in Reply.**  By April 25, 2011, plaintiffs shall file their Memorandum in Reply to each of the Defendants' Memorandum in Opposition to Motions to Certify Class Action.  Supporting affidavits or depositions may be referenced and/or attached only if the affiants/deponents were timely designated in accordance with this Order.

8.    **Daubert Challenges.**  To the extent any party files a *Daubert* challenge to any experts, such motion shall be filed prior to March 25, 2011 so that briefing can take place and the Court can schedule a hearing, if necessary, in advance of the hearing date on the Motions to Certify Class Actions.  The parties are encouraged to meet and confer in advance to avoid the filing of unnecessary motions relating to *Daubert* challenges.

9.    **Agenda and Procedure for Class Certification Hearing.** By May 6, 2011 the

parties shall file with the court a joint agenda and proposed procedure for the class certification hearing. The agenda shall include a listing of all witnesses, an identification of all documents or things to be used at the hearing, an indication of any objections to evidence and the reason or basis for such objections, and any time limits for oral argument. The parties shall meet and confer in sufficient time prior to May 3, 2011 to confect the submission. A pre-hearing conference will be held by the Court on May 11, 2011 at 1:30 p.m. to finalize the agenda and the procedures to be followed at the class certification hearing.

10. **Hearing.** The hearing on each of the Motions to Certify Class Actions shall commence on June 1, 2011, at 9:00 a.m. and continue from day to day thereafter through June 3, 2011, as needed.

NEW ORLEANS, LOUISIANA, this 11th day of January, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE