UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

KENNETH ABEL, individually, and on behalf of all others similarly situated, *et al.*

Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.; QINHUANGDAO TAISHAN BUILDING MATERIALS CO., LTD. a/k/a QINHUANG DAO TAISHAN BUILDING MATERIALS CO., LTD., *et al.*

Defendants.
_____/

CASE NO. 11-080

SECT. L MAG. 2
CLASS ACTION
COMPLAINT

### BREAKWATER CUSTOM HOMES, INC.'S MOTION TO DISMISS WITH PREJUDICE THE CLAIMS BROUGHT AGAINST IT IN THE ABEL OMNIBUS CLASS ACTION COMPLAINT (OMNI VII)

Defendant Breakwater Custom Homes, Inc. ("Breakwater"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss with prejudice all claims against Breakwater in the Abel Omnibus Class Action Complaint (Omni VII) brought by Robert Santimauro and Joanne Santimauro ("Plaintiffs" or the "Santimauros") for failure to state a claim upon which relief can be granted.

### INTRODUCTION AND BACKGROUND

In their rush to appoint blame for the allegedly defective drywall in their home, the Santimauros have added Breakwater – the Florida builder that constructed their home – to the hundreds of defendants named in the Abel Omnibus Class Action Complaint (Omni VII) (the

"Omnibus Complaint").[1]  The Santimauros are the second purchasers of the home located at 22220 Red Laurel Lane, Estero, Florida 33928 (the "Property"); they did not contract with Breakwater.  *See* Cmplt. ¶ 465; *see also* publicly available "Warranty Deed" between the Santimauros and the original owners of the Property (dated Jan. 30, 2009) (attached as **Exhibit A**).  The Santimauros have nevertheless added Breakwater to this lawsuit even though there is no evidence, and indeed no allegation, that their home construction was in any way deficient.  The Santimauros want compensation for their drywall, yet it is beyond dispute that Breakwater had nothing to do with the manufacture, marketing or distribution of that drywall.

In a shotgun pleading that makes no effort to distinguish between Breakwater and the entities actually responsible for the drywall, the Santimauros offer a laundry list of generic common law and statutory theories.  The Omnibus Complaint heedlessly lumps together thousands of parties over hundreds of pages of boilerplate allegations.  Specifically, the Complaint alleges the following ten claims[2] against Breakwater:  Negligence (Count I, ¶¶ 911-918); Negligence Per Se (Count II, ¶¶ 919-925); Strict Liability (Count III, ¶¶ 926-943); Breach of Express and/or Implied Warranties (Count IV, ¶¶ 944-951); Breach of Implied Warranty of

---

[1]     This Motion and the attached Memorandum of Law cite to the Omnibus Complaint as "Cmplt. ¶ __."

[2]     There are fourteen Counts in the Omnibus Complaint, but only ten of them arguably apply to Breakwater.  The four remaining Counts do not.  Specifically, Count V (for breach of warranty under Florida's condominium code) does not apply to Breakwater because the Property is a residential home, not a condominium. Cmplt. ¶¶ 952-963. Count VIII applies to "Louisiana Builders Only," and no one disputes that Breakwater resided in Florida. *Id.* ¶¶ 666 & 975-981. Count IX ("Redhibition – by Louisiana Plaintiffs"), which requires a showing that the allegedly defective product – here, drywall – failed for its intended purpose, is barred by this Court's prior determination that the drywall is "serving its intended structural purpose." *See* Order & Reasons at 23 (*In re Chinese Drywall Prods. Liab. Litig.*, 680 F. Supp. 2d 780 (E.D. La. 2010)); *Benoit v. Ryan Chevrolet*, 428 So. 2d 489, 492 (La. App. 2d Cir. 1982). Moreover this claim does not apply because Plaintiffs do not reside Louisiana. Cmplt. ¶¶ 465 & 982-991. Finally, Count X (Louisiana Products Liability Act) applies solely to "Manufacturing" or "Distributor" Defendants, whereas the Omnibus Complaint identifies Breakwater as a "Developer/Builder" Defendant. *Id.* ¶¶ 666 & 992-1005.

