UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: Payton, et al. v. Knauf GIPS KG, et al., | |
| Case No. 2:09-cv-07628 (E.D.La.) | MAG. WILKINSON |

## SEPARATE MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT IN INTERVENTION I(B)

COMES NOW, the undersigned on behalf of Defendant Zamora Corporation ("Zamora") and pursuant to Local Rule 7.4 hereby files its Separate Memorandum of Law in support of its Motion to Dismiss the Complaint in Intervention I(B) against it and states as follows:

I. *Zamora not identified in Complaint in Intervention (I(B) (hereinafter "Abt Complaint")*

While the Abt Complaint incorporates the Payton Complaint, none of the 676 Intervening Plaintiffs identifies Zamora as a subclass for which they seek to be representatives. On these grounds, the Complaint against Zamora should be dismissed.

II. *Intervenors' claims for Negligence, Negligence Per Se, Strict Liability, Breach of Express and/or Implied Warranties, Breach of the Implied Warranty of Habitability, Breach of Contract, Private Nuisance, Negligent Discharge of a Corrosive Substance, Unjust Enrichment, Violation of Consumer Protection Acts, Redhibition and Equitable and Injunctive Relief and Medical Monitoring.*

Zamora is a Florida Corporation which was named and served in the Payton

Complaint and identified as a Developer/Builder in paragraph 2512 of said Complaint. The Abt Complaint, by incorporation of the Payton Complaint makes the following claims against Zamora as a Developer/Builder:

    a.  Negligence and Negligence *Per Se*

Counts I and II for negligence and negligence *per se* must be dismissed based on Florida's contractual privity economic loss rule.  *Indemnity Insurance Company of North America v. American Aviation, Inc.,* 891 So.2d 532 (Fla. 2004) provided an opportunity for Florida's Supreme Court to discuss the application of the economic loss rule.  The Court concluded that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract.  *Indemnity Insurance,* at 536-537.  Accordingly, to the extent that the Complaint seeks to recover economic damages based on a claim of negligence, such recovery should be barred by the economic loss rule and the negligence count dismissed accordingly.

As additional grounds for dismissal of counts I and II, Zamora would submit that this Court has the discretion to judicially notice and adopt Judge Kelley's ruling as memorialized in the Court's *Omnibus Order on Plaintiff's Negligence Claims* entered on 3/18/11, in *Bennett v. Centerline Homes Inc.* Case No. 502009CA014458, Civil Division "AA" Chinese Drywall, et al., 15th Judicial Circuit in and for Palm Beach County, Florida.  *See  Lore v. Lone Pine Corp.,* No. L-33606-85, 1986 WL 637507 (N.J.Super. Ct. Law Div. Nov. 18, 1986).  As in the *Bennett* case, the Payton complaint and its negligence and negligence *per se* counts seek to hold Zamora liable for failing to warn homeowners of the existence of a defect within the Chinese drywall.  Even assuming that Zamora had any role (which it did not) in the "designing", "manufacturing", "exporting",

"importing", "distributing", "delivering", "supplying", "inspecting", "installing", "marketing", or "selling" the allegedly defective drywall as paragraphs 2641, 2649-2650, Florida law does not impose a duty to inspect a product for a latent defect, neither does it impose a duty to warn others about a latent defect, unless the product is inherently dangerous. *See Mendez v. Honda Motor Co.,* 738 F.Supp. 481 (S.D. Fla. 1990). There is nothing inherently dangerous about drywall. *See Tampa Drug Co. v. Wait,* 103 So.2d 603, 608 (Fla. 1958). Therefore, Counts I and II of the Complaint should be dismissed to the extent they seek to impose a duty to warn and inspect on Zamora. Unless the Plaintiffs can, in good faith, plead notice (actual or implied) against Zamora, Counts I and II must be dismissed. Since the Plaintiffs cannot make such a good faith pleading at this stage, Counts I and II must be dismissed in their entirety.

      b. Strict Liability

Zamora is not a manufacturer of the allegedly defective drywall and neither is it in the chain of the product's distribution. Further, it is well settled law in Florida that strict liability does not apply to structural improvements to real property. Structural improvements to real property are not considered products. *Plaza v. Fisher Development, Inc.,* 971 So.2d 918 (Fla. 3d DCA 2007); *Jackson v. LA.W. Contracting Corp.,* 481 So.2d 1290 (Fla. 5th DCA 1986). Therefore, Count III should be dismissed as to Zamora.

      c. Private Nuisance

Count XI of the Complaint intends to assert a cause of action for private nuisance against Zamora. Said count is generally based on the allegation that the allegedly defective drywall is off-gassing and thereby creating an interference with the peaceful

enjoyment of the plaintiffs' homes.  Under Florida law, a nuisance occurs when a property owner injures the land or some incorporaeal right of <u>another</u>.  Thus, the doctrine of private nuisance under Florida law is intended to protect the property rights of one land owner from the unrestrained exercise of the property rights of another.  *Jones v. Trawick*, 75 So.2d 785 (Fla. 1954).  The doctrine is inapplicable to the case at bar inasmuch as Zamora is not and was never a homeowner in proximity to any of the Plaintiffs.  Therefore, Count XI against Zamora must be dismissed.

