MINUTE ENTRY
FALLON, J.
APRIL 26, 2011

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
|      DRYWALL PRODUCTS | * | |
|      LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  Prior to the conference, the Court met with Liaison Counsel and the Chairs of the Steering Committees.  At the conference, Liaison Counsel reported to the Court on topics set forth in Joint Report No. 20.  (R. Doc. 8622).  The conference was transcribed by Ms. Susan Zielie, Official Court Reporter.  Counsel may contact Ms. Zielie at (504) 589-7781 to request a copy of the transcript.  A summary of the monthly status conference follows.

The Court commenced the status conference by announcing that a class action settlement agreement had been reached by the Plaintiffs' Steering Committee, Interior Exterior Building Supply, LP, as well as its primary insurers, Arch Insurance Company and Liberty Mutual Fire Insurance Company, and that these parties filed a motion seeking approval from the Court thereof.  *See* (R. Doc. 8628)(Joint Motion for an Order: (1) Preliminarily Approving InEx

1

JS10(00:36)

Settlement Agreement, (2) Conditionally Certifying InEx Settlement Class, (3) Issuing Class Notice, and (4) Scheduling a Settlement Fairness Hearing).  The Court summarized the main points of the agreement and scheduled a hearing on the motion for May 6, 2011, at 10:00 a.m. central time.  *See* (R. Doc. 8634).  As a result of the agreement, the Court announced a stay on litigation and proceedings involving Interior Exterior, and indicated that a stay order would be forthcoming, directing the relevant parties to draft a proposed order for the Court.  The Court also indicated that once preliminary approval is granted, notice would be issued for the settlement class.  The Court expressed hope that this agreement would spur further settlement negotiations and resolutions.

Next, the PSC reported that recently between 1200 and 2000 more potential homeowner claimants, mostly from Texas, Florida, and Louisiana, have contacted the PSC, interested in filing claims in the litigation.

The Court also inquired as to whether the prior dispute involving incomplete and/or improper Plaintiff Profile Forms has been resolved.  Counsel for the Banner entities informed the Court that it has been working with the PSC to resolve the problem.  Additionally, the PSC further specified that it had remedied all but 19 profile forms and was working on those remaining.

Dawn Barrios, Chair of the State/Federal Coordination Committee, presented the Court with an updated disc containing information as to all related state-court proceedings. Additionally, Ms. Barrios informed the Court of an administrative proceeding and appeal in Virginia concluding that Chinese drywall manufactured by the Taishan defendants violated relevant state building codes.

2

With regard to discovery, the PSC informed the Court that it was working with other parties to schedule Knauf depositions in the near future. Additionally, in response to an inquiry by the Court, the parties discussed their respective experiences at the Hong Kong depositions of the Taishan defendants' Rule 30(b)(6) corporate representatives. Because the PSC, as well as other parties, felt that these depositions were not conducted properly, it declared its intent to file motions for further depositions. In response, the Court directed the parties to first meet-and-confer in an attempt to resolve the issue without motions and further depositions.

With regard to insurance issues in the MDL, the Insurers' Steering Committee and the PSC presented to the Court a joint memorandum discussing the CGL insurers' motions and a plan for setting such motions for hearing. These parties indicated that they would continue to meet-and-confer on how to handle discovery for the motions and a timeline for briefing and hearing.

Next, the Knauf defendants' counsel provided an update on the pilot program remediation. Counsel reported that 49 homes have been completed or are currently undergoing remediation, and 60 more are to be added to the program in the next few weeks. The Court praised the pilot program, and suggested it become a model for future litigation.

The Homebuilders' Steering Committee then reported to the Court regarding the Order issued by the Court requiring contribution to the Committee by homebuilder parties for fees and costs. The Committee stated that a majority of these parties have properly paid their contribution, and that it would provide a list to the Court of non-compliant homebuilders.

With regard to mediation, counsel noted that the Knauf defendants filed a motion to enforce a settlement agreement involving the Prichard Housing Authority, which is set for hearing on May 11, 2011.  The PSC indicated it would join Knauf in its motion.

Two motions were set for hearing at the conference.  The first being Banner Supply's Motion for Protective Order (R. Doc. 8512).  With regard to this Motion, the Court noted that the parties have agreed that subsequent depositions of Banner's Rule 30(b)(6) corporate representatives could take place, but that these depositions are not to cover any previously discussed issues.  Accordingly, IT IS ORDERED that this Motion is DENIED AS MOOT.

The second motion set for hearing was Knauf's Motion for Relief from Pretrial Order 1B (R. Doc. 8578).  After hearing from the parties and considering the briefs submitted, the Court determined that destruction of the drywall at issue is appropriate, but that interested parties, particularly the PSC, should be permitted one month from the date of the conference to inspect, test, and document the drywall, and thereafter, if the PSC seeks to preserve the drywall it is to pay for the costs of storage.  Accordingly, IT IS ORDERED that this Motion is GRANTED with the foregoing terms.

At the conclusion of the conference, the court announced the subsequent monthly conference dates: May 26, June 14, and July 14, 2011, each beginning at 9:00 a.m. central time in the Courtroom of Judge Eldon E. Fallon.  This information, as well as other dates and conference call numbers, can be found at the Court's website, http://www.laed.uscourts.gov/Drywall/Calendar.htm.