UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> The State of Louisiana, *ex rel* James D. ("Buddy") ) <br> Caldwell, the Attorney General of Louisiana ) <br> vs. ) <br> KNAUF GIPS KG, ET AL. ) <br> Case No. 2010-340 ) <br> ) | MDL NO. 2047 <br><br> SECTION: L <br><br><br> JUDGE FALLON <br> MAG. JUDGE WILKINSON |

## CROSS-NOTICE OF TAKING DEPOSITION
## SUBPOENA *DUCES TECUM* OF KNAUF GIPS KG

TO:   ALL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to Rule 26 and Rule 36(b)(6) of the Federal Rules of Civil Procedure, The State of Louisiana, *ex rel* James D. ("Buddy") Caldwell, the Attorney General of Louisiana ("the State"), by and through their undersigned attorneys, without waiving any of its rights to challenge this Court's jurisdiction, will take the deposition of Knauf Gips KG on May 10, 2011 beginning at 9:00 a.m. (Eastern) at the offices of Kaye Scholer, LLP, 425 Park Avenue (55th and 56th Streets), New York, New York 10022-3598 or another location mutually agreed upon by the parties.  Pursuant to Fed. R. Civ. P. 30(b)(6), Knauf Gips KG shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of Knauf Gips KG concerning the topics listed in Schedule A.  Further, Knauf Gips KG is instructed, pursuant to Fed. R. Civ. P. 30(b)(5) and Fed. R. Civ. P. 34, to produce all documents within its custody, possession, or control relating to the topics listed in Schedule B.

-2-

The deposition will be taken by stenographic means before a notary public or some other officer authorized by law to administer oaths, who is not of counsel to the parties or interested in the events of the cause. This deposition is being taken for all permissible purposes under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. At the time of the deposition or prior to such date, Knauf Gips KB shall produce the documents and items identified in the subpoena *duces tecum* attached herewith.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows. This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein. Counsel should be aware that all matters may be discovered in the deposition beyond the following and that the following explanation is made solely in accordance with the directives provided at the status conference. This is an MDL "common" deposition of Hans-Ulrich Hummel, a corporate representative of Knauf.

DATED this 29th day of April, 2011

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/   *David L. Black*
David L. Black, #22380
DBlack@perkinscoie.com
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Telephone:  303.291.2300
Facsimile:  303.291.2400

Attorneys for Plaintiffs State of Louisiana
And all others similarly situated,

## DEFINITIONS

"Defendant" or "you" or "your" shall mean Knauf Gips KG, in its present form or whether know by any other name(s) during the Relevant Time Period, and/or any of its officers, directors, employees, agents, or representatives, as applicable.

"Document" or "documents" means and includes any written, recorded, or graphic matter, however produced or reproduced, whether or not in the possession, custody, or control of Defendant and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, books, brochures, notes, diaries, notebooks, ledgers, letters, contracts, checks, drawings, graphs, charts, reports, records, statements, receipts, computer diskettes, computer printouts, teletypes, telecopies, invoices, worksheets, lists, memoranda, correspondence, telegrams, schedules, photographs, sound recordings, films, computer media, or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.

"Communicate" or "communication" means every manner or means of disclosure, transfer or exchange and every disclosure or transfer or exchange of information whether orally or by documents, face-to-face or by telephone, mail, personal delivery or otherwise.

"Knauf Entities" means, collectively, the following entities: Knauf Plasterboard Dongguan Co. Ltd.; Knauf Plasterboard Tianjin Co. Ltd.; Knauf Plasterboard Wuhu Auhui Co. Ltd.; Knauf Plasterboard Wuhu Co. Ltd.; Knauf Plasterboard Guandong Co. Ltd.; Knauf Gips KG; Knauf Insulation GmbH; Knauf International GmbH; Knauf Fiberglass GmbH; and, Knauf USA Polystyrene Inc., and/or Knauf Polystyrene.

"Knauf Drywall" shall mean the Chinese drywall imported by Knauf Entities into the United States and at issue in this Multidistrict Litigation No. 2047.

"Chinese Drywall" shall mean the Chinese drywall imported into the United States and at issue in this Multidistrict Litigation No. 2047.

"Person" means any natural person, corporation, partnership, business, governmental body, or entity of any kind.

"Relevant Time Period" shall mean the time period from January 1, 2001, to the present.

**SCHEDULE A**
**DEPOSITION TOPICS**

Pursuant to Rule 30(b)(6), Defendant shall designate and produce for deposition one or more of its partners, officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

1.  All deposition topics listed in Schedule A by the Plaintiffs Steering Committee and other cross-notices filed by any other party.

2.  The "Knauf Family Contract" dated December 9, 1994 (or any successor agreements).

3.  Communications with the European Union (EU) regarding Chartis' or any other parties' request for documents from the EU regarding the "Knauf Family Contract."

4.  Quality control, quality assurance or internal compliance reviews related to Knauf Drywall and its ingredients during the Relevant Time Period.

5.  Communications with L & W Supply Corporation d/b/a Seacoast Supply and/or USG Corporation related to Knauf Drywall.

6.  All testing done on samples of Knauf Drywall or Chinese Drywall collected from the United States (internally and externally), including, but not limited to, testing of Knauf Drywall collected by Hans-Ulrich Hummel or any other Knauf employee from homes in Florida.

