UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

_____/

### BANNER'S RESPONSE TO COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.'S OBJECTIONS TO AND MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER

Banner Supply Company, Banner Supply Company Pompano, Banner Fort Myers LLC, Banner Supply Company Tampa, and Banner Supply International (hereinafter collectively referred to as "Banner") file this Response to Coastal Construction Group of South Florida Inc.'s (hereinafter "Coastal") Objections to and Motion to Quash Subpoena or for Protective Order.

Banner served on Coastal a <u>limited</u> Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (hereinafter "Subpoena") related to <u>one residence</u> (one of a few class certification fact witness homes) on or about April 13, 2011. Coastal claims that there is a stay on discovery in the MDL, citing Pretrial Orders # 1, 1A, 1B and 1C in support thereof, and refuses to respond to the Subpoena. *See* Coastal's Objections to and Motion to Quash Subpoena for Protective Order. However, Coastal refuses to acknowledge a subsequent Pretrial Order, which states that "the stay established in Pretrial Order No. 1 is now lifted with regard to responsive pleadings, <u>along with all other matters</u>." *See* Pretrial Order No. 1D, dated January 7, 2010 (emphasis added).

In addition, Coastal blatantly ignores what has occurred in the MDL over the last year. Despite Coastal's assertion that there is a stay on discovery, and as this Court is fully aware,

discovery has continued in an unabated fashion for some time in this MDL. Parties continue to propound discovery requests on each other. Banner, for instance, has responded to discovery filed by the PSC and a multitude of other parties. *See, e.g.,* LexisNexis File & Serve Doc. Nos. 27601760, 28871812, 27688451. Banner has also conducted non-party discovery. By way of example, Banner notes that this Court has conducted multiple hearings on Banner's Motions to compel various parties and non-parties, including Knauf, PSC, and CTEH. Discovery-related hearings have taken place virtually every month. Counsel for Coastal was advised to take a mere glance at the Daily E-Service Reports in this case before filing a Motion to further clog this Court's docket; such a glance would have revealed that discovery is ongoing.

Strangely, Coastal maintains that it contacted the Homebuilders' Steering Committee and was informed that a stay on discovery was in place. *See* E-mail from Brian Eves to Shubhra Mashelkar, dated April 22, 2011, attached hereto as *Exhibit A*. However, Neil Sivyer, a member of the Homebuilders' Steering Committee, recently propounded discovery on Banner on behalf of a homebuilder in the litigation, Taylor Morrison. *See* LexisNexis File & Serve Doc. Nos. 37095058; 36917973. Even more puzzling is Coastal's admission that it is "not disputing that some discovery has been allowed in this case, we have been participating in the depositions that have gone forth." *See* E-mail from Brian Eves to Shubhra Mashelkar, dated April 22, 2011, attached hereto as *Exhibit B*.

Furthermore, the monthly Joint Reports submitted to the Court by Plaintiffs' and Defendants' Liaison Counsel contain a section entitled, "Discovery Issues," which, as the name suggests, addresses various discovery disputes and the efforts being made by parties to resolve them. *See, e.g.,* Joint Report of Plaintiffs' and Defendants' Liaison Counsel No. 20 ("Joint report No. 20"), Section VIII, "Discovery Issues," pp. 9-14, dated April 25, 2011, pertinent

portion attached hereto as *Exhibit C*. Joint Report No. 20 contains almost five (5) full pages outlining the various discovery issues presently facing the parties to this litigation. *Id.* If discovery were stayed, as Coastal contends, why would the Court be addressing "Discovery Issues" every month? Counsel for Banner repeatedly requested that Coastal review these Joint Reports to the Court. The Joint Reports reflect that Coastal's position is frivolous and solely taken to harass and delay.

In addition, this Court specifically allowed Defendants Knauf and Banner to select five class member properties each, excluding class representatives, and conduct discovery related to these homes for purposes of class certification. One of the homes selected by the parties was the Tarek and Andrea Loufty property, which was built by Coastal. Banner served Coastal with a Subpoena related to only this <u>one</u> (1) home. It is vital for class certification purposes, among other reasons, that Banner have all documents and information relating to this home in order to meaningfully analyze the class certification issues. Only Coastal has information about the construction and installation of Chinese Drywall in the Loufty residence; this information cannot be obtained from another source. Coastal's assertion – that the Court's Class Certification Order prevents parties from obtaining discovery from parties other than the class representatives – is completely illogical and attempts to put a favorable gloss on the Court's Class Certification Order. Coastal should not be allowed to apply such a self-serving interpretation to the plain language of the Court's Class Certification Order.

Lastly, Coastal also objects to the Subpoena on the grounds that the "voluminous documents sought put an undue burden on [it]." *See* Coastal's Objections to and Motion to Quash Subpoena for Protective Order, ¶ 7. Coastal also makes the unqualified objection that the documents sought by Banner are privileged and confidential. *Id.* Such objections are

disingenuous excuses for not producing the documents prior to the depositions of class representatives. The documents sought pertain to only one home – the Loufty residence – and are not so "voluminous" as to impose a "burden" upon Coastal. If there was any confusion that the Subpoena was limited to one home, Banner's counsel notified Coastal's counsel that this was indeed the case. See e-mail from Shubhra Mashelkar to Brian Eves, dated April 22, 2011, attached hereto as *Exhibit D*. Additionally, Coastal's claim that these documents are privileged and confidential is unsupportable. If they were truly privileged and confidential, then Coastal should have produced a privilege log or simply complied with this Court's Order governing confidential documents.

Banner hereby certifies, through its undersigned counsel, that a good faith effort to resolve the issues set forth in this Motion was made prior to filing this Motion and Coastal's counsel refused to comply with discovery.

WHEREFORE Banner hereby moves the Court to deny Coastal's Objections to and Motion to Quash Subpoena or for Protective Order, for fees in having to respond, and any other remedy deemed appropriate by the Court.

Respectfully submitted, this 2nd day of May, 2011.

        WEINBERG, WHEELER, HUDGINS,
        GUNN & DIAL, LLC

        */s/ Nicholas P. Panayotopoulos*
        **NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**
        Georgia Bar Number: 560679
        3344 Peachtree Road, Suite 2400
        Atlanta, GA  30326
        Telephone (404)876-2700
        npanayo@wwhgd.com
        *Counsel for Banner Supply Company, Banner Supply Company Pompano, Banner Fort Myers LLC, Banner Supply Company Tampa, and Banner Supply International*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Certain Banner Entities' Response to Coastal Construction Group of South Florida, Inc.'s Objection To and Motion to Quash Subpoena or for Protective Order** has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 2nd day of May, 2011.

        WEINBERG, WHEELER, HUDGINS,
        GUNN & DIAL, LLC

        */s/ Nicholas P. Panayotopoulos*
        **NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**

1063942v1