# EXHIBIT B

## Snow, Connie E.

| | |
|---|---|
| **From:** | Brian Eves [BEves@defensecounsel.com] |
| **Sent:** | Friday, April 22, 2011 12:03 PM |
| **To:** | Mashelkar, Shubhra; Panayotopoulos, Nicholas |
| **Cc:** | Melissa Delgado; Addison Meyers |
| **Subject:** | RE: Subpoena served on Coastal Construction |

Thank you for the attached Report, however I still do not see where it references the lift of the stay for the Subpoena served on my client. I am not disputing that some discovery has been allowed in this case, we have been participating in the depositions that have gone forth. But the discovery has been under the directions and Orders of the Court and through the Steering Committees. Which would lead me to ask why this Subpoena was not filed through the Steering Committee instead of through you directly if it involves the matter of class certification?

You have stated that this Subpoena was issued in reference to the class certification, and again the Order from Judge Fallon was specific that it allowed you to "propound written discovery upon the designated class representatives" and "depose . . . fact witnesses **with respect to Class Certification issues**." Why would Judge Fallon feel the need to be that specific if the type of Subpoena you are serving was allowed? I think you can agree that Coastal Condominium is not a class representative and your subpoena is not for deposition.

Please let us know when you have scheduled this for conference with Judge Fallon. Thank you fop your attention in this matter.

Sincerely,

Brian A. Eves, Esq.
Associate
Mintzer Sarowitz Zeris Ledva & Meyers LLP
The Waterford at Blue Lagoon
1000 N.W. 57th Court
Suite 300
Miami, Florida 33126
Tel: (305) 774-9966
Fax: (305) 774-7743

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

**From:** Mashelkar, Shubhra [mailto:SMashelkar@wwhgd.com]
**Sent:** Friday, April 22, 2011 11:36 AM
**To:** Panayotopoulos, Nicholas; Brian Eves

**Cc:** Melissa Delgado; Addison Meyers
**Subject:** RE: Subpoena served on Coastal Construction

Brian,

Please find attached Jt. Report No. 17, Section VIII which discusses all the discovery that has taken place in the MDL. There are numerous pleadings that I can cite to if you need.

We are waiting on hearing back from Lexy.

Thanks

Shubhra

---

**From:** Panayotopoulos, Nicholas
**Sent:** Friday, April 22, 2011 11:14 AM
**To:** Brian Eves
**Cc:** Melissa Delgado; Addison Meyers; Mashelkar, Shubhra
**Subject:** RE: Subpoena served on Coastal Construction

I will get you more documents, in addition to the ones Shubhra has already pointed you to. I am also letting you know that other Homebuilders that have had a seat at the table at virtually every hearing and conference with the judge do not share your views, based on the discovery they have served.

*Nick*
*(404) 832-9540*

---

**From:** Brian Eves [mailto:BEves@defensecounsel.com]
**Sent:** Friday, April 22, 2011 11:09 AM
**To:** Panayotopoulos, Nicholas
**Cc:** Melissa Delgado; Addison Meyers
**Subject:** RE: Subpoena served on Coastal Construction

If you can direct me to the Order from the Court that lifted the stay as to discovery or allowed subpoenas to be sent to the homebuilders, I will be more than happy to review it and discuss the matter further. Or in the alternatives direct me to which Monthly Status Report states that such an Order was entered. I have reviewed the Orders from the Court and I do not see any such directive and the Orders referenced by Ms. Mashelkar do not support your position.

Again, I appreciate your position regarding the filing of the Motion, but it is necessary to protect my clients rights under Federal Rules of Civil Procedure to protect my clients rights. Additionally, the Steering Committee has reviewed your Subpoena and is in agreement with our position and advised us that the filing of this Motion is the proper and necessary course of action.

We will work with you to set up a time to discuss this with Judge Fallon and resolve the issue, or discuss the matter further if you can present the orders of the Court that lift the stay on discovery in Pretrial Order #1 as to subpoenas to home-builders.

Sincerely,

Brian A. Eves, Esq.

Associate
Mintzer Sarowitz Zeris Ledva & Meyers LLP
The Waterford at Blue Lagoon
1000 N.W. 57th Court
Suite 300
Miami, Florida  33126
Tel:  (305) 774-9966
Fax: (305) 774-7743

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

**From:** Panayotopoulos, Nicholas [mailto:NPanayo@wwhgd.com]
**Sent:** Friday, April 22, 2011 10:57 AM
**To:** Brian Eves
**Cc:** Mashelkar, Shubhra
**Subject:** RE: Subpoena served on Coastal Construction

Brian, I work with Shubhra on this matter.  You may want to look at the monthly status reports to and from the Court and all the filings that have happened in the last six months that reflect that discovery is ongoing before filing a motion that takes what we consider to be a novel position.  I also suggest that you wait before filing a motion based on the judge's instructions at the last hearing that he was ready to resolve such conflicts related to the class certification via telephone to avoid clogging the docket.  Obviously, your decision.

