UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Silva, et al. v. Interior Exterior Building Supply, LP, et al.*<br>Case No. 09-08030 (E.D. La.)<br><br>*Silva, et al. v. Arch Insurance Company, et al.*<br>Case No. 09-08034 (E.D. La.)<br><br>*Payton, et al. v. Knauf Gips, KG, et al.*<br>Case No. 09-07628 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*<br>Case No. 2:10-cv-00361 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-6690 (E.D. La.)<br><br>*Rogers, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:10-cv-00362 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Ins. Co.*<br>Case No. 2:10-cv-00932 (E.D. La.)<br><br>*Kenneth Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 2:11-080 (E.D. La)<br><br>*Daniel Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 2:11-252 (E.D. La.) | |

**THE PLAINTIFF STEERING COMMITTEE'S RESPONSE IN OPPOSITION TO
SOUTHERN HOMES LLC'S EMERGENCY MOTION FOR EXTENSION OF TIME**

**I.     INTRODUCTION**

The Plaintiffs' Steering Committee submits this response in opposition to the Emergency Motion for Extension of time filed builder-defendants, Southern Homes, LLC; Tallow Creek, LLC; and Springhill, LLC ("Southern Homes").  The fundamental question presented by the InEx Settlement Agreement that is before this Court is whether the settlement is sufficiently within the bounds of fairness and adequacy such that the class should be notified of the settlement.  Southern Homes is not evaluating these criteria.  Instead, to ensure that builders "are protected and that their rights are not stripped away," Southern Homes Memo at 2, Southern Homes asks for more time to formulate objections to the proposed settlement.  There already is ample time for Southern Homes to accomplish that task during the notice period anticipated by the PSC's motion for preliminary approval.  Accordingly, the motion to extent time should be denied.

**II.    ARGUMENT**

    **A.    THE STANDARD FOR PRELIMINARY APPROVAL IS A LIBERAL ONE.**

Approval of a class action settlement is a two-step process.  The first involves certification of a settlement class and preliminary approval of the settlement and its related processes, such as notice, a claim form and the scheduling of a final fairness hearing.  *See* 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions §§ 11.22, 11.26, 11.27 (4th ed. 2002).  The second step is final approval of the settlement under Rule 23(e)(1)(c) after a final fairness hearing.  *See generally*, *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 207-10 (5th Cir. 1981); *In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 173-77 (5th Cir. 1976).
*In re Nasdaq Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y 1998).

Rule 23 does not require preliminary approval; preliminary approval instead arises from long-established Rule 23 jurisprudence.  The process is described in the *Manual for Complex*

*Litigation*, *Fourth* (Federal Judicial Center 2004) ("*Manual*"), designed by the Federal Judicial Center to aid federal judges in the management of complex litigation. The *Manual* explains that in considering preliminary approval, courts essentially make an initial fairness determination based on information already known to the court, plus any additional information that the court might find necessary to aid its determination. *Manual* § 21.632. Such additional information might be presented through supplemental briefs, motions or informal presentation of the parties. *Manual* § 21.632.

In seeking preliminary approval, the proponents of a class are required to satisfy the court of the settlement's prima facie fairness. *Cope v. Duggins*, 2001 WL 333102, *1 (E.D. La. Apr. 4, 2001) (Fallon, J.). The court must ensure that the class meets all of the applicable requirements for certification under Rule 23. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Specifically, the named plaintiff must meet the prerequisites of Rule 23(a) and at least one of the subsections of Rule 23(b), *Marisol A. v. Giuliani*, 126 F.3d 372, 375-76 (2d Cir. 1997), albeit with one important exception; because the proposal is for the case to settle rather than proceed to trial, courts considering approval of a settlement-only class should not take into account issues relating to trial manageability. *Amchem Prods.*, 521 U.S. at 620 ("[T]he district court . . . 'need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.'").

