## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET: 2047** |
| | **SECTION:  L** |
| **THIS DOCUMENT RELATES TO:** *Vickers, et al. v. Knauf Gips, KG, et al* **EDLA 09-04117** | **JUDGE FALLON** |
| | **MAG. JUDGE WILKINSON** |

_____/

### RESPONSE AND MEMORANDUM IN OPPOSITION TO CERTAIN DEFENDANT BANNER ENTITIES' MOTION TO STRIKE HOMEBUILDERS' FACT WITNESS LISTS

COMES NOW, the Homebuilders' Steering Committee ("HSC"), which files this Response and Memorandum in Opposition to the Motion by Certain Defendant Banner Entities to Strike Homebuilders' Fact Witness Lists, filed on April 22, 2011, seeking to strike the fact witness lists filed by Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation (collectively, "Lennar"); and Taylor Morrison Services, Inc. f/k/a Morrison Homes, Inc. and Taylor Woodrow Communities at Vasari, LLC (collectively, "Taylor").  In support thereof, the HSC states:

### INTRODUCTION

The MDL Court has recently allowed Lennar and Taylor (collectively, the "Homebuilders") to intervene as potential class representatives on behalf of homebuilders in the *Vickers* class action case now pending against Banner.  In accordance with the Court's Scheduling Order, the Homebuilders timely filed their designations of witnesses regarding class certification.  Banner now seeks to strike the Homebuilders' witness lists in an effort to circumvent the Court's Order and Reasons granting the Homebuilders' Motions to Intervene, entered on March 25, 2011 (the "Order").  If the Homebuilders cannot present witnesses and

evidence on class certification issues, the Homebuilders will be prevented from participating in the class certification process, which will effectively render the Court's Order moot.

## **ARGUMENT**

The relief requested by Banner in the Motion is a pretext to Banner's true intention: the preclusion of the involvement of the Homebuilders in the *Vickers* case.  Banner has already been heard on that issue, and this Court has already ruled.  At the time that various homebuilders filed motions to intervene, Banner acknowledged that it had no objection to the participation of homebuilders in the *Vickers* matter for the purposes of participating in class-wide settlement discussions with Banner and the PSC.  *See* Transcript of Motion Hearing at p. 26.[1]

Unlike many of the other homebuilders, Taylor and Lennar not only wanted to participate in the class-wide settlement discussions, but also requested active participation in the class action proceedings as class representatives.  Banner objected to the additional relief requested by Taylor and Lennar (the PSC did not object).  As argued by Homebuilder counsel at the hearing on the Motions to Intervene:

> "We would have to be deposed anyway, You Honor, because we are the only folks that have repaired homes.  We would have to testify.  Our class representatives would be the ones who would address the snowflake theory that Banner has, that each home is different.  We will be able to show to the Court homes in different communities, different sizes and shapes and address how they're all repaired in a similar manner and what the costs are. … Your Honor, we will be very helpful in this case.  We can have our class representatives available for deposition immediately.  And we will be the ones presenting the evidence…"

*See* Transcript of Motion Hearing at pp. 23-24 (emphasis added).

The participation of Taylor and Lennar is needed to dispel the argument of Banner that "each home and each repair is different."

---

[1] A copy of the Transcript of Motion Hearing from March 23, 2011, is attached hereto as Exhibit "A."

During oral argument on Taylor's and Lennar's motions to intervene, Banner argued against participation by the Homebuilders solely on the basis of the practical issues presented by the potential expansion of discovery.  In the Order and Reasons, the Court addressed this issue and acknowledged that the Homebuilders will be participating in discovery when evaluating the timeliness of the Homebuilders' motions, by stating:

> Additionally, at oral argument these homebuilders indicated their class reps would be available for depositions immediately, reducing any delay or prejudice to the existing parties.

Order and Reasons, p. 8.

Effective participation in negotiating a class-wide settlement will first require participation in the certification of a class.  This notion is also supported by the Court's denial of Banner's Motion for Protective Order regarding multiple corporate representative depositions at the last MDL hearing on April 26, 2011 (R. Doc. 8649).  The Court agreed that Banner representatives with knowledge of delivery of Chinese drywall to subcontractors of the homebuilders should be deposed.

The pretextual nature of Banner's Motion is most evident when considering that even if Banner's Motion is granted, the key witnesses listed will still have to be deposed and testify at a hearing on class certification and, subsequently, at trial.  The Homebuilders certainly acknowledge that most of their witnesses listed will not testify at a class certification hearing or at trial, provided that Banner stipulates to 1) the delivery of defective Chinese-manufactured drywall to homes built by the Homebuilders or 2) the authenticity of invoices and delivery tickets reflecting delivery of defective Chinese-manufactured drywall to homes built by the Homebuilders.  If so, the Homebuilders only anticipate the need to call two or three of the witnesses listed (relating to delivery of Chinese drywall to subcontractors and remediation).  It

will be Banner's refusal to stipulate to the most basic of issues that will result in the undue expansion of discovery, not the Homebuilders' participation.

The Homebuilders have already offered the availability of their corporate representatives for deposition.   In return, Banner has engaged in efforts to set the deposition of every homeowner that has assigned its claims to Taylor, as well as a number of Taylor's current and former employees.[2]  This follows Banner's service of extensive discovery requests to Taylor and Banner's naming of 100 witnesses, including the Homebuilders and witnesses listed by the Homebuilders that are the subject of Banner's Motion (R. Doc. 8619).

Banner has cited to the Court's Order and Reasons on the Homebuilders' Motions to Intervene as the primary basis for striking the fact witness lists.   The Order permitting intervention by Taylor and Lennar does contain a reference that the intervention request was limited to participating in settlement negotiations.  That was actually true of Centerline but not Taylor or Lennar.  It is clear from the transcript of the hearing on the Motions to Intervene that the Homebuilders sought to participate for both settlement and litigation purposes.  To the extent that the reference in the Order was intended to express the Court's ruling that these Homebuilder class representatives would not be permitted to participate in the class certification hearing, the Homebuilders request clarification of the Order.

WHEREFORE, the Homebuilders' Steering Committee respectfully request that this Court deny Banner's Motion to Strike Homebuilders' Witness Lists and permit the Homebuilders to participate in discovery and preparation of class-wide issues.

Dated:  May 3, 2011

---

[2] A copy of the April 27, 2011 letter from counsel for Banner is attached as Exhibit "B."

/s/ Neal A. Sivyer
Neal A. Sivyer
Florida Bar No. 373745
Stephen E. Walker
Florida Bar No. 0497851
**SIVYER BARLOW & WATSON,  P.A.**
401 E. Jackson Street, Suite 2225
Tampa, Florida  33602
Telephone:  (813) 221-4242
Facsimile:  (813) 227-8598
*Attorneys for Taylor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2011, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., and Homebuilders' Steering Committee Dorothy Wimberly and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq. by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

/s/ Neal A. Sivyer
Neal A. Sivyer