# EXHIBIT "H"

**Montoya, Patrick**

| | |
|---|---|
| From: | Lenny Davis [LDAVIS@hhkc.com] |
| Sent: | Wednesday, April 27, 2011 1:35 PM |
| To: | Tom Owen; Seeger, Chris; BASSH@gtlaw.com; eric.statman@hoganlovells.com; Gonzalez, Ervin |
| Cc: | frank.spano@hoganlovells.com; Rick Stanley; Russ Herman; Fred Longer; joe.cyr@hoganlovells.com; alevin@lfsblaw.com; Montoya, Patrick; Grand, Jeff; rserpe@serpefirm.com; Toni Vallejos; Lillian Flemming; Anthony Irpino |
| Subject: | RE: Meet-and-Confer |
| Attachments: | Motion to Compel Sections.pdf |

This confirms the hour long meet and confer we had just a little while ago. This is the second meet and confer that we have had following Judge Fallon's directives at the status conference. Participating in the conference for Taishan was Frank Spano, Renee Garcia, Matthew Galvin, Tom Owen, and Courtney Colegan (sorry if I misspelled). Participating for the PSC, in addition to myself, was Arnold Levin, Fred Longer, Ervin Gonzalez, Patrick Montoya, Richard Serpe and Anthony Irpino. Hilarie Bass participated for the Home Builders. I advised that others may have an interest in this matter, but that I did not know if the Taishan lawyers had included them, and they may have further comments. We are mindful of your desire to conclude jurisdictional discovery. We indicated to you that "full and complete" disclosure was necessary and that we did not believe that the Hong Kong 30(b)(6) deposition was conducted in that light. There were glaring issues to which many have already been addressed and we did not rehash them in the call. The PSC has advised that it intends on seeking sanctions as a result of the improper discovery techniques and responses of Taishan (and I have used this term generically as indicated in the call). You requested that we outline the various items discussed in the call with respect to documents being sought and testimony. Attached is a summary that should provide substantial assistance. We are also interested in obtaining the following:

1.  Production of all documents underlying the Profile Forms;
2.  Confirmation of your verbal representation that a hold was placed on all ESI so that all Taishan documents have been preserved;
3.  Production of a meaningful and knowledgeable corporate representative who is able to fully and completely testify regarding the Profile Form and the transactions referenced in the Profile Form;
4.  Production of Bill Cher to testify;
5.  Production of Apollo Yang to testify;
6.  Production of all custodian files and documents by, to or among Bill Cher;
7.  Production of all custodian files and documents by, to or among Apollo Yang; and
8.  Production of the individual who signed the Profile Forms.

We have requested that if you believe any documents have been produced that are responsive to the various requests, that you identify by specific bates number those documents that are responsive to a particular request. We have thus far not been able to identify produced documents to the particular requests identified in this email. We, therefore, seek your cooperation and assistance so as to avoid unnecessary delays and unneeded motion practice. The identification of documents by bates number that are responsive to the requests is helpful.

We agreed to disagree regarding the witnesses who testified concerning the Profile Form. You believe the witnesses were forthcoming and knowledgeable. Hilarie disagreed and cited specific page numbers from the deposition. We agreed that this matter would be addressed with the Court.

1

Hilarie indicated that it was her intention to have a motion filed by Tuesday, May 3, 2011. I indicated to you that the PSC hoped to have its motion on file prior to that. Hilarie and I both indicated that it was our intent to have the matters set for hearing on May 11, 2011, as discussed with the Court at the status conference. You indicated that this time frame should be delayed and requested that any motions be set following the status conference. We oppose any delay.

You requested that the PSC set forth specific items in additional interrogatories and/or request for production. We indicated that Judge Fallon requested that we meet and confer to avoid the delay in response and that we believed the meet and confer process had been beneficial so that you had a complete understanding based upon the two meet and confers as to the items being sought. This email certainly confirms the items addressed and you now have had ample opportunity to know the issues that will be set forth in the motion to be filed. We remain committed to continuing meet and confer sessions if you so desire. We requested that you respond to our particular requests this week and if any can be resolved prior to filing motions, we would attempt to do so. We also indicated that we remain committed to the meet and confer process, even after the filing of motions, and again offered to meet in Hilarie Bass' office in New York on May 9, 2011.

