UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

*Silva, et al. v. Interior Exterior Building Supply, LP, et al.*
EDLA 09-08030

*Silva, et al. v. Arch Insurance Company, et al.*
EDLA 09-08034

*Payton, et al. v. Knauf Gips, KG, et al.*
EDLA 09-07628

*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*
EDLA 2:10-cv-000361

*Gross, et al. v. Knauf Gips, KG, et al.*
EDLA 2:09-cv-6690

*Rogers, et al. v. Knauf Gips, KG, et al.*
EDLA 2:10-cv-00362

*Amato, et al. v. Liberty Mutual Ins. Co.*
EDLA 2:10-cv-00932

*Kenneth Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shangdong Taihe Dongxin Co., Ltd., et al.*
EDLA 2:11-cv-080

*Daniel Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
EDLA 2:11-cv-252

**MITCHELL COMPANY'S RESPONSE IN OPPOSITION TO
JOINT MOTION FOR A PRELIMINARY APPROVAL OF
INEX SETTLEMENT AGREEMENT**

COMES NOW the Mitchell Company, Inc. ("Mitchell"), by and through its undersigned attorneys and files its opposition to the Motion for Preliminary Approval of a settlement with Interior Exterior Supply, LP (INEX). Mitchell joins in the opposition filed by the Homebuilders' Steering Committee, which sets forth some of the reasons why the proposed settlement is fundamentally unfair to homebuilders. In addition, Mitchell files this individual response to highlight how the proposed settlement violates the basic tenets of representative actions and Rule 23.

In order to approve the settlement, the Court must find that the requisites of Rule 23 have been met. The Supreme Court held in *Amchem Products, Inc. vs. Windsor*, 521 U.S. 591,620-21 (1997), that a settlement class action, like all federal class actions, cannot proceed unless the requirements of Rule 23(a) are met, irrespective of whether the proposed settlement is deemed fair under Rule 23(e). In fact, the Court cautioned that Rule 23's requirements -- which are "designed to protect absentees by blocking unwarranted or overbroad class definitions -- demand undiluted, even heightened, attention in the settlement context." *Id.* at 620. The settlement currently proposed, in which homeowners seek to (1) represent the very homebuilders that they are suing; and (2) resolve claims that the homeowners do not possess, cannot pass muster under Rule 23. Thus, for the reasons addressed below, the proposed settlement must be rejected.

While the proposed settlement is deficient in several respects, the most obvious deficiencies relate to the inter-related concepts of standing, typicality, and adequacy. In *General Telephone Co. v. Falcon*, 457 U.S. 147 (1982), the Supreme Court stated:

> "We have repeatedly held that a class representative must be part of the class and possess the same interest and suffer the same injury as the class members."

The proposed settlement, which purports to allow homeowner representatives to settle the claims of the builders they are suing, cannot meet that mandate. While Rule 23 affords flexibility regarding who may represent the interest of a class, the law in this Circuit is clear that the class representative must be a member of the class it seeks to represent, and that there must be a specific nexus between the plaintiff and the class. *Machella v. Cardenas*, 653 F.2d 923, 927 (5th Cir. 1981), quoting *Wells v. Ramsay, Scarlett & Co.*, 506 F.2d. 436, 438 (5th Cir. 1975).

In the proposed settlement, homeowner plaintiffs improperly seek to represent a class of homebuilder plaintiffs, despite the fact that their claims and interests are distinct. The homeowner class representatives are not members of the homebuilder class. Defining the class so broadly so as to include anyone who is aggrieved by the sale of Chinese drywall by INEX turns the requirements of Rule 23 on its head.

In order to be typical, the proposed representatives' legal and remedial theories must be the same as those of the class they seek to represent. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986); *Bertulli v. Independent Assoc. of Continental Pilots*, 242 F.3d 290 (5th Cir. 2001). A class representative may only represent those similarly situated. See *Samuel v. United Health Serv.*, 2020 WL 2428107 *12 (E.D. La. June 4, 2010) (patient class representatives "could at best only be typical of the other patient class members.")

Here, the claims of the homeowner representatives are not typical of the builder claims. The homebuilders have asserted claims for both contractual and common-law indemnity, as well as damages for cost of repair for homes that they have repaired. The homeowners' claims, which largely relate to damages from unremediated homes, do not seek to pass liability upstream to distributors like INEX, and are distinct from the claims asserted by the homebuilders. Further, as this Court has found, application of the economic loss rule is different when applied to the

homebuilder class as opposed to the homeowner class. Simply put, there are significant legal and factual variations between the two groups.

Indeed, the lack of a nexus between the homeowner claims and the homebuilder claims is so complete in this case, the deficiency eliminates the homeowners' standing to represent the homebuilders at all. "Even where the plaintiff has alleged injuries sufficient to meet the 'case or controversy' requirement, the Supreme Court has held that the plaintiff generally must assert his own rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490 (1975); see also *Patterson v. Texas*, 308 F.3d 448 (5th Cir. 2002).

Finally, it is impossible to find that the homeowner plaintiffs are an adequate representative for the homebuilders' interests. The Court needs to look no further than the complaints at issue in these cases to determine that the homeowner plaintiffs are suing the homebuilders related to the sale of the very product which they now seek to settle on the homebuilders' behalf. In order to be an adequate class representative, the representative's interest must aligned with, and not antagonistic to, the unnamed class members. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d, 620, 625 (5th Cir. 1999). The antagonism between the homeowners and homebuilders is further exacerbated by the fact that the proposed settlement does not set forth any allocation formula to properly divide any settlement proceeds between the two competing groups.

There is an extensive overlap between the typicality requirement and the adequate representation requirement. *In re Vioxx Products Liability Litigation*, 239 F.R.D. 450, 460 (E.D. La. 2006). When typicality of the claims is absent, the class representative inherently has a conflict with the rest of the class because he or she has no incentive to prosecute the claims of

the non-typical class vigorously. *Id.* Permitting a representative to maintain a class action that will bind absent class members where the representative does not even possess the claims of the proposed class implicates issues of due process. If the plaintiff's claims are not typical of the class it seeks to represent, the fundamental justification of allowing class suits to be binding on the class members cannot be satisfied. Thus, satisfaction of the typicality test is an integral element of adequate representation, and the proposed settlement fails that test.

The Mitchell Company reserves the right to point out further fundamental deficiencies in the proposed settlement should this Court grant preliminary approval and schedule a fairness hearing. However, even a cursory review of the settlement agreement discloses, that without a homebuilder representative looking out for the interest of the homebuilder class, the proposed settlement fails to meet the requirements of Rule 23. As such, this Court should deny preliminary approval, and allow the homebuilder plaintiffs to participate in any proposed settlement negotiations in order to reach a resolution which comports with Rule 23, and due process.

/s/ Steven L. Nicholas
STEVEN L. NICHOLAS
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)
sln@cunninghambounds.com

Attorneys for The Mitchell Company, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 3rd day of May, 2011.

/s/ Steven L. Nicholas
STEVEN L. NICHOLAS