UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOYCE W. ROGERS, individually, and on behalf of all others similarly situated, et al | * * | CASE NO. 10-362 |
| | * | JUDGE ELDON E. FALLON |
| Plaintiffs, | * | |
| | * | SECTION L |
| versus | * | |
| | * | MAGISTRATE JUDGE |
| KNAUF GIPS KG; KNAUF PASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU), CO., LTD.; GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO., LTD., et al | * * * * * * | WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**RESPONSE ON BEHALF OF MARSIGLIA CONSTRUCTION COMPANY TO JOINT MOTION FOR AN ORDER: (1) PRELIMINARILY APPROVING INEX SETTLEMENT AGREEMENT; (2) CONDITIONALLY CERTIFYING INEX SETTLEMENT CLASS; (3) ISSUING CLASS NOTICE; AND (4) SCHEDULING A SETTLEMENT FAIRNESS HEARING**

**MAY IT PLEASE THE COURT:**

Marsiglia Construction Company ("Marsiglia Construction"), by and through undersigned counsel, hereby submits its response to the Joint Motion for An Order: (1) Preliminarily Approving InEx Settlement Agreement; (2) Conditionally Certifying INEX Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing ("InEx Settlement Agreement") [D.E.8628].  Marsiglia Construction respectfully avers that in its

00163137-1

present form, the InEx Settlement Agreement is unclear as to its effect upon Marsiglia Construction. Clarification is required from the parties and this Honorable Court.

Marsiglia Construction's involvement in this MDL is limited. Marsiglia is named as a defendant in the *Rogers, et al vs. Knauf GIPS, KG, et al*, case no. 2:10-CV-00362, as a result of its alleged post-Katrina repair work at one single home, particularly No. 12 Pelham Dr., Metairie, Louisiana. The owner of this home is identified in the *Rogers* Petition as Mr. Jack Benjamin. No additional plaintiffs make any claim against Marsiglia Construction. Therefore, in a nutshell the allegations are that Mr. Benjamin contracted with Marsiglia Construction for post-Katrina repair work at his home at No. 12 Pelham Dr. and that Marsiglia Construction facilitated through a subcontractor the installation of Chinese drywall supplied by Interior/Exterior Building Supply, L.P.

After review of the InEx Settlement Agreement, it is unclear the extent to which Marsiglia Construction's rights and/or obligations are impacted. Specifically, it is unclear if the parties to the InEx Settlement Agreement intended to exclude or include entities like Marsiglia Construction from the definition of "Downstream InEx Releasees." Marsiglia Construction does not fit the definition of a "Builder" because Marsiglia Construction is not an "…entity or person engaged principally in the business of construction of properties and to whom a developer sells or has sold one or more lots on which the property construction will take place." Additionally, Marsiglia Construction does not fit the definition of a "General Contractor" because under the InEx Settlement Agreement a General Contractor is defined as "Any General Contractor which (i) took part in the building, remodeling or restoration of any property with Chinese drywall that

was sold, marketed, distributed and/or supplied by InEx**, and** (ii) did so working under a contract with, and/or under the direction of a builder." (emphasis added.)

As alleged in the *Rogers* Petition, Marsiglia Construction did not work under a contract under the direction of a "Builder" but was instead directly contracted by Mr. Benjamin, the alleged owner of the home at No. 12 Pellham Dr.  Nevertheless, the "Settlement Class" definition is broad enough to include Marsiglia Construction because it has a claim against not only InEx but also other "Downstream InEx Releasees" related to "…Chinese drywall sold, marketed, distributed and/or supplied by InEx."  In other words, the InEx Settlement Agreement may possibly include Marsiglia Construction as a releasing party without granting it the corresponding rights of a released party.  The agreement as drafted does not appear to specifically contemplate a situation in which an individual homeowner directly contracts with a general contractor for the post-Katrina rehabilitation of a property.  Marsiglia Construction thus requests clarification from this Honorable Court as to whether Marsiglia Construction is a "Downstream InEx Releasee".

To the extent the agreement is not clarified such that Marsiglia Construction can confirm that it is a "Downstream InEx Releasee", or to the extent this Court finds that Marsiglia Construction is not a "Downstream InEx Releasee", Marsiglia Construction adopts, as if copied herein in extenso, the Homebuilders' Steering Committee's Response in Opposition to Joint Motion for An Order; (1) Preliminary Approving InEx Settlement Agreement; (2) Conditionally Certifying InEx Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing.

**WHEREFORE,** for all the foregoing reasons, Marsiglia Construction Company requests clarification from this Honorable Court as to the effects of the InEx Settlement Agreement, and respectfully requests that this Honorable Court provide such clarification prior to preliminary approval of the InEx Settlement Agreement.

        Respectfully submitted,

        DUPLASS, ZWAIN, BOURGEOIS,
        PFISTER & WEINSTOCK


        */s/ JOSEPH E. BEARDEN, III*
        Kelly Cambre Bogart (22985)
        Joseph E. Bearden, III (26188)
        Three Lakeway Center
        3838 N. Causeway Blvd., Suite 2900
        Metairie, LA 70002
        Telephone:   (504) 581-3200
        Fax:   (504) 581-3361
        kbogart@duplass.com
        jbearden@duplass.com

        *Counsel for Defendant,*
        *Marsiglia Construction Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Response On Behalf of Marsiglia Construction Company to Joint Motion for An Order; (1) Preliminary Approving InEx Settlement Agreement; (2) Conditionally Certifying INEX Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 3rd day of May, 2011.

/s/ JOSEPH E. BEARDEN, III
Kelly Cambre Bogart (22985)
Joseph E. Bearden, III (26188)
Three Lakeway Center
3838 N. Causeway Blvd., Suite 2900
Metairie, LA 70002
Telephone:    (504) 581-3200
Fax:              (504) 581-3361
kbogart@duplass.com
jbearden@duplass.com

*Counsel for Defendant,
Marsiglia Construction Company*

00163137-1

5

00163137-1

6