UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| | * | SECTION "L" |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| *D.R. Horton, Inc. – Gulf Coast v. Interior/Exterior Building Supply, LP, et al.* Case No. 10-0804 (E.D. La.) | * * * | MAG. JUDGE WILKINSON |

**D.R. HORTON, INC. – GULF COAST'S RESPONSE IN OPPOSITION TO JOINT MOTION FOR AN ORDER: (1) PRELIMINARILY APPROVING INEX SETTLEMENT AGREEMENT; (2) CONDITIONALLY CERTIFYING INEX SETTLEMENT CLASS; (3) ISSUING CLASS NOTICE; AND (4) SCHEDULING A SETTLEMENT FAIRNESS HEARING**

Plaintiff, D.R. Horton, Inc. - Gulf Coast ("D.R. Horton - GC") submits its response in opposition to the Joint Motion for an Order: (1) Preliminarily Approving INEX Settlement Agreement; (2) Conditionally Certifying INEX Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing ("Motion to Approve INEX Settlement Agreement") [Rec. Doc. 8628], which was jointly filed by the Plaintiffs' Steering Committee ("PSC"), Interior/Exterior Building Supply, L.P. ("INEX"), Arch Insurance Company ("Arch"), and Liberty Mutual Fire Insurance Company ("Liberty Mutual"), and in support thereof states as follows:

1. D.R. Horton – GC adopts and fully incorporates the arguments asserted in the Response in Opposition filed today by the Homebuilders' Steering Committee ("HSC") as if fully recited herein. [Rec. Doc. 8682].

2. D.R. Horton – GC, a homebuilder, has spent a significant amount of its own money repairing and remediating homes in Louisiana that were built with Chinese drywall supplied by

571462.1

INEX and manufactured by Knauf. As of this date, D.R. Horton – GC has repaired and remediated twenty-nine (29) of these properties in the State of Louisiana.

3. On March 3, 2010, D.R. Horton – GC filed its own lawsuit in the U.S. District Court Eastern District of Louisiana[1], which was consolidated into this MDL, against the INEX entities and Knauf entities. D.R. Horton – GC's lawsuit seeks to recover the damages associated with the repair and remediation of homes in Louisiana that were built with the Chinese drywall supplied by INEX and manufactured by Knauf. Specifically, D.R. Horton –GC asserted direct claims against INEX, and as an assignee of the claims of homeowners whose homes D.R. Horton – GC has repaired, or agreed to repair.

4. Based on the proposed INEX Settlement Agreement, D.R. Horton – GC would be included as a member of the proposed settlement class based on the current definition of the class.

5. In addition to the arguments asserted in the HSC's Opposition, the proposed INEX Settlement Agreement does not provide the builders with adequate representation. Rule 23(a) requires that the representative parties must "fairly and adequately protect the interests of the class." This requirement is "essential to due process, because a final judgment in a class action is binding on all class members. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir.1996) (citing Hansberry v. Lee, 311 U.S. 32, 42-43, 61 S.Ct. 115, 85 L.Ed. 22 (1940)). To meet the adequacy requirement, the "class representatives, their counsel, and the relationship between the two [must be] adequate to protect the interests of absent class members." *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir.2005) (citing *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir.2002)).

---

[1] *D.R. Horton, Inc. – Gulf Coast v. Interior/Exterior Limited Partnership, et al,* Case No. 10-0804 (E.D. La.).

6. Like D.R. Horton - GC, many homebuilders are in a unique position because they are both plaintiffs and defendants in the MDL. On one hand, they are plaintiffs because they have repaired homes contaminated with Chinese drywall supplied by INEX and are seeking to recover the costs they have expended and will expend in the future in making repairs. On the other hand, they have been named as defendants in the various class action complaints filed by the PSC. Nevertheless, none of the homebuilders or their lawyers were allowed to participate in the negotiations that led to the proposed INEX settlement or provide any input in the drafting of the settlement agreement or the joint motion to approve the settlement. Instead, the homebuilders in their capacity as plaintiffs were represented by members of the PSC---the same group of lawyers who are currently representing clients who have pending lawsuits *against* the homebuilders.

7. Additionally, the proposed order preliminarily approving the class allows this conflict of interest to continue by appointing members of the PSC[2] to serve as counsel for the Louisiana subclass, which by definition includes homebuilders like D.R. Horton - GC.

8. Finally, the proposed class representatives for the two proposed settlement classes do not include any homebuilders, and therefore, homebuilders do not have adequate representation under the proposed settlement.[3]

9. The Court should reject the proposed INEX Settlement Agreement, as it is currently written. Because many of the homebuilders, like D.R. Horton – GC, are in a unique position as both plaintiffs and defendants, the Court should require that homebuilders be permitted to

---

[2] Page 3 of the Proposed Order, Nos. 7 and 8. The Proposed Order appoints Russ Herman and Arnold Levin as Settlement Class Counsel, and appoints the PSC as Of-Counsel. The Proposed Order also appoints Gerald E. Meunier, a member of the PSC, as Counsel for the Louisiana Subclass, and James Robert Reeves, another member of the PSC, as Counsel for the Non-Louisiana Subclass.

[3] Page 3 of the Proposed Order, Nos. 5 and 6 appoints homeowners as the class representatives of the two Sub-classes.

participate in any negotiations that attempt to resolve claims against supply chain defendants on a global basis.

10. D.R. Horton – GC reserves the right to further object to the settlement should this Court preliminarily approve it and set it for a full fairness hearing.

**WHEREFORE**, for the foregoing reasons, D.R. Horton, Inc. – Gulf Coast opposes the INEX Settlement Agreement and respectfully requests that the Court deny the Motion to Approve INEX Settlement Agreement as it is currently written.

**Respectfully submitted,**

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

BY: /s/ Erick Y. Miyagi
    Erick Y. Miyagi, #22533
        hiko.miyagi@taylorporter.com
    John Stewart Tharp, #24230
        stewart.tharp@taylorporter.com
    Edward J. Laperouse, II #29310
        ted.laperouse@taylorporter.com
    Leslie Ayres Daniel, #27948
        leslie.daniel@taylorporter.com
    Kari A. Bergeron #31043
        kari.bergeron@taylorporter.com
    (451 Florida Street, 8th Floor, 70801)
    P. O. Box 2471
    Baton Rouge, LA 70821
    Telephone:    225-387-3221
    Fax:          225-346-8049

**Attorneys for D.R. Horton, Inc. - Gulf Coast**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2011, this document was served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, Homebuilders' Liaison Counsel, Dorothy Wimberly, and Insurer Defendants'' Liaison Counsel, Judy Y. Barrasso, by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

/s/ Erick Y. Miyagi
Erick Y. Miyagi

571462.1