UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| | * | SECTION "L" |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| *Timothy and Ashley Francis v. Colony Insurance Co., et al.* Case No. 10-0720 (E.D. La.) | * * * | MAG. JUDGE WILKINSON |

### HAL COLLUMS CONSTRUCTION, L.L.C.'S RESPONSE IN OPPOSITION TO JOINT MOTION FOR AN ORDER: (1) PRELIMINARILY APPROVING INEX SETTLEMENT AGREEMENT; (2) CONDITIONALLY CERTIFYING INEX SETTLEMENT CLASS; (3) ISSUING CLASS NOTICE; AND (4) SCHEDULING A SETTLEMENT FAIRNESS HEARING

Third-party plaintiff, Hal Collums Construction, L.L.C. ("Hal Collums"), submits its response in opposition to the Joint Motion for an Order: (1) Preliminarily Approving INEX Settlement Agreement; (2) Conditionally Certifying INEX Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing ("Motion to Approve INEX Settlement Agreement") [Rec. Doc. 8628], which was jointly filed by the Plaintiffs' Steering Committee ("PSC"), Interior/Exterior Building Supply, L.P. ("INEX"), Arch Insurance Company ("Arch"), and Liberty Mutual Fire Insurance Company ("Liberty Mutual"), and in support thereof states as follows:

1. Hal Collums adopts and fully incorporates the arguments asserted in the Response in Opposition filed today by the Homebuilders' Steering Committee ("HSC") as if fully recited herein. [Rec. Doc. 8682].

2. Hal Collums is a Louisiana homebuilder that was named as a defendant in the above captioned lawsuit. On May 5, 2010, Hal Collums filed a Third Party Complaint against the

571603.1

Interior/Exterior entities and Knauf entities. [Rec. Doc. 2883]. Hal Collums' lawsuit seeks to recover the damages associated with the purchase and installation of Chinese drywall sold by INEX and manufactured by Knauf.

3. Based on the proposed INEX Settlement Agreement, Hal Collums would be included as a member of the proposed settlement class based on the current definition of the class.

4. In addition to the arguments asserted in the HSC's Opposition, the proposed INEX Settlement Agreement does not provide the builders with adequate representation. Rule 23(a) requires that the representative parties must "fairly and adequately protect the interests of the class." This requirement is "essential to due process, because a final judgment in a class action is binding on all class members. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir.1996) (citing Hansberry v. Lee, 311 U.S. 32, 42-43, 61 S.Ct. 115, 85 L.Ed. 22 (1940)). To meet the adequacy requirement, the "class representatives, their counsel, and the relationship between the two [must be] adequate to protect the interests of absent class members." *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir.2005) (citing *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir.2002)).

5. Hal Collums, like many homebuilders, is in a unique position because it is both a plaintiff and a defendant in the MDL. On one hand, it is a plaintiff because it has claims against INEX. On the other hand, Hal Collums has been named as a defendant in a lawsuit that has been consolidated into the MDL. Nevertheless, none of the homebuilders or their lawyers were allowed to participate in the negotiations that led to the proposed INEX settlement or provide any input in the drafting of the settlement agreement or the joint motion to approve the settlement. Instead, the homebuilders in their capacity as plaintiffs were represented by

571603.1

members of the PSC---the same group of lawyers who are currently representing clients who have pending lawsuits *against* the homebuilders.

6. Additionally, the proposed order preliminarily approving the class allows this conflict of interest to continue by appointing members of the PSC alone[1] to serve as counsel for the Louisiana subclass, which by definition includes homebuilders.

7. Finally, the proposed class representatives for the two proposed settlement classes do not include any homebuilders, and therefore, homebuilders do not have adequate representation under the proposed settlement.[2]

8. The Court should reject the proposed INEX Settlement Agreement, as it is currently written. Because many of the homebuilders, like Hal Collums, are in a unique position as both plaintiffs and defendants, the Court should require that homebuilders be permitted to participate in any negotiations that attempt to resolve claims against supply chain defendants on a global basis.

9. Hal Collums reserves the right to further object to the settlement should this Court preliminarily approve it and set it for a full fairness hearing.

**WHEREFORE**, for the foregoing reasons, Hal Collums Construction, L.L.C. opposes the INEX Settlement Agreement and respectfully requests that the Court deny the Motion to Preliminarily Approve INEX Settlement Agreement as it is currently written.

---

[1] Page 3 of the Proposed Order, Nos. 7 and 8. The Proposed Order appoints Russ Herman and Arnold Levin as Settlement Class Counsel, and appoints the PSC as Of-Counsel. The Proposed Order also appoints Gerald E. Meunier, a member of the PSC, as Counsel for the Louisiana Subclass, and James Robert Reeves, another member of the PSC, as Counsel for the Non-Louisiana Subclass.

[2] Page 3 of the Proposed Order, Nos. 5 and 6 appoints homeowners as the class representatives of the two Sub-classes.

Respectfully submitted,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

BY: /s/ Erick Y. Miyagi
    Erick Y. Miyagi, #22533
      hiko.miyagi@taylorporter.com
    John Stewart Tharp, #24230
      stewart.tharp@taylorporter.com
    Edward J. Laperouse, II #29310
      ted.laperouse@taylorporter.com
    Leslie Ayres Daniel, #27948
      leslie.daniel@taylorporter.com
    Kari A. Bergeron #31043
      kari.bergeron@taylorporter.com
    451 Florida Street, 8th Floor, 70801
    Baton Rouge, LA 70821
    Telephone:   225-387-3221
    Fax:          225-346-8049

**s/ Amos H. Davis**

AMOS H. DAVIS, #4718
Attorney at Law
7932 Wrenwood Blvd., Suite B
Baton Rouge, LA 70809
Telephone: (225) 248-1400

**Attorneys for Hal Collums Construction, L.L.C.**

4

571603.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2011, this document was served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, Homebuilders' Liaison Counsel, Dorothy Wimberly, and Insurer Defendants'' Liaison Counsel, Judy Y. Barrasso, by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

/s/ Erick Y. Miyagi
Erick Y. Miyagi