FILED

2010 DEC -9  P 3: 04

CIVIL
DISTRICT COURT

SOUTHERN HOMES, LLC, ET AL.

     **Plaintiff**

versus

INTERIOR/EXTERIOR BUILDING
SUPPLY, LP; INTERIOR/EXTERIOR
ENTERPRISES, LLC; SOUTH CORTEZ, LLC

     Defendant

NO. 2009-6564   DIVISION  "M"

CIVIL DISTRICT COURT

PARISH OF ORLEANS
STATE OF LOUISIANA

FILED: _____

_____
     DEPUTY CLERK

<u>MOTION FOR PARTIAL SUMMARY JUDGMENT OR DECLARATORY JUDGMENT
REGARDING SOUTHERN HOMES' RIGHT TO INDEMNIFICATION AND
DAMAGES FROM INTERIOR/EXTERIOR IN REDHIBITION</u>

Plaintiffs, Southern Homes, LLC; Southern Homes Renovations, LLC; Southern Homes AL,

Inc.; Tallow Creek, LLC; Gray's Creek of Louisiana, LLC; and Springhill, LLC (collectively

"Southern Homes"), respectfully move this Court for a declaratory judgment or partial summary

judgment that Interior Exterior Building Supply, LP, Interior Exterior Enterprises, LLC and South

Cortez, LLC (collectively "INEX"), as seller of Chinese drywall to Southern Homes, is:

- bound to indemnify Southern Homes for any and all liability it may incur for
  installing the Chinese drywall it purchased from INEX; and

- liable under Louisiana Civil Code article 2520 *et seq.*[1] for any and all inspection costs
  and other damages in direct connection with the Chinese drywall INEX sold to
  Southern Homes.


EXHIBIT
B-2

---

[1] *See* LA. CIV. CODE ANN. art. 2520, *et seq.* (2010).

Respectfully submitted,

JAMES M. GARNER  (#19589)
MARTHA Y. CURTIS (#20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 POYDRAS STREET, 28TH FLOOR
NEW ORLEANS, LOUISIANA 70112
Telephone (504) 299-2100
Facsimile (504) 299-2300
**COUNSEL FOR PLAINTIFFS
SOUTHERN HOMES, LLC, ET AL.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record *via* email this 9 day of December, 2010.

MATTHEW C. CLARK

2

FILED

2010 DEC -9 P 3: 04

CIVIL
DISTRICT COURT

SOUTHERN HOMES, LLC, ET AL.                     NO. 2009-6564 DIVISION "M"

      **Plaintiff**

versus

INTERIOR/EXTERIOR BUILDING            CIVIL DISTRICT COURT
SUPPLY, LP; INTERIOR/EXTERIOR
ENTERPRISES, LLC; SOUTH CORTEZ, LLC   PARISH OF ORLEANS
                                       STATE OF LOUISIANA

      **Defendant**

FILED: _____         _____

                                      DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OR DECLARATORY JUDGMENT REGARDING SOUTHERN HOMES' RIGHT TO INDEMNIFICATION AND DAMAGES FROM INTERIOR/ EXTERIOR IN REDHIBITION

**MAY IT PLEASE THE COURT:**

     Plaintiffs, Southern Homes, LLC; Southern Homes Renovations, LLC; Southern Homes AL, Inc.; Tallow Creek, LLC; Gray's Creek of Louisiana, LLC; and Springhill, LLC (collectively "Southern Homes"), respectfully move this Court for a declaratory judgment or partial summary judgment that Interior Exterior Building Supply, LP, Interior Exterior Enterprises, LLC and South Cortez, LLC (collectively "INEX"), as seller of Chinese drywall to Southern Homes, is bound to indemnify Southern Homes for any and all liability it may incur for installing the Chinese drywall it purchased from INEX. Southern Homes also moves this Court for a declaratory or summary judgment that INEX, as seller of Chinese drywall to Southern Homes, is liable under Louisiana Civil Code article 2520 *et seq.*[1] for any and all inspection costs and other damages in direct connection with the Chinese drywall INEX sold to Southern Homes.[2]

     At this time, Southern Homes is not seeking a determination of the *amount* of damages that INEX owes Southern Homes under redhibition claim or any other theory. Rather, Southern Homes seeks a judgment declaring that INEX is *liable* to Southern Homes for the damages set forth in Civil

---

     [1] *See* LA. CIV. CODE ANN. art. 2520, *et seq.* (2010).

