```
 1        CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
 2                       STATE OF LOUISIANA
 3                  SOUTHERN HOMES, LLC ET AL
 4                            VERSUS
 5        INTERIOR/EXTERIOR BUILDING SUPPLY, LP ET AL
 6    CASE NUMBER: 2009-06564                    DIVISION M
 7    _____
 8    ****************************************************
 9    _____
10          Transcript of the Rule Hearing held in the
11    above-captioned matter on Thursday, February 3, 2011,
12    before the Honorable Paulette Irons, Judge Presiding.
13
14    APPEARANCES:
15        JAMES M. GARNER, ESQ., MARTHA Y. CURTIS, ESQ., AND
16        MATTHEW C. CLARK, ESQ.
17              Representing the Plaintiffs, Southern Homes,
18              LLC Et Al
19        RICHARD G. DUPLANTIER, JR., ESQ.
20              Representing the Defendants, Interior/Exterior
21              Building Supply, LP Et Al
22        DREW R. BALLINA, ESQ.
23              Representing the Defendant L.A. Homes, Inc.
24
25
26
27
28
29
30    REPORTED BY:
31    Melinda M. Hebert, CCR, RPR
32    Official Court Reporter                      ORIGINAL
```

EXHIBIT B-3

```
 1                P R O C E E D I N G S
 2              THURSDAY, FEBRUARY 3, 2011
 3    *   *   *   *   *   *   *   *   *   *   *   *   *
 4  THE COURT:
 5              Southern Homes.  Southern Homes versus
 6        Interior/Exterior Building Supply Et Al.
 7  MR. GARNER:
 8              Good morning, your Honor.
 9  MR. DUPLANTIER:
10              Good morning, your Honor.
11  THE COURT:
12              I didn't see your name, Mr. Garner, on
13        my --
14  MR. GARNER:
15              You forgot all about me.  I'm hurt.
16  THE COURT:
17              For the record, for the record, would the
18        attorneys make their appearances.
19  MR. GARNER:
20              James Garner and Martha Curtis for the
21        plaintiffs.
22  MR. DUPLANTIER:
23              Richard Duplantier for Interior/Exterior
24        Building Supply, LP, your Honor, and the
25        Interior/Exterior defendants.
26  THE COURT:
27              Okay.  I'm not going to let you all argue
28        long.
29  MR. BALLINA:
30              Judge, excuse me -- Drew Ballina on behalf
31        of L.A. Homes --
32  THE COURT:
```

Melinda M. Hebert, CCR, RPR
Civil District Court, Parish of Orleans

```
 1                L.A. Homes?  Okay.
 2                Mr. Garner, I have "Matthew Clark" here.
 3           Who's Matthew Clark?
 4  MR. GARNER:
 5                He's my colleague.
 6  THE COURT:
 7                Okay.  In that case --
 8  MR. CLARK:
 9                I'm right here, your Honor.
10  THE COURT:
11                You have excellent, you have excellent
12           arguments.  They're excellent.
13  MR. CLARK:
14                Thank-you, your Honor.  Well, they're ours
15           but thank-you very much.
16  THE COURT:
17                Yes, they are.  However, I do believe that
18           they're premature.  I think they're a little
19           premature and I'll tell you why, because I
20           looked at -- there needs to be some discovery
21           to make sure that Southern Homes has not
22           done -- they'd have clean hands, right, because
23           you want full indemnification; is that
24           correct?
25  MR. GARNER:
26                Correct.
27  THE COURT:
28                Okay.  And so we need to know -- I would
29           like to know from discovery that -- when was
30           the first time Southern Homes was notified
31           about the Chinese drywall, and if they were
32           notified and they immediately called and told
```

