SOUTHERN HOMES, LLC, ET AL.                    NO. 2009-6564   DIVISION   "M"

   Plaintiff

versus                                                         CIVIL DISTRICT COURT

INTERIOR/EXTERIOR BUILDING                  PARISH OF ORLEANS
SUPPLY, LP; INTERIOR/EXTERIOR               STATE OF LOUISIANA
ENTERPRISES, LLC; SOUTH CORTEZ, LLC

   Defendant

FILED:_____         _____
                                                           DEPUTY CLERK

<u>RULE TO SHOW CAUSE</u>

   Considering the Re-Urged Motion for Partial Summary Judgment or Declaratory Judgment

("Motion") filed by Plaintiffs, Southern Homes, LLC; Southern Homes Renovations, LLC; Southern

Homes AL, Inc.; Tallow Creek, LLC; Gray's Creek of Louisiana, LLC; and Springhill, LLC

(collectively "Southern Homes"):

   IT IS ORDERED that Defendants Interior Exterior Building Supply, LP, Interior Exterior

Enterprises, LLC and South Cortez, LLC (collectively "INEX") show cause on the 16th day

of _June_, 2011, at _9_ a.m./p.m., why Southern Homes' Motion should not be

granted, judging INEX liable to Southern Homes in redhibition for costs, expenses, and other

damages in direct connection with the Chinese-manufactured drywall INEX sold to Southern Homes.

   New Orleans, Louisiana, this _2_ day of _May_____, 2011.

          {Sgd) Paulette R. Irons
         _____
         HON. PAULETTE R. IRONS

<u>Please return executed Rule to:</u>

MATTHEW C. CLARK
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
909 Poydras Street - 28th Floor
New Orleans, LA 70112
Telephone: 504-299-2100
Facsimile: 504-299-2300

A TRUE COPY

_____
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

who will effect service pursuant to article 1313(C) of the Louisiana Code of Civil Procedure

EXHIBIT
B-4

FILED

* 2011 MAY -2 P 3: 56

CIVIL
DISTRICT COURT

SOUTHERN HOMES, LLC, ET AL.          NO. 2009-6564   DIVISION  "M"

     Plaintiff

versus                                              CIVIL DISTRICT COURT

INTERIOR/EXTERIOR BUILDING              PARISH OF ORLEANS
SUPPLY, LP; INTERIOR/EXTERIOR           STATE OF LOUISIANA
ENTERPRISES, LLC; SOUTH CORTEZ, LLC

     Defendant

FILED: _____

                                      DEPUTY CLERK

### RE-URGED MOTION FOR PARTIAL SUMMARY JUDGMENT OR DECLARATORY JUDGMENT REGARDING SOUTHERN HOMES' RIGHT TO DAMAGES FROM INTERIOR/EXTERIOR IN REDHIBITION

    Plaintiffs, Southern Homes, LLC; Southern Homes Renovations, LLC; Southern Homes AL,

Inc.; Tallow Creek, LLC; Gray's Creek of Louisiana, LLC; and Springhill, LLC (collectively

"Southern Homes"), respectfully move this Court for a declaratory judgment or partial summary

judgment that Interior Exterior Building Supply, LP, Interior Exterior Enterprises, LLC and South

Cortez, LLC (collectively "INEX"), as seller of Chinese drywall to Southern Homes, is:

-     bound to pay Southern Homes for any and all costs, expenses, or other liability it may incur for installing the Chinese drywall it purchased from INEX; and

-     liable under Louisiana Civil Code article 2520 *et seq.*[1] for any and all inspection costs and other damages in direct connection with the Chinese drywall INEX sold to Southern Homes.

    On February 3, 2011, this Court heard Southern Homes' arguments under article 2520 *et seq.*

and ruled that Southern Homes could re-urge those arguments after INEX had 90 days from the

February 3, 2011 hearing to conduct additional discovery.  On February 8, 2001, the same rulings

were memorialized in this Court's Judgment.[2]  The 90-day period expires on May 4, 2011.

Accordingly, Southern Homes re-urges the instant Motion for Partial Summary/Declaratory Judgment

against INEX.

---

[1] *See* LA. CIV. CODE ANN. art. 2520, *et seq.* (2010).

[2] *See* Judgment.

