UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET: 2047** <br> **SECTION: L** |
| **THIS DOCUMENT RELATES TO:** <br> *Vickers, et al v. Knauf Gips KG, et al* <br> EDLA 09-04117 <br> *Payton, et al v. Knauf Gips KG, et al* <br> EDLA 09-0762 <br> _____/ | **JUDGE FALLON** <br> **MAG. JUDGE WILKINSON** |

## CERTAIN DEFENDANT BANNER ENTITIES' REPLY TO HOMEBUILDERS' RESPONSE TO CERTAIN DEFENDANT BANNER ENTITIES' MOTION TO STRIKE HOMEBUILDERS' FACT WITNESS LISTS

COME NOW Banner Supply Company, Banner Supply Company Pompano, Banner Fort Myers LLC, Banner Supply Company Tampa, and Banner Supply International (hereinafter collectively referred to as "Banner"), and file this Memorandum in Support of their Reply to Homebuilders' Response in Opposition to Banner's Motion to Strike Homebuilders' Fact Witness Lists in *Vickers v. Knauf Gips KG* and *Payton v. Knauf Gips KG*, which was filed by the Homebuilders' Steering Committee (hereinafter "HSC") on behalf of Taylor Morrison Services, Inc. f/k/a Morrison Homes, Inc. and Taylor Woodrow Communities at Vasari, LLC (collectively, "Taylor") and Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation (collectively, "Lennar").[1]  The HSC's Response clearly misinterprets the Court's Order and Reasons on the Homebuilders' Motion to Intervene and blatantly attempts to mislead the Court.

Although Taylor and Lennar want to participate in the class action proceedings as class representatives, as evidenced by the arguments put for by the Homebuilders during the March

---

[1] It is noted that, while Banner filed its Motion to Strike Homebuilders' Fact Witness Lists in both the *Vickers* and *Payton* cases, the HSC only filed its Response in Opposition to the Motion in the *Vickers* case.

23, 2011 Motion Hearing and by the assertions made in the HSC's Response, the Court has already ruled on this issue. By their own admission, the HSC states in its Response that "[t]he Order [and Reasons] permitting intervention by Taylor and Lennar does contain a reference that the intervention request was limited to participating in settlement negotiations." *See* HSC's Response, p.4. Yet the HSC requests the Court to reinterpret its Order by seeking "clarification." *Id.* What the Homebuilders sought during the hearing on Motions to Intervene, i.e., intervention for both settlement and litigation purposes, is immaterial. What the Court ordered, i.e., intervention for the purposes of settlement only, controls:

> **IT IS FURTHER ORDERED that Taylor and Lennar are permitted to intervene as class representative on behalf of a putative class of homebuilders who have repaired homes and/or received assignments of claims from the homeowners <u>for the limited purposes of negotiating a potential class-wide settlement</u> with, among other parties, Banner and its affiliates.**

*See* Order and Reasons, p. 11 (emphasis added). The Court could not have made clearer its intention to permit Taylor and Lennar to intervene for the sole purpose of settlement. The HSC's request that the court reinterpret the plain language of its clear and well-written Order and Reasons is positively absurd, and the Court should be rightfully indignant of such a request. The Homebuilders apparently presume that they have the right to insert themselves into the class certification process by intervening for purposes that contravene the Court's Order and Reasons. The HSC's Response is a disingenuous attempt to have the Court contradict itself and should be discounted and discredited accordingly.

The HSC's Response also attempts to hoodwink the Court into believing that Banner has propounded discovery on Homebuilders in the MDL and therefore that the Homebuilders are entitled to partake in the discovery process in the MDL. *See* HSC's Response, p. 4. As "evidence" of Banner's discovery efforts, the HSC attaches to its Reponse as "*Exhibit B*" a letter

from Banner to Taylor informing Taylor of Banner's intention to depose various witnesses following "Banner's service of extensive discovery requests to Taylor and Banner's naming of 100 witnesses…" *Id.* However, this letter was sent to Taylor in the <u>Florida state court action; not the MDL</u>, as unmistakably indicated in the "Re:" line of the letter, "Case No. 10-01-016414." The HSC's attempt to offer this letter as evidence of the discovery process unfolding in the MDL can only be characterized as mendacious.

Banner has followed the Scheduling Order set-forth by the Court in this litigation. Should the Court reinterpret its Order and Reasons pursuant to the HSC's request, and allow the Taylor and Lennar to participate in this litigation for all purposes, it would necessitate a great deal of additional discovery and depositions, making the Scheduling Order virtually impossible to keep. It would also require Banner to revise its litigation strategy and reevaluate the fact witnesses that it selected (and deposed, in some instances). The result being that Banner would be unfairly prejudiced and unduly burdened. For the foregoing reasons, Banner respectfully requests that the Court enforce its Orders and strike the Homebuilders' fact witness lists.

Respectfully submitted, this 4th day of May, 2011.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Nicholas P. Panayotopoulos*
**NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**
Georgia Bar Number: 560679
3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Telephone (404)876-2700
npanayo@wwhgd.com
***Counsel for Banner Supply Company***

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing **Certain Defendant Banner Entities' Reply To Homebuilders' Response To Certain Defendant Banner Entities Motion To Strike Homebuilders' Fact Witness Lists** has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 4th day of May, 2011.

                         WEINBERG, WHEELER, HUDGINS,
                         GUNN & DIAL, LLC

                         */s/ Nicholas P. Panayotopoulos*
                         **NICHOLAS P. PANAYOTOPOULOS, ESQUIRE**