UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * | MDL NO. 2047 SECTION "L" |
| THIS DOCUMENT RELATES TO KENNETH AND BARBARA WITLZ, et al. vs. BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO., et al. Case No. 2:10-CV-361 | * * * | JUDGE FALLON MAG. JUDGE WILKINSON |
| * * * * * * | * | |

**MEMORANDUM IN SUPPORT OF P.D.C. DRYWALL CONTRACTORS, INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE**

MAY IT PLEASE THE COURT:

Defendant, P.D.C. Drywall Contractors, Inc. (hereinafter, "PDC"), through its undersigned counsel, appearing solely for the purpose of this Motion to Dismiss or, Alternatively, Motion to Transfer Venue requests that this Honorable Court issue an order dismissing the claims of the plaintiffs under Fed. R. Civ. Proc. 12(b)(2). PDC is not subject to nor has it submitted to the jurisdiction of this Court, or any other Court in the State of Louisiana. Alternatively, if this Court finds that PDC is subject to personal jurisdiction, the claims should be dismissed as the Eastern District is an improper venue to hear such claims pursuant to Fed. R. Civ. Proc. 12(b)(3).

## BACKGROUND

On February 10, 2010, Kenneth and Barbara Wiltz, *et al* (hereinafter, "Plaintiffs") filed this class action Complaint against certain Beijing New Building Materials Public Limited Co. (hereinafter, "Beijing") manufacturers of Chinese drywall and various other subclasses of defendants, including certain "Builders/Developers" and "Contractors/Installers" (hereinafter, "Complaint"). In the Complaint, Plaintiffs seek to recover damages allegedly caused by the Chinese drywall. Plaintiffs allege that PDC is within the Contractor/Installer subclass and that it allegedly installed Chinese drywall in four properties in Vero Beach, Florida and two properties in Port St. Lucie, Florida, which allegedly resulted in harm and damages. Complaint, ¶¶ 120, 120, and 763; Complaint in Intervention II(B) ¶¶ 89, 138, 162, and 178; and, Schedule 4 to Complaint. Further, the Complaint correctly asserts that PDC is a Florida entity with its principal place of business in Stuart, Florida. Complaint at ¶ 763.

As shown in this memorandum, PDC is not subject to the personal jurisdiction of this Court because it lacks the constitutionally mandated "minimum contacts" with the State of Louisiana. As such, this Court cannot properly exercise jurisdiction over PDC, and the claims against PDC should be dismissed.

## ARGUMENT

**I.     This action must be dismissed because this Court lacks *in personam* jurisdiction over PDC.**

Plaintiffs allege that PDC is a Florida entity with its principal place of business in Florida and that PDC installed Chinese drywall in certain properties in Florida. Complaint, ¶¶ 120, 120, and 763; Complaint in Intervention II(B) ¶¶ 89, 138, 162, and 178; and Schedule 4 to Complaint.

Based on these allegations, which are the only allegations in the Complaint that are specific to PDC, this Court does not have *in personam* jurisdiction over PDC and, as such, this motion to dismiss should be granted.

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994), cert. denied, 513 U.S. 930 (1994); Ham v. La Cienega Music Co., 4 F.3d 413, 415 (5th Cir. 1993); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985); Kelvin Servs., Inc. v. Lexington State Bank, 46 F.3d 13, 14 (5th Cir. 1995). In resolving a jurisdictional issue, the court may review pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits and any part of the record. Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir. 1992). The allegations of the Complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. Wyatt v. Kaplan, 686 F.2d 276, 282-83 n. 13 (5th Cir. 1982), citing Black v. Acme Markets, Inc., 564 F.2d 681, 683 n. 3 (5th Cir. 1977).

In this matter, the only allegations in the Complaint as to PDC establish that it is a Florida entity that performed work in Florida residences. Complaint, ¶¶ 120, 120, and 763; Complaint in Intervention II(B) ¶¶ 89, 138, 162, and 178; and Schedule 4 to Complaint. Nothing in the Complaint even suggests that PDC had any contacts with Louisiana. Thus, taken as true, the Complaint fails to support any claims that this Court has *in personam* jurisdiction over PDC.

