UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | MDL No.: 2047<br>SECTION:  L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:

Hobbie v. RCR Holdings II, LLC, et al.
No. 10-1113

### MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AGAINST ARCH INSURANCE CO., AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Defendant, RCR HOLDINGS II, LLC ("RCR"), by and through its undersigned counsel, pursuant to Fed.R.Civ.P. 14(a)(1) and LR 7.6, and hereby moves this Honorable Court for the entry of an order granting its Motion for Leave to File Third Party Complaint against Arch Insurance Company ("Arch"), allowing the proposed pleading attached hereto to be filed, and in support thereof state as follows:

1. On April 20, 2010, the matter styled *Hobbie, et al., v. RCR Holdings II, LLC, et al.,* Case No.: 9:10-80320, was centralized into MDL 2047.

2. RCR is a named Defendant in the *Hobbie* litigation and is owner/developer of the subject building. Coastal Construction of South Florida, Inc. d/b/a Coastal Condominiums ("Coastal") is also a named Defendant and is the general contractor that built the subject building.

3. Coastal selected (or oversaw the selection of) and installed (or oversaw the installation of) drywall that is: (1) different that the drywall submitted for approval to RCR's architect[1]; (2) defective; and/or (3) not in compliance with the Florida Building Code.

4. On June 11, 2010, RCR filed a one-count breach of contact complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *RCR Holdings II, LLC v. Arch Insurance Company*, Case No. 502010CA015377XXXXMB, a copy of which is attached hereto as RCR's Exhibit "B".

5. RCR sued Arch in *RCR Holdings II, LLC v. Arch Insurance Company* for Arch's failure to make payment to RCR pursuant to Arch's Performance Bond, which Performance Bond secured Coastal's construction of the subject building, and for which RCR is the named obligee.

6. On December 20, 2010, pursuant to Arch's motion, the state court stayed *RCR Holdings II, LLC v. Arch Insurance Company*, in favor of the instant proceedings. A copy of the Court's Order is attached hereto as RCR's Exhibit "C".

7. RCR now moves this Court for leave to file the one-count Third Party Complaint attached hereto as RCR's Exhibit "D", wherein Arch, *inter alia*, is or may be liable to RCR for all or part of Plaintiffs' claim in the instant action.

8. This motion has been filed in good faith and is for neither a prejudicial nor dilatory purpose; moreover, as discovery remains open and no trial date has yet been scheduled, no party will be prejudiced by Defendant filing the proposed third-party complaint.

---

[1] / Copies of Coastal's drywall submittals to RCR's architect are attached hereto as RCR's Exhibit "A."

WHEREFORE, Defendant, RCR, respectfully requests this Court to grant the instant Motion, allowing the proposed Third Party Complaint attached hereto to be filed, and for any further relief the Court deems appropriate.

### INCORPORATED MEMORANDUM OF LAW

This Court should allow RCR to file the attached proposed Third Party Complaint against Arch, allowing RCR to state a claim for breach of contract against Arch for payment on Arch's Performance Bond, as RCR's claim under Arch's Performance Bond arises directly from the claims of the *Hobbie* Plaintiffs. Fed.R.Civ.P. 14 provides that a defendant may allege a claim against any "nonparty who ... may be liable to it for all of part of the claim" alleged against it. Proposed Third Party Defendant Arch is such a party. This Court has discretion to permit the filing of the Proposed Third Party Complaint, and must look to judicial economy, consistency of results, avoiding of circuity of action and the possible prejudice to the plaintiff and third-party defendants in making its determination. *State Mut. Life Assur. Co. of America v. Arthur Andersen & Co.*, 65 F.R.D. 518, 522 (S.D.N.Y. 1975) *citing Olympic Corp. v. Societe Generale*, 462 F.2d 376 (2d Cir. 1972).

Arch, as surety, guaranteed the performance of Defendant, Coastal, for the construction of the subject building pursuant to Arch's Performance Bond. RCR owns and developed the subject building and is the named obligee of Arch's Performance Bond. Coastal breached its obligations to RCR, as guaranteed by Arch, by *inter alia*, selecting (or allowing to be selected) and installing (or allowing to be installed): (1) drywall other than the drywall described in the specifications provided by Coastal to RCR's architect; (2) defective Chinese-manufactured drywall; and/or, (3) drywall not in conformance with the building code. Arch now refuses to

perform under the very Performance Bond that secures Coastal's performance of the contract between Coastal and RCR. Arch also refuses to participate meaningfully in active settlement negotiations based upon its Performance Bond.

Arch is a "nonparty who is or may be liable to it for all or part of the claim against" RCR in accordance with Fed.R.Civ.P. 14; therefore, Arch is a proper third party defendant in the instant litigation. *Harcrest Intern., Ltd. v. M/V Zim Keelung*, 681 F. Supp. 354 (E.D. La. 1988). Judicial economy, consistency of results and avoiding of circuity of action are all served by allowing RCR's claim against Arch regarding its Performance Bond to be litigated within the context of Plaintiffs' claims against RCR in MDL 2047. Should Plaintiffs prevail against RCR on their claims for defective drywall, RCR's claim against Arch's Performance Bond would likewise prevail. In fact, RCR provided the instant Complaint with its Notice of Claim to Arch.

Judicial economy will be maximized by trying both Plaintiffs' claims against RCR in the same Court and at the same time as RCR's claim against Arch. Further, not only will consistent results be achieved, but also any potential circuity of action will be avoided by allowing RCR to litigate its claim against Arch simultaneously with the *Hobbie* plaintiffs litigating their claims against RCR and Coastal. In short, RCR's claim against Arch regarding Arch's Performance Bond is the prototypical third party complaint contemplated by Fed.R.Civ.P. 14 and the cases interpreting the same. *See generally, BDI Const. Co. v. Hartford Fire Ins. Co.*, 995 So.2d 576 (Fla. 3d DCA 2008); *The Clark Const. Group, Inc. v. Wentworth Plastering of Boca Raton, Inc.*, 840 So.2d 357 (Fla. 4th DCA 2003); *Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 WL 891139, *2 (D.Del. April 5, 2006); and *MCI Constructors, Inc. v. Hazen and Sawyer, P.C.*, 401 F.Supp.2d 504 (M.D.N.C. 2005).

Moreover, Arch will not be prejudiced by allowing the Proposed Third Party Complaint to be filed. Arch successfully moved to stay RCR's claims against it in favor of the instant litigation, thereby expressing its preference to litigate the issue within MDL 2047. No other party in the instant litigation will be prejudiced by the proposed Third Party Complaint; however, RCR will be significantly prejudiced if not allowed to proceed against Arch in the instant litigation to expedite its ability to indemnified by Arch should the *Hobbie* Plaintiffs prevail. RCR respectfully request this Court to grant the instant Motion, allowing the proposed Third Party Complaint attached hereto to be filed.

## CONCLUSION

RCR respectfully request to enter an order granting the instant Motion.

Respectfully submitted,

s/GREGORY S. WEISS
GREGORY S. WEISS (Florida Bar No.: 163430)
*Attorneys for RCR Holdings II, LLC*
LEOPOLD~KUVIN, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
Email: gweiss@leopoldkuvin.com

Hobbie, et al. v. RCR Holdings II, LLC<br>
Case No.: 2:10-cv-01113-EEF-JCW<br>
Page 6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing **Motion for Leave to File Third Party Complaint Against Arch Insurance Company, and Incorporated Memorandum of Law** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System in accordance with the procedures established in MDL 2047, on this 5th day of May, 2011.

                                                       GREGORY S. WEISS, ESQ.
                                                       Florida Bar No.: 163430