UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED    MDL NO.: 2047
DRYWALL PRODUCTS LIABILITY     SECTION: L
LITIGATION                     JUDGE FALLON
                               MAGISTRATE WILKINSON

**THIS DOCUMENT RELATES TO:**

**JUDITH PASTENTINE V. KNAUF GIPS KG, ET AL.**

**CA 09-6051**
_____/

**MEMORANDUM OF LAW**

Plaintiffs have filed the instant action against, among others, the Defendant IBSA. The lawsuit alleges IBSA supplied the defective Chinese-manufactured drywall installed in Plaintiffs' home. Plaintiffs seek to recover, among other types of relief, damages allegedly caused by this Chinese-manufactured drywall.

Prior to the Supreme Court's decision in *Bell Atl. v. Twombly*, 127 S.Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts ... which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), abrogated by *Bell Atl. v. Twombly*, 127 S.Ct. 1955 (2007). Now, in order to survive a motion to dismiss, the plaintiff must supply more than just any conceivable set of facts tending to support a claim and must alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. *Pennsylvania Employees Benefit Trust Fund v. Astrazeneca Pharmaceuticals*, 2009 WL 2231686 (M.D. Fla., July 20, 2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqball*, 129 S.Ct. 1937, 1949 (2009). A "formulaic recitation of the elements of a cuase of action will not do." *Id*. At 1965. "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.* Pleadings that "are no more than conclusions, are not entitled to the assumption of truth[;] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *see also Waters Edge Living LLC v. RSUI Indemnity Co.*, 2010 WL 326166 (M.D. Fla., January 21, 2010).

## Argument

IBSA's involvement with Chinese drywall is limited to the calender year of 2006. IBSA arranged for the shipment of the Chinese drywall upon request of supplier Black Bear Gypsum Supply, Inc. (hereinafter "Black Bear") from Metro Resource Corp. (hereinafter "Metro Resource"), located in Canada and who directly shipped all Chinese drywall to Black Bear Gypsum Supply, Inc., located in Largo, Florida. See IBSA's affidavit annexed hereto as Exhibit A.

All of the Chinese-drywall at issue with respect to IBSA was shipped directly to the Port of Tampa, Florida, where Black Bear Gypsum Supply, Inc., took possession of the entire shipment. Black Bear Gypsum Supply, Inc., has never supplied any materials to any contractors or subcontractors in Miami-Dade County, Broward County, Palm Beach County and Lee County, Florida. See Black Bear's affidavit and deposition testimony annexed hereto as Exhibit B. As such, the drywall at issue as discussed more fully below is limited to the Largo, Florida area.

Furthermore, Plaintiffs have been provided IBSA's MDL Profile Form and have access to all the MDL Profile forms filed by other defendants. The MDL Profile forms establish the Chinese-drywall installed in Plaintiffs' home was not distributed by IBSA since IBSA did not ship to

anywhere but Largo, Florida.  See IBSA's MDL Distributor Profile Form annexed hereto as Exhibit C.

Plaintiffs have been provided with all necessary documents to make the determination that no nexus exists between the Chinese-drywall arranged for the shipment by IBSA and the Chinese-drywall installed in Plaintiffs' home.

Defendant Black Bear contacted IBSA and requested that IBSA contact Defendant Metro Resources in Canada to deliver drywall to Defendant Black Bear.  *See* Composite Exhibit D: (P. 246-247; L. 22-24 & 1-7).  Furthermore, IBSA never had an opportunity to inspect or take possession of the drywall because it was delivered directly from Defendant Metro Resources to Defendant Black Bear. *See* Composite Exhibit D: (P. 244; L. 14-24).  Also, any attempt to assert a claim against IBSA is speculative since Black Bear received board from other suppliers and cannot distinguish their inventory: As Black Bear's corporate representative Gina Milinovich testified in her deposition:

> Q: So, for example, if I were to, say, give you an address of a home in the Tampa area, and I'll pick 4210 West Kingston Avenue, Tampa, Florida, 33629, it was a home built by River Street Homes, would you know if that home at issue with Chinese drywall would be Chinese drywall that was provided by IBSA or by La Suprema?
>
> A: I have no idea.
>
> Q: Okay.  And if I were to give you the address of 2226 Soho Bay Court, Tampa, Florida, 33606, would you know if that Chinese drywall in that particular home came through La Suprema or IBSA?
>
> A: No.
>
> Q: No, you couldn't tell me, one way or the other?

> A: No, I couldn't tell you, one way or the other....
>
> [Similar address questions and answers omitted]
>
> Q: And I could continue, but I guess the exercise is that there's no way for Black Bear to tell, one way or the other, is that true?
>
> A: Correct.
>
> Q: Okay. And that would be for all homes at issue with Chinese drywall, where Black Bear would have supplied the Chinese drywall; is that a fair statement?
>
> A: Yes.

*See* Composite Exhibit D: (P. 240, L. 5-24; P. 241, L. 7-15).

## Limited Appearance to Contest Personal Jurisdiction

Notwithstanding the foregoing, Defendant IBSA respectfully disputes the personal jurisdiction of this Honorable Court because there are no minimum contacts, domicile or consent to any jurisdiction any where other than where it shipped drywall. Under *International Shoe v. Washington*, for a court to exercise personal jurisdiction the defendant must have certain minimum contacts so that the suit does not offend traditional notions of fair play and substantial justice, 326 U.S. 310 (1945). There have been constitutional elaborations on the nature of the minimum contacts as follows:

- Activities must be systematic and continuous. *Helicopteros Nationales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984).

- Activities must be purposely directed towards the forum state. *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987).

- Defendant must purposely avail himself of the privileges of the forum State. *Hanson v. Denkla*, 357 U.S. 235 (1958).

- Possibility of litigation must be foreseeable. *World-Wide Volkswagen v. Woodson*, 444 U.S. 286 (1980).

- There must be connection between litigation Defendant and the forum state because mere presence of property is not enough unless Defendant has necessary minimum contacts under *Shaeffer v. Heitner*, 433 U.S. 186 (1977).

**Wherefore**, IBSA respectfully requests this Honorable Court to enter an Order dismissing Plaintiffs' cause of action against IBSA for the reasons cited above, and requests any further relief as this Honorable Court deems necessary and appropriate.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2011, I filed the foregoing document and this certificate with the Clerk of the Court by U.S. Mail. I also certify that the foregoing document and certificate is being served this day on all counsel of record by electronically uploading and sending the same via LexisNexis File and Serve:

> FULMER LeROY ALBEE BAUMANN, P.L.C.
> Attorneys for Defendant,
> INDEPENDENT BUILDER SUPPLY ASSOCIATION, INC.
> 2866 East Oakland Park Boulevard
> Fort Lauderdale, FL  33306
> (954) 707-4430  phone
> (954) 707-4431  fax
>
> BY: /s/ *Gary F. Baumann*
> GARY F. BAUMANN
> Fla. Bar. No.:  89052