# CHOATE

CHOATE HALL & STEWART LLP

A. Hugh Scott
(617) 248-5250
hscott@choate.com

May 4, 2011

**By Email & U.S. Mail**

The Honorable Eldon E. Fallon
United States District Court for
  the Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

Re:   *Silva v. Arch Insurance Company et al.*, Civ. No. 2009-08034 (E.D. La.);
      *Silva v. Interior-Exterior*, Civ. No. 2009-08030 (E.D. La.); and
      *In Re: Chinese Drywall Multi District Litigation*, MDL No. 2047

Dear Judge Fallon:

This letter responds on behalf of Liberty Mutual Fire Insurance Company to the letter by counsel for National Surety Corporation to the Court dated April 29, 2011, regarding the proposed settlement by Interior-Exterior Building Supply L.P. ("InEx") in the referenced litigation.

The National Surety letter asserts (i) that it does not have sufficient information to make a decision whether or not to object to the settlement, and (ii) that one of its prime concerns is how the underlying policy limits are being exhausted. The relief sought by National Surety is that the Court "not set a deadline for National Security to file a motion to consent or object to the settlement."

National Security should be required to abide by the same objection procedures and deadline as all other persons or entities who claim to have an interest in the InEx Settlement Agreement approval process. National Security has not given any reason why it should be singled out for preferrential treatment, and no such reason exists.

**EXHIBIT B**

Two International Place I Boston MA 02110 I t 617-248-5000 I f 617-248-4000 I choate.com

The Honorable Eldon E. Fallon
May 4, 2011
Page 2

The Court should decline National Security's request that no deadline be set for it to file an objection to the settlement, for the following reasons: (i) Any action regarding potential objections to the settlement is premature until the Court has determined whether preliminary approval should be given to the settlement. (ii) National Surety lacks an interest in, or standing to raise issues concerning exhaustion of the primary policies. (iii) In any event, the exhaustion issue is fully addressed in the InEx Settlment Agreement.

*First,* any objection to the Settlement Agreement would be premature at this point. The only issue presently before the Court is whether to grant the settling parties' Joint Motion For Preliminary Approval of the settlement, so that notice will be given to the conditional settlement class and a Fairness Hearing will be held to determine whether the settlement will be given final approval. To grant preliminary approval of the settlement, "the court need only find that the proposed settlement fits 'within the range of possible approval.'" *Prudential Sec. Inc. Ltd. Partnerships Litig.,* 163 F.R.D. 200, 210 (S.D.N.Y. 1995), *quoting Armstrong v. Bd. of Sch. Directors of the City of Milwaukee,* 616 F.2d 305, 314 (7th Cir. 1980). The proposed InEx settlement easily meets that relatively low standard and should be approved by the Court. But, until that occurs, the objection process for which National Surety says seeks information, cannot begin.

*Second,* National Surety lacks standing to raise matters of primary exhaustion regarding Chinese drywall claims against InEx. Under the Settlement Agreement, the only excess insurance available for Chinese drywall claims against InEx is specified excess insurance provided under the first layer excess policies of The North River Insurance Company. *See* InEx Settlement Agreement, Section 1.5. Since National Surety's coverage is not available for Chinese drywall claims against InEx, National Surety has no interest in whether or how the primary insurance for those claims is exhausted.

*Third,* in any event, the Settlement fully addresses the issue of the exhaustion of primary insurance coverage. The Agreement indicates that the Arch policies for 2006-07 contain $4 million in aggregate limits, the Liberty policies for 2008-09 contain $4 million in aggregate limits, and Arch and Liberty will pay those limits into a settlement fund to benefit the class plaintiffs. *See* InEx Settlement Agreement, Sections 1.3., 1.16., and 1.17. In addition, the Order and Judgment to be entered by the Court upon final approval of the settlement will confirm that the Arch and Liberty primary policies are exhausted, and InEx will so agree in its release to Arch and Liberty. *See id.,* Sections 1.20.6 and 4.4.1.

The Honorable Eldon E. Fallon
May 4, 2011
Page 3

Liberty respectfully submits that, for the foregoing reasons, the National Surety letter does not raise any issue that requires any response or action by the Court, other than a denial of National Security's request that no deadline be set for objection by it to the settlement. If the Court grants preliminary approval of the settlement, National Surety should be required to follow the same deadline for objection to the settlement that applies to all other persons or entities.

Very respectfully,

A. Hugh Scott

cc (by email):   Gary J. Russo, Esq.
                 Melissa Swabacker, Esq.
                 Philip Nizialek, Esq.
                 Richard Duplantier, Esq.
                 H. Minor Pipes, Esq.
                 Russell Holwadel, Esq.
                 Kevin Risley, Esq.
                 Russ Herman, Esq.
                 Arnold Levin, Esq.
                 Fred Longer, Esq.

