# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.

50 2010 CA 015377 XXXX MB

RCR HOLDINGS II, LLC,

    Plaintiff,

v.

ARCH INSURANCE COMPANY,   CD - Y
a foreign corporation,

    Defendant
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, RCR HOLDINGS II, LLC ("RCR") sues the Defendant, ARCH INSURANCE COMPANY, and alleges as follows:

    1.    <u>Owner</u>:    RCR is the developer and owner of that certain project known as Villa Lago at Renaissance Commons Condominium located in Palm Beach County, Florida.

    2.    <u>Surety</u>:    ARCH INSURANCE COMPANY ("SURETY") is a foreign corporation, duly licensed to conduct surety business in the State of Florida. At all times material hereto, SURETY was engaged in the business of furnishing performance bonds in Palm Beach County, Florida.

    3.    <u>Jurisdiction/Venue</u>:    This is an action against a performance bond surety for damages in excess of $15,000, exclusive of interest and costs, and venue is proper in this court of competent jurisdiction.

    4.    <u>Performance Bond</u>:    On or about August 16, 2005, SURETY as surety, together

1



with Coastal Construction of South Florida, Inc. ("Coastal"), as principal, furnished *Performance Bond No. SU1013827* in favor of RCR conditioned upon Coastal's proper performance of the Construction Contract dated June 24, 2005. A true, correct, and complete copy of the *Performance Bond* is attached hereto as Exhibit "A"

5. <u>Breach/Default</u>: Coastal breached the underlying Construction Contract by failing to properly perform the Construction Contract, and was declared in default as set forth in the attached Exhibit "B" (without voluminous exhibits equally available to the parties, acknowledged as received by SURETY, or available through discovery).

6. <u>Damages</u>: As a direct and proximate result of such material breaches by Coastal, and by the separate breaches of SURETY in failing to discharge the obligations under the subject *Performance Bond*, RCR has suffered damages, including without limitation, costs to correct defective work by Coastal or its subtrades and costs required to cure Coastal's default, expert and engineers' costs incurred in investigation of the Work and loss, resulting and consequential losses and damages to other property, significant loss of use, attorneys and expert fees, court costs, and interest.

7. <u>Attorneys' Fees</u>: RCR has retained the undersigned law firm to prosecute this claim and is obligated to pay a reasonable fee for services rendered. SURETY is liable to RCR for all attorneys' fees pursuant to §§627.756 and 627.428, Fla. Stat.

8. <u>Conditions Precedent</u>: At times material hereto, RCR complied with and performed in accordance with the terms, obligations, and all conditions precedent set forth in the attached *Performance Bond*, including the required notices or declarations, or such compliance or performance was waived by ARCH.

WHEREFORE, RCR HOLDINGS II, LLC demands judgment against ARCH INSURANCE COMPANY for compensatory damages, attorneys' fees, interest, and costs, in

excess of $15,000, and such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 1.430, RCR HOLDINGS II, LLC hereby demands a jury trial of all issues triable of right by jury.

Respectfully submitted this 11th day of June, 2010,

CASEY CIKLIN LUBITZ
MARTENS & O'CONNELL
515 North Flagler Drive, 20th Floor
West Palm Beach, FL 33401
Telephone: (561) 832-5900
Facsimile: (561) 833-4209

RICHARD R. CHAVES
Fla. Bar No.: 0114375

3

# THE AMERICAN INSTITUTE OF ARCHITECTS



AIA Document A311

Bond No. SU1013827

## Performance Bond

**KNOW ALL MEN BY THESE PRESENTS:** that

*Coastal Construction of South Florida, Inc. d/b/a Coastal Condominiums, 790 NW 107 Ave., #308, Miami, FL   33172*

as Principal, hereinafter called Contractor, and,    (Here insert full name and address or legal title of Surety)

*Arch Insurance Company, 5601 Mariner Street, Suite 220, Tampa, FL  33609*

as Surety, hereinafter called Surety, are held and firmly bound unto    (Here insert full name and address or legal title of Owner)

