UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * ** * * * * * ** * * * * * * * * *

**THIS DOCUMENT RELATES TO:  ALL CASES**

### TG AND TTP'S OMNIBUS OPPOSITION TO THE PSC AND HSC'S MOTIONS FOR EXPEDITED HEARING ON THEIR MOTIONS TO COMPEL ADDITIONAL DISCOVERY AND FOR SANCTIONS

Defendants Taishan Gypsum Co. Ltd. ("TG") and Taian Taishan Plasterboard Co. Ltd. ("TTP") (collectively "TG/TTP") submit this memorandum in opposition to: (1) the Motion for Expedited Hearing on the Plaintiffs' Steering Committee's ("PSC") Motion to Compel Production of Documents and Further Jurisdictional Depositions of the Taishan Defendants and for Sanctions ("PSC Motion for Expedited Hearing) (Rec Doc. No. 8689) and (2) the Homebuilders' Steering Committee's ("HSC") Motion and Incorporated Memorandum for Expedited Consideration of Motion for Sanctions and to Compel Additional Jurisdictional Depositions of Defendants Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co. Ltd. ("HSC Motion for Expedited Hearing") (collectively the "Motions For Expedited Hearing") (Rec Doc. No. 8696).  These motions, filed on May 3, 2011, request that the Court set the PSC and the HSC's motions to compel for hearing on May 11, 2011, a mere six (6) business days after they were filed.

As explained below, there is no basis to consider the PSC's and the HSC's motions to compel on an expedited basis. The PSC and the HSC have not provided a legitimate explanation as to why expedited consideration of their motions is necessary or appropriate. Contrary to the PSC's assertion that it is proceeding on a "fast track," the PSC took its time in scheduling and taking the jurisdictional depositions of TG and TTP. After the depositions were completed at the beginning of April, neither the PSC nor the HSC contacted TG or TTP regarding any additional jurisdictional discovery issues for more than two weeks. These delays contradict their assertion that their motions must be heard immediately. Moreover, the PSC and the HSC filed their motions without engaging in a meaningful meet-and-confer process despite the Court's directive that the parties try to resolve discovery disputes without the need for additional depositions before engaging in motion practice. Instead of rushing to a hearing on May 11, TG and TTP respectfully submit that that the motions should be heard following the next scheduled status conference on May 26, 2011. This would provide TG with a meaningful opportunity to respond to the voluminous motions to compel. Accordingly, the PSC's and the HSC's motions to expedite consideration of their motions to compel should be denied.

**A.** **Factual Background of Current Discovery Dispute**

Although TG and TTP proposed conducting the Rule 30(b)(6) jurisdictional depositions in mid-March, the PSC and the HSC did not accept this offer. Feb. 8, 2011 e-mail chain between counsel (attached hereto as Ex A). Instead, the depositions were scheduled for six days in Hong Kong the week of April 4, 2011. During the first day of depositions, the PSC and the HSC and the other interested parties unilaterally shortened their time to take the depositions to five days. They completed their questioning within those five days without ever seeking the Court's involvement.

After the depositions, the PSC and the HSC did not attempt to discuss with TG or TTP any alleged concerns regarding outstanding jurisdictional discovery issues for more than two weeks.  Nonetheless, before even discussing any alleged outstanding jurisdictional discovery issues arising from the depositions with TG or TTP, the PSC and the HSC raised the issue of filing motions to compel with the Court at the in camera and status conferences held on April 26. Following discussions with the Court on April 26, "the Court directed the parties to first meet-and-confer in an attempt to resolve the issue without motions and further depositions."  Apr. 26, 2011 Minute Entry (Rec. Doc. No. 8649), at 3.  The movants have refused to meet and confer in any meaningful way.

Immediately after the status conference, counsel for the PSC, the HSC, and TG/TTP had a brief five-minute conversation in which PSC's counsel stated that it intended to file its motion to compel *before* participating in any meet and confer.  (The PSC has self-servingly denominated this five-minute meeting as a "meet and confer" session).  After an exchange of e-mails later that day in which TG/TTP counsel objected to the PSC's proposed course of action as violative of the Court's directive, the parties agreed to participate in a phone conference the next day, April 27, 2011.  Ex. H, PSC Memorandum in Support of Motion to Compel (Rec. Doc. No. 8685-9), at 4-8.

During that April 27 conference call, the PSC demanded reopening the Rule 30(b)(6) depositions of TG and TTP, plus additional depositions of two new witnesses.  The PSC also communicated a long list of document requests.  In addition, HSC and TG/TTP counsel discussed the HSC's assertion that it did not obtain adequate testimony regarding TG and TTP's manufacturer profile forms ("MPFs") and related matters.

During the same call, TG/TTP counsel reiterated the request made after the status conference for the PSC and the HSC to provide a list of the specific factual issues of

jurisdictional discovery that it believes:  (1) have not been addressed through the 25,000 pages of documents already provided by TG and TTP and five days of depositions in Hong Kong and (2) could not be addressed by means other than additional depositions. The PSC and the HSC refused to explain how their additional discovery requests are necessary for the Court to decide the pending motions regarding personal jurisdiction, claiming their rationale was protected "work product."

The PSC and HSC demanded that TG and TTP respond to their requests by April 29 and stated that they would file motions to compel on May 3, 2011 to be heard on May 11, 2011. TG and TTP objected, stating, among other things, that such a foreshortened schedule did not constitute a good faith effort to meet and confer.   Ex. H, PSC Memorandum in Support of Motion to Compel (Rec. Doc. No. 8685-9), at 2-3. Nonetheless, TG/TTP counsel agreed to discuss the PSC and the HSC's additional discovery with their clients in China and work on compiling a list of the Bates numbers of documents responsive to these requests that have already been produced (a burden which belongs to the movants, not TG and TTP).

