UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 2047 SECTION: L JUDGE: FALLON |
| This Document Relates to: ALL CASES | * * * | MAG: WILKINSON |

**MEMORANDUM IN SUPPORT OF AUTO-OWNERS INSURANCE COMPANY, OWNERS INSURANCE COMPANY AND SOUTHERN-OWNERS INSURANCE COMPANY'S MOTION TO AMEND PARAGRAPH 14 OF PRE-TRIAL ORDER NO. 1**

**May it Please the Court:**

Come now AUTO-OWNERS INSURANCE COMPANY, OWNERS INSURANCE COMPANY and SOUTHERN-OWNERS INSURANCE COMPANY (collectively referred to as "Auto-Owners Entities"), defendants in the above-styled cause, and submit this Memorandum in Support of its Motion for Leave to Amend Pre-Trial Order No. 1:

**I.      INTRODUCTION**

The Auto-Owners Entities have been sued in this litigation as allegedly providing commercial general liability policies potentially subject to the litigation. This Court granted the Auto-Owners Entities' 12(b) Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue in the *Pate* litigation, and the Auto-Owners Entities currently have a similar motion pending in the *Amato* litigation. In order to preserve

evidence that may be relevant to these MDL proceedings, this Court issued Pre-Trial Order No. 1, Paragraph 14 which states, *inter alia*:

> Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation.
>
> \*\*\*\*\*\*\*\*\*\*\*
>
> Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

[Rec. Doc. 2].

The Auto-Owners Entities have fully complied with this Court's order and immediately halted their ordinary and long-standing business practice of scanning all paper documents to an electronic imaging system in order to convert to a "paperless" document retention system.[1] In 2003, the Auto-Entities engaged Image Right, a software product that provides content management and work flow solutions, specifically designed and implemented for the insurance industry.[2] Implementation of the paperless conversion entails scanning the current claims files and underwriting policy information and storing the images in the Image Right software program.[3] Closed files which were previously in storage are also scanned and saved.[4] All emails and electronic documents,

---

[1] *See* Affidavit of Kathleen Lopilato, ¶¶ 3, 11, attached hereto as Exhibit "A."

[2] *See id*. at ¶ 4.

[3] *See id*. at ¶ 5.

[4] *See id*. at ¶ 6.

including all meta-data, are also imported to the appropriate image file.[5] For example, if an email is received with an attachment, both the email and the attachment would be imported in their native format so as to not alter the original format.

Numerous safeguards are in place to ensure each and every paper document is accurately scanned and saved. For example, (1) All staples and paperclips are removed and the papers are fanned in order to ensure proper separation; (2) all "post-it notes" on the top of a page are removed and scanned and "post-it notes" on the sides of the pages are left in place; (3) folded documents are flattened; (4) rough edges are taped to prevent from tearing inside the scanner; (5) all post it notes are moved to a non-text area of the page or to a separate page and taped down; (6) documents on light colored paper are scanned as is, while documents on dark colored paper are first photocopied and then scanned; and (7) if there is information written on the folder containing certain documents, then the folder itself is photocopied in order to be scanned.[6]

All scanning is performed by a contract vendor and the Auto Owners Entities' personnel.[7] Once the documents are properly scanned and the image saved, the corresponding paper documents are shredded.[8] Since the inception of this litigation, all personnel at the home office and branch offices have been instructed to continue scanning the documents, but to discontinue the shredding of the documents.[9] The scanning and shredding process has been the Auto-Owners Entities' ordinary course of

---

[5] *See id.* at ¶ 7.

[6] *See id.* at ¶ 8.

[7] *See id.* at ¶ 9.

[8] *See id.* at ¶ 10.

[9] *See id.* at ¶ 11.

business since 2003, well before the present litigation began.[10]  Auto-Owners and its related entities wish to be paperless companies, with access to electronic images, in order to defray the cost of storing numerous paper documents.[11]  As the Court may remember, Auto-Owners conducted a search of a representative sample of claims files during the limited jurisdictional discovery phase in the *Pate* litigation.  Auto-Owners Senior Attorney testified that just one Auto-Owners warehouse was a 117,000 square foot building.  Due to the volume and expense of retaining paper documents, Auto-Owners made the decision to go paperless six years prior to the start of this litigation, and has ensured that each file is accurately and properly scanned and electronically stored.  This practice is the Auto-Owners Entities' ordinary course of business.

In accordance with this Court's order, counsel for the Auto-Owners Entities has, on numerous occasions, attempted to confer with Russ Herman, Plaintiffs' Liaison Counsel, and various members of the Plaintiffs' Steering Committee in order to reach an agreement concerning the reinstatement of the electronic document imaging practice.[12]  To date, neither Mr. Herman nor any member of the PSC has communicated with the undersigned regarding this request.

