UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | MDL No.: 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Hobbie v. RCR Holdings II, LLC, et al.<br>No. 10-1113 | |

**DEFENDANT, RCR HOLDINGS II, LLC's, MEMORANDUM IN SUPPORT OF ITS MOTION FOR LIMITED RELIEF FROM PTO 1(B) FOR LEAVE TO FILE MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AGAINST ARCH INSURANCE COMPANY**

COMES NOW, Defendant, RCR HOLDINGS II, LLC ("RCR"), by and through its undersigned counsel, and hereby respectfully moves this Honorable Court to enter an order providing limited relief from PTO 1(B), to wit: allowing RCR to file its Motion for Leave to File Third Party Complaint Against Arch Insurance Company, and in support thereof states as follows:

RCR is a Defendant in the instant action, specifically the developer and owner of the subject building allegedly containing defective Chinese-manufactured drywall. RCR contracted with Defendant, Coastal Construction of South Florida, Inc. d/b/a Coastal Condominiums ("Coastal"), to build the subject building. RCR required Coastal to secure a performance bond naming RCR as obligee for the complete cost of construction of the subject building, to wit: $46,988,000.00. Coastal secured that certain Performance Bond from proposed Third Party Defendant Arch Insurance Company, which Performance Bond specifically names RCR as obligee.

Subsequent to the initiation of the instant litigation, RCR made a claim under Arch Insurance Company's Performance Bond for Coastal's failure to perform in accordance with the construction contract, specifically providing Proposed Third Party Defendant the instant lawsuit in its Notice of Claim. RCR claims that Coastal failed to perform by, *inter alia*, procuring, overseeing the procurement, installing, or overseeing the installation of: (1) drywall different than the drywall specifications submitted by Coastal to RCR's architect (and approved by RCR's architect)[1]; (2) defective drywall; and/or (3) drywall not in accordance with the standards of the building code.

Plaintiffs' claims against RCR related to defective Chinese-manufactured drywall, in addition to RCR's claims against Coastal related to defective Chinese-manufactured drywall, are covered by Arch Insurance Company's Performance Bond. Therefore, at this preliminary stage of the instant litigation, this Court should provide RCR limited relief from PTO 1(B), allowing RCR to file its Motion for Leave to File Third Party Complaint Against Arch Insurance Company, in the form filed herewith.

---

[1] / Copies of Coastal's drywall submittals are attached to RCR's proposed Motion for Leave to File Third Party Complaint as Exhibit "A," filed herewith.

Hobbie, et al. v. RCR Holdings II, LLC
Case No.: 2:10-cv-01113-EEF-JCW
Page 3

WHEREFORE, RCR HOLDINGS II, LLC respectfully requests this Honorable Court to grant its Motion, and allow provide RCR with limited relief from PTO 1(B), allowing RCR to file its Motion for Leave to File Third Party Complaint against Arch Insurance Company.

Respectfully submitted,

s/GREGORY S. WEISS
GREGORY S. WEISS (Florida Bar No.: 163430)
*Attorneys for RCR Holdings II, LLC*
LEOPOLD~KUVIN, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
Email: gweiss@leopoldkuvin.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing **Defendant, RCR Holdings II, LLC's Memorandum in Support of Motion for Limited Relief From PTO 1(B) for Leave to File Motion for Leave to File Third Party Complaint Against Arch Insurance** Company has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System in accordance with the procedures established in MDL 2047, on this 9th day of May, 2011.

s/GREGORY S. WEISS
GREGORY S. WEISS, ESQ.
Florida Bar No.: 163430