UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION** | **MDL No.: 2047**<br>**SECTION:  L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>Hobbie v. RCR Holdings II, LLC, et al.<br>No. 10-1113 | |

**DEFENDANT, RCR HOLDINGS II, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT
AGAINST ARCH INSURANCE CO.**

Defendant, RCR HOLDINGS II, LLC ("RCR") submits the following Memorandum in Support of its Motion for Leave to File Third Party Complaint Against ARCH INSURANCE COMPANY ("Arch").

This Court should allow RCR to file the proposed Third Party Complaint against Arch, allowing RCR to state a claim for breach of contract against Arch for payment on Arch's Performance Bond, as RCR's claim under Arch's Performance Bond arises directly from the claims of the *Hobbie* Plaintiffs.  Fed.R.Civ.P. 14 provides that a defendant may allege a claim against any "nonparty who ... may be liable to it for all of part of the claim" alleged against it.  Proposed Third Party Defendant Arch is such a party.  This Court has discretion to permit the filing of the Proposed Third Party Complaint, and must look to judicial economy, consistency of results, avoiding of circuity of action and the possible prejudice to the plaintiff and third-party defendants in making its determination.  *State Mut. Life Assur. Co. of America v. Arthur*

*Andersen & Co.*, 65 F.R.D. 518, 522 (S.D.N.Y. 1975) *citing Olympic Corp. v. Societe Generale*, 462 F.2d 376 (2d Cir. 1972).

Arch, as surety, guaranteed the performance of Defendant, Coastal, for the construction of the subject building pursuant to Arch's Performance Bond.  RCR owns and developed the subject building and is the named obligee of Arch's Performance Bond.  Coastal breached its obligations to RCR, as guaranteed by Arch, by *inter alia*, selecting (or allowing to be selected) and installing (or allowing to be installed): (1) drywall other than the drywall described in the specifications provided by Coastal to RCR's architect; (2) defective Chinese-manufactured drywall; and/or, (3) drywall not in conformance with the building code.  Arch now refuses to perform under the very Performance Bond that secures Coastal's performance of the contract between Coastal and RCR.  Arch also refuses to participate meaningfully in active settlement negotiations based upon its Performance Bond.

Arch is a "nonparty who is or may be liable to it for all or part of the claim against" RCR in accordance with Fed.R.Civ.P. 14; therefore, Arch is a proper third party defendant in the instant litigation.  *Harcrest Intern., Ltd. v. M/V Zim Keelung*, 681 F. Supp. 354 (E.D. La. 1988). Judicial economy, consistency of results and avoiding of circuity of action are all served by allowing RCR's claim against Arch regarding its Performance Bond to be litigated within the context of Plaintiffs' claims against RCR in MDL 2047.  Should Plaintiffs prevail against RCR on their claims for defective drywall, RCR's claim against Arch's Performance Bond would likewise prevail.  In fact, RCR provided the instant Complaint with its Notice of Claim to Arch.

Judicial economy will be maximized by trying both Plaintiffs' claims against RCR in the same Court and at the same time as RCR's claim against Arch.  Further, not only will consistent

results be achieved, but also any potential circuity of action will be avoided by allowing RCR to litigate its claim against Arch simultaneously with the *Hobbie* plaintiffs litigating their claims against RCR and Coastal. In short, RCR's claim against Arch regarding Arch's Performance Bond is the prototypical third party complaint contemplated by Fed.R.Civ.P. 14 and the cases interpreting the same. *See generally, BDI Const. Co. v. Hartford Fire Ins. Co.*, 995 So.2d 576 (Fla. 3d DCA 2008); *The Clark Const. Group, Inc. v. Wentworth Plastering of Boca Raton, Inc.*, 840 So.2d 357 (Fla. 4th DCA 2003); *Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 WL 891139, *2 (D.Del. April 5, 2006); and *MCI Constructors, Inc. v. Hazen and Sawyer, P.C.*, 401 F.Supp.2d 504 (M.D.N.C. 2005).

Moreover, Arch will not be prejudiced by allowing the Proposed Third Party Complaint to be filed. Arch successfully moved to stay RCR's claims against it in favor of the instant litigation, thereby expressing its preference to litigate the issue within MDL 2047. No other party in the instant litigation will be prejudiced by the proposed Third Party Complaint; however, RCR will be significantly prejudiced if not allowed to proceed against Arch in the instant litigation to expedite its ability to indemnified by Arch should the *Hobbie* Plaintiffs prevail. RCR respectfully request this Court to grant the instant Motion, allowing the proposed Third Party Complaint to be filed.

## CONCLUSION

RCR respectfully request to enter an order granting its Motion for Leave to File Third Party Complaint Against ARCH INSURANCE COMPANY.

       Respectfully submitted,

       s/GREGORY S. WEISS
       GREGORY S. WEISS (Florida Bar No.: 163430)
       *Attorneys for RCR Holdings II, LLC*
       LEOPOLD~KUVIN, P.A.
       2925 PGA Boulevard, Suite 200
       Palm Beach Gardens, FL 33410
       Telephone:  (561) 515-1400
       Facsimile:   (561) 515-1401
       Email:  gweiss@leopoldkuvin.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing **Defendant, RCR Holdings II, LLC's Memorandum in Support of its Motion for Leave to File Third Party Complaint Against Arch Insurance Company** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System in accordance with the procedures established in MDL 2047, on this 9th day of May, 2011.

GREGORY S. WEISS, ESQ.
Florida Bar No.: 163430