UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047 SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES _____/ | JUDGE FALLON MAG. JUDGE WILKINSON |

## CERTAIN BANNER ENTITIES' MOTION AND INCORPORATED MEMORANDUM TO JOIN THE PSC'S AND HSC'S MOTIONS TO COMPEL ADDITIONAL DISCOVERY AND FOR SANCTIONS AGAINST TAISHAN GYPSUM CO., LTD. AND TAI'AN TAISHAN PLASTERBOARD CO., LTD.

Defendants Banner Supply Company, Banner Supply Company Pompano, Banner Fort Myers LLC, Banner Supply Company Tampa, and Banner Supply International (hereinafter collectively referred to as "Banner"), by and through undersigned counsel, respectfully files this Motion and incorporated memorandum to join the Plaintiffs' Steering Committee's Motion to Compel Production of Documents and Further Jurisdictional Deposition of the Taishan Defendants and for Sanctions (Rec. Doc. No. 8685) and the Homebuilders' Steering Committee's Motion for Sanctions and to Compel Additional Jurisdictional Depositions of Defendants Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co. Ltd. (Rec. No. 8695). Any motion Banner would file regarding the Taishan Defendants' jurisdictional depositions and improper conduct would be similar to those filed by the PSC and HSC. In an effort to preserve judicial time and resources, Banner joins and adopts the arguments set forth by the PSC and HSC in their respective Motions and Memoranda in support as if set forth herein.

1

Similar to the State of Louisiana and unlike the PSC and the HSC, despite being present and ready to proceed, Banner was not permitted to ask a single question of one of the Taishan Defendants' 30(b)(6) witnesses.

At great expense, counsel for Banner traveled to Hong Kong for the properly noticed depositions. Banner's counsel dedicated substantial time and effort in preparing for the depositions and made the trek halfway across the world to depose the Taishan Defendants. Despite the substantial time, effort and expense incurred by Banner and its counsel in preparing for and attending the Hong Kong 30(b)(6) depositions, Banner was not allowed to adequately examine the Taishan Defendants' 30(b)(6) witnesses. The Taishan Defendants failed to put up proper representatives, engaged in numerous speaking objections, failed, on numerous occasions, to provide responsive answers to simple "yes" or "no" questions and unilaterally terminated the depositions prior to Banner having an opportunity to ask any questions of one of the witnesses. Accordingly, this Court should allow Banner to conduct additional or substitute deposition of the proper corporate representatives of the Taishan Defendants.

In addition, Banner incurred costs, including airfare, lodging and meals in attending the Hong Kong depositions. In light of the many discovery abuses by the Taishan Defendants, Banner is entitled to recover its fees and expenses, including, but not limited to, attorney fees, airfare, lodging and other travel expenses.

Respectfully submitted, this 10th day of May, 2011.

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**

*/s/ Shubhra R. Mashelkar*
**SHUBHRA R. MASHELKAR, ESQUIRE**
Georgia Bar Number:  475388
3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Telephone (404)876-2700
smashelkar@wwhgd.com
*Counsel for Banner Supply Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Certain Banner Entities' Motion and Incorporated Memorandum to Join the PSC's and HSC's Motions to Compel Additional Discovery and for Sanctions Against Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 10th day of May, 2011.

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**

*/s/ Shubhra R. Mashelkar*
**SHUBHRA R. MASHELKAR,**