IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | :MDL NO. 2047 |
| | :Section L |
| | : |
| **This Document Relates to** | :JUDGE FALLON |
| Germano, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd., et al. Case No. 2:09-cv-6687 (E.D. La.) | :MAG. JUDGE WILKINSON |

<u>**VENTURE SUPPLY, INC. AND THE
PORTER-BLAINE CORPORATION'S MOTION
AND INCORPORATED MEMORANDUM TO JOIN
THE PSC's AND HSC's MOTIONS TO COMPEL
ADDITIONAL JURISDICTION DEPOSITIONS OF DEFENDANTS
TAISHAN GYPSUM CO., LTD. AND TAI'AN TAISHAN
PLASTERBOARD CO. AND FOR SANCTIONS**</u>

Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("PB"), by counsel, submit the following motion and incorporated memorandum in support to join the Plaintiffs' Steering Committee's Motion to Compel Production of Documents and Further Jurisdictional Depositions of the Taishan Defendants and Sanctions (Docket No. 8685) and the Homebuilders' Steering Committee's Motion for Sanction and to Compel Additional Jurisdictional Depositions of Defendants Taishan Gypsum Co., Ltd ("Taishan") and Tai'an Taishan Plasterboard Co., Ltd ("Tai'an") (Docket No. 8695), and for Sanctions against these defendants for the following reasons.

1

Venture and PB separately noticed the depositions of corporate representatives of Taishan and Tai'an in the Germano action.[1] (Docket Nos 8351 and 8352)  There was no objection filed to these notices or the topics of inquiry identified by these notices.  Similarly, there was no objection by these defendants to the notices of depositions filed by the Plaintiffs' Steering Committee.

During the pre-deposition conferences conducted among the parties in which Venture and PB were allowed to participate, counsel asked why these depositions must take place outside the United States, as it would certainly be more economical to send three witnesses to the United States rather than sending over 12 attorneys to Hong Kong.  In fact, Venture and PB offered to share in the costs of bringing these witnesses to the United States.  However, Taishan and Tai'an's counsel indicated that they needed to take place in Hong Kong.[2]

Accordingly, like a number of parties Venture and PB sent counsel to Hong Kong for the depositions of corporate representatives of Taishan and Tai'an at considerable cost.  In addition, numerous hours of preparation were spent in anticipation of fruitful depositions.  In that there were no objections filed by the Taishan defendants to the notices or topics, counsel had the expectation that the witnesses chosen by Taishan would be prepared and able to answer jurisdictional questions.

Venture and PB bear a unique relationship to Taishan, in that, according to Taishan, Venture was its only customer in the United States.  Therefore, jurisdiction over Taishan in Virginia, the location where most of the board imported by Venture was sold, is of key importance to Venture and PB.  Absent jurisdiction over Taishan, Venture may be the last practical entity in the chain of distribution subject to suits by not only the homeowners, but by

---

[1] This action was transferred to this Court from the Eastern District of Virginia, Norfolk Division (Docket No. 331).
[2] See email communications attached as Exhibit A.

builders, installers and others. In addition, the third witness identified by Taishan and Tai'an – Wenlong Pong, also known as Frank Clem, was the person with whom Venture and its broker Tobin Trading Company dealt in 2005 – 2006, and would have intimate knowledge of the sale of the drywall and Taishan's activities.

As set forth in the PSC and HSC's motions and memoranda, which are incorporated herein by reference, unfortunately for the parties who sent their counsel half-way around the world the depositions were almost a complete waste of time. Without re-stating everything said by the PSC and HSC, the witnesses were not properly prepared and were unable to testify as to the topics in the notices; the witnesses were either prepared to or themselves decided not to answer simple direct questions; numerous unnecessary and time-consuming objections were made by Taishan's counsel and Taishan's "check interpreter"; documents were available which were not reviewed by the witnesses and were not provided to the parties in response to the PSC's document requests; other witnesses not identified by Taishan would have had more knowledge on numerous topics than the offered witnesses; frequent breaks were taken by the witnesses; and a time-line not agreed to by Venture and PB was imposed on the timing and the conclusion of each day of depositions.

While Venture and PB's counsel was able to ask a limited number of questions of the witnesses, counsel was not even close to completing the questioning of at least the first and last witness offered by Taishan. The middle witness who was offered to testify mainly about Tai'an topics, was so woefully unprepared to testify as to the topics that it was not necessary to take up any further time with this witness.

Venture and PB adopt the arguments and positions taken by the PSC and the HSC, and also join with INEX, the State of Louisiana and Certain Banner Entities' in their request for an

Order requiring further depositions of Taishan and Tai'an; for an Order reimbursing Venture and PB for the costs expended in the first round of depositions, including fees, travel, lodging and meals; and for an Order requiring the production of documents identified more fully in the PSC's memorandum.

Venture and PB were not asked to participate and were not informed of the meet and confers that have already taken place on this topic, but have addressed their concerns to counsel for Taishan without a response and have indicated their willingness to participate in further discussions in a good faith effort to resolve these issues.[3]

This the 10th day of May, 2011.

Respectfully submitted,

By: _____/s/_____

        Mark C. Nanavati, Esquire (VSB #38709)
        Kenneth F. Hardt, Esquire (VSB # 23966)
        Sinnott, Nuckols & Logan, P.C.
        13811 Village Mill Drive
        Midlothian, Virginia 23114
        (804) 378-7600 ext. 3311 or 3316
        (804) 378-2610 (fax)
        khardt@snllaw.com
        mnanavati@snllaw.com
        *Attorneys for Defendants Venture Supply Inc.*
        *and The Porter-Blaine Corporation*

---

[3] See attached Exhibit B.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of May, 2011.

                                                                         _____/s/_____

                                                                             Kenneth F. Hardt