UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047 |
| | | SECTION L |
| This Document Relates to: | * * | |
| ALL CASES AND | * * | JUDGE FALLON |
| | | MAG. JUDGE WILKINSON |
| Stephen and Isis Silva, et al v. Interior Exterior No. 2:09-cv-08030 | * * * * | |
| Stephen and Isis Silva, et al v. Arch Insurance Company, et al No. 2:09-cv-08034 | * * * | |

**********************************

### SUPPLEMENTAL OBJECTION OF
### LANDMARK AMERICAN INSURANCE COMPANY
### AND NATIONAL SURETY CORPORATION FOR AN ORDER
### PRELIMINARILY APPROVING INEX SETTLEMENT AGREEMENT

NOW INTO COURT, through undersigned counsel, come Landmark American Insurance Company ("Landmark") and National Surety Corporation ("National Surety") and submit this supplemental objection to explain that part of their objection could be satisfied by amending and/or by supplementing the Settlement Agreement as set forth below, and that the remaining objections to the proposed settlement procedure could likely be resolved with cooperation of the interested parties.

{L0150347.1}                                                                 1

The first objection of Landmark and National Surety is to ambiguity "in the settlement document on the issue whether Landmark and National Surety are to released".[1] Landmark and National Surety respectfully request that the Settlement Agreement be modified in Paragraphs 4.3.2, 4.3.4, 4.3.5, 4.3.6, 4.3.7, 4.3.8 and 4.4.1 to conform to the intention of INEX, its primary insurers, and the PSC, as set forth in their letters to this Court.[2]  Paragraphs 4.3.2, 4.3.4, 4.3.5, 4.3.6, 4.3.7, 4.3.8 and 4.4.1  should be modified to include releases of Landmark and National Surety in their capacities as "Released Parties," as explained in Exhibit "D", Proposed Revisions to the Settlement Agreement.

Further, Landmark and National Surety respectfully request that the Court sign an order incorporating into the Settlement Agreement the responses of INEX and the PSC to Landmark's correspondence.[3]  With the suggested revisions to the Settlement Agreement and the requested incorporation of the specified correspondence, the first aspect of the objection of Landmark and National Surety will be satisfied.

The second aspect of Landmark and National Surety's objection, and perhaps even the North River Insurance Company's objection, to Settlement Agreement Provision 16.1 may be satisfied merely by incorporating into Settlement Agreement Section 16.1 a process for applying established legal standards to the determination of which specific payments are disbursed from the settlement escrow fund.  There is abundant authority regarding the manner in which primary carriers exhaust their limits by payment.[4]

---

[1] E.C.F. R. Doc. 8688.

[2] *See* Exhibits "A" - Correspondence from Phil Nizialek dated May 4, 2011, "B" - Correspondence from Hugh Scott dated May 4, 2011, and "C" – Email correspondence from Fred Longer dated May 4-5, 2011.

[3] *See* Exhibits "A", "B" and "C".

[4] *See*, *e.g., Qualcomm, Inc. v. Certain Underwriters at Lloyds of London,* 161 Cal. App. 4th 184 (2008); *Aerojet-General Corporation v. Transcontinental Insurance Company,* 2001 WL 34156837 (Cal. App. 3d Dist. 2001);

Liberty and Arch, through Settlement Agreement Section 1.20.6, insist that the "Order and Judgment" contemplated by the Settlement Agreement must find that "Upon transfer of the Insurance Proceeds to the Escrow Account by Arch and Liberty pursuant to Section 12, the aggregate limits of the Arch policies and the Liberty policies are exhausted. . . ." It is certainly possible to enter exactly the Order demanded by Arch and Liberty, but still satisfy the Landmark and National Surety objection and perhaps even North River's Objection No. 2. Section 16.1 of the proposed Settlement Agreement already provides that:

> The Court shall establish a procedure for allocation of the Settlement Fund . . . . Towards this end, the parties will request that the Court appoint . . . a Special Master to assist the Court in the allocation process. The Court shall entertain interventions for the purpose of determining the allocation and shall establish procedures by order setting forth the manner in which this allocation process shall proceed.

North River, Landmark, and National Surety <u>are</u> interested parties with standing to file interventions for purposes of Section 16.1 of the Settlement Agreement. If the Court grants the Order demanded by Liberty and Arch in Section 1.20.6, then the Court should also recognize the standing of North River, Landmark, and National Surety for purposes of the allocation process described in Section 16.1. North River complains that:

> Section 16 purports to deal with allocation, but it does not identify the total amount of funds that will be available for distribution. . . . There is a definition for 'Insurance Proceeds' which includes a gross number of $8 million (§1.16), but it is not clear what amount is available for distribution to class members . . . . Because of the omission of this vital information, the Joint Motion is asking the

---

*Benton v. Long Manufacturing N.C., Inc.,* 550 So.2d 859 (La. App. 2d Cir. 1989); *Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Company,* 613 So.2d 210 (La. App. 1st Cir. 1993); *Conseco, Inc. v. National Union Fire Insurance Company of Pittsburgh, PA.,* 2002 WL 31961447 (Ind. Cir. 2002); *Certain Underwriters at Lloyds of London v. Superior Court of the State of California,* 75 Cal. App. 4th 1038 (2000); *Fuller-Austin Insulation Company v. Firemen's Fund Insurance Company,* 2002 WL 31005090 (Cal. Sup. 2002); *Wells-Fargo Bank N.A. v. California Insurance Guarantee Association*, 38 Cal. App. 4th 936 (1995).

    class members and other affected parties to buy a pig-in-a-poke whose real value is hidden and unknown.[5]

The Court should proceed with the preliminary approval requested by the Settling Defendants, and objections regarding the indeterminate nature of the settlement fund should be addressed during the process already described in Section 16 of the Settlement Agreement.  North River, Landmark and National Surety should participate in the Section 16.1 process as intervenors to make sure that all parties do not end up "buy[ing] a pig-in-poke. . . ."

  With a bit of work and cooperative participation by Landmark, National Surety, and North River as intervenors, Section 16 could be a workable process for allocation of payments.

             **Respectfully submitted:**

              /s/*Melissa M. Swabacker*
             JUDY L. BURNTHORN (#17496)
             JAMES W. HAILEY, III (#23111)
             MELISSA M. SWABACKER (#32710)
             **DEUTSCH, KERRIGAN & STILES LLP**
             755 Magazine Street
             New Orleans  LA  70130
             Phone: (504) 581-5141
             Fax: (504) 566-4022
             jburnthorn@dkslaw.com
             mswabacker@dkslaw.com
             *Counsel for Landmark American Insurance Company*

             - and-

             GARY J. RUSSO (10828)
             MEGAN E. DONOHUE (32429)
             **JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP.**
             P.O. Drawer 3408
             Lafayette, LA 70502-3408
             Phone: (337) 262-9000
             Fax: (337) 262- 9001
             grusso@joneswalker.com

---

[5] *See* North River Objection, E.C.F. R. Doc. 8683 at p. 5-6.

mdonohue@joneswalker.com
*Counsel for National Surety Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading, entitled, "Supplemental Objection of Landmark American Insurance Company and National Surety Corporation for an Order Preliminarily Approving INEX Settlement Agreement" has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this **5**th day of **May, 2011.**

                                                */s/ Melissa M. Swabacker*
                                                MELISSA M. SWABACKER