# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Silva, et al. v. Interior Exterior Building Supply, LP, et al.*, Case No. 09-08030 (E.D.La.)<br><br>*Silva, et al. v. Arch Insurance Company, et al.* Case No. 09-08034 (E.D.La.)<br><br>*Payton, et al. v. Knauf Gips, KG, et al.* Case No. 09-07628 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.* Case No. 2:10-cv-00361 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al.* Case No. 2:09-cv-6690 (E.D. La.)<br><br>*Rogers, et al. v. Knauf Gips, KG, et al.* Case No. 2:10-cv-00362 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Ins. Co.* Case No. 2:10-cv-00932 (E.D. La.)<br><br>*Kenneth Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No. 2:11-080 (E.D. La)<br><br>*Daniel Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.* Case No. 2:11-252 (E.D. La.) | |

**JOINT MOVANTS' OMNIBUS RESPONSE TO THE OBJECTIONS
TO THEIR JOINT MOTION FOR AN ORDER PRELIMINARILY
APPROVING INEX SETTLEMENT AGREEMENT, CONDITIONALLY
CERTIFYING INEX SETTLEMENT CLASS, ISSUING CLASS
NOTICE AND SCHEDULING A SETTLEMENT FAIRNESS HEARING**

## I.    INTRODUCTION

In response to this Court's April 26, 2011 Order scheduling a hearing on the Joint Motion for preliminary approval of the proposed Interior/Exterior Building Supply LP ("InEx") Settlement Agreement [Rec. Doc. #8634], some interested parties filed position papers or objections. The Joint Movants, *i.e.*, the Plaintiffs' Steering Committee ("PSC"), InEx, Arch Insurance Company ("Arch") and Liberty Mutual Fire Insurance Company ("Liberty") hereby submit this response to these objections in an omnibus fashion. As discussed below, none of the objections presents good grounds to warrant the denial of the preliminary settlement approval requested by Joint Movants' motion. Rather, the substantive objections all address the merits of the settlement, which are matters appropriate for decision only at a Final Fairness Hearing. That being the case, the Joint Movants submit that the Settlement Agreement easily satisfies the threshold preliminary fairness evaluation required to warrant both notice to the class and a Final Fairness Hearing.

Since the objectors have failed to pose any valid objection addressing the procedural correctness of preliminary approval, the Joint Movants submit that the joint motion should be granted, and the objections should be deferred until the Final Fairness Hearing.

## II.   FACTUAL BACKGROUND

On April 26, 2011, in advance of the regular monthly status conference, the Joint Movants filed their motion for preliminary approval [Rec. Doc. 8628]. Therein, the Joint Movants requested an order that would (1) preliminarily approve the InEx Settlement Agreement; (2) conditionally

1

certify the InEx settlement class; (3) approve the proposed class notice; and (4) schedule a settlement Fairness Hearing. Thereafter, this Court issued a scheduling order for briefing and a preliminary approval hearing to take place on May 6, 2011. In response to that Order, 14 separate objections were lodged with the Court or LexisNexis.[1] None of the objectors raise any grounds sufficient to interfere with preliminary approval of the Settlement. Rather, the objections primarily

