IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL No. 2047<br><br>SECTION:  L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 09-6687 (E.D.La.) | : : : : : : | |

### TOBIN TRADING, INC.'S INCORPORATED MOTION AND INCORPORATED MEMORANDUM TO JOIN IN THE PSC'S AND HSC'S MOTIONS TO COMPEL ADDITIONAL DISCOVERY AND FOR SANCTIONS AGAINST THE TAISHAN DEFENDANTS

This Court previously directed the parties to proceed "as soon as practicable" with discovery including "broad" jurisdictional depositions of designated representatives of Taishan Gypsum Co., Ltd. ("TG") and Tai'an Taishan Plasterboard Co., Ltd. ("TTP").  Pursuant to the directives of the Court, TG and TTP were served with deposition notices pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure requiring TG and TTP to produce witnesses to testify regarding specifically designated topics.  The depositions were scheduled to begin in Hong Kong on April 4, 2011 and to conclude on April 9, 2011.

From the outset, it was apparent that the objective of TG and TTP witnesses was to "slow play" the depositions.  Witnesses refused to answer simple "yes or no" questions.  TG and TTP employed a second or "check" interpreter who interposed numerous "objections" to the interpretation made by the interpreter who had been vetted and agreed upon by the PSC, TG and

TTP.  Frequently, the objections by the "check" interpreter, the resulting colloquy between the "official" interpreter and the "check" interpreter and the subsequent comments of multiple counsel for TG and TTP resulted in an answer indicating that the witnesses forgot the question and the process started again.  Witnesses insisted on a break almost every hour.  As a result of such tactics, a deposition which lasted two days produced, at best, a few hours of testimony.  Some of such testimony established that the witnesses were unfamiliar with the subject matter upon which they had been designated to testify.

At least twelve counsel traveled thousands of miles at great expense to question the witnesses on the vital issues of whether TG or TTP should be subject to jurisdiction in the various courts in which they have been named as defendants in cases alleging that TG and TTP are liable for damages resulting from their production of drywall which was shipped to the United States and installed in homes and other buildings.  Parties with different interests appeared and attempted to participate.

Tobin Trading, Inc., attempted to take meaningful jurisdictional discovery.  In that regard, its counsel questioned Jia Tonchun ("Mr. Jia"), Chairman of the Board and General Manager of TG.  After approximately seven minutes of questioning, counsel for TG abruptly terminated the deposition indicting that he would not allow Mr. Jia to answer further questions directly related to the company that approached Venture Supply in the United States and made arrangements for the meeting that ultimately resulted in a contract in which TG agreed to manufacture drywall for Venture Supply.  Other matters of similar significance would have been explored during the questioning of Mr. Jia.

Tobin Trading also questioned Peng Wenlong, the Manager of the Foreign Trade Department with TG and the person with whom Venture Supply and Tobin had contacts on

2

many occasions in 2005 and 2006 and who has detailed knowledge of the manufacture and shipment of the drywall which was sold to Venture Supply and which is the subject of this action. Its questioning of Mr. Peng was severely limited because of the position taken by TG and TTP that the deposition of Mr. Peng would conclude on April 8, 2011 despite the fact that prior to the beginning of the depositions the parties had agreed that the depositions would conclude on April 9, 2011. Its questions were limited in order to allow others who had traveled a great distance some time, however short, to question Mr. Peng.

Tobin Trading, Inc., respectfully moves to join the PSC's Motion to Compel Production of Documents and Further Jurisdictional Deposition of TG and TTP and for Sanctions (Rec Doc. No. 8685) and the Homebuilders' Steering Committee's Motion for Sanctions and to Compel Production of Documents and Further Jurisdictional Deposition of TG and TTP and for Sanctions (Rec Doc. No. 8695). Tobin Trading, Inc., joins in, adopts and incorporates herein the arguments proffered by the PSC and HSC in such motions and the memoranda in support thereof as if fully stated herein. Tobin Trading, Inc., further submits that it incurred significant costs including airfare, lodging, meals, attorneys fees and other expenses to attend the depositions of the Taishan defendants. Counsel for Tobin Trading, Inc., spent many hours in preparation for the depositions which were impeded and frustrated by the Taishan defendants as outlined above and as outlined in the pleadings incorporated herewith.

Tobin Trading, Inc., certifies that it has met and conferred regarding the issues raised in this motion with counsel for TG and TTP during and immediately after the depositions taken in Hong Kong. Tobin Trading, Inc., further certifies that it has conferred with counsel for TG and TTP on May 9, 2011 in an effort to resolve the issues presented herein.

Tobin Trading, Inc., respectfully prays that the Court enter an Order granting its Motion to Compel Additional Discovery from TG and TTP and for Sanctions Against the Taishan Defendants ordering TG and TTP to give further depositions, requiring the production of documents identified in the PSC's memorandum and ordering TG and TTP to reimburse Tobin Trading, Inc., in the amount of its costs, expenses and attorneys fees incurred in connection with the aforesaid depositions.

                                              TOBIN TRADING, INC.

Date:  May 11, 2011        By:     /s/ Theodore I. Brenner
                                              Theodore I. Brenner, VSB 17815
                                              BRENNER, EVANS & MILLMAN, P.C.
                                              411 E. Franklin Street, Suite 200
                                              P.O. Box 470
                                              Richmond, Virginia  23218-0470
                                              Phone: (804) 644-1300
                                              Fax: (804) 644-1354
                                              E-mail: tbrenner@beylaw.com

                                              Jay O. Millman, VSB 37212
                                              BRENNER, EVANS & MILLMAN, P.C.
                                              411 E. Franklin Street, Suite 200
                                              P.O. Box 470
                                              Richmond, Virginia  23218-0470
                                              Phone: (804) 644-1300
                                              Fax: (804) 644-1354
                                              E-mail: jom@beylaw.com

                                              Alexander S. de Witt, VSB 42708
                                              BRENNER, EVANS & MILLMAN, P.C.
                                              411 E. Franklin Street, Suite 200
                                              P.O. Box 470
                                              Richmond, VA  23218-0470
                                              Phone: (804) 644-1300
                                              Fax: (804) 644-1354
                                              E-mail: adewitt@beylaw.com

                                              *ATTORNEYS FOR TOBIN TRADING, INC*

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing Motion and Incorporated Memorandum to join in the PSC's and HSC's Motions to Compel Additional Discovery and for Sanctions Against the Taishan Defendants has been served on Plaintiff's Liaison Counsel Russ Herman and Defendant's Liaison Counsel Kerry Mill, by email and upon all parties by electronically uploading the same to Lexis Nexis File and Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System in accordance with procedures established in MDL 2047, on this 11th day of May, 2011.

By:    /s/ Theodore I. Brenner
        Theodore I. Brenner, VSB 17815
        BRENNER, EVANS & MILLMAN, P.C.
        P.O. Box 470
        Richmond, Virginia 23218-0470
        Phone: (804) 644-1300
        Fax: (804) 644-1354
        E-mail: tbrenner@beylaw.com

*ATTORNEY FOR TOBIN TRADING, INC.*