UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | * * * | MDL NO. 2047 |
| This Document Relates to: | * * * | JUDGE ELDON E. FALLON |
| | * | SECTION: "L" |
| DANIEL ABREU, et al., Plaintiffs, | * * * | MAGISTRATE JUDGE WILKINSON |
| versus | * * | |
| GEBRUEDER KNAUF, et al., Defendants | * * * | |

*************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ON BEHALF OF DEFENDANT, MCCOMBS SERVICES, L.L.C.

Defendant, McCombs Services, L.L.C., (hereinafter referred to as "McCombs"), sets forth in this memorandum the reasons for its dismissal based on this Honorable Court's lack of personal jurisdiction over McCombs in accordance with Fed. R. Civ. P. 12(b)(2).

### BACKGROUND

This matter involves a suit for damages wherein Terrence Bell alleges that he has suffered harm and damages due to installation of defective drywall by McCombs in the Terrence Bell home located at 35 Shelby Drive, Hayden, Alabama 25079.

## ARGUMENT

### PLAINTIFF DOES NOT ALLEGE MCCOMBS HAD ANY CONTACT WITH LOUISIANA AS A BASIS FOR THIS COURT TO EXERCISE PERSONAL JURISDICTION OVER MCCOMBS.

Close examination of the pleadings by Terrence Bell establishes only that he is a citizen of Alabama who owns real property located on Shelby Drive, in Hayden, Alabama.

At subsequent Paragraph 370 it alleged that defendant, McCombs, is listed as having a Alabama address for service of process and organized in Alabama as well. While Bell alleges McCombs built "homes where problematic drywall" was installed, he does not specify any location or state where the homes were constructed.

### IT IS THE PLAINTIFF'S BURDEN TO SHOW THAT PERSONAL JURISDICTION EXISTS.

When a non-resident defendant seeks to be dismissed alleging a court's lack of personal jurisdiction, the plaintiff then has the burden to show that personal jurisdiction exists. D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542 (5th Cir. 1985). Kelvin Services, Inc. v. Lexington State Bank, 46 F.3d 13, at 14. A federal district court sitting in diversity has personal jurisdiction over a non-resident defendant if (1) the forum state's long arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the due process clause of the Fourteenth Amendment. Latshaw v. Johnson, 167 F.3d 208, at 211. Louisiana's long arm statute extends jurisdiction to the full limits of due process. See La. R.S. 13:3201 (B).

The exercise of personal jurisdiction over a non-resident defendant satisfies due process when (1) a defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimal contacts' with that state and (2) exercising personal jurisdiction over the defendant would not offend traditional notions of fair play and substantial justice. Latshaw at 211 (citing International Shoe v. State of Washington, 326 US 310, at 316; 66 S.Ct. 154, at 158; 90 L.ed. 95 (1945).

The contacts with the forum state must be such that the defendant "should reasonably anticipate being hailed into court" there. Latshaw at 211 (citing Worldwide Volkswagon Corp. v. Woodson, 444 US 286, at 397; 100 S.Ct. 559, at 567; 66 L. ED. 2nd 490 (1980).

The "minimum contacts" by a non-resident defendant can be classified as either "specific" or "general" personal jurisdiction depending on whether defendant's purposeful or intentional contacts arose from or were directly related to the alleged cause of action. If they were related to the cause of action, it is "specific"; if not, they give rise to "general" jurisdiction but only if the contacts are both continuous and systematic. A single act by a defendant directed at the forum state can be enough to confer personal jurisdiction if the cause of action arises out of that one act. Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3rd 415, at 419 (5th Cir. 1993). Contacts between the forum state must be extensive to satisfy the "systematic and continuous" test. Submersible Systems, Inc. v. Perforadora Central, S.A. 219 F.3rd 413, at 419 (5th Cir. 2001)

Based on a review of the allegations of the complaint, Terrece Bell has not alleged one fact that establishes that McCombs had any form of contact with the State of Louisiana, much less "minimum contacts" sufficient to find specific or general jurisdiction. Furthermore, attached hereto and marked as Exhibit "1" is the sworn Affidavit of Brian McCombs who has been in charge of McCombs Services, L.L.C., from its incorporation on February 16, 2004 to the present. During that time he has held the position of Managing Member, the equivalent of the president of the corporation. Mr. Brian McCombs' Affidavit clearly demonstrates that McCombs during its corporate life has had no contact with Louisiana upon which personal jurisdiction can be based.

As McCombs had no contact with the State of Louisiana, neither the Louisiana Long Arm Statute at La. R.S. 13:3201 nor the due process clause of the Fourteenth Amendment of the United States Constitution, when viewed in a light most favorable to the plaintiff, support this Court's exercise of

personal jurisdiction over McCombs here in the State of Louisiana. To force McCombs to now defend itself in Louisiana before this Court would indeed offend traditional notions of fair play and substantial justice as articulated by the U.S. Supreme Court in its landmark decision in <u>International Shoe</u>, *supra*.

NEITHER MULTIDISTRICT LITIGATION NOR THE FACT THIS IS A CLASS ACTION UNDER THE CLASS ACTION FAIRNESS ACT (CAFA) 28 USC § 1332(d)(2) AND (d)(6) ALTERS IN ANY WAY THE DETERMINATION OF WHETHER THIS COURT HAS PERSONAL JURISDICTION OVER MCCOMBS.

The conversion from multidistrict litigation to a class action litigation has no bearing on the personal jurisdiction determination. <u>In re: Train Derailment Near Amite, La on October 12, 2002</u>, 2004 WL 224573 (E.D.LA. 2/3/2004), the court stated it was unpersuaded that certification of a case involving a train derailment had any bearing on defendant's motion to dismiss for lack of personal jurisdiction. The court stated that the determination of personal jurisdiction depended solely on the defendant's conduct in and contacts with the forum state.

Multidistrict litigation also does not deprive defendants of any right entitled to judicial protection nor has Congress given any indication that by enacting 28 USC § 1407 it intended to expand the territorial limits of effective service. See <u>In Re: Library Editions of Childrens Books</u>, 299 F.Supp. 1139, at 1142 (J.P.M.L. 1969).

## CONCLUSION

The allegations by the only plaintiff to sue McCombs does not in any way contradict the factual allegations raised in the Affidavit by Brian McCombs, Managing Member with custody and control of the business records of McCombs Services, L.L.C. The facts in the affidavit establish no contact by McCombs with the State of Louisiana upon which any claim for either "specific" or "general" personal jurisdiction can be asserted.

That this is multi-district, class action litigation does not change the fundamental requirement that McCombs be granted due process under the law. McCombs Services, L.L.C. should be dismissed on the basis this Honorable Court lacks personal jurisdiction over this Alabama corporation.

Respectfully submitted

BOGGS, LOEHN & RODRIGUE


_____
ROBERT F. LAKEY (#7927)
3616 S. I-10 Service Road W., Suite 109
Metairie, Louisiana 70001
Telephone: (504) 828-1202
Facsimile: (504) 828-1208
*Attorney for McCombs Services, L.L.C.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been served on Liaison Counsel by e-mail and upon all Chinese Drywall parties by electronically uploading the same to LexisNexis File & Serve in accordance with PreTrial Order No. 6 and it was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12 TH day of May, 2011.


_____
ROBERT F. LAKEY

L:\Rob\Turner Bell v. McCombs Services, LLC (0102011001)\Pleadings\MEMO in Supp of Mtn to Dismiss for Lack of Personal Jurisdiction 5-11-11.wpd

-5-