## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL NO. 2:09-md-02047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | JUDGE FALLON |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE WILKINSON |
| | * | |
| SEAN AND BETH PAYTON, et al | * | |
| VS. | * | |
| KNAUF GIPS, et al | * | |
| CASE NO. 2:09-cv-7628 | * | |

---

### ANSWER, AFFIRMATIVE DEFENSES AND
### CROSS-COMPLAINT OF BUILDING MATERIALS WHOLESALE, INC.

---

Comes now the Defendant, Building Materials Wholesale, Inc., ("BMW"), by and through its undersigned counsel, and hereby asserts its Answer, Affirmative Defenses and Cross-Claims in response to Plaintiffs' Omnibus Class Action Complaint (I) ("Complaint") as follows:

1-3.        Defendant denies the allegations and assertions of Paragraphs "1" through "3".

4-2072.        Defendant lacks information sufficient to either admit or deny the allegations of Paragraphs "4" through "2072", and therefore, denies the allegations of Paragraphs "4" through "2072."

2073.        Defendant lacks information sufficient to either admit or deny the allegations of Paragraph "2073", and therefore, denies the allegations of Paragraph "2073."

2074-2091.        Defendant lacks information sufficient to either admit or deny the allegations of Paragraphs "2074" through "2091", and therefore, denies the allegations of

Paragraphs "2074" through "2091."

2092.        Defendant denies the allegations contained within Paragraph "2092".

2093-2609.    Defendant lacks information sufficient to either admit or deny the allegations of Paragraphs "2093" through "2609", and therefore, denies the allegations of Paragraphs "2093" through "2609."

2610-2613.    Defendant lacks information sufficient to either admit or deny the allegations of Paragraphs "2610" through "2613", and therefore, denies the allegations of Paragraphs "2610" through "2613."

2614-2620.    Defendant denies the allegations and assertions of Paragraphs "2614" through "2620".

2621-2639.    Defendant admits that Plaintiffs have filed this suit as a putative class action, however all allegations containing legal conclusions require no response. To the extent any further response is required, Defendant denies the allegations. Defendant further states that this suit does not meet the standards for a class action.

2640.        Defendant responds to Paragraph "2640" by incorporating herein its responses to Paragraphs "1" through "2639".

2641-2647.    Defendant denies the allegations and assertions of Paragraphs "2641" through "2647".

2648.        Defendant responds to Paragraph "2648" by incorporating herein its responses to Paragraphs "1" through "2647".

2649-2654.    Defendant denies the allegations and assertions of Paragraphs "2649" through "2654".

2655.        Defendant responds to Paragraph "2655" by incorporating herein its responses to Paragraphs "1" through "2654".

2656-2672.    Defendant denies the allegations and assertions of Paragraphs "2656" through "2672".

2673.        Defendant responds to Paragraph "2673" by incorporating herein its responses to Paragraphs "1' through "2672".

2674 - 2680.  Defendant denies the allegations and assertions of Paragraphs "2674" through "2680".

2681.        Defendant responds to Paragraph "2681" by incorporating herein its responses to Paragraphs "1" through "2680".

2682 - 2692. Defendant lacks information sufficient to either admit or deny the allegations of Paragraphs "2682" through "2692", and therefore, denies the allegations of Paragraphs "2682" through "2692".

2693.        Defendant responds to Paragraph "2693" by incorporating herein its responses to Paragraphs "1" through "2692".

2694 - 2699. Defendant lacks information sufficient to either admit or deny the allegations of Paragraphs "2694" through "2699", and therefore, denies the allegations of Paragraphs "2694" through "2699".

2700.        Defendant responds to Paragraph "2700" by incorporating herein its responses to Paragraphs "1" through "2699".

2701 - 2703. Defendant lacks information sufficient to either admit or deny the allegations of Paragraphs "2701" through "2703", and therefore, denies the allegations of Paragraphs "2701" through "2703".

