31341414
LEXISNEXIS FILE & SERVE
E-SERVICE
May 27 2010
11:15AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR MIAMI-DADE COUNTY, FLORIDA

IN RE: CHINESE DRYWALL LITIGATION

CASE NO.: 09-200,000 CA (42)
CHINESE DRYWALL DIVISION

_____/

JASON HARRELL and MELISSA HARRELL, Individually and on behalf of all others similarly situated,

   *Plaintiffs*,

CASE NO.: 09-008401 CA (42)

vs.

SOUTH KENDALL CONSTRUCTION CORP., a Florida corporation; PALM ISLES HOLDINGS, LLC, a Florida limited liability company; KEYS GATES REALTY, INC., a Florida corporation; BANNER SUPPLY CO., a Florida corporation,

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND PROVIDING FOR NOTICE**

   *Defendants*.

_____/

The Court, having reviewed and considered Plaintiffs' Motion for Class Certification, the stipulations by the parties, the Court having reviewed the record and evidentiary submissions of the parties and having conducted a hearing on May 27, 2010, it is hereby **ORDERED** and **ADJUDGED** as follows:

  I. **The Proposed Plaintiff Class Should Be Certified**

Before exercising its discretion to certify the Class, the Court should be satisfied that the requirements of Rule 1.220, Florida Rules of Civil Procedure, are met. *See Braun v. Campbell*, 827 So. 2d 261, 266 n.4 (Fla. 5th DCA 2002); *Barnhill v. Florida Microsoft Antitrust Litigation*, 905 So. 2d 195, 198 (Fla. 3d DCA 2005) (citing *Johnson v. Plantation Gen. Hosp.*, 641 So. 2d 58, 59

(Fla.1994)); *see also Anchem v. Windsor*, 521 U.S. 591 (1997).[1]

A proposed class must satisfy the requirements of Fla. R. Civ. P. 1.220(a) and those of an appropriate subsection of Rule 1.220(b). Since the proposed class seeks money damages, Plaintiffs seek certification under subsection (b)(3) of that rule. Under Rule 1.220(a), the Court must first conclude that:

- the members are so numerous that separate joinder of each member is impracticable;

- the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class;

- the claim or defense of the representative party is typical of the claim or defense of each member of the class; and

- the representative party can fairly and adequately protect and represent the interests of each member of the class.

Under Rule 1.220(b)(3), the Court must also determine whether "the questions of law or fact common to the claim or defense of the representative party and the claim or defense of each member of the class predominate over any question of law or fact affecting only individual members of the class, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy."

In undertaking its analysis, the Court must not decide the merits of the case or the Plaintiffs' right to relief, just whether the elements of the rule can be established on Plaintiffs' claims. *Wyeth, Inc. v. Gottlieb*, 930 So. 2d 635, 640 (Fla. 3d DCA 2006); *Eisen v. Carlisle & Jacquelin*, 417 U.S.

---

[1] Because Rule 1.220 is based on Federal Rule of Civil Procedure 23, Florida courts may look to federal cases as persuasive authority. *Grosso v. Fidelity Nat'l Title Ins. Co.*, 983 So. 2d 1165, 1170 n.1 (Fla. 3d DCA 2008); *Braun v. Campbell*, 827 So. 2d 261, 266 n.4 (Fla. 5th DCA 2002); *see also Barnhill v. Florida Microsoft Antitrust Litigation*, 905 So. 2d 195, 198 (Fla. 3d DCA 2005) (citing *Johnson v. Plantation Gen. Hosp.*, 641 So. 2d 58, 59 (Fla. 1994)).

2

156, 177-78 (1974). The factual allegations of the Amended Complaint must be taken as true for this purpose. *Broin v. v. Philip Morris Companies, Inc.*, 641 So. 2d 888, 890 (Fla. 3d DCA 1994). Plaintiffs bear the burden of showing only that each of these requirements likely can be met, *Wyeth*, 930 So. 2d at 638. An evidentiary basis need only be shown as to elements that Defendants contest. *See Rollins v. Butland*, 951 So. 2d 860, 868 (Fla. 2d DCA 2007).

