UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE – MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| THIS DOCUMENT RELATES TO: KENNETH ABEL, et al. vs. TAISHAN GYPSUM CO., Ltd. f/k/a SHANDONG TAIHE DONGXIN CO., Ltd., et al. Case No. 11-080 | * * * * * * * * | JUDGE FALLON (L)  MAG. WILKINSON (4) |

### ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, RCL DEVELOPMENT, INC., by and through its undersigned counsel and files this, its Answer and Affirmative Defenses to Plaintiff's Omnibus Class Action Complaint (VII) and states as follows:

### JURISDICTION, PARTIES, AND VENUE

1. Defendant is without knowledge as to the allegations of paragraph 1 and demands strict proof thereof.

2. Defendant is without knowledge as to the allegations of paragraph 2 and demands strict proof thereof.

3. Defendant is without knowledge as to the allegations of paragraph 3 and demands strict proof thereof.

## PLAINTIFFS

4. Defendant is without knowledge as to the allegations of paragraph 4 and demands strict proof thereof.

5. Defendant is without knowledge as to the allegations of paragraph 5 and demands strict proof thereof.

6-542 Paragraphs 6 through 542 are inapplicable as to this Defendant as they do not relate to any properties upon which this Defendant performed services.

543. Defendant admits that Plaintiff owns real property as stated therein, but is without knowledge as to the remaining allegations to paragraph 543. and demands strict proof thereof.

544-581 Defendant is without knowledge as to the allegations of paragraphs 544 through 581 and demands strict proof thereof.

## DEFENDANTS

582. Defendant is without knowledge as to the allegations of paragraph 582 and demands strict proof thereof.

### The Manufacturing Defendants

583-587 Paragraphs 583 through 587 are inapplicable as to this Defendant as they do not relate to any properties upon which this Defendant manufactured, sold, distributed, marketed gypsum drywall.

### The Distributor/Supplier/Importer/Exporter/Broker Defendants

588-643 Paragraphs 588 through 643 are inapplicable as to this Defendant as they do not relate to any properties upon which this Defendant sold, distributed,

supplied, marketed, inspected, imported, exported, or delivered the drywall at issue in this litigation.

### The Developer/Builder Defendants

644-762 Paragraphs 588 through 643 are inapplicable as to this Defendant as they do not relate to any properties upon which this Defendant built certain Subclass Members' homes and, directly or through agents, installed problematic drywall in these homes, which has resulted in harm and damages to Subclass members at issue in this litigation.

763. Defendant admits that RCL Development, Inc. is an entity with its principal place of business as stated in paragraph 763 and that it is organized under the laws of the State of Florida. Defendant specifically denies remaining allegations of paragraph 763, including that either it, or through its agents, installed problematic drywall in the house which is the subject of this Complaint.

764-803 Paragraphs 764 through 803 are inapplicable as to this Defendant as they do not relate to any properties upon which this Defendant built certain Subclass Members' homes and, directly or through agents, installed problematic drywall in these homes, which has resulted in harm and damages to Subclass members at issue in this litigation.

### The Contractor/Installer Defendants

804-819 Paragraphs 804 through 819 are inapplicable as to this Defendant as they do not relate to any properties upon which this Defendant constructed or installed problematic drywall in certain Subclass Members' homes and, directly or

through agents, installed problematic drywall in these homes, which has resulted in harm and damages to Subclass members at issue in this litigation.

820. Defendant admits that it used Clayton's Drywall, Inc. for the residence which is the subject of this Complaint, but denies any other remaining allegations in paragraph 820.

821-881 Paragraphs 821 through 881 are inapplicable as to this Defendant as they do not relate to any properties upon which this Defendant constructed or installed problematic drywall in certain Subclass Members' homes and, directly or through agents, installed problematic drywall in these homes, which has resulted in harm and damages to Subclass members at issue in this litigation.

### FACTS REGARDING PROBLEMATIC DRYWALL

882. Defendant is without knowledge as to the allegations of paragraph 882 and demands strict proof thereof.

883. Defendant is without knowledge as to the allegations of paragraph 883 and demands strict proof thereof.

884. Defendant is without knowledge as to the allegations of paragraph 884 and demands strict proof thereof.

885. Defendant is without knowledge as to the allegations of paragraph 885 and demands strict proof thereof.

886. Defendant is without knowledge as to the allegations of paragraph 886 and demands strict proof thereof.

887. Defendant is without knowledge as to the allegations in paragraph 887 and demands strict proof thereof. Defendant specifically asserts as to this paragraph that the Plaintiff relating to this Defendant did not suffer any harmful effects whether or not the Drywall is problematic.

