# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED ) | |
|       DRYWALL PRODUCTS ) | MDL NO. 2047 |
|       LIABILITY LITIGATION ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | SECTION: L |
| ) | |
| Hobbie, et al. v. ) | JUDGE FALLON |
| RCR Holdings II, LLC, et al., ) | |
| No. 10-1113 ) | |
| ) | MAG. JUDGE WILKINSON |
| ) | |

## CERTAIN PLAINTIFFS' MOTION FOR
## ENTRY OF SCHEDULING ORDER

Plaintiff Wendy Lee Hobbie, on behalf of herself and the 140 named plaintiffs on the Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.,* No. 10-1113 (E.D. La.)(collectively, "Plaintiffs"), hereby move the Court for entry of the Proposed Scheduling Order attached hereto as Exhibit A. In support of this motion, Plaintiffs state as follows:

    1.    The *Hobbie* case was filed in the Circuit Court for the Fifteenth Judicial District in and for Palm Beach County, Florida on or about September 24, 2009. *Wendy Lee Hobbie, et al. v. RCR Holdings II, LLC*, et al., Case No. 50 2009 CA 032471. A Second Amended Complaint was filed on or about January 12, 2010. The Second Amended Complaint added 119 plaintiffs and named additional Defendants.

    2.    On or about February 26, 2010, Defendants Banner Supply Co., Banner Supply Company of Pompano, LLC, Banner Supply Company of Fort Meyers, LLC and Banner Supply Company of Tampa, LLC (collectively "Banner") filed a Notice of Removal. The action was subsequently transferred to the United States District Court for the Eastern District of Louisiana.

3.      All of the necessary parties have now been named as Defendants and have been duly served.  The Defendants are RCR Holdings II, LLC ("RCR"), Banner, Coastal Construction of South Florida, Inc. ("Coastal"), Precision Drywall, Inc. ("Precision Drywall") and La Suprema Enterprises, Inc. ("La Suprema).

4.      On or about February 22, 2010, La Suprema filed a Motion to Dismiss.  The Motion was filed in state court and was not re-filed in this Court.  On or about March 5, 2010, Precision Drywall filed a Motion to Dismiss.  That Motion was filed in state court and was not re-filed in this Court.  On or about March 8, 2010, Coastal filed an Answer and Affirmative Defenses.  On or about March 5, 2010, RCR filed a Motion to Dismiss.  That Motion was also filed in state court and was not re-filed in this Court.

5.      Precision Drywall filed a Cross Claim against Defendant Banner on or about February 11, 2011. On or about May 9, 2011, Defendant RCR moved to file a Third Party Complaint against Arch Insurance Co.  The Court set RCR's motion for hearing on May 26, 2011.

6.      The parties in this action voluntarily participated in a mediation before Richard O. Kingrea on February 15-16, 2011, in Miami, Florida.  By order of this Court, the mediation was continued in New Orleans, Louisiana, on March 22, 2011.  Counsel for Knauf participated in both sessions.  The mediation did not result in the resolution of this matter and the parties have reached an impasse.

7.      This litigation involves a multi-unit residential building located in Boynton Beach, Florida, known as Villa Lago.  Villa Lago was built during the period 2005 through

2007.[1]  It is part of large mixed use development project knows as Renaissance Commons.  It consists of two "E" shaped (east and west)- six story condominium buildings surrounding a six level precise parking garage.  The east and west building components include both a north and south section or quadrant.  Four open courtyards are situated between the condominium buildings and the parking garage.  There are 328 condominium units of four types as follows: A= 64 units, B=100 units, C=124 units and D=40 units for a total of 328 condominium units. [2] All condominium units are accessible via predominately single loaded exterior corridors.  Six single elevators service the condominium units at each of the six floor levels.  The condominium unit interiors comprise approximately 476,348 square feet, exclusive of balconies, public spaces, corridors, and other horizontal and vertical circulation.

8.      There are 140 named Plaintiffs in this action, all of whom are owners of units at Villa Lago.  The Plaintiffs collectively own 147 of a total of 328 units.[3]  All of the Plaintiffs' units have been inspected.  In nearly all cases, the inspections definitively revealed the presence of Chinese manufactured drywall.

