UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047 SECTION: L |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * * | MAGISTRATE JUDGE WILKINSON |
| *ALL CASES* | * * | |
| * * * * * * * * * * * * * * * * * * * * | * | |

### *EMERGENCY* MOTION FOR PARTIAL NEW TRIAL REGARDING STAY ISSUED IN THE PRELIMINARY APPROVAL ORDER, OR, IN THE ALTERNATIVE, MOTION TO ALTER OR AMEND THE ORDER

Builder-Defendants, Southern Homes, LLC; Tallow Creek, LLC; and Springhill, LLC (collectively "Southern Homes"), request a partial new trial regarding the stay order this Court issued when it preliminarily approved the INEX Settlement Agreement. For the following reasons, this Court should hold a new trial on the limited issue of Paragraph 8 of the Preliminary Approval Order, or, in the alternative amend the Order:

- The Order is tantamount to an injunction against parallel *in personam* state court actions, a drastic and extraordinary remedy that should not be granted as a matter of

  course;

- The Order is effectively the same as the bar order of the INEX Settlement Agreement over which this Court indicated could be deal breakers for the proposed settlement agreement;

- The Order is procedurally deficient:

    - The Settling Parties, including, without limitation, the Plaintiffs' Steering Committee ("PSC") and Interior/Exterior Building Supply, LP ("INEX") failed to carry their burden of proof for injunctive relief to issue; and

    - Not all the requirements of Rule 65 of the Federal Rules of Civil Procedure have been met;

- The great weight of jurisprudence under the Anti-Injunction and All Writs acts counsels strongly against the Order;

- This Court should follow *In re First Commodity Corp.*, 89 BR 283 (D. Mass 1988), because it provides jurisprudential guidance for the exact factual scenario presented by the request for preliminary approval of the INEX Settlement Agreement;

- *Retirement Systems of Al. v. JP Morgan Chase & Co.*, 386 F.3d 419 (2d Cir. 2004), shows that federalism and comity require the grant of a new trial on (or the amendment of) the Order; and

- The jurisprudence of the United States Fifth Circuit Court of Appeals does not direct this Court to issue the Order.

  Southern Homes again emphasizes that it does not seek to prevent homeowner-plaintiffs in this MDL from recovering against INEX. To the contrary, Southern Homes wants homeowner-plaintiffs to be made whole. This Memorandum has, therefore, been limited to the specific issue of Paragraph 8 of the Order, which unfairly deprives Southern Homes of its vested property rights without due process.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER, T.A. (# 19589)
MARTHA Y. CURTIS (# 20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

COUNSEL FOR SOUTHERN HOMES, LLC; SPRINGHILL, LLC; TALLOW CREEK, LLC; AND ADRIAN KORNMAN

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Alter or Amend, or, in the Alternative, for a New Trial has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of May, 2011.

/s/ James M. Garner
JAMES M. GARNER