FILED

'11 MAR 26 P 4:53

CIVIL
DISTRICT COURT

SOUTHERN HOMES, LLC, ET AL

    Plaintiff

versus

INTERIOR/EXTERIOR BUILDING
SUPPLY, LP; INTERIOR/EXTERIOR
ENTERPRISES, LLC; SOUTH CORTEZ, LLC

    Defendant

FILED: _____

NO. 09-4564 DIVISION J

CIVIL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA

_____
DEPUTY CLERK

## PETITION FOR DAMAGES

Plaintiffs, Southern Homes, LLC; Southern Homes Renovations, LLC; Southern Homes AL, Inc.; Tallow Creek, LLC; Gray's Creek of Louisiana, LLC; and Springhill, LLC (collectively "Southern Homes"), bring this action against Defendants, INTERIOR/EXTERIOR BUILDING SUPPLY, LP; INTERIOR/EXTERIOR ENTERPRISES, LLC; SOUTH CORTEZ, LLC (collectively "Defendants"), alleging as follows:

### INTRODUCTION

#### The Plaintiffs

1.

Southern Homes, LLC, a professional homebuilder, is a Louisiana limited liability company licensed to do and doing business in Louisiana. Southern Homes, LLC maintains its principal place of business in Slidell, Louisiana.

2.

Southern Homes Renovations, LLC, a professional homebuilder, is a Louisiana limited liability company licensed to do and doing business in Louisiana. Southern Homes Renovations, LLC maintains its principal place of business in Slidell, Louisiana.

3.

Southern Homes AL, Inc., a professional homebuilder, is an Alabama corporation licensed

1



EXHIBIT
B-1

to do and doing business in Louisiana. Southern Homes AL, Inc. maintains its principal place of business in Slidell, Louisiana.

4.

Tallow Creek, LLC, a professional homebuilder, is a Louisiana limited liability company licensed to do and doing business in Louisiana. Tallow Creek, LLC maintains its principal place of business in Slidell, Louisiana.

5.

Gray's Creek of Louisiana, LLC, a professional homebuilder, is a Louisiana limited liability company licensed to do and doing business in Louisiana. Gray's Creek of Louisiana, LLC maintains its principal place of business in Slidell, Louisiana.

6.

Springhill LLC, a professional homebuilder, is a Louisiana limited liability company licensed to do and doing business in Louisiana. Springhill, LLC maintains its principal place of business in Slidell, Louisiana.

7.

Southern Homes brings this action as purchaser of defective Chinese drywall that was distributed, delivered, supplied, inspected, marketed or sold by Defendants: Interior/Exterior Building Supply, LP ("IE Building"); Interior/Exterior Enterprises, LLC ("IE Enterprises"); South Cortez, LLC ("Cortez").

The Defendants

8.

Defendants' Chinese drywall was inherently defective and unsuitable for its intended use. Southern Homes purchased its drywall directly from Interior/Exterior Building Supply, LP, and upon information and belief, alleges that at least some of the drywall was Chinese drywall.

9.

Interior/Exterior Building Supply, LP ("IE Building") is a Louisiana limited partnership maintaining its principal place of business at 727 S. Cortez, New Orleans, Louisiana 70119. It

2

consists of one general partner, Interior/Exterior Enterprise, LLC and one limited partner, South Cortez, LLC.

10.

IE Building sold defective imported Chinese drywall, which was purchased and used by Southern Homes in the construction and improvement of houses in several Louisiana parishes, including Orleans Parish. Pursuant to the terms of IE Builders's contracts with Southern Homes, IE Builders delivered drywall to numerous Southern Homes job sites, including job sites in Orleans Parish.

11.

Interior/Exterior Enterprises, LLC is a Louisiana LLC ("IE Enterprises") maintaining its principal place of business at 727 S. Cortez, New Orleans, Louisiana 70119. It is the sole general partner of Interior/Exterior Building Supply, LP.

12.

South Cortez, LLC ("Cortez") is also a Louisiana LLC maintaining its principal place of business at 727 S. Cortez, New Orleans, Louisiana 70119. It is the sole limited partner of Interior/Exterior Building Supply, LP.

JURISDICTION AND VENUE

13.

Southern Homes incorporates by reference each of the preceding allegations as though fully set forth herein.

14.

Pursuant to Louisiana Code of Civil Procedure articles 42(2) and (3), venue for this suit is proper in Orleans Parish.

15.

Pursuant to Louisiana Code of Civil Procedure article 6, this Court has personal jurisdiction over IE Building, IE Enterprises and Cortez because they are Louisiana entities licensed to do and doing business in Louisiana, and maintaining their principal place of business in Orleans Parish.

3

GENERAL ALLEGATIONS

16.

In connection with the construction and improvement of homes in Louisiana, Southern Homes purchased gypsum drywall directly from IE Building.

17.

Upon information and belief, IE Building purchased gypsum drywall that was manufactured in China by Knauf Kips, Knauf Tianjin, and Taishan, and possibly other Chinese manufacturers who have recently been named as defendants in several suits throughout Louisiana and Florida ("the Chinese Drywall Manufacturers").

18.

The imported drywall sold by Defendants is defective and is unfit for its ordinary or intended uses.

19.

Defendants knew or should have known of the defective nature of the drywall that ultimately was purchased by Southern Homes.

20.

