```
 1          CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
 2                         STATE OF LOUISIANA
 3                    SOUTHERN HOMES, LLC ET AL
 4                              VERSUS
 5          INTERIOR/EXTERIOR BUILDING SUPPLY, LP ET AL
 6     CASE NUMBER: 2009-06564                    DIVISION M
 7     _____
 8     ********************************************************
 9     _____
10          Transcript of the Rule Hearing held in the
11     above-captioned matter on Thursday, February 3, 2011,
12     before the Honorable Paulette Irons, Judge Presiding.
13
14     APPEARANCES:
15        JAMES M. GARNER, ESQ., MARTHA Y. CURTIS, ESQ., AND
16        MATTHEW C. CLARK, ESQ.
17             Representing the Plaintiffs, Southern Homes,
18             LLC Et Al
19        RICHARD G. DUPLANTIER, JR., ESQ.
20             Representing the Defendants, Interior/Exterior
21             Building Supply, LP Et Al
22        DREW R. BALLINA, ESQ.
23             Representing the Defendant L.A. Homes, Inc.
24
25
26
27
28
29
30     REPORTED BY:
31     Melinda M. Hebert, CCR, RPR
32     Official Court Reporter
```

**ORIGINAL**

**EXHIBIT B-3**

```
 1                    P R O C E E D I N G S
 2                 THURSDAY, FEBRUARY 3, 2011
 3    *    *    *    *    *    *    *    *    *    *    *    *    *    *
 4  THE COURT:
 5             Southern Homes.  Southern Homes versus
 6        Interior/Exterior Building Supply Et Al.
 7  MR. GARNER:
 8             Good morning, your Honor.
 9  MR. DUPLANTIER:
10             Good morning, your Honor.
11  THE COURT:
12             I didn't see your name, Mr. Garner, on
13        my --
14  MR. GARNER:
15             You forgot all about me.  I'm hurt.
16  THE COURT:
17             For the record, for the record, would the
18        attorneys make their appearances.
19  MR. GARNER:
20             James Garner and Martha Curtis for the
21        plaintiffs.
22  MR. DUPLANTIER:
23             Richard Duplantier for Interior/Exterior
24        Building Supply, LP, your Honor, and the
25        Interior/Exterior defendants.
26  THE COURT:
27             Okay.  I'm not going to let you all argue
28        long.
29  MR. BALLINA:
30             Judge, excuse me -- Drew Ballina on behalf
31        of L.A. Homes --
32  THE COURT:
```

1           L.A. Homes? Okay.
2           Mr. Garner, I have "Matthew Clark" here.
3      Who's Matthew Clark?
4  MR. GARNER:
5           He's my colleague.
6  THE COURT:
7           Okay. In that case --
8  MR. CLARK:
9           I'm right here, your Honor.
10 THE COURT:
11          You have excellent, you have excellent
12     arguments. They're excellent.
13 MR. CLARK:
14          Thank-you, your Honor. Well, they're ours
15     but thank-you very much.
16 THE COURT:
17          Yes, they are. However, I do believe that
18     they're premature. I think they're a little
19     premature and I'll tell you why, because I
20     looked at -- there needs to be some discovery
21     to make sure that Southern Homes has not
22     done -- they'd have clean hands, right, because
23     you want full indemnification; is that
24     correct?
25 MR. GARNER:
26          Correct.
27 THE COURT:
28          Okay. And so we need to know -- I would
29     like to know from discovery that -- when was
30     the first time Southern Homes was notified
31     about the Chinese drywall, and if they were
32     notified and they immediately called and told

