# EXHIBIT A

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendant
    The Goodyear Tire & Rubber Company

RECEIVED

MAR 17 2004

AT 8:30
WILLIAM T. WALSH
CLERK

DK 4593 (David R. Kott, Esq.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DONATO GALANTI, on Behalf of Himself
and All Others Similarly Situated,

    Plaintiffs,

vs.

THE GOODYEAR TIRE & RUBBER
COMPANY,

    Defendants.

Civil Action No. 03-209
Honorable Stanley R. Chesler

**ORDER GRANTING PLAINTIFFS' AND DEFENDANT'S MOTION TO TEMPORARILY ENJOIN A PARALLEL PROCEEDING (ANDERSON v. GOODYEAR) PURSUANT TO THE ALL WRITS ACT**

After consideration of Defendant Goodyear's Motion to Enjoin All Parallel Proceedings under the All Writs Act, Goodyear's Memorandum in Support thereof, Plaintiffs' Memorandum in Support of Goodyear's Motion, the various briefs in opposition to Goodyear's Motion and the Reply briefs in Support of Goodyear's Motion, having heard oral argument and rendered an oral opinion on the record on March 2, 2004 and for good cause shown; the Court hereby rules as follows:

IT IS this 16th day of March, 2004,

ORDERED THAT:

1. Pursuant to the provisions of the All Writs Act, 28 U.S.C. §1651, and the Third Circuit's guidance for issuance of injunctions pursuant to the Act as set forth in *In Re Diet Drugs*, 282 F.3d 220 (3d Cir. 2002) and *Carlough v. Amchem*, 10 F.3d 189 (3d Cir. 1993), this Court is authorized to issue an injunction enjoining parallel state litigation when that parallel litigation will pose a genuine threat to the jurisdiction of the federal court, and is necessary and appropriate to aid in a federal courts jurisdiction.

2. This case is a very substantial multi-state litigation with the potential for resolving favorably for large numbers of Class Members substantial claims which they have against the Defendant, both expeditiously and economically. This Court has previously granted preliminary approval to the Settlement, Ordered the dissemination of notice, and set a fairness hearing for October 19, 2004.

3. This Court is satisfied that letting the *Anderson* case proceed to trial presents a genuine threat to the jurisdiction of this Court. It is clear to this Court from the submissions relating to the *Anderson* lawsuit that at least in the short term, the continued pendency of the *Anderson* litigation particularly to trial may have such an effect and may have the effect of confusing members as to what their rights are. It also creates the potential of having members of the *Anderson* Class essentially sit it out to see what happens at the *Anderson* trial before determining whether or not to exercise their right to opt-out of this case. The likelihood and the potential for confusion is clearly substantial and is clearly of such a nature as to potentially disrupt this settlement. It is also clear from the submissions to the Court that there exists the potential of aborting the Settlement through excessive opt-outs where the Settlement, as in the

Settlement before this Court, gives the Defendant the option of withdrawing from the Settlement where the number of opt-outs is excessive.

4. The plaintiffs and their attorneys in *Anderson v. The Goodyear Tire & Rubber Co.*, District Court, Eagle County, Colorado, Case No.: 98CV439 be and they hereby are temporarily enjoined from proceeding to trial in *Anderson* until the end of the opt out period, May 7, 2004.

STANLEY R. CHESLER, U.S.D.J.

NWK2: 1146049.02