## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

————————————————————
|   |   |
|---|---|
| Andy MERTLITZ, et. al., | ) |
|  | ) |
| Plaintiff | )      MDL No. 2047 |
| v. | ) |
|  | )      SECTION: L |
|  | ) |
| BUILDERS DEPOT, INC. et. al. | )      JUDGE FALLON |
|  | )      MAG. JUDGE WILKINSON |
| Defendant | ) |
|  | ) |

———————————————————— )

## DEFENDANT, BUILDING DEPOT'S, ORIGINAL ANSWER

COMES NOW, the Defendant, BUILDERS DEPOT, INC., a Texas Corporation, by and through its undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, gives notice to all of its Answers and Affirmatives to the Plaintiffs Omnibus Class Action Complaint (VII), and on behalf of the class representatives, all other similarly situated owners and residents of real property containing the alleged defective Chinese manufactured drywall that was alleged to be designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold by the Defendants, and for its complaint against Defendants Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin"); Taishan Gypsum Co. Ltd. (f/Ida Shandong Taihe Dongxin Co. Ltd.) ("Taishan' "); and the additional defendants listed on schedule of defendants, attached as Exhibit "B" to the Plaintiffs Omnibus Complaint:

1. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 4 through 910, inclusive, including all of their subparts,

of Plaintiffs' Omnibus Class Action Complaint (VII) and out of an abundance of precaution denies all of these allegations and demands strict proof thereof.

2. Defendant admits that BUILDERS DEPOT, INC., is an entity or individual with a principal place of business at 101 South Robison Road, Texarkana, TX 75501. Defendant is organized under the laws of Texas as alleged in paragraph 607 of Plaintiff's Omnibus Class Action Complaint (VII), but Defendant denies the rest of the allegations therein and demands strict proof thereof.

3. Defendant admits the allegations in paragraphs 1, 2, and 3, inclusive, including all of their subparts Plaintiffs' Omnibus Class Action Complaint (VII).

4. Defendant denies all other allegations contained within the Plaintiffs' Omnibus Class Action Complaint (VII), specifically denying all allegations of negligence, proximate cause, and damages.

## COUNT I

### NEGLIGENCE

(Against All Defendants)

5. BUILDING DEPOT, INC. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

6. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in ¶912 and out of an abundance of precaution denies all of these allegations and demands strict proof thereof.

7. Defendant denies the allegations of ¶913 through ¶918 of the Plaintiffs' Omnibus Class Action Complaint (VII).

## COUNT II

## NEGLIGENCE PER SE

(Against All Defendants)

8.  BUILDING DEPOT, INC. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

9.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in ¶920 and out of an abundance of precaution denies all of these allegations and demands strict proof thereof.

10. Defendant denies the allegations of ¶921 through ¶925 of the Plaintiffs' Omnibus Class Action Complaint (VII).

## COUNT III

## STRICT LIABILITY

(All Defendants)

11. BUILDING DEPOT, INC. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

12. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in ¶927 and out of an abundance of precaution denies all of these allegations and demands strict proof thereof.

13. Defendant denies the allegations of ¶928 through ¶943 of the Plaintiffs' Omnibus Class Action Complaint (VII).

## COUNT IV

### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

(All Defendants)

14. BUILDING DEPOT, INC. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

15. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in ¶945 and out of an abundance of precaution denies all of these allegations and demands strict proof thereof.

16. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in ¶946 and out of an abundance of precaution denies all of these allegations and demands strict proof thereof.

17. Defendant denies the allegations of ¶947 through ¶951 of Plaintiffs' Omnibus Class Action Complaint (VII).

## COUNT V

### BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY

### PURSUANT TO FLORIDA STATUTE SECTION 718.203

(On behalf of Plaintiffs Who Own Condominiums in the State of Florida)

(Against Builders Only)

18. BUILDING DEPOT, INC. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

19. These allegations do not appear to apply to BUILDERS DEPOT INC., as BUILDERS DEPOT, INC., is not a Florida condominium builder. To the extent that a response is

required; Defendant denies the allegations of ¶953 through ¶963 of Plaintiffs' Omnibus

Class Action Complaint (VII).

