UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED                    MDL NO. 2047
DRYWALL PRODUCTS LIABILITY
LITIGATION
                                               JUDGE FALLON
THIS DOCUMENT RELATES TO:
Payton, et al. v. Knauf GIPS KG, et al.,

Case No. 2:09-cv-07628 (E.D.La.)               MAG. WILKINSON


### MOTION TO DISMISS COMPLAINT IN INTERVENTION I(C)

COMES NOW, the undersigned on behalf of Defendant Zamora Corporation

("Zamora") and pursuant to the Federal Rules of Civil Procedure and hereby files

Zamora's Motion to Dismiss the Complaint in Intervention I(C) against it

and as grounds therefore would state as follows:

1. Zamora has been sued in this class action as a builder, specifically under
   subclass #436 of the complaint.

2. Zamora makes a request for this Court to take Judicial Notice pursuant to
   Rule 201 (b), Federal Rules of Evidence, of the decision in the 15th Circuit in
   and for Palm Beach County, Florida where Judge Glenn Kelley ruled that
   builders cannot be held liable for negligence for faulty drywall installed during
   home construction if they did not have actual or implied notice of a defect in
   the drywall at the time of construction.  Said Judge's ruling is capable of
   accurate and ready determination by resort to sources whose accuracy
   cannot reasonably be questioned and accordingly, judicial notice of the law
   established in the Palm Beach County case should be considered by this
   Court when determining whether the complaint's allegations against Zamora
   serve to potentially make it liable. *See Briggs v. Newberry Court School
   District, 838 F.Supp. 232 (D.S.C. 1992), aff'd, 989 F.2d 491 (4th Cir. 1993).*

3. Alternatively, should this Court not be inclined to take judicial notice under
   Rule 201(b), then it should adopt Judge Kelley's decision and find that since
   Zamora had no knowledge of potential drywall defects at the time of
   construction, the Complaint in Intervention against it has no merit and should
   be dismissed.

4. Inasmuch as Zamora had no knowledge whatsoever of any potential drywall defects at the time of construction, it should not be a defendant in this matter and the complaint in intervention against it should be dismissed.

WHEREFORE, the undersigned respectfully requests that this Court enter an order granting the Motion made herein and providing any other relief that the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss Complaint in Intervention I(C) has been served on Plaintiff's liason counsel, Russ Herman and Defendant's liason counsel, Kerry Miller via e-mail and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established by MDL 2047, on this _23_ of _May_, 2011.

Rafael dJ. Pozo
Law Offices, Rafael dJ. Pozo, P.A.
P.O. Box 835155
Miami Florida 33283
305 443 4773
305 596 0204 fax

_____
By: Rafael dJ. Pozo, Esq.
Florida Bar No. 982075

Cc: Alina Zamora, via e-mail