UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | CIVIL ACTION NO. 09-2047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | JUDGE FALLON |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| **This Document Relates to:** | | MAGISTRATE WILKINSON |
| ALL CASES | | |

**INTERIOR EXTERIOR'S  RESPONSE TO
SOUTHERN HOMES'** *EMERGENCY* **MOTION FOR PARTIAL NEW TIRAL
REGARDING STAY ISSUED IN THE PRELIMINARY APPROVAL ORDER,
OR, IN THE ALTERNATIVE, MOTION TO ALTER OR AMEND THE ORDER**

**NOW INTO COURT**, through undersigned counsel, comes Interior Exterior Building Supply, L.P. ("INEX") who files this Response in Opposition to the *Emergency* Motion for Partial New Trial Regarding Stay Issued in the Preliminary Approval Order, or, In the Alternative, Motion to Alter or Amend the Order (the "Motion") filed by Builder-Defendants, Southern Homes, LLC; Tallow Creek, LLC; and Springhill, LLC (collectively "Southern Homes.")

**A. The Stay Order is well within the Court's authority and appropriate under these circumstances.**

INEX joins in and adopts the Response in Opposition to the Motion filed by the PSC, Class Counsel and Subclass Counsel.  As set forth therein, it is well established that it is within this Court's authority, pursuant to the All Writs Act and its inherent powers, to issue a stay of a parallel state court proceedings where there are conditional class certifications and impending settlements in the MDL action. *See, e.g.*, *Carlough v. Amchem Prods., Inc.,* 10 F.3d 189, 202–04 (3d Cir.1993); *In re Corrugated Container Antitrust Litig.,* 659 F.2d 1332, 1334–35 (5th Cir. Unit A 1981); *Asbestos Sch. Litig.,*

- 1 -

1991 WL 61156, at *3; *Joint E. & S. Dist. Asbestos Litig.,* 134 F.R.D. at 36–37; *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.,* 93 F.Supp.2d 876 (M.D.Tenn.2000); *In re Lease Oil Antitrust Litig. No. II*, 48 F.Supp.2d 699, 704 (S.D.Tex.1998); *Harris v. Wells,* 764 F.Supp. 743 (D.Conn.1991); *In re Asbestos Sch. Litig.,* No. 83–0268, 1991 WL 61156 (E.D.Pa. Apr.16, 1991), *aff'd mem.*, 950 F.2d 723 (3d Cir.1991); *In re Joint E. & S. Dist. Asbestos Litig.,* 134 F.R.D. 32 (E.D.N.Y & S.D.N.Y 1990).  As such, Southern Home's arguments attacking the substance of the Stay Order are without merit; and, thus, the Motion should be denied.

### B.  The Stay Order is not procedural defective.

Alternatively, Southern Homes argues that the Court's Stay Order is procedural defective under Rule 65 of the Federal Rules of Civil Procedure because the Settling Parties failed to carry their burden of proof for a preliminary injunction and the Order, itself, does not meet the statutory requirements.  Southern Homes' argument, however, is misplaced as Rule 65 is inapplicable to the Stay Order at issue.  It is well-settled that "the requirements for a traditional injunction under Rule 65 do not apply to injunctions under the All Writs Act because a court's traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate concerns."  *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1100 (11th Cir. 2004); *see also, United States v. New York Tel. Co.,* 434 U.S. 159, 174, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977)) (affirming grant of injunction under the All Writs Act without regard to traditional four factors).

In *In re Baldwin–United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985), the United States Court of Appeals for the Second Circuit considered the propriety of a MDL court's issuance of a stay of state court proceedings following provisional approval, and pending

final approval, of stipulated settlements of 18 of 26 class actions. The court initially observed that not only does the All Writs Act "permits a district court to enjoin actions in state court where necessary to prevent re-litigation of an existing federal judgment ...." but "[e]ven before a federal judgment is reached ... the preservation of the federal court's jurisdiction or authority over an ongoing matter may justify an injunction against actions in state court." *Id.* Interpreting the All Writs Act to be a tool in the preservation of federal court jurisdiction, the Second Circuit subsequently examined the relation between § 1651(a) and Federal Rule of Civil Procedure 65 as follows:

> Injunctions issued under the authority of the All Writs Act stem from very different concerns than those motivating preliminary injunctions governed by Federal Rule of Civil Procedure 65. Preliminary injunctions under Rule 65 are designed to preserve the status quo between the parties before the court pending a decision on the merits of the case at hand. In contrast, injunctions [under the All Writs Act] are needed to prevent third parties from thwarting the court's ability to reach and resolve the merits of the federal suit before it. Moreover, there is a difference between the power to enjoin an unrelated non-party pursuant to the All Writs Act and the narrower authority delineated by Rule 65(d), which confines the application of injunctions to parties, "their officers, agents, servants, employees, and attorneys, and [to] those persons in active concert or participation with them who receive actual notice of the order." We do not believe that Rule 65 was intended to impose such a limit on the court's authority provided by the All Writs Act to protect its ability to render a binding judgment.
>
> [770 F.2d at 338–39 (citations omitted)].

The Second Circuit concluded, "While the issuance of the injunction here did not comply with the requirements that Fed.R.Civ.P. 65 prescribes for the issuance of preliminary injunctions, this is not a fatal defect." *Id.*

Similarly, in *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100-02 (11th Cir. 2004), the Eleventh Circuit found that the procedural requirements of Rule 65 do not apply to a stay order issued under the All Writs Act. The Eleventh Circuit noted:

> Whereas traditional injunctions are predicated upon some cause of action, an All Writs Act injunction is predicated upon some other matter upon which a district court has jurisdiction. Thus, while a party must 'state a claim' to obtain a 'traditional' injunction, there is no such requirement to obtain an All Writs Act injunction-it must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior. The requirements for a traditional injunction do not apply to injunctions under the All Writs Act because a court's traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate concerns.

