UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 2047 SECTION L |
| | * | JUDGE FALLON |
| This document relates to All Cases | * * | MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT REPORT NO. 21 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 21. All Pre-Trial Orders are posted on the court's website located at www.laed.uscourts.gov which has a tab that links directly to "Drywall MDL". The Court's website also includes other postings relevant to the litigation.

I.  PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No. 1 to clarify the preservation of physical evidence during home remediation.

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion practice, but continuing all motions filed in the MDL without date. Pursuant to a November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is stayed.

1

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 1E entered February 12, 2010 – Regarding stay of responsive pleadings in *Gross.*

Pre-Trial Order No. 1F entered March 9, 2010-Clarifying the deadline dates for responsive pleadings, notices of appearance, profile forms, and alleviating the need to file motions for extensions in all cases.

Pre-Trial Order No. 1G entered May 27, 2010-Further clarifying deadlines for notices of appearances, profile forms, and responsive pleadings in all cases.

Pre-Trial Order No. 1H entered October 22, 2010-Regarding the PSC's Notice of Completion to the Omni Complaints

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 8A entered January 11, 2011 – Appointing Plaintiffs' Steering Committee for a one year term, beginning January 11, 2011.

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests.  Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

Pre-Trial Order No. 19 entered March 18, 2010—Appointing a State and Federal Coordination Committee.

Pre-Trial Order No. 20 entered April 6, 2010 – Appointment of Insurer Steering Committee.

Pre-Trial Order No. 21 entered April 6, 2010 – Retailer Profile Form.

Pre-Trial Order No. 22 entered April 27, 2010 – Privileged communications relating to PTO 20.

Pre-Trial Order No. 23 entered April 27, 2010 – Insurer Profile Form.

Pre-Trial Order No. 24 entered April 27, 2010 – Subpoenas/30(b)(6) depositions issued re insurance.

II.     PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11, 12A, 14, 21 and 23, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form, a Defendant Distributor Profile Form, an Importer/Exporter/Broker Profile Form, a Retailer Profile Form, and an Insurer Profile Form. Completed and signed profile forms must be submitted timely pursuant to Pre-Trial Orders 1F and 1G by all parties, and all parties are to continue to supplement responses as additional information is received. As new parties are added to the MDL, plaintiffs are to respond to the Plaintiff Profile Form within 40 days of filing a Complaint, and defendants are to respond to the appropriate profile form within 40 days after service of a Complaint on that defendant. The Court has indicated that the purpose of the profile form is to provide useful information to both the parties and the Court, and to allow for more streamlined discovery, not to burden the parties. The Court directed the parties to comply with the Pre-Trial Orders relating to profile forms and to properly submit profile forms on a timely basis.

### III. PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order No. 1B, clarifying the protocol for the preservation of physical evidence during home remediation. Pre-Trial Order No. 1 continues in effect regarding documents/ESI.

### IV. STATE/FEDERAL COORDINATION

On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committees. The parties will be prepared to discuss State/Federal coordination at the monthly status conference on May 26, 2011.

### V. STATE COURT TRIAL SETTINGS

Defendants will be prepared to advise the Court, to the best of their knowledge, of the following at the status conference:

1) All trial settings in state court that are set over the next 12 months;

2) All pending discovery motions in state court cases;

3) All dispositive motions pending in state court cases; and

4) Any state court issues that should be discussed as a matter of state/federal coordination.

All Virginia trials have been continued. The parties are in the process of adding and serving third party demands against the Taishan Defendants.

On May 27, 2010, an Order granting Plaintiffs' Motion for Class Certification and Providing for Notice was issued in the case of *Jason Harrell and Melissa Harrell, individually, on behalf of their minor children, and on behalf of all other similarly situated, vs. South Kendall Construction Corp., et* al, in the Circuit Court of the 11th Judicial Circuit In and for Miami-Dade County, Florida, Case No. 09-08401 CA (42). The case was resolved, and Judge Farina approved the class settlement on March 4, 2011. Because a number of claimants opted out of the

settlement, the Knauf portion of the settlement was terminated by Knauf. A Notice of Appeal regarding the Court's approval of the fairness of the Banner Supply Co. portion of the *Harrell* settlement and class representatives' incentive awards was filed and dismissed.

