**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION : : : : : : THIS DOCUMENT RELATES TO: : : Germano, et al. v. Taishan Gypsum Co., Ltd., : f/k/a Shandong Taihe Dongxin Co. Ltd., et al., : Case No. 09-6687 (E.D.La.) : : | MDL No. 2047  SECTION:  L JUDGE FALLON MAG. JUDGE WILKINSON |

### REPLY BRIEF OF TOBIN TRADING, INC. TO DEFENDANTS TAISHAN GYPSUM CO. LTD. AND TAIAN TAISHAN PLASTERBOARD CO. LTD. OPPOSITION TO THE MOTION TO JOIN THE PSC'S AND HSC'S MOTION TO COMPEL

Tobin Trading, Inc. ("Tobin") as its reply to the Opposition previously filed herein by Taishan to the Motion to Join the PSC's and HSC's Motion to Compel Additional Discovery and for Sanctions states the following.

In their opposition, Taishan Gypsum Co. Ltd., ("TG) and Taian Taishan Plasterboard Co. Ltd. ("TTP") essentially assert that they made witnesses available for significant periods of time, that no further depositions are necessary, that questions were asked which were not germane to jurisdictional issue and that the PSC failed to coordinate with other counsel.

TG complains about questions allegedly asked by Tobin to Jia Tonchun ("Mr. Jia") about the sale of drywall to Venture Supply Company (Taishan Memo. at 11 ¶ 8).  In fact, the questions of which TG complains were asked by the PSC (Jia Tr at 329:19-332:15) and by Venture Supply Company, (Jia Tr. at 473:4-482:3).

1

TG asserts that its witnesses were presented for twenty-eight hours of depositions over four days.[1] In fact, in examination of the transcripts demonstrates that because of the "slow play" tactics employed by the witnesses, the actual time that they gave testimony was only a few hours per day.

TG asserts that the "Joinder Defendants" have not identified questions relating to jurisdiction that they did not have an opportunity to ask. In fact, Tobin was given the opportunity to examine Mr. Jia for approximately seven minutes,( including the time for the translation of questions and answers) before the witness terminated the deposition. The area of inquiry at the time the witness terminated the deposition was related to the company that approached Venture Supply in the United States and made arrangements for the meeting that ultimately resulted in a contract in which TG agreed to manufacture drywall for Venture Supply which was shipped to Venture Supply in Virginia.

TG attempts to diminish the questions posed to Mr. Jia at the deposition, suggesting that questions regarding paper purchases and uniforms worn by employees constituted a waste of time.

In fact, because Tobin Trading was only allowed to question Mr. Jia for approximately seven minutes, its lines of examination could not be developed before the deposition was abruptly terminated. Questions regarding the paper purchases by TG were particularly relevant to the jurisdictional issue. Upon information, TG produced gypsum at an industrial complex that it owned and controlled. A part of the complex was a paper factory owned by TG and located in close proximity to the gypsum plant. The paper produced at the paper factory was used to manufacture the gypsum which was sold to customers in the United States, including Venture Supply in Virginia.

---

[1] "Two days for each witness, totaling twenty-eight hours." Presumably, TG refers to the depositions of Mr. Jia and Mr. Peng.

2

TG has produced thousands of documents and photographs which suggest that it conducted substantial business activities in various states in the United States when it purchased the waste paper it used at its paper factory from companies located in various states in the United States and shipped the purchased paper to its factory in China. . Follow up questions and the answers (if TG would not have abruptly terminated the deposition) would have been calculated to develop evidence directly related to the jurisdictional question that the Court must consider.

With respect to uniforms worn by workers at the TG owned paper factory, the one question asked was designed to explore the identity of the companies or entities that supplied the workers who wore the uniforms and to explore the connections between such companies or entities and TG. Follow up questions and the answers (if TG would not have abruptly terminated the deposition) would have been calculated to develop evidence directly related to the jurisdictional question that the Court must consider.

Tobin was prepared to ask further jurisdictional questions of Mr. Peng but curtailed its examination to allow others to question the witness because of the promise of TG to terminate the deposition of the witness before other counsel could ask any questions of him.

## CONCLUSION

TG witnesses abruptly and arbitrarily terminated the jurisdictional depositions after employing delaying tactics and limiting the time that Tobin could ask relevant and material questions which were designed to elicit evidence that goes to the heart of the jurisdictional issue.

Tobin Trading, Inc., respectfully requests that the Court grant its Motion, Order the Taishan witnesses to give further deposition testimony and award its costs fees and expenses incurred which relate to the depositions previously conducted from April 4, 2011 ó April 8, 2011 in Hong Kong and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

TOBIN TRADING, INC.

Date:  May 24, 2011         By:      /s/ Theodore I. Brenner
Theodore I. Brenner, VSB 17815
BRENNER, EVANS & MILLMAN, P.C.
411 E. Franklin Street, Suite 200
P.O. Box 470
Richmond, Virginia  23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: tbrenner@beylaw.com

Jay O. Millman, VSB 37212
BRENNER, EVANS & MILLMAN, P.C.
411 E. Franklin Street, Suite 200
P.O. Box 470
Richmond, Virginia  23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: jom@beylaw.com

Alexander S. de Witt, VSB 42708
BRENNER, EVANS & MILLMAN, P.C.
411 E. Franklin Street, Suite 200
P.O. Box 470
Richmond, VA  23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: adewitt@beylaw.com

*ATTORNEYS FOR TOBIN TRADING, INC.*

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing Reply Brief of Tobin Trading, Inc. to Defendants Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co. Ltd. Opposition to the Motion to Join the PSC's and HSC's Motion to Compel has been served on Plaintiff's Liaison Counsel Russ Herman and Defendant's Liaison Counsel Kerry Mill, by email and upon all parties by electronically uploading the same to Lexis Nexis File and Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System in accordance with procedures established in MDL 2047, on this 24th day of May, 2011.

      By:    /s/ Theodore I. Brenner
            Theodore I. Brenner, VSB 17815
            BRENNER, EVANS & MILLMAN, P.C.
            411 E. Franklin Street, Suite 200
            P.O. Box 470
            Richmond, Virginia 23218-0470
            Phone: (804) 644-1300
            Fax: (804) 644-1354
            E-mail: tbrenner@beylaw.com

            *ATTORNEY FOR TOBIN TRADING, INC.*