UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | SECTION: L |
| LITIGATION | * | |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * | |
| | * | MAGISTRATE JUDGE |
| *ALL CASES* | * | WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * | * | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL NEW TRIAL REGARDING STAY ISSUED IN THE
PRELIMINARY APPROVAL ORDER, OR, IN THE ALTERNATIVE, MOTION TO
ALTER OR AMEND THE ORDER**

Builder-Defendants, Southern Homes, LLC; Tallow Creek, LLC; and Springhill, LLC (collectively "Southern Homes"), submit this Reply Memorandum to further support their Motion for Partial New Trial/Motion to Alter or Amend ("Motion") in light of the opposition memoranda filed by INEX, the PSC and Liberty Mutual Fire Insurance Company ("Settling Parties").

First, the Settling Parties imply that the Motion requests a new trial for the entire preliminary approval hearing. It does not. Southern Homes has requested a new trial on the limited issue of Paragraph 8 of the Preliminary Approval Order, the injunction provision aimed at parallel, *in*

*personam* state-court proceedings, like *Southern Homes, LLC v. Interior/Exterior Building Supply, LP, et al.*, Civil District Court, Parish of Orleans, State of Louisiana, Division M, Case No. 09-6564.

Second, the Settling Parties contend that the Motion should be denied because Southern Homes "has failed to carry its burden under Rule 59(e)." *See, e.g.,* Response of INEX at p. 5 [Doc. 8883]. They are wrong, and the Motion is not confined to Rule 59(e); it is a motion pursuant to broader authority of Rules 52 and 59.

Rule 52 *mandates* the alteration of an order under several circumstances, amongst which is when a court has not stated "the findings and conclusions that support its action" granting an interlocutory injunction, such as the injunctive orders this Court issued in Paragraph 8 of the Preliminary Approval Order. *See* FED. R. CIV. P. 52(a)(2) and (b). Hence, the Motion is not one made on discretionary grounds only. Southern Homes is asking the Court to state, as it must, the specific findings and conclusions that support Paragraph 8 of the Preliminary Approval Order.

Rule 59 allows a party to move for a new trial on "all or some of the issues" of an order or judgment "for *any* reason for which a new trial has heretofore been granted in a suit in equity in federal court." *See* FED. R. CIV. P. 59(a)(1)(B) (emphasis added). The United States Fifth Circuit Court of Appeals has interpreted Rule 59 broadly to mean that trial courts *should* grant a motion for new trial when "it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). The Fifth Circuit has not limited review under Rule 59 to the grounds represented by the Settling Defendants. *See, e.g.,* Response Memorandum of INEX at pp. 5-6 [Doc. 8883]. The Fifth Circuit has held that "[i]f a court is able to effect a full and complete resolution of the issues before it without resorting to the extraordinary measures contemplated under the [All Writs] Act, *then such*

*measures cannot be employed*." *ITT Cmty. Dev. Corp v. Barton*, 569 F.2d 1351, 1360 (5th Cir. 1978) (emphasis added); *see also* 28 USC § 2283 (providing that "[a] court of the United States may *not* grant an injunction to stay proceedings in a State court except . . . where *necessary* in aid of its jurisdiction") (emphasis added). The Preliminary Approval Order is, therefore, deficient until this Court issues reasons why Southern Homes' state-court proceedings must be stayed.

If the Court has not yet made specific findings of fact and conclusions of law to support its injunction orders, it should grant Southern Homes' Motion for New Trial because prejudicial error has certainly crept into the record, substantial justice has not been done, and Fifth Circuit precedent has not been followed. If, on the other hand, the Court has made such findings and conclusions and has yet to disclose them to the parties, the Preliminary Approval Order must be amended in accord with the requirements of Rules 52 and 59. Under either scenario, this Court is bound by law to determine (and Southern Homes is entitled to know) the specific factual findings and conclusions of law upon which this Court would prevent Southern Homes from prosecuting its contractual and quasi-contractual claims in a parallel, *in personam*, state-court proceeding.

