UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURA HAYA, DANIEL HAYA AND IRENE HAYA, individually, and on behalF of all others similarly situated, [ADDITIONAL PLAINTIFFS, LISTED ON SCHEDULE OF PLAINTIFFS, ATTACHED HERETO AS EXHIBITS "A" AND "A-1'] | CASE NO.: 11-1077 |
| | SECTION "L" |
| | MAGISTRATE (2) |
| Plaintiffs, | |
| | JURY TRIAL DEMAND |
| v. | |
| TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD; TAIAN TAISHAN PLASTERBOARD CO., LTD.; QINHUANGDAO TAISHAN BUILDING MATERIALS CO., LTD. A/K/A QINHUANG DAO TAISHAN BUILDING MATERIALS CO., LTD., [ADDITIONAL DEFENDANTS LISTED ON SCHEDULE OF DEFENDANTS, ATTACHED HERETO AS EXHIBIT "B" AND "B-1"] | |
| Defendants. | |

**CROSS-CLAIM OF PRESERVATION ALLIANCE OF NEW ORLEANS, INC.**

Preservation Alliance of New Orleans, Inc., d/b/a Preservation Resource Center of New Orleans ("PRC"), acting through its program, Rebuilding Together New Orleans ("RTNO")(hereinafter referred to collectively as "PRC" or "RTNO"), files this Cross-claim and would show the Court as follows:

1

1.

PRC is a non-profit Louisiana corporation with its principle residence at 923 Tchoupitoulas Street, New Orleans, Louisiana 70130 and is a plaintiff in this matter against the Taishan Manufacturing Defendants (sometimes collectively referred to herein as "Taishan").

2.

Made defendant to this Cross-claim is plaintiff New Orleans Area Habitat for Humanity, Inc. ("NOAHH")

3.

The Court has supplemental jurisdiction of this Cross-claim pursuant to 28 U.S.C. §1367 and/or §1369.

4.

PRC is a non-profit organization which promotes the preservation, restoration and revitalization of New Orleans historic architecture and neighborhoods by rehabilitating and revitalizing the homes of low income homeowners, particularly those who are elderly, disabled and single heads of households with minor children. Following Hurricane Katrina, PRC, through RTNO, focused on total renovation and rebuilding storm damaged homes of the urban poor.

5.

Beginning in or around March 2007, RTNO received drywall from NOAHH, which it used in rebuilding/repairing a number of homes in New Orleans. The drywall received by RTNO from NOAHH was manufactured, marketed, distributed and/or sold by one or more of the Taishan Manufacturing Defendants. At that time, RTNO had no reason to believe that the drywall was

defective or problematic. (As used herein, the term "problematic" shall have the same meaning as in the Plaintiffs' Omnibus Class Action Complaint (IX), as amended).

6.

In 2008 or 2009, the NOAHH warehouse from which RTNO received the defective or problematic drywall was closed and then subsequently reopened. RTNO was verbally informed by NOAHH on multiple occasions after the warehouse was reopened that the NOAHH drywall was not defective or problematic, that it had had the drywall tested, that the test results showed that the drywall was safe for continued use and that NOAHH intended to continue using that same drywall in its construction projects. In reliance upon these assurances, RTNO continued using the drywall in rebuilding/repairing homes in New Orleans.

7.

In late May/early June 2010, RTNO was informed that a home with NOAHH drywall might need to have the drywall replaced. RTNO communicated and met with NOAHH to discuss this potential problem. In these meetings and communications held in June 2010, NOAHH re-stated that it had had the drywall which it supplied to RTNO (and other parties) tested, that the test results showed that the drywall was safe for continued use and that NOAHH had continued using that same drywall in its construction projects. At that time, NOAHH also provided the results of testing which NOAHH had conducted on its drywall that showed that the drywall was safe for use. NOAHH insisted that if the drywall in the home with the potential problem was problematic, it had not come from NOAHH.

8.

