MINUTE ENTRY
FALLON, J.
MAY 26, 2011

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED          MDL NO. 2047
       DRYWALL PRODUCTS
       LIABILITY LITIGATION          SECTION: L

                                                         JUDGE FALLON
                                                         MAGISTRATE WILKINSON

**THIS DOCUMENT RELATES TO: All Cases**

BEFORE JUDGE ELDON E. FALLON
Case Manager: Gaylyn Lambert
Court Reporter: Karen Ibos

Appearances: Arnold Levin, Esq., Chris Seeger, Esq., Patrick Montoyer, Esq. For PSC
                 Kerry Miller, Esq. For Knauf
                 Richard Taylor, Esq. For Prichard Housing Authority
                 Steve Nicholas, Esq. For Mitchell Company
                 Robert Redfearn, Jr., Esq. For Preservation Alliance
                 Hilary Bass, Esq. (By phone) for Homebuilders' Steering Committee
                 Adam King, Esq. For Estero Meadows
                 Nick Panayotopoulos, Esq., for Banner
                 Ken Hart, Esq. For Venture Supply in Germano
                 Theodore Brenner, Esq. For Tobin Trading
                 Brian Slaughter, Esq., for Atlantic Homes (Wiltz, Amato)
                 Matthew Clark, Esq. For Southern Homes
                 Benjamin Grau, Esq. For In/Ex
                 Frank Spano, Esq. & Matt Galvan, Esq. For Taishan TTP

I.     Preservation Alliance of New Orleans, Inc.'s Motion to Intervene in *Abel* (R. Doc. 8255)

       Argument-DENIED, with the direction to contact the Plaintiff's Steering Committee ("PSC") regarding appropriate procedures for joining the matter.

II.    Meadows of Estero-Bonita Springs Limited Partnership's Motion to Intervene in *Vickers* (R. Doc. 8374)

       Argument-DENIED on the bases of prejudice to existing parties and that the movant will have the opportunity to raise objections at the allocation stage of the proceeding.

JS10:   1:47

In Re: Chinese Drywall                                                                    May 26, 2011
MDL 2047 - L                                                                               Page 2

III.   The Knauf Defendants' Motion to Enforce Settlement Agreement (R. Doc. 8606)

       Argument-DENIED, with the direction that the parties meet with the Court to discuss moving forward with the mediation.

IV.    The PSC's Motion to Compel Production of Documents & Further Jurisdictional Depositions of the Taishan Defendants & for Sanctions (R. Doc. 8685); the Homebuilders' Steering Committee's Motion for Sanctions & to Compel Additional Jurisdictional Depositions of Defendants Taishan Gypsum Co., Ltd. ("TG") & Tai'an Taishan Plasterboard Co., Ltd. ("TTP")(R. Doc. 8695); and Joinder in these motions by Interior Exterior (R. Doc. 8755), Certain Banner Entities (R. Doc. 8765), the State of Louisiana (R. Doc. 8758), Venture Supply, Inc. & Porter-Blaine Corp. (R. Doc. 8768), Southern Homes (R. Doc. 8792), & Tobin Trading, Inc. (R. Doc. 8805)

       Argument-GRANTED IN PART with regard to compelling further written discovery and depositions relevant to personal jurisdiction over the Taishan defendants, and CONTINUED IN PART with regard to the requests for sanctions.  These rulings will best further the Court's goal to resolve the pending Motion to Vacate filed by TG, which raises challenges to this Court's exercise of personal jurisdiction, a legal issue enshrouded in facts and requiring extensive depositions and written discovery.

       To carry out this Order, the Court directs the parties to organize their written discovery and determine which documents have not yet been produced.  Any disputes remaining after meeting-and-conferring should be brought before the Court for a decision.

       A number of counsel traveled to Hong Kong to carry out such depositions, but upon review of the transcripts thereof, the Court is convinced that these depositions were ineffective because of disagreement between interpreters, counsel, and witnesses, translation difficulties, speaking objections, colloquy among counsel and interpreters, and in general ensuing chaos.  Therefore, it is necessary to redo these depositions, this time under the supervision of the Court.  With regard to the next round of depositions, the Court directs the parties to designate witnesses to be deposed and objections thereto, and, if necessary, the Court will make a decision.  These witnesses are to be knowledgeable about the noticed topics and prepared to adequately answer questions.  The Court also directs the parties to select a single mutually agreeable translator, and if that is not possible, the Court will consult the State Department and receive recommendations for one.  The parties are to consider expanding the typical length of depositions to accommodate the numerous parties, but at the same time questioning should be carried out by a few designated attorneys who are to confer with and consider the questions suggested by interested parties.  Further, the next round of depositions will be supervised by either a special master appointed by the Court or Judge Fallon himself, depending upon costs and availability.  This will allow for resolution of objections immediately.

In Re: Chinese Drywall  May 26, 2011
MDL 2047 - L  Page 3

      Objections are to be concise and free of reasoning.

      The Court will revisit the issue of sanctions at a later date so the parties can concentrate on completing discovery.

      Finally, in the near future the Court will schedule a status conference to discuss these directives in further detail.

V.      RCR Holdings II, LLC's Motion to File Third Party Complaint Against Arch Insurance Co. in *Hobbie* (R. Doc. 8760)

      No argument-GRANTED.