UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | MDL No.: 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Hobbie v. RCR Holdings II, LLC, et al.<br>No. 10-1113 | |

## DEFENDANT/THIRD PARTY PLAINTIFF, RCR HOLDINGS II, LLC's, THIRD PARTY COMPLAINT AGAINST THIRD PARTY DEFENDANT, ARCH INSURANCE COMPANY

COMES NOW, Third Party Plaintiff, RCR HOLDINGS II, LLC ("RCR"), and files this Third Party Complaint against Third Party Defendant, ARCH INSURANCE COMPANY ("SURETY"), and states as follows:

1. Owner: Third Party Plaintiff, RCR, is a Defendant in the underlying *Hobbie* lawsuit, and the developer and owner of that certain project known as Villa Lago at Renaissance Commons Condominium, located in Palm Beach County, Florida.

2. Surety: Third Party Defendant, SURETY, is a foreign corporation, duly licensed to conduct surety business in the State of Florida. At all times material hereto, SURETY was engaged in the business of furnishing performance bonds in Palm Beach County, Florida.

3. Jurisdiction/Venue: This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. This is an action against a performance bond surety for damages in excess of $75,000.00, exclusive of interest and costs, related to the underlying *Hobbie* action. Venue is proper in this Court pursuant to the Transfer Order from the U.S. Judicial Panel on Multidistrict

Litigation establishing MDL 2047 (*In re Chinese-manufactured Drywall Products Liability Litigation*).

4. Performance Bond: On or about August 16, 2005, SURETY, as surety, together with *Hobbie* Defendant, Coastal Construction of South Florida, Inc. ("Coastal"), as principal, furnished Performance Bond No. SU1013827 in favor of RCR conditioned upon Coastal's proper performance of the Construction Contract dated June 24, 2005. A true, correct, and complete copy of the Performance Bond is attached hereto as Exhibit "A". A true, correct and complete copy of the Construction Contract is attached hereto as Exhibit "B".

5. Breach: Coastal breached the Construction Contract by failing to properly perform the Construction Contract, *inter alia*, by selecting, providing, installing, failing to detect and/or overseeing the installation of: (1) drywall other than the type approved by RCR's architect as contained in Coastal's submittals; (2) drywall other than the quality approved by RCR's architect as contained in Coastal's submittals; (3) defective Chinese-manufactured drywall; (4) drywall at variance with the building code; and, (5) materials not of "good quality".

6. Default: RCR declared Coastal in Default both to Coastal and to SURETY. A true and correct copy of the Notification of Default to SURETY (without voluminous exhibits equally available to the parties) is attached hereto as Exhibit "C".

7. Damages: As a direct and proximate result of such material breaches by Coastal, and by the separate breaches of SURETY in failing to discharge the obligations under the subject Performance Bond, RCR has suffered damages, including without limitation, costs to correct defective work by Coastal or its subtrades, and costs required to cure Coastal's default, expert and engineers' costs incurred in investigation of the breach and loss, resulting and consequential

losses and damages to other property, significant loss of use, attorneys and expert fees, court costs, and interest.

8. Attorneys' Fees: RCR has retained the undersigned law firm to prosecute this claim and is obligated to pay a reasonable fee for services rendered. SURETY is liable to RCR for all attorneys' fees pursuant to §§627.756 and 627.428, Fla. Stat.

9. Conditions Precedent: At times material hereto, RCR complied with and performed in accordance with the terms, obligations, and all conditions precedent set forth in the attached Performance Bond, including the required notices or declarations, or such compliance or performance was waived by SURETY.

WHEREFORE, RCR HOLDINGS II, LLC demands judgment against ARCH INSURANCE COMPANY for compensatory damages, attorneys' fees, interest, and costs, in excess of $75,000, and such other relief as this Court deems appropriate.

### DEMAND FOR JURY TRIAL

RCR hereby demands a jury trial of all issues so triable.

Respectfully submitted,

_____
GREGORY S. WEISS (Florida Bar No.: 163430)
Email: gweiss@leopoldkuvin.com
LEOPOLD~KUVIN, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
*Attorneys for Third Party Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by US. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of March, 2011.

_____
GREGORY S. WEISS (Florida Bar No.: 163430)