UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE -MANUFACTURED    *    MDL No. 2047
DRYWALL PRODUCTS LIABILITY     *
LITIGATION               *
                   *
THIS DOCUMENT RELATES TO:     *    JUDGE FALLON (L)
                   *
ALL CASES              *
                   *
                   *    MAGISTRATE WILKINSON (4)

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared

ROBERT W. RIMANY, JR.

who, being duly sworn, upon his oath deposed and stated as follows:

1. His the President of Alvian Homes, Inc. ("Alvian Homes"), and as such, has personal knowledge of the following based on his review of records maintained by Alvian Homes in the regular course of business.

2. Alvian Homes is a corporation organized and existing under the laws of the State of Florida and has its principal place of business in Lee County, Florida.

3. Alvian Homes is a home builder that contracts with third party vendors for the construction of single-family homes and/or sells completed single-family homes.

4. Alvian Homes has never built a residence in the State of Louisiana nor had any contracts or subcontracts with companies located in Louisiana.

5. Alvian Homes has never been licensed or registered to do business in Louisiana or ever had any offices or employees in Louisiana.



EXHIBIT "A"

6. Alvian Homes does not have an agent for service of process in Louisiana.

7. Alvian Homes does not have any bank accounts in Louisiana or own any property in Louisiana.

8. Alvian Homes does not solicit business in Louisiana or ever transacted business in Louisiana.

9. Alvian Homes has never maintained a telephone line in Louisiana or kept a post office box or otherwise received mail in Louisiana.

10. Alvian Homes does not maintain an office, store, headquarters, shop, warehouse, or any other facility in the State of Louisiana.

11. Alvian Homes has never received any business from any contacts in Louisiana, whether individual customers, or business customers.

12. Consequently, Alvian Homes never anticipated it would be haled into court in Louisiana.

ROBERT W. RIMANY, JR.

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 10 DAY OF MAY, 2011.

NOTARY PUBLIC

J. RISSLING
MY COMMISSION # DD 900790
EXPIRES: October 18, 2013
Bonded Thru Notary Public Underwriters

2

# GENERAL CONDITIONS

THIS AGREEMENT, Made as of September 19th in the Year of 2005,

Between the Owner:    Ralph & Catherine Sangiovanni
2219 SE 27th Street
Cape Coral, FL 33904

And the Contractor:    Alvian Homes Inc
CBC1250773
1031 Cape Coral Parkway E. #209  Cape Coral, FL 33904
239-541-0264

For the Project:    2219 SE 27th Street
Cape Coral, FL 33904

## ARTICLE 1. CONTRACT DOCUMENTS

1.1    The contract documents consist of the contract, general conditions, construction drawings, specifications, allowances, finish schedules, information disclosure statement, all addenda issued prior to execution of this agreement and all change orders or modifications issued and agreed to by both parties. The intent of the Contract Documents is to include all items necessary for the proper execution and completion of the work by the Contractor. The Contract Documents are complimentary, and what is required by one shall be as binding as if required by all. Performance by the Contractor shall be required only to the extent consistent with the Contract Documents and reasonably inferable from them as being necessary to produce the intended results.

1.2    The Contract Documents shall not be construed to create a contractual relationship of any kind (1) between the architect and contractor, (2) between the owner and a subcontractor or sub-subcontractor or (3) between any persons or entities other than the owner and contractor.

1.3    The term "work" means the construction and services required by the Contract Documents, whether completed or partially completed, and includes all other labor, materials, equipment and services to be provided or to be provided by Contractor to fulfill the Contractor's obligations. The work may constitute the whole or a part of the project.

1.4    The drawings, specifications and other documents furnished by the Contractor are instruments of service and shall not become property of the owner whether or not the project for which they are made is commenced. Drawings, specifications and other documents furnished by the Contractor shall not by used by the owner on other projects unless the Contractor is in default of this contract, for completion of this project by others, except by written agreement relating to use, liability and compensation. Upon completion of this project, the Contractor shall provide the Owner for reference purposes only a copyrighted full set of non-reproducible drawings.

