# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL ABREU, individually, and on behalf of all others similarly situated, [ADDITIONAL PLAINTIFFS LISTED ON SCHEDULE OF PLAINTIFFS, ATTACHED HERETO AS EXHIBIT "A"], <br><br>   Plaintiffs, <br><br>v. <br><br>GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG; KNAUF INTERNATIONAL GmbH; KNAUF INSULATION GmbH; KNAUF UK GMBH; KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU), CO., LTD.; GUANGDONG KNAUF NEW BUILDING LTD.; QINHUANGDAO TAISHAN BUILDING MATERIAL PRODUCTS CO., LTD. [ADDITIONAL DEFENDANTS LISTED ON SCHEDULE OF DEFENDANTS, ATTACHED HERETO AS EXHIBIT "B"], <br><br>   Defendants. <br>_____/ | CASE NO.: 11-252 <br>SECT. L MAG. 2 <br><br><br>CLASS ACTION <br>COMPLAINT |

## ARANDA HOMES, INC.'S MOTION TO DISMISS WITH PREJUDICE THE CLAIMS BROUGHT AGAINST IT IN THE <u>ABREU OMNIBUS CLASS ACTION COMPLAINT (OMNI VIII)</u>

  Defendant Aranda Homes, Inc. ("Aranda"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss with prejudice all claims against Aranda in the Abreu Omnibus Class Action Complaint (Omni VIII) brought by plaintiffs Richard and Barbara Sage ("Plaintiffs") for failure to state a claim upon which relief can be granted.

{M3045652;1}

**INTRODUCTION AND BACKGROUND**

In their rush to appoint blame for the allegedly defective drywall in their homes, Plaintiffs have added Aranda – the Florida builder that constructed the Plaintiffs' homes – to the hundreds of defendants named in the Abreu Omnibus Class Action Complaint (Omni VIII) (the "Omnibus Complaint").[1] A copy of the Building Agreement between Aranda and the Plaintiffs is attached as "**Exhibit A**." Plaintiffs have added Aranda to this lawsuit even though there is no evidence, and indeed no allegation, that their home construction was in any way deficient. Plaintiffs want compensation for their drywall, yet it is beyond dispute that Aranda had <u>nothing</u> to do with the manufacture, marketing or distribution of that drywall. Aranda, in other words, does not belong in this lawsuit.

In a shotgun pleading that makes no effort to distinguish between Aranda and the entities actually responsible for the drywall, Plaintiffs have offered a laundry list of generic common law and statutory theories. The Omnibus Complaint heedlessly lumps together hundreds of parties over boilerplate allegations. Specifically, Plaintiffs allege the following ten claims[2] against Aranda: Negligence (Count I, ¶¶ 454-461); Negligence Per Se (Count II, ¶¶ 462-468); Strict

---

[1] This Motion and the attached Memorandum of Law cite to the Omnibus Complaint as "Cmplt. ¶ __."

[2] There are fourteen Counts in the Omnibus Complaint, but only ten of them arguably apply to Aranda. The four remaining Counts do not. Specifically, Count V (for breach of warranty under Florida's condominium code) does not apply to Aranda because Plaintiffs purchased residential homes, not condominiums. Cmplt. ¶¶ 495-506. Count VIII applies to "Louisiana Builders Only," and no one disputes that Aranda resides in Florida. *Id*. ¶¶ 312 & 518-524. Count IX ("Redhibition – by Louisiana Plaintiffs"), which requires a showing that the allegedly defective product—here, drywall—failed for its intended purpose, is barred by this Court's prior determination that the drywall is "serving its intended structural purpose." *See* Order & Reasons at 23; *Benoit v. Ryan Chevrolet*, 428 So. 2d 489, 492 (La. App. 2d Cir. 1982). Moreover this claim does not apply because the claims are Florida-based. Finally, Count X (Louisiana Products Liability Act) applies solely to "Manufacturing" or "Distributor" Defendants, whereas the Omnibus Complaint identifies Aranda as a "Developer/Builder" Defendant. *Id*. ¶¶ 312, 441 & 535-548.

