IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED
DRYWALL PRODUCTS LIABILITY                : MDL No. 2047
LITIGATION                                                    : Section L
_____/

This Document Relates to                            : JUDGE FALLON
Hobbie, et al. v. RCR Holdings II, LLC, et al.,   : MAG. JUDGE WILKINSON
No. 10-1113

<u>LA SUPREMA'S RESPONSE IN OPPOSITION TO CERTAIN PLAINTIFFS'
MOTION FOR ENTRY OF SCHEDULING ORDER</u>

Defendants, LA SUPREMA ENTERPRISE, INC. and LA SUPREMA

TRADING, INC. (collectively, "La Suprema"), by and through their undersigned

counsel, pursuant to the Court's Order dated May 31, 2011 (D.E. 9078), hereby oppose

Certain Plaintiffs' Motion for Entry of Scheduling Order ("Motion"):

<u>Introduction</u>

On March 30, 2010, the United States Judicial Panel on Multidistrict Litigation

transferred, *inter alia*, the case of *Wendy Lee Hobbie, et al. v. RCR Holdings II, LLC, et*

*al.* from the Southern District of Florida to this Court pursuant to 28 U.S.C. §1407.

Certain Plaintiffs now seek entry of a scheduling order which, among other things,

contemplates, "a further scheduling conference to address … whether this matter shall be

tried by this Court or the [*sic*] by the transferor Court." (Certain Plaintiffs' [Proposed]

Case Management Order, section F)

The Motion must be denied insofar as Certain Plaintiffs ultimately seek a ruling

from this Court that the trial in this matter will occur in the Eastern District of Louisiana[1].

---

[1] La Suprema limits its opposition only to this aspect of Plaintiffs' version of section F of the proposed case
management order; La Suprema otherwise adopts Banner's proposals as set forth therein.

Both the plain text of the Multidistrict Litigation statute as well as binding case law

firmly establish that, at or before the conclusion of pretrial proceedings, the instant

litigation must be remanded back to the transferor court, to wit: the United States District

Court for the Southern District of Florida.

Argument

28 U.S.C. §1407 provides, in relevant part:

> "**(a)** When civil actions involving one or more common
> questions of fact are pending in different districts, *such
> actions may be transferred to any district for coordinated
> or consolidated pretrial proceedings*. Such transfers shall
> be made by the judicial panel on multidistrict litigation
> authorized by this section upon its determination that
> transfers for such proceedings will be for the convenience
> of parties and witnesses and will promote the just and
> efficient conduct of such actions. *Each action so
> transferred* **shall** *be remanded by the panel at or before the
> conclusion of such pretrial proceedings to the district from
> which it was transferred unless it shall have been
> previously terminated …*" (emphasis added)

It is difficult to construe the above language as meaning anything other than

requiring remand upon conclusion of pretrial proceedings, if not sooner. Such is precisely

the conclusion reached by the United States Supreme Court in the landmark decision of

Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). Therein,

the Court was faced with determining whether an MDL transferee court could "self-

assign" a case for trial purposes pursuant to 28 U.S.C. §1404(a), notwithstanding the

clear remand directive contained in §1407(a). Although acknowledging that such "self-

assignment" was not precluded by the first sentence of §1407(a) (despite the express

reference to "pretrial proceedings"), the Court ultimately reasoned that the statute must

be construed as a whole. In doing so, the Court determined that the clear legislative intent

was to obligate the multidistrict Panel to remand transferred cases no later than upon

conclusion of pretrial proceedings in the transferee court:

> "The Panel's instruction comes in terms of the mandatory
> 'shall,' which normally creates an obligation impervious to
> judicial discretion. … If we do our job of reading the
> statute whole, we have to give effect to this plain command
> … even if doing that will reverse the longstanding practice
> under the statute and the rule … the statute places an
> obligation on the Panel to remand no later than the
> conclusion of pretrial proceedings in the transferee court,
> and no exercise in rulemaking can read that obligation out
> of the statute." *Id.* at 962-63[2]

This Court has previously recognized the inability of an MDL transferee court to

retain transferred cases for trial purposes under §1407. *See* Adams v. Big Lots Stores,

Inc., 2009 WL 2160430 at 6 (E.D.La.); In re Vioxx Products Liability Litigation, 478

F.Supp.2d 897, 903 (E.D.La.2007).

Conclusion

Accordingly, it is beyond dispute that this action must be remanded to the

Southern District of Florida no later than upon conclusion of pretrial proceedings before

this Court. As such, that portion of Certain Plaintiffs' Motion seeking a determination by

this Court to retain this action for trial purposes must be denied.

---

[2] The Lexecon Court went so far as to expressly invalidate Multidistrict Litigation Rule 14(b), which
purported to authorize transferee courts to self-assign cases for trial. *Id.* at 964.

Respectfully Submitted,

> ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
> One Aventura, Suite 600
> 20900 NE 30th Avenue
> Aventura, Florida 33180
> Tel:     305-937-0300          Fax:     305-937-1311
>
> By:_____
>     EDUARDO I. RASCO, ESQ.
>     FLORIDA BAR NO. 646326
>     STEVE BIMSTON, ESQ.
>     FLORIDA BAR NO. 179205

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 8th day of June, 2011.

> ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
> One Aventura, Suite 600
> 20900 NE 30th Avenue
> Aventura, Florida 33180
> Tel:     305-937-0300          Fax:     305-937-1311
>
> By:_____
>     EDUARDO I. RASCO, ESQ.
>     FLORIDA BAR NO. 646326
>     STEVE BIMSTON, ESQ.
>     FLORIDA BAR NO. 179205