007028.000004

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Hobbie, et al. v. RCR Holdings II, LLC, et al.<br>No. 10-1113 | |

_____/

## COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.'S REPLY AND OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF A SCHEDULING ORDER

COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. (Coastal Construction), by and through undersigned counsel, hereby files its Reply and Opposition to Plaintiff's Motion for Entry of a Scheduling Order and states the following:

1. On or about May 25, 2011, Plaintiffs filed their Motion for Entry of a Scheduling Order in the matter of Hobbie, et al. v. RCR Holdings II, LLC, et al., case number No. 10-1113.

2. This matter was transferred to the MDL as a tag-along action in Conditional Transfer Order (CTO-16) under 28 U.S.C. §1407. This transfer promotes the just and efficient conduct of the litigation, eliminates duplicative discovery, and conserves the resources of the parties. See Transfer Order in this matter filed June 15, 2009; 28 U.S.C. §1407; and In re Hawaiian Hotel Room Rate Antitrust Litig., 438 F.Supp. 935, 936 (J.P.M.L. 1977).

3. Discovery and pre-trial issues are still pending in this matter, as evidenced by the proposed Scheduling Order filed by the Plaintiffs setting deadlines for completion of discovery and pre-trial matters.

4. Defendant, Coastal Construction, objects to the entry of a Scheduling Order as requested by Plaintiff's Counsel and requests this case remain in the MDL for completion of relevant discovery and pre-trial maters.

5. In the alternative, if this Court decides to enter the proposed Scheduling Order, Defendant, Coastal Construction, requests this Court use the deadlines suggested by Banner in the Proposed Scheduling Order, or enter later deadlines. The parties in this case will need to secure and depose multiple experts and move forward with extensive pre-trial litigation and trial preparation.

6. Additionally, Defendant would request this Court send a suggestion to the Southern District Court that the case be remanded back to the original court, the Circuit Court of the 15th Judicial Circuit, in and for palm Beach County, Florida.

7. The Southern District Court should have declined the Remand sought by Banner in this case. 28 USC 1332(d)(3) provides:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—
>
> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the State in

which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

8. Regarding 28 USC 1332(d)(3)(A), (C) and (F), this matter does concern matters of possible national interest and similar claims have been filed. Additionally, Banner's counsel previously made claims that the Plaintiff's Complaint was alleged in a manner to avoid Federal Jurisdiction. However, the Palm Beach County court has already decided matters involving Chinese Drywall in <u>Bennett v. Centerline Homes</u>, case number 50 2009 CA 01-4458 XXXX MB AA, therefore there is no reason that this consideration should prevent the remand back to the state court.

9. For the purposes of 28 USC 1332(d)(3)(B), this case will be decided based on Florida law, which is the state of the original court.

10.     The location of the development, which is the basis for the claims and alleged damages, is located in Palm Beach County and is there is no question that the Circuit Court has a distinct nexus for the action to meet the requirements of 28 USC 1332(d)(3)(D).

11.     Regarding 28 USC 1332(d)(3)(E), he exact number of Plaintiffs who are residents of Florida cannot currently be determined by the pleadings filed to date.  See Paragraph 10 of Banner's Notice of Removal filed February 26, 2010 in the United States Southern District Court of Florida, attached as Exhibit "A".  However a review of the attachments to the Notice of Removal and the Omnibus Complaints show that at least one third of the Plaintiffs reside in the state of Florida.  All of the Defendants named in the Complaint are Florida corporations.

12.     In this matter it would serve the interests of justice to have the matter heard in the court of origin.  See Hirschbach v. NVE Bank, 496 F. Supp. 2d 451, 461 (D.N.J. 2007); and Kessler v. American Resorts International's Holiday Network, Ltd., Case Nos. 05 C 5844, 07 C 2439, 2007 WL 4105204 (N.D. Ill. Nov. 14, 2007).

**WHEREFORE**, COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC., respectfully requests the Court deny Plaintiff's Motion for a Scheduling Order, or in the alternative enter the Order based on the timelines suggested by Defendants in the proposed Order but suggesting remand back to the Circuit Court of the 15th Judicial Circuit, in and for palm Beach County, Florida, and granting any further relief this Court finds proper.

Respectfully submitted,

Dated: June 8, 2011

Hobbie, et al. v. RCR Holdings II, LLC<br>
Case No.: 2:10-cv-01113-EEF-JCW<br>
Page 5 of 5

/s/ Addison J. Meyers  
Addison J. Meyers, Esq.  
Fl Bar No. 267041  
MINTZER SAROWITZ ZERIS  
LEDVA & MEYERS, LLP  
The Waterford at Blue Lagoon  
1000 NW 57th Court, Suite 300  
Miami, FL  33126  
Tel:   305-774-9966  
Fax:  305-774-7743  
ameyers@defensecounsel.com

/s/ Brian A. Eves  
Brian A. Eves, Esq.  
FL Bar No. 43794  
MINTZER SAROWITZ ZERIS  
LEDVA & MEYERS, LLP  
The Waterford at Blue Lagoon  
1000 NW 57th Court, Suite 300  
Miami, FL  33126  
Tel:   305-774-9966  
Fax:  305-774-7743  
beves@defensecounsel.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email and upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 8th day of June, 2011.

/s/ Addison J. Meyers  
Addison J. Meyers