UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2:09-MD-02047 |
| | * | JUDGE: FALLON |
| **This document related to:** | * * | |
| *Kenneth Abel, et al v. Taishan Gypsum Ltd., et al* Docket No. 11-080 | * * | MAG: WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM IN SUPPORT OF RULE 12(b) MOTION TO DISMISS**</u>

**MAY IT PLEASE THE COURT:**

The defendants, Rightway Drywall, Inc., and Rightway Drywall, L.L.C. (collectively, "Rightway" or "the moving defendant"), respectfully submits the following Memorandum in Support of its Rule 12(b) Motion to Dismiss.

### A.  Background

As this Honorable Court is well aware, thousands of plaintiffs have filed suit across several states alleging damages from defective Chinese drywall that was "imported, exported, brokered, distributed, delivered, supplied, marketed, inspected, installed, or sold" by hundreds of defendant entities. (Rec. Doc. 2187, Case. No. 2:09-md-02047-EEF-JCW). The U.S. Judicial Panel on Multidistrict Litigation created an MDL entitled *In re: Chinese-Manufactured Drywall Products Liability Litigation* for these so-called Chinese drywall cases. (Rec. Doc. 1, Case. No. 2:09-md-02047-EEF-JCW). The Transfer Order established a single venue in which pre-trial proceedings were consolidated for cases involving the allegedly damaging effects of this

drywall. *See id*. One such suit was recently filed as a "member case" to the MDL and styled as an "omnibus class action complaint." (Rec. Doc. 1, 2:11-cv-00080-EEF-JCW).

As it relates to the moving defendant, there are several deficiencies with this petition. First, the plaintiffs have not alleged any facts that connect the moving defendant's conduct with their alleged injuries. Second, the filing is impermissible because it was filed directly into the MDL. Third, this Court does not have personal jurisdiction over the moving defendant, nor is the venue proper for suit against this defendant. For these reasons, the defendants respectfully ask that this Court dismiss the plaintiffs' claims.

> **B. Plaintiffs' Claims Should be Dismissed, or Alternatively, Plaintiffs Should Be Required to Make a More Definite Statement, Because Plaintiffs Do Not Provide Sufficient Connexity of Conduct to Alleged Injuries**
>
> 1. <u>Legal Standard</u>

Federal Rule of Civil Procedure 12(b)(6) is designed "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989), *superseded by statute on other grounds as stated in Brown v. Citicorp*, No. 97-C-6337, 1997 U.S. Dist. LEXIS 16496 (N.D. Ill. Oct. 16, 1997); *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Rule 12(b)(6) motions directly challenge the legal theory of the complaint, not the sufficiency of any evidence that might be adduced or presented. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

A Rule 12(b)(6) dismissal is appropriate where the alleged claim(s) fails to assert a legally cognizable theory as a matter of law <u>or</u> the claim(s) fail to allege sufficient facts to support a cognizable legal claim. *Smile Care Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996), *cert denied*, 519 U.S. 1028 (1996). "A plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A Rule 12(b)(6) dismissal is proper "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006).

Furthermore, the allegations in the pleading must *plausibly* suggest that the plaintiff is entitled to relief in order to meet "the threshold requirement of [Federal Rule of Civil Procedure] 8(a)(2) that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief.'" *Twombly*, 127 S. Ct. at 1966 (granting defendants' 12(b)(6) motion for dismissal where plaintiffs' complaint, which cited lawful parallel conduct in support of its antitrust allegations, failed to present plausible grounds to infer an agreement in violation of § 1 of the Sherman Act). A complaint that "stops short of the line between possibility and plausibility of 'entitlement to relief'" is insufficient. *Id.* at 1966.

2. <u>Plaintiffs' Claims Should be Dismissed for Lack of Standing.</u>

In this case, the plaintiffs' complaint does not allege a single fact to connect a particular plaintiff with any of the defendants. Because of this critical failure, the plaintiffs' claims should be dismissed for lack of standing.

