EXHIBIT E(3)

BANNER'S RELEASE OF MARYLAND CASUALTY COMPANY
(THE "RELEASE")

1. **Definitions**

    1.1. "Settlement" shall mean the Settlement among Banner, the Insurers, and the Class, dated as of June 10, 2011.

    1.2. Unless defined in this Release, capitalized terms used in this Release (including "Banner") shall have the same meaning as those defined in the Settlement.

2. **Releasor**

    2.1. Banner has been advised and fully understands that the Settlement governs the resolution of any and all claims Banner has, may have, or may have in the future against Maryland Casualty, including claims under or related to the Maryland Casualty Policies, and/or with regard any injury or damage Banner has ever claimed, or may at any time claim in the future concerning and/or connected in any way with Chinese Drywall.

    2.2. Banner has been advised and fully understands that any and all claims that Banner has or may have in the future against Maryland Casualty concerning or connected in any way with Chinese Drywall will be fully and forever released once the Settlement is Final.

    2.3. Banner has been advised and fully understands the potential for opt-out claims and that any claimant that opts out of the Settlement will preserve its claims against Banner.  Banner further acknowledges that it has a right, pursuant to Section 6.3.2 of the Settlement, to terminate it at its sole discretion.  Banner has been advised by Maryland Casualty that if there are opt out claims and Banner does not terminate the Settlement, Banner's insurance assets will not be available to defend, pay, or otherwise respond to such claims.  Banner agrees that Maryland Casualty has adequately advised it that opt out claims present continued exposure to Banner, and that Banner will be responsible for paying any opt out claims.

    2.4. Banner acknowledges that Maryland Casualty has thoroughly investigated all of the Chinese Drywall-related claims against Banner, that Maryland Casualty has communicated with Banner regarding the terms and significance of the Settlement throughout the Settlement's negotiation, and that the Settlement represents the best opportunity to settle as many Chinese Drywall-related claims against Banner as is possible.

    2.5. Banner has made an independent determination that the Settlement represents its best option for resolving as many claims as possible with its Insurance Proceeds, minimizes Banner's overall liability, and is in Banner's best interests.

3. **Releases**

    3.1. In consideration for Maryland Casualty's agreement to pay the Insurance Proceeds as set out in Section 1.12 of the Settlement, Banner knowingly and voluntarily (i) releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits, and forever discharges Maryland Casualty for any and all claims whatsoever which arise out of, or are related in any way to, Chinese Drywall, the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the Maryland Casualty Insurance Policies, including, but not limited to, (a) all claims for insurance coverage, indemnity, "duty to defend," bad faith. and/or extra-contractual liability of any kind, which claims arise under Florida law, the law of any other state, or any other law (including common law); and (b) any and all past, present, and/or future claims arising out of, or related to, indemnity obligations, duty to defend, claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent investigation, breach of warranty, failure to warn, breach of implied warranty, breach of good faith and fair dealing, bad faith, negligent or intentional interference with contractual relationships, deceptive trade practices, unfair trade practices, unfair settlement practices, conduct in violation of any insurance code, claims under La. R.S. 22:1220, Fla. Stat.§ 501.201, *et seq.*, Fla. Stat. § 624.155, Fla. Stat. § 626.951 *et seq.*, Fla.Stat. § 672.314, Fla. Stat. § 718.203, or any other alleged misconduct, omission, or wrongdoing of any kind.

    3.2. Banner hereby agrees and stipulates that the only Maryland Casualty policy issued to Banner that is triggered by claims related in any way to Chinese Drywall is the 2005-2006 policy issued to Banner PSL, policy number PPS 42534587-02.

    3.3. Until the Settlement is Final, Maryland Casualty shall, where applicable, and consistent with the defense obligations previously undertaken on behalf of Banner, continue to defend Banner in connection with covered claims arising out of, or in any way related to, Chinese Drywall, including, but not limited to, the Litigation, Related Actions, and Related Claims.

    3.4. Banner acknowledges that Banner may in the future learn of additional and/or different facts as they relate to Chinese Drywall, the Maryland Casualty Policies, Maryland Casualty' activities as they relate to Chinese Drywall, and/or any injury Banner has ever claimed, or may at any time in the future claim. Banner has been fully advised, understands and acknowledges the significance and consequences of releasing all of the claims and liabilities and hereby assumes full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that Banner may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve Banner's right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, Banner specifically and expressly waives (to the fullest extent permitted by applicable law) Banner's rights.

3.5. Banner further acknowledges having had an opportunity to obtain advice of counsel of its choosing regarding this release and waiver, and having discussed it with such counsel to its satisfaction.

3.6. Banner acknowledges that Maryland Casualty has acted in good faith and fairly, reasonably, and honestly towards Banner and any actual and/or potential Class Members, and with due regard for Banner's and any potential Class Members' interests regarding Chinese Drywall. Banner further acknowledges that the Settlement by Maryland Casualty and the Insurers, being in good faith, precludes Banner and the Class Members from asserting a bad faith claim against Maryland Casualty.

