EXHIBIT F

JOINT MUTUAL RELEASE AMONG ALL INSURERS (THE "RELEASE")

**1. Definitions**

1.1. Capitalized terms used in this Release shall have the same meaning as those defined in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement"), unless defined herein.

**2. Releases**

2.1. Chartis, FCCI, Hanover, and Maryland Casualty for itself and each and all of its past, present, and future employees, attorneys, officers, directors, agents, shareholders, stockholders, subsidiaries, consultants, insurers, claims administrators, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns shall release, remise, acquit, and discharge each and every other Insurer, and each and all of their respective past, present, and future employees, attorneys, officers, directors, agents, stockholders, subsidiaries, consultants, insurers, claims administrators, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns, from any and all manner of actions, claims, demands, causes of action, or liabilities related to Banner and the Banner Insurance Policies, including but not limited to those for subrogation, implied or express indemnification, contribution, insurance coverage, "duty to defend," bad faith, conduct in violation of any insurance code, extra-contractual liability, and/or any other alleged misconduct, omission, or wrongdoing of any kind, of whatever nature or source, known or unknown, that the Insurer ever had, now has, could have had, may have in the future, or that it may acquire.

2.2. The Insurers' subrogation rights under the Banner Insurance Policies, any other policy, or under law or equity, are preserved and are not released or affected in any way by this Settlement. The Insurers shall be able to make subrogation claims against the Settlement Funds like any other claimant.

2.3. Each Insurer acknowledges that it and each other Insurer may in the future learn of additional and/or different facts as they relate to Banner, the Banner Insurance Policies, the Related Claims, the Related Actions, the Litigation, and/or Chinese Drywall. Each Insurer acknowledges the significance and consequences of releasing all of the claims and liabilities and hereby assumes full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that it and each other Insurer may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve the Insurer's right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, each Insurer specifically and expressly waives (to the fullest extent permitted by applicable law) its rights.

2.4. Each Insurer further acknowledges having had an opportunity to obtain advice of counsel of its choosing regarding the Settlement, and this release and waiver, and having discussed it with such counsel to its satisfaction.

**3. Pursuit of Certain Claims**

3.1. Each Insurer agrees that it will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce any of the released claims and liabilities of or against any other Insurer; (ii) institute or participate in any new legal action against any other Insurer to any extent, or in any way, arising out of, relating to, resulting from and/or connected with Banner, the Banner Insurance Policies, the Related Claims, the Related Actions, the Litigation, or any claims in connection with Chinese Drywall; or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against any other Insurer in any legal action described in clause (ii) or any pending legal action against any other Insurer.

**4. Acknowledgment of Comprehension**

4.1. Each Insurer is entering into this Release freely and voluntarily. Each Insurer understands and acknowledges the nature, value, and sufficiency of the consideration described in this Release. Each Insurer acknowledges that it has read this Release and the Settlement, and it has had an opportunity to obtain advice from, and ask questions of, counsel of its choosing regarding the terms and legal effect of these documents and its decision to enter the Release. Each Insurer further acknowledges that it has discussed all these matters with the counsel of its choosing, and such counsel has answered all its questions to its satisfaction. Each Insurer further acknowledges that it understands this Release.

**5. No Admission of Fault**

5.1. Each Insurer understands and agrees that each other Insurer has entered into this Release and the Settlement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility, or fault of or by any Insurer.

**6. Representations and Warranties**

6.1. Each Insurer hereby represents and warrants that it has full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Each Insurer hereby represents and warrants that it has not sold, assigned, transferred or otherwise disposed of, or pledged or otherwise encumbered, any of the released claims and liabilities in whole or in part.

**7. Governing Law**

7.1. This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

**8. Severability**

8.1. Each Insurer agrees that if any provision of this Release is adjudicated to be invalid, illegal or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, each Insurer hereby specifically and expressly waives any provision of law that renders any provision of this Release invalid, illegal or unenforceable in any respect.

8.2. If Maryland Casualty chooses to withdraw from the Settlement in accordance with Sections 6.4 or 11.2, this Release shall be construed to exclude Maryland Casualty as either a releasing party or a releasor. The Release shall otherwise remain in full force and effect and be construed as if Maryland Casualty had not been included herein.

8.3. If FCCI chooses to withdraw from the Settlement in accordance with Sections 6.4 or 11.2, this Release shall be construed to exclude FCCI as either a releasing party or a releasor. The Release shall otherwise remain in full force and effect and be construed as if FCCI had not been included herein.

IN WITNESS WHEREOF, the Insurers have read and understood the terms and conditions of this Release, agree to be bound by all of its provisions, and have executed this Release on the date shown by their signatures below.

**FCCI INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, NATIONAL TRUST INSURANCE COMPANY, FCCI MUTUAL INSURANCE HOLDING COMPANY, FCCI GROUP, INC., FCCI INSURANCE GROUP, INC., MONROE GUARANTY INSURANCE COMPANY, FCCI SERVICES, INC., FCCI ADVANTAGE INSURANCE COMPANY, BRIERFIELD INSURANCE COMPANY, and FCCI AGENCY, INC.**

By: ________________________
Authorized Representative

Print Name: ________________

| | |
|---|---|
| ______________________________ | ______________________________ |
| Witness Signature | Witness Signature |
| ______________________________ | ______________________________ |
| Printed Name | Printed Name |
| ______________________________ | ______________________________ |
| Date | Date |

**CHARTIS CLAIMS, INC. on behalf of CHARTIS SPECIALTY INSURANCE COMPANY f/k/a American International Specialty Lines Insurance Company, ILLINOIS NATIONAL INSURANCE CO., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., AND COMMERCE & INDUSTRY INSURANCE CO.**

By: [signature]

Patricia McMahon
Vice-President, Chartis Claims, Inc.

Print Name: PATRICIA MCMAHON

[signature]
Witness Signature

Marcy Melnikoff
Printed Name

6/10/11
Date

[signature]
Witness Signature

Dana Hoffman
Printed Name

6/10/11
Date

**HANOVER AMERICAN INSURANCE COMPANY and HANOVER INSURANCE GROUP, INC.**

By: ______________________
Authorized Representative

Print Name: ______________

______________________
Witness Signature

______________________
Printed Name

______________________
Date

______________________
Witness Signature

______________________
Printed Name

______________________
Date

**MARYLAND CASUALTY COMPANY and ALL COMPANIES IN THE ZURICH NORTH AMERICA GROUP OF INSURANCE COMPANIES**

By: Robert J. Kosciolek
Authorized Representative

Print Name: Robert J Koscielniak

Rosemary Mostafa
Witness Signature

Rosemary Mostafa
Printed Name

6/10/11
Date

______________________
Witness Signature

______________________
Printed Name

______________________
Date