# EXHIBIT "D"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

SUMMARY NOTICE OF BANNER CLASS ACTION SETTLEMENT

**YOU MAY BE ENTITLED TO RECEIVE A SETTLEMENT PAYMENT IF YOU ARE A MEMBER OF THE CLASS CONSISTING OF:**

All persons or entities with claims, known and unknown, against Banner or its Insurers arising from, or otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner.

This Notice is only a summary. A more detailed Class Notice may be obtained from Class Counsel Ervin Gonzalez, Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134, telephone number (305) 476-7400.

Capitalized terms in this Notice have the same meaning as those defined in the Banner Settlement Agreement dated June 10, 2011. The Settlement is posted on the District Court's Chinese Drywall MDL website at http://www.laed.uscourts.gov/Drywall/Drywall.htm, the CPSC website, and the Florida Department of Health website.

### Description of the Settlement

The Settlement is intended to resolve claims brought against Banner, as well as Chartis, FCCI, Hanover, and Maryland Casualty (collectively the "Insurers"), for Banner's purchase, supply, distribution, marketing, use, sale and/or delivery of Chinese Drywall that was used in the construction of properties in the United States. Banner distributes drywall products manufactured by other companies. Plaintiffs have filed complaints against Banner, its Insurers, and others to recover the costs of remediating properties damaged by Chinese Drywall and other damages. Banner and its Insurers deny any wrongdoing whatsoever. The Settlement will only resolve claims against Banner and its Insurers.

The Court has conditionally certified the class for settlement purposes only. The Court has not determined the merits of any claims or defenses of the parties. The Settlement will become effective only upon final approval by the Court.

If approved, Banner's Insurers will establish Settlement Funds of $54,475,558.30, which will be allocated to pay for costs of remediating Affected Properties and other damages. The Settling Defendants are not permitted to receive any Settlement Funds, except as subrogees of Class Members.

All Class Members who receive in excess of the MMSEA dollar threshold in effect at the time the Settlement is Final must provide the Insurers with their full name, date of birth, social security number, and gender, as well as any other information necessary for the Insurers to comply with their reporting obligations under the Medicare, Medicaid & SCHIP Extension Act of 2007.

The Plaintiffs' Steering Committee, common benefit attorneys, and private counsel for Class Members are seeking, in the aggregate, attorneys' fees of no more than 32% of the Settlement Funds, plus reasonable expenses, including the costs of Notice. The Petitioning Attorneys may seek a fee of 10% from those entities who recover from the Settlement Funds, are not represented by the PSC, have private counsel, and have actively pursued this Litigation.

### Opt-Out Notices

Class Members may opt out of the Class. If you elect to opt out, you will be excluded from sharing in the Settlement Funds. The procedure for electing to opt out is set forth in detail in the Class Notice. Opt-out notices must be post-marked on or before _____, 2011.

### Fairness Hearing

A Fairness Hearing will be held in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, LA 70130, at _____ _.m., on _____, 2011, to determine whether: the Settlement is fair, reasonable, and adequate and should be finally approved; the Class should be finally certified; and the Litigation should be dismissed with prejudice as to Banner and its Insurers.

At the Fairness Hearing, Class Members may object to the Settlement, provided that the procedure for objection set forth in the Class Notice is followed. To object, you must submit your written objections on or before _____, 2011.

Any Class Member who does not timely object to the Settlement shall be deemed to have waived all objections.

### Effect of Final Court Approval

If the Settlement is approved, the Litigation will be dismissed with prejudice as to Banner and its Insurers. Litigation will continue against other defendants. Unless you opt out of the Settlement, upon Court approval you will be bound by the Settlement, including the judgment of dismissal.

Dated: New Orleans, Louisiana
_____, 2011

/s/ ELDON E. FALLON
Judge, United States District Court
for the Eastern District of Louisiana

2