UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | MDL 2047 |
| DRYWALL PRODUCTS LIABILITY | : | |
| LITIGATION | : | SECTION: L |
| | : | JUDGE: FALLON |
| THIS DOCUMENT RELATES TO: | : | MAG. JUDGE WILKINSON |
| | : | |

*Pate v. American International Specialty Lines Insurance Co.*, No. 09-7791

### ORDER & REASONS

Before the Court is FCCI Commercial Company and FCCI Insurance Company's (collectively "FCCI") Motion to Alter or Amend the Court's Order Denying FCCI's Motion to Dismiss for Lack of Personal Jurisdiction. (R. Doc. 8960). For the following reasons, IT IS ORDERED that FCCI's Motion is DENIED.

Motions asking a court to reconsider an order, such as the present, are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the motion is filed within 28 days of the challenged order. *See* Fed. R. Civ. P. 59(e). Rule 60(b) governs when the motion is filed after 28 days, but "within a reasonable time...no more than a year after the entry of the...order or the date of the proceeding." Fed. R. Civ. P. 60(b). The Fifth Circuit describes "the scope of Rule 59(e) as 'unrestricted,' while noting that 'Rule 60(b) relief may be invoked only for the causes specifically stated in the rule.'" *Williams v. Thaler*, 602 F.3d 291, (5th Cir. 2010)(quoting *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986)). Because FCCI's Motion was filed well beyond 28 days from the issuance of the Court's

1

challenged bench ruling and Order & Reasons, it is untimely and cannot be construed as a Rule 59(e) motion. *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 468 (5th Cir. 1998). Although the Motion was filed within a year of these decisions, it is questionable whether filing almost six months after the Court's ruling from the bench is reasonable enough to warrant review under Rule 60(b). Nonetheless, the Court will proceed with analysis of the Motion under the Rule 60(b) standard.

The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court. *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010). Rule 60(b) permits relief from an order only upon certain enumerated grounds. *See* Fed. R. Civ. P. 60(b). FCCI's Motion alleges that "the Court made several errors of law" in its rulings on FCCI's personal jurisdiction, but does not indicate any specific basis under Rule 60(b) for the relief sought. *See* (R. Doc. 8960-1). Thus, the Court will construe FCCI's Motion as one seeking relief under the only two grounds feasible, subsection (1) for "mistake" and subsection (6) "any other reason justified." Fed. R. Civ. P. 60(b)(1), (6). However, as discussed in turn below, under both grounds FCCI's Motion fails.

In the Fifth Circuit, to prevail on a Rule 60(b)(1) motion, a party "must...claim more than that the district court made an erroneous legal ruling." *Mobley v. Shalala*, 50 F.3d 1032, (5th Cir. 1995)(citing *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983)); *McMillan v. Mbank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993). "A motion for relief under Rule 60(b)(1) is 'not a substitute for the ordinary method of redressing judicial error-appeal.'" *McMillan*, 4 F.3d at 367. "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances

justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985).

However, a Rule 60(b)(1) motion "may be used 'to rectify an obvious error of law, apparent on the record,'" *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009)(quoting *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987)). An "obvious error of law" occurs when the court's ruling "'obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law.'" *Robinson v. Johnson*, 272 F.3d 1098 (5th Cir. 2001)(quoting *Hill,* 827 F.2d at 1043); *see e.g. Halicki*, 151 F.3d at 471 n.7(noting application of the wrong legal standard for summary judgment is usually an obvious error of law); *Mobley*, 50 F.3d at *4 (recognizing that an obvious error of law does not occur simply because the court could have decided otherwise).

The errors of law alleged by FCCI are substantive in nature, and not "obvious" for purposes of Rule 60(b)(1). FCCI re-urges arguments raised in its original motion regarding minimum contacts for general personal jurisdiction and raises new arguments questioning the role of the Court's status as a MDL transferee court in the personal jurisdiction analysis. If FCCI seeks to raise these substantive legal arguments it must do so through the appropriate appellate channels; Rule 60(b)(1) relief is not available and it has missed its opportunity for review pursuant to Rule 59(e).

Under Rule 60(b)(6) a district court may relieve a party from an order or proceeding for any reason which justifies relief, other than those also enumerated in Rule 60(b). *See Rocha*, 619 F.3d at 399-400. Such relief is appropriate only in an "extraordinary situation" or when "extraordinary circumstances are present." *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005); *United States ex rel. Giribaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005). As

3

the Fifth Circuit recognizes, there is little to no guidance in the jurisprudence as to what may constitute an extraordinary situation or circumstance for Rule 60(b)(6), *see Williams v. Thaler*, 602 F.3d 291, 321 (5th Cir. 2010), but the Circuit has indicated that alleged substantive legal errors in a Court's decision are not extraordinary. *See Haygood v. Quarterman*, 2008 WL 3244144, at *4 n.4 (5th Cir. Aug. 8, 2008). Because FCCI alleges substantive legal errors by the Court, relief pursuant to Rule 60(b)(6) is also not available.

Alternatively, FCCI requests that the Court certify the personal jurisdiction issue for interlocutory appeal. Based upon the following law and analysis, the Court declines to certify this issue.

