## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL      MDL No. 02047
PRODUCTS LIABILITY LITIGATION      SECTION L

                                         JUDGE FALLON
THIS DOCUMENT RELATES TO:             MAG. JUDGE WILKINSON

JOYCE W. ROGERS, *et al.* v.
KNAUF GIPS KG, *et al.*,
Case No. 10-362 Section L

_____/

## ROBERT/CHARLES BUILDERS, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

Defendant, Robert/Charles Builders, Inc. ("Robert/Charles"), submits this Notice of Supplemental Authority in Further Support of Its Motions to Dismiss With Prejudice the Claims Brought Against It in the Rogers Amended Class Action Complaint [D.E. 4668] and its Motion to Dismiss with Prejudice the claims brought against it in the Barbee Omnibus Class Action Complaint In Intervention [D.E. 8851]. Through this Notice, Robert/Charles informs the Court of two recent drywall decisions issued in the consolidated drywall proceedings in Florida's Fifteenth Judicial Circuit, styled *Bennett v. Centerline Homes, Inc.*, No. 50 2009-CA-014458 (Fla. 15th Jud. Cir.) (the "***Bennett* action**"). The two decisions are: (1) a November 5, 2010 "Omnibus Order on Pending Motions to Dismiss"; and (2) a March 18, 2011 "Omnibus Order on Plaintiffs' Negligence Claims. True and correct copies of each of these decisions are attached to this Notice as **Exhibits 1** and **2**.

Like the MDL action pending before this Court, the *Bennett* action consolidates a number of drywall proceedings in which the plaintiffs allege that the defendants that constructed (or helped construct) their homes are liable for damages caused by defective Chinese drywall

purportedly installed in the homes.  And like this case, the *Bennett* action involves claims for negligence and private nuisance under Florida law.

Both rulings in *Bennett* action are applicable here.  In the first order, dated November 5, 2010, the Florida circuit court dismissed the plaintiffs' private nuisance claims as a matter of law.[1]  The court recognized, correctly, that "the doctrine of private nuisance is essentially a mechanism which protects the property rights of one land owner <u>from the unrestrained exercise of the property rights *of another*</u>."  Order, at 6 (Exh. 3) (emphasis added).  Since Plaintiffs' private nuisance claim is predicated on the assertion that conditions existing in "structures owned by <u>Plaintiffs</u>" (rather than structures owned by "another") are to blame, the private nuisance claim asserted here cannot survive.[2]  *See* Cmplt. ¶ 804 (emphasis added);[3] D.E. 4668-1, at p. 11-12.

The second decision issued in the *Bennett* action, dated March 18, 2011, forecloses the **negligence** claim asserted against Robert/Charles here.  *See* Cmplt. ¶¶ 708-715.  In what appears to be a case of first impression in Florida, the court in *Bennett* held that there <u>does</u> <u>not</u> exist a duty "to inspect, test or warn" the plaintiffs about the drywall in their homes.  The court explained that where the purported defect is "latent," the law imposes no such duties "unless the

---

[1]    The *Bennett* action is a consolidated action that, like this omnibus proceeding, pits homeowners with allegedly defective drywall against multiple builders, installers and drywall suppliers.

[2]    At least one other Florida court has expressly adopted the reasoning in *Bennett* and dismissed a private nuisance claim based on defective drywall for the same reason.  *See* "Order on Defendant Banner Supply Company Port St. Lucie, LLC's Motion to Dismiss First Amended Class Action Complaint," at 2-3, *In re: Chinese Drywall Litig.*, No. 10- 28090 (Fla. 17th Jud. Cir. Feb. 4, 2011) ("This Court finds Judge Kelley's ruling [in *Bennett*] to be persuasive in his finding that neither the case law nor the policy underpinnings for the nuisance doctrine support such a cause of action for private nuisance in this case.") (attached as **Exhibit 3**).

[3]    All references to allegations in the Complaint, are references to the substantive allegations in the Amended Rogers Complaint [D.E. 1749], which substantive allegations were incorporated into the Barbee Omnibus Class Action Complaint In Intervention.  [D.E. 5575, p.1].

product is inherently dangerous." Order, at 2 (Exh. 2).  Because even defective drywall does not fit into the narrow "inherently dangerous" category, the defendants in *Bennett* had no duty to inspect the drywall, to test it, or to warn the plaintiffs about it.  *Id.*; *see* D.E. 4668-1, at p. 5-6. The <u>only</u> way for the negligence claims to survive a motion to dismiss, the court held, was for the homeowners to allege "in good faith" that the defendants had "actual or implied notice of the defects in the Chinese manufactured drywall."  Order, at 2 (Exh. 2).

That ruling is fatal to the negligence claims asserted against Robert/Charles.  Because the purported drywall defects in Plaintiffs' home were unquestionably latent (*see, e.g.,* Cmplt. ¶ 737), the negligence claim cannot survive because Plaintiffs cannot allege that Robert/Charles had "actual or implied notice" of the alleged defects.  The assertion that Robert/Charles "knew or should have known" that the drywall would "harm" Plaintiffs (*id.* ¶ 710) is legal conclusion that cannot state a claim for relief under the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), particularly because Florida law expressly requires that allegations of knowledge in this context be made "in good faith."  Order, at 2 (Exh. 2).

Based on these dispositive Florida state court rulings, and the arguments and authorities set forth in Robert/Charles's pending Motion to Dismiss, Robert/Charles contends that all of the claims brought against Robert/Charles should be dismissed with prejudice.

Dated:  June 9, 2011

## AKERMAN SENTERFITT

By:  /s/ Michael A. Sayre
     Valerie B. Greenberg, Esq. (Fla. Bar No. 026514)
     Samantha Kavanaugh, Esq. (Fla. Bar No. 0194662)
     Michael Sayre, Esq. (Fla. Bar No. 17607)
     One Southeast Third Avenue, 25th Floor
     Miami, FL  33131-1714
     Phone:  (305) 374-5600
     Fax:  (305) 374-5095
     Email: valerie.greenberg@akerman.com
          samantha.kavanaugh@akerman.com
          michael.sayre@akerman.com

     *Attorneys for Robert/Charles Builders, Inc.*

Co-Counsel for Robert/Charles Builders, Inc.
Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 18133)
D. Skylar Rosenbloom (La. Bar No. 31309)
Canal Place
365 Canal Street · Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Telecopier:  (504) 568-9130
Email:  Brent.barriere@phelps.com
      Susie.morgan@phelps.com
      Skylar.rosenbloom@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Notice of Supplemental Authority* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA   70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA 70163 (kmiller@frilot.com), by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of June, 2011.

/s/ Michael A. Sayre

{M3059454;1}