## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO: | * * * | JUDGE FALLON |
| *ALL CASES* | * * | MAGISTRATE JUDGE WILKINSON |
| * * * * * * * *   * * * * * * * * * * * | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO SET EVIDENTIARY HEARING TO DETERMINE SECURITY

Builder-Defendants, Southern Homes, LLC; Tallow Creek, LLC; and Springhill, LLC (collectively "Southern Homes"), move this Court pursuant to Rule 65(c) of the Federal Rules of Civil Procedure to set an evidentiary hearing to determine the proper security for the injunctive orders relating to Southern Homes' parallel, *in personam*, state-court proceedings against Interior/Exterior Building Supply, LP and Graf's Drywall, including without limitation: *Southern Homes, LLC v. Interior/Exterior Building Supply, LP, et al.*, Civil District Court, Parish of Orleans, State of Louisiana, Division M, Case No. 09-6564.

///

# I. INTRODUCTION

## A. Timeline of Proceedings

On June 15, 2009, or thereabout, the Judicial Panel on Multi-District Litigation transferred all federal actions alleging damages from Chinese-manufactured drywall to this Court. On June 25, 2009, mere days later, Southern Homes filed its own first-party suit against INEX, which it shortly thereafter amended to add Graf's Drywall, its drywall installer[1] for the period of time during which INEX is believed to have supplied Chinese-manufactured drywall in Louisiana. *See* Southern Homes' Petition, as amended, attached as Exhibit B-1 to R. Doc. 8848.

On December 9, 2010, Southern Homes moved for summary judgment against INEX, its only drywall supplier, on the grounds that, as a matter of Louisiana redhibition law, INEX is liable to Southern Homes for damages relating to any defective Chinese-manufactured drywall Southern Homes installed while building or remodeling homes in Louisiana. *See id.* at Exhibit B-2. Southern Homes' motion was heard on February 3, 2011. *See id.* at Exhibit B-3. By Judgment dated February 8, 2011, the motion was denied as premature so the parties could conduct additional discovery. *See id*; see also *id.* at Exhibit B-5. Then, on May 2, 2011, in accordance with the state court's order, Southern Homes re-urged its motion against INEX. The motion is set to be heard on June 16, 2011. *See id.* at Exhibit B-4.

---

[1] Graf's Drywall did not ***sell***, but merely installed the Chinese-manufactured drywall. It, therefore, is fundamentally unfair for Graf's to be considered a released "downstream" party to INEX when it was ***not*** in the chain of sales by INEX, nor did it have any contractual relationship with INEX. Southern Homes had a contractual relationship with Graf's Drywall by which Graf's Drywall was obligated to defend and indemnify Southern Homes for all claims against Southern Homes arising out of drywall. The expansion of the INEX Settlement Agreement to Graf's Drywall is fundamentally unfair because neither Graf's Drywall not its insurers contributed and yet Southern Homes' vested rights against those parties is regardlessly stripped.

On April 25, 2011, INEX and the PSC entered into the INEX Settlement Agreement. At the monthly status conference on April 26, 2011, the PSC, INEX and two insurers of INEX announced that they had reached a class action settlement agreement regarding $8 million in insurance proceeds. On the same day, those parties filed a Joint Motion and Order: (1) preliminarily approving the INEX Settlement Agreement; (2) conditionally certifying an INEX settlement class; (3) issuing class notice; and (4) scheduling a settlement fairness hearing. [Doc. 8628].

On May 6, 2011, this Court heard oral argument on the Joint Motion. Hundreds of parties, including Southern Homes and the Homebuilders' Steering Committee, objected to preliminary approval of the Joint Motion, and particularly to the injunctive relief requested in the Joint Motion. This Court noted the fairness of those objections and pointed out fundamental problems with the request for injunctive relief, which are as follows:

> I'm not looking at the specific wording of any bar order. I don't know about the bar order. I think that there's significant issues of typicality at this stage from the bar order standpoint.
>
> I think that it's a reasonable argument that if you're going to take away something, that person from whom you take it ought to at least have some input in it. I mean if they have no input, how can they be affected by it? They haven't even been in the process. That's a fair argument.
>
> But I'm not even focused on that at this stage of the analysis. But I'll tell you now that that is a significant issue; and it if is still unresolved later on, that can be a busting issue that can create serious problems.

