# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL          MDL No. 02047
       PRODUCTS LIABILITY LITIGATION          SECTION L
                                        JUDGE FALLON
                                        MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

SEAN and BETH PAYTON, *et al.* v.
KNAUF GIP KG, *et al.*,
Case No. 2:09-cv-07628-EEF-JCW

_____/

## DEFENDANT, R. FRY BUILDERS, INC.'S,
## NOTICE OF SUPPLEMENTAL AUTHORITY
## IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

    Defendant, **R. Fry Builders, Inc. ("Fry")**, submits this Notice of Supplemental Authority in Further Support of its Motion to Dismiss, with Prejudice, the Claims Brought Against it in the Amended Omnibus Class Action Complaint in Intervention (I(A))[1] [D.E. 6043] served by intervening plaintiff, **Scott Diehl** (the "Plaintiff"). Through this Notice, Fry informs the Court of two (2) recent drywall decisions issued in the consolidated drywall proceedings in Florida's Fifteenth Judicial Circuit, styled *Bennett v. Centerline Homes, Inc.*, No. 50 2009-CA-014458 (Fla. 15th Jud. Cir.) (the "***Bennett*** action"). The two decisions are: (1) a November 5, 2010 "Omnibus Order on Pending Motions to Dismiss"; and (2) a March 18, 2011 "Omnibus

---

[1]    The Plaintiff intervened in the Payton Amended Omnibus Class Action Complaint [D.E. 1, 3160], *Payton, et al. v. Knauf GIPS KG, et al.*, Case No. 09-07628 (E.D.La.) (hereinafter, the "Omnibus Complaint"), cited to as " Cmplt., p _____". This Notice cites to the Omnibus Class Action Complaint in Intervention (I(A)), *Phillip & Lyzet Kennedy, et. al.*, filed on July 9, 2010 [D.E. 5578] as "Intervention Cmplt., p. ____".

Order on Plaintiffs' Negligence Claims.[2] True and correct copies of each of these decisions are attached to this Notice as **Exhibits A** and **B**.

Like the MDL action pending before this Court, the *Bennett* action consolidates a number of drywall proceedings in which the plaintiffs allege that the defendants that constructed (or helped construct) their homes are liable for damages caused by defective Chinese drywall purportedly installed in the homes. And like this case, the *Bennett* action involves claims for negligence, strict liability and private nuisance under Florida law (Counts I, III and XI in the Omnibus Complaint), as well as the application of Florida's economic loss rule.

Both of the rulings in the *Bennett* action are applicable here. In the first order, dated November 5, 2010, the Florida circuit court dismissed the plaintiffs' **strict liability** and private nuisance claims as a matter of law. The strict liability claim asserted against the homebuilders[3] failed for two independently sufficient reasons: (i) "only manufactures, and those in the distributive chain of a product, can be held strictly liable" for allegedly defective drywall, and homebuilders are <u>not</u> in the drywall chain of distribution; and (ii) drywall is not subject to strict liability because it is considered an improvement to real property, not a "product." *See* Order, at 7-9 (Exh. A).

Each of these arguments is presented in Fry's Memorandum of Law in Support of its Motion to Dismiss [D.E. 6043-1, Section II.D], and each applies to Plaintiff's strict liability claim. Cmplt. ¶¶ 2655-72. The *Bennett* action confirms that Fry cannot be subject to strict products liability because, as a "Developer/Builder" (Cmplt., ¶¶ 2412 & 2721-34; Intervention

---

[2]     Fry is notifying the Court of these authorities through a supplemental filing because the decisions were issued *after* Fry filed its Motion to Dismiss on October 22, 2010.

[3]     The *Bennett* action is a consolidated action that, like this omnibus proceeding, pits homeowners with allegedly defective drywall against multiple builders, installers and drywall suppliers.

Cmplt, p. 14 (Subclass #337), Fry obviously did not manufacture or distribute the drywall used in Plaintiff's home. Further, because Florida law applies strict liability to products and not to "structural improvements" like drywall, Fry cannot be held strictly liable for Plaintiff's alleged drywall damages. *Accord Bissoon v. Centerline Homes Construction, Inc.*, No. 562010 CA 001463 (Fla. 19th Jud. Cir. Mar. 24, 2011) (granting builder's motion to dismiss: "[A]lthough Plaintiff['s] strict liability claims do allege defective product distribution, permanent improvements to real property are not products for purposes of products strict liability actions.") (attached as **Exhibit C**).

