## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

DANIEL ABREU, individually, and on behalf
of all others similarly situated,

      Plaintiffs,                    CIVIL ACTION NO.  11-252 SECTION L

v.

GEGRUEDER KNAUF
VERWALTUNGSGESELLSCHAFT, KG;
KNAUF INTERNATIONAL GmbH; KNAUF
INSULATION GmbH; KNAUF UK GMBH;
KNAUF GIPS KG; KNAUF PLASTERBOARD
(ITANJIN) CO., LTD.; KNAUF
PLASTERBOARD (WUHU), CO., LTD.;
GUANGDONG KNAUF NEW BUILDING
MATERIAL PRODUCTS CO., LTD.

      Defendants

### CASTLEROCK COMMUNITIES, L.P.'S ORIGINAL ANSWER
### TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (VIII)

CastleRock Communities, L.P. ("CastleRock") files this Original Answer to Plaintiffs' Omnibus Class Action Complaint (VIII) as follows:

CastleRock denies all allegations contained in Plaintiffs' Omnibus Class Action Complaint (VIII) except those specifically admitted in this pleading. To the extent any Paragraph in Plaintiffs' Complaint refers to "Defendants" as a whole, CastleRock globally asserts that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the other Defendants and therefore denies same.

### JURISDICTION, PARTIES, AND VENUE

1.    The first sentence of Paragraph 1 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1 and therefore denies same.

2.      Paragraph 2 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.  Except as expressly admitted herein, CastleRock denies the rest and remainder of Paragraph 2.

3.      Paragraph 3 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.  CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 and therefore denies same.

## **PLAINTIFFS**

4.      As to Paragraph 4, CastleRock admits that, by virtue of the pleaded claims in the Complaint, Plaintiffs purport to assert claims on behalf of all owners and residents of the subject properties.  Except as expressly admitted herein, CastleRock denies the rest and remainder of Paragraph 4.

5.      Paragraph 5 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.  CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 and therefore denies same.

6-286  CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 6 through 286 of the Complaint and therefore denies same.

**DEFENDANT**

287.   CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 287 of the Complaint and therefore denies same.

### The Manufacturing Defendants

288-97.   CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 288 through 297 of the Complaint and therefore denies same.

### The Distributor/Supplier/Importer/Exporter/Broker Defendant

298-308   CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 298 through 308 of the Complaint and therefore denies same.

### The Developer/Builder Subclasses

309-21.   CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 309 through 321 of the Complaint and therefore denies same.

322.   CastleRock admits the first two sentences of Paragraph 322, that CastleRock Communities, L.P. is an entity with a principal place of business at 7670 Woodway Drive, Suite 300, Houston, Texas 77063 and that it is organized under the laws of Texas. CastleRock admits that it built certain Subclass Members'

3

homes but denies that it directly, through agents, or otherwise installed problematic drywall in those homes. CastleRock denies the remainder of the third sentence of Paragraph 322 or, in the alternative, these allegations are legal conclusions to which a response is not necessary.

323-406.   CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 323 through 406 of the Complaint and therefore denies same. To the extent the allegations therein are legal conclusions, no response is necessary.

**The Contractor/Installer Subclasses**

407-24.   CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 407 through 424 of the Complaint and therefore denies same.

## FACTS REGARDING PROBLEMATIC DRYWALL

425.   CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 425 of the Complaint and therefore denies same. Further, CastleRock objects to the use of the phrase "Defendants' drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 425.

426.   CastleRock denies that it designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold

4

"problematic drywall" as alleged in Paragraph 426 of the Complaint. CastleRock lacks knowledge or information sufficient to form a belief as to the "problematic drywall" and the "sulfur compounds" and therefore denies averments as to same.

427.   CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 427 of the Complaint and therefore denies same.  Further, CastleRock objects to the use of the phrase "Defendants' drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 427.

428.   Paragraph 428 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the effect of exposure to sulfur compounds and therefore denies same. Further, CastleRock objects to the use of the phrase "Defendants' drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 428.

429.   Paragraph 429 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 429 and therefore denies same.

430.   Paragraph 430 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 430 and therefore denies same. Further, CastleRock objects to use of the phrase "Defendants' actions and omissions" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the allegations in Paragraph 430 to the extent they imply that CastleRock committed any conduct for which it may be liable.

