# Notice of Supplemental Authority

# Exhibit 4



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

IN RE: CHINESE DRYWALL LITIGATION

DARIO ORLANDO; STEPHEN SINES;
DAVID AND JOAN GLICKMAN;
THOMAS WOJCIECHOWSKI;
OCEANPARK ESTATES ASSOCIATON,
INC., and DOCKSIDE LOFTS CONDOMINIUM
ASSOCIATION, INC., individually and as
representatives of others similarly situated,
                Plaintiffs,

CASE NO.: 10-28090 (12)

vs.

BANNER SUPPLY CO., et al.,
                Defendants.

HON. PETER M. WEINSTEIN

_____/

### ORDER ON DEFENDANT BANNER SUPPLY COMPANY PORT ST. LUCIE, LLC'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

THIS CAUSE came before the Court on Defendant Banner Supply Company Port St. Lucie, LLC's Motion to Dismiss First Amended Class Action Complaint. The Court having considered same, having heard argument of counsel and being otherwise fully advised in premises, finds and decides as follows:

Plaintiffs filed the instant first amended class action complaint asserting claims for product liability; negligence; violations of the Florida Deceptive and Unfair Trade Practices Act (hereinafter FDUTPA); Private Nuisance; and equitable and injunctive relief. Defendant Banner Supply Company Port St. Luce LLC (hereinafter Banner PSL) is now moving to dismiss the first amended complaint arguing that it fails to comply with the requirements of Rule 1.220, Fla. R. Civ. P., fails to properly allege a cause of action for private nuisance, for violations of FDUTPA and for equitable and injunctive relief and for failure to comply with Rule 1.130, Fla. R. Civ. P.

Case No.: 10-28090(12)

in that plaintiffs have failed to attach documents necessary for Banner PSL to properly respond to the complaint.

Turning first to plaintiffs' claim for private nuisance, Banner PSL argues that plaintiffs cannot state a cause of action for private nuisance as a matter of law. In the motion to dismiss, Banner PSL cites to a recent Omnibus Order on Pending Motion to Dismiss in the matter styled Marlene Bennett v. Centerline Homes, et. al., Case No. 50 2009 CA 014458, entered on November 5, 2010 by the Hon. Glenn Kelly of the Fifteenth Circuit Court. In that case, Judge Kelley in a well reasoned order sets forth the well established law in Florida regarding private nuisances and states that "Florida law recognizes that the doctrine of private nuisance is essentially a mechanism which protects the property rights of one land owner from the unrestrained exercise of the property rights of another. *Id.* at 6 citing *Jones v. Trawick,* 75 So.2d 785, 785 (Fla. 1954). "Florida law essentially define nuisance as using one's property as to injure the land or some incorporeal rights of one's neighbor. *Id.,* citing *Beckman v. Marshall,* 85 So.2d 552, 554 (Fla. 1956). Plaintiff argues that there is an inherent weakness in Judge Kelley's ruling that the nuisance must come from outside the plaintiffs' land, that is the defective drywall did come from outside of plaintiffs' land and was delivered by Banner to the home. Plaintiffs argue that Banner PSL should have used its own property, the defective drywall, in a manner not to injure the plaintiffs. This Court finds that it is plaintiffs' argument that has the inherent weakness based on this Court's interpretation of Florida law as it deals with private nuisance. This Court finds Judge Kelley's ruling to be persuasive in his finding that neither the case law nor the policy underpinnings of the nuisance doctrine support such a cause of action for

2

Case No.: 10-28090(12)

private nuisance in this case.[1]  Therefore, Banner PSL' motion to dismiss plaintiffs' claim for private nuisance will be granted.

Banner PSL's motion to dismiss is denied in all other respects.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant Banner Supply Company Port St. Lucie, LLC's Motion to Dismiss First Amended Class Action Complaint is GRANTED in Part as to Count IV for .Private Nuisance.  Count IV for Private Nuisance is hereby Dismissed with Prejudice.

DONE AND ORDERED in Chambers, Fort Lauderdale, Florida, this 4th day of February, 2011.

PETER M. WEINSTEIN
CIRCUIT COURT JUDGE

TRUE COPY

Michael J. Ryan, Esq., Plaintiff's Liaison Counsel & Matthew Kotzen, Esq., Defendant's Liaison Counsel for distribution electronically through Lexis Nexis File & Serve

---

[1] Plaintiffs, in support of their opposition to the motion to dismiss argue that Judge Farina of the Eleventh Circuit, in the case of Seifert v. Banner Supply, Case No. 09-3887 CA 01(42), permitted the "Nuisance" count to go to the jury after a trial of the matter. However, plaintiffs do not indicate whether, in fact, a motion to dismiss the "Nuisance" count ever presented to, or ruled on by Judge Farina. Therefore, plaintiff's reliance on that case is misplaced.