**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047** **SECTION: L** **JUDGE FALLON** **MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.,* **Case No. 2:09-cv-6687 (E.D.La.)** *Payton, et al. v. Knauf Gips, KG, et al.,* **Case No. 2:09-cv-7628 (E.D.La.)** *Wiltz, et al v. Beijing New Building Materials Public Limited Co., et al.,* **Case No. 2:10-cv-361 (E.D.La.)** *Gross, et al v. Knauf Gips, KG, et al.,* **Case No. 2:09-6690 (E.D.La.)** *Abel, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 2:11-080 (E.D.La.)** *Hinkley, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.,* **Case No. 2:09-cv-06686 (E.D.La.)** | |

**O R D E R**
**(Lifting Stay)**
**(Scheduling Order re: Hearing for Class Certification)**

Considering the Plaintiffs' Steering Committee's Motion to Lift Stay and for

Approval of Proposed Scheduling Order,

IT IS ORDERED that the stay in Pretrial Order No. 1 is lifted as to the following

pending motions:

      1.      Plaintiffs' Motion for Class Certification of Plaintiffs' Claims for Damages Against Venture Supply [Document # 8829], and

      2.      Plaintiffs' Steering Committee's Motion to Allow Service of Complaints on Lowe's Home Centers, Inc. [Document # 9462].

IT IS FURTHER ORDERED BY THE COURT that a hearing is set on the Plaintiffs' Steering Committee's Motion to Allow Service of Complaints on Lowe's Home Centers, Inc. following the monthly status conference on July 14, 2011, or at a time set by the Court, and

IT IS FURTHER ORDERED BY THE COURT that the conduct of discovery related to the issue of class certification and the final briefing and hearing on the Motion for Class Certification involving Venture Supply, Inc. ("Venture") shall adhere to the following schedule:

1. **Interventions.**  Any interested party, including assignees of homeowner claims, who seeks to intervene in the Motion for Class Certification shall be subject to the terms, conditions and deadlines set forth in this Order.  Any such party seeking to intervene shall file appropriate pleadings with the Court prior to July 28, 2011.

2. **Discovery to Class Representatives and Fact Witnesses.**  Commencing as of the date this Order is entered, Venture shall be entitled to propound additional written discovery upon the designated class representatives.  This discovery shall not be repetitive of information previously provided in the Plaintiff Profile Form provided by the class representative.  Further, Venture shall be entitled to depose the representative plaintiffs.  Each deposition shall be limited to one day per deponent. Depositions of class representatives shall be completed by August 14, 2011.  If additional fact witnesses are disclosed by either party, such disclosure shall be made in sufficient time prior to the class certification hearing so that a reasonable opportunity to take discovery is provided to the other side, without prejudice to any party.

3.  **Disclosure/Discovery of Plaintiffs' Experts.**  To the extent Plaintiffs rely upon any experts, Plaintiffs shall furnish to Venture expert reports in accordance with Fed.R.Civ.P. 26(a)(2)(B) or Affidavits (which may have already been provided in the original filed motions) and dates of availability of their experts for depositions by August 14, 2011.  Venture shall complete the depositions of Plaintiffs' experts by September 16, 2011.

4.  **Designation of Fact Witnesses.**  Plaintiffs, Venture and Intervenors shall all designate fact witnesses who may be called to testify at the class certification hearing (whether live or by deposition) by September 16, 2011.

5.  **Disclosure/Discovery of Venture's Experts.**  To the extent Venture relies upon any experts, Venture shall furnish to plaintiffs expert reports in accordance with F.R.C.P. 26(a)(2)(B) or Affidavits and dates of availability of their experts for depositions by September 19, 2011.  The Plaintiffs shall complete the depositions of the Venture's experts by October 14, 2011.

6.  **Opposition to Motion for Class Certification.**  Venture shall file their Memorandum in Opposition to the Motion for Class Certification together with exhibits, affidavits and depositions by October 21, 2011.  Supporting affidavits or depositions may be referenced and/or attached only if the affiants/deponents were timely designated in accordance with this Order.

7.  **Plaintiffs' Memorandum in Reply.**  By November 4, 2011, plaintiffs shall file their Memorandum in Reply to Venture's Memorandum in Opposition to the Motion for Class Certification.  Supporting affidavits or depositions may be referenced and/or attached only if the affiants/deponents were timely designated in accordance with this Order.

8.  *Daubert* **Challenges.**  To the extent any party files a *Daubert* challenge to any experts, such motion shall be filed prior to November 4, 2011 so that briefing can take place and the Court can schedule a hearing, if necessary, in advance of the hearing date on the Motion for Class

Certification.  The parties are encouraged to meet and confer in advance to avoid the filing of unnecessary motions relating to *Daubert* challenges.

     9.  **Hearing.**  The hearing on the Motion for Class Certification shall commence on a date to be determined by the Court after November 4, 2011, and shall continue from day to day thereafter as needed.

     New Orleans, Louisiana, this _____ day of _____, 2011.


_____
Eldon E. Fallon
United States District Court Judge