# EXHIBIT "B"

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO: ALL CASES AND**<br><br>*Payton, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:09-cv-07628 (E.D. La.)**<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*<br>**Case No. 2:10-cv-00361 (E.D. La.)**<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:09-cv-06690 (E.D. La.)**<br><br>*Rogers, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:10-cv-00362 (E.D. La.)**<br><br>*Amato, et al. v. Liberty Mutual Ins. Co., et al.*<br>**Case No. 2:10-cv-00932 (E.D. La.)**<br><br>*Hernandez, et al. v. AAA Insurance, et al.*<br>**Case No. 2:10-cv-03070 (E.D. La.)**<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>**Case No. 2:11-cv-00080 (E.D. La.)**<br><br>*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 2:11-cv-00252 (E.D. La.)**<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>**Case No. 2:11-cv-01077 (E.D. La.)**<br><br>*Vickers, et al. v. Knauf Gips KG, et al.*<br>**Case No. 2:09-cv-04117 (E.D. La.)** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

## ORDER PRELIMINARILY APPROVING STIPULATION AND AGREEMENT OF SETTLEMENT, CONDITIONALLY CERTIFYING CLASS, ISSUING CLASS NOTICE AND SCHEDULING FAIRNESS HEARING

Upon consideration of the Joint Motion of proposed Class Counsel, the Plaintiffs' Steering Committee ("PSC"), Counsel for Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC ("Banner PSL"), Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies (collectively, "Banner"), and Counsel for Banner's insurers, Chartis,[1] FCCI,[2] Hanover,[3] and Maryland Casualty[4] (collectively, the "Insurers"), for Preliminary Approval of the Stipulation and Agreement of Settlement and Conditional Certification of a Settlement Class brought pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e), it is hereby,

**ORDERED, ADJUDGED AND DECREED** that:

1.       Capitalized terms used in this Order shall have the same meaning as those defined in the Stipulation and Agreement of Settlement dated _____, 2011 (the "Settlement"), attached as Exhibit A to the Memorandum of Law in support of Joint Motions for Orders: (1) Preliminarily Approving the Stipulation and Settlement; (2) Conditionally Certifying the

---

[1] "Chartis" includes Chartis Specialty Insurance Company (formerly known as "American International Specialty Lines Insurance Company"), Illinois National Insurance Co., National Union Fire Insurance Company of Pittsburgh, Pa., Commerce & Industry Insurance Co., and any other sister entities or entities related to the foregoing or to American International Group, Inc.

[2] "FCCI" includes FCCI Insurance Company, FCCI Commercial Insurance Company, National Trust Insurance Company, FCCI Mutual Insurance Holding Company, FCCI Group, Inc., FCCI Insurance Group, Inc., Monroe Guaranty Insurance Company, FCCI Services, Inc., FCCI Advantage Insurance Company, Brierfield Insurance Company, and FCCI Agency, Inc.

[3] "Hanover" includes Hanover American Insurance Company and Hanover Insurance Group, Inc.

[4] "Maryland Casualty" includes Maryland Casualty Company and all companies in the Zurich North America group of insurance companies.

Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Fairness Hearing (the "Memorandum of Law").

2.      The Settlement, including all exhibits attached thereto, is preliminarily approved by the Court as fair, reasonable and adequate; as negotiated and entered into at arm's length, in good faith, and free of collusion to the detriment of the Class; and as being within the range of possible judicial approval at a Fairness Hearing.

3.      The following nationwide class is conditionally certified:

> All persons or entities with claims, known and unknown, against
> the Settling Defendants arising from, or otherwise related to,
> Chinese Drywall purchased from, supplied, distributed, marketed,
> used, sold and/or delivered by Banner.

4.      The following class representatives are appointed:  Dr. Robert Brown, Felix Diaz, Amelia De Jesus, Richard Sage, Villa at Oak Hammock, LLC, and WM Townhomes, LLC.

5.      Russ Herman, Arnold Levin, and Ervin Gonzalez are appointed as Class Counsel and the Plaintiffs' Steering Committee ("PSC") is appointed as Of Counsel.

6.      The opt-out procedure set forth in Section 6 of the Settlement is approved.

7.      The procedure for lodging objections to the Settlement as set forth in Section 7 of the Settlement is approved.

8.      The Class Notice attached as Exhibit C to the Memorandum of Law is approved.

9.      The summary Class Notice attached as Exhibit D to the Memorandum of Law is approved.

10.     The protocol for dissemination and publication of notice to Class Members concerning the Settlement, as set forth in Section 5 of the Settlement, is approved.

