UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL         MDL No. 02047
PRODUCTS LIABILITY LITIGATION                SECTION L
                                             JUDGE FALLON
                                             MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

SEAN and BETH PAYTON, *et al.* v.
KNAUF GIP KG, *et al.*,
Case No. 2:09-cv-07628-EEF-JCW
_____/

**DEFENDANT, MANAGEMENT SERVICES OF LEE COUNTY, INC.'S,
NOTICE OF SUPPLEMENTAL AUTHORITY
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant, **Management Services of Lee County, Inc., f/k/a Paul Homes, Inc. ("Paul Homes")**, submits this Notice of Supplemental Authority in Further Support of its Motion to Dismiss the Amended Omnibus Class Action Complaint, with Prejudice[1] [D.E. 4341] served by plaintiffs, **Michael Nukho, Edward Nukho and George Nukho** (the "Nukhos"), **Scott and Judy Barry** (the "Barrys"), **Gerard and Nancy Roy** (the "Roys"), and **Thomas and Sonia Runyon** (the "Runyons") (collectively, the "Plaintiffs"). Through this Notice, Paul Homes informs the Court of two (2) recent drywall decisions issued in the consolidated drywall proceedings in Florida's Fifteenth Judicial Circuit, styled *Bennett v. Centerline Homes, Inc.*, No. 50 2009-CA-014458 (Fla. 15th Jud. Cir.) (the "***Bennett*** action"). The two decisions are: (1) a November 5, 2010 "Omnibus Order on Pending Motions to Dismiss"; and (2) a March 18, 2011

---

[1] This Notice cites the Amended Omnibus Class Action Complaint (Omni I) (hereinafter, the "Omnibus Complaint"), *Payton, et al. v. Knauf GIPS KG, et al.*, Case No. 09-07628 (E.D.La.) [D.E. 1, 3160], as " Cmplt., p ____".

"Omnibus Order on Plaintiffs' Negligence Claims.[2] True and correct copies of each of these decisions are attached to this Notice as **Exhibits A** and **B**.

Like the MDL action pending before this Court, the *Bennett* action consolidates a number of drywall proceedings in which the plaintiffs allege that the defendants that constructed (or helped construct) their homes are liable for damages caused by defective Chinese drywall purportedly installed in the homes. And like this case, the *Bennett* action involves claims for negligence, strict liability and private nuisance under Florida law (Counts I, III and XI in the Omnibus Complaint), as well as the application of Florida's economic loss rule.

Both rulings in the *Bennett* action are applicable here. In the first order, dated November 5, 2010, the Florida circuit court dismissed the plaintiffs' **strict liability** and private nuisance claims as a matter of law. The strict liability claim asserted against the homebuilders[3] failed for two independently sufficient reasons: (i) "only manufactures, and those in the distributive chain of a product, can be held strictly liable" for allegedly defective drywall, and homebuilders are <u>not</u> in the drywall chain of distribution; and (ii) drywall is not subject to strict liability because it is considered an improvement to real property, not a "product." *See* Order, at 7-9 (Exh. A).

Each of these arguments is presented in Paul Homes' Memorandum of Law in Support of its Motion to Dismiss [*See* D.E. 4341-1, at Section II.A.4], and each applies to Plaintiffs' strict liability claims. Cmplt. ¶¶ 2655-72. The *Bennett* action confirms that Paul Homes cannot be subject to strict products liability because, as a "Developer/Builder" (Cmplt., ¶¶ 2395), Paul

---

[2]  Paul Homes is notifying the Court of these authorities through a supplemental filing because the decisions were issued *after* Paul Homes filed its Motion to Dismiss on July 8, 2010.

[3]  The *Bennett* action is a consolidated action that, like this omnibus proceeding, pits homeowners with allegedly defective drywall against multiple builders, installers and drywall suppliers.

Homes obviously did not manufacture or distribute the drywall used in Plaintiffs' homes. Further, because Florida law applies strict liability to products and not to "structural improvements" like drywall, Paul Homes cannot be held strictly liable for Plaintiffs' alleged drywall damages. *Accord Bissoon v. Centerline Homes Construction, Inc.*, No. 562010 CA 001463 (Fla. 19th Jud. Cir. Mar. 24, 2011) (granting builder's motion to dismiss: "[A]lthough Plaintiff[s'] strict liability claims do allege defective product distribution, permanent improvements to real property are not products for purposes of products strict liability actions.") (attached as **Exhibit C**).

The *Bennett* action also dismissed the homeowners' **private nuisance** count for failure to state a claim. The court recognized, correctly, that "the doctrine of private nuisance is essentially a mechanism which protects the property rights of one land owner from the unrestrained exercise of the property rights *of another*." Order, at 6 (Exh. A) (emphasis added). Since Plaintiffs' private nuisance claims are predicated on the assertion that conditions existing in "structures owned by Plaintiffs" (rather than structures owned by "another") are to blame, the private nuisance claim asserted here cannot survive.[4] *See* Cmplt. ¶ 2735-41 (emphasis added).

