## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL                MDL No. 02047
        PRODUCTS LIABILITY LITIGATION               SECTION L
                                                    JUDGE FALLON
                                                    MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

GROSS, *et al.* v.
KNAUF GIP KG, *et al.*,
Case No. 2:09-cv-09-6690 (E.D. La.)
_____/

## DEFENDANT, WOODLAND ENTERPRISES, INC.'S,
## NOTICE OF SUPPLEMENTAL AUTHORITY
## IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

Defendant, **Woodland Enterprises, Inc. ("Woodland")**, submits this Notice of

Supplemental Authority in Further Support of its Motion to Dismiss Plaintiff's Omnibus Class

Action Complaint in Intervention, with Prejudice [D.E. 4435] filed by plaintiff, **Veronica**

**Purcell** (the "Plaintiff").[1]  Through this Notice, Woodland informs the Court of two (2) recent

drywall decisions issued in the consolidated drywall proceedings in Florida's Fifteenth Judicial

Circuit, styled *Bennett v. Centerline Homes, Inc.*, No. 50 2009-CA-014458 (Fla. 15th Jud. Cir.)

(the "*Bennett* action").  The two decisions are: (1) a November 5, 2010 "Omnibus Order on

Pending Motions to Dismiss"; and (2) a March 18, 2011 "Omnibus Order on Plaintiffs'

_____

[1]      Plaintiff intervened in *Gross, et al. v. Knauf GIPS KG, et al.*, Case No. 09-6690, by virtue
of the Omnibus Class Action Complaint in Intervention (III) filed in *Mary Anne Benes, et. al., v.
Knauf GIPS KG, et. al.*. [D.E. 2187]  The Omnibus Class Action Complaint in Intervention (III)
shall be referred to herein as the "Complaint in Intervention", and cited to as "Intervention
Cmplt., p. _____."

Negligence Claims.[2] True and correct copies of each of these decisions are attached to this Notice as **Exhibits A** and **B**.

Like the MDL action pending before this Court, the *Bennett* action consolidates a number of drywall proceedings in which the plaintiffs allege that the defendants that constructed (or helped construct) their homes are liable for damages caused by defective Chinese drywall purportedly installed in the homes. And like this case, the *Bennett* action involves claims for negligence, strict liability and private nuisance under Florida law (Counts I, III and XI of the Complaint in Intervention).

Both of the rulings in the *Bennett* action are applicable here. In the first order, dated November 5, 2010, the Florida circuit court dismissed the plaintiffs' **strict liability** and private nuisance claims as a matter of law. The strict liability claim asserted against the homebuilders[3] failed for two independently sufficient reasons: (i) "only manufactures, and those in the distributive chain of a product, can be held strictly liable" for allegedly defective drywall, and homebuilders are not in the drywall chain of distribution; and (ii) drywall is not subject to strict liability because it is considered an improvement to real property, not a "product." *See* Order, at 7-9 (Exh. A).

Each of these arguments is presented in Woodland's Memorandum of Law in Support of its Motion to Dismiss [D.E. 4435-1, Section II.C], and each applies to Plaintiff's strict liability claim. Intervention Cmplt. ¶¶ 1475-1492. The *Bennett* action confirms that Woodland cannot be

---

[2]     Woodland is notifying the Court of these authorities through a supplemental filing because the decisions were issued *after* Woodland filed its Motion to Dismiss on July 16, 2010.

[3]     The *Bennett* action is a consolidated action that, like this omnibus proceeding, pits homeowners with allegedly defective drywall against multiple builders, installers and drywall suppliers.

subject to strict products liability because, as a "Developer/Builder" [Intervention Cmplt., ¶¶ 1335], Woodland obviously did not manufacture or distribute the drywall used in Plaintiff's home.  Further, because Florida law applies strict liability to products and not to "structural improvements" like drywall, Woodland cannot be held strictly liable for Plaintiff's alleged drywall damages.  *Accord Bissoon v. Centerline Homes Construction, Inc.*, No. 562010 CA 001463 (Fla. 19th Jud. Cir. Mar. 24, 2011) (granting builder's motion to dismiss: "[A]lthough Plaintiff[s'] strict liability claims do allege defective product distribution, permanent improvements to real property are not products for purposes of products strict liability actions.") (attached as **Exhibit C**).

