UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL      MDL No. 02047
PRODUCTS LIABILITY LITIGATION     SECTION L
    JUDGE FALLON
    MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

KENNETH and BARBARA WILTZ, et al., *Plaintiffs v.*
BEIJING NEW BUILDING MATERIALS PUBLIC
LTD. CO., *et al., Defendants.*
Case No. 2:10-cv-00361 (E.D. La.)
_____/

## DEFENDANT, R. FRY BUILDERS, INC.'S,
## NOTICE OF SUPPLEMENTAL AUTHORITY
## IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

Defendant, **R. Fry Builders, Inc. ("Fry")**, submits this Notice of Supplemental Authority in Further Support of its Motion to Dismiss With Prejudice the Claims Brought Against it in the Wiltz Omnibus Class Action Complaint in Intervention (II(C))[1] [D.E. 7702] served by intervening plaintiff, **Howell Q. Heath, Jr.** (the "Plaintiff"). Through this Notice, Fry informs the Court of the recent Omnibus Order on Plaintiffs' Negligence Claims issued on March 18, 2011,[2] in the consolidated drywall proceedings in Florida's Fifteenth Judicial Circuit, styled *Bennett v. Centerline Homes, Inc.*, No. 50 2009-CA-014458 (Fla. 15th Jud. Cir.) (the

---

[1] The Plaintiff intervened in *Wiltz, et al. v. Beijing New Building Materials Public Ltd. Co., et al.*, Case No. 10:361 (E.D.La.) [D.E. 1747], by virtue of the Omnibus Class Action Complaint in Intervention (II(C)) filed by *Clifford Abromatts and Janice Worobec, et al.*, on or about December 15, 2010, [D.E. 7182]. The Wiltz Amended Omnibus Class Action Complaint (Omni II) shall hereinafter be referred to as the "Omnibus Complaint" and cited to herein as "Cmplt., p ____". The Omnibus Class Action Complaint in Intervention (II(C)), shall be cited to herein as "Intervention Cmplt., p. ___."

[2] As set forth in Fry's Memorandum of Law in Support of its Motion to Dismiss [D.E. 7702-1, Section II.C], the Fifteenth Judicial Circuit in the *Bennett* action also issued a November 5, 2010 "Omnibus Order on Pending Motions to Dismiss" which forecloses Plaintiff's strict liability (Count III) and Private Nuisance (Count IX) claims.

{F1783534;1}

"*Bennett* **action**").[3] A true and correct copy of the decision is attached to this Notice as **Exhibit A.**

Like the MDL action pending before this Court, the *Bennett* action consolidates a number of drywall proceedings in which the plaintiffs allege that the defendants that constructed (or helped construct) their homes are liable for damages caused by defective Chinese drywall purportedly installed in the homes. And like this case, the *Bennett* action involves claims for negligence under Florida law (Count I of the Omnibus Complaint).

The ruling in the *Bennett* action is applicable here,[4] and forecloses Plaintiff's **negligence** claim. *See* Cmplt. ¶¶ 782-789. In what appears to be a case of first impression in Florida, the court in *Bennett* held that the homebuilders did not have a duty "to inspect, test or warn" the plaintiffs about the drywall in their homes. The court explained that where the purported defect is "latent," the law imposes no such duties "unless the product is inherently dangerous." Order, at 2 (Exh. A). Because even defective drywall does not fit into the narrow "inherently dangerous" category, the defendants in *Bennett* had no duty to inspect the drywall, to test it, or to warn the plaintiffs about it. *Id.*; *see* D.E. 7702-1, at Section II.B. The only way for the negligence claims to survive a motion to dismiss, the court held, was for the homeowners to allege "in good faith" that the defendants had "actual or implied notice of the defects in the Chinese manufactured drywall." Order, at 2 (Exh. A).

This ruling is fatal to the negligence claims asserted against Fry in this case. Because the

---

[3]  Fry is notifying the Court of this authority through a supplemental filing because the decision was issued *after* Fry filed its Motion to Dismiss on February 23, 2011.

[4]  The *Bennett* action is a consolidated action that, like this omnibus proceeding, pits homeowners with allegedly defective drywall against multiple builders, installers and drywall suppliers.

purported drywall defects in Plaintiff's home was unquestionably latent (*see, e.g.,* Cmplt. ¶ 811), the negligence claim cannot survive because Plaintiff cannot allege that Fry had "actual or implied notice" of the alleged defects. The assertion that Fry "knew or should have known" that the drywall would "harm" Plaintiff (*id.* ¶ 788) is merely a legal conclusion that cannot state a claim for relief under the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), particularly because Florida law expressly requires that allegations of knowledge in this context be made "in good faith." Order, at 2 (Exh. A).

Based on this dispositive Florida state court ruling, and the arguments and authorities set forth in Fry's pending Motion to Dismiss, Fry contends that all of the claims brought against Fry should be dismissed with prejudice.

Dated: this _____ day of June, 2011

        Respectfully submitted,

        **AKERMAN SENTERFITT**

BY:    /s/ Stacy Bercun Bohm
      Stacy Bercun Bohm (Fla. Bar No. 022462)
      Valerie B. Greenberg. (Fla. Bar No. 26514
      Leslie Miller Tomczak (Fla. Bar No. 126489)
      Las Olas Centre II, Suite 1600
      350 East Las Olas Boulevard
      Fort Lauderdale, Florida 33301-2229
      Telephone: (954) 463-2700
      Telecopier: (954) 463-2224
      Email: stacy.bohm@akerman.com
             valerie.greenberg@akerman.com
             leslie.tomczak@akerman.com

      **LEAD COUNSEL FOR DEFENDANT R. FRY BUILDERS, INC.**

LOCAL COUNSEL FOR DEFENDANT
R. FRY BUILDERS, INC.
Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La. Bar No. 31309)
**Phelps Dunbar LLP**
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email:  Brent.barriere@phelps.com
         Susie.morgan@phelps.com
         Skylar.rosenbloom@phelps.com

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and exhibits have been served on Plaintiffs' Liaison Counsel, Russ Herman, at Herman, Katz & Coltar, LLP, 820 O'Keefe Avenue., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, at Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, LA 70163 (kmiller@frilot.com) by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this _____ day of June, 2011.

/s/  Stacy Bercun Bohm