UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL   MDL NO. 09-2047
 PRODUCTS LIABILITY LITIGATION        SECTION: L
                                      JUDGE FALLON
                                      MAG. JUDGE
                                      WILKINSON

****************************************************

OMNI II--KENNETH AND BARBARA WILTZ, et al. vs. BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO, et al.;
CASE NO. 2010 CV 361

OMNI III-- DAVID GROSS, et al. vs. KNAUF GIPS KG, et al.;
CASE NO. 09-6690

OMNI VII-- KENNETH ABEL, et al.. vs. TAISHAN GYPSUM, et al.;
CASE NO. 11-080

## MOTION TO DIMISS

**NOW INTO COURT**, through undersigned counsel, comes defendant, Venture Supply, Inc., who moves this Honorable Court to issue an Order dismissing the claims of the plaintiffs under Fed. R. Civ. Proc. Rule 12 (b)(2) and (3).  This Motion to Dismiss relates to and renews previously filed Motions to Dismiss in all three above-styled matters, seeking dismissal of the claims of all plaintiffs as to Defendant, Venture Supply.  (See Rec. Docs. 785, 2857 and 8233).

Venture Supply, Inc. is not subject to, nor have they submitted to, the jurisdiction of this Court, and the Eastern District of Louisiana is an improper venue for the proceedings against

1

Venture Supply, Inc. Notwithstanding these facts, Plaintiffs have recently filed a Motion for Class Certification against Venture Supply. (See Rec. Doc. 8809-4). Therefore, Defendant, Venture Supply, files its Motion to Dismiss once more, urging this Court to first address the issue of jurisdiction as to Venture Supply.[1]

**WHEREFORE**, defendant, Venture Supply, Inc., prays that its Motion to Dismiss pursuant to Fed. R. Civ. Pro. Rule 12 be granted, and that this Honorable Court dismiss the plaintiffs' claims against Venture Supply, Inc. as this Court does not have personal jurisdiction

---

[1] The personal jurisdiction issue must be tackled first because this Court cannot rule on Venture Supply's other arguments if personal jurisdiction is lacking. *See Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 n. 6 (11th Cir.1999) (federal court confronting both Rule 12(b)(2) and Rule 12(b)(6) motions should consider personal jurisdiction issue first because court without personal jurisdiction is powerless to take further action); *Read v. Ulmer,* 308 F.2d 915, 917 (5th Cir.1962) ( "It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss."); *see also Arrowsmith v. United Press Int'l,* 320 F.2d 219, 221 (2d Cir.1963). This is especially true considering the fact that matters affecting the court's jurisdiction over a case also affect the court's jurisdiction over the motion for class certification. *See Banks v. Secretary of Indiana Family & Social Servs*. *Administration*, 790 F.Supp. 1427, 1430 (D.C. Ind. 1992) affirmed on other grounds, 997 F.2d 231 (7th Cir. 1993) (noting that motions contesting jurisdiction were filed prior to motion for class certification, and the fact that arguments raised in the motions contesting jurisdiction intertwine extensively with arguments in motion for class certification). Finally, the MDL court has no personal jurisdiction over the defendant in a direct-filed MDL suit where the court in which the MDL court is sitting would not have personal jurisdiction over the defendant. *See In re Heartland Payment Systems, Inc. Customer Data Sec. Breach Litigation*, 2011 WL 1232352 (S.D. Tex. 2011) at *3-4. (citing *In re Papst Licensing GMBH & Co. KG Litig.,* 602 F.Supp.2d 10, 14 (D.D.C.2009); *In re Sterling & Foster Co. Secs. Litig.,* 222 F.Supp.2d 289, 300 (E.D.N.Y.2002); *ClassicStar Mare Lease,* 2008 WL 3077732 (E.D. Ky. 2008) at *4.

over Venture Supply, Inc., and the Eastern District of Louisiana is an improper venue for any claims against Venture Supply, Inc.

        Respectfully submitted,
/s/   Brett M. Bollinger_____
Brett M. Bollinger, LSBA #24303
Mark W. Verret, LSBA #23853
Jeffrey S. Valliere, LSBA #31346
Allen & Gooch
3900 North Causeway Boulevard
One Lakeway, Suite 1450
Metairie, Louisiana 70002
Telephone:  (504) 836-5285
Facsimile:   (504) 836-5289
Attorneys for Venture Supply, Inc.

And

Mark C. Nanavati, Esq. (VSB #38709)
Kenneth F. Hardt, Esq. (VSB #23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mille Drive
Midlothian, Virginia 23114
Telephone: (804) 378-7600
Facsimile:  (804) 378-2610
Attorneys for Venture Supply, Inc.

**C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of June, 2011.

        /s/   Brett M. Bollinger\_\_\_
          Brett Bollinger