# NOTICE EXHIBIT B



IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

MARLENE BENNETT,

    Plaintiff,

vs.

CENTERLINE HOMES INC., et al.,

    Defendants.
_____/

CASE NO. 502009CA014458
Civil Division "AA" Chinese Drywall

## OMNIBUS ORDER ON PLAINTIFFS' NEGLIGENCE CLAIMS

The court has under consideration the homebuilder defendants' Omnibus Motion to Dismiss Plaintiff Homeowners' Negligence Claims. The installer and supplier defendants have each filed amicus briefs in support of the homebuilders' motion. The issue now before the court has been fully briefed, and was argued at the case management conference held on February 25, 2011. Having reviewed the submissions of the parties, and having heard the argument of counsel, the court makes the following findings.

The issue before the court is whether the plaintiffs can state a claim for negligence against any of the defendants (homebuilders, installers or suppliers). Each class of defendant argues that a claim sounding in negligence is not available to the plaintiffs as there was no duty to protect the plaintiffs from an unknown and unforeseeable harm. All parties concede that the issue of whether a duty exists in a negligence action is a question of law. *Michael & Phillip, Inc. v. Sierra*, 776 So.2d 294, 296 (Fla. 4th DCA 2000).

The court will first address whether there exists a general duty to inspect or test the Chinese manufactured drywall for a latent defect, or to warn homeowners of the existence of a latent defect in the drywall. It appears clear that such a duty does not exist here.

1

Florida law does not impose a duty to inspect a product for a latent defect, or to warn others about a latent defect, unless the product is inherently dangerous. *See Mendez v Honda Motor Co.*, 738 F.Supp. 481 (S.D. Fla. 1990); *K-Mart Corp. v. Chairs, Inc.*, 506 So.2d 7, 8 n. 3 (Fla. 5th DCA 1987) (retailers have no duty to inspect for latent defects.), *review denied*, 513 So.2d 1060 (Fla.1987); *Dayton Tire and Rubber Co. v. Davis*, 348 So.2d 575, 582 (Fla. 1st DCA 1977) (No duty to warn or inspect unless inherently dangerous.), *quashed on other grounds*, 358 So.2d 1339 (Fla.1978); *Odum v. Gulf Tire and Supply Company*, 196 F.Supp. 35 (N.D.Fla.1961). A product is inherently dangerous if it is "burdened with a latent danger which derives from the very nature of the article itself." *Tampa Drug Co. v. Wait*, 103 So.2d 603, 608 (Fla.1958). Chinese manufactured drywall, while apparently defective, cannot be categorized as inherently dangerous.

To the extent the plaintiffs seek to state a claim sounding in negligence based on a general duty to inspect, test or warn, such a claim is not available. However, this does not end the inquiry. The defendants, in any class, could be held liable in negligence if they had actual or implied notice of the defect in the Chinese manufactured drywall. *Carter v. Hector Supply Co.*, 128 So.2d 390, 392 (Fla. 1961); *Ryan v. Atlantic Fertilizer & Chemical Co.*, 515 So.2d 324, 326 (Fla. 3rd DCA 1987).

Notice must be determined on an individual, case by case, basis. The court cannot, therefore, hold that all negligence claims are barred on an omnibus basis. To the extent the plaintiffs can, in good faith, plead notice against an individual defendant in a specific case, such a claim will survive a motion to dismiss.

2

The court is cognizant of the fact that as to certain defendants, the plaintiffs have not pled notice. If not amended, these claims will be dismissed.[1] To the extent the plaintiffs have alleged notice in individual cases, negligence claims in these cases will survive dismissal at this stage.

Based on the foregoing, it is hereby,

**ORDERED AND ADJUDGED** that the defendants' omnibus motion to dismiss the plaintiffs' negligence claims is granted, in part, and denied, in part. Any claim based on a general duty to test or inspect for, or to warn of, a latent defect in Chinese manufactured drywall will be dismissed. Claims based on actual or implied notice of the defect will not be dismissed. This order is being entered on an omnibus basis and will be applied to individual cases as required.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida this __18th__ day of March, 2011

JUDGE GLENN D. KELLEY
CIRCUIT COURT JUDGE

Copies furnished to:

Plaintiffs' Liaison Counsel, C. David Durkee, Esq., 121 Alhambra Plaza, Suite 1603, Coral Gables, FL 33134; Defendants' Liaison Counsel, Todd R. Ehrenreich, Esq. and Michael A. Sexton, Esq., 2601 S. Bayshore Drive, Suite 850, Miami, FL 33133; and for distribution to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with the Electronic Service Order entered in this case.

---

[1] In such cases, the Plaintiffs will need to determine whether there is a good faith basis to allege notice.

3