## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE MANUFACTURED DRYWALL** | :MDL NO. 2047 |
| **PRODUCTS LIABILITY LITIGATION** | :Section L |
| _____ | : |
| **This Document Relates to** | :JUDGE FALLON |
| **Germano, et al. v. Taishan Gypsum Co.,** | :MAG. JUDGE WILKINSON |
| **Ltd. f/k/a Shandong Taihe Dongxin Co.** | |
| **Ltd., et al. Case No. 2:09-cv-6687 (E.D. La.)** | |

### VENTURE SUPPLY, INC.'s MEMORANDUM
### IN OPPOSITION TO THE PSC's MOTION
### TO LIFT STAY AND ENTER A SCHEDULING ORDER
### RELATING TO CLASS CERTIFICATION MOTION

Venture Supply, Inc. ("Venture"), by counsel, submits the following memorandum in

opposition to the Plaintiffs Steering Committee's ("PSC") motion to lift stay and for a scheduling

order (Docket No. 9549) with respect to Plaintiffs' Motion for Class Certification of Plaintiffs'

Claims for Damages Against Venture Supply (the "Motion for Class Certification") (Referenced

by the PSC as Docket No. 8829)[1].

---

[1] The Motion for Class Certification was filed in the following actions: *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 2:09-cv-6687 (E.D.La.); *Wiltz, et al v. Beijing New Building Materials Public Limited Co., et al.,* Case No. 2:10-cv- 361 (E.D.La.); *Gross, et al v. Knauf Gips, KG, et al.,* Case No. 2:09-6690 (E.D.La.); *Abel, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No. 2:11-080 (E.D.La.); and *Hinkley, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 2:09-cv-06686 (E.D.La.). Venture has filed motions to dismiss the "direct-filed" actions of *Wiltz*, *Gross* and *Abel*, because this Court lacks personal jurisdiction over Venture. Venture will file a separate memorandum addressing the *Hinkley* action.

By joining these separate actions in its Motion for Class Certification, it is not clear what the PSC is seeking, although the Motion seeks to certify a class of Virginia, Georgia, Alabama and North Carolina plaintiffs. Other than the "direct-filed" actions, there is no class action filed against Venture involving Georgia or Alabama residents, and it is somewhat doubtful that one could be. As of the date of this memorandum, Venture is only a defendant in one action in Georgia and two actions in Alabama. *Germano* is solely a Virginia-resident class-action against Venture and *Hinkley* is solely a North Carolina-resident class-action.

In addition, there is some question whether this Court can certify a "damages" class action against Venture, and, in effect, become the trial judge on the issue of damages. Generally, Lexecon In. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998)(recognizing requirement that 28 U.S.C. § 1407 requires remand to transferor court at the conclusion of pretrial proceedings). A proceeding with experts and fact witnesses as to the appropriate

## SUMMARY OF ISSUE

The law is well settled that an Article III federal court, with limited constitutional and statutory jurisdiction, must address its subject matter jurisdiction at the outset, before considering other issues raised in a case:

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause…This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.  The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception.
>
> ….
>
> While some of the above cases must be acknowledged to have diluted the absolute purity of the rule that Article III jurisdiction is always an antecedent question, none of them even approaches approval of a doctrine of "hypothetical jurisdiction" that enables a court to resolve contested questions of law when its jurisdiction is in doubt.  Hypothetical jurisdiction produces nothing more than a hypothetical judgment – which comes to the same thing as an advisory opinion, disapproved by this Court from the very beginning.  Much more than legal niceties are at stake here.  The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining a court from acting at certain times, and even restraining them from acting permanently regarding certain subjects.

Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 93, 101 (1998)(citations omitted).

---

damages to be awarded, should liability be established, does not seem to be contemplated as a "pretrial proceeding" and is more akin to an actual trial with findings.  Venture does not consent to trial in the transferee Court and would suggest that such proceedings be the subject of the Court's suggestion to the MDL Panel of remand to Virginia.

In the Germano action, the Court's subject matter jurisdiction is at issue and has been at issue since the first filing of responsive pleadings to the Amended Complaint in the U.S. District Court for the Eastern District of Virginia. Even if it had not been raised by a party, however, or even if it had been conceded by the parties, an Article III Court is duty-bound to inquire into its subject matter jurisdiction even *sua sponte*. Id. at 96.

The key issue involving this Court's subject matter jurisdiction is the personal jurisdiction motion raised by Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan")[2]. As explained in numerous pleadings filed in this Court in this matter[3], should the Court not have personal jurisdiction in this Virginia-filed action against Taishan, then the Court lacks subject matter jurisdiction.

Accordingly, before proceeding with any matters relating to the Germano action, including the PSC's motion for class certification, the Court should satisfy itself that it has constitutional and statutory authority to act at all in the case.

