IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | :MDL NO. 2047 :Section L : |
| This Document Relates to | :JUDGE FALLON :MAG. JUDGE WILKINSON |

Curtis Hinkley, et al. v. Taishan Gypsum Co. Ltd., et al. Case No. 2:2009-cv-06686 (E.D. La.)

### VENTURE SUPPLY, INC.'s MEMORANDUM IN OPPOSITION TO THE PSC's MOTION TO LIFT STAY AND ENTER A SCHEDULING ORDER RELATING TO CLASS CERTIFICATION MOTION

Venture Supply, Inc. ("Venture"), by counsel, submits the following memorandum in opposition to the Plaintiffs Steering Committee's ("PSC") motion to lift stay and for a scheduling order (Docket No. 9549) with respect to Plaintiffs' Motion for Class Certification of Plaintiffs' Claims for Damages Against Venture Supply (the "Motion for Class Certification") (Referenced by the PSC as Docket No. 8829)[1].

### ARGUMENT

---

[1] The Motion for Class Certification was filed in the following actions: *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 2:09-cv-6687 (E.D.La.); *Wiltz, et al v. Beijing New Building Materials Public Limited Co., et al.*, Case No. 2:10-cv- 361 (E.D.La.); *Gross, et al v. Knauf Gips, KG, et al.*, Case No. 2:09-6690 (E.D.La.); *Abel, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 2:11-080 (E.D.La.); and *Hinkley, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 2:09-cv-06686 (E.D.La.). Venture has filed motions to dismiss the "direct-filed" actions of *Wiltz*, *Gross* and *Abel*, because this Court lacks personal jurisdiction over Venture. Venture will file a separate memorandum addressing the *Germano* action.

By joining these separate actions in its Motion for Class Certification, it is not clear what the PSC is seeking, although the Motion seeks to certify a class of Virginia, Georgia, Alabama and North Carolina plaintiffs. Other than the "direct-filed" actions, there is no class action filed against Venture involving Georgia or Alabama and it is somewhat doubtful that one could be. As of the date of this memorandum, Venture is only a defendant in one action in Georgia and two actions in Alabama. *Germano* is solely a Virginia-resident class-action against Ventureaand *Hinkley is solely a North Carolina-resident class-action.* this memorandum, Venture is only a *Hinkley* is solely a North Carolina-resident class-action.

1

The Hinkley action was filed in the United States District Court for the Eastern District of North Carolina, Northern Division, Civil Action No.: 2:09cv25. The jurisdictional basis for that action according to the Complaint was the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). (Complaint, ¶ 1).

While there are three named Plaintiffs to the action, all three Plaintiffs have an interest in only one house in North Carolina. (Complaint, ¶ 3). According to Venture's records, previously produced to the PSC, apparently drywall imported from China ("CDW") was delivered to only 15 total homes in North Carolina. The PSC has been fairly consistent with actions against Venture and have typically filed an individual suit against Venture on behalf of clients who have retained the PSC. There have been no individual suits filed against Venture on behalf of any North Carolina homeowner. In addition, to the best of Venture's knowledge, no other homeowner in North Carolina who may have CDW imported by Venture has joined in any class action filed by the PSC. Accordingly, it seems sound to suggest that the PSC has a one homeowner "class" of North Carolina residents. Even the PSC in its Class Certification Motion notes that the "class" of North Carolina residents is at the most 15.

Accordingly, the numerousity required by the Class Action Fairness Act of 2005 can never be satisfied, 28 U.S.C. § 1332(d)(5)(B) (less than 100 plaintiffs), nor, with at the most 15 homes, can the $5 million requirement of that Act be satisfied. 28 U.S.C. § 1332(d)(2). To the extent the PSC relies upon potential general Federal Court jurisdiction, the 15 potential plaintiff-homeowners (only 1 retained plaintiffs-homeowner), who can be and probably have been identified by the PSC, could never meet the numerousity requirement of Federal Rules of Civil Procedure, Rule 23(a)(1). Generally, Garcia v. Gloor, 618 F.2d 264, 267 (5th Cir. 1980) cert. denied, 449 U.S. 1113 (1981)(a total of 31 plaintiffs readily identified does not meet the

numerousity requirements); <u>Bourdais v. City of New Orleans</u>, 1999 U.S. Dist. LEXIS 14625; 81 Fair Empl. Prac. Cas. (BNA) 93 (E.D. La. 1999)(40 to maybe 50 plaintiffs not sufficient).

Accordingly, lifting the stay when the PSC's motion itself shows that the *Hinkley* action alone can never be a class-action is futile.

**WHEREFORE**, Venture respectfully requests that the PSC's motion be denied.

This the 20th day of June, 2011.

Respectfully submitted,

By: _____/s/_____

Mark C. Nanavati, Esquire (VSB #38709)
Kenneth F. Hardt, Esquire (VSB # 23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 378-7600 ext. 3311 or 3316
(804) 378-2610 (fax)
khardt@snllaw.com
mnanavati@snllaw.com
*Attorneys Venture Supply Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Appearance and Request for Service of All Documents and Pleadings has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 20th day of June, 2011.

_____/s/_____

Kenneth F. Hardt