### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED          )
      DRYWALL PRODUCTS               )          MDL NO. 2047
      LIABILITY LITIGATION           )
                                     )
THIS DOCUMENT RELATES TO:            )          SECTION: L
                                     )
Hobbie, et al.  v.                   )          JUDGE FALLON
RCR Holdings II, LLC, et al.,        )
No. 10-1113                          )
                                     )          MAG. JUDGE WILKINSON
                                     )

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF SCHEDULING ORDER

      Plaintiff Wendy Lee Hobbie, on behalf of herself and the 140 named plaintiffs on the

Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.,* No. 10-1113 (E.D.

La.)(collectively, "Plaintiffs"), hereby move the Court for entry of the Proposed Scheduling

Order attached hereto as Exhibit A.  In support of this motion, Plaintiffs state as follows:

      1.      Plaintiffs previously filed a Motion for Entry of Scheduling Order.  Document

No. 8887,  May 24, 2011.  Defendants Banner Supply Co., Banner Supply Company of

Pompano, LLC, Banner Supply Company of Fort Meyers, LLC and Banner Supply Company of

Tampa, LLC (collectively "Banner") filed a Response in Opposition, as did Defendant Precision

Drywall, Inc., Defendants La Suprema Enterprise, Inc and La Suprema Trading, Inc.

(collectively, "La Suprema") and Defendant Coastal Construction Group of South Florida, Inc.

("Coastal Construction").

{00407983.DOC}

2.      The Court conducted a hearing on Plaintiffs' Motion on June 14, 2011, and subsequently denied Plaintiffs' motion "but with direction to the parties to conduct discovery and file motions to resolve the disputed claims." Minute Entry, Document 9525 at 1 (June 6, 2011). The Court further ordered the parties to provide a proposal for doing so and, in the event the parties could not agree, to submit competing proposals. *Id.*

3.      The parties met on two occasions telephonically and exchanged proposed Scheduling Orders.  However, the parties were unable to agree on a proposal.

4.      Plaintiffs therefore submit their Proposed Scheduling Order, attached hereto as Exhibit A.  Plaintiffs' proposal contemplates the identification of key issues and limited discovery and briefing related to those issues.  Plaintiffs' Proposed Scheduling Order further contemplates the selection of a limited number of plaintiffs as "test" cases.

5.      *Identified Issues:* The parties agree that there are at least two issues the early resolution of which would advance this case: 1) the Economic Loss Rule; and 2) product identification.  Plaintiffs also believe that the ultimate resolution of this case would be advanced if motions were filed directed at Plaintiffs' contract and statutory causes of action, i.e., Breach of Warranty of Fitness, Violations of Florida Building Code, and directed at RCR Holdings II's Third Party Complaint against Arch Insurance Company for Breach of Contract.  Defendants have identified jurisdiction as a key issue and have argued that the Court should exercise its discretion under 28 U.S.C. §1332(d)(3) and decline to exercise its jurisdiction.  However, because remand would necessarily split plaintiffs' claims between this Court and a Florida Superior Court, and multiple class actions have been filed against Defendant Banner asserting similar claims, the discretionary factors weigh heavily against remand.  Further, briefing and discovery on this issue is likely to delay, rather than advance, the ultimate resolution of this

matter, regardless of the outcome.  Consequently, Plaintiffs do not believe jurisdiction should be identified as a key issue.

6.     *Limited Discovery:* Plaintiffs' discovery limited to the Identified Issues would include primarily the contracts and agreements entered between the various Defendants and the project files related to the specification and selection of drywall.  To the extent discovery on jurisdiction is allowed, this too would be limited and likely include, as Defendants suggest, (1) the identity of the manufacturers of the drywall located within the Plaintiffs' units and those of the putative class members and (2) the identity, residency and citizenship status of all Plaintiffs and putative class members.  As all of Plaintiffs' units have been inspected for purposes of identifying product, and information concerning residency and citizenship is readily available, Plaintiffs believe discovery can be completed in approximately four months or by November 15, 2011.  Plaintiffs do not see any reason to divide the discovery into phases based on issues.

7.     *Briefing Schedule:*  Plaintiffs propose that dispositive motions related to the Identified Issues be filed on or before November 30, 2011.

8.     *Identification of "Test" Cases:*  Plaintiffs believe that the identification of "test" cases will facilitate the ultimate resolution of this litigation.  Fact-intensive issues that cannot otherwise be resolved though the proposed limited discovery may benefit from additional discovery directed to the "test" plaintiffs and a second round of briefing.

9.     *Banner Settlement:* Plaintiffs do not believe that the Proposed Settlement with Banner will have any impact on their Proposed Schedule.  The discovery needed to resolve the Identified Issues is in the possession or control of either the Plaintiffs or defendants other than Banner.  Issues regarding coverage and apportionment are relevant to trial or mediation, but are not material with respect to the resolution of threshold issues.

10.     *Arch Surety:* Arch Surety is hardly a newcomer to this litigation.  On June 11, 2010, RCR Holdings, II LLC ("RCR"), filed a Complaint in the 15th Judicial Circuit in and for Palm Beach County, Florida, against Arch Surety, for breach of contract, pursuant to Surety's failure to make payment on that certain performance bond securing the performance of Coastal Construction as general contractor for RCR.  On August 9, 2010, after several preliminary motions, Arch Surety filed its Answer and Affirmative Defenses to RCR's Complaint.  On November 1, 2010, after the state court action against Arch Surety was set for trial, Arch Surety moved to stay the proceedings in the state court action in favor of the instant proceedings, which motion was granted.

WHEREFORE, Plaintiffs respectfully request that the Court enter Plaintiffs' Proposed Scheduling Order.

DATED: June 21, 2011                          Respectfully submitted,

                                              */s/ Daniel K. Bryson*
                                              Daniel K. Bryson
                                              LEWIS & ROBERTS
                                              3700 Glenwood Avenue, Suite 410
                                              Raleigh, NC 27612
                                              Telephone: (888) 981-0939
                                              Facsimile: (919) 981-0199

                                              Gary E. Mason
                                              MASON LLP
                                              1625 Massachusetts Ave., NW, Suite 605
                                              Washington, D.C.  20036
                                              Telephone:  (202) 429-2290
                                              Facsimile:  (202) 429-2294

                                              Adam C. Linkhorst, Esq.
                                              LINKHORST & HOCKIN P.A.
                                              4495 Military Trail, Suite 106
                                              Jupiter, Florida 33458
                                              Email:  acl@floridahardhatlaw.com
                                              Telephone:   561.626.8880  / 954.776.5990

{00407983.DOC}4

Facsimile:  561.626.8885

Joel R. Rhine
RHINE LAW FIRM
314 Walnut Street, Suite 1000
Wilmington  NC  28401
Telephone:  (910) 772-9960
Facsimile:  (910) 772-9062

Chris Coffin
PENDLEY BAUDIN & COFFIN, LP
Post Office Drawer 71
24110 Eden Street
Plaquemine, Louisiana 70765
Telephone:  (225) 687-6396

Stephen Mullins
LUCKEY & MULLINS
2016 Bienville Blvd
P.O. Box 990
Ocean Springs, MS 39564
Telephone:  (228) 875-3175
Facsimile:  (228) 872-4719

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and forgoing has been served upon
Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry
Miller, by U.S. Mail and email or hand delivery and email and upon all parties by
electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-
Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court
of the United States District Court for the Eastern District of Louisiana by using the
CM/ECF System, which will send a notice of electronic filing in accordance with
procedures established in MDL 2047 on this 21th day of June, 2011.

/s/ Daniel K. Bryson
Daniel K. Bryson