007028.000004

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL No. 2047**<br><br>**SECTION L**<br><br>**JUDGE FALLON**<br><br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>**Hobbie, et al. v. RCR Holdings II, LLC, et al.<br>No. 10-1113** | |

_____ /

**COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF"S PROPOSED SCHEDULING ORDER**

COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. (Coastal Construction), by and through undersigned counsel, hereby files its Memorandum of Law in Support of Motion for Entry of a Scheduling Order pursuant to the directives of the Court expressed at the June 14, 2010 Status Conference and states the following:

1.      On or about May 25, 2011, Plaintiffs filed their Motion for Entry of a Scheduling Order in the matter of Hobbie, et al. v. RCR Holdings II, LLC, et al., case number No. 10-1113. This matter was transferred to the MDL as a tag-along action in Conditional Transfer Order (CTO-16) under 28 U.S.C. §1407.  This transfer promotes the just and efficient conduct of the litigation, eliminates duplicative discovery, and conserves the resources of the parties.   See Transfer Order in this matter filed June 15, 2009; 28 U.S.C. §1407; and In re Hawaiian Hotel Room Rate Antitrust Litig., 438 F.Supp. 935, 936 (J.P.M.L. 1977).

2.      At the June 14, 2010 Status Conference, the Plaintiffs' Motion for Entry of a Scheduling Order was heard.  The Court advised all parties to meet and confer on a schedule for

discovery and motion practice to try to resolve all legal matters in this case.  The Court was clear that legal matters, not factual matters, should be determined.  The Court asked that the parties present the proposed Scheduling Order within one week, or present two competing Orders if a consensus could not be reached.  The parties have all met through conference calls and a general consensus could not be reached.

3.     Defendant, Coastal Construction, presents this Scheduling Order in opposition to the anticipated Scheduling Order filed by the Plaintiffs for the following reasons.

4.     Defendant would state that the issue that should be given the most priority is identifying the residency of the Plaintiff's in this matter.  This matter greatly affects the jurisdiction and venue of the matter and could be dispositive of the rest of the Scheduling Order in this matter.

5.     Defendant would add that the recent Proposed Settlement filed by Banner raises concerns about the abilities of the parties to conduct discovery and proceed with Motion practice at this time as there are many issues regarding apportionment and coverage in the Settlement that will need to be addressed by all parties during the pendency of the proposed matters in this case. For that reason, Defendant would state that any proposed Scheduling Order should reflect an appropriate amount of time for resolution of matters tied to Banner's Settlement.

6.     Beyond the issue of the residency of the Plaintiffs, Defendant would state that it can identify three matters that can be decided on a purely legal basis without the need for extensive factual discovery.  The determination of the amount of drywall produced by Knauf and Taishan within the affected residences, and the liability issues regarding the Economic Loss Rule

and strict liability.  The attached proposed Scheduling Order addresses those matters and sets forth an appropriate timeline for the discovery and motion practice to resolve the matters.

7.     Defendant, Coastal Construction, objects to the anticipated suggestions to include issues that will require significant factual discovery.  Most notably the issues regarding RCR's claim against Arch Surety.  Arch Surety has only recently been served with the Amended Complaint in that matter and has not even filed its responsive pleading.  The issues raised in that matter will require extensive discovery and motion practice, most of which is separate from the issues raised in the instant case.  Defendant also objects to the inclusion of a scheduling of "test cases" until the above matters have been resolved and the proposed idea of a "test case" has been fully briefed and presented to the parties, the identification of said "test cases" is premature. Further, how the trial is to proceed might be an issue best handled by the Court which will have jurisdiction over the trial.  See 28 U.S.C. §1407; and <u>Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26 (1998).

8.     The attached Proposed Order has been presented to defense counsel for Banner, RCR, La Suprema, and Arch Surety who have agreed with Defendant's Proposed Scheduling Order Counsel for all parties and the following parties have expresses agreement:

9.     Counsel for Precision Drywall agreed to Defendant's Proposed Scheduling Order, but expressed the following reservation:

　　　　　　a.     If Plaintiff's Scheduling Order is considered and/or accepted by the Court, many of the issues will require both legal and factual discovery and unless the parties are given until late Spring or early Summer of 2012 to complete discovery,

Hobbie, et al. v. RCR Holdings II, LLC
Case No.: 2:10-cv-01113-EEF-JCW
Page 4 of 5

there will no be ample time to complete the discovery and motion practice.

**WHEREFORE**, COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC., respectfully requests the Court deny Plaintiff's Motion for a Scheduling Order at this time until Banner's proposed Settlement is resolved, or in the alternative enter the Defendant's Proposed Scheduling Order, and grant any further relief this Court finds proper.

Respectfully submitted,

Dated: June 23, 2011

/s/ Addison J. Meyers
Addison J. Meyers, Esq.
Fl Bar No. 267041
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
ameyers@defensecounsel.com

/s/ Brian A. Eves
Brian A. Eves, Esq.
FL Bar No. 43794
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
beves@defensecounsel.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email <u>or</u> hand delivery and email <u>and</u> upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 23rd day of June, 2011.

/s/ Addison J. Meyers
Addison J. Meyers