UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 09-2047
SECTION: L
JUDGE FALLON
MAG. JUDGE WILKINSON

*******************************************************

OMNI II--KENNETH AND BARBARA WILTZ, et al. vs. BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO, et al.;
CASE NO. 2010 CV 361

OMNI III-- DAVID GROSS, et al. vs. KNAUF GIPS KG, et al.;
CASE NO. 09-6690

OMNI VII-- KENNETH ABEL, et al.. vs. TAISHAN GYPSUM, et al.;
CASE NO. 11-080

## MEMORANDUM IN SUPPORT OF

## MOTION TO LIFT STAY

**MAY IT PLEASE THE COURT:**

Defendant, Venture Supply, Inc., (hereinafter sometimes "Venture Supply" or "Venture"), submits the following memorandum in support of its Motion to Lift Stay;

This Court has issued an Order (Rec. Doc. 9601) that the Plaintiffs' Steering Committee's Motion to Lift Stay (Rec. Doc. 9549) be scheduled for hearing insofar as it requests that hearing be set for Plaintiffs' Motion for Class Certification Against Venture Supply (Rec. Doc. 8829). In support of its Motion to Lift Stay, the Plaintiff's Steering Committee asserts that "[it] believes it is essential that [the Motion for Class Certification] be set for hearing by the Court and ruled upon for the progress of the litigation." (Rec. Doc. 9549-1, page 2). As the Steering Committee notes, the Court has previously lifted the stay to hear arguments on motions

presented by the Steering Committee. (Rec. Doc. 9549-1, page 2 (citing Minute Entry of September 12, 2010)).

Defendant, Venture Supply, hereby asserts that this litigation should not progress at all until this Court has ruled that it has personal jurisdiction over Venture Supply, and that prior to such a determination, certification of a class seeking damages from Venture Supply is inappropriate. Accordingly, Venture Supply believes that, for the progress of the litigation, this jurisdictional issue must be addressed first.

The personal jurisdiction issue must be tackled first out of fairness to Venture Supply—this Court cannot rule on Venture Supply's other arguments if personal jurisdiction is lacking, and Venture Supply should not be required to persist in this litigation where this Court lacks jurisdiction over Venture. *See, Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 n. 6 (11th Cir.1999) (federal court confronting both Rule 12(b)(2) and Rule 12(b)(6) motions should consider personal jurisdiction issue first because court without personal jurisdiction is powerless to take further action); *Read v. Ulmer,* 308 F.2d 915, 917 (5th Cir.1962) ( "It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss."); *see also Arrowsmith v. United Press Int'l,* 320 F.2d 219, 221 (2d Cir.1963).

Further, addressing the issue of personal jurisdiction first may be of even more importance in the context of class action litigation, specifically with regard to class certification:

> Efficiency and economy are strong reasons for a court to resolve challenges to personal or subject-matter jurisdiction before ruling on certification. **The judge should direct counsel to raise such challenges before filing motions to certify.** Similarly, courts should rule early on motions to dismiss, challenging whether the plaintiffs have stated a cause of action. Early resolution of these questions may avoid expense for the parties and burdens for the court and may minimize use of the class action process for cases that are weak on the merits.

Manual for Complex Litigation, Fourth §21.133 (emphasis added). This policy has been recognized in actual litigation:

> Because there 'exists a strong policy to conserve judicial time and resources,' we have held that '**preliminary matters such as ... personal jurisdiction ... should be raised and disposed of before the court considers the merits or quasi-merits of a controversy.**' " *Bel–Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir.1999) (quoting *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967)). Accordingly, we turn first to appellants' challenge to the District Court's in personam jurisdiction.

*In re: Diet Drugs*, 282 F.3d 220, 229-30 (3rd Cir. 2002) (emphasis added).

