UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED        :      MDL NO. 2047
DRYWALL PRODUCTS LIABILITY          :
LITIGATION                          :      SECTION:    L
-----------------------------------------------------------------x
THIS DOCUMENT RELATES TO:           :      JUDGE FALLON
                                    :
ALL CASES                           :      MAG. JUDGE WILKINSON
-----------------------------------------------------------------x
```

**KNAUF DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR CLARIFICATION
OF INEX AND BANNER STAY ORDERS**

The Knauf Defendants[1] have moved to clarify this Court's orders staying litigation

involving InEx and Banner in light of their proposed class settlements with the PSC.  In

particular, the Knauf Defendants seek clarification on whether the stay orders apply not only to

claims against InEx and Banner, but also to claims asserted by InEx and Banner.  In support of

their motion, the Knauf Defendants state as follows:

1.      On May 13, 2011, this Court issued a Preliminary Approval Order [Rec. Doc.

8818] in connection with the proposed settlement between InEx, its primary insurers and the

PSC.  Among other things, the Preliminary Approval Order contains the following provisions

staying litigation pending the settlement proceedings:

> Prosecution of the Litigation and the Omni Complaints against InEx, the Insurers
> and the Downstream InEx Releasees … shall be stayed pending the settlement
> proceedings and further Orders of this Court.

---

[1]     The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard
(Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf
Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH,
Knauf Insulation GmbH and Knauf UK GmbH.

Prosecution of the Related Actions against InEx, the Insurers and the other Settling Defendants shall be stayed pending the settlement proceedings and further Orders of this Court.

All claims and cases in which any person or entity claims to be an insured, additional insured, or named insured under any insurance policy issued to any InEx entity shall be stayed pending the settlement proceedings and further Orders of the Court.

Preliminary Approval Order at 11-12.

2.     On June 11, 2011, in connection with the recently announced proposed settlement between Banner, its insurers and the PSC, this Court ordered "that prosecution of all Banner-related proceedings involving Chinese drywall pending in both federal and state courts shall be STAYED until further order from the Court." [Rec. Doc. 9489] (together with the Preliminary Approval Order, the "Stay Orders").  A joint motion for preliminary approval of that proposed settlement is pending.

3.     Counsel for InEx, Phil Nizialek, has indicated that it construes the stay provisions of the Preliminary Approval Order to apply not only to claims asserted against InEx, but also to third-party claims asserted by InEx against other parties.

4.     Counsel for Banner, Peter Spillis, has indicated that, in its view, the recent stay order does not expressly prohibit Banner's pursuit of affirmative claims, but, as a practical matter, the effect of the stay is that it will not be possible for Banner to pursue third-party claims in cases in which Banner has not resolved the first-party claims against it.  Mr. Spillis further stated that the *Seifart* and *Harrell* cases in Miami are the only cases where the first-party claims against Banner are currently resolved.

5.     In a conference held before Judge Greene on June 14, 2011 in connection with a case pending in Broward County, Florida, Judge Greene indicated that he construed this Court's

order as staying claims against Banner, but not third-party claims asserted by Banner.[2]  Judge Greene indicated that those views are subject to clarification by this Court.

6.      This Court should clarify its Stay Orders by making clear that the Orders apply to all litigation involving InEx, Banner and their respective insurers, including claims asserted by them against other parties.  InEx, Banner and their respective insurers should not be permitted to use the Stay Orders as both a sword and a shield.  The Stay Orders are intended to protect InEx, Banner and their respective insurers during the Court's consideration of the proposed settlements.  But the Stay Orders should not operate to provide Banner, InEx and their respective insurers with an unfair litigation advantage by allowing Banner, InEx and their insurers to pursue claims against other parties while reciprocal claims against them are stayed.

7.      In addition, third-party claims asserted by InEx and Banner are derivative of claims asserted by plaintiffs against InEx and Banner, respectively.  It makes little sense for parties to prepare for trials of third-party claims when the primary claims by the plaintiffs have been stayed.  If plaintiffs cannot assess liability against InEx and Banner with respect to the primary claims, then there is no basis for InEx and Banner to seek to transfer liability to other parties, including the Knauf Defendants.

8.      InEx and Banner will not be prejudiced by this clarification.  InEx and Banner already agree that the Stay Orders stay their third-party claims, except in cases in which the first-party claims against Banner have been resolved, specifically, the *Seifart* and *Harrell* cases in Miami.

---

[2]      At the time, Banner's counsel did not express a position as to the construction of the stay order.  Since that time, Banner has stated that it construes the stay order as described in paragraph 4.

9.     Accordingly, this Court should clarify the Stay Orders to make clear that all litigation involving InEx, Banner and their insurers are stayed, including claims asserted against them and claims asserted by them, except Banner's third-party claims in *Seifart* and *Harrell*, pending consideration of their respective proposed settlements and until further order of the Court.

Dated:  June 29, 2011                          Respectfully submitted,

                                               By:  Kyle A. Spaulding
                                               MILES P. CLEMENTS (#4184)
                                               PETER E. SPERLING (#17812)
                                               KERRY J. MILLER (#24562)
                                               KYLE A. SPAULDING (#29000)
                                               PAUL C. THIBODEAUX (#29446)
                                               FRILOT L.L.C.
                                               1100 Poydras Street
                                               Suite 3700
                                               New Orleans, LA 70163
                                               Telephone:  (504) 599-8194
                                               Facsimile:  (504) 599-8145
                                               Email:  kmiller@frilot.com

                                                      - AND -

                                               STEVEN GLICKSTEIN (NY Bar No. 1038157)
                                               JAY P. MAYESH (NY Bar No. 1081603)
                                               KAYE SCHOLER LLP
                                               425 Park Avenue
                                               New York, NY 10022
                                               Telephone:  (212) 836-8485
                                               Facsimile:  (212) 836-6485
                                               Email:  sglickstein@kayescholer.com

                                               Counsel for the Knauf Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Knauf Defendants' Motion for Clarification of Stay Orders has been served upon Plaintiffs' Liaison Counsel and counsel for InEx and Banner by email and by electronically uploading the same to CM/ECF and LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 29th day of June, 2011.

/s/ Kyle Spaulding