003578.02301M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>PAYTON, ET. AL. V. KNAUF GIPS KG, ET. AL.<br>CASE NO.: 11-080 | JUDGE FALLON<br><br>MAG:JUDGE WILKINSON |

_____/

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL WITHOUT SUBSTITUTION

COMES NOW, Addison J. Meyers, Raul R. Loredo, Brian A. Eves, and the firm of Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP, attorneys of record for Defendant, MSC OF NWF, INC., and Files this Memorandum of Law in Support of the Motion to Withdraw as counsel for the Defendant:

1. Local Civil Rule 83.2.11 of the United States District Court for the Eastern District of Louisiana states:

> The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute counsel or upon a written motion served on opposing counsel and the client. <u>If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone. The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made</u>. (emphasis added).

2. The Motion to Withdraw filed by the undersigned complies with all of the requirements of the Local Rule and should be granted.  See <u>Bryson v. State Farm and Casualty Insurance Company</u>, 2011 WL 1557949 4 (2011 E.D.La.).

3. In considering a Motion to Withdraw, the Court should consider the prejudice withdrawal could cause to other litigants and the administration of justice, and the degree to which withdrawal would delay the resolution of the case.  <u>Zurich American Insurance Company v. Harken</u>, 1999 WL 307612 (1999 E.D.La.); See also <u>American Economy Insurance Company v. Herrera</u>, 2007 WL 3276326 (2007 S.D.Cal.).

4. In the present case, the litigation is still in the initial stages, and the rights of all homebuilders are represented by the Home Builder's Steering Committee.  Therefore the effect of counsel's withdrawal, if any, would be minimal, and should not prevent the granting of the counsel's Motion to Withdraw.

WHEREFORE, the undersigned respectfully request that the court grant the Motion to Withdrawal as Counsel for Defendant; in the above case.

Respectfully submitted,

Dated: June 30, 2011

<u>/s/ Addison J. Meyers</u>
Addison J. Meyers, Esquire
MINTZER SAROWITZ ZERIS LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
ameyers@defensecounsel.com

/s/ Raul R. Loredo
Raul R. Loredo, Esquire
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
rloredo@defensecounsel.com

/s/ Brian A. Eves
Brian A. Eves, Esquire
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
beves@defensecounsel.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**  that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email, and upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047, and via certified mail to MSC of NWF, Inc., 1694 Champagne Avenue, Gulf Breeze, Florida 32563 on this 30th day of June, 2011.

/s/ Addison J. Meyers
Addison J. Meyers