**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, **Case No. 2:09-cv-6687 (E.D.La.)**<br><br>*Payton, et al. v. Knauf Gips, KG, et al.*, **Case No. 2:09-cv-7628 (E.D.La.)**<br><br>*Wiltz, et al v. Beijing New Building Materials Public Limited Co., et al.,* **Case No. 2:10-cv-361 (E.D.La.)**<br><br>*Gross, et al v. Knauf Gips, KG, et al.,* **Case No. 2:09-6690 (E.D.La.)**<br><br>*Abel, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 2:11-080 (E.D.La.)**<br><br>*Hinkley, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, **Case No. 2:09-cv-06686 (E.D.La.)** | |

**THE PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF MOTION TO LIFT STAY AND FOR APPROVAL OF PROPOSED SCHEDULING ORDER**

**I.      INTRODUCTION**

On June 17, 2011, the Plaintiffs' Steering Committee ("PSC") filed a motion to lift the stay and for approval of a proposed scheduling order (the "Motion to Lift Stay"). *See* document # 9549. This motion sought to lift the stay with regard to the Plaintiffs' Motion for Class Certification of Plaintiffs' Claims for Damages Against Venture Supply (the "Motion for Class Certification")

1

[Document # 8829] and the Plaintiffs' Steering Committee's Motion to Allow Service of Complaints on Lowe's Home Centers, Inc. (the "Motion to Allow Service of Complaints") [Document # 9462]. The motion also requested that the Court approve a proposed scheduling order with regard to the Motion for class Certification.

Venture Supply, Inc. ("Venture Supply") has opposed the Motion to Lift Stay so far as it concerns the Motion for Class Certification. *See* document nos. 9596 and 9597. Although the Motion for Class Certification involves several law suits that have been filed against Venture Supply, the oppositions by Venture Supply are limited to the proceedings in *Germano* and *Hinkley*. Venture Supply's challenges to the Motion to Lift Stay should be rejected since they are directed to the merits of the underlying Motion for Class Certification, not the Motion to Lift Stay, and involve issues that are more appropriately addressed in the context of class certification briefing.

**II.    ARGUMENT**

While the PSC filed a purely procedural motion that asks the Court to lift the stay and to approve a proposed scheduling order, Venture Supply has opposed the motion by attacking the merits of the underlying Motion for Class Certification. Venture Supply's challenges to the Motion for Class Certification are premature and should be rejected by the Court.

As a threshold issue, Venture Supply only challenges the Motion to Lift Stay so far as it concerns the class certification issues in *Germano* and *Hinkley*. Since Venture Supply is also a defendant in the *Payton*, *Wiltz*, *Gross* and *Abel* proceedings and makes no challenges to the class certification issues so far as these proceedings are concerned, Venture Supply's challenges to the proposed scheduling order are completely disingenuous. That is, because Venture Supply fails to raise any legitimate challenges to the Motion for Class Certification going forward so far as *Payton*, *Wiltz*, *Gross* and *Abel* are concerned, it is effectively asking the Court to delay the Motion for Class

2

Certification based on issues that only impact the proceedings in *Germano* and *Hinkley*. These efforts by Venture Supply to delay the Motion for Class Certification should be rejected.[1]

Venture Supply makes two principal substantive challenges to the underlying Motion for Class Certification: (1) that the class proposed in *Hinkley* is improper, and (2) the Court does not have subject matter jurisdiction over the proceedings in *Germano*. Both of these arguments should be rejected and the Motion for Class Certification should go forward based on the scheduling order proposed by the PSC and Plaintiffs.

Venture Supply's first argument--that the *Hinkley* class is improper–focuses on the class of North Carolina residents as being too small to meet the numerosity requirements of Rule 23(a)(1) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). Venture Supply further contends the North Carolina class fails to meet the amount in controversy requirements of CAFA. Venture Supply is wrong. Many courts have certified small classes in some instances with just ten class members. *See Rosario v. Cook County*, 101, F.R.D. 659, 661-2 (N.D. Ill. 1983)(class of 20); *Allen v. Isaac*, 99 F.R.D. 45, 49 (N.D. Ill 1983)(class 17); *Davy v. Sullivan*, 354 F.Supp. 1320, 1324-25 (M.D.Ala. 1973) (class of 10); and *Philadelphia Electric Co. v. Anaconda American Brass Co.*, 43 F.R.D. 452, 463 (E.D.Pa. 1968)(class of 25-43). Moreover, this class issue has nothing to do

