UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 02047<br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:
ALL CASES AND

*Payton, et al. v. Knauf Gips, KG, et al.*
Case No. No. 2:09-cv-07628 (E.D. La.)

*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*
Case No. 2:10-cv-00361 (E.D. La.)

*Gross, et al. v. Knauf Gips, KG, et al.*
Case No. 2:09-cv-066690 E.D. La.)

*Rogers, et al. v. Knauf Gips, KG, et al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et al. v. Liberty Mutual Ins. Co., et al.*
Case No. 2:10-cv-00932 (E.D. La.)

*Hernandez, et al. v. AAA Insurance, et al.*
Case No. 2:10-cv-03070 (E.D. La.)

*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*
Case No. 2:11-cv-00080 (E.D. La.)

*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 2:11-cv-00252 (E.D. La.)

*Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*
Case No. 2:11-cv-01077 (E.D. La.)

*Vickers, et al. v. Knauf Gips KG, et al.*
Case No. 2:09-cv-04117 (E.D. La.)
_____/

OPPOSITION BY CERTAIN HOMEBUILDERS[1]
TO BANNER-RELATED JOINT MOTION FOR PRELIMINARY APPROVAL
OF STIPULATION AND AGREEMENT OF SETTLEMENT

Certain Homebuilders that are parties in MDL No. 02047 (collectively, the "Certain Homebuilders"), by and through undersigned counsel, file this opposition to the Banner-related Joint Motion for an Order: (1) Preliminarily Approving Stipulation and Agreement of Settlement; (2) Conditionally Certifying Class; (3) Issuing Class Notice; and (4) Scheduling Fairness Hearing (hereinafter, "Motion for Preliminary Approval of Settlement").

By Order dated March 9, 2011, this Court granted these Certain Homebuilders' Motion to Intervene in the above-style *Payton* and *Vickers* actions for the conditional and limited purposes of: participating in the class action settlement negotiations between the Plaintiffs' Steering Committee (the "PSC") and Banner Supply Company and its related entities and insurers (the "Settling Defendants" or "Banner Entities"); and objecting, if necessary, to a proposed settlement.

After this Court entered the March 9, 2011 Order, notwithstanding the Certain Homebuilders' efforts to communicate with the PSC and Banner Entities regarding the settlement negotiations, and notwithstanding Certain Homebuilders' attempts to obtain copies of the operative term sheet(s) between the negotiating parties, the Certain Homebuilders were advised they would not be included in the negotiations nor would they be provided with the draft(s) of

---

[1] These Certain Homebuilders, as the term was previously used in this Court's March 9, 2011 Order discussed *infra*, are: Aranda Homes, Inc.; Bella Builders, Inc.; Hammer Construction Services, LTD.; J. Helm Construction d/b/a Sundown Development; Management Services of Lee County, f/k/a Paul Homes, Inc.; R. Fry Builders, Inc. ("Fry"); and Woodland Enterprises, Inc. All of the aforementioned homebuilders are represented by Akerman Senterfitt, Miami, Florida, and Phelps Dunbar LLP, New Orleans, Louisiana, and had Commercial General Liability insurance policies issued by State Farm Florida ("State Farm") during the allegedly relevant time frame. Fry has an additional general liability carrier, Southern-Owners/Auto Owners Insurance ("Auto Owners"). The Certain Homebuilders all had drywall supplied by one or more Banner-related entities. None has remediated the subject properties.

the term sheet(s) prior to the filing of the Motion for Preliminary Approval of Settlement.

On June 14, 2011, the PSC, the Settling Defendants and the PSC filed with this Court the Motion for Preliminary Approval of Settlement and related papers. The Certain Homebuilders oppose preliminary approval of the proposed settlement unless the following items are added:

(1) Homebuilders that constructed homes with defective drywall supplied by any of the Settling Defendants fall within the definition of Class Members; for any such home that the homebuilder has not remediated, the homebuilder will receive $\_\_\_$[2] if it participates as a Class Member in this settlement.

(2) By opting out, a homebuilder Class Member is not releasing any claims, causes of action, obligations, liabilities, demands, suits, covenants, contracts, controversies, agreements, promises, damages, judgments and/or executions, against any of the Settling Defendants.

(3) Homebuilder Class Members retain and do not release, waive or abandon the right to raise as a defense in any action that a Settling Defendant is wholly, partially, individually, jointly or severally liable, and/or otherwise liable and/or responsible for all or a portion of a verdict, judgment or award, and homebuilder Class Members retain and do not release, waive or abandon the right to a set-off, credit, or reduction of the amount of any verdict, judgment or award by a percentage of fault allocated to any Settling Defendant.

(4) For each property where a homeowner (former or current) Class Member does not submit a valid proof of claim but also does not opt out, the homebuilder Class Member that constructed the subject property shall have 30 days after the initial proof of claim/opt out deadline to submit documentation establishing that the subject property was constructed with defective drywall supplied by one or more of the Settling Defendants. Upon submission of such documentation, an amount of settlement funds equal to the amount that would have been paid to the homeowner Class Member had that homeowner submitted a valid proof of claim shall be reserved in the Court Registry or be placed in an escrow account for distribution later in the event that Class Member prevails in a claim against parties other than the Settling Defendants or the homeowner Class Member settles its claims against all parties other than the Settling Defendants. In order for the homebuilder Class Members to ascertain which homeowner Class Members did not submit valid proofs of claim or opt out, the homebuilder Class Members shall have access to a list or database identifying the proofs of claims and opt outs as they are received or a comprehensive list shall be made available to the Homebuilder Class Members immediately after the deadline for submission of same, with the 30-days running from receipt of such list.

