UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITRIGATION | MDL DOCKET: 2047 |
| | SECTION:  L |
| | JUDGE FALLON MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**
**ALL CASES AND**

*Payton, et al. v. Knauf Gips, KG, et al.*
**Case No. 2:09-cv-07628 (E.D.La.)**

*Wiltz, et al. v. Beijing New Building Materials*
*Public Limited Co., et al.*
**Case No. 2:10-cv-00361 (E.D. La.)**

*Gross, et al. v. Knauf Gips, KG et al.*
**Case No. 2:09-cv-06690 (E.D. La.)**

*Amato, et al. v. Liberty Mutual Ins., Co., et al.*
**Case No. 2:10-cv-00932 (E.D. La.)**

*Abel, et al. v Taishan Gypsum Co., Ltd., f/k/a*
*Shandong Taihe Dongxin Co., Ltd., et al.*
**Case No. 2:11-cv-00089 (E.D. La.)**

*Haya, et al. v. Taishan Gypsum Co., Ltd.*
*f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*
**Case No. 2:11-cv-01077 (E.D. La.)**

*Vickers, et al. v. Knauf Gips KG, et al.*
**Case No. 2:09-cv-04117 (E.D. La.)**
_____/

**RESPONSE AND OBJECTION OF THE TAYLOR MORRISON ENTITIES TO
THE JOINT MOTION FOR PRELIMINARY APPROVAL OF STIPULATION
AND SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF
CLASS AND ISSUANCE OF CLASS NOTICE**

   **NOW INTO COURT,** come Taylor-Woodrow Communities at Vasari, LLC,

Taylor Morrison Construction Company, Taylor Morrison Services, Inc., Morrison

Homes, Inc., Taylor Morrison of Florida, Inc., Morrison Homes, Inc., Taylor Morrison,

Inc., Taylor Woodrow Homes Central Florida Division, LLC, Taylor Woodrow, Inc., Taylor Woodrow at Vasari, LLC., Taylor Woodrow Homes Florida, Inc., Taylor Woodrow Homes-Southwest, Florida Division, LLC, together with all affiliates and subsidiaries (collectively, "TM") and hereby submit this objection and response in opposition to Plaintiffs' Steering Committee ("PSC"), and Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under Banner Insurance Policies (collectively, "Banner") and its insurers jointly filed Motion for an Order: (1) Preliminarily Approving Stipulation and Agreement of Settlement; (2) Conditionally Certifying Class; (3) Issuing Class Notice; and (4) Scheduling Fairness Hearing ("Motion to Approve Banner Settlement Agreement") [D.E.9470], and in support thereof state as follows:

1.    On June 14, 2011, the PSC and Banner jointly field their Motion to Approve Banner Settlement Agreement, asking this Court to preliminarily approve the "Settlement Agreement Regarding Claims against Banner in MDL No. 2047" ("Banner Settlement Agreement").

2.    TM hereby adopts and fully incorporates the arguments asserted in the Response in Oppositions previously filed by the various objecting homebuilders.  This objection relates to issues unique to TM.

3.    As the Court is well aware, TM has spent millions of dollars repairing the homes at issue in this litigation that were impacted by the defective Chinese-manufactured drywall ("Chinese Drywall") supplied by Banner.

4.     Regrettably, despite their significant role in these proceedings as a group, and the significant impact the Banner Settlement Agreement will have on their claims, the homebuilders, including TM were not invited to, and in fact did not, participate in the negotiations over any of the terms of the Banner Settlement Agreement despite numerous requests by the homebuilders to do so.   TM was not even provided a copy of the Settlement Agreement until it after it was executed and filed.

5.     The proposed Settlement provides a group of "carve outs" who already have negotiated settlements with Banner.  Appropriately, this group includes TM.  However, the calculation of the amount attributed to TM is dramatically wrong.  It is wrong due to an acknowledged calculation error by Banner.

6.     Neither Banner nor the PSC will agree to fix the error and modify the carve out amount.

7.     To make matters worse, by the time that TM will be forced to decide whether to opt-out from the Banner Settlement, TM:

(i)     will not know what portion of the settlement proceeds, if any, they will be allocated pursuant to the Banner Settlement Agreement; and

(ii)    will not know whether any members of the proposed class will receive any preferential treatment given their status (e.g., a homeowner whose home has not been repaired vis-à-vis a homebuilder whose outlayed millions of dollars to repair homes and received assignments of homeowners' claims.

8.     Had homebuilders been invited to the negotiations between the PSC and Banner, as the homebuilders have repeatedly requested in connection with the ongoing

negotiations, the homebuilders could have addressed all of these problems with the proposed settlement before it was formally presented to the Court.  The admitted error in the TM Settlement could have been corrected if the list of carve outs had been provided in advance.

9.   "A court can endorse a settlement *only* if the compromise is fair, reasonable and adequate."  *Weinberger v. Kendrik*, 698 F.2d 61, 73 (2d Cir. 1982) (emphasis added). Moreover, "where the rights of one who is not a party to a settlement are at stake, the fairness of the settlement to the settling parties is *not* enough to earn the judicial stamp of approval."  *Id.*  (emphasis added).

10.   Put simply, the rights and interests of TM are materially and negatively impacted by the Banner Settlement Agreement.  It should be flatly rejected by the Court. The Court should also require that homebuilders be permitted to participate in any further negotiations that attempt to resolve any and all claims against any supply chain defendants on a global basis.

**WHEREFORE**, for all the foregoing reasons, TM objects to the Banner Settlement Agreement, and respectfully requests that the Court deny the Motion to Approve the Banner Settlement Agreement.

Dated: July 5, 2011                    Respectfully Submitted,

                                              s/Stephen E. Walker
                                              Neal A. Sivyer
                                              Florida Bar No. 373745
                                              Stephen E. Walker
                                              Florida Bar No. 0497851
                                              **SIVYER BARLOW & WATSON, P.A.**
                                              401 E. Jackson Street, Suite 2225
                                              Tampa, Florida  33602
                                              Telephone:  (813) 221-4242
                                              Facsimile:  (813) 227-8598

## CERTIFICATE OF SERVICE

     I HEREBY certify that on July 5, 2011, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., and Homebuilders' Steering Committee Dorothy Wimberly and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq. by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No.: 6.

                                              /s/ Stephen E. Walker
                                              Stephen E. Walker