UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL      MDL DOCKET: 2047
PRODUCTS LIABILITY LITIGATION

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

**THIS DOCUMENT RELATES TO:**
**ALL CASES AND**

*Payton, et al. v. Knauf Gips, KG, et al.*
**Case No. 2:09-cv-07628 (E.D.La.)**

*Wiltz, et al. v. Beijing New Building Materials*
*Public Limited Co., et al.*
**Case No. 2:10-cv-00361 (E.D. La.)**

*Gross, et al. v. Knauf Gips, KG et al.*
**Case No. 2:09-cv-06690 (E.D. La.)**

*Amato, et al. v. Liberty Mutual Ins., Co., et al.*
**Case No. 2:10-cv-00932 (E.D. La.)**

*Abel, et al. v Taishan Gypsum Co., Ltd., f/k/a*
*Shandong Taihe Dongxin Co., Ltd., et al.*
**Case No. 2:11-cv-00089 (E.D. La.)**

*Haya, et al. v. Taishan Gypsum Co., Ltd.*
*f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*
**Case No. 2:11-cv-01077 (E.D. La.)**

*Vickers, et al. v. Knauf Gips KG, et al.*
**Case No. 2:09-cv-04117 (E.D. La.)**
_____/

**RESPONSE AND OBJECTION OF THE LENNAR ENTITIES TO THE JOINT MOTION FOR PRELIMINARY APPROVAL OF STIPULATION AND SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF CLASS AND ISSUANCE OF CLASS NOTICE**

**NOW INTO COURT,** come Lennar Corporation, Lennar Homes, LLC f/k/a Lennar Homes, Inc., and U.S. Home Corporation (collectively, "Lennar")[1], who hereby

---

[1] Lennar files this response and objection reserving all defenses and without waiving objections to service of process, jurisdiction or venue.

1

submit their response in opposition to Plaintiffs' Steering Committee ("PSC"), and Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under Banner Insurance Policies (collectively, "Banner") and its insurers jointly filed Motion for an Order: (1) Preliminarily Approving Stipulation and Agreement of Settlement; (2) Conditionally Certifying Class; (3) Issuing Class Notice; and (4) Scheduling Fairness Hearing (the "Motion to Approve the Proposed Banner Settlement Agreement") [D.E.9470], and in support thereof state as follows:

1.   On June 14, 2011, the PSC and Banner jointly field their Motion to Approve the Proposed Banner Settlement Agreement, asking this Court to preliminarily approve the "Stipulation and Agreement of Settlement" (the "Proposed Banner Settlement Agreement"). While Lennar has joined in a separate, general response in opposition to the Proposed Banner Settlement Agreement filed by several homebuilders, this response and objection relates solely to issues unique to Lennar.

2.   As the Court is well aware, Lennar has spent tens of millions of dollars repairing hundreds of homes that were affected by the defective Chinese-manufactured drywall ("Chinese Drywall") supplied by Banner. As a result, and as assignee of certain of their homeowners' property damage claims, Lennar is the largest member of this putative settlement class, having tens of millions of dollars of pending claims against Banner.

3.   Notwithstanding these facts and the Court's order allowing Lennar to intervene for settlement purposes in the putative class actions against Banner, and despite

1061988v.1

the Court's repeated directives to the PSC and Banner that the homebuilders be included in these settlement discussions, Lennar was not invited to, and in fact did not, participate in the negotiations over any of the terms of the Proposed Banner Settlement Agreement. Lennar was not informed of or even provided a copy of the Proposed Banner Settlement Agreement until it after it was executed.

4.  This Court expressed its disappointment with the fact that the homebuilders, including Lennar, were excluded from these settlement negotiations in the following exchange at the June 14th monthly status conference:

