**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: CHINESE-MANUFACTURED     MDL DOCKET: 2047
DRYWALL PRODUCTS LIABILITY     SECTION: L
LITIGATION

    JUDGE FALLON
THIS DOCUMENT RELATES TO     MAG. JUDGE WILKINSON
ALL CASES
_____/

### BANNER ENTITIES' RESPONSE TO KNAUF DEFENDANTS' MOTION FOR CLARIFICATION OF INEX AND BANNER STAY ORDER

Defendants Banner Supply Company, Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, Banner Supply Company Port St. Lucie, LLC, Banner Supply Company Tampa, LLC, and Banner Supply International, LLC (collectively "Banner"), file this Memorandum in Response to Knauf Defendants' Motion for Clarification of Inex and Banner Stay Orders. Knauf incorrectly argues that the Court stayed not only all claims against Banner, but also Banner's affirmative claims against the Knauf Defendants. As demonstrated below, Banner is permitted to pursue its affirmative claims.

The Court entered an Order on June 15 staying all affirmative claims against Banner. The Court's Order could hardly be more clear: "All claims *against* Settling Defendants in the Litigation, Related Actions, and all Related Claims shall be stayed and enjoined, pending the settlement proceedings and further Orders of the Court." (Doc. 9527, ¶ 3)[1] (emphasis added). The Court did not stay "all claims against Banner and all claims brought by Banner"; it stayed only the former. Accordingly, Banner is free to pursue all of its affirmative claims.

Knauf ignores this Order and focuses on the Court's initial stay Order (Doc. 9489) that was issued almost immediately after the parties informed the Court of the potential settlement.

---

[1] "Settling Defendants" is defined in the Proposed Settlement to include Banner and its insurers. (Doc. 9470-5, p.5).

But even that Order stays only the "prosecution of all Banner-related proceedings . . . until further Order from the Court."  Even if "prosecution" of Banner-related proceedings could be construed to include Banner's affirmative claims, the Court's June 15 Order erased any doubt of the scope of the stay: it applies only to claims "against" Banner.  Consequently, Banner is free to pursue its claims against other parties, including the Knauf Defendants.

Knauf's argument that Banner would gain an "unfair litigation advantage" by pursuing its affirmative claims while the claims against Banner are stayed is absurd.  Banner has affirmative claims against only one group of defendants: the Knauf Defendants, which have not asserted any claims against Banner.  As such, the supposed "unfair litigation advantage" could exist only in the limited context of Banner's claims against the Knauf Defendants.  But since the Knauf Defendants have no affirmative claims against Banner, the "unfair litigation advantage" Knauf fears simply does not exist, and there is no reason to stay Banner's affirmative claims.

Finally, not only would a stay of Banner's affirmative claims not enhance the settlement, it would actually violate the terms of the Settlement Agreement, which expressly provide for the prosecution of Banner's affirmative claims.  Specifically, section 3.2 of the Settlement Agreement states:

> "This Settlement does not release any claims whatsoever that the Settling Defendants may have against third parties arising out of, in any manner related to, or connected in any way with Chinese Drywall, including claims against Knauf Gips KG; Gebrueder Knauf Verwaltungsgesellschaft, KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; and Guangdong Knauf New Building Materials Products Co., Ltd.; Beijing New Building Materials Public Ltd. Co.; Taishan Gypsum Co., Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Pingyi Zhongxin Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc.; and any other manufacturer or entity related to a manufacturer of Chinese drywall.  The Parties will not interfere with and will reasonably cooperate with the Settling Defendants' rights or efforts to assert claims and obtain recoveries against third parties arising out of, in any manner related to, or connected in any way with Chinese Drywall."

(Doc. 9470-5).  Staying Banner's claims would "interfere" with Banner's right to "assert claims and obtain recoveries against third parties."

The Court's June 15 Order staying all claims against Banner is crystal clear and needs no clarification.  If the Court deems it necessary to clarify the scope of the stay, it should make clear that only claims against Banner are stayed, and Banner is free to pursue its affirmative claims against the Knauf Defendants.

Respectfully submitted, this 5th day of July, 2011.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Michael A. Sexton*
**MICHAEL A. SEXTON**
Georgia Bar Number: 636489
**STEPHEN J. RAPP**
Georgia Bar Number: 103806
3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Telephone (404)876-2700
msexton@wwhgd.com
*Counsel for Banner Supply Company; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; and Banner Supply International, LLC*

**PETERSON & ESPINO, P.A.**

**MICHAEL P. PETERSON**
Florida Bar Number: 982040
10631 S.W. 88th Street, Suite 220
Miami, Florida 33176
Telephone: (305) 270-3773
E-mail:  mpeterson@petersonespino.com
*Counsel for Banner Supply Company Port St. Lucie, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Banner Entities' Response to Knauf Defendants' Motion for Clarification of Inex and Banner Stay Orders has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 5th day of July, 2011.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Michael A. Sexton*
**MICHAEL A. SEXTON**
Georgia Bar Number: 636489