UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | CIVIL ACTION NO. 09-2047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | JUDGE FALLON |
| _____ | ) | |
| **This Document Relates to:** | | MAGISTRATE WILKINSON |
| ALL CASES | | |

### INTERIOR EXTERIOR'S RESPONSE TO SOUTHERN HOMES' MOTION TO SET AN EVIDENTIARY HEARING TO DETERMINE SECURITY

**NOW INTO COURT**, through undersigned counsel, comes Interior Exterior Building Supply, L.P. ("INEX") who files this Response in Opposition to the Motion to Set an Evidentiary Hearing to Determine Security (the "Motion") filed by Builder-Defendants, Southern Homes, LLC; Tallow Creek, LLC; and Springhill, LLC (collectively "Southern Homes.")

**A. Southern Homes has failed to establish the necessity of security under the circumstances of the limited and temporary stay at issue.**

INEX joins in and adopts the Response in Opposition to the Motion filed by the PSC, Class Counsel and Subclass Counsel. As set forth therein, and as thoroughly chronicled by this Court in its June 9, 2011 Order denying Southern Homes' Motion for a New Trial, it is well established that it is within this Court's authority, pursuant to the All Writs Act, to issue a stay of parallel state court proceedings where there are conditional class certifications and impending settlements in the MDL action. *In re Chinese-Manufactured Drywall Litig.*, 2011 WL 2313866 (E.D. La. Jun. 9, 2011); *See also, In re Baldwin-United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985); *Carlough v. Amchem Prods., Inc.,* 10 F.3d 189, 202–04 (3d Cir.1993); *In re Corrugated Container Antitrust Litig.,* 659

- 1 -

F.2d 1332, 1334–35 (5th Cir. Unit A 1981); *Asbestos Sch. Litig.,* 1991 WL 61156, at *3; *Joint E. & S. Dist. Asbestos Litig.,* 134 F.R.D. at 36–37; *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.,* 93 F.Supp.2d 876 (M.D.Tenn.2000); *In re Lease Oil Antitrust Litig. No. II*, 48 F.Supp.2d 699, 704 (S.D.Tex.1998); *Harris v. Wells,* 764 F.Supp. 743 (D.Conn.1991); *In re Asbestos Sch. Litig.,* No. 83–0268, 1991 WL 61156 (E.D.Pa. Apr.16, 1991), *aff'd mem.*, 950 F.2d 723 (3d Cir.1991); *In re Joint E. & S. Dist. Asbestos Litig.,* 134 F.R.D. 32 (E.D.N.Y & S.D.N.Y 1990). Southern Homes has failed to cite to this Court any authority requiring the posting of security under the circumstances of such a stay. Certainly, no authority was required in any of the seminal cases referenced above. Southern Home's request for an evidentiary hearing to determine security, therefore, is unwarranted, and the Motion should be denied.

**B. Rule 65(c) does not apply to a stay issued to protect the Court's jurisdiction over the subject matter of the action.**

The great weight of the federal authority provides that no security is necessary when the Court enters a stay of parallel proceedings in aid and preservation of its jurisdiction. In support of its request for a security, Southern Homes cites to Federal Rule of Civil Procedure 65(c), which provides:

> **(c) Security.** No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the United States or of an officer or agency thereof.

Fed.R.Civ.P. 65(c) (emphasis in original).

Several Circuit Courts of Appeal, however, have held explicitly that if the injunction is designed "to aid and preserve the court's jurisdiction over the subject matter

involved," security is not required. *Magidson v. Duggan,* 180 F.2d 473, 479 (8th Cir.1950), *cert. denied,* 339 U.S. 965, 70 S. Ct. 1000, 94 L. Ed. 1374 (1950) ("The temporary and permanent injunctions issued by the trial court in the instant case were to aid and preserve the court's jurisdiction over the subject matter involved and as such were not limited by Rule 65(c)"); *Ferguson v. Tabah,* 288 F.2d 665 (2d Cir.1961) (recognizing same principle); *Urbain v. Knapp Brothers Manufacturing Co.*, 217 F.2d 810, 815 (6th Cir. 1954); *Continental Oil Oil Co. v. Frontier Refining Company*, 338 F.2d 780 (10th Cir. 1964). Although the Fifth Circuit has not squarely addressed the issue, in *Delgado v. Shell Oil Co.*, 231 F.3d 165 (5th Cir. 2000), the circuit court did affirm a lower court's order enjoining parallel action pursuant to the All Writs Act *without* requiring a bond. In enjoining parallel action, the Southern District of Texas court noted and concluded as follows:

> This court possesses authority pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and its inherent powers, to enjoin the commencement of litigation in appropriate circumstances.
>
> * * *
>
> The court concludes that it is still true that "[t]he filing of any new DBCP-related actions in the United States by plaintiffs and intervenor-plaintiffs in the present actions would substantially undermine this court's authority and ability to effectively rule on defendants' motion to dismiss for forum non conveniens and their motion for permanent injunctive relief and to grant meaningful relief if the court grants the motion." Continuation of the preliminary injunction is also necessary to preserve the status quo and to preserve the court's jurisdiction and authority until the parties have taken the actions necessary to give effect to the terms of this Memorandum and Order.
>
> * * *
>
> [N]o security pursuant to Fed.R.Civ.P. 65(c) is necessary because the primary purpose of this Memorandum and Order is to preserve the court's ability to effectively rule on matters presently before it, to order

>   meaningful relief with respect to motions pending before it, and to prevent abuse of the judicial system.
>
>   *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1374 (S.D. Tex. 1995).

