UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | CIVIL ACTION NO. 09-2047 <br><br> JUDGE FALLON |
| This Document Relates to: ALL CASES | ) | MAGISTRATE WILKINSON |

### INTERIOR EXTERIOR'S RESPONSE TO KNAUF'S MOTION FOR CLARIFICATION OF INEX AND BANNER STAY ORDERS

**NOW INTO COURT**, through undersigned counsel, comes Interior Exterior Building Supply, L.P. ("INEX") who files this Response in Opposition to the Motion to for Clarification of INEX and Banner Stay Orders filed by The Knauf Defendants ("Knauf").

The much assailed stay provision in the INEX Settlement is once again at issue. This time, Knauf purportedly seeks "clarification" of the stay provision, suggesting that the stay should apply not only to claims against INEX but also to by INEX. Knauf asserts no clear basis for this radical departure from both the intent and explicit language of the stay provision ("Prosecution of the Litigation and the Omni Complaints *against* InEx … shall be stayed …"). Instead, Knauf vaguely asserts that somehow the stay as written creates an "unfair litigation advantage" to INEX by allowing INEX to use the stay as "both a sword and a shield." The simple fact of the matter, however, is that Knauf has not agreed to contribute to the INEX settlement fund, nor is Knauf a party to that agreement; Knauf should not, therefore, be entitled to any benefits or protections from that settlement.

- 1 -

INEX is entitled to a stay of claims *against* it because it has bought its peace, agreeing to pay to claimants the entirety of its primary insurance ($8 million) as well as an assignment of its excess insurance ($72 million).  As this Court has exhaustively found, the purpose of the stay is to protect this settlement *res* until such time as the class settlement becomes final.  Knauf has not bought its peace, and, as such, is not entitled to any such protection.

While INEX has agreed to pay to have claims against it dismissed, INEX has specifically reserved, and is intent on pursuing, its affirmative claims against the complicit manufacturers of the defective drywall, including largely Knauf.  The stay does not, and frankly should not, affect these affirmative claims.  In suggesting the stay should apply to claims by INEX, Knauf seemingly focuses only on the third-party claims brought by INEX as part of the various claims against INEX.  Independent of INEX's alleged liability to homeowners for selling defective drywall, however, INEX has suffered significant damage to its business and reputation.  This damage ranges in the millions and falls squarely on the shoulders of Knauf and the other liable manufacturers.  The INEX Settlement has no bearing on these claims; and, therefore, the stay, which is narrowly tailored to protect only the settlement *res*, should likewise have no bearing on these claims.

INEX does not dispute that the stay should apply to the entirety of any action that involves direct claims against INEX by consumers, suppliers, builders, or contractors and in which INEX has asserted reciprocal third-party (or in some cases fourth-party) claims against Knauf.  INEX has taken this exact position, for example, in over 60 cases consolidated before Judge Nicole Still in Jefferson County, Alabama.  In seeking

enforcement of this Court's Stay Order, INEX argued, and prevailed, that the Stay Order should stay the entirety of the action, including direct claims by the plaintiffs against Knauf, because, as a practical matter and in the interest of judicial economy, it would be a waste of resources if discovery continued without INEX only to have INEX brought back into the case in the off-chance the INEX settlement fell through.

This same rationale, however, does not apply to INEX's affirmative claims against Knauf. In fact, the opposite is true – regardless of the outcome of the INEX settlement, INEX's claims against Knauf will remain viable. As a practical matter and in the interest of judicial economy, discovery against Knauf should go forward with INEX involved because of both the complexities involved in scheduling it and the likelihood of unnecessary repetition if INEX is excluded from the process.

In essence, what Knauf is asking for is a cessation of the entirety of the Chinese-manufactured Drywall litigation, excluding the claims against Taishan. Knauf has offered no legitimate basis for such a stay, however. Accordingly, Knauf's Motion for Clarification should be denied.

                            Respectfully submitted,

                            ***Richard G. Duplantier, Jr.   /s/***
                            _____
                            Richard G. Duplantier, Jr. (# 18874)
                            Lambert J. Hassinger, Jr. (# 21683)
                            Benjamin R. Grau (#26307)
                            Carlina C. Eiselen, (# 28524)
                            Jeffrey P. Green (# 30531)
                            GALLOWAY, JOHNSON, TOMPKINS,
                            BURR & SMITH
                            701 Poydras Street, 40th Floor
                            New Orleans, Louisiana 70139
                            Telephone:  (504) 525-6802 / Fax:  (504) 525-2456
                            rduplantier@gjtbs.com /jhassinger@gjtbs.com

>bgrau@gjtbs.com / ceiselen@gjtbs.com / jgreen@gjtbs.com
>*Counsel for Defendant, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, LLC*

### Certificate of Service

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 5th day of July, 2011.

>*Richard G. Duplantier, Jr.   /s/*
>RICHARD G. DUPLANTIER, JR.