UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047 |
| | SECTION:  L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

*Payton, et al. v. Knauf Gips, KG, et al.*
EDLA 09-07628

*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*
EDLA 2:10-cv-000361

*Gross, et al. v. Knauf Gips, KG, et al.*
EDLA 2:09-cv-6690

*Rogers, et al. v. Knauf Gips, KG, et al.*
EDLA 2:10-cv-00362

*Amato, et al. v. Liberty Mutual Ins. Co.*
EDLA 2:10-cv-00932

*Hernandez, et al. v. AAA Insurance, et al.*
EDLA 2:10-cv-03070

*Kenneth Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shangdong Taihe Dongxin Co., Ltd., et al.*
EDLA 2:11-cv-080

*Daniel Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
EDLA 2:11-cv-252

*Haya, et al. v. Taishan Gypsum Co., Ltd., et al.*
EDLA 2:11-CV-1077

*Vickers, et al. v. Knauf Gips, KG, et al.*
EDLA 2:09-cv-04117
_____/

**EXCEL CONSTRUCTION OF S.W. FLORIDA, INC.'S OPPOSITION TO JOINT MOTION FOR ORDERS: (1) PRELIMINARILY APPROVING THE STIPULATION AND SETTLEMENT; (2) CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS; (3) ISSUING CLASS NOTICE; AND (4) SCHEDULING A FAIRNESS HEARING REGARDING THE PROPOSED BANNER SETTLEMENT**

Excel Construction of S.W. Florida, Inc. ("**Excel**"), adopts and incorporates in its entirety "Certain Homebuilders' Response in Opposition to the Joint Motion for Orders: (1) Preliminarily Approving the Stipulation and Settlement; (2) Conditionally Certifying the Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Fairness Hearing Regarding the Proposed Banner Settlement," (hereafter "**HSC Opposition**"), filed by Local and Lead Counsel for the HSC, and others, on July 5, 2011 (Doc. No. 9730), as if set forth herein *in extenso*.

Excel is situated similarly to other non-remediating homebuilders. Excel specifically opposes the "Motion to Approve Banner Settlement Agreement" (Doc. No. 9558) because, as is pointed out in the HSC Opposition (Doc. No. 9730 at ¶ 7), the proposed Settlement Agreement requires that homebuilders decide whether to opt-out from the Banner settlement without knowing what, if any, portion of the settlement proceeds they will be allocated. One scenario being discussed is the PSC and Banner electing to allocate nothing to homebuilder Class Members that have not remediated properties, such as Excel.

If it is the PSC's and Banner's intent to pay nothing to non-remediating homebuilders, such intent should be clearly set forth in the proposed Banner Settlement Agreement prior to a grant of Preliminary Approval. This would allow parties like Excel the chance to fairly evaluate whether to participate. Because, if it is true that the PSC and Banner intend to pay zero dollars to non-remediating homebuilders, then such homebuilders have nothing to gain and everything to lose by participating. In short, non-remediating homebuilders would be agreeing to forego receipt of any settlement funds and the right to allocate fault to other responsible parties at trial

while effectively *releasing* all of their claims against *all* parties—except for manufacturers who may not even be able to be hailed into court—due to the proposed indemnity provisions requiring homebuilders to indemnify Banner and Banner's insurers in the event that they recover against any other defendants.

**WHEREFORE,** for all the foregoing reasons set forth above and in "Certain Homebuilders' Response in Opposition to the Joint Motion for Orders: (1) Preliminarily Approving the Stipulation and Settlement; (2) Conditionally Certifying the Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Fairness Hearing Regarding the Proposed Banner Settlement" (Doc. No. 9730), which is adopted and incorporated as if set forth herein, *in extenso*, Excel objects to the proposed Banner Settlement Agreement along with similarly-situated non-remediating homebuilders, and respectfully requests that the Court deny the Joint Motion for Orders in its entirety.

Dated: July 5, 2011                          Respectfully submitted,

**ADAMS AND REESE LLP**

s/Christopher A. D'Amour
CHRISTOPHER A. D'AMOUR (La. Bar #26252)
MEGAN HAGGERTY GUY (La. Bar #26316)
DAVID C. COONS (La. Bar #32403)
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
***Attorneys for Defendant***
***Excel Construction of S.W. Florida, Inc.***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 5, 2011, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., Homebuilders' Liaison Counsel, Dorothy Wimberly, Esq., and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq., by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

                s/David C. Coons