# EXHIBIT "B"



Attorneys at Law
Baton Rouge
Birmingham
Houston
Jackson
Memphis
Mobile
Nashville
New Orleans
Washington, DC

William B. Gaudet
Also admitted in Texas
(504) 585-0263
william.gaudet@arlaw.com

June 21, 2011

*VIA EMAIL (RHERMAN@hhkc.com)*
Russ M. Herman
Leonard Davis
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113

RE: *In Re: Chinese-Manufactured Drywall Products Liability Litigation*
**United States District Court for the Eastern District of Louisiana**
**Docket No. MDL No. 2047**
**Our File No.: 9560-44**

Gentlemen:

On June 8, 2011, we wrote to you requesting that claims asserted against Lowe's in the MDL by plaintiffs who did not provide, *on or before March 5, 2011*, sufficient indicia that there is CDW in the home and that the CDW in the home was purchased from Lowe's be dismissed pursuant to the November 9, 2010 Order and Agreed Stay Order [Rec. 6344]. With that letter, we provided the following list of the known plaintiffs and we asked that the claims be dismissed by June 22, 2011:

Gregory Bell, Omnibus III(A)
Charles and Tracy Bowden, Omnibus III(A) & Omnibus VII
Barry J. and Annette H. Dempster, Civil Action No. 09:5482
Debra Frazier, Omnibus VII
James Gilman c/o Carolyn Houck, Omnibus VII
Sheila Guidry, Civil Action No. 09:6690 & Omnibus VII
T. Jack Kent, Civil Action No. 10:1110
Alphonso and Nora Walker, Omnibus VII
Charles M. Franklin, Jr., Omnibus IX
Wanda Garnier, Omnibus IX
Gerald Grizzard, Omnibus IX

One June 13, 2011, the PSC filed a Motion for Leave to Serve Lowe's [Rec.9462]. on June 13, 2011. In the supporting memorandum, the PSC asserts that some, but not all, of the plaintiffs have satisfied the requirements in the Agreed Stay Order to continue to assert claims against Lowe's in the MDL. For any plaintiff who has not satisfied the requirements in the Agreed Stay Order, we reiterate our request that those claims against Lowe's be dismissed. For those that the PSC believes have satisfied the requirements in the Agreed Stay Order, we ask that you provide the sufficient indicia that there is CDW in the home and that the CDW in the home was purchased from Lowe's for each of the plaintiffs with claims in the MDL against Lowe's. Pursuant to our agreement, the PSC was required to "provide sufficient indicia....(i.e., the

EXHIBIT
B

---

identification of markings on the drywall that establish it as CDW, whether provided in the form of photographs, actual drywall samples shown to be taken from the home, or written, signed reports of visual inspections at the home) that the home in question contains CDW and that the CDW in the home was purchased by Lowe's." (Emphasis added). Being told by other lawyers that "they have complied" does not meet the requirements set forth in our agreement or the agreed stay order. We have yet to be provided any indicia, much less the indicia required.

We also note in your memorandum that the PSC represents that it refrained from serving Lowe's since the November 9, 2010 Order. But on March 21, 2011, your office served Lowe's with *Abel,* Omnibus VII. And on April 29, 2011, your offices served Lowe's with *Payton,* Omnibus I. Accordingly, the motion for leave to serve seeks permission to do what the PSC has already done, notwithstanding the issue of whether it should have done so or whether now asking for leave is appropriate. You also state that Lowe's did not oppose certain Intervention Omnibus Complaints. Lowe's did not oppose these complaints because they had no reason to oppose. As to those complaints, there is not a single named plaintiff that presently has a claim against Lowe's; and thus, Lowe's cannot be a class action defendant in those complaints.

Rather than burden Judge Fallon with the motion for leave to serve (or the PSC's "Motion to Lift Stay," [Rec. 9549] asking that the motion for leave be set for hearing), we propose meeting and conferring, as is required in this court before filing a motion, in order to identify those remaining plaintiffs who have satisfied the requirements in the Agreed Stay Order and those who haven't, after which we can discuss moving forward with the proceedings accordingly.

We proposed a telephone conference on June 23, 2011 at 9:30. Please let us know if you are available and, if not, please propose an alternate time and date. In the meantime, we suggest that the pending Motion to Lift Stay [Rec. 9549], solely as it relates to Lowe's, be withdrawn to allow the "meet and confer" to take place so that we may try to work out any remaining issues without burdening Judge Fallon..

With best regards, we remain,

Very truly yours,

ADAMS AND REESE LLP

William B. Gaudet

WBG/wq

cc: Arnold Levin (via email alevin@lfsblaw.com)