UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

### CHARTIS' RESPONSE TO THE KNAUF DEFENDANTS' MOTION
### FOR CLARIFICATION OF INEX AND BANNER STAY ORDERS

Chartis Specialty Insurance Company (formerly known as "American International Specialty Lines Insurance Company"), Illinois National Insurance Co., National Union Fire Insurance Company of Pittsburgh, Pa., and Commerce & Industry Insurance Co. (collectively "Chartis") hereby respond to the Knauf defendants' motion for clarification of the stay order issued to Banner[1] on June 11, 2011.  (Rec. Doc. No. 9489).[2]  Knauf feigns confusion by seeking clarification on whether the Stay Orders issued by this Court prevent Banner and its insurers from pursuing their affirmative third-party claims against Knauf.  However, the Court's June 15, 2011 Order Staying Claims as to Banner and Its Insurers clearly states:  "All claims *against* Settling Defendants in the Litigation, Related Actions, and all Related Claims shall be stayed and enjoined, pending the settlement proceedings and further Orders of the Court."  (Rec. Doc. No.

---

[1]  Chartis is not a participant in the InEx settlement and thus takes no position on the scope of the stay order issued in InEx's favor.

[2]  This Court issued a further stay order on June 15, 2011.  (Rec. Doc. No. 9527). Although the Knauf defendants only refer to the stay order issued on June 11, 2011, which applied "until further order from the Court," Rec. Doc. No. 9489, for the purposes of clarity this Response shall treat the June 11 and superseding June 15 orders (the "Stay Orders") together.

1

9527, ¶ 3)[3] (emphasis added). Accordingly, under the plain terms of the Stay Orders, Banner and its insurers are free to pursue all affirmative claims. Chartis respectfully requests that the Court confirm that, pursuant to its Stay Orders, Banner and its insurers are permitted to pursue their claims against Knauf consistent with the terms of the Banner Settlement.

On June 11, 2011, Banner, its insurers, and the PSC filed a Joint Motion for an Order preliminarily approving the Banner Settlement, which calls for Banner's insurers to contribute nearly $55 million into an escrow account to compensate homeowners and other claimants. The Court has set a hearing on the request for preliminary approval for July 14, 2011. The Banner Settlement is by far the largest proposed class settlement obtained in the MDL to date. Chartis is paying the vast majority of the settlement funds, and has a right derivative of Banner's to seek compensation from Knauf, as a subrogee of Banner's third party claims.

Knauf is not a party to the Banner Settlement. Despite the facts that (i) the vast majority of defective Chinese drywall distributed by Banner was manufactured by Knauf; and (ii) Banner is fighting for its survival as a result of the liabilities arising from Knauf drywall, Knauf has never offered any compensation whatsoever to Banner. Knauf is not contributing any funds whatsoever to the Banner Settlement. Knauf continues to claim that it is not subject to this Court's jurisdiction, as it wants Knauf's customers — the homebuilders, installers, and most significantly, distributors like Banner — to pay to clean up Knauf's mess.

Given Knauf's refusal to take responsibility for its defective drywall, a material component of the Banner Settlement was the provision clarifying that Banner (and its insurers) would pursue their claims against Knauf. Section 3.2 of the Settlement provides:

---

[3] "Settling Defendants" is defined in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Banner Settlement") to include Banner and its insurers. (Rec. Doc. No. 9470-5, § 1.19).

> This Settlement does not release any claims whatsoever that the Settling Defendants may have against third parties arising out of, in any manner related to, or connected in any way with Chinese Drywall, including claims against Knauf Gips KG; Gebrueder Knauf Verwaltungsgesellschaft, KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; and Guangdong Knauf New Building Materials Products Co., Ltd.; Beijing New Building Materials Public Ltd. Co.; Taishan Gypsum Co., Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Pingyi Zhongxin Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc.; and any other manufacturer or entity related to a manufacturer of Chinese drywall. The Parties will not interfere with and will reasonably cooperate with the Settling Defendants' rights or efforts to assert claims and obtain recoveries against third parties arising out of, in any manner related to, or connected in any way with Chinese Drywall.

(Rec. Doc. No. 9470-5, § 3.2).

If this Court interprets the Stay Orders as preventing Banner from pursuing its rights of recovery (and thus the insurers' rights of subrogation), Chartis would consider it an impairment of a material right Banner and Chartis negotiated and obtained under the Banner Settlement, giving rise to the right to terminate the Banner Settlement. (Rec. Doc. No. 9470-5, § 11.2.7).

In sum, Knauf is improperly seeking to benefit from a settlement to which it has not contributed. Knauf argues that staying claims against Banner while not staying claims against Knauf is an "unfair litigation advantage." (Rec. Doc. No. 9687-1, ¶ 6). Knauf fails to appreciate the obvious: Banner and the insurers have entered a settlement and committed to pay funds; Knauf has not. As the settling defendant, Banner is entitled to a stay; as a defendant that has chosen not to be a party to this settlement, Knauf is not. Indeed, under Knauf's view of the world, it will be insulated entirely from all liabilities and protected by stay orders so long as the

unfortunate American companies that used Knauf products continue to settle Knauf's claims. Knauf should not be given any more of a free ride.

Dated: July 5, 2011

Respectfully submitted,

/s/ Jane M. Byrne
Jane M. Byrne
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Phone: (212) 849-7000
Fax: (212) 849-7100
janebyrne@quinnemanuel.com
Counsel for Chartis