007028.000004

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL No. 2047** |
| | **SECTION L** |
| | **JUDGE FALLON** |
| **THIS DOCUMENT RELATES TO:** | **MAG. JUDGE WILKINSON** |
| Hobbie, et al. v. RCR Holdings II, LLC, et al. No. 10-1113 | |

_____/

## COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO JOINT MOTION FOR ORDERS: (1) PRELIMINARILY APPROVING THE STIPULATION AND SETTLEMENT; (2) CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS; (3) ISSUING CLASS NOTICE; AND (4) SCHEDULING A FAIRNESS HEARING

COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. (Coastal Construction), by and through undersigned counsel, hereby files its Memorandum of Law in Support of its opposition to Joint Motion For Orders: (1) Preliminarily Approving The Stipulation And Settlement; (2) Conditionally Certifying The Settlement Class; (3) Issuing Class Notice; And (4) Scheduling A Fairness Hearing, (R. Doc. 9558), and states the following:

1. On or about June 14, 2011, Plaintiff' Steering Committee (PSC), along with Banner Supply Company, and Banner's insurers (collectively Banner) filed their Joint Motion For Orders: (1) Preliminarily Approving The Stipulation And Settlement; (2) Conditionally Certifying The Settlement Class; (3) Issuing Class Notice; And (4) Scheduling A Fairness Hearing.

2. Defendant, Coastal Construction, hereby adopts and incorporates the Opposition

by Certain Homebuilders to Banner-related Joint Motion for Preliminary Approval of Stipulation and Agreement of Settlement filed July 5, 2011 as part of its opposition. See R. Doc 9707, 9709, 9710.

3. Further, Defendant, Coastal Construction, would state that the without further information on how the settlement proceeds will be distributed among Homebuilder class members, Distributor class members, and Homeowner class members, as well as other class members, the settlement cannot be held as fair, reasonable, and accurate.

4. As it stands in this initial filing the Banner Settlement Agreement should not be approved, even preliminarily. "If the proposal would bind class members, the court may approve it only after a hearing on finding that it is fair, reasonable and adequate." Fed. R. Civ P. 23(e)(2); see also Weinberger v. Kendrick, 698 F.2d 61, 73 (2d Cir. 1982).

5. The Proposed Settlement filed by the PSC and Banner just gives a blanket definition for class members as follows: "all persons or entities with claims, known or unknown, against Settling Defendants . . ." See Stipulation and Agreement of Settlement, R. Doc 9470-4. This would obviously include all homebuilders whose projects allegedly included affected Chinese Drywall sold and/or delivered by Banner, as well as homeowners, installers, and other defendants of different statuses and classes.

6. The Proposed Settlement gives no indication as to how the settlement proceeds would be distributed among the different class levels. It does not propose if a certain amount would be distributed among all homebuilders that opt in to the settlement. It does not specify if the distribution of Settlement Funds would be based on the amount of drywall supplied per square foot, the square footage of alleged units built by homebuilders, the number of units

containing drywall, or some other unspecified method of allocation. Without an indication of what manner of distribution and preference is given to the Settlement Funds, it cannot be determined if the Settlement is fair, reasonable, or adequate.

7. Finally the Proposed Settlement Agreement does not require Banner to set forth its basis for claiming inability to contribute to the Settlement Proceeds. Banner should not be granted a full release without any contribution without showing the affected parties the reason for not contributing to the Settlement.

**WHEREFORE**, COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC., respectfully requests that the Court deny the Joint Motion or enforce the Banner-related Settlement only when the terms are made fair, reasonable, and accurate.

Respectfully submitted,

Dated: July 5, 2011

/s/ Addison J. Meyers
Addison J. Meyers, Esq.
Fl Bar No. 267041
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
ameyers@defensecounsel.com

[Continued on following page]

/s/ Brian A. Eves
Brian A. Eves, Esq.
FL Bar No. 43794
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
beves@defensecounsel.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email and upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 5th day of July, 2011.

/s/ Addison J. Meyers
Addison J. Meyers