UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
IN RE: CHINESE MANUFACTURED : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY :
LITIGATION : SECTION: L
---------------------------------------------------------------x
THIS DOCUMENT RELATES TO: : JUDGE FALLON
:
ALL CASES : MAG. JUDGE WILKINSON
---------------------------------------------------------------x

**KNAUF DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CLARIFICATION OF INEX AND BANNER STAY ORDERS**

The Knauf Defendants submit this reply in support of their motion to clarify the stay order and in response to the oppositions of Banner, InEx, Chartis (Banner's insurer), and the PSC.

1. The Knauf Defendants' motion represented that the Knauf Defendants' counsel had discussed the impact of the Stay Orders on Banner's and InEx's third-party indemnity claims against the Knauf Defendants with counsel for Banner and InEx. *See* Motion at ¶¶ 3-4. In the case of Banner, the communication was confirmed in writing. *See* Exhibit A. In the case of InEx, the communication was oral. Neither Banner's opposition nor INEX's opposition denies that the Knauf Defendants accurately stated the substance of those communications.

2. Banner, InEx, Chartis and the PSC appear to have misconstrued the motion.

   **a. First, the clarification would not stay all proceedings against the Knauf Defendants or in any way interfere with or delay ongoing global discovery.** The PSC is continuing to pursue their claims against the Knauf Defendants: 3 depositions are scheduled in July (Baldwin Knauf, Hans Peter Ingenillem and the completion of Martin Halbach) and 3 more depositions are scheduled in August (Ann Zhong, Zhang Fudong and the completion of

60228925.DOCX



Mark Norris). The Knauf Defendants are not arguing that those depositions should be postponed, and are not arguing that Banner, InEx or their insurers are foreclosed from participating in that global discovery.

      b.    **Second, the clarification would only affect individual cases where Banner's or InEx's first-party liability is not established.** There are a number of individual state court actions in Florida against Banner and in Louisiana and Alabama against InEx where Banner and InEx have not paid the first-party plaintiff a penny. In those state court cases, the Court has stayed the plaintiff's right to pursue the first-party claims against Banner and InEx; consequently there is no third-party claim that can be pursued while the stay is in place.

- Third-party liability is derivative of first-party liability. As a matter of law, "a fundamental prerequisite to an action for equitable indemnity is an actual monetary loss through the payment of a judgment or settlement." 41 Am. Jur. 2d *Indemnity* § 26 (2011).[1] In other words, Banner's and InEx's third-party claims against the Knauf Defendants cannot be determined before Banner's and InEx's liability to the first-party

---

[1] *Accord Dade County Sch. Bd. v. Radio Station WQBA*, 731 So.2d 638, 643-44 (Fla. 1999) (summary judgment on indemnity claim premature "prior to a determination of liability"); 8 Fla. Prac., Constr. Law Manual § 7:22 (2010-2011) ("Judgment for indemnity may not be entered prior to a finding of liability in favor of the plaintiff on the main claim"); *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So.2d 37, 51 (La. 2005) (claims for defense under indemnity agreement premature where parties had "not yet sustained any compensable loss;" deferring indemnity claim "until the [first-party] lawsuit is concluded and liability is determined"); *Faucheaux v. Prytania Med. Complex Owners Ass'n*, 642 So.2d 242, 244-45 (La. Ct. App. 1994) (decision on indemnity claim was premature "until the main demands are tried and resolved" because the court "should not entertain a declaratory action based on a contingency which may or may not arise"); *Ala. Kraft Co. v. Se. Ala. Gas Dist.*, 569 So.2d 697, 700 (Ala. 1990) ("[A] right to indemnity does not arise … until one acting as surety satisfies his principal's obligation, or until a master or principal pays damages arising from his servant's or agent's negligent or fraudulent acts").

plaintiff is determined. Therefore, there is no basis for Banner or InEx or their insurers to prosecute a third-party claim while the first-party claim is stayed.

