# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL | : | CASE NO.: 2:09-MD-2047 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| | : | JUDGE FALLON |
| This Document Relates to: Daniel Abreu et al. v. | : | |
| Gebrueder Knauf Verwaltungsgesellschaft, KG et al. | : | MAG. WILKINSON |
| Docket No.: 11-252_____/ | : | |

## DEFENDANTS SANTA BARBARA ESTATES, INC.'S AND UNITED HOMES INTERNATIONAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (VIII)

Defendants, Santa Barbara Estates, Inc. ("Santa Barbara") and United Homes International, Inc. ("United Homes") (collectively, the "Defendants"), through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby serve their Answer and Affirmative Defenses to Plaintiffs' Omnibus Class Action Complaint (VIII) with a general denial of each and every allegation that Defendants designed manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed or sold any defective drywall at issue in this litigation, and further state:

## JURISDICTION, PARTIES, AND VENUE

1.      The allegations in paragraph 1 call for legal conclusions for which no response is required and further contains factual allegations which Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 1. Defendants deny the allegations in paragraph 1 to the extent a response is required.  Defendants further deny that this lawsuit meets the standards for a class action.

2.      The allegations in paragraph 2 call for legal conclusions for which no response is required and further contains factual allegations which Defendants lack sufficient knowledge or

information to form a belief about the truth of the allegations contained in paragraph 2. Defendants deny the allegations in paragraph 2 to the extent a response is required.

3.      The allegations in paragraph 3 call for legal conclusions for which no response is required and further contains factual allegations which Defendants lacks sufficient knowledge or information to form a belief about the truth of such allegations and therefore denied and strict proof is demanded thereof..  Defendants deny the allegations in paragraph 3 to the extent a response is required.  Defendants further deny that this lawsuit meets the standards for a class action.

## PLAINTIFFS

4. through 286.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 4 through 286, and therefore deny these allegations and demand strict proof thereof.

## DEFENDANTS

287.    Defendants admit that they are Florida corporations, but deny the remaining allegations of paragraph 287.

### The Manufacturing Defendants

288-297.        The allegations in paragraphs 288 through 297 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 288 through 297, and therefore deny these allegations and demand strict proof thereof.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

**The Distributor/Supplier/Importer/Exporter/Broker Defendants**

298-308.       The allegations in paragraphs 298 through 308 pertain to parties other than Defendants, and therefore, no response is required.   To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 298 through 308, and therefore deny these allegations and demand strict proof thereof.

**The Developer/Builder Defendants**

309-386.       The allegations in paragraphs 309 through 386 pertain to parties other than Defendants, and therefore, no response is required.   To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 309 through 386, and therefore deny these allegations and demand strict proof thereof.

387.   Santa Barbara admits it is organized under the laws of Florida, but denies the remaining allegations of paragraph 387.

388-398.       The allegations in paragraphs 388 through 398 pertain to parties other than Defendants, and therefore, no response is required.   To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 388 through 398, and therefore deny these allegations and demand strict proof thereof.

399.   Defendant United Homes admits it is organized under the laws of Florida, but denies the remaining allegations of paragraph 399.

400-406.       The allegations in paragraphs 400 through 406 pertain to parties other than Defendants, and therefore, no response is required.   To the extent a response is required,

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 400 through 406, and therefore deny these allegations and demand strict proof thereof.

### The Contractor/Installer Subclasses

407-424.     The allegations in paragraphs 407 through 424 pertain to parties other than Defendants, and therefore, no response is required.   To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 407 through 424, and therefore deny these allegations and demand strict proof thereof.

## FACTS REGARDING PROBLEMATIC DRYWALL

425-430.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 425 through 430, and therefore deny these allegations and demand strict proof thereof.

431-436.     Denied.

## CLASS ACTION ALLEGATIONS

### The Knauf Class

437.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 437, and therefore deny this allegation and demand strict proof thereof.

### The Distributor/Supplier/Importer/Exporter/Broker Subclasses (Subclasses 1-10)

438-439.     The allegations in paragraphs 438 through 439 pertain to parties other than Defendants, and therefore, no response is required.   To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the

4

allegations contained in paragraphs 438 through 439, and therefore deny these allegations and demand strict proof thereof.

