UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL CASES | |

**THE PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF MOTION TO ALLOW SERVICE OF COMPLAINTS ON LOWE'S HOME CENTERS, INC.**

### I.     INTRODUCTION

On June 13, 2011, the Plaintiffs' Steering Committee ("PSC") filed its motion to allow service of complaints on Lowe's Home Centers, Inc. (hereafter "Motion to Allow Service") which seeks permission to serve the intervention I(A) complaint in *Payton, et al. v. Knauf Gips, KG, et al.*, Civ. Action No. 09-7628 and the Omnibus VII complaint in *Kenneth Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Civ. Action No. 11-080 on Lowe's. Lowe's has opposed this motion since it contends all of the plaintiffs named therein have failed to meet the conditions of an Agreed Stay Order negotiated between the PSC and Lowe's. This argument by Lowe's should be rejected since the plaintiffs with claims against Lowe's in the Omnibus I(A) and VII complaints have satisfied all conditions imposed by the Agreed Stay Order.

### II.     ARGUMENT

As noted in the PSC's memorandum of law filed in conjunction with the Motion to Allow Service, the PSC is seeking permission to serve Lowe's with the Omnibus I(A) and VII complaints in light of the class settlement in *Vereen v. Lowe's Home Centers, Inc.*, Case No. SU10-CV-2267B (Ga. Super. Ct., Muscogee County) and the resulting Agreed Stay Order that was negotiated between

1

the PSC and Lowe's. *See* Document 6344. The Agreed Stay Order requires that Current Potential Claimants with claims against Lowe's must: (1) timely opt out of the Lowe's settlement, and (2) provide indicia of Chinese drywall that was supplied by Lowe's in order to pursue their claims against Lowe's in MDL 2047. *Id.* at ¶¶ 1(a) and 3. Plaintiffs are entitled to the relief they are seeking since all of the plaintiffs that intended to pursue claims against Lowe's in the Omnibus I(A) and VII complaints have satisfied these requirements.

Shortly after filing its Motion to Allow Service, the PSC conferred with counsel for Lowe's to address the issues raised in the June 8, 2011 and June 21, 2011 letters by William B. Gaudet. *See* Exhibits "A" and "B" to Lowe's Opposition. After discussing the issues raised in these letters with Mr. Gaudet, the PSC contacted counsel for each of the plaintiffs making claims against Lowe's in the MDL to investigate the issues raised by Lowe's.[1] The PSC's investigation of these issues demonstrates that Lowe's objections to the Motion to Allow Service are improper and should be

---

[1] These efforts by the PSC have secured commitments for the dismissal of seven of the fourteen claims against Lowe's in MDL 2047. *See* Exhibit "C" to Lowe's Opposition. None of the plaintiffs who are agreeing to dismiss their claims against Lowe's brought their claims in the complaints at issue in the Motion to Allow Service. Three of these agreed dismissals implicate the Omnibus III(a) complaint (Gregory Bell, Charles and Tracy Bowden, and Barry J and Annette H. Dempster), three of the dismissals implicate the Omnibus IX complaint (Charles M. Franklin, Jr., Wanda Garnier, and Gerald Grizzard), and one of the dismissals implicates the Omnibus X complaint (Charles and Estoria Duncan).

Of the remaining plaintiffs who have not agreed to the dismissal of their claims against Lowe's, two of these plaintiffs asserted their claims against Lowe's in complaints which are not the subject of the Motion to Allow Service. One of these plaintiffs, T. Jack Kent, asserted his claim against Lowe's in a non-PSC sponsored complaint. Counsel for Mr. Kent, Mr. Durkee, has not responded to the PSC's inquiry regarding Lowe's request for dismissal. The second plaintiff, Robert J. West, III, asserted his claim against Lowe's in the recently filed Omnibus X complaint. Counsel for Mr. West has been advised that the Omnibus X complaint will not be served on Lowe's until Mr. West obtains an order allowing him to pursue his claims against Lowe's as required by the Agreed Stay Order. *See* Agreed Stay Order at ¶¶ 4 and 5 (outlining procedure for filing motion for relief as a requirement for Future Claimants to bring claims against Lowe's in MDL 2047).

rejected by the Court.[2]

Each of the plaintiffs asserting claims against Lowe's in the Omnibus I(A) and VII complaints, (1) Jessica and Chad Sutherland ("Sutherland") (Omni I(a)); (2) Debra Frazier ("Frazier") (Omni VII); (3) James Gilman, c/o Carolyn Houck ("Gillman") (Omni VII); (4) Sheila Guidry ("Guidry") (Omni III and VII); and (5) Alphonso and Nora Walker ("Walker") (Omni VII), are entitled to pursue their claims against Lowe's in the MDL since they have satisfied both conditions imposed by the Agreed Stay Order.[3] As to the first of these conditions, each of these plaintiffs have timely opted out of the Lowe's settlement. Lowe's does not appear to dispute that these plaintiffs timely opted out of the Lowe's class settlement. As to the second condition, Lowe's argues that these plaintiffs failed to provide the indicia required by the Agreed Stay Order. However, these plaintiffs complied with the second requirement of the Agreed Stay Order by either producing the required indicia along with their Plaintiff Profile Form ("PPF") and/or by providing the required indicia to the PSC or Special Master shortly after the filing of the applicable complaint.

One of the plaintiffs, Walker, provided the indicia required by the Agreed Stay Order along with his PPFs. Mr. Walker's PPFs was forwarded to Defendants' Liaison Counsel ("DLC"), Kerry

---

[2] After conferring with APS International, Ltd. ("APS") the PSC had been advised that the Omnibus VII complaint was served on Lowe's despite the PSC's request that service on Lowe's be delayed. Service of this complaint on Lowe's was not intended by the PSC and was the result of confusion on the part of the PSC's process server. Accordingly, as to the Omnibus VII complaint, permission to serve it on Lowe's is being sought nunc pro tunct.

