MINUTE ENTRY
FALLON, J.
JULY 14, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| | JUDGE FALLON |
| | MAGISTRATE WILKINSON |

**THIS DOCUMENT RELATES TO: ALL CASES**

BEFORE JUDGE ELDON E. FALLON
Case Manager: Gaylyn Lambert/Dean Oser
Court Reporter: Cathy Pepper

Appearances:   Russ Herman, Esq., Arnold Levin, Esq., & Fred Longer, Esq. For PSC
Dan Bryson, Esq. For Plaintiff Wendy Lee Hobbie
Hilarie Bass, Esq. & Neil Sivyer, Esq. For Homebuilders' Steering Committee
Mike Sexton, Esq. & Nick Panayotopoulas, Esq. For Banner Supply
Bob Fitzsimmons, Esq. (by phone) for Installers
Ken Hardt, Esq. & Brett Bollinger, Esq. For Venture Supply
Brian Eves, Esq. For Coastal Construction
Steve Glickstein, Esq. For Knauf
Billy Gaudet, Esq. For Lowe's
Jane Byrne, Esq. For Chartis defendants
Benjamin Grau, Esq. For Interior/Exterior

I.   Joint Motion for Orders: (1) Preliminarily Approving the Stipulation and Settlement, (2) Conditionally Certifying the Settlement Class, (3) Issuing Class Notice, and (4) Scheduling a Fairness Hearing (R. Doc. 9558)

No argument-GRANTED with the understanding that the Settling Parties and the homebuilder and installer objectors are to meet-and-confer to address certain issues with the current Settlement Agreement and related documents and submit to the Court as soon as practicable (an) amended proposed preliminary approval order(s). Among the amendments to the order are a provision for the creation of an allocation committee comprised of representatives from each of the Settling Parties and objecting parties and correction of certain clerical and mathematical errors. The Court's decision is based

JS10: 1:24

In Re: Chinese Drywall  July 14, 2011
MDL 2047 - L  Page 2

    upon the Settlement Agreement's provision for all of Banner's available insurance funds for the benefit of the class members, especially given Banner's own tenuous financial situation, the correction of certain defects in the Agreement, and the creation of the allocation committee. Bob Fitzsimmons, Installers Liaison Counsel, did raise arguments via telephone at the conference, which the Court denied, deferring the arguments for the final fairness hearing and allocation stage of the proceedings.

II. Plaintiffs William and Stacey Peek's Motion to Lift Stay in Order to Serve a Request for Production on Defendant Devonshire Properties, Inc. (R. Doc. 9425)

    No argument-DENIED AS MOOT.

III. Plaintiffs' Steering Committee's ("PSC") Motion to Allow Service of Complaints on Lowe's Home Centers, Inc. (R. Doc. 9462)

    Argument-GRANTED, permitting the PSC to serve its complaints on Lowe's, but once service is perfected, the claims against Lowe's are STAYED until further order from the Court.

IV. PSC's Motion to Lift Stay and for Approval of Proposed Scheduling Order for Plaintiffs' Motion for Class Certification of Plaintiffs' Claims for Damages Against Venture Supply (R. Doc. 9549)

    Argument-TAKEN UNDER SUBMISSION

V. Plaintiff Wendy Lee Hobbie's Motion for Entry of Scheduling Order in *Hobbie* (R. Doc. 9602)

    Argument-TAKEN UNDER SUBMISSION

VI. Defendant Venture Supply, Inc.'s Motion to Lift Stay on its Motions to Dismiss for Lack of Personal Jurisdiction (R. Doc. 9653)

    Argument-TAKEN UNDER SUBMISSION

VII. Knauf Defendants' Motion for Clarification of InEx and Banner Stay Orders (R. Doc. 9687)

    Argument-DENIED for oral reasons given.