UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * Case No. 2:09-cv-7628 <br> * MDL No. 09-2047 <br> * |
| THIS DOCUMENT RELATES TO: | * JUDGE FALLON <br> * <br> * MAGISTRATE WILKINSON |
| Docket # 09-7628 <br> SEAN AND BETH PAYTON, individually <br> and on behalf of all others similarly situated | * <br> * <br> * <br> * |
| Plaintiffs | * <br> * |
| v. | * <br> * |
| KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD. et al. | * <br> * <br> * |
| Defendants | * |

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL WITHOUT SUBSTITUTION**

COMES NOW, Sharon B. Kyle, Nancy A. Richeaux, Steven K. Schilling and the firm of Sharon B. Kyle, APLC, attorneys of record for Defendant, TABER CONSTRUCTION, LLC, and Files this Memorandum of Law in Support of the Motion to Withdraw as counsel for the Defendant, TABER CONSTRUCTION, LLC:

Local Civil Rule 83.2.11 of the United States District Court for the Eastern District of Louisiana states:

> The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute counsel or upon a written motion served on opposing counsel and the client. <u>If other counsel is not thereby substituted, the motion to</u>

<u>withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone. The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel,</u> or an affidavit stating why service has not been made. (emphasis added).

The Motion to Withdraw filed by the undersigned complies with all of the requirements of the Local Rule and should be granted.  See <u>Bryson v. State Farm and Casualty Insurance Company</u>, 2011 WL 1557949 4 (2011 E.D.La.).  In considering a Motion to Withdraw, the Court should consider the prejudice withdrawal could cause to other litigants and the administration of justice, and the degree to which withdrawal would delay the resolution of the case.  <u>Zurich American Insurance Company v. Harken</u>, 1999 WL 307612 (1999 E.D.La.); See also <u>American Economy Insurance Company v. Herrera</u>, 2007 WL 3276326 (2007 S.D.Cal.).

In the present case, the litigation is still in the initial stages, and the rights of all homebuilders are represented by the Home Builder's Steering Committee.  Therefore the effect of counsel's withdrawal, if any, would be minimal, and should not prevent the granting of the counsel's Motion to Withdraw.  Furthermore and importantly, the only claim at issue as against Taber Construction, LLC relative to Chinese manufactured drywall has been included in a Court sanctioned Remediation Program by the Taber's indemnitor, the LHBA GL Trust.

WHEREFORE, the undersigned respectfully requests that the court grant the Motion to Withdrawal as Counsel for Defendant; in the above case.

                            RESPECTFULLY SUBMITTED:
                            SHARON B. KYLE, A.P.L.C.

Dated: July 15, 2011

                            SHARON B. KYLE (La Bar Roll # 25437) sk@kylelaw.net
                            NANCY A. RICHEAUX (La Bar Roll # 29397) nr@kylelaw.net
                            STEVEN K. SCHILLING (La Bar Roll # 27635) ss@kylelaw.net
                            4960 Bluebonnet Blvd., Ste. A
                            Baton Rouge, Louisiana 70809
                            Telephone: 225/293-8400
                            Facsimile: 225/291-9501

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Liaison Counsel via electronic mail and upon all Chinese Drywall parties by electronically uploading same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6.  I further certify that the above and foregoing Notice of Appearance was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th day of July, 2011.

                                                          _____