| Case Name | Court | Case Number |
|---|---|---|
| MESA V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032127-CA-42 |
| MESA V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032137-CA-42 |
| METZL V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06538 |
| METZL V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 1:09-CV-22570 |
| METZL V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031980-CA-42 |
| MEYER V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014529 |
| MEYER V. ENCHANTED HOMES INC. ET AL. | Florida Collier County 20th Circuit | 11-CA-001343 |
| MID-CONTINENT CASUALTY V. CI. ARCHITECTS & CONTRACTORS CORP. | U.S. D.C. Southern District of Florida | 1:10-CV-23072 |
| MON V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081916-CA-42 |
| MORAKIS V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019773 |
| MORALES V. HAMMOCKS INVESTMENTS LLC ET AL. | Florida Miami-Dade County 11th Circuit | 11-114554-CA-42 |
| MORILLO V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032006-CA-42 |
| MORRIS V. KNAUF PLASTERBOARD TIANJIN CO. | Florida Broward County 17th Circuit | CACE09022664 |
| MORTGAGE ELECTRONIC REGISTRATION V. GULFCOAST DEVELOPMENT LLC ET AL. | Florida Lee County 20th Circuit | 2009CA052117 |
| MORTGAGE ELECTRONIC REGISTRATION V. SUNCOAST CONTRACTORS SUPPLY IN ET AL. | Florida Lee County 20th Circuit | 2008CA055717 |
| MUELLER V. CENTERLINE HOMES (BC) | Florida St. Lucie County 19th Circuit | 2009CA007026 |
| MULLEN ET AL. V. DOES 1-10 ET AL. | Florida Lee County 20th Circuit | 2009CA004035 |
| MULLIGAN V. CENTERLINE HOMES CONSTRUCTION | Florida Broward County 17th Circuit | 10-016607 |
| NATIONAL CITY BANK SUCCESSOR BY MERGER TO FIDELITY FEDERAL V. AGUNDELO ET AL. | Florida Palm Beach County 15th Circuit | 2009CA005562 |
| NAVARRO V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-05868 |
| NAVARRO V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 0:09-CV-60764 |
| NAVCORP. INC. V. HUNTER & MIA DEVELOPMENT | Florida Miami-Dade County 11th Circuit | 2010-010252-CA-01 |
| NELSON ET AL. V. DOES 1-10 ET AL. | Florida Lee County 20th Circuit | 2009CA003950 |

| | | |
|---|---|---|
| NEVES ET AL. V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-011421 |
| NICOLELLA V. BANNER SUPPLY CO. | Florida Miami-Dade County 11th Circuit | 2007-003229-CA-01 |
| NOLAN V. KNAUF GIPS KG | Florida Broward County 17th Circuit | 9022702 |
| NOVELLO V. ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP LP ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-033729 |
| NOWICKI V. HANSEN HOMES OF SOUTH FLORIDA INC. ET AL. | Florida Lee County 20th Circuit | 09-CA-001744 |
| OLSCHEWSKI V. CENTERLINE HOMES INC. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06751 |
| OLSCHEWSKI V. CENTERLINE HOMES INC. | U.S. D.C. Southern District of Florida | 9:09-CV-81274 |
| OLSCHEWSKI ET AL. V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-013464 |
| ORLANDO V. BANNER SUPPLY CO. | Florida Broward County 17th Circuit | 10-028090 |
| ORLANDO V. CALIBER CONSTRUCTION MANAGEMENT CO. | Florida Broward County 17th Circuit | CACE07017199 |
| ORUE V. VILLAS AT OAK HAMMOCK ET AL. | Florida Broward County 17th Circuit | 11-00173-12 |
| OZOR V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032213-CA-42 |
| PALOMBI ET AL. V. HANOVER HOMES ET AL. | Florida St. Lucie County 19th District | 2010 CA 004832 |
| PAPINEAU V. GEORGIA PACIFIC CO. | Florida Miami-Dade County 11th Circuit | 2007-030047-CA-01 |
| PASION V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014587 |
| PASS INTERNATIONAL INC. V. PLAZA AT WELLINGTON GREEN LLLP ET AL. | Florida Palm Beach County 15th Circuit | 2008CA031057 |
| PATCHING V. G L HOMES OF FLORIDA CORP. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014449 |
| PATTON ET AL. V. USG CORP. ET AL. | Florida Lee County 20th Circuit | 09-CA-004085 |
| PAYTON V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-07628 |
| PEACE ET AL. V. ADVANTAGE BUILDERS OF AMERICA ET AL. | Florida Lee County 20th Circuit | 10-CA-00313 |
| PELLOT V. MALT | Florida Palm Beach County 15th Circuit | 2007CA006928 |
| PENA V. BANNER SUPPLY CO. | Florida Miami-Dade County 11th Circuit | 10-05092 CA 42 |
| PENSUM CAPITAL INC. V. 812 816 LANDOWNERS LLC | Florida Miami-Dade County 11th Circuit | 2009-071995 |
| PEREZ ET AL. V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031909-CA-42 |

