described in this Release. Banner acknowledges that Banner has read this Release and the Settlement, and Banner has had an opportunity to obtain advice from, and ask questions of, counsel of its choosing regarding the terms and legal effect of these documents and its decision to enter the Release. Banner further acknowledges that Banner has discussed all of these matters with the counsel of its choosing, and such counsel has answered all its questions to its satisfaction. Banner further acknowledges that Banner understands this Release.

6. **No Admission of Fault**

    6.1.  Banner understands and agrees that FCCI has entered into this Release and the Settlement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility, or fault of or by FCCI.

7. **Representations and Warranties**

    7.1.  Banner hereby represents and warrants that Banner has full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Banner has not sold, assigned, transferred, or otherwise disposed of, or pledged or otherwise encumbered, any of the released claims and liabilities in whole or in part.

8. **Governing Law**

    8.1.  This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

9. **Severability**

    9.1.  Banner agrees that if any provision of this Release is adjudicated to be invalid, illegal, or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete therefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable law, Banner hereby specifically and expressly waives any provision of law that renders any provision of this Release invalid, illegal, or unenforceable in any respect.

IN WITNESS WHEREOF, Banner has read and understood the terms and conditions of this Release, agrees to be bound by all of its provisions, and has executed this Release on the date shown by their signatures below.

BANNER SUPPLY COMPANY

By: _____
Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature                         Printed Name

_____
Printed Name                              _____
                                          Date

_____
Date


BANNER SUPPLY COMPANY
POMPANO, LLC

By: _____
Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature                         Printed Name

_____
Printed Name                              _____
                                          Date

_____
Date

BANNER SUPPLY COMPANY
TAMPA, LLC

By: _____
Authorized Representative

Print Name: _____

Witness Signature _____

Witness Signature _____

Printed Name _____

Printed Name _____

Date 6/10/11

Date 6/10/11

BANNER SUPPLY COMPANY
INTERNATIONAL, LLC

By: _____
Authorized Representative

Print Name: _____

Witness Signature _____

Witness Signature _____

Printed Name _____

Printed Name _____

Date 6/10/11

Date 6/10/11

BANNER SUPPLY COMPANY
FORT MYERS, LLC

By: _____
    Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

Jack Landers
Printed Name

Scott K Giering
Printed Name

6/10/11
Date

6/10/11
Date

BANNER SUPPLY COMPANY
FORT ST LUCIE, LLC

By: _____
    Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

Jack Landers
Printed Name

Scott K Giering
Printed Name

6/10/11
Date

6/10/11
Date

EXHIBIT E(3)

BANNER'S RELEASE OF MARYLAND CASUALTY COMPANY
(THE "RELEASE")

1. **Definitions**

   1.1.  "Settlement" shall mean the Settlement among Banner, the Insurers, and the Class, dated as of June 10, 2011.

   1.2.  Unless defined in this Release, capitalized terms used in this Release (including "Banner") shall have the same meaning as those defined in the Settlement.

2. **Releasor**

   2.1.  Banner has been advised and fully understands that the Settlement governs the resolution of any and all claims Banner has, may have, or may have in the future against Maryland Casualty, including claims under or related to the Maryland Casualty Policies, and/or with regard any injury or damage Banner has ever claimed, or may at any time claim in the future concerning and/or connected in any way with Chinese Drywall.

   2.2.  Banner has been advised and fully understands that any and all claims that Banner has or may have in the future against Maryland Casualty concerning or connected in any way with Chinese Drywall will be fully and forever released once the Settlement is Final.

   2.3.  Banner has been advised and fully understands the potential for opt-out claims and that any claimant that opts out of the Settlement will preserve its claims against Banner. Banner further acknowledges that it has a right, pursuant to Section 6.3.2 of the Settlement, to terminate it at its sole discretion. Banner has been advised by Maryland Casualty that if there are opt out claims and Banner does not terminate the Settlement, Banner's insurance assets will not be available to defend, pay, or otherwise respond to such claims. Banner agrees that Maryland Casualty has adequately advised it that opt out claims present continued exposure to Banner, and that Banner will be responsible for paying any opt out claims.

