# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

---

THIS DOCUMENT RELATES TO:
KENNETH ABEL, ET AL. V. TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., ET AL.
CASE NO.: 2:11-cv-00080-EEF-JCW

---

## MAZER'S DISCOUNT HOME CENTERS, INC'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I.  PROCEDURAL HISTORY

On January 14, 2011, Plaintiff, Kenneth Abel ("Abel" or "Plaintiff"), who resides in Port St. Lucie, Florida, directly filed this class action complaint against 290 named defendants, including Mazer's Discount Home Centers, Inc., ("Mazer's"), in the United States District Court for the Eastern District of Louisiana invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act 28 U.S.C. § 1711 *et seq.* This Court imposed a stay of discovery by Pretrial Order No. 1 in order to organize the MDL structure.

Pretrial Order No. 1 was modified by Pretrial Order No. 1A to permit effectuation of service.[1]

## II. THE ALLEGATIONS AGAINST MAZER'S

Plaintiffs allege that Mazer's engaged in practices as an importer, exporter, distributor, supplier, or broker of drywall which has caused them harm and damage. *See* Complaint ¶ 614. Plaintiffs allege that as a direct and proximate result of Defendants' actions, their "… structures, personal property, and bodies have been exposed to Defendants' problematic drywall and the harmful effects of the sulfur compounds that exit from Defendants' problematic drywall." Complaint ¶ 887. The Abel home is located in Port St. Lucie, Florida. *Id*. at ¶ 6.

Plaintiffs claim that the Defendants have directly and proximately caused them to suffer economic harm and personal injury. With regard to Mazer's, Plaintiffs make the following incorrect, vague, and conclusory allegations:

> Defendant Mazer's Discount Home Centers, Inc. is an entity or individual with a principal place of business at Wilmington, Delaware. Defendant is organized under the laws of Delaware. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

---

[1] Although Pretrial Order Number 1G does not require a responsive pleading at this time, this Court submitted a Minute Entry on August 26, 2010 indicating that hearings on pending motions would be scheduled in the near future. Mazer's has similar motions pending in Payton, Gross, and Amato, and it requests to have this motion heard in conjunction with those pending motions.

*Id.* at ¶ 614.

As evidenced by the affidavit of Mazer's President, Michael Mazer ("Mazer"), which is attached hereto as Exhibit A, Mazer's only place of business is in Birmingham, Alabama. *Id.* Mazer's is a retail store, and it has never had a location outside Jefferson County, Alabama. *Id.* The Abel Complaint, at Schedule 1, Distributor/Exporter/Importer Broker Defendant List of Subclasses, page 10 of 12, only reflects nine (9) Plaintiffs asserting claims against Mazer's. Mazer's business records do not reveal any sales or delivery of drywall to Plaintiffs other than to Brenda Owens and Robert Johnson, each of whom reside in Alabama, and Mazer's records confirm that Mazer's never sold, supplied, or delivered any drywall to any person or entity in Louisiana. *Id.* Moreover, Mr. Mazer has testified that:

- Mazer's has never sought a business license or been licensed to conduct business in Louisiana;

- Mazer's has never maintained a business listing, telephone number, or business address in Louisiana;

- Mazer's has never owned any real property in Louisiana;

- Mazer's has never maintained or operated any factories, warehouses, or offices in Louisiana;

- Mazer's has never advertised in Louisiana;

- Mazer's has never marketed or promoted sales of any products in Louisiana; and

- Mazer's has never maintained bank accounts in Louisiana.

*See*, Exhibit A.

### III. CHOICE OF LAW

Because Plaintiffs have invoked federal jurisdiction, this Court must apply the substantive law of Louisiana and federal procedural law. *Erie RR Co. v. Tomkins,* 304 U. S. 64, 78-79 (1938); *Hanna v. Plumer*, 380 U. S. 460, 473 (1965). State substantive law includes Louisiana's choice of law principles. *Klaxon v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941).

