# HOLSTON VAUGHAN LLC LAWYERS

RICHARD H. HOLSTON
GREGORY E. VAUGHAN*
OF COUNSEL:
K. AMANDA HERNDON †
JOHN M. TEAGUE † ◆
—
* ALSO ADMITTED IN FLORIDA
◆ ALSO ADMITTED IN LOUISIANA
† ALSO ADMITTED IN MISSISSIPPI

Office Address:
211 South Cedar Street
Mobile, Alabama 36602

PHONE: 251.432.8883
FAX: 251.432.8884
MAILING ADDRESS: P.O. Box 195
Mobile, Alabama 36601

**July 27, 2011**
rhhlaw@bellsouth.net

The Honorable Judge Eldon Fallon
500 Poydras Street
Room C-456
New Orleans, Louisiana 70130

**Re:** *Diges Little, et. al. v. The Mitchell Company, et al.,* **Circuit Court of Mobile County, Alabama; Judge Michael Youngpeter, Case Number: CV-09-901381**

Dear Judge Fallon:

First, let me state that we realize writing this letter is an unusual and unorthodox method of voicing our position. Please forgive me for requesting your assistance and counsel outside the customary channels. However, our clients find themselves in a difficult situation and we feel that we have nowhere else to turn.

Our firm represents 7 homeowners (29 Family members) in the Bessemer subdivision Hope VI project in Prichard, Alabama. These homes were built in 2007 with defective Chinese drywall. This case is in litigation against the following Defendants:

1. The Prichard House Authority ("PHA")
2. Mitchell Company
3. Creola ACE Hardware
3. Interior/Exterior Supply Company ("INEX")
4. Knauf
5. Estes Heating and Air

Our families purchased these homes through the Hope VI program, meaning that they received local and federal government assistance to do so. Consequently, they do not have the economic ability to relocate from these homes, even temporarily. They therefore remain trapped in them pending this litigation.

Prior to the entry of your Order staying this action, we were scheduled for trial in September of this year. We were also scheduled for a mediation in July. The July mediation would have been the third mediation in this matter. However, this last mediation showed great promise because it was Defendants PHA, Mitchell and Creola Ace that had requested the mediation. It was our understanding that we were going to look to Knauf and potentially INEX



The Honorable Judge Eldon Fallon
July 26, 2011
Page 2 of 2

for the remediation of the homes, and that the other Defendants (who are not substantially involved in the MDL except as downstream participants)[1] would be called upon to pay damages over and above the costs of remediation.

Unfortunately, despite the high hopes of resolution in our case, and the minimal impact it would have on resources available to the MDL, your stay order has derailed our settlement negotiations.  Obviously, we know that was not your intent – and that you did not know we had a pending mediation when the Order was extended. However, the Defendants have candidly admitted that, although they have a great interest in resolution, they cannot run the risk of running afoul of your Stay Order.

Further complicating this matter is the fact that 29 other homes in this subdivision are still owned by the Prichard Housing Authority since they had not yet been sold under the Hope VI program. All 36 homes are contaminated with the drywall, and PHA filed their own lawsuit against The Mitchell Company and other parties. That case, also pending in Mobile County, Alabama, case number CV-09-901381, has now been settled with your blessing, and remediation is scheduled to begin in the upcoming weeks. You can imagine how difficult this will be for our clients when they see the 29 unoccupied PHA homes being repaired while a fix for their homes, in which they and their families are continuing to live, remains trapped in limbo with little hope of resolution in the near future.  It also would seem to make more sense to remediate all of the homes in the subdivision at the same time since the manpower, equipment and other resources will already be onsite.

Accordingly, this letter is to request your counsel and suggestions as to how we might proceed to free our Defendants to continue negotiating a resolution of our case while still remaining compliant with your order to stay the proceedings.  Specifically, our inquiry is whether or not our Defendants would be permitted to engage in settlement negotiations if we a) look to Knauf for a remediation protocol along the same lines as those being used in the MDL's pilot program, b) exclude INEX (the MDL Defendant at the core of the stay) from contribution, and c) look to the remaining Defendants and their carriers to pay damages over and above remediation.

Your assistance and consideration is appreciated. I am hopeful that you can offer a suggestion toward bringing this case to resolution. Our Judge is Michael Youngpeter (251-574-8780) and our mediator is the Honorable Reggie Copeland (251-650-0848). Of course, I would welcome a call from you myself if you feel that is appropriate.

Sincerely,

RICHARD H. HOLSTON
For the Firm

RHH/seb

---

[1] More importantly their insurance coverage is not heavily committed to the MDL, and is therefore available to pay damages in our case.



UNITED STATES POSTAGE

HOLSTON VAUGHAN LLC
LAWYERS

P.O. BOX 195, MOBILE, ALABAMA 36601

U. S. MARSHALS

The Honorable Judge Eldon Fallon
500 Poydras Street
Room C-456
New Orleans, Louisiana 70130

7013 0470 3303 0026