# DAN SPIRES
**Dan Spires Floor Covering, Inc.**
1016 Waller Street, Waycross, GA 31501



JUL 28 2011

July 26, 2011

**HONORABLE ELDON E. FALLON, JUDGE**
United States District Court
Eastern District of Louisiana
500 Boydras Street, Room C 456
New Orleans, LA 70130

    RE:    LAURA HAYA, et al vs. TAISHAN GYPSUM CO., LTD f/k/a SHANDONG TAIHE DONGXIN CO., LTD., et al
            Civil Action No. 11-1077 Section L

Dear Judge Fallon:

    Enclosed, please find a copy of the Answer to Plaintiffs' Complaint; the original of which I sent to the Clerk of Court to be filed on behalf of my corporation, Dan Spires Floor Covering, Inc. Mine is a small corporation and I am the sole and only shareholder. However, I was advised by the Clerk's office that my Answer was deficient, as I could not file the Answer on behalf of my corporation and that I would need an attorney.

    However, as it set out in my Answer, neither my corporation nor I have ever been involved with this "Chinese Drywall." In fact, I'm in the floor covering business and have never utilized any form of drywall in my business. In this regard, there has clearly been a misjoinder of my corporation as a party defendant.

    Further, due to the economic slump that has particularly hit those of us in the floor covering business, I cannot afford to hire an attorney to represent me in this case. I've been told that I would need a retainer fee of at least $5,000.00 and, right now, I simply don't have this available.

    I have a local attorney who, after I told him of my dilemma, attempted to contact the law firm of Herman, Herman, Katz & Cotlar, LLP. However, I understand that he's not received any response back thus far.

    Regardless, I wanted to make you aware of my situation and that I have attempted, in good faith, to respond to the Summons which I received. At this juncture, I honestly don't know what else I can afford to so. Therefore, I would appreciate you bearing this in mind regarding any action taken in this case as it may pertain to me.

    If you would instruct the Clerk's office to accept my Answer and file the same, I would greatly appreciate it. Otherwise, I'm not certain as to what I can do. I simply know that I am not involved in any way, shape or form with "Chinese Drywall" and that

**Honorable Eldon E. Fallon, Judge**
**July 26, 2011**
**Page -2-**

my business should not be listed as a Defendant.

    Should you have any questions or desire for me to send anything further, please let me know. Otherwise, I sincerely appreciate your consideration of my dilemma.

Sincerely,

DAN SPIRES

DS:sh
Encl.
c:    MR. RUSS M. HERMAN, ESQUIRE
    MR. LEONARD A. DAVIS, ESQUIRE
    Herman, Herman, Katz & Cotlar, LLP
    820 O'Keefe Avenue P.O. Box 39
    New Orleans, LA 70113

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURA HAYA, DANIEL HAYA AND IRENE HAYA, individually, and on behalf of all others similarly situated, [ADDITIONAL PLAINTIFFS LISTED ON EXHIBIT "A" ATTACHED TO COMPLAINT], | CASE NO.: SECT. L MAG 2 |
| Plaintiff | CLASS ACTION COMPLAINT |
| vs. | JURY TRIAL DEMAND |
| TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.; QINHUANGDAO TAISHAN BUILDING MATERIALS CO., LTD. A/K/A QINHUANG DAO TAISHAN BUILDING MATERIALS CO., LTD.; [ADDITIONAL DEFENDANTS LISTED ON EXHIBIT "B" ATTACHED TO COMPLAINT], | |
| Defendants | |

## ANSWER TO PLAINTIFF'S COMPLAINT BY DAN SPIRES FLOOR COVERING, INC.

**COMES NOW,** DAN SPIRES, Chief Executive Officer of DAN SPIRES FLOOR COVERING, INC. (hereafter referred to as "Defendant" or "DAN SPIRES FLOOR COVERING, INC."), a corporation duly organized and existing under the laws of the State of Georgia and with its principal place of business being located in Ware County, Georgia, who answers the Complaint filed by the Plaintiffs named above as follows, to-wit:

### FIRST DEFENSE

The Defendant, DAN SPIRES FLOOR COVERING, INC., is not a proper party to this action, as said Defendant has never designed, manufactured, imported, distributed,

delivered, supplied, marketed, inspected, installed, or sold any of the drywall product as has been alleged in the Plaintiffs' Complaint. Specifically, this Defendant operates a floor-covering business which entails the sale and installation of carpet and other floor coverings and this Defendant has NEVER been engaged in any business involving said drywall.

