UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL CASE NO.: 2047<br><br>SECTION: L<br><br>Honorable Eldon E. Fallon<br><br>MAG: JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: WENDY LEE HOBBIE, ET. AL. v. RCR HOLDINGS II, LLC, ET. AL.<br><br>CASE No. 2:10-cv-1113 (E.D.LA.) | |

_____/

## ARCH INSURANCE COMPANY'S MOTION TO DISMISS THIRD-PARTY COMPLAINT OF RCR HOLDINGS, LLC OR ALTERNATIVELY TO TRANSFER VENUE

Third-Party Defendant ARCH INSURANCE COMPANY ("ARCH"), pursuant to Rule 12, Fed.R.Civ.P., and Local Rule 7, hereby files its Motion to Dismiss the Third-Party Complaint of RCR HOLDINGS, II LLC ("RCR") or alternatively to transfer venue, and in support shows the Court as follows:

1. This Court lacks subject matter jurisdiction over this action. The only basis for federal jurisdiction is the Class Action Fairness Act. ARCH submits that a large number of the class members are citizens of the State of Florida, as are the primary defendants, thus defeating jurisdiction under CAFA, 28 U.S.C. 1332(d).

2. RCR has already filed this identical action in Florida State Court. RCR voluntarily chose the Florida forum. RCR waived federal jurisdiction when RCR repeatedly told the Florida courts that the federal forum was not adequate to protect RCR's interests in suing

1

...

MDL No. 3047
Case No.  2:10-cv-1113

ARCH. RCR, as a state court plaintiff, cannot "remove" its Florida action to federal court, either directly or indirectly using the subterfuge of refilling a duplicative identical action in federal court. *American International Underwriters, (Philippines), Inc. v. The Continental Insurance Company,* 834 F.2d 1253, 1260-61 (9th Cir. 1988). Accordingly, the action should be dismissed for lack of subject matter jurisdiction.

  3. RCR cannot use the transfer of the Hobbie class action to this court pursuant to 28 U.S.C. 1407 as a device to not only remove its state court case, but also to have venue over an original action laid in this court. *Coy Chiropractic Health Center, Inc. v. Travelers Cas. & Surety Co.*, 2007 WL 2219102 (S.D.Ill. 2007)("the JPML cannot transfer actions that are pending in state court" citing *Celotex*).

  4. This Court should abstain from exercising jurisdiction under the principles first stated in *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976). This case meets all of the elements for *Colorado River* abstention. The Third-Party Complaint is an attempt to forum-shop the claim away from the perceived unfavorable rulings of the state court, and is an improper subterfuge to defeat the policy that prohibits a plaintiff from removing its case once that plaintiff has chosen the state forum. The relative inconvenience of this forum, which is 800 miles away from the construction project, the witnesses, the documents, and the evidence, weighs strongly for abstention. Also, RCR is litigating this identical claim in Florida courts, which obtained jurisdiction first and which will decide this matter based on Florida law, which factors also weigh in favor of abstention. Finally, RCR has expressly stated that the federal forum is inadequate. This extraordinary circumstance must weigh decisively in favor of abstention.

5.   In the alternative to dismissal, the factors defining proper venue under 28 U.S.C. 1404 decisively weigh in favor of transferring this matter to a court in Florida. There is no connection between this Federal Court and the cause of action raised in the Third Party Complaint. The cause of action under ARCH's Performance Bond accrued solely in the State of Florida. All of the factors determining when venue should be transferred, as set forth in *In re Volkswagen of America, Inc.,* 545 F.3d 304, 313 (5th Cir. 2008), weigh in favor of transferring venue. All of the evidence and proof is in Florida. This Court does not have compulsory process power over unwilling witnesses. The bulk, and maybe all, of the willing witnesses are well beyond the "100 mile rule" for transferring venue. There is no local interest that overrides Florida's interest in interpreting ARCH's performance bond for a Florida construction project. RCR has even stated that the factor of docket congestion should preclude this Court from hearing the case. Finally, Florida courts are undoubtedly very familiar with the law of suretyship that will apply in this action. All of the "public" and "private" factors governing transfer of venue support transfer of venue in this case to Florida.

6.   Finally, it must be noted that venue for pretrial proceedings should not be retained in this Court under 28 U.S.C. 1407. First and foremost, the JPML panel has *not* identified RCR's claim as a "tag along" action that is subject to transfer. In the Florida courts, RCR argued extensively that its claim against ARCH is not part of the Chinese Drywall litigation, and should not be transferred to the MDL. RCR and ARCH both agree that RCR's claim is not and should not be part of the Chinese Drywall litigation.

MDL No. 3047
Case No.   2:10-cv-1113

## CONCLUSION

WHEREFORE, ARCH prays for entry of an Order dismissing RCR's Third Party Complaint for lack of jurisdiction, or, in the alternative, transferring venue over this matter to the U.S. District Court for the Southern District of Florida.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email <u>or</u> hand delivery and email <u>and</u> upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 3rd day of August, 2011.

ETCHEVERRY HARRISON LLP
Attorneys for Arch Insurance Company
150 South Pine Island Road
Suite 105
Fort Lauderdale, Florida 33324
Telephone:   (954) 370-1681
Facsimile:   (954) 370-1682

By:   /s/ Edward Etcheverry
      Edward Etcheverry
      Fla. Bar No. 856517
      Guy Harrison
      Fla. Bar No. 368806