# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY,
FLORIDA

CASE NO:
502010CA015377XXXXMBAI

RCR HOLDINGS II, LLC,

        Plaintiff,

vs.

ARCH INSURANCE COMPANY, a foreign
corporation,

        Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

The Court should deny Defendant, ARCH INSURANCE COMPANY's Motion to Stay because the instant case, which is founded on a simple breach of contract, does not involve the same issues as the pending multi-district, class action Chinese Drywall federal litigation that centers around product liability claims. There is no need, therefore, for the Court to consider issues of state-federal comity. Even if there were an issue of comity, however, the Court should still allow this case to proceed as Plaintiff will be prejudiced if it is required to wait for resolution of the Chinese Drywall litigation that is pending on an already over-congested federal docket before it can have its independent legal issues resolved by a court of law.

Courts consistently recognize comity among federal and state courts when two competing courts are charged with the same controversy. The doctrine, known as the first-to-file rule, holds

*Leopold~Kuvin, P.A.*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400 Facsimile (561) 515-1401*

DEC 0 6 2010

12/3/10

that absent "compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). As explained by the Eleventh Circuit:

> Principles of comity come into play when separate courts are presented with the same lawsuit. When faced with such a dilemma, one court must yield its jurisdiction over a portion of the subject matter in dispute. Principles of comity suggest that a court having jurisdiction over all matters in dispute should have jurisdiction of the case. Otherwise, the fractioned dispute would have to be resolved in two courts.

Id. at 1173 (emphasis added).

Florida courts share the Eleventh Circuit's view when comity is at issue. As explained in *Lawyers Professional Liability Ins. Co. v. Shand, Morahan & Co.*, 394 So. 2d 238, 240 (Fla. 1st DCA 1981), "In the interests of state and federal comity, where there is concurrent jurisdiction, the general rule is that the court whose jurisdiction first attaches may determine the controversy, and proceedings in the last action filed should be stayed or suspended until the first action is tried and determined." (Citing *Wade v. Clower*, 114 So. 548 (Fla. 1927)). There is an issue of comity, however, only if the federal and state actions are between the same parties and involve the same issues. *See U.S. Borax, Inc. v. Forster*, 764 So. 2d 24, 29 (Fla. 4th DCA 1999); *Bedingfield v. Bedingfield*, 417 So. 2d 1047, 1050 (Fla. 4th DCA 1982) ("As a matter of comity . . . however, a court of one state may, in its discretion, stay a proceeding pending before it on the grounds that a case involving the same subject matter and parties is pending in the court of another state."). Furthermore, a state trial court is within its "discretion to deny a stay where the need for state-federal comity is outweighed by factors such as the congestion of the federal court docket." *City of Miami Beach v. Miami Beach Fraternal Order of Police*, 619 So. 2d 447, 448 (Fla. 3d DCA

1993) (citing *ITT-Community Development Corp. v. Halifax Paving, Inc.*, 350 So. 2d 116 (Fla. 1st DCA 1977), *cert. denied*, 359 So. 2d 1215 (Fla.1978)).

Here, the Court should deny Defendant's Motion to Stay for two reasons: 1) there is no issue of comity here because the instant case, which is based on simple breach of contract, does not involve the same issues as the pending multi-district, class action federal litigation, which involves product defect issues; and 2) Plaintiff will be prejudiced if it is required to wait for resolution of the multi-district, class action Chinese Drywall litigation that is pending on an already over-congested federal docket before Plaintiff can have its independent legal issues resolved by a court of law.

A. **This Case Does Not Involve The Same Issues As The Federal Multi-District, Class Action Litigation.**

A comparison of Plaintiff's complaint in the instant action and the operative complaint in the federal multi-district, class action Chinese Drywall litigation reveals there is no issue of comity here because the cases involve different issues.

The lengthy Chinese Drywall class complaint alleges that Chinese drywall installed in the class plaintiffs' and putative class members' residences emits dangerous gasses due to a defective manufacturing and/or mining process; contains substances that are extremely hazardous and are known to cause serious health problems as well as to corrode metal. (Class Complaint ¶¶ 144-148, attached as Exhibit A to Defendant's Motion to Stay). The plaintiffs in that case allege they have suffered damage and injury including economic damages as well as damage to real and personal property. The plaintiffs list the questions of fact and law that are common to the class as:

a. Whether Defendant PRECISION DRYWALL installed Chinese Drywall at Renaissance Commons;

b. Whether Defendant RCR HOLDINGS II sold Residences constructed with Chinese Drywall;

c. Whether Defendant COASTAL CONDOMINIUMS constructed Residences and the common elements of Villa Lago with Chinese Drywall;

d. Whether the Defendants' conduct fell below the duty of care owed by the Defendants to Plaintiff and Class Members;

e. Whether Defendants are strictly liable in tort for importing, distributing, selling and/or installing a defective product;

f. Whether the installation of Chinese Drywall violated the Florida Building Code;

g. Whether the Plaintiff and Class Members are entitled to compensatory damages and, if so, the nature and extent of such damages;

h. Whether the installation of Chinese Drywall constitutes a private nuisance.

(Class Complaint, ¶ 155). The class plaintiffs then state causes of action for strict product liability, negligence, breach of warranty of fitness against, building code violations, and nuisance. (Class Complaint, ¶¶ 165-214).

