# EXHIBIT "D"

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

RCR HOLDINGS II, LLC,

    Plaintiff,

ARCH INSURANCE COMPANY,
a foreign corporation,

    Defendant.
_____/

CASE NO. 50 2010 CA015377 XXXXMB
DIVISION: AI

## ORDER GRANTING MOTIONS TO STAY

THIS CAUSE came before the Court for hearing on December 9, 2010, on the Motions of Defendant ARCH INSURANCE COMPANY ("ARCH"), and Intervenor COASTAL CONSTRUCTION COMPANY ("COASTAL") for a stay of proceedings in this matter. The Court having reviewed the Motions and the record, having heard argument of counsel, and being fully informed, it is ORDERED and ADJUDGED that this action be stayed, for the reasons set forth below.

## FINDINGS OF FACT

1. On August 16, 2005 ARCH issued *Performance Bond* ("*Bond*") #SU1013827 on behalf of Coastal, as Contractor, and in favor of RCR, as Owner, with regard to Coastal's performance of the *Contract*.

2. In 2009, various unit owners of the Condominium brought an action in this Circuit, styled WENDY LEE HOBBIE et al. v. RCR, COASTAL CONSTRUCTION OF SOUTH FLORIDA d/b/a COASTAL CONDOMINIUMS, et al., Case No. 50 2009CA032471 (the "Hobbie Matter"),

1



which arises from the alleged use of Chinese drywall at the Project. On January 12, 2010, Plaintiffs filed their *Second Amended Class Action Complaint* (the "*Hobbie Complaint*"). The *Hobbie Complaint* alleges that both RCR and Coastal are liable for the installation of Chinese drywall at the Project. In addition to COASTAL and RCR, the Hobbie Complaint names as defendants all suppliers and subcontractors associated with the drywall at the project.

3. On February 26, 2010, the Hobbie Matter was removed from the Fifteenth Judicial Circuit to federal court in the Southern District of Florida, case number 10-CV-80320-Ryskamp/Vitunac. The federal case was then *sua sponte* transferred to the pending multi-district litigation action *In re. Chinese Manufactured Drywall Products Liability Litigation, MDL No. 2:09-md-02047 (MDL 2047)*. RCR has sought to stay the federal case pending in MDL 2047 and has filed a Motion to Stay any claims against RCR, based on Plaintiffs' failure to comply with §558, Fla.Stat.

4. On June 11, 2010, RCR filed the instant action against ARCH, as Coastal's surety, alleging breach of the *Bond*. RCR's demand to ARCH, which is incorporated into the Complaint as Exhibit "B" attaches a copy of the *Hobbie Complaint* and states that ARCH is liable to RCR for any damages that result.

5. Coastal Construction has sought intervention in this case and similarly seeks a stay of this matter.

## CONCLUSIONS OF LAW

Trial courts are afforded broad discretion as to whether to stay an action. See Pilevsky v. Morgans Hotel Group Management, LLC, 961 So.2d 1032 (Fla. 3d DCA 2007), and both the

Plaintiff and Defendants have agreed that the standards for determining whether to stay a action pending resolution of a previously-filed federal action are as follows:

> Comity principles dictate that an action should be stayed, and a trial court departs from the essential requirements of law by failing to grant such a stay, when the first-filed lawsuit involves substantially similar parties and substantially similar claims." <u>Pilevsky</u>, 961 So.2d at 1035. Complete identity of the parties and claims is not required. <u>In re Guardianship of Morrison</u>, 972 So.2d 905, 910 (Fla. 2d DCA 2007); <u>Federov</u>, 24 So.3d at 1229. "It is sufficient that the two actions involve a single set of facts and that resolution of the one case will resolve many of the issues involved in the subsequently filed case." <u>Pilevsky</u>, 961 So.2d at 1035 (citing <u>Fla. Crushed Stone Co. v.. Travelers Indem. Co.</u>, 632 So.2d 217, 220 (Fla. 5th DCA 1994)).

<u>Sorena v. Gerald J. Tobin, P.A.</u>, 2010 WL 4103522 (Fla. 3d DCA Oct. 20, 2010). The policies behind this doctrine are to prevent forum shopping, <u>Pilevsky, supra</u>, and to avoid the possibility of duplicative proceedings with the possibility of inconsistent results. <u>Robeson v. Melton</u>, 2009 WL 3837209 (Fla. 4th DCA Nov. 18, 2009).

