UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURA HAYA, DANIEL HAYA AND IRENE, HAYA, individually, and on behalf of all others similarly situated, [ADDITIONAL PLAINTIFFS LISTED ON EXHIBIT "A" ATTACHED HERETO],<br><br>Plaintiff,<br><br>vs.<br><br>TAISHAN GYPSUM CO., LTD. *F/K/A* SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.; QINHUANGDAO TAISHAN BUILDING MATERIALS CO., LTD. *A/K/A* QINHUANG DAO TAISHAN BUILDING MATERIALS CO., LTD.; [ADDITIONAL DEFENDANTS LISTED ON EXHIBIT "B" ATTACHED HERETO],<br><br>Defendants.<br>_____/ | CASE NO.:<br>SECT. L. MAG 2<br><br>CLASS ACTION<br>COMPLAINT    11-1077<br><br>JURY TRIAL DEMAND<br>SEC.L. MAG. 2 |

### CAPE CEMENT & SUPPLY, INC.'S ANSWER TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (IX)

COMES NOW the Defendant, CAPE CEMENT & SUPPLY, INC., by and through their undersigned attorney, and hereby file their answer to the Class Action Suit filed by the Plaintiffs as follows:

#### JURISDICTION, PARTIES, AND VENUE

1. Without Knowledge, therefore denied.

2. Without Knowledge, therefore denied.

3. Without Knowledge, therefore denied.

4. Without Knowledge, therefore denied.

5. Without Knowledge, therefore denied.

6. Without Knowledge, therefore denied.

7. Without Knowledge, therefore denied.

## DEFENDANTS

8. Admitted to the extent that CAPE CEMENT & SUPPLY, INC. is a Florida Corporation doing business exclusively in Florida.

## THE MANUFACTURING DEFENDANTS

9. Without Knowledge, therefore denied.

10. Without Knowledge, therefore denied.

11. Without Knowledge, therefore denied.

12. Without Knowledge, therefore denied.

13. Without Knowledge, therefore denied.

14. Defendant, CAPE CEMENT & SUPPLY, INC. is a Florida Corporation doing business exclusively in Florida.

## FACTS REGARDING PROBLEMATIC DRYWALL

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

24. Denied.

25. Denied.

26. Denied.

## CLASS ACTION ALLEGTIONS

### The Manufacturing Class

27. Denied.

### The Distributor/Supplier/Importer/Exporter/Broker Subclasses

28. Denied.

### The Builder/Developer Subclasses

29. Denied.

### The Contractor/Installer Subclasses

30. Denied.

### General Class Allegations and Exclusions from the Class Definitions

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT I
## NEGLIGENCE
## (Against All Defendants)

41. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT II
## NEGLIGENCE PER SE
## (Against All Defendants)

49. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT III
## STRICT LIABILITY
### (All Defendants)

56. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
## (All Defendants)

74. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY
## PURSUANT TO FLORIDA STATUTES SECTION 718.203
## (On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)
## (Against Builders Only)

82. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

94. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

101. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

102. Denied.

103. Denied.

104. Denied.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (On Behalf of Plaintiffs Who Own Homes in the State of Louisiana)
### (Against Louisiana Builders Only)

105. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs Against all Defendants)

112. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Plead in the Alternative Against Distributor Defendants)

122. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

## COUNT XI
## PRIVATE NUISANCE
### (All Defendants)

136. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

137. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

## COUNT XII
## UNJUST ENRICHMENT
### (All Defendants)

143. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

144. Denied.

145. Denied.

146. Denied.

## COUNT XIII
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

147. Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

## COUNT XIV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

152.  Defendant, CAPE CEMENT & SUPPLY, INC. adopt and restate paragraphs 1 through 40 as if fully set forth herein.

153.  Denied.

154.  Denied.

155.  Denied.

156.  Denied.

157.  Denied.

158.  Denied.

159.  Denied.

160.  Denied.

161.  Denied.

162.  Denied.

163.  Denied.

164.  Denied.

## FIRST AFFIRMATIVE DEFENSE

As for this First Affirmative Defense the Defendant, CAPE CEMENT & SUPPLY, INC. would allege that the Statute of Limitations on this matter has expired. This house was allegedly built for the previous owner back in 2005-2006. These Plaintiffs did not buy the property until May 29, 2009. However the construction was completed in 2006, therefore, this case would be outside the Statute of Limitations.

## SECOND AFFIRMATIVE DEFENSE

As for Defendant, CAPE CEMENT & SUPPLY, INC.'s Second Affirmative Defense, the Defendant would allege that this is not a product covered by a products liability action. This house was built by the previous owners, presumably in 2005-2006. The drywall was incorporated into the property and then the house as a finished product was purchased by these Plaintiffs. Therefore, this is not a product that is defined by a case law and further, these Plaintiffs are not the consumers of this product. The consumers would have been the party that had the home constructed. So, these Plaintiffs have failed to state a cause of action under a theory of Strict Liability.

## THIRD AFFIRMATIVE DEFENSE

As and for a Third Affirmative Defense the Defendant would allege that the Plaintiff has failed to allege a proper Class Action. Each Plaintiff has different facts, different outcomes and therefore, different damages which prohibits this action to be expanded into a Class Action.

## FOURTH AFFIRMATIVE DEFENSE

As and for Defendant's Fourth Affirmative Defense the Defendant would allege that the Plaintiff failed to state a cause of action for breach or express implied or any other warranties of any kind. Again, this house was built for the previous owner and the allege defective drywall was incorporated into the home and any express or implied warranties would be between the Seller of the property who sold the finish product to these Plaintiffs and not between the supplier of the drywall and these Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

As and for Defendant's Fifth Affirmative Defense the Defendant would allege that this Plaintiff has failed to plead any actions under any Louisiana products liability law or any other Louisiana law based on the fact that these suppliers only operate in the Florida, and they do not

operate or have a business in Louisiana.

## SIXTH AFFIRMATIVE DEFENSE

As and for Defendant's Sixth Affirmative Defense the Defendant would allege that this Plaintiff has failed to state a cause of action for Private Nuisance.

## SEVENTH AFFIRMATIVE DEFENSE

As and for Defendant's Seventh Affirmative Defense the Defendant would allege that this Plaintiff has failed to state a cause of action for Unjust Enrichment.

## EIGHTH AFFIRMATIVE DEFENSE

As and for Defendant's Eighth Affirmative Defense the Defendant would allege that this Plaintiff has failed to state a cause of action for the violation of the Florida Act for Consumer Protection.

## NINTH AFFIRMATIVE DEFENSE

As and for Defendant's Ninth Affirmative Defense the Defendant would allege that this Plaintiff has failed to state a cause of action for Medical Monitoring.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by regular U.S. mail to Russ M. Herman, Esq., Leonard A. Davis, Esq., Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113 this _26_ day of _July_, 2011.

                                        BURANDT, ADAMSKI, GROSSMAN & POWELL, PL
                                        Attorneys for Defendant CAPE CEMENT & SUPPLY, INC.
                                        1714 Cape Coral Parkway East
                                        Cape Coral, FL 33904
                                        Telephone (239) 542-4733

                                        ROBERT B. BURANDT
                                        FBN: 434477