**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

---------------------------------------------------------x
IN RE: CHINESE MANUFACTURED  : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY       :
LITIGATION                                         : SECTION: L
---------------------------------------------------------x
THIS DOCUMENT RELATES TO:      : JUDGE FALLON
                                                            :
*Payton, et al. v. Knauf Gips KG, et al.*,   : MAG. JUDGE WILKINSON
No. 09-7628 (E.D. La.)                      :
                                                            :
*Vickers, et al. v. Knauf Gips KG, et al.*,  :
No. 09-4117 (E.D. La.)                      :
---------------------------------------------------------x

**KNAUF DEFENDANTS' RESPONSE TO BANNER'S MOTION FOR LEAVE TO AMEND CROSS-CLAIM AND TO FILE CROSS-CLAIM AGAINST KNAUF**

The Knauf Defendants[1] submit this response to Banner's motion for leave to amend cross-claim and to file cross-claim against Knauf.

The Knauf Defendants do not oppose the filing of Banner's proposed cross-claim. However, Banner should be required to serve its cross-claim through the Hague Convention.

The Knauf Defendants have entered into two stipulations by which they made limited waivers of service under the Hague Convention. In neither stipulation did the Knauf Defendants agree to waive service through the Hague Convention of claims asserted by Banner.

First, under PTO 17, KPT "agreed to accept service of process for homeowner plaintiffs who are to be named in an Omnibus Class Action Complaint [*Payton*] and waive its right to demand service of process through the Hague Convention." Nothing in PTO 17 constitutes a

---

[1]  The Knauf Defendants are Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf Gips KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf Plasterboard (Tianjin) Co., Ltd.

waiver of KPT's right to demand service of process through the Hague Convention of Banner's proposed cross-claim.

Second, in a Stipulation Concerning Service of Process and Product Identification, the Knauf Defendants agreed "to accept service of process for a complaint or intervention complaint filed in federal court on or before December 31, 2010 – which is brought on behalf of any person or entity represented by the PSC …."  [Rec. Doc. 6732.]  Nothing in that stipulation constitutes a waiver of the Knauf Defendants' right to demand service of process through the Hague Convention of Banner's proposed cross-claim.

The Court encouraged the Knauf Defendants to enter into a stipulation with the PSC to accept service of homeowner claims via service on their counsel.  The Knauf Defendants' compliance with the Court's wishes were not intended to – and did not – waive the requirement of service through the Hague Convention as to any other party.  The Court should enforce the parties' intent.

Regardless of how a motion to file a cross-claim may be treated under United States law, the Knauf Defendants' position is that the Hague Convention requires that when new claimants sue a foreign company, their claims must be initiated through the Hague Convention process and not simply through an amendment to an existing pleading.  Banner should be required to serve its cross-claim on the Knauf Defendants, all of which are foreign parties, through the Hague Convention.

Respectfully submitted,

By: /s/ Kyle A. Spaulding
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for the Knauf Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Knauf Defendants' Response to Banner's Motion for Leave to Amend Cross-Claim and to File Cross-Claim Against Knauf has been served upon Plaintiffs' Liaison Counsel and counsel for Banner by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047on this 5th day of August, 2011.

/s/ Kyle Spaulding

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
IN RE: CHINESE MANUFACTURED : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY :
LITIGATION : SECTION: L
---------------------------------------------------------x
THIS DOCUMENT RELATES TO: : JUDGE FALLON
:
*Payton, et al. v. Knauf Gips KG, et al.*, : MAG. JUDGE WILKINSON
No. 09-7628 (E.D. La.) :
:
*Vickers, et al. v. Knauf Gips KG, et al.*, :
No. 09-4117 (E.D. La.) :
---------------------------------------------------------x

**KNAUF DEFENDANTS' RESPONSE TO BANNER'S MOTION FOR LEAVE TO AMEND CROSS-CLAIM AND TO FILE CROSS-CLAIM AGAINST KNAUF**

The Knauf Defendants[1] submit this response to Banner's motion for leave to amend cross-claim and to file cross-claim against Knauf.

The Knauf Defendants do not oppose the filing of Banner's proposed cross-claim. However, Banner should be required to serve its cross-claim through the Hague Convention.

The Knauf Defendants have entered into two stipulations by which they made limited waivers of service under the Hague Convention. In neither stipulation did the Knauf Defendants agree to waive service through the Hague Convention of claims asserted by Banner.

