# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

```
----------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED      :      MDL NO. 2047
DRYWALL PRODUCTS LIABILITY        :
LITIGATION                        :      SECTION:    L
----------------------------------------------------------------x
THIS DOCUMENT RELATES TO;         :      JUDGE FALLON
                                  :
Hay v. Knauf Gips KG, et al.,     :      MAG. JUDGE WILKINSON
No. 09-6851 (E.D. La.)            :
----------------------------------------------------------------x
```

## ANSWER AND DEFENSES OF KNAUF PLASTERBOARD (TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU) CO., LTD. AND GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO., LTD.

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu") and Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan") (collectively the "Answering Defendants") respond to the corresponding paragraphs of Plaintiffs' Complaint ("Complaint") as follows:

1.     The Answering Defendants deny the allegations of paragraph 1 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether their drywall is installed in plaintiffs' home.

2-4.     The Answering Defendants deny the allegations of paragraphs 2 through 4 of the Complaint.

5.     The Answering Defendants admit that plaintiffs originally filed this action in Florida.

60293901.DOCX

## JURISDICTION, PARTIES AND VENUE

6-7.     The Answering Defendants admit the allegations of paragraphs 6 and 7 of the Complaint.

8.      The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.      To the extent that the allegations of paragraph 9 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 9 are directed to the Answering Defendants, the allegations are denied, except that the Answering Defendants admit that Knauf Gips KG ("Gips") has its principal place of business located at Postfach 10, D-97343 Iphofen, Germany.

10.      To the extent that the allegations of paragraph 10 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 10 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Gips is a manufacturer of drywall, building materials and systems.

11.      To the extent that the allegations of paragraph 11 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 11 are directed to the Answering Defendants, the allegations are denied.

12.      The Answering Defendants deny the allegations of paragraph 12 of the Complaint.

13.      The Answering Defendants deny the allegations of paragraph 13 of the Complaint, except admit that KPT, Wuhu and Dongguan sold drywall that was imported by other companies into Florida.

14-16.   To the extent that the allegations of paragraphs 14 through 16 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraphs 14 through 16 are directed to the Answering Defendants, the allegations are denied.

17-26.   The Answering Defendants deny the allegations of paragraphs 17 through 26 of the Complaint.

27.      To the extent that the allegations of paragraph 27 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 27 are directed to the Answering Defendants, the allegations are denied.

28-31.   The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 28 through 31.

32-37.   The Answering Defendants deny the allegations of paragraphs 32 through 37 of the Complaint, except admit that KPT, Wuhu and Dongguan sold drywall that was imported by other companies into Florida.

38.      The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

39.      The Answering Defendants deny the allegations of paragraph 39 of the Complaint, except admit that KPT is a corporation organized under the laws of China with its principal place of business located at North Yinhe Bridge, East Jongjin Road, RC-300400, Tianjin, China.

40.      The Answering Defendants deny the allegations of paragraph 40 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether KPT drywall is in plaintiffs' home.

41-42.  The Answering Defendants deny the allegations of paragraphs 41 through 42 of the Complaint.

43.     The Answering Defendants deny the allegations of paragraph 43 of the Complaint, except admit that Wuhu is a corporation organized under the laws of China with its principal place of business at No. 2 Gang Wan Road, RC-241009, Wuhu Anhui, China.

44.     The Answering Defendants deny the allegations of paragraph 44 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Wuhu drywall is in plaintiffs' home.

45-46.  The Answering Defendants deny the allegations of paragraphs 45 through 46 of the Complaint.

47.     The Answering Defendants deny the allegations paragraph 47 of the Complaint, except admit that Dongguan is a corporation organized under the laws of China with its principal place of business located at No. 2 Xinsha Development Zone, RC-523147, Guangdong, China.

48.     The Answer Defendants deny the allegations of paragraph 48 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Dongguan drywall is in plaintiffs' home.

49-50.  The Answering Defendants deny the allegations of paragraphs 49 through 50 of the Complaint.

51-55.  The allegations of paragraphs 51 through 55 are not directed to the Answering Defendants and therefore no response is required.

**GENERAL ALLEGATIONS**

56-57.  The Answering Defendants admit the allegations of paragraphs 56 through 57 of the Complaint.

58.     The Answering Defendants deny the allegations of paragraph 58 of the Complaint, except admit that drywall is available in 4 ft. (1219 mm) wide sheets of various lengths and that newly formed sheets are cut from a belt during a continuous manufacturing process.

59.     The Answering Defendants admit the allegations of paragraph 59 of the Complaint.

60.     The Answering Defendants deny the allegations of paragraph 60 of the Complaint.

61.     The Answering Defendants admit the allegations of paragraph 61 of the Complaint.

62-67.  The Answering Defendants deny the allegations of paragraphs 62 through 67 of the Complaint.

68-74.  The Answering Defendants admit the allegations of paragraphs 68 through 74 of the Complaint.

