### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED | : | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | : | |
| LITIGATION | : | SECTION L |

---------------------------------------------------------------x

| | | |
|---|---|---|
| THIS DOCUMENT RELATES TO: | : | JUDGE FALLON |
| | : | |
| *Harrell v. Knauf Plasterboard (Tianjin) Co., Ltd.* | : | MAG. JUDGE WILKINSON |
| No. 09-6543 (E.D. La.) | : | |

---------------------------------------------------------------x

### ANSWER AND DEFENSES OF KNAUF PLASTERBOARD (TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU) CO., LTD. AND GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO., LTD.

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu") and Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan") (collectively the "Answering Defendants") respond to the corresponding paragraphs of Plaintiffs' Complaint ("Complaint") as follows:

1. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2. The Answering Defendants deny the allegations of paragraph 2 of the Complaint, except deny knowledge or information sufficient to form a belief as to what reporting indicates, and admit that drywall is a common manufactured building material that is used in the construction of interior walls and ceilings.

3-5. The Answering Defendants deny the allegations of paragraphs 3 through 5 of the Complaint.

6.      Paragraph 6 of the Complaint contains a statement as to which no response is required.

## PARTIES

7.      The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      The Answering Defendants deny the allegations of paragraph 8 of the Complaint, except admit that KPT is a company organized under the laws of the People's Republic of China with its principal place of business located at North Yinhe Bridge, East Jingjin Road, Beichen District, Tianjin, 300400, China.

9.      The Answering Defendants deny the allegations of paragraph 9 of the Complaint, except admit that Wuhu is a company organized under the laws of the People's Republic of China with its principal place of business located at 2 Gang Wan Road, RC-241009, Wuhu Anhui, China.

10.      The Answering Defendants deny the allegations of paragraph 10 of the Complaint, except admit that Dongguan is a company organized under the laws of the People's Republic of China with its principal place of business located at No. 2 Xinsha Development Zone RC-523147, Guangdong, China.

11.      To the extent that the allegations of paragraph 11 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 11 of the Complaint are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Gips KG ("Gips") is an entity organized under the laws of Germany.

12.     The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, except admit that KPT, Wuhu and Dongguan sold drywall to Rothchilt.

## JURISDICTION AND VENUE

13-14.  The Answering Defendants admit the allegations of paragraphs 13 through 14 of the Complaint.

15-18.  The Answering Defendants deny the allegations of paragraphs 15 through 18 of the Complaint.

19.     The allegations of paragraph 19 are not directed to the Answering Defendants and therefore no response is required.

## SUBSTANTIVE ALLEGATIONS

20.     The Answering Defendants deny the allegations of paragraph 20 of the Complaint, except admit that KPT manufactures and sells drywall.

21.     The Answering Defendants deny the allegations of paragraph 21 of the Complaint.

22.     The Answering Defendants deny the allegations of paragraph 22 of the Complaint.

23.     The Answering Defendants deny the allegations of paragraph 23 of the Complaint, except admit that KPT sold drywall that was imported by other companies into the Florida.

24.     To the extent that the allegations of paragraph 24 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 24 of the Complaint are directed to the Answering Defendants, they are denied,

except that the Answering Defendants admit that KPT, Wuhu and Dongguan manufacture and sell drywall.

25.     To the extent that the allegations of paragraph 25 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 25 of the Complaint are directed to the Answering Defendants, they are denied.

26.     To the extent that the allegations of paragraph 26 of the Complaint are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 26 of the Complaint are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KPT, Wuhu and Dongguan sold drywall to Rothchilt.

27-30.  The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 27 through 30 of the Complaint.

31-34.  The Answering Defendants deny the allegations of paragraphs 31 through 34 of the Complaint.

**COUNT I**
**PRODUCTS LIABILITY**

35.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36-46.  The Answering Defendants deny the allegations of paragraphs 36 through 46 of the Complaint.

**COUNT II**
**NEGLIGENCE**

47.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

48-57.  The Answering Defendants deny the allegations of paragraphs 48 through 57 of the Complaint.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS

58.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

59-68.  The Answering Defendants deny the allegations of paragraphs 59 through 68 of the Complaint.

## COUNT IV
## UNJUST ENRICHMENT

69.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

70-75.  The Answering Defendants deny the allegations of paragraphs 70 through 75 of the Complaint.

## COUNT V
## PRIVATE NUISANCE

76.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

77-83.  The Answering Defendants deny the allegations of paragraphs 77 through 83 of the Complaint.

## COUNT VI
## EQUITABLE RELIEF

84.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

85-94. The Answering Defendants deny the allegations of paragraphs 85 through 94 of the Complaint.

Allegations not specifically admitted are denied.

## DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

### First Defense

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

### Second Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

### Fifth Defense

The Answering Defendants did not make to Plaintiffs, nor did Answering Defendants breach, any express or implied warranties.

**Sixth Defense**

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice of any alleged breach to the Answering Defendants.

**Seventh Defense**

To the extent that Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

**Eighth Defense**

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Answering Defendants.

**Ninth Defense**

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by the Answering Defendants in designing and formulating drywall and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

**Tenth Defense**

Plaintiffs cannot recover on their claims because the benefits of the design of Answering Defendants' drywall outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

**Eleventh Defense**

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendants had no control.

### Twelfth Defense

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

### Thirteenth Defense

Plaintiffs failed to mitigate their damages, if any.

### Fourteenth Defense

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

### Fifteenth Defense

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

### Sixteenth Defense

The Answering Defendants breached no duty allegedly owed to the Plaintiffs.

### Seventeenth Defense

The Answering Defendants deny, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

### Eighteenth Defense

The Answering Defendants did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

### Nineteenth Defense

Plaintiffs' claims against an Answering Defendant are barred to the extent that Answering Defendant did not manufacture or market the drywall installed in their homes.

### Twentieth Defense

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### Twenty-First Defense

Answering Defendants' liability, if any, for damages is several rather than joint, and should be prorated.

### Twenty-Second Defense

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### Twenty-Third Defense

Answering Defendants give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendants request that the Complaint be dismissed with prejudice, and that the Answering Defendants be awarded costs and fees incurred in this action.

Respectfully submitted,

By:  /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8485
Facsimile:  (212) 836-6485
Email:  sglickstein@kayescholer.com

Counsel for Defendants Knauf Plasterboard
(Tianjin) Co., Ltd, Knauf Plasterboard (Wuhu) Co.,
Ltd. and Guangdong Knauf New Building Material
Products Co., Ltd.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer and Defenses of Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Guangdong Knauf New Building Material Products Co., Ltd. has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 8th day of August, 2011.

/s/ Kyle Spaulding