UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
IN RE: CHINESE MANUFACTURED : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY :
LITIGATION : SECTION:   L
---------------------------------------------------------------x
THIS DOCUMENT RELATES TO; : JUDGE FALLON
 :
*Feliciano v. Knauf Gips KG, et al.*, : MAG. JUDGE WILKINSON
No. 09-4295 (E.D. La.) :
---------------------------------------------------------------x

**ANSWER AND DEFENSES OF KNAUF GIPS KG**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Knauf Gips KG ("Gips" or "Answering Defendant") responds to the corresponding paragraphs of Plaintiffs' Complaint ("Complaint") as follows:

1-4. The Answering Defendant denies the allegations of paragraphs 1-4 of the Complaint.

5. The Answering Defendant admits that plaintiffs originally filed this action in Florida.

**JURISDICTION, PARTIES AND VENUE**

6-7. The Answering Defendant admits the allegations of paragraphs 6 and 7 of the Complaint.

8. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. The Answering Defendant denies the allegations of paragraph 9 of the Complaint, except admits that it has its principal place of business located at Postfach 10, D-97343 Iphofen, Germany.

60293371.DOCX

10. The Answering Defendant denies the allegations of paragraph 10 of the Complaint, except admits that Gips is a manufacturer of drywall, building materials and systems.

11. The Answering Defendant denies the allegations of paragraph 11 of the Complaint.

12. The Answering Defendant denies the allegations of paragraph 12 of the Complaint.

13. The Answering Defendant denies the allegations of paragraph 13 of the Complaint, except admits that Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu") and Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan") sold drywall that was imported by other companies into Florida.

14-26. The Answering Defendant denies the allegations of paragraphs 14 through 26 of the Complaint.

27. The Answering Defendant denies the allegations of paragraph 27 of the Complaint.

28-38. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 28 through 38.

39. To the extent that the allegations of paragraph 39 of the Complaint are not directed to the Answering Defendant, no response is required.  To the extent that the allegations of paragraph 39 of the Complaint are directed to the Answering Defendant, the Answering Defendant denies the allegations, except admits that KPT is a corporation organized under the laws of China with its principal place of business located at North Yinhe Bridge, East Jongjin Road, RC-300400, Tianjin, China.

40. To the extent that the allegations of paragraph 40 of the Complaint are not directed to the Answering Defendant, no response is required. To the extent that the allegations of paragraph 40 of the Complaint are directed to the Answering Defendant, the Answering Defendant denies the allegations, except denies knowledge or information sufficient to form a belief as to whether KPT drywall is in plaintiffs' home.

41-42. To the extent that the allegations of paragraphs 41 through 42 of the Complaint are not directed to the Answering Defendant, no response is required. To the extent that the allegations of paragraphs 41 through 42 of the Complaint are directed to the Answering Defendant, the Answering Defendant denies the allegations.

43. To the extent that the allegations of paragraph 43 of the Complaint are not directed to the Answering Defendant, no response is required. To the extent that the allegations of paragraph 43 of the Complaint are directed to the Answering Defendant, the Answering Defendant denies the allegations, except admits that Wuhu is a corporation organized under the laws of China with its principal place of business at No. 2 Gang Wan Road, RC-241009, Wuhu Anhui, China.

44. To the extent that the allegations of paragraph 44 of the Complaint are not directed to the Answering Defendant, no response is required. To the extent that the allegations of paragraph 44 of the Complaint are directed to the Answering Defendant, the Answering Defendant denies the allegations, except denies knowledge or information sufficient to form a belief as to whether Wuhu drywall is in plaintiffs' home.

45-46. To the extent that the allegations of paragraphs 45 through 46 of the Complaint are not directed to the Answering Defendant, no response is required. To the extent that the

allegations of paragraph 45 through 46 of the Complaint are directed to the Answering Defendant, the Answering Defendant denies the allegations.

47. To the extent that the allegations of paragraph 47 of the Complaint are not directed to the Answering Defendant, no response is required. To the extent that the allegations of paragraph 47 of the Complaint are directed to the Answering Defendant, the Answering Defendant denies the allegations, except admits that Dongguan is a corporation organized under the laws of China with its principal place of business located at No. 2 Xinsha Development Zone, RC-523147, Guangdong, China.

48. To the extent that the allegations of paragraph 48 of the Complaint are not directed to the Answering Defendant, no response is required. To the extent that the allegations of paragraph 48 of the Complaint are directed to the Answering Defendant, the Answering Defendant denies the allegations, except denies knowledge or information sufficient to form a belief as to whether Dongguan drywall is in plaintiffs' home.

49-50. To the extent that the allegations of paragraphs 49 through 50 of the Complaint are not directed to the Answering Defendant, no response is required. To the extent that the allegations of paragraph 49 through 50 of the Complaint are directed to the Answering Defendant, the Answering Defendant denies the allegations.

51-55. The allegations of paragraphs 51 through 55 are not directed to the Answering Defendants and therefore no response is required.

**GENERAL ALLEGATIONS**

56-57. The Answering Defendant admits the allegations of paragraphs 56 through 57 of the Complaint.

58. The Answering Defendant denies the allegations of paragraph 58 of the Complaint, except admit that drywall is available in 4 ft. (1219 mm) wide sheets of various lengths and that newly formed sheets are cut from a belt during a continuous manufacturing process.

59. The Answering Defendant admits the allegations of paragraph 59 of the Complaint.

60. The Answering Defendant denies the allegations of paragraph 60 of the Complaint.

61. The Answering Defendant admits the allegations of paragraph 61 of the Complaint.

62-67. The Answering Defendant denies the allegations of paragraphs 62 through 67 of the Complaint.

