## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

```
------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED         :        MDL NO. 2047
DRYWALL PRODUCTS LIABILITY           :
LITIGATION                           :        SECTION L
------------------------------------------------------------x
THIS DOCUMENT RELATES TO:            :        JUDGE FALLON
                                     :
Morris-Chin, et al. v. Knauf Plasterboard (Tianjin) :   MAG. JUDGE WILKINSON
Co., Ltd.                            :
No. 09-4119 (E.D. La.)               :
------------------------------------------------------------x
```

### ANSWER AND DEFENSES OF KNAUF GIPS KG

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Knauf

Gips KG ("Gips" or the "Answering Defendant") responds to the corresponding paragraphs of

Plaintiffs' Amended Class Action Complaint ("Complaint") as follows:

1.       The Answering Defendant denies knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 1 of the Complaint.

2.       The Answering Defendant denies the allegations of paragraph 2 of the Complaint,

except deny knowledge or information sufficient to form a belief as to what reporting indicates,

and admit that drywall is a common manufactured building material that is used in the

construction of interior walls and ceilings.

3-5.     The Answering Defendant denies the allegations of paragraphs 3 through 5 of the

Complaint.

6.       Paragraph 6 of the Complaint contains a statement as to which no response is

required.

## PARTIES

7.      The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      To the extent that the allegations of paragraph 8 of the Complaint are not directed to the Answering Defendant, no response is required.  To the extent that the allegations of paragraph 8 are directed to the Answering Defendant, they are denied, except that the Answering Defendant admits that Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") is a company organized under the laws of the People's Republic of China with its principal place of business located at North Yinhe Bridge, East Jingjin Road, Beichen District, Tianjin, 300400, China.

9.      To the extent that the allegations of paragraph 9 of the Complaint are not directed to the Answering Defendant, no response is required.  To the extent that the allegations of paragraph 9 are directed to the Answering Defendant, they are denied, except that the Answering Defendant admits that Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu") is a company organized under the laws of the People's Republic of China with its principal place of business located at 2 Gang Wan Road, RC-241009, Wuhu Anhui, China.

10.      To the extent that the allegations of paragraph 10 of the Complaint are not directed to the Answering Defendant, no response is required.  To the extent that the allegations of paragraph 10 are directed to the Answering Defendant, they are denied, except that the Answering Defendant admits that Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan") is a company organized under the laws of the People's Republic of China with its principal place of business located at No. 2 Xinsha Development Zone RC-523147, Guangdong, China.

11.     The Answering Defendant denies the allegations of paragraph 11 of the Complaint, except admits that Gips is an entity organized under the laws of Germany.

12.     The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, except denies that Gips sold drywall to Rothchilt.

## JURISDICTION AND VENUE

13.     The Answering Defendant admits that plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

14-15.  The Answering Defendant admits the allegations of paragraphs 14 through 15 of the Complaint.

16-19.  The Answering Defendant denies the allegations of paragraphs 16 through 19 of the Complaint.

20.     The allegations of paragraph 20 are not directed to the Answering Defendant and therefore no response is required.

## SUBSTANTIVE ALLEGATIONS

21.     To the extent that the allegations of paragraph 21 of the Complaint are not directed to the Answering Defendant, no response is required.  To the extent that the allegations of paragraph 21 are directed to the Answering Defendant, they are denied, except that the Answering Defendant admits that KPT manufactures and sells drywall.

22.     To the extent that the allegations of paragraph 22 of the Complaint are not directed to the Answering Defendant, no response is required.  To the extent that the allegations of paragraph 22 are directed to the Answering Defendant, they are denied.

23.     To the extent that the allegations of paragraph 23 of the Complaint are not directed to the Answering Defendant, no response is required.  To the extent that the allegations of paragraph 23 are directed to the Answering Defendant, they are denied.

24.     To the extent that the allegations of paragraph 24 of the Complaint are not directed to the Answering Defendant, no response is required.  To the extent that the allegations of paragraph 24 are directed to the Answering Defendant, they are denied, except that the Answering Defendant admits that KPT sold drywall that was imported by other companies into the Florida.

25.     The Answering Defendant denies the allegations of paragraph 25 of the Complaint, except admits that it manufactures and sells drywall.

26.     The Answering Defendant denies the allegations of paragraph 26 of the Complaint.

27.     To the extent that the allegations of paragraph 27 of the Complaint are not directed to the Answering Defendant, no response is required.  To the extent that the allegations of paragraph 27 of the Complaint are directed to the Answering Defendant, they are denied.

