UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE -MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON (L) |
| ALL CASES | * * * | MAGISTRATE WILKINSON (4) |

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared

Wyman Stokes

who, being duly sworn, upon his oath deposed and stated as follows:

1. He was the President for Wyman Stokes Builder, Inc. ("Wyman Stokes Builder"), and as such, has personal knowledge of the following based on his review of records maintained by Wyman Stokes Builder in the regular course of business.

2. Wyman Stokes Builder was a corporation organized and existing under the laws of the State of Florida and had its principal place of business in Lee County, Florida.

3. Wyman Stokes Builder's became an inactive Florida corporation on October 30, 2009.

4. Wyman Stokes Builder was a home builder that contracted with third party vendors for the construction of single-family homes and/or sold completed single-family homes.

5. Wyman Stokes Builder never built a residence in the State of Louisiana.

6. Wyman Stokes Builder was never licensed or registered to do business in Louisiana or ever had any offices or employees in Louisiana.



EXHIBIT "A"

7. Wyman Stokes Builder never had an agent for service of process in Louisiana.

8. Wyman Stokes Builder never had any bank accounts in Louisiana nor owned any property in Louisiana.

9. Wyman Stokes Builder never solicited business in Louisiana.

10. Wyman Stokes Builder never maintained a telephone line in Louisiana or kept a post office box or otherwise received mail in Louisiana.

11. Wyman Stokes Builder never maintained an office, store, headquarters, shop, warehouse, or any other facility in the State of Louisiana.

12. Consequently, Wyman Stokes Builder never anticipated it would be haled into court in Louisiana.

_____
WYMAN STOKES

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 28TH DAY OF April, 2010 2011

_____
NOTARY PUBLIC

NOTARY PUBLIC-STATE OF FLORIDA
Saraswattie Howard
Commission # DD995692
Expires: MAY 25, 2014
BONDED THRU ATLANTIC BONDING CO., INC.

2

## WYMAN STOKES BUILDER, INC.
## CONSTRUCTION CONTRACT

DATED 2-12-2005

CONTRACT for new construction by and between
Name **PATRICK B. AND SUSAN KEENAN SWEENEY**
Address **425 W. VILLAGE LANE CHADDS FORD, PA 19317**,
hereinafter referred to as "OWNER" and WYMAN STOKES BUILDER, INC., 19091 SOUTH TAMIAMI TRAIL, FORT MYERS, FLORIDA 33908 hereinafter referred to as "BUILDER" or "CONTRACTOR" for construction of a Single Family Residence. Written specifications will take precedence over drawings.

To be built on: VERANDAH UNIT SIX, LOT **01**, SECTION 31,

As Recorded or To Be Recorded in PLAT BOOK 79, PAGES 5-7 of the

Public Records of Lee County Florida

Street Address: **3100** Orangetree Bend, Fort Myers, Florida 33905

WHEREAS, the OWNER is the OWNER in fee simple of certain premises described above and hereinafter called the "BUILDING SITE or PROPERTY" and OWNER desires BUILDER to construct a certain building on the premises.

NOW THEREFORE, for and in consideration of the mutual promises herein contained, the parties agree to as follows:

1. BUILDER shall construct upon the building site a building and related improvements in accordance with the Plans prepared by Sater Group, and Specifications & Option Addendum dated **01·11·05 / 01·26·05**. These Plans, Specifications and Addendum are hereby incorporated in this CONTRACT.

2. Subject to the provisions of this Agreement. The BUILDER agrees to use its best effort to deliver the completed residence specified herein with 270 days (9 months) from the date of permit or from the date of the Notice of Commencement, whichever occurs last. All times stated herein are of the essence.

3. OWNER shall grant the BUILDER exclusive possession of the PROPERTY during the course of construction and until the BUILDER is paid in full in accordance with the terms of this CONTRACT. BUILDER shall deliver possession back to OWNER when construction is completed and BUILDER has been paid in full. OWNER shall not occupy or permit others to occupy the property until BUILDER has delivered possession back to OWNER. OWNER may visit the property for purpose of inspection, but shall not direct or interfere with workers or subcontractors.

EXHIBIT "B"

VERANDAH CONSTRUCTION CONTRACT
PAGE 2

4. BUILDER shall provide general administration of construction and shall be OWNER'S representative. BUILDER shall be responsible for arranging and coordinating the work and supervision and inspection of progress. BUILDER may perform the work with BUILDER'S own forces and may subcontract portions of or all of the work at BUILDER'S sole discretion.

5. If the price or any part thereof is to be financed by a third party loan, this contract is conditioned upon OWNER obtaining a firm commitment for the loan within 30 days. Should OWNER not obtain such loan within 30 days, either party may rescind this CONTRACT, provided however, that BUILDER shall be reimbursed by OWNER for any costs incurred by BUILDER for design fees, clearing and filling, permit application, and etc.

6. OWNER warrants and represents to BUILDER as follows:

   A. That the property is properly zoned for construction of the building and related improvements.

   B. That there is adequate and legal access to the PROPERTY from public roads.

   C. That the intended building and improvements will not violate the restrictions concerning the PROPERTY and OWNER has obtained all required approvals of Architectural Review Boards and similar entities.

