UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
IN RE: CHINESE MANUFACTURED      : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY       :
LITIGATION                       : SECTION:   L
---------------------------------------------------------------x
THIS DOCUMENT RELATES TO;        : JUDGE FALLON
                                 :
*Vickers, et al. v. Knauf Gips KG, et al.*,    : MAG. JUDGE WILKINSON
No. 09-4117 (E.D. La.)           :
---------------------------------------------------------------x

**ANSWER AND DEFENSES OF KNAUF GIPS KG**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Knauf Gips KG ("Gips" or "Answering Defendant") responds to the corresponding paragraphs of Plaintiffs' Fifth Amended Complaint - Class Action ("Complaint") as follows:

1-5.   The Answering Defendant denies the allegations of paragraph 1 through 5of the Complaint.

6.   The Answering Defendant denies the allegations of paragraph 6 of the Complaint, except admits that plaintiffs purport to bring this action on behalf of a Class.

7.   The allegations of paragraph 7 are not directed to the Answering Defendant and therefore no response is required.

**JURISDICTION, PARTIES AND VENUE**

8-10.   The Answering Defendant admits the allegations of paragraphs 8 through 10 of the Complaint.

11.   Paragraph 11 contains a statement as to which no response is required.

12-25.   The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 12 through 25 of the Complaint.

26. The Answering Defendant denies the allegations of paragraph 26 of the Complaint, except admits that it has its principal place of business located at Postfach 10, D-97343 Iphofen, Germany.

27. The Answering Defendant denies the allegations of paragraph 27 of the Complaint, except admits that Gips is a manufacturer of drywall, building materials and systems.

28. The Answering Defendant denies the allegations of paragraph 28 of the Complaint.

29. The Answering Defendant denies the allegations of paragraph 29 of the Complaint.

30. The Answering Defendant denies the allegations of paragraph 30 of the Complaint, except admits that Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu") and Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan") sold drywall that was imported by other companies into the United States.

31-43. The Answering Defendant denies the allegations of paragraphs 31 through 38 of the Complaint.

44. The Answering Defendant denies the allegations of paragraph 44 of the Complaint, except admits that it provides certain services to KPT, Wuhu and Dongguan.

45-47. The Answering Defendant denies the allegations of paragraphs 45 through 47 of the Complaint.

48. The Answering Defendant denies the allegations of paragraph 48 of the Complaint.

49-59. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 49 through 59.

60. The Answering Defendant denies the allegations of paragraph 60 of the Complaint, except admits that KPT is a corporation.

61. The Answering Defendant denies the allegations of paragraph 61 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether KPT drywall is in one or more of plaintiffs' homes.

62. The Answering Defendant denies the allegations of paragraph 62 of the Complaint.

63. The Answering Defendant denies the allegations of paragraph 60 of the Complaint, except admits that Wuhu is a corporation.

64. The Answering Defendant denies the allegations of paragraph 64 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Wuhu drywall is in one or more of plaintiffs' homes.

65. The Answering Defendant denies the allegations of paragraph 65 of the Complaint.

66. The Answering Defendant denies the allegations of paragraph 60 of the Complaint, except admits that Dongguan is a corporation.

67. The Answering Defendant denies the allegations of paragraph 67 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Dongguan drywall is in one or more of plaintiffs' homes.

68. The Answering Defendant denies the allegations of paragraph 68 of the Complaint.

69-84. The allegations of paragraphs 69 through 84 are not directed to the Answering Defendant and therefore no response is required.

## GENERAL ALLEGATIONS

85-86. The Answering Defendant admits the allegations of paragraphs 85 through 86 of the Complaint.

87. The Answering Defendant denies the allegations of paragraph 87 of the Complaint, except admits that drywall is available in 4 ft. (1219 mm) wide sheets of various lengths and that newly formed sheets are cut from a belt during a continuous manufacturing process.

88. The Answering Defendant admits the allegations of paragraph 88 of the Complaint.

89. The Answering Defendant denies the allegations of paragraph 89 of the Complaint.

90. The Answering Defendant admits the allegations of paragraph 90 of the Complaint.

91-96. The Answering Defendant denies the allegations of paragraphs 91 through 96 of the Complaint.

97-103. The Answering Defendant admits the allegations of paragraphs 97 through 103 of the Complaint.

