EXHIBIT D

GENERAL RELEASE OF ALL CLAIMS (THE "RELEASE")

**1. Definitions**

    1.1.    Capitalized terms used in this Release shall have the same meaning as those defined in the Amended Stipulation and Agreement of Settlement dated August 3, 2011 (the "Settlement"), unless defined herein.

**2. Authority**

    2.1.    Class Members and each individual signing this Release on behalf of the Class represent and warrant that they are duly authorized to do so and that they have the authority to enter into this Release on behalf of the parties for which they sign. Counsel for the Parties likewise represent and warrant that they are duly authorized by their respective clients to execute this Release and to take all appropriate action required and permitted to be taken by this Release.

**3. Releasor**

    3.1.    Class Members understand that the terms of the Settlement govern the resolution of their claims.  Class Members understand that in return for the Insurers' payment of the Insurance Proceeds, except for any obligations that one or more of the Insurers may have under any insurance policy that is not one of the Banner Insurance Policies, Class Members have fully and completely released, waived, and abandoned any and all claims against the Settling Defendants that are in any way related to Chinese Drywall and/or the Banner Insurance Policies, and that the intent of the Parties is that the Settling Defendants shall have no further liability in connection with the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the Banner Insurance Policies.

    3.2.    Class Members understand that under the terms of the Settlement, any claim that Class Members and anyone claiming by, through, and/or on behalf of any of them has, may have, or may have had against the Settling Defendants arising out of, in any manner related to, or connected in any way with Chinese Drywall; the collective mitigation of, response to, and/or recovery from the damage caused by Chinese Drywall; any act and/or failure to act related in any way to any of the foregoing; the Released Claims; the Litigation; the Related Actions; the Related Claims; and/or the Banner Insurance Policies is fully and finally released, waived, discharged, surrendered, foregone, given up, abandoned, and cancelled.

    3.3.    Class Members understand that Class Members and anyone claiming by, through and/or on behalf of any of them, will be forever barred and enjoined from prosecuting any action against the Settling Defendants asserting any and/or all Released Claims.

3.4. Class Members acknowledge having had an opportunity to obtain advice of counsel of their choosing regarding this release and waiver, and having discussed it with such counsel to its satisfaction.

3.5. Class Members acknowledge that each Insurer has acted in good faith and fairly, reasonably, and honestly towards the Class and with due regard for the Class' interests. Class Members further acknowledge that the Settlement by the Settling Defendants, being in good faith, precludes the Class and Class Members, each Releasing Party, and Banner from asserting a bad faith claim against any Insurer.

3.6. Class Members acknowledge and agree that this Release is irrevocable and unconditional and is intended to be as broad as can possibly be created.

## 4. Releases

4.1. In consideration for the Insurers' agreement to pay the Insurance Proceeds as set out in Section 1.12 of the Settlement, Class Members knowingly and voluntarily release, remise, waive, surrender, forego, give up, abandon, cancel, acquit, and forever discharge the Settling Defendants for any and all claims whatsoever which arise out of, or are related in any way to, the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the Banner Insurance Policies, including, but not limited to:

4.1.1. Any and all Released Claims;

4.1.2. Claims for personal injury, bodily injury (including death), property damage, remediation and/or clean-up of property, diminution of property value, groundwater contamination, loss of use, loss of enjoyment, economic loss, fear, fear of illness or disease, fear of developing illness or disease, fright, mental distress, pain and suffering, loss of earnings, impairment of earning capacity, loss of consortium, loss of support, love and affection, equity and medical monitoring, bystander liability, wrongful death, survival actions, breach of contract, all statutory claims, punitive or exemplary damages, attorneys' fees, costs or expenses, moving expenses, additional rental or mortgage payments;

4.1.3. Claims for nuisance, trespass, inconvenience, loss of use or enjoyment, negligence, negligence *per se*, tort, public or private nuisance, custody of a thing containing a vice or defect, strict liability, liability for ultrahazardous activities or conduct, absolute liability, wanton and reckless misconduct, malicious misconduct, servitude or obligation of vicinage, abuse of right, or any other liability legally asserted or assertable under any federal, state, or local statute, directive or regulation, redhibition, violation of Louisiana New Home Warranty Act, Louisiana Products Liability Act (La. R.S. 9:28000.51 *et. seq.*), Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 51:1401 *et. seq.*), negligent discharge of a corrosive substance, unjust enrichment, breach of express or implied

warranty, breach of implied warranty of fitness and merchantability (Fla. Stat. § 718.203), breach of implied warranty of habitability, negligent misrepresentation, building code violations under Fla. Stat. § 553.84, or fraud;

4.2.   Nothing herein is intended to release, waive, discharge, surrender, forego, give up, abandon, and cancel any claims that a Class Member has or may have against one or more of the Insurers under any insurance policy that is not one of the Banner Insurance Policies.

