**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

---------------------------------------------------------x
IN RE: CHINESE MANUFACTURED  : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY     :
LITIGATION                                    : SECTION:  L
---------------------------------------------------------x
THIS DOCUMENT RELATES TO:    : JUDGE FALLON
                                                         :
*Payton, et al. v. Knauf Gips KG, et al.*, : MAG. JUDGE WILKINSON
No. 09-7628 (E.D. La.)                   :
---------------------------------------------------------x

**KNAUF DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS JUAN CARLOS CASTANEDA AND MARIA SALGADO'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

The Knauf Defendants submit this motion to strike plaintiffs Juan Carlos Castaneda and Maria Salgado's notice of voluntary dismissal without prejudice.  [Rec. Doc. 9991.]  Plaintiffs purport to dismiss their claims voluntarily without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  According to the Authorization for Dismissal of Claims filed with their notice, plaintiffs want to "re-file our claims in State court."  [Rec. Doc. 9991-1.]

The notice of dismissal is a nullity.  Under Rule 41(a)(1)(A)(i), a dismissal can be accomplished unilaterally by notice only "before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).

The Knauf Defendants answered the complaint on March 18, 2011.  [Rec. Doc. 8198, 8200, 8204, 8206, 8212, 8215, 8229, 8230.]  Accordingly, plaintiffs must seek a court order to dismiss their claims against the Knauf Defendants.  *See* Fed. R. Civ. P. 41(a)(2); 9 Wright & Miller Federal Practice & Procedure:  Civil 3d § 2364 ("If an answer or a motion for summary judgment has been served, the plaintiff no longer has the right to dismiss and, unless all of the

1


parties stipulate to dismissal, both Rule 41(a)(2) and a myriad of cases demand that a plaintiff who wishes to dismiss must obtain an order of the district court").

If plaintiffs move to dismiss their claims, the Knauf Defendants will oppose that motion. In the meantime, the unilateral notice is a nullity and should be stricken.

        Respectfully submitted,

        By: /s/ Kyle A. Spaulding
        KERRY J. MILLER (#24562)
        KYLE A. SPAULDING (#29000)
        PAUL C. THIBODEAUX (#29446)
        FRILOT L.L.C.
        1100 Poydras Street
        Suite 3700
        New Orleans, LA 70163
        Telephone: (504) 599-8194
        Facsimile: (504) 599-8145
        Email: kmiller@frilot.com

        - AND -

        STEVEN GLICKSTEIN (NY Bar No. 1038157)
        JAY P. MAYESH (NY Bar No. 1081603)
        KAYE SCHOLER LLP
        425 Park Avenue
        New York, NY 10022
        Telephone: (212) 836-8485
        Facsimile: (212) 836-6485
        Email: sglickstein@kayescholer.com

        Counsel for the Knauf Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of August, 2011.

/s/ Kyle Spaulding