UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

Laura Haya, et al                                         Civil Action No.11-1077
                                                          SECTION "L"
    Plaintiffs

        V.

Taishan Gypsum Co., Ltd. f/k/a Shandong
Taihe Dongxin Co., Ltd., et al

    Defendants

### MEMORANDUM IN SUPPORT OF RULE 12(e) MOTION FOR A MORE DEFINITIVE STATEMENT

Defendant, Renola Equity Fund, III, LLC, "Renola," submits this memorandum in support of its *12(e) Motion for a More Definitive* Statement.  As evidenced below, Plaintiff has not the provided enough information in its Petition to allow Defendant to sufficiently answer any allegations.  To that end, Plaintiff's Petition is so confusing that Renola cannot ascertain what claims are being made against it.  Accordingly, Renola requests that this Honorable Court grant this Motion and order Plaintiff to state and clarify any and all claims against Renola with specificity;  and, if Plaintiff cannot, that its case against Renola be dismissed at Plaintiff's cost.

### I. BACKGROUND

The Plaintiffs' petition and alleged causes of action of Plaintiffs relate to alleged defects in drywall contained in immovable property sold by Renola to plaintiffs Yolanda and Gary Lindsey.  The petition does not specifically set forth any allegations the

Plaintiffs are levying against Renola; therefore, Renola cannot further respond. Furthermore, the July 31, 2008 Cash Sale shows Renola sold the property on an "AS IS" basis, consequently, Plaintiffs waived the warranty of redhibition. See Cash Sale attached hereto as Exhibit A. Therefore, in any event, Plaintiffs have no basis for a claim against Renola.

## II. LAW AND ARGUMENT

The Plaintiffs' petition does not contain any particular allegations that will allow Renola to prepare their defense and respond to the allegations in the petition. The Federal Rules allow for a party to move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed.R.Civ.P. 12(e). Pretrial procedures such as summary judgment (Fed.R.Civ.P. 56) and the motion for a more definite statement (Fed.R.Civ.P. 12(e)) are the appropriate devices to narrow the issues and disclose the boundaries of the claim and defense. *Williams v. United Credit Plan of Chalmette, Inc.*, 526 F.2d 713, 714 (5 Cir. 1976).

In the instant case, the petition does not fairly inform Renola of the nature of the cause of action nor does it include sufficient particulars for Renola to be able to prepare a defense. Renola will remain unable to adequately answer the allegations in the petition until it is provided with allegations containing the necessary detail afforded by law. In particular, the petition does not contain the time frame in which the incident the plaintiffs' complain of occurred or any other basic allegations. Also, the petition does not contain any basis for its classifying Renola as a builder.

In the instant case, the petition does not achieve the level of specificity that is required by law.  Therefore, the plaintiffs should be ordered to amend the petition to clarify the facts which are the basis of the claim.  Otherwise the defendant cannot adequately prepare a defense to the vague allegations contained in the petition.

Respectfully Submitted,

**TONRY, BRINSON & GLORIOSO L.L.C.**


_____/S/ *Jeffery J. Waltz*_____
BRIAN L. GLORIOSO (#27226) T.A.
JEFFERY J. WALTZ (#28798)
RICHARD A. TONRY, II (#27310)
RAYMOND BRINSON (#27187)
KRISTINE K. SIMS (#28228)
245 Pontchartrain Drive
Slidell, La 70458
Telephone: (985) 643-7007
Facsimile:  (985) 649-9240
**ATTORNEYS FOR RENOLA EQUITY FUND, III, LLC**

## CERTIFICATE

I hereby certify that a copy of the foregoing Motion and Memorandum in Support has been served upon all counsel of record through the ECF system and all other parties by facsimile or by placing same in the United States Mail, postage pre-paid and properly addressed, this 9th day of August, 2011.

_____/S/ *Jeffery J. Waltz*_____