UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL CASE NO.: 2047 |
| | SECTION: L |
| | Honorable Eldon E. Fallon |
| THIS DOCUMENT RELATES TO: WENDY LEE HOBBIE, ET. AL. v. RCR HOLDINGS II, LLC, ET. AL. | MAG: JUDGE WILKINSON |
| CASE No. 2:10-cv-1113 (E.D.LA.) | |

_____/

## ARCH INSURANCE COMPANY'S MOTION TO MODIFY SCHEDULING ORDER DATED JULY 15, 2011

Third-Party Defendant ARCH INSURANCE COMPANY ("ARCH"), pursuant to Rule 16, Fed.R.Civ.P. and Local Rule 7, hereby files its Motion to Modify Scheduling Order Dated July 15, 2011 ("Scheduling Order")(D.E. 9847), and in support shows the Court as follows:

1. RCR induced this Court to provide for discovery against ARCH *on the merits of the case*, at a time when RCR has asked that the Plaintiffs' case against RCR be stayed, and RCR has refused to prosecute any claim against COASTAL, who was ARCH's bonded contractor. Since RCR's liability to the Plaintiffs, and COASTAL's liability to RCR, are both threshold issues to whether ARCH is liable to RCR, there is no basis for any party in this action to pursue discovery against ARCH. Discovery against ARCH on the merits of this construction dispute is inappropriate, and was procured at a time when ARCH had not appeared and was not heard.

2. The Scheduling Order treats ARCH differently from the other parties. As to those parties, discovery only proceeds as to legal "threshold" issues such as subject matter jurisdiction

1

MDL No. 3047
Case No.  2:10-cv-1113

and whether the pleadings are legally sufficient,.  ARCH, however, has raised the same "threshold" jurisdictional issues, and there is no basis for treating ARCH differently from COASTAL or other defendants who have raised threshold issues.

    3.    Requiring discovery as to the merits of the claim against ARCH requires ***all parties*** to fully conduct discovery ***as to all claims on the merits***.  ARCH's potential liability to RCR under the Performance Bond is wholly derivative of COASTAL's liability to RCR.  Because RCR is suing COASTAL for indemnification of damages for which RCR might be liable to the Plaintiffs, RCR's liability to the Plaintiffs must be adjudicated before RCR can make a recovery against COASTAL, and then, derivatively, against ARCH.  The Scheduling Order, by requiring discovery as to the merits to proceed against ARCH, has imposed on all parties – Plaintiffs, RCR, COASTAL, and ARCH – the obligation to complete discovery on all issues by December of 2011.  Not only is this an impossible task, it does this not seem to be the intent of the Court's Scheduling Order.

    WHEREFORE, ARCH prays that this Court's Scheduling Order dated July 15, 2011, be modified as follows:

    1.    Deleting the requirement that discovery related to the merits of the claims against ARCH, or ARCH's potential defenses such claims, be completed within the time set forth in the Scheduling Order; and

    2.    Providing that discovery as to any factual issues with regard to the jurisdictional and venue defenses raised in ARCH's Motion to Dismiss be completed within the time set forth in the Scheduling Order.

MDL No. 3047
Case No.   2:10-cv-1113

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email <u>or</u> hand delivery and email <u>and</u> upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 10th day of August, 2011.

**ETCHEVERRY HARRISON LLP**
Attorneys for Arch Insurance Company
150 South Pine Island Road
Suite 105
Fort Lauderdale, Florida 33324
Telephone:    (954) 370-1681
Facsimile:    (954) 370-1682


By:     /s/ Edward Etcheverry
        Edward Etcheverry
        Fla. Bar No. 856517
        Guy Harrison
        Fla. Bar No. 368806

3