UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL CASE NO.: 2047<br><br>SECTION: L<br><br>Honorable Eldon E. Fallon<br><br>MAG: JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: WENDY LEE HOBBIE, ET. AL. v. RCR HOLDINGS II, LLC, ET. AL.<br><br>CASE No.  2:10-cv-1113 (E.D.LA.) | |

_____/

**ARCH INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ARCH'S MOTION TO MODIFY SCHEDULING ORDER DATED JULY 15, 2011**

Third-Party Defendant ARCH INSURANCE COMPANY ("ARCH"), pursuant to Rule 16, Fed.R.Civ.P. and Local Rule 7, hereby files its Memorandum of Law in Support of ARCH's Motion to Modify Scheduling Order Dated July 15, 2011 ("Scheduling Order")(D.E. 9847), as follows:

**INTRODUCTION**

On June 14, 2011, ARCH was served with RCR Holdings II, LLC's ("RCR") Third Party Complaint.  On July 15, 2011, prior to ARCH's appearance in this action, this Court executed the Scheduling Order.  The intent of the Scheduling Order was to create a procedure for the Court to address certain "legal issues" that are threshold issues as to: (1) this Court's jurisdiction to hear the case, or (2) whether the Complaint even states a claim.  The Scheduling Order provided limited discovery between the parties, to only address these threshold issues.

1

The Scheduling Order, however, treated ARCH differently from the other parties. Unlike the other defendants, the Scheduling Order provides completion of discovery *on all issues* as to RCR's breach of contract Third-Party Complaint, and ARCH's possible defenses on the merits. ARCH, however, has the same "threshold" jurisdictional issues as does COASTAL, along with subject matter jurisdiction and venue defenses unique to ARCH. There is no basis for treating ARCH differently from COASTAL or other defendants who have raised threshold issues.

Finally, RCR induced this Court to provide for discovery against ARCH on the merits of the case, at the same time RCR has asked that the Plaintiffs' case against RCR be stayed, and RCR has refused to prosecute any claim against COASTAL, who was ARCH's bonded contractor. Since RCR's liability to the Plaintiffs, and COASTAL's liability to RCR, are both threshold issues to whether ARCH is liable to RCR, there is no basis for any party in this action to pursue discovery against ARCH.

Equally important, the Scheduling Order, inadvertently, require *all parties* to fully conduct discovery *as to all claims on the merits*. ARCH's potential liability to RCR under the Performance Bond is wholly derivative of COASTAL's liability to RCR. Because RCR is suing COASTAL for indemnification of damages for which RCR might be liable to the Plaintiffs, RCR's liability to the Plaintiffs must be adjudicated before RCR can make a recovery against COASTAL, and then, derivatively, against ARCH. The Scheduling Order, by requiring discovery as to the merits to proceed against ARCH, has imposed on all parties – Plaintiffs, RCR, COASTAL, and ARCH – the obligation to complete discovery on all issues by December of 2011.

Not only is this an impossible task, it does this not seem to be the intent of the Court's Scheduling Order. Discovery against ARCH on the merits of this construction dispute is inappropriate.

## PROCEDURAL HISTORY

RCR served ARCH with the Third Party Complaint on June 14, 2011. (D.E. 9107). On that same day, and before ARCH had appeared, this Court conducted a hearing on Plaintiffs' Motion for Entry of Scheduling Order (D.E. 9602). On June 21, 2011, Plaintiffs' filed [Plaintiffs' Proposed] Scheduling Order, setting forth alleged "legal issues" to be resolved through discovery and motion practice. Plaintiffs included, as a "legal issue" whether summary judgment should be entered in favor of some or all of the claims or defenses raised in RCR's Third Party Complaint against ARCH for Breach of Contract.[1] On June 29, 2011, RCR stated its agreement with Plaintiffs' proposed scheduling order. RCR also represented that ARCH's defenses would be the same as those ARCH raised to RCR's identical and pre-existing state litigation against ARCH. (D.E. 9680). All of this took place without ARCH having appeared in the action.

On June 27, 2011, COASTAL filed its own Proposed Scheduling Order identifying *threshold* legal issues to be resolved through discovery and motion practice including: (a) identification and residency of Plaintiffs; (b) identification of manufacturer of the drywall; (c) whether Plaintiffs' tort claims are barred by the Economic Loss Rule; and (d) whether summary judgment should be entered in favor of some or all Defendants with respect to Plaintiffs' claim for Strict Liability. (D.E. 9644-1). COASTAL's Proposed Scheduling Order intentionally

---

[1] These, of course, are not "legal issues" at all, but factual ones requiring litigation of the merits. ARCH, however, had not appeared and was not able to explain this to the Court.

omitted any reference to RCR's Third Party Complaint against ARCH, and Coastal opposed such discovery.

