| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES AND | |
| *Payton, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:09-cv-07628 (E.D. La.)** | |
| *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*<br>**Case No. 2:10-cv-00361 (E.D. La.)** | |
| *Gross, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:09-cv-06690 (E.D. La.)** | |
| *Rogers, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:10-cv-00362 (E.D. La.)** | |
| *Amato, et al. v. Liberty Mutual Ins. Co., et al.*<br>**Case No. 2:10-cv-00932 (E.D. La.)** | |
| *Hernandez, et al. v. AAA Insurance, et al.*<br>**Case No. 2:10-cv-03070 (E.D. La.)** | |
| *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>**Case No. 2:11-cv-00080 (E.D. La.)** | |
| *Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 2:11-cv-00252 (E.D. La.)** | |
| *Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>**Case No. 2:11-cv-01077 (E.D. La.)** | |
| *Vickers, et al. v. Knauf Gips KG, et al.*<br>**Case No. 2:09-cv-04117 (E.D. La.)** | |

**ORDER PRELIMINARILY APPROVING AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT, CONDITIONALLY CERTIFYING CLASS, ISSUING CLASS NOTICE AND SCHEDULING FAIRNESS HEARING**

Upon consideration of the Joint Motion of proposed Class Counsel, the Plaintiffs' Steering Committee ("PSC"), Counsel for Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC ("Banner PSL"), Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies (collectively, "Banner"), and Counsel for Banner's insurers, Chartis,[1] FCCI,[2] Hanover,[3] and Maryland Casualty[4] (collectively, the "Insurers"), for Preliminary Approval of the Amended Stipulation and Agreement of Settlement and Conditional Certification of a Settlement Class brought pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e), it is hereby,

**ORDERED, ADJUDGED AND DECREED** that:

1. Capitalized terms used in this Order shall have the same meaning as those defined in the Amended Stipulation and Agreement of Settlement dated August 8 , 2011 (the "Settlement"), attached as Exhibit A to the Memorandum of Law in support of Joint Motions for Orders: (1) Preliminarily Approving the Amended Stipulation and Settlement; (2) Conditionally

---

[1]  "Chartis" includes Chartis Specialty Insurance Company (formerly known as "American International Specialty Lines Insurance Company"), Illinois National Insurance Co., National Union Fire Insurance Company of Pittsburgh, Pa., Commerce & Industry Insurance Co., and any other sister entities or entities related to the foregoing or to American International Group, Inc.

[2]  "FCCI" includes FCCI Insurance Company, FCCI Commercial Insurance Company, National Trust Insurance Company, FCCI Mutual Insurance Holding Company, FCCI Group, Inc., FCCI Insurance Group, Inc., Monroe Guaranty Insurance Company, FCCI Services, Inc., FCCI Advantage Insurance Company, Brierfield Insurance Company, and FCCI Agency, Inc.

[3]  "Hanover" includes Hanover American Insurance Company and Hanover Insurance Group, Inc.

[4]  "Maryland Casualty" includes Maryland Casualty Company and all companies in the Zurich North America group of insurance companies.

Certifying the Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Fairness Hearing (the "Memorandum of Law"). (R. Doc. 10033). Ex. A is also attached to this Order.

2.     The Settlement, including all exhibits attached thereto, is preliminarily approved by the Court as fair, reasonable and adequate; as negotiated and entered into at arm's length, in good faith, and free of collusion to the detriment of the Class; and as being within the range of possible judicial approval at a Fairness Hearing.  The Settlement and its exhibits are attached to this Order.

3.     The following nationwide settlement class is conditionally certified:

> All persons or entities with claims, known and unknown, against
> the Settling Defendants arising from, or otherwise related to,
> Chinese Drywall purchased from, supplied, distributed, marketed,
> used, sold and/or delivered by Banner.

4.     The following class representatives are appointed:  Dr. Robert Brown, Felix Diaz, Amelia De Jesus, Richard Sage, Villa at Oak Hammock, LLC, and WM Townhomes, LLC.

5.     Russ Herman, Arnold Levin, and Ervin A. Gonzalez are appointed as  Class Counsel, the Plaintiffs' Steering Committee ("PSC") is appointed as Of Counsel, and Dorothy H. Wimberly is appointed as Co-Class Counsel.

6.     An Allocation Committee is appointed to make a written recommendation to the Court as to: (i) a fair and equitable plan of allocation of the Settlement Funds; and (ii) the evidence that Class Members will need to provide as part of their Proof of Claim to submit a valid claim.  Russ Herman and Arnold Levin are appointed as Co-Chairs of the Allocation Committee, and Hilarie Bass, Neal A. Sivyer, Dorothy H. Wimberly, Charlie Long, Vanessa Serrano, Ervin A. Gonzalez, Michael J. Ryan, and Bruce William Steckler are appointed as members of the Allocation Committee.  By no later than _Nov. 17, _ 2011 [thirty days before close of opt out period], the Allocation Committee shall publish their written recommendation on the Court's website, http://www.laed.uscourts.gov/Drywall/Drywall.htm.

The Court has authority under Section 14.1 of the Settlement to establish a procedure for allocation of settlement funds.

7.     The opt-out procedure set forth in Section 6 of the Settlement is approved.

8.     The procedure for lodging objections to the Settlement as set forth in Section 7 of the Settlement is approved.

9.     The Class Notice attached is approved.

10.    The summary Class Notice attached is approved.

11.    The protocol for dissemination and publication of notice to Class Members concerning the Settlement, as set forth in Section 5 of the Settlement, is approved.

12.    On or before __Oct. 18__, 2011, Class Counsel shall cause the Class Notice attached to be:

   a.  Sent via first-class mail, postage prepaid, to the last known address of all Class Members who are identifiable through the Plaintiff Profile Forms and their counsel;

   b.  Sent via first-class mail, postage prepaid to the last known address of all Class Members with claims in all Related Actions and their counsel, including those Class Members ascertainable from Banner's records, such as the notices required by Fla. Stat. § 558 *et. seq.*;

   c.  Published in *Better Homes & Gardens* (Florida edition), *Florida Monthly, Parade Magazine* newspaper supplement (Florida edition), *People* (Florida edition), *USA Today*, and the *USA Weekend* newspaper supplement (Florida edition);

   d.  Published in the *Bradenton Herald*, *Citrus County Chronicle, Daytona Beach News-Journal, Fort Myers News-Press, Fort Walton Northwest Florida Daily News, Fort Lauderdale Sun Sentinel, Gainesville Sun,*

*Jackson County Floridian, Jacksonville Florida Times Union, Key West Citizen, Lake City Reporter, Lakeland Ledger, Melbourne Florida Today, Miami Herald, Naples Daily News, Ocala Star-Banner, Orlando Sentinel, Palatka Daily News, Palm Beach Post, Panama City News Herald, Pensacola News Journal, Port Charlotte Sun Newspaper, Sarasota Herald-Tribune, St. Augustine Record, St. Petersburg Times, Stuart Treasure Coast News, Tallahassee Democrat, Tampa Tribune*, and *The Villages Daily Sun*;

e.  Published in *Nuevos Ecos*, *Diario Las Americas*, *El Nuevo Herald*, *El Sentinel* (Orlando), *La Prensa* (Orlando), *Centro Tampa* (formerly *Centro Mi Diario*), *La Gaceta*, *Siete Dias* (*7 Dias*), *El Latino Semanal*, *El Semanario Accion* and *La Palma*;

f.  Provided in a press release distributed on national and Florida-focused wires;

g.  Published in internet banner ads on 24/7 Media Network and the AOL Network;

h.  Posted at the United States District Court, Eastern District of Louisiana, Florida courts, and the 34th Judicial District Court, Parish of St. Bernard;

i.  Posted at each courthouse in which the Related Actions are pending;

j.  Posted on the District Court's Chinese Drywall MDL website, the CPSC website, and the Florida Department of Health website;

k.  Posted at such other public places as may be ordered by the Court or by request of the Parties; and

l.     Posted as the Court may direct, in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

Where an attorney represents more than one Plaintiff or claimant with claims against Banner, it shall be sufficient to provide that attorney with a single copy of the notice.

13.     Any Class Member wishing to opt out of the Settlement must notify Plaintiffs' Lead Counsel, Arnold Levin (Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106), counsel for all Banner entities except Banner PSL, Michael A. Sexton (Weinberg Wheeler Hudgins Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326), counsel for all Banner entities, Michael P. Peterson (Peterson & Espino, P.A., 10631 S.W. 88th Street, Suite 220, Miami, FL 33186), and Co-Class Counsel, Dorothy H. Wimberly (Stone, Pigman, Walther, Wittmann, LLC, 546 Carondelet Street, New Orleans, LA 70130) in writing, postmarked no later than __Dec. 18__, 2011, which is sixty (60) days from the close of the Class Settlement Notice Period.  To be effective, the opt out notice must comply with Section 6 of the Settlement and must set forth the full name and current address of the Class Member seeking to opt out, be signed by the Class Member, and contain a sentence stating: "The undersigned hereby opts out of the Banner Settlement Class in the Chinese Drywall Action."

14.     All objections to the proposed Settlement shall be filed and served in compliance with Section 7 of the Settlement within sixty (60) days from the close of the Class Settlement Notice Period, i.e., postmarked no later than ___Dec. 18_____, 2011, or they will be deemed waived.  All objections must be signed by the individual Class Member and his or her counsel, if any.

15.     A Fairness Hearing shall take place on the 3rd day of __February__, 2012 at __9:00__ o'clock in the a.m.CST , in order to consider comments on and objections to the

6

proposed Settlement and to approve thereafter the Settlement as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

16.     The Parties have reserved all claims and defenses in this Litigation should the proposed Settlement not become final for any reason.

17.     Banner and its Insurers have reserved the right to contest certification of the Class should the proposed Settlement not become final for any reason.  If the proposed Settlement does not become final, the conditional certification of the Class will be null and void and the Related Actions will proceed as if there had been no settlement, conditional certification or notice.

18.     By participating in this Settlement, FCCI and Hanover have not consented to general or specific personal jurisdiction in Louisiana and are not precluded from challenging general or specific personal jurisdiction over them in Louisiana in any cases currently pending or that may be filed in the future, including, but not limited to, cases currently pending in, or that may be assigned to, filed in, or transferred to this Court.

This 11th day of August , 2011, at New Orleans, Louisiana

_____
ELDON E. FALLON
United States District Judge

TO THE CONDITIONAL SETTLEMENT CLASS, CONSISTING OF:

All persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY: YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM A FUND TO BE CREATED PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN IF YOU ARE A MEMBER OF THE CONDITIONAL SETTLEMENT CLASS AND NOT A SETTLING DEFENDANT.**

The purpose of this Notice is to inform you that:  (a) a class of which you may be a member has been conditionally certified for consideration of a proposed settlement with Banner and its Insurers; (b) an Amended Stipulation and Agreement of Settlement (the "Settlement"), which provides for the creation of a settlement fund (the "Settlement Funds") and dismissal of all actions as to Banner and its Insurers, was entered into on August _8_, 2011, and submitted to the Court for its approval; and (c) a hearing on the fairness, reasonableness, and adequacy of the proposed settlement will be held on _February 3, 2012_, in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, LA 70130.

Capitalized terms in this Notice have the same meaning as those defined in the Settlement.

<u>**Description of the Litigation**</u>

On June 15, 2009, the Judicial Panel on Multidistrict Litigation created MDL 2047 in order to consolidate lawsuits brought in several federal district courts in the Gulf Coast and mid-Atlantic regions of the United States by property owners whose homes or other properties were damaged by Chinese Drywall.  Plaintiffs sued the manufacturers of Chinese Drywall as well as homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, and distributors that were involved with Chinese Drywall, and their insurers.  Banner did not manufacture the defective drywall.  Banner merely distributed it.  Because Banner distributed defective Chinese Drywall, complaints were filed against Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies (collectively, "Banner"), and Banner's insurers, Chartis,[1] FCCI,[2] Hanover,[3] and Maryland Casualty[4] (collectively, the "Insurers"), as well as other

---

[1]  "Chartis" includes Chartis Specialty Insurance Company (formerly known as "American International Specialty Lines Insurance Company"), Illinois National Insurance Co., National Union Fire Insurance Company of Pittsburgh, Pa., Commerce & Industry Insurance Co., and any other sister entities or entities related to the foregoing or to American International Group, Inc.

[2]   "FCCI" includes FCCI Insurance Company, FCCI Commercial Insurance Company, National Trust Insurance Company, FCCI Mutual Insurance Holding Company, FCCI Group, (footnote continued)

defendants, including companies responsible for manufacturing Chinese Drywall. The Litigation seeks relief on behalf of a class of persons and entities with claims against all of these entities, including Banner and its Insurers, arising out of Chinese Drywall.

The complaints make claims based on strict liability; violations of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. §501.203, *et seq.*), other state and federal consumer protection laws, and laws against unfair trade practices; negligence; private and public nuisance; tort; equity and medical monitoring; breach of contract; loss of use; loss of enjoyment; personal injury and related statutory violations; bodily injury; indemnity; contribution; breach of express or implied warranty; redhibition; negligence per se; violation of the Louisiana New Home Warranty Act (La. R.S. 9:3141, *et seq.*), the Louisiana Products Liability Act (La. R.S. 9:28000.51, *et seq.*) and the Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 51:1401, *et seq.*); negligent discharge of a corrosive substance; unjust enrichment; breach of implied warranty of fitness and merchantability (Fla. Stat. § 718.203); breach of implied warranty of habitability; negligent misrepresentation; building code violations (Fla. Stat. § 553.84); and relief by way of subrogation, contractual indemnity, common law indemnity, and/or contribution against Banner.

Banner and its Insurers deny any wrongdoing whatsoever, and specifically deny having committed any violation of any law, claiming that the manufacturers are ultimately responsible for selling Banner products that they certified were safe and fit for use when in fact the products were defective. Banner's Insurers also deny coverage and liability for Banner's conduct. Banner and its Insurers likewise deny the existence of any class except for purposes of this Settlement, assert certain affirmative defenses, and deny any liability to any member of the Conditional Settlement Class.

The Court has not certified a class in the Litigation, other than conditionally for settlement purposes (the "Conditional Settlement Class"), and has made no determination that any class could be certified if the Litigation is not settled hereby. The Court has not determined the merits of any claims or defenses in the Litigation. This Notice does not imply that there has been any finding of any violation of the law by Banner or its Insurers that recovery could be had in any amount.

Counsel for the Conditional Settlement Class ("Class Counsel") entered into the Settlement after weighing the substantial benefits that the members of the Conditional Settlement Class will receive as a result of the Settlement against the probabilities of success and failure in securing any recovery from Banner or its Insurers by means of further litigation and delay. Class Counsel consider it to be in the best interests of the Conditional Settlement Class that all of the above-captioned actions and all other claims be settled in accordance with the terms of the Settlement

---

Inc., FCCI Insurance Group, Inc., Monroe Guaranty Insurance Company, FCCI Services, Inc., FCCI Advantage Insurance Company, Brierfield Insurance Company, and FCCI Agency, Inc.

[3] "Hanover" includes Hanover American Insurance Company and Hanover Insurance Group, Inc.

[4] "Maryland Casualty" includes Maryland Casualty Company and all companies in the Zurich North America group of insurance companies.

as to Banner and its Insurers and believe that the proposed Settlement is fair, reasonable, and adequate for the Conditional Settlement Class.

Although Banner and its Insurers deny all liability and the existence of any class (other than for settlement purposes) in the Litigation, Banner and its Insurers consider it desirable to settle the Litigation on the terms proposed, to avoid further expense and inconvenience.

## Summary of the Proposed Settlement

The Settlement is subject to, and becomes effective only upon, final approval by the United States District Court for the Eastern District of Louisiana (the "Court"), the Honorable Eldon E. Fallon presiding. Set forth below is a summary of the principal terms and conditions of the Settlement. The complete Settlement is on file with the Court; posted in the Clerk's offices at the United States District Courthouse for the Eastern District of Louisiana, Florida courts, and the 34th Judicial District Court, Parish of St. Bernard; published on the District Court's Chinese Drywall MDL website at http://www.laed.uscourts.gov/Drywall/Drywall.htm, the CPSC website, and the Florida Department of Health website; and available for your inspection as described below.

The Settlement provides for the contribution by Banner's Insurers, following final approval by the Court, of Settlement Funds in the aggregate amount of $53,081,572.30, representing all of the remaining insurance proceeds available to Banner, in full settlement of all claims of the Class Members against Banner or its Insurers arising from or otherwise related to Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner. For purposes of the Settlement, Chinese Drywall is defined as:

> any and all drywall products purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner alleged to be defective and manufactured, in whole or in part, in China, or that include components manufactured, in whole or in part, in China, including, but not limited to, drywall manufactured by Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Gebrueder Knauf Verwaltungsgesellschaft, KG; Guangdong Knauf New Building Materials Products Co., Ltd.; Beijing New Building Materials Public Ltd. Co.; Taishan Gypsum Co., Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Pingyi Zhongxin Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc.; and any other manufacturer of Chinese drywall.

In summary, Settlement Funds will be allocated to pay for and/or reimburse Class Members for the costs of remediating Affected Properties and other damages. The Court has appointed an Allocation Committee whose members include Attorneys Arnold Levin and Russ Herman as Co-Chairs, Hilarie Bass, Neal A. Sivyer, Dorothy H. Wimberly, Charlie Long, Vanessa Serrano, Ervin A. Gonzalez, Michael J. Ryan, and Bruce William Steckler. By no later than Nov. 17, 2011 [should be thirty days before close of opt out period], the Allocation Committee shall publish on the Court's website, http://www.laed.uscourts.gov/Drywall/Drywall.htm, their written recommendation as to: (i) a fair and equitable plan of allocation of the Settlement Funds; and (ii) the evidence that Class Members will need to provide as part of their Proof of Claim to submit a valid claim. Following approval of the Settlement, the Court will determine a fair and equitable

allocation of Settlement Funds, after considering the recommendation of the Allocation Committee, and Class Members will have an opportunity to comment on or object thereto. Parties that have intervened in the Litigation will also have standing to comment on allocation and an opportunity to participate in the allocation process. If the Court finally approves the Settlement, Proof of Claim forms will be mailed to Class Members and parties that have intervened who have not opted out of the Class. All Class Members who receive in excess of the MMSEA dollar threshold in effect at the time the Settlement is Final must provide the Insurers with their full name, date of birth, social security number, and gender, as well as any other information necessary for the Insurers to comply with their reporting obligations under the Medicare, Medicaid & SCHIP Extension Act of 2007.

The Settlement provides that the Plaintiffs' Steering Committee ("PSC") appointed by the Court, Class Counsel (but not Co-Class Counsel), common benefit attorneys, and private counsel for Class Members may petition the Court for an award of attorneys' fees constituting, in the aggregate, no more than 32% of the Settlement Funds, plus reimbursement of reasonable expenses, including the costs of Notice. However, the petitioning attorneys are permitted to seek a fee of 10% from those entities who recover from the Settlement Funds and are not represented by the PSC, have private counsel, and have actively pursued this Litigation. Application to the Court will subsequently be made for the fees and costs incurred in the administration of the Settlement Funds. Co-Class Counsel may petition the Court for reimbursement of reasonable expenses and an award of attorneys' fees at an agreed hourly rate consistent with her normal hourly rate for duties performed as Co-Class Counsel in connection with this Settlement. The Court will determine the allocation of any fees awarded. Such costs, expenses, and attorneys' and administration fees as the Court may award shall be paid out of the Settlement Funds. Banner and its Insurers will not be responsible for any payments beyond their initial contribution to the Settlement Funds.

### Conditional Class Certification

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, dated Aug. 11 , 2011, the Court has preliminarily approved the terms of the Settlement to the extent that this Notice is being sent to the Conditional Settlement Class, which has been determined by such Order to exist for settlement purposes only. The Conditional Settlement Class shall consist of:

> All persons or entities with claims, known or unknown, against the Settling Defendants arising from, or otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner.

The Court has not certified a class in the Litigation for any other purpose and has made no determination that any class could be certified if these litigations are not settled hereby. Although the Court has indicated such preliminary approval of the Settlement, this Notice is not an expression of any opinion by the Court as to the merits of the claims and defenses which have been asserted in the Litigation. If the Settlement is not finally approved, the conditional certification of the Conditional Settlement Class will be null and void, and the Litigation will proceed as if there had been no settlement, conditional certification, or notice.

## Opt Out Process

Class Members may opt out of the Class. If you elect to opt out, you will be excluded from sharing in the benefits of this Settlement and from the binding effect of final approval of this Settlement and dismissal of the Litigation as to Banner and the Settling Defendants.

**IF YOU DO NOT WISH TO OPT OUT, YOU DO NOT HAVE TO DO ANYTHING AT THIS TIME.**

To opt out, a written notice signed by the individual Class Member must be sent by first-class mail, post-marked on or before ___Dec. 18___, 2011, to Class Counsel, Arnold Levin, Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, counsel for all Banner entities except Banner PSL, Michael A. Sexton, Weinberg Wheeler Hudgins Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, counsel for all Banner entities, Michael P. Peterson, Peterson & Espino, P.A., 10631 S.W. 88th Street, Suite 220, Miami, FL 33186, and Co-Class Counsel, Dorothy H. Wimberly, Stone, Pigman, Walther, Wittmann, LLC, 546 Carondelet Street, New Orleans, LA 70130, who shall be obliged to file the opt out notice with the Court. The notice must set forth the full name and current address of the person electing to opt out and a sentence stating: "The undersigned hereby opts out of the Banner Settlement Class in the Chinese Drywall Action."

**IF YOU WISH TO PURSUE AN INDIVIDUAL CLAIM AGAINST BANNER OR ITS INSURERS BY LITIGATION, ARBITRATION, OR OTHERWISE, YOU MUST OPT OUT; OTHERWISE, IF THE SETTLEMENT IS APPROVED, YOU WILL NOT BE ABLE TO PURSUE CLAIMS AGAINST BANNER OR ITS INSURERS ARISING OUT OF, IN ANY MANNER RELATED TO, OR CONNECTED IN ANY WAY WITH CHINESE DRYWALL.**

Persons who opt out will not be entitled to share in the benefits of this Settlement nor will they benefit or be bound by further orders or judgments in the Litigation concerning the Settlement, if any. Banner and its Insurers have reserved the right to terminate or withdraw from the Settlement in the event any Class Member opts out.

## Settlement Hearing

Notice is further hereby given that, pursuant to the Court's Order, a hearing will be held in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, LA 70130, at _9:00_ a.m. on February 3, 2012  (the "Fairness Hearing"), for the purpose of determining whether the Settlement is fair, reasonable, and adequate and should be approved finally by the Court and the Litigation dismissed on the merits and with prejudice as to Banner and its Insurers. The Fairness Hearing may be adjourned from time to time by the Court without further notice.

**CONDITIONAL SETTLEMENT CLASS MEMBERS WHO DO NOT OPPOSE THE PROPOSED SETTLEMENT DO NOT NEED TO APPEAR AT THE HEARING OR FILE ANY PAPERS.**

You will be represented at the Fairness Hearing by Class Counsel, Russ Herman, telephone no. (504) 581-4892, Arnold Levin, telephone no. (215) 592-1500, Ervin A. Gonzalez, telephone no. (305) 476-7400, and Co-Class Counsel, Dorothy H. Wimberly, telephone no. (504) 593-0849,

unless you enter an appearance in person or through your own counsel. As a member of the Conditional Settlement Class, you will not be personally responsible for attorneys' fees, costs or disbursements except those of your own counsel.

Class Members may object to the Settlement, in whole or in part, by providing written notice of their intention to object, setting forth the reasons for such objections and, if applicable, the Class Member's intention to appear at the Fairness Hearing, in accordance with the following procedure. The objection must be signed by the Class Member and his or her counsel, if any. The objection must contain the caption of the Litigation and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the Class Member.

At the Fairness Hearing, any Class Member who has provided written notice of the intention to object to the Settlement may appear in person or by counsel and show cause why the Settlement should not be approved and why this action should not be dismissed on the merits with prejudice. Such Class Member may present any admissible evidence relevant to the issues to be heard, provided that such Class Member has timely provided any and all papers in opposition to the Settlement upon which the objection may be based. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Fairness Hearing.

Any intention to object, all related materials, and any admissible evidence sought to be presented at the Fairness Hearing must be mailed and post-marked by Dec. 18 , 2011, to Class Counsel, Arnold Levin, Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, counsel for all Banner entities except Banner PSL, Michael A. Sexton, Weinberg Wheeler Hudgins Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, counsel for all Banner entities, Michael P. Peterson, Peterson & Espino, P.A., 10631 S.W. 88th Street, Suite 220, Miami, FL 33186, and Co-Class Counsel, Dorothy H. Wimberly, Stone, Pigman, Walther, Wittmann, LLC, 546 Carondelet Street, New Orleans, LA 70130, who shall be obliged to file the objection, along with any submitted materials or evidence, with the Court.

Any Class Member who does not so object to the matters noted above shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to such matters.

## **Effect of Final Court Approval**

If the Settlement is approved, the Court will enter an Order and Judgment dismissing the Litigation on the merits with prejudice as to Banner and its Insurers and discharging Banner and its Insurers from all claims which were, or could have been, asserted by you or on your behalf arising from, concerning, or related to Chinese Drywall.

**IF YOU ARE A MEMBER OF THE CLASS, UNLESS YOU HAVE CHOSEN AFFIRMATIVELY TO OPT OUT OF THE CLASS, UPON COURT APPROVAL OF THE SETTLEMENT YOU WILL BE BOUND BY THE SETTLEMENT, INCLUDING THE JUDGMENT OF DISMISSAL.**

If the Court approves the Settlement, each Class Member who did not opt out of the Conditional Settlement Class will receive a Court Notice with final instructions and a Proof of Claim form in the mail.

## Examination of Papers

The foregoing is only a summary of the Litigation, the claims, and the Settlement.  The Settlement and documents incorporated therein, as well as the pleadings and other papers filed in the Litigation, may be inspected at the office of the Clerk of the Court, United States Courthouse, Room C-151, 500 Poydras Street, New Orleans, LA 70130, or during regular business hours at the offices of Class Counsel, Ervin A. Gonzalez, Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134, commencing on ____Aug. 11 ____, 2011.  Any papers Class Counsel and counsel for Banner and its Insurers shall file in support of the Settlement will be made available for inspection at these locations at the time they are filed.  Any questions that any person to whom this Notice is addressed may have with respect thereto or with respect to the right to opt out should be directed to Class Counsel, or his or her own counsel.

## Schedule of Important Dates

Beginning __August 11___, 2011            Settlement papers may be examined at the
                                          offices of Class Counsel Ervin A. Gonzalez

On or before ___December 18_____, 2011   Notice of Opt Out of the Settlement Class must
                                          be mailed to Arnold Levin, Michael A. Sexton,
                                          Michael P. Peterson, and Dorothy H.
                                          Wimberly

On or before __December 18 __, 2011       Objections to the Settlement must be mailed to
                                          Arnold Levin, Michael A. Sexton, Michael P.
                                          Peterson, and Dorothy H. Wimberly

February 3, 2012, at 9:00 a.m. central time.   Fairness Hearing at United States Courthouse
                                          for the Eastern District of Louisiana, 500
                                          Poydras Street, Room C-456, New Orleans,
                                          LA 70130


Dated: New Orleans, Louisiana
_____August 11 _____, 2011

/s/ ELDON E. FALLON
Judge, United States District Court
for the Eastern District of Louisiana

| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| --- | --- |

## SUMMARY NOTICE OF BANNER CLASS ACTION SETTLEMENT

**YOU MAY BE ENTITLED TO RECEIVE A SETTLEMENT PAYMENT IF YOU ARE A MEMBER OF THE CLASS CONSISTING OF:**

All persons or entities with claims, known and unknown, against Banner or its Insurers arising from, or otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner.

