UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUA INSURANCE COMPANY,

          Plaintiff,

-vs-                                        Case No. 2:10-cv-406-FtM-36DNF

TIKAL CONSTRUCTION CO., DIVALDO
HERNANDEZ, MIGDALIA HERNANDEZ,

          Defendants.
_____/

## ORDER

This cause is before the Court on Plaintiff's Motion for Entry of Default Judgment on Count V of Plaintiff's Complaint against Defendants Tikal Construction Co., Divaldo Hernandez and Migdalia Hernandez (Doc. 21), filed on December 16, 2010. This matter is ripe for review.

## BACKGROUND

On June 25, 2010, Plaintiff filed a complaint for declaratory judgment pursuant to 28 U.S.C. §1332 based on diversity of citizenship of the parties and the matter in controversy exceeding $75,000. In its Complaint, Plaintiff requests the Court to construe and interpret terms of a Commercial General Liability Insurance Policy, No.10AUIAIG-001973-GL01 issued by Plaintiff to Defendant Tikal Construction Co. (Tikal) for the period of August 25, 2006 through August 26, 2007. The policy includes a "Total Pollution Exclusion" Endorsement that precludes any coverage for:

> "[b]odily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.



The instant action arises out of a class action lawsuit filed in the United States District Court for the Eastern District of Louisiana, entitled *Sean and Beth Payton v. Knauf Gips KG, et al,* Case No: 2:09-cv-07628-EEF-JCW (Payton lawsuit), against numerous defendants, including Tikal Construction Co. The Payton lawsuit identifies Tikal as the builder/developer with respect to the home owned by Defendants Divaldo Hernandez and Migdalia Hernandez, both of whom alleged "bodily injury" and "property damage" as a result of the alleged presence of Chinese Drywall in their home. Because the Complaint in the Payton lawsuit alleges that the release of sulfides and noxious gases is the caused of the alleged bodily injury and property damage to Defendants Divaldo Hernandez and Migdalia Hernandez, Plaintiff requests a declaration from this Court that the Total Pollution Exclusion to the insurance policy applies and, therefore, there is no coverage for Tikal under the policy in connection with the Payton lawsuit.

Defendant Tikal was served with this declaratory judgment action on July 28, 2010 (Doc. 14,15). Defendants Divaldo Hernandez and Migdalia Hernandez were served with this declaratory judgment action on July 23, 2010 (Doc. 12,13). Defendants failed to file responsive pleadings as required by Fed. R. Civ. P. 12 and on October 13, 2010, the Clerk entered a default (Doc. 18). Plaintiff then moved for default final judgment (Doc. 21).

## DISCUSSION

Pursuant to Fed. R. Civ. P. 55(b), Plaintiff is entitled to a default judgment for the relief requested in Count V of the Complaint. Therefore, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED and ADJUDGED:**

1. Plaintiff's Motion for Entry of Default Judgment on Count V of Plaintiff's Complaint against Defendants Tikal Construction Co., Divaldo Hernandez and Migdalia Hernandez (Doc. 21) is **GRANTED**.

2. The Court declares that the SUA Commercial General Liability Policy No 10AUIAIG-001973-GL01 does not potentially or actually cover any portion of the claims against Defendant Tikal in the lawsuit filed in the United States District Court for the Eastern District of Louisiana, entitled *Sean and Beth Payton v. Knauf Gips, KG, et al.*, Case No.: 2:09-cv-07628-EEF-JCW, to the extent Tikal's liability arises out of the release of sulfides and other noxious gases.

3. Plaintiff has no duty to defend or indemnify Defendant Tikal under the SUA Policy in connection with the Payton lawsuit.

4. This ruling is binding against Defendants Divaldo Hernandez and Migdalia Hernandez.

5. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendants Tikal Construction Co., Divaldo Hernandez and Migdalia Hernandez as to Count V of the Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this 23rd day of March, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies:

All Parties of Record

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

SUA INSURANCE COMPANY,

        Plaintiff,

-vs-                                    Case No. 2:10-cv-406-FtM-36DNF

TIKAL CONSTRUCTION CO., DIVALDO
HERNANDEZ, MIGDALIA HERNANDEZ,

        Defendants.
_____/

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**   This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

     **IT IS ORDERED AND ADJUDGED** pursuant to the order entered on March 23, 2011 Plaintiff's motion for entry on default judgment on Count V of Plaintiff's complaint against Defendants Tikal Construction Co., Divaldo Hernandez and Migdalia Hernandez (Doc. 21) is granted.

Date:   March 24, 2011

                                SHERYL L. LOESCH, CLERK

                                By: /s/ Regina Thompson, Deputy Clerk

c:  All parties and counsel of record