UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF LOUISIANA

| | |
|---|---|
| IN RE:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | *  MDL NO. 09-2047 <br> *  SECTION: L <br> *  JUDGE FALLON <br> *  MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: | * |
| Laura Haya, et al., v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al., Case No. 11-1077 Section L (Omni IX) (E.D.La.) | * <br> * <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SOUTHERN ATLANTIC SUPPLY DIVISION CORP.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant Allied Building Products Corp., d/b/a Southern Atlantic Supply Division Corp. (incorrectly identified as Southern Atlantic Supply Division Corp., d/b/a Allied Building Products Corp.) ("Defendant"), appearing solely for the purpose of this Motion to Dismiss, which was filed contemporaneously herewith, and hereby submits the following Memorandum of Law in Support of its Motion to Dismiss.  Defendant respectfully moves the Court to dismiss the claims of Plaintiffs pursuant to Fed. R. Civ. P. 12 (b) (2) and (3) for the reasons set forth below. Specifically, Defendant argues that it is not subject to, nor has it submitted to, the jurisdiction of this Court, and that the Eastern District of Louisiana is an improper venue for the proceedings against it.

1

## I. BACKGROUND.

This purported class action includes numerous claims from around the country, arising out of the manufacture, importation, installation, and use, of allegedly defective drywall. On May 10, 2011, Plaintiffs filed "Plaintiffs' Amended Omnibus Class Action Complaint (IX)" (hereinafter referred to as "Omni IX") naming Defendant and hundreds of others as Defendants in this action. Plaintiffs allege Defendant supplied allegedly defective drywall which was installed in the subject homes during their construction. Defendant is alleged to be a Florida business entity, with its principal places of business located in East Rutherford, New Jersey. [Omni IX, Exhibit B, 184.]

As is clear from the text of the lawsuit, Defendant was named in this action because it allegedly played a role in the selling of allegedly defective drywall, imported from China and installed in home(s) in Florida. [Omni IX, Exhibit A, 710.] However, this lawsuit was not filed in Florida. This lawsuit was filed in the United States District Court for the Eastern District of Louisiana and, as will be demonstrated below, Defendant has never, and does not presently maintain sufficient minimum contacts with the State of Louisiana to allow this Court to exercise jurisdiction over it. The United States District Court for the Eastern District of Louisiana is not a forum where these claims could have originally been brought

against Defendant and, as such, is an improper forum for this litigation.

Accordingly, Defendant respectfully moves this Court to dismiss the Plaintiffs' Complaint against it for lack of personal jurisdiction and/or for improper venue.

## II. AVERMENTS AGAINST DEFENDANT.

On May 10, 2011, Plaintiffs filed "Plaintiffs' Amended Omnibus Class Action Complaint (IX)" naming Defendant and hundreds of others as Defendants in this action. In this Amended Complaint, Plaintiffs allege, *inter alia:*

> Unless specifically stated to the contrary, all individual Defendants are citizens of the state where they do business and all entities are citizens of the state where they are organized.
>
> ...
>
> The remaining Defendant are identified on Exhibits "B" and "B-1" by name, type of business (*i.e.,* builder, supplier), principal place of business, state of incorporation and address. Each defendant on Exhibits "B" and/or "B-1" is assigned a number, which number is used to associate that defendant with the plaintiffs bringing claims against it.

[Omni IX, ¶¶ 8 & 14.]

There is no allegation in Omni IX, nor in the exhibits accompanying it, that Defendant has, or had in the past, <u>any</u> contacts with the State of Louisiana. Moreover, the house(s) that were constructed with drywall allegedly supplied by Defendant are not alleged to be located in the State of Louisiana, nor are the house(s)' owners alleged to be residents of the State of Louisiana. [See Omni IX, Exhibit A, 710.]

