UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL     MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION

JUDGE FALLON
MAG. JUDGE WILKINSON

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

THIS DOCUMENT RELATES TO: LAURA
HAYA, et al. v. TAISHAN GYPSUM CO.,
LTD. F/K/A SHANDONG TAIHE DONGXIN
CO., LTD, et al.;
Case No. 11-1077

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

**GIBSON & ANDERSON CONSTRUCTION, INC.'S
MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.  BACKGROUND**

On May 10, 2011, 999 Plaintiffs directly filed "Plaintiffs' Amended Omnibus Class Action Complaint (IX) [Doc. 8781] against 302 named Defendants, including Gibson & Anderson Construction, Inc. ("Gibson & Anderson"), in the United States District Court for the Eastern District of Louisiana invoking diversity jurisdiction pursuant to 28 U.S.C. §1711 *et seq.*, 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), and/ or supplemental jurisdiction under 28 U.S.C. § 1367.

Plaintiffs allege that named Defendants are liable for damages incurred by the Plaintiffs due to Defendants' role in the design, manufacture, importing,

1

distributing, delivery, supply, marketing, inspecting, installing, or sale of defective drywall. (Complaint, p.2).

Plaintiffs allege that Gibson & Anderson (defendant #88 per Exhibit B-2) built plaintiff David Shea's home and, directly or through agents, installed defective drywall in such home, which has resulted in harm and damage to Plaintiff David Shea. (Complaint, ¶ 29 and Exhibit A-1).

## II.  CHOICE OF LAW

Because Plaintiffs have invoked federal jurisdiction, this Court must apply the substantive law of Louisiana and federal procedural law. *Erie RR Co. v. Tomkins*, 304 U. S. 64, 78-79 (1938); *Hanna v. Plumer*, 380 U.S. 460, 473 (1965). State substantive law includes Louisiana's choice of law principles. *Klaxon v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496 (1941).

This Court has previously held that actions filed directly into an MDL in Louisiana "by citizens who reside in the MDL court's judicial district … would have been filed [in Louisiana] whether or not an MDL existed in [Louisiana]. In these cases, the MDL court must apply its own state law, that is, the law of the state in which it sits. It is undisputed that the MDL court has complete authority

over every aspect of these cases."[1] *In re Vioxx Products Liability Litigation*, 478 F.Supp.2d 897, 903 (E.D. La. 2007). Therefore, Louisiana law applies to this case.

### III.  STANDARD ON MOTION TO DISMISS

When considering this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), this Court must consider the allegations contained in Plaintiffs' complaint as true, unless those allegations are controverted by the defendant's affidavit. *Thomas v. Kennedy*, 75 Fed. Appx. 281, 283-4 (5th Circ. 2003)(unpublished)(citing *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 785 (5th Cir. 1990)).

### IV.  THIS ACTION IS DUE TO BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

**A.   Under Louisiana's Long-Arm Statute and Applicable Federal Law, Plaintiffs' Claims Must be Dismissed.**

"In diversity action … the law of the forum state, subject to the Constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over nonresident defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 396 (5th Cir. 2001)

---

[1] Even if Alabama law applied, Gibson & Anderson is due to be dismissed for lack of personal jurisdiction, because both Louisiana's and Alabama's long-arm statutes extend due process to the fullest extent permitted by federal due process. *Davis v. Dempster*, 790 So.2d 43, 46 (La. App. 2000) writ denied 78.5 So.2d 830 (La. 2001); *See Ex parte Citizens Property Ins. Corp.*, 15 So.3d 511, 515-16 (Ala. 2009). *See e.g. In re Bausch & Lomb, Inc.*, 2007 WL 3046682 at *3 (D.S.C.).

citing *Southmark Corp. v. Life Investors, Inc.,* 851 F.2d 763, 772 n. 15 (5th Cir. 1988) and *Stuart v. Spademan,* 722 F.2d 1158, 1189 (5th Cir. 1985).

