IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | :MDL NO. 2047<br>:Section L<br>: |
| This Document Relates to<br>Germano, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd., et al. Case No. 2:09-cv-6687 (E.D. La.) | :JUDGE FALLON<br>:MAG. JUDGE WILKINSON |

## <u>VENTURE SUPPLY, INC. AND THE PORTER-BLAINE CORPORATION'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ADDITIONAL JURISDICTIONAL DISCOVERY FROM TAISHAN GYPSUM CO., LTD. AND TAI'AN TAISHAN PLASTERBOARD CO.</u>

Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("PB"), by counsel, submit the following supplemental memorandum pursuant to this Court's August 12, 2011, Order relating to further jurisdictional discovery from defendants Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co. (collectively "Taishan"). [Docket No. 10092].

### INTRODUCTION

Venture purchased drywall ("CDW") from Taishan Gypsum Co., Ltd. (formerly known as Shandong Taihe Dongxin Co., Ltd.). Both Venture and PB have been sued in over 170 actions seeking over $340 million in damages alleging that the CDW was defective and causes property damage and personal injury. In turn, Venture and PB have filed actions against Taishan for indemnity and contribution for any sums for which they are found liable. In addition,

1

Venture and PB are seeking recovery from Taishan for the damage to their businesses, which were thriving until the negative impact from CDW forced them to cease operations.

Taishan is currently in default in two third-party actions filed by Venture and/or PB in Virginia state courts – Proto, et al. v. The Futura Group, LLC, et al., Case No.: CL09-2455 (Va. Beach Cir. Ct.), and Allen, et al. v. Venture Supply, Inc., et al., Case No.: CL10-6976 (Norfolk Cir. Ct.). The latter action is a multi-claimant action involving claims by over 160 Virginia-based homeowners.[1]  In addition, Venture and PB are parties to the Germano, et al. v. Taishan Gypsum Co., Ltd., etc., Case No. 2:09-cv-6687 (E.D. La.) class action which was filed in the Eastern District of Virginia and transferred to this Court (Docket No. 331). The subject matter jurisdiction of this Court over the Germano action is dependent on the personal jurisdiction of a Virginia Court over Taishan.[2]

Because of Venture's and PB's interest in securing jurisdiction over Taishan, their counsel has been actively participating in the jurisdictional discovery conducted in the MDL. Venture and PB separately noticed the depositions of corporate representatives of Taishan and Tai'an in the Germano action. (Docket Nos 8351 and 8352)  Counsel travelled to Hong Kong to

---

[1] Counsel for Taishan has indicated that they will oppose the default judgments in these Virginia actions based, in part, on lack of personal jurisdiction. They have also indicated that they will request that the Virginia courts defer ruling until the jurisdictional discovery in the MDL has been completed and this Court considers the personal jurisdiction issue.  Even though it is doubtful that this Court's ruling on jurisdiction in Germano or in any of the direct-filed actions in Louisiana would be binding on the Virginia state court actions, the suggestion being made by Taishan is that the jurisdictional discovery conducted in the MDL may be the only chance that Venture and PB will have to seek discovery on jurisdictional issues. While Venture and PB have not agreed to this and dispute the accuracy of this absent such agreement or Court Order, they must take steps to protect their interests.

[2] The other parties in the Germano action are all citizens, domiciliaries, and residents of the Commonwealth of Virginia.  Under the law prior to the Class Action Fairness Act of 2005, the lack of complete diversity would divest this Court of jurisdiction.  However, arguably under that Act a court would have subject matter jurisdiction solely because Taishan is a defendant and had been named as a defendant in another class action suit within three years of the filing of the Germano complaint. 28 U.S.C. § 1332 (d)(4)(A)(ii)(exception to circumstance in which Court should decline jurisdiction).  Therefore, if there is no personal jurisdiction over Taishan then all of the remaining parties in the action are located in Virginia and the Class Action Fairness Act of 2005 provides no subject matter jurisdiction to this Court or any other federal court.

attempt to participate in the first round of jurisdictional depositions of Taishan.[3]  Thereafter, when the depositions proved to be unfruitful, Venture and PB joined in the motions to compel filed by the Plaintiffs' Steering Committee ("PSC") and the Homebuilders' Steering Committee ("HSC"), and appeared before this Court to argue the motions (Docket No. 8768).  As a result of those motions and the hearing, the Court issued an Order requiring the parties to meet and confer on document and deposition issues and submit unresolved matters to the Court.  (Docket No. 9524).

