# EXHIBIT "B"

| From: | Statman, Eric |
|---|---|
| To: | Kenneth Hardt; "LDAVIS@hhkc.com" |
| Cc: | "RHERMAN@hhkc.com"; "alevin@lfsblaw.com"; "FLonger@lfsblaw.com"; "gmeunier@gainsben.com"; "DWimberly@stonepigman.com"; "bassh@gtlaw.com"; "dblack@perkinscole.com"; "npanayo@wwhgd.com"; "jgarner@shergarner.com"; "tbrenner@beylaw.com"; "CSeeger@seegerweiss.com"; "Ervin@colson.com"; "patrick@colson.com"; "rserpe@serpefirm.com"; "juliabeskin@quinnemanuel.com"; "janebyrne@quinnemanuel.com"; "kolayat@gtlaw.com"; "salkym@gtlaw.com"; "mclark@shergarner.com"; "ceiselen@gitbs.com"; "rcs@stanleyreuter.com"; "tpo@stanleyreuter.com"; Cyr, Joe; Spano, Frank T.; Galvin, Matthew; Colligan, Courtney L.; Garcia, Renee |
| Subject: | RE: Drywall: Response to June 24, 2011 Letter |
| Date: | Friday, August 05, 2011 3:18:01 PM |
| Attachments: | Joint Status Letter to the Court.DOC |

Lenny and Ken,
Your objections to the scope of our searches for responsive documents are misplaced.

To put this in context, as part of the meet and confer process, we represented that we had produced all documents responsive to certain of your document requests that could be located, and you agreed that if all such documents were or will be produced, there is no issue for the Court to consider with respect to those requests. As part of that process, and to verify our representations, we agreed to provide you with information concerning the specific individuals' files we searched in order to locate responsive documents. The first section of accompanying letter sets forth the documents requests as to which the parties have no disagreement based upon our representation that Defendants have or will produce all responsive documents. You now seem to question the veracity of our representation that we have produced all responsive documents that can be located. You contend that we should not have limited our searches to emails, and that we should have searched the records of additional people.

We have previously described the steps we have taken to locate responsive documents. You seem to have a misconception about what documents it is possible to search for, however; this misconception may stem from your failure to ask questions about document maintenance at the depositions held this past April. Based on our efforts to obtain documents from the Defendants, we can inform you that the Defendants maintain corporate records in hard copy. The Defendants did not have company computer servers. Further, the computers used by the relevant employees and directors of the Defendants are not the same as those that were used in the relevant time frame. Instead, these employees and directors were issued new computers when Taishan Gypsum moved to its new headquarters in February and March 2009. As a result, the local computers of the relevant employees and directors did not even contain email file.

Instead, emails had to be searched for through the email provider's server. Thus, our search for emails and not computer files for documents responsive to your requests was reasonable.

We have produced all arguably relevant corporate records and we will continue to supplement our response if and when any additional stray corporate records are located. Indeed, today we are producing the guarantee and related invoice called for in your Request 14.

To the extent you state that we have not searched for emails from all the potentially relevant employees and directors of the Defendants, this objection is also misplaced. As the accompanying letter sets forth, with two exceptions our agreement to produce all responsive documents is limited to requests relating to manufacturing or sales activities. We reiterate that we have searched the available emails of everyone at TG or TTP likely to have been involved in the business of selling or manufacturing drywall that was made to US specifications. The fact that certain names do not appear on this list does not mean that no search was made to determine if they possessed responsive documents. We are informed, however, most TG and TTP employees did not conduct their business by email. Thus, for example, Peng Shiliang and Song Qinghai, a director and manager of TTP, respectively, did not have email accounts and did not conduct business through emails. We searched the emails of those people involved in manufacturing and sales who had emails to search. Thus our search for responsive emails relating to manufacturing and sales was appropriate in all respects.

With respect to Request 9, "Documents regarding the decision to shut down TTP's drywall production," we have been informed by persons who were involved in that decision that there are no documents other than those already produced. As noted above, it is not possible to search the hard drive of computers that were in use at that time because the relevant individuals no longer use those computers. We are further informed that there are no emails on the subject because Defendants did not conduct this type of business through emails, and we did not search for emails on this topic. Indeed, Jia Tongchun, the director of TG and its General Manager, testified that he did not conduct business through emails . You are free to inquire about Defendants' email practices during the relevant time period during the next round of depositions. Notwithstanding the foregoing, should you think that emails should have been searched, then we do not object to moving this Category to the "disputed" section of the

letter to the Court, as we do not believe that these documents are the proper subject of discovery.

Similarly, with respect to Request 14, "The fee information, guarantee contracts between BNBM and TG and related communications," the emails of Zhang Jianchun, TG's Corporate Secretary, and Jia were searched; , no relevant emails were found. Nonetheless, the search of Jia's and Zhang's emails was sufficient, as they were involved in the transaction, and other directors and managers of TG are not likely to have had emails relevant to this request.

Given the foregoing, we request that you review the proposed letter to the Court regarding the status of the meet and confer proceedings and provide us with any comments you may have so that we may transmit the letter to the Court.

