**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED | * MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | * |
| LITIGATION | * |
| | |
| | * JUDGE FALLON |
| | * |
| THIS DOCUMENT RELATES TO: | * |
| | * |
| ALL CASES | * MAGISTRATE WILKINSON |
| | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## OPPOSITION OF JPMORGAN CHASE & CO. TO PSC'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA

JPMorgan Chase & Co. opposes the motion to compel[1] filed by the Plaintiffs' Steering Committee (PSC) concerning a subpoena directed to JPMorgan Chase & Co. and it has moved the Court to quash the subpoena. The subpoena is invalid and unenforceable because it contains a jurisdictional defect which is fatal to its enforceability. Additionally, the PSC failed to tender the required witness and mileage fees, making service of the subpoena ineffective. Furthermore, the subpoena should be quashed because it is directed to the wrong entity.

In the alternative, the court should deny the motion to compel and quash the subpoena because JPMorgan Chase & Co. has appropriately responded to the subpoena *duces tecum* by advising that it has no documents responsive to the records requested, the PSC voluntarily agreed to continue the deposition date, and a new deposition date was never established nor were witness and mileage fees tendered. Thus, JPMorgan Chase & Co. could not appear at a deposition that has not be scheduled and had no obligation to appear because the required witness and mileage fees were not paid.

---

[1] R. Doc. 10056.

387748.1

## I.    BACKGROUND

On May 24, 2011, the PSC issued a "Notice of Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)" (Notice of Deposition) to JPMorgan Chase & Co.[2] JPMorgan Chase & Co. is not a party to this litigation.

The Notice of Deposition stated that the plaintiffs would take the deposition of JPMorgan Chase & Co. on July 7, 2011, at 9:00 a.m. at the offices of Seeger Weiss, LLP in New York, New York.   Additionally, the Notice of Deposition contained 13 pages of definitions, instructions, lists of documents to be produced, and topics of the deposition.  In general, the Notice of Deposition concerned whether JPMorgan Chase & Co. had any ownership interest in any of the Chinese drywall companies who are the subject of this litigation.

In connection with the Notice of Deposition, the PSC, through attorney Leonard A. Davis, issued a Subpoena to Testify at a Deposition in a Civil Case to JPMorgan Chase & Co. The subpoena also commanded that JPMorgan Chase & Co. produce the documents referenced in the Notice of Deposition.  The subpoena was issued from the United States District Court for the District of Delaware, and it was served on JPMorgan Chase & Co.'s agent for service of process in Delaware.[3]   In other words, the subpoena was issued from the District Court in Delaware, but it required the attendance at a deposition and the production of documents in New York.

After service of the subpoena, JPMorgan Chase & Co. submitted several objections to the subpoena including, but not limited to the subpoena seeking documents that are not in JPMorgan Chase & Co.'s possession, custody or control and that the subpoena makes no effort to reimburse

---

[2] R. Doc. 10056-2; R. Doc. 8888.
[3] R. Doc. 10056-3; R. Doc. 9623.

387748.1

2

JPMorgan Chase & Co. for the obligations it was asked to undertake.[4]   Thereafter, JPMorgan Chase & Co. had several discussions with Leonard Davis about the subpoena.  It was ultimately agreed that the PSC would continue the Rule 30(b)(6) deposition to a later date.  A new deposition date was never established.

On August 1, 2011, JPMorgan Chase & Co. wrote to Leonard Davis, confirming that JPMorgan Chase & Co. does not have an ownership interest in any of the Chinese drywall companies involved in this litigation.  JPMorgan Chase & Co. further advised that several of its subsidiaries may have an ownership interest in China National Building Material Co. Ltd. (CNBM).   Additionally, JPMorgan Chase & Co. provided an excerpt of the Hong Kong Exchanges and Clearing Limited public website which identified those JPMorgan Chase & Co. entities that may have held a position in CNBM.[5]

On August 10, 2011, without any advance notice and without a Rule 37(a)(1) conference, the PSC filed a motion to compel JPMorgan Chase & Co. to produce a representative for a Rule 30(b)(6) deposition and provide the documents requested.[6]

## II.     THE PSC'S SUBPOENA IS INVALID ON ITS FACE, AND IT MAY NOT BE ENFORCED[7]

JPMorgan Chase & Co. opposes the PSC's motion to compel and requests that the subpoena be quashed because the subpoena contains a fatal jurisdictional defect which renders the subpoena unenforceable.

