# JPMORGAN CHASE & CO.

**David Petercsak**
Vice President, Legal Specialist Manager
Legal and Compliance Department

June 8, 2011

VIA E-MAIL (rherman@hhkc.com) AND FIRST CLASS MAIL

Russ M. Herman, Esq.
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

RE: In re: Chinese-Manufactured Drywall Products Liability Litigation (USDC, ED LA, MDL No. 2047)

Dear Mr. Herman:

    I am writing on behalf of non-party JPMorgan Chase & Co. ("JPMC") in response to the subpoena dated May 25, 2011 addressed to it in the above-referenced matter (the "Subpoena".) Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, JPMC hereby objects to the Subpoena on the following grounds:

- The Subpoena does not provide sufficient time to respond.

- The Subpoena is overly broad and unduly burdensome and, contrary to Fed. R. Civ. P. 45(c)(1), is not reasonably tailored to avoid imposing on JPMC undue burden and expense.

- The Subpoena seeks documents that are more easily and fairly be obtained from parties to the Action.

- JPMC objects to the Subpoena to the extent that the Subpoena seeks documents that are confidential and/or proprietary to JPMC or third parties, contain trade secrets, or otherwise contain or reflect sensitive information. No such documents or information will be provided absent entry of an appropriate protective order by the court.

- The Subpoena seeks documents not in JPMC's possession, custody or control.

- The Subpoena attempts to impose on JPMC obligations beyond those required by the Federal Rules of Civil Procedure.

- The Subpoena seeks documents that are neither relevant to the claims and/or defenses in the action nor reasonably calculated to lead to the discovery of admissible evidence.

- The Subpoena seeks documents protected from disclosure by the attorney-client communication privilege, the work product doctrine, and other applicable privileges. Any inadvertent production shall not be deemed a waiver of any applicable privilege or protection. A party receiving inadvertently produced privileged or legally protected information must return, sequester or destroy that information, retrieve any copies shared with parties or non-parties and may not use or

JPMorgan Chase & Co. • 1 Chase Manhattan Plaza, 26th Floor, New York, NY 10005
Telephone: 212 552 2511 • Facsimile: 212 552 4786
david.petercsak@jpmorgan.com


EXHIBIT 1

disclose the privileged or legally protected information unless and until the claim of privilege or legal protection is resolved.

- JPMC objects to the Subpoena to the extent that it seeks to impose the undue burden and expense of searching backup electronic media, including but not limited to backup tapes. Any electronic information ultimately produced by JPMC will be produced in paper printout form or in electronic format as kept and maintained by JPMC in the ordinary course of its business.

- The Subpoena and many of the Instructions and Definitions therein are vague and ambiguous.

- Many of the Deposition Topics are overly broad, vague and or ambiguous.

The Subpoena also makes no effort to reimburse JPMC for the obligations it is being asked to undertake. As a matter of law, before searching for and producing documents responsive to the Subpoena, JPMC is entitled to assurances that it will be reimbursed for the costs incurred in connection with the Subpoena. This includes, but is not limited to, attorneys' fees, employee time and expense, non-employee worker costs, copying costs, bates-labeling costs, and mailing and shipping costs.

Nothing in this letter shall constitute, nor shall be construed to be, a waiver of any rights, defenses or additional objections that JPMC may have as regards the Subpoena, and JPMC reserves the right to amend, alter or supplement these objections as necessary or appropriate. Further, the fact that JPMC is asserting these objections is not a representation that responsive documents exist or can be located.

For all of these reasons, JPMC will not be producing any responsive documents at this time, nor will it produce a witness on July 7, 2011. JPMC is nonetheless willing to review and consider a revised Subpoena that addresses the foregoing objections. Please feel free to call me with any questions.

Sincerely,

David Petercsak
Vice President

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * MDL NO. 1873 <br> * <br> * <br> * JUDGE FALLON <br> * |
| THIS DOCUMENT RELATES TO: | * <br> * |
| ALL CASES | * MAGISTRATE WILKINSON <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT OF COLLEEN A. MEADE

STATE OF NEW YORK

COUNTY OF NEW YORK

Before me, the undersigned Notary Public, personally came and appeared:

Colleen A. Meade

who, after being duly sworn, declared as follows:

1. I am a person of the full age of majority, and I suffer no mental or legal disability and am fully competent to make this affidavit.

2. The following facts are based upon my personal knowledge and a review of records kept in the ordinary court of business by JPMorgan Chase & Co., and such facts are true and correct.

3. I am employed by JPMorgan Chase Bank, National Association as Executive Director. As such, I am familiar with the business operations of JPMorgan Chase & Co.

4. JPMorgan Chase & Co is a Delaware corporation with its principal place of business in New York.

5. JPMorgan Chase & Co. is a financial holding company.

6. JPMorgan Chase & Co. has designated The Corporation Trust Company in Wilmington, Delaware, as its agent for service of process.

387838.1



EXHIBIT
2

7. The Corporation Trust Company is not a corporate officer of JPMorgan Chase & Co.

8. The Corporation Trust Company does not have possession, custody or control of documents or materials of JPMorgan Chase & Co. other than those documents which it may receive as JPMorgan Chase & Co.'s agent for service of process in Delaware.

9. JPMorgan Chase & Co. does not possess, have custody of or control any documents responsive to the subpoena *duces tecum* issued by the United States District Court for the District of Delaware by the Plaintiffs Steering Committee in the matter of *In re: Chinese-Manufactured Drywall Products Liability Litigation*, pending in the United States District Court for the Eastern District of Louisiana.

10. I have been advised that in connection with the subpoena issued by the Plaintiffs Steering Committee in this matter, JPMorgan Chase & Co. did not receive any witness or mileage fee from the Plaintiffs Steering Committee.

Thus read and signed in New York County, New York State, this 19th day of August, 2011.

_____
Colleen A. Meade

Sworn to and subscribed before me this 19th day of August, 2011.

_____
Notary Public
Printed Name:_____
Notary No.:_____
My Commission Expires:_____

FRANK GRIMALDI
Notary Public, State of New York
No. 01GR6236282
Qualified in New York County
Commission Expires Feb. 28, 2015

387838.1

2