**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
|  | * | MDL No. 02047 |
|  | * |  |
| IN RE: CHINESE-MANUFACTURED | * | SECTION L |
| PRODUCTS LIABILITY LITIGATION | * |  |
|  | * | JUDGE FALLON |
|  | * | MAG. JUDGE WILKINSON |
|  | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO ALL CASES**

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA
ISSUED TO T. ROWE PRICE GROUP, INC.**

**MAY IT PLEASE THE COURT:**

Plaintiffs' Steering Committee ("PSC") caused a subpoena to be issued to T. Rowe Price Group, Inc. ("T. Rowe"), a non-party to this litigation. A copy of the subpoena is attached as **Exhibit 1**. The subpoena commands T. Rowe's corporate designee to testify and produce documents at a deposition in Baltimore, Maryland on August 29, 2011.[1] On August 8, 2011, T. Rowe served its Objections to the subpoena (the "Objections") on PSC pursuant to Federal Rule of Civil Procedure 45(c)(2)(B). A copy of the Objections is attached as **Exhibit 2**. In response to the Objections, PSC filed a Motion to Compel on August 10, 2011.[2] *See* Docket No. 10058. For the reasons set forth below, and pursuant to Federal Rule of Civil Procedure 45(c), T. Rowe moves to quash the subpoena.[3]

---

[1]   PSC and T. Rowe have agreed to postpone the deposition until this discovery dispute is resolved.

[2]   T. Rowe will be submitting an opposition to the Motion to Compel in a separate document.

[3]   Although PSC's subpoena was issued out of the District of Maryland, 28 U.S.C.A. §1407 provides this Court with jurisdiction to hear T. Rowe's Motion to Quash. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 275 (D.D.C. 2002). In deciding this motion, however, this Court sits as a court of the District of Maryland and the Court and parties are therefore bound by the rules and law of that district. *See id.* ("if a court is sitting as a court of another district, and

## ARGUMENT

**The Federal Rules of Civil Procedure Require that the Court Quash PSC's Subpoena.**

Under Federal Rule of Civil Procedure 45(c)(1), a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The court may impose "an appropriate sanction" on a party or attorney who does not meet this responsibility. Additionally, a court "shall" quash or modify a subpoena if it requires a non-party to travel more than 100 miles or if it subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3). The broad terms of the subpoena impose an undue burden on T. Rowe as a non-party. T. Rowe, a holding company, does not have documents responsive to the subpoena and does not have knowledge about nine of the eleven 30(b)(6) topics. Complying with the subpoena would be unreasonable and oppressive and would require a person to travel over 100 miles. Accordingly, the subpoena should be quashed.

    **1.    The subpoena is facially burdensome.**

In determining whether a subpoena causes an undue burden, courts may consider the following factors: "relevance, the need of the party for the documents, the breadth of the document request; the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (internal citations omitted). The status of a witness as a nonparty entitles the witness to consideration regarding expense and inconvenience. *Id.* Undue burden can be found when a subpoena is facially overbroad. *Id.* at 51.

---

the purpose of doing so is to preserve uniformity within that district and circuit, a court acting under §1407 is bound by the rules and law of the district in which he is sitting as a judge, and the parties are likewise bound").

# 427801        2

Here, the subpoena, served on T. Rowe's registered agent on July 25, 2011, commands T. Rowe to produce 17 categories of documents outlined in Schedule A of the Notice of Deposition attached to the subpoena. The documents to be produced encompass "all" documents "created, received, or generated or otherwise entered into your possession, custody, or control between January 1, 2001 and the current date." Ex. 1 at 11. "Documents" are broadly defined and include all electronically stored information. *Id.* at 6. Most requests refer to "all documents and communications" between T. Rowe and certain entities located in China. *Id.* at 14-16. The 30(b)(6) topics include 12 categories and 25 sub-categories, including all of the documents sought by the subpoena. *Id.* at 17-18. Topic 6 includes every transaction with any Chinese drywall manufacturer including all in person, telephonic or other electronic communications with them. *Id.* at 17. The deposition is to "continue from day to day until complete." *Id.* at 2.

