IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED PRODUCTS LIABILITY LITIGATION | * * * | Case No.: CV 09-md-02047 (EEF) (JCW) U.S. District Court for the Eastern District of Louisiana |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### OBJECTIONS TO PLAINTIFFS' SUBPOENA ISSUED TO NON-PARTY T. ROWE PRICE GROUP, INC.

T. Rowe Price Group, Inc. ("T. Rowe"), not a party to the above captioned litigation, through its attorneys and pursuant to Federal Rules of Civil Procedure 45(c)(2)(B), hereby objects to Plaintiffs' request to produce documents in connection with a subpoena issued to T. Rowe.

### GENERAL OBJECTIONS

These General Objections are incorporated into each specific response below as if they were fully repeated therein and therefore need not be specifically repeated in each such response.

1.  T. Rowe is a holding company located at 100 East Pratt Street, Baltimore, Maryland 21202. It does not have any documents in its possession, control or custody that are responsive to the subpoena. If any responsive documents to requests 1 through 15 exist, they would be in the possession of a T. Rowe third-tier subsidiary, T. Rowe Price Hong Kong Limited, which is located in Hong Kong, and responsive documents would be located in Hong Kong. T. Rowe also does not have possession of documents responsive to requests 16 and 17. To the extent that documents exist which would be responsive to these requests, they would be in the possession of other subsidiaries.



2. T. Rowe objects to the Requests for Production of Documents ("Requests") attached to Plaintiffs' Notice of Oral and Videotaped Depositions Pursuant to Fed. R. Civ. P. 30(b)(6) as overbroad and unduly burdensome to the extent they seek documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond.

3. T. Rowe objects to the Requests as overbroad and unduly burdensome to the extent they call for the production of documents that are not relevant to the claims or defenses in the above-captioned litigation ("Lawsuit") and/or are not reasonably calculated to lead to the discovery of admissible evidence.

4. T. Rowe objects to the Requests, and the Definitions and Instructions incorporated therein, to the extent Plaintiffs seek to impose upon T. Rowe any obligation different from and broader than that provided for, required by, or permitted by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Louisiana and the District of Maryland, and/or any applicable case law or court orders governing the proper scope, timing, and extent of discovery in this proceeding.

5. T. Rowe objects to the Requests to the extent they call for the production of documents the discovery of which is cumulative, duplicative, and/or may be obtained by Plaintiffs from some other source that is more convenient, less burdensome, or less expensive.

6. T. Rowe objects to the Requests to the extent they seek documents that are publicly available or otherwise accessible to or in the possession, custody or control of Plaintiffs or their representatives, attorneys, or agents (e.g., through the Freedom of Information Act).

7. T. Rowe objects to the Requests insofar as they seek documents, or any portions thereof, protected from disclosure by the attorney-client privilege, the work-product doctrine,

and/or any other doctrines, rules or privileges recognized under applicable law ("Privileged Information"). In the event any Privileged Information is disclosed by T. Rowe, its disclosure is inadvertent and does not constitute a waiver of any privilege.

8. T. Rowe objects to the definition of "You" or "Your" as overbroad, vague, ambiguous and/or confusing and not reasonably calculated to lead to the discovery of admissible evidence. T. Rowe also objects to this definition on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and/or resources in order to respond. T. Rowe also objects to this definition as it is not a Defendant in this litigation.

9. T. Rowe objects to Instruction 3 on the ground that the "Relevant Time Period" is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10. T. Rowe objects to Instruction 4 on the ground that it seeks to impose additional requirements other than those established under applicable law for the identification and assertion of privilege.

11. T. Rowe objects to Instruction 6 on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to Instruction 6 on the ground that T. Rowe is not a Defendant in this matter.

12. T. Rowe objects to Instruction 9 to the extent that it references Federal Rules of Civil Procedure that apply only to parties to the litigation. T. Rowe is not a party to this litigation and is not bound by such rules.

13.     T. Rowe objects to the short time period and proximate deadline for the production requested as unduly burdensome and impracticable given the nature of the requests, the location of the documents, the fact that the documents are not in the possession, custody or control of T. Rowe, and the scope of the request, even if limited by these objections.

14.     T. Rowe objects to the Requests to the extent they call for information which "concerns" or "relates to" a particular topic on the ground that gathering all documents containing any reference or relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance.

Subject to and without waiving any of the above objections, and incorporating them into each response, T. Rowe responds as follows:

## SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS

**Request No. 1:**

1.     All documents generated by, prepared for, reviewed by, received by, or concerning Chinese drywall or of problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues or claims.

