UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

In re: Chinese-Manufactured Drywall Product　　*
　　　　　　　　　　　　　　　　　　　　　　*　Civil Action No. MDL 2047
Liability Litigation　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　*

*　*　*　*　*　*　*　*　*　*　*　*　*

## AFFIDAVIT OF JOHN GILNER

1. I am a vice president of T. Rowe Price Group, Inc. I am also a managing counsel in the Legal Department of T. Rowe Price Associates, Inc. and a lawyer admitted to practice in Maryland. I am of the age of majority and have personal knowledge of the following facts.

2. T. Rowe Price Group, Inc. is a holding company located at 100 East Pratt Street, Baltimore, Maryland 21202. It was served with the Subpoena attached as Exhibit 1 on July 25, 2011.

3. The subpoena seeks documents and testimony pursuant to Federal Rule of Civil Procedure 30(b)(6). It was issued by Plaintiffs' attorneys in the Chinese-Manufactured Drywall Product Liability Litigation, an MDL action pending in the Eastern District of Louisiana. The litigation purports to be brought by a class of homeowners who allege that gypsum drywall manufactured in China was defective and contained volatile chemicals which cause various forms of damage.



EXHIBIT 3

# 427284
012728-0003

4.  The documents requested in the Subpoena primarily relate to communications with various Chinese drywall manufacturers, documents regarding their products, and documents regarding investments in and loans to the Chinese companies.

5.  T. Rowe Price Group, Inc. has no documents responsive to the Subpoena in its custody or control. Responsive documents regarding communications with Chinese drywall manufacturers or about their products, if they exist, would likely be in the possession of T. Rowe Price Hong Kong, Ltd., a third-tier subsidiary of T. Rowe Price Group, Inc., which is a separate corporation located in Hong Kong. Responsive documents themselves would be located in Hong Kong.

6.  The Subpoena also requests documents reflecting any ownership or financial interest by T. Rowe Price Group, Inc. in any manufacturer of Chinese drywall, and documents reflecting loans or investments by T. Rowe Price Group, Inc. in any such manufacturer. T. Rowe Price Group, Inc. has no such documents in its possession, custody, or control. T. Rowe Price Group, Inc. has not made any investments in or loans to manufacturers of Chinese drywall, and does not have any ownership or financial interest in such companies.

7.  With respect to the Rule 30(b)(6) topics for the deposition, T. Rowe Price Group, Inc. has no knowledge regarding the topics relating to Chinese drywall manufacturers (topics 2, 3, 5, 6, 8, 9, 10, 11, 12). The person with primary knowledge of those topics is Christopher Yip, a Vice President of T. Rowe Price Hong Kong, Ltd. Mr. Yip resides, is employed, and regularly transacts business in Hong Kong.

8.  T. Rowe Price Group, Inc. could produce a witness to testify about topic 1 in the designation, the corporate organization and structure of T. Rowe Price Group, Inc., and topic 7, its policies of insurance. T. Rowe Price Group, Inc., however, objects to any requirement that it produce a witness to testify regarding those topics as unduly burdensome. T. Rowe Price Group, Inc. is not a party to and has no interest in the pending litigation. Its insurance information is confidential. Neither its insurance information nor its corporate structure appear to have anything to do with the current litigation and, therefore, it would be unduly burdensome to require it to designate someone to testify about those topics.

I solemnly affirm under the penalties of perjury and on personal knowledge that the contents of this affidavit are true.

_____
John Gilner
Vice President

Date: August 10, 2011