**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | * | MDL No. 02047 |
| | * | |
| IN RE: CHINESE-MANUFACTURED | * | SECTION L |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO ALL CASES**

**MEMORANDUM IN SUPPORT OF OPPOSITION TO THE MOTION
TO COMPEL FILED BY PLAINTIFFS' STEERING COMMITTEE**

**MAY IT PLEASE THE COURT:**

Plaintiffs' Steering Committee ("PSC") caused a subpoena to be issued to T. Rowe Price

Group, Inc. ("T. Rowe"), a non-party to this litigation.  A copy of the subpoena is attached as

**Exhibit 1**.  The subpoena commands T. Rowe's corporate designee to testify and produce

documents at a deposition in Baltimore, Maryland on August 29, 2011.[1]  On August 8, 2011,

T. Rowe served its Objections to the subpoena (the "Objections") on PSC pursuant to Federal

Rule of Civil Procedure 45(c)(2)(B).[2]  A copy of the Objections is attached as **Exhibit 2**.  In

response to the Objections, PSC filed a Motion to Compel on August 10, 2011.  *See* Docket No.

10058.  For the reasons set forth below, and pursuant to Federal Rule of Civil Procedure 45(c),

T. Rowe opposes the Motion to Compel.[3]

---

[1]      PSC and T. Rowe have agreed to postpone the deposition until this discovery dispute is resolved.

[2]      T. Rowe has also moved to quash the subpoena in a separate pleading that is being filed
concurrently.

[3]      Although PSC's subpoena was issued out of the District of Maryland, 28 U.S.C.A. §1407
provides this Court with jurisdiction to hear PSC's Motion to Compel.  *U.S. ex rel. Pogue v. Diabetes
Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 275 (D.D.C. 2002).  In deciding this motion,
however, this Court sits as a court of the District of Maryland and the Court and parties are therefore

## ARGUMENT

### T. Rowe Cannot be Compelled to Produce the Requested Documents Because those Documents are Not Within T. Rowe's Control.

T. Rowe is a holding company located at 100 East Pratt Street, Baltimore, Maryland 21202. *See* Affidavit of John Gilner, attached hereto as **Exhibit 3**, at ¶ 2. T. Rowe does not have any documents in its possession, custody or control that are responsive to the subpoena. *Id.* at ¶ 5. Topics 1 through 15 request documents regarding communications with Chinese drywall manufacturers or about their products. If any responsive documents to requests 1 through 15 exist, they would be in the possession of a T. Rowe third-tier subsidiary, T. Rowe Price Hong Kong Limited ("T. Rowe Hong Kong"), which is located in Hong Kong. *Id.* Any and all responsive documents in the possession of T. Rowe Hong Kong would also be located in Hong Kong. *Id.* Thus, in order to comply with the subpoena, T. Rowe would be required to gather documents on the other side of the world and produce them in Baltimore, Maryland.

Topics 16 and 17 of the subpoena request documents reflecting any ownership or financial interest by T. Rowe in any manufacturer of Chinese drywall and documents reflecting loans or investments by T. Rowe in any such manufacturer. T. Rowe also does not have possession of documents responsive to requests 16 and 17. *Id.* at ¶ 6. To the extent documents exist that would be responsive to these requests, they would be in the possession of other subsidiaries. *Id.*

---

bound by the rules and law of that district. *See id.* ("if a court is sitting as a court of another district, and the purpose of doing so is to preserve uniformity within that district and circuit, a court acting under §1407 is bound by the rules and law of the district in which he is sitting as a judge, and the parties are likewise bound").

Here, PSC bears the burden of establishing T. Rowe's control over the documents it seeks.[4]  *See, e.g., Desmeth v. Samsung America, Inc.*, 1998 WL 74297, at *9 (S.D.N.Y. Feb. 20, 1998) ("A party seeking the production bears the burden of establishing control.").  PSC has not asserted any facts in its Motion to Compel to show that T. Rowe actually possesses or controls the requested documents.  In determining control of documents in a parent/subsidiary relationship, courts consider the degree of ownership and control exercised by the parent over the subsidiary, a showing that the two entities operated as one, demonstrated access to documents in the ordinary course of business, and an agency relationship.  *E.g., Camden Iron and Metal, Inc. v. Marubeni America Corp.*, 138 F.R.D. 438, 442 (D.N.J. 1991); *Pitney Bowes, Inc. v. Kern Int'l Inc.*, 239 F.R.D. 61, 67 (D. Conn. 2006).  Here, T. Rowe and its Hong Kong subsidiary do not operate as one, T. Rowe does not access Hong Kong's documents in the ordinary course of business, and the two companies do not have an agency relationship.  *Id.* at ¶ 5.  Under these facts, T. Rowe cannot be held to have control of the requested documents.

Even if T. Rowe could exert control over the documents that are not in its possession, the resources required to gather documents located in Hong Kong and in the possession of a separate entity would subject T. Rowe to an undue burden.  As set forth more fully in T. Rowe's Motion to Quash, which is being filed concurrently with this Opposition,[5] it is clear that PSC is simply

---

[4]      T. Rowe was unable to locate any case dealing with the requirement that a <u>non-party</u> corporate parent produce documents in the possession, custody and control of its subsidiary.  Courts analyzing this question under Federal Rule Civil Procedure 34(a) as to <u>parties</u>, as in *Desmeth* cited above, find that the burden of establishing that the corporate parent actually has control over the requested documents lies with the party seeking production.  Further, it is important to note that restrictions on discovery may be even broader when the target of such discovery is a nonparty.  *See Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980).

