# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED     MDL DOCKET: 2047
DRYWALL PRODUCTS LIABILITY     SECTION: L
LITIGATION


    JUDGE FALLON
THIS DOCUMENT RELATES TO     MAG. JUDGE WILKINSON
ALL CASES

*Payton, et al. v. Knauf Gips, KG, et al.,* **and**
**Case no. 2:09-cv-07628 (E.D. La.)**

*Vickers, et al. v. Knauf Gips KG, et al.*
**Case No. 2:09-cv-04117 (E.D. L.a.)**

_____/

## BANNER ENTITIES' REPLY IN SUPPORT OF MOTION
## FOR LEAVE TO AMEND CROSS-CLAIM

Defendants Banner Supply Company, Banner Supply Company Pompano, LLC, Banner

Supply Company Fort Myers, LLC, Banner Supply Company Port St. Lucie, LLC, Banner

Supply Company Tampa, LLC, and Banner Supply International, LLC (collectively "Banner"),

file this Reply in Support of Banner's Motion for Leave to Amend Cross-claims against Knauf

Gips, KG and Knauf Plasterboard (Tianjin) Co. Ltd. and to file its Cross-claims against Gebruder

Gebr. Knauferwaltungsgesellschaft KG; Knauf International, GmbH; Knauf Insulation, GmbH

(collectively referred to as "Knauf").

Knauf has no objection to Banner's proposed cross-claims, but inexplicably asks that

Banner be required to serve its cross-claims in accordance with the Hague Convention. Because

Knauf is already a party to this case, however, Banner need only serve Knauf's attorney with the

cross-claim under Fed. R. Civ. P. 5(b).[1] *Luyster v. Textron, Inc.*, 266 F.R.D. 54, 65 (S.D.N.Y.

_____

[1] Rule 5(b) states: "If a party is represented by an attorney, service under this rule must be made on the attorney
unless the court orders service on the party."

2010) ("At the time Superior filed its cross-claim, the Government was a party who already had appeared in the present action; therefore Rule 5 applied rather than Rule 4."); *see American Optical Co. v. Philadelphia Electric Co.*, 228 F. Supp. 293, 298 (E.D. Penn. 1964).   Knauf argues that it made two "limited waivers of service": one in PTO 17, when Knauf "agreed to accept service of process for homeowner plaintiffs . . . and waive its right to demand service of process through the Hague Convention," and the other in a Stipulation in which Knauf agreed "to accept service of process for a complaint or intervention complaint filed in federal court on or before December 31, 2010—which is brought on behalf of any person or entity represented by the PSC."  (Doc. 6732).  Even assuming such a "limited waiver of service" were valid, neither the PTO nor the Stipulation have any limiting language—far from it.  Instead, Knauf expressly waived its purported right to demand service of process through the Hague Convention in the PTO.  The Stipulation is similarly unhelpful, indicating only that Knauf agreed to accept service of complaints filed by the PSC. There is no language preserving Knauf's alleged right to formal service of process under the Hague Convention, though Knauf certainly could have included such language in the Stipulation.  Having waived formal service and actively litigated[2] this case in this Court, Knauf is party for all purposes—including the filing of cross-claims against it— and cannot now claim that Banner is required to comply with the Hague Convention to serve its cross-claims.  *Cf. Petrowski v. Hawkeye-Security Ins. Co.*, 350 U.S. 495 (1956) (party waived right to assert lack of personal jurisdiction over it when it filed a stipulation in which it voluntarily submitted to the jurisdiction of the court without service of process).[3]

    Finally, as a practical matter, there is no reason to force Banner to formally serve its cross-claim under the Hague Convention other than to simply make Banner spend the time and

---

[2]  Notably, Knauf has sought, often successfully, relief from this Court.
[3]  Apparently recognizing this contrary authority, Knauf simply insists—without citation to any authority—that the Hague Convention requires service of a cross claim on a party rather than its attorney.

money to do so.  The primary purpose of the Hague Convention is "to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).  Here, Knauf has received timely notice of Banner's cross-claim and is already a party to this case; therefore, the terms of the Hague Convention have been satisfied in fact and in spirit, and Banner need not jump through needless procedural hoops.  Instead, as with all other cases in federal court, once a party appears and participates in the litigation, service of subsequent pleadings may be made on the party's attorney.  Fed. R. Civ. P. 5(b).

Accordingly, the Court should grant Banner's Motion and reject Knauf's request that service of Banner's Cross-Claim be made under the Hague Convention.

Respectfully submitted, this 22nd day of August, 2011.

> **WEINBERG, WHEELER, HUDGINS,
> GUNN & DIAL, LLC**
>
> */s/ Stephen J. Rapp*
> **MICHAEL A. SEXTON**
> Georgia Bar Number: 636489
> **STEPHEN J. RAPP**
> Georgia Bar Number: 103806
> 3344 Peachtree Road, Suite 2400
> Atlanta, GA  30326
> Telephone (404)876-2700
> msexton@wwhgd.com
> *Counsel for Banner Supply Company; Banner Supply
> Company Fort Myers, LLC; Banner Supply Company
> Tampa, LLC; Banner Supply Company Pompano, LLC;
> and Banner Supply International, LLC*

**PETERSON & ESPINO, P.A.**

**MICHAEL P. PETERSON**
Florida Bar Number: 982040
10631 S.W. 88th Street, Suite 220
Miami, Florida 33176
Telephone: (305) 270-3773
E-mail:  mpeterson@petersonespino.com
*Counsel for Banner Supply Company Port St. Lucie,*
*LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **Banner Entities' Reply in Support of Motion for Leave to Amend Cross-Claim** has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 22nd day of August, 2011.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC


*/s/ Stephen J. Rapp*
**Stephen J. Rapp**
Georgia Bar Number: 103806