

HERMAN HERMAN
KATZ & COTLAR
———— L.L.P. ————
ATTORNEYS AT LAW
*Est. 1942*

820 O'Keefe Avenue
New Orleans, Louisiana
70113-1116

p: 504.581.4892
f: 504.561.6024
e: info@hhkc.com

hhkc.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†
Stephen J. Herman

Brian D. Katz
Soren E. Gisleson

Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Jeremy S. Epstein†
Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans
and Covington, Louisiana

This firm and its partners are also
partners in Herman Gerel, LLP
(formerly known as Herman, Mathis,
Casey, Kitchens & Gerel, LLP)

* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

June 24, 2011

Frank Spano
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022

**Re:    In Re: Chinese Drywall Products Liability Litigation**
**MDL-2047**

Dear Frank:

This letter shall serve as a follow-up to the telephone status conference call with Judge Fallon that took place on June 23, 2011, and is in furtherance of the Court's Minute Entry dated June 9, 2011. The Court has requested that two issues involved in the TG and TTP discovery dispute be addressed, in sequential order, as follows:

1. written discovery document production; and
2. depositions of TG and TTP's Rule 30(b)(6) representatives.

We understand that TG and TTP formulated a list of requested documents which they believe have already been produced. The list is set forth in the letter dated June 6, 2011 from Matthew Galvin of Hogan Lovells, and to some extent, is further addressed in your letter of June 22, 2011, which primarily deals with Rule 30(b)(6) testimony responsive to designations set forth in the PSC's Amended Re-Notice of Deposition. The Court directed the PSC to determine which document requests are still outstanding and provide such to TG and TTP. This letter is our attempt to further the meet and confer process in order to resolve any issues relating to requested documents so that, hopefully, we can avoid submitting unnecessary disputes to the Court. I will also address deposition topics/representatives (number 2 above) in this letter.

Since the Status Conference held on June 9, 2011, the "questioners" have had multiple opportunities to meet face-to-face and by phone to address Judge Fallon's directives. Included in our discussions have been representatives of the Plaintiffs' Steering Committee; Interior/Exterior; Banner Supply; Venture Supply; Porter Blaine; Insurance Carriers for

June 24, 2011
Page - 2 -

Interior/Exterior, Banner Supply, Venture Supply, and Porter Blaine; the Homebuilders' Steering Committee; Chartis; and a number of the Homebuilders' insurance carriers. Counsel for the foregoing entities comprise the "questioners."

Following review of the documents and communications that your office provided on June 6, 2011 and June 22, 2011, the "questioners" request that the Taishan defendants provide the documents listed below. The "questioners" have reviewed all documents produced in the four productions made by the Taishan defendants that include bates range TG0000001 through TG0025411. We have, thus far, been unable to determine if the following documents have been produced in Taishan's numerous productions of documents. We understood during the June 23, 2011 telephone status conference that the Taishan defendants will be making additional production of up to 200 pages of documents and that this production may take place on a rolling basis within the next few days. These additional documents have not been produced to the PSC and; therefore, we do not know if these unproduced documents are responsive to any of the requested documents listed below. If any of the documents to be produced are responsive to our requested documents, please identify the particular document by Bates Number and its corresponding request. We also recognize that some of the documents in the categories may have already been produced (e.g. value added tax documents, as just one example) but we believe the production is incomplete based upon comments made by you or deposition testimony and therefore additional documents are requested.

**Documents Requested:**

1.      Documents relating to BNBM upstream entities, including:
    a.      the relationship and communications between them;
    b.      the legal corporate structure; and
    c.      interaction between the various members of the affiliated or related entities.

2.      Documents showing the relationship between TG/TTP and BNBM and its respective owners/shareholders, including:
    a.      communications and documents relating to the formation of TTP.

3.      A corporate entity organizational chart relating to BNBM and its upstream and downstream entities, including:
    a.      the relationship and communications between them;
    b.      the legal corporate structure;
    c.      interaction between the various members of the affiliated or related entities; and
    d.      see also, allegations in the Amorin Complaint, filed June 13, 2011 in the MDL, CA11-1395.

4.      TG/TTP documents reflecting marketing and sales efforts aimed toward the United States including territories Guam, US Virgin Islands, Puerto Rico, etc., including:

June 24, 2011
Page - 3 -

    a.    drywall, and
    b.    other products sold by TG/TTP.

5.    All annual reports, government filings, or foreign government filings created by BNBM during the relevant time period.

6.    As to TTP:
    a.    internal monthly reports of operations;
    b.    communications between Jai and TTP, including reports;
    c.    monthly reports sent to TG, BNBM, or other entities in the Taishan group;
    d.    communications between Jai and Board of Directors;
    e.    audited financial statements on a monthly basis;
    f.    annual Reports; and
    g.    business plan for 2006 and 2007.

7.    Records or transactions of cost sharing between TG and TTP.

8.    Records of employees who dealt with sales of drywall to the United States including territories Guam, US Virgin Islands, Puerto Rico, etc., including:
    a.    payroll records;
    b.    personnel file including job descriptions and evaluations;
    c.    identification/business cards;
    d.    employment agreements; and
    e.    expense reports.

