**From:** Lillian Flemming [mailto:LFLEMMING@hhkc.com]
**Sent:** Tuesday, August 09, 2011 5:03 PM
**To:** Statman, Eric
**Cc:** Spano, Frank T.; Russ Herman; Arnold Levin; Fred Longer; Lenny Davis
**Subject:** Chinese Drywall MDL 2047 re draft status letter to Judge Fallon

From:  Leonard A. Davis

Eric, I received your proposed letter of August 5, 2011.  I do not believe that it accurately reflects the meet and confer that we had on July 29, 2011 in your office and is misleading based upon the emails that we received following the meet and confer.  Specifically, with respect to each item, I offer the following (numbers track my letter of July 12, 2011):

**Doc. Requests 1, 2, 3, 5.**  We agreed to disagree.  This matter will be presented to the Court.

**Doc. Request 4.**  You advised that Defendants have provided all documents that they have. Based upon this representation, we agreed not to pursue this matter with the Court.

**Doc. Request 6.**  You advised that Defendants have provided all documents that they have. Based upon this representation, we agreed not to pursue this matter with the Court.

**Doc. Request 7.**  You agreed to communicate further with the client to determine if there are any additional "non-formal" agreements and if they exist, you agreed to advise us.  We have not received a further response from you in this regard, and do not know if any additional information is to be forthcoming.  Please let us know so we can determine if this matter needs to be addressed with the Court.

**Doc. Request 8.**  We requested that this information be produced.  We explained the basis for the request and we understood that you were going to let us know if additional information existed.  In your email of August 3, 2011, you advised that documents cannot be located and therefore, based on this representation, we agree not to pursue this matter with the Court.

**Doc. Request 9.**  You agreed to communicate further with the client to determine if there are any additional documents regarding the decision to shut down TTP's drywall production.  In your email of August 5, 2011, you advised that there are no documents other than those already produced and therefore, based upon this representation, we agree not to pursue this matter with the Court.

**Doc. Request 10.**  See response above to Doc. Requests 1, 2, 3, 5.  We agreed to disagree.  This matter will be presented to the Court.

**Doc. Request 11.**  At the meet and confer, you provided some additional production that we have reviewed.  We need to know whether a complete production has been made at this time in response to this inquiry.  Further, at the meet and confer, we requested documents and communications with any shippers and trading companies and we do not know if these documents will be forthcoming.  Please let us know so we can determine if this matter needs to be addressed with the Court.

**Doc. Request 12.**  In the meet and confer you agreed to provide us a list of all individuals whose computer and/or electronic stored information was searched. This information had not previously been provided to us.  Specifically, we addressed electronic stored information that

was searched with respect to not only this specific request, but also any others set forth in my letter of July 12, 2011.  On August 3, 2011, you provided an email setting forth the names of seven (7) individuals whose computers were searched for potentially responsive emails.  I responded to that email on August 3, 2011.  Specifically, I advised that we do not believe that the search that was undertaken was a comprehensive search of electronically stored information with respect to all responses for all of the discovery requests.  Therefore, with respect to each of the items in this email where I state that we would not pursue the matter (this comment was made in the meet and confer which was prior to receipt of your August 3, 2011 explanation of searches) or that we need further information from you in order to determine if the matter needs to be addressed with the Court, has been made based upon our understanding of the method and manner in which Defendants made a production and which you have now made clear in your email of August 3, 2011.  As a result, we reserve our right to address with the Court the scope of electronic stored information that has been made in response to each area of inquiry.  Further, in your August 5, 2011 email, for the first time, we have learned that you intend on producing additional documents.  We need to know when a complete production to each of the 15 items as set forth in my letter of July 12, 2011 will be completed, so that we know the complete universe of all documents responsive to the 15 requests.

**Doc. Request 13.**   We requested that this information be produced and specifically, we discussed documents that may exist regarding the reasons for the VAT and those that were made with the government of China relating to VAT.  We explained the basis for the request.  We have not received a response from you with respect to this issue and we would appreciate your letting us know if additional documents will be produced so we can determine if this matter needs to be addressed with the Court.

**Doc. Request 14.**   You advised that Defendants have provided all documents that they have.  Further, in your email of August 5, 2011, you advised that no relevant emails were found in the search of two (2) individuals' material.  We do not know how you can determine what we may believe to be as "relevant" and whether the search was "sufficient".  Further, we do not understand what you mean by "…other directors and managers of TG are not likely to have had emails relative to this request."  Please let us know if a complete production has been made and if there are any further documents responsive to this request in the possession of the Defendants so that we can determine if this matter needs to be addressed with the Court.

**Doc. Request 15.**   You advised that Defendants have provided all documents that they have.  Based upon this representation, we agreed not to pursue this matter with the Court.

This email should clarify any misunderstanding that may exist with respect to the July 29, 2011 meet and confer, your email of August 3, 2011, as well as your proposed letter to the Court that was attached to your email of August 5, 2011.  Again, please remember that the comments made in Doc. Request 12 need to be considered with respect to the overall production as to the 15 requests.  If you can clarify this issue, possibly we can better understand the matter, but your email of August 5, 2011 only adds added concern on our part with respect to the production response.  In light of this, I believe that the draft letter to the Court needs to be modified accordingly.  Should you desire to take another attempt at drafting a letter, please let us know.  Alternatively, I am happy to attempt to draft a letter so we can get it to the Court.


