**From:** Amy Catalanotto [mailto:acatalanotto@HHKC.com]
**Sent:** Friday, August 12, 2011 10:57 AM
**To:** Statman, Eric
**Cc:** Russ Herman; Fred Longer ; alevin@lfsblaw.com; Lenny Davis; Lillian Flemming; Spano, Frank T.
**Subject:** FW: Chinese Drywall MDL 2047 re draft status letter to Judge Fallon

**FROM LEONARD A. DAVIS**

As a follow-up to your e-mail of August 10, 2011, and in an attempt to narrow down the areas of agreement and disagreement with respect to the items to be presented to the Court in both of our submissions on August 16, 2011 (please note yesterday we received an email from the Court advising that our joint suggestion of August 17, 2011, was not acceptable and therefore we need to have submissions in on August 16, 2011) we have attempted, at your suggestion, to set forth below the position of the Questioners. It is our intention to address, in our brief to the Court on August 16, 2011, the areas that are in disagreement, identified as 1 through 7 below and the issue of Electronically Stored Information ("ESI"), as outlined below. It is not our intention to go into detail as to items A through H, except insofar as they may relate to what we believe may be an incomplete production by Taishan, including its failure to properly search and produce, among other things, ESI.

We believe that the Meet and Confer process between the Questioners and Defendants has resulted in agreement between the parties as to eight items identified as A through H below. Defendants have advised that, at this time, they have provided all documents that they have with respect to each request in A through H below. If for any reason, this is not correct, please let us know, as this is based upon your email of August 10, 2011, and our understanding from the various meet and confers. Therefore based on your representations, the Questioners will not pursue these matters at this time except insofar as these items may include additional discovery responses as a result of Defendants' failure to provide a complete production with respect to its failure to properly search and produce, among other things, ESI. Furthermore, Defendants have advised that they recognize their obligation regarding the duty to supplement the responses if additional information is revealed.

A)  TG/TTP documents reflecting marketing and sales efforts aimed toward the United States

including territories Guam, US Virgin Islands, Puerto Rico, etc., including:

    a.    drywall, and

    b.    other products sold by TG/TTP.

B) As to TTP:

    a.    internal monthly reports of operations;

    b.    communications between Jia and TTP, including reports;

    c.    monthly reports sent to TG, BNBM, or other entities in the Taishan group;

    d.    communications between Jia and Board of Directors;

    e.    audited financial statements on a monthly basis;

    f.    annual Reports; and

    g.    business plan for 2006 and 2007.

C) Records or transactions of cost sharing between TG and TTP.

D) Records of employees who dealt with sales of drywall to the United States including territories Guam, US Virgin Islands, Puerto Rico, etc., including:

    a.    payroll records;

    b.    personnel file including job descriptions and evaluations;

    c.    identification/business cards;

    d.    employment agreements; and

    e.    expense reports.

E) Documents regarding the decision to shut down TTP's drywall production.

F) Documents reflecting the relationship with any of the exporters, agents, distributors, suppliers, and/or brokers that shipped products to the United States including territories Guam, U.S. Virgin Islands, Puerto Rico, etc., including but not limited to those listed in the MPF.

G) The fee information, guarantee contracts between BNBM and TG and related communications (see TG0020680).

H) Records related to any ISO (International Standard Organization) certification, including, but not limited to, ISO 9001, ISO 14004, and ISO 10003.

There still remain disputes between the Questioners and Defendants and in order to obtain the necessary discovery in advance of the 30(b)(6) depositions in Hong Kong scheduled to take place of Taishan in January 2012, as well as any others, the Questioners will request in its submission to the Court on August 16, 2011, that Taishan should be ordered to comply with the outstanding discovery requests as set forth below.  The following documents identified in numbers 1 through 7 below, have been requested by the Questioners and are still in dispute.  Numbered items 1, 2, 3, 4, and 5 have been joined together and are referred to as the "Upstream/Downstream" documents.  The other items, numbers 6 & 7, will be addressed separately in our submission to the Court on August 16, 2011, as well as the relationship between item 6 as it relates not only to items 1 through 5 below, but also as it relates to those items not in dispute, referenced as A through H above.

