UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | MDL No.: 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**

Hobbie v. RCR Holdings II, LLC, et al.
No. 10-1113

## RCR HOLDINGS II, LLC'S RESPONSE TO ARCH INSURANCE COMPANY'S MOTION TO MODIFY SCHEDULING ORDER DATED JULY 15, 2011

Third Party Plaintiff, RCR HOLDINGS II, LLC ("RCR"), by and through its undersigned counsel, hereby responds to Third Party Defendant ARCH INSURANCE COMPANY's ("ARCH") Motion to Modify Scheduling Order Dated July 15, 2011 [Doc. 10063], as follows:

ARCH's Motion to Modify Scheduling Order [Doc. 10063] provides the Court with select - - but not nearly all - - facts regarding the litigation between RCR and ARCH, over ARCH's obligations to RCR. ARCH's obligations arise from ARCH's underwriting a $46,988,000.00 Performance Bond on behalf of Coastal Construction, guaranteeing Coastal's performance of the construction contract that is the subject matter of the *Hobbie* case.

Specifically, ARCH avoids discussing that it moved to stay litigation entitled *RCR Holdings II, LLC v. Arch Insurance Company, Case No.: 502010CA015377XXXXMB*, pending in the Circuit Court of the 15th Judicial Circuit In And For Palm Beach County, Florida, in favor of the instant litigation in MDL 2047. A copy of ARCH's Motion to Stay (sans exhibits thereto) is attached hereto as RCR's Exhibit "A." Of note, and also omitted from ARCH's Motion, prior to

the state court staying *RCR Holdings II, LLC v. Arch Insurance Company* at ARCH's request, ARCH filed its Answer and Affirmative Defenses to RCR's performance bond claim.  A copy of ARCH's Answer and Affirmative Defenses is attached hereto as RCR's Exhibit "B."  ARCH asserted therein thirty-one (31) affirmative defenses, many of which are purely legal issues suitable for resolution pursuant to a motion for summary judgment.

Further, ARCH conveniently overlooks that it was invited to participate in, but refused to attend, the two global mediations already conducted in this matter.  All relevant parties except ARCH were present at both mediations, and it is clear that any future dispute resolution attempt can only be successful if *all* parties participate.  Another factual omission from the Motion is that ARCH's counsel received copies of all of the pleadings related to the entry of the scheduling order, specifically including the Motion for Entry of Scheduling Order, directly from the undersigned, concurrent with an invitation to ARCH to participate in the instant litigation (instead of its continual avoidance thereof); however, ARCH's counsel failed to respond or participate.  Copies of correspondence and email sent to ARCH's counsel, enclosing *inter alia* the Third Party Complaint, this Court's Order regarding the Third Party Complaint, and the Motion for Entry of Scheduling Order, are attached hereto as RCR's Exhibit "C."

In summary, ARCH has been perpetually dilatory in the instant litigation and the stayed litigation in state court.  ARCH sought a stay of the state court litigation in favor of the instant litigation, and now seeks a stay here.  As will be responded to in greater detail in RCR's Response to ARCH's Motion to Dismiss, this Court should not reward ARCH for burying its head in the sand.  RCR respectfully requests this Court to apply its Scheduling Order equally to ARCH as to all parties in the instant litigation.

## CONCLUSION

RCR HOLDINGS II, LLC respectfully requests this Court to deny ARCH INSURANCE COMPANY's Motion to Modify Scheduling Order, and for any further relief this Court deems appropriate.

        Respectfully submitted,

        s/GREGORY S. WEISS
        GREGORY S. WEISS (Florida Bar No.: 163430)
        *Attorneys for RCR Holdings II, LLC*
        LEOPOLD~KUVIN, P.A.
        2925 PGA Boulevard, Suite 200
        Palm Beach Gardens, FL 33410
        Telephone:  (561) 515-1400
        Facsimile:   (561) 515-1401
        Email:  gweiss@leopoldkuvin.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing **RCR Holdings II, LLC's Response to Arch Insurance Company's Motion to Modify Scheduling Order Dated July 15, 2011** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System in accordance with the procedures established in MDL 2047, on this 22nd day of August, 2011.

                                                s/GREGORY S. WEISS
                                                GREGORY S. WEISS
                                                Florida Bar No.: 163430