IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

RCR HOLDINGS II, LLC,

CASE NO. 50-2010-CA015377-XXXX-MB
DIVISION: AI

 Plaintiff,
v.

ARCH INSURANCE COMPANY,
a foreign corporation,

 Defendant.
_____/



## ARCH INSURANCE COMPANY'S
## ANSWER AND AFFIRMATIVE DEFENSES

  Defendant/Third-Party Plaintiff, ARCH INSURANCE COMPANY ("ARCH"), by and through its undersigned counsel and pursuant to applicable *Florida Rules of Civil Procedure*, hereby files its *Answer and Affirmative Defenses* in response to the *Complaint and Demand for Jury Trial* filed by Plaintiff, RCR HOLDINGS II, LLC ("RCR"), and states as follows:

### ANSWER

  1. ARCH is without sufficient information or knowledge to admit or deny the allegations of paragraph 1 of the *Complaint*.

  2. ARCH admits the allegations of paragraph 2 of the *Complaint*.

  3. ARCH admits the allegations of paragraph 3 of the *Complaint*.

  4. ARCH admits the allegations of paragraph 4 of the *Complaint* to the extent that it, as surety, with COASTAL CONSTRUCTION OF SOUTH FLORIDA, INC. ("COASTAL"), as principal, issued *Performance Bond No. SU1013827* (the "*Performance Bond*"), the terms and conditions of which speak for themselves; ARCH denies the remaining allegations of paragraph 4


EXHIBIT B

CASE NO. 50-2010-CA015377-XXXX-MB

of the *Complaint*, and specifically states that the *Bond* was issued in favor "RCR 1 Holdings, LLC", and not the Plaintiff named herein. Furthermore, ARCH states that Exhibit "A" attached to the *Complaint* comprises two separate and independent documents: a *Performance Bond* and a *Payment Bond*, claims against the later of which have not been alleged in the instant action and which is subject to a separately filed *Motion to Strike*.

5. ARCH denies the allegations of paragraph 5 of the *Complaint*, and more specifically states that Exhibit "B" attached to the *Complaint* does not constitute a proper "declaration of default" to COASTAL under the *Standard Form of Agreement Between Owner and Contractor* dated June 24, 2005 (the "*Contract*").

6. ARCH denies the allegations of paragraph 6 of the *Complaint*.

7. ARCH denies the allegations of paragraph 7 of the *Complaint*.

8. ARCH denies the allegations of paragraph 8 of the *Complaint*, as more fully set forth in ARCH's *Third Affirmative Defense, supra*.

9. ARCH hereby denies each and every allegation of the *Complaint* not specifically admitted herein, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Failure to State a Claim

As its first, separate and distinct affirmative defense, ARCH states that the instant *Complaint* fails to state a claim upon which relief can be granted.

CASE NO. 50-2010-CA015377-XXXX-MB

### Second Affirmative Defense - Lack of Standing

As its second, separate and distinct affirmative defense, ARCH states that RCR lacks standing to assert a claim under the *Performance Bond*, as such a claim is reserved only to the named obligee thereunder, "RCR 1 Holdings, LLC".

### Third Affirmative Defense - Failure to Comply with Conditions Precedent

As its third, separate and distinct affirmative defense, ARCH states that RCR is precluded from pursuing the instant action by its failure to comply with various conditions precedent to the filing of the instant action, including but not limited to:

(a) the absence of any legally cognizable "default" on the part of COASTAL under the bonded *Contract*;

(b) RCR's failure to comply with the contractual conditions to declaring a "default" to COASTAL under the bonded *Contract*;

(c) the absence of any legally cognizable "declaration of default" by RCR to ARCH under the *Performance Bond*;

(d) RCR's material breach of the *Performance Bond* issued by ARCH;

(e) RCR's interference with ARCH's contractual right of completion under the *Performance Bond*; and/or

(f) RCR's failure to "perform [its] obligations [under the bonded Contract]" and to "make payments to [COASTAL] or [ARCH], should it arrange for or undertake the completion of the Contract upon default of [COASTAL]..."

