# EXHIBIT D

| | |
|---|---|
| **From:** | Lillian Flemming |
| **To:** | "Statman, Eric" |
| **Cc:** | "Frank Spano"; Russ Herman; "Arnold Levin"; "Fred Longer"; Lenny Davis |
| **Subject:** | Chinese Drywall MDL 2047 re draft status letter to Judge Fallon |
| **Date:** | Tuesday, August 09, 2011 4:02:45 PM |

From:  Leonard A. Davis

Eric, I received your proposed letter of August 5, 2011.  I do not believe that it accurately reflects the meet and confer that we had on July 29, 2011 in your office and is misleading based upon the emails that we received following the meet and confer.  Specifically, with respect to each item, I offer the following (numbers track my letter of July 12, 2011):

**Doc. Requests 1, 2, 3, 5.**  We agreed to disagree.  This matter will be presented to the Court.

**Doc. Request 4.**  You advised that Defendants have provided all documents that they have.  Based upon this representation, we agreed not to pursue this matter with the Court.

**Doc. Request 6.**  You advised that Defendants have provided all documents that they have.  Based upon this representation, we agreed not to pursue this matter with the Court.

**Doc. Request 7.**  You agreed to communicate further with the client to determine if there are any additional "non-formal" agreements and if they exist, you agreed to advise us.  We have not received a further response from you in this regard, and do not know if any additional information is to be forthcoming.  Please let us know so we can determine if this matter needs to be addressed with the Court.

**Doc. Request 8.**  We requested that this information be produced.  We explained the basis for the request and we understood that you were going to let us know if additional information existed.  In your email of August 3, 2011, you advised that documents cannot be located and therefore, based on this representation, we agree not to pursue this matter with the Court.

**Doc. Request 9.**  You agreed to communicate further with the client to determine if there are any additional documents regarding the decision to shut down TTP's drywall production.  In your email of August 5, 2011, you advised that there are no documents other than those already produced and therefore, based upon this representation, we agree not to pursue this matter with the Court.

**Doc. Request 10.**  See response above to Doc. Requests 1, 2, 3, 5.  We agreed to disagree.  This matter will be presented to the Court.

**Doc. Request 11.**  At the meet and confer, you provided some additional production that we have reviewed.  We need to know whether a complete production has been made at this time in response to this inquiry.  Further, at the meet and confer, we requested documents and communications with any shippers and trading companies and we do not know if these documents will be forthcoming.  Please let us know so we can determine if this matter needs to be addressed with the Court.

EXHIBIT D

**Doc. Request 12.**  In the meet and confer you agreed to provide us a list of all individuals whose computer and/or electronic stored information was searched. This information had not previously been provided to us.  Specifically, we addressed electronic stored information that was searched with respect to not only this specific request, but also any others set forth in my letter of July 12, 2011.  On August 3, 2011, you provided an email setting forth the names of seven (7) individuals whose computers were searched for potentially responsive emails.  I responded to that email on August 3, 2011.  Specifically, I advised that we do not believe that the search that was undertaken was a comprehensive search of electronically stored information with respect to all responses for all of the discovery requests.  Therefore, with respect to each of the items in this email where I state that we would not pursue the matter (this comment was made in the meet and confer which was prior to receipt of your August 3, 2011 explanation of searches) or that we need further information from you in order to determine if the matter needs to be addressed with the Court, has been made based upon our understanding of the method and manner in which Defendants made a production and which you have now made clear in your email of August 3, 2011.  As a result, we reserve our right to address with the Court the scope of electronic stored information that has been made in response to each area of inquiry.  Further, in your August 5, 2011 email, for the first time, we have learned that you intend on producing additional documents.  We need to know when a complete production to each of the 15 items as set forth in my letter of July 12, 2011 will be completed, so that we know the complete universe of all documents responsive to the 15 requests.

**Doc. Request 13.**   We requested that this information be produced and specifically, we discussed documents that may exist regarding the reasons for the VAT and those that were made with the government of China relating to VAT.  We explained the basis for the request.  We have not received a response from you with respect to this issue and we would appreciate your letting us know if additional documents will be produced so we can determine if this matter needs to be addressed with the Court.

**Doc. Request 14.**  You advised that Defendants have provided all documents that they have.  Further, in your email of August 5, 2011, you advised that no relevant emails were found in the search of two (2) individuals' material.  We do not know how you can determine what we may believe to be as "relevant" and whether the search was "sufficient".  Further, we do not understand what you mean by "…other directors and managers of TG are not likely to have had emails relative to this request."  Please let us know if a complete production has been made and if there are any further documents responsive to this request in the possession of the Defendants so that we can determine if this matter needs to be addressed with the Court.

**Doc. Request 15.**  You advised that Defendants have provided all documents that they have.  Based upon this representation, we agreed not to pursue this matter with the Court.

This email should clarify any misunderstanding that may exist with respect to the July 29, 2011 meet and confer, your email of August 3, 2011, as well as your proposed letter to the Court that was attached to your email of August 5, 2011.  Again, please remember that the comments made in Doc. Request 12 need to be considered with respect to the overall production as to the 15

requests. If you can clarify this issue, possibly we can better understand the matter, but your email of August 5, 2011 only adds added concern on our part with respect to the production response. In light of this, I believe that the draft letter to the Court needs to be modified accordingly. Should you desire to take another attempt at drafting a letter, please let us know. Alternatively, I am happy to attempt to draft a letter so we can get it to the Court.


Lillian M. Flemming
Legal Assistant to Leonard A. Davis
***Herman, Herman, Katz & Cotlar, LLP***
***Herman, Gerel, LLP***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
<http://www.hhkc.com/>

This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT