UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL No. 09-2047 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | JUDGE: FALLON |
| THIS DOCUMENT RELATES TO | * | |
|    David Gross, et al. v. Knauf Gips, KG, et al. | * | |
|    Case No. 09-cv-6690 (L)(2) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

**MEMORANDUM OF LAW IN SUPPORT OF STEELER INC.'S**
**MOTION TO DISMISS FOR LACK OF PLAINTIFF**

MAY IT PLEASE THE COURT:

I.      **INTRODUCTION**

Steeler, Inc. ("Steeler") is a Seattle company which distributes building supplies in the Northwest United States. In this action Steeler is alleged to be a distributor of Chinese drywall, however none of the existing plaintiffs claim that Steeler supplied their Chinese drywall.

The existing Plaintiffs are homeowners who assert that their homes contain defective Chinese drywall which has caused them damage. The defendants are the alleged manufacturers, brokers, suppliers, builders, contractors and installers in the chains of distribution which ended at the plaintiffs' homes.

Plaintiffs' **sole** allegation concerning Steeler is that:

      117.   Defendant Steeler, Inc. is a Washington corporation
            with a principal place of business located in Seattle,

-1-

> WA. Steeler, Inc. is a supplier of drywall and related building products. By information and belief, Steeler, Inc. supplied the drywall at issue in this litigation in certain of the affected states.[1]

There is no allegation that any of the plaintiffs at any location has drywall supplied by Steeler, or that any plaintiff suffered any loss on account of Steeler's actions. The existing plaintiffs purport to assert claims on behalf of non-existent plaintiffs with claims against Steeler.

Because there is no plaintiff asserting a claim against Steeler, this case presents no case or controversy against Steeler. Thus the alleged claims against Steeler must be dismissed for lack of subject matter jurisdiction in accordance with FRCP 12(b)(1).

## II.   **ARGUMENT**

### A.   **Lack of Subject Matter Jurisdiction Due to Existing Plaintiffs' Lack of Standing**

In the words of the Fifth Circuit: "In order to have standing to sue in federal court, a plaintiff must bring a 'case or controversy; U.S. CONST. ART. III." *Donelon v. Louisiana Div. of Admin. Law,* 522 F.3d 564, 566 (5th Cir. 2008). The *Donelon* Court stated:

> This requires more than an abstract legal dispute. *Allen v. Wright*, 468 U.S. 737, 754, 104 S.Ct. 3315, 82 L. Ed. 2d 556 (1984). "To meet the standing requirement of Article III, '[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Raines v. Byrd*, 521 U.S. 811, 818-19, 117 S.Ct. 2312, 138 L. Ed. 2d 849 (1997) (quoting *Wright*, 468 U.S. at 751, 104 S. Ct. 3315). Put another

---

[1] Amended *Gross* Complaint (Doc. # 366) at page 30. Steeler is not mentioned in the Original *Gross* Complaint. The Original *Benes'* Complaint in Intervention and the Benes' Substituted and Amended Complaint in Intervention only list Steeler as a defendant (Doc. #1777, p. 201, line 4; Doc. #2187, p. 201, last line), The *Jaen* Complaint in Intervention (Doc. #5580) contains no reference to Steeler.

> way, the plaintiffs must establish a "personal stake" in the dispute and that the injury is particularized to him. *Id.* at 819, 117 S. Ct. 2312; *see also, Baker v. Carr,* 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962). The injury cannot be one suffered by the citizens at large. *Finch v. Miss. St. Med. Ass'n,* 585 F.2d 765, 771 (5th Cir. 1978).

*Donelon,* at p. 272. Failure to establish any one of these elements of standing deprives the federal court of jurisdiction to hear the suit. *Riveria v. Wyeth-Ayerst Laboratories,* 283 F.3d 315, 319 (5th Cir. 2002).

Under the general principles of standing a litigant may not merely champion the rights of others, rather the plaintiff's complaint must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized to him. *Audler v. CBC Innovis, Inc.,* 519 F.3d 239, 248 (5th Cir. 2008), *citing Raines v. Byrd,* 521 U.S. 811, 819, 117 S.Ct. 2312, 138 L. Ed. 2d 849 (1997); *Scottsdale Ins. Co. v. Knox Park Const., Inc.,* 488 F.3d 680, 684 (5th Cir. 2007); *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.,* 32 F.3d 205, 208 (5th Cir. 1994).

The party invoking federal jurisdiction bears the burden of establishing the elements of standing. *Delta Commercial v. Gulf of Mexico Fishery,* 364 F.3d 269, 272 (5th Cir. 2004); *Ford v. NYL Care Health Plan of Gulf Coast, Inc.,* 301 F.3d 329, 332 (5th Cir. 2002). The *Gross* plaintiffs cannot carry this burden because no existing plaintiff claims personal injury fairly traceable to Steeler's allegedly unlawful conduct, nor can any existing plaintiff demonstrate that a judgment against Steeler will redress their losses.

In the context of class actions, the court must first decide standing issues because they determine the court's fundamental power to hear the suit. *Ford, supra* at p. 333; *Riveria v. Wyeth-Ayerst Laboratories, supra* at p. 319, citing *Steel Co. v. Citizens for a*

*Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L. Ed. 2d 210 (1988). Therefore, Steeler's challenge to the plaintiffs' standing should be addressed now rather than later in these proceedings.

