UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Payton, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-07628 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*<br>Case No. 2:10-cv-00361 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-06690 (E.D. La.)<br><br>*Rogers, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:10-cv-00362 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Ins. Co., et al.*<br>Case No. 2:10-cv-00932 (E.D. La.)<br><br>*Hernandez, et al. v. AAA Insurance, et al.*<br>Case No. 2:10-cv-03070 (E.D. La.)<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 2:11-cv-00080 (E.D. La.)<br><br>*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 2:11-cv-00252 (E.D. La.)<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 2:11-cv-01077 (E.D. La.)<br><br>*Vickers, et al. v. Knauf Gips KG, et al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | |



EXHIBIT "A"

### ORDER STAYING CLAIMS AS TO BANNER AND ITS INSURERS

Upon consideration of the Joint Motion of proposed Class Counsel, the Plaintiffs' Steering Committee ("PSC"), Counsel for Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC ("Banner PSL"), Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies (collectively, "Banner"), and Counsel for Banner's insurers, Chartis,[1] FCCI,[2] Hanover,[3] and Maryland Casualty[4] (collectively, the "Insurers"), for an Order staying claims as to Banner, it is hereby,

**ORDERED, ADJUDGED AND DECREED** that:

1. Capitalized terms used in this Order shall have the same meaning as those defined in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement"), attached as Exhibit A to the Memorandum of Law in support of Joint Motions for Orders: (1) Preliminarily Approving the Stipulation and Settlement; (2) Conditionally Certifying the Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Fairness Hearing (the "Memorandum of Law").

---

[1] "Chartis" includes Chartis Specialty Insurance Company (formerly known as "American International Specialty Lines Insurance Company"), Illinois National Insurance Co., National Union Fire Insurance Company of Pittsburgh, Pa., Commerce & Industry Insurance Co., and any other sister entities or entities related to the foregoing or to American International Group, Inc.

[2] "FCCI" includes FCCI Insurance Company, FCCI Commercial Insurance Company, National Trust Insurance Company, FCCI Mutual Insurance Holding Company, FCCI Group, Inc., FCCI Insurance Group, Inc., Monroe Guaranty Insurance Company, FCCI Services, Inc., FCCI Advantage Insurance Company, Brierfield Insurance Company, and FCCI Agency, Inc.

[3] "Hanover" includes Hanover American Insurance Company and Hanover Insurance Group, Inc.

[4] "Maryland Casualty" includes Maryland Casualty Company and all companies in the Zurich North America group of insurance companies.

2. All future payments from the Banner Insurance Policies, other than payments in satisfaction of the Settling Defendants' obligations under the Prior Settlements or Pending Settlements, shall be stayed and enjoined, pending the settlement proceedings and further Orders of the Court.

3. All claims against Settling Defendants in the Litigation, Related Actions, and all Related Claims shall be stayed and enjoined, pending the settlement proceedings and further Orders of the Court.

4. All claims and cases in which any person or entity claims to be an insured, additional insured, or named insured under any insurance policy issued to any Banner entity shall be stayed and enjoined, pending the settlement proceedings and further Orders of the Court.

5. By participation in this Settlement, FCCI and Hanover have not consented to general or specific personal jurisdiction in Louisiana and are not precluded from challenging general or specific personal jurisdiction over them in Louisiana in any cases currently pending or that may be filed in the future, including, but not limited to, cases currently pending in, or that may be assigned to, filed in, or transferred to this Court.

This 15th day of June, 2011, at New Orleans, Louisiana.

_____
ELDON E. FALLON
United States District Judge