UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED          MDL NO. 2047
DRYWALL PRODUCT LIABILITY
LITIGATION                           JUDGE: FALLON
                                     SECTION L

                                     MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO

**Kenneth and Barbara Wiltz, et al. v. Beijing New
Building Materials Public Ltd. Co., et al.
Case No: 2:10-cv-00361 (E.D.La.)**

**David Gross, et al v. Knauf Gips KG, et al.
Case No: 2:09-cv-06690 (E.D.La.)**

**Sean and Beth Payton, et al. v. Knauf Gips KG, et al.
Case No: 2:09-cv-07628 (E.D.La.)**

**Daniel Abreu, et. al. v. Gebrueder Knauf
Verwaltungsgesellschaft, KG, et. al.
Case No: 2:11-252 (E.D.La.)**

**Laura Haya, et. al. v. Taishan Gypsum Co.
Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.
Case No: 2:11-1077 (E.D.La.)**
-----------------------------------------------------------------------------------------------------------

### MEMORANDUM IN SUPPORT OF DEFENDANT'S, HOLIDAY BUILDERS INC MOTION FOR RELIEF FROM ORDERS COMPELLING PAYMENT TO HOMEBUILDERS LIAISON COUNSEL PENDING DETERMINATION OF PERSONAL JURISDICTION MOTIONS

Defendants, HOLIDAY BUILDERS, INC., a Florida corporation ("HOLIDAY"), through special appearance of its undersigned counsel, moves this Court for relief from this Court's Orders (R. Docs. 8006, 8401, 10147), hereinafter the "Fee Orders," compelling payment to Homebuilders' Liaison Counsel.

346765 v_02 \ 108652.0055

## I.     FACTUAL BACKGROUND

On March 9, 2011, the Court entered a Fee Order (R. Doc 8006) requiring homebuilders in the MDL to deposit certain sums of money with the Clerk of Court based on the number of homes involved in the MDL for payment of fees and expenses of Homebuilders' Liaison Counsel, Phillip A. Wittmann, Stone Pigman Walther Wittmann, L.L.C. The March 9, 2011 Order indicated that Mr. Wittmann's office responds daily to homebuilders in the MDL.

On March 25, 2011, the Court entered a Fee Order (R.Doc. 8401) clarifying the March 9, 2011 Fee Order, and indicating that compliance with the Fee Order would not jeopardize any pending defenses or objection to the jurisdiction of the Court.

On August 22, 2011, the Court entered a Fee Order (R.Doc. 10147) requiring deposit of certain funds with the Clerk of Court, Eastern District of Louisiana by homebuilders in the MDL on or before August 31, 2011 or else be subject to being hauled into Court on a future date.

## II.     ARGUMENT

HOLIDAY is before this Court because it has been sued in cases filed in the District Court for the Eastern District of Louisiana, which were then transferred to this Multi-District Litigation. HOLIDAY is a small Florida corporation with no operations, property or other connections in or with the State of Louisiana.

Because HOLIDAY has no "minimum contacts" with Louisiana, HOLIDAY responded to the suits by timely filing motions to dismiss for lack of personal jurisdiction, which motions have not yet been considered or ruled upon by this Court.[1]

Notwithstanding the pending motions to dismiss for lack of personal jurisdiction, on March 9, 2011, March 25, 2011 and August 22, 2011, the Court entered the Fee Orders (*See* R. Docs. 8006, 8401, 10147) compelling HOLIDAY, along with other homebuilder defendants, to pay substantial sums of money into the registry of the Court by August 31, 2011, under threat of sanctions or contempt. These sums are to be used to pay attorneys fees to the law firm named by the Court as Homebuilders' Liaison Counsel.

Notably, the Fee Orders do not indicate whether additional sums are to be ordered forfeited into the registry of the Court on a periodic basis as this MDL proceeds—although the March 9, 2011 order (R. Doc. 8006) indicates that Homebuilders Liaison Counsel are to submit "sealed requests" for additional fees on an "ongoing monthly basis." The Fee Orders do not establish or indicate any procedure under which the forfeited funds can later be recovered in the event that the Court later determines that a defendant was improperly named and that the Court thus lacked personal jurisdiction to order the improperly named defendants to forcibly make payments into the registry of the Court.

HOLIDAY has not attempted to establish an attorney-client relationship with the Homebuilders Liaison counsel law firm of Stone, Pigman, Walther & Wittman, LLC, did not participate in the selection of that firm as Liaison Counsel and has not requested that firm to represent HOLIDAY or to perform any services for HOLIDAY.

---

[1] HOLIDAY's Motions to Dismiss were filed on March 2, 2010, May 7, 2010, June 18, 2010, June 16, 2011, and August 4, 2011.

The Fee Orders are, effectively, the functional equivalent of a final judgment, or permanent injunction, providing for the final and immediate forfeiture of HOLIDAY's property (i.e., money), under color of law, and backed by the Court's contempt powers, without a hearing to consider the objections to such forfeiture and without even considering HOLIDAY's threshold argument that the Court lacks in personam jurisdiction over each entity to enter such a final decree.

Because the Fee Orders are absolute in their terms and do not provide any vehicle for an objecting defendant to avoid paying the fee without risking contempt, HOLIDAY is reluctantly, paying the ordered sums into the registry of the Court contemporaneously with the filing of this Motion.  However, HOLIDAY does so under protest and solely to avoid the imposition of sanctions by this Court.

At least as applied to HOLIDAY, the Fee Orders violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution which, among other things, requires that a court must actually have personal jurisdiction over a party before it can enjoin its actions.  While HOLIDAY is sympathetic to the challenge faced by this Court in managing this complex litigation, the interests of efficiency do not trump the right to Due Process under the Constitution.

In the interests of justice and in respect for the requirements of Due Process, HOLIDAY respectfully seeks to be excused from compliance with this Court's orders of March 9, 2011, March 25, 2011 and August 22, 2011 (R. 8006, 8401, and 10147) pending disposition of HOLIDAY's  motions to dismiss for lack of personal jurisdiction.

### III.   CONCLUSION

For the foregoing reasons, HOLIDAY, is respectfully requesting relief from the Fee Orders including: (1) excusal of HOLIDAY from compliance with the Fee Orders unless and until the Court determines that it has personal jurisdiction over HOLIDAY; and (2) refund of funds deposited with the Clerk of the Court, Eastern District of Louisiana by HOLIDAY pursuant to the Fee Orders.

Respectfully submitted,

/s/ John Armando Boudet
John Armando Boudet
Florida Bar No. 0515670
jboudet@ralaw.com
Roetzel & Andress, LPA
420 South Orange Avenue
CNL Center II, 7th Floor
Orlando, FL  32801
Telephone No:  407.896-2224
Facsimile No:  407.835.3596
*Counsel for Defendants, Holiday Builders, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S, HOLIDAY BUILDERS, INC., MOTION FOR RELIEF FROM ORDERS COMPELLING PAYMENT TO HOMEBUILDERS LIAISON COUNSEL PENDING DETERMINATION OF PERSONAL JURISDICTION MOTIONS has been served on Plaintiffs' Liaison Counsel, Russ Herman (drywall@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller (kmiller@frilot.com), by US Mail and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM./ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 31st  day of August, 2011.

346765 v_02 \ 108652.0055

/s/ John Armando Boudet
John Armando Boudet
Florida Bar No. 0515670
jboudet@ralaw.com
Roetzel & Andress, LPA
420 South Orange Avenue
CNL Center II, 7th Floor
Orlando, FL  32801
Telephone No:  407.896-2224
Facsimile No:  407.835.3596
*Counsel for Defendant Holiday Builders, Inc.*