# CONFIDENTIAL HOMEOWNER RELEASE

This CONFIDENTIAL RELEASE ("Release"), dated this _____ day of _____, 2011 is entered into by [name of homeowner] _____ (hereinafter "Claimant(s)") (Social Security Number(s) _____), owner of the property located at

_____,

which Claimant(s) acquired title to on [date] _____.

WHEREAS, on or about_____, Claimant(s) commenced a lawsuit on his/her own behalf against one or more of Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co. Ltd., Guandong Knauf New Building Material Product Co. Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL 2047 as Knauf Insulation USA), Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., Gebr. Knauf Verwaltungsgesellschaft, PT.Knauf Gypsum Indonesia, or Knauf Gips KG (collectively "Knauf Defendants"), and the builder, supplier, installer, and insurer defendants (collectively "the [Builder] [Supplier] [Installer] [Insurer] Defendants". (The Knauf Defendants and the [Builder] [Supplier] [Installer] [Insurer] Defendants, collectively are the "Released Parties.").
Claimaint(s') action was filed as:

_____[case caption]_____

in the_____[Court]_____

(hereinafter "Action"); and

WHEREAS, on October 14, 2010, the Knauf Defendants and the MDL Plaintiffs' Steering Committee (the "PSC") in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "MDL") have entered into a Settlement Agreement For the



Demonstration Remediation of Homes with KPT Drywall (the "Demonstration Remediation Agreement") to create a program (the "Program") to remediate homes that contain all or substantially all KPT drywall board ("KPT Drywall"); and

WHEREAS, the Claimant(s) hereby represents that he/she is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant(s), his/her estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind; and

WHEREAS, the Claimant(s) and the Released Parties believe it would be in their respective best interests to settle the Claim by including Claimant's home in the Program and avoid the risk, expense, inconvenience, and distraction of continued litigation; and

WHEREAS, Claimants' counsel has explained to Claimant(s), and Claimant(s) understands, (i) the terms of this Release and (ii) the conditions set forth in the Demonstration Remediation Agreement;

NOW, THEREFORE, in consideration of the obligations of Released Parties both under the Demonstration Remediation Agreement and pursuant to confidential settlement agreements entered into between the Knauf Defendants and the [Builder] [Supplier] [Installer] [Insurer] Defendants ("the Confidential Agreements"), whereby such defendants have agreed to contribute funds to offset the costs of the remediation of Claimant's home pursuant to the Program, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. The Undersigned Claimant(s) represents that they own and occupy the above listed property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant(s) is/are not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. The Undersigned Claimant(s) agrees that the consideration and actions performed by the Released Parties in satisfying their obligations under the Demonstration Remediation Agreement and the Confidential Agreements, will constitute full compensation and settlement arising out of or related to claims asserted in the action or to the KPT Drywall in the Claimant(s)'s home, and that he/she will not seek anything further, including any other payment, from Released Parties, or any other person or entity related to the Action, except as described below.

3. The Claimant(s) and the Released Parties further agree that in exchange for the consideration that is described in the Demonstration Remediation Agreement, including but not limited to the offer of home remediation followed by delivery of a Certificate of Occupancy and Environmental Certificate pursuant to Paragraph V of the Demonstration Remediation Agreement, the Claimant(s) will dismiss with prejudice the Action.

4. The Claimant(s) unconditionally release and relinquish all rights they have or may have against Released Parties arising out of or relating to claims asserted in the Action and/or the KPT Drywall in his/her home, any and all persons or entities who furnished services

for, or in any way facilitated or assisted in, the installation of KPT drywall in the Claimant's home, including without limitation, any actual or potential defendants, including but not limited to, contractors, builders, suppliers, designers, real estate agents, hangers, and/or consultants, and their respective insurance carriers; and all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators, any person who may have a claim of indemnity or contribution against Released Parties, and personal representatives of each of the foregoing, separately or collectively. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those KPT Drywall-related damages of the Claimant(s) of which the Claimant(s) are not aware, and those the Claimant(s) do not anticipate, with the sole exception of claims ("the Reserved Claims") against the Knauf Defendants by (i) the claimant(s) for bodily injury, (ii) by the claimants' counsel for "Attorneys' Fees" as defined in Paragraph IX of the Demonstration Remediation Agreement, and (iii) claims in connection with the performance of, and any obligations arising under, the Demonstration Remediation Agreement, including, but not limited to, warranty claims and performance of punch list items. The Knauf Defendants reserve all defenses, including jurisdictional defenses, as to bodily injury claims. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

5. This Release is effective immediately with exception that it shall be effective as to the Knauf Defendants upon (i) compliance by the Knauf Defendants with Paragraph V of the Demonstration Remediation Agreement concerning the Certificate of Occupancy and Environmental Certificate, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant(s) of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the home have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event that the Program is terminated before remediation of the home has commenced, this Release, in its entirety and as to all Released Parties, will be null and void, and any amount paid by a Released Party will be refunded.

6. The Claimant(s) understand and acknowledge the significance and consequence of releasing all of the Claimants' KPT Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered KPT Drywall-related causes of action and/or claims), and hereby assume full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that the Claimant(s) may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve the Claimant(s) right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered KPT drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, the

Claimant(s) hereby specifically and expressly waive their rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

7. The Claimant(s) and their counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the terms of this Release, or the amount received by any Claimant(s), or the amounts of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

8. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of, the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

9. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by any Claimant(s), in any proceeding other than a proceeding to consummate or enforce this

Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

10. Claimant(s), and each of them, hereby represent and warrant that they have not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

11. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant(s) and their undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Released Parties, and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and representatives from and against all claims and future claims relating to the KPT Drywall in his/her home.

12. The Claimant(s) is/are bound by this Release. Anyone who succeeds to his/her rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant(s), his/her estate, or the estate of any of them is also bound. This Release is made for the benefit of the Claimant(s) and the Released Parties.

13. The Claimant(s) authorizes and instructs his/her counsel to deliver to Released Parties a Notice of Dismissal with prejudice of the Action, which shall be "so ordered" by the Court where the Action is pending, as against all defendants in accordance with the provisions herein and the terms of the Agreement. The Claimant(s) and his/her counsel shall cooperate with Released Parties in any additional way reasonably necessary to

obtain such dismissal with prejudice. Such delivery of the Notice of Dismissal shall be made to Kerry J. Miller, Frilot L.L.C., Suite 3700, 1100 Poydras Street, New Olreans, Louisiana 70163.

14. The Claimant(s) acknowledge that they have not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release the Claimant(s) have relied on his/her own or his/her counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

15. Nothing in this agreement shall constitute any admission of liability or fault of any kind on the part of Knauf Defendants who expressly deny any liability to the Claimant(s) and who are entering this agreement to avoid the expense and uncertainty of litigation; (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses, except as provided in the Demonstration Remediation Agreement; and (iii) or consent to service by the Knauf Defendants. Neither this Release nor any Agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release or the Demonstration Remediation Agreement.

_____                              _____
Witness                                                                    Claimant

                                                  _____
                                                                 Claimant SS #

                                                  _____
                                                  Counsel

                                                  Law Firm: _____

STATE OF _____, COUNTY OF _____

       I certify that on _____, 2010, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

LAW FIRM: _____