UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED           MDL NO. 2047
DRYWALL PRODUCTS LIABILITY              SECTION L
LITIGATION                                              JUDGE FALLON
                                                                MAGISTRATE JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*Payton, et al. v. Knauf Gips KG, et al.,*
*Case No.: 09-7628 (E.D.La.)*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD WITHOUT SUBSTITUTION

COME NOW, Gregory S. Weiss, Esquire and the firm of Leopold~Kuvin, P.A., as attorneys of record for Plaintiff, MIKE WILLIAMS, and file this Memorandum of Law in Support of the Motion to withdraw as counsel for the Plaintiff:

1.    Local Civil Rule 83.2.11 of United States District for the Eastern District of Louisiana provides:

> The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute counsel or upon written motion served on opposing counsel and the client.  <u>If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone.  The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made</u> (emphasis added).

2.    The Motion to Withdraw filed by the undersigned complies with all of the requirements of the Local Rule and should be granted.  See <u>Bryson v. State Farm and Casualty Insurance Company</u>, 2011 WL 1557949, *4 (2011 E.D.La).

3. In considering a Motion to Withdraw, the Court should consider the prejudice withdrawal could cause to other litigants and the administration of justice, and the degree to which withdrawal would delay the resolution of the case.

4. In present case, the rights of the Plaintiff are represented by the Plaintiffs' Steering Committee. Therefore the effect of counsel's withdrawal, if any, would be minimal, and should not prevent the granting of the counsel's Motion to Withdraw. <u>Zurich American Insurance Company v. Harken</u>, 1999 WL 307612 (2007 E.D.La.); See also <u>American Economy Insurance Company v. Herrera</u>, 2007 WL 3276326 (2007 S.D.Cal.).

WHEREFORE, the undersigned respectfully requests that the Court grant the Motion to Withdraw as Counsel for Plaintiff, MIKE WILLIAMS, in the above case.

Respectfully submitted,

Dated: September 1, 2011

/s/ Gregory S. Weiss
Gregory S. Weiss, Esq.
(Florida Bar No.: 163430)
LEOPOLD~KUVIN, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
gweiss@leopoldkuvin.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email, and upon all parties by electronically uploading same to Lexis Nexis File and Serve in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047, and via certified mail to Mike Williams, 8979 Lely Island Circle, Naples, FL 34113 on this 1st day of September, 2011.

s/GREGORY S. WEISS
GREGORY S. WEISS
(Florida Bar No.: 163430)
LEOPOLD~KUVIN, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
gweiss@leopoldkuvin.com