**Term Sheet Agreement for**
**the Knauf Entities Settlement Agreements with Homebuilders**

This term sheet agreement ("term sheet") reflects the terms of an agreement between the PSC and the Knauf Entities as those terms are defined in the Settlement Agreement For the Demonstration Remediation of Homes With KPT Drywall entered into on October 14, 2010 (the "Demonstration Remediation Agreement").

WHEREAS, without any admission of liability by the Knauf Entities, the Demonstration Remediation Agreement establishes a pilot program ("the Program");

WHEREAS, the Demonstration Remediation Agreement provides that counsel are entitled to a singular attorney fee (to be allocated between individually retained counsel for a homeowner whose home was included in the Program and common benefit counsel, *i.e.*, the PSC) and reasonable and appropriate expenses, collectively defined as Attorneys' Fees in Paragraph IX (A), to be paid by the Knauf Entities;

WHEREAS, separate from the Demonstration Remediation Agreement, the Knauf Entities have entered into settlement agreements with individual homebuilders ("Homebuilders") whereby the Knauf Entities have and/or agreed to reimburse the Homebuilders for their remediation of homes containing KPT board ("Homebuilder Agreements"). There are approximately 945 homes that have been or may be reimbursed by Knauf Entities pursuant to existing or pending Homebuilder Agreements. Exhibit A to this Agreement is a list of homes covered by the pending or existing Homebuilder Agreements with Knauf. Exhibit A will be filed under seal and will be designated "Highly Confidential" pursuant to PreTrial Order 16. Additionally, to the extent that some pending or existing Homebuilder Agreements prohibit the disclosure of information identifying the address, homeowner, and/or homebuilder by Knauf, then fictitious names will be entered until the affected Homebuilder is put on notice and the MDL Court orders the disclosures to be made;

WHEREAS, separate from the Demonstration Remediation Agreement, the Knauf Entities also reasonably anticipate that they will enter into settlement agreements with Homebuilders, and the Knauf Entities will partially reimburse the Homebuilders for their remediations of homes containing KPT board ("Future Homebuilder Agreements"); and

WHEREAS, the Homebuilders, in settling with individual homeowners and remediating such homeowners' homes, are not acting as agents or representatives for the Knauf Entities;

NOW, THEREFORE, for the good and valuable consideration described below, the sufficiency of which is hereby acknowledged, the parties have agreed as follows:

I.      Potentially Eligible Homes

      A.      Exhibit B contains a list of potentially eligible homes that may be covered by this agreement. Homes on attached Exhibit B containing only KPT board will be remediated pursuant to the Homebuilder Agreements that the Knauf Entities may enter into following execution of this term sheet . The homes on attached Exhibit

B are subject to a confirmatory inspection and approval by the Knauf Entities to determine which homes contain KPT as the only defective Chinese board ("All KPT Homes") and which contain KPT and other defective Chinese drywall ("Mixed Homes").

II.   Application of Homebuilder Agreements

A.   To the extent that Knauf enters agreements with Homebuilders that dictate reimbursement terms by Knauf to the Homebuilder, the Knauf Entities will require that (1) the homes subject to such agreements will be remediated, by the Homebuilder, consistent with the Scope of Work set forth in Exhibit D to the Demonstration Remediation Agreement or otherwise previously contemplated by agreements between Knauf and the Homebuilders, and (2) the Homeowners of such homes will receive relocation benefits contemplated by Paragraph III(B)(1) of the Demonstration Remediation Agreement.

B.   Under this Agreement, a participating Homeowner through his/her counsel will provide a release of the Homebuilder, the Knauf Entities, and any party that supplied, installed or facilitated and/or assisted in such supply or installation of KPT drywall and/or other Chinese board in the homeowner's home, and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, their past and present officers, past and present directors, past and present partners, past and present attorneys, past and present agents, past and present employees, parent companies, partnerships, subsidiaries, sister corporations and past and present representatives (collectively, "Released Parties") from and against all claims and future claims relating to the homeowner's home, except for the following claims (1) as against the Knauf Entities, (a) claims by the homeowner for bodily injury; and (b) claims by counsel for the homeowner for Attorneys' Fees, as that term is defined in Paragraph IX (A) of the Demonstration Remediation Agreement; and (2) as against the Homebuilder, claims in connection with the performance of, and any obligations arising under, the agreement between Homebuilder and the homeowner to remediate the home, including but not limited to, warranty claims and punch list items ("Reserved Claims").  A sample form of Release is attached as Exhibit C.

C.   Except as to the Reserved Claims, as further consideration for the above, Future Homebuilder Agreements as defined above will require the homeowner to agree and covenant to forever indemnify, defend and hold harmless the Homebuilder and the Knauf Entities, and all of their past, present, and future parents, subsidiaries, affiliates, controlling person, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers from and against all claims and future claims relating to the Chinese board in the homeowner's home.

