**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL No. 02047<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO ALL CASES**

**SUPPLEMENTAL MEMORANDUM OF
T. ROWE PRICE GROUP, INC. CONCERNING "CONTROL"
UNDER FEDERAL RULE OF CIVIL PROCEDURE 45**

**MAY IT PLEASE THE COURT:**

Pursuant to the Court's request in court on August 24, 2011, T. Rowe Price Group, Inc. ("T. Rowe"), a non-party to this litigation, submits this memorandum as a supplement to its Motion to Quash Motion to Quash Subpoena Issued to T. Rowe Price Group, Inc. ("Original Memo"), Docket No. 10145, and its Opposition to the Motion to Compel (the "Opposition"), Docket No. 10146, to address whether T. Rowe has the requisite "control" over the documents which the Plaintiffs' Steering Committee ("PSC") requested in the subpoena issued to T. Rowe. The subpoena is attached as **Exhibit 1** to T. Rowe's Original Memo.

T. Rowe adopts all arguments made in its Original Memo and Opposition as to the issue of "control" as well as any arguments concerning other procedural and legal defects rendering the subpoena unenforceable. Under the facts of this case, as well as the applicable law, the PSC cannot meet its burden of showing that T. Rowe has control or custody over the documents sought by the subpoena.

## ARGUMENT

### The PSC has not met its burden of proving that T. Rowe has custody and control over the requested documents.

Under Federal Rule of Civil Procedure 45, a non-party may be required to produce documents only when they are in the non-party's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(C). T. Rowe does not have in its possession or custody documents responsive to the subpoena. Responsive documents would be in the possession of T. Rowe third-tier subsidiary, T. Rowe Price Hong Kong Limited ("T. Rowe Hong Kong"), which is located in Hong Kong, or in the possession of other T. Rowe subsidiaries. Accordingly, the PSC must prove that T. Rowe has "control" over these documents. *See, e.g.*, *United States v. International Union Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("The party seeking production of the documents … bears the burden of proving that the opposing party has [the requisite] control.") (internal citations omitted); *Goh v. Baldor Elec. Co.*, 1999 WL 20943, at * 2 (N.D. Tex. Jan. 13, 1999) (noting that the requesting party bears the burden of proving that the relationship between the corporate party upon whom request was served and its subsidiaries who retained possession of documents indicates control over the documents); *Shell Global Solutions (US) Inc. v. RSM Engineering, Inc.*, 2011 WL 3418396, at * 2 (S.D. Tex. Aug. 3, 2011) ("The party seeking production of documents bears the burden of establishing the opposing party's control over those documents."); *Securities and Exchange Comm'n. v. Credit Bancorp., Ltd.*, 194 F.R.D. 469, 472 (S.D. N.Y. 2000) (same); *Addamax Corp. v. Open Software Found., Inc.*, 148 F.R.D 462, 465 (D. Mass. 1993); *Glenz v. Sharp Elec. Corp.*, 2010 WL 2758729, at * 3 (D. N.J. July 12, 2010); *Chevron Corp. v. Salazar*, 2011 WL 3424486, * 8 (S.D.N.Y. Aug. 3, 2011).[1]

---

[1] These cases analyze Federal Rule of Civil Procedure 45 and 34, which both contemplate "control" over the materials in question. The scope of discovery under the two rules is coextensive with respect to documentary discovery. *First American Corp. v. Price Waterhouse, LLP*, 154 F.3d 16, 21 (2d

The PSC cannot meet this burden, and in fact, has not even attempted to do so. The PSC's Motion to Compel makes no reference to T. Rowe's control over the documents at issue, nor does it assert any facts that would lead to such a finding. *See* Docket No. 10058. For this reason alone, the Court should deny the PSC's Motion to Compel.

