UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| | JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br> **ALL CASES** | |

### THE PLAINTIFFS' STEERING COMMITTEE'S
### MEMORANDUM IN OPPOSITION TO T. ROWE PRICE GROUP INC.'S
### MOTION TO QUASH SUBPOENA

**MAY IT PLEASE THE COURT:**

The Plaintiffs' Steering Committee ("PSC") files this opposition to the Motion to Quash filed by T. Rowe Price Group, Inc. ("T. Rowe Price") [Rec. Doc. 10145] concerning a subpoena directed to T. Rowe Price. In addition, the PSC has filed a Motion to Compel T. Rowe Price on August 10, 2011 [Rec. Doc. 10058] and T. Rowe Price filed an opposition on August 19, 2011 [Rec. Doc. 10146].

### THE PSC WILL AGREE TO SET THE DEPOSITION
### AT A MUTUALLY AGREEABLE DATE, TIME & LOCATION

The issues objected to by T. Rowe Price arise out of the subpoena and deposition notice served on T. Rowe Price on July 22, 2011. T. Rowe Price, in sum, urges that the subpoena is invalid and unenforceable because it requires a non-party to travel more than 100 miles, that the subpoena is burdensome and that T. Rowe Price does not possess or control the documents responsive to the subpoena.

1

The real issue involved in this matter is whether T. Rowe Price is in control of the documents requested. This issue was addressed with the Court at the status conference on August 24, 2011. The PSC voluntarily agrees, if requested by T. Rowe Price, to reissue a subpoena in a jurisdiction identified as proper by T. Rowe Price and to set the deposition at a mutually convenient location. The PSC believed that by setting the deposition in Baltimore, Maryland at a law office convenient to all and easily accessible to T. Rowe Price would be an appreciated accommodation to all involved. The PSC is willing to set this deposition at a location, time and date convenient and agreeable to T. Rowe Price and the PSC. Therefore, the PSC will not address in detail the procedural arguments raised by T. Rowe Price claiming that the subpoena is invalid.

Depositions of corporation executives and officers should generally be taken at the principal place of business of the corporation, especially when the corporation is the defendant. *Resolution Trust Corp. v. Worldwide Ins. Management Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992), aff'd, 992 F.2d 325 (5th Cir. 1993); *Salter v. Upjohn Co.*, 593 F.2d 649, 651, 27 Fed. R. Serv. 2d 822 (5th Cir. 1979). Nevertheless, this general rule is "subject to modification when justice so requires." *Baker v. Standard Industries, Inc.,* 55 F.R.D. 178, 179, 16 Fed. R. Serv. 2d 597 (D.P.R. 1972). Corporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum, for the convenience of all parties and in the general interest of judicial economy. *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171, 1 Fed. R. Serv. 3d 717 (S.D. N.Y. 1985). Factors which support the holding of the deposition in the forum district include the fact that counsel for the parties are located in the forum district, that the corporation is a large one whose employees often engage in

travel, and the costs of travel and document production are not oppressive. *Id.* T. Rowe Price identifies its corporate headquarters at 100 East Pratt Street, Baltimore, Maryland, that is listed on the New York Stock Exchange. It is a leading global financial services firm. Information about T. Rowe Price can be found at its website located at corporate.troweprice.com and in its Form 10K filed with the United States Securities and Exchange Commission (Exhibit "A" attached hereto).

### THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRE T. ROWE PRICE TO PRODUCE DOCUMENTS IN ITS "POSSESSION, CUSTODY OR CONTROL"

T. Rowe Price argues that the subpoena and document request are burdensome and further that it is a holding company that does not have any documents in its possession, custody or control that are responsive to the subpoena. T. Rowe Price argues that responsive documents would be in the possession of a "T. Rowe Third-Tier Subsidiary, T. Rowe Price Hong Kong, Ltd." and therefore, to comply, it would have to gather documents "on the other side of the world" and further that "documents further responsive to the subpoena would be in the possession of other subsidiaries."

