UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * MDL NO. 2047 <br> * <br> * <br> * JUDGE FALLON <br> * |
| THIS DOCUMENT RELATES TO: | * <br> * |
| ALL CASES | * MAGISTRATE WILKINSON <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF JPMORGAN CHASE & CO. CONCERNING "CONTROL" UNDER FED. R. CIV. P. 45**

Pursuant to the Court's request in open court on August 24, 2011, JPMorgan Chase & Co., a non-party to this MDL, submits this memorandum as a supplement to its Motion to Quash Subpoena (R. Doc. 10142) and its Opposition to the Motion to Compel (R. Doc. 10142-1) to specifically address whether JPMorgan Chase & Co. has the requisite "control" over the documents which the PSC seeks pursuant to a subpoena issued to JPMorgan Chase & Co.

JPMorgan Chase & Co. submits this memorandum without waiver of and specifically preserving its arguments concerning the procedural defects which render the subpoena invalid and unenforceable.[1]  An analysis of the statutory text and jurisprudence as well as the relevant facts demonstrate that the PSC cannot meet its burden and establish that JPMorgan Chase & Co. has custody and control over the documents sought by the subpoena.

**I.     THE PSC BEARS THE BURDEN OF PROOF AND IT HAS NOT MET IT.**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a non-party may be required to produce documents which are in the non-party's "possession, custody, or control." Fed. R.

---

[1] *See* JPMorgan Chase & Co.'s Motion to Quash Subpoena (R. Doc. 10142) and Opposition to PSC's Motion to Compel and Memorandum in Support of Motion to Quash Subpoena. (R. Doc. 10142-1).

389094.1

Civ. P. 45(a)(1)(C). It is undisputed that JPMorgan Chase & Co. does not have in its possession or custody the documents sought by the PSC. Thus, the only issue is whether JPMorgan Chase & Co. has "control" over the documents in question.

Courts analyzing Rule 45 and Rule 34, which pertains to discovery of documents in the "possession, custody and control" of parties, uniformly hold that the party seeking discovery bears the burden of showing that the other party has control over the materials sought.[2] *See United States v. International Union Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989), citing *Norman v. Young*, 422 F.2d 470, 472-72 (10th Cir. 1970); *Securities and Exchange Comm'n. v. Credit Bancorp., Ltd.*, 194 F.R.D. 469, 472 (S.D. N.Y. 2000); *Chevron Corp. v. Salazar*, 2011 WL 3424486, * 8 (S.D. N.Y. Aug. 3, 2011). Thus, the PSC bears the burden of proving that JPMorgan Chase & Co. has "control" over the documents sought by the subpoena.

The PSC cannot meet this burden, and it has not made an attempt to do so. A review of the pleadings filed in this matter contain no attempt by the PSC to establish that JPMorgan Chase & Co. has any control over the documents at issue. For this reason alone, the Court should appropriately conclude that the PSC has failed to meet its burden and deny its motion to compel.

## II. JPMORGAN CHASE & CO. DOES NOT "CONTROL" THE DOCUMENTS SOUGHT

Subpoenas issued pursuant to Rule 45 of the Federal Rules of Civil Procedure may require respondents to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii); "'Control' is construed broadly to encompass documents that the respondent has 'the legal right,

---

[2] Both Rule 34 and Rule 45 of the Federal Rules of Civil Procedure contemplate "control" over the materials in question. The scope of discovery under the two rules is coextensive with respect to documentary discovery. *First American Corp. v. Price Waterhouse, LLP*, 154 F.3d 16, 21 (2nd Cir. 1998); *see also e.g., Addamax Corp. v. Open Software Found., Inc.*, 148 F.R.D. 462, 468 (D. Mass. 1993)(determination of whether "control" exists does not turn on whether the entity from which discovery is sought is a party or a non-party); *Chevron Corp. v. Salazar*, 2011 WL 3424486, fn. 8 (The phrase "possession, custody or control" carries the same meaning under Rule '34 and Rule 45).

389094.1

authority, or practical ability to obtain ... upon demand.'" *Chevron Corp.*, 2011 WL 3424486, * 8; *Gerling Intern. Ins. Co. v. C.I.R.*, 839 F.2d 131, 140 (3rd Cir. 1988); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *Colon v. Blades*, 268 F.R.D. 129, 131 (D, P.R, 2010); *Shell Global Solutions*, 2011 WL 3418396 * 2. While "control" may be construed broadly, there are limitations.

In determining whether a corporation may be ordered to produce documents sought from the corporation's affiliate, courts focus on the nature of the relationship between the corporation and the affiliate to determine whether the documents are in the corporation's custody and control. *Shell Global Solutions (US) Inc. v. RSM Engineering, Inc.*, 2011 WL 3418393, * 2 (S.D. Tex. Aug. 3, 2011).

