UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 02047<br>SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| DANIEL ABREU, et al., v. GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG, et al.: CASE NO.: 11-252 (Omni VIII)_____/ | MAG. JUDGE WILKINSON |

### DEFENDANT, WOODLAND ENTERPRISES, INC.'S, MOTION TO DISMISS, WITH PREJUDICE, THE CLAIMS BROUGHT AGAINST IT IN THE ABREU OMNIBUS CLASS ACTION COMPLAINT (OMNI VIII)

Defendant, Woodland Enterprises, Inc. ("Woodland"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss, with prejudice, all claims brought against it in the Abreu Omnibus Class Action Complaint (Omni VIII) by **Freddy and Anh McNabb** (the "Plaintiffs") for failure to state a claim upon which relief can be granted and to strike Plaintiffs' demand for a jury trial.

### INTRODUCTION AND BACKGROUND

Plaintiffs have added Woodland – the Florida builder that constructed their home – to the hundreds of defendants named in the Abueu Omnibus Class Action Complaint (Omni VIII) (the "Omnibus Complaint") even though there is no evidence, and indeed no allegation that their home construction was in any way deficient.[1]  Plaintiffs seek to hold Woodland liable for allegedly defective drywall supplied to and installed in Plaintiffs' residence located at 10750

---

[1] This Motion and the attached Memorandum of Law cite to the Omnibus Complaint as "Cmplt. ¶ __."

{FT776480;1}

Carlton Road, Port Saint Lucie, Florida (the "Property") by other co-defendants named in this action – despite the fact that there is no evidence, and indeed no factual basis upon which to allege, that Woodland was in any way involved in the manufacture, distribution, or sale of the allegedly defective drywall; had any knowledge of the alleged defects in the drywall at any time material to this lawsuit; or that Woodland's construction techniques were in any way deficient. Indeed, to the contrary, the Omnibus Complaint establishes that the alleged defects were "latent" and only manifested after Plaintiffs purchased the Property.

In a shotgun pleading that makes no effort to distinguish between Woodland and the entities actually responsible for the drywall, the Plaintiffs offer a laundry list of generic common law and statutory theories that mirror those of every other claimant in this lawsuit. Specifically, Plaintiffs allege the following ten claims[2] against Woodland: Negligence (Count I, ¶¶ 454-461); Negligence Per Se (Count II, ¶¶ 462-468); Strict Liability (Count III, ¶¶ 469-486); Breach of Express and/or Implied Warranties (Count IV, ¶¶ 487-494); Breach of Implied Warranty of Habitability (Count VI, ¶¶ 507-513); Breach of Contract (Count VII, ¶¶ 514-517); Private Nuisance (Count XI, ¶¶ 549-555); Unjust Enrichment (Count XII, ¶¶ 556-559); Violation of Florida's Deceptive and Unfair Trade Practices Act (Count XIII, ¶¶ 560-564); and Equitable and Injunctive Relief and Medical Monitoring (Count XIV, ¶¶ 565-577). Each of these claims is

---

[2]   There are fourteen Counts in the Omnibus Complaint, but only ten of them arguably apply to Woodland. The four remaining Counts do not. Specifically, Count V (for breach of warranty under Florida's condominium code) does not apply to Woodland because Plaintiffs allegedly purchased a residential home, not a condominium. Count VIII applies to "Louisiana Home Builders Only," and no one disputes that Woodland resides in Florida. *Id*. ¶¶ 404. Count IX ("Redhibition – by Louisiana Plaintiffs") does not apply because Plaintiffs are allegedly residents of Florida, not Louisiana. Finally, Count X (Louisiana Products Liability Act) applies solely to "Manufacturing" or "Distributor" Defendants, whereas the Omnibus Complaint identifies Woodland as a "Developer/Builder" Defendant. *Id*. ¶¶ 404.

governed by and arises under Florida law.[3]  As detailed in the Memorandum of Law in support of this Motion filed concurrently herewith, every one of these claims should be dismissed as fatally defective pursuant to Rule 12(b)(6) and Florida law.  Indeed, as set forth in the Memorandum of Law, Florida courts considering "Chinese-manufactured drywall" claims have already begun dismissing some of the very same causes of action that the Plaintiffs are asserting against Woodland here, in this lawsuit.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law in support, Defendant Woodland Enterprises, Inc. respectfully requests that the Court enter an order dismissing the claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6), striking Plaintiffs' demand for a jury trial, and awarding Woodland its attorneys' fees and costs in defending this action against Plaintiffs pursuant Florida's Deceptive and Unfair Trade Practices Act and pursuant to the parties' Construction Contract.

---

[3]  Because Plaintiffs filed their claims against Woodland directly in the Eastern District of Louisiana – rather than filing in a Florida court and having the matter transferred to this forum – this Court should apply the choice-of-law rules of Louisiana.  *See Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 n. 6 (5th Cir. 1981).  Under Louisiana's choice-of-law rules, Florida has, by far, the most significant relationship with the dispute.  Plaintiffs' alleged drywall injuries occurred in Florida, the subject property is located in Florida, and Woodland resides in Florida.  *See* Cmplt. ¶¶ 404; *Gulf States Utilities Co. v. NEI Peebles Elec. Prods., Inc.*, 819 F. Supp. 538, 552-53 (M.D. La. 1993) (discussing Louisiana choice of law factors and statutes). Florida substantive law therefore governs each of Plaintiff's claims against Woodland.

Dated: September, 7th  2011

Respectfully submitted,

**AKERMAN SENTERFITT**

By:   /s/ Stacy Bercun Bohm
Stacy Bercun Bohm (Fla. Bar No. 022462)
Valerie B. Greenberg. (Fla. Bar No. 26514
Leslie Miller Tomczak (Fla. Bar No. 126489)
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301-2229
Telephone: (954) 463-2700
Telecopier: (954) 463-2224
Email:  stacy.bohm@akerman.com
valerie.greenberg@akerman.com
leslie.tomczak@akerman.com
**LEAD COUNSEL FOR DEFENDANT, WOODLAND ENTERPRISES, INC.**


**PHELPS DUNBAR, LLP**

By:   /s/ Brent B. Barriere
Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La Bar No. 31309)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: Brent.barriere@phelps.com
Susie.morgan@phelps.com

**LOCAL COUNSEL FOR DEFENDANT, WOODLAND ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, at Herman, Katz & Coltar, LLP, 820 O'Keefe Avenue., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, at Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, LA 70163 (kmiller@frilot.com) by U.S. Mail and e-mail <u>or</u> by hand delivery and email, <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of September, 2011.

                       /s/ Stacy Bercun Bohm