UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | MDL No. 02047<br>SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| LAURA HAYA, DANIEL HAYA and<br>IRENE HAYA, et al. v.<br>TAISHAN GYPSUM CO., LTD., et al.;<br>Case No. 11-1077 (Omni IX) | MAG. JUDGE WILKINSON |

**DEFENDANT, WOODLAND ENTERPRISES, INC.'S, MOTION TO DISMISS, WITH PREJUDICE, THE CLAIMS BROUGHT AGAINST IT IN THE SECOND AMENDED HAYA OMNIBUS CLASS ACTION COMPLAINT (OMNI IX)**

Defendant, Woodland Enterprises, Inc. ("Woodland"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss with prejudice all claims against Woodland in the Second Amended Haya Omnibus Class Action Complaint (Omni IX) brought by **Veronica Purcell** (the "Plaintiff") for failure to state a claim upon which relief can be granted.

### INTRODUCTION AND BACKGROUND

Plaintiff has added Woodland – the Florida builder that constructed her home – to the hundreds of defendants named in the Second Amended Haya Omnibus Class Action Complaint ("Omni IX") (the "Omnibus Complaint")[1] even though there is no evidence, and indeed no allegation, that her home construction was in any way deficient. Plaintiff seeks to hold Woodland liable for allegedly defective drywall supplied to and installed in her residence located at 6845 Mitchell Street, Jupiter, Florida (the "Property") [Cmplt., Ex. A, pg. 8 (Plf. # 631)] by other co-defendants named in this action – despite the fact that there is no evidence, and indeed no factual basis upon which to allege, that Woodland was in any way involved in the

---

[1] This Motion and the attached Memorandum of Law cite to the Second Amended Haya Omnibus Class Action Complaint as "Cmplt. ¶ __."

{FT778600;1}

manufacture, distribution, or sale of the allegedly defective drywall; had any knowledge of the alleged defects in the drywall at any time material to this lawsuit; or that Woodland's construction techniques were in any way deficient. Indeed, to the contrary, the Omnibus Complaint establishes that the alleged defects were "latent" and only manifested after Plaintiff purchased the Property.

In a shotgun pleading that makes no effort to distinguish between Woodland and the entities actually responsible for the drywall, the Plaintiff offers a laundry list of generic common law and statutory theories that mirror those of every other claimant in this lawsuit. Specifically, Plaintiff alleges the following ten claims[2] against Woodland: Negligence (Count I, ¶¶ 41-48); Negligence Per Se (Count II, ¶¶ 49-55); Strict Liability (Count III, ¶¶ 56-73); Breach of Express and/or Implied Warranties (Count IV, ¶¶ 74-81); Breach of Implied Warranty of Habitability (Count VI, ¶¶ 94-100); Breach of Contract (Count VII, ¶¶ 101-104); Private Nuisance (Count XI, ¶¶ 136-142); Unjust Enrichment (Count XII, ¶¶ 143-146); Violation of Florida's Deceptive and Unfair Trade Practices Act (Count XIII, ¶¶ 147-151); and Equitable and Injunctive Relief and Medical Monitoring (Count XIV, ¶¶ 152-164). Each of these claims is governed by and arises under Florida law.[3] As detailed in the Memorandum of Law in support of this Motion filed

---

[2] There are fourteen Counts in the Omnibus Complaint, but only ten of them arguably apply to Woodland. The four remaining Counts do not. Specifically, Count V (for breach of warranty under Florida's condominium code) does not apply to Woodland because Plaintiff allegedly purchased a residential home, not a condominium. Count VIII applies to "Louisiana Home Builders Only," and no one disputes that Woodland resides in Florida. Count IX ("Redhibition – by Louisiana Plaintiffs") does not apply because Plaintiff are residents of Florida, not Louisiana. Finally, Count X (Louisiana Products Liability Act) applies solely to "Manufacturing" or "Distributor" Defendants, whereas the Omnibus Complaint identifies Woodland as a "Developer/Builder" Defendant. *Cmplt.*, Ex. A, pg. 68 (Subclass 233).

[3] Because Plaintiff filed her claims against Woodland directly in the Eastern District of Louisiana – rather than filing in a Florida court and having the matter transferred to this forum – this Court should apply the choice-of-law rules of Louisiana. *See Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 n. 6 (5th Cir. 1981). Under Louisiana's choice-of-law rules, Florida has, by far, the most significant

concurrently herewith, every one of these claims should be dismissed as fatally defective pursuant to Rule 12(b)(6) and Florida law. Indeed, as set forth in the Memorandum of Law, Florida courts considering "Chinese-manufactured drywall" claims have already begun dismissing some of the very same causes of action that the Plaintiff is asserting against Woodland in this lawsuit.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law in support, Defendant Woodland Enterprises, Inc., respectfully requests that the Court enter an order dismissing the claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6), and awarding Woodland its attorneys' fees and costs in defending this action against Plaintiff pursuant Florida's Deceptive and Unfair Trade Practices Act.

Dated: September 9, 2011

Respectfully submitted,

**AKERMAN SENTERFITT**

By:   /s/ Stacy Bercun Bohm
Stacy Bercun Bohm (Fla. Bar No. 022462)
Valerie B. Greenberg. (Fla. Bar No. 26514)
Leslie Miller Tomczak (Fla. Bar No. 126489)
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301-2229
Telephone: (954) 463-2700
Telecopier: (954) 463-2224
Email:  stacy.bohm@akerman.com
           valerie.greenberg@akerman.com
           leslie.tomczak@akerman.com
**LEAD COUNSEL FOR DEFENDANT,
WOODLAND ENTERPRISES, INC.**

---

relationship with the dispute. Plaintiff's alleged drywall injuries occurred in Florida, the subject property is located in Florida, and Woodland resides in Florida. *See* Cmplt., Ex. A, p. 68 (Subclass 631); *Gulf States Utilities Co. v. NEI Peebles Elec. Prods., Inc.*, 819 F. Supp. 538, 552-53 (M.D. La. 1993) (discussing Louisiana choice of law factors and statutes). Florida substantive law therefore governs each of Plaintiff's claims against Woodland.

**PHELPS DUNBAR, LLP**

By:   /s/ Brent B. Barriere
Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La Bar No. 31309)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: Brent.barriere@phelps.com
           Susie.morgan@phelps.com

**LOCAL COUNSEL FOR DEFENDANT, WOODLAND ENTERPRISES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, at Herman, Katz & Coltar, LLP, 820 O'Keefe Avenue., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, at Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, LA 70163 (kmiller@frilot.com) by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of September, 2011.

          /s/ Stacy Bercun Bohm

{FT778600;1}