UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | MDL No. 02047<br>SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| LAURA HAYA, DANIEL HAYA and<br>IRENE HAYA, et al. v.<br>TAISHAN GYPSUM CO., LTD., et al.;<br>Case No. 11-1077 (Omni IX) | MAG. JUDGE WILKINSON |

**DEFENDANT, PAUL HOMES, INC., N/K/A MANAGEMENT SERVICES OF LEE COUNTY, INC.'S, MOTION TO DISMISS, WITH PREJUDICE, THE CLAIMS BROUGHT AGAINST IT IN THE SECOND AMENDED HAYA OMNIBUS CLASS ACTION COMPLAINT (OMNI IX)**

Defendant, Paul Homes, Inc., n/k/a Management Services of Lee County, Inc. ("Paul Homes"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss with prejudice all claims against Paul Homes in the Second Amended Haya Omnibus Class Action Complaint (Omni IX) brought by **Michael Nukho, Edward Nukho, and George Nukho** (the "Plaintiffs") for failure to state a claim upon which relief can be granted.

**INTRODUCTION AND BACKGROUND**

Plaintiffs have added Paul Homes – the Florida builder that constructed their home – to the hundreds of defendants named in the Second Amended Haya Omnibus Class Action Complaint ("Omni IX") (the "Omnibus Complaint")[1] even though there is no evidence, and indeed no allegation, that their home construction was in any way deficient. Plaintiffs seek to hold Paul Homes liable for allegedly defective drywall supplied to and installed in their residence located at 430 S.E. 21st Terrace, in Cape Coral, Florida 33990 (the "Property")

---

[1] This Motion and the attached Memorandum of Law cite to the Second Amended Haya Omnibus Class Action Complaint as "Cmplt. ¶ __."

{FT805266;1}

[Cmplt., Ex. A, pg. 77 (Plf. # 735)] by other co-defendants named in this action – despite the fact that there is no evidence, and indeed no factual basis upon which to allege, that Paul Homes was in any way involved in the manufacture, distribution, or sale of the allegedly defective drywall; had any knowledge of the alleged defects in the drywall at any time material to this lawsuit; or that Paul Homes' construction techniques were in any way deficient. Indeed, to the contrary, the Omnibus Complaint establishes that the alleged defects were "latent" and only manifested after Plaintiffs purchased the Property.

In a shotgun pleading that makes no effort to distinguish between Paul Homes and the entities actually responsible for the drywall, the Plaintiffs offer a laundry list of generic common law and statutory theories that mirror those of every other claimant in this lawsuit. Specifically, Plaintiffs allege the following ten claims[2] against Paul Homes: Negligence (Count I, ¶¶ 41-48); Negligence Per Se (Count II, ¶¶ 49-55); Strict Liability (Count III, ¶¶ 56-73); Breach of Express and/or Implied Warranties (Count IV, ¶¶ 74-81); Breach of Implied Warranty of Habitability (Count VI, ¶¶ 94-100); Breach of Contract (Count VII, ¶¶ 101-104); Private Nuisance (Count XI, ¶¶ 136-142); Unjust Enrichment (Count XII, ¶¶ 143-146); Violation of Florida's Deceptive and Unfair Trade Practices Act (Count XIII, ¶¶ 147-151); and Equitable and Injunctive Relief and Medical Monitoring (Count XIV, ¶¶ 152-164). Each of these claims is governed by and arises

---

[2] There are fourteen Counts in the Omnibus Complaint, but only ten of them arguably apply to Paul Homes. The four remaining Counts do not. Specifically, Count V (for breach of warranty under Florida's condominium code) does not apply to Paul Homes because Plaintiffs allegedly purchased a residential home, not a condominium. Count VIII applies to "Louisiana Home Builders Only," and no one disputes that Paul Homes resides in Florida. Count IX ("Redhibition – by Louisiana Plaintiffs") does not apply because Plaintiffs are residents of Florida, not Louisiana. Finally, Count X (Louisiana Products Liability Act) applies solely to "Manufacturing" or "Distributor" Defendants, whereas the Omnibus Complaint identifies Paul Homes as a "Developer/Builder" Defendant. *Cmplt.*, Ex. A, pg. 77 (Subclass 148).

under Florida law.[3]  As detailed in the Memorandum of Law in support of this Motion filed concurrently herewith, every one of these claims should be dismissed as fatally defective pursuant to Rule 12(b)(6) and Florida law.  Indeed, as set forth in the Memorandum of Law, Florida courts considering "Chinese-manufactured drywall" claims have already begun dismissing some of the very same causes of action that the Plaintiffs are asserting against Paul Homes in this lawsuit.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law in support, Defendant Paul Homes, Inc., n/k/a Management Services of Lee County, Inc., respectfully requests that the Court enter an order dismissing the claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6), and awarding Paul Homes its attorneys' fees and costs in defending this action against Plaintiffs pursuant Florida's Deceptive and Unfair Trade Practices Act.

---

[3]  Because Plaintiffs filed their claims against Paul Homes directly in the Eastern District of Louisiana – rather than filing in a Florida court and having the matter transferred to this forum – this Court should apply the choice-of-law rules of Louisiana.  *See Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 n. 6 (5th Cir. 1981).  Under Louisiana's choice-of-law rules, Florida has, by far, the most significant relationship with the dispute.  Plaintiffs' alleged drywall injuries occurred in Florida, the subject property is located in Florida, and Paul Homes resides in Florida.  *See* Cmplt., Ex. A, p. 77; *Gulf States Utilities Co. v. NEI Peebles Elec. Prods., Inc*., 819 F. Supp. 538, 552-53 (M.D. La. 1993) (discussing Louisiana choice of law factors and statutes).  Florida substantive law therefore governs each of Plaintiffs' claims against Paul Homes.

Dated: September 9, 2011

>Respectfully submitted,
>
>**AKERMAN SENTERFITT**
>
>By:   /s/ Stacy Bercun Bohm
>      Stacy Bercun Bohm (Fla. Bar No. 022462)
>      Valerie B. Greenberg. (Fla. Bar No. 26514
>      Leslie Miller Tomczak (Fla. Bar No. 126489)
>      Las Olas Centre II, Suite 1600
>      350 East Las Olas Boulevard
>      Fort Lauderdale, Florida 33301-2229
>      Telephone: (954) 463-2700
>      Telecopier: (954) 463-2224
>      Email: stacy.bohm@akerman.com
>             valerie.greenberg@akerman.com
>             leslie.tomczak@akerman.com
>
>**LEAD COUNSEL FOR DEFENDANT, PAUL HOMES, INC., N/K/A MANAGEMENT SERVICES OF LEE COUNTY, INC.**
>
>**PHELPS DUNBAR, LLP**
>
>By:   /s/ Brent B. Barriere
>      Brent B. Barriere (La. Bar No. 2818)
>      Susie Morgan (La. Bar No. 9715)
>      D. Skylar Rosenbloom (La Bar No. 31309)
>      Canal Place
>      365 Canal Street • Suite 2000
>      New Orleans, Louisiana 70130-6534
>      Telephone: (504) 566-1311
>      Telecopier: (504) 568-9130
>      Email: Brent.barriere@phelps.com
>             Susie.morgan@phelps.com
>
>**LOCAL COUNSEL FOR DEFENDANT, PAUL HOMES, INC., N/K/A MANAGEMENT SERVICES OF LEE COUNTY, INC.**

{FT805266;1}

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, at Herman, Katz & Coltar, LLP, 820 O'Keefe Avenue., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, at Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, LA 70163 (kmiller@frilot.com) by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of September, 2011.

                                                  /s/ Stacy Bercun Bohm