007028.000004

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE WILKINSON |
| Hobbie, et al. v. RCR Holdings II, LLC, et al. No. 10-1113 | |

_____/

## COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER DATED JULY 15, 2011

COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. (Coastal Construction), by and through undersigned counsel, hereby files its Motion to Modify Scheduling Order, dated July15, 2011, and concurrently supports ARCH Surety's Motion to Modify the Scheduling Order and states the following:

1.      This matter was transferred to the MDL as a tag-along action in Conditional Transfer Order (CTO-16) under 28 U.S.C. §1407.  This transfer should be to promote the just and efficient conduct of the litigation, eliminate duplicative discovery, and conserve the resources of the parties.  See Transfer Order in this matter filed June 15, 2009; 28 U.S.C. §1407; and In re Hawaiian Hotel Room Rate Antitrust Litig., 438 F.Supp. 935, 936 (J.P.M.L. 1977).

2.      On July 15, 2011, this Court executed the Scheduling Order, Document 9847, that set forth legal issues that were to be resolved through discovery and motion practice as follows:

        a.      Claims regarding the economic loss rule,

        b.      Claims involving strict liability,

      c.      Breach of warranty of fitness,

      d.      Violations of the Florida Building Code,

      e.      Claims or defense raised in RCR Holdings II's Third Party Complaint against Arch Insurance Co. for breach of contract,

      f.      Identity of the plaintiffs and potential plaintiffs, as well as the residency and citizenship status thereof, and

      g.      Identity and manufacturer of the drywall located within the residences subject to the case.

3.      On August 26, 2011, this Court entered an Order Clarifying Prior Stay Orders, Documents 10200, setting forth that all discovery related to Banner is stayed except for discovery related to the Amended Class Action Settlement.

4.      Banner is a co-Defendant in this matter and was the supplier of the drywall subject to this litigation.  As such discovery from Banner is crucial to all of the issues raised in the July 15 Scheduling Order with the exception of identity and residency of the Plaintiffs.  As such all discovery and motion deadlines should be extended until after the time for parties to opt out of the settlement and pursue their claims and discovery against Banner.

5.      Further, the discovery on matters involving claims or defense raised in RCR Holdings II's Third Party Complaint against Arch Insurance Co. for breach of contract cannot be determined on a purely legal basis.  The issues raised in that matter will require extensive factual discovery and motion practice, much of which is separate from the issues raised in the instant case.  Therefore, moving forward on those matters will create duplicative discovery for this matter once it is sent back to the Court which will have jurisdiction, which is contrary to the

purposes of the transfer to the MDL.  See Transfer Order in this matter filed June 15, 2009; 28

U.S.C. §1407; and In re Hawaiian Hotel Room Rate Antitrust Litig., 438 F.Supp. 935, 936

(J.P.M.L. 1977).

6.      As set forth in ARCH Surety's Motion to Modify the Scheduling Order, Arch

Insurance Co's liability to RCR Holdings II is derivative of, and contingent upon Coastal's

liability to RCR.  See First Sealord Sur. Inc. v. Suffolk Constr. Co., 995 So.2d 609 (Fla. 3d DCA

2008); K.P. Meiring Constr., Inc. v. Northbay I and E, Inc., 761 So.2d 1221 (Fla. 2d DCA 2000).

This would necessitate the finding of fact in the instant case, and how the trial is to proceed in

this matter should be an issue handled by the Court which will have jurisdiction over the trial.

See 28 U.S.C. §1407; and Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26

(1998).

WHEREFORE, COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.,

respectfully requests the Court modify the July 15, 2011 Scheduling Order to remove the issues

raised in RCR Holdings II's Third Party Complaint against Arch Insurance Co until the instant

case is resolved, and extend the deadlines for all discovery and motions until Banner's proposed

Settlement is resolved and the discovery against Banner can proceed, and grant any further relief

this Court finds proper.

Respectfully submitted,

Dated: September 13, 2011

/s/ Addison J. Meyers
Addison J. Meyers, Esq.
Fl Bar No. 267041
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon

MDL No. 2047 (Ref Case No.: 2:10-cv-01113)

Page 4 of 4

1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
ameyers@defensecounsel.com

/s/ Brian A. Eves
Brian A. Eves, Esq.
FL Bar No. 43794
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
beves@defensecounsel.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**   that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email and upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 13th day of September, 2011.

/s/ Addison J. Meyers
Addison J. Meyers