UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO<br>David Gross, et al. v. Knauf Gips, KG, et al.<br>Case No. 09-cv-6690 (L)(2) | *  MDL No. 09-2047<br>*<br>*  JUDGE: FALLON<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### STEELER INC.'S REPLY MEMORANDUM TO THE PLAINTIFFS STEERING COMMITTEE'S OPPOSITION TO STEELER, INC.'S MOTION TO LIFT

MAY IT PLEASE THE COURT:

On August 29, 2011 Steeler, Inc. ("Steeler") filed a Motion to Dismiss for Lack of Plaintiff (Doc. #10195) and a Motion to Lift Stay on its Motion to Dismiss for Lack of Plaintiff (Doc. #10197). In its Motion to Dismiss for Lack of Plaintiff Steeler points out that there is no plaintiff asserting a claim against Steeler. That being said, the plaintiffs in this case lack standing to pursue a claim against Steeler, and this Court has no case or controversy before it as to Steeler.

The Plaintiffs' Steering Committee ("PSC") filed an Opposition to Steeler's Motion to Lift Stay arguing that substantive motions such as Steeler's Motion to Dismiss for Lack of Plaintiff should be postponed indefinitely based on the PSC's perception of this Court's prior practice (Doc. #10299).

According to the PSC, Steeler's Motion to Dismiss for Lack of Plaintiff does not raise an important issue which will impact the entire litigation and/or serve as a possible impetus for the settlement of claims. The PSC also argues that it is unfair for Steeler to step ahead

of many other movants with similar pending motions.

It should be noted that there is apparently no other defendant in Steeler's position -- sued by plaintiffs who do not assert a claim against it. No similar motion is cited by the PSC. Second, because the PSC is not a party to this litigation and does not purport to represent any plaintiff opposing Steeler's Motion to Lift Stay, the PSC's opposition is wholly irrelevant.

Steeler should not be required to participate indefinitely in complex litigation which fails to identify any plaintiff with a claim against it. The Court's procedures for advancing this litigation (e.g. requiring Plaintiff Profile Forms) have no application without a plaintiff. Further, Steeler's Motion to Dismiss for Lack of Plaintiff does present an important issue even if it applies solely to Steeler -- i.e., whether plaintiffs who assert no claim against a defendant can indefinitely hold such a defendant in litigation which presents no case or controversy as to the defendant.

Clearly, Steeler's Motion to Lift Stay should be granted and its Motion to Dismiss for Lack of Plaintiff set for hearing following the September 22, 2011 Status Conference or at such time as the Court may fix.

Respectfully submitted,

_____
Daniel J. Caruso (03941) (T.A.)
Herman J. Hoffmann (06899)
Betty F. Mullin (09818)
Simon Peragine Smith & Redfearn L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
Fax: (504) 569-2999

Attorneys for Steeler, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Steeler Inc.'s Reply Memorandum to the Plaintiffs Steering Committee's Opposition to Steeler, Inc.'s Motion to Lift has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of September, 2011.

Betty F. Mullin

N:\DATA\N\44805001\pleadings\lift stay reply to opposition.wpd