UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047<br><br>SECTION "L" |
| THIS DOCUMENT RELATES TO:<br>*All cases* | * * * * | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CERTAIN HOMEBUILDER DEFENDANTS' RESPONSE IN OPPOSITION TO JOINT MOTION FOR APPROVAL OF TERM SHEET AGREEMENT WITH THE KNAUF ENTITIES REGARDING THEIR SETTLEMENTS WITH HOMEBUILDERS

Pursuant to this Court's Order dated September 2, 2011 (entered September 6, 2011) [Doc. No. 10253], the following Builder-Defendants (collectively, "**Defendants**") respond to the Joint Motion for Approval of Term Sheet Agreement filed by Plaintiffs' Steering Committee and the Knauf Entities [Doc. No. 10252]:

- Bass Homes, Inc.
- Blanchard Homes, Inc.
- Brownstone Builders, Inc.
- Dave Walker Construction, Inc.
- Diamond Court Construction Co.
- Diversified General Contractors, Inc.
- Empire Construction, LLC
- Excel Construction of SW Florida, Inc.
- Florida Home Partnership, Inc.
- Lake Ashton Development Group II, LLC
- McCluskey Custom Homes, LLC
- Steven R. Carter, Inc.

**The PSC and Knauf ask the Court to enforce a settlement tool affecting homebuilders, yet refuse to disclose the identities of the affected homebuilders and did <u>not</u> allow any homebuilders to participate in creating the settlement tool.**

It is senseless to ask the Court to enforce an agreement affecting homebuilders when the

list of affected homebuilders is not disclosed and homebuilders were never given a seat at the table. Apparently the PSC and Knauf are using the Court as a negotiating tool to obtain concrete settlement terms primarily relating to attorney's fees and relocation costs so Knauf can calculate its future risk and the PSC can obtain some certainty on its recovery of fees. Defendants understand the PSC's and Knauf's objectives and certainly support settlement discussions. But approving this Joint Motion will substantially impair any negotiations between homebuilders and Knauf, likely extending this litigation years longer than it should continue.

The solution seems simple: either let Knauf and the homebuilders continue what they have been doing, negotiating settlements in the traditional fashion- at an arms length-; or, simply invite representatives of the homebuilders to the table to discuss global settlement terms. Not only would this legitimately further settlement possibilities but it just might bring about an expedited resolution to the entire matter.

For the record, these builder-defendants were wholly excluded from any negotiations leading up to the present motion and were not provided any information pertaining to such negotiations. Defendants are further unaware of the contents of Exhibits "A" and "B" to the proposed Term Sheet Agreement— including whether any or all of them are listed thereon— because such exhibits were filed under seal. The Knauf Entities, as manufacturer(s), are responsible for all damages occasioned by their acts and/or omissions, including damages and attorney fees incurred by builders in connection with their defective product. Accordingly, Defendants object to the pending Joint Motion and respectfully submit that it should be denied.

In the alternative, to the extent that this Court seeks to bind homebuilders that have not been party to the negotiations, we adopt and incorporate as if set forth herein *in extenso*, "Certain Homebuilders' Response in Opposition to Joint Motion for Approval of Term Sheet

Agreement with the Knauf Entities Regarding their Settlements with Homebuilders," filed this date with the court [Doc. No. 10309].

Lastly, Defendants question whether this Court has the authority under the MDL, 28 U.S.C. § 1407, to consider and/or approve such a "term sheet" and object to any attempt to do so without the homebuilders' approval.

Wherefore, Defendants respectfully request that this Court deny any and all relief sought in the Joint Motion for Approval, filed by the PSC and Knauf Entities [Doc. No. 10252].

Respectfully submitted,

**ADAMS AND REESE LLP**

s/Christopher A. D'Amour
CHRISTOPHER A. D'AMOUR (La. Bar # 26252)
MEGAN HAGGERTY GUY (La. Bar # 26316)
DAVID C. COONS (La. Bar # 32403)
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
chris.damour@arlaw.com
megan.guy@arlaw.com
david.coons@arlaw.com
*Attorneys for Above-Listed Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman at Drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot.com, and Homebuilder's and Installers' Liaison Counsel, Phillip A. Wittmann at pwittman@stonepigman.com, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2047, on this 13th day of September, 2011.

                                                  s/Christopher A. D'Amour