UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * | CIVIL ACTION NO.: 09-MDL-2047 SECTION: "L" – JUDGE FALLON |
| THIS DOCUMENT RELATES TO: Laura Haya, et al | * * * | MAGISTRATE: "2" - JUDGE WILKINSON |
| v. | * * | |
| Taishan Gypsum Co., LTD f/k/a Shandong Taihe Dongxin Co., LTD Civil Action No. 11-1077 | * * * | |

******************************************************************************

**DEFENDANT, D & A CONSTRUCTION SERVICES, INC.'S, MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS CLAIMS FILED AGAINST IT IN THE HAYA CLASS ACTION (OMNIBUS IX) PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(3)**

MAY IT PLEASE THE COURT:

Defendant, D & A Construction Services, Inc. ("D & A"), files this Motion to Dismiss pursuant to Rules 12(b)(2) and Rule 12(b)(3) of the Federal Rules of Civil Procedure. The Memorandum in Support and jurisprudence cited herein show that this Court lacks personal jurisdiction over D & A and the Eastern District Court for the State of Louisiana is an improper venue for Plaintiffs' allegations as asserted against D & A.

I.   **Law & Argument**

   A. **The Court Lacks Jurisdiction over D & A Construction Servicves, Inc.**

The claims asserted against D & A in Plaintiffs' Omnibus Class Action Complaint IX should be dismissed due to the absence of subject matter jurisdiction and/or lack of personal jurisdiction over this defendant. D & A challenges and objects to the Eastern District of

Louisiana's exercise of personal jurisdiction over it pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. As a non-resident defendant with no contacts or ties with the State of Louisiana, D & A cannot be subjected to this Court's jurisdiction as doing so would exceed the limits of due process and is, therefore, constitutionally impermissible.

"When a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the non-resident." *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996); *Dickson Marine, Inc. v.* Panalpina, 179 F.3d 331, 336 (5th Cir. 1999). Due process requires that the defendant "have certain minimum contacts with the forum state' such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Specific jurisdiction only exists if the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Burger King,* 471 U.S. at 475, *citing Hanson v. Denckla*, 367 U.S. 235, 253 (1958)' *Alpine View Co. Ltd. V. Atlas Corp. AB,* 205 F.3d 208, 215 (5th Cir. 2000). General jurisdiction only exists when the defendant's conduct and connection with the forum state are "continuous and systematic" that the defendant "should reasonably anticipate being hauled into court there." *Id.* Neither general nor specific jurisdiction exists as to defendant, D & A.

There are no allegations that D & A has engaged in "substantial" or "continuous and systematic" activities in Louisiana such as to subject it to general jurisdiction in the State of Louisiana. Further, D & A has not purposefully or intentionally directed any conduct or activities at the State of Louisiana, or at any resident of the State of Louisiana as required by the Constitution before it reasonably can anticipate being hauled into a Louisiana Court to defend

itself from the claims alleged in Plaintiffs' Omnibus Class Action Complaint IX.  Plaintiffs have not alleged defendant has any contact with that the State of Louisiana which would justify subjecting D & A to specific personal jurisdiction in the Eastern District of Louisiana.  As such, Plaintiffs' claims against D & A should be dismissed.

### B. The United States District Court for the Eastern District of Louisiana is an Improper Venue for Plaintiffs' Suit

Plaintiffs allege that venue in this district satisfies the requirements of 28 U.S.C. §1391(b)(1)-(2) and (c) because Plaintiffs and a significant number of the absent class members reside in this jurisdiction and a substantial amount of the events and occurrences giving rise to these claims occurred in this District, or a substantial part of the property that is the subject of this action is situated in this district. (Plaintiffs' Omnibus Class Action Complaint (IX)).

D & A denies this allegation and affirmatively challenges and objects to the United States District court for the Eastern District of Louisiana as an improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.  With respect to the claims asserted against D & A, and assuming *arguendo* that the Court has proper subject matter and personal jurisdiction over the defendant, the Eastern District of Louisiana is an improper venue for these proceedings.  D & A does not reside in the State of Louisiana.  The Eastern District of Louisiana is not a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in the action occurred, nor is it a judicial district in which a substantial part of property that is the subject of the action is situated.

### II.   Conclusion

For the foregoing reasons, the Court should grant defendant's Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and dismiss Plaintiffs' claims against D & A Construction Service, Inc.

Respectfully submitted,

s/ Glenn B. Adams
GLENN B. ADAMS (2316)
DENIA S. AIYEGBUSI (31549)
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, LA  70130
Telephone:  (504) 581-3838
Email: gadams@phjlaw.com
Email: daiyegbusi@phjlaw.com
*Attorneys for D & A Construction Service, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that D & A Construction Service, Inc's above and foregoing Memorandum in Support of its Motion to Dismiss Pursuant to Federal Rules 12(b)(2) and 12(b)(3) has been served upon Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhk.com and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and upon all parties by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th day of September, 2011.

s/ Glenn B. Adams
GLENN B. ADAMS
DENIA S. AIYEGBUSI