UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION:  L |
| THIS DOCUMENT RELATES TO: DAVID GROSS K.G., ET AL. V. KNAUF KG, ET. AL. | JUDGE FALLON |
| CASE NO.:  09-6690 | MAG.:JUDGE WILKINSON |

_____

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL WITHOUT SUBSTITUTION

COME NOW, Daniel K. Bryson, and the firm of Lewis & Roberts, PLLC, attorneys of record for Plaintiff, Jesse Sylvester, and files this Memorandum of Law in Support of the Motion to Withdraw as counsel for the Plaintiff:

1. Local Civil Rule 83.2.11 of the United States District Court for the Eastern District of Louisiana states:

   > The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case.  Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute counsel or upon a written motion served on opposing counsel and the client.  If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone.  The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made. (emphasis added).

2. The Motion to Withdraw filed by the undersigned complies with all of the requirements of the Local Rule and should be granted.  See *Bryson v. State Farm and Casualty Insurance Company,* 2011 WL 1557949 4 (2011

{00414505.DOC}

        E.D.La.).

3. In considering a Motion to Withdraw, the Court should consider the prejudice withdrawal could cause to other litigants and the administration of justice, and the degree to which withdrawal would delay the resolution of the case. *Zurich American Insurance Company v. Harken*, 1999 WL 307612 (1999 E.D.La.); See also *American Economy Insurance Company v. Herrera,* 2007 WL 3276326 (2007 S.D.Cal.).

4. In the present case, following further investigation and inspection of the Plaintiff's home, undersigned firm seeks to withdraw as counsel for the Plaintiff, Jesse Sylvester.

5. Plaintiff's counsel informed Plaintiff, Jesse Sylvester on June 10, 2011 that counsel would be withdrawing from this matter on his behalf and that he should locate other counsel within thirty days. To date, Plaintiff has not hired substitute counsel.

WHEREFORE, the undersigned respectfully request that the court grant the Motion to Withdraw as Counsel for Plaintiff; in the above case.

        Respectfully submitted,

        */s/Daniel K. Bryson*
        Daniel K. Bryson, Esq.
        Lewis & Roberts, PLLC
        3700 Glenwood Avenue, Ste. 410
        Raleigh, North Carolina 27612
        Telephone: 919/981/0191
        Facsimile: 704/347/8929
        Email: DanBryson@lewis-roberts.com

{00414505.DOC}

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email and upon all parties by electronically uploading same to Lexis Nexis File and Serve in accordance with Pre-Trial Order No.: 6 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047, and via certified mail to Jesse Sylvester, 314 Sylvester Road, McLain, MS 39456 on the 19th day of September, 2011.

                     /s/ Daniel K. Bryson

{00414505.DOC}