UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES | |

THE PLAINTIFFS' STEERING COMMITTEE'S OMNIBUS REPLY
IN SUPPORT OF JOINT MOTION FOR APPROVAL OF
TERM SHEET AGREEMENT WITH THE KNAUF ENTITIES
REGARDING THEIR SETTLEMENTS WITH HOMEBUILDERS

I.  INTRODUCTION

The Plaintiffs' Steering Committee ("PSC") and Knauf Plasterboard (Tianjin) Co. Ltd.,

Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Product Co.,

Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL 2047 as Knauf

Insulation USA), Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., Gebrueder Knauf

Verwaltungsgesellschaft, KG, P.T. Knauf Gypsum Indonesia and Knauf Gips KG (collectively

the "Knauf Entities") presented a joint motion to the Court seeking approval of their Term Sheet

Agreement for the Knauf Entities' Settlement Agreements with Homebuilders on September 1,

2011 [Rec. Doc. No. 10227].   Several Responses were filed in opposition to the joint motion,

including that of Certain Homebuilders' Response in Opposition to Joint Motion for Approval of

Term Sheet Agreement with the Knauf Entities Regarding Their Settlements with Homebuilders

filed by Lennar Homes, LLC and 17 other entities [Rec. Doc. 10309](hereafter the "Lennar

1

Response").[1]   The PSC hereby submits this omnibus reply to the mistaken and misdirected

arguments presented by these Homebuilders in Lennar's Response.

## II. ARGUMENT

The Term Sheet Agreement for the Knauf Entities' Settlement Agreements with

Homebuilders ("Term Sheet Agreement") was an accord between the PSC and the Knauf Entities

only.  Separate from the Demonstration Remediation Agreement, it provided the parameters and

structure by which the Knauf Entities would address Knauf's Homebuilder Agreements (both

existing or pending agreements specified in Exhibit A thereto, and Future Homebuilder

Agreements, those anticipated agreements specified in Exhibit B thereto).  As a result of the

Term Sheet Agreement, Knauf will remediate homes subject to Homebuilder Agreements

consistent with the Scope of Work provided in the Demonstration Remediation Agreement or

otherwise provided in agreements between Knauf and Homebuilders and Knauf agrees such

Homeowners will receive relocation benefits provided by the Demonstration Remediation

---

[1]In addition to the Lennar Response, five other related papers were filed: 1) Response to Plaintiffs' Steering Committee and the Knauf Entities' Joint Motion for Approval of Term Sheet Agreement with the Knauf Entities Regarding Their Settlements with Homebuilders filed by Southern Homes, LLC et al. [Doc. No. 10303]; 2) Defendant Castlerock Communities, L.P.'s Joinder in Certain Homebuilders' Response in Opposition to Joint Motion for Approval of Term Sheet Agreement with the Knauf Entities Regarding Their Settlements with Homebuilders [Doc. No. 10308]; 3) D.R. Horton, Inc. - Gulf Coast's and D.R. Horton, Inc.'s Joinder in Certain Homebuilders' Response in Opposition to Joint Motion for Approval of Term Sheet Agreement with the Knauf Entities Regarding Their Settlements with Homebuilders [Doc. No. 10310]; 4) Certain Homebuilder Defendants' Response in Opposition to Joint Motion for Approval of Term Sheet Agreement with the Knauf Entities Regarding Their Settlements with Homebuilders [Doc. No. 10311]; and 5) Installer Defendants' Motion for Leave to File a Response to Plaintiffs' Steering Committee and the Knauf Entities' Joint Motion for Approval of Term Sheet Agreement with the Knauf Entities Regarding Their Settlements with Homebuilders [Doc. No. 10315].  These papers appear to join in the Lennar Response and some add an objection to the filing under seal the exhibits to the joint motion of the PSC and Knauf Entities.

Agreement.

Although they are not parties to the Term Sheet Agreement, Homebuilders directly benefit from the fact that the Term Sheet Agreement will require participating Homeowners to provide a release to their Homebuilder, as well as the Knauf Entities and other specified persons subject to certain reservations of rights.   In addition, Knauf will require of Homeowners subject to Future Homebuilder Agreements that they agree to indemnify, defend and hold harmless the Homebuilder and the Knauf Entities for all claims and future claims relating to the Chinese board in the homeowner's home.

In consideration for the PSC accepting the terms of the agreement, Knauf has agreed to provide Attorneys' Fees for the Knauf Entities' contribution to Homebuilders' remediation of homes subject to the terms of the Demonstration Remediation Agreement (previously negotiated by the PSC to which the Homebuilders are now beneficiaries) and certain defenses.

Rather than being appreciative of these benefits and simply saying, "thank you," to the PSC and our clients, Lennar reflexively objects based upon the mistaken premise that it was "completely excluded from the settlement negotiations."  While Lennar's feelings may once again be hurt, it had no right to participate in this agreement.  Lennar refers to comments made by this Court regarding the level of Lennar's participation in the Banner class action settlement. But unlike that class action settlement in which Lennar was a class member, the Term Sheet Agreement is different.  It is not a class action, nor is Lennar imbued with standing as a class member.  Instead, the Term Sheet Agreement is a private contract between the PSC and the Knauf Entities.  Lennar and the other homebuilders are merely interlopers to this understanding.

