UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 2047  SECTION L |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | * * * * | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * *

**REPLY MEMORANDUM TO HOMEBUILDERS' RESPONSE IN OPPOSITION TO JOINT MOTION FOR APPROVAL OF TERM SHEET AGREEMENT WITH THE KNAUF ENTITIES REGARDING THEIR SETTLEMENT WITH HOMEBUILDERS**

The Knauf Defendants submit this Reply Memorandum to the Memorandum in Opposition to Joint Motion for Approval of Term Sheet Agreement filed on September 13, 2011 by the Homebuilders' Steering Committee (Doc. 10309). The Homebuilders' Memorandum mischaracterizes the nature of the Term Sheet Agreement, ignores the role Homebuilders' input played in the final document, and ignores or misstates the text of the relevant agreements relating to liability for attorneys' fees.

The Homebuilders mischaracterize the nature of the Term Sheet Agreement. The Term Sheet Agreement is an umbrella document intended to function as a framework for homebuilders with the capacity to conduct efficient repair programs to remediate homes in litigation with the Knauf Entities contributing to the repair.

Homebuilders' allegation that they have been "completely excluded" from the settlement negotiations between the PSC and the Knauf Entities is simply wrong. Homebuilders' Liaison Counsel was provided with drafts of the Term Sheet Agreement prior to its execution and had

1



repeated communications with counsel for the Knauf entities. Not only were the Homebuilders provided with drafts of the Term Sheet Agreement, several of the Homebuilders' proposals were incorporated into the final version of the Term Sheet Agreement. *See* Exhibit "2," Affidavit of Kyle A. Spaulding regarding communications between Homebuilders' Liaison Counsel and the Knauf Entities.

Putting aside Homebuilders' false allegation that they were not allowed input, their main argument rests on a mischaracterization of which party bears liability for attorneys' fees for the Plaintiff's Steering Committee ("PSC"). The Homebuilders are not responsible for the payment of attorneys' fees under either the Demonstration Remediation Agreement or under the Term Sheet Agreement. Under the Demonstration Remediation Agreement, the Knauf entities are solely responsible for the payment of any attorneys' fees. The Term Sheet Agreement to which the Homebuilders are opposed expressly states that "Attorneys' Fees for the Knauf Entities' contribution to Homebuilders' remediation of homes pursuant to existing or pending Homebuilder Agreements (Exhibit A homes) and/or Future Homebuilder Agreements (Exhibit B homes) ***shall be*** determined according to the procedures set forth in Paragraphs IX and X of the Demonstration Remediation Agreement." (Emphasis added). Paragraph X of the Demonstration Remediation Agreement provides that any attorneys' fees will be paid "by the Knauf Entities." Therefore, the Homebuilders' complaints regarding the payment of attorneys' fees are without merit as the Homebuilders are clearly not responsible for the payment of attorneys' fees.

Despite the Homebuilders' claim that the Term Sheet Agreement "alters" or "violates" the provisions contained in existing homebuilder settlement agreements, the Term Sheet Agreement does no such thing. The Term Sheet Agreement is consistent with existing settlement agreements between the Knauf Entities and Homebuilders and only acts to foster

those agreements and any future settlement agreements with homebuilders by ensuring that any such settlement agreements are consistent with the scope of work set forth in the Demonstration Remediation Agreement. In fact, the Term Sheet Agreement, like the Demonstration Remediation Agreement, benefits Homebuilders as it allows the Homebuilders to remediate the homes of their customers (thereby earning the "goodwill" of their customers) with a contribution from the Knauf Entities and also allows them to be released "from and against all claims and future claims relating to the homeowner's home."

As indicated in the Joint Motion for Approval of Term Sheet Agreement (Doc. 10252), there is strong judicial policy favoring pretrial settlements of complex lawsuits, *e.g., Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977); *Turner v. Murphy Oil USA, Inc.*, 472 F.Supp.2d 830, 843 (E.D.La. 2007) (Fallon, J.); *Braud v. Transport Service Co. of Illinois*, 2010 WL 3283398, *3 (E.D.La. Aug. 17, 2010) (Knowles, Mag. J.). This Term Sheet Agreement fosters that judicial policy of favoring pretrial settlements by resolving a portion of this complex case for the benefit of the homeowners and Homebuilders.

Accordingly, the Knauf Entities request that this Court approve and oversee the implementation of the PSC-Knauf Homebuilders Agreement.

Respectfully submitted,

By: /s/ Kyle A. Spaulding
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
THOMAS LOUIS COLLETTA, JR. (#26851)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

**COUNSEL FOR THE KNAUF DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of September, 2011.

/s/ Kyle Spaulding