**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

-------------------------------------------------------------------------

THIS DOCUMENT RELATES TO:
LAURA HAYA, ET AL. V. TAISHAN GYPSUM CO., LTD. F/K/A
SHANDONG TAIHE DONGXIN CO., ET AL.
CASE NO.: 11-1077, SECT. L MAG 2

---

**SWIFT SUPPLY, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Swift Supply, Inc. ("Swift") makes this limited and special appearance for the sole purpose of moving this Court for an Order dismissing the Plaintiffs' claims against in the Eastern District under FRCP 12(b)(2) and (3) because Swift is not subject to the jurisdiction in the Eastern District of Louisiana, and the Eastern District of Louisiana is an improper venue for the proceedings against Swift.

**I.    BACKGROUND**

On May 10, 2010, Lauren Haya, Daniel Haya and Irene Haya, individually and on behalf of all others similarly situated, filed this amended class action Complaint against Taishan Gypsum Co., Ltd. f/k/a/ Shandong Taihe Dongxin Co., et al., and distributors/suppliers, importers/exporters/brokers, builders/developers and

contractors/installers, seeking to recover damages they claim were caused by Chinese drywall. Plaintiffs allege that Swift is a supplier of drywall which resulted in harm and damages to certain Subclass Members (Amended Complaint, ¶14); (Exhibit B, p. 25). The Complaint (Schedule 1) identifies two (2) Subclass Members that own a single property in Alabama with claims against Swift. All other subclass members lack standing to bring any claims against Swift because they have not even alleged that they have been harmed by any act or omission by Swift. As Plaintiffs' Complaint correctly asserts, Swift is an Alabama company with its principal place of business in Atmore, Alabama.

Swift is not subject to personal jurisdiction in the Eastern District of Louisiana. It lacks the Constitutionally mandated "minimum contacts" with Louisiana that are required before this Court can properly exercise jurisdiction. Therefore, Swift seeks an Order of dismissal.

**II.     Argument**

Of the 999 plaintiffs identified in the Complaint, only two (2) claimants are asserting claims against Swift (Exhibit A, pg. 82). Those claimants are Alabama residents, Charlotte and Joseph Kostelecky, whose claims arise out of a single property located at 19139 Blueberry Lane, Silverhill, Alabama 36579.

Plaintiffs recognize that Swift is an Alabama corporation headquartered in Alabama, and that Swift supplied drywall which was installed in a single residence

in Alabama. These allegations are insufficient to establish this Court's jurisdiction over Swift.

In response to Swift's Motion to Dismiss, Plaintiffs must prove that personal jurisdiction is present. Familia De Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1138 (5th Cir. 1980). This Court can only exercise personal jurisdiction over Swift if two criteria are met: 1) the forum state's long-arm statute confers personal jurisdiction; and 2) the exercise of jurisdiction does not exceed the boundaries of due process. See Seiferth v. Helicopters Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006).

Louisiana's long-arm statute states that a Louisiana court "may exercise personal jurisdiction over a nonresident on any basis consistent with . . . the Constitution of the United States," La. R.S. 13:3201(B). La. R.S. 13:3201, provides in its entirety:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

1. Transacting any business in this state.

2. Contracting to supply services or things in this state.

3. Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

4. Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business or engages in any other persistent

course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

5. Having an interest in, using or possessing a real right on immovable property in this state.

6. Non-support of a child, parent or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

7. Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.

8. Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of the state and of the Constitution of the United States.

Louisiana's long-arm statute authorizes the exercise of jurisdiction over non-resident defendants in two circumstances. The first circumstance occurs when the claims against a non-resident defendant arise out of specific transactions or activities the non-resident engaged in with Louisiana. This circumstance is called "specific" jurisdiction and is governed by La. R.S. (13:3201(A)). La. R.S. 13:3201(A) outlines instances in which a court may exercise "specific" jurisdiction as a result of activities by the defendant from which a cause of action arises. The activities supporting the existence of "specific" jurisdiction must arise out of a

defendant's purposeful contacts with the forum.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980).

