**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | **MDL NO. 2047** |
| DRYWALL PRODUCTS LIABILITY | * | **SECTION: L** |
| LITIGATION | * | |
| | * | |
| | * | **JUDGE FALLON** |
| THIS DOCUMENT RELATES TO: | * | |
| | * | **MAGISTRATE JUDGE** |
| *ALL CASES* | * | **WILKINSON** |
| | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

<u>**POST-HEARING MEMORANDUM OF LAW CITED BY SOUTHERN HOMES AT THE
SEPTEMBER 22, 2011 HEARING OF ITS MOTION TO SET EVIDENTIARY
HEARING TO DETERMINE SECURITY**</u>

Builder-Defendants, Southern Homes, LLC; Tallow Creek, LLC; and Springhill, LLC

(collectively "Southern Homes"), moved this Court pursuant to Rule 65(c) of the Federal Rules of

Civil Procedure to set an evidentiary hearing to determine the proper security for the injunctive

orders relating to Southern Homes' parallel, *in personam*, state-court proceedings against

Interior/Exterior Building Supply, LP and Graf's Drywall, including without limitation: *Southern*

*Homes, LLC v. Interior/Exterior Building Supply, LP, et al.*, Civil District Court, Parish of Orleans,

State of Louisiana, Division M, Case No. 09-6564, which case is specifically listed amongst the

cases stayed by this Court in connection with the INEX Settlement Agreement. On September 22,

2011, this Court heard that Motion.  Southern Homes submits the instant memorandum to provide the Court with the legal authority Southern Homes cited during the hearing.

The United States Court of Appeals for the Fifth Circuit has held:

> The All Writs Act does **not** free a district court from the restraints of Rule 65.  [I]t does **not** authorize a district court to promulgate an ad hoc procedural code whenever compliance with the Rules proves inconvenient.

*Fl. Med. Ass'n v. U.S. Dep't Health*, 601 F.2d 199, 202 (5th Cir. 1979) (emphasis added).

The United States Court of Appeals for the Tenth Circuit ruled virtually identically when it held, "Rule 65 **must be** strictly complied with" in the context of an All Writs Act injunction case. *Comm. Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972) (emphasis added).  And in *John Nuveen & Co. v. NY City Housing Development Corp.*, the federal district court for the Norther District of Illinois expounded on the relationship between the All Writs Act and Rule 65(c), stating:

> [T]his court regards use of the All Writs Act to avoid the bond requirement of Rule 65(c) as **unjustifiable**.  If Congress had meant for district courts to have the power to waive a bond for those who could not put up the money, it could have said so in Rule 65.  To use the All Writs Act to achieve the same purpose would be to **circumvent** the clear intent of Congress, which is hardly "agreeable to the usages and principles of law."

Nos. 86-C-2583, 86-C-2817, 1986 WL 5780, *7 (N.D. Ill. 1986) (quoting the All Writs Act) (emphasis added).

Southern Homes also cited a series of All-Writ-Act cases from the federal district court for the Southern District of New York that all imposed Rule 65(c) security bonds.  *U.S. v. Int'l Brotherhood of Teamsters*, No. 88-C-4486, 981 F. Supp. 233, 240 (S.D. NY 1997) (ordering that "in **accord with** Federal Rule of Civil Procedure 65(c), the IBT post security in the amount of $50,000") (emphasis added); *Pinto v. Doskocil*, No. 91-C-1518, 1992 WL 111344, *3 (S.D. NY

2

1992) (interpreting *In re Baldwin-United Corp.*, 770 F.2d 328, 336 (2d Cir. 1985), as precedent and still holding "[a]s ***required*** by Rule 65(c) of the Federal Rules of Civil Procedure, Pinto shall post a bond in the amount of $10,000 to supplement the $5,000 bond Pinto has already posted") (emphasis added); *Bruce v. Martin*, No. 87-C-7737, 680 F. Supp. 616, 624 (S.D. NY 1988) (holding post-*Baldwin* that "[a]s ***required*** by Fed. R. Civ. P. 65(c), the plaintiffs shall post bond in the amount of $50,000") (emphasis added).

Respectfully submitted,

 /s/ Martha Y. Curtis_____
JAMES M. GARNER, T.A. (# 19589)
MARTHA Y. CURTIS (# 20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, LLC**
909 Poydras Street, 28th Floor
New Orleans, Louisiana  70112-1033
Telephone: (504) 299-2100
Facsimile:  (504) 299-2300

COUNSEL FOR SOUTHERN HOMES, LLC;
SPRINGHILL, LLC; TALLOW CREEK, LLC; AND
ADRIAN KORNMAN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Motion to Set Evidentiary Hearing to Determine Security has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice electronic filing in accordance with the procedures established in MDL 2047, on this 22nd day of September, 2011.

/s/ Martha Y. Curtis
MARTHA Y. CURTIS