**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

LAURA HAYA, DANIEL HAYA AND IRENE HAYA, individually, behalf of all others, similarly situated, et al.,

Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.; QINHUANGDAO TAISHAN BUILDING MATERIALS CO., LTD. A/K/A QINHUANG DAO TAISHAN BUILDING MATERIALS CO., LTD., et al.,

Defendants.
_______________________________________/

CASE NO.: 11-1077
SECT. L MAG. 2

**DEFENDANT ARANDA HOMES, INC.'S CROSS CLAIM AGAINST BANNER SUPPLY CO. AND BANNER SUPPLY COMPANY FORT MYERS, LLC**[1]

COMES NOW Defendant/Cross-Plaintiff, Aranda Homes, Inc. ("**Aranda**"), by and through its undersigned counsel, and alleges for its Cross Claim[2] against Defendants/Cross-Defendants Banner Supply Co. ("**Banner Supply Co.**"), and Banner Supply Company Fort

---

[1] This Cross Claim Against Banner Supply Co. and Banner Fort Myers is filed in conjunction with Defendant Aranda Homes, Inc.'s Cross Claim filed on August 4, 2011 [DE 9992]. The claims raised herein are in addition to, and do not waive or supercede, the claims raised in Aranda's August 4, 2011 Cross Claim.

[2] Plaintiffs commenced this action on May 10, 2011 by filing Plaintiffs' Amended Omnibus Class Action Complaint (Omni IX) in this cause. In response, Aranda moved to dismiss the claims against it in the Complaint. These Cross Claims are therefore being brought to the extent all claims against Aranda are not dismissed in their entirety with prejudice. In the event all of Plaintiffs' claims against Aranda are not dismissed with prejudice, Aranda also expressly reserves the right to raise any and all available defenses and to respond to the Complaint accordingly.

Myers, LLC ("**Banner Fort Myers**") (collectively, the "**Banner Cross Claim Defendants**"), as follows:

## CROSS CLAIMS AGAINST THE BANNER CROSS CLAIM DEFENDANTS

### The Parties, Jurisdiction and Venue

1. This is an action for damages within the monetary jurisdiction of this Court.

2. The plaintiffs in this action ("**Plaintiffs**") are the named plaintiffs and all potential members of the putative subclass claiming against Aranda.

3. Aranda was and is a Florida corporation doing business in Lee County, Florida, where this cause of action arose. At all material times, Aranda was a builder of residential homes in Lee County.

4. Aranda has been named as a defendant in the above-styled action where it is alleged by Plaintiffs in the Complaint that the drywall used by Aranda in the construction of their homes was defective and caused damages to Plaintiffs.

5. Aranda denies any liability owing to Plaintiffs or to any such class of plaintiffs, should a class be certified.

6. The Banner Cross Claim Defendants have also been named as defendants in the above-styled action. The Banner Cross Claim Defendants have been named as Florida-based "distributor" defendants in Exhibit B to the Second Amended Complaint.

7. Subject matter jurisdiction of this Court exists by virtue of 28 U.S.C. §§ 1332 and 1367. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Moreover, this Cross Claim arises from the same transactions or occurrences as Plaintiffs' action. Accordingly, should this Court determine that it has jurisdiction and proper

venue over Plaintiffs' action, this Court shall have jurisdiction and proper venue over the instant Cross Claim and over the instant Banner Cross Claim Defendants.

## General Allegations

9. As set forth in more detail in the Second Amended Complaint, Plaintiffs allege that their homes were built using defective drywall designed, manufactured and processed in China, and that builders, such as Aranda, are liable for damages to Plaintiffs.[3]

10. Plaintiffs allege that the drywall installed in their homes (the **"Homes"**) has a noxious odor and is defective and unreasonably dangerous in that the drywall caused damage to other property within the Homes, including, but not limited to, wiring, plumbing, appliances and Plaintiffs' personal property (the "**Other Property**").

11. Plaintiffs further allege that the drywall contained in their Homes was manufactured, designed, processed, exported, imported, distributed, and/or sold by some or all of the Cross Claim Defendants.

12. Plaintiffs also allege that the drywall is unreasonably dangerous because they have suffered personal injuries.

13. In connection with the construction of certain homes in Lee County, Aranda purchased drywall that was installed in the Homes directly from Banner Supply Co. and/or Banner Fort Myers (together, "**Banner**").

14. At all material times, Banner knew that the drywall purchased for the Homes was going to be used to construct residential homes. Banner knew that Aranda required and expected

---

[3] The named class Plaintiffs and other members of the putative class have asserted claims against Aranda in this Action, as well as other actions in the state and federal courts. The damages sought by Aranda in this Cross Claim against the Banner Cross Claim Defendants include all appropriate damages associated with this Action as well as any other action commenced by any named class plaintiff and any other member of the putative class in any and all state and federal courts.

the drywall to be fit for the ordinary purpose for which it was intended, *i.e.*, safe and fit for use in the construction of residential homes.

15. Upon information and belief, Banner also procured drywall that was installed in the Homes from certain Chinese manufacturers, who were manufacturing drywall to be exported to the United States. At all material times, the Banner Cross Claim Defendants knew that such drywall was going to be used in the construction of residential homes.

16. Upon information and belief, in mid-to-late Fall of 2006, Banner knew that some of Banner's customers had raised concerns that the drywall manufactured, mined, designed, produced, made, marketed, tested, labeled, packaged, advertised, distributed, sold, and/or placed into the stream of commerce by one of its Chinese manufacturers emitted a very bad sulfurous or noxious odor in certain South Florida residential homes.

17. Upon information and belief, Banner also conducted tests of the drywall installed in certain South Florida residential homes.

18. Upon information and belief, Banner did not conduct a more widespread investigation or alert other customers in Florida or around the U.S. about the drywall.

19. Upon information and belief, in a concerted effort to conceal knowledge of drywall defects from consumers of the drywall, Banner entered into a confidential settlement agreement with one of its Chinese manufacturers in January of 2007 (the "**Secret Agreement**").

20. The Secret Agreement stipulated that the Chinese manufacturer would take back all of Banner's unsold drywall, pay Banner for storing it, and replace Banner's inventory of Chinese drywall with thousands of pieces of drywall made by U.S. manufacturers. In return, Banner promised to keep silent about any "perceived or actual smell or health risks" related to the drywall.

21. The Secret Agreement purposefully kept consumers, such as Aranda and other builders, contractors and installers, in the dark about the problems with the drywall. As such, Aranda did not know and was not made aware of the problems with the drywall.

22. The drywall manufactured, exported, imported, distributed and/or sold by Banner for use in the construction of the Homes was not altered and/or otherwise substantively changed by Aranda.

23. For the purpose of this Cross Claim only, and not constituting an admission of the allegations or liability by Aranda, and without in any way adopting the allegations of same as true, the allegations set forth in the Second Amended Complaint describing the alleged defects and unreasonably dangerous propensities of the drywall installed in the Homes are adopted and incorporated as if set forth fully herein. In short, Plaintiffs' causes of action are grounded on the existence of unduly hazardous conditions or a serious risk of harm to persons or property proximately caused by alleged defective drywall in the Homes.

24. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, at all material times, the Banner Cross Claim Defendants had greater knowledge, and/or stood in a better position than Aranda, to know of the drywall's applications, performance, and dangers.

25. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, the Banner Cross Claim Defendants' acts and omissions in importing, supplying, distributing

and/or selling the defective drywall directly and proximately caused and/or exposed Aranda to substantial liability and damages to Plaintiffs.

26. Further, to the extent Plaintiffs are successful in proving that the drywall was defective and damaged Other Property in the Homes, such Other Property was independent from and/or unconnected with the gypsum drywall product purchased by Aranda for installation in the Homes.

27. Moreover, Aranda did not know and was never informed by either of the Banner Cross Claim Defendants or any other entity that the drywall had an odor and/or emitted noxious gases, or could pose serious or unreasonable risk of harm or injury to persons and/or property, as alleged by Plaintiffs.

28. Consequently, the Banner Cross Claim Defendants are liable for any tort or other fault with respect to the use of the allegedly defective and unsafe drywall in the Homes that caused Plaintiffs' alleged injuries and damages, and further damages to Aranda in responding to Plaintiffs' concerns and defending the actions filed by Plaintiffs. Additionally, the Banner Cross Claim Defendants' wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

29. All conditions precedent to the filing of this Cross Claim have been performed, excused, or otherwise waived.

**COUNT 1 – COMMON LAW INDEMNITY**
**(Against Banner Supply Co.)**

30. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

31. Plaintiffs in the Complaint allege various claims against Aranda for damages caused by defective drywall contained in the Homes.

32. Aranda is not and was not in the business of distributing, supplying and/or selling drywall and had no reason to know or to suspect that there were problems with the drywall distributed, supplied and/or sold by Banner Supply Co. Aranda justifiably relied on Banner Supply Co. to supply drywall that was fit for the ordinary purpose for which it was intended, *i.e.* safe and fit for use in the construction of residential homes.

33. Aranda is entirely without fault for the injuries alleged by Plaintiffs.

34. Any injuries suffered by Plaintiffs were due to the acts or omissions of Banner Supply Co.

35. A special relationship existed between Banner Supply Co. and Aranda such that any liability imposed upon Aranda in this matter will be secondary, passive, solely vicarious, constructive, derivative or technical to Banner Supply Co. Aranda purchased drywall from Banner Supply Co. to be installed in the Homes. Moreover, to the extent that Plaintiffs are successful in proving their claims, the drywall distributed, sold and/or supplied by Banner Supply Co. was defective and wholly to blame for Plaintiffs' injuries.

36. As a result of the claims that have been filed against Aranda, Aranda has incurred losses, damages, costs, attorneys' fees and expenses due to the alleged failure of Banner Supply Co. to distribute, supply and/or sell drywall fit for its intended purpose.

37. If Aranda is found to be liable to Plaintiffs, Banner Supply Co. is liable to Aranda for any loss, damages, costs, and expenses, including attorneys' fees, related to the claims brought by Plaintiffs and/or for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, or amounts paid in settlement in this action and/or any other action brought by Plaintiffs against Aranda, including, without limitation, payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs,

payments for the amount of any judgment entered against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against the claims brought by Plaintiffs.

**WHEREFORE**, Aranda demands judgment for indemnity in its favor against Banner Supply Co., for damages plus attorneys' fees, interest and costs as damages, and for such other relief as the Court deems just and proper.

**COUNT 2 – CONTRIBUTION PURSUANT TO FLA. STAT. § 768.31**
**(Against Banner Supply Co.)**

38. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

39. This is an action, stated in the alternative, against Banner Supply Co. for contribution pursuant to Section 768.31, Florida Statutes.

40. In the Complaint, Plaintiffs allege various claims against Aranda for damages caused by defects in the drywall contained in the Homes.

41. Without admitting any liability or damages to Plaintiffs, should Aranda be found liable, Banner Supply Co. would also share in the liability to the extent its tortious acts or omissions caused or contributed to the damages claimed by Plaintiffs for the alleged defects in the drywall.

42. Aranda has not intentionally caused or contributed to the damages alleged by the Plaintiffs in this action.

43. To the extent that any common liability is found with respect to Aranda, Aranda hereby asserts its right of contribution against Banner Supply Co. for its pro rata share of the liability.

44. Banner Supply Co. should be required to repay Aranda for any loss, damages, costs, and expenses, including attorneys' fees, Aranda is required to pay to or on behalf of Plaintiffs for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims in this action and/or any other action brought by Plaintiffs against Aranda, in excess of its pro rata share of any common liability.

**WHEREFORE**, Aranda demands that judgment be entered against Banner Supply Co. for its pro rata share of the liability, if any, found against Aranda in this action, plus costs and interest, and such other and further relief as this Court deems just and proper.

**COUNT 3 – EQUITABLE SUBROGATION**
**(Against Banner Supply Co.)**

45. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

46. This is an action, stated in the alternative, against Banner Supply Co. for equitable subrogation.

47. In the Complaint, Plaintiffs allege various claims against Aranda for damages caused by defective drywall contained in the Homes.

48. Aranda is not and was not in the business of distributing, supplying and/or selling drywall and had no reason to know or to suspect that there were problems with the drywall sold by Banner Supply Co. Aranda justifiably relied on Banner Supply Co. to distribute, sell and/or supply drywall that was fit for the ordinary purpose for which it was intended, *i.e.* safe and fit for use in the construction of residential homes.

49. Without admitting any liability or damages to Plaintiffs, Aranda is not primarily liable for any liability to the Plaintiffs.

50. To the extent that Aranda is required to pay damages for any fault of Banner Supply Co. to protect its own interests, and not as a volunteer, Aranda would be entitled to reimbursement from Banner Supply Co. under equitable principles for any damages which are attributable to it related to the claims brought by Plaintiffs in this action and/or any other action brought by Plaintiffs against Aranda, including, without limitation, payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payments for the amount of any judgment entered against Aranda and/or amounts paid in settlement in this action and/or any other action brought by Plaintiffs against Aranda, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against the claims brought by Plaintiffs.

51. Such subrogation will not work any injustice to the rights of others.

**WHEREFORE**, Aranda demands judgment in its favor and against Banner Supply Co. for equitable subrogation, as well as attorneys' fees, costs and interest, together with any such other relief as this Court deems just and proper.

**COUNT 4 – BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY UNDER COMMON LAW AND/OR FLA. STAT. § 672.314**
**(Against Banner Supply Co.)**

52. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

53. This is an action against Banner Supply Co. for breach of the implied warranty of merchantability under the common law and/or Section 672.314, Florida Statutes.

54. Aranda purchased drywall from Banner Supply Co. to be installed in the Homes. Banner Supply Co. knew that Aranda required and expected the drywall it distributed, supplied and/or sold to be fit for the ordinary purpose for which it was intended, *i.e.* safe and fit for use in

the construction of residential homes, and Aranda justifiably relied on Banner Supply Co.'s skill and judgment to supply such drywall for the construction of residential homes.

55. Pursuant to the relationship between the parties, Banner Supply Co. is deemed to have provided Aranda with an implied warranty of merchantability as to the drywall materials distributed and/or sold by Banner Supply Co.

56. The drywall distributed, supplied and/or sold by Banner Supply Co. for use in the construction of the Homes was not altered and/or otherwise substantively changed by Aranda.

57. Pursuant to Fla. Stat. § 672.314 and/or common law, Banner Supply Co. warranted that the drywall was merchantable and reasonably fit for the ordinary purpose for which gypsum drywall is used in residential construction, *i.e.* safe and fit for use in the construction of residential homes.

