**MINUTE ENTRY**
**FALLON, J.**
**SEPTEMBER 22, 2011**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | **MDL NO. 2047** |
| **IN RE: CHINESE-MANUFACTURED DRY WALL** | : | |
| **PRODUCTS LIABILITY LITIGATION** | : | **SECTION:  L** |
| | : | |
| | : | **JUDGE FALLON** |
| | : | **MAG. WILKINSON** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : 

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  Prior to the conference, the Court met with Liaison Counsel and the Chairs of the Steering Committees.  At the conference, Liaison Counsel reported to the Court on topics set forth in Joint Report No. 25.  *See* (R. Doc. 10401).  The conference was transcribed by Ms. Jodi Simcox, Official Court Reporter.  Counsel may contact Ms. Simcox at (504) 589-7780 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.      PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No. 1 to clarify the preservation of physical evidence during home remediation.

-1-

JS10(00:30)

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion practice, but continuing all motions filed in the MDL without date. Pursuant to a November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is stayed.

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 1E entered February 12, 2010 – Regarding stay of responsive pleadings in *Gross.*

Pre-Trial Order No. 1F entered March 9, 2010-Clarifying the deadline dates for responsive pleadings, notices of appearance, profile forms, and alleviating the need to file motions for extensions in all cases.

Pre-Trial Order No. 1G entered May 27, 2010-Further clarifying deadlines for notices of appearances, profile forms, and responsive pleadings in all cases.

Pre-Trial Order No. 1H entered October 22, 2010-Regarding the PSC's Notice of Completion to the Omni Complaints

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 8A entered January 11, 2011 – Appointing Plaintiffs' Steering Committee for a one year term, beginning January 11, 2011.

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009. PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests.  Also, the accidental

production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

Pre-Trial Order No. 19 entered March 18, 2010—Appointing a State and Federal Coordination Committee.

Pre-Trial Order No. 20 entered April 6, 2010 – Appointment of Insurer Steering Committee.

Pre-Trial Order No. 21 entered April 6, 2010 – Retailer Profile Form.

Pre-Trial Order No. 22 entered April 27, 2010 – Privileged communications relating to PTO 20.

Pre-Trial Order No. 23 entered April 27, 2010 – Insurer Profile Form.

Pre-Trial Order No. 24 entered April 27, 2010 – Subpoenas/30(b)(6) depositions issued re insurance.

## II.   STATE COURT TRIAL SETTINGS

Judge Farina has scheduled the remaining portions of *Harrell* involving Knauf in February 2012, and *Mackle* in March 2012. Judge Farina has also set the following trials:

1.   *Seifart v. Knauf Gips, KG, et al,* case no. 09-38887, set for three week trial period beginning November 28, 2011;

2.   *Frank Mackle, et al, v. CDC Builders, Inc., et al,* case no. 09-56362-CA-42, set for three week trial period beginning March 19, 2011;

3.   *Puckett, Charles A. & Sandra C. v. Grove Hammocks Investments, LLC, et al.,* case no. 2010-026825-CA-42, set for three week trial period beginning April 16, 2012;

-4-

4.  *Dabalsa, Ricardo v. Banner Supply Co., et al.,* case no. 2009-055898-CA-42, set for three week trial period beginning April 16, 2012;

5.  *Calvo v. Banner Supply Co., et al.,* case no. 2010-003371-CA-42, set for three week trial period beginning April 16, 2012;

6.  *Mark Lann v. Caribe East, LLC, et al,* case no. 2010-64747-CA-42, set for two week trial period beginning May 14, 2012;

7.  *Brad Singer, et al v. Allsteel & Gypsum Products, Inc., et al,* case no. 2011-16019-CA-42, set for two week trial period beginning May 14, 2012; and

8.  *Aracelys Armelo, et al v. Deer Creek Estates II, LLC, et al,* case no. 2010-64739-CA-42, set for two week trial period beginning May 14, 2012.

