IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED ) | | |
|       DRYWALL PRODUCTS ) | MDL NO. 2047 | |
|       LIABILITY LITIGATION ) | | |
| ) | | |
| THIS DOCUMENT RELATES TO: ) | SECTION: L | |
| ) | | |
| Hobbie, et al.  v. ) | JUDGE FALLON | |
| RCR Holdings II, LLC, et al., ) | | |
| No. 10-1113 ) | | |
| ) | MAG. JUDGE WILKINSON | |
| _____) | | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.'S MOTION TO MODIFY SCHEDULING ORDER DATED JULY 15, 2011 AND MOTION FOR EXPEDITED CONSIDERATION**

Plaintiff Wendy Lee Hobbie, on behalf of herself and the 140 named plaintiffs on the Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.,* No. 10-1113 (E.D. La.) (collectively, "Plaintiffs"), files her Response in Opposition to Coastal Construction Group of South Florida, Inc.'s ("Coastal") Motion to Modify Scheduling Order dated July 15, 2011 ("Scheduling Order") and its Motion for Expedited Consideration (hereinafter collectively referred to as "Motions").  Coastal has failed to show good cause as to why the Scheduling Order should be modified to extend the discovery and motion deadlines – further delaying the ultimate resolution of this case – and its Motions should therefore be denied.

The Scheduling Order originated as a result of two failed mediations and the desire of this Court and the parties to surmount the issues that kept them from resolving the Plaintiffs' claims.  The parties in this action voluntarily participated in a mediation before Richard O. Kingrea on February 15-16, 2011, in Miami, Florida.  By order of this Court, the mediation was

continued in New Orleans, Louisiana, on March 22, 2011. The mediation did not result in the resolution of this matter and the parties have been at an impasse ever since. It was clear from the outcome of the mediation that Coastal would not settle this case until it could resolve its issues regarding the liability of Coastal unique to this litigation, namely, whether it owes a duty in tort to the plaintiffs or is otherwise liable to the Plaintiffs' under the Florida Building Code. In order to resolve Coastal's roadblocks to settlement, this Court entered the Scheduling Order, providing for discovery and setting a briefing schedule on these very issues.

Despite the Scheduling Orders' origin and purpose, Coastal continues its attempts to delay relief for the Plaintiffs through the instant Motions. Coastal's agenda is transparent – to get its jurisdictional motion heard first, as it has sought to do all along. Coastal's Motions specifically exclude extending the deadlines for discovery and motions related to the identity and residency of Plaintiffs.[1] Instead, it seeks a delay only on the discovery and motions that will help move this case forward.

Coastal's Motions fail to demonstrate good cause for delaying the deadlines set forth in the Scheduling Order. Coastal's sole argument (indeed, sole sentence) in support of its Motions[2] is conclusory, at best. It argues that without the involvement of Banner, "proper investigation and motions related to the issues raised in the Scheduling Order . . . is practically impossible." Coastal gives zero support or examples of how Banner's absence from discovery will make the resolution of the issues raised in the schedule "practically impossible."

---

[1] In that regard, Coastal served 34requests for production of documents and Plaintiffs are on track to provide responses and documents from all 140 Plaintiffs by the due date.
[2] Coastal raises a second argument unrelated to the extension of deadlines for discovery on Plaintiffs' claims. Coastal also joins Arch Insurance Company's Motion to Modify Scheduling Order Dated July 15, 2011 and requests that this Court remove the issues raised in RCR Holdings II's Third-Party Complaint against Arch until the instant case is resolved. Although Plaintiffs are not parties in RCR Holdings II's Third-Party Complaint against Arch, they concur in and adopt by reference, as if fully set forth herein, all arguments made by RCR Holdings II in its Response to Arch Insurance Company's Motion to Modify Scheduling Order Dated July 15, 2011 and its Response in Opposition to Arch Insurance Company's Motion to Dismiss Third-Party Complaint or Alternatively to Transfer Venue, August 30, 2011, Docket No. 10209.

In fact, contrary to Coastal's grave portrayal of the effect Banner's absence from discovery will have on the Scheduling Order, it has no impact at all.  The discovery needed to resolve the threshold identified issues is in the possession or control of either the Plaintiffs or defendants other than Banner.  Whether the economic loss rule applies, whether Coastal can be held strictly liable to Plaintiffs, whether Plaintiffs can prove that Coastal has breached its warranty of fitness, and whether Plaintiffs can prove that Coastal has violated the Florida Building Code are, as admitted by Coastal itself,[3] primarily legal questions that will not involve extensive factual inquiry and certainly can be resolved without the participation of Banner.

There are 140 named plaintiffs in this action, all of whom are owners of units at Villa Lago that were built with Chinese manufactured drywall.  These Plaintiffs are suffering extreme hardship because the Chinese drywall has rendered these units un-rentable and unsalable.  Since discovery of Chinese drywall, and the filing of this lawsuit, Plaintiffs have thus far endured more than 24 months under these circumstances with no end in sight.  Even if the Defendants agreed to fund the complete remediation of the building tomorrow, the various construction experts who have evaluated the building agree that the project would take 12 -24 months from start to end.  Thus, in the best and most unrealistic circumstances, relief cannot be obtained for Plaintiffs any earlier than late-2012 or early-2013.  Coastal gives insufficient cause as to why Banner's absence justifies further delay of the resolution of the Plaintiffs' claims, and accordingly, its Motions should be denied.

---

[3] See Coastal Construction Group of South Florida, Inc.'s Memorandum of Law in Opposition to Plaintiffs' Proposed Scheduling Order and In Support of Motion for Entry of Defendant's Proposed Scheduling Order, June 27, 2011, Docket No. 9644.

DATED: October 3, 2011 /s/ Gary E. Mason

Gary E. Mason

MASON LLP
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294

Adam C. Linkhorst, Esq.
LINKHORST & HOCKIN P.A.
4495 Military Trail, Suite 106
Jupiter, Florida 33458
Telephone: 561.626.8880 / 954.776.5990
Facsimile: 561.626.8885

Joel R. Rhine
RHINE LAW FIRM
314 Walnut Street, Suite 1000
Wilmington, NC 28401
Telephone: (910) 772-9960
Facsimile: (910) 772-9062

Daniel K. Bryson
LEWIS & ROBERTS
3700 Glenwood Avenue, #410
Raleigh, NC 27612
Telephone: (888) 981-0939
Facsimile: (919) 981-0199

Chris Coffin
PENDLEY BAUDIN & COFFIN, LP
24110 Eden Street
Plaquemine, Louisiana 70765
Telephone: (225) 687-6396

Stephen Mullins
LUCKEY & MULLINS
2016 Bienville Blvd
P.O. Box 990
Ocean Springs, MS 39564
Telephone: (228) 875-3175
Facsimile: (228) 872-4719

Attorneys for Plaintiffs

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email and upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6 on this ___ day of _____, 2011.

/s/ Gary E. Mason
Gary E. Mason