UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL         MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION

                                            JUDGE FALLON
                                            MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO

SEAN PAYTON, et al., v. KNAUF GIPS KG, et al.
CASE NO. 09-7628

JOYCE W. ROGERS, et al., v. KNAUF GIPS KG, et al.
CASE NO. 10-362

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL WITHOUT SUBSTITUTION

COMES NOW, James A. Kee, Jr., Lucy W. Jordan and the Kee Law Firm, LLP, attorneys of record for Defendant, HPH Properties, LLC and HPH Homes and Files this Memorandum of Law in Support of the Motion to Withdraw as counsel for the Defendant:

1. Local Civil Rule 83.2.11 of the United States District Court for the Eastern District of Louisiana states:

> The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute counsel or upon a written motion served on opposing counsel and the client. If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone. The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances,

>    served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made. (emphasis added)

2. The Motion to Withdraw filed by the undersigned complies with all of the requirements of the Local Rule and should be granted. See *Bryson v. State Farm and Casualty Insurance Company*, 2011 WL 1557949 4 (2011 E.D.La.).

3. In considering a Motion to Withdraw, the Court should consider the prejudice withdrawal could cause to other litigants and the administration of justice, and the degree to which withdrawal would delay the resolution of the case. *Zurich American Insurance Company v. Harken*, 1999 WL 307612 (1999 E.D.La.); See also *American Economy Insurance Company v. Herrera*, 2007 WL 3276326 (2007 S.D.Cal.).

4. In the present case, the litigation is still in the initial stages, and the rights of all homebuilders are represented by the Home Builder's Steering Committee. Therefore the effect of counsel's withdrawal, if any, would be minimal, and should not prevent the granting of the counsel's Motion to Withdraw.

WHEREFORE, the undersigned respectfully request that the court grant the Motion to Withdrawal as Counsel for Defendant; in the above case.

Respectfully submitted on this the 3rd day of October, 2011.

/s/ Lucy W. Jordan
James A. Kee, Jr., KEE005
Lucy W. Jordan, JOR037

OF COUNSEL:
KEE LAW FIRM, LLP
3800 Colonnade Parkway
Suite 550
Birmingham, AL 35243
(205) 968-9900
(205) 968-9909 *facsimile*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Memorandum of Law in Support of Motion to Withdraw without Substitution* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 3rd day of October, 2011.

    /s/ Lucy W. Jordan
OF COUNSEL