2006 WL 1892690
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

John R. GAMMINO, Plaintiff,
v.
CELLCO PARTNERSHIP d/b/a Verizon Wireless, Verizon Communications Inc., Vodafone Group PLC, AT & T Corp., Spring Corporation, Davel Communications, Inc., Defendants.

Civil Action No. 04-4303.    July 6, 2006.

**Attorneys and Law Firms**

William M. Mullineaux, Frank Schwartz, Flamm Boroff & Bacine, Blue Bell, PA, Richard J. Joyce, Reager & Adler, P.C., Camp Hill, PA, for Plaintiff.

Katherine Menapace, Akin Gump Strauss Hauer & Feld, LLP, Samuel W. Silver, Schnader Harrison Segal & Lewis LLP, William A. Jones, Swartz Campbell, LLC, Gregory B. Lare, Richard H. Lowe, Duane Morris LLP, Philadelphia, PA, Mark A. Watkins, Richard Eric Gaum, Hahn, Loeser & Parks LLP, Akron, OH, for Defendants.

**Opinion**

### MEMORANDUM/ORDER

LOUIS H. POLLAK, J.

*1 Plaintiff John R. Gammino ("Gammino") brought suit on September 10, 2004 against, *inter alia,* Vodafone Group PLC ("Vodafone"), alleging that as a partner of Cellco Partnership d/b/a Verizon Wireless [1], Vodafone infringed and continues to infringe two patents owned by Gammino. On September 27, 2005, Judge Green deferred decision on Vodafone's motion to dismiss for lack of personal jurisdiction. Judge Green granted Gammino the opportunity to conduct jurisdictional discovery, limited to issues raised pursuant to FED.R.CIV.P. 12(b)(2). This discovery was to be completed on or before November 30, 2005. On December 27, 2005, Judge Green issued an order dismissing the claim against Vodafone for lack of jurisdiction.

[1] The parties refer to Cellco Partnership by its d/b/a name "Verizon Wireless," and, for convenience, I adopt the same nomenclature in the remainder of this memorandum/order.

On January 3, 2006, Gammino filed a motion for reconsideration of this ruling. In order to prevail on a motion for reconsideration, the moving party must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F .3d 669, 677 (3d Cir.1999). There has been no change in controlling law, so Gammino's motion can only succeed if he has supplied new evidence that was not available when Judge Green dismissed the claim against Vodafone, or if a manifest injustice would result from the dismissal.

### I.

In order for new evidence to justify reconsideration, it must be shown that the evidence: "(1) [is] material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Coregis Insurance Company v. Baratta & Fenerty, Ltd.,* 264 F.3d 302, 309 (3d Cir.2001) (citation omitted). Gammino claims to have uncovered strong evidence that Vodafone is a partner in Verizon Wireless, but the evidence accompanying his motion does not offer any facts that were not available at the time Judge Green permitted additional discovery.

First, Gammino offers many press releases from Verizon Wireless. Each states that "Verizon Wireless is a joint venture of Verizon Communications ... and Vodafone." Though the press releases from which Gammino draws this language are recent, the statement regarding the joint venture is not. These new press releases present information that was discoverable in previous press releases, including those already in evidence at the time Judge Green decided Vodafone's motion to dismiss, and it is therefore unlikely that they would have changed the disposition of that motion. They do not support reconsideration.

Second, Gammino presents a September 30, 2005 Form 10-Q that Verizon Wireless filed with the SEC. This form uses identical language to that used in Verizon Wireless's 2004 Form 10-Q, which Gammino presented in his opposition to Vodafone's motion to dismiss. This does not constitute new evidence.

*\*2* Gammino next presents statements from Vodafone's website that his attorney accessed on December 29, 2005. The passages Gammino cites discuss Vodafone's presence in the United States and its 45% ownership in Verizon Wireless. Despite the fact that plaintiff's attorney accessed these statements after the order to dismiss, they are not new evidence. The same facts, in virtually identical language, were available in Vodafone's past annual reports for 2002, 2003, and 2004, before discovery and before Judge Green's order.[2] Thus, this does not constitute new evidence and does not warrant reconsideration of the order.

