

# Briefing Paper

## Supervisor's role in a limited liability company

By **Matthew McKee** and **Li Hong**

**What is a supervisor?**

Since the introduction of the new Company Law on January 1st, 2006, China has had a growing interest in improving corporate governance. One aspect of this increased focus on corporate governance is the growing importance of supervisors - a watchdog position whose primary function is to detect and prevent directors and senior managers' violations of law. Importantly, a supervisor is a **compulsory position** required by the Company Law. As the limited liability company is the most popular type for FIEs, this article will focus on a supervisor's role in a limited liability company.

**Supervisor's Powers & Obligations**

A supervisor is entitled to effectively inspect and protect the interests of the Company and prevent any actions which will injure the interests of the Company. The Company Law specifies the extent of the supervisor's power. According to Article 54 of the Company Law, it is clear that a supervisor is authorized to execute the following powers:

1. to check the financial affairs of the company;
2. to supervise the duty-related acts of the directors and senior managers, to put forward proposals on the removal of any director or senior manager who violates any law, administrative regulation, the articles of association or any resolution of the shareholders' meeting;
3. to demand any director or senior manager to make corrections if his act has injured the interests of the company;
4. to propose to call interim shareholders' meetings, to call and preside over shareholders' meetings when the board of directors does not exercise the function of calling and presiding over shareholders' meetings as prescribed in this Law;
5. to put forward proposals at shareholders meeting;
6. to initiate actions against directors or senior managers in accordance with Article 152 of the Company Law; and
7. Other duties as provided for by the company's articles of association.

10-2 Liangmaqiao Diplomatic Compound, 22 Dongfang East Road, Chaoyang District, Beijing 100600, China
Tel: +86(0)10 8532-1919   /   Fax: +86(0)10 8532-1999   /   mail@lehmanlaw.com   /   www.lehmanlaw.com

Furthermore, a supervisor may attend the meetings of the board of directors as non-voting attendees, and may raise questions or suggestions about the matters to be decided by the board of directors.

In terms of obligations, a supervisor shall comply with the laws, administrative regulations, and articles of association strictly. Moreover, a supervisor shall bear the obligations of fidelity and diligence to the Company. No supervisor may take any bribe or other illegal gains by taking the advantage of his powers, or encroach on the property of the Company.

**Supervisor's Liabilities**

A supervisor may undertake personal liability for any loss/damage to the Company due to his wrongful act to the Company during performance of his duties. The liabilities range from civil, administrative and/or criminal perspective. If the supervisor causes any loss to the company by taking advantage of his relationship with the Company, they will be liable for the compensation. In some special companies, such as Futures Companies, a supervisor's qualification may be suspended or revoked.

**How to choose a supervisor?**

With the provisions of the Company Law, it is evident that companies must choose a supervisor wisely and with great care.

Generally speaking, the following persons are prohibited from assuming the post of a supervisor of the Company:

1. A person who is without civil capacity or with only limited civil capacity;

2. Persons having been sentenced to any criminal penalty due to an offence of corruption, bribery, encroachment of property, misappropriation of property or disrupting the economic order of the socialist market and 5 years have not elapsed since the completion date of the execution of the penalty; or who has ever been deprived of his political rights due to any crime and 3 years have not elapsed since the completion date of the execution of the penalty;

3. Person who was a former director, factory director or manager of a company or enterprise which was bankrupt and liquidated, whereby he was personally liable for the bankruptcy of such company or enterprise, and three years have not elapsed since the date of completion of the bankruptcy and liquidation of the company or enterprise;

4. Person who was the legal representative of a company or enterprise, but the business license of this company or enterprise was revoked and this company or enterprise was ordered to close due to a violation of the law, whereby they are personally liable for the revocation, and three years have not elapsed since the date of the revocation of the business license thereof;

5. Person who has a relatively large amount of debt which is due but uncleared.

The Company Law also provides that no director or senior manager may concurrently work as a supervisor.

From a legal perspective, we prefer to recommend that legal sophistication, impartiality, diligence, experience and attention to detail are critical traits for this important position.

**How to establish the supervisor or board of supervisors in the Company?**

The establishment of supervisor varies according to the scale of the Company. According to Article 52 of the Company Law, the Company may set up a board of supervisors, which shall be composed of at least 3 persons. However, for a Company that has a relatively small number of shareholders or which is relatively small in scale, it may have 1 or 2 supervisors instead of establishing a board of supervisors.

A board of supervisors shall include shareholders' representatives and representatives of the employees' of the Company at an appropriate ratio to be specifically prescribed in the articles of association.

**What is the process for changing a supervisor?**

For changing a supervisor, the procedure varies according to whether the supervisor stipulations in articles of association (AoA) are amended or not.

If the AoA be amended, the Company should apply to the local Bureau of Commerce and obtain a notice of approval first. Then, the Company can file to Administration for Industry and Commerce for the supervisor change.

If the AoA remains the same, the Company can directly file to the Administration for Industry and Commerce for the supervisor change.

**Why should I have a supervisor?**

Before the promulgation of the new Company Law, supervisors were not compulsory. The Company could decide whether to set up this organization according to its management structure. However, since the new Company Law, a supervisor or a board of supervisors is required for all companies. Shareholders cannot obtain approvals for the establishment of their companies without a supervisor. For those companies established before 2006 who did not have a supervisor, they are unable to make any amendment to the AoA unless a supervisor is added.

**Conclusion**

Like directors or legal representatives, the position of the supervisor is critical to the corporate governance of a company. To ensure that the position is filled by an appropriate person all companies should:

1. take extreme care in selecting the person who will be its supervisor;

2. on the premise of not violating the Company law, ensure that the powers of the supervisor are sufficient limited in the articles of association, etc.

Lehman, Lee and Xu's *Briefing Paper Series* aims to provide readers with summaries of various China-related legal issues, designed to answer the questions most commonly asked by our clients.

For more information on the topics discussed in this briefing paper, please contact our Corporate Governance team.

**Lehman, Lee and Xu's Corporate Governance team has experience and expertise in advising Chinese and international clients on all aspects of corporate governance in China, helping them to ensure accountability and transparency in their organizations.**

**For further information or enquiries, please contact mail@lehmanlaw.com**