## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047** <br> **SECTION: L** <br> **JUDGE FALLON** <br> **MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO: ALL CASES AND** | |

## THE QUESTIONERS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' TAISHAN GYPSUM CO., LTD. AND TAI'AN TAISHAN PLASTERBOARD CO., LTD.'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 9, 2011 ORDER & REASONS CONCERNING PERSONAL JURISDICTION DISCOVERY

MAY IT PLEASE THE COURT:

On October 7, 2011, Defendants Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. (collectively referred to herein as "Taishan") filed a Motion for Reconsideration of the Court's September 9, 2011 Order & Reasons Concerning Personal Jurisdiction Discovery [Rec. Doc. 10799].  The Questioners[1] file this response in opposition to the motion.

The Court previously addressed a request by Southern Homes for reconsideration of an Order (see Rec. Doc. 9415).  In the June 9, 2011 Order & Reasons this Court stated:

> Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton*

---

[1]  The Questioners are comprised of the various parties who submitted Motions and/or Joinders in connection with the PSC's Motion to Compel Production of Documents and Further Jurisdictional Depositions of the Taishan Defendants and for Sanctions (Rec. Doc. 8685); see also, (Rec. Docs. 8695, 8755, 8765, 8758, 8792).  Venture Supply, Inc., Porter Blaine Corp. and Tobin Trading are not presently part of the Questioners due to a potential conflict.

*Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the motion is filed within 28 days of the challenged order. *See* Fed. R. Civ. P. 59(e). Because Southern's Motion seeks reconsideration of the Court's Preliminary Approval Order and was filed within 28 days of entry of this Order, the Court treats the Motion as one pursuant to Rule 59(e).

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004)(citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc*., 910 F.2d 1667, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp*., 394 F.3d 320, 325 (5th Cir. 2004)(quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that...simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc*., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Southern raises many of the same arguments here that it did previously in its Response in opposition to the Motion for Preliminary Approval. *See* (R. Doc. 8699). The Court considered these arguments prior to its ruling from the bench and written Preliminary Approval Order. The law is clear that a motion for reconsideration is not the proper vehicle for "rehashing" arguments, and on this ground alone denial of Southern's Motion may be warranted. Nonetheless, the Court addresses Southern's arguments below.

The motion filed by Taishan is functionally near-identical to that filed by Southern Homes and therefore should be denied. **The Court has already considered Taishan's arguments and the law is clear that a Motion for Reconsideration is not the proper vehicle for "re-hashing" arguments, and on this ground alone, denial of Taishan's motion is warranted.** Taishan's motion was filed on October 7, 2011 just under twenty-eight (28) days from the September 9, 2011

Order & Reasons [Rec. Doc. 10269].  Taishan seeks to re-hash evidence, legal theories and arguments that Taishan did and could have offered or raised previously.  There has been no manifest error or law or fact or newly discovered evidence that Taishan can point to in its request for reconsideration.  The extraordinary remedy that Taishan seeks to have this Court employ is not warranted.  Taishan cannot re-litigate or have a "second bite at the apple" simply because it is not satisfied with the September 9, 2011 Order & Reasons.

Just as Southern Homes did, Taishan raises many of the same arguments that were previously addressed by the Court and considered when the Court issued its Order & Reasons on September 9, 2011.  As the Court previously noted in its Order & Reasons, the issues involved relate to Motions to Compel that arose as early as January 12, 2011, when the PSC filed a Motion Challenging the Adequacy and Completeness of the Discovery Responses of TG and TTP and to Compel Discovery and Jurisdictional Depositions to Begin in February 2011 [Rec. Doc. 6964].  Thereafter, several additional motions were filed and hearings took place.  The PSC filed a Renewed Motion Challenging the Adequacy and Completeness of the Discovery Responses and to Compel Disclosure [Rec. Doc. 7364].  Depositions took place in Hong Kong that were "chaos and old night" as noted by the Court in its September 9, 2011 Order & Reasons; and, therefore, the PSC filed another Motion to Compel [Rec. Doc. 8685] that was joined in by a number of additional parties.  The Court held a number of regularly scheduled conferences beginning in June 2011 and continuing up until an extensive and lengthy hearing that took place on August 30, 2011.  The arguments re-hashed by Taishan in its instant motion have been raised and previously disposed of throughout numerous hearings and briefs.[2]

---

[2] Taishan concedes that certain factors are met, but insists that other factors lack factual support (see p. 8 of Taishan brief), and that as a matter of law, the presence or absence of any one factor is not dispositive.  The Questioners pointed this out in its opening brief, citing *Flavel v. Svedala Indus., Inc.,* 92-C-1095, 1993 WL 580831

