UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL No. 2047  SECTION: L  JUDGE FALLON MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO ALL CASES** | | |

## PRE-TRIAL ORDER NO. 1(I)
### (Preservation of Physical Evidence)

Pursuant to the Court's inherent power and duty to supervise pretrial proceedings in this case, and in light of the Court's findings of fact and conclusions of law in *Hernandez v. Knauf Gips KG, et al.*, Case No. 2:09-cv-06050-EEF-JCW (E.D. La.) and *Germano, et al. v. Taishan Gypsum Co. Ltd., et al.*, Case No. 2:09-cv-06687-EEF-JCW (E.D. La.), which included the Court's promulgation of an appropriate repair protocol and determination of the evidence sufficient to establish a claim for damages in connection with defective Chinese-manufactured drywall, the Court hereby modifies Pretrial Order No. 1B to address the Court's expectations, from this date forward, with respect to the preservation of physical evidence from properties that have been or may be repaired by certain homebuilders during the course of this multi-district litigation. This Order addresses preservation requirements for those homebuilders (the "Homebuilders"), within the jurisdiction of the Court, that intend to seek recovery for damages in connection with repairs to properties that contain defective Chinese-manufactured drywall and are parties to: (1) cases that were transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of June 15, 2009; (2) in any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; or (3) in all related cases originally filed in this Court or transferred or removed to this Court.

With respect to these Homebuilders only, this Pre-Trial Order No. 1(H) supersedes and replaces the requirements of Pre-Trial Order No. 1(B). Notwithstanding the foregoing, the Court reiterates that Pre-Trial Order No. 1(B) remains in full force and effect with respect to all other parties to whom that order applied, aside from the aforementioned Homebuilders. From this date forward, the Homebuilders shall be subject to the following requirements for the preservation of physical evidence in connection with their pursuit of a claim relating to allegedly defective Chinese-manufactured drywall.

    A.    <u>Preservation of Physical Evidence</u>:

    1.    ***Drywall*** -- The Homebuilders shall maintain at least two samples (of ten inches by ten inches (10" x 10") in size if possible) of every different drywall brand or marking removed from an affected property, including taking samples of unmarked drywall. If there are any markings on the sample, the samples should include as much of the identifiable marking as possible. In addition, the Homebuilders also shall preserve at least one sample of each type of drywall endtape, if any, that is found during inspection, repair or removal of drywall in or from a property. These drywall and endtape samples shall be labeled with the date of collection, the room location and the specific wall that the sample was taken from. These drywall and endtape samples shall be stored separately in double-bagged polyethylene zip-lock bags or equivalents, and not grouped together. Any drywall or endtape sample to be preserved under this paragraph shall be stored in reasonable climate controlled conditions and free of water or moisture. All samples should be clearly labeled on the outside of the plastic bag or equivalent, and then placed inside a second plastic bag or equivalent. The label shall include the name and address of the property from which the sample was taken, the date sampled, a sampler identification

which identifies the type of item (e.g. drywall), and where the item was taken from in the property.

In addition to taking these samples, the Homebuilders shall photograph the backside of each Chinese-manufactured drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese-manufactured drywall board removed from the property and its photograph. Photographs of these wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.

2. ***HVAC coil material samples*** -- The Homebuilders shall photograph the HVAC coil for each HVAC system.

3. ***Plumbing component samples*** – The Homebuilders shall photograph at least one allegedly affected plumbing fixture or component, while it is still in place.

4. ***Electrical component samples*** -- The Homebuilders shall photograph at least three affected electrical receptacles or switches. These selected receptacles and switches do not need to be from a single wall but should be representative of the types of receptacles and switches found in the property. Additionally, if smoke detectors, carbon monoxide detectors, intruder alarm devices or any similar life safety devices are present, the homebuilders shall photograph at least one of each type of device.

5. ***Photograph or video affected item*** -- To the extent a Homebuilder intends to seek recovery for building components or contents not described herein allegedly affected by defective Chinese-manufactured drywall, such building components shall be documented by photograph or video. To the extent a Homebuilder is contending

that an appliance has been damaged or affected by defective Chinese-manufactured drywall and seeks to recover damages for same, then that party shall photograph or take video of representative samples of that portion of the appliance exhibiting those effects (e.g., blackened coils in a refrigerator). This paragraph is not related to incidental damages, such as damage to cabinetry, countertops, wood trim, or other materials that must be replaced in order to access or remove the allegedly defective Chinese-manufactured drywall or are necessarily damaged through the repairs to the property.

B. The Homebuilders that preserved physical evidence pursuant to the requirements of Pre-Trial Order No. 1(B) prior to the date of this Order are permitted to dispose of all physical evidence that they would not be required to preserve under this Order, after providing thirty days' written notice of its intention to dispose of such physical evidence to the parties against whom it is seeking or may seek recovery against relating to Chinese-manufactured drywall. The written notice must allow those parties to whom notice was provided an opportunity to inspect the physical evidence upon reasonable notice. For purposes of complying with this notice requirement, the Homebuilders may serve a Notice of Disposal of Physical Evidence to the parties in this MDL through LexisNexis File & Serve in the master case number 2:09-md-02047-EEF-JCW. Upon the expiration of the thirty-day period, the Homebuilder may dispose of such physical evidence and will not be subject to a claim or defense of spoliation with respect to its disposal of such physical evidence.

C. Nothing in this Order shall be construed to affect the discoverability or admissibility of evidence. All objections to discoverability or admissibility of evidence are maintained and may be asserted at any time.

D. Evidence or materials not preserved in compliance with this Pre-Trial Order may be

5

subject to exclusion for use in either discovery or trial of the matter and further, the party responsible for failing to preserve evidence may be subject to the claim or defense of spoliation.

    E.    This Order may be subject to future modification.

New Orleans, Louisiana, this _____ day of _____, 2011.

                                              ELDON E. FALLON
                                              UNITED STATES DISTRICT JUDGE