UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY :
LITIGATION : SECTION:    L
---------------------------------------------------------------x
THIS DOCUMENT RELATES TO: : JUDGE FALLON
:
*Sean and Beth Payton, et al. v.* : MAG. JUDGE WILKINSON
*Knauf Gips, KG, et al.,* :
Case No. 2:09-cv-07628 (E.D. La.) :
:
---------------------------------------------------------------x

### ANSWER AND DEFENSES OF KNAUF PLASTERBOARD (TIANJIN) CO., LTD. AND KNAUF PLASTERBOARD (WUHU) CO., LTD.  TO INTERIOR/EXTERIOR'S CROSS-CLAIMS

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") and Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu") (collectively, the "Answering Defendants") respond to the corresponding paragraphs of the Cross-Claim of Interior/Exterior Building Supply, L.P. and Interior/Exterior Enterprises, L.L.C. (collectively "INEX") as follows:

1. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Paragraph 2 contains legal conclusions to which no response is required.

3. To the extent that the allegations of paragraph 3 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 3 are directed to the Answering Defendants, they are denied.

4. To the extent that the allegations of paragraph 4 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 4 are

1

directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Gebrueder Knauf Verwaltungsgesellschaft KG ("GKV") is a German entity that is owned by Knauf family members and that GKV is the parent of Knauf International GmbH ("International").

5. To the extent that the allegations of paragraph 5 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 5 are directed to the Answering Defendants, they are denied, except that the Answering Defendants  admit that Knauf Gips KG ("Gips") is a German entity.

6. To the extent that the allegations of paragraph 6 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 6 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that International is a German corporation and is the parent of KPT and Wuhu.

7. To the extent that the allegations of paragraph 7 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 7 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Insulation GmbH ("KI") is a German corporation with a principal place of business in Shelbyville, Indiana.

8. The Answering Defendants deny the allegations in paragraph 8, except admit that KPT is a Chinese corporation and a drywall manufacturer.

9. The Answering Defendants deny the allegations in paragraph 9, except admit that Wuhu is a Chinese corporation and a drywall manufacturer.

10. The Answering Defendants deny the allegations of paragraph 10.

11. The Answering Defendants deny the allegations of paragraph 11, except admit that beginning in late 2005 through mid-2006, INEX purchased drywall manufactured in China by KPT and by Wuhu.

12. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13-15. The Answering Defendants deny the allegations of paragraphs 13 through 15.

16. The Answering Defendants deny the allegations of paragraph 16, except admit that KI provided a rate sheet for KPT drywall to INEX.

17-20. The Answering Defendants deny the allegations of paragraphs 17 through 20.

21. The Answering Defendants deny the allegations of paragraph 21, except admit that drywall manufactured by KPT and Wuhu was exported to the United States between the fall of 2005 and 2006.

22. The Answering Defendants deny the allegations of paragraph 22, except admit that KPT and Wuhu sold drywall to INEX and refer to the documents reflecting those sales for their contents.

23. The Answering Defendants deny the allegations of paragraph 23, except admit that KPT received complaints from builders regarding drywall installed in homes.

24. The Answering Defendants deny the allegations of paragraph 24, except admit that certain federal and state agencies have investigated complaints about drywall and refer to the results of those investigations for their contents.

25. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. The Answering Defendants deny the allegations of paragraph 26, except admit that Professor Hummel investigated reports about smell issues with KPT drywall on behalf of KPT.

27. The Answering Defendants deny the allegations of paragraph 27.

28. The Answering Defendants deny the allegations of paragraph 28 and refer to Remediation Guidance of the Department of Housing and Urban Development and the Consumer Product Safety Commission for its full contents.

29. The Answering Defendants admit that property owners have commenced individual and class action lawsuits in federal and state courts against the Answering Defendants, INEX, homebuilders, contractors and suppliers alleging damages caused by Chinese-manufactured drywall.

30. The Answering Defendants deny the allegations of paragraph 30, except admit that INEX is a defendant in certain lawsuits alleging damage from Chinese-manufactured drywall and deny knowledge or information sufficient to form a belief as to the amount of cost, expenses and attorney fees incurred by INEX.

