UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
IN RE: CHINESE MANUFACTURED : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY :
LITIGATION : SECTION: L
---------------------------------------------------------------x
THIS DOCUMENT RELATES TO: : JUDGE FALLON
 :
*Payton, et al. v. Knauf Gips, KG, et al.,* and : MAG. JUDGE WILKINSON
Case No. 2:09-cv-07628 (E.D. La.) :
 :
*Vickers, et al. v. Knauf Gips, KG, et al.* :
Case No. 2:09-cv-04117 (E.D. La.) :
---------------------------------------------------------------x

**ANSWER AND DEFENSES OF GEBRUEDER KNAUF
VERWALTUNGSGESELLSCHAFT, KG, KNAUF GIPS KG, KNAUF
INTERNATIONAL GMBH, AND KNAUF INSULATION GMBH TO
CROSS-CLAIM PLAINTIFF BANNER'S
CROSS-CLAIM AND AMENDED CROSS-CLAIM**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Gebrueder Knauf Verwaltungsgesellschaft, KG ("GKV"), Knauf Gips KG ("Gips"), Knauf International GmbH ("International"), and Knauf Insulation GmbH ("KI") (collectively, the "Answering Defendants") respond to the corresponding paragraphs of Cross-Claim Plaintiffs' Banner Supply Co., Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, Banner Supply Company Tampa, LLC, Banner Supply Company Port St. Lucie, LLC and Banner Supply International, LLC (collectively "Banner") Cross-Claim and Amended Cross-Claim as follows:

 1. The Answering Defendants deny the allegations of paragraph 1.

 2. The Answering Defendants deny the allegations of paragraph 2, except admit that Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") sent representatives to Florida to investigate a

1

complaint about KPT drywall, commissioned independent testing regarding its drywall and reported the results of that testing to Banner and others.

3. The Answering Defendants deny the allegations of paragraph 3.

4. The Answering Defendants deny the allegations of paragraph 4, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Banner's customers.

5. The Answering Defendants deny the allegations of paragraph 5, except admit that Banner entered into a proposed settlement in *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047 (E.D. La.).

6. The Answering Defendants deny the allegations of paragraph 6, except admit that the European Court of Justice has upheld a fine against Gips in connection with Case C-407/08 P, *Knauf Gips v. Comm'n*, 2010 E.C.R. 00000, 5 C.M.L.R. 708 (2010) and refer to that decision for its contents.

7. The Answering Defendants deny the allegations of paragraph 7.

8. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. The Answering Defendants deny the allegations of paragraph 9, except admit that Gips supplies building materials, including drywall and aver that the drywall purchased by Banner was not manufactured by Gips.

10. The Answering Defendants deny the allegations of paragraph 10.

11. To the extent that the allegations of paragraph 11 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 11 are directed to the Answering Defendants, they are denied, except that the Answering

Defendants admit that GKV is a German entity owned by members of the Knauf family and that GKV is the parent of International, and that Nikolaus and Baldwin Knauf are former general partners of GKV.

12. To the extent that the allegations of paragraph 12 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 12 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that International is a German corporation and the parent of KPT.

13. To the extent that the allegations of paragraph 13 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 13 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KI is a German corporation and that it owns plants in Shelbyville, Indiana, Lanett, Alabama and Shasta Lake, California.

14. To the extent that the allegations of paragraph 14 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 14 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Gips is a German limited partnership, which is owned by members of the Knauf family.

15. To the extent that the allegations of paragraph 15 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 15 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KPT is a Chinese corporation with its principal place of business at North Yinhe Bridge, East Jingjin Road, RC-300400, Tianjin, China, and that KPT is a drywall manufacturer.

16. The Answering Defendants deny the allegations of paragraph 16.

17. The Answering Defendants deny the allegations of paragraph 17 and refer to the entirety of the referenced decisions for their findings and context.

18. The Answering Defendants deny the allegations of paragraph 18, except admit that Gips litigated Case T-52/03, *Knauf Gips KG v. Comm'n*, 2008 E.C.R. II-00115 and Case C-407/08 P, *Knauf Gips v. Comm'n*, 2010 E.C.R. 00000, 5 C.M.L.R. 708 (2010).

