## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

```
-------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED          :      MDL NO. 2047
DRYWALL PRODUCTS LIABILITY            :
LITIGATION                            :      SECTION:     L
-------------------------------------------------------------x
THIS DOCUMENT RELATES TO:             :      JUDGE FALLON
                                      :
Payton, et al. v. Knauf Gips, KG, et al., and    :      MAG. JUDGE WILKINSON
Case No. 2:09-cv-07628 (E.D. La.)     :
                                      :
Vickers, et al. v. Knauf Gips, KG, et al.    :
Case No. 2:09-cv-04117 (E.D. La.)     :
-------------------------------------------------------------x
```

## ANSWER AND DEFENSES OF
## KNAUF PLASTERBOARD (TIANJIN), CO., LTD.
## TO CROSS-CLAIM PLAINTIFF BANNER'S
## CROSS-CLAIM AND AMENDED CROSS-CLAIM

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") responds to the corresponding paragraphs of Cross-Claim Plaintiffs' Banner Supply Co., Banner Supply Company Pompano, LLC; Banner Supply Company Fort Myers, LLC, Banner Supply Company Tampa, LLC, Banner Supply Co. Port St. Lucie, LLC and Banner Supply International, LLC (collectively "Banner") Cross-Claim and Amended Cross-Claim as follows:

1.      KPT denies the allegations of paragraph 1.

2.      KPT denies the allegations of paragraph 2, except admits that it sent representatives to Florida to investigate a complaint about its drywall, commissioned independent testing regarding its drywall and reported the results of that testing to Banner and others.

3.      KPT denies the allegations of paragraph 3.

1

4.      KPT denies the allegations of paragraph 4, except KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Banner's customers.

5.      KPT denies the allegations of paragraph 5, except KPT admits that Banner entered into a proposed settlement in *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047 (E.D. La.).

6.      KPT denies the allegations of paragraph 6, except admits that that the European Court of Justice has upheld a fine against Knauf Gips KG ("Gips") in connection with Case C-407/08 P, *Knauf Gips v. Comm'n*, 2010 E.C.R. 00000, 5 C.M.L.R. 708 (2010) and refers to that decision for its contents.

7.      KPT denies the allegations of paragraph 7.

8.      KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.      KPT denies the allegations of paragraph 9, except admits that it supplies building materials, including drywall.

10.     KPT denies the allegations of paragraph 10.

11.     To the extent that the allegations of paragraph 11 are not directed to KPT, no response is required.  To the extent that the allegations of paragraph 11 are directed to KPT, they are denied, except that KPT admits that Gebrueder Knauf Verwaltungsgesellschaft KG ("GKV") is a German entity owned by members of the Knauf family and that GKV is the parent of Knauf International GmbH ("International), and that Nikolaus and Baldwin Knauf are former general partners of GKV.

12.     To the extent that the allegations of paragraph 12 are not directed to KPT, no response is required.  To the extent that the allegations of paragraph 12 are directed to KPT, they are denied, except that KPT admits that International is a German corporation and the parent of KPT.

13.     To the extent that the allegations of paragraph 13 are not directed to KPT, no response is required.  To the extent that the allegations of paragraph 13 are directed to KPT, they are denied, except that KPT admits that Knauf Insulation GmbH ("KI") is a German corporation and that it owns plants in Shelbyville, Indiana, Lanett, Alabama and Shasta Lake, California.

14.     To the extent that the allegations of paragraph 14 are not directed to KPT, no response is required.  To the extent that the allegations of paragraph 14 are directed to KPT, they are denied, except that KPT admits that Gips is a German limited partnership, which is owned by members of the Knauf family.

15.     KPT denies the allegations of paragraph 15, except admits that KPT is a Chinese corporation with its principal place of business at North Yinhe Bridge, East Jingjin Road, RC-300400, Tianjin, China, and that KPT is a drywall manufacturer.

16.     KPT denies the allegations of paragraph 16.

17.     KPT denies the allegations of paragraph 17 and refers to the entirety of the referenced decisions for their findings and context.

18.     To the extent that the allegations of paragraph 18 are not directed to KPT, no response is required.  To the extent that the allegations of paragraph 18 are directed to KPT, they are denied, except that KPT admits that Gips litigated Case T-52/03, *Knauf Gips KG v. Comm'n*, 2008 E.C.R. II-00115 and Case C-407/08 P, *Knauf Gips v. Comm'n*, 2010 E.C.R. 00000, 5 C.M.L.R. 708 (2010).

