# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED           :      MDL NO. 2047
DRYWALL PRODUCTS LIABILITY             :
LITIGATION                             :      SECTION:      L
-----------------------------------------------------------------x
THIS DOCUMENT RELATES TO:              :      JUDGE FALLON
                                       :
Arndt, et al., v. Knauf Gips KG, et al.,   :      MAG. JUDGE WILKINSON
Case No. 11-cv-2349                     :
-----------------------------------------------------------------x
```

## ANSWER AND DEFENSES OF KNAUF PLASTERBOARD (TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU) CO., LTD., AND GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO., LTD. TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (XII)

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu"), and Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan") (collectively, the "Answering Defendants") respond to the corresponding paragraphs of Plaintiffs' Omnibus Class Action Complaint (XII) and Demand for Jury Trial ("Complaint") as follows:

1-3.     The Answering Defendants admit the allegations of paragraphs 1 through 3.

4-5.     Paragraphs 4 through 5 contain statements as to which no response is required.

6.     The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7-8.     Paragraphs 7 through 8 contain statements as to which no response is required.

9.     To the extent that the allegations of paragraph 9 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 9 are directed to the Answering Defendants, the allegations are denied.

10.     The allegations of paragraph 10 are not directed to the Answering Defendants and therefore no response is required.

11.     To the extent that the allegations of paragraph 11 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 11 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf International GmbH is the parent of KPT, Wuhu and Dongguan.

12.     To the extent that the allegations of paragraph 12 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 12 are directed to the Answering Defendants, they are denied.

13.     To the extent that the allegations of paragraph 13 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 13 are directed to the Answering Defendants, they are denied.

14.     To the extent that the allegations of paragraph 14 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 14 are directed to the Answering Defendants, they are denied.

15.     To the extent that the allegations of paragraph 15 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 15 are directed to the Answering Defendants, they are denied.

16.     To the extent that the allegations of paragraph 16 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 16 are directed to the Answering Defendants, they are denied.

17.     To the extent that the allegations of paragraph 17 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 17 are directed to the Answering Defendants, they are denied.

18.     To the extent that the allegations of paragraph 18 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 18 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KPT, Wuhu, and Dongguan sold drywall that was imported by other companies into the United States.

19.     The Answering Defendants deny the allegations of paragraph 19, except admit that KPT is a foreign manufacturer and seller of gypsum drywall, and that KPT sold drywall that was imported by other companies into the United States.

20.     The Answering Defendants deny the allegations of paragraph 20, except admit that Wuhu is a foreign manufacturer and seller of gypsum drywall, and that Wuhu sold drywall that was imported by other companies into the United States.

21.     The Answering Defendants deny the allegations of paragraph 21, except admit that Dongguan is a foreign manufacturer and seller of gypsum drywall, and that Dongguan sold drywall that was imported by other companies into the United States.

22.     To the extent that the allegations of paragraph 22 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 22 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Gips KG provides certain shared services to KPT, Wuhu and Dongguan.

23.     Paragraph 23 is not directed to the Answering Defendants and therefore no response is required.

24.     The Answering Defendants admit the allegations of paragraph 24.

25-27.  The Answering Defendants deny the allegations of paragraphs 25 through 27.

28.     The Answering Defendants deny the allegations of paragraph 28, except admit that the drywall functions according to its intended purpose as a building component.

29-30.  The Answering Defendants deny the allegations of paragraphs 29 through 30.

31.     The Answering Defendants deny the allegations of paragraph 31, except admit that Hans-Ulrich Hummel visited and took samples of drywall from Florida homes.

32-35.  The Answering Defendants deny the allegations of paragraphs 32 through 35.

36-40.  The allegations of paragraphs 36 through 40 state legal conclusions to which no response is required.  However, to the extent that paragraphs 36 through 40 contain factual allegations, the Answering Defendants deny the allegations, except admit that Plaintiffs purport to bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and 23(c)(4) of the Federal Rules of Civil Procedure.

41-44.  The allegations of paragraphs 41 through 44 state legal conclusions to which no response is required.  However, to the extent that paragraphs 41 through 44 contain factual allegations, the Answering Defendants deny the allegations.

45.     The allegations of paragraph 45 state a legal conclusion to which no response is required.  However, to the extent that paragraph 45 contains factual allegations, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

46-49. The allegations of paragraphs 46 through 49 state legal conclusions to which no response is required. However, to the extent that paragraphs 46 through 49 contain factual allegations, the Answering Defendants deny the allegations.

## COUNT I
## NEGLIGENCE

50.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 49 as if fully set forth herein.

