UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047<br>SECTION: L<br>JUDGE FALLON<br>MAGISTRATE WILKINSON |
| THIS DOCUMENT RELATES TO: | CASE NO.: 11-1363 |
| ROBERT W. BLOCK, III, individually, and on behalf of all others similarly situated v. GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT KG, ET AL. | |

_____/

## DEFENDANT, WILLIAMS-BROWN, INC.'S
## EX-PARTE MOTION TO SUPPLEMENT ITS MOTION TO DISMISS

Defendant, WILLIAMS-BROWN, INC., by and through its undersigned counsel moves this Honorable Court and files this, its Ex Parte Motion to Supplement its Motion to Dismiss and hereby states the following:

1. On October 4, 2011 undersigned counsel filed its Motion to Dismiss (Document No. 10835).

2. Undersigned counsel failed to attach its Memorandum of Law in Support of its Motion to Dismiss to the Motion to Dismiss as a supporting document.

3. Undersigned counsel would request the Honorable Court grant permission to WILLIAMS-BROWN to supplement its Motion to Dismiss. Attached hereto as Exhibit "A" is a proposed Order. The Memorandum of Law in Support of its Motion to Dismiss to the Motion to Dismiss is attached hereto as Exhibit "B".

WHEREFORE, premises considered WILLIAMS-BROWN, INC. prays for an Order supplementing its Motion to Dismiss by allowing its Memorandum of Law in Support of its Motion to Dismiss be filed and grants this motion for reasons stated as this Court deems just and proper.

Respectfully submitted,

FULMER LeROY ALBEE BAUMANN, P.L.C.
Attorneys for Defendant,
WILLIAMS-BROWN, INC.
2866 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
(954) 707-4430  phone
(954) 707-4431  fax


BY: /s/ *Gary F. Baumann*
      GARY F. BAUMANN
      Fla. Bar. No.: 089052

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 28, 2011, the foregoing Ex Parte Motion to Supplement Motion to Dismiss has been served upon all parties by electronically uploading same to Lexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.


BY: /s/ *Gary F. Baumann*
GARY F. BAUMANN

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED        MDL NO.: 2047
DRYWALL PRODUCTS LIABILITY         SECTION: L
LITIGATION                         JUDGE FALLON
                                   MAGISTRATE WILKINSON

THIS DOCUMENT RELATES TO:          CASE NO.: 11-1363

ROBERT W. BLOCK, III, individually, and on
behalf of all others similarly situated v. GEBRUEDER
KNAUF VERWALTUNGSGESELLSCHAFT KG, ET AL.

_____/

## ORDER

Upon consideration of the Ex Parte Motion to Supplement its Motion to Dismiss, filed herein by Defendant, WILLIAMS-BROWN, INC.;

IT IS HEREBY ORDERED that the Ex Parte Motion to Supplement its Motion to Dismiss be and the same is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant, WILLIAMS-BROWN, INC.'s, Memorandum of Law in Support of its Motion to Dismiss shall be deem filed.

New Orleans, Louisiana, this ____ day of _____, 2011.

_____
Eldon E. Fallon
United States District Court Judge



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED  　　　　　MDL NO.: 2047
DRYWALL PRODUCTS LIABILITY  　　　　　　SECTION: L
LITIGATION  　　　　　　　　　　　　　　JUDGE FALLON
　　　　　　　　　　　　　　　　　　　　MAGISTRATE WILKINSON

THIS DOCUMENT RELATES TO:  　　　　　　CASE NO.: 11-1363

ROBERT W. BLOCK, III, individually, and on
behalf of all others similarly situated v. GEBRUEDER
KNAUF VERWALTUNGSGESELLSCHAFT KG, ET AL.

_____/

### DEFENDANT, WILLIAMS-BROWN, INC.'S
### MEMORANDUM OF LAW IN SUPPORT OF ITS
### MOTION TO DISMISS

Defendant, WILLIAMS-BROWN, INC., by and through its undersigned counsel moves this Honorable Court for an Order dismissing Plaintiffs' Complaint and action against WILLIAMS BROWN for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12(b)(2) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), or alternatively, to transfer venue to the Southern District of Florida pursuant to 288 U.S.C. § 1406(a), and 288 U.S.C. § 1401.

