UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURA HAYA, DANIEL HAYA AND IRENE HAYA, individually, behalf of all others, similarly situated, et al., | CASE NO.: 11-1077<br>SECT. L MAG. 2 |
| Plaintiffs, | |
| v. | |
| TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.; QINHUANGDAO TAISHAN BUILDING MATERIALS CO., LTD. A/K/A QINHUANG DAO TAISHAN BUILDING MATERIALS CO., LTD., et al., (Omni IX) | |
| Defendants. _____/ | |

### SHOMA DEVELOPMENT CORP.'S MOTION TO DISMISS WITH PREJUDICE THE CLAIMS BROUGHT AGAINST IT IN THE SECOND AMENDED HAYA OMNIBUS CLASS ACTION COMPLAINT (OMNI IX)

Defendant, Shoma Development Corp. ("Shoma Development"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss with prejudice all claims against Shoma Development in the Second Amended Haya Omnibus Class Action Complaint (Omni IX) brought by plaintiffs, **Sebastian Covos** ("Covos"), **Olga and Carlos Garrido** (the "Garridos"), **Daimarys Leon** ("Leon"), and **Giliam Villalobos** (Villalobos") (collectively, "Plaintiffs") for failure to state a claim upon which relief can be granted.

### INTRODUCTION AND BACKGROUND

In their rush to appoint blame for the allegedly defective drywall in their home, Plaintiffs have added Shoma Development to the hundreds of defendants named in the Second Amended

{20328712;3}

Haya Omnibus Class Action Complaint (Omni IX) (the "Omnibus Complaint"),[1] even though it is beyond dispute that Shoma Development had <u>nothing</u> to do with the development or construction of their homes, nor did it have any involvement with the manufacture, marketing, distribution, supply or installation of the allegedly defective drywall therein. Shoma Development, in other words, does not belong in this lawsuit and *should never have been named as a party herein*.

In a shotgun pleading that makes no effort to distinguish between Shoma Development and the entities actually responsible for the properties and drywall at issue, Plaintiffs have offered a laundry list of generic common law and statutory theories that mirror those of every other claimant in this lawsuit. Specifically, Plaintiffs allege the following eleven claims[2] against Shoma Development: Negligence (Count I, ¶¶ 41-48); Negligence Per Se (Count II, ¶¶ 49-55); Strict Liability (Count III, ¶¶ 56-73); Breach of Express and/or Implied Warranties (Count IV, ¶¶ 74-81); Breach of Implied Warranty of Fitness and Merchantability Pursuant to Florida Statutes Section 718.203 (Count V, ¶¶ 82-93); Breach of Implied Warranty of Habitability (Count VI, ¶¶ 94-100); Breach of Contract (Count VII, ¶¶ 101-104); Private Nuisance (Count XI, ¶¶ 136-

---

[1] This Motion and the attached Memorandum of Law cite to the Second Amended Omnibus Complaint as "Cmplt. ¶ __."

[2] There are fourteen Counts in the Omnibus Complaint, but only eleven of them arguably apply to the builder or developer of the properties (*again,* neither of which is Shoma Development). The three remaining Counts do not. Specifically, Count VIII applies to "Louisiana Builders Only," and no one disputes that Shoma Development resides in Florida. Cmplt. ¶¶ 105-111; Exh. B at ¶ 176 (page 22 of 33). Count IX ("Redhibition – by Louisiana Plaintiffs"), which requires a showing that the allegedly defective product—here, drywall—failed for its intended purpose, is barred by this Court's prior determination that the drywall is "serving its intended structural purpose." *See In re Chinese Manufactured Drywall Products Liability Litig.*, 680 F. Supp. 2d 780, 799 (E.D. La. 2010); *Benoit v. Ryan Chevrolet*, 428 So. 2d 489, 492 (La. App. 2d Cir. 1982). Moreover this claim does not apply because the claims are Florida – and not Louisiana – based. Finally, Count X (Louisiana Products Liability Act) applies solely to "Manufacturing" or "Distributor" Defendants, *see id.* at ¶¶ 122-135, whereas the Omnibus Complaint identifies (wrongly so) Shoma Development as a "Builder" Defendant, *see id.* Exh. B at ¶ 176 (page 2 of 33).

142); Unjust Enrichment (Count XII, ¶¶ 143-146); Violation of Florida's Deceptive and Unfair Trade Practices Act (Count XIII, ¶¶ 147-151); and Equitable and Injunctive Relief and Medical Monitoring (Count XIV, ¶¶ 152-164). Each of these claims is governed by and arises under the laws of Florida.[3] As detailed in the Memorandum of Law in support of this Motion filed concurrently herewith, every one of these claims should be dismissed as fatally defective pursuant to Rule 12(b)(6) and Florida law. Indeed, as set forth in the Memorandum of Law, Florida courts considering "Chinese-manufactured drywall" claims have already begun dismissing some of the very same causes of action that the Plaintiffs are asserting against Shoma Development in this lawsuit.

WHEREFORE, for the reasons set forth above and in the accompanying memorandum of law in support, Defendant Shoma Development Corp. respectfully requests that the Court enter an order dismissing the claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6), and awarding Shoma Development its fees in defending this action against the Plaintiffs pursuant to Florida's Deceptive and Unfair Trade Practices Act.

---

[3] Because Plaintiffs filed their claims against Shoma Development directly in the Eastern District of Louisiana, this Court should apply the choice-of-law rules of Louisiana. *See Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 n.6 (5th Cir. 1981). Under Louisiana's choice-of-law rules, Florida has, by far, the most significant relationship with the dispute. Plaintiffs' alleged drywall injuries occurred in Florida, the subject property is located in Florida, and Shoma Development is a Florida corporation having its principal place of business in Florida. *See* Cmplt. Exh. A at ¶¶ 672, 695, 717, 770 (pp. 71, 73, 75 and 80 of 98); Exh. B at ¶ 176 (page 22 of 33); *Gulf States Utilities Co. v. NEI Peebles Elec. Prods., Inc.*, 819 F. Supp. 538, 552-53 (M.D. La. 1993) (discussing Louisiana choice of law factors and statutes). Florida substantive law therefore governs each of Plaintiffs' claims against Shoma Development.

Dated: October 31, 2011

Respectfully submitted,

**AKERMAN SENTERFITT**

BY: /s/ Stacy Bercun Bohm
Stacy Bercun Bohm (Fla. Bar No. 022462)
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301-2229
Telephone: (954) 463-2700
Telecopier: (954) 463-2224
Email: stacy.bohm@akerman.com
*Attorneys for Shoma Development Corp*

*- and –*

**SHOMA DEVELOPMENT CORP.**

BY: /s/ Frank Silva
Frank Silva (Fla. Bar No.925888)
3470 N.W. 82nd Avenue Suite 988
Miami, Florida 33122
Telephone: (786) 437-8674
Telecopier: (786) 437-8606
Email: fsilva@shomagroup.com
*In-House Counsel for Shoma Development Corp .*

{20328712;3}

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that the foregoing *Shoma Development Corp.'s Motion to Dismiss With Prejudice the Claims Brought Against it in the Second Amended Haya Class Action Complaint (Omni IX)* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA 70163 (kmiller@frilot.com), by U.S. Mail and e-mail <u>or</u> by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this <u>31st</u> day of October, 2011.

                        /s/ Stacy Bercun Bohm