UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. THIS DOCUMENT RELATES TO ALL CASES | : | |

## ORDER & REASONS

Before the Court is defendants Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.'s (collectively "Taishan") Motion for Reconsideration of the Court's September 9, 2011 Order & Reasons Concerning Personal Jurisdiction Discovery (R. Doc. 10799). For the following reasons, IT IS ORDERED that this Motion is DENIED.

## I.   BACKGROUND

The relevant background is found in the Court's Order & Reasons of September 9, 2011. *See* (R. Doc. 10174, pp. 1-8). This Order & Reasons in part directed Taishan to produce certain documents and information in the possession of one of its affiliated corporations, Beijing New Building Materials ("BNBM"). *See id.* at p. 25. This directive and the basis therefor is at issue in the present Motion.

## II.   PRESENT MOTION

### A.   Taishan

Taishan's Motion seeks reconsideration of the Court's findings in its September 9, 2011 Order & Reasons that,

1

    1.        The Plaintiffs' Steering Committee ("PSC") was entitled to obtain discovery regarding TG's [Taishan Gypsum Co., Ltd.] relationship between Beijing New Building Materials ("BNBM") [and other entities upstream and downstream to BNBM] because the PSC had alleged with "reasonable [sic] particularly" the possible existence of facts sufficient to impute BNBM's forum contacts, if any, to TG; and

    2.        TG has sufficient "control" over certain documents created and possessed by BNBM and must produce them to the PSC.  (R. Doc. 10799-1, pp. 1-2).

More specifically, Taishan challenges three of the bases the Court put forth in issuing these rulings, particularly: "(1) BNBM and the "Taishan entities" have a joint venture; (2) BNBM had oversight responsibility for the Taishan entities; and (3) BNBM participated in the Taishan entities' Chinese drywall transactions at issue in the litigation." *Id.*  Taishan argues that the Questioners, as the parties seeking discovery, failed to present factual allegations which suggest with reasonable particularity the possible existence of these relevant contacts, and those for which they did, do not entitle the Questioners to the requested discovery.  Relatedly, Taishan argues that the evidence does not demonstrate that TG has control over the documents created and maintained by BNBM.

    **B.**    **Questioners**

The Questioners filed a Response in opposition to Taishan's Motion.  (R. Doc. 10803). They argue that the Court has already considered the facts and law in reaching the challenged rulings, and thus, Taishan's Motion is an improper attempt to relitigate these issues.  With regard to the arguments raised by Taishan, the Questioners respond: (1) the responsibilities of a supervisor in China's Company Law is broad, including examining the financial affairs of the company and supervising the acts of directors and senior managers; (2) BNBM's own prospectus sets for its measures for management and control of subsidies; and (3) Mr. Jia is not a layman,

but rather a director and deputy general manager of BNBM and chairman and general manager of TG.  Finally, the Questioners note that the issue in the previous motion was the right to discovery, not the ultimate question of jurisdiction.

### III.    LAW & ANALYSIS

#### A.    Standard of Review

Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b).  *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).  Rule 59(e) governs when the motion is filed within 28 days of the challenged order.  *See* Fed. R. Civ. P. 59(e).  Because Taishan's Motion seeks reconsideration of the Court's Order & Reasons of September 9, 2011, and was filed within 28 days of entry of this Order, the Court treats the Motion as one pursuant to Rule 59(e).

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)(citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence.  *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 1667, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).  "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).  In the Fifth Circuit, altering, amending, or

reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that...simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### B.  The PSC's Entitlement to Personal Jurisdiction Discovery

Taishan's first argument is that the Court erred in holding the PSC is entitled to discovery regarding its relationship with BNBM and related entities because the PSC failed to allege with reasonable particularity the possible existence of facts sufficient to impute BNBM's forum contacts to Taishan. Taishan takes issue with three of the bases the Court put forth for its conclusion that the PSC was entitled to limited jurisdictional discovery: (1) BNBM participated in the transaction at issue in the litigation, (2) BNBM and TG are a joint venture, and (3) BNBM had oversight responsibility for TG.

Just as it did it with its briefing and arguments in the original motion, Taishan improperly focuses on the test for imputing one corporation's forum contacts to an affiliated corporation for personal jurisdiction purposes. *See* (R. Doc. 10799-1, p. 3). As the Court noted in its Order & Reasons, the focus of the previous motion was whether further personal jurisdiction discovery is appropriate, not whether there currently exists sufficient evidence of personal jurisdiction. *See*

4

(R. Doc. 10269).

