UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO: WENDY LEE HOBBIE, ET. AL. v. RCR HOLDINGS II, LLC, ET. AL.<br><br>CASE No. 2:10-cv-1113 (E.D.LA.) | MDL CASE NO.: 2047<br><br>SECTION: L<br><br>Honorable Eldon E. Fallon<br><br>MAG: JUDGE WILKINSON |

_____/

**MOTION TO POSTPONE HEARING ON ARCH INSRUANCE COMPANY'S MOTION TO DISMISS THIRD-PARTY COMPLAINT OF RCR HOLDINGS, LLC, OR ALTERNATIVELY TO TRANSFER VENUE**

Third-Party Defendant ARCH INSURANCE COMPANY ("ARCH"), pursuant to Rule 16, Fed.R.Civ.P. and Local Rule 7, hereby files its Motion to Postpone Hearing on ARCH's Motion to Dismiss Third-Party Complaint of RCR Holdings, LLC ("RCR") or Alternatively to Transfer Venue, and in support shows the Court as follows:

1.  This Court has scheduled a hearing on ARCH's Motion to Dismiss far in advance of any other "threshold" motion in the case, which is inconsistent with the treatment that the Court has given threshold motion filed by the other parties in the Court's Scheduling Order.

2.  In fact, RCR itself has asserted threshold motions based on lack of personal jurisdiction. RCR has also asserted that all proceedings in this case should be stayed. Given that the resolution of RCR's threshold motions would render RCR's Third-Party Complaint against

1

MDL No. 2047
Case No. 2:10-cv-1113

ARCH a nullity, or require a stay of proceedings on the Third-Party Complaint, ARCH's Motion should not even be heard until after the Court resolves RCR's pending motions.

3. In addition, Coastal Construction has filed a motion to dismiss RCR's claims based on lack of personal jurisdiction, and Coastal has also filed a motion to remand this case. If Coastal's motions are granted, then the case against ARCH should also be remanded. Dismissal or remand would either render the Third-Party Complaint moot, or send the case back to the state court for resolution of ARCH's Motion to Dismiss.

3. There is no basis for treating ARCH differently from the other defendants, and accelerating proceedings against ARCH. This must be particularly true in light of RCR's and Coastal's pending threshold motions to dismiss, remand, or stay this action.

WHEREFORE, ARCH prays that this Court schedule argument on ARCH'S Motion to Dismiss in accordance with the treatment given to the other parties in this matter, and conduct such a hearing only after resolving RCR's Motion to Dismiss, RCR's Motion to Stay, Coastal's Motion to Dismiss, and Coastal's Motion to Remand.

ETCHEVERRY HARRISON LLP
Attorneys for Arch Insurance Company
150 South Pine Island Road
Suite 105
Fort Lauderdale, Florida 33324
Telephone:    (954) 370-1681
Facsimile:     (954) 370-1682


By:    /s/ Edward Etcheverry_____
        Edward Etcheverry
        Fla. Bar No. 856517
        Guy Harrison
        Fla. Bar No. 368806

2

MDL No. 2047
Case No. 2:10-cv-1113

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email <u>or</u> hand delivery and email <u>and</u> upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 11th day of November, 2011.

**ETCHEVERRY HARRISON LLP**
Attorneys for Arch Insurance Company
150 South Pine Island Road
Suite 105
Fort Lauderdale, Florida 33324
Telephone:   (954) 370-1681
Facsimile:   (954) 370-1682

By:   /s/ Edward Etcheverry_____
Edward Etcheverry
Fla. Bar No. 856517
Guy Harrison
Fla. Bar No. 368806

3