UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL CASE NO.: 2047<br><br>SECTION: L<br><br>Honorable Eldon E. Fallon<br><br>MAG: JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: WENDY LEE HOBBIE, ET. AL. v. RCR HOLDINGS II, LLC, ET. AL.<br><br>CASE No. 2:10-cv-1113 (E.D.LA.) | |

_____/

**ARCH INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RE-SCHEDULE HEARING ON ARCH'S MOTION TO DISMISS**

Third-Party Defendant ARCH INSURANCE COMPANY ("ARCH"), pursuant to Rule 16, Fed.R.Civ.P. and Local Rule 7, hereby files its Memorandum in Support of Motion to Postpone Hearing on ARCH's Motion to Dismiss Third-Party Complaint of RCR Holdings, LLC ("RCR") or Alternatively to Transfer Venue, and in support shows the Court as follows:

**PROCEDURALBACKGROUND**

**I.    RCR'S HAS FILDED MOTIONS TO DISMISS AND TO STAY PROCEEDINGS.**

1.    On or about April 15, 2010, RCR filed its *Motion to Dismiss or, in the alternative, to Stay* (**D.E. 2507**) the litigation. RCR's *Motion* essentially argues dismissal based on this Court's lack of personal jurisdiction and/or alternatively that the litigation should be stayed pending Plaintiffs' compliance with the cure/notice requirements set forth under Chapter 558 of the Florida States. To date, said *Motion* has not been set to be heard by this Court.

1

2. On or about April 23, 2010, RCR filed its *Amended Superceding Motion to Dismiss, or in the alternative, to Stay* (**D.E. 2706**) this litigation, which also argues dismissal for lack of personal jurisdiction and/or requests a stay pursuant to Chapter 558 of the Florida Statutes.

## II. COASTAL CONSTRUCION, THE PRINCIPAL ON ARCH'S BOND, HAS ALSO FILED MOTIONS TO DISMISS THIS ACTION.

3. On or about December 1, 2010, Coastal Construction of South Florida ("Coastal") filed its *Motion to Dismiss with Prejudice, or in the alternative, Remand to the Court of Origin the Claims of the Tag-Along to the Wiltz Omnibus Class Action Complaint as a Tag-along Case*. (**D.E. 3499**)  Coastal also argued lack of personal jurisdiction, as well as failure to state a cause of action.

4. Both RCR's and Coastal's respective Motions argue threshold legal issues.

## III. THIS COURT HAS ISSUED A SCHEDULING ORDER REGARDING THRESHOLD MOTIONS, AND RULED THAT ARCH BE TREATED THE SAME AS ALL THE OTHER PARTIES FILING SUCH MOTIONS.

5. On June 14, 2011, ARCH was served with RCR Holdings II, LLC's ("RCR") *Third Party Complaint*. (**D.E. 8720**)

6. On July 15, 2011, this Court executed the Scheduling Order, which imposed certain discovery and motion practice deadlines upon the parties for discovery and motion practice as to dispositive "threshold" motions by January, 2012.  The Scheduling Order included requirements as to ARCH that were not imposed upon the remaining Defendants.

7. On August 3, 2011, ARCH filed its *Motion to Dismiss Third Party Complaint by RCR* (**D.E. 9978**) and *Memorandum in Support* of same (**D.E. 9978-1**).  ARCH'S *Motion* argues

threshold legal issues - i.e. jurisdiction, venue, etc. – and asserts that ARCH, in addition to its own separate defenses, enjoys the same defenses as can be or has been asserted by its principal, Coastal.

8. As the Scheduling Order was executed prior to ARCH's appearance in this matter, on August 10, 2011, ARCH filed a *Motion to Modify the Scheduling Order* requesting that ARCH be treated like the other parties in this case, and that discovery and motion practice be limited to the jurisdictional, legal and venue defenses.

9. On October 12, 2011, the Court subsequently issued an Order clarifying the *Scheduling Order* and ruling that discovery be limited only to threshold issues and that ARCH be treated the same way as the other parties who have filed such motions. **(D.E. 10814)**

10. However, the Court also scheduled Arch's *Motion to Dismiss* for hearing with oral argument following the monthly status conference on November 10, 2011. **(D.E. 10814).**[1] The Court did not set any other motions for hearing.

## ARGUMENT

ARCH requests that the hearing on its *Motion to Dismiss* be postponed and be heard contemporaneously with *or subsequent to* Coastal's and RCR's respective *Motions to Dismiss*. RCR's claims against ARCH present a claim for indemnification should RCR be found liable to the Class Action Plaintiffs. Therefore, should the Court rule in favor of RCR's *Motion to Dismiss*, RCR's third-party Complaint (and Arch's *Motion to Dismiss*) would be rendered moot. Similarly, should this action be stayed as between the Plaintiffs and RCR pursuant to Chapter

---

[1] The Court subsequently rescheduled the monthly status conference to occur November 17, 2011.

3

MDL No. 2047<br>Case No.  2:10-cv-1113

558 of the Florida Statutes, there is no basis for proceeding to litigate the Third-Party Complaint or addressing ARCH's Motion to Dismiss until such as stay is lifted.

Similarly, if the claims against COASTAL are either dismissed or remanded to state court, the claims against ARCH would likewise be remanded or transferred.  As a result, ARCH's Motion would become moot, because ARCH is seeking similar relief.  ARCH's Motion should be considered in conjunction with COASTAL's Motion, on a fully developed record, as contemplated by this Court's Scheduling order.  Again, there is no reason to accelerate the hearing on ARCH's Motion, and there is a risk the Court might proceed without the benefit of all parties' legal and factual positions, or even issue rulings as to ARCH that might affect the rights of other parties.

WHEREFORE, ARCH prays that this Court's postpone the hearing on ARCH's *Motion to Postpone Hearing on ARCH's Motion to Dismiss Third-Party Complaint of RCR Holdings, LLC ("RCR") or Alternatively to Transfer Venue*.

**ETCHEVERRY HARRISON LLP**
Attorneys for Arch Insurance Company
150 South Pine Island Road
Suite 105
Fort Lauderdale, Florida 33324
Telephone:     (954) 370-1681
Facsimile:      (954) 370-1682


By:      /s/ Edward Etcheverry
            Edward Etcheverry
            Fla. Bar No. 856517
            Guy Harrison
            Fla. Bar No. 368806

MDL No. 2047<br>
Case No. 2:10-cv-1113

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email <u>or</u> hand delivery and email <u>and</u> upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 11th day of November, 2011.

**ETCHEVERRY HARRISON LLP**
Attorneys for Arch Insurance Company
150 South Pine Island Road
Suite 105
Fort Lauderdale, Florida 33324
Telephone: (954) 370-1681
Facsimile: (954) 370-1682

By: /s/ Edward Etcheverry
Edward Etcheverry
Fla. Bar No. 856517
Guy Harrison
Fla. Bar No. 368806