IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | * * * | MDL DOCKET NO.: 2047 |
| | * | SECTION: "L" |
| THIS DOCUMENT RELATES TO: Payton, et al. v. Knauf Gips KG, et al. | * * * | |
| CASE NO. 2:09cv-07628 | * * | JUDGE FALLON MAG. JUDGE WILKINSON |

*************************************************

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL WITHOUT SUBSTITUTION

COME NOW, Jeremy D. Bertsch, Esquire and the firm of Sellars, Marion & Bachi, P.A., attorneys of record for Defendant, Al Brothers, Inc., and file this Memorandum of Law in Support of the Motion to Withdraw as Counsel for the Defendant, Al Brothers, Inc.:

1. Local Civil Rule 83.2.11 of the United States District Court for the Eastern District of Louisiana states:

   > The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute or upon a written motion served on opposing counsel and the client. If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone. The motion must be accompanied by a certified of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made. (Emphasis added).

2. The Motion to Withdraw filed by the undersigned complies with all of the requirements of the Local Rule and should be granted. See *Bryson v. State Farm and Casualty Insurance Company*, 2011 WL 1557949 4 (2011 E.D.La.).

3.  In considering a Motion to Withdraw, the Court should consider the prejudice the withdrawal of counsel can cause to other litigants and the administration of justice, and the degree to which withdrawal would delay the resolution of the case. *Zurich American Insurance Company v. Harken*, 1999 WL 307612 (1999 E.D.La.); *see also American Economy Insurance Company v. Herrera*, 2007 WL 3276326 (2007 S.D.Cal.).

4.  In the present case, the litigation is still in the initial stages, and the rights of all installers are represented by the Installers' Liaison Counsel. Therefore, the effect of counsel's withdrawal would be minimal, and should not prevent the granting of counsel's Motion to Withdraw.

WHEREFORE, the undersigned respectfully requests that the Court grant the Motion to Withdrawal as Counsel for Defendant in the above case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL WITHOUT SUBSTITUTION has been served by certified and regular mail, and by fax and email upon Al Brothers, Inc., c/o Al Jostes, 919 Charlotte Street, Lombard, IL 60148, and on Plaintiffs' Liaison Counsel, Russ Herman (drywall@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller (kmiller@frilot.com), by U.S. Mail, email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the USDC for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of November, 2011.

SELLARS, MARION & BACHI, P.A.

By: /s/ Jeremy D. Bertsch
Florida Bar No.: 0043308
811 North Olive Avenue
West Palm Beach, FL 33401
Telephone: (561) 655-8111
Facsimile: (561) 655-4994