UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Payton, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-07628 (E.D.La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.*, Case No. 2:10-cv-00361 (E.D.La.)<br><br>*Gross, et al. v. Knauf Gips KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.)<br><br>*Rogers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.)<br><br>*Abel, et. al. v. Taishan Gypsum Co., Ltd.., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-080 (E.D.La.)<br><br>*Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG,* Case No. 2:11-cv-252 (E.D.La.)<br><br>*Haya, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 11-cv-1077 (E.D.La.)<br><br>*Block, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*, Case No. 11-cv-1363 (E.D.La.) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF OMNIBUS MOTION FOR PRELIMINARY DEFAULT JUDGMENT**

I.   **INTRODUCTION**

As the Court is well aware, the Plaintiffs' Steering Committee ("PSC") has filed numerous omnibus class action complaints against the manufacturers and other parties

responsible for the defective Chinese manufactured drywall that was installed in the homes of the plaintiffs in this litigation. Shortly after filing each of these complaints, the PSC commenced serving the named defendants with these pleadings. Many of the defendants who have been served with the omnibus class action complaints have failed to enter an appearance, answer, or otherwise respond to the applicable complaint. As to these defaulting defendants [hereafter the "Defaulting Defendants"], Plaintiffs request that the Court enter preliminary default judgment against each of them in favor of the plaintiffs and class members who are aligned with these defendants.

## II.   FACTS

The PSC has filed omnibus class action complaints during the course of this litigation in order to streamline plaintiffs onto consolidated complaints that are organized by the manufacturing defendants responsible for the defective drywall in the plaintiffs' homes. In addition to asserting claims against manufacturing defendants, these omnibus complaints are also designed as a vehicle for plaintiffs to bring claims against the non-manufacturing defendants in the stream of distribution of the defective drywall in their homes. The pertinent omnibus complaints at issue in Plaintiffs' motion for entry of preliminary default judgment are:

1. *Payton, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-07628 (E.D.La.) (Omni I) (involving claims against the Knauf defendants);

2. *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.*, Case No. 2:10-cv-00361 (E.D.La.) (Omni II) (involving claims against non-Knauf manufacturers such as Taishan and BNBM);

3. *Gross, et al. v. Knauf Gips KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.) (Omni III) (asserting alternative liability theory against all known manufacturers for drywall that cannot be traced to a particular manufacturer);

4. *Rogers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.) (Omni IV) (involving claims against the Knauf defendants);

5. *Abel, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co.,*

   *Ltd., et. al.*, Case No. 2:11-cv-080 (E.D.La.) (Omni VII) (involving claims against Taishan and related entities);

6. *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*, Case No. 2:11-cv-00252 (E.D.La.) (Omni VIII)(involving claims against the Knauf defendants);

7. *Haya, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No.: 11-cv-1077 (E.D.La.) (Omni IX)(involving claims against the Taishan defendants); and

8. *Block, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*, Case No.: 11-cv-1363 (E.D.La.) (Omni X)(involving claims against the Knauf defendants).

Since the filing of each of the above omnibus class action complaints, Plaintiffs received notice that service of process was perfected on many of the named defendants who are now in default. For each of the omnibus class action complaints at issue in the instant motion, the Defaulting Defendants are as follows:

1. With respect to the proceedings in *Payton*, the defaulting defendants are set forth in Exhibit "A" to Plaintiffs' motion;

2. With respect to the proceedings in *Wiltz*, the defaulting defendants are set forth in Exhibit "B" to Plaintiffs' motion;

3. With respect to the proceedings in *Gross*, the defaulting defendants are set forth in Exhibit "C" to Plaintiffs' motion;

4. With respect to the proceedings in *Rogers*, the defaulting defendants are set forth in Exhibit "D" to Plaintiffs' motion;

5. With respect to the proceedings in *Abel*, the defaulting defendants are set forth in Exhibit "E" to Plaintiffs' motion;

6. With respect to the proceedings in *Abreu*, the defaulting defendants are set forth in Exhibit "F" to Plaintiffs' motion;

7. With respect to the proceedings in *Haya*, the defaulting defendants are set forth in

Exhibit "G" to Plaintiffs' motion; and

8. With respect to the proceedings in *Block*, the defaulting defendants are set forth in Exhibit "H" to Plaintiffs' motion.

*See* Levin Declaration, Exhibit "I".

As of the filing of Plaintiffs' motion for entry of preliminary default judgment, none of the Defaulting Defendants have entered an appearance, filed an answer, or otherwise responded to the applicable complaint.

## III. ARGUMENT

The entry of a default judgment is governed by Fed.R.Civ.Proc. 55, which states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default...
>
> [In cases where the plaintiff's claim is for a sum that is not certain and cannot be made certain by computation], the party must apply to the court for a default judgment...If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing...

