UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL ) <br> ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br>  ─────────────────────────────────────  ) <br> ) <br> ) <br> ) <br> This Document relates to: ) <br> ) <br> David Gross et al vs. Knauf Gips KG et al (09-6690) ) <br> Joyce Rogers et al vs. Knauf Gips KG et al (10-0362) ) <br> Kenneth Abel et al vs. Taishan Gypsum Co., Ltd et al (11-0080) ) <br> Daniel Abreu et al vs. Knauf Gips KG et al (11-0252) ) <br> Laura Haya et al vs. Taishan Gypsum Co., Ltd et al (11-1077) ) <br> Robert Block et al vs. Knauf Gips KG et al (11-1363) ) <br>  ─────────────────────────────────────  ) | MDL No. 2047 <br><br> SECTION: L <br> JUDGE FALLON <br> MAG. JUDGE <br> WILKINSON |

### USG CORPORATION AND L&W SUPPLY CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION FOR PRELIMINARY DEFAULT JUDGMENT

USG Corporation and L&W Supply Corporation ("Defendants") submit this Response in Opposition to Plaintiffs' Omnibus Motion for Preliminary Default Judgment. Plaintiffs seek to have a "Preliminary" Default Judgment entered against Defendants in several MDL omnibus cases based upon the incorrect assertion that Defendants have failed to appear in the MDL proceedings. Defendants filed a notice of appearance applicable to all MDL cases. (Exhibit A). Given that the Court has stayed the date for responsive pleadings, there is simply no basis for asserting that Defendants are in default.

Background

On May 28, 2010, the Court entered Pre-Trial Order 1G, which suspended the deadline for filing responsive pleadings in the MDL until such time as the PSC files its Notice of Completion of Amendments to Omni Complaints. The Order was entered in response to the numerous amendments the PSC contemplated to the various omnibus complaints, and gave as its

1

stated purpose to "conserve judicial, attorney and client resources and to avoid filing responses to complaints that will be amended . . . ." Pre-Trial Order 1G specifically states that it "applies to the five Omnibus complaints collectively and to all other cases in this MDL proceeding . . . ." The PSC has yet to file the Notice of Completion of Amendments to Omni Complaints. As such, responsive pleadings are not due in these cases.[1]

On August 25, 2009, Defendants filed a Notice of Appearance of Counsel to announce that the undersigned were "counsel of record for these entities in all cases in which they have been served or are served in the future." (Document No. 177) Moreover, Defendants timely submitted their Profile Forms. Despite the fact that the undersigned has plainly filed an appearance applicable to all MDL cases, the PSC asks this Court to enter a "preliminary default judgment" against Defendants for supposedly failing to appear in the MDL.

Argument

As an initial matter, the PSC's motion is procedurally defective in that it seeks default judgment without having ever obtained an entry of default against Defendants. Under Rule 55, there are two statuses in regards to a litigant in default – an entry of default and then default judgment. The PSC cites no authority for the third category it seeks to establish in its motion of a "preliminary" default judgment. This procedural defect alone is sufficient for denial of the requested relief.

More fundamentally, the PSC is simply mistaken in its assertion that Defendants have not filed a notice of appearance in the MDL. Defendants filed a notice of appearance for all MDL

---

[1] Prior to the entry of Pre-Trial Order 1G, however, Defendants filed responsive pleadings in dozens of cases that are in the MDL, including an answer to the original complaint in the *Gross* case (Document Numbers 1541 and 1542), which is one of the cases in which the PSC claims Defendants have failed to appear. Defendants will timely respond to all other MDL complaints as soon as the PSC files the requisite notice of completion.

cases over two years ago and has filed responsive pleadings in two of the MDL Omnibus cases. Given that the deadline for responsive pleadings in the remaining MDL cases in which Defendants are named has not yet been triggered, there is no basis for holding Defendants in default.

To the extent that the PSC asks the Court to hold Defendants in default for not filing a separate notice of appearance in each new MDL case, the argument must fail because it requires an unreasonable interpretation of Pre-Trial Order 1G. The Order has related deadlines for both the filing of a notice of appearance and the completion of a Profile Form; however, the PSC does not argue that duplicative Profile Forms must be submitted for each MDL complaint in which it a single defendant named. Such an interpretation of the Order would make a mockery of its stated purpose to "conserve judicial, attorney and client resources."

Given the stated purpose of Pre-Trial Order 1G and the Defendants' filing of the Notice of Appearance of Counsel in All Cases, Defendants respectfully submit that Plaintiffs' Omnibus Motion for Preliminary Default Judgment against USG Corporation and L&W Supply be denied.

**HAYNSWORTH SINKLER BOYD, P. A.**

BY: _____/s/ W. David Conner_____
W. David Conner (SC Bar # 66358; Fed. # 5986)
Moffatt G. McDonald (SC Bar # 3784; Fed. # 2805)
P.O. Box 2048
Greenville, SC  29602
(864) 240-3226
(864) 240-3300 (fax)
dconner@hsblawfirm.com
mgmcdonald@hsblawfirm.com

November 21, 2011

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing RESPONSE IN OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION FOR PRELIMINARY DEFAULT JUDGMENT has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 21 day of November, 2011.

        /s/   W. David Conner_____