UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED ) <br> DRYWALL PRODUCTS ) <br> LIABILITY LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> Case No. 2:11-CV-1077 (E.D. La) ) <br> *Haya, et al. v. Taishan Gypsum Co., Ltd.,* ) <br> *et al.* ) <br> ) | MDL NO. 2047 <br><br> SECTION: L <br><br> JUDGE FALLON <br> MAG. JUDGE WILKINSON |

### DEFENDANTS, LAVISH HOLDING CORP., AND DEERFIELD COURT TOWNHOMES, LLC'S MOTION TO DISMISS

Defendants, Lavish Holding Corp. ("Lavish"), and Deerfield Court Townhomes, LLC, moves this Honorable Court for dismissal of any Plaintiff, Johnson's claim against it in this Class Action due to Plaintiffs' failure to state of cause of action for which relief can be granted under Rule 12(b)(6), and due to lack of *in personam* jurisdiction over these Defendants pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure. In support thereof Defendants states as follows:

1.  This is one of several overlapping Chinese Drywall class actions. In this class action, Defendant Lavish has been named a Defendant-builder by class member-homeowners Aiasha and Geoffrey Johnson ("Johnson"). See Exhibit "A" of Plaintiffs' Second Amended Omnibus Class Action Complaint (IX).

2.  Lavish has been sued in this action without any legal basis as it was <u>not</u> the builder of any Plaintiff's home but rather a separate later-formed entity from Deerfield Court Townhomes, LLC had built these townhomes. Deerfield Court, <u>not</u> Lavish, built a few select homes which would be in any way relevant to these proceedings. Deerfield Court Townhomes, not Lavish, is the only proper party to be sued. For reasons below, however, there is no valid

cause of action in this Court against Lavish or Deerfield Court Townhomes. Solely for purposes of this Motion Lavish and Deerfield Court Townhomes are treated as one entity.

3. The only possible purported members of the Plaintiffs' class affected by any drywall allegedly installed by Lavish, Deerfield Court or its subcontractors are the few homeowners who live in the townhomes in this Deerfield Beach, Florida small community, no one else.

4. There are no other allegations that Lavish installed defective drywall in the homes of any other possible members of the Plaintiff class, nor in any homes outside the Deerfield Court townhome community located in Deerfield Beach, Florida in which Atttard, Batsch, Bautista, Benes, Dow, Benes, Ferroni, Filado, Monge, Villasana, Johnson, Tinney and Worthington purchased units.

5. The Deerfield Court community of Deerfield Beach, Florida in which these few homeowners purchased townhomes consists of only 23 units.

6. Lavish is not in the same category or situation as manufacturers, importers, and wholesalers of the Chinese drywall involved in numerous of these claims. These Deerfield Court unit-owners' claims can and should be handled in Florida state court.

7. According to Plaintiffs' Complaint, the affected properties in any way involving Lavish are all situated in Broward County, Florida.

8. According to Plaintiffs' Complaint, Lavish maintains its principal place of business in Boca Raton, Florida and is organized under the laws of the State of Florida.

9. Lavish does business only in the State of Florida and does not do, nor has it ever done, any business in the State of Louisiana.

10. Lavish does not have an office in the State of Louisiana or an agent for the service of process in Louisiana. It will work a severe hardship on Defendant to be forced to litigate these matters in this Court.

11. Because the Plaintiffs' allegations as to Lavish arise out of the installation of drywall in Florida, and because Lavish has no contacts, substantial or otherwise, with Louisiana, this Court cannot exercise *in personam* jurisdiction over this Defendant.

12. Moreover, these homeowners have an earlier-in-time lawsuit pending against the same Defendant in a Florida state court. The Johnsons sued Lavish in the Circuit Court for Palm Beach County, Florida, Case No. 50-2009-CA-035125-XXXX-MB in October, 2009. A copy of this State Court Complaint is attached as Exhibit 1. While Defendant has moved to transfer this Palm Beach County action to its proper venue in Broward County, Florida, this first in time state court case preempts any right to federal jurisdiction in this instance.

13. Defendant incorporates herein its Memorandum in Support filed simultaneously herewith.

WHEREFORE, Lavish Holding Corp., and Deerfield Court Townhomes, LLC move for entry of appropriate Order of dismissal, directing that such interested homeowner-plaintiffs' claims be litigated in the Florida State Court for Broward County and for all other relief as justice requires.

Dated: November 22, 2011.

                                                  Respectfully submitted,

                                                  By: s/ Steven G. Schwartz
                                                      Steven G. Schwartz, Esquire
                                                      Florida Bar No. 911471

Schwartz Law Group
6751 North Federal Highway
Suite 400
Boca Raton, FL 33487
Telephone: 561-395-4747
Facsimile: 561-367-1550
sgs@theschwartzlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 22nd day of November, 2011.

/s/ Steven G. Schwartz
Steven G. Schwartz, Esq.

L:\OPEN FILES\100492\Pleadings\Haya\Motion to Dismiss-jg.doc