UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047 |
| | ) | SECTION L |
| | ) ) | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | ) ) | MAG. JUDGE WILKINSON |
| Abel, et al. v. Taishan Gypsum, et al. (Case No. 11-080) | ) ) ) | |
| Haya, et al. v. Taishan Gypsum, et al. (Case No. 11-1077) | ) ) ) ) | |

**DEFENDANTS BLACK BEAR GYPSUM SUPPLY, INC. AND
BLACK BEAR GYPSUM, LLC'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTION FOR PRELIMINARY DEFAULT JUDGMENT**

Defendants, BLACK BEAR GYPSUM SUPPLY, INC. and BLACK BEAR GYPSUM, LLC

("Black Bear" or "Black Bear Defendants"), by and through undersigned counsel, hereby provide the

following Response in Opposition to Plaintiffs' Omnibus Motion for Preliminary Default Judgment

("Motion"), and state as follows:

Plaintiffs seek the entry of a preliminary default judgment against certain Defendants on the

ground that they failed to enter an appearance and failed to answer the complaint following service

of process.  Plaintiffs' motion is without merit, distorts the record, and should be denied as to the

Black Bear Defendants.[1]  Notices of Appearance and Distributor Profile Forms were duly filed on

behalf of both Black Bear entities in MDL 2047 for all cases in this litigation that may name Black

Bear as Defendants.  In an abundance of caution and despite the edict of the MDL Court's Pretrial

Order 1, the Black Bear Defendants have filed this date another Notice of Appearance specifically

---

[1] Defendants assume that Plaintiff's motion for a "preliminary default judgment" is actually a
motion for entry of a default, as referenced in this Court's Minute Entry dated August 11, 2009.

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION - MDL NO. 2047
Page 2

noting its applicability to the instant cases. Therefore, no preliminary default judgment should be entered against the Black Bear Defendants.

## I. FACTS

1. A Notice of Appearance for Black Bear Gypsum Supply, Inc. was entered in MDL 2047 on December 9, 2009, which stated that the appearance was being made in all cases in which Black Bear Gypsum Supply, Inc. had been served or would thereafter be served. (Exhibit "A").

2. A Notice of Appearance for Black Bear Gypsum, LLC was filed on LexisNexis File & Serve for MDL 2047 on June 16, 2010, which stated that the appearance was being made in all cases in which Black Bear Gypsum Supply, Inc. had been served or would thereafter be served. (Exhibit "B").

3. Black Bear Gypsum Supply, Inc. served its original Distributor Profile Form dated September 8, 2009, which referenced the undersigned as counsel of record for Black Bear Gypsum Supply, Inc. (Exhibit "C"). (An Amended Distributor Profile Form dated October 12, 2010 was subsequently served).

4. Black Bear Gypsum, LLC served a Distributor Profile Form dated July 30, 2010, which referenced the undersigned as counsel of record for Black Bear Gypsum, LLC. (Exhibit "D").

5. Accordingly and pursuant to this Court's Pretrial Order 1 (Exhibit "E"), the Notices of Appearance filed on behalf of Black Bear in MDL 2047 served as Notices of Appearance in the *Abel* and *Haya* actions, as well as any additional cases in which Black Bear is named as a Defendant.

6. Pursuant to this Court's Pretrial Order 1G, the "deadline for responding to any of the Omnibus Complaints be and they hereby are suspended." (Exhibit "F").

7. The PSC is further aware of the undersigned's representation of Black Bear, as evidenced by the Notice of Deposition directed to counsel at the undersigned's office (Exhibit "G"),

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION - MDL NO. 2047
Page 3

which deposition took place on April 1, 2010, and at which a representative from the office of the

undersigned appeared as counsel of record for Black Bear.

       8.      In an abundance of caution and despite the edict of the MDL Court's Pretrial Order 1,

the Black Bear Defendants have filed this date another Notice of Appearance specifically noting

applicability to this case.

## II. ARGUMENT

This Court's Pretrial Order 1 indicates at paragraph 9 that documents filed in the docket of

MDL 2047 that state in their styles "This Document Relates to All Cases" shall be deemed to be

applicable to all actions in MDL 2047. Black Bear filed its Notices of Appearance in MDL 2047

with such a style indicating its applicability to all cases. They should therefore be considered to be

Notices of Appearance for Black Bear in every action that is a part of MDL 2047. To require a

separate Notice to be filed in each case would undermine this Court's stated goal of efficiency in

management of the large number of cases contained in MDL 2047.

