UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2047 |
| | ) | SECTION L |
| THIS DOCUMENT RELATES TO: | ) ) | JUDGE FALLON |
| | ) | MAG. JUDGE WILKINSON |
| Abel, et al. v. Taishan Gypsum, et al. (Case No. 11-080) | ) ) ) | |

**DEFENDANT SMOKY MOUNTAIN MATERIALS, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' OMNIBUS
MOTION FOR PRELIMINARY DEFAULT JUDGMENT**

Defendant, SMOKY MOUNTAIN MATERIALS, INC. ("Smoky Mountain" or "Defendant"), by and through undersigned counsel, hereby provides the following Response in Opposition to Plaintiffs' Omnibus Motion for Preliminary Default Judgment ("Motion"), and states as follows:

Plaintiffs seek the entry of a preliminary default judgment against certain Defendants on the ground that they failed to enter an appearance and failed to answer the complaint following service of process. Plaintiffs' motion is without merit, distorts the record, and should be denied as to Smoky Mountain.[1] A Notice of Appearance and a Distributor Profile Form were duly filed on behalf of Smoky Mountain in MDL 2047 for all cases in this litigation that may name Smoky Mountain as a Defendant. In an abundance of caution and despite the edict of the MDL Court's Pretrial Order 1, Smoky Mountain has filed this date another Notice of Appearance specifically noting its

---

[1] Defendant assumes that Plaintiff's motion for a "preliminary default judgment" is actually a motion for entry of a default, as referenced in this Court's Minute Entry dated August 11, 2009.

applicability to this individual case.  Therefore, no preliminary default judgment should be entered

against Smoky Mountain.

## I.  FACTS

1.      A Notice of Appearance for Smoky Mountain was entered in MDL 2047 on

September 1, 2009, which stated that the appearance was being made in all cases in which Smoky

Mountain had been served or would thereafter be served.  (Exhibit "A").

2.      In addition, Smoky Mountain served a Distributor Profile Form dated September 8,

2009, which referenced the undersigned as counsel of record for Smoky Mountain.  (Exhibit "B").

3.      Accordingly and pursuant to this Court's Pretrial Order 1 (Exhibit "C"), the Notice of

Appearance filed on behalf of Smoky Mountain in the MDL 2047 docket served as a Notice of

Appearance in the instant action, *Abel*, as well as any additional cases in which Smoky Mountain is

named as a Defendant.

4.      Pursuant to this Court's Pretrial Order 1G, the "deadline for responding to any of the

Omnibus Complaints be and they hereby are suspended."  (Exhibit "D").

5.      The PSC is further aware of the undersigned's representation of Smoky Mountain, as

evidenced by the Notice of Deposition directed to counsel at the undersigned's office (Exhibit "E")

and the PSC's direct communication with the undersigned's office in 2010 to coordinate depositions

of Smoky Mountain's corporate representatives and written discovery on behalf of Smoky Mountain.

(Exhibit "F").

6.      In an abundance of caution and despite the edict of the MDL Court's Pretrial Order 1,

Smoky Mountain has filed this date another Notice of Appearance specifically noting its

applicability to this case.

## II.   ARGUMENT

This Court's Pretrial Order 1 indicates at paragraph 9 that documents filed in the docket of MDL 2047 that state in their styles "This Document Relates to All Cases" shall be deemed to be applicable to all actions in MDL 2047.  Smoky Mountain filed its Notice of Appearance in MDL 2047 with such a style indicating its applicability to all cases.  It should therefore be considered to be a Notice of Appearance for Smoky Mountain in every action that is a part of MDL 2047.  To require a separate Notice to be filed in each case would be to undermine this Court's stated goal of efficiency in management of the large number of cases contained in MDL 2047.

