# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL          :   MDL NO. 2047
PRODUCTS LIABILITY LITIGATION                :   SECTION: L
                                             :   JUDGE FALLON
                                             :   MAG. JUDGE WILKINSON

**THIS DOCUMENT RELATES TO ALL CASES**

**PRETRIAL ORDER #1**
**Setting Initial Conference**

It appearing that civil actions listed on Schedule A, attached hereto, which were transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its order of June 15, 2009 merit special attention as complex litigation, the following Order is issued:

1. INTRODUCTION—It is not yet known how many attorneys will eventually join this litigation, but we can assume it will be a large number. As attorneys involved in a multi-district case, you will probably be laboring together for some time in the future with work progressively becoming more complicated and exacting. Some of you know each other and some are complete strangers. Undoubtedly each has a different style and personality. It is likely that during the course of this litigation your working relationship will occasionally be strained, communication derailed, and mutual trust questioned. The just and efficient resolution of this litigation will

depend in large measure on the way you as attorneys comport yourselves and overcome the temptations and trepidations inherent in a case of this magnitude. The Manual for Complex Litigation recognizes that judicial involvement in managing complex litigation does not lessen the duties and responsibilities of the attorneys. To the contrary, the added demands and burdens of this type of litigation place a premium on professionalism and require counsel to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and the Court. The Court expects, indeed insists, that professionalism and courteous cooperation permeate this proceeding from now until this litigation is concluded. The court record should never be the repository of ill- chosen words arising out of a sense of frustration over real or imagined issues. Because of the high level of competence and experience of attorneys who are generally involved in multi-district litigation, this Court is confident that this objective will be achieved without judicial intervention.

2. APPLICABILITY OF ORDER—Prior to the initial pretrial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to its order of June 15, 2009 listed on Schedule A. This Order also applies to all related cases filed in all sections of the Eastern District of Louisiana and will also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

3. CONSOLIDATION—The civil actions listed on Schedule A are consolidated for

pretrial purposes. Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

4. DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE—Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on July 9, 2009 at 2:00 p.m. in Judge Eldon E. Fallon's courtroom, Room C- 468, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL 4th Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, consideration of any class action allegations and motions, and be prepared to select trial dates. If the parties have any suggestions as to any case management orders or additional agenda items, these shall be faxed to (504) 589-6966 or otherwise submitted to the Court by July 6, 2009.

5. POSITION STATEMENT—Plaintiffs and defendants shall submit to the Court by July 1, 2009 a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known. The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants.

6. APPEARANCE—Each party represented by counsel shall appear at the initial pretrial conference through their attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference. A party, by designating an attorney to represent the party's interest at this initial conference, will not be precluded from personally participating or selecting other representation during the future course of this litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

7. SERVICE—Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto and designated as Schedule B. Any attorney who wishes to have his/her name added to or deleted from such Panel

Attorney Service List may do so upon request to the Clerk of this Court and notice to all other persons on such service list. The parties shall present to the Court at the initial conference a list of attorneys and their office addresses, phone and fax numbers, and E-mail addresses.

8. EXTENSION AND STAY—Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be renoticed for resolution on a motion day or days after the Court's initial conference herein.

9. MASTER DOCKET FILE—Any pleadings or document which is to be filed in any of these actions shall be filed with the Clerk of this Court and not in the transferor court. The Clerk of this Court will maintain a master docket case file under the style "In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION" and the identification "MDL No. 2047 ". When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to". The following is a sample of the pleading style:

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION: L |
| This Document Relates to: | Judge Fallon<br>Mag. Judge Wilkinson |

10. FILING—All documents filed in this Court, subsequent to those initiating a new case, must be filed electronically pursuant to Local Rule 5.7 E and this Court's Administrative Procedures for Electronic Filing. Attorneys may register for electronic filing at www.laed.uscourts.gov/cmecf/cm_ecf_training.htm. An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption. The application shall be in writing, filed with the Clerk of Court, and shall state the reason for the attorney's inability to comply.

Pro se litigants who have not been authorized to file electronically shall continue to file their pleadings with the Clerk of this Court in the traditional manner, on paper.

The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet. All documents shall be filed in the master file.

11. DOCKETING—When an action that properly belongs as a part of In Re: Chinese-Manufactured Drywall Products Liability Litigation is hereinafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

    a.    File a copy of this Order in the separate file for such action;

    b.    Make an appropriate entry on the master docket sheet;

    c.    Forward to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

    d.    Upon the first appearance of any new defendant, forward to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

12. APPEARANCES—Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 83.2.6E and 83.2.7 are waived. Association of local counsel is not required.

