UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNETH ABEL, Individually and on behalf of all others similarly situated | * * | CASE NO. 11-080 |
| | * | MDL NO. 2047 |
| VERSUS | * | |
| | * | JUDGE ELDON E. FALLON |
| TAISHAN GYPSUM CO., LTD, ET AL | * | |
| | * | MAG. JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * * * * | * | |

### ANSWER TO
### PLAINTIFFS OMNIBUS CLASS ACTION COMPLAINT (VII) BY DALBERT J. POREÉ, INDIVIDUALLY, AND DALBERT POREÉ GENERAL REPAIRS & RENOVATIONS, INC.

**NOW INTO COURT**, through undersigned counsel, come DALBERT J. POREÉ, INDIVIDUALLY, AND DALBERT POREÉ GENERAL REPAIRS & RENOVATIONS, INC. ("DALBERT POREÉ" or "Defendants"), sought to be made defendants herein, who answers the Plaintiffs' Omnibus Class Action Complaint (VII) (the "Complaint") filed herein as follows:

### First Affirmative Defense

The Court lacks subject-matter jurisdiction.

### Second Affirmative Defense

The Complaint fails to state a claim or cause of action against your answering Defendants upon which relief can be granted.

### Third Affirmative Defense

The Complaint is premature as plaintiffs failed to give your answering Defendants written notice and a reasonable opportunity to comply with the provisions of the New Home

Warranty Act, LSA-R.S. 9:3141, et seq., as required by that Act, and/or to give your answering Defendants notice with an opportunity to repair.

**Fourth Affirmative Defense**

The Complaint fails to meet the prerequisites for a Class Action as to the claims against your answering Defendants.

**Fifth Affirmative Defense**

The Complaint fails to state a claim or cause of action against your answering Defendants for negligence, negligence per se, strict liability, breach of express and/or implied warranties, breach of implied warranty of habitability, breach of contract, redhibition, Louisiana Products Liability Act liability, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, violations of any consumer protection acts, equitable and injunctive relief, medical monitoring, punitive damages, and attorney's fees.

**Sixth Affirmative Defense**

The plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their alleged damages, if any, and which are specifically denied.

**Seventh Affirmative Defense**

At all material times herein, your answering Defendants, and any persons or entities from whom it is legally responsible, were free from fault, negligence or other culpable conduct.

**Eighth Affirmative Defense**

Plaintiffs' damages, if any, and which are specifically denied, were caused, or contributed to, by the negligence, fault, strict liability, and/or other culpable conduct of third persons for whom your answering Defendants has no legal responsibility, or were caused by or contributed to by acts and circumstances outside the control of your answering Defendants.

### Ninth Affirmative Defense

Your answering Defendants further avers that plaintiffs' damages, if any, and which are specifically denied, were caused, or contributed to, by plaintiffs' negligence, comparative fault, voluntary assumption of a known risk and/or other culpable conduct, which are pleaded in bar or diminution of plaintiffs' recovery herein.

### Tenth Affirmative Defense

At all material times herein, your answering Defendants acted in a reasonable and proper manner, and in accordance with and in satisfaction of the standards of the industry in which it operates, and further satisfied any and all requirements of that industry for any entity or entities of its kind, and in performance of, or in connection with, any acts which form the basis of this claim and further in connection with the acts and transactions as outlined in the allegations which form the subject of this litigation.

### Eleventh Affirmative Defense

Your answering Defendants affirmatively pleads that the New Home Warranty Act, provides the exclusive remedies and warranty periods as between your answering Defendants and plaintiffs, and raises any and all defenses available to it under the New Home Warranty Act.

### Twelfth Affirmative Defense

Your answering Defendants affirmatively pleads that plaintiffs are not entitled to recover consequential damages, of any kind, under the New Home Warranty Act, or any other applicable law.

### Thirteenth Affirmative Defense

Your answering Defendants affirmatively pleads that plaintiffs are not entitled to recover damages for bodily injury or damage to personal property under the New Home Warranty Act, or any other applicable law.

### Fourteenth Affirmative Defense

Your answering Defendants affirmatively pleads that plaintiffs are not entitled to recover damages for mental anguish, aggravation or inconvenience under the New Home Warranty Act, or any other applicable law.

