IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2047 Section L |
| _____ / | : : | |
| This Document Relates to: Block, 11-1363 Haya, 11-1077 | : : : : | JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

**LA SUPREMA ENTERPRISE, INC. AND LA SUPREMA TRADING, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OMNIBUS <u>MOTION FOR PRELIMINARY DEFAULT JUDGMENT</u>**

LA SUPREMA ENTERPRISE, INC. and LA SUPREMA TRADING, INC. (collectively, "La Suprema"), by and through undersigned counsel, hereby oppose Plaintiffs' Omnibus Motion for Preliminary Default Judgment ("Motion"):

On September 22, 2009, La Suprema filed a limited notice of appearance in MDL No. 2047. On October 2, 2009, La Suprema filed another limited notice of appearance as well as a motion for protective order in MDL No. 2047. On October 14, 2009, La Suprema submitted its Revised Exporter, Importer or Broker Defendant Profile Form to Defense Liaison Counsel. Also on October 14, 2009, La Suprema filed another limited notice of appearance in MDL No. 2047. On October 15, 2009, La Suprema filed its Responses and Objections to Plaintiff's First Request for Production of Documents and Things in MDL No. 2047, and concurrently produced thousands of sheets of documentation to the Plaintiffs' Steering Committee pursuant to their discovery requests. On October 19, 2009, La Suprema's corporate representative and sole proprietor, Mr. Salomon Abadi, sat for a deposition conducted by the Plaintiff's Steering Committee in MDL No. 2047 for over seven hours.  On January 18, 2010, La Suprema filed another limited notice of appearance in MDL No. 2047. On February 24, 2010, La Suprema filed

an ex-parte Motion for Extension to Respond to Plaintiffs' Omnibus Class Action Complaint in the *Payton* class action pending in MDL No. 2047. Also on February 24, 2010, La Suprema filed another limited notice of appearance in MDL No. 2047. On March 5, 2010, La Suprema filed a motion to dismiss and supporting memorandum of law in the *Gross* class action pending in MDL No. 2047. On March 26, 2010, La Suprema filed a motion to dismiss and supporting memorandum of law in the *Payton* class action pending in MDL No. 2047. On May 17, 2010, La Suprema filed another limited notice of appearance in MDL No. 2047. On September 14, 2010, La Suprema filed a motion to dismiss a crossclaim filed against it in the *Payton* class action pending in MDL No. 2047. On March 16, 2011, La Suprema filed a Motion for Reconsideration of a mediation order entered in the *Hobbie* class action pending in MDL No. 2047.

Notwithstanding all of the foregoing examples of La Suprema's appearances, defense, and active participation in these consolidated proceedings, Plaintiffs have erroneously asserted in the Motion that La Suprema is among those Defendants who have failed to enter an appearance or otherwise defend[1]. Moreover, the Motion entirely ignores Pre-Trial Order No. 1G entered on May 27, 2010 – *which expressly suspends the deadlines for responding to any of Plaintiffs' omnibus complaints pending the Plaintiffs' Steering Committee filing a "Notice of Completion of Amendments to Omni Complaints"* (which the PSC has yet to file). Accordingly, the Motion serves no legitimate purpose because Defendants are not yet under any obligation to defend against the subject class actions. Plaintiffs therefore have no basis to maintain that Defendants are somehow delaying or inhibiting these proceedings. Instead, the Motion appears to be nothing more than a disingenuous "gotcha" tactic rather than a good-faith effort to progress the litigation.

---

[1] To the extent Plaintiffs are complaining that La Suprema has failed to file a notice of appearance specifically referencing a particular case number, such position is especially pedantic within the context of multidistrict litigation in which numerous appearances have been filed and defenses raised by La Suprema. Nevertheless, La Suprema has filed a notice of appearance specifically referencing the *Block* and *Haya* case numbers concurrently herewith, therefore the PSC's Motion is moot as to La Suprema and should be denied.

As evidenced by the numerous appearances, motions and discovery participation and cooperation catalogued above, La Suprema has every intention to defend against any litigation brought against it in these MDL proceedings, or elsewhere. Upon the PSC's filing of a notice of completion of amendments to the multiple omni complaints now pending, La Suprema will timely assert its defenses as required by Pre-Trial Order 1G. The Motion must therefore be denied.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 22nd day of November, 2011.

>
> ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
> *Attorneys for Defendants* **LA SUPREMA ENTERPRISE, INC. AND LA SUPREMA TRADING, INC.**
> One Aventura, Suite 600
> 20900 Northeast 30th Avenue
> Aventura, FL 33180
> Tel: (305) 937-0300   Fax: (305) 937-1311
>
> By:_____
>     EDUARDO I. RASCO, ESQUIRE
>     Florida Bar No. 646326
>     STEVE BIMSTON, ESQUIRE.
>     Florida Bar No. 179205

# 188299 - 1