UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| | | SECTION: L |
| This Document Relates to all cases | * * | JUDGE: FALLON |
| | * * * | MAGISTRATE JUDGE WILKINSON |
| ****************************************** | * | |

RE-NOTICE OF ORAL AND VIDEOTAPED
DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO: **Taishan Gypsum Co., Ltd. and**
   **Taian Taishan Plasterboard Co., Ltd.**
   Through their attorney
   Richard C. Stanley, Esq.
   Stanley Reuter Ross Thornton & Alford, LLC
   909 Poydras Street
   Suite 2500
   New Orleans, LA 70112

**PLEASE TAKE NOTICE** that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, the Plaintiffs Steering Committee will take the deposition of Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. beginning on Monday, January 9, 2012, and continuing for the entirety of the week until the deposition can be concluded, starting at 9:00 a.m. (Hong Kong Time) each day, at Executive Centre, Level 3, Pacific Place, 1 Queen's Road East, Hong Kong, or at another location mutually agreed upon by the parties. Pursuant to Fed. R. Civ. P. 30(b)(6), Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. shall designate and produce a designated representative or representatives, as may be required, to

testify on behalf of Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. concerning the topics identified in Schedule A attached hereto.

**If you are an attorney of record, please email cdw@golkow.com 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

     Primary Examiners:    A Member of the PSC, or its designee
     Videotaped Deposition:  Yes
     Call-In Number:     **800-747-5150 (for USA callers)**
                               **Participant Code: 5408057**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows. This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein. Counsel should be aware that all matters may be discovered in the deposition beyond the following and that the following explanation is made solely in accordance with the directives provided at the status conference. This is an MDL "common" deposition for jurisdiction.

Respectfully submitted,

/s/ Leonard A. Davis
**Russ M. Herman** (Bar No. 6819)
rherman@hhkc.com
Leonard A. Davis (Bar No. 14190)
ldavis@hhkc.com
Stephen J. Herman (Bar No. 23129)
sherman@hhkc.com
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin, Esquire
Fred S. Longer, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215)592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

3

Dawn M. Barrios
701 Poydras Street
Suite 3650
New Orleans, LA  70139
PH:  (504) 524-3300
Fax:  (504) 524-3313

Robert C. Josefsberg
25 Flagler Street
8th Floor
Miami, FL  33130
PH:  (305) 358-2800
Fax:  (305) 358-2382

Ben Gordon
316 S. Baylen Street
Suite 600
Pensacola, FL  32502
PH:  (850) 435-7090
Fax:  (850) 436-6091

Arnold Levin
510 Walnut Street
Suite 500
Philadelphia, PA  19106
PH:  (215) 592-1500
Fax:  (215) 592-4663

Jerrold Seth Parker
3301 Bonita Beach Road
Bonita Springs, FL  34134
PH:  (239) 390-1000
Fax:  (239) 390-0055

Christopher Seeger
One William Street
New York, NY  10004
PH:  (212) 584-0700
Fax:  (212) 584-0799

Daniel E. Becnel, Jr.
425 W. Airline Highway
Suite B
LaPlace, LA  70068
PH:  (985) 536-1186
Fax:  (985) 536-6445

Ervin Amanda Gonzalez
255 Aragon Avenue
Cora Gables, FL  33134
PH:  (305) 476-7400
Fax:  305) 476-7444

Hugh P. Lambert
701 Magazine Street
New Orleans, LA  70130
PH:  (504) 581-1750
Fax:  (504) 529-2931

Gerald E. Meunier
2800 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
Fax:  (504) 528-9973

James Robert  Reeves
160 Main Street
Biloxi, MS  39530
PH:  (228) 374-5151
Fax:  (228) 374-6630

Bruce William Steckler
3102 Oak Lawn Ave.
Suite 1100
Dallas, TX  75219
PH:  (214) 523-6674
Fax:  (214) 520-1181

| | |
|---|---|
| Scott Weinstein<br>12800 University Drive<br>Suite 600<br>Ft. Myers, FL 33907<br>PH: (239) 433-6880<br>Fax: (239) 433-6836<br><br>Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431 | Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>PH: (757) 233-0009<br>Fax: (757-233-0455 |

**PLAINTIFFS' STEERING COMMITTEE**

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.WSuite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com<br><br>Andrew A. Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 (mailing address)<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Jeremy W. Alters<br>Alters Law Firm<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@alterslaw.com |

5

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Re-Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of November, 2011.

