Jan 13 2011
12:29PM
35358499

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF LOUISIANA

JOYCE W. ROGERS, individually, and )
on behalf of all other similarly situated, )
                           )      MDL 09-2047
             Plaintiffs, )
                           )
vs.                           )      CASE NO.: 2:10-cv-00362-EEF-JCW
                           )
KNAUF GIPS KG, et al         )      **ORAL ARGUMENT REQUESTED**
                           )
            Defendants. )

## SUPPLEMENTAL MOTION TO DISMISS LIFESCAPE BUILDERS, LLC

      **COMES NOW**, Defendant designated as Lifescape Builders, LLC, and in response to the Complaint and Intervention filed by Kathleen and Mariss Barbee, et al. on July 9, 2010, and received by Lifescape Builders, LLC, on December 29, 2010, moves this Court for an Order of Dismissal due to lack of personal jurisdiction. Lifescape Builders, LLC files this supplemental Motion to Dismiss for the special purpose of objecting to personal jurisdiction and therefore moves this Court to enter an Order dismissing all claims against Lifescape Builders, LLC, in entirety, pursuant to Fed. R. Civ. P. 12(b)(2) and (3).

      On March 15, 2010, and amended Omnibus Class Action was brought under the name of Joyce W. Rogers, individually and on behalf of other similarly situated against multiple defendants, including Lifescape Builders, LLC. On July 16, 2010, a Motion to Dismiss was filed on behalf of Lifescape Builders, LLC (Motion to Dismiss attached hereto as Exhibit A).

{B1244809}

On December 29, 2010, Lifescape Builders, LLC received a summons with regards to the Plaintiffs' Kathleen and Mariss Barbee, et al (Omnibus Class Action Complaint in Intervention, attached hereto as Exhibit B).

Lifescape Builders adopts and reincorporates the previously Motion to Dismiss filed on July 16, 2010, with this Court (Exhibit A).

**WHEREFORE, PREMISES CONSIDERED,** Lifescape respectfully requests this Court to dismiss Lifescape Builders, LLC entirely from this action.

<u>**DEFENDANT RESPECTFULLY REQUESTS ORAL ARGUMENT**</u>.

Respectfully submitted,

/s/ Philip G. Piggott
Philip G. Piggott

Attorney for Lifescape Builders, LLC.

OF COUNSEL:
Philip G. Piggott
William Anthony Davis, III
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL  35259-8512
Telephone:  (205) 868-6000
Fax:  (205) 868-6099

{B1244809}

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing Supplemental Motion to Dismiss Lifescape Builders, LLC, has been served upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 13th day of January, 2011.

                /s/ Philip G. Piggott
                OF COUNSEL

{B1244809}



Jan 13 2011
12:26PM

# EXHIBIT A



# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOYCE W. ROGERS, individually, and ) on behalf of all other similarly situated, ) ) Plaintiffs, ) ) vs. ) ) KNAUF GIPS KG, et al ) ) Defendants. ) | MDL 09-2047 <br><br> CASE NO.: 2:10-cv-00362-EEF-JCW <br><br> **ORAL ARGUMENT REQUESTED** |

## MOTION TO DISMISS LIFESCAPE BUILDERS, LLC

**COMES NOW**, Lifescape Builders, LLC ("Lifescape"), appearing solely for the limited and special purpose of objecting to personal jurisdiction in this forum and moves this Court to enter an Order dismissing all claims against Lifescape Builders, LLC, in their entirely pursuant to Fed. R. Civ. P. 12(b)(2) and (3). Lifescape is not subject to, nor has it submitted to, the Jurisdiction of this Court. The Eastern District of Louisiana is an improper venue for any proceeding against this Defendant. Lifescape submits herewith an accompanying Memorandum of Law in support of this motion.

**WHEREFORE, PREMISES CONSIDERED**, Lifescape respectfully requests this Court to dismiss Lifescape Builders, LLC entirely from this action.

## DEFENDANT RESPECTFULLY REQUESTS ORAL ARGUMENT.

{B1182319}

Respectfully submitted,

/s/ Philip G. Piggott
Philip G. Piggott

Attorney for Lifescape Builders, LLC.

OF COUNSEL:

Philip G. Piggott
William Anthony Davis, III
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL  35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Motion to Dismiss has been served upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 16th day of July, 2010.

/s/ Philip G. Piggott
OF COUNSEL

{B1182319}



## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOYCE W. ROGERS, individually, and<br>on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KNAUF GIPS KG; et al.<br><br>Defendants. | MDL 09-2047<br><br>CASE NO.: 2:10-cv-00362-EEF-JCW<br><br>ORAL ARGUMENT REQUESTED. |

### LIFESCAPE BUILDERS, LLC'S MEMORANDUM
### OF LAW IN SUPPORT OF MOTION TO DISMISS

**I.    PROCEDURAL HISTORY**

On March 15, 2010, an amended Omnibus Class Action Complaint (IV) (the "Complaint"), was brought in the name of Joyce W. Rogers, individually and on behalf of all other similarly situated, ("Plaintiff"), against multiple Defendants, including Lifescape Builders, LLC. The Complaint purports to assert multiple causes of action against Lifescape Builders, LLC, and demands a judgment for compensatory, statutory and punitive damages, along with injunctive relief.

**II.    BACKGROUND FACTS**

This case includes numerous and varying claims arising out of the importation, installation, and use, of allegedly tainted drywall imported from China. Lifescape Builders, LLC is alleged to be a general contractor that has utilized potentially hazardous drywall. On March 15, 2010, Plaintiff filed an "Omnibus Class Action Complaint (i)"

{B1182321}

naming Lifescape Builders, LLC, and many other entities as Defendants. (Rec. Doc. 1). Lifescape Builders, LLC is correctly alleged to be an Alabama Limited Liability Company, with its principal place of business located in Jefferson County, Alabama. (Rec. Doc. 1).

As this Court is aware, this class action suit filed by the Plaintiffs is related to numerous other filings across the country, all arising out of similar allegations that certain drywall, imported from China, is potentially hazardous. It is believed that Lifescape Builders, LLC was named as a Defendant, as they are a general contractor that has allegedly utilized tainted drywall during the construction of certain property. However, as will then be demonstrated below, Lifescape Builders, LLC does not maintain minimum contacts with the State of Louisiana sufficient to allow jurisdiction by this Honorable Court. Accordingly, Lifescape Builders, LLC, moves this Court to issue an order dismissing the Plaintiff's Complaint against Lifescape Builders, LLC, for lack of personal jurisdiction, and/or improper venue.

A very few of the multitude of Plaintiffs reside in the State of Alabama. The Complaint contains no specific allegations against this specific Defendant with the exception of the statement contained in paragraph 628. (Complaint ¶628 In paragraph 628 of the Complaint, the Plaintiffs make the following vague and inaccurate allegations against Lifescape:

> 133. Defendant Lifescape Buildings, (sic), LLC is an entity or individual with a service address at Bruce C. Webster, 530 Beacon Pkwy, West, Suite 900, Birmingham, Alabama 35209. Defendant is organized under the laws of the State of Alabama. Defendant built certain subclass members' homes

(B1182321)

and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to sub-class members as described herein.

As is evidenced by the Affidavit of Sam G. Lowrey III ("Lowrey"), (which Affidavit is attached hereto as Exhibit "A"), Lifescape Builders LLC's only place of business is in Birmingham, Alabama. (Exhibit "A"). Lifescape Builders is a Limited Liability Company and it has never had a location, nor transacted any business, outside the State of Alabama (Exhibit "A"). Lifescape has never performed any business in the State of Louisiana, never constructed any houses, or other properties in the State of Louisiana, and more specifically has never made any sales or delivery of drywall in the State of Louisiana, and has never purchased, supplied, or delivered any drywall to any person or entity in the State of Louisiana. (Exhibit "A"). Moreover, as stated by Mr. Lowrey:

- Lifescape has never sought a business license nor been licensed to conduct business in Louisiana, (Exhibit "A");

- Lifescape has never maintained a business listing, telephone number, or business address in Louisiana, (Exhibit "A");

- Lifescape has never owned any real property in Louisiana, (Exhibit "A");

- Lifescape has never maintained or operated any factories, warehouses, or offices in Louisiana, (Exhibit "A");

- Lifescape has never advertised in Louisiana, (Exhibit "A");

- Lifescape has never marketed or promoted sales of any products or properties in Louisiana, (Exhibit "A"); and

- Lifescape has never maintained bank accounts in Louisiana (Exhibit "A").

{B1182321}

- Lifescape has never received any business from any contracts entered into in Louisiana, whether individual customers or business customers (Exhibit "A").

