UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| | JUDGE FALLON MAG. JUDGE WILKINSON |

_____

THIS DOCUMENT RELATES TO:
*Wiltz et al v. Beijing New Building Materials Limited Co., et al*
Case No. 2010 CV 361

### DEFENDANT, GRYPHON CONSTRUCTION, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION FOR PRELIMINARY DEFAULT JUDGMENT

GRYPHON CONSTRUCTION, LLC ("GRYPHON"), by and through undersigned counsel, files this Response In Opposition To Plaintiff's Omnibus Motion For Preliminary Default Judgment and states as follows:

1. Plaintiffs seek entry of a "preliminary" default judgment against numerous named defendants. Exhibit "B" to the Omnibus Motion identifies "Gryphon Corp." as one such defendant entity against which a "preliminary" default judgment is being sought.

2. Although GRYPHON is not "Gryphon Corp.," for the reasons set forth below and in GRYPHON's Motion To Dismiss Plaintiffs' Omnibus Class Action Complaint (II), and GRYPHON's Memorandum of Law In Support of Motion To Dismiss Plaintiffs' Omnibus Class Action Complaint (II), both of which were filed and served on or about May 17, 2010, GRYPHON asserts that Plaintiffs' Omnibus Motion should be denied as to GRYPHON.

3. On March 15, 2010, Plaintiffs, KENNETH AND BARBARA WILTZ, individually, and on behalf of all others similarly situated, filed an Amended Omnibus Class

Action Complaint (II) (hereafter the "Complaint") against multiple defendants. "Gryphon Corp." was one such defendant entity named in the Complaint.

3.  The Complaint was served on GRYPHON on or about April 28, 2010.

4.  The Complaint identifies Damien Querol as a plaintiff Subclass Member who owns real property located at 3301 NE 183 Street, Aventura, Florida 33160, and who is participating as a class representative "as set forth in the schedules accompanying this amended complaint which are incorporated herein by reference."  See Complaint at ¶ 265, p. 52.  See also Complaint at Exhibit "A" p. 3.

6.  The Complaint specifically identifies Mr. Querol's real property in Aventura, Florida as the only property related to Gryphon Corp. or which was allegedly built/developed by it. See Complaint at Schedule 3.

7.  The allegations of the Complaint relate only to Gryphon Corp. and not to GRYPHON.  GRYPHON is not Gryphon Corp.

8.  Although the service on GRYPHON (rather than on "Gryphon Corp.") was improper on the face of the Complaint, GRYPHON, in an abundance of caution, filed a conditional motion to dismiss the Complaint and Memorandum of Law in support thereof in the event the claims being made against "Gryphon Corp." were to be deemed as applicable to it. Inasmuch as GRYPHON actually was the general contractor on the condominium project in which Mr. Querol now owns a unit and has been served with complaints in two other matters pending in this Court (*i.e.,* the *Payton* and *Amato* matters), it seemed likely that Plaintiffs' naming of "Gryphon Corp." might be a scriveners' error that Plaintiffs would correct after recognition of the issue. To date, Plaintiffs have not corrected this deficiency.

9. Consequently, although GRYPHON is not a named defendant in this matter, to the extent the allegations made against "Gryphon Corp." may be deemed to apply to GRYPHON, then no default should be entered that would prejudice GRYPHON inasmuch as it has appeared in this matter, has contested the jurisdiction of this Court over it, and has otherwise defended the matter.

10. More generally, a default judgment in this matter based on the argument that defendants have not "answered the complaints or otherwise defended themselves within the period contemplated by [the Federal Rules of Civil Procedure]"would be inappropriate in view of Pretrial Order No. 1G (suspending the deadlines for responding to any of the Omnibus Complaints pending the PSC's filing a Notice of Completion of Amendments to Omni Complaints) and Pretrial Order No. 1H (requiring the filing of responsive pleadings only after the PSC has prepared and filed a Master Complaint). Consequently, the Omnibus Motion should be denied.

11. Finally, entry of a default judgment (even one deemed as "preliminary") would be inappropriate where a default has not yet been entered against a targeted defendant. Fed. R. Civ. Pr. 55. Plaintiffs have not alleged or demonstrated by affidavit that defaults have been entered against any defendant, including "Gryphon Corp." Consequently, the Omnibus Motion should be denied.

12. By filing this Response in Opposition, GRYPHON is not waiving the jurisdictional arguments raised by it in this matter, or in any other matter in which it has been served in this Court.

WHEREFORE, GRYPHON CONSTRUCTION, LLC, respectfully requests that the Court enter an Order denying Plaintiff's Omnibus Motion For Preliminary Default Judgment.

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiff's Liaison Counsel, Russ Herman at drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and Homebuilder Steering Committees' Liaison Counsel, Phillip A. Wittmann at pwittmann@stonepigman.com, by e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30TH day of November, 2011.

Respectfully submitted,

**THE BARTHET FIRM**
Attorneys for Gryphon Construction, LLC
200 South Biscayne Blvd., Suite 1800
Miami, Florida 33131
(305) 347-5290 phone
alex@barthet.com

/s/ John C. Hanson, II
_____
ALEXANDER E. BARTHET
Florida Bar No. 173126
JOHN C. HANSON, II
Florida Bar No. 933767