UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L
JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

Gross, et al v. Knauf Gips KG, et al; Cause
No. 09-6690

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL WITHOUT SUBSTITUTION

COME NOW, Robert B. Brown, Esquire at the firm of Baron & Budd, P.C., Shapiro, Blasi, Wasserman & Gora, P.A., and Alters Law Firm (f/k/a Alters, Boldt, Brown Rash & Culmo), counsel of record for Plaintiff, ODETTE A. MYERS, and file this Memorandum of Law in Support of the Motion to Withdraw as counsel for the Plaintiff.

1. Local Civil Rule 83.2.11 of the United States District Court for the Eastern District of Louisiana states:

> The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute counsel or upon written motion served on opposing counsel and the client. <u>If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone. The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made</u> (emphasis added).

2. The Motion to Withdraw filed by the undersigned complies with all of the requirements of the Local Rule and should be granted. See *Bryson v. State Farm and Casualty Insurance Company*, 2011 WL 1557949 4 (2011 E.D.La).

3. In considering a Motion to Withdraw, the Court should consider the prejudice withdrawal could cause to other litigants and the administration of justice, and the degree to which withdrawal would delay the resolution of the case. See *Zurich American Insurance Company v. Harken*, 1999 WL 307612 (2007 E.D.La.); See also *American Economy Insurance Company v. Herrera*, 2007 WL 3276326 (2007 S.D.Cal.).

4. Plaintiffs' new counsel has been appraised of our withdrawal, to wit: Victor Diaz, Esquire, VM Diaz & Partners, LLC, 119 Washington Avenue, 4th Floor, Miami Beach, Florida 33139.

WHEREFORE, the undersigned respectfully request that the Court grant the Motion to Withdraw as Counsel for Plaintiff, Odette A. Myers, in the above case.

Respectfully submitted,

Dated: November 30, 2011

/s/ Robert B. Brown
Robert B. Brown
Baron & Budd, P.C.
2665 South Bayshore Drive, Suite 220
Miami, Florida 33133
Phone: (786) 837-5444
Fax: (786) 837-5445
bbrown@baronbudd.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, Florida 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail

and email and upon all parties by electronically uploading same to Lexis Nexis File and Serve in accordance with Pre-Trial Order No. 6 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047, and mail to Victor Diaz, Esquire, VM Diaz & Partners, LLC, 119 Washington Avenue, 4th Floor, Miami Beach, Florida 33139 on the 30th day of November, 2011.

/s/ Robert B. Brown
Robert B. Brown
Baron & Budd, P.C.
2665 South Bayshore Drive, Suite 220
Miami, Florida 33133
Phone: (786) 837-5444
Fax: (786) 837-5445
bbrown@baronbudd.com