UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2:09-MD-02047 SECTION:  L |
| **This document related to:** | * * | JUDGE FALLON MAG. JUDGE WILKINSON |
| *Laura Haya et.al. v. Taishan Gypsum Co., Ltd., et.al.* Case No.:  11-1077 | * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT BOARDWALK DRYWALL, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION FOR PRELIMINARY DEFAULT JUDGMENT

Defendant, BOARDWALK DRYWALL, INC. ("BOARDWALK"), by and through its undersigned counsel, and in an abundance of caution, hereby provides the following Response in Opposition to Plaintiffs' Omnibus Motion for Preliminary Default Judgment ("Plaintiffs' Motion"), and in support states as follows:

Plaintiffs seek the entry of a preliminary default judgment against certain defendants, termed "defaulting defendants," on the grounds that such defaulting defendants failed to timely enter an appearance after being served with Plaintiffs' Omnibus Class Action Complaints, answer the applicable complaint, or otherwise offer any defense in the applicable actions.[1] Service of Summons in a Civil Action pursuant to a Second Amended Complaint in *Laura Haya, et.al. v. Taishan Gypsum Co., Ltd., et.al.*, was effected on BOARDWALK on or about November 18, 2011.  BOARDWALK's Counsel filed a Notice of Appearance on behalf of BOARDWALK with this Court, as well as through LexisNexis File & Serve litigation system, on November 30, 2011.  Such filing constitutes timely entry of appearance pursuant to this Court's pretrial orders

---

[1] Defendant assumes that Plaintiffs' Motion for a "preliminary default judgment" is actually a motion for entry of a default, as referenced in this Court's Minute Entry dated August 11, 2009.

and minute entries.   Therefore, no preliminary default judgment should be entered against BOARDWALK.

## I. FACTS:

1.      Service of Summons in a Civil Action pursuant to a Second Amended Complaint in *Laura Haya, et.al. v. Taishan Gypsum Co., Ltd., et.al.*, was effected on BOARDWALK on or about November 18, 2011.  A copy of Service of Summons in a Civil Action is attached hereto as Exhibit "A."

2.      A Notice of Appearance of Counsel for BOARDWALK was entered with the United States District Court for the Eastern District of Louisiana in MDL 2047, to relate to *Laura Haya, et.al. v. Taishan Gypsum Co., Ltd., et.al.*, on November 30, 2011.

3.      A Notice of Appearance of Counsel for BOARDWALK was filed with the LexisNexis File & Serve litigation system on November 30, 2011.  A copy of an e-filed Notice of Appearance is attached hereto as Exhibit "B."

4.      Pursuant to this Court's Pretrial Order No. 1F, all counsel must enter their appearance on behalf of their client(s) within twenty (20) days of the service of a Complaint on a defendant.  Pretrial Order No. 1F is attached hereto as Exhibit "C."

5.      Further, pursuant to this Court Pretrial Order No. 1G, the "deadlines for responding to any of the Omnibus [C]omplaints be and they hereby are suspended."  Pretrial Order No. 1G is attached hereto as Exhibit "D."

## II. ARGUMENT:

Exhibit "G" to Plaintiffs' Motion incorrectly includes BOARDWALK as a "defaulting defendant" and purports to state that service of the Complaint in *Laura Haya, et.al. v. Taishan Gypsum Co., Ltd., et.al.*, was effected on Boardwalk on September 14, 2011.  However, Service

of Summons in a Civil Action was effected on BOARDWALK on or about November 18, 2011, as denoted by the Certified Sheriff Appointed Process Server in Exhibit "A" here.

This Court adopted certain deadlines to apply in all cases in efforts "to clarify the deadline dates and to alleviate the need for defendants to move for extensions of time in which to respond" in its Pretrial Order No. 1F clearly stating that all counsel must enter their appearance on behalf of their client(s) within twenty (20) days after service of a Complaint on a defendant. This twenty-day limitation period for an entry of appearance was reaffirmed by this Court in its Pretrial Order No. 1G. Accordingly, a Notice of Appearance of Counsel for BOARDWALK was entered with this Court and filed with the LexisNexis File & Serve litigation system on November 30, 2011, well within the twenty-day limitation period for timely appearance.

