UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Gross, et al v. Knauf Gips, KG, et al.,* Case No. 2:09-6690 (E.D.La.) | |

**THE PLAINTIFFS' STEERING COMMITTEE'S RESPONSE IN OPPOSITION TO STEELER, INC.'S MOTION TO DISMISS FOR LACK OF PLAINTIFF**

### I. INTRODUCTION

On August 29, 2011, Steeler, Inc. ("Steeler") filed a motion to dismiss for lack of plaintiff. *See* document # 10195. In its motion to dismiss, Steeler incorrectly takes the position that it should be dismissed from the *Gross* case since none of the plaintiffs are directly linked to Steeler. Steeler takes this position even though it admits that it distributed Chinese manufactured drywall. Steeler's motion to dismiss should be denied since Steeler is being sued under an alternative liability theory for its role in distributing Chinese manufactured drywall in a manner that makes it impossible to trace the source of the drywall in plaintiffs' homes.

### II. FACTS

David Gross, Cheryl Gross, and Louis Velez, the representative plaintiffs in *Gross*, filed their class action complaint (hereafter the "Indeterminate Defendant Complaint" or the "IDC") on October 7, 2009. The IDC was amended on October 19, 2009. The representative plaintiffs in the IDC seek to represent owners of properties with defective Chinese drywall that was manufactured, imported, exported, brokered, distributed, delivered, supplied, marketed, inspected, and/or sold by

1

indeterminate defendants. The IDC names Steeler and ninety-one (91) other domestic and foreign defendants who were involved in the manufacture, importing, exporting, brokering, distribution, delivery, supply, marketing, inspecting, and/or sale of the defective drywall at issue in this litigation.

The plaintiffs in the IDC are unable to identify the manufacturer(s) and/or non-manufacturing parties in the chain of distribution of the defective drywall in their homes without discovery since the responsible parties fraudulently concealed their identities. Examples of the unidentifiable product at issue in the IDC can be observed in Plaintiffs' and Defendants' Joint Submission of Chinese Drywall Identification Photographs Pursuant to Pre-Trial Order 10. *See* Joint Submission at Nos. 15-25 and 32-35. For this reason, the IDC asserts an industry-wide alternative liability theory and requests that the named defendants be held liable in proportion to their relative market share. The IDC did not name builders and contractors/installers as defendants.

Subsequent to the filing of the IDC, Plaintiffs, *Mary Anne Benes, et al.*, moved pursuant to Fed.R.Civ.P. 24(b) to intervene in *Gross*. That motion was granted by Order dated March 17, 2010. Like the class representative plaintiffs in the IDC, the *Benes* Intervenors have been unable to identify the manufacturer(s) of the drywall in their homes. Unlike the original *Gross* plaintiffs, however, certain of the *Benes* Intervenors were successful in identifying some of the non-manufacturing parties in the chain of distribution of the defective drywall in their homes. For this reason, the *Benes* Intervenors filed Plaintiff, Mary Anne Benes' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) on March 17, 2010, wherein they joined the industry-wide alternative liability theory against the indeterminate defendants (*i.e.*, the defendants named in the IDC) and asserted subclass claims against identifiable non-manufacturing parties. The *Benes* Intervenors asserted their claims against Steeler collectively under the alternative liability theory alleged in the IDC. Therefore, the class (not individual plaintiffs) are directly linked to Steeler.

Similarly, Plaintiffs, Ruben Jaen, *et. al.*, moved to intervene in *Gross* on July 19, 2010. The Court approved the motion to intervene by Minute Entry dated September 16, 2010. For this reason, the *Jaen* Intervenors filed Plaintiffs', Ruben Jaen, *et. al.*, Omnibus Class Action Complaint in Intervention (III)(A) on September 16, 2010, wherein they joined the industry-wide alternative liability theory against the indeterminate defendants and asserted subclass claims against identifiable non-manufacturing parties. As with the *Benes* Intervenors, the *Jaen* Intervenors' claims against Steeler have been collectively asserted under an alternative liability theory and the class (not individual plaintiffs) are directly linked to Steeler.

### III.     ARGUMENT

As a threshold matter, Steeler does not dispute that it distributed Chinese manufactured drywall that was installed in plaintiffs' homes. Steeler instead argues that it should be dismissed since plaintiffs have been unable to link the drywall in their homes to Steeler. Notwithstanding Steeler's attempt to avoid liability for its role in distributing defective Chinese manufactured drywall, Steeler should not be permitted to evade liability merely because it has succeeded in concealing its role in the distribution of this drywall. Rather, Steeler, like the other indeterminate defendants, should be held liable to plaintiffs under the alternative liability theory that is alleged in the IDC.

As this Court is well aware, there are more than one thousand plaintiffs participating in the *Gross* proceedings. These plaintiffs have been forced to pursue their claims against the indeterminate defendants under an alternative liability theory since they have no means of tracing the source of the defective drywall in their homes in the absence of discovery. This inability to trace the source of the drywall has been brought about by the defendants' fraudulent concealment. These defendants have distributed drywall with few, if any, markings that can be used to identify the

3

manufacturers and/or distributors/suppliers of the drywall.  Courts have long recognized that plaintiffs may pursue claims under alternative liability theories in these type of circumstances.  *See Sindell v. Abbott Laboratories*, 607 P.2d 924 (Cal. 1980); *Starling v. Seaboard Coast Line R. Co.*, 533 F.Supp. 183 (S.D.Ga. 1982); *Smith v. Cutter Biological, Inc., a Div. of Miles Inc.,* 823 P.2d 717 (Hawaii 1991).

Based on the foregoing, it is respectfully requested that plaintiffs be allowed to pursue their claims against Steeler under the alternative liability theory that is alleged in *Gross*.  Denying plaintiffs the right to pursue their claims against Steeler and the other indeterminate defendants would effectively foreclose them from pursing their claims against he responsible parties.  Such a result would be unjust under the facts of this case.

### IV.    CONCLUSION

WHEREFORE, the PSC prays that this Court deny Steeler's motion to dismiss for lack of plaintiff.

Respectfully submitted,

Dated: December 7, 2011                     /s/ Russ M. Herman
                                            Russ M. Herman, Esquire (Bar No. 6819)
                                            Leonard A. Davis, Esquire (Bar No. 14190)
                                            Stephen J. Herman, Esquire (Bar No. 23129)
                                            HERMAN, HERMAN, KATZ & COTLAR, LLP
                                            820 O'Keefe Avenue
                                            New Orleans, Louisiana 70113
                                            Phone: (504) 581-4892
                                            Fax: (504) 561-6024
                                            LDavis@hhkc.com
                                            *Plaintiffs' Liaison Counsel*
                                            *MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Response in Opposition to Steeler, Inc.'s Motion to Dismiss for Lack of Plaintiff has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and first class mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 7th day of December, 2011.

            /s/ Leonard A. Davis
            Leonard A. Davis, Esquire
            Herman, Herman, Katz & Cotlar, LLP
            820 O'Keefe Avenue
            New Orleans, Louisiana 70113
            Phone: (504) 581-4892
            Fax: (504) 561-6024
            LDavis@hhkc.com
            Plaintiffs' Liaison Counsel
            MDL 2047