UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION** | **MDL No.: 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>Hobbie v. RCR Holdings II, LLC, et al.<br>No. 10-1113 | |

**MOTION TO RESET HEARING ON ARCH INSURANCE COMPANY'S
MOTION TO DISMISS THIRD PARTY COMPLAINT**

Third Party Plaintiff, RCR HOLDINGS II, LLC ("RCR"), by and through its undersigned counsel, hereby moves this Court for an order resetting the hearing on Third Party Defendant ARCH INSURANCE COMPANY's ("Arch") Motion to Dismiss Third Party Complaint [D.E. 9941], and in support thereof states as follows:

**FACTS**

1. On May 5, 2011, Defendant, RCR, filed its Motion for Limited Relief From PTO 1(B) For Leave to File Motion for Leave to File Third Party Complaint Against Arch Insurance Company. [D.E. 8717]

2. On May 5, 2011, Defendant, RCR, filed its Motion for Leave to File Motion for Leave to File Third Party Complaint Against Arch Insurance Company. [D.E. 8720]

3. On May 26, 2011, the Court granted RCR's Motion for Leave to File Third Party Complaint. [D.E. 9107]

4. On June 14, 2011, the Court directed the parties to provide the Court with a proposed scheduling order to "conduct discovery and file motions to resolve the disputed claims." [D.E. 9525]

5. On July 18, 2011, the Court entered its Scheduling Order, ordering therein, *inter alia*, that the "parties have until December 15, 2011, to conduct discovery on the … defenses raised in RCR Holdings II's Third Party Complaint against Arch Insurance Co. for breach of contract" and file motions related to the "above-identified discovery issues shall be filed on or before January 15, 2012." [D.E. 9847]

6. On July 29, 2011, Arch filed its Motion to Dismiss RCR's Third Party Complaint. [D.E. 9941]

7. On August 11, 2011, Arch filed its Motion to Modify Scheduling Order, demanding that the Court delay or forestall any discovery or action on RCR's claims against Arch. [D.E. 10063]

8. On August 30, 2011, RCR filed its Response to Arch's Motion to Dismiss RCR's Third Party Complaint. [D.E. 10209]

9. On October 12, 2011, the Court set Arch's Motion to Dismiss for hearing on November 10, 2011, and denied Arch's Motion to Modify Scheduling Order and Motion for Expedited Consideration. [D.E. 10814] The Court later moved the hearing on Arch's Motion to Dismiss to November 16, 2011. [D.E. 10906]

10. On November 11, 2011, Arch moved this Court to continue the hearing on its own Motion to Dismiss. [D.E. 11180]

11. On November 14, 2011, the Court continued the hearing on Arch's Motion to Dismiss, at Arch's request, "until further order from the Court." [D.E. 11194]

## ARGUMENT

12. Arch has stymied any progress in the instant matter with its dilatory conduct. Specifically, the Court's Scheduling Order provides that the parties will conduct discovery on Arch's defenses and file motions related to the same on or before January 15, 2011. Arch avoided providing RCR with its defenses by filing its Motion to Dismiss challenging the jurisdiction of this Court to take any action in this matter, thereby preventing discovery or motions related to Arch's defenses.

13. With RCR's response to Arch's Motion to Dismiss already pending, the Court set Arch's Motion for hearing on October 12, 2011. A month later, days before the hearing was set to proceed, Arch moved to postpone the hearing, arguing that it should be "treated fairly" and not have its threshold motion heard while other threshold motions are pending. The clear distinction with *Arch's* threshold Motion to Dismiss is that Arch's defenses to RCR's Third Party Complaint are specifically subject to the Court's Scheduling Order. Arch's disingenuous Motion to Postpone was simply further dilatory conduct intended to prevent Arch's defenses from being at issue and therefore not subject to discovery or motions pursuant to the Court's Scheduling Order. RCR can neither conduct discovery nor engage in motion practice related to Arch's defenses until this Court resolves Arch's jurisdictional Motion to Dismiss, and RCR is prejudiced from the same until Arch's Motion to Dismiss is resolved.

WHEREFORE, RCR respectfully requests the Court to reset Arch's Motion to Dismiss for hearing at the next available hearing date, and for any further relief this Court deems appropriate.

Respectfully submitted,

s/GREGORY S. WEISS
GREGORY S. WEISS (Florida Bar No.: 163430)
*Attorneys for RCR Holdings II, LLC*
LEOPOLD~KUVIN, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone:  (561) 515-1400
Facsimile:   (561) 515-1401
Email:  gweiss@leopoldkuvin.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing MOTION TO RESET HEARING ON ARCH INSURANCE COMPANY'S MOTION TO DISMISS THIRD PARTY COMPLAINT has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System in accordance with the procedures established in MDL 2047, on this 7th day of December, 2011.

s/GREGORY S. WEISS
GREGORY S. WEISS
Florida Bar No.: 163430
