## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
|  | **MDL NO. 09-2047** |
| **IN RE: CHINESE-MANUFACTURED DRYWALL** | **SECTION: L** |
| **PRODUCTS LIABILITY LITIGATION** | **JUDGE FALLON** |
|  | **MAG. JUDGE** |
|  | **WILKINSON** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**THIS DOCUMENT RELATES TO:**

**LAURA HAYA, ET AL. vs. TAISHAN GYPSUM CO., LTD ET AL; CASE NO. 11-1077**

---

### MEMORANDUM IN OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION FOR PRELIMINARY DEFAULT JUDGMENT (Rec. Doc. 11234)

---

**MAY IT PLEASE THE COURT:**

COME NOW, through undersigned counsel, defendants, Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("PBC"), who submit the following Memorandum in Opposition to Plaintiffs' Omnibus Motion for Preliminary Default Judgment (Rec. Doc. 11234). In the Motion for Preliminary Default, plaintiffs argue that default should be entered against Venture and PBC because "they have not entered an appearance, answered the applicable complaint, or otherwise offered any defense in the actions where they are currently in default." (*See* Rec. Doc. 11234).  Specifically, defendants are listed in Exhibit "G" to plaintiffs' Motion, which asserts that defendants are in default with regard to *Laura Haya, et al. v. Taishan Gypsum Co., Ltd., et al.*/Omnibus Class Action IX.

For the reasons that follow, the instant Motion should be DENIED by this honorable Court:

## I.    Defendants Have Previously Appeared in This Litigation and Plaintiffs are Aware of Their Intent to Defend These Claims

The Fifth Circuit Court of Appeals takes an "expansive view as to what constitutes an appearance under Rule 55(b)(2)." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).  To qualify as an appearance, the defendant's actions merely must give the plaintiff a clear indication that the defendant intends to pursue a defense and must "be responsive to the plaintiff's formal Court action." *Baez v. S.S. Kresge Co.,* 518 F.2d 349, 350 (5th Cir.1975); *see also Sun Bank,* 874 F.2d at 276 (noting that appearances " 'include a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim' ") (quoting 6 Moore's Federal Practice § 55.05(3) (2d ed.)).

Defendants have filed numerous Notices of Appearance and Motions to Dismiss throughout the course of this litigation.  (*See*, *e.g.*, Rec. Docs. 8233, 8235, 8238, 8242, 8252, 8253, 8254, 8280, 9577, and 9653).  These filings have all been made in reference to, and directly under, the same docket number, "MDL NO. 09-2047".  All filings appear in the same record.  Thus, the actions of Venture and PBC in response to the various Omnibus complaints constitute an appearance, for purposes of Rule 55(b), in any and all matters under docket number MDL NO. 09-2047. *See Turner v. Salvatierra*, 580 F.2d 199, 201 (5th Cir. 1978) (citing *Press v. Forest Laboratories, Inc*., 45 F.R.D. 354, 356 (S.D.N.Y.1969).

Furthermore, the above-referenced filings were filed electronically with this Court, within procedures established by MDL 2047.  Accordingly, the Plaintiffs' Steering Committee and Plaintiffs' Liaison Counsel were sent an electronic notice of each and every filing.

Consequently, both the Committee and Liaison Counsel cannot possibly argue that they were unaware of defendants' intention to contest the claims in this litigation.

## II.     This Court's Orders Have Suspended the Requirement to File an Answer

On March 27, 2010, this Court signed Pre-Trial Order No. 1G.  This Order issued a clear ruling with regard to the filing of responsive pleadings: "deadlines for responding to any of the Omnibus complaints be and they hereby are suspended."  Further, this suspension continues in effect until the Plaintiffs' Steering Committee complies with the requirements of Pre-Trial Order 1H.  Pre-Trial Order 1H provides that the Steering Committee must file a Notice of Completion of Amendments to Omnibus Complaints, once amendments are complete.  Thereafter, the Steering Committee must file a Master Complaint.  Only then will defendants be required to file responsive pleadings.  Therefore, defendants are presently under no obligation to file responsive pleadings, and, consequently, plaintiffs' argument that a motion for preliminary default should be granted on the ground that defendants have not "answered the applicable complaint" is completely without merit.

