## SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.

H. PAUL SIMON
FRANK J. PERAGINE
GUY W. SMITH
ROBERT L. REDFEARN
THOMAS R. BLUM
H. BRUCE SHREVES
JAMES A. BURTON
CHRISTOPHER M. GUIDROZ
DANIEL J. CARUSO
THOMAS J. FISCHER
JAY H. KERN
STEVEN A. JACOBSON
KENNETH R. BOWEN
HERMAN C. HOFFMANN, JR.
SUSAN B. KOHN
JOHN F. SHREVES*^
ROBERT L. REDFEARN, JR.‡**
DENISE C. PUENTE
DOUGLAS W. REDFEARN

*BOARD CERTIFIED
 TAX ATTORNEYS
^BOARD CERTIFIED ESTATE PLANNING
 AND ADMINISTRATION AND, TAX LAW
 SPECIALIST CERTIFIED BY THE LOUISIANA
 BOARD TO LEGAL SPECIALIZATION

COUNSELLORS AT LAW
30TH FLOOR - ENERGY CENTRE
1100 POYDRAS STREET
NEW ORLEANS 70163-3000

TELEPHONE (504) 569-2030
FACSIMILE (504) 569-2999
INTERNET:
HTTP://WWW.SPSR-LAW.COM

DAVID F. BIENVENU
M. DAVIS READY
DOUGLAS R. KINLER
BETTY F. MULLIN
WILLIAM M. BLACKSTON
ANDREW C. WILSON
SUSAN F. CLADE
M. CLAIRE DURIO
SUSAN M. CARUSO
JAMES R. GUIDRY
APRIL A. McQUILLAR
CHARLES E. RILEY, III**
MICHAEL D. HAROLD**
JOSHUA H. HUDSON
CHRISTOPHER B. CONLEY
DOUGLASS F. WYNNE, JR.
PETER S. THRIFFILEY, JR.
SHANNON H. HUBER

OF COUNSEL
DONALD J. BRANNAN

**ALSO ADMITTED IN MISSISSIPPI
‡ ALSO ADMITTED IN TEXAS

July 13, 2010

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

Re:   In Re: Chinese Manufactured Drywall
      Products Liability Litigation, MDL # 2047

      **David and Cheryl Gross, et al. v.**
      Knauf GIPS KG, et al.;
      USDC-EDLA Case No. 09-6690

      **Amato et al.** v. Knauf GIPS KG, et al.
      USDC-EDLA Case No. 10-932
      Our File: 03437-001

Dear Counsel:

Our firm represents Bailey Lumber & Supply Company ("Bailey") named defendant in the *Gross, Amato* and *Payton* suits. On behalf of the plaintiffs in the *Gross* and *Amato* suits, you have also named as defendant Bailey Lumber & Supply Company of Biloxi ("Bailey/Biloxi"). Bailey/Biloxi is a defunct entity.[1]

To confirm the status of Bailey/Biloxi we are enclosing the following obtained from the Office of the Mississippi Secretary of State ("MSOS"): (1) Merger Agreement filed May 29, 1968 with MSOS whereby Bailey/Biloxi was merged with surviving corporation Jackson Builders, Inc. ("Jackson"); and (2) July 2, 2010 MSOS Certificate confirming that



---

[1]  We noted on Schedule 2 to the Amended *Amato* Complaint that you make reference to Bailey/Biloxi being an additional insured on Wausau policies.

SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.

Russ Herman, Esq.
Re: Chinese Drywall (Bailey)
July 13, 2010
Page 2

Jackson was administratively dissolved on January 17, 1989.

