UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | |
| | JUDGE FALLON |
| Robert W. Block et al. v. Gebrueder Knauf Verwaltungsgesellschaft et al., Case No. 11-1363 | MAG. JUDGE WILKINSON |

## CARIBE CENTRAL, LLC'S AND CARIBE HOMES CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION FOR PRELIMINARY DEFAULT JUDGMENT

Defendants Caribe Central, LLC ("Caribe Central") and Caribe Homes Corporation ("Caribe Homes"), by and through undersigned counsel and pursuant to the Court's November 23, 2011, Order (MDL DE #11407), hereby submit the following Memorandum in Opposition to Plaintiffs' Omnibus Motion for Preliminary Default Judgment (the "Omnibus Default Motion," MDL DE #11234). Because the undersigned has entered an appearance in this action on behalf of both Caribe Central and Caribe Homes, because it is patent that each of these Defendants intend to defend Plaintiffs' claims on the merits, and because the time has not yet come for Caribe Central and Caribe Homes to respond to the Omnibus Complaint filed herein, the Court should deny the Omnibus Default Motion insofar as it relates to these two Defendants.

### INTRODUCTION

In the Omnibus Default Motion, Plaintiffs claim that a default should be entered against Caribe Central and Caribe Homes because these two Defendants allegedly "have failed to enter an appearance" and have not "answered the complaints or otherwise defended themselves within

the period contemplated by Fed. Rule Civ. Proc. 12." Omnibus Default Mot., at pp. 2-3.[1] Plaintiffs' arguments are unfounded.

### I. Governing Law Strongly Disfavors Defaults and Favors Resolving Disputes on Their Merits

As have most if not all other federal circuits, the Fifth Circuit has embraced a policy disfavoring the use of default judgments and favoring resolution of cases on their merits. See, e.g., Lindsey v. Prive Corp., 161 F.3d 886, 892-93 (5th Cir. 1998). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." SunBank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989). Moreover, as other Defendants who have opposed the Omnibus Default Motion have noted, Fifth Circuit precedent mandates an "expansive view as to what constitutes an appearance under Rule 55(b)(2)." Rogers v. Hartford Life and Acc. Ins. Co., 167 F.3d 933, 936 (5th Cir. 1999). To qualify as an appearance, the defendant's actions need not be great; the defendant must simply give the plaintiff a clear indication that the defendant intends to defend against the claims and must "be responsive to the plaintiff's formal Court action." Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975). Application of these principles dictates that the Omnibus Default Motion should be denied as to Caribe Central and Caribe Homes.

### II. Both Caribe Central and Caribe Homes Have Given Clear Notice of Their Intention to Defend Against These Claims

Here, both Caribe Central and Caribe Homes have entered an appearance in this action (see MDL DE #11236).[2] In addition, undersigned counsel has provided the Liaison Counsel

---

[1] Both Caribe Central and Caribe Homes are listed in Exhibit "G" to the Omnibus Default Motion, which lists the Defendants that Plaintiffs claim are in default with respect to *Block* et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG et al. (Omnibus X Complaint).

2

with the required MDL 2047 Counsel Contact Information (Form PTO-5) for these two Defendants, and has also communicated with Andrew Lemmon, one of Plaintiffs' Liaison Counsel, about the provision of these Defendants' Profile Forms.  The aggregate of these circumstances gives Plaintiffs' counsel (and the Court) more than ample notice that Caribe Central and Caribe Homes intend to defend against the claims brought against them.  See Baez, 518 F.2d at 350.  And as favored by the Fifth Circuit, those claims should be resolved on their merits.  See Lindsey, 161 F.3d at 892-93.  Accordingly, the Omnibus Default Motion should be denied as to Caribe Central and Caribe Homes.

### III. Caribe Central and Caribe Homes Are Not Currently Required to Answer or Otherwise Respond to the Omnibus Complaint

Further, Plaintiffs' attempts to blame Caribe Central and Caribe Homes for not having "answered the complaints or otherwise defended themselves with the period contemplated by Fed. Rule Civ. Proc 12" should not be countenanced.  Omnibus Default Mot., at pp. 2-3.  On March 27, 2010, this Court entered Pre-Trial Order No. 1G.  That Order specifically addressed the timing of Defendants' responses to any and all of the Omnibus Complaints:  "IT IS FURTHER ORDERED the deadlines for responding to any of the Omnibus complaints be and they hereby are suspended."  Approximately seven months later, the Court entered Pre-Trial Order No. 1H, which further elaborated on the timing for Defendants' respective responses to the Omnibus Complaints.  Specifically, the Court ordered that

> [o]nce the Amendments [to the various Omnibus Complaints, including Block] are filed and service is perfected the PSC shall file a notice.  Thereafter, the PSC is directed to file a Master Complaint within 60 days of the filing of the PSC's Notice.  Only after the Master Complaint is filed will counsel for any defendant

---

[2]     On May 17, 2011, undersigned counsel entered an appearance on behalf of Caribe Central and one other defendant in the Payton et al. v. Knauf Gips KG, et al. matter.

>identified therein be required to file responsive pleadings within thirty (30) days thereof.

Pre-Trial Order No. 1H, MDL DE #6083, at p. 2.  As such, Caribe Central and Caribe Homes are not required to respond to the Block Omnibus Complaint until Plaintiffs give notice that they have completed their amendments thereto.

Notably, in The Plaintiffs' Steering Committee's Fourteenth Status Report (MDL DE #11455), which was filed on November 30, 2011, Plaintiffs stated that "[b]ased on the current status of service and discovery, the PSC is not prepared to file a notice of completion of amendments for any of the omnibus class action complaints." Id. at p. 10.  Accordingly, the triggering event set forth in Pre-Trial Order No. 1H has not occurred, and neither Caribe Central nor Caribe Homes is presently under an obligation to respond to the Block omnibus complaint. For this reason as well, the Omnibus Default Motion should be denied as it relates to Caribe Central and Caribe Homes.

## CONCLUSION

Caribe Central and Caribe Homes have provided clear notice of their respective intention to defend against these claims.  No default against them is warranted.  As such, and for all of the foregoing reasons, the Court should enter an Order denying the Omnibus Default Motion insofar as it relates to Caribe Central and Caribe Homes.

Respectfully submitted,

MURAI, WALD, BIONDO
& MORENO, P.A.
1200 Ponce de Leon Boulevard
Coral Gables, FL  33134
Tel:  (305) 444-0101
Fax: (305) 444-0174


By:      s/ Allen P. Pegg           .
       Allen P. Pegg
       Florida Bar No. 597821
       apegg@mwbm.com
       Gerald B. Wald
       Florida Bar No. 215112
       gwald@mwbm.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on December 8, 2011, the foregoing Memorandum has been served on all parties by electronically uploading same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court by using the CM/ECF system this 8th day of December, 2011, which will serve a Notice of Filing on all counsel of record in accordance with the procedures established in MDL 2047.


By:   s/ Allen P. Pegg         .