UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL     :     MDL NO. 2047
    PRODUCTS LIABILITY LITIGATION          :     SECTION: L
                                        :
                                        :     JUDGE FALLON
                                        :     MAG. JUDGE WILKINSON
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO ALL CASES**

**ORDER**

In *Germano v. Taishan Gypsum Co., Ltd.*, No. 09-6687, service was executed on Taishan Gypsum Co. Ltd. ("TG"), *see* (R. Doc. 1-7)(No. 09-6687), but TG failed to timely enter an appearance. As a result, a Preliminary Default was issued against TG on November 20, 2009. (R. Doc. 487)(No. 09-md-2047). The Court moved forward with the claims against TG in *Germano*, ruling on *Daubert* and in limine motions, and presiding over an evidentiary hearing on February 19 and 22, 2010. *See* (R. Docs. 1223, 1258). Thereafter, the Court issued detailed Findings of Fact & Conclusions of Law regarding the problems caused by TG's Chinese drywall, remediation protocol for properties with Chinese drywall, and a calculation of damages. (R. Doc. 2380). On May 11, 2010, the Court entered a Default Judgement against TG, awarding damages to the plaintiffs in the amount of $2,609,129.99. (R. Doc. 3013). On June 10, 2010, TG filed a Notice of Appeal of this Default Judgment. (R. Doc. 3670). Thereafter, for the first time in the litigation, Notices of Appearances were filed on behalf of TG and TTP, *see* (R. Docs. 4324, 4325), as well as other responses and motions. *See e.g.* (R. Docs. 4307, 4325, 4666, 4667, 4800). On August 20, 2010, the attorneys for TP and TTP were appointed to the Defendants' Steering Committee. (R. Doc. 5286).

On September 10, 2010, TG filed a Motion to Vacate the Default Judgment, Dismiss the Action and to Seek Remand from the Court of Appeals. (R. Doc. 5515). This Motion is largely based upon the notion that this Court lacks personal jurisdiction, *see id.*, a factually pregnant issue which requires discovery for proper resolution thereof. On October 1, 2010, the United States Court of Appeals for the Fifth Circuit issued an Order granting an unopposed motion to stay further proceedings until this Court provides an informed and indicative ruling on TG's Motion to Vacate. (R. Doc. 5649). This Court then issued an Order pursuant to Rule 62.1 to allow it to determine how it would deal with TG's Motion prior to resolution of the appeal by the Fifth Circuit. (R. Doc. 6101). In furtherance of this Order, the Court directed the parties to begin the written discovery and depositions necessary to resolve the personal jurisdiction challenges raised by TP's Motion to Vacate.

In the fall of 2010, the parties first began jurisdictional discovery. Numerous status conferences, hearings, motions, and rulings have arisen from this discovery. Then, in April 2011, Rule 30(b)(6) depositions of Wenglong Peng, Tongchun Jia, and Jianchun Zhang were conducted in Hong Kong. However, due to conflicts between counsel, witnesses, and interpreters, as well as translation problems and speaking objections, these depositions failed to provide sufficient material for the Court to resolve the jurisdictional challenges. After hearing from the parties on motions and at conferences, the Court determined that a second round of depositions would be necessary to obtain appropriate jurisdictional discovery from Taishan. Accordingly, a second round of jurisdictional depositions are scheduled for the week of January 9, 2012 in Hong Kong. In preparation for these depositions the Court has held regular conferences, and the parties have been working on further written discovery, noticed deposition topics, and logistical issues for the depositions.

The Court has determined that it is appropriate for it to be in attendance at the second round of depositions as an effective and economical alternative to appointing a special master who would require payment for his or her services and require time to become acquainted with the litigation. Incident to this decision is the issue of whom should bear the cost of the Court's travel and accommodations. A review of the relevant law indicates that the cost of the Court's travel and accommodations should be considered court costs and ultimately borne by the losing party, whomever that might be. *See Breeland v. Hide-A-Way Lake, Inc.*, 585 F.2d 716, 722 (5th Cir. 1978); 10 Federal Practice and Procedure §§ 2676, 2678 (3d. ed. 2011). In the meantime, however, it seems fair and reasonable that these costs should be borne equally by all participants in the depositions on a pro rata basis. *See id.* Counsel who will participate in these depositions are directed to meet and confer with a view to resolving this issue.

New Orleans, Louisiana this 8th day of December 2011.

_____
U.S. District Judge