UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL DOCKET: 2047
SECTION: L

THIS DOCUMENT RELATES TO
CASE NO. 11-cv-00080

JUDGE FALLON
MAG. JUDGE WILKINSON

_____/

TAYLOR MORRISON SERVICES, INC.,
a Delaware corporation,

    Defendant/Crossclaim Plaintiff,

v.

TAISHAN GYPSUM CO., LTD., f/k/a
SHANDONG TAIHE DONGXIN CO.,
LTD.; TAIAN TAISHAN
PLASTERBOARD CO. LTD.;
QINHUANGDAO TAISHAN BUILDING
MATERIAL CO., LTD. a/k/a/ QINHUANG
DAO TAISHAN BUILDING MATERIAL
CO., LTD;

    Crossclaim Defendants.

_____/

## CROSSCLAIM OF TAYLOR MORRISON SERVICES, INC.

Defendant/Crossclaimant, TAYLOR MORRISON SERVICES, INC. ("**Taylor Morrison Services**"), hereby sues Crossclaim Defendants, TAISHAN GYPSUM CO. LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD. ("**Taishan**"); TAIAN TAISHAN PLASTERBOARD CO. LTD. ("**Taian**"); QINHUANGDAO TAISHAN BUILDING MATERIAL CO., LTD. a/k/a QINHUANG DAO TAISHAN BUILDING MATERIAL CO., LTD. ("**Qinhuangdao**"). Taylor Morrison Services alleges as follows:

## The Parties, Jurisdiction and Venue

1. This is within the original jurisdiction of the United States District Court, Eastern District of Louisiana, and pursuant to 28 U.S.C. §§ 1332(d) and 1367, as set forth in Omnibus Complaint (VII), paragraphs 1 and 2 of which are incorporated herein.

2. Venue is proper by virtue of and as set forth in the Omnibus Complaint (VII), paragraph 3 of which is incorporated herein.

3. Taylor Morrison Services is a Delaware corporation with a principal place of business in Scottsdale, Arizona, authorized to do and doing business in the State of Florida.

4. Taylor Morrison Services is among the nation's leading builders and developers of quality homes and residential communities.

5. Taylor Morrison Services is improperly named in the Complaint as "Taylor Morrison Services, Inc., f/k/a Morrison Homes, Inc." and "Taylor Woodrow at Vasari, L.L.C."

6. Crossclaim Defendant Taishan is a foreign corporation doing business in Louisiana and Florida.

7. To the extent Taishan is deemed to be a foreign sovereign entity, Taylor Morrison Services bring its claims against Taishan pursuant to 28 U.S.C. § 1605(a)(2), the commercial activity exception to the Foreign Sovereign Immunities Act, or alternatively under § 1605(a)(5), the tortious act exception. Taylor Morrison Services alleges that the claims against Taishan are based upon commercial activities carried on in the United States. The claims also seek monetary damages against a foreign state for damage to property occurring in the United States, caused by the tortious acts or omissions of that foreign state, or of any official or employee of that foreign state while acting within the scope of his office or employment.

8. Defendant Taian is a foreign corporation and is a subsidiary of Defendant Taishan.

9. Defendant Taian caused the drywall at issue in this matter to be imported, distributed, delivered, supplied, inspected, marketed and/or sold and placed into the stream of commerce, with Florida as its ultimate destination.

10. Defendant Qinhuangdao is a foreign corporation and is a manufacturer of gypsum. Defendant Qinhuangdao is a subsidiary of Taishan.

11. Defendant Qinhuangdao caused the drywall at issue in this matter to be imported, distributed, delivered, supplied, inspected, marketed and/or sold and placed into the stream of commerce, with Florida as its ultimate destination.

12. Hereinafter, all Defendants named herein are collectively referred to as ("**Taishan**").

13. Upon information and belief, Taishan, together with its affiliates and/or actual or apparent agents, manufactured, sold, distributed, marketed and placed into the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within the state of Florida. Upon information and belief, Taishan has continuously and systematically distributed and sold drywall to numerous purchasers in the state of Florida and its drywall is installed in numerous homes in Florida. As discussed more fully below, Taishan manufactured and sold, directly and indirectly, to certain suppliers in the state of Florida, defective gypsum drywall that was installed in homes being built by Taylor Morrison Services, thereby causing substantial damage to Taylor Morrison Services in Florida and subjecting Taylor Morrison Services to suit in Florida and Louisiana. Moreover, Taishan purposefully availed itself of the jurisdiction of this Court by selling and shipping substantial quantities of drywall into the State of Louisiana and by hiring agents within the State of Louisiana to investigate the very allegations at issue in this lawsuit.

14. This Court has personal jurisdiction over Taishan by virtue of their availing themselves of this Court and their appearance in this case.

