UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * MDL NO. 09-2047 <br> * <br> * SECTION: L <br> * <br> * JUDGE FALLON <br> * MAG. JUDGE WILKINSON <br> * |
| THIS DOCUMENT RELATES TO: | * <br> * |
| Laura Haya, et al., v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd., et al. Case No. 11-1077 (E.D.La.) | * <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS**

COME NOW Defendants Atlantic Homes, LLC, AHJV, LLC and HHJV, LLC (hereinafter "these Defendants") through undersigned counsel, appearing solely for the purpose of this Motion to Dismiss, and hereby submit the following Memorandum of Law in Support of their Motion to Dismiss, filed contemporaneously herewith. These Defendants respectfully move the Court to issue an Order dismissing the claims of the Plaintiffs pursuant to Fed. R. Civ. P. 12 (b) (2) and (3) for the reasons set forth below. Specifically, these Defendants argue that they are not subject to, nor have they submitted to, the jurisdiction of this Court, and that the Eastern District of Louisiana is an improper venue for the proceedings against them.

**I.    BACKGROUND.**

This class action includes numerous claims from around the country, arising out of the importation, installation, and use, of allegedly defective drywall. On May 10, 2011, Plaintiffs filed "Plaintiffs' Amended Omnibus Class Action Complaint (IX)" (hereinafter referred to as "Omni IX") naming these Defendants, and many others, as Defendants. The Plaintiffs allege

1

these Defendants built the homes of certain subclass members, and installed allegedly defective drywall in these homes during their construction. These Defendants are correctly alleged to be Virginia business entities, with their principal places of business located in the Commonwealth of Virginia.

As is clear from the text of the lawsuit, these Defendants were named in this action because they allegedly played a role in the construction of dwellings in Virginia, utilizing allegedly defective drywall, imported from China. However, this lawsuit was not filed in Virginia. This lawsuit was filed in the United States District Court for the Eastern District of Louisiana and, as will be demonstrated below, these Defendants have not ever in the past, and do not presently maintain sufficient minimum contacts with the State of Louisiana to allow this Court to exercise jurisdiction over them. The United States District Court for the Eastern District of Louisiana is not a forum where these claims could have originally been brought against these Defendants and, as such, is an improper forum for this litigation.

Accordingly, these Defendants respectfully move this Court to issue an Order dismissing the Plaintiffs' Complaint against them, for lack of personal jurisdiction, and/or for improper venue.

## II.     AVERMENTS AGAINST THESE DEFENDANTS.

On May 10, 2011, Plaintiffs filed "Plaintiffs' Amended Omnibus Class Action Complaint (IX)" naming these Defendants, and hundreds of others, as Defendants. In this Amended Complaint, the plaintiffs allege, *inter alia:*

> Unless specifically stated to the contrary, all individual defendants are citizens of the state where they do business and all entities are citizens of the state where they are organized. *(Omni IX, ¶8)*
>
> ...
>
> The remaining Defendants are identified on Exhibits "B" and "B-1" by name, type of business (*i.e.,* builder, supplier), principal place of business,

2

> state of incorporation and address. Each defendant on Exhibits "B" and/or "B-1" is assigned a number, which number is used to associate that defendant with the plaintiffs bringing claims against it. *(Omni IX, ¶14)*

There is no allegation in Omni IX, nor in the exhibits accompanying it, that either these Defendants have, or have had in the past, any contacts with the State of Louisiana. Moreover, the houses these Defendants allegedly constructed are not alleged to be located in the State of Louisiana, nor are the houses' owners alleged to be residents of the State of Louisiana.

