**UNITED STATES DISTRICT COURT**
**for**
**Eastern District of Louisiana**

Dorothy Arndt, et al

       Plaintiff                                 Civil Action No. 11-2349 Section L

v.

Bebrueder Knauf Verwalungsgesellschaft, KG, et al

       Defendant

### MEMORANDUM OF LAW SUPPORTING THE AMENDED VERIFIED MOTION TO DISMISS BY DEFENDANT ARIF PARUPIA BASED UPON RULE 12(B)

COMES NOW, the Individual Defendant, ARIF PARUPIA, pro se, and does hereby file this memorandum in support of the Verified Motion to Dismiss and would state:

1. That Federal Civil Procedure Rule 12 Defenses and Objections states, pursuant to Paragraph (b) that it is a defense to a claim for relief in any pleading for

    1. Lack of subject matter jurisdiction,

    2. Lack of personal jurisdiction,

    3. Improper venue, and

    6. Failure to state a claim upon which relief could be granted.

2. That the Plaintiff's complaint lists 15 pages of Defendants all of which are corporations and/or other legal entities except for myself and one other "individual".

Page 1 of 3

3. That the Complaint on its face does not show my involvement as an "individual" but as a stated corporation in Florida which is inaccurate and incorrect and not consistent with the listing of myself as an individual.

4. That this lawsuit sues me as an "individual," as a builder of a building that a company that I am managing member owned and sold as set forth in Paragraph 4 in the Verified Motion to Dismiss.

5. Therefore, the Plaintiff's complaint as pled, fails to state a claim on which relief can be granted, based upon the failure to properly and/or specifically plead any specific actual allegations to which the Plaintiff may have some claim against me as an individual.

6. That as set forth in the Verified Motion to Dismiss, in Federal Rule of Civil Procedure Rule 12(b)(3) the venue is improper in this cause as I have never resided, worked, or done business in the State of Louisiana within the jurisdiction of this court.

7. That said venue is several hundred miles away and is simply an inconvenient forum to which there exists no personal jurisdiction against me as an individual.

8. That the Plaintiff's complaint fails to comply with rule 12(b)(1) in that the subject matter jurisdiction of this case is allegedly a building in Port St. Lucie, Florida which was sold to Conway Centers, LLC, listed as Plaintiff #4.

9. That Conway Center, LLC is a Florida Limited Liability Company doing business in Port St. Lucie, Florida, St. Lucie County, Florida which is the same town and county with which I reside and do business.

10. That any and all witnesses, facts, and evidence regarding this matter would be located in Port St. Lucie, St. Lucie County, Florida including the Plaintiff, a limited liability company. If myself and/or any other entity that I am involved with may have some responsibility to the Plaintiff as alleged in this complaint, the subject matter is in St. Lucie County, Florida.

WHEREFORE, the Individual Defendant, ARIF PARUPIA, hereby submits this Memorandum of Law pursuant to Rule 12(b),(1),(2),(3) and (6) in support of its Amended Verified Motion to Dismiss.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was provided by United States Mail to Russ M. Hermann, Esquire, Leonard A. Davis, Esquire, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113 this 14th day of December 2011.

Respectfully submitted:

_____
ARIF PARUPIA, Defendant
10850 Kimberfyld Lane
Port St. Lucie, Florida 34986
772-370-7573