UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Payton, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-07628 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-06690 (E.D. La.)<br><br>*Rogers, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:10-cv-00362 (E.D. La.)<br><br>*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 2:11-cv-00252 (E.D. La.)<br><br>*Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 11-cv-1363 (E.D. La.)<br><br>*Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 11-cv-2349 (E.D. La.)<br><br>*Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 11-cv-3023 (E.D. La.)<br><br>*Vickers, et al. v. Knauf Gips KG, et al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**ORDER PRELIMINARILY APPROVING KNAUF SETTLEMENT, CONDITIONALLY CERTIFYING A KNAUF SETTLEMENT CLASS, ISSUING CLASS NOTICE, SCHEDULING A SETTLEMENT FAIRNESS HEARING, AND STAYING CLAIMS AS TO THE KNAUF DEFENDANTS**

Upon consideration of the Joint Motion of proposed Settlement Class Counsel, the

Plaintiffs' Steering Committee (the "PSC"), and Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"),

Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co.,

Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia (collectively, the "Knauf Defendants") for Preliminary Approval of the Knauf Settlement and Conditional Certification of a Settlement Class brought pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e), it is hereby,

ORDERED, ADJUDGED AND DECREED that:

1. Capitalized terms used in this Order have the same meaning as those defined in the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047, dated December 20, 2011 (the "Knauf Settlement"), attached as Exhibit A to the Memorandum of Law in Support of the Joint Motion for an Order (1) Preliminarily Approving the Knauf Settlement; (2) Conditionally Certifying a Settlement Class; (3) Issuing Class Notice; (4) Scheduling a Fairness Hearing; and (5) Staying Claims as to the Knauf Defendants.

2. The Knauf Settlement Agreement, including all exhibits attached thereto, is preliminarily approved by the Court as fair, reasonable and adequate, as negotiated and entered into at arm's length, in good faith, and free of collusion to the detriment of the Knauf Settlement Class, and as being within the range of possible judicial approval at a prospective Fairness Hearing.

3. The following nationwide Knauf Settlement Class is conditionally certified and shall consist of: "All persons or entities who, as of December 9, 2011, filed a lawsuit in the Litigation as a named plaintiff (*i.e.*, not an absent class member) asserting claims arising from, or otherwise related to, KPT Chinese Drywall, whether or not the Knauf Defendants are named parties to the lawsuit."

4. The following Knauf Settlement Subclasses are conditionally certified:

(1) **The Residential Owner Subclass** consists of:

All members of the Class who are owners of and reside or have resided in Affected Property ("Residential Owners"). The Residential Owner Subclass shall not include Owners, other than Mortgagees, who purchased Affected Properties with knowledge that the properties contained KPT Chinese Drywall. The Residential Owner Subclass also shall not include Owners who sold or otherwise disposed of Affected Properties except for former owners who lost Affected Properties due to foreclosure or sold Affected Properties in a Short Sale to avoid foreclosure.

(2) **The Commercial Owner Subclass** consists of:

All members of the Class who are owners of Affected Property for the purpose of selling or renting the Affected Property or using the Affected Property to conduct a business and who do not reside in the Affected Property ("Commercial Owners"). The Commercial Owner Subclass shall not include Owners, other than Mortgagees, who acquired Affected Properties through foreclosure with knowledge that the properties contained KPT Chinese Drywall, except for former owners who lost Affected Properties due to foreclosure or sold Affected Properties in a Short Sale to avoid foreclosure.

(3) **The Tenant Subclass** consists of:

All members of the Class who rent Affected Property.

5. The following Subclass representatives are appointed for each of the Knauf Settlement Subclasses:

a. The Residential Owner Subclass: Dr. Stephen Roberts, Jennifer Roberts and Lawrence Sabesan.

b. The Commercial Owner Subclass: Villas at Oak Hammock, LLC and Promenade at Tradition Community Association, Inc.

      c.      The Tenant Subclass:  Kristin Hagan.

6. Russ Herman and Arnold Levin are appointed as Settlement Class Counsel, and the Plaintiffs' Steering Committee ("PSC") are appointed as Of-Counsel.

