# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND | JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| *Payton, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:09-cv-07628 (E.D. La.)** | |
| *Gross, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:09-cv-06690 (E.D. La.)** | |
| *Rogers, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:10-cv-00362 (E.D. La.)** | |
| *Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 2:11-cv-00252 (E.D. La.)** | |
| *Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 11-cv-1363 (E.D. La.)** | |
| *Arndt, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*<br>**Case No.: 11-cv-2349 (E.D.La.)** | |
| *Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 11-cv-3023 (E.D. La.)** | |
| *Vickers, et al. v. Knauf Gips KG, et al.*<br>**Case No. 2:09-cv-04117 (E.D. La.)** | |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF KNAUF CLASS ACTION

TO THE CONDITIONAL SETTLEMENT CLASS, CONSISTING OF:

All members of one of the three Subclasses listed below who, as of December 9, 2011, filed a lawsuit in the Litigation as a named plaintiff (*i.e.*, not an absent class

member) asserting claims arising from, or otherwise related to, KPT Chinese Drywall, whether or not the Knauf Defendants are named parties to the lawsuit.

There are three Knauf Settlement Subclasses of which you may be a member:

(1)   **The Residential Owner Subclass** consists of:

All members of the Class who are owners of and reside or have resided in Affected Property ("Residential Owners"). The Residential Owner Subclass shall not include Owners, other than Mortgagees, who purchased Affected Properties with knowledge that the properties contained KPT Chinese Drywall.   The Residential Owner Subclass also shall not include Owners who sold or otherwise disposed of Affected Properties except for former owners who lost Affected Properties due to foreclosure or sold Affected Properties in a Short Sale to avoid foreclosure.

(2)   **The Commercial Owner Subclass** consists of:

All members of the Class who are owners of Affected Property for the purpose of selling or renting the Affected Property or using the Affected Property to conduct a business and who do not reside in the Affected Property ("Commercial Owners").  The Commercial Owner Subclass shall not include Owners, other than Mortgagees, who acquired Affected Properties through foreclosure with knowledge that the properties contained KPT Chinese Drywall, except for former owners who lost Affected Properties due to foreclosure or sold Affected Properties in a Short Sale to avoid foreclosure.[1]

(3)   **The Tenant Subclass** consists of:  All members of the Class who rent Affected Property.

For purposes of the Knauf Settlement, KPT Chinese Drywall is defined as:

Any and all drywall products manufactured, sold, marketed, distributed,

---

[1]  Residential Owners and Commercial Owners are referred to jointly as "Owners."

and/or supplied by Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") and which are alleged to be defective.

KPT Chinese Drywall does not include drywall products, manufactured, sold, marketed, distributed, and/or supplied by any Knauf Defendant other than KPT. KPT Chinese Drywall bears the marking "TIANJIN CHINA." Plaintiffs with drywall bearing the lower-case "TianJin China" marking will be eligible for settlement benefits only on certain conditions specified in the Settlement.

The Knauf Settlement Class includes any person or entity which has settled claims under the Settlement Agreement for the Demonstration of Remediation of Homes with KPT Drywall (the "Pilot Program"), the Major Builder Settlement Agreements, or any settlement with Builders and Suppliers (including claims assigned by Class Members that were later settled by the assignee), but only for the purpose of obtaining Other Loss Fund benefits, and not for the purpose of obtaining Remediation Fund benefits, as those Class Members' Affected Properties have been remediated previously.

The Knauf Settlement Class also includes Multiple Unit Property Governing Bodies to the extent that any unit(s) of a Multiple Unit Property is the subject of a filed lawsuit in the Litigation.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY: YOU MAY BE ENTITLED TO RECEIVE SETTLEMENT BENEFITS PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN <u>IF</u> YOU ARE A MEMBER OF THE CONDITIONAL SETTLEMENT CLASS.**

THIS IS A <u>SUMMARY</u> OF THE SETTLEMENT. THE FULL SETTLEMENT AGREEMENT MAY BE OBTAINED FROM THE COURT'S WEBSITE AT http://www.laed.uscourts.gov/Drywall/Drywall.htm. CLASS MEMBERS ARE STRONGLY URGED TO CONSULT WITH LEGAL COUNSEL CONCERNING THE FULL SETTLEMENT AGREEMENT, AND ABOUT THEIR RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT.

The purpose of this Notice is to inform you that: (a) a Knauf Settlement Class and three Subclasses of which you may be a member have been conditionally certified for consideration of a proposed settlement with the Knauf Defendants; (b) a Class Action Settlement Agreement Regarding KPT Chinese Drywall Claims (the "Knauf Settlement"), which provides for Remediation Fund benefits and/or Other Loss Fund benefits to Class Members and dismissal of the above-captioned actions as to the Knauf Defendants, was entered into on December 20, 2011, and submitted to the Court for its approval; and (c) a hearing on the fairness, reasonableness and adequacy of the proposed settlement will

be held at 9:00 a.m. on _____, 2012, in the United States Courthouse, 500 Poydras Street, Room C-456, New Orleans, Louisiana  70130.

Capitalized terms in this Notice have the same meaning as those defined in the Knauf Settlement.

## Description of the Litigation

On June 15, 2009, the Judicial Panel on Multidistrict Litigation created MDL 2047 in order to consolidate lawsuits brought in several federal district courts in the Gulf Coast and mid-Atlantic regions of the United States by property owners whose homes and other properties were allegedly damaged by KPT Chinese Drywall.  Plaintiffs sued the manufacturer of KPT Chinese Drywall and other Knauf entities (collectively, the "Knauf Defendants"), as well as homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, and distributors that were involved with KPT Chinese Drywall.  The Litigation seeks relief on behalf of persons and entities with claims against the Knauf Defendants arising out of KPT Chinese Drywall.

