# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO: ALL CASES AND | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

*Vickers, et al. v. Knauf Gips KG, et al.*
Case No. 2:09-cv-04117 (E.D. La.)

*Gross, et al. v. Knauf Gips, KG, et al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Payton, et al. v. Knauf Gips, KG, et al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Rogers, et al. v. Knauf Gips, KG, et al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 2:11-cv-00252 (E.D. La.)

*Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 2:11-cv-01363 (E.D. La.)

*Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 2:11-cv-02349 (E.D. La.)

*Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 2:11-cv-03023 (E.D. La.)

**BANNER'S RESPONSE AND OBJECTIONS TO THE JOINT MOTION OF PROPOSED SETTLEMENT CLASS COUNSEL, THE PSC, AND THE KNAUF DEFENDANTS FOR AN ORDER: (1) PRELIMINARILY APPROVING THE KNAUF SETTLEMENT; (2) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS; (3) ISSUING CLASS NOTICE; (4) SCHEDULING A FAIRNESS HEARING; AND (5) STAYING CLAIMS AS TO THE KNAUF DEFENDANTS**

Banner Supply Company; Banner Supply Company Pompano, LLC; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Port St. Lucie, LLC; and Banner Supply International, LLC (collectively, "Banner"), by and through undersigned counsel, file this response and opposition to the joint motion of the Plaintiffs' Steering Committee ("PSC") and Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; Guangdong Knauf New Building Material Products Co., Ltd.; Knauf Gips KG; Gebr. Knauf Verwaltungsgesellschaft KG; Knauf International GmbH; Knauf Insulation GmbH; Knauf UK GmbH; Knauf AMF GmbH & Co. KG; Knauf do Brasil Ltd.; and PT Knauf Gypsum Indonesia (collectively, the "Knauf Defendants"), seeking conditional certification of a settlement class and subclasses, preliminary approval of a settlement, appointment of subclass representatives, appointment of class counsel, approval of class notice, scheduling of a fairness hearing, and issuance of a stay and injunction of all claims against the Knauf Defendants (the "Settlement Motion").

## BACKGROUND

On December 20, 2011, the Knauf Defendants and the PSC filed a joint motion seeking conditional certification of a settlement class and subclasses (the "Class"), preliminary approval of a settlement (the "Knauf Settlement" or the "Settlement"), and issuance of a stay and injunction of all claims against the Knauf Defendants. As this Court is aware, Banner, Banner's insurers and the PSC entered into a settlement filed on August 8, 2011 (the "Banner Settlement"). Banner only files this Objection to clarify and confirm certain provisions of the Knauf Settlement.

**M<small>EMORANDUM OF</small> L<small>AW</small>**

I. **BANNER'S CLAIMS AGAINST THE KNAUF DEFENDANTS ARE NOT RELEASED BY THE KNAUF SETTLEMENT.**

Banner has substantial third-party claims against the Knauf Defendants. This objection is made to clarify and confirm that Banner's third-party claims will not be released absent further negotiations between the Knauf Defendants and Banner, as set forth in Section 4.8.6 of the Knauf Settlement.

The Knauf Settlement could be found to be ambiguous on this point. First, Section 3.1 ("Settlement of All Claims Against the Knauf Defendants") of the Knauf Settlement states that all claims against the Knauf Defendants will be released. Section 5.1 defines "Released Claims" to include any claim that had been or could have been made against the Knauf Defendants, without limiting the release to claims held by participating Class members. The Knauf Settlement also defines Banner as an "Other Releasee" (Section 1.48) and states that all "Other Releasees" will release the Knauf Defendants from *all* claims relating to Chinese Drywall, by requiring that any settlements between the PSC or Class members and Other Releasees or any of their insurers release Knauf for all claims, including third-party claims. Section 4.8.4.

It is Banner's belief that wherever the Knauf Settlement references a release by Banner, it contemplates a conditional release dependent upon further negotiations between Knauf and Banner. We ask that the Knauf Defendants clarify the Settlement in this respect.

