## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | **MDL NO. 09-2047** |
| | **SECTION L** |
| | **JUDGE FALLON** |
| THIS DOCUMENT RELATES TO ALL CASES | **MAG. JUDGE WILKINSON** |

### OBJECTIONS OF THE NORTH RIVER INSURANCE COMPANY
### TO THE PROPOSED KNAUF SETTLEMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant The North River Insurance Company ("North River") objects to the Joint Motion filed by the Plaintiffs' Steering Committee ("PSC") and the Knauf Defendants for an order preliminarily approving the Knauf settlement, conditionally certifying a settlement class, issuing class notice, scheduling a fairness hearing, and staying claims against the Knauf Defendants for the following reasons:

(1)     North River has not been provided adequate time to review the proposed Knauf settlement;

(2)     the proposed Knauf settlement appears to be releasing claims asserted by North River against the Knauf Defendants without the consent of North River and without providing anything in the exchange for the release of claims;

(3)     the proposed Knauf settlement purports to assign contractual rights against North River to persons or entities who are not insureds under the policies issued by North River to Interior Exterior Building Supply Co. ("INEX") in violation of the terms of the relevant policies; and

(4)     the documentation describing the proposed Knauf settlement does not adequately describe the "Prospective Insurer Agreement."

**1.     NORTH RIVER HAS NOT HAD ADEQUATE TIME TO REVIEW THE SETTLEMENT**

There have been rumors of a settlement between Knauf and the PSC for some time, and the documentation filed with the Court on December 20, 2011 shows that a substantial amount of work has been expended in reaching this point in the settlement process.  The day after the settlement agreement and a request for preliminary approval of the settlement was filed, the Court issued an order requiring any responses to the joint motion to be filed by Wednesday, December 28, 2011 – only five working days after the terms of the proposed settlement were made public.  While North River has worked diligently to review the proposed settlement, the intervening holidays has made it very difficult to fully review and analyze the eighty-one page settlement agreement and the hundreds of pages of exhibits attached to the agreement.  The Court cites no justification for such a limited opportunity to review the lengthy and complex settlement agreement and exhibits.  North River objects to the expedited review process and asks that it be given an adequate opportunity to review the agreement and lodge its objections

**2.     THE SETTLEMENT PURPORTS TO RELEASE CLAIMS BELONGING TO NORTH RIVER**

One thing that is clear from the settlement documentation is that North River is not a member of the proposed settlement class and will not receive the benefits of class members.  It is equally clear that the Knauf Defendants want an assignment of claims against North River that originally were held by INEX under four policies of insurance issued by North River to INEX and, if the assignment is approved, the Knauf Defendants can be expected to try to enforce the assigned rights (although North River does not agree that the assignment would be valid, as explained in the following section).

As the settlement agreement is written, however, it could be interpreted to provide that North River's claims against the Knauf Defendants are being released without North River's consent and without any consideration to North River.  The agreement defines the term "Settlement" in § 1.66 to provide for "resolving all claims against the Knauf Defendants."  The description of Released Claims in § 5.1.1 to include "any and all claims" against any Knauf entity being released "arising out of , in any manner related to, or connected in any way with KPT Chinese Drywall…."  Similarly, the bar order that is contained in § 12.1 of the agreement is intended to bar "any and all pending or future claims against the Knauf Defendants and Other Releasees arising from, or otherwise relating to KPT Chinese Drywall."  Even the joint memorandum of law in support of the agreement asserts that the "proposed global settlement now before the Court for preliminary approval is intended to resolve claims made in filed actions, which arose out of KPT Chinese Drywall installed in properties in the United States" (p. 3).

None of these provisions are limited to a release of and bar against claims asserted by the proposed class members against the Knauf Defendants.  Instead, the agreement reads that it will resolve all claims against the Knauf Defendants and other Released Parties regardless of who is asserting those claims.  If it is the intent of the PSC and the Knauf Defendants to obtain a release of North River's claims against the Knauf Defendants without North River's consent and involvement, and without any benefit to North River, then North River objects.  The PSC and the Knauf Defendants have provided no authority or justification for such a blatant disregard of North River's rights.  If the intent is not to release claims asserted by North River against the Knauf Defendants, then the settlement documentation should be revised to make that clear.

3. **THE SETTLEMENT PURPORTS TO ASSIGN CLAIMS UNDER POLICIES ISSUED BY NORTH RIVER**

As part of the proposed Knauf settlement, various plaintiffs in this MDL will be required to assign potential insurance coverage under policies issued by North River to Interior Exterior Building Supply Co. ("INEX") to the Knauf Defendants to allow those assignees to pursue claims directly against North River (§ 4.82). The claims that are proposed to be assigned to the Knauf Entities are claims that are proposed to be assigned by INEX to the Plaintiffs as part of a settlement between those parties. North River has previously filed its objection to the proposed assignment from INEX to the Plaintiffs.

The policies issued by North River to INEX contain provisions expressly prohibiting assignment of policy rights to third parties without the consent of North River. North River has not been asked to consent to such an assignment and has not consented to such an assignment. North River objects to any proposed assignment of its policy rights to third parties.

4. **THE PROSPECTIVE INSURER AGREEMENT IS NONEXISTENT AND UNEXPLAINED**

The settlement agreement defines the term "Prospective Insurer Agreement" in § 1.54, and the term is mentioned in other locations in the settlement agreement. North River believes that no such agreement is presently in place, and the settlement agreement does not adequately describe what the agreement will be or what it is intended to achieve. North River does not believe that it is included within the scope of the Prospective Insurer Agreement based on the definition in § 1.54, but North River objects to the Prospective Insurer Agreement because it is not adequately defined and its effect on the overall settlement cannot be determined.

**RELIEF REQUESTED**

For the foregoing reasons, The North River Insurance Company asks that approval of the proposed settlement between the PSC and the Knauf Entities be denied or, alternatively, that any

provision that purports to (1) release claims by North River against one or more of the Knauf Defendants, (2) assign claims under the policies of insurance issued by North River, or (3) include North River within the scope of the Prospective Insurer Agreement be stricken from the settlement agreement.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS LLP


By:      _____/s *Eric B. Berger*_____
         BRIAN S. MARTIN, ESQ.
         KEVIN RISLEY, ESQ.
         RODRIGO "DIEGO" GARCIA, JR., ESQ.
         One Riverway, Suite 1600
         Houston, Texas 77056
         Phone: (713) 403-8206
         Fax:  (713) 403-8299
         bmartin@thompsoncoe.com


         LOBMAN CARNAHAN BATT ANGELLE
         & NADER

         SIDNEY J. ANGELLE, ESQ.
         La. Bar No. 1002
         ERIC B. BERGER, ESQ.
         La. Bar No. 26196
         400 Poydras Street, Suite 2300
         New Orleans, Louisiana 70130
         Phone: (504) 586-9292
         Fax:   (504) 586-1290
         sja@lcba-law.com
         ebb@lcba-law.com

         ATTORNEYS FOR THE NORTH RIVER
         INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on December 28, 2011.

            _____/s Eric B. Berger_____
            ERIC B. BERGER