UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED ) <br> DRYWALL PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> *Benoit v. LaFarge, S.A., et al.* ) <br> (Case No. 11-1893) ) <br> _____) | MDL NO. 2047 <br><br> SECTION L <br><br><br> JUDGE FALLON <br><br> MAG. JUDGE WILKINSON |

**SHAMROCK BUILDING MATERIALS, INC. d/b/a SHAMROCK TRADING'S MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1)</u>**

Defendant SHAMROCK BUILDING MATERIALS, INC. d/b/a SHAMROCK TRADING (hereinafter "Shamrock" or "Defendant"), by and through its undersigned counsel, hereby moves to dismiss the above-captioned case pursuant to Federal Rule of Civil Procedure 12(b)(1), and without waiver of any defenses with respect to personal jurisdiction, and states as follows:

1. Defendant's correct name is Shamrock Building Materials, Inc. *See* Oregon Secretary of State Business Registry Business Name Search for Shamrock Building Materials, Inc., attached hereto as Exhibit A.

2. Defendant has operated under the fictitious names Shamrock Trading, Shamrock Steel, Shamrock Lumber, Shamrock Steel II, and Shamrock Trading Santa Rosa. (*See* Exhibit B).

3. Defendant has never operated under the name Overseas Building Supply, L.C.

4. Overseas Building Supply, L.C. is a dissolved Florida limited liability company with no relationship to Defendant Shamrock. *See* Florida Department of State Detail by Entity Name for Overseas Building Supply, L.C., attached hereto as Exhibit C.

5. The Plaintiffs have incorrectly named "Shamrock Building Materials, Inc. d/b/a Shamrock Trading and Overseas Building Supply, L.C." as a defendant in the instant suit. Such an

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION - MDL NO. 2047
Page 2

entity does not exist, as Shamrock has never operated under the name Overseas Building Supply, L.C.

6. Counsel for Shamrock has contacted the Plaintiffs' Steering Committee on several occasions to attempt to correct the error. On August 22, 2011, Shamrock counsel Edward Briscoe wrote to PSC counsel Russ Herman, explaining that the complaint in this matter incorrectly named Defendant Shamrock, and requested that the complaint be amended to reflect the proper name of Shamrock and to add Overseas Building Supply, L.C. as a separate defendant. (*See* Exhibit D). On November 3, 2011, Shamrock counsel Elizabeth Ferry spoke with PSC counsel Jeremy Epstein, explaining again the misnomer and requesting amendment of the complaint. Finally, on December 22, 2011, Shamrock counsel Elizabeth Ferry again spoke with PSC counsel Jeremy Epstein, repeating the request for an amendment to correct the name of Defendant Shamrock. No response has been received to date to any of these communications.

### ARGUMENT

This action should be dismissed as to Defendant "Shamrock Building Materials, Inc. d/b/a Shamrock Trading and Overseas Building Supply, L.C." for lack of subject-matter jurisdiction because there is no such legal entity. (*See* Ex. A). The misnomer of a corporation is a fatal defect that supports dismissal when the issue is raised in a motion to dismiss. *See, e.g., United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947) (holding that a corporation has the "right to be accurately named in process and pleadings of the court; and misnomer was properly raised by motion to dismiss."); *Stellar Ins. Group, Inc. v. Central Companies, LLC*, 2006 U.S. Dist. LEXIS 75801, at *11-12 (W.D. N.C. Sept. 12, 2006) (granting defendant's motion to dismiss pursuant to Rule 12(b)(1) where the defendant sued was not a legal entity).

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION - MDL NO. 2047
Page 3

The misnomer of the Defendant is not a trivial technicality because Overseas Building Supply, L.C. is a totally separate legal entity which is unrelated to Shamrock Building Materials, Inc. Plaintiffs erroneously conflate the two entities in their Complaint, intentionally or unintentionally, and such confusion and misnomer is highly prejudicial to Shamrock Building Materials, Inc.

The evidence is undisputed that "Shamrock Building Materials, Inc. d/b/a Shamrock Trading and Overseas Building Supply, L.C." is not a legal entity and was improperly named and served in this litigation. Plaintiffs have been so advised, but have made no attempt to take any corrective measures, or file a motion to amend, and have not indicated to Shamrock Building Materials, Inc. that they intend to do so. Accordingly, this Motion to Dismiss should be granted.

Respectfully submitted,

/s/ Edward J. Briscoe
Edward J. Briscoe
Fla. Bar No. 109691
ebriscoe@fowler-white.com
Helaine S. Goodner
Fla. Bar No. 462111
hgoodner@fowler-white.com
Elizabeth J. Ferry
Fla. Bar No. 43823
eferry@fowler-white.com
FOWLER WHITE BURNETT, P.A.
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:     (305) 789-9201
*Counsel for Shamrock Building Materials, Inc.
d/b/a Shamrock Trading*

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION - MDL NO. 2047
Page 4

## CERTIFICATE OF SERVICE

We hereby certify that the above and foregoing has been served this 9th day of January, 2012, via email upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, and upon all other parties by electronically uploading same to LexisNexis File & Serve in accordance with Pretrial Order 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with procedures established in MDL 2047.

/s/ *Edward J. Briscoe*
Edward J. Briscoe