UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
|  | SECTION:  L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| Sean and Beth Payton, et al. v. Knauf Gips, KG, et al. Case No. 2:09-cv-07628-EEF-JCW | MAG. JUDGE WILKINSON |
| Robert W. Block, III, et al. vs. Gebrueder Knauf Verwaltungsgesellschaft, K.G., et al. Civil Action No. 11-01363 |  |
| Donald Gross, et al. v. Knauf Gips, KG, et al. Case No. 09-6690 |  |
| Laura Haya, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al. Civil Action No. 11-1077 |  |
| Joyce W. Rogers, et al. v. Knauf Gips, KG, et al. Case No. 10-362-L |  |
| Kenneth and Barbara Wiltz v. Beijing New Building Materials Public Limited Co., et al. Case No. 2:10-CV-00361 |  |

......................................................

## DECLARATION OF DAVID PELLETZ IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

David Pelletz, pursuant to 28 U.S.C. § 1746, under penalty of perjury declares:

1. I am the President of Defendant Standard Pacific of South Florida GP, Inc. Standard Pacific of South Florida GP, Inc. is one of the General Partners of Defendant Standard Pacific of South Florida, a Florida General Partnership. I am also the President of

Defendant Standard Pacific of Southwest Florida GP, Inc. and Standard Pacific of Tampa GP, Inc. These entities are collectively referred to herein as "Defendants."

2.    I either have personal knowledge of all matters stated herein or have verified the truth of all statements by reviewing corporate records of Defendants or consulting with appropriate officers or employees of Defendants.

3.    Defendants have their principal places of business in Florida and are engaged in the business of building residential homes in Florida.

4.    Defendants are not incorporated in Louisiana; nor are they qualified to do business in Louisiana. Defendants have no subsidiaries incorporated or qualified to do business in Louisiana.

5.    None of Defendants' officers or employees reside or are domiciled in the State of Louisiana.

6.    Defendants have not contracted with persons residing in Louisiana to act on their behalf with respect to marketing any of the homes built by Defendants.

7.    Defendants have no branch offices or comparable facilities in Louisiana, and have no telephone listings or mailing addresses in Louisiana. Defendants have no bank accounts or other tangible personal or real property in Louisiana.

8.    Defendants do not direct any of their advertising specifically towards Louisiana residents, nor do they advertise in any publications that are directed primarily towards Louisiana residents.

9.    No meetings of Defendants' officers or employees have been held in Louisiana; and none of their officers or employees have attended business conferences or other similar functions on behalf of Defendants within the State of Louisiana.

10.     The acts or omissions for which Defendants are sought to be held liable in this action, as described in the Omnibus Class Action Complaint, all occurred outside of Louisiana.

11.     It would be unreasonable to require Defendants to defend this action in courts within Louisiana because of the burden on Defendants of litigating in a distant forum and the availability of an alternate forum within the State of Florida.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10 day of January , 2012.

DAVID PELLETZ