**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

MDL NO. 09-2047

**SECTION L**
**JUDGE FALLON**
**MG. JUDGE WILKINSON**

THIS DOCUMENT RELATES TO:

*Hobbie et al*
*v.*
*RCR Holdings II LLC, et al.;*

*Case No. 10-1113*

______________________________________________/

**DEFENDANT'S, RCR HOLDINGS II, LLC'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant, RCR HOLDINGS II LLC, (hereinafter "RCR"), by and through its undersigned counsel, and pursuant to pursuant to Fed. R. Civ. P. 12(b)(6), hereby files its Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint, and for the reasons set forth in this Memorandum, the Court should grant Defendant's Motion.

## INTRODUCTION

Plaintiffs, HOBBIE, have instituted the instant action on behalf of herself, other named Plaintiffs and purported class members, for damages alleged to have occurred as a result of the installation of allegedly defective Chinese manufactured drywall in their respective homes. This suit was initially filed in Circuit Civil Court in Palm Beach County, Florida in 2009, and removed and/or

transferred thereafter to the above multidistrict litigation. A Motion to Dismiss was filed on behalf of RCR in state Court on March 5, 2010. (See Exhibit A) Since such time, the initial complaint has been amended, and said Motion to Dismiss addressed additional claims made against RCR. As such, the foregoing Motion to Dismiss and Memorandum of Law amends and/or supplements the arguments set forth in such initial Motion to Dismiss.

Villa Lago at the Renaissance Commons (hereinafter "Villa Lago") is a condominium association governed by Florida law as same was created in accordance with and/or flowing from Florida Statue 718. (*See* Second *Am. Compl.* at ¶¶ 2-122, 124, 154 & Count V, sounding in Breach of Express Warranty of Fitness and Merchantability arising out of Florida Statute 718.203(1)).

The Plaintiffs have sued Defendant, RCR, the developer of Villa Lago and seller of units at the condominium association known as Villa Lago, which is the entity which has contractual privity with each of the Plaintiff unit owners. (*See* Second *Am. Compl.* at ¶¶ 2-122, 124, 154 & Count V, sounding in Breach of Express Warranty of Fitness and Merchantability arising out of Florida Statute 718.203(1)).

The Second Amended Complaint sets forth the following five (5) causes of action against RCR:

(1) Count I- Strict Liability;
(2) Count II- Negligence- Property Damage;
(3) Count III – Alternative Pleadings of Breach of Warranty of Fitness;
(4) County V - Breach of Express Warranty of Fitness and Merchantability, Florida Statute 718.203(1); and
(5) Count VI – Nuisance.

However, these causes of action are facially defective and subject to dismissal as a matter of law.

## I. <u>THE COURT SHOULD DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>

### 1. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 550 (2007)). A pleading that offers "labels" and conclusions" or a "formalistic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of further factual enhancement." *Id.* (internal citations omitted).

### 2. The Second Amended Complaint Does Not Distinguish Between the Conduct of Separate Defendants And Therefore Is In Violation of Fed. R. Civ. P. 8, & All Counts Should be Dismissed

Fed. R. Civ. P. 8(a) requires that a pleading provide "a short plain statement of the claim showing that the pleader is entitled to relief." Throughout the entire Second Amended Complaint, but for Count V, (Breach of Express Warranty of Fitness and Merchantability, Fla. Stat. 718.203(1)), Plaintiffs refer to the Defendants in Counts I, II, III and VI, collectively as "Defendants," and have failed to provide a factual basis to differentiate the conduct of Defendant, RCR, with any other Defendants named, **Coastal Construction of South Florida, Inc., Precision Drywall, Inc., La Suprema Enterprises, Inc., La Suprema Trading, Inc., Banner Supply Company, Inc., Banner Supply Company Pompano, L.L.C, Banner Supply Company Tampa, L.L.C., Banner Supply Company Fort Myers, L.L.C., and Banner Supply Company Port St. Lucie, L.L.C**. By framing

