IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

WENDY LEE HOBBIE, LESLIE KAUFMAN,    CASE NO.: 50 09 CA 032471 AG
AND KHADIJEH GRACE, MELISSA MOGOR,
INDIVIDUALLY AND ON BEHLAF OF ALL
OTHERS SIMILARLY SITUATED,

    Plaintiffs,

vs.

RCR HOLDINGS, II, LLC, COASTAL
CONDOMINIUMS OF PALM BEACH, INC.,
AND PRECISION DDRYWALL, INC.,

    Defendants.

_____/

## RCR HOLDINGS, II, LLC'S MOTION TO DISMISS

Defendant, RCR HOLDING II, LLC, by and through undersigned counsel, hereby files this Motion to Dismiss and state as follows:

### COUNT I – Strict Liability

1. Plaintiffs filed their Second Amended Class Action Complaint ("Complaint") in the above-styled action on or about January 28, 2010, asserting various causes of action in connection with allegedly defective Chinese-manufactured drywall alleged to be installed in Plaintiffs' homes.

2. The Chinese drywall allegedly used in the subject properties is a structural improvement to real property and, accordingly, cannot form the basis for a strict liability claim. See *Plaza v. Fisher Development, Inc.*, 971 So.2d 918 (Fla. 3d DCA

EXHIBIT A

3/5/10

2007); see also <u>Federal Ins. Co. v. Bonded Lightning Protection Systems, Inc.</u> 2008 WL 5111260 at 4-5 (S.D.Fla.).

3. It is well established that the economic loss rule precludes recovery in tort for purely economic losses. In the instant matter Plaintiffs' tort claims are barred by the products liability economic loss rule to the extent Plaintiffs are seeking damages related to repair or replacement of their units or individual components thereof. See <u>Indemnity Ins. Co. v. American Aviation, Inc.</u>, 891 So.2d 532, 542 (Fla.2004); <u>Casa Clara Condominium Ass'n, Inc. v. Charley Topping and Sons, Inc.</u>, 620 So.2d 1244, 1246-47 (Fla.1993); <u>Moransais v. Heathman</u>, 744 So. 2d 973 (Fla. 1999); <u>Florida Power & Light Co. v. Westinghouse Elec. Corp</u>, 510 So.2d 899 (Fla. 1987); <u>McDonough Equipment Corp. v. Sunset Amoco West, Inc.</u>, 669 So.2d 300 (Fla. 3d DCA 1996); <u>Standard Fish Co., Ltd. v. 7337 Douglas Enterprises, Inc.</u>, 673 So.2d 503, 504 (Fla. 3d DCA 1996).

4. Specifically, Plaintiffs allege that they purchased condominiums which were constructed with allegedly defective drywall. See, e.g., Complaint ¶38. Plaintiffs do not allege that defendant, RCR HOLDINGS II, LLC directly sold them the allegedly defective drywall.

5. Accordingly, damages related to repair/replacement of Plaintiffs' homes as well as the integral components thereof are merely economic losses for which recovery in tort is unavailable. See <u>Casa Clara Condominium Ass'n, Inc.</u>, 620 So.2d at 1246-47:

> "Economic loss has been defined as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits — without any claim of personal injury or damage to other property.' ... The

> character of a loss determines the appropriate remedies, and, to determine the character of a loss, one must look to the product purchased by the plaintiff, not the product sold by the defendant. ... These homeowners bought finished products - dwellings - not the individual components of those dwellings."

6. Since the Plaintiffs purchased their condominiums as a unit, the allegedly defective Chinese drywall would be considered an integrated component of the product that was purchased by Plaintiffs. Therefore, any damages claimed by the Plaintiffs for repairs or replacement of the integral components of the home, including but not limited to appliances, HVAC systems, wiring, and other fixtures are recoverable only under contractual remedies, not in tort.

7. For the reasons stated above, Count I of Plaintiffs' Second Amended Complaint fails to state a legally cause of action against RCR HOLDINGS II, LLC and must therefore be dismissed.

## COUNT II - Negligence

8. Count II is also barred by the products liability economic loss rule for the reasons and pursuant to the authority stated above, to the extent Plaintiffs seek to recover damages pertaining to repair or replacement of their homes or the integrated components thereof.

9. Additionally, Florida law clearly holds that, unless a product is inherently dangerous, there is no duty to discover, correct or warn of latent defects absent actual or implied knowledge of such defects. *See* Carter v. Hector Supply Co., 128 So.2d 390, 392 (Fla.1961); Skinner v. Volkswagen of America, Inc., 350 So.2d 1122, 1123 (Fla. 3d DCA 1977); Ryan v. Atlantic Fertilizer & Chemical Co.,

515 So.2d 324, 326 (Fla. 3d DCA 1987); Mendez v. Honda Motor Co.. 738 F.Supp. 481, 483-84 (S.D.Fla.1990).

10. Plaintiff fails to make any allegations that the subject drywall is inherently dangerous, or that RCR HOLDINGS II, LLC knew or should have known of the alleged latent defects.

