UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * | MDL NO. 2047 SECTION "L" |
| THIS DOCUMENT RELATES TO | * | JUDGE FALLON |
| Hobbie, et al. v. RCR Holdings II, L.L.C., et al. | * * | MAG. JUDGE WILKINSON |
| Case No. 10-1113 | * | |

\* \* \* \* \* \* \*

## PRECISION DRYWALL INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, appearing for the sole purpose of this Motion to dismiss, comes defendant, Precision Drywall Inc. ("Precision"), which requests this Court issue an order pursuant to Fed. R. Civ. Pro., Rule 12(b)(6) dismissing Counts I ("Strict Liability"), II ("Negligence - Property Damage"), III ("Alternative Pleading of Breach of Warranty of Fitness") and VI ("Nuisance") of the Plaintiffs' Second Amended Class Action Complaint ("Complaint") for the following reasons which are more fully discussed in the memorandum in support of this motion:

- strict liability (Count I) does not apply to an improvement to real property, such as drywall, against anyone other than the manufacturer, or to someone within the chain of distribution -- Precision was neither;

- Plaintiffs' negligence claim (Count II) fails to allege a duty that Precision owed to the Plaintiffs for inspection or warning because in years 2005 through 2007 the resulting damages from the drywall were neither known nor foreseeable, and drywall is not an inherently dangerous product;

- Plaintiffs are not in privity with Precision so a breach of warranty claim (Count III) is not allowed under Florida law -- Precision was simply a service provider;

- Florida case law is clear: private nuisance (Count VI) is only applicable as to one land owner against another, so, as a matter of law, such claims against Precision, an installer, should be dismissed; and,

- Plaintiffs have prayed for attorney's fees in this matter, but have failed to plead any statute, law or other means to recover such fees.

WHEREFORE, Precision Drywall, Inc. prays that Precision Drywall, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint be granted and this Court dismiss Plaintiffs' claims against Precision Drywall, Inc.

Respectfully submitted,

/s/ Elizabeth L. Gordon
Lloyd N. Shields (La. Bar No. 12022)
Elizabeth L. Gordon (La. Bar No. 21619)
Andrew G. Vicknair (La. Bar No. 28448)
Adrian A. D'Arcy (La. Bar No. 29137)
Shields Mott Lund L.L.P.
650 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: (504) 581-4445
Facsimile: (504) 584-4440
lnshields@shieldsmottlund.com
elgordon@shieldsmottlund.com
agvicknair@shieldsmottlund.com
aad'arcy@shieldsmottlund.com

- and -

/s/Kieran F. O'Connor, Esq.

KIERAN F. O'CONNOR, ESQUIRE
Florida Bar No. 896829
koconnor@oconlaw.com
DEREK J. ANGELL, ESQUIRE
Florida Bar No. 73449
dangell@oconlaw.com
O'CONNOR & O'CONNOR, LLC
111 N. Orange Avenue, Suite 850
Orlando, Florida 32801
Telephone: (407) 843-2100
Facsimile: (407) 843-2061

Attorneys for Precision Drywall, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above *Precision Drywall, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, Suite 100, New Orleans, Louisiana 70113, rherman@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163, kmiller@frilot.com, by U. S. Mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with procedures established in MDL 2047, on this 17th day of January, 2012.

/s/ Elizabeth L. Gordon

W:\Clients\62065-09\Pleadings\Motion to Dismiss.2.wpd