IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED ) | | |
|     DRYWALL PRODUCTS ) | MDL NO. 2047 | |
|     LIABILITY LITIGATION ) | | |
| ) | | |
| THIS DOCUMENT RELATES TO: ) | SECTION: L | |
| ) | | |
| Hobbie, et al. v. ) | JUDGE FALLON | |
| RCR Holdings II, LLC, et al., ) | | |
| No. 10-1113 ) | | |
| ) | MAG. JUDGE WILKINSON | |
| _____ ) | | |

**STATEMENT OF UNCONTESTED FACTS**

NOW INTO COURT, by and through the undersigned counsel, come Plaintiffs, on behalf of themselves and all others similarly situated, and offer the following list of uncontested facts in support of their Motion for Partial Summary Judgment as to their Florida Building Code cause of action:

1.    In or about 2005 through 2007, Coastal built residential condominiums ("Residences") in Boynton Beach, Florida in a development called Villa Lago. Exhibit B to the Declaration of Ray Burroughs, January 12, 2012 ("Burroughs Decl."), attached hereto as Exhibit 1; Deposition of Salvatore Reale, January 13, 2011, (rough draft) ("Reale Dep."), at 64:16-22; 80:12-16, attached hereto as Exhibit 2.

2.    In or about 2009, Plaintiffs detected sulfur odors in their Residences, observed corrosion of pipes, wiring, metal finishes and fixtures, and experienced failure of electronic products. *See* Inspection Reports at Exhibit C to Burroughs Decl. Plaintiffs also sustained damages to personal property, including damage to computers, televisions and jewelry. *See*

1

Chart of Damages, Exhibit B to Plaintiffs' Responses and Objections to Defendant RCR Holdings II, LLC's First Set of Interrogatories to Plaintiffs, Dec. 15, 2011, attached hereto as Exhibit 3.

3. Unlike American-made drywall, the Chinese drywall emits several sulfur compounds, including carbon disulfide, carbonyl sulfur, and hydrogen sulfide, which are extremely hazardous and are known to cause serious health problems such as those experienced by Plaintiffs. *In re Chinese Manufactured Drywall Products Liab. Litig.*, 706 F. Supp. 2d 655, 663-664 (E.D. La. 2010).[1] When combined with heat and moisture in the air, the Chinese drywall off gasses hazardous materials and compounds, which is known to corrode copper and other metals. *Id.* at 663-666.

4. The building permit applications for Villa Lago West was received by the City of Boynton Beach Building Department on February 22, 2005. See Exhibit B to Burroughs Decl., ("Building Permits") and Burroughs Decl., ¶ 9.

5. The building permit applications for Villa Lago East was received by the City of Boynton Beach Building Department on or about February 22, 2005. See Building Permits and Burroughs Decl., ¶ 9.

6. The building code that applies to Plaintiffs' claims is the 2001 Florida Building Code, with 2003 Revisions ("Building Code"). *See* Burroughs Decl., ¶ 9-10.

7. If any of the markings required by ASTM C 36 are not present on the drywall board, that drywall does not meet the Building Code requirement for gypsum board. *Id.*, ¶ 14.

8. Precision Drywall Inc. was the subcontractor hired by Coastal to, among other things, perform and complete the drywall and framing of the Villa Lago project. *See* Reale Dep., 81:21-82.21 and Exhibit 15 to Reale Dep., Contract Agreement and General Conditions Between

---

[1] The opinion contains this Court's findings of fact and conclusions of law relating to Chinese drywall.

General Contractor and Subcontractor, Contract No. 04-5581-19, March 11, 2006, PD000190 – 000200 and PD000622 – 000700, attached hereto as Exhibit 4.

9. Banner Supply of Pompano ("Banner") supplied a majority of the drywall used in Villa Lago. Reale Depo, 104:8-9; and sample invoices from Banner to Precision attached hereto as Exhibit 5.

10. Banner received all of its non-US drywall from La Suprema, with the exception of a small purchase from Sky Supply. Deposition of Jack Landers, June 2, 1010, 28:2-17, attached hereto as Exhibit 6; *see also*, Banner Supply of Pompano Defendant Profile Form, page 2, attached hereto as Exhibit 7; Deposition of Salomon Abadi, October 19, 2009, 104:22-105:9, ("Abadi Dep."), attached hereto as Exhibit 8 (La Suprema Enterprise sold 99.999 percent of the Knauf drywall product it purchased from China to Banner).

11. A corporate representative of La Suprema Enterprise testified that the Chinese drywall it purchased came from three different companies, Beijing Building Materials, Pingyi Baier and Knauf. Abadi Dep., 106:9-108:6.

12. Approximately 50% of the Chinese drywall they purchased came from Knauf, approximately 30% came from Beijing Building Materials and the remaining 20% from Pingyi Baier. *Id.* The corporate representative admitted that the only identifying marks on the Knauf drywall was the Knauf label, and the remaining Chinese drywall from Beijing Building Materials and Pingyi Baier did not contain any distinguishing marks. *Id*.

13. Most of the drywall boards used in the plaintiffs' Residences do not contain all of the markings required by ASTM C 36. Burroughs Decl., ¶ 16; *see also* Abadi Dep., 106:9-108:6 (Chinese drywall they imported rarely contained any identifying markings, other than Knauf, which only contained the Knauf label).

3

14. Coastal's use of gypsum board that was not properly marked pursuant to the Building Code required them to seek approval from the building code official through the Alternative materials and methods provision of the Building Code. Burroughs Decl., ¶¶ 17, 18.

15. There is no dispute that Coastal did not seek approval from any building code official for use of this alternative material, the Chinese drywall. Burroughs Decl., ¶22.

16. Markings on the gypsum board and its packaging is readily apparent from a cursory visual inspection of the drywall. Burroughs Decl., ¶ 20; *See* Reale Depo., 101:13-102:5; 110:11-111:6.

17. Coastal is in the best position to observe that the sheets of drywall it used do not contain the markings required by the Building Code. Burroughs Decl., ¶ 20; *See* Reale Dep., 101:13-102:5; 110:11-111:6.

DATED: January 17, 2012                    Respectfully submitted,

/s/ Gary E. Mason
Gary E. Mason
WHTIFIELD BRYSON & MASON LLP
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C.  20036
Telephone:  (202) 429-2290
Facsimile:  (202) 429-2294

Adam C. Linkhorst, Esq.
LINKHORST & HOCKIN P.A.
4495 Military Trail, Suite 106
Jupiter, Florida 33458
Email:  acl@floridahardhatlaw.com
Telephone:   561.626.8880  / 954.776.5990
Facsimile:  561.626.8885

Joel R. Rhine
RHINE LAW FIRM
314 Walnut Street, Suite 1000
Wilmington  NC  28401

Telephone: (910) 772-9960
Facsimile: (910) 772-9062

Daniel K. Bryson
WHITFIELD BRYSON & MASON LLP
1305 Navaho Drive, Suite 400
Raleigh, NC 27609-7482
Telephone: (888) 981-0939
Facsimile: (919) 981-0199

Chris Coffin
PENDLEY BAUDIN & COFFIN, LP
Post Office Drawer 71
24110 Eden Street
Plaquemine, Louisiana 70765
Telephone: (225) 687-6396

Stephen Mullins
LUCKEY & MULLINS
2016 Bienville Blvd
P.O. Box 990
Ocean Springs, MS 39564
Telephone: (228) 875-3175
Facsimile: (228) 872-4719

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email and upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 17th day of January, 2011.

                                             /s/ Gary E. Mason
                                             Gary E. Mason