IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED ) | | |
|      DRYWALL PRODUCTS ) | | MDL NO. 2047 |
|      LIABILITY LITIGATION ) | | |
| ) | | |
| THIS DOCUMENT RELATES TO: ) | | SECTION: L |
| ) | | |
| Hobbie, et al. v. ) | | JUDGE FALLON |
| RCR Holdings II, LLC, et al., ) | | |
| No. 10-1113 ) | | |
| ) | | MAG. JUDGE WILKINSON |
| _____) | | |

I, Ray Burroughs, declare as follows:

1. I am over eighteen years of age and fully competent to make this Affidavit. I do so based on my personal knowledge of the facts stated herein.

2. I have been licensed by the Florida Department of Business and Professional Regulations as a building code administrator/building official, a residential building inspector, and a commercial building inspector.

3. My expertise covers every aspect of the Building, Electrical, Mechanical, and Plumbing Codes, Florida Accessibility Code, Life Safety Code, as well as contractor licensing laws and rules.

4. I have attached my *curriculum vitae* to this Affidavit as Exhibit A.

5. I worked at Leon County Building Inspection in Tallahassee, Florida for over 25 years and from 1989 until I retired in 2009, I was the Director.

6. I also worked as an independent contractor for twelve years.

7. I am very familiar with the Florida Building Code which is utilized in Leon County and throughout Florida, including the City of Boynton Beach located in Palm Beach County, Florida .

8. I have been informed that the properties at issue in this litigation are located at 1690 Renaissance Commons Blvd and 1660 Renaissance Commons Blvd, Boynton Beach, Florida, 33432, also known as Vila Lago (the "Residences").

9. Pursuant to Florida Statutes section 553.73(6), in order to determine which version of the building code is applicable to a condominium, I would look at the date the building permit application was received by the City of Boynton Beach Building Department. I have reviewed the certificates of occupancy and the permit applications for the Residences, attached hereto as Exhibit B, and these documents indicate that the building permit application for the Residences was received on February 22, 2005.

10. The 2001 Florida Building Code, with 2003 Revisions (hereinafter "Building Code") applies to Plaintiffs' homes as the effective dates of those codes coincide with the construction permit dates for Plaintiffs' homes.

11. The purpose of the Building Code is "to be remedial and [it] shall be construed to secure the beneficial interests and purposes thereof, which are public safety, health and general welfare . . . and safety to life and property from fire and other hazards attributed to the built environment. . . ." Section 101.3.1 of the Building Code.

12. The Building Code sections covering gypsum lath, wallboard and sheathing board, Section 703.5.3, Section 2503, and Table 2503 requires that all gypsum wallboard shall comply with the provisions of ASTM C 36.

2

13.     Section 12.1 of the ASTM C 36, in turn, requires that the packaging and package marking contain the following:

> Unless otherwise required by the purchase agreement, each board or package shall have legibly marked thereon the following: the thickness, the name of the producer or supplier, the brand name (if any); and the ASTM designation for the product.

14.     If any of these markings are not present on the drywall board, that drywall does not meet the Building Code requirement for gypsum board.

15.     I have reviewed the following documents: inspection reports obtained from various units at the Residences, including pictures accompanying those inspection reports, attached hereto as Exhibit C; a chart summarizing the drywall markings located in each unit; Exhibit C-1 (Drywall Indicia Guide) to Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047; and the MDL photographic catalogue, located at http://www.laed.uscourts.gov/drywall/DrywallMarkings.htm.

16.     Based upon the reviewed information, most of the drywall inspected does not contain the markings required by the Building Code.

17.     If a builder intends to use a gypsum board that has not demonstrated Building Code compliance through testing and required marking pursuant to the Building Code, they are obligated to approach the building code official and seek approval from them through the Alternative materials and methods provision of the Building Code.

18.     Section 103.7.1 of the Building Code, entitled "Alternative materials and methods" provides:

> The provisions of the technical codes are not intended to prevent the use of any material . . . not specifically prescribed by them, provided any such alternate has been reviewed by the building official. The building official shall approve any such alternate, provided the building official finds that the alternate for the

3

purpose intended is at least the equivalent of that prescribed in the technical codes in quality, strength, effectiveness, fire resistance, durability and safety.

19. It is a builder's obligation to ensure that the materials it uses in the building of homes conforms to the standards set forth in the Building Code.

20. Coastal should have known that the drywall it used did not conform to the Building Code requirements of gypsum board because it is readily apparent from a cursory visual inspection of the drywall that it did not have some or all of the requisite markings required by the code. Coastal is in the best position to notice that the sheets of drywall it used do not contain the markings required by the Building Code.

21. It is then incumbent upon Coastal to approach the building code official for approval of the drywall as an alternative material.

22. It is my understanding, based on discussions with the City of Boynton Beach building official, that the builder for Renaissance Commons did not seek approval from the building code official for use of the Chinese drywall as an alternative material.

23. Coastal's failure to do so is a violation of the Building Code.

I declare under penalty of perjury that the foregoing is true and correct and to the best of my knowledge.

Executed on this 12th day of January, 2012.

_____
Ray Burroughs