007028.000004

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE WILKINSON |
| Hobbie, et al. v. RCR Holdings II, LLC, et al. No. 10-1113 | |

_____/

## COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. (Coastal), by and through undersigned counsel, hereby files its Memorandum of Law in Support of its Motion for Remand and states the following:

1. This matter was transferred to the MDL as a tag-along action in Conditional Transfer Order (CTO-16) under 28 U.S.C. §1407. The Southern District Court should have declined the Removal sought by Banner in this case and Defendant requests this Court send a suggestion to the Southern District Court that the case be remanded back to the original court, the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida pursuant to 28 U.S.C. §1332.

2. 28 U.S.C. §1332 (d)(4) states:

> A district court **shall decline to exercise jurisdiction** under paragraph (2)…
>
>> (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed. (emphasis added).

3. Banner's Notice of Removal filed February 26, 2010 in the United States Southern District Court of Florida, attached as Exhibit "A", set forth their allegations regarding the residency of the Plaintiffs. However, this accounting only accounted for the named Plaintiffs and not all proposed class members. 28 U.S.C. §1332(d)(1)(D) says "the term 'class members' means the persons (<u>named or unnamed</u>) who fall within the definition of the proposed or certified class in a class action." (emphasis added) The Plaintiff's Amended Complaint has a proposed class of all named Plaintiffs and "all others similarly situated." This would include all owners of condominium units in Villa Lago at Renaissance Commons. See <u>In re Hannaford Bros. Co. Customer Data Security Breach Litigation</u>, 564 F.3d 75, 78 (C.A.1 (Me.) 2009)

4. Banner's Notice of Removal, attached as Exhibit "A" in paragraph 10 relied on a "Master List" of Plaintiffs to set forth the Plaintiffs' residency. A copy of that attachment is attached here as Exhibit "B." This accounting only considered the Plaintiff's named in the Amended Complaint.

5. Further Plaintiff produced the document attached as Exhibit "C" as an accounting of the residency of the Plaintiffs at the beginning of the discovery outlined by the Scheduling Order. Their accounting counts the unit owners individually, even if they own multiple units, for the purpose of residency.

6. Attached as Exhibit "D" is Coastal's accounting of all Villa Lago condominium owners by unit. Using the same calculation method as used by the Plaintiffs in Exhibit "C", but accounting for all potential class members, 251 of the units (76.5%) are owned by Florida residents, and 77 of the units are owners are residents of other states or jurisdictions.

7. Under 28 U.S.C. §1332 (d)(4)(B), two-thirds or more of the members of all

proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed. Further, all of the Defendants named in the Amended Complaint are Florida corporations, which meets the statutory requirement for all primary defendants.

8. Therefore, under 28 U.S.C. §1332 (d)(4) this case should be remanded back to the state court where it was filed. See Evans v. Walter Indus., Inc., 449 F.3d 1159 (11th Cir. 2006); Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 678 (7th Cir. 2006); Mattera v. Clear Channel Communications, Inc., 239 F.R.D. 70 (S.D.N.Y 2006).

9. Further, regardless of the method used to determine the residency of the Plaintiffs, 28 USC 1332(d)(3) provides:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—
>
> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and

   the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

   (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

  10. Regarding 28 USC 1332(d)(3)(A), (C) and (F), this matter does concern matters of possible national interest and similar claims have been filed. Additionally, Banner's counsel previously made claims that the Plaintiff's Complaint was alleged in a manner to avoid Federal Jurisdiction. However, the Palm Beach County court has already decided matters involving Chinese Drywall in <u>Bennett v. Centerline Homes</u>, case number 50 2009 CA 01-4458 XXXX MB AA, therefore there is no reason that this consideration should prevent the remand back to the state court.

  11. For the purposes of 28 USC 1332(d)(3)(B), this case will be decided based on Florida law, which is the state of the original court.

  12. The location of the development, which is the basis for the claims and alleged damages, is located in Palm Beach County and is there is no question that the Circuit Court has a distinct nexus for the action to meet the requirements of 28 USC 1332(d)(3)(D).

  13. Regarding 28 USC 1332(d)(3)(E), the documents referenced previously, attached as Exhibits "A", "B", "C", and "D", and show that at least one third of the Plaintiffs reside in the state of Florida. Again, all of the Defendants named in the Complaint are Florida corporations.

  14. In this matter it would serve the interests of justice to have the matter heard in the court of origin. See <u>Hirschbach v. NVE Bank</u>, 496 F. Supp. 2d 451, 461 (D.N.J. 2007); and <u>Kessler v. American Resorts International's Holiday Network, Ltd.</u>, Case Nos. 05 C 5844, 07 C

2439, 2007 WL 4105204 (N.D. Ill. Nov. 14, 2007).

15. As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). "Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

16. This transfer promotes the just and efficient conduct of the litigation, eliminates duplicative discovery, and conserves the resources of the parties. See Transfer Order in this matter filed June 15, 2009; 28 U.S.C. §1407; and In re Hawaiian Hotel Room Rate Antitrust Litig., 438 F.Supp. 935, 936 (J.P.M.L. 1977).

**WHEREFORE**, COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC., respectfully requests the Court grant Coastal's Motion to Remand and send the case back to the Southern District with instructions to remand the case back to the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida, and grant any further relief this Court finds proper.

Respectfully submitted,

Dated: January 17, 2012

/s/ Addison J. Meyers
Addison J. Meyers, Esq.
Fl Bar No. 267041
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
ameyers@defensecounsel.com

/s/ Brian A. Eves
Brian A. Eves, Esq.
FL Bar No. 43794
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:  305-774-9966
Fax:  305-774-7743
beves@defensecounsel.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email and upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this January 17, 2012.

/s/ Addison J. Meyers
Addison J. Meyers