Case 2:09-md-02047-EEF-MBN Document 12212-2 Filed 01/17/12 Page 1 of 9

Case 9:10-cv-80320-KLR Document 1 Entered on FLSD Docket 02/26/2010 Page 1 of MM D.C.
ELECTRONIC

February 26, 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

<u>CHINESE DRYWALL CASE</u>

WENDY LEE HOBBIE, et al.,

    Plaintiffs,

**10-CV-80320-Ryskamp/Vitunac**

vs.

RCR HOLDINGS II, LLC, et al.,

    Defendants.
_____/

<u>NOTICE OF REMOVAL</u>

Defendants BANNER SUPPLY CO., BANNER SUPPLY COMPANY OF POMPANO, LLC, BANNER SUPPLY COMPANY OF FORT MYERS, LLC and BANNER SUPPLY COMPANY OF TAMPA, LLC ("BANNER"), hereby remove Case No.: 50 2009 CA 032471 from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. The following facts show that this case may be properly removed to this Court:

I.    **THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

    1.    Plaintiffs filed an action styled <u>Wendy Lee Hobbie, et al., on behalf of themselves, and on behalf of all others similarly situated vs. RCR Holdings II, LLC</u>, Case No. 50 2009 CA 032471 in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida on or about September 24, 2009. Pursuant to 28 U.S.C. § 1446(a), a copy of all process,



pleadings, orders, and other documents from the Circuit Court's file is attached hereto as Exhibit "A".

2. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within the thirty (30) days following the date on which BANNER first became aware that this matter was removable. BANNER was served with the Second Amended Complaint on February 1, 2010. BANNER was not a party to the case prior to the filing of the Second Amended Complaint, and had not received notice of the pendency of the action.

3. Venue for this case lies in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1441(a), because the original action was filed within this District.

4. On June 15, 2009, the United States Judicial Panel on Multidistrict Litigation ("JPML") entered an order transferring Chinese-Manufactured Drywall Products Liability Litigation actions to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings. That JPML Transfer Order also applies to potential "tag-along actions" involving related issues in district courts. Accordingly, BANNER is simultaneously filing a Notice of Tag Along Action to the JPML, so that this action may be transferred to the United States District Court for the Eastern District of Louisiana to be consolidated with the similar actions already pending in that court, In Re: Chinese-Manufactured Drywall Product Liability Litigation (MDL No. 2047).

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs and the other defendants in this action, and a copy is being filed with the Clerk of the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida.

{218429.0005/N0812542_1}

2

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

2 of 268

## II. REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT.

6. The Court has original jurisdiction over this action, and the action may be removed to this Court, pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

7. As set forth below, this is a putative class action in which: (1) Plaintiffs allege there are 100 or more members in the alleged classes; (2) a member of the Plaintiff class is diverse from at least one Defendant[1]; and (3) the aggregate of the claims being sought exceeds $5,000,000, exclusive of interest and costs.

### A. Plaintiffs' Proposed Classes in the Aggregate Consist Of More Than 100 Members.

8. The Second Amended Complaint alleges the existence of 328 potential class members.

9. Accordingly, the aggregate number of members of the alleged classes is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. Minimal Diversity Is Satisfied, Or Alternatively, Plaintiffs Have Fraudulenty Excluded Their Citizenship and Excluded Diverse Indispensable Parties Solely To Defeat Federal Court Jurisdiction.

10. Plaintiffs, or at least some members of the proposed class(es), which consist of homeowners residing in Florida, are citizens of Florida. However, the Second Amended Complaint fails to provide and allege the "citizenship" of all of the named Plaintiffs. This was a strategic manuever by counsel for Plaintiffs since many of the named Plaintiffs <u>are not</u> residents of Florida. Indeed, counsel for Plaintifs admitted this fact to counsel for another Defendant in

---

[1] Although Plaintiffs have strategically "excluded foreign defendants" from this action, the foreign manufacturer's are indispensable parties to this action and have not been named solely in an effort to avoid Federal court jurisdiction of this class action. This fact could not be made more clear when considering the fact that the majority of the named Plaintiffs in this action are also parties and class representatives in the Omnibus Class Action Complaint filed in the MDL on December 9, 2009.

{218429.0005/N0812542_1}

3

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

3 of 268

this action. A true and correct copy of correspondnece from Sherri L. Bauer, Esq. to Joel Rhine, Esq. is attached hereto as Exhibit "B". In addition, on February 22, 2010, counsel for Plaintiffs provided to undersigned counsel a "Master List" of Plaintiffs, which included their actual residency. A true and correct copy of the "Master List" is attached hereto as Exhibit "C". As the Master List reveals, many of the Plaintiffs are residents and thus "citizens" of states other than Florida. For this reason, alone, "minimal diveristy" is satisfied.

