UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

*Payton, et al. v. Knauf Gips, KG, et al.*
EDLA 09-07628

*Gross, et al. v. Knauf Gips, KG, et al.*
EDLA 2:09-cv-6690

*Rogers, et al. v. Knauf Gips, KG, et al.*
EDLA 2:10-cv-00362

*Abreu, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*
EDLA 2:11-cv-00252

*Block, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*
EDLA 2:11-cv-1363

*Arndt, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*
EDLA 2:11-cv-2349

*Cassidy, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*
EDLA 2:11-cv-3023

*Vickers, et al. v. Knauf Gips, KG, et al.*
EDLA 2:09-cv-04117
_____/

## G.L. HOMES' OBJECTION TO KNAUF STAY ORDER

G.L. Building Corporation; G.L. Homes of Florida Corporation; G.L. Homes Limited Corporation; G.L. Homes of Boynton Beach Associates IX, Ltd.; Boynton Beach Associates XVI, LLLP; Boynton Beach XVI Corporation; Miramar Associates IV, LLP;

Miramar IV Corporation; G.L. Homes of Davie Associates II, Ltd.; G.L. Homes of Davie Associates III, Ltd.; and G.L. Homes of Davie IV Corporation (collectively, "G.L. Homes") respectfully submit their objection to the stay language on page 28 of this Court's January 10, 2012, Order Preliminarily Approving Knauf Settlement, Conditionally Certifying a Knauf Settlement Class, Issuing Class Notice, Scheduling a Settlement Fairness Hearing, and Staying Claims as to the Knauf Defendants ("Knauf Stay Order"),[1] and as grounds therefor states:

1.  On January 10, 2012, this Court entered the Knauf Stay Order, which preliminarily approved the Knauf global settlement in MDL No. 2047. The stay language included at page 28 of the Knauf Stay Order reads as follows:

> Except as provided in the following paragraph, Prosecution of the Litigation, the Omni Complaints and Related Actions against the Knauf Defendants shall be stayed pending the settlement proceedings and further Orders of the Court. The stay will extend to all cases involving KPT Chinese Drywall filed on or before December 9, 2011, whether or not a Knauf Defendant is a party to the case….

2.  G.L. Homes seeks clarification in connection with the language that extends the stay "to all cases involving KPT Chinese Drywall…," and objects to the extent this language could arguably be read to stay the prosecution of certain claims not involving KPT Chinese Drywall. For example, in certain construction lien actions filed by Banner Supply Co. in Broward County, Florida, G.L. Homes has asserted counterclaims that "involve KPT Chinese Drywall." To the extent Banner pursues those construction lien actions, the stay language could arguably be read to mean that G.L. Homes would be precluded from maintaining those counterclaims against Banner

---

[1] G.L. Homes submits this objection without waiver of any of its defenses, including its defenses to jurisdiction and venue.

Supply Co., as well as potential third-party claims against others in the chain of distribution of non-KPT Chinese Drywall. Stated simply, G.L. Homes should be permitted to continue to litigate those counterclaims and potential third-party claims against others in the chain of distribution of non-KPT Chinese Drywall in the event Banner Supply Co. pursues these construction lien actions, even though the lawsuit includes certain separate claims "involving KPT Chinese Drywall."

3. G.L. Homes also objects to the extent the stay language could be read to prevent G.L. Homes from pursuing various insurance coverage actions that might "involve KPT Chinese Drywall," among other types of defective Chinese Drywall, but which do not otherwise include claims "against the Knauf Defendants."

4. G.L. Homes otherwise does not object to a limited stay[2] of prosecution of claims "against the Knauf Defendants," except to the extent homeowners or other plaintiffs are permitted to pursue claims against G.L. Homes for damages caused by KPT Chinese Drywall (whether or not one or more of the Knauf Defendants are currently named as parties to those cases). If a plaintiff is permitted to prosecute claims against G.L. Homes for damages caused by KPT Chinese Drywall, G.L. Homes should be permitted to assert third party claims against the Knauf Defendants -- and all others in the chain of distribution of the KPT Chinese Drywall -- in those cases.

**WHEREFORE,** for all the foregoing reasons, G.L. Homes respectfully objects to the Knauf Stay Order.

---

[2] G.L. Homes reserves the right to raise additional objections to the indefinite nature of the stay, which appears to extend through the June 20-21, 2012, Final Fairness Hearing.

Dated:        January 17, 2012                    Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Counsel for G.L. Homes*

333 Avenue of the Americas
(333 S.E. 2nd Avenue)
Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: bassh@gtlaw.com
Email: salkym@gtlaw.com

By:    /s/ Hilarie Bass
       HILARIE BASS
       Florida Bar No. 334323
       MARK A. SALKY
       Florida Bar No. 058221

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2012, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., Homebuilders' Liaison Counsel, Dorothy Wimberly, Esq., and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq., by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

/s/ Hilarie Bass
Hilarie Bass