# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

*Payton, et al. v. Knauf Gips, KG, et al.*
EDLA 09-07628

*Gross, et al. v. Knauf Gips, KG, et al.*
EDLA 2:09-cv-6690

*Rogers, et al. v. Knauf Gips, KG, et al.*
EDLA 2:10-cv-00362

*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
EDLA 2:11-cv-00252

*Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
EDLA 2:11-cv-1363

*Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
EDLA 2:11-cv-2349

*Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
EDLA 2:11-cv-3023

*Vickers, et al. v. Knauf Gips, KG, et al.*
EDLA 2:09-cv-04117
_____/

## LENNAR'S OBJECTION TO KNAUF STAY ORDER

Lennar Corporation; Lennar Homes, LLC f/k/a Lennar Homes, Inc.; and U.S. Home Corporation (collectively, "Lennar") respectfully submit their objection to the stay language on page 28 of this Court's January 10, 2012, Order Preliminarily Approving

Knauf Settlement, Conditionally Certifying a Knauf Settlement Class, Issuing Class Notice, Scheduling a Settlement Fairness Hearing, and Staying Claims as to the Knauf Defendants ("Knauf Stay Order"),[1] and as grounds therefor states:

1.  On January 10, 2012, this Court entered the Knauf Stay Order, which preliminarily approved the Knauf global settlement in MDL No. 2047. The stay language included at page 28 of the Knauf Stay Order reads as follows:

> Except as provided in the following paragraph, Prosecution of the Litigation, the Omni Complaints and Related Actions against the Knauf Defendants shall be stayed pending the settlement proceedings and further Orders of the Court. The stay will extend to all cases involving KPT Chinese Drywall filed on or before December 9, 2011, whether or not a Knauf Defendant is a party to the case….

2.  Lennar seeks clarification in connection with the language that extends the stay "to all cases involving KPT Chinese Drywall…," and objects to the extent this language could arguably be read to stay the prosecution of certain claims not involving KPT Chinese Drywall. For example, in *Lennar Homes, LLC, et al. v. Knauf Gips, KG, et al.*, Case No. 09-07901 CA 42, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Lennar has asserted claims against, among others, the Knauf Defendants and several other manufacturers of defective Chinese Drywall (*e.g.,* Taishan Gypsum Co. Ltd.). Because this case includes claims "against the Knauf Defendants" and "involves KPT Chinese Drywall", the stay language could arguably be read to mean that this entire case has been stayed, including those claims pending against Taishan Gypsum Co. Ltd. and others in the chain of distribution of that non-KPT Chinese Drywall. Stated simply, Lennar should be permitted to continue to pursue those non-KPT Chinese Drywall claims in an effort to recover the

---

[1] Lennar submits this objection without waiver of any of its defenses, including its defenses to jurisdiction and venue.

millions of dollars it has spent repairing homes containing non-KPT Chinese Drywall, even though the lawsuit includes certain separate claims "against the Knauf Defendants."

3. Lennar also objects to the extent the stay language could be read to prevent Lennar from continuing to pursue or defend against its and other insurers in pending coverage actions that might "involve KPT Chinese Drywall," among other types of defective Chinese Drywall, but which do not include claims "against the Knauf Defendants."

4. Lennar otherwise does not object to a limited stay[2] of prosecution of claims "against the Knauf Defendants," except to the extent homeowners or other plaintiffs are permitted to pursue claims against Lennar for damages caused by KPT Chinese Drywall (whether or not one or more of the Knauf Defendants are currently named as parties to those cases). If a plaintiff is permitted to prosecute claims against Lennar for damages caused by KPT Chinese Drywall, Lennar should be permitted to assert third party claims against the Knauf Defendants -- and all others in the chain of distribution of the KPT Chinese Drywall -- in those cases.

---

[2] Lennar reserves the right to raise additional objections to the indefinite nature of the stay, which appears to extend through the June 20-21, 2012, Final Fairness Hearing.

**WHEREFORE,** for all the foregoing reasons, Lennar respectfully objects to the Knauf Stay Order.

Dated:   January 17, 2012   Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Counsel for Lennar Corporation; Lennar Homes, LLC f/k/a Lennar Homes, Inc.; and U.S. Home Corporation*

333 Avenue of the Americas
(333 S.E. 2nd Avenue)
Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: bassh@gtlaw.com
Email: salkym@gtlaw.com

By:   /s/ Hilarie Bass
   HILARIE BASS
   Florida Bar No. 334323
   MARK A. SALKY
   Florida Bar No. 058221

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 17, 2012, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., Homebuilders' Liaison Counsel, Dorothy Wimberly, Esq., and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq., by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

/s/ Hilarie Bass
Hilarie Bass