IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | * * * | MDL NO. 2047 |
| | * * | SECTION: "L" |
| THIS DOCUMENTS RELATES TO: Block, et al vs. Knauf GIPS KG, et al Case No. 11-1363 (E.D.LA.) (Omnibus X) | * * * * | JUDGE FALLON |

*********************************************

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ON BEHALF OF DEFENDANT, PHILLIP W. GILES DRYWALL, LLC

Defendant, Phillip W. Giles Drywall, LLC, (hereinafter referred to as "Giles Drywall"), sets forth in this memorandum the reasons for its dismissal based on this Honorable Court's lack of personal jurisdiction over Giles Drywall in accordance with Fed. R. Civ. P. 12(b)(2).

### BACKGROUND

This matter involves a suit for damages wherein Greg and Andrea Vernon allege that they have suffered harm and damages due to installation of defective drywall by Giles Drywall, in their home located at 10571 Timber Ridge Drive, Loxley, AL 36551.

## ARGUMENT

**PLAINTIFFS DO NOT ALLEGE ANY GILES DRYWALL CONTACT WITH LOUISIANA AS A BASIS FOR THIS COURT TO EXERCISE PERSONAL JURISDICTION OVER IT.**

Close examination of the Omnibus Complaint (X) reveals only that plaintiffs are citizens of Alabama who own real property located at the Loxley, Alabama address.

Other allegations allege Giles Drywall has its principal place of business in Alabama, and that this defendant installed defective drywall which has resulted in harm and damage. Plaintiffs further ask for service on Giles Drywall at 21888 Cedar Lane, Silverhill, Alabama 36997

**ONCE CHALLENGED, IT IS THE PLAINTIFF'S BURDEN TO SHOW THAT PERSONAL JURISDICTION EXISTS.**

When a non-resident defendant seeks to be dismissed alleging a court's lack of personal jurisdiction, the plaintiff then has the burden to show that personal jurisdiction exists. D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542 (5th Cir. 1985). Kelvin Services, Inc. v. Lexington State Bank, 46 F.3d 13, at 14. A federal district court setting in diversity has personal jurisdiction over a non-resident defendant if (1) the forum state's long arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the due process clause of the Fourteenth Amendment. Latshaw v. Johnson, 167 F.3d 208, at 211. Louisiana's long arm statute extends jurisdiction to the full limits of due process. See La. R.S. 13:3201 (B).

The exercise of personal jurisdiction over a non-resident defendant satisfies due process when (1) defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimal contacts' with that state and (2) exercising personal jurisdiction over the defendant would not offend traditional notions of fair play and substantial justice. Latshaw at 211 (citing International Shoe v. State of Washington, 326 US 310, 316, 66 S.Ct. 154, 158, 90 L.ed. 95 (1945). The contacts with the forum state must be such that the defendant "should reasonably

anticipate being haled into court" there. <u>Latshaw</u> at 211 (citing <u>Worldwide Volkswagon Corp. v. Woodson</u>, 444 US 286, 397, 100 S.Ct. 559, 567, 62 LE. ED. 2nd 490 (1980).

The "minimum contacts" by a non-resident defendant can be classified as either "specific" or "general" personal jurisdiction depending on whether defendant's purposeful or intentional contacts arose from or were directly related to the alleged cause of action. If so, it is "specific"; if not, they give rise to "general" jurisdiction but only if the contacts are both continuous and systematic. A single act by a defendant directed at the forum state can be enough to confer personal jurisdiction if the cause of action arises out of that one act. <u>Ruston Gas Turbines, Inc. v. Donaldson Co.</u>, 9 F.34d 415, at 419 (5th Cir. 1993). Contacts between the forum state must be extensive to satisfy the "systematic and continuous" test. <u>Submersible Systems, Inc. v. Perforadora Central</u>, S.A. 219 F.3d 413, 419 (5th Cir. 2001)

Based on a review the allegations of the Block Omnibus (X) complaint, the plaintiffs who sued Giles Drywall have not alleged one fact that establish that Giles Drywall had any form of contact with the State of Louisiana, much less "minimum contacts" sufficient to find specific or general jurisdiction. Furthermore, attached hereto and marked as Exhibit "1" is the sworn Affidavit of Phillip W. Giles who established and has solely operated Giles Drywall. Mr. Giles' Affidavit clearly demonstrates that Giles Drywall has had no contract with Louisiana upon which personal jurisdiction could be based.

As Giles Drywall had no contacts with the State of Louisiana, neither the Louisiana Long Arm Statute at La. R.S. 13:3201 nor the due process clause of the Fourteenth Amendment, when viewed in a light most favorable to the plaintiffs, support this Court's exercise of personal jurisdiction over Giles Drywall here in the State of Louisiana. To force Giles Drywall to now defend itself in Louisiana before this Court would indeed offend traditional notions of fair play and substantial justice as articulated by the U.S. Supreme Court in its landmark decision in <u>International Shoe</u>, *supra*.

NEITHER MULTIDISTRICT LITIGATION NOR THE FACT THIS IS A CLASS ACTION UNDER THE CLASS ACTION FAIRNESS ACT (CAFA) 28 USC § 1332(d)(2) AND (d)(6) ALTERS IN ANY WAY THE DETERMINATION OF WHETHER THIS COURT HAS PERSONAL JURISDICTION OVER GILES DRYWALL.

The conversion from multidistrict litigation to a class action litigation has no bearing on the personal jurisdiction determination. In re: Train Derailment Near Amite, La on October 12, 2002, 2004 WL 224573(E.D.LA. 2/3/2004), the court stated it was unpersuaded that certification of a case involving a train derailment had any bearing on defendant's motion to dismiss for lack of personal jurisdiction. The court stated that the determination of personal jurisdiction depended solely on the defendant's conduct in and contacts with the forum state.

Multidistrict litigation also does not deprive defendant of any right entitled to judicial protection nor has Congress given any indication that by enacting 28 USC § 1407 it intended to expand the territorial limits of effective service. See In Re: Library Editions of Childrens Books, 299 F.Supp. 1139, 1142 (J.P.M.L. 1969).

## CONCLUSION

The Affidavit by Phillip W. Giles, and even the allegations by the plaintiffs establish no contact by Giles Drywall with the State of Louisiana upon which any claim for either "specific" or "general;" personal jurisdiction can be based.

That this is multi-district, class action litigation does not change the fundamental requirement that Giles Drywall be granted due process under the law. Phillip W. Giles Drywall, LLC should be dismissed on the basis this Honorable Court lacks personal jurisdiction over this Alabama limited liability company.

Respectfully submitted

BOGGS, LOEHN & RODRIGUE

ROBERT F. LAKEY (#7927)
CHARLES K. CHAUVIN (#27403)
3616 S. I-10 Service Road W., Suite 109
Metairie, Louisiana    70001
Telephone: (504) 828-1202
Facsimile:   (504) 828-1208
*Attorney for Phillip W. Giles Drywall, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been served on Liaison Counsel by e-mail and upon all Chinese Drywall parties by electronically uploading the same to LexisNexis File & Serve in accordance with PreTrial Order No. 6 and it was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19TH day of January, 2012.

ROBERT F. LAKEY

L:\ROB\CHINESE DRYWALL CASES\BLOCK V. GILES (0032011005) (4)\PLEADING\MEMO IN SUPP OF MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION ( 11-10-11) (UPDATED 1-18-12).DOCX

˅5˅