**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: CHINESE-MANUFACTURED | ) | MDL NO. 2:09-md-02047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION: "L" |
| | ) | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | ) | MAG. JUDGE WILKINSON |
| *Pate v. American International Specialty* | ) | |
| *Lines Insurance Company, et al.*, (09-7791) | ) | |
| (E.D. La.) | ) | |

**FCCI COMMERCIAL INSURANCE COMPANY AND**
**FCCI INSURANCE COMPANY'S MEMORANDUM IN SUPPORT**
**OF ITS MOTION TO LIFT STAY**

COME NOW, FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY (collectively "FCCI") and submit the following memorandum in support of its Motion to Lift Stay and show the Court the following:

## I.    BACKGROUND

Judge Pate, in his capacity as Trustee for the WCI Chinese Drywall Trust, filed a Complaint for Declaratory Judgment ("*Pate* action") naming insurers who issued policies directly to WCI Communities Inc. ("WCI") and insurers who issued policies to WCI's subcontractors. FCCI was named in the *Pate* action because it issued policies to some of WCI's subcontractors. Additionally, *Pate* alleges that WCI was a named or additional insured under such policies. FCCI issued policies to the following subcontractors: S.D. & Associates, Inc. ("S.D."), Residential Drywall, Inc. ("Residential") and Swedberg Enterprises, Inc. d/b/a/ Florida Drywall ("Swedberg"). *Pate* alleges that each of these entities installed defective Chinese drywall. Other entities insured by FCCI have also been named in MDL 2047, and FCCI has been sued directly in cases filed directly in MDL 2047.

The *Pate* action is currently stayed pursuant to Pre-Trial Order 1, as amended. FCCI requests the Court lift the stay of the *Pate* action to allow FCCI to file a motion for summary judgment. The proposed motion would be limited to the issue of insurance coverage under the FCCI policies for claims related to Chinese-manufactured drywall. Lifting the stay for this limited purpose will avoid piecemeal litigation and further settlement negotiations by clarifying the positions of the Parties regarding insurance coverage.

## II.      ARGUMENT

### A.      Lifting the Stay will Avoid Piecemeal Litigation

The central purpose of creating multi-district litigation is to promote "just and efficient" conduct of complex actions by centralizing "in one district . . . all pretrial proceedings." *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51 (2d Cir. 1978).  Having one court rule on pretrial motions avoids the need for multiple judges throughout the country to rule on similar or identical issues. *Id.* It also avoids complications that can arise if various judges issue inconsistent rulings. *Id.*

Thus far, FCCI and other insurers have litigated declaratory judgment actions throughout the country against individual insureds. While this approach is preferable to having insurers, insureds, and plaintiffs left in the dark about the availability of insurance coverage, it is not ideal. A more economical approach is for this Court to rule on significant coverage issues that affect multiple parties. FCCI's motion for summary judgment will present such issues, the most significant of which is the applicability of the pollution exclusion to Chinese-manufactured drywall claims.

One of the main drawbacks to consolidating pretrial proceedings is that a single federal judge often will be asked to rule on issues of state law that affect residents of multiple states. Such decisions are usually best resolved by state or federal judges in the particular states, as such judges have the more experience with the relevant state law. Here, however, numerous Florida courts have

ruled consistently on the issues that will be presented in FCCI's motion for summary judgment. (*See* attached as Exhibit A, nine Orders ruling that there is no coverage for Chinese drywall damage under the FCCI policies.[1]) To date, every Florida judge that has examined the issue has held that the total pollution exclusion eliminates coverage for Chinese-manufactured drywall claims. *See id.* This Court will therefore not be writing on a blank slate or be asked to guess how Florida courts would decide the issue. Unlike the individual Florida cases, however, an order from this Court would have broad, class-wide applicability.

**B.      Lifting the Stay will Further Settlement Negotiations**

Like a bellwether trial in multidistrict litigation, a decision by this Court on the applicability of the pollution exclusion to Chinese-manufactured drywall claims will further ongoing settlement negotiations in MDL 2047. *See* Eldon E, Fallon et al, *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2340-42 (2002) (discussing the benefits of bellwether trials in furthering global settlement discussions). Many of the complicated discussions surrounding recent settlement negotiations involve matters of insurance coverage – specifically, the potential application of the pollution exclusion. A ruling from this Court, as opposed to individual state courts, would provide much needed clarity on this issue, thus benefitting all interested parties. This clarification would simplify settlement negotiations and speed up the negotiation process, which is a goal of this Court. Therefore, this Court should lift the stay to allow FCCI to file a motion for summary judgment.

**III.      CONCLUSION**

For the foregoing reasons, Defendant FCCI respectfully requests that this Court lift the stay in the *Pate* action so that FCCI may file a motion for summary judgment.

---

[1] In FCCI Ins. Co. v. All Florida Drywall Supplies, Inc., in the 13th Judicial Circuit in and for Hillsborough County, FL, Case No. 11-CA-009012,  a hearing was held on January 18, 2012 on FCCI's Motion for Summary Judgment.  As of this date, the Judge has not issued an order.

This 20th day of January, 2012.

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for FCCI COMMERCIAL INSURANCE
COMPANY and FCCI INSURANCE COMPANY

BY: /S/ ROBERT M. DARROCH
   ROBERT M. DARROCH
   GA State Bar No.:  205490
   3340 Peachtree Road NE, Suite 2100
   Atlanta, GA 30326-1084
   Phone:  (404) 264-1500
   Fax:    (404) 264-1737
   rdarroch@gmlj.com

   AND

MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC

By: /s/ PATRICK E. COSTELLO
   PATRICK E. COSTELLO (#26619)
   JACQUES P. DeGRUY (#29144)
   4250 One Shell Square
   701 Poydras Street
   New Orleans, Louisiana  70139
   Telephone: 504-595-3000
   Facsimile: 504-522-2121
   pcostello@mblb.com
   jdegruy@mblb.com

-5-

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6 on this 20th day of January, 2012, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/ PATRICK E. COSTELLO
PATRICK E. COSTELLO (#26619)
pcostello@mblb.com