January 8, 2012

Judge Eldon Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA   70130

RE:   MDL No. 2047
      Chinese Drywall Litigation

Class Members:   James E. & Joanne E. Haseltine
                 12020 Creole Court
                 Parrish, FL   34219

Attorney for Class Members:   Mr. Darren Inverso,
                              Norton, Hammersley, Lopez & Skokos, P.A.
                              1819 Main St.   Ste 610
                              Sarasota, FL   34236

Gentlemen,

My wife and I have neither the resources nor the will to bring a separate lawsuit against Banner Supply, or the other defendants in the MDL, however we would like to express our concerns relating to the Banner proposed settlement while not opting out of the MDL.

First, our wallboard manufacturer was Taishan Gypsum Co., which is not a party to the MDL, but which, in a separate case, was found negligent by Judge Fallon's court to the tune of $2.6 million for seven Virginia homeowners.   While the ruling may produce nothing for the Virginia homeowners, it's an average of $371,000 per homeowner.   By comparison, if I subtract 32% from the proposed Banner settlement for attorney fees and divide the result by approximately 2,100 plaintiffs, we get approximately $17,100 per homeowner.

We will get nothing from the Taishan Gypsum Company.   The Court may decide that we get something from the builder, Vernon Homes, if they don't file bankruptcy first.   So it is conceivable that, if the Banner settlement is accepted, $17,100 may be all we get in return for well over $100,000 in remedial expenses.

Recently, Knauf Gips, KG, has come to a preliminary settlement with the Court.   Thus, some plaintiffs covered by the Banner settlement will be compensated by both settlement agreements.   However, plaintiffs in our scenario are stuck with only a single source for recovery.   That being said we are requesting that we are given consideration for our limited source of recovery and be allotted a sum commensurate with our remediation costs which is roughly $121,000.00.   Absent additional recovery in the Banner settlement my

wife and I will be stuck in a situation where we will never be compensated for our great loss.

There is evidence provided through newspaper articles in Pro Publica and the Sarasota Herald Tribune that Banner Supply was aware of problems with Chinese Drywall long before it was publicly known, and that they continued to sell the defective product. Copies of these articles may be provided on request.

At this point we state for the record that we oppose the Banner Supply settlement to the extent that the sums available are too low.   However, given the course of this litigation and limited probability of additional recover it appears that we have no other choice but to accept the Banner terms and ask that we are given special consideration for additional recovery as mentioned above.

We do not intend to appear at the Fairness Hearing.


Signed:                                                                           Signed:

*James E. Haseltine*                                                    *Joanne E. Haseltine*
James E. Haseltine                                                       Joanne E. Haseltine