**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND | JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| *Vickers, et al. v. Knauf Gips KG, et al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | |
| *Gross, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-06690 (E.D. La.) | |
| *Payton, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-07628 (E.D. La.) | |
| *Rogers, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:10-cv-00362 (E.D. La.) | |
| *Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 2:11-cv-00252 (E.D. La.) | |
| *Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 2:11-cv-01363 (E.D. La.) | |
| *Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 2:11-cv-02349 (E.D. La.) | |
| *Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 2:11-cv-03023 (E.D. La.) | |

**BANNER ENTITIES' RESPONSE TO VARIOUS OBJECTIONS TO STAY OF ALL CLAIMS INVOLVING KPT DRYWALL**

Defendants Banner Supply Company; Banner Supply Company Pompano, LLC; Banner

Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply

Company Port St. Lucie, LLC; and Banner Supply International, LLC (collectively, "Banner"), by and through undersigned counsel, respectfully submit this response to objections raised against the stay of "all cases involving KPT Chinese Drywall filed on or before December 9, 2011, whether or not a Knauf Defendant[1] is a party to the case, unless an objection is filed with the Court" (the "Knauf Stay") as set forth in this Court's Order Preliminarily Approving Knauf Settlement, Conditionally Certifying a Knauf Settlement Class, Issuing Class Notice, Scheduling a Settlement Fairness Hearing, and Staying Claims as to the Knauf Defendants, dated January 10, 2012. (Rec. Doc. 12138)  Specifically, Banner opposes an objection raised within Various State Court Plaintiffs' Objection to Stay of Claims Involving KPT Drywall. (Rec. Docs. 12174 & 12183).

Plaintiffs represented by Roberts & Durkee PA and Milstein Adelman LLP, as well as VM Diaz & Partners, LLC, object to the Knauf Stay to the extent it "stays claims against state court defendants who are not participants in the settlement and in matters in which Knauf is not named as a party." (Rec. Doc. 12174)  However, the Knauf Settlement Agreement defines the Settlement Class as "all members of one of the three Subclasses . . . who, as of December 9, 2011, filed a lawsuit in the Litigation as a named plaintiff (*i.e.*, not an absent class member) asserting claims arising from, or otherwise related to, KPT Chinese Drywall, whether or not the Knauf Defendants are named parties to the lawsuit."  (Rec. Doc. 12061-5 § 1.1.2)  Further, regardless of whether Knauf Defendants are named parties within a particular suit, the Class Release established by the Knauf Settlement Agreement requires that "all Participating Class Members, and anyone claiming by, through and/or on behalf of any of them, hereby fully,

---

[1] Capitalized terms have the same meaning as defined in the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (the "Knauf Settlement Agreement").  (Rec. Doc. 12061-5)

2

finally, and forever release . . . all Released Claims[2] . . . against the Knauf Defendants and the Other Releasees"[3] and "be forever barred and enjoined from prosecuting any action against the Knauf Defendants and the Other Releasees asserting any and/or all Released Claims."  (*Id*. §§ 5.2.1 & 5.2.2)

Therefore, the Knauf Stay appropriately governs all cases involving KPT Chinese Drywall because all Participating Class Members' claims against Other Releasees arising out of KPT Chinese Drywall will be fully extinguished by the Knauf Settlement regardless of whether Knauf Defendants are named in any particular action.  There is no justification for the time and expense necessitated by prosecution of such claims while plaintiffs remain within the Knauf Settlement Class.  Furthermore, there is no principled reason for distinguishing cases where Knauf Defendants are not currently named as parties, given that plaintiffs' claims arising out of KPT Chinese Drywall would necessarily enable third party defendants such as Banner to implead Knauf Defendants as to claims of indemnification and contribution.  For all of these reasons, the Court should overrule this objection.

---

[2]  The Knauf Settlement Agreement establishes that Released Claims "shall mean any and all claims against any Released Party whatsoever [i.e. Knauf Defendants and Other Releasees (Rec. Doc. 12061-5 § 1.60)] arising out of, in any manner related to, or connected in any way with KPT Chinese Drywall."  (*Id.* § 5.1.1)
[3]  The Knauf Settlement Agreement establishes that Other Releasee "shall mean any person or entity that supplied, installed or facilitated and/or assisted in such supply or installation of KPT Chinese Drywall, including but not limited to, Banner."  (*Id.* § 1.48)

Respectfully submitted, this 23rd day of January, 2012.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Michael A. Sexton*
**MICHAEL A. SEXTON**
Georgia Bar Number: 636489
**NICHOLAS P. PANAYOTOPOULOS**
Georgia Bar No. 560679
**STEPHEN J. RAPP**
Georgia Bar Number: 103806
3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Telephone (404)876-2700
msexton@wwhgd.com
*Counsel for Banner Supply Company; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; and Banner Supply International, LLC*

**PETERSON & ESPINO, P.A.**

**MICHAEL P. PETERSON**
Florida Bar Number: 982040
10631 S.W. 88th Street, Suite 220
Miami, Florida 33176
Telephone: (305) 270-3773
E-mail:  mpeterson@petersonespino.com
*Counsel for Banner Supply Company Port St. Lucie, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Banner Entities' Response to Various Objections to Stay of Claims Involving KPT Chinese Drywall has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 23rd day of January, 2012.

                                         WEINBERG, WHEELER, HUDGINS,
                                         GUNN & DIAL, LLC

                                         */s/ Michael A. Sexton*
                                         **MICHAEL A. SEXTON**
                                         Georgia Bar Number: 636489