UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------------x
IN RE: CHINESE MANUFACTURED           :     MDL NO. 2047
DRYWALL PRODUCTS LIABILITY            :
LITIGATION                            :     SECTION:     L
------------------------------------------------------------x
THIS DOCUMENT RELATES TO:             :     JUDGE FALLON
                                      :
ALL CASES                             :     MAG. JUDGE WILKINSON
------------------------------------------------------------x

**JOINT RESPONSE OF SETTLING PARTIES IN OPPOSITION TO SOUTHERN HOMES' MOTION TO SET AN EVIDENTIARY HEARING TO DETERMINE SECURITY**

The Knauf Defendants[1] and the PSC submit this opposition to the motion of Southern Homes, LLC, Tallow Creek, LLC and Springhill, LLC ("Southern Homes") for a hearing to determine security under Federal Rule of Civil Procedure 65(c) [Rec. Doc. No. 12197].[2]

On January 10, 2012, this Court entered the Order Preliminarily Approving Knauf Settlement, Conditionally Certifying a Knauf Settlement Class, Issuing Class Notice, Scheduling a Settlement Fairness Hearing, and Staying Claims as to the Knauf Defendants [Rec. Doc. No. 12138] ("Preliminary Approval Order"). In the Preliminary Approval Order, the Court issued the following limited stay: "Prosecution of the Litigation, the Omni Complaints and Related

---

[1]  The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu"), Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG ("Gips"), Gebreuder Knauf Verwaltungsgesellschaft KG ("GKV"), Knauf International GmbH ("International"), Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2]  Southern Homes sought the same relief in connection with a stay of litigation against InEx, imposed when the Court preliminary approved the InEx settlement [Rec. Doc. No 9501]. The PSC, InEx and its insurers opposed that motion [Rec. Doc. Nos. 9609, 9632, 9742]. That motion is pending.

Actions against the Knauf Defendants shall be stayed pending the settlement proceedings and further Orders of the Court.  The stay will extend to all cases involving KPT Chinese Drywall filed on or before December 9, 2011 …."  Preliminary Approval Order at 28.

Southern Homes is a plaintiff in a Related Action pending in Louisiana state court in which it has named KPT, Wuhu, Gips, GKV, International and KI, among others, as defendants.  *See* Southern Homes Mem. Ex. A.  In its state court action, Southern Homes asserts "claims for indemnity damages and defense" against those Knauf Defendants.  Southern Homes Mem. at 3.  Southern Homes' state court action is a Related Action subject to the limited stay in the Preliminary Approval Order.  Southern Homes seeks to require the Knauf Defendants to provide security for the limited stay in the Preliminary Approval Order.

Southern Homes' motion to require the Knauf Defendants to provide security for the limited stay in the Preliminary Approval Order should be denied for two independent reasons.[3]  First, Federal Rule of Civil Procedure 65(c) does not even apply where, as here, the Court exercises its authority under the All Writs Act in aid of its jurisdiction.  *See*, *e.g.*, *Magidson v. Duggan*, 180 F.2d 473, 479 (8th Cir. 1950); *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1374 (S.D. Tex. 1995), *aff'd*, 231 F.3d 165 (5th Cir. 2000).  Second, even assuming that Rule 65(c) applies, "the court 'may elect to require no security at all'" where there is no likelihood that the enjoined party will incur damages as a result of the injunction.  *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (citation omitted).  There is no basis to require security here because the limited stay of litigation pending consideration of final approval of the Knauf

---

[3]  Southern Homes also has objected to the stay [Rec. Doc. No. 12185].  The Knauf Defendants and the PSC have responded to Southern Homes' objections in the Joint Response of Settling Parties to Objections of Various Unidentified State Court Plaintiffs and Certain Builders to Stay of Claims Involving KPT Chinese Drywall ("Joint Response").

settlement will not damage Southern Homes even if the injunction is subsequently determined to have been wrongfully entered. If the Knauf settlement becomes final and Southern Homes' insurer(s) participate in the Prospective Insurer Agreement, all Participating Class Members will release their claims against Southern Homes and Southern Homes will release its claims against the Knauf Defendants. If the Knauf settlement does not become final or Southern Homes' insurer(s) do not participate in the Prospective Insurer Agreement, or to the extent that Class Members opt-out of the Knauf settlement, Southern Homes' claims against the Knauf Defendants will not have been impaired or affected in any way.

