UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047<br><br>SECTION: L |
| This document relates to: | * * | JUDGE: FALLON |
| *Wiltz v. Beijing New Building Materials Public Limited Co.*<br>No. 10-361 | * * * * | MAG. JUDGE WILKINSON |
| *Payton v. Knauf Gips, KG*<br>No. 09-7628 | * * * | |
| *Silva v. Arch Insurance Co.*<br>No. 09-8034 | * * * | |
| *Silva v. Interior Exterior Building Supply, LP*<br>No. 09-8030 | * * * | |
| *Gross v. Knauf Gips, KG*<br>No. 09-6690 | * * * | |
| *Rogers v. Knauf Gips, KG*<br>No. 10-362 | * * * | |
| *Amato v. Liberty Mutual Insurance Co.*<br>No. 10-932 | * * * | |
| *Abel v. Taishan Gypsum Co., Ltd.*<br>No. 11-80 | * * * | |
| *Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG*<br>No. 11-252 | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER & REASONS

Before the Court is Southern Homes, LLC, Tallow Creek, LLC, and Springhill, LLC's ("Southern") Motion to Set Evidentiary Hearing to Determine Security (R. Doc. 9501).

1

Therein Southern seeks an evidentiary hearing to determine the proper security for the injunctive orders relating to Southern's parallel state-court proceedings against Interior Exterior Building Supply, LP ("InEx") and Graf's Drywall. *See id.* For the following reasons, IT IS ORDERED that Southern's Motion is DENIED.

**I.     BACKGROUND**

On June 15, 2009, this Court was designated as the transferee court for federal cases involving Chinese-manufactured drywall, creating Multi-District Litigation 2047. Since the inception of MDL 2047, numerous cases have been consolidated before this Court. Included within these cases are claims against InEx, as well as its primary insurers, Arch Insurance Co. ("Arch") and Liberty Mutual Fire Insurance Co. ("Liberty"). After conducting extensive discovery and depositions, and scheduling a class certification hearing and a trial, on April 25, 2011, InEx, Arch, Liberty, and the Plaintiffs' Steering Committee ("PSC") entered into the InEx Settlement Agreement, a class action settlement which requires the tendering of all of InEx's primary insurance coverage as compensation for the claims against it in the litigation.

Because of the nature of the InEx Settlement Agreement, before it can be finalized, Federal Rule of Civil Procedure 23 requires Court approval. Accordingly, on May 6, 2011, the Court began the first step for Rule 23 approval when it presided over a preliminary approval hearing. After reviewing numerous briefs, both supporting and opposing preliminary approval, and hearing from the parties on oral argument, the Court ruled from the bench, preliminarily approving the InEx Settlement Agreement. Thereafter, the Court issued a written Preliminary Approval Order which included a number of rulings and terms, including a schedule for notice to be issued and a final fairness hearing, as well as a stay order on related proceedings during the Rule 23 approval process.

*See* (R. Doc. 8818).  It is this stay order which is at issue in the present Motion.

Southern is a defendant homebuilder involved in the MDL litigation, but is also a plaintiff with claims against InEx, as well as its installer Graf's Drywall, in a case filed on June 25, 2009, in the Orleans Parish Civil District Court ("CDC"), *Southern Homes, LLC v. Interior/Exterior Building Supply, LP*, Case No. 09-6564.  In the state court case, Southern filed a motion for summary judgment against InEx, alleging that pursuant to Louisiana's law on redhibition, InEx is liable to Southern for damages relating to any defective Chinese-manufactured drywall which Southern installed while building or remodeling homes in Louisiana.  After conducting discovery, the motion was set for hearing by the state court on June 16, 2011.  This state court proceeding is stayed by the Court's Preliminary Approval Order of the InEx Settlement Agreement.  *See* (R. Doc. 8818).

Southern filed a Motion for Partial New Trial Regarding Stay Issued in the Preliminary Approval Order, or, in the Alternative, Motion to Alter or Amend the Order (R. Doc. 8848) in an effort to challenge the stay order issued in the Court's Preliminary Approval Order.  The Court denied this Motion.  *See* (R. Doc. 9415).  Southern then filed a Notice of Appeal.  (R. Doc. 9643).

## II.   PRESENT MOTION

### A.   Southern's Motion

Southern filed the present Motion seeking an order scheduling a hearing to determine the proper amount of security for costs and damages of the stay issued in the Preliminary Approval Order should Southern be found to have been wrongfully enjoined.  Southern argues that Federal Rule of Civil Procedure 65(c)'s security requirement must be satisfied because the Court previously held that its stay order must comply with the Rule 65 procedural requirements.  According to Southern, this security is warranted because the claims against it for its role as a homebuilder who

used Chinese drywall are ongoing, but it is prevented from pursuing its own Chinese drywall-related claims of redhibition and contractual indemnity against InEx and Graf's because of the stay order. At oral argument, Southern reiterated its arguments in its brief, citing several cases which it claims support its right to security.

