UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL No. 2047 |
| | | SECTION: L |
| **THIS DOCUMENT RELATES TO ALL CASES** | | JUDGE FALLON MAG. JUDGE WILKINSON |

### PRE-TRIAL ORDER NO. 1(I)
### (Preservation of Physical Evidence)

Pursuant to the Court's inherent power and duty to supervise pretrial proceedings in this case, and in light of the Court's findings of fact and conclusions of law in *Hernandez v. Knauf Gips KG, et al.*, Case No. 2:09-cv-06050-EEF-JCW (E.D. La.) and *Germano, et al. v. Taishan Gypsum Co. Ltd., et al.*, Case No. 2:09-cv-06687-EEF-JCW (E.D. La.), which included the Court's promulgation of an appropriate repair protocol and determination of the evidence sufficient to establish a claim for damages in connection with defective Chinese-manufactured drywall, the Court hereby modifies Pre-Trial Order No. 1(B) to address the Court's expectations, from this date forward, with respect to the preservation of physical evidence from properties with defective Chinese-manufactured drywall that have been or may be repaired by certain homebuilders or homeowners, including without limitation those homeowners who have repaired and subsequently lost possession of affected properties via foreclosure, sale, short sale, a deed in lieu of foreclosure or any other manner (the "Preserving Parties"). This Order does not apply to homeowners who did not repair their affected properties prior to losing possession via foreclosure, sale, short sale, a deed in lieu of foreclosure or any other manner.

1082466v1

This Order addresses preservation requirements for Preserving Parties, within the jurisdiction of the Court, that intend to seek recovery for damages in connection with properties that contain defective Chinese-manufactured drywall and are parties to: (1) cases that were transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of June 15, 2009; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; or (3) related cases originally filed in this Court or transferred or removed to this Court.

With respect to these Preserving Parties only, this Pre-Trial Order No. 1(I) supersedes and replaces the requirements of Pre-Trial Order No. 1(B). Specifically, the Preserving Parties that preserved physical evidence pursuant to the requirements of Pre-Trial Order No. 1(B) prior to the date of this Order are permitted to dispose of all physical evidence that they would not be required to preserve under this Order (subject to the procedures outlined in section C, below).

Notwithstanding the foregoing, the Court reiterates that Pre-Trial Order No. 1(B) remains in full force and effect with respect to all other parties to whom that order applied, aside from the aforementioned Preserving Parties. From this date forward, the Preserving Parties shall be subject to the following requirements for the preservation of physical evidence in connection with their pursuit of a claim relating to allegedly defective Chinese-manufactured drywall.

A. Preservation of Physical Evidence:

1. *Drywall* -- The Preserving Parties shall maintain at least two samples (of ten inches by ten inches (10" x 10") in size if possible) of every different drywall brand or marking removed from an affected property, including taking samples of unmarked drywall. If there are any markings on the sample, the samples should include as much of the identifiable marking as possible. In addition, the Preserving Parties shall preserve at

least one sample of each type of drywall endtape, if any, that is found during inspection, repair or removal of drywall in or from an affected property. These drywall and endtape samples shall be labeled with the date of collection, the room location and the specific wall that the sample was taken from. These drywall and endtape samples shall be stored separately in double-bagged polyethylene zip-lock bags or equivalents, and not grouped together. Any drywall or endtape sample to be preserved under this paragraph shall be stored in reasonable climate controlled conditions and free of water or moisture. All samples should be clearly labeled on the outside of the plastic bag or equivalent, and then placed inside a second plastic bag or equivalent. The label shall include the name and address of the property from which the sample was taken, the date sampled, a sampler identification which identifies the type of item (e.g. drywall), and where the item was taken from in the property.

In addition to taking these samples, the Preserving Parties shall photograph the backside of each Chinese-manufactured drywall board from the property immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese-manufactured drywall board and its corresponding photograph. Photographs of these wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.

2. ***HVAC coil material samples*** -- The Preserving Parties shall photograph the HVAC coil for each HVAC system.

1082466v1

3. ***Plumbing component samples*** – The Preserving Parties shall photograph at least one allegedly affected plumbing fixture or component, while it is still in place.

4. ***Electrical component samples*** -- The Preserving Parties shall photograph at least three affected electrical receptacles or switches.  These selected receptacles and switches do not need to be from a single wall but should be representative of the types of receptacles and switches found in the property. Additionally, if smoke detectors, carbon monoxide detectors, intruder alarm devices or any similar life safety devices are present, the Preserving Parties shall photograph at least one of each type of device.

5. ***Other Building Materials and Components, and Certain Appliances*** -- To the extent Preserving Parties intend to seek recovery for building materials or components not described herein allegedly damaged or affected by defective Chinese-manufactured drywall, the Preserving Party shall photograph or video any such materials or components.  Additionally, to the extent Preserving Parties intend to seek recovery for refrigerators, freezers, wine coolers, ice machines, microwaves, cook tops, ovens, washing machines and clothes dryers or fixed appliances allegedly damaged or affected by defective Chinese-manufactured drywall, the Preserving Party shall photograph or take video of representative samples of that portion of the appliance exhibiting those damages or effects (e.g., blackened coils in a refrigerator).  This paragraph is not related to incidental damages, such as damage to cabinetry, countertops, wood trim, or other materials or components that have been or will be replaced in order to access or remove the allegedly

defective Chinese-manufactured drywall or are necessarily damaged through the repairs to the property.

