UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br>*Pate v. American International Specialty Lines Insurance Company, et al.* (09-7791) | |

### PLAINTIFF ROBERT C. PATE'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO LIFT THE STAY

Plaintiff Robert C. Pate, as Trustee for the WCI Chinese Drywall Trust (the "WCI Trust"), respectfully replies to the opposition of the Plaintiffs' Steering Committee (the "PSC"), filed on January 13, 2012, to the WCI Trust's motion to lift stay.

The PSC's opposition refers to the PSC's efforts to conclude this litigation. All of those efforts are commendable. But they should not be exclusive.

The WCI Trust represents the interests of at least 332 homeowners whose claims have been reviewed and approved pursuant to claims resolution procedures under a bankruptcy plan approved by the United States Bankruptcy Court for the District of Delaware. Using criteria set by this Court for valuation of remediation and reconstruction costs, the loss suffered by those 332 WCI homeowners exceeds $81 million.

Yet the WCI Trust has not been part of "the PSC's efforts to obtain the Prospective Insurer Agreement." Those efforts have been exclusively conducted by the PSC. They should not be.

nydocs1-981570.4

1

This Court's Order dated February 18, 2011 regarding mediation states: "The Court finds that the insureds, many homebuilders and installers, should also be included in the mediation."

They are not.

This Court's Order dated February 18, 2011 is not being met.

The PSC is conducting the insurance settlement negotiations exclusively. Other insureds, homebuilders, and installers are not included in the mediation as this Court ordered. The WCI Trust, with 332 approved homeowners and over $81 million in damages, has been excluded from the PSC's exclusive mediation efforts with the insurance companies.

Without meaningful participation in the settlement negotiation dialogue exclusively being conducted by the PSC, the WCI Trust has no option but to ask this Court to permit the WCI Trust to pursue resolution in this Court of the issues raised by the insurance companies to prevent insurance recovery by the WCI Trust. The WCI Trust cannot discharge its obligations to the 332 WCI homeowners whose $81 million in claims the WCI Trust has reviewed and approved merely by sitting back and waiting to read court filings reflecting what deal the PSC has negotiated that may impact a significant number of those 332 WCI homeowners.

The WCI Trust's motion noted that this Court stayed the insurance coverage action ten months ago. Since then, no global mediation of the insurance coverage action has been held, no global mediation of the insurance coverage action has been scheduled, no date set, no location proposed, and no notification provided to global insurance coverage participants. There is no in-person global mediation planned or contemplated. Silence.

nydocs1-981570.4

2

The PSC does not rebut any of this. The PSC does not want participation by any others on the policyholder side other than the PSC. That is inconsistent with this Court's Order dated February 18, 2011.

The WCI Trust's $81 million insurance coverage claim on behalf of 332 WCI homeowners is not the property of the PSC.

Being kept in the dark and not being made part of the efforts to achieve a "Prospective Insurance Agreement" by the PSC, the WCI Trust has no alternative but to ask this Court for relief to lift the stay to permit resolution of central issues raised by the insurance companies, which sold $160 million in insurance to WCI, to preclude that insurance recovery due the WCI Trust and its 332 approved homeowners.

The WCI Trust has approved claims of more than 7% of the homeowners in the Chinese Drywall actions before this Court. While not the majority by far, more than 7% is not immaterial. And more than 7% of the homeowners should not simply be excluded from the PSC's settlement efforts. That would leave a significant portion of this action before this Court even if the Knauf class action settlement is approved and performed.

Respectfully submitted,

Dated: January 18, 2012

/s/ Anna M. Piazza
Robert M. Horkovich
Anna M. Piazza
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 278-1000
Fax: (212) 278-1733
rhorkovich@andersonkill.com
apiazza@andersonkill.com

**Counsel to The WCI Chinese Drywall Trust**

nydocs1-981570.4

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and first class mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 18th day of January, 2012.

/s/ Anna M. Piazza
Anna M. Piazza
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020
Phone:  (212) 278-1000
Fax:  (212) 278-1733