UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * MDL NO. 2047 <br> * <br> * JUDGE ELDON E. FALLON <br> * |
| THIS DOCUMENT RELATES TO: | * SECTION L <br> * |
| ROBERT W. BLOCK, III, et al., | * MAGISTRATE JUDGE <br> * WILKINSON |
| Plaintiffs, | * <br> * |
| V. | * <br> * |
| Gebrueder Knauf Verwaltungsgesellschaft, KG, et al., | * <br> * <br> * |
| Defendants. | * <br> * |
| Civil Action No. 11-cv.1363. | * <br> * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER

Comes now Defendant, Lennicx Builders, Inc. and Answers Plaintiffs' Complaint as follows:

1. Denied.

2. Denied.

3. through 22. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph and therefore denies the same.

23. Defendant admits that it is a builder located in Alabama. The remaining allegations in this paragraph do not relate to this Defendant and, to the extent a response is required, they are Denied.

24. through 39.    Defendant had no part in the production of any drywall much less the drywall at issue in this Complaint and therefore these allegations do not relate to this Defendant. To the extent a response is required, Defendant Denies these paragraphs.

40.    Admitted.

41. through 49.    Because Defendant was the builder associated with one home built in 2007 with supplies provided by the home's owner, it lacks sufficient information to admit or deny these paragraphs and the allegations contained therein and therefore Denies the same.

### COUNT ONE-NEGLIGENCE

50.    The above paragraphs are incorporated herein as if fully set forth.

51. through 57.    Denied.

### COUNT TWO-NEGLIGENCE PER SE

58.    The above paragraphs are incorporated herein as if fully set forth.

59. through 64.    Denied.

### COUNT THREE-STRICT LIABILITY

65.    The above paragraphs are incorporated herein as if fully set forth.

66. through 82.    Denied.

### COUNT FOUR-BREACH OF EXPRESS OR IMPLIED WARRANTIES

83.    The above paragraphs are incorporated herein as if fully set forth.

84. through 90.    Denied.

### COUNT FIVE-BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203 (FLORIDA HOMEOWNERS ONLY)

91.    The above paragraphs are incorporated herein as if fully set forth.

92. through 102.   Defendant built one home in Alabama with supplies provided by the owner. Therefore, these allegations do not relate to this Defendant and no response is necessary. To the extent a response is needed, these paragraphs are denied.

### COUNT SIX-BREACH OF THE IMPLIED WARRANTY OF HABITABILITY

103.   The above paragraphs are incorporated herein as if fully set forth.

104. through 109.   Denied.

### COUNT SEVEN-BREACH OF CONTRACT

110.   The above paragraphs are incorporated herein as if fully set forth.

111. through 113.   Denied.

### COUNT EIGHT-VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT (AGAINST LOUISIANA HOMEOWNERS AND BUILDERS ONLY)

114.   The above paragraphs are incorporated herein as if fully set forth.

115.   through 120.   Defendant built one home in Alabama with supplies provided by the owner. Therefore, these allegations do not relate to this Defendant and no response is necessary. To the extent a response is needed, these paragraphs are denied.

### COUNT NINE-REDHIBITION (BY LOUISIANA PLAINTIFFS ONLY)

121.   The above paragraphs are incorporated herein as if fully set forth.

122.   through 130.   Defendant built one home in Alabama with supplies provided by the owner. Therefore, these allegations do not relate to this Defendant and no response is necessary. To the extent a response is needed, these paragraphs are denied.

### COUNT TEN-LOUISIANA PRODUCTS LIABILITY ACT (AGAINST DISTRIBUTOR AND MANUFACTURING DEFENDANTS)

131.   The above paragraphs are incorporated herein as if fully set forth.

132. through 144.   Defendant built one home in Alabama with supplies provided by the owner.  Therefore, these allegations do not relate to this Defendant and no response is necessary.  To the extent a response is needed, these paragraphs are denied.

### COUNT ELEVEN-PRIVATE NUISANCE

145.   The above paragraphs are incorporated herein as if fully set forth.

146. through 151.   Denied.

### COUNT TWELVE-UNJUST ENRICHMENT

152.   The above paragraphs are incorporated herein as if fully set forth.

153. through 155.   Denied.

### COUNT THIRTEEN-VIOLATION OF CONSUMER PROTECTION ACTS

156.   The above paragraphs are incorporated herein as if fully set forth.

157.   This paragraph makes no allegations against this Defendant and therefore no response is required.  To the extent a response is required, this paragraph is Denied.

158. through 160.   Denied.

### COUNT FOURTEEN-EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

161.   The above paragraphs are incorporated herein as if fully set forth.

162.   through 173.   Denied.

### AFFIRMATIVE DEFENSES

I.   Plaintiffs' complaint fails to state a claim for which this Court may grant relief.

II.   Plaintiff's own negligence contributed to any alleged damages she incurred.

III.   Plaintiff is estopped from obtaining any relief in this case because her own actions contributed to her alleged damages.

IV. Plaintiff failed to provide notice of any breach as required by Alabama's version of the Uniform Commercial Code.

V. Plaintiff's tort claims are barred by Alabama's statute of limitations.

VI. Plaintiff's commercial code claims are barred by Alabama's statute of limitations.

VII. Defendant's actions were justified.

VIII. Plaintiff's claims are barred by the doctrine of laches.

IX. Plaintiff's product liability claims fail because of a lack of causal relation.

X. Plaintiff ratified Defendant's actions such that she cannot recover for any wrongdoing on the part of the Defendant.

XI. Plaintiff's claims are barred by the last clear chance doctrine.

XII. Plaintiff's claims are barred because she cooperated in the acts giving rise to her alleged damages.

XIII. Plaintiff failed to mitigate her damages.

XIV. Plaintiff's claims fail because any issue with the drywall was an open and obvious condition.

XV. Plaintiff's claims fail because she misused the product at issue.

XVI. Plaintiff's claims fail because she ratified the defendant's actions.

XVII. Plaintiff's claims fail because she lacks clean hands.

XVIII. Plaintiff waived her right to recover for any injuries allegedly incurred.

XIX. To the extent any paragraph or allegation has not been admitted or denied, they are Denied.

Respectfully submitted:

_____
Jack Smalley III        (Fed. No.: SMALJ5352)
2607 Dauphin Street, Suite C
Mobile, Alabama 36606
T: (251) 610-8744
F: (251) 472-1081
TripSmalley@gmail.com

## CERTIFICATE OF SERVICE

I certify that on January 25, 2012 I served a copy of the above on Plaintiffs' and Defendants' Liaison counsel via E-mail and upon all parties by electronically uploading the document to Lexis Nexis File & Serve as well as e-filing the same through the Court's CM/ECF System as set forth in the Court's pre-trial orders.

_____
Jack Smalley III