UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED      )   MDL NO. 2047
       DRYWALL PRODUCTS           )
       LIABILITY LITIGATION       )   SECTION: L
                                  )
THIS DOCUMENT RELATES TO:         )   JUDGE FALLON
                                  )   MAG. JUDGE WILKINSON
Case No. 11-CV-1363               )
*Block, et al. v. Gebrueder Knauf*   )
*Verwaltungsgesellschaft, KG, et al.* )
_____)

## ANSWER OF MANDY DRYWALL

  Defendant, Mandy Drywall, Inc. ("Mandy Drywall"), for its answer to the Complaint filed herein states as follows:

  1. Denied.

  2. Denied.

  3. Denied.

  4. Denied.

  5. The allegations contained in paragraph 5 require no answer.

  6. The allegations contained in paragraph 6 require no answer.  The only Plaintiff listed on Exhibit A to the Omnibus Complaint in any way relevant to Mandy Drywall is Daniel Abreu, listed as Plaintiff #342 on Exhibit A.  Upon information and belief, no other Plaintiff to this action has any possible claim or cause of action against Mandy Drywall.

  7. The allegations contained in paragraph 7 require no answer.

  8. See response to No. 6, above.

  9. Other than as to Mandy Drywall these allegations require no answer.  It is admitted that Mandy Drywall is organized and existing under the laws of the State of Florida.

2

10. Unknown.

11. Unknown.

12. Unknown.

13. Unknown.

14. Unknown.

15. Unknown.

16. Unknown.

17. Unknown.

18. Unknown.

19. Unknown.

20. Unknown.

21. Unknown.

22. Unknown.

23. Mandy Drywall is listed on Exhibit B as Defendant #168.  All other remaining allegations are unknown.

24. Unknown.

25. Unknown.

26. Unknown.

27. Unknown.

28. Unknown.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. These allegations require no answer.

37. These allegations require no answer.

38. These allegations require no answer.

39. These allegations require no answer.

40. These allegations require no answer.

41. Denied. As is plain from the Complaint the only Plaintiff having any possible cause of action against Mandy Drywall is Daniel Abreu. Accordingly, there is no basis to pursue a class action in this instance.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT I
## NEGLIGENCE

50. Defendant Mandy Drywall incorporates by reference responses to paragraphs 1 through 49 above.

3

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT II
## NEGLIGENCE PER SE

58. Defendant Mandy Drywall incorporates by reference responses to paragraphs 1 through 57 above.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## COUNT III
## STRICT LIABILITY

65. Defendant Mandy Drywall incorporates by reference responses to paragraphs 1 through 64 above.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Admitted that the drywall was in the same condition when it was delivered as when Mandy Drywall installed it other than cutting it for installation.

71. Admitted Mandy Drywall installed such drywall in accordance with known building construction custom and practice.

72. Unknown.

73. Unknown.

74. Unknown.

75. Unknown.

76. Unknown.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

83. Defendant Mandy Drywall incorporates by reference responses to paragraphs 1 through 82 above.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY

91-102. These allegations pertain to other persons or parties for which no answer is required of this Defendant.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF HABITABILITY

103-109. These allegations pertain to other persons or parties for which no answer is required of this Defendant.

## COUNT VII
## BREACH OF CONTRACT

110-113. These allegations pertain to other persons or parties for which no answer is required of this Defendant.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT

114-120. These allegations pertain to other persons or parties for which no answer is required of this Defendant.

## COUNT IX
## REDHIBITION

121-130. These allegations pertain to Louisiana Homeowner Plaintiffs only and as such no response is required of this Defendant involving a Florida property.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT

131-144. These allegations pertain to other persons or parties involving manufacturer or distributor Defendants and as such no answer is required of this installer Defendant for a property in Florida.

## COUNT XI
## PRIVATE NUISANCE

145. Defendant Mandy Drywall incorporates by reference its responses to paragraphs 1 through 144 above.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

## COUNT XII
## UNJUST ENRICHMENT

152. Defendant Mandy Drywall incorporates by reference its responses to paragraphs 1 through 151 above.

153. Denied.

154. Denied.

155. Denied.

## COUNT XIII
## VIOLATION OF CONSUMER PROTECTION ACTS

156. Defendant Mandy Drywall incorporates by reference its responses to paragraphs 1 through 155 above.

157. These allegations require no answer.

158. Denied.

159. Denied.

160. Denied.

## COUNT XIV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

161. Defendant Mandy Drywall incorporates by reference its responses to paragraphs 1 through 160 above.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

8

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a proper cause of action for any class action certification as pertains to Mandy Drywall. The only possible causes of action against Mandy Drywall, a Florida drywall installer, involve only <u>one</u> Florida homeowner, Daniel Abreu. As such, this class action must be dismissed and any claim against Mandy Drywall remanded for further proceedings in a Florida State Court.

### SECOND AFFIRMATIVE DEFENSE

At all material times, Mandy Drywall had no actual or constructive notice or knowledge of any defective condition in the subject drywall as installed at Plaintiff Daniel Abreu's home. As such, all claims or causes of action against Mandy Drywall must be dismissed.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff Daniel Abreu's claims for damages and any claimed cost of remediation are excessive in scope and amount.

### FOURTH AFFIRMATIVE DEFENSE

Any injury or damage suffered by any Plaintiffs, including Daniel Abreu, were the result of acts or omissions of other persons or parties, each of whom named as a defendant herein, and over whom Mandy Drywall had no responsibility or control. Any liability or damage chargeable to Mandy Drywall must be reduced in whole or in part by the comparative fault of all such other persons or parties causing or contributing to Plaintiffs' claimed damages.

WHEREFORE, Defendant Mandy Drywall, Inc. having fully answered Plaintiffs' Complaint filed herein moves for its dismissal, for denial of any Motion to certify a class action of Plaintiffs with any claims or causes of action against Mandy Drywall under these

9

circumstances, for remand of these proceedings by Plaintiff Daniel Abreu against Mandy Drywall to a Florida State Court, and for all other relief as justice requires.

Dated: January 30, 2012.

Respectfully submitted,

By: s/ Steven G. Schwartz
Steven G. Schwartz, Esquire
Florida Bar No. 911471
Schwartz Law Group
*Attorneys for Mandy Drywall, Inc.*
6751 North Federal Highway
Suite 400
Boca Raton, FL 33487
Telephone: 561-395-4747
Facsimile: 561-367-1550
sgs@theschwartzlawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of January, 2012.

s/ Steven G. Schwartz
Steven G. Schwartz, Esquire

L:\OPEN FILES\100532\Pleadings\Answer of Mandy Drywall-jg.doc