Habitability (Count VI, ¶¶ 964-970); Breach of Contract (Count VII, ¶¶ 971-974); Private Nuisance (Count XI, ¶¶ 1006-1012); Unjust Enrichment (Count XII, ¶¶ 1013-1016); Violation of Florida's Deceptive and Unfair Trade Practices Act (Count XIII, ¶¶ 1017-1021); and Equitable and Injunctive Relief and Medical Monitoring (Count XIV, ¶¶ 1022-1034). Each of these claims is governed by and arises under the laws of Florida.[3]

As detailed in the attached Memorandum of Law in support of this Motion (**Exhibit B**), every one of these claims should be dismissed as fatally defective pursuant to Rule 12(b)(6) and Florida law.[4] Indeed, Florida courts considering "Chinese-manufactured drywall" claims have already begun dismissing the very same causes of action that the Santimauros are asserting against Breakwater here, in this lawsuit. *See Bennett v. Centerline Homes, Inc. et al.*, No. 50 2009-CA-014458 (Fla. 15th Jud. Cir. March 18, 2011); *Bennett v. Centerline Homes, Inc.*, No. 50 2009-CA-014458 (Fla. 15th Jud. Cir., Nov. 5, 2010); *Henderson v. Douglas B. Francis*, Case No. 09-CA-001280 (Fla. 20th Jud. Cir., Sept. 9, 2009). Each of these decisions is attached to this Motion as composite **Exhibit D**.

WHEREFORE, for the reasons set forth above and in the accompanying memorandum of law in support, Defendant Breakwater Homes, Inc. respectfully requests that the Court enter an order dismissing the claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6), and awarding

---

[3] Since Plaintiffs have filed their claims against Breakwater directly in the Eastern District of Louisiana, the Court should apply the choice-of-law rules of Louisiana. *See Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 n.6 (5th Cir. 1981). Applying those rules, Florida has by far the most significant relationship with the dispute. Plaintiffs' alleged drywall injuries occurred in Florida, the Property is located in Florida, and Breakwater resided in Florida. *See* Cmplt. ¶¶ 465 & 666; *Gulf States Utilities Co. v. NEI Peebles Elec. Prods., Inc.*, 819 F. Supp. 538, 552-53 (M.D. La. 1993) (discussing Louisiana choice of law factors and statutes). Florida substantive law therefore governs each of Plaintiffs' claims against Breakwater.

[4] Pursuant to this Court's Local Rules, a Notice of Hearing is attached hereto as **Exhibit C**.

{M3046649;1}

3

Breakwater its fees in defending this action against Plaintiffs pursuant Florida's Deceptive and Unfair Trade Practices Act.

Dated: April 27, 2011　　　　　　　　**AKERMAN SENTERFITT**

　　　　　　　　　　　　　　　　　　BY: /s/ Samuel S. Heywood
　　　　　　　　　　　　　　　　　　　　　Valerie Greenberg, Esq.
　　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 026514
　　　　　　　　　　　　　　　　　　　　　Samuel S. Heywood, Esq.
　　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 0016604

　　　　　　　　　　　　　　　　　　　　　One SE 3rd Ave., 25${}^{th}$ Floor, Miami, FL 33131
　　　　　　　　　　　　　　　　　　　　　Phone: (305) 374-5600
　　　　　　　　　　　　　　　　　　　　　Fax: (305) 374-5095
　　　　　　　　　　　　　　　　　　　　　Email: valerie.greenberg@akerman.com
　　　　　　　　　　　　　　　　　　　　　Email: samuel.heywood@akerman.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Breakwater Custom Homes, Inc.*

*Co-Counsel for Breakwater Custom Homes, Inc.*
Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La. Bar No. 31309)
**Phelps Dunbar LLP**
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: Brent.barriere@phelps.com
　　　　Susie.morgan@phelps.com
　　　　Skylar.rosenbloom@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that *Breakwater Homes, Inc.'s Motion to Dismiss With Prejudice the Claims Brought Against it in the Abel Omnibus Class Action Complaint (Omni VII)* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA 70163 (kmiller@frilot.com), by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 27th day of April, 2011.

/s/   Samuel S. Heywood