> d.  *Breach of Express and/or Implied Warranties, Breach of the Implied Warranty of Habitability, Breach of Contract.*

Counts IV (Warranties), VI (Habitability) and VII (Contract) should also be dismissed by this Court.  With regards to Count IV, Zamora was never in the chain of distribution involving the allegedly defective drywall and never had opportunity to either "supply", "utilize" or sell the product as stated in paragraph 2675 of the Complaint.  Additionally for the reasons stated above, a duty to inspect the product for latent defects (par. 2675) should not be imposed upon Zamora as a builder.  Like the homeowners, Zamora is simply an end user of the product alleged to be defective and has no ability to warrant it against any sort of defect.  Contrary to paragraph 2676 of the Complaint, Zamora had no control of the product and therefore could not have placed it in the "stream of commerce".

Count VI alleges that Zamora "installed" drywall, yet the Complaint fails to include and name Zamora as a Contractor/Installer and that is because Zamora had no role whatsoever in the installation of any drywall.  Count VI and specifically paragraph 2696 would require this Court to have Zamora go above and beyond merely being on notice

of any defect by requiring Zamora to develop and aquire sufficient knowledge about Chinese drywall so that it could exercise the proper "judgment" about drywall prior to manufacturing its homes.  Such a requirement would be in contravention of *Mendez v. Honda Motor Co.,* 738 F.Supp. 481 (S.D. Fla. 1990) and require a builder such as Zamora to inspect and test the drywall for any defective properties.

Count VII fails to state a cause of action because the Complaint fails to attach the alleged contract between Zamora and any of the homeowner/plaintiffs.

e.  *Redhibition*

Count IX of the Complaint alleges that Zamora manufactured, distributed and/or sold the drywall at issue.  The Complaint names Zamora as a builder defendant.  Zamora never manufactured, distributed or sold the subject drywall and therefore, Count IX should be dismissed against it.

f.  *Negligent Discharge of a Corrosive Substance*

Count XII of the Complaint implicates Zamora as a having a role in designing, manufacturing, importing, distributing, delivering, supplying, marketing, inspecting, installing and selling the subject drywall.  Yet, the Complaint identifies Zamora as a builder and as a builder, Zamora is but an end user of the product at issue and played no role in the functions activities identified in paragraph 2744-2746 and therefore, Count XII should be dismissed as to Zamora.  To the extent Plaintiffs are requiring Zamora to have tested and or inspected the drywall for latent defects and/or to have warned homeowners of the existence of a latent defect, then Zamora would incorporate its arguments in favor of dismissal of Counts I and II of the Complaint.

g.  *Unjust Enrichment*

As an end user of the product in question, Zamora was without any knowledge whatsoever as to the alleged defect in the drywall. Like the homeowner/plaintiffs, it also paid for drywall without any knowledge, actual or implied, that it was purchasing an allegedly defective product. Paragraph 2752 of the Complaint (Count XIII) asserts that Zamora acted tortuously and deliberately and to the extent Count XIII intends to seek damages in tort for what should be a remedy afforded under any potential contract, then Count XIII should be dismissed.

      h.   *Violation of Consumer Protection Acts (Count XIV)*

Florida's Deceptive and Unfair Trade Practices Act is alleged by the plaintiffs to have been violated by Zamora. Count XIV however, is unspecific and vague as to exactly what Zamora did or failed to do which constitutes an unfair or deceptive trade practice. Paragraph 2755 does allege that Zamora failed to disclose certain characteristics pertaining to the quality of the subject drywall. To the extent Count XIV attempts to impose liability on Zamora for any failure to warn homeowners about latent defects in drywall and/or test or inspect the drywall for a latent defect, then said Count should be dismissed for the same reasons Counts I and II should be, as discussed above.

      i.   *Equitable and Injunctive Relief and Medical Monitoring (Count XV).*

To the extent Count XV seeks to impose liability on Zamora for failing to test drywall for latently defective properties and/or to warn homeowners of such latent defects, then said Count should be dismissed for the reasons stated above with regards to Counts I and II of the Complaint.

    III.    *Conclusion*

For the reasons stated herein as well as in the Motion to Dismiss, the undersigned respectfully requests that this Court enter an Order dismissing the complaint in intervention I(B) and providing any other relief that the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum of Law in Support of Motion to Dismiss Complaint in Intervention I(B) has been served on Plaintiff's liason counsel, Russ Herman, Phillip A. Wittman, Homebuilder and Installer liason counsel and Defendant's liason counsel, Kerry Miller via e-mail and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established by MDL 2047, on this _27_ of _April_, 2011.

Rafael dJ. Pozo
Law Offices, Rafael dJ. Pozo, P.A.
P.O. Box 835155
Miami Florida 33283
305 443 4773
305 596 0204 fax

_____
By: Rafael dJ. Pozo, Esq.
Florida Bar No. 982075

Cc: Alina Zamora, via e-mail