7.  Testing, diagnostic, or chemical or other analysis done in Germany in response to all "smelly drywall" problems.

8.  Guidelines, testing protocol, or instructions given to Center for Toxicology and Environmental Health, Fraunhofer-Gesellschaft, Fraunhofer Institute for Building Physics, Helmholtz Association, Airsense Analytics, Center of Toxicology and Environmental Health,

LLC or any other testing institute regarding the sampling, testing, and/or reporting of the Knauf Drywall or Chinese Drywall samples collected from homes in Florida.

9. The witness' knowledge of the influence of sulfur on metals or metal components commonly used in construction.

10. Remedial measures taken by Knauf Entities in response to the "smelly drywall" or odor problem identified in the United States.

11. The negotiations leading to and the Settlement Agreement ("SA") entered into by Knauf Entities and Banner in February 2007.

12. The factual basis for the representations made in the SA.

13. Allegations in the Banner Entities' pleadings related to Knauf Entities.

14. Knauf Entities' involvement in the negotiations and representations leading to and in the SA.

15. Communications with any person from or representative of Banner regarding the storage of Knauf Drywall, the provision of domestic drywall substitutes, and/or the negotiated SA.

16. Communications with any person from La Suprema Enterprises or Rothchilt International Ltd. regarding Knauf Drywall during the Relevant Time Period.

17. Communications between any Knauf Entities or representatives and representatives of developer or homebuilders that are parties to any drywall litigation.

18. The factual basis for your defenses to Banner's claims against Knauf Entities.

19. The factual basis for the allegations in Banner's pleadings related to Knauf Entities.

72080-0001/LEGAL20757032.1

-7-

20. Warranties and representations related to Knauf Drywall made to anyone provided with it that was ultimately sold by Banner.

21. Testing or inspections performed before certifying that Knauf Drywall was compliant with all applicable laws and met all applicable standards.

22. Knauf Entities' current position as to whether the Knauf Drywall was defective.

## SCHEDULE B
## DOCUMENTS REQUESTED

Pursuant to Rule 30(b)(5), Knauf Gips KG shall product the following documents at its deposition:

1. Testing, inspection or reports performed by Fraunhofer-Gesellschaft or Fraunhofer Institute for Building Physics (collectively hereinafter "Fraunhofer") on any samples of Knauf Drywall or other Chinese Drywall subject of this litigation.

2. All communications between Professor Hummel and Christian Scherer, of Fraunhofer, regarding Knauf Drywall or other Chinese Drywall subject of this litigation.

3. All documents evidencing the engagement of Fraunhofer to test the Knauf Drywall or other Chinese Drywall subject of this litigation.

4. All communications written to and/or from Professor Hummel regarding Fraunhofer's testing of the Knauf Drywall or other Chinese Drywall subject of this litigation.

5. All reports drafted by Professor Hummel regarding Fraunhofer's testing of the Knauf Drywall or other Chinese Drywall subject of this litigation.

6. All communications between Professor Hummel and Dr. Yuan regarding possible causes of defect in the Knauf Drywall or other Chinese Drywall subject of this litigation.

7. All communications between Professor Hummel and Martin Halbach regarding possible causes of defect in the Knauf Drywall or other Chinese Drywall subject of this litigation.

8. Testing, inspections or reports performed by Helmholtz Association on any samples of Knauf Drywall or other Chinese Drywall subject of this litigation.

9. All documents evidencing the engagement of Helmholtz Association to test the Knauf Drywall or other Chinese Drywall subject of this litigation.

10. All communications written to and/or from Professor Hummel regarding Helmholtz Association's testing of the Knauf Drywall or other Chinese Drywall subject of this litigation.

11. All reports drafted by Professor Hummel regarding Helmholtz Association's testing of the Knauf Drywall or other Chinese Drywall subject of this litigation.

12. Testing, inspections or reports performed by Airsense Analytics on any samples of Knauf Drywall or other Chinese Drywall subject of this litigation.

13. All documents evidencing the engagement of Airsense Analytics to test the Knauf Drywall or other Chinese Drywall subject of this litigation.

14. All communications written to and/or from Professor Hummel regarding Airsense Analytics' testing of the Knauf Drywall or other Chinese Drywall subject of this litigation.

15. All reports drafted by Professor Hummel regarding Airsense Analytics' testing of the Knauf Drywall or other Chinese Drywall subject of this litigation.

16. Testing, inspections or reports performed by Center of Toxicology and Environmental Health, LLC (hereafter "CTEH") on any samples of Knauf Drywall or other Chinese Drywall subject of this litigation.

17. All documents evidencing the engagement of CTEH to test the Knauf Drywall or other Chinese Drywall subject of this litigation.

18. All communications written to and/or from Professor Hummel regarding CTEH's testing of the Knauf Drywall or other Chinese Drywall subject of this litigation.

19. All reports drafted by Professor Hummel regarding CTEH's testing of the Knauf Drywall or other Chinese Drywall subject of this litigation.

20. A copy of the "Knauf Family Contract."

72080-0001/LEGAL20757032.1

-10-

21. All documents that refer to, relate to, or concern the "Knauf Family Contract."

22. All communications written to and/or from European Union regarding Chartis' request for documents from the EU regarding the "Knauf Family Contract."

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Cross-Notice of Taking of Deposition *Duces Tecum* of Knauf GIPS KG has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail; and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was previously electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 29th day of April, 2011.

PERKINS COIE LLP

/s/ *David L. Black*
David L. Black, Esq.