*Nick*
*(404) 832-9540*

**From:** Mashelkar, Shubhra
**Sent:** Friday, April 22, 2011 10:52 AM
**To:** Panayotopoulos, Nicholas; Sandlin, Katie N.
**Subject:** FW: Subpoena served on Coastal Construction

**From:** Brian Eves [mailto:BEves@defensecounsel.com]
**Sent:** Friday, April 22, 2011 10:45 AM
**To:** Mashelkar, Shubhra
**Cc:** Melissa Delgado; Addison Meyers
**Subject:** RE: Subpoena served on Coastal Construction

Thank you, let us know as soon as possible what times are available.  Please note that we will be filing the Motion to Quash or for Protective Order.

4/25/2011

Sincerely,

Brian A. Eves, Esq.
Associate
Mintzer Sarowitz Zeris Ledva & Meyers LLP
The Waterford at Blue Lagoon
1000 N.W. 57th Court
Suite 300
Miami, Florida  33126
Tel:  (305) 774-9966
Fax: (305) 774-7743

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

**From:** Mashelkar, Shubhra [mailto:SMashelkar@wwhgd.com]
**Sent:** Friday, April 22, 2011 10:33 AM
**To:** Brian Eves
**Cc:** Melissa Delgado; Addison Meyers; Panayotopoulos, Nicholas; Sandlin, Katie N.
**Subject:** RE: Subpoena served on Coastal Construction

Thanks, Brian. I will call up Lexy and set up a call with her.

**From:** Brian Eves [mailto:BEves@defensecounsel.com]
**Sent:** Friday, April 22, 2011 10:31 AM
**To:** Mashelkar, Shubhra
**Cc:** Melissa Delgado; Addison Meyers
**Subject:** RE: Subpoena served on Coastal Construction

Please note that Pre-Trial Order 1D did not lift the stay on discovery, only on motion practice and responsive pleadings. This is confirmed in Pre-Trial Order 1H. I have also reviewed this with the Steering Committee and they have confirmed that the discovery stay is still in effect.

Judge Fallon's class certification Order, from January 11, 2011, allows you to "propound written discovery upon the designated class representatives" and "depose . . . fact witnesses **with respect to Class Certification issues**." My client, Coastal Construction is not a designated class representative and this Subpoena is not for a deposition. Further, the scope of the Subpoena is far beyond the issues of the Lautfey's abilities and qualifications to serve as class representatives, which was the spirit and intention of the Order.

I appreciate your representations about the filing of the Motion, but Federal Rules of Civil Procedure 26 and 45 make it essential for us to file this Motion if you will not withdraw the subpoena to protect our client's rights. We have no problem setting up a conference or hearing with Judge Fallon to resolve the issue if

4/25/2011

needed, but we cannot accept your position in this matter.

Sincerely,

Brian A. Eves, Esq.
Associate
Mintzer Sarowitz Zeris Ledva & Meyers LLP
The Waterford at Blue Lagoon
1000 N.W. 57th Court
Suite 300
Miami, Florida 33126
Tel: (305) 774-9966
Fax: (305) 774-7743

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

---

**From:** Mashelkar, Shubhra [mailto:SMashelkar@wwhgd.com]
**Sent:** Friday, April 22, 2011 10:08 AM
**To:** Brian Eves; Panayotopoulos, Nicholas; Sandlin, Katie N.
**Cc:** Melissa Delgado; Addison Meyers
**Subject:** RE: Subpoena served on Coastal Construction

Brian,

We disagree with your position regarding our ability to obtain discovery from your client. Discovery has been ongoing in this case for almost a year now. Please note that Pretrial Order No. 1D lifted the stay you mention in your email below. Additionally, the class certification order allows us fact witness discovery (other than the class representatives).

I am happy to work with you regarding the scope of the Subpoena. As I mentioned earlier, the Loufty home has been selected as a fact witness for class certification purposes and we are concerned with obtaining discovery only related to that home.

The Court has on several occasions requested us to resolve matters via teleconference with him rather than filing pleadings and clogging the docket. If we are unable to resolve this matter, I will be happy to call Judge Fallon's clerk, Lexy, to set up a conference. Again, I would prefer to resolve this matter internally rather than getting the Court involved. Please let me know if you have time to talk today.