Preliminary approval is precisely that – preliminary, not final. This is implicit in the two-tiered structure of the approval process. Thus, in considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement. *Cope, supra.* This involves making an initial determination that the settlement is "possibly fair, reasonable and adequate." *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995). "The Court's function . . . is 'to ascertain whether there is any reason to notify the class members of the proposed settlement and

3

to proceed with a fairness hearing.'" *Id.* at 209, *quoting Armstrong v. Bd. of Sch. Directors of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980).  *See also In re Baldwin-United Corp.*, 105 F.R.D. 475, 482 (S.D.N.Y. 1984) ("Upon consideration . . . for preliminary approval, the Court finds that it is at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.").

"[T]he court need only find that the proposed settlement fits 'within the range of possible approval.'"  *Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. at 210, *quoting Armstrong v. Bd. of Sch. Directors of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980).  It should not, "make any final determinations as to the fairness or adequacy of the proposed settlement, [and] should merely determine whether there is 'probable cause' on these issues sufficient to submit the proposal to" absent class members. *In re Panasonic Consumer Electronics Prods. Antitrust Litig.*, No. 89 Civ. 0368(SWK), 1989 WL 63240, at *2 (S.D.N.Y. June 5, 1989), *citing In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1987).  The court will have a greater opportunity to scrutinize the settlement later, at the final approval stage.  *See Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. at 210.

Thus, preliminary approval is granted where "there is good cause to issue notice to the class and to proceed with a fairness hearing, the Court must determine that the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible [judicial] approval.." *In re Combustion, Inc.,* 968 F.Supp. 1116, 1124 (W.D.La. 1997);  *See also In re Medical X-Ray Film Antitrust Litig.*, 1997 WL 33320580, at *6 (E.D.N.Y. Dec. 26, 1997) ("[P]reliminary approval should be granted and notice of the proposed settlement given to the class if there are no obvious deficiencies in the proposed settlements. . . [and] the settlement is the result of serious, informed and non-collusive negotiations.")

4

Applying the above standard to this case, and for the reasons set forth below and in the PSC's previous memorandum, the PSC respectfully submits that preliminary approval of this Settlement Class is appropriate. As a consequence, no need exists to delay the scheduled hearing of May 6, 2011. Southern Homes will have more than enough time to formulate their response to the settlement as there will be a notice period, a opportunity to object MONTHS from now, and a Final Fairness hearing MONTHS from now.

As a consequence, Southern Homes is not prejudiced by proceeding with the Preliminary Fairness Hearing scheduled for May 6. That hearing should go forward as scheduled.

### III.  CONCLUSION

For the reasons set forth above, Southern Homes motion for extension of time should be denied.

Respectfully submitted,

Dated: May 2, 2011   /s/ Leonard A. Davis
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel in MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Matthew C. Gaughan (On the Brief)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
BECNEL LAW FIRM, LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
COLSON, HICKS, EIDSON, COLSON
 MATTHEWS, MARTINEZ, GONZALES,
 KALBAC & KANE
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS, MITCHELL
 ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
 & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
PARKER, WAICHMAN, ALONSO, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
LUMPKIN & REEVES
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
SEEGER WEISS, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
LEWIS & ROBERTS
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.WSuite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

8

## PROPOSED CLASS COUNSEL

Arnold Levin
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

Russ M. Herman, Esquire (Bar No. 6819)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Rherman@hhkc.com

## PROPOSED SUBCLASS COUNSEL

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
 & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
*Proposed Louisiana Subclass Counsel*

James Robert Reeves
LUMPKIN & REEVES
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630   jrr@lumpkinreeves.com
*Proposed Non-Louisiana Subclass Counsel*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 2nd day of May, 2011.

      /s/ Leonard A. Davis
      Leonard A. Davis, Esquire
      HERMAN, HERMAN, KATZ & COTLAR, LLP
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      Ldavis@hhkc.com
      *Plaintiffs' Liaison Counsel in MDL 2047*
      *Co-counsel for Plaintiffs*