Finally, you requested confirmation that the PSC would drop its request for sanctions. We have not agreed to do that. We have advised you that we do not believe Taishan has been forthcoming or acted proper in responding to discovery. We remain committed to discovering all items necessary to pursue this litigation and will not tolerate obstruction, unnecessary delays, and expect that there will be candor in dealing with these matters.

I believe this captures the substance of our discussion.


Leonard A. Davis
Attorney at Law
Herman, Herman, Katz & Cotlar LLP
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.
CONFIDENTIAL ATTORNEY WORK PRODUCT


-----Original Message-----
From: Tom Owen [mailto:tpo@stanleyreuter.com]
Sent: Wednesday, April 27, 2011 9:24 AM
To: Lenny Davis; Seeger, Chris; BASSH@gtlaw.com; eric.statman@hoganlovells.com; ervin@colson.com
Cc: frank.spano@hoganlovells.com; Rick Stanley; Russ Herman; Fred Longer; joe.cyr@hoganlovells.com; alevin@lfsblaw.com; Patrick Montoya; Grand, Jeff; rserpe@serpefirm.com; Toni Vallejos; Lillian Flemming
Subject: RE: Meet-and-Confer

Do you have the call-in information for the conference at 11? Thanks.

Thomas P. Owen, Jr.

Stanley, Reuter, Ross, Thornton, & Alford L.L.C.
Counsellors at Law
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
TELEPHONE:   (504) 523-1580
TELECOPIER: (504) 524-0069
WEBSITE:   www.stanleyreuter.com
E-MAIL:   tpo@stanleyreuter.com


-----Original Message-----
From: Lenny Davis [mailto:LDAVIS@hhkc.com]
Sent: Tuesday, April 26, 2011 4:40 PM
To: Seeger, Chris; BASSH@gtlaw.com; eric.statman@hoganlovells.com; ervin@colson.com
Cc: tpo@stanleyreuter.com; frank.spano@hoganlovells.com; rcs@stanleyreuter.com; Russ Herman; Fred Longer; joe.cyr@hoganlovells.com; alevin@lfsblaw.com; Patrick Montoya; Grand, Jeff; rserpe@serpefirm.com; Toni Vallejos; Lillian Flemming
Subject: RE: Meet-and-Confer

It appears that only tomorrow will work for a second meet and confer. I am asking my assistant to circulate a call in number for a call at 11 am CT (noon et) tomorrow to further address taishan discovery issues. If for some reason taishans counsel is unable to accommodate or participate in a second meet and confer tomorrow the psc will have no choice but to finalize the motions we intend on filing and then circulate them to tasishan so that after review taishen can address issues and further meet and confers can occur. I assume but have not spoken to Hillarie since court that she too will be prepared to finalize any motions and address them at a later date when taishans counsel is available. The psc does not want to delay these matters and intends on having the court hear any motions that are necessary at the earliest possible date. Again I reiterate that if the motions are filed the psc will continue to meet and confer to attempt to resolve any issues we can and to continue to obey and act in the spirit that Judge Fallon suggested today in court.

Leonard A. Davis
Attorney at Law
Herman, Herman, Katz & Cotlar LLP
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.
CONFIDENTIAL ATTORNEY WORK PRODUCT


-----Original Message-----
From: Seeger, Chris [mailto:CSeeger@seegerweiss.com]
Sent: Tuesday, April 26, 2011 4:26 PM
To: Lenny Davis; 'BASSH@gtlaw.com'; 'eric.statman@hoganlovells.com'; ervin@colson.com
Cc: 'tpo@stanleyreuter.com'; 'frank.spano@hoganlovells.com'; 'rcs@stanleyreuter.com'; Russ Herman; Fred Longer; 'joe.cyr@hoganlovells.com'; 'alevin@lfsblaw.com'; Patrick Montoya; Grand, Jeff; 'rserpe@serpefirm.com'
Subject: Re: Meet-and-Confer

3

I can do tomorrow.