     [2] While Southern Homes is not herein seeking damages against INEX under article 2545 of the Louisiana Civil Code, it reserves its right to perhaps do so in the future.

Code article 2520 *et seq.* Presuming Chinese drywall sold by INEX to Southern Homes has a redhibitory defect.[3] The determination of this issue now will serve to streamline the disposition of issues at trial and will enhance judicial efficiency by timely disposing of this straightforward liability issue. This issue is a purely legal one, and there is no genuine issue of material fact with regard to this issue. Accordingly, Southern Homes' motion should be granted.

## I.     BACKGROUND

Southern Homes brings this action as a group of professional homebuilders doing business in Louisiana[4] and as a purchaser of Chinese drywall that was inspected, marketed and sold by INEX. INEX entered into written supply contracts with Southern Homes that established a vendor-vendee relationship wherein INEX would supply drywall to Southern Homes.[5] Southern Homes paid INEX for all drywall purchased under those contracts and constructed and improved homes with the drywall, which included Chinese drywall.[6] INEX was Southern Homes' only drywall vendor during the period in which Chinese drywall was available for purchase in Louisiana.[7]

On April 16, 2009, Southern Homes emailed Jim Geary, President of INEX, the attached notice of a Southern Homes homeowner concern regarding Chinese drywall.[8] Southern Homes was requested that INEX and/or its drywall supplier inspect and, if necessary, remediate the home. INEX did not respond.[9]

As a direct result of purchasing Chinese drywall from INEX, Southern Homes has experienced and continues to experience litigation expense, investigation and inspection expense,

---

[3] At least one decision for the Chinese Drywall MDL has already assured that Chinese drywall does have a redhibitory defect under Louisiana law.

[4] *See* Affidavit of Christopher Lee Kornman at ¶ 4.

[5] *See id.* at ¶ 5.

[6] *See id.* at ¶ 6.

[7] *See id.* at ¶ 7.

[8] *See id.* at ¶ 8.

[9] *See id.* at ¶ 9.

as well as other damages.[10] Because it purchased this drywall from INEX, Southern Homes has had

to inspect several homes for the presence of Chinese drywall.[11]

## II.    LAW AND ARGUMENT

### A.    Standard for Summary Judgment

Under Louisiana law, summary judgment is favored and applied liberally by the district

courts.[12] The Louisiana Code of Civil Procedure provides that summary judgment "shall be rendered

forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover

is entitled to judgment as a matter of law."[13]   In such a case, as here, where no genuine issue of

material fact exists, summary judgment permits the just, speedy, and inexpensive determination of

the action.[14]  Further, summary judgment is "apropos when all the relevant facts are brought before

the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal

conclusion to be drawn from those facts."[15]

There is but one factual issue that is relevant to this motion, and that is whether INEX and

Southern Homes had a vendor-vendee relationship, as is required to support a redhibition claim from

Southern Homes against INEX.  The existence of this relationship is undisputed and is evidenced

by the written contract between the parties, which is attached to the Affidavit of Christopher Lee

Kornman, the President of Southern Homes.[16]  Summary judgment is therefore appropriate in this

matter, as it involves purely legal issues and does not require determination of any material facts.

---

[10] *See id.* at ¶ 11.

[11] *See Id.* at ¶ 12.