3

1  them about it and didn't sell any additional
2  homes that had Chinese drywall then I would
3  think that you would be entitled to full
4  indemnification. But we don't know that. We
5  don't know that. Maybe it continued or maybe
6  there were other things that went on, and I do
7  think that you need to do some discovery on
8  that.
9      I'm not saying that you can't reurge those
10  once some discovery is done, Mr. Garner.
11 MR. GARNER:
12      All right.
13 THE COURT:
14      Also though, Mr. Garner, you might want to
15  ask your associate -- and you're asking for all
16  inspection costs and other damages. I'd like a
17  little bit more specifics.
18 MR. GARNER:
19      Okay.
20 THE COURT:
21      I don't know what that means, other
22  damages in direct connection with the Chinese
23  drywall. Are those attorney fees or --
24 MR. GARNER:
25      No, no, those are not attorneys fees
26  against INEX where we would have a joint
27  interest back against Knauf and Taisham through
28  the bad -- this was just they're a good faith
29  seller to us.
30 THE COURT:
31      Okay.
32 MR. GARNER:

4

```
 1                 And actually, this issue is neither of us
 2          knew about it.
 3  MR. DUPLANTIER:
 4                 Right.
 5  MR. GARNER:
 6                 But I get to go up the chain of title --
 7  THE COURT:
 8                 To him.
 9  MR. GARNER:
10                 -- right, through my good friend, Ricky --
11          and we're going to go up together, where he
12          will join me, I'm sure --
13  THE COURT:
14                 Well, if you don't have any problem -- I
15          mean, if you don't want to do any more
16          discovery and --
17  MR. GARNER:
18                 Well, I don't think there's any more --
19  MR. DUPLANTIER:
20                 Judge, here's the issue.  You know, the
21          issue here in this case and all of these other
22          cases is there has to be a determination as to
23          which redhibition statute is going to apply.
24          In this case, if the judge -- if you want to
25          make the determination that we are, in fact, a
26          good faith seller and their recovery is limited
27          to the good faith seller statute, we would urge
28          you to do that.  We've actually filed that
29          motion in the multi-district litigation
30          proceeding saying, "We're a good faith seller
31          and the recovery should be limited under that
32          redhibition statute."  However, we think it's
```

Melinda M. Hebert, CCR, RPR
Civil District Court, Parish of Orleans

```
 1            premature to make that determination because
 2            there are factual disputes that are at issue,
 3            and I also believe that there are -- this is a
 4            prospected request for indemnification, it's
 5            not a lot about the statute either.
 6                 So I think that there does need to be some
 7            discovery and I think you need to make a
 8            choice, we're a good faith seller and that's
 9            it, that's the recovery that's limited against
10            my client.  I would love for you to make that
11            determination but I think if you did, it would
12            be premature.
13  MR. GARNER:
14                 Yeah, I don't think it's premature because
15            we did only move on good faith.  There's no
16            doubt there's a bunch of Chinese -- we had 300
17            homes --
18  THE COURT:
19                 Oh, I have no doubt about that.
20  MR. GARNER:
21                 Right.  And we made demand 18 months ago,
22            they didn't do anything.  I'm not saying they
23            had knowledge, I'm certainly going to say
24            Taisham and Knauf had knowledge, which he will
25            -- you will agree, right, Mr. Duplantier?
26  MR. DUPLANTIER:
27                 Absolutely, absolutely.  We filed a motion
28            that says if you rule in our favor -- if you
29            rule in their favor on this issue then we have
30            to bring in the manufacturer, who's really the
31            bad faith party here.
32  MR. GARNER:
```