Respectfully submitted,

_____

JAMES M. GARNER (#19589)
MARTHA Y. CURTIS (#20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 POYDRAS STREET, 28TH FLOOR
NEW ORLEANS, LOUISIANA 70112
Telephone (504) 299-2100
Facsimile (504) 299-2300
**COUNSEL FOR PLAINTIFFS
SOUTHERN HOMES, LLC, ET AL.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record *via* email this _____ day of May, 2011.

_____

JAMES M. GARNER

2

SOUTHERN HOMES, LLC, ET AL.                     NO. 2009-6564   DIVISION  "M"

   Plaintiff

versus                                          CIVIL DISTRICT COURT

INTERIOR/EXTERIOR BUILDING                      PARISH OF ORLEANS
SUPPLY, LP; INTERIOR/EXTERIOR                   STATE OF LOUISIANA
ENTERPRISES, LLC; SOUTH CORTEZ, LLC

   Defendant

FILED: _____  _____
                 DEPUTY CLERK

### MEMORANDUM IN SUPPORT OF RE-URGED MOTION FOR PARTIAL SUMMARY JUDGMENT OR DECLARATORY JUDGMENT REGARDING SOUTHERN HOMES' RIGHT TO DAMAGES FROM INTERIOR/ EXTERIOR IN REDHIBITION

**MAY IT PLEASE THE COURT:**

  Plaintiffs, Southern Homes, LLC; Southern Homes Renovations, LLC; Southern Homes AL, Inc.; Tallow Creek, LLC; Gray's Creek of Louisiana, LLC; and Springhill, LLC (collectively "Southern Homes"), respectfully move this Court for a declaratory judgment or partial summary judgment that Interior Exterior Building Supply, LP, Interior Exterior Enterprises, LLC and South Cortez, LLC (collectively "INEX"), as seller of Chinese drywall to Southern Homes, is bound to pay Southern Homes for any and costs, expenses or other liability it may incur for installing the Chinese drywall it purchased from INEX.   Southern Homes also moves this Court for a declaratory or summary judgment that INEX, as seller of Chinese drywall to Southern Homes, is liable under Louisiana Civil Code article 2520 *et seq.*[1] for any and all inspection costs and other damages in direct connection with the Chinese drywall INEX sold to Southern Homes.[2]

  On February 3, 2011, this Court heard Southern Homes' arguments under article 2520 *et seq.* and ruled that Southern Homes could re-urge those arguments after INEX had 90 days from the February 3, 2011 hearing to conduct additional discovery.  On February 8, 2001, the same rulings

---

[1]  *See* La. Civ. Code Ann.  art. 2520, *et seq.* (2010).

[2]  While Southern Homes is not herein seeking damages against INEX under article 2545 of the Louisiana Civil Code, it reserves its right to perhaps do so in the future.

-1-

were memorialized in this Court's Judgment.[3]   The 90-day period expires on May 4, 2011. Accordingly, Southern Homes re-urges the instant Motion for Partial Summary/Declaratory Judgment against INEX.

At this time, Southern Homes is not seeking a determination of the *amount* of damages that INEX owes Southern Homes under its redhibition claim or any other theory.   Rather, Southern Homes seeks a judgment declaring that INEX is *liable* to Southern Homes for the damages set forth in Civil Code article 2520 *et seq.*, presuming Chinese-manufactured drywall sold by INEX to Southern Homes has a redhibitory defect.[4]   The determination of this issue now will serve to streamline the disposition of issues at trial and will enhance judicial efficiency by timely disposing of this straightforward liability issue.   This issue is a purely legal one; there is no genuine issue of material fact with regard to this issue; and, according to this Court's Judgment, the Motion is no longer premature.   Accordingly, Southern Homes' motion should be granted.

## I.   BACKGROUND

Southern Homes brings this action as a group of professional homebuilders doing business in Louisiana[5] and as a purchaser of Chinese-manufactured drywall that was inspected, marketed and sold by INEX.   INEX entered into written supply contracts with Southern Homes that established a vendor-vendee relationship wherein INEX would supply drywall to Southern Homes.[6]   Southern Homes paid INEX for all drywall purchased under those contracts and constructed and improved homes with the drywall, which included Chinese-manufactured drywall.[7]   INEX was Southern Homes' only drywall vendor during the period in which Chinese-manufactured drywall was available

---

[3]   *See* Judgment, attached as Exhibit A.