In a diversity matter, a federal court has jurisdiction over a nonresident defendant if the forum state's long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. Ruston Gas

3

Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 418 (5th Cir. 1993), citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154 (1945); Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002); Mink v. AAAA Development, L.L.C., 190 F.3d 333, 335 (5th Cir. 1999); Irving v. Owens-Corning Fiberglass Corp., 864 F.2d 383, 385 (5th Cir. 1989).  Thus, the starting point for whether this Court has jurisdiction over PDC begins with Louisiana's Long Arm statute, La. Rev. Stat. 13:3201, which provides the circumstances under which a court in Louisiana may exercise *in personam* jurisdiction over PDC, a nonresident defendant in this matter.

Under La. Rev. Stat. 13:3201:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from one of the following activities performed by the nonresident:
   (1) Transacting any business in this state;
   (2) Contracting to supply services or things in this state;
   (3) Causing injury or damage by an offense or quasi offense committed through and act or omission in this state;
   (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
   (5) Having an interest in, using or possessing a real right on immovable property in this state.
   (6) Non-support of a child, parent or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
   (7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
   (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of the state and of the Constitution of the United States.

Thus, under La. Rev. Stat. 13:3201, a court could have *in personam* jurisdiction under the specifically enumerated conduct provided in Section A or under Section B, if the exercise of jurisdiction is consistent with the laws of Louisiana and the Constitution of the United States. Neither Section A nor Section B of Louisiana's Long Arm statute provide this Court with *in personam* jurisdiction over PDC.

> **A. This Court does not have *in personam* jurisdiction over PDC as it did not conduct any of the activities specifically enumerated in La. Rev. Stat. 13:3201(A) in Louisiana.**

La Rev. Stat. 13:3201(A) subparagraph (1) does not confer *in personam* jurisdiction over PDC. Thus, as specifically stated in the Affidavit of Louis A. Ville, President of PDC (hereinafter, "Ville Affidavit"),[1] PDC has not conducted and does not conduct any business in Louisiana. Additionally, subparagraph (2) does not confer jurisdiction because the Complaint fails to allege that PDC ever performed any construction services or provided any drywall in Louisiana. Rather, the Ville Affidavit specifically states that PDC has not performed construction in or had any contracts or subcontracts to perform work in Louisiana. Ville Affidavit at ¶ 7. Additionally, subparagraphs (3) and (4) do not provide such jurisdiction because the Plaintiffs have not alleged that any injury or damage occurred in Louisiana. Rather, the Complaint alleges injury or damage in Florida. Complaint, ¶¶ 120, 120, and 763; Complaint in Intervention II(B) ¶¶ 89, 138, 162, and 178; and Schedule 4 to Complaint.

In addition, subparagraph (5) does not apply as there is no allegation that PDC has any interest in real property in Louisiana. To the contrary, the facts show that PDC has no interest

---

[1] The Ville Affidavit is attached hereto as Exhibit "A."

in real property in Louisiana. Ville Affidavit at ¶ 9.[2] Subparagraph 8 does not apply as the Complaint does not allege that PDC is a manufacturer, but that it is a "Contractor/Installer." Complaint at ¶¶ 763, 807 and 808. Additionally, PDC has admitted that it is simply a construction subcontractor, which has not conducted any business in Louisiana. See generally, Ville Affidavit.

Considering the foregoing application of the elements of La. Rev. Stat. 13:3201(A), the Louisiana Long Arm statute does not confer *in personam* jurisdiction over PDC in Louisiana.