4857471



CHOATE HALL & STEWART LLP

A. Hugh Scott
(617) 248-5250
hscott@choate.com

May 4, 2011

**By Email & U.S. Mail**

The Honorable Eldon E. Fallon
United States District Court for
  the Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

Re:  *Silva v. Arch Insurance Company et al.*, Civ. No. 2009-08034 (E.D. La.);
     *Silva v. Interior-Exterior*, Civ. No. 2009-08030 (E.D. La.); and
     *In Re: Chinese Drywall Multi District Litigation*, MDL No. 2047

Dear Judge Fallon:

This letter responds on behalf of Liberty Mutual Fire Insurance Company to the letter by counsel for Landmark American Insurance Company to the Court dated April 28, 2011, regarding the proposed settlement by Interior-Exterior Building Supply L.P. ("InEx") in the referenced litigation.

The Landmark letter asserts (i) that the settlement papers do not contain information on "the extent to which the primary policies may be exhausted by the payments the settlement contemplates," and (ii) that "the issue of exhaustion is essential to us." The relief sought by Landmark is "the Court's instruction on whether it too considers such information essential to an understanding of the settlement and its [i.e. the Court's] guidance as to the best method by which to obtain such information."

No such "instruction" or "guidance" by the Court is needed because the Settlement Agreement fully addresses these matters -- as Landmark would surely know if it had reviewed that Agreement carefully. The Court should take no action on the Landmark letter, for the

The Honorable Eldon E. Fallon
May 4, 2011
Page 2

following reasons: (i) Any action regarding potential objections to the settlement is premature until the Court has determined whether preliminary approval should be given to the settlement. (ii) Landmark lacks an interest in, or standing to raise issues concerning exhaustion of the primary policies. (iii) In any event, the exhaustion issue is fully addressed in the InEx Settlement Agreement.

*First,* any objection to the Settlement Agreement would be premature at this point. The only issue presently before the Court is whether to grant the settling parties' Joint Motion For Preliminary Approval of the settlement, so that notice will be given to the conditional settlement class and a Fairness Hearing will be held to determine whether the settlement will be given final approval. To grant preliminary approval of the settlement, "the court need only find that the proposed settlement fits 'within the range of possible approval.'" *Prudential Sec. Inc. Ltd. Partnerships Litig.,* 163 F.R.D. 200, 210 (S.D.N.Y. 1995), *quoting Armstrong v. Bd. of Sch. Directors of the City of Milwaukee,* 616 F.2d 305, 314 (7th Cir. 1980). The proposed InEx settlement easily meets that relatively low standard and should be approved by the Court. But, until that occurs, the objection process for which Landmark says seeks information requested in the letter, cannot begin.

*Second,* Landmark lacks standing to raise matters of primary exhaustion regarding Chinese drywall claims against InEx. Under the Settlement Agreement, the only excess insurance available for Chinese drywall claims against InEx is specified excess insurance provided under the first layer excess policies of The North River Insurance Company. *See* InEx Settlement Agreement, Section 1.5. Since Landmark's coverage is not available for Chinese drywall claims against InEx, Landmark has no interest in whether or how the primary insurance for those claims is exhausted.

*Third,* in any event, the Settlement fully addresses the issue of the exhaustion of primary insurance coverage. The Agreement indicates that the Arch policies for 2006-07 contain $4 million in aggregate limits, the Liberty policies for 2008-09 contain $4 million in aggregate limits, and Arch and Liberty will pay those limits into a settlement fund to benefit the class plaintiffs. *See* InEx Settlement Agreement, Sections 1.3., 1.16., and 1.17. In addition, the Order and Judgment to be entered by the Court upon final approval of the settlement will confirm that the Arch and Liberty primary policies are exhausted, and InEx will so agree in its release to Arch and Liberty. *See id.,* Sections 1.20.6 and 4.4.1. Landmark's letter asserts that the settlement papers do not address whether costs of notice will erode the primary policy limits. To the contrary, the Settlement Agreement explains that the primary insurers will advance (i.e. lend) part of the costs of notice, subject to being repaid. *See id.* Section 6.2.

The Honorable Eldon E. Fallon
May 4, 2011
Page 3

Liberty respectfully submits that, for the foregoing reasons, the Landmark letter does not raise any issue that requires any response or action by the Court.

Very respectfully,

*[signature]*

A. Hugh Scott

cc (by email): Melissa Swabacker, Esq.
Philip Nizialek, Esq.
Richard Duplantier, Esq.
H. Minor Pipes, Esq.
Russell Holwadel, Esq.
Gary J. Russo, Esq.
Kevin Risley, Esq.
Russ Herman, Esq.
Arnold Levin, Esq.
Fred Longer, Esq.

4857467