*RCR 1 Holdings, LLC, 980 North Federal Highway, Suite 200, Boca Raton, FL  33432*

as Obligee, hereinafter called Owner, in the amount of --
*Forty Six Million Nine Hundred Eighty Eight Thousand And No/100**                    Dollars ($ 46,988,000.00   ),

for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

**WHEREAS,**

Contractor has by written agreement dated *June 24, 2005*, entered into a contract with Owner for
(Here insert full name, address and description of project)

*VILLA LAGO AT RENAISSANCE COMMONS*

in accordance with Drawings and Specifications prepared by    *Mouriz, Salazar & Associates, Inc.*
(Here insert full name and address or legal title of Architect)

which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

---

AIA DOCUMENT A311 • PERFORMANCE BOND AND LABOR AND MATERIAL PAYMENT BOND • AIA ®
FEBRUARY 1970 ED • THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 N.Y. AVE., N.W., WASHINGTON, D.C. 20006          1

C:\DOCUME~1\KMESSE~1.000\LOCALS~1\Temp\94112079.doc

# EXHIBIT "A"

# PERFORM...

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligation thereunder, the Surety may promptly remedy the default, or shall promptly

1) Complete the Contract in accordance with its terms and conditions, or

2) Obtain a bid or bids for completing the Contract in accordance with its term and conditions, and upon determination by Surety of the lowest responsible bidder, or if the Owner elects, upon determination by the Owner and the Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as work progresses (even though there should be a default or a succession of defaults

under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total mount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of the Owner.

The Warranty Obligations of the Surety under this Bond is Limited to One (1) after Issuance of the Certificate of Occupancy.

Signed and sealed this 16th day of August, 2005

_____ (Witness)

**Coastal Construction of South Florida, Inc.**
**d/b/a Coastal Condominiums**
(Principal)

_____ (Title)
DANIEL E. WHITEMAN, PRESIDENT (Seal)

_____ (Witness)

**Arch Insurance Company**
(Surety)

_____ (Title)
(Title) Charles J. Nielson, Attorney-In-Fact & Resident A
(Seal)

AIA DOCUMENT A311 • PERFORMANCE BOND AND LABOR AND MATERIAL PAYMENT BOND • AIA ®
FEBRUARY 1970 ED • THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 N.Y. AVE., N.W., WASHINGTON, D.C. 20006

`CUME~1\KMESSE~1.000\LOCALS~1\Temp\94112079.doc`

# EXHIBIT "A"



**ARCH Insurance Company**  **ARCH Surety**

### NOTICE – DISCLOSURE OF TERRORISM PREMIUM

In accordance with the Terrorism Risk Insurance Act of 2002, we are providing this disclosure notice for bonds on which Arch Insurance Company is the surety.

### DISCLOSURE OF PREMIUM

The portion of the premium attributable to coverage for terrorist acts certified under the Act is Zero Dollars ($0.00).

### DISCLOSURE OF FEDERAL PARTICIPATION IN PAYMENT OF TERRORISM LOSSES

The United States will pay ninety percent (90%) of covered terrorism losses exceeding the applicable insurer deductible.

EXHIBIT "A"

# POWER OF ATTORNEY

Know All Men By These Presents:

That the Arch Insurance Company, a corporation organized and existing under the laws of the State of Missouri, having its principal office in Kansas City, Missouri (hereinafter referred to as the "Company") does hereby appoint

Mary C. Aceves, Warren M. Alter, Charles D. Nielson, Charles J. Nielson and Laura Clymer of Miami Lakes, FL (EACH)

its true and lawful Attorney(s)-in-Fact, to make, execute, seal, and deliver from the date of issuance of this power for and on its behalf as surety, and as its act and deed:

Any and all bonds and undertakings

EXCEPTION: NO AUTHORITY is granted to make, execute, seal and deliver bonds or undertakings that guarantee the payment or collection of any promissory note, check, draft or letter of credit.

This authority does not permit the same obligation to be split into two or more bonds in order to bring each such bond within the dollar limit of authority as set forth herein.

The Company may revoke this appointment at any time.

The execution of such bonds and undertakings in pursuance of these presents shall be as binding upon the said Company as fully and amply to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office in Kansas City, Missouri.