On April 29, 2011, TG/TTP counsel updated the other parties by e-mail about its progress in discussing these issues with its client.  April 29, 2011 e-mail chain between counsel (attached hereto as Ex. B), at 1.  The e-mail also reiterated the request for information regarding the factual issues that the PSC and HSC claim can only be addressed through additional depositions.  *Id.* Instead of responding to this e-mail, on May 3, 2011, the PSC and the HSC each filed motions to compel additional discovery from TG and TTP and to sanction TG, TTP, and their attorneys, and requested that the Court set these motions for expedited consideration on May 11, 2011.  Neither the PSC nor the HSC provided a reason why expedited consideration was necessary other than the "fast track nature of this litigation" and the need to "timely" complete depositions.  TG and

TTP now file the instant opposition to respond to both the PSC's and the HSC's motions for expedited consideration.

**B.      The PSC and the HSC have not provided any legitimate rationale for expediting their motions.**

The Court should deny the PSC's and the HSC's requests for expedited consideration because they have not set forth a legitimate reason for such immediate action.  In its motion, the PSC only requests expedited consideration because of the "fast track nature of this litigation."  PSC Motion for Expedited Hearing (Rec Doc. No. 8696), at 1.  Further, the HSC claims in its motion that expedited consideration is needed so that the Rule 30(b)(6) deposition can be "completed in a timely fashion." HSC Motion for Expedited Hearing (Rec Doc. No. 8696), at 1.  Despite these assertions, however, there are no pending deadlines that necessitate that TG and TTP forego their right to a reasonable period of time to respond to the PSC's and the HSC's demands.   Further, the PSC and the HSC chose to schedule the depositions for April instead of March, as TG and TTP offered, thus belying their claims that discovery in this matter should be expedited in any way.

Rather, the PSC and the HSC's delay in raising these issues with TG and TTP indicate that the request for expedited consideration is borne not out of necessity, but out of a perceived strategic advantage.  If it were truly necessary to resolve these issues immediately, the PSC and the HSC could have raised these issues immediately after the depositions.  They did not.  Instead, the PSC and the HSC waited approximately 2 ½ weeks before providing TG and TTP with the details of their demands, and then filed their motions a week later.  Therefore, despite having almost one month to consider, develop, and articulate these issues, the PSC and the HSC are now demanding a full response from TG and TTP within a week.  Without an adequate justification

for the need for expedited consideration or a legitimate reason why the PSC and the HSC delayed pursuing these issues for weeks, the Court should not consider expediting these motions.

C.     **The PSC and HSC did not meaningfully meet-and-confer prior to filing their motions.**

At the April 26 status conference, the Court was clear that it wanted the parties to try to resolve their discovery issues without the need for additional depositions prior to engaging in motion practice.  Despite this, the PSC and the HSC are seeking to move forward with these motions on an expedited basis without making any meaningful attempt to comply with the Court's directive.  Since the date of the status conference, the PSC and the HSC have repeatedly placed secondary importance on the meet-and-confer process in lieu of filing motions to compel. By seeking expedited consideration of their motions (which this Court wanted the parties to pursue as a last alternative), the PSC and the HSC, if successful, will have effectively turned the meet-and-confer process into a meet-all-of-my-demands-on-my-timetable-or-else process.[1]  TG and TTP do not believe that this is what the Court contemplated when it ordered the parties to meet-and-confer prior to engaging in motion practice.  The Court should not implicitly accept these actions by granting expedited consideration, which will further deprive TG and TTP of an adequate opportunity to respond to the issues raised by the PSC and the HSC by limiting the time TG and TTP have to respond to these motions.

---

[1] While the PSC and HSC offer to continue to meet and confer on May 9, this offer is clearly gamesmanship and is completely illusory.  *First*, the meet-and-confer process is intended to occur before discovery motions are made.  *Second*, to properly meet and address these issues will take a significant amount of time.  Therefore, participation in that meeting two days before the proposed hearing would further minimize the time that TG and TTP have to respond to the motions filed by the PSC and the HSC, which, in addition to requesting additional discovery, make the serious accusation that sanctions are warranted in this case.

6

D.    <u>**Conclusion**</u>

The PSC and the HSC's motions to compel and for sanctions raise substantial issues, and there is a voluminous record of jurisdictional discovery that TG and TTP will rely upon in preparing their response.  Therefore, TG and TTP need more than the few days proposed by the PSC and the HSC to respond.  Accordingly, TG and TTP request that the motions be set for hearing on May 26, 2011, and that their response be due by May 19, 2011, in order for the Court and the other parties to have a sufficient time to review the papers.  The PSC's and the HSC's motions for expedited consideration of their motions to compel should be denied

Respectfully submitted,

<u>*/s/* Thomas P. Owen Jr.</u>
Joe Cyr
Frank T. Spano
Eric Statman
Matthew J. Galvin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Email: Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com
matthew.galvin@hoganlovells.com
Telephone: 212-918-3000
Facsimile: 212-918-3100

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON
& ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
E-mail: rcs@stanleyreuter.com
tpo@stanleyreuter.com

**Attorneys for Taishan Gypsum Co. Ltd.
and Taian Taishan Plasterboard Co. Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Omnibus Opposition to the PSC and HSC's Motions for Expedited Hearing on Their Motions to Compel Additional Discovery and for Sanctions has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of May, 2011.

/s/ Thomas P. Owen Jr.