Therefore, the Auto-Owners Entities now seek an order amending Paragraph 14 of Pre-Trial No. 1 to allow them to continue their ordinary electronic document imaging practice.  Safeguards are in place, and have been in place since the inception of this

---

[10] *See id.* at ¶ 13.

[11] *See id.* at ¶ 12.

[12] *See* Correspondence from Jerry Saporito to Russ Herman dated August 24, 2010; Electronic correspondence from Jerry Saporito to Leonard Davis dated January 27, 2011; Electronic correspondence from Jerry Saporito to Leonard Davis dated February 18, 2011; and electronic correspondence from Jerry Saporito to Leonard Davis dated April 4, 2011 attached *en globo* as Exhibit "B."

business decision, to ensure the accuracy of the scanning and imaging. If the Auto-Owners Entities are not allowed to reinstate the document imaging process, the PSC should bear any future cost for storing the relevant documents since it is outside the ordinary course of business. Likewise, due to the PSC's non-responsiveness on the issue, the Auto-Owners Entities are also seeking attorney's fees for the preparation of this motion.

## II.   LAW AND ARGUMENT

Federal Rule of Civil Procedure 34(b)(2)(E)(i) states that "a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Indeed, this Court recently held that a defendant need only produce documents as it keeps them in the ordinary course of business. *Grant v. Houser*, 2011 U.S. Dist. LEXIS 39765 (E.D. La. Mar. 31, 2011). The Auto-Owners Entities instituted a procedure for electronically storing documents, and shredding the paper documents, in 2003, well before the inception of this litigation. This process is the Auto-Owners Entities usual course of business. In accordance with the Court's Pre-Trial Order No. 1, the Auto-Owners Entities immediately halted the scanning and shredding process. Also in accordance with Pre-Trial No. 1, counsel for the Auto-Owners Entities has attempted to contact Plaintiffs' Liaison Counsel and various members of the PSC to discuss reinstituting the scanning and shredding process. To date, no effort has been made on behalf of the PSC to resolve the issue.

As described *infra*, absolutely no information is lost in the document imaging process. Rather, the Auto-Owners Entities' employees and third party vendors take

5

painstaking steps to ensure each and every document is accurately scanned. For example, each and every "post-it" note is scanned and dark colored pages are copied to light paper to ensure every scan is an exact replica of the paper document. This process has been ongoing since 2003 and has become the Auto-Owners Entities' ordinary and usual course of business. Therefore, the Auto-Owners Entities seek to resume their ordinary practice of scanning and shredding paper documents in order to convert to a paperless system.

In the alternative, if the Court is not inclined to allow the Auto-Owners Entities to resume their previous process of scanning and shredding, the Court should order the PSC to bear any future cost for storing the paper documents.

Finally, because counsel for Auto-Owners has made numerous attempts to amicably resolve the issue of resuming the scanning and shredding process, and neither Plaintiffs' Liaison Counsel nor any member of the PSC has responded to such attempts, the Auto-Owners Entities seek attorneys' fees for preparing the instant motion.

### III.    CONCLUSION

For all of the foregoing reasons, Paragraph 14 of Pre-Trial Order No. 1 should be amended to allow the Auto-Owners Entities resume their ordinary and usual business practice of electronically imaging each and every paper document and convert to a paperless document retention system.

Respectfully submitted:

                **LEAKE & ANDERSSON, L.L.P.**

                */s/ Amanda W. Vonderhaar*
                _____

        **JERRY L. SAPORITO, T.A.  (#11717)**
        jsaporito@leakeandersson.com
        **W. PAUL ANDERSSON (#2474)**
        pandersson@leakeandersson.com
        **AMANDA W. VONDERHAAR (#31350)**
        avonderhaar@leakeandersson.com
        1700 Energy Center
        1100 Poydras Street
        New Orleans, Louisiana 70163-1701
        Telephone: (504) 585-7500
        Fax: (504) 585-7775

        **-AND-**

        **MORROW, ROMINE & PEARSON P.C.**

        */s/ Roger S. Morrow*
        _____
        **ROGER S. MORROW** (pro hac vice)
        rsmorrow@mrplaw.com
        Post Office Box 4804
        Montgomery, Alabama 36103-4804
        Telephone: (334) 262-7707
        Fax: (334) 262-7742

        *Attorneys for Auto-Owners Insurance Company, Owners Insurance Company and Southern-Owners Insurance Company, Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Memorandum in Support of Auto-Owners Insurance Company, Owners Insurance Company and Southern-Owners Insurance Company's Motion to Amend Paragraph 14 of Pre-Trial Order No. 1** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in

accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 6th day of May, 2011.

                                          */s/ Amanda W. Vonderhaar*
                                          _____
                                          AMANDA W. VONDERHAAR