---

[1] *See* (1) Response and Objection to Motion for Preliminary Approval of Settlement Agreement Conditional Certification of Class and Issuance of Class Notice filed by K. Edward Sexton, II and Eric D. Hoaglund [hereafter the "Sexton Objection"] (obtained only on LexisNexis); (2) Response and Objection to Motion for Preliminary Approval of Settlement Agreement, Conditional Certification of Class and Issuance of Class Notice filed by plaintiffs represented by W. Brian Collins and Joseph W. Buffington [hereafter the "Collins Objection"] (obtained only on LexisNexis); (3) Mitchell Company's Response in Opposition to Joint Motion for a Preliminary Approval of Inex Settlement Agreement [Rec. Doc. 8693]; (4) Objections of the North River Insurance Company to Motion for an Order Preliminarily Approving InEx Settlement Agreement, Conditionally Certifying InEx Settlement Class, Issuing Class Notice, and Scheduling a Settlement Fairness Hearing [Rec. Doc. 8683]; (5) Home Builders' Steering Committee's Response in Opposition to Joint Motion for an Order: (1) Preliminarily Approving InEx Settlement Agreement; (2) Conditionally Certifying InEx Settlement Class; (3) Issuing Class Notice; and (4) Scheduling Settlement Fairness Hearing [Rec. Doc. 8682]; (6) C. Adams Construction & Design, LLC Joinder in Homebuilders' Steering Committee's Response in Opposition to Joint Motion for an Order: (1) Preliminarily Approving InEx Settlement Agreement; (2) Conditionally Certifying InEx Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing [Rec. Doc. 8691]; (7) Cockerham Construction, LLC's Response in Opposition to InEx's Joint Motion for an Order Preliminarily Approving Settlement Agreement [Rec. Doc. 8690]; (8) Landmark American Insurance Company and National Surety Corporation's Objection to the Proposed InEx Settlement Agreement [Rec. Doc. 8688]; (9) Amicus Memorandum in Opposition to Joint Motion for an Order: (1) Preliminarily Approving InEx Settlement Agreement; (2) Conditionally Certifying InEx Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing filed by Perry Homes, LLC [Rec. Doc. 8700]; (10) D.R. Horton, Inc. –Gulf Coast's Response in Opposition to Joint Motion for an Order (1) Preliminarily Approval InEx Settlement Agreement; (2) Conditionally Certifying InEx Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing [Rec. Doc. 8697]; (11) Hal Collums Construction, L.L.C.'s Response in Opposition to Joint Motion for an Order: (1) Preliminarily Approval InEx Settlement Agreement; (2) Conditionally Certifying InEx Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing [Rec. Doc. 8698]; (12) Response on Behalf of Marsiglia Construction Company to Joint Motion for an Order: (1) Preliminarily Approving InEx Settlement Agreement; (2) Conditionally Certifying InEx Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing [Rec. Doc. 8694]; (13) HPH Properties, LLC and HPH Homes' Joinder in Homebuilders' Steering Committee's Response in Opposition to Joint Motion for an Order: (1) Preliminarily Approving InEx Settlement Agreement; (2) Conditionally Certifying InEx Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing [Rec. Doc. 8701]; and (14) Memorandum in Opposition to Motion for Preliminary Approval of InEx Settlement filed by Builder-Defendant Southern Homes, LLC; Tallow Creek, LLC; and Springhill, LLC (collectively "Southern Homes") [Rec. Doc. 8699].

question the fairness, reasonableness and adequacy of the settlement. That is, the objections raise substantive questions regarding the settlement's merits. All those objections are premature at this time, and should be addressed at the Final Fairness Hearing. For example, the most prominent objection raised by the Builder objectors,[2] led predominantly by the Homebuilders Steering Committee,[3] is that the requested bar order will preclude the Builders' claims against INEX but the Builders are not themselves released.[4] Other merit-based objections include the inability of certain parties to participate in settlement negotiations; the inadequacy of the PSC to represent builders; and the lack of jurisdiction over builders not in the MDL. All these objections speak to the merits of the settlement and are premature. These may, and should be addressed at the Final Fairness Hearing.

North River alone contends that the Joint Motion is procedurally defective in that any grant of preliminary approval of the settlement and the settlement class is improper under Rule 23 because the Rule does not mention preliminary approval. Other objectors contend that the settlement notice

---

[2]Several of the Builder objectors (Mitchell Co., C. Adams Construction, Cockerham Construction, Perry Homes, D.R. Horton, Hal Collums, HPH Properties) join and refer to the objections filed by the HBSC.

[3]The HBSC is a non-party entity consisting of counsel for Homebuilders appointed by the Court. The HBSC lacks standing to object to the settlement. As only the unidentified clients of these counsel may have interests affected by the InEx Settlement Agreement, the objections filed by the HBSC are defective. *See In re Vioxx Products Liability Litigation*, 388 Fed.Appx. 391, 395 (5th Cir. 2010)("This court has recognized that, in the context of class settlements, non-settling parties generally have no standing to challenge the settlement.").

[4]The HBSC relies upon a dated securities fraud case, *Altman v. Liberty Equities Corp.,* 54 F.R.D. 620 (S.D.N.Y. 1972), to suggest that such bar orders are inappropriate. Modern mass tort jurisprudence holds otherwise. *See, e.g., In re Orthopedic Bone Screw Products Liability Litigation*, 176 F.R.D. 158, 181 (E.D.Pa. 1997)(After a final fairness hearing, the court approved a class settlement with a bar provision, noting: "The settlement agreement contains a release and dismissal of contribution and indemnity claims by non-settling defendants. In their joint motion the PLC and AcroMed assert that without an order barring non-settling defendants' contribution claims, it would be nearly impossible for one defendant in a multi-defendant mass tort litigation to settle. In that light, bar orders play an important role in facilitating settlement and many class action settlements include bar orders.").

is inadequate because class members can not ascertain their recovery.  And the Mitchell Company contends that the Joint Movants failed to establish the criteria of Rule 23 as they pertain to the Settlement Class.  These objections, which raise procedural issues attendant to preliminary approval, warrant further discussion.