2704.　　　Defendant responds to Paragraph "2704" by incorporating herein its responses to Paragraphs "1" through "2703".

2705 - 2710. Defendant lacks information sufficient to either admit or deny the allegations of Paragraphs "2705" through "2710", and therefore, denies the allegations of Paragraphs "2705" through "2710".

2711.　　　Defendant responds to Paragraph "2711" by incorporating herein its responses to Paragraphs "1" through "2710".

2712 - 2720.　Defendant denies the allegations and assertions of Paragraphs "2712" through "2720".

2721.　　　Defendant responds to Paragraph "2721" by incorporating herein its responses to Paragraphs "1" through "2720".

2722.　　　Defendant lacks information sufficient to either admit or deny the allegations of Paragraph "2722", and therefore, denies the allegations of Paragraph "2722".

2723.　　　Defendant denies the allegations and assertions of Paragraph "2723".

2724 - 2725. Defendant lacks information sufficient to either admit or deny the allegations of Paragraphs "2724" through "2725", and therefore, denies the allegations of Paragraphs "2724" through "2725".

2726 - 2734.　Defendant denies the allegations and assertions of Paragraphs "2726" through "2734".

2735.　　　Defendant responds to Paragraph "2735" by incorporating herein its responses to Paragraphs "1" through "2734".

2736 - 2741.　Defendant denies the allegations and assertions of Paragraphs "2736" through "2741".

2742.        Defendant responds to Paragraph "2742" by incorporating herein its responses to Paragraphs "1" through "2741".

2743 - 2748.   Defendant denies the allegations and assertions of Paragraphs "2743" through "2748".

2749.        Defendant responds to Paragraph "2749" by incorporating herein its responses to Paragraphs "1" through "2748".

2750 - 2752.   Defendant denies the allegations and assertions of Paragraphs "2750" through "2752".

2753.        Defendant responds to Paragraph "2753" by incorporating herein its responses to Paragraphs "1" through "2752".

2754 - 2757.   Defendant denies the allegations and assertions of Paragraphs "2754" through "2757".

2758.        Defendant responds to Paragraph "2758" by incorporating herein its responses to Paragraphs "1" through "2757".

2759 - 2770.   Defendant denies the allegations and assertions of Paragraphs "2759" through "2770".

2771.        To the extent the Prayer for Relief is deemed to contain any allegation against Defendant, Defendant denies the same.

2772.        Any and all allegations, claims, contentions, and/or demands contained in Plaintiffs' Complaint, which are not expressly and specifically admitted, modified, or explained by this Defendant, are hereby expressly denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim against BMW upon which relief can be granted.

### SECOND DEFENSE

BMW denies each and every material allegation of the Complaint and demands strict proof thereof.

### THIRD DEFENSE

BMW is not guilty of the matters alleged in the Complaint.

### FOURTH DEFENSE

BMW denies that any act or omission on its part proximately caused any Plaintiff's alleged damages and/or injuries.

### FIFTH DEFENSE

Plaintiffs' alleged damages and/or injuries were the result of superseding and intervening acts other than the alleged sale of products by BMW and/or any alleged defect in such products, and as a result any loss or damage claimed by Plaintiffs is not the consequence of any actionable conduct by BMW.

### SIXTH DEFENSE

BMW denies that it or any of its agents breached any duty or obligation allegedly owed to Plaintiffs.

### SEVENTH DEFENSE

BMW denies that it designed or manufactured any products at issue.

## EIGHTH DEFENSE

The defendant, BMW, pleads the products allegedly sold by the defendant met industry standards and were not unsafe, unfit or unreasonably dangerous for normal use and operation.

## NINTH DEFENSE

BMW denies that the product allegedly sold by it was defective or unreasonably dangerous.

## TENTH DEFENSE

The defendant, BMW, pleads the learned intermediary and sophisticated user doctrines.

## ELEVENTH DEFENSE

The defendant, BMW, alleges that at all times material hereto, Plaintiffs, individually, collectively, and on behalf of others similarly situated, acted in a negligent and careless manner, and as a direct and proximate result of this negligence, are barred from recovery, in whole or in part, against BMW on the grounds of either comparative or contributory negligence.