### 1. The Plaintiff Class Is So Numerous That Joinder of All Members Is Impracticable.

First, Plaintiffs' defined Class satisfies the numerosity requirement of Rule 1.220(a)(1). Under the Rule, the Class must be so numerous that joinder of all members is "impracticable." Plaintiffs have sustained their burden as to the numerosity requirement. There are over one hundred claimants in the proposed class. Plaintiffs have demonstrated that these people have purchased homes from South Kendall Construction Corp. ("SKCC") and/or its assigns in the Palm Isles, Arbor Place, and Augusta Green subdivisions of the Keys Gate community, all brokered by Keys Gate Realty, and that the drywall in these homes was supplied by Defendant Banner Supply Co. and installed by ATCO Int. Corp. Pl. Exhs. 1-152 and 203. Plaintiffs have further demonstrated that the homes in the enumerated class were built with drywall supplied by Banner Supply Company, during the period of time it was receiving Chinese-manufactured drywall. Pl. Exhs. 1 - 152; 177B; 188-199; and 202; *see also* Pl. Exhs. 200-201. Through competent substantial evidence, Plaintiffs have proven that there are 152 claimants, not including Excluded Class members, in the proposed class. Pl. Exhs. 1-152 and 203.

These numbers are more than enough to justify class treatment. A class of forty people or more is generally considered adequate for such purpose. *See Cox v. Am. Cast Iron Pipe Co.*, 784

3

F.2d 1546, 1553 (11th Cir. 1986).[2] Florida courts have certified classes of homeowners or renters numbering as few as 100. *See Smith v. Glen Cove Apts. Condos. Master Ass'n*, 847 So. 2d 1107, 1109-10 (Fla. 4th DCA 2003); *Wittington Condo. Apts., Inc. v. Braemar Corp.*, 313 So. 2d 463, 468 (Fla. 4th DCA 1974); *cf. Estate of Bobinger v. Deltona Corp.*, 563 So. 2d 739, 743 (Fla. 2d DCA 1990) ("We note that classes as small as 25 have fulfilled the numerosity requirement."). Therefore, this Court concludes that Plaintiffs have satisfied the numerosity requirements of Fla. R.C.P. 1.220(a)(1).

  2.  **There Are Questions of Law and Fact Common to Each Member of the Class.**

~~As for commonality, Rule 23(a)(2) requires only that there be some questions of law or fact common to the class.~~ The proposed class meets the "commonality" requirement of Rule 1.220(a)(2) because Plaintiffs' claims raise common issues of law and fact to those of the class members. "The threshold of 'commonality' is not high . . . . [T]he rule requires only that resolution of the common questions affect all or a substantial number of the class members." *Broin*, 641 So. 2d at 890; *see also Campos v. Immigration and Naturalization Serv.*, 188 F.R.D. 656, 659 (S.D. Fla. 1999); *Forbrush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993). The rule does not require that all class members have the exact same legal claims, nor does it require that all the questions of law or fact be common. *See Kreuzfeld A.G. v. Carnehammar*, 138 F.R.D. 594, 599 (S.D. Fla. 1991); *Singer v. AT&T Corp.*, 185 F.R.D. 681, 687 (S.D. Fla. 1998); *Walco Invest. v. Thenen*, 168 F.R.D. 315, 325 (M.D. Fla. 2007); *Haitian Refugee Center, Inc. v. Nelson*, 694 F. Supp. 864, 877 (S.D. Fla. 1988). There are numerous common issues in the three claims Plaintiffs assert on behalf of themselves and

---

[2] Florida courts often follow federal authorities, since Florida's class certification rule tracks the federal standard. *Broin*, 641 So. 2d at 889 n.1.

the class: (A) strict products liability (against all Defendants); (B) negligence (against Banner); and (C) breach of the implied warranty of habitability (against SKCC and Palm Isles).