888. Defendant is without knowledge as to the allegations of paragraph 888 and demands strict proof thereof.

889. Denied.

890. Denied.

891. Denied.

892. Denied.

893. Denied.

## CLASS ACTION ALLEGATIONS

### The TAISHAN CLASS

### The Distributor/Supplier/Importer/Exporter/Broker Subclasses (Subclasses 1-55)

894-896 Paragraphs 894 through 896 are inapplicable as to this Defendant as they do not relate to this Defendant at issue in this litigation.

897. Defendant is without knowledge as to the allegations of paragraph 897 and demands strict proof thereof.

898. Defendant is without knowledge as to the allegations of paragraph 898 and demands strict proof thereof.

### The Contractor/Installer Subclasses (Subclasses 216-293)

899-900 Paragraphs 899 through 900 are inapplicable as to this Defendant as they do not relate to this Defendant at issue in this litigation.

### General Class Allegations and Exclusions from the Class Definitions

901.   Defendant is without knowledge as to the allegations of paragraph 901 and demands strict proof thereof.

902.   Defendant is without knowledge as to the allegations of paragraph 902 and demands strict proof thereof.

903.   Defendant is without knowledge as to the allegations of paragraph 903 and demands strict proof thereof.

904.   Defendant is without knowledge as to the allegations of paragraph 904 and demands strict proof thereof.

905.   Defendant is without knowledge as to the allegations of paragraph 905 and demands strict proof thereof.

906.   Defendant is without knowledge as to the allegations of paragraph 906 and demands strict proof thereof.

907.   Defendant is without knowledge as to the allegations of paragraph 907 and demands strict proof thereof.

908.   Defendant is without knowledge as to the allegations of paragraph 908 and demands strict proof thereof.

909.   Defendant is without knowledge as to the allegations of paragraph 909 and demands strict proof thereof.

910. Defendant is without knowledge as to the allegations of paragraph 910 and demands strict proof thereof.

## COUNT I
## NEGLIGENCE
## (Against All Defendants)

911. Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

912. Defendant is without knowledge as to the allegations of paragraph 912 and demands strict proof thereof.

913. Denied.

914. Denied.

915. Denied.

916. Denied.

917. Denied.

918. Denied.

## COUNT II
## NEGLIGENCE PER SE
## (Against All Defendants)

919. Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

920. Defendant is without knowledge as to the allegations of paragraph 920 and demands strict proof thereof.

921. Denied.

922. Denied.

923. Denied.

924. Denied.

925. Denied.

## COUNT III
## STRICT LIABILITY
### (All Defendants)

926. Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

927. Denied.

928. Defendant is without knowledge as to the allegations of paragraph 928 and demands strict proof thereof.

929. Defendant is without knowledge as to the allegations of paragraph 929 and demands strict proof thereof.

930. Defendant is without knowledge as to the allegations of paragraph 930 and demands strict proof thereof.

931. Defendant is without knowledge as to the allegations of paragraph 931 and demands strict proof thereof.

932. Defendant is without knowledge as to the allegations of paragraph 932 and demands strict proof thereof.

933. Defendant is without knowledge as to the allegations of paragraph 933 and demands strict proof thereof.

934. Defendant is without knowledge as to the allegations of paragraph 934 and demands strict proof thereof.

935. Defendant is without knowledge as to the allegations of paragraph 935 and demands strict proof thereof.

936. Defendant is without knowledge as to the allegations of paragraph 936 and demands strict proof thereof.

937. Defendant is without knowledge as to the allegations of paragraph 937 and demands strict proof thereof.

938. Defendant is without knowledge as to the allegations of paragraph 938 and demands strict proof thereof.

939. Defendant is without knowledge as to the allegations of paragraph 939 and demands strict proof thereof.

940. Defendant is without knowledge as to the allegations of paragraph 940 and demands strict proof thereof.

941. Defendant is without knowledge as to the allegations of paragraph 941 and demands strict proof thereof.

942. Defendant is without knowledge as to the allegations of paragraph 942 and demands strict proof thereof.

943. Defendant is without knowledge as to the allegations of paragraph 943 and demands strict proof thereof.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (All Defendants)

944. Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

945. Defendant is without knowledge as to the allegations of paragraph 945 and demands strict proof thereof.

946. Defendant is without knowledge as to the allegations of paragraph 946 and demands strict proof thereof.

947. Defendant is without knowledge as to the allegations of paragraph 947 and demands strict proof thereof.

948. Defendant is without knowledge as to the allegations of paragraph 948 and demands strict proof thereof.

949. Denied.

950. Denied.

951. Denied.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203
### (On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)
### (Against Builders Only)

952. Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

953-963  Paragraphs 953 through 963 are inapplicable as to this Defendant as they do not relate to this Defendant at issue in this litigation.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

964. Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

965. Admit.

966. Denied.

967. Denied.

968. Denied.

969. Denied.

970. Denied.

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

971. Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

972. Paragraph 972 is inapplicable as to this Defendant as it does not relate to this Defendant at issue in this litigation.

972. Denied.

973. Denied.

974. Denied.

### COUNT VIII
### VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (on Behalf of Plaintiffs Who Own Homes in the State of Louisiana)
### (Against Louisiana Builders Only)

975.   Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

976-981 Paragraphs 976 through 981 are inapplicable as to this Defendant as they do not relate to this Defendant at issue in this litigation.

### COUNT IX
### REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

982.   Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

983-991 Paragraphs 983 through 991 are inapplicable as to this Defendant as they do not relate to this Defendant at issue in this litigation.

### COUNT X
### LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

992.   Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

993-1005 Paragraphs 993 through 1005 are inapplicable as to this Defendant as they do not relate to this Defendant at issue in this litigation.

## COUNT XI
## PRIVATE NUISANCE
### (All Defendants)

1006. Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

1007. Denied.

1008. Denied.

1009. Denied.

1010. Denied.

1011. Denied.

1012. Denied.

## COUNT XII
## UNJUST ENRICHMENT
### (All Defendants)

1013. Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

1014. Denied.

1015. Denied.

1016. Denied.

## COUNT XIII
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

1017. Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

1018. Defendant is without knowledge as to the allegations of paragraph 1018 and demands strict proof thereof.

1019. Denied.

1020. Denied.

1021. Denied.

## COUNT XIV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

1022. Defendant adopts and restates its answers to the preceding paragraphs as if fully set forth herein.

1023. Denied.

1024. Denied.

1025. Defendant is without knowledge as to the allegations of paragraph 1025 and demands strict proof thereof.

1026. Denied.

1027. Denied.

1028. Denied.

1029. Denied.

1030. Denied.

1031. Denied.

1032. Denied.

1033. Denied.

1034. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Accord and Satisfaction)

1.  As its First Affirmative Defense, Defendant, RCL DEVELOPMENT, INC., states that Plaintiff, Wanadoo, LLC entered into an Agreement, whether it be oral or otherwise, with Defendant, RCL Development, Inc. whereby the Defendant removed any allegedly offending drywall at the Defendant's cost. The Plaintiff retained a drywall consulting company, known as Engineering Systems, Inc., to confirm that all offending drywall was removed, which test confirmed the same. This was at no cost to the Plaintiff. Upon information and belief, the consulting company further confirmed that there was no damage to any electronics, wiring, copper, AC Units or other component of the Plaintiffs' residence, which needed to be repaired or replaced. As a result, the Plaintiff has been made whole and agreed to such a resolution with the Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Comply With Chapter 558)

2. As its Second Affirmative Defense, Defendant, RCL DEVELOPMENT, INC., states that The Plaintiffs' claim fails to state a cause of action as to this Defendant for failure to comply with Florida Statute Chapter 558.

## THIRD AFFIRMATIVE DEFENSE
### (Economic Loss Rule)

3. As its Third Affirmative Defense, Defendant, RCL DEVELOPMENT, INC., states that as there existed a valid contract between the applicable parties, the economic loss rule will bar any recovery of tort against Defendant RCL DEVELOPMENT, INC.

STEWART, EVANS, STEWART & EMMONS, P.A.

/s/ John M. Stewart
JOHN M. STEWART
3355 Ocean Drive
Vero Beach, Florida 32963
Telephone: (772) 231-3500
Facsimile: (772) 231-9876
E-mail:   jms@st-ev.com
ATTORNEYS FOR DEFENDANT
RCL DEVELOPMENT, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 18th day of May, 2011, this document has been served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/ John M. Stewart
JOHN M. STEWART