9.      The named Plaintiffs in this litigation are suffering from extreme hardship as a result of the presence of Chinese manufactured drywall in their units.  Many of the Plaintiffs purchased these units as retirement homes or for investment purposes.  The presence of Chinese drywall has rendered these units un-rentable and unsalable.  Without rental income, unit owners either do not have the ability to pay their mortgage and condominium association fees or are taking significant losses on their investments as these units remain unoccupied.  As a

---

[1] The Banner delivery tickets indicate that drywall was delivered to the project during the period starting from June 23, 2006 through  November 22, 2006.
[2] The units are also known as Amalfi (912 sq. ft); Bellini (1,216 sq. ft.); Cipriani (1,342 sq. ft.); and Danelli (1,630 sq. ft.).
[3] Defendant RCR, the developer of Villa Lago, owns 135 units. The remaining owners, with but a handful of exceptions, are unrepresented by counsel and are not parties to this litigation.

consequence, many Plaintiffs are facing foreclosure or have already lost their units to foreclosure. Other Plaintiffs are facing grave economic losses and may elect to stop making mortgage payments and payments to the condominium association or have already stopped doing so. The reduced condominium fees have resulted in a deterioration of the quality of services and maintenance of the building which, in turn, has negatively impacted the quality of life of the Plaintiffs whose units are their primary residence and makes all units even more difficult to sell or rent.

10. The Plaintiffs have thus far endured more than 20 months under these circumstances and, with the unsuccessful attempt at mediation, there is no end in sight. Even if the Defendants agreed to fund the complete remediation of the building tomorrow, the various construction experts who have evaluated the building agree that the project would take 12 -24 months from start to end. Thus, in the best and most unrealistic circumstances, relief can not be obtained for Plaintiffs any earlier than mid-2012 or mid-2013.

11. As the above makes clear, Plaintiffs need to resolve this problem as soon as possible or the result will inevitably be the loss of numerous units to foreclosure, significant and permanent economic losses, and an irreversible decline in the quality of the building.

12. The Plaintiffs hereby submit a Proposed Scheduling Order which would allow a trial of this action to commence in early 2012. Although the Proposed Schedule will not immediately alleviate the hardship the Plaintiff presently face, the prospects of trial and a resolution of this matter will, at a minimum, provide incentive for many owners to maintain their units and pay their assessments and otherwise serve to abate the deterioration of Villa Lago.

13. Plaintiffs have conferred by telephone and/or by email with counsel for all Defendants concerning this motion. Plaintiffs have received comments and objections from

Counsel for RCR, Banner and La Suprema.  The attached Proposed Scheduling Order sets forth alternative provisions proposed by Banner.   RCR, through counsel, has represented to Plaintiffs that it does not have any objections to the proposed Scheduling Order.

WHEREFORE, Plaintiffs respectfully request that the Court enter the Proposed Scheduling Order.

DATED: May 19, 2011                                        Respectfully submitted,

/s/ Gary E. Mason
Gary E. Mason
MASON LLP
1625 Massachusetts Ave., NW,  Suite 625
Washington, D.C.  20036
Telephone:  (202) 429-2290
Facsimile:  (202) 429-2294

Adam C. Linkhorst, Esq.
LINKHORST & HOCKIN P.A.
4495 Military Trail, Suite 106
Jupiter, Florida 33458
Email:  acl@floridahardhatlaw.com
Tel.   561.626.8880  / 954.776.5990
Fax.  561.626.8885
Cell.  954.562.9199

Joel R. Rhine
RHINE LAW FIRM
314 Walnut Street, Suite 1000
Wilmington  NC  28401
Telephone:  (910) 772-9960
Facsimile:   (910) 772-9062

Daniel K. Bryson
LEWIS & ROBERTS
1305 Navaho Drive, Suite 400
Raleigh, NC 27609-7482
Telephone: (888) 981-0939
Facsimile: (919) 981-0199

5

Chris Coffin
PENDLEY BAUDIN & COFFIN, LP
Post Office Drawer 71
24110 Eden Street
Plaquemine, Louisiana 70765
 Telephone:  (225) 687-6396

 Stephen Mullins
LUCKEY & MULLINS
2016 Bienville Blvd
P.O. Box 990
Ocean Springs, MS 39564
Telephone:  (228) 875-3175
Facsimile:   (228) 872-4719

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email and upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 19th day of May, 2011.

/s/ Gary E. Mason
Gary E. Mason