Defendants' defective drywall has the potential to deleteriously affect other items.

21.

Defendants' actions may require Southern Homes to remediate homes by removing defective drywall and related property damage. Southern Homes may then have to repair the damaged property made visible during the performance of these repairs. Additionally due to Defendants' actions, Southern Homes faces potential liability for other expenses, such as homeowners' moving and temporary housing expenses in addition to costs related to personal injury of homeowners affected by Defendants' defective drywall.

22.

As a result, Southern Homes has suffered and will continue to suffer damages. Southern Homes's damages may include, but are not limited to, the costs of inspection, the costs and expenses

4

necessary to replace and remove the defective drywall, adjoining components, electrical wiring, interior finishes and personal property.

### EQUITABLE TOLLING OF THE APPLICABLE STATUTES OF LIMITATION

23.

Defendants' fraudulent concealment has tolled the running of any statute of limitations. Defendants, through failing to disclose a known defect to Southern Homes, and misrepresenting their product as safe for its intended use, actively concealed from Southern Homes the true risks associated with their drywall.

24.

As a result of Defendants' actions, Southern Homes could not reasonably know or have learned through reasonable diligence, and within certain applicable prescriptive periods, of the manufacturing defects inherent in the drywall. That Southern Homes had been exposed to the risks alleged herein and that those risks were a direct and proximate result of Defendants' acts and omissions were also concealed by Defendants.

25.

Furthermore, Defendants are estopped from relying on any statutes of limitation because of their fraudulent concealment.

26.

Southern Homes had no knowledge that Defendants were engaged in the wrongdoing alleged herein. Moreover, Southern Homes could not have reasonably discovered the wrongdoing precisely because of the fraudulent acts of concealment by the Defendants.

27.

Moreover, to the extent this action is required as an indemnification or contribution action for any action brought against Southern Homes, the prescriptive period has not yet even begun to commence.

5

## CAUSE OF ACTION I

## BREACH OF EXPRESS WARRANTIES

28.

Southern Homes incorporates by reference each of the preceding allegations as though fully set forth herein.

29.

Defendants expressly warranted that their drywall was well accepted by homebuilders.

30.

Defendants' drywall did not conform to these express representations because it was defective. As a direct and proximate result of the breach of said warranties, Southern Homes suffered, will continue to suffer, and is at an increased risk to suffer extensive damage and economic loss.

31.

Southern Homes relied on the express warranties made by Defendants.

32.

Defendants breached those warranties, as Defendants' drywall was defective.

33.

Defendants expressly represented to Southern Homes that their drywall was fit for use for the purposes intended, that their drywall was of merchantable quality, and that it was adequately tested and fit for its intended use.

34.

Defendants knew or should have known that the aforesaid representations and warranties were false, misleading and untrue in that Defendants' drywall is not fit for the use intended.

35.

As a result of the foregoing acts and omissions, Southern Homes may be required to incur substantial repair and replacement costs, including but not limited to repairs for appliances, incidental and other related expenses. Southern Homes further alleges that it may in the future be

6

required to pay for additional repairs and/or replacement costs, and/or other items.

## CAUSE OF ACTION II

## REDHIBITION

36.

Southern Homes incorporates by reference each of the preceding allegations as though fully set forth herein.

37.

This action is an action against IE Building, IE Enterprises, and Cortez ("IE Building") for breach of the implied warranty of merchantability under Louisiana Law.

38.

IE Building are sellers of gypsum drywall.

39.

Southern Homes entered into contracts with IE Building to purchase gypsum drywall that was to be installed in several Louisiana parishes, including Orleans Parish.

40.

As seller, IE Building knew that its gypsum drywall possessed redhibitory defects, but omitted to declare it. IE Building is therefore liable under Louisiana Civil Code article 2545.

41.

As a result of the foregoing acts and omissions, Southern Homes may be required to incur substantial repair and replacement costs, and other related expenses. Southern Homes further alleges that it may in the future be required to pay for additional repairs and/or replacement costs, and/or other items.

## CAUSE OF ACTION III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

42.

Southern Homes incorporates by reference each of the preceding allegations as though fully set forth herein.

7

43.

Pursuant to Louisiana law, IE Building warranted that its gypsum drywall was merchantable and reasonably fit for the ordinary purpose for which gypsum drywall is used.

44.

IE Building breached the implied warranty of merchantability by selling certain gypsum drywall that was defective and not reasonably fit for the ordinary purpose for which gypsum drywall is used.

45.

The drywall supplied by IE Building and installed by Southern Homes is defective.

46.

As a result of IE Building's breach of the implied warranty of merchantability, Southern Homes has suffered and continues to suffer damages.

47.

As a result of the foregoing acts and omissions, Southern Homes may be required to incur substantial repair and replacement costs, and other related expenses. Southern Homes further alleges that it may in the future be required to pay for additional repairs and/or replacement costs, and/or other items.

CAUSE OF ACTION IV

BREACH OF IMPLIED WARRANTY
OF FITNESS FOR A PARTICULAR PURPOSE

48.

Southern Homes incorporates by reference each of the preceding allegations as though fully set forth herein.

49.

This action is an action against IE Building for breach of the implied warranty of fitness for a particular purpose under Louisiana law.

50.

IE Building is a merchant of gypsum drywall.

8.

51.

Southern Homes entered into contracts with IE Building to purchase gypsum drywall.