3

1   them about it and didn't sell any additional
2   homes that had Chinese drywall then I would
3   think that you would be entitled to full
4   indemnification. But we don't know that. We
5   don't know that. Maybe it continued or maybe
6   there were other things that went on, and I do
7   think that you need to do some discovery on
8   that.
9       I'm not saying that you can't reurge those
10  once some discovery is done, Mr. Garner.
11 MR. GARNER:
12      All right.
13 THE COURT:
14      Also though, Mr. Garner, you might want to
15  ask your associate -- and you're asking for all
16  inspection costs and other damages. I'd like a
17  little bit more specifics.
18 MR. GARNER:
19      Okay.
20 THE COURT:
21      I don't know what that means, other
22  damages in direct connection with the Chinese
23  drywall. Are those attorney fees or --
24 MR. GARNER:
25      No, no, those are not attorneys fees
26  against INEX where we would have a joint
27  interest back against Knauf and Taisham through
28  the bad -- this was just they're a good faith
29  seller to us.
30 THE COURT:
31      Okay.
32 MR. GARNER:

```
 1                    And actually, this issue is neither of us
 2            knew about it.
 3   MR. DUPLANTIER:
 4                    Right.
 5   MR. GARNER:
 6                    But I get to go up the chain of title --
 7   THE COURT:
 8                    To him.
 9   MR. GARNER:
10                    -- right, through my good friend, Ricky --
11            and we're going to go up together, where he
12            will join me, I'm sure --
13   THE COURT:
14                    Well, if you don't have any problem -- I
15            mean, if you don't want to do any more
16            discovery and --
17   MR. GARNER:
18                    Well, I don't think there's any more --
19   MR. DUPLANTIER:
20                    Judge, here's the issue.  You know, the
21            issue here in this case and all of these other
22            cases is there has to be a determination as to
23            which redhibition statute is going to apply.
24            In this case, if the judge -- if you want to
25            make the determination that we are, in fact, a
26            good faith seller and their recovery is limited
27            to the good faith seller statute, we would urge
28            you to do that.  We've actually filed that
29            motion in the multi-district litigation
30            proceeding saying, "We're a good faith seller
31            and the recovery should be limited under that
32            redhibition statute."  However, we think it's
```

5

1  premature to make that determination because
2  there are factual disputes that are at issue,
3  and I also believe that there are -- this is a
4  prospected request for indemnification, it's
5  not a lot about the statute either.
6      So I think that there does need to be some
7  discovery and I think you need to make a
8  choice, we're a good faith seller and that's
9  it, that's the recovery that's limited against
10 my client. I would love for you to make that
11 determination but I think if you did, it would
12 be premature.
13 MR. GARNER:
14     Yeah, I don't think it's premature because
15 we did only move on good faith. There's no
16 doubt there's a bunch of Chinese -- we had 300
17 homes --
18 THE COURT:
19     Oh, I have no doubt about that.
20 MR. GARNER:
21     Right. And we made demand 18 months ago,
22 they didn't do anything. I'm not saying they
23 had knowledge, I'm certainly going to say
24 Taisham and Knauf had knowledge, which he will
25 -- you will agree, right, Mr. Duplantier?
26 MR. DUPLANTIER:
27     Absolutely, absolutely. We filed a motion
28 that says if you rule in our favor -- if you
29 rule in their favor on this issue then we have
30 to bring in the manufacturer, who's really the
31 bad faith party here.
32 MR. GARNER:

Melinda M. Hebert, CCR, RPR
Civil District Court, Parish of Orleans

1    And that's -- I'll tell the Court that's
2    coming, but under the *Mercedes Benz* case, I've
3    got to go through the chain of title and this
4    is the first chain because we bought from
5    them. I'm saying I didn't know and this motion
6    says Mr. Duplantier didn't know.
7    So under the code, 2531 -- I actually
8    brought the rules today because I know how you
9    are with rules -- that as a good faith seller
10   to me and I have no knowledge -- and in 18
11   months there's no evidence I've had knowledge,
12   and I don't think he's going to want to say he
13   had knowledge either because we're going to go
14   up that chain together. I win this motion on
15   liability only and then we'll come back and
16   tell you what damages we're entitled to.
17 MR. DUPLANTIER:
18   And again, your Honor, as much as I would
19   love for you to make a determination today that
20   that statute applies, it requires you to make a
21   decision that I'm a good faith seller. If you
22   want to make that decision, please do, I would
23   encourage you, but I think it precludes other
24   recovery against my client once you make that
25   decision, and I don't think that's what their
26   motion is asking for and I don't think the
27   other parties who are in litigation with
28   Southern Homes want you to make that
29   determination at this stage of the litigation.
30 THE COURT:
31   Listen, guys, I know you are great
32   lawyers, and I've got a super lawyer in here