## COUNT VI

### BREACH OF THE IMPLIED WARRANTY OF HABITABILITY

(Against Builders Only)

20. BUILDING DEPOT, INC. adopts and re-alleges its responses to previous allegations as
if fully set forth herein.

21. These allegations do not appear to apply to BUILDERS DEPOT INC., as BUILDERS
DEPOT, INC., is not a builder. To the extent that a response is required; Defendant
denies the allegations of ¶965 through ¶970 of Plaintiffs' Omnibus Class Action
Complaint (VII).

## COUNT VII

### BREACH OF CONTRACT

(Against Builders Only)

22. BUILDING DEPOT, INC. adopts and re-alleges its responses to previous allegations as
if fully set forth herein.

23. These allegations do not appear to apply to BUILDERS DEPOT INC., as BUILDERS
DEPOT, INC., is not a builder. To the extent that a response is required; Defendant
denies the allegations of ¶972 through ¶974 of Plaintiffs' Omnibus Class Action
Complaint (VII).

## COUNT VIII

### VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT

(Against Louisiana Builders Only)

5

24. BUILDERS DEPOT, INC., adopts and re-alleges its responses to previous allegations as if fully set forth herein.

25. These allegations do not appear to apply to BUILDERS DEPOT, INC., as BUILDERS DEPOT INC., is neither a Louisiana manufacturer nor a builder. To the extent that a response is required, Defendant denies the allegations of ¶976 through ¶981 of the Plaintiffs' Omnibus Class Action Complaint (VII).

## COUNT IX

### REDHIBITION

(By Louisiana Plaintiffs against All Defendants)

26. BUILDING DEPOT, INC. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

27. Defendant denies the allegations of ¶983 through ¶991 of Plaintiffs' Omnibus Class Action Complaint (VII).

## COUNT X

### LOUISIANA PRODUCTS LIABILITY ACT

28. BUILDERS DEPOT, INC. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

29. This Count should not apply to BUILDERS DEPOT, INC., as BUILDERS DEPOT, INC is a distributor. To the extent that a response is required, the Defendant denies the allegations of ¶993 through ¶1005 of the Plaintiffs' Omnibus Class Action Complaint (VII).

## COUNT XI

6

**PRIVATE NUISANCE**

(All Defendants)

30. BUILDERS DEPOT, INC., adopts and re-alleges its responses to previous allegations as if fully set forth herein.

31. Defendant denies the allegations of ¶1007 through ¶1012 of the Plaintiffs' Omnibus Class Action Complaint (VII).

**COUNT XII**

**UNJUST ENRICHMENT**

(All Defendants)

32. BUILDERS DEPOT, INC. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

33. Defendant denies the allegations of ¶1014 through ¶1016 of the Plaintiffs' Omnibus Class Action Complaint (VII).

**COUNT XIII**

**VIOLATIONS OF CONSUMER PROTECTION ACTS**

(All Defendants)

34. BUILDERS DEPOT, INC adopts and re-alleges its responses to previous allegations as if fully set forth herein.

35. This allegation does not appear to require a response. To the extent that one is required, the Defendant denies the allegation in ¶1018 of the Plaintiffs' Omnibus Class Action Complaint (VII).

36. Defendant denies the allegations of ¶1019 through ¶1021 of the Plaintiffs' Omnibus Class Action Complaint (VII).

## COUNT XIV

**EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING**

(All Defendants)

37. BUILDERS DEPOT, INC. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

38. Defendant denies the allegations of ¶1023 through ¶1034 of the Plaintiffs' Omnibus Class Action Complaint (VII).

## AFFIRMATIVE DEFENSES

I.   Defendant affirmatively alleges that the Plaintiffs' Omnibus Class Action Complaint (VII) fails to state a cause of action against this Defendant as it fails to identify from whom the product was purchased and it fails to set forth ultimate facts, which show that this Defendant actually distributed the drywall that is at issue.