*Id.* (citations omitted)

In reaching this conclusion, the Eleventh Circuit referred to the expanse of federal authority on point, including, *De Beers Consol. Mines, Ltd. v. United States,* 325 U.S. 212, 219, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945) (stating, in reviewing a lower court's ruling concerning an injunction under the All Writs Act, that it is necessary to ascertain "what is the usage, and what are the principles of equity applicable in [this] case," without mentioning the traditional four injunction requirements); *Kelly v. Merrill Lynch, Pierce, Fenner & Smith,* 985 F.2d 1067 (11th Cir. 1993) (affirming grant of injunction under the All Writs Act without regard to traditional four factors), *rev'd in part on other grounds Howsam v. Dean Witter Reynolds,* 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002); *Keishian v. Buckley,* 752 F.2d 1513 (11th Cir. 1984) (same); *In re Macon Uplands Venture,* 624 F.2d 26, 28 (5th Cir. 1980) (same); *Teas v. Twentieth Century-Fox Film Corp.,* 413 F.2d 1263, 1266-67 (5th Cir. 1969) (same).  The Eleventh Circuit especially cited to the Fifth Circuit's decision in *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978)

 Although the Fifth Circuit did not specifically address the interplay between Rule 65 and the All Writs Act in *Barton*, the court did note the independent genesis of the authority afforded to the district courts under the All Writs Act.  The Fifth Circuit stated:

> Both the All Writs Act and the inherent powers doctrine provide a federal court with various common law equity devices to be used incidental to the authority conferred on the court by rule or statute. The All Writs Act may be said to provide a federal court with those writs necessary to the preservation or exercise of its subject matter jurisdiction. The Act is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess the tools necessary to implement their jurisdictional grants.[18] The inherent powers doctrine, however, does not derive from a statutory base. Instead, the doctrine is rooted in the notion that a federal court, sitting in equity, possesses all of the common law equity tools of a Chancery Court (subject, of course, to congressional limitation) to process litigation to a just and equitable conclusion.

*Id.* (citing *Ex parte Peterson*, 253 U.S. 300, 312-14, 40 S.Ct. 543, 64 L.Ed. 919 (1920))

It is apparent, then, that the stay provision contained within this Court's order granting preliminary approval of the INEX settlement is not procedurally defective. The requirements of Rule 65 of Federal Rules of Civil Procedure do not apply. Southern Homes' arguments procedurally attacking this Court's order are misplaced, and the Motion should be denied on this basis as well.

### C. Southern Homes has failed to carry its burden under Rule 59.

Southern Homes' *emergency* Motion cites to no new cases, legal principles or factual matters that were not considered by the Court at the hearing on Preliminary Approval of the INEX Settlement on May 6, 2011. Consequently, the Motion is nothing more than an improper request for reconsideration of matters already considered and decided by the Court.

Regardless of the caption of a post-trial motion, " '[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e).' " *Matter of Fellows*, 19 F.3d 245, 246 (5th Cir. 1994) (quoting *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 669 (5th Cir.1986) (en banc) (citations omitted)). *See also*, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.

1990) abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir.2004). The Fifth Circuit has held "that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.; see also Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990) ("These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued"). Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet,* 367 F.3d at 479 (citing *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989)). A Rule 59 motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" that was not available before the judgment issued. *See Schiller v. Physicians Res. Group Inc.,* 342 F.3d 563, 567-68 (5th Cir.2003) (citing *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863-64 (5th Cir.2003)).

The Court has expressly stated that it considered the briefs and extensive argument of all the parties, including Southern Homes, at the hearing on preliminary approval, and having done so, the Court rightly found the preliminary approval order, including the stay provisions, to be appropriate. Southern Homes has presented no newly discovery evidence for the Court to consider. Further, Southern Homes has not established any manifest error of law or fact to warrant reconsideration. Thus, Southern Homes cannot carry its heavy burden under Rule 59.

Moreover, Southern Homes has presented no exigent circumstances for the Court to consider. Southern Homes predicates the *emergency* nature of its Motion on the date set for the Rule to Show Cause on its Re-Urged Motion for Partial Summary Judgment or Declaratory Relief in the parallel state court action between Southern Homes and INEX pending in the Civil District Court for the Parish of Orleans, State of Louisiana. While that Rule is, in fact, set for June 16th, it should be noted that Southern Homes' re-urged motion for partial summary judgment was not filed in the state court action until **5 days after** this Court issued its preliminary Stay Order dated April 27, 2011. Consequently, to the extent there is an urgent situation that cannot wait until the final hearing on the INEX settlement, it was created by Southern Homes' disregard for this Court's original Stay Order by moving for affirmative relief in the already stayed state court action. Such self-serving actions should not serve as a basis for this Court to reconsider its properly issued order. Simply put, there is no compelling reason for this Court to reconsider its Order preliminarily approving the INEX settlement and staying all parallel litigation against INEX until the hearing on final approval of the settlement.

    Respectfully submitted,

***Richard G. Duplantier, Jr.   /s/***
_____
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
Jeffrey P. Green (# 30531)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802 / Fax:   (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com

>bgrau@gjtbs.com / ceiselen@gjtbs.com /
>jgreen@gjtbs.com
>*Counsel for Defendant, Interior Exterior Building*
>*Supply, L.P. and Interior Exterior Enterprises, LLC*

## Certificate of Service

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 23rd day of May, 2011.

>*Richard G. Duplantier, Jr.   /s/*
>RICHARD G. DUPLANTIER, JR.