On May 6, 2011, Judge Farina has also scheduled a trial in *Seifart* in November 2011, the remaining portions of *Harrell* involving Knauf in February 2012, and *Mackle* in March 2012. Judge Farina has also set the following trials:

1. Puckett, Charles A. & Sandra C. v. Grove Hammocks Investments, LLC, et al., case no. 2010-026825-CA-42, set for three week trial period beginning April 16, 2012;

2. Dabalsa, Ricardo v. Banner Supply Co., et al., case no. 2009-055898-CA-42, set for three week trial period beginning April 16, 2012; and

3. Calvo v. Banner Supply Co., et al., case no. 2010-003371-CA-42, set for three week trial period beginning April 16, 2012.

Judge Peter Weinstein in Broward County Circuit Court previously set a five day evidentiary hearing on a motion for class certification against the Banner Supply entities that was to commence on January 18, 2011. The matter was continued in order to allow the PSC to attempt to negotiate a global settlement with all of the Banner entities and their insurance carriers. Judge Weinstein has communicated with Judge Fallon to promote the efficiency and effectiveness in the attempted resolution of these claims. The negotiations are proceeding. A term sheet of relevant matters has been circulated and the parties are continuing their negotiations. Also, in Broward County, Florida, Judge Charles M. Greene has been appointed as the new Chinese drywall judge.

Judge Youngpeter has scheduled the following trial to begin in Mobile, Alabama on September 19, 2011:

(1) *Prichard Housing Authority v. The Mitchell Co., et al.*, No. CV-09-901118;
(2) *Little v. The Mitchell Co. et al.*. No. CV-09-901153; and

6

  (3) *Henderson v. The Mitchell Co., et al*, No. CV-09-901381.

In Jefferson County, Alabama, Judge Vowell assigned the cases to Judge Nicole Still for consolidated and coordinated pretrial proceedings.

The parties will be prepared to discuss the foregoing at the monthly status conference on April 26, 2011.

  VI. <u>MOTIONS IN THE MDL</u>

On November 29, 2009, the Court issued Pre-Trial Order No. 1C which allows parties to file motions before the MDL Court and provides that the motions will be continued without date, unless a motion is specifically excepted from the continuance set forth in the Pre-Trial Order and further that the Court will organize and prioritize the continued motions and in due course, set the motions for hearing and further that no responses to the motions are due until two (2) weeks before the hearing date set by the Court. On January 8, 2010, Pre-Trial Order 1D was issued to clarify Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings. On February 12, 2010, the Court issued Pre-Trial Order No. 1E which clarifies filings of responsive pleadings and motion practice in the *Gross* matter (09-6690). Members of the Motions Committee continue to meet and confer to further the process of grouping motions Pursuant to the Minute Entry dated August 25, 2010 [Rec. Doc. 5314].

  VII. <u>NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS</u>

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment. On December 15, 2009, the PSC filed a Notice to Defendants of Initially Relevant Pre-Trial Orders [Doc. 617] and suggested that all named Defendants in the *Gross v. Knauf Gips* case (see Section XVI, *infra.*) familiarize themselves with Pre-Trial Orders issued by the Court, as well as the Court's website. On January 20, 2010, the PSC also filed a Notice to Defendants of the Court's Lifting of the Stay

With Regard to Responsive Pleadings [Doc. 770].  Counsel making an appearance are encouraged to familiarize themselves with the same information.

In response to several inquiries regarding whether Notices of Completion of Amendments to the omnibus complaints had been filed pursuant PTO 1G [Rec. Doc. ], on October 22, 2010, the Court entered Pre-Trial Order 1H [Rec. Doc. 6083].  The Court directed the PSC to file the Notices once the Amendments were filed and served, and then filed a Master Complaint within 60 days of filing of the Notices.  Only after the Master Complaint is filed will counsel for any defendant identified in the Master Complaint be required to file responsive pleadings.  The Court further ordered the PSC to file on the last day of each month a status report regarding the progress of the Amendments and Notices.  The PSC advises that it is not yet prepared to file a notice of completion of amendments for any of the omnibus class action complaints.

### VIII.   INSURANCE ISSUES

On March 3, 2011 the Court issued a scheduling Order allowing for hearing certain CGL insurance motions [Rec. Doc. 7793].  The PSC and the Insurer Steering Committee have had numerous meet and confers since the issuance of the scheduling order and the parties will be prepared to discuss this at the monthly status conference on May 26, 2011.