Third, the "duty [of this MDL Court] to act as efficiently as possible," which was described in the PSC's Response Memorandum, should apply to Southern Homes' Emergency Motion. *See* 28 USC § 1407; *see also Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996) (stating that the power of an MDL Court "comes with the duty to exercise it as efficiently as possible"); Response Memorandum of PSC at pp. 8-9 [Doc. 8854].

Fourth, the Settling Defendants contend that the Preliminary Approval Order, and particularly its injunctive orders, are procedurally sound. Settling Defendants must also assume that this Court's injunctive orders were issued pursuant to the All Writs Act because they cite *only* to

jurisprudence under the All Writs Act to "support" their position.  Southern Homes does not have the luxury of resting on assumptions.  Southern Homes, and not the Settling Defendants, has potentially been stripped of the ability to pursue its constitutionally vested rights by Paragraph 8 of this Court's Preliminary Approval Order.  Southern Homes is unaware of the legal grounds upon which this Court based that injunction order.  They cannot be found in the Preliminary Approval Order [Doc. 8818]. The Settling Parties did not brief this issue in their Joint Motion for an Order Preliminarily Approving the INEX Settlement Agreement [Doc. 8628].  Until this Court discloses its grounds, no party can argue that the Order is procedurally sound.  How could they know?  Accordingly, Southern Homes has asserted the procedural challenges to this Court's Order that are fully briefed in the Motion.

Even if this Court has issued its injunction orders pursuant to the All Writs Act, as the Settling Defendants have assumed, the question of whether Rule 65 of the Federal Rules of Civil Procedure applies is still unresolved.  The Settling Defendants response memoranda cites materially distinguishable cases to support the contention that Rule 65 is inapplicable to the Preliminary Approval Order.  *In re Baldwin-United Corp*., 770 F.2d 328 (2d Cir. 1985), their primary support, is a prime example.  *See* Response Memorandum of the PSC at p. 7 [Doc. 8854] and Response Memorandum of INEX at p. 2 [Doc. 8883].

*In re Baldwin*, provides a rationale to support a federal court's All-Writs-Act injunction order against a *third-party* in a parallel state-court proceeding.  *See* 770 F.2d at 338-339.  The enjoined parties "were *neither* parties to nor intervenors in the district court proceeding."  *Id*. at 331 (emphasis added).  As the *In re Baldwin* court stated, moreover, "there is a difference between the power to enjoin an unrelated non-party pursuant to the All Writs Act and the narrower authority

delineated by Rule 65(d), which confines the application of injunctions to the parties." *Id.* at 338-339.  Not only is Southern Homes a party to this MDL, it is also a member of the very class of claimants the Settling Defendants contemplated in the INEX Settlement Agreement.

*In re Baldwin* is further distinguishable because it centered on an injunction against non-parties that had only indicated to settling defendants that they *would* file parallel litigation in state court to thwart the federal court's settlement proceedings.  *Id.* at 333.  No state court suit had been filed at the time the federal court's injunction orders issued.  *Id.  In re Baldwin* does not address Southern Homes' issue, that of an MDL party and class member forced into a settlement via stay of its longstanding, parallel state-court proceeding–proceedings that have never interfered with this Court.

For all these reasons, and for those provided in Southern Homes' Memorandum in Support of Motion, this Court should amend the Preliminary Approval Order, or, in the alternative, grant a new trial on the issue of Paragraph 8 of that Order.

Respectfully submitted,


 /s/ James M. Garner
JAMES M. GARNER, T.A. (# 19589)
MARTHA Y. CURTIS (# 20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, LLC**
909 Poydras Street, 28th Floor
New Orleans, Louisiana  70112-1033
Telephone: (504) 299-2100
Facsimile:  (504) 299-2300

COUNSEL  FOR  SOUTHERN  HOMES,  LLC;
SPRINGHILL, LLC; TALLOW CREEK, LLC; AND
ADRIAN KORNMAN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Motion to Alter or Amend, or, in the Alternative, for a New Trial has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice electronic filing in accordance with the procedures established in MDL 2047, on this 25th day of May, 2011.

/s/ James M. Garner
JAMES M. GARNER