At the end of June 2010, RTNO received reports on drywall from a number of homes in which it had installed drywall believed to have come from NOAHH which confirmed that some of the drywall from NOAHH was contaminated with elevated levels of sulfur compounds which had or could emit gases causing damage to the homes in which they were placed.  To date, twenty-six (26) homes in which RTNO installed drywall supplied by NOAHH have tested positive for elevated levels of sulfur compounds and/or defective or problematic drywall.

9.

The Taishan drywall supplied by NOAHH to RTNO is unfit for its intended purpose as a building component and is unreasonably dangerous in its normal use, causing physical damage to personal property and potentially personal injury due to the damaging side effects and/or because its use is so inconvenient that RTNO would not have used the drywall had the side effects been disclosed.

10.

RTNO adopts and incorporates by reference all allegations contained in the Plaintiffs' Omnibus Class Action Complaint (IX), as amended, with respect to the Facts Regarding Problematic Drywall and all allegations with respect to the Taishan Manufacturing Defendants.

11.

As a direct and proximate result of being supplied defective and problematic Taishan drywall, RTNO has suffered and continues to suffer damages, including, but not limited to, the cost of inspections, the cost and expenses necessary to remedy, replace and/or remove the drywall at issue

and other impacted property and the costs and expenses for rental property while remedying, replacing and/or removing the drywall at issue.

12.

## CAUSES OF ACTION

RTNO adopts and incorporates by reference, and asserts against NOAHH, all allegations contained in the following counts in the Plaintiffs' Omnibus Class Action Complaint (IX), as amended: Count One (Negligence), Count Two (Negligence Per Se), Count Three (Strict Liability), Count Four (Breach of Express and/or Implied Warranties), Count Nine (Redhibition), Count Ten (Louisiana Product Liability Act), Count Eleven (Private Nuisance), Count Thirteen (Violation of Consumer Protection Acts), Count Fourteen (Equitable and Injunctive Relief), and all other causes of action which are or may be applicable to supplier defendants.

13.

In addition to the foregoing, RTNO reasonably relied to its detrimental on the promises and representations made by NOAHH that the Taishan drywall supplied to it was not defective or problematic and was safe for use. In reliance on these promises and representations, RTNO installed the drywall supplied by NOAHH in numerous homes, incurring damages as a result. Accordingly, NOAHH is liable to RTNO for its damages, expenses and costs under Louisiana Civil Code article 1967 and/or for negligent misrepresentation.

14.

To the extent necessary, RTNO pleads the doctrines of contra non valentem, fraudulent concealment, acknowledgement and existence of trust with regard to any applicable prescriptive or limitation period.

15.

**JURY DEMAND**

RTNO prays for a trial by jury on its Cross-claim.

16.

RTNO prays that after due proceedings, it be granted judgment against NOAHH for all damages, costs and expenses, including pre-judgment and post-judgment interest as allowed by law, incurred by it as a result of its receipt, installation and use of the drywall manufactured, designed, tested, distributed, marketed and/or sold by the Taishan Manufacturing Defendants and for such other relief to which it is justly entitled.

Respectfully submitted,

\s\Robert L. Redfearn, Jr.
Robert L. Redfearn, Jr. (Bar No. 17106)
SIMON, PERAGINE, SMITH & REDFEARN, LLP
1100 Poydras Street, 30th Floor
New Orleans, Louisiana  70163-3000
Telephone: (504) 569-2030
Facsimile:  (504) 569-2999

Attorneys for Preservation Alliance of New Orleans, Inc., D/b/a Preservation Resource Center of New Orleans, Acting Through its Program, Rebuilding Together New Orleans

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record through LEXIS/NEXIS as ordered by the Court.  Separate electronic notice has been sent on this date by the undersigned to Leonard A. Davis, Herman, Herman, Katz & Cotlar, 820 O'Keefe Ave., New Orleans, La. 70113.

    New Orleans, Louisiana, this 28TH day of May, 2011.

                          \s\Robert L. Redfearn, Jr.

N:\DATA\M\38240001\Pleadings\Cross-claim against Habitat.wpd