**EXHIBIT "B"**

Initialed by: Owner _____ Contractor _____

General Conditions
**Ralph & Catherine Sangiovanni**
**2219 SE 27th Street**
**Cape Coral, FL 33904**
Page 2 of 6

1.5  Submission or distribution of documents to meet official regulatory requirements or for other purposes in connection with the project is not to be construed as publication in derogation of the contractor's common law copyrights or other reserved rights. The Owner shall own neither the documents nor the copyrights.

### ARTICLE 2.1  OWNER

2.2  Except for permits and fees which are the responsibility of the Contractor under the Contract Documents, the Owner shall secure and pay for all necessary approvals, easements, assessments and charges required for the construction, use or occupancy of permanent structures or permanent changes in existing facilities.

2.4  If the Owner observes or otherwise becomes aware of a fault or defect in the work or any nonconformity with the design or Construction Documents, the Owner shall give prompt written notice to the Contractor.

2.5  The Owner shall furnish required information and services and shall promptly render decisions pertaining there to avoid delay in the orderly progress of the design and construction.

2.6  The Owner shall, at the request of the Contractor, provide a certified or notarized statement of funds available for the project and their source.

2.7  The Owner shall communicate with the subcontractors only through the Contractor.

2.8  The Owner will not have control over or charge of and will not be responsible for construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the work, since these are solely the Contractor's responsibility.

2.9  The Owner will choose all finish selections, fixtures and equipment to be in budget with the allowances. Any cost difference will be calculated at the completion of the project. The allowances will include material, shipping and where noted installation costs.

### ARTICLE 3.  CONTRACTOR

3.1  The Contractor shall supervise and direct the work, using the Contractor's best skills and attention. The Contractor shall be solely responsible for and have control over construction means, methods, techniques, sequences and procedures and for coordinating all portions of the work under the contract.

3.2  Unless Contract Documents give other specific instructions concerning these matters, the Contractor shall provide and pay for all labor, materials, equipment, tools, construction equipment and machinery, water, heat, utilities, transportation and other facilities and services necessary for the proper execution and completion of the work, whether temporary or permanent and whether or not incorporated or to be incorporated in the work.

3.3  The Contractor shall enforce strict discipline and good order among the contractor's employees and other persons carrying out the contract. The Contractor shall not permit employment of unfit persons or persons not skilled in tasks assigned to them.

Initialed by: Owner _____ Contractor _____

General Conditions
**Ralph & Catherine Sangiovanni**
**2219 SE 27th Street**
**Cape Coral, FL 33904**
Page 3 of 6

3.4 The Contractor warrants to the owner that materials and equipment furnished under this contractor will be of good quality and new unless otherwise required or permitted by the Contract Documents, that the work will be free from defects not inherent in the quality required or permitted and that the work will conform to the requirements of the Contract Documents. Work not conforming to these requirements, including substitutions not properly approved and authorized, may be considered defective. The Contractor's warranty excludes remedy for damage or defect caused by abuse, modification not executed by the Contractor, improper or insufficient maintenance, improper operation, or normal wear and tear under normal usage. If required by the Owner, the Contractor shall furnish satisfactory evidence as to the kind and quality or materials and equipment.

3.5 Unless otherwise provided in the Contract Documents, the Contractor shall pay sales, consumer, use and other similar taxes which are legally enacted when bids are received or negotiations concluded, whether or not yet effective or merely schedules to go into effect, and shall secure and pay for the building permit and other permits and Governmental fees, licenses and inspections necessary for proper execution and completion of the work.

3.6 The Contractor shall comply with and give notices required by laws, ordinances, rules and regulations, and lawful orders of public authorities bearing on performance of the work. The Contractor shall promptly notify the Owner if the drawings and specification are observed by the contractor to be at a variance therewith.

3.7 The Contractor shall be responsible to the Owner for the acts and omissions of the Contractor's employees, subcontractors and their agents and employees, and other persons performing portions of the work under a contract with the Contractor.