Liability (Count III, ¶¶ 469-486); Breach of Express and/or Implied Warranties (Count IV, ¶¶ 487-494); Breach of Implied Warranty of Habitability (Count VI, ¶¶ 507-513); Breach of Contract (Count VII, ¶¶ 514-517); Private Nuisance (Count XI, ¶¶ 549-555); Unjust Enrichment (Count XII, ¶¶ 556-559); Violation of Florida's Deceptive and Unfair Trade Practices Act (Count XIII, ¶¶ 560-564); and Equitable and Injunctive Relief and Medical Monitoring (Count XIV, ¶¶ 565-577).  Each of these claims is governed by and arises under the laws of Florida.[3]  As detailed in the accompanying Memorandum of Law in support of this Motion, attached hereto as **Exhibit B,** every one of these claims should be dismissed as fatally defective pursuant to Rule 12(b)(6) and Florida law.[4]  Indeed, at least one Florida court has already dismissed several of these claims, founded on nearly identical allegations of Florida homeowners, for failure to state a claim under Florida law. *See Bennett v. Centerline Homes, Inc.*, No. 2009 CA 014458 (Fla. 15th Jud. Cir., Nov. 5, 2010) (the "Fla. 15th Cir. Omnibus Order") (dismissing all strict liability and private nuisance claims brought by homeowners against their builders for allegedly defective Chinese drywall); *Bennett v. Centerline Homes, Inc.*, No. 2009 CA 014458 (Fla. 15th Jud. Cir., March 18, 2011) (the "Fla. 15th Cir. Second Omnibus Order") (dismissing, on an omnibus basis, all plaintiffs' negligence claims "based on a general duty to test or inspect for, or to warn of, a latent defect in Chinese manufactured drywall" where there was no "actual or implied notice of the defect"), both attached as Composite **Exhibit D**.

---

[3]  If Plaintiffs filed their claims against Aranda directly in the Eastern District of Louisiana, this Court should apply the choice-of-law rules of Louisiana.  *See Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 n.6 (5th Cir. 1981). If Plaintiffs filed in a Florida court and then transferred the matter to this forum, Florida's choice-of-law rules apply.  Under either analysis, however, Florida has, by far, the most significant relationship with the dispute.  Plaintiffs' alleged drywall injuries occurred in Florida, the subject property is located in Florida, and Aranda resides in Florida.  *See* Cmplt. ¶¶ 217, 312; *Gulf States Utilities Co. v. NEI Peebles Elec. Prods., Inc.*, 819 F. Supp. 538, 552-53 (M.D. La. 1993) (discussing Louisiana choice of law factors and statutes).  Florida substantive law therefore governs Plaintiffs' claims against Aranda.

[4]  Per the Local Rules, a Notice of Hearing is attached hereto as **Exhibit C**.

WHEREFORE, for the reasons set forth above and in the accompanying memorandum of law in support, Defendant Aranda Homes, Inc. respectfully requests that the Court enter an order dismissing the claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6), and awarding Aranda its fees in defending this action against the Plaintiffs pursuant to the Building Agreement and Florida's Deceptive and Unfair Trade Practices Act.

Dated: June 3, 2011

                              **AKERMAN SENTERFITT**

                BY: /s/    Valerie Greenberg
                        Valerie Greenberg, Esq.
                        Fla. Bar No. 026514
                        Stacy Harrison, Esq.
                        Fla. Bar No. 44109
                  One Southeast Third Avenue, 25th Floor
                  Miami, FL  33131-1714
                  Phone:  (305) 374-5600
                  Fax:  (305) 374-5095
                  Email:  valerie.greenberg@akerman.com
                  Email:  stacy.harrison@akerman.com

                  *Attorneys for Aranda Homes, Inc.*

*Co-Counsel for Aranda Homes, Inc.*

Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La. Bar No. 31309)
**Phelps Dunbar LLP**
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Telecopier:  (504) 568-9130
Email:  Brent.barriere@phelps.com
       Susie.morgan@phelps.com
       Skylar.rosenbloom@phelps.com

{M3045652;1}

**CERTIFICATE OF SERVICE**

I hereby certify that *Aranda Homes, Inc.'s Motion to Dismiss With Prejudice the Claims Brought Against it in the Abreu Omnibus Class Action Complaint (Omni VIII)* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA  70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA 70163 (kmiller@frilot.com), by U.S. Mail and e-mail <u>or</u> by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 3rd day of June, 2011.

/s/      Valerie Greenberg