The United States Constitution limits the federal judicial power to designated "cases" and controversies." U.S.Const., Art. III, § 2. In this vein, it is well understood that federal courts may only determine such matters that arise in the context of a genuine "case" or "controversy" within the meaning of Article III. *DaimlerChrysler Corp. v. Cuno,* 126 S.Ct. 1854, 1861 (2006); *Elk Grove Unified School Dist. v. Newdow,* 124 S.Ct. 2301, 2308 (2004); *SEC v. Medical Committee for Human Rights*, 92 S.Ct. 577, 580 (1972). In fact, the Supreme Court has

repeatedly explained that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd,* 117 S.Ct. 2312, 2317 (1997); *see also Simon v. Eastern Kentucky Welfare Rights Organization,* 96 S.Ct. 1917, 1924 (1976). Notably, the doctrine of standing is an essential part of the case-or-controversy requirement of Article III. *Lujan v. Defenders of Wildlife*, 112 S.Ct. 2130, 2136 (1992). As such, "[t]he party invoking federal jurisdiction bears the burden of establishing the elements of standing." *Lujan*, 112 S.Ct. at 2136.

Standing is employed essentially to refuse to determine the merits of a legal claim on the ground that even though the claim may be correct, the litigant advancing it is not properly situated to obtain a judicial determination. Wright & Miller, 13 Fed. Prac. & Proc. Juris.2d § 3531 (2005). In short, a plaintiff must have standing to sue in order to present a justiciable case or controversy to the court. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 102 S.Ct. 752, 758 (1982). Importantly, the focus in a determination of standing is on the party, not the claim itself. *Id*. at 765; *O'Hair v. White*, 675 F.2d 680, 685 (5th Cir. 1982). In this vein, the Fifth Circuit explained, in *Hill v. City of Houston*, 764 F.2d 1156 (5th Cir. 1985), that:

> [S]tanding involves whether this plaintiff is a proper party to request an adjudication of the particular issue. This is a separate inquiry from whether the party should prevail. In fact, it is not proper for the court to consider the likelihood of success on the merits in determining the plaintiff's standing . . . ."

*Hill*, 764 F.2d at 1159-60.

In short, the question of standing is whether the litigant is entitled to advance the particular claim and to have the court decide the merits of the dispute or of particular issues. *Allen v. Wright*, 104 S.Ct. 3315, 3324 (1984); *Warth v. Seldin*, 95 S.Ct. 2197, 2205 (1975).

More particularly, as explained by the United States Supreme Court in *International Primate Protection League v. Administrators of Tulane Educ. Fd.*, 111 S.Ct. 1700 (1991):

> Standing does not refer simply to a party's capacity to appear in court. Rather, standing is gauged by the specific common-law, statutory or constitutional claims that a party presents. Typically, . . . the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.

*International Primate Protection League*, 111 S.Ct. at 1704.

With regard to the plaintiffs in this case, seven different plaintiffs filed suit against Rightway. However, not one provided any connection to Rightway's conduct. In fact, there is no allegation that any of the plaintiffs lived in or visited a home equipped with, or has even seen, the drywall utilized by Rightway. Thus, there is an insufficient nexus between the representative plaintiffs and Rightway, and for that reason, no representative plaintiff has demonstrated the requisite standing to bring an action against any defendant. Therefore, respectfully, Rightway submits that they should be dismissed from this matter.

> 3. Alternatively, if the Court does not dismiss the claims against the Defendants, it should order Plaintiffs to amend their claims under Federal Rule 12(e) to satisfy the pleading standards under the Federal Rules of Civil Procedure.