3.7. Banner acknowledges and agrees that this Release is irrevocable and unconditional, inures to the benefit of Banner, and is intended to be as broad as can possibly be created.

3.8. Without limitation of the foregoing, this Release is specifically intended to operate and be applicable even if it is alleged, charged, or proven that some or all of the released claims and liabilities are caused in whole or in part by the negligence, negligence *per se*, gross negligence, breach of warranty, violation of law, defective product, malice, bad faith, and/or conduct of any type by Maryland Casualty and/or any other person or entity.

4. **Pursuit of Certain Claims**

    4.1. Banner agrees that Banner will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce any of the released claims and liabilities of or against Maryland Casualty; (ii) institute or participate in any new legal action against Maryland Casualty to any extent, or in any way, arising out of, relating to, resulting from, and/or connected with the Maryland Casualty Policies, Chinese Drywall and/or with any injury Banner has ever claimed, or may at any time hereafter claim; or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against Maryland Casualty in any legal action described in clause (ii) or any pending legal action against Maryland Casualty.

5. **Acknowledgment of Comprehension**

    5.1. Banner is entering into this Release freely and voluntarily. Banner understands and acknowledges the nature, value, and sufficiency of the consideration described in this Release. Banner acknowledges that Banner has read this Release and the Settlement, and Banner has had an opportunity to obtain advice from, and ask questions of, counsel of its choosing regarding the terms and legal effect of these documents and its decision to enter the Release. Banner further acknowledges that Banner has discussed all of these matters with the counsel of its choosing, and such counsel has answered all its questions to its satisfaction. Banner further acknowledges that Banner understands this Release.

6. **No Admission of Fault**

    6.1. Banner understands and agrees that Maryland Casualty has entered into this Release and the Settlement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility, or fault of or by Maryland Casualty.

7. **Representations and Warranties**

    7.1. Banner hereby represents and warrants that Banner has full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Banner has not sold, assigned, transferred, or otherwise disposed of, or pledged or otherwise encumbered, any of the released claims and liabilities in whole or in part.

8. **Governing Law**

    8.1. This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

9. **Severability**

    9.1. Banner agrees that if any provision of this Release is adjudicated to be invalid, illegal, or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, Banner hereby specifically and expressly waives any provision of law that renders any provision of this Release invalid, illegal, or unenforceable in any respect.

IN WITNESS WHEREOF, Banner has read and understood the terms and conditions of this Release, agrees to be bound by all of its provisions, and has executed this Release on the date shown by their signatures below.

**BANNER SUPPLY COMPANY**

By: _____
Authorized Representative
Print Name: Michael N. Peterson
as Attorney in fact

_____
Witness Signature
Witness Signature: _____
Printed Name: Jack Landers
Printed Name: Scott K. Giering
Date: 6/10/11
Date: 6/10/11

**BANNER SUPPLY COMPANY POMPANO, LCC**

By: _____
Authorized Representative
Print Name: Michael N. Peterson
as Attorney in fact

_____
Witness Signature
Witness Signature: _____
Printed Name: Jack Landers
Printed Name: Scott K. Giering
Date: 6/10/11
Date: 6/10/11

*[Signature]*
Witness Signature

Jack Landers
Printed Name

6/10/11
Date

**BANNER SUPPLY COMPANY TAMPA, LLC**

By: *[Signature]*
    Authorized Representative

Print Name: Michael P. Peterson, as Attorney-in-Fact

*[Signature]*
Witness Signature

Scott K. Giering
Printed Name

6/10/11
Date


*[Signature]*
Witness Signature

Jack Landers
Printed Name

6/10/11
Date

**BANNER SUPPLY COMPANY INTERNATIONAL, LLC**

By: *[Signature]*
    Authorized Representative

Print Name: Michael P. Peterson, as Attorney-in-Fact

*[Signature]*
Witness Signature

Scott K. Giering
Printed Name

6/10/11
Date

**BANNER SUPPLY COMPANY**
**FORT MYERS, LLC**

By: _____
    Authorized Representative

Print Name: Michael P. Peterson
            as Attorney in Fact

_____
Witness Signature

Scott K. Giering
_____
Printed Name

6/10/11
_____
Date

_____
Witness Signature

Jack Landers
_____
Printed Name

6/10/11
_____
Date


**BANNER SUPPLY COMPANY**
**PORT ST. LUCIE, LLC**

By: _____
    Authorized Representative

Print Name: Michael P. Peterson
            as Attorney in Fact

_____
Witness Signature

Scott K. Giering
_____
Printed Name

6/10/11
_____
Date

_____
Witness Signature

Jack Landers
_____
Printed Name

6/10/11
_____
Date