In general, only the final judgments of the federal district courts can be appealed. *See e.g. United States v. Garner*, 749 F.2d 281, 284-85 (5th Cir. 1985). This final-judgment rule, embodied in 28 U.S.C. § 1291, reflects "a firm congressional policy against . . . 'piecemeal' appeals." *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 170-71 (5th Cir. 2009)(quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)). One exception to this general rule lies in 28 U.S.C. § 1292(b), which provides that a district court in a civil case may certify for appeal an order that is not otherwise appealable if the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Interlocutory appeals under this provision are appropriate only in "exceptional cases," *Garner*, 749 F.2d at 286; *accord Clark-Dietz & Assocs.-Eng'rs., Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983), and "permission to appeal [under § 1292(b)] is granted sparingly,

not automatically," *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir.1972). The decision regarding whether to certify an order for interlocutory appeal under Section 1292(b) rests within the discretion of the district court. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995); *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1358-59 (11th Cir. 2008); *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167(5th Cir. 1987)(en banc), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *reinstated on remand*, 883 F.2d 17 (5th Cir. 1989) (en banc).

As noted, in order for a court to certify a question for interlocutory appeal it must be a controlling question of law as to which there is substantial ground for difference of opinion. "The threshold for...certification pursuant to § 1292(b) is a high one." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002). "An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment." *Clark-Dietz*, 702 F.2d at 68. Thus, the mere fact that a party disagrees with the district court's ruling is insufficient to establish that there is a substantial ground for a difference of opinion. *See e.g.*, *United States ex rel. Branch Consultants, LLC v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813-14 (E.D. La. 2009); *Bush v. Adams*, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009); *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996).

Instead, a substantial ground for difference of opinion exists if there is a "genuine doubt as to the correct legal standard" to be applied. *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996); *accord Sims v. Sunnyside Land, LLC*, 425 B.R. 284, 295 (W.D. La. 2010); *Consub Del. LLC v. Schahin Engenharai Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007). Such a circumstance can arise if "the circuits are in dispute on the question and the Court of

Appeals of the circuit [encompassing the district court] has not spoken on the point . . . or if novel and difficult questions of first impression are presented." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006)(internal citation omitted); *accord Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). In addition, a party may argue that there is a substantial ground for difference of opinion based on the divergent application of a legal standard. But the mere fact that "settled law might be applied differently" is insufficient to show that there is a substantial ground for difference of opinion. *Couch*, 611 F.3d at 633. Instead, a party seeking to make an interlocutory appeal must show that "other courts have substantially differed in applying the standard." *Harter v. GAF Corp.*, 150 F.R.D. 502, 518 (D.N.J. 1993).

Here, FCCI's disagreement with the Court's analysis of the applicable law and facts in the Order & Reasons is insufficient to certify its question for interlocutory appeal. FCCI seeks to certify the following question: "Whether Louisiana has general jurisdiction over an insurance company that has its principal place of business in Florida and does not have any offices or employees in Louisiana, and whether a district court's status as an MDL court can affect general jurisdiction analysis in a diversity case." (R. Doc. 8960-1). The Court properly considered FCCI's minimum contacts with Louisiana over a reasonable period of time, concluding that FCCI, and its affiliated companies, have at least 20 contacts with the state sufficient for general personal jurisdiction under the applicable law. *See* (R. Doc. 7356, pp. 25-33). Nowhere in the minimum contacts analysis did the Court consider its MDL authority or status. *See id.* Because the Court concluded there are sufficient minimum contacts for general personal jurisdiction, the burden was then shifted to FCCI to make a compelling case under the second prong of the personal jurisdiction inquiry-that assertion of personal jurisdiction offends traditional notions of

fair play and substantial justice; FCCI failed to do so.

FCCI takes issue with the fact that the Court, in analyzing the factors under the second prong of the general personal jurisdiction inquiry, took into consideration certain aspects of the MDL litigation. However, there is no limit placed on what may be considered under this inquiry so long as the considerations relate to the five enumerated factors espoused by the jurisprudence. *See generally Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 615 (5th Cir. 2008). Indeed, under the traditional notions of fair play and substantial justice inquiry a number of courts have considered particular aspects of MDL litigation. *See e.g. In re Diet Drugs*, 282 F.3d 220, 231 (2d Cir. 2002); *In re Vistaprint Corp. Mktg. & Sales Practices Litig.*, 2009 WL 2407652, at *3 (S.D. Tex. Aug. 3, 2009); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 789 F.Supp. 1212, 1215 (D.P.R. 1992); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 742 F.Supp. 717, 726-27 (D.P.R. 1990). Furthermore, the Court does not suggest, as alleged by FCCI, that its status as an MDL transferee court somehow creates personal jurisdiction over non-resident defendants; this is evidenced by the fact that in the same Order & Reasons challenged by FCCI the Court concluded it lacked general personal jurisdiction over two other non-resident insurers. *See* (R. Doc. 7356).

The Court followed established Supreme Court and Fifth Circuit precedent on general personal jurisdiction in reaching its decision. *See* (R. Doc. 7356). This body of law is neither novel nor difficult; general personal jurisdiction over non-resident insurers is routinely addressed by the courts. *See e.g. Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Co.*, 615 F.3d 364 (5th Cir. 2010); *King v. Am. Family Mut. Ins., Co.*, 632 F.3d 570 (9th Cir. 2011). The analysis and outcome of the general personal jurisdiction inquiry often varies for each case due

to the fact-sensitive nature of the applicable law, but such variations do not render personal jurisdiction challenges certifiable for interlocutory appeal. The present Motion is a product of FCCI's mere disagreement with the outcome of the Court's decision, which under the high threshold for interlocutory appeal does not make the cut for a certifiable question. Thus, for the foregoing reasons, IT IS ORDERED that FCCI's Motion is DENIED.

    New Orleans, Louisiana, this 13th day of June 2011.

_Eldon E. Fallon_
U.S. District Judge