May 6, 2011 Hearing Transcript, attached as Exhibit A, p. 58, *l.* 15 - p. 59, *l.* 20.

On May 13, 2011, this Court issued the Preliminary Approval Order. *See* R. Doc 8819. On May 19, 2011, Southern Homes filed a Motion for Partial New Trial Regarding Stay Issued in the Preliminary Approval Order, or in the Alternative, Motion to Alter or Amend the Order ("Motion for New Trial"). *See* R. Doc. 8848. For the reasons expressed in Southern Homes' objection to

3

preliminary approval and those expressed by this Court, the Motion for New Trial targeted injunctive provisions of the Preliminary Approval Order, such as:

> 8. Prosecution of the Related Actions (including, but not limited to, those identified in Exhibit 1.25 to the INEX Settlement) against INEX, the Insurers and the other Settling Defendants shall be stayed pending the settlement proceedings and further Orders of the Court.

*See* R. Doc. 8818 at p. 12.

On June 9, 2011, this Court denied Southern Homes' Motion for New Trial issuing Order & Reasons. *See* R. Doc. 9415. In so doing, the Court found that "the statutory requirements of Rule 65 [of the Federal Code of Civil Procedure] are to be satisfied for an injunction to issue under the All Writs Act" and that the Court's authority to issue the injunctive orders of the Preliminary Approval Order stemmed from the All Writs Act. *See id.* at p. 15.

### B. Potential Costs and Damages to Southern Homes

As noted above, INEX has been the only drywall supplier to Southern Homes since the time during which INEX supplied Chinese-manufactured drywall in Louisiana. Similarly, Graf's Drywall was the only installer (***not*** supplier) of drywall Southern Homes used during the same period. Due to the Chinese-manufactured drywall supplied by INEX to Southern Homes and installed by Graf's Drywall, several of Southern Homes' customers have made Chinese-drywall related claims against Southern Homes, in this Court and in the state courts of Louisiana. Southern Homes has had to file third-party demands against INEX and Graf's Drywall in many of those cases. Southern Homes has also had to file its own first-party petition against INEX and Graf's Drywall: *Southern Homes, LLC v. Interior/Exterior Building Supply, LP, et al.*, Civil District Court, Parish of Orleans, State of Louisiana, Division M, Case No. 09-6564.

As described in Southern Homes' Motion for New Trial, Southern Homes has claims for *full*

4

*contractual indemnity and defense* against Graf's Drywall which has no connection contractually or in the chain of sale with INEX. It also has *redhibition rights* against INEX. Should Southern Homes be unable to prosecute those vested claims, it would be forced to defend itself against the claims of its homeowners without the benefit of its legal and contractual defenses and with the collectability issues attendant to any judgment it may achieve against its foreign drywall manufacturers.

## II. ARGUMENT & LAW

Rule 65(c) requires this Court to determine the proper amount to secure Southern Homes against its costs and damages should Southern Homes be found to have been wrongfully enjoined. Rule 65(c) reads, in pertinent part:

> **Security.** The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

FED. R. CIV. P. 65(c); *see also Lyric Studios, Inc. v. Big Idea Prod., Inc.*, 420 F.3d 388, 396 (5th Cir. 2005) (holding that "Federal Rule of Civil Procedure 65(c) requires an applicant seeking a preliminary injunction to give security"). Accordingly, this Court must determine the proper amount of security for the injunctive orders issued in connection with the Preliminary Approval Order.

## III. CONCLUSION

For the reasons above, this Court should set an evidentiary hearing to determine the amount of security to pay the costs and damages sustained by Southern Homes should it be found to have been wrongfully enjoined.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER, T.A. (# 19589)
MARTHA Y. CURTIS (# 20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

COUNSEL FOR SOUTHERN HOMES, LLC; SPRINGHILL, LLC; TALLOW CREEK, LLC; AND ADRIAN KORNMAN

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Set Evidentiary Hearing to Determine Security has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice electronic filing in accordance with the procedures established in MDL 2047, on this _____th day of June, 2011.

/s/ James M. Garner
JAMES M. GARNER