The *Bennett* action also dismissed the homeowners' **private nuisance** count for failure to state a claim. The court recognized, correctly, that "the doctrine of private nuisance is essentially a mechanism which protects the property rights of one land owner <u>from the unrestrained exercise of the property rights *of another*</u>." Order, at 6 (Exh. A) (emphasis added). Since Plaintiff's private nuisance claim is predicated on the assertion that conditions existing in "structures owned by <u>Plaintiffs</u>" (rather than structures owned by "another") are to blame, the private nuisance claim asserted here cannot survive.[4] *See* Cmplt. ¶ 2735-41 (emphasis added).

The first *Bennett* ruling is also important for its application of the **contractual economic loss rule**. As this Court explained in its January 13, 2010 Order & Reasons, *In re Chinese Drywall Products Liability Litigation*, 680 F. Supp. 2d 780, 799 (E.D. La. 2010), the contractual economic loss rule "provides that parties in privity of contract are barred from bringing a tort

---

[4] At least one other Florida court has expressly adopted the reasoning in *Bennett* and dismissed a private nuisance claim based on defective drywall for the same reason. *See* "Order on Defendant Banner Supply Company Port St. Lucie, LLC's Motion to Dismiss First Amended Class Action Complaint," at 2-3, *In re: Chinese Drywall Litig.*, No. 10- 28090 (Fla. 17th Jud. Cir. Feb. 4, 2011) ("This Court finds Judge Kelley's ruling [in *Bennett*] to be persuasive in his finding that neither the case law nor the policy underpinnings of the nuisance doctrine support such a cause of action for private nuisance in this case.") (attached as **Exhibit D**).

action for economic damage, unless the economic damage is a result of a tort committed independently of the contractor breach[.]"

The Florida circuit court in *Bennett* applied the same rule in holding that the plaintiffs' tort claims against the defendant homebuilders were barred because "they [arose] out of the contracts entered with the defendant homebuilders." Order, at 3 (Exh. A). The same rule applies to the various tort claims (Counts I, II, III, XI, XII, and XIV) asserted against Fry in this case, since Plaintiff is indisputably in contractual privity with Fry, and his tort claims derive from that same contractual relationship. *See* D.E. 6043-1, at Section II.A

The second decision issued in the *Bennett* action, dated March 18, 2011, forecloses the **negligence** claim asserted against Fry here. *See* Cmplt. ¶¶ 2640-2647.   In what appears to be a case of first impression in Florida, the court in *Bennett* held that the homebuilders did <u>not</u> have a duty "to inspect, test or warn" the plaintiffs about the drywall in their homes.   The court explained that where the purported defect is "latent," the law imposes no such duties "unless the product is inherently dangerous." Order, at 2 (Exh. B). Because even defective drywall does not fit into the narrow "inherently dangerous" category, the defendants in *Bennett* had no duty to inspect the drywall, to test it, or to warn the plaintiffs about it. *Id.*; *see* D.E. 6043-1, at Section II.B. The <u>only</u> way for the negligence claims to survive a motion to dismiss, the court held, was for the homeowners to allege "in good faith" that the defendants had "actual or implied notice of the defects in the Chinese manufactured drywall." Order, at 2 (Exh. B).

That ruling is fatal to the negligence claim asserted against Fry.   Because the purported drywall defects in Plaintiff's home were unquestionably latent (*see, e.g.,* Cmplt. ¶ 2611), the negligence claim cannot survive because Plaintiff cannot allege that Fry had "actual or implied notice" of the alleged defects.   The assertion that Fry "knew or should have known" that the

drywall would "harm" Plaintiff (*id.* ¶ 2646) is merely a legal conclusion that cannot state a claim

for relief under the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007), particularly because Florida law expressly requires that allegations of knowledge in this

context be made "in good faith." Order, at 2 (Exh. B).

Based on these dispositive Florida state court rulings, and the arguments and authorities

set forth in Fry's pending Motion to Dismiss, Fry contends that all of the claims brought against

Fry should be dismissed with prejudice.