431.   Paragraph 431 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock denies that its conduct regarding the drywall was tortious as alleged in Paragraph 431. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 431 and therefore denies same.

432.   CastleRock denies the allegations of wrongful conduct in the first sentence of Paragraph 432. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentences 2-5 of Paragraph 432 and therefore denies same. The last sentence of that Paragraph contains legal assertions or conclusions to which no responsive pleading is required.

433.  Paragraph 433 contains legal assertions or conclusions to which no responsive pleading is required but which CastleRock otherwise denies.

434.  Paragraph 434 contains legal assertions or conclusions to which no responsive pleading is required but which CastleRock otherwise denies. Further, CastleRock objects to the use of the phrase "Defendants' problematic and unfit drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 434.

435.  Paragraph 435 contains legal assertions or conclusions to which no responsive pleading is required but which CastleRock otherwise denies. Further, CastleRock objects to the use of the phrase "Defendants' problematic and unfit drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 435.

436.  Paragraph 436 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 436 and therefore denies same. Further, CastleRock objects to the use of the phrase "Defendants' problematic and unreasonably

dangerous drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 436.

## CLASS ACTION ALLEGATIONS

### The Knauf Class

437.  CastleRock admits that, by virtue of the pleaded claims, Plaintiffs purport to bring this class action suit pursuant to pursuant to Rules 23(a), (b)(I), (b)(2), (b)(3) and/or 23(c)( 4) of the Federal Rules of Civil Procedure, on behalf of themselves and a Class comprised of all past/present owners/residents of real property located in the United States. Except as expressly admitted herein, CastleRock denies the rest and remainder of Paragraph 437.

### The Distributor/Supplier/Importer/Exporter/Broker Subclasses (Subclasses 1-10)

438.  CastleRock admits that, by virtue of the pleaded claims, Plaintiffs purport to identify and align Plaintiffs and CastleRock contractors/installers in Schedule "3" of the Complaint. Paragraph 438 also contains certain legal assertions/presumptions/conclusions which require no response. Except as expressly admitted herein, CastleRock denies the rest and remainder of Paragraph 438.

439.  CastleRock admits that, by virtue of the pleaded claims, Plaintiffs purport to identify Distributor/Supplier/Importer/Broker subclasses in Schedule 1. Except as

expressly admitted herein, CastleRock denies the rest and remainder of Paragraph 439.

## The Builder/Developer Subclasses (Subclasses 11-108)

440. CastleRock admits that, by virtue of the pleaded claims, Plaintiffs purport to identify builders/developers in Schedule "2", purport to depict an alignment of Plaintiffs and Defendants in Schedule "2" for each subclass, and purport to assert subclasses. Paragraph 440 also contains certain legal assertions/presumptions/conclusions which require no response. Except as expressly admitted herein, CastleRock denies the rest and remainder of Paragraph 440.

441. CastleRock admits that, by virtue of the pleaded claims, Plaintiffs purport to identify builders/developer subclasses in Schedule "2". CastleRock denies the rest and remainder of Paragraph 441.

## The Contractor/Installer Subclasses (Subclasses 109-126)

442. CastleRock admits that, by virtue of the pleaded claims, Plaintiffs purport to identify and align Plaintiffs and CastleRock contractors/installers in Schedule "3" of the Complaint. Paragraph 442 also contains certain legal assertions/presumptions/conclusions which require no response. Except as expressly admitted herein, CastleRock denies the rest and remainder of Paragraph 442.

443. CastleRock admits that, by virtue of the pleaded claims, Plaintiffs purport to identify CastleRock contractors/installer subclasses in Schedule "3" of the Complaint. Except as expressly admitted herein, CastleRock denies the rest and

9

remainder of Paragraph 443.

**General Class Allegations and Exclusions from the Class Definitions**

444.   CastleRock admits that, by virtue of the pleaded claims, Plaintiffs purport to identify persons excluded from the Class and Subclasses. Except as expressly admitted herein, CastleRock denies the rest and remainder of Paragraph 444.

445.   Paragraph 445 of the Complaint contains legal assertions/presumptions/conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 445 and therefore denies same.

446.   Paragraph 446 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 446 and therefore denies same. Further, CastleRock objects to the use of the phrase "Defendants' drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 446.

447.   Paragraph 447 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations in Paragraph 447 and therefore denies same.