11.     On or before _____, 2011, Class Counsel shall cause the Class Notice attached as Exhibit C to the Memorandum of Law to be:

a.   Sent via first-class mail, postage prepaid, to the last known address of all Class Members who are identifiable through the Plaintiff Profile Forms and their counsel;

b.   Sent via first-class mail, postage prepaid to the last known address of all Class Members with claims in all Related Actions and their counsel, including those Class Members ascertainable from Banner's records, such as the notices required by Fla. Stat. § 558 *et. seq.*;

c.   Published in *Better Homes & Gardens* (Florida edition), *Florida Monthly*, *Parade Magazine* newspaper supplement (Florida edition), *People* (Florida edition), *USA Today*, and the *USA Weekend* newspaper supplement (Florida edition);

d.   Published in the *Bradenton Herald*, *Citrus County Chronicle*, *Daytona Beach News-Journal*, *Fort Myers News-Press*, *Fort Walton Northwest Florida Daily News*, *Fort Lauderdale Sun Sentinel*, *Gainesville Sun*, *Jackson County Floridian*, *Jacksonville Florida Times Union*, *Key West Citizen*, *Lake City Reporter*, *Lakeland Ledger*, *Melbourne Florida Today*, *Miami Herald*, *Naples Daily News*, *Ocala Star-Banner*, *Orlando Sentinel*, *Palatka Daily News*, *Palm Beach Post*, *Panama City News Herald*, *Pensacola News Journal*, *Port Charlotte Sun Newspaper*, *Sarasota Herald-Tribune*, *St. Augustine Record*, *St. Petersburg Times*, *Stuart Treasure Coast News*, *Tallahassee Democrat*, *Tampa Tribune*, and *The Villages Daily Sun*;

e.   Published in *Nuevos Ecos*, *Diario Las Americas*, *El Nuevo Herald*, *El Sentinel* (Orlando), *La Prensa* (Orlando), *Centro Tampa* (formerly *Centro*

*Mi Diario*), *La Gaceta, Siete Dias* (*7 Dias*), *El Latino Semanal, El Semanario Accion* and *La Palma*;

 f. Provided in a press release distributed on national and Florida-focused wires;

 g. Published in internet banner ads on 24/7 Media Network and the AOL Network;

 h. Posted at the United States District Court, Eastern District of Louisiana, Florida courts, and the 34th Judicial District Court, Parish of St. Bernard;

 i. Posted at each courthouse in which the Related Actions are pending;

 j. Posted on the District Court's Chinese Drywall MDL website, the CPSC website, and the Florida Department of Health website;

 k. Posted at such other public places as may be ordered by the Court or by request of the Parties; and

 l. Posted as the Court may direct, in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

Where an attorney represents more than one Plaintiff or claimant with claims against Banner, it shall be sufficient to provide that attorney with a single copy of the notice.

 12. Any Class Member wishing to opt out of the Settlement must notify Plaintiffs' Lead Counsel, Arnold Levin (Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106), counsel for all Banner entities except Banner PSL, Todd R. Ehrenreich (Weinberg Wheeler Hudgins Gunn & Dial, 2601 South Bayshore Drive, Suite 1500, Miami, FL 33133), and counsel for all Banner entities, Michael P. Peterson (Peterson & Espino, P.A., 10631 S.W. 88th Street, Suite 220, Miami, FL 33186) in writing, postmarked no later than _____, 2011, which is sixty (60) days from the close of the Class Settlement Notice Period. To be

effective, the opt out notice must comply with Section 6 of the Settlement and must set forth the full name and current address of the Class Member seeking to opt out, be signed by the Class Member, and contain a sentence stating: "The undersigned hereby opts out of the Banner Settlement Class in the Chinese Drywall Action."

13.     All objections to the proposed Settlement shall be filed and served in compliance with Section 7 of the Settlement within sixty (60) days from the close of the Class Settlement Notice Period, i.e., postmarked no later than _____, 2011, or they will be deemed waived.  All objections must be signed by the individual Class Member and his or her counsel, if any.

14.     A Fairness Hearing shall take place on the ___ day of _____, 2011 at _____ o'clock in the a.m./p.m., in order to consider comments on and objections to the proposed Settlement and to approve thereafter the Settlement as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

15.     The Parties have reserved all claims and defenses in this Litigation should the proposed Settlement not become final for any reason.

16.     Banner and its Insurers have reserved the right to contest certification of the Class should the proposed Settlement not become final for any reason.  If the proposed Settlement does not become final, the conditional certification of the Class will be null and void and the Related Actions will proceed as if there had been no settlement, conditional certification or notice.

17.     By participating in this Settlement, FCCI and Hanover have not consented to general or specific personal jurisdiction in Louisiana and are not precluded from challenging general or specific personal jurisdiction over them in Louisiana in any cases currently pending or

that may be filed in the future, including, but not limited to, cases currently pending in, or that may be assigned to, filed in, or transferred to this Court.

This _____ day of _____, 2011, at New Orleans, Louisiana

_____
ELDON E. FALLON
United States District Judge