The first *Bennett* ruling is also important for its application of the **contractual economic loss rule**. As this Court explained in its January 13, 2010 Order & Reasons, *In re Chinese Drywall Products Liability Litigation*, 680 F. Supp. 2d 780, 799 (E.D. La. 2010), the contractual economic loss rule "provides that parties in privity of contract are barred from bringing a tort

---

[4] At least one other Florida court has expressly adopted the reasoning in *Bennett* and dismissed a private nuisance claim based on defective drywall for the same reason. *See* "Order on Defendant Banner Supply Company Port St. Lucie, LLC's Motion to Dismiss First Amended Class Action Complaint," at 2-3, *In re: Chinese Drywall Litig.*, No. 10- 28090 (Fla. 17th Jud. Cir. Feb. 4, 2011) ("This Court finds Judge Kelley's ruling [in *Bennett*] to be persuasive in his finding that neither the case law nor the policy underpinnings of the nuisance doctrine support such a cause of action for private nuisance in this case.") (attached as **Exhibit D**).

action for economic damage, unless the economic damage is a result of a tort committed independently of the contractor breach[.]"

The Florida circuit court in *Bennett* applied the same rule in holding that the plaintiffs' tort claims against the defendant homebuilders were barred because "they [arose] out of the contracts entered with the defendant homebuilders." Order, at 3 (Exh. A). The same rule applies to the various tort claims (Counts I, II, III, XI, XII, and XIV) asserted against Paul Homes in this case by the Barrys, the Roys and the Runyons, since those Plaintiffs are indisputably in contractual privity with Paul Homes, and their tort claims derive from that same contractual relationships. *See* D.E. 4341-1, at Section II.A.1.

The second decision issued in the *Bennett* action, dated March 18, 2011, forecloses the **negligence** claims asserted against Paul Homes here. *See* Cmplt. ¶¶ 2640-2647. In what appears to be a case of first impression in Florida, the court in *Bennett* held that the homebuilders did not have a duty "to inspect, test or warn" the plaintiffs about the drywall in their homes. The court explained that where the purported defect is "latent," the law imposes no such duties "unless the product is inherently dangerous." Order, at 2 (Exh. B). Because even defective drywall does not fit into the narrow "inherently dangerous" category, the defendants in *Bennett* had no duty to inspect the drywall, to test it, or to warn the plaintiffs about it. *Id.*; *see* D.E. 4341-1, at Section II.A.2. The only way for the negligence claims to survive a motion to dismiss, the court held, was for the homeowners to allege "in good faith" that the defendants had "actual or implied notice of the defects in the Chinese manufactured drywall." Order, at 2 (Exh. B).

That ruling is fatal to the negligence claims asserted against Paul Homes. Because the purported drywall defects in Plaintiffs' homes were unquestionably latent (*see, e.g.,* Cmplt. ¶ 2611), the negligence claims cannot survive because Plaintiffs cannot allege that Paul Homes

had "actual or implied notice" of the alleged defects. The assertion that Paul Homes "knew or should have known" that the drywall would "harm" Plaintiffs (*id.* ¶ 2646) is merely a legal conclusion that cannot state a claim for relief under the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), particularly because Florida law expressly requires that allegations of knowledge in this context be made "in good faith." Order, at 2 (Exh. B).

Based on these dispositive Florida state court rulings, and the arguments and authorities set forth in Paul Homes' pending Motion to Dismiss, Paul Homes contends that all of the claims brought against Paul Homes should be dismissed with prejudice.

Dated: this _____ day of June, 2011

                              Respectfully submitted,

                              **AKERMAN SENTERFITT**

BY:      /s/ Stacy Bercun Bohm
         Stacy Bercun Bohm (Fla. Bar No. 022462)
         Valerie B. Greenberg. (Fla. Bar No. 26514
         Leslie Miller Tomczak (Fla. Bar No. 126489)
         Las Olas Centre II, Suite 1600
         350 East Las Olas Boulevard
         Fort Lauderdale, Florida 33301-2229
         Telephone: (954) 463-2700
         Telecopier: (954) 463-2224
         Email: stacy.bohm@akerman.com
                  valerie.greenberg@akerman.com
                  leslie.tomczak@akerman.com

**LEAD COUNSEL FOR DEFENDANT MANAGEMENT SERVICES OF LEE COUNTY, INC. F/K/A PAUL HOMES, INC.**

**LOCAL COUNSEL FOR DEFENDANT**
**MANAGEMENT SERVICES OF LEE COUNTY,**
**INC. F/K/A PAUL HOMES, INC.**
Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La. Bar No. 31309)
**Phelps Dunbar LLP**
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: Brent.barriere@phelps.com
　　　　Susie.morgan@phelps.com
　　　　Skylar.rosenbloom@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and exhibits have been served on Plaintiffs' Liaison Counsel, Russ Herman, at Herman, Katz & Coltar, LLP, 820 O'Keefe Avenue., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, at Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, LA 70163 (kmiller@frilot.com) by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this _____ day of June, 2011.

　　　　　　　　　　　　　　　　　　　　/s/   Stacy Bercun Bohm