The *Bennett* action also dismissed the homeowners' **private nuisance** count for failure to state a claim.  The court recognized, correctly, that "the doctrine of private nuisance is essentially a mechanism which protects the property rights of one land owner <u>from the unrestrained exercise of the property rights *of another*</u>."  Order, at 6 (Exh. A) (emphasis added).  Since Plaintiff's private nuisance claim is predicated on the assertion that conditions existing in "structures owned by <u>Plaintiffs</u>" (rather than structures owned by "another") are to blame, the private nuisance claims asserted here cannot survive.[4]  *See* Intervention Cmplt. ¶ 1555-1561 (emphasis added).

The second decision issued in the *Bennett* action, dated March 18, 2011, forecloses the **negligence** claims asserted against Woodland here.  *See* Intervention Cmplt. ¶¶ 1460-1467.  In what appears to be a case of first impression in Florida, the court in *Bennett* held that the

---

[4]     At least one other Florida court has expressly adopted the reasoning in *Bennett* and dismissed a private nuisance claim based on defective drywall for the same reason. *See* "Order on Defendant Banner Supply Company Port St. Lucie, LLC's Motion to Dismiss First Amended Class Action Complaint," at 2-3, *In re: Chinese Drywall Litig.*, No. 10- 28090 (Fla. 17th Jud. Cir. Feb. 4, 2011) ("This Court finds Judge Kelley's ruling [in *Bennett*] to be persuasive in his finding that neither the case law nor the policy underpinnings of the nuisance doctrine support such a cause of action for private nuisance in this case.") (attached as **Exhibit D**).

homebuilders did <u>not</u> have a duty "to inspect, test or warn" the plaintiffs about the drywall in their homes. The court explained that where the purported defect is "latent," the law imposes no such duties "unless the product is inherently dangerous." Order, at 2 (Exh. B). Because even defective drywall does not fit into the narrow "inherently dangerous" category, the defendants in *Bennett* had no duty to inspect the drywall, to test it, or to warn the plaintiffs about it. *Id.*; *see* D.E. 4435-1, at Section II.A. The <u>only</u> way for the negligence claims to survive a motion to dismiss, the court held, was for the homeowners to allege "in good faith" that the defendants had "actual or implied notice of the defects in the Chinese manufactured drywall." Order, at 2 (Exh. B).

That ruling is fatal to the negligence claim asserted against Woodland. Because the purported drywall defects in Plaintiff's home was unquestionably latent (*see, e.g.,* Intervention Cmplt. ¶ 1424), the negligence claim cannot survive because Plaintiff cannot allege that Woodland had "actual or implied notice" of the alleged defects. The assertion that Woodland "knew or should have known" that the drywall would "harm" Plaintiff (*id.* ¶ 1464) is merely a legal conclusion that cannot state a claim for relief under the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), particularly because Florida law expressly requires that allegations of knowledge in this context be made "in good faith." Order, at 2 (Exh. B).

Based on these dispositive Florida state court rulings, and the arguments and authorities set forth in Woodland's pending Motion to Dismiss, Woodland contends that all of the claims brought against Woodland should be dismissed with prejudice.

Dated: this _____ day of June, 2011

Respectfully submitted,

**AKERMAN SENTERFITT**

BY:  _____/s/ Stacy Bercun Bohm_____
Stacy Bercun Bohm (Fla. Bar No. 022462)
Valerie B. Greenberg. (Fla. Bar No. 26514)
Leslie Miller Tomczak (Fla. Bar No. 126489)
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301-2229
Telephone: (954) 463-2700
Telecopier: (954) 463-2224
Email:  stacy.bohm@akerman.com
          valerie.greenberg@akerman.com
          leslie.tomczak@akerman.com

**LEAD COUNSEL FOR DEFENDANT
WOODLAND ENTERPRISES, INC.**

**LOCAL COUNSEL FOR DEFENDANT
WOODLAND ENTERPRISES, INC.**
Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La. Bar No. 31309)
**Phelps Dunbar LLP**
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Telecopier:  (504) 568-9130
Email:  Brent.barriere@phelps.com
      Susie.morgan@phelps.com
      Skylar.rosenbloom@phelps.com

{F1783560;1}

5

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and exhibits have been served on Plaintiffs' Liaison Counsel, Russ Herman, at Herman, Katz & Coltar, LLP, 820 O'Keefe Avenue., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, at Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, LA 70163 (kmiller@frilot.com) by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this _____ day of June, 2011.

/s/   Stacy Bercun Bohm