As this Court is aware, the parties are proceeding with jurisdictional discovery relating to Taishan. This Court recently issued a Minute Entry Order setting forth the background of the Taishan jurisdictional issue and the current status of discovery. (Docket No. 9524). Pursuant to that Order, the parties are to initially deal with the written discovery and document issues and have them agreed to or set for hearing by July 25, 2011. By late August, early September, 2011, the parties are to determine a number of procedural issues with respect to further depositions which will be conducted with the Court presiding in November or December, 2011.

Counsel for Venture is actively working with the PSC and other interested parties to comply with this Court's order on Taishan jurisdictional discovery, and will report more on these

---

[2] See e.g., Docket Nos 5515, and 6101.
[3] See e.g., Docket Nos 462, 516, 522 and 524.

efforts at the next telephone status conference with the Court on these issues set for June 23, 2011.

Accordingly, any motion relating to <u>Germano</u>, which relies at the outset on the resolution of this jurisdictional issue, should be deferred until such time as the jurisdictional discovery is concluded and the issue of personal jurisdiction, and this Court's subject matter jurisdiction, is ripe for consideration by the Court.

## BACKGROUND

The <u>Germano</u> action was filed in the United States District Court for the Eastern District of Virginia, Norfolk, Virginia.  The jurisdictional basis for that action was the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), which relies solely on the presence of Taishan as a defendant.[4]

Venture has consistently raised an objection to proceeding with the <u>Germano</u> action based upon the question of subject matter jurisdiction.  In addition, other defendants in the <u>Germano</u> action have raised the subject matter jurisdiction of the federal courts in their various filings in either the Eastern District of Virginia, or before the MDL Panel when considering the Conditional Transfer Order.

However, whether raised by the parties or  not, the issue is whether a Court, when faced with a suggestion that it may lack subject matter jurisdiction, may proceed to address other legal issues in the case prior to determining at the outset whether it, in fact, has jurisdiction.  Because

---

[4] The other parties in the <u>Germano</u> action are all citizens, domiciliaries, and residents of the Commonwealth of Virginia.  Under the law prior to the Class Action Fairness Act of 2005, the lack of complete diversity would divest this Court of jurisdiction.  However, arguably under that Act, a court would have jurisdiction because Taishan had been named as a defendant in another class action suit within three years of the filing of the <u>Germano</u> complaint. 28 U.S.C. § 1332 (d)(4)(A)(ii)(exception to circumstance in which Court should decline jurisdiction).   What is interesting, however, is that according to an affidavit submitted by Taishan, Taishan's only sale to a customer in the United States was to Venture. (See declaration of Jai Tongchun, ¶ 38, attached as an Exhibit to Docket No. 5515.) Accordingly, whether it is actually a proper party to the remaining class actions filed against it remains to be seen.

the case law seems fundamentally clear that it may not do so, Venture and PB respectfully object to other proceedings in <u>Germano</u> prior to determination of jurisdiction.

<b>ARGUMENT</b>

As noted above, the Supreme Court has been fairly clear that a federal court must make an inquiry into and be satisfied with its subject matter jurisdiction before conducting other matters relating to that case.  For example, in <u>United States Catholic Conference v. Abortion Rights Mobilization</u>, 487 U.S. 72 (1988), a non-party to the proceedings was issued subpoenas for various information, and was found in contempt for failing to comply. The non-party challenged the subject matter jurisdiction of the Court over the underlying action even though the parties to the proceeding had not raised any such issue.

Ruling that a non-party had such a right to raise the issue, the Court noted that if the District Court lacked subject matter jurisdiction, then the process of issuing the subpoenas would be void and an order of civil contempt on those subpoenas would be reversed.

> The challenge in this case goes to the subject-matter jurisdiction of the court and hence is power to issue the order.  The distinction between subject-matter jurisdiction and waivable defenses is not a mere nicety of legal metaphysics.  It rests instead on the central principle of a free society that courts have finite bounds of authority, some of constitutional origin, which exists to protect citizens from the very wrong asserted here, the excessive use of judicial power.  The courts, no less than the political branches of the government, must respect the limits of their authority.

<u>Id.</u> at 76.