Moreover, jurisdictional issues arising in Multi-District Litigation ("MDL"), resulting from direct-filed actions in the MDL court, further complicate matters. *In re Vioxx Prods. Liab. Litig.*, 478 F.Supp.2d 897, 904 (E.D. La.2007) (direct filings may present jurisdictional, venue, or related issues, including choice-of-law conflict); *In re Norplant Contraceptive Prods. Liab. Litig.*, 946 F.Supp. 3, 4 (E.D. Tex. 1996) (discouraging parties from direct filing). This is particularly true because **the MDL court has no personal jurisdiction over the defendant in any direct-filed MDL suit where the court in which the MDL court is sitting would not have personal jurisdiction over the defendant.** *See In re Papst Licensing GMBH & Co. KG Litig.*, 602 F.Supp.2d 10, 14 (D.D.C.2009); *In re Sterling & Foster Co. Secs. Litig.*, 222 F.Supp.2d 289, 300 (E.D.N.Y.2002); *In re: ClassicStar Mare Lease*, 2008 WL 3077732 (E.D. Ky. 2008) at *4)) (Because a transferee court's jurisdiction over a defendant depends on whether the transferor court had personal jurisdiction and where the transferor court lacks personal jurisdiction, the MDL court should grant defendant's motion to dismiss)).

In fact, recent MDL litigation confirms the MDL court's lack personal jurisdiction in cases of direct-filed actions where the court in which the MDL court sits does not have personal jurisdiction over the defendant, absent some express stipulation to jurisdiction. *See In re*

*Heartland Payment Systems, Inc. Customer Data Sec. Breach Litigation*, 2011 WL 1232352 (S.D. Tex. 2011) at *4-5; *See also, supra, In re: Vioxx*, 478 F.Supp.2d at 904

In the instant matter, Venture has raised jurisdictional objections to actions originally filed in the Eastern District of Louisiana by Plaintiffs who do not reside within that jurisdiction. Venture does not have sufficient minimum contacts with the jurisdiction such that the U.S. District Court for the Eastern District of Louisiana may exercise jurisdiction over Venture Supply. (See defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 9577) and previously filed and associated Motions to Dismiss (Rec. Docs. 785, 2857 and 8233)). Thus, a delay in ruling on the personal jurisdiction issue merely postpones the inevitable, because the U.S. District Court for the Eastern District of Louisiana, as the 'transferor' court or the court in which Plaintiff's action originates, does not have and cannot ever exercise *in personam* jurisdiction over Venture Supply. (See defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 9577) and previously filed and associated Motions to Dismiss (Rec. Docs. 785, 2857 and 8233)).

In support of its Motion to Lift Stay, the Plaintiff's Steering Committee asserts that "[it] believes it is essential that [the Motion for Class Certification] be set for hearing by the Court and ruled upon for the progress of the litigation." (Rec. Doc. 9549-1, page 2). In support of its Motion to Lift Stay, Venture Supply asserts that it essential to the litigation that Plaintiff show, and this Court determine, that jurisdiction is legitimate. Venture further asserts that, having received no jurisdiction from a transferor court, and having no jurisdiction of its own, the MDL court should dismiss claims against Venture Supply for lack of personal jurisdiction.

It is essential to the progress of the litigation, in the interests of efficiency and judicial economy for this Court to consider and rule upon Venture's jurisdictional objections. This is especially true given this Court's Order (Rec. Doc. 9601) that the Plaintiffs' Steering Committee's Motion to Lift Stay (Rec. Doc. 9549) be scheduled for hearing insofar as it requests that hearing be set for Plaintiffs' Motion for Class Certification Against Venture Supply (Rec. Doc. 8829). Accordingly, Defendant, Venture Supply, prays that this Court grant its Motion to Lift Stay, so that it Motions to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 9577) and previously filed and associated Motions to Dismiss (Rec. Docs. 785, 2857 and 8233)) may be ruled upon by this Court prior to deciding the issue of class certification.

Respectfully submitted,
/s/ Brett M. Bollinger
Brett M. Bollinger, LSBA #24303
Mark W. Verret, LSBA #23853
Dax C. Foster, LSBA #30506
Allen & Gooch
3900 North Causeway Boulevard, Ste. 1450
Metairie, Louisiana 70002
Telephone: (504) 836-5285
Facsimile: (504) 836-5289
Attorneys for Venture Supply, Inc.

And

Mark C. Nanavati, Esq. (VSB #38709)
Kenneth F. Hardt, Esq. (VSB #23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mille Drive
Midlothian, Virginia 23114
Telephone: (804) 378-7600
Facsimile: (804) 378-2610
Attorneys for Venture Supply, Inc.

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28nd day of June, 2011.

/s/ Brett M. Bollinger
Brett Bollinger