---

[1] Contrary to what is stated by Venture Supply, the granting of the motion for class certification is well within this Court's purview. First, since the *Payton*, *Wiltz*, *Gross* and *Abel* actions were direct filed action in the Eastern District of Louisiana, there is no dispute over this Court's ability to grant class certification in these actions. Second, with regard to the transferred actions that are subject to this motion, *Germano* and *Hinkley*, the Supreme Court's decision in *Lexecon In. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998)(addresses remand for purposes of trial) in no way impacts this Court's ability to grant class certification. *See* Manual for Complex Litigation, Fourth, §21.25 (2004) ("If all the cases are pending in federal court and have been centralized by an MDL proceeding, the transferee court can order consolidated pleadings and motions to decide how to resolve competing claims for certification, appointment of class counsel, and appointment of lead class counsel.")

with the administrative issues addressed in the Motion to Lift Stay. In the present procedural context, it is respectfully submitted that the class certification issues identified by Venture Supply should be resolved after completion of the discovery and briefing schedule proposed by the PSC. Completion of this discovery and briefing schedule will allow the Court to determine these issues upon a complete record. Additionally, since Venture Supply has raised no legitimate argument against the Motion for Class Certification going forward with regard to the *Payton*, *Wiltz*, *Gross* and *Abel* proceedings, the Court can easily address and evaluate any impediments to the proposed North Carolina class while resolving the class certification issues in *Payton*, *Wiltz*, *Gross* and *Abel*. Accordingly, Venture Supply's arguments concerning the proposed *Hinkley* class should be rejected as a basis for denying the Motion to Lift Stay.

Venture Supply's second challenge contends the Court lacks subject matter jurisdiction over the *Germano* proceedings. The *Germano* complaint alleges jurisdiction predicated on CAFA. Venture Supply argues federal jurisdiction is lacking in *Germano* on the grounds that there is no personal jurisdiction over Taishan. For this reason, Venture Supply asks the Court to delay class certification while jurisdictional discovery involving Taishan is completed.

Rather than permitting Venture Supply to delay class certification on this basis, it is respectfully submitted that the jurisdictional discovery involving Taishan and the Motion for Class Certification can proceed simultaneously. In light of the recent Supreme Court ruling in *J. McIntyre Machinery, Ltd. v. Nicastro*, --- S.Ct. ----, 2011 WL 2518811 (U.S. June 27, 2011), the minimal contacts analysis applicable to Taishan will be readily met. The jurisdictional discovery involving Taishan has already yielded considerable evidence demonstrating that Taishan undertook activities that specifically targeted its products towards the United States. This discovery actually demonstrates that Taishan targeted its products to Virginia (which is the state were the *Germano*

4

complaint was filed prior to transfer by the JPML), as well as other gulf-coast states. While the PSC believes its discovery to date demonstrates that there is personal jurisdiction over Taishan in Virginia and the gulf-coast, additional jurisdictional discovery is likely to bolster this fact before the Court is ready to hear argument on the Motion for Class Certification. Accordingly, it is respectfully submitted that the Court can address Venture Supply's jurisdictional challenges on the eve of the class certification hearing.

### III. CONCLUSION

This Court has developed a clear procedure for addressing the PSC's class motions which has resulted in settlements with the largest distributors/suppliers of Chinese drywall to homeowners in the states of Florida and Louisiana. This Court started by issuing scheduling orders promptly after the filing of the PSC's motions for class certification involving Banner Supply and Interior Exterior Building Supply ("InEx"). While the parties prepared to address the class issues involving Banner and InEx in accordance with the Court's scheduling orders, class settlements resulted which are now the subject of motions to certify settlement classes involving these defendants. Now it is time to address class certification with regard to a similarly situated defendant who is the largest distributer/supplier of Chinese drywall to Virginia homeowners. Venture Supply's weak attempts at delaying the Court's carefully crafted management procedures should not be permitted to further delay justice to the Virginia and other homeowners who have been injured by Venture Supply.

WHEREFORE, the PSC prays that this Court lift the stay in this matter as to the Motion for Class Certification and approve the scheduling order proposed by the PSC.

Respectfully submitted,

Dated: July 5, 2011                         /s/ Russ M. Herman
                                                  Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Daniel E. Becnel, Jr. |
| Barrios, Kingsdorf & Casteix, LLP | Becnel Law Firm. LLC |
| 701 Poydras Street, Suite 3650 | P.O. Drawer H |
| New Orleans, LA 70139 | 106 W. Seventh Street |
| Phone: (504) 524-3300 | Reserve, LA 70084 |
| Fax: (504) 524-3313 | Phone: (985) 536-1186 |
| Barrios@bkc-law.com | Fax: (985) 536-6445 |
| | dbecnel@becnellaw.com |

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and first class mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of July, 2011.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047