The Certain Homebuilders have substantial interests at stake: *i.e.*, they have already sued some of the Banner Entities in several of the MDL Omnibus actions and state court actions; they

---

[2] The specific dollar amount should be inserted by the Settling Defendants and the PSC.

{M3068770;1}

intend to file such claims in the remaining pertinent Omnibus actions; they have rights to apportionment of liability and damages and to contribution and indemnity, among others. *See Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). Without the inclusion of the terms listed above, the proposed class action settlement unnecessarily and unfairly destroys or compromises these claims and/or the funds available to resolve such claims. *See Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982) ("A court can endorse a settlement only if the compromise is fair, reasonable and adequate.").

Specifically, the proposed settlement agreement does not state the dollar amounts that Class Members would receive, making it difficult if not impossible for Class Members to make informed decisions about whether to participate. Members of the Homebuilder Steering Committee who have been in direct contact with the negotiating parties have suggested to counsel for these Certain Homebuilders that the proposed settlement agreement contemplates paying $0 to homebuilder Class Members that have not remediated properties. That amount, or whatever the true amount is, should be expressly stated in the agreement prior to preliminary approval and prior to requiring prospective Class Members to elect to participate or opt out.

While the proposed settlement provides Class Members with the opportunity to opt out, it is unclear whether a Class Member that opts out preserves and does not release its claims against the Settling Defendants. This is the main reason to opt out, and it should be made expressly clear. Many of the homebuilder Class Members, including these Certain Homebuilders, have already asserted claims against some of the Settling Defendants. If all Class Members' claims against the Settling Defendants are released and barred as a result of the proposed settlement, irrespective of Class Members' opting out, then there is no point to the opt out provision and procedures, and the proposed settlement violates the Class Members due process rights.

{M3068770;1}

Many of the homebuilder Class Members, including these Certain Homebuilders, have already asserted claims in the MDL and in state court actions against some of the Settling Defendants, and they intend to file such claims in the remaining pertinent Omnibus actions. These homebuilder Class Members have rights to apportionment of liability and damages and to contribution and indemnity, among others. There is nothing in the proposed settlement to justify any release or waiver by these homebuilders of the right to raise as a defense in any action that a Settling Defendant is wholly, partially, individually, jointly or severally liable, and/or otherwise liable and/or responsible for all or a portion of a verdict, judgment or award. Nor is such a release or waiver necessary for the effectuation of the proposed settlement,

Finally, there may certain homeowner Class members who do not have legal counsel, who are not aware of this MDL, and who, through inadvertence or oversight, may not submit valid proofs of claim. Because this Court's objective has been to make sure homeowners' claims are redressed, and because the homebuilder Class Members are in a good position to ensure the completeness of the final list of properties that contain defective board supplied by Settling Defendants, the homebuilder Class Members should have the opportunity to submit appropriate documentation regarding such properties and settlement payments can be held in the Court registry to be applied to future judgments or settlements regarding such properties.

**WHEREFORE,** the Certain Homebuilders respectfully oppose the Banner-related Joint Motion for an Order: (1) Preliminarily Approving Stipulation and Agreement of Settlement; (2) Conditionally Certifying Class; (3) Issuing Class Notice; and (4) Scheduling Fairness Hearing (hereinafter, "Motion for Preliminary Approval of Settlement") and submit that this Court should not enter an order preliminarily approving the Banner-related settlement unless the terms listed above are included.

{M3068770;1}

Dated: July 5, 2011

                Respectfully submitted,

                **AKERMAN SENTERFITT**

BY:      /s/ Valerie B. Greenberg
        Valerie B. Greenberg (Fla. Bar No. 026514)
        Stacy Bercun Bohm (Fla. Bar No. 022462)
        One S.E. 3rd Avenue, 25th Floor
        Miami, Florida 33131
        Telephone: (305) 374-5600
        Telecopier: (305) 374-5095
        Email: valerie.greenberg@akerman.com
               stacy.bohm@akerman.com
               leslie.tomczak@akerman.com

***Counsel For Aranda Homes, Inc.; Bella Builders, Inc.; Hammer Construction Services, LTD.; J. Helm Construction d/b/a Sundown Development; Management Services of Lee County, f/k/a Paul Homes, Inc.; R. Fry Builders, Inc.; and Woodland Enterprises, Inc.***

*Co-Counsel for Aranda Homes, Inc.; Bella Builders, Inc.; Hammer Construction Services, LTD.; J. Helm Construction d/b/a Sundown Development; Management Services of Lee County, f/k/a Paul Homes, Inc.; R. Fry Builders, Inc.; and Woodland Enterprises, Inc.*

Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La. Bar No. 31309)
**Phelps Dunbar LLP**
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: Brent.barriere@phelps.com
       Susie.morgan@phelps.com
       Skylar.rosenbloom@phelps.com

{M3068770;1}

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing Opposition by Certain Homebuilders to the Banner-Related Joint Motion for an Order Preliminarily Approving Stipulation and Agreement of Settlement has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA 70163 (kmiller@frilot.com), by U.S. Mail and e-mail <u>or</u> by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of July, 2011.

                                                                         /s/ Valerie B. Greenberg

{M3068770;1}