> MS. BASS: … I feel compelled to put on the record that despite the admonishment of this Court to include the homebuilders in the negotiation process, and despite the fact that this Court granted intervention to some of the builders so they could participate in the settlement of this class, the homebuilders have been totally excluded from this process.
>
> The Homebuilders Steering Committee was given a term sheet ten days ago with significant material terms not included. We were assured that we would be included in the settlement discussions before anything went final. We actually had offered to go to New York to do that, we offered to come in yesterday to do that. We negotiated for a week over the time to get together to have the discussion, and we're shocked to find out when we arrived in court today that the deal had already been cut.
>
> I understand it's a complicated deal. It may be the best deal possible. But I can assure you, it is much easier to cut a deal when you're excluding one of the most important classes or subclasses of relevant interested parties, and that's what I believe has been done.
>
> We will meet with the PSC. We will go through this settlement agreement on behalf of the Homebuilders Steering Committee. But I must put on the record how offended we are with this process, that the insurance companies and Banner and the PSC have sliced and diced a deal and allocated risks and allocated the release provisions and the dollars without any input from the one set of parties at the table who spent millions of dollars to repair these homes.
>
> So we will go through this process, Your Honor, but I have to express my sincere concern about the possibility that all this work will be for naught. Because if all the homebuilders object to the settlement, I

suspect that neither Banner nor the insurance companies will be prepared to go forward.

THE COURT: Yes. I'm disappointed that this occurred because that wasn't my understanding. I understood that everybody would be at the table this time and would participate in this agreement. And as I mentioned to counsel in conference, I want them to meet following this matter and see whether or not we're just dealing with a misunderstanding as opposed to something more serious.

But I do agree that the significant people have to be plugged in and participate in these matters in order for them to be successful. So I don't want this to happen again.

Transcript of Status Conference, dated June 14, 2011, at pp. 9-10.

5. After reviewing the Proposed Banner Settlement Agreement, Lennar learned that the Proposed Banner Settlement Agreement included a $5,235,324.00 "carve out" for seven "Pending Settlements," defined as "confidential settlements entered into, but not yet fully documented, by Banner."

6. Because Lennar had reached a separate settlement agreement in principle with Banner months before the Proposed Banner Settlement Agreement, Lennar was included in this "carve out." The "carve out" did not, however, accurately reflect the terms or scope of Banner's "Pending Settlement" with Lennar.

7. Banner's "Pending Settlement" with Lennar included all then-identified Lennar homes with Chinese Drywall supplied by Banner that met certain additional criteria ("Qualified Lennar Homes"). Banner, however, failed to include the majority of these Qualified Lennar Homes within the "carve out." Now, months later, and in the face of mounting objection and pressure from the PSC, Banner will not agree to abide by the scope of its "Pending Settlement" with Lennar.

8. Had Lennar been allowed by Banner and the PSC to participate in their settlement discussions, the parties could have addressed and attempted to resolve the

4

aforementioned issues before the Proposed Banner Settlement was executed and presented to the Court.

**WHEREFORE**, for all the foregoing reasons, including Banner's failure to abide by the terms and scope of its "Pending Settlement," Lennar objects to the Proposed Banner Settlement Agreement, and respectfully request that the Court deny the Motion to Approve the Proposed Banner Settlement Agreement and require Banner and the PSC to allow Lennar to participate in further negotiations aimed at resolving the aforementioned issues and correcting the Proposed Banner Settlement Agreement.

Dated: July 5, 2011                                    Respectfully submitted,

| | |
|---|---|
| **STONE PIGMAN WALTHER WITTMANN**<br>*Local Lead Counsel for the HSC*<br>546 Carondelet Street<br>New Orleans, LA  70130<br>Telephone: (504) 593-0804<br>Facsimile: (504) 593-0804<br>E-mail: pwittmann@stonepigman.com<br><br>By:   /s/ Phillip A. Wittmann<br>        PHILLIP A. WITTMANN<br>        Louisiana Bar No. 13625 | **GREENBERG TRAURIG, P.A.**<br>*Lead Counsel for the HSC and Counsel for Lennar*<br>1221 Brickell Avenue<br>Miami, Florida 33131<br>Telephone: (305) 579-0500<br>Facsimile: (305) 579-0717<br>Email: bassh@gtlaw.com<br><br>By:   /s/ Hilarie Bass<br>        HILARIE BASS<br>        Florida Bar No. 334323<br>        MARK A. SALKY<br>        Florida Bar No. 058221 |

1061988v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 5, 2011, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., Homebuilders' Liaison Counsel, Dorothy Wimberly, Esq., and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq., by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

/s/ Hilarie Bass
Hilarie Bass

1061988v.1