The Fifth Circuit subsequently affirmed the district court's Order, albeit without comment on this precise issue of the bond; and the United States Supreme Court denied the petition for writ of certiorari. 231 F.3d 165 (5th Cir. 2000), *cert. denied* 532 U.S. 972, 121 S. Ct. 1603, 149 L. Ed. 2d 470 (2001)

Numerous other federal courts have also found that no security is necessary when the court exercises its authority, under the All Writs Act or otherwise, to aid and preserve its jurisdiction over the subject matter involved. *See*, *ProBatter Sports, LLC v. Joyner Technologies, Inc.*, 463 F. Supp. 2d 949, 957-58 (N.D. Iowa 2006) ("Because the antisuit injunction the court issues in this order is designed to aid and preserve the court's jurisdiction over the various claims …, no bond is required"); *Zenith Radio Corp. v. United States,* 518 F.Supp. 1347 (C.I.T.1981) ("[W]here a federal court issues a preliminary injunction in aid of and in preservation of its jurisdiction, no security need be required pursuant to [R]ule 65(c)."); *United Fruit Co. v. Standard Fruit & S.S. Co.,* 282 F.Supp. 338, 340 n. 3 (D.Mass.1968) (no security required for the issuance of an injunction enjoining another district court from further proceedings in a related action); *Bivins v. Bd. of Pub. Educ. & Orphanage,* 284 F.Supp. 888, 899 (M.D.Ga.1967); *Bivins v. Bd. of Pub. Ed. & Orphanage for Bibb County*, 284 F. Supp. 888, 899 (M.D. Ga. 1967) ("And it is equally clear that no bond is required where the preliminary injunction frequently referred to as 'protective' in nature is issued to preserve the trial court's 'jurisdiction over the subject matter involved.'")

The logic of these decisions is clear: there can be no unintentional harm from the court's exercise of its statutory and inherent authority to protect and further its own jurisdiction, and a party's ability to post security should not be a prerequisite to same. Simply put, the very purpose of the All Writs Act is to allow a federal court to protect its jurisdiction *sui generis* without regard for the wherewithal of the litigants. Accordingly, the posting of security under Rule 65(c) is not required when the Court acts to stay parallel litigation furtherance of its jurisdiction. This Court made clear in its June 9th Order that this is precisely the basis for the stay at issue; as such, no hearing on security is necessary, and the Motion should be denied.

### C. This Court has the discretion to not require a bond under Rule 65(c).

Finally, the Fifth Circuit has also made clear that even if Rule 65(c) is applicable, which INEX contends it is not, the requirement to post a bond, nevertheless, is within the trial court's sound discretion, and the court may require no bond at all. In *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 626 (5th Cir. 1996), *cert. denied*, 519 U.S. 821, 117 S. Ct. 77, 136 L. Ed. 2d 36 (1996), the Fifth Circuit affirmed a district court's refusal to require a bond in support of an antisuit injunction enjoining the defendant from prosecuting a claim in its home country of Japan. The Fifth Circuit noted that "in holding that the amount of security required pursuant to Rule 65(c) 'is a matter for the discretion of the trial court,' we have ruled that the court 'may elect to require no security at all.'" *Kaepa*, 76 F.3d at 634 quoting *Corrigan Dispatch Company v. Casa Guzman,* 569 F.2d 300, 303 (5th Cir. 1978). The Court held, therefore, that the district court did not violate Rule 65(c) by failing to compel Kaepa to post a bond. 76 F.3d at 634. *See also, Rudney v. Int'l Offshore Services, L.L.C.*, CIV.A. 07-3908, 2007 WL 2900230, *5 (E.D. La. Oct. 1,

2007) (a court has the discretion to require a movant to post security for payment of damages to the enjoined party and the court "may elect to require no security at all"); *Perrier Party Rentals, Inc. v. Event Rental, LLC*, CIV.A. 07-3244, 2007 WL 2284579 (E.D. La. Aug. 7, 2007) (same); *BAC Home Loans Servicing, LP v. Texas Realty Holdings, LLC*, CIV.A. H-09-2539, 2010 WL 3522980, \*5 (S.D. Tex. Sept. 8, 2010) ("the amount of security required is a matter for the discretion of the trial court, which may elect to require no security at all.")

Here, the necessity for a bond is belied by the Court's obvious desire to maintain the status quo. As this Court noted in ruling on the Southern Homes' motion for a new trial, the stay is necessary to protect the *res* of the INEX settlement from potential harm of parallel actions by Southern Homes and other claimants until such time as the settlement is approved and perfected, bringing finality to all of the claims against INEX. In this way, the stay merely temporally limits, but does not eliminate, Southern Homes' rights to prosecute its claims and, therefore, does not necessitate security to protect against potential damage to Southern Homes. *See BAC Home Loans Servicing, LP,* 2010 WL 3522981 at \*5 ("The purpose of the bond is to prevent damages that a party may incur from a wrongful injunction. Here, the court has narrowly tailored the injunction in such a way as should prevent any damages to Groves. … The injunction merely limits, without eliminating, her ability to part with or encumber her properties.") Accordingly, this Court should exercise, and presumably already has properly exercised, its considerable discretion to require no amount of bond, to the extent one is even required under Rule 65(c) given the circumstances presented. Southern Homes' Motion should, therefore, be denied.

Respectfully submitted,

***Richard G. Duplantier, Jr.   /s/***
_____
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
Jeffrey P. Green (# 30531)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802 / Fax:   (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com
bgrau@gjtbs.com / ceiselen@gjtbs.com /
jgreen@gjtbs.com
*Counsel for Defendant, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, LLC*

- 8 -

**Certificate of Service**

   The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 5th day of July, 2011.

                *Richard G. Duplantier, Jr.   /s/*
                RICHARD G. DUPLANTIER, JR.