- In addition, the Knauf Defendants are unfairly prejudiced by the one-sided stay. To properly defend the third-party claim, the Knauf Defendants have the right to know the parameters of the first-party claim against Banner or InEx. The Knauf Defendants cannot assess or defend the third-party claims against them in a vacuum without information concerning the first-party claims against Banner and InEx for which Banner and InEx seek to transfer liability to the Knauf Defendants.

   c. **Third, the clarification would not stay third-party claims where Banner's or InEx's first-party liability already is established.**  The clarification motion expressly agrees that the Stay Orders do not apply to "cases in which the first-party claims against Banner have been resolved." Motion at ¶ 8. Consequently, the proposed clarification would have no effect on those third-party actions that are ripe for litigation because the requisite payment to the first-party plaintiff has been made.

- The Knauf Defendants are not aware of any cases in which first-party claims against InEx have been resolved – other than via the Pilot Program, where no third-party claim has been asserted because InEx has released the Knauf Defendants.

- Banner has stated that the *Seifart* and *Harrell* actions before Judge Farina are the only actions in which Banner has made a settlement payment or been adjudicated liable on a first-party claim – again excluding five pilot programs homes where there is no third-party claim because of a mutual release. The proposed clarification would not affect Banner's third-party claims in *Seifart* and *Harrell*, which are set for trial on November 28, 2011 and February 1, 2012, respectively.

        d.      **Fourth, there is no basis for Banner or InEx to pursue third-party claims based on the proposed class action settlements until those settlements are finalized.** Banner and InEx have not yet asserted third-party claims to recoup amounts potentially owed under their proposed class action settlements with the PSC. We understand that they intend to do so. It is, however, premature for either Banner or InEx to pursue a third-party claim based on the proposed class settlements. Banner and its insurers, and InEx and its insurers, each have the right to terminate their proposed class action settlements based on an assessment that there are too many opt outs. *See* Banner Proposed Settlement ¶ 6.3.2.; InEx Proposed Settlement ¶ 7.3.1. In addition, the Court has yet to conduct a fairness hearing and approve the settlements. Until and unless Banner and InEx commit irrevocably to go forward with their class action settlements, and until and unless the Court approves those class settlements, third-party claims to recover monies that are merely placed in escrow – and that may be refunded – are speculative. Banner and InEx should commit to going forward with those settlements before being permitted to prosecute third-party claims to recoup the costs.

        3.      Banner and InEx will not be prejudiced by clarification of the Stay Orders. The proposed clarification of the Stay Orders would affect only the timing of Banner's and InEx's third-party claims – not their rights to pursue those claims. The only effect would be that the third-party claims coincide with – and not precede – the first-party claims on which the third-party claims are based.

        a.      To the extent Banner or InEx and their insurers seek to recover money sought by a particular plaintiff, there is no basis to pursue a third-party claim while the first-party claim is stayed. When and if the stay of the first-party claim is lifted, Banner and InEx can pursue their third-party claims.

b. Similarly, when and if Banner and InEx decline to exercise their termination rights, and the Court approves their class settlements, Banner and InEx can pursue their third-party claims for those settlement payments.

4. Accordingly, this Court should clarify the Stay Orders to make clear that until further order of the Court, all litigation involving InEx, Banner and their insurers, including any third-party claim asserted by Banner or InEx, is stayed, except that any third-party claim by Banner or InEx is not stayed if the corresponding first-party claim has been resolved. The Court should also clarify that Banner, InEx and their insurers may participate in the PSC's ongoing global discovery against the Knauf Defendants.

Dated: July 8, 2011

Respectfully submitted,

By: Kyle A. Spaulding
MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for the Knauf Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Knauf Defendants' Reply in Support of Their Motion for Clarification of Stay Orders has been served upon Plaintiffs' Liaison Counsel and counsel for InEx and Banner by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 8th day of July, 2011.

/s/ Kyle Spaulding

60228925.DOCX