.       **The Builder/Developer Subclasses (Subclasses 11-108)**

440-441.       Denied.

**The Contractor/Installer Subclasses (Subclasses 109-126)**

442-443.       The allegations in paragraphs 442 through 443 pertain to parties other than Defendants, and therefore, no response is required.   To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 442 through 443, and therefore deny these allegations and demand strict proof thereof.

**General Class Allegations and Exclusions from the Class Definitions**

444.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 444, and therefore deny these allegations and demand strict proof thereof.

445-448.       Denied.

449.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 449, and therefore deny these allegations and demand strict proof thereof.

450-453.       Denied.

**COUNT I**
**NEGLIGENCE**
**(Against All Defendants)**

454.    Defendants reallege and reaver the answers and responses to paragraphs 1 through 453 above, as if fully set forth herein.

5

455-461.      Denied.

## COUNT II
## NEGLIGENCE PER SE
### (Against All Defendants)

462.     Defendants reallege and reaver the answers and responses to paragraphs 1 through

453 above, as if fully set forth herein.

463-468.      Denied.

## COUNT III
## STRICT LIABILITY
### (Against All Defendants)

469.     Defendants reallege and reaver the answers and responses to paragraphs 1 through

453 above, as if fully set forth herein.

470-486.      Denied.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (Against All Defendants)

487.     Defendants reallege and reaver the answers and responses to paragraphs 1 through

453 above, as if fully set forth herein.

488-494.      Denied.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY
## PURSUANT TO FLORIDA STATUTES SECTION 718.203
### (On Behalf of Plaintiffs Who Own Condominiums in the Stat of Florida)
### (Against Builders Only)

495.     Defendants reallege and reaver the answers and responses to paragraphs 1 through

453 above, as if fully set forth herein.

496-506.      Denied.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

507.    Defendants reallege and reaver the answers and responses to paragraphs 1 through 453 above, as if fully set forth herein.

508-513.    Denied.

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

514.    Defendants reallege and reaver the answers and responses to paragraphs 1 through 453 above, as if fully set forth herein.

515-517.    Denied.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (Against Louisiana Builders Only)

518.    Defendants reallege and reaver the answers and responses to paragraphs 1 through 453 above, as if fully set forth herein.

519-524.    The allegations in paragraphs 519 through 524 pertain to parties other than Defendants, and therefore, no response is required.   To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 519 through 524, and therefore deny these allegations and demand strict proof thereof.

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

525.    Defendants reallege and reaver the answers and responses to paragraphs 1 through 453 above, as if fully set forth herein.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

526-534.        Denied.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

535.    Defendants reallege and reaver the answers and responses to paragraphs 1 through 453 above, as if fully set forth herein.

536-548.        The allegations in paragraphs 536 through 548 pertain to parties other than Defendants, and therefore, no response is required.   To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 536 through 548, and therefore deny these allegations and demand strict proof thereof.

## COUNT XI
## PRIVATE NUISANCE
### (All Defendants)

549.    Defendants reallege and reaver the answers and responses to paragraphs 1 through 453 above, as if fully set forth herein.

550-555.        Denied.

## COUNT XII
## UNJUST ENRICHMENT
### (All Defendants)

556.    Defendants reallege and reaver the answers and responses to paragraphs 1 through 453 above, as if fully set forth herein.

557-559.        Denied.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

## COUNT XIII
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

560.    Defendants reallege and reaver the answers and responses to paragraphs 1 through 453 above, as if fully set forth herein.

561-564.    Denied.

## COUNT XIV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

565.    Defendants reallege and reaver the answers and responses to paragraphs 1 through 453 above, as if fully set forth herein.

566-577.    Denied.

All allegations set forth in Plaintiffs' Omnibus Class Action Complaint (VIII) not specifically admitted by Defendants are denied.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Omnibus Class Action Complaint (VIII) must be dismissed for lack of personal jurisdiction over Defendants.