[3] *See* Exhibit "A" (opt out and indicia for Sutherland: includes request for exclusion, photographic indicia and a PPF (note the PPF does not identify Lowe's as the distributor/supplier but does include an invoice from Lowe's)); Exhibit "B" (opt out and indicia for Frazier: includes request for exclusion, inspection report, photographic indicia and a PPF); Exhibit "C" (opt out and indicia for Gillman: includes request for exclusion, inspection report, photographic indicia and a PPF); Exhibit "D" (opt out and indicia for Guidry: includes request for exclusion, photographic indicia and a PPF); Exhibit "E" (opt out and indicia for Walker: includes request for exclusion, photographic indicia and a PPF).

Miller, well in advance of the deadline established by the Agreed Stay Order on September 2, 2009. Therefore, Lowe's is imputed to have received the indicia for Mr. Walker well before the March 5, 2011 deadline. The remaining plaintiffs with claims against Lowe's in the Omnibus I(A) and VII complaints, Sutherland, Frazier, Gillman and Guidry, provided indicia to the PSC or the Special Master shortly after the filing of the applicable complaint. This indicia was provided to the PSC or the Special Master well in advance of the March 5, 2011 deadline.[4]

Although counsel for Lowe's insists the PSC was required to furnish him with the indicia required by the Agreed Stay Order, nothing in the Agreed Stay Order imposes such a requirement. *See* Agreed Stay Order at ¶ 3 ("Current Potential Claimants who have asserted or intend to assert claims against Lowe's must, by Friday, March 5, 2011, provide sufficient indicia that there is CDW in the home ... and that the CDW in the home was purchased from Lowe's."). While the Agreed Stay Order requires that Current Potential Claimants provide indicia, it is ambiguous regarding where these claimants should send their indicia. Therefore, counsel representing several of the plaintiffs with claims against Lowe's provided their clients' indicia to the PSC or the Special Master. Given the ambiguous nature of the Agreed Stay Order in this regard, the PSC believes these plaintiffs' efforts to produce indicia should not be treated as a default.[5] To cure Lowe's concerns, the indicia provided by each of the plaintiffs to the PSC or the Special Master has now been

---

[4] Sutherland provided indicia on November 7, 2010, Frazier provided indicia on November 9, 2010, Gillman provided indicia on November 15, 2010 and Guidry provided indicia on November 2, 2010.

[5] Should the Court disagree with the PSC's interpretation of the Agreed Stay Order, it is respectfully submitted that dismissal of the plaintiffs' claims against Lowe's would not be warranted given each plaintiffs' substantial compliance with the terms of the Agreed Stay Order. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (dismissal is the most severe sanction in the spectrum of sanctions and should only be imposed in appropriate cases).

4

provided as Exhibits hereto, and Lowe's is not prejudiced by any late submission.

Accordingly, it is respectfully submitting that the Court should grant the Motion to Allow Service since all plaintiffs making claims against Lowe's in the applicable` complaints have satisfied the requirements of the Agreed Stay Order.

### III. CONCLUSIONS

Wherefore, for the reasons set forth above as well as those in the memorandum of law filed in conjunction with the Motion to Allow Service, the PSC respectfully requests that the Court grant its motion the Motion to Allow Service.

Respectfully submitted,

Dated: July 11, 2011

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

                        Arnold Levin (On the Brief)
                        Fred S. Longer (On the Brief)
                        Matthew C. Gaughan (On the Brief)
                        Levin, Fishbein, Sedran & Berman
                        510 Walnut Street, Suite 500
                        Philadelphia, PA 19106
                        215-592-1500 (phone)
                        215-592-4663 (fax)
                        Alevin@lfsblaw.com
                        *Plaintiffs' Lead Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios<br>Barrios, Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>Barrios@bkc-law.com | Bruce William Steckler<br>Baron & Budd, P.C.<br>3102 Oak Lawn Ave., Suite 1100<br>Dallas, TX 75219<br>Phone: (214) 521-3605<br>Fax: (214) 520-1181<br>bsteckler@baronbudd.com |
| Daniel E. Becnel, Jr.<br>Becnel Law Firm. LLC<br>P.O. Drawer H<br>106 W. Seventh Street<br>Reserve, LA 70084<br>Phone: (985) 536-1186<br>Fax: (985) 536-6445<br>dbecnel@becnellaw.com | Ervin A. Gonzalez<br>Colson, Hicks, Eidson, Colson<br>  Matthews, Martinez, Gonzales,<br>  Kalbac & Kane<br>255 Alhambra Circle, Penthouse<br>Cora Gables, FL 33134<br>Phone: (305) 476-7400<br>Fax: (305) 476-7444<br>Ervin@colson.com |
| Robert C. Josefsberg<br>Podhurst Orseck, P.A.<br>25 Flagler Street, 8th Floor<br>Miami, FL 33130<br>Phone: (305) 358-2800<br>Fax: (305) 358-2382<br>rjosefsberg@podhurst.com | Ben W. Gordon, Jr.<br>Levin, Papantonio, Thomas, Mitchell<br> Echsner & Proctor, P.A.<br>316 S. Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: (850) 435-7000<br>Fax: (850) 435-7020<br>bgordon@levinlaw.com |

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Reply in Support of Motion to Allow Service of Complaint on Lowe's Home Centers, Inc. has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and first class mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 11th day of July, 2011.

      /s/ Leonard A. Davis
      Leonard A. Davis, Esquire
      Herman, Herman, Katz & Cotlar, LLP
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      LDavis@hhkc.com
      Plaintiffs' Liaison Counsel
      MDL 2047