| Case | Court | Case Number |
|---|---|---|
| PEREZ V. BANNER SUPPLY CO PORT ST. LUCIE | Florida St. Lucie County 19th Circuit | 2011-CA-000392 |
| PEREZ V. NORTH PALM ESTATES HOMES | Florida Miami-Dade County 11th Circuit | 2009-081828-CA-42 |
| PERRIN V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014520 |
| PERSAUD ET AL. V. BANNER SUPPLY | Florida St. Lucie County 19th District | 2010 CA 005566 |
| PERSUAD V. BANNER SUPPLY | Florida St. Lucie County 19th District | 2011 CA 000412 |
| PETERSON ET AL. V. TREASURE COAST HOMES LLC ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04319 |
| PETERSON ET AL. V. TREASURE COAST HOMES LLC ET AL. | U.S. D.C. Southern District of Florida | 2:09-CV-14154 |
| PETERSON ET AL. V. DOES 1-10 ET AL. | Florida Martin County 19th Circuit | 2009CA003641 |
| PETTY ET AL. V. G. DRYWALLS CORP. | Florida Lee County 20th Circuit | 2010CA002400 |
| PICO V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032032-CA-42 |
| PICOTTE V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014495 |
| PISARIS-HENDERSON V. FRANCIS DOUBLAS ET AL. | Florida Lee County 20th District | 09-CA-001280 |
| PLAZA V. KNAUF GIPS KG ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-05871 |
| PLAZA V. KNAUF GIPS KG ET AL. | U.S. D.C. Southern District of Florida | 1:09-CV-22159 |
| PLAZA V. KNAUF GIPS KG | Florida Miami-Dade County 11th Circuit | 2009-038015 |
| POLONEY V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032043-CA-42 |
| POULSEN V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014464 |
| POWELL V. PRIDE HOMES OF LAKES BY BAY PARCEL H LLC ET AL. | Florida Miami-Dade County 11th Circuit | 2010-003349-CA-42 |
| PRANDI V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014501 |
| PUCKETT V. GROVE HAMMOCKS ET AL. | Florida Miami-Dade County 11th Circuit | 10-26825 CA 42 |
| QUACKENBUSH V. CENTERLINE HOMES (OC) | Florida St. Lucie County 19th Circuit | 2009CA006868 |
| QUALITY CULTURED MARBLE INC. V. GARDEN WILLIAM ET AL. | Florida Lee County 20th Circuit | 2007CC006479 |
| RAIO V. MASTER BUILDERS OF SOUTH FLORIDA INC. | Florida Broward County 17th Circuit | 09-052483 |
| RAYFIELD V. KNAUF GIPS KG | U.S. D.C. Southern District of Alabama | 1:09-CV-00255 |

| | | |
|---|---|---|
| RAYMOND V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019779 |
| RAYFIELD ET AL. V. KNAUF GIPS KG ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04293 |
| RAYFIELD ET AL. V. KNAUF GIPS KG ET AL. | Southern District of Alabama | 1:09-CV-00255 |
| RENDON V. BANNER SUPPLY CO. | Florida Broward County 17th Circuit | 10-004476 |
| RESTREPO V. PRIDE HOMES OF LAKES BY BAY PARCEL H LLC ET AL. | Florida Miami-Dade County 11th Circuit | 2010-003343-CA-42 |
| RHR OF MIA INC. V. LATOUR | Florida Miami-Dade County 11th Circuit | 2007-045108 |
| RIESCO V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031890-CA-42 |
| RINCON I V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031858-CA-42 |
| RIVERCREST LLC V. BETA CONSTRUCTION LLC | Florida Hillsborough County 13th Circuit | 10-CA-005757 |
| RIZZO ET AL. V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-039293 |
| ROBERTS ET AL. V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-05870 |
| ROBERTS ET AL. V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 1:09-CV-21309 |
| ROBIN ET AL. V. KNAUF PLASTERBOARD ET AL. | Florida Miami-Dade County 11th Circuit | 10-59323 CA 20 |
| ROBINSON ET AL. V. BANNER SUPPLY CO. ET AL. | Florida Lee County 20th Circuit | 2010CA004809 |
| RODRIGUEZ ET AL. V. KNAUF ET AL. | Florida Miami-Dade 11th Circuit | 2010-64481-CA-42 |
| RODRIGUEZ V. BANNER SUPPLY CO. ET AL. | Florida Lee County 20th Circuit | 2010CA004348 |
| ROGERS ET AL. V. KNAUF GIPS KG ET AL. | U.S. D.C. Eastern District of Louisiana | 2:10-CV-00362 |
| ROJAS V. U S G CORP. | Florida Miami-Dade County 11th Circuit | 2009-066150-CA-42 |
| ROMERO V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014590 |
| RON KENDALL MASONRY INC. V. MIRACLE MARKETPLACE (LLC) | Florida Miami-Dade County 11th Circuit | 2009-061150-CA-01 |
| RON KENDALL MASONRY INC. V. STANDARD PACIFIC HOMES OF SOUTH OF FLORIDA ET AL. | Florida Broward County 17th Circuit | CACE010022783 |
| ROSAS ET AL. V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-011430 |
| ROSEN ET AL. V. ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP LP ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-033636 |
| ROSEN ET AL. V. ALBANESE POPKIN THE OAKS DEVELOPMENT | Florida Palm Beach County 15th Circuit | 2009-CA-033731 |

| | | |
|---|---|---|
| GROUP LP ET AL. | | |
| ROSSI ET AL. V. ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP LP ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-033733 |
| ROTHMAN V. G L HOMES OF FLORIDA CORP. & BOYNTON BEACH XVI CORP. | Florida Palm Beach County 15th Circuit | 2009-CA-014554 |
| ROTTAU ET AL. V. ARANDA HOMES | Florida Lee County 20th Circuit | 09-CA-5757 |
| ROYAL ET AL. V. BEAZER HOMES CORP. ET AL. | Florida Lee County 20th Circuit | 09-CA-002470 |
| ROYAL ET AL. V. BEAZER HOMES CORP. ET AL. | Florida Lee County 20th Circuit | 09-CA-002473 |
| ROYAL V. BEAZER HOMES CORP. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04657 |
| ROYAL V. BEAZER HOMES CORP. | U.S. D.C. Middle District of Florida | 2:09-CV-00420 |
| RUBLE V. BANNER SUPPLY CO. | Florida Miami-Dade County 11th Circuit | 2007-039380 |
| RUCKI ET AL. V. ARANDA HOMES | Florida Lee County 20th Circuit | 10-CA-000060 |
| RUSSO V. KNAUF PLASTERBOARD TIANJIN CO. LTD ET AL. | Florida Broward County 17th Circuit | CACE115012 |
| RYCZEK V. NORTHSTAR HOLDINGS INC | Florida Palm Beach County 15th Circuit | 2009-CA-014584 |
| SAEKS V. ARANDA HOMES | Florida Lee County 20th Circuit | 10-CA-001189 |
| SAINTIL V. G L HOMES OF FLORIDA CORP. & BOYNTON BEACH XVI CORP. | Florida Palm Beach County 15th Circuit | 2009-CA-014512 |
| SAN FILIPPO V. MASTER BUILDERS OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 9042256 |
| SARKAR V. LA SUPREMA ENTERPRISE INC. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081095-CA-42 |
| SATTER R V. BANNER SUPPLY CO. ET AL. | Florida Palm Beach County 15th Circuit | 2010-CA-004868 |
| SCARBOROUGH V. CAROTEX CONSTRUCTION INC. | U.S. D.C. Southern District of Florida | 0:09-CV-60156 |
| SCHER V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-006322 |
| SCHLICHTE ET AL. V. G. DRYWALLS CORP. | Florida Lee County 20th Circuit | 2010CA002389 |
| SCHUMACHER V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019744 |
| SCRITCHFIELD V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04306 |
| SCRITCHFIELD V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 2:09-CV-14111 |
| SEIFART G V. KNAUF GIPS KG ET AL. | Florida Miami-Dade County 11th Circuit | 2009-038887-CA-42 |