   2.4.  Banner acknowledges that Maryland Casualty has thoroughly investigated all of the Chinese Drywall-related claims against Banner, that Maryland Casualty has communicated with Banner regarding the terms and significance of the Settlement throughout the Settlement's negotiation, and that the Settlement represents the best opportunity to settle as many Chinese Drywall-related claims against Banner as is possible.

   2.5.  Banner has made an independent determination that the Settlement represents its best option for resolving as many claims as possible with its Insurance Proceeds, minimizes Banner's overall liability, and is in Banner's best interests.

1

3. **Releases**

3.1.   In consideration for Maryland Casualty's agreement to pay the Insurance Proceeds as set out in Section 1.12 of the Settlement, Banner knowingly and voluntarily (i) releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits, and forever discharges Maryland Casualty for any and all claims whatsoever which arise out of, or are related in any way to, Chinese Drywall, the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the Maryland Casualty Insurance Policies, including, but not limited to, (a) all claims for insurance coverage, indemnity, "duty to defend," bad faith, and/or extra-contractual liability of any kind, which claims arise under Florida law, the law of any other state, or any other law (including common law); and (b) any and all past, present, and/or future claims arising out of, or related to, indemnity obligations, duty to defend, claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent investigation, breach of warranty, failure to warn, breach of implied warranty, breach of good faith and fair dealing, bad faith, negligent or intentional interference with contractual relationships, deceptive trade practices, unfair trade practices, unfair settlement practices, conduct in violation of any insurance code, claims under La. R.S. 22:1220, Fla. Stat.§ 501.201, *et seq.*, Fla. Stat. § 624.155, Fla. Stat. § 626.951 *et seq.*, Fla.Stat.§ 672.314, Fla. Stat. § 718.203, or any other alleged misconduct, omission, or wrongdoing of any kind.

3.2.   Banner hereby agrees and stipulates that the only Maryland Casualty policy issued to Banner that is triggered by claims related in any way to Chinese Drywall is the 2005-2006 policy issued to Banner PSL, policy number PPS 42534587-02.

3.3.   Until the Settlement is Final, Maryland Casualty shall, where applicable, and consistent with the defense obligations previously undertaken on behalf of Banner, continue to defend Banner in connection with covered claims arising out of, or in any way related to, Chinese Drywall, including, but not limited to, the Litigation, Related Actions, and Related Claims.

3.4.   Banner acknowledges that Banner may in the future learn of additional and/or different facts as they relate to Chinese Drywall, the Maryland Casualty Policies, Maryland Casualty' activities as they relate to Chinese Drywall, and/or any injury Banner has ever claimed, or may at any time in the future claim. Banner has been fully advised, understands and acknowledges the significance and consequences of releasing all of the claims and liabilities and hereby assumes full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that Banner may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve Banner's right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, Banner specifically and expressly waives (to the fullest extent permitted by applicable law) Banner's rights.

2

3.5.   Banner further acknowledges having had an opportunity to obtain advice of counsel of its choosing regarding this release and waiver, and having discussed it with such counsel to its satisfaction.

3.6.   Banner acknowledges that Maryland Casualty has acted in good faith and fairly, reasonably, and honestly towards Banner and any actual and/or potential Class Members, and with due regard for Banner's and any potential Class Members' interests regarding Chinese Drywall. Banner further acknowledges that the Settlement by Maryland Casualty and the Insurers, being in good faith, precludes Banner and the Class Members from asserting a bad faith claim against Maryland Casualty.

3.7.   Banner acknowledges and agrees that this Release is irrevocable and unconditional, inures to the benefit of Banner, and is intended to be as broad as can possibly be created.

3.8.   Without limitation of the foregoing, this Release is specifically intended to operate and be applicable even if it is alleged, charged, or proven that some or all of the released claims and liabilities are caused in whole or in part by the negligence, negligence *per se*, gross negligence, breach of warranty, violation of law, defective product, malice, bad faith, and/or conduct of any type by Maryland Casualty and/or any other person or entity.