This Court has previously held that actions filed directly into an MDL in Louisiana "by citizens who reside in the MDL court's judicial district … would have been filed [in Louisiana] whether or not an MDL existed in [Louisiana]. In these cases, the MDL court must apply its own state law, that is, the law of the state in which it sits. It is undisputed that the MDL court has complete authority over every aspect of these cases." *In re Vioxx Products Liability Litigation,* 478 F. Supp. 2d 897, 903 (E.D. La. 2007). Therefore, Louisiana law applies to this case.[2]

---

[2] Even if Alabama law applied, Mazer's is due to be dismissed for lack of personal jurisdiction, because both Louisiana's and Alabama's long-arm statutes extend due process to the fullest extent permitted by the Constitution. *Davis v. Dempster,* 790 So. 2d 43, 46 (La. App. 2000) *writ denied* 785 So. 2d 830 (La. 2001); *Ex parte McInnis,* 820 So. 2d 795 (Ala. 2001) *cert. denied* 535 U.S. 1077 (2002). *See e.g,. In re Bausch & Lomb, Inc.,* 2007 WL 3046682 at *3 (D. S.C. Oct. 11, 2007) in which the court did not determine which substantive law applied, because there was no conflict among the states. *Id.* at *3.

## IV. STANDARD ON MOTION TO DISMISS

When considering this motion to dismiss pursuant to Fed. R. Civ. Rule 12(b)(2) and 12(b)(6), this Court must consider the allegations contained in the Plaintiffs' complaint as true, **unless those allegations are controverted by the defendant's affidavit.** *Thomas v. Kennedy,* 75 Fed. Appx. 281, 283-4 (5th Cir. 2003) (unpublished) (*citing Asarco, Inc. v. Glenara Ltd.,* 912 F. 2d 784, 785 (5th Cir. 1990)) (emphasis added).

## V. THIS ACTION IS DUE TO BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

### A. Under Louisiana's Long-Arm Statute, and Applicable Federal Law, Plaintiffs' Claims Must be Dismissed.

"In diversity actions … the law of the forum state, subject to the Constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over nonresident defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F. 3d 389, 396 (5th Cir. 2001) (citing *Southmark Corp. v. Life Investors, Inc.,* 851 F. 2d 763, 722 n. 15 (5th Cir. 1988); *Stuart v. Spademan*, 722 F. 2d 1158, 1189 (5th Cir. 1985)).

The Louisiana long-arm statute, La. R.S. 13:3201(A) and (B), describes the circumstances under which a Louisiana court may exercise personal jurisdiction over a nonresident defendant such as Mazer's:

> A.  A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a

> cause of action arising from any one of the following activities performed by the nonresident:
>
> (1)  Transacting any business in this state.
>
> (2)  Contracting to supply services or things in this state.
>
> (3)  Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4)  Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> B.  In addition to the provision of Subsection A, <u>a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the Constitution of this state and of the Constitution of the United States</u>. (emphasis added)

*Id.*

Subsection B of <u>La. R.S. 13:3201</u> ensures that the long-arm jurisdiction of a Louisiana court extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So. 2d 790, 792 (La. 1987). In *Superior Supply,* the court stated that under "the express terms of the present long-arm statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under the long-arm statute." *Id.* (citing

*Petroleum Helicopters, Inc. v. Avco Corp.,* 513 So. 2d 1188, 1192 (La. 1987)). *See also Puckett v. Advance Sports, Inc.,* No. 2009 CA 0507, 2009 WL 3430283 (La. App. 1 Cir. Oct. 26, 2009) at *4; *Thomas v. Kennedy,* 75 Fed. Appx. 281, 283 (5th Cir. 2003).

> B. **Mazer's Is Not Subject to the Jurisdiction of this Court, Because It Has Not Established Minimum Contacts With the State of Louisiana, and Maintaining the Suit in Louisiana Offends Traditional Notions of Fair Play and Substantial Justice.**

A non-resident defendant is not subject to the jurisdiction of this Court unless it has sufficient "minimum contacts" with the State of Louisiana, and maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Dalton v. R&M Marine, Inc.,* 897 F. 2d 1359, 1361 (5th Cir. 1990) (citing *Int'l Shoe Co. v. Washington,* 326 U. S. 310, 316 (1945); *LaRocca's Auto Sales Floorplan, Inc. v. Shelton,* No. 09-CA-143 2009 WL 3447606 at *2, (La. App. 5th Cir. Oct. 27, 2009)).  There are two components to the due process test.  They are "minimum contacts" and "traditional notions of fair play and substantial justice." *Asarco, Inc. v. Glenara Ltd.,* 912 F. 2d 784, 786 (5th Cir. 1990).