## SECOND DEFENSE

Not being a proper party to this action, the Defendant, DAN SPIRES FLOOR COVERING, INC., is not subject to the jurisdiction of this Court, as said Defendant has never operated his business outside the confines of the State of Georgia and, therefore, does not fall under the purview of any statutes as alleged by the Plaintiffs.

## THIRD DEFENSE
### (Responsive Answer)
### Jurisdiction, Party, and Venue

1. The Defendant is without sufficient knowledge or information to answer as to the truthfulness of the allegations contained in Paragraph 1 of Plaintiffs' Complaint. To that extent, this Defendant denies the allegations of said Paragraph 1.

2. The Defendant denies the allegations contained in Paragraphs 2 and 3 of Plaintiffs' Complaint, as stated. Specifically, this Defendant is not a proper party to this action and, accordingly, venue over this Defendant would not be appropriate in the United States District Court for the Eastern District of Louisiana.

3. The Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint, as stated. Specifically, Plaintiffs have no claim against the Defendant, DAN SPIRES FLOOR COVERING, INC., as said Defendant has never designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected,

installed, or sold said drywall.

4. The Defendant is without sufficient knowledge or information to answer as to the truthfulness of the allegations contained in Paragraphs 5 and 6 of Plaintiffs' Complaint.

5. The Defendant denies the allegations contained in Paragraph 7 of Plaintiffs', as stated. Specifically, this Defendant, DAN SPIRES FLOOR COVERING, INC., is not a proper party to this case and, accordingly, allegations of the Plaintiffs that their claim of being brought against just those parties involved in the manufacturing, distribution, supplying, importing, exporting, brokering, building, developing, contracting or installing said drywall is not applicable as to this Defendant.

6. The Defendant admits the allegations contained in Paragraph 8 of Plaintiffs' Complaint, as the same pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC. However, Defendant is without sufficient knowledge or information to answer as to the truthfulness of said Paragraph 8 as it pertains to the other Defendants named in the Plaintiffs' Complaint.

7. The Defendant, DAN SPIRES FLOOR COVERING, INC., is without sufficient knowledge or information to answer as to the truthfulness of the allegations in Paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 of Plaintiffs' Complaint.

8. The Defendant denies the allegations contained in Paragraphs 20, 21, 22, 23, 24, 25, and 26 of Plaintiffs' Complaint, as it pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC.

9. The Defendant, DAN SPIRES FLOOR COVERING, INC., is without sufficient

---

knowledge or information to answer as to the truthfulness of the allegations contained in Paragraphs 27, 28 and 29 of Plaintiffs' Complaint.

10. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint, as it pertains to this Defendant.

11. The Defendant, DAN SPIRES FLOOR COVERING, INC., is without sufficient knowledge or information to answer as to the truthfulness of the allegations contained in Paragraph 31 of Plaintiffs' Complaint. **However, to the extent that this Defendant can elect to be excluded from the proposed class of Defendants, this Defendant does so elect to be excluded.**

12. The Defendant, DAN SPIRES FLOOR COVERING, INC., is without sufficient knowledge or information to answer as to the truthfulness of the allegations contained in Paragraphs 32, 33, 34, 35, 36, 37, 38, 39 and 40 of Plaintiffs' Complaint. To that extent, this Defendant denies the allegations contained in said Paragraphs.