By contrast, in the instant case, Plaintiff RCR Holdings simply alleges that Coastal Construction did not perform as required under its construction contract with RCR and that Defendant ARCH Insurance Company, as Coastal's surety, is therefore required to pay out on its performance bond. (Complaint, ¶¶ 2-6, attached as Exhibit E to Defendant's Motion to Stay). Notably absent from the complaint in this case are any allegations regarding product defect. And, notably absent from the issues of law and fact set forth in the Class Complaint is any issue regarding whether Coastal Construction performed in accordance with the contract it entered into with RCR Holdings. It does not matter for this action whether the drywall installed by Coastal

was defective by product liability standards; the only relevant question is whether Coastal performed in accordance with the terms of the construction contract. And this same question is irrelevant in the federal action because the relevant questions there all center around the issue of whether the drywall is defective, not whether it was installed in accordance with contractual obligations. Because the same issues are not at play in the state and federal litigation, there is no issue of comity for the Court to be concerned with. As there is no issue of comity, there is no reason for the Court to stay the instant action pending resolution of the federal court action.

**B.      Plaintiff Will Be Prejudiced If It Cannot Have A Simple Breach Of Contract Matter Determined Prior To Resolution Of The Multi-District, Class Action Litigation Currently Pending On The Congested Federal Docket.**

Even if there were an issue of comity here, Plaintiff would be prejudiced if the Court was to stay its action pending resolution of the multi-district, class action Chinese Drywall Litigation. On June 15, 2009, the United States Judicial Panel on Multidistrict Litigation ("JPML") entered an order transferring Chinese-Manufactured Drywall Products Liability Litigation actions and any tag-along actions to the United States District Court for the Eastern District of Louisiana. While only 9 actions were originally transferred under this order, by April 2010 130 additional actions had been transferred, all to District Judge Eldon E. Fallon. (Conditional Transfer Order (CTO-16) attached to Exhibit B of Defendant's Motion to Stay). A review of the November 4, 2010 JPML docket shows that Judge Fallon has a considerable number of cases on his docket:

| Litigation | Actions Now Pending |
|---|---|
| MDL-1355 IN RE: Propulsid Products Liability Litigation | 274 |
| MDL-1657 IN RE: Vioxx Marketing, Sales Practices and Products Liability Litigation | 7,201 |

| MDL-2047 IN RE: Chinese-Manufactured Drywall Products Liability Litigation | 309 |
|---|---|

(Docket available online at http://www.jpml.uscourts.gov/Pending_MDL_Dockets-November-2010-Modified.pdf). Because Judge Fallon is still an active judge, he has to manage this heavy load of multidistrict cases along with his regular docket. He is listed on the Civil Justice Reform Act Report dated March 31, 2010 as having 4,967 civil cases pending that are more than three years old. (CJRA Table 7, pp. 1334-1666, available online at http://www.uscourts.gov/uscourts/statistics/cjra/CJRATable7.pdf). Presumably due to the strain the Chinese Drywall litigation in particular is putting on Judge Fallon's chambers, he has assigned a single clerk to work with just these drywall cases. *See* http://www.laed.uscourts.gov/Directories/section_1.htm.

Florida case law is clear that a trial judge acts within her discretion in denying "a stay where the need for state-federal comity is outweighed by factors such as the congestion of the federal court docket." *City of Miami Beach v. Miami Beach Fraternal Order of Police*, 619 So. 2d 447, 448 (Fla. 3d DCA 1993) (citing *ITT-Community Development Corp. v. Halifax Paving, Inc.*, 350 So. 2d 116 (Fla. 1st DCA 1977), *cert. denied*, 359 So. 2d 1215 (Fla. 1978)). Given that it is hard to imagine just how much more congested a federal court docket could be than Judge Fallon's docket currently is, it would be prejudicial to stay Plaintiff's action until resolution of the multi-district, class action Chinese Drywall litigation. With nearly 5,000 cases on Judge Fallon's docket that are over 3 years old, there is no reason to think that the Chinese Drywall cases will be resolved within even the next few years. Plaintiff, therefore, respectfully requests the Court deny Defendant's motion to stay and allow this case to proceed toward a resolution on the merits.

*Leopold~Kuvin, P.A.*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400  Facsimile (561) 515-1401*

Respectfully submitted,

_____
GREGORY S. WEISS, ESQ.
Florida Bar No.: 163430
Email: gweiss@leopoldkuvin.com
LEOPOLD~KUVIN, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
(561) 515-1400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by Facsimile and U.S. Mail, this 3rd day of December, 2010 to: **Edward Etcheverry, Esq.,** ETCHEVERRY HARRISON LLP, 150 South Pine Island Rd., Suite 105, Fort Lauderdale, FL 33324; and **David B. Dickenson, Esq.,** DICKENSON MURPHY REX AND SLOAN, 150 E. Palmetto Park Rd., Suite 500, Boca Raton, FL 33432.

LEOPOLD~KUVIN, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
(561) 515-1400
(561) 515-1401 (facsimile)
*Attorneys for Plaintiff*

By: _____
GREGORY S. WEISS, ESQ.
Florida Bar No.: 163430
Email: gweiss@leopoldkuvin.com