Based on a review of the pleadings in this action and the *Hobbie* matter, this Court finds that, while there is not a *complete* identify of the parties, there is a substantial similarity between the parties in the federal action and the instant action. RCR is party to both actions. In this case, RCR filed suit against ARCH, as COASTAL's surety, instead of COASTAL directly. This is not sufficient to overcome the similarity of parties. **ARCH's liability is contingent upon, and derivative from, COASTAL's liability to RCR under the bonded contract.** <u>First Sealord Sur. Inc., v. Suffolk Constr. Co.</u>, 995 So.2d 609 (Fla. 3d DCA 2008); <u>K.P. Meiring Construction, Inc. v. Northbay I and E, Inc.</u>, 761 So.2d 1221 (Fla. 2d DCA 2000). The Court is also mindful of the fact, as represented by COASTAL, that COASTAL has a potential obligation to indemnify ARCH for any

3

damages awarded to RCR. As a result, the Court finds that there is a substantial similarity between the parties in this action and the federal action.

Further, there is a substantial similarity of the issues in the two actions. The Complaint, drafted by RCR, in this case incorporates by reference, as the basis for the allegations against ARCH, RCR's written demand to ARCH. That written demand, in turn, attached the complaint in the federal action, and alleged that Coastal's default was "as described in" the federal action. In addition, if the present case goes forward, some of the issues for this Court's determination include: (a) whether RCR is liable to the federal action Plaintiffs; and, (b) whether Coastal is liable to RCR due to breach of the construction contract.

During oral argument, the parties discussed the similarity of these issues and RCR even indicated that several of the issues in the state court action would also need be tried in the federal court action. Furthermore, this Court will also have to decide the potential liability, to either ARCH or COASTAL, of the suppliers and subcontractors for the drywall at the project, all of whom are already parties in the federal action and subject to cross-claims on these same issues.

The Court finds that, due to the substantial similarity between the parties and claims, the resolution of the federal action will "resolve many of the issues" presented in this later-filed action. See Sorena, supra. Having found that the elements for a stay are present, this Court further concludes that principles of comity also support a stay of this case.

RCR argues that principles of comity are outweighed by factors such as the congestion of the federal docket. See City of Miami Beach v. Miami Beach Fraternal Order of Police, 619 So. 2d 447 (Fla. 3d DCA 1993). RCR claims that the presence of nearly 5,000 civil cases pending in MDL

4

2047 indicates that the potential for delay of the federal case would outweigh the application of principles of comity and suggests that this Court should deny the Motion to Stay for those reasons. However, this Court is aware that the federal courts have dedicated substantial resources to MDL 2047 and there is no certainty of significant delay in the federal action.

Finally, traditional equitable principles that govern stays also support a stay of this case. "In determining whether to grant a stay, courts generally examine three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court." See Alps South, LLC v. The Ohio Willow Wood Co., 2010 WL 2465176 (M.D. Fla. 2010). All of these factors weigh very strongly in favor of a stay.

A stay of this action would not prejudice RCR. RCR has filed a *Motion to Abate* in the federal action. RCR, therefore, has effectively put the brakes on its own affirmative claims against Coastal. Second, granting a stay pending resolution of the federal action would simplify and streamline the issues for trial in this case. The federal action, with the primary participants in the construction process already present as parties, will resolve the issues regarding whether Coastal breached its contract with RCR. The action may also resolve the nature and extent of damages resulting from that breach. Third, staying the present matter would lessen the burden on the Court and on the parties as the federal action will resolve the issues as between the unit owners and RCR, and as between RCR and Coastal. If the present case goes forward, this Court must necessarily litigate and decide all the primary issues in the federal action. This will require this Court to duplicate much of the massive litigation effort described above, not just at trial but during discovery

5

as well. In addition, even if this Court purported to decide the issues, the federal action Plaintiffs and Coastal would have the absolute right to litigate their claims and defenses in the federal action. Not only would failing to stay this action be unnecessarily duplicate efforts, it might well lead to inconsistent outcomes.

WHEREFORE, Defendant's Motion to Stay is GRANTED, pending the resolution of the federal action styled *Wendy Lee Hobbie et al. v. RCR, Coastal Construction Of South Florida D/B/A Coastal Condominiums, et al.,* Case No. 10-CV-80320-Ryskamp/Vitunac, as consolidated with *In re. Chinese Manufactured Drywall Products Liability Litigation,* MDL No. 2:09-md-02047 (E.D.La.)

DONE AND ORDERED this 20th day of December, 2010, in Chambers, West Palm Beach, Florida.

MEENU T. SASSER, Circuit Court Judge

Copies Furnished

**Guy Harrison, Esq.**, Etcheverry Harrison, LLP, 150 S. Pine Island Road, Suite 105, Ft. Lauderdale, FL, 33324
**Gregory Weiss, Esq.**, Leopold Kuvin, 2925 PGA Blvd., Suite 200, Palm Beach Gardens, FL, 33410
**Raul Loredo, Esq.**, Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP, 1000 N.W. 57th Court, Suite 300, Miami, FL,