First, under PTO 17, KPT "agreed to accept service of process for homeowner plaintiffs who are to be named in an Omnibus Class Action Complaint [*Payton*] and waive its right to demand service of process through the Hague Convention." Nothing in PTO 17 constitutes a

---

[1] The Knauf Defendants are Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf Gips KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf Plasterboard (Tianjin) Co., Ltd.

waiver of KPT's right to demand service of process through the Hague Convention of Banner's proposed cross-claim.

Second, in a Stipulation Concerning Service of Process and Product Identification, the Knauf Defendants agreed "to accept service of process for a complaint or intervention complaint filed in federal court on or before December 31, 2010 – which is brought on behalf of any person or entity represented by the PSC …."  [Rec. Doc. 6732.]  Nothing in that stipulation constitutes a waiver of the Knauf Defendants' right to demand service of process through the Hague Convention of Banner's proposed cross-claim.

The Court encouraged the Knauf Defendants to enter into a stipulation with the PSC to accept service of homeowner claims via service on their counsel.  The Knauf Defendants' compliance with the Court's wishes were not intended to – and did not – waive the requirement of service through the Hague Convention as to any other party.  The Court should enforce the parties' intent.

Regardless of how a motion to file a cross-claim may be treated under United States law, the Knauf Defendants' position is that the Hague Convention requires that when new claimants sue a foreign company, their claims must be initiated through the Hague Convention process and not simply through an amendment to an existing pleading.  Banner should be required to serve its cross-claim on the Knauf Defendants, all of which are foreign parties, through the Hague Convention.

Respectfully submitted,

By: /s/ Kyle A. Spaulding
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for the Knauf Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Knauf Defendants' Response to Banner's Motion for Leave to Amend Cross-Claim and to File Cross-Claim Against Knauf has been served upon Plaintiffs' Liaison Counsel and counsel for Banner by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047on this 5th day of August, 2011.

/s/ Kyle Spaulding

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | : : | JUDGE FALLON |
| *Payton, et al. v. Knauf Gips KG, et al.*, No. 09-7628 (E.D. La.) | : : : | MAG. JUDGE WILKINSON |
| *Vickers, et al. v. Knauf Gips KG, et al.*, No. 09-4117 (E.D. La.) | : : : | |

## KNAUF DEFENDANTS' RESPONSE TO BANNER'S MOTION FOR LEAVE TO AMEND CROSS-CLAIM AND TO FILE CROSS-CLAIM AGAINST KNAUF

The Knauf Defendants[1] submit this response to Banner's motion for leave to amend cross-claim and to file cross-claim against Knauf.

The Knauf Defendants do not oppose the filing of Banner's proposed cross-claim. However, Banner should be required to serve its cross-claim through the Hague Convention.

The Knauf Defendants have entered into two stipulations by which they made limited waivers of service under the Hague Convention. In neither stipulation did the Knauf Defendants agree to waive service through the Hague Convention of claims asserted by Banner.

First, under PTO 17, KPT "agreed to accept service of process for homeowner plaintiffs who are to be named in an Omnibus Class Action Complaint [*Payton*] and waive its right to demand service of process through the Hague Convention." Nothing in PTO 17 constitutes a

---

[1] The Knauf Defendants are Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf Gips KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf Plasterboard (Tianjin) Co., Ltd.

waiver of KPT's right to demand service of process through the Hague Convention of Banner's proposed cross-claim.

Second, in a Stipulation Concerning Service of Process and Product Identification, the Knauf Defendants agreed "to accept service of process for a complaint or intervention complaint filed in federal court on or before December 31, 2010 – which is brought on behalf of any person or entity represented by the PSC …." [Rec. Doc. 6732.] Nothing in that stipulation constitutes a waiver of the Knauf Defendants' right to demand service of process through the Hague Convention of Banner's proposed cross-claim.

The Court encouraged the Knauf Defendants to enter into a stipulation with the PSC to accept service of homeowner claims via service on their counsel. The Knauf Defendants' compliance with the Court's wishes were not intended to – and did not – waive the requirement of service through the Hague Convention as to any other party. The Court should enforce the parties' intent.

Regardless of how a motion to file a cross-claim may be treated under United States law, the Knauf Defendants' position is that the Hague Convention requires that when new claimants sue a foreign company, their claims must be initiated through the Hague Convention process and not simply through an amendment to an existing pleading. Banner should be required to serve its cross-claim on the Knauf Defendants, all of which are foreign parties, through the Hague Convention.

Respectfully submitted,

By: /s/ Kyle A. Spaulding
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for the Knauf Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Knauf Defendants' Response to Banner's Motion for Leave to Amend Cross-Claim and to File Cross-Claim Against Knauf has been served upon Plaintiffs' Liaison Counsel and counsel for Banner by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047on this 5th day of August, 2011.

/s/ Kyle Spaulding