75-78.  The Answering Defendants deny the allegations of paragraphs 75 through 78 of the Complaint.

79-82.  The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 79 through 82 of the Complaint.

83.     The Answering Defendants admit that KPT made a statement, including the quoted language in paragraph 83 of the Complaint, and refer to the statement in its entirety for its content and context.

84.     The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85. The Answering Defendants admit that KPT made a statement, including the quoted language in paragraph 85 of the Complaint, and refer to the statement in its entirety for its content and context.

86. The Answering Defendants deny the allegations of paragraph 86 of the Complaint, except admit that KPT received some complaints in 2006 regarding odor.

87. The Answering Defendants deny the allegations of paragraph 87 of the Complaint, except admit that, in late 2006, KPT retained CTEH to undertake an investigation into complaints of odor in certain Florida homes.

88. The Answering Defendants admit that KPT made a statement, including the quoted language in paragraph 88 of the Complaint, and refer to the statement in its entirety for its content and context.

89. The Answering Defendants deny the allegations of paragraph 89 of the Complaint, except admit that CTEH prepared a report that contained the quoted language and refer to the CTEH report in its entirety for its content and context.

90-91. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 90 through 91 of the Complaint.

## COUNT I
## NEGLIGENCE

92. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 50 and 56 through 91 of the Complaint as if fully set forth herein.

93-97. The Answering Defendants deny the allegations of paragraphs 93 through 97 of the Complaint.

## COUNT II
## STRICT LIABILITY

98.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 50 and 56 through 91 of the Complaint as if fully set forth herein.

99-102.     The Answering Defendants deny the allegations of paragraphs 99 through 102 of the Complaint.

103-105.     The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 103 through 105 of the Complaint.

106-117.     The Answering Defendants deny the allegations of paragraphs 106 through 117 of the Complaint.

## COUNT III
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

118.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 50 and 56 through 91 of the Complaint as if fully set forth herein.

119.     The Answering Defendants deny the allegations of paragraph 119 of the Complaint, except admit that paragraph 119 contains text from Section 501.203(7), Florida Statutes.

120.     The Answering Defendants deny the allegations of paragraph 120 of the Complaint, except admit that paragraph 120 contains text from Section 501.203(8), Florida Statutes.

121.     The Answering Defendants deny the allegations of paragraph 120 of the Complaint, except admit that paragraph 121 contains text from Section 501.204(1), Florida Statutes.

122-125.     The Answering Defendants deny the allegations of paragraphs 122 through 125 of the Complaint.

## COUNT IV
## UNJUST ENRICHMENT

126.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 91 of the Complaint as if fully set forth herein.

127-132.     The Answering Defendants deny the allegations of paragraphs 127 through 132 of the Complaint.

## COUNT V
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

133.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 91 of the Complaint as if fully set forth herein.

134-135.     The Answering Defendants deny the allegations of paragraphs 134 through 135 of the Complaint.

136.     The Answering Defendants admit that plaintiffs seek the relief and remedies alleged in paragraph 136 of the Complaint and deny that they are entitled to such relief.

137-145.     The Answering Defendants deny the allegations of paragraphs 137 through 145 of the Complaint.

146-174.     The allegations of paragraphs 146 through 174 of the Complaint are not directed to the Answering Defendants and therefore no response is required.

## DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

### First Defense

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

### Second Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

### Fifth Defense

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by the Answering Defendants in designing and formulating drywall and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### Sixth Defense

Plaintiffs cannot recover on their claims because the benefits of the design of Answering Defendants' drywall outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

## Seventh Defense

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendants had no control.

## Eighth Defense

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

## Ninth Defense

Plaintiffs failed to mitigate their damages, if any.

## Tenth Defense

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

## Eleventh Defense

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

## Twelfth Defense

The Answering Defendants breached no duty allegedly owed to the Plaintiffs.

## Thirteenth Defense

The Answering Defendants deny, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering

Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

## Fourteenth Defense

The Answering Defendants did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

## Fifteenth Defense

Plaintiffs' claims against an Answering Defendant are barred to the extent that Answering Defendant did not manufacture or market the drywall installed in their homes.

## Sixteenth Defense

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

## Seventeenth Defense

Answering Defendants' liability, if any, for damages is several rather than joint, and should be prorated.

## Eighteenth Defense

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

## Nineteenth Defense

Answering Defendants give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendants request that the Complaint be dismissed with prejudice, and that the Answering Defendants be awarded costs and fees incurred in this action.

Respectfully submitted,


By:  /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8485
Facsimile:  (212) 836-6485
Email:  sglickstein@kayescholer.com

Counsel for Defendants Knauf Plasterboard (Tianjin) Co., Ltd, Knauf Plasterboard (Wuhu) Co., Ltd. and Guangdong Knauf New Building Material Products Co., Ltd.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer and Defenses of Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Guangdong Knauf New Building Material Products Co., Ltd. has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 8th day of August, 2011.

/s/ Kyle Spaulding