68-74. The Answering Defendant admits the allegations of paragraphs 68 through 74 of the Complaint.

75-78. The Answering Defendant denies the allegations of paragraphs 75 through 78 of the Complaint.

79-82. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 79 through 82 of the Complaint.

83. The Answering Defendant admits that KPT made a statement, including the quoted language in paragraph 83 of the Complaint, and refer to the statement in its entirety for its content and context.

84. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85. The Answering Defendant admits that KPT made a statement, including the quoted language in paragraph 85 of the Complaint, and refer to the statement in its entirety for its content and context.

86. The Answering Defendant denies the allegations of paragraph 86 of the Complaint, except admit that KPT received some complaints in 2006 regarding odor.

87. The Answering Defendant denies the allegations of paragraph 87 of the Complaint, except admits that, in late 2006, KPT retained CTEH to undertake an investigation into complaints of odor in certain Florida homes.

88. The Answering Defendant admits that KPT made a statement, including the quoted language in paragraph 88 of the Complaint, and refer to the statement in its entirety for its content and context.

89. The Answering Defendant denies the allegations of paragraph 89 of the Complaint, except admit that CTEH prepared a report that contained the quoted language and refer to the CTEH report in its entirety for its content and context.

90-91. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 90 through 91 of the Complaint.

### COUNT I
### NEGLIGENCE

92. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 50 and 56 through 91 of the Complaint as if fully set forth herein.

93-97. The Answering Defendant denies the allegations of paragraphs 93 through 97 of the Complaint.

## COUNT II
## STRICT LIABILITY

98. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 50 and 56 through 91 of the Complaint as if fully set forth herein.

99-102. The Answering Defendant denies the allegations of paragraphs 99 through 102 of the Complaint.

103-105. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 103 through 105 of the Complaint.

106-117. The Answering Defendant denies the allegations of paragraphs 106 through 117 of the Complaint.

## COUNT III
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

118. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 50 and 56 through 91 of the Complaint as if fully set forth herein.

119. The Answering Defendant denies the allegations of paragraph 119 of the Complaint, except admits that paragraph 119 contains text from Section 501.203(7), Florida Statutes.

120. The Answering Defendant denies the allegations of paragraph 120 of the Complaint, except admits that paragraph 120 contains text from Section 501.203(8), Florida Statutes.

121. The Answering Defendant denies the allegations of paragraph 120 of the Complaint, except admits that paragraph 121 contains text from Section 501.204(1), Florida Statutes.

122-125.    The Answering Defendant denies the allegations of paragraphs 122 through 125 of the Complaint.

## COUNT IV
## UNJUST ENRICHMENT

126.    The Answering Defendant repeats and realleges its responses to paragraphs 1 through 91 of the Complaint as if fully set forth herein.

127-132.    The Answering Defendant denies the allegations of paragraphs 127 through 132 of the Complaint.

## COUNT V
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

133.    The Answering Defendant repeats and realleges its responses to paragraphs 1 through 91 of the Complaint as if fully set forth herein.

134-135.    The Answering Defendant denies the allegations of paragraphs 134 through 135 of the Complaint.

136.    The Answering Defendant admits that plaintiffs seek the relief and remedies alleged in paragraph 136 of the Complaint and denies that they are entitled to such relief.

137-145.    The Answering Defendant denies the allegations of paragraphs 137 through 145 of the Complaint.

146-174.    The allegations of paragraphs 146 through 174 of the Complaint are not directed to the Answering Defendant and therefore no response is required.

## DEFENSES

By alleging the matters set forth below, the Answering Defendant does not admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.

## First Defense

The Court lacks personal jurisdiction over the Answering Defendant under Florida law and Louisiana law and the Due Process Clause of the United States Constitution.

## Second Defense

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendant.

## Third Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

## Fourth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## Fifth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

## Sixth Defense

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by in designing and formulating the drywall installed in their home and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

## Seventh Defense

Plaintiffs cannot recover on their claims because the benefits of the design of the drywall installed in their home outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### Eighth Defense

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendant had no control.

### Ninth Defense

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

### Tenth Defense

Plaintiffs failed to mitigate their damages, if any.

### Eleventh Defense

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

### Twelfth Defense

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendant is entitled to credit and set-off in the amount of such settlements.

### Thirteenth Defense

The Answering Defendant breached no duty allegedly owed to the Plaintiffs.

### Fourteenth Defense

The Answering Defendant denies, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendant, or at the instruction or subject to the control of the Answering

Defendant, and therefore the Answering Defendant is not liable for any acts or omissions of such third parties as a matter of law.

### Fifteenth Defense

The Answering Defendant did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

### Sixteenth Defense

Plaintiffs' claims against the Answering Defendant are barred because the Answering Defendant did not manufacture or market the drywall installed in their homes.

### Seventeenth Defense

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### Eighteenth Defense

Answering Defendant's liability, if any, for damages is several rather than joint, and should be prorated.

### Nineteenth Defense

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendant's home jurisdictions.

### Twentieth Defense

Answering Defendant gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and reserves the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendant denies that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendant requests that the Complaint be dismissed with prejudice, and that the Answering Defendant be awarded costs and fees incurred in this action.

Respectfully submitted,


By: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for Defendant Knauf Gips KG

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Answer and Defenses of Knauf Gips KG has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 8th day of August, 2011.

                                              /s/ Kyle Spaulding