28-31.  The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 27 through 30 of the Complaint.

## CLASS REPRESENTATION ALLEGATIONS

32-37.  The allegations of paragraphs 32 through 37 of the Complaint state legal conclusions to which no response is required.  However, to the extent that paragraphs 32 through 37 of the Complaint contain factual allegations, the Answering Defendant denies the allegations, except admits that plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23.

**EQUITABLE TOLLING**

38-41.  The Answering Defendant denies the allegations of paragraphs 38 through 41 of the Complaint.

**COUNT I**
**PRODUCTS LIABILITY**

42.     The Answering Defendant repeats and realleges its responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43-55.  The Answering Defendant denies the allegations of paragraphs 43 through 55 of the Complaint.

**COUNT II**
**NEGLIGENCE**

56.     The Answering Defendant repeats and realleges its responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

57-67.  The Answering Defendant denies the allegations of paragraphs 57 through 67 of the Complaint.

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF FITNESS**

68.     The Answering Defendant repeats and realleges its responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

69-79.  The Answering Defendant denies the allegations of paragraphs 69 through 79 of the Complaint.

**COUNT IV**
**UNJUST ENRICHMENT**

80.     The Answering Defendant repeats and realleges its responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

81-87.  The Answering Defendant denies the allegations of paragraphs 81 through 87 of the Complaint.

## COUNT V
## PRIVATE NUISANCE

88.    The Answering Defendant repeats and realleges its responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

89-96.  The Answering Defendant denies the allegations of paragraphs 88 through 96 of the Complaint.

## COUNT VI
## EQUITABLE RELIEF

97.    The Answering Defendant repeats and reallege its responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

98-107.       The Answering Defendant denies the allegations of paragraphs 98 through 107 of the Complaint.

Allegations not specifically admitted are denied.

## DEFENSES

By alleging the matters set forth below, the Answering Defendant does not admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.

## First Defense

The Court lacks personal jurisdiction over the Answering Defendant under Florida law and Louisiana law and the Due Process Clause of the United States Constitution.

## Second Defense

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendant.

## Third Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

## Fourth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## Fifth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

## Sixth Defense

Plaintiffs' claims against the Answering Defendant are barred because the Answering Defendant did not manufacture or market the drywall installed in Plaintiffs' homes.

## Seventh Defense

The Answering Defendant did not make to Plaintiffs, nor did Answering Defendant breach, any express or implied warranties.

## Eighth Defense

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice to the Answering Defendant.

## Ninth Defense

To the extent that Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

### Tenth Defense

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Answering Defendant.

### Eleventh Defense

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by in designing and formulating the drywall installed in their homes and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### Twelfth Defense

Plaintiffs cannot recover on their claims because the benefits of the design of the drywall installed in their homes outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### Thirteenth Defense

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendant had no control.

### Fourteenth Defense

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

### Fifteenth Defense

Plaintiffs failed to mitigate their damages, if any.

### Sixteenth Defense

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

### Seventeenth Defense

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendant is entitled to credit and set-off in the amount of such settlements.

### Eighteenth Defense

The Answering Defendant breached no duty allegedly owed to the Plaintiffs.

### Nineteenth Defense

The Answering Defendant denies, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendant, or at the instruction or subject to the control of the Answering Defendant, and therefore the Answering Defendant is not liable for any acts or omissions of such third parties as a matter of law.

### Twentieth Defense

The Answering Defendant did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

### Twenty-First Defense

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**Twenty-Second Defense**

Plaintiffs' claims are barred because class actions are not recognized under the laws of and contrary to the public policy of the Answering Defendant's home jurisdiction.

**Twenty-Third Defense**

The Answering Defendant's liability, if any, for damages is several rather than joint, and should be prorated.

**Twenty-Fourth Defense**

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendant's home jurisdiction.

**Twenty-Fifth Defense**

The Answering Defendant gives notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendant denies that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendant requests that the Complaint be dismissed with prejudice, and that the Answering Defendant be awarded costs and fees incurred in this action.

Respectfully submitted,


By:  /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street

Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8485
Facsimile:  (212) 836-6485
Email:  sglickstein@kayescholer.com

Counsel for Defendant Knauf Gips KG

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Answer and Defenses of Knauf Gips KG has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 8th day of August, 2011.

/s/ Kyle Spaulding

60288133.DOCX