   D. That the PROPERTY is free of all liens and encumbrances which might affect construction.

7. BUILDER warrants and represents to OWNER as follows:

   A. That BUILDER is a properly licensed building contractor.

   B. That BUILDER will engage only subcontractors that are properly licensed in their respective trades.

   C. That BUILDER is a Florida Corporation in good standing.

   D. That BUILDER will complete construction in a good workmanlike manner. BUILDER shall guarantee for a period of one year from issue of the Certificate of occupancy, against defective materials and workmanship. This guarantee includes, without limitations, the building, roof, plumbing, electrical system and the heating, ventilation and air conditioning system.

The foregoing warranties and guarantees do not cover non-structural settlement cracks, fading and/or discoloration of paint or wood, or pitting or imperfections that may result from normal settling, normal shrinkage or drying out, or which may result from the negligence, abuse or lack of normal maintenance by OWNER. The foregoing warranties and guarantees also exclude consequential damages.

VERANDAH CONSTRUCTION CONTRACT
PAGE 3

BUILDER shall assign to OWNER all warranties applicable to the suppliers, subcontractors and material men, and any other warranties pe appliances, fixtures and systems. All workmanship shall conform to th publication *Residential Construction Performance Guidelines - For P Remodelers,* National Association of Home Builders, 1996. If an iter publication, standard industry practice shall govern.

8. OWNER shall pay the BUILDER for such construction the total CONTRACT price to be paid with certified funds:

   10% THIS DATE as down payment, by check, subject to collection:

CONTRACT BALANCE shall be paid, based on construction progress draw schedule approved by OWNER'S lending institution. In the ε financing construction through a lending institution, the draw schedule shall apply. Any payment not made within 5 days of the date requested l shall accrue interest at the highest rate allowable under Florida law from The **OWNERS** hereby waive the right to have the deposit held in esc law.

   CONTRACT BALANCE AMOUNT:

9. Construction to be completed within the time set forth in Paragn delayed by strikes, act of God, material or labor shortages, or other ci CONTRACTOR. Closing and settlement of the CONTRACT shall be notice by the BUILDER to the OWNER that the premises are ready Certificate of Occupancy has been obtained and CONTRACTOR 1 Affidavit of "No Liens" and other documents and releases as required by Florida Mechanics Lien Law. OWNER shall not unreasonably dela corrections or touchup work that does not interfere with occupancy. Si listed on a Compliance List, signed by the OWNER and BUILDER and completed within thirty (30) days of the date of the Compliance List. It i "punch list" items may remain at the time of final settlement, and such and responsibly handled by the CONTRACTOR as a warranty item. additional items may arise during the warranty period, which may be a Notwithstanding, final settlement will take place without such lists and s in accordance with the terms of the warranty. Whereas this written as: OWNER shall not be entitled to hold-backs or escrows, pending compl warranty items.

10. Changes in the plans and specifications shall be by 'CHANGE ORDER" forms only, signed by both the OWNER and the CONTRACTOR. The 'CHANGE ORDER" shall specify the nature of the change and the amount to be added or subtracted from the total contract price occasioned by the change, and shall be substantially in the form as reflected in Schedule "A" attached hereto.

11. Each change requested by the OWNER subsequent to said customer approval of plans shall carry a surcharge of $100.00 per change in addition to the regular charge or credit addendum to the change requested.

12. CONTRACTOR may use and install materials other than those specified on the plans and specifications if those so specified are not readily available when needed. BUILDER will give OWNER notice of such changes, and changes will be subject to OWNER'S approval.

13. Any additional expense caused by rock or other adverse subsoil conditions which are unknown and cannot reasonably be discovered by the CONTRACTOR prior to entering into this CONTRACT, shall be borne by the OWNERS. CONTRACTOR shall give OWNER immediate written notice of same, and shall specify any additional expenses.

14. Expenses of temporary electric service during construction will be borne by the BUILDER. This CONTRACT has included back-to-back power hookups. Any additional fees charged by the power company to bring power to the home will be paid by the OWNER.

15. This agreement shall be binding upon the heirs, executors, administrators, and assigns of the parties. Neither party shall assign this CONTRACT without the prior written consent of the other party.

16. In any arbitration or litigation between the parties arising from the CONTRACT, the prevailing party shall be awarded its reasonable attorney's fees, including bankruptcies and appeals against the non-prevailing party.

17. The price set forth above is based upon BUILDER having immediate access to the PROPERTY. It is further based upon the BUILDER being authorized to commence construction within thirty (30) days from the date hereof and thereafter being able to prosecute the work continuously until completion. The price and time of performance shall be subject to adjustment if BUILDER is not authorized to begin construction within thirty (30) days, if BUILDER is prevented from prosecuting the work continuously, or if unforeseen site conditions, including sub-surface conditions or the absence of temporary utilities delay commencement and prosecution of the work or if any governmental authority requires additions or changes to the plan or specifications.