104-107. The Answering Defendant denies the allegations of paragraphs 104 through 107 of the Complaint.

108-111. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 108 through 111 of the Complaint.

112. The Answering Defendant admits that KPT made a statement, including the quoted language in paragraph 112 of the Complaint, and refer to the statement in its entirety for its content and context.

113. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint.

114. The Answering Defendant admits that KPT made a statement, including the quoted language in paragraph 114 of the Complaint, and refer to the statement in its entirety for its content and context.

115. The Answering Defendant denies the allegations of paragraph 115 of the Complaint, except admits that KPT received some complaints in 2006 regarding odor.

116. The Answering Defendant denies the allegations of paragraph 116 of the Complaint, except admits that, in late 2006, KPT retained CTEH to undertake an investigation into complaints of odor in certain Florida homes.

117. The Answering Defendant admits that KPT made a statement, including the quoted language in paragraph 117 of the Complaint, and refer to the statement in its entirety for its content and context.

118. The Answering Defendant denies the allegations of paragraph 118 of the Complaint, except admits that CTEH prepared a report that contained the quoted language and refer to the CTEH report in its entirety for its content and context.

119. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119 of the Complaint.

120. The Answering Defendant denies the allegations of paragraph 120 of the Complaint.

121-124. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 121 through 124 of the Complaint.

125-132. The Answering Defendant denies the allegations of paragraphs 125 through 132 of the Complaint.

133. The Answering Defendant denies the allegations of paragraph 133 of the Complaint, except denies knowledge or information sufficient to form a belief as to the ownership or corporate structures of Chinese manufacturers other than KPT, Wuhu and Dongguan.

134. The Answering Defendant denies the allegations of paragraph 134 of the Complaint.

135. To the extent that the allegations of paragraph 135 are not directed to the Answering Defendant, no response is required. To the extent that the allegations of paragraph 135 are directed to the Answering Defendant, the allegations are denied.

136. The Answering Defendant denies the allegations of paragraph 136 of the Complaint.

137. The Answering Defendant denies the allegations of paragraph 137 of the Complaint.

### CLASS ACTION ALLEGATIONS

138-139. The allegations of paragraphs 138 through 139 of the Complaint state legal conclusions to which no response is required. However, to the extent that paragraphs 138 through 139 of the Complaint contain factual allegations, the Answering Defendant denies the allegations, except admits that plaintiffs purport to bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rule of Civil Procedure.

140. The allegations of paragraph 140 state a legal conclusion to which no response is required. However, to the extent that paragraph 140 contains factual allegations, the Answering Defendant denies the allegations.

141. The Answering Defendant denies the allegations of paragraph 141 of the Complaint.

142-143. The allegations of paragraphs 142 through 143 state legal conclusions to which no response is required. However, to the extent that the allegations of paragraphs 142 through 143 contain factual allegations, the Answering Defendant denies the allegations.

144. The Answering Defendant denies the allegations of paragraph 144 of the Complaint.

145-146. The allegations of paragraphs 145 through 146 state legal conclusions to which no response is required. However, to the extent that the allegations of paragraphs 145 through 146 contain factual allegations, the Answering Defendant denies the allegations.

147. The allegations of paragraph 147 state a legal conclusion to which no response is required. However, to the extent that the allegations of paragraphs 147 contain factual allegations, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

148-151. The allegations of paragraphs 148 through 151 state legal conclusions to which no response is required. However, to the extent that the allegations of paragraphs 148 through 151 contain factual allegations, the Answering Defendant denies the allegations.

### COUNT I
### NEGLIGENCE

92. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 68 and 85 through 151 of the Complaint as if fully set forth herein.

153-157.  The Answering Defendant denies the allegations of paragraphs 153 through 157 of the Complaint.

## COUNT II
## STRICT LIABILITY

158.  The Answering Defendant repeats and realleges its responses to paragraphs 1 through 68 and 85 through 151 of the Complaint as if fully set forth herein.

159-162.  The Answering Defendant denies the allegations of paragraphs 159 through 162 of the Complaint.

163-165.  The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 163 through 165 of the Complaint.

166-177.  The Answering Defendant denies the allegations of paragraphs 166 through 177 of the Complaint.

## COUNT III
## VIOLATION OF CONSUMER PROTECTION ACTS

178.  The Answering Defendant repeats and realleges its responses to paragraphs 1 through 68 and 85 through 151 of the Complaint as if fully set forth herein.