4.3.   Class Members acknowledge that Class Members may in the future learn of additional and/or different facts as they relate to Chinese Drywall, the Released Claims, the Litigation, the Related Actions, the Related Claims, the Banner Insurance Policies, and/or any injury the Class Members have ever claimed, do claim, or may at any time in the future claim. Class Members have been fully advised, understand, and acknowledge the significance and consequences of releasing all of the claims and liabilities and hereby assume full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that Class Members may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve Class Members' right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, Class Members specifically and expressly waive (to the fullest extent permitted by applicable law) their rights.

4.4.   Without limitation of the foregoing, this Release is specifically intended to operate and be applicable even if it is alleged, charged, or proven that some or all of the released claims and liabilities are caused in whole or in part by the negligence, negligence *per se*, gross negligence, breach of warranty, violation of law, defective product, malice, bad faith, and/or conduct of any type by the Settling Defendants.

4.5.   Class Members understand that each Class Member receiving an allocated recovery under Section 14 of the Settlement for an Affected Property or for bodily injury shall (i) defend, indemnify, and hold harmless each of the Settling Defendants, but only up to the amount of the allocated recovery for that Affected Property, from and against (a) any and all claims involving that Affected Property brought or otherwise asserted by, on behalf of, through, or deriving from such Class Member's heirs, executors, representatives, attorneys or former attorneys, successors, employers, insurers, employers' insurers, health insurers, health care providers, assignees, subrogees, predecessors in interest, successors in interest, beneficiaries or survivors; and (b) any claims for contribution, common law indemnity, contractual indemnity, and/or subrogation, whether arising under tort, contract or otherwise, brought or otherwise asserted against the Settling Defendants as a result of such Class Member's continued pursuit of claims related to that particular Affected Property; and (ii) reduce or satisfy any judgment involving that Affected Property against the Settling Defendants under applicable

state law, whether it be *pro rata*, *pro tanto*, and/or by set off, but only up to the amount of the allocated recovery received by such Class Member for that particular Affected Property, to reduce or extinguish any claims for contribution, common law indemnity, contractual indemnity, and/or subrogation, whether arising under tort, contract or otherwise, brought or otherwise asserted against the Settling Defendants as a result of such Class Member's continued pursuit of claims related to that particular Affected Property. Under no circumstances shall a Class Member's obligations under this Section 4.5 (and Section 3.3.5 of the Settlement) exceed the Class Member's allocated recovery under Section 14 of the Settlement for any particular Affected Property.

4.6.   Class Members understand and agree that the indemnity, defense, and judgment reduction obligations shall exist regardless of the legal basis for the claim, demand, cause of action, right of action, liability, lien, or judgment demand asserted by any person or entity to the extent related to the Released Claims against any Released Party and/or Settling Defendant.  In particular, the Class Members expressly bind themselves to the foregoing indemnity, defense and judgment reduction obligations regardless of whether the claim, demand, suit, liability, lien, judgment, cause of action, or right of action is based on or related to (a) the negligence of any of the Settling Defendants, sole or concurrent; (b) the strict liability of any of the Settling Defendants under any theory whatsoever; (c) the absolute liability of any of the Settling Defendants; (d) the wanton, reckless, or willful misconduct of any of the Settling Defendants; (e) any actual, alleged or purported right, asserted by any Settling Defendant or any Class Member under a policy of insurance issued by one or more Insurers; or (f) any other basis whatsoever.

4.7.   Class Members retain and do not release, waive or abandon the right to raise as a defense in any action that a Settling Defendant is wholly, partially, individually, jointly or severally liable, and/or otherwise liable and/or responsible for all or a portion of a verdict, judgment or award, and Class Members retain and do not release, waive or abandon the right to a set-off, credit, or reduction of the amount of any verdict, judgment or award by a percentage of fault allocated to any Settling Defendant.

4.8.   WITHOUT LIMITATION OF THE FOREGOING, THIS RELEASE IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED OR PROVED THAT SOME OF ALL OF THE RELEASED CLAIMS AND LIABILITIES ARE CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, BREACH OF WARRANTY, VIOLATION OF LAW, DEFECTIVE PRODUCT, MALICE, AND/OR CONDUCT OF ANY TYPE BY THE OTHER SETTLING DEFENDANTS, ANY RELEASING PARTY, AND/OR ANY OTHER PERSON.

## 5.  Pursuit of Certain Claims

5.1.   Class Members agrees that they will never (i) take any legal or other action to initiate, pursue, or maintain, or otherwise attempt to execute upon, collect or

otherwise enforce, any of the Released Claims and Liabilities of or against any Released Party, (ii) institute or participate in any new legal action against any Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with Chinese Drywall and/or with any injury a Class Member has ever claimed, claims, or may at any time hereafter claim that Chinese Drywall caused in whole or in part or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against any Released Party in any legal action described in clause (ii) or any pending legal action against Banner, the Insurers, or any Released Party.