This Court generally adopted COASTAL's approach to addressing threshold issues prior to the merits. However, presumably based on RCR's representations, the Scheduling Order requires that "summary judgment" discovery as to the *the merits* of the claims and potential defenses to be raised regarding RCR's Third Party Complaint against ARCH be completed by December 15, 2011 with motions related to same to be filed by January 15, 2012. (D.E. 9847).

On July 29, 2011, ARCH filed its Motion to Dismiss RCR's Third Party Complaint, asserting *threshold* legal, jurisdictional and/or venue defenses that are ***not*** applicable in the similar state court action filed by RCR against ARCH. (D.E.    ).

## ARGUMENT

### I. THE SCHEDULING ORDER SHOULD TREAT ALL PARTIES IN THE SAME MANNER.

ARCH should be treated the same as the other parties in this case, and discovery limited to the jurisdictional, legal and venue defenses that ARCH has asserted in its Motion to Dismiss. The Court entered the Scheduling Order based upon *RCR's representation* of what ARCH would plead as defenses, without actual input from ARCH. RCR, with no basis for doing so, represented to this Court that ARCH would only raise defenses to the merits of the claim as opposed to jurisdictional and venue defenses. This Court considered competing Scheduling Orders submitted by the Plaintiffs and RCR on one hand, and COASTAL and other Defendants on the other hand. This Court entered its own Scheduling Order, and the Court's overall approach was consistent with COASTAL's and the Defendants' positions that the Court resolve *threshold* issues of jurisdiction and the adequacy of the pleadings ***before*** proceeding to discovery

on the merits of the claims. The Court's intention appears to be a conservative, step-by-step approach. First, determine threshold issues such as jurisdiction and the adequacy of the pleadings. Next, and only if the case still remains, consider how to proceed with discovery on the merits.

The one exception was in how the Court treated ARCH. Apparently in reliance on what RCR represented, and before ARCH had actually appeared and raised its threshold jurisdiction and venue defenses, the Scheduling Order singled out ARCH for discovery on the merits, instead of the limited discovery on threshold issues required of the other parties. ARCH does not believe that this was the Court's intention.

### II. DUE TO THE NATURE OF ARCH'S DERIVATIVE LIABILITY, THE SCHEDULING ORDER INADVERTENTLY REQUIRES ALL PARTIES TO CONDUCT DISCOVERY ON ALL ISSUES RELATED TO THE MERITS OF THEIR CLAIMS.

By ordering discovery as to all issues related to RCR's breach of Performance Bond claim against ARCH, the Scheduling Order carries the unintended consequence that the Plaintiffs, RCR, and COASTAL, as well as ARCH, must engage in full-blown discovery as to all issues on the merits. In rejecting the Plaintiffs' proposed order providing for discovery as to whether the parties were entitled to "summary judgment" as to their various claims or defenses, the Court seemed well aware that this was just a Trojan horse for full-blown discovery on the merits under the disguise of "legal issues." What this Court may not be aware of is that discovery on whether "summary judgment" is appropriate as to RCR's breach of contract claim and ARCH's defenses is exactly the same Trojan horse, but one that now opens the gates to discovery on the merits as to COASTAL and the Plaintiffs as well.

This consequence follows from the nature of ARCH's potential liability as surety to COASTAL. ARCH's potential liability to RCR is derivative of, and contingent upon Coastal's liability to RCR. *See First Sealord Sur. Inc. v. Suffolk Constr. Co.*, 995 So.2d 609 (Fla. 3d DCA 2008); *K.P. Meiring Constr., Inc. v. Northbay I and E, Inc.*, 761 So.2d 1221 (Fla. 2d DCA 2000). Thus, before RCR can recover against ARCH, RCR must prove that COASTAL breached the bonded construction contract.[2] This, in turn, requires litigation over all issues regarding the drywall at the Project.

But there is more. RCR's claim is, essentially, one for indemnification for damages that it might owe to the Plaintiffs.[3] Before RCR can recover against COASTAL or ARCH, the Plaintiffs must first recover against RCR. Thus, in order to reach ARCH, the litigation must show: (1) that Plaintiffs are entitled to recover from RCR; (2) that RCR is entitled to recover from COASTAL for breach of contract; and (3) that ARCH does not have independent surety defenses under its Bond or common law. The Scheduling Order's requirement that the parties conduct discovery as to whether "summary judgment" is appropriate as to these issues is no different from ordering full-blown discovery on the merits of the entire case.