This Notice is only a summary.  A more detailed Class Notice may be obtained from Class Counsel Ervin Gonzalez, Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134, telephone number (305) 476-7400.

Capitalized terms in this Notice have the same meaning as those defined in the Banner Amended Settlement Agreement dated _Aug. 8,  2011.  The Settlement is posted on the District Court's Chinese Drywall MDL website at http://www.laed.uscourts.gov/Drywall/Drywall.htm, the CPSC website, and the Florida Department of Health website.

## Description of the Settlement

The Settlement is intended to resolve claims brought against Banner, as well as Chartis, FCCI, Hanover, and Maryland Casualty (collectively the "Insurers"), for Banner's purchase, supply, distribution, marketing, use, sale and/or delivery of Chinese Drywall that was used in the construction of properties in the United States.  Banner distributes drywall products manufactured by other companies.  Plaintiffs have filed complaints against Banner, its Insurers, and others to recover the costs of remediating properties damaged by Chinese Drywall and other damages.  Banner and its Insurers deny any wrongdoing whatsoever.  The Settlement will only resolve claims against Banner and its Insurers.

The Court has conditionally certified the class for settlement purposes only.  The Court has not determined the merits of any claims or defenses of the parties.  The Settlement will become effective only upon final approval by the Court.

If approved, Banner's Insurers will establish Settlement Funds of $53,081,572.30, which will be allocated to pay for costs of remediating Affected Properties and other damages.  The Settling Defendants are not permitted to receive any Settlement Funds, except as subrogees of Class Members.

All Class Members who receive in excess of the MMSEA dollar threshold in effect at the time the Settlement is Final must provide the Insurers with their full name, date of birth, social security number, and gender, as well as any other information necessary for the Insurers to comply with their reporting obligations under the Medicare, Medicaid & SCHIP Extension Act of 2007.

The Plaintiffs' Steering Committee, common benefit attorneys, and private counsel for Class Members are seeking, in the aggregate, attorneys' fees of no more than 32% of the Settlement Funds, plus reasonable expenses, including the costs of Notice. The Petitioning Attorneys may seek a fee of 10% from those entities who recover from the Settlement Funds, are not represented by the PSC, have private counsel, and have actively pursued this Litigation. Co-Class Counsel is entitled to petition the Court for reimbursement of reasonable expenses and an award of attorneys' fees at an agreed hourly rate consistent with her normal hourly rate for all time directly related to the Class Settlement.

## Opt-Out Notices

Class Members may opt out of the Class. If you elect to opt out, you will be excluded from sharing in the Settlement Funds. The procedure for electing to opt out is set forth in detail in the Class Notice. Opt-out notices must be post-marked on or before ___Dec. 18 ____, 2011.

## Fairness Hearing

A Fairness Hearing will be held in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, LA 70130, at 9:00 a.m central time, Feb. 3, 2012, to determine whether: the Settlement is fair, reasonable, and adequate and should be finally approved; the Class should be finally certified; and the Litigation should be dismissed with prejudice as to Banner and its Insurers.

At the Fairness Hearing, Class Members may object to the Settlement, provided that the procedure for objection set forth in the Class Notice is followed. To object, you must submit your written objections on or before ___Dec. 18 _____, 2011.

Any Class Member who does not timely object to the Settlement shall be deemed to have waived all objections.

## Effect of Final Court Approval

If the Settlement is approved, the Litigation will be dismissed with prejudice as to Banner and its Insurers. Litigation will continue against other defendants. Unless you opt out of the Settlement, upon Court approval you will be bound by the Settlement, including the judgment of dismissal.

Dated: New Orleans, Louisiana
_____August 11 _____, 2011

/s/ ELDON E. FALLON
Judge, United States District Court
for the Eastern District of Louisiana

# EXHIBIT "A"

## AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

It is hereby agreed and stipulated by and between the Parties as follows:

## 1. Definitions

### 1.1. Persons or Entities

1.1.1. "Banner" shall include all Banner entities, including, but not limited to, Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC ("Banner PSL"), Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies and all of their past and present owners, shareholders, officers, directors, agents, attorneys, employees, parents, associates, subsidiaries, divisions, affiliates, insurers, and all predecessors and successors, assigns, or legal representatives.

1.1.2. "Insurers" shall include Chartis, FCCI, Hanover, and Maryland Casualty.

1.1.2.1. "Chartis" shall include Chartis Specialty Insurance Company (formerly known as "American International Specialty Lines Insurance Company"), Illinois National Insurance Co., National Union Fire Insurance Company of Pittsburgh, Pa., Commerce & Industry Insurance Co., any other sister entities or entities related to the foregoing or to American International Group, Inc. and all past, present, and future officers, directors, board members, members, agents, attorneys, consultants, claim administrators, managers, employees, partners, parent corporations, sister corporations, subsidiaries, affiliated entities, related entities, divisions, heirs, associates, sureties, stockholders, shareholders, retail dealers, distributors, insurers, reinsurers, and all predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders of each of the foregoing.

1.1.2.2. "FCCI" shall include FCCI Insurance Company, FCCI Commercial Insurance Company, National Trust Insurance Company, FCCI Mutual Insurance Holding Company, FCCI Group, Inc., FCCI Insurance Group, Inc., Monroe Guaranty Insurance Company, FCCI Services, Inc., FCCI Advantage Insurance Company, Brierfield Insurance Company, FCCI Agency, Inc., and all past, present, and future officers, directors, board members, members, agents, attorneys, consultants, claim administrators, managers, employees, partners, parent corporations, sister corporations, subsidiaries, affiliated entities, related entities, divisions, heirs, associates, sureties, stockholders, shareholders, retail dealers, distributors, insurers,

1

reinsurers, and all predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders of each of the foregoing.

1.1.2.3. "Hanover" shall include Hanover American Insurance Company, Hanover Insurance Group, Inc., and all past, present, and future officers, directors, board members, members, agents, attorneys, consultants, claim administrators, managers, employees, partners, parent corporations, sister corporations, subsidiaries, affiliated entities, related entities, divisions, heirs, associates, sureties, stockholders, shareholders, retail dealers, distributors, insurers, reinsurers, and all predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders of each of the foregoing.

1.1.2.4. "Maryland Casualty" shall include Maryland Casualty Company, all companies in the Zurich North America group of insurance companies, and all past, present, and future officers, directors, board members, members, agents, attorneys, consultants, claim administrators, managers, employees, partners, parent corporations, sister corporations, subsidiaries, affiliated entities, related entities, divisions, heirs, associates, sureties, stockholders, shareholders, retail dealers, distributors, insurers, reinsurers, and all predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders of each of the foregoing.

1.1.3. The "Class" or "Class Members" shall include all persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner.

1.2. "Parties" shall mean any and all persons or entities identified in Section 1.1.

1.3. "Homeowner" shall mean any current or former owner of an Affected Property, whether the Affected Property is remediated, is in the process of being remediated, is foreclosed upon or whose title has otherwise been impaired, and any family members, licensees, invitees, renters, and lessees.

1.4. "Affected Property" shall mean any real or personal property, residential or commercial, containing Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner.

1.5. The "Banner Insurance Policies" shall mean:

1.5.1. The "Chartis Policies" shall mean those policies of insurance identified in Exhibit A; and

2

1.5.2. The "Other Banner Insurance Policies" shall mean those policies of insurance identified in Exhibit B.

1.6.  "Chinese Drywall" shall mean any and all drywall products purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner alleged to be defective and manufactured, in whole or in part, in China, or that include components manufactured, in whole or in part, in China, including, but not limited to, drywall manufactured by Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Gebrueder Knauf Verwaltungsgesellschaft, KG; Guangdong Knauf New Building Materials Products Co., Ltd.; Beijing New Building Materials Public Ltd. Co.; Taishan Gypsum Co., Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Pingyi Zhongxin Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc.; and any other manufacturer of Chinese drywall.

1.7.  "Class Representatives" shall mean Dr. Robert Brown, Felix Diaz, Amelia De Jesus, Richard Sage, Villa at Oak Hammock, LLC, and WM Townhomes, LLC.

1.8.  The "Plaintiffs' Steering Committee" (PSC) shall mean the group of plaintiffs' counsel appointed by the Honorable Eldon E. Fallon to manage and administer the affairs of all plaintiffs in MDL No. 2047 and to assist the Court in administering its docket. The PSC, as currently constituted, is described by Pretrial Order No. 8A (Rec. Doc. No. 6960).

1.9.  "Counsel" shall mean:

1.9.1. Class Counsel shall mean Russ Herman of Herman Herman Katz & Cotlar LLP, 820 O'Keefe Avenue, New Orleans, LA 70113, Arnold Levin of Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, and Ervin A. Gonzalez of Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134. Co-Class Counsel shall mean Dorothy Wimberly of Stone Pigman Walther Wittmann LLC, 546 Carondelet Street, New Orleans, LA 70130.

1.9.2. As to the PSC, those counsel participating in the PSC as more fully identified in Section 1.8.

1.9.3. As to Chartis, Jane M. Byrne of Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010.

1.9.4. As to FCCI, Robert M. Darroch of Goodman, McGuffey, Lindsey & Johnson, 3340 Peachtree Road NE, Suite 2100, Atlanta, GA 30326.

1.9.5. As to all Banner companies, other than Banner PSL, Michael A. Sexton, of Weinberg Wheeler Hudgins Gunn & Dial LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta GA, 30326.

3

1.9.6. As to Banner PSL, Michael P. Peterson, of Peterson Espino, P.A., 10631 North Kendall Drive, Suite 220, Miami, FL 33176.

1.9.7. As to Maryland Casualty, Stephen Berry of McKenna Long & Aldridge, LLP, 303 Peachtree Street, NE, Suite 5300, Atlanta, GA 30308.

1.9.8. As to Hanover, John Malloy of Robinson & Cole LLP, 280 Trumbull Street, Hartford, CT 06103.

1.10. The "Court" shall mean the Honorable Eldon E. Fallon who presides over *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047, in the Eastern District of Louisiana.

1.11. "Litigation" shall mean *Payton, et al. v. Knauf Gips, KG, et al.*, Case No. 2:09-cv-07628 (E.D. La.) (Omnibus I, I(A), I(B), and I(C)); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No. 2:10-cv-00361 (E.D. La.) (Omnibus II, II(A), II(B), and II(C)); *Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 2:09-cv-6690 (E.D. La.) (original complaint, Omnibus III and III(A)); *Rogers, et al. v. Knauf Gips, KG, et al.*, Case No. 2:10-cv-00362 (E.D. La.) (Omnibus IV, IV(A), IV(B), and IV(C)); *Amato, et al. v. Liberty Mut. Ins. Co., et al.*, Case No. 2:10-cv-00932 (E.D. La.) (Omnibus V); *Hernandez, et al. v. AAA Ins., et al.*, Case No. 2:10-cv-3070 (E.D. La.) (Omnibus VI); *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 2:11-cv-00080 (E.D. La.); *Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, Case No. 2:11-cv-00252 (E.D. La.); *Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. et al.*, Case No. 11-cv-1077 (E.D. La.); *Vickers, et al. v. Knauf Gips KG, et al.*, Case No. 2:09-cv-04117 (E.D. La.); and all other Related Actions as set forth in Exhibit C.

1.12. "Insurance Proceeds" shall mean $53,081,572.30 which represents (a) as to Chartis, sixty-one million ($61,000,000) dollars, reflecting fifty-five million ($55,000,000) dollars, which are the limits of the Chartis Triggered Policies, plus six million ($6,000,000) dollars in proceeds from Hanover's policies identified in Exhibit B, less Prior Settlements and Pending Settlements; (b) as to FCCI, two million ($2,000,000) dollars; and (c) as to Maryland Casualty, three million ($3,000,000) dollars.

1.13. "Pending Settlements" shall mean seven (7) confidential settlements entered into, but not yet fully documented, by Banner as of the date of the Preliminary Approval Order, releasing claims against Banner and Chartis relating to Chinese Drywall in exchange for payment of $6,629,310.00 of Banner's gross insurance assets. A list identifying the Pending Settlements will be filed with the Court under seal.

1.14. "Prior Settlements" shall mean those five (5) confidential settlements entered into by Banner with executed settlement agreements releasing claims against Banner and Chartis related to Chinese Drywall in exchange for payment of $6,289,117.70

4

of Banner's gross insurance assets. The Prior Settlements will be filed with the Court under seal.

1.15. "Released Claim" or "Released Claims" shall mean any and all claims as more fully identified in Section 3.1 *et seq.*

1.16. "Related Actions" shall mean state, federal, international tribunal, or arbitration claims against Settling Defendants relating to Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner, including, but not limited to, the matters identified in Exhibit C hereto.

1.17. "Related Claims" shall mean unlitigated claims against Settling Defendants related to Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner.

1.18. The "Settlement" shall mean this Amended Stipulation and Agreement of Settlement and all of the attached exhibits incorporated herein by reference.

1.19. "Settling Defendants" shall mean Banner, Chartis, FCCI, Hanover, and Maryland Casualty.

1.20. The Triggered Policies shall mean (a) Chartis policies BE 9300273, BE 8688025, BE 5543482, and 7606364; (b) Maryland Casualty policy PPS 42534587-02; (c) FCCI policies GL0004593-1 and UMB0004524-1; and (d) Hanover policies ZZJ 8740164-00, ZZJ 8740164-02, and ZZJ 8740164-03.

## 2. **Effective Date**

2.1. The "Effective Date" of this Settlement shall be the date when the Settlement is Final. "Final" means:

2.1.1. If no objections to the Settlement are filed, or if any objections are filed and voluntarily withdrawn prior to entry of the Order and Judgment, then the date thirty (30) days following the approval by the Court of the Order and Judgment and its entry onto the Court's docket if there is no appeal; or

2.1.2. If any objections are filed and not voluntarily withdrawn prior to the entry of the Order and Judgment, or if there is an appeal, then the later of: (a) the expiration of time to file or notice any appeal or move for re-argument from the Court's Order and Judgment approving this Settlement; or (b) the date of final resolution of any appeals therefrom.

## 3. **Release**

3.1. "Released Claim" or "Released Claims" shall mean any and all claims against Banner, and any and all claims arising out of or related to the Banner Insurance Policies as to all Settling Defendants (a) arising out of, in any manner related to, or connected in any way with Chinese Drywall, or the collective mitigation of,

response to, and/or recovery from the damage caused by Chinese Drywall and/or any act and/or failure to act related in any way to any of the foregoing, including but not limited to, the ownership, use, rental, occupancy, design, construction, maintenance, and/or inspection of the Affected Properties and/or (b) for any and all losses, damages and/or injuries arising from, in any manner related to, or connected in any way with all and/or any of the foregoing, including but not limited to, any and all claims that a Class Member has, may have, or may have had, regardless of whether such claim is known or unknown, filed or unfiled, asserted or as yet unasserted, or existing or contingent, whether asserted by petition, complaint, cross-claim, third party complaint, arbitral demand, written demand, or otherwise (or any judgment or order entered on such claims), based upon or alleging any act, conduct, status or obligation of any person or entity (including the Settling Defendants) and/or any source of liability whatsoever, and regardless of the legal theory or theories of damages involved. Notwithstanding the above, the only parties released are those persons or entities defined as Settling Defendants. This Settlement does not provide complete compensation to redress all Class Members' damages and therefore Class Members' claims are reserved against the non-settling defendants named in the Omni Complaints pending in MDL No. 2047. The term "Released Claim" or "Released Claims" includes, but is not limited to, the following claims arising out of, in any manner related to, or in any way connected with, Chinese Drywall, the Litigation, or other Related Actions:

3.1.1. For personal injury, bodily injury (including death), property damage, remediation and/or clean-up of property, diminution of property value, groundwater contamination, loss of use, loss of enjoyment, economic loss, fear, fear of illness or disease, fear of developing illness or disease, fright, mental distress, pain and suffering, loss of earnings, impairment of earning capacity, loss of consortium, loss of support, loss of love and affection, equity and medical monitoring, bystander liability, wrongful death, survival actions, breach of contract, all statutory claims, punitive or exemplary damages, attorneys' fees, attorneys' costs or expenses, moving expenses, or additional rental or mortgage payments;

3.1.2. For nuisance, trespass, inconvenience, loss of use or enjoyment, negligence, negligence *per se*, tort, public or private nuisance, custody of a thing containing a vice or defect, strict liability, liability for ultrahazardous activities or conduct, absolute liability, wanton and reckless misconduct, malicious misconduct, servitude or obligation of vicinage, abuse of right, or any other liability legally asserted or assertable under any federal, state, or local statute, directive or regulation, redhibition, violation of Louisiana New Home Warranty Act, Louisiana Products Liability Act (La. R.S. 9:28000.51 *et. seq.*), Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 51:1401 *et. seq.*), negligent discharge of a corrosive substance, unjust enrichment, breach of express or implied warranty, breach of implied warranty of fitness and merchantability (such as under Fla. Stat. § 718.203), breach of implied warranty of habitability,

negligent misrepresentation, building code violations (such as under Fla. Stat. § 553.84), or fraud;

3.1.3. For damages or alleged damages resulting in whole or in part from exposure of the Class or Class Members or property of the Class Members to hazardous or allegedly hazardous, toxic, dangerous or harmful substances;

3.1.4. For all personal injury and related statutory violations;

3.1.5. For bad faith damages, extra-contractual damages and punitive damages against all Settling Defendants;

3.1.6. For any claims under La. R.S. 22:1892, La. R.S. 22:1269, or La. R.S. 22:1973;

3.1.7. For any claims under Fla. Stat. § 501.201 *et. seq.*, Fla. Stat. § 624.155, Fla. Stat. § 626.951 *et. seq.*, Fla. Stat. § 672.314, or Fla. Stat. § 718.203;

3.1.8. For any claims under the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. §501.203 *et. seq.*) or any other state or federal Consumer Protection laws or for unfair trade practices;

3.1.9. For any claims under any state or federal law, rule or regulation;

3.1.10. For derivative or vicarious liability arising out of the conduct or fault of others for which the Settling Defendants may be responsible;

3.1.11. For any right legally assertable by the Class or any Class Member now or in the future, whether the claim is personal to each individual, is derivative of a claim now or in the future, or as assignee, successor, survivor, beneficiary, subrogee, or representative of a Class Member;

3.1.12. For a past, present, future, known, unknown, foreseen, unforeseen, contingent, nascent, mature claim or a claim arising at law, in equity or otherwise, including but not limited to, claims for survival and wrongful death;

3.1.13. For any claim, right, or action arising out of, based on, or relating to any body of law whatsoever;

3.1.14. For all injuries or damages of any type, nature, or character arising from, attributable to, or in any way resulting from the Chinese Drywall;

3.1.15. For any conduct of any of the Settling Defendants with respect to Chinese Drywall or the Litigation; however, this provision shall not prevent or impede the enforcement of claims or entitlements to benefits under this Settlement.

3.1.16. For any claim, known or unknown, for contribution, subrogation, or indemnity, contractual or otherwise, arising out of, attributable to, or in any way related to Chinese Drywall.

3.1.17. For any further claims and/or liabilities arising out of, or otherwise relating to, the purchase, sale, supply, storage, handling, marketing, distribution, and/or use of Chinese Drywall, including, but not limited to, punitive damages, fines, interest, attorneys' fees, and costs of any nature.

3.2. This Settlement does not release any claims whatsoever that the Settling Defendants may have against third parties arising out of, in any manner related to, or connected in any way with Chinese Drywall, including claims against Knauf Gips KG; Gebrueder Knauf Verwaltungsgesellschaft, KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; and Guangdong Knauf New Building Materials Products Co., Ltd.; Beijing New Building Materials Public Ltd. Co.; Taishan Gypsum Co., Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Pingyi Zhongxin Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc.; and any other manufacturer or entity related to a manufacturer of Chinese drywall. The Parties will not interfere with and will reasonably cooperate with the Settling Defendants' rights or efforts to assert claims and obtain recoveries against third parties arising out of, in any manner related to, or connected in any way with Chinese Drywall.

3.3. **Class Release**

3.3.1. As of the Effective Date of the Settlement, and with the approval of the Court, all Class Members, and anyone claiming by, through, and/or on behalf of any of them, hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel any and all Released Claims (as defined in Section 3.1) against the Settling Defendants, including (but not limited to) those asserted, or that could have been asserted, in the Litigation, the Related Actions, and/or the Related Claims. Nothing herein is intended to release, waive, discharge, surrender, forego, give up, abandon, and cancel any claims that a Class Member has or may have against one or more of the Insurers under any insurance policy that is not one of the Banner Insurance Policies (as defined in Section 1.5).

3.3.2. As of the Effective Date of the Settlement, all Class Members, and anyone claiming by, through and/or on behalf of any of them, will be forever barred and enjoined from asserting any and/or all Released Claims against the Settling Defendants.

3.3.3. The execution of the Settlement shall not be construed as a release of any claims the Class Members may have against any person and/or entity other than the Settling Defendants. All Class Members reserve all claims

(including, but not limited to, any and all rights and causes of action, no matter how arising, under any ordinance, code, law, statute, federal or state, pending or dismissed, known or unknown) against any person and/or entity other than the Settling Defendants named, or who could have been named, in the Related Actions.

3.3.4. Except for any obligations that one or more of the Insurers may have under any insurance policy that is not one of the Banner Insurance Policies (as defined in Section 1.5), the Settling Defendants shall have no further liability in connection with the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the Banner Insurance Policies.

3.3.5. As of the Effective Date of the Settlement, a Class Member receiving an allocated recovery under Section 14 for an Affected Property or for bodily injury shall: (i) defend, indemnify, and hold harmless each of the Settling Defendants, but only up to the amount of the allocated recovery for that Affected Property, from and against (a) any and all claims involving that Affected Property brought or otherwise asserted by, on behalf of, through, or deriving from such Class Member's heirs, executors, representatives, attorneys or former attorneys, successors, employers, insurers, employers' insurers, health insurers, health care providers, assignees, subrogees, predecessors in interest, successors in interest, beneficiaries or survivors; and (b) any claims for contribution, common law indemnity, contractual indemnity, and/or subrogation, whether arising under tort, contract or otherwise, brought or otherwise asserted against the Settling Defendants as a result of such Class Member's continued pursuit of claims related to that particular Affected Property; and (ii) reduce or satisfy any judgment involving that Affected Property against the Settling Defendants under applicable state law, whether it be *pro rata*, *pro tanto*, and/or by set off, but only up to the amount of the allocated recovery received by such Class Member for that particular Affected Property, to reduce or extinguish any claims for contribution, indemnity, common law or contractual, and/or subrogation, whether arising under tort, contract or otherwise, brought or otherwise asserted against the Settling Defendants as a result of such Class Member's continued pursuit of claims related to that particular Affected Property. Under no circumstances shall a Class Member's obligations under this Section 3.3.5 exceed the Class Member's allocated recovery under Section 14 for any particular Affected Property.

3.3.6. To the extent that any entity or person other than Banner may have, or may assert that it has (whether by way of being an additional insured, any other insured, third-party beneficiary or otherwise) any rights (including, but not limited to, rights to defense or for indemnification) under the Banner Insurance Policies, the Class and each of the Class Members shall release all such rights and will not seek to assert those rights against the Settling Defendants, whether by assignment, or subrogation, or otherwise.

3.3.7. It is expressly understood and agreed that the Release shall extend to any claim, demand, cause of action, right of action, liability, lien, or judgment demand regardless of the legal basis for that claim, demand, cause of action, right of action, liability, lien, or judgment demand asserted by any person or entity to the extent related to the Released Claims against any Settling Defendant. In particular, the Class Members expressly bind themselves to the foregoing regardless of whether the claim, demand, suit, liability, lien, judgment, cause of action, or right of action is based on or related to (a) the negligence of any of the Settling Defendants, sole or concurrent; (b) the strict liability of any of the Settling Defendants under any theory whatsoever; (c) the absolute liability of any of the Settling Defendants; (d) the wanton, reckless, or willful misconduct of any of the Settling Defendants; (e) any actual, alleged or purported right, asserted by any Settling Defendant or any Class Member under a policy of insurance issued by one or more Insurers; or (f) any other basis whatsoever.

3.3.8. Class Members retain and do not release, waive or abandon the right to raise as a defense in any action that a Settling Defendant is wholly, partially, individually, jointly or severally liable, and/or otherwise liable and/or responsible for all or a portion of a verdict, judgment or award, and Class Members retain and do not release, waive or abandon the right to a set-off, credit, or reduction of the amount of any verdict, judgment or award by a percentage of fault allocated to any Settling Defendant.

## 3.4. Banner Release

3.4.1. Upon the Settlement becoming Final, Banner and/or any person who or which derives any right or claim from, by and/or through Banner, hereby (i) releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits, and forever discharges any and all claims whatsoever against Chartis, FCCI, and Maryland Casualty, which claims arise out of, or are related in any way to, Chinese Drywall, the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the Banner Insurance Policies, including, but not limited to, (a) all claims for insurance coverage, indemnity, "duty to defend," bad faith claims, and/or extra-contractual liability of any kind, which claims arise under Florida law, the law of any other state, or any other law (including common law) and (b) any and all past, present, and/or future claims arising out of, or related to indemnity obligations, duty to defend, claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent investigation, breach of warranty, failure to warn, breach of implied warranty, breach of good faith and fair dealing, bad faith, negligent or intentional interference with contractual relationships, deceptive trade practices, unfair trade practices, unfair settlement practices, conduct in violation of any insurance code, claims under La. R.S. 22:1220, Fla. Stat. § 501.201, *et. seq.*; Fla. Stat. § 624.155; Fla. Stat. § 626.951 *et. seq.*; Fla. Stat. § 672.314; Fla. Stat. § 718.203, or any other alleged misconduct,

omission, or wrongdoing of any kind and (ii) agrees and stipulates (a) that the aggregate policy limits under the Triggered Policies individually and collectively, have been exhausted, and (b) that Chartis, FCCI, and Maryland Casualty have no further duty to defend and/or indemnify Banner, or any person or persons, entity or entities under the Banner Insurance Policies specifically identified in Schedules A and B, individually and/or collectively, for the Released Claims. Until the Settlement is Final, Chartis, FCCI, and Maryland Casualty shall, where applicable, and consistent with the defense obligations previously undertaken on behalf of Banner, continue to defend Banner in connection with covered claims arising out of, or in any way related to, Chinese Drywall, including, but not limited to, the Litigation, Related Actions, and Related Claims.

3.4.2. Banner represents and warrants that it has not assigned and will not assign any claims it may possess against any Insurer to any person or entity except as set forth in Section 12.

3.4.3. Banner acknowledges that it has previously released Hanover of and from all liability and/or obligations under the Hanover policies identified in Section 1.20, and that such release (the "Prior Banner-Hanover Release") shall remain in force and effect whether or not the Settlement becomes Final. Nothing contained herein is intended to nullify or void the Prior Banner-Hanover Release.

## 3.5. **Mutual Release**

3.5.1. Upon the Effective Date of the Settlement, each Insurer for itself and each and all of its past, present, and future employees, attorneys, officers, directors, agents, shareholders, stockholders, subsidiaries, consultants, insurers, claims administrators, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns shall release, remise, acquit, and discharge each and every other Insurer, and each and all of their respective past, present, and future employees, attorneys, officers, directors, agents, stockholders, subsidiaries, consultants, insurers, claims administrators, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns, from any and all manner of actions, claims, demands, causes of action, or liabilities related to Banner and the Banner Insurance Policies, including but not limited to those for subrogation, implied or express indemnification, contribution, insurance coverage, "duty to defend," bad faith, conduct in violation of any insurance code, extra-contractual liability, and/or any other alleged misconduct, omission, or wrongdoing of any kind, of whatever nature or source, known or unknown, that the Insurer ever had, now has, could have had, may have in the future, or that it may acquire, against each and every

other Insurer hereto. Each Insurer each shall provide every other Insurer with the release set forth in Exhibit F.