### III.  FACTS RELEVANT TO MOTION.

As is demonstrated by **Exhibit 1** (Affidavit of Eugene B. Mack) attached to the Motion to Dismiss filed contemporaneously herewith, Defendant is a Company, organized under the laws of New Jersey and whose principal place of business is located in New Jersey. [Defendant's Motion to Dismiss (hereinafter "MTD"), Ex. 1, ¶ 1.] Defendant does not maintain an office, headquarters, warehouse, or any other physical facility within the State of Louisiana. [Id. ¶ 8.] Defendant is not authorized to do business in the State of Louisiana, and has not transacted business in Louisiana. [Id. ¶¶ 4-5.] Defendant has never advertised in any publications, either targeted to the State of Louisiana, or in any way intended to draw business from any potential customers in Louisiana. [Id. ¶ 6.] Defendant has never received any business from any contacts in the State of Louisiana, whether individual customers or business customers and has never solicited any business in the State of Louisiana. [Id. ¶¶ 7 & 9.]

### IV.  ARGUMENT.

This Court cannot exercise personal jurisdiction over Defendant, because Defendant does not have minimum contacts with the State of Louisiana sufficient to permit the Court to exercise such personal jurisdiction, as required by the Supreme Court's holding in the *International Shoe* opinion, and its progeny.  Alternatively, Defendant would argue that venue has been improperly laid in this case.

## A. <u>Defendant Is Not Subject To Personal Jurisdiction In The State Of Louisiana.</u>

This District Court has previously explained that "[i]f a nonresident defendant protests the exercise of personal jurisdiction, the burden falls on its opponent to make a *prima facie* showing that personal jurisdiction exists." *Simmons v. Seatide International Inc.* 693 F. Supp. 510, 513 (E.D. La. 1988)(*citing Rittenhouse v. Mabry,* 832 F.2d 1380 (5th Cir. 1987)). The Court went on to explain that "[a] federal court may exercise personal jurisdiction over a nonresident defendant only if ... state law confers such jurisdiction and only if the exercise of such jurisdiction comports with due process under the Constitution." *Simmons,* 693 F. Supp. at 513 (citation omitted).

The Fifth Circuit has explained that when personal jurisdiction is challenged, "[t]he district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a prima facie case for jurisdiction has been made. Rather, the district court may consider the contents of the record at the time of the motion, including affidavits..." *Paz v. Brush Engineered Materials, Inc.,* 445 F.3d 809, 812 (5th Cir. 2006)(*quoting Quick Technologies, Inc. v. Sage Group, PLC,* 313 F.3d 338, 343 (5th Cir. 2002)).

There is no averment of personal jurisdiction over Defendant in the Complaint or Amended Complaint, and the Plaintiffs will not be able to make out a prima facie showing of personal jurisdiction. As the affidavit of Eugene B. Mack demonstrates,

5

Defendant does not have <u>any</u>, much less "minimum," contacts with the State of Louisiana. [<u>See</u> MTD, Ex. 1.]

In determining whether the Court may exercise personal jurisdiction over a non-resident defendant, the Court must consider whether the conduct alleged by the nonresident defendant, with regard to the forum, meets one of two possible classifications —"specific" or "general." When an action arises out of or is related to a defendant's contacts with the forum state, the court's jurisdiction is referred to as "specific jurisdiction." *Hockerson-Halberstadt, Inc. v. Costco Wholesale Corporation*, 93 F. Supp. 2d 738, 741 (E.D. La. 2000)(Fallon); *see, e.g. World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct 559, 62 L. Ed. 2d 490 (1980). When a defendant has "continuous and systematic contacts" with the forum state, separate and apart from the actions giving rise to the lawsuit, the Court may exercise "general jurisdiction." *Hockerson-Halberstadt, Inc* 93 R. Supp. 2d at 741; *see, e.g. Helicopteros Nacionales de Colombia, SJL v. Hall*, 466 U.S. 408, 104 S. Ct 1868, 80 L. Ed. 2d 404 (1984).

### 1. *Specific jurisdiction*

Personal jurisdiction over a non-resident defendant is proper only if (1) the nonresident defendant is amenable to service of process under the forum state's long-arm statute and (2) the exercise of personal jurisdiction over the non-resident defendant is consistent with due process. *Frisella v. Transoceanic Cable Ship*

*Company*, 181 F. Supp. 2d 644 (E.D. La. 2002)(*citing Ray Geophysical Geosource, Inc.* 954 F.2d 1061, 1067 (5th Cir. 1992)).