The Louisiana long-arm statute, La. R.S. 13:3201(A) and (B), describes the circumstances under which a Louisiana court may exercise personal jurisdiction over a nonresident defendant such as Gibson & Anderson.

Subsection A states that a court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident: Transacting any business in this state; Contracting to supply services or things in this state; Causing injury or damage by an offense or quasi offense committed through an act or omission in this state; Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

Subsection B provides, "In addition to the provision of Subsection A, <u>a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the Constitution of this state and of the Constitution of the United States</u>."

La. R.S. 13:3201(B) ensures that the long-arm jurisdiction of a Louisiana court extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe and Supply Co.,* 515 So.2d 790, 792 (La. 1987). In *Superior Supply,* the court stated that under "the express terms of the present long-arm statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under the long-arm statute." *Id.* (citing *Petroleum Helicipters, Inc. v. Avco Corp.,* 513 So.2d 1188, 1192 (La. 1987). *See also Puckett v. Advance Sports, Inc.,* No. 2009 CA 0507, 2009 WL 3430283 (La. App. 1 Cir. Oct. 26, 2009) at *4; *Thomas v. Kennedy, supra,* 75 Fed. Appx. At 283.

      **B.**    **Gibson & Anderson is Not Subject to the Jurisdiction of this Court Because It Has Not Established Minimum Contacts with the State of Louisiana and Maintaining the Suit in Louisiana Offends Traditional Notions of Fair Play and Substantial Justice.**

A non-resident defendant is not subject to the jurisdiction of this Court unless it has sufficient "minimum contacts" with the State of Louisiana, and maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Dalton v. R&M Marine, Inc.,* 897 F.2d 1359, 1361 (5th Circ. 1990) (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)); See also, *LaRocca's Auto Sales Floorplan, Inc. v. Shelton,* No. 09-CA-143 2009 WL

3447606 at *2, (La. App. 5th Cir. Oct. 27, 2009). There are two components to the due process test; they are "minimum contacts" and "traditional notions of fair play and substantial justice." *Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d F.2d 784, 786 (5th Cir. 1990).

### C. Gibson & Anderson Does Not Have Minimum Contacts with Louisiana Because Gibson & Anderson Has Not Purposefully Availed Itself of the Privilege of Conducting Activities in Louisiana.

Gibson & Anderson does not have minimum contacts with the State of Louisiana, because Gibson & Anderson has not purposefully availed itself of the privilege of conducting business in Louisiana. (*See* Exhibit A, attached). For the exercise of personal jurisdiction over Gibson & Anderson to be proper, Gibson & Anderson must have purposefully established "minimum contacts" with Louisiana such that it invoked the benefits and protections of Louisiana's laws and could reasonably anticipate being haled into court there. *Asarco, Inc.,* 912 F.2d at 786 (*citing Asahi Metal Industry Co. v. Superior Court of California,* 489 U.S. 102, 107 (1987) and *Gulf Consolidated Services v. Corinth Pipeworks, S.A.,* 898 F.2d 1071 (5th Cir. 1990)).

The United States Supreme Court has held,

> [i]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus evoking the benefits and protections of its laws.

*Hanson v. Denckle,* 357 U.S. 235, 253 (1958) (*citing International Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945)). This 'purposeful availment' requirement ensures that a defendant will not be haled into court into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or by the unilateral activity of another party or a third person." *Puckett v. Advance Sports, supra,* at *4, (citing *de Reyes v. Marine Mgt. and Consulting,* 586 So.2d 103, 106 (La. 1991)); *see also Alonso v. Line,* 486 So.2d 745 (La. 2003) cert, denied, 540 U.S. 967 (2003); *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 475 (1985) (citing *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1985) and *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 299 (1980)).

Gibson & Anderson has not purposefully availed itself of the privilege of doing business in Louisiana. The undisputed evidence before this Court confirms this fact. (Exhibit A). Specifically:

1. Gibson & Anderson is an Alabama corporation, and its only place of business is in Birmingham, Alabama. (Exhibit A at ¶ 3).