Since then, Counsel for Venture and PB has made several trips to Louisiana and participated in numerous conference calls to cooperate with the PSC and other parties interested in the jurisdictional discovery of Taishan, and has been actively involved in preparing background material and submission of position documents to Taishan and this Court.  Counsel also has participated in "meet and confers" with Taishan's counsel on the discovery issues.  Finally, counsel participated in conferences with this Court on these issues both by telephone and in person after the last status conference.

Despite all of this, the PSC has unilaterally decided that it does not wish to cooperate further with counsel for Venture and PB on the jurisdictional discovery of Taishan.[4]  Accordingly, Venture and PB submit the following as their position on the current status of the Taishan jurisdictional discovery.  Venture and PB also note that their main concern is with a

---

[3] Prior to the depositions, counsel actively participated in meet and confer sessions with Taishan's counsel, the PSC and other interested parties on the scope and procedural issues relating to the depositions.

[4] The PSC apparently misconceived arguments presented to this Court relating to class certification motions filed by the PSC against Venture and argued before this Court after the last status conference.  (E.g., Docket Nos 8809, 8829, 9549 and 9596)  Contrary to the PSC's belief, Venture argued that it was actively pursuing jurisdiction against Taishan and had every reason to do so.  However, if – and only if - for some reason the Court decides that it lacks personal jurisdiction over Taishan, then it would lose subject matter jurisdiction over the Germano class action.  (See footnote 2 infra).  Therefore, Venture suggested that this Court delay acting on the PSC's motion to certify a class action until such time as it determines the Taishan jurisdictional issue.  (Docket No. 9596 and Transcript of Hearing, July 14, 2011).

3

Virginia court's jurisdiction over Taishan Gypsum Co., Ltd., with whom Venture dealt, while the PSC is focused on other issues such as the sale of drywall by Tai'an Taishan Plasterboard Co. to importers in states other than Virginia; corporate veil issues relating to upstream and downstream entities[5]; and the like.

## DISCUSSION

A.   DOCUMENT PRODUCTION[6]

Venture and PB have expressed their position to Taishan with respect to the document production issue (See correspondence, attached hereto as Exhibit A).  Basically, the major concern of Venture and PB is the scope of the search for e-mails or other electronically stored documents which relate to a Virginia court's jurisdiction over Taishan.  Counsel for Taishan has suggested that new computers were obtained by Taishan in the spring of 2009 and that the only electronic search for relevant documents capable of being performed is through an e-mail providers' server.  (See email attached hereto as Exhibit B).[7]  Apparently, that server was searched for relevant e-mails relating to the accounts of seven employees of Taishan: Peng Wenlong, Che Gong, Yang Jiapo, Jia Kai, Zhang Jijun, Zhang Jianchun and Jia Tongchun.  (See email attached hereto as Exhibit C).

Based on this, Venture and PB believe they are being told:

1.   The only source of potentially relevant historic electronically stored information is an e-mail provider's server.

---

[5] Venture and PB's interest in the corporate veil issues would be mainly dependent upon whether Taishan's parent corporations or subsidiaries did business in the Commonwealth of Virginia.
[6] Venture and PB did not themselves propound document requests to Taishan because they would simply have been repetitive of the requests by the PSC, upon which they relied.  Based upon the Court's order requiring that the parties meet and confer on the Taishan jurisdictional discovery (Docket No. 9107), Venture and PB have been actively cooperating on behalf of themselves, the PSC and other interested parties on the document production issue.
[7] Taishan has represented that it did not have a centralized network for its employees.  Rather, individual employees allegedly had their own personal computers issued by the company on which business was conducted.