**Eric Statman**
Counsel

**Hogan Lovells US LLP**
875 Third Avenue
New York, NY 10022

Tel:      +1 212 918 3000
Direct:  +1 212 909 0609
Fax:     +1 212 918 3100
Email:   eric.statman@hoganlovells.com
          www.hoganlovells.com

*Please consider the environment before printing this e-mail.*

**From:** Kenneth Hardt [mailto:khardt@snllaw.com]
**Sent:** Wednesday, August 03, 2011 7:27 PM
**To:** Statman, Eric; 'LDAVIS@hhkc.com'
**Cc:** 'RHERMAN@hhkc.com'; 'alevin@lfsblaw.com'; 'FLonger@lfsblaw.com';
'gmeunier@gainsben.com'; 'DWimberly@stonepigman.com'; 'bassh@gtlaw.com';
'dblack@perkinscoie.com'; 'npanayo@wwhgd.com'; 'jgarner@shergarner.com';
'tbrenner@beylaw.com'; 'CSeeger@seegerweiss.com'; 'Ervin@colson.com'; 'patrick@colson.com';
'rserpe@serpefirm.com'; 'juliabeskin@quinnemanuel.com'; 'janebyrne@quinnemanuel.com';
'kolayat@gtlaw.com'; 'salkym@gtlaw.com'; 'mclark@shergarner.com'; 'ceiselen@gjtbs.com';
'rcs@stanleyreuter.com'; 'tpo@stanleyreuter.com'; Cyr, Joe; Spano, Frank T.; Galvin, Matthew;
Colligan, Courtney L.; Garcia, Renee
**Subject:** Re: Drywall: Response to June 24, 2011 Letter

Eric. Frankly I must agree with Lenny. As an example, you mention there are no documents relating to the decision to shut down TTP. However, if you haven't searched the computers of directors of Taishan or TTP, how do we know? This is just one example. Lenny mentions corporate relationships and I am sure there are other related issues. We probably all need to discuss a reasonable resolution to this particular issue. Thank you for the information. Ken.

---

**From:** Statman, Eric [mailto:eric.statman@hoganlovells.com]
**Sent:** Wednesday, August 03, 2011 10:43 AM
**To:** Lenny Davis <LDAVIS@hhkc.com>
**Cc:** Russ Herman <RHERMAN@hhkc.com>; alevin@lfsblaw.com <alevin@lfsblaw.com>; FLonger@lfsblaw.com <FLonger@lfsblaw.com>; gmeunier@gainsben.com <gmeunier@gainsben.com>; Wimberly, Dorothy H. <DWimberly@stonepigman.com>; bassh@gtlaw.com <bassh@gtlaw.com>; dblack@perkinscoie.com <dblack@perkinscoie.com>; npanayo@wwhgd.com <npanayo@wwhgd.com>; Kenneth Hardt; jgarner@shergarner.com <jgarner@shergarner.com>; tbrenner@beylaw.com <tbrenner@beylaw.com>; Seeger, Chris <CSeeger@seegerweiss.com>; Gonzalez, Ervin <Ervin@colson.com>; Montoya, Patrick <patrick@colson.com>; 'rserpe@serpefirm.com' <rserpe@serpefirm.com>; 'juliabeskin@quinnemanuel.com' <juliabeskin@quinnemanuel.com>; 'janebyrne@quinnemanuel.com' <janebyrne@quinnemanuel.com>; 'kolayat@gtlaw.com' <kolayat@gtlaw.com>; 'salkym@gtlaw.com' <salkym@gtlaw.com>; 'mclark@shergarner.com' <mclark@shergarner.com>; 'ceiselen@gjtbs.com' <ceiselen@gjtbs.com>; rcs@stanleyreuter.com <rcs@stanleyreuter.com>; Tom Owen <tpo@stanleyreuter.com>; Cyr, Joe <joe.cyr@hoganlovells.com>; Spano, Frank T. <frank.spano@hoganlovells.com>; Galvin, Matthew <matthew.galvin@hoganlovells.com>; Colligan, Courtney L. <courtney.colligan@hoganlovells.com>; Garcia, Renee <renee.garcia@hoganlovells.com>
**Subject:** RE: Drywall: Response to June 24, 2011 Letter

Lenny,

As we agreed at the meet and confer on July 29, 2011, we are supplying you with a list of the persons employed by TG and TTP whose computers were searched for potentially responsive emails. To be clear, we have searched the computers of everyone under Defendants' control who we are informed was involved in the business of selling or manufacturing drywall that was made to US specifications.

Peng Wenlong; Che Gong ; Yang Jiapo ;Jia Kai ; Zhang Jijun; Zhang Jianchun ; Jia Tongchun

Additionally, we are advised that payroll records and related documents (your request number 8 in your letter of July 12) cannot be located and documents relating to the decision to shut down TTP (your request number 9 ) also cannot be located.

**Eric Statman**
Counsel

**Hogan Lovells US LLP**
875 Third Avenue
New York, NY 10022

Tel:       +1 212 918 3000
Direct:   +1 212 909 0609
Fax:       +1 212 918 3100
Email:    eric.statman@hoganlovells.com
              www.hoganlovells.com

*Please consider the environment before printing this e-mail.*

Hogan Lovells refers to the international legal practice comprising Hogan Lovells International LLP, Hogan Lovells US LLP, Hogan Lovells Worldwide Group (a Swiss Verein), and their affiliated businesses. Hogan Lovells International LLP is a limited liability partnership registered in England and Wales with registered number OC323639. Registered office and principal place of business: Atlantic House, Holborn Viaduct, London EC1A 2FG. Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.
The word "partner" is used to refer to a member of Hogan Lovells International LLP or a partner of Hogan Lovells US LLP, or an employee or consultant with equivalent standing and qualifications, and to a partner, member, employee or consultant in any of their affiliated businesses who has equivalent standing. A list of the members of Hogan Lovells International LLP and of the non-members who are designated as partners, and of their respective professional qualifications, is open to inspection at the above address. Further important information about Hogan Lovells can be found on www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.