---

[4] Exhibit 1 – June 8, 2011 letter from D. Petercsak of JPMorgan Chase & Co. to R. Herman of the PSC.
[5] *See* R. Doc. 10056-4.
[6] R. Doc. 10056.
[7] It is anticipated that the PSC may argue that JPMorgan Chase & Co. has waived any argument that the subpoena is invalid by not filing a motion to quash the subpoena.  As discussed in this section, the subpoena is jurisdictionally defective because it emanated from the wrong court.  This jurisdictional defect defense cannot be waived.  *See Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 79, 80 (D. Del. 2009), citing *Doe I. v. Pauliewalnuts*, 2008 WL 4326473 at *3 (W.D.Va. Sept. 19, 2008); *Small v. Ramsey* 2011 WL 1044659, * 2 (N.D. W.Va. Mar. 21, 2011); *Falicia v. Advanced Tenant Services, Inc.*, 235 F.R.D. 5, 11 (D. D.C. 2006).  Thus, it is appropriate for this Court to consider JPMorgan Chase & Co.'s arguments that the subpoena cannot be enforced because it was issued from an improper court.

387748.1

Rule 45(a)(2) of the Federal Rules of Civil Procedure states that

> A subpoena must issue as follows:
>
> * * *
>
> B) for attendance at a deposition, from the court for the district where the deposition is to be taken; and
>
> (C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

Rule 45 is clear that a subpoena for a deposition must be issued by the district court of the district where the deposition is scheduled to be taken. Typically, a subpoena for production of documents must issue from the district where the documents are located. *Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 79 (D. Del. 2009) citing *City of St. Petersburg v. Total Containment, Inc.*, 2008 WL 1995298 at *4 (E.D. Pa. May 5, 2008) ("the geographic limitation in Rule 45(a)(2)(C) relates principally to the location of the documents to be produced, rather than the specified location on the subpoena"). However, when a subpoena *duces tecum* is included with a subpoena for deposition, the whole subpoena may issue from the district which is appropriate for a deposition subpoena. *See Garcia v. Am. Sec. Ins. Co.*, 2010 WL 2991567, *1 (M.D. Fl. July 27, 2010); *Hallamore Corp.,* 259 F.R.D. at 79.

In this matter, the PSC issued a subpoena to JPMorgan Chase & Co. from the United States District Court for the District of Delaware, commanding JPMorgan Chase & Co. to appear for a deposition and produce documents in New York. As a threshold matter, the subpoena is invalid and, therefore, unenforceable, because it was issued from the District of Delaware commanding JPMorgan Chase & Co.'s appearance for a deposition and the production of documents in New York. *See A.H. ex rel Hohe v. Knowledge Learning Corp.*, 2010 WL 3951984 (D.Kan. Oct. 8, 2010)("As a threshold and deciding matter, the Court finds that the

387748.1

subpoena is invalid and unenforceable," because it was issued out of the District of Kansas for a deposition and production of documents to take place in the Western District of Missouri.); *Ponson v. BellSouth Telecommunications, Inc.*, 2010 WL 1552802 (E.D. La. Apr. 16, 2010)(subpoena to depose third-party in Texas or California invalid because it was issued from the Eastern District of Louisiana); *Apache Corp. v. Globalsantafe Drilling Co.*, 2009 WL 872893, at *3 (W.D. La. Mar. 6, 2009) (holding subpoena issued from Western District of Louisiana invalid where it required nonparty to give deposition testimony and produce documents in Northern District of Texas); *U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*, 2010 WL 3081667, at *3 (E.D. N.Y. Aug. 4, 2010) (holding subpoenas issued from Eastern District of New York invalid where they required nonparties to give deposition testimony and produce documents in Southern District of New York even in the absence of a motion to quash); *Am. Nat. Ins. Co. RBS Citizens, N.A.*, 2008 WL 3992786, at *1 (D. R.I. Aug. 21, 2008) (holding subpoena *duces tecum* issued from District of Rhode Island invalid where it commanded non-party to produce documents in Texas); *Hallamore Corp.*, 259 F.R.D. at 79 (subpoena issued out of District of Delaware for a deposition in Pennsylvania was defective and unenforceable).

Even if the subpoena *duces tecum* is judged independently of the appearance subpoena, it is still defective. The Fifth Circuit, in *Cates v. LTV Aerospace Corp.*, 480 F.2d 620 (5th Cir. 1973), held that discovery rules cannot be used to require a non-party to produce documents in the custody of the organization which are located in another judicial district. *E.g. Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397 (5th Cir. 1993)(a federal court sitting in one district cannot issue a subpoena *duces tecum* to a non-party for the production of documents located in another district). Consequently, the mere presence of an agent for service of process in the judicial district from where a subpoena issues does not require the court to

387748.1

5

enforce the subpoena in that district.    The proper inquiry for determining the validity of a subpoena *duces tecum* is "whether the agent for service of process possesses the degree of control over the documents which would make it appropriate to enforce a subpoena over a corporation from a court in one state, when the corporation's documents are located in another state." *City of St. Petersburg v. Total Containment, Inc.*, 2008 WL 1995298 at *3, citing *Echostar Communications Corp. v. News Corp. Ltd*., 180 F.R.D. 391, 396 (D. Colo. 1998).