The subpoena is overburdensome on its face. It requires a nonparty to cull through a broad range of documents produced or received over the past ten years. Further, the requests are not limited in any way to the relevant issues in the pending action. Other courts have found requests such as this to be facially overbroad. *See*, *e.g.*, *Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 120-121 (N.D. Ind. 1991) (holding document request to party that was unlimited as to time frame or types of writing sought and that failed to connect request to exact subject matter of case, fell far short of fulfilling requirement of 34(b) that each item or category of documents be described with reasonable particularity); *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D. Tex. 1998) (finding request to nonparty for production of "[a]ny and all documents relating to Erik Williams, Michael Irvin and Nina Sharhravan" overbroad on its face because no limiting time restrictions or particular documentary descriptions). As one court described it, the requests in this instance represent "not merely a fishing expedition, but … an

effort to drain the pond and collect the fish from the bottom." *Id.* at 121.  Such a broad subpoena issued to a nonparty violates Federal Rule of Civil Procedure 45(c) and must be quashed.

### 2. The subpoena is defective because it seeks documents and testimony that T. Rowe does not possess.

T. Rowe is a holding company located at 100 East Pratt Street, Baltimore, Maryland 21202.  *See* Affidavit of John Gilner, attached hereto as **Exhibit 3**, at ¶ 2.  T. Rowe does not have any documents in its possession, custody or control that are responsive to the subpoena.  *Id.* at ¶ 5.  Topics 1 through 15 request documents regarding communications with Chinese drywall manufacturers or about their products.  If any responsive documents to requests 1 through 15 exist, they would be in the possession of a T. Rowe third-tier subsidiary, T. Rowe Price Hong Kong Limited ("T. Rowe Hong Kong"), which is located in Hong Kong.  *Id.*  Any and all responsive documents in the possession of T. Rowe Hong Kong would also be located in Hong Kong.  *Id.*  Thus, in order to comply, T. Rowe would be required to gather documents on the other side of the world and produce them in Baltimore, Maryland.

Topics 16 and 17 of the Subpoena request documents reflecting any ownership or financial interest by T. Rowe in any manufacturer of Chinese drywall and documents reflecting loans or investments by T. Rowe in any such manufacturer.  T. Rowe also does not have possession of documents responsive to requests 16 and 17.  *Id.* at ¶ 6.  To the extent documents exist that would be responsive to these requests, they would be in the possession of other subsidiaries.  *Id.*

PSC has not asserted any facts in its Motion to Compel to show that T. Rowe actually possesses or controls the requested documents.[4] In determining control of documents in a parent/subsidiary relationship, courts consider the degree of ownership and control exercised by the parent over the subsidiary, a showing that the two entities operated as one, demonstrated access to documents in the ordinary course of business, and an agency relationship. *Camden Iron and Metal, Inc. v. Marubeni America Corp.*, 138 F.R.D. 438, 442 (D.N.J. 1991). Here, T. Rowe and its Hong Kong subsidiary do not operate as one, and T. Rowe does not access Hong Kong's documents in the ordinary course of business. *Id*. at ¶ 5. Under these facts, T. Rowe cannot be held to have control of the requested documents.