**Response to Request No. 1:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond, and to the extent it requests the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 2:**

All documents and communications between T. Rowe Price Group, Inc. and Taishan during the Relevant Time Period.

**Response to Request No. 2:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe specifically objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 3:**

All documents and communications between T. Rowe Price Group, Inc. and Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd. ("Qinhuangdao") during the Relevant Time Period.

**Response to Request No. 3:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 4:**

All documents and communications between T. Rowe Price Group, Inc. and BNBM Co., Ltd. during the Relevant Time Period.

**Response to Request No. 4:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 5:**

All documents and communications between T. Rowe Price Group, Inc. and Beijing New Building Material Co., Ltd. during the Relevant Time Period.

**Response to Request No. 5:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 6:**

All documents and communications between T. Rowe Price Group, Inc. and Beijing New Building Material (Group) Co., Ltd. during the Relevant Time Period.

**Response to Request No. 6:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 7:**

All documents and communications between T. Rowe Price Group, Inc. and Beijing New Building Material Public Limited Company during the Relevant Time Period.

**Response to Request No. 7:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 8:**

All documents and communications between T. Rowe Price Group, Inc. and the State owned Assets Supervision and Administration Commission of the State Counsel (SASAC), the People's Republic of China during the Relevant Time Period.

**Response to Request No. 8:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 9:**

All documents and communications between T. Rowe Price Group, Inc. and China National Building Material Group Corporation (CNBM) during the Relevant Time Period.

**Response to Request No. 9:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 10:**

All documents and communications between T. Rowe Price Group, Inc. and CNBM Import and Export Co. during the Relevant Time Period.

**Response to Request No. 10:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 11:**

All documents and communications between T. Rowe Price Group, Inc. and CNBM Academy during the Relevant Time Period.

**Response to Request No. 11:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 12:**

All documents and communications between T. Rowe Price Group, Inc. and China National Building Company, Limited during the Relevant Time Period.

**Response to Request No. 12:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 13:**

All documents and communications between T. Rowe Price Group, Inc. and China National Building Material Co., Ltd. during the Relevant Time Period.

**Response to Request No. 13:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 14:**

All documents and communications by and between Taishan and T. Rowe Price Group, Inc. relating to Chinese drywall.

**Response to Request No. 14:**

T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 15:**

All documents provided to and any communications between T. Rowe Price Group, Inc. and any foreign and domestic governmental entity, body, department, division, agency, and/or representatives during the Relevant Time Period, concerning problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues or claims.

**Response to Request No. 15:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the

production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 16:**

All documents and communications reflecting any ownership or financial interest by you in any manufacturer of Chinese Drywall during the Relevant Time Period.

**Response to Request No. 16:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 17:**

All documents or communications reflecting any loans or investments by you in any manufacturer of Chinese Drywall during the Relevant Time Period.

**Response to Request No. 17:**

In addition to the other General Objections, T. Rowe specifically objects to this Request as overbroad and unduly burdensome on the ground that it seeks documents that are not in the possession, custody or control of T. Rowe, or to the extent it would require T. Rowe to spend an unreasonable amount of time, effort and resources in order to respond. T. Rowe further objects to this Request as vague, ambiguous, overbroad and unduly burdensome, and as requesting the

production of documents not relevant to the Lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: August 8, 2011                                        Respectfully submitted,


                                                             _____/s/_____
                                                             Ward B. Coe, MD 00282
                                                             Gallagher Evelius & Jones, LLP
                                                             218 N. Charles Street, Suite 400
                                                             Baltimore, Maryland 21201
                                                             (410)727-7702
                                                             *Attorneys for T. ROWE PRICE GROUP, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of August 2011, a copy of the foregoing Objections To Plaintiffs' Subpoena Issued To Non-Party T. Rowe Price Group, Inc. was emailed and mailed, postage prepaid, by first class mail to:

Russ M. Herman, Esq.
rwestenfeld@hhkc.com
Leonard A. Davis, Esq.
ldavis@hhkc.com
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
*Plaintiffs' Liaison Counsel*

Kerry J. Miller, Esq.
kmiller@frilot.com
Frilot L.L.C.
Energy Centre
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163-3700
*Defendants' Liaison Counsel*

Judy Y. Barrasso, Esq.
jbarrasso@barrassousdin.com
Barrasso, Usdin, Kupperman, Freeman & Sarver, LLC
LL&E Tower
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
*Counsel for Insurer Steering Committee*

Phillip A. Wittmann
pwittmann@stonepigman.com
Stone, Pigman, Walther, Wittmann, LLC
546 Carondelet Street
New Orleans, Louisiana 70130-3588
*Counsel for Homebuilders and Installers Steering Committee*

/s/
Ward B. Coe