[5]      All of the arguments set forth in the Motion to Quash are hereby incorporated by reference.

attempting to avoid the cost and inconvenience of subpoenaing a foreign corporation through the correct process, and to shift this burden and cost onto T. Rowe.  As a non-party to this litigation, T. Rowe should not be forced to endure such an undue burden and PSC's Motion to Compel should be denied.

T. Rowe also has no knowledge regarding topics 2, 3, 5, 6, 8, 9, 10, 11, 12 of the designation (topics relating to Chinese manufacturers).[6]  *See* Ex. 3, at ¶ 7.  The person with primary knowledge of those topics is Christopher Yip, a Vice President of T. Rowe Hong Kong.  *Id.*  Mr. Yip resides, is employed, and regularly transacts business in Hong Kong.  *Id.*  T. Rowe cannot be required to acquire all of the knowledge of its subsidiary on matters in which it had no involvement, and to then testify to those matters in a manner which binds T. Rowe, a separate legal entity from T. Rowe Hong Kong.  *See In re Ski Train Fire of November 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *4 (S.D.N.Y. May 16, 2006) (holding that parent corporation was not required to produce witness for Rule 30(b)(6) deposition regarding information known by its wholly-owned subsidiary).  Accordingly, no person from T. Rowe is able to testify regarding the above-mentioned topics and the Federal Rules of Civil Procedure prohibit a subpoena from requiring a nonparty to travel over 100 miles from where that person resides, is employed, or

---

[6]     T. Rowe has knowledge and could produce a person to testify about two topics—T. Rowe's corporate structure and T. Rowe's insurance information.  As noted in T. Rowe's Motion to Quash, an important factor in making the determination of undue burden is relevance.  *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Ca. 2005).  Neither T. Rowe's corporate structure nor its insurance information is relevant to the claims asserted in this litigation.  Moreover, T. Rowe's insurance information is confidential, Ex. 3, at ¶ 8, and as a non-party, T. Rowe should not be forced to provide such confidential information when it is completely irrelevant to the issues in the litigation.  *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) (requiring that a subpoena be quashed when it requires disclosure of privileged or other protected matter); Fed. R. Civ. P. 45(c)(3)(B)(i) (allowing a court to quash a subpoena if it requires disclosing a commercial information).

regularly transacts business in person.[7]  For this additional reason, PSC's Motion to Compel should be denied.

**In the Alternative, the Federal Rules of Civil Procedure Require that PSC Compensate T. Rowe for its Expenses in Complying with the Subpoena.**

On August 8, 2011, T. Rowe timely served its Objections on PSC.  Ex. 2.  In response, PSC filed its Motion to Compel.  Under Federal Rule of Civil Procedure 45(c)(2)(B) (ii), any order compelling a non-party to comply with a subpoena must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance with the order. "Courts addressing the issue of how the costs of subpoena compliance should be allocated have consistently emphasized that non-parties who have no interest in particular litigation should not be required to subsidize the costs of that litigation." *Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999) (internal citations omitted); *see also Linder v. Calero-Portocarrero*, 183 F.R.D. 314, 322 (D.D.C. 1998) ("In addition to keeping nonparties from being forced to subsidize an unreasonable share of the costs of litigation to which they were not a party, Rule 45's mandatory cost-shifting provisions promote the most efficient use of resources in the discovery process."); *In re Letters Rogatory*, 144 F.R.D. 272, 278 (E.D. Pa. 1992) ("a witnesses' nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or the producing party").

Here, if the Court grants PSC's Motion to Compel, T. Rowe will be forced to spend signification time and money in an attempt to comply with the subpoena.  Accordingly, pursuant

---

[7]     Additionally, Federal Rule of Civil Procedure 45(e) also implies that a non-party cannot be required to produce documents from outside the 100-mile limit in Rule 45(c)(3)(A)(ii).  *See* 9A Fed. Prac. & Proc. Civ. § 2465 (3 ed.) ("[A] subpoenaed nonparty has an 'adequate excuse' [for failing to comply with a subpoena] when the subpoena requires that he or she attend as a witness <u>or</u> produce documents at a place more than 100 miles away from where he or she resides, is employed, or regularly transacts business in person.") (emphasis added).

to Federal Rule of Civil Procedure 45(c)(2)(B)(ii), if T. Rowe is required by the Court to comply

with the subpoena, the Court should order that PSC compensate T. Rowe for any costs associated

with such compliance—including all travel costs and attorneys' fees. *See Broussard*, 186 F.R.D.

at 398 (ordering seeking party to pay reasonable costs and expenses of complying with a

subpoena even though compliance would not likely pose an undue burden).

      For the foregoing reasons, T. Rowe requests that the Court deny PSC's Motion to

Compel.

Respectfully submitted,

/s/
Ward B. Coe, III
Maryland Fed. Bar. No. 00282
wcoe@gejlaw.com
Rebecca L. Caldwell
Maryland Fed. Bar No. 28957
rcaldwell@gejlaw.com
GALLAGHER EVELIUS & JONES LLP
218 North Charles Street, Suite 400
Baltimore, Maryland  21201
(410) 727-7702
*Attorneys for T. Rowe Price Group, Inc.*

Date:  August 19, 2011

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 19th day of August, 2011, a copy of this Memorandum in Support of Opposition to the Motion to Compel Filed by Plaintiffs' Steering Committee was served upon all parties by electronically filing via CM/ECF, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

_____/s/_____
Ward B. Coe