9.    Documents regarding the decision to shut down TTP's drywall production.

10.    Board minutes of BNBM and/or TG where either entity is, or both are, discussed including matters regarding operations and finance.

11.    Documents reflecting the relationship with any of the exporters, agents, distributors, suppliers, and/or brokers that shipped products to the United States including territories Guam, US Virgin Islands, Puerto Rico, etc., including but not limited to those listed in the MPF.

12.    Any written or electronic communication, including but not limited to MSN, Instant Messenger, text messages, regarding the sale or shipment or possible sale or shipment of any product to United States including territories Guam, US Virgin Islands, Puerto Rico, etc., customers.

13.    Value Added Tax related documents and communications involving the export of product including representations made to the government of China and others regarding export of products.

14.    The fee information, guarantee contracts between BNBM and TG and related communications (see TG0020680).

15.    Records related to any ISO (International Standard Organization) certification, including but not limited to ISO 9001, ISO 14004, and ISO 10003.

At the present time, and subject to our review of the additional documents that are to be produced by the Taishan defendants, the "questioners" set forth the following areas of inquiry for deposition topics/representatives for the upcoming depositions being coordinated in Hong Kong. Based upon the conference with Judge Fallon on June 23, 2011, we understand that the deposition is tentatively scheduled in Hong Kong for the week of January 9, 2012. Judge Fallon will assist in securing an interpreter through his contacts and outreach to the United States, State Department. We await comment from you regarding the location of the deposition. The "questioners" are presently looking for a location and we will need to advise the Court if your office in Hong Kong will be made available. If not, we have advised Judge Fallon that we are agreeable to taking the deposition in the United States embassy in Hong Kong. We will be advising Judge Fallon at a later date specifically who will be performing the questioning in the deposition as the "questioners" and who will be attending the deposition.

**Areas of inquiry for corporate depositions:**

1.    The corporate organization of TG, including:
    a.    the relationship and communications between them;
    b.    the legal corporate structure; and
    c.    interaction between the various members of the affiliated or related entities.

2.    The corporate organization of TTP, including:
    a.    the relationship and communications between them;
    b.    the legal corporate structure; and
    c.    interaction between the various members of the affiliated or related entities.

3.    A corporate organizational chart of related entities from BNBM upstream and downstream, including:
    a.    the relationship and communications between them;
    b.    the legal corporate structure; and
    c.    interaction between the various members of the affiliated or related entities.

4.    Marketing, sales and shipping documents related to the United States including territories Guam, US Virgin Islands, Puerto Rico, etc.market.

June 24, 2011
Page - 5 -

5.   Loans and expense sharing between the related and relevant entities.

6.   Customer survey and testing done by the Chinese government, including:
    i.     the complaints that prompted the testing of the drywall and customer survey;
    ii.    any and all documents and communications relating to the test building constructed by TG;
    iii.   all documents and communications relating to the customer survey performed by TG in investigation of the allegations concerning Chinese drywall; and
    iv.    any sales and marketing materials the Taishan Defendants created as a result of the testing and customer survey;
    v.     who they were distributed t

7.   ISO Certification

8.   Monthly reports of TTP operations, including:
    i.     communications between Jia and TTP, including reports;
    ii.    monthly reports generated by TTP and sent to TG;
    iii.   communications between Jia and Board of Directors; and
    iv.    audited financial statements received on a monthly basis.

9.   Documents, communications, board minutes, and the exchange of monies between TG and TTP and/or BNBM relating to licensing agreements, leasing agreements, and equipment purchase agreements (similar to those documents produced at the first day of T. Jia deposition.)

10.  The 13 areas of document production set forth in the Hogan Lovells letter of June 6, 2011 and the documents requested above.

11.  The individual who has most knowledge regarding the contents of the profile form. This person should have knowledge of the information regarding sales used to complete the profile form, and based up on prior testimony, we understand that this would be the manager of sales, Ting Huan Fu.

12.  The following individuals are requested for deposition, including:
    a.     Apollo Yang;
    b.     Bill Cher; and
    c.     the corporate representative(s) that is/are most knowledgeable about the above areas.

       Thank you for your anticipated cooperation with this important matter. We are mindful that the Court has scheduled another status conference in this matter on July 14, 2011. Therefore, we believe that it will be necessary for you to get back to us regarding our request

June 24, 2011
Page - 6 -

within a week so that we can schedule a meet and confer session, if necessary, taking into account the July 4th weekend. We look forward to your early reply.

Sincerely,

LEONARD A. DAVIS

LAD/ac
cc:  Hon. Eldon E. Fallon
     Rick Stanley
     Taishan Team
     Arnold Levin
     Russ Herman
     Chris Seeger
     Ervin Gonzalez
     Richard Serpe
     Patrick Montoya
     Fred Longer
     Nick Panayotopoulos
     Jane Byrne
     Julia Beskin
     Hillarie Bass
     Mark Salky
     Tim Kolaya
     Ken Hardt
     Matthew Clark
     Carlina Eiselen