Lillian M. Flemming
Legal Assistant to Leonard A. Davis
*Herman, Herman, Katz & Cotlar, LLP*
*Herman, Gerel, LLP*

820 O'Keefe Avenue
New Orleans, Louisiana  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
<http://www.hhkc.com/>

This e-mail message contains confidential, privileged information intended solely for the addressee.  Please do not read, copy, or disseminate it unless you are the addressee.  If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender.  Also, we would appreciate your forwarding the message back to us and deleting it from your system.  Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

Hogan Lovells refers to the international legal practice comprising Hogan Lovells International LLP, Hogan Lovells US LLP, Hogan Lovells Worldwide Group (a Swiss Verein), and their affiliated businesses. Hogan Lovells International LLP is a limited liability partnership registered in England and Wales with registered number OC323639. Registered office and principal place of business: Atlantic House, Holborn Viaduct, London EC1A 2FG. Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.
The word "partner" is used to refer to a member of Hogan Lovells International LLP or a partner of Hogan Lovells US LLP, or an employee or consultant with equivalent standing and qualifications, and to a partner, member, employee or consultant in any of their affiliated businesses who has equivalent standing. A list of the members of Hogan Lovells International LLP and of the non-members who are designated as partners, and of their respective professional qualifications, is open to inspection at the above address. Further important information about Hogan Lovells can be found on www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.
CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

# Sinnott Nuckols & Logan, PC

*ATTORNEYS AT LAW*

(804) 378-7600 Ext. 3311                                                                                    khardt@snllaw.com

August 8, 2011

VIA ELECTRONIC MAIL
Eric Statman, Esquire
Frank Spano, Esquire
HOGAN LOVELLS US LLP
875 3rd Avenue
New York, NY 10022

> **Re:**   **In re: Chinese Manufactured Drywall Products Liability Litigation, MDL No. 2047**
>
> **Germano, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al. Case No. 2:09-cv-6687 (E.D. La.)**

Dear Eric and Frank:

This letter is my response to Eric's email to Lenny and me dated August 5, 2011, relating to ESI discovery and your client's search for responsive documents. The PSC may have its own response.

It appears that the "misconception" to which Eric refers may have been caused by our meet and confer on July 29, 2011, and Eric's e-mail of August 3rd, in which Eric identifies a "list of persons employed by TG and TTP **whose computers were searched** for potentially responsive emails. To be clear, **we have searched the computers** of everyone under Defendants control who we are informed..." This is similar to and was a follow up from our discussion on July 29th, when we were told that Taishan only searched certain computers.

In Eric's latest e-mail he now states that computers themselves were not searched because apparently new computers were issued in February or March of 2009. Instead, we are informed that emails had to be searched through the email provider's server.

This raises a number of questions. First, was no information backed-up or saved from the older computers that were swapped out in February or March 2009? It would seem odd that the company or the individual employees would actually let all of the information from their older computers be deleted.

Eric Statman, Esquire
Frank Spano, Esquire
August 8, 2011
Page 2

Second, if the company's employees were using an email provider and you are searching for relevant documents only on that server, it does not seem that it can be that much more troublesome to search the addresses of others employed by Taishan.

Finally, you mention that Mr. Jia testified he does not conduct business through emails. However, his testimony was actually:

49
23   Q.   What's his e-mail address?

24      A.   I am not familiar with

50
1   computer. I usually don't use a computer

2   for work. Sometimes there might be a few

3   documents in the computer. I only -- in

4   the e-mail, I open -- I usually open it

5   up. Usually I don't use this method to

6   work. It is only for making contact to

7   the outside.

8      Q.   What about distributions of

9   information or correspondence within TG,

10   is that done by e-mail?

11      A.   For sure, some of the

12   documents would be through e-mail.

Eric Statman, Esquire
Frank Spano, Esquire
August 8, 2011
Page 3

In addition, Mr. Jia went on to identify at his deposition three persons he listed on deposition Exhibit 1 – Zhang Jian Chun (secretary of the board of directors of TG); Chen Xin Hua (general staff); and Zhao Xiu Yun (engineer) - as persons who either reviews or sends emails on his behalf. (Jia Dep. Pages 57-58). Although the translation of these names at the deposition may not have been entirely accurate, it does not appear that these persons are identified in Eric's August 3rd email as persons whose computers or email accounts were searched. At the least, I would think that you would need to search those email accounts as well for documents responsive to the request.

In any event, I understand the position that your clients have taken in Eric's communication and from my perspective I would think we would need to include this in the items to address with Judge Fallon. Once again, the PSC may take a different position or have other thoughts and I would be happy to address these with both parties should anyone think it would be helpful.

I am still in the process of reviewing your draft letter to the Court and will let you have my thoughts on that shortly.

Sincerely,

Kenneth F. Hardt

cc:     All counsel involved in Taishan discovery discussion (via email)