1) **Documents relating to BNBM upstream entities, including:**
   a. **the relationship and communications between them;**
   b. **the legal corporate structure; and**
   c. **interaction between the various members of the affiliated or related entities.**
2) **Documents showing the relationship between TG/TTP and BNBM and its respective owners/shareholders, including:**
   a. **communications and documents relating to the formation of TTP.**
3) **A corporate entity organizational chart relating to BNBM and its upstream and downstream entities, including:**
   a. **the relationship and communications between them;**
   b. **the legal corporate structure;**
   c. **interaction between the various members of the affiliated or related entities; and**
   d. **see also, allegations in the Amorin Complaint, filed June 13, 2011 in the MDL, CA11-1395.**
4) **All annual reports, government filings, or foreign government filings created by BNBM during the relevant time period.**
5) **Board minutes of BNBM and/or TG where either entity is, or both are, discussed including**

**matters regarding operations and finance.**

**6)   Any written or electronic communication, including but not limited to MSN, Instant Messenger, text messages, regarding the sale or shipment or possible sale or shipment of any product to United States including territories Guam, U.S. Virgin Islands, Puerto Rico, etc., customers.**

**7)   Value Added Tax related documents and communications involving the export of product including representations made to the government of China and others regarding export of products.**

We hope that this clears up any issues so that we are both presenting positions to the Court and that the Court will be clear as to the items that are in dispute.  Please let me know if you have any questions regarding this.  We believe that the Meet and Confer process has been successful in identifying specifically those areas that are at issue at the present time and which need to be addressed by the Court presently as to the production of documents requested by the Questioners.

**From:** Statman, Eric [mailto:eric.statman@hoganlovells.com]
**Sent:** Wednesday, August 10, 2011 4:59 PM
**To:** Lenny Davis
**Cc:** Spano, Frank T.; Russ Herman; Arnold Levin; Fred Longer; Lillian Flemming; Spano, Frank T.; Galvin, Matthew; Garcia, Renee; Cyr, Joe
**Subject:** RE: Chinese Drywall MDL 2047 re draft status letter to Judge Fallon


Lenny
To jump to the conclusion, we cannot accept your invitation to re-write the letter to the Court regarding the results of the meet and confer process.   At this point, it would appear that the only items we  agree upon are Requests 1,2,3,5, and 10, as to which we have "agreed to disagree."  Given your possible reservation with respect to "the scope of electronic stored information that has been made in response to each [of the other areas] of inquiry," it would appear that we do not have any agreement with regard to the remaining requests.   Because of your "reservation," neither we nor the Court can  know the parameters of the submission you will make to the Court on August 17.

I would respectfully suggest that you reconsider your  "reservation"  before we submit a status report to the Court.   You state that your reservation of rights is in response to our August 3 email providing the names of 7 individuals whose computers were searched for potentially responsive emails, and that you have reviewed our explanation of the process by which we sought to locate documents, which is outlined in our August 5 email.  Your objection to the August 5 email is centered on  your concern that additional documents may be produced in the future.   If, based on our August 3 and August 5 emails,

you are prepared to accept our representation that we have produced all responsive documents that could be located.with respect to Requests  4, 6-9, and 11-15,  with the caveat that we are aware of our continuing duty to produce responsive documents should they come to our attention, please let us know.  If you have continuing concerns about the scope of our search for electronically stored information, and have questions that you do not think were addressed in our August 5 email,  we are available to discuss this matter with you at your convenience.

Further,  our notes from the meet and confer differ in some important respects from yours, and advising the Court of the resolution along the lines you suggest might result in  factual error. Thus, please see my comments to your description of the resolution with regard to the Requests, below.   If you believe you can accommodate our descriptions of the process of resolving our disputes into a letter to the Court, or if you can merely describe the result, as we tried to do, and you have made clear whether you will preserve or withdraw your "reservation," then please go ahead and prepare a draft for us to review. If not, then we can advise the Court that we have not been able to resolve any of our disagreements, and save the reasons  "why" for our submissions.