-3-

CASE NO. 50-2010-CA015377-XXXX-MB

### Fourth Affirmative Defense - Breach of the Underlying Contractual Relationship

As its fourth, separate and distinct affirmative defense, ARCH states that RCR's claims are barred by RCR's prior breach of the contract between RCR and COASTAL, including but not limited to: (a) RCR's failure to fairly apprise COASTAL of the specifics of any legally cognizable "default" under the bonded *Contract* such that COASTAL could reasonably cure or remedy same; (b) RCR's failure to comply with the contractual conditions to declaring a "default" to COASTAL under the bonded *Contract*; and (c) RCR's wrongful declaration of default of COASTAL under the bonded *Contract* without any legally cognizable basis.

### Fifth Affirmative Defense - Breach of the *Performance Bond*

As its fifth, separate and distinct affirmative defense, ARCH states that RCR's claims are barred, estopped and/or waived by RCR's material breach of the *Performance Bond*, including but not limited to: (a) RCR's threats to perform and/or actual performance of COASTAL's work under the bonded *Contract*, thereby depriving ARCH of its bargained-for right to mitigate damage and exercise its options under the *Performance Bond*; (b) RCR's failure to fairly apprise ARCH of the specifics of any legally cognizable "default" on the part of COASTAL under the bonded *Contract* such that ARCH could reasonably cure or remedy same; and (c) RCR's failure to provide ARCH with timely notice of the alleged "default" of COASTAL under the bonded *Contract* upon first learning of same.

### Sixth Affirmative Defense - Expiration of Warranty Period

As its sixth, separate and distinct affirmative defense, ARCH states that RCR is barred and/or estopped from pursuing the instant action by the specific terms of the *Performance Bond*, limiting ARCH's warranty obligations to one (1) year after issuance of the *Certificate of Occupancy*.

CASE NO. 50-2010-CA015377-XXXX-MB

### Seventh Affirmative Defense - Dual Obligee Rider

As its seventh, separate and distinct affirmative defense, ARCH states RCR's claims are barred – in whole or in part – by RCR's failure to make payment to COASTAL under the bonded *Contract* and/or to tender all available contract funds to Arch (to the extent that RCR called-upon ARCH to act as a completing surety), *and* to perform all of the other obligations required of RCR under the bonded *Contract* at the time and in the manner required therein.

### Eighth Affirmative Defense - Impairment of Suretyship Status

As its eighth, separate and distinct affirmative defense, ARCH states that by accepting and paying COASTAL for materials under the bonded *Contract* which RCR now seeks to reject, RCR has "overpaid" or "improperly paid" COASTAL under the *Contract* in direct contravention of ARCH's surety rights under the *Performance Bond* by reducing the balances available to ARCH under the bonded *Contract* to satisfy the outstanding claim(s), and unjustifiably and improperly impairing ARCH's available suretyship collateral.

### Nineth Affirmative Defense – Payment of Work

As its nineth, separate and distinct affirmative defense, ARCH states that COASTAL's performance under the bonded *Contract* was inspected, approved, accepted and paid by RCR and, thus, RCR is barred and/or estopped from asserting any defects and/or deficiencies with the approved work.

### Tenth Affirmative Defense – Failure to Inspect

As its tenth, separate and distinct affirmative defense, ARCH states that RCR failed to properly inspect the work as performed and materials being utilized by COASTAL, and that such failure to inspect acts as an event barring RCR's claims against ARCH.

-5-

CASE NO. 50-2010-CA015377-XXXX-MB

### Eleventh Affirmative Defense – Improper Contract Administration

As its eleventh, separate and distinct affirmative defense, ARCH states that RCR is barred and/or estopped from pursuing the instant claims against ARCH due to its own improper administration of the underlying bonded *Contract* between RCR and COASTAL, specifically including, but not limited to RCR's acceptance of work which RCR now contends to be inferior and for which RCR now seeks to reject materials previously provided by COASTAL and paid for by RCR.

### Twelfth Affirmative Defense - Acceptance of Delivered Goods

As its twelfth, separate and distinct affirmative defense, ARCH states that RCR's claims are barred or waived – in whole or in part – by its prior acceptance of the materials and services delivered by COASTAL over which RCR now asserts claims of contractual non-compliance. *Slavin v. Kay*, 108 So. 2d 462 (Fla. 1958).

### Thirteenth Affirmative Defense – Acceptance as Sufficient for Intended Purposes

As its thirteenth, separate and distinct affirmative defense, ARCH states that RCR is barred and/or estopped from pursuing the instant claims against ARCH due to its acceptance of work by COASTAL as sufficient for its intended purposes.