Both the Fifth Circuit and Louisiana district courts have addressed similar standing issues in the context of class actions. In *Audler v. CBC Innovis, Inc.*, *supra*, the plaintiff on his own behalf and on behalf of others similarly situated brought a purported class action against the company (CBC) which provided the plaintiff's lender with allegedly erroneous flood zone information which the plaintiff said he relied upon in not purchasing flood insurance. Following Hurricane Katrina, plaintiff's home was flooded and he sued CBC and nineteen other companies alleged to be in the same business. The Court held that the plaintiff lacked standing to bring claims against the nineteen defendants who provided no flood zone information on plaintiff's home, recognizing that a plaintiff may not merely champion the rights of another, instead the complaint must establish plaintiff's personal stake in the alleged dispute. *Audler*, *supra* at p. 248. The Court rejected the idea that the plaintiff could assert claims on behalf of potential but absent class members.

In the *FEMA Trailer Formaldehyde Productions Liability Litigation*, 570 F. Supp. 2d 851 (E.D. La. 2008), Judge Engelhardt of this Court reached similar conclusions about the plaintiffs' lack of standing. Plaintiffs brought a putative class action alleging that trailers provided by Federal Emergency Management Agency (FEMA) in the wake of Hurricanes Katrina and Rita contained material that emitted dangerous levels of formaldehyde. Certain defendants filed motions to dismiss for lack of subject matter jurisdiction because no plaintiff alleged he or she lived in a trailer made by the movants, and no plaintiff alleged he or she was harmed as a proximate result of any action by any specific movant. In granting

-4-

the motions to dismiss, Judge Engelhardt rejected the plaintiffs' arguments that the pre-class certificate stage was too early to determine standing. In so doing, the Court recognized that the general rule was that standing is an inherent prerequisite to the class certification inquiry citing, *Riveria* at p. 319, *FEMA Trailer Litigation* at p. 855. The Court also refused to apply the "juridical link" doctrine which arose from *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir. 1973), recognizing that the Fifth Circuit has never adopted the doctrine as reflected in *Riveria* at p. 248. In rejecting that doctrine, Judge Engelhardt also recognized that it had application only in instances involving a group of defendants acting in a conspiracy or concerted scheme such that a single resolution of the dispute would be expeditious. *FEMA Trailer Litigation*, at pp. 855-856.

*Matt v. Sunshine Mobile Homes, Inc.*, 270 F. Supp. 2d 805 (W.D. La. 2003), presented another trailer class action with standing deficiencies. The 16 Louisiana plaintiffs sought to represent all persons in the nation who had been damaged by 282 defendant manufacturers alleged to have sold inherently defective homes due to insufficient vapor barriers and ventilation systems causing rapid deterioration and mold which endangered the health of owners and occupants. The typical argument made by a defendant seeking dismissal due to lack of standing was that no named plaintiff alleged any specific injury resulting from movant's home, nor did any plaintiff allegedly own, rent, occupy or reside in movant's home. *Matte*, p. 814.   The Court rejected the idea that class actions are an exception to the usual standing requirements, stating:

> The Supreme Court has spoken clearly on this issue. 'That a suit may be a class action . . . adds nothing to the question of standing,' for even named plaintiffs who represent a class 'must allege and show that they personally have been injured,

> not that injury has been suffered by other, unidentified
> members of the class to which they belong and which they
> purport to represent.' *Lewis v. Casey*, 518 U.S. 343, 357, 116
> S. Ct. 2174, 2183, 135 L. Ed. 2d 606 (1996), *citing Simon v.
> Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40,
> n. 20, 96 S. Ct. 1917, 1925, n. 20, 48 L. Ed. 2d 450 (1976)
> (*quoting Warth v. Seldin*, 422 U.S. 490, 502, 95 S. Ct. 2197,
> 2207, 45 L. Ed. 2d 3431 (1975)).

*Matte* at 821.

Based on the same rationale as *FEMA Trailer Litigation*, the *Matte* Court also rejected the arguments that the standing issue should be deferred until class certification was heard, and that the juridical link doctrine applied to alleviate standing deficiencies. *Matte*, at pp. 822-828.

## III.   CONCLUSION

Having suffered no personal injury fairly traceable to Steeler's alleged unlawful conduct, and being unable to show that a favorable decision against Steeler will redress their losses, the existing plaintiffs lack standing to assert a claim against Steeler. Therefore, this action presents no case or controversy as against Steeler. Accordingly, any purported claims against Steeler must be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

Daniel J. Caruso (03941) (T.A.)
Herman J. Hoffmann (06899)
Betty F. Mullin (09818)
Simon Peragine Smith & Redfearn L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
Fax: (504) 569-2999

Attorneys for Steeler, Inc.

-6-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Memorandum of Law in Support of Steeler's Motion to Dismiss for Lack of Plaintiff has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of August, 2011.

Betty F. Mullin

N:\DATA\N\44805001\pleadings\dismiss memo.wpd