D.   Mixed Homes shall only be included under this Agreement to the extent that the Knauf Entities are able to confirm reimbursement terms with Homebuilders which allow for the Knauf Entities to pay a discounted sum to the Homebuilders for both construction and non construction costs (rent, relocation and other soft costs)

based on the percentage of KPT board over all defective Chinese board in a Mixed Home.

III.    Attorneys' Fees

    A.    Attorneys' Fees for the Knauf Entities' contribution to Homebuilders' remediation of homes pursuant to existing or pending Homebuilder Agreements (Exhibit A homes) and/or Future Homebuilder Agreements (Exhibit B homes) shall be determined according to the procedures set forth in Paragraphs IX and X of the Demonstration Remediation Agreement.

    B.    With respect to Mixed Homes, attorneys' fees shall be paid in an amount determined according to the procedures set forth in Paragraph X of the Demonstration Remediation Agreement multiplied by the percentage of KPT board over all defective Chinese board in a Mixed Home. The PSC reserves its rights to recover the remainder of fees from the other manufacturers, and/or other entities in the supply chain.

    C.    The Knauf Entities shall be entitled to retain any defenses they contend pertain to attorneys' fees, including the right to object to any fees, subject to the procedures of Paragraphs IX and X of the Demonstration Remediation Agreement.

IV.    Termination

This agreement may be terminated by the Knauf Entities at their discretion and without cause at any time by written notice to the PSC signatories to this agreement. In the event of such termination, the provisions of this agreement shall remain in full force and effect as to any home on Exhibit A and as to those homes on Exhibit B as to which actual remediation by the Homebuilder, as of the date of the termination notice, has at least reached the stage where a Certificate of Occupancy has been issued but shall not apply to any other home on Exhibit B.

V.    No Admission of Liability

Nothing in this term sheet shall constitute (1) an admission of liability or fault of any kind on the part of the Knauf Entities, who expressly deny any liability to the Homebuilders and homeowners and who are entering into this term sheet agreement to avoid the expense and uncertainty of litigation; (ii) an admission of or consent to jurisdiction or waiver of any defenses, jurisdictional or otherwise, except as provided for in Paragraph X of the Demonstration Remediation Agreement; and (iii) consent to service by the Knauf Entities. Neither this term sheet nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of this term sheet.

VI.     Entire Agreement

The parties acknowledge that this term sheet and, pursuant to the above, the applicable sections of the Demonstration Remediation Agreement, is the entire agreement between the PSC and the Knauf Entities. The parties have not received or relied on any agreements or promises other than as contained in writing in this term sheet and applicable sections of the Demonstration Remediation Agreement.

VII.    Court Approval & Oversight

Solely and exclusively for purposes of this agreement, and the obligations incurred thereunder, the Knauf Entities consent to the jurisdiction of the MDL Court, which will approve and oversee implementation of this agreement. Any rulings of the MDL Court in connection with this agreement shall be non-appealable. All other jurisdictional defenses, arguments and rights are fully reserved by the Knauf Entities and nothing in this agreement is intended to prejudice the assertion in any forum against any party of those jurisdictional defenses, arguments and rights.

VIII.   Audit by PSC

The Knauf Entities will provide the PSC with access to all costs covered by the settlements encompassed in this agreement. Any audit of the costs by the PSC shall be conducted upon reasonable notice, and any costs incurred as a result of the audit shall be paid by the PSC. In the event a dispute arises, then the dispute shall be resolved by a mediator and the mediator may tax costs, including costs of the audit, as the mediator may deem just and proper. If the cost of remediation issue cannot be agreed upon in mediation, then the parties may petition the MDL Court for a final, non-appealable decision.

Dated:  _September 1_, 2011

On Behalf of the Knauf Entities:

_Gregory Wallance / By: Lillian Flemming_
Gregory J. Wallance
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
Phone: 212-836-8878
Email: gwallance@kayescholer.com

_Kerry Miller / By: Lillian Flemming_
Kerry J. Miller
Frilot L.L.C.
Suite 3700
1100 Poydras Street
New Orleans, LA 70163
Phone: 504-599-8000
Email: kmiller@frilot.com

On Behalf of, and with the Full Authority of the Plaintiffs' Steering Committee:

Arnold Levin (lead counsel)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: 215-592-1500
Email: alevin@lfsblaw.com

Russ Herman (ex-officio and liaison)
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue, Suite 100
New Orleans, LA 70113
Phone: 504-581-4892
Email: rherman@hhkc.com

Chris A. Seeger
Seeger Weiss LLP
77 Water Street
New York, NY 10005
Phone: 212-584-0700
Email: cseeger@seegerweiss.com

Bruce W. Steckler
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Phone: 214-521-3605
Email: bsteckler@baronbudd.com