### T. Rowe Price does not "control" the documents requested in the subpoena.

While courts have construed "control" broadly to encompass documents that the respondent has "the legal right, authority, or practical ability to obtain … upon demand," *Chevron Corp.*, 2011 WL 3424486, at *8 (internal citations omitted), *Gerling Int'l Ins. Co. v. C.I.R.*, 839 F.2d 131, 140 (3d Cir. 1988), there are limitations to the reach of Rule 45. In determining control of documents in a parent/subsidiary relationship, courts consider the degree of ownership and control exercised by the parent over the subsidiary, a showing that the two entities operated as one, demonstrated access to documents in the ordinary course of business, and an agency relationship. *Camden Iron and Metal, Inc. v. Marubeni America Corp.*, 138 F.R.D. 438, 442 (D.N.J. 1991). Additional factors courts have considered include: (1) exchange or intermingling of directors, officers or employees of the two corporations; (2) any benefit or involvement of the corporation in the transaction which is the subject of the dispute; and (3) involvement of the corporation in the litigation. *See Shell Global Solutions*, 2011 WL 3418396, at *2; *In re Subpoena Duces Tecum to Ingeteam, Inc.*, 2011 WL 3608407 (E.D. Wisc. Aug. 16, 2011).

---

Cir. 1998); *see also e.g., Addamax Corp.*, 148 F.R.D. at 468 (D. Mass. 1993) (determination of whether "control" exists does not turn on whether the entity from which discovery is sought is a party or a non-party); *Chevron Corp.*, 2011 WL 3424486, at *8 at n.8 ("[T]he phrase 'possession, custody or control' carries the same meaning under Rule 34 and Rule 45") (internal citations omitted).

Courts have applied a number of practical limitations to the doctrine of "control" in the parent/subsidiary context.  The Ninth Circuit has opined that while a parent corporation can be ordered to produce documents possessed by its subsidiary that it owns or wholly controls, the control "must be firmly placed in reality, not in an esoteric concept such as an 'inherent relationship.'" *United States v. Int'l Union of Petroleum and Industrial Workers, AFL-CIO*, 870 F.2d 1450, 1452, 1453-54 (9th Cir. 1989).  The Seventh Circuit has also cautioned against an overly expansive reading of the term "control," noting that "the fact that a party could obtain a document if it tried hard enough … does not mean that the document is in its possession, custody, or control …." *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993).

Under the factors noted above, and keeping in mind the specific limitations noted by federal courts analyzing the question of control, the PSC cannot establish that T. Rowe controls the documents that may be possessed by its subsidiaries.

### 1.     There is no integration of employees or exchange of business documents between T. Rowe and its subsidiaries.[2]

In determining whether a parent has control of documents in its subsidiary's possession, courts find that the intermingling of employees and the exchange of documents between a corporate parent and its subsidiary are two important factors. *See Shell Global Solutions*, 2011 WL 3418396, at *3-4; *In re Subpoena to Huawei Tech. Co., Ltd.*, 720 F. Supp. 2d 969, 978 (N.D. Ill. 2010).  For example, in *Cooper Indus. Inc. v. British Aerospace, Inc.*, 102 F.R.D 918 (S.D.N.Y. 1984), the court found that documents in possession of a non-party parent were within

---

[2]     In its Original Memo, T. Rowe established that T. Rowe and its Hong Kong subsidiary, T. Rowe Price Hong Kong Limited ("T. Rowe Price Hong Kong") do not operate as one, and that T. Rowe does not access T. Rowe Hong Kong's documents in the ordinary course of business.  *See* Original Memo at 5 and affidavit of John Gilner, attached thereto as **Exhibit 3** (the "Gilner Aff.").

the litigating subsidiary's control where the subsidiary sold and serviced airplanes to which the documents related, the parent was the manufacturer of those airplanes, the subsidiary was wholly owned by the parent, the subsidiary was essentially the distributor and servicer of the airplanes in the U.S, among other reasons. *See also*, *e.g.*, *Addamax Corp.*, 148 F.R.D. 462 (D. Mass. 1992) (control found to exist when the alter-ego doctrine warranted piercing the corporate veil and when the subsidiary was an agent of the parent in the transaction giving rise to the suit).