The inclusion of reference to Federal Rules of Civil Procedure Rule 45 within Federal Rules 26 and 34 is a clear indication that procuring documents from non-parties can constitute discovery. *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995). Fed.R.Civ.P. 34 establishes the procedure for response, objection and production. Rule 34 of the Federal Rules of Civil Procedure governs discovery from parties, requiring them to produce requested documents that are in their possession, custody, or control, while discovery of non-parties is to be had by subpoena pursuant to Rule 45. *See* Fed.R.Civ.P. 34(a), 34(c), 45. Fed.R.Civ.P. 45

permits the issuance of subpoenas for the production of evidence. *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995). The qualitative scope of discovery under Rule 26 is broad. It includes "any matter, not privileged, which is *relevant to the subject matter* involved in the pending action," and "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1) (emphasis added). A subpoena duces tecum constitutes "discovery" within the meaning of Rules 16 and 26 of the Federal Rules of Civil Procedure. As stated in *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.,* Rule 45 subpoenas are "intended to secure the pre-trial production of documents and things" and "are encompassed within the definition of 'discovery' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." 177 F.R.D. 443, 443-44 (D. Minn. 1997). The drafters of the Federal Rules did not attempt to exclude Rule 45 subpoenas from applicability to the discovery rules in the Federal Rules of Civil Procedure. *Id.* at 444.

### "CUSTODY" AND "CONTROL" ARE INTERPETED BROADLY UNDER THE FEDERAL RULES OF CIVIL PROCEDURE

Documents need not be in a party's possession to be discoverable; they need only be in the party's custody or control (it is well settled that a party need not have actual possession of documents to be deemed in control of them). Control includes the legal right of the producing party to obtain documents from another source upon demand. A producing party may be ordered to produce documents where that party has the legal right to obtain the documents, regardless of whether the documents are beyond the jurisdiction of the court. *See, e.g. M.L.C., Inc. v. North*

*American Philips Corp.,* 109 F.R.D. 134, 136 (S.D.N.Y. 1986).  "Control" is broadly construed, and thus a party may be obligated to produce documents requested under Rule 34 where the producing party does not actually possess the documents but has the legal right or practical ability to obtain them from another source on demand. *Golden Trade, S.r.L. v. Lee Apparel Co.,* 143 F.R.D. 514, 525 (S.D.N.Y.1992) (citations omitted); *M.L.C., Inc. v. North Am. Philips Corp.,* 109 F.R.D. 134, 136 (S.D.N.Y.1986) (citations omitted).  *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 90 CIV. 7811 (AGS), 1994 WL 510043 (S.D.N.Y. Sept. 16, 1994).

T. Rowe Price acknowledges in its Form 10K that it has research staff that operates "primarily from offices located in the United States and England with additional staff resident in …Hong Kong..." (see page 5 of 73 of Exhibit "A").  In 2010, its total asset management was $420 billion.  As of December 31, 2010, it employed 5,052 associates.  A number of subsidiaries of T. Rowe Price are identified in its annual report, including an office in Hong Kong (see Exhibit "B", excerpt from Annual Report 2010).

In deciding whether a subsidiary has "control" over documents held by its parent corporation, courts focus on the closeness of the relationship between the entities.  If the requisite degree of closeness is found, production of the documents is required even if in the possession of foreign parent or affiliates, irrespective of whether they are subject to personal jurisdiction of the Court.  *See, e.g., Flavel v. Svedala Industries, Inc.*, 63 Fair Empl.Prac.Cas. (BNA) 1199, 64 Empl. Prac. Dec. P 43,027 (E.D. Wis. 1993); *Cooper Inds., Inc. v. British Aerospace, Inc.,* 102 F.R.D. 918, 919 (S.D.N.Y.1984); *Johnson v. Cloos Int'l. Inc.* 1990 WL 106560, at *1-2 (N.D.Ill.1990); *In re Uranium Antitrust Litigation,* 480 F.Supp. at 1145-53.  If a

party "can obtain the information from sources under its control, it may not avoid answering by alleging ignorance." *See, e.g., Ferber v. Sharp Electronics Corp.,* 40 Fed.R.Serv.2d 950 (S.D.N.Y. 1984).