The factors to be considered include commonality of ownership; exchange or intermingling of directors, officers or employees of the two corporations; exchange of documents between the corporations in the ordinary course of business; any benefit or involvement of the corporation in the transaction which is the subject of the dispute; and involvement of the corporation in the litigation. *Id.*; *In re Subpoena Duces Tecum to Ingeteam, Inc.*, 2011 WL 3608407 (E.D. Wisc. Aug 16, 2011); *See also In re Subpoena to Huawei Technologies Co., Ltd*, 720 F.Supp.2d 969 (N.D. Ill. 2010)(applying similar factors).

Other courts have applied a number of practical limitations that are appropriate when considering a corporate parent's ability to produce documents for a subsidiary. The Ninth Circuit has opined that while a parent corporation can be ordered to produce documents possessed by its subsidiary that it owns or wholly controls, the control "must be firmly placed in reality, not in an esoteric concept such as an 'inherent relationship.'" *See United States v. Intl. Union of Petroleum and Industrial Workers, AFL-CIO*, 870 F.2d at 1453-54.

389094.1

The Seventh Circuit also has cautioned against an overly expansive reading of the term "control," noting that "the fact that a party could obtain a document if it tried hard enough ... does not mean that the document is in its possession, custody, or control ...." *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993).  In any event, as discussed below, JPMorgan Chase & Co. does not have access to the subject documents.

Applying the aforementioned factors to this case, the PSC cannot establish that JPMorgan Chase & Co. controls the documents that may be possessed by its subsidiaries.

A. **There is no integration of employees or an exchange of business documents between JP Morgan Chase & Co. and its subsidiaries**

The intermingling of employees and the exchange of documents between a corporate parent and its subsidiary are two important factors in determining the existence of a control relationship by the corporate parent. *See Shell Global Solutions*, 2011 WL 3418396 *3-4;  *In re Subpoena to Huawei Technologies Co., Ltd*, 720 F.Supp.2d 969, 978 (N.D. Ill. 2010)

It is undisputable that JPMorgan Chase & Co. does not share employees with the relevant subsidiaries, and nor does it exchange business documents with these same subsidiaries.[3]  Whether or not the parent and the subsidiary intermingled employees and shared business documents was a critical factor in both *Shell Global Solutions* and *In re Subpoena to Huawei Technologies Co., Ltd.*  In both decisions, the court held the lack of sharing of employees and documents were critical factors in determining that there was not control.

In the parent/subsidiary context, cases analyzing "control" reveal that a high level of control or integration is necessary for a determination that the parent or subsidiary has the requisite control over its affiliate.  *See Pitney Bowes, Inc. v. Kern International, Inc.*, 239 F.R.D. 62, 66 (D. Conn. 2006)(the determination of whether control exists is a fact specific inquiry,

---

[3] *See* the affidavit of Christine N. Bannerman attached as Exhibit 1, ¶¶9 and 10.

389094.1

where the nature of the transactional relationship between the entities is pivotal); *Ehrlich v. BMW North America, LLC*, 2011 WL 3489105 (C.D. Ca. May 2, 2011); *In re Subpoena to Huawei Technologies Co., Ltd.,* 720 F.Supp.2d 977.

In the absence of a high level of control or integration, a corporation is not obligated to produce documents held by its parent or subsidiary. In *Ehrlich v. BMW North America, LLC*, for example, the court denied a motion to compel the defendant-subsidiary BMW NA to produce documents from its foreign parent, BMW AG (a non-party), where the plaintiff did not establish that BMW NA had legal control over documents in BMW AG's files. The BMW NA was owned by a company that was owned by BMW AG. Further, there was nothing about the relationship between BMW NA and BMW AG which suggested that BMW NA had the power to order BMW AG to turn over the documents or that BMW AG was contractually obligated to turn over documents to BMW NA. *Ehrlich*, 2011 WL 3489105.

A similar result was reached in *In re Subpoena to Huawei Technologies Co., Ltd.*, where the court found that the subsidiary did not have sufficient control over documents held by the foreign parent. Certain factors weighed in favor of control: the subsidiary was wholly owned by the parent, and the two entities engaged in some joint marketing efforts. The two entities also exchanged some documents which was demonstrated by the parent reporting on its earnings and its subsidiaries' earnings. Importantly, however, there was no evidence that the parent gave the subsidiary access to its documents, and no evidence that the parent would give the subsidiary any access to the documents requested by the subpoena. Further, there was no evidence that the entities exchanged or intermingled directors, or that the parent controlled the subsidiary's directors, officers, or employees. The plaintiff also failed to produce sufficient evidence of the corporations' financial relationship or the subsidiary's relationship to the transactions at issue in

389094.1

the suit. The court concluded that while the parent and subsidiary appeared to have a close relationship, there was no indication that the subsidiary had any relationship with the matters at issue in the lawsuit, or that it was able to obtain documents related to those matters from the parent. Therefore, the motion to compel was denied. *In re Subpoena to Huawei Technologies Co., Ltd.*, , 720 F.Supp.2d 977.

Here, there is no sharing of employees of the corporate parent and its subsidiaries, and they do not share business records. Accordingly, the PSC's failure to establish otherwise warrants the conclusion that JPMorgan Chase & Co. is not in control of the subpoenaed documents.