Moreover, the facts of the negotiations of the Term Sheet Agreement belie Lennar's

3

pouting.  As a courtesy, Hilarie Bass, counsel for Lennar, was provided a draft of the Term Sheet Agreement prior to it being finalized.  Ms. Bass was able to review and comment on the document.  Indeed, several of the terms of the Term Sheet Agreement were revised to address comments made by Lennar's counsel.  Nevertheless, because the Term Sheet Agreement reflected an understanding between the PSC and the Knauf Entities about Knauf's agreements with Homebuilders, naturally some of Lennar's concerns were justifiably excluded.[2]

In particular, Lennar contends that the Term Sheet Agreement is inconsistent with and violates provisions in existing homebuilder settlement agreements with the Knauf entities.  The PSC is without knowledge of this premise as these agreements are confidential, and, Ms. Bass, on behalf of the other Homebuilders, has refused to produce these documents to the PSC. Accordingly, the PSC denies Lennar's assertions and suggests that these agreements either be produced or Lennar's argument be excluded.  But irrespective of these agreements (a true "red-herring"), the Knauf Entities have separately agreed with the PSC to terms, such as reimbursement or relocation benefits to be paid by Knauf, that homebuilders once again have no standing to complain about.  It's not their money!

In addition to erroneously recounting the history of the Term Sheet Agreement's formation, the Lennar Response attacks the PSC for its so-called "shameless" and "brazen" effort to "seek attorneys' fees to which they should not be entitled."   Lennar's thinly veiled ulterior purpose is to save such remuneration for itself and other Homebuilders' counsel.  *See* Lennar

---

[2]Here too, Lennar's Response attempts misdirection.  It contends that the PSC and Knauf Entities called their understanding an "Agreement with Homebuilders," rather than its actual title which reflects an agreement *about* Knauf's Agreements with Homebuilders.  To justify its indefensible position, Lennar resorts to sleight of hand.

Response at 7 and fn 2. Knauf (not the Homebuilders), however, has agreed to compensate the PSC subject to the terms of the Demonstration Remediation Agreement and certain defenses in consideration for the benefits the PSC has conferred under the terms of the agreement. As a non-party to the agreement, Lennar has no standing to object to a private settlement where no Homebuilder money is at issue. *See In re: Vioxx Products Liability Litigation*, 388 Fed.Appx. 391, 395 (5th Cir. 2010)(in the context of a private, non-class settlement the court held, "[N]on-settling defendants in a multiple defendant litigation context have no standing to object to the fairness or adequacy of the settlement by other defendants."); *See also Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 244 (2d Cir. 2007)("Nonparties to a settlement generally do not have standing to object to a settlement of a class action."). *Cf.* Lennar's Response at 5 ("even though homebuilders are *not* parties to it, the Term Sheet Agreement arguably seeks to alter existing homebuilder agreements . . .")(emphasis in original).

## III.   CONCLUSION

Lennar concedes that homebuilders are not parties to the Term Sheet Agreement. As a matter of law, Lennar and the other homebuilders therefore have no standing to object to this settlement. Having failed this threshold requirement, all of the Homebuilders' protestations are baseless and just plain silly.

Indeed, it defies logic that the Homebuilders would make this effort to interject themselves into this private settlement, which we respectfully suggest will move the proverbial ball forward to the goal-line of global settlement, but for their unbridled attempt to procure a fee that either was already paid for by their clients or should have been negotiated as part of their

confidential agreements with the Knauf Entities.   There is no jurisprudential basis for the

Homebuilder's attempt to piggyback out of the PSC's Term Sheet Agreement with the Knauf

Entities the fees that the Homebuilders could not obtain in their own agreements.

      WHEREFORE, the PSC prays that this Court approve the Term Sheet Agreement.

      Respectfully submitted,

Dated: September 19, 2011        /s/ Russ M. Herman
        Russ M. Herman, Esquire (Bar No. 6819)
        Leonard A. Davis, Esquire (Bar No. 14190)
        Stephen J. Herman, Esquire (Bar No. 23129)
        HERMAN, HERMAN, KATZ & COTLAR, LLP
        820 O'Keefe Avenue
        New Orleans, Louisiana 70113
        Phone: (504) 581-4892
        Fax: (504) 561-6024
        LDavis@hhkc.com
        *Plaintiffs' Liaison Counsel*
        *MDL 2047*

        Arnold Levin (On the Brief)
        Fred S. Longer (On the Brief)
        Matthew C. Gaughan (On the Brief)
        Levin, Fishbein, Sedran & Berman
        510 Walnut Street, Suite 500
        Philadelphia, PA 19106
        215-592-1500 (phone)
        215-592-4663 (fax)
        Alevin@lfsblaw.com
        *Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Omnibus Reply In Support of Joint Motion for Approval of Term Sheet Agreement with the Knauf Entities Regarding Their Settlements with Homebuilders has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and first class mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 19th day of September, 2011.

/s/  Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047