The second circumstance occurs when the claims against a non-resident defendant do not arise out of specific transactions or conduct with Louisiana. This circumstance is called "general" jurisdiction and is governed by La. R.S. 13:3201(B). Pursuant to 13:3201(B), if a court lacks specific jurisdiction, it may exercise general jurisdiction consistent with due process considerations – i.e., the defendant is deliberately engaged in "continuous and systematic contacts" with the forum state. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984).

Because the limits of Louisiana's long-arm statute are co-extensive with the limits of Constitutional Due Process, the inquiry focuses on whether this Court's exercise of jurisdiction over Swift offends Due Process. Luv N'Care, Ltd. v. Insta-Mix, Inc. 438 F3d 465, 469 (5th Cir. 2006); Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 761 (5th Cir. 1999).  The Fifth Circuit has developed a three-part test for determining whether jurisdiction is appropriate under the Due Process Clause and International Shoe.  Nuovo Pignone, SpA v. Storman Asia M/V, 310 F.3d 374 (5th Cir. 2002).  The Court must first determine if Swift has minimum contacts with the forum state, i.e, whether it purposefully directed its activities toward the forum state or purposed availed itself of the privilege of

conducting activities there. Second, the Court must evaluate whether the plaintiffs' cause of action arises out of, or results from, Swift's forum-related contacts. The Court must then determine if the imposition of personal jurisdiction over Swift is fair and reasonable.

In order to determine whether Swift has minimum contacts with Louisiana, the Court "must identify some act whereby [Swift] 'purposely avail[ed] itself of the privilege of conducting activities [in Louisiana], thus invoking the benefits and protections of its laws." Luv N'Care, Ltd. v. Insta-Mix, Inc. 438 F.3d 465, 469-470 (5th Cir. 2006). Swift's conduct must be so pervasive that it is clear that Swift "reasonably anticipates being haled into Court" in Louisiana. Id. at 470 (citing World Wide Volkswagen Corp., 444 U.S. at 297). The undisputed facts before this Court establish that Swift has not engaged in any conduct which demonstrates that it should reasonably anticipate being haled into a Louisiana court.

Plaintiffs cannot carry their burden of proof to establish jurisdiction over Swift. The Affidavit testimony of Swift's president, David Dauphin Swift, Sr., confirms that:

     1.    Swift is an Alabama corporation, with its principal place of business located at 1450 Swift Mill Road, Atmore, Alabama 36502. Its corporate offices and senior management work at this location.

     2.    Swift is not authorized to do business in Louisiana. It has never done any business in the state of Louisiana, and it does not maintain a registered or statutory agent for service in Louisiana.

3. Swift has never been a resident of the state of Louisiana, and it has never had a location in the state of Louisiana.

4. Swift has no offices in Louisiana. It has no address or telephone number in Louisiana. It neither owns nor operates, and has never owned or operated, any property – real, personal, or mixed – in Louisiana.

5. Swift has no directors, officers, or employees in Louisiana. It has no bank accounts in Louisiana.

6. Swift has never solicited any business in Louisiana.

7. Swift has never transacted business in the State of Louisiana.

8. Swift has not sold or delivered any drywall to customers in Louisiana. Swift is unaware of any drywall it sold making its way to Louisiana in any fashion, or being installed in any building, home, or other structure in Louisiana.

9. Swift is aware of only four instances in the last five years where Swift products have been delivered to Louisiana. None of those isolated transactions involved drywall. Copies of the invoices for those Swift products are attached hereto as Exhibits "A-D"

10. The first sale occurred on March 28, 2007, wherein building siding was purchased by Howie-E-Lacy Contractors, a company located in Mobile, Alabama, and thereafter shipped via independent contract carrier to Shreveport, Louisiana. Attached hereto, as Exhibit "A" is a copy of said invoice, invoice number 27912411.

11. The second sale occurred on December 22, 2008, wherein wood pilings were purchased by Barlow Marine, located in Fairhope, Alabama, and thereafter shipped via independent contract carrier to Plaquemines, Louisiana. Attached hereto, as Exhibit "B" is a copy of said invoice, invoice number 27912411.