58. Plaintiffs in the Complaint allege various claims against Aranda for damages caused by defective drywall contained in the Homes. Aranda denies it has any liability to Plaintiffs. However, to the extent that Plaintiffs are successful in proving that the drywall in the Homes is defective and not merchantable and Aranda is found liable to Plaintiffs, Banner Supply Co. breached the implied warranty of merchantability by distributing, supplying and/or selling drywall that was defective and not reasonably fit for the ordinary purpose for which drywall is used in residential home construction.

59. As a result of the claims that have been filed against Aranda, Aranda has incurred losses, damages, costs, attorneys' fees and expenses due to the alleged failure of Banner Supply Co. to distribute, supply and/or sell drywall fit for its intended purpose, *i.e.*, for use in the construction of residential homes, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment

entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Supply Co.'s wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

60. Aranda timely notified Banner Supply Co. of the alleged defective gypsum drywall, but Banner Supply Co. has failed to repair or replace the defective gypsum drywall.

**WHEREFORE,** Aranda demands judgment for damages in its favor and against Banner Supply Co., in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 5 – BREACH OF THE IMPLIED WARRANTY OF FITNESS**
**(Against Banner Supply Co.)**

61. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

62. This is an action against Banner Supply Co. for breach of the implied warranty of fitness.

63. Aranda purchased drywall from Banner Supply Co. to be installed in the Home.

64. Banner Supply Co. knew that Aranda required and expected the drywall that Banner Supply Co. distributed, supplied and/or sold to be safe and fit for use in the construction of residential homes.

65. Aranda justifiably relied on Banner Supply Co.'s skill and judgment to sell drywall fit for the particular purpose of constructing residential homes.

66. Pursuant to the relationship between the parties, Banner Supply Co. is deemed to have provided Aranda with an implied warranty of fitness as to the drywall materials distributed, supplied and/or sold by Banner Supply Co.

67. The drywall distributed, supplied and/or sold by Banner Supply Co. for use in the construction of the Homes was not altered and/or otherwise substantively changed by Aranda.

68. Banner Supply Co. impliedly warranted that the drywall was safe and fit for use in the construction of residential homes.

69. In the Complaint, Plaintiffs allege that the defective drywall in the Homes proximately caused their injuries. Aranda denies it has any liability to Plaintiffs. However, to the extent that Plaintiffs are successful in proving that the drywall in the Homes is defective and not fit for the particular purpose for which the drywall was required and Aranda is found liable to Plaintiffs, Banner Supply Co. breached the implied warranty of fitness by distributing, supplying and/or selling drywall that was defective and not reasonably fit for use in the construction of residential homes.

70. As a result of the claims that have been filed against Aranda, Aranda has incurred losses, damages, costs, attorneys' fees and expenses due to the alleged failure of Banner Supply Co. to distribute and/or sell drywall fit for its intended purpose, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Supply Co.'s wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

71. Aranda timely notified Banner Supply Co. of the defective gypsum drywall, but Banner Supply Co. has failed to repair or replace the defective gypsum drywall installed in the Homes.

**WHEREFORE,** Aranda demands judgment for damages in its favor and against Banner Supply Co. in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 6 – NEGLIGENCE**
**(Against Banner Supply Co.)**

72. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

73. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on the unduly hazardous condition of the drywall in the Homes posing serious or unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes.

74. Banner Supply Co. distributed, supplied and/or sold to Aranda the gypsum drywall that was installed in the Homes.

75. As such, Banner Supply Co. owed Aranda a duty to, among other things, exercise reasonable care to (i) investigate and/or inspect, market, distribute, supply and/or sell drywall which was free from defects that could cause property damage, bodily injury, and damage the health and safety of Aranda's customers; and, (ii) market, distribute, supply and/or sell drywall materials that were free from defects and in compliance with applicable laws, codes, regulations and standards applicable to its industry.

76. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that the drywall in the Homes was defective,

unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co. knew or should have known that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use.

77. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co. breached its duty of care to Aranda by among other things, (i) failing to exercise reasonable care in investigating and/or inspecting the properties of the drywall it distributed, sold and/or supplied for installation in the Homes to ensure that it was not defective and complied with all applicable building and industry standards; (ii) failing to exercise reasonable care in overseeing, managing, controlling, inspecting, investigating and/or auditing the manufacturer, importer, wholesaler or distributor of the drywall Banner Supply Co. sold and/or supplied; (iii) acquiring, procuring, marketing, distributing, wholesaling supplying, and/or selling drywall which allegedly contained defects that could cause the damage alleged by Plaintiffs; and, (iv) failing to supply Aranda with drywall that complied with all applicable building and industry standards.

78. To the extent Plaintiffs are successful in proving that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, such breaches in Banner Supply Co.'s duty of care were the direct and proximate cause of Aranda's injuries, losses, and damages.

79. To the extent Plaintiffs are successful in proving that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co. knew or reasonably should have known that its acts and

omissions in marketing, distributing, supplying and/or selling defective drywall would expose Aranda to substantial liability and damages. If Banner Supply Co. had exercised that degree of care that a prudent or reasonably cautious distributor and/or supplier acting under the same circumstances would exert, it would or could have foreseen that the drywall was defective and that damages to Aranda would ensue as a result of marketing, distributing, supplying and/or selling defective drywall.

80. Without admitting any liability or damages to Plaintiffs, Aranda was damaged by Banner Supply Co.'s breaches of its duties of care, which directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other actions brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Supply Co.'s wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Cross Claim Defendant, Banner Supply Co., in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 7 – NEGLIGENT FAILURE TO WARN**
**(Against Banner Supply Co.)**

81. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

82. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on the unduly hazardous condition of the drywall in the Homes posing serious or

unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes.

83. Banner Supply Co. distributed, supplied and/or sold to Aranda the gypsum drywall that was installed in the Homes.

84. As such, Banner Supply Co. owed Aranda a duty to, among other things, exercise reasonable care to: (i) disclose any defects in the drywall materials it distributed, sold and/or supplied or disclose any adverse affects associated with the drywall; (ii) warn Aranda about any dangers inherent in the drywall, and/or (iii) warn Aranda about any problems or dangers in using the drywall for residential construction.

85. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co. knew or should have known that the drywall was or was likely to be defective, unreasonably dangerous and/or not reasonably safe for its intended use.

86. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co. knew or should have known that unless it warned Aranda of the risk of using the drywall it distributed, sold, and/or supplied, Aranda would suffer harm. However, Banner Supply Co. failed to provide an adequate warning of such danger.

87. Aranda did not know, had no reason to believe, and was never informed that the drywall had an odor or emitted noxious gases, or could pose serious or unreasonable risk of harm or injury to persons and/or property, as alleged by Plaintiffs. Without a warning,

Aranda had no way of anticipating that the drywall could harm persons and/or property and had every reason to expect that the product could be safely used in a residential home in the ordinary manner.

88. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co. breached its duty of care to Aranda by (i) failing to disclose any defects in the drywall materials it distributed, supplied and/or sold which it knew or reasonably should have known about; (ii) failing to warn Aranda about any dangers inherent in the drywall, and/or (iii) failing to warn Aranda about any problems or dangers in using the drywall for residential construction, about which Banner Supply Co. knew or reasonably should have known.