Judge Youngpeter previously scheduled the following trials to begin in Mobile, Alabama on September 19, 2011:

1.  *Prichard Housing Authority v. The Mitchell Co., et al.,* No. CV-09-901118;

2.  *Little v. The Mitchell Co. et al..* No. CV-09-901153; and

3.  *Henderson v. The Mitchell Co., et al,* No. CV-09-901381.

However, in light of the preliminary approval of the INEX settlement, Judge Youngpeter stayed the trials.

Judge Bernard Silver has scheduled the following trial to begin in Hillsborough County, Florida, in December 2011:

1.  *Staggs, Bradley and Audrey v. Alvarez Homes, Inc.,* No. 09-CA-026416.

Judge Greene has scheduled the following trial in Broward County, Florida on January 5, 2012:

1.  *Synalovski v. Knauf Plasterboard (Tianjin) Co, Ltd., et al.*, No. 10-41716 CA

III.    INSURANCE ISSUES

-5-

On March 3, 2011 the Court issued a scheduling Order allowing for hearing certain CGL insurance motions [Rec. Doc. 7793]. The PSC and the Insurer Steering Committee have had numerous meet and confers since the issuance of the scheduling order.

IV.    HOME BUILDERS FEES AND COSTS

On March 9, 2011, the Court entered a Fee Order [Rec. Doc. 8006] requiring all home builders to share responsibility for the fees and expenses of their liaison counsel appointed pursuant to Pre-Trial Order 7B. The Court directed the parties to contact Dorothy Wimberly, dwimberly@stonepigman.com, with any questions about the Fee Order. Additionally, the Court clarified that these payments constituted costs of defense. [Rec. Doc. 8331, p. 31]. Thereafter, the Court further clarified the Fee Order to confirm that compliance by any builder does not constitute a waiver of any pending defenses and objections, including objections to the jurisdiction of the Court [Rec. Doc. 8401]. All home builders are reminded of the payments due pursuant to this Fee Order, which applies to all home builders in this MDL, including newly added builders, who should promptly comply

On August 22, 2011, the Court entered a Supplemental Fee Order [Rec. Doc. 10147] requiring all homebuilders who have not yet complied with the March 9 Fee Order to deposit their respective contributions to the fees and expenses of Homebuilders' Liaison Counsel on or before August 31, 2011.

V.    STATE/FEDERAL COORDINATION

On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committees. Dawn Barrios reported to the Court on the status of related state-court litigation and provided the Court with an updated disk containing this information.

-6-

VI.     OMNIBUS CLASS ACTION COMPLAINTS

The following is a list of filed Omni Complaints and Complaints in intervention:

Omni I:    *Sean and Beth Payton, et al v. Knauf Gips KG, et al*, Case No. 2:09-cv-
            07628 (E.D.La.).  Omni IA, IB and IC have been filed;

Omni II:  *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public
            Limited Co., et al.*, Civil Action No.10-361(E.D.La.).  Omni IIA, IIB and
            IIC have been filed;

Omni III: *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.),  the
            PSC filed a Motion in Intervention (attaching a proposed Complaint in
            Intervention,   *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.*,
            (E.D.La.) (Omni III).  Omni IIIA has been filed;

Omni IV:  *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362
            (E.D.La.) (Omni IV).  Omni IVA, IVB and IVC have been filed;

Omni V:    *Amato v. Liberty Mutual Ins. Co., et al.*, Case No. 10-932;

Omni VI:  *Charlene and Tatum Hernandez v. AAA Insurance*, Case No. 10-3070.
            This Omni VI Complaint has been dismissed;

Omni VII: *Kenneth Abel v. Taishan Gypsum Co., Ltd.*, et al, No. 11-080 ;

Omni VIII: *Daniel Abreu v. Gerbrueder Knauf, et al*, No. 11-252 ; and

Omni IX:  *Laura Haya, et al, v. Taishan Gypsum Co., Ltd., et al*, No. 11-107.

Omni X:    *Block v. Gebrueder Knauf Verwaltungsgesellschaft KG, et* al, No. 11-
            1363.

Omni XI:  *Benoit, et al v. Lafarge, S.A., et al*, No. 11-1893.

Omni XII: *Arndt, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al*, No.
            11-2349.