> 2 Vodafone's annual reports are available in the Investor Relations section of its website, http://www.vodafone.com.

None of the evidence that Gammino presents qualifies as new evidence under the *Coregis* test. No facts are presented that were not available previously, and most of the facts were already in evidence.

## II.

Because no new evidence has been presented, reconsideration may be granted only if dismissal of Gammino's claim against Vodafone for lack of personal jurisdiction was a clear error of law or fact, or constitutes a manifest injustice.

For this court to exercise either general or specific personal jurisdiction over Vodafone, Gammino must show that Vodafone has established "minimum contacts" with Pennsylvania, the forum state. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Akro Corp. v. Luker,* 45 F.3d 1541, 1545 (Fed.Cir.1995). The burden is on Gammino to establish that this court has personal jurisdiction over Vodafone. *See Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1360 (Fed.Cir.2001). As in his original complaint, Gammino does not assert in his motion for reconsideration that Vodafone itself has sufficient contacts with Pennsylvania to support personal jurisdiction. If personal jurisdiction exists, it must rest on other grounds.

Gammino claims that Vodafone is a general partner in Verizon Wireless, a company that does have substantial contacts with Pennsylvania, and hence that Vodafone is subject to jurisdiction. Gammino bases this claim on statements by Vodafone that it entered a joint venture with Verizon Communications and on Vodafone's supposed ownership interest in Verizon Wireless. However, these facts do not establish that Vodafone is a partner in Verizon Wireless.

First, though there are conceptual similarities between joint ventures and partnerships and substantial overlap in the bodies of law governing these two types of entity[3], it would not be appropriate for a court to classify an association as a partnership simply because it is sometimes referred to as a joint venture. *See* UNIF. PARTNERSHIP ACT § 202, comment 2, 6 U.L.A. 94 (1997). The fact that an association is denominated a "joint venture" in a document produced for common consumption, such as a press release, is of especially little assistance in determining whether the legal characteristics of partnership are present.

> 3 *See NLRB v. Sheet Metal Workers,* 154 F.3d 137, 143 n. 9 (3d Cir.1998).

Rather, the court must focus on determining whether the indispensable requisites of partnership-co-ownership of a business and the sharing of profits-are present. *See Abel v. American Art Analog, Inc.,* 838 F.2d 691, 696-97 (3d Cir.1988). Though Vodafone's website states that it owns 45% of Verizon Wireless, uncontroverted evidence submitted by Vodafone clarifies that this interest is held by subsidiaries of Vodafone. Gammino offers no evidence suggesting that the separate existence of Vodafone's subsidiaries should be disregarded and their ownership interest in Verizon Wireless attributed to Vodafone. *Cf. 3D Systems, Inc. v. Aarotech Labs., Inc.,* 160 F.3d 1373, 1380 (Fed.Cir.1998) (holding that a subsidiary's contacts with a forum were insufficient to warrant exercise of jurisdiction over its parent company, as "the corporate form is not to be lightly cast aside."). Gammino has also failed to provide evidence that Vodafone shares in the profits of Verizon Wireless. I therefore find no error in the court's previous determination that Vodafone is not subject to personal jurisdiction in this court, as the evidence does not establish that Vodafone is a partner in Verizon Wireless[4].

> 4 Gammino cites *Morgan Guaranty Trust Co. of N.Y. v. Blacksburg Assocs., L.P.,* 1990 WL 209297 (E.D.Pa. Dec. 13, 1990) for the proposition that partners are subject to personal jurisdiction in Pennsylvania if the partnership avails itself of the privilege of doing business in the state. Because it has not been established that Vodafone is a partner at all in Verizon Wireless, *Morgan Guaranty* is inapposite.

## III.

**\*3** Gammino has not provided new evidence to warrant reconsideration, and Judge Green's dismissal for lack of personal jurisdiction is not clearly erroneous or manifestly unjust. Accordingly, it is hereby ORDERED that "Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Vodafone Group PLC so that the Court May Consider Plaintiff's Timely Filed Brief" (Docket # 58) is DENIED.

**End of Document**  © 2011 Thomson Reuters. No claim to original U.S. Government Works.