Taishan's motion, on its face, should be denied based upon the foregoing procedural deficiencies. There is no need to re-hash the past. When this Court issued its Order & Reasons on September 9, 2011, it had before it a complete record. Taishan has presented no new evidence, facts or law.[3]

Though the Questioners do not believe that Taishan's motion requires substantive responses, the Questioners point out the following:

1. In TG's motion, the "responsibilities of a supervisor" in China's Company Law (Footnote No.6, p.6) is stated to include "are to ensure compliance with legal and accounting regulations," and "a supervisor is 'a watchdog provision whose primary function is to detect and prevent directors and senior managers' violation of law." However, the responsibilities of supervisors in China's Company Law is much broader than TG would have this Court believe. For instance, Articles 52-57 of China's Company Law sets forth the general provisions relating to supervisors and Article 54 states that the Board of Supervisors have functions and duties that include the power to examine the financial affairs of the company, supervise the acts of directors and senior managers, see that supervisors rectify their acts, can propose or remove supervisors, can take legal action against directors, supervisors and managers, can also make proposals to the meetings of shareholders, and challenge board resolutions. See Article 54 attached as Exhibit "A"; see also the following link for translations: http://www.csrc.gov.cn/pub/csrc_en/laws/rfdm/statelaws/200904/t20090428_102712.htm.

2. As to Section I( c) that the PSC did not provide credible evidence that BNBM had oversight responsibility for TG, BNBM's own prospectus sets forth an explanation about BNBM's measures for management and control of subsidiaries. The prospectus outlines the measures that the Company undertakes for management and control of subsidiaries.

**Measures of the Company for management and control of the wholly-owned subsidiaries and other subsidiaries:**

Through dispatch of directors, supervisors and senior managers, the Company strengthens participation in management and decision making of subsidiaries, strengthens the exercise

---

(E.D. Wis. Dec. 13, 1993) ("because none of these factors acts as an exclusive test, each factor need not be satisfied to prove the existence of Rule 34(a) "control."). Putting aside the substance of Taishan's brief, this fact alone renders Taishan's entire argument irrelevant.

[3] In fact, at no time previously did Taishan move for a more definite statement of any of the prior pleadings pursuant to Rule 12(e). Taishan's motion is subject to being stricken pursuant to Rule 12(f).

of shareholder's rights, the Company has defined the responsibilities and power of directors, supervisors and managers that are dispatched to the subsidiaries, to effectively maintain the interests of the Company. The Company conducts dynamic monitoring over and analyzes business operations of the wholly owned subsidiaries and the other subsidiaries through requesting them to timely submit the resolutions of the Board of Directors and the General Meeting and other important documents, as well as requesting them to regularly report financial statements, etc. In addition, the Company focuses on the control of the wholly owned subsidiaries and the other subsidiaries in the aspects of connected transactions, external borrowing and lending, external guarantee, significant investment, information disclosure, etc. The wholly owned subsidiaries and the other subsidiaries shall, before getting new loans and credit lines, submit written application materials to the Company, be subject to approval of the Company first, and then can submit the applications for new loans or credit lines to their own Boards of Directors for examination and approval; no wholly-owned subsidiary and no subsidiary may provide guarantee to any entities that are neither the parent company, nor the wholly-owned subsidiaries or other levels of subsidiaries of the Company. See Exhibit "B".

3.      Jia is not a "layman" as suggested by Taishan. In fact, he is a director and deputy general manager of BNBM, and he is concurrently the chairman and general manager of Taishan Gypsum Co., Ltd. He is also identified as a senior manager and deputy general manager. See attached Exhibit "B".

Finally, the Order & Reasons of September 9, 2011 addresses the Questioners' motion requesting that Taishan and the upstream/downstream entities produce additional documents in discovery. It only dealt with discovery and not the ultimate jurisdictional questions. This discovery is directly relevant to those jurisdictional determinations. The Questioners seek to timely prepare for the Court ordered depositions scheduled to take place in Hong Kong in less than three (3) months, in January 2012. Taishan has delayed discovery and continues to delay. The documents that this Court ordered Taishan to produce have not been made available to the Questioners. There is no stay order asked for or issued relating to the September 9, 2011 Order & Reasons. The Questioners request that this Court issue an Order immediately requiring Taishan to produce the documents post-haste so that no further delay occurs. The Motion for Reconsideration of the Court's September 9, 2011 Order & Reasons concerning personal jurisdiction discovery should be denied.

Respectfully submitted,

Dated: October 11, 2011

/s/ Russ M. Herman

Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

6

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 11th day of October, 2011.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047