31. The Answering Defendants deny the allegations of paragraph 31, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of settlements INEX has entered.

32-33. The Answering Defendants deny the allegations of paragraphs 32 through 33.

## CAUSES OF ACTION

### Count I - Negligence

34-37. The Answering Defendants deny the allegations of paragraphs 34 through 37.

### Count II - Negligent and/or Intentional Misrepresentation

38-43.   The Answering Defendants deny the allegations of paragraphs 38 through 43.

### Count III - Breach of Contract

44.   The Answering Defendants deny the allegations of paragraph 44, except admit that they entered into contracts for the sale of drywall to INEX.

45-46.   The Answering Defendants deny the allegations of paragraphs 45 through 46.

### Count IV - Breach of Express Warranties

47.   The Answering Defendants deny the allegations of paragraph 47, except admit that they sold drywall to INEX and refer to those sales for their terms.

48-51.   The Answering Defendants deny the allegations of paragraphs 48 through 51.

### Count V - Breach of Implied Warranties

52.   The Answering Defendants deny the allegations of paragraph 52, except admit that they sold drywall to INEX.

53-57.   The Answering Defendants deny the allegations in paragraphs 53 through 57.

### Count VI - Product Liability

58-61.   The Answering Defendants deny the allegations of paragraphs 58 through 61.

### Count VII - Redhibition

62.   The Answering Defendants deny the allegations of paragraph 62, except admit that they sold drywall to INEX.

63-68.   The Answering Defendants deny the allegations of paragraphs 63 through 68.

### Count VIII - Tort of Another

69-71.   The Answering Defendants deny the allegations of paragraphs 69 through 71.

### Count IX - Contribution and/or Indemnity

72-74.  The Answering Defendants deny the allegations of paragraphs 72 through 74.

### Count X - Deceptive Trade Practices

75-76.  The allegations of paragraphs 75 through 76 state legal conclusions to which no response is required.  However, to the extent that paragraphs 75 through 76 contain factual allegations, the Answering Defendants deny the allegations.

77-81.  The Answering Defendants deny the allegations of paragraphs 77 through 81.

### Jury Demand

82.     Paragraph 82 contains a statement to which no response is required.

All allegations not specifically admitted are denied.

### DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

#### FIRST DEFENSE

The Answering Defendants have not been served properly with the Cross-Claims.

#### SECOND DEFENSE

The Cross-Claims fail to state a claim upon which relief can be granted against the Answering Defendants.

#### THIRD DEFENSE

INEX's cross-claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

#### FOURTH DEFENSE

INEX's cross-claims are barred, in whole or in part, by the doctrine of laches.

**FIFTH DEFENSE**

INEX's cross-claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

**SIXTH DEFENSE**

INEX's cross-claims are barred to the extent that the Answering Defendants did not manufacture or market the drywall installed in Plaintiffs' homes.

**SEVENTH DEFENSE**

The Answering Defendants did not breach any express or implied warranties to INEX.

**EIGHTH DEFENSE**

INEX cannot recover on its cross-claims for breach of warranty to the extent that it failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice to the Answering Defendants.

**NINTH DEFENSE**

To the extent that INEX alleges cross-claims based upon oral warranties or representations, its claims are barred, in whole or in part, by the applicable statute of frauds.

**TENTH DEFENSE**

INEX cannot recover on its cross-claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

**ELEVENTH DEFENSE**

INEX cannot recover on its cross-claims under the Consumer Protection Statute of Mississippi because, as provided by Miss. Code Ann. § 75-24-15(2), to bring a private action, a

plaintiff must first have attempted to resolve the matter through an informal dispute resolution program approved the Attorney General, which INEX has not done.

### TWELFTH DEFENSE

INEX cannot recover on its cross-claims under the Alabama Consumer Protection Statute because venue is proper only in the county where the causes action for residents of that state accrued and/or where the defendant has a principal place of business or conducts business.

### THIRTEENTH DEFENSE

INEX cannot recover on its claims under the Consumer Protection Statute of Louisiana because Answering Defendants did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

### FOURTEENTH DEFENSE

INEX cannot recover on its claims under the Consumer Protection Statute of Texas because it failed to provide written notice to the Answering Defendants as required by Tex. Bus. & Com. Code § 17.505.