19-21. The Answering Defendants deny the allegations of paragraphs 19 through 21.

22. The Answering Defendants deny the allegations of paragraph 22, except admit that Gips provides certain shared services to other Knauf entities, including KPT, for which those entities, including KPT, pay Gips.

23-26. The Answering Defendants deny the allegations of paragraphs 23 through 26.

27. The Answering Defendants deny the allegations of paragraph 27, except admit that KI owns plants in Indiana, California and Alabama.

28-33. The Answering Defendants deny the allegations of paragraphs 28 through 33. To

34. The allegations of paragraph 34 are not directed to the Answering Defendants and, therefore, no response is required.

35. The Answering Defendants deny the allegations of paragraph 35.

36. The Answering Defendants deny the allegations of paragraph 36.

37. To the extent that the allegations of paragraph 37 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 37 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KPT sold drywall to Rothchilt International, Ltd.

38. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39. The Answering Defendants deny the allegations of paragraph 39.

40-41. The Answering Defendants deny the allegations of paragraphs 40 through 41.

42. The Answering Defendants deny the allegations of paragraph 42, except admit that Professor Hans-Ulrich Hummel is the head of Research and Development at Gips, and that Hummel traveled to Florida to investigate reported problems and obtain drywall test samples on behalf of KPT.

43. The Answering Defendants deny the allegations of paragraph 43, except admit that, on behalf of KPT, Professor Hummel commissioned testing of drywall samples at the Fraunhofer-Institut für Bauphysik.

44. The Answering Defendants deny the allegations of paragraph 44, except admit that, on behalf of KPT, Professor Hummel conducted internal testing of drywall samples and commissioned testing from Air Sense and the Hemholtz Institute.

45. The Answering Defendants deny the allegations of paragraph 45.

46. The Answering Defendants deny the allegations of paragraph 46, except admit that KPT sent Mark Norris, an officer of KPT, to Florida, and that KPT retained the Center for Toxicology and Environmental Health ("CTEH").

47. The Answering Defendants deny the allegations of paragraph 47, except admit that CTEH performed tests on drywall samples.

48. The Answering Defendants deny the allegations of paragraph 48, except admit that Professor Hummel provided Mark Norris, Isabel Knauf, Baldwin Knauf, Nikolaus Knauf,

Hans-Peter Ingenillem, and Martin Halbach with reports regarding the testing of drywall samples.

49. The Answering Defendants deny the allegations of paragraph 49, except admit that Professor Hummel provided Isabel Knauf, Baldwin Knauf, Nikolaus Knauf, Hans-Peter Ingenillem, David Gregory, Martin Halbach, Wayne Studdon, and Joerg Schanow with a final report regarding the testing of drywall samples.

50. The Answering Defendants deny the allegations of paragraph 50.

51. To the extent that the allegations of paragraph 45 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 45 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KPT no longer manufactures drywall using natural gypsum.

52-54. The Answering Defendants deny the allegations of paragraphs 52 through 54.

55. The Answering Defendants deny the allegations of paragraph 55, except admit that KPT forwarded the CTEH Report to entities that purchased KPT drywall.

56-58. The Answering Defendants deny the allegations of paragraphs 56 through 58.

59. The Answering Defendants deny the allegations of paragraph 59, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Banner's knowledge.

60. The Answering Defendants deny the allegations of paragraph 60, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the knowledge possessed by distributors and suppliers such as Banner.

61. The Answering Defendants deny the allegations of paragraph 61, except admit that KPT possesses knowledge concerning the composition of its drywall, the sources used to manufacture the drywall and its internal manufacturing processes and procedures.

62. The Answering Defendants deny the allegations of paragraph 62, except admit that during his visit to Florida on behalf of KPT, Professor Hummel distributed certain materials and refer to those materials for their contents.

63. The Answering Defendants deny the allegations of paragraph 63.

64. The Answering Defendants deny the allegations of paragraph 64, except admit that, as part of settlement negotiations, it offered to replace a portion of the KPT drywall that was sold to Banner subject to certain terms and conditions.