19-21.  KPT denies the allegations of paragraphs 19 through 21.

22.     To the extent that the allegations of paragraph 22 are not directed to KPT, no response is required.  To the extent that the allegations of paragraph 22 are directed to KPT, they are denied, except KPT admits that Gips provides certain shared services to KPT for which KPT pays Gips.

23-25.  KPT denies the allegations of paragraphs 23 through 25.

26.     KPT denies the allegations of paragraph 26, except admits that it sold drywall that was imported by other entities into Florida.

27.     To the extent that the allegations of paragraph 27 are not directed to KPT, no response is required.  To the extent that the allegations of paragraph 27 are directed to KPT, they are denied.

28.     KPT denies the allegations of paragraph 28, except admits that it sold drywall that was imported by other entities into Florida and denies knowledge or information sufficient to form a belief as to what U.S. Customs and Census records show.

29-33.  KPT denies the allegations of paragraphs 28 through 33.

34.     KPT admits the allegations of paragraph 34.

35.     KPT denies the allegations of paragraph 35.

36.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37.     KPT denies the allegations of paragraph 37, except admits that it sold drywall to Rothchilt International Ltd.

38.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

4

39.     KPT denies the allegations of paragraph 39.

40.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41.     KPT denies the allegations of paragraph 41.

42.     KPT denies the allegations of paragraph 42, except admits that Professor Hans-Ulrich Hummel is the head of Research and Development at Gips, and that Hummel traveled to Florida to investigate reported problems and obtain drywall test samples on behalf of KPT.

43.     KPT denies the allegations of paragraph 43, except admits that it commissioned testing of drywall samples at the Fraunhofer-Institut für Bauphysik.

44.     KPT denies the allegations of paragraph 44, except admits that on behalf of KPT, Professor Hummel conducted internal testing of drywall samples and commissioned testing from Air Sense and the Hemholtz Institute.

45.     KPT denies the allegations of paragraph 45.

46.     KPT denies the allegations of paragraph 46, except admits that Mark Norris, an officer of KPT, traveled to Florida, and that KPT retained the Center for Toxicology and Environmental Health ("CTEH").

47.     KPT denies the allegations of paragraph 47, except admits that CTEH performed tests on drywall samples.

48.     KPT denies the allegations of paragraph 48, except admits that Professor Hummel provided Mark Norris, Isabel Knauf, Baldwin Knauf, Nikolaus Knauf, Hans-Peter Ingenillem, and Martin Halbach with reports regarding the testing of drywall samples.

49.     KPT denies the allegations of paragraph 49, except admits that Professor Hummel provided Isabel Knauf, Baldwin Knauf, Nikolaus Knauf, Hans-Peter Ingenillem, David Gregory,

Martin Halbach, Wayne Studdon, and Joerg Schanow with a final report regarding the testing of drywall samples.

50.     KPT denies the allegations of paragraph 50.

51.     KPT denies the allegations of paragraph 51, except admits that it no longer manufactures drywall using natural gypsum.

52-54.  KPT denies the allegations of paragraphs 52 through 54.

55.     KPT denies the allegations of paragraphs 55, except admits that it forwarded the CTEH Report to entities that purchased KPT drywall.

56-58.  KPT denies the allegations of paragraphs 56 through 58.

59.     KPT denies the allegations of paragraph 59, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Banner's knowledge.

60.     KPT denies the allegations of paragraph 60, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the knowledge possessed by distributors and suppliers such as Banner.

61.     KPT denies the allegations of paragraph 61, except admits that it possesses knowledge concerning the composition of its drywall, the sources used to manufacture the drywall and its internal manufacturing processes and procedures.

62.     KPT denies the allegations of paragraph 62, except admits that during his visit to Florida, Professor Hummel distributed certain materials and refers to those materials for their contents.

63.     KPT denies the allegations of paragraph 63.

64.     KPT denies the allegations of paragraph 64, except admits that, as part of settlement negotiations, it offered to replace a portion of the KPT drywall that was sold to Banner subject to certain terms and conditions.