51.    The allegations of paragraph 51 state a legal conclusion to which no response is required. However, to the extent that paragraph 51 contains factual allegations, the Answering Defendants deny the allegations.

52-57. The Answering Defendants deny the allegations of paragraphs 52 through 57.

## COUNT II
## NEGLIGENCE PER SE

58.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 57 as if fully set forth herein.

59.    The allegations of paragraph 59 state a legal conclusion to which no response is required. However, to the extent that paragraph 59 contains factual allegations, the Answering Defendants deny the allegations.

60-64. The Answering Defendants deny the allegations of paragraphs 60 through 64.

## COUNT III
## STRICT LIABILITY

65.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 64 as if fully set forth herein.

66.    The Answering Defendants deny the allegations of paragraph 66, except admit that they sell drywall.

67.     The Answering Defendants deny the allegations of paragraph 67, except deny knowledge or information sufficient to form a belief as to whether their drywall is installed in purported Class Members' homes.

68.     The Answering Defendants deny the allegations of paragraph 68.

69.     The Answering Defendants deny the allegations of paragraph 69, except deny knowledge or information sufficient to form a belief as to whether their drywall is installed in purported Class Members' homes.

70-72.  The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 70 through 72.

73-78.  The Answering Defendants deny the allegations of paragraphs 73 through 78.

79.     The Answering Defendants deny the allegations of paragraph 79, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding purported Class Members' awareness or perception.

80-82.  The Answering Defendants deny the allegations of paragraphs 80 through 82.

<u>COUNT IV</u>
**BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**

83.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 82 as if fully set forth herein.

84-86.  The Answering Defendants deny the allegations of paragraphs 84 through 85.

87.     The Answering Defendants deny the allegations of paragraph 87, except admit that the drywall functions according to its intended purpose as a building component.

88-90.  The Answering Defendants deny the allegations of paragraphs 88 through 90.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203

91.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 90 as if fully set forth herein.

92-102.        Paragraphs 92 through 102 are not directed to the Answering Defendants and therefore no response is required.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY

103.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 102 as if fully set forth herein.

104-109.        Paragraphs 104 through 109 are not directed to the Answering Defendants and therefore no response is required.

## COUNT VII
## BREACH OF CONTRACT

110.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 109 as if fully set forth herein.

111-113.        Paragraphs 111 through 113 are not directed to the Answering Defendants and therefore no response is required.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT

114.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 113 as if fully set forth herein.

115-120.        Paragraphs 115 through 120 are not directed to the Answering Defendants and therefore no response is required.

## COUNT IX
## REDHIBITION

121.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 120 as if fully set forth herein.

122-129.    The Answering Defendants deny the allegations of paragraphs 122 through 129.

130.    Paragraph 130 is not directed to the Answering Defendants and therefore no response is required.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT

131.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 130 as if fully set forth herein.

132.    The Answering Defendants deny the allegations of paragraph 132.

133.    Paragraph 133 contains a statement as to which no response is required.

134-135.    The Answering Defendants deny the allegations of paragraphs 134 through 135, except admit that they made certain warranties to certain customers and refer to those warranties for their content.

136-144.    The Answering Defendants deny the allegations of paragraphs 136 through 144.

## COUNT XI
## PRIVATE NUISANCE

145.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through144 as if fully set forth herein.

146-151.    The Answering Defendants deny the allegations of paragraphs 146 through 151.

## COUNT XII
## UNJUST ENRICHMENT

152.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 151 as if fully set forth herein.

153-155.    The Answering Defendants deny the allegations of paragraphs 153 through 155.

## COUNT XIII
## VIOLATION OF CONSUMER PROTECTION ACTS

156.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 155 as if fully set forth herein.

157.    Paragraph 157 contains a statement as to which no response is required.

158-160.    The Answering Defendants deny the allegations of paragraphs 158 through 160.

## COUNT XIV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

161.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 160 as if fully set forth herein.

162-163.    The Answering Defendants deny the allegations of paragraphs 162 through 163.

164.    The Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraph 164.

165-173.    The Answering Defendants deny the allegations of paragraphs 165 through 173.

All allegations not specifically admitted are denied.

## DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

### SECOND DEFENSE

Plaintiffs have been misjoined.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

### SIXTH DEFENSE

The Answering Defendants did not make to Plaintiffs, nor did Answering Defendants breach, any express or implied warranties.

### SEVENTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice of any alleged breach to the Answering Defendants.

## EIGHTH DEFENSE

To the extent that Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

## NINTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Answering Defendants.

## TENTH DEFENSE

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

## ELEVENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Mississippi because, as provided by Miss. Code Ann. § 75-24-15(2), to bring a private action, a plaintiff must first have attempted to resolve the matter through an informal dispute resolution program approved the Attorney General, which Plaintiffs have not done.

## TWELFTH DEFENSE

Plaintiffs cannot recover on their claims under the Louisiana and Mississippi Consumer Protection Statutes because, under La. Rev. Stat. Ann. § 1409 and Miss. Code Ann. § 75-24-15(4), Plaintiffs may not bring a private action for actual damages in a representative capacity.

## THIRTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute, because class actions for money damages are prohibited under Ala. Code § 8-19-10(f).

## FOURTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute because venue is proper only in the county where the causes action for residents of that state accrued and/or where the defendant has a principal place of business or conducts business.

## FIFTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because Answering Defendants did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

## SIXTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because they failed to provide written notice to the Answering Defendants as required by Tex. Bus. & Com. Code § 17.505.

## SEVENTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not act with the "intent to deceive," as required by Tex. Bus. & Com. Code § 17.46.

## EIGHTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not engage in any form of unfair, unconscionable or deceptive acts or practices to induce Plaintiffs, or any other person, to purchase drywall, as required by Tex. Bus. & Com. Code § 17.46.

### NINETEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Alabama because Answering Defendants did not act "knowingly," as required by Ala. Code §§ 8-19-3(4), -13.

### TWENTIETH DEFENSE

Answering Defendants did not engage in any intentional or negligent misconduct. However, to the extent that Plaintiffs assert claims for negligence, Plaintiffs cannot recover on their claims under the Consumer Protection Statutes of Florida, Fla. Stat. Ann. § 501.207(4) and Texas, Tex. Bus. & Com. Code § 17.506, which provide that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

### TWENTY-FIRST DEFENSE

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by the Answering Defendants in designing and formulating drywall and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### TWENTY-SECOND DEFENSE

Plaintiffs cannot recover on their claims because the benefits of the design of Answering Defendants' drywall outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### TWENTY-THIRD DEFENSE

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendants had no control.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

### TWENTY-FIFTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### TWENTY-SIXTH DEFENSE

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

### TWENTY-SEVENTH DEFENSE

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

### TWENTY-EIGHTH DEFENSE

The Answering Defendants breached no duty allegedly owed to the Plaintiffs.

### TWENTY-NINTH DEFENSE

The Answering Defendants deny, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

### THIRTIETH DEFENSE

The Answering Defendants did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims against an Answering Defendant are barred to the extent that Answering Defendant did not manufacture or market the drywall installed in their homes.

**THIRTY-SECOND DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**THIRTY-THIRD DEFENSE**

Plaintiffs' claims are barred because class actions are not recognized under the laws of and are contrary to the public policy of the Answering Defendants' home jurisdictions.

**THIRTY-FOURTH DEFENSE**

Plaintiffs' alleged damages were caused in whole or in part by the actions and/or inactions of others, including exporters, importers, suppliers, distributors, builders, contractors, installers and others in the supply chain.  Plaintiffs' alleged damages must be apportioned to all responsible parties in proportion to each of their relative faults in causing Plaintiffs' alleged damages.

**THIRTY-FIFTH DEFENSE**

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

**THIRTY-SIXTH DEFENSE**

Plaintiffs' claims for punitive damages fail to state a claim for relief.

## THIRTY-SEVENTH DEFENSE

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

## THIRTY-EIGHTH DEFENSE

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws plaintiffs seek relief.

## THIRTY-NINTH DEFENSE

Answering Defendants give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendants request that the Complaint be dismissed with prejudice, and that the Answering Defendants  be awarded costs and fees incurred in this action.

Respectfully submitted,


By:  /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163

16

Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8485
Facsimile:  (212) 836-6485
Email:  sglickstein@kayescholer.com

Counsel for Defendants Knauf Plasterboard
(Tianjin) Co., Ltd, Knauf Plasterboard (Wuhu) Co.,
Ltd. and Guangdong Knauf New Building Material
Products Co., Ltd..

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Answer and Defenses of Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Guangdong Knauf New Building Material Products Co., Ltd. to Plaintiffs' Omnibus Class Action Complaint (XII) has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 17th day of October, 2011.

<u>/s/ Kyle Spaulding</u>

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED          :      MDL NO. 2047
DRYWALL PRODUCTS LIABILITY            :
LITIGATION                            :      SECTION:     L
-----------------------------------------------------------------x
THIS DOCUMENT RELATES TO:             :      JUDGE FALLON
                                      :
Arndt, et al., v. Knauf Gips KG, et al.,   :   MAG. JUDGE WILKINSON
Case No. 11-cv-2349                   :
-----------------------------------------------------------------x
```