Plaintiffs have filed their Complaint in the Eastern District of Louisiana, where, by June 15, 2009 Transfer Order of the Judicial panel of Multidistrict Litigation, other actions involving Chinese-manufactured drywall had previously been transferred only for pretrial proceedings pursuant to 28 U.S.C. § 1407.


DEFENDANT'S EXHIBIT B

## ARGUMENT

Contrary to Plaintiff's allegations, this court does not have personal jurisdiction over WILLIAMS BROWN, INC. When personal jurisdiction is challenged by the defendant, it is the plaintiff's burden to establish it. *See Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980). In the present matter, the plaintiff has failed to meet its burden to demonstrate that this Court has personal jurisdiction over WILLIAMS BROWN, INC. There are two well established jurisdictional analyses that may apply depending on the relationship between the defendant's contacts with the forum and the cause of action. When the cause of action arises out of the defendant's forum contacts, the court conducts a "specific" jurisdiction analysis. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). When the cause of action does not arise out of the defendant's forum contacts, the court must determine whether the defendant's forum contacts support the exercise of "general" jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984). "General jurisdiction" requires a higher level of contact with the forum to support jurisdiction over the defendant. In this case, this Court lacks personal jurisdiction under either analysis because WILLIAMS BROWN, INC. has absolutely no contacts with the forum State of Louisiana.

### I.   This Court May Not Assert Specific Jurisdiction.

In order to exercise specific jurisdiction over a nonresident defendant, two requirements must be met. "First, the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute. Second, the exercise of jurisdiction under this statute must comport with norms imposed by the due process clause of the fourteenth amendment." *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990); *see Ruston Gas Turbines, Inc. v.*

*Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993) (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

> Louisiana's long-arm statute provides in pertinent part:
>
> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident.
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> (5) having an interest in, using or possessing a real right on immovable property in this state.
>
> * * *
>
> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
>
> B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

La. R.S. § 13:3201. Thus, Louisiana's long-arm statute is effectively coextensive with the Fourteenth Amendment, and the jurisdictional inquiry turns on the constitutional analysis. *See Superior Supp. Co. v. Associated Pipe & Supp. Co.*, 515 So. 2d 790, 792 (La. 1987).

The Fourteenth Amendment's Due Process Clause was enacted to protect a defendant's interest by not being subject to the binding judgments of a forum in which he has no meaningful contacts. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002). A court may constitutionally assert personal jurisdiction over a nonresident defendant only when that defendant has such "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *accord Dalton*, 897 F.2d at 1361.

The Fifth Circuit has developed a three part test in order to determine whether jurisdiction is appropriate under the Due Process clause. *See Nuovo Pignone*, 310 F.3d at 378. First, the Court analyzes whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there. *Id.* Second, the appropriate inquiry is whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts. *Id.* Lastly, the Court must consider whether the exercise of personal jurisdiction is fair and reasonable. *Id.* Under this three-prong approach, this Court lacks personal jurisdiction over WILLIAMS BROWN, INC.

### A. **WILLIAMS BROWN, INC. Has Not Purposely Directed Business in Louisiana Nor Conducted Any Activities in Louisiana.**

To support an assertion of personal jurisdiction over WILLIAMS BROWN, INC., plaintiff must "identify some act whereby [WILLIAMS BROWN, INC.] 'purposefully avail[ed] itself of the privilege of conducting activities [in Louisiana], thus invoking the benefits and protections of its laws.'" *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469-70 (5th Cir.

2006); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The question for the Courts' Analysis is whether the defendant's forum contacts are such that *Luv n' Care, Ltd. v. Insta-Mix, Inc.* would "reasonably anticipate [] being haled into court" in Louisiana. *Luv n' Care*, 438 F.3d at 470; *World Wide Volkswagon*, 444 U.S. at 297.