Additionally, Taishan faults the Court for failure to cite *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983), but fails to note that the more recent Fifth Circuit jurisprudence cited by the Court directly relies upon *Hargrave*. *See DP Solutions, Inc. v. Rollins, Inc.*, 34 Fed. App'x 150, at *4 (5th Cir. 2002).

With regard to Taishan's arguments pertaining to personal jurisdiction discovery, the Court notes that "[w]hen the defendant disputes the factual bases for jurisdiction..., the court may receive interrogatories, depositions, or 'any combination of the recognized methods of discovery' to help it resolve the jurisdictional issue. The court has *discretion* as to the type and amount of discovery to allow." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008)(emphasis added). Contrary to Taishan's characterization, the PSC was not required to allege with reasonable particularity the possible existence of personal jurisdiction contacts (though the Court found it did); rather, the relevant jurisprudence on this issue recognizes the Court's broad discretion in discovery matters and provides guidance for when personal jurisdiction discovery may or may not be appropriate. *See Blessey Marine Servs., Inc. v. Jeffboat*, LLC, 2011 WL 651999, at *5 (E.D. La. Feb. 10, 2011)(discussing when a district court "may" or "should" allow or disallow personal jurisdiction discovery). The Court has already determined that the further personal jurisdiction discovery requested by the PSC is appropriate and the present Motion does not alter or change this conclusion.

### C. Taishan's Obligation to Produce BNBM's Documents

Taishan's second argument is that the Court erred in holding that Taishan has sufficient control over BNBM, requiring it to produce the documents in the possession of BNBM. As with

its first argument, Taishan takes issue with the same three bases the Court put forth for its conclusion that Taishan has sufficient "control" to require it to produce the requested discovery in the possession of BNBM: (1) BNBM participated in the transaction at issue in the litigation, (2) BNBM and TG are a joint venture, and (3) BNBM had oversight responsibility for TG.

The Order & Reasons of September 9, 2011, set out a number of factors courts consider in determining whether one corporation has sufficient "control" over another affiliated corporation, requiring the former to produce discovery in the possession of the latter. *See* (R. Doc. 10269, p. 25). These factors are: "(a) commonality of ownership, (b) exchange or intermingling of directors, officers or employees of the two corporations, (c) exchange of documents between the corporations in the ordinary course of business, (d) any benefit or involvement of the nonparty corporation in the transaction, and (e) involvement of the non-party corporation in the litigation." *Shell Global Solutions (US) Inc. v. RMS Eng'g, Inc*., 2011 WL 3418396, at *2 (S.D. Tex. Aug. 3, 2011)(citing *Super Film of Am., Inc. v. UCB Films, Inc*., 219 F.R.D. 649, 655 (D. Kan. 2004)).

Taishan does not dispute that the PSC has alleged (1) commonality of ownership, and (2) sharing officers and directors, *see* (R. Doc. 10799-1, p. 7), but argues these allegations on their own are insufficient to satisfy the "control" test. Thus, the Court focuses its attention on the remaining factors. First, with regard to "involvement of the non-party corporation in the litigation" the Court notes that BNBM's involvement is actually as a party in the litigation, but as a defaulted party, and this default is the reason the Questioners are seeking discovery in the possession of BNBM from Taishan. With regard to "involvement of the nonparty corporation in the transaction," assuming Taishan is correct that the emails cited by the Questioners do not

demonstrate any involvement by BNBM, the Questioners have also cited a Press Release by the United States Consumer Product Safety Commission on May 25, 2010, which lists BNBM as a supplier of defective Chinese drywall in the United States in 2009. *See* (R. Doc. 10174, p. 18, n. 16). Finally, turning to exchange of documents, the Court agrees with Taishan there has been no showing by the Questioners of such. However, based upon the totality of the factors, the Court finds, as it did previously, that Taishan possesses sufficient control over BNBM to require Taishan to produce documents in the possession of BNBM.

## IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Taishan's Motion for Reconsideration of the Court's September 9, 2011 Order & Reasons Concerning Personal Jurisdiction Discovery (R. Doc. 10799) is DENIED.

New Orleans, Louisiana this 9th day of November 2011.

_____
U.S. District Judge