*See* Fed.Rule.Civ.Proc. 55.

This Court has publically warned defendants that their counsel must enter an appearance on their behalf within twenty (20) days of service of the complaint or risk being held in default:

> IT IS ORDERED that Pretrial Order #1, Paragraph 8 regarding EXTENSION AND STAY be and is hereby MODIFIED to reflect that those who have been served and who have not made an appearance will be subject to default. The Court instructed the parties to file a motion for default in cases involving parties who have been served but who have not made an appearance, before the next status conference.

*See* Minute Entry dated August 11, 2009, p.3 [Document # 165]. *See also* Pretrial Order

("PTO") No. 1G (clarifying that counsel must enter an appearance within twenty (20) days after service of a complaint on their client) [Document # 3348].[1]

Here, Plaintiffs received documentation reflecting service of process of the applicable pleading on each of the Defaulting Defendants which documentation has been filed with the Court. *See* Levin Declaration, Exhibit "I". As of this date, none of the Defaulting Defendants have entered an appearance or filed a responsive pleading notwithstanding the Court's instruction that they must enter an appearance within 20 days of service of process or risk being held in default. Accordingly, the Defaulting Defendants have failed to respond to Plaintiffs' omnibus complaints or otherwise defend themselves as set forth in Exhibits "A" through "H". As the Fifth Circuit has explained, mere acceptance of service does not constitute an appearance for purposes of Fed.R.Civ.Proc. 55(b)(2). *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Thus, plaintiffs need not notify the Defaulting Defendants of the present motion for entry of preliminary default judgment.

The Defaulting Defendants have proffered no excuse for their failure to respond to Plaintiffs' omnibus complaint. Accordingly, by the plain language of Fed.Rules Civ. Proc. 55, Plaintiffs and the class they seek to represent are entitled to the entry of default and preliminary default judgment against the Defaulting Defendants with whom they are aligned.

With respect to the proceedings in *Payton*, *Wiltz*, *Gross*, and *Rogers*, the plaintiffs participating in the intervention complaints are also entitled to preliminary default judgment

---

[1] Pursuant to Fed.Rule Civ. Proc. 12, a defendant must serve an answer within 20 days after being served with the summons and complaint. *See* Fed.R.Civ.Proc. 12(a)(1)(A)(I). PTO No. 1G is designed to relax the burden on defendants by allowing them to avoid default by entering an appearance within 20 days of service of process.

against the Defaulting Defendants with whom they are aligned.[2] These plaintiffs are entitled to preliminary default judgement since they are members of the classes that are alleged against the Defaulting Defendants in the initiating omnibus complaints as originally filed. In addition, service of the intervention complaints has been attempted or perfected on each of the Defaulting Defendants.[3] *See* Levin Declaration, Exhibit "I". As a result of Plaintiffs' efforts to perfect service of process, the overwhelming majority of the Defaulting Defendants have been served with the intervention complaints. None of these defendants have entered an appearance, answered the intervention complaint at issue or the initiating omnibus complaint, or otherwise defended themselves within the period contemplated by Fed.Rule Civ. Proc. 12. Therefore, the plaintiffs participating in the intervention complaints are likewise entitled to preliminary default judgment against the Defaulting Defendants since these defendants are in default after being served with the initiating complaint and/or the intervention complaints.

## IV.   CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' omnibus motion for preliminary default judgment.

---

[2] The intervention complaints in the *Payton* were filed by Phillip Kennedy and Lyzet Machado-Kennedy (Omnibus I(A) - document 5578), Benjamin and Jennifer Abt (Omnibus I(B) - document # 6563), and Bonnie and John H. Adams, III (Omnibus I(C) - document # 7181). The intervention complaints in *Wiltz* were filed by Kenneth and Cynthia Burke (Omnibus II(A) - document # 5579), Eduardo and Carmen Armorin (Omnibus II(B) - document # 6567), and Clifford Abromatts and Janice Worobec (Omnibus II(C) - document # 7182). The intervention complaints in *Gross* were filed by Mary Anne Benes (Omnibus III - document # 2187) and Ruben Jaen (Omnibus III(A) - document # 5580). The intervention complaints in *Rogers* were filed by Kathleen and Mariss Barbee (Omnibus IV(A) - document 5575), Roxanne Burey (Omnibus IV(B) - document # 6568), and Alfons and Dawn Bucaj (Omnibus IV(C) - document # 7178).

[3] Service of the intervention complaints on the foreign defendants has been attempted or perfected under the Hague Convention.

Respectfully submitted,

Dated: November 18, 2011

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

7

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com