Plaintiffs apparently did not bother to check the MDL 2047 docket and LexisNexis File &

Serve for MDL 2047 before asserting *incorrectly* that the Black Bear Defendants had failed to enter

an appearance and should be defaulted. If the PSC had any questions regarding Black Bear's

Notices of Appearance in the instant actions, or any MDL action, Liaison Counsel could easily have

contacted counsel for Black Bear and eliminated the need to include the Black Bear Defendants in

their Omnibus Motion for Preliminary Default Judgment. Indeed, the courtesy of a simple telephone

call or email exchange would have resolved the issue. In *Bilbe v. Belsom,* 2006 U.S. Dist. LEXIS

84580, plaintiff's counsel took a preliminary default against a State Farm agent without first

contacting counsel for co-defendant State Farm, which was represented by the same counsel. The

Court noted that the motion to vacate the preliminary default would not have been necessary, "had

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION - MDL NO. 2047
Page 4

Plaintiff's counsel shown her opposing counsel the courtesy of a phone call to confirm that the

extension did not also apply to the other client represented by defense counsel. Counsel is advised to

read and adhere to the Code of Professionalism adopted by this Court, which can be found on the

court's website, www.laed.uscourts.gov." *Bilbe*, 2006 U.S. Dist. LEXIS 84580, at 2.  The same is

true here.

Plaintiffs cannot claim that they were unaware of the undersigned's representation of Black

Bear, given the aforementioned Notices of Appearance, Distributor Profile Forms and Notice of

Deposition of Black Bear Gypsum Supply.

Plaintiffs' assertion that Black Bear should be defaulted because they did not file an Answer

to the Complaint defies credulity insofar as deadlines for responding to any of the Omnibus

Complaints are suspended (*see* Pretrial Order 1G).  Pursuant to Pretrial Order 1G, the PSC is

required to file a Notice of Completion of Amendments to Omnibus Complaints once all

amendments to those Complaints are completed. However, to date, the PSC has *not* yet certified that

amendments are completed.  Unless and until that event occurs, Defendants have no obligation to

file a responsive pleading. Thus, Plaintiffs' attempt to secure a default judgment for failure to file an

Answer is frivolous and improper.

Finally, to recap, a Notice of Appearance and a Distributor Profile Form were duly filed and

served on behalf of Defendants Black Bear Gypsum Supply, Inc. and Black Bear Gypsum, LLC in

MDL 2047, which specifically stated its application to all cases.  In an abundance of caution and

despite the edict of the MDL Court's Pretrial Order 1, the Black Bear Defendants have filed this date

Notices of Appearance that specifically note relation to this case.  As such, there is simply no valid

basis for entering a preliminary default judgment against the Black Bear Defendants, which duly

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION - MDL NO. 2047
Page 5

complied with the Court's orders. The Plaintiffs' Motion is groundless and moot and should therefore be denied.

The undersigned has contacted Plaintiffs' liaison counsel to ask that the above-referenced motion be withdrawn as to Black Bear, and Plaintiffs' counsel has failed to do so, requiring Black Bear to file this Response in Opposition. Therefore, Black Bear requests that the Court grant Black Bear the costs associated with the preparation and filing of this Response.

WHEREFORE, Defendants, BLACK BEAR GYPSUM SUPPLY, INC. and BLACK BEAR GYPSUM, LLC, respectfully request that Plaintiffs' Omnibus Motion for Preliminary Default Judgment be denied as to the Black Bear Defendants, and that the Court grant the Black Bear Defendants the costs associated with preparing and filing this Response and such other and further relief as deemed necessary and proper.

Respectfully submitted,

/s/ Edward J. Briscoe
Edward J. Briscoe
Fla. Bar No. 109691
ebriscoe@fowler-white.com
Helaine S. Goodner
Fla. Bar No. 462111
hgoodner@fowler-white.com
Elizabeth J. Ferry
Fla. Bar No. 43823
eferry@fowler-white.com
FOWLER WHITE BURNETT, P.A.
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131
Telephone:    (305) 789-9200
*Counsel for Black Bear Gypsum Supply, Inc. and
Black Bear Gypsum, LLC*

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION - MDL NO. 2047
Page 6

## CERTIFICATE OF SERVICE

We hereby certify that the above and foregoing has been served this 22nd day of November, 2011, upon Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, via email and upon all other parties by electronically uploading same to LexisNexis File & Serve in accordance with Pretrial Order 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/ Edward J. Briscoe
Edward J. Briscoe