Plaintiffs apparently did not bother to check the MDL 2047 docket before asserting *incorrectly* that Smoky Mountain had failed to enter an appearance and should be defaulted.  If the PSC had any questions regarding Smoky Mountain's Notice of Appearance in the instant action, or any MDL action, Liaison Counsel could easily have contacted counsel for Smoky Mountain and eliminated the need to include Smoky Mountain in their Omnibus Motion for Preliminary Default Judgment.  Indeed, the courtesy of a simple telephone call or email exchange would have resolved the issue.  In *Bilbe v. Belsom,* 2006 U.S. Dist. LEXIS 84580, plaintiff's counsel took a preliminary default against a State Farm agent without first contacting counsel for co-defendant State Farm, which was represented by the same counsel.  The Court noted that the motion to vacate the preliminary default would not have been necessary, "had Plaintiff's counsel shown her opposing counsel the courtesy of a phone call to confirm that the extension did not also apply to the other client represented by defense counsel. Counsel is advised to read and adhere to the Code of Professionalism adopted by this Court, which can be found on the court's website, www.laed.uscourts.gov." *Bilbe,* 2006 U.S. Dist. LEXIS 84580, at 2.  The same is true here.

Plaintiffs cannot claim that they were unaware of the undersigned's representation of Smoky Mountain, given (1) Smoky Mountain's Notice of Appearance filed on September 1, 2009, which clearly stated that it applied to all cases in the Chinese drywall MDL; (2) Smoky Mountain's Distributor Profile Form dated September 8, 2009, which listed the undersigned as counsel for Smoky Mountain; (3) the Plaintiffs' Notice of Deposition of Smoky Mountain's corporate representative, which was addressed to counsel at the undersigned's office on its face; (4) communications between members of the PSC and counsel at the undersigned's office for the purposes of coordinating deposition appearances; and (5) communications between members of the PSC and counsel at the undersigned's office for the purposes of meeting and conferring on the topic of responses to written discovery requests.

Plaintiffs' assertion that Smoky Mountain should be defaulted because it did not file an Answer to the Complaint defies credulity insofar as deadlines for responding to any of the Omnibus Complaints are suspended (*see* Pretrial Order 1G). Pursuant to Pretrial Order 1G, the PSC is required to file a Notice of Completion of Amendments to Omnibus Complaints once all amendments to those Complaints are completed. However, to date, the PSC has *not* yet certified that amendments are completed. Unless and until that event occurs, Defendants have no obligation to file a responsive pleading. Thus, Plaintiffs' attempt to secure a default judgment for failure to file an Answer is frivolous and improper.

Finally, to recap, a Notice of Appearance and a Distributor Profile Form were duly filed and served on behalf of Defendant Smoky Mountain in MDL 2047, which specifically stated its application to all cases. In an abundance of caution and despite the edict of the MDL Court's Pretrial Order 1, Smoky Mountain has filed this date another Notice of Appearance that specifically

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION - MDL NO. 2047
Page 5

notes its relation to this case. As such, there is simply no valid basis for entering a preliminary default judgment against Defendant Smoky Mountain, which duly complied with the Court's orders. The Plaintiffs' Motion is groundless and moot and should therefore be denied.

The undersigned has contacted Plaintiffs' liaison counsel to ask that the above-referenced motion be withdrawn as to Smoky Mountain, and Plaintiffs' counsel has failed to do so, requiring Smoky Mountain to file this Response in Opposition. Therefore, Smoky Mountain requests that the Court grant Smoky Mountain the costs associated with the preparation and filing of this Response.

WHEREFORE, Defendant, SMOKY MOUNTAIN MATERIALS, INC., respectfully requests that Plaintiffs' Omnibus Motion for Preliminary Default Judgment be denied as to Smoky Mountain, and that the Court grant Smoky Mountain the costs associated with preparing and filing this Response and such other and further relief as deemed necessary and proper.

Respectfully submitted,

*/s/ Edward J. Briscoe*
Edward J. Briscoe
Fla. Bar No. 109691
ebriscoe@fowler-white.com
Helaine S. Goodner
Fla. Bar No. 462111
hgoodner@fowler-white.com
Elizabeth J. Ferry
Fla. Bar No. 43823
eferry@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201
*Counsel for Smoky Mountain Materials, Inc.*

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION - MDL NO. 2047
Page 6

## CERTIFICATE OF SERVICE

We hereby certify that the above and foregoing has been served this 22nd day of November, 2011, upon Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, via email and upon all other parties by electronically uploading same to LexisNexis File & Serve in accordance with Pretrial Order 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

*/s/ Edward J. Briscoe*
Edward J. Briscoe