13. REMAND STIPULATIONS—In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

14. PRESERVATION OF EVIDENCE—All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts,

diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Preservation includes the obligation not to alter any such thing as to its form, content or manner of filing. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Each counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties of the contents of this paragraph. Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences or other dire consequences.

Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

15. FILING OF DISCOVERY REQUESTS—In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

16. LIAISON COUNSEL—Two weeks prior to the initial conference, counsel for the plaintiffs and counsel for the defendant(s) shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. Proposals for the designation of liaison counsel shall be submitted to the Court no later than one week prior to the date of the initial conference. Appointment of liaison counsel shall be made by the Court after full consideration of the proposals. At the first conference liaison counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

17. PLAINTIFFS' STEERING COMMITTEE—It is the Court's intent to appoint a

Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendant's representatives or committee. Applications/nominations for the PSC positions must be filed with the Eastern District of Louisiana's Clerk's Office either electronically or on paper (original and one copy) on or before July 10, 2009. Notice must also be served upon counsel named in the attached list on the day of filing. The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation (d) willingness to commit the necessary resources to pursue this matter. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than four (4) pages will be considered. The Court will only consider attorneys who have filed a civil action in this litigation.

Objections may be made to the appointment of a proposed applicant/nominee. Nevertheless, the Court will entertain only written objections to any application/nomination. These must be filed with the Clerk of Court either electronically or on paper (original and one copy) on or before July 17, 2009. The objections, if there be any, must be short, yet thorough, and must be supported by necessary documentation. As with the application/nomination, any objection must be served on all counsel appearing on the attached list on the day of filing.

The PSC will have the following responsibilities:

Discovery

    (1)    Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi district litigation.

    (2)    Develop and propose to the Court schedules for the commencement,

execution, and completion of all discovery on behalf of all plaintiffs.

(3) Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issue found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(4) Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

Hearings and Meetings

(1) Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(2) Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(3) Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any

plaintiff's counsel to present non-repetitive individual or different positions.

Miscellaneous

(1) Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC.

(2) Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

(3) Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

(4) Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

(5) Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who

will promptly distribute copies to the other plaintiffs' attorneys.

(6) Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders.

(7) Perform such other functions as may be expressly authorized by further orders of this Court.

(8) Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

18. DEFENDANT(S) STEERING COMMITTEE–The Court will consider the recommendations of the defendant(s) for membership on the defendant(s) steering committee. Defendant(s) Steering Committee will have the duties and responsibilities described in Paragraph 17 of this order as it pertains to this respective group.

19. MDL 2047 WEBSITE–A website particular to MDL 2047 has been created and can be accessed by going to this Court's website located at www.laed.uscourts.gov and clicking on the button for Drywall MDL. The MDL 2047 website may also be accessed directly by going to www.laed.uscourts.gov/drywall/drywall.htm . The website will contain forms, court orders, minute entries, a calendar of upcoming events, and other relevant information.

20. COMMUNICATION WITH THE COURT—Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel

-13-

and by and among defendant's counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendant's counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

New Orleans, Louisiana, this 16th Day of June, 2009

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Attachments

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION                                MDL No. 2047

## SCHEDULE A

|  | EDLA SEC.L/ |
|---|---|
| **Middle District of Florida** | |
| Shane M. Allen, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 2:09-54 | 09-4112 |
| Duane Ankney v. Knauf Gips KG, et al., C.A. No. 2:09-166 | 09-4113 |
| Kristin Morgan Culliton v. Taylor Morrison Services, Inc., et al., C.A. No. 8:09-589 | 09-4114 |
| **Northern District of Florida** | |
| The Mitchell Co., Inc. v. Knauf Gips KG, et al., C.A. No. 3:09-89 | 09-4115 |
| **Southern District of Florida** | |
| Lawrence Riesz, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 0:09-60371 | 09-4116 |
| Karin Vickers, et al. v. Knauf Gips KG, et al., C.A. No. 1:09-20510 | 09-4117 |
| Lorena Garcia, et al. v. Lennar Corp., et al., C.A. No. 1:09-20739 | 09-4118 |
| Janet Morris-Chin, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 1:09-20796 | 09-4119 |
| **Eastern District of Louisiana** | |
| Jill M. Donaldson, et al. v. Knauf Gips KG, et al., C.A. No. 2:09-2981 | |
| **Southern District of Ohio** | |
| Steven Minafri v. M/I Homes, Inc., et al., C.A. No. 2:09-167 | 09-4120 |