### Fifteenth Affirmative Defense

Your answering Defendants affirmatively pleads that plaintiffs are not entitled to recover damages for the costs of relocation or for the diminution in the value of their homes under the New Home Warranty Act, or any other applicable law.

### Sixteenth Affirmative Defense

Your answering Defendants denies it breached any warranty under the New Home Warranty Act to plaintiffs.

### Seventeenth Affirmative Defense

Your answering Defendants further avers that plaintiffs' homes are free from any defect due to non-compliance with any applicable building code and/or industry standard.

### Eighteenth Affirmative Defense

Your answering Defendants further avers that there is no defect in the design or construction of plaintiffs' homes.

### Nineteenth Affirmative Defense

Your answering Defendants further avers that the materials used in the construction of plaintiffs' homes were not defective and complied with any applicable building code and/or industry standard.

### Twentieth Affirmative Defense

Your answering Defendants affirmatively pleads that there is no causal relation between the use of the complained of materials in the construction of plaintiffs' homes and plaintiffs' damages, if any, and which are specifically denied.

### Twenty-First Affirmative Defense

Your answering Defendants affirmatively pleads that should plaintiffs be found to be entitled to any relief whatsoever, which is strenuously denied, your answering Defendants is entitled to a reduction of or credit against, or setoff, of any award for the value and benefits of the use of the homes derived by plaintiffs.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, statue of repose, prescription period, peremption period, warranty period, and/or the doctrine of laches.

### Twenty-Third Affirmative Defense

Your answering Defendants affirmatively pleads that any damages to which plaintiffs may be entitled, which is strenuously denied, are limited by the New Home Warranty Act to the reasonable cost of repair or replacement necessary to cure the defect, and any damages with

respect to all defects, if any, and which are specifically denied, shall not exceed the original purchase price of the home.

### Twenty-Fourth Affirmative Defense

Your answering Defendants further avers that the drywall in plaintiffs' homes was reasonably fit for its ordinary and intended purpose.

### Twenty-Fifth Affirmative Defense

Your answering Defendants further avers that if any defect, vice and/or deficiency made the basis of this litigation exists in the drywall, which is in fact denied, such defect, vice and/or deficiency did not exist at the time the drywall was installed in plaintiffs' homes.

### Twenty-Sixth Affirmative Defense

Your answering Defendants further avers that if any defect, vice and/or deficiency exists in the drywall made the basis of this litigation, which is in fact denied, your answering Defendants was not aware of, nor have knowledge of, such defect, vice and/or deficiency at the time the drywall was installed in plaintiffs' homes.

### Twenty-Seventh Affirmative Defense

Your answering Defendants incorporates herein by reference each and every affirmative defense pleaded by similarly-situated builder Defendants.

### Twenty-Eighth Affirmative Defense

Your answering Defendants reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery and further investigation.

**AND NOW**, answering the specific allegations of the Complaint, your answering Defendants avers as follows:

1. The allegations of fact and law contained in Paragraphs 1-3 denied as calling for a legal conclusion and for a lack of sufficient information to justify a belief therein.

2. The allegations contained in Paragraphs 4-581 regarding the identities and addresses of the named Plaintiffs and proposed class representatives are denied for a lack of sufficient information to justify a belief therein.

3. The allegations contained in Paragraphs 582-587 regarding the identities and addresses of the named Manufacturer Defendants are denied for a lack of sufficient information to justify a belief therein.

4. The allegations contained in Paragraphs 588-643 regarding the identities and addresses of the named Distributor/Supplier/Importer/Exporter/Broker Defendants are denied for a lack of sufficient information to justify a belief therein.

5. The allegations contained in Paragraphs 644-803 regarding the identities and addresses of the named Developer/Builder Defendants are denied.

6. The allegations contained in Paragraphs 686 and 687 specifically regarding Answering Defendants are denied; the allegations contained in Paragraphs 686 and 687 are further denied as they allege that Answering Defendants are members of the Builder/Developer Subclass.

7. The allegations contained in Paragraphs 804-881 regarding the identities and addresses of the named Contractor/Installer Defendants are denied for a lack of sufficient information to justify a belief therein.

8. The allegations of fact and law contained in Paragraphs 882-893 regarding the facts of the alleged problematic drywall are denied.