      /s/ Leonard A. Davis
      Leonard A. Davis
      Herman, Herman, Katz & Cotlar, LLP
      820 O'Keefe Ave.
      New Orleans, LA  70113
      PH:  (504) 581-4892
      Fax:  (504) 561-6024
      ldavis@hhkc.com

## SCHEDULE A

## DEFINITIONS

**"BNBM"** means Beijing New Building Material Company, Limited or Beijing New Building Material Public Limited Co.

**"BNBM Group"** means Beijing New Building Material (Group) Company, Limited.

**"CNBM Group"** means China National Building Material Group Corporation.

**"CNBM"** means China National Building Material Company, Limited.

**"CNBM USA Corp."** means China National Building Material USA Corp.

**"CNBM Trading"** means China National Building Material Import and Export Company or China National Building Material Trading Company.

**"Chinese Drywall"** means the defective Chinese drywall imported into the United States and at issue in this Multidistrict Litigation No. 2047.

"**Document"** or **"documents"** means and includes any written, recorded, or graphic matter, however produced or reproduced, whether or not in the possession, custody, or control of Defendant and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, books, brochures, notes, diaries, notebooks, ledgers, letters, contracts, checks, drawings, graphs, charts, reports, records, statements, receipts, computer diskettes, computer printouts, teletypes, telecopies, invoices, worksheets, lists, memoranda, correspondence, telegrams, schedules, photographs, sound recordings, films, computer media, or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.

**"Exporter Entities"** means Orient International Holding Shanghai Foreign Trade Co., Ltd.; Qingdao Kanghong Import and Export Co., Ltd.; Lianyungang Yuntai International Trade

7

Co., Ltd.; Zhejiang Provincial Second Light Industry Enterprises Group Imp. & Exp. Co., Ltd.; Nantong Economic and Technological Development Zone Corporation; Shandong Yuanhua International Trading Co., Ltd.; Qingdao Joy Industrial & Development Co., Ltd.; Jiangsu Easthigh Group Import & Export Co. , Ltd.; Shanghai Yujin Industry Co., Ltd.; Hangzhou Great Import and Export Co., Ltd.; Zibo International Economic and Technical Cooperation Corporation; China Xuzhou International Economic & Technological Cooperation Co., Ltd.; Xuzhou Hanbang Global Trade Co., Ltd.; Shanghai Kaidun Development Co., Ltd.; Jiangsu Sainty International Economic & Technical Cooperation Co., Ltd.; Qingdao Aoni Decoration Board and Materials Co., Ltd.

"**Person**" means any natural person, corporation, partnership, business, governmental body, or entity of any kind.

"**Relevant Time Period**" means the time period from January 1, 2001 to the present.

"**U.S.**" means any of the 50 United States and the United States territories Guam, U.S. Virgin Islands and Puerto Rico.

"**U.S. Standards**" means the standards promulgated by ASTM International (f/k/a American Society for Testing and Materials) and those promulgated by UL (Underwriters Laboratories) Standards.

"**Upstream/Downstream Entities**" means State Owned Asset Supervision and Administration Commission of the State Council; CNBM Group; BNBM Group; CNBM Trading, Building Materials Academy; China Cinda Asset Management Corporation; CNBM; BNBM; Tai'an Donglian Investments Trading Co., Ltd.; Shandong Taihe Dongxin Company, Limited; CNBM USA Corp.; and each entity's predecessors and successors; and those in active concert or participation with them.

"**You**" or "**Your**" means Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., in its present form, or whether known by any other name(s) during the Relevant Time Period, and/or any of its officers, directors, employees, agents, or representatives, as applicable.