## III.   CHOICE OF LAW

Because Plaintiffs have invoked federal jurisdiction, this Court must apply the substantive law of Louisiana and federal procedural law. *Erie RR Co. v. Tomkins*, 304 U.S. 64, 78-79 (1938); *Hanna v. Plumer*, 380 U.S. 460, 473 (1965). State substantive law includes Louisiana's choice of law principles. *Klaxon v. Stentor Electric. Mfg. Co.*, 313 U.S. 487, 496 (1941).

This Court has previously held that actions filed directly into an MDL in Louisiana "by citizens who reside in the MDL court's judicial district. . . would have been filed [in Louisiana], whether or not an MDL existed in [Louisiana]. In these cases, the MDL court must apply its own state law, that is, the law of the state in which it sits. It is undisputed that the MDL court has complete authority over every aspect of these cases." *In re VIOXX Products Liability Litigation*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007). Therefore, Louisiana law applies to this case.[1]

## IV.   STANDARD ON MOTION TO DISMISS

---

[1] Even if Alabama law applied, Lifescape is due to be dismissed for lack of personal jurisdiction, because both Louisiana's and Alabama's long-arm statutes extend due process to the fullest extent permitted by federal due process. *Davis v. Dempster*, 790 So.2d 43, 46 (La. App. 2000) *writ denied* 785 So.2d 830 (La. 2001); *Ex parte McInnis*, 820 So.2d 795 (Ala. 2001) *cert. denied* 535 U.S. 1077 (2002). *See e.g. In re Bausch & Lomb, Inc.*, 2007 WL 3046682 at 3 (D. S. C. Oct. 11, 2007) in which the court did not determine which substantive law applied, because there was no conflict among the states. *Id.* at *3.

{B1182321}

When considering this motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(2) and 12(b)(6), this Court must consider the allegations contained in the Plaintiff's complaint as true, unless those allegations are controverted by the Defendant's affidavit. *Thomas v. Kennedy*, 75 Fed. Appx. 281, 283-4 (5th Cir. 2003) (unpublished) citing *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 785 (5th Cir. 1990)(emphasis added).

## V.   THIS ACTION IS DUE TO BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

### A.   Under Louisiana's Long-Arm Statute, and Applicable Federal Law, Plaintiffs' Claims Must be Dismissed.

"In diversity actions. . . the law of the forum state, subject to the Constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over non-resident Defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F. 3d 389, 396 (5th Cir. 2001), citing *Southmark Corp. v. Life Investors, Inc.*, 851 2d 763, 722 n. 15 (5th Cir. 1988) and *Stuart v. Spademan*, 722 F. 2d 1158, 1189 (5th Cir. 1985).

The Louisiana Long-arm statute, La. R.S. 13:3201(A) and (B), describes the circumstances under which a Louisiana court may exercise personal jurisdiction over a non-resident Defendant such as Lifescape:

> A.   A court may exercise personal jurisdiction over a non-resident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the non-resident:
>
> (1)  Transacting any business in this state;
>
> (2)  Contracting to supply services or things in this state;

{D1182321}

(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state;

(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

B.  In addition to the provision of Subsection A, <u>A court of this state may exercise personal jurisdiction over a non-resident on any basis consistent with the Constitution of this state and of the Constitution of the United States.</u>

(Emphasis added).

<u>La. R.S. 13:3201</u>(b) ensures that the long-arm jurisdiction of a Louisiana court extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So.2d 790, 792 (La. 1987). In *Superior Supply*, the court stated that under "the express terms of the present long-arm statute, the sole inquiry into jurisdiction over a non-resident is a one-step analysis of the constitutional due process requirements.  If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under the long-arm statute." *Id.*  (Citing *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So. 2d 1188, 1192 (La. 1987).  See also, *Puckett v. Advance Sports, Inc.*, No. 2009 CA 0507, 2009 WL 3430283 (La. App. 1 Cir. Oct. 26, 2009) at *4; *Thomas v. Kennedy, supra,* 75 Fed. Appx. at 283.

Initially, it is clear that when the jurisdiction of the Court over the Defendant is challenged, the burden rests with the Plaintiffs to prove there is personal jurisdiction.

[B1182321]

*Familia De Boom v. Arosa Mercantile S.A.*, 629 F.2d 1134 (5ᵗʰ Cir. 1980). Therefore, in the present matter, the burden rests with the Plaintiff to demonstrate to this Court that there is personal jurisdiction over Lifescape Builders, LLC. However, as will be demonstrated below, the Plaintiffs are unable to meet the burden of proof.

As this Court is aware, there are two types of analysis that are applied to issues of jurisdiction, "specific" and "general". When the cause of action arises out of a Defendant's purposeful contacts with the forum, the appropriate consideration is "specific" jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed., 2d 490 (1980). Where a cause of action does not arise out of a foreign Defendant's purposeful contacts with the forum, however, due process requires that the Defendant has engaged in "continuous and systematic contacts", and the forum to support the exercise of "general" jurisdiction over that Defendant. *See Helicopteros Nacionales de Colombia, S.A., the Hall*, 466 U.S. 408, 104, S.Ct. 1968 (80 L.Ed.2d 404 (1984)). Essentially, "general jurisdiction" requires a higher level of contact with the forum to support jurisdiction over the Defendant. However, as detailed below, Lifescape Builders, LLC it not subject to the jurisdiction of this Honorable Court under either a specific or general jurisdictional analysis.

    1)    **Specific Jurisdiction**

The Fourteenth Amendment's Due Process Clause protects a Defendant's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contracts. *Nuove Pignone, SpA v. Storman Asia M/V*, 310 F.3d

374, 378 (5th Cir. 10/31/2002); citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Fifth Circuit has clarified that when determining whether a court may assert jurisdiction over a non-resident Defendant there are two components. *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1360 (5th Cir. 4/13/1990). Initially, the Defendant must be amenable to Service of process under the forum state's jurisdictional long-arm statute. *Id.* Second, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *Id*; *See, Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985). Louisiana's long-arm statute, La. R.S. 13:3201, provides in pertinent part,

A.  A court may exercise personal jurisdiction over a non-resident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the non-resident:

(1)  Transacting any business in this state.

(2)  Contracting to supply services or things in this state.

(3)  Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

(4)  Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

(8)  Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

[B1182321]

"In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a non-resident on any basis consistent with the constitution of this state and of the Constitution of the United States." La. R.S. 13:3201(B).

Accordingly, under the applicable case law and the Louisiana long-arm statute the proper analysis is whether exercising jurisdiction would violate the Due Process clause. The pertinent consideration regarding jurisdiction over Lifescape is whether Lifescape has "certain minimum contracts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *See International Shoe Co. v. Washington*, 326 U.S. at 316 (citations omitted).

The Fifth Circuit has developed a three-part test in order to determine whether jurisdiction is appropriate under the Due Process Clause and *International Shoe*. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 10/31/2002). First, the Court analyzes whether the Defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. Second, the appropriate inquiry is whether the plaintiff's cause of action arises out of, or results from, the Defendant's forum-related contacts. The last consideration is whether the exercise of personal jurisdiction if fair and reasonable.

a)   **Lifescape did not purposefully direct its activities toward Louisiana.**

In order to determine whether Lifescape has minimum contacts with Louisiana, the Court, "must identify some act whereby [Lifescape] 'purposely avail[ed] itself of the

Case 2:09-md-02047-EEF-JCW   Document 8556   Filed 04/14/11   Page 16 of 61

privilege of conducting activities [there], thus invoking the benefits and protections of its laws.'" *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469-470 (5th Cir. 1/25/2006). In other words, Lifescape's conduct must show that it "reasonably anticipates being haled into Court" in Louisiana. *Id.* at 470 (1980). However, **Lifescape has not committed any act to show that it reasonably anticipates being haled into court in Louisiana, and the burden is on the plaintiffs to prove to the contrary.**

Plaintiffs are unable to meet their burden of proof as established by this Court and the United States Fifth Circuit. As stated above, Lifescape has never transacted any business in the State of Louisiana. (Exhibit "A"). Lifescape has not targeted any of its activities towards the State of Louisiana. (Exhibit "A"). Plaintiffs have not established any fact to the contrary, and it is their burden to make such a showing to this Court.

> b)   **Plaintiffs' Claims do not arise out of any contact with Louisiana by Lifescape.**

The second inquiry under the Fifth Circuit's test established in *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F3d 374 (5th Cir. 10/31/2002), is whether plaintiffs' cause of action relates to the Defendant's forum-related contacts. This cause involves allegedly defective drywall. Lifescape is not aware of any of business transaction having anything to do with Louisiana. (Exhibit "A"). Although Plaintiffs have made vague and generic allegations, Plaintiffs have no information or evidence to show that this litigation relates to any contacts with Louisiana by Lifescape. Plaintiffs do not even allege that Lifescape distributed drywall in Louisiana or constructed any residences or buildings in the State of

Louisiana.  Consequently, the Plaintiffs' cause of action cannot arise from or relate to these non-existent contacts.