Besides forwarding a fully completed "MDL 2047 Counsel Contact Information Form" to the appropriate Liaison Counsel and signing up for electronic service in this litigation by completing the application for LexisNexis File & Serve litigation system within ten (10) days of the entry of appearance, as pursuant to Pretrial Order No. 6, the only other obligation imposed upon the defendants in this multi-district litigation is to respond to the appropriate Profile Form and forward same to the appropriate Liaison Counsel within forty (40) days after service of a Complaint on a defendant. Such obligation was rendered in this Court's Pretrial Order No. 1F and later re-affirmed in Pretrial Order No. 1G.

Plaintiffs' assertions that BOARDWALK failed to timely enter an appearance after being served with a Complaint fail, particularly when considering that a Certified Sheriff Appointed Process Served denoted that Service of Summons in a Civil Action as pursuant to the Complaint in *Laura Haya, et.al. v. Taishan Gypsum Co., Ltd., et.al.*, was effected on BOARDWALK on or about November 18, 2011 and that a Notice of Appearance was entered on November 30, 2011.

Plaintiffs' further assertions that BOARDWALK is in default because it failed to answer the applicable complaint or otherwise offer any defense in the action is devoid of any grounds as all deadlines for responding to any of the Omnibus Complaints are suspended pursuant to Pretrial Order No. 1G. Moreover, in Pretrial Order No. 1H, this Court has instructed the Plaintiffs' Steering Committee ("PSC") to file a Notice of Completion of Amendments to Omni[bus] Complaints once all amendments to such Complaints are completed and service is perfected. Thereafter, PSC is to file a Master Complaint within sixty (60) days of the filing of this Notice. **Only** after the Master Complaint is filed is counsel for any defendant identified therein required to file responsive pleadings within thirty (30) days of the filing of such Master Complaint. To date, PSC has yet to file a Notice of Completion of Amendments to Omni[bus] Complaints. Therefore, defendants are under no obligation to file any responsive pleadings thus far.

The undersigned has contacted the office of the Lead Counsel of the PSC and forwarded copies of BOARDWALK's timely Notice of Appearance in *Laura Haya et.al. v. Taishan Gypsum Co., Ltd., et.al.*, to same. The Lead Counsel of the PSC's office has informed the undersigned that it will add BOARDWALK on the "errata" which is to be filed with this Court at a later date. In an abundance of caution, BOARDWALK is filing this Response in Opposition to Plaintiffs' Motion should the Lead Counsel of the PSC fail to remove BOARDWALK as a "defaulting defendant."

WHEREFORE, Defendant, BOARDWALK DRYWALL, INC., respectfully requests that Plaintiffs' Omnibus Motion for Preliminary Default Judgment be denied as to this Defendant and that the Court grant this Defendant all costs associated with preparing and filing this Response in Opposition to Plaintiffs' Omnibus Motion for Preliminary Default Judgment and any such other and further relief as deemed necessary and proper.

Respectfully submitted,

DERREVERE, HAWKES, BLACK & COZAD

*/s/ Bryan W. Black*

_____

BRYAN W. BLACK (#573868)
JON D. DERREVERE (#330132)
2005 Vista Parkway, Suite #210
West Palm Beach, FL  33411
Telephone:  561/684-3222
Facsimile:   561/640-3050
bwb@derreverelaw.com
**Counsel for BOARDWALK DRYWALL, INC.**


## CERTIFICATE OF SERVICE

I hereby certify that that above and foregoing Response in Opposition to Plaintiffs'
Omnibus Motion for Preliminary Default Judgment has been served on Plaintiffs' Liaison
Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail
or by hand delivery and e-mail and upon all parties by electronically uploading the same Lexis
Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was
electronically filed with the Clerk of Court of the United States District Court for the Eastern
District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing
in accordance with the procedures established in MDL 2047, on this 2nd day of December, 2011.

*/s/ Bryan W. Black*

_____