## III.     A Motion for Default Based Upon a Superseded Complaint is Invalid

Plaintiffs Haya, *et al*., filed their Second Amended Omnibus Class Action Complaint (IX) on September 27, 2011.  (*See* Rec. Doc. 10732).  In support of their Motion for Preliminary Default, plaintiffs offer dates of service of previous complaints as evidence that defendants have not timely filed appearances. (*See* Rec. Doc. 10732).  An amended complaint supersedes the original complaint, and the original complaint has no legal effect except to the extent that it is incorporated by reference into the amended complaint. *See Easton v. Holt,* 73 F.3d 600, 603 (5th Cir.1996) (noting that it is well settled in the Fifth Circuit that an amended complaint supersedes the original complaint); *King v. Dogan,* 31 F.3d 344, 346 (5th Cir.1994) ("An amended

complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading"). Because the Motion for Preliminary Default is based on prior complaints, superseded by the Second Amended Complaint, the Motion should be DENIED.  *See, e.g., Greater St. Louis Constr. Laborers Welfare Fund v. A.G. Mack Contracting Co.,* 2009 WL 2916841, at *1 (E.D. Mo. 2009) (setting aside entry of default because plaintiff filed an amended complaint); *United States ex rel. SimplexGrinnel, L.P. v. Aegis Ins. Co.,* 2009 WL 577286, at *1–2 (M.D. Pa. 2009) (setting aside entry of default because after plaintiff filed an amended complaint, "the original complaint no longer exists").

### IV.    Defendants Have Timely Filed a Notice of Appearance in *Laura Haya, et al. v. Taishan Gypsum Co., Ltd., et al.*/Omnibus Class Action IX

Pre-Trial Order 1F states clearly that all counsel must enter an appearance on behalf of their clients within twenty (20) days after service of a complaint.  Plaintiffs Haya, *et al.*, filed their Second Amended Omnibus Class Action Complaint (IX) on September 27, 2011.  (*See* Rec. Doc. 10732).  Venture and PBC were served with the Second Amended Omnibus Class Action Complaint (IX) (Rec. Doc. 10732) on or about November 10, 2011.  Undersigned counsel filed a Notice of Appearance on November 18, 2011.  (*See* Rec. Doc. 11245).  Such a filing, in compliance with Pre-Trial Orders and filed prior to confirmation of preliminary default, renders the instant motion moot.  *See Bilbe v. Belsom*, 2006 WL 3388482 (E.D. La. 2006) at *3.

### V.    There is Otherwise Good Cause to Deny the Motion

The Fifth Circuit Court of Appeals has adopted a policy in favor of resolving cases on their merits and against the use of default judgments. *See Lindsey v. Prive Corp.,* 161 F.3d 886, 892-93 (5th Cir.1998).  "Default judgments are a drastic remedy, not favored by the Federal

Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir.1989).

Furthermore, Courts consider three factors when ruling on a motion to set aside an entry of default: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir. 1985) (citation omitted).   A defendant's lack of willfulness, combined with lack of prejudice to a plaintiff, has been held to be sufficient proof that good cause exists for vacating an entry of default. *Villarrubia v. Encompass Indem. Co.,* 2010 WL 1978883 (E.D. La. 2010) at *2 (*citing Bilbe, supra*).

With regard to willfulness, defendants assert that the requisite pleadings were timely filed.  In the alternative, in light of this complex litigation, and defendants' prior conduct in the case at bar, in the event this Court were to find an error or omission which would subject defendants to default, this Court should find that such errors or omissions were not willful. Secondly, there is no prejudice to the plaintiff where "the setting aside of the default has done no harm to plaintiff except to require [her] to prove [her] case.... All that has been done is to give the defendants their day in court." *General Tel. Corp. v. Gen. Tel. Answering Serv.,* 277 F.2d 919, 921 (5th Cir. 1960).  The necessity to litigate the action does not constitute prejudice. *C&G. Boats, Inc. v. Texas Ohio Serv., Inc.,* 164 F.R.D. 57,59 (E.D. La. 1995).  Finally, defendants have a meritorious defense herein, as evidenced by the many Motions to Dismiss for Lack of Jurisdiction presently filed into the record in MDL 2047, including a Motion to Dismiss filed in *Laura Haya, et al. v. Taishan Gypsum Co., Ltd., et al.* (See Rec. Doc. 11246).

If for no other reason, then for "good cause" shown, this Court should DENY Plaintiffs' Omnibus Motion for Preliminary Default Judgment.

## VI.    Conclusion

For all of the reasons set forth above, defendants, Venture Supply, Inc. and The Porter-Blaine Corporation, pray that this honorable Court DENY  Plaintiffs' Omnibus Motion for Preliminary Default Judgment.

Respectfully submitted,

/s/   Brett M. Bollinger
Brett M. Bollinger, LSBA #24303
Mark W. Verret, LSBA #23853
Jeffrey E. McDonald, LSBA #33270
Allen & Gooch
3900 North Causeway Boulevard, Ste. 1450
Metairie, Louisiana 70002
Telephone:  (504) 836-5285
Facsimile:   (504) 836-5289
Attorneys for Venture Supply, Inc.

And

Mark C. Nanavati, Esq. (VSB #38709)
Kenneth F. Hardt, Esq. (VSB #23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mille Drive
Midlothian, Virginia 23114
Telephone: (804) 378-7600
Facsimile:  (804) 378-2610
Attorneys for Venture Supply, Inc.

**C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of December, 2011.

/s/   Brett M. Bollinger____
Brett Bollinger