Sincerely,

Betty F. Mullin

BFM/pt
Enclosures
cc:     (all via email, w/encl.)
        Richard Kostal
        Christopher Bottcher, Esq.
        Gene Krupa
        Rick Wise, Esq.
        Ron Kojima
        Billie Mire
        Lori G. Slater
        James Siessel
        Daniel J. Caruso, Esq.
        Herman C. Hoffmann, Jr., Esq.
N:\DATA\K\03437001\letters\herman2 ltr.wpd

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _N Auts_        ☑ Agent
                  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
DSTVRT 2                         7-15-10

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7008 1830 0001 6380 3518

PS Form 3811, February 2004    Domestic Return Receipt  03437-01   102595-02-M-1540



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee | |

Postmark
Here

7-13-10

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

7008 1830 0001 6380 3518

PS Form 3800, August 2006    See Reverse for Instructions

# State of Mississippi

## Secretary of State's Office
## C. Delbert Hosemann, Jr.
### Secretary of State
### Jackson, Mississippi

BAILEY LUMBER & SUPPLY COMPANY OF BILOXI

Business ID:  445619

The attached 18 pages are true and correct copies of documents filed in the Mississippi Secretary of State's Office pursuant to the Mississippi Code of 1972 Annotated.

This the 24th day of June, 2010.

SECRETARY OF STATE
P.O. Box 136
Jackson, MS  39205
(601) 359-1633

C. Delbert Hosemann, Jr.
Secretary of State

Certification Number: 12232042-1     Reference: Phyllis-BJ
Verify this certificate online at https://business.sos.state.ms.us/corp/soskb/verify.asp

Business ID: 445619
Date Filed: 05/29/1968 12:00 AM
C. Delbert Hosemann, Jr.
Secretary of State

Rec # 33079    $150.00   Increase capital from $50,000

# State of Mississippi



## Office of Secretary of State

### Jackson

## CERTIFICATE OF MERGER OF DOMESTIC AND FOREIGN CORPORATIONS

### into

### JACKSON BUILDERS, INC.

The undersigned, as Secretary of State of the State of Mississippi, hereby certifies that duplicate originals of ARTICLES OF MERGER OF

BAILEY LUMBER & SUPPLY COMPANY OF BILOXI

a    MISSISSIPPI            Corporation, into

JACKSON BUILDERS, INC.

a    MISSISSIPPI            Corporation, duly signed and verified pursuant to the provisions of the Mississippi Business Corporation Act, have been received in this office and are found to conform to law.

ACCORDINGLY the undersigned, as such Secretary of State, and by virtue of the authority vested in him by law, hereby issues this Certificate of Merger and attaches hereto a duplicate original of the Articles of Merger.

Given under my hand and Seal of Office,

this the 29th day of May,

19 68 .

*Heber Ladner*
SECRETARY OF STATE.

C-50

STATE OF MISSISSIPPI

COUNTY OF HARRISON



### MERGER AGREEMENT

THIS AGREEMENT OF MERGER, dated as of May 31, 1968, by and between JACKSON BUILDERS, INC., (hereinafter sometimes referred to as Jackson Builders) and its directors or a majority thereof, parties of the first part; and BAILEY LUMBER & SUPPLY COMPANY OF BILOXI (hereinafter sometimes referred to as Bailey Lumber) and its directors or a majority thereof, parties of the second part;

WHEREAS, Jackson Builders and Bailey Lumber, respectively, are corporations organized under the laws of the State of Mississippi; and

WHEREAS, the total number of shares of stock which Jackson Builders is Authorized to issue is 1000 shares of common stock of the par value of $50.00 per share, of which 16 shares of common stock are issued and outstanding; and

WHEREAS, the total number of shares of stock which Bailey Lumber is authorized to issue is 2000 shares of common stock of the par value of $50.00 per share, of which 1600 shares are issued and outstanding; and

WHEREAS, the parties hereto desire that Bailey Lumber be merged into Jackson Builders so as to comply with the provisions under Section 368 of the Internal Revenue Code/in compliance with the other provisions of Part 3, Sub-Chapter "C" of Chapter 1, Sub-Title "A", Internal Revenue Code of 1954, it being the intention of all parties that the merger be considered thereunder as a Tax Free re-organization.