15. Taylor Morrison Services has retained the law firm of Sivyer Barlow & Watson, P.A., to represent them in this action, and have agreed to pay the firm its reasonable attorneys' fees and costs. Taylor Morrison Services has and will continue to incur fees and costs in bringing this action and defending the original action.

16. All conditions precedent to bringing this action have been waived, excused, performed, or have otherwise occurred.

### General Allegations

17. In connection with the construction of homes in the State of Florida, Taylor Morrison Services entered into subcontract agreements with certain subcontractors (collectively, the "**Installers**") for the installation of gypsum drywall in certain homes, including, but not limited to, those of Plaintiffs, Christopher and Rosemary Knight, and Lauren Bove Dryman (together, "**Plaintiffs**").

18. In performing the subcontracts, the Installers purchased gypsum drywall, either directly or indirectly, from various suppliers.

19. Upon information and belief, the various suppliers purchased, directly and/or indirectly, gypsum drywall that was manufactured in China by Taishan, and possibly other unknown Chinese manufacturers.

20. Because of Taylor Morrison Services' commitment to delivering quality, value and service, Taylor Morrison Services monitors every repair request in all of their homes. Taylor Morrison Services received complaints regarding noxious smells and HVAC system problems in certain of the homes constructed by Taylor Morrison Services. As a result, Taylor Morrison Services began an extensive investigation into the source of the problem.

21. Through this extensive investigation, Taylor Morrison Services discovered that certain gypsum drywall installed in certain homes, including, but not limited to, the Plaintiffs' homes, (the "**Affected Homes**") had a latent defect.

22. The defective drywall in the Affected Homes was provided and installed by, among others, the Installers, who, in turn, had purchased defective drywall manufactured and purchased, directly or indirectly, from Taishan, who manufactured the defective drywall in China.

23. Taylor Morrison Services has learned that the drywall, because of its defective nature, appears to be interacting with other conditions and elements, causing damage to other property within the Affected Homes, including, but not limited to, HVAC coils, certain electrical and plumbing components, and other affected materials and items, including personal property (collectively, the "**Other Property**"). This corrosion and damage is observable as a black surface accumulation on the Other Property.

24. Taylor Morrison Services further determined through, among other methods, electron microscopy, that the corrosion of HVAC coils in the Affected Homes was occurring to the point that the copper surface of the HVAC coil had pitted deeply enough to cause holes in the coil, which in turn caused the coils to fail. This breakthrough explained the unusual number of HVAC system problems the Affected Homes had experienced.

25. Taylor Morrison Services has also undertaken an intensive effort to notify and engage all responsible parties, demanding that they commit to doing precisely what Taylor Morrison Services has committed to doing for their homeowners -- standing behind their products.

26. All named defendants with whom Taylor Morrison Services has communicated have refused to take responsibility. Taylor Morrison Services, on the other hand, has accepted responsibility and stand behind their homes and homeowners. Many homes have already been repaired.

27. At the same time, Taylor Morrison Services stands alongside its homeowners as victims of Taishan and the Installers, who allowed this defective drywall to be manufactured, supplied, and installed in the Affected Homes. Taylor Morrison Services remains committed to fully rectifying these problems and otherwise addressing their homeowners' concerns and the real harm that this defective drywall has caused them. Indeed, Taylor Morrison Services has already begun the expensive and time-consuming process of repairing many of the Affected Homes. Taylor Morrison Services has already temporarily relocated some of their homeowners so that they can remove and replace all of the defective gypsum drywall and repair or replace the Other Property and other materials and items damaged as a result of the defective drywall. In order to repair or replace the Other Property, Taylor Morrison Services has also been forced to remove other building materials from the Affected Homes, including certain defective and non-defective gypsum drywall.

28. While many of their homeowners have praised Taylor Morrison Services' proactive response and commitment, the defective drywall has caused substantial damage to Taylor Morrison Services' goodwill and business reputation. As a direct result of the manufacture, supply, and installation of defective gypsum drywall by Taishan, Taylor Morrison Services has also suffered additional economic damages which include, but are not limited to: the cost to fully repair the Affected Homes, which includes replacing the defective gypsum drywall and repairing and replacing the damage to the Other Property in the Affected Homes as a

result of the deficient and defective gypsum drywall; all costs incurred by Taylor Morrison Services in relocating its homeowners to suitable temporary housing facilities while the Affected Homes are undergoing such repairs; all costs of moving and storing the personal property of the homeowners during the repair process; payments to homeowners for Other Property damaged by the defective gypsum drywall; and attorneys' fees, expert fees and costs incurred in defending the claims against them and in bringing this action.

## COUNT I
### (Against Taishan for Common Law Indemnity)

29. Taylor Morrison Services reasserts and realleges the allegations in paragraphs 1 through 28 above as if fully set forth herein.