### III.     FACTS RELEVANT TO MOTION.

As is demonstrated by Exhibits 1, 2 and 3 (Affidavits of Managing Member), incorporated herein and attached hereto, these Defendants are Virginia Limited Liability Companies, organized under the laws of the Commonwealth of Virginia, and whose principal places of business are likewise located in Virginia. These Defendants do not have any offices, or other physical facilities or presence in the State of Louisiana. These Defendants are not authorized to do business in the State of Louisiana, and have not transacted business in Louisiana. These Defendants are not manufacturers of products, and do not sell any products separate and apart from the products used in construction work they provided and performed in Virginia. These Defendants have not done any construction work in the State of Louisiana, and have not advertised, solicited or targeted business from customers in the State of Louisiana. These Defendants have not received any business from any contacts located within the State of Louisiana.

### IV.     ARGUMENT.

This Court cannot exercise personal jurisdiction over these Defendants, because these Defendants do not have minimum contacts with the State of Louisiana sufficient to permit the Court to exercise such personal jurisdiction, as required by the Supreme Court's holding in the *International Shoe* opinion, and its progeny. Alternatively, these Defendants

would argue that venue has been improperly laid in this case.

### a. Atlantic Homes, LLC, AHJV, LLC and HHJV, LLC are not subject to personal jurisdiction in the State of Louisiana.

This District Court has previously explained that "[i]f a nonresident defendant protests the exercise of personal jurisdiction, the burden falls on its opponent to make a *prima facie* showing that personal jurisdiction exists." *Simmons v. Seatide International, Inc.* 693 F.Supp. 510, 513 (E.D. La. 1988) *citing Rittenhouse v. Mabry*, 832 F.2d 1380, (5th Cir. 1987). The Court went on to explain that "[a] federal court may exercise personal jurisdiction over a nonresident defendant only if ... state law confers such jurisdiction and only if the exercise of such jurisdiction comports with due process under the Constitution." *Simmons*, 693 F.Supp. at 513 (citation omitted).

The Fifth Circuit has explained that when personal jurisdiction is challenged, "[t]he district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a prima facie case for jurisdiction has been made. Rather, the district court may consider the contents of the record at the time of the motion, including affidavits..." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006) *quoting Quick Technologies, Inc. v. Sage Group, PLC*, 313 F.3d 338, 343 (5th Cir. 2002).

There is no averment of personal jurisdiction over these Defendants in the Complaint or Amended Complaint, and the Plaintiffs will not be able to make out a prima facie showing of personal jurisdiction. As the affidavits attached hereto, and referenced herein demonstrate, these Defendants do not have <u>any</u>, much less "minimum," contacts with the State of Louisiana.

In determining whether the Court may exercise personal jurisdiction over a non-

4

resident defendant, the Court must consider whether the conduct alleged by the non-resident defendant, with regard to the forum, meets one of two possible classifications —"specific" or "general."

When an action arises out of or is related to a defendant's contacts with the forum state, the court's jurisdiction is referred to as "specific jurisdiction." *Hockerson-Halberstadt, Inc. v. Costco Wholesale Corporation*, 93 F.Supp. 2d 738,741 (E.D. La. 2000)(Fallon). *See, e.g. World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct 559, 62 L.Ed.2d 490 (1980). When a defendant has "continuous and systematic contacts" with the forum state, separate and apart from the actions giving rise to the lawsuit, the Court may exercise "general jurisdiction." *Hockerson-Halberstadt, Inc* 93 F.Supp. 2d at 741. *See, e.g. Helicopteros Nacionales de Colombia, SJL v. Hall,* 466 U.S. 408, 104 S.Ct 1868, 80 L.Ed.2d 404 (1984).

## 1. SPECIFIC JURISDICTION

Personal jurisdiction over a non-resident defendant is proper only if (1) the non-resident defendant is amenable to service of process under the forum state's long-arm statute and (2) the exercise of personal jurisdiction over the non-resident defendant is consistent with due process. *Frisella v. Transoceanic Cable Ship Company*, 181 F.Supp.2d 644 (E.D. La. 2002) *citing Ray Geophysical Geosource, Inc.* 954 F.2d 1061, 1067 (5th Cir. 1992).

The State of Louisiana's long-arm statute, La. R.S. 13:3201, provides, in pertinent part:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business <u>in this state</u>.
>
> (2) Contracting to supply services or things <u>in this state</u>.