7. Ervin A. Gonzalez is appointed as Subclass Counsel for the Residential Owner Subclass, Gerald E. Meunier is appointed as Subclass Counsel for the Commercial Owner Subclass, and Bruce William Steckler is appointed as Subclass Counsel for the Tenant Subclass

8. The opt-out procedure set forth in Section 8 of the Knauf Settlement is approved.

9. The procedure for lodging objections to the Knauf Settlement as set forth in Section 9 of the Knauf Settlement is approved.

10. The class notice attached as Exhibit C to the Memorandum of Law is approved.

11. The protocol for dissemination of notice to Class Members as set forth in Section 7 of the Knauf Settlement is approved.

12. On or before, _____, 2012, Settlement Class Counsel shall cause the class notice attached as Exhibit C to the Memorandum of Law to be sent via first-class mail, postage prepaid to:  (i) all plaintiffs in the Litigation who, as of December 9, 2011, asserted claims arising from, or otherwise related to, KPT Chinese Drywall, (ii) all plaintiffs in the Omni complaints in MDL No. 2047 who, as of December 9, 2011, asserted claims arising from, or otherwise related to, KPT Chinese Drywall, (iii) all plaintiffs in all Related Actions who, as of December 9, 2011, asserted claims arising from, or otherwise related to, KPT Chinese Drywall, and (iv) the counsel of all the foregoing.  Where an attorney represents more than one Plaintiff or claimant with claims against the Knauf Defendants, it shall be sufficient to provide that attorney with a single copy of the notice.  Notice to a Class Member's counsel of record shall constitute notice to the Class

Member even if the Class Member does not receive independent notice.

13. The cost of Notice shall be paid by the Knauf Defendants.

14. The class notice shall be posted on the Court's Chinese Drywall MDL website so as to commence the Notice period.

15. Any Class Member wishing to opt out of the Settlement must notify Class Counsel, Arnold Levin (LEVIN, FISHBEIN, SEDRAN & BERMAN, 510 Walnut Street, Suite 500, Philadelphia, PA 19106) and Russ M. Herman (HERMAN, HERMAN, KATZ & COTLAR, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113), and counsel for the Knauf Defendants, Kerry Miller (FRILOT L.L.C., 1100 Poydras Street, Suite 3700, New Orleans, LA 70163) in writing, within seventy (70) days after the last date to provide notice to the Class, *i.e.*, postmarked no later than _____, 2012, which is the last day of the Opt-Out/Objection Period, of their intention to opt out of the Settlement.  No opt out will be effective if filed earlier than 21 days after the last date to provide notice to the Class.  To be effective, the opt-out notice must set forth the full name and current address of the person electing to opt out and a sentence stating:  "The undersigned hereby opts out of the Knauf Settlement Class in the Chinese Drywall Action."  The opt-out notice must be signed by the individual Class Member.

16. All objections to the proposed Knauf Settlement shall be filed and served in compliance with Section 9 of the Knauf Settlement within seventy (70) days after the last date to provide notice to the Class, *i.e.*, postmarked no later than _____, 2012, or they will be deemed waived.  All objections must be signed by the individual Class Member and by his or her counsel, if any.

17. A formal Fairness Hearing shall take place on the \_\_\_ day of _____,

5

2012 at _____ o'clock in the a.m./p.m., in order to consider comments on and objections to the proposed Knauf Settlement and to consider whether (a) to approve thereafter the class settlement as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, (b) to finally certify the settlement class, and (c) to enter the Order and Judgment provided in paragraph 1.43 of the Knauf Settlement.

18. Prosecution of the Litigation, the Omni Complaints and Related Actions against the Knauf Defendants shall be stayed pending the settlement proceedings and further Orders of the Court.

19. The parties have reserved all claims and defenses in the Litigation should the proposed Knauf Settlement not become final for whatever reason.

20. The Knauf Defendants have reserved all defenses, including the right to contest certification of the classes *de novo* should the proposed Knauf Settlement not become final for whatever reason. If the proposed settlement does not become final, the conditional certification of the settlement class and subclasses will be null and void and the Litigation will proceed as if there had been no settlement, conditional certification or notice.

This _____ day of _____, 2012, at New Orleans, Louisiana

_____
ELDON E. FALLON
United States District Court Judge