The complaints make claims based on:  strict liability; violations of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201, *et seq.*), Alabama Deceptive Trade Practices Act (Ala. Code 1975 § 8-19-1, *et seq.*), the Louisiana Unfair Trade Practices and Consumer Protection Law (LSA-R.S. 51:1401, *et seq.*), the Texas Deceptive Trade Practices-Consumer Protection Act (Tex. Bus. Com. Code Ann. § 17.41, *et seq.*), the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1, *et seq.*), other state or federal Consumer Protection laws and unfair trade practices laws; negligence; private and public nuisance; tort; equity and medical monitoring; breach of contract; loss of use; loss of enjoyment; personal injury and related statutory violations; indemnity; contribution; breach of express or implied warranty; redhibition; negligence per se; violation of Louisiana New Home Warranty Act (LSA-R.S. 9:3141, *et seq.*); Louisiana Products Liability Act (LSA-R.S. 9:2800.51, *et seq.*); negligent discharge of a corrosive substance; unjust enrichment; breach of implied warranty of fitness and merchantability; breach of implied warranty of habitability; negligent misrepresentation; building code violations; relief by way of subrogation, contractual indemnity, common law indemnity and/or contribution against the Knauf Defendants; attorneys' fees; fraud; and punitive damages, exemplary damages, multiplication of damages and fines.

The Knauf Defendants deny any wrongdoing whatsoever, and specifically deny having committed any violation of any law.  Further, the Knauf Defendants vigorously deny that KPT Chinese Drywall causes bodily injury.  The Knauf Defendants state that no published study or government agency has found that KPT Chinese Drywall causes bodily injury.  The Knauf Defendants reserve the right to contest bodily injury claims

submitted by Class Members under the procedures set forth in the Knauf Settlement Agreement.  They likewise deny the existence of any class except for purposes of this settlement, assert certain affirmative defenses and deny any liability to any member of the Conditional Settlement Class.

The Court has not certified any class in the Litigation, other than conditionally for settlement purposes, and has made no determination that any class could be certified if the Litigation is not settled by this Settlement.  The Court has not determined the merits of any claims or defenses in the Litigation.  This Notice does not imply that there has been any finding of any violation of the law by the Knauf Defendants, or that recovery could be had in any amount.

Counsel for the Conditional Class ("Settlement Class Counsel") entered into the Knauf Settlement after weighing the substantial benefits that the members of the Class will receive as a result of the settlement against the probabilities of success and failure in securing any recovery from the Knauf Defendants by means of further litigation and delay.  Settlement Class Counsel consider it to be in the best interests of the Class that the Litigation be settled in accordance with the terms of the Knauf Settlement and believe that the proposed settlement is fair, reasonable and adequate for the Conditional Class.

Although the Knauf Defendants deny all liability and the existence of any class (other than for settlement purposes) in the Litigation, they consider it desirable to settle the Litigation on the terms proposed, to avoid further expense and inconvenience.

## Summary of the Proposed Settlement

The Settlement covers all plaintiffs in the Chinese Drywall Litigation who filed cases in either federal or state court on or before December 9, 2011, and whose homes or businesses have KPT Chinese Drywall.  The Settlement also covers all individuals with homes containing KPT Chinese Drywall that have been remediated by builders or suppliers outside of litigation for purposes of compensating them for alleged economic loss and bodily injury caused by KPT Chinese Drywall.

Property owners with filed cases who either already remediated their properties on their own or who entered into contracts to remediate their properties prior to December 20, 2011, are also Class Members.

Also included in the Class are condominium associations or similar entities that govern multiple-unit structures.  Prior owners of foreclosed properties or those who have engaged in short sales to avoid foreclosure due to the presence of KPT Chinese Drywall are also in the Class.

The Class is divided into three subclasses: (1) the Residential Owner Subclass; (2) the Commercial Owner Subclass; and (3) the Tenant Subclass.

KPT Chinese Drywall means drywall manufactured by Knauf Plasterboard (Tianjin) Co., Ltd., bearing the marking "TIANJIN CHINA." Plaintiffs with drywall bearing the lower-case "TianJin China" marking will be eligible only on certain conditions specified in the Settlement. Drywall manufactured by Knauf Defendants other than KPT is not included. To qualify for benefits, Class Members must have initiated federal or state lawsuits before December 9, 2011, naming or relating to one or more Knauf Defendants.

All properties that submit proof of KPT Chinese Drywall in their properties will be inspected to confirm the presence and determine the percentage of KPT Chinese Drywall in the property in comparison to the total amount of reactive Chinese drywall. That percentage will be rounded to the next highest 10% increment (the "KPT Drywall Percentage").

If the KPT Chinese Drywall Percentage exceeds 90%, the Class Member is entitled to full benefits. If the property is a "Mixed Property," *i.e.*, the KPT Chinese Drywall Percentage is less than or equal to 90%, the benefits will be discounted so the Class Member receives the benefit amount multiplied by the KPT Drywall Percentage. If the property has no KPT Chinese Drywall, the claim will be rejected.

## Settlement Benefits

The Settlement consists of two funds, a Remediation Fund and an Other Loss Fund to provide benefits to Class Members.

A chart summarizing the "Benefits under the Class Settlement Agreement with the Knauf Defendants" is attached for your review. In the event of a conflict, however, between this chart and the terms of the Knauf Settlement Agreement, the Knauf Settlement Agreement shall control.

## Remediation Fund

The Remediation Fund will be used to remediate properties or provide a discounted cash equivalent at the option of Class Members. The remediation work performed pursuant to the Settlement will remove on a cost-effective basis all drywall, problem-related odors, and contamination, including, but not limited to, corrosion, tarnishing and pitting, and to leave the property with the same construction quality and finishes, including remediating any damage to the quality and finishes that was caused by the drywall, as existed prior to the start of remediation. Class Members will select from among the following three

options:

- Program Contractor Remediation Option. The Program Contractor Remediation Option provides the Class Member with the convenience of having Moss & Associates, who has been approved by the PSC and the Knauf Defendants, remediate the Class Member's property.