II. **THE STAY AND BAR ORDERS REQUESTED BY THE KNAUF DEFENDANTS SHOULD BE LIMITED TO CLAIMS COVERED BY THE SETTLEMENT.**

The Knauf Defendants have requested that this Court enter a stay of "all claims" against the Knauf Defendants. Knauf has also requested a bar order and permanent injunction barring claims "by any entity or person against the Knauf Defendants . . . arising out of the Participating

Class Members' claims concerning (i) the KPT Chinese Drywall claims against the Knauf Defendants or (ii) this Settlement."  Section 12.2.2.

Any such stay or bar order should be limited to those claims covered by the Knauf Settlement and should not cover Banner's third-party claims.  Banner is neither a party to the Settlement nor a member of the Class, which is limited to three subclasses of property owners and tenants.  Section 1.1.2.1; Section 1.1.2.2; Section 1.1.2.4.  As the Supreme Court of the United States has noted, "[i]t goes without saying that a contract cannot bind a nonparty."  *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) (arbitration agreements are mere contracts and are enforced as such).

Nonetheless, in the interests of the just resolution of this litigation, Banner is willing to negotiate a consensual agreement with the Knauf Defendants to postpone litigation related to Banner's third-party claims to allow the parties to negotiate resolution of those claims.  Banner also seeks clarification that Banner's third-party fraud claims against Knauf will not be the subject of any bar order absent express consensual agreement between Banner and Knauf.

### III.   CLAIMANTS MAY OPT OUT OF THE KNAUF SETTLEMENT WHILE PARTICIPATING IN THE BANNER SETTLEMENT.

Banner objects to provisions in this Settlement that require any party to the Banner Settlement to release any and all of their claims against the Knauf Defendants.  Under Section 4.8.4 of this Settlement, "[t]he Major Builder Settlement Agreements, the Prospective Insurer Agreement, and any settlements between the PSC or Class Members and Other Releasees or Excluded Releasees or any of their insurers shall provide for releases by any party to such settlements of all their claims against the Knauf Defendants related in any way to KPT Chinese Drywall . . . ."  As defined by this Settlement, Banner is an "Other Releasee."  Section 1.48. Thus, this Settlement purports to alter the terms of the Banner Settlement, requiring any party to

the Banner Settlement—even those that are not a party to the Knauf Settlement—to release any and all claims against Knauf.

Banner objects to Section 4.8.4's interference with the Banner Settlement (among others) on two grounds. First, by purporting to limit the opportunity of a potential class member to participate in the Banner Settlement by conditioning such participation upon release of all claims against Knauf Defendants, this Settlement impermissibly interferes with a potential class member's opt-out rights. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848 & n. 24 (1999); *see also In re Inter-Op Hip Prosthesis Prod. Liab. Litig.*, 2001 U.S. App. LEXIS 25910 at *5 (6th Cir. Oct. 29, 2001). Second, and more fundamentally, the parties to this Settlement may not unilaterally interfere with the provisions of the Banner Settlement, a separately negotiated agreement involving parties represented neither by counsel for the Knauf Defendants nor by Settlement Class Counsel. *See, e.g., Berger v. Compaq Computer Corp.*, 257 F.3d 475, 482 (5th Cir. 2001) (adequacy of representation conditions of Rule 23(a) ensure that due process rights of absent class members and third parties are safeguarded).

### IV. BANNER'S RIGHT TO CLAIM OFFSET OF LIABILITIES BASED UPON AMOUNTS PAID TO CLAIMANTS BY THE KNAUF DEFENDANTS IS NOT LIMITED BY THE KNAUF SETTLEMENT.

The Knauf Settlement provides that entities that participated in the chain of distribution of KPT Chinese Drywall will not be released unless those entities' insurers settle with the Knauf Defendants. Section 3.2; *see also* Section 1.12, Section 1.48.1. In this respect, the Settlement is inconsistent with Florida law, which allows supply chain defendants to claim an offset of their obligations to those Class members who receive compensation from Knauf.

Under Florida Statute Section 46.015 and Florida Statute Section 768.041, upon showing the court that the plaintiff has delivered a written release or covenant not to sue, the defendant is

03609.61831/4525495.3

*entitled* to a setoff in the amount paid.  *See* Florida Statute Section 46.015 ("the court *shall* set off this amount") (emphasis added).  The theory of payment is irrelevant, since "[u]nlike the courts of other states, Florida courts have held that the full sum of an undifferentiated settlement of multiple tort claims should be applied against a judgment involving one of those claims against a nonparty to the settlement."  *In re Prudential of Fl. Leasing, Inc.,* 478 F.3d 1291 (11th Cir. 2007) (citing *Nauman v. Eason*, 572 So. 2d 982, 985 (Fla. Dist. Ct. of App. 1990)).  By the Settlement's own terms, the release granted by Class members is in satisfaction of their tort claims (*see* Section 16.3.3), and thus Florida law mandates setoff.