their pleading in this manner, the Plaintiffs have failed to provide each defendant with adequate notice as to what it did wrong. *See Lane v. Capital Acquisitions and Management Co.*, 2006 WL 4590705 (S.D. Fla. April 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the . . . Complaint fails to satisfy the minium standard of Rule 8"); *Vanzandt v. Oklahoma Dept. of Human Services*, 276 Fed. Appx. 843, 849 (10th Cir. 2008)("This Court, however, does not need to speculate as to the identity of the Defendants these allegations are levied against as 'the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants'")(citations omitted). Federal courts have routinely determined that dismissal is an appropriate remedy for violation of Rule 8. *See e.g. Pro Image Installers, Inc. v. Dillon*, 2009 WL 112953 (N.D. Fla. Jan. 15, 2009). At this juncture and without more factual allegations, the Defendant, Albanese, cannot respond to the Amended Complaint. Accordingly, the Court should dismiss the Second Amended Complaint.

**3. Plaintiffs' Second Amended Complaint is in Essence a Shotgun Pleading and Should be Dismissed**

Plaintiffs' Amended Complaint contains five counts made up of over 199 separate paragraphs and each count begins with the allegation that "Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein." Federal courts define a shotgun pleading as one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation whether most of the counts (i.e. all but the first) contain irrelevant factual allegations and legal conclusions." *Kelso v. Big Lots Stores, Inc.*, 2009 WL 3200654 at *2 (M.D. Fla. Sept. 30, 2009)(*quoting Strategic Income Fund, L.L.C. v. Spear, Leads & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Courts have historically viewed this type of pleading in a negative light and have not tolerated it. *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir.2001) (Shotgun pleadings, if

tolerated, harm the court by impeding its ability to administer justice.); *Anderson v. District Bd. of Trs. of Central Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir.1996) (Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice). This is exactly the situation presented with the instant Second Amended Complaint, as each count technically contains the general allegations as well as irrelevant legal conclusions from the preceding counts. Accordingly, the Court should dismiss the Amended Complaint and require Plaintiffs to properly plead its Complaint.

**4. The Plaintiffs' Tort Claims for Economic Damages Are Barred by the Economic Loss Rule & Therefore The Torts Claims Must Be Dismissed**

Count I (strict liability), Count II (negligence – property damage), Count III (alternative pleadings of breach of warranty of fitness), and Count VI (nuisance) each attempt to state a cause of action in tort for economic damages against Defendant, RCR, despite the existence of a written contract between RCR and Plaintiffs. (*Am. Compl. at* ¶ 141, 152, & 155(b), 156 & 167) However, as pled, such claims should be barred fully or limited by the Court to those damages for bodily injury or "other property" which the Plaintiffs can allege with specificity. In Florida, there is a general prohibition against tort actions to recover purely economic damages for those parties in contractual privity and where a defendant has not committed a breach of duty apart from an alleged breach of contract. *See e.g. Indemnity Ins. Co. of N. America v. American Aviation, Inc.*, 891 So.2d 532, 536-37 (Fla. 2004). "[W]hen the parties are in privity, contract principles are generally more appropriate for determining remedies for consequential damages that the parties have, or could have, addressed though their contractual agreement." *Id.* In its January 13, 2009 Order & Reasons (D.E. 741), this

Court has already concluded as follows:

> [i]n their capacity as defendants, whether the Homebuilders will be susceptible to Plaintiffs' tort claims for economic loss is determined by the contractual privity ELR established by the Florida Supreme Court in *Indemnity Insurance Co. of North America v. American Aviation, Inc.*, 891 So. 2d 532 (Fla. 2004) . . . The Homebuilders and Plaintiffs are in privity of contract because they entered into contracts for the sale of the homes containing the Chinese drywall. Accordingly, under the contractual privity ELR, the terms of those contracts will generally determine the remedies available to the Plaintiffs.