11. As such, RCR HOLDINGS II, LLC owed no duty to discover, correct or warn Plaintiffs of latent defects. With no duty owed to the Plaintiffs it is impossible for that duty to have been breach by RCR HOLDINGS II, LLC.

12. Plaintiffs' claims for negligence as a matter of law are inadequate and fail to state a cause of action against RCR HOLDINGS II, LLC for which relief may be granted. Therefore, Count II of Plaintiffs' Second Amended Complaint must be dismissed.

## COUNT IV – Nuisance

13. Count VI is also barred by the products liability economic loss rule for the reasons and pursuant to the authority stated, to the extent Plaintiffs seek to recover damages pertaining to repair or replacement of their homes or the integrated components thereof.

14. Anything which annoys or disturbs one in the free use, possession or enjoyment of his property, or which renders its ordinary use or occupation physically uncomfortable, is a nuisance and may be restrained. See Jones v. Trawick, 75 So.2d 785, 787 (Fla.1954). However, a plaintiff asserting a nuisance claim must demonstrate that the maintenance of the nuisance was the natural and proximate cause of the injury. See Durrance v. Sanders. 329 So.2d 26, 29 (Fla. 1st DCA 1976).

15. Here, Plaintiffs have failed to allege ultimate facts detailing how a developer of the condominiums created the alleged nuisance which is the actually and proximate cause of Plaintiffs damages.

16. Plaintiffs assert that the alleged nuisance consists of, "[t]he odors and effects resulting from the emission of gasses from the Chinese Drywall..." (Complaint ¶213).

17. Plaintiffs further allege, in a conclusory fashion that, "Plaintiffs and the Class Members have been injured, and continue to be injured as a direct and proximate result of the nuisance created by Defendants" (Complaint ¶214).

18. The Complaint fails to allege any ultimate facts detailing how RCR HOLDINGS II, LLC's alleged development of the subject condominiums created or caused the nuisance of emission of gasses. On the contrary, the alleged nuisance claimed by Plaintiffs suggests a defect in the manufacturing of the drywall rather than this defendant's development of the condominiums.

19. A distinction must be made between the alleged conduct of RCR HOLDINGS II, LLC – the developer of the subject condominiums - and the alleged nuisance for which Plaintiffs seek recovery -"off-gassing" from the drywall. The Complaint omits allegations establishing that any act of RCR HOLDINGS II, LLC actually or proximately caused the alleged nuisance. The First District Court of Appeal recognized the obligation of a plaintiff seeking to recover upon a nuisance claim to connect the alleged misconduct of the defendant with the asserted damages in Durrance v. Sanders, id. Durrance involved a nuisance claim based upon compost

dumped by the defendants on property adjacent to that owned by the plaintiffs. The plaintiffs claimed the defendants' activity in dumping the compost created a nuisance after the compost caught fire and thereby spread smoke and unpleasant odors. The First District overturned the judgment for the Plaintiffs and remanded for a new trial, reasoning:

> "Our examination of the pleadings and the evidence adduced at trial lead us to the inescapable conclusion that the nuisance maintained by appellants (the piles of compost) was not proved to have proximately caused the injuries suffered by appellees as a result of the fire. Clearly, appellees [sic] were responsible for the compost and the damages associated with it. However, the fire is a different matter, even though appellees' complaints asserted that the fire was of unknown origin, they attempted to establish at trial that the compost caught fire by means of spontaneous combustion. At best, then, appellees have established the possibility of spontaneous combustion, *which falls far short of a showing that the fire, and the smoke and odors associated therewith, were proximately caused by some activity on the part of appellants. The mere dumping of the compost did not cause the fire. There was no evidence presented at trial tending to show that any act of appellants, either intentional, negligent or abnormal or out of place in its surroundings caused the fire." Id.* at 29 (emphasis added)

20. Plaintiffs are improperly asserting Count VI as a second claim for strict liability against RCR HOLDINGS II, LLC. That is, Plaintiffs are attempting to assign liability under the guise of "nuisance" without regard to whether RCR HOLDINGS II, LLC engaged in culpable behavior.

21. Count VI fails to state a legal cause of action against RCR HOLDINGS II, LLC and must be dismissed.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served on Plaintiffs' Liaison Counsel, Scott Gelfand, Esq. and Defendants' Liaison Counsel, Jeffery A. Backman, Esq. and on all parties by electronically uploading the same to LexisNexis File and Serve in accordance with the Electronic Service Order, which will send a notice of electronic filing in accordance to the procedures established by this Court. The foregoing was filed with the Palm Beach County Court via U.S. Mail, on this 5th day of March, 2010.

LUKS, SANTANIELLO,
PEREZ, PETRILLO, GOLD & JONES
Attorneys for Defendant Hubbard
Stonegate Bank Plaza
301 Yamato Road, Suite 1234
Boca Raton, FL 33431
Telephone: (561) 893-9088
Facsimile: (561) 893-9048

By: _____
DANIEL J. SANTANIELLO, ESQUIRE
Florida Bar No.: 860948
SHERRI L. BAUER, ESQUIRE
Florida Bar No.: 531871