11. The Second Amended Complaint also fails to include the foreign manufacturer defendants responsible for manufacturing and selling the allegedly defective Chinese drywall. It is clear that Plaintiffs engaged in such conduct solely to defeat removal.

12. Plaintiffs' efforts, however, cannot defeat removal of the instant action. A Plaintiff cannot simply "exclude" otherwise indispensable parties in order to defeat removal. See Roche, D.C. v. Country Mut. Ins. Co., 2007 WL 2003092 (S.D. Ill.). In the instant case, the Chinese manufacturers, along with the foreign distributor defendants, are indispensable parties to this action.

In Phillips v. Choate, 456 So. 2d 556, 557 (Fla. 4th DCA 1984), the court discussed the appropriate standards to apply to an indispensable party analysis as follows:

> In Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158, 160 (1855), the Supreme Court said that the parties necessary to a lawsuit are:
>
> "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it."
>
> It recognized that not all necessary parties are indispensable to the maintenance of a lawsuit by saying that indispensable parties are:
>
> "[p]ersons who have not only an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

{218429.0005/N0812542_1}

4

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

4 of 268

The international manufacturers are clearly indispensable parties to this proceeding as any rulings and decisions relating to allegedly defective drywall manufactured in China will most certainly affect those parties' interests and leave the controversy in such a "condition that its final termination may be wholly inconsistent with equity and good conscience."

Additionally, on or about December 9, 2009, virtually all of Plaintiffs' Class Representatives herein filed an Omnibus Class Action Complaint against the foreign manufacturers which they intentionally excluded from the above-styled cause. See, <u>Sean Payton, individually, and on behalf of others similarly situated, [Additional Plaintiffs Listed on Schedule of Plaintiffs attached hereto as Exhibit "B"] v. Knauf GIPS KG, et al. [Additional Defendants Listed on Schedule of Defendants, attached hereto as Exhibit "C"]</u> filed and pending in MDL 2047. Such conduct reveals the improper actions displayed in this matter by failing to include those foreign defendants as parties. Instead, Plaintiffs seek to litigate in two separate forums the identical action; Plaintiffs cannot have it both ways. Moreover, the pendency of the <u>Payton</u> action provides this Court with supplemental jurisdiction over this matter pursuant to 28 U.S.C. 1367.

### C. The Amount-In-Controversy Requirement Is Satisfied.

13. Based on the allegations in the Second Amended Complaint, Plaintiffs are seeking, both individually and on behalf of the alleged class(es), an amount in controversy exceeding $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). Plaintiffs' claim that:

> As a result of the foregoing acts and omissions, Plaintiff and the Class Members require and/or will require extensive reconstruction and repairs, and will incur repair and replacement costs, repairs for appliances, medical expenses, incidental,

{218429.0005/N0812542_1}

5

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

5 of 268

and other related expenses along with economic damages, including alternative living arrangements, damge to real and personal property such as jewelry appliances and fixtures, diminution in value, lost rental income, loss of use, loss of credit and other economic damages; attorneys' fees and expenses, and court and/or administrative costs. Plaintiff and the Class Members are informed and believe,and further allege, that Plaintiff and the Class Members will in the future be required to pay for additional repairs and/or replacement costs.

As a result of Defendants' actions, Plaintiffs and Class Members have suffered and will continue to suffer damage, including but not limited to: economic damages, including alternative living arrangements, damage to real and personal property such as jewelry appliances and fixtures, diminution in value, lost rental income, loss of use, loss of credit and other econimic damages; attorneys' fees and expenses; and court and/or administrative costs.

(Sec. Am. Compl. ¶ 176, 186).

14. Plaintiffs allege a potential of 328 class members. Thus, even with a minimum award to each Plaintiff in the amount of $16,000.00, the $5 Million threshold would be satisfied. Clearly, with the damages sought in the Second Amended Complaint, coupled with the request for attorneys' fees, the jurisdictional amount in controversy exceeds $5 Million.

15. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and/or 1367.

16. BANNER will, promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), give written notice of the Notice of Removal to Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida.

WHEREFORE, Defendants BANNER SUPPLY CO., BANNER SUPPLY COMPANY OF POMPANO, LLC, BANNER SUPPLY COMPANY OF FORT MYERS, LLC and BANNER SUPPLY COMPANY OF TAMPA, LLC respectfully request that this action be removed from the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County,

{218429.0005/N0812542_1}

6

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

6 of 268

Florida to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453(b).