I.  **RULE 65(c) DOES NOT APPLY WHERE THE COURT EXERCISES ITS AUTHORITY IN AID OF ITS JURISDICTION UNDER THE ALL WRITS ACT**

As explained in greater detail in the Joint Response, this Court has the authority under the All Writs Act (28 U.S.C. § 1651), and consistent with the Anti-Injunction Act (28 U.S.C. § 2283), to stay claims involving KPT Chinese Drywall in aid of the Court's jurisdiction pending consideration of the Knauf settlement. This Court already has held that it had such authority to enter a similar stay of litigation in connection with preliminary approval of the InEx settlement. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2011 WL 2313866, at *7 (E.D. La. June 9, 2011) ("the Court upholds the stay in the Preliminary Approval Order pursuant to its authority under the All Writs Act and the Anti-Injunction Act's necessary in aid of jurisdiction exception"). Indeed, "[d]istrict courts often issue injunctions against related state proceedings when a settlement has been at least preliminarily approved." *Kaufman v. Am. Express Travel Related Serv. Co., Inc.*, 264 F.R.D. 438, 450 (N.D. Ill. 2009). Southern Homes has not cited a single case that holds that Rule 65(c) applies when the Court exercises its authority in aid of its jurisdiction under the All Writs Act. The case law is to the contrary.

In the InEx Preliminary Approval Order, this Court held that "the traditional preliminary injunction requirements do not need to be satisfied, when, as has occurred in the present case, an injunction on state court proceedings is authorized by the Court's jurisdiction under the All Writs Act," but nevertheless found "that the statutory requirements of Rule 65 are to be satisfied for an injunction to issue under the All Writs Act." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2011 WL 2313866, at *8. In particular, the Court held that the notice requirements of Rule 65(a) and the specificity requirements of Rule 65(d) apply to injunctions issued under the All Writs Act. *Id.* At that time, the Court did not address Rule 65(c). As explained below, Rule 65(c) does not apply where, as here, the Court exercises its authority under the All Writs Act.

In the seminal case of *In re Baldwin-United Corporation*, 770 F.2d 328, 338 (2d Cir. 1985), the Second Circuit noted that "[i]njunctions issued under the authority of the All Writs Act stem from very different concerns than those motivating preliminary injunctions governed by Fed. R. Civ. P. 65." As the Court explained, "[p]reliminary injunctions under Rule 65 are designed to preserve the status quo between the parties before the court pending a decision on the merits of the case at hand," while "injunctions such as that issued here [against litigation pending approval of class action settlements] are needed to prevent third parties from thwarting the court's ability to reach and resolve the merits of the federal suit before it." *Id.* at 338-39. As a result, the Court held that "[w]hile the issuance of the injunction here did not comply with the requirements that Fed. R. Civ. P. 65 prescribes for the issuance of preliminary injunctions, that is not a fatal defect." *Id.* at 338; *see Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) ("The requirements for a traditional injunction do not apply to injunctions under the All Writs Act because a court's traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate concerns"). Nonetheless, the Court of Appeals, like this Court,

held that injunctions issued under the All Writs Act should satisfy the notice requirements of Rule 65(a) and the specificity requirements of Rule 65(d) and did not explicitly address Rule 65(c). *In re Baldwin-United Corp.*, 770 F.2d at 339-40.

In light of the different concerns supporting injunctions issued under the All Writs Act, there is no reason why the Court's authority to preserve its jurisdiction under the All Writs Act should be conditioned on the provision of security under Rule 65(c). Those courts that have addressed Rule 65(c) in the context of injunctions in aid of the court's jurisdiction under the All Writs Act have held that Rule 65(c) does not apply. For example, in *Magidson v. Duggan*, 180 F.2d 473, 479 (8th Cir. 1950), the Eighth Circuit held that "[t]he temporary and permanent injunctions issued by the trial court in the instant case were to aid and preserve the court's jurisdiction over the subject matter involved and as such were not limited by Rule 65(c)." Similarly, in *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1374 (S.D. Tex. 1995), *aff'd*, 231 F.3d 165 (5th Cir. 2000), the court entered an injunction against parallel litigation in aid of its jurisdiction under the All Writs Act. In doing so, the court held that "no security pursuant to Fed. R. Civ. P. 65(c) is necessary because the primary purpose of this Memorandum and Order is to preserve the court's ability to effectively rule on matters presently before it, to order meaningful relief with respect to motions pending before it, and to prevent abuse of the judicial system." *Id.* at 1375;[4] *accord Ferguson v. Tabah*, 288 F.2d 665, 675 (2d Cir. 1961) ("it has been held proper for the court to require no bond [under Rule 65(c)] where there has been no proof of likelihood of harm, or where the injunctive order was issued 'to aid and preserve the court's jurisdiction over the subject matter involved'") (citations omitted); *ProBatter Sports, LLC v.*

---

[4] In affirming, the Fifth Circuit did not explicitly address the district court's holding regarding security under Rule 65(c).