### B.    Response by Plaintiffs' Steering Committee, Class Counsel & Subclass Counsel

The Plaintiffs' Steering Committee, Class Counsel, and Subclass Counsel (collectively the "PSC") filed a Response in opposition to Southern's Motion. (R. Doc. 9606). The PSC contends that the Court properly enjoined the state court litigation against InEx, pending further settlement proceedings, and this injunction does not entitle Southern to security.

At oral argument, the PSC noted that the Court entered the stay pursuant to its authority under the All Writs Act, not Rule 65, and thus no security is required. Further, the PSC clarified that the stay is not against Southern individually, but rather the entire putative class.

### C.    Liberty Mutual Fire Insurance Company's Response

Liberty Mutual Fire Insurance Company filed a Response in opposition to Southern's Motion. (R. Doc. 9632). Liberty adopts the arguments raised by the PSC. It also argues that Southern had not demonstrated a need for security, especially given that the settlement proceeds are in Southern's favor.

### D.    Interior Exterior Building Supply, L.P.'s Response

Interior Exterior Building Supply, L.P. filed a Response in opposition to Southern's Motion. (R. Doc. 9742). First, InEx argues that Southern has failed to establish the necessity of security under the circumstances of the limited and temporary stay at issue. Second, InEx claims that Rule 65(c) does not apply to a stay issued to protect the Court's jurisdiction over the subject matter of the

action. Third, and finally, InEx claims the Court has the discretion to not require a bond under Rule 65(c).

### III.   LAW & ANALYSIS

The Court previously held in its Order & Reasons, denying Southern's Motion for Partial New Trial, that "the statutory requirements of Rule 65 are to be satisfied for an injunction to issue under the All Writs Act." (R. Doc. 9415). The Court went on to conclude that the requirements of subsection (d) of Rule 65 were satisfied. *See id.* However, the Court did not require, nor did Southern request, security pursuant to subsection (c). This subsection provides, "[t]he Court may issue a preliminary injunction...order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

The Fifth Circuit has not addressed whether an injunction pursuant to the "in aid of jurisdiction" exception to the All Writs Act requires compliance with Rule 65(c)'s preliminary injunction security provision. However, in *Delgado v. Shell Oil Co.*, 231 F.3d 165 (5th Cir. 2000), the Circuit affirmed the lower court's order enjoining parallel action pursuant to the All Writs Act without a bond. The Circuit has also, on a number of occasions, permitted a district court to impose a Rule 65 preliminary injunction without requiring security. *See Kaepa, Inc. v. Achillies Corp*., 76 F.3d 624, 628 (5th Cir. 1996)(recognizing district court's discretion to elect to require no security at all under Rule 65(c)); *accord Corrigan Dispatch Ct. v. Casaguzman, F.A.*, 569 F.2d 300, 303 (5th Cir. 1978), *but see Nichols v. Alcatel USA, Inc*., 532 F.3d 364, 380 (5th Cir. 2008)(finding failure of district court to require posting of security under Rule 65(c) constitutes grounds for reversal of an injunction); *accord Phillips v. Charles Schreiner Bank*, 894 F.2d 127, (5th Cir. 1990).

The Fourth Circuit has addressed this issue head-on, finding that an injunction pursuant to the in aid of jurisdiction exception to the All Writs Act must comply with the general Rule 65 requirements, as this Court has, but also finding that such an injunction is not subject to the Rule 65(c) security requirement. *Scardelletti v. Debarr*, 265 F.3d 195, 211-12 (4th Cir. 2001), *reversed on other grounds*, 536 U.S. 1 (2002). The Fourth Circuit, looking to the "structure and plain text of Rule 65," concluded that "[a]lthough the title of Rule 65 applies generally to all injunctions, Rule 65(c) only applies to 'restraining orders' and 'preliminary injunctions.'" *Id*. at 212 n.19. The Circuit reasoned that if a district court invoking its authority under the All Writs Act was required to impose subsection (c) security "its ability to protect its own jurisdiction would be tied to a party's ability to post a bond....the district court would be rendered powerless to protect its own jurisdiction where the party is unable to post a bond." *Id*. A number of district courts have reached this same conclusion. *See ProBatter Sports, LLC v. Joyner Technologies, Inc*., 463 F.Supp.2d 949, 958 (N.D. Iowa 2006). The Court's own review of the plain, unambiguous language of Rule 65, as well as its consideration of the purpose of an injunction in aid of jurisdiction under the All Writs Act, results in the conclusion that the security required for a preliminary injunction under Rule 65(c) is unnecessary in the present matter, particularly since Southern stands to obtain settlement proceeds and the stay is only temporary.

**IV.   CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Southern's Motion to Set Evidentiary Hearing to Determine Security (R. Doc. 9501) is DENIED.


New Orleans, Louisiana, this 23rd day of January 2012.

_____
U.S. District Judge