B.  The Preserving Parties shall preserve, at their own expense, any and all personal property items that they claim to be affected by the allegedly defective Chinese-manufactured drywall for which they intend to pursue recovery, unless approved otherwise by the Court.

C.  The Preserving Parties that preserved physical evidence pursuant to the requirements of Pre-Trial Order No. 1(B) prior to the date of this Order are permitted to dispose of all physical evidence that they would not be required to preserve under this Order, after providing at least thirty days' written notice (as set forth below) of their intention to dispose of such physical evidence to the parties against whom it is seeking or may seek recovery against relating to Chinese-manufactured drywall.  The written notice must allow those parties to whom notice was provided an opportunity to inspect the physical evidence upon reasonable notice. For purposes of complying with this written notice requirement, the Preserving Parties shall file with the Court a Notice of Disposal of Physical Evidence in the form attached to this Order, and serve the Notice of Disposal of Physical Evidence to the parties in this MDL through LexisNexis File & Serve in the master case number 2:09-md-02047-EEF-JCW and also additionally provide a copy of the Notice of Disposal of Physical Evidence to Plaintiffs' Liaison Counsel, Russ M. Herman, either electronically to drywall@hhkc.com, or in hard copy to, Russ M. Herman, Plaintiffs' Liaison Counsel, Herman, Herman, Katz & Cotlar, L.L.P., 820 O'Keefe Avenue, New Orleans, LA  70113; to Defendants' Liaison Counsel, Kerry Miller, either electronically to kmiller@frilot.com, or in hard copy to Kerry J. Miller, Defendants' Liaison Counsel, Frilot, L.L.C., 1100 Poydras Street, Suite 3700, New Orleans, LA  70163; to Homebuilders' Liaison Counsel, Dorothy Wimberly, either electronically to

1082466v1

dwimberly@stonepigman.com, or in hard copy to Dorothy Wimberly, Homebuilders' Liaison Counsel, Stone Pigman Walther Wittmann L.L.C., 546 Carondelet Street, New Orleans, LA 70130; and to Insurance Liaison Counsel, Judy Y. Barrasso, either electronically to cdwinsurance@barrassousdin.com, or in hard copy to Judy Y. Barrasso, Insurance Liaison Counsel, Barrasso Usdin Kupperman Freeman & Sarver, LLC, 909 Poydras Street, 24th Floor, New Orleans, LA 70112, (504) 589-9700 and fax (504) 589-9701. Upon the expiration of the thirty-day period, the Preserving Parties may dispose of such physical evidence and will not be subject to a claim or defense of spoliation with respect to its disposal of such physical evidence.

D. This duty to preserve only applies to those Preserving Parties that intend to seek recovery for damages in connection with repairs to properties that contain allegedly defectively Chinese-manufactured drywall, or recovery for damages to personal property contained in such a property, or personal injury from allegedly defective Chinese-manufactured drywall.

E. Consistent with Pre-Trial Order No. 1(B), this Order pertains only to preservation of physical evidence in properties with allegedly defective Chinese-manufactured drywall that have been or will be repaired, and it replaces the provisions of Paragraph 14 of Pre-Trial Order No. 1 pertaining to physical evidence other than documents. This Order does not apply to preservation of documents, which is set forth in Paragraph 14 of Pre-Trial Order No. 1, which remains in full force and effect. Furthermore, the Court may enter a separate Order regarding the obligation to preserve evidence for claims relating to foreclosed properties and short sales; however, until such time, Pre-Trial Orders Nos. 1 and 1(B) shall remain in full force and effect.

F. Nothing in this Order shall be construed to affect the discoverability or admissibility of evidence. All objections to discoverability or admissibility of evidence are maintained and may be asserted at any time.

G.  Evidence or materials not preserved in compliance with this Pre-Trial Order may be subject to exclusion for use in either discovery or trial of the matter and further, the party responsible for failing to preserve evidence may be subject to the claim or defense of spoliation.

H.  This Order may be subject to future modification.

**NEW ORLEANS, LOUISIANA**, this 24th day of  January , 2012.

_____
**ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 2047 |
| | ) | SECTION: L |
| **THIS DOCUMENT RELATES TO ALL CASES** | ) ) ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |

**NOTICE OF DISPOSAL OF PHYSICAL EVIDENCE BY [INSERT PARTY NAME]**

Subject to the requirements of Pretrial Order No. 1(I), dated January __, 2012, [Homebuilder] hereby gives notice of its intention to dispose of the physical evidence that [Homebuilder] was previously preserving pursuant to the requirements of Pretrial Order No. 1B. Any person or entity wishing to inspect this physical evidence must do so within thirty (30) days of the date of this notice upon reasonable notice to [INSERT PARTY NAME] by contacting: _____ by telephone at: (###) ###-#### or by e-mail at _____@_____.com. Upon the expiration of the thirty-day period, [INSERT PARTY NAME] may dispose of such physical evidence.

Dated: _____, 2012                    Respectfully submitted,

                                       [INSERT SIGNATURE BLOCK OF COUNSEL]

1082467v1