Thanks

Sincerely,

Shubhra

4/25/2011

**From:** Brian Eves [mailto:BEves@defensecounsel.com]
**Sent:** Friday, April 22, 2011 9:23 AM
**To:** Mashelkar, Shubhra
**Cc:** Melissa Delgado; Addison Meyers
**Subject:** RE: Subpoena served on Coastal Construction

Thank you for your prompt response.

Attached is Judge Fallon's Pre-Trial Order #1, his January 11, 2011 regarding class certification discovery, and our proposed Motion to Quash Subpoena or for Protective Order. As you can see, the Pre-Trial order specifically states "all outstanding discovery proceedings are stayed, and **no further discovery will be initiated.**" That directive is reiterated in Pre-Trial Orders 1A, 1B, and 1C and we can provide copies if you wish.

The Order Judge Fallon entered on January 11, 2011 did lift the stay for Defendants to propound additional written discovery upon designated class representatives and take their depositions. However, I have conferred with the Steering Committee and they confirmed that there is no other lift on the discovery stay.

I would also disagree with your interpretations of the scope of your Subpoena. Items 12, 13, 14, 17, and 24 of your subpoena go beyond documents related only to the unit in question. Further, the scope of the entire Subpoena goes far beyond information needed to determine the qualifications of the Loutfys to be class representatives.

We have not yet filed the attached Motion and I appreciate your efforts in trying to resolve this matter. Please let me know if you will withdraw the subpoena or if you have any questions or concerns.

Sincerely,

Brian A. Eves, Esq.
Associate
Mintzer Sarowitz Zeris Ledva & Meyers LLP
The Waterford at Blue Lagoon
1000 N.W. 57th Court
Suite 300
Miami, Florida 33126
Tel: (305) 774-9966
Fax: (305) 774-7743

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

**From:** Mashelkar, Shubhra [mailto:SMashelkar@wwhgd.com]

**Sent:** Friday, April 22, 2011 7:50 AM
**To:** Brian Eves
**Cc:** Melissa Delgado; Sandlin, Katie N.
**Subject:** RE: Subpoena served on Coastal Construction

Brian,

Thank you for your email. While I apologize for not being able to communicate with you regarding this, the associate, Katie Sandlin, in charge of the subpoenas tried to get in touch with you about this. We do not believe that Judge Fallon has stayed all discovery in the litigation. I am not aware of any such Order from the Court. If you are, please send me a copy to me and we will reconsider our position. Additionally, our subpoena is limited to one condo unit (Loutfy) and can hardly be considered broad in scope or unduly burdensome.

Please understand that we are under tight deadlines for class certification. Like you, I would like to avoid having to bring this up with the Court. Please call me this morning and hopefully we can resolve this issue.

Thanks

Sincerely,

Shubhra

Shubhra R. Mashelkar, Esq.
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
Direct: (404) 591-9663
Firm: (404) 876-2700
Fax: (404) 875-9433

**From:** Brian Eves [mailto:BEves@defensecounsel.com]
**Sent:** Thursday, April 21, 2011 3:56 PM
**To:** Mashelkar, Shubhra
**Cc:** Melissa Delgado
**Subject:** Subpoena served on Coastal Construction
**Importance:** High

Ms. Mashelkar,

We represent Coastal Construction whom you have served with a subpoena for records in the Chinese Drywall case, MDL 2047. We are prepared to file a Motion to Quash and or for Protective Order against the Subpoena. As you know, Judge Fallon stayed all discovery in the litigation and therefore your Subpoena is inappropriate, beyond the numerous objections to scope and undue hardship your Subpoena would entail.

I tried to call you earlier regarding this subpoena and our objections/concerns, but only received a voice mail response from your assistant stating that your office felt the Subpoena was appropriate as it sought information regarding a potential class certification. The Order from Judge Fallon on January 11, 2011 only permitted you to seek discovery from class representatives, not other third parties.

I would like to save the time and effort for both of us to avoid having to file the Motion and have it

heard and I ask you to withdraw your Subpoena until such time as it is proper in the litigation. But if I have not heard from you by tomorrow morning I will have no choice but to file the Motion.

Thank you for your attention and cooperation in this matter.

Sincerely,

Brian A. Eves, Esq.
Associate
Mintzer Sarowitz Zeris Ledva & Meyers LLP
The Waterford at Blue Lagoon
1000 N.W. 57th Court
Suite 300
Miami, Florida  33126
Tel: (305) 774-9966
Fax: (305) 774-7743

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

The information contained in this message may contain privileged client confidential information. If you have received this message in error, please delete it and any copies immediately.

4/25/2011