----- Original Message -----
From: Lenny Davis <LDAVIS@hhkc.com>
To: BASSH@gtlaw.com <BASSH@gtlaw.com>; eric.statman@hoganlovells.com <eric.statman@hoganlovells.com>; ervin@colson.com
Cc: tpo@stanleyreuter.com <tpo@stanleyreuter.com>; frank.spano@hoganlovells.com <frank.spano@hoganlovells.com>; rcs@stanleyreuter.com <rcs@stanleyreuter.com>; Russ Herman <RHERMAN@hhkc.com>; Fred Longer; joe.cyr@hoganlovells.com <joe.cyr@hoganlovells.com>; ALevin@lfsblaw.com <ALevin@lfsblaw.com>; Seeger, Chris; Patrick Montoya; Grand, Jeff; rserpe@serpefirm.com <rserpe@serpefirm.com>
Sent: Tue Apr 26 17:12:34 2011
Subject: RE: Meet-and-Confer

Tomorrow works for me. I am in court Friday. sorry

Leonard A. Davis
Attorney at Law
Herman, Herman, Katz & Cotlar LLP
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.
CONFIDENTIAL ATTORNEY WORK PRODUCT


-----Original Message-----
From: BASSH@gtlaw.com [mailto:BASSH@gtlaw.com]
Sent: Tuesday, April 26, 2011 3:59 PM
To: eric.statman@hoganlovells.com; Ervin@colson.com; Lenny Davis
Cc: tpo@stanleyreuter.com; frank.spano@hoganlovells.com; rcs@stanleyreuter.com; Russ Herman; FLonger@lfsblaw.com; joe.cyr@hoganlovells.com; ALevin@lfsblaw.com; cseeger@seegerweiss.com; patrick@colson.com; jgrand@seegerweiss.com; rserpe@serpefirm.com
Subject: RE: Meet-and-Confer

I will be at the 11th Circuit Judicial Conference on Thursday and so unavailable for a meet and confer. I can do this call either  tomorrow, late Friday afternoon or next Monday. Please advise as to preferences.
Thanks.


Hilarie Bass
Global Operating Shareholder
333 Avenue of the Americas
Miami, Florida 33131
Phone: 305-579-0745
Fax: 305-579-0641
email: bassh@gtlaw.com
Website: www.GTLaw.com

4

Albany*Amsterdam*Atlanta*Boca Raton* Boston*Chicago*Dallas*Denver*Fort Lauderdale*Las Vegas*Los Angeles*Miami*New Jersey*New York*Orange County*Orlando*Philadelphia*Phoenix*Silicon Valley*Tallahassee*Tokyo*Tysons Corner*Washington, D.C.*West Palm Beach*Wilmington*Zurich

-----Original Message-----
From: Statman, Eric [mailto:eric.statman@hoganlovells.com]
Sent: Tuesday, April 26, 2011 3:51 PM
To: Gonzalez, Ervin; Lenny Davis
Cc: Bass, Hilarie (Global Operating Shareholder); Tom Owen; Spano, Frank T.; Rick Stanley; Russ Herman; FLonger@lfsblaw.com; Cyr, Joe; ALevin@lfsblaw.com; Chris Seeger; Montoya, Patrick; Grand, Jeff; Richard Serpe
Subject: RE: Meet-and-Confer

Attached is an email I sent earlier to Hillarie Bass concerning our request that the conference regarding the jurisdictional discovery
issues be held on Thursday afternoon.  Sorry I didn't send it out
earlier, but I didn't realize that she and Lenny Davis were using different distribution lists.



Eric Statman
Counsel
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
Tel: +1 212 918 3000
Direct: +1 (212) 909-0609
Fax: +1 212 918 3100
Email: eric.statman@hoganlovells.com

www.hoganlovells.com

Please consider the environment before printing this e-mail.



-----Original Message-----
From: Gonzalez, Ervin [mailto:Ervin@colson.com]
Sent: Tuesday, April 26, 2011 2:29 PM
To: Lenny Davis
Cc: Bass, Hilarie (Global Operating Shareholder); Tom Owen; Spano, Frank T.; Rick Stanley; Russ Herman; FLonger@lfsblaw.com; Cyr, Joe; Statman, Eric; ALevin@lfsblaw.com; Chris Seeger; Montoya, Patrick; Grand, Jeff; Richard Serpe
Subject: Re: Meet-and-Confer

I am available. Just let us know if in person or if call in.