[12] LA. CODE CIV. PROC. ANN. art. 966(A)(2) (2010); *Giddens v. Giddens*, 98-868, p. 4 (La.App. 3 Cir. 12/9/98), 722 So.2d 114, 117; *E.P. v. City of Lafayette*, 98-802, p. 3 (La.App. 3 Cir. 12/9/98), 722 So.2d 1182, 1184.

[13] LA. CODE CIV. PROC. art. 966(B); *see also Giddens*, 98-802, p. 4, 722 So.2d at 117.

[14] *See* LA. CODE CIV. PROC. art. 966(A)(2) (2010)

[15] *Murphy's Lease & Welding Serv., Inc. v. Bayou Concession Salvage, Inc.*, 2000-978, p. 5 (La. App. 3 Cir. 3/8/01), 780 So.2d 1284, 1288.

[16] *See* Kornman Aff. at ¶ 5.

### B.   Liability in Redhibition

Louisiana's law of redhibition, which is contained in Louisiana Civil Code article 2520 *et seq.*, provides remedies for a buyer who purchases a product containing a redhibitory defect. Specifically, article 2531 entitles a buyer such as Southern Homes to indemnification from the seller of a defective product. If a seller did not know that his product was defective, moreover, the seller is still bound to correct or repair the defect, or if he cannot correct it, to return the purchase price to the buyer with interest and reimburse the buyer for expenses resulting from the sale.[17] This relief is afforded by article 2531, which states:

> A seller who did not know that the thing he sold had a defect is only bound to repair, remedy, or correct the defect. If he is unable or fails so to do, he is then bound to return the price to the buyer with interest from the time it was paid, and to reimburse him for the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, less the credit to which the seller is entitled if the use made of the thing, or the fruits it has yielded, were of some value to the buyer.[18]

Article 2531 provides a basis for Southern Homes' right to indemnification and damages from INEX. INEX must indemnify Southern Homes pursuant to article 2531 if its Chinese drywall contained a redhibitory defect. Courts have held good faith sellers liable under this article for the expenses incurred in attempting to repair defects in materials sold to customers from whom complaints were received.[19] Southern Homes' motion should therefore be granted.

Southern Homes has satisfied all the requirements that entitle it to this indemnity under the law of redhibition. Civil Code article 2522, which is also within the redhibition articles, requires the buyer to give notice to the seller when the seller does not have actual knowledge of the redhibitory defect.[20] This notice must be "sufficiently timely as to allow the seller the opportunity to make the required repairs," or else the buyer risks a diminution in his recovery to the extent the defect could

---

[17] LA. CIV. CODE ANN. art. 2531 (2010). While Southern Homes is not herein seeking damages against INEX under article 2524 of the Louisiana Civil Code, it reserves its right to perhaps do so in the future.

[18] *Id.*

[19] *Stratton-Baldwin Co., Inc. v. Brown*, 343 So.2d 292, 298 (La. App. 1 Cir. 1977) (citing *Breaux v. Winnebago Industries, Inc.*, 282 So.2d 763 (La. App. 1 Cir. 1973)).

[20] LA. CIV. CODE ANN. art. 2522 (2010).

-4-

have been repaired.[21]  In this case, Southern Homes satisfied the notice requirement when it communicated in writing with INEX about the Chinese drywall issues and gave INEX the opportunity to inspect and remediate these issues.  Southern Homes communicated with Jim Geary, President of INEX, to inform him of a Southern Homes homeowner's Chinese drywall concern.[22] Southern Homes was requesting that INEX and/or its drywall supplier inspect and, if necessary, remediate the home.[23]  INEX did not respond.[24]

Southern Homes seeks this summary judgment and declaratory relief in part because of the substantial damages it has already incurred.  Because it purchased this drywall from INEX, Southern Homes has had to inspect several homes for the presence of Chinese drywall.[25]  Southern Homes submits that its expenses related to inspection are recoverable under redhibition, as the expenses were incurred in attempting to alleged redhibitory defects in homes from whom complaints were received.