1       And that's -- I'll tell the Court that's
2  coming, but under the *Mercedes Benz* case, I've
3  got to go through the chain of title and this
4  is the first chain because we bought from
5  them. I'm saying I didn't know and this motion
6  says Mr. Duplantier didn't know.
7       So under the code, 2531 -- I actually
8  brought the rules today because I know how you
9  are with rules -- that as a good faith seller
10  to me and I have no knowledge -- and in 18
11  months there's no evidence I've had knowledge,
12  and I don't think he's going to want to say he
13  had knowledge either because we're going to go
14  up that chain together. I win this motion on
15  liability only and then we'll come back and
16  tell you what damages we're entitled to.
17 MR. DUPLANTIER:
18       And again, your Honor, as much as I would
19  love for you to make a determination today that
20  that statute applies, it requires you to make a
21  decision that I'm a good faith seller. If you
22  want to make that decision, please do, I would
23  encourage you, but I think it precludes other
24  recovery against my client once you make that
25  decision, and I don't think that's what their
26  motion is asking for and I don't think the
27  other parties who are in litigation with
28  Southern Homes want you to make that
29  determination at this stage of the litigation.
30 THE COURT:
31       Listen, guys, I know you are great
32  lawyers, and I've got a super lawyer in here

```
 1            right now.
 2  MR. GARNER:
 3            I'm never going to live that down.
 4  THE COURT:
 5            No, you're not.
 6  MR. DUPLANTIER:
 7            I think she was talking about me too.  I'm
 8       kidding.
 9  THE COURT:
10            Was his name on that list?
11  MR. GARNER:
12            Yes.
13  THE COURT:
14            It was?
15  MR. GARNER:
16            Yeah, it was.
17  THE COURT:
18            Oh, so I've got two super lawyers.
19                 (Laughter)
20            But I still think that some discovery must
21       be done.
22  MR. GARNER:
23            Okay.
24  MR. DUPLANTIER:
25            Thank-you.
26  THE COURT:
27            So that we can make sure that their hands
28       are clean.
29  MR. DUPLANTIER:
30            Our hands are clean.
31  THE COURT:
32            And we'll just move up.  And I will
```

```
 1              address it as soon as you all --
 2  MR. GARNER:
 3              Okay.
 4  THE COURT:
 5              Set some time limit. Do you need --
 6  MR. GARNER:
 7              Do you really want to do discovery?
 8  THE COURT:
 9              Ninety days?
10  MR. DUPLANTIER:
11              You know, we're under some much stricter
12          scheduling issues in the MDL so --
13  MR. GARNER:
14              Ninety days is fine for us. Because we're
15          going to have the jurisdictional motions
16          against Taisham and Knauf coming up before
17          you --
18  MR. DUPLANTIER:
19              Correct.
20  MR. GARNER:
21              -- and they're presumed to be in bad
22          faith. So -- and for the record, we moved
23          under 2531, which says a seller who did not
24          know the thing he sold had a defect so I moved
25          presuming you're in good faith, Ricky.
26  MR. DUPLANTIER:
27              I understand, but what I'm --
28  MR. GARNER:
29              All right.
30  MR. DUPLANTIER:
31              You understand what the issue is.
32  THE COURT:
```

Melinda M. Hebert, CCR, RPR
Civil District Court, Parish of Orleans

```
 1              Will 90 days --
 2  MR. GARNER:
 3              Yes, ma'am; we'll take 90 days.
 4  MR. DUPLANTIER:
 5              Absolutely.
 6  THE COURT:
 7              Call, get a rule, and we can address that.
 8  MR. DUPLANTIER:
 9              Absolutely.
10  MR. GARNER:
11              Thank-you, Judge.
12  THE COURT:
13              You're welcome.
14   *   *   *   *   *   *   *   *   *   *   *   *   *
```

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

REPORTER'S CERTIFICATE

I, Melinda M. Hebert, Certified Court Reporter, Registered Professional Reporter, State of Louisiana, do hereby certify that:

I am an Official Court Reporter of the Civil District Court, Parish of Orleans, State of Louisiana, and that as such I reported in stenotype the proceedings held in the within-entitled matter at the time and place therein set forth, and that the same is a full, true, and correct transcription of said stenotype notes as taken by me in said matter to the best of my ability and understanding.

*[signature]*

Melinda M. Hebert, CCR, RPR
Official Court Reporter
License No. 90005

March 14, 2011

OFFICIAL SEAL
MELINDA M. HEBERT
Certified Court Reporter
in and for the State of Louisiana
Certificate Number 90005
Certificate expires 12-31-11

**ORIGINAL**

Melinda M. Hebert, CCR, RPR
Civil District Court, Parish of Orleans