[4]   At least one decision for the Chinese Drywall MDL has already assumed that Chinese drywall does have a redhibitory defect under Louisiana law.   *See Hernandez v. Knauf Gips KG*, Case No. 2009-cv-6050, U.S.D.C. E.D. La., Doc. 3012.

[5]   *See*, Affidavit of Christopher Lee Kornman at ¶ 4, which is attached as Exhibit B.

[6]   *See id.* at ¶ 5.

[7]   *See id.* at ¶ 6.

for purchase in Louisiana.[8]

On April 16, 2009, Southern Homes emailed Jim Geary, President of INEX, notice of a Southern Homes homeowner's concern regarding the presence of Chinese-manufactured drywall in his home.[9]  Southern Homes was requesting that INEX and/or its drywall supplier inspect and, if necessary, remediate the home.  INEX did not respond.[10]

As a direct result of purchasing Chinese-manufactured drywall from INEX, Southern Homes has received claims and demands to inspect and remediate homes due to the allegedly defective Chinese-manufactured drywall.  Southern Homes has experienced and continues to experience litigation expense, investigation and inspection expense, as well as other damages.[11]

## II.    LAW AND ARGUMENT

### A.    Standard for Summary Judgment

Under Louisiana law, summary judgment is favored and applied liberally by the district courts.[12] The Louisiana Code of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law."[13]  In such a case, as here, where no genuine issue of material fact exists, summary judgment permits the just, speedy, and inexpensive determination of the action.[14] Further, summary judgment is "apropos when all the relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion

---

[8] *See id.* at ¶ 7.

[9] *See id.* at ¶ 8.

[10] *See id.* at ¶ 9.

[11] *See id.* at ¶ 11.

[12] LA. CODE CIV. PROC. ANN. art. 966(A)(2) (2010); *Giddens v. Giddens*, 98-868, p. 4 (La.App. 3 Cir. 12/9/98), 722 So.2d 114, 117; *E.P. v. City of Lafayette*, 98-802, p. 3 (La.App. 3 Cir. 12/9/98), 722 So.2d 1182, 1184.

[13] LA. CODE CIV. PROC. art. 966(B); *see also Giddens*, 98-802, p. 4, 722 So.2d at 117.

[14] *See* LA. CODE CIV. PROC. art. 966(A)(2) (2010)

to be drawn from those facts."[15]

There is but one factual issue that is relevant to this motion, and that is whether INEX and Southern Homes had a vendor-vendee relationship, as is required to support a redhibition claim from Southern Homes against INEX. The existence of this relationship is undisputed and is evidenced by the written contract between the parties, which is attached to the Affidavit of Christopher Lee Kornman, the President of Southern Homes.[16] Summary judgment is therefore appropriate in this matter, as it involves purely legal issues, does not require determination of any material facts, and is not premature.

## B.    Liability in Redhibition

Louisiana's law of redhibition, which is contained in Louisiana Civil Code article 2520 *et seq.*, provides remedies for a buyer who purchases a product containing a redhibitory defect. Specifically, article 2531 entitles a buyer such as Southern Homes to be reimbursed for losses from the seller of a defective product. If a seller did not know that his product was defective, moreover, the seller is still bound to correct or repair the defect, or if he cannot correct it, to return the purchase price to the buyer with interest and reimburse the buyer for expenses resulting from the sale.[17] This relief is afforded by article 2531, which states:

> A seller who did not know that the thing he sold had a defect is only bound to repair, remedy, or correct the defect. If he is unable or fails so to do, he is then bound to return the price to the buyer with interest from the time it was paid, and to reimburse him for the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, less the credit to which the seller is entitled if the use made of the thing, or the fruits it has yielded, were of some value to the buyer.[18]

Article 2531 provides a basis for Southern Homes' right to damages from INEX. INEX must pay Southern Homes pursuant to article 2531 if its Chinese-manufactured drywall contained a

---

[15] *Murphy's Lease & Welding Serv., Inc. v. Bayou Concession Salvage, Inc.*, 2000-978, p. 5 (La. App. 3 Cir. 3/8/01), 780 So.2d 1284, 1288.

[16] *See* Ex.B at Kornman Aff. at ¶ 5.