      **B.** **This Court does not have *in personam* jurisdiction over PDC under La. Rev. Stat. 13:3201(B), and the exercise of *in personam* jurisdiction over PDC exceeds the boundaries of due process.**

Louisiana's Long Arm statute allows jurisdiction over a nonresident to the fullest limits permitted under the Due Process Clause of the Fourteenth Amendment consistent with "the constitution of this state and the constitution of the United States." La. Rev. Stat. 13:3201(B); Tsaoussidis v. State Farm Mutual Auto. Ins. Co., 28 So. 3d 311, 315 (5th Cir. 2009); Ruppert v. Geo. Kellett & Sons, 996 So. 2d 501, 505 (La. App. 5 Cir. 2008), citing Superior Supply Co. v. Assoc. Pipe & Supply Co., 515 So. 2d 790, 792 (La. 987). As such, "under the express terms of the present long-arm statute, the sole inquiry into jurisdiction is a one-step analysis of the constitutional due process requirements." Ruppert, 996 So. 2d at 505-06; see also Dalton v. R & W Marine, Inc., 897 F.2d 1359, 1361 (5th Cir. 1990) ("the exercise of jurisdiction [over a nonresident defendant] . . . must comport with norms imposed by the due process clause of the fourteenth amendment").

---

    [2]    Clearly, subparagraphs (6) and (7) cannot apply to PDC as it is an entity, not an individual.

Jurisdiction over PDC in Louisiana offends the traditional notions of fair play and substantial justice. The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction *in personam* of a nonresident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 413-14, 104 S.Ct. 1868 (1984); Int'l Shoe, 326 U.S. at 319. Under a proper due process inquiry, the Court must first establish whether PDC, a nonresident defendant, has the requisite minimum contacts with Louisiana, the forum state. Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006); see also Int'l Shoe, 326 U.S. 310 (1945).

*In personam* jurisdiction can be general or specific. If a defendant's contacts with the forum state are "continuous and systematic," a court may exercise general jurisdiction over any action brought against that defendant, regardless of whether the action is related to th forum contacts. Helicopteros, 466 U.S. at 414-15. If a defendant has relatively few contacts, a court may still exercise specific jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." Id. at 414 n. 8. Therefore, PDC has **no** contacts within Louisiana.

      **1.**    **This Court does not have specific jurisdiction over PDC in this matter.**

The Fifth Circuit has articulate a three-step analysis to identify specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair

7

and reasonable." Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266 (5th Cir. 2006), citing Nuovo Pignone v. Storman Asia M/V, 310 F.3d 374 (5th Cir. 2002). Applying each of these steps, this Court does not have specific *in personam* jurisdiction over PDC.

PDC is a Florida limited liability company with its principal place of business in Stuart, Florida. Ville Affidavit ¶ 3. None of the members of PDC reside in or are domiciled in Louisiana. Ville Affidavit ¶ 4. PDC has no subsidiaries or other related entities either in Louisiana or otherwise and has not purchased or sold real property in Louisiana. Ville Affidavit ¶¶ 5 and 9. PDC has no bank accounts in Louisiana. Ville Affidavit ¶ 10. PDC has never been licensed or registered to do business in Louisiana and has no registered agent for service of process in Louisiana. Ville Affidavit ¶ 11. PDC has not and does not maintained any office(s) nor employ any employees in Louisiana. Ville Affidavit ¶ 12. PDC does not solicit business in Louisiana and has never transacted business in Louisiana. Ville Affidavit ¶ 13.

PDC is a construction subcontractor that contracts with third parties for the construction of residential homes and commercial work. Ville Affidavit ¶ 6. In fact, PDC has never performed construction in or had any contracts or subcontracts to perform construction in Louisiana. Ville Affidavit ¶ 7. According to the schedules attached to the Complaint, the residences on which PDC allegedly conducted work are located in Florida. In fact, none of the alleged homeowners who have asserted any claims in the Complaint against PDC reside in Louisiana, none of the property at issue in the Complaint (as pertains to PDC) is located in Louisiana, and PDC did not negotiate or enter into any contract with any plaintiff in Louisiana. Ville Affidavit ¶ 14. PDC does not have any agreements with agents located in the State of Louisiana who are authorized to perform work on behalf of PDC in Louisiana. Ville Affidavit ¶ 15.

Based on the allegations of the Complaint and testimony through the Ville Affidavit, PDC does not have any contacts with the forum state, particularly pertaining to the Complaint at issue. As such, this Court does not have specific *in personam* jurisdiction over PDC. In fact, the allegations of the Complaint and the Ville Affidavit support that this Court lacks even general *in personam* jurisdiction over PDC.