This Power of Attorney is executed by authority of resolutions adopted by unanimous consent of the Board of Directors of the Company on March 3, 2003, true and accurate copies of which are hereinafter set forth and are hereby certified to by the undersigned Secretary as being in full force and effect:

"VOTED, That the Chairman of the Board, the President, or any Vice President, or their appointees designated in writing and filed with the Secretary, or the Secretary shall have the power and authority to appoint agents and attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings, obligatory in the nature thereof, and any such officers of the Company may appoint agents for acceptance of process."

This Power of Attorney is signed, sealed and certified by facsimile under and by authority of the following resolution adopted by the unanimous consent of the Board of Directors of the Company on March 3, 2003:

VOTED, That the signature of the Chairman of the Board, the President, or any Vice President, or their appointees designated in writing and filed with the Secretary, and the signature of the Secretary, the seal of the Company, and certifications by the Secretary, may be affixed by facsimile on any power of attorney or bond executed pursuant to the resolution adopted by the Board of Directors on March 3, 2003, and any such power so executed, sealed and certified with respect to any bond or undertaking to which it is attached, shall continue to be valid and binding upon the Company.

00ML0013 00 03 03                           Page 1 of 2                          Printed in U.S.A.



EXHIBIT "A"

In Testimony Whereof, the Company has caused this instrument to be signed and its corporate seal to be affixed by their authorized officers, this 24th day of November, 2003.

Arch Insurance Company

Attested and Certified

Joseph S. Labell, Corporate Secretary

Thomas P. Luckstone, Vice President

STATE OF CONNECTICUT   SS

COUNTY OF FAIRFIELD   SS

I Melissa B. Gilligan, a Notary Public, do hereby certify that Thomas P. Luckstone and Joseph S. Labell personally known to me to be the same persons whose names are respectively as Vice President and Corporate Secretary of the Arch Insurance Company, a Corporation organized and existing under the laws of the State of Missouri, subscribed to the foregoing instrument, appeared before me this day in person and severally acknowledged that they being thereunto duly authorized signed, sealed with the corporate seal and delivered the said instrument as the free and voluntary act of said corporation and as their own free and voluntary acts for the uses and purposes therein set forth.

OFFICIAL SEAL
MELISSA B. GILLIGAN, Notary Public
State of Connecticut
My Commission Expires February 28, 2005

Melissa B. Gilligan, Notary Public
My commission expires 2-28-05

CERTIFICATION

I, Joseph S. Labell, Corporate Secretary of the Arch Insurance Company, do hereby certify that the attached Power of Attorney dated November 24, 2003 on behalf of the person(s) as listed above is a true and correct copy and that the same has been in full force and effect since the date thereof and is in full force and effect on the date of this certificate; and I do further certify that the said Thomas P. Luckstone, who executed the Power of Attorney as Vice President, was on the date of execution of the attached Power of Attorney the duly elected Vice President of the Arch Insurance Company.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the Arch Insurance Company on this 16th day of August, 20 05.

Joseph S. Labell, Corporate Secretary

This Power of Attorney limits the acts of those named therein to the bonds and undertakings specifically named therein and they have no authority to bind the Company except in the manner and to the extent herein stated.

Home Office: Kansas City, MO

00ML0013 00 03 03



EXHIBIT "A"



# THE AMERICAN INSTITUTE OF ARCHITECTS

AIA Document A311 Bond No: SU1013827

# Labor and Material Payment Bond

THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

**KNOW ALL MEN BY THESE PRESENTS:** that
(Here insert full name and address or legal title of contractor)

*Coastal Construction of South Florida, Inc. d/b/a Coastal Condominiums, 790 NW 107 Ave. #308, Miami, FL 33172*

as Principal, hereinafter called Contractor, and,
(Here insert full name and address or legal title of Surety)

*Arch Insurance Company, 5601 Mariner Street, Suite 220, Tampa, FL 33609*

as Surety, hereinafter called Surety, are held and firmly bound unto
(Here insert full name and address or legal title of Owner)

*RCR 1 Holdings, LLC, 980 North Federal Highway, Suite 200, Boca Raton, FL 33432*

as Obligee, hereinafter called Owner, in the amount of
*Forty Six Million Nine Hundred Eighty Eight Thousand And No/100***    ($ 46,988,000.00 ),

for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

**WHEREAS,**

Contractor has by written agreement dated *June 24, 2005*, entered into a contract with Owner for
(Here insert full name, address and description of project)