## III. ARGUMENT

### A. RULE 23 SETTLEMENT JURISPRUDENCE PROVIDES FOR PRELIMINARY SETTLEMENTS AND SETTLEMENT CLASSES

North River contends that conditional certification of settlement classes is not permitted under Fed.R.Civ.P. 23.  This argument is belied by the well-established practice by the federal judiciary and Supreme Court law.  There is now ample authority for conducting preliminary approval of a settlement and conditional certification of a class simultaneously.  *See* Joint Memorandum at 15-18.  The procedure is so well established that it is fully explicated in the Manual for Complex Litigation (Fourth), *Preliminary Fairness Review* §21.632 (2004)(the "MCL").  The MCL states:

> Review of a proposed class action settlement generally involve two hearings.  First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation.  In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties.  <u>If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined</u>.

*Id.* at 320-21 (emphasis added).

This Court adopted the reasoning of the MCL in *Cope v. Duggins*, 2001 WL 333102 (E.D.La. Apr. 4, 2001).  The Court's reasoning is as sound now as it was in *Cope*.  North River's reliance on *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), to support its contrary view,

4

belies its own argument. In *Amchem*, the Supreme Court recognized a court's power to certify settlement classes. And, most recently, in *In re Katrina Canal Breaches Litigation*, 628 F.3d 185, 190 (5th Cir. 2010), the Fifth Circuit reversed a mandatory limited fund class, but it never questioned the certification practice of the district court to engage in a preliminary approval of a settlement class.[5] There is, thus, no legal basis for North River's arguments. They should be rejected.

### B. THE PROPOSED SETTLEMENT FAIRLY APPRISES CLASS MEMBERS OF THEIR RECOVERY

Several objectors including Sexton, Collins, the HBSC and others, contend that the proposed Settlement Agreement is vague because class members can not determine their specific recovery.[6] Explicit details about specific recovery is not now, nor has it ever been required in class notices. *See Katrina Canal Breaches*, 628 F.3d at 197-98 ("We have previously held, in the context of non-mandatory class settlements, that a notice is not required to provide a complete source of settlement information, and that a court does not abuse its discretion by omitting estimates of unit recovery if it concludes that such estimates were too unreliable to submit")(citations omitted). Thus,

---

[5]North River also presents merits-based arguments addressing insurance policy interpretation (assignment and exhaustion) and immaterial issues relating to the application of Fed.R.Evid 408 to the Settlement Agreement that are exclusively the subject of the Final Fairness Hearing. The assignment issue raised by North River is not relevant for adjudication at the preliminary approval stage of this litigation. Indeed, it may very well not be relevant at the time of the Final Fairness Hearing. The relief afforded the classes as to North River are only triggered in the event this Court enters an order approving the Settlement which entitles the classes to proceed against North River. As such, North River's assignment issue is best resolved under Fed.R.Civ.P. 12 and 56, should the class plaintiffs perfect their pleadings in accordance with the approved Settlement.

Unlike North River, Landmark filed an objection merely to preserve its right to comment upon the exhaustion issue at the appropriate time, *i.e.*, the Final Fairness Hearing. Moreover, Landmark's issues have been largely addressed through correspondence separately presented to the Court.

[6]The Sexton and Collins objections, like that of the HBSC, are defective, as their clients are not identified. *See supra*,fn 3.

5

the objectors' arguments have no sound legal basis.

Moreover, the proposed notice of the Settlement Agreement affords class members all the information about their recovery that is reasonably necessary. For example, the notice informs class members of the $8 million fund, minus payments made in prior Chinese Drywall settlements with InEx and minus the cost of notice advanced by Arch and Liberty, and the funds that may become available from InEx's assignment of its rights to $72 million from its excess carrier. The amount of the deductions are expressly set out in the Agreement, or the attachments thereto. In addition, the notice advises that the fund may also be reduced by payment of counsel fees up to 32% of the fund. The notice thereafter advises that a fair and equitable procedure for allocation of the Settlement Fund based on objective criteria will be established possibly with a Special Master to assist the Court in the allocation process. The notice states that Class Members will be permitted to comment on and object to that procedure.

Given all of this information, class members are reasonably informed of the terms of the settlement sufficiently for them to decide whether to object to the settlement. The exact precision sought by the objectors is not required at this stage of the proceedings.