## TWELFTH DEFENSE

Plaintiffs have failed to reference an applicable statute, or that they are part of the protected class of any applicable statute, sufficient to state a negligence *per se* cause of action.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, as BMW has not violated a penal

statute designed to protect a class of persons of which Plaintiffs are members.

## FOURTEENTH DEFENSE

The terms, provisions, and conditions of any and all contracts entered into between the Defendant and any other parties, including, but not limited to, any warranty provisions, operate as a bar to all or part of Plaintiffs' claims.

## FIFTEENTH DEFENSE

Plaintiffs claims are barred, in whole or in part, by their absence of privity with Defendant

## SIXTEENTH DEFENSE

There was no contract or quasi contract existing between this Defendant and any Plaintiffs claiming against them, nor was there any express or implied warranty made by this Defendant to any Plaintiffs claiming against them; consequently, this Defendant did not breach any contractual, or quasi contractual, obligations or any express or implied warranties to any of the Plaintiffs claiming against them. In the alternative, Plaintiffs' claims are barred because some or all of any express or implied warranties were disclaimed and/or expired.

## SEVENTEENTH DEFENSE

Any damages alleged to have been sustained by Plaintiffs were caused in whole or in part by the acts or omissions of persons other than this Defendant over whom this Defendant had and has no control, or by superseding intervening causes outside the control of this Defendant. Similarly, BMW is not liable for any loss or damage which is the fault of third parties. To the extent Plaintiffs' damages, if any, were caused by the acts or

omissions of third parties, when appropriate Plaintiffs' damages, if any, should be reduced by the percentage of causation attributable to the fault or negligence of such third parties.

## EIGHTEENTH DEFENSE

Plaintiffs failed to give BMW notice within a reasonable time after they discovered or should have discovered any alleged breach and/or failed to give BMW reasonable opportunities to cure the alleged defect. Alternatively, any notice provided by Plaintiffs was insufficient and/or untimely.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred to the extent they have failed to satisfy any condition precedent to suit under applicable law.

## TWENTIETH DEFENSE

The allegations and damages alleged by Plaintiffs was unforeseeable to BMW and, therefore, BMW had neither a duty nor an opportunity to prevent same. However, to the extent BMW is found to have owed a duty to any Plaintiff, which is denied, BMW did not breach such duty.

## TWENTY-FIRST DEFENSE

The claims asserted against BMW are barred to the extent that Plaintiffs have waived any such claims by contract or by operation of law and/or such claims are deemed by operation of law to have been extinguished or otherwise merged.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims of unfair trade practices and consumer protection violations are barred to the extent the applicable statutes bar such claims when brought in a

representative capacity. Similarly, Plaintiffs lack standing to bring such a claim.

## TWENTY-THIRD DEFENSE

Alternatively, if Plaintiff should show that the product at issue was unreasonably dangerous and/or defective in design, which BMW specifically denies, then there was no causal relation between the alleged defect and BMW, and, further, BMW would show that at the time the product left its control:

a.   BMW did not know and, in light of then-existing reasonable available scientific and technological knowledge, could not have known of the design characteristic that caused Plaintiffs' alleged damage or the danger of such characteristic.

b.   BMW did not in fact have knowledge of the alleged defective condition;

c.   BMW had no better opportunity to inspect the product than did Plaintiffs; and

d.   BMW did not hold out as its own any drywall purchased from any other entity.

## TWENTY-FOURTH DEFENSE

Alternatively, if Plaintiffs should show that the product at issue was unreasonably dangerous for lack of adequate warnings, which BMW specifically denies, then BMW would show that at the time the product left its control, it did not know and, in light of then existing reasonably available scientific and technological knowledge, could not have known of the characteristic that caused the damage or the danger of said characteristic.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because BMW had no fiduciary relationship with Plaintiffs.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure of consideration.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, as Plaintiffs were not intended third party beneficiaries of any warranty given by BMW, which is denied.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, as the drywall at issue is a structural improvement to real property.