Based on the record before it, the Court finds that there are common issues that exist relating to:

a. Whether the Chinese-manufactured drywall in the homes of the putative class members is defective. Pl. Exhs. 157-175 and 177A;

b. Whether the homes of the putative class members were purchased from South Kendall Construction Corp. and/or its assigns or affiliated companies. Pl. Exhs. 1-152; *see also* Pl. Exh. 203;

c. Whether the Chinese-manufactured drywall in the homes of the putative class members was supplied by Banner. Pl. Exhs. 1-152; 188-199; *see also* Pl. Exhs. 202-203;

d. Whether Banner is liable in negligence or supplying and/or distributing the Chinese-manufactured drywall in the homes of the putative class members. *Id.*; *see also* Pl. Exhs. 157-164; 188-199 and 200-201;

e. Whether Defendants are strictly liable for supplying and/or distributing the Chinese-manufactured drywall in the homes of the putative class members. *Id.*; *see also* Pl. Exhs. 165-175 and 177A, D, E and F;

f. Whether SKCC and/or Palm Isles breached the statutorily implied warranty of habitability in selling Plaintiffs' homes containing Chinese-manufactured drywall. Pl. Exhs. 1-152; 157-175; 188-199; 200; and 201; *see also* Pl. Exhs. 202 and 203;

g. Whether the defective Chinese-manufactured drywall supplied by Defendants damaged the homes of the putative class members. *Id.*; *see also* Pl. Exhs. 177A;

Plaintiffs' claims involve a latent defect in a standard building material common to all of the

5

class members' homes. Pl. Exhs. 1-152; *see also* Pl. Exh. 203. Because the defect in the drywall lies in its inherent original physical characteristics, the manner in which it was installed is irrelevant. Pl. Exhs. 157; 165-175; 177A; *see also* Pl. Exhs. 179-180. Plaintiffs also have demonstrated that the installation of the drywall was covered by uniform contracts and utilized uniform installation methods. Pl. Exhs. 153-154 and 177C. Courts considering analogous situations have found questions of product maintenance, therefore, immaterial. *Id.*; *Thomas v. Louisiana-Pacific Corp.*, 246 F.R.D. 505, 516 (D.S.C. 2007) (rejecting defendants' argument that maintenance and installation issues would create individualized questions because Plaintiffs' theory was that the wood exterior trim at issue was "completely unsuitable" for use on a home from the outset); *cf. Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1268 (Fla. 2006) (affirming rule 1.220(b)(3) plaintiffs' class treatment of general causation, product defect, strict liability, negligence and breach of implied warranty claims in case involving defective cigarettes used in different amounts and capacities by the various class members).

"The existence of shared legal issues with divergent factual predicates is sufficient, as is a core of salient facts coupled with disparate legal remedies within one class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Accordingly, the commonality requirement has been aptly characterized as a "low hurdle easily surmounted." *Scholes v. Stone, Mcguire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992) (quotations and citations omitted). *See also Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994).

Because each and every Class Member purchased a home built and sold by SKCC and/or its assigns, brokered by Keys Gate Realty, with drywall supplied by Banner Supply Company between January 2004 and the present and whose drywall was supplied by Banner and installed by ATCO Int. Corp. after the date on which Banner first received shipments of Chinese-manufactured drywall, it is

6

clear that the commonality requirement is satisfied in this case. Pl. Exhs. 1-152; 177B; 188-199 and 200-201; *see also* Pl. Exhs. 202-203; *See also Broin*, 641 So. 2d at 890; *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986) (commonality is satisfied when the members of a proposed class share at least one common factual or legal issue); *Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999) (finding commonality satisfied because the same form letter was sent to each class member).

### 3. The Representative Plaintiffs' Claims Are Typical of the Class Members' Claims

Florida Rule 1.220(a)(3) requires that "the claims . . . of the representative parties [be] typical of the claims . . . of the class." The typicality requirement ensures that the Plaintiffs are similarly situated to the class members they seek to represent. It asks whether proof of the named plaintiffs' individual claims will necessarily prove the cases for the other members of the class. *Safeway Premium Fin. Co. v. Sosa*, 15 So. 3d 8, 14 (Fla. 3d DCA 2009). The "mere presence of factual differences will not defeat typicality." *Broin*, 641 So. 2d at 892.