52.

IE Building had reason to know that its gypsum drywall was being purchased for the particular purpose of being installed in residential homes constructed or remodeled by Southern Homes, and that Southern Homes was relying on IE Building's skill and judgment to select and furnish gypsum drywall that was suitable for this particular purpose.

53.

Southern Homes relied on IE Building's judgment in supplying and selling gypsum drywall that was suitable for the particular purpose of being installed in residential homes.

54.

Pursuant to Louisiana law, IE Building warranted that the gypsum drywall was fit for the particular purpose of being installed in residential homes.

55.

IE Building breached the implied warranty of fitness for a particular purpose by selling certain gypsum drywall that was defective and not fit for the particular purpose of being installed in residential homes.

56.

The drywall supplied and sold by IE Building and installed by Southern Homes is defective.

57.

As a result of IE Building's breach of the implied warranty of fitness, Southern Homes has suffered and continues to suffer damages.

58.

As a result of the foregoing acts and omissions, Southern Homes may be required to incur substantial repair and replacement costs, and other related expenses. Southern Homes further alleges that it may in the future be required to pay for additional repairs and/or replacement costs, and/or other items.

9

CAUSE OF ACTION V

PRODUCTS LIABILITY

59.

Southern Homes incorporates by reference each of the preceding allegations as though fully set forth herein.

60.

The defective gypsum drywall installed by Southern Homes was supplied by IE Building. Upon information and belief, some of the defective drywall installed by Southern Homes was sent from the Chinese Drywall Manufacturers directly to IE Building.

61.

The drywall supplied or sold by IE Building is defective as provided in Louisiana Revised Statute section 9:2800.55 et seq.

62.

IE Building failed to use reasonable care to provide an adequate warning of the defective qualities of its drywall.

63.

Further, IE Building, after the product left its control, acquired knowledge of a characteristic of the drywall that may cause damage (or, alternatively, IE Building would have acquired such knowledge if it had acted as a reasonably prudent supplier), and thus is liable for damages suffered by Southern Homes.

64.

By reason of the foregoing, Southern Homes experienced, and is at risk of experiencing, financial damage and injury.

65.

As a result of the foregoing acts and omissions, Southern Homes may be required to undertake extensive remedial action, and may therefore incur repair and replacement costs, and other related expenses. Southern Homes further alleges that it may in the future be required to pay for

10

additional repairs and/or replacement costs, and/or other items.

## CAUSE OF ACTION VI

### BAD FAITH BREACH OF CONTRACT

66.

Southern Homes incorporates by reference each of the preceding allegations as though fully set forth herein.

67.

Southern Homes entered into a contract with IE Building wherein IE Building agreed to supply Southern Homes with drywall fit for installation in residential buildings.

68.

IE Building breached its contract to undertake that work by providing Southern Homes with defective drywall as described *supra*.

69.

Southern Homes performed its obligations under the contract.

70.

The breach of contract by IE Building is in bad faith, and, pursuant to Louisiana Civil Code article 1997, IE Building is an obligor in bad faith. As such, Southern Homes is entitled to all damages, whether foreseeable or not, that are a direct result of IE Building's breach, including attorney's fees.

## CAUSE OF ACTION VII

### NEGLIGENCE OR GROSS NEGLIGENCE

71.

Southern Homes incorporates by reference each of the preceding allegations as though fully set forth herein.

72.

Defendants owed a duty to Southern Homes to exercise reasonable and ordinary care in the marketing, advertising, and sale of the drywall.

11

73.

Defendants breached their duty to Southern Homes by marketing, advertising, and selling to Southern Homes defective drywall by failing to warn Southern Homes of the defective nature of the drywall; and by failing to remove the drywall from the marketplace or take other appropriate corrective action.

74.

Defendants knew or reasonably should have known that the drywall was defective.

75.

Defendants' conduct also constituted gross negligence, as it constituted an utter lack of prudence and a conscious disregard of Southern Homes's rights.

76.

As a result of the foregoing acts and omissions, Southern Homes may be required to undertake extensive remedial action, and may therefore incur repair and replacement costs, and other related expenses. Southern Homes further alleges that it may in the future be required to pay for additional repairs and/or replacement costs, and/or other items.

CAUSE OF ACTION VIII

UNJUST ENRICHMENT

77.

Southern Homes incorporates by reference each of the preceding allegations as though fully set forth herein.

78.

Defendants have been unjustly enriched in that they have wrongfully acquired a benefit, i.e., funds and profits, by their wrongful behavior described above.

79.

Defendants have continued to acquire funds and profits despite their knowledge of the defective nature of the drywall they marketed and sold.

12

80.

The circumstances under which the Defendants profited from the sale of the drywall make it inequitable for them to retain those funds and profits.

81.

Southern Homes requests that Defendants be ordered to disgorge all or part of their "ill-gotten" profits received from the sale of the defective drywall, and/or make full restitution to Southern Homes.

CAUSE OF ACTION IX

INDEMNITY

82.

Southern Homes incorporates by reference each of the preceding allegations as though fully set forth herein.

83.

Defendants marketed, distributed and sold the defective drywall that was installed by Southern Homes.

84.

The defective drywall distributed by Defendants has caused damage to the to the property on which Southern Homes installed the defective drywall.

85.