7

```
 1              right now.
 2   MR. GARNER:
 3              I'm never going to live that down.
 4   THE COURT:
 5              No, you're not.
 6   MR. DUPLANTIER:
 7              I think she was talking about me too.  I'm
 8        kidding.
 9   THE COURT:
10              Was his name on that list?
11   MR. GARNER:
12              Yes.
13   THE COURT:
14              It was?
15   MR. GARNER:
16              Yeah, it was.
17   THE COURT:
18              Oh, so I've got two super lawyers.
19                   (Laughter)
20              But I still think that some discovery must
21        be done.
22   MR. GARNER:
23              Okay.
24   MR. DUPLANTIER:
25              Thank-you.
26   THE COURT:
27              So that we can make sure that their hands
28        are clean.
29   MR. DUPLANTIER:
30              Our hands are clean.
31   THE COURT:
32              And we'll just move up.  And I will
```

```
 1              address it as soon as you all --
 2  MR. GARNER:
 3              Okay.
 4  THE COURT:
 5              Set some time limit.  Do you need --
 6  MR. GARNER:
 7              Do you really want to do discovery?
 8  THE COURT:
 9              Ninety days?
10  MR. DUPLANTIER:
11              You know, we're under some much stricter
12         scheduling issues in the MDL so --
13  MR. GARNER:
14              Ninety days is fine for us.  Because we're
15         going to have the jurisdictional motions
16         against Taisham and Knauf coming up before
17         you --
18  MR. DUPLANTIER:
19              Correct.
20  MR. GARNER:
21              -- and they're presumed to be in bad
22         faith.  So -- and for the record, we moved
23         under 2531, which says a seller who did not
24         know the thing he sold had a defect so I moved
25         presuming you're in good faith, Ricky.
26  MR. DUPLANTIER:
27              I understand, but what I'm --
28  MR. GARNER:
29              All right.
30  MR. DUPLANTIER:
31              You understand what the issue is.
32  THE COURT:
```

```
 1              will 90 days --
 2   MR. GARNER:
 3              Yes, ma'am; we'll take 90 days.
 4   MR. DUPLANTIER:
 5              Absolutely.
 6   THE COURT:
 7              Call, get a rule, and we can address that.
 8   MR. DUPLANTIER:
 9              Absolutely.
10   MR. GARNER:
11              Thank-you, Judge.
12   THE COURT:
13              You're welcome.
14   *   *   *   *   *   *   *   *   *   *   *   *   *   *
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
```

Melinda M. Hebert, CCR, RPR
Civil District Court, Parish of Orleans

```
1     CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
2                   STATE OF LOUISIANA
3
4                   REPORTER'S CERTIFICATE
5
6          I, Melinda M. Hebert, Certified Court
7    Reporter, Registered Professional Reporter,
8    State of Louisiana, do hereby certify that:
9          I am an Official Court Reporter of
10   the Civil District Court, Parish of Orleans,
11   State of Louisiana, and that as such I reported
12   in stenotype the proceedings held in the
13   within-entitled matter at the time and place
14   therein set forth, and that the same is a full,
15   true, and correct transcription of said
16   stenotype notes as taken by me in said matter
17   to the best of my ability and understanding.
```

*[Signature: Melinda M. Hebert]*

Melinda M. Hebert, CCR, RPR
Official Court Reporter
License No. 90005

March 14, 2011

**OFFICIAL SEAL**
MELINDA M. HEBERT
Certified Court Reporter
in and for the State of Louisiana
Certificate Number 90005
Certificate expires 12-31-11

**ORIGINAL**

Melinda M. Hebert, CCR, RPR
Civil District Court, Parish of Orleans