II.  Defendant affirmatively alleges that the cause of action, claim and item of damages in the Plaintiffs' Omnibus Class Action Complaint (VII) did not accrue within the time prescribed by law for them before this action was brought. Therefore, this action is barred by the applicable statute of limitations, doctrine of laches, and champerty and maintenance.

III. Defendant affirmatively alleges that Plaintiffs' injuries were caused by the negligent actions of one or more third parties not named as Defendants in this case and/or who are not in the employment and/or agency of the Defendants herein and therefore, the Court should apportion a percentage of liability among those non-parties, pursuant to Fabre v. Marin and Allied Signal, Inc. v. Fox and related cases. Defendant specifically asks that these names as identified during the course of discovery be

8

included on the Jury Verdict Form and that a percentage of negligence be attributed to them in the case.

IV.   Defendant affirmatively alleges that at all times material to the Plaintiffs' Omnibus Class Action Complaint (VII), Andy Merlitz, individually and on behalf of others similarly situated, and the additional plaintiffs listed on schedule of Plaintiffs, attached as Exhibit "A" of the Plaintiffs' Omnibus Class Action Complaint (II), conducted themselves in a negligent and careless manner, and as a direct and proximate result of this negligence, is barred from recovery in whole or in part against this Defendant on the grounds of comparative negligence.

V.   Defendant affirmatively alleges that there is a complete absence of justiciable issues of either law or fact raised by the Plaintiffs' Omnibus Class Action Complaint (II), and Defendant is entitled to the remedies of Rule 11 of the Federal Rules of Civil Procedure.

VI.   Defendant affirmatively alleges that the Plaintiffs' seeks damages based on medical treatment and expenses that are not reasonable, related, or necessary and is not entitled to any reimbursement of unreasonable or unnecessary expenses.

VII.   Defendant affirmatively alleges that any damages, which the Plaintiffs' have alleged in the complaint herein, were caused by the negligence, if any, of others whom this Defendant had no dominion, custody or control.

VIII.   Defendant affirmatively alleges that incident complained of was totally unforeseeable to this Defendant and, therefore, this Defendant had neither duty nor opportunity to take steps to prevent same.

IX.     Defendant affirmatively alleges that there was no nexus between the Plaintiffs' damages or injuries and any alleged negligence on the part of this Defendant, and therefore this action should fail due to the absence of proximate cause.

X.      Defendant affirmatively alleges that it acted within its contractual and statutory rights, and pursuant to law.

XI.     Defendant affirmatively alleges that it does not manufacture or market drywall, but at the time this particular product was manufactured and marketed, it was manufactured and marketed in accordance with the then existing state of the relevant technology pertaining to the subject product, and pursuant to State and Federal Law.

XII.    Defendant affirmatively alleges that the Plaintiffs' Omnibus Class Action Complaint (VII) fails to state a cause of action against this Defendant as it fails to identify from whom the product was purchased and it fails to set forth ultimate facts, which show that this Defendant actually distributed the particular item and used by the Plaintiffs.

XIII.   Defendant affirmatively alleges it is not guilty of any negligence and did not cause nor contribute to causing the Plaintiffs' damages or injuries.

XIV.    Defendant affirmatively alleges that it does not sell drywall, and regardless, the product had been altered and/or otherwise substantively changed by the Plaintiffs and/or by other third parties after it would have left the custody and control of this Defendant.

XV.     Defendant affirmatively alleges that it adopts all affirmative defenses of other defendants similarly situated, to the extent they are consistent with the defenses asserted herein.

XVI.   Defendant affirmatively alleges that it was not in the business of manufacturing drywall; therefore, it is not liable for latent defects and/or defective building materials supplied to it by others, including but not limited to suppliers.

XVII.   Defendant affirmatively alleges that it was not in the business of manufacturing drywall; therefore, it is not liable for any alleged misrepresentation regarding drywall.

XVIII.   Defendant affirmatively alleges that it was not in the business of selling drywall; therefore, it is not liable for any alleged warranty for drywall or alleged breach thereof.