### IX.   SERVICE OF PLEADINGS ELECTRONICALLY

All counsel are required pursuant to Pre-Trial Order No. 6 to serve pleadings both through the LexisNexis File & Serve System electronically in the MDL to facilitate service on all counsel <u>and</u> the Electronic Filing System (ECF) of the Eastern District of Louisiana Court.  Pre-Trial Order No. 6 governs service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

## X. CLASS ACTION COMPLAINT (INDETERMINATE DEFENDANT)

On October 7, 2009, a Class Action Complaint (Indeterminate Defendant), *Gross, et al v. Knauf Gips KG, et al*, Case No. 2:09-cv-06690 (E.D.La.), was filed with the Court and on October 19, 2009, an amendment was filed. On February 1, 2011, the Court granted a preliminary default against certain Chinese entities that failed to make an appearance [Rec. Doc. 7302][1]. On January 13, 2011, the PSC filed Plaintiffs' Second Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 6970][2]. The parties will be prepared to discuss this further at the monthly status conference on May 26, 2011.

## XI. OMNIBUS CLASS ACTION COMPLAINTS

Since Pre-trial Order No. 17 was issued, the PSC has filed several Omnibus Class action complaints against the Knauf defendants, the Taishan Defendants, and insurers. The PSC has also filed motions to allow additional class members to intervene into these Omni Complaints. The current array of Omni Complaints and Complaints in intervention is as follows:

---

[1] The Defendants that Pertain to this motion are: (1) Changzhou Yinhe Wood Industry Co., Ltd.; (2) China National Building Materials Co., Ltd.; (3) China National Building Material Group Corporation ("CNBM Group"); (4) Fuxin Taishan Gypsum and Building Material Co., Ltd.; (5) Hubei Taishan Building Materials Co., Ltd.; (6) Jinan Run & Fly New Materials Co., Ltd.; (7) Nanhai Silk Imp. & Exp. Corporation; (8) Pingyi Baier Building Materials Co., Ltd.; (9) Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; (10) Qinhuangdao Taishan Building Material Co., Ltd.; (11) Shanghai Yu Yuan Imp & Exp Co., Ltd.; (12) Sinkiang Tianshan Building Material and Gypsum Product Co., Ltd.; (13) Sunrise Building Materials, Ltd.; (14) Tai'an Jindun Building Material Co., Ltd.; (15) Taishan Gypsum Co., Ltd. Lucheng Branch; (16) Taishan Gypsum (Baotou) Co., Ltd.; (17) Taishan Gypsum (Chongqing) Co., Ltd.; (18) Taishan Gypsum (Henan) Co., Ltd.; (19) Taishan Gypsum (Pingshan) Co., Ltd.; (20) Taishan Gypsum (Pizhou) Co., Ltd.; (21) Taishan Gypsum (Tongling) Co., Ltd.; (22) Taishan Gypsum (Xiangtan) Co., Ltd.; (23) Yunan Taishan Gypsum and Building Material Co., Ltd.; (24) Beijing New Building Materials Public Limited Company; (25) Shaanxi Taishan Gypsum Co., Ltd.; (26) Taishan Gypsum (Hengshui) Co., Ltd.; (27) Taishan Gypsum (Jiangyin) Co., Ltd.; and (28) Taishan Gypsum (Wenzhou) Co., Ltd.

[2] The Defendants that pertain to this motion are: (1) Beijing New Building Materials (Group) Co., Ltd.; (2) Qingdao Yilie International Trade Co., Ltd.; (3) Shanghai East Best Arts & Crafts Co., Ltd.; (4) SIIC Shanghai International Trade (Group) Co., Ltd.; and Tianjin Tianbao Century Development Co., Ltd.

1. *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.)(presently referred to as Omnibus I). Omni IA, IB and IC have been filed;

2. *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.)(Omni II). Omni IIA, IIB and IIC have been filed;

3. *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention, *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* (E.D.La.) (Omni III). Omni IIIA has been filed;

4. *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.) (Omni IV). Omni IVA, IVB and IVC have been filed;

5. *Amato v. Liberty Mutual Ins. Co., et al*., Case No. 10-932 (Omni V);

6. *Charlene and Tatum Hernandez v. AAA Insurance*, Case No. 10-3070 (Omni VI). This Omni VI Complaint has been dismissed;

7. *Kenneth Abel v. Taishan Gypsum Co., Ltd., et al,* No. 11-080 (Omni VII);

8. *Daniel Abreu v. GerB rueder Knauf, et al,* No. 11-252 (Omni VIII); and

9. *Laura Haya, et al, v. Taishan Gypsum Co., Ltd., et al,* No. 11-1077 (Omni IX).