3.8 The Contractor shall keep the Owner informed of the progress and quality of the work.

### ARTICLE 4.  RELATIONSHIP OF BOTH PARTIES

4.1 The Contractor accepts the relationship of trust and confidence established by this agreement and covenants with the Owner to cooperate with the Owner and utilize the Contractors best skill, efforts and judgment in furthering the interests of the Owner; to furnish efficient business administration and supervision; to make best efforts to furnish at all times an adequate supply of workers and materials, and to perform the work in the best way and most expeditious and economical manner consistent with the interests of the Owner. The Owner agrees to exercise best efforts to enable the Contractor to perform the work in the best way and most expeditious manner by furnishing and approving in timely way information required by the Contractor and making payments to the Contractor in accordance with the requirements of the Contract Documents.

### ARTICLE 5.  UNKNOWN CONDITIONS

5.1 If conditions are encountered at the site which are:
(1) Subsurface or otherwise concealed physical conditions which differ materially from those indicated in the Contract Documents
(2) Unknown physical conditions of an unusual nature, which differ materially from those ordinarily found to exist and generally recognized as inherent in construction activities of the character provided for in the construction documents, then notice by the observing party shall be given to the other party promptly before conditions are disturbed and in no event later than 21 days after the first observance

Initialed by: Owner _____  Contractor _AM_

General Conditions
**Ralph & Catherine Sangiovanni**
2219 SE 27th Street
Cape Coral, FL 33904
Page 4 of 6

of the conditions. The Owner will promptly investigate such conditions and will negotiate with the Contractor an equitable adjustment in the contract sum, contract time or both.

5.2   If the Contractor wishes to make claim for an increase in the contract sum, written notice as provided herein shall be given to the Owner for Owners consent before proceeding to execute the work. Prior notice is not required for claims relating to an emergency endangering life or property. If the Contractor believes additional cost is involved for reasons including but not limited to:
   (1) A written interpretation from the Owner
   (2) An order by the Owner to stop the work where the Contractor was not at fault
   (3) A written order for a change in the work issued by the Owner
   (4) Failure of payment by the Owner
   (5) Termination of the Contract by the Owner
   (6) Owner's suspension
   (7) Other reasonable grounds, claims shall be filed in accordance with the procedures established herein.

5.3   If the Contractor wishes to make claim for an increase in the contract time, written notice as provided herein shall be given to the Owners for Owners consent. The Contractor's claims shall include an estimate of cost and of probable effect of delay on progress of the work. In the case of a continuing delay, only one claim is necessary.

5.4   If adverse weather conditions are the basis for a claim for additional time, such claim shall be documented by data substantiating that weather conditions were abnormal for the period of time and could not have been reasonably anticipated, and that weather conditions has an adverse effect on the scheduled construction.

5.5   If either party to the contract suffers injury or damage to person or property because of an act or omission of the other party, any of the other party's employee's or agents, or of others for whose acts such party is legally liable, written notice of such injury or damage, whether insured of not, shall be given to the other party within a reasonable time not exceeding 21 days after first observance. The notice shall provide sufficient detail to enable the other party to investigate the matter. If a claim for additional cost or time related to this claim is to be asserted, it shall be filed as provided in subparagraphs 5.2 and 5.3.

### ARTICLE 6.   CHANGES IN THE WORK

6.1   A Change Order is a written order signed by the Owner and the Contractor, and issued after execution of the contract, authorizing a change in the work or adjustment in the contract sum or contract time. The contract sum and time can only be modified by a change order.

6.2   The Owner without invalidating the contract may order changes in the work within the general scope of the original contract consisting of additions, deletions or other revisions and the contract sum and contract time shall be adjusted accordingly. Such changes in the work shall be authorized by a change order, and shall be performed under applicable conditions of the contract documents.

6.3   If the Owner requests the Contractor to submit a proposal for a change in the work and then elects not to proceed with the change, a change order shall be issued to reimburse the Contractor for any costs incurred for design services, bid preparation or proposed revisions to the contract documents, with the addition of a change in time.