Solely in the alternative, Rightway avers that if the Court denies the motion to dismiss, it should order that the plaintiffs re-plead their complaint, delineating the connection they claim to a particular defendant. Federal Rule of Civil Procedure Rule 12(e) authorizes a district court to require a more definite statement when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." A bare-bones allegation that a wrong occurred without any of the facts giving rise to the plaintiff's injury does not provide adequate notice. *Beanal v. Freeport McMoran, Inc.*, 197 F. 3d 161, 164 (5th Cir. 1999); *Matthews v. Soc. Sec. of La.,* No. CIV A 01-2267, 2002 WL 1022267, *2 (E.D. La. May 20,

2002). Moreover, if a defendant cannot understand what the plaintiff is claiming in his complaint, the defendant cannot respond to the allegations. *Matthews v. Soc. Sec. of La.,* 2002 WL 1022267 at *2.

The motion for more definite statement is appropriate when, as here with the complaint, the defendants are simply trying to determine exactly what claims the plaintiffs have made against them. As this Court has recognized,

> This is not a case in which defendants are trying [to] subvert the intent of the federal rule requiring only notice pleading, nor is their motion for a more definite statement merely a disguised attempt at discovery. Rather, defendants rightly protest that they cannot adequately respond to the complaint because it is impossible to discern with any degree of certainty exactly what claims plaintiffs mean to assert therein. Accordingly, the motion for a more definite statement is GRANTED.

*Sargent v. Riley*, 2003 WL 30418, *4 (E.D. La. Jan. 3, 2003).

Admittedly, the federal rules make it clear that courts should liberally construe the plaintiffs' complaint. However, courts have also recognized that the complaint must at least contain enough factual specificity to give the defendants fair notice of the nature of the plaintiffs' claims. *See La. Acorn Fair Housing Organization v. Hillery*, 2000 WL 666376 at *2. The notice requirement is particularly important where a complaint names multiple defendants. In that situation, the plaintiff must allege his claims sufficiently so that each of the defendants can understand which claims and allegations are directed at them. Collective references to "all defendants" are insufficient. For example, in *Caraveo v. Nielsen Media Research, Inc.*, No. 01 CIV 9609, 2002 WL 530993, *3 (S.D.N.Y. April 8, 2002), the court granted a motion for a more definite statement where the plaintiff impermissibly lumped together allegations concerning 25 different defendants. The court found that the complaint was defective because it did not particularize the allegations to the individual defendants:

> We also find that the Complaint does not clearly identify which of the factual allegations are being asserted against which of the defendants. In paragraphs 14-166, where factual allegations are listed, Plaintiff repeatedly refers to "defendants" in a manner that is vague and ambiguous with respect to which defendants engaged in which actions.

*Id.*

In *Bower v. Weisman*, 639 F. Supp 532 (S.D.N.Y. 1986), a district court ruled that a complaint was vague and ambiguous where it contained collective references to the defendants. Recognizing the very same problem that exists with the plaintiffs' allegations here, the *Bower* court granted the motion for more definite statement because the defendant could not "effectively respond to [the plaintiff's] complaint until he knows which claims [the plaintiff] is asserting against him in his individual capacity." *Id.* at 538. Other federal courts have reached similar conclusions. *See Khalid Bin Talal Bin Abul Azaiz Al Seud v. E.F. Hutton & Company, Inc.*, 720 F. Supp. 671, 686 (N.D. Il. 1989) (granting motion under FRCP 12(e) and noting that the "individual defendants cannot be expected to respond to allegations this vague which merely employ the word "defendants").

In this case – and only if the Court does not dismiss the claims against the defendants, as set forth above – the Court should order the plaintiffs to amend their complaint to comply with federal pleading standards. At a minimum, each plaintiff must allege facts such as what type of housing that each lives (or lived) in; the manufacturer, supplier and installer of the allegedly defective drywall in each plaintiff's property; the manner in which that specific defendant caused each plaintiff's alleged damages; and the circumstances related to the plaintiff's specific damages. These basic facts will allow Rightway to prepare a proper response to the claims.