Dated:  this _____ day of June, 2011

<div style="margin-left:40%">

Respectfully submitted,

**AKERMAN SENTERFITT**

BY:  _____ /s/ Stacy Bercun Bohm _____
Stacy Bercun Bohm (Fla. Bar No. 022462)
Valerie B. Greenberg. (Fla. Bar No. 26514)
Leslie Miller Tomczak (Fla. Bar No. 126489)
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301-2229
Telephone: (954) 463-2700
Telecopier: (954) 463-2224
Email:  stacy.bohm@akerman.com
valerie.greenberg@akerman.com
leslie.tomczak@akerman.com

**LEAD COUNSEL FOR DEFENDANT R.
FRY BUILDERS, INC.**

</div>

**LOCAL COUNSEL FOR DEFENDANT
R. FRY BUILDERS, INC.**
Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La. Bar No. 31309)
**Phelps Dunbar LLP**
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534

Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: Brent.barriere@phelps.com
        Susie.morgan@phelps.com
        Skylar.rosenbloom@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and exhibits have been served on Plaintiffs' Liaison Counsel, Russ Herman, at Herman, Katz & Coltar, LLP, 820 O'Keefe Avenue., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, at Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, LA 70163 (kmiller@frilot.com) by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this _____ day of June, 2011.

                                /s/   Stacy Bercun Bohm

# NOTICE EXHIBIT A



IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

MARLENE BENNETT,                    CASE NO. 50 2009 CA 014458
                                    Civil Division "AA" Chinese Drywall
      Plaintiff,

vs.

CENTERLINE HOMES INC., et al.,

      Defendants.

_____/

## OMNIBUS ORDER ON PENDING MOTIONS TO DISMISS

    The Court has under consideration the following omnibus motions: 1) Homebuilder Defendants Omnibus Motion to Dismiss Plaintiff Homeowners' Tort Claims Under the Economic Loss Rule and Claims for Private Nuisance (joined by the Albanese-Popkin defendants); 2) Banner Supply Company's Omnibus Opening Brief On Economic Loss Rule and Nuisance (joined by certain installer defendants); 3) Homebuilder Defendants Omnibus Motion to Dismiss Plaintiff Homeowners' Strict Liability Claims. The omnibus motions now before the Court have been fully briefed, and were argued at scheduled case management conferences. Having reviewed the submissions of the parties, and having heard the argument of counsel, the Court makes the following findings.

### Economic Loss Rule

    The first issue for consideration is the application of Florida's economic loss rule to the tort claims asserted by the homeowner plaintiffs. The Supreme Court discussed at length the origins and application of the economic loss rule in *Indemnity Insurance Company of North America v. American Aviation, Inc.*, 891 So.2d 532 (Fla. 2004).

1

The economic loss rule is a limitation on tort claims where the damages suffered are economic losses.   Economic losses are defined as damages for inadequate value, costs of repair and replacement of defective products, or loss of profits.  *Id.* at 536; *see also, Casa Clara Condominium Association, Inc. v. Charley Toppino & Sons, Inc.,* 620 So.2d 1244 (Fla. 1993).  These damages are also described as the loss of the "benefit of the bargain" or "disappointed economic expectations." *Indemnity Insurance, id* at 536.

All of the parties here acknowledge that the economic loss rule would not bar a claim for personal injury caused by defective Chinese manufactured drywall.   Therefore, to the extent that the plaintiff homeowners are suing in tort for personal injury, the economic loss rule does not apply and such claims are not subject to dismissal.  The issue is whether- and to what extent - the economic loss rule bars the recovery of economic damages in the pending Chinese drywall cases.

The Supreme Court made clear in *Indemnity Insurance* that the economic loss rule applies in two distinct circumstances.  First, the rule applies to parties in contractual privity for matters arising out of the contract.  Second, the rule applies to liability for a defective product that causes damage to the product, but causes no personal injury or damage to other property.  Both applications of the rule must be examined here.

1.   Contractual Privity Economic Loss Rule

The defendant homebuilders assert that the plaintiff homeowners are barred from asserting tort claims for their economic losses based on the application of the contractual privity economic loss rule.  The Court agrees.

The Supreme Court in *Indemnity Insurance* explained the rational for application of the contractual privity economic loss rule as follows:

2

A party to a contract who attempts to circumvent the contractual agreement by making a claim for economic loss in tort is, in effect, seeking to obtain a better bargain than originally made. Thus, when the parties are in privity, contract principles are generally more appropriate for determining remedies for consequential damages that the parties have, or could have, addressed through their contractual agreement. Accordingly, courts have held that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract. *Indemnity Insurance, id* at 536-537.

The plaintiffs' tort claims for economic losses against defendants in contractual privity fall squarely within the scope of the exclusionary rule expressed by the Supreme Court.