448.   Paragraph 448 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 448 and therefore denies same.

449.   CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 449 and therefore denies same.

450.   Paragraph 450 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.

451.   Paragraph 451 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 451 and therefore denies same.

452.   Paragraph 452 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 452 and therefore denies same.

453.   Paragraph 453 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 453 and therefore denies same.

**COUNT 1**
**NEGLIGENCE**
**(Against All Defendants)**

454.   The preceding paragraphs set forth above are hereby incorporated by reference.

455.   CastleRock denies violating any duty to Plaintiffs or that such violation is the proximate cause of Plaintiffs' damages as alleged in Paragraph 455.

456.   CastleRock denies that it engaged in wrongful acts or omissions or that it knew or should have known that its conduct, as alleged by Plaintiffs, would cause the harm and damages alluded to by Plaintiffs in Paragraph 456.

457.   CastleRock denies violating any duty to Plaintiffs as alleged in Paragraph 457.

458.   CastleRock denies violating any duty to Plaintiffs as alleged in Paragraph 458. CastleRock denies that it knew or should have known whether the drywall was "problematic" or the adverse effect, if any, such drywall could have on the property and bodies of Plaintiffs and Class Members.

459.   CastleRock denies breaching any duty as alleged in Paragraph 459. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 459 and therefore denies same.

460.   CastleRock denies that it knew or should have known any drywall product could/would cause harm/damages/personal injuries as alleged in Paragraph 460. Further, CastleRock objects to the use of the phrase "Defendants' drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock

therefore denies the remainder of Paragraph 460.

461.    CastleRock denies owing or violating any duty to Plaintiffs or Class Members and denies that it caused the harm, damages, and personal injuries as alleged in Paragraph 461.

**COUNT II**
**NEGLIGENCE PER SE**
**(Against All Defendants)**

462.    The preceding paragraphs set forth above are hereby incorporated by reference.

463.    Paragraph 463 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.

464.    CastleRock denies breaching statutory duties as alleged in Paragraph 464.

465.    CastleRock denies breaching statutory duties as alleged in Paragraph 465.

466.    CastleRock denies that it knew or should have known the nature of problematic drywall, if any, or the adverse effects, if any, that such drywall could have on the property and bodies of Plaintiffs and Class Members as alleged in Paragraph 466.

467.    CastleRock denies that it knew or should have known of problematic drywall, if any, or that any such drywall could or would cause the harm, damages and/or personal injuries as alleged in Paragraph 467. Further, CastleRock objects to the use of the phrase "Defendants' drywall" and "their product" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with

13

Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 467.

468. CastleRock denies violating any duty to Plaintiffs and Class Members and denies that its conduct proximately caused the damages/personal injuries to Plaintiffs and Class Members as alleged in Paragraph 468.

## COUNT III
## STRICT LIABILITY
### (All Defendants)

469. The preceding paragraphs set forth above are hereby incorporated by reference.

470. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 470 and therefore denies same.

471. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 471 and therefore denies same.

472. Defendants deny knowing that the subject drywall would be used without inspection by consumers as alleged in Paragraph 472.

473. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 473 and therefore denies same.

474. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 474 and therefore denies same.

475. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 475 and therefore denies same.

476. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 476 and therefore denies same.

477.  CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 477 and therefore denies same. Further, CastleRock objects to the use of the phrase "Defendants' drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 477.

478.  Paragraph 478 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 478 and therefore denies same.

479.  Paragraph 479 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 479 and therefore denies same.

480.  Paragraph 480 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 480 and therefore denies same.

481.  Paragraph 481 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations in Paragraph 481 and therefore denies same.

482.   Paragraph 482 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 482 and therefore denies same.

483.   Paragraph 483 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 483 and therefore denies same. Further, Castle Rock objects to the use of the phrase "Defendants' drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 483.

484.   Castle Rock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 484 and therefore denies same. Further, CastleRock objects to the use of the phrase "Defendants' problematic drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 484.

485.   Paragraph 485 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 485 and therefore denies same. Further, CastleRock objects to the use of the phrase "Defendants' problematic drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 485.

486.   Paragraph 486 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 486 and therefore denies same. CastleRock did not have or violate any duty as alleged in Paragraph 486 and denies causing the harm alleged therein.