Even if the parties themselves fail to raise jurisdictional issues or even if they concede jurisdiction, the Court itself must inquire into its subject matter jurisdiction.  "Even if neither of these questions are pressed by the defendant in this case, yet, where the jurisdiction of the court depends upon the existence of certain conditions, as does the jurisdiction of this court, it is

5

incumbent upon the court, especially in a cause involving the adjudication of public questions, to

see that those conditions exist, whether or not the parties to the cause may waive objection or

acquiesce in the statement that those conditions do exist." Gaines v. Baltimore & C.S.S. Co., 234

F. 786, 789 (E.D.S.C. 1916); see also, Mission Insurance Company v. Brown, 207 F. Supp. 818,

819-20 (W.D. Mo. 1962)("This Court is required to raise all questions of jurisdiction, including

the presence or absence of jurisdictional amount, on its own motion should the parties fail so to

do. Cf. Canadian Indemnity Co. v. Republic Indemnity Co., (9th Cir., 1955), 222 F.2d 601. See

also Kaufman v. Liberty Mutual Ins. Co., (3rd Cir., 1957), 245 F.2d 918.").  See also generally,

California v. LaRue, 409 U.S. 109, 112n.3 (1972); Basso v. Utah Power & Light, 495 F.2d 906,

909 (10th Cir. 1974).

      The Fourth Circuit Court of Appeals, which will eventually control this action upon

remand, is just as clear on this issue as is the Supreme Court:

> It is a fundamental precept that federal courts are courts of limited
> jurisdiction, constrained to exercise only the authority conferred by
> Article III of the Constitution and affirmatively granted by federal
> statute.  A primary incident of that precept is our duty to inquire,
> *sua sponte*, whether a valid basis for jurisdiction exists, and to
> dismiss the action if no such ground appears.  Litigants in federal
> courts have a corresponding right to challenge subject matter
> jurisdiction at any time, including on direct appeal.

In re: Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998); accord, Bender v. Williamsport

Area School District, 475 U.S. 534, 541 (1986).

      This well settled law is recognized in the Manual for Complex Litigation, which the

Court has said will guide it in handling the current MDL:

> Efficiency and economy are strong reasons for a court to resolve
> challenges to personal or subject-matter jurisdiction before ruling
> on certification. The judge should direct counsel to raise such
> challenges before filing motions to certify. Similarly, courts should

> rule early on motions to dismiss, challenging whether the plaintiffs
> have stated a cause of action. Early resolution of these questions
> may avoid expense for the parties and burdens for the court and
> may minimize use of the class action process for cases that are
> weak on the merits.

Manual for Complex Litigation, 4th Edition, section 21.133.

Other Courts considering matters consolidated as MDLs recognize that jurisdictional

issues are often presented and need to be decided first.

> "Because there 'exists a strong policy to conserve judicial time and
> resources,' we have held that 'preliminary matters such as . . .
> personal jurisdiction . . . should be raised and disposed of before
> the court considers the merits or quasi-merits of a controversy.'"
> Bel-Ray Co. v. Chemrite (PTY) Ltd., 181 F.3d 435, 443 (3d Cir.
> 1999) (quoting Wyrough & Loser, Inc. v. Pelmor Labs., Inc., 376
> F.2d 543, 547 (3d Cir. 1967)).

In Re: Diet Drugs, 282 F.3d 220, 229 (3rd Cir. 2002); see also, Financial Institution Track

Litigation v. Heartland Bank, 2011 U.S. Dist. LEXIS 34953 (So. Dist. Tx 2011)("Alleged

defects in personal jurisdiction are not unique to direct-filed cases in the MDL context. See, e.g.,

ClassicStar Mare Lease Litig., 2008 U.S. Dist. LEXIS 61161, 2008 WL 3077732, at *4

(dismissing a case transferred under § 1407 for lack of personal jurisdiction)").

Accordingly, in the present action the duty of an Article III Court is clear.  Under the

Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), the sole jurisdictional issue is whether a

Court sitting in the Commonwealth of Virginia could exercise personal jurisdiction over Taishan

relating to the sales of drywall to Venture or its general activities in Virginia.  If not, this Court

would lack subject matter jurisdiction and everything done in Germano would be void.  It would

make no sense to conduct the lengthy discovery suggested by the PSC on a class certification

motion and hold substantive hearings on whether the action is appropriate for class certification

prior to this determination.

Therefore, the stay of the Pre-Trial Orders in this matter should not be lifted and a scheduling order should not be entered at this time but should be deferred until after the parties finish conducting jurisdictional discovery and the issue of jurisdiction is ripe for this Court's determination.

**WHEREFORE**, Venture respectfully requests that the PSC's motion be denied or deferred to a later time.

This the 20th day of June, 2011.

Respectfully submitted,

By: _____/s/_____

Mark C. Nanavati, Esquire (VSB #38709)
Kenneth F. Hardt, Esquire (VSB # 23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 378-7600 ext. 3311 or 3316
(804) 378-2610 (fax)
khardt@snllaw.com
mnanavati@snllaw.com
*Attorneys Venture Supply Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Notice of Appearance and Request for Service of All Documents and Pleadings has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 20th day of June, 2011.

_____/s/_____

Kenneth F. Hardt