### Second Affirmative Defense

Plaintiffs fail to state a claim or right and/or cause of action upon which relief can be granted against Defendants.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

### Third Affirmative Defense

Defendants affirmatively plead herein all affirmative defenses available to it under Fed. R. Civ. P. 12(b), and further reserves the right to assert and plead any other defenses allowed by law which are not now known but become known during the course of this litigation.

### Fourth Affirmative Defense

Defendants affirmatively aver that they did not (a) design, (b) manufacture, (c) export, (d) import, (e) distribute, (f) deliver, (g) supply, (h) inspect, (i) install, (j) market, (k) purchase, or (l) sell the drywall made subject to this litigation, and therefore Defendants: (A) did not owe to any of the Plaintiffs or Class Members (i) a duty of reasonable care, (ii) any statutory duties, (iii) a duty to warn of any purported alleged defects, (iv) any express and/or implied warranty of fitness; and/or (v) any warranty of habitability; (B) did not crate a private nuisance affecting Plaintiffs and/or Class Members; and (C) did not have any actual or constructive knowledge of any alleged corrosive and/or dangerous propensities of the purported defective drywall made subject of this litigation.

### Fifth Affirmative Defense

Plaintiffs' and Class Members' claims are barred by lack of privity of contract and by the economic loss doctrine.

### Sixth Affirmative Defense

Plaintiffs' and Class Members' claims for equitable relief are barred because adequate remedies at law exist.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

### Seventh Affirmative Defense

Defendants are not a vendor of the drywall that is subject of this litigation and therefore cannot be liable to Plaintiffs and/or Class Members under any consumer protection act, including, but not limited to, Florida's Deceptive and Unfair Trade Practices Act.

### Eighth Affirmative Defense

Defendants affirmatively aver that Plaintiffs' and/or Class Members' damages and/or injuries contained within the Omnibus Class Action Complaint were caused in whole or in part by their own negligence, thereby barring in whole or in part their recovery, and/or were caused in whole or in part by the negligence and/or fault of third parties for whom Defendants are not responsible and for whom Defendants exercised no control.

### Ninth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred in whole or in part by their own failure to mitigate their alleged damages.

### Tenth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred by laches, statute of limitations, warranty period, statutes of repose, prescription, and/or preemption.

### Eleventh Affirmative Defense

Plaintiffs and Class Members have not alleged or sustained any actual damages and/or injuries that were proximately caused by Defendants.

### Twelfth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred by lack of subject matter jurisdiction and failure to exhaust administrative remedies afforded to the parties.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

### Thirteenth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred by estoppel and/or waiver.

### Fourteenth Affirmative Defense

The class action allegations in the Complaint fail to meet the prerequisites for a class action.

### Fifteenth Affirmative Defense

Defendants incorporate herein by reference each and every affirmative defense pled by similarly-situated and/or other named builder defendants.

### Sixteenth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred by failure to comply with conditions precedent.

### Seventeenth Affirmative Defense

Defendants reserve their rights to supplement and/or amend this Answer and raise additional affirmative defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendants Santa Barbara Estates, Inc. and United Homes International, Inc., request that this Answer and Affirmative Defenses be deemed good and sufficient and after due proceedings, there be judgment in favor or Defendants, dismissing all of the Plaintiffs' and Class Members' claims against Defendants, with prejudice, and awarding all costs and attorneys' fees to Defendants, assessed to Plaintiffs and Class Members, and other general or equitable relief as the Court shall deem to be just and proper.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

By:/s/ Abbey L. Kaplan
    Abbey L. Kaplan, *Admitted Pro Hac Vice*
    Florida Bar No. 200255
    KLUGER, KAPLAN, SILVERMAN, KATZEN
    & LEVINE, P.L.
    Miami Center, Seventeenth Floor
    201 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 379-9000
    Facsimile:  (305) 379-3428
    Email: akaplan@klugerkaplan.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of July, 2011, the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, Defendants' Liaison Counsel, Kerry Miller, and Homebuilder and Installer Liaison Counsel, Phillip A. Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/ Abbey L. Kaplan
Abbey L. Kaplan, Esquire