| | | |
|---|---|---|
| SERAJUDDOWLA ET AL. V. UNITED FRAMERS INC. | Florida Lee County 20th Circuit | 2010CA002399 |
| SHAKOOR ET AL. V. LUMAR BUILDERS ET AL. | Florida St. Lucie County 19th Circuit | 572009CA010086 |
| SHAKOOR V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04307 |
| SHAKOOR V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 2:09-CV-14115 |
| SHAW ET AL. V. ARANDA HOMES ET AL. | Florida Lee County 20th Circuit | 09-CA-005759 |
| SHAW V. NORTHSTAR HOLDINGS INC | Florida Palm Beach County 15th Circuit | 2009-CA-014492 |
| SIDDIQUI ET AL. V. RIVERCREST LLC | Florida Hillsborough County 13th Circuit | 10-010182 |
| SIEGEL V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014588 |
| SIEGEL V. MASTER BUILDERS OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 904941R |
| SILVESTRI ET AL. V. UNITED HOMES BUILDERS ET AL. | Florida Lee County 20th Circuit | 10-CA-00443 |
| SINGH V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-006320 |
| SMITH ET AL. V. K. HOVANIAN FIRST HOMES LLC ET AL. | Florida Lee County 20th Circuit | 2010CA000056 |
| SOLABELLA CO. LTD ET AL. V. BANNER SUPPLY CO. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-076853-CA-42 |
| SOSKA ET AL. V. KENNETH EDELMAN ET AL. | Florida Broward County 17th Circuit | 10-023570 |
| SOUSS V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-006318.. |
| ST. CYR V. CENTERLINE HOMES CONSTRUCTION INC. | Florida Broward County 17th Circuit | 10-017029 |
| ST. JULIEN V. CENTERLINE HOMES (CD) | Florida St. Lucie County 19th Circuit | 2010CA-00345 |
| STALCUP V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014513 |
| STEINER ET AL. V. BEIJING NEW BUILDING MATERIALS PLC ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06545 |
| STEINER ET AL. V. BEIJING NEW BUILDING MATERIALS PLC ET AL. | U.S. D.C. Southern District of Florida | 9:09-CV-81259 |
| STEINER V. CENTERLINE HOMES ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014487 |
| STERLING BANK V. GUSTAVO SUERO (MF) | Florida St. Lucie County 19th Circuit | 2008CA009207 |
| STEAM MILL ENTERPRISES INC. V. FREEMARR HOMES INC. ET AL. | Florida Hillsborough County 13th Circuit | 11-005684 |
| SUNTRUST BANK V. DUNCAN | Florida Miami-Dade County 11th Circuit | 2010-007881 |

| | | |
|---|---|---|
| SUNTRUST MORTGAGE INC. V. UNKNOWN TENANT #1 ET AL. | Florida Palm Beach County 15th Circuit | 2008CA034413 |
| SUNTRUST MORTGAGE INC. V. GREENBERG | Florida Palm Beach County 15th Circuit | 2009CA020337 |
| SUNTRUST MTG. INC. V. NORDINGER | Florida Broward County 17th Circuit | CACE09043303 |
| SURMAN V. LUCKY STRIKE MK INC. | Florida Collier County 20th Circuit | 10-6526-CA |
| SYNALOVSKI MANUEL V. KNAUF PLASTERBOARD TIANJIN CO. | Florida Broward County 17th Circuit | 10-41716 CA 12 |
| TALERICO, ET AL. V. JAMES DRYWALL LLC | Florida Lee County 20th Circuit | 10-CA-002391 |
| TAYLOR MORRISON V. BANNER SUPPLY CO. | Florida Hillsborough County 13th Circuit | 10-016414 |
| TAYLOR V. CENTERLINE HOMES CONSTRUCTION INC. | Florida Broward County 17th Circuit | 10-0117028 |
| TERRIL V. EDELMAN ET AL. | Florida Broward County 17th Circuit | 10-023568 |
| THOMAS ET AL. V. JD CUSTOM HOMES ET AL. | Florida Lee County 20th Circuit | 09-CA-003950 |
| THOMPSON V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-066153-CA-42 |
| TIBRONE BANK V. STREAMLINE CONSTRUCTION (MF) | Florida St. Lucie County 19th Circuit | 2007CA000892 |
| TORRES & RODRIGUEZ V. R. FRY HOLDINGS ET AL. | Florida Lee County 20th Circuit | 10-CA-004348 |
| TRANSATLANTIC BANK V. FIRST STREET LANDOWNERS (LC) | Florida Miami-Dade County 11th Circuit | 2009-039283 |
| TUCKER ET AL. V. ARANDA HOMES | Florida Lee County 20th Circuit | 10-CA-001190 |
| TURNER CONSTRUCTION CO. ET AL. V. BANNER SUPPLY CO. ET AL. | Florida Appeals Court – 3rd District (Miami) | 3D06-603 |
| TUTIN V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-039288 |
| URENA V. KNAUF GIPS KG | Florida Broward County 17th Circuit | 9022682 |
| USAGA ET AL. V. KNAUF GIPS KG ET AL. | U.S. D.C. Eastern District of Louisiana | 2:11-CV-00336 |
| USAGA ET AL. V. KNAUF GIPS KG ET AL. | U.S. D.C. Southern District of Florida | 1:09-CV-22569 |
| USAGA ET AL. V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-029476-CA-42 |
| USO NORGE V. BOVIS LEND LEASE ET AL. | Florida Palm Beach County 15th Circuit | 2010 CA 026423 |
| VALBUENA V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031813-CA-42 |
| VASQUEZ V. STANDARD HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-006324 |