## 4.   Pursuit of Certain Claims

4.1.   Banner agrees that Banner will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce any of the released claims and liabilities of or against Maryland Casualty; (ii) institute or participate in any new legal action against Maryland Casualty to any extent, or in any way, arising out of, relating to, resulting from, and/or connected with the Maryland Casualty Policies, Chinese Drywall and/or with any injury Banner has ever claimed, or may at any time hereafter claim; or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against Maryland Casualty in any legal action described in clause (ii) or any pending legal action against Maryland Casualty.

## 5.   Acknowledgment of Comprehension

5.1.   Banner is entering into this Release freely and voluntarily. Banner understands and acknowledges the nature, value, and sufficiency of the consideration described in this Release. Banner acknowledges that Banner has read this Release and the Settlement, and Banner has had an opportunity to obtain advice from, and ask questions of, counsel of its choosing regarding the terms and legal effect of these documents and its decision to enter the Release. Banner further acknowledges that Banner has discussed all of these matters with the counsel of its choosing, and such counsel has answered all its questions to its satisfaction. Banner further acknowledges that Banner understands this Release.

3

6. **No Admission of Fault**

    6.1.    Banner understands and agrees that Maryland Casualty has entered into this Release and the Settlement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility, or fault of or by Maryland Casualty.

7. **Representations and Warranties**

    7.1.    Banner hereby represents and warrants that Banner has full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Banner has not sold, assigned, transferred, or otherwise disposed of, or pledged or otherwise encumbered, any of the released claims and liabilities in whole or in part.

8. **Governing Law**

    8.1.    This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

9. **Severability**

    9.1.    Banner agrees that if any provision of this Release is adjudicated to be invalid, illegal, or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, Banner hereby specifically and expressly waives any provision of law that renders any provision of this Release invalid, illegal, or unenforceable in any respect.

IN WITNESS WHEREOF, Banner has read and understood the terms and conditions of this Release, agrees to be bound by all of its provisions, and has executed this Release on the date shown by their signatures below.

BANNER SUPPLY COMPANY

By: _____
　　　Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

BANNER SUPPLY COMPANY
POMPANO, LCC

By: _____
　　　Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

BANNER SUPPLY COMPANY
TAMPA, LLC

By: _____
    Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date


BANNER SUPPLY COMPANY
INTERNATIONAL, LLC

By: _____
    Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

BANNER SUPPLY COMPANY
FORT MYERS, LLC

By: _____
   Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date


BANNER SUPPLY COMPANY
PORT ST LUCIE, LLC

By: _____
   Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

EXHIBIT F

JOINT MUTUAL RELEASE AMONG ALL INSURERS (THE "RELEASE")

1. **Definitions**

    1.1.  Capitalized terms used in this Release shall have the same meaning as those defined in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement"), unless defined herein.

2. **Releases**

    2.1.  Chartis, FCCI, Hanover, and Maryland Casualty for itself and each and all of its past, present, and future employees, attorneys, officers, directors, agents, shareholders, stockholders, subsidiaries, consultants, insurers, claims administrators, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns shall release, remise, acquit, and discharge each and every other Insurer, and each and all of their respective past, present, and future employees, attorneys, officers, directors, agents, stockholders, subsidiaries, consultants, insurers, claims administrators, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns, from any and all manner of actions, claims, demands, causes of action, or liabilities related to Banner and the Banner Insurance Policies, including but not limited to those for subrogation, implied or express indemnification, contribution, insurance coverage, "duty to defend," bad faith, conduct in violation of any insurance code, extra-contractual liability, and/or any other alleged misconduct, omission, or wrongdoing of any kind, of whatever nature or source, known or unknown, that the Insurer ever had, now has, could have had, may have in the future, or that it may acquire.