> C. **Mazer's Does Not Have Minimum Contacts With Louisiana, Because Mazer's Has Not Purposefully Availed Itself of the Privilege of Conducting Activities in Louisiana.**

For the exercise of personal jurisdiction over Mazer's to be proper, Mazer's must have purposefully established "minimum contacts" with Louisiana such that it invoked the benefits and protections of Louisiana's laws and could

reasonably anticipate being haled into court there. *Asarco, Inc. v. Glenara Ltd.,* 912 F. 2d at 786 (*citing Asahi Metal Indus. Co. v. Superior Court of California,* 489 U.S. 102, 107 (1987); *Gulf Consol. Servs. v. Corinth Pipeworks, S.A.,* 898 F. 2d 1071 (5th Cir. 1990)).

> The United States Supreme Court has held that:
>
> [i]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus evoking the benefits and protections of its laws.

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *Int'l Shoe,* 326 U.S. at 319). This 'purposeful availment' requirement ensures that a defendant will not be haled into court into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or by the unilateral activity of another party or a third person." *Puckett,* 2009 WL 3430283 at *4 (citing *de Reyes v. Marine Mgt & Consulting,* 586 So. 2d 103, 106 (La. 1991)); *See also*, *Alonso v. Line,* 846 So. 2d 745 (La. 2003) cert. denied, 540 U.S. 967 (2003); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 774 (1985); *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. at 286, 299 (1980)).

Mazer's has not purposefully availed itself of the privilege of doing business in Louisiana. *See*, Exhibit A. The undisputed evidence before this Court confirms this fact. *Id*. Specifically:

1. Mazer's is a Delaware corporation, and its only place of business is in Birmingham, Alabama. *Id*. at ¶ 3.

2. Mazer's is a retail store, and it has never had a location outside of Jefferson County, Alabama. *Id*. at ¶ 5.

3. It has no records of any sales, deliveries, or customers in Louisiana. *Id*. at ¶ 6-7. Except for Samuel Ledford, Brenda Owens, and Stanley and April Thornton, all of whom reside in Alabama, Mazer's has no record of a sale to any Plaintiff. The Amato Amended Complaint V, at Schedule 1, Part 2, pages 92-93, only reflects Plaintiffs asserting claims against Mazer's who have Alabama addresses.

4. Mazer's has never sought a business license in Louisiana, or been licensed to conduct business in Louisiana. *Id*. at ¶ 8.

5. Mazer's has never maintained a business listing, telephone number, or business address in Louisiana. *Id*. at ¶ 9.

6. Mazer's has never owned any real property in Louisiana. *Id*. at ¶ 10.

7. Mazer's has never maintained or operated any factories, warehouses, or offices in Louisiana. *Id*. at ¶ 11.

8. Mazer's has never advertised in Louisiana. *Id*. at ¶ 12.

9. Mazer's has never marketed or promoted sales of any products in Louisiana. *Id*. at ¶ 13.

10. Mazer's has never maintained bank accounts in Louisiana. *Id*. at ¶ 14.

**D. This Court Does Not Have Specific Jurisdiction or General Jurisdiction Over Mazer's.**

In *Asarco, Inc. v. Glenara, Ltd.,* the Fifth Circuit Court of Appeals identified two categories of minimum contacts which give rise to personal jurisdiction over a non-resident defendant such as Mazer's. *Asarco*, 912 F.2d at 786. These categories are specific jurisdiction and general jurisdiction. *Id.* Specific jurisdiction arises when the suit is derived from, or related to, the defendant's purposeful contacts with the forum state. *Id.* (*citing Dalton v. R&W Marine,* 897 F. 2d at 1361-1362; *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)). Louisiana obtains general jurisdiction over a defendant when the defendant has "continuous and systematic contacts" with the state. *Asarco,* 912 at 786.

There is no basis for subjecting Mazer's to specific jurisdiction in Louisiana. Mazer's President has testified that Mazer's has no record of sales of drywall to the Plaintiffs. In fact, Mazer's has never supplied any drywall to any person or entity in Louisiana. Exhibit A. Clearly, Plaintiffs' alleged injuries were

not caused by Mazer's. Therefore, there is no basis for exercising specific personal jurisdiction over Mazer's in Louisiana.

Nor is there any evidence to support a finding of general jurisdiction over Mazer's. Mazer's only place of business is in Birmingham, Alabama, and it has not purposely availed itself of the privilege of conducting activities in Louisiana. *See*, Exhibit A. Mazer's President has testified that:

1. Mazer's has never sought a business license or been licensed to conduct business in Louisiana. *Id*.

2. Mazer's has never maintained a business listing, telephone number, or business address in Louisiana. *Id*.

3. Mazer's has never owned any real property in Louisiana. *Id*.

4. Mazer's has never maintained or operated any factories, warehouses, or offices in Louisiana. *Id*.

5. Mazer's has never advertised in Louisiana. *Id*.

6. Mazer's has never marketed or promoted sales of any products in Louisiana. *Id*.

7. Mazer's has never maintained bank accounts in Louisiana. *Id*.

Therefore, Mazer's cannot be subjected to personal jurisdiction in the State of Louisiana under either the specific or general jurisdiction theories.