## COUNT I
## NEGLIGENCE
### (Against All Defendants)

13. The Defendant, DAN SPIRES FLOOR COVERING, INC., adopts his responses to Paragraphs 1 through 40 of Plaintiffs' Complaint as set forth above in this response to Count I of Plaintiffs' Complaint.

14. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies the allegations contained in Paragraphs 42, 43, 44, 45, 46, 47 and 48 of Plaintiffs' Complaint as the same pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC.

## COUNT II
## NEGLIGENCE PER SE
### (Against All Defendants)

15. The Defendant, DAN SPIRES FLOOR COVERING, INC., hereby incorporates and adopts his responses to Paragraphs 1 through 48 of Plaintiffs' Complaint as set forth above in this response to Count II of Plaintiffs' Complaint.

16. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies the allegations contained in Paragraphs 50, 51, 52, 53, 54 and 55 of Plaintiffs' Complaint as the same pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC.

## COUNT III
## STRICT LIABILITY
### (All Defendants)

17. The Defendant, DAN SPIRES FLOOR COVERING, INC., incorporates and adopts his responses in Paragraphs 1 through 55 of Plaintiffs' Complaint as set forth above in this response to Count III of Plaintiffs' Complaint.

18. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies the allegations contained in Paragraphs 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72 and 73 of Plaintiffs' Complaint, as it pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (All Defendants)

19. The Defendant, DAN SPIRES FLOOR COVERING, INC., incorporates and adopts his responses in Paragraphs 1 through 73 of Plaintiffs' Complaint as set forth hereinabove in this response to Count IV of Plaintiffs' Complaint.

20. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies the allegations contained in Paragraphs 75, 76, 77, 78, 79, 80 and 81 of Plaintiffs' Complaint, as the same pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC.

### COUNT V
### BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203
### (On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)
### (Against Builders Only)

21. The Defendant, DAN SPIRES FLOOR COVERING, INC., incorporates and adopts his answer to Paragraphs 1 through 81 of Plaintiffs' Complaint as set forth hereinabove in this response to Count V of Plaintiffs' Complaint.

22. The Defendant, DAN SPIRES FLOOR COVERING, INC., is without sufficient knowledge or information to answer as to the truthfulness contained in Paragraphs 83, 84, 85, 86, 87, 88, 89, 90, 91, 92 and 93 of Plaintiffs' Complaint. To the extent as the same may be applicable to the Defendant, DAN SPIRES FLOOR COVERING, INC., this Defendant denies the allegations of the same.

### COUNT VI
### BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

23. The Defendant, DAN SPIRES FLOOR COVERING, INC., incorporates and adopts his answer to Paragraphs 1 through 93 of Plaintiffs' Complaint as set forth hereinabove in this response to Count VI of Plaintiffs' Complaint.

24. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies the allegations contained in Paragraphs 95, 96, 97, 98, 99 and 100 of Plaintiffs' Complaint as the same pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC.

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

25. The Defendant, DAN SPIRES FLOOR COVERING, INC., incorporates and adopts his answer to Paragraphs 1 through 100 of Plaintiffs' Complaint in this response to Count VII of Plaintiffs' Complaint.

26. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies the allegations contained in Paragraphs 102, 103 and 104 of Plaintiffs' Complaint, as the same pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (on Behalf of Plaintiffs Who Own Homes in the State of Louisiana)
### (Against Louisiana Builders Only)

27. The Defendant, DAN SPIRES FLOOR COVERING, INC., incorporates and adopts his answer to Paragraphs 1 through 104 of Plaintiffs' Complaint in this response to Count VIII of Plaintiffs' Complaint.

28. The Defendant, DAN SPIRES FLOOR COVERING, INC., is without sufficient knowledge or information to answer as to the truthfulness of the allegations contained in Paragraphs 106, 107, 108, 109, 110 and 111 of Plaintiffs' Complaint. To the extent that the same may be applicable to this Defendant, said allegations are hereby denied by Defendant, DAN SPIRES FLOOR COVERING, INC.