X _[signature]_

X _[signature]_

VERANDAH CONSTRUCTION CONTRACT
PAGE 5

OWNER agrees to promptly make selections of materials and finishes upon request by BUILDER. In the event OWNER unreasonably delays in making such selections, the price and time of performance shall be subject to adjustments. The price and time of performance may, at the BUILDERS sole discretion, be adjusted for abnormal and spontaneous increases in the cost of materials and/or labor resulting from hurricanes, tornadoes, floods, civil disorder, labor disputes or other events beyond the control of BUILDER.

18. A waiver of a breach of any of the terms or conditions hereof shall not be construed as a waiver of any subsequent breach. Any consent to delay in the performance of CONTRACTOR of any obligations shall be applicable only to the particular transaction to which it relates, and it shall not be applicable to any other obligations or transactions. Delay in the enforcement of any remedy in the event of a breach of any term or condition hereof, or in the exercise by either party of any right hereunder, shall be construed as a waiver.

19. ALLOWANCES: Allowances have been set for specific items. If the item exceeds the allowance price, the OWNER agrees to pay the excess amount at the time the expense occurs. The CONTRACTOR cannot necessarily provide the item at the allowance price and is not bound to do so.

**ALLOWANCE SCHEDULE TO BE CUSTOMIZED PER CLIENT**

20. The OWNER may terminate this CONTRACT prior to its completion and without prejudice to any other remedy OWNER may have, in the event CONTRACTOR files bankruptcy, becomes insolvent, or defaults in performance of any provision herein or fails to carry out the construction in accordance with the provisions of this CONTRACT, the plans and specifications after receipt of five (5) days written notice of same from OWNER.

21. CONSTRUCTION INDUSTRIES RECOVERY FUND: Payment may be available from the Construction Industries Recovery Fund if you lose money on a project performed under contract, where the loss results from specified violations of Florida Law by a state licensed contractor. For information about the Recovery Fund and filing a claim, contact the Florida Construction Industry Licensing Board at the following telephone number and address:

Construction Industry Licensing Board:   Phone: 850-487-1395
1940 North Monroe Street, Northwood Centre
Tallahassee, Florida 32399

## ACCORDING TO FLORIDA'S CONSTRUCTION LIEN LAW (SECTIONS 713.001-713.37, FLORIDA STATUTES), THOSE WHO WORK ON YOUR PROPERTY OR PROVIDE MATERIALS AND ARE NOT PAID IN FULL HAVE A

X _[signature]_

X _[signature]_

VERANDAH CONSTRUCTION CONTRACT
PAGE 6

RIGHT TO ENFORCE THEIR CLAIM FOR PAYMENT AGAINST YOUR PROPERTY. THIS CLAIM IS KNOWN AS A CONSTRUCTION LIEN. IF YOUR CONTRACTOR OR A SUBCONTRACTOR FAILS TO PAY SUBCONTRACTORS, SUB-SUBCONTRACTORS, OR MATERIAL SUPPLIERS OR NEGLECTS TO MAKE OTHER LEGALLY REQUIRED PAYMENTS, THE PEOPLE WHO ARE OWED MONEY MAY LOOK TO YOUR PROPERTY FOR PAYMENT, EVEN IF YOU HAVE PAID YOUR CONTRACTOR IN FULL. IF YOU FAIL TO PAY YOUR CONTRACTOR, YOUR CONTRACTOR MAY ALSO HAVE A LIEN ON YOUR PROPERTY. THIS MEANS IF A LIEN IS FILED YOUR PROPERTY COULD BE SOLD AGAINST YOUR WILL TO PAY FOR LABOR, MATERIALS, OR OTHER SERVICES THAT YOUR CONTRACTOR OR A SUBCONTRACTOR MAY HAVE FAILED TO PAY. FLORIDA'S CONSTRUCTION LIEN LAW IS COMPLEX AND IT IS RECOMMENDED THAT WHENEVER A SPECIFIC PROBLEM ARISES, YOU CONSULT AN ATTORNEY.

22. This CONTRACT constitutes the entire agreement between the parties and supersedes any prior oral negotiations or representations. This CONTRACT may only be modified or amended in writing signed by the parties.

23. Any notice or other communications required or permitted hereunder shall be sufficiently given if sent by registered or certified mail, postage prepaid, return receipt, addressed to the parties at the addresses shown herein, or at such other address as may be furnished in writing by either party to the other, and shall be deemed to have been given as of the date so deposited in the United States mail.

24. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.

X _[signature]_

25. **CDD Disclosure.** Verandah West Community Development District may impose and levy taxes or assessments, or both taxes and assessments on this property. These taxes and assessments pay the construction, operation and maintenance costs of certain public facilities and services of the district and are set annually by the governing board of the district. These taxes and assessments are in addition to county and all other local governmental taxes and assessments and all other taxes and assessments provided by law.

X _____, OWNER

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
SOCIAL SECURITY NUMBER

X _____, OWNER

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
SOCIAL SECURITY NUMBER

_____ 3-31-05
B. WYMAN STOKES, PRESIDENT
WYMAN STOKES BUILDER, INC.

*Orangetree Bend/Verandah Standard Contract.doc*