179.  The allegations of paragraph 179 of the Complaint contain statements to which no response is required.  However, to the extent that the allegations of paragraph 179 contain factual allegations, the Answering Defendant denies the allegations.

180-183.  The Answering Defendant denies the allegations of paragraphs 180 through 183 of the Complaint.

## COUNT IV
## STRICT LIABILITY

184.  The Answering Defendant repeats and realleges its responses to paragraphs 1 through 25, 68 through 79 and 85 through 151 of the Complaint as if fully set forth herein.

185-203. The allegations of paragraphs 185 through 203 are not directed to the Answering Defendant and therefore no response is required.

## COUNT V
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

204. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 25, 68 through 79 and 85 through 151 of the Complaint as if fully set forth herein.

205-211. The allegations of paragraphs 205 through 211 are not directed to the Answering Defendant and therefore no response is required.

## COUNT VI
## NEGLIGENCE

212. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 25, 68 through 79 and 85 through 151 of the Complaint as if fully set forth herein.

213-216. The allegations of paragraphs 213 through 216 are not directed to the Answering Defendant and therefore no response is required.

## COUNT VII
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

217. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 25 and 85 through 151 of the Complaint as if fully set forth herein.

218-226. The allegations of paragraphs 218 through 226 are not directed to the Answering Defendant and therefore no response is required.

## COUNT VIII
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

227. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 25 and 85 through 151 of the Complaint as if fully set forth herein.

228-235. The allegations of paragraphs 228 through 235 are not directed to the Answering Defendant and therefore no response is required.

## COUNT IX
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

236. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 25 and 85 through 151 of the Complaint as if fully set forth herein.

237-242. The allegations of paragraphs 237 through 242 are not directed to the Answering Defendant and therefore no response is required.

## COUNT X
## BREACH OF CONTRACT

243. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 25 and 85 through 151 of the Complaint as if fully set forth herein.

244-251. The allegations of paragraphs 244 through 251 are not directed to the Answering Defendant and therefore no response is required.

## COUNT XI
## PRIVATE NUISANCE

252. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 151 of the Complaint as if fully set forth herein.

253-260. The Answering Defendant denies the allegations of paragraphs 253 through 260 of the Complaint.

## COUNT XII
## EQUITABLE AND INJUNCTIVE RELIEF MEDICAL MONITORING

261. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 151 of the Complaint as if fully set forth herein.

262. The Answering Defendant denies the allegations of paragraph 262 of the Complaint.

263. The Answering Defendant admits that plaintiffs seek the relief and remedies alleged in paragraph 263 of the Complaint and denies that they are entitled to such relief.

264-272. The Answering Defendant denies the allegations of paragraphs 264 through 272 of the Complaint.

## COUNT XIII
## STRICT LIABILITY

273. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 25, 80 through 82 and 85 through 151 of the Complaint as if fully set forth herein.

274-292. The allegations of paragraphs 274 through 292 are not directed to the Answering Defendant and therefore no response is required.

## COUNT XIV
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

293. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 25, 80 through 82 and 85 through 151 of the Complaint as if fully set forth herein.

294-300. The allegations of paragraphs 294 through 300 are not directed to the Answering Defendant and therefore no response is required.

## COUNT XV
## NEGLIGENCE

301. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 25, 80 through 82 and 85 through 151 of the Complaint as if fully set forth herein.

302-305. The allegations of paragraphs 302 through 305 are not directed to the Answering Defendant and therefore no response is required.

## COUNT XVI
## PERSONAL INJURY NEGLIGENCE

306. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 151 of the Complaint as if fully set forth herein.

307-310. The Answering Defendant denies the allegations of paragraphs 307 through 310 of the Complaint.

## COUNT XVII
## PERSONAL INJURY BASED ON STRICT LIABILITY

311. The Answering Defendant repeats and realleges its responses to paragraphs 1 through 82 and 85 through 151 of the Complaint as if fully set forth herein.

312-315. The Answering Defendant denies the allegations of paragraphs 312 through 315 of the Complaint.

316-318. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 316 through 318 of the Complaint.

319-328. The Answering Defendant denies the allegations of paragraphs 319 through 328 of the Complaint.