## 6. Acknowledgment of Comprehension

6.1.    CLASS MEMBERS ARE ENTERING INTO THIS RELEASE FREELY AND VOLUNTARILY. CLASS MEMBERS UNDERSTAND AND ACKNOWLEDGE THE NATURE, VALUE, AND SUFFICIENCY OF THE CONSIDERATION DESCRIBED IN THIS RELEASE. CLASS MEMBERS ACKNOWLEDGE THAT THEY HAVE READ THIS RELEASE AND THE AGREEMENT, AND HAVE HAD AN OPPORTUNITY TO OBTAIN ADVICE FROM, AND ASK QUESTIONS OF, COUNSEL OF MY CHOOSING REGARDING THE TERMS AND LEGAL EFFECT OF THESE DOCUMENTS AND MY DECISION TO ENROLL TO PARTICIPATE IN THE PROGRAM. CLASS MEMBERS FURTHER ACKNOWLEDGE THAT THEY HAVE DISCUSSED ALL THESE MATTERS WITH THE COUNSEL OF MY CHOOSING, AND SUCH COUNSEL HAS ANSWERED ALL MY QUESTIONS TO MY SATISFACTION.

## 7. No Admission of Fault

7.1.    Class Members understand and agree that the Settling Defendants have entered into this Release and the Agreement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility or fault of or by Banner, the Insurers, or any other Released Party.

## 8. Representations and Warranties

8.1.    Class Members represent and warrant that they have full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Class Members have the sole right to receive any and all Settlement Payments, if any, with respect to my claim under the Program. Class Members have not sold, assigned, transferred or otherwise disposed of, or pledged or otherwise encumbered, any of the Released Claims and Liabilities in whole or in part.

## 9. Governing Law

9.1.    This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

**10. Severability**

    10.1.  Class Members agree that if any provision of this Release is adjudicated to be invalid, illegal or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, Class Members hereby specifically and expressly waive any provision of Law that renders any provision of this Release invalid, illegal or unenforceable in any respect.

IN WITNESS WHEREOF, the Parties have read and understood the terms and conditions of this Release, agree to be bound by all of its provisions, and have executed this Release on the date shown by their signatures below.

PLAINTIFFS' LIAISON COUNSEL

By: _____
    Russ Herman

Print Name: _____

Witness Signature _____

Witness Signature _____

Printed Name
Cynthia J. Pineda

Printed Name
Amy Catalanotto

Date
9/3/11

Date
9/3/11

PLAINTIFFS' LEAD COUNSEL AND FOR THE PLAINTIFFS' STEERING COMMITTEE

By: _Arnold Levin by (Leonard A Davis_
    Arnold Levin  by Proxy

Print Name: _____

Witness Signature _____

Witness Signature _____

Printed Name
Kate Danahay

Printed Name
Amy Catalanotto

Date
9/3/11

Date
9/3/11

**PLAINTIFFS' PROPOSED CLASS
COUNSEL**

By: _____
Russ Herman

Print Name: _____

_____
Witness Signature

Amy Catalanotto
Printed Name

August 3, 2011
Date

_____
Witness Signature

Cynthia J Pineda
Printed Name

August 3, 2011
Date

**PLAINTIFFS' PROPOSED CLASS
COUNSEL**

By: Arnold Levin by Leonard A Davis
Arnold Levin       pr proxy

Print Name: _____

_____
Witness Signature

Amy Catalanotto
Printed Name

August 3, 2011
Date

_____
Witness Signature

Cynthia J Pineda
Printed Name

August 3, 2011
Date

03609.62013/4281267.3                                    8

**PLAINTIFFS' PROPOSED CLASS COUNSEL**

By: _Ervin Gonzalez by Leonard A Davis_
        Ervin Gonzalez        _pr proxy_

Print Name: _____

_[signature]_
Witness Signature

_Amy Catalanotto_
Printed Name

_8/3/11_
Date

_[signature]_
Witness Signature

_Cynthia J. Pineda_
Printed Name

_8/3/11_
Date

**PLAINTIFFS' PROPOSED CO-CLASS COUNSEL**

By: _____
        Dorothy H. Wimberly

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

**PLAINTIFFS' PROPOSED CLASS
COUNSEL**

By: _____
    Ervin Gonzalez

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

**PLAINTIFFS' PROPOSED CO-CLASS
COUNSEL**

By: _Dorothy H. Wimberly_____
    Dorothy H. Wimberly

Print Name: _Dorothy H. Wimberly__

_Catherine Root_____
Witness Signature

_Justin Swaim_____
Printed Name

_8/5/11_____
Date

_Catherine Root_____
Printed Name

_8/5/11_____
Date