*Finally, the Scheduling Order has opened the entire case up to discovery on the merits, before the threshold issues of RCR's liability to the Plaintiffs, and COASTAL's liability to RCR, can even been decided.* As between the Plaintiffs and RCR, RCR has a pending motion to stay

---

[2] In addition, sureties may have additional defenses under their bonds (such as breach of notice or right-to-cure provisions) or at common law (such as overpayment or misuse of project funds). Before these "surety defenses" come into play, however, the bond claimant must first prove a default under the bonded contract. ARCH has raised such defenses in the pending State litigation by RCR, but it is premature to raise such defenses in this case due to ARCH's defenses based on jurisdiction and venue.

[3] RCR's Third Party, through its attached Exhibits, shows that RCR's sole claim against ARCH is based on the damages alleged against RCR by the Hobbie Matter Plaintiffs.

these proceedings due the Plaintiffs' failure to comply with Florida statutory preconditions to suit.  Nor has RCR asserted any cross-claim against COASTAL for breach of contract (due to the pending stay motion).  How is RCR to litigate the merits of its claim against ARCH when RCR has no liability to the Plaintiffs, and COASTAL has no liability to RCR?

To prevent this impossible stratagem for litigating the case "backwards," Florida courts routinely hold that cases against sureties be stayed pending the outcome of litigation between the bond oblige and the bonded contractor. *See First Sealord Sur. Inc. v. Suffolk Constr. Co.*, 995 So.2d 609 (Fla. 3d DCA 2008); *K.P. Meiring Constr., Inc. v. Northbay I and E, Inc.*, 761 So.2d 1221 (Fla. 2d DCA 2000).  In fact, ARCH is entitled to assert all defenses on the merits of the claim that COASTAL has against RCR's claim.  *Id.*  Thus, there is no basis to force "merits" discovery upon ARCH in advance of "merits" discovery on COASTAL.  Since COASTAL has raised threshold defenses, and RCR has not even made a claim against COASTAL, RCR's subterfuge to litigate against COASTAL indirectly, by obtaining discovery as to ARCH, is improper.

Modifying the Scheduling Order to treat discovery as to ARCH the same as all the other parties – that is, as to ARCH's threshold jurisdiction venue defenses only, is consistent with how the Court has treated discovery in the Scheduling Order.  ARCH prays that the same standards be applied to the Third Party Complaint.

### III. IT IS NOT FEASABLE OR POSSIBLE FOR ALL PARTIES TO COMPLETE DISCOVERY ON THE MERITS BY DECEMBER, 2011.

This Court was careful to circumscribe its Scheduling Order to limit discovery to threshold legal issues.  The Court did not contemplate full discovery on the merits of the claims

MDL No. 3047
Case No. 2:10-cv-1113

from the Plaintiffs to RCR, from RCR to COASTAL, and from RCR to ARCH. This discovery would involve hundreds of depositions, an estimated hundreds of thousands of pages of documents, numerous experts, all of which would have to be completed in less than six months. Good cause exists to modify the Scheduling Order so that discovery as to ARCH, like the discovery as to the other parties, is limited to the threshold issues raised in ARCH's Motion to Dismiss.

## CONCLUSION

ARCH respectfully submits that this Court should modify its Scheduling Order so as to delete the requirement that discovery related to the merits of the claims against ARCH, or ARCH's potential defenses such claims, be completed within the time set forth in the Scheduling Order; and instead providing that discovery as to any factual issues with regard to the jurisdictional and venue defenses raised in ARCH's Motion to Dismiss be completed within the time set forth in the Scheduling Order.

ETCHEVERRY HARRISON LLP
Attorneys for Arch Insurance Company
150 South Pine Island Road
Suite 105
Fort Lauderdale, Florida 33324
Telephone: (954) 370-1681
Facsimile: (954) 370-1682


By: /s/ Edward Etcheverry
Edward Etcheverry
Fla. Bar No. 856517
Guy Harrison
Fla. Bar No. 368806

MDL No. 3047
Case No.  2:10-cv-1113

# CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email <u>or</u> hand delivery and email <u>and</u> upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 10th day of August, 2011.


By:  /s/ Edward Etcheverry
    Edward Etcheverry
    Fla. Bar No. 856517
    Guy Harrison
    Fla. Bar No. 368806