3.5.2. The Insurers' subrogation rights under the Banner Insurance Policies, any other policy, or under law or equity, are preserved and are not released or affected in any way by this Settlement. Unless one of the Insurers' insureds opts out of the Settlement, the Insurers shall be able to make subrogation claims only against the Settlement Funds like any other claimant. In the event that an Insurers' insured having claims against Banner opts out of the Settlement, then the Insurer shall have whatever legal, equitable or contractual rights to subrogation as may exist and nothing contained in this Release shall bar or limit those claims.

3.5.3. Upon the Effective Date of the Settlement, each Insurer for themselves and each and all of their past, present, and future employees, attorneys, officers, directors, agents, shareholders, stockholders, subsidiaries, consultants, insurers, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns shall release, remise, acquit, and discharge Banner, its past, present, and future employees, attorneys, officers, directors, agents, stockholders, subsidiaries, consultants, insurers, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns, from any and all manner of actions, claims, demands, causes of action, or liabilities related to the Banner Insurance Policies, the Related Claims, the Related Actions, the Litigation, or any claims in connection with Chinese Drywall, including but not limited to those for subrogation, implied or express indemnification, contribution, failure to cooperate in the investigation of any claims, the inability to seek damages from any third parties for monies paid to settle and/or resolve claims, bad faith and/or any other alleged misconduct, omissions, or wrongdoing of any kind, of whatever nature or source, known or unknown, that each Insurer ever had, now have, could have had, may have in the future, or that they may acquire, against Banner. Each Insurer shall provide Banner with the release set forth in Exhibit G.

3.5.4. Upon execution of this Settlement, the Parties shall also execute the Releases set forth in Exhibits D, E(1), E(2), E(3), F, and G, which Releases shall become effective when the Settlement is Final.

## 4. Certification of Federal Rule of Civil Procedure 23(b)(3) Settlement Class and Related Motions

4.1. This Settlement shall be subject to approval of the Court.

4.2. Upon receipt of executed letters from (i) Banner; (ii) Chartis; (iii) Hanover; (iv) FCCI; and (v) Maryland Casualty accepting the terms of this Settlement,

4.2.1. Within ten (10) days, the PSC will move for preliminary certification of a Class and an Order Preliminarily Approving the Settlement (the "Preliminary Approval Order").

4.2.2. The PSC shall file a separate motion, which the Settling Defendants shall join, seeking the following Orders, which are to remain in force until the issuance of the Order and Judgment:

4.2.2.1. Approval of an Order to stay all future payments from Banner Insurance Policies, other than payments in satisfaction of the Settling Defendants' obligations under the Prior Settlements or Pending Settlements;

4.2.2.2. Approval of an Order or Orders to stay all claims as to all Settling Defendants in the Litigation, the Related Actions, and all Related Claims;

4.2.2.3. Approval of an Order or Orders staying and enjoining all claims and cases in which any person or entity claims to be an insured, additional insured, third-party beneficiary, or named insured under any insurance policy issued to any Banner entity.

4.3. Any one of the Settling Defendants shall have the right to withdraw from the Settlement if the Court does not issue any of the requested orders or if the Class is not certified.

4.4. The Parties will stipulate to the Court in the request for entry of the Preliminary Approval Order that (i) the Class is being certified for settlement purposes only pursuant to the Settlement, (ii) the Settling Defendants reserve the right to object to certification in the event this Settlement is terminated for any reason, including termination pursuant to Section 11, and (iii) this Settlement shall have no precedential effect with regard to certification of a litigation class that may arise if this matter is not fully and completely resolved through this settlement effort, or otherwise.

## 5. Notice to Class Members

### 5.1. Type of Notice Required

5.1.1. Upon preliminary certification of the Class, the PSC will disseminate the Class Settlement Notice ("Notice") by:

5.1.1.1. First-class mail, postage prepaid, to the last known address of all Class Members who are identifiable through the Plaintiff Profile Forms and their counsel;

5.1.1.2. First-class mail, postage prepaid, to the last known address of all Class Members with claims in all Related Actions and their

counsel, including those Class Members ascertainable from Banner's records, such as the notices required by Fla. Stat. § 558 *et. seq.*;

5.1.1.3. Publication in *Better Homes & Gardens* (Florida edition), *Florida Monthly*, *Parade Magazine* newspaper supplement (Florida edition), *People* (Florida edition), *USA Today*, and the *USA Weekend* newspaper supplement (Florida edition);

5.1.1.4. Publication in the *Bradenton Herald, Citrus County Chronicle, Daytona Beach News-Journal, Fort Myers News-Press, Fort Walton Northwest Florida Daily News, Fort Lauderdale Sun Sentinel, Gainesville Sun, Jackson County Floridian, Jacksonville Florida Times Union, Key West Citizen, Lake City Reporter, Lakeland Ledger, Melbourne Florida Today, Miami Herald, Naples Daily News, Ocala Star-Banner, Orlando Sentinel, Palatka Daily News, Palm Beach Post, Panama City News Herald, Pensacola News Journal, Port Charlotte Sun Newspaper, Sarasota Herald-Tribune, St. Augustine Record, St. Petersburg Times, Stuart Treasure Coast News, Tallahassee Democrat, Tampa Tribune,* and *The Villages Daily Sun*;

5.1.1.5. Publication in *Nuevos Ecos, Diario Las Americas, El Nuevo Herald, El Sentinel* (Orlando), *La Prensa* (Orlando), *Centro Tampa* (formerly *Centro Mi Diario*), *La Gaceta, Siete Dias* (*7 Dias*), *El Latino Semanal, El Semanario Accion* and *La Palma*;

5.1.1.6. Providing a press release distributed on national and Florida-focused wires;

5.1.1.7. Publication in internet banner ads on 24/7 Media Network and the AOL Network;

5.1.1.8. Providing a copy of the Notice and requesting that it be posted at the United States District Court, Eastern District of Louisiana, Florida courts, and the 34th Judicial District Court, Parish of St. Bernard;

5.1.1.9. Providing a copy of the Notice and requesting that it be posted at each courthouse in which the Related Actions are pending;

5.1.1.10. Providing a copy of the Notice and requesting that it be posted on the District Court's Chinese Drywall MDL website, the CPSC website, and the Florida Department of Health website;

5.1.1.11. Providing a copy of the Notice and requesting that it be posted at such other public places as may be ordered by the Court or by request of the Parties; and

5.1.1.12. As the Court may direct, in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

### 5.2. Class Settlement Notice Period

5.2.1. The "Class Settlement Notice Period" shall close 35 days after the issuance of the Preliminary Approval Order.

5.2.2. All obligations established by Section 5.1 shall be completed within the Class Settlement Notice Period.

### 5.3. Payment for Notice

5.3.1. The PSC shall be solely responsible for advancing the cost of providing notice, subject to the right of recovery set out in Section 14.5.

### 5.4. Duty to Monitor

5.4.1. All persons should be on notice of their continuing duty to monitor the Court's docket for the most current filings and information. The Court, in its discretion, may alter, postpone or amend any of the deadlines scheduled in this Settlement without additional formal notice. Orders of any such changes are expected to be presented on the Court's website: http://www.laed.uscourts.gov/Drywall/Drywall.htm.

## 6. Opt-Out

### 6.1. Opt-Out Period

6.1.1. Upon close of the Class Settlement Notice Period, Class Members will have sixty (60) days (or such different period as the Court may direct) to opt out of the Settlement in accordance with Section 6.2. At the end of the sixty (60) day period (and provided the Settlement is finally approved by the Court), all Class Members who have not opted out of the Class will be deemed to be bound by the Settlement, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged by the Class.

### 6.2. Opt-Out Process

6.2.1. Any Class Member wishing to opt out of the Settlement must notify Plaintiffs' Lead Counsel, Arnold Levin (Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106), Co-Class Counsel, Dorothy Wimberly (Stone Pigman Walther Wittmann LLC, 546 Carondelet Street, New Orleans, LA 70130), counsel for all Banner entities except Banner PSL, Michael A. Sexton (Weinberg Wheeler Hudgins Gunn & Dial LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta GA, 30326), and counsel for all Banner entities, Michael P.

Peterson (Peterson & Espino, P.A., 10631 S.W. 88th Street, Suite 220, Miami, FL 33186) in writing, postmarked no later than _____, 2011, which is sixty (60) days after the close of the Class Settlement Notice Period. To be effective, the opt-out notice must set forth the full name and current address of the Class Member seeking to opt out, be signed by the Class Member, and contain a sentence stating: "The undersigned hereby opts out from the Banner Settlement Class in the Chinese Drywall Action."

6.2.2. Arnold Levin, Dorothy Wimberly, Michael A. Sexton, and Michael P. Peterson shall be obliged to file any opt-out notices with the Court no later than seventy (70) days after close of the Class Settlement Notice Period.

### 6.3. Rights With Respect to Opt Outs

6.3.1. Consistent with the Court's oversight of the process and its inherent jurisdiction, the Parties recognize that the Court may use its good offices to attempt to resolve, through mediation, any opt out.

6.3.2. The Parties agree and acknowledge that any opt-out claim may be to the detriment of Banner's financial health and solvency so that Banner will have a right to terminate the Settlement in its sole discretion.

6.3.3. Banner's right of termination begins immediately upon its receipt of the opt out notice of any Class Member who opts out of the Settlement. Banner must exercise its right of termination no later than ten (10) business days, excluding weekends and holidays, after the entry of Order and Judgment.

6.3.4. By opting out, a Class Member is not releasing any claims, causes of action, obligations, liabilities, demands, suits, covenants, contracts, controversies, agreements, promises, damages, judgments and/or executions against any of the Settling Defendants.

### 6.4. Insurers' Rights With Respect to Termination and Withdrawal

6.4.1. Chartis shall have the unilateral right, independent of Banner and in its individual and sole discretion, to terminate the Settlement upon notice to the Court no later than ten (10) business days, excluding weekends and holidays, after the resolution of all objections through a proposed Order and Judgment, so as to allow Chartis an opportunity to consider the interests of Banner in light of any modifications made to the Settlement.

6.4.2. FCCI and Maryland each shall have the unilateral right, independent of Banner and in the individual and sole discretion of each insurer, to withdraw from the Settlement upon notice to the Court no later than ten (10) business days, excluding weekends and holidays, after the entry of Order and Judgment.

16

## 7. Objections

7.1. Any Class Member who makes an objection to certification of the Class and/or to approval of this Settlement, any terms hereof, or the approval process must make that objection by the following procedure:

    7.1.1. The objection must be in writing;

    7.1.2. The objection must set forth all objections and the reasons therefore, and a statement whether the Class Member intends to appear at the Fairness Hearing either with or without separate counsel. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence, at the Fairness Hearing;

    7.1.3. The objection must be signed by the Class Member and his/her/its counsel;

    7.1.4. The objection must contain the caption of the Litigation and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the Class Member; and

    7.1.5. The objection must be mailed to Lead Counsel, Arnold Levin (Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106), Co-Class Counsel, Dorothy Wimberly (Stone Pigman Walther Wittmann LLC, 546 Carondelet Street, New Orleans, LA 70130), counsel for all Banner entities except Banner PSL, Michael A. Sexton (Weinberg Wheeler Hudgins Gunn & Dial LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta GA, 30326), and counsel for all Banner entities, Michael P. Peterson (Peterson & Espino, P.A. 10631 S.W. 88th Street, Suite 220, Miami, FL 33186) and postmarked no later than sixty (60) days after close of the Class Settlement Notice Period.

7.2. Arnold Levin, Dorothy Wimberly, Michael A. Sexton, and Michael P. Peterson shall be obliged to file any objections with the Court no later than seventy (70) days after close of the Class Settlement Notice Period.

7.3. Failure to comply timely and fully with these procedures shall result in the invalidity and dismissal of any objection. Class Members who fail to file and serve timely written objections in accordance with Section 7.1 shall be deemed to have waived any objections, shall not be heard at the Fairness Hearing, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

7.4. The PSC, Co-Class Counsel, and the Settling Defendants shall file any response to the objections with the Court no later than five (5) days before the date of the Fairness Hearing.

## 8. Fairness Hearing

8.1.    Seventy (70) days after close of the Class Settlement Notice Period, the Parties shall jointly move for final approval of the Settlement and final certification of the Class.

   8.1.1.  As part of that motion, the Parties shall:

   8.1.1.1.    Move to Court to enjoin and forever bar any and all Class Members, including, but not limited to, those who have not properly opted out of the Class, from maintaining, continuing, prosecuting, and/or commencing the Litigation, Related Actions, Related Claims, or any action, pending or future, against the Settling Defendants that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall;

   8.1.1.2.    Jointly submit to the Court a proposed order dismissing with prejudice all claims and actions against the Settling Defendants in the Eastern District of Louisiana and all other Related Actions in state court, federal court or in any arbitral forum.

   8.1.1.3.    Move for an Order that will preserve the Settling Defendants' claims, including claims for contribution, indemnification, and subrogation, against third parties.

   8.1.2.  The Settling Defendants shall have the right to withdraw from the proposed Settlement if the Court does not issue all of the requested orders and/or injunctions.

8.2.    No earlier than one hundred and five (105) days after the close of the Class Settlement Notice Period, the Court shall hold a Fairness Hearing.

8.3.    At the Fairness Hearing the Court shall, *inter alia*, (i) consider any properly filed objections to the Settlement, (ii) determine whether the Settlement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and should be approved, (iii) provide findings in connection therewith, and (iv) enter a proposed Order and Judgment.  The Order and Judgment shall be entered by the Court ten (10) days after the issuance of the proposed Order and Judgment, so long as Chartis has not exercised its right to terminate pursuant to Section 6.4.1.

8.4.    Within thirty (30) days of the Effective Date, the PSC shall file motions to dismiss with prejudice all Related Actions by Class Members whom they represent which are pending in any court, but only to the extent that they assert claims against the Settling Defendants, and the PSC will use its best efforts to assist the Settling Defendants in obtaining dismissal with prejudice of any other Related Actions maintained by any Class Member, but only to the extent that they

18

assert claims against the Settling Defendants, whether in state court, federal court or any arbitral forum.

## 9. Order and Judgment

9.1. The "Order and Judgment" shall mean the final order and judgment entered by the Court following the Fairness Hearing, and must:

9.1.1. Certify the Class pursuant to Fed. R. Civ. P. 23(b)(3);

9.1.2. Find that the Settlement is fair, reasonable, and adequate; find that the Settlement was entered into in good faith and without collusion; find the Settlement represents a negotiated agreement; and approve the Settlement;

9.1.3. Issue the Orders identified in Section 8.1.1;

9.1.3.1. This provision shall not prevent or impede the enforcement of claims or entitlement to benefits under this Settlement.

9.1.4. Approve the releases attached in Exhibits D, E(1), E(2), E(3), F, and G;

9.1.5. Enter the findings of fact and conclusions of law proposed in Section 15.4; and

9.1.6. Find that pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of final judgment with respect to the foregoing.

9.2. If such a permanent injunction and bar order against claims as required by Section 9.1 is not granted, or is overturned, then the Settling Defendants will have the right to terminate the Settlement.

## 10. Deposits

10.1. The Parties shall agree and execute an agreement (the "Escrow Agreement") establishing an escrow account (the "Escrow Account") at U.S. Bank.

10.2. Each Insurer shall transfer its share of the Insurance Proceeds to the Escrow Account as follows:

10.2.1. 25 % of Insurance Proceeds to be tendered within thirty (30) days of the issuance of the Preliminary Approval Order;

10.2.2. 25 % of Insurance Proceeds to be tendered within thirty (30) days of the date of the entry of Order and Judgment; and

10.2.3. 50 % of Insurance Proceeds to be tendered within thirty (30) days of the Effective Date.

19

10.3. "Settlement Funds" shall mean the Insurance Proceeds as transferred pursuant to this Section.

10.4. Chartis shall be solely responsible for transferring the remaining proceeds, if any, of the Hanover policies.

10.5. No interest shall accrue, whether before or after the entry of the Order and Final Judgment, on any portion of the Insurance Proceeds not deposited in the Escrow Account. Any interest that accrues in the Escrow Account shall be deemed part of the Settlement Funds. Any taxes, fees, and/or costs resulting from the accrual of interest shall be paid in accordance with the Escrow Agreement, and shall not be the responsibility of the Settling Defendants.

10.6. If the Settlement is terminated or, if for any other reason, the Parties fail to finalize the Settlement, the Insurance Proceeds deposited by Chartis (including the proceeds of the Hanover policies) shall be returned to Chartis with accumulated interest within ten (10) business days, excluding weekends and holidays.

10.7. If the Settlement is terminated or if, for any other reason, the Parties fail to finalize the Settlement, the Insurance Proceeds deposited by FCCI and Maryland Casualty shall be returned to FCCI and Maryland Casualty with accumulated interest within ten (10) business days, excluding weekends and holidays.

## 11. Termination of This Settlement

11.1. This Settlement shall be terminated and cancelled upon any of the following events:

11.1.1. The Court declines to enter the Preliminary Approval Order;

11.1.2. The Fairness Hearing is not held by the Court;

11.1.3. The Order and Judgment is not entered by the Court, or is reversed by a higher court; or

11.1.4. The Court declines to dismiss the Settling Defendants.

11.2. The Settling Defendants may, at their sole and exclusive discretion and option, withdraw from and cancel their obligations under this Settlement upon any of the following events:

11.2.1. The Class Settlement Notice does not comply with the Order of the Court;

11.2.2. Banner exercises its rights pursuant to Section 6.3;

11.2.3. FCCI or Maryland Casualty exercises its rights pursuant to Section 6.4;

11.2.4. The PSC, on behalf of the Class, materially breaches the Settlement and such breach materially frustrates the purposes of this agreement;

11.2.5. The Related Actions against the Settling Defendants are not dismissed with prejudice;

11.2.6. An injunction permanently barring and preventing each and every Class Member, including, but not limited to, those who have not properly opted out of the Class, from bringing any subsequent claims or causes of action in law or equity that arise from or are related to, directly or indirectly, Chinese Drywall, the Litigation, the Related Actions, and/or any Released Claims is not entered by the Court in the Order and Judgment. Such injunction shall not prevent any of the Settling Defendants from monitoring or participating in the Litigation, at their discretion, so as to protect their rights before the Settlement is Final;

11.2.7. This Settlement is changed in any material respect, except by written consent of the Parties.

## 12. Severability

12.1. If Maryland Casualty chooses to withdraw from the Settlement in accordance with Sections 6.4 or 11.2, all remaining provisions of this Settlement, except Section 1.12 which will be amended to exclude Maryland Casualty's contribution, shall otherwise remain in full force and effect and be construed as if such portion or portions had not been included herein, and the PSC shall accept an assignment of all claims from Banner against Maryland Casualty.

12.2. If FCCI chooses to withdrawn from the Settlement in accordance with Sections 6.4 or 11.2, all remaining provisions of the Settlement, except Section 1.12 which will be amended to exclude FCCI's contribution, shall otherwise remain in full force and effect and be construed as if such portion or portions had not been included herein, and the PSC shall accept an assignment of all claims from Banner against FCCI.

## 13. Court to Retain Jurisdiction to Implement and Enforce Settlement

13.1. Notwithstanding any other provision of this Settlement, the Court shall retain continuing jurisdiction over the Litigation, the Class, the Class Members, and the Settlement for the purposes of administering, supervising, construing and enforcing same, and also continuing and exclusive jurisdiction over the Settlement Funds and the distribution of same to Class Members. This Section shall not be construed as a finding, admission, or consent that the Court or Louisiana has general or specific personal jurisdiction over FCCI or Hanover.

## 14. Allocation of Payments

14.1. The Court shall establish a procedure for allocation of the Settlement Funds between the various interests who have claimed entitlement to the same. An Allocation Committee will be appointed to make recommendations to the Court as to: (i) a fair and equitable plan of allocation of the Settlement Funds; and (ii) the evidence that Class Members will need to provide as part of their Proof of Claim to submit a valid claim. The allocation will apportion funds (including any funds to resolve claims for bodily injury), without regard to fees or costs, by each Affected Property. Such allocation will reduce, on a dollar for dollar basis, the liabilities and/or rights of recovery between Class Members downstream from Banner. Any such allocation will preserve, and will not reduce, the Settling Defendants' rights of recovery as set forth in Section 3.2. The PSC will recommend that the Court appoint a Special Master to assist the Court in the allocation process. The Court shall entertain interventions for the purpose of determining the allocation and shall establish procedures by order setting forth the manner in which this allocation shall proceed. The allocation by the Special Master may be appealed solely to Judge Fallon, whose decision shall be final.

14.2. The Parties agree to comply with the provisions of Section 111 of the Medicare, Medicaid & SCHIP Extension Act of 2007 ("MMSEA"), as codified in 42 U.S.C. Sec. 1395y(b)(8).

14.2.1. This Settlement is based upon a good faith determination of the Parties to resolve a disputed claim in which certain Plaintiffs have alleged bodily injury. The Settling Defendants deny that there is any evidence of bodily injury arising from or related to Chinese Drywall. Requests for compensation related to bodily injury will be considered by the Special Master, who will have the authority to allocate Settlement Funds towards such injury claims. Any funds so allocated by the Special Masters as part of the procedure set forth in Section 14.1 above will be paid directly to the Class Members.

14.2.2. Each Class Member who receives in excess of the MMSEA dollar threshold in effect at the time the Settlement is Final from the Settlement Funds ("Excess Recipient") acknowledges his/her duty to cooperate with the Settling Defendants in order to permit Responsible Reporting Entity(ies), as defined by MMSEA, to fulfill their reporting obligations to comply with MMSEA. Each Excess Recipient and his/her attorney agrees to provide the Responsible Reporting Entity(ies) with any and all information necessary for the Responsible Reporting Entity(ies) to comply with MMSEA, including his or her identity, date of birth, social security number, and gender, so as to allow the Insurers, or their agents, to determine whether the Excess Recipient is a Medicare Beneficiary, as defined by MMSEA (a "Triggering Claimant").

14.2.3. Each Triggering Claimant and his/her attorney shall provide any additional information requested by the Responsible Reporting Entity(ies) to comply with MMSEA, including the identity of his/her attorney, his/her

address, his/her ICD9 number (if applicable), and information related to the injuries allegedly arising from Chinese Drywall. Such information may be reported to the Centers for Medicare & Medicaid Services (CMS), as well as certain agent(s) necessary to facilitate reporting to CMS, pursuant to the responsible reporting entity's duty to comply with MMSEA.

14.2.4. Each Triggering Claimant represents and warrants that all bills, costs or liens resulting from or arising out of alleged injuries, claims or lawsuits related to Chinese Drywall are his/her responsibility to pay, including all Medicare conditional payments, subrogation claims, liens, or other rights to payment, relating to medical treatment or lost wages that have been or may be asserted by any health care provider, insurer, governmental entity, employer or other person or entity. Further, each Triggering Claimant will indemnify, defend and hold each Settling Defendant harmless from any and all damages, claims and rights to payment, including any attorneys' fees, brought by any person, entity or governmental agency to recover any of these amounts.

14.2.5. The procedures set forth in this Section 14.2 are intended to ensure compliance with 42 U.S.C. § 1395y. The Parties resolved this matter in compliance with both state and federal law.

14.3. Banner agrees to cooperate with reasonable requests for documents related to continuing litigation against the manufacturers of Chinese Drywall.

14.4. Any disputes as to the allocation of payments among Class Members will not defeat the Settlement and shall not involve the Settling Defendants except as provided for in Section 14.2 and 14.3.

14.5. All costs of administering the allocation of Settlement Funds and the cost of notice to Class Members will be paid out of the Settlement Funds.

14.6. Notwithstanding any other provision of this Settlement or of any other document, the Settling Defendants shall not be liable for, and shall have no responsibility whatsoever for any payment of, any Class Counsel's attorneys' fees, costs, and expenses, whether at the trial, appellate or administrative level, Class Member's attorneys' fees, costs, and expenses, whether at the trial, appellate or administrative level, Mediator's fees and costs, court costs, Notice Costs, the fees and costs of any person or entity retained by the Mediator, and/or all other costs and fees associated with this Litigation, the Related Actions, the approval and/or implementation of this Settlement, the administration of claims, and/or the disposition of the Settlement Funds. Notwithstanding the provisions of this Settlement or of any other document, the Settling Defendants shall have no obligation to pay any amount beyond the Insurance Proceeds.

14.7. After the Effective Date, the PSC, Class Counsel (but not Co-Class Counsel), common benefit attorneys, and privately retained attorneys for all Class Members (the "Petitioning Attorneys") shall be entitled to petition the Court for attorneys' fees up to 32% of the Settlement Funds and reimbursement of reasonable expenses, including the cost of notice. The allocation of attorneys' fees between and amongst the Petitioning Attorneys shall be determined by the Court. The Petitioning Attorneys shall petition the Court for a fee of 10% from those entities who recover from the Settlement Funds and are not represented by the PSC and who have private counsel and who have actively pursued this Litigation. Co-Class Counsel may petition the Court for reimbursement of reasonable expenses and an award of attorneys' fees at an agreed hourly rate consistent with her normal hourly rate for duties performed as Co-Class Counsel in connection with this Settlement. Provided that such petitions do not seek fees exceeding 32 % of the Settlement Funds, the Settling Defendants agree not to participate in the determination of either the appropriate determination of fees or reimbursement of reasonable expenses.

## 15. Miscellaneous

15.1. The Parties and their attorneys and agents shall not attempt to use the payments made pursuant to this Settlement or the terms hereof to argue in any other proceeding that there is insurance coverage for Chinese Drywall claims.

15.2. The Settling Defendants do not admit or concede any liability or damages whatsoever relating to Chinese Drywall.

15.3. Chartis, FCCI, Hanover, and Maryland Casualty do not admit or concede any liability or insurance coverage obligation for any claims relating to Chinese Drywall.

15.4. As part of the Order and Judgment, the Court will be requested to enter findings of fact and conclusions of law stating that:

15.4.1. Other than to enforce any term of the Settlement, no person or entity may use or refer to any aspect of this Settlement in any litigation in which any Insurer is a party.

15.4.2. The Settlement shall not constitute a waiver of any coverage defense or position taken by any Insurer related to Chinese Drywall and no Insurer shall be estopped from raising any coverage issue or defense by reason of the Settlement.

15.4.3. Florida law shall govern the interpretation of all Insurers' policies issued to Banner. By entering this Settlement, each Insurer has acted in good faith and fairly, reasonably, and honestly towards Banner and any actual and/or potential class members and with due regard for Banner and any potential Class Members' interests regarding Chinese Drywall.

15.4.4. The Settlement by the Insurers, being in good faith, upon the Settlement becoming Final, precludes Banner and any actual and/or potential Class Member from asserting a bad faith claim against any Insurer.

15.4.5. FCCI takes the position that because FCCI's principal place of business is in Florida, the policies were delivered to Banner in Florida, and Banner only supplied Chinese Drywall for use in homes and buildings in Florida, the only FCCI policy issued to Banner that is triggered by claims related in any way to Chinese Drywall is the 2006-2007 policy, policy numbers GL0004593-1 and UMB0004524-1. The PSC, Class Counsel and Co-Class Counsel will not object to FCCI's submission of such proposed findings of fact.