The State of Louisiana's long-arm statute, La. R.S. 13:3201, provides, in pertinent part:

> (A) A court may exercise personal jurisdiction over a nonresident who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
> 1. Transacting any business <u>in this state</u>.
> 2. Contracting to supply services or things <u>in this state</u>.
> 3. Causing injury or damage by an offense or quasi offense committed through an act or omission <u>in this state</u>.
> 4. Causing injury or damage <u>in this state</u> by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered <u>in this state.</u>
> 5. Having an interest in, using or possessing a real right on immovable property <u>in this state</u> . . . .
> 6. Manufacturing of a product or component thereof which caused damage or injury <u>in this state,</u> if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturers marketing practices.

(emphasis supplied)

The statute goes on to provide, under Subsection (A) as follows:

> In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

La. R.S. 13:3201 (B).

This Court has previously considered the Louisiana long-arm statute, and found that it extends to the limits of constitutional due process. As such, the relevant inquiry is whether jurisdiction over Defendant satisfies the Due Process Clause. *Frisella v. Transoceanic Cable Ship Company*, 181 F. Supp. 2d 644, 647 (E.D. La. 2002)(*citing Simmons v. SeaTide International Inc.*, 693 F. Supp. 510, 513 (E.D. La. 1988) and *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990)).

Constitutional Due Process is satisfied only where the non-resident defendant has "minimum contacts" with the forum state, and where requiring the defendant to litigate in the forum state does not offend "traditional notions of fair play and substantial justice." *Frisella v. Transoceanic Cable Ship Company*, 181 F. Supp. 2d 644, 647 (E.D. La. 2002)(*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct 154, 90 L. Ed. 95 (1945); *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)).

The Fifth Circuit has set forth a three-part test in order to determine whether jurisdiction is appropriate under the Due Process Clause and *International Shoe*. See *Nuovo Pignone, Spa v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002). First, the Court analyzes whether the defendant has minimum contacts with the forum state (i.e., whether it purposefully directed its activities toward the forum state or

purposefully availed itself of the privileges of conducting activities there); second, whether the plaintiffs cause of action arises out of, or results from, the defendant's forum-related contacts. The third, and final consideration is whether the exercise of personal jurisdiction is fair and reasonable. *Id.*

Defendant will address each part, in turn. As the Court will readily see, the Plaintiffs have not, and cannot establish that the assertion of personal jurisdiction over Defendant comports with Due Process.

### i. *Defendant did not purposefully direct any activities to the State of Louisiana.*

To determine whether Defendant have minimum contacts with the State of Louisiana, the Court, "must identify some act whereby [Defendant] 'purposely availed [itself] of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985). The Court must find that the non-resident's conduct and connection to the forum is such that it could "reasonably anticipate being hailed into Court" in Louisiana. *Id.* at 470.

Considering the averments of the Complaint, and the affidavits submitted by Defendant, there is nothing in the record that suggests that Defendant did anything to purposefully avail itself of the privilege of conducting business in Louisiana. [See Omni IX & MTD, Ex. 1.]

Omni IX does not make any averment suggesting that Defendant did any act within the State of Louisiana. [See Omni IX, Exhibit A, 710.]

Further, as the Affidavit of Eugene B. Mack demonstrates, Defendant is a building product supply company organized under the laws of New Jersey, not Louisiana. [Id. ¶ 1.] Its principal place of business is in New Jersey. [Id.] Defendant does not maintain an office, headquarters, warehouse, or any other physical facility within the bounds of the State of Louisiana. [Id. ¶ 8.] Defendant is not authorized to do business in the State of Louisiana, and has not transacted business in Louisiana. [Id. ¶¶ 4-5.] Defendant has never advertised in any publications, either targeted to the State of Louisiana, or in any way intended to draw business from any potential customers in Louisiana. [Id. ¶ 6.] Defendant has never received any business from any contacts in the State of Louisiana, whether individual customers or business customers and has never solicited any business in the State of Louisiana. [Id. ¶¶ 7 & 9.]

Defendant simply has no connection whatsoever to the State of Louisiana. Plaintiffs have not established any fact to the contrary, and it is their burden to make such a showing to this Court.

      ii.    *The Plaintiffs' claims against Defendant do not arise out of a specific contact with the State of Louisiana.*

The second basis for a finding of "minimum contacts" is whether Plaintiffs' cause(s) of action relate(s) to the Defendant' forum-related contacts. This case

involves allegedly defective drywall, incorporated as a building material in newly-constructed homes.