2. Gibson & Anderson has never built a residence or otherwise worked in the State of Louisiana, nor had any contracts or subcontracts to provide work, services, or goods with companies or person located in the state of Louisiana. (Exhibit A at ¶ 5).

3. Gibson & Anderson has never been licensed or registered to do business in Louisiana, nor has it ever sought to be licensed or registered to do business in Louisiana. (Exhibit A at ¶ 6).

4. Gibson & Anderson has never had any office or employees in Louisiana. (Exhibit A at ¶ 7).

5. Gibson & Anderson does not have an agent for service of process in Louisiana. (Exhibit A at ¶ 8).

6. Gibson & Anderson has never owned any real property in Louisiana. (Exhibit A at ¶ 10).

7. Gibson & Anderson does not solicit business in Louisiana and has never transacted business in Louisiana. (Exhibit A at ¶11).

8. Gibson & Anderson has never maintained a telephone line or number in Louisiana, never kept a business listing in Louisiana, and never kept a post office box or otherwise received mail in Louisiana (Exhibit A at ¶14).

9. Gibson & Anderson does not have and has never had any bank accounts in Louisiana. (Exhibit A at ¶9).

### D. This Court Does Not Have Specific Jurisdiction or General Jurisdiction Over Gibson & Anderson.

In *Asarco, Inc. v. Glenara, Ltd.*, supra. the Fifth Circuit Court of Appeals identified two categories of minimum contacts which give rise to personal jurisdiction over a non-resident defendant such as Gibson & Anderson. These categories are specific jurisdiction and general jurisdiction. Specific jurisdiction arises when the suit is derived from, or related to, the defendant's purposeful contacts with the forum state. *Asarco*, 912 F.2d at 786 (citing *Dalton v. R&W Marine, supra*, 897 F.2d 1359, 1361-62 (5th Cir. 1990)); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Louisiana has general jurisdiction over a defendant when the defendant has "continuous and systematic contacts" with the State. *Asarco, supra,* at 786.

There is no basis for subjecting Gibson & Anderson to specific jurisdiction in Louisiana. Gibson & Anderson never built a residence or otherwise worked in the State of Louisiana. (Exhibit A at ¶5). There is no basis for exercising specific personal jurisdiction over Gibson & Anderson in Louisiana. There also no evidence to support a finding of general jurisdiction over Gibson & Anderson. Gibson & Anderson's only place of business is in Birmingham, Alabama, and it has not purposefully availed itself of the privilege of conducting activities in

9

Louisiana. (Exhibit A at ¶ 6). Gibson & Anderson's co-founder and Vice-President has testified to the following:

    1.    Gibson & Anderson has never built a residence or otherwise worked in the State of Louisiana, nor had any contracts or subcontracts to provide work, services, or goods with companies or person located in the state of Louisiana. (Exhibit A at ¶ 5).

    2.    Gibson & Anderson has never been licensed or registered to do business in Louisiana, nor has it ever sought to be licensed or registered to do business in Louisiana. (Exhibit A at ¶ 6).

    3.    Gibson & Anderson has never had any office or employees in Louisiana. (Exhibit A at ¶ 7).

    4.    Gibson & Anderson does not have an agent for service of process in Louisiana. (Exhibit A at ¶ 8).

    5.    Gibson & Anderson has never owned any real property in Louisiana. (Exhibit A at ¶ 10).

    6.    Gibson & Anderson does not solicit business in Louisiana and has never transacted business in Louisiana. (Exhibit A at ¶11).

7. Gibson & Anderson has never maintained a telephone line or number in Louisiana, never kept a business listing in Louisiana, and never kept a post office box or otherwise received mail in Louisiana (Exhibit A at ¶14).