2.     That when new computers were distributed by Taishan in the spring of 2009, no back-ups were made of any type of electronically stored information, whether it was e-mails, documents, invoices, or the like.

3.     That the only persons that could potentially have any electronically stored information (which we are told is only e-mail) relating to personal jurisdiction of a Virginia court are those listed above.

Venture and PB believe that a more thorough search could be conducted, including a search of the emails of those persons identified by Mr. Jia as persons who would review or send emails for him – (Zhang Jian Chun (secretary of the board of directors of TG); Chen Xin Hua (general staff); and Zhao Xiu Yun (engineer) (Jia Dep. Pages 57-58 to be submitted to Court under seal if requested). In addition, the emails for Mr. Peng's direct superior, Fu Ting Huan (Peng Dep., Pages 365-66), should be searched. Finally, a search should be made of these person's individual computers issued in the spring of 2009 for any data backed-up or retained from their previous computers. However, if counsel for Taishan represents to this Court that they have done all that they can do in this regard and there simply are no more responsive documents, Venture and PB would reluctantly be satisfied with the document production at this point in time.

B.     DEPOSITIONS

As noted above, counsel for Venture and PB, at great expense attempted to participate in the corporate depositions of Taishan in Hong Kong. However, for whatever reason and without assigning blame, counsel was only given very limited time in which to ask questions relevant to a Virginia court's jurisdiction over Taishan. At the very least, counsel wishes to finish

questioning Peng Wenlong (aka "Frank Clem"), the person with whom Venture directly dealt on the purchases of CDW from Taishan.[8]  For example, Mr. Peng had telephone conference(s) and communications with Sam Porter, president of Venture; had numerous meetings and communications with Phillip Perry, president of Tobin Trading, Inc. which acted as Venture's broker in the purchase of drywall; sent samples of drywall to Venture; arranged or assisted in arranging shipment of the drywall to Norfolk, Virginia; had discussions with Perry about Venture becoming the exclusive distributor for Taishan in the United States; and provided testing documents including ASTM compliance documents to Venture.[9]  Mr. Peng is featured prominently in the documents that Venture and PB have produced to the parties in this action and Venture and PB need to question him on these documents and the sales of CDW to Venture, which directly relates to jurisdiction of a Virginia court over Taishan.

    As noted above, the PSC and the other interested parties do not and cannot adequately represent the interests of Venture and PB, especially with respect to the default of Taishan in the two Virginia state court actions.  This is especially so as the PSC has decided not to cooperate with Venture and PB.  Venture and PB have a direct and substantial interest in pursuing all relevant evidence as it relates to a Virginia court's jurisdiction over Taishan.  Clearly, if there is no jurisdiction then Venture may be left with no recourse for any damages awarded against it and potentially no recourse on the defaults of Taishan in the state court actions.

---

[8] To the extent other parties are interested in completing the deposition of Mr. Jia, the Managing Director of Taishan, Venture and PB would also like the opportunity to complete their questioning of him.  Venture and PB were exploring with him his knowledge, as Managing Director of Taishan, of the sale of drywall to Venture which was reportedly the first sale to a United States customer.  However, given the time constraints imposed by Taishan, it was not possible to explore this with him further.

[9] Mr. Peng has already testified that he knew the drywall purchased by Venture went to Norfolk, Virginia. (Peng Dep. Pages 388, 403 to be submitted to Court under seal if requested).

WHEREFORE, Venture and PB request the Court to order further search and production of relevant electronic files, to the extent not performed by Taishan, and to order a continuation of the deposition of Peng Wenlong.

This the 19th day of August, 2011.

Respectfully submitted,

By: _____/s/_____

Mark C. Nanavati, Esquire (VSB #38709)
Kenneth F. Hardt, Esquire (VSB # 23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 378-7600 ext. 3311 or 3316
(804) 378-2610 (fax)
khardt@snllaw.com
mnanavati@snllaw.com
*Attorneys for Defendants Venture Supply Inc.*
*and The Porter-Blaine Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of August, 2011.

_____/s/_____

Kenneth F. Hardt