Applying these principles, the court in *Hallamore Corp. v. Capco Steel Corp.* held that a subpoena *duces tecum* attached to a deposition subpoena was invalid even when judged independently because the requested documents were not located within the jurisdiction of the court issuing the subpoena. In that case, the subpoena was served on the third-party's agent for service of process who was located in Delaware. The documents requested were located in Pennsylvania. The third-party's principal place of business was not in Delaware. Though the third-party was registered and had an agent in Delaware, the subpoena *duces tecum* was invalid because the plaintiff, who issued the subpoena, had not alleged that the agent possessed the degree of control over the documents which would allow Delaware to issue a subpoena for production of documents located in Pennsylvania.  As a result, the subpoena was invalid with respect to the document production command. *Hallamore Corp.*, 259 F.R.D. at 79-80.

A similar result was reached in *Ariel v. Jones*, 693 F.2d 1058 (11th Cir. 1982), where the court found that a subpoena *duces tecum* served on a non-party's agent for service of process, C.T. Corporation, was properly quashed because C.T. Corporation did not control the documents sought.  The documents requested were located in Colorado.  In view of the minimal contacts the third party had with the Southern District of Florida, the court from where the subpoena was issued, the court found the subpoena was properly quashed.  *See also Crafton v. U.S. Specialty*

*Ins. Co.*, 218 F.R.D. 175 (E.D. Ark. 2003)(denying motion to compel compliance with subpoena *duces tecum* where documents were in the possession of the third-party's home office in Wisconsin and not its agent for service of process in Arkansas); *Gutescu v. Carey Intern., Inc.*, 2003 WL 25589034 (S.D. Fl. June 24, 2003)(subpoena *duces tecum* invalid where the documents were not located in the Southern District of Florida).

JPMorgan Chase & Co is a Delaware corporation with its principal place of business in New York.[8]   JPMorgan Chase & Co. is a financial holding company.[9]   JPMorgan Chase & Co. has designated The Corporation Trust Company in Wilmington, Delaware as its agent for service of process.[10]   The Corporation Trust Company is not a corporate officer of JPMorgan Chase & Co.[11]   As set forth below, JPMorgan Chase & Co. does not possess or control any documents responsive to the subpoena *duces tecum*.[12]   If those documents did exist, which JPMorgan Chase & Co. denies, the PSC's subpoena *duces tecum* would be invalid because those document would not be in the possession of or under the control of its agent for service of process, who is located in Delaware.

In sum, no order may issue compelling JPMorgan Chase & Co to comply with a subpoena issued from the District of Delaware to appear for a deposition and produce documents in New York because the subpoena contains a jurisdictional defect which is fatal to its enforceability.  *See A.H. ex rel Hohe*, 2010 WL 3951984, * 2 (subpoena was facially invalid and unenforceable; thus, no order for contempt could be issued); *Apache Corp.*, 2009 WL 872893, at *3 (W.D. La. Mar. 6, 2009) (where subpoena was invalid, the court had no authority to enforce it).  Therefore, the PSC's motion to compel should be denied.

---

[8] Exhibit 2 – Affidavit of Colleen A. Meade.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

387748.1

### III.    THE PSC'S SERVICE OF THE SUBPOENA IS INVALID

The subpoena is unenforceable and should be quashed for the additional reason that the PSC did not tender the required witness fee and mileage.  Both Rule 45(b)(1) and Local Rule 45.1 provide that if the subpoena requires attendance, the person serving the subpoena must simultaneously tender the fees for 1 day's attendance and mileage allowed by law with service of the subpoena.  Failure to simultaneously tender witness fees and mileage invalidates service.  *CF & I Steel Corp. v. Mitsui & Co. (USA)*, 713 F.2d 494, 496 (9th Cir. 1983); *Song v. Dreamtouch, Inc.*, 2001 WL 487413 at *7 (S.D. N.Y. May 8, 2001) ("Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid."); *Martinelli v. Petland, Inc.*, 2010 WL 3947526 (D. Kan. Oct. 7, 2010)(same); *Kador v. City of New Roads*, 2010 WL 3418265 (M.D. La. Aug. 26, 2010)(same).  Since the PSC did not tender witness and mileage fees, service of the subpoena was invalid, and JPMorgan Chase & Co. was not required to attend the deposition.  *See Kador*, 2010 WL 3418265 * 1.