Even if T. Rowe could exert control over the documents that are not in its possession, the resources required to gather documents located in Hong Kong and in the possession of a separate entity would subject T. Rowe to an undue burden.[5] In addition to the factors noted above, in determining whether a subpoena causes a nonparty undue burden, courts should consider whether the information sought is available from any other source, *McLaughlin v. American Fidelity Assur. Co.*, 2010 WL 4177233, at *1 (E.D. La. Oct. 20, 2010), and particularly, whether

---

[4] Although T. Rowe was unable to locate any case dealing with the requirement that a <u>non-party</u> corporate parent produce documents in the possession, custody and control of its subsidiary, courts analyzing this question under Federal Rule Civil Procedure 34(a) as to <u>parties</u> find that the burden of establishing that the corporate parent actually has control over the requested documents lies with the party seeking production. *See, e.g., Desmeth v. Samsung America, Inc.*, 1998 WL 74297, at *9 (S.D.N.Y. Feb. 20, 1998) ("A party seeking the production bears the burden of establishing control."). Further, it is important to note that restrictions on discovery may be even broader when the target of such discovery is a nonparty. *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980).

[5] Additionally, Rule 45(e) of the Federal Rules of Civil Procedure implies that a non-party cannot be required to produce documents from outside the 100-mile limit in Rule 45(c)(3)(A)(ii). *See* 9A Fed. Prac. & Proc. Civ. § 2465 (3 ed.) ("[A] subpoenaed nonparty has an 'adequate excuse' [for failing to comply with a subpoena] when the subpoena requires that he or she attend as a witness <u>or</u> produce documents at a place more than 100 miles away from where he or she resides, is employed, or regularly transacts business in person.") (emphasis added).

it is available from the opposing party, *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Ca. 2005).  Here, the party actually in possession of most of the documents requested in the subpoena is T. Rowe Hong Kong.  Accordingly, the documents are available from another source and the subpoena should have been issued to the correct party.[6]  *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145-56 (D. De. 2005) (finding non-party subsidiary not obligated to produce documents from parent corporation, in part because subpoenaing party could obtain documents by issuing subpoena to parent corporation who actually possessed documents).  It is clear that PSC is simply attempting to avoid the cost and inconvenience of subpoenaing a foreign corporation through the correct process, and to shift this burden and cost onto T. Rowe.  As a non-party to this litigation, T. Rowe should not be forced to endure such an undue burden.

      Furthermore, the requests in PSC's subpoena all pertain to communications and documents between T. Rowe and a defendant in this matter.  PSC can more easily and inexpensively obtain the documents from defendants, rather than from nonparty T. Rowe.  Here, PSC has not shown that they have attempted to obtain these documents from defendants and this also weighs in favor of a finding that requiring T. Rowe to produce these documents subjects them to an undue burden.  *See Moon*, 232 F.R.D. at 637 (finding undue burden resulting from subpoena issued to nonparty where plaintiff did not show that it attempt to obtain documents from defendant); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming order requiring party to first attempt to obtain documents from opposing party rather than nonparty).

---

[6]     Of course, even if the subpoena were served on the correct entity, it would still be unduly burdensome.

T. Rowe also has no knowledge regarding topics 2, 3, 5, 6, 8, 9, 10, 11, 12 of the designation (topics relating to Chinese manufacturers). *See* Ex. 3, at ¶ 7. The person with primary knowledge of those topics is Christopher Yip, a Vice President of T. Rowe Hong Kong.[7] *Id.* Mr. Yip resides, is employed, and regularly transacts business in Hong Kong. *Id.* T. Rowe has knowledge and could produce a person to testify about two topics—T. Rowe's corporate structure and T. Rowe's insurance information. As noted above, an important factor in making the determination of undue burden is relevance. *See Moon*, 232 F.R.D. at 637. Neither T. Rowe's corporate structure nor its insurance information is relevant to the claims asserted in this litigation. Moreover, T. Rowe's insurance information is confidential, Ex. 3, at ¶ 8, and as a non-party, T. Rowe should not be forced to provide such confidential information when it is completely irrelevant to the issues in the litigation. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) (requiring that a subpoena be quashed when it requires disclosure of privileged or other protected matter); Fed. R. Civ. P. 45(c)(3)(B)(i) (allowing a court to quash a subpoena if it requires disclosing a commercial information).