**Doc. Requests 1, 2, 3, 5.**  We agreed to disagree.  This matter will be presented to the Court.

**Doc. Request 4.**  You advised that Defendants have provided all documents that they have.  Based upon this representation, we agreed not to pursue this matter with the Court.

**Doc. Request 6.**  You advised that Defendants have provided all documents that they have.  Based upon this representation, we agreed not to pursue this matter with the Court.

**Doc. Request 7.**  You agreed to communicate further with the client to determine if there are any additional "non-formal" agreements and if they exist, you agreed to advise us.  We have not received a further response from you in this regard, and do not know if any additional information is to be forthcoming.  Please let us know so we can determine if this matter needs to be addressed with the Court.
 At the meet and confer, we advised that there were no such cost sharing agreements.

**Doc. Request 8.**  We requested that this information be produced.  We explained the basis for the request and we understood that you were going to let us know if additional information existed.  In your email of August 3, 2011, you advised that documents cannot be located and therefore, based on this representation, we agree not to pursue this matter with the Court.
At the meet and confer we did not agree to produce any such documents and, in addition, have determined that no additional responsive documents exist.

**Doc. Request 9.**  You agreed to communicate further with the client to determine if there are any additional documents regarding the decision to shut down TTP's drywall production.  In your email of August 5, 2011, you advised that there are no documents other than those already produced and therefore, based upon this representation, we agree not to pursue this matter with the Court.
 At the meet and confer we did not agree to produce any such documents and, in addition,  have determined that no responsive documents exist.   We explained how the search for responsive documents was conducted.

**Doc. Request 10.**  See response above to Doc. Requests 1, 2, 3, 5.  We agreed to disagree.  This matter will be presented to the Court.

**Doc. Request 11.**  At the meet and confer, you provided some additional production that we have reviewed.  We need to know whether a complete production has been made at this time in response to this inquiry.  Further, at the meet and confer, we requested documents and communications with any shippers and trading companies and we do not know if these documents will be forthcoming.  Please let us know so we can determine if this matter needs to be addressed with the Court.
As we stated at the meet and confer, a complete production has been made.

**Doc. Request 12.**  In the meet and confer you agreed to provide us a list of all individuals whose computer and/or electronic stored information was searched. This information had not previously been provided to us.  Specifically, we addressed electronic stored information that was searched with respect to not only this specific request, but also any others set forth in my letter of July 12, 2011.  On August 3, 2011, you provided an email setting forth the names of seven (7) individuals whose computers were searched for potentially responsive emails.  I responded to that email on August 3, 2011.  Specifically, I advised that we do not believe that the search that was undertaken was a comprehensive search of electronically stored information with respect to all responses for all of the discovery requests.  Therefore, with respect to each of the items in this email where I state that we would not pursue the matter (this comment was made in the meet and confer which was prior to receipt of your August 3, 2011 explanation of searches) or that we need further information from you in order to determine if the matter needs to be addressed with the Court, has been made based upon our understanding of the method and manner in which Defendants made a production and which you have now made clear in your email of August 3, 2011.  As a result, we reserve our right to address with the Court the scope of electronic stored information that has been made in response to each area of inquiry.  Further, in your August 5, 2011 email, for the first time, we have learned that you intend on producing additional documents.  We need to know when a complete production to each of the 15 items as set forth in my letter of July 12, 2011 will be completed, so that we know the complete universe of all documents responsive to the 15 requests.
[]We note your reservation as to all items where you state that the PSC would not pursue the matter, although we disagree with it, particularly in light of our August 5 response to your August 3 email. As set forth therein, we believe our searches were appropriate in all respects.

With regard to the production of documents on August 5, we have consistently stated that our duty to produce documents is a continuing one;  when and if we locate documents responsive to appropriate requests that for some reason  were not previously located, we will produce them.   In our view,  the fact that you have augmented your original document requests after the depositions were taken is a large part of the reason that additional documents have been located and produced.  For example, in addition to requesting completely new categories of documents,  some of your original document requests sought documents "sufficient to show"  a fact, but your recent requests ask for "all" documents relating to that fact.   This has caused us to search for additional responsive documents.   At the current time, we are not aware of any additional documents that need to be produced, however.