### Fourteenth Affirmative Defense – Acceptance as Satisfactory

As its fourteenth, separate and distinct affirmative defense, ARCH states that RCR is barred and/or estopped from pursuing the instant claims against ARCH due to its awareness of any and all defects in the work performed by COASTAL, and corresponding consent to accept the work as satisfactory.

CASE NO. 50-2010-CA015377-XXXX-MB

### Fifteenth Affirmative Defense - Reliance Upon Inspectors

As its fifteenth, separate and distinct affirmative defense, ARCH states that RCR's claims are barred or waived – in whole or in part – by ARCH's reliance upon the approvals and acceptances provided by any independent consultants employed by RCR for the purposes of inspecting work activity of COASTAL.

### Sixteenth Affirmative Defense - Failure to Timely Reject Goods

As its sixteenth, separate and distinct affirmative defense, ARCH would state that RCR is barred and/or estopped from pursuing any claims against COASTAL and/or ARCH as a result of RCR's acceptance and/or failure to timely and reasonably reject the materials delivered to RCR by COASTAL under the bonded *Subcontract* pursuant to the Florida Uniform Commercial Code (Chapter 627, *Florida Statutes*).

### Seventeenth Affirmative Defense - Failure to Provide Opportunity to Remedy

As its seventeenth, separate and distinct affirmative defense, ARCH states that RCR's claims are barred or waived – in whole or in part – by RCR's failure to provide COASTAL and/or ARCH with any opportunity to correct any alleged defects before RCR made repairs, modifications or otherwise completed the work.

### Eighteenth Affirmative Defense – *Spearin* Doctrine

As its eighteenth, separate and distinct affirmative defense, ARCH states that RCR is barred and/or estopped from recovery by the *Spearin* doctrine as set forth in *U.S. v. Spearin*, 248 U.S. 132 (1918), to the extent that the project's plans and specifications were deficient or in any way not sufficient.

CASE NO. 50-2010-CA015377-XXXX-MB

### Nineteenth Affirmative Defense -Failure to Mitigate Damages

As its nineteenth, separate and distinct affirmative defense, ARCH states that RCR's claims are barred – in whole or in part – by its own failure to mitigate the alleged damages, specifically including, but not limited to, RCR's own negligence and/or want of due care in performance.

### Twentieth Affirmative Defense - Damages Exceed Scope of *Performance Bond*

As its twentieth, separate and distinct affirmative defense, ARCH states that the specific damages sought by RCR in the *Complaint* (*i.e.*, financial liability for alleged "property damage and resulting loss caused in whole or in part by the work of COASTAL") exceed those for which recovery may be had under the *Performance Bond*; rather, ARCH's obligations under the *Performance Bond*, if any, are only as specifically set forth therein and are limited to either completing or arranging for the completion of the bonded *Contract* in accordance with its terms and conditions.

### Twenty-First Affirmative Defense - Set Off

As its twenty-first, separate and distinct affirmative defense, ARCH states that it is entitled to assert the legal and equitable rights of offset, recoupment and other credits justly due from RCR for the general, special and consequential damages incurred by COASTAL as a result of RCR's material breach of the bonded *Contract*.

### Twenty-Second Affirmative Defense - Patent Nature of Alleged Defects

As its twenty-second, separate and distinct affirmative defense, ARCH states that RCR's claims are barred by the "patent" nature of the alleged defects raised by the *Complaint*; to wit: RCR could and/or should have reasonably recognized the alleged defects upon a reasonable inspection of

CASE NO. 50-2010-CA015377-XXXX-MB

the work performed by COASTAL and, therefore, cannot allege the defective nature of same subequent to RCR's acceptance of COASTAL's work

### Twenty-Third Affirmative Defense - Collateral Source Benefits

As its twenty-third, separate and distinct affirmative defense, ARCH asserts the provisions of Section 768.76, *Florida Statutes*, to the extent of any collateral source benefits which have been and/or may be realized by RCR.

### Twenty-Fourth Affirmative Defense – Economic Waste Doctrine

As its twenty-fourth, separate and distinct affirmative defense, ARCH states that RCR is barred from recovery to the extent that RCR's claims against COASTAL and/or ARCH are barred or diminished by the Economic Waste Doctrine as set forth in *Grossman Holdings, Ltd. v. Hourihan*, 414 So. 2d 1037 (Fla. 1982).