Without a showing of a high level of control or integration, a corporation is not obligated to produce documents held by its parent or subsidiary. *See Ehrlich v. BMW North America, LLC*, 2011 WL 3489105 (C.D. Ca. May 5, 2011) (denying motion to compel the defendant-subsidiary BMW NA to produce documents from its foreign parent, BMW AG (a non-party), where the plaintiff did not establish that BMW NA had legal control over documents in BMW AG's files). A particularly relevant case is that of *In re Subpoena to Huawei Tech. Co, Ltd.*, 720 F. Supp. 2d 969 (N.D. Ill. 2010). There, the court found that the subsidiary from which documents were sought did not have sufficient control over documents held by its foreign parent. The court came to this conclusion despite the fact that the subsidiary was wholly owned by the parent, the two entities engaged in some joint marketing efforts, and the parent and subsidiary exchanged some documents. *Id.* at 977. There was no evidence, however, that the parent gave the subsidiary access to its documents, or that the parent would give the subsidiary any access to the documents requested by the subpoena. *Id.* Further, there was no evidence that the entities exchanged or intermingled directors, or that the parent controlled the subsidiary's directors, officers, or employees. *Id.* The plaintiffs also failed to produce sufficient evidence of the corporation's financial relationship or the subsidiary's relationship to the transactions at issue in the suit. *Id.* The court concluded that while the parent and subsidiary appeared to have a close

relationship, there was no indication that the subsidiary had any relationship with the matters at issue in the lawsuit, or that it was able to obtain documents related to those matters from the parent. *Id.* Therefore, the motion to compel was denied.

Here, T. Rowe does not exchange business documents with T. Rowe Hong Kong. Further, T. Rowe and its third-tier subsidiary do not operate as one. Thus, the relationship between T. Rowe and T. Rowe Hong Kong does not reach this high level of control or integration that courts find necessary for a determination that a parent or subsidiary has the requisite control over its affiliate.

### 2. **T. Rowe has no involvement in the underlying MDL litigation and will not benefit from any involvement.**

This MDL involves claims of product liability related to allegedly defective drywall manufactured by various Chinese companies. T. Rowe. is a financial holding company, not a dry wall manufacturer. *See* Gilner Aff., at ¶ 2. T. Rowe has no involvement in the manufacture of the drywall at issue. Additionally, prior to the service of the PSC's defective subpoena, T. Rowe was not involved in this litigation. T. Rowe certainly will not benefit from the MDL claims.

### **CONCLUSION**

The PSC has not even attempted to meet its burden to show that T. Rowe has control over the documents requested in its subpoena. Moreover, the PSC could not meet this burden if it did try. As established in T. Rowe's Original Memo, supplemented by this brief, T. Rowe does not maintain the requisite control over its subsidiary that would warrant the Court directing it to produce records in the possession of its subsidiaries. As noted in T. Rowe's Original Memo, the PSC had the option of issuing its subpoena to the correct party. T. Rowe, a non-party to this

litigation, should not be punished because the PSC did not take the correct steps to obtain documents it feels are necessary to the prosecution of its claims.

Accordingly, T. Rowe's Motion to Quash should be granted and the PSC's Motion to Compel should be denied.

Respectfully submitted,

/s/
Ward B. Coe, III
Maryland Fed. Bar. No. 00282
wcoe@gejlaw.com
Rebecca L. Caldwell
Maryland Fed. Bar No. 28957
rcaldwell@gejlaw.com
GALLAGHER EVELIUS & JONES LLP
218 North Charles Street, Suite 400
Baltimore, Maryland  21201
(410) 727-7702
*Attorneys for T. Rowe Price Group, Inc.*

Date:  September 6, 2011

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 6th day of Septemebr, 2011, a copy of this pleading was served upon all parties by electronically filing via CM/ECF, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.  I further certify that a copy of this pleading was served on Leonard A. Davis (ldavis@hhkc.com) with the PSC, and Kerry Miller (kmiller@frilot.com) with the DLC by electronic mail.

                                         /s/
                                     Ward B. Coe