Furthermore, a producing party may be required to produce documents even if they belong to a third person who is not a party to the action and even though the documents and things are themselves beyond the jurisdiction of the Court. *See, e.g., Japan Halon Co. Ltd. v. Great Lakes Chemical Corp.,* 155 F.R.D. 626, 627-28 (N.D. Ind.1993). The issue is whether T. Rowe Price has the requisite degree of control over the documents sought. *See, e.g., Afros S.P.A. v. Krauss-Maffei Corp.,* 113 F.R.D. 127, 129 (D.Del.1986); *In re Uranium Antitrust Litigation,* 480 F.Supp. 1138, 1145-53 (N.D.Ill.1979).[1]

The subpoena issued in this matter is a discovery device which, although governed in the first instance by Rule 45, is also subject to the parameters established by Rule 26. *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D.Okla.1995).

Under the analysis of District Judge Lewis A. Kaplan in *United States v. Stein*, documents in T. Rowe Price's possession, custody or control within the meaning of Fed.R.Civ.P. 34, include documents that T. Rowe Price has the unconditional right, by contract, to obtain responsive documents held by the Chinese Drywall companies. 488 F. Supp. 2d 350, 361-62 (S.D.N.Y. May 1, 2007).

*Stein* was a criminal case — specifically, the KPMG tax shelter prosecution — but, as Judge Kaplan demonstrates, the governing language ("possession, custody or control") of

---

[1] The PSC is prepared to conduct discovery on this issue should the Court desire.

Fed.R.Crim.P. 16(a)(1)(E), and the relevant precedents, derive from Fed.R.Civ.P. 34, which authorizes requests for documents and things which are in the "possession, custody or control" of the party upon whom the request is served. Fed.R.Civ.P. 34(a). The question for Judge Kaplan was whether to grant the defendants' motion to compel the government to produce certain KPMG documents to which the government had unfettered access pursuant to its Deferred Prosecution Agreement with KPMG. *Stein*, 488 F. Supp. 2d at 352. In ruling in the affirmative, Judge Kaplan quoted with approval § 34.14[2][b] of Moore's for the proposition that:

> Legal ownership of the requested documents or things is not determinative, nor is actual possession necessary if the party has control of the items. Control has been defined to include 'the legal right to obtain the documents requested upon demand.' The term 'control' is broadly construed.

*Stein*, 488 F. Supp. 2d at 361 (quoting 7 Moore's Federal Practice § 34.14[2][b], at 34-63 to 34-64 (3d ed. 2006). He then set forth an array of circumstances reflecting the breadth of the concept of possession, custody or control for discovery purposes:

> These principles have been applied in a wide variety of situations. Parent corporations have been compelled to produce documents in the hands of subsidiaries, subsidiaries documents in the hands of their parent entities, corporations' documents in the hands of employees, clients' documents in the hands of attorneys, corporate officers and directors' documents in the hands of their corporations, and patients' documents in the hands of health care providers. Indeed, the principles have been applied even where the legal relationship arguably was less compelling. In *In re: NTL Securities Litigation,* a corporate defendant was sanctioned for failing to produce documents that were in the hands of another company where the possessor was under a contractual obligation to provide the documents to the defendant. And in *In re: Auction Houses Antitrust Litigation*, a corporation was ordered under an analogous portion of Civil Rule 33 to answer interrogatories calling for information in the hands of its former chief executive

7

>officer where the former officer had contracted to provide the company with such information as it might request in exchange for substantial severance payments that had not all been made.

*Stein*, 488 F. Supp. 2d at 361-62 (citations omitted). T. Rowe Price's position is also incorrect as a matter of law: abuse of the corporate form and fraudulent purpose is simply not the standard for determining whether T. Rowe Price has "possession, custody or control" of documents under Fed. R. Civ. P. 34(a). Federal courts construe "possession custody or control" very broadly under Rule 34; in particular, a party is not required to have legal ownership or physical possession of the requested documents, rather, control is defined as the legal right, authority or ability to obtain the documents. *See United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 2010 U.S. Dist. LEXIS 98283 (E.D. La. Aug. 31, 2010) ("Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty."); *see also Camden Iron and Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991); *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135 (S.D.N.Y. 1997); *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989); *Flavel v. Svedala Indus., Inc.*, 92-C-1095, 1993 WL 580831 (E.D. Wis. Dec. 13, 1993) ("[I]n spirit with the current policy of permissive discovery, a party is generally considered to have 'control' over documents under Rule 34(a) if it can likely obtain such documents upon demand. . . . [This analysis] promotes the policies underlying Rule 34(a)."). T. Rowe Price cannot be allowed to shield crucial documents from discovery merely by storing them in a parent company or affiliate. *See, e.g., Cooper Industries, Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918 (S.D.N.Y. 1984).