### B. JPMorgan Chase & Co. has no involvement in the underlying MDL litigation and it will not benefit from any involvement.

This MDL involves claims of product liability related to allegedly defective drywall manufactured by various Chinese companies. JPMorgan Chase & Co. is a financial holding company,[4] not a dry wall manufacturer. JPMorgan Chase & Co. has no involvement in the manufacture of the drywall at issue.[5] Indeed, the PSC cannot dispute that JPMorgan Chase & Co. was not involved with the manufacture or distribution of the drywall at issue in this case.

Additionally, prior to the service of the PSC's defective subpoena, JPMorgan Chase & Co. was not involved in this litigation.[6] Finally, given that it has no role or stake in this litigation, JPMorgan Chase & Co. certainly will not benefit from the resolution of the MDL claims.

---

[4] *See* Bannerman affidavit, Exhibit 1, ¶5.
[5] *See* Bannerman affidavit, Exhibit 1, ¶12.
[6] *See* Bannerman affidavit, Exhibit 1, ¶13.

389094.1

### C. Practical Limitations Limit Control.

In addressing the corporate control, the Ninth Circuit in *United States v. Intl. Union of Petroleum and Industrial Workers, AFL-CIO* and the Seventh Circuit in *Chaveriat v. Williams Pipe Line Co.* have placed practical limitations on a corporation's control. The mere fact of a parent/subsidiary relationship is not enough. The control must be firmly placed in reality and the fact that a parent could obtain a document from its subsidiary if it tried hard enough is not sufficient to establish control. There has to be real access to subpoenaed documents before requiring their production by the corporate parent. In this case, JPMorgan Chase & Co. and its subsidiaries do not share or have access to their respective business records.[7] In other words, the PSC cannot satisfy the reasonable and practical limitation set forth by the two circuit courts because JPMorgan Chase & Co. does not even have access to the documents of it subsidiaries.

### D. Practical Consideration.

There is a very important practical consideration that should not be overlooked. JPMorgan Chase & Co. provided an excerpt of the Hong Kong Exchanges and Clearing Limited public website which identified those JPMorgan Chase & Co. entities that at a point in time have held a position in CNBM.[8]

Frankly, JPMorgan Chase & Co. does not understand why the PSC did not issue a subpoena to one or more of JPMorgan Chase & Co.'s subsidiaries, instead of bringing a motion to compel against JPMorgan Chase & Co. JPMorgan Chase & Co. has provided a road map to the PSC by producing a document identifying the corporate subsidiaries from whom the PSC should seek documents. Rather than issuing a subpoena to the subsidiaries directly, the PSC has continued to seek documents from JPMorgan Chase & Co., the parent holding company. Any

---

[7] *See* Bannerman affidavit, Exhibit 1, ¶10.
[8] *See* Exhibit C to the PSC's Memorandum in Support of its Motion to Compel, R. Doc. 10056-4

389094.1

argument from the PSC that it cannot serve those subsidiaries is a red herring. Of the subsidiaries identified in the documentation as having had a partial ownership interest in CNBM, the vast majority of those subsidiaries are located in the United States and the United Kingdom,[9] and subject to service of a subpoena.

## III. CONCLUSION

In sum, it is the PSC's burden to establish that JPMorgan Chase & Co. has control over the documents the PSC has requested, and the PSC has not met this burden.

JPMorgan Chase & Co. does not have the requisite control over its subsidiaries to warrant the Court directing it to produce the records of its corporate subsidiaries. JPMorgan Chase & Co. and its subsidiaries do not share any employees or share or have access to their respective business records. In addition, JPMorgan Chase & Co. was not involved in the business transactions underlying this dry wall products liability litigation, and JPMorgan Chase & Co. will not benefit from its resolution. Finally, the PSC can present no evidence to establish that JPMorgan Chase & Co. has the legal right, authority, or practicable ability to obtain the documents in question, to the extent such documents even exist or may be in the subsidiaries' possession.

Therefore, JPMorgan Chase & Co.'s motion to quash should be granted and the PSC's motion to compel should be denied. The subpoena is unenforceable on its face, and the PSC cannot establish that JPMorgan Chase & Co. has the requisite control over the documents requested by the PSC.

---

[9] Of the 27 subsidiaries of JPMorgan Chase & Co. listed on Exhibit C, 23 of them are in the United States and the United Kingdom.

389094.1

                        Respectfully submitted,

                        */s/ Michael D. Ferachi*
Rodolfo J. Aguilar, Jr.  (La. Bar Roll No. 1192)
Michael D. Ferachi (La. Bar Roll No. 19566)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

ATTORNEYS FOR JPMORGAN CHASE & CO.

## CERTIFICATE OF SERVICE

     I certify that on September 6, 2011 a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  In accordance with the procedures established in MDL 2047, notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system.  I further certify that a copy of this pleading was served on Leonard A. Davis (ldavis@hhkc.com) with the PSC, and Kerry Miller (kmiller@frilot.com) the DLC by electronic mail.

                        */s/ Michael D. Ferachi*
                            Michael D. Ferachi