12. The third sale occurred on January 27, 2009, wherein pressure treated lumber was purchased by Barlow Marine, located in Fairhope, Alabama, and thereafter shipped via independent contract carrier to Plaquemines, Louisiana. Attached hereto, as Exhibit "C" is a copy of said invoice, invoice number 70302647.

13. The fourth and final sale occurred on February 26, 2009, wherein marine treated lumber was purchased by an office of Heatheon, located in New Orleans, Louisiana, and thereafter shipped via independent contract carrier to Plaquemines, Louisiana. Attached hereto, as Exhibit "D" is a copy of said invoice, invoice number 27913749.

14. Swift has never advertised in any publications either targeted to the state of Louisiana, or in any way intended to draw business from any potential customers in Louisiana.

15. Swift has never received business from any contacts in Louisiana whether individual customers or business contacts.

It is clear that Plaintiffs' claims for damages to their Alabama property are not related to any Louisiana-related contacts by Swift. Plaintiffs make no allegations that Swift's activities are linked to acts by Swift in, or directed toward, Louisiana. As previously noted, Swift is not aware of any instance of drywall it has sold being transported to Louisiana. Id. Swift is aware of only four (4) instances in the last five (5) years where Swift products (not drywall) have been distributed to Louisiana. See Exhibits "A-D" attached to Exhibit 1.

To force Swift to defend the claims of Alabama property owners in Louisiana offends traditional notions of fair play and substantial justice. In reaching its decision, this Court must consider the burden it will impose on Swift if it has to defend the claims of Alabama property owners in a Louisiana court at a great distance from its place of business, when Swift has never sought to do business in Louisiana. In this case, the alleged sale took place in Alabama, the Plaintiffs reside in Alabama (Swift's principal location), and the property at issue

is located in Alabama. Swift's primary witnesses will be Alabama citizens, and it is logical to assume that Plaintiffs will also have a number of Alabama residents as witnesses. Under these circumstances, it would be anything but fair and reasonable to subject Swift to litigation in Louisiana. Therefore, Plaintiffs cannot establish "specific" jurisdiction over Swift because Plaintiffs' causes of action do not arise out of any activity by Swift in Louisiana.

Plaintiffs cannot establish "general" jurisdiction over Swift because Swift has not deliberately engaged in continuous and systematic activities in Louisiana. "A court may exercise general jurisdiction over a defendant when the defendant has engaged in 'continuous and systematic contacts' with the forum, but the contacts are not necessarily related to the lawsuit." Helicopteros, 466 U.S. at 414-415; Peters v. Alpharetta Spa, L.L.C., 2004-0979 (La. App. 1 Cir. 2005), 915 So. 2d 910, 911. Thus, the sole focus of a general jurisdiction inquiry is whether Swift has continuous and systematic contacts with the State of Louisiana. Dickinson Marine, Inc., 179 F.3d at 339. The Fifth Circuit has found that the continuous and systematic test "is a difficult one to meet, requiring extensive contacts between a defendant and forum." Submersible Sys., Inc. v. Perforadora Cent., 249 F.3d 413, 419 (5th Cir. 2001). Louisiana jurisprudence establishes that "much more substantial contacts with the forum state are required to establish general

jurisdiction." Curran v. Fisherman Marine Prod., Inc., et al, 2000-0099 (La. App. 4 Cir. 2000), 773 So. 2d 285, 288.

The Supreme Court addressed the question of general jurisdiction in Helicopteros v. Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984). That case arose out of a helicopter accident that occurred in Peru and resulted in the death of American citizens. Id. at 410-411. The relatives of these citizens sued the foreign defendant, Helicopteros, in Texas state court. Id. at 412. The Supreme Court analyzed whether the Texas state court had general jurisdiction over Helicopteros and concluded that no general jurisdiction existed. Id. at 416. In reaching this decision, the Court looked to the fact that Helicopteros had never been authorized to do business in Texas, never signed a contract in Texas (although it did contract with residents of Texas several times), never had any employee based in Texas, never maintained an office in Texas, did not maintain any records in Texas, and did not have any shareholders in Texas. Id.