89. To the extent Plaintiffs are successful in proving that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, such breaches in Banner Supply Co.'s duty of care were the direct and proximate cause of Aranda's injuries, losses, and damages.

90. To the extent Plaintiffs are successful in proving that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co. knew or reasonably should have known that its acts and omissions in failing to disclose and/or warn of drywall defects would expose Aranda to substantial liability and damages. If Banner Supply Co. had exercised that degree of care that a prudent or reasonably cautious distributor and/or supplier acting under the same circumstances would exert, it would or could have foreseen that damages to Aranda would ensue as a result of failing to disclose and/or warn of drywall defects.

91. Without admitting any liability or damages to Plaintiffs, Aranda was damaged by Banner Supply Co.'s breaches of its duties of care, which directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Supply Co.'s wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Co. in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 8 – BREACH OF THE POST-SALE DUTY TO WARN**
**(Against Banner Supply Co.)**

92. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

93. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on the unduly hazardous condition of the drywall in the Homes posing serious or unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes.

94. Banner Supply Co. distributed, sold and/or supplied to Aranda the gypsum drywall that was installed in the Homes.

95. To the extent Plaintiffs are successful in proving that drywall distributed, supplied, and/or sold by Banner Supply Co. was defective, unreasonably dangerous and/or not

reasonably safe for its intended use as more fully alleged in the Complaint, after the time such drywall left Banner Supply Co.'s control and/or was sold to Aranda, Banner Supply Co. knew or reasonably should have known that the drywall was unduly hazardous and/or posed a substantial risk of harm to persons or property.

96. To the extent Plaintiffs are successful in proving that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co., as the distributor, supplier and/or seller of the drywall, had a duty to exercise reasonable care to learn of post-sale problems with its drywall product and/or issue a post-sale warning of potential dangers and/or risk of harm associated with the use of its drywall product in residential construction. Banner Supply Co. breached that duty by failing to properly investigate and/or learn of any post-sale problems with its drywall product and/or issue a post-sale warning of such risks.

97. To the extent Plaintiffs are successful in proving that such drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, the potential dangers and/or risk of harm associated with the use of the drywall in residential construction were sufficiently great to justify the burden of providing a warning.

98. Consumers, such as Aranda, to whom a warning might have been provided could have been identified by Banner Supply Co.

99. A warning could have been effectively communicated to consumers such as Aranda and acted on by them.

100. At all material times, Banner Supply Co. stood in a better position than Aranda to know of such drywall's applications, performance, risks and dangers and it could reasonably be

assumed that Aranda was unaware of potential dangers and/or risk of harm associated with the use of Banner Supply Co.'s drywall product in residential construction.

101. To the extent Plaintiffs are successful in proving that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, a reasonable distributor, seller and/or supplier in Banner Supply Co.'s position would have provided a post-sale warning.

102. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Aranda was damaged by Banner Supply Co.'s breach of its post-sale duty to warn, which directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Supply Co.'s wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Co. in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 9 – STRICT PRODUCTS LIABILITY**
**(Against Banner Supply Co.)**

103. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

104. At all material times, Banner Supply Co. was in the business of distributing, supplying, and/or selling gypsum drywall of the type contained in the Homes.

105. At all material times, the gypsum drywall contained in Plaintiffs' Homes was placed into the stream of commerce, distributed, supplied and/or sold by Banner Supply Co. to Aranda.

106. At the time said drywall was placed into the stream of commerce, distributed, supplied and/or sold by Banner Supply Co., Banner Supply Co. intended that the drywall reach consumers and/or ultimate users of the drywall, such as Aranda.

107. Banner Supply Co. expected the gypsum drywall to reach Aranda and/or the Homes without substantial change affecting its condition, and the alleged defective gypsum drywall did in fact reach Aranda and/or the Homes without substantial change affecting that condition.

108. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on the unduly hazardous condition of the drywall in the Homes posing serious or unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes.

109. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, the defective gypsum drywall distributed, placed into the stream of commerce, supplied and/or sold by Banner Supply Co. directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other

action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Supply Co.'s wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Co. in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 10 – STRICT PRODUCTS LIABILITY FAILURE TO WARN**
**(Against Banner Supply Co.)**

110. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

111. At all material times, Banner Supply Co. was in the business of distributing, supplying, and/or selling gypsum drywall of the type contained in the Homes.

112. At all material times, the gypsum drywall contained in the Homes was placed into the stream of commerce, distributed, and/or sold by Banner Supply Co. to Aranda.

113. At the time said drywall was placed into the stream of commerce, distributed, supplied and/or sold by Banner Supply Co., Banner Supply Co. intended that the drywall reach consumers and/or ultimate users of the drywall, such as Aranda.

114. Banner Supply Co. expected the gypsum drywall to reach Aranda and/or the Homes without substantial change affecting its condition, and the gypsum drywall did in fact reach Aranda and/or the Homes without substantial change affecting that condition.

115. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on the unduly hazardous condition of the drywall in the Homes posing serious or

unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes.

116. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, the use of such defective drywall in residential construction involved a danger of which Banner Supply Co. was required to provide a warning. However, Banner Supply Co. failed to provide an adequate warning of such danger.

117. Aranda did not know, had no reason to believe, and was never informed that the drywall had an odor or emitted noxious gases, or could pose serious or unreasonable risk of harm or injury to persons and/or property, as more fully alleged in the Complaint.

118. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, it was so because Banner Supply Co. failed to warn Aranda of the risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes. Without a warning, Aranda had no way of anticipating that the drywall could harm persons and/or property and had every reason to expect that the product could be safely used in a residential home in the ordinary manner.

119. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co.'s failure to adequately warn of the drywall's unreasonably dangerous propensities or risks associated with the use of the drywall directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on

behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Supply Co.'s wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Co. in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 11 - VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. §§ 501.201, ET SEQ.**
**(Against Banner Supply Co.)**

120. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

121. This is an action for violation of §§ 501.201, *et seq*., Fla. Stat., the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA" or the "Act").

122. The purpose of FDUTPA is "[t]o protect the consuming public and legitimate business enterprise from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

123. At all material times, Aranda was a person and a consumer of drywall as defined under FDUTPA.

124. At all material times, Banner Supply Co. engaged in trade or commerce by selling, advertising, soliciting, offering, distributing and/or supplying drywall to consumers, such as Aranda.

125. Banner Supply Co. advertised, solicited, offered, distributed, supplied and/or sold the gypsum drywall that was installed in the Homes.

126. At the time Banner Supply Co. advertised, solicited, offered, distributed, supplied and/or sold the drywall, Banner Supply Co. represented that the drywall was fit for the ordinary purpose for which it was intended, *i.e.* safe and fit for use in the construction of residential homes, and free from defects.

127. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on the unduly hazardous condition of the drywall in the Homes posing serious or unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes.

128. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, at the time Banner Supply Co. sold, advertised, solicited, offered, distributed and/or supplied the drywall that was installed in the Homes, Banner Supply Co. knew or should have known that the drywall was in fact unfit and/or unreasonably dangerous.

129. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Plaintiffs' claims arise from Banner Supply Co.'s unfair and deceptive conduct in selling, advertising, soliciting, offering, distributing and/or supplying defective drywall, and/or failing to disclose that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use in residential construction.

130. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co.'s unfair and deceptive conduct in advertising, soliciting, offering, distributing, supplying and/or selling defective drywall, and/or its failure to disclose that the drywall was unreasonably dangerous and/or not reasonably safe for its intended use in residential construction, as more specifically alleged in paragraphs 16-27, herein, constitutes unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices within the meaning of FDUTPA.

131. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co.'s unfair and deceptive conduct in advertising, soliciting, offering, distributing, supplying and/or selling defective gypsum drywall, and/or its failure to disclose that the drywall unfit, was likely to deceive and/or mislead a consumer such as Aranda acting reasonably in the same circumstances, to the consumer's detriment. A reasonable consumer would presume that the drywall was reasonably fit for the ordinary purpose for which gypsum drywall is used in residential construction, *i.e.* safe and fit for use in the construction of residential homes. A reasonable consumer would also presume that the distributor or supplier of such gypsum drywall product would disclose and/or issue a warning to consumers after it became aware that the drywall was not reasonably fit for the ordinary purpose for which gypsum drywall is used.

132. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co.'s unfair and deceptive conduct in advertising,

soliciting, offering, distributing, supplying and/or selling defective drywall and/or its failure to disclose that that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use offends public policy and is immoral, unethical, and substantially injurious to consumers, such as Aranda.

133. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Aranda did not get what it bargained for and is entitled to its actual damages, plus attorneys' fees and court costs. Banner Supply Co.'s violations of FDUTPA directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Supply Co.'s wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Co., in an amount to be determined at trial, plus attorneys' fees, costs and interest, and for such further and other relief as the Court may deem just and proper.

**COUNT 12 – UNJUST ENRICHMENT**
**(Against Banner Supply Co.)**

134. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

135. This is an action, stated in the alternative, against Banner Supply Co. for unjust enrichment.

136. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on defective drywall in the Homes posing serious risk of injury to persons or property.

137. Banner Supply Co. distributed, sold and/or supplied to Aranda the gypsum drywall that was installed in the Homes.

138. Aranda paid Banner Supply Co. for supplying the drywall for the Homes.

139. Banner Supply Co. received money from Aranda as a result of Aranda's purchases of defective drywall that was installed in the Homes.

140. In delivering such payment, monies and/or funds to Banner Supply Co., Aranda conferred a benefit, *i.e.*, funds and profit, to Banner Supply Co., which had knowledge thereof.

141. Banner Supply Co. voluntarily accepted and retained the benefit conferred upon it by Aranda.

142. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Supply Co.'s acts and omissions in distributing, supplying and/or selling defective drywall directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims.

143. The circumstances described herein, under which Banner Supply Co. profited from selling and/or supplying defective drywall, make it inequitable for Banner Supply Co. to retain those funds and profits.

144. Aranda has no adequate remedy at law.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Co. in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 13 – COMMON LAW INDEMNITY**
**(Against Banner Supply Company Fort Myers, LLC)**

145. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

146. In the Complaint, Plaintiffs allege various claims against Aranda for damages caused by defective drywall contained in the Homes.

147. Aranda is not and was not in the business of manufacturing, distributing or selling drywall and had no reason to know or to suspect that there were problems with the drywall supplied by Banner Supply Company Fort Myers, LLC ("**Banner Fort Myers**"). Aranda justifiably relied on Banner Fort Myers to supply drywall that was fit for the ordinary purpose for which it was intended, *i.e.* safe and fit for use in the construction of residential homes.

148. Aranda is entirely without fault for the injuries alleged by Plaintiffs.

149. Any injuries suffered by Plaintiffs were due to the acts or omissions of Banner Fort Myers.

150. A special relationship existed between Banner Fort Myers and Aranda such that any liability imposed upon Aranda in this matter will be secondary, passive, solely vicarious, constructive, derivative or technical to Banner Fort Myers. Aranda purchased drywall from Banner Fort Myers to be installed in the Homes. Moreover, to the extent that Plaintiffs are successful in proving their claims, the drywall distributed, sold and/or supplied by Banner Fort Myers was defective and wholly to blame for Plaintiffs' injuries.

151. As a result of the claims that have been filed against Aranda, Aranda has incurred losses, damages, costs, attorneys' fees and expenses due to the alleged failure of Banner Fort Myers to supply drywall fit for its intended purpose, *i.e.*, not unreasonably dangerous and fit for use in the construction of residential homes.

152. If Aranda is found to be liable to Plaintiffs, Banner Fort Myers is liable to Aranda for any loss, damages, costs, and expenses, including attorneys' fees, related to the claims brought by Plaintiffs and/or for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, or amounts paid in settlement in this action and/or any other action brought by Plaintiffs against Aranda, including, without limitation, payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payments for the amount of any judgment entered against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against the claims brought by Plaintiffs.

**WHEREFORE**, Aranda demands judgment for indemnity in its favor against Banner Supply Company Fort Myers, LLC, for damages plus attorneys' fees, interest and costs as damages, and for such other relief as the Court deems just and proper.

**COUNT 14 – CONTRIBUTION PURSUANT TO FLA. STAT. § 768.31**
**(Against Banner Supply Company Fort Myers, LLC)**

153. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

154. This is an action, stated in the alternative, against Banner Fort Myers for contribution pursuant to Section 768.31, Florida Statutes.

155. In the Complaint, Plaintiffs allege various claims against Aranda for damages caused by defects in the drywall contained in the Homes.

156. Without admitting any liability or damages to Plaintiffs, should Aranda be found liable, Banner Fort Myers would also share in the liability to extent its tortious acts or omissions caused or contributed to the damages claimed by Plaintiffs for the alleged defects in the drywall.

157. Aranda has not intentionally caused or contributed to the damages alleged by the Plaintiffs in this action.

158. To the extent that any common liability is found with respect to Aranda, Aranda hereby asserts its right of contribution against Banner Fort Myers for its pro rata share of the liability.

159. Banner Fort Myers should be required to repay Aranda for any loss, damages, costs, and expenses, including attorneys' fees, Aranda is required to pay to or on behalf of Plaintiffs for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims in this action and/or any other action brought by Plaintiffs against Aranda, in excess of its pro rata share of any common liability.

**WHEREFORE**, Aranda demands that judgment be entered against Banner Supply Company Fort Myers, LLC, for its pro rata share of the liability, if any, found against Aranda in this action, along with interest and costs, and such other and further relief as this Court deems just and proper.

**COUNT 15 – EQUITABLE SUBROGATION**
**(Against Banner Supply Company Fort Myers, LLC)**

160. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

161. This is an action, stated in the alternative, against Banner Fort Myers for equitable subrogation.

162. In the Complaint, Plaintiffs allege various claims against Aranda for damages caused by defective drywall contained in the Homes.

163. Aranda is not and was not in the business of manufacturing, distributing or selling drywall and had no reason to know or to suspect that there were problems with the drywall supplied by Banner Fort Myers. Aranda justifiably relied on Banner Fort Myers to supply drywall that was fit for the ordinary purpose for which it was intended, *i.e.* not unreasonably dangerous and fit for use in the construction of residential homes.

164. Without admitting any liability or damages to Plaintiffs, Aranda is not primarily liable for any liability to the Plaintiffs.