VII.    PLAINTIFFS' MOTIONS TO ESTABLISH A PLAINTIFFS'
        LITIGATION FEE AND EXPENSE FUND

On March 22, 2011, the PSC filed a Motion to Establish a Court Supervised Account

for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel [Rec. Doc.

8308].   The PSC filed the motion because many of the settling parties have approached the PSC about the prospect of setting aside a portion of the settlement proceeds to preserve a res to compensate and reimburse common benefit counsel.  On April 13, 2011, the Court entered an Order directing that any party may voluntarily deposit seventeen percent (17%) of settlement proceeds for comment benefit fees (12%) and costs (5%) into the registry of the Court [Rec. Doc. 8545.]

VIII.    PILOT PROGRAM

On October 14, 2010, Knauf and the PSC announced the creation of a 300 home remediation pilot program.  The Settlement Agreement for the pilot program can be found on the Court's website at www.laed.uscourts.gov. The agreed contractor, Moss & Associates, has begun estimating the cost of remediation for a number of homes, and continues to do so as Homeowner Affirmations are received from pilot program claimants.  Remediation is complete on 73 homes, and work has begun on 36 homes and 89 more remediations are set to begin soon.

Greg Wallance provided an update to the Court on the program.  He clarified that the Knauf entities are moving forward with the program while at the same time working on monetizing. He also stated they have brought in a full-time project administrator who will be meeting with Louisiana plaintiffs.  Thus far, 726 homes have been turned over to Moss, 600 have been inspected, and 275 more have been offered.  The goal is to complete 100-150 homes per month.  Mr. Wallance acknowledged that there needs to be improvement in communications methods.

IX.     REMEDIATED HOMES

Lead and Liaison Counsel for the PSC and the Knauf Entities have received a number of submissions for remediated homes, and are developing a database for the claims.  Lead and Liaison Counsel for the PSC and the Knauf Entities continue to address the process and form for

resolving remediated homes and a number of meet and confers have taken place. Mr. Wallance also informed the Court that the Knauf entities are working on how to handle the already-remediated homes, but that such is a challenging project. So far there are about 80 remediated homes being considered. Russ Herman reported that the PSC, Knauf, and Moss recently spent three days in New York to work on the pilot program.

## X.   CLASS CERTIFICATION HEARINGS

The PSC filed Plaintiff's Motion for Class Certification of a Louisiana Homeowner Class for Damages and Declaratory Relief (*Silva*) [Rec. Doc. 5567], Plaintiffs' Motion for Class Certification of a Florida Homeowner Class for Claims Against Banner Supply Co. (*Vickers* and *Payton*) [Rec. Doc. 5568/5611], and Plaintiffs' Motion for Class Certification of a Florida Homeowner Class and Louisiana Homeowner Class Property Damage Against Knauf (*Payton*) [Rec. Doc. 5570/5612]. On June 21, 2011, the Court signed and entered a Stipulation and Order Concerning Class Certification Schedule [Rec. Doc. 9607], suspending the previous Scheduling Orders [Rec. Doc. 8385 and Rec. Doc. 8402] until further notice from the Court.

## XI.   KNAUF DEFENDANTS

On July 16, 2010 [Rec. Doc. 4440], the Court issued a Scheduling Order for Jurisdictional Discovery. The following depositions of Knauf representatives have been taken:

1. August 18 and 19, 2010 – 30(b)(6) Deposition of Knauf Gips, Deponent:  Martin Stuermer;

2. September 20 and 21, 2010 – 30(b)(6) Deposition of Knauf Gips, Deponent:  Oliver Froehlich;

3. October 15, 2010 – 30(b)(6) Deposition of Knauf Gips, Deponent:  Martin Stuermer;

4. October 19 and 20, 2010 - 30(b)(6) deposition of Knauf Gips, Deponent: Hans Hummel;

5. September 27, 2010 – 30(b)(6) deposition of Knauf Insulation GMBH, Deponent: Jeff Brisley;

6. September 28, 2010 – 30(b)(6) deposition of Knauf Insulation GMBH, Deponent: Robert Claxton;

7. November 11 and 12, 2010 – Deponent: Mark Norris;

8. November 17, 2010 – Deponent: Tony Robson;

9. December 7 and 8, 2010 – Deponent: Isabel Knauf;

10. December 15, 2010 – Deponent: Manfred Grundke;

11. June 8 and 9, 2011 (New York) – Deponent: Martin Halbach; and

12. June 29, 2011 – Continuation of 30(b)(6) deposition of Knauf Gips, Deponent: Hans Hummel.

13. July 21 and 22, 2011 (Germany) – Deponent: Baldwin Knauf;

14. July 25 and 26, 2011 (Germany) – Deponent: Hans Peter Ingenillem;

15. July27, 2011 (Germany) - Deponent: Martin Halbach (continuation of his prior deposition);

16. August 11 and 12, 2011 (Hong Kong) – Deponent: Ann Zhong;

17. August 10, 2011 (Hong Kong) – Deponent: Zhang Fudong;

18. August 10, 2011(Hong Kong) – Deponent: Mark Norris (continuation of his prior deposition);

19. September 12, 2011 (London) – Deponent: Ann Zhong (continuation of her prior deposition); and

20. September 13 and 14, 2011 (London) – Deponent: David Gregory.

On September 1, 2011, a Joint Motion for Approval of Term Sheet Agreement with the

Knauf Entities Regarding Their Settlement With Homebuilders was filed [Rec. Doc. 10227-3].

Numerous responses/oppositions have been filed. On September 19, 2011, the PSC filed a Motion

-10-

for Leave of Court to File The PSC's Omnibus Reply in Support of Joint Motion for Approval of Term Sheet Agreement With the Knauf Entities Regarding Their Settlements With Homebuilders [Rec. Doc. 10346], and the Knauf Defendants filed The Knauf Defendants' Motion for Leave to File Reply Memorandum to Homebuilders' Response in Opposition to Joint Motion for Approval of Term Sheet Agreement With The Knauf Entities Regarding Their Settlement With Homebuilders [Rec. Doc. 10349].

XII.    TAISHAN DEFENDANTS

The PSC and others noticed the 30(b)(6) depositions of Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd., which were conducted in Hong Kong between April 4, 2011 and April 8, 2011 [Rec. Doc. 7549 and 7550]. Taishan made four document productions and produced four additional pages of documents immediately prior to the commencement of the 30(b)(6) depositions on April 4, 2011. On July 29, 2011, Taishan produced a fifth set of documents, and made a sixth production of documents on August 5, 2011.    Taishan has also produced confidentiality and privilege logs.

On May 3, 2011, the PSC filed a Motion to Compel Production of Documents and Further Jurisdictional Depositions of the Taishan Defendants and for Sanctions [Rec. Doc. 8685] and several parties filed motions to join the motion. The matter was heard following the monthly status conference on May 26, 2011. The Court granted the motion in part with regard to compelling further written discovery and depositions relevant to personal jurisdiction and continued the motion in part with regard to the request for sanctions [Rec. Doc. 9107]. The Court directed the parties to organize their written discovery and determine which documents have not yet been produced. The Court conducted numerous status conferences to discuss the next round of TG and TTP Rule

-11-

30(b)(6) depositions in Hong Kong, document production and the logistics thereof.  The Court has scheduled the TG and TTP Rule 30(b)(6) depositions in Hong Kong for the week of January 9, 2012. The Court entered an Order directing the parties to file supplemental briefs by August 22, 2011 on their respective positions as to the progress and issues involved with the discovery and depositions [Rec. Doc. 10092] and on September 9, 2011, the Court entered Order & Reasons [Rec. Doc. 10269] finding that further discovery is required by the Order & Reasons to enable the Court to properly evaluate and resolve for once and all the personal jurisdiction challenges raised by the Taishan entities.   On September 13, 2011, the PSC communicated with counsel for Taishan in order to arrange a meet and confer and inquired about receiving additional documents pursuant to the Court's Order.  Taishan responded on September 14, 2011.