### FIFTEENTH DEFENSE

INEX cannot recover on its claims under the Consumer Protection Statute of Texas because Answering Defendants did not act with the "intent to deceive," as required by Tex. Bus. & Com. Code § 17.46.

### SIXTEENTH DEFENSE

INEX cannot recover on its claims under the Consumer Protection Statute of Texas because Answering Defendants did not engage in any form of unfair, unconscionable or deceptive acts or practices to induce INEX, or any other person, to purchase drywall, as required by Tex. Bus. & Com. Code § 17.46.

### SEVENTEENTH DEFENSE

INEX cannot recover on its claims under the Consumer Protection Statute of Alabama because Answering Defendants did not act "knowingly," as required by Ala. Code §§ 8-19-3(4), -13.

### EIGHTEENTH DEFENSE

Answering Defendants did not engage in any intentional or negligent misconduct. However, to the extent that INEX asserts claims for negligence, it cannot recover on its claims under the Consumer Protection Statutes of Florida, Fla. Stat. Ann. § 501.207(4) and Texas, Tex. Bus. & Com. Code § 17.506, which provide that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

### NINETEENTH DEFENSE

INEX cannot recover on its cross-claims because the methods, standards and techniques used in designing and formulating the drywall sold to INEX and installed in homes and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### TWENTIETH DEFENSE

INEX cannot recover on its cross-claims because the benefits of the design of the drywall sold to INEX and installed in homes outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### TWENTY-FIRST DEFENSE

INEX cannot recover on its cross-claims for contribution and indemnity because the Answering Defendants are not liable to the plaintiffs.

### TWENTY-SECOND DEFENSE

INEX cannot recover on its cross-claims because its alleged damages, if any, were the result of intervening or superseding conduct of INEX and/or third parties over whom the Answering Defendants had no control.

### TWENTY-THIRD DEFENSE

INEX's claims are barred, in whole or in part, under the principle of assumption of the risk.

### TWENTY-FOURTH DEFENSE

INEX failed to mitigate its damages, if any.

### TWENTY-FIFTH DEFENSE

INEX cannot recover to the extent its damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative its damages should be offset or reduced by insurance or collateral source payments and benefits.

### TWENTY-SIXTH DEFENSE

If INEX has settled its claims for alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

### TWENTY-SEVENTH DEFENSE

The Answering Defendants breached no duty allegedly owed to INEX.

### TWENTY-EIGHTH DEFENSE

The Answering Defendants deny, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering

Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

### TWENTY-NINTH DEFENSE

The Answering Defendant did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Cross-Claims.

### THIRTIETH DEFENSE

INEX's cross-claims are barred to the extent that it relies on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### THIRTY-FIRST DEFENSE

INEX's cross-claims are barred because INEX is obligated to resolve its cross-claims through mediation in Tianjin, People's Republic of China, based upon the contractual mediation clause in each contract between INEX and KPT for the purchase drywall.

### THIRTY-SECOND DEFENSE

INEX's alleged damages were caused in whole or in part by the actions and/or inactions of others, including INEX, builders, contractors, installers and others in the supply chain. INEX's alleged damages must be apportioned to all responsible parties in proportion to each of their relative faults in causing INEX's alleged damages.

### THIRTY-THIRD DEFENSE

INEX cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-FOURTH DEFENSE

The Answering Defendants give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants deny that INEX is entitled to any of the relief requested in the Cross-Claims.

Accordingly, the Answering Defendants request that the Cross-Claims be dismissed with prejudice, and that the Answering Defendants be awarded costs and fees incurred in this action.

Respectfully submitted,

By: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

*Counsel for Defendants Knauf Plasterboard (Tianjin) Co., Ltd. and Knauf Plasterboard (Wuhu) Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer and Defenses of Knauf Plasterboard (Tianjin) Co., Ltd. and Knauf Plasterboard (Wuhu) Co., Ltd. to INEX's Cross-Claims has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 17th day of October, 2011.

/s/ Kyle Spaulding