65. The Answering Defendants deny the allegations of paragraph 65, except admit that KPT entered into a Confidential Settlement Agreement and Release with Banner that was fully executed by all parties as of February 13, 2007 ("Settlement Agreement") and refer to that Settlement Agreement for its contents.

66-74. The Answering Defendants deny the allegations of paragraphs 66 through 74.

## CAUSES OF ACTION

### First Claim: Fraud and Deceit

75. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 74 as if fully set forth herein.

76. Paragraph 76 contains a statement to which no response is required.

77-89. The Answering Defendants deny the allegations of paragraphs 77 through 81.

### Second Claim: Fraudulent Misrepresentation

90.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 89 as if fully set forth herein.

91.     Paragraph 91 contains a statement to which no response is required.

92-103.     The Answering Defendants deny the allegations of paragraphs 92 through 103.

### Third Claim: Negligent Misrepresentation

104.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 103 as if fully set forth herein.

105.     Paragraph 105 contains a statement to which no response is required.

106-112.     The Answering Defendants deny the allegations of paragraphs 106 through 112.

### Fourth Claim: Fraudulent Concealment

113.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 112 as if fully set forth herein.

114.     Paragraph 114 contains a statement to which no response is required.

115-121.     The Answering Defendants deny the allegations of paragraphs 115 through 121.

### Fifth Claim: Florida Deceptive and Unfair Trade Practices

122.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 121 as if fully set forth herein.

123.     Paragraph 123 contains a statement to which no response is required.

124-125.   The allegations of paragraphs 124 through 125 state legal conclusions to which no response is required. However, to the extent that paragraphs 124 through 125 contain factual allegations, the Answering Defendants deny the allegations.

126-128.   The Answering Defendants deny the allegations of paragraphs 126 through 128.

### Sixth Claim: Negligence

129.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 128 as if fully set forth herein.

130.   Paragraph 130 contains a statement to which no response is required.

131-133.   The Answering Defendants deny the allegations of paragraphs 131 through 133.

### Seventh Claim: Strict Liability

134.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 133 as if fully set forth herein.

135.   Paragraph 135 contains a statement to which no response is required.

136.   The Answering Defendants deny the allegations of paragraph 136, except admit that Gips manufactured and sold drywall and aver that Banner did not purchase any drywall manufactured by Gips.

137-149.   The Answering Defendants deny the allegations of paragraphs 137 through 149.

### Eighth Claim: Equitable and/or Common Law Indemnification

150.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 149 as if fully set forth herein.

151. Paragraph 151 contains a statements to which no response is required.

152-153. The Answering Defendants deny the allegations of paragraphs 152 through 153.

### Ninth Claim: Contribution

154. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 153 as if fully set forth herein.

155. The Answering Defendants deny the allegations of paragraph 155, except admit that Banner did not manufacture drywall.

156. The Answering Defendants deny the allegations of paragraph 156.

### Tenth Claim: Mutual Mistake

157. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 156 as if fully set forth herein.

158. Paragraph 158 contains a statement to which no response is required.

159. The Answering Defendants deny the allegations of paragraph 159.

160. The Answering Defendants deny the allegations of paragraph 160, except admit that Banner released all claims against the Answering Defendants related to KPT drywall.

161-164. The Answering Defendants deny the allegations of paragraphs 161 through 164.

All allegations not specifically admitted are denied.

### DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST DEFENSE

The Court lacks personal jurisdiction over the Answering Defendants under applicable state law and the Due Process Clause of the United States Constitution.

### SECOND DEFENSE

The Answering Defendants have not been served properly with the Cross-Claims.

### THIRD DEFENSE

The Cross-Claims fail to state a claim upon which relief can be granted against the Answering Defendants.

### FOURTH DEFENSE

Banner's cross-claims against the Answering Defendants are barred because Banner released them in the Confidential Settlement Agreement and Release entered between KPT and Banner on or about February 13, 2007.

### FIFTH DEFENSE

Banner's cross-claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### SIXTH DEFENSE

Banner's cross-claims are barred, in whole or in part, by the doctrine of laches.