65.     KPT denies the allegations of paragraph 65, except admits that it entered into a Confidential Settlement Agreement and Release with Banner that was fully executed by all parties as of February 13, 2007 and refers to that Agreement for its contents.

66-74.  KPT denies the allegations of paragraphs 66 through 74.

## CAUSES OF ACTION

### First Claim: Fraud and Deceit

75.     KPT repeats and realleges its responses to paragraphs 1 through 74 as if fully set forth herein.

76.     Paragraph 76 contains a statement to which no response is required.

77-89.  KPT denies the allegations of paragraphs 77 through 89.

### Second Claim: Fraudulent Misrepresentation

90.     KPT repeats and realleges its responses to paragraphs 1 through 89 as if fully set forth herein.

91.     Paragraph 91 contains a statement to which no response is required.

92-103.     KPT denies the allegations of paragraphs 92 through 103.

### Third Claim: Negligent Misrepresentation

104.    KPT repeats and realleges its responses to paragraphs 1 through 103 as if fully set forth herein.

105.    Paragraph 105 contains a statement to which no response is required.

106-112.    KPT denies the allegations of paragraphs 106 through 112.

**Fourth Claim: Fraudulent Concealment**

113.    KPT repeats and realleges its responses to paragraphs 1 through 112 as if fully set forth herein.

114.    Paragraph 114 contains a statement to which no response is required.

115-121.    KPT denies the allegations of paragraphs 115 through 121.

**Fifth Claim: Florida Deceptive and Unfair Trade Practices**

122.    KPT repeats and realleges its responses to paragraphs 1 through 121 as if fully set forth herein.

123.    Paragraph 123 contains a statement to which no response is required.

124-125.    The allegations of paragraphs 124 through 125 state legal conclusions to which no response is required.  However, to the extent that paragraphs 124 through 125 contain factual allegations, KPT denies the allegations.

126-128.    KPT denies the allegations of paragraphs 126 through 128.

**Sixth Claim: Negligence**

129.    KPT repeats and realleges its responses to paragraphs 1 through 128 as if fully set forth herein.

130.    Paragraph 130 contains a statement to which no response is required.

131-133.    KPT denies the allegations of paragraphs 131 through 133.

**Seventh Claim: Strict Liability**

134.    KPT repeats and realleges its responses to paragraphs 1 through 133 as if fully set forth herein.

135.    Paragraph 135 contains a statement to which no response is required.

136.    KPT denies the allegations of paragraph 136, except admits that it manufactured and sold drywall.

137-138.    KPT denies the allegations of paragraphs 137 through 138.

139-140.    KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 139 through 140.

141-149.    KPT denies the allegations of paragraphs 141 through 149.

**Eighth Claim: Equitable and/or Common Law Indemnification**

150.    KPT repeats and realleges its responses to paragraphs 1 through 149 as if fully set forth herein.

151.    Paragraph 151 contains a statement to which no response is required.

152-153.    KPT denies the allegations of paragraphs 152 through 153.

**Ninth Claim: Contribution**

154.    KPT repeats and realleges its responses to paragraphs 1 through 153 as if fully set forth herein.

155.    KPT denies the allegations of paragraph 155, except admits that Banner did not manufacture KPT drywall.

156.    KPT denies the allegations of paragraph 156.

**Tenth Claim: Mutual Mistake**

157.    KPT repeats and realleges its responses to paragraphs 1 through 156 as if fully set forth herein.

158.    Paragraph 158 contains a statement to which no response is required.

159.    KPT denies the allegations of paragraph 159.

160.    KPT denies the allegations of paragraph 160, except admits that Banner released all claims against KPT related to KPT drywall.

161-164.    KPT denies the allegations of paragraphs 161 through 164.

All allegations not specifically admitted are denied.

## DEFENSES

By alleging the matters set forth below, KPT does not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST DEFENSE

KPT has not been served properly with the Cross-Claims.

### SECOND DEFENSE

The Cross-Claims fail to state a claim upon which relief can be granted against KPT.

### THIRD DEFENSE

Banner's cross-claims against KPT are barred because Banner released them in the Confidential Settlement Agreement and Release entered between KPT and Banner on or about February 13, 2007.

### FOURTH DEFENSE

Banner's cross-claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### FIFTH DEFENSE

Banner's cross-claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH DEFENSE

Banner's cross-claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

10

**SEVENTH DEFENSE**

Banner's cross-claims against KPT are barred because to the extent that KPT did not manufacture or market the drywall that Banner sold.