## ANSWER AND DEFENSES OF KNAUF PLASTERBOARD (TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU) CO., LTD., AND GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO., LTD. TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (XII)

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu"), and Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan") (collectively, the "Answering Defendants") respond to the corresponding paragraphs of Plaintiffs' Omnibus Class Action Complaint (XII) and Demand for Jury Trial ("Complaint") as follows:

1-3.    The Answering Defendants admit the allegations of paragraphs 1 through 3.

4-5.    Paragraphs 4 through 5 contain statements as to which no response is required.

6.    The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7-8.    Paragraphs 7 through 8 contain statements as to which no response is required.

9.    To the extent that the allegations of paragraph 9 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 9 are directed to the Answering Defendants, the allegations are denied.

10.     The allegations of paragraph 10 are not directed to the Answering Defendants and therefore no response is required.

11.     To the extent that the allegations of paragraph 11 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 11 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf International GmbH is the parent of KPT, Wuhu and Dongguan.

12.     To the extent that the allegations of paragraph 12 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 12 are directed to the Answering Defendants, they are denied.

13.     To the extent that the allegations of paragraph 13 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 13 are directed to the Answering Defendants, they are denied.

14.     To the extent that the allegations of paragraph 14 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 14 are directed to the Answering Defendants, they are denied.

15.     To the extent that the allegations of paragraph 15 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 15 are directed to the Answering Defendants, they are denied.

16.     To the extent that the allegations of paragraph 16 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 16 are directed to the Answering Defendants, they are denied.

17.     To the extent that the allegations of paragraph 17 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 17 are directed to the Answering Defendants, they are denied.