However, WILLIAMS BROWN, INC. has no contacts with Louisiana, never considered it would be haled into court in Louisiana.

WILLIAMS BROWN, INC. has never installed drywall, contracted or subcontracted with businesses in Louisiana, conducted any business, sought to conduct any business, advertised, or in any way targeted its activities toward Louisiana. WILLIAMS BROWN, INC. has never been licensed or registered to do business in Louisiana, nor has WILLIAMS BROWN, INC. ever had any offices, headquarters or any other facilities, or employees in Louisiana. WILLIAMS BROWN, INC. does not have an agent for service of process in Louisiana. WILLIAMS BROWN, INC. does not have any bank accounts in Louisiana or own any property in Louisiana. WILLIAMS BROWN, INC. has never maintained a telephone line or kept a post office box or otherwise received mail in Louisiana.

Plaintiffs have failed to meet their burden of proof of demonstrating the kind of minimum contacts which support personal jurisdiction against WILLIAMS BROWN, INC. Thus, this motion to dismiss should be granted in favor of WILLIAMS BROWN, INC.

### B. Plaintiffs' Claims Do Not Arise Out of Any Contact Within the State of Louisiana.

The second prong of the inquiry under *Nuovo Pignone, SpA* is whether the plaintiff's cause of action arises from the defendant's contacts with the forum. *Nuovo Pignone, SpA*, at 378. As previously stated WILLIAMS BROWN, INC. has no contacts with the State of

Louisiana. Therefore, plaintiff's claims cannot arise from nonexistent contacts with the Forum State.

### C. Louisiana is Contrary to Traditional Notions of Fair Play and Substantial Justice.

The last prong of the jurisdictional inquiry under *Nuovo Pignone, SpA* is whether the court's exercise of jurisdiction would "offend traditional notions of fair play and substantial justice." *Nuovo Pignone, SpA*, 310 F.3d at 378. Here, plaintiff's assertion of personal jurisdiction over WILLIAMS BROWN, INC. would violate all notions of fair play and substantial justice. Wherefore, this Motion to Dismiss should be granted in favor of WILLIAMS BROWN, INC.

### II. Courts May Not Assert General Jurisdiction.

Since there is a complete lack of contact between WILLIAMS BROWN, INC. and the State of Louisiana, this Court also lacks general jurisdiction over WILLIAMS BROWN, INC. Where the plaintiff's cause of action does not arise from the defendant's contacts with the forum, due process permits the exercise of jurisdiction only when the defendant has "continuous and systematic contacts" with the forum. *Helicopteros Nacionales*, 466 U.S. at 414. "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and forum." *Olagues v. Lousharina*, 557 F. Supp. 2d 731, 738 (E.D. La. May 27, 2008). Here, the fact remains that WILLIAMS BROWN, INC. had zero contacts by the State of Louisiana.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, WILLIAMS BROWN, INC., respectfully

states that the undisputed facts establish that it did business wholly in the State of Florida and has no contacts with the State of Louisiana. WILLIAMS BROWN, INC. therefore respectfully states that there is no genuine issue of material fact as to the lack of personal jurisdiction, and that it is entitled to be dismissed from this action. For the foregoing reasons, WILLIAMS BROWN, INC. respectfully requests that this Honorable Court grant this Motion to Dismiss.

    Respectfully submitted,

    FULMER LeROY ALBEE BAUMANN, P.L.C.
    Attorneys for Defendant,
    WILLIAMS-BROWN, INC.
    2866 East Oakland Park Boulevard
    Fort Lauderdale, FL  33306
    (954) 707-4430  phone
    (954) 707-4431  fax

BY: /s/ *Gary F. Baumann*
    GARY F. BAUMANN
    Fla. Bar. No.: 089052

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2011, the foregoing Motion for Extension of Time to Submit Builder profile Form has been served upon all parties by electronically uploading same to Lexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

BY: /s/ *Gary F. Baumann*
GARY F. BAUMANN