Printed on 06/15/2009

SCHEDULE B

# Judicial Panel on Multidistrict Litigation - Panel Service List
## for
## MDL 2047 - IN RE: Chinese-Manufactured Drywall Products Liability Litigation

*** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
* Signifies that an appearance was made on behalf of the party by the representing attorney.
# Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
Docket: 2047 - Chinese-Manufactured Drywall PL
For Open Cases

Judicial Panel on Multidistrict Litigation - Panel Service List

Page 1

Docket: 2047 - IN RE: Chinese-Manufactured Drywall Products Liability Litigation
Status: Transferred on 06/15/2009
Transferee District: LAE    Judge: Fallon, Eldon E.

Printed on 06/15/2009

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Atlas, Jan Douglas<br>ADORNO & YOSS LLP<br>350 East Las Olas Blvd<br>Suite 1700<br>Fort Lauderdale, FL 33301 | =>Phone: (954) 766-7823  Fax: (954) 766-7800  Email: jda@adorno.com<br>Banner Supply Co.* |
| Bass, Hilarie<br>GREENBERG TRAURIG LLP<br>1221 Brickell Avenue<br>Miami, FL 33131 | =>Phone: (305) 579-0500  Fax: (305) 579-0717  Email: bassh@gtlaw.com<br>Lennar Corp.*; Lennar Homes, LLC fka Lennar Homes, Inc.*; U.S. Home Corp.* |
| Baumann, Gary F.<br>FULMER LEROY ALBEE BAUMANN & GLASS<br>2866 East Oakland Park Blvd.<br>Ft. Lauderdale, FL 33306 | =>Phone: (954) 707-4430  Fax: (954) 707-4431  Email: gbaumann@fulmerleroy.com<br>Independent Builders Supply Association, Inc.* |
| Becnel, Jr, Daniel E.<br>BECNEL LAW FIRM LLC<br>106 West Seventh Street<br>P.O. Drawer H<br>Reserve, LA 70084 | =>Phone: (985) 536-1186  Fax: (985) 536-6445  Email: dbecnel@becnellaw.com<br>Donaldson, Jill M.; Oertling, John |
| Boldt, Kimberly L.<br>ALTERS BOLDT BROWN RASH & CULMO PA<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137 | =>Phone: (305) 571-8550  Fax: (305) 571-8558  Email: kimberly@abbrclaw.com<br>Barrozo, Hector*; DeBarrozo, Maria Ines Pinar*; Garcia, Angela*; Garcia, Lorena* |
| Briscoe, Edward J.<br>FOWLER WHITE BURNETT PA<br>Espirito Santo Plaza<br>1395 Brickell Avenue<br>14th Floor<br>Miami, FL 33131-3302 | =>Phone: (305) 789-9252  Fax: (305) 789-9251  Email: EJB@Fowler-White.com<br>Black Bear Gypsum Supply, Inc.* |
| Burge, S. Greg<br>BURR & FORMAN LLP<br>420 North 20th Street<br>Suite 3400<br>Birmingham, AL 35203 | =>Phone: (205) 458-5101  Fax: (205) 244-5612  Email: gburge@burr.com<br>Rightway Drywall, Inc.* |
| Casper, Christopher C.<br>JAMES HOYER NEWCOMER & SMILJANICH PA<br>One Urban Centre<br>4830 West Kennedy Boulevard<br>Suite 550<br>Tampa, FL 33609-2589 | =>Phone: (813) 286-4100  Fax: (813) 286-4174  Email: ccasper@jameshoyer.com<br>Culliton, Kristin Morgan* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
| --- | --- |
| Cole, Susan J.<br>BICE COLE LAW FIRM<br>999 Ponce De Leon Boulevard<br>Suite 710<br>Coral Gables, FL 33134 | =>Phone: (305) 444-1225  Fax: (305) 446-1598  Email: cole@bicecolelaw.com<br>L&W Supply Corp. dba Seacoast Supply*; USG Corp.* |
| Coutroulis, Chris S.<br>CARLTON FIELDS PA<br>P.O. Box 3239<br>4221 West Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33601-3239 | =>Phone: (813) 223-7000  Fax: (813) 229-4133  Email: ccoutroulis@carltonfields.com<br>M/I Homes, Inc.* |
| Diaz, Jr., Victor Manuel<br>PODHURST ORSECK JOSEFSBERG ET AL<br>City National Bank Building<br>Suite 800<br>25 W. Flagler Street<br>Miami, FL 33130 | =>Phone: (305) 358-2800  Fax: (305) 358-2382  Email: vdiaz@podhurst.com<br>Green, Dajan*; Morris-Chin, Janet* |
| Gilman, Kenneth G.<br>GILMAN & PASTOR LLP<br>6363 Highcroft Drive<br>Naples, FL 34119 | =>Phone: (239) 213-9960  Fax: (239) 213-9946  Email: kgilman@gilmanpastor.com<br>Ankney, Duane |
| Interior Exterior Bldg.,<br>727 S. Cortez<br>New Orleans, LA 70119 | =><br>Interior Exterior Building Supply |
| Knauf Gips KG,<br>Ridham Dock, Kemsley<br>Sittingbourne, Kent ME 9 8SR, UK | =><br>Gebr Knauf Verwaltungsgesellschaft KG; Knauf Gips KG |
| Knauf Plasterboard,<br>North Yinhe Bridge, East Jingjin Road<br>Beichen District<br>Tianjin, China 300400 P.R.C. | =><br>Knauf Plasterboard (Tianjin) Co., Ltd. |
| Knauf Plasterboard,<br>No. 2 Gang Wan Road<br>RC-241009 Whuhu Anhui, China | =><br>Knauf Plasterboard (Dongguan) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd. |
| Knauf Plasterboard,<br>No. 2 Xinsha Development Zone<br>RC-52347 Guangdong, China | =><br>Knauf Plasterboard (Dongguan) Co., Ltd. |
| La Suprema Enterprise,<br>221 NE 164th Street<br>North Miami Beach, FL 33160 | =><br>La Suprema Enterprise, Inc. |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 2,047 Continued)*            Page 3