9. The allegations contained in Paragraphs 894-900 regarding Class members and Class Certification are denied.

10. The allegations contained in Paragraphs 901-910 are regarding Class members and Class Certification are denied.

11. The allegations contained in Paragraphs 911-918 regarding negligence against all Defendants are denied.

12. The allegations contained in Paragraphs 919-925 regarding negligence *per se* against all Defendants are denied.

13. The allegations contained in Paragraphs 926-943 regarding strict liability against all Defendants are denied.

14. The allegations contained in Paragraphs 944-951 regarding breach of express and/or implied warranties against all Defendants are denied.

15. The allegations contained in Paragraphs 952-963 regarding breach of the implied warranty of fitness and merchantability pursuant to Florida Statutes Section 718.203 on behalf of Plaintiffs who own condominiums in the State of Florida against Builders only do not require an answer from these Answering Defendants, yet, out of an abundance of caution, the allegations are denied.

16. The allegations contained in Paragraphs 964-970 regarding breach of the implied warranty of habitability against Builders are denied.

17. The allegations contained in Paragraphs 971-974 regarding breach of contract against Builders are denied.

18. The allegations contained in Paragraphs 975-981 regarding breach of the Louisiana New Home Warranty Act against Builders are denied.

19. The allegations contained in Paragraphs 982-991 regarding redhibition claims by Louisiana homeowners against all Defendants are denied.

20. The allegations contained in Paragraphs 992-1005 regarding claims under the Louisiana Products Liability Act against the Manufacturing and Distributor Defendants do not require an answer by these Answering Defendants, yet, out of an abundance of caution, the allegations are denied.

21. The allegations contained in Paragraphs 1006-1012 regarding claims of private nuisance against all Defendants are denied.

22. The allegations contained in Paragraphs 1013-1016 regarding claims of unjust enrichment against all Defendants are denied.

23. The allegations contained in Paragraphs 1017-1021 regarding claims of violation of consumer protection Acts against all Defendants are denied.

24. The allegations contained in Paragraphs 1022-1034 regarding claims for equitable relief and medical monitoring against all Defendants are denied.

### Demand for Jury Trial

DALBERT J. POREÉ, INDIVIDUALLY, AND DALBERT POREÉ GENERAL REPAIRS & RENOVATIONS, INC. request a trial by jury as to all issues so triable as a matter of right.

WHEREFORE, Defendants, DALBERT J. POREÉ, INDIVIDUALLY, AND DALBERT POREÉ GENERAL REPAIRS & RENOVATIONS, INC., pray that this Answer and Affirmative Defenses to Plaintiffs Omnibus Class Action Complaint (VII) be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of your answering Defendants and against plaintiffs, denying the requested class certification, and

dismissing Plaintiffs Omnibus Class Action Complaint (VII), with prejudice, and at plaintiffs' costs.

FURTHER, DALBERT J. POREÉ, INDIVIDUALLY, AND DALBERT POREÉ GENERAL REPAIRS & RENOVATIONS, INC. pray for all general and equitable relief to which they may be entitled, and further reserves the right to amend this Answer to Plaintiffs Omnibus Class Action Complaint (VII), or file incidental pleadings, if appropriate, as prescribed by law, as discovery continues.

**UNGARINO & ECKERT, L.L.C.**

By: /s/ Matthew J. Ungarino
**MATTHEW J. UNGARINO (#15061)**
3850 N. Causeway Boulevard
Suite 1280
Metairie, LA   70002
Telephone:  (504) 836-7565
Facsimile:  (504) 836-7566
E-Mail: mungarino@ungarino-eckert.com
*Attorney for JVP Drywall & Finishing, Inc.*

COUNSEL FOR DALBERT J. POREÉ, INDIVIDUALLY, AND DALBERT POREÉ GENERAL REPAIRS & RENOVATIONS, INC..

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing DALBERT J. POREÉ, INDIVIDUALLY, AND DALBERT POREÉ GENERAL REPAIRS & RENOVATIONS, INC., INC.  ' Answer to Plaintiffs Omnibus Class Action Complaint (I) has been served on Plaintiffs' Liaison Counsel, Russ Herman, and the Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United

States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 22nd day of November, 2011.

                                  /s/ Matthew J. Ungarino
                              MATTHEW J. UNGARINO