## DEPOSITION TOPICS

Pursuant to Rule 30(b)(6), You shall designate and produce for deposition one or more of Your partners, officers, directors, managing agents, or other persons who consent to testify on your behalf concerning the following subject matters:

1. Contacts between You and buyers of your products and/or agents of buyers located within the U.S. during the Relevant Period, including but not limited to:

    a. Negotiations with buyers and/or agents of buyers located within the U.S. concerning their potential or actual purchase of your products.

    b. The nature, extent, and frequency of your communications with buyers and/or agents of buyers located within the U.S..

    c. The value and volume of sales to buyers within the U.S..

    d. Your acceptance of funds including wire transfers from banks and other financial entities located within the U.S.

    e. Hosting of buyers and/or agents of buyers located within the U.S. for visits to your production facility for the purpose of facilitating sales.

    f. Shipment of samples directly to buyers and/or agents of buyers located within the U.S.

    g. Providing marketing materials to buyers and/or agents of buyers located within the U.S., including product brochures, and directing potential buyers and/or agents to your website.

h. Customization of products including markings and edge seal tape to accommodate buyers located within the U.S.

i. Use of product markings indicating U.S. standards made at request of buyers and/or agents or buyers located within the U.S.

j. Efforts taken to ensure that the U.S. standards were met for products, including testing, submission of product to independent testing laboratories, and application to any independent entity for certification and/or license to mark the product as compliant.

k. Assurances to buyers and/or agents or buyers that products complied with state specific requirements.

l. Advice to buyers and/or agents of buyers located within the U.S. with respect to the packaging and shipment of products, including recommendations for shippers to accommodate their needs.

m. Communications with third party freight handling and shipping companies designed specifically to assist buyers and/or agents of buyers located within the U.S. to assist in arranging shipping to the U.S..

n. Representations to buyers and/or agents of buyers located within the U.S. concerning your ability to produce and ship products, including representations of your proven track record for sales.

o. Follow-up with buyers and/or agents of buyers located within the U.S. concerning the following topics:

   i. becoming an exclusive distributor;

    ii. the purchase of additional products sold by you or one of your affiliated companies;

    iii. satisfaction with product and desire to purchase additional product from your company; and

    iv. complaints.

  p. Purchase of raw materials from the U.S. utilized in the manufacture of your product(s).

2. Conducting business in the U.S. or with companies from the U.S. during the Relevant Time Period.

3. The presence, identity and function of any of employees, agents, or representatives of You, BNBM, or any Upstream/Downstream Entity in the U.S. during the Relevant Time Period.

4. Any travel to the U.S. or elsewhere by employees, representatives, or agents of any Upstream/Downstream Entity for business purposes, including for the purpose of attending trade shows and marketing products to the U.S., during the Relevant Time Period.

5. Banking by or financial transactions entered into by You, BNBM, or any Upstream/Downstream Entity in the U.S. during the Relevant Time Period.

6. The identity, nature, value and location of any personal or real property or other assets in the U.S. of which You, BNBM, or any Upstream/Downstream Entity are the legal or beneficial owner.

7. Business plans, marketing plans, and budgets for You, BNBM, and any Upstream/Downstream Entity during the Relevant Time Period, including but not limited to

advertising, marketing or promotion of Your products directed to the U.S. and all advertising, marketing, or promotion of Your products directed to or received by persons in the U.S.

8. The relationship between You and BNBM, and the relationship between You and the Upstream/Downstream Entities, during the Relevant Period, including but not limited to:

   a. Any loans, advances of funds, lines of credit, guarantees or assurances between these entities.

   b. The sharing of services between these entities, including, but not limited to, payroll, legal, accounting, technical, research & development, purchasing, and other services.

   c. Any agreements, including but not limited to cost-sharing agreements, distribution, marketing, manufacturing, equipment purchase, leasing, licensing and/or sales agreements, between these entities.

   d. Any common board members, officers, employees, agents, partners, customers or other affiliates between these entities, and any common capitalization, loans, investments, stock ownerships and insurance policies between them.

   e. Any person that is an employee, manager, agent, director, officer, or executive of one entity that is also an employee, manager, agent, director, officer, or executive of another entity.

   f. The indemnification by one entity of debts of another entity.

   g. The use of the same facilities, including offices, or equipment, by these entities.

   h. Corporate records maintained jointly between these entities.

   i. Assignments, licenses or sharing of intellectual property rights between these entities.

   j. Sharing of revenues, costs, profits, assets, liabilities, responsibilities, rights, and/or obligations between these entities.

   k. Operational and financial reporting between these entities.

   l. Public representations as to the relationship between these entities.

  9. The ownership, corporate structure and management of You, BNBM, and each of the Upstream/Downstream Entities during the Relevant Period, including but not limited to:

   a. Officers and directors of these entities.

   b. Any transfers of ownership, control, and/or possession of any assets or liabilities of these entities during.

   c. The meetings of the board of directors and/or officers of these entities.

   d. The capitalization, loans, investments, stock ownership and insurance policies of these entities.