### c)   Exercising jurisdiction over Lifescape would violate the dictates of International Shoe.

Lastly, the Court must inquire into whether the exercise of jurisdiction in Louisiana would "offend traditional notations of fair play and substantial justice." *Id*; citing *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154.  Lifescape is not authorized to do, and has never done, any business in the State of Louisiana.  (Exhibit "A"). Additionally, Lifescape has never advertised in any publications targeted to the State of Louisiana, has never received any business from any contracts entered into in Louisiana, does not maintain an office in Louisiana, and does not solicit business in Louisiana. (Exhibit "A").

Lifescape incorporates all of the previous arguments and submits to this Court, that requiring them to defend a suit in state where they have absolutely no contacts, and the Plaintiffs have failed to establish any contact by Lifescape with the State of Louisiana, would "offer traditional notations of fair play and substantial justice." Furthermore, the burden and expense of litigation in Louisiana, and the expected heavy amount of travel from Alabama in order to defend the allegations in this complex litigation out weighs the benefit of exercising jurisdiction.  See in general: *Felch v. Transportes Lar-Mex SA De CV*, 92 F.3d 320, 324 (5th Cir. 1996)(Wherein the Fifth Circuit announces the reasonableness factors discussed *infra*).  While Louisiana has an interest in protecting its citizens, and Lifescape acknowledges this fact, Lifescape has

{B1182321}

never directed any activity to the citizens of Louisiana (Exhibit "A"), and Plaintiffs must satisfy their prima facie showing prior to this Court considering Louisiana's interest in adjudicating this matter. Next, the Plaintiff may secure relief in a proper forum, other than the Eastern District of Louisiana. Lifescape is an Alabama Limited Liability Company with its principal place of business in Alabama. Lastly, the shared interests of the several states would be furthered by adhering to the long-held requirements that a Defendant maintain minimum contacts with a forum prior to being subject to the jurisdiction of that forum's courts.

For the reasons set forth above, the Plaintiffs have not satisfied their burden of proof in justifying this Court's exercise of jurisdiction over Lifescape under a specific analysis.

    2)    General Jurisdiction.

It is anticipated that the Plaintiffs will also argue that this Court should exercise jurisdiction over Lifescape even in the event that the cause of action did not arise out of Lifescape's contacts with Louisiana.

As previously set forth, where a cause of action does not arise out of a foreign Defendant's purposeful contacts with the forum, due process requires that the Defendant has engaged in the higher standard of "continuous and systematic contracts" in the forum to support the exercise "general" jurisdiction over that Defendant. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct 1969, 80 L.Ed2d 404 (1984).

{B1182321}

The Louisiana Eastern District addressed the issue of general jurisdiction in *Ollagues v. Kausharian*, 557 F.Supp. 2d 731 (E.D. La. 5/27/2008). In *Olagues*, the Eastern District stated that general jurisdiction may be exercised over a Defendant where the Defendant has "continuous and systematic general business contracts with the forum state." *Id*, at 738; citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 416. Consequently, the Plaintiffs would be subject to a higher burden of proving that Lifescape engaged in, "continuous and systematic" contacts. The *Olagues* court found, "**The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a Defendant and forum.**" (Emphasis added). *Id*; citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). As discussed above 1) Lifescape has never transacted any business in the State of Louisiana, 2) Has never advertised in any publications targeted to the State of Louisiana, 3) Lifescape has never received any business from any contracts entered into in Louisiana, 4) It does not maintain any offices in Louisiana, and 5) Lifescape does not solicit any business in Louisiana. (Exhibit "A").

Further, even repeated contacts by Lifescape, which at all times is vehemently denied, with Louisiana, "may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Id*.; *Revell v. Lidov*, 317 F3d 467, 471 (5th Cir. 2002). Even if the Plaintiffs were able to establish some kind of random contact with the State of Louisiana, this Court has found that random, fortuitous, or attenuated contacts will not be sufficient for the Court to find that general jurisdiction exists. *Id* 738.

{B1182321}

3)   **Effect of These Proceedings As a Class Action or Multi-District Litigated Matter.**

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on a class certification. *In Re: Train Derailment Near Amite, Louisiana on October 12, 2002; 2004 WL 224573(E.D. La. 2/3/2004).*   In that case, the Plaintiff brought suit against two railroad Defendants arising out of a train derailment in Louisiana. *Id.* at *1. The Plaintiff asserted individual and class claims.  The Defendant asserted that it was not amenable to suit in Louisiana.  In opposition, the Plaintiff asserted that the Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." *Id. at *1.*   Following the analysis of jurisdiction, the Court concluded, "Finally, this Court is unpersuaded that the certification of a class in this case has any bearing on [the Defendant's] motion to dismiss for lack of personal jurisdiction. <u>The personal jurisdiction determination depends solely on [the Defendants] conduct in and contacts with the forum state.</u>" *Id at *3.*

B.   **The Eastern District of Louisiana is an improper forum for any claims brought against Lifescape.**

Alternatively, should this court find that Lifescape is subject to personal jurisdiction, the Eastern District of Louisiana is not the proper forum for the claims against Lifescape.

[B1182321]

28 U.S.C.A. § 1404  states in pertinent part:

(a)    For the convenience of parties and witnesses, in the interest of justice, a
district court may transfer any civil action to any other district or division
where it might have been brought.

(b)    Upon motion, consent or stipulation of all parties, any action, suit or
proceeding of a civil nature or any motion or hearing thereof, may be
transferred, in the discretion of the court, from the division in which
pending to any other division in the same district.  Transfer of proceedings
*in rem* brought by or on behalf of the United States may be transferred
under this section without the consent of the United States where all other
parties request transfer.

Additionally, 28 U.S.C.A. §1406 states in pertinent part:

(a)    The district court of a district in which is filed a case laying venue in the
wrong division or district shall dismiss, or if it be in the interest of justice,
transfer such case to any district or division in which it could have been
brought.

As is discussed at length above, the Eastern District of Louisiana does not possess

jurisdiction over Lifescape.  Additionally, or in the alternative, the Eastern District of

Louisiana is an improper venue for any and all claims brought against Lifescape.   1)

Lifescape has never transacted any business in the State of Louisiana, 2) Never advertised

in any publications targeted to the State of Louisiana, 3) Lifescape has never received any

business from any contracts entered into in Louisiana, 4) Lifescape does not maintain any

offices in Louisiana, and 5) Lifescape does not solicit any business in Louisiana.  (Exhibit

"A").  The Plaintiffs are unable to establish that any activities on behalf of Lifescape

occurred in the State of Louisiana, that any of Lifescape's products ended in the forum,

or that Lifescape is even subject to jurisdiction in this district.  If this court does not

{B1182321}

dismiss the claims against Lifescape for lack of personal jurisdiction, the convenience of the parties and witnesses and interests of justice require a transfer of this case. Lifescape prays that this Honorable Court dismiss the Plaintiffs' claims against Lifescape, or transfer said claims to a venue where they could have originally been brought, namely Alabama.

## VI.   PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION, AND THEY DO NOT HAVE STANDING

Plaintiffs have not alleged any facts that link any defective drywall at issue with Lifescape; thus, their complaint is based on rank speculation that Lifescape is a proper Defendant. Consequently, Plaintiffs' complaint is due to be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) because it does not allege a cause of action against Lifescape. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The United States Supreme Court has recently revisited Federal Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, supra. In *Twombly*, the Court expressly overruled *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), insofar as *Conley* held that dismissal was not available "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 563. *Twombly* holds that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. (*See also Bausch & Lomb, Inc.*, 2007 WL 3046682 (D.S.C. Oct. 11, 2007), an MDL action, in which certain of the Plaintiff's claims were dismissed because they relied on conclusory statements that the Plaintiffs "have been

[B1182321]

monetarily injured" and did not provide factual allegations to support their legal conclusions).