NOW, THEREFORE, in consideration of the premises and of the mutual promises and covenants herein contained, it is hereby agreed between the parties hereto acting in pursuance of the provisions appearing in Sections 5309-151, et seq, Mississippi Code of 1942 as amended, that Bailey Lumber & Supply Company of Biloxi and Jackson Builders, Inc. shall be, and they are hereby merged into a single corporation, to-wit:

JACKSON BUILDERS, INC., a Mississippi corporation, one of the parties hereto or a surviving corporation, and that BAILEY LUMBER & SUPPLY COMPANY OF BILOXI shall merge, and it does hereby merge into JACKSON BUILDERS, INC., and that JACKSON BUILDERS, INC., shall merge and it does hereby merge into itself; and that the terms and conditions of the merger here provided for and the mode of carrying it into effect are and shall be as hereinafter set forth.

### ARTICLE I

The name of the corporation to survive the merger is JACKSON BUILDERS, INC.

### ARTICLE II

Bailey Lumber & Supply Company of Biloxi shall be merged into Jackson Builders, Inc. and the corporate existence of Bailey Lumber & Supply Company of Biloxi shall cease, and the incorporation of Jackson Builders, Inc. shall continue under the name "Jackson Builders, Inc."

### ARTICLE III

The names and addresses of the stockholders and incorporators are:

| | |
|---|---|
| Sherwood R. Bailey | 3417 Washington Ave., Gulfport, Mississippi |
| B. C. Bailey | 3851 Old Canton Road, Jackson, Mississippi |
| W. W. Bailey | 2611 Lake Circle, Jackson, Mississippi |
| George J. Bailey | 3727 Crane Blvd., Jackson, Mississippi |
| Sara A. Bailey | 2611 Lake Circle, Jackson, Mississippi |
| Jeanette Bailey | 3851 Old Canton Road, Jackson Mississippi |
| Aubrey Bailey | 3417 Washington Ave., Gulfport, Mississippi |
| Evelyn Bailey | 3727 Crane Blvd., Jackson, Mississippi |
| Sherwood R. Bailey, Jr. | 3417 Washington Avenue, Gulfport, Mississippi |
| Jodie N. Bailey | 3417 Washington Avenue, Gulfport, Mississippi |

### ARTICLE IV

The domicile of the corporation is at Gulfport, Mississippi.

## ARTICLE V

The amount of capital stock and particulars as to classes thereof are:

2000 shares of the total value of $100,000.00.

## ARTICLE VI

Number of shares of each class and par value thereof:

2000 shares of common stock of the par value of $50.00 per share.

## ARTICLE VII

The period of existence of the corporation is ninety-nine years.

## ARTICLE VIII

The nature of the business and the objects and purposes proposed to be transacted, promoted and carried on by the corporation are as follows:

To engage in a general construction, contracting and building business, including the designing, building, repairing and remodeling of houses, buildings, streets, roads, sidewalks, and any other types of structures and improvements;

To engage in the business of developing subdivisions for residences and commercial buildings, including the right to buy and sell land and property for such purposes and the doing of any and all lawful things incidental to the planning, development and completion of such subdivisions;

To buy, sell and trade in houses, buildings and other structures; to invest in any type of real, personal and mixed properties, and in any type of lawful securities; to engage in the real estate business, including the right to buy, sell, trade in, rent and lease real estate for itself and for others; to execute contracts, deeds, bills of sale, and assignments;

To solicit general insurance business and to act as agent and broker in soliciting and writing any and all types and forms of insurance, and to represent insurance and surety companies of all types;

To conduct a mortgage loan business for itself, and for others as broker, agent or correspondent, including the right to deal in stocks, bonds, promissory notes, commercial paper, mortgages, deeds of trust, and other securities, and the right to lend money either for itself or as broker, agent or correspondent for others and to take securities therefor; and to solicit mortgage loans and do all things incidental to engaging in a mortgage loan and brokerage business;

To manufacture and trade in wood products and any other products used in or in any way related to the building of houses and other structures; to manufacture and trade in any products of any type which may be used in any of the businesses in which this corporation is authorized to engage; and to operate wholesale and retail lumber yards;

To borrow money and to execute notes or any other types of evidences of indebtedness therefor and to secure loans by deeds of trust, mortgages, assignments or pledges of any of the property of the corporation; and generally to make, execute and perform contracts of every kind and description;

To do all things necessary, suitable or desirable for the accomplishment of any of the purposes set out hereinabove, either alone or in association with others; and to do all things incidental to the aforesaid purposes.