30. This is an action by Taylor Morrison Services for common law indemnity against Taishan.

31. Taishan manufactured the defective gypsum drywall that was installed in certain of the Affected Homes.

32. The deficient and defective gypsum drywall manufactured by Taishan has caused damage to Other Property within the Affected Homes.

33. Because of the defective drywall installed in the Affected Homes, Taylor Morrison Services has been forced to undertake an expensive and time consuming process to thoroughly and completely repair the Affected Homes, which includes replacing the defective gypsum drywall and repairing or replacing the Other Property and other materials damaged as a result of the defective drywall.

34. Taylor Morrison Services has incurred and will continues to incur monetary damages resulting from the repair and replacement of defective drywall and Other Property in the Affected Homes.

35. Taylor Morrison Services is entirely without fault for the damage to the Affected Homes and Other Property.

36. As the manufacturer of the defective gypsum drywall, Taishan is wholly at fault and responsible for all damages resulting from the defective gypsum drywall.

37. As a result of Taishan's wrongful conduct, Taylor Morrison Services has been damaged. These damages include, but are not limited to, the cost to fully repair the Affected Homes, which includes replacing the defective gypsum drywall and repairing and replacing the damage to the Other Property in the Affected Homes as a result of the deficient and defective gypsum drywall. These damages also include all costs incurred by Taylor Morrison Services in relocating its homeowners to suitable temporary housing facilities and moving and storing their personal property while the Affected Homes are undergoing such repairs, payment for damage to Other Property, as well as damages for loss of goodwill and reputation, and attorneys' fees, expert fees and costs incurred in defending the claims against them and in bringing this action.

38. Because Taylor Morrison Services, through no fault of its own, is vicariously, constructively, derivatively, or technically responsible -- and unlike Taishan has already taken responsibility -- for the defective gypsum drywall manufactured by Taishan and installed in the Affected Homes, a special relationship exists between Taylor Morrison Services and Taishan pursuant to which Taylor Morrison Services has the right to be indemnified for all damages sustained as a result of Taishan's defective gypsum drywall, including all attorneys' fees and costs incurred in connection with this lawsuit.

WHEREFORE, Taylor Morrison Services demands judgment against Taishan for damages in an amount to be determined at trial, plus attorneys' fees and costs, and for such further and other relief as the Court deems just and proper.

## COUNT II
### (Against Taishan for Strict Liability)

39. Taylor Morrison Services reasserts and realleges the allegations in paragraphs 1 through 28 above as if fully set forth herein.

40. This is an action by Taylor Morrison Services for strict liability in tort against Taishan.

41. Taishan manufactured the defective gypsum drywall that was installed in certain of the Affected Homes.

42. The defective gypsum drywall manufactured by Taishan is defective because it has caused damages to Other Property in the Affected Homes.

43. Taishan expected the defective gypsum drywall to reach the Affected Homes without substantial change affecting its condition, and the defective gypsum drywall did in fact reach the Affected Homes without substantial change affecting that condition.

44. The defective gypsum drywall manufactured by Taishan directly and proximately caused damage to the Other Property in the Affected Homes including, but not limited to, copper HVAC coils, certain electrical and plumbing components, and other affected materials and items.

45. As a result, Taylor Morrison Services has been damaged. These damages include, but are not limited to, the cost to fully repair the Affected Homes, which includes replacing the defective gypsum drywall and repairing and replacing the damage to the Other Property in the Affected Homes as a result of the deficient and defective gypsum drywall. These damages also include all costs incurred by Taylor Morrison Services in relocating its homeowners to suitable temporary housing facilities and moving and storing their personal property while the Affected Homes are undergoing such repairs, payment for damage to Other Property, as well as damages

9

for loss of goodwill and reputation, and attorneys' fees, expert fees and costs incurred in defending the claims against them and in bringing this action.

WHEREFORE, Taylor Morrison Services demands judgment for damages against Taishan in an amount to be determined at trial, plus attorneys' fees and costs and for such further and other relief as the Court deems just and proper.

## COUNT III
### (Against Taishan for Negligence)

46. Taylor Morrison Services reasserts and realleges the allegations in paragraphs 1 through 28 above as if fully set forth herein.

47. This is an action by Taylor Morrison Services for negligence against Taishan.

48. Taishan manufactured the defective gypsum drywall that was installed in certain of the Affected Homes.

49. Taylor Morrison Services was a foreseeable user of the gypsum drywall being manufactured, distributed, and sold by Taishan. As such, Taishan owed a duty to Taylor Morrison Services to exercise reasonable care in the manufacture, distribution, and sale of gypsum drywall and to ensure that the gypsum drywall was free of defects.