5

> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission <u>in this state</u>.
>
> (4) Causing injury or damage <u>in this state</u> by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered <u>in this state</u>.
>
> (5) Having an interest in, using or possessing a real right on immovable property <u>in this state</u>.
>
> ...
>
> (8) Manufacturing of a product or component thereof which caused damage or injury <u>in this state</u>, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturers marketing practices.

(emphasis supplied)

The statute goes on to provide, under Subsection "B" as follows:

> In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

La. R.S. 13:3201 (B).

This Court has previously considered the Louisiana long-arm statute, and found that it extends to the limits of constitutional due process. As such, the relevant inquiry is whether jurisdiction over these Defendants satisfies the Due Process Clause. *Frisella v. Transoceanic Cable Ship Company*, 181 F.Supp.2d 644, 647 (E.D. La. 2002) *citing Simmons v. SeaTide International, Inc.*, 693 F.Supp. 510, 513 (E.D. La. 1988) and *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).

Constitutional Due Process is satisfied only where the non-resident defendant has "minimum contacts" with the forum state, and where requiring the defendant to litigate in the

forum state does not offend "traditional notions of fair play and substantial justice." *Frisella v. Transoceanic Cable Ship Company*, 181 F.Supp.2d 644, 647 (E.D. La. 2002) *citing International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

The Fifth Circuit has set forth a three-part test in order to determine whether jurisdiction is appropriate under the Due Process Clause and *International Shoe. See Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002). First, the Court analyzes whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; second, whether the plaintiff's cause of action arises out of, or results from, the defendant's forum-related contacts. The third, and final consideration is whether the exercise of personal jurisdiction is fair and reasonable.

These Defendants will address each part, in turn. As the Court will readily see, the Plaintiffs have not, and cannot establish that the assertion of personal jurisdiction over these Defendants comports with Due Process.

### a. These Defendants did not purposefully direct <u>any</u> activities to the State of Louisiana.

To determine whether these Defendants have minimum contacts with the State of Louisiana, the Court, "must identify some act whereby [the defendants] 'purposely availed [themselves] of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) The Court must find that the non-resident's conduct and connection to the forum is such that it could "reasonably anticipate being haled into Court" in Louisiana. *Id.* at 470; *citing World Wide*

7

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct 559, 62 L.Ed.2d 490 (1980).

Considering the averments of the Complaint, and the affidavits submitted by these Defendants, there is nothing in the record that suggests that these Defendants did <u>anything</u> to purposefully avail themselves of the privilege of conducting business in Louisiana. *See* Exhibits 1, 2 and 3.

Omni IX does not make any averment suggesting that any of these Defendants did any act within the State of Louisiana.

As Exhibits 1, 2 and 3 demonstrate, these Defendants are business entities organized under the laws of the Commonwealth of Virginia, not Louisiana. These Defendants do not have any offices or physical locations within the State of Louisiana. These Defendants are not licensed and do not have authority to transact business in the State of Louisiana. These Defendants have never solicited business from customers in Louisiana. These Defendants do not advertise in such as way as to reach customers in Louisiana. These Defendants are not manufacturers of products. These Defendants are construction and development companies, in the Commonwealth of Virginia, and do not sell any products other than those integrated into the buildings constructed in the Commonwealth of Virginia.

These Defendants simply have no connection whatsoever to the State of Louisiana. Plaintiffs have not established any fact to the contrary, and it is their burden to make such a showing to this Court.

**b.     The Plaintiffs' claims against these Defendants do not arise out of a specific contact with the State of Louisiana.**

The second basis for a finding of "minimum contacts" is whether Plaintiffs' cause(s) of action relate(s) to the defendants' forum-related contacts. This case involves allegedly defective

8

drywall, incorporated as a building material in newly-constructed homes.

As set forth above, the Plaintiffs have not alleged that these Defendants made any contact with the State of Louisiana, specific or otherwise. As set forth in Exhibits 1, 2 and 3 to this motion, these Defendants did not have any forum-related contacts. As such, there can be no finding that "minimum contacts" have been established based on a specific contact with the State of Louisiana.