- Self-Remediation Option. The Self-Remediation Option provides the Class Member with the choice to select his or her own qualified contractor to remediate the property. To be qualified, a contractor must be both bonded and insured for residential construction.

- Cash-Out Option. The Cash-Out Option provides a cash payment with no obligation to remediate the property, but the homeowner must take steps to assure, among other things, notice to subsequent purchasers of the presence of KPT Chinese Drywall.

Under the Program Contractor Remediation Option and Self-Remediation Option, Residential Owners will receive a payment to cover the costs of moving and storage, during the remediation, and to pay for damaged personal appliances, such as computers and flat screen televisions.

The Settlement also provides for benefits where properties have been foreclosed upon and to owners of units in condominiums or other multiple-unit structures. In light of unique issues raised by multiple-unit structures, the choice of available options depends on whether (1) it is feasible to treat each individual unit in the multiple-unit structure as a single property; and (2) whether any individual unit in the multiple-unit structure is a Mixed Property.

In addition, the Settlement provides an alternative dispute resolution process for owners who have engaged in self-remediation prior to the Settlement to seek reimbursement for their reasonable costs incurred; if the alternative dispute resolution process does not produce a settlement, the Court will determine the amount of the claim. Such owners also are permitted to seek benefits from the Other Loss Fund.

The Knauf Defendants will make an initial contribution of $200 million to fund the Remediation Fund. In addition, the Knauf Defendants will replenish the Remediation Fund in increments of $50 million each time the balance of the Fund is reduced to $25 million. In addition, the Remediation Fund will receive 50% of the net proceeds of an anticipated settlement with certain insurers of other parties in the supply chain. Net amounts owed to Class Members from settlements with other defendants also will be deposited into the Remediation Fund. There is no cap on the Remediation Fund. Any

funds remaining in the Remediation Fund after all Class Members' claims have been satisfied and all administrative expenses of the Fund have been paid will revert to the Knauf Defendants.

**Other Loss Fund**

The Other Loss Fund will reimburse Class Members for specified economic losses. Residential Owners may be entitled to reimbursement of alternative living expenses arising from the need to vacate the property prior to remediation and/or recovery for loss of equity due to foreclosures or short sales that were substantially caused by KPT Chinese Drywall. Commercial Owners may seek economic loss arising from the inability to use or rent their property, and/or for carrying costs (*i.e.*, interest expenses) arising from an inability to sell the property due to KPT Chinese Drywall. Tenants may seek an award from the Other Loss Fund to compensate for moving expenses if the tenant is displaced by remediation and for personal property damage, such as to jewelry and tenant-owned appliances. To qualify for such benefits, Class Members must submit substantial proof (as specified in the Settlement) of their losses. Alleged losses other than those explicitly specified in the Settlement Agreement will not be compensable but will be released.

The Other Loss Fund also will provide a mechanism for resolving disputed bodily injury claims. To be eligible for recovery for bodily injury, Class Members must have sought medical treatment for the alleged bodily injury prior to the execution of the Settlement and have received a contemporaneous diagnosis from a treating physician of an alleged injury caused by KPT Chinese Drywall. To qualify for such benefits, Class Members must submit substantial proof of an alleged bodily injury caused by KPT Chinese Drywall, including medical and pharmaceutical records and an expert report.

The Other Loss Fund will not pay claims for stigma, injury to reputation, loss of enjoyment of home, psychological or emotional injury, medical monitoring, injury to reputation, credit rating loss, legal and accounting expenses, or loss of investment opportunity. Those claims will be released without compensation.

Special Masters appointed by the Court will evaluate all claims made by Class Members for reimbursement from the Other Loss Fund and determine the amount of any payments to Class Members from the Other Loss Fund. If the total of all allowed claims is more than the amount of the Other Loss Fund, the amount of the claims will be reduced pro rata. If the total of all allowed claims is less than the amount of the Other Loss Fund, then such remaining funds will be used to offset any deficiency in legal fees and costs and any post-final approval administrative legal fees and costs. If any funds remain after satisfying such legal fees and costs, the remainder will be subject to a *cy pres* distribution

for charitable purposes, subject to Court approval.  No funds will revert to the Knauf Defendants.

The Knauf Defendants will make a one-time contribution of $30 million to the Other Loss Fund, which contribution is capped.  In addition, the Other Loss Fund will receive 50% of the net proceeds of an anticipated settlement with certain insurers of other parties in the supply chain.

**Attorneys' Fees and Costs**

The Settlement provides that in addition to, and apart from, all of the Remediation Fund and Other Loss Fund settlement benefits provided to Class Members, the Knauf Defendants have agreed not to oppose the PSC's petition to the Court for attorneys' fees and costs in the amount of $160 million.  Any award of attorneys' fees and costs is subject to Court approval.  No Class Members will be required to pay attorneys' fees and costs from their own pocket or from any recovery under the Settlement (except for any bodily injury where their counsel fees and costs will be paid from that recovery).  The Knauf Defendants' liability for attorneys' fees and costs will not exceed $160 million.

In addition, the PSC will seek attorneys' fees and costs in connection with the class settlements with Banner, InEx and prospective settlements with L&W and insurers.  The Knauf Defendants are not responsible for those attorneys' fees and costs.

**Releases**

The Knauf Defendants will receive a full release of all the Class Members' claims.  Other defendants who participated in the chain of distribution of KPT Chinese Drywall to the Class Member will receive a release of that Class Member's claims if the supply chain defendant's insurers made a contribution to the Remediation Fund but not if their insurers declined to make a contribution.  If a supply chain defendant had multiple insurers and only some insurers contributed, the supply chain defendant would be released for uninsured claims and for claims involving the contributing insurers, but not for claims involving non-contributing insurers.

**Administrative Provisions**

Special Master:  There will be Court-approved Special Masters appointed to review information submitted by Class Members and make determinations concerning Class Members' benefits under the Settlement Funds, including eligibility to claim benefits and the amount of benefits.  The Special Masters' decisions can be appealed to the Court, whose decision will be final without further appeal.