Banner objects to clarify that its right to claim an offset of its liabilities based upon the Knauf Defendants' payments to claimants against Banner is not abrogated by the Knauf Settlement.

### V. KNAUF MAY NOT USE THE SETTLEMENT TO SHIELD ITS ASSETS IN THE UNITED STATES FROM THIRD PARTIES.

The Settlement requires Knauf Insulation, the entity which the Knauf Defendants represent controls "substantially all" of their US assets (Section 18.2), to grant Settlement Class Counsel a first-priority lien over an unspecified amount of Knauf Insulation's property and assets to secure the Knauf Defendants' obligations under the Settlement.  *See* Section 17.1.2.  Once the properties and assets are pledged, the Settlement then prohibits any non-Class members, or Class members who opt out of the Settlement, from pursuing those properties or assets to satisfy any claims against the Knauf Defendants.  Section 17.1.9.

It is improper for the Knauf Defendants to insulate all of their US assets under the provisions of the Settlement.  The properties and assets covered by Section 17.1.9 are not being used to satisfy the Class members' claims, and are not part of any limited fund that must be protected by the Court.  By prohibiting Class members who opt out of the Settlement from

pursuing the only assets of the Knauf Defendants that are located within the United States, the Knauf Defendants have greatly raised the financial disincentives of opting out. "Limitations on the right to opt out," including "imposing significant financial disincentives on the right" to do so, "raise the due process concerns addressed in *Ortiz v. Fibreboard Corp.* . . . and *In re Telectronics Pacing Systems, Inc.*"  *In re Inter-Op Hip Prosthesis* at *1 (internal citations omitted).  The Settlement's attempt to shield these funds is also improper as to non-parties to the Settlement who have claims against the Knauf Defendants; with no access to the Settlement funds and now ostensibly prohibited from pursuing the Knauf Defendants' US assets, these individuals and entities have been cut off from their only potential source of compensation via an agreement in which they had no voice.

Banner objects to the Knauf Defendants' attempt to bar non-parties and Class members who choose to opt out of the Knauf Settlement from access to their only recourse within the United States with which to satisfy their claims.

WHEREFORE, Banner respectfully opposes the Knauf Settlement Motion and submits that this Court should not grant the relief requested therein unless the Knauf Settlement is modified or clarified as necessary to conform with the objections raised herein.

Respectfully submitted this 28th day of December, 2011.

**WEINBERG WHEELER HUDGINS GUNN AND DIAL, LLC**

*/s/ Nicholas P. Panayotopoulos*
**NICHOLAS P. PANAYOTOPOULOS, ESQ.**
Georgia Bar Number: 560679
3344 Peachtree Road, Suite 2400
Atlanta, GA 30326
Telephone (404) 876-2700
Fax: (404) 875-9433
npanayo@wwhgd.com

03609.61831/4525495.3

*Counsel for Banner Supply Company; Banner Supply Company Pompano, LLC; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; and Banner Supply International, LLC*

**PETERSON & ESPINO, P.A.**

*/s/ Michael Peterson*
**MICHAEL PETERSON, ESQ.**
10631 Southwest 88th Street, Suite 220
 Miami, Florida 33176
Telephone: (305) 270-3773
 Fax: (305) 275-7410
mpeterson@petersonespino.com
*Counsel for Banner Supply Company Port St. Lucie, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing Response and Objections to the Joint Motion of Proposed Settlement Class Counsel, the PSC, and the Knauf Defendants for an Order: (1) Preliminary Approving the Knauf Settlement; (2) Conditionally Certifying a Settlement Class; (3) Issuing Class Notice; (4) Scheduling a Fairness Hearing; and (5) Staying Claims as to the Knauf Defendants has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28th day of December, 2011.

            */s/ Nicholas P. Panayotopoulos*
            **NICHOLAS P. PANAYOTOPOULOS, ESQ.**

03609.61831/4525495.3