First, in their Second Amended Complaint Plaintiffs have not alleged any conduct and/or tort on the part of the Defendant which would be separate and apart of the parties' contractual agreement (fn1) and, accordingly, such claims sounding in tort are barred. *Premix-Marbletite Manufacturing Corp. v. SKW Chemicals, Inc.*, 145 F. Supp. 2d 1348, 1359 (S.D. Fla. 2001)("when the actions complained of relate directly to the subject matter of the parties' agreement, or are interwoven with the agreement, no independent tort exists and the economic loss rule applies." The same factual allegations are incorporated in the negligence claim, the breach of contract and breach of warranty claims. Therefore, there is no separate tort pled against RCR. *See John Brown Automotive, Inc. v. Lewis J. Nobles*, 537 So.2d 614 (Fla. 2d DCA 1988) (tort claims that were inherent and inextricable from the events constituting breach of contract should have been dismissed). The Defendant, RCR, sold a residential condominium unit to each Plaintiff, not individual sheets of drywall. (See Exhibit B, an exemplar contract by and between RCR and each Plaintiff which supports the fact that a

---

1 Interestingly, in Plaintiffs' lawsuit, they each allege they own a residential unit at Villa Lago, provide and address for such residences in paragraphs 2-122, and each allege a cause of action against RCR sounding in breach of warranty flowing from Florida Statute 718.203(1), but fail to acknowledge that they each could of only gained ownership and title to such real property via a contract for sale of such real property. Additionally, the only way a cause of action exists under Florida Statute 718.203(1) is by the developer passing ownership of such residence to the first purchaser of such condominium unit, as only the initial purchaser from the developer obtains rights under Florida Statute 718.203(1). As the Plaintiffs must prove ownership of the property to support a cause of action sounding in Fla. Stat. 718.203(1), a contract with RCR must be produced and attached to the complaint.

completed residential condominium unit is what was purchased by the each Plaintiff from RCR, and sold to each Plaintiff by RCR)(See Fn 2 as to the attachment and inclusion of such exemplar contract in support of Defendant RCR's Motion to Dismiss).

Secondly, all Plaintiffs seek economic damages for "extensive reconstruction and repairs, and will incur repair and replacement costs, repairs for appliances, medical expenses, incidental, and other related expenses along with economic damages, including alternative living arrangements, damage to real and personal property such a jewelry appliances and fixtures, diminution in value, lost rental income, loss of use, loss of credit and other economic damages" as a direct result of acts and omissions of RCR. (*Am. Compl.* at ¶ 176, 182, 186, 208, 209 and 214). All of these alleged damages are barred by the economic loss rule. In defining economic loss, the Florida Supreme Court has concluded that the following types of damages would be barred by the economic loss rule: inadequate value, costs of repair and replacement of the defective product, or consequential loss of profits, and diminution in value of the product. *Casa Clara Condominium Association, Inc. v. Charley Toppino and Sons, Inc.*, 620 So.2d 1244, 1246 (Fla. 1993) ("*Casa Clara"*). Accordingly, as set forth under Florida law, the Court should bar the Plaintiffs' claims for economic damages under the foregoing counts sounding in tort.

Thirdly, even if Plaintiffs could allege a tort independent of the parties' contract, Plaintiffs could, at most, potentially recover only non-economic damages to other property and for personal injury. *See generally Casa Clara, supra* (recognizing that economic loss rule barred tort action where there was no personal injury or damage to other property other than the product itself). However, at this juncture, Plaintiffs cannot support their claim for damages to other property. In discussing the concept of "other property," the Florida Supreme Court in *Casa Clara*, supra, 620 So.2d at 1246 held:

> [t]he character of the loss determines the appropriate remedies, and, to determine the character of a loss, one must look to the product purchased by the plaintiff, not the product sold by the defendant. *King v. Hilton-Davis*, 855 F.2d 1047 (3d Cir. 1988) Generally, house buyers have little or no interest in how or where the individual components of a house are obtained. They are content to let the builder produce the finished product, i.e. a house. The homeowners bought finished products-dwellings-not the individual components of those dwellings. They bargained for the finished products, not their various components.