> **ADORNO & YOSS LLP**
> Jan Douglas Atlas
> Florida Bar No.: 226246
> Jeffrey A. Backman
> Florida Bar No.: 0662501
> 350 East Las Olas Boulevard, Suite 1700
> Lauderdale, Florida 33301
> (954) 763-1200 (Telephone)
> (954) 766-7800 (Facsimile)
>
> Attorneys for Defendants Banner Supply Co., Banner Supply Company of Pompano, LLC, Banner Supply Company of Fort Myers, LLC and Banner Supply Company of Tampa, LLC
>
> By: _____
>       Jeffrey A. Backman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail on February 26, 2010 upon:

Adam C. Linkhorst
Florida Bar No.: 055379
Linkhorst & Hockin, P.A.
4495 Military Trail, Suite 106
Jupiter, FL 34558
Telephone:    561-626-8880
Facsimile:    561-626-8885

Joel Rhine (*pro hac vice*)
Lea, Rhine & Rosbrugh, P.L.L.C.
314 Walnut Street
Wilmington, NC 28401
Telephone:    910-772-9960
Facsimile:    910-772-9062

Daniel K. Bryson (*pro hac vice*)
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Telephone:    888-981-0939
Facsimile:    919-981-0199

Gary E. Mason (*pro hac vice*)
Donna F. Solen
Florida Bar No. 0127851
Mason LLP
1625 Massachusetts Avenue, NW, Suite 605
Washington, DC 20036
Telephone:    202-429-2290
Facsimile:    202-529-2294

{218429.0005/N0812542_1}

7

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

7 of 268

Bruce Alexander
Richard Chavez
Casey, Ciklin, et al.
515 North Flagler Drive, Suite 1900
West Palm Beach, FL 33401
*Counsel for RCR Holdings, II, LLC*

Daniel J. Santaniello
Sherri L. Bauer
Luks, Santaniello, et al.
301 Yamato Road, Suite 1234
Boca Raton, FL 33431
*Counsel for RCR Holdings, II, LLC*

Kieran O'Connor
Ogden, Sullivan & O'Connor, P.A.
111 N. Orange Avenue, Suite 850
Orlando, FL 32801
*Counsel for Precision Drywall, Inc.*

Addison J. Meyers, Esq.
Mintzer, Sarowitz, Zeris, et al.
The Waterford
1000 N.W. 57th Court, Suite 300
Miami, FL 33126
*Counsel for Coastal Condominiums (Coastal Construction of South Florida, Inc. d/b/a Coastal Condominiums)*

Michele I. Nelson
Paxton & Smith, P.A.
Barristers Building
1615 Forum Place, Suite 500
West Palm Beach, FL 33401
*Counsel for Precision Drywall, Inc.*

Eduardo I. Rasco, Esq.
Rosenthal, Rosenthal, Rasco, Kaplan, LLC
20900 NE 30th Avenue
Suite 600
Aventura, FL 33180
*Counsel for La Suprema Enterprise, Inc. and La Suprema Trading, Inc.*

_____
Jeffrey A. Backman

{218429.0005/N0812542_1}

8

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

8 of 268

CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

I. CASE STYLE

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

WENDY LEE HOBBIE, LESLIE KAUFMAN and KHADIJEH GRACE, MELISSA MOGOR, individually and on behalf of all others similarly situated,

50 2009 CA 032471 XXXX MB

Plaintiffs,

CASE NO.

AG

v.

2009 SEP 24 AM 11:42

RCR HOLDINGS, II, LLC, COASTAL CONDOMINIUMS OF PALM BEACH, INC., and PRECISION DRYWALL, INC.

Defendants.

_____/

II. TYPE OF CASE (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| DOMESTIC RELATIONS | TORTS | OTHER CIVIL |
|---|---|---|
| ___ Simplified dissolution | ___ Professional malpractice | ___ Contracts |
| ___ Dissolution | _X_ Products Liability | ___ Condominium |
| ___ Support-IV-D | ___ Auto negligence | ___ Real Property/Mortgage Foreclosure |
| ___ Support-Non IV-D | ___ Other negligence | ___ Eminent domain |
| ___ URESA-IV-D | | ___ Other |
| ___ URESA-Non-IV-D | | |
| ___ Domestic violence | | |
| ___ Other domestic relations | | |

III. Is Jury Trial Demanded in Complaint?

_X_ Yes
___ No

Date: 9/24/09

LINKHORST & HOCKIN, P.A.
4495 Military Trail, Suite 106
Jupiter, Florida 33458
(561) 626-8880 / (561) 626-8885 Facsimile

BY: _____
ADAM C. LINKHORST, FBN: 0055379

EXHIBIT A