*Joyner Technologies, Inc.*, 463 F. Supp. 2d 949, 957-58 (N.D. Iowa 2006) ("Because the antisuit injunction the court issues in this order is designed to aid and preserve the court's jurisdiction over the various claims …, no bond is required"); *Zenith Radio Corp. v. United States*, 518 F. Supp. 1347, 1349 (C.I.T. 1981) ("where a federal court issues a preliminary injunction in aid of and in preservation of its jurisdiction, no security need be required pursuant to rule 65(c)"); *Powelton Civic Home Owners Ass'n v. Department of Housing and Urban Dev.*, 284 F. Supp. 809, 839 (E.D. Pa. 1968) ("F. R. Civ. P. 65(c) is not applicable when the preliminary injunction has been issued in order to preserve the court's subject matter jurisdiction"); *Bivins v. Bd. of Pub. Educ. & Orphanage for Bibb County*, 284 F. Supp. 888, 899 (M.D. Ga. 1967) ("And it is equally clear that no bond is required where the preliminary injunction frequently referred to as 'protective' in nature is issued to preserve the trial court's jurisdiction over the subject matter involved").

Accordingly, the Court should deny Southern Homes' motion on the ground that Rule 65(c) does not even apply.

**II.    THERE IS NO BASIS TO REQUIRE SECURITY EVEN ASSUMING RULE 65(c) APPLIES BECAUSE THERE IS NO LIKELIHOOD THAT SOUTHERN HOMES WILL INCUR DAMAGE AS A RESULT OF THE STAY**

Even if Rule 65(c) applies, no security would be required. Rule 65(c) provides: "The court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." As the Fifth Circuit has held, "the amount of security required pursuant to Rule 65(c) 'is a matter for the discretion of the trial court" and, therefore, "the court 'may elect to require no security at all.'" *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (quoting *Corrigan Dispatch Co. v. Casa Guzman*, 569

F.2d 300, 303 (5th Cir. 1978)).  In *Kaepa*, the Court of Appeals affirmed the issuance of an injunction prohibiting the defendant from litigating a parallel action it had filed in Japan.  In doing so, the Court held that "the district court did not violate Rule 65(c) by failing to compel [the plaintiff] to post a bond" because the "injunction can only work to avoid damages, not cause them."  *Kaepa*, 76 F.3d at 628 & n.20; *accord International Controls Corp. v. Vesco*, 490 F.2d 1334, 1356 (2d Cir. 1974) ("the district court may dispense with security where there has been no proof of likelihood of harm to the party enjoined"); *Continental Oil Co. v. Frontier Refining Co.*, 388 F.2d 780, 782 (10th Cir. 1964) ("Under [Rule 65(c)], the trial judge has wide discretion in the matter of requiring security and if there is an absence of proof showing a likelihood of harm, certainly no bond is necessary"); *Urbain v. Knapp Bros. Mfg. Co*, 217 F.2d 810, 815-16 (6th Cir. 1954) ("the matter of requiring security in each case rests in the discretion of the District Judge").

Consistent with *Kaepa*, many courts have declined to require security under Rule 65(c) where there is no need to protect the enjoined party from potential damages should the injunction subsequently be determined to have been wrongfully entered.  For example, in *BAC Home Loans Servicing, LP v. Texas Realty Holdings, LLC*, 2010 WL 3522981, at *5 (S.D. Tex. July 6, 2010), the court declined to require security under Rule 65(c) where "the court has narrowly tailored the injunction in such a way as should prevent any damages to" the enjoined party.  In that case, the Court entered an injunction that prevented a party "from transferring her properties [absent agreement of the plaintiff or leave of Court] but [did] not prevent [the party] from conducting business or otherwise using her properties."  *Accord  Allied Home Mortgage Corp. v. Donovan*, 2011 WL 5553645, at *9 (S.D. Tex. Nov. 15, 2011) (entering injunction without requirement of

security); *Rudney v. International Offshore Servs., L.L.C.*, 2007 WL 2900230, at *5 (E.D. La. Oct. 1, 2007) (same); *Doe v. Miller*, 216 F.R.D. 462, 472 (S.D. Iowa 2003) (same).

Southern Homes' contention that it might incur damages if it is found to have been wrongfully enjoined rests on the false premise that it might "be unable to prosecute [its] vested claims" against the Knauf Defendants. Southern Homes Mem. at 3. All that the Preliminary Approval Order accomplishes is to preserve the Court's jurisdiction to consider final approval of the Knauf settlement without interference with or depletion of assets devoted to the settlement that might be occasioned by the prosecution of parallel litigation. Nothing in the Preliminary Approval Order or the Knauf settlement divests Southern Homes of its rights with respect to its claims against the Knauf Defendants.