Ervin A. Gonzalez
Sent from my iPad
255 Alhambra Circle, Penthouse
Coral Gables, Fl.  33134
305-476-7400

On Apr 26, 2011, at 1:25 PM, Lenny Davis <LDAVIS@hhkc.com><mailto:LDAVIS@hhkc.com>> wrote:

I too can be available at 11 am ct tomorrow. We met today and I laid out
4 areas that were important. They included:

1)      Documents not produced and asked for previously

2)      Documents provided late and many in foreign language that were
not transcribed/translated to English

3)      Witnesses that did not provide responses to questions/areas in
the 30(b)(6) notice

4)      Witnesses that had knowledge of the profile form
Others may have some additional areas that are important and we can expand the list as needed
or appropriate. Russ addressed several issues in open court today. However when we met after
todays conference, I explained all 4 of these areas and the need for taishan to put up
corporate representatives that were capable of responding to questions.
While frank did not believe that we were "fair" in our request I explained to him what the
psc considered fair and in compliance with Judge Fallons methods of conducting discovery. We
are entitled to the information and without obstructions or impediments. We have no
obligation to divulge our work product or strategy in advance. We are happy to meet and
confer. In fact I also agreed to send frank a copy of the motion in advance of filing so that
he could address any issues. I even agreed to multiple meet and confer sessions and offered
to continue them after we filed any motions. I am available to meet in new York on the 9th.
motions will be filed before then unless taishan agress to resolve the matters but in any
event we can continue a dialogue then.
The psc will not agree to more taishen delays. We desire to get the documents now, have an
opportunity to review them and set depositions in may or june. Please begin securing
available dates so that we can coordinate calendars to set the depositions. We expect that in
the next confer session frank will get us names and some dates we can discuss as well as let
us know when documents can be produced promptly. Thanks

Leonard A. Davis
Attorney at Law
Herman, Herman, Katz & Cotlar LLP
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)
This e-mail message contains confidential, privileged information intended solely for the
addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you
have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to
speak with the message sender. Also, we would appreciate your forwarding the message back to
us and deleting it from your system. Thank you.
CONFIDENTIAL ATTORNEY WORK PRODUCT

From: Bass, Hilarie (Global Operating Shareholder) [mailto:BASSH@gtlaw.com]
Sent: Tuesday, April 26, 2011 12:30 PM
To: Tom Owen
Cc: Lenny Davis; Spano, Frank T.; Rick Stanley; Russ Herman;
FLonger@lfsblaw.com<mailto:FLonger@lfsblaw.com>; Cyr, Joe; Statman, Eric
Subject: Re: Meet-and-Confer

I am available tomorrow if you would like to talk further about a meet and confer. I do not
think that we are under any obligation to provide you with a written list of our objections,

6

but believe that Lenny's offer to provide a draft of our motion to compel before filing it next week should more than meet your requirements to be advised of each of our objections. We are also willing to meet with you in my office in NY on may 9th to talk further about these issues in advance of the hearing on May 11, since many on this email will be there for deposition scheduled for the 10th. Thanks.


Sent from my iPhone

On Apr 26, 2011, at 10:53 AM, "Tom Owen" <<mailto:tpo@stanleyreuter.com>tpo@stanleyreuter.com<mailto:tpo@stanleyreuter.com>> wrote:
Dear Lenny and Hilary:

As discussed today at the status conference, the Court ordered us to meet and confer regarding any outstanding jurisdictional discovery issues in an attempt to resolve them before you engage in any motion practice. In a brief conversation after the status conference, you indicated that the only way to resolve these issues is through additional depositions and that you intended to file a motion to compel these depositions before participating in any meet and confer. As we indicated to you at the status conference, we do not believe that this approach comports with either the discovery rules or what the Court ordered at the status conference. Therefore, we reiterate our request that you provide us with a list of the specific factual issues related to personal jurisdiction discovery that you believe require follow up, and then provide us with a meaningful opportunity to meet and confer in order to explore the appropriate means for resolving these remaining issues, such as interrogatories, RFAS, or other mechanisms, that can accommodate your needs while minimizing the expenditure of time and effort in finishing this discovery.