Southern Homes requests a judgment declaring that INEX must indemnify Southern Homes for the repair expenses resulting from its purchase of allegedly defective Chinese drywall under redhibition.

III.    CONCLUSION

It is undisputed that INEX acted as a vendor in furnishing Chinese drywall to Southern Homes.  Pursuant to this vendor-vendee relationship, the law of redhibition will apply to this action. This law provides Southern Homes with indemnification rights against INEX.  Southern Homes therefore respectfully requests, in the interest of judicial economy and the efficient resolution of purely legal issues, that this Court issue a partial summary judgment or declaratory judgment to the effect that if Chinese drywall has a redhibitory defect under Civil Code article 2520 *et seq.*, INEX

---

[21] *Id.*  Southern Homes also notes that it filed the instant suit against INEX on June 25, 2009, over one year and five months ago.

[22] *See* Kornman Aff. at ¶ 8.

[23] *See id.*

[24] *See id.* at ¶ 9.

[25] *See id.* at ¶ 11-12

will be liable to Southern Homes for all expenses related to repair of the same.

Respectfully submitted,

JAMES M. GARNER (#19589)
MARTHA Y. CURTIS (#20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER**
**KLEIN & HILBERT, L.L.C.**
909 POYDRAS STREET, 28TH FLOOR
NEW ORLEANS, LOUISIANA 70112
Telephone (504) 299-2100
Facsimile (504) 299-2300
**COUNSEL FOR PLAINTIFFS**
**SOUTHERN HOMES, LLC, ET AL.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record *via* email this ___ day of December, 2010.

MATTHEW C. CLARK

FILED

2010 DEC -9  P 3: 04

CIVIL
DISTRICT COURT

SOUTHERN HOMES, LLC, ET AL.

     **Plaintiff**

*versus*

INTERIOR/EXTERIOR BUILDING
SUPPLY, LP; INTERIOR/EXTERIOR
ENTERPRISES, LLC; SOUTH CORTEZ, LLC

     **Defendant**

NO. 2009-6564 DIVISION "M"

CIVIL DISTRICT COURT

PARISH OF ORLEANS
STATE OF LOUISIANA

FILED: _____

_____
DEPUTY CLERK

## STATEMENT OF UNCONTESTED FACTS

Plaintiffs, Southern Homes, LLC; Southern Homes Renovations, LLC; Southern Homes AL,

Inc.; Tallow Creek, LLC; Gray's Creek of Louisiana, LLC; and Springhill, LLC (collectively

"Southern Homes"), submit the following Statement of Uncontested Facts in connection with its

Motion for Summary Judgment:

1.     Southern Homes is a group of professional homebuilders doing business in Louisiana.[1]

2.     INEX entered into written supply contracts with Southern Homes that established a vendor-vendee relationship wherein INEX would supply drywall to Southern Homes.[2]

3.     Southern Homes paid INEX for all drywall purchased under those contracts and constructed and improved homes with the drywall, which included Chinese drywall.[3]

4.     INEX was Southern Homes' only drywall vendor during the period in which Chinese drywall was available for purchase in Louisiana.[4]

5.     On April 16, 2009, Southern Homes emailed Jim Geary, President of INEX, the attached notice of a Southern Homes homeowner concern regarding Chinese drywall.[5] Southern Homes requested that INEX and/or its drywall supplier inspect and, if necessary, remediate the home.

6.     INEX did not respond.[6]

---

[1] *See* Affidavit of Christopher Lee Kornman at ¶ 4.

[2] *See id.* at ¶ 5.

[3] *See id.* at ¶ 6.

[4] *See id.* at ¶ 7.

[5] *See id.* at ¶ 8.

[6] *See id.* at ¶ 9.