[17] LA. CIV. CODE ANN. art. 2531 (2010). While Southern Homes is not herein seeking damages against INEX under article 2524 of the Louisiana Civil Code, it reserves its right to perhaps do so in the future.

[18] *Id.*

-4-

redhibitory defect.  Courts have held good faith sellers liable under this article for the expenses incurred in attempting to repair defects in materials sold to customers from whom complaints were received.[19] INEX should therefore be cast with liability for the expenses Southern Homes has or will incur in inspecting and repairing homes damaged by any defective Chinese-manufactured drywall installed by Southern Homes.

Southern Homes has satisfied all the requirements that entitle it to these damages under the law of redhibition.  Civil Code article 2522, which is also within the redhibition articles, requires the buyer to give notice to the seller when the seller does not have actual knowledge of the redhibitory defect.[20]  This notice must be "sufficiently timely as to allow the seller the opportunity to make the required repairs," or else the buyer risks a diminution in his recovery to the extent the defect could have been repaired.[21]  In this case, Southern Homes satisfied the notice requirement when it communicated in writing with INEX about the Chinese drywall issues and gave INEX the opportunity to inspect and remediate these issues.  Southern Homes communicated with Jim Geary, President of INEX, to inform him of a Southern Homes homeowner's Chinese drywall concern.[22]  Southern Homes was requesting that INEX and/or its drywall supplier inspect and, if necessary, remediate the home.[23]  INEX did not respond.[24]

Southern Homes seeks this summary judgment and declaratory relief in part because of the substantial damages it has already incurred.  Because it purchased this drywall from INEX, Southern Homes has had to inspect several homes for the presence of Chinese-manufactured drywall.[25]

---

[19] *Stratton-Baldwin Co. v. Brown*, 343 So.2d 292, 298 (La. App. 1 Cir. 1977) (*citing Breaux v. Winnebago Indus., Inc.*, 282 So.2d 763 (La. App. 1 Cir. 1973)).

[20] LA. CIV. CODE ANN. art. 2522 (2010).

[21] *Id.*  Southern Homes also notes that it filed the instant suit against INEX on June 25, 2009, almost two years ago.

[22] *See* Ex. B at Kornman Aff. at ¶ 8.

[23] *See id.*

[24] *See id.* at ¶ 9.

[25] *See id.* at ¶ 11-12

Southern Homes' expenses related to these inspections (and any future inspections it may undertake relating to Chinese-manufactured drywall) are recoverable under redhibition, as the expenses were incurred in effort to repair alleged redhibitory defects in homes for which complaints were received.

Southern Homes also requests a judgment in redhibition declaring that INEX must pay Southern Homes for all future repair/remediation expenses caused by its purchase of allegedly defective Chinese-manufactured drywall from INEX.

III.    **CONCLUSION**

It is undisputed that INEX acted as a vendor in furnishing Chinese drywall to Southern Homes. Pursuant to this vendor-vendee relationship, the law of redhibition will apply to this action. This law provides Southern Homes with rights against INEX. Southern Homes therefore respectfully requests, in the interest of judicial economy and the efficient resolution of purely legal issues, that this Court issue a partial summary judgment or declaratory judgment to the effect that if Chinese-manufactured drywall has a redhibitory defect under Civil Code article 2520 *et seq.*, INEX will be liable to Southern Homes for all expenses related to investigation of those defects and repair of the same.

Respectfully submitted,

JAMES M. GARNER  (#19589)
MARTHA Y. CURTIS (#20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 POYDRAS STREET, 28TH FLOOR
NEW ORLEANS, LOUISIANA 70112
Telephone (504) 299-2100
Facsimile (504) 299-2300
**COUNSEL FOR PLAINTIFFS
SOUTHERN HOMES, LLC, ET AL.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record *via* email this ___ day of May, 2011.