### 2. This Court does not have general *in personam* jurisdiction over PDC.

General *in personam* jurisdiction can be determined by looking at a nonresident defendant's minimum contacts with the forum state. The determination of whether a nonresident defendant has sufficient minimum contacts with the forum state to subject it to personal jurisdiction depends upon whether the nonresident has "purposefully availed" itself of the "privilege of conducting business in the forum state . . . " Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 631 (11th Cir. 1996); Hogue v. State Farm Fire & Cas. Co., 2009 U.S. Dist. LEXIS 79572 (E.D. La. 2009), citing Wilton Jones v. Touche Ross & Co., 556 So. 2d 67 (La. Ct. App. 4th Cir. 1989), quoting Hanson v. Denckla, 357 U.S. 235 (1958). To determine whether PDC has "minimum contacts" with Louisiana, the Court must identify some act whereby PDC "purposely avails itself of the privilege of conducting activities [in Louisiana], thus invoking the benefits and protections of its laws." See Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). The requirement of "purposeful availment" ensures that the nonresident defendant will not be hailed into a jurisdiction "solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person." Asahi Metal Industry Co., Ltd. V. Superior Court, 480 U.S. 102 (1987). The conduct of PDC must show that it "reasonable

9

anticipated being hailed into Court" in Louisiana. Luv N' Care, Ltd. V. Insta-Mix, Inc.,438 F.3d 465, 470 (5th Cir. 2006).

As discussed in the analysis for specific jurisdiction, Plaintiffs have not set forth any allegations in the Complaint that suggest that PDC had any contacts, much less even "minimum contacts" with Louisiana such that it ever purposefully availed itself "of the privilege of conducting activities in Louisiana." To the contrary, the Complaint and the Ville Affidavit support that PDC had no contact with Louisiana. To require PDC to come to Louisiana to defend claims of Florida property owners against damages and injury which occurred in Florida clearly "offends the notion of fair play."

Litigating this case in Louisiana would not further any fundamental substantive social policies, or help to resolve the issues in a convenient and effective way. Rather, the primary fact witnesses in this action will be located in Florida. PDC will incur a financial burden to defend this suit in Louisiana about a Florida matter with Florida fact witnesses. This Court cannot have an interest in adjudicating Plaintiffs' claims, as the cause of action occurred in Florida and Plaintiffs and PDC are Florida residents. Moreover, since there is no connection between this dispute and Louisiana, litigating this claim in Louisiana would only create inconvenience and additional cost to the parties. Thus, the most efficient resolution of this case cannot be in Louisiana because jurisdiction is lacking and PDC cannot be sued in Louisiana. There simply is no basis to bring PDC into a Louisiana court regarding construction in Florida. That outcome would offend "traditional notions of fair play and substantial justice."

## II.     This Action Should Be Transferred To The Southern District Of Florida.

Venue is not proper in the Eastern District of Louisiana, and the Complaint should be dismissed as to PDC pursuant to Fed. R. Civ. Proc. 12(b)(3). Alternatively, this action should be transferred to the Southern District of Florida pursuant to 28 U.S.C. §1406(a).

### A.     Venue Is Not Proper And The Complaint Should Be Dismissed.

The burden is on plaintiff to demonstrate that this district is the proper venue under the statute. See Smith v. Fortenberry, 903 F. Supp. 1018, 1019-20 (E.D. La. 1995). "The general rule is that venue must be established for each separate cause of action and for each defendant." Burkitt v. Flawless Records, Inc., 2005 U.S. Dist. LEXIS 11986 (E.D. La. 2005).

As discussed above and in the Ville Affidavit, the residences involved in the Complaint (pertaining to PDC) are all located in Florida. Plaintiffs have not established nor can they establish any claims against PDC for actions or activities that occurred in Louisiana. All actions and/or activities at issue took place in the Southern District of Florida. Witnesses, including Plaintiff-homeowners, are located in Florida. If the Court does not dismiss the claims against PDC for lack of *in personam* jurisdiction, then the court should dismiss based on improper forum.