***VILLA LAGO AT RENAISSANCE COMMONS***

in accordance with Drawings and Specifications prepared by    *Mouriz, Salazar & Associates, Inc.*
(Here insert full name and address or legal title of Architect)

which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

---

AIA DOCUMENT A311 • PERFORMANCE BOND AND LABOR AND MATERIAL PAYMENT BOND • AIA ®
FEBRUARY 1970 ED • THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 N.Y. AVE., N.W., WASHINGTON, D.C. 20006            **3**

C:\DOCUME~1\KMESSE~1.000\LOCALS~1\Temp\94112079.doc

# EXHIBIT "A"

THIS BOND HEREBY IS AMENDED SO THAT THE PROVISIONS AND LIMITATIONS OF SECTION 255.05 OR SECTION 713.23 FLORIDA STATUTES, WHICHEVER IS APPLICABLE ARE INCORPORATED HEREIN BY REFERENCE

# LABOR AND MATERIAL PAYMENT BOND

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. Claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: the Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, o for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made by a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanic's liens which may be filed of record against said improvement, whether or not claim for the amount of such lien be presented under and against this bond.

Signed and sealed this 16th day of August, 2005.

(Witness)

(Witness)

Coastal Construction of South Florida, Inc.
d/b/a Coastal Condominiums
(Principal)

_____ (Seal)
DANIEL B. WHITEMAN, PRESIDENT (Title)

Arch Insurance Company (Surety)

_____ (Seal)
(Title) Charles J. Nielson, Attorney-In-Fact & Resident Agent

AIA DOCUMENT A311 • PERFORMANCE BOND AND LABOR AND MATERIAL PAYMENT BOND • AIA ®
FEBRUARY 1970 ED • THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 N.Y. AVE., N.W., WASHINGTON, D.C.-20006    4

C:\DOCUME~1\KMESSE~1.000\LOCALS~1\Temp\94112079.doc

## EXHIBIT "A"



## ARCH Insurance Company

**ARCH Surety**

---

### NOTICE – DISCLOSURE OF TERRORISM PREMIUM

In accordance with the Terrorism Risk Insurance Act of 2002, we are providing this disclosure notice for bonds on which Arch Insurance Company is the surety.

### DISCLOSURE OF PREMIUM

The portion of the premium attributable to coverage for terrorist acts certified under the Act is Zero Dollars ($0.00).

### DISCLOSURE OF FEDERAL PARTICIPATION IN PAYMENT OF TERRORISM LOSSES

The United States will pay ninety percent (90%) of covered terrorism losses exceeding the applicable insurer deductible.

# EXHIBIT "A"

# POWER OF ATTORNEY

Know All Men By These Presents:

That the Arch Insurance Company, a corporation organized and existing under the laws of the State of Missouri, having its principal office in Kansas City, Missouri (hereinafter referred to as the "Company") does hereby appoint

Mary C. Aceves, Warren M. Alter, Charles D. Nielson, Charles J. Nielson and Laura Clymer of Miami Lakes, FL (EACH)

its true and lawful Attorney(s)-In-Fact, to make, execute, seal, and deliver from the date of issuance of this power for and on its behalf as surety, and as its act and deed:

Any and all bonds and undertakings

EXCEPTION: NO AUTHORITY is granted to make, execute, seal and deliver bonds or undertakings that guarantee the payment or collection of any promissory note, check, draft or letter of credit.

This authority does not permit the same obligation to be split into two or more bonds in order to bring each such bond within the dollar limit of authority as set forth herein.

The Company may revoke this appointment at any time.

The execution of such bonds and undertakings in pursuance of these presents shall be as binding upon the said Company as fully and amply to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office in Kansas City, Missouri.

This Power of Attorney is executed by authority of resolutions adopted by unanimous consent of the Board of Directors of the Company on March 3, 2003, true and accurate copies of which are hereinafter set forth and are hereby certified to by the undersigned Secretary as being in full force and effect:

"VOTED, That the Chairman of the Board, the President, or any Vice President, or their appointees designated in writing and filed with the Secretary, or the Secretary shall have the power and authority to appoint agents and attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings, obligatory in the nature thereof, and any such officers of the Company may appoint agents for acceptance of process."