### C.   THE CRITERIA FOR CLASS CERTIFICATION WERE ESTABLISHED WITHIN THE JOINT MOTION

The Mitchell Company contends that the PSC lacks standing to settle the claims of the builders that the committee is suing, which renders the claims atypical and the PSC an inadequate representative. The Mitchell Company's objections are ill-founded given the circumstances of this settlement.

The Mitchell Company is a builder in Alabama that has done nothing to remediate the homes it constructed with faulty Chinese drywall. Indeed, the Mitchell Company is currently engaged in

a dispute with Knauf regarding a settlement to repair, within the context of Knauf's Pilot Program, the Pritchard Housing Authority's homes that the Mitchell Company built. Mitchell's attempts to embellish its litigation position is suspect. In analogous proceedings, Mitchell sought to intervene into the Banner settlement discussions, but this Court properly declined to allow such intermeddling.

Now, the Mitchell Company seeks to impose itself into this settlement by challenging the typicality and adequacy of the PSC. This argument is specious. The PSC was appointed by the Court to engage in the self-same settlement negotiations currently at issue. *See* PTO No. 6. Not only that, but the conflicts that the Mitchell Company perceives are fictional. The PSC has garnered the insurance proceeds available from INEX and made them available for builders, like the Mitchell Company, to seek compensation in the allocation process. In fact, the Settlement Agreement allows for intervention into the allocation process, which provision practically negates the argument the Mitchell Company and other builder objectors raise. Further, because this is a Rule 23(b)(3) class, the right to exclusion is preserved. If the Mitchell Company, or any class member, is dissatisfied with the terms of the Settlement Agreement, they have the right to opt out of the settlement and pursue their claims as they prefer.

Accordingly, the criteria for class certification have been established to warrant the certification of the settlement class.

### D. THE OBJECTIONS ADDRESSING THE MERITS OF THE SETTLEMENT FAIL TO RAISE AN IMPEDIMENT TO PRELIMINARY APPROVAL

This Settlement was the subject of arms-length negotiation and without collusion. No one claims otherwise. As set forth in the Joint Motion, the standard for preliminary approval is "whether the proposed settlement appears fair on its face." *Cope*, 2001 WL 333102 at *1. *See also In re Prudential Securities Inc. Ltd. Partnerships Litigation*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995), *citing,*

*In re Baldwin-United Corp.*, 105 F.R.D. 475, 482 (S.D.N.Y.1984) ("Upon consideration of the proposed settlement presented to this Court for preliminary approval, the Court finds that it is at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard."); *Armstrong v. Board of School Directors of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir.1980)(The purpose of the pre-notification hearing is "to determine whether the proposed settlement is 'within the range of possible approval.' "). All of the predominating objections are premature. The Court need not review them at this stage of the proceedings as they may be addressed at the Final Fairness Hearing. The merit-based objections addressing the inability of certain parties to participate in settlement negotiations, the inadequacy of the PSC to represent builders, and the lack of jurisdiction over builders not in the MDL, do not address the applicable standard. Notwithstanding that the objections are premature and address merits issues, they are readily dispatched.

The contention by the HBSC and others that they should have been permitted to participate in the settlement negotiations has no bearing on the adequacy of the settlement itself. *See Vioxx,* 388 Fed.Appx. at 395 ("[m]ere allegations of injury in fact or tactical disadvantage as a result of settlement simply do not rise to the level of plain legal prejudice."). Instead, the objection speaks to the hubris of the objectors. Provided the settlement is fair, reasonable and adequate, it ought to be approved. That the objectors think they could have done better or differently does not diminish the fact that the proposed Settlement Agreement is fair on its face.

The contention that the PSC is not adequate to represent the builders is misdirected. The settlement obtains all of the remaining policy proceeds from InEx's primary carriers and an assignment of $72 million against InEx's excess insurer. There is no conflict amongst the builders

or the PSC for this money. Any issues as to disputes within the allocation process will be addressed by the Court and possibly a Special Master. The PSC has simply preserved the funds. The objectors will have every right to make their challenges later when they participate in the allocation process.

Some objectors, like Perry Homes, contend that this Court has no jurisdiction over them in the settlement process. They are mistaken. This Court has *in personam* jurisdiction over the parties to the settlement as well as *in rem* jurisdiction over the settlement itself. The Court enjoys full authority to administer this settlement and has jurisdiction over those participating in the settlement or objecting to it. In fact, this Court is the only court that can readily employ jurisdiction over the proposed national class. *See Carlough v. Amchem Products, Inc.,* 10 F.3d 189 (3d Cir. 1993); *In re Diet Drugs*, 282 F.3d 220 (3d Cir. 2002); *In re Corrugated Container Antitrust Litigation*, 659 F.2d 1332 (5th Cir.1981), *cert. denied*, 456 U.S. 936 (1982).[7] The Court's jurisdiction, however, is not an issue pertinent to preliminary approval.