## TWENTY-NINTH DEFENSE

Plaintiffs have no claim for damages against BMW because BMW is not a manufacturer of Chinese drywall, there is no defect that any drywall possessed which is or was redhibitory in nature, and BMW did not know, nor should it have known, of the alleged defect in the drywall.

## THIRTIETH DEFENSE

If any defect existed in any drywall, which is specifically denied, Plaintiffs did not give BMW notice of the existence of a redhibitory defect in any drywall and as such Plaintiffs' claim is barred.

## THIRTY-FIRST DEFENSE

Plaintiffs are not entitled to injunctive relief. Plaintiffs have an adequate remedy at law and will not be harmed or prejudiced in the absence of injunction. Plaintiffs cannot show a likelihood that they will suffer any future injury from BMW. There is no likelihood that Plaintiffs' rights will be violated in the future.

## THIRTY-SECOND DEFENSE

BMW alleges that at all times material hereto, it acted within its contractual and/or statutory rights, and pursuant to State and Federal law.

## THIRTY-THIRD DEFENSE

BMW alleges that the drywall was altered and/or otherwise substantively changed by Plaintiffs and/or by third parties.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claim for nuisance is barred because BMW cannot abate the alleged nuisance, as the drywall is no longer in BMW's dominion, custody, or control.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claim for attorneys' fees and costs are barred, as Plaintiffs never entered into any contracts with BMW providing for an award of attorneys' fees and costs, nor do Plaintiffs' claims arise under a statute.

## THIRTY-SIXTH DEFENSE

If Plaintiffs sustained any illness, injury, disability, loss and/or damages, which is expressly denied, such was the result of a condition or conditions of Plaintiffs that pre-existed the alleged occurrences of exposure, or occurred outside of or subsequent to such occurrences, in whole or in part, and consequently, BMW is not responsible for any such injuries or damages.

## THIRTY-SEVENTH DEFENSE

Recovery of some or all of the damages alleged to have been sustained by Plaintiffs is barred by the economic loss doctrine or its common law or statutory equivalent.

### THIRTY-EIGHTH DEFENSE

BMW alleges that it is only responsible, if at all, for its relative degree of culpability as determined by the trier of fact. Furthermore, BMW reserves the right to place on the jury verdict form any parties that may also be culpable for the damages alleged in this action.

### THIRTY-NINTH DEFENSE

BMW alleges that it is entitled to a credit and/or set-off from any benefits, collateral sources, or other sources of set-offs or recoupment, paid or payable to Plaintiffs.

### FORTIETH DEFENSE

BMW alleges that Plaintiffs have failed to mitigate their damages and have not acted with reasonable diligence.

### FORTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and cannot be calculated with reasonable certainty.

### FORTY-SECOND DEFENSE

BMW pleads the defense of extinguishment of the debt in that any alleged liability on the part of BMW has been extinguished, discharged or released by Plaintiffs' settlement with, and/or release of, a solidary obligor.

### FORTY-THIRD DEFENSE

Plaintiffs are not entitled to punitive damages as a matter of fact and law, as Plaintiffs' claims for punitive damages cannot be upheld to the extent these claims violate or contravene the following:

      a.      the holdings of the United States Supreme Court;

b. the Due Process Clause, the Equal Protection Clause, the right to property, and the prohibition against excessive punishment of the Constitutions of the States of Louisiana, Alabama, and any other implicated state constitution; and

c. the Equal Protection Clause of the Fifth and Fourteenth Amendments and due process of law under the Fourteenth Amendment of the United States Constitution.

### FORTY-FOURTH DEFENSE

Any damages sustained by Plaintiffs, which damages are specifically denied, were caused by nature, weather, or other conditions that are not the responsibility, fault, or liability of BMW.

### FORTY-FIFTH DEFENSE

Any claim based on any theory of strict liability, or liability without fault, constitutes a deprivation of BMW's property without due process of law in violation of the Constitution of the United States of America, as well as the State Constitutions of Louisiana, Alabama, and any other implicated state constitution.

### FORTY-SIXTH DEFENSE

All of plaintiffs' claims are barred by the statute of limitations.