Plaintiffs have satisfied their burden on the typicality requirement. Plaintiffs, like all of the class members, purchased a home built and sold by SKCC and/or its assigns, brokered by Keys Gate Realty, with drywall supplied by Banner Supply Company between January 2004 and the present and whose drywall was supplied by Banner and installed by ATCO Int. Corp. after the date on which Banner first received shipments of Chinese-manufactured drywall. Pl. Exhs. 1-152; 177B; 188-199 and 200-201; *see also* Pl. Exhs. 202-203. Lead Plaintiffs' claims are typical because their claims, just like all putative Class Members' claims, arise out of the same course of conduct regarding the supply, construction and installation of defective Chinese-manufactured drywall in their home; the nature of the alleged defect alleged by the Lead Plaintiffs is the same as that putatively alleged by all putative Class Members, and all claims are based on the same legal theories. Thus, the typicality requirement

7

is satisfied. *See, e.g., Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality found where the claims of the class and class representatives arise from the same pattern or practice and are based on the same legal theory).

### 4. The Representative Plaintiffs Will Fairly and Adequately Represent the Class

The final requirement of Rule 1.220(a) is that the representative Plaintiffs fairly and adequately represent the class. The Court finds that Plaintiffs have sustained their burden on this requirement. The adequacy of representation requirement is met if the named representatives have interests in common with the proposed class members and the representatives and their qualified attorneys will properly prosecute the class action." *Broin*, 641 So. 2d at 892. As the Amended Complaint alleges and the undisputed evidence indicates, "Plaintiffs will fairly and adequately protect the interests of the Class"; their "claims are coextensive with, and not antagonistic to, the claims of other members of the Class"; and they are "willing and able to vigorously prosecute this action on behalf of the Class." *Pl. Exh.* 177G; Plaintiffs' Amended Complaint at ¶ 23. Where the Lead Plaintiffs seek the same relief for themselves as they seek for all class members – as here (i.e., money damages to repair their homes and to compensate the class for relevant damages and damage to property) – there is no basis to presume that the Lead Plaintiffs are likely to "neglect their obligations to the class." *Broin*, 641 So. 2d at 892; *see also Sosna v. Iowa*, 419 U.S. 393, 403 (1975) (holding that where it is unlikely that segments of the class would have interests conflicting with the class representative, and where the interests of the class have been competently urged at each level of the proceeding, the test of Rule23(a)(4) has been met).

Here, the interests of the Lead Plaintiffs are aligned with the interests of the other Class Members because they have allegedly been injured by the same product, which was supplied and

installed by a common supplier and installer and purchased from a common builder/developer and real estate broker–and alleged to contain a common defect. Pl. Exhs. 1-152; 157-175; 177A; 188-199; *see also* Pl. Exhs. 200-203. Lead Plaintiffs do not have any interest antagonistic to those of other Class Members. Pl. Exh. 177G. The central issues in this case – a) Whether the Chinese-manufactured drywall in the homes of the putative class members is defective; b) Whether the homes of the putative class members purchased from South Kendall Construction Corp. and/or its assigns or affiliated companies; c) Whether the Chinese-manufactured drywall in the homes of the putative class members was supplied by Banner; d) Whether Banner is liable in negligence or supplying and/or distributing the Chinese-manufactured drywall in the homes of the putative class members; e) Whether Defendants are strictly liable for supplying and/or distributing the Chinese-manufactured drywall in the homes of the putative class members; and f) Whether the defective Chinese-manufactured drywall supplied by Banner damaged the homes of the putative class members – are common to the claims of the Lead Plaintiffs and the other members of the proposed Class. Furthermore, each Class Member has the same interest in proving that Defendants are liable to them for their alleged damages using the same legal theories. Lead Plaintiffs have the same interest as each of the other Class Members in proving each of the elements of the alleged claims. Proof of these elements by Lead Plaintiffs will necessarily support the claims of the other Class Members. Pl. Exhs. 157; 170-175; 177A and F; 178 and 180.