As a result of the defective drywall, Southern Homes may be required to undertake extensive remedial action, and may therefore incur repair and replacement costs, and other related expenses. Southern Homes further alleges that it may in the future be required to pay for additional repairs and/or replacement costs, and/or other items.

86.

Southern Homes is entirely without fault for the damages caused by the defective drywall.

87.

As the distributor of the defective drywall, Defendants are solely liable for all damages

13

resulting the defective drywall.

88.

Because Southern Homes, through no fault of its own, may be vicariously or constructively liable for the defective drywall sold and distributed by Defendants, a special relationship exists between Southern Homes and the Defendants. Pursuant to said relationship, Southern Homes has the right to be indemnified for all damages sustained as a result of Defendants' defective drywall, including reasonable attorney's fees and the costs incurred in connection with this lawsuit.

PRAYER FOR RELIEF

WHEREFORE, Southern Homes demands judgment against the Defendants, jointly and severally, as follows:

a. Equitable, injunctive, and declaratory relief;

b. Damages in an amount to be determined at trial;

c. Pre-judgment and post-judgment interest at the maximum rate allowable at law;

d. The costs and disbursements incurred by Southern Homes in connection with this action, including reasonable attorneys' fees;

e. All damages and statutory damages, foreseeable or not;

f. Disgorgement of Defendants' profits from the sale of drywall;

g. Reimbursement for all costs and expenses incurred in repair and any purchase price paid, including, but not limited to, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled;

h. Such other and further relief under all applicable state and federal law and any other relief the Court deems just and appropriate.

14

Respectfully submitted,

JAMES M. GARNER #19589
MARTHA Y. CURTIS #20446
MATTHEW C. CLARK #31102
SHER GARNER CAHILL RICHTER KLEIN
& HILBERT, L.L.C.
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS FOR SOUTHERN HOMES, LLC;
SOUTHERN HOMES RESTORATIONS, LLC;
SOUTHERN HOMES AL, INC.; TALLOW CREEK,
LLC; GRAY'S CREEK OF LOUISIANA, LLC; AND
SPRINGHILL, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all by depositing same in the United States Mail, properly addressed and postage prepaid, or via facsimile transmission, and/or electronic mail transmission this 25 day of June 2009.

JAMES M. GARNER

## SERVICE INSTRUCTIONS:

Please serve Petition and Citation on:

Interior/Exterior Building Supply, L.P.
Through its general partner Interior/Exterior Enterprises, L.L.C.
Through its registered agent: Clayton C. Geary
727 S. Cortez Street
New Orleans, LA 70119

Interior/Exterior Enterprises, L.L.C.
Through its registered agent: Clayton C. Geary
727 S. Cortez Street
New Orleans, LA 70119

15

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

South Cortez, L.L.C.
Through its registered agent: Clayton C. Genry
727 S. Cortez Street
New Orleans, LA 70119

16

FILED

2009 JUL 14 A 10 25

CIVIL
DISTRICT COURT

SOUTHERN HOMES, LLC, ET AL.                    NO. 2009-6564   DIVISION "J"

    Plaintiff

versus                                         CIVIL DISTRICT COURT

INTERIOR/EXTERIOR BUILDING                     PARISH OF ORLEANS
SUPPLY, LP; INTERIOR/EXTERIOR                  STATE OF LOUISIANA
ENTERPRISES, LLC; SOUTH CORTEZ, LLC

    Defendant

FILED: _____          _____
                                                  DEPUTY CLERK

## FIRST SUPPLEMENTAL AND AMENDING
## PETITION FOR DAMAGES

Plaintiffs, Southern Homes, LLC; Southern Homes Renovations, LLC; Southern Homes AL,

Inc.; Tallow Creek, LLC; Gray's Creek of Louisiana, LLC; and Springhill, LLC (collectively

"Southern Homes") hereby amend and supplement their original petition pursuant to Louisiana Civil

Code article 1151 to include the following paragraphs:

Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard Tianjin Co., Ltd. ("Knauf Tianjin"); and

Taishan Gypsum Co. Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd. ("Taishan") (collectively "the

Chinese Drywall Manufacturer Defendants") are hereby made Defendants.

### INTRODUCTION

#### The Defendants

8a.

Knauf Gips is a global group of companies that manufactures and supplies building materials,

including drywall for use in domestic buildings. Knauf Gips was established in 1932 in Perl an der

Mosel, Germany and now operates more than 150 production sites worldwide. It is a German

corporation doing business in the State of Louisiana and is the parent company of Knauf Tianjin.

Knauf Gips maintains its United States headquarters at One Knauf Drive, Shelbyville, IN 46176.

8b.

In 1995, Knauf Gips introduced its production techniques and technology into China. Knauf

1

Gips's production facilities in China located operate under the control of Knauf Gips's headquarters in Germany.

8c.

Knauf Gips manufactured, sold, distributed, marketed and placed into the stream of commerce drywall with the expectation that the drywall would be purchased by thousands of consumers within Louisiana. Knauf Gips has continuously and systematically distributed and sold drywall to numerous purchasers in Louisiana. Knauf Gips's drywall was also installed in numerous homes in Louisiana.

8d.