XIX.   Defendant affirmatively alleges that it is not a merchant selling drywall; therefore, it is not liable for any alleged implied warranty of merchantability for drywall or any alleged breach thereof

XX.   Defendant affirmatively alleges that it is not a merchant selling drywall; therefore, it is not liable for any alleged implied warranty of fitness for a particular purpose or alleged breach thereof.

XXI.   Defendant affirmatively alleges that it does not sell any drywall, but if any drywall was sold, it would be on merchant drywall suppliers, manufacturers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended and not BUILDERS DEPOT INC.

XXII.   Defendant affirmatively alleges that the duty to inspect any drywall for defects lies in the suppliers and manufacturers and not BUILDERS DEPOT INC., and therefore, BUILDERS DEPOT, INC did not have any duty to warn of defects now alleged.

XXIII. Defendant affirmatively alleges that it does not sell any drywall, and even if drywall was sold, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as distributors like BUILDERS DEPOT, INC. and others similarly situated.

XXIV. Defendant affirmatively alleges that to the extent this product is, has been, or becomes subject to a recall by the U.S. Consumer Product Safety Commission, all state and federal legal and equitable defenses arising from said product recall are incorporated herein by reference.

XXV. Defendant affirmatively alleges that the complaint and each cause of action alleged therein, fails to state a claim against BUILDERS DEPOT, INC. upon which relief may be granted.

XXVI. Defendant affirmatively alleges that its actions were not the actual or proximate cause of the claimed damages; hence, Plaintiffs ought not to recover from BUILDERS DEPOT, INC.

XXVII.    Defendant affirmatively alleges that Plaintiffs damages/injuries are less than claimed.

XXVIII.   Defendant affirmatively alleges that all alleged damages, if any, were caused in whole or in part by the actions of others over whom this Defendant had no control, and no right of control; hence Plaintiffs ought not recover against BUILDERS DEPOT, INC.

XXIX. Defendant affirmatively alleges that the state of the art as of the date this answer was filed is that there is no conclusive evidence from government studies or otherwise that "off gassing" from Chinese drywall causes health problems in humans.

XXX.  Defendant affirmatively alleges that it does not sell drywall, and to the extent they claim the drywall in their dwellings is defective and/or a cause of health problems, the Plaintiffs are and have been under an affirmative duty to mitigate their damages and/or to terminate their exposure since the date they first obtained notice of their alleged problems.

XXXI. Defendant affirmatively alleges that in the event that it is judicially determined that Plaintiff sustained damages as alleged, all of which has been specifically denied, then the damages were proximately caused by the intervening and supervening act(s) of other parties over whom this Defendant had no control, and no right of control, and for whose actions this Defendant is not liable.

XXXII.   Defendant affirmatively alleges that it fulfill all the legal duties owed to Plaintiff, and the absence of any additional legal duties the Plaintiff attempts to impose via its Complaint, hence Plaintiff ought not recover against BUILDERS DEPOT, INC.

XXXIII.  Defendant affirmatively alleges that in "Count IX" of the Omnibus Complaint purportedly by Louisiana Plaintiffs against all defendants:

> i.   The Defendant does not sell drywall, but even if so, the Plaintiff buyers did not give BUILDERS DEPOT, INC. a reasonable opportunity to repair the allegedly defective drywall product;
>
> ii.  The alleged hidden defect in the drywall product did not surface until well over three days after purchase; therefore, the

responsibility for proving that the alleged defect existed at the time of the sale rests with the Plaintiff/buyer(s).

iii.   Suit was not instituted within one year from the date of sale of the alleged defective products.

XXXIV.   Defendant affirmatively alleges that the procedural standard for imposing punitive damages is unduly vague and does not furnish the jury sufficient guidance in determining whether, and how much to award in punitive damages, thereby permitting arbitrary and capricious taking of property in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

XXXV.   Defendant affirmatively alleges that the imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution in each of the following ways:

i.   The imposition of punitive damages that are vastly disproportionate to any actual injury would violate the Fourteenth Amendment of the United States Constitution.

ii.   Disproportionate punitive damages constitute an arbitrary and capricious taking of property, which is unjustified by any rational government interest, thereby violating the Fifth and Fourteenth Amendments of the United States Constitution.

iii.   The award of punitive damages without specific standards to guide a jury's discretion in determining the amount of damages is contrary to Due Process under the Fourteenth Amendment of the United States Constitution.