XII. <u>PLAINTIFFS' MOTIONS TO ESTABLISH A PLAINTIFFS' LITIGATION FEE AND EXPENSE FUND</u>

On August 4, 2010, the PSC filed a Motion to Establish a Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and common Benefit [Rec. Doc. 4603]. On August 6, 2010, several plaintiffs filed a response to the PSC's motion [Rec. Doc. 4958]. On August 9, 2010, the PSC filed a Supplemental Memorandum in Support of Its Motion to Establish a Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit [Rec. Doc. 4995]. On August 10, 2010, the Knauf entities and the Homebuilders filed oppositions to the PSC's motion [Rec.

10

Doc. 5021]. The motion was scheduled for hearing following the August 12, 2010 monthly status conference, but was continued to be set for hearing by the Court at a later date.

On March 22, 2011, the PSC filed a Motion to Establish a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel [Rec. Doc. 8308]. The PSC filed the motion because many of the settling parties have approached the PSC about the prospect of setting aside a portion of the settlement proceeds to preserve a *res* to compensate and reimburse common benefit counsel. On April 13, 2011, the Court entered an Order directing that any party may voluntarily deposit seventeen percent (17%) of settlement proceeds for comment benefit fees (12%) and costs (5%) into the registry of the Court [Rec. Doc. 8545.]

### XIII.  MEDIATION

A number of mediations have taken place, including:

A. The PSC, Knauf Defendants, Interior Exterior Building Supply, QBE Insurance, State Farm, and the Louisiana Homebuilders Association General Liability Trust participated in a mediation refereed by John Perry involving approximately 120 homes in Louisiana, Mississippi and Alabama.

B. The PSC and Knauf Defendants participated in Florida mediations involving Knauf properties and related defendants. This included Villa-Lago.

C. The PSC and Knauf Defendants participated in a mediation involving the Prichard Housing Authority in Alabama.

D. Jon Campbell, his counsel, and counsel for the Knauf Defendants, Interior Exterior Supply and Southern Homes, L.L.C. participated in a mediation of Slidell Property Management properties.

E. The PSC, the Knauf Defendants and Interior Exterior participated in a mediation.

F. The Court ordered all insurance companies and insurance claims handling entities named in, and currently parties to, the *Pate* (09-7791) and *Amato* (10-932) actions, the Managing Trustee and Trust Advisor of the WCI Chinese Drywall Trust, and the PSC to a global mediation on March 21 and 22, 2011 [Rec. Doc. 7414]. By Order entered on February 18, 2011, the Court

11

cancelled the mediation and ordered the parties to meet and confer and submit a draft mediation order [Rec. Doc. 7642]. The parties submitted a proposal for liaison counsel to meet with John Perry to schedule these mediations. The parties continue to discuss the matter and will be prepared to address the matter at the monthly status conference on May 26, 2011.

G. The Court issued a Mediation Order in *Hobbie, et al. v. RCR Holdings, II, LLC, et al.,* No. 10-1113.

H. The Court granted Rookery Park Estates, LLC's Motion to Compel Mediation of All Claims Against Knauf, Master Builders of South Florida, and F. Vicinio & Co., Inc [Rec. Doc. 7501], and ordered the parties to meet and confer to select a mutually agreeable date and location for mediation.

XIV. PILOT PROGRAM

On October 14, 2010, Knauf and the PSC announced the creation of a 300 home remediation pilot program. The Settlement Agreement for the pilot program can be found on the Court's website at www.laed.uscourts.gov. The agreed contractor, Moss & Associates, has begun estimating the cost of remediation for a number of homes, and continues to do so as Homeowner Affirmations are received from pilot program claimants. Remediation is complete on eight homes, and work has begun on 48 homes and 12 more remediations are set to begin soon. The parties will be prepared to discuss this further at the monthly status conference on May 26, 2011.

XV. STIPULATION CONCERNING SERVICE OF PROCESS AND PRODUCT IDENTIFICATION

On December 27, 2010, the Knauf Defendants and the PSC entered into a Stipulation concerning service of process and product identification [Rec. Doc. 6732]. The Knauf Defendants agreed to accept service of process for a complaint or intervention complaint filed in federal court on or before December 31, 2010, and the Court appointed Lynn C. Greer of Brown Greer, PLC as a Master under Federal Rule of Civil Procedure 53 for the purpose of collecting indicia from plaintiffs that the homes in question contained KPT, Wuhu or Dongguan drywall and resolving disputes concerning the sufficiency of such indicia. Plaintiffs who have

sued Knauf Defendants are obligated to provide sufficient indicia to the Special Master within thirty (30) days of filing a complaint or intervention complaint. Brown Greer has constructed the database of indicia.