Initialed by: Owner _____  Contractor _____

General Conditions
**Ralph & Catherine Sangiovanni**
**2219 SE 27th Street**
**Cape Coral, FL 33904**
Page 5 of 6

6.4     The Contractor shall be compensated for changes in the work necessitated by the enactment or revisions or codes, laws or regulations subsequent to the submission of the Contractor's proposal.

### ARTICLE 7.     TIME

7.1     Time Limits stated in the contract documents are of the essence of the contract. By executing the agreement the Contractor confirms that the contract time is a reasonable period for performing the work.

7.2     If the Contractor is delayed at any time in the progress of the work by changes ordered in the work, by labor disputes, fire, unusually delays in deliveries, abnormal adverse weather conditions not reasonable anticipated, unavoidable events or any causes beyond the Contractors control, or by other causes which the owner or the Contractor determine may justify a delay, then the contract time shall be extended by change order for such reasonable time as the Owner and the Contractor may negotiate.

7.3     The date of substantial completion of the work, or the portion thereof is the date certified by the Contractor when construction is sufficiently complete, in accordance with the contract documents, so the Owner can occupy or utilize the work or designated portion thereof for the use for which it is intended, as expressed in the contract documents.

### ARTICLE 8.     CORRECTION OF WORK

8.1     The Contractor shall promptly correct work failing to conform to the contract documents, whether observed before or after substantial completion and whether or not fabricated, installed or completed and shall correct work found not to be in accordance with the requirements of the contract documents within a period of one year form the date of substantial completion of the contract or by terms of an applicable special warranty required by the contract documents. The provisions of this article apply to work done by subcontractors as well as to work done by direct employees of the Contractor.

8.2     The Contractor shall complete the construction of the project to the dimensions of the construction documents; however there could be a variance in the field of up to 6", based on site conditions, materials used, or other encumbrances not known.

Initialed by: Owner _____ Contractor _____

General Conditions
**Ralph & Catherine Sangiovanni**
**2219 SE 27th Street**
**Cape Coral, FL 33904**
Page 6 of 6

### ARTICLE 9.   TERMINATION OF THE CONTRACT

9.1   If the Owner fails to schedule a "Closing" with the Contractor on the work, for a period of 14 days after the Contractor's Final Affidavit and the certificate of substantial completion has been issued, through no fault of the Contractor, the Contractor may, upon 7 additional days written notice to the Owner, terminate the contract and recover from the owner payment for all work executed and for proven loss with respect to equipment, materials, tools and construction equipment and machinery, including reasonable overhead, profit and damages applicable to the project.

### ARTICLE 10.   ACCEPTANCE

By execution of this document, I agree to have read and fully understand all statements and implications of this document. I agree to explicitly abide by and follow the above conditions as listed in this agreement.

**ALVIAN HOMES INC.**

_____           9/20/05
Contractor's Signature                Date

_____           9/21/05
Owner's Signature                    Date

_____           9/21/05
Owner's Signature                    Date

Initialed by: Owner _____ Contractor _____

# INFORMATION DISCLOSURE STATEMENT

THIS AGREEMENT, Made as of September 19th, In the Year of 2005,

Between the Owner:    Ralph & Catherine Sangiovanni
2219 SE 27th Street
Cape Coral, FL 33904

And the Contractor:    Alvian Homes Inc
CBC1250773
1031 Cape Coral Parkway E #209  Cape Coral, FL 33904
239-541-0264

For the Project:    2219 SE 27th Street
Cape Coral FL 33904

The existence of mold growth depends largely on how the home is maintained and managed by the owner and/or current tenants. Mold growth can occur when several factors are present including moisture, therefore, proper maintenance and moisture control is the key to prevention of mold growth.

1. Alvian Homes, Inc. responsibility as a contractor is limited to things that we can control. As explained in the written Limited Warranty, provided by separate instrument, Contractor will repair or replace defects in construction (defects defined as a failure to comply with reasonable standards of residential construction) for a period of 1 year.