Furthermore, Federal Rule of Civil Procedure 9(f) provides: "For the purposes of testing the sufficiency of a pleading, averments of time and place are material . . ." For example, in a personal injury case wherein the plaintiff alleged damages caused by the defendant's negligence,

the plaintiff has been required to assert specifically the time and place where the injury occurred. 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1309 (3rd ed. 2004) (discussing Fed. R. Civ. P. 9(f)). Accordingly, in this matter, the defendants require specific allegations of time and place for purposes of establishing venue and jurisdiction and in order to determine whether the plaintiffs' claims are barred by the applicable statutes of limitations.

Because the plaintiffs assert claims under the substantive laws of multiple states, Rightway cannot know whether individual plaintiffs have causes of action without specifically knowing where each plaintiff was allegedly injured. *See Linnabery v. DePauw*, 695 F. Supp. 411, 412 (C.D. Ill. 1988) (in a personal injury tort case, holding that "because . . . the location of Plaintiff's alleged injury is crucial to a determination of whether or not he has a cause of action . . . Plaintiff must provide a more definite statement as to the alleged location of the accident in question"). Additionally, without knowing when each individual plaintiff was allegedly damaged, the defendants cannot know whether each plaintiff's claim is barred by the applicable statute of limitations. *See Cowan v. Fid. Interstate Life Ins. Co.*, 89 B.R. 564, 567-8 (E.D. La. 1988) (noting that Rule 9(f)'s primary purpose is to provide a mechanism for the early adjudication of certain defenses, especially the statute of limitations, and stating that "since Rule 9(f) makes allegations of time material, a defendant may raise the limitation defense on a 12(b)(6) motion in [sic] dismiss . . . In other words, a plaintiff is not relieved from having to make specific allegations of time, when such are material, merely because a defendant may have the option to assert an affirmative limitation defense.").

    **C.    The plaintiffs' direct filing into the MDL is improper under federal law and impractical in that it would create numerous delays and venue challenges.**

        1.    <u>Federal law sets forth strict rules for the MDL procedure.</u>

As discussed above, the MDL Panel exercised its authority under 28 U.S.C. § 1407 to centralize this litigation for coordinated or consolidated pretrial proceedings in the Eastern District of Louisiana. (Rec. Doc. 1, Case. No. 2:09-md-02047-EEF-JCW). That statute, which was triggered by the creation of the MDL, provides very specific procedures for the transfer of cases filed in other judicial districts. Under the statute, the Panel initially transfers actions arising in a judicial district other than the judicial district of the MDL Court to the transferee MDL Court. 28 U.S.C. § 1407(a). It is only by and through this process, pursuant to 28 U.S.C. § 1407, that the MDL Court may conduct centralized pretrial multidistrict litigation proceedings and shed the typical encumbrances of *in personam* jurisdiction and venue (absent a specific waiver and stipulation to the contrary). *See In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976).

The MDL Panel, not the MDL Court, possesses the sole authority to manage its docket by not only transferring new cases to an existing MDL, but also by remanding cases to proper judicial districts for trial once a transferee MDL Court has finished its work. *See Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998). Regarding transfers, the MDL Panel, not the MDL court, is charged with deciding whether to issue a Conditional Transfer Order ("CTO") to transfer that particular action from the judicial district where it was filed to the transferee MDL Court.[1] Regarding remands – which are critical to the process because the multidistrict litigation enabling statute only authorizes the MDL Court to preside over cases for

---

[1] *See* Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L.") 7.4-7.5, 199 F.R.D. 425, 435-36. Assuming the MDL Panel decides to transfer an action for the same reasons expressed in the initial MDL Transfer Order, affected parties are then provided with an opportunity to oppose the MDL Panels' CTO. *See id.* at 7.4(c), 199 F.R.D. at 435 (stating that an opposition to a CTO must be filed within fifteen (15) days of the CTO's entry).