There are recognized exceptions to application of the contractual privity economic loss rule. Independent torts such as fraud in the inducement are not barred by the economic loss rule. *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238 (Fla. 1996). Claims for negligence in rendering professional services are not barred. *Moransais v. Heathman*, 744 So.2d 973 (Fla. 1999). Likewise, statutory claims are not barred by the economic loss rule. *Comptech Intern, Inc. v. Milan Commerce Park, Ltd.*, 753 So.2d 1219 (Fla. 1999).

None of the recognized exceptions apply here.[1] The damages sought by the plaintiff homeowners arise out of the contracts they entered with the defendant homebuilders. Traditional contract damages must be applied to the economic losses suffered by the plaintiffs.

---

[1] It is clear that homeowners are not exempt from the application of the economic loss rule on public policy grounds. *Casa Clara Condominium Association, Inc. v. Charley Toppino & Sons, Inc.*, 620 So.2d 1244, 1247 (Fla. 1993) (refusing to exempt homeowners from the economic loss rule despite their status as "an appealing, sympathetic class"). Moreover, the Court will not create an exception to the contractual privity economic loss rule based on an assertion that the drywall is an unreasonably dangerous product.

2. <u>Products Liability Economic Loss Rule</u>

The products liability economic loss rule applies in limited circumstances notwithstanding the absence of privity.  The rule applies when the product causes damage to itself, but causes no personal injury or damage to other property.  The issue here is whether the plaintiff homeowners' tort claims against the defendant suppliers and installers – who are not in privity with the plaintiffs - are barred by the economic loss rule.  The Court holds that such claims are not barred.

It appears clear from the Supreme Court's discussion in *Indemnity Insurance* that application of the products liability economic loss rule is limited.  That is to say, the Supreme Court made clear that the products liability economic loss rule should not be extended beyond its intended purpose, and the rule must only be applied in those limited circumstance where all elements necessary for its application have been satisfied.

The Court has considered the well-reasoned discussion of the economic loss rule in Judge Fallon's order in *In Re Chinese Manufactured Drywall Products Liability Litigation*, 680 F.Supp.2d 780 (N.D. Louisiana 2010).  Judge Fallon traces the origins and history of the rule in Florida (and elsewhere) and discusses the application of the economic loss rule to non-privity defendants in the multi-district Chinese drywall litigation.

It is not necessary to repeat here the analysis of Judge Fallon in considering the application of the economic loss rule to non-privity defendants.  However, the Court will briefly address Judge Fallon's conclusion – a conclusion which this Court adopts.

Judge Fallon essentially concludes that the Chinese drywall at issue here presents a unique factual scenario that does implicate the products liability economic loss rule at

4

all. The factual distinction lies in the nature of the alleged defect and its impact, or lack thereof, on the product itself.

In cases like *Casa Clara*, the defect in the product damaged the product itself. The defect in the concrete caused the concrete to fail and, presumably, to damage other components of the home. Here, the alleged defect does not damage or affect the product (Chinese manufactured drywall) at all.

In defining the application of the products liability economic loss rule, the Supreme Court has stated that the rule is implicated where "there is a defect in a product that *causes damage to the product*, but causes no personal injury or damage to other property." *Indemnity Insurance, id.* 536 [emphasis added]. Here the alleged defect causes *no damage to the product* and causes *only* personal injury or damage to other property. Under such unique circumstances, the Court agrees that the products liability economic loss rule does not apply.

<u>Private Nuisance</u>

The Court will next consider whether plaintiff can state a claim for private nuisance based on the allegation that the Chinese manufactured drywall is off-gassing causing a nuisance within the effected homes. All defendants assert that the claim for private nuisance under such circumstances cannot be asserted. The Court agrees with the defendants.

Florida law essentially defines nuisance as:

using one's property as to injure the land or some incorporeal right of one's neighbor... The law of nuisance plays between two antithetical extremes: The principle that every person is entitled to use his property for any purpose that he sees fit, and the opposing principle that everyone is bound to use his property in such a manner as not to injure the property or rights of his neighbor... The law of private nuisance is a law of degree; it

5

generally turns on the factual question whether the use to which the property is put is a reasonable use under the circumstances.

*Beckman v. Marshall*, 85 So. 2d 552, 554-55 (Fla. 1956) (approving and adopting the language of *Antonik v. Chamberlain*, 78 N.E.2d 752 (Ohio Ct. App., 1947).