**COUNT IV**
**BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**
**(All Defendants)**

487.   The preceding paragraphs set forth above are hereby incorporated by reference.

488.   Paragraph 488 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 488 and therefore denies same.

17

489.   Paragraph 489 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 489 and therefore denies same.

490.   Paragraph 490 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 490 and therefore denies same.

491.   Paragraph 491 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 491 and therefore denies same.

492.   Paragraph 492 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 492 and therefore denies same.

493.   Paragraph 493 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 493 and therefore denies same.

494.   Paragraph 494 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations in Paragraph 494 and therefore denies same.

<u>**COUNT V**</u>
**BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203**
**(On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)**
**(Against Builders Only)**

495.   The preceding paragraphs set forth above are hereby incorporated by reference.

496-506.  Because the Plaintiffs to whom CastleRock is aligned, per Plaintiffs' Schedule "2", do not own any condominiums in Florida, these allegations "On Behalf of Plaintiffs Who Own Condominiums in the State of Florida" do not apply to CastleRock and require no response.

<u>**COUNT VI**</u>
**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY**
**(Against Builders Only)**

507.   The preceding paragraphs set forth above are hereby incorporated by reference.

508.   Paragraph 508 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. In the alternative, CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 508 and therefore denies same.

509.   Paragraph 509 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. In the alternative, CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 509 and therefore denies same.

510.   CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 510 and therefore denies same.

511. Paragraph 511 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 511 and therefore denies same.

512. Paragraph 512 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 512 and therefore denies same.

513. Paragraph 513 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 513 and therefore denies same.

**COUNT VII**
**BREACH OF CONTRACT**
**(Against Builders Only)**

514. The preceding paragraphs set forth above are hereby incorporated by reference.

515. Paragraph 515 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 515 and therefore denies same.

516. Paragraph 516 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 516 and therefore denies same.

517.   Paragraph 517 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 517 and therefore denies same.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (On Behalf of Plaintiffs Who Own Homes in the State of Louisiana)
### (Against Louisiana Builders Only)

518   The preceding paragraphs set forth above are hereby incorporated by reference.

519-24.   Because Plaintiffs have identified CastleRock as a Texas Builder and/or Developer, the allegations in Paragraphs 519 through 524 against "Louisiana Builders" do not apply to CastleRock and thus require no response.

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

525.   The preceding paragraphs set forth above are hereby incorporated by reference.

526-34.   Paragraphs 526-34 of the Complaint contain legal assertions or conclusions to which no responsive pleading is required. CastleRock denies owing or breaching any duty to the Louisiana Plaintiffs insofar as, by Plaintiffs very pleadings, CastleRock is aligned only with Plaintiffs with property in Texas, all of whom are residents of Texas, except for Mr. Peterson who is a resident of California. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraphs 526-34 and therefore denies same.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

535.   The preceding paragraphs set forth above are hereby incorporated by reference.

536-48.   Because Plaintiffs have defined CastleRock as a Builder and/or Developer, the allegations against "Manufacturing Defendants" in Paragraphs 536-48 do not apply to CastleRock and require no response.

## COUNT XI
## PRIVATE NUISANCE
### (All Defendants)

549.   The preceding paragraphs set forth above are hereby incorporated by reference.

550.   CastleRock denies committing any tortious or wrongful acts or omissions and denies that its conduct caused sulfur compounds and/or other chemicals to leach into structures owned by Plaintiffs and Class Members. CastleRock denies that its conduct unreasonably interfered, or continues to interfere, with the Plaintiffs' and Class Members' use and enjoyment of their properties or that CastleRock's conduct caused the harm and damage as alleged in Paragraph 550.

551.   CastleRock denies that it interfered with or impaired the Plaintiffs' or Class Members' health, comfort, safety, free use of their property, and/or peaceful enjoyment of their property as alleged in Paragraph 551.

552.   CastleRock objects to the phrase "Defendants' invasions" as vague and ambiguous. CastleRock otherwise denies that its conduct was intentional or unreasonable, and/or unintentional but otherwise negligent or reckless as alleged in Paragraph 552.

22

553.    CastleRock denies creating any interference with Plaintiffs' and Class Members' use of their property, or that such interference, if any, is substantial and ongoing as alleged in Paragraph 553.