| | | |
|---|---|---|
| VENIUS V. NORTHSTAR HOLDINGS INC | Florida Palm Beach County 15th Circuit | 2009-CA-014560 |
| VICKERS V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04117 |
| VICKERS V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 1:09-CV-20510 |
| VICTORES ET AL. V. LENNAR HOMES LLC ET AL. | U.S. D.C. Southern District of Florida | 1:09-CV-22160 |
| VICTORES ET AL. V. LENNAR HOMES LLC ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-05872 |
| VICTORES ET AL. V. LENNAR HOMES LLC ET AL. | Florida Miami-Dade County 11th Circuit | 2009-018414-CA-01 |
| VILLALOBOS V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081894-CA-42 |
| VILLALTA V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-079411-CA-42 |
| VILLAS AT OAK HAMMOCK V. BANNER SUPPLY CO. ET AL. | Florida Broward County 17th Circuit | 10-40212 |
| VOUTSINAS V. NORTHSTAR HOLDINGS INC | Florida Palm Beach County 15th Circuit | 2009-CA-014466 |
| WACHTER V. TUSCAN HARVEY ESTATE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-018512 |
| WALLACE V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-004474 |
| WANOUNOU V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019753 |
| WATSON V. CENTERLINE HOMES CONSTRUCTION INC. ET AL. | St. Lucie Circuit Court | 56-2010-CA-001470 |
| WEBSTER V. UNITED HOMES INTERNATIONAL INC. | Florida Miami-Dade County 11th Circuit | 2011-000787 |
| WEINER (TRUSTEE) V. TIERRA HOMES CORP. | Florida Miami-Dade County 11th Circuit | 2010-030881-CA-01 |
| WELLS FARGO BANK (NA) V. ORTIZ JOSE M. | Florida Miami-Dade County 11th Circuit | 2010-021642 |
| WELLS FARGO BANK V. LYON BRADLEY | Florida Broward County 17th Circuit | CACE10043827 |
| WELLS FARGO BANK V. PRIME DRYWALL & PLASTERING INC. ET AL. | Florida Lee County 20th Circuit | 2009-CA059242 |
| WEST CONSTRUCTION INC. V. BANNER SUPPLY | Florida Palm Beach County 15th Circuit | 2010-CA-002246 |
| WESTCHESTER SURPLUS LINES ET AL. V. KNAUF GIPS ET AL. | Florida Broward County 17th Circuit | 10-46310 |
| WETZLER V. MEYERS CONSTRUCTION & REAL ESTATE INC | Florida Palm Beach County 15th Circuit | 2010-CA-005636 |
| WHIDDEN V. JUDSON CONSTRUCTION ET AL. | Florida Lee County 20th Circuit | 09-CA-003961 |
| WILLIAMS V. CENTERLINE HOMES CONSTRUCTION INC. ET AL. | St. Lucie Circuit Court | 56-2010-CA-001468 |

| | | |
|---|---|---|
| WILTZ ET AL. V. BEIJING NEW BUILDING MATERIALS PLC ET AL. | U.S. D.C. Eastern District of Louisiana | 2:10-CV-00361 |
| WITES V. ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP | Florida Broward County 17th Circuit | 09-054421 |
| WOLF ET AL. V. ÉLEGANT HOMES INC. ET AL. | Florida Broward County 17th Circuit | CACE08014065 |
| WOLF ET AL. V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031831-CA-42 |
| WONG V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014451 |
| ZEPEDA V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031824-CA-42 |
| ZERVOS V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-082325-CA-42 |

EXHIBIT D

GENERAL RELEASE OF ALL CLAIMS (THE "RELEASE")

1. **Definitions**

    1.1.    Capitalized terms used in this Order shall have the same meaning as those defined in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement"), unless defined herein.

2. **Authority**

    2.1.    Class Members and each individual signing this Release on behalf of the Class represent and warrant that they are duly authorized to do so and that they have the authority to enter into this Agreement on behalf of the parties for which they sign. Counsel for the Parties likewise represent and warrant that they are duly authorized by their respective clients to execute this Release and to take all appropriate action required and permitted to be taken by this Release.

3. **Releasor**

    3.1.    Class Members understand that the terms of the Settlement govern the resolution of their claims.  Class Members understand that in return for the Insurers' payment of the Insurance Proceeds, Class Members have fully and completely released, waived, and abandoned any and all claims against the Settling Defendants that are in any way related to Chinese Drywall and/or the Banner Insurance Policies. The Class Members understand that the intent of the Parties is that the Settling Defendants shall have no further liability in connection with the Released Claims; the Litigation; the Related Actions; the Related Claims; and/or the Banner Insurance Policies.

    3.2.    Class Members understand that under the terms of the Settlement, any claim that Class Members and anyone claiming by, through, and/or on behalf of any of them has, may have, or may have had against the Settling Defendants arising out of, in any manner related to, or connected in any way with Chinese Drywall; the collective mitigation of, response to, and/or recovery from the damage caused by Chinese Drywall; any act and/or failure to act related in any way to any of the foregoing; the Released Claims; the Litigation; the Related Actions; the Related Claims; and/or the Banner Insurance Policies is fully and finally released, waived, discharged, surrendered, foregone, given up, abandoned, and cancelled

    3.3.    Class Members understand that Class Members and anyone claiming by, through and/or on behalf of any of them, will be forever barred and enjoined from prosecuting any action against the Settling Defendants asserting any and/or all Released Claims.

3.4.   Class Members acknowledge having had an opportunity to obtain advice of counsel of their choosing regarding this release and waiver, and having discussed it with such counsel to its satisfaction.