    2.2.  The Insurers' subrogation rights under the Banner Insurance Policies, any other policy, or under law or equity, are preserved and are not released or affected in any way by this Settlement. The Insurers shall be able to make subrogation claims against the Settlement Funds like any other claimant.

    2.3.  Each Insurer acknowledges that it and each other Insurer may in the future learn of additional and/or different facts as they relate to Banner, the Banner Insurance Policies, the Related Claims, the Related Actions, the Litigation, and/or Chinese Drywall. Each Insurer acknowledges the significance and consequences of releasing all of the claims and liabilities and hereby assumes full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that it and each other Insurer may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve the Insurer's right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, each Insurer specifically and expressly waives (to the fullest extent permitted by applicable law) its rights.

1

2.4.   Each Insurer further acknowledges having had an opportunity to obtain advice of counsel of its choosing regarding the Settlement, and this release and waiver, and having discussed it with such counsel to its satisfaction.

3.  Pursuit of Certain Claims

3.1.   Each Insurer agrees that it will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce any of the released claims and liabilities of or against any other Insurer; (ii) institute or participate in any new legal action against any other Insurer to any extent, or in any way, arising out of, relating to, resulting from and/or connected with Banner, the Banner Insurance Policies, the Related Claims, the Related Actions, the Litigation, or any claims in connection with Chinese Drywall; or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against any other Insurer in any legal action described in clause (ii) or any pending legal action against any other Insurer.

4.  Acknowledgment of Comprehension

4.1.   Each Insurer is entering into this Release freely and voluntarily.  Each Insurer understands and acknowledges the nature, value, and sufficiency of the consideration described in this Release.  Each Insurer acknowledges that it has read this Release and the Settlement, and it has had an opportunity to obtain advice from, and ask questions of, counsel of its choosing regarding the terms and legal effect of these documents and its decision to enter the Release. Each Insurer further acknowledges that it has discussed all these matters with the counsel of its choosing, and such counsel has answered all its questions to its satisfaction. Each Insurer further acknowledges that it understands this Release.

5.  No Admission of Fault

5.1.   Each Insurer understands and agrees that each other Insurer has entered into this Release and the Settlement solely by way of compromise and settlement.  These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility, or fault of or by any Insurer.

6.  Representations and Warranties

6.1.   Each Insurer hereby represents and warrants that it has full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Each Insurer hereby represents and warrants that it has not sold, assigned, transferred or otherwise disposed of, or pledged or otherwise encumbered, any of the released claims and liabilities in whole or in part.

7.  Governing Law

2

7.1.   This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

## 8. Severability

8.1.   Each Insurer agrees that if any provision of this Release is adjudicated to be invalid, illegal or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, each Insurer hereby specifically and expressly waives any provision of law that renders any provision of this Release invalid, illegal or unenforceable in any respect.

8.2.   If Maryland Casualty chooses to withdraw from the Settlement in accordance with Sections 6.4 or 11.2, this Release shall be construed to exclude Maryland Casualty as either a releasing party or a releasor. The Release shall otherwise remain in full force and effect and be construed as if Maryland Casualty had not been included herein.

8.3.   If FCCI chooses to withdraw from the Settlement in accordance with Sections 6.4 or 11.2, this Release shall be construed to exclude FCCI as either a releasing party or a releasor. The Release shall otherwise remain in full force and effect and be construed as if FCCI had not been included herein.

3

IN WITNESS WHEREOF, the Insurers have read and understood the terms and conditions of this Release, agree to be bound by all of its provisions, and have executed this Release on the date shown by their signatures below.

FCCI INSURANCE COMPANY, FCCI
COMMERCIAL INSURANCE COMPANY,
NATIONAL TRUST INSURANCE
COMPANY, FCCI MUTUAL INSURANCE
HOLDING COMPANY, FCCI GROUP,
INC., FCCI INSURANCE GROUP, INC.,
MONROE GUARANTY INSURANCE
COMPANY, FCCI SERVICES, INC., FCCI
ADVANTAGE INSURANCE COMPANY,
BRIERFIELD INSURANCE COMPANY,
and FCCI AGENCY, INC.