VI. **SUBJECTING MAZER'S TO PERSONAL JURISDICTION IN THE STATE OF LOUISIANA WOULD OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE.**

Even where a defendant's contacts with the forum are sufficient to meet the minimum contacts requirement for exercising personal jurisdiction, the Due Process Clause forbids a state court from exercising jurisdiction if doing so would offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945) (*quoting, Milliken v. Meyer,* 311 U.S. 457, 463, (1940)) *See also, Asahi Metal Industry Co., Ltd. v. Superior Court of California,* 480 U.S. 102, 113-14 (1987).

It would be unduly burdensome, unfair, and unjust to compel Mazer's to defend Alabama based claims in Louisiana.  Even if Mazer's had minimum contacts with Louisiana, it would be entirely unfair to require Mazer's to defend the claims of Alabama property owners and residents in Louisiana, because Mazer's has not conducted any business activity within this state which would subject it to personal jurisdiction in Louisiana.  *See, e.g.*, *Id*.  All of the class members in the Complaint identified as having claims against Mazer's reside in Alabama. Consequently, Plaintiffs' claims against Mazer's are due to be dismissed.

VII. **PLAINTIFFS LACK STANDING TO PURSUE THEIR CLAIMS AGAINST MAZER'S.**

In addition to their failure to state a claim, Plaintiffs do not have standing to maintain this action, because Plaintiffs' injuries were not caused by

Mazer's.  Exhibit A ¶ 6.  To establish standing "there must be a causal connection between the injury and the conduct complained of – the injury has to be 'fairly … trace [able] to the challenged action of the defendant….'" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992).  In *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U. S. 72 (1991), the Supreme Court explained that a plaintiff has standing if the plaintiff "is entitled to an adjudication *of the particular claims asserted."  Id.* at 77 (quoting *Allen v. Wright,* 468 U.S. 737, 752 (1984)) (emphasis in original).  "Standing is a prerequisite to bringing suit, and nothing in Rule 23 Fed. R. Civ. P. alters this requirement." *Thompson v. Board of Educ. of Romeo Community Schools,* 709 F.2d 1200, 1204 (6th Cir. 1983) (citing *LaMar v. H & B Novelty & Loan Co.,* 489 F.2d 461, 462 (9th Cir. 1973)).  Plaintiffs have not alleged that they purchased drywall from Mazer's.  *See*, Complaint.  Moreover, Plaintiffs have failed to plead a single fact which could render Mazer's liable for their alleged damages.  *Id.*

Furthermore, the typicality requirement of class action Rule 23(a)(3) of the Federal Rules Civil Procedure specifically requires the Amato's to state a claim against Mazer's.  *See*, *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 248 (5th Cir. 2008) ("Without the prospect of class certification, [the named plaintiff's] claims against the Class Defendants are nothing more than attempts to assert the injuries of others and therefore must be dismissed for lack of standing.").

Furthermore, in *LaMar v. H & B Novelty Loan,* the Ninth Circuit explained that a plaintiff "cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury." *LaMar,* 489 F.2d at 462.  The Abel home is located in Port St. Lucie, Florida.  *See*, Complaint ¶ 6.  Abel did not purchase, receive, or use drywall from Mazer's.  *See*, Exhibit A.  Therefore, he does not have standing to make a claim against Mazer's and cannot satisfy the typicality requirement of Rule 23 with respect to Mazer's.

## VIII.  PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION AGAINST MAZER'S.

Plaintiffs have not alleged any facts that link the drywall at issue with Mazer's; thus, their Complaint is based on rank speculation that Mazer's is a proper defendant.  Consequently, Plaintiffs' complaint is due to be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) because it does not allege a cause of action against Mazer's.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The United States Supreme Court has recently revisited Federal Rule 12(b)(6) in *Twombly. See, generally id.*  In this case, the Court expressly overruled *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) insofar as *Conley* held that dismissal was not available "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 550 U.S. at 563.  The *Twombly* Court held that a complaint must plead "enough

facts to state a claim to relief that is plausible on its face." *Id.* at 570. *See also Bausch & Lomb, Inc.* 2007 WL 3046682 (D.S.C. Oct. 11, 2007) (dismissing certain plaintiffs from the MDL, because they relied on conclusory statements that the plaintiffs "have been monetarily injured" and did not provide factual allegations to support their legal conclusions).