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

29. The Defendant, DAN SPIRES FLOOR COVERING, INC., incorporates and adopts his answer to Paragraphs 1 through 111 of Plaintiffs' Complaint in this response to

Count IX of Plaintiffs' Complaint.

30. The Defendant, DAN SPIRES FLOOR COVERING, INC., is without sufficient knowledge or information to answer as to the truthfulness of the allegations contained in Paragraph 113 of Plaintiffs' Complaint.

31. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies the allegations contained in Paragraph 114 of Plaintiffs' Complaint, as the same pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC.

32. The Defendant, DAN SPIRES FLOOR COVERING, INC., is without sufficient knowledge or information to answer as to the truthfulness of the allegations contained in Paragraphs 115, 116, 117, and 118 of Plaintiffs' Complaint.

33. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies the allegations contained in Paragraphs 119,120 and 121 of Plaintiffs' Complaint, as the same pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
**(Manufacturing Defendants)**
**(Plead in the Alternative Against Distributor Defendants)**

34. The Defendant, DAN SPIRES FLOOR COVERING, INC., incorporates and adopts his answer to Paragraphs 1 through 121 of Plaintiffs' Complaint in this response to Count X of Plaintiffs' Complaint.

35. The Defendant, DAN SPIRES FLOOR COVERING, INC., is without sufficient knowledge to answer as to the truthfulness of the allegations contained in Paragraphs 123, 124, 125, 126, 127,128, 129, 130, 131, 132, 133, 134 and 135 of Plaintiffs' Complaint. Further, to the extent that said Paragraphs may be applicable

to the Defendant DAN SPIRES FLOOR COVERING, INC., the Defendant denies the allegations contained therein.

## COUNT XI
## PRIVATE NUISANCE
## (All Defendants)

36. The Defendant, DAN SPIRES FLOOR COVERING, INC., incorporates and adopts his answer to Paragraphs 1 through 135 of Plaintiffs' Complaint in this response to Count X of Plaintiffs' Complaint.

37. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies the allegations contained in Paragraphs 137, 138, 139, 140, 141 and 142 of Plaintiffs' Complaint, as the same pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC.

## COUNT XII
## UNJUST ENRICHMENT
## (All Defendants)

38. The Defendant, DAN SPIRES FLOOR COVERING, INC., incorporates and adopts his answer to Paragraphs 1 through 142 of Plaintiffs' Complaint in this response to Count XI of Plaintiffs' Complaint.

39. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies the allegations contained in Paragraphs 144, 145 and 146 of Plaintiffs' Complaint, as the same pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC.

## COUNT XIII
## VIOLATION OF CONSUMER PROTECTION ACTS
## (All Defendants)

40. The Defendant, DAN SPIRES FLOOR COVERING, INC., incorporates and adopts his answer to Paragraphs 1 through 146 of Plaintiffs' Complaint in this response to

Count XIII of Plaintiffs' Complaint.

41. The Defendant, DAN SPIRES FLOOR COVERING, INC., is without sufficient knowledge or information to answer as to the truthfulness of the allegations contained in Paragraph 148 of Plaintiffs' Complaint. To the extent that the same may be applicable to this Defendant, DAN SPIRES FLOOR COVERING, INC. denies the allegations contained therein.

42. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies the allegations contained in Paragraphs 149, 150, and 151 of Plaintiffs' Complaint, as the same pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC.

## COUNT XIV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

43. The Defendant, DAN SPIRES FLOOR COVERING, INC., incorporates and adopts his answer to Paragraphs 1 through 151 of Plaintiffs' Complaint in this response to Count XIV of Plaintiffs' Complaint.

44. The Defendant, DAN SPIRES FLOOR COVERING, INC., is without sufficient knowledge or information to answer as to the truthfulness of the allegations contained in Paragraphs 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163 and 164 of Plaintiffs' Complaint. To the extent that the same may be applicable to this Defendant, DAN SPIRES FLOOR COVERING, INC. denies the allegations contained therein.