## DEFENSES

By alleging the matters set forth below, the Answering Defendant does not admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.

### First Defense

The Court lacks personal jurisdiction over the Answering Defendant under Louisiana law and the Due Process Clause of the United States Constitution.

### Second Defense

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendant.

### Third Defense

Plaintiffs have been misjoined.

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### Fifth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

### Seventh Defense

Plaintiffs' claims against the Answering Defendants are barred because the Answering Defendants did not manufacture or market the drywall installed in Plaintiffs' homes.

### Eighth Defense

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

### Ninth Defense

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Mississippi because, as provided by Miss. Code Ann. § 75-24-15(2), to bring a private action, a

plaintiff must first have attempted to resolve the matter through an informal dispute resolution program approved the Attorney General, which Plaintiffs have not done.

### Tenth Defense

Plaintiffs cannot recover on their claims under the Louisiana and Mississippi Consumer Protection Statutes because, under La. Rev. Stat. Ann. § 1409 and Miss. Code Ann. § 75-24-15(4), Plaintiffs may not bring a private action for actual damages in a representative capacity.

### Eleventh Defense

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute, because class actions for money damages are prohibited under Ala. Code § 8-19-10(f).

### Twelfth Defense

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute because venue is proper only in the county where the causes action for residents of that state accrued and/or where the defendant has a principal place of business or conducts business.

### Thirteenth Defense

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because the Answering Defendant did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

### Fourteenth Defense

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because they failed to provide written notice to the Answering Defendant as required by Tex. Bus. & Com. Code § 17.505.

### Fifteenth Defense

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because the Answering Defendant did not act with the "intent to deceive," as required by Tex. Bus. & Com. Code § 17.46.

### Sixteenth Defense

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because the Answering Defendant did not engage in any form of unfair, unconscionable or deceptive acts or practices to induce Plaintiffs, or any other person, to purchase drywall, as required by Tex. Bus. & Com. Code § 17.46.

### Seventeenth Defense

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Alabama because the Answering Defendant did not act "knowingly," as required by Ala. Code §§ 8-19-3(4), -13.

### Eighteenth Defense

The Answering Defendant did not engage in any intentional or negligent misconduct. However, to the extent that Plaintiffs assert claims for negligence, Plaintiffs cannot recover on their claims under the Consumer Protection Statutes of Florida, Fla. Stat. Ann. § 501.207(4) and Texas, Tex. Bus. & Com. Code § 17.506, which provide that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

### Nineteenth Defense

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by in designing and formulating the drywall installed in their homes and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably

available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### Twentieth Defense

Plaintiffs cannot recover on their claims because the benefits of the design of the drywall installed in their homes outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### Twenty-First Defense

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendant had no control.

### Twenty-Second Defense

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

### Twenty-Third Defense

Plaintiffs failed to mitigate their damages, if any.

### Twenty-Fourth Defense

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

### Twenty-Fifth Defense

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendant is entitled to credit and set-off in the amount of such settlements.

### Twenty-Sixth Defense

The Answering Defendant breached no duty allegedly owed to the Plaintiffs.

### Twenty-Seventh Defense

The Answering Defendant denies, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendant, or at the instruction or subject to the control of the Answering Defendant, and therefore the Answering Defendant is not liable for any acts or omissions of such third parties as a matter of law.

### Twenty-Eighth Defense

The Answering Defendant did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

### Twenty-Ninth Defense

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### Thirtieth Defense

Plaintiffs' claims are barred because class actions are not recognized under the laws of and contrary to the public policy of the Answering Defendant's home jurisdiction.

### Thirty-First Defense

The Answering Defendant's liability, if any, for damages is several rather than joint, and should be prorated.

**Thirty-Second Defense**

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendant's home jurisdiction.

**Thirty-Third Defense**

The Answering Defendant gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and reserves the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendant denies that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendant requests that the Complaint be dismissed with prejudice, and that the Answering Defendant be awarded costs and fees incurred in this action.

Respectfully submitted,

By: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue

                                                New York, NY 10022
                                                Telephone: (212) 836-8485
                                                Facsimile: (212) 836-6485
                                                Email: sglickstein@kayescholer.com

                                                Counsel for Defendant Knauf Gips KG

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Answer and Defenses of Knauf Gips KG has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 8th day of August, 2011.

                                            /s/ Kyle Spaulding