15.4.6. Maryland Casualty takes the position that the only Maryland Casualty policy issued to Banner that is triggered by claims related in any way to Chinese Drywall is the 2005-2006 policy, policy number PPS 42534587-02. The PSC, Class Counsel and Co-Class Counsel will not object to Maryland Casualty's submission of such proposed findings of fact.

15.4.7. Chartis takes the position that the only Chartis policies issued to Banner that are triggered by claims related in any way to Chinese Drywall are the policies BE 9300273, BE 8688025, BE 5543482, and 7606364. The PSC, Class Counsel and Co-Class Counsel will not object to Chartis' submission of such proposed findings of fact.

15.5. If the last day of any period mentioned in this Settlement falls on a weekend or legal holiday, the period shall include the next business day.

## 16. Personal Jurisdiction as to FCCI and Hanover

16.1. FCCI and Hanover do not consent or admit that they are subject to general or specific personal jurisdiction in Louisiana for any claims or cases currently pending or that may be brought in the future, including the Litigation and Related Claims.

16.2. The participation of FCCI and Hanover in this Settlement, including any actions, representations, statements, or positions they have taken or may take in the future in any way related to this Settlement, including any actions to enforce the Settlement, shall not be construed as a consent to general or specific personal jurisdiction in any court – state or federal – in Louisiana, including, but not limited to, in the Litigation, Related Claims, and any cases currently pending in, or that may be filed in or transferred to, the Court.

16.3. Neither any Counsel, Settling Defendant, Class Member, nor member of the PSC may argue orally or in writing that either FCCI or Hanover has consented to general or specific personal jurisdiction in Louisiana through FCCI's or Hanover's participation in this Settlement.

16.4.   Nothing in this Settlement, nor any documents filed in connection with it, shall subject either FCCI or Hanover to general or specific personal jurisdiction in any court – state or federal – in Louisiana.

16.5.   The Parties and the PSC agree that in every preliminary, conditional, final or other Order related to this Settlement, the Court shall be asked to include a paragraph indicating that "by participation in this Settlement, FCCI and Hanover have not consented to general or specific personal jurisdiction in Louisiana and are not precluded from challenging general or specific personal jurisdiction over them in Louisiana in any cases currently pending or that may be filed in the future, including, but not limited to, cases currently pending in, or that may be assigned to, filed in, or transferred to this Court."

16.6.   In the event of an intentional or unintentional violation this Section, the Parties and the PSC shall join in FCCI's and/or Hanover's request that the Court enter an order enjoining any Party and/or the PSC from arguing that FCCI and/or Hanover has consented to general or specific jurisdiction in Louisiana through its participation in this Settlement.

## 17. Federal Rule of Evidence 408

17.1.   The Parties specifically acknowledge, agree and admit that this Settlement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations and correspondence, shall be considered a compromise within the meaning of Florida Rule of Evidence 90.408, Federal Rules of Evidence Rule 408, and any equivalent rule of evidence of any state, and shall not (i) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Litigation, the Related Actions, or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

17.2.   The Parties also agree that this Settlement, any orders, pleadings or other documents entered in furtherance of this Settlement, and any acts in the performance of this Settlement are not intended to be, nor shall they in fact be, admissible, discoverable, or relevant in any case or other proceeding against the Settling Defendants to establish grounds for certification of any class involving any Class Member, against the Settling Defendants to prove either the acceptance by any Party hereto of any particular theory of coverage, or as evidence of any obligation that any Party hereto has or may have to anyone.

17.3.   The provisions of this Settlement, and any orders, pleadings or other documents entered in furtherance of this Settlement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, (ii) as may be specifically authorized by a court of competent jurisdiction after contradictory hearing upon application of a Party hereto, (iii) in order to establish payment, or

an affirmative defense of exception in a subsequent case, including *res judicata*, (iv) in connection with any motion to enjoin or stay any of the Related Actions, (v) to obtain Court approval of the Settlement, (vi) for use by any Settling Defendant in any subsequent litigation involving the Banner Insurance Policies; or (vii) to comply with Banner's Insurers' reporting requirements pursuant to Section 111 of the MMSEA.

IN WITNESS WHEREOF, the Parties have read and understood the terms and conditions of this Settlement, agree to be bound by all of its provisions, and have executed this Settlement on the date shown by their signatures below.

**BANNER SUPPLY COMPANY**

By: _____
Authorized Representative

Print Name: Michael P. Peterson,
as Attorney-in-Fact

_____
Witness Signature

Witness Signature

JOSE BALDOR
_____
Printed Name

Alejandro Espino
_____
Printed Name

8/2/11
_____
Date

8/2/11
_____
Date

**BANNER SUPPLY COMPANY POMPANO, LCC**

By: _____
Authorized Representative

Print Name: Michael P. Peterson,
as Attorney-in-Fact

_____
Witness Signature

Witness Signature

JOSE BALDOR
_____
Printed Name

Alejandro Espino
_____
Printed Name

8/2/11
_____
Date

8/2/11
_____
Date

27

**BANNER SUPPLY COMPANY**
**FORT MYERS, LLC**

By: _____
Authorized Representative

Print Name: _Michael P. Peterson,_
_as Attorney-in-Fact_

_____
Witness Signature

Witness Signature

_Alejandro Espino_
Printed Name

JOSE BALDOR
Printed Name

_8/2/11_
Date

_8/2/11_
Date


**BANNER SUPPLY COMPANY**
**PORT ST LUCIE, LLC**

By: _____
Authorized Representative

Print Name: _Michael P. Peterson,_
_as Attorney-in-Fact_

_____
Witness Signature

Witness Signature

_Alejandro Espino_
Printed Name

JOSE BALDOR
Printed Name

_8-2-11_
Date

_8/2/11_
Date

28

**BANNER SUPPLY COMPANY TAMPA, LLC**

By: _____
Authorized Representative

Print Name: *Michael P. Peterson*
*as Attorney-In-Fact*

_____
Witness Signature

_____
Witness Signature

Alejandro Espino
Printed Name

JOSE BALDOR
Printed Name

2/2/11
Date

8/2/11
Date


**BANNER SUPPLY COMPANY INTERNATIONAL, LLC**

By: _____
Authorized Representative

Print Name: *Michael P. Peterson*
*as Attorney-In-Fact*

_____
Witness Signature

_____
Witness Signature

Alejandro Espino
Printed Name

JOSE BALDOR
Printed Name

2/2/11
Date

8/2/11
Date

29

**CHARTIS CLAIMS, INC. on behalf of
CHARTIS SPECIALTY INSURANCE
COMPANY f/k/a American International
Specialty Lines Insurance Company,
ILLINOIS NATIONAL INSURANCE CO.,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., AND
COMMERCE & INDUSTRY INSURANCE
CO.**

By: _____

Authorized Representative

Print Name: _PATRICIA McMAHON_

_____
Witness Signature

_Dana Hoffman_
Printed Name

_8/2/11_
Date

Witness Signature

_James Scalise_
Printed Name

_8/2/11_
Date

30

**HANOVER AMERICAN INSURANCE COMPANY and HANOVER INSURANCE GROUP, INC.**

By: _____
Authorized Representative

Print Name: _CHRISTOPHER J DEVINE_

_____
Witness Signature
_Christine D. Masciantonio_
_____
Printed Name

_8/8/11_
_____
Date

_____
Witness Signature
_Maura C Chasse_

_Maura C Chasse_
_____
Printed Name

_8/8/11_
_____
Date

**FCCI INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, NATIONAL TRUST INSURANCE COMPANY, FCCI MUTUAL INSURANCE HOLDING COMPANY, FCCI GROUP, INC., FCCI INSURANCE GROUP, INC., MONROE GUARANTY INSURANCE COMPANY, FCCI SERVICES, INC., FCCI ADVANTAGE INSURANCE COMPANY, BRIERFIELD INSURANCE COMPANY, and FCCI AGENCY, INC.**

By: _____
Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

31

HANOVER AMERICAN INSURANCE
COMPANY and HANOVER INSURANCE
GROUP, INC.

By: _____
    Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

FCCI INSURANCE COMPANY, FCCI
COMMERCIAL INSURANCE COMPANY,
NATIONAL TRUST INSURANCE
COMPANY, FCCI MUTUAL INSURANCE
HOLDING COMPANY, FCCI GROUP,
INC., FCCI INSURANCE GROUP, INC.,
MONROE GUARANTY INSURANCE
COMPANY, FCCI SERVICES, INC., FCCI
ADVANTAGE INSURANCE COMPANY,
BRIERFIELD INSURANCE COMPANY,
and FCCI AGENCY, INC.

By: _____
    Authorized Representative

Print Name: _Robert Darroch_____

_____
Witness Signature

_Michelle Evans Concepcion_____
Printed Name

_8/2/11_____
Date

_____
Witness Signature

_Tonya L. Asland_____
Printed Name

_8/2/11_____
Date

31

**MARYLAND CASUALTY COMPANY and
ALL COMPANIES IN THE ZURICH
NORTH AMERICA GROUP OF
INSURANCE COMPANIES**

By: _Robert Q. Kosciuch_

Authorized Representative

Print Name: _Rober t J. Koscielniak_

_Katie M. Seiler_

Witness Signature

_Katie M. Seiler_

Printed Name

_8-5-11_

Date

_____

Witness Signature

_ANDROW MANTHALON_

Printed Name

_8/5/11_

Date

32

Witness Signature

_Lillian Flemming_
Printed Name

8/3/2011
Date

**PLAINTIFFS' LIAISON COUNSEL**

By: _____
Russ Herman

Print Name

Witness Signature

_Lane T Robein_
Printed Name

8/3/2011
Date

**PLAINTIFFS' LEAD COUNSEL AND
FOR THE PLAINTIFFS' STEERING
COMMITTEE**

By: _____
Arnold Levin

Print Name: Arnold Levin

Witness Signature

_Lane T Robein_
Printed Name

8/3/2011
Date

Witness Signature

_Lillian Flemming_
Printed Name

8/3/2011
Date

**PLAINTIFFS' PROPOSED CLASS COUNSEL**

By: _____
Russ Herman

Print Name: Russ M Herman

_____
Witness Signature

Lane T Robein
Printed Name

8/3/2011
Date

_____
Witness Signature

Lillian Flemming
Printed Name

8/3/2011
Date

**PLAINTIFFS' PROPOSED CLASS COUNSEL**

By: _____
Arnold Levin

Print Name: Arnold Levin

_____
Witness Signature

Lane T Robein
Printed Name

8/3/2011
Date

_____
Witness Signature

Lillian Flemming
Printed Name

8/3/2011
Date

34

**PLAINTIFFS' PROPOSED CLASS COUNSEL**

By: _Ervin A Gonzalez by Leonard A Reen_
     Ervin A. Gonzalez    *por proxy*

Print Name: _Ervin A Gonzalez by Leonard A Davu per proxy_

_Amy Catalanotto_
Witness Signature

_Amy Catalanotto_
Printed Name

_August 3, 2011_
Date

_[Witness Signature]_
Witness Signature

_Beverly Jackson_
Printed Name

_August 3, 2011_
Date

**PLAINTIFFS' PROPOSED CO-CLASS COUNSEL**

By: _____
     Dorothy H. Wimberly

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

35

**PLAINTIFFS' PROPOSED CLASS COUNSEL**

By: _____
    Ervin A. Gonzalez

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

**PLAINTIFFS' PROPOSED CO-CLASS COUNSEL**

By: *Dorothy H. Wimberly*
    Dorothy H. Wimberly

Print Name: *Dorothy H. Wimberly*

*[signature]*
Witness Signature

*Kathryn M. Knight*
Printed Name

*4 August 2011*
Date

*[signature]*
Witness Signature

*Justin Suan*
Printed Name

*August 4, 2011*
Date

STATE OF FLORIDA

MIAMI-DADE COUNTY


BEFORE ME, the undersigned authority, personally came and appeared

_____Michael P. Peterson_____

who, being duly sworn, stated on his/her oath and in the presence of the undersigned witnesses

that s/he is _personal corp. counsel_ of **Banner** and s/he was authorized to and did execute the

foregoing instrument in such capacity for the said company, as its free act and deed.


IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my

presence and in the presence of the undersigned competent witnesses on this __2nd__ day of

_____August_____, 2011.


WITNESSES:

Print name: _Alejandro Espino_

Print name: _JOSE BALDOR_

NOTARY PUBLIC

36

STATE OF NEW YORK

COUNTY OF NEW YORK

BEFORE ME, the undersigned authority, personally came and appeared

PATRICIA MCMAHON

who, being duly sworn, stated on his/her oath and in the presence of the undersigned witnesses

that s/he is Vice President of **Chartis Claims, Inc.** and s/he was authorized to and did execute

the foregoing instrument in such capacity for the said corporation, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my

presence and in the presence of the undersigned competent witnesses on this 2nd day of August,

2011.

WITNESSES:

**JULIE WEERTH**
**NOTARY PUBLIC, STATE OF NEW YORK**
**NO. 02WE6241184**
**QUALIFIED IN NASSAU COUNTY**
**COMMISSION EXPIRES 05/16/20 15**

Print name: James Scala

Print name: Dana Hoffman

NOTARY PUBLIC

37

STATE OF *Tennessee*

COUNTY OF *Fulton*

BEFORE ME, the undersigned authority, personally came and appeared

_____*Robert Darroch*_____

who, being duly sworn, stated on his/her oath and in the presence of the undersigned witnesses

that s/he is ___*attorney*___ of **FCCI** and s/he was authorized to and did execute the

foregoing instrument in such capacity for the said corporation, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my

presence and in the presence of the undersigned competent witnesses on this **5th** day of

___*August*___, 2011.

_____

WITNESSES:

_____

Print name: *Deborah R. Lane*

_____

Print name: *Maggie Mabie*

_____

NOTARY PUBLIC

38

STATE OF *Connecticut*

COUNTY OF *Hartford*


BEFORE ME, the undersigned authority, personally came and appeared

_Christopher Devine_

who, being duly sworn, stated on his/her oath and in the presence of the undersigned witnesses

that s/he is ___*employee*___ of **Hanover** and s/he was authorized to and did execute the

foregoing instrument in such capacity for the said corporation, as its free act and deed.


IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my

presence and in the presence of the undersigned competent witnesses on this *28th* day of

_August_____, 2011.


WITNESSES:

Print name:
*Christine D. Mesciantonio*

Print name:
*Maura C. Chasse*


NOTARY PUBLIC

**LAUREN M. BACHNER**
**NOTARY PUBLIC**
MY COMMISSION EXPIRES JULY 31, 2013


39

STATE OF

COUNTY OF

BEFORE ME, the undersigned authority, personally came and appeared

_____

who, being duly sworn, stated on his/her oath and in the presence of the undersigned witnesses
that s/he is _____ of **Maryland Casualty** and s/he was authorized to and did
execute the foregoing instrument in such capacity for the said corporation, as its free act and
deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my
presence and in the presence of the undersigned competent witnesses on this _5th_ day of
_August_ , 2011.

_Robert O. Kreie_

WITNESSES:

_[signature]_

Print name: _Anderson M Mathew_

_Katie M. Seiler_

Print name: _Katie M. Seiler_

_Rosemary Mostafa_

NOTARY PUBLIC

OFFICIAL SEAL
ROSEMARY MOSTAFA
NOTARY PUBLIC · STATE OF ILLINOIS
MY COMMISSION EXPIRES 01/11/15

40

STATE OF Louisiana
Parish
COUNTY OF Orleans

BEFORE ME, the undersigned authority, personally came and appeared

## RUSS HERMAN

who, being duly sworn, stated on his oath and in the presence of the undersigned witnesses that

he is Plaintiffs' Liaison Counsel and he was authorized to and did execute the foregoing

instrument in such capacity for the said Committee, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my

presence and in the presence of the undersigned competent witnesses on this 3rd day of

August , 2011.

WITNESSES:

Print name: Amy Catalanotto

Print name: Beverly Jackson

NOTARY PUBLIC Bar 14190

41

STATE OF

COUNTY OF

BEFORE ME, the undersigned authority, personally came and appeared

### ARNOLD LEVIN

who, being duly sworn, stated on his oath and in the presence of the undersigned witnesses that

he is Plaintiffs' Lead Counsel and a Member of Plaintiffs' Steering Committee and he was

authorized to and did execute the foregoing instrument in such capacity for the said Committee,

as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my

presence and in the presence of the undersigned competent witnesses on this _3rd_ day of

_August_ , 2011.

WITNESSES:

Print name:  Lillian Flemming

Print name:  Lane T. Robein

NOTARY PUBLIC
Leonard A. Davis
BAR # 14190

42

STATE OF

COUNTY OF

BEFORE ME, the undersigned authority, personally came and appeared

ERVIN GONZALEZ *by Leonard A Davis pr proxy*

who, being duly sworn, stated on his oath and in the presence of the undersigned witnesses that

he is a Plaintiffs' Proposed Class Counsel and he was authorized to and did execute the

foregoing instrument in such capacity for the said Committee, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my

presence and in the presence of the undersigned competent witnesses on this 3rd day of

_August_, 2011.

*proxy for Ervin Gonzalez*

WITNESSES:

Print name: Amy Catalanotto

Print name: BEVERly JAckson

_____

NOTARY PUBLIC

43

STATE OF

COUNTY OF

BEFORE ME, the undersigned authority, personally came and appeared

ARNOLD LEVIN

who, being duly sworn, stated on his oath and in the presence of the undersigned witnesses that

he is a Plaintiffs' Proposed Class Counsel and he was authorized to and did execute the

foregoing instrument in such capacity for the said Committee, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my

presence and in the presence of the undersigned competent witnesses on this 3rd day of

August , 2011.

WITNESSES:

Print name: Lillian Flemming

Print name: LANE T. RobeiN

NOTARY PUBLIC

Leonard A. Davis
Bar # 14190

44

STATE OF LOUISIANA
Parish
~~COUNTY~~ OF Orleans

BEFORE ME, the undersigned authority, personally came and appeared

## RUSS HERMAN

who, being duly sworn, stated on his oath and in the presence of the undersigned witnesses that

he is a Plaintiffs' Proposed Class Counsel and he was authorized to and did execute the

foregoing instrument in such capacity for the said Committee, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my

presence and in the presence of the undersigned competent witnesses on this 3rd day of

August , 2011.

WITNESSES:

Print name: Amy Catalanotto

Print name: Beverly Jackson

NOTARY PUBLIC Bar 14190

45

STATE OF Louisiana

COUNTY OF Jefferson

BEFORE ME, the undersigned authority, personally came and appeared

### DOROTHY WIMBERLY

who, being duly sworn, stated on her oath and in the presence of the undersigned witnesses that she is a Plaintiffs' Proposed Co-Class Counsel and she was authorized to and did execute the foregoing instrument in such capacity, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my presence and in the presence of the undersigned competent witnesses on this 4th day of August , 2011.

WITNESSES:

Print name: Catherine Root

Print name: Justin Swaim

NOTARY PUBLIC

**Kathryn M. Knight**
**State of Louisiana - Bar No. 28641**
**My commission is issued for life**

46

## SCHEDULE OF CHARTIS POLICIES

| Insured | Policy Number | Effective Dates | Policy Limit | Paper Company | Triggered Policy |
|---------|---------------|-----------------|--------------|---------------|------------------|
| Banner Supply Co. | BE 3469933 | January 1, 2001 – January 1, 2002 | $10,000,000 | National Union | No |
| Banner Supply Co. | BE 1390748 | January 1, 2002 – January 1, 2003 | $10,000,000 | National Union | No |
| Banner Supply Co. | BE 2988416 | January 1, 2003 – January 1, 2004 | $10,000,000 | National Union | No |
| Banner Supply Co. | BE 5683249 | January 1, 2004 – January 1, 2005 | $5,000,000 | National Union | No |
| Banner Supply Co. | BE 3835949 | January 1, 2005 – January 1, 2006 | $10,000,000 | Illinois National | No |
| Banner Supply Co. | BE 9300273 | January 1, 2006 – January 1, 2007 | $10,000,000 | National Union | Yes |
| Banner Supply Co. | BE 3954862* | January 1, 2007 – January 1, 2008 | $10,000,000 | Chartis Specialty f/k/a AISLIC | No |
| Banner Supply Co. | BE 8688025 | January 1, 2007 – January 1, 2008 | $10,000,000 | National Union | Yes |
| Banner Supply Co. | BE 5543482 | January 1, 2008 – January 1, 2009 | $10,000,000 | National Union | Yes |
| Banner Supply Co. | 7606364 | January 1, 2009 – January 1, 2010 | $25,000,000 | National Union | Yes |
| Banner Supply Co. | BE 013507254 | January 1, 2010 – January 1, 2011 | $25,000,000 | Commerce & Industry | No |
| Banner Supply Co. | BE 020758768 | January 1, 2011 – January 1, 2012 | $25,000,000 | Commerce & Industry | No |

* This policy was cancelled.

## EXHIBIT B

### SCHEDULE OF POLICIES ISSUED BY OTHER INSURERS

FCCI: FCCI Insurance Company policies GL0004593-1 and GL0004593-2; FCCI Commercial Insurance Company policies GL0004593-3, UMB0004524-1, UMB0004524-2, and UMB0004524-3; and any other policy issued by FCCI.

MARYLAND CASUALTY: the general liability policy and any accompanying endorsements issued by Maryland Casualty Company to Banner Supply Company Port St. Lucie, LLC with the policy number PPS 42534587 and an effective date of August 28, 2005.

HANOVER: the general liability policies and any accompanying endorsements issued by Hanover with the policy numbers ZZJ 8740164 00 (effective dates January 1, 2006 to January 1, 2007), ZZJ 8740164 02 (effective dates January 1, 2007 to January 1, 2008), and ZZJ 8740164-03 (effective dates January 1, 2008 to January 1, 2009).

EXHIBIT C

SCHEDULE OF RELATED ACTIONS

| CASE | JURISDICTION | CASE NUMBER |
|---|---|---|
| A-1 BUILDING V. WILSON BANNER SUPPLY ET AL. | Florida St. Lucie County 19th Circuit | 2006CC001287 |
| ABEL V. TAISHAN GYPSUM CO. | U.S. D.C. Eastern District of Louisiana | 2:11-CV-00080 |
| ABHAISINGH NESSIFFER & DEONARAYAN V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014500 |
| ABRAMS V. KNAUF GIPS KG | Florida Broward County 17th Circuit | 09-022693 |
| ABRUE V. GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT | U.S. D.C. Eastern District of Louisiana | 2:11-CV-00252 |
| ACOSTA ET AL. V. HANSEN HOMES OF SOUTH FLORIDA | Florida Lee County 20th Circuit | 2010CA001851 |
| ACUNA ET AL. V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-029324-CA-42 |
| ADAMS V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032057-CA-42 |
| ADELKY V. BANNER SUPPLY CO. ET AL. | Florida Miami-Dade County 11th Circuit | 2010-005092-CA-42 |
| AHMED V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014467 |
| ALBANESE-POPKIN THE OAKS DEVELOPMENT GROUP LP V. OCEAN COAST DRYWALL OF SOUTH FLORIDA INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-018540 |
| ALBANO V. CENTERLINE HOMES | Florida Broward County 17th Circuit | 9046262 |
| ALBERT ET AL. V. FLORIDA STYLE SERVICES ET AL. | Florida Lee County 20th Circuit | 10-CA-002388 |
| ALLEN ET AL. V. KNAUF PLASTERBOARD TIANJIN CO. LTD. ET AL. | U.S. D.C. Middle District of Florida | 2:09-CV-00054 |
| ALLEN ET AL. V. KNAUF PLASTERBOARD TIANJIN CO. LTD. ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04112 |
| ALVAREZ V. EASTERN CONSTRUCTION GROUP INC | Florida Miami-Dade County 11th Circuit | 2009-071623-CA-42 |
| AMATO V. LIBERTY MUTUAL INSURANCE CO. | U.S. D.C. Eastern District of Louisiana | 2:10-CV-00932 |
| ANKNEY V. KNAUF GIPS KG ET AL. | U.S. D.C. Middle District of Florida | 2:09-CV-00166 |
| ANKNEY V. KNAUF GIPS KG ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04113 |
| ANTON V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019770 |

| | | |
|---|---|---|
| ARAUJO V. USG CORP. | Florida Miami-Dade County 11th Circuit | 09-66135 CA 27 |
| ARBELO V. MIDWEST CONSTRUCTION AND DEVELOPMENT | Florida St. Lucie County 19th Circuit | 09-CA-10254 |
| ARIAS V. D.R. HORTON INC. | Florida Lee County 20th Circuit | 10-CA-001186 |
| ARMELO ET AL. V. DEER CREEK ESTATES ET AL. | Florida Miami-Dade County 11th Circuit | 10-64739 CA 30 |
| ARMENEIRO V. KNAUF GIPS KG ET AL. | Florida Miami-Dade County 11th Circuit | 2009-021657-CA-42 |
| ARRIOLA V. CRYSTAL GABLES INVESTMENT USA, INC. ET AL. | Florida Miami-Dade County 11th Circuit | 11-16-022-CA-42 |
| ARROYO V. STANDARD HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-006319 10-004473 |
| ASAD V. OAKBROOK BUILDING & DESIGN | Florida Broward County 17th Circuit | 9026441 |
| ASLANIAN V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031851-CA-42 |
| AUBIN V. AMERICAN OPTICAL. CORP. | Florida Miami-Dade County 11th Circuit | 2008-018751 |
| AUBIN V. BANNER SUPPLY CO | Florida Miami-Dade County 11th Circuit | 2008-068233 |
| AURORA LOAN SVCS (LLC) V. PEREZ | Florida Miami-Dade County 11th Circuit | 2007-036922 |
| AVELLO V. NORTH PALM ESTATES HOMES | Florida Miami-Dade County 11th Circuit | 2009-081831-CA-42 |
| AVENTI AT AVENTURA CONDO ASSN INC. V. AMSELLEM | Florida Miami-Dade County 11th Circuit | 2007-000200 |
| BAGLEY V. PONCE RIVIERA LLC ET AL. | Florida Miami-Dade County 11th Circuit | 2009-077493-CA-42 |
| BAILEY V. RJL DRYWALL INC. ET AL. | Florida Lee County 20th Circuit | 10-CA-001852 |
| BANK OF AMERICA V. A4 HOLDINGS LLC ET AL. | Florida Broward County 17th Circuit | CACE09056591 |
| BANK OF AMERICA V. CARLOS NAVAS (M2) | Florida St. Lucie County 19th Circuit | 2009CA007670 |
| BANK OF AMERICA V. FERNANDEZ HECTOR | Florida Miami-Dade County 11th Circuit | 2009-32763 |
| BANK OF AMERICA V. HSUN | Florida Miami-Dade County 11th Circuit | 2009-031396 |
| BANK OF AMERICA V. STREAMLINE CONSTRUCTION AND DEVELOPMENT (MF) | Florida St. Lucie County 19th Circuit | 2007CA000355 |
| BANK OF CORAL GABLES (LLC) V. TIERRA GARDEN APARTMENT (LLC) | Florida Miami-Dade County 11th Circuit | 2009-050376 |
| BANK OF NY V. PEREZ | Florida Miami-Dade County 11th Circuit | 2007-032112 |
| BANKS ET AL. V. UNITED FRAMERS ET AL. | Florida Lee County 20th Circuit | 10-CA-002399 |