As set forth above, Plaintiffs have not alleged that Defendant made any contact with the State of Louisiana, specific or otherwise. As set forth in the Affidavit of Eugene B. Mack, Defendant did not have any forum-related contacts. [See MTD, Ex. 1.] As such, there can be no finding that "minimum contacts" have been established based on a specific contact with the State of Louisiana.

If the Court finds that there are insufficient minimum contacts, the inquiry ends there. The Court does not have to address the question of fairness to the defendant, and justice to the parties. Defendant would submit that, in this action, the inquiry ends at this point, as there is no evidence in the record, nor can there be, that Defendant had "minimum contacts" with the State of Louisiana.

Nevertheless, Defendant will address the final inquiry.

      iii.   ***Asserting personal jurisdiction over Defendant would violate the rules governing personal jurisdiction set forth in International Shoe.***

The Court's final inquiry is whether the exercise of jurisdiction in Louisiana would "offend traditional notions of fair play and substantial justice." *Paz v. Brush Engineered Materials, Inc.* 445 F.3d 809, 814 (5th Cir. 2006). Once there has been a determination that the defendant purposefully directed its activities at the forum state (which cannot be shown here), the defendant "must present a compelling case

that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477. When determining the fundamental fairness issue, this court will normally examine (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiffs interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Asahi Metal Indus. Co., Ltd. v. Superior Court of California,* 480 U.S. at 113,107 S. Ct at 1033; *World-Wide Volkswagen Corp.,* 444 U.S. at 292, 100 S. Ct at 564.

Defendant submits that requiring it to defend a lawsuit in a state where it has absolutely no contacts, and where the Plaintiffs have failed to establish that Defendant performed any work in Louisiana, entered the forum for any reason or caused injury there would "offend traditional notions of fair play and substantial justice."

Defendant would have to bear the heavy burden and expense of litigating in Louisiana, and the extensive amount of travel from Florida to Louisiana necessary to properly defend the allegations in this complex litigation clearly outweighs the benefit of exercising jurisdiction. *See, e.g., Felch* v. *Transportes Lar-MexSA De CV,* 92 F3d 320, 324 (5th Cir. 1996). While Louisiana has an interest in protecting its own citizens, as is reflected in the Affidavit of Eugene B. Mack, Defendant has

never directed any activity to the citizens of Louisiana. [MTD, Ex. 1.] Therefore, this action (with regard to Defendant) does not seek to, and will not, protect the citizens of Louisiana.

Plaintiffs' interests in convenient and efficient relief may be better satisfied elsewhere. Defendant is a New Jersey business doing business in Florida, and the home at issue is located in Florida. [See Omni IX, Exhibit A, 710.]

### 2. *General jurisdiction*

Plaintiffs may also argue that Defendant is subject to "general" jurisdiction in Louisiana, even though the specific cause of action that is the subject of the lawsuit did not arise out of Defendant's contacts with Louisiana. Such an argument must fail.

Where a cause of action does not arise out of a non-resident defendant's purposeful contacts with the forum, due process requires that the defendant have engaged in the higher standard of "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. See *Helicopteros Nacionales de Colombia, SA v. Hall* 466 U.S. 408, 104 S.Ct. 1868, 80 L. Ed. 2d 404 (1984).

The Louisiana Eastern District addressed the issue of general jurisdiction in *Olagues v. Kousharian,* 557 F. Supp. 2d 731 (E.D. La. 2008). In *Olagues,* the Eastern District stated that general jurisdiction may be exercised over a defendant

where that defendant has "continuous and systematic general business contacts with the forum state." *Id.* at 738 (*citing Helicopteros Nacionales de Colombia, SA.* v. *Hall,* 466 U.S. at 416). Consequently, Plaintiffs would be subject to a higher burden of proving that Defendant engaged in "continuous and systematic" contacts.

The *Olagues* court found: "[t]he continuous and systematic contacts test is a difficult one to meet requiring extensive contacts between a defendant and a forum." *Id* (citing *Johnston* v. *Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008)). Accenting the point, the Court observed that "[e]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction...." *Id.* (additional citations omitted).