8. Gibson & Anderson does not have and has never had any bank accounts in Louisiana. (Exhibit A at ¶9).

Accordingly Gibson & Anderson cannot be subject to personal jurisdiction in the State of Louisiana under either the specific or general jurisdiction theories.

### E. Class Action Status Does Not Change Personal Jurisdictional Requirements

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on class-action certification. *See In Re: Train Derailment Near Amite, Louisiana, on October 12, 2002*; 2004 WL 224573 (E.D. La., February 3, 2004). In that case, the plaintiff sued two railroad defendants in an action arising g out of a train derailment in Louisiana. *Id.* at *1. The plaintiffs asserted both individual and class claims. The defendant asserted that it was not amenable to suit in Louisiana.

Opposing the defendant, the plaintiff asserted the Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." *Id.* at *1. The Court concluded, "[f]inally, this Court is unpersuaded that the certification of a class in this case has any bearing on the [the defendant's] motion to dismiss for lack of personal jurisdiction. The personal jurisdiction determination depends solely on the defendant's conduct in and contacts with the forum state." *Id.* at *3.

### V. SUBJECTING GIBSON & ANDERSON TO PERSONAL JURISDICTION IN THE STATE OF LOUISIANA WOULD OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE.

Even where a defendant's contacts with the forum are sufficient to meet the minimum contacts requirement for exercising personal jurisdiction, the Due Process Clause forbids a state court from exercising jurisdiction if doing so would offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington,* 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer,* 311 U.S. 457, 463 (1940)); *see also Asahi Metal Industry Co., Ltd. V. Superior Court of California,* 480 U.S. 102, 113-114 (1987).

Even if Gibson & Anderson had minimum contacts with Louisiana, it would be entirely unfair to require Gibson & Anderson to answer this Complaint in

Louisiana because Gibson & Anderson has not constructed any home, building or other structure for any customers in Louisiana.

## VI.  VENUE IS IMPROPER AS TO GIBSON & ANDERSON

Gibson & Anderson's only place of business is in Alabama. (*See* Exhibit "A" ¶ 3). In the event this Court does not dismiss Gibson & Anderson from this matter, Gibson & Anderson respectfully requests this Court to transfer the claim against Gibson & Anderson to the United States District Court for the Northern District of Alabama (where Gibson & Anderson's principal place of business is located) pursuant to 28 U. S. C. § 1406(a) which provides that when a venue is improper, this Court may dismiss the action, or, if in the interests of justice, transfer the case to the district or division in which it could have been brought.

In a diversity action, for venue purposes, a corporation resides in any judicial district in which it is subject to personal jurisdiction when the action is commenced. 28 U.S.C. § 1391(c). Venue in the Eastern District of Louisiana is not proper as to Gibson & Anderson because this Court does not have personal jurisdiction over Gibson & Anderson in Louisiana.

## VII. CONCLUSION

The evidence before this Court clearly demonstrates that Gibson & Anderson has not "purposefully availed" itself of the privilege of conducting business in Louisiana, and is not subject to personal jurisdiction in the Eastern

District of Louisiana. Even if Gibson & Anderson did have sufficient minimum contacts with Louisiana so that it should reasonably have expected to have been haled into court there, Louisiana's assertion of jurisdiction in this case would unconstitutionally violate traditional notions of fair play and substantial justice.

Gibson & Anderson respectfully requests that this Court enter an Order dismissing it from this case for lack of *in personam* jurisdiction in accordance with Fed. R. Civ.P. 12(b)(2). In the alternative, if this Court does not dismiss this case, Gibson & Anderson requests that it be transferred to the United States District Court for the Northern District of Alabama, where venue is properly laid, pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted on this the 15th day of August, 2011.

/s/Greer B. Mallette
Greer B. Mallette (MAL025)
Attorney for Gibson & Anderson Construction, Inc.