### IV.    JPMORGAN CHASE & CO. HAS FULFILLED ITS OBLIGATIONS

In the alternative, if the Court determines that the subpoena was properly issued, JPMorgan Chase & Co. moves the court for an order quashing the subpoena or for a determination that it has fulfilled its obligations.  As previously discussed, the PSC voluntarily agreed to continue the Rule 30(b)(6) deposition.  A new deposition date was not established.  The PSC now complains that JPMorgan Chase & Co. has not complied with the attendance subpoena.

JPMorgan Chase & Co., however, cannot comply with the deposition subpoena because no deposition date has been set.  Further, JPMorgan Chase & Co. was under no obligation to comply with the attendance subpoena because the PSC failed to tender the required witness and mileage fees.  *See* Section III, supra.

387748.1

Moreover, as explained to the PSC, JPMorgan Chase & Co. is a holding company.  It has no employees and conducts no business outside of its function as a holding company.  It has no documents to produce responsive to the subpoena *duces tecum*.  JPMorgan Chase & Co. has directed the PSC to a source to determine which JPMorgan Chase & Co. subsidiaries may have an ownership interest in CNBM.  The subpoena should, therefore, be directed to those subsidiaries.  JPMorgan Chase & Co. has provided all of the information it has.  It cannot produce what it does not have or control.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a non-party may be required to produce documents which are in the non-party's "possession, custody or control."  Fed. R. Civ. P. 45(a)(1)(C).  The burden is on the party seeking the discovery to make a showing that the non-party has control over the materials sought.  *Securities and Exchange Commn. v. Credit Bancorp., Ltd.*, 194 F.R.D. 469, 472 (S.D. N.Y. 2000) (noting that the scope of discovery under Rule 45 and Rule 34 concerning documentary discovery is coextensive); *See also In re Glenz v. Sharp Electronic Corp.*, 2010 WL 2758729 (D. N.J. July 12, 2010)(it is the movant's burden to establish control under Rule 34).

The PSC has made no showing that JPMorgan Chase & Co. has control of documents which may exist in the hands of its subsidiaries.  Thus, JPMorgan Chase & Co. should be deemed to have fully complied with the subpoena since it informed the PSC that it has no documents responsive to the subpoena *duces tecum.*

## V.    CONCLUSION

The subpoena issued by the PSC to JPMorgan Chase & Co. is unenforceable because it was issued by the United States District Court for the District of Delaware for a deposition and production of documents in New York.  Further, service of the subpoena was ineffective because

387748.1

the PSC did not tender the required witness and mileage fees.  For these reasons, the motion to compel should be denied and the subpoena quashed.

In the alternative, the court should enter an order holding that JPMorgan Chase & Co. has fully complied with its obligations.  With regard to the attendance subpoena, JPMorgan Chase & Co. had no obligation to attend the July 7, 2011, deposition because the required witness and mileage fees were not paid.  Further, the PSC voluntarily agreed to continue the July 7th deposition, and the PSC did not set a new date.  With regard to the subpoena *duces tecum*, JPMorgan Chase & Co. has advised the PSC that it has no ownership interest in any of the Chinese companies identified, and JPMorgan Chase & Co. provided the PSC with a source to identify the subsidiaries which may have an ownership interest in CNBM.  The PSC has not carried its burden of proving that JPMorgan Chase & Co. has control over responsive documents which may be in the possession of a subsidiary of JPMorgan Chase & Co.

For these reasons, the motion to compel should be denied, the subpoena issued by the PSC to JPMorgan Chase & Co. should be quashed, and, in the alternative, it should be ordered that JPMorgan Chase & Co. has fully complied with the attendance subpoena and the subpoena *duces tecum*.

Respectfully submitted,


*/s/ Michael D. Ferachi*
Rodolfo J. Aguilar, Jr.  (La. Bar Roll No. 1192)
Michael D. Ferachi (La. Bar Roll No. 19566)

Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

ATTORNEYS FOR JPMORGAN CHASE & CO.


## CERTIFICATE OF SERVICE


I certify that on August 19, 2011 a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  In accordance with the procedures established in MDL 2047, notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system.  I further certify that a copy of this pleading was served on Leonard A. Davis (ldavis@hhkc.com) with the PSC, and Kerry Miller (kmiller@frilot.com) the DLC by electronic mail.


*/s/ Michael D. Ferachi*
Michael D. Ferachi

387748.1

11