The subpoena should be quashed for the additional reason that it would require Mr. Yip—the only person with knowledge of the majority of topics in Schedule A—to travel significantly farther than 100 miles. Federal Rule of Civil Procedure 45(c)(3)(A)(iv) makes it clear that the Court is required to quash or modify a subpoena in such a circumstance. *See Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006) (noting that the 100 mile limit protects an out

---

[7] T. Rowe cannot be required to acquire all of the knowledge of its subsidiary on matters in which it had no involvement, and to then testify to those matters in a manner which binds T. Rowe, a separate legal entity from T. Rowe Hong Kong. *See In re Ski Train Fire of November 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *4 (S.D.N.Y. May 16, 2006) (holding that parent corporation was not required to produce witness for Rule 30(b)(6) deposition regarding information known by its wholly-owned subsidiary). Accordingly, no person from T. Rowe is able to testify regarding the above-mentioned topics.

of state non-party from the undue burden and expense of traveling over 100 miles to a proceeding to which it is not a party). In deciding to quash the subpoena, the Court should take particular note that the party who actually has knowledge of the topics requested by the subpoena, Mr. Yip and/or T. Rowe Hong Kong, is not even a resident of the United States. As the United States Supreme Court has cautioned, "[w]hen it is necessary to seek evidence abroad . . . the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

### In the Alternative, the Federal Rules of Civil Procedure Require that PSC Compensate T. Rowe for its Expenses in Complying with the Subpoena.

On August 8, 2011, T. Rowe timely served its Objections on PSC. In response, PSC filed a Motion to Compel on August 10, 2011. Under Federal Rule of Civil Procedure 45(c)(2)(B)(ii), any order compelling a non-party to comply with a subpoena must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance with the order. "Courts addressing the issue of how the costs of subpoena compliance should be allocated have consistently emphasized that non-parties who have no interest in particular litigation should not be required to subsidize the costs of that litigation." *Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999) (internal citations omitted); *see also Linder v. Calero-Portocarrero*, 183 F.R.D. 314, 322 (D.D.C. 1998) ("In addition to keeping nonparties from being forced to subsidize an unreasonable share of the costs of litigation to which they were not a party, Rule 45's mandatory cost-shifting provisions promote the most efficient use of resources in the discovery process."); *In re Letters Rogatory*, 144 F.R.D. 272, 278 (E.D. Pa. 1992) ("a witnesses'

nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or the producing party").

Here, if the Court denies T. Rowe's Motion to Quash, T. Rowe will be forced to spend signification time and money in an attempt to comply with the subpoena. Accordingly, pursuant to Federal Rule of Civil Procedure 45(c)(2)(B)(ii), if T. Rowe is required by the Court to comply with the subpoena, the Court should order that PSC compensate T. Rowe for any costs associated with such compliance—including all travel costs and attorneys' fees. *See Broussard*, 186 F.R.D. at 398 (ordering seeking party to pay reasonable costs and expenses of complying with a subpoena even though compliance would not likely pose an undue burden).

For the foregoing reasons, T. Rowe requests that the Court quash the subpoena issued to it by PSC.

                                              Respectfully submitted,

                                              /s/
                                              Ward B. Coe, III
                                              Maryland Fed. Bar. No. 00282
                                              wcoe@gejlaw.com
                                              Rebecca L. Caldwell
                                              Maryland Fed. Bar No. 28957
                                              rcaldwell@gejlaw.com
                                              GALLAGHER EVELIUS & JONES LLP
                                              218 North Charles Street, Suite 400
                                              Baltimore, Maryland  21201
                                              (410) 727-7702
                                              *Attorneys for T. Rowe Price Group, Inc.*

Date:  August 19, 2011

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 19th day of August, 2011, a copy of this Motion to Quash Subpoena Issued to T. Rowe Price Group, Inc. was served upon all parties by electronically filing via CM/ECF, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

                                                 /s/
                                      Ward B. Coe