**Doc. Request 13.**   We requested that this information be produced and specifically, we discussed documents that may exist regarding the reasons for the VAT and those that were made with the government of China relating to VAT.  We explained the basis for the request.  We have not received a response from you with respect to this issue and we would appreciate your letting us know if additional documents will be produced so we can determine if this matter needs to be addressed with the Court.
At the meet and confer, we agreed to disagree.   It is our position that no additional documents will be produced.

**Doc. Request 14.**  You advised that Defendants have provided all documents that they have.  Further, in your email of August 5, 2011, you advised that no relevant emails were found in the search of two (2) individuals' material.  We do not know how you can determine what we may believe to be as "relevant" and whether the search was "sufficient".  Further, we do not understand what you mean by "…other directors and managers of TG are not likely to have had emails relative to this request." Please let us know if a complete production has been made and if there are any further documents responsive to this request in the possession of the Defendants so that we can determine if this matter needs to be addressed with the Court.

We believe that a complete production has been made; we have explained how we attempted to locate documents.

**Doc. Request 15.**  You advised that Defendants have provided all documents that they have.  Based upon this representation, we agreed not to pursue this matter with the Court.

As we stated in our July 27th letter, our position is that documents related to post-sale investigation is not relevant to the

**Eric Statman**
Counsel

**Hogan Lovells US LLP**
875 Third Avenue
New York, NY 10022

| | |
|---|---|
| Tel: | +1 212 918 3000 |
| Direct: | +1 212 909 0609 |
| Fax: | +1 212 918 3100 |
| Email: | eric.statman@hoganlovells.com |
| | www.hoganlovells.com |

*Please consider the environment before printing this e-mail.*

---

**From:** Lillian Flemming [mailto:LFLEMMING@hhkc.com]
**Sent:** Tuesday, August 09, 2011 5:03 PM
**To:** Statman, Eric
**Cc:** Spano, Frank T.; Russ Herman; Arnold Levin; Fred Longer; Lenny Davis
**Subject:** Chinese Drywall MDL 2047 re draft status letter to Judge Fallon

From:  Leonard A. Davis

Eric, I received your proposed letter of August 5, 2011.  I do not believe that it accurately reflects the meet and confer that we had on July 29, 2011 in your office and is misleading based upon the emails that we received following the meet and confer.  Specifically, with respect to each item, I offer the following (numbers track my letter of July 12, 2011):

**Doc. Requests 1, 2, 3, 5.**  We agreed to disagree.  This matter will be presented to the Court.

**Doc. Request 4.**  You advised that Defendants have provided all documents that they have.  Based upon this representation, we agreed not to pursue this matter with the Court.

**Doc. Request 6.**  You advised that Defendants have provided all documents that they have.  Based upon this representation, we agreed not to pursue this matter with the Court.

**Doc. Request 7.**  You agreed to communicate further with the client to determine if there are any additional "non-formal" agreements and if they exist, you agreed to advise us.  We have not received a further response from you in this regard, and do not know if any additional information is to be forthcoming.  Please let us know so we can determine if this matter needs to be addressed with the Court.

**Doc. Request 8.**  We requested that this information be produced.  We explained the basis for the

request and we understood that you were going to let us know if additional information existed. In your email of August 3, 2011, you advised that documents cannot be located and therefore, based on this representation, we agree not to pursue this matter with the Court.

**Doc. Request 9.** You agreed to communicate further with the client to determine if there are any additional documents regarding the decision to shut down TTP's drywall production. In your email of August 5, 2011, you advised that there are no documents other than those already produced and therefore, based upon this representation, we agree not to pursue this matter with the Court.

**Doc. Request 10.** See response above to Doc. Requests 1, 2, 3, 5. We agreed to disagree. This matter will be presented to the Court.

**Doc. Request 11.** At the meet and confer, you provided some additional production that we have reviewed. We need to know whether a complete production has been made at this time in response to this inquiry. Further, at the meet and confer, we requested documents and communications with any shippers and trading companies and we do not know if these documents will be forthcoming. Please let us know so we can determine if this matter needs to be addressed with the Court.