### Twenty-Fifth Affirmative Defense – Spoliation

As its twenty-fifth, separate and distinct affirmative defense, ARCH states that RCR is barred from recovery to the extent that RCR or any third-person or entity in the direction and/or control of RCR has spoiled, altered or adulterated evidence otherwise available to ARCH without maintaining said evidence throughout the course of the project or thereafter.

### Twenty-Sixth Affirmative Defense - Penal Sum Limitation

As its twenty-sixth, separate and distinct affirmative defense, ARCH states that RCR's recovery, if any, for all loss, damage, interest, costs and attorneys' fees, is limited to the penal sum of the *Performance Bond*.

CASE NO. 50-2010-CA015377-XXXX-MB

### Twenty-Seventh Affirmative Defense - Principal's Claims and Defenses

As its twenty-seventh, separate and distinct affirmative defense, ARCH states that it, as surety, is entitled and does assert as its own, any claims and/or defenses to the claims asserted by RCR which have, will and/or could be raised by COASTAL.

### Twenty-Eighth Affirmative Defense - Laches

As its twenty-eighth, separate and distinct affirmative defense, ARCH states that RCR's claims are barred, estopped and/or waived by the doctrine of "laches", *to wit*: RCR failed to provide ARCH with timely notice of the alleged "default" of COASTAL under the bonded *Contract* upon first learning of same.

### Twenty-Ninth Affirmative Defense - Unclean Hands

As its twenty-ninth, separate and distinct affirmative defense, ARCH states that RCR is barred from pursuing the instant action by its own "unclean hands", including but not limited to: (a) RCR's wrongful declaration of default of COASTAL under the bonded *Contract* without any legally cognizable basis; (b) RCR's failure to comply with the contractual conditions to declaring a "default" to COASTAL under the bonded *Contract*; (c) RCR's material breach of the *Performance Bond* issued by ARCH; and (d) RCR's failure to provide ARCH with timely notice of the alleged "default" of COASTAL under the bonded *Contract* upon first learning of same in approximately September 2009.

### Thirtieth Affirmative Defense - Negligence

As its thirtieth, separate and distinct affirmative defense, ARCH states that any damages incurred by RCR arose, in whole or in part, as a result of RCR's own negligence and/or want of due

-10-

CASE NO. 50-2010-CA015377-XXXX-MB

care, and any responsibility on the part of COASTAL and/or ARCH should be reduced by RCR's negligence and/or want of due care.

### Thirty-First Affirmative Defense - Causation and/or Intervening /Superceding Cause

As its thirty-first, separate and distinct affirmative defense, ARCH states that the damages being sought by RCR in the instant action are a direct and proximate result of the intervening and/or superceding actions of others contracted and/or controlled by RCR.

### DEMAND FOR ATTORNEYS' FEES

ARCH has retained the services of Etcheverry Harrison LLP to defend its interests in the instant action, and is obligated to pay a fee for such services. Pursuant to the underlying contractual agreements between the parties and Section 57.105, *Florida Statutes*, ARCH is entitled to recover from RCR the attorneys' fees and costs incurred in such defense.

### CONCLUSION

WHEREFORE, Defendant ARCH respectfully requests that this Honorable Court enter a *Final Judgment* in its favor and against Plaintiff RCR, awarding ARCH its attorneys' fees and costs incurred in defense of the instant action, and awarding such other and further relief as this Court deems necessary, just and proper.

CASE NO. 50-2010-CA015377-XXXX-MB

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via [x] facsimile and/or [x] regular United States Mail to: **Richard R. Chaves, Esquire**, Casey Ciklin Lubitz Martens & O'Connell, 515 N. Flagler Drive, Suite 1900, West Palm Beach, FL 33401, this 6th day of August, 2010.

**ETCHEVERRY HARRISON LLP**
Attorneys for ARCH
150 South Pine Island Road, Suite 105
Ft. Lauderdale, FL 33324
Phone: (954) 370-1681
Fax: (954) 370-1682

By: _____
Edward Etcheverry, Fla. Bar No.: 856517
Jeffrey S. Geller, Fla. Bar No.: 63721

L:\Clients\167 - Arch Insurance\1008 - Coastal Construction\Pleadings\Answer and Affirmative Defenses (without incorporated Third-Party Complaint).wpd