### T. ROWE PRICE HAS A DUTY TO RESPOND ON BEHALF OF ITS WHOLLY OWNED SUBSIDIARIES

T. Rowe Price is a financial service holding company that began in 1937. The T. Rowe Price Group corporate holding company structure was established in 2000 (see page 3 of 73 of Exhibit "A"). T. Rowe Price has control over its subsidiaries and must produce responsive documents. Merely because the documents may not be located in the United States does not prevent T. Rowe Price from producing the requested documents. T. Rowe Price maintains an investment and research office in Baltimore and Hong Kong which is used to support their efforts (see Exhibit B excerpt at page 5). There is no hardship for T. Rowe Price to comply with the subpoena. The parties have met and conferred in good faith to try to resolve the issues and narrow any inconvenience that may be asserted.

### VEIL PIERCING OR ABUSE OF THE CORPORATE FORM IS IRRELEVANT TO A FEDERAL RULE OF CIVIL PROCEDURE 34 OR 45 ANALYSIS

In the context of determining whether a subsidiary has possession, custody or control of documents belonging to its parent, courts consider the nature of the relationship between them to determine whether the subsidiary has "access to the documents" and "ability to obtain the documents." The relationship **need not** rise to the level of agency or alter ego (although a finding of alter ego or agency will generally suffice to meet the Rule 34 requirement of control). *Addamax Corp. v. Open Software Found, Inc.*, 148 F.R.D. 462, 467 (D.Mass. 1993). District courts have explicitly rejected the notion that veil-piercing or alter ego standards applied for

9

purposes of liability are applicable in the context of Rule 34(a). *See, e.g.*, *Flavel v. Svedala*, 1993 WL 580831 (E.D. Wis. 1993) ("a party may exercise the requisite degree of 'control' over documents held by a related entity under the discovery rules without exhibiting the degree of interrelationship necessary to project liability upon such entity pursuant to the [applicable liability statute]. **The degree of relationship between a domestic subsidiary and a foreign parent required to subject the latter to liability . . . is certainly greater than that needed to subject the latter to document production through the former.**") (emphasis added); *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 442 (D.N.J. 1991) ("**Rule34(a) does not require plaintiff to demonstrate an alter ego relationship in order to show that a litigant 'controls' documents or things that are possessed by a parent corporation** with respect to a specific transaction involving parent and subsidiary. . . . the determination of control turns upon whether the intracorporate relationship establishes some legal right, authority or ability to obtain the requested documents on demand.") (emphasis added); *Alcan Int'l Ltd. v. S.A. Day Mfg. Co.*, 176 F.R.D. 75, 78 (W.D.N.Y. 1996).

## CONCLUSION

In summary, T. Rowe Price's objection regarding procedural issues to the service of the subpoena is moot, due to the PSC's willingness to coordinate the deposition at a mutually agreeable date and time. The heart of the dispute is the applicability of "possession, custody or control" to a Rule 45 subpoena. Having shown that "possession, custody or control" applies in a Rule 45 analysis, the only issue is whether T. Rowe Price has "possession, custody or control" of the requested documents and within the context of the cases cited herein. Accordingly, the PSC requests that the Court enter an order requiring T. Rowe Price to provide the PSC with the

10

documents requested in the subpoena within its "possession, custody, or control" as required by the applicable Federal Rules of Civil Procedure.

Dated: September 6, 2011

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

11

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.WSuite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 (mailing address)
15058 River Road
Hahnville, LA  70057
Phone:  (985) 783-6789
Fax:  (985) 783-1333
andrew@lemmonlawfirm.com

Jeremy W. Alters
Alters Law Firm
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 6th day of September, 2011.

    I hereby further certify that the above and foregoing has been served on T. Rowe Price Group, Inc., through its attorney, Ward B. Coe, Gallagher Evelius & Jones, LLP, via email wcoe@gejlaw.com, on this 6th day of September, 2011.

/s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhkc.com