However, Helicopteros did have numerous contacts with Texas. Id. at 411. For example, for seven years, Helicopteros purchased helicopters, spare parts, and accessories from Bell Helicopters, a Texas company. Id. Helicopteros also sent prospective pilots to Texas for training and management and maintenance personnel of Helicopteros visited Bell Helicopters. Id. Despite these contacts, the Supreme Court held that Helicopteros' activities did not "constitute the kind of

continuous and systematic general business contacts" necessary to confer general jurisdiction over it in Texas. Id. at 418-419.

Swift is organized under the laws of the State of Alabama and has its principal place of business in Alabama. See Exhibit 1. Swift has no facilities in Louisiana, is not authorized to do business in Louisiana, and has no offices, real property, or telephone listings in Louisiana. Id. Moreover, Swift has no employees in Louisiana, recruits no employees in Louisiana, does not make any unsolicited mailings to Louisiana, does not advertise in Louisiana, and has no contracts that are performed in Louisiana. Id.

In the last five (5) years, Swift products (not drywall) have been transported to Louisiana only four (4) times. Id. In each of those four (4) instances, the products were transported to Louisiana by independent carriers. Id. Such isolated contacts fall far short of the contacts the Supreme Court found insufficient in Helicopteros. In fact, when referring to the helicopter purchases Helicopteros made in Texas, the Supreme Court held that "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." Helicopteros, 466 U.S. at 418. Because none of the four (4) Swift products that were transported to Louisiana were drywall, there is no

dispute that Swift's sales of these products are not related to the cause of action asserted by the Plaintiffs.

Plaintiffs' Petition is devoid of any allegation or proof that Swift has continuous and systematic contacts with Louisiana that are sufficient to support a finding of general jurisdiction. Because Swift has no continuous contacts with Louisiana, an exercise of general jurisdiction over Swift offends the Due Process Clause. Consequently, Plaintiffs' claims against Swift should be dismissed.

This Court has properly refused to alter its jurisdictional analysis based on a class certification. See In Re: Train Derailment Near Amite, Louisiana, on October 12. 2002; 2004 WL 224573 (E.D. La. 2004). In In Re: Train Derailment Near Amite, Louisiana on October 12, 2002, the plaintiff brought suit against two railroad defendants arising out of a train derailment in Louisiana asserting individual and class claims. Id. at 1. The defendant challenged the Court's jurisdiction. In response to that challenge, the plaintiff asserted that the Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multi-district litigation to a class action." Id. at *1. Following the analysis of jurisdiction, the Court concluded, '[f]inally, this Court is unpersuaded that the certification of a class in this case has any bearing on ]the defendant's] motion to dismiss for lack of

personal jurisdiction. The personal jurisdiction determination depends solely on [the defendant's] conduct in and contacts with the forum state." Id. at *3.

### III. CONCLUSION

Swift does not have the necessary minimum contacts with Louisiana to subject it to jurisdiction in the Eastern District in Louisiana. Because Swift has not purposefully availed itself of the privileges of conducting activities within Louisiana, there is no basis for the exercise of either specific or general jurisdiction over Swift. Therefore, Plaintiffs' Complaint against Swift should be dismissed for lack of personal jurisdiction.

Respectfully submitted this the 19th day of September 2011.

/s/ *Christopher A. Bottcher*
Christopher A. Bottcher
Mary Blanche Hankey
Attorneys for Defendant
Mazer's Discount Home Centers, Inc.

**OF COUNSEL:**

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.: (205) 930-5100
Fax: (205) 930-5101
cbottcher@sirote.com
mhankey@sirote.com

## **DEFENDANT RESPECTFULLY REQUESTS ORAL ARGUMENT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U. S. Mail and e-mail upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United Stated District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 19th day of September, 2011.

*/s/ Christopher A. Bottcher*
Of Counsel