165. To the extent that Aranda is required to pay damages for any fault of Banner Fort Myers to protect its own interests, and not as a volunteer, Aranda would be entitled to reimbursement from Banner Fort Myers under equitable principles for any damages which are attributable to it related to the claims brought by Plaintiffs in this action and/or any other action brought by Plaintiffs against Aranda, including, without limitation, payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payments for the amount of any judgment entered against Aranda and/or amounts paid in settlement in this action and/or any other action brought by Plaintiffs against Aranda, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against the claims brought by Plaintiffs.

166. Such subrogation will not work any injustice to the rights of others.

**WHEREFORE**, Aranda demands judgment in its favor and against Banner Supply Company Fort Myers, LLC, for equitable subrogation, as well as attorneys' fees, costs and interest, together with any such other relief as this Court deems just and proper.

**COUNT 16 – BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY UNDER COMMON LAW AND/OR FLA. STAT. § 672.314**
**(Against Banner Supply Company Fort Myers, LLC)**

167. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

168. This is an action against Banner Fort Myers for breach of the implied warranty of merchantability under the common law and/or Section 672.314, Florida Statutes.

169. Aranda purchased drywall from Banner Fort Myers to be installed in the Homes. Banner Fort Myers knew that Aranda required and expected the drywall it distributed, supplied and/or sold to be fit for the ordinary purpose for which it was intended, *i.e.* safe and fit for use in the construction of residential homes, and Aranda justifiably relied on Banner Fort Myers' skill and judgment to supply such drywall for the construction of a residential homes.

170. Pursuant to the relationship between the parties, Banner Fort Myers is deemed to have provided Aranda with an implied warranty of merchantability as to the drywall materials sold and/or supplied by Banner Fort Myers.

171. The drywall distributed, supplied and/or sold by Banner Fort Myers for use in the construction of the Homes was not altered and/or otherwise substantively changed by Aranda.

172. Pursuant to Fla. Stat. § 672.314 and/or common law, Banner Fort Myers warranted that the drywall was merchantable and reasonably fit for the ordinary purpose for which gypsum drywall is used in residential construction, *i.e.* safe and fit for use in the construction of residential homes.

173. In the Complaint, Plaintiffs allege various claims against Aranda for damages caused by defective drywall contained in the Homes. Aranda denies it has any liability to Plaintiffs. However, to the extent that Plaintiffs are successful in proving that the drywall in the Homes is defective and not merchantable and Aranda is found liable to Plaintiffs, Banner Fort Myers breached the implied warranty of merchantability by distributing, selling and/or supplying drywall that was defective and not reasonably fit for the ordinary purpose for which drywall is used in residential home construction. Banner Fort Myers' wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

174. As a result of the claims that have been filed against Aranda, Aranda has incurred losses, damages, costs, attorneys' fees and expenses due to the alleged failure of Banner Fort Myers to distribute, sell and/or supply drywall fit for its intended purpose, *i.e.*, for use in the construction of residential homes.

175. Aranda timely notified Banner Fort Myers of the defective gypsum drywall, but Banner Fort Myers has failed to repair or replace the defective gypsum drywall.

**WHEREFORE,** Aranda demands judgment for damages in its favor and against Banner Supply Company Fort Myers, LLC, in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 17 – BREACH OF THE IMPLIED WARRANTY OF FITNESS**
**(Against Banner Supply Company Fort Myers, LLC)**

176. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

177. This is an action against Banner Fort Myers for breach of the implied warranty of fitness.

178. Aranda purchased drywall from Banner Fort Myers to be installed in the Homes.

179. Banner Fort Myers knew that Aranda required and expected the drywall it sold and/or supplied to be safe and fit for use in the construction of residential homes.

180. Aranda justifiably relied on Banner Fort Myers' skill and judgment to supply drywall fit for the particular purpose of constructing residential homes.

181. Pursuant to the relationship between the parties, Banner Fort Myers is deemed to have provided Aranda with an implied warranty of fitness as to the drywall materials sold and/or supplied by Banner Fort Myers.

182. The drywall sold and/or supplied by Banner Fort Myers for use in the construction of the Homes was not altered and/or otherwise substantively changed by Aranda.

183. Banner Fort Myers impliedly warranted that the drywall was safe and fit for use in the construction of residential homes.

184. In the Complaint, Plaintiffs allege that the defective drywall in the Homes proximately caused their injuries. Aranda denies it has any liability to Plaintiffs. However, to the extent that Plaintiffs are successful in proving that the drywall in the Homes was defective and not fit for the particular purpose for which the drywall was required and Aranda is found liable to Plaintiffs, Banner Fort Myers breached the implied warranty of fitness by selling and/or supplying drywall that was defective and not reasonably fit for the use in the construction of residential homes. Banner Fort Myers' wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

185. As a result of the claims that have been filed against Aranda, Aranda has incurred losses, damages, costs, attorneys' fees and expenses due to the alleged failure of Banner Fort Myers to sell and/or supply drywall fit for its intended purpose.

186. Aranda timely notified Banner Fort Myers of the defective gypsum drywall, but Banner Fort Myers has failed to repair or replace the defective gypsum drywall installed in the Homes.

**WHEREFORE,** Aranda demands judgment for damages in its favor and against Banner Supply Company Fort Myers, LLC, in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 18 – NEGLIGENCE**
**(Against Banner Supply Company Fort Myers, LLC)**

187. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

188. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on the unduly hazardous condition of the drywall in the Homes posing serious or unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes.

189. Banner Fort Myers distributed, sold and/or supplied to Aranda the gypsum drywall that was installed in the Homes.

190. As such, Banner Fort Myers owed Aranda a duty to, among other things, exercise reasonable care to (i) investigate and/or inspect, market, distribute, supply and/or sell drywall which was free from defects that could cause property damage, bodily injury, and damage the health and safety of Aranda's customers; and, (ii) market, distribute, supply and/or sell drywall materials that were free from defects and in compliance with applicable laws, codes, regulations and standards applicable to its industry.

191. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that the drywall in the Homes was defective,

unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in Plaintiffs' Complaint, Banner Fort Myers knew or should have known that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use.

192. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that the drywall in the Home was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in Plaintiffs' Complaint, Banner Fort Myers breached its duty of care to Aranda by among other things, (i) failing to exercise reasonable care in investigating and/or inspecting the properties of the drywall it supplied for installation in the Homes to ensure that it was not defective and complied with all applicable building and industry standards; (ii) failing to exercise reasonable care in overseeing, managing, controlling, inspecting, investigating and/or auditing the manufacturer, importer, wholesaler or distributor of the drywall it supplied; (iii) acquiring, procuring, marketing, distributing, wholesaling and/or selling drywall which allegedly contained defects that could cause the damages alleged by Plaintiffs; and, (iv) failing to supply Aranda with drywall that complied with all applicable building and industry standards.

193. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, such breaches in Banner Fort Myers' duties of care were the direct and proximate cause of Aranda's injuries, losses, and damages.

194. To the extent Plaintiffs are successful in proving that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Fort Myers knew or reasonably should have known that its acts and omissions in marketing, distributing, supplying, and/or selling defective drywall would expose

Aranda to substantial liability and damages. If Banner Fort Myers had exercised that degree of care that a prudent or reasonably cautious distributor and/or supplier acting under the same circumstances would exert, it would or could have foreseen that the drywall was defective and that damages to Aranda would ensue as a result of marketing, distributing, supplying and/or selling defective drywall.