The PSC has recently filed three complaints, (1) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, et al, No. 2:11-cv-377, United States District Court, Eastern District of Virginia; (2) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 1:11-cv-22408-MGC, United States District Court, Southern District of Florida; and (3) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 2:11-cv-1395, United States District Court, Eastern District of Louisiana, against Taishan and allegedly related companies that the PSC claims reinforces the purposeful availment of these companies to federal jurisdiction by marketing their products to the United States.  These cases will be served pursuant to the Hague Convention in due course.  The *Amorin* complaints filed in Florida and Virginia were transferred to the MDL on July 19, 2011.

On May 25, 2011, the PSC issued Subpoenas to JP Morgan Chase and Morgan

Stanley and Notices of Deposition.  On August 10, 2011, the PSC issued a Subpoena and Notice of Deposition to T. Rowe Price Group, Inc.  The PSC has been in communication with all of the financial institutions.  On August 10, 2011, the PSC filed a Motion to Compel JP Morgan Chase and Co. [Rec. Doc. 10056] and another Motion to Compel T. Rowe Price Group, Inc., [Rec. Doc. 10058] to produce documents responsive to the Requests and compelling attendance of a 30(b)(6) corporate deposition.  The matters were set for hearing following the monthly Status Conference on August 24, 2011.  On August 24, 2011, the Court entered a Minute Entry [Rec. Doc. 10183] continuing the motions and ordering that counsel were to file briefs within 10 days of the Minute Entry.  On September 6, 2011, the PSC filed an Opposition to JP Morgan Chase and Co.'s Motion to Quash Subpoena [Rec. Doc. 10257] and filed an Opposition to T. Rowe Price Group, Inc.'s Motion to Quash Subpoena [Rec. Doc. 10256].  Additionally, on September 6, 2011, JP Morgan Chase and Co. filed Memorandum of JP Morgan Chase & Co. Concerning "Control" Under Fed.R.Civ.P. 45 [Rec. Doc. 10258] and T. Rowe Price Group, Inc. filed Supplemental Memorandum of T. Rowe Price Group, Inc. Concerning "Control" Under Federal Rule of Civil Procedure 45 [Rec. Doc. 10255]. A hearing on the motions was conducted on September 19, 2011 at 1:30 p.m. and the Court entered a Minute Entry on September 19, 2011 [Rec. Doc. 10353] ruling on the motions.

XIII.   INTERIOR EXTERIOR DEFENDANT

On April 26, 2011, a Joint Motion for an Order:  (1) Preliminarily Approving INEX Settlement Agreement; (2) Conditionally Certifying INEX Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing [Rec. Doc. 8628] was filed with the Court. On May 13, 2011, the Court issued a Preliminary Approval Order [Rec. Doc. 8818] relating to a Class Action Settlement Agreement, which involved the tendering of all of INEX's primary

insurance funds, setting deadlines for notice and a fairness hearing to take place on October 27, 2011, and staying certain actions pending the settlement proceeding.  On August 24, 2011, the Court entered an Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 10185].  The fairness hearing is now to take place on February 3, 2012 at 9:00 o'clock a.m. (central).

INEX has moved, based on this Court's Preliminary Approval Order, to stay litigation pending against it in Alabama and Louisiana state courts.  One June 9, 2011, Judge Still held a hearing on INEX's motions in cases pending in Jefferson County, Alabama, and took the matter under advisement.  On June 24, 2011, Judge Still granted INEX's motion and stayed all cases pending in Jefferson County in which INEX is a party pending further order of the Court.

### XIV.   BANNER DEFENDANTS

The deposition of a 30(b)(6) witness for Banner took place on May  25, 2011.  The deposition was limited to the facts of the Florida state court case in which it was originally noticed.