### SEVENTH DEFENSE

Banner's cross-claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

### EIGHTH DEFENSE

Banner's cross-claims against the Answering Defendants are barred because the Answering Defendants did not manufacture or market the drywall that Banner sold.

### **NINTH DEFENSE**

Banner's cross-claims for fraud and negligent misrepresentation are barred because Banner has failed to plead the circumstances of the alleged fraud with particularity.

### **TENTH DEFENSE**

To the extent that Banner alleges cross-claims based upon oral representations, its cross-claims are barred, in whole or in part, by the applicable statute of frauds.

### **ELEVENTH DEFENSE**

Answering Defendants did not engage in any intentional or negligent misconduct. However, to the extent that Banner asserts cross-claims for negligence, it cannot recover on its cross-claim under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.207(4), which provides that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

### **TWELFTH DEFENSE**

Banner cannot recover on its cross-claims because the methods, standards and techniques used by in designing and formulating the drywall sold to Banner and installed in homes and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### **THIRTEENTH DEFENSE**

Banner cannot recover on its cross-claims because the benefits of the design of the drywall sold to Banner and installed in homes outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### FOURTEENTH DEFENSE

Banner's cannot recover on its cross-claim for rescission because Banner has failed to tender the consideration it received under the Settlement Agreement.

### FIFTEENTH DEFENSE

Banner cannot recover on its cross-claim for rescission because the Answering Defendants relied on the Settlement Agreement to its detriment.

### SIXTEENTH DEFENSE

Banner cannot recover on its cross-claim for rescission because the parties cannot be restored to the status quo.

### SEVENTEENTH DEFENSE

Banner cannot recover on its cross-claim for rescission because Banner has unclean hands.

### EIGHTEENTH DEFENSE

Banner cannot recover on its cross-claims for contribution and indemnity because the Answering Defendants are not liable to the plaintiffs.

### NINETEENTH DEFENSE

Banner cannot recover on its cross-claims because its alleged damages, if any, were the result of intervening or superseding conduct of Banner and/or third parties over whom the Answering Defendants had no control.

### TWENTIETH DEFENSE

Banner's cross-claims are barred, in whole or in part, under the principle of assumption of the risk.

### TWENTY-FIRST DEFENSE

Banner failed to mitigate its damages, if any.

### TWENTY-SECOND DEFENSE

Banner cannot recover to the extent its damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative its damages should be offset or reduced by insurance or collateral source payments and benefits.

### TWENTY-THIRD DEFENSE

If Banner has settled its claims for alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

### TWENTY-FOURTH DEFENSE

The Answering Defendants breached no duty allegedly owed to Banner.

### TWENTY-FIFTH DEFENSE

The Answering Defendants deny, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

### TWENTY-SIXTH DEFENSE

The Answering Defendant did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Cross-Claims.

### TWENTY-SEVENTH DEFENSE

Banner's claims are barred to the extent that it relies on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### TWENTY-EIGHTH DEFENSE

Banner's alleged damages were caused in whole or in part by the actions and/or inactions of others, including Banner, Rothchilt International, Ltd., La Suprema Trading, Inc., La Suprema Enterprises, Inc., builders, contractors, installers and others in the supply chain.  Pursuant to § 768.81, Florida Statutes, Banner's alleged damages must be apportioned to all responsible parties in proportion to each of their relative faults in causing Banner's alleged damages.

### TWENTY-NINTH DEFENSE

Banner cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTIETH DEFENSE

The Answering Defendants give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in the Cross-Claims.

Accordingly, the Answering Defendants request that the Cross-Claims be dismissed with prejudice, and that the Answering Defendants be awarded costs and fees incurred in this action.

Respectfully submitted,

By: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street

Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8485
Facsimile:  (212) 836-6485
Email:  sglickstein@kayescholer.com

*Counsel for Defendants Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf Gips KG*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Defenses of Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf Gips KG, Knauf International GmbH and Knauf Insulation GmbH to Banner's Cross-Claim and Amended Cross-Claim has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 17th day of October, 2011.

/s/ Kyle Spaulding