**EIGHTH DEFENSE**

Banner's cross-claims for fraud and negligent misrepresentation are barred because Banner has failed to plead the circumstances of the alleged fraud with particularity.

**NINTH DEFENSE**

To the extent that Banner alleges cross-claims based upon oral representations, its cross-claims are barred, in whole or in part, by the applicable statute of frauds.

**TENTH DEFENSE**

KPT did not engage in any intentional or negligent misconduct.  However, to the extent that Banner asserts cross-claims for negligence, it cannot recover on its cross-claim under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.207(4), which provides that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

**ELEVENTH DEFENSE**

Banner cannot recover on its cross-claims because the methods, standards and techniques used in designing and formulating the drywall sold to Banner and installed in homes and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### TWELFTH DEFENSE

Banner cannot recover on its cross-claims because the benefits of the design of the drywall installed in homes outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### THIRTEENTH DEFENSE

Banner cannot recover on its cross-claim for rescission because Banner has failed to tender the consideration it received under the Settlement Agreement.

### FOURTEENTH DEFENSE

Banner cannot recover on its cross-claim for rescission because KPT relied on the Settlement Agreement to its detriment.

### FIFTEENTH DEFENSE

Banner cannot recover on its cross-claim for rescission because the parties cannot be restored to the status quo.

### SIXTEENTH DEFENSE

Banner cannot recover on its cross-claim for rescission because Banner has unclean hands.

### SEVENTEENTH DEFENSE

Banner cannot recover on its cross-claims for contribution and indemnity because the Answering Defendants are not liable to the plaintiffs.

### EIGHTEENTH DEFENSE

Banner cannot recover on its cross-claims because its alleged damages, if any, were the result of intervening or superseding conduct of Banner and/or third parties over whom KPT had no control.

### NINETEENTH DEFENSE

Banner's cross-claims are barred, in whole or in part, under the principle of assumption of the risk.

### TWENTIETH DEFENSE

Banner failed to mitigate its damages, if any.

### TWENTY-FIRST DEFENSE

Banner cannot recover to the extent its damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative its damages should be offset or reduced by insurance or collateral source payments and benefits.

### TWENTY-SECOND DEFENSE

If Banner has settled its claims for alleged injuries with other parties, KPT is entitled to credit and set-off in the amount of such settlements.

### TWENTY-THIRD DEFENSE

KPT breached no duty allegedly owed to Banner.

### TWENTY-FOURTH DEFENSE

KPT denies, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of KPT, or at the instruction or subject to the control of KPT, and therefore KPT is not liable for any acts or omissions of such third parties as a matter of law.

### TWENTY-FIFTH DEFENSE

KPT did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Cross-Claims.

### TWENTY-SIXTH DEFENSE

Banner's claims are barred to the extent that it relies on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### TWENTY-SEVENTH DEFENSE

Banner's alleged damages were caused in whole or in part by the actions and/or inactions of others, including Banner, Rothchilt International, Ltd., La Suprema Trading, Inc., La Suprema Enterprises, Inc., builders, contractors, installers and others in the supply chain.  Pursuant to § 768.81, Florida Statutes, Banner's alleged damages must be apportioned to all responsible parties in proportion to each of their relative faults in causing Banner's alleged damages.

### TWENTY-EIGHTH DEFENSE

Banner cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of KPT's home jurisdictions.

### TWENTY-NINTH DEFENSE

KPT gives notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, KPT denies that Banner is entitled to any of the relief requested in the Cross-Claims.

Accordingly, KPT requests that the Cross-Claims be dismissed with prejudice, and that KPT  be awarded costs and fees incurred in this action.

Respectfully submitted,

By:  /s/ Kerry J. Miller
KERRY J. MILLER (#24562)

14

KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8485
Facsimile:  (212) 836-6485
Email:  sglickstein@kayescholer.com

*Counsel for Defendant Knauf Plasterboard
(Tianjin) Co. Ltd.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing Answer and Defenses of Knauf Plasterboard (Tianjin) Co., Ltd. to Banner's Cross-Claim and Amended Cross-Claim has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 17th day of October, 2011.

<u>/s/ Kyle Spaulding</u>

16