18.     To the extent that the allegations of paragraph 18 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 18 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KPT, Wuhu, and Dongguan sold drywall that was imported by other companies into the United States.

19.     The Answering Defendants deny the allegations of paragraph 19, except admit that KPT is a foreign manufacturer and seller of gypsum drywall, and that KPT sold drywall that was imported by other companies into the United States.

20.     The Answering Defendants deny the allegations of paragraph 20, except admit that Wuhu is a foreign manufacturer and seller of gypsum drywall, and that Wuhu sold drywall that was imported by other companies into the United States.

21.     The Answering Defendants deny the allegations of paragraph 21, except admit that Dongguan is a foreign manufacturer and seller of gypsum drywall, and that Dongguan sold drywall that was imported by other companies into the United States.

22.     To the extent that the allegations of paragraph 22 are not directed to the Answering Defendants, no response is required.  To the extent that the allegations of paragraph 22 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Gips KG provides certain shared services to KPT, Wuhu and Dongguan.

23.     Paragraph 23 is not directed to the Answering Defendants and therefore no response is required.

24.     The Answering Defendants admit the allegations of paragraph 24.

25-27.  The Answering Defendants deny the allegations of paragraphs 25 through 27.

28.     The Answering Defendants deny the allegations of paragraph 28, except admit that the drywall functions according to its intended purpose as a building component.

29-30.  The Answering Defendants deny the allegations of paragraphs 29 through 30.

31.     The Answering Defendants deny the allegations of paragraph 31, except admit that Hans-Ulrich Hummel visited and took samples of drywall from Florida homes.

32-35.  The Answering Defendants deny the allegations of paragraphs 32 through 35.

36-40.  The allegations of paragraphs 36 through 40 state legal conclusions to which no response is required.  However, to the extent that paragraphs 36 through 40 contain factual allegations, the Answering Defendants deny the allegations, except admit that Plaintiffs purport to bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and 23(c)(4) of the Federal Rules of Civil Procedure.

41-44.  The allegations of paragraphs 41 through 44 state legal conclusions to which no response is required.  However, to the extent that paragraphs 41 through 44 contain factual allegations, the Answering Defendants deny the allegations.

45.     The allegations of paragraph 45 state a legal conclusion to which no response is required.  However, to the extent that paragraph 45 contains factual allegations, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

46-49. The allegations of paragraphs 46 through 49 state legal conclusions to which no response is required. However, to the extent that paragraphs 46 through 49 contain factual allegations, the Answering Defendants deny the allegations.

## COUNT I
## NEGLIGENCE

50.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 49 as if fully set forth herein.

51.     The allegations of paragraph 51 state a legal conclusion to which no response is required. However, to the extent that paragraph 51 contains factual allegations, the Answering Defendants deny the allegations.

52-57. The Answering Defendants deny the allegations of paragraphs 52 through 57.

## COUNT II
## NEGLIGENCE PER SE

58.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 57 as if fully set forth herein.

59.     The allegations of paragraph 59 state a legal conclusion to which no response is required. However, to the extent that paragraph 59 contains factual allegations, the Answering Defendants deny the allegations.

60-64. The Answering Defendants deny the allegations of paragraphs 60 through 64.

## COUNT III
## STRICT LIABILITY

65.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 64 as if fully set forth herein.

66.     The Answering Defendants deny the allegations of paragraph 66, except admit that they sell drywall.

67.     The Answering Defendants deny the allegations of paragraph 67, except deny knowledge or information sufficient to form a belief as to whether their drywall is installed in purported Class Members' homes.

68.     The Answering Defendants deny the allegations of paragraph 68.

69.     The Answering Defendants deny the allegations of paragraph 69, except deny knowledge or information sufficient to form a belief as to whether their drywall is installed in purported Class Members' homes.

70-72.  The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 70 through 72.

73-78.  The Answering Defendants deny the allegations of paragraphs 73 through 78.

79.     The Answering Defendants deny the allegations of paragraph 79, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding purported Class Members' awareness or perception.