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| La Suprema Trading, Inc.,<br>221 NE 164th Street<br>N. Miam Beach, FL 33160 | =><br>La Suprema Trading, Inc. |
| Landskroner, Jack<br>LANDSKRONER GRIECO MADDEN LTD<br>1360 West 9th Street<br>Suite 200<br>Cleveland, OH 44113 | =>Phone: (216) 522-9000  Fax: (216) 522-9007<br>Minafri, Steven |
| Levin, Arnold<br>LEVIN FISHBEIN SEDRAN & BERMAN<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3697 | =>Phone: (215) 592-1500  Fax: (215) 592-4663  Email: alevin@lfsblaw.com<br>Martinez, Felix*; Martinez, Jenny*; Niemczura, Walter*; Raphael, Gene*; Santiago, Jason*; Tarzy, Jim*; Vickers, Karin* |
| Loredo, Raul Ricardo<br>MINTZER SOROWITZ & ZERIS<br>255 Alhambra Circle<br>Suite 1150<br>Coral Gables, FL 33134 | =>Phone: (304) 774-9966  Fax: (305) 774-7743  Email: rloredo@defensecounsel.com<br>Interior Exterior Building Supply, LP* |
| Nicholas, Steven L.<br>CUNNINGHAM BOUNDS LLC<br>1601 Dauphin Street<br>P.O. Box 66705<br>Mobile, AL 36660 | =>Phone: (251) 471-6191  Fax: (251) 479-1031  Email: sln@cunninghambounds.com<br>Mitchell Co., Inc. (The)* |
| Reise, Jack<br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>120 East Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432 | =>Phone: (561) 750-3000  Fax: (561) 750-3364  Email: jreise@csgrr.com<br>Riesz, Lawrence*; Schnee, Jennifer* |
| Rothchilt International,<br>N-510 Chia Hsn Bld.<br>Annex 96 Chung Shan N. Rd. Sec. 2<br>Taipei, Taiwan R.O.C. | =><br>Rothchilt International Ltd. |
| Sivyer, Neal A.<br>SIVYER BARLOW & WATSON PA<br>401 East Jackson Street<br>Suite 2225<br>Tampa, FL 33602 | =>Phone: (813) 221-4242  Fax: (813) 227-3598<br>Taylor Morrison Services, Inc. dba Morrison Homes; Taylor Woodrow Communities at Vasari, LLC* |
| South Kendall Constructio,<br>2368 SE 17th Ter.<br>Homestead, FL 33035 | =><br>South Kendall Construction Corp. |
| Steckler, Bruce<br>BARON & BUDD<br>3102 Oak Lawn Ave, Ste 1100 | =>Phone: (214) 521-3605  Fax: (214) 520-1181  Email: bsteckler@baronbudd.com<br>Foster, Katherine L.* |

Note: Please refer to the report title page for complete report scope and key.