  10. Any involvement by You, BNBM, and the Upstream/Downstream Entities in the manufacturing, pricing, marketing, distribution, design, development, composition, testing, inspection and/or performance of Chinese Drywall during the Relevant Time Period.

  11. The investigation of and response to complaints relating to odors and other issues associated with Chinese Drywall during the Relevant Time Period.

  12. The problems associated with Your drywall imported into the U.S. during the Relevant Time Period.

  13. Any propriety interest, governance, ownership or other commercial relationship between You and the People's Republic of China.

14. Any public investors in BNBM and the Upstream/Downstream Entities, including but not limited to Morgan Stanley, T. Rowe Price and/or J.P. Morgan, and/or their subsidiaries during the Relevant Time Period.

15. Any legal proceedings in the U.S. involving You, BNBM, or any Upstream/Downstream Entity.

16. Documents produced by You in this litigation, and the contents of Your profile form(s).

17. The creation of Taian Taishan Plasterboard Co. and its affiliates or subsidiaries, including but not limited to the purpose of its creation.

18. The development of new markets outside of China for export by You, BNBM and the Upstream/Downstream Entities, during the Relevant Time Period.

19. Shipping firms for overseas shipments, including to U.S. ports.

20. Your use of the internet, including company web-pages and industry bid sites for sales to the U.S..

21. Your compliance with Chinese Value Added Tax ("VAT") regulations, and representations made to the government of China and other regarding VAT.

22. Your use of and compliance with ISO (International Standard Organization), ASTM and U.S. Standards.

23. Customer survey and testing done by the Chinese government, including:

    a. The complaints that prompted testing of Chinese drywall and customer survey.

    b. Any and all documents and communications relating to the customer survey performed by You in investigation of the allegations concerning Chinese drywall.

    c. Any sales and marketing materials You created as a result of the testing and customer survey, and the identity of persons to whom they were distributed.

24. Your relationship with the "Exporter" entities identified in the attachment to Your manufacturer profile forms, including but not limited to:

    a. Negotiations with the exporters concerning their ability to market and/or Your product.

    b. The manner of communications between You and the exporters including the use of e-mail between You and the exporters, and the exporters and customers located within the U.S.

    c. Common officers or directors.

    d. Nature and extent of Your control over these exporters' sales and distribution.

    e. Extent of the exporters' right to obligate You.

    f. The nature of any geographic limitations on the exporters' sales territory.

    g. Your interactions with the exporters to set prices for Your product.

    h. The submission of sales or marketing reports to You by the exporters.

    i. The submission of customer lists to You by the exporters.

    j. The nature and extent of Your involvement in the exporters advertising and marketing including any reimbursement for marketing expenses.

    k. Whether or not You provided training or technical support to exporters concerning the sales of Your products.

l.  Procedures for communicating any customizations necessary for the product including product markings and edge seal tape markings received by the exporters from customers.

m.  Your knowledge concerning the exporters contacts with buyers and/or agents of buyers within the U.S.

25. Your knowledge of claims, demands, or lawsuits in the U.S. involving allegedly defective drywall manufactured by You, including but not limited to the date You first learned of any such claims, demands, or lawsuits;

26. Your knowledge of the lawsuit styled *Lennar Homes, LLC, et al. v. Knauf GIPS KG, et al.*, Case No. 09-07901, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County Florida and in the lawsuit styled *Germano, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* pending in the United States District Court, Eastern District of Louisiana, Case No. 2:09-cv-6687, including but not limited to the date upon which You first learned of the lawsuit and that a default had been entered in the lawsuit;

27. Your solicitation of legal advice and retention of counsel in connection with allegedly defective drywall manufactured by You, including but not limited to the date You first contacted legal counsel to discuss (i) the allegedly defective drywall You manufactured, (ii) claims, demands, or lawsuits involving the allegedly defective drywall You manufactured, and (iii) service of the complaints styled *Lennar Homes, LLC, et al. v. Knauf GIPS KG, et al.*, Case No. 09-07901, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County Florida and *Germano, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe*

*Dongxin Co., Ltd., et al,* pending in the United States District Court, Eastern District of Louisiana, Case No. 2:09-cv-6687, and the subsequent defaults entered in those cases.