In *Ashcroft v. Iqbal*, _____U.S. _____, 129 S.Ct. 1937, 1950 (2009), the United States Supreme Court stated that when evaluating the sufficiency of a complaint, a court must identify and disregard all unsupported legal conclusions, and determine whether the remaining factual allegations plausibly suggest the Defendant's liability, because "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Id* at 1950 citing *Bell Atlantic Corp. v. Twombly*, at 555. (*See also Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F. 3d 228, 230 (5th Cir. 2007)(*quoting Plotkin v. IP Axess, Inc.*, 407 F. 3d 690, 696 (5th Cir. 2005), in which the Fifth Circuit held that it does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

## VII.   CONCLUSION

On March 15, 2010, Plaintiffs filed an "Omnibus Class Action Complaint" naming Lifescape Builders LLC as a Defendant. (Rec. Doc. 1). However, Lifescape does not have minimum contacts within Louisiana sufficient to be subject to the jurisdiction of this Honorable Court. The Fifth Circuit is clear that when the jurisdiction of the Court over the Defendant is challenged, the burden rests with the Plaintiffs to prove there is personal jurisdiction. *Familia De Boom v. Arosa Mercantile, S.A.*, 629 F.2d 1134 (5th Cir. 1980). In the present matter, Lifescape has demonstrated to this Court that the exercise of

[B1182321]

jurisdiction would be improper.  In the alternative, Lifescape argues that venue is also improper in the Eastern District of Louisiana.

Respectfully submitted,

/s/ Philip G. Piggott
Philip G. Piggott

Attorney for Lifescape Builders, LLC.

OF COUNSEL:
Philip G. Piggott
William Anthony Davis, III
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL  35259-8512
Telephone:  (205) 868-6000
Fax: (205) 868-6099

* * ORAL ARGUMENT REQUESTED * *

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Motion to Dismiss has been served upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 16th day of July, 2010.

/s/ Philip G. Piggott
OF COUNSEL

{B1182321}



IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

JOYCE W. ROGERS, individually, and )
on behalf of all other similarly situated, )
                                       )      MDL 09-2047
          Plaintiffs,        )
                                         )
vs.                                      )      CASE NO.: 2:10-cv-00362-EEF-JCW
                                        )
KNAUF GIPS KG; et al.       )      **ORAL ARGUMENT REQUESTED**
                                        )
         Defendants.       )

## AFFIDAVIT OF SAMUEL G. LOWREY, III

STATE OF ALABAMA         )

JEFFERSON COUNTY         )

       BEFORE ME, the undersigned authority, in for said county and state, appeared Samuel G, Lowrey, III, who, after being duly sworn by me under oath, deposes and states as follows:

       1.      My name is Samuel G. Lowery III, and I am the Project Manager of Lifescape Builders, Inc., LLC ("Lifescape"). I am over the age of nineteen (19), and I have personal knowledge of the matters and facts stated herein.

       2.      I make this affidavit in connection with the lawsuit styled *Sean and Beth Payton, et al. v. Knauf GIPS KG, et al.*, (hereinafter the "lawsuit") filed in the United

(B1)82325)

States District Court for the Eastern Division of Louisiana as Civil Action No.: 2:10-cv-00362-EEF-JCW, and assigned MDL No.: 09-2047, Section L.

3.     Lifescape is a Limited Liability Corporation, and its only place of business is in Jefferson County, Alabama.

4.     I am a custodian of Lifescape's business records, which Lifescape maintains in the regular course of Lifescape's business.

5.     Lifescape is a general contractor, and it has never had an office outside of Jefferson County, Alabama.

6.     Lifescape's business records confirm that it has never purchased, sold, delivered, or supplied drywall to any person or entity in the State of Louisiana.

7.     Lifescape has never sought a business license in the State of Louisiana, or been licensed to conduct business in the State of Louisiana.

8.     Lifescape has never maintained a business listing, telephone number, or business address in the State of Louisiana.

9.     Lifescape has never owned, built or sold any real property in the State of Louisiana.

10.    Lifescape has never maintained or operated any factories, warehouses, or offices in the State of Louisiana.

{B1182325}

11.   Lifescape has never advertised in the State of Louisiana.

12.   Lifescape has never marketed or promoted sales of any products or realty estate in the State of Louisiana.

13.   Lifescape has never maintained bank accounts in Louisiana.

14.   Lifescape has never advertised in any publications either targeted to the State of Louisiana, or in any way intended to draw business from any potential customers in Louisiana.

15.   Lifescape has never received any business from any contracts in Louisiana, whether individual customers or business customers.

16.   Lifescape does not and has never solicited any business or transacted any business in Louisiana.

FURTHER AFFIANT SAITH NOT.

Dated this the *15th* day of July, 2010.

Lifescape Builders, Inc., LLC

By: _____
Samuel G. Lowrey, III
Project Manager

{B1102325}

STATE OF ALABAMA                    )

JEFFERSON COUNTY                    )

    I *Jennifer L. Yates* in and for said county and state, hereby certify that Samuel G. Lowrey, III whose name as Project Manager of Lifescape Builders, Inc., LLC, is signed to the foregoing document, and who is known to me, acknowledged before me on this day that, being informed of the contents thereof, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

    Given under my hand and official seal, this the 15th day of July, 2010.

                        NOTARY PUBLIC

(SEAL)

                    My Commission Expires: 5-14-12

[B11B2325]

# EXHIBIT B

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

DEC 29 2010

| | |
|---|---|
| Joyce W. Rogers, et al | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 10-362 Section L |
| Knauf Gips KG, et al | ) |
| _Defendant_ | ) |

SUMMONS IN A CIVIL ACTION    Complaint in Intervention IV(A)

To: *(Defendant's name and address)*  LifeScape Buildings, LLC
1000 URBAN CENTER DRIVE STE 300
BIRMINGHAM, AL 35242

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT  Loretta G. Whyte

Date:  Sept 27 2010   _____
_Signature of Clerk or Deputy Clerk_

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

JOYCE W. ROGERS, et al.

        **Plaintiffs,**

    **v.**

KNAUF GIPS KG, et al.

**CASE NO.: 10-362**

## PLAINTIFFS', KATHLEEN AND MARISS BARBEE, *et. al.,*
## OMNIBUS CLASS ACTION COMPLAINT IN INTERVENTION (IV(A))

Pursuant to Fed. R. Civ. P. 23, the Intervening Plaintiffs in this action bring suit on behalf of themselves and all other similarly situated owners and residents of real properties containing defective Chinese manufactured drywall that was manufactured, imported, exported, brokered, distributed, delivered, supplied, marketed, inspected, installed, or sold by the Defendants.

Intervening Plaintiffs have intervened in *Rogers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.), since they are absent class members in that action. As absent class members, Intervening Plaintiffs are similarly situated to the *Rogers* plaintiffs and the defendants named in the *Rogers* complaint are liable to the Intervening Plaintiffs. Intervening Plaintiffs incorporate and adopt the substantive allegations of the *Rogers* complaint ¶¶ 1-6, and 529-838 herein by reference.

The Intervening Plaintiffs seek to be class representatives for the class identified in *Rogers*. Additionally, Intervening Plaintiffs are also seeking to be class representatives for certain of the subclasses identified in the *Rogers* complaint. The *Rogers* Defendants who are aligned with Intervening Plaintiffs are liable to Intervening Plaintiffs for their role in the design, manufacture, importing, distributing, delivery, supply, marketing, inspecting, installing, or sale of the defective drywall at issue in this litigation. Finally, Intervening Plaintiffs assert claims

against Knauf USA for its role in the distribution, delivery, supply, marketing, and sale of the
defective drywall at issue in this litigation.

Each of the Intervening Plaintiffs are identified in the chart below.  This chart provides all
pertinent information regarding the Intervening Plaintiffs (*i.e.*, their names, the addresses of the
subject properties, the citizenship of the Intervening Plaintiffs, and the subclasses (if any) in
which the Intervening Plaintiffs are seeking to participate as class representatives):

| | INTERVENING PLAINTIFFS | | | | |
|---|---|---|---|---|---|
| | PLAINTIFF(S) | ADDRESS OF SUBJECT PROPERTY | CITIZENSHIP OF PLAINTIFF(S) | SUBCLASS APPLICATION TO PLAINTIFF(S) | SUBCLASS NO. |
| 1. | Barbee, Kathleen and Marissa | 1948 NE 5th Street Boynton Beach, FL 33435 | FL | Cornerstone Group Development, LLC | 39 |
| 2. | Bernstein, John and Rachel (also being intervened on Omni I) | 2783 NE 31st Lighthouse Point, FL 33064 | FL | Robert/Charles Builders, Inc. | 142 |
| 3. | Brazozicke, Paul and Mary | 834 SW 4th Avenue Cape Coral, FL 33991 | FL | O'Key Homes, Inc. | 85 |
| 4. | Philias, Roldry | 1802 NE 5th Street Boynton Beach, FL 33435 | FL | Cornerstone Group Development, LLC | 39 |
| 5. | Prieshoff, Valerie | 4390 Lazio Way #407 Ft. Myers, FL 33901 | FL | Lennar Homes, LLC<br><br>Robert/Charles Builders, Inc.<br><br>Banner Supply Co. | 72<br><br>142<br><br>2 |
| 6. | Quigley, Shannon | 1954 NE 5th Street Boynton Beach, FL 33435 | FL | Cornerstone Group Development, LLC | 39 |