The enumeration herein of the objects and purposes of this corporation shall be construed as powers as well as objects and purposes and shall not be deemed to exclude by inference any powers, objects or purposes which this corporation is empowered to exercise, whether expressly by force of the laws of the State of Mississippi now or hereafter in effect or impliedly by the reasonable construction of the said laws.

The rights and powers that may be exercised by this corporation, in addition to the foregoing, are those conferred by Chapter 4, Title 21, Code of Mississippi of 1942, and amendments thereto.

## ARTICLE IX

The by-laws of Jackson Builders, Inc. in effect immediately prior to the effective date of merger shall be the by-laws of the surviving corporation until the same shall be altered, amended or repealed.

## ARTICLE X

The members of the board of directors and the officers of Jackson Builders, Inc. immediately prior to the effective date of merger shall be the members of the board of directors and the officers, respectively, of the surviving corporation, and they shall continue to hold office until their respective successors shall have been elected and shall qualify pursuant to the by-laws of the surviving corporation or as otherwise provided in said by-laws.

The names and addresses of the present directors of Jackson Builders, Inc. who shall act as the directors of the surviving corporation until their successors are duly chosen and qualified, are as follows:

| | |
|---|---|
| Sherwood R. Bailey | 3417 Washington Avenue, Gulfport Mississippi |
| H. C. Bailey | 3851 Old Canton Road, Jackson, Mississippi |
| George C. Bailey | 3727 Crane Blvd., Jackson, Mississippi |
| W. W. Bailey | 2611 Lake Circle, Jackson, Mississippi |

## ARTICLE XI

The total amount of the capital stock of the surviving corporation to be issued for stock of each of the constituent corporations is as follows:

Based on an audit made by Williams, Nader and Matthews as of February 29, 1968, of the books of Bailey Lumber & Supply Company of Biloxi, and as of January 31, 1968 of the books of Jackson Builders, Inc., it has been determined that the book value of one share of common stock in Bailey Lumber is $124.36 and that the book value of one share of common stock in Jackson Builders, Inc. is $5,755.33. All of the parties

hereto are of the opinion that the book value as shown is the same as the actual value. Based upon these figures, 632.76 shares of common stock of the surviving corporation shall be issued to the stockholders of Jackson Builders, Inc. in proportion to each stockholder's proportionate interest in Jackson Builders, Inc., and 1,367.24 shares of common stock of the surviving corporation shall be issued to the stockholders of Bailey Lumber in proportion to each stockholder's proportionate interest in Bailey Lumber & Supply Company of Biloxi. Accordingly, each share of common stock of Jackson Builders, Inc. outstanding at the effective date of merger shall forthwith upon the effective date of the merger be converted into 39.5475 shares of common stock of the surviving corporation and each share of common stock of Bailey Lumber outstanding at the effective date of merger shall forthwith upon the effective date of the merger be converted into .854525 shares of common stock of the surviving corporation, and each holder of such common stock of Jackson Builders or Bailey Lumber, upon presentation and surrender of his certificate or certificates for the stock to the surviving corporation, shall be entitled to receive in exchange therefor one or more certificates representing the shares of such common stock of the surviving corporation at the rate of 39.5475 shares of such common stock of the surviving corporation for each share of common stock of Jackson Builders, Inc. so surrendered and at the rate of .854525 shares of such common stock of the surviving corporation for each share of common stock of Bailey Lumber & Supply Company of Biloxi as surrendered.