50. Taishan breached this duty by negligently manufacturing, distributing, and selling gypsum drywall that was defective, and failing to warn its customers that the drywall was defective. Moreover, Taishan failed to implement proper quality control mechanisms for detecting defects in the gypsum drywall they were manufacturing, distributing, and selling.

51. The defective gypsum drywall negligently manufactured by Taishan directly and proximately caused damage to the Other Property in the Affected Homes including, but not limited to, copper HVAC coils, certain electrical and plumbing components, and other affected materials and items.

52.     As a result, Taylor Morrison Services has been damaged. These damages include, but are not limited to, the cost to fully repair the Affected Homes, which includes replacing the defective gypsum drywall and repairing and replacing the damage to the Other Property in the Affected Homes as a result of the deficient and defective gypsum drywall. These damages also include all costs incurred by Taylor Morrison Services in relocating its homeowners to suitable temporary housing facilities and moving and storing their personal property while the Affected Homes are undergoing such repairs, payment for damage to Other Property, as well as damages for loss of goodwill and reputation, and attorneys' fees, expert fees and costs incurred in defending the claims against them and in bringing this action.

WHEREFORE, Taylor Morrison Services demands judgment for damages against Taishan in an amount to be determined at trial, plus attorneys' fees and costs and for such further and other relief as the Court deems just and proper.

## COUNT IV
### (Against Taishan for Equitable Subrogation)

53.     Taylor Morrison Services reasserts and realleges the allegations in paragraphs 1 through 28 above as if fully set forth herein.

54.     This is an action for equitable subrogation against Taishan.

55.     Taylor Morrison Services has repaired and continues to repair Affected Homes and repair and replace Other Property damaged by defective gypsum drywall manufactured by Taishan in order to protect Taylor Morrison Services from, among other things, exposure to further and additional claims for damages.

56.     Taylor Morrison Services is not primarily liable for the damages suffered by the owners of the Affected Homes and Other Property or for the costs and damages incurred in repairing the Affected Homes and repairing and replacing Other Property. Rather, as the

11

manufacturer of the defective gypsum drywall, Taishan should ultimately be held responsible for the damages caused by their product.

57. Taylor Morrison Services has not voluntarily made any repairs to Affected Homes nor voluntarily made payments for replaced or repaired Other Property.

58. By repairing the Affected Homes and making payments for or repairing and replacing Other Property, Taylor Morrison Services has entirely resolved the property damage claim of each homeowner for whom repair work has been completed, for which Taylor Morrison Services seek equitable relief herein.

59. The equitable subrogation sought herein would not work any injustice to the rights of any third party.

60. Based upon the foregoing, Taylor Morrison Services is entitled to equitably subrogate against Taishan for damages incurred as a result of the defective gypsum drywall manufactured by Taishan. These damages include, but are not limited to, the cost to fully repair the Affected Homes, which includes replacing the defective gypsum drywall and repairing and replacing the damage to the Other Property in the Affected Homes as a result of the deficient and defective gypsum drywall. These damages also include all costs incurred by Taylor Morrison Services in relocating its homeowners to suitable temporary housing facilities and moving and storing their personal property while the Affected Homes are undergoing such repairs, payment for damage to Other Property, as well as damages for loss of goodwill and reputation, and attorneys' fees, expert fees and costs incurred in defending the claims against them and in bringing this action.

WHEREFORE, Taylor Morrison Services demands judgment for damages against Taishan in an amount to be determined at trial, plus attorneys' fees and costs, and for such further and other relief as the Court deems just and proper.

## COUNT V
### (Against Taishan for Contribution)

61. Taylor Morrison Services reasserts and realleges the allegations in paragraphs 1 through 28 above as if fully set forth herein.

62. This is an action, in the alternative, for contribution against Taishan.

63. Taylor Morrison Services did not intentionally, willfully, or wantonly cause or contribute to the Plaintiffs' injuries.

64. To the extent Taylor Morrison Services is called on to pay more than its pro rata share of the common liability, Taylor Morrison Services seeks to recover from Taishan for the amounts paid by Taylor Morrison Services in excess of their pro rata share.

WHEREFORE, Taylor Morrison Services demands judgment for damages against Taishan in an amount to be determined at trial, plus attorneys' fees and costs, and for such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Taylor Morrison Services demands trial by jury on all issues so triable.

Dated this 12th day of December, 2011.

/s/ Neal A. Sivyer
Neal A. Sivyer
Florida Bar No. 373745
Stephen E. Walker
Florida Bar No. 0497851
**SIVYER BARLOW & WATSON, P.A.**
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598
*Attorneys for Taylor Morrison Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on December 12, 2011, this document has been served on Plaintiffs' Liaison Counsel, Hugh P. Lambert, Esq., and Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., and Homebuilders' Steering Committee Dorothy Wimberly by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No.: 6.

/s/ Neal A. Sivyer
Neal A. Sivyer