If the Court finds that there are insufficient minimum contacts, the inquiry ends there. The Court does not have to address the question of fairness to the defendant, and justice to the parties. These Defendants would submit that, in this action, the inquiry ends at this point, as there is no evidence in the record, nor can there be, that these Defendants had "minimum contacts" with the State of Louisiana.

Nevertheless, these Defendants will address the final inquiry.

### c.  Asserting personal jurisdiction over these Defendants would violate the rules governing personal jurisdiction set forth in *International Shoe*.

The Court's final inquiry is whether the exercise of jurisdiction in Louisiana would "offend traditional notions of fair play and substantial justice." *Paz v. Brush Engineered Materials, Inc.* 445 F.3d 809, 814 (5th Cir. 2006). Once there has been a determination that the defendant purposefully directed its activities at the forum state (which cannot be shown here), the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477. When determining the fundamental fairness issue this court will normally examine (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. at 113, 107 S.Ct. at 1033; *World-Wide*

9

*Volkswagen Corp.*, 444 U.S. at 292, 100 S.Ct. at 564.

These Defendants submit that requiring them to defend a lawsuit in a state where they have absolutely no contacts, and where the Plaintiffs have failed to establish that these Defendants performed any work in Louisiana, entered the forum for any reason or caused injury there, would "offend traditional notions of fair play and substantial justice."

These Defendants would have to bear the heavy burden and expense of litigating in Louisiana, and the extensive amount of travel from Virginia to Louisiana necessary to properly defend the allegations in this complex litigation clearly outweighs the benefit of exercising jurisdiction. *See, e.g., Felch v. Transportes Lar-Mex SA De CV*, 92 F3d 320, 324 (5th Cir. 1996). While Louisiana has an interest in protecting its <u>own citizens</u>, as is reflected in Exhibits 1, 2 and 3, these Defendants have never directed any activity to the citizens of Louisiana. Therefore, this action (with regard to these Defendants) does not seek to, and will not protect the citizens of Louisiana.

The Plaintiffs' interests in convenient and efficient relief may be better satisfied elsewhere. These Defendants are Virginia businesses, principally located in Virginia, and the homes at issue are located in Virginia. The Plaintiffs with claims against these Defendants have each filed a state lawsuit in Virginia, where the Plaintiffs themselves are located, where the homes are located, where the witnesses are located and where the non-resident Defendants are located. Prosecuting these state-law actions, in Virginia, is far more convenient and efficient for the Plaintiffs, than doing so in a foreign jurisdiction, many states away.

### 2. GENERAL JURISDICTION

The Plaintiffs may also argue that these Defendants are subject to "general" jurisdiction in Louisiana, even though the specific cause of action that is the subject of the

10

lawsuit did not arise out their contacts with Louisiana. Such an argument must fail.

Where a cause of action does not arise out of a non-resident defendant's purposeful contacts with the forum, due process requires that the defendant have engaged in the higher standard of "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

The Louisiana Eastern District addressed the issue of general jurisdiction in *Olagues v. Kousharian*, 557 F.Supp.2d 731 (E.D. La. 2008). In *Olagues*, the Eastern District stated that general jurisdiction may be exercised over a defendant where that defendant has "continuous and systematic general business contacts with the forum state." *Id.* at 738; citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 416. Consequently, the Plaintiffs would be subject to a higher burden of proving that these Defendants engaged in "continuous and systematic" contacts.

The *Olagues* court found: "[t]he continuous and systematic contacts test is a difficult one to meet requiring extensive contacts between a defendant and a forum." *Id;* citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Accenting the point, the Court observed that "[e]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction...." *Id.* (additional citations omitted).