Settlement Administrator:  There will be a Court-approved Settlement Administrator appointed to administer the Settlement, including collecting documents.

Ombudsmen:  The PSC will appoint two construction experts to serve as Ombudsmen. One Ombudsman will be located in the State of Florida and the other in New Orleans, Louisiana.  Both Ombudsmen must be licensed contractors familiar with construction issues and the Chinese Drywall controversy.  The Ombudsmen shall act to answer questions of claimants regarding construction, remediation, coordination, and communication with the Lead Contractor or Other Approved Contractor, and their selected sub-contractors on various issues.

Administrative Costs:  All administrative costs associated with the Settlement, including, but not limited to costs associated with the Special Master, Settlement Administrator, Ombudsmen, CPAs, pro se attorneys and electronic depositories will be paid by the interest on the Remediation Fund and Other Loss Fund or, in the case of a shortfall, from the Remediation Fund.

Termination Rights:  The Knauf Defendants can terminate the Settlement if, among other reasons, (i) the insurer agreement is not finalized to their satisfaction, (ii) in the sole discretion of the Knauf Defendants there are too many opt outs, or (iii) the Knauf Defendants are unable to reach an agreement with Banner or InEx to extinguish their third-party claims.

**Security**

The Knauf Defendants' payment obligations under the Settlement Agreement are secured by a combination of the signature of all the Knauf Defendants (who consent to the jurisdiction of the Court for purposes of enforcing the Settlement and the Security Agreement), a guaranty by one of the Knauf Defendants, a $50 million investment in the United States, and a pledge of one of the Knauf Defendant's assets (which are located in the United States), which at their discretion may be substituted with a security of equivalent value to the pledged assets.

**Relationship to Other Chinese Drywall Settlements**

Pilot Program.  The Knauf Defendants and the PSC previously entered into the Pilot Program, by which the Knauf Defendants have remediated and continue to remediate properties.  Pending final approval of the Settlement, the Knauf Defendants will continue to remediate homes under the Pilot Program.  In the event that the Settlement is finally approved, property owners who have participated or who are participating in the Pilot Program will be able to participate in the Settlement for purposes of obtaining

compensation for their economic losses or asserting personal injury claims from the Other Loss Fund.

<u>Major Builder Agreement</u>.  The Knauf Defendants and certain builders previously have entered into an agreement by which the Knauf Defendants reimburse those builders for remediating homes with KPT Chinese Drywall.  Pending final approval of the Settlement the Knauf Defendants will continue to reimburse participating builders to remediate homes under the Major Builder Agreement.  Property owners whose properties are remediated under the Major Builder Agreement will be able to participate in the Settlement for the purposes of obtaining compensation for their economic losses or asserting personal injury claims from the Other Loss Fund.

<u>Banner Class Agreement</u>.  The PSC previously has entered into a class settlement with Banner, which is pending final approval by the Court.  <u>To obtain benefits from the Knauf Settlement, those Class Members who were supplied KPT Chinese Drywall through Banner must also participate in the Banner settlement and assign their benefits under the Banner settlement to the Knauf Defendants to the extent that they relate to KPT Chinese Drywall</u>.  The Knauf Defendants will deposit any proceeds from the Banner settlement into the Remediation Fund.

<u>InEx Class Agreement</u>.  The PSC previously has entered into a class settlement with InEx, which is pending final approval by the Court.  <u>To obtain benefits from the Knauf Settlement, Class Members who were supplied KPT Chinese Drywall through InEx must also participate in the InEx settlement and assign their benefits under the InEx settlement to the Knauf Defendants to the extent that they relate to KPT Chinese Drywall</u>.  The Knauf Defendants will deposit any proceeds from the InEx settlement into the Remediation Fund.

<u>L&W</u>.  The Knauf Defendants have a settlement with L&W to receive a certain amount per square foot for each participating claimant whose property was supplied with KPT Chinese Drywall by L&W.  The PSC and the Knauf Defendants anticipate that L&W will enter into a class settlement under the same terms.  In that event, to obtain benefits from the Knauf Settlement, Class Members who were supplied KPT Chinese Drywall through L&W would have to participate in the L&W settlement and assign their benefits under the L&W settlement to the Knauf Defendants to the extent that they relate to KPT Chinese Drywall.  The Knauf Defendants would deposit any proceeds from an L&W settlement into the Remediation Fund.

Please consult the full Settlement Agreement for a more complete description of the benefits, qualifying procedures and limitations of the Settlement.  The full Settlement Agreement and not the summary in this Notice governs the rights and obligations of the

Parties.

## Conditional Class Certification

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, dated _____, 2012, the Court has preliminarily approved the terms of the Knauf Settlement to the extent that this Notice is being sent to the Conditional Settlement Class, which has been determined by the Court to exist for settlement purposes only.  As set forth in detail above, the conditional Knauf Settlement Class shall consist of:

> All persons or entities who, as of December 9, 2011, filed a lawsuit in the Litigation as a named plaintiff (*i.e.*, not an absent class member) asserting claims arising from, or otherwise related to, KPT Chinese Drywall, whether or not the Knauf Defendants are named parties to the lawsuit.

The Knauf Defendants are KPT, Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.  Under the Knauf Settlement, the Knauf Defendants are not permitted to receive any settlement benefits.

The Court has not certified the Class in the Litigation for any other purpose and has made no determination that any class could be certified if the Litigation is not settled hereby.  Although the Court has indicated such preliminary approval of the Knauf Settlement, this Notice is <u>not</u> an expression of any opinion by the Court as to the merits of the claims and defenses which have been asserted in the Litigation.  If the proposed settlement is not finally approved, the conditional certification of the Class will be null and void, and the Litigation will proceed as if there had been no settlement, conditional certification or notice.