The court in *Casa Clara* concluded that the concrete at issue became an integral part of the finished product, the house, and, therefore, there was no damage to other property to exclude application of the economic loss rule. The same can be said in the instant case, as the drywall is an integral part of the ultimate product purchased by the Plaintiffs, their house. Plaintiffs have made no specific allegations relating to "other property," damages which was acquired independently from the purchase of the subject home. *See also Fishman v. Bolt*, 666 So.2d 273 (Fla. 4th DCA 1996)(finding that product purchased by appellants was a home, with all component parts, including the seawall, pool, and patio, and, therefore, pool, patio and home were not other property to exclude application of economic loss rule.). Accordingly, at this point, the Plaintiffs cannot maintain their claims for damage to other property.

In light of the foregoing, because the subject parties are actually in privity of contract and the allegations set forth in the Second Amended Complaint do not support an independent tort, the Court either should bar such tort claims wholly, or limit recoverable damages to personal injury and/or damage to other property only if the Plaintiffs can specifically articulate other property, aside from the product, the home, purchased from this Defendant builder.

### 5. Count I of the Second Amended Complaint Fails to State a Claim for Strict Liability & Should Be Dismissed

In order to establish a cause of action for strict liability, a plaintiff must allege and prove (1) the manufacturer's relationship to the product in question; (2) facts identifying a particular defect; (3) an unreasonably dangerous condition in that the product and the existence of the product ultimately caused the user's injuries; and (4) facts to establish that the product was expected to and did reach the ultimate user or consumer without substantial change in the condition in which it was sold. *West v. Caterpillar Tractor Co.*, 336 So.2d 80 (Fla. 1976).

Herein, Plaintiffs have failed to allege facts specific to the case at bar, opting instead to make the general sweeping allegations that "One who sells any product in a defective condition unreasonably dangerous to the user or consumer, or to his property, if (a) the seller is engaged in the business of selling a product, and (b) is expected to and does reach the user or consumer without substantial change in the condition in which it is sold, is strictly liable for the damages sustained by Plaintiffs and Class Members. *Am. Compl.* at ¶¶ 166-175. Plaintiffs have only alleged that RCR sold the residential units to the Plaintiffs, and that RCR is a builder of residential condominiums in Palm Beach County, Florida, and, as such, strict liability is not a claim available against Defendant, RCR, because RCR merely sold the residential units and was not the manufacturer, distributor or seller of the drywall product at issue. *Am. Compl.* at ¶¶ 124 & 167. *See Ugaz v. American Airlines, Inc.*, 576 F. Supp.2d 1354, 1374 (S.D. Fla. 2008)(explaining that in Florida proper defendants to a strict liability claim are manufacturers, retailers, wholesalers, and distributors); *Plaza v. Fisher Development, Inc.*, 971 So.2d 918 (Fla. 3d DCA 2007)(applying the doctrine of strict liability to retailers, wholesalers, and distributors); *Cintron v. Osmose Wood Preserving, Inc.*, 681

So.2d 859 (Fla. 5th DCA 1996); *Visnoski v. JC Penny Company*, 477 So.2d 29 (Fla. 2d DCA 1985)(doctrine of strict liability applies to retailer, distributor, and seller).