If the Knauf settlement is finally approved and Southern Homes' insurer(s) participate in the Prospective Insurer Agreement, all Participating Class Members will release their claims against Southern Homes, and the Knauf Defendants and Southern Homes will exchange mutual releases. To that extent, there will be nothing remaining for Southern Homes to litigate and it will not be injured by the stay. Alternatively, if the Knauf settlement is not finally approved or Southern Homes insurer(s) do not participate in the Prospective Insurer Agreement, or to the extent that Class Members opt-out of the settlement, Southern Homes' claims with respect to the Knauf Defendants will not be affected in any way. In that event, Southern Homes will be free to pursue its claims after final approval. In all events, the limited stay in the Preliminary Approval Order will not damage Southern Homes. Accordingly, there is no basis to require security even assuming that Rule 65(c) applies.

## CONCLUSION

For the reasons set forth above, this Court should deny Southern Homes' motion to set an evidentiary hearing to determine security.

Dated:  January 23, 2012                                  Respectfully submitted,

| | |
|---|---|
| RUSS M. HERMAN (#6819) | By:  Kyle A. Spaulding |
| LEONARD A. DAVIS (#14190) | MILES P. CLEMENTS (#4184) |
| STEPHEN J. HERMAN (# #23129) | PETER E. SPERLING (#17812) |
| HERMAN, HERMAN, KATZ & | KERRY J. MILLER (#24562) |
|   COTLAR, LLP | KYLE A. SPAULDING (#29000) |
| 820 O'Keefe Avenue | PAUL C. THIBODEAUX (#29446) |
| New Orleans, LA 70113 | FRILOT L.L.C. |
| Phone:  (504) 581-4892 | 1100 Poydras Street |
| Facsimile:  (504) 561-6024 | Suite 3700 |
| Email:  LDavis@hhkc.com | New Orleans, LA 70163 |
| | Telephone:  (504) 599-8194 |
| *Plaintiffs' Liaison Counsel* | Facsimile:  (504) 599-8145 |
| | Email:  kmiller@frilot.com |
| ARNOLD LEVIN | |
| FRED S. LONGER | - AND - |
| SANDRA L. DUGGAN | |
| MATTHEW C. GAUGHAN | STEVEN GLICKSTEIN (NY Bar No. 1038157) |
| LEVIN, FISHBEIN, SEDRAN & | JAY P. MAYESH (NY Bar No. 1081603) |
|   BERMAN | KAYE SCHOLER LLP |
| 510 Walnut Street | 425 Park Avenue |
| Philadelphia, PA 19106 | New York, NY 10022 |
| Phone:  (215) 592-1500 | Telephone:  (212) 836-8485 |
| Facsimile:  (215) 592-4663 | Facsimile:  (212) 836-6485 |
| Email:  ALevin@lfsblaw.com | Email:  sglickstein@kayescholer.com |
| | |
| *Plaintiffs' Lead Counsel* | *Counsel for the Knauf Defendants* |

### PLAINTIFFS' STTERING COMMITTEE

| | |
|---|---|
| Dawn M. Barrios | Daniel E. Becnel, Jr. |
| BARRIOS, KINGSDORF & CASTEIX, LLP | BECNEL LAW FIRM, LLC |
| 701 Poydras Street | P.O. Drawer H |
| New Orleans, LA 70139 | 106 W. Seventh Street |
| Phone:  (504) 524-3300 | Reserve, LA 70084 |
| Fax:  (504) 524-3313 | Phone:  (985) 536-1186 |
| Barrios@bkc-law.com | Fax:  (985) 536-6445 |
| | dbecnel@becnellaw.com |

Robert C. Josefsberg
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 3558-2382
rjosefsberg@podhurst.com

Bruce William Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
COLSON, HICKS, EDISON, COLSON,
 MATTHEWS, MARTINEZ, GONZALES,
 KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
 ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh. P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
 & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerold Seth Parker
PARKER, WAICHMAN, ALONSO, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
LUMPKIN & REEVES
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
SEEGER WEISS, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
WHITFIELD BRYSON & MASON LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000

Richard J. Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

### OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

### SETTLMENT CLASS COUNSEL

Arnold Levin
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
ALevin@lfsblaw.com

Russ M. Herman (#6819)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhkc.com

### SUBCLASS COUNSEL

Ervin A. Gonzalez
COLSON, HICKS, EDISON, COLSON,
 MATTHEWS, MARTINEZ, GONZALES,
 KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

*Proposed Subclass Counsel for the Residential Owner Subclass*

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
 & WARSHAUER, LLC

Bruce William Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

*Proposed Subclass Counsel for the Tenant Subclass*

2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

*Proposed Subclass Counsel for the
Commercial Owner Subclass*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Joint Response of Settling Parties to Southern Homes' Motion to Set an Evidentiary Hearing to Determine Security has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 23rd day of January, 2012.

                                            /s/ Kyle Spaulding