Frank Spano
Tom Owen

Thomas P. Owen, Jr.
Stanley, Reuter, Ross, Thornton, & Alford L.L.C.
Counsellors at Law
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
TELEPHONE:   (504) 523-1580
TELECOPIER:  (504) 524-0069
WEBSITE:  <http://www.stanleyreuter.com> www.stanleyreuter.com<http://www.stanleyreuter.com>
E-MAIL:   <mailto:tpo@stanleyreuter.com>
tpo@stanleyreuter.com<mailto:tpo@stanleyreuter.com>

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S.
federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com<mailto:postmaster@gtlaw.com>.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the
addressee.  Please do not read, copy, or disseminate it unless you are the addressee.  If you
have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message sender.  Also, we
would appreciate your forwarding the message back to us and deleting it from your system.
Thank you.

Hogan Lovells refers to the international legal practice comprising Hogan Lovells
International LLP, Hogan Lovells US LLP, Hogan Lovells Worldwide Group (a Swiss Verein), and
their affiliated businesses. Hogan Lovells International LLP is a limited liability
partnership registered in England and Wales with registered number OC323639. Registered
office and principal place of business: Atlantic House, Holborn Viaduct, London EC1A 2FG.
Hogan Lovells US LLP is a limited liability partnership registered in the District of
Columbia.

The word "partner" is used to refer to a member of Hogan Lovells International LLP or a
partner of Hogan Lovells US LLP, or an employee or consultant with equivalent standing and
qualifications, and to a partner, member, employee or consultant in any of their affiliated
businesses who has equivalent standing. A list of the members of Hogan Lovells International
LLP and of the non-members who are designated as partners, and of their respective
professional qualifications, is open to inspection at the above address. Further important
information about Hogan Lovells can be found on www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email
states it can be disclosed, it may also be privileged.
If received in error, please do not disclose the contents to anyone, but notify the sender by
return email and delete this email (and any
attachments) from your system.


CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the
addressee.  Please do not read, copy, or disseminate it unless you are the addressee.  If you
have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message sender.  Also, we
would appreciate your forwarding the message back to us and deleting it from your system.
Thank you.


CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the
addressee.  Please do not read, copy, or disseminate it unless you are the addressee.  If you
have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message sender.  Also, we
would appreciate your forwarding the message back to us and deleting it from your system.
Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

At the start of the first deposition on April 4, 2011, defense counsel produced 3 documents, reflecting transactions that occurred between Taishan Gypsum Co. and Taishan Plasterboard Company, including: a licensing agreement; a warehouse leasing agreement; and an equipment purchase agreement. These documents were produced in Chinese-language. According to defense counsel, they had only been "located" the day prior to   See April 4, 2011 Dep. Tr. of Tongchun Jia (hereafter "Jia Tr.") at 16:02-17:11. Off the record, Plaintiffs' counsel inquired as to whether defendant had performed a translation of the documents and defense counsel indicated that no translation existed. Thus, for a deposition where the subject matters for examination included the relationship between Taishan Gypsum and Taishan plasterboard and any transactions between the entities, Defendants produced highly relevant documents in Chinese language at the start of deposition. In light of this eleventh-hour disclosure and the fact that prior to this date, the PSC has not received any similar such materials from Defendants, Plaintiffs seek production of the following:

1. Any and all licensing, marketing, rental, leasing, shipping, loan, or expense-sharing agreements between the two entities, and any translations thereof;
2. Any and all notes, correspondence, email, reports, analyses, or memoranda concerning such agreements, and any translations thereof;
3. Any and all board minutes where executive, directors, or shareholders of either Taishan Gypsum or TTP discussed, approved, or voted, on such agreements; and
4. Any and all documentation of any payments or exchange of monies between the two entities.

---

Tongchun Jia is Chairman of the Board and General Manager for Taishan Gypsum. Jia Tr. at 24:21-26:09. He also sits on the Board of Beijing New Building Materials ("BNBM"), which owns XX percent of TG and which holds out TG as a main component of its plasterboard production. See, e.g., BNBM 2007 Annual Rpt, at XX; BNBM 2009 Annual Rpt. at XX. Thus far, TG has produced no information pertaining to its relationship with BNBG. Therefore, Plaintiffs seek production of the following:

1. Any documents and communications relating to BNBM's acquisition of shares in TG;
2. Any board minutes of BNBM where TG is discussed or referenced in any way;
3. Any board minutes of TG where BNBM is discussed or referenced in any way;
4. Any reports, analyses, or summaries regarding TG's operations or finances that have been provided to BNBM;
5. Any reports, analyses, or summaries regarding BNBM's operations or finances that have been provided to TG;

1

   6. All annual reports, government filings, or foreign government filings created by TG during the relevant time period; and
   7. All annual reports, government filings, or foreign government filings created by BNBM during the relevant time period.