7.    As a direct result of purchasing Chinese drywall from INEX, Southern Homes has experienced and continues to experience investigation and inspection expense, as well as other damages.[7]

8.    Because Southern Homes purchased this drywall from INEX, Southern Homes has had to inspect several homes for the presence of Chinese drywall.[8]

Respectfully submitted,

JAMES M. GARNER (#19589)
MARTHA Y. CURTIS (#20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER**
**KLEIN & HILBERT, L.L.C.**
909 POYDRAS STREET, 28TH FLOOR
NEW ORLEANS, LOUISIANA 70112
Telephone (504) 299-2100
Facsimile (504) 299-2300
**COUNSEL FOR PLAINTIFFS**
**SOUTHERN HOMES, LLC, ET AL.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record *via* email this 7 day of December, 2010.

MATTHEW C. CLARK

---

[7] *See id.* at ¶ 11.

[8] *See Id.* at ¶ 12.

SOUTHERN HOMES, LLC, ET AL.                    NO. 2009-6564   DIVISION   "M"

    Plaintiff

versus

INTERIOR/EXTERIOR BUILDING                     CIVIL DISTRICT COURT
SUPPLY, LP; INTERIOR/EXTERIOR
ENTERPRISES, LLC; SOUTH CORTEZ, LLC            PARISH OF ORLEANS
                                               STATE OF LOUISIANA
    Defendant


FILED: _____

                                  DEPUTY CLERK

### AFFIDAVIT OF CHRISTOPHER LEE KORNMAN

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

    BEFORE ME, the undersigned authority, personally came and appeared:

### CHRISTOPHER LEE KORNMAN

a person of full age and majority, who, upon being sworn, did depose and state:

1. My name is Christopher Lee Kornman.

2. I am the President of Southern Homes, LLC; Southern Homes Renovations, LLC; Southern Homes AL, Inc.; Tallow Creek, LLC; Gray's Creek of Louisiana, LLC; and Springhill, LLC (collectively "Southern Homes").

3. I submit this Affidavit upon my personal knowledge of Southern Homes' books and records.

4. Southern Homes is a group of professional homebuilders doing business in Louisiana.

5. Southern Homes entered into vendor-vendee contracts with Interior Exterior Building Supply, L.P. ("INEX") for the purchase of drywall. A representative contract is attached hereto as Exhibit 1.

6. Southern Homes paid INEX for all drywall purchased under those contracts and constructed and improved homes with the drywall, which included Chinese drywall.

7. INEX was Southern Homes' only drywall vendor during the period in which Chinese drywall was available for purchase in Louisiana.

8. On April 16, 2009, Southern Homes emailed Jim Geary, President of INEX, the attached notice of a Southern Homes homeowner concern regarding Chinese drywall. Southern Homes was requesting that INEX and/or its drywall supplier inspect and, if necessary, remediate the home. *See* Southern Homes Email, which is attached as Exhibit 2.

9.   INEX did not respond to Southern Homes' notice.

10.  On June 25, 2009, Southern Homes filed the captioned action against INEX and related parties.

11.  As a direct result of purchasing Chinese drywall from INEX, Southern Homes has experienced and continues to experience investigation and inspection expense, as well as other damages.

12.  Southern Homes has had to inspect several homes for the presence of Chinese drywall.

CHRISTOPHER LEE KORNMAN

SWORN TO AND SUBSCRIBED
BEFORE ME THIS ___ DAY OF
DECEMBER, 2010.

NOTARY PUBLIC

Matthew C. Clark
Notary Public ID # 87166
Bar No. 31102
Parish of Orleans, State of Louisiana
My Commission is for life

Page 2 of 2 Affidavit of Christopher Lee Kornman

**Ben Diano**

| | |
|---|---|
| **From:** | David Stanton [davidstanton@southernhomes.com] |
| **Sent:** | Tuesday, October 17, 2006 10:48 AM |
| **To:** | Carl Placey; Victor Gallo; Dale Bernard; Ben Diano; Neal Fangue; Chip Brannon; Steve Frught; Steve Elkins; Paul Gement III; Brian Robichaux; brickwheat@bellsouth.net; jilumber@cox.net; billyclemmons@aol.com; dons@mathesofal.com; jabrown252@bellsouth.net; BILL GOODSON; Michael Venezia |
| **Cc:** | Steve Elkins; Denver Breazeale; rileystuart@southalabamabrick.com; Stacey Klester |
| **Subject:** | Southern Homes: Revised Vendor Terms & Conditions |