_____
JAMES M. GARNER

SOUTHERN HOMES, LLC, ET AL.                     NO. 2009-6564   DIVISION  "M"

     Plaintiff

versus

INTERIOR/EXTERIOR BUILDING                      CIVIL DISTRICT COURT
SUPPLY, LP; INTERIOR/EXTERIOR
ENTERPRISES, LLC; SOUTH CORTEZ, LLC             PARISH OF ORLEANS
                                                STATE OF LOUISIANA

     Defendant


FILED: _____

                               _____
                               DEPUTY CLERK

## STATEMENT OF UNCONTESTED FACTS

     Plaintiffs, Southern Homes, LLC; Southern Homes Renovations, LLC; Southern Homes

AL, Inc.; Tallow Creek, LLC; Gray's Creek of Louisiana, LLC; and Springhill, LLC (collectively

"Southern Homes"), submit the following Statement of Uncontested Facts in connection with its

Re-Urged Motion for Summary Judgment:

1.     Southern Homes is a group of professional homebuilders doing business in Louisiana.[1]

2.     INEX entered into written supply contracts with Southern Homes that established a vendor-vendee relationship wherein INEX would supply drywall to Southern Homes.[2]

3.     Southern Homes paid INEX for all drywall purchased under those contracts and constructed and improved homes with the drywall, which included Chinese drywall.[3]

4.     INEX was Southern Homes' only drywall vendor during the period in which Chinese drywall was available for purchase in Louisiana.[4]

5.     On April 16, 2009, Southern Homes emailed Jim Geary, President of INEX, a notice of a Southern Homes homeowner concern regarding Chinese drywall.[5]  Southern Homes requested that INEX and/or its drywall supplier inspect and, if necessary, remediate the home.

6.     INEX did not respond.[6]

---

[1] *See* Affidavit of Christopher Lee Kornman at ¶ 4, Exhibit B.

[2] *See id.* at ¶ 5 and at Exhibit B-1.

[3] *See id.* at ¶ 6.

[4] *See id.* at ¶ 7.

[5] *See id.* at ¶ 8 and at Exhibit B-2.

[6] *See id.* at ¶ 9.

7.      As a direct result of purchasing Chinese drywall from INEX, Southern Homes has experienced and continues to experience investigation and inspection expense, as well as other damages.[7]

8.      Because Southern Homes purchased this drywall from INEX, Southern Homes has had to inspect several homes for the presence of Chinese drywall.[8]

Respectfully submitted,

JAMES M. GARNER   (#19589)
MARTHA Y. CURTIS (#20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER**
**KLEIN & HILBERT, L.L.C.**
909 POYDRAS STREET, 28TH FLOOR
NEW ORLEANS, LOUISIANA 70112
Telephone (504) 299-2100
Facsimile (504) 299-2300
**COUNSEL FOR PLAINTIFFS**
**SOUTHERN HOMES, LLC, ET AL.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record *via* email this 2nd day of May, 2011.

JAMES M. GARNER

---

[7] *See id.* at ¶ 11.

[8] *See Id.* at ¶ 12.

Page 2 of 2 Statement of Uncontested Facts

ORIG: File
ac; mBC

Civil District Court for the Parish of Orleans
STATE OF LOUISIANA

No.   2009 - 06564

Section:   13 - M

SOUTHERN HOMES, L.L.C. ET AL
versus
INTERIOR EXTERIOR BUILDING SUPPLY, L.P.

Date Case Filed:   6/25/2009

NOTICE OF SIGNING OF JUDGMENT

TO:

James M Garner Esq                19589
28th Fl
909 Poydras St
New Orleans              LA 70112-1033

Drew R Ballina Esq                01704
Ste 2500
650 poydras St
New Orleans              LA 70130-6175

Richard G Duplantier Jr Esq          18874
Ste 4040
701 Poydras St
New Orleans              LA 70139-7749

Martha Y Curtis Esq               20446
909 Poydras St.
28th Floor
New Orleans              LA 70112

In accordance with Article 1913 C.C.P., you are hereby notified that Judgment
in the above entitled and numbered cause was signed on    February 10, 2011
New Orleans, Louisiana.
February 10, 2011

MINUTE CLERK

EXHIBIT
A

SOUTHERN HOMES, LLC, ET AL.              NO. 2009-6564   DIVISION   "M"

      Plaintiff

versus                                   CIVIL DISTRICT COURT

INTERIOR/EXTERIOR BUILDING               PARISH OF ORLEANS
SUPPLY, LP; INTERIOR/EXTERIOR            STATE OF LOUISIANA
ENTERPRISES, LLC; SOUTH CORTEZ, LLC