Alternatively, the Court should transfer the claims against PDC to the United States District Court for the Southern District of Florida for the convenience of the parties, where the claims should have originally been brought. 28 U.S.C. §1404 states, in pertinent part: "(a) [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Further, 28 U.S.C. 1406 (a) states "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to

any district or division in which it could have been brought." For the reasons stated above and in the Ville Affidavit, if the Court does not dismiss the claims against PDC, the Court should transfer the claims against PDC to the United States District Court for the Southern District of Florida for the convenience of the parties, where they should have originally been brought. See Ellis v. Great Southwestern Corp., 646 F.2d 1099, 1107 (5th Cir. 1981) (transfer to a district in which personal jurisdiction over the defendant may be obtained may properly be made under § 1406(a)).

### B.   Venue Is Not Proper Under 28 U.S.C. §1407 Or The Transfer Order.

Plaintiffs further assert that venue is proper under 28 U.S.C. §1407 and the June 15, 2009, Transfer Order of the Judicial Panel on Multidistrict Litigation ("JPML"). Complaint at paragraph 3. Neither the statute nor the Transfer Order provides a basis for this district as a proper venue for this action. On its face, §1407 does not apply. This statute provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The statute cannot be used to establish that a venue is proper where a party brings an action in the wrong venue in the first instance, as Plaintiffs did here. Similarly, on its face, the Transfer Order does not make this district the proper venue for origination of this action. In re: Chinese Drywall Products Liability Litigation, 626 F. Supp. 2d 1346 (U.S. Jud. Pan. Mult. Lit. 2009). The Transfer Order merely transferred ten pending underlying homeowner lawsuits to this district for coordinated pretrial proceedings as permitted under §1407. Id. at 1346. The Transfer Order provides that other pending actions may be treated as "tag-along" actions subject to transfer after the parties have been provided an

opportunity to object. Id. at 1346 n.1, citing R.P.J.P.M.L. 7.4-7.5.  Nothing in the Transfer Order establishes that this district is the appropriate venue for this action simply because the JPML consolidated some homeowner's cases in the district.

Again, in the alternative, the Court may transfer this action to any district in which plaintiff could have filed this action.  Pursuant to 28 U.S.C. §1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Plaintiffs could have brought this action in the Southern District of Florida.  Accordingly, the Court could transfer this action to the Southern District of Florida under 28 U.S.C. §1406 instead of dismissing it.

## CONCLUSION

Because this Court does not have *in personam* jurisdiction over PDC, PDC requests that all claims against it be dismissed.  Alternatively, if this Court does find *in personam* jurisdiction over PDC, PDC requests that the claims be dismissed because this Court is not the proper venue

for the claims against PDC. In further alternative, PDC requests that the claims be transferred to the United States District Court for the Southern District of Florida where venue is more appropriate.

                Respectfully submitted,

                /s/ Elizabeth L. Gordon
                Lloyd N. Shields (La. Bar No. 12022)
                Elizabeth L. Gordon (La. Bar No. 21619)
                Andrew G. Vicknair (La. Bar No. 28448)
                Adrian A. D'Arcy (La. Bar No. 29137)
                Shields Mott Lund L.L.P.
                650 Poydras Street, Suite 2600
                New Orleans, Louisiana 70130
                Telephone: (504) 581-4445
                Facsimile: (504) 584-4440
                lnshields@shieldsmottlund.com
                elgordon@shieldsmottlund.com
                agvicknair@shieldsmottlund.com
                aadarcy@shieldsmottlund.com

                Attorneys for
                  P.D.C. Drywall Contractors, Inc.

## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing *Memorandum in Support of P.D.C. Drywall Contractors, Inc.'s Motion to Dismiss or, Alternatively, Motion to Transfer Venue* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, Suite 100, New Orleans, Louisiana 70113, rherman@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163, kmiller@frilot.com, by U.S. Mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with procedures established in MDL 2047, on this 4th day of May, 2011.

/s/ Elizabeth L. Gordon

W:\Clients\62065-03\Pleadings\Wiltz Pleadnigs\Memo in Support Motion to Dismiss.wpd