This Power of Attorney is signed, sealed and certified by facsimile under and by authority of the following resolution adopted by the unanimous consent of the Board of Directors of the Company on March 3, 2003:

VOTED, That the signature of the Chairman of the Board, the President, or any Vice President, or their appointees designated in writing and filed with the Secretary, and the signature of the Secretary, the seal of the Company, and certifications by the Secretary, may be affixed by facsimile on any power of attorney or bond executed pursuant to the resolution adopted by the Board of Directors on March 3, 2003, and any such power so executed, sealed and certified with respect to any bond or undertaking to which it is attached, shall continue to be valid and binding upon the Company.



EXHIBIT "A"

In Testimony Whereof, the Company has caused this instrument to be signed and its corporate seal to be affixed by their authorized officers, this 24th day of November, 2003.

Arch Insurance Company

Attested and Certified

*[signature]*
Joseph S. Labell, Corporate Secretary

*[corporate seal: Arch Insurance Company Corporate Seal 1971 Missouri]*

*[signature]*
Thomas P. Luckstone, Vice President

STATE OF CONNECTICUT   SS

COUNTY OF FAIRFIELD    SS

I Melissa B. Gilligan, a Notary Public, do hereby certify that Thomas P. Luckstone and Joseph S. Labell personally known to me to be the same persons whose names are respectively as Vice President and Corporate Secretary of the Arch Insurance Company, a Corporation organized and existing under the laws of the State of Missouri, subscribed to the foregoing instrument, appeared before me this day in person and severally acknowledged that they being thereunto duly authorized signed, sealed with the corporate seal and delivered the said instrument as the free and voluntary act of said corporation and as their own free and voluntary acts for the uses and purposes therein set forth.

OFFICIAL SEAL
MELISSA B. GILLIGAN, Notary Public
State of Connecticut
My Commission Expires February 28, 2005

*[signature]*
Melissa B. Gilligan, Notary Public
My commission expires 2-28-05

## CERTIFICATION

I, Joseph S. Labell, Corporate Secretary of the Arch Insurance Company, do hereby certify that the attached Power of Attorney dated November 24, 2003 on behalf of the person(s) as listed above is a true and correct copy and that the same has been in full force and effect since the date thereof and is in full force and effect on the date of this certificate; and I do further certify that the said Thomas P. Luckstone, who executed the Power of Attorney as Vice President, was on the date of execution of the attached Power of Attorney the duly elected Vice President of the Arch Insurance Company.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the Arch Insurance Company on this 16th day of August, 2005.

*[signature]*
Joseph S. Labell, Corporate Secretary

This Power of Attorney limits the acts of those named therein to the bonds and undertakings specifically named therein and they have no authority to bind the Company except in the manner and to the extent herein stated.

*[corporate seal: Arch Insurance Company Corporate Seal 1971 Missouri]*

Home Office: Kansas City, MO

00ML0013 00 03 03

Page 2 of 2

Printed in U.S.A.

# EXHIBIT "A"



Villa Lago P P Bond

## DUAL OBLIGEE RIDER
(To be attached to Bond at time of issuance)

TO BE ATTACHED TO AND FORM PART OF Bond No. SU1013827, dated concurrently with the execution of this Rider, by Arch Insurance Company, as Surety, on behalf of Coastal Construction of South Florida, Inc. d/b/a Coastal Condominiums, as Principal, and in favor of RCR 1 Holdings, LLC and Wachovia Bank, N.A., as Obligees.

IT IS HEREBY UNDERSTOOD AND AGREED that the attached Bond is hereby amended to include the following:

Notwithstanding anything contained herein to the contrary, there shall be no liability on the part of the Principal or Surety under this Bond to the Obligees, or either of them, unless the Obligees, or either of them, shall make payments to the Principal, or to the Surety in case it arranges for completion of the Contract upon default of the Principal, strictly in accordance with the terms of said Contract as to payments, and shall perform all the other obligations required to be performed under said Contract at the time and in the manner therein set forth.