As is evident, the objections raised do not even remotely demonstrate that the proposed settlement is "unfair on its face." They might raise issues to be addressed at the Final Fairness Hearing, but not at this stage of the proceedings.

## IV. CONCLUSION

For the reasons set forth above, as well as in our moving papers, Joint Movants respectfully request that preliminary approval of the settlement and the settlement class be approved and notice should be permitted to be published to the class.

---

[7]Some objectors, like the Sexton Objectors, contend that the settlement will delay their state court actions. This argument is mistaken; the Settlement will displace those actions with regard to claims against INEX and the Released Parties and conclude them.

9

                                            Respectfully submitted,

Dated: May 5, 2011                        /s/ Russ M. Herman
                                            Russ M. Herman, Esquire (Bar No. 6819)
                                            Leonard A. Davis, Esquire (Bar No. 14190)
                                            Stephen J. Herman, Esquire (Bar No. 23129)
                                            HERMAN, HERMAN, KATZ & COTLAR, LLP
                                            820 O'Keefe Avenue
                                            New Orleans, Louisiana 70113
                                            Phone: (504) 581-4892
                                            Fax: (504) 561-6024
                                            LDavis@hhkc.com
                                            *Plaintiffs' Liaison Counsel in MDL 2047*

                                            Arnold Levin (On the Brief)
                                            Fred S. Longer (On the Brief)
                                            Sandra L. Duggan (On the Brief)
                                            Matthew C. Gaughan (On the Brief)
                                            LEVIN, FISHBEIN, SEDRAN & BERMAN
                                            510 Walnut Street, Suite 500
                                            Philadelphia, PA 19106
                                            Phone: (215) 592-1500
                                            Fax: (215) 592-4663
                                            Alevin@lfsblaw.com
                                            *Plaintiffs' Lead Counsel in MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
BECNEL LAW FIRM, LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
COLSON, HICKS, EIDSON, COLSON
 MATTHEWS, MARTINEZ, GONZALES,
 KALBAC & KANE
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS, MITCHELL
 ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
 & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
PARKER, WAICHMAN, ALONSO, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

| | |
|---|---|
| James Robert Reeves<br>LUMPKIN & REEVES<br>160 Main Street<br>Biloxi, MS 39530<br>Phone: (228) 374-5151<br>Fax: (228) 374-6630<br>jrr@lumpkinreeves.com | Daniel K. Bryson<br>LEWIS & ROBERTS<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com |
| Christopher Seeger<br>SEEGER WEISS, LLP<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com | Richard J. Serpe, Esquire<br>LAW OFFICES OF RICHARD J. SERPE<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W<br>Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com | Andrew A. Lemmon<br>LEMMON LAW FIRM, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com |
| Jeremy W. Alters<br>ALTERS LAW FIRM, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@alterslaw.com | |

**PROPOSED CLASS COUNSEL**

Arnold Levin
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

Russ M. Herman, Esquire (Bar No. 6819)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Rherman@hhkc.com

**PROPOSED SUBCLASS COUNSEL**

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
 & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
*Proposed Louisiana Subclass Counsel*

James Robert Reeves
LUMPKIN & REEVES
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com
*Proposed Non-Louisiana Subclass Counsel*

**INEX**

Richard G. Duplantier
GALLOWAY JOHNSON TOMKINS BURR AND SMITH
701 Poydras Street, 40th Floor
New Orleans, LA  70139
Phone: (504) 525-6802
Fax: (504) 525-2456
rduplantier@gjtbs.com

**INSURERS**

Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, LLC
909 Poydras Street, 24th Floor
New Orleans, LA  70112
Phone: (504) 589-9700
Fax: (504) 589-9701
jbarrasso@barrassousdin.com
mpipes@barrassousdin.com
*Counsel for Liberty Mutual Fire Insurance Company*

D. Russell Holwadel
ADAMS, HOEFER, HOLWADEL & ELDRIDGE
400 Poydras Street, Suite 2450
New Orleans, LA  70130
Phone: (504) 581-2606
Fax: (504) 525-1488
DRH@ahhelaw.com
*Counsel for Arch Insurance Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of May, 2011.

      /s/ Leonard A. Davis
      Leonard A. Davis, Esquire
      HERMAN, HERMAN, KATZ & COTLAR, LLP
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      Ldavis@hhkc.com
      *Plaintiffs' Liaison Counsel MDL 2047*
      *Co-counsel for Plaintiffs*