### FORTY-SEVENTH DEFENSE

All of plaintiffs' claims are barred by the doctrine of latches.

### FORTY-EIGHTH DEFENSE

All of plaintiffs' claims are extinguished by the rule of repose.

## FORTY-NINTH DEFENSE

All of plaintiffs' claims are barred by the doctrines of waiver, estoppel, and ratification, as well as the applicable prescriptive periods.

## FIFTIETH DEFENSE

Plaintiffs have failed to join one or more necessary parties.

## FIFTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' lack of standing.

## FIFTY-SECOND DEFENSE

Plaintiffs' claims are barred due to this Court's lack of personal jurisdiction over BMW.

## FIFTY-THIRD DEFENSE

Plaintiffs' claims are barred due to improper venue pursuant to 28 U.S.C. § 1391 and other applicable statutes and points of law.

## FIFTY-FOURTH DEFENSE

BMW denies the class action allegations of the Complaint and alleges that the Complaint fails to meet the prerequisites for a class action with regard to the claims against BMW. Moreover, this action is not suitable for class action status pursuant to Rule 23, Fed. R. Civ. P.

## FIFTY-FIFTH DEFENSE

The claims asserted against BMW have been improperly combined with other claims.

**FIFTY-SIXTH DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiffs seek application of one state's law to the purported claims of the members of the putative nationwide class because such application would violate due process.

**FIFTY-SEVENTH DEFENSE**

BMW's right to due process is violated by Plaintiffs' claims proceeding among 529 individual putative subclasses because BMW is denied notice of the claims against it and an opportunity to be heard.

**FIFTY-EIGHTH DEFENSE**

BMW's right to a jury trial as guaranteed to it under the 7th Amendment of the United States Constitution is violated by Plaintiffs' claims proceeding among 529 individual putative subclasses.

**FIFTY-NINTH DEFENSE**

BMW allege that Plaintiffs failed to join one or more necessary parties.

**SIXTIETH DEFENSE**

BMW incorporates by reference each and every affirmative defense pleaded by similarly-situated defendants. BMW hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings or discovery in this case and hereby reserves its right to supplement and amend its Answer and Defenses to assert any such defense, and/or file additional answers, third-party complaints, reconventional demands, or cross-claims such as facts may later disclose or require.

## CROSS-CLAIMS AGAINST VENTURE SUPPLY COMPANY

Defendant/Cross-claim Plaintiff Building Materials Wholesale Inc., ("BMW"), through their undersigned counsel, hereby file their Cross-claim against Cross-claim Defendant Venture Supply Company along with all other applicable affiliates and related entities (hereinafter referred to collectively as "Venture"), and state as follows:

### FIRST CROSS-CLAIM

1.      BMW incorporates herein all of the foregoing responses and defenses that are relevant to the cross-claim.

2.      For a further defense and a cross-claim, BMW asserts a claim against Venture for breach of express warranties.

3.      Venture expressly warranted the gypsum drywall it sold would be free from defects and fit for the ordinary purposes for which gypsum drywall is used.

4.      Without admitting any liability or damages to Plaintiffs, if it is shown that the drywall manufactured and allegedly sold to BMW by Venture was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Venture is liable to BMW for breach of the express warranty.

5.      As a direct and proximate result of Venture's breach of express warranties, BMW has incurred damages in that it has been required to respond to homeowner complaints and to defend this action. Further, BMW will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSS-CLAIM

6.     BMW incorporates herein all of the foregoing responses, defenses and assertions that are relevant to the cross-claim.

7.     For a further defense and cross-claim, BMW asserts a claim against Venture for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

8.     Venture is a merchant of gypsum drywall.

9.     BMW allegedly purchased from Venture a certain quantity of gypsum drywall.

10.    Pursuant to the applicable state statutes and/or common law, Venture warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

11.    Without admitting any liability or damages to Plaintiffs, if it is shown that the drywall allegedly sold to BMW was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Venture is liable to BMW for breach of implied warranty.