This Court has noted the dedication and attention given by the Representative Plaintiffs, Jason and Melissa Harrell, by their attention, participation and cooperation throughout these proceedings. In short, Jason and Melissa Harrell have been diligent in discharging their obligations as class representatives.

Furthermore, Lead Plaintiffs are represented by qualified and experienced lawyers who have

9

prosecuted numerous securities class actions to successful resolutions, so "there is no ground for supposing that plaintiff will not adequately represent the class." *In re Glassine & Greaseproof Paper Antitrust Litig.*, 88 F.R.D. 302, 306 (E.D. Pa. 1980). Plaintiffs' Lead Counsel is experienced in class-action litigation. Lead Counsel, Victor M. Diaz, Jr., is a court-appointed member of the Plaintiffs Steering Committee in the consolidated federal multidistrict court Chinese Drywall litigation. *Pl. Exh.* 181 (Pretrial Order No. 8, U.S. Dist. Ct. E.D. La., MDL No. 2047, entered July 27, 2009). Mr. Diaz has, during his career, also been appointed to numerous other MDL Plaintiffs' Steering Committees in a wide array of complex product liability actions. *Pl. Exh.* 182. (Application for Appointment of Victor M. Diaz, Jr. to Plaintiffs' Steering Committee). Moreover, this Court has noted Mr. Diaz' extraordinary diligence and skill in prosecuting this action to date. The Court finds that the adequacy of representation prong is satisfied.

5. **The Proposed Class Satisfies the Requirements of Rule ~~23(b)(3)~~** *1.220(b)(3).*

Once the four prerequisites of Rule 1.220(a) are met, the Class must also satisfy at least one provision of Rule 1.220(b). *See Thomas v. Albright*, 139 F.3d 227, 234 (D.C. Cir. 1998). Pursuant to Rule 1.220(b)(3), class certification is appropriate where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). *See Thomas*, 139 F.3d at 234; *In re VMS Sec. Litig.*, 136 F.R.D. at 479. The Court finds that the Plaintiffs have satisfied their burden on the predomination and superiority requirements.

The proposed class satisfies Rule 1.220(b)(3)'s requirement that issues subject to generalized proof predominate over issues requiring individualized proof because the dominant, common question

10

in each class member's case is whether the drywall installed in his or her house is defective. The nature of the defect inheres in the physical characteristics of the product itself: its potential to emit reduced sulfur gases which can cause damage to certain metal surfaces and objects within the homes. *See* Pl. Exhs. 157-175; and 177A and F. Plaintiffs have proved that the defective drywall that the Defendants supplied, sold or caused to be installed in the putative Class Plaintiffs' homes all was supplied by Defendant Banner. Pl. Exhs. 1-152; 188-199; *see also* Pl. Exhs. 202-203. Given this common source of defective drywall in the class members' developments, the foundational liability question of the chemical composition of the Banner-supplied drywall will entail generalized proof for every case. Pl. Exhs. 157-175 and 177A and F.

To satisfy the predominance inquiry, Plaintiffs need not demonstrate that every question of law and fact is common to the class. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004)

It is well settled that common construction-related product defects creating generalized proof issues across a housing development are appropriate for class treatment. *See, e.g., Southwin, Inc. v. Verde*, 709 So. 2d 578 (Fla. 3d DCA 1998) (affirming order certifying class of sixty-seven homeowners);[3] *Auto Owners Ins. Co. v. Trippe Constr., Inc.*, 737 So. 2d 600, 601 (Fla. 3d DCA 1999) (declaratory judgment action arising out of class action by homeowners involving defective construction of roofs); *Marcuse v. Del Webb Communities, Inc.*, 163 P.2d 462, 464 (Nev. 2007) (latent defect in unsleeved, underslab copper plumbing lines); *Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21 (D.Mass. 2003) (defective radiant heating systems); *Blumenthal v. Medina Supply Co.*, 743 N.E. 2d 923 (Ohio Ct. App. 2000) (concrete used to build residential driveways).

---

[3] The Third District's opinion in *Southwin* does not recite the facts of the case. They may be found in a subsequent decision affirming the judgment resulting from the subsequent trial. *See Southwin, Inc. v. Verde*, 806 So. 2d 586 (Fla. 3d DCA 2002).