Knauf Tianjin is a Chinese corporation with its principal place of business located at North Yinhe Bridge, East Jingjin Road, Beichen District, Tianjin, 300400 P.R.C., and at all times material, conducted business in Louisiana. Knauf Tianjin is the actual and/or apparent agent of Knauf Gips. Like Knauf Gips, Knauf Tianjin has continuously and systematically distributed and sold drywall to numerous purchasers in Louisiana. Knauf Tianjin's drywall was also installed in numerous homes in Louisiana.

8e.

Knauf Tianjin and/or Knauf Gips manufactured and sold, directly and indirectly, to certain suppliers in Louisiana, including IE Building, defective gypsum drywall that was ultimately sold to Southern Homes. By selling and shipping substantial quantities of drywall in Louisiana and by hiring agents within Louisiana to investigate the very allegations at issue in this lawsuit, Knauf Gips and/or Knauf Tianjin purposefully availed themselves of the jurisdiction of this Court.

8f.

Taishan is a Chinese corporation with its principal address located at Dawenkou, Taian, Shandong, China 271026, and at all times material, conducted business in Louisiana. Taishan is involved in the manufacturing and sale of gypsum drywall. Upon information and belief, Taishan manufactured, sold, distributed, marketed and placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers within

2

Louisiana.

8g.

Taishan has continuously and systematically distributed and sold drywall to numerous purchasers in the State of Louisiana and its drywall was installed in numerous homes in Louisiana. Taishan manufactured and sold, directly and indirectly, to certain suppliers in Louisiana, including IE Building, defective gypsum drywall that was ultimately sold to Southern Homes. Moreover, Taishan purposefully availed itself of the jurisdiction of this Court by selling and shipping substantial quantities of drywall into Louisiana.

## JURISDICTION AND VENUE

14a.

Pursuant to Louisiana Code of Civil Procedure articles 42(2) and 73(A) also, venue for this suit is proper in Orleans Parish.

15a.

Pursuant to the Constitution of Louisiana, Louisiana Revised Statute section 13:3201, and Louisiana Code of Civil Procedure article 6, this Court has personal jurisdiction over Knauf Gips, Knauf Tianjin and Taishan because they are engaged in substantial activity within Louisiana. Southern Homes's causes of action arise directly from the outside-Louisiana activity or omissions of Knauf Gips, Knauf Tianjin, and Taishan—personally or through their agents—that caused and continues to cause injury to Southern Homes and to property within Louisiana. At the time of injury, products manufactured by Knauf Gips, Knauf Tianjin, and Taishan were used and consumed within Louisiana in the ordinary course of commerce, trade, or use.

## GENERAL ALLEGATIONS

18a.

The drywall manufactured and distributed by the Chinese Drywall Manufacturer Defendants is defective and is unfit for its ordinary or intended uses.

3

CAUSE OF ACTION II

REDHIBITION

37a.

This action is also an action against the Chinese Drywall Manufacturer Defendants for breach of the implied warranty of merchantability under Louisiana Law.

38a.

The Chinese Drywall Manufacturer Defendants are manufacturers of gypsum drywall.

40a.

As manufacturers, the Chinese Drywall Manufacturer Defendants knew that their gypsum drywall possessed redhibitory defects, but omitted to declare it. The Chinese Drywall Manufacturer Defendants are therefore liable under Louisiana Civil Code article 2545.

CAUSE OF ACTION III

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

43a.

Pursuant to Louisiana law, the Chinese Drywall Manufacturer Defendants warranted that their drywall was merchantable and reasonably fit for the ordinary purpose for which drywall is used.

44a.

The Chinese Drywall Manufacturer Defendants breached the implied warranty of merchantability by manufacturing and selling certain gypsum drywall that was defective and not reasonably fit for the ordinary purpose for which gypsum drywall is used.

45a.

The drywall manufactured by the Chinese Drywall Manufacturer Defendants and installed by Southern Homes is defective.

46a.

As a result of the Chinese Drywall Manufacturer Defendants' breach of the implied warranty of merchantability, Southern Homes has suffered and continues to suffer damages.

4

CAUSE OF ACTION IV

BREACH OF IMPLIED WARRANTY
OF FITNESS FOR A PARTICULAR PURPOSE

49a.

This action is also an action against the Chinese Drywall Manufacturer Defendants for breach

of the implied warranty of fitness for a particular purpose under Louisiana law.

50a.

The Chinese Drywall Manufacturer Defendants are manufacturers of drywall.

52a.

The Chinese Drywall Manufacturer Defendants had reason to know that their drywall was

being purchased for the particular purpose of being installed in residential homes and that home

builders, including Southern Homes, were relying on the Chinese Drywall Manufacturer Defendants'

skill and judgment to manufacture and distribute drywall that was suitable for this particular purpose.

53a.

Southern Homes relied on the Chinese Drywall Manufacturer Defendants' judgment in

manufacturing and distributing drywall that was suitable for the particular purpose of being installed

in residential homes.

54a.

Pursuant to Louisiana law, the Chinese Drywall Manufacturer Defendants warranted that the

drywall was fit for the particular purpose of being installed in residential homes.

55a.

The Chinese Drywall Manufacturer Defendants breached the implied warranty of fitness for

a particular purpose by manufacturing and distributing certain drywall that was defective and not fit

for the particular purpose of being installed in residential homes.

56a.

The drywall manufactured and distributed by the Chinese Drywall Manufacturer Defendants

and installed by Southern Homes is defective.

57a.