14

iv.     The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus void for vagueness under the Fourteenth Amendment of the United States Constitution.

v.      BUILDERS DEPOT, INC. reserves the right to add additional defenses.

XXXVI.   Defendant affirmatively alleges that the drywall at issue is not a product upon which a strict liability claim may be based; it is instead a structural improvement to real property and, accordingly, cannot form the basis for a strict liability claim.

XXXVII.  Defendant affirmatively alleges that BUILDERS DEPOT, INC. reserves the right to add additional defenses.

XXXVIII.         Defendant affirmatively alleges that Plaintiffs' tort claims are barred by the products liability economic loss rule to the extent Plaintiffs are seeking damages related to repair or replacement of their homes or individual components thereof. Specifically, Plaintiffs do not allege to have purchased the allegedly defective drywall directly; rather, Plaintiffs allege that they purchased residents that were constructed with allegedly defective drywall. Accordingly, damages related to repair/replacement of Plaintiffs' homes as well as the integral components thereof, are merely economic losses for which recovery in tort is unavailable.

XXXIX.   Defendant affirmatively alleges that the character of a loss determines the appropriate remedies, and, to determine the character of a loss, one must look to the product purchased by the Plaintiff, not the product sold by the Defendant. These

homeowners bought finished products dwellings not the individual components of those dwellings.

XL.    Defendant affirmatively alleges that since the Plaintiffs purchased completed dwellings, the allegedly defective drywall is an integrated component of the product purchased by Plaintiffs. Any claimed damages relating to repair or replacement of the homes or the integral components thereof (such as fixtures, major appliances, HVAC systems, wiring, etc.) are recoverable only via contract remedies against those parties in privity with Plaintiffs.

XLI.   Defendant affirmatively alleges that it does not sell drywall, but that the drywall at issue was not inherently dangerous, and therefore, there is no duty to discover, correct or warn of latent defects absent actual or implied knowledge of such defects.

XLII.  Defendant affirmatively alleges that for a Breach of Warranty and/or Fitness claim there must be a Privity of contract which is a prerequisite to recovery under a claim for breach of either express or implied warranty and that there is no privity between this Defendant and the Plaintiffs.

XLIII. Defendant affirmatively alleges that the Plaintiffs are asserting a nuisance claim that fails to demonstrate that the maintenance of the nuisance was the natural and proximate cause of the injury. Plaintiffs have omitted any allegations detailing how the allegedly defective drywall created the alleged nuisance that actually and proximately caused Plaintiff's damages. Defendant affirmatively alleges that Plaintiffs assert that the alleged nuisance consists of "[t]he odors and effects resulting from the emission of gasses from the Chinese Drywall." The Plaintiffs' Omnibus Class Action Complaint (VII) omits allegations of ultimate fact detailing

16

how Defendant sold drywall which created or caused the nuisance of emission of gasses. On the contrary, the alleged nuisance claimed by Plaintiffs suggests a defect in the manufacturing of the drywall rather than issues related to the manner in which it was used.

WHEREFORE, Defendant, BUILDING DEPOT, INC, a Texas Corporation, having fully Answered Plaintiffs' Omnibus Class Action Complaint (VII) prays the Court that:

i.    Plaintiffs recover nothing from Defendant and that judgment be entered in Defendant's favor; the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiffs;

ii.   Defendant have such other and further relief as the Court may deem just and proper.

iii.  Judgment in their favor, and against Plaintiffs, together with all taxable fees and costs; and

iv.   Further demands trial by jury of all issues so triable as of right.


Dated: May 20, 2011

Respectfully submitted,

/s/ Tony B. Jobe
Tony B. Jobe, Esquire
THE LAW OFFICES OF TONY B. JOBE
500 Water Street
Madisonville, LA 70447
Tel: 985-845-8088
jobelaw@msn.com