XVI. <u>CLASS CERTIFICATION HEARINGS</u>

The PSC filed Plaintiff's Motion for Class Certification of a Louisiana Homeowner Class for Damages and Declaratory Relief (Silva) [Rec. Doc. 5567], Plaintiffs' Motion for Class Certification of a Florida Homeowner Class for Claims Against Banner Supply Co. (Vickers and Payton) [Rec. Doc. 5568/5611], and Plaintiffs' Motion for Class Certification of a Florida Homeowner Class and Louisiana Homeowner Class Property Damage Against Knauf (Payton) [Rec. Doc. 5570/5612].[3] On March 30, 2011, the Court issued a Second Amended Order [Rec. Doc. 8435] to schedule deadlines and reset the hearing on the motion to certify the class action on August 23, 2011. The Court has permitted several homebuilders to intervene in the *Vickers* and *Payton* class action proceedings against the Banner entities. On May 12, 2011 [Rec. Doc. 8809], plaintiffs filed Motion for Class Certification of Plaintiffs' Claims for Damages Against Venture Supply.

XVII. <u>KNAUF DEFENDANTS</u>

On September 2, 2009, the PSC propounded its First Set of Discovery Requests on Defendants. Numerous meet and confers have taken place between the parties, including

---

[3] On February 28, 2011, Plaintiffs filed a motion for leave of court to file its substituted motion for class certification of a Louisiana homeowner class for damages and declaratory relief (*Silva*), which was granted on March 11, 2011. *See* Doc. No. 8177. On March 10, 2011, Plaintiffs filed a motion for leave of court to file its substituted motion for class certification of a Florida homeowners class for claims against Banner Supply Co. and motion for leave to exceed page limits (*Vickers* and *Payton*), which was granted on March 18, 2011. *See* Doc. No. 8192. Finally, on March 10, 2011, Plaintiffs filed a motion for leave of court to file its substituted motion for class certification of a Florida homeowner class and a Louisiana homeowner class for property damage claims against Knauf and motion for leave to exceed page limits.

topics relating to hard copy document production, ESI and also addressing the FRCP 30(b)(6) deposition notices and jurisdictional discovery requests.

On July 16, 2010 [Rec. Doc. 4440], the Court issued a Scheduling Order for Jurisdictional Discovery. On August 18 and 19, 2010, September 20 and 21, 2010, and October 15, 19 and 20, 2010, the 30(b)(6) deposition of Knauf Gips relating to jurisdiction/alter ego/agency took place. The PSC cross-noticed the deposition of Knauf Insulation GMBH which took place on September 27 and 28, 2010. Additionally, the deposition of Knauf employees, Mark Norris occurred on November 11 and 12, 2010 in Hong Kong, which was terminated by the deponent and Knauf without consent of the other parties, the deposition of Tony Robson took place on November 17, 2010 in London, the deposition of Isabel Knauf took place on December 7 and 8, 2010 in Germany, and the deposition of Manfred Grundke took place on December 15, 2010 in Germany. The deposition of Knauf Gips, through its 30(b)(6) witness, Hans-Ulrich Hummel, was scheduled to continue on May 10, 2011 in New York, but was postponed unexpectedly and is to be rescheduled in the near future. The deposition of Martin Halbach is scheduled for June 8 and 9, 2011 in New York. The deposition of Baldwin Knauf is scheduled for July 20 and 21, 2011 in Frankfurt, Germany. The deposition of Hans Peter Ingenillem is scheduled for July 26 and 27, 2011 in Frankfurt, Germany. The parties are attempting to schedule the depositions of Ann Zhong, and Zhang Fudong, as well as the conclusion of the Mark Norris deposition. Knauf also advises that it intends to schedule the deposition of its employee, Martin Halbach. The parties will be prepared to discuss this further at the monthly status conference on May 26, 2011.