2. Contractor will not be responsible for any damages caused by mold, to include but not limited to property damage, personal injury, loss of income, emotional distress, death, loss of use, loss of value, adverse health effects or any other affects. Any implied warranties, including an implied warranty of fitness for a particular use, are hereby waived and disclaimed.

3. Due to the nature of soil conditions and homeowners usage, septic systems can fail within a year or it can last 10 years or more. Contractor will not be responsible for failure of a septic system at any time. Any claims involving faulty design and/or installation should be brought to the septic designer and/or septic installers attention.

4. Alvian Homes shall not be liable for any cracks by settlement or movement of the sub-base or due expansion or contraction of concrete. Small cracks are very common, while Alvian Homes makes every effort to avoid cracks, it can and will happen.

Information Disclosure Statement
**Ralph & Catherine Sangiovanni**
2219 SE 27th Street
Cape Coral, FL 33904
Page 2 of 2

This notice, disclosure and disclaimer agreement is hereby appended to and made part of the contract of sale. The consideration for this agreement shall be the same consideration as stated in the contract of sale. Should any term or provision of this agreement be ruled invalid or unenforceable by a court of competent jurisdiction, the remainder of this agreement shall nonetheless stand in full force and effect.

**ACCEPTANCE**

As the Owner, I acknowledge receipt of this notice, disclosure and disclaimer agreement. I have carefully read and reviewed its terms, and agree to its provisions.

_____     9/21/05
Owner                         Dated

_Catherine Sangiovanni_        9/21/05
Owner                         Dated

_____     9/20/05
Contractor

Initialed by: Owner _____ Contractor _____

**CONSTRUCTION CONTRACT**
THIS AGREEMENT, Made as of **September 19th**, In the Year of **2005**,

| | |
|---|---|
| Between the Owner: | **Ralph & Catherine Sangiovanni**<br>**2219 SE 27th Street**<br>**Cape Coral, FL 33904**<br>**239-994-4602** |
| And the Contractor: | **Alvian Homes Inc**<br>**CBC1250773**<br>**1031 Cape Coral Parkway E #209  Cape Coral, FL 33904**<br>**239-541-0264** |
| For the Project: | **2219 SE 27th Street**<br>**Cape Coral, FL 33904** |
| Construction Lender: | **N/A  Owner Financed** |

### ARTICLE 1.    CONTRACT DOCUMENTS

**1.1**     The Contract Documents consist of this Agreement, General Conditions, Drawings, Specifications, Allowances, Finish Schedules, Information Disclosure Statement, all addenda issued prior to execution of this agreement and all change orders or modifications issued and agreed to by both parties. These contract documents represent the entire agreement of both parties and supersede any prior oral or written agreement.

### ARTICLE 2.    SCOPE OF WORK

**2.1**     The Owner agrees to purchase and the Contractor agrees to construct the above mentioned structure and fixtures attached thereto in city of Cape Coral, Florida according to the Contract Documents.

### ARTICLE 3.    TIME OF COMPLETION

**3.1**     The approximate commencement date of the project shall be October 31, 2005. The approximate completion date of the project shall be October 31, 2006. However any change orders and/or unusual weather might delay or otherwise affect the completion date.

### ARTICLE 4.    THE CONTRACT SUM

**4.1**     The construction contract shall be calculated on a cost plus coordination basis, with all labor, materials, permits and insurance figured as costs.

Construction coordination services shall be charged at costs plus a 15% margin.

**4.2**     Pre-construction estimates for construction costs and coordination are approximately **Eight Hundred Nineteen Thousand Thirty Three Dollars & Fifty Three Cents, ($819,033.53)**, Closing

Initialed by: Owner _____   Contractor _AV_

Ralph & Catherine Sangiovanni
2219 SE 27th Street
Cape Coral, FL 33904
Page 2 of 5

costs shall be paid by the Owner.

4.3  The Owner and the Contractor acknowledge that the Owner will pay a sum of 5% of the pre-construction cost, Forty Thousand Nine Hundred Fifty One Dollars & Sixty Eight Cents ($40,951.68), upon signing of this contract and before construction begins as a deposit and part of the purchase price of the project.