pretrial and discovery proceedings[2] – the MDL Panel issues a Conditional Remand Order ("CRO") upon a suggestion of remand from the transferee MDL Court, a motion by a party, or at the MDL Panel's own initiative. *See* R.P.J.P.M.L. 7.6(c), 199 F.R.D. at 438.[3] Just as with transfers, the authority to remand actions from the transferee MDL Court to the transferor judicial district at the conclusion of pretrial proceedings is vested solely with the MDL Panel, not with the transferee MDL Court. *See In re Patenaude*, 210 F.3d 135 (3d Cir. 2000); *In re Roberts*, 178 F.3d 181, 183 (3d Cir. 1999). As the enabling statute provides, both the initial transfer and the eventual remand of all actions associated with an MDL (except for those arising in the MDL Court's judicial district) must pass through the MDL Panel. *See* 28 U.S.C. § 1407(a).

The result of this process is that the MDL Court's role is limited. As the Supreme Court made clear in *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35-36 (1998), a transferee court presiding over a multidistrict litigation ("MDL Court"), is a court of limited authority – particularly as it relates to matters of venue. *See id.* at 40 (limiting an MDL Court's ability to transfer cases because remand by the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") is imperative); *see also* 28 U.S.C. § 1407 (enabling the multidistrict litigation process and defining the role of the MDL Panel and an MDL Court). An MDL Court may not override the mandatory multidistrict litigation procedures set forth in 28 U.S.C. § 1407. *See Lexecon*, 523 U.S. at 40. This framework is not optional.

As will be shown below, the plaintiffs' direct filing into the MDL would impermissibly supplant the relevant portions of the multidistrict enabling statute. It is also fraught with potential inefficiency and delay. In the words of another Court that has addressed direct filing:

---

[2]   28 U.S.C. § 1407(a) ("Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred . . .") (emphasis added); *Lexecon*, 523 U.S. at 35-36 (holding that the remand procedure described by § 1407(a) is "unconditional").

[3]   Parties are then allowed an opportunity to file a notice of opposition within an established time period. *See id.* at 7.6(f), 199 F.R.D. at 438.

>This direct filing strategy not only bypasses the multidistrict litigation statute providing transfer and later remand, but also threatens to burden this court with unnecessary transfer decisions under 28 U.S.C. § 1404(a).

*In re Norplant Contraceptive Prod. Liab. Litig.*, 946 F. Supp. 3, 3-4 (E.D. Tex. 1996).

>   2. <u>The direct filing impermissibly bypasses the multidistrict litigation process for transfer and remand.</u>

The plaintiffs' direct filing essentially asks this Court to adopt an entirely new procedure – one that directly contravenes the processes set forth by the multidistrict enabling statute and the rules of the MDL Panel. *See* 28 U.S.C. § 1407. As stated above, it is only by and through a transfer from the MDL Panel that the authority presented in 28 U.S.C. § 1407(a) may be invoked, and that the MDL Court may shed the typical encumbrances of *in personam* jurisdiction and venue. *See In re FMC Corp.*, 422 F. Supp. at 1165.

In this case, the plaintiffs have not followed the transfer procedure by filing in a proper venue – instead, they have filed a member suit directly into the MDL. In doing so, they have stripped the MDL Panel of its right to assess whether a case should be transferred to a multidistrict litigation, and failed to afford the defendants any of the protections set forth in MDL Panel Rule 7.4.[4] By filing directly into the MDL, the plaintiffs have forced this Court, as transferee MDL Court, to carry the burden of assessing whether the action should be handled as a part of this multidistrict litigation. That is the purview of the Panel, not the MDL Court. If the case were otherwise, the plaintiffs would have unfettered control over the decision as to whether a case has enough common questions of fact to be handled as a part of this multidistrict litigation. Neither option serves as an acceptable substitute for the multidistrict litigation procedures already set forth by Congress, and the rules promulgated thereto by the MDL Panel.

---

[4] E.g., the Rules allow affected parties to oppose the transfer of an action to an MDL Court. R.P.J.M.L 7.4, 199 F.R.D. at 435.