Plaintiffs assert that there is no exhaustive definition of what constitutes a nuisance citing *Windward Marina, L.L.C. v. City of Destin*, 743 So. 2d 635 (Fla. 1st DCA 1999). While this may be true, Florida law recognizes that the doctrine of private nuisance is essentially a mechanism which protects the property rights of one land owner from the unrestrained exercise of the property rights of another. *Jones v. Trawick*, 75 So. 2d 785, 787 (Fla. 1954) ("This court recognizes that the law of private nuisance is bottomed on the fundamental rule that every person should so use his own property as not to injure that of another") (citing *Reaver v. Martin Theatres of Florida, Inc.*, 52 So. 2d 682 (Fla. 1951). It seems clear that the underlying policy of private nuisance jurisprudence does not support the plaintiffs' application of the doctrine of private nuisance in this case.

Plaintiffs rely heavily on the four-part test for proving the existence of a private nuisance purportedly established by the Court in *Beckman*. According to the plaintiffs, none of the four components makes any mention of a requirement that a private nuisance must involve two landowners. However, such a roadmap for establishing a private nuisance is neither expressed nor implied by the Court in *Beckman*.

In fact, much of the instructive language in *Beckman* seems to contradict the plaintiffs' position that nuisance actions do not necessarily involve contemporaneous and proximate private land owners. *Beckman, id* at 555 ("no one has absolute freedom in the

6

use of his property, because he must be restrained in his use by the existence of equal rights of his neighbor to the use of his property."). *Id.*

Further, none of the cases plaintiffs rely on directly support the contention that a nuisance may exist absent a defendant's exercise of its property rights. *See, e.g., Davey Compressor Co. v. City of Delray Beach,* 639 So. 2d 595 (Fla. 1994) (holding that a defendant who illegally disposed of a highly toxic solvent by dumping it onto the grounds at the rear of its facility created a nuisance because it contaminated plaintiff's water supply); *Kotcher v. Santaniello,* 438 So. 2d 440, 441 (Fla. 1983) (declining to reverse an injunctive order which was "principally predicated upon a determination that the appellants' conduct in keeping and training dogs for attack and security purposes constituted a nuisance in the residential neighborhood where all of the parties resided").

The only case which arguably supports plaintiffs' position, *Putnam v. Roudebush,* 352 So. 2d 908 (Fla. 2d DCA 1977), held that a noisy air conditioner was a "continuing nuisance" that constituted a "permanent defect in the realty." However, private nuisance was not even a claim in the *Putnam* case. The Court's reference to the air conditioning being a nuisance was merely a descriptive reference, and not a statement of a legal claim.

Taken together, neither the case law nor the policy underpinnings of the nuisance doctrine support such a cause of action for private nuisance in this case. The Court concludes that plaintiffs' claims for private nuisance must be dismissed.

### Strict Liability

The defendant homebuilders have moved to dismiss the plaintiffs' strict liability claims. The homebuilders advance two grounds for dismissal. First, the homebuilder defendants assert that only manufacturers of the product and those in the chain of

distribution can be held strictly liable and they are neither.   Second, the defendant homebuilders assert that strict liability does not apply to improvements to real property. The Court will begin with the homebuilders' second argument.

The law in Florida appears to be well settled that strict liability does not apply to improvements to real property as improvements to real property are not considered products.   *Plaza v. Fisher Development, Inc.*, 971 So.2d 918 (Fla. 3rd DCA 2007); *Neumann v. Davis Water & Waste, Inc.*, 433 So. 2d 559 ( Fla. 2d DCA 1983) *see Easterday v. Masiello*, 518 So.2d 260, 261 (Fla.1988) ("[I]t has long been recognized that the doctrine of strict products liability does not apply to structural improvements to real estate."); *Jackson v. L.A.W. Contracting Corp.*, 481 So.2d 1290, 1291 (Fla. 5th DCA 1986).

Plaintiffs argue that an exception exists with respect to improvements to real property "where the injuries result not from the real property as improved by the alleged defective product but directly from a defective product manufactured by defendant, which product may have itself been incorporated into the improvement of the realty before the injury from the product occurred." *Jackson v. L.A.W. Contracting Corp.*, 481 So.2d 1290, 1292 (Fla. 5th DCA 1986); *Craft v. Wet 'N Wild, Inc.*, 489 So.2d 1221, 1222 (Fla. 5th DCA 1986).   Plaintiffs conceded at oral argument that this exception has never been applied in a reported Florida case.   Indeed, the exception appears to be *dicta* in the cases that mention it.