554.    CastleRock denies creating any private nuisance or that such nuisance, if any, was the direct, proximate, and foreseeable cause of Plaintiffs' and Class Members' damages, injuries, harm, loss, and increased risk of harm, or that they have suffered or will continue to suffer as alleged in Paragraph 554.

555.    CastleRock denies that it directly, proximately, or otherwise caused or created any private nuisance or Plaintiffs and Class Members have incurred harm/damages/personal injuries as alleged in Paragraph 555.

<u>COUNT XII</u>
**UNJUST ENRICHMENT**
**(All Defendants)**

556.    The preceding paragraphs set forth above are hereby incorporated by reference.

557.    CastleRock denies that it wrongfully accepted and retained the benefits as described in Paragraph 557 to the detriment of Plaintiffs and Class Members. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 557 and therefore denies same. Further, CastleRock objects to the use of the phrase "Defendants' problematic drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 557.

23

558. Paragraph 558 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 558 and therefore denies same.

559. CastleRock denies committing the deliberate and tortious conduct alleged and denies that it has been unjustly enriched in a manner which warrants restitution, or Paragraph 559 contains legal assertions or conclusions to which no responsive pleading is required.

**COUNT XIII**
**VIOLATION OF CONSUMER PROTECTION ACTS**
**(All Defendants)**

560. The preceding paragraphs set forth above are hereby incorporated by reference.

561. CastleRock admits that, by virtue of the pleaded claims, Plaintiffs purport to bring an action for relief under various consumer protection statutes as described in Paragraph 561. Further, Paragraph 561 contains legal assertions or conclusions to which no responsive pleading is required.

562. Paragraph 562 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. However, CastleRock denies breaching any duty to Plaintiffs in violation of the provisions of the Consumer Protection Acts of the Relevant States.

563. Paragraph 563 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 563 and therefore denies same.

564.   Paragraph 564 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 564 and therefore denies same.

**COUNT XIV**
**EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING**
**(All Defendants)**

565.   The preceding paragraphs set forth above are hereby incorporated by reference.

566.   CastleRock denies that Plaintiffs and Class Members lack adequate remedies at law as alleged in Paragraph 566.

567.   Paragraph 567 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 567 and therefore denies same.

568.   As to Paragraph 568, CastleRock admits that, by virtue of the pleaded claims in the Complaint, Plaintiffs purport to seek the relief described therein.  Except as expressly admitted herein, CastleRock denies the rest and remainder of Paragraph 568.

569.   Paragraph 569 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Further, CastleRock objects to the use of the phrase "Defendants' problematic drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal

25

Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 569.

570. Paragraph 570 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 570 and therefore denies same. Further, CastleRock objects to the use of the phrase "Defendants' problematic and unfit drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 570.

571. Paragraph 571 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 571 and therefore denies same.

572. Paragraph 572 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.

573. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 573 and therefore denies same.

574. Paragraph 574 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or

26

information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 574 and therefore denies same.

575. Paragraph 575 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 575 and therefore denies same. Further, CastleRock objects to the use of the phrase "Defendants' problematic and unfit drywall" as vague and ambiguous. The use of such phrase does not provide information sufficient for CastleRock to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. CastleRock therefore denies the remainder of Paragraph 575.

576. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 576 and therefore denies same.

577. Paragraph 577 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. CastleRock lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 577 and therefore denies same.

## DEMAND FOR JURY TRIAL

578. Plaintiffs' demand for jury trial requires no response.

## PRAYER FOR RELIEF

579.  CastleRock denies that Plaintiffs are entitled to the relief requested in the Prayer.

## CASTLEROCK'S AFFIRMATIVE DEFENSES

CastleRock asserts the following affirmative defenses:

580.  CastleRock did not breach any duty or responsibility to Plaintiffs and had no control over the design, manufacture, export, import, distribution, inspection, marketing, or sale of the subject drywall.

581.   Plaintiffs failed to state a claim or cause of action upon which relief can be granted.

582.  Plaintiffs' alleged injuries and damages were caused by the sole and/or comparative negligent acts or omissions of, or the breach of contract by, the Plaintiffs and/or other third parties, whether a party to this suit or not, over whom CastleRock had no control; and that such actions by the third parties also constitute new, intervening, or superseding actions or causes to Plaintiffs' alleged injuries and damages.