3.5.   Class Members acknowledge that each Insurer has acted in good faith and fairly, reasonably, and honestly towards the Class and with due regard for the Class' interests. Class Members further acknowledge that the Settlement by the Settling Defendants, being in good faith, precludes the Class and Class Members, each Releasing Party, and Banner from asserting a bad faith claim against any Insurer.

3.6.   Class Members acknowledge and agree that this Release are irrevocable and unconditional and is intended to be as broad as can possibly be created.

4.   Releases

4.1.   In consideration for the Insurers' agreement to pay the Insurance Proceeds as set out in Section 1.12 of the Settlement, Class Members knowingly and voluntarily (i) release, remise, waive, surrender, forego, give up, abandon, cancel, acquit, and forever discharge the Settling Defendants for any and all claims whatsoever which arise out of, or are related in any way to, Chinese Drywall, the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the Banner Insurance Policies, including, but not limited to:

4.1.1.   Any and all Released Claims;

4.1.2.   Claims for personal injury, bodily injury (including death), property damage, remediation and/or clean-up of property, diminution of property value, groundwater contamination, loss of use, loss of enjoyment, economic loss, fear, fear of illness or disease, fear of developing illness or disease, fright, mental distress, pain and suffering, loss of earnings, impairment of earning capacity, loss of consortium, loss of support, love and affection, equity and medical monitoring, bystander liability, wrongful death, survival actions, breach of contract, all statutory claims, punitive or exemplary damages, attorneys' fees, costs or expenses, moving expenses, additional rental or mortgage payments;

4.1.3.   Claims for nuisance, trespass, inconvenience, loss of use or enjoyment, negligence, negligence *per se*, tort, public or private nuisance, custody of a thing containing a vice or defect, strict liability, liability for ultrahazardous activities or conduct, absolute liability, wanton and reckless misconduct, malicious misconduct, servitude or obligation of vicinage, abuse of right, or any other liability legally asserted or assertable under any federal, state, or local statute, directive or regulation, redhibition, violation of Louisiana New Home Warranty Act, Louisiana Products Liability Act (La. R.S. 9:28000.51 *et. seq.*), Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 51:1401 *et. seq.*), negligent discharge of a corrosive substance, unjust enrichment, breach of express or implied

warranty, breach of implied warranty of fitness and merchantability (Fla. Stat. § 718.203), breach of implied warranty of habitability, negligent misrepresentation, building code violations under Fla. Stat. § 553.84, or fraud;

4.2. Class Members acknowledge that Class Members may in the future learn of additional and/or different facts as they relate to Chinese Drywall, the Released Claims, the Litigation, the Related Actions, the Related Claims, the Banner Insurance Policies, and/or any injury the Class Members have ever claimed, do claim, or may at any time in the future claim. Class Members have been fully advised, understand, and acknowledge the significance and consequences of releasing all of the claims and liabilities and hereby assume full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that Class Members may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve Class Members' right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, Class Members specifically and expressly waive (to the fullest extent permitted by applicable law) their rights.

4.3. Without limitation of the foregoing, this Release is specifically intended to operate and be applicable even if it is alleged, charged, or proven that some or all of the released claims and liabilities are caused in whole or in part by the negligence, negligence *per se*, gross negligence, breach of warranty, violation of law, defective product, malice, bad faith, and/or conduct of any type by the Settling Defendants.

4.4. Class Members understand that each Class Member shall defend, indemnify, and hold harmless each of the Settling Defendants from and against (a) any and all claims by, on behalf of, through, or deriving from his, her, or its heirs, executors, representatives, attorneys or former attorneys, successors, employers, insurers, employers' insurers, health insurers, health care providers, assignees, subrogees, predecessors in interest, successors in interest, beneficiaries or survivors; and (b) any claims for contribution, indemnity, common law or contractual; and/or subrogation, whether arising under tort, contract or otherwise, related in any way to the Released Claims of said Class Member released by this Settlement.

4.5. Class Members understand and agree that the indemnity, defense, and judgment reduction obligations shall exist regardless of the legal basis for the claim, demand, cause of action, right of action, liability, lien, or judgment demand asserted by any person or entity to the extent related to the Released Claims against any Released Party and/or Settling Defendant. In particular, the Class Members expressly bind themselves to the foregoing indemnity, defense and judgment reduction obligations regardless of whether the claim, demand, suit, liability, lien, judgment, cause of action, or right of action is based on or related to (a) the negligence of any of the Settling Defendants, sole or concurrent; (b) the strict liability of any of the Settling Defendants under any theory whatsoever; (c)

the absolute liability of any of the Settling Defendants; (d) the wanton, reckless, or willful misconduct of any of the Settling Defendants; (e) any actual, alleged or purported right, asserted by any Settling Defendant or any Class Member under a policy of insurance issued by one or more Insurers; or (f) any other basis whatsoever.

4.6.    WITHOUT LIMITATION OF THE FOREGOING, THIS RELEASE IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED OR PROVED THAT SOME OF ALL OF THE RELEASED CLAIMS AND LIABILITIES ARE CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, BREACH OF WARRANTY, VIOLATION OF LAW, DEFECTIVE PRODUCT, MALICE, AND/OR CONDUCT OF ANY TYPE BY THE OTHER SETTLING DEFENDANTS, ANY RELEASING PARTY, AND/OR ANY OTHER PERSON.

## 5.  Pursuit of Certain Claims

5.1.    Class Members agrees that they will never (i) take any legal or other action to initiate, pursue, or maintain, or otherwise attempt to execute upon, collect or otherwise enforce, any of the Released Claims and Liabilities of or against any Released Party, (ii) institute or participate in any new legal action against any Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with Chinese Drywall and/or with any injury a Class Member has ever claimed, claims, or may at any time hereafter claim that Chinese Drywall caused in whole or in part or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against any Released Party in any legal action described in clause (ii) or any pending legal action against Banner, the Insurers, or any Released Party.