By: _____
    Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

4

CHARTIS CLAIMS, INC. on behalf of
CHARTIS SPECIALTY INSURANCE
COMPANY f/k/a American International
Specialty Lines Insurance Company,
ILLINOIS NATIONAL INSURANCE CO.,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., AND
COMMERCE & INDUSTRY INSURANCE
CO.

By: _____
        Patricia McMahon
        Vice-President, Chartis Claims, Inc.

Print Name: _PATRICIA McMAHON_

_____
Witness Signature

_Marcy Melnikoff_
Printed Name

_6/10/11_
Date

_Dana Hoffman_
Witness Signature

_Dana Hoffman_
Printed Name

_6/10/11_
Date

HANOVER AMERICAN INSURANCE
COMPANY and HANOVER INSURANCE
GROUP, INC.

By: _____
          Authorized Representative

Print Name: _____

| | |
|---|---|
| _____ | _____ |
| Witness Signature | Witness Signature |
| _____ | _____ |
| Printed Name | Printed Name |
| _____ | _____ |
| Date | Date |

MARYLAND CASUALTY COMPANY and
ALL COMPANIES IN THE ZURICH
NORTH AMERICA GROUP OF
INSURANCE COMPANIES

By: _Robert J. Kossichier_
          Authorized Representative

Print Name: _Robert J Kossichier_

_Rosemary Mostafa_
Witness Signature

_Rosemary Mostafa_
Printed Name

_6/10/11_
Date

_____
Witness Signature

_____
Printed Name

_____
Date

EXHIBIT G

INSURERS' GENERAL RELEASE TO BANNER

1. **Definitions**

1.1. Capitalized terms used in this Release shall have the same meaning as those defined in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement"), unless defined herein.

1.2. "Consideration" shall mean the policy limits paid pursuant to the Settlement, and other good and valuable consideration.

2. **Releasor**

2.1. Chartis, Hanover, FCCI and Maryland (collectively the "Insurers") have been advised and fully understand that the Settlement governs the resolution of any and all claims that the Insurers have, may have, or may have in the future against Banner, including claims under or related to the Triggered Policies, and/or with regard to any injury and/or damage the Insurers have ever claimed, or may at any time claim in the future concerning and/or connected in any way with the Triggered Policies and Chinese Drywall.

2.2. The Insurers have been advised and fully understand that any and all claims that they have or may have in the future against Banner concerning or connected in any way with the Triggered Policies and Chinese Drywall will be fully and forever released once the Settlement is Final.

2.3. The Insurers have been advised and fully understand the potential for opt-out claims and that any claimant that opts out of the Settlement will preserve its claims against Banner and, correspondingly, the Insurers. Chartis, FCCI and Maryland further acknowledge that they have the right, pursuant to Sections 6.4.1 and 6.4.2 of the Settlement, to terminate the Settlement. The Insurers have advised Banner that they believe it is in Banner's best interests to resolve all claims against it relating to, or arising out of, Chinese Drywall, in the MDL in exchange for payment of the available Insurance Proceeds.

2.4. The Insurers acknowledge and agree that Banner has cooperated with the Insurers in their investigation of all of the Chinese Drywall-related claims against Banner and that Banner has provided each of the Insurers with proper, timely and adequate notice of each said claim. The Insurers have communicated with Banner regarding the terms and significance of the Settlement throughout the Settlement's negotiation and agree that the Settlement represents the best opportunity to settle as many Chinese Drywall-related claims against Banner as is possible, is the most

reasonable and cost effective option for resolving as many claims as possible with its Insurance Proceeds, minimizes Banner's overall liability, and is in Banner's best interests.