Similarly, in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), the United States Supreme Court held that when evaluating the sufficiency of a complaint, a court must identify and disregard all unsupported legal conclusions, and determine whether the remaining factual allegations plausibly suggest the defendant's liability, because "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 555). *See also Arias-Benn v. State Farm Fire & Cas. Co.,* 95 F. 3d 228, 230 (5th Cir. 2007) (*quoting Plotkin v. IP Axess, Inc.,* 407 F. 3d 690, 696 (5th Cir. 2005) (finding the Fifth Circuit does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."). Therefore, the vague and threadbare allegations contained in Plaintiffs' complaint are insufficient to state a cause of action against Mazer's. Consequently, Mazer's is due to be dismissed from this action.

## IX.     VENUE IS IMPROPER AS TO MAZER'S.

Mazer's only place of business is in Birmingham, Alabama. *See*, Exhibit A. In the event this Court does not dismiss Plaintiffs' claims against Mazer's for lack of personal jurisdiction and/or standing, Mazer's moves this Court to transfer the claims against Mazer's to the United States District Court for the Northern District of Alabama (which sits in Birmingham, Alabama, where Mazer's only retail store is located), pursuant to 28 U.S. § 1406(a), which provides that when a venue is improper, this Court may dismiss the action, or, if in the interests of justice, transfer the case to the district or division in which it could have been brought.

Venue is not proper in the Eastern District of Louisiana because Mazer's does not reside or conduct business in that district. (Exhibit "A" attached.) Mazer's corporate offices are located in Birmingham, Alabama, and its officers direct, control, and coordinate its activities from that office. In a diversity action, for venue purposes, a corporation resides in any judicial district in which it is subject to personal jurisdiction when the action is commenced. 28 U.S. C. § 1391(c). Venue in the Eastern District of Louisiana is not proper as to Mazer's, because Mazer's is not subject to personal jurisdiction in the Eastern District of Louisiana. *See*, *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (finding term "principal place of business" in federal diversity jurisdiction statute refers to "the place where a corporation's officers direct, control, and coordinate the corporation's

activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center,' . . . .").

## X. CONCLUSION

The evidence before this Court clearly demonstrates that Mazer's has not "purposefully availed" itself of the privilege of conducting business in Louisiana, and is not subject to personal jurisdiction in the Eastern District of Louisiana. Even if Mazer's did have sufficient minimum contacts with Louisiana so that it should reasonably have expected to have been haled into court there, Louisiana's assertion of jurisdiction in this case would unconstitutionally violate traditional notions of fair play and substantial justice. Finally, Plaintiffs have failed to state a claim pursuant to Rule 12(b)(6), and they do not have standing to bring claims against Mazer's.

Mazer's respectfully requests that this Court enter an Order dismissing it from this case for lack of *in personam* jurisdiction in accordance with Fed. R. Civ. P. 12(b)(2), and for failure to state a claim pursuant to 12(b)(6). In the alternative, if this Court does not dismiss this case, Mazer's requests that it be transferred to the United States District Court for the Northern District of Alabama, where venue is properly laid, pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted this the 27th day of July, 2011.

*/s/ Christopher A. Bottcher*
Christopher A. Bottcher
Mary Blanche Hankey
Attorneys for Defendant
Mazer's Discount Home Centers, Inc.

**OF COUNSEL:**

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:  (205) 930-5101
cbottcher@sirote.com
mhankey@sirote.com

*/s/ Larry S. Logsdon*
Larry S. Logsdon
Michael L. Jackson
Attorneys for Defendant
Mazer's Discount Home Centers, Inc.

**OF COUNSEL:**

WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel:  (205) 874-0341
Fax:  (205) 871-7534
llogsdon@wallacejordan.com
mjackson@wallacejordan.com

*/s/ John M. Fraley*
John M. Fraley
Laura S. Dunning
Attorneys for Defendant
Mazer's Discount Home Centers, Inc.

**OF COUNSEL:**

HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Tel:   (205) 251-1000
Fax:   (205) 324-1133
jmf@hsy.com
lsd@hsy.com

## DEFENDANT RESPECTFULLY REQUESTS ORAL ARGUMENT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U. S. Mail and e-mail upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United Stated District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 27th day of July, 2011.

*/s/ Christopher A. Bottcher*
Of Counsel