## RESPONSE TO PLAINTIFFS' DEMAND FOR JURY TRIAL

45. The Defendant, DAN SPIRES FLOOR COVERING, INC., denies that a trial by jury

as to all issues would be appropriate at it pertains to this Defendant, DAN SPIRES FLOOR COVERING, INC. Specifically, the inclusion of DAN SPIRES FLOOR COVERING, INC. as a party Defendant is a misjoinder of parties and this Defendant should be dismissed from said action.

### ELECTION TO BE EXCLUDED FROM PROPOSED CLASS OF DEFENDANTS

Not being a proper party to this class action lawsuit, the Defendant, DAN SPIRES FLOOR COVERING, INC., hereby elects to be excluded from the proposed class of Defendants as set forth in the Plaintiffs' Complaint.

WHEREFORE, having fully answered Plaintiffs' Complaint, the Defendant, DAN SPIRES FLOOR COVERING, INC., hereby prays for Plaintiffs' Complaint to be dismissed as to this Defendant and for all of the prayers for relief as set forth by the Plaintiffs be denied as it pertains to DAN SPIRES FLOOR COVERING, INC.

Respectfully submitted, this _____ day of July, 2011.

_____
DAN SPIRES, CEO of DAN SPIRES FLOOR COVERING, INC.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURA HAYA, DANIEL HAYA AND IRENE HAYA, individually, and on behalf of all others similarly situated, [ADDITIONAL PLAINTIFFS LISTED ON EXHIBIT "A" ATTACHED TO COMPLAINT], | CASE NO.: SECT. L MAG 2 |
| Plaintiff | CLASS ACTION COMPLAINT |
| vs. | JURY TRIAL DEMAND |
| TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.; QINHUANGDAO TAISHAN BUILDING MATERIALS CO., LTD. A/K/A QINHUANG DAO TAISHAN BUILDING MATERIALS CO., LTD.; [ADDITIONAL DEFENDANTS LISTED ON EXHIBIT "B" ATTACHED TO COMPLAINT], | |
| Defendants | |

## VERIFICATION

Personally appeared before me the undersigned officer duly authorized to administer oaths, **DAN SPIRES, CEO, DAN SPIRES FLOOR COVERING, INC.**, who, under oath, states that he is the Defendant in the foregoing **ANSWER OF DAN SPIRES FLOOR COVERING, INC., TO PLAINTIFF'S COMPLAINT**, and that the facts stated therein are true.

_____
DAN SPIRES, CEO of DAN SPIRES FLOOR COVERING, INC.

Sworn to and subscribed before me,
this _____ day of July, 2011.

_____
Notary Public
My Commission Expires:_____

Page -12-

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURA HAYA, DANIEL HAYA AND IRENE HAYA, individually, and on behalf of all others similarly situated, [ADDITIONAL PLAINTIFFS LISTED ON EXHIBIT "A" ATTACHED TO COMPLAINT], | CASE NO.: SECT. L MAG 2 |
| Plaintiff | CLASS ACTION COMPLAINT |
| vs. | JURY TRIAL DEMAND |
| TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.; QINHUANGDAO TAISHAN BUILDING MATERIALS CO., LTD. A/K/A QINHUANG DAO TAISHAN BUILDING MATERIALS CO., LTD.; [ADDITIONAL DEFENDANTS LISTED ON EXHIBIT "B" ATTACHED TO COMPLAINT], | |
| Defendants / | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the foregoing **ANSWER OF DAN SPIRES FLOOR COVERING, INC., TO PLAINTIFF'S COMPLAINT** upon:

> MR. RUSS M. HERMAN, ESQUIRE
> MR. LEONARD A. DAVIS, ESQUIRE
> Herman, Herman, Katz & Cotlar, LLP
> 820 O'Keefe Avenue P.O. Box 39
> New Orleans, Louisiana 70113

by depositing same in the United States Mail with sufficient postage thereon to insure proper delivery.

This _____ day of July 2011.

DAN SPIRES, CEO of DAN SPIRES FLOOR COVERING, INC.

Page -13-