| | | |
|---|---|---|
| BANKUNITED AS SUCCESSOR IN INTEREST TO BANKUNITED FSB V. BANNER SUPPLY CO. TAMPA | Florida Palm Beach County 15th Circuit | 2009CA029664 |
| BANNER SUPPLY CO. TAMPA LLC V. HINKLE DRYWALL, LCC ET AL. | Florida Hillsborough County 13th Circuit | 10-006882 |
| BARCIA V. CHABOT ENTERPRISES (PL) | Florida St. Lucie County 19th Circuit | 2009CA009336 |
| BARON-MANDIS V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014592 |
| BARRAGAN V. PRIDE HOMES OF LAKES BY BAY PARCEL H LLC ET AL. | Florida Miami-Dade County 11th Circuit | 2010-003357-CA-42 |
| BARRISH V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-004472 |
| BBL-FLORIDA LLC V. CA STEELMAN INC. ET AL. | Florida Lee County 20th Circuit | 2010CA004745 |
| BELFOUR V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06532 |
| BELFOUR V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 0:09-CV-61362 |
| BELL V. BANNER SUPPLY CO. | Florida Broward County 17th Circuit | 10-011668 |
| BENNETT ET AL. V. KENNETH EDELMAN ET AL. | Florida Broward County 17th Circuit | 10-023371 |
| BENNETT V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014458 |
| BISMARK MORTGAGE CO. LLC V. GALLAGHER CONSTRUCTION SERVICE ET AL. | Florida Lee County 20th Circuit | 2009CA050909 |
| BISSOON V. CENTERLINE HOMES CONSTRUCTION INC. ET AL. | St. Lucie Circuit | 56-2010-CA-001463 |
| BLOOM ET AL. V. ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP LP ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-033639 |
| BOISSEAU V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014496 |
| BONHEUR V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019777 |
| BORGARDT ET AL. V. HANSEN HOMES OF SOUTH FLORIDA INC. ET AL. | Florida Lee County 20th Circuit | 09-CA-005144 |
| BORGER ET AL. V. OCEANCREST CONDOMINIUM APARTMENTS INC. | Florida Palm Beach County 15th Circuit | 2006CA001503 |
| BORKOWSKI ET AL. V. BEAZER HOMES CORP. ET AL. | Florida Lee County 20th Circuit | 09-CA-002472 |
| BOWES V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019751 |
| BREWER ET AL. V. BEAZER HOMES CORP. ET AL. | Florida Lee County 20th Circuit | 09-CA-002471 |

| | |
|---|---|
| BRINCKU V. NATIONAL GYPSUM CO. | U.S. D.C. Southern District of Florida | 1:10-CV-20109 |
| BROWN V. CLOUTIER BROTHERS ET AL. | Florida St. Lucie County 19th Circuit | 2009CA007310 |
| BROWN V. STANDARD PACIFIC HOMES OF SOUTH OF FLORIDA | Florida Palm Beach County 15th Circuit | 2010-006964-CA-42 |
| BRUMBAUGH ET AL. V. BANNER SUPPLY CO. | Florida St. Lucie County 19th District | 09-CA-005611 |
| BUCK V. COMPLETED COMMUNITIES II (CD) | Florida St. Lucie County 19th Circuit | 2010CA002473 |
| BULLOCK V. KNAUF PLASTERBOARD (TIANJIN CO. LTD) ET AL. | Florida Broward County 17th Circuit | 11-0078 08 |
| BUTLER V. BANNER SUPPLY CO. | Florida Miami-Dade County 11th Circuit | 2009-072479 |
| BYRNE V. ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP | Florida Broward County 17th Circuit | 09-054664 |
| CALVO V. BANNER SUPPLY CO. | Florida Miami-Dade County 11th Circuit | 2010-003371-CA-42 |
| CAMPOSANO. V. KNAUF GIPS ET AL. | Florida Miami-Dade County 11th Circuit | 10-45796 CA 42 |
| CANAM STEEL CORP. V. EDEWAARD DEVELOPMENT CO. LLC | Florida Broward County 17th Circuit | CACE08037838 |
| CANFIELD, CARRIE V. LUCKY STRIKE, M.K. INC. ET AL | Florida Collier County 20th Circuit | 10-CA-000569 |
| CANO V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-006325 |
| CAREY V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06534 |
| CAREY V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 0:09-CV-61365 |
| CAREY V. GL HOMES OF FL CLASS ACTION | Florida Broward County 17th Circuit | 09-029725 |
| CARMEN COUCE TRUST V. GRAND SLAM INVESTMENTS (LLC) | Florida Miami-Dade County 11th Circuit | 2007-024628 |
| CARMEN COUCE TRUST V. GRAND SLAM INVESTMENTS (LLC) | Florida Miami-Dade County 11th Circuit | 2007-024632 |
| CARR ET AL. V. KNAUF GIPS KG ET AL. | Florida Lee County 20th Circuit | 09-CA-001745 |
| CARRAWAY V. BANNER SUPPLY CO. PSL | Florida St. Lucie County 19th Circuit | 2011-CA-001084 |
| CARROLL V. J S D BUIDERS | Florida Palm Beach County 15th Circuit | 2010-CA-015432 |
| CASEY V. CENTERLINE HOMES | Florida St. Lucie County 19th District | 09-CA-006486 |
| CEGIELSKI V. JAMES DRYWALL LLC | Florida Lee County 20th District | 11-CA-000371 |
| CENTURY PLUMBING WHOLESALE INC. V. JC PLUMBING SVCS INC. | Florida Miami-Dade County 11th Circuit | 2009-015449 |

| | |
|---|---|
| CHARTIS SPECIALTY INSURANCE CO. V. BANNER SUPPLY CO. | U.S. D.C. Middle District of Florida | 8:10-CV-00339 |
| CHASE HOME FINANCE (LLC) V. ARIAS | Florida Miami-Dade County 11th Circuit | 2010-003021-CA-01 |
| CHASE HOME FINANCE (LLC) V. RODAN | Florida Miami-Dade County 11th Circuit | 2009-083674 |
| CHERBA & YELENA V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019749 |
| CHEVY CHASE BANK (FSB) V. LEON | Florida Miami-Dade County 11th Circuit | 2008-045156 |
| CHINESE DRYWALL LITIGATION ET AL. V. KNAUF GIPS KG | Florida Broward County 17th Circuit | CACE11637 |
| CHRISTIAN V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081091-CA-42 |
| CIANCIMINO V. BANNER SUPPLY INTERNATIONAL LLC ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-026362 |
| CITIMORTGAGE INC. V. GIFFITH | Florida Palm Beach County 15th Circuit | 2009CA014507 |
| COHEN ET AL. V. CENTERLINE HOMES AT DELRAY INC | Florida Palm Beach County 15th Circuit | 2009-CA-021925 |
| CONROY V. ARANDA HOMES ET AL. | Florida Lee County 20th Circuit | 09-CA-005760 |
| CONTE ET AL. V. JWR CONSTRUCTION SERVICES INC. | Florida Lee County 20th Circuit | 2010CA000371 |
| CONTE V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014447 |
| COOMBS V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081940-CA-42 |
| COPLIN V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019775 |
| CORK V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031961-CA-42 |
| CORTES ET AL. V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031998-CA-42 |
| COSTOYA V. BANNER SUPPLY CO. ET AL. | Florida Miami-Dade County 11th Circuit | 2010-003364-CA-42 |
| COUNTRYWIDE HOME LOANS INC. V. JAEN | Florida Miami-Dade County 11th Circuit | 2008-058947 |
| CRAWFORD V. MASTER BUILDERS OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-015295 |
| CRESPO V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031993-CA-42 |
| CUDDAPAH ET AL. V. ARANDA HOMES ET AL. | Florida Lee County 20th Circuit | 10-CA-001191 |
| CULLITON V. TAYLOR MORRISON SERVICES INC. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04114 |
| CULLITON V. TAYLOR MORRISON SERVICES INC. | U.S. D.C. Middle District of Florida | 8:09-CV-00589 |
| CULLITON V. TAYLOR MORRISON SERVICES INC. | Florida Sarasota County 12th Circuit | 2008CA012639 |

| | |
|---|---|
| CULLITON V. TAYLOR MORRISON SERVICES INC. ET AL. | Florida Manatee County 12th Circuit | 2009CA002419 |
| CURBELO V. CENTERLINE HOMES CONSTRUCTION INC. ET AL. | Florida Broward County 17th Circuit | CACD10016551 |
| DABALSA V. BANNER SUPPLY CO. | Florida Miami-Dade County 11th Circuit | 2009-090487-CA-42 |
| DABALSA V. BAUHAUS SOLUTIONS INC | Florida Miami-Dade County 11th Circuit | 2009-055898-CA-42 |
| DAVY V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06533 |
| DAVY V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 0:09-61363 |
| DE GAMBOA V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04659 |
| DE GAMBOA V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 1:09-CV-21869 |
| DE LOS SANTOS V. CENTERLINE HOMES CONSTRUCTION INC. ET AL. | St. Lucie Circuit Court | 56-2009-CA-007181 |
| DEANE V. SOUTH KENDALL CONSTRUCTION CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-021660-CA-42 |
| DEBACHECK V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081885-CA-42 |
| DECAMBRE ET AL. V. BANNER SUPPLY CO. ET AL. | Florida St. Lucie County 19th Circuit | 2010 CA 005663 |
| DECARLO V. PULTE HOME CORP. | U.S. D.C. Southern District of Florida | 9:09-81260 |
| DECARLO V. PULTE HOME CORP. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06546 |
| DELEON ET AL. V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032231-CA-42 |
| DELEON ET AL. V. BANNER SUPPLY CO. ET AL. | Florida Miami-Dade County 11th Circuit | 10-59146 CA 06 |
| DELGRECO V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014510 |
| DESOLA V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014503 |
| DEUTSCH ET AL. V. PONCE RIVIERA LLC ET AL. | Florida Miami-Dade County 11th Circuit | 2009-072514-CA-42 |
| DEUTSCHE BANK NATIONAL TRUST CO. V. DOE ET AL. | Florida Palm Beach County 15th Circuit | 2007CA011649 |
| DEUTSCHE BANK NATIONAL TRUST CO. V. GARCIA ALAMO | Florida Miami-Dade County 11th Circuit | 2008-015652 |
| DEUTSCHE BANK NATIONAL TRUST CO. V. ORTIZ | Florida Miami-Dade County 11th Circuit | 2008-061929 |
| DEUTSCHE BANK NATIONAL TRUST CO. V. UPCHURCH | Florida Miami-Dade County 11th Circuit | 2008-034214 |
| DEUTSCHE BANK NATIONAL TRUST CO. V. DIAZ | Florida Miami-Dade County 11th Circuit | 2009-030986 |

| DEUTSCHE BANK V. STEVE CREWS (MF) | Florida St. Lucie County 19th Circuit | 2008CA009195 |
|---|---|---|
| DEXIA REAL ESTATE CAPITAL MARKETS V. SOUTH FLORIDA FED PARTNERS HIALEAH (LLC) | Florida Miami-Dade County 11th Circuit | 2009-042433 |
| DIAMOND V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014517 |
| DIAZ V. CASTILLO AZUL DEVELOPERS INC., ET AL | Florida Miami-Dade County 11th Circuit | 11-1449-CA-42 |
| DIAZ V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031894-CA-42 |
| DICARLO V. PULTE HOME CORP. | U.S. D.C. Southern District of Florida | 9:09-CV-81260 |
| DIFALCO V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014479 |
| DIFILIPPO V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06547 |
| DIFILIPPO V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 9:09-81261 |
| DIFILIPPO ET AL. V. G L HOMES OF FLORIDA CORP. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-013629 |
| DIFILIPPO V. G L HOMES OF FLORIDA CORP. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014589 |
| DOLINSKY ET AL. V. EAST HALLANDALE 25 LLC ET AL. | Florida Broward County 17th Circuit | 10-035835 |
| DORIA V. BANNER SUPPLY CO. | Florida Broward County 17th Circuit | 10-026888 |
| DR HORTON INC. V. B & B STUCCO. INC. ET AL. | Florida Lee County 20th Circuit | 09-CA-004722 |
| ECHAVARRIA V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031886-CA-42 |
| ECHEVARRIA V. KNAUF PLASTERBOARD (TIANJIN) CO. | Florida Miami-Dade County 11th Circuit | 2010-064471-CA-01 |
| EDWARDS V. CENTERLINE HOMES CONSTRUCTION INC. ET AL. | St. Lucie Circuit Court | 56-2010-CA-001465 |
| EFRIES ET AL. V. JAMES DRYWALL ET AL. | Florida Lee County 20th Circuit | 09-CA-005608 |
| ELKIN V. MARRIOTT DEVELOPMENT | Florida Palm Beach County 15th Circuit | 2010-CA-011532 |
| ELZEIN V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081928-CA-42 |
| ERVIN V. BANNER SUPPLY CO. ET AL. | Florida St. Lucie County 19th Circuit | 2010-CA- |
| ESHAM ET AL. V. GEORGE DRAKE GENERAL CONTRACTOR AND BANNER SUPPLY CO. | Florida Palm Beach County 15th Circuit | 2011-CA004840 |
| ESKENAZI ET AL. V. ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP LP ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-033727 |
| ESTRADA ET AL. V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031902-CA-42 |

| | | |
|---|---|---|
| EXECUTIVE DRYWALL INC. V. RESIDENCES AT OCEAN GRANDE INC | Florida Miami-Dade County 11th Circuit | 2006-000405 |
| FALKE V. MASTER BUILDERS OF SOUTH FLORIDA INC | Florida Broward County 17th Circuit | 9047546 |
| FALLMANN V. STERLING COMMUNITIES INC | Florida Palm Beach County 15th Circuit | 2009-CA-027145 |
| FCCI INSURANCE CO. V. BANNER SUPPLY CO. PSL, LLC (BC) | Florida St. Lucie County 19th Circuit | 2010CA003899 |
| FEDER V. LATOUR | Florida Miami-Dade County 11th Circuit | 2008-067764 |
| FEINBERG V. PROMENADE DEVELOPERS LTD | Florida Palm Beach County 15th Circuit | 2010-CA-000099 |
| FERNANDEZ V. NORTH PALM ESTATES HOMES | Florida Miami-Dade County 11th Circuit | 2009-081830-CA-42 |
| FERRAZ V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-011426 |
| FISCHER V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031915-CA-42 |
| FISCHER ET AL. V. BANNER SUPPLY CO. ET AL. | Florida Lee County 20th Circuit | 2010CA004607 |
| FITZGERALD V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014499 |
| FLAGSTAR BANK (FSB) V. SAASVEDRA | Florida Miami-Dade County 11th Circuit | 2008-030822-CA-01 |
| FLAGSTAR BANK V. FIGUEREDO | Florida Miami-Dade County 11th Circuit | 2009-026284-CA-01 |
| FLAGSTAR BANK V. WOLFF | Florida Miami-Dade County 11th Circuit | 2008-029691 |
| FLEURANTIN V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014553 |
| FLORES V. PRIDE HOMES OF LAKES BY BAY PARCEL H LLC ET AL. | Florida Miami-Dade County 11th Circuit | 2010-003353-CA-42 |
| FLORIDA READY MIX CONCRETE LLC V. GULFCOAST DEVELOPMENT LLC | Florida Lee County 20th Circuit | 2007CC002057 |
| FLORIDA READY MIX CONCRETE LLC V. GULFCOAST DEVELOPMENT LLC ET AL. | Florida Lee County 20th Circuit | 2007CC002054 |
| FLORIDA READY MIX CONCRETE LLC V. GULFCOAST TRUSS CO. INC. ET AL. | Florida Lee County 20th Circuit | 2007CC002063 |
| FLORIDA READY MIX CONCRETE LLC V. RINKER MATERIALS CORP. ET AL. | Florida Lee County 20th Circuit | 2007CC002052 |
| FORD V. WILSON HEIGHTS DEVELOPMENT | Florida Broward County 17th Circuit | 9043767 |
| FORTE V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019759 |
| FOSTER V. NORTHSTAR HOLDINGS INC. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04320 |

| | |
|---|---|
| FOSTER V. NORTHSTAR HOLDINGS INC., ET AL. | U.S. D.C. Southern District of Florida | 2:09-CV-80535 |
| FOSTER V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014594 |
| FRAIS V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04322 |
| FRAIS V. KNAUF GIPS KG ET AL. | U.S. D.C. Southern District of Florida | 09-80730 |
| FULKS V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06737 |
| FULKS V. KNAUF GIPS KG | U.S. D.C. Middle District of Florida | 2:09-CV-00569 |
| FULKS ET AL. V. PAUL HOMES INC. ET AL. | Florida Lee County 20th Circuit | 09-CA-001747 |
| GALLACHER J V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014459 |
| GALVIS V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014561 |
| GARCIA ET AL. V. LENNAR CORP. ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04118 |
| GARCIA ET AL. V. LENNAR CORP. ET AL. | U.S. D.C. Southern District of Florida | 1:09-CV-20739 |
| GARCIA V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031927-CA-42 |
| GARCIA V. KNAUF PLASTERBOARD (TIANJIN) CO. LTD. ET AL. | Florida Miami-Dade County 11th Circuit | 11-06615CA06 |
| GARCIA V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-029484-CA-42 |
| GEENSBURG V. KNAUF GIPS KG | Florida Broward County 17th Circuit | 09-022676 |
| GERACI V. ARANDA HOMES INC. | Florida Lee County 20th Circuit | 09-CA-003646 |
| GERHARDT V. MASTER BUILDERS OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-024106 |
| GESUALDO V. MASTER BUILDERS OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 09-054664 |
| GIANNETTI V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014528 |
| GLERUM V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019757 |
| GLICKMAN V. MASTER BUILDERS OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 9042551 |
| GODDARD ET AL. V. ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP LP ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-020475 |
| GOEDHART V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031919-CA-42 |
| GOLDSTEIN V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-05869 |

| | |
|---|---|
| GOLDSTEIN V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 0:09-CV-61096 |
| GOLDSTEIN V. KNAUF GIPS KG | Florida Broward County 17th Circuit | CACE09025462 |
| GOLDSTEIN V. KNAUF GIPS KG | Florida Broward County 17th Circuit | 09-022710 |
| GONZALEZ V. KNAUF GIPS KG ET AL. | U.S. D.C. Eastern District of Louisiana | 2:10-CV-04337 |
| GONZALEZ V. KNAUF GIPS KG ET AL. | U.S. D.C. Southern District of Florida | 1:10-CV-23743 |
| GONZALEZ ET AL. V. BANNER SUPPLY CO. | Florida Miami-Dade County 11th District | 10-51516 |
| GONZALEZ V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031924-CA-42 |
| GONZALEZ V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014456 |
| GONZALEZ V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031900-CA-42 |
| GONZALEZ V. KNAUF GIPS KG | Florida Miami-Dade County 11th Circuit | 2010-050684 |
| GONZALEZ V. NORTH PALM ESTATES HOMES | Florida Miami-Dade County 11th Circuit | 2009-081832-CA-42 |
| GONZALEZ V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081944-CA-42 |
| GRAHAM V. CENTERLINE HOMES CONSTRUCTION INC. ET AL. | Florida Broward County 17th Circuit | CACD10016601 |
| GRAHAM V. LUCKY STRIKE MK INC. ET AL. | Florida Collier County 20th Circuit | 10-02373 |
| GRANT ET AL. V. G L HOMES OF FLORIDA CORP. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019746 |
| GRIFFITH ET AL. V. BANNER SUPPLY CO. ET AL. | Florida St. Lucie County 19th District | 2011 CA 000006 |
| GROSS V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06690 |
| GUERRAZZI V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081876-CA-42 |
| GUERRERO ET AL. V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031916-CA-42 |
| GUILHEMPE V. ARANDA HOMES | Florida Lee County 20th Circuit | 11-CA-000009 |
| GULF STREAM BUILDERS SUPPLY V. EDEWAARD DEV. CO. LLC ET AL. | Florida Broward County 17th Circuit | CACE08029967 |
| GULTZ V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014573 |
| GUNTHER V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031931-CA-42 |
| GUTIERREZ ET AL. V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Palm Beach County 15th Circuit | 2011 CA 003758 |

| | |
|---|---|
| GUY V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014547 |
| GUZMAN V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032243-CA-42 |
| HAMBURG V. SIXTY FIFTH & ONE LLC ET AL. | Florida Broward County 17th Circuit | 10-11665 |
| HARBISON ET AL. V. KNAUF GIPS KG ET AL. | U.S. D.C. Eastern District of Louisiana | 2:10-CV-01224 |
| HARBISON ET AL. V. KNAUF GIPS KG ET AL. | U.S. D.C. Southern District of Florida | 9:09-CV-80773 |
| HARRELL V. SOUTH KENDALL CONSTRUCTION CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-008401-CA-42 |
| HASKELL V. CA STEELMAN INC. ET AL. | Florida Lee County 20th Circuit | 10-CA-004622 |
| HAYA ET AL. V. TAISHAN GYPSUM CO., LTD., ET AL. | U.S. D.C. Eastern District of Louisiana | 2:11-CV-01077 |
| HELMICK V. PRIDE HOMES OF LAKES BY BAY PARCEL H LLC ET AL. | Florida Miami-Dade County 11th Circuit | 2010-003361-CA-42 |
| HENRY ET AL. V. BELLA BUILDERS | Florida Lee County 20th Circuit | 10-CA-004601 |
| HERNANDEZ V. 6250 SW 79 ST LLC ET AL. | Florida Miami-Dade County 11th Circuit | 2009-041648-CA-42 |
| HERSHOFF ET AL. V. KNAUF GIPS KG ET AL. | Florida Miami-Dade County 11th Circuit | 10-61008 |
| HOBBIE ET AL. V. RCR HOLDINGS II LLC ET AL. | U.S. D.C. Eastern District of Louisiana | 2:10-CV-01113 |
| HOBBIE ET AL. V. RCR HOLDINGS II LLC ET AL. | U.S. D.C. Southern District of Florida | 9:10-CV-80320 |
| HOBBIE ET AL. V. R C R HOLDINGS II ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-032471 |
| HOME EQUITY MORT CORP. V. WJ&JW INC. | Florida Miami-Dade County 11th Circuit | 2008-016954 |
| HWB CONSTRUCTION INC. ET AL. V. KNAUF GIPS KG ET AL. | Florida Broward County 17th Circuit | 10-030149 |
| ISTAR FM LOANS LLC V. CHICAGO TITTLE INSURANCE CO. ET AL. | Florida Palm Beach County 15th Circuit | 2008CA000063 |
| IVORY ET AL. V. KB HOME FORT MYERS LLC ET AL. | Florida Charlotte County 20th Circuit | 09-3274-CA |
| JAEGER-BRANCHO V. NORTHSTAR HOLIDNGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019769 |
| JAGDEOSINGH V. OAKBROOK BUILDNG & DESIGN INC. ET AL. | Florida Broward County 17th Circuit | 10-47278-02 |
| JC&A ELECTRICAL CONTRACTORS INC. V. 812 816 LANDOWNERS LLC | Florida Miami-Dade County 11th Circuit | 2009-026330 |
| JERICHO ALL-WEATHER OPPORTUNITY FUND LP V. VEP HOUSING DEVELOPERS LLC | Florida Broward County 17th Circuit | CACE100005337 |
| JOHNSON V. GL HOMES OF FLORIDA CORP. | Florida Broward County 17th Circuit | 9029738 |

| | |
|---|---|
| JOHNSON V. OAKBROOK BUILDING & DESIGN | Florida Broward County 17th Circuit | 9026426 |
| JPMORGAN CHASE BANK NATIONAL V. BANNER SUPPLY CO. FORT MYERS ET AL. | Florida Lee County 20th Circuit | 2009CA069912 |
| K&M INVESTMENT HOLDINGS LLC ET AL. V. BANNER SUPPLY CO. PORT ST. LUCIE LLC ET AL. | St. Lucie Circuit Court | 56-2011-CA-000359 |
| KAPLAN V. BANNER SUPPLY CO. OF POMPANO LLC ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-026711 |
| KATZ V. PASQUALE ET AL. | Florida Palm Beach County 15th Circuit | 2007CA022649 |
| KB HOMES V. CENTRAL FLORIDA FINISHERS V. SUNCOAST BUILDING MATERIALS | Florida Polk County 10th Circuit | 2010-CA-004265 |
| KEBBE V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031869-CA-42 |
| KELLY V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 9:09-CV-80774 |
| KELLY V. GROSSE POINTE DEVELOPMENT CO. INC. ET AL. | Florida Lee County 20th Circuit | 10-CA-001839 |
| KHANDWALLA V. CENTERLINE HOMES CONSTRUCTION INC. ET AL. | Florida Broward County 17th Circuit | CACD1024508 |
| KLEM V. BANNER SUPPLY CO. | Florida Broward County 17th Circuit | CACE1001142 |
| KONDEK ET AL. V. G. DRYWALL CORP. ET AL. | Florida Lee County 20th Circuit | 10-CA-002389 |
| KORENTUR V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014550 |
| KOSAKOWSKI ET AL. V. BANNER SUPPLY CO. | Florida St. Lucie County 19th District | 09-CA-005356 |
| KRANZ ET AL. V. DELACRUZ DRYWALL ET AL. | Florida Lee County 20th District | 10-CA_004809 |
| KUPFER V. KNAUF GIPS KG | Florida Broward County 17th Circuit | 09-022692 |
| LAFLEUR V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-029472-CA-42 |
| LALLOO V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014591 |
| LAMAA V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081910-CA-42 |
| LANN ET AL. V. CARIBE EAST LLC | Florida Miami-Dade County 11th Circuit | 10-64747 CA 13 |
| LARSSEN-PING ET AL. V. BRIGHTWATER COMMUNITY ET AL. | Florida Pinellas County 6th Circuit | 10-16735 CI-20 |
| LASALLE BANK NATIONAL ASSN V. POSADA | Florida Miami-Dade County 11th Circuit | 2008-024858 |
| LASALLE BANK NATIONAL ASSN V. FERNANDEZ | Florida Miami-Dade County 11th Circuit | 2007-045044 |

| | |
|---|---|
| LASALLE BANK V. MARTINEZ | CAP09000062 |
| LAVERANDA NOTE HOLDER LLC ET AL. V. VERANDA CONDO I LLC ET AL. | CACE08037058 |
| LAW ET AL. V. LENNAR CORP. ET AL. | 09-CA-001746 |
| LEBRON ET AL. V. BREEZES AT GALLOWAY INC. ET AL. | 2:09-CV-06741 |
| LEBRON ET AL. V. BREEZES AT GALLOWAY INC. ET AL. | 1:09-CV-22612 |
| LEBRON ET AL. V. BREEZES AT GALLOWAY INC. ET AL. | 2009-031512-CA-42 |
| LENNAR HOMES LLC ET AL. V. KNAUF GIPS KG ET AL. | 2009-007901-CA-42 |
| LEVIN V. NORTHSTAR HOLDINGS INC. ET AL. | 2009-CA-014536 |
| LEVY V. EMERALD GREENS AT CARROLL WOOD LLC ET AL. | 10012855 DIV. I |
| LEWISON V. HUNTER & MIA DEVELOPMENT (LLC) | 2010-014064-CA-01 |
| LEZAMA V. LENNAR CORP. ET AL. | 2009-029481-CA-42 |
| LIBERTY SAVINGS BANK V. LLAMA CONSTRUCTION CORP. | 09-CA-020314 |
| LIBERTY SAVINGS V. LLAMA CONSTRUCTION | 09-CA-009065 |
| LIG INTERNATIONAL INC. A FLORIDA CORP. D/B/A ORACAL USA V. BANNER SUPPLY INC. | 2006CC005994 |
| LITTEN V. KNAUF GIPS KG ET AL. | 2009-046294-CA-42 |
| LITUS V. MEIBEN HOME BUILDERS LLC ET AL. | 56-2010-CA-002783 |
| LLAVERIAS V. LENNAR CORP. ET AL. | 2009-031972-CA-42 |
| LLOYD V. KNAUF GIPS KG | 9022721 |
| LOPEZ V. NORTHSTAR HOLDINGS INC. ET AL. | 2009-CA-014593 |
| MACARIO V. L P R BUILDERS INC. ET AL. | 2010-15985-CA-42 |
| MACIAS V. NORTHSTAR HOLDINGS INC. ET AL. | 2009-CA-014540 |
| MACKLAI V. GL HOMES OF FLORIDA CORP. | 9029735 |
| MACKLE V. C D C BUILDERS | 2009-056362-CA-42 |
| MACKOFF V. CENTERLINE HOMES INC. ET AL. | 2009-CA-039290 |