As the Affidavit of Eugene B. Mack demonstrates, Defendant is a building product supply company organized under the laws of New Jersey, not Louisiana. [Id. ¶ 1.] Its principal place of business is in New Jersey. [Id.] Defendant does not maintain an office, headquarters, warehouse, or any other physical facility within the bounds of the State of Louisiana. [Id. ¶ 8.] Defendant is not authorized to do business in the State of Louisiana, and has not transacted business in Louisiana. [Id. ¶¶ 4-5.] Defendant has never advertised in any publications, either targeted to the State of Louisiana, or in any way intended to draw business from any potential customers in Louisiana. [Id. ¶ 6.] Defendant has never received any

business from any contacts in the State of Louisiana, whether individual customers or business customers and has never solicited any business in the State of Louisiana. [Id. ¶¶ 7 & 9.]

Defendant simply has no contacts which could be found to be continuous or systematic, and "general" jurisdiction cannot be asserted over them.

### 3. *Class action status does not change personal jurisdiction requirements.*

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on class-action certification. See *In Re: Train Derailment Near Amite, Louisiana, on October 12, 2002;* 2004 WL 224573 (E.D. La., February 3, 2004). In that case, the plaintiff sued two railroad defendants in an action arising out of a train derailment in Louisiana. *Id.* at *1. The plaintiff asserted both individual and class claims. The defendants asserted that they were not amenable to suit in Louisiana.

Opposing the defendants, the plaintiff asserted that the motion to dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." *Id.* at *1. After performing a jurisdictional analysis, the Court concluded, "[finally, this Court is unpersuaded that the certification of a class in this case has any bearing on [the defendant's] motion to dismiss for lack of personal jurisdiction. The personal jurisdiction determination depends solely on the

defendant's conduct in and contacts with the forum state." *Id.* at *3.

### B. The Eastern District Of Louisiana Is An Improper Forum For Claims Against Defendant.

For the reasons set forth above, Defendant maintains that this Court does not, and cannot, assert personal jurisdiction over it. As such, the issue of venue should be moot. Nevertheless, and in the alternative, should this Court find that Defendant is subject to personal jurisdiction, Defendant maintains that the Eastern District of Louisiana is not the proper forum for the claims against Defendant.

In this regard, 28 U.S.C A § 1404 states, in pertinent part, the following:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district Transfer of proceedings *in rem* brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

Additionally, 28 U.S.CA § 1406 states, in pertinent part; as follows:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Plaintiffs are unable to establish that any activities by or on behalf of Defendant occurred in the state of Louisiana, that any of its products were sold in the

forum, or that Defendant is even subject to jurisdiction in this district. [See MTD, Ex. 1.]

Wherefore, in the alternative, Defendant asks this Court to transfer said claims to a venue where the claims could have originally been brought, the only such option being the State of Florida.

## V.   CONCLUSION

For the reasons set forth above, Defendant respectfully requests that its Motion to Dismiss pursuant to Fed R. Civ. Pro. Rule 12 be granted, and that this Court dismiss the Plaintiffs' claims against it, as this Court does not have personal jurisdiction over Defendant, and the Eastern District of Louisiana is an improper venue for any claims against Defendant.

This 15th day of August 2011.

/s/ M. Craig Hall
M. Craig Hall
GBN:   319220
Counsel for Defendant

Oldcastle Law Group
900 Ashwood Parkway, Suite 700
Atlanta,   GA 30338
(phone) 770/392/5300
(facsimile) 770/392/5305
Craig.Hall@Oldcastlelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA 70113, rherman@hhke.com, and Defendants' Liaison Counsel, Kerry Miller, Frilot, LLC, Suite 3700, 1100 Poydras St., New Orleans, LA 70163, kmiller@frilot.com, by U.S. Mail and email upon all parties by electronically uploading same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing in accordance with the procedures established in MDL 2047.

This 15th day of August 2011.

/s/ M. Craig Hall
M. Craig Hall
GBN: 319220
Counsel for Defendant

Oldcastle Law Group
900 Ashwood Parkway, Suite 700
Atlanta, GA 30338
(phone) 770/392/5300
(facsimile) 770/392/5305
Craig.Hall@Oldcastlelaw.com