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20th Street North
Suite 1800 Financial Center
Birmingham, AL  35203-2696
Telephone: 205-795-6588
Facsimile: 205-328-7234

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of August, 2011, this document has been served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/Greer B. Mallette
OF COUNSEL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE - MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL No. 2047

JUDGE FALLON (L)
MAG. WILKINSON

THIS DOCUMENT RELATES TO: LAURA
HAYA, et al. v. TAISHAN GYPSUM CO.,
LTD. F/K/A SHANDONG TAIHE DONGXIN
CO., LTD, et al.;
Case No. 11-1077

**AFFIDAVIT OF EDWARD ANDERSON IN SUPPORT OF DEFENDANT GIBSON & ANDERSON CONSTRUCTION CO, INC.'s MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (IX) FOR LACK OF PERSON JURISDICTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

BEFORE ME, the undersigned authority, on this day personally appeared **Edward Anderson**, who being duly sworn, upon his oath deposed and stated as follows:

1. I am the Vice-President and co-founder of Gibson & Anderson Construction, Inc. ("Gibson & Anderson"). I make this Affidavit of my own personal knowledge in support of Gibson & Anderson's Motion to Dismiss the Amended Class Action Complaint filed by Laura Haya as identified hereinabove as to defendant Gibson & Anderson for Lack of Personal Jurisdiction under Federal Rule of Civi8l Procedure 12(b)(2).

2. I am over the age of 18 years. I am otherwise competent to testify as to the matters set forth below.

3. Gibson & Anderson is a corporation organized and existing under the laws of the State of Alabama and has its principal, and only, place of business in Birmingham, Alabama.



4. Gibson & Anderson is a home builder that contracts with third party vendors / subcontractors for the construction of single-family homes and / or sells completed single family homes.

5. Gibson & Anderson has never built a residence or otherwise worked in the State of Louisiana, nor had any contracts or subcontracts to provide work, services, or goods with companies or persons located in Louisiana.

6. Gibson & Anderson has never been licensed or registered to do business in Louisiana, nor has it ever sought to be licensed or registered to do business in Louisiana.

7. Gibson & Anderson has never had any office or employees in Louisiana.

8. Gibson & Anderson does not have an agent for service of process in Louisiana.

9. Gibson & Anderson does not have and has never had any bank accounts in Louisiana.

10. Gibson & Anderson does not own and has never owned any property in Louisiana.

11. Gibson & Anderson does not solicit business in Louisiana and Gibson & Anderson has never transacted business in Louisiana.

12. According to "Exhibit "B" (#88) and ¶ 7 of Plaintiffs' Amended Omnibus Class Action Complaint (IX), Gibson & Anderson allegedly built one (1) single-family residence at issue in this lawsuit. The single-family residence at issue is located in Alabama. Specifically, the residence is located in Hoover, Alabama.

13. Any contracts entered into with plaintiff, David Shea, the alleged owner of the subject home, were negotiated and performed in Alabama.

14. Additionally, Gibson & Anderson has never maintained a telephone line or number in Louisiana, never kept a business listing in Louisiana, and never kept a post office box or otherwise received mail in Louisiana.

15. Gibson & Anderson has never anticipated that it would be haled into court in Louisiana.

FURTHER AFFIANT SAYETH NOT.

Done this 2 day of August, 2011.

Edward Anderson

STATE OF ALABAMA    )
                    :
JEFFERSON COUNTY    )

Before me, a Notary Public in and for said County, in said State, personally appeared Edward Anderson, whose name is signed to the foregoing Affidavit as Vice-President of Gibson & Anderson Construction Company, Inc., and who is known to me and who, being by me first duly sworn and deposed, said that he/she has knowledge of the facts stated in the foregoing Affidavit, and that the said facts as therein stated are true and correct.

Sworn to and subscribed before me on this the 7 day of August, 2011.

NOTARY PUBLIC

My Commission Expires:

OFFICIAL SEAL
VANETTA LOVELL
NOTARY PUBLIC - ALABAMA
STATE AT LARGE
My Comm. Expires 4-13-2014