**Doc. Request 12.** In the meet and confer you agreed to provide us a list of all individuals whose computer and/or electronic stored information was searched. This information had not previously been provided to us. Specifically, we addressed electronic stored information that was searched with respect to not only this specific request, but also any others set forth in my letter of July 12, 2011. On August 3, 2011, you provided an email setting forth the names of seven (7) individuals whose computers were searched for potentially responsive emails. I responded to that email on August 3, 2011. Specifically, I advised that we do not believe that the search that was undertaken was a comprehensive search of electronically stored information with respect to all responses for all of the discovery requests. Therefore, with respect to each of the items in this email where I state that we would not pursue the matter (this comment was made in the meet and confer which was prior to receipt of your August 3, 2011 explanation of searches) or that we need further information from you in order to determine if the matter needs to be addressed with the Court, has been made based upon our understanding of the method and manner in which Defendants made a production and which you have now made clear in your email of August 3, 2011. As a result, we reserve our right to address with the Court the scope of electronic stored information that has been made in response to each area of inquiry. Further, in your August 5, 2011 email, for the first time, we have learned that you intend on producing additional documents. We need to know when a complete production to each of the 15 items as set forth in my letter of July 12, 2011 will be completed, so that we know the complete universe of all documents responsive to the 15 requests.

**Doc. Request 13.** We requested that this information be produced and specifically, we discussed documents that may exist regarding the reasons for the VAT and those that were made with the government of China relating to VAT. We explained the basis for the request. We have not received a response from you with respect to this issue and we would appreciate your letting us know if additional documents will be produced so we can determine if this matter needs to be addressed with the Court.

**Doc. Request 14.** You advised that Defendants have provided all documents that they have. Further, in your email of August 5, 2011, you advised that no relevant emails were found in the search of two (2) individuals' material. We do not know how you can determine what we may believe to be as "relevant" and whether the search was "sufficient". Further, we do not understand what you mean by "…other directors and managers of TG are not likely to have had emails relative to this request." Please let us know if a complete production has been made and if there are any further documents responsive to this request in the possession of the Defendants so that we can determine if this matter needs to be

addressed with the Court.

**Doc. Request 15.**  You advised that Defendants have provided all documents that they have.  Based upon this representation, we agreed not to pursue this matter with the Court.

This email should clarify any misunderstanding that may exist with respect to the July 29, 2011 meet and confer, your email of August 3, 2011, as well as your proposed letter to the Court that was attached to your email of August 5, 2011.  Again, please remember that the comments made in Doc. Request 12 need to be considered with respect to the overall production as to the 15 requests.  If you can clarify this issue, possibly we can better understand the matter, but your email of August 5, 2011 only adds added concern on our part with respect to the production response.  In light of this, I believe that the draft letter to the Court needs to be modified accordingly.  Should you desire to take another attempt at drafting a letter, please let us know.  Alternatively, I am happy to attempt to draft a letter so we can get it to the Court.


Lillian M. Flemming
Legal Assistant to Leonard A. Davis
***Herman, Herman, Katz & Cotlar, LLP***
***Herman, Gerel, LLP***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
<http://www.hhkc.com/>

This e-mail message contains confidential, privileged information intended solely for the addressee.  Please do not read, copy, or disseminate it unless you are the addressee.  If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender.  Also, we would appreciate your forwarding the message back to us and deleting it from your system.  Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

Hogan Lovells refers to the international legal practice comprising Hogan Lovells International LLP, Hogan Lovells US LLP, Hogan Lovells Worldwide Group (a Swiss Verein), and their affiliated businesses. Hogan Lovells International LLP is a limited liability partnership registered in England and Wales with registered number OC323639. Registered office and principal place of business: Atlantic House, Holborn Viaduct, London EC1A 2FG. Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.
The word "partner" is used to refer to a member of Hogan Lovells International LLP or a partner of Hogan Lovells US LLP, or an employee or consultant with equivalent standing and qualifications, and to a partner, member, employee or consultant in any of their affiliated businesses who has equivalent standing. A list of the members of Hogan Lovells International LLP and of the non-members who are designated as partners, and of their respective

professional qualifications, is open to inspection at the above address. Further important information about Hogan Lovells can be found on www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.



CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.