195. Without admitting any liability or damages to Plaintiffs, Aranda was damaged by Banner Fort Myers' breaches of its duties of care, which directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Fort Myers' wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Company Fort Myers, LLC, in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 19 – NEGLIGENT FAILURE TO WARN**
**(Against Banner Supply Company Fort Myers, LLC)**

196. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

197. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on the unduly hazardous condition of the drywall in the Homes posing serious or

unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes.

198. Banner Fort Myers distributed, sold and/or supplied to Aranda the gypsum drywall that was installed in the Homes.

199. As such, Banner Fort Myers owed Aranda a duty to, among other things, exercise reasonable care to: (i) disclose any defects in the drywall materials it distributed, sold and/or supplied or disclose any adverse affects associated with the drywall; (ii) warn Aranda about any dangers inherent in the drywall, and/or (iii) warn Aranda about any problems or dangers in using the drywall for residential construction.

200. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Fort Myers knew or should have known that the drywall was or was likely to be defective, unreasonably dangerous and/or not reasonably safe for its intended use.

201. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Fort Myers knew or should have known that unless it warned Aranda of the risk of using the drywall it distributed, sold, and/or supplied, Aranda would suffer harm. However, Banner Fort Myers failed to provide an adequate warning of such danger.

202. Aranda did not know, had no reason to believe, and was never informed that the drywall had an odor or emitted noxious gases, or could pose serious or unreasonable risk of harm or injury to persons and/or property, as more fully alleged in the Complaint. Without

a warning, Aranda had no way of anticipating that the drywall could harm persons and/or property and had every reason to expect that the product could be safely used in a residential home in the ordinary manner.

203. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Fort Myers breached its duties of care to Aranda by (i) failing to disclose any defects in the drywall materials it supplied which it knew or reasonably should have known about; (ii) failing to warn Aranda about any dangers inherent in the drywall, and/or (iii) failing to warn Aranda about any problems or dangers in using the drywall for residential construction, about which Banner Fort Myers knew or reasonably should have known.

204. To the extent Plaintiffs are successful in proving that drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, such breaches in Banner Fort Myers' duty of care were the direct and proximate cause of Aranda's injuries, losses, and damages.

205. To the extent Plaintiffs are successful in proving that drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Fort Myers knew or reasonably should have known that its acts and omissions in failing to disclose and/or warn of drywall defects would expose Aranda to substantial liability and damages. If Banner Fort Myers had exercised that degree of care that a prudent or reasonably cautious distributor and/or supplier acting under the same circumstances would exert, it would or could have foreseen that damages to Aranda would ensue as a result of failing to disclose and/or warn of drywall defects.

206. Without admitting any liability or damages to Plaintiffs, Aranda was damaged by Banner Fort Myers' breaches of its duties of care, which directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Fort Myers' wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Company Fort Myers, LLC, in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 20 – BREACH OF THE POST-SALE DUTY TO WARN**
**(Against Banner Supply Company Fort Myers, LLC)**

207. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

208. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on the unduly hazardous condition of the drywall in the Homes posing serious or unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes.

209. Banner Fort Myers distributed, supplied and/or sold to Aranda the gypsum drywall that was installed in the Homes.

210. To the extent Plaintiffs are successful in proving that the drywall distributed, supplied, and/or sold by Banner Fort Myers was defective, unreasonably dangerous and/or not

reasonably safe for its intended use as more fully alleged in the Complaint, after the time such drywall left Banner Fort Myers' control and/or was sold to Aranda, Banner Fort Myers knew or reasonably should have known that the drywall was unduly hazardous and/or posed a substantial risk of harm to persons or property.

211. To the extent Plaintiffs are successful in proving that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Fort Myers, as the distributor, supplier and/or seller of the drywall, had a duty to exercise reasonable care to learn of post-sale problems with its drywall product and/or issue a post-sale warning of potential dangers and/or risk of harm associated with the use of its drywall product in residential construction. Banner Fort Myers breached that duty by failing to properly investigate and/or learn of any post-sale problems with its drywall product and/or issue a post-sale warning of such risks.

212. To the extent Plaintiffs are successful in proving that such drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, the potential dangers and/or risk of harm associated with the use of the drywall in residential construction were sufficiently great to justify the burden of providing a warning.

213. Consumers, such as Aranda, to whom a warning might have been provided, could have been identified by Banner Fort Myers.

214. A warning could have been effectively communicated to consumers such as Aranda and acted on by them.

215. At all material times, Banner Fort Myers stood in a better position than Aranda to know of such drywall's applications, performance, risks and dangers and it could reasonably be

assumed that Aranda was unaware of potential dangers and/or risk of harm associated with the use of Banner Fort Myers' drywall product in residential construction.

216. To the extent Plaintiffs are successful in proving that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, a reasonable distributor, seller and/or supplier in Banner Fort Myers' position would have provided a post-sale warning.

217. Without admitting any liability or damages to Plaintiffs, Aranda was damaged by Banner Fort Myers' breach of its post-sale duty to warn, which directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Fort Myers' wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Company Fort Myers, LLC, in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 21 – STRICT PRODUCTS LIABILITY**
**(Against Banner Supply Company Fort Myers, LLC)**

218. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

219. At all material times, Banner Fort Myers was in the business of distributing, supplying, and/or selling gypsum drywall of the type contained in the Homes.

220. At all material times, the gypsum drywall contained in the Homes was placed into the stream of commerce, distributed, supplied and/or sold by Banner Fort Myers to Aranda.

221. At the time said drywall was placed into the stream of commerce, distributed, supplied and/or sold by Banner Fort Myers, Banner Fort Myers intended that the drywall reach consumers and/or ultimate users of the drywall, such as Aranda.

222. Banner Fort Myers expected the gypsum drywall to reach Aranda and/or the Homes without substantial change affecting its condition, and the alleged defective gypsum drywall did in fact reach Aranda and/or the Homes without substantial change affecting that condition.

223. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on the unduly hazardous condition of the drywall in the Homes posing serious or unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes.

224. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, the defective gypsum drywall distributed, placed into the stream of commerce, supplied and/or sold by Banner Fort Myers directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims.

Banner Fort Myers' wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Company Fort Myers, LLC, in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 22 – STRICT PRODUCTS LIABILITY FAILURE TO WARN**
**(Against Banner Supply Company Fort Myers, LLC)**

225. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

226. At all material times, Banner Fort Myers was in the business of distributing, supplying, and/or selling gypsum drywall of the type contained in the Homes.

227. At all material times, the gypsum drywall contained in the Homes was placed into the stream of commerce, distributed, and/or sold by Banner Fort Myers to Aranda.

228. At the time said drywall was placed into the stream of commerce, distributed, supplied and/or sold by Banner Fort Myers, Banner Fort Myers intended that the drywall reach consumers and/or ultimate users of the drywall, such as Aranda.

229. Banner Fort Myers expected the gypsum drywall to reach Aranda and/or the Homes without substantial change affecting its condition, and the gypsum drywall did in fact reach Aranda and/or the Homes without substantial change affecting that condition.

230. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on the unduly hazardous condition of the drywall in the Homes posing serious or unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes.

231. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, the use of such defective drywall in residential construction involved a danger of which Banner Fort Myers was required to provide a warning. However, Banner Fort Myers failed to provide an adequate warning of such danger.

232. Aranda did not know, had no reason to believe, and was never informed that the drywall had an odor or emitted noxious gases, or could pose serious or unreasonable risk of harm or injury to persons and/or property, as more fully alleged in the Complaint.

233. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, it was so because Banner Fort Myers failed to warn Aranda of the risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes. Without a warning, Aranda had no way of anticipating that the drywall could harm persons and/or property and had every reason to expect that the product could be safely used in a residential home in the ordinary manner.

234. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Fort Myers' failure to adequately warn of the risks associated with the use of the drywall directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs

against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Fort Myers' wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Company Fort Myers, LLC, in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**COUNT 23- VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. §§ 501.201, ET SEQ.**
**(Against Banner Supply Company Fort Myers, LLC)**

235. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

236. This is an action for violation of §§ 501.201, *et seq*., Fla. Stat., the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA" or the "Act").

237. The purpose of FDUTPA is "[t]o protect the consuming public and legitimate business enterprise from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

238. At all material times, Aranda was a person and a consumer of drywall as defined under FDUTPA.

239. At all material times, Banner Fort Myers engaged in trade or commerce by selling, advertising, soliciting, offering, distributing and/or supplying drywall to consumers, such as Aranda.

240. Banner Fort Myers advertised, solicited, offered, distributed, supplied and/or sold the gypsum drywall that was installed in the Homes.

241. At the time Banner Fort Myers advertised, solicited, offered, distributed, supplied and/or sold the drywall, Banner Fort Myers represented that the drywall was fit for the ordinary purpose for which it was intended, *i.e.* safe and fit for use in the construction of residential homes, and free from defects.

242. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on the unduly hazardous condition of the drywall in the Homes posing serious or unreasonable risk of harm or injury to persons and/or property, including but not limited to the Other Property in the Homes.

243. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, at the time Banner Fort Myers sold, advertised, solicited, offered, distributed and/or supplied the drywall that was installed in the Homes, Banner Fort Myers knew or should have known that the drywall was in fact unfit and/or unreasonably dangerous.

244. Without admitting any liability or damages to Plaintiffs, to the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Plaintiffs' claims arise from Banner Fort Myers' unfair and deceptive conduct in selling, advertising, soliciting, offering, distributing and/or supplying defective drywall, and/or failing to disclose that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use in residential construction.

245. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Fort Myers' unfair and deceptive conduct in advertising, soliciting, offering, distributing, supplying and/or selling defective drywall, and/or its failure to disclose that the drywall was unreasonably dangerous and/or not reasonably safe for its intended use in residential construction, as more specifically alleged in paragraphs 16-27 herein, constitutes unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices within the meaning of FDUTPA.

246. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Fort Myers' unfair and deceptive conduct in advertising, soliciting, offering, distributing, supplying and/or selling defective gypsum drywall, and/or its failure to disclose that the drywall was unfit, was likely to deceive and/or mislead a consumer such as Aranda acting reasonably in the same circumstances, to the consumer's detriment. A reasonable consumer would presume that the drywall was reasonably fit for the ordinary purpose for which gypsum drywall is used in residential construction, *i.e.* safe and fit for use in the construction of residential homes. A reasonable consumer would also presume that the distributor or supplier of such gypsum drywall product would disclose and/or issue a warning to consumers after it became aware that the drywall was not reasonably fit for the ordinary purpose for which gypsum drywall is used.

247. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Fort Myers' unfair and deceptive conduct in advertising,

soliciting, offering, distributing, supplying and/or selling defective drywall and/or its failure to disclose that that the drywall was defective, unreasonably dangerous and/or not reasonably safe for its intended use offends public policy and is immoral, unethical, and substantially injurious to consumers, such as Aranda.

248. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Aranda did not get what it bargained for and is entitled to its actual damages, plus attorneys' fees and court costs. Banner Fort Myers' violations of FDUTPA directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims. Banner Fort Myers' wrongful conduct also caused damages to Aranda, including but not limited to Aranda's loss of reputation, goodwill and lost profits.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Company Fort Myers, LLC, in an amount to be determined at trial, plus attorneys' fees, costs and interest, and for such further and other relief as the Court may deem just and proper.

**COUNT 24 – UNJUST ENRICHMENT**
**(Against Banner Supply Company Fort Myers, LLC)**

249. Aranda reasserts and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

250. In the Complaint, Plaintiffs allege various claims against Aranda for damages grounded on defective drywall in the Homes posing serious risk of injury to persons or property.

{20933520;1}

251. This is an action, stated in the alternative, against Banner Fort Myers for unjust enrichment.

252. Banner Fort Myers distributed, supplied and/or sold to Aranda the gypsum drywall that was installed in the Homes.

253. Aranda paid Banner Fort Myers money for selling and/or supplying drywall for the Homes.

254. Banner Fort Myers received money from Aranda as a result of Aranda's purchases of defective drywall installed in the Homes.

255. In delivering such payment, monies and/or funds to Banner Fort Myers, Aranda conferred a benefit, *i.e.*, funds and profit, to Banner Fort Myers, which had knowledge thereof.

256. Banner Fort Myers voluntarily accepted and retained the benefit conferred upon it by Aranda.

257. To the extent Plaintiffs are successful in proving that the drywall in the Homes was defective, unreasonably dangerous and/or not reasonably safe for its intended use as more fully alleged in the Complaint, Banner Fort Myers' acts and omissions in distributing, supplying and/or selling defective drywall directly and proximately caused and/or exposed Aranda to substantial liability and damages, including but not limited to any payments made or to be made on behalf of Aranda to or on behalf of Plaintiffs, payment for the amount of any judgment entered against Aranda in this action and/or any other action brought by Plaintiffs against Aranda, and/or the settlement of Plaintiffs' claims, as well as reasonable costs and attorneys' fees incurred by Aranda in defending against these claims.

258. The circumstances described herein under which Banner Fort Myers profited from distributing, selling and/or supplying drywall make it inequitable for Banner Fort Myers to retain those funds and profits.

259. Aranda has no adequate remedy at law.

**WHEREFORE**, Aranda demands judgment for damages in its favor and against Banner Supply Company Fort Myers, LLC, in an amount to be determined at trial, plus costs and interest, and for such further and other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

**COMES NOW** Defendant/Cross-Plaintiff, Aranda Homes, Inc., and hereby demands a trial by jury as to all issues so triable as a matter of right.

Respectfully submitted this 26th day of September 2011.

**AKERMAN SENTERFITT**

BY: /s/ Valerie Greenberg
Valerie Greenberg, Esq. (Fla. Bar No. 026514)
Stacy Harrison, Esq. (Fla. Bar No. 44109)
One Southeast Third Avenue, 25th Floor
Miami, FL 33131-1714
Phone: (305) 374-5600
Fax: (305) 374-5095
Email: valerie.greenberg@akerman.com
Email: stacy.harrison@akerman.com

*Attorneys for Aranda Homes, Inc.*

*Co-Counsel for Aranda Homes, Inc.*
Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La. Bar No. 31309)
**Phelps Dunbar LLP**
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: Brent.barriere@phelps.com
Susie.morgan@phelps.com
Skylar.rosenbloom@phelps.com

**CERTIFICATE OF SERVICE**

I hereby certify that *Defendant Aranda Homes Inc.'s Cross Claim Against Banner Supply Co. and Banner Supply Company Fort Myers, LLC* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA 70163 (kmiller@frilot.com), by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of September, 2011.

/s/ Valerie Greenberg