On June 14, 2011, a Joint Motion for an Order:  (1) Preliminarily Approving Stipulation and Agreement of Settlement; (2) Conditionally Certifying Class; (3) Issuing Class Notice; and (4) Scheduling a Fairness Hearing [Rec. Doc. 9470] was filed with the Court.  The Court issued a Minute Entry on June 14, 2011 setting the Joint Motion [Rec. Doc. 9470-3] for hearing following the monthly status conference on August 24, 2011.  On June 15, 2011, the Court issued an Order Staying Claims as to Banner and Its Insurers [Rec. Doc. 9527].  On August 8, 2011, a Joint Motion to Substitute Amended Exhibit A (Stipulation and Agreement of Settlement) [Rec. Doc. 9470-5]; Exhibit B (Order Preliminarily Approving Stipulation and Agreement of Settlement, Conditionally Certifying Class, Issuing Class Notice and Scheduling Fairness Hearing) [Rec. Doc.

-14-

9470-11]; Exhibit C (Notice of Pendency and Proposed Settlement of Banner Class Action) [Rec. Doc. 9470-12]; and Exhibit D (Summary Notice of Banner Class Action Settlement) [Rec. Doc. 9470-13] was filed with the Court [Rec. Doc. 10033].  On August 10, 2011, the Court issued an Order substituting the amended exhibits [Rec. Doc. 10059].  On August 11, 2011, the Court entered an Order preliminarily approving the Banner settlement, and set a fairness hearing on February 3, 2012 [Rec. Doc. 10064].  The Banner Allocation Committee held its initial meeting on August 23, 2011.  On August 26, 2011, the Court entered an Order Clarifying Prior Stay Orders [Rec. Doc. 10200].

### XV.   VENTURE SUPPLY & PORTER BLAINE DEFENDANTS

On July 14, 2011, the Court held a hearing on the PSC's Motion to Lift Stay and for approval of proposed Scheduling Order for Plaintiffs' Motion for Class Certification of Plaintiffs' Claims for Damages against Venture Supply [Rec. Doc. 9549].  On July 19, 2011, the Court granted the Motion only insofar as it pertains to the cases filed in other district courts which were consolidated with the MDL litigation, namely, *Germano v. Taishan Gypsum Co., Ltd.*, Case No. 09-6687 and *Hinkley v. Taishan Gypsum Co., Ltd.*, Case No. 09-6686 and the Court recognized that the ruling may require amendment of the present Motion for Class Certification against Venture. [Rec. Doc. 9863].  Additionally, on July 14, 2011, the Court held a hearing on defendant Venture Supply Inc.'s Motion to Lift Stay on its Motion to Dismiss for Lack of Personal Jurisdiction [Rec. Doc. 9653] and on July 19, 2011, issued an Order granting the Motion so as to allow Venture to pursue its personal jurisdiction challenges in the cases directly filed in the MDL court, namely, *Wiltz v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361; *Gross v. Knauf Gips, KG*, Case No. 09-6690; and *Abel v. Taishan Gypsum Co., Ltd.*, Case No. 11-80.  With respect to both

motions, the Court indicated its intent that discovery, briefing and hearings proceed concurrently and as soon as practicable and therefore, ordered the parties to meet and confer.

### XVI.  PLAINTIFF AND DEFENDANT PROFILE FORMS

The PSC and defendants have been jointly working to address access to an FTP site for the placement of Plaintiff and Defendant Profile Forms.

### XVII.  FREQUENTLY ASKED QUESTIONS

The "MDL FAQs" may be found at www.laed.uscourts.gov/Drywall/FAQ.htm. Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel.

### XVIII. MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

The following matters were set for hearing or for discussion following the status conference:

(A)  Joint Motion for Approval of Term Sheet Agreement With the Knauf Entities Regarding Their Settlement With Homebuilders [Rec. Doc. 10227-3].

(B)  Defendants Southern Homes, LLC, Tallow Creek, LLC, and Springhill, LLC's Motion to Set Evidentiary Hearing to Determine Security [Rec. Doc. 9501].

For rulings on these motions, please consult the Court's Minute Entry of this date.

### XIX.  NEXT STATUS CONFERENCE

The Court scheduled the next monthly status conference on October 18, 2011 at 9:00 am CT.  The conference call information and other relevant dates can be found on the Court's MDL website, under the Calendar link at: http://www.laed.uscourts.gov/Drywall/Calendar.htm

-16-