80-82.  The Answering Defendants deny the allegations of paragraphs 80 through 82.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

83.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 82 as if fully set forth herein.

84-86.  The Answering Defendants deny the allegations of paragraphs 84 through 85.

87.     The Answering Defendants deny the allegations of paragraph 87, except admit that the drywall functions according to its intended purpose as a building component.

88-90.  The Answering Defendants deny the allegations of paragraphs 88 through 90.

**COUNT V**
**BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY**
**PURSUANT TO FLORIDA STATUTES SECTION 718.203**

91.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 90 as if fully set forth herein.

92-102.     Paragraphs 92 through 102 are not directed to the Answering Defendants and therefore no response is required.

**COUNT VI**
**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY**

103.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 102 as if fully set forth herein.

104-109.     Paragraphs 104 through 109 are not directed to the Answering Defendants and therefore no response is required.

**COUNT VII**
**BREACH OF CONTRACT**

110.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 109 as if fully set forth herein.

111-113.     Paragraphs 111 through 113 are not directed to the Answering Defendants and therefore no response is required.

**COUNT VIII**
**VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT**

114.     The Answering Defendants repeat and reallege their responses to paragraphs 1 through 113 as if fully set forth herein.

115-120.     Paragraphs 115 through 120 are not directed to the Answering Defendants and therefore no response is required.

7

## COUNT IX
## REDHIBITION

121.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 120 as if fully set forth herein.

122-129.    The Answering Defendants deny the allegations of paragraphs 122 through 129.

130.    Paragraph 130 is not directed to the Answering Defendants and therefore no response is required.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT

131.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 130 as if fully set forth herein.

132.    The Answering Defendants deny the allegations of paragraph 132.

133.    Paragraph 133 contains a statement as to which no response is required.

134-135.    The Answering Defendants deny the allegations of paragraphs 134 through 135, except admit that they made certain warranties to certain customers and refer to those warranties for their content.

136-144.    The Answering Defendants deny the allegations of paragraphs 136 through 144.

## COUNT XI
## PRIVATE NUISANCE

145.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through144 as if fully set forth herein.

146-151.    The Answering Defendants deny the allegations of paragraphs 146 through 151.

## COUNT XII
## UNJUST ENRICHMENT

152.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 151 as if fully set forth herein.

153-155.    The Answering Defendants deny the allegations of paragraphs 153 through 155.

## COUNT XIII
## VIOLATION OF CONSUMER PROTECTION ACTS

156.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 155 as if fully set forth herein.

157.    Paragraph 157 contains a statement as to which no response is required.

158-160.    The Answering Defendants deny the allegations of paragraphs 158 through 160.

## COUNT XIV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

161.    The Answering Defendants repeat and reallege their responses to paragraphs 1 through 160 as if fully set forth herein.

162-163.    The Answering Defendants deny the allegations of paragraphs 162 through 163.

164.    The Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraph 164.

165-173.    The Answering Defendants deny the allegations of paragraphs 165 through 173.

All allegations not specifically admitted are denied.

9

## DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

### SECOND DEFENSE

Plaintiffs have been misjoined.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

### SIXTH DEFENSE

The Answering Defendants did not make to Plaintiffs, nor did Answering Defendants breach, any express or implied warranties.

### SEVENTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice of any alleged breach to the Answering Defendants.

### EIGHTH DEFENSE

To the extent that Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

### NINTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Answering Defendants.

### TENTH DEFENSE

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

### ELEVENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Mississippi because, as provided by Miss. Code Ann. § 75-24-15(2), to bring a private action, a plaintiff must first have attempted to resolve the matter through an informal dispute resolution program approved the Attorney General, which Plaintiffs have not done.

### TWELFTH DEFENSE

Plaintiffs cannot recover on their claims under the Louisiana and Mississippi Consumer Protection Statutes because, under La. Rev. Stat. Ann. § 1409 and Miss. Code Ann. § 75-24-15(4), Plaintiffs may not bring a private action for actual damages in a representative capacity.

### THIRTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute, because class actions for money damages are prohibited under Ala. Code § 8-19-10(f).

### FOURTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute because venue is proper only in the county where the causes action for residents of that state accrued and/or where the defendant has a principal place of business or conducts business.

### FIFTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because Answering Defendants did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

### SIXTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because they failed to provide written notice to the Answering Defendants as required by Tex. Bus. & Com. Code § 17.505.

### SEVENTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not act with the "intent to deceive," as required by Tex. Bus. & Com. Code § 17.46.

### EIGHTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because Answering Defendants did not engage in any form of unfair, unconscionable or deceptive acts or practices to induce Plaintiffs, or any other person, to purchase drywall, as required by Tex. Bus. & Com. Code § 17.46.

### NINETEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Alabama because Answering Defendants did not act "knowingly," as required by Ala. Code §§ 8-19-3(4), -13.

### TWENTIETH DEFENSE

Answering Defendants did not engage in any intentional or negligent misconduct. However, to the extent that Plaintiffs assert claims for negligence, Plaintiffs cannot recover on their claims under the Consumer Protection Statutes of Florida, Fla. Stat. Ann. § 501.207(4) and Texas, Tex. Bus. & Com. Code § 17.506, which provide that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

### TWENTY-FIRST DEFENSE

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by the Answering Defendants in designing and formulating drywall and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### TWENTY-SECOND DEFENSE

Plaintiffs cannot recover on their claims because the benefits of the design of Answering Defendants' drywall outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### TWENTY-THIRD DEFENSE

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendants had no control.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

### TWENTY-FIFTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### TWENTY-SIXTH DEFENSE

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

### TWENTY-SEVENTH DEFENSE

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

### TWENTY-EIGHTH DEFENSE

The Answering Defendants breached no duty allegedly owed to the Plaintiffs.

### TWENTY-NINTH DEFENSE

The Answering Defendants deny, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

### THIRTIETH DEFENSE

The Answering Defendants did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

14

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims against an Answering Defendant are barred to the extent that Answering Defendant did not manufacture or market the drywall installed in their homes.

**THIRTY-SECOND DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**THIRTY-THIRD DEFENSE**

Plaintiffs' claims are barred because class actions are not recognized under the laws of and are contrary to the public policy of the Answering Defendants' home jurisdictions.

**THIRTY-FOURTH DEFENSE**

Plaintiffs' alleged damages were caused in whole or in part by the actions and/or inactions of others, including exporters, importers, suppliers, distributors, builders, contractors, installers and others in the supply chain.  Plaintiffs' alleged damages must be apportioned to all responsible parties in proportion to each of their relative faults in causing Plaintiffs' alleged damages.

**THIRTY-FIFTH DEFENSE**

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

**THIRTY-SIXTH DEFENSE**

Plaintiffs' claims for punitive damages fail to state a claim for relief.

### THIRTY-SEVENTH DEFENSE

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-EIGHTH DEFENSE

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws plaintiffs seek relief.

### THIRTY-NINTH DEFENSE

Answering Defendants give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendants request that the Complaint be dismissed with prejudice, and that the Answering Defendants  be awarded costs and fees incurred in this action.

Respectfully submitted,


By:  /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163

Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8485
Facsimile:  (212) 836-6485
Email:  sglickstein@kayescholer.com


Counsel for Defendants Knauf Plasterboard
(Tianjin) Co., Ltd, Knauf Plasterboard (Wuhu) Co.,
Ltd. and Guangdong Knauf New Building Material
Products Co., Ltd..

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer and Defenses of Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Guangdong Knauf New Building Material Products Co., Ltd. to Plaintiffs' Omnibus Class Action Complaint (XII) has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 17th day of October, 2011.

/s/ Kyle Spaulding