2

| INTERVENING PLAINTIFFS | | | | |
|---|---|---|---|---|
| PLAINTIFF(S) | ADDRESS OF SUBJECT PROPERTY | CITIZENSHIP OF PLAINTIFF(S) | SUBCLASS APPLICATION TO PLAINTIFF(S) | SUBCLASS NO. |
| 7. | Rivera, Alberto | 2273 SW Crocus LN Port St. Lucie, FL 34953 | FL | Groza Builders, Inc. | 55 |
| 8. | Stewart, Stephen and Joann | 70264 10th Street Covington, LA 70433 | LA | Royal Homes, L.L.C. Interior/Exterior Building Supply, LP Interior/Exterior Enterprises, L.L.C. | 97 6 7 |
| 9. | Labell, Barry (also being intervened on Omni I) | 10560 Stephanie Way Unit 206 Port St. Lucie, FL | FL | Completed Communities, III, LLC | 36 |
| 10. | Quattrocchi, William A. (also being intervened on Omni I) | 10320 SW Stephanie Way Unit 212 Port St. Lucie, FL | FL | Completed Communities, III, LLC | 36 |
| 11. | Traina, Richard and Lorraine Cammarato, Joseph and Cathleen (also being intervened on Omni I) | 10480 Stephanie Way Unit 3-206 Port St. Lucie, FL | NY | Completed Communities, III, LLC | 36 |
| 12. | Warburton, Stacey and Andrew | 3930 SW 52 Avenue Pembroke Park, FL 33023 | FL | Gregan Construction Corp. La Suprema Trading, Inc. La Suprema Enterprise, Inc. | 52 10 9 |
| 13. | Godwin, Franklin and Veronica (also being intervened on Omni I) | 10440 Stephanie Way #205 Port St. Lucie, FL 34987 | MI | Completed Communities, III, LLC | 36 |

3

| INTERVENING PLAINTIFFS | | | | |
|---|---|---|---|---|
| PLAINTIFF(S) | ADDRESS OF SUBJECT PROPERTY | CITIZENSHIP OF PLAINTIFF(S) | SUBCLASS APPLICATION TO PLAINTIFF(S) | SUBCLASS NO. |
| 14. Morales, Lionel J. and Carolyn C. | 119 Teddy Lane Picayune, MS 39466 | MS | Berrywood Estates a Senior Coummunity, LLC | 24 |
| 15. Youssef, Mark and Marian | 445 21ˢᵗ Court SW Vero Beach, FL 32962 | FL | Majestic Homes of Vero Beach, Inc. | 82 |
| | | | Majestic Homes and Realty SW, LLC | 80 |
| | | | JPG Enterprises, Inc. d/b/a Majestic Homes | 67 |
| 16. Zakhary, Behgat | 430 21ˢᵗ Court SW Vero Beach, FL 32960 | FL | Majestic Homes of Vero Beach, Inc. | 82 |
| | | | Majestic Homes and Realty SW, LLC | 80 |
| | | | JPG Enterprises, Inc. d/b/a Majestic Homes | 67 |
| 17. Klemann, Travis John (*previously named in Payton) | 3942 SW Hainlin Street Port Saint Lucie, FL 34953 | FL | Majestic Homes and Realty SW LLC | 80 |
| | | | JPG Enterprises, Inc. d/b/a Majestic Homes | 67 |
| 18. Adair, Manciel and Susan (*previously named in Rogers) | 597 Ridgefield Way Odenville, AL 35120 | AL | Interior/Exterior Building Supply, LP | 6 |
| | | | Interior/Exterior Enterprises, L.L.C. | 7 |
| 19. Burleson, Dorothy (*previously named in Rogers) | 5817 Chestnut Trace Hoover, AL 35244 | AL | Interior/Exterior Building Supply, LP | 6 |
| | | | Interior/Exterior Enterprises, L.L.C. | 7 |
| 20. Fuller, Deandra Charles and Adrian (*previously named in Rogers) | 625 Ridgefield Way Odenville, AL 35120 | AL | Interior/Exterior Building Supply, LP | 6 |
| | | | Interior/Exterior Enterprises, L.L.C. | 7 |

4

| INTERVENING PLAINTIFFS | | | | | |
|---|---|---|---|---|---|
| PLAINTIFF(S) | | ADDRESS OF SUBJECT PROPERTY | CITIZENSHIP OF PLAINTIFF(S) | SUBCLASS APPLICATION TO PLAINTIFF(S) | SUBCLASS NO. |
| 21. | Nabors, S. Jason and Rhonda (*previously named in Rogers) | 773 Hampden Place Circle Vestavia Hills, AL 35242 | AL | Interior/Exterior Building Supply, LP<br><br>Interior/Exterior Enterprises, L.L.C. | 6<br><br>7 |
| 22. | Taylor, Beck and Julie (*previously named in Rogers) | 4327 Boulder Lakes Circle Birmingham, AL 35242 | AL | Interior/Exterior Building Supply, LP<br><br>Interior/Exterior Enterprises, L.L.C. | 6<br><br>7 |
| 23. | Virciglio, John and Karen (*previously named in Rogers) | 2374 Abbeyglen Circle Birmingham, AL 35242 | AL | Interior/Exterior Building Supply, LP<br><br>Interior/Exterior Enterprises, L.L.C. | 6<br><br>7 |
| 24. | Caba, Rudy | 236 North West 24th Place Cape Coral, FL 33993 | FL | Cox Lumber Co. | |
| 25. | Clark, Robert and Linda (also being intervened on Omni I) | 816 Chapel Avenue Lehigh Acres, FL 33971 | FL | AI Brothers, Inc. | 125 |
| 26. | Joseph, David and Pamela | 514 North West Dover Court Port Saint Lucie, FL 34983 | FL | Princeton Homes, Inc. | 92 |
| 27. | Kauffman, Milo and Carolyn | 3228 Norht East 15th Avenue Cape Coral, FL 33909 | MI | First Home Builders of FL I, LLC | 49 |
| 28. | Pallak, Mark and Tricia | 9254 Estero River Circle Estero, FL 33928 | FL | DeLaCruz Drywall Plastering & Stucco, Inc. | 44 |
| 29. | Sciarrone, Joseph and Ellisa | 402 NW Lyndhurst Court Port Saint Lucie, FL 34983 | FL | Princeton Homes, Inc. | 92 |

Case 2:09-md-02047-EEF-JCW   Document 8556   Filed 04/14/11   Page 36 of 61

## ALLEGATIONS REGARDING DEFENDANT KNAUF USA

1.      Defendant Knauf USA is an Indiana corporation with a principal place of business in Shelbyville, Indiana.

2.      By information and belief, Knauf USA is a subsidiary of Knauf GIPS KG.  Knauf USA acted as an agent for Knauf GIPS KG and other Knauf entities lending assistance and participating in the promotion, distribution, marketing, and sale of the drywall at issue in this litigation to American suppliers.  Accordingly, Knauf USA was responsible for the drywall at issue in the case being imported, distributed, delivered, supplied, inspected, marketed and/or sold.  This conduct by Knauf USA has resulted in harm and damages to Plaintiffs.

3.      Upon information and belief, Knauf USA is attempting to flee the jurisdiction of the MDL Court by discontinuing its operations and removing assets from the United States.

## DEMAND FOR JURY TRIAL

Intervening Plaintiffs, individually and on behalf of the Class and Subclass Members, hereby demand a trial by jury as to all issues so triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE Intervening Plaintiffs, on behalf of themselves and all others similarly situated demand upon Defendants jointly and severally for:

a.      an order certifying the case as a class action;

b.      an order certifying the Class and each of the Subclasses;

c.      an order appointing Plaintiffs as the Class Representatives of the Class;

6

d.     an order appointing undersigned counsel and their firms as counsel for the

Class;

e.     compensatory and statutory damages;

f.     punitive damages as allowed by law;

g.     pre and post-judgment interest as allowed by law;

h.     injunctive relief;

I.     an award of attorneys' fees as allowed by law;

j.     an award of taxable costs; and

k.     any and all such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 9, 2010

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel – MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

8

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

9

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING
COMMITTEE**

10

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W.
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrolaw.com

Richard Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

**COUNSEL FOR INDIVIDUAL PLAINTIFFS[1]**

---

[1] Attached hereto as Exhibit "A" is the contact information for each plaintiff's counsel and pro se plaintiff.