## ARTICLE XII

As of the effective date of the merger, the surviving corporation will begin business with $100,000.00 of capital. Upon the effective date of merger, (a) the assets and liabilities of the constituent corporations (except for items of capitalization and surplus) shall be taken up or continued on the books of the surviving corporation at the amounts at which they

respectively shall be carried at that time on the books of the respective constituent corporations; and (b) any amount by which the value of the assets so taken up or continued on the books of the surviving corporation shall exceed the sum of (i) the amount of capital of the surviving corporation upon the effective date of merger and (ii) all liabilities of the surviving corporation upon the effective date of merger, shall be surplus.

### ARTICLE XIII

On the effective date of merger, all the property, real, personal or mixed, of each of the constituent corporations, and all debts due on whatever account to any of them, including subscriptions to shares and other choses in actions belonging to any of them, and all and singular, the rights, privileges, powers and franchises, as well of a public as of a private nature, and all and every other interest, of each of the constituent corporations, shall be taken and deemed to be transferred to and vested in, or shall continue to be vested in, the surviving corporation without further act or deed, and shall be thereafter as effectually the property of the surviving corporation as they were of the respective constituent corporations; and title to any real estate, whether vested by deed or otherwise in any of the constituent corporations, shall not revert or be in any way impaired by reason of the merger; and the surviving corporation shall thenceforth be responsible for all the debts, liabilities, obligations and duties of each of the constituent corporations, and all said debts, liabilities, obligations and duties shall thenceforth attach to the surviving corporation and may be enforced against it to the same extent as if said debts, liabilities, obligations and duties had been incurred or contracted by the surviving corporation; but the liabilities of the constituent corporations, or of their shareholders, directors, or officers, shall not be affected, nor shall the rights of the creditors thereof or of any persons dealing with the constituent corporations, or any

liens upon the property of the constituent corporations, be
impaired by the merger; and all rights of creditors and all
liens upon any property of any of the constituent corporations
shall be preserved unimpaired, and any claim existing, or action
or proceeding pending by or against any of the constituent
corporations, may be prosecuted to judgment as if the merger
had not taken place, or the surviving corporation may be
proceeded against or substituted in its place.

### ARTICLE XIV

This agreement shall be submitted to the stock-
holders of Jackson Builders and to the sotckholders of Bailey
Lumber in the manner provided by law and if the votes of the
stockholders of each such corporation representing a majority
of the total number of shares of its capital stock shall be
for adoption of this agreement, it shall take effect as the
agreement of merger of Jackson Builders, Inc. and Bailey
Lumber & Supply Company of Biloxi on the filing hereof in the
office of the Secretary of the State of Mississippi with
evidence of its adoption as required by law.

### ARTICLE XV

All expenses incident to the merger shall be paid by
the surviving corporation, provided, however, that in the
event the merger contemplated hereby shall not be consummated
for any reason, all expenses incident to preparation for
carrying this agreement of merger into effect and consummating
the merger shall be divided between and borne by the constituent
corporations in the proportions that their respective net assets
at January 31, 1968 in the case of Jackson Builders, Inc., and
at February 29, 1968 in the case of Bailey Lumber & Supply
Company of Biloxi, bear to their combined net assets at said
dates.

### ARTICLE XVI

From time to time, as and when requested by the
surviving corporation, or by its successors or assigns, each

of the constituent corporations shall execute and deliver,
or cause to be executed and delivered, all such deeds and
other instruments, and shall take or cause to be taken all
such further and other action, as the surviving corporation
may deem necessary or desirable, in order more fully to vest
in and confirm to the surviving corporation title to and
possession of all the property, rights, privileges, powers and
franchises referred to in Article XIII hereof and otherwise
to carry out the intent and purposes of this agreement of
merger.

IN WITNESS WHEREOF, the directors, or a majority of
them, of each of the constituent corporations have entered into
this agreement of merger, have duly subscribed their respective
names to this agreement of merger, and have caused the corpor-
ate seal of each of the constituent corporations to be hereunto
affixed and attested, all as of the day and year first above
written.