As the exhibit demonstrates, these Defendants have had no contact with the State of Louisiana whatsoever. These Defendants are business entities organized under the laws of the Commonwealth of Virginia, not Louisiana. These Defendants do not have any offices or physical locations within the State of Louisiana. These Defendants are not licensed and do not have

11

authority to transact business in the State of Louisiana. These Defendants have never solicited business from customers in Louisiana. These Defendants do not advertise in such a way as to reach customers in Louisiana. These Defendants are not manufacturers of products. These Defendants are a builder and developers in the Commonwealth of Virginia, and do not sell any products other than those integrated into the construction/development of real property in the Commonwealth of Virginia.

These Defendants simply have no contacts which could be found to be continuous or systematic, and "general" jurisdiction cannot be asserted over them.

### 3. CLASS ACTION STATUS DOES CHANGE PERSONAL JURISDICTION REQUIREMENTS.

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on class-action certification. *See In Re: Train Derailment Near Amite, Louisiana, on October 12, 2002;* 2004 WL 224573 (E.D. La., February 3, 2004). In that case, the plaintiff sued two railroad defendants, in an action arising out of a train derailment in Louisiana. *Id.* at *1. The plaintiff asserted both individual and class claims. The defendant asserted that it was not amenable to suit in Louisiana.

Opposing the defendant, the plaintiff asserted that the Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." *Id.* at *1. After performing a jurisdictional analysis, the Court concluded, "[f]inally, this Court is unpersuaded that the certification of a class in this case has any bearing on [the defendant's] motion to dismiss for lack of personal jurisdiction. The personal jurisdiction determination depends solely on the defendant's conduct in and contacts with the forum state." *Id.* at *3.

12

### b. The Eastern District of Louisiana is an improper forum for claims against these Defendants.

For the reasons set forth above, these Defendants steadfastly maintain that this Court does not, and cannot assert personal jurisdiction over them. As such, the issue of venue should be moot. Nevertheless, and in the alternative, should this court find that these Defendants are subject to personal jurisdiction, these Defendants maintain that the Eastern District of Louisiana is not the proper forum for the claims against these Defendants.

In this regard, 28 U.S.C.A. § 1404 states, in pertinent part, the following:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings *in rem* brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

Additionally, 28 U.S.C.A. § 1406 states, in pertinent part, as follows:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The Plaintiffs are unable to establish that any activities by or on behalf of these Defendants occurred in the state of Louisiana, that any of their work was performed in the forum, that any of the products utilized in their construction projects ended up in the forum, or that these Defendants are even subject to jurisdiction in this district. If the Court does not dismiss the claims against these Defendants for lack of personal jurisdiction, the convenience of the parties and witnesses and interests of justice require a transfer of this case.

13

Wherefore, in the alternative, these Defendants ask this Court to transfer said claims to a venue where the claims could have originally been brought, the only such option being the Commonwealth of Virginia.

## V. CONCLUSION

For the reasons set forth above, these Defendants respectfully request that their Motion to Dismiss pursuant to Fed R. Civ. Pro. Rule 12 be granted, and that this Court dismiss the Plaintiffs' claims against them, as this Court does not have personal jurisdiction over these Defendants, and the Eastern District of Louisiana is an improper venue for any claims against these Defendants.

ATLANTIC HOMES, LLC, and
AHJV, LLC and HHJV, LLC

By: _____
Of Counsel

J. Brian Slaughter, Esquire
VSB #45011
Counsel for Defendants Atlantic Homes,
LLC, AHJV, LLC and HHJV, LLC
McKenry, Dancigers, Dawson & Lake, PC
192 Ballard Court, Suite 400
Virginia Beach, Virginia 23462
757-461-2500 telephone
757-461-2341 facsimile
JBSlaughter@va-law.org

George J. Dancigers, Esquire
VSB #16077
Counsel for Defendants Atlantic Homes,
LLC, AHJV, LLC and HHJV, LLC
McKenry, Dancigers, Dawson & Lake, PC
192 Ballard Court, Suite 400
Virginia Beach, Virginia 23462
757-461-2500 telephone
757-461-2341 facsimile

GJDancigers@va-law.org

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum of Law in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of December, 2011.