## Opt-Out Process

Class Members may opt out of the Class.  If you opt out, you will be excluded from sharing in the benefits of the Knauf Settlement and from the binding effect of final approval of this settlement and dismissal of the Litigation as to the Knauf Defendants.

**IF YOU DO NOT WISH TO OPT OUT YOU DO NOT HAVE TO DO ANYTHING AT THIS TIME.**

If the Settlement is approved, additional information will be provided about how to claim benefits.

To opt out, a written notice signed by the individual Class Member must be sent by first-class mail, post-marked on or before _____, 2012, to Settlement Class Counsel, Arnold Levin (LEVIN, FISHBEIN, SEDRAN & BERMAN, 510 Walnut Street, Suite 500, Philadelphia, PA 19106) and Russ M. Herman (HERMAN, HERMAN, KATZ & COTLAR, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113), and to the Knauf Defendants' counsel, Kerry Miller (FRILOT L.L.C., 1100 Poydras Street, Suite 3700, New Orleans, LA 70163). The notice must set forth the full name and current address of the person electing to opt out and a sentence stating: "The undersigned hereby opts out of the Knauf Settlement Class in the Chinese Drywall Action." No opt out will be effective if filed earlier than _____, 2012, which is 21 days after the last date to provide notice to the Class.

**IF YOU WISH TO PURSUE AN INDIVIDUAL CLAIM AGAINST THE KNAUF DEFENDANTS BY LITIGATION, ARBITRATION OR OTHERWISE, YOU MUST OPT OUT; OTHERWISE, IF THE KNAUF SETTLEMENT IS APPROVED, YOU WILL NOT BE ABLE TO PURSUE CLAIMS AGAINST THE KNAUF DEFENDANTS ARISING OUT OF KPT CHINESE DRYWALL.**

Persons who opt out will not be entitled to share in the benefits of this settlement nor will they benefit or be bound by further orders or judgments in the Litigation concerning the Knauf Settlement, if any.

## Settlement Hearing

Notice is further hereby given that, pursuant to the Court's Order, a hearing will be held in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, Louisiana 70130, at 9:00 a.m., on _____, 2012 (the "Fairness Hearing"), for the purpose of determining whether the proposed Knauf Settlement is fair, reasonable and adequate and should be approved finally by the Court and the Litigation dismissed on the merits and with prejudice as to the Knauf Defendants. The Fairness Hearing may be adjourned from time to time by the Court without further notice.

**CONDITIONAL SETTLEMENT CLASS MEMBERS WHO DO NOT OPPOSE THE PROPOSED SETTLEMENT DO NOT NEED TO APPEAR AT THE HEARING OR FILE ANY PAPERS.**

You will be represented at the hearing on the fairness of the settlement by Settlement Class Counsel, Russ Herman, telephone no. (504) 581-4892 and Arnold Levin, telephone

no. (215) 592-1500, unless you enter an appearance in person or through your own counsel.  As a member of the Conditional Settlement Class, you will not be personally responsible for attorneys' fees, costs or disbursements, except for certain fees and costs of your own counsel as set forth in the Knauf Settlement Agreement.

Class Members may object to the Knauf Settlement, in whole or in part, by providing written notice of their intention to object, setting forth the reasons for such objections and, if applicable, the Class Member's intention to appear at the Fairness Hearing, in accordance with the following procedure.  The objection must be signed by the Class Member and his or her counsel, if any.  The objection must contain the caption of the Litigation and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the Class Member.

At the Fairness Hearing, any Class Member who has provided written notice of the intention to object to the Settlement may appear in person or by counsel and show cause why the Settlement should not be approved and why this action should not be dismissed on the merits with prejudice.  Such Class Member may present any admissible evidence relevant to the issues to be heard, provided that such Class Member has timely provided any and all papers in opposition to the Settlement upon which the objection may be based.  The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Fairness Hearing.

Any intention to object, all related materials, and any admissible evidence sought to be presented at the Fairness Hearing must be mailed and post-marked by _____, 2012, to Settlement Class Counsel, Arnold Levin (LEVIN, FISHBEIN, SEDRAN & BERMAN, 510 Walnut Street, Suite 500, Philadelphia, PA 19106), and to the Knauf Defendants' counsel, Kerry Miller (FRILOT L.L.C., 1100 Poydras Street, Suite 3700, New Orleans, LA 70163), who shall be obliged to file the objection, along with any submitted materials or evidence, with the Court.

Any Class Member who does not so object to the matters noted above shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to such matters.

## **Effect of Final Court Approval**

If the settlement is approved, the Court will enter an order and judgment dismissing the Litigation on the merits with prejudice to the extent that it asserts claims against the Knauf Defendants, and discharging the Knauf Defendants from all claims which were, or could have been, asserted by you or on your behalf in the Litigation concerning KPT

Chinese Drywall.

**IF YOU ARE A MEMBER OF THE CONDITIONAL SETTLEMENT CLASS, UNLESS YOU HAVE CHOSEN AFFIRMATIVELY TO OPT OUT FROM THE CLASS, UPON COURT APPROVAL OF THE SETTLEMENT YOU WILL BE BOUND BY THE SETTLEMENT, INCLUDING THE JUDGMENT OF DISMISSAL.**

If the Court approves the Knauf Settlement, each Class Member who did not opt out from the Conditional Settlement Class will receive a Court Notice with final instructions.

## Examination of Papers

The foregoing is only a summary of the Litigation, the claims and the Settlement. The Knauf Settlement Agreement and documents incorporated therein and the pleadings and other papers filed in the Litigation may be inspected at the office of the Clerk of the Court, U.S. Courthouse, Room C-151, 500 Poydras Street, New Orleans, Louisiana 70130 or during regular business hours at the offices of Settlement Class Counsel, Russ Herman, HERMAN, HERMAN, KATZ & COTLAR, LLP, 820 O'Keefe Avenue, New Orleans, Louisiana 70113, commencing on _____, 2012. Any papers Settlement Class Counsel and counsel for the Knauf Defendants shall file in support of the Knauf Settlement will be made available for inspection at this location at the time they are filed. Any questions that any person to whom this Notice is addressed may have with respect thereto or with respect to the request for exclusion should be directed to Settlement Class Counsel, or his or her own counsel.