Further, even if Plaintiffs could allege a claim for strict liability, such a claim is barred and improper as Florida has mandated that strict liability is inapplicable to structural improvements to real estate. *See Neuman v. Davis*, 433 So.2d 559 (Fla. 2d DCA 1983); *see also Plaza v. Fisher Development*, 971 So.2d at 918. In determining whether something is a product or a structural improvement to real property, Florida courts have looked to several factors including, but not limited to, whether a structure can be disassembled and resold, *Pamprin v. Interlake Companies, Inc.*, 634 So.2d 1137 (Fla. 1st DCA 1994); whether it adds value to property or ameliorates its condition, whether it is intended to enhance its value, beauty or utility, *Plaza v. Fisher Development, Inc.*, *supra*, 971 So.2d 918; and whether it is available for purchase in the sense that it is offered in the stream of commerce, *Easterday v. Masiello*, 518 So.2d 260 (Fla. 1988). Considering the factors, the drywall is clearly a structural improvement to the subject homes at issue and, therefore, a claim for strict liability cannot lie against Defendant, RCR. Accordingly, the Court should dismiss Count I of the Second Amended Complaint with prejudice.

### 6. Count II of the Amended Complaint fails to State a Claim for Negligence & Should Be Dismissed

Additional grounds for dismissal of Count II of the Complaint exist as Plaintiffs have failed to state a claim for negligence. A prima facie case of negligence requires that the plaintiff prove that the defendant had a legal duty, the defendant breached that duty, the breach proximately caused the plaintiff's injury and the plaintiff incurred damages as a result of the defendant's breach, *Gibbs v. Hernandez*, 810 So.2d 1034 (Fla. 4th DCA 2002), and failure to establish one of these elements is fatal. *Hansenfus v. Secord*, 962 F.2d 1566 (11th Cir. 1992). Plaintiffs' generally allege that

"Defendants owed a duty to Plaintiffs and Class Members to exercise reasonable care in a) constructing the residences… to insure that they were constructed with materials that would not harm the inhabitants… b)..had a duty to warn Plaintiffs and Class members about any unsafe materials used in the construction of the Residences… and, c) breached their duty to exercise reasonable care in constructing the Residences by failing to investigate whether the Chinese Drywall would harm inhabitants or warn Plaintiffs that the residences contained Chinese Drywall. *Am. Compl.* at ¶ 178 & 179. Such general allegations are insufficiently pled as same are made with regard to all named Defendants. Plaintiffs' allegations are mere legal conclusions that do not contain sufficient allegations of ultimate facts to establish any duty or breach thereof by Defendant, RCR, which proximately resulted in damages to the Plaintiffs. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (2009)(A pleading that offers "labels" and "conclusions" or a "formalistic recitation of the elements of a cause of action will not do.").

Further grounds for dismissal of this Count exist in that Defendant, RCR had no duty to warn the Plaintiff, as the product at issue, drywall, is not inherently dangerous. See *O'Connor v. Kawasaki Motors Corp.*, 699 F. Supp. 1538, 1542 (S.D. Fla. 1988)(dismissing negligence count after finding that duty to warn exists only when the product is inherently dangerous and jet ski was not included in small group of products (highly toxic materials, second hand guns, and drugs) which were considered in this category). While Plaintiffs do not even allege that drywall is inherently dangerous, given that drywall does not fall within the limited types of products previously found to be inherently dangerous, the Court should conclude that Defendant, RCR owed no duty to warn.

Because the Plaintiffs have not set forth the proper factual predicate for a claim sounding in negligence against Defendant, RCR, nor can they maintain their position that the Defendant had a duty to warn, Count II of the Second Amended Complaint must be dismissed.

**7. Counts III and V of the Second Amended Complaint Fail to State Claims for Breaches of Warranties & Both Counts Should Be Dismissed**

Counts III and V attempt to state claims against Defendant, RCR, for breach of warranty of fitness and breach express warranty of fitness and merchantability, respectfully.

As the Plaintiffs have failed to state they are in privity with RCR, such Counts are not properly plead, and such Counts must be dismissed in general, and dismissed with prejudice, if any of the Plaintiffs cannot affirmatively state each has contractual privity with Defendant, RCR. *See Weiss v. Johansen*, 898 So.2d 1009 (Fla. 4th DCA 2005)(Florida law requires that in order to maintain a cause of action for breach of warranty, express or implied, the parties must be in privity of contract); *Intergraph Corp. v. Stearman*, 555 So.2d 1282, 1283 (Fla. 2d DCA 1990)("Privity is required in order to recover damages from the seller of a product for breach of express or implied warranties"); *Elizabeth N. v. Riverside Group, Inc.*, 585 So.2d 376, 378 (Fla. 1st DCA 1991) ("A warranty, whether express or implied, is fundamentally a contract. A contract cause of action requires privity").