---

To date, Taishan's production contains no emails from Tongchun Jia. NEED TO VERIFY IT IS ACTUALLY NO EMAILS. At his deposition, Mr. Jia testified that there are three people in his office who occasionally receive and send emails on his behalf: Zhang Jian Chun, Chen Xin Hua, and Zhao Xiu Yun. *See, e.g.*, Jia Tr. at 54:06-54:19 and 57:21-58:13. Therefore, Plaintiffs request production of all emails from the files of Tongchun Jia and the witnesses identified above, pertaining to the subject matters identified in the Rule 30(b)(6) deposition notice.

---

Mr. Jia testified that he receives a monthly report concerning the operations of TTP and that occasionally, he has exchanges with the directors of TTP. *See* Jia Tr. at 131:18-132:11. To date, the PSC has not received any such reports. Plaintiffs request production of all monthly reports generated by TTP and sent to TG. Further, Plaintiffs request any and all communications between Mr. Jian and the Board of Directors of TTP, including but not limited to Pang Shi Liang. Additionally, Mr. Jia testified that he received audited financial statements from TTP on a monthly basis. *See id.* at 136:03-06. Plaintiffs request production of any and all financial statements created by TTP during the Relevant Time Period.

---

Mr. Jia testified that BNBM has guaranteed loan obligations on behalf of Taishan Gypsum. *See* Jia Tr. at 191:18-20. Plaintiffs request all documents and communications relating to any guarantees provided by BNBM on behalf of TG.

---

Mr. Jia also testified that in investigation of the alleged defects associated with Chinese Drywall, that TG conducted some testing. That testing included the construction of a building using Chinese Drywall, where no subsequent problems were detected, and that TG conducted a survey of its customers and found no complaints related to the drywall. *See* Jia Tr. at 370:10-18. Plaintiffs request any and all documents and communications relating to the test building constructed by TG, as well as all documents and communications relating to the customer survey performed by TG in investigation of the allegations concerning Chinese Drywall.

---

Mr. Jia testified that the Chinese government conducted testing of the drywall and that the test results are in possession of the Chinese government. *See* Jia Tr. at

2

376:08-377:05; 377:20-378:12. Plaintiffs request any and all documents and communications related to such testing in the possession of TG.

---

Jianchun Zhang testified that as Secretary to the Board of Directors for TTP, he drafted documents for the board of directors and assisted in management of the day to day operations of the business. April 6, 2011 Dep. Tr. of Jianchun Zhang ("Zhang Tr."). Plaintiffs request the custodial file of Mr. Zhang.

---

Mr. Zhang testified that from 2006 to 2009, TTP created annual reports and that he has access to such reports. *See* Zhang Tr. at 63:19-64:07; 65:01-12. Amazingly, Mr. Zhang did not review those reports in preparation for deposition, despite the fact that he was the designated corporate representative for TTP. *See id.* Plaintiffs request production of all annual reports for TTP.

---

Mr. Zhang testified that there were sales records for TTP from 2006-2007, although he did not review them. *See id.* at 69:06-18. The only sales information produced by TTP for drywall is the chart annexed to the manufacturer profile form. Plaintiffs request the underlying documentation that lists all TTP gypsum board sales from 2006 and 2007.

---

Mr. Zhang testified that there have been occasions when TG has provided services to TTP for a fee, and that TTP's finance department has records of such transactions. *See id.* at 114:04-115:08. To date, no such records have been provided to the PSC. Plaintiffs request any and all records concerning transactions between TG and TTP.

---

Mr. Zhang testified that the decision to shut down TTP's production of drywall in 2008 was a joint decision made by the Board of Directors of both TTP and TG. *See id.* at 155:01-05. Plaintiffs request production of any board minutes, correspondence, communications, documentation, summaries, memoranda, or analyses relating to this decision.

---

None of the witnesses produced by Defendants were able to verify the sales history contained in the Manufacturer Profile Forms produced by Defendants, nor were they able to explain how the information contained in the MPFs was collected. Plaintiffs request all source information for the sales history data contained in the MPFs.

3