ALL SOUTHERN HOMES VENDORS:

Please review the following revised terms and conditions for doing business with Southern Homes, LLC, Tallow Creek, LLC, Gray's Creek of Louisiana, LLC, and Southern Homes, AL, Inc. Please call with any questions or to set up a meeting if you would like to discuss these revised terms and conditions in person. Otherwise, please print this email, sign it and date it below in the spaces provided, and mail it back to us at the following address before 10/31/06:

*Southern Homes, 2053 Gause Blvd. E., Ste. 200, Slidell, LA 70461*

**VENDOR shall furnish, deliver & unload products FOB OWNER'S job sites in quantities specified by written Purchase Orders (POs). Complete orders shall be delivered in a timely manner per OWNER'S schedule; partial orders accepted only with OWNER'S prior approval. If a product is out of stock or unavailable, VENDOR shall furnish a substitute product of equal or greater value at no additional cost to OWNER, subject to OWNER'S prior approval. Manufacturer's warranties shall apply. Defective products & products damaged in transit, delivery or unloading shall be promptly picked up by VENDOR for full credit & VENDOR shall promptly furnish, deliver & unload replacement products.**

**VENDOR deliveries = VENDOR acceptance of POs. OWNER will never pay more than PO totals. OWNER will never pay an invoice without PO(s) attached. VENDOR shall not submit any invoice for payment until all backordered items have been delivered & invoice agrees with attached PO (s). Late invoices & corrected invoices will not be paid until the following 10th prox. PO numbers shall appear on all documents. VENDOR shall invoice all applicable sales taxes based upon job site location & itemize all sales taxes on invoices.**

**VENDOR shall furnish OWNER with a minimum 30-day notice, via certified mail, of any price increase.**

Acknowledged, understood and accepted:

Company Name: *INTERIOR EXTERIOR BUILDING SUPPLY*

Representative Name: *B. F. DIANO, JR*

Representative Signature: _____

10/18/2006

EXHIBIT
1

Date: _October 20, 2006_

Thanks.

David Stanton
Vice President
Southern Homes, L.L.C.

985-326-0198 Office
985-960-1337 Cell
985-265-0012 Fax

10/18/2006

**From:** Mr. David Stanton <dstanton@southernhomes.com>
**Date:** April 17, 2009 11:37:19 AM CDT
**To:** Jim Geary <jgeary@interiorexterior.net>
**Subject: Southern Homes - Chinese Drywall Inspection #1 (Please reply)**

Southern Homes - Chinese Drywall Inspection #1

Please send a reply confirming receipt of this email.

David Stanton
Vice President
Southern Homes, L.L.C.

1

EXHIBIT
2

dstanton@southernhomes.com
985-326-0198  Office
985-960-1337  Cell
985-265-0012  Fax

Begin forwarded message:

From: "Mr. Todd Nowicki" <todd@southernhomes.com>
Date: April 16, 2009 4:52:22 PM CDT
To: "Mr. David Stanton" <dstanton@southernhomes.com>
Cc: Chris Komman <chrisk@southernhomes.com>
Subject: Chinese Sheetrock-Please Forward

2065 Heather Ln
Slidell, LA

Owner-Kim Keyes- 985-217-0781

Property Manager- Gail McComber (ReMax)- 985-290-2573

Jennifer Honeycutt- leasing the House- needed to schedule inspection
985-201-7564 (H)
985-710-4323 (C)

2



3



4



5



Todd Nowicki
Director of Construction
Southern Homes
985-326-0436 office
985-773-2232 cell
todd@southernhomes.com

6