      Defendant

FILED: _____

                                DEPUTY CLERK

## JUDGMENT

On February 3, 2011, this Court heard the Motion for Partial Summary Judgment filed by Southern Homes, L.L.C.; Southern Homes Renovations, L.L.C.; Southern Homes AL, Inc.; Tallow Creek, L.L.C.; Gray's Creek of Louisiana, L.L.C.; and Springhill, LLC (collectively "Southern Homes") against Interior/Exterior Building Supply, L.P.; Interior/Exterior Enterprises L.L.C.; and South Cortez, L.L.C. (collectively "INEX").  Present were:

| | |
|---|---|
| Richard G. Duplantier | Counsel for Defendant INEX |
| Jeffrey P. Green | |
| James M. Garner | Counsel for Plaintiffs Southern Homes |
| Martha Y. Curtis | |
| Drew R. Ballina | Counsel for L.A. Homes, Inc. (who filed an *amicus curiae* brief in support of Southern Homes' Motion for Partial Summary Judgment) |

After hearing the arguments of counsel, reviewing the pleadings, and reviewing the relevant law, the Court rules as follows:

IT IS ORDERED that Southern Homes' Motion for Partial Summary Judgment is hereby DENIED, without prejudice, as premature, and that Southern Homes may re-urge its Motion after

///

90 days from the date of the hearing to allow time for any discovery that the parties wish to conduct.

New Orleans, Louisiana, this _____ 8-th _____ day of February, 2011

HONORABLE PAULETTE R. IRONS

## CERTIFICATE PURSUANT TO UNIFORM LOCAL RULE 9.5

I hereby certify that a copy of the above and foregoing judgment has been issued to counsel for INEX via email on February 3, 2011.  Counsel for INEX approved of this judgment by email on February 4, 2011.

New Orleans, Louisiana, this 4th day of February 2011.

JAMES M. GARNER

SOUTHERN HOMES, LLC, ET AL.                        NO. 2009-6564   DIVISION  "M"

      Plaintiff

versus                                            CIVIL DISTRICT COURT

INTERIOR/EXTERIOR BUILDING                        PARISH OF ORLEANS
SUPPLY, LP; INTERIOR/EXTERIOR                      STATE OF LOUISIANA
ENTERPRISES, LLC; SOUTH CORTEZ, LLC

      Defendant


FILED:_____
                                           _____
                                                 DEPUTY CLERK

### AFFIDAVIT OF CHRISTOPHER LEE KORNMAN

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

      BEFORE ME, the undersigned authority, personally came and appeared:

### CHRISTOPHER LEE KORNMAN

a person of full age and majority, who, upon being sworn, did depose and state:

1.     My name is Christopher Lee Kornman.

2.     I am the President of Southern Homes, LLC; Southern Homes Renovations, LLC; Southern Homes AL, Inc.; Tallow Creek, LLC; Gray's Creek of Louisiana, LLC; and Springhill, LLC (collectively "Southern Homes").

3.     I submit this Affidavit upon my personal knowledge of Southern Homes' books and records.

4.     Southern Homes is a group of professional homebuilders doing business in Louisiana.

5.     Southern Homes entered into vendor-vendee contracts with Interior Exterior Building Supply, L.P. ("INEX") for the purchase of drywall.  A representative contract is attached hereto as Exhibit 1.

6.     Southern Homes paid INEX for all drywall purchased under those contracts and constructed and improved homes with the drywall, which included Chinese drywall.

7.     INEX was Southern Homes' only drywall vendor during the period in which Chinese drywall was available for purchase in Louisiana.

8.     On April 16, 2009, Southern Homes emailed Jim Geary, President of INEX, the attached notice of a Southern Homes homeowner concern regarding Chinese drywall. Southern Homes was requesting that INEX and/or its drywall supplier inspect and, if necessary, remediate the home. *See* Southern Homes Email, which is attached as Exhibit 2.

**EXHIBIT**

**B**

9.    INEX did not respond to Southern Homes' notice.

10.   On June 25, 2009, Southern Homes filed the captioned action against INEX and related parties.

11.   As a direct result of purchasing Chinese drywall from INEX, Southern Homes has experienced and continues to experience investigation and inspection expense, as well as other damages.

12.   Southern Homes has had to inspect several homes for the presence of Chinese drywall.

CHRISTOPHER LEE KORNMAN

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS ___ DAY OF
DECEMBER, 2010.