In no event shall the liability of the Principal and the Surety to the Obligee, or either of them, in the aggregate, exceed the penal sum stated in the attached Bond.

IT IS FURTHER UNDERSTOOD AND AGREED that nothing contained in this Rider shall be held to change, alter or vary the terms of the attached Bond except as set forth hereinabove. In the event of a conflict between the Bond and this Rider, the parties agree that this Rider shall govern and control. All references to the Bond, either in the Bond or in this Rider, shall include and refer to the Bond as supplemented and amended by this Rider. Except as provided by this Rider, all other terms and conditions of the Bond remain in full force and effect.

This Rider may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and some instrument.

SIGNED, SEALED AND DATED this 16th day of August, 2005.

PRINCIPAL: Coastal Construction of South Florida, Inc. d/b/a Coastal Condominiums
Signature: _____

Name and Title: DANIEL E. WHITEMAN, PRESIDENT

SURETY: Arch Insurance Company
Signature: _____
Charles J. Nielson, Attorney-in-Fact

Agreed to and accepted by:

OBLIGEE: RCR 1 Holdings, LLC
Signature: _____
Name and Title: James _____, Manager

OBLIGEE: Wachovia Bank, N.A.
Signature: _____
Name and Title: JAMES D. DAVIS, VICE PRES.

**EXHIBIT "A"**

**RCR Holdings II, LLC**
1500 Gateway Blvd., Suite # 200
Boynton Beach, FL 33426
(561) 244-6650

<u>Via Federal Express</u>

April 16, 2010

Arch Insurance Company
300 Plaza Three
Jersey City, NJ 07311

Re:  (Bond #SU1013827)
     **Principal:** Coastal Construction Group of South Florida, Inc. dba Coastal Condominiums
     Alleged DOL: 2009; Completion Date: On or about 1/26/07

Dear Sir or Madam:

I am the authorized Manager for RCR Holdings II, LLC ("RCR"), the Obligee under the above-referenced bond. As reflected in the enclosed 2nd Amended Complaint RCR has found itself involved in a lawsuit by a multitude of Unit Owners of a construction project built by your above-named Principal. The claims largely relate to the alleged installation of what is commonly described as "Chinese Drywall." The details of the claim are contained within the allegations of the Amended Complaint. We have verified that RCR previously made all payments to your Principal/Contract in accordance with the parties' Contract and the subject Bond. **<u>This correspondence serves as RCR's declaration of default by your Principal under the Contract dated June 24, 2005, as required by the Performance Bond issued by Arch Insurance Company. RCR states that Principal is in default.</u>**

The basis of the default by your Principal is detailed in the enclosures. Your Principal has been advised in writing of the basis for the default since approximately September 2009, but has taken no actions to cure the default or mitigate RCR's losses.

**EXHIBIT "B"**

We request you contact the undersigned with Arch's response as quickly as possible in order to preserve both your ability to respond and otherwise investigate the claim, including any evidence that may be subject to spoiliation. Moreover, all requests for documents should be directed to the Principal/Contractor who was obligated by statute to maintain all the records. We look forward to your prompt reply.

Sincerely,
RCR Holdings II, LLC

James Comparato
Manager

JC/crd

Enclosures

Cc: Bruce G. Alexander, Esq via email-balexander@caseyciklin.com
Michael Utley, Esq.via email-mike.utley@meupc.com
Richard Chaves, Esq. Via email-RChaves@caseyciklin.com
Becky Basil, via email-RBasil@caseyciklin.com

EXHIBIT "B"

```
                                        Page:         1
                   R E C E I P T
                   ---------------
                            PALM BEACH CTY CIR CT JISPROD

                        Receipt Number:    CAMB427181
                                  Date:  11-JUN-2010
                              Cashier:    EMSMITH

Payor: CASEY CIKLIN ET AL
Addr:

Violation/Docket         Description                    Amount
-----------------------  -----------------------        -------
Case: 2010CA015377 - RCR HOLDINGS II LLC
Party: RCR HOLDINGS II LLC
CAFF                                                    401.00
CAFF                                                     10.00

                         CHECK RECEIVED GENERAL ACCT   -411.00

                                     Total Fees:        411.00

                                     Total Payment:     411.00
```