12.    As a direct and proximate result of Venture's breach of the implied warranty of merchantability, BMW has incurred damages in that is have been required to respond to homeowner complaints and to defend this action. Further, BMW will likely continue to incur additional costs in responding to homeowner complaints and defending this action. BMW also demands indemnity for any sums awarded to the Plaintiffs, and their attorney's fees and costs incurred herein.

## THIRD CROSS-CLAIM

13.    BMW incorporates herein all of the foregoing responses, defenses and

assertions that are relevant to the cross-claim.

14.	For a further defense and cross-claim, BMW asserts a claim against Venture for equitable, statutory and/or common law indemnification.

15.	Without admitting any liability or damages to Plaintiffs, Venture is solely responsible and liable for any allegedly wrongful acts committed against Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

16.	Venture is solely liable for any damages allegedly suffered by Plaintiffs and, if BMW is required to pay damages to Plaintiffs, BMW is entitled to be indemnified by Venture for any damages, cost of litigation, and reasonable expenses/attorneys' fees based on statutory law and applicable doctrines.

## FOURTH CROSS-CLAIM

17.	BMW incorporates herein all of the foregoing responses, defenses and assertions that are relevant to the cross-claim.

18.	Venture owed a duty of care to BMW, such duties being specifically set forth in Plaintiffs' Complaint and incorporated herein by reference.

19.	If the allegations of Plaintiffs' Complaint are true, Venture breached the aforementioned duty and was negligent as specifically described in Plaintiffs' Complaint and incorporated herein by reference.

20.	If the allegations of Plaintiffs' Complaint are true, Venture breached the aforementioned duties and was negligent by failing to warn Defendant about the defective nature of the drywall.

21.	If the allegations of Plaintiffs' Complaint are true, Venture, through the exercise of reasonable care, knew or should have known the nature of the defective

drywall.

22.    If the allegations of Plaintiffs' Compliant are true, as a direct and proximate consequence of Venture's negligence, BMW has suffered and incurred damages, costs and litigation expenses for which Venture is liable.

23.    Venture is solely liable for any damages allegedly suffered by Plaintiffs and, if BMW is required to pay any damages to Plaintiffs, BMW is entitled to be indemnified by Venture for any damages, cost of litigation, as well as reasonable expenses/attorneys' fees.

## FIFTH CROSS-CLAIM

24.    BMW incorporates herein all of the foregoing responses, defenses and assertions that are relevant to the cross-claim.

25.    For a further defense and cross-claim, BMW asserts a claim for breach of contract against Venture.

26.    Upon information and belief, BMW was in privity of contract with Venture and was therefore a foreseeable user of the drywall.

27.    Assuming the Plaintiffs' allegations are true, Venture materially breached the aforementioned contracts by brokering, importing, distributing, delivering, supplying and selling defective drywall to BMW.

28.    As a result of the aforementioned breach, BMW has suffered and will continue to suffer damages.

28.    BMW reserves the right to amend its Answer, Affirmative Defenses and Cross-claims as investigation and discovery reveals additional information.

**WHEREFORE**, Defendant/Cross-claim Plaintiff BMW prays that:

a)   Plaintiffs recover nothing from BMW and that judgment be entered in BMW's favor;

b)   The costs of this action, including attorneys' fees and costs that may be allowed by statute or otherwise, be taxed against Plaintiffs;

c)   If Plaintiffs recover any amount from BMW, that BMW be granted relief prayed for in its Cross-claims against Venture;

d)   It have a trial by jury on all matters so triable; and

e)   BMW shall have such other and further relief as the Court may deem just and proper.

Respectfully submitted,


/s/ Russell Q. Allison
RUSSELL Q. ALLISON (ALL034)
Attorney for the defendant,
Building Materials Wholesale, Inc.

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway, Suite 200
Birmingham, Alabama   35216
(205)822-2006

## CERTIFICATE OF SERVICE

I, hereby certify that the above and forgoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by United States Mail and email or hand delivery and email and upon all parties electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 13th May, 2011.


/s/ Russell Q. Allison
Of Counsel