The uniform nature of the defect in the drywall Banner supplied and the fact that the only builder against whom Plaintiffs are seeking to certify a class is SKCC distinguishes the instant case from other product-defect cases in which individual issues were held to predominate. In the case at bar, the defect alleged concerns the physical characteristics and composition of a static product, something that is unaffected by outside variables like the way the product is used. Pl. Exhs. 170-175 and 177A and F; *Cf. McFadden v. Staley*, 687 So. 2d 357, 359 (Fla. 4th DCA 1997) (certifying class of restaurant patrons alleging injury from food poisoning under negligence, strict liability and breach of implied warranty claims).

Finally, with respect to damages, while there will naturally be differences in the value of the property losses suffered by class members, "[e]ntitlement to different amounts of damages is not fatal to a class action." *Broin*, 641 So. 2d at 891; *Engle*, 945 So. 2d at 1268. Numerous courts "have recognized that the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate." *Freedom Life Ins. Co. of Am. v. Wallant*, 891 So. 2d 1109, 1119 (Fla. 4th DCA 2004) (quoting *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. 2003)).[4] For these reasons, the proposed class satisfies the predominance requirement of rule 1.220(b)(3).

The Court finds that the class action is a superior procedural vehicle for resolving this

---

[4] The Court recognizes that the parties may disagree on whether damages can be determined either in a class-wide or individualized basis. Should it become necessary, differences in damage issues among class members can be dealt with at a later juncture, through the creation of "subclasses, or other innovative solutions." *Wallant*, 891 So. 2d at 1119. Moreover, the Florida Supreme Court has recognized this Court's discretion to certify certain specific predominating issues, while deferring ruling on the treatment of individual damage issues – if any. *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1268 (Fla. 2006) ("a trial court can properly separate liability and damages issues, certifying class treatment of liability while leaving damages to be determined on an individual basis").

litigation. Over one hundred South Florida homeowners allegedly are aggrieved by Defendants' conduct. Pl. Exhs. 1-152; *see also* Pl. Exh. 203. All are living in homes containing drywall alleged to be defective and manufactured in China which was sold, distributed, or caused to be installed by Defendants. Pl. Exhs. 1-152; 157-175; 177A and F; 188-199; and 200-201; *see also* Pl. Exhs. 202 and 203. If individual homeowners were to file their own separate actions this Court would be confronted with a multiplicity of lawsuits that would unnecessarily burden the court system and create the risk of inconsistent rulings and contradictory judgments. A class action would minimize the duplication of effort and expense of the parties and provide beneficial economics of scale.

Rule 23 requires only that common issues predominate, not that they be dispositive of the entire litigation. *See, e.g., Brown v. Pro Football, Inc.*, 146 F.R.D. 1, 4 (D.D.C. 1992) ("common issues need not be exclusive, but must only predominate over individual concerns"). The Supreme Court has recognized that predominance is a test readily met in analogous cases. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). "The predominance requirement is satisfied unless it is clear that individual issues will overwhelm the common questions and render the class action valueless." *NASDAQ*, 169 F.R.D. at 517 (citations omitted). Here, the central issues – a) Whether the Chinese-manufactured drywall in the homes of the putative class members is defective; b) Whether the homes of the putative class members were purchased from South Kendall Construction Corp. and/or its assigns or affiliated companies; c) Whether the Chinese-manufactured drywall in the homes of the putative class members was supplied by Banner; d) Whether Banner is liable in negligence or supplying and/or distributing the Chinese-manufactured drywall in the homes of the putative class members; e) Whether Defendants are strictly liable for supplying and/or distributing the Chinese-manufactured drywall in the homes of the putative class members; f) Whether SKCC and/or Palm Isles

13

breached the statutorily implied warranty of liability in selling Plaintiffs homes containing Chinese-manufactured drywall; and g) Whether the defective Chinese-manufactured drywall supplied by Defendants damaged the homes of the putative class members – can all be proved with class-wide evidence. *See* citations to record evidence *supra*. Thus, the questions of law or fact common to the members of the Class predominate over questions affecting only individual Class Members.