As a result of the Chinese Drywall Manufacturer Defendants' breach of the implied warranty of fitness, Southern Homes has suffered and continues to suffer damages.

## CAUSE OF ACTION V

### PRODUCTS LIABILITY

60a.

The defective gypsum drywall installed by Southern Homes was manufactured by the Chinese Drywall Manufacturer Defendants.

61a.

The drywall manufactured by the Chinese Drywall Manufacturer Defendants is defective as provided in Louisiana Revised Statute section 9:2800.55 et seq.

62a.

The Chinese Drywall Manufacturer Defendants failed to use reasonable care to provide an adequate warning of the defective qualities of their drywall.

63a.

Further, the Chinese Drywall Manufacturer Defendants, after the product left their control, acquired knowledge of a characteristic of the drywall that may cause damage (or, alternatively, the Chinese Drywall Manufacturer Defendants would have acquired such knowledge if they had acted as a reasonably prudent manufacturers), and thus are liable for damages suffered by Southern Homes.

## CAUSE OF ACTION VII

### NEGLIGENCE OR GROSS NEGLIGENCE

72a.

The Chinese Drywall Manufacturer Defendants owed a duty to Southern Homes to exercise reasonable and ordinary care in the manufacture, distribution, marketing, and sale of their drywall.

73a.

The Chinese Drywall Manufacturer Defendants breached their duty to Southern Homes by manufacturing, distributing, marketing, advertising, and selling to Southern Homes defective drywall.

6

by failing to warn Southern Homes of the defective nature of the drywall; and by failing to remove the drywall from the marketplace or take other appropriate corrective action.

## CAUSE OF ACTION VIII

### UNJUST ENRICHMENT

79a.

The Chinese Drywall Manufacturer Defendants have continued to acquire funds and profits, despite their knowledge of the defective nature of the drywall they manufactured, marketed and sold.

## CAUSE OF ACTION IX

### INDEMNITY

83a.

The Chinese Drywall Manufacturer Defendants manufactured, marketed, distributed and sold the defective drywall that was installed by Southern Homes.

87a.

As the manufacturer of the defective drywall, the Chinese Drywall Manufacturer Defendants are solely liable for all damages resulting the defective drywall.

## CAUSE OF ACTION X

### FRAUDULENT MISREPRESENTATION

(Against Chinese Drywall Manufacturer Defendants)

89.

Southern Homes incorporates by reference each of the preceding allegations as well as those made in Southern Homes's original Petition for Damages as though fully set forth herein.

90.

The Chinese Drywall Manufacturer Defendants falsely and fraudulently represented that their drywall had been tested and was found to be effective for use.

91.

Such representations were, in fact, false.

92.

When said representations were made by the Chinese Drywall Manufacturer Defendants, upon information and belief, they knew those representations to be false. The Chinese Drywall Manufacturer Defendants willfully, wantonly, and recklessly disregarded whether the representations were true.

93.

These representations were made by the Chinese Drywall Manufacturer Defendants with the intent of defrauding and deceiving Southern Homes and the consuming public, all of which evinced reckless, willful, indifference to the health, safety and welfare of Southern Homes and its customers.

94.

At the time the aforesaid representations were made by the Chinese Drywall Manufacturer Defendants, Southern Homes was unaware of the falsity of said representations and reasonably believed them to be true.

95.

In reliance upon said representations, Southern Homes built and refurbished several residences using the Chinese Drywall Manufacturer Defendants' drywall thereby sustaining damage and injury and incurring an increased risk of sustaining additional damage and injury in the future.

96.

The Chinese Drywall Manufacturer Defendants knew or should have been aware that their drywall had not been sufficiently tested, was defectively manufactured, or lacked adequate warnings.

97.

The Chinese Drywall Manufacturer Defendants knew or should have known that their drywall had a potential to, could, and would cause damage and injury to home builders like Southern Homes.

98.

The Chinese Drywall Manufacturer Defendants brought their drywall to the market, acting fraudulently, wantonly, and maliciously to the detriment of Southern Homes.

8

99.

Due to the Chinese Drywall Manufacturer Defendants' conduct, Southern Homes experienced and is at risk of further exposure to financial damage and injury.

100.

As a result of the foregoing acts and omissions, Southern Homes will be required to incur substantial repair and replacement costs, and other related expenses. Southern Homes further alleges that it may in the future be required to pay for additional repairs and/or replacement costs, and/or other items.

## CAUSE OF ACTION XI

### VIOLATION OF THE DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

(Against the Chinese Drywall Manufacturer Defendants)

101.

Southern Homes incorporates by reference each of the preceding allegations as well as those made in Southern Homes's original Petition for Damages as though fully set forth herein.

102.

This action is brought to secure redress for the unlawful, deceptive and unfair trade practices perpetrated by the Chinese Drywall Manufacturer Defendants.

103.

Southern Homes' is a "consumer," and the transactions at issue in this suit are "trade or commerce" as defined by Louisiana Law, particularly the Louisiana Unfair Trade Practices Act ("LUTPA") at Louisiana Revised Statute section 51:1401, et seq.

104.

The Chinese Drywall Manufacturer Defendants' actions or omissions as described herein violate Louisiana Law, which was enacted to protect the consuming public from those who engage in unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

105.

The Chinese Drywall Manufacturer Defendants misrepresented or omitted material

9

information regarding their drywall.

106.