On October 15, 2009, the HSC propounded Personal Jurisdiction Interrogatories and Request for Production of Documents to Knauf Gips KG in connection with Knauf Gips' objection to personal jurisdiction. Also, on October 30, 2009, the PSC propounded its First Set

14

of Interrogatories and Request for Production Concerning Jurisdictional Issues to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd.  The Knauf Defendants continue to supplement discovery responses and the parties have had additional meet and confers, and are attempting to resolve their disputes regarding a number of discovery issues.  To date, Knauf Gips has made thirty-three (33) rolling productions and the other Knauf Defendants have made numerous rolling productions.

On July 29, 2010, the PSC issued Plaintiffs' First Set of Requests for Admission of Facts, Second Set of Interrogatories and Second Set of Requests for Production of Documents Concerning Jurisdictional Issues Addressed to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., and Knauf Plasterboard (Dongguan) Co., Ltd.  Knauf provided a written response to the document requests on August 20, 2010 and answers to the interrogatories and requests to admit on September 13, 2010.  The Knauf entities continue to supplement their responses.   On October 11, 2010, the PSC issued Plaintiffs' Third Set of Request for Production of Documents Concerning Jurisdictional Issues Addressed to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd.  The Knauf entities responded to the Third Set of Request for Production of Documents on January 18, 2011.  On December 22, 2010, a Stipulation Concerning Discovery From Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., and Guangdong Knauf New Building Materials Products Co., Ltd. [Rec. Doc. 6731] was entered.  The parties will be prepared to discuss this further at the monthly status conference on May 26, 2011.

On February 10, 2011, Banner Supply and Interior Exterior propounded discovery on the Knauf defendants concerning testing on Chinese manufactured drywall.  Responses to

these discovery requests were served on April 7, 2011. The parties will be prepared to discuss this further at the monthly status conference on May 26, 2011.

### XVIII. TAISHAN DEFENDANTS

On September 24, 2010, the PSC issued a First Set of Interrogatories and Requests for Production of Documents Concerning Jurisdictional Issues addressed to Defendants, Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd. (collectively "Taishan"). The PSC and others noticed the 30(b)(6) depositions of Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd., which were conducted in Hong Kong between April 4, 2011 and April 8, 2011 [Rec. Doc. 7549 and 7550]. On May 3, 2011, the PSC filed a Motion to Compel Production of Documents and Further Jurisdictional Depositions of the Taishan Defendants and for Sanctions [Rec. Doc. 8685] and The Homebuilders' Steering Committee filed a Motion for Sanctions and to Compel Additional Jurisdictional Depositions [Rec. Doc. 8695]. Interior/Exterior, the State of Louisiana, Certain Banner Entities, Venture Supply and the Porter-Blaine Corp., Southern Homes, and Tobin Trading all have filed motions to join in the PSC's and HCS's motions. The matter is set for hearing following the status conference on May 26, 2011 [Rec. Doc. 8800]. Taishan made an initial document production on December 17, 2010, served a second production on January 14, 2011, a third production on January 28, 2011, a fourth production on March 21, 2011, and produced four additional pages of documents immediately prior to the commencement of the 30(b)(6) depositions on April 4, 2011. Taishan has also produced confidentiality and privilege logs.

On October 29, 2010, The Mitchell Company filed a Motion to Lift the Stay [Rec. Doc. 6260] with respect to Taishan's Motion to Vacate the default, stating that the personal jurisdiction issues in Taishan's Motion to Vacate should be bifurcated from the non-personal jurisdiction issues. Taishan has opposed the motion, stating that Mitchell should only be allowed

16

to file an opposition to the entire Motion to Vacate in order to frame the issues for any necessary jurisdictional discovery.

On March 22, 2011, Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co. Ltd. provided supplemental markings for the catalog of markings compiled by the parties and posted on the Court's website pursuant to Pre-Trial Order No. 10.

### XIX.   INTERIOR EXTERIOR DEFENDANT

On April 26, 2011, a Joint Motion for an Order:  (1) Preliminarily Approving INEX Settlement Agreement; (2) Conditionally Certifying INEX Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing [Rec. Doc. 8628] was filed with the Court.  On May 13, 2011, the Court issued a Preliminary Approval Order [Rec. Doc. 8818] relating to a Class Action Settlement Agreement, which involved the tendering of all of INEX's primary insurance funds, setting deadlines for notice and a fairness hearing to take place on October 27, 2011, and staying certain actions pending the settlement proceeding.