ARTICLE 5.  PROGRESS PAYMENTS

5.1  The Contractor shall submit to the owner every four weeks an itemized Application for Payment for work completed. The application will contain data substantiating the Contractors right to payment. The period covered by each application for payment shall be stated on the summary, which shall show the Cost of Work actually incurred by the Contractor and sub-contractors through the end of the same period by the application for payment. The Contractor will also include with the application for payment his own invoice amounting to the ten (10%) margin of the value of work for which payment is being requested for subcontractors.

5.2  The Owner will within seven (7) days after receipt of the Contractors Application for Payment, forward checks directly to the Contractor. In the event that the Owner disputes all or part of an invoice, he shall within seven (7) days notify the Contractor in writing of the dispute. Items in dispute will be resolved between the Owner and the Contractor at the earliest opportunity to avoid delay in project.

5.3  If payment is not received by the Contractor within Fourteen (14) days after delivery of payment demand for work satisfactorily completed, the Contractor shall have the right to stop work or terminate the contract at his option. Termination by Contractor under the provisions of this paragraph shall not relieve the Owner of the obligations of payments to Contractor for that part of work performed prior to such termination.

5.4  Should the Owner fail to make payment, Contractor may charge a penalty of 20% annually upon the unpaid amount until paid.

5.5  FINAL PAYMENT constituting the entire unpaid balance of amounts due to the Contractor and his subcontractors, including the adjustment of the Contractors 15% margin to reflect actual costs shall be made by the Owner to the Contractor when
  .1  A certificate of Occupancy has been issued by the building authorities
  .2  The Contractor has submitted his final invoice together with waivers of lien and necessary documentation consisting of manufacturers instructions, warranties as available.

ARTICLE 6.  DUTIES OF THE CONTRACTOR

6.1  All work shall be in accordance with the Contract Documents. All systems shall be in good working order.

6.2  All work shall be completed in a workman like manner, and shall comply with all applicable national, state and local building codes and laws.

6.3  All work shall be performed by licensed individuals to perform their said work, as outlined by law.

6.4  Contractor shall obtain all permits necessary for the work to be completed.

6.5  Contractor shall remove all construction debris and leave the project in a broom clean condition.

6.6  Upon satisfactory payment being made for any portion of the work performed, Contractor shall furnish a full and unconditional release from any claim or mechanics' lien for that portion of the work for which payment has been made.

Initialed by: Owner____  Contractor _____

Ralph & Catherine Sangiovanni
2219 SE 27th Street
Cape Coral, FL 33904
Page 3 of 5

### ARTICLE 7.  OWNER

7.1   The Owner shall communicate with subcontractors only through the Contractor.

7.2   The Owner will not assume any liability or responsibility, nor has control over or charge of construction means, methods, techniques, sequences, procedures, or for safety precautions and programs in connection with the project, since these are solely the Contractor's responsibility.

### ARTICLE 8.  CHANGE ORDERS AND FINISH SCHEDULES

8.1   After execution of the Contract, changes in the Work may be accomplished by Change order, or by order for a minor change in the Work. The Owner without invalidating the Contract may order changes in the work within the general scope of the contract consisting of additions, deletions or other revisions, the Contract Sum and Contract Time being adjusted accordingly. All change orders need to be agreed upon in writing by the Owner and Contractor. An administrative charge of $250.00 will apply to each change order request.

8.2   Completed Finish Selection Schedules shall be submitted to the Contractor as follows:

    8.2.1   Schedule #1 to be completed within four weeks of building permit application.

    8.2.2   Schedule #2 to be completed within eight weeks of building permit application.

8.3   Any delays or changes in finish selection schedules will delay the projected completion date.

### ARTICLE 9.  INSURANCE

9.1   The Builder will keep in force a Builder's Risk Insurance Policy on the said property to protect both owner's and contractor's interests until construction is completed.

9.2   The Contractor shall purchase and maintain needed Workman's Compensation and Liability insurance coverage as required by law and deemed necessary for his own protection.