*See* 28 U.S.C. 1407(a); R.P.J.M.L 7.4-7.5, 199 F.R.D. at 435-36. In this case, there simply is no reason to re-invent the wheel, nor do the plaintiffs possess the authority to do so.

The plaintiffs' direct filing presents a problem on remand, as well. By filing directly into the MDL, the plaintiffs have essentially asked this Court to eschew the very principles announced in *Lexecon*. *See* 523 U.S. 26, 35 (1998). As discussed above, an MDL Court must inevitably remand all cases to their proper originating judicial district for trial at or before the conclusion of all pretrial and discovery proceedings. *See* 28 U.S.C. § 1407(a); *Lexecon*, 523 U.S. at 35. For this "unconditional" remand to take place, cases must be initially filed in a judicial district of proper venue. Otherwise, there is no judicial district for the inevitable remand of such actions. Furthermore, it is the MDL Panel who is solely responsible for ordering the remand of cases that are before the MDL Court. *See In re Patenaude*, 210 F.3d at 135. The plaintiffs' direct filing vests the MDL Court with a power that it simply does not have under 28 U.S.C. § 1407(a). Rather than allowing the MDL Panel to make the final decision regarding whether a case or cases should be sent to their proper judicial districts, the plaintiffs' action allows this Court – the MDL Court – to make this important decision. Also, the plaintiffs' filing provides none of the procedural safeguards that the MDL Panel put in place regarding potential remand. *See* R.P.J.M.L. 7.6(f), 199 F.R.D. at 438 (allowing for any party opposing potential remand to file a notice of opposition with the MDL Panel).

Direct filing fundamentally alters the structure of multidistrict litigation by consolidating all of the authority that would otherwise rest with the MDL Panel in the hands of the MDL Court, thereby divesting the MDL panel of its power to transfer and remand. The system created by 28 U.S.C. § 1407 is built in such a way that cases arising in other judicial districts must first pass through the MDL Panel to the MDL Court, and then pass from the MDL Court back

through the MDL Panel to the proper judicial district for trial. It is only by passing through the MDL Panel that the MDL Court garners authority under 28 U.S.C. § 1407 to preside over cases that it would otherwise be unable to handle. The plaintiffs' direct filing attempts to reverse that process. That is simply impermissible under federal law.

> 3. The direct filing is impractical and inefficient because it threatens to burden this Court with numerous change-of-venue decisions.

By circumventing the statutory procedure for the MDL Panel to initially transfer and then remand cases, the plaintiffs' direct filing also threatens to burden this Court with a wave of unnecessary transfer decisions under 28 U.S.C. § 1404(a). As previously discussed, the filing substantially alters the automatic remand provision set forth in 28 U.S.C. § 1407(a), under which the MDL Panel that has the authority to remand cases to their judicial district of proper venue. *See* 28 U.S.C. § 1407(a). Instead, the plaintiffs would have the MDL Court carry the burden of making a series of individual determinations under 28 U.S.C. §1404(a) as to where the actions should be transferred. Such a process would potentially require future transfers to be individually litigated based on the criteria set forth in 28 U.S.C. § 1404(a). Thus, the plaintiffs' proposal would increase, rather than decrease, the potential burdens on this Court.

The potential consequences of replacing automatic remand under 28 U.S.C. § 1407(a) (by the MDL Panel) with individual transfer under 28 U.S.C. § 1404(a) (by the MDL Court) are obvious. The defendants could potentially lose their right to have cases sent back to their proper judicial districts for trial at the conclusion of all coordinated pretrial proceedings. The notion of even a limited partial waiver of proper venue for filing is unsettling given the willingness of some courts to use waiver as means to get around *Lexecon* and justify the MDL Court's authority to try cases arising from other judicial districts. *See Armstrong v. LaSalle Bank Nat. Ass'n*, 552 F.3d 613, 616 (7th Cir. 2009) (holding that a party to an MDL action may waive § 1407(a) right

to remand); *In re Carbon Dioxide*, 229 F.3d at 1321 (same); *Solis v. Lincoln Electric Co.*, 2006 WL 266530, at *4 (Feb. 1, 2006 N.D. Ohio) (same).