Whether the exception advanced by the plaintiffs exists or not, it does not appear that the exception would apply to the defendant homebuilders in this case.   The exception appears to apply to the manufacturer of an allegedly defective product which

8

happens to be incorporated into the real property.   The defendant homebuilders did not manufacture the drywall at issue.

The defendant homebuilders also argue that only manufacturers, and those in the distributive chain of a product, can be held strictly liable.  Defendant homebuilders assert that they are not manufacturers and they are not within the distribution chain of the drywall at issue.  While the plaintiffs argue otherwise, the Court finds that the defendant homeowners' position has merit.

Based on the foregoing, it is hereby,

ORDERED AND ADJUDGED that the plaintiff homeowners' tort claims against the defendant homeowners seeking economic losses are dismissed based on the privity economic loss rule.  The request of the defendant suppliers and installers (who lack privity with the plaintiffs) to dismiss the plaintiffs' tort claims based on the products liability economic loss rule is denied.   The plaintiffs' claim for private nuisance against all defendants is dismissed.  Likewise, the plaintiffs' claims for strict liability against the homebuilder defendants are dismissed.

DONE AND ORDERED in Chambers, at West Palm Beach, Palm Beach County, Florida this 5 day of November, 2010.

JUDGE GLENN D. KELLEY
CIRCUIT COURT JUDGE

Copies furnished to:

Plaintiffs' Liaison Counsel, C. David Durkee, Esq., 121 Alhambra Plaza, Suite 1603, Coral Gables, FL 33134; Defendants' Liaison Counsel, Todd R. Ehrenreich, Esq. and Michael A. Sexton, Esq., 2601 S. Bayshore Drive, Suite 850, Miami, FL 33133; and for distribution to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with the Electronic Service Order entered in this case.

# NOTICE EXHIBIT B



IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

MARLENE BENNETT,

       Plaintiff,

vs.

CENTERLINE HOMES INC., et al.,

       Defendants.

_____/

CASE NO. 502009CA014458
Civil Division "AA" Chinese Drywall

## OMNIBUS ORDER ON PLAINTIFFS' NEGLIGENCE CLAIMS

The court has under consideration the homebuilder defendants' Omnibus Motion to Dismiss Plaintiff Homeowners' Negligence Claims. The installer and supplier defendants have each filed amicus briefs in support of the homebuilders' motion. The issue now before the court has been fully briefed, and was argued at the case management conference held on February 25, 2011. Having reviewed the submissions of the parties, and having heard the argument of counsel, the court makes the following findings.

The issue before the court is whether the plaintiffs can state a claim for negligence against any of the defendants (homebuilders, installers or suppliers). Each class of defendant argues that a claim sounding in negligence is not available to the plaintiffs as there was no duty to protect the plaintiffs from an unknown and unforeseeable harm. All parties concede that the issue of whether a duty exists in a negligence action is a question of law. *Michael & Phillip, Inc. v. Sierra*, 776 So.2d 294, 296 (Fla. 4th DCA 2000).

The court will first address whether there exists a general duty to inspect or test the Chinese manufactured drywall for a latent defect, or to warn homeowners of the existence of a latent defect in the drywall. It appears clear that such a duty does not exist here.

Florida law does not impose a duty to inspect a product for a latent defect, or to warn others about a latent defect, unless the product is inherently dangerous. *See Mendez v Honda Motor Co.*, 738 F.Supp. 481 (S.D. Fla. 1990); *K-Mart Corp. v. Chairs, Inc.*, 506 So.2d 7, 8 n. 3 (Fla. 5th DCA 1987) (retailers have no duty to inspect for latent defects.), *review denied*, 513 So.2d 1060 (Fla.1987); *Dayton Tire and Rubber Co. v. Davis*, 348 So.2d 575, 582 (Fla. 1st DCA 1977) (No duty to warn or inspect unless inherently dangerous.), *quashed on other grounds*, 358 So.2d 1339 (Fla.1978); *Odum v. Gulf Tire and Supply Company*, 196 F.Supp. 35 (N.D.Fla.1961).   A product is inherently dangerous if it is "burdened with a latent danger which derives from the very nature of the article itself." *Tampa Drug Co. v. Wait*, 103 So.2d 603, 608 (Fla.1958).   Chinese manufactured drywall, while apparently defective, cannot be categorized as inherently dangerous.