583.  Plaintiffs' claims for damages may be barred to the extent Plaintiffs failed to mitigate their damages. Alternatively, any damages Plaintiffs recover must be reduced by the amount of damages Plaintiffs could have reasonably avoided. Plaintiffs' claims may be further barred if any damages suffered by Plaintiffs were the result of an intervening cause.

584.  Plaintiffs' claims may be barred, in whole or in part, due to assumption of the risk, one satisfaction rule, economic loss rule, and/or election of remedies.

585.  Plaintiffs' claims for damages under Texas law may be barred under section

28

33.001 of Texas Civil Practice and Remedies Code if Plaintiffs' percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled.

586.   Plaintiffs' recovery under Texas law may be reduced by a percentage equal to the Plaintiffs' responsibility and the responsibility of any other claimants, defendants, responsible third parties and settling persons in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.

587.   CastleRock reserves the right to submit an issue on the negligence of any settling defendant, third-party defendant, and any responsible third-party for Plaintiffs' claims in accordance with section 33.001 of the Texas Civil Practice and Remedies Code.

588.   If any other parties have settled with Plaintiffs during this suit or any other suit that Plaintiffs have filed for the same injuries or damages, CastleRock may be entitled to a reduction of their liability or a credit for the same amounts paid or to be paid by a settling party or CastleRock under section 33.012 of the Texas Civil Practice and Remedies Code and any other applicable law or statutes.

589.   CastleRock pleads and incorporates by reference as affirmative defenses all applicable damage caps and limitations upon any award of damages, both compensatory and punitive, which are provided by law. CastleRock further pleads that its liability, if any, which is denied, may be limited by the damages provisions of sections 41.001 through 41.013 of the Texas Civil Practice and Remedies Code, which are pled and incorporated herein by reference.

590.   CastleRock is a non-manufacturing installer entitled to indemnification from the

29

manufacturer under section 82.001, *et seq.* of the Texas Civil Practice and Remedies Code.

591.   CastleRock respectfully reserves the right to amend this answer after it has had the opportunity to investigate more closely the claims asserted by Plaintiffs.

## **REQUEST FOR JURY TRIAL**

592.   CastleRock affirmatively requests a jury trial.

## **PRAYER**

WHEREFORE, CastleRock respectfully prays that Plaintiffs take nothing by reason of this suit, and that this Court grants CastleRock such other relief, whether legal or equitable, to which it may be justly entitled.

Respectfully submitted,

HEARD & MEDACK, P.C.

By: */s/  David W. Medack*
     David W. Medack
     Federal Bar No. 15597
     Texas Bar No. 13892950
     9494 Southwest Freeway, Suite 700
     Houston, Texas 77074
     (713) 772-6400 – Telephone
     (713) 772-6495 – Facsimile

ATTORNEYS FOR DEFENDANT
CASTLEROCK COMMUNITIES, L.P.

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 (b) of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument to which this Certificate is attached was duly served upon each party by Facsimile, U.S. First Class Mail and/or using the ECF System for filing and transmittal of a Notice of Electronic Filing pursuant to the Federal Rules of Civil Procedure on this 15th day of June, 2011.

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500
(215) 592-4663 – Fax
Email: Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave., Suite 100
New Orleans, LA 70113
(504) 581-4892
(504) 561-6024 – Fax
Email: rherman@hhkc.com
Email: LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*

### PLAINTIFFS' COUNSEL

Allison Grant, Esquire
Allison Grant, P.A.
950 Peninsula Corporate Circle
Suite 1022
Boca Raton, FL 33487
(561) 994-9646
Email: agrant@allisongrantpa.com

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
(504) 524-3300
(504) 524-3313 – Fax
Email: Barrios@bkc-law.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.W. 2nd Avenue, Suite 201
Miami, FL 33137
(305) 571-8550
(305) 571-8559 – Fax
Email: Jeremy@alterslaw.com

Joseph M. Bruno
Bruno & Bruno
855 Baronne Street
New Orleans, LA 70113
(504) 525-1335
(504) 561-6775 – Fax
Email: joe@brunobrunolaw.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
(214) 521-3605
(214) 520-1181 – Fax
Email: bsteckler@baronbudd.com

The Law Offices of Joe Buffington
2021 Morris Avenue
Suite 200
Birmingham, AL 35203
(205) 324-1834
(205) 324-1846 - Fax
Email: brian@collinshorsley.com