## 6.  Acknowledgment of Comprehension

6.1.    CLASS MEMBERS ARE ENTERING INTO THIS RELEASE FREELY AND VOLUNTARILY.  CLASS MEMBERS UNDERSTAND AND ACKNOWLEDGE THE NATURE, VALUE, AND SUFFICIENCY OF THE CONSIDERATION DESCRIBED IN THIS RELEASE.  CLASS MEMBERS ACKNOWLEDGE THAT THEY HAVE READ THIS RELEASE AND THE AGREEMENT, AND HAVE HAD AN OPPORTUNITY TO OBTAIN ADVICE FROM, AND ASK QUESTIONS OF, COUNSEL OF MY CHOOSING REGARDING THE TERMS AND LEGAL EFFECT OF THESE DOCUMENTS AND MY DECISION TO ENROLL TO PARTICIPATE IN THE PROGRAM.  CLASS MEMBERS FURTHER ACKNOWLEDGE THAT THEY HAVE DISCUSSED ALL THESE MATTERS WITH THE COUNSEL OF MY CHOOSING, AND SUCH COUNSEL HAS ANSWERED ALL MY QUESTIONS TO MY SATISFACTION.

## 7.  No Admission of Fault

7.1.    Class Members understand and agree that the Settling Defendants have entered into this Release and the Agreement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an

admission of liability, responsibility or fault of or by Banner, the Insurers, or any other Released Party.

### 8. Representations and Warranties

8.1.    Class Members represent and warrant that they have full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms.   Class Members have the sole right to receive any and all Settlement Payments, if any, with respect to my claim under the Program.   Class Members have not sold, assigned, transferred or otherwise disposed of, or pledged or otherwise encumbered, any of the Released Claims and Liabilities in whole or in part.

### 9. Governing Law

9.1.    This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

### 10. Severability

10.1.   Class Members agree that if any provision of this Release is adjudicated to be invalid, illegal or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, Class Members hereby specifically and expressly waive any provision of Law that renders any provision of this Release invalid, illegal or unenforceable in any respect.

IN WITNESS WHEREOF, the Parties have read and understood the terms and conditions of this Release, agree to be bound by all of its provisions, and have executed this Release on the date shown by their signatures below.

PLAINTIFFS' LIAISON COUNSEL

By: _____
Russ Herman

Print Name: _Russ M. Herman_

Witness Signature: _Lillian Flemming_

Printed Name: _Lillian Flemming_

Date: _6/13/11_

Witness Signature: _Amy Catalanotto_

Printed Name: _Amy Catalanotto_

Date: _6/13/11_


PLAINTIFFS' LEAD COUNSEL AND FOR THE PLAINTIFFS' STEERING COMMITTEE

By: _____
Arnold Levin

Print Name: _Arnold Levin_

Witness Signature: _Lillian Flemming_

Printed Name: _Lillian Flemming_

Date: _6/13/11_

Witness Signature: _Amy Catalanotto_

Printed Name: _Amy Catalanotto_

Date: _6/13/11_

PLAINTIFFS' PROPOSED CLASS
COUNSEL

By: _____
Russ Herman

Print Name: _Russ M. Herman_

_____
Witness Signature

_Amy Catalanotto_
Printed Name

_1|13|11_
Date

_____
Witness Signature

_Lillian Flemming_
Printed Name

_6|13|11_
Date

PLAINTIFFS' PROPOSED CLASS
COUNSEL

By: _____
Arnold Levin

Print Name: _Arnold Levin_

_____
Witness Signature

_Amy Catalanotto_
Printed Name

_6|13|11_
Date

_____
Witness Signature

_Lillian Flemming_
Printed Name

_6|13|11_
Date

7

PLAINTIFFS' PROPOSED CLASS
COUNSEL

By: _____
Ervin Gonzalez

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

8

EXHIBIT E(1)

BANNER'S RELEASE OF CHARTIS (THE "RELEASE")

1. **Definitions**

    1.1.    Capitalized terms used in this Release shall have the same meaning as those defined in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement"), unless defined herein.

    1.2.    "Consideration" shall mean the policy limits paid pursuant to the Settlement, and other good and valuable consideration.

2. **Releasor**

    2.1.    Banner has been advised and fully understands that the Settlement governs the resolution of any and all claims Banner has, may have, or may have in the future against Chartis, including claims under or related to the Triggered Policies, and/or with regard to any injury or damage Banner has ever claimed, or may at any time claim in the future concerning and/or connected in any way with Chinese Drywall or the Triggered Policies.

    2.2.    Banner has been advised and fully understands that any and all claims that Banner has or may have in the future against Chartis concerning or connected in any way with Chinese Drywall under the Chartis Policies will be fully and forever released once the Settlement is Final.

    2.3.    Banner has been advised and fully understands the potential for opt-out claims and that any claimant that opts out of the Settlement will preserve its claims against Banner. Banner further acknowledges that it has a right, pursuant to Section 6.3.2 of the Settlement, to terminate the Settlement at its sole discretion. Banner has been advised by Chartis that if there are opt out claims and Banner does not terminate the Settlement, Banner's insurance assets will not be available to defend, pay, or otherwise respond to such claims. Banner agrees that Chartis has adequately advised it that opt out claims present continued exposure to Banner, and that Banner will be responsible for paying any opt out claims in the event that Banner does not terminate the Settlement.

    2.4.    Banner acknowledges that Chartis has thoroughly investigated all of the Chinese Drywall-related claims against Banner, that Chartis has communicated with Banner regarding the terms and significance of the Settlement throughout the Settlement's negotiation, and that the Settlement represents the best opportunity to settle as many Chinese Drywall-related claims against Banner as is possible.

    2.5.    Banner has made an independent determination that the Settlement represents its best option for resolving as many claims as possible with its Insurance Proceeds, minimizes Banner's overall liability, and is in Banner's best interests.