3. Releases

    3.1.   In consideration for each of Banner's release of all claims set forth in its Release, as well as the Insurers' agreement to pay the Insurance Proceeds as set out in Section 1.12 of the Settlement, and upon the Settlement becoming Final, and except as set forth in Section 3.1.1, each of the Insurers for themselves and each and all of their past, present, and future employees, attorneys, officers, directors, agents, shareholders, stockholders, subsidiaries, consultants, insurers, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns shall release, remise, acquit, and discharge Banner, its past, present, and future employees, attorneys, officers, directors, agents, stockholders, subsidiaries, consultants, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns, from any and all manner of actions, claims, demands, causes of action, or liabilities related to the Triggered Policies, the Related Claims, the Related Actions, the Litigation, or any claims in connection with Chinese Drywall, including, but not limited to, those for subrogation, payment of the Insurance Proceeds, attorneys' fees paid in the defense of Banner, costs incurred in the defense of Banner, implied or express indemnification, contribution, failure to cooperate in the investigation of any claims, the inability to seek damages from any third parties for monies paid to settle and/or resolve claims, including, but not limited to, claims for insurance coverage, indemnity, "duty to defend," bad faith and/or extra-contractual liability of any kind, which claims arise under Florida law, the law of any other state, or any other law (including common law) and any and all past, present, and/or future claims arising out of, or related to, indemnity obligations, duty to defend, claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent investigation, breach of warranty, failure to warn, breach of implied warranty, breach of good faith and fair dealing, bad faith, negligent or intentional interference with contractual relationships, deceptive trade practices, unfair trade practices, unfair settlement practices, conduct in violation of any insurance code, claims under La. R.S. 22:1220, Fla. Stat.§ 501.201, *et seq.*, Fla. Stat. § 624.155, Fla. Stat. § 626.951 *et seq.*, Fla. Stat. § 672.314, Fla. Stat. § 718.203, and/or any other alleged misconduct, omissions, or wrongdoing of any kind, of whatever nature or source, known or unknown, that each of the Insurers ever had, now have, could have had, may have in the future, or that they may acquire, against Banner.   This Release expressly excludes Banner's obligations under FCCI Worker's Compensation Policy No. 001-WC11A-66055.

3.1.1. The Insurers' subrogation rights under the Banner Insurance Policies, any other policy, or under law or equity, are preserved and are not released or affected in any way by this Settlement. Unless one of the Insurers' insureds opts out of the Settlement, the Insurers shall be able to make subrogation claims only against the Settlement Funds like any other claimant. In the event that an Insurers' insured having claims against Banner opts out of the Settlement, then the Insurer shall have whatever legal, equitable or contractual rights to subrogation as may exist and nothing contained in this Release shall bar or limit those claims.

3.2. Each of the Insurers acknowledges that Banner may in the future learn of additional and/or different facts as they relate to Chinese Drywall, the Triggered Policies, each of the Insurer's activities as they relate to Chinese Drywall, and/or any injury that any of the Insurers has ever claimed, or may at any time in the future claim. The Insurers have been fully advised, understand and acknowledge the significance and consequences of releasing all of the claims and liabilities and hereby assumes full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that the Insurers may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve any of the Insurer's right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, the Insurers specifically and expressly waive (to the fullest extent permitted by applicable law) each of the Insurer's rights, provided that the Settlement becomes Final.

3.3. The Insurers further acknowledge having had an opportunity to obtain advice of counsel of their choosing regarding this release and waiver, and having discussed it with such counsel to its satisfaction.

3.4. Each of the Insurers acknowledges and agrees that this Release is irrevocable and unconditional, inures to the benefit of the Insurers, and is intended to be as broad as can possibly be created.

3.5. Without limitation of the foregoing, this Release is specifically intended to operate and be applicable even if it is alleged, charged, or proven that some or all of the released claims and liabilities are caused in whole or in part by the negligence, negligence *per se*, gross negligence, breach of warranty, violation of law, defective product, malice, bad faith, and/or conduct of any type by Banner and/or any other person or entity, provided that the Settlement becomes Final.