| | |
|---|---|
| Florida Monroe County 16th Circuit | |
| Florida Broward County 17th Circuit | |
| Florida Lee County 20th Circuit | |
| U.S. D.C. Eastern District of Louisiana | |
| U.S. D.C. Southern District of Florida | |
| Florida Miami-Dade County 11th Circuit | |
| Florida Miami-Dade County 11th Circuit | |
| Florida Palm Beach County 15th Circuit | |
| Florida Hillsborough County 13th District | |
| Florida Miami-Dade County 11th Circuit | |
| Florida Miami-Dade County 11th Circuit | |
| Florida Hillsborough County 13th Circuit | |
| Florida Hillsborough County 13th Circuit | |
| Florida Duval County 4th Circuit | |
| Florida Miami-Dade County 11th Circuit | |
| St. Lucie Circuit Court | |
| Florida Miami-Dade County 11th Circuit | |
| Florida Broward County 17th Circuit | |
| Florida Palm Beach County 15th Circuit | |
| Florida Miami-Dade County 11th Circuit | |
| Florida Palm Beach County 15th Circuit | |
| Florida Broward County 17th Circuit | |
| Florida Miami-Dade County 11th Circuit | |
| Florida Palm Beach County 15th Circuit | |

| | | |
|---|---|---|
| MADERA V. BANNER SUPPLY CO. | Florida St. Lucie County 19th Circuit | 2011 CA 000427 |
| MAGDALENA GARDENS CONDO ASSN ET AL. V. BROOKS ET AL. | Florida Lee County 20th Circuit | 10-CA-004011 |
| MANZUR V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019768 |
| MARCHESE V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014522 |
| MARDENI V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081903-CA-42 |
| MARESCA V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-004478 |
| MARINER VILLAGE INVESTMENTS INC. V. BANNER SUPPLY CO. | Florida Miami-Dade County 11th Circuit | 2011-004529-CA-01 |
| MARLEY V. BANNER SUPPLY CO. ET AL. | Florida Miami-Dade County 11th Circuit | 10-017557-CA |
| MARONDA HOMES INC. OF FLORIDA V. RESIDENTIAL DRYWALL | Florida Hillsborough County 13th Circuit | 09-CA-010159 |
| MARDODA HOMES INC. OF FLORIDA V. RESIDENTIAL DRYWALL | Florida Hillsborough County 13th Circuit | 09-CA-006976 |
| MARTIN V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014595 |
| MARTINEZ V. PERMUY | Florida Miami-Dade County 11th Circuit | 2009-076860-CA-42 |
| MASMELA V. E B DEVELOPERS | Florida Miami-Dade County 11th Circuit | 2010-026822-CA-42 |
| MASTER CASE CHINESE DRYWALL DIVISION | Florida Miami-Dade County 11th Circuit | 2009-200000-CA-42 |
| MASTROSIMONE V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014572 |
| MCCALLISTER V. BANNER SUPPLY CO. ET AL. | Florida St. Lucie County 19th Circuit | 2010 CA 005664 |
| MCCAULEY V. BANNER SUPPLY CO. | Florida Broward County 17th Circuit | 10-026685 |
| MCGRAW V. RESIDENTIAL DEVELOPMENT ET AL. | Florida Miami-Dade County 11th Circuit | 2009-038083-CA-42 |
| MEDALLION HOMES ET AL. V. QAYOOM | Florida Sarasota County 12th Circuit | 2006-CA-11743-SC |
| MEHAFFEYS CONSTRUCTION V. WHISKEY J'S INC. (BC) | Florida St. Lucie County 19th Circuit | 2008CA003775 |
| MEHAFFEYS V. WHISKEY J'S INC. | Florida St. Lucie County 19th Circuit | 2008CC000615 |
| MENDOZA V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-029478-CA-42 |
| MERCANTIL COMMERCEBANK V. EUREKA PALMS PARTNERSHIP (LLLP) | Florida Miami-Dade County 11th Circuit | 2009-053823 |
| MERITAGE HOMES ET AL. V. BANNER SUPPLY CO. | Florida Lee County 20th Circuit | 10-CA-004695 |

| | | |
|---|---|---|
| MESA V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032127-CA-42 |
| MESA V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032137-CA-42 |
| METZL V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06538 |
| METZL V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 1:09-CV-22570 |
| METZL V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031980-CA-42 |
| MEYER V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014529 |
| MEYER V. ENCHANTED HOMES INC. ET AL. | Florida Collier County 20th Circuit | 11-CA-001343 |
| MID-CONTINENT CASUALTY V. CL ARCHITECTS & CONTRACTORS CORP. | U.S. D.C. Southern District of Florida | 1:10-CV-23072 |
| MON V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081916-CA-42 |
| MORAKIS V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019773 |
| MORALES V. HAMMOCKS INVESTMENTS LLC ET AL. | Florida Miami-Dade County 11th Circuit | 11-114554-CA-42 |
| MORILLO V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032006-CA-42 |
| MORRIS V. KNAUF PLASTERBOARD TIANJIN CO. | Florida Broward County 17th Circuit | CACE09022664 |
| MORTGAGE ELECTRONIC REGISTRATION V. GULFCOAST DEVELOPMENT LLC ET AL. | Florida Lee County 20th Circuit | 2009CA052117 |
| MORTGAGE ELECTRONIC REGISTRATION V. SUNCOAST CONTRACTORS SUPPLY IN ET AL. | Florida Lee County 20th Circuit | 2008CA055717 |
| MUELLER V. CENTERLINE HOMES (BC) | Florida St. Lucie County 19th Circuit | 2009CA007026 |
| MULLEN ET AL. V. DOES 1-10 ET AL. | Florida Lee County 20th Circuit | 2009CA004035 |
| MULLIGAN V. CENTERLINE HOMES CONSTRUCTION | Florida Broward County 17th Circuit | 10-016607 |
| NATIONAL CITY BANK SUCCESSOR BY MERGER TO FIDELITY FEDERAL V. AGUNDELO ET AL. | Florida Palm Beach County 15th Circuit | 2009CA005562 |
| NAVARRO V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-05868 |
| NAVARRO V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 0:09-CV-60764 |
| NAVCORP. INC. V. HUNTER & MIA DEVELOPMENT | Florida Miami-Dade County 11th Circuit | 2010-010252-CA-01 |
| NELSON ET AL. V. DOES 1-10 ET AL. | Florida Lee County 20th Circuit | 2009CA003950 |

| | | |
|---|---|---|
| NEVES ET AL. V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-011421 |
| NICOLELLA V. BANNER SUPPLY CO. | Florida Miami-Dade County 11th Circuit | 2007-003229-CA-01 |
| NOLAN V. KNAUF GIPS KG | Florida Broward County 17th Circuit | 9022702 |
| NOVELLO V. ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP LP ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-033729 |
| NOWICKI V. HANSEN HOMES OF SOUTH FLORIDA INC. ET AL. | Florida Lee County 20th Circuit | 09-CA-001744 |
| OLSCHEWSKI V. CENTERLINE HOMES INC. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06751 |
| OLSCHEWSKI V. CENTERLINE HOMES INC. | U.S. D.C. Southern District of Florida | 9:09-CV-81274 |
| OLSCHEWSKI ET AL. V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-013464 |
| ORLANDO V. BANNER SUPPLY CO. | Florida Broward County 17th Circuit | 10-028090 |
| ORLANDO V. CALIBER CONSTRUCTION MANAGEMENT CO. | Florida Broward County 17th Circuit | CACE07017199 |
| ORUE V. VILLAS AT OAK HAMMOCK ET AL. | Florida Broward County 17th Circuit | 11-00173-12 |
| OZOR V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032213-CA-42 |
| PALOMBI ET AL. V. HANOVER HOMES ET AL. | Florida St. Lucie County 19th District | 2010 CA 004832 |
| PAPINEAU V. GEORGIA PACIFIC CO. | Florida Miami-Dade County 11th Circuit | 2007-030047-CA-01 |
| PASION V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014587 |
| PASS INTERNATIONAL INC. V. PLAZA AT WELLINGTON GREEN LLP ET AL. | Florida Palm Beach County 15th Circuit | 2008CA031057 |
| PATCHING V. G L HOMES OF FLORIDA CORP. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014449 |
| PATTON ET AL. V. USG CORP. ET AL. | Florida Lee County 20th Circuit | 09-CA-004085 |
| PAYTON V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-07628 |
| PEACE ET AL. V. ADVANTAGE BUILDERS OF AMERICA ET AL. | Florida Lee County 20th Circuit | 10-CA-00313 |
| PELLOT V. MALT | Florida Palm Beach County 15th Circuit | 2007CA006928 |
| PENA V. BANNER SUPPLY CO. | Florida Miami-Dade County 11th Circuit | 10-05092 CA 42 |
| PENSUM CAPITAL INC. V. 812 816 LANDOWNERS LLC | Florida Miami-Dade County 11th Circuit | 2009-071995 |
| PEREZ ET AL. V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031909-CA-42 |

| | |
|---|---|
| PEREZ V. BANNER SUPPLY CO PORT ST. LUCIE | Florida St. Lucie County 19th Circuit | 2011-CA-000392 |
| PEREZ V. NORTH PALM ESTATES HOMES | Florida Miami-Dade County 11th Circuit | 2009-081828-CA-42 |
| PERRIN V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014520 |
| PERSAUD ET AL. V. BANNER SUPPLY | Florida St. Lucie County 19th District | 2010 CA 005666 |
| PERSUAD V. BANNER SUPPLY | Florida St. Lucie County 19th District | 2011 CA 000412 |
| PETERSON ET AL. V. TREASURE COAST HOMES LLC ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04319 |
| PETERSON ET AL. V. TREASURE COAST HOMES LLC ET AL. | U.S. D.C. Southern District of Florida | 2:09-CV-14154 |
| PETERSON ET AL. V. DOES 1-10 ET AL. | Florida Martin County 19th Circuit | 2009CA003641 |
| PETTY ET AL. V. G. DRYWALLS CORP. | Florida Lee County 20th Circuit | 2010CA002400 |
| PICO V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032032-CA-42 |
| PICOTTE V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014495 |
| PISARIS-HENDERSON V. FRANCIS DOUBLAS ET AL. | Florida Lee County 20th District | 09-CA-001280 |
| PLAZA V. KNAUF GIPS KG ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-05871 |
| PLAZA V. KNAUF GIPS KG ET AL. | U.S. D.C. Southern District of Florida | 1:09-CV-22159 |
| PLAZA V. KNAUF GIPS KG | Florida Miami-Dade County 11th Circuit | 2009-038015 |
| POLONEY V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-032043-CA-42 |
| POULSEN V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014464 |
| POWELL V. PRIDE HOMES OF LAKES BY BAY PARCEL H LLC ET AL. | Florida Miami-Dade County 11th Circuit | 2010-003349-CA-42 |
| PRANDI V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014501 |
| PUCKETT V. GROVE HAMMOCKS ET AL. | Florida Miami-Dade County 11th Circuit | 10-26825 CA 42 |
| QUACKENBUSH V. CENTERLINE HOMES (OC) | Florida St. Lucie County 19th Circuit | 2009CA006868 |
| QUALITY CULTURED MARBLE INC. V. GARDEN WILLIAM ET AL. | Florida Lee County 20th Circuit | 2007CC006479 |
| RAIO V. MASTER BUILDERS OF SOUTH FLORIDA INC. | Florida Broward County 17th Circuit | 09-052483 |
| RAYFIELD V. KNAUF GIPS KG | U.S. D.C. Southern District of Alabama | 1:09-CV-00255 |

| | |
|---|---|
| RAYMOND V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019779 |
| RAYFIELD ET AL. V. KNAUF GIPS KG ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04293 |
| RAYFIELD ET AL. V. KNAUF GIPS KG ET AL. | Southern District of Alabama | 1:09-CV-00255 |
| RENDON V. BANNER SUPPLY CO. | Florida Broward County 17th Circuit | 10-004476 |
| RESTREPO V. PRIDE HOMES OF LAKES BY BAY PARCEL H LLC ET AL. | Florida Miami-Dade County 11th Circuit | 2010-003343-CA-42 |
| RHR OF MIA INC. V. LATOUR | Florida Miami-Dade County 11th Circuit | 2007-045108 |
| RIESCO V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031890-CA-42 |
| RINCON J V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031858-CA-42 |
| RIVERCREST LLC V. BETA CONSTRUCTION LLC | Florida Hillsborough County 13th Circuit | 10-CA-005757 |
| RIZZO ET AL. V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-039293 |
| ROBERTS ET AL. V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-05870 |
| ROBERTS ET AL. V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 1:09-CV-21309 |
| ROBIN ET AL. V. KNAUF PLASTERBOARD ET AL. | Florida Miami-Dade County 11th Circuit | 10-59323 CA 20 |
| ROBINSON ET AL. V. BANNER SUPPLY CO. ET AL. | Florida Lee County 20th Circuit | 2010CA004809 |
| RODRIGUEZ ET AL. V. KNAUF ET AL. | Florida Miami-Dade 11th Circuit | 2010-64481-CA-42 |
| RODRIGUEZ V. BANNER SUPPLY CO. ET AL. | Florida Lee County 20th Circuit | 2010CA004348 |
| ROGERS ET AL. V. KNAUF GIPS KG ET AL. | U.S. D.C. Eastern District of Louisiana | 2:10-CV-00362 |
| ROJAS V. U S G CORP. | Florida Miami-Dade County 11th Circuit | 2009-066150-CA-42 |
| ROMERO V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014590 |
| RON KENDALL MASONRY INC. V. MIRACLE MARKETPLACE (LLC) | Florida Miami-Dade County 11th Circuit | 2009-061150-CA-01 |
| RON KENDALL MASONRY INC. V. STANDARD PACIFIC HOMES OF SOUTH OF FLORIDA ET AL. | Florida Broward County 17th Circuit | CACE10022783 |
| ROSAS ET AL. V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-011430 |
| ROSEN ET AL. V. ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP LP ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-033636 |
| ROSEN ET AL. V. ALBANESE POPKIN THE OAKS DEVELOPMENT | Florida Palm Beach County 15th Circuit | 2009-CA-033731 |

| | | |
|---|---|---|
| GROUP LP ET AL. | | |
| ROSSI ET AL. V. ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP LP ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-033733 |
| ROTHMAN V. G L HOMES OF FLORIDA CORP. & BOYNTON BEACH XVI CORP. | Florida Palm Beach County 15th Circuit | 2009-CA-014554 |
| ROTTAU ET AL. V. ARANDA HOMES | Florida Lee County 20th Circuit | 09-CA-5757 |
| ROYAL ET AL. V. BEAZER HOMES CORP. ET AL. | Florida Lee County 20th Circuit | 09-CA-002470 |
| ROYAL ET AL. V. BEAZER HOMES CORP. ET AL. | Florida Lee County 20th Circuit | 09-CA-002473 |
| ROYAL V. BEAZER HOMES CORP. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04657 |
| ROYAL V. BEAZER HOMES CORP. | U.S. D.C. Middle District of Florida | 2:09-CV-00420 |
| RUBLE V. BANNER SUPPLY CO. | Florida Miami-Dade County 11th Circuit | 2007-039380 |
| RUCKI ET AL. V. ARANDA HOMES | Florida Lee County 20th Circuit | 10-CA-000060 |
| RUSSO V. KNAUF PLASTERBOARD TIANJIN CO. LTD ET AL. | Florida Broward County 17th Circuit | CACE115012 |
| RYCZEK V. NORTHSTAR HOLDINGS INC | Florida Palm Beach County 15th Circuit | 2009-CA-014584 |
| SAEKS V. ARANDA HOMES | Florida Lee County 20th Circuit | 10-CA-001189 |
| SAINTIL V. G L HOMES OF FLORIDA CORP. & BOYNTON BEACH XVI CORP. | Florida Palm Beach County 15th Circuit | 2009-CA-014512 |
| SAN FILIPPO V. MASTER BUILDERS OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 9042256 |
| SARKAR V. LA SUPREMA ENTERPRISE INC. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081095-CA-42 |
| SATTER R V. BANNER SUPPLY CO. ET AL. | Florida Palm Beach County 15th Circuit | 2010-CA-004868 |
| SCARBOROUGH V. CAROTEX CONSTRUCTION INC. | U.S. D.C. Southern District of Florida | 0:09-CV-60156 |
| SCHER V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-006322 |
| SCHLICHTE ET AL. V. G. DRYWALLS CORP. | Florida Lee County 20th Circuit | 2010CA002389 |
| SCHUMACHER V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019744 |
| SCRITCHFIELD V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04306 |
| SCRITCHFIELD V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 2:09-CV-14111 |
| SEIFART G V. KNAUF GIPS KG ET AL. | Florida Miami-Dade County 11th Circuit | 2009-038887-CA-42 |

| | | |
|---|---|---|
| SERAJUDDOWLA ET AL. V. UNITED FRAMERS INC. | Florida Lee County 20th Circuit | 2010CA002399 |
| SHAKOOR ET AL. V. LUMAR BUILDERS ET AL. | Florida St. Lucie County 19th Circuit | 572009CA010086 |
| SHAKOOR V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04307 |
| SHAKOOR V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 2:09-CV-14115 |
| SHAW ET AL. V. ARANDA HOMES ET AL. | Florida Lee County 20th Circuit | 09-CA-005759 |
| SHAW V. NORTHSTAR HOLDINGS INC | Florida Palm Beach County 15th Circuit | 2009-CA-014492 |
| SIDDIQUI ET AL. V. RIVERCREST LLC | Florida Hillsborough County 13th Circuit | 10-010182 |
| SIEGEL V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014588 |
| SIEGEL V. MASTER BUILDERS OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 9049418 |
| SILVESTRI ET AL. V. UNITED HOMES BUILDERS ET AL. | Florida Lee County 20th Circuit | 10-CA-00443 |
| SINGH V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-006320 |
| SMITH ET AL. V. K. HOVANIAN FIRST HOMES LLC ET AL. | Florida Lee County 20th Circuit | 2010CA000056 |
| SOLABELLA CO. LTD ET AL. V. BANNER SUPPLY CO. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-076853-CA-42 |
| SOSKA ET AL. V. KENNETH EDELMAN ET AL. | Florida Broward County 17th Circuit | 10-023570 |
| SOUSS V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-006318 |
| ST. CYR V. CENTERLINE HOMES CONSTRUCTION INC. | Florida Broward County 17th Circuit | 10-017029 |
| ST. JULIEN V. CENTERLINE HOMES (CD) | Florida St. Lucie County 19th Circuit | 2010CA-00345 |
| STALCUP V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014513 |
| STEINER ET AL. V. BEIJING NEW BUILDING MATERIALS PLC ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-06545 |
| STEINER ET AL. V. BEIJING NEW BUILDING MATERIALS PLC ET AL. | U.S. D.C. Southern District of Florida | 9:09-CV-81259 |
| STEINER V. CENTERLINE HOMES ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014487 |
| STERLING BANK V. GUSTAVO SUERO (MF) | Florida St. Lucie County 19th Circuit | 2008CA009207 |
| STEAM MILL ENTERPRISES INC. V. FREEMARR HOMES INC. ET AL. | Florida Hillsborough County 13th Circuit | 11-005684 |
| SUNTRUST BANK V. DUNCAN | Florida Miami-Dade County 11th Circuit | 2010-007881 |

| | | |
|---|---|---|
| SUNTRUST MORTGAGE INC. V. UNKNOWN TENANT #1 ET AL. | Florida Palm Beach County 15th Circuit | 2008CA034413 |
| SUNTRUST MORTGAGE INC. V. GREENBERG | Florida Palm Beach County 15th Circuit | 2009CA020337 |
| SUNTRUST MTG INC. V. NORDINGER | Florida Broward County 17th Circuit | CACE09043303 |
| SURMAN V. LUCKY STRIKE MK INC. | Florida Collier County 20th Circuit | 10-6526-CA |
| SYNALOVSKI MANUEL V. KNAUF PLASTERBOARD TIANJIN CO. | Florida Broward County 17th Circuit | 10-41716 CA 12 |
| TALERICO. ET AL. V. JAMES DRYWALL LLC | Florida Lee County 20th Circuit | 10-CA-002391 |
| TAYLOR MORRISON V. BANNER SUPPLY CO. | Florida Hillsborough County 13th Circuit | 10-016414 |
| TAYLOR V. CENTERLINE HOMES CONSTRUCTION INC. | Florida Broward County 17th Circuit | 10-0117028 |
| TERRIL V. EDELMAN ET AL. | Florida Broward County 17th Circuit | 10-023568 |
| THOMAS ET AL. V. JD CUSTOM HOMES ET AL. | Florida Lee County 20th Circuit | 09-CA-003950 |
| THOMPSON V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-066153-CA-42 |
| TIERONE BANK V. STREAMLINE CONSTRUCTION (MF) | Florida St. Lucie County 19th Circuit | 2007CA000892 |
| TORRES & RODRIGUEZ V. R. FRY HOLDINGS ET AL. | Florida Lee County 20th Circuit | 10-CA-004348 |
| TRANSATLANTIC BANK V. FIRST STREET LANDOWNERS (LC) | Florida Miami-Dade County 11th Circuit | 2009-039283 |
| TUCKER ET AL. V. ARANDA HOMES | Florida Lee County 20th Circuit | 10-CA-001190 |
| TURNER CONSTRUCTION CO. ET AL. V. BANNER SUPPLY CO. ET AL. | Florida Appeals Court – 3rd District (Miami) | 3D06-603 |
| TUTIN V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-039288 |
| URENA V. KNAUF GIPS KG | Florida Broward County 17th Circuit | 9022682 |
| USAGA ET AL. V. KNAUF GIPS KG ET AL. | U.S. D.C. Eastern District of Louisiana | 2:11-CV-00336 |
| USAGA ET AL. V. KNAUF GIPS KG ET AL. | U.S. D.C. Southern District of Florida | 1:09-CV-22569 |
| USAGA ET AL. V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-029476-CA-42 |
| USO NORGE V. BOVIS LEND LEASE ET AL. | Florida Palm Beach County 15th Circuit | 2010 CA 026423 |
| VALBUENA V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031813-CA-42 |
| VASQUEZ V. STANDARD HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-006324 |

| | | |
|---|---|---|
| VENUS V. NORTHSTAR HOLDINGS INC | Florida Palm Beach County 15th Circuit | 2009-CA-014560 |
| VICKERS V. KNAUF GIPS KG | U.S. D.C. Eastern District of Louisiana | 2:09-CV-04117 |
| VICKERS V. KNAUF GIPS KG | U.S. D.C. Southern District of Florida | 1:09-CV-20510 |
| VICTORES ET AL. V. LENNAR HOMES LLC ET AL. | U.S. D.C. Southern District of Florida | 1:09-CV-22160 |
| VICTORES ET AL. V. LENNAR HOMES LLC ET AL. | U.S. D.C. Eastern District of Louisiana | 2:09-CV-05872 |
| VICTORES ET AL. V. LENNAR HOMES LLC ET AL. | Florida Miami-Dade County 11th Circuit | 2009-018414-CA-01 |
| VILLALOBOS V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-081894-CA-42 |
| VILLALTA V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-079411-CA-42 |
| VILLAS AT OAK HAMMOCK V. BANNER SUPPLY CO. ET AL. | Florida Broward County 17th Circuit | 10-40212 |
| VOUTSINAS V. NORTHSTAR HOLDINGS INC | Florida Palm Beach County 15th Circuit | 2009-CA-014466 |
| WACHTER V. TUSCAN HARVEY ESTATE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-018512 |
| WALLACE V. STANDARD PACIFIC HOMES OF SOUTH FLORIDA | Florida Broward County 17th Circuit | 10-004474 |
| WANOUNOU V. NORTHSTAR HOLDINGS INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-019753 |
| WATSON V. CENTERLINE HOMES CONSTRUCTION INC. ET AL. | St. Lucie Circuit Court | 56-2010-CA-001470 |
| WEBSTER V. UNITED HOMES INTERNATIONAL INC. | Florida Miami-Dade County 11th Circuit | 2011-000787 |
| WEINER (TRUSTEE) V. TIERRA HOMES CORP. | Florida Miami-Dade County 11th Circuit | 2010-030881-CA-01 |
| WELLS FARGO BANK (NA) V. ORTIZ JOSE M. | Florida Miami-Dade County 11th Circuit | 2010-021642 |
| WELLS FARGO BANK V. LYON BRADLEY | Florida Broward County 17th Circuit | CACE1043827 |
| WELLS FARGO BANK V. PRIME DRYWALL & PLASTERING INC. ET AL. | Florida Lee County 20th Circuit | 2009-CA059242 |
| WEST CONSTRUCTION INC. V. BANNER SUPPLY | Florida Palm Beach County 15th Circuit | 2010-CA-002246 |
| WESTCHESTER SURPLUS LINES ET AL. V. KNAUF GIPS ET AL. | Florida Broward County 17th Circuit | 10-46310 |
| WETZLER V. MEYERS CONSTRUCTION & REAL ESTATE INC | Florida Palm Beach County 15th Circuit | 2010-CA-005636 |
| WHIDDEN V. JUDSON CONSTRUCTION ET AL. | Florida Lee County 20th Circuit | 09-CA-003961 |
| WILLIAMS V. CENTERLINE HOMES CONSTRUCTION INC. ET AL. | St. Lucie Circuit Court | 56-2010-CA-001468 |

| | | |
|---|---|---|
| WILTZ ET AL. V. BEIJING NEW BUILDING MATERIALS PLC ET AL. | U.S. D.C. Eastern District of Louisiana | 2:10-CV-00361 |
| WITES V. ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP | Florida Broward County 17th Circuit | 09-054421 |
| WOLF ET AL. V. ELEGANT HOMES INC. ET AL. | Florida Broward County 17th Circuit | CACE08014065 |
| WOLF ET AL. V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031831-CA-42 |
| WONG V. CENTERLINE HOMES INC. ET AL. | Florida Palm Beach County 15th Circuit | 2009-CA-014451 |
| ZEPEDA V. LENNAR CORP. ET AL. | Florida Miami-Dade County 11th Circuit | 2009-031824-CA-42 |
| ZERVOS V. LA SUPREMA TRADING ET AL. | Florida Miami-Dade County 11th Circuit | 2009-082325-CA-42 |

EXHIBIT D

GENERAL RELEASE OF ALL CLAIMS (THE "RELEASE")

## 1. Definitions

 1.1. Capitalized terms used in this Release shall have the same meaning as those defined in the Amended Stipulation and Agreement of Settlement dated August 3, 2011 (the "Settlement"), unless defined herein.

## 2. Authority

 2.1. Class Members and each individual signing this Release on behalf of the Class represent and warrant that they are duly authorized to do so and that they have the authority to enter into this Release on behalf of the parties for which they sign. Counsel for the Parties likewise represent and warrant that they are duly authorized by their respective clients to execute this Release and to take all appropriate action required and permitted to be taken by this Release.