11

**Alters, Boldt, Brown, Rash & Culmo,**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Barbee, Kathleen and Marissa
Bernstein, John and Rachel
Brazezicke, Paul and Mary
Philias, Roldry
Prieshoff, Valerie
Quigley, Shannon
Rivera, Alberto

**Barrios, Kingsdorf & Casteix, LLP,**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Stewart, Stephen and Joann

**Colson, Hicks, Eidson, Colson Matthews, Martinez,
Gonzales, Kalbac & Kane/Levin, Fishbein, Sedran & Berman/
Hausfeld, LLP and Law Offices of Richard J. Serpe,**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Cammarato, Joseph and Cathleen
Godwin, Franklin and Veronica
Labell, Barry
Quattrocchi, William A.
Traina, Richard and Lorraine
Warburton, Stacey and Andrew

**Law Offices of Sidney D. Torres, III,**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Morales, Lionel J. and Carolyn C.

**Lewis & Roberts, PLLC,**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Youssef, Mark and Marian
Zakhary, Bahgat

**Matthews & Associates and Pendley, Baudin & Coffin, LLP,**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Klemann, Travis John

**McCallum, Hoaglund, Cook & Irby, LLP**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Adair, Manciel and Susan
Burleson, Dorothy
Fuller, Deandra Charles and Adriann
Nabors, S. Jason and Rhonda
Taylor, Beck and Julie
Virciglio, John and Karen

**Parker, Waichman, Alonso, LLP,**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Caba, Rudy
Clark, Robert and Linda
Joseph, David and Pamela
Kauffman, Milo and Carolyn
Pallak, Mark and Tricia
Sciarrone, Joseph and Ellisa

13

# EXHIBIT A

*Joyce W. Rogers, et al. v. Knauf Gips KG, et al.*, Case No. 10-362

**Exhibit "A"-Plaintiffs' Counsel Contact Information in
Plaintiffs', Kathleen and Mariss Barbee, *et. al.*,
Omnibus Class Action Complaint in Intervention (IV(A))**

| PLAINTIFF'S COUNSEL |
|---|
| Jeremy Alters<br>Alters Boldt Brown Rash & Culmo<br>4141 Northeast 2nd Avenue, Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8558<br>jeremy@abbrclaw.com |
| Dawn M. Barrios<br>Barrios, Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>Barrios@bkc-law.com |
| Ervin A. Gonzalez<br>Colson, Hicks, Eidson, Colson, Matthews,<br>Martinez, Gonzales, Kalbac & Kane<br>255 Aragon Avenue, 2nd Floor<br>Cora Gables, FL 33134<br>Phone: (305) 476-7400<br>Fax: (305) 476-7444<br>Ervin@colson.com |
| Michael D. Hausfeld<br>Richard S. Lewis<br>Hausfeld LLP<br>1700 K Street, N.W., Suite  650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com |

Page 1 of 3

| |
|---|
| Sidney D. Torres, III<br>Roberta L. Burns<br>Law Offices of Sidney D. Torres, III<br>Torres Park Plaza, Suite 303<br>8301 West Judge Perez Dr.<br>Chalmette, LA 70043<br>Phone: (504) 271-8421<br>Fax: (504) 271-1961<br>Pmichon@torres-law.com |
| Arnold Levin<br>Fred S. Longer<br>Matthew Gaughan<br>Levin, Fishbein, Sedran & Berman<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Phone: (215) 592-1500<br>Fax: (215) 592-4663<br>alevin@lfsblaw.com |
| Daniel K. Bryson<br>Lewis & Roberts, PLLC<br>3700 Glenwood Avenue, Suite 410 (27612)<br>P.O. Box 17529<br>Raleigh, NC 27619<br>Phone (919) 981-0191<br>Fax: (919) 981-0199<br>akf@lewis-roberts.com |
| David P. Matthews<br>Julie L. Rhoades<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Phone: (713) 535-7179<br>Fax: (713) 535-7184<br>lnielsen@dpmlawfirm.com |

Chip A. McCallum
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway, Suite 201
Vestavia Hills, AL 35216
Phone: (205) 824-7767
Fax: (205) 824-7768
lmarler@mhcilaw.com

Jerrold Parker
Jordan L. Chaikin
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jchaikin@yourlawyer.com

Pendley, Baudin & Coffin, LLP
P.O. Drawer 71
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
rdupon@pbclawfirm.com

Richard Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES AND | |
| Rogers, et al. v. Knauf GIPS KG, et. al., Case No. 2:10-cv-00362 (E.D.La.) | |

INTERVENING PLAINTIFFS' MEMORANDUM OF
LAW IN SUPPORT OF THEIR MOTION TO INTERVENE

## I.   INTRODUCTION

Intervening Plaintiffs, Kathleen and Mariss Barbee, *et al.*, have moved pursuant to

Fed.R.Civ.P. 24(b) to intervene in the above captioned action of *Rogers, et. al. v. Knauf GIPS*

*KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.).[1]  Intervening Plaintiffs have moved to intervene

in *Rogers* since they are absent class members and are similarly situated to the *Rogers* plaintiffs.

Accordingly, Intervening Plaintiffs have a strong interest in intervening in the *Rogers* case to

recover against the *Rogers* defendants along with the original *Rogers* class.  For the reasons set

forth below, Intervening Plaintiffs' motion to intervene should be granted.

## II.   FACTUAL BACKGROUND

The *Rogers* plaintiffs are the owners of properties in which defective Chinese drywall

---

[1] The Intervening Plaintiffs' Omnibus Class Action Complaint in Intervention (IV(A)) is attached to Plaintiffs' Motion to Intervene (the "Complaint in Intervention") as Exhibit "A".  The additional intervening plaintiffs, on whose behalf this motion is filed, are identified in the proposed Complaint in Intervention.

1

was installed that was manufactured and distributed by the manufacturing defendants named in the Plaintiffs' Amended Omnibus Class Action Complaint (IV) (the "Complaint"), i.e., Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; and Guangdong Knauf New Building Materials Products Co., Ltd.[2] (collectively "Knauf"). The plaintiffs in *Rogers* commenced this action on March 15, 2010, by filing the Complaint directly in the MDL court. The Complaint asserts claims against the manufacturers, distributors, suppliers, importers, exports, brokers, builders, developers, and contractor/installers of the defective Chinese manufactured drywall in the plaintiffs' homes.[3]

Each of the Intervening Plaintiffs owns and/or occupies (or owned and/or occupied) a home or other structure with defective drywall that was manufactured by Knauf. Like the *Rogers* plaintiffs, each of the Intervening Plaintiffs owns or owned a home that has been severely damaged by Knauf's drywall. For this reason, the Intervening Plaintiffs have appended a Complaint in Intervention to their Motion to Intervene that adopts and incorporates the

---

[2] Plaintiffs' Omnibus Class Action Complaint (IV) originally named "Knauf Plasterboard (Dongguan) Co., Ltd." and not "Guangdong Knauf New Building Materials Products Co., Ltd." as a defendant. Plaintiffs subsequently filed the Amended Omnibus Class Action Complaint (IV) and substituted "Guangdong Knauf New Building Materials Products Co., Ltd." for "Knauf Plasterboard (Dongguan) Co., Ltd."

[3] The Complaint asserts claims against defendants for negligence, negligence per se, strict liability, breach of express and/or implied warranty, breach of implied warranty of fitness and merchantability pursuant to Florida Statutes Section 718.203, breach of implied warranty of habitability, breach of contract, violation of the Louisiana New Home Warranty Act, redhibition, Louisiana Product Liability Act, private nuisance, negligent discharge of corrosive substance, unjust enrichment, violation of the Consumer Protection Acts, and for equitable and injunctive relief and medical monitoring.

substantive allegations of the *Rogers* Complaint for purposes of Fed.R.Civ.P. 24(c).[4]

III.   **ARGUMENT**

    A.   **INTERVENTION SHOULD BE GRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(b)(2).**

    Federal Rule of Civil Procedure 24(b), which governs permissive intervention, is to be given a liberal construction. The Court in the sound exercise of its discretion must make a thoughtful determination and must consider the potential adverse impact on the original parties in its decision to allow or deny intervention.[5] *See United States v. Grand Trunk Western Railroad Co.*, 95 F.R.D. 463, 467 (W.D.Mich.1980). Federal Rule of Civil Procedure 24(b)(1)(B) provides that intervention is permissible when an applicant "has a claim or defense that shares with the main action a common question of law or fact." The court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3).   Stated differently, if there is a common question of law or fact, the requirement of the rule has been met and then it is within the Court's discretion to allow or refuse intervention.

    The claims of the Intervening Plaintiffs clearly involve common issues of law and fact with the *Rogers* action since the Intervening Plaintiffs are absent class members. Further, the Intervening Plaintiffs are aligned with and have adopted the allegations of the *Rogers* Complaint.