_____
SHERWOOD R. BAILEY

_____
H. C. BAILEY

_____
GEORGE C. BAILEY

_____
W. W. BAILEY

(Directors of Bailey Lumber &
Supply Company of Biloxi)

_____
SHERWOOD R. BAILEY, President,
Bailey Lumber & Supply Company
of Biloxi

_____
W. W. Bailey, Secretary-Treas.
Bailey Lumber & Supply Company
of Biloxi

_____
SHERWOOD R. BAILEY

_____
H. C. BAILEY

_____
GEORGE C. BAILEY

_____
W. W. BAILEY

(Directors of Jackson Builders, Inc.)

_____
SHERWOOD R. BAILEY, President,
Jackson Builders, Inc.

_____
W. W. Bailey, Secretary-Treas.
Jackson Builders, Inc.

STATE OF MISSISSIPPI
COUNTY OF HARRISON

     PERSONALLY appeared before me, the undersigned authority in and for the county and state aforesaid, the within named SHERWOOD R. BAILEY who acknowledged that he signed and delivered the foregoing instrument as a director of Bailey Lumber & Supply Company of Biloxi, for the purposes therein mentioned on the day and year therein stated.

     GIVEN UNDER MY HAND and official seal this the _22nd_ day of _May_ , 1968.

                     Notary Public

My commission expires: _8-22-70_

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

     PERSONALLY appeared before me, the undersigned authority in and for the county and state aforesaid, the within named H. C. BAILEY, GEORGE C. BAILEY, and W. W. BAILEY, who each acknowledged that they signed and delivered the foregoing instrument as directors of Bailey Lumber & Supply Company of Biloxi, for the purposes therein mentioned on the day and year therein stated.

     GIVEN under my hand and official seal this the _22_ day of _May_ , 1968.

                     NOTARY PUBLIC

My commission expires: My Commission Expires Feb. 22, 1970

STATE OF MISSISSIPPI
COUNTY OF HARRISON

     PERSONALLY Appeared before me, the undersigned authority in and for the county and state aforesaid, the within named SHERWOOD R. BAILEY who acknowledged that he signed and delivered the foregoing instrument as President of Bailey Lumber & Supply Company of Biloxi, for the purposes therein mentioned on the day and year therein stated.

     GIVEN under my hand and official seal on this the _22nd_ day of _May_ , 1968.

                     NOTARY PUBLIC

My commission expires: _8-22-70_

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

     PERSONALLY appeared before me, the undersigned authority in and for the county and state aforesaid, the within named W. W. BAILEY, who acknowledged that he signed and delivered the foregoing instrument as Secretary of Bailey Lumber & Supply Company of Biloxi, for the purposes therein mentioned on the day and year therein stated.

     GIVEN under my hand and official seal this the _22nd_ day of _May_ , 1968.

                     NOTARY PUBLIC

My commission expires: _July 26, 1971_

STATE OF MISSISSIPPI

COUNTY OF HARRISON

PERSONALLY appeared before me, the undersigned authority in and for the county and state aforesaid, the within named SHERWOOD R. BAILEY, who acknowledged that he signed and delivered the foregoing instrument as a director of Jackson Builders, Inc., for the purposes therein mentioned on the day and year therein stated.

GIVEN under my hand and official seal this the 22nd day of _May_, 1968.

_____
Notary Public

My commission expires: 8-22-70

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the county and state aforesaid, the within named H. C. BAILEY, GEORGE C. BAILEY, and W. W. BAILEY, who each acknowledged that they signed and delivered the foregoing instrument as directors of Jackson Builders, Inc., for the purposes therein mentioned on the day and year therein stated.

GIVEN under my hand and official seal this the 22 day of _____, 1968.

_____
Notary Public

My commission expires: My Commission Expires Feb. 22, 19__

STATE OF MISSISSIPPI
COUNTY OF HARRISON

PERSONALLY appeared before me, the undersigned authority in and for the county and state aforesaid, the within named SHERWOOD R. BAILEY, who acknowledged that he signed and delivered the foregoing instrument as President of Jackson Builders, Inc., for the purposes therein mentioned on the day and year therein mentioned.