## Schedule of Important Dates

| | |
|---|---|
| Beginning _____, 2012 | Settlement papers may be examined at the offices of Settlement Class Counsel, Russ Herman |
| On or before _____, 2012 | Opt Out Requests from the Settlement Class must be mailed to Settlement Class Counsel, Arnold Levin and Russ Herman and to Counsel for the Knauf Defendants, Kerry Miller |
| On or before _____, 2012 | Objections to the Settlement must be mailed to Settlement Class Counsel Arnold Levin and to Counsel for the |

15

Knauf Defendants, Kerry Miller

_____, 2012 at 9:00 a.m.          Fairness Hearing at United States
Courthouse for the Eastern District of
Louisiana, 500 Poydras Street, Room
C-456, New Orleans, Louisiana  70130

If the Settlement is approved, the Court will establish dates for filing a proof of claim.

Dated: New Orleans, Louisiana
_____, 2012
/s/ ELDON E. FALLON
Judge, United States District Court
for the Eastern District of Louisiana

**Benefits under Class Settlement Agreement with the Knauf Defendants[1]**

| Subclass | Remediation Fund Benefits[2,3] | | |
|---|---|---|---|
| | **Program Contractor Remediation Option** | **Self-Remediation Option** | **Cash-Out Option** |
| **Residential Owner** | Benefits:<br>• **Remediation.** The Remediation Fund will pay a contractor approved by the PSC and Knauf Defendants to remediate the property<br>• **Other Covered Expenses.** A cash payment for personal property damage and alternative living expenses during remediation:<br>  o Properties ≤ 3,500 SF = $8.50 per SF for the first 3 months of remediation + $1.50 per SF for each additional month that it takes to complete the remediation<br>  o Properties > 3,500 SF = $10.00 per SF + $1.50 per SF, for one month only, if the remediation takes longer than 3 months. | Benefits:<br>• **Remediation.** The Remediation Fund will pay a qualified contractor, chosen by the Owner, to remediate the property based on an estimate prepared by a contractor approved by the PSC and Knauf Defendants.<br>• **Other Covered Expenses.** A cash payment for personal property damage and alternative living expenses during remediation:<br>  o Properties ≤ 3,500 SF = $8.50 per SF<br>  o Properties > 3,500 SF = $10.00 per SF | Benefits:<br>• **Cash Payment.** A cash payment equivalent to the following:<br>  o the cost to remediate the property reduced by $7.50 per SF.<br>  o a payment of $3.50 per SF for personal property damage |
| | Requirements:<br>• Must be KPT Property (determined by inspection) | Requirements:<br>• Owner contracts with contractor<br>• Contractor must be both bonded and insured for residential construction<br>• Contractor must provide Environmental Certificate that property is free of all Chinese Drywall<br>• Contractor must certify that that it properly disposed of any Chinese Drywall removed from the property | Requirements:<br>• Owner must (i) show that there is either no mortgage or lien on the property or (ii) provide a release by the lender or lienholder<br>• Owner must record the existence of reactive Chinese Drywall in the local property clerk's office (if permitted by local law)<br>• Owner must covenant to inform subsequent purchasers of the property of the presence of KPT Chinese Drywall<br>• The Owner must indemnify the Knauf Defendants against future claims relating to the property |
| | **Mixed Properties:** Mixed Property owners are not entitled to the Program Contractor Remediation Option | **Mixed Properties:**<br>• **Remediation.** The Remediation Fund will pay the | **Mixed Properties:** The Remediation Fund will pay the Mixed Property Owner a cash payment equivalent to the |

[1] In the event of a conflict between this chart and the terms of the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Class Settlement Agreement"), the Class Settlement Agreement shall control.  The Class Settlement Agreement can be obtained at http://www.laed.uscourts.gov/drywall/drywall.htm.

| | | Owner's chosen contractor an amount equal to the cost to remediate the property (as determined by a contractor approved by the PSC and the Knauf Defendants) multiplied by the percentage of KPT Chinese Drywall relative to all reactive Chinese Drywall in the property. The Owner must pay the balance with his/her own funds.<br>• **Other Covered Expenses.** The Remediation Fund will only pay the Owner an amount equal to the Other Covered Expenses (described above) multiplied by the percentage of KPT Chinese Drywall relative to all Chinese Drywall in the property. | following:<br>• An amount equal to the cost to remediate the property (as determined by a contractor approved by the PSC and the Knauf Defendants) multiplied by the percentage of KPT Chinese Drywall relative to all reactive Chinese Drywall in the property.<br>• An amount equal to the Other Covered Expenses (described in the Self-Remediation Option) multiplied by the percentage of KPT Chinese Drywall relative to all Chinese Drywall in the property. |
|---|---|---|---|
| **Commercial Owner** | **Benefits:**<br>• **Remediation.** The Remediation Fund will pay a contractor approved by the PSC and Knauf Defendants to remediate the property | **Benefits:**<br>• **Remediation.** The Remediation Fund will pay a qualified contractor, chosen by the Owner, to remediate the property based on an estimate prepared by a contractor approved by the PSC and Knauf Defendants. | **Benefits:**<br>• **Cash Payment.** A cash payment equivalent to the following:<br>  ○ the cost to remediate the property reduced by $7.50 per SF. |
| | **Requirements:**<br>• Must be KPT Property (determined by inspection) | **Requirements:**<br>• Owner contracts with contractor<br>• Contractor must be both bonded and insured for residential construction<br>• Contractor must provide Environmental Certificate that property is free of all Chinese Drywall<br>• Contractor must certify that that it properly disposed of any Chinese Drywall removed from the property | **Requirements:**<br>• Owner must (i) show that there is either no mortgage or lien on the property or (ii) provide a release by the lender or lienholder<br>• Owner must record the existence of reactive Chinese Drywall in the local property clerk's office (if permitted by local law)<br>• Owner must covenant to inform subsequent purchasers of the property of the presence of KPT Chinese Drywall<br>• The Owner must indemnify the Knauf Defendants against future claims relating to the property |
| | **Mixed Properties: Mixed Property owners shall not be entitled to the Program Contractor Remediation Option** | **Mixed Properties:**<br>• **Remediation.** The Remediation Fund will pay the Owner's chosen contractor an amount equal to the cost to remediate the property (as determined by a contractor approved by the PSC and the Knauf Defendants) multiplied by the percentage of KPT Chinese Drywall relative to all reactive Chinese Drywall in the property. The Owner must pay the balance with his/her own funds. | **Mixed Properties:** The Remediation Fund will pay the Mixed Property Owner a cash payment equivalent to the following:<br>• An amount equal to the cost to remediate the property (as determined by a contractor approved by the PSC and the Knauf Defendants) multiplied by the percentage of KPT Chinese Drywall relative to all reactive Chinese Drywall in the property. |
| **Tenants** | **TENANTS ARE NOT ELIGIBLE FOR BENEFITS UNDER THE REMEDIATION FUND** | | |