Additionally, in Counts III and V, Plaintiffs have failed to identify the specific express warranty that was allegedly violated by Defendant, RCR. Without more facts, Defendant cannot adequately respond to the allegations, nor have Plaintiffs adequately pled such claim.

As the Plaintiffs have failed to properly set forth causes of action sounding in breach of warranty, the Court must dismiss Counts III and V, and order, within a time certain, that Plaintiffs who have contractual privity with RCR, set forth same and attach such contract as an exhibit to the complaint.

Moreover, as to Count V, Plaintiffs have failed to allege the date the certificate of occupancy was issued for the residential units located at 1690 Renaissance Common Blvd., Boynton Beach, Florida, 33426. *Am. Compl.* at ¶ 139. Given same, Plaintiffs have failed to properly set forth the completion date of such building and therefore have not properly set forth a cause of action sounding in breach of warranty flowing from Florida Statute 718.203(1) as to those Plaintiffs whose condominium units are located at such address. See in general *Am. Compl.* at ¶¶ 2 -122.

Count V also fails to state a cause of action flowing from Florida Statute 718.203(1) because same requires that the "warranties" are "**conditioned upon routine maintenance being performed, unless the maintenance is an obligation of the developer or a developer-controlled association**". See Fla. Stat. 718.203(4) The performance of routine maintenance is an action required of the Plaintiffs once they take ownership of the residential unit. As the Plaintiffs have failed to properly allege that each of them performed routine maintenance of the residence, drywall and/or observed areas of corrosion, the Plaintiffs have failed to state a cause of action sounding in a breach of warranty flowing from Florida Statute 718.203(1) & (4), and the Court must dismiss Count V.

As to the contracts[2] between RCR and Plaintiffs, which facilitates the ownership of each condominium unit at issue in this suit, and the passage of title, each disclaims all express and implied warranties. Each of the contracts by and between RCR and each of the Plaintiffs contain the

---

[2] Defendant, RCR, has attached to this Memorandum of Law, as Exhibit B, an exemplar written Agreement for Sale, of a Villa Lago Condominium, between RCR and the plaintiffs/class representative, Hobbie. (All personal information has been redacted). Although Plaintiffs failed to attach said Agreement, federal courts have held that a document that a defendant attaches as an exhibit to a motion to dismiss may be considered by the court if a plaintiff's claims are based upon such document. *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d. Cir. 1993); *see also Cortec Industries v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d. Cir. 1991) (where a plaintiff fails to attach to a complaint a document which it relies on and which is integral to the complaint, the defendant may produce such document when attacking the complaint. In the instant case, Plaintiffs are suing defendant for breach of warranty and, therefore, the contract is material and should be considered by the Court.

following language:

> **<u>25. FLORIDA LAW; SEVERABILITY; INTERSTATE LAND SALES EXEMPTION</u>.**
>
> Any disputes that develop under this Agreement will be settled according to Florida law. Seller's obligation to perform pursuant to this Agreement may be nullified without Penalty or modified without consideration by circumstances beyond Seller's control, such as acts of God, war, civil unrest, imposition by a governmental authority of a moratorium upon construction of the Unit or the providing of utilities or services which are essential to such construction, casualty losses **or material shortages** or any other grounds cognizable in Florida contract law as impossibility or frustration of performance...
>
> **<u>28. WARRANTY; DISCLAIMER OF IMPLIED WARRANTIES</u>**
> At closing, Buyer will receive the statutory warranties imposed by the Florida Condominium Act.
>
> To the maximum extent lawful, all implied warranties of fitness for a particular purpose, merchantability and habitability, all warranties imposed by statute (except only those imposed by the Florida Condominium Act to the extent they cannot be disclaimed and to the extent they have not expired by their terms) **and all other implied or express warranties of any kind or character are specifically disclaimed**. Seller has not given and the Buyer has not relied on or bargained for any such warranties, either with respect to any portion of the Condominium Property and/or Villa Lago Project.
>
> **As to any implied warranty which cannot be disclaimed entirely, all secondary, incidental and consequential damages are specifically excluded and disclaimed** (claims for such secondary, incidental and consequential damages being clearly unavailable in the case of Implied Warranties which are disclaimed entirely above).