NOTARY PUBLIC

Matthew C. Clark
Notary Public ID # 87166
Bar No. 31102
Parish of Orleans, State of Louisiana
My Commission is for life

Ben Diano

**From:** David Stanton [davidstanton@southernhomes.com]
**Sent:** Tuesday, October 17, 2006 10:48 AM
**To:** Carl Placey; Victor Gallo; Dale Bernard; Ben Diano; Neal Fangue; Chip Brannon; Steve Fright;3: 5b
Steve Elkins; Paul Gement III; Brian Robichaux; brickwheat@bellsouth.net; jhlumber@cox.net;
billyclemmons@aol.com; dons@mathesofal.com; jebrown252@bellsouth.net; BILL GOODSON;
Michael Venezia
**Cc:** Steve Elkins; Denver Breazeale; rileystuart@southalabamabrick.com; Stacey Klein
**Subject:** Southern Homes: Revised Vendor Terms & Conditions

ALL SOUTHERN HOMES VENDORS:

Please review the following revised terms and conditions for doing business with Southern Homes, LLC, Tallow Creek, LLC, Gray's Creek of Louisiana, LLC, and Southern Homes, AL, Inc.  Please call with any questions or to set up a meeting if you would like to discuss these revised terms and conditions in person,  Otherwise, please print this email, sign it and date it below in the spaces provided, and mail it back to us at the following address before 10/31/06:

*Southern Homes, 2053 Gause Blvd. E., Ste. 200, Slidell, LA 70461*

VENDOR shall furnish, deliver & unload products FOB OWNER'S job sites in quantities specified by written Purchase Orders (POs). Complete orders shall be delivered in a timely manner per OWNER'S schedule; partial orders accepted only with OWNER'S prior approval. If a product is out of stock or unavailable, VENDOR shall furnish a substitute product of equal or greater value at no additional cost to OWNER, subject to OWNER'S prior approval. Manufacturer's warranties shall apply. Defective products & products damaged in transit, delivery or unloading shall be promptly picked up by VENDOR for full credit & VENDOR shall promptly furnish, deliver & unload replacement products.

VENDOR deliveries = VENDOR acceptance of POs. OWNER will never pay more than PO totals. OWNER will never pay an invoice without PO(s) attached. VENDOR shall not submit any invoice for payment until all backordered items have been delivered & invoice agrees with attached PO (s). Late invoices & corrected invoices will not be paid until the following 10th prox. PO numbers shall appear on all documents. VENDOR shall invoice all applicable sales taxes based upon job site location & itemize all sales taxes on invoices.

VENDOR shall furnish OWNER with a minimum 30-day notice, via certified mail, of any price increase.

Acknowledged, understood and accepted:

Company Name: *INTERIOR EXTERIOR BUILDING SUPPLY*

Representative Name: *B. F. DIANO JR*

Representative Signature: _____

10/18/2006

EXHIBIT
1

Date: _OCTOBER 20, 2006_

Thanks.

David Stanton
Vice President
Southern Homes, L.L.C.

985-326-0198 Office
985-960-1337 Cell
985-265-0012 Fax

10/18/2006

**From:** Mr. David Stanton <dstanton@southernhomes.com>
**Date:** April 17, 2009 11:37:19 AM CDT
**To:** Jim Geary <jgeary@interiorexterior.net>
**Subject:** Southern Homes - Chinese Drywall Inspection #1 (Please reply)

Southern Homes - Chinese Drywall Inspection #1

Please send a reply confirming receipt of this email.

David Stanton
Vice President
Southern Homes, L.L.C.

1



EXHIBIT
2

dstanton@southernhomes.com
985-326-0198  Office
985-960-1337  Cell
985-265-0012  Fax

Begin forwarded message:

From: "Mr. Todd Nowicki" <todd@southernhomes.com>
Date: April 16, 2009 4:52:22 PM CDT
To: "Mr. David Stanton" <dstanton@southernhomes.com>
Cc: Chris Kornman <chrisk@southernhomes.com>
Subject: Chinese Sheetrock-Please Forward

2065 Heather Ln
Slidell, LA

Owner-Kim Keyes- 985-217-0781

Property Manager- Gail McComber (ReMax)- 985-290-2573

Jennifer Honeycutt- leasing the House- needed to schedule inspection
985-201-7564 (H)
985-710-4323 (C)



3



4





Todd Nowicki
Director of Construction
Southern Homes
985-326-0436 office
985-773-2232 cell
todd@southernhomes.com

6