A class action is also a superior device for adjudicating the effects of the Defendants' actions on the Class. Neither the parties nor the judicial system would benefit from duplicative litigation in this matter. Class treatment of these claims is plainly superior to a multiplicity of suits. Finally, class treatment of Plaintiffs' claims presents no manageability problems because the common nature of the alleged defect in Chinese-manufactured drywall has been recognized by the Florida Department of Health and the U.S. Consumer Products Safety Commission, as well as prior judicial rulings, and the evidence adduced demonstrates that the common questions are reasonably susceptible to class-wide resolution. Pl. Exhs. 157; 165-166; and 179-180; *see also* Pl. Exh. 178. Class certification is superior to the other available methods of resolving these plaintiff homeowner claims against the Defendants.

II. <u>Conclusion</u>

This Plaintiff Class as certified satisfies all of the requirements of Rule 1.220, Florida Rules of Civil Procedure. Numerosity, commonality, typicality, and adequacy are all present in this case, with the specified common questions predominating, and class treatment is the superior way to handle this matter. The Court therefore GRANTS Plaintiffs' Motion for Class Certification as set forth above.

**WHEREUPON** it is hereby **ORDERED AND ADJUDGED:**

1. The Court finds that it has jurisdiction over this Action.

2. The Court certifies the following Class ("Class"):

ALL NATURAL PERSONS AND BUSINESSES WHO PURCHASED HOMES FROM DEFENDANT SOUTH KENDALL CONSTRUCTION CORPORATION ("SKCC") AND/OR ITS ASSIGNS OR AFFILIATED COMPANIES BETWEEN JANUARY 2004 AND THE PRESENT AND WHOSE HOMES CONTAIN CHINESE-MANUFACTURED DRYWALL SUPPLIED BY DEFENDANT BANNER SUPPLY CO. ("BANNER") WHICH HAS PROVEN TO BE DEFECTIVE.

3. Excluded from the Class are: Defendants, their parents, subsidiaries and affiliates, their directors and officers, and members of their immediate families. Also excluded from the Class are the Court, the Court's spouse or partner, if applicable, all persons within the third degree of relationship to the Court and its spouse, and the spouses of all such person.

4. The Court finds that Lead Plaintiffs, Jason and Melissa Harrell, are adequate class representatives for the Class and are appointed as such.

5. In accordance with Rule 1.220, the Court hereby, approves Victor M. Diaz, Jr. of Podhurst Orseck, P.A. as Lead Counsel for the Class. Class counsel are best able to represent the interests of the Class under Rule 1.220.

### Notice to Potential Class Members

6. Within 21 calendar days after this Order is entered, Lead Counsel shall mail by first class mail, postage prepaid to all potential members of the Class, to the extent that they can be identified by reasonable diligence, a Notice of Pendency of Class Action in a form to be approved by this Court.

7. The Notice shall also be published ~~at least once~~ TWICE in the Daily Business Review.

8. The Notice to be provided to potential class members by the means set forth in paragraphs 6 and 7 is found to be the best means of providing notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the certified class to all persons affected by and/or entitled to participate in this litigation, in full compliance with the

15

notice requirements of Rule 1.220 of the Florida Rules of Civil Procedure and due process.

### Requests for Exclusion From the Class

9. Any member of the Class who wishes to be excluded from the Class shall mail a written request for exclusion ("Notice of Exclusion") to Class Counsel, to be postmarked no later than 21 calendar days after Notice is mailed out to Class Members. All original Notices of Exclusion shall be filed with the Court by Class Counsel at or before the Final Hearing.

10. Any Class Member that submits a valid and timely Notice of Exclusion shall not be bound by these proceedings and shall not be bound by the Final Order and Judgment, whether favorable or adverse.

11. Any potential member of the Class that does not properly and timely mail a Notice of Exclusion shall be included in the Class, and shall be bound by these proceedings.

DONE AND ORDERED in Chambers at Miami, Florida, this 27 day of May 2010.

THE HONORABLE JOSEPH P. FARINA
CIRCUIT COURT JUDGE