The Chinese Drywall Manufacturer Defendants' misrepresentations and concealment of material facts constitute unconscionable commercial practices, deception, fraud, false pretenses, misrepresentation, or the knowing concealment, suppression, or omission of materials facts with the intent that others rely on such in connection with the sale and use of the Chinese Drywall Manufacturer Defendants' drywall.

107.

The Chinese Drywall Manufacturer Defendants violated Louisiana Law, by knowingly and falsely representing that their drywall was fit to be used for the purpose for which it was intended, when they knew it was ineffective and unsafe.

108.

The Chinese Drywall Manufacturer Defendants engaged in the deceptive acts and practices alleged herein in order to sell their drywall to the public, including Southern Homes.

109.

Said acts and practices on the part of the Chinese Drywall Manufacturer Defendants were and are illegal and unlawful pursuant to Louisiana Law.

110.

As a direct and proximate result of the Chinese Drywall Manufacturer Defendants' violations of Louisiana Law, Southern Homes has suffered damages, and will continue to suffer damages. Southern Homes is therefore entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs and reasonable attorney's fees.

CAUSE OF ACTION XII

VICARIOUS LIABILITY OF KNAUF GIPS

111.

Southern Homes incorporates by reference each of the preceding allegations as well as those in Southern Homes's original Petition for Damages as though fully set forth herein.

10.

112.

This action is an action for vicarious liability against Knauf Gips for the negligent and wrongful acts of its actual and/or apparent agent, Defendant Knauf Tianjin, such as the breach of implied warranties to Southern Homes.

113.

Defendant Knauf Gips, a global group of companies, established Knauf Tianjin in China and at all times material, exercised control over Knauf Tianjin's operations in accordance with the requirements of Knauf Gips' headquarters in Germany. Knauf Gips is, and at all times material was, responsible for implementing and supervising the quality control measures to be used by Knauf Tianjin.

114.

Upon information and belief, Knauf Gips supervises, monitors, and controls Knauf Tianjin's daily conduct and operations, including the manufacturing, distribution, marketing and sale of Knauf Tianjin's drywall products. Furthermore, upon information and belief, Knauf Gips is responsible for establishing, implementing, supervising and maintaining the quality control mechanisms governing Knauf Tianjin.

115.

As such, Knauf Gips is vicariously liable for all of the damages caused by the negligent and wrongful conduct of its actual and/or apparent agent, Knauf Tianjin.

116.

As a result of Knauf Gips's and/or Knauf Tianjin's negligent and wrongful conduct, Southern Homes has suffered and will continue to suffer damages.

117.

As a result of the foregoing acts and omissions, Southern Homes may be required to perform extensive reconstruction and repairs and may incur repair and replacement costs, including but not limited to appliances, incidental and other related expenses. Southern Homes further alleges that it may in the future be required to pay for additional repairs or replacement costs, and other items.

11

PRAYER FOR RELIEF

WHEREFORE, Southern Homes demands judgment against the Defendants, jointly and severally, as follows:

a.      Equitable, injunctive, and declaratory relief;

b.      Damages in an amount to be determined at trial;

c.      Pre-judgment and post-judgment interest at the maximum rate allowable at law;

d.      The costs and disbursements incurred by Southern Homes in connection with this action, including reasonable attorneys' fees;

e.      All damages and statutory damages, foreseeable or not;

f.      Disgorgement of Defendants' profits from the sale of drywall;

g.      Reimbursement for all costs and expenses incurred in repair and any purchase price paid, including, but not limited to, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled;

h.      Such other and further relief under all applicable state and federal law and any other relief the Court deems just and appropriate.

Respectfully submitted,

JAMES M. GARNER #19589
MARTHA Y. CURTIS #20446
MATTHEW C. CLARK #31102
SHER GARNER CAHILL RICHTER KLEIN
& HILBERT, L.L.C.
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS FOR SOUTHERN HOMES, LLC;
SOUTHERN HOMES RESTORATIONS, LLC;
SOUTHERN HOMES AL, INC.; TALLOW CREEK,
LLC; GRAY'S CREEK OF LOUISIANA, LLC; AND
SPRINGHILL, LLC.

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

12

<u>SERVICE INSTRUCTIONS:</u>

Please serve Petition and Citation on the following:

Knauf Insulation
Via Louisiana Long Arm Statute:
Through personal service on any employee of suitable age and discretion
One Knauf Drive
Shelbyville, IN 46176

Taishan Gypsum Co., Ltd.
Via Hague Service Convention:
Dawenkou
Taian, Shandong
China 271026
86-538-8812-677

Interior/Exterior Building Supply, L.P.
Through its general partner Interior/Exterior Enterprises, L.L.C.
Through its registered agent:
Clayton C. Geary
727 S. Cortez Street
New Orleans, LA 70119

Interior/Exterior Enterprises, L.L.C.
Through its registered agent:
Clayton C. Geary
727 S. Cortez Street
New Orleans, LA 70119.

South Cortez, L.L.C.
Through its registered agent:
Clayton C. Geary
727 S. Cortez Street
New Orleans, LA 70119

13

FILED

SOUTHERN HOMES, LLC, ET AL.