### XX.   BANNER DEFENDANTS

On October 4, 2010, Banner Supply Co. and other Banner related entities issued a Notice of Subpoena to the Center for Toxicology and Environmental Health, LLC ("CTEH") for the production of documents, information or objects and are to permit inspection of premises. CTEH responded in writing to the subpoena on October 8, 2010.  The PSC was provided copies of documents received in response to the subpoena, and is reviewing the material.  On November 23, 2010, Banner filed an Emergency Motion for a Finding of Contempt and to Compel Against CTEH [Rec. Doc. 6448].  On December 10, 2010, the Court issued a Minute Entry [Rec. Doc. 6634] granting in part, denying in part and continuing in part the motion.  The parties will be prepared to discuss this further at the monthly status conference on May 26, 2011.

The deposition of a 30(b)(6) witness for Banner has been noticed in a Florida state court case for Wednesday, May 25, 2011. A number of parties to this MDL have cross-noticed this deposition for the same date. Banner has filed a motion for protective order relating to this deposition, which motion is set for hearing following the April 26, 2011 status conference.

XXI.   TRIAL SETTINGS IN FEDERAL COURT

The *Tatum B. Hernandez and Charlene M. Hernandez, individually and obo their minor children, Grant M. Hernandez and Amelia C. Hernandez versus Knauf Gips KG, et al*, Case No. 2:09-cv-06050 (E.D. La.) case was tried in March, 2010. On April 27, 2010, the Court issued its Findings of Fact & Conclusions of Law [Doc. 2713].

The *John Campbell v. KPT, et al,* Case No. 2:09-cv-7628 (E.D.La.) and *Paul Clement & Celeste Schexnaydre v. KPT, et al*, Case No. 2:09-cv-7628 (E.D. La.) cases were set to begin trial on June 21, 2010. On June 18, 2010, the *Clement/Schexnaydre* and *Campbell* cases were settled.

The *Germano, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd, et* al, Case No. 2:09-cv-6687 (E.D.La.) case was tried in February, 2010. On April 8, 2010, the Court issued its Findings of Fact & Conclusions of Law [Doc. 2380]. On May 26, 2010, Plaintiffs filed a motion to certify a national class for claims against Taishan Gypsum Co. Ltd. [Doc. 3293].

On September 10, 2010, Taishan Gypsum filed a Motion to Vacate the Default Judgment, Dismiss the Action, and to Seek Remand From the Court of Appeals [Rec. Doc. 5515]. On November 17, 2010, the Fifth Circuit Court of Appeals remanded Taishan's appeal to allow the District Court to decide the Motion to Vacate.

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]).  The Court has further advised that any such trials will be limited to property damage only.

### XXII.  FREQUENTLY ASKED QUESTIONS

The Court, with the input of Liaison Counsel, created a list of Frequently Asked Questions, and placed them on the Court's website.  The "MDL FAQs" may be found at www.laed.uscourts.gov/Drywall/FAQ.htm.  Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel.  The parties will be prepared to discuss this issue at the monthly status conference on May 26, 2011.

### XXIII. MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

The following matters are set for hearing or for discussion following the status conference:

- A.  The Knauf Defendants' Motion to Enforce Settlement Agreement (R. Doc. 8606);
- B.  The Motions to Compel against Taishan and the joinder motions, all stemming from (R. Docs. 8685, 8695);
- C.  Meadows of Estero-Bonita Springs Limited Partnership's Motion to Intervene (R. Doc. 8274);
- D.  Preservation Alliance of New Orleans, Inc.'s Motion to Intervene (R. Doc. 8812); and
- E.  RCR Holdings II, LLC's Motion to File Third Party Complaint (R. Doc. 8760).

### XXIV.  NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Russ M. Herman*_____ | */s/ Kyle A. Spaulding*_____ |
| Russ M. Herman (Bar No. 6819) | Kerry Miller (Bar No. 24562) |
| Leonard A. Davis (Bar No. 14190) | Kyle Spaulding (Bar No. 29000) |
| **Herman, Herman, Katz & Cotlar, LLP** | **Frilot L.L.C.** |
| 820 O'Keefe Avenue | 1100 Poydras Street |
| New Orleans, LA  70113 | Suite 3700 |
| PH:  (504) 581-4892 | New Orleans, LA  70613-3600 |
| FAX:  (504) 561-6024 | PH:    (504) 599-8000 |
| | FAX:   (504) 599-8100 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 21 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 24th day of May, 2011.

                                                                    s/  Leonard A. Davis