### ARTICLE 10.  GENERAL PROVISIONS

10.1   If conditions are encountered at the construction site which are subsurface or otherwise concealed physical conditions or unknown physical conditions of an unusual nature, which differ naturally from those ordinarily found to exist and generally recognized as inherent in construction activities, the Owner will promptly investigate such conditions and, if they differ materially and cause an increase or decrease in the Contractor's cost of, and/or time required for, performance of any part of the work, will negotiate with the Contractor an equitable adjustment in the contract sum, contract time or both.

Initialed by: Owner_____  Contractor _____

Ralph & Catherine Sangiovanni
2219 SE 27th Street
Cape Coral, FL 33904
Page 4 of 5

### ARTICLE 12.  ARBITRATION OF DISPUTES

12.1   Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Construction Industry Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

### ARTICLE 13.  WARRANTY

13.1   At the completion of this project, Contractor shall execute an instrument to Owner warranting the project for 1 year against defects in workmanship or materials utilized. The manufacturers warranty will prevail. No legal action of any kind relating to the project, project performance or this contract shall be initiated by either party against the other party beyond the Florida Statutes of Limitations.

### ARTICLE 14.  TERMINATION OF THE CONTRACT

14.1   Should the Owner or Contractor fail to carry out this contract, with all of its provisions, the following options and stipulations shall apply:

   14.1.1   If the Owner or the Contractor shall default on the contract, the non-defaulting party may declare the contract is in default and proceed against the defaulting party for the recovery of all damages incurred as a result of said breach of contract, including a reasonable attorney's fee. In the case of a defaulting Owner, the Earnest money herein mentioned shall be applied to the legally ascertained damages.

   14.1.2   In the event of a default by the Owner or Contractor, the non-defaulting party may state his intention to comply with the contract and proceed for specific performance.

   14.1.3   In the case of a defaulting Owner, the Contractor may accept, at his option the earnest money as shown herein as liquidated damages, should earnest money not cover the expenses to date, the Contractor may make claim to the Owner for all work executed and for proven loss with respect to equipment, materials, tools, construction equipment and machinery, including reasonable overhead, profit and damages applicable to the property less the earnest money.

### ARTICLE 15.  ATTORNEY FEES

15.1   In the event of any arbitration or litigation relating to the project, project performance or this contract, the prevailing party shall be entitled to reasonable attorney fees, costs and expenses.

Initialed by: Owner_____ Contractor _/w/_

Ralph & Catherine Sangiovanni
2219 SE 27th Street
Cape Coral, FL 33904
Page 5 of 5

## ARTICLE 16. ACCEPTANCE AND OCCUPANCY

16.1 Upon completion, the project shall be inspected by the Owner and the Contractor, and any repairs necessary to comply with the contract documents shall be made by the Contractor.

16.2 The Owner shall not occupy the property until final payment has been received by the Contractor and a Certificate of Occupancy has been obtained.

16.3 Occupancy of the project by the Owner in violation of Article 16.2, shall constitute unconditional acceptance of the project and a waiver of any defects or uncompleted work.

## ARTICLE 17. CONSTRUCTION INDUSTRIES RECOVERY FUND
(REQUIRED IN CONTRACT BY FLORIDA LAW)

17.1 PAYMENT MAY BE AVAILABLE FROM THE CONSTRUCTION INDUSTRIES RECOVERY FUND. IF YOU LOSE MONEY ON A PROJECT PERFORMED UNDER CONTRACT, WHERE THE LOSS RESULTS FROM SPECIFIC VIOLATIONS OF FLORIDA LAW BY A STATE-LICENSED CONTRACTOR. FOR INFOMRATION ABOUT THE RECOVERY FUND AND FILING A CLAIM, CONTACT THE FLORIDA CONSTRUCTION INDUSTRY LICENSING BOARD.

WITNESS our hand and seal on this _____ day of _____, 20___.

Signed in the presence of:

Witness _____
Contractor/Authorized Signature

Witness _____
Catherine Sangiovanni
Owner Signature

Initialed by: Owner ____  Contractor _____