Also, at best, the plaintiffs' direct filing procedure shifts an administrative burden from the filing stage of the litigation to the eventual remand/transfer stage. It is dubious whether any net-benefit actually accrues. Any delays avoided by eliminating the need for transfer will be replaced with delays caused by the need to litigate scores of transfers under 28 U.S.C. § 1404(a) at the close of coordinated pretrial proceedings. This potential burden should not be overlooked. The parties would potentially be forced to unnecessarily litigate a countless number of change-of-venue transfer decisions for actions that would otherwise simply be remanded by the MDL Panel to the judicial district where they were properly filed. *See* 28 U.S.C. § 1407(a); *In re Norplant Contraceptive Prod. Liab. Litig.*, 946 F. Supp. 3, 3-4 (E.D. Tex. 1996). As aptly stated in *In re Norplant*:

> If a party avoids the need for an MDL transfer order by filing directly in this court, the court is unable to rely on § 1407 for the efficient remand of such case to the proper venue after pretrial proceedings are concluded. Instead, the court is forced to engage in the more burdensome task of relying on 28 U.S.C. § 1404(a) in evaluating the need for a change of venue.

*Id.* at 4.

Finally, and notwithstanding the impracticality of this framework, its legality is questionable. The Supreme Court's holding in *Lexecon* rejects the proposition that an MDL Court has the authority to invoke the change-of-venue statute, 28 U.S.C. § 1404(a). *See Lexecon*, 523 U.S. at 35 (stating that the MDL Panel is obligated to remand cases to their originating courts -- this obligation is "impervious to judicial discretion"); *id.* at 39 ("if an order may be made under § 1404(a), it may be made after remand of the case to the originating district court") (emphasis added). Only the MDL Panel has the authority to decide when and where cases should be sent for trial. "[T]he statutory language of § 1407 precludes a transferee court [MDL Court]

from granting any § 1404(a) motion." *Lexecon*, 523 U.S. at 41, n. 4 (emphasis added); *see In re PPA Prod. Liab. Litig.*, 2005 WL 1528946, at *1 (June 24, 2005 W.D. Wash.) ("The court concludes that given the language of 28 U.S.C. § 1407(a) and the Supreme Court's *Lexecon* opinion, it does not have the authority to rule on any motion to transfer a case under 28 U.S.C. § 1404(a)"); *In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.*, 190 F. Supp. 2d 1125, 1146, n. 31 (S.D. Ind. 2002).

### D. This Court does not have personal jurisdiction over the moving defendant, and it is the improper venue for a case against them

The moving defendant further avers that the claims asserted against the moving defendant should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure due to the absence of subject matter jurisdiction and/or lack of personal jurisdiction over this defendant. The plaintiff admits that Rightway Drywall, L.L.C., is a resident of Florida, and that Rightway Drywall, Inc., is a resident of Georgia. (Rec. Doc. 1, 2:11-cv-00080-EEF-JCW, ¶¶ 865—66). As a non-resident defendant with no contracts or ties with the State of Louisiana, Rightway cannot be subjected to this Court's jurisdiction as doing so would exceed the limits of due process and is, therefore, constitutionally impermissible.

"When a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the non-resident." *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996); *Dickson Marine, Inc. v.* Panalpina, 179 F.3d 331, 336 (5th Cir. 1999). Due process requires that the defendant "have certain minimum contacts with [the forum state' such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Specific jurisdiction only exists if the defendant "purposely avails itself of the privilege of conduction

activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475, *citing Hanson v. Denckla*, 367 U.S. 235, 253 (1958)' *Alpine View Co. Ltd. V. Atlas Corp. AB,* 205 F.3d 208, 215 (5th Cir. 2000). General jurisdiction only lies when the defendant's conduct and connection with the forum state are "continuous and systematic" that the defendant "should reasonably anticipate being hauled into court there." *Id.*  Neither general nor specific jurisdiction exists as to the moving defendant.