To the extent the plaintiffs seek to state a claim sounding in negligence based on a general duty to inspect, test or warn, such a claim is not available.  However, this does not end the inquiry. The defendants, in any class, could be held liable in negligence if they had actual or implied notice of the defect in the Chinese manufactured drywall. *Carter v. Hector Supply Co.*, 128 So.2d 390, 392 (Fla. 1961); *Ryan v. Atlantic Fertilizer & Chemical Co.*, 515 So.2d 324, 326 (Fla. 3rd DCA 1987).

Notice must be determined on an individual, case by case, basis.   The court cannot, therefore, hold that all negligence claims are barred on an omnibus basis.   To the extent the plaintiffs can, in good faith, plead notice against an individual defendant in a specific case, such a claim will survive a motion to dismiss.

2

The court is cognizant of the fact that as to certain defendants, the plaintiffs have not pled notice. If not amended, these claims will be dismissed.[1] To the extent the plaintiffs have alleged notice in individual cases, negligence claims in these cases will survive dismissal at this stage.

Based on the foregoing, it is hereby,

**ORDERED AND ADJUDGED** that the defendants' omnibus motion to dismiss the plaintiffs' negligence claims is granted, in part, and denied, in part. Any claim based on a general duty to test or inspect for, or to warn of, a latent defect in Chinese manufactured drywall will be dismissed. Claims based on actual or implied notice of the defect will not be dismissed. This order is being entered on an omnibus basis and will be applied to individual cases as required.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida this _18_ day of March, 2011

JUDGE GLENN D. KELLEY
CIRCUIT COURT JUDGE

Copies furnished to:

Plaintiffs' Liaison Counsel, C. David Durkee, Esq., 121 Alhambra Plaza, Suite 1603, Coral Gables, FL 33134; Defendants' Liaison Counsel, Todd R. Ehrenreich, Esq. and Michael A. Sexton, Esq., 2601 S. Bayshore Drive, Suite 850, Miami, FL 33133; and for distribution to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with the Electronic Service Order entered in this case.

---

[1] In such cases, the Plaintiffs will need to determine whether there is a good faith basis to allege notice.

3

# NOTICE EXHIBIT C

Broad and Cassel     3/31/2011 12:09     PAGE   6/7   RightFax

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
ST. LUCIE COUNTY, FLORIDA.

CASE NO. 562010CA001463

SURESH and OMA BISSOON,

       Plaintiffs,

v.

CENTERLINE HOMES CONSTRUCTION, INC.,
a Florida corporation; CENTERLINE PORT ST.
LUCIE LTD., a Florida Limited Partnership;
OCEAN COAST DRYWALL, INC., a Florida
Corporation; and BANNER SUPPLY COMPANY
PORT SAINT LUCIE, LLC, a Florida Limited
Liability Company,

       Defendants.

_____/

ORDER ON DEFENDANTS', CENTERLINE PORT ST. LUCIE, LTD.,
AND CENTERLINE HOMES CONSTRUCTION, INC.'s
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

    THIS CAUSE, having come before the Court upon Defendants', Centerline Port St. Lucie

Ltd and Centerline Homes Construction, Inc.'s, Motion to Dismiss Plaintiffs' Second Amended

Complaint, and the Court having heard argument of counsel and being otherwise advised in

the premises, it is hereupon,

    ORDERED and ADJUDGED that said motion be and the same is hereby granted in that

although Plaintiff's strict liability claims do allege defective product distribution, permanent



EXHIBIT
A

Improvements to real property are not products for purposes of products strict liability actions. These claims are dismissed.

Likewise the motion is granted because Plaintiff's private insurance claims do not state a cause of action against these defendants. These claims are also dismissed.

The motion is otherwise denied.

These defendants are permitted twenty (20) days to answer the Complaint.

DONE AND ORDERED in Chambers at Fort Pierce, Saint Lucie County, Florida this 27th day of March, 2011.

DWIGHT L. GEIGER, Circuit Judge

Copies furnished:
Vanessa M. Serrano, Esquire
C. David Durkee, Esquire

# NOTICE EXHIBIT D



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

IN RE: CHINESE DRYWALL LITIGATION

DARIO ORLANDO; STEPHEN SINES;
DAVID AND JOAN GLICKMAN;
THOMAS WOJCIECHOWSKI;
OCEANPARK ESTATES ASSOCIATON,
INC., and DOCKSIDE LOFTS CONDOMINIUM
ASSOCIATION, INC., individually and as
representatives of others similarly situated,
                                   Plaintiffs,

CASE NO.: 10-28090 (12)

vs.