F:\1780\Pleadings\CastleRock's Original Answer

W. Brian Collins
Collins & Horsley, PC
2021 Morris Avenue
Suite 200
Birmingham, AL 35203
(205) 324-1834
(205) 324-1846 - Fax
Email: brian@collinshorsley.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
Matthews, Martinez, Gonzales,
Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
(305) 476-7400
(305) 476-7444 – Fax
Email: Ervin@colson.com

Jimmy Doyle, Esquire
Doyle Law Firm, PC
P.O. Box 36445
Birmingham, AL 35236
(205) 533-9500
(205) 332-1362 – Fax
Email: jvdoyle@yahoo.com

Haley & McKee, LLC
650 Poydras Street, Suite 2615
New Orleans, LA 70130
(504) 525-6836
(504) 525-7289 – Fax
Email: rmckee@haleymckee.com

Michael D. Hausfeld
Richard S. Lewis
Hausfeld LLP
1700 K. Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200
(202) 540-7201 – Fax
Email: rlewis@hausfeldllp.com

Edward Gibson
Hawkins, Stracener & Gibson, PLLC
544 Main Street
Bay St. Louis, MS 39520
(228) 469-0785
(228) 466-9233 - Fax
Email: Egibson@hsglawfirm.net

Hurricane Legal Center, LLC
600 Cardonelet Street, Suite 602
New Orleans, LA 70130
(504) 525-1944
Email: jcrawford@hurricanelegl.com

Irpino Law Firm
2216 Magazine Street
New Orleans, LA 70130
(504) 525-1500
(504) 525-1501 – Fax
Email: airpino@irpinolaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27612
(919) 981-0191
(919) 981-0199 – Fax
Email: dkb@lewis-roberts.com

James Robert Reeves
Lumpkin, Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
(228) 374-5151
(228) 374-6630 - Fax
Email: jrr@lumpkinreeves.com

Eric Hoaglund
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway, Suite 201
Vestavia Hills, AL 35216
(205) 824-7767
(205) 824-7768 – Fax
Email: ehoaglund@mhcilaw.com

32

Douglas M. McIntosh
Manual R. Comras
McIntosh, Sawran, Peltz & Cartaya, P.A.
1601 Forum Place
Suite 1110
West Palm Beach, FL 33401-4025
(561) 682-3202
(561) 682-3206
Email: mcomras@mspcesq.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
(239) 433-6880
(239) 433-6836 - Fax
Email: sweinstein@forthepeople.com

Paul A. Lea, Jr.
Paul A. Lea, Jr. APLC
527 E. Boston St., Suite 201
Covington, LA 70433-2948
(985) 292-2300
(985) 292-3501 – Fax
Email: jean@paullea.com

W. Lee Pittman
Booth Samuels
Pittman, Dutton, Kirby & Hellums, P.C.
1100  Park Place Tower
Birmingham, AL 35203
(205) 322-8880
(205) 328-2711
Email: booths@pdkkhlaw.com

Jordon Torry
Reich & Binstock, LLP
4265 San Felipe, Suite 1000
Houston, Texas 77027
(713) 622-7271
(713) 623-8724 – Fax
Email: dacevedo@reichandbinstock.com

Julia A. Cook
Schlanger, Silver, Barg &  Paine, L.L.P.
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
(713) 735-8561
(713) 785-2091 – Fax
Email: Jcook@ssbplaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
(757) 233-0009
(757) 233-0455 - Fax
Email: rserpe@serpefirm.com

W. James Singleton
The Singleton Law Firm
4050 Llinwood Avenue
Shreveport, LA 71108
(318) 631-5200
(318) 636-7759 - Fax
Email: wjsingleton@singletonlaw.com

Richard Taylor
Taylor Martino Zarzaur PC
P.O. Box 894
Mobile, AL 36601
(251) 433-3131
(251) 405-5080 – Fax
Email: richartaylor@taylormartino.com

Thomas Vaughh
Vaughn & Bowden, PA
P.O. Box 240
Gulfport, MS 39502
(228) 863-5656
(228) 863-6509 - Fax

R. Tucker Vance
Yance Law Firm, LLC
169 Dauphin St.
Suite 318
Mobile, AL 36602
(251) 432-8003
(251) 432-8009 – Fax
Email: rty@yancelaw.com


  _/s/  David W. Medack_____

  David W. Medack