3. Releases

3.1.    In consideration for Chartis' agreement to pay the Insurance Proceeds as set out in Section 1.12 of the Settlement, and upon the Settlement becoming Final, Banner knowingly and voluntarily releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits, and forever discharges Chartis for any and all claims whatsoever including, but not limited to, (i) all claims that arise out of, or are related in any way to, Chinese Drywall, the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the Chartis Insurance Policies; (ii) all claims for insurance coverage, indemnity, "duty to defend," bad faith, and/or extra-contractual liability of any kind, which claims arise under Florida law, the law of any other state, or any other law (including common law); and (iii) any and all past, present, and/or future claims arising out of, or related to, indemnity obligations, duty to defend, claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent investigation, breach of warranty, failure to warn, breach of implied warranty, breach of good faith and fair dealing, bad faith, negligent or intentional interference with contractual relationships, deceptive trade practices, unfair trade practices, unfair settlement practices, conduct in violation of any insurance code, claims under La. R.S. 22:1220, Fla. Stat. § 501.201, et seq., Fla. Stat. § 624.155, Fla. Stat. § 626.951 et seq., Fla. Stat. § 672.314, Fla. Stat. § 718.203, or any other alleged misconduct, omission, or wrongdoing of any kind.

3.2.    Until the Settlement is Final, Chartis shall, where applicable, and consistent with the defense obligations previously undertaken on behalf of Banner, continue to defend Banner in connection with covered claims arising out of, or in any way related to, Chinese Drywall, including, but not limited to, the Litigation, Related Actions, and Related Claims.

3.3.    Banner hereby agrees and stipulates that once the Settlement is Final the aggregate policy limits under the Triggered Policies individually and collectively will have been exhausted, and that Chartis will have no further duty to defend and/or indemnify Banner, or any person or persons, entity or entities under the policies specifically identified in Exhibit A individually and/or collectively for claims arising from or relating to Chinese Drywall.

3.4.    Banner acknowledges that Banner may in the future learn of additional and/or different facts as they relate to Chinese Drywall, the Chartis Policies, Chartis' activities as they relate to Chinese Drywall, and/or any injury Banner has ever claimed, or may at any time in the future claim. Banner has been fully advised, understands and acknowledges the significance and consequences of releasing all of the claims and liabilities and hereby assumes full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that Banner may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve Banner's right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, Banner specifically and expressly

waives (to the fullest extent permitted by applicable law) Banner's rights, provided that the Settlement becomes Final.

3.5.   Banner further acknowledges having had an opportunity to obtain advice of counsel of its choosing regarding this release and waiver, and having discussed it with such counsel to its satisfaction.

3.6.   Banner acknowledges that Chartis has acted in good faith and fairly, reasonably, and honestly toward Banner and any actual and/or potential Class Members, and with due regard for Banner's and any potential Class Members' interests regarding Chinese Drywall. Banner further acknowledges that the Settlement by Chartis and the Insurers, being in good faith, precludes Banner and the Class Members from asserting a bad faith claim against Chartis, provided that the Settlement becomes Final.

3.7.   Banner acknowledges and agrees that this Release is irrevocable and unconditional, inures to the benefit of Banner, and is intended to be as broad as can possibly be created.

3.8.   Without limitation of the foregoing, this Release is specifically intended to operate and be applicable even if it is alleged, charged, or proven that some or all of the released claims and liabilities are caused in whole or in part by the negligence, negligence *per se*, gross negligence, breach of warranty, violation of law, defective product, malice, bad faith, and/or conduct of any type by Chartis and/or any other person or entity, provided that the Settlement becomes Final.

4.  **Pursuit of Certain Claims**

4.1.   Banner agrees that Banner will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce any of the released claims and liabilities of or against Chartis; (ii) institute or participate in any new legal action against Chartis to any extent, or in any way, arising out of, relating to, resulting from, and/or connected with the Chartis Policies, Chinese Drywall and/or with any injury Banner has ever claimed, or may at any time hereafter claim; or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against Chartis in any legal action described in clause (ii) or any pending legal action against Chartis, provided that the Settlement becomes Final.

5.  **Acknowledgment of Comprehension**

5.1.   Banner is entering into this Release freely and voluntarily. Banner understands and acknowledges the nature, value, and sufficiency of the Consideration described in this Release. Banner acknowledges that Banner has read this Release and the Settlement, and Banner has had an opportunity to obtain advice from, and ask questions of, counsel of its choosing regarding the terms and legal effect of these documents and its decision to enter the Release. Banner further acknowledges that Banner has discussed all of these matters with the counsel of

3

its choosing, and such counsel has answered all its questions to its satisfaction. Banner further acknowledges that Banner understands this Release.

6. **No Admission of Fault**

    6.1.   Banner understands and agrees that Chartis has entered into this Release and the Settlement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility, or fault of or by Chartis.

7. **Representations and Warranties**

    7.1.   Banner hereby represents and warrants that Banner has full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Banner has not sold, assigned, transferred, or otherwise disposed of, or pledged or otherwise encumbered, any of the released claims and liabilities in whole or in part.

8. **Governing Law**

    8.1.   This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

9. **Severability**

    9.1.   Banner agrees that if any provision of this Release is adjudicated to be invalid, illegal, or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete therefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable law, Banner hereby specifically and expressly waives any provision of law that renders any provision of this Release invalid, illegal, or unenforceable in any respect.

IN WITNESS WHEREOF, Banner has read and understood the terms and conditions of this Release, agrees to be bound by all of its provisions, and has executed this Release on the date shown by their signatures below.

BANNER SUPPLY COMPANY

By: _____
        Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

BANNER SUPPLY COMPANY
POMPANO, LCC

By: _____
        Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

BANNER SUPPLY COMPANY
TAMPA, LLC

By: _____
        Authorized Representative

Print Name: _____ ,

_____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date


BANNER SUPPLY COMPANY
INTERNATIONAL, LLC

By: _____
        Authorized Representative

Print Name: _____

_____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

BANNER SUPPLY COMPANY
FORT MYERS, LLC

By: _____
   Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

BANNER SUPPLY COMPANY
FORT ST LUCIE, LLC

By: _____
   Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

EXHIBIT E(2)

BANNER'S RELEASE OF FCCI (THE "RELEASE")

1. **Definitions**

    1.1.    Capitalized terms used in this Release shall have the same meaning as those defined in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement"), unless defined herein.

    1.2.    "Consideration" shall mean the amount paid pursuant to the Settlement, and other good and valuable consideration.