4. Pursuit of Certain Claims

4.1. Except as provided by Section 3.1.1, each of the Insurers agrees that it will never (i) take any legal or other action to initiate, pursue, maintain, or

otherwise attempt to execute upon, collect, or otherwise enforce any of the released claims and liabilities of or against Banner; (ii) institute or participate in any new legal action against Banner to any extent, or in any way, arising out of, relating to, resulting from, and/or connected with the Triggered Policies, Chinese Drywall and/or with any injury any of the Insurers has ever claimed, or may at any time hereafter claim; or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against Banner in any legal action described in clause (ii) or any pending legal action against Banner, provided that the Settlement becomes Final.

5. **Acknowledgment of Comprehension**

5.1.   Each of the Insurers is entering into this Release freely and voluntarily. Each of the Insurers understands and acknowledges the nature, value, and sufficiency of the consideration described in this Release. Each of the Insurers acknowledges that they have read this Release and the Settlement, and each of the Insurers has had an opportunity to obtain advice from, and ask questions of, counsel of its choosing regarding the terms and legal effect of these documents and its decision to enter the Release. Each of the Insurers further acknowledges that it has discussed all of these matters with the counsel of its choosing, and such counsel has answered all its questions to its satisfaction. Each of the Insurers further acknowledges that it understands this Release.

6. **No Admission of Fault**

6.1.   Each of the Insurers understands and agrees that it has entered into this Release and the Settlement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility, or fault of or by any of the Insurers.

7. **Representations and Warranties**

7.1.   Each of the Insurers hereby represents and warrants that it has full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Each of the Insurers has not sold, assigned, transferred, or otherwise disposed of, or pledged or otherwise encumbered, any of the released claims and liabilities in whole or in part.

8. **Governing Law**

8.1.   This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

9. **Severability**

9.1.    Each of the Insurers agrees that if any provision of this Release is adjudicated to be invalid, illegal, or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete therefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified.  Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction.  To the fullest extent permitted by applicable law, each of the Insurers hereby specifically and expressly waives any provision of law that renders any provision of this Release invalid, illegal, or unenforceable in any respect.

IN WITNESS WHEREOF, the Insurers have read and understood the terms and conditions of this Release, agree to be bound by all of its provisions, and have executed this Release on the date shown by their signatures below.

HANOVER AMERICAN INSURANCE COMPANY and HANOVER INSURANCE GROUP, INC.

By: _____
Authorized Representative

Print Name: _____

Witness Signature                    Witness Signature

Printed Name                         Printed Name

Date                                 Date


MARYLAND CASUALTY COMPANY and ALL COMPANIES IN THE ZURICH NORTH AMERICA GROUP OF INSURANCE COMPANIES

By: Robert J Kaszidwiak
Authorized Representative

Print Name: Robert J Kaszidwiak

Witness Signature                    Rosemary Mostafa
                                     Witness Signature

Printed Name                         Rosemary Mostafa
                                     Printed Name

Date                                 6/10/11
                                     Date

CHARTIS CLAIMS, INC. on behalf of
CHARTIS SPECIALTY INSURANCE
COMPANY f/k/a American International
Specialty Lines Insurance Company,
ILLINOIS NATIONAL INSURANCE CO.,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., AND
COMMERCE & INDUSTRY INSURANCE
CO.

By: _____
    Patricia McMahon
    Vice-President, Chartis Claims, Inc.

Print Name: _PATRICIA MCMAHON_

_____
Witness Signature

_Marag Melnikoff_
Printed Name

_6/10/11_
Date

_____
Witness Signature

_Dana Hoffman_
Printed Name

_6/10/11_
Date

FCCI INSURANCE COMPANY,
FCCI COMMERCIAL INSURANCE
COMPANY, NATIONAL TRUST
INSURANCE COMPANY, FCCI
MUTUAL INSURANCE HOLDING
COMPANY, FCCI GROUP, INC.,
FCCI INSURANCE GROUP, INC.,
MONROE GUARANTY
INSURANCE COMPANY, FCCI
SERVICES, INC., FCCI
ADVANTAGE INSURANCE
COMPANY, BRIERFIELD
INSURANCE COMPANY, and FCCI
AGENCY, INC.

By: _____
    Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date