## 3. Releasor

 3.1. Class Members understand that the terms of the Settlement govern the resolution of their claims. Class Members understand that in return for the Insurers' payment of the Insurance Proceeds, except for any obligations that one or more of the Insurers may have under any insurance policy that is not one of the Banner Insurance Policies, Class Members have fully and completely released, waived, and abandoned any and all claims against the Settling Defendants that are in any way related to Chinese Drywall and/or the Banner Insurance Policies, and that the intent of the Parties is that the Settling Defendants shall have no further liability in connection with the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the Banner Insurance Policies.

 3.2. Class Members understand that under the terms of the Settlement, any claim that Class Members and anyone claiming by, through, and/or on behalf of any of them has, may have, or may have had against the Settling Defendants arising out of, in any manner related to, or connected in any way with Chinese Drywall; the collective mitigation of, response to, and/or recovery from the damage caused by Chinese Drywall; any act and/or failure to act related in any way to any of the foregoing; the Released Claims; the Litigation; the Related Actions; the Related Claims; and/or the Banner Insurance Policies is fully and finally released, waived, discharged, surrendered, foregone, given up, abandoned, and cancelled.

 3.3. Class Members understand that Class Members and anyone claiming by, through and/or on behalf of any of them, will be forever barred and enjoined from prosecuting any action against the Settling Defendants asserting any and/or all Released Claims.

3.4. Class Members acknowledge having had an opportunity to obtain advice of counsel of their choosing regarding this release and waiver, and having discussed it with such counsel to its satisfaction.

3.5. Class Members acknowledge that each Insurer has acted in good faith and fairly, reasonably, and honestly towards the Class and with due regard for the Class' interests. Class Members further acknowledge that the Settlement by the Settling Defendants, being in good faith, precludes the Class and Class Members, each Releasing Party, and Banner from asserting a bad faith claim against any Insurer.

3.6. Class Members acknowledge and agree that this Release is irrevocable and unconditional and is intended to be as broad as can possibly be created.

## 4. Releases

4.1. In consideration for the Insurers' agreement to pay the Insurance Proceeds as set out in Section 1.12 of the Settlement, Class Members knowingly and voluntarily release, remise, waive, surrender, forego, give up, abandon, cancel, acquit, and forever discharge the Settling Defendants for any and all claims whatsoever which arise out of, or are related in any way to, the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the Banner Insurance Policies, including, but not limited to:

4.1.1. Any and all Released Claims;

4.1.2. Claims for personal injury, bodily injury (including death), property damage, remediation and/or clean-up of property, diminution of property value, groundwater contamination, loss of use, loss of enjoyment, economic loss, fear, fear of illness or disease, fear of developing illness or disease, fright, mental distress, pain and suffering, loss of earnings, impairment of earning capacity, loss of consortium, loss of support, love and affection, equity and medical monitoring, bystander liability, wrongful death, survival actions, breach of contract, all statutory claims, punitive or exemplary damages, attorneys' fees, costs or expenses, moving expenses, additional rental or mortgage payments;

4.1.3. Claims for nuisance, trespass, inconvenience, loss of use or enjoyment, negligence, negligence *per se*, tort, public or private nuisance, custody of a thing containing a vice or defect, strict liability, liability for ultrahazardous activities or conduct, absolute liability, wanton and reckless misconduct, malicious misconduct, servitude or obligation of vicinage, abuse of right, or any other liability legally asserted or assertable under any federal, state, or local statute, directive or regulation, redhibition, violation of Louisiana New Home Warranty Act, Louisiana Products Liability Act (La. R.S. 9:28000.51 *et. seq.*), Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 51:1401 *et. seq.*), negligent discharge of a corrosive substance, unjust enrichment, breach of express or implied

warranty, breach of implied warranty of fitness and merchantability (Fla. Stat. § 718.203), breach of implied warranty of habitability, negligent misrepresentation, building code violations under Fla. Stat. § 553.84, or fraud;

4.2. Nothing herein is intended to release, waive, discharge, surrender, forego, give up, abandon, and cancel any claims that a Class Member has or may have against one or more of the Insurers under any insurance policy that is not one of the Banner Insurance Policies.

4.3. Class Members acknowledge that Class Members may in the future learn of additional and/or different facts as they relate to Chinese Drywall, the Released Claims, the Litigation, the Related Actions, the Related Claims, the Banner Insurance Policies, and/or any injury the Class Members have ever claimed, do claim, or may at any time in the future claim. Class Members have been fully advised, understand, and acknowledge the significance and consequences of releasing all of the claims and liabilities and hereby assume full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that Class Members may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve Class Members' right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, Class Members specifically and expressly waive (to the fullest extent permitted by applicable law) their rights.

4.4. Without limitation of the foregoing, this Release is specifically intended to operate and be applicable even if it is alleged, charged, or proven that some or all of the released claims and liabilities are caused in whole or in part by the negligence, negligence *per se*, gross negligence, breach of warranty, violation of law, defective product, malice, bad faith, and/or conduct of any type by the Settling Defendants.

4.5. Class Members understand that each Class Member receiving an allocated recovery under Section 14 of the Settlement for an Affected Property or for bodily injury shall (i) defend, indemnify, and hold harmless each of the Settling Defendants, but only up to the amount of the allocated recovery for that Affected Property, from and against (a) any and all claims involving that Affected Property brought or otherwise asserted by, on behalf of, through, or deriving from such Class Member's heirs, executors, representatives, attorneys or former attorneys, successors, employers, insurers, employers' insurers, health insurers, health care providers, assignees, subrogees, predecessors in interest, successors in interest, beneficiaries or survivors; and (b) any claims for contribution, common law indemnity, contractual indemnity, and/or subrogation, whether arising under tort, contract or otherwise, brought or otherwise asserted against the Settling Defendants as a result of such Class Member's continued pursuit of claims related to that particular Affected Property; and (ii) reduce or satisfy any judgment involving that Affected Property against the Settling Defendants under applicable

state law, whether it be *pro rata*, *pro tanto*, and/or by set off, but only up to the amount of the allocated recovery received by such Class Member for that particular Affected Property, to reduce or extinguish any claims for contribution, common law indemnity, contractual indemnity, and/or subrogation, whether arising under tort, contract or otherwise, brought or otherwise asserted against the Settling Defendants as a result of such Class Member's continued pursuit of claims related to that particular Affected Property. Under no circumstances shall a Class Member's obligations under this Section 4.5 (and Section 3.3.5 of the Settlement) exceed the Class Member's allocated recovery under Section 14 of the Settlement for any particular Affected Property.

4.6.    Class Members understand and agree that the indemnity, defense, and judgment reduction obligations shall exist regardless of the legal basis for the claim, demand, cause of action, right of action, liability, lien, or judgment demand asserted by any person or entity to the extent related to the Released Claims against any Released Party and/or Settling Defendant. In particular, the Class Members expressly bind themselves to the foregoing indemnity, defense and judgment reduction obligations regardless of whether the claim, demand, suit, liability, lien, judgment, cause of action, or right of action is based on or related to (a) the negligence of any of the Settling Defendants, sole or concurrent; (b) the strict liability of any of the Settling Defendants under any theory whatsoever; (c) the absolute liability of any of the Settling Defendants; (d) the wanton, reckless, or willful misconduct of any of the Settling Defendants; (e) any actual, alleged or purported right, asserted by any Settling Defendant or any Class Member under a policy of insurance issued by one or more Insurers; or (f) any other basis whatsoever.

4.7.    Class Members retain and do not release, waive or abandon the right to raise as a defense in any action that a Settling Defendant is wholly, partially, individually, jointly or severally liable, and/or otherwise liable and/or responsible for all or a portion of a verdict, judgment or award, and Class Members retain and do not release, waive or abandon the right to a set-off, credit, or reduction of the amount of any verdict, judgment or award by a percentage of fault allocated to any Settling Defendant.

4.8.    **WITHOUT LIMITATION OF THE FOREGOING, THIS RELEASE IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED OR PROVED THAT SOME OF ALL OF THE RELEASED CLAIMS AND LIABILITIES ARE CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, BREACH OF WARRANTY, VIOLATION OF LAW, DEFECTIVE PRODUCT, MALICE, AND/OR CONDUCT OF ANY TYPE BY THE OTHER SETTLING DEFENDANTS, ANY RELEASING PARTY, AND/OR ANY OTHER PERSON.**

## 5. Pursuit of Certain Claims

5.1.    Class Members agrees that they will never (i) take any legal or other action to initiate, pursue, or maintain, or otherwise attempt to execute upon, collect or

otherwise enforce, any of the Released Claims and Liabilities of or against any Released Party, (ii) institute or participate in any new legal action against any Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with Chinese Drywall and/or with any injury a Class Member has ever claimed, claims, or may at any time hereafter claim that Chinese Drywall caused in whole or in part or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against any Released Party in any legal action described in clause (ii) or any pending legal action against Banner, the Insurers, or any Released Party.

## 6. Acknowledgment of Comprehension

6.1. **CLASS MEMBERS ARE ENTERING INTO THIS RELEASE FREELY AND VOLUNTARILY. CLASS MEMBERS UNDERSTAND AND ACKNOWLEDGE THE NATURE, VALUE, AND SUFFICIENCY OF THE CONSIDERATION DESCRIBED IN THIS RELEASE. CLASS MEMBERS ACKNOWLEDGE THAT THEY HAVE READ THIS RELEASE AND THE AGREEMENT, AND HAVE HAD AN OPPORTUNITY TO OBTAIN ADVICE FROM, AND ASK QUESTIONS OF, COUNSEL OF MY CHOOSING REGARDING THE TERMS AND LEGAL EFFECT OF THESE DOCUMENTS AND MY DECISION TO ENROLL TO PARTICIPATE IN THE PROGRAM. CLASS MEMBERS FURTHER ACKNOWLEDGE THAT THEY HAVE DISCUSSED ALL THESE MATTERS WITH THE COUNSEL OF MY CHOOSING, AND SUCH COUNSEL HAS ANSWERED ALL MY QUESTIONS TO MY SATISFACTION.**

## 7. No Admission of Fault

7.1. Class Members understand and agree that the Settling Defendants have entered into this Release and the Agreement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility or fault of or by Banner, the Insurers, or any other Released Party.

## 8. Representations and Warranties

8.1. Class Members represent and warrant that they have full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Class Members have the sole right to receive any and all Settlement Payments, if any, with respect to my claim under the Program. Class Members have not sold, assigned, transferred or otherwise disposed of, or pledged or otherwise encumbered, any of the Released Claims and Liabilities in whole or in part.

## 9. Governing Law

9.1. This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

## 10. Severability

10.1.   Class Members agree that if any provision of this Release is adjudicated to be invalid, illegal or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, Class Members hereby specifically and expressly waive any provision of Law that renders any provision of this Release invalid, illegal or unenforceable in any respect.

IN WITNESS WHEREOF, the Parties have read and understood the terms and conditions of this Release, agree to be bound by all of its provisions, and have executed this Release on the date shown by their signatures below.

**PLAINTIFFS' LIAISON COUNSEL**

By: _____
Russ Herman

Print Name: _____

Witness Signature

Printed Name: Amy Catalanotto

Date: 9/3/11

---

Witness Signature

Printed Name: Cynthia J. Pineda

Date: 9/3/11

---

**PLAINTIFFS' LEAD COUNSEL AND FOR THE PLAINTIFFS' STEERING COMMITTEE**

By: Arnold Levin by Leonard A Davis
Arnold Levin by Proxy

Print Name: _____

Witness Signature

Printed Name: Amy Catalanotto

Date: 9/3/11

---

Witness Signature

Printed Name: Kate Danahay

Date: 9/3/11

**PLAINTIFFS' PROPOSED CLASS COUNSEL**

By _____

Russ Herman

Print Name: _____

_____
Witness Signature

Amy Catalanotto
Printed Name

August 3, 2011
Date

_____
Witness Signature

Cynthia J Pineda
Printed Name

August 3, 2011
Date

**PLAINTIFFS' PROPOSED CLASS COUNSEL**

By: Arnold Levin by Leonard A Davis

Arnold Levin       pr proxy

Print Name: _____

_____
Witness Signature

Amy Catalanotto
Printed Name

August 3, 2011
Date

_____
Witness Signature

Cynthia J Pineda
Printed Name

August 3, 2011
Date

**PLAINTIFFS' PROPOSED CLASS COUNSEL**

By: _Ervin Gonzalez by Leonard A Davv_
    Ervin Gonzalez    _Pr proxy_

Print Name: _____

_____
Witness Signature

_Amy Catalanotto_
Printed Name

_8/3/11_
Date

_____
Witness Signature

_Cynthia J. Pineda_
Printed Name

_8/3/11_
Date

**PLAINTIFFS' PROPOSED CO-CLASS COUNSEL**

By: _____
    Dorothy H. Wimberly

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

**PLAINTIFFS' PROPOSED CLASS COUNSEL**

By: _____

    Ervin Gonzalez

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

**PLAINTIFFS' PROPOSED CO-CLASS COUNSEL**

By: _Dorothy H. Wimberly_

    Dorothy (H) Wimberly

Print Name: _Dorothy H. Wimberly_

_Catherine Root_
Witness Signature

_Catherine Root_
Printed Name

_8/5/11_
Date

_____
Witness Signature

_Justin Swaim_
Printed Name

_8/5/11_
Date

BANNER'S RELEASE OF CHARTIS (THE "RELEASE")

## 1. Definitions

    1.1.    Capitalized terms used in this Release shall have the same meaning as those defined in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement"), unless defined herein.

    1.2.    "Consideration" shall mean the policy limits paid pursuant to the Settlement, and other good and valuable consideration.

## 2. Releasor

    2.1.    Banner has been advised and fully understands that the Settlement governs the resolution of any and all claims Banner has, may have, or may have in the future against Chartis, including claims under or related to the Triggered Policies, and/or with regard to any injury or damage Banner has ever claimed, or may at any time claim in the future concerning and/or connected in any way with Chinese Drywall or the Triggered Policies.

    2.2.    Banner has been advised and fully understands that any and all claims that Banner has or may have in the future against Chartis concerning or connected in any way with Chinese Drywall under the Chartis Policies will be fully and forever released once the Settlement is Final.

    2.3.    Banner has been advised and fully understands the potential for opt-out claims and that any claimant that opts out of the Settlement will preserve its claims against Banner. Banner further acknowledges that it has a right, pursuant to Section 6.3.2 of the Settlement, to terminate the Settlement at its sole discretion. Banner has been advised by Chartis that if there are opt out claims and Banner does not terminate the Settlement, Banner's insurance assets will not be available to defend, pay, or otherwise respond to such claims. Banner agrees that Chartis has adequately advised it that opt out claims present continued exposure to Banner, and that Banner will be responsible for paying any opt out claims in the event that Banner does not terminate the Settlement.

    2.4.    Banner acknowledges that Chartis has thoroughly investigated all of the Chinese Drywall-related claims against Banner, that Chartis has communicated with Banner regarding the terms and significance of the Settlement throughout the Settlement's negotiation, and that the Settlement represents the best opportunity to settle as many Chinese Drywall-related claims against Banner as is possible.

    2.5.    Banner has made an independent determination that the Settlement represents its best option for resolving as many claims as possible with its Insurance Proceeds, minimizes Banner's overall liability, and is in Banner's best interests.

## 3. Releases

    3.1.    In consideration for Chartis' agreement to pay the Insurance Proceeds as set out in Section 1.12 of the Settlement, and upon the Settlement becoming Final, Banner knowingly and voluntarily releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits, and forever discharges Chartis for any and all claims whatsoever including, but not limited to, (i) all claims that arise out of, or are related in any way to, Chinese Drywall, the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the Chartis Insurance Policies; (ii) all claims for insurance coverage, indemnity, "duty to defend," bad faith, and/or extra-contractual liability of any kind, which claims arise under Florida law, the law of any other state, or any other law (including common law); and (iii) any and all past, present, and/or future claims arising out of, or related to, indemnity obligations, duty to defend, claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent investigation, breach of warranty, failure to warn, breach of implied warranty, breach of good faith and fair dealing, bad faith, negligent or intentional interference with contractual relationships, deceptive trade practices, unfair trade practices, unfair settlement practices, conduct in violation of any insurance code, claims under La. R.S. 22:1220, Fla. Stat. § 501.201, *et seq.*, Fla. Stat. § 624.155, Fla. Stat. § 626.951 *et seq.*, Fla. Stat. § 672.314, Fla. Stat. § 718.203, or any other alleged misconduct, omission, or wrongdoing of any kind.

    3.2.    Until the Settlement is Final, Chartis shall, where applicable, and consistent with the defense obligations previously undertaken on behalf of Banner, continue to defend Banner in connection with covered claims arising out of, or in any way related to, Chinese Drywall, including, but not limited to, the Litigation, Related Actions, and Related Claims.

    3.3.    Banner hereby agrees and stipulates that once the Settlement is Final the aggregate policy limits under the Triggered Policies individually and collectively will have been exhausted, and that Chartis will have no further duty to defend and/or indemnify Banner, or any person or persons, entity or entities under the policies specifically identified in Exhibit A individually and/or collectively for claims arising from or relating to Chinese Drywall.

    3.4.    Banner acknowledges that Banner may in the future learn of additional and/or different facts as they relate to Chinese Drywall, the Chartis Policies, Chartis' activities as they relate to Chinese Drywall, and/or any injury Banner has ever claimed, or may at any time in the future claim. Banner has been fully advised, understands and acknowledges the significance and consequences of releasing all of the claims and liabilities and hereby assumes full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that Banner may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve Banner's right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, Banner specifically and expressly

waives (to the fullest extent permitted by applicable law) Banner's rights, provided that the Settlement becomes Final.

3.5. Banner further acknowledges having had an opportunity to obtain advice of counsel of its choosing regarding this release and waiver, and having discussed it with such counsel to its satisfaction.

3.6. Banner acknowledges that Chartis has acted in good faith and fairly, reasonably, and honestly toward Banner and any actual and/or potential Class Members, and with due regard for Banner's and any potential Class Members' interests regarding Chinese Drywall. Banner further acknowledges that the Settlement by Chartis and the Insurers, being in good faith, precludes Banner and the Class Members from asserting a bad faith claim against Chartis, provided that the Settlement becomes Final.

3.7. Banner acknowledges and agrees that this Release is irrevocable and unconditional, inures to the benefit of Banner, and is intended to be as broad as can possibly be created.

3.8. Without limitation of the foregoing, this Release is specifically intended to operate and be applicable even if it is alleged, charged, or proven that some or all of the released claims and liabilities are caused in whole or in part by the negligence, negligence *per se*, gross negligence, breach of warranty, violation of law, defective product, malice, bad faith, and/or conduct of any type by Chartis and/or any other person or entity, provided that the Settlement becomes Final.

## 4. Pursuit of Certain Claims

4.1. Banner agrees that Banner will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce any of the released claims and liabilities of or against Chartis; (ii) institute or participate in any new legal action against Chartis to any extent, or in any way, arising out of, relating to, resulting from, and/or connected with the Chartis Policies, Chinese Drywall and/or with any injury Banner has ever claimed, or may at any time hereafter claim; or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against Chartis in any legal action described in clause (ii) or any pending legal action against Chartis, provided that the Settlement becomes Final.

## 5. Acknowledgment of Comprehension

5.1. Banner is entering into this Release freely and voluntarily. Banner understands and acknowledges the nature, value, and sufficiency of the Consideration described in this Release. Banner acknowledges that Banner has read this Release and the Settlement, and Banner has had an opportunity to obtain advice from, and ask questions of, counsel of its choosing regarding the terms and legal effect of these documents and its decision to enter the Release. Banner further acknowledges that Banner has discussed all of these matters with the counsel of

its choosing, and such counsel has answered all its questions to its satisfaction. Banner further acknowledges that Banner understands this Release.

## 6. No Admission of Fault

6.1. Banner understands and agrees that Chartis has entered into this Release and the Settlement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility, or fault of or by Chartis.

## 7. Representations and Warranties

7.1. Banner hereby represents and warrants that Banner has full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Banner has not sold, assigned, transferred, or otherwise disposed of, or pledged or otherwise encumbered, any of the released claims and liabilities in whole or in part.

## 8. Governing Law

8.1. This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

## 9. Severability

9.1. Banner agrees that if any provision of this Release is adjudicated to be invalid, illegal, or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete therefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable law, Banner hereby specifically and expressly waives any provision of law that renders any provision of this Release invalid, illegal, or unenforceable in any respect.

IN WITNESS WHEREOF, Banner has read and understood the terms and conditions of this Release, agrees to be bound by all of its provisions, and has executed this Release on the date shown by their signatures below.

**BANNER SUPPLY COMPANY**

By: _____
Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

**BANNER SUPPLY COMPANY POMPANO, LCC**

By: _____
Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

**BANNER SUPPLY COMPANY TAMPA, LLC**

By: _____
   Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

**BANNER SUPPLY COMPANY INTERNATIONAL, LLC**

By: _____
   Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

**BANNER SUPPLY COMPANY**
**FORT MYERS, LLC**

By: _____
    Authorized Representative

Print Name: _____
    as Attorney in Fact

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

 

**BANNER SUPPLY COMPANY**
**PORT ST LUCIE, LLC**

By: _____
    Authorized Representative

Print Name: _____
    as Attorney in Fact

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

BANNER'S RELEASE OF FCCI (THE "RELEASE")

## 1. Definitions

   1.1. Capitalized terms used in this Release shall have the same meaning as those defined in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement"), unless defined herein.

   1.2. "Consideration" shall mean the amount paid pursuant to the Settlement, and other good and valuable consideration.

## 2. Releasor

   2.1. Banner has been advised and fully understands that the Settlement governs the resolution of any and all claims Banner has, may have, or may have in the future against FCCI, including claims under or related to the Other Banner Insurance Policies as defined in Section 1.5.2 of the Settlement, and/or with regard to any injury or damage Banner has ever claimed, or may at any time claim in the future concerning and/or connected in any way with Chinese Drywall.

   2.2. Banner has been advised and fully understands that any and all claims that Banner has or may have in the future against FCCI concerning or connected in any way with Chinese Drywall under the FCCI Policies is fully and forever released once the Settlement is Final.

   2.3. Banner has been advised and fully understands the potential for opt-out claims and that any claimant that opts out of the Settlement will preserve its claims against Banner. Banner further acknowledges that it has a right, pursuant to Section 6.3.2 of the Settlement, to terminate the Settlement at its sole discretion. Banner has been advised by FCCI that if there are opt-out claims and Banner does not terminate the Settlement, Banner's insurance assets will not be available to defend, pay, or otherwise respond to such claims. Banner agrees that FCCI has adequately advised it that opt-out claims present continued exposure to Banner, and that Banner will be responsible for paying any opt-out claims in the event that Banner does not terminate the Settlement.

   2.4. Banner acknowledges that FCCI has thoroughly investigated all of the Chinese Drywall-related claims against Banner and that FCCI has communicated with Banner regarding the terms and significance of the Settlement throughout the Settlement's negotiation. Banner has made an independent determination that the Settlement represents the most reasonable and cost-effective option for resolving as many claims as possible with its Insurance Proceeds, minimizes Banner's overall liability, and is in Banner's best interests.

### 3. Releases

3.1.  In consideration of FCCI's agreement to pay the Insurance Proceeds as set out in Section 1.12 of the Settlement, and upon the Settlement becoming Final, Banner knowingly and voluntarily releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits, and forever discharges FCCI for any and all claims whatsoever including but not limited to (i) all claims which arise out of, or are related in any way to, Chinese Drywall, the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the FCCI Insurance Policies; and (ii) all claims for insurance coverage, indemnity, "duty to defend," bad faith, and/or extra-contractual liability of any kind, which claims arise under Florida law, the law of any other state, or any other law (including common law); and (iii) any and all past, present, and/or future claims arising out of, or related to, indemnity obligations, duty to defend, claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent investigation, breach of warranty, failure to warn, breach of implied warranty, breach of good faith and fair dealing, bad faith, negligent or intentional interference with contractual relationships, deceptive trade practices, unfair trade practices, unfair settlement practices, conduct in violation of any insurance code, claims under La. R.S. 22:1220, Fla. Stat.§ 501.201, *et seq.*, Fla. Stat. § 624.155, Fla. Stat. § 626.951 *et seq.*, Fla. Stat. § 672.314, Fla. Stat. § 718.203, or any other alleged misconduct, omission, or wrongdoing of any kind.

3.2.  Until the Settlement is Final, FCCI shall, where applicable, and consistent with the defense obligations previously undertaken on behalf of Banner, continue to defend Banner in connection with covered claims arising out of, or in any way related to, Chinese Drywall, including, but not limited to, the Litigation, Related Actions, and Related Claims.

3.3.  Banner hereby agrees and stipulates that once the Settlement is Final the aggregate policy limits under the Other Banner Insurance Policies as defined in Section 1.5.2 of the Settlement individually and collectively will be exhausted, and that FCCI will have  no further duty to defend and/or indemnify Banner, or any person or persons, entity or entities under the policies specifically identified in Exhibit B individually and/or collectively for claims arising from or relating to Chinese Drywall.

3.4.  Banner acknowledges that Banner may in the future learn of additional and/or different facts as they relate to Chinese Drywall, the FCCI Policies, FCCI's activities as they relate to Chinese Drywall, and/or any injury Banner has ever claimed, or may at any time in the future claim.  Banner has been fully advised, understands and acknowledges the significance and consequences of releasing all of the claims and liabilities and hereby assumes full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that Banner may hereinafter incur or discover.  To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve Banner's right to hereinafter assert any such unknown

and/or unanticipated claims and/or liabilities, Banner specifically and expressly waives (to the fullest extent permitted by applicable law) Banner's rights, provided that the Settlement becomes Final.

3.5. Banner further acknowledges having had an opportunity to obtain advice of counsel of its choosing regarding this release and waiver and having discussed it with such counsel to its satisfaction.

3.6. Banner acknowledges that FCCI has acted in good faith and fairly, reasonably, and honestly toward Banner and any actual and/or potential Class Members, and with due regard for Banner's and any potential Class Members' interests regarding Chinese Drywall. Banner further acknowledges that the Settlement by FCCI and the Insurers, being in good faith, precludes Banner and the Class Members from asserting a bad faith claim against FCCI, provided that the Settlement becomes Final.

3.7. Banner acknowledges and agrees that this Release is irrevocable and unconditional, inures to the benefit of Banner, and is intended to be as broad as can possibly be created.

3.8. Without limitation of the foregoing, this Release is specifically intended to operate and be applicable even if it is alleged, charged, or proven that some or all of the released claims and liabilities are caused in whole or in part by the negligence, negligence *per se*, gross negligence, breach of warranty, violation of law, defective product, malice, bad faith, and/or conduct of any type by FCCI and/or any other person or entity, provided that the Settlement becomes Final.

3.9. Nothing contained herein shall be construed to release any claim that Banner Supply Company shall have under any policy of Workers Compensation coverage issued by FCCI.

## 4. Pursuit of Certain Claims

4.1. Banner agrees that Banner will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce any of the released claims and liabilities of or against FCCI; (ii) institute or participate in any new legal action against FCCI to any extent, or in any way, arising out of, relating to, resulting from, and/or connected with the FCCI Policies, Chinese Drywall and/or with any injury Banner has ever claimed, or may at any time hereafter claim; or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against FCCI in any legal action described in clause (ii) or any pending legal action against FCCI, provided that the Settlement becomes Final.