---

    [4] Under Rule 24(c), the intervenors are required to submit a motion to intervene accompanied by a pleading setting out the claims or defenses for which intervention is sought. Intervening Plaintiffs have satisfied the requirements of Fed.R.Civ.P. 24(c) by furnishing the Court with the Complaint in Intervention.

    [5] Intervention as of right under Fed.R.Civ.P. 24(a) is not being pursued since the Intervening Plaintiffs' interests are being adequately represented by the representative plaintiffs in *Rogers*.

Case 2:09-md-02047-EEF-JCW   Document 8556   Filed 04/14/11   Page 51 of 61

It would be beyond peradventure, then, that there are common legal and factual questions between the movants and the *Rogers* plaintiffs. Intervention is appropriate under these circumstances.

The Court should allow intervention here just as it has in similar circumstances in the MDL. *See* Order of March 17, 2010 granting motion to intervene in *Gross, et. al. v. Knauf Gips, KG, et. al.,* Case No. 2:09-cv-6690 (E.D.La.)[Document # 1776]. None of the impediments to intervention exists, such as where intervention will "unduly delay or prejudice the adjudication of the rights of the original parties". In *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.,* 207 F.Supp. 252, 257 (D.C.Ill.1962), *aff'd,* 315 F.2d 564 (7th Cir.1963), the court noted that this language is "a caution to the Court so that in its zeal to avoid a multiplicity of suits it will not hamper or vex the claims of the original parties". These unwarranted concerns do not apply since the Intervening Plaintiffs will not be an imposition on these proceedings. Indeed, the Intervening Plaintiffs will be represented by the Plaintiffs Steering Committee (the "PSC"), and will be pursuing identical claims to those asserted by the plaintiffs in *Rogers.*

Additionally, with the exception of Knauf USA, the Intervening Plaintiffs are not naming any additional defendants (*i.e.,* distributors, suppliers, importers, exporters, brokers, builders, and contractors/installers). To the extent Intervening Plaintiffs will be asserting subclass claims, such subclass claims will only be asserted against the defendants that were already named by the *Rogers* plaintiffs. Allowing intervention under these circumstances will not delay the proceedings in *Rogers* nor prejudice the original parties. Service of the *Rogers* complaint has been time consuming due to the constraints imposed by the Hague Convention. None of the

4

foreign defendants have been served with the Complaint.[6]  Accordingly, since the *Rogers*

proceedings are still in their infancy, allowing the Intervening Plaintiffs to participate in these

proceedings will not result in undue delay and/or prejudice to the original parties.  To the

contrary, permitting the requested intervention will afford all parties complete relief.

IV.    **CONCLUSION**

For the reasons set forth above, Intervening Plaintiffs' Motion to Intervene in *Rogers*

should be granted.

Respectfully submitted,

Dated: July 9, 2010

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

---

[6] The *Rogers* Plaintiffs have arranged for service through APS together with translation in accordance with the Hague Convention.

5

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
  & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2010, Plaintiffs' Motion to Intervene and Memorandum in Support thereof was served on the below parties via First Class Mail and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6:

Kerry J. Miller, Esquire
Frilot LLC
Suite 3700
1100 Poydras Street
New Orleans LA 70130
*Defendants' Liaison Counsel*

Phillip Wittmann, Esquire
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70130
*Home Builders and Installers Liaison Counsel*

I further certify that all counsel of record have been served via the Court's electronic notification system. I further certify that service on all domestic defendants on the attached list was made via First Class Mail at their last known address, and upon all foreign defendants via Federal Express.

Dated: July 9, 2010

Arnold Levin, Esquire
Fred S. Longer, Esquire
Matthew C. Gaughan, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## OMNI IV (ROGERS)

| DEFENDANT (LIST FULL LEGAL NAME) |
|---|
| 3180 LAMB COURT ACQUISITION, LLC<br>3732 NW 16 Street<br>Ft. Lauderdale, FL 33311 |
| 616 LLC/ Andy Ziffer<br>1251 South Federal Highway, Suite 110<br>Boca Raton FL 33432 |
| AI Brothers, Inc.<br>919 S. Charlotte St.<br>Lombard, IL 60148 |
| ANGEL DEVELOPMENTS, LLC<br>216 SW Machy Way<br>Port St. Lucie, FL 34986 |
| Arizen Homes<br>2700 West Cypress Creek Rd<br>Ste B-111<br>Fort Lauderdale, FL 33309 |
| Avalon Preserve Developers, LLC<br>11854 Bayport Lane #3<br>Ft. Myers, FL 33908 |
| B & E Construction of Miami Corp.<br>7944 SW 199 Terrace<br>Miami, FL 33189 |
| Buquoi Construction LLC<br>10569 Buddy Gore Road<br>Gonzales, LA 70737 |
| Burmaster Construction, Inc.<br>25058 Pin Oak Lane<br>Folsom, LA 70437 |
| Cabot Homes<br>2161 Mcgregor Blvd., Suite B<br>Fort Myers, Fl 33901 |
| Cajun Construction & Development, LLC<br>800 Wiegand Drive<br>Bridge City, LA 70094 |
| Can-Am Drywall, Inc.<br>14420 SW 23 Street<br>Davie, FL 33325 |
| Cape Cement & Supply, Inc.<br>645 Commercial Park Place<br>Cape Coral, FL 33991 |
| Carribean Custom Builders and Developers<br>29141 Clover Lane<br>Big Pine Key, FL 33043 |
| Carter Custom Homes, Inc<br>3090 East Gause, Suite 401<br>Slidell, LA 70461 |

Page 1 of 6

| OMNI IV (ROGERS) |
|---|
| **DEFENDANT (LIST FULL LEGAL NAME)** |
| Chicas Construction, Inc.<br>630 S. State Road 7<br>Margate, FL 33068 |
| Comfort Home Builders, Inc.<br>514 NE 26th Place - Unit #4<br>Cape Coral, FL 33909 |
| Construction Building Services, Inc.<br>7975 NW 154th Street, Suite 400<br>Hialeah, FL 33016 |
| Core Construction, LLC<br>555 NE 15th Street, 30-H<br>Miami, FL 33132 |
| Cornerstone Group<br>100 Southeast Second Street, Suite 2900<br>Miami Fl 33131 |
| Cretia Homes, Inc.<br>863 Airline Highway<br>LaPlace, Louisiana 70068 |
| D & C Construction Group, Inc.<br>1062 SW 128 Avenue<br>Miami, FL 33184 |
| D&W Homes, LLC<br>7262 Ashberry Ct.<br>Spanish Fort, AL 36527 |
| Davis General Contractors<br>218 Kenlyn Road<br>Palm Beach Fl 33480 |
| Delacruz Enterprise's, Inc,<br>12341 Villagio Way<br>Fort Myers, FL 33912 |
| Diamond Court Construction Co.<br>2112 SE Bersell Rd.<br>Port Saint Lucie, FL 34952 |
| Edweard Development Company, LLC<br>1123 E Broward Blvd<br>Fort Lauderdale FL 33301 |
| ENCHANTED HOMES, INC.<br>11915 King James Court<br>Cape Coral, FL 33991 |
| First Home Builders of Florida I, LLC<br>501 E. Kennedy Blvd., Ste. 1700<br>Tampa, FL 33602 |
| FIRST HOME BUILDERS, INC.<br>6076 Eagle Watch Ct.<br>N. Ft. Myers, FL 33917 |