GIVEN under my hand and official seal this the 22nd day of _May_, 1968.

_____
Notary Public

My commission expires: 8-22-70

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

PERSONALLY appeared before me, the undersigned authority in and for the county and state aforesaid, the within named W. W. BAILEY, who acknowledged that he signed and delivered the foregoing instrument as Secretary of Jackson Builders, Inc., for the purposes therein mentioned on the day and year therein stated.

GIVEN under my hand and official seal this the 22nd day of _May_, 1968.

_____
Dovie P. Porter
Notary Public

My commission expires: July 26, 1971

STATE OF MISSISSIPPI

COUNTY OF Hinds

### CERTIFICATE

The undersigned secretary of Jackson Builders, Inc., one of the corporations described in and a party to the foregoing agreement of merger, hereby certifies that the agreement was submitted to the stockholders of the corporation at a meeting thereof, called separately from a meeting of the stockholders of Bailey Lumber & Supply Company of Biloxi, for the purpose of taking the agreement into consideration and duly held on _____ May 4, _____, 1968; that all of the stockholders of Jackson Builders, Inc. were present and participated in such meeting; that the stockholders owning 100% of the stock in Jackson Builders, Inc. personally waived call and notice of said meeting; that at the meeting said agreement was considered and vote by ballot in person was duly taken for the adoption or rejection of the same, each share having one vote and that the votes of all stockholders were unanimously for the adoption of the agreement.

WITNESS my signature as secretary of Jackson Builders, Inc., on this the _23rd_ day of _May_, 1968.

W. W. BAILEY, Secretary-Treasurer

STATE OF MISSISSIPPI

COUNTY OF Hinds

### CERTIFICATE

The undersigned secretary of Bailey Lumber & Supply
Company of Biloxi, one of the corporations described in and a
party to the foregoing agreement of merger, hereby certifies that
the agreement was submitted to the stockholders of the corpor-
ation at a meeting thereof, called separately from a meeting of
the stockholders of Jackson Builders, Inc. for the purpose of
taking the agreement into consideration and duly held on
_____May 3,_____, 1968; that all of the stockholders of
Bailey Lumber & Supply Company of Biloxi were present and
participated in such meeting; that the stockholders owning 100%
of the stock in Bailey Lumber & Supply Company of Biloxi
personally waived call and notice of said meeting; that at the
meeting said agreement was considered and vote by ballot in
person was duly taken for the adoption or rejection of the same,
each share having one vote and that the votes of all stock-
holders were unanimously for the adoption of the agreement.

WITNESS my signature as secretary of Bailey Lumber &
Supply Company of Biloxi, on this the _2nd_ day of _May_____,
1968.

_W. W. Bailey, Secretary-Treasurer_

The foregoing agreement of merger having been
executed by a majority of the directors of each of the
parties thereto, and having been duly adopted by the stock-
holders of each of the parties thereto in accordance with
the provisions of Sections 5309-151, et seq, Mississippi
Code of 1942 as amended, and that fact having been certified
on the agreement of merger by the secretary of each of the
parties hereto, the president and secretary of each of the

parties do now hereby execute the agreement of merger under the corporate seals of their respective corporations by authority of the directors and stockholders thereof as the act, deed and agreement of each of said corporations, this the ___22___ day of ___may___, 1968.

JACKSON BUILDERS, INC.

BY: _____
          President

BY: _____
          Secretary


BAILEY LUMBER & SUPPLY COMPANY
OF BILOXI

BY _____
          President

BY _____
          Secretary

STATE OF MISSISSIPPI
COUNTY OF HARRISON

PERSONALLY appeared before me, the undersigned
authority in and for the county and state aforesaid, the
within named SHERWOOD R. BAILEY, President of Jackson
Builders, Inc., who having first acknowledged his auth-
ority to execute the foregoing instrument for and on
behalf of said company as the President thereof, by virtue of
a resolution of the directors of said company, did acknowledge
that he signed and delivered said instrument for and on behalf
of, as the act and deed of and in the name of said company,
and for the purposes therein mentioned, and having been duly
authorized so to do, that he did cause the corporate seal of
said company to be duly affixed to said instrument on the day
and year therein stated.