[1] **Multiple Unit Properties:** The Settlement Agreement has special provisions for Affected Properties that are located within properties with more than one living unit.

1) The Remediation Fund options available for Multiple Unit Properties will depend upon:

   a) whether it is feasible to treat each individual unit in the Multiple Unit Property as a single property (meaning that the individual unit can be remediated without the need to remediate any other part of the Multiple Unit Property), and

   b) whether all units with KPT Chinese Drywall in a Multiple Unit Property are KPT Properties or whether some are Mixed Properties.

2) Where it is feasible to treat each unit as a single property and there are no individual units that are Mixed Properties, the Multiple Unit Property Governing Body (*e.g.,* the condominium association) or similar entity may select for each unit from among any of the three options:  Program Contractor Remediation, Self-Remediation or Cash-Out.

   a) If the Multiple Unit Property Governing Body selects the Program Contractor Remediation Option for some individual units and the Self-Remediation Option for other individual units and/or remediation of common areas, no work under the Self-Remediation Option shall commence until all work under the Program Contractor Remediation Option in the Multiple Unit Property has been completed because of the infeasibility of having multiple contractors remediate a single Multiple Unit Property.

3) Where it is feasible to treat each unit as a single property and there are one or more individual unit(s) that are Mixed Properties, the Multiple Unit Property Governing Body or similar entity may select for each unit from between the Self-Remediation Option and the Cash-Out Option.

4) Where it is not feasible to treat each unit as a single property and there are no individual units that are Mixed Properties, the Multiple Unit Property Governing Body or similar entity may select from among the three options described above, but must make a single selection for the entire Multiple Unit Property.

5) Where it is not feasible to treat each unit as a single property and there are one or more individual unit(s) that are Mixed Properties, the Multiple Unit Property Governing Body or similar entity may select from between the Self-Remediation Option and the Cash-Out Option.  The benefits conferred under such options shall be calculated by multiplying the amounts owed by the percentage of KPT Chinese Drywall relative to all reactive Chinese Drywall in the Multiple Unit Property according to a formula described in Section 4.3.6.1.4 of the Settlement Agreement.

6) The Class Settlement Agreement includes special provisions for calculating the percentage of KPT Chinese Drywall relative to all reactive Chinese Drywall in a Multiple Unit Property (*see* Section 4.3.6.1.4).

[2] **Foreclosed Properties:**  If the property was foreclosed upon prior to the settlement, the mortgagee (*e.g.*, bank) may select from among the Program Contractor Remediation Option, Self Remediation Option and Cash-Out Option; and the Remediation Fund will pay the mortgagor (*i.e.*, owner prior to the foreclosure) a payment of $8.50 per square foot (for properties ≤ 3,500 square feet) or $10.00 per square feet (for properties > 3,500 square feet).  If the property was foreclosed upon after the settlement agreement, benefits to the mortgagor (the owner at the time of the settlement) are contingent on the mortgagor providing a release from the mortgagee (*e.g.*, the bank)

| Subclass | Other Loss Fund Benefits | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | Alternative Living Expenses | Lost Use, Sales and Rentals | Foreclosure | Short Sale | Property Damage | Bodily Injury |
| **Residential Owner** | **Benefits:** An amount to be determined by the Special Master for alternative living expenses arising from Owner's need to vacate the property prior to the remediation as a result of the damage caused by KPT Chinese Drywall, provided that the Owner vacated the property prior to the execution date of the settlement agreement. | **Residential Owners are not entitled to recover for Lost Use, Sales, and Rentals** | **Benefits:** An amount to be determined by the Special Master for lost equity | **Benefits:** For owners who, upon agreement with their lender, sold the property for less than the outstanding balance of their mortgage to avoid foreclosure ("Short Sale"), an amount to be determined by the Special Master for lost equity | **Residential Owners are not entitled to recover for Property Damage because such claims are covered by the benefits received under the Remediation Fund** | **Benefits:** Settlement provides a procedure for resolving disputed personal injury claims where the Owner received a contemporaneous diagnosis that the alleged injury was caused by KPT Chinese Drywall. The Settlement does not guarantee payment of any such claims. |
| | **Requirements:**<br>• Submission of Proof of Claim Form<br>• Substantial documentation of claim<br>• If requested by the Special Master, an expert report supporting claim. Any party can challenge admissibility of such report. | **Requirements:** Not Applicable | **Requirements:**<br>• Submission of Proof of Claim Form<br>• Substantial documentation of claim<br>• Expert report supporting claim. Any party can challenge admissibility of such report. | **Requirements:**<br>• Submission of Proof of Claim Form<br>• Substantial documentation of claim<br>• Expert report supporting claim. Any party can challenge admissibility of such report. | **Requirements:** Not Applicable | **Requirements:**<br>• Must have sought treatment for alleged personal injury prior to settlement and received contemporaneous diagnosis that alleged injury was caused by KPT drywall<br>• Substantial documentation of claim<br>• Expert report supporting claim. Any party can challenge admissibility of such report.<br>• If the expert opinion survives challenge, the Special Master will determine the validity of the amount of the claim |
| | **Mixed Properties:** Mixed Property Owners will receive | **Mixed Properties:** Not Applicable | **Mixed Properties:** Mixed Property Owners will receive | **Mixed Properties:** Mixed Property Owners will receive | **Mixed Properties:** Not Applicable | **Mixed Properties:** Mixed Property Owners will receive |