*See* Ex. B, ¶ 25 & 28 [Emphasis Added]. Further, exhibits control over inconsistencies in a complaint, and in the instant case, render such allegations in Counts III and V a nullity. *Crenshaw v. Lister*, 225 F.3d 1283, 1292 (11th Cir. 2009)("It is the law in this Circuit that when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.")(internal

quotations and citations omitted).

Florida courts routinely enforce contractual provisions disclaiming warranties. *Ocana v. Ford Motor* Co., 992 So.2d 319 (Fla. 3d DCA 2008); *Belle Plaza Condominium Association, Inc. v. B.C.E. Dev., Inc.*, 543 So.2d 239, 240 (Fla. 3d DCA 1989("clear that [defendant] properly disclaimed by a bold and conspicuous disclaimer any and all express or implied warranties"); *Makers, Inc. v. American Airlines, Inc.*, 513 So.2d 700 (Fla. 3d DCA 1987); *Xenographic Supplies Corp. v. Hertz Commercial Leasing Corp.*, 386 So.2d 299 (Fla. 3d DCA 1980). Further, it is a basic tenet of Florida law under the Uniform Commercial Code that a "seller may disclaim warranties as long as the buyer reasonably understands this is being done." *Rose v. ADT Security Services, Inc.*, 989 So.2d 1244 (Fla. 1st DCA 2008) (*citing Knipp v. Weinbaum*, 351 So.2d 1091, 1084-85 (Fla. 3d DCA 1977)). Additionally, Florida courts maintain that one who signs a document is presumed to know, and cannot deny, its contents. *Nationwide Property and Cas. Ins. Co. v. Marchesano*, 482 So. 2d 422 (Fla. 2d DCA 1985). The disclaimer above, which is contained in the each of the contracts executed by the Plaintiffs and Defendant, fully complies with the law governing warranty disclaimers and the Court should enforce such provision.

As stated above, with respect to the warranty claims asserted by Plaintiffs for breach of any express warranties set forth in Counts III and V, those Plaintiffs who are <u>not</u> in privity of contract with Defendant, RCR, Counts III and V must be dismissed with prejudice. *See Weiss v. Johansen*, 898 So.2d 1009 (Fla. 4th DCA 2005)(Florida law requires that in order to maintain a cause of action for breach of warranty, express or implied, the parties must be in privity of contract); *Intergraph Corp. v. Stearman*, 555 So.2d 1282, 1283 (Fla. 2d DCA 1990)("Privity is required in order to recover damages from the seller of a product for breach of express or implied warranties"); *Elizabeth N. v. Riverside Group, Inc.*, 585 So.2d 376, 378 (Fla. 1st DCA 1991) ("A warranty, whether express or

implied, is fundamentally a contract. A contract cause of action requires privity").

Further, concerning any alleged breach of warranty of fitness, Florida law requires that a plaintiff allege a particular or unusual use different from the purpose for which the item sold is generally used. *Fred's Excavating & Crane Service, Inc. v. Continental Ins. Co.*, 340 So.2d 1220 (Fla. 4th DCA 1976). The instant Plaintiffs cannot meet this pleading requirement. In fact, the Plaintiffs acknowledge in the Second Amended Complaint that drywall was purchased and installed in the residential condominiums, and used as a building material. *Am. Compl.* at ¶¶ 138 and 168. This is not a particular or unusual use different from the purpose for which drywall is ordinarily used. Further, because the Court has already acknowledged that the "[t]he Chinese drywall is not structurally inferior drywall, nor does it fail to serve its intended structural purpose, " January 13, 2009 Order & Reasons (D.E. 741), the Plaintiffs cannot show that the drywall was not fit for its intended use. Therefore, the Plaintiffs cannot maintain actions against Defendant for a breach warranty. Accordingly, the Court should dismiss Counts III and V of the Second Amended Complaint.