    Plaintiff

versus

INTERIOR/EXTERIOR BUILDING
SUPPLY, LP; INTERIOR/EXTERIOR
ENTERPRISES, LLC; SOUTH CORTEZ, LLC

    Defendant

NO. 2009-6564   DIVISION "J"

2010 JAN 19  P 4: 17

CIVIL
DIS-

CIVIL DISTRICT COURT

PARISH OF ORLEANS
STATE OF LOUISIANA

FILED: _____        _____
                                          DEPUTY CLERK

## SECOND SUPPLEMENTAL AND AMENDING
## PETITION FOR DAMAGES

Plaintiffs, Southern Homes, LLC; Southern Homes Renovations, LLC; Southern Homes AL

Inc.; Tallow Creek, LLC; Gray's Creek of Louisiana, LLC; and Springhill, LLC (collectively

"Southern Homes"), hereby amend and supplement their petition pursuant to Louisiana Civil Code

article 1151 to include the following paragraphs:

Graf's Drywall, L.L.C. and its insurers, Bankers Insurance Company ("Bankers Ins."); First

Financial Insurance Company ("First Financial Ins."); and Western World Insurance Company

("Western World Ins.") are hereby made Defendants.

## INTRODUCTION

### The Defendants

8h.

Graf's is a Louisiana Limited Liability Company doing business in the state of Louisiana.

Graf's was the exclusive installer of drywall in homes constructed or improved by Southern Homes

in Louisiana.

8i.

Bankers Ins. is a foreign insurance provider and is the insurer of Graf's for the claims

Southern Homes is asserting against it.

FILED

'0 JAN 19 P 4: 17

CIVIL
DISTRICT COURT

8j.

First Financial is a foreign insurance provider and is the insurer of Graf's for the claims

Southern Homes is asserting against it.

8k.

Western World is a foreign insurance provider and is the insurer of Graf's for the claims

Southern Homes is asserting against it.

JURISDICTION AND VENUE

15b.

This direct action against Bankers Ins., First Financial Ins., and Western World Ins. is proper

pursuant to Louisiana Revised Statute § 22:1269(B).

GENERAL ALLEGATIONS

18b.

Southern Homes avers that, if it has any legal liability or sustains any damages relating to

Chinese drywall, Graf's and its insurers, Bankers Ins., First Financial Ins., and Western World Ins.,

are liable to Southern Homes for the same.

CAUSE OF ACTION VII

NEGLIGENCE OR GROSS NEGLIGENCE

72b.

Any liability or damages suffered by Southern Homes relating to Chinese drywall was caused

by negligent installation of or failure to inspect drywall by Graf's.

CAUSE OF ACTION IX

INDEMNITY

83b.

Southern Homes and Graf's entered into various agreements wherein Graf's agreed to install

drywall. The agreements require Graf's to indemnify and hold harmless Southern Homes from and

against any and all damages rendered against Southern Homes relating to drywall.

FILED

2010 JAN 19 P 4: 17

CIVIL
DISTRICT COURT

87b.

Southern Homes is seeking contribution and indemnity from Graf's for its defense costs against and any and all judgments and awards that may be rendered against Southern Homes.

87c.

Alternatively, Graf's was to have procured insurance naming Southern Homes as an additional insured. Based upon the issuance of said policies, Graf's and its insurers are obligated to provide Southern Homes indemnity coverage and defense in this matter.

PRAYER FOR RELIEF

WHEREFORE, Southern Homes demands judgment against the Defendants, jointly and severally, as follows:

a. Equitable, injunctive, and declaratory relief;

b. Damages in an amount to be determined at trial;

c. Pre-judgment and post-judgment interest at the maximum rate allowable at law;

d. The costs and disbursements incurred by Southern Homes in connection with this action, including reasonable attorneys' fees;

e. All damages and statutory damages, foreseeable or not;

f. Disgorgement of Defendants' profits from the sale of drywall;

g. Reimbursement for all costs and expenses incurred in repair and any purchase price paid, including, but not limited to, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled;

h. Contribution and indemnity for its defense costs against and any and all judgments and awards that may be rendered against Southern Homes.

i. Indemnity coverage and defense in this matter.

j. Such other and further relief under all applicable state and federal law and any other relief the Court deems just and appropriate.

FILED

2010 JAN 19 P 4: 17

CIVIL
DISTRICT COURT

Respectfully submitted,

JAMES M. GARNER #19589
MARTHA Y. CURTIS #20446
MATTHEW C. CLARK #31102
SHER GARNER CAHILL RICHTER KLEIN
& HILBERT, L.L.C.
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS FOR SOUTHERN HOMES, LLC;
SOUTHERN HOMES RESTORATIONS; LLC;
SOUTHERN HOMES AL, INC.; TALLOW CREEK,
LLC; GRAY'S CREEK OF LOUISIANA, LLC; AND
SPRINGHILL, L.L.C.

SERVICE INSTRUCTIONS:

Please serve Petition, First and Second Supplemental and Amending Petition and Citation on the
following:

Bankers Insurance Company
Through the Louisiana Secretary of State

First Financial Insurance Company
Through the Louisiana Secretary of State

Western World Insurance Company
Through the Louisiana Secretary of State

PLEASE ISSUE CITATION FOR LONG-ARM SERVICE AND RETURN TO
COUNSEL FOR SOUTHERN HOMES FOR SERVICE OF SAME

Graf's Drywall, LLC
Through its member, Doryk Graf
93 American Way
Picayune, MS 39460

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.