There are no allegations that the moving defendant has engaged in "substantial" or "continuous and systematic" activities in Louisiana such as to subject it to general jurisdiction in the State of Louisiana.  Further, the defendant has not purposefully or intentionally directed any conduct or activities at the State of Louisiana, or at any resident of the State of Louisiana as required by the Constitution before it reasonably can anticipate being hauled into Louisiana to defend itself from the claims alleged in the plaintiffs' complaint. The plaintiffs have not alleged that the State of Louisiana has any contact with the moving defendant that would justify subjecting it to specific personal jurisdiction in the Eastern District of Louisiana.  As such, the plaintiffs' claims against the moving defendant should be dismissed.

Finally, Rightway alleges that the case should be dismissed under Rule 12(b)(3) because venue is improper. The plaintiffs allege that "[v]enue in this district satisfies the requirements of 28 U.S.C. §1391(b)(1)-(2) and (c) because Plaintiffs and a significant number of the absent class members reside in this jurisdiction and a substantial amount of the events and occurrences giving rise to these claims occurred in this District, or a substantial part of the property that is the subject of this action is situated in this district." (Rec. Doc. 2187, ¶ 3).

The moving defendant denies this allegation and affirmatively challenges and objects to the Eastern District of Louisiana as an improper venue under Rule 12(b)(3) of the Federal Rules

of Civil Procedure. According to the plaintiffs, the Court's original jurisdiction is based in the Class Action Fairness Act, an arm of diversity jurisdiction set forth in 28 U.S.C. § 1332(d). In diversity cases, venue is proper in three places:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(a).

Even assuming *arguendo* that the Court has proper subject matter and personal jurisdiction over the defendant, the Eastern District of Louisiana is an improper venue for these proceedings as the moving defendant does not reside in the State of Louisiana. Also, the Eastern District of Louisiana is not a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in the action occurred, it is not a judicial district in which a substantial part of property that is the subject of the action is situated, and it has no personal jurisdiction over the moving defendant (as set forth above). Rightway is a Florida and Georgia company that performed work on Florida homes – indeed, all of the representative plaintiffs are from Florida. Clearly, Rightway has no connection to Louisiana whatsoever. Thus, the Eastern District of Louisiana is not the proper venue for a suit against the moving defendant.

E. **Conclusion**

The law is clear. The plaintiffs cannot allege omnibus allegations against multiple defendants without specifying certain facts about the defendants' conduct and the nexus of that conduct and the plaintiffs' alleged injuries. Such an action fails to state a claim upon which relief can be granted. At the very least, and solely in the alternative if the Court does not grant the

motion, the Court should order Plaintiffs to amend their claims under Federal Rule 12(e) to satisfy the pleading standards under the Federal Rules of Civil Procedure.

Additionally, the direct filing is improper under federal law and impractical because it would inefficiently require this Court to decide venue challenges at the time of remand. Finally, the Court has no personal jurisdiction over the moving defendant, and it is the improper venue for a case against that defendant.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK (#18495)**
**PAUL J. VERLANDER (#19196)**
**PHILIP G. WATSON (#31356)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Fax: (504) 837-3119
andreww@duplass.com
jglass@duplass.com
kderham@duplass.com
**Counsel for Defendants, Rightway Drywall, Inc., and Rightway Drywall, L.L.C.**

## C E R T I F I C A T E

I hereby certify that the above and foregoing Memorandum in Support of Rule 12(b) Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and/or e-mail and e-mail upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF

System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of June, 2011.

                                            s/Andrew D. Weinstock
                                 _____
                                 ANDREW D. WEINSTOCK #18495
                                       andreww@duplass.com