BANNER SUPPLY CO., et al.,
                           Defendants.

HON. PETER M. WEINSTEIN

_____/

### ORDER ON DEFENDANT BANNER SUPPLY COMPANY PORT ST. LUCIE, LLC'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

THIS CAUSE came before the Court on Defendant Banner Supply Company Port St. Lucie, LLC's Motion to Dismiss First Amended Class Action Complaint. The Court having considered same, having heard argument of counsel and being otherwise fully advised in premises, finds and decides as follows:

Plaintiffs filed the instant first amended class action complaint asserting claims for product liability; negligence; violations of the Florida Deceptive and Unfair Trade Practices Act (hereinafter FDUTPA); Private Nuisance; and equitable and injunctive relief. Defendant Banner Supply Company Port St. Luce LLC (hereinafter Banner PSL) is now moving to dismiss the first amended complaint arguing that it fails to comply with the requirements of Rule 1.220, Fla. R. Civ. P., fails to properly allege a cause of action for private nuisance, for violations of FDUTPA and for equitable and injunctive relief and for failure to comply with Rule 1.130, Fla. R. Civ. P.

in that plaintiffs have failed to attach documents necessary for Banner PSL to properly respond to the complaint.

Turning first to plaintiffs' claim for private nuisance, Banner PSL argues that plaintiffs cannot state a cause of action for private nuisance as a matter of law. In the motion to dismiss, Banner PSL cites to a recent Omnibus Order on Pending Motion to Dismiss in the matter styled <u>Marlene Bennett v. Centerline Homes, et. al.</u>, Case No. 50 2009 CA 014458, entered on November 5, 2010 by the Hon. Glenn Kelly of the Fifteenth Circuit Court. In that case, Judge Kelley in a well reasoned order sets forth the well established law in Florida regarding private nuisances and states that "Florida law recognizes that the doctrine of private nuisance is essentially a mechanism which protects the property rights of one land owner from the unrestrained exercise of the property rights of another. *Id.* at 6 citing *Jones v. Trawick*, 75 So.2d 785, 785 (Fla. 1954). "Florida law essentially define nuisance as using one's property as to injure the land or some incorporeal rights of one's neighbor. *Id.,* citing *Beckman v. Marshall,* 85 So.2d 552, 554 (Fla. 1956). Plaintiff argues that there is an inherent weakness in Judge Kelley's ruling that the nuisance must come from outside the plaintiffs' land, that is the defective drywall did come from outside of plaintiffs' land and was delivered by Banner to the home. Plaintiffs argue that Banner PSL should have used its own property, the defective drywall, in a manner not to injure the plaintiffs. This Court finds that it is plaintiffs' argument that has the inherent weakness based on this Court's interpretation of Florida law as it deals with private nuisance. This Court finds Judge Kelley's ruling to be persuasive in his finding that neither the case law nor the policy underpinnings of the nuisance doctrine support such a cause of action for

Case No.: 10-28090(12)

private nuisance in this case.[1]   Therefore, Banner PSL' motion to dismiss plaintiffs' claim for private nuisance will be granted.

Banner PSL's motion to dismiss is denied in all other respects.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant Banner Supply Company Port St. Lucie, LLC's Motion to Dismiss First Amended Class Action Complaint is GRANTED in Part as to Count IV for .Private Nuisance.   Count IV for Private Nuisance is hereby Dismissed with Prejudice.

DONE AND ORDERED in Chambers, Fort Lauderdale, Florida, this 4th     day of February, 2011.

PETER M. WEINSTEIN
CIRCUIT COURT JUDGE

Michael J. Ryan, Esq., Plaintiff's Liaison Counsel & Matthew Kotzen, Esq., Defendant's Liaison Counsel for distribution electronically through Lexis Nexis File & Serve

---

[1] Plaintiffs, in support of their opposition to the motion to dismiss argue that Judge Farina of the Eleventh Circuit, in the case of Seifert v. Banner Supply, Case No. 09-3887 CA 01(42), permitted the "Nuisance" count to go to the jury after a trial of the matter.  However, plaintiffs do not indicate whether, in fact, a motion to dismiss the "Nuisance" count ever presented to, or ruled on by Judge Farina.  Therefore, plaintiff's reliance on that case is misplaced.