2. **Releasor**

    2.1.    Banner has been advised and fully understands that the Settlement governs the resolution of any and all claims Banner has, may have, or may have in the future against FCCI, including claims under or related to the Other Banner Insurance Policies as defined in Section 1.5.2 of the Settlement, and/or with regard to any injury or damage Banner has ever claimed, or may at any time claim in the future concerning and/or connected in any way with Chinese Drywall.

    2.2.    Banner has been advised and fully understands that any and all claims that Banner has or may have in the future against FCCI concerning or connected in any way with Chinese Drywall under the FCCI Policies is fully and forever released once the Settlement is Final.

    2.3.    Banner has been advised and fully understands the potential for opt-out claims and that any claimant that opts out of the Settlement will preserve its claims against Banner. Banner further acknowledges that it has a right, pursuant to Section 6.3.2 of the Settlement, to terminate the Settlement at its sole discretion. Banner has been advised by FCCI that if there are opt-out claims and Banner does not terminate the Settlement, Banner's insurance assets will not be available to defend, pay, or otherwise respond to such claims. Banner agrees that FCCI has adequately advised it that opt-out claims present continued exposure to Banner, and that Banner will be responsible for paying any opt-out claims in the event that Banner does not terminate the Settlement.

    2.4.    Banner acknowledges that FCCI has thoroughly investigated all of the Chinese Drywall-related claims against Banner and that FCCI has communicated with Banner regarding the terms and significance of the Settlement throughout the Settlement's negotiation. Banner has made an independent determination that the Settlement represents the most reasonable and cost-effective option for resolving as many claims as possible with its Insurance Proceeds, minimizes Banner's overall liability, and is in Banner's best interests.

1

3. Releases

3.1.   In consideration of FCCI's agreement to pay the Insurance Proceeds as set out in Section 1.12 of the Settlement, and upon the Settlement becoming Final, Banner knowingly and voluntarily releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits, and forever discharges FCCI for any and all claims whatsoever including but not limited to (i) all claims which arise out of, or are related in any way to, Chinese Drywall, the Litigation, the Released Claims, the Related Actions, the Related Claims, and/or the FCCI Insurance Policies; and (ii) all claims for insurance coverage, indemnity, "duty to defend," bad faith, and/or extra-contractual liability of any kind, which claims arise under Florida law, the law of any other state, or any other law (including common law); and (iii) any and all past, present, and/or future claims arising out of, or related to, indemnity obligations, duty to defend, claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent investigation, breach of warranty, failure to warn, breach of implied warranty, breach of good faith and fair dealing, bad faith, negligent or intentional interference with contractual relationships, deceptive trade practices, unfair trade practices, unfair settlement practices, conduct in violation of any insurance code, claims under La. R.S. 22:1220, Fla. Stat.§ 501.201, et seq., Fla. Stat. § 624.155, Fla. Stat. § 626.951 et seq., Fla. Stat. § 672.314, Fla. Stat. § 718.203, or any other alleged misconduct, omission, or wrongdoing of any kind.

3.2.   Until the Settlement is Final, FCCI shall, where applicable, and consistent with the defense obligations previously undertaken on behalf of Banner, continue to defend Banner in connection with covered claims arising out of, or in any way related to, Chinese Drywall, including, but not limited to, the Litigation, Related Actions, and Related Claims.

3.3.   Banner hereby agrees and stipulates that once the Settlement is Final the aggregate policy limits under the Other Banner Insurance Policies as defined in Section 1.5.2 of the Settlement individually and collectively will be exhausted, and that FCCI will have no further duty to defend and/or indemnify Banner, or any person or persons, entity or entities under the policies specifically identified in Exhibit B individually and/or collectively for claims arising from or relating to Chinese Drywall.

3.4.   Banner acknowledges that Banner may in the future learn of additional and/or different facts as they relate to Chinese Drywall, the FCCI Policies, FCCI's activities as they relate to Chinese Drywall, and/or any injury Banner has ever claimed, or may at any time in the future claim. Banner has been fully advised, understands and acknowledges the significance and consequences of releasing all of the claims and liabilities and hereby assumes full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that Banner may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve Banner's right to hereinafter assert any such unknown

2

and/or unanticipated claims and/or liabilities, Banner specifically and expressly waives (to the fullest extent permitted by applicable law) Banner's rights, provided that the Settlement becomes Final.

3.5.     Banner further acknowledges having had an opportunity to obtain advice of counsel of its choosing regarding this release and waiver and having discussed it with such counsel to its satisfaction.

3.6.     Banner acknowledges that FCCI has acted in good faith and fairly, reasonably, and honestly toward Banner and any actual and/or potential Class Members, and with due regard for Banner's and any potential Class Members' interests regarding Chinese Drywall. Banner further acknowledges that the Settlement by FCCI and the Insurers, being in good faith, precludes Banner and the Class Members from asserting a bad faith claim against FCCI, provided that the Settlement becomes Final.

3.7.     Banner acknowledges and agrees that this Release is irrevocable and unconditional, inures to the benefit of Banner, and is intended to be as broad as can possibly be created.

3.8.     Without limitation of the foregoing, this Release is specifically intended to operate and be applicable even if it is alleged, charged, or proven that some or all of the released claims and liabilities are caused in whole or in part by the negligence, negligence *per se*, gross negligence, breach of warranty, violation of law, defective product, malice, bad faith, and/or conduct of any type by FCCI and/or any other person or entity, provided that the Settlement becomes Final.

3.9.     Nothing contained herein shall be construed to release any claim that Banner Supply Company shall have under any policy of Workers Compensation coverage issued by FCCI.

4.   **Pursuit of Certain Claims**

4.1.     Banner agrees that Banner will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce any of the released claims and liabilities of or against FCCI; (ii) institute or participate in any new legal action against FCCI to any extent, or in any way, arising out of, relating to, resulting from, and/or connected with the FCCI Policies, Chinese Drywall and/or with any injury Banner has ever claimed, or may at any time hereafter claim; or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against FCCI in any legal action described in clause (ii) or any pending legal action against FCCI, provided that the Settlement becomes Final.

5.   **Acknowledgment of Comprehension**

5.1.     Banner is entering into this Release freely and voluntarily. Banner understands and acknowledges the nature, value, and sufficiency of the Consideration

3