## 5. Acknowledgment of Comprehension

5.1. Banner is entering into this Release freely and voluntarily. Banner understands and acknowledges the nature, value, and sufficiency of the Consideration

described in this Release. Banner acknowledges that Banner has read this Release and the Settlement, and Banner has had an opportunity to obtain advice from, and ask questions of, counsel of its choosing regarding the terms and legal effect of these documents and its decision to enter the Release. Banner further acknowledges that Banner has discussed all of these matters with the counsel of its choosing, and such counsel has answered all its questions to its satisfaction. Banner further acknowledges that Banner understands this Release.

## 6. No Admission of Fault

6.1. Banner understands and agrees that FCCI has entered into this Release and the Settlement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility, or fault of or by FCCI.

## 7. Representations and Warranties

7.1. Banner hereby represents and warrants that Banner has full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Banner has not sold, assigned, transferred, or otherwise disposed of, or pledged or otherwise encumbered, any of the released claims and liabilities in whole or in part.

## 8. Governing Law

8.1. This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

## 9. Severability

9.1. Banner agrees that if any provision of this Release is adjudicated to be invalid, illegal, or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete therefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable law, Banner hereby specifically and expressly waives any provision of law that renders any provision of this Release invalid, illegal, or unenforceable in any respect.

IN WITNESS WHEREOF, Banner has read and understood the terms and conditions of this Release, agrees to be bound by all of its provisions, and has executed this Release on the date shown by their signatures below.

**BANNER SUPPLY COMPANY**

By: _____
Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date


**BANNER SUPPLY COMPANY POMPANO, LCC**

By: _____
Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

**BANNER SUPPLY COMPANY**
**TAMPA, LLC**

By: _____
Authorized Representative

Print Name: _____

Witness Signature _____

Witness Signature _____

Printed Name _____

Date _____

Witness Signature _____

Printed Name _____

Date _____

**BANNER SUPPLY COMPANY**
**INTERNATIONAL, LLC**

By: _____
Authorized Representative

Print Name: _____

Witness Signature _____

Witness Signature _____

Printed Name _____

Date _____

Printed Name _____

Date _____

**BANNER SUPPLY COMPANY
FORT MYERS, LLC**

By: _____
     Authorized Representative

Print Name: _Michael R. Peterson_
_as Attorney in Fact_

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_Jack Landers_
Printed Name

_6/10/11_
Date

**BANNER SUPPLY COMPANY
PORT ST. LUCIE, LLC**

By: _____
     Authorized Representative

Print Name: _Michael R. Peterson_
_as Attorney in Fact_

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_Jack Landers_
Printed Name

_6/10/11_
Date

BANNER'S RELEASE OF MARYLAND CASUALTY COMPANY
(THE "RELEASE")

## 1. Definitions

1.1. "Settlement" shall mean the Settlement among Banner, the Insurers, and the Class, dated as of June 10, 2011.

1.2. Unless defined in this Release, capitalized terms used in this Release (including "Banner") shall have the same meaning as those defined in the Settlement.

## 2. Releasor

2.1. Banner has been advised and fully understands that the Settlement governs the resolution of any and all claims Banner has, may have, or may have in the future against Maryland Casualty, including claims under or related to the Maryland Casualty Policies, and/or with regard any injury or damage Banner has ever claimed, or may at any time claim in the future concerning and/or connected in any way with Chinese Drywall.

2.2. Banner has been advised and fully understands that any and all claims that Banner has or may have in the future against Maryland Casualty concerning or connected in any way with Chinese Drywall will be fully and forever released once the Settlement is Final.

2.3. Banner has been advised and fully understands the potential for opt-out claims and that any claimant that opts out of the Settlement will preserve its claims against Banner. Banner further acknowledges that it has a right, pursuant to Section 6.3.2 of the Settlement, to terminate it at its sole discretion. Banner has been advised by Maryland Casualty that if there are opt out claims and Banner does not terminate the Settlement, Banner's insurance assets will not be available to defend, pay, or otherwise respond to such claims. Banner agrees that Maryland Casualty has adequately advised it that opt out claims present continued exposure to Banner, and that Banner will be responsible for paying any opt out claims.

2.4. Banner acknowledges that Maryland Casualty has thoroughly investigated all of the Chinese Drywall-related claims against Banner, that Maryland Casualty has communicated with Banner regarding the terms and significance of the Settlement throughout the Settlement's negotiation, and that the Settlement represents the best opportunity to settle as many Chinese Drywall-related claims against Banner as is possible.

2.5. Banner has made an independent determination that the Settlement represents its best option for resolving as many claims as possible with its Insurance Proceeds, minimizes Banner's overall liability, and is in Banner's best interests.

### 3. Releases

3.1. In consideration for Maryland Casualty's agreement to pay the Insurance Proceeds as set out in Section 1.12 of the Settlement, Banner knowingly and voluntarily (i) releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits, and forever discharges Maryland Casualty for any and all claims whatsoever which arise out of, or are related in any way to, Chinese Drywall, the Released Claims, the Litigation, the Related Actions, the Related Claims, and/or the Maryland Casualty Insurance Policies, including, but not limited to, (a) all claims for insurance coverage, indemnity, "duty to defend," bad faith. and/or extra-contractual liability of any kind, which claims arise under Florida law, the law of any other state, or any other law (including common law); and (b) any and all past, present, and/or future claims arising out of, or related to, indemnity obligations, duty to defend, claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent investigation, breach of warranty, failure to warn, breach of implied warranty, breach of good faith and fair dealing, bad faith, negligent or intentional interference with contractual relationships, deceptive trade practices, unfair trade practices, unfair settlement practices, conduct in violation of any insurance code, claims under La. R.S. 22:1220, Fla. Stat.§ 501.201, *et seq.*, Fla. Stat. § 624.155, Fla. Stat. § 626.951 *et seq.*, Fla.Stat. § 672.314, Fla. Stat. § 718.203, or any other alleged misconduct, omission, or wrongdoing of any kind.

3.2. Banner hereby agrees and stipulates that the only Maryland Casualty policy issued to Banner that is triggered by claims related in any way to Chinese Drywall is the 2005-2006 policy issued to Banner PSL, policy number PPS 42534587-02.

3.3. Until the Settlement is Final, Maryland Casualty shall, where applicable, and consistent with the defense obligations previously undertaken on behalf of Banner, continue to defend Banner in connection with covered claims arising out of, or in any way related to, Chinese Drywall, including, but not limited to, the Litigation, Related Actions, and Related Claims.

3.4. Banner acknowledges that Banner may in the future learn of additional and/or different facts as they relate to Chinese Drywall, the Maryland Casualty Policies, Maryland Casualty' activities as they relate to Chinese Drywall, and/or any injury Banner has ever claimed, or may at any time in the future claim. Banner has been fully advised, understands and acknowledges the significance and consequences of releasing all of the claims and liabilities and hereby assumes full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that Banner may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve Banner's right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, Banner specifically and expressly waives (to the fullest extent permitted by applicable law) Banner's rights.

3.5. Banner further acknowledges having had an opportunity to obtain advice of counsel of its choosing regarding this release and waiver, and having discussed it with such counsel to its satisfaction.

3.6. Banner acknowledges that Maryland Casualty has acted in good faith and fairly, reasonably, and honestly towards Banner and any actual and/or potential Class Members, and with due regard for Banner's and any potential Class Members' interests regarding Chinese Drywall. Banner further acknowledges that the Settlement by Maryland Casualty and the Insurers, being in good faith, precludes Banner and the Class Members from asserting a bad faith claim against Maryland Casualty.

3.7. Banner acknowledges and agrees that this Release is irrevocable and unconditional, inures to the benefit of Banner, and is intended to be as broad as can possibly be created.

3.8. Without limitation of the foregoing, this Release is specifically intended to operate and be applicable even if it is alleged, charged, or proven that some or all of the released claims and liabilities are caused in whole or in part by the negligence, negligence *per se*, gross negligence, breach of warranty, violation of law, defective product, malice, bad faith, and/or conduct of any type by Maryland Casualty and/or any other person or entity.

## 4. Pursuit of Certain Claims

4.1. Banner agrees that Banner will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce any of the released claims and liabilities of or against Maryland Casualty; (ii) institute or participate in any new legal action against Maryland Casualty to any extent, or in any way, arising out of, relating to, resulting from, and/or connected with the Maryland Casualty Policies, Chinese Drywall and/or with any injury Banner has ever claimed, or may at any time hereafter claim; or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against Maryland Casualty in any legal action described in clause (ii) or any pending legal action against Maryland Casualty.

## 5. Acknowledgment of Comprehension

5.1. Banner is entering into this Release freely and voluntarily. Banner understands and acknowledges the nature, value, and sufficiency of the consideration described in this Release. Banner acknowledges that Banner has read this Release and the Settlement, and Banner has had an opportunity to obtain advice from, and ask questions of, counsel of its choosing regarding the terms and legal effect of these documents and its decision to enter the Release. Banner further acknowledges that Banner has discussed all of these matters with the counsel of its choosing, and such counsel has answered all its questions to its satisfaction. Banner further acknowledges that Banner understands this Release.

**6. No Admission of Fault**

    6.1.    Banner understands and agrees that Maryland Casualty has entered into this Release and the Settlement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility, or fault of or by Maryland Casualty.

**7. Representations and Warranties**

    7.1.    Banner hereby represents and warrants that Banner has full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Banner has not sold, assigned, transferred, or otherwise disposed of, or pledged or otherwise encumbered, any of the released claims and liabilities in whole or in part.

**8. Governing Law**

    8.1.    This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

**9. Severability**

    9.1.    Banner agrees that if any provision of this Release is adjudicated to be invalid, illegal, or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, Banner hereby specifically and expressly waives any provision of law that renders any provision of this Release invalid, illegal, or unenforceable in any respect.

IN WITNESS WHEREOF, Banner has read and understood the terms and conditions of this Release, agrees to be bound by all of its provisions, and has executed this Release on the date shown by their signatures below.

**BANNER SUPPLY COMPANY**

By: _____
Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

**BANNER SUPPLY COMPANY POMPANO, LCC**

By: _____
Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Witness Signature

_____
Printed Name

_____
Printed Name

_____
Date

_____
Date

**BANNER SUPPLY COMPANY TAMPA, LLC**

By: _____
Authorized Representative

Print Name: _____
_as Attorney in Fact_

_____
Witness Signature

Witness Signature

_Scott K Greening_

_Jack Landers_
Printed Name

Printed Name

_6/10/11_

_6/10/11_

Date

Date

**BANNER SUPPLY COMPANY INTERNATIONAL, LLC**

By: _____
Authorized Representative

Print Name: _____
_as Attorney in Fact_

_____
Witness Signature

Witness Signature

_Jack Landers_
Printed Name

_Scott K Greening_

Printed Name

_6/10/11_

_6/10/11_

Date

Date

**BANNER SUPPLY COMPANY
FORT MYERS, LLC**

By: _____
Authorized Representative

Print Name: _____
as Attorney in Fact

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date


**BANNER SUPPLY COMPANY
PORT ST LUCIE, LLC**

By: _____
Authorized Representative

Print Name: _____
as Attorney in Fact

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

JOINT MUTUAL RELEASE AMONG ALL INSURERS (THE "RELEASE")

## 1. Definitions

    1.1.    Capitalized terms used in this Release shall have the same meaning as those defined in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement"), unless defined herein.

## 2. Releases

    2.1.    Chartis, FCCI, Hanover, and Maryland Casualty for itself and each and all of its past, present, and future employees, attorneys, officers, directors, agents, shareholders, stockholders, subsidiaries, consultants, insurers, claims administrators, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns shall release, remise, acquit, and discharge each and every other Insurer, and each and all of their respective past, present, and future employees, attorneys, officers, directors, agents, stockholders, subsidiaries, consultants, insurers, claims administrators, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns, from any and all manner of actions, claims, demands, causes of action, or liabilities related to Banner and the Banner Insurance Policies, including but not limited to those for subrogation, implied or express indemnification, contribution, insurance coverage, "duty to defend," bad faith, conduct in violation of any insurance code, extra-contractual liability, and/or any other alleged misconduct, omission, or wrongdoing of any kind, of whatever nature or source, known or unknown, that the Insurer ever had, now has, could have had, may have in the future, or that it may acquire.

    2.2.    The Insurers' subrogation rights under the Banner Insurance Policies, any other policy, or under law or equity, are preserved and are not released or affected in any way by this Settlement. The Insurers shall be able to make subrogation claims against the Settlement Funds like any other claimant.

    2.3.    Each Insurer acknowledges that it and each other Insurer may in the future learn of additional and/or different facts as they relate to Banner, the Banner Insurance Policies, the Related Claims, the Related Actions, the Litigation, and/or Chinese Drywall. Each Insurer acknowledges the significance and consequences of releasing all of the claims and liabilities and hereby assumes full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that it and each other Insurer may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve the Insurer's right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, each Insurer specifically and expressly waives (to the fullest extent permitted by applicable law) its rights.

2.4.    Each Insurer further acknowledges having had an opportunity to obtain advice of counsel of its choosing regarding the Settlement, and this release and waiver, and having discussed it with such counsel to its satisfaction.

## 3. Pursuit of Certain Claims

3.1.    Each Insurer agrees that it will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce any of the released claims and liabilities of or against any other Insurer; (ii) institute or participate in any new legal action against any other Insurer to any extent, or in any way, arising out of, relating to, resulting from and/or connected with Banner, the Banner Insurance Policies, the Related Claims, the Related Actions, the Litigation, or any claims in connection with Chinese Drywall; or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against any other Insurer in any legal action described in clause (ii) or any pending legal action against any other Insurer.

## 4. Acknowledgment of Comprehension

4.1.    Each Insurer is entering into this Release freely and voluntarily.  Each Insurer understands and acknowledges the nature, value, and sufficiency of the consideration described in this Release.  Each Insurer acknowledges that it has read this Release and the Settlement, and it has had an opportunity to obtain advice from, and ask questions of, counsel of its choosing regarding the terms and legal effect of these documents and its decision to enter the Release.  Each Insurer further acknowledges that it has discussed all these matters with the counsel of its choosing, and such counsel has answered all its questions to its satisfaction.  Each Insurer further acknowledges that it understands this Release.

## 5. No Admission of Fault

5.1.    Each Insurer understands and agrees that each other Insurer has entered into this Release and the Settlement solely by way of compromise and settlement.  These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility, or fault of or by any Insurer.

## 6. Representations and Warranties

6.1.    Each Insurer hereby represents and warrants that it has full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms.  Each Insurer hereby represents and warrants that it has not sold, assigned, transferred or otherwise disposed of, or pledged or otherwise encumbered, any of the released claims and liabilities in whole or in part.

## 7. Governing Law

7.1. This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

## 8. Severability

8.1. Each Insurer agrees that if any provision of this Release is adjudicated to be invalid, illegal or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, each Insurer hereby specifically and expressly waives any provision of law that renders any provision of this Release invalid, illegal or unenforceable in any respect.

8.2. If Maryland Casualty chooses to withdraw from the Settlement in accordance with Sections 6.4 or 11.2, this Release shall be construed to exclude Maryland Casualty as either a releasing party or a releasor. The Release shall otherwise remain in full force and effect and be construed as if Maryland Casualty had not been included herein.

8.3. If FCCI chooses to withdraw from the Settlement in accordance with Sections 6.4 or 11.2, this Release shall be construed to exclude FCCI as either a releasing party or a releasor. The Release shall otherwise remain in full force and effect and be construed as if FCCI had not been included herein.

IN WITNESS WHEREOF, the Insurers have read and understood the terms and conditions of this Release, agree to be bound by all of its provisions, and have executed this Release on the date shown by their signatures below.

**FCCI INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, NATIONAL TRUST INSURANCE COMPANY, FCCI MUTUAL INSURANCE HOLDING COMPANY, FCCI GROUP, INC., FCCI INSURANCE GROUP, INC., MONROE GUARANTY INSURANCE COMPANY, FCCI SERVICES, INC., FCCI ADVANTAGE INSURANCE COMPANY, BRIERFIELD INSURANCE COMPANY, and FCCI AGENCY, INC.**

By: _____
    Authorized Representative

Print Name: _____

_____          _____
Witness Signature                    Witness Signature

_____          _____
Printed Name                         Printed Name

_____          _____
Date                                 Date

CHARTIS CLAIMS, INC. on behalf of
CHARTIS SPECIALTY INSURANCE
COMPANY f/k/a American International
Specialty Lines Insurance Company,
ILLINOIS NATIONAL INSURANCE CO.,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., AND
COMMERCE & INDUSTRY INSURANCE
CO.

By: _____
    Patricia McMahon
    Vice-President, Chartis Claims, Inc.

Print Name: _PATRICIA McMAHON_

_Marcy Melnikoff_
Witness Signature

_Marcy Melnikoff_
Printed Name

_6/10/11_
Date

_Dana Hoffman_
Witness Signature

_Dana Hoffman_
Printed Name

_6 / 10 / 11_
Date

**HANOVER AMERICAN INSURANCE COMPANY and HANOVER INSURANCE GROUP, INC.**

By: _____
        Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

**MARYLAND CASUALTY COMPANY and ALL COMPANIES IN THE ZURICH NORTH AMERICA GROUP OF INSURANCE COMPANIES**

By: *Robert J Kosciolec*
        Authorized Representative

Print Name: *Robert J Kosciolec*

_____
Witness Signature

_____
Printed Name

_____
Date

*Rosemary Mostafa*
Witness Signature

*Rosemary Mostafa*
Printed Name

*6/10/11*
Date

## INSURERS' GENERAL RELEASE TO BANNER

1. **Definitions**

    1.1.    Capitalized terms used in this Release shall have the same meaning as those defined in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement"), unless defined herein.

    1.2.    "Consideration" shall mean the policy limits paid pursuant to the Settlement, and other good and valuable consideration.

2. **Releasor**

    2.1.    Chartis, Hanover, FCCI and Maryland (collectively the "Insurers") have been advised and fully understand that the Settlement governs the resolution of any and all claims that the Insurers have, may have, or may have in the future against Banner, including claims under or related to the Triggered Policies, and/or with regard to any injury and/or damage the Insurers have ever claimed, or may at any time claim in the future concerning and/or connected in any way with the Triggered Policies and Chinese Drywall.

    2.2.    The Insurers have been advised and fully understand that any and all claims that they have or may have in the future against Banner concerning or connected in any way with the Triggered Policies and Chinese Drywall will be fully and forever released once the Settlement is Final.

    2.3.    The Insurers have been advised and fully understand the potential for opt-out claims and that any claimant that opts out of the Settlement will preserve its claims against Banner and, correspondingly, the Insurers. Chartis, FCCI and Maryland further acknowledge that they have the right, pursuant to Sections 6.4.1 and 6.4.2 of the Settlement, to terminate the Settlement. The Insurers have advised Banner that they believe it is in Banner's best interests to resolve all claims against it relating to, or arising out of, Chinese Drywall, in the MDL in exchange for payment of the available Insurance Proceeds.

    2.4.    The Insurers acknowledge and agree that Banner has cooperated with the Insurers in their investigation of all of the Chinese Drywall-related claims against Banner and that Banner has provided each of the Insurers with proper, timely and adequate notice of each said claim. The Insurers have communicated with Banner regarding the terms and significance of the Settlement throughout the Settlement's negotiation and agree that the Settlement represents the best opportunity to settle as many Chinese Drywall-related claims against Banner as is possible, is the most

reasonable and cost effective option for resolving as many claims as possible with its Insurance Proceeds, minimizes Banner's overall liability, and is in Banner's best interests.

## 3. Releases

3.1.     In consideration for each of Banner's release of all claims set forth in its Release, as well as the Insurers' agreement to pay the Insurance Proceeds as set out in Section 1.12 of the Settlement, and upon the Settlement becoming Final, and except as set forth in Section 3.1.1, each of the Insurers for themselves and each and all of their past, present, and future employees, attorneys, officers, directors, agents, shareholders, stockholders, subsidiaries, consultants, insurers, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns shall release, remise, acquit, and discharge Banner, its past, present, and future employees, attorneys, officers, directors, agents, stockholders, subsidiaries, consultants, parent corporations, sister corporations, divisions, affiliated entities, related entities, predecessors, successors, and assigns, from any and all manner of actions, claims, demands, causes of action, or liabilities related to the Triggered Policies, the Related Claims, the Related Actions, the Litigation, or any claims in connection with Chinese Drywall, including, but not limited to, those for subrogation, payment of the Insurance Proceeds, attorneys' fees paid in the defense of Banner, costs incurred in the defense of Banner, implied or express indemnification, contribution, failure to cooperate in the investigation of any claims, the inability to seek damages from any third parties for monies paid to settle and/or resolve claims, including, but not limited to, claims for insurance coverage, indemnity, "duty to defend," bad faith and/or extra-contractual liability of any kind, which claims arise under Florida law, the law of any other state, or any other law (including common law) and any and all past, present, and/or future claims arising out of, or related to, indemnity obligations, duty to defend, claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent investigation, breach of warranty, failure to warn, breach of implied warranty, breach of good faith and fair dealing, bad faith, negligent or intentional interference with contractual relationships, deceptive trade practices, unfair trade practices, unfair settlement practices, conduct in violation of any insurance code, claims under La. R.S. 22:1220, Fla. Stat.§ 501.201, *et seq.*, Fla. Stat. § 624.155, Fla. Stat. § 626.951 *et seq.*, Fla. Stat. § 672.314, Fla. Stat. § 718.203, and/or any other alleged misconduct, omissions, or wrongdoing of any kind, of whatever nature or source, known or unknown, that each of the Insurers ever had, now have, could have had, may have in the future, or that they may acquire, against Banner. Nothing contained herein shall be construed to release any claim that FCCI has with regard to any policy of Workers Compensation coverage issued by FCCI to Banner Supply Company.

3.1.1. The Insurers' subrogation rights under the Banner Insurance Policies, any other policy, or under law or equity, are preserved and are not released or affected in any way by this Settlement. Unless one of the Insurers' insureds opts out of the Settlement, the Insurers shall be able to make subrogation claims only against the Settlement Funds like any other claimant. In the event that an Insurers' insured having claims against Banner opts out of the Settlement, then the Insurer shall have whatever legal, equitable or contractual rights to subrogation as may exist and nothing contained in this Release shall bar or limit those claims.

3.2. Each of the Insurers acknowledges that Banner may in the future learn of additional and/or different facts as they relate to Chinese Drywall, the Triggered Policies, each of the Insurer's activities as they relate to Chinese Drywall, and/or any injury that any of the Insurers has ever claimed, or may at any time in the future claim. The Insurers have been fully advised, understand and acknowledge the significance and consequences of releasing all of the claims and liabilities and hereby assumes full risk and responsibility for any and all such additional and/or different facts, and any and all claims and liabilities that the Insurers may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case, or other legal provision or authority may at any time purport to preserve any of the Insurer's right to hereinafter assert any such unknown and/or unanticipated claims and/or liabilities, the Insurers specifically and expressly waive (to the fullest extent permitted by applicable law) each of the Insurer's rights, provided that the Settlement becomes Final.

3.3. The Insurers further acknowledge having had an opportunity to obtain advice of counsel of their choosing regarding this release and waiver, and having discussed it with such counsel to its satisfaction.

3.4. Each of the Insurers acknowledges and agrees that this Release is irrevocable and unconditional, inures to the benefit of the Insurers, and is intended to be as broad as can possibly be created.

3.5. Without limitation of the foregoing, this Release is specifically intended to operate and be applicable even if it is alleged, charged, or proven that some or all of the released claims and liabilities are caused in whole or in part by the negligence, negligence *per se*, gross negligence, breach of warranty, violation of law, defective product, malice, bad faith, and/or conduct of any type by Banner and/or any other person or entity, provided that the Settlement becomes Final.

## 4. Pursuit of Certain Claims

4.1. Except as provided by Section 3.1.1, each of the Insurers agrees that it will never (i) take any legal or other action to initiate, pursue, maintain, or

otherwise attempt to execute upon, collect, or otherwise enforce any of the released claims and liabilities of or against Banner; (ii) institute or participate in any new legal action against Banner to any extent, or in any way, arising out of, relating to, resulting from, and/or connected with the Triggered Policies, Chinese Drywall and/or with any injury any of the Insurers has ever claimed, or may at any time hereafter claim; or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against Banner in any legal action described in clause (ii) or any pending legal action against Banner, provided that the Settlement becomes Final.

## 5. Acknowledgment of Comprehension

5.1. Each of the Insurers is entering into this Release freely and voluntarily. Each of the Insurers understands and acknowledges the nature, value, and sufficiency of the consideration described in this Release. Each of the Insurers acknowledges that they have read this Release and the Settlement, and each of the Insurers has had an opportunity to obtain advice from, and ask questions of, counsel of its choosing regarding the terms and legal effect of these documents and its decision to enter the Release. Each of the Insurers further acknowledges that it has discussed all of these matters with the counsel of its choosing, and such counsel has answered all its questions to its satisfaction. Each of the Insurers further acknowledges that it understands this Release.

## 6. No Admission of Fault

6.1. Each of the Insurers understands and agrees that it has entered into this Release and the Settlement solely by way of compromise and settlement. These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility, or fault of or by any of the Insurers.

## 7. Representations and Warranties

7.1. Each of the Insurers hereby represents and warrants that it has full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Each of the Insurers has not sold, assigned, transferred, or otherwise disposed of, or pledged or otherwise encumbered, any of the released claims and liabilities in whole or in part.

## 8. Governing Law

8.1. This Release shall be governed by and construed in accordance with the substantive law of Florida, without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

## 9. Severability

    9.1.    Each of the Insurers agrees that if any provision of this Release is adjudicated to be invalid, illegal, or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete therefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable law, each of the Insurers hereby specifically and expressly waives any provision of law that renders any provision of this Release invalid, illegal, or unenforceable in any respect.

IN WITNESS WHEREOF, the Insurers have read and understood the terms and conditions of this Release, agree to be bound by all of its provisions, and have executed this Release on the date shown by their signatures below.

HANOVER AMERICAN
INSURANCE COMPANY and
HANOVER INSURANCE GROUP,
INC.

By: _____
       Authorized Representative

Print Name: _____

_____      _____
Witness Signature               Witness Signature

_____      _____
Printed Name                  Printed Name

_____      _____
Date                        Date

MARYLAND CASUALTY
COMPANY and ALL COMPANIES
IN THE ZURICH NORTH
AMERICA GROUP OF
INSURANCE COMPANIES

By: _Robert J. Koscielniak_
       Authorized Representative

Print Name: _Robert J. Koscielniak_

_Rosemary Mostafa_
Witness Signature

_Rosemary Mostafa_
Printed Name

_6/10/11_
Date

_____
Witness Signature

_____
Printed Name

_____
Date

**CHARTIS CLAIMS, INC. on behalf of
CHARTIS SPECIALTY INSURANCE
COMPANY f/k/a American International
Specialty Lines Insurance Company,
ILLINOIS NATIONAL INSURANCE CO.,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., AND
COMMERCE & INDUSTRY INSURANCE
CO.**

By: _____
Patricia McMahon
Vice-President, Chartis Claims, Inc.

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date

**FCCI INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, NATIONAL TRUST INSURANCE COMPANY, FCCI MUTUAL INSURANCE HOLDING COMPANY, FCCI GROUP, INC., FCCI INSURANCE GROUP, INC., MONROE GUARANTY INSURANCE COMPANY, FCCI SERVICES, INC., FCCI ADVANTAGE INSURANCE COMPANY, BRIERFIELD INSURANCE COMPANY, and FCCI AGENCY, INC.**

By: _____
        Authorized Representative

Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name

_____
Date