Page 2 of 6

| OMNI IV (ROGERS) |
|---|
| **DEFENDANT (LIST FULL LEGAL NAME)** |
| Freemar Homes, Inc.<br>5410 Endeavor Ave.<br>Dover, FL 33527 |
| George Meza<br>4824 Belle Drive<br>Metairie, LA 70006 |
| Gomez Interiors, Inc.<br>15530 SW 300 Street<br>Homestead, FL 33033 |
| Grand Palazzo Hendricks, LLC<br>7800 Red Road, Suite 127<br>South Miami, FL 33143 |
| Gremillion Homes, Inc.<br>14249 Hwy 1077<br>Folsom, LA 70437 |
| Guangdong Knauf New Building Material Products Co., Ltd.<br>No. 2 Xinshu Development Zone<br>RC-523147, Guangdong, China |
| Hanover Homes<br>2407 SW Monterrey Lane<br>Port St. Lucie, FL 34953 |
| Hilliard Butler Construction Company, Inc.<br>5026 Par Four Drive<br>New Orleans, LA 70128 |
| Interior/Exterior Building Supply, LP<br>727 S. Cortez St.<br>New Orleans, LA 70119 |
| Interior/Exterior Enterprises, LLC<br>727 S. Cortez St.<br>New Orleans, LA 70119 |
| J. Cherry and Sons, Inc.<br>901 SW Martin Downs Blvd.<br>Palm City, Fl 34990 |
| James Stokley d/b/a Choctaw Builders, Inc.<br>26543 Hwy 17<br>Millry, AL 36558 |
| Jim Walter Homes, Inc.<br>c/o The Corporation Company<br>2000 Interstate Drive, Suite 204<br>Montgomery, AL 36109 |
| Joseph E. Clouse, Inc.<br>8661 Glenlyon Court<br>Fort Myers, FL 33912 |
| JPG Enterprises, Inc.<br>d/b/a Majestic Homes<br>4121 Royal Palm Beach Blvd.<br>Royal Palm Beach, FL 33411 |

| OMNI IV (ROGERS) |
|---|
| **DEFENDANT (LIST FULL LEGAL NAME)** |
| KB Homes<br>1121 Lumsden Trace Circle<br>Valrico, FL 33594 |
| Knauf GIPS KG<br>Postfach 10, 97343<br>Iphofen, Germany |
| Knauf Plasterboard (Tianjin) Co. Ltd.<br>North Yinhe Bridge<br>East Jingjin Road<br>Beichen District<br>Tianjin, 300400 P.R.C. |
| Knauf Plasterboard (Wuhu) Co. Ltd.<br>No. 2 Gang Wan Road<br>Wuhu Economic & Technological Development Area<br>Aihui, 241009, PR China |
| L.R. Gardere Drywall Construction, Inc.<br>2721 Drew Street<br>New Orleans, LA 70112 |
| L&W Supply Corporation d/b/a Seacoast Supply Company<br>The Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 |
| Laporte Builders, Inc.<br>168 NE Sagamore Terr.<br>Port St. Lucie, FL 34983 |
| Lennar Homes, Corp.<br>700 NW 107th Avenue<br>Suite 400<br>Miami, FL 33172 |
| Liberty Home Builders, Inc<br>.14 Rose Dr.<br>Ft. Lauderdale, FL 33316 |
| Linel Consulting, LLC<br>9010 SW 117th St,<br>Miami, FL 33176 |
| Lloyd & Sons Construction, Inc.<br>10430 Trialwood Circle<br>Jupiter, FL 33478 |
| LPR Builders, Inc.<br>1150 NW 72 Avenue, Ste. 501<br>Miami, FL 33126 |
| M J F CONSTRUCTION CORPORATION<br>1805 Ponce De Leon Blvd. #110<br>Coral Gables, FL 33134 |
| Majestic Homes & Realty SW LLC<br>4121 Royal  Palm Beach Blvd<br>Royal Palm Beach, FL 33411 |

| OMNI IV (ROGERS) |
|---|
| **DEFENDANT (LIST FULL LEGAL NAME)** |
| Majestic Homes of Port St. Lucie, Inc.<br>4061 Royal Palm Beach Blvd.<br>Royal Palm Beach, FL 33411 |
| Majestic Homes of Vero Beach, Inc.<br>4061 Royal Palm Beach Blvd.<br>Royal Palm Beach, FL 33411 |
| Marsiglia Construction Company<br>111 Veterans Mem. Blvd., #1452<br>Metairie, LA 70005 |
| Mesa Construction Group, Inc.<br>7300 SW 8 Ct.<br>N. Lauderdale, FL 33068 |
| O' Key Homes, Inc.<br>1450 SE 16th Terrace<br>Cape Coral FL 33990 |
| P N K Builders, LLC<br>444 Swift Fox Run<br>Madisonville, LA 70447 |
| Palm Isles Holdings, LLC<br>436 SW 8th Street<br>Miami, FL 33131 |
| Phillips Abita Lumber Company, Inc. d/b/a Abita Lumber<br>Company, Inc.<br>21459 Highway 36<br>Abita Springs, LA 70420 |
| Pine Ridge Real Estate Enterprises, LLC<br>1177 S.E. 3rd Ave.<br>Fort Lauderdale, FL 33316 |
| Port St. Lucie Builders, Inc.<br>1500 NW Federal Hwy.<br>Stuart, FL 34994 |
| RCR Holdings I and II, LLC<br>1500 Gateway Blvd. Suite 200<br>Boynton Beach, FL 33426 |
| Royal Homes, L.L.C.<br>4800 Sharp Road<br>Mandeville, LA 70471 |
| South Kendall Construction Corp.<br>436 SW 8th Street<br>Miami, FL 33131 |
| Southern Homes, LLC<br>2053 E. Gause Blvd., Ste. 200<br>Slidell, LA 70461 |
| SOVEREIGN HOMES, LLC<br>241 Monterrey Drive<br>Naples, FL 34119 |

Page 5 of 6

| *OMNI IV (ROGERS)* |
| --- |
| **DEFENDANT (LIST FULL LEGAL NAME)** |
| Summit Contractors, Inc.<br>200 Commercial Square Road<br>Slidell, LA 70461 |
| Summit Homes, LLC<br>n/k/a PHL Construction, LLC<br>7525 Picardy Ave.<br>Suite 220<br>Baton Rouge, LA 70808 |
| Symphony Builders, Inc.<br>815 Coral Ridge Drive<br>Coral Springs, FL 33071 |
| The Kabar Group, LLC<br>1820 N. Corporate Lakes Blvd. Suite 105<br>Weston, FL 33326 |
| Tillman Construction, Inc.<br>570 Bradford Drive<br>Brandon, MS 39047 |
| Treasure Coast<br>2400 SE Federal Hwy. 4th Floor<br>Stuart, FL 34997 |
| USG Corporation<br>The Corporation Trust Company<br>Corporation Trust Center 1209 Orange Street<br>Wilmington DE 19801 |
| Venus Street, LLC<br>99 NE 167th Street<br>North Miami Beach, FL 33162 |
| Waterways Joint Venture IV, LLC<br>5100 Town Center Circle - Ste. 430<br>Boca Raton, FL 33466 |
| Waterways Joint Venture IV<br>5100 Town Center Circle, Suite 330<br>Boca Raton, FL 33486 |
| WESTMINSTER BUILDERS, INC.<br>8910 Wendy Lane W<br>West Palm Beach, FL 33411 |
| Woodside f/k/a GHO Properties<br>3600 Burgundy Drive North<br>Palm Beach Gardens, FL 33410 |
| WOODSIDE HOMES OF SOUTHEAST FLORIDA, LLC<br>236 East 6th Avenue<br>Tallahassee, FL 32303 |

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOYCE W. ROGERS, individually, and | ) | |
| on behalf of all other similarly situated, | ) | |
| | ) | MDL 09-2047 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 2:10-cv-00362-EEF-JCW |
| | ) | |
| KNAUF GIPS KG, et al | ) | |
| | ) | |
| Defendants. | ) | |

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 78.1E, Defendant Lifescape Builders, LLC requests oral argument on its Supplemental Motion to Dismiss on the grounds oral argument will better enable the parties and the Court to address the legal issues presented in the motion.

Respectfully submitted,

/s/ Philip G. Piggott
Philip G. Piggott

Attorney for Lifescape Builders, LLC.

OF COUNSEL:
Philip G. Piggott
William Anthony Davis, III
P. Andrew Laird, Jr. (#100273)
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL  35259-8512
Telephone:  (205) 868-6000
Fax:  (205) 868-6099

{B1280142} 1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and electronic mail upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 14th day of April, 2011.

/s/ Philip G. Piggott
OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOYCE W. ROGERS, individually, and on behalf of all other similarly situated, | ) ) ) | |
| | ) | MDL 09-2047 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CASE NO.: 2:10-cv-00362-EEF-JCW |
| KNAUF GIPS KG, et al | ) ) | |
| Defendants. | ) ) | |

### NOTICE OF HEARING

PLEASE TAKE NOTICE that Defendant, Lifescape Builders, LLC., has filed its Supplemental Motion to Dismiss. PLEASE TAKE FURTHER NOTICE that the Motion will be brought on for hearing on May 11, 2011 at 9:00 a.m. before the Honorable Eldon E. Fallon.

Respectfully submitted,

/s/ Philip G. Piggott
Philip G. Piggott

Attorney for Lifescape Builders, LLC.

OF COUNSEL:
Philip G. Piggott
William Anthony Davis, III
P. Andrew Laird, Jr. (#100273)
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL  35259-8512
Telephone:  (205) 868-6000
Fax:  (205) 868-6099

{B1280141} 1

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing document has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and electronic mail upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 14th day of April, 2011.

          /s/ Philip G. Piggott
          OF COUNSEL