GIVEN under my hand and official seal this the
____ day of ____, 1968.

_____
NOTARY PUBLIC

My commission expires: _____

STATE OF MISSISSIPPI
COUNTY OF _____

PERSONALLY appeared before me the undersigned
authority in and for the county and state aforesaid, the
within named W. W. BAILEY, Secretary of Jackson Builders,
Inc., who having first acknowledged his authority to
execute the foregoing instrument for and on behalf of
said company as the Secretary thereof, by virtue of a
resolution of the directors of said company, did
acknowledge that he signed and delivered said instrument
for and on behalf of, as the act and deed of and in the
name of said company, and for the purposes therein
mentioned, and having been duly authorized so to do,
that he did cause the corporate seal of said company
to be duly affixed to said instrument on the day and
year therein stated.

GIVEN under my hand and official seal this the
____ day of ____, 1968.

_____
NOTARY PUBLIC

My commission expires: _____

STATE OF MISSISSIPPI
COUNTY OF HARRISON

PERSONALLY appeared before me, the undersigned
authority in and for the county and state aforesaid, the
within named SHERWOOD R. BAILEY, President of Bailey Lumber
& Supply Company of Biloxi, who having first acknowledged
his authority to execute the foregoing instrument for and
on behalf of said company as the President thereof, by
virtue of a resolution of the directors of said company,
did acknowledge that he signed and delivered said instru-
ment for and on behalf of, as the act and deed of and in
the name of said company, and for the purposes therein
mentioned, and having been duly authorized so to do, that
he did cause the corporate seal of said company to be duly
affixed to said instrument on the day and year therein
stated.

GIVEN under my hand and official seal this the
22nd day of May , 1968.

NOTARY PUBLIC

My commission expires: 8-22-70


STATE OF MISSISSIPPI
COUNTY OF Hinds

PERSONALLY appeared before me the undersigned
authority in and for the county and state aforesaid, the
within named W. W. BAILEY, Secretary of Bailey Lumber &
Supply Company of Biloxi, who having first acknowledged
his authority to execute the foregoing instrument for and
on behalf of said company as the Secretary thereof, by virtue
of a resolution of the directors of said company, did acknow-
ledge that he signed and delivered said instrument for and on
behalf of, as the act and deed of and in the name of said
company, and for the purposes therein mentioned, and having
been duly authorized so to do, that he did cause the corpor-
ate seal of said company to be duly affixed to said instru-
ment on the day and year therein stated.

Dovie P Porter
NOTARY PUBLIC

My commission expires: July 26, 1971

Received at the office of the Secretary of State,

this the _____ day of _____ A.D., 1968,

together with the sum of $_____ deposited to
cover the recording fee, and referred to the Attorney General
for his opinion.

_____
SECRETARY OF STATE.

Jackson, Miss.,

_____

    I have examined this merger and am of the opinion
that it is not violative of the Constitution and laws of this
State, or of the United States.

_____
ATTORNEY GENERAL

By_____
Assistant Attorney General.

# State of Mississippi
## Secretary of State's Office
## C. Delbert Hosemann, Jr.
### Secretary of State
### Jackson, Mississippi

## CERTIFICATE

I, C. Delbert Hosemann, Jr., Secretary of State of the State of Mississippi, and as such, the legal custodian of the corporate records, required by the laws of Mississippi, to be filed in my office, do hereby certify as follows:

That on February 8, 1955, the State of Mississippi issued a profit charter of incorporation to **JACKSON BUILDERS, INC.**

That the registered office of said corporation is located at 4646 West Beach Boulevard, Biloxi, Mississippi, and the registered agent at that address is Sherwood R  Bailey.

That on January 17, 1989, **JACKSON BUILDERS, INC.** was administratively dissolved.

Given under my hand
and seal of office
July 2, 2010

C. Delbert Hosemann, Jr.
Secretary of State