| | Other Loss Fund Benefits | | | | | |
|---|---|---|---|---|---|---|
| **Subclass** | **Alternative Living Expenses** | **Lost Use, Sales and Rentals** | **Foreclosure** | **Short Sale** | **Property Damage** | **Bodily Injury** |
| | an amount determined by Special Master multiplied by the percentage of KPT drywall in the property relative to all reactive Chinese drywall in the property | | an amount determined by Special Master multiplied by the percentage of KPT drywall in the property relative to all reactive Chinese drywall in the property | an amount determined by Special Master multiplied by the percentage of KPT drywall in the property relative to all reactive Chinese drywall in the property | | an amount determined by Special Master multiplied by the percentage of KPT drywall in the property relative to all reactive Chinese drywall in the property |
| **Commercial Owner** | **Commercial Owners are not entitled to recover for Alternative Living Expenses** | **Benefits:**<br>• Economic loss for a period not to exceed 3 months arising from the inability to use or rent the property during its remediation, to the extent that such loss could not be mitigated or has not been reimbursed by insurance.<br>• Reimbursement of carrying costs (*i.e.,* interest expenses) from the inability to sell the property to the extent that such loss could not be mitigated or has not been reimbursed by insurance. | **Benefits:** An amount to be determined by the Special Master for lost equity | **Benefits:** For owners who, upon agreement with their lender, sold the property for less than the outstanding balance of their mortgage to avoid foreclosure ("Short Sale"), an amount to be determined by the Special Master for lost equity | **Commercial Owners are not entitled to recover for Property Damage** | **Commercial Owners are not entitled to recover for bodily injury** |
| | **Requirements:** Not Applicable | **Requirements:**<br>• Submission of Proof of Claim Form<br>• Substantial documentation of claim<br>• Expert report supporting claim. Any party can | **Requirements:**<br>• Submission of Proof of Claim Form<br>• Substantial documentation of claim<br>• Expert report supporting claim. Any party can | **Requirements:**<br>• Submission of Proof of Claim Form<br>• Substantial documentation of claim<br>• Expert report supporting claim. Any party can | **Requirements:** Not Applicable | **Requirements:** Not Applicable |

| Subclass | Other Loss Fund Benefits | | | | | |
|---|---|---|---|---|---|---|
| | Alternative Living Expenses | Lost Use, Sales and Rentals | Foreclosure | Short Sale | Property Damage | Bodily Injury |
| | | challenge admissibility of such report. | challenge admissibility of such report. | challenge admissibility of such report. | | |
| | **Mixed Properties:  Not Applicable** | **Mixed Properties:**  Mixed Property Owners will receive an amount determined by Special Master multiplied by the percentage of KPT drywall in the property relative to all reactive Chinese drywall in the property | **Mixed Properties:**  Mixed Property Owners will receive an amount determined by Special Master multiplied by the percentage of KPT drywall in the property relative to all reactive Chinese drywall in the property | **Mixed Properties:**  Mixed Property Owners will receive an amount determined by Special Master multiplied by the percentage of KPT drywall in the property relative to all reactive Chinese drywall in the property | **Mixed Properties: Not Applicable** | **Mixed Properties:  Not Applicable** |
| **Tenant** | **Benefits:**  An amount to be determined by the Special Master for moving expenses (if the Tenant was displaced by remediation) | **Tenants are not entitled to recover for loss of use, sales, or rentals.** | **Tenants are not entitled to recover for Foreclosure.** | **Tenants are not entitled to recover for Short Sales.** | **Benefit:**  An amount to be determined by the Special Master for personal property damage, such as jewelry and Tenant-owned appliances, caused by KPT Chinese Drywall | **Benefits:**  Settlement provides a procedure for resolving disputed personal injury claims where the Owner received a contemporaneous diagnosis that the alleged injury was caused by KPT Chinese Drywall.  The Settlement does not guarantee payment of any such claims. |
| | **Requirements:**  Submission of a Proof of Claim form | | | | **Requirements:**  Submission of a Proof of Claim Form | **Requirements:**<br>• Must have sought treatment for alleged personal injury prior to settlement and received contemporaneous diagnosis that alleged injury was caused by KPT drywall<br>• Substantial documentation of claim |

| Subclass | Other Loss Fund Benefits | | | | | |
|---|---|---|---|---|---|---|
| | Alternative Living Expenses | Lost Use, Sales and Rentals | Foreclosure | Short Sale | Property Damage | Bodily Injury |
| | | | | | | • Expert report supporting claim.  Any party can challenge admissibility of such report.<br>• If the expert opinion survives challenge, the Special Master will determine the validity of the amount of the claim |
| | **Mixed Properties:** Tenants of Mixed Properties will receive an amount determined by Special Master multiplied by the percentage of KPT drywall in the property relative to all reactive Chinese drywall in the property | | | | **Mixed Properties:** Tenants of Mixed Properties will receive an amount determined by Special Master multiplied by the percentage of KPT drywall in the property relative to all reactive Chinese drywall in the property | **Mixed Properties:** Mixed Property Owners will receive an amount determined by Special Master multiplied by the percentage of KPT drywall in the property relative to all reactive Chinese drywall in the property |