### 8. Count XI of the Amended Complaint Fails to State a Claim for Nuisance.

Florida has long established the law of nuisance whereby it is wrongful to use one's property to "injure the land or some incorporeal right of one's neighbor." *Beckman v. Marshall*, 85 So.2d 552 (Fla. 1956); *see also Durance v. Sanders*, 329 So.2d 26 (Fla. 1st DCA 1976)("nuisance may rest on an intentional invasion of a person's property rights, on negligence, or on conduct abnormal and out of place in its surroundings"). In the case at bar, Plaintiffs allege that Defendant's actions have created a nuisance which has interfered with Plaintiffs' use and enjoyment of **their** properties, not

that of their neighbors. *Am. Compl.* at ¶ 212. Unfortunately, Plaintiffs misconstrue the inherent purpose of a cause of action for nuisance. Simply put, a cause of action for nuisance is based upon the use of property in such a manner that it constitutes a nuisance to **one's neighbor and/or occupants in the same community**. [Emphasis added]. *See Beckman supra*; *see also Ferreira v. D'Asaro*, 152 So.2d 736 (Fla. 3d DCA 1963). A cause of action sounding in nuisance is not a vehicle for the Plaintiffs to obtain relief from the Defendant, RCR, because their own homes are alleged nuisances to themselves.

It is only the neighbor, and not the owners of the homes who claim the defects to their respective homes, that have a right to bring a cause of action sounding in nuisance. Because the Plaintiffs have misappropriated the term "nuisance" and, essentially, are the incorrect parties to bring such claim, there is no legal remedy available for such a cause of action as per the facts alleged in Plaintiffs' Second Amended Complaint, and Count VI should be dismissed with prejudice.

## III. CONCLUSION

Wherefore, in light of the foregoing, the Defendant, RCR Holdings II LLC, respectfully requests that the Court grant its motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6) and

1.dismiss Counts I and VI, strict liability and nuisance, with prejudice,

2.dismiss Count II, Negligence – Property Damage, Count III, Alternative Pleading of Breach of Warranty, and Count V, Breach of Express Warranty, without prejudice, and provide Plaintiffs a time certain to amend their complaint and attach contracts with the Defendant to demonstrate contractual privity to support claims sounding in breach of warranty, else, dismiss Counts III and V with prejudice to those Plaintiffs who cannot demonstrate contractual privity with the Defendant, RCR Holdings II,

LLC, and/or

3. dismiss Plaintiffs claims sounding in tort claims seeking economic losses based upon the economic loss rule.

Respectfully Submitted,

LUKS SANTANIELLO PETRILLO & JONES
Attorneys for Defendant, RCR HOLDINGS II, LLC
301 Yamato Road, Suite 1234
Boca Raton, Florida 33431
Tele: (561) 893-9088
Fax: (561) 893-9048

By: */s/ Lysa M. Friedlieb*
Lysa M. Friedlieb
Florida Bar No. 898538
lfriedlieb@ls-law.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of January, 2012.

LUKS SANTANIELLO PETRILLO & JONES
Attorneys for Defendant, RCR HOLDINGS II, LLC
301 Yamato Road, Suite 1234
Boca Raton, Florida 33431
Tele: (561) 893-9088
Fax: (561) 893-9048

By: */s/ Lysa M. Friedlieb*
Lysa M. Friedlieb
Florida Bar No. 898538
lfriedlieb@ls-law.com