```
 1                        UNITED STATES DISTRICT COURT
 2                        EASTERN DISTRICT OF LOUISIANA
       ********************************************************************
 3

 4     IN RE:  CHINESE-MANUFACTURED        Docket No. 09-MD-2047
       DRYWALL PRODUCTS LIABILITY          New Orleans, Louisiana
 5                                         Thursday, June 24, 2010

 6
       ********************************************************************
 7

 8                  TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
                     HEARD BEFORE THE HONORABLE ELDON E. FALLON
 9                         UNITED STATES DISTRICT JUDGE

10

11     APPEARANCES:

12     FOR THE PLAINTIFF:                  HERMAN, HERMAN, KATZ & COTLAR
                                           BY:  RUSS M. HERMAN, ESQ.
13                                         820 O'Keefe Avenue
                                           New Orleans, LA 70130
14

15     FOR THE DEFENDANT:                  FRILOT L.L.C.
                                           BY:  KERRY J. MILER, ESQ.
16                                         Energy Centre - Suite 3700
                                           1100 Poydras Street
17                                         New Orleans, LA 70163-3700

18

19     Official Court Reporter:           Karen A. Ibos, CCR, RPR, CRR
                                          500 Poydras Street, Room HB-406
20                                        New Orleans, Louisiana 70130
                                          (504) 589-7776
21

22

23        Proceedings recorded by mechanical stenography, transcript
       produced by computer.
24

25
```

<u>P R O C E E D I N G S</u>

(THURSDAY, JUNE 24, 2010)

(STATUS CONFERENCE PROCEEDINGS)


  (OPEN COURT.)

       THE COURT:  Be seated, please.  Good morning, ladies and

gentlemen.  Call the case, please.

       THE DEPUTY CLERK:  MDL-2047, *in re:  Chinese Drywall*.

       THE COURT:  Counsel make their appearance for the record.

       MR. HERMAN:  Good morning, Judge Fallon.  Russ Herman for

the plaintiffs.

       MR. MILLER:  Good morning, Kerry Miller on behalf of the

Defense Steering Committee.

       THE COURT:  Fine.  We're here for our monthly status

conference.  We have a number of people in the courtroom and

several hundred people on the line, so I ask that if you're going

to speak, please use the microphone so that the individuals on the

telephone can hear you.

       Just a couple of announcements:  First, following the

meeting, I've asked LexisNexis to conduct a file and serve training

seminar.  It will be in room C-311.  I understand they're prepared

to do that.  So anyone who is interested in finding out how to use

it or at least reminding them how to do it or get better at it,

you're welcome to attend the seminar from LexisNexis.

       Secondly, we're coming almost to a year from the time

1    that this MDL was created.  We have been able to resolve ten cases

2    in the MDL and one case in state court, but it's that time of year

3    where I ask the plaintiff lawyers who are on the committee, people

4    who want to be on the committee to reapply.  I set the appointments

5    for one year and I'd appreciate if you reapplied.  If those of you

6    who have been on the committee let me know what you've done during

7    that period of time so that I can take all of that into

8    consideration in deciding whether to re-appoint you or to move in

9    another direction.

10         I also mention that Judge Farina has finished with his

11   jury trial, he may be on the line, and I congratulate him on the

12   way he handled the matter.  He did it very effectively and

13   efficiently.  The jury came back with an award.

14         Also Judge Hall, I spoke with her, she may be on the line

15   also, her plan is to proceed to trials beginning the first of the

16   year.  She intends to try five cases in each trial, she'll conduct

17   one to two trials a month of five cases.  So she's hopeful that she

18   can get through her cases in that fashion.

19         I met with the liaison counsel, lead counsel this morning

20   and received from them an agenda.  I'll take the agenda in the

21   order in which it's presented.

22         MR. HERMAN:  Good morning, Judge Fallon.  Russ Herman for

23   plaintiffs.

24         I'd like to take a short moment for a point of personal

25   privilege.  I want to thank Chris Seeger and Dan Bryson who now

1    have prepared ten trials and tried eight of them, and they've spent

2    more than 15 weeks away from home doing that.  I also want to

3    congratulate Hugh Lambert and Andrew Lemann for their leadership in

4    two recent cases, the *Campbell* case and the *Clement* case, and we

5    have two PSC members with us who have done an outstanding job,

6    Irvin Gonzales who recently had a verdict against Banner Supply in

7    Florida, and Victor Diaz who is also here, a member of the PSC, who

8    had a certification of a class action in Florida, and also has

9    resolved a couple of cases.

10           In the *Campbell* and *Clement* case, also Jerry Meunier of

11   the PSC has now been involved in all ten cases in the MDL, and we

12   have a number of attorneys sitting out here who have been involved

13   in all of the cases before your Honor or most of them.  I'd like

14   them to stand so that they can be recognized.  Mr. Irpino,

15   Mr. Ecuyer, and from Chris Seeger's firm -- what is your name?

16           Your Honor, thank you for the personal privilege of

17   having these folks introduced to the court.

18           THE COURT:  As everybody knows we had scheduled the

19   *Campbell* and the *Clement* cases, we were going to be in the middle

20   of trial today on them, they settled on Friday basically adopting

21   the protocol that was established in the *Hernandez* case.  So I

22   think we're moving in the right direction.

23           I might say that from the MDL standpoint what I try to

24   do, as you all know, is to get everybody before us, and that's been

25   a difficult situation in this case because of the numbers and we've

1   had to come up with some vehicles that you won't find in the law

2   books, the omnibus complaints, that's a vehicle that's created so

3   that we can get people served and get people served effectively and

4   efficiently.  If you have to serve 500 cases on the same defendant

5   or several defendants and have them translated and sent over via

6   the Haig at $100,000 or thereabout a clip, that puts a whole new

7   layer of expense on the case and it hurts everybody.

8          So we've done that and tried to do that effectively and

9   efficiently with the omnibus complaints.  We've just about finished

10  with that, getting individuals before the court so that we can see

11  what the whole census is so everybody can evaluate it.  But some of

12  those complaints, as I mentioned before, will now have to be

13  collapsed into master complaints, and so forth, so that we can get

14  a better fix on that.

15         But once the people are before me and then we also have

16  tried these bellwether cases, the difficulty with the bellwether

17  case is that they cost a lot of money to try, and so when you get

18  them prepared you've gotten a lot of expense already in them, and I

19  was hoping to try those cases rather than settle the case, but the

20  settlement is an acceptable way of terminating the case.  In any

21  event, those have been resolved.

22         But I am going to get to the point where I will have done

23  as much as I can as an MDL judge can do, and I am going to have to

24  begin focussing on other matters.  But we're not there yet but

25  we're moving rapidly in the direction.

1          Property Inspections, anything from that?

2          MR. HERMAN:  Your Honor, there are no pretrial orders;

3   property inspections, they're ongoing.  Knauf's representatives and

4   the PSC representatives have inspected some warehouses and that's

5   continuing.  And when Taishan's representation appears before the

6   court, we'll invite Taishan to some inspections that need to be

7   made at Habitat for Humanity.

8          THE COURT:  Right.  I understand that Taishan has now

9   entered the litigation, they have appealed my rulings in the

10  default judgment.  I will be meeting with them in the near future,

11  and of course at the meeting I will have representatives from all

12  of the parties.  But I do intend to move forward and bring them up

13  to speed as quickly as we can to get them into this litigation.

14         MR. HERMAN:  Your Honor, with Roman numeral III, the

15  Plaintiff and Defendant Profile Forms, we've been advised that some

16  of the plaintiff profile forms either have not been filed or are

17  deficient.  When we get that list, the PSC is prepared to follow-up

18  with every attorney and every claimant who has not filed.  There

19  are insurance profile forms which are now continually coming in.

20  Some need some supplement, we will be meeting with your Honor's

21  liaison lead counsel for the insurers to work those things out.

22         THE COURT:  Just a word on the profile forms.  They're

23  drafted not to be cumbersome, they're drafted to get some immediate

24  information for both sides.  The defendants have to know what your

25  address is, the defendants have to know whether or not they are the

builders or they are the suppliers, and some basic information both
sides need to know so that we can deal with the litigation
effectively and efficiently.

If we do it the old fashion way with interrogatories, it
takes 30 days and then you get an answer and that's a legal answer,
that's a lawyer answer, and then you try to decipher that and
interpret that and it just takes too long in a case of this sort.
So we designed profile forms so that you can get the information,
the crux of the information that you need so that if you do design
interrogatories they'll be more targeted and be more meaningful to
you.  But I really need you to focus on that information.  So if
the plaintiffs have problems they need to bring them to me; if the
defendants have problems, you need to bring them to me and I'll
take care of it.

MR. HERMAN:  Your Honor, I do want to mention for those
on the phone and those who may be new to the litigation, that the
court has a web site at www.laed.uscourts.gov.  The pretrial orders
and the status conferences your Honor regularly posts.

There is nothing new on the Preservation Order, No. 1B,
and Ms. Barrios is here on State/Federal Coordination

THE COURT:  Dawn.

MS. BARRIOS:  Good morning, your Honor, Dawn Barrios for
the state/federal committee.  We've provided the CDs for you on
remands and state court cases, they're current through conditional
transfer order 18.  We've been adding new cases as we become aware

1    and we're making a concerted effort on the various hearings and

2    motions that are set to bring to your Honor's attention.

3           And both the plaintiffs and defense state/federal

4    committee will have a meeting immediately following the status

5    conference, I believe in your Honor's jury room, if that's

6    acceptable.

7           THE COURT:  Yes.

8           MS. BARRIOS:  So all members of the plaintiffs and

9    defendants committee please stay after so that we can accomplish

10   that meeting.

11          THE COURT:  The point that I make from the state

12   situation, we're trying to give you the benefit of the discovery

13   that's going on in the MDL so that you don't have to start from

14   ground one or ground zero.  And so it's important that you file the

15   motions because you need to file the motions, but recognize that as

16   long as you're in this litigation, you have access to all of the

17   development and all of the information and all of the discovery

18   that's going on.  So take advantage of that and depositions that

19   are being taken now can be used in the state and documents can be

20   used, and hopefully there's some information that you can get from

21   these trials that will help you if you do go back to state court.

22          So don't be too bent out of shape by remaining in the

23   litigation.  I think you get more out of it than if you have to go

24   back to the states and start all over again because it is expensive

25   to try these cases.  I know the expense involved and you can profit

1   from that.

2           MS. BARRIOS:  Thank you, your Honor.

3           THE COURT:  Thank you.  Motions in the MDL.

4           MR. HERMAN:  Thanks, Dawn.

5           Your Honor, on trial settings, your Honor has already

6   indicated Judge Hall plans to try five at a time, Richard Serpe has

7   indicated the first trial is January 18th, the second trial is

8   February 7th, the third trial is March 7th, the fourth trial is

9   April 11th.  Irvin Gonzales, a member of our PSC, has reported that

10  Judge Weinstein in Broward County has set a trial for September

11  2010.  As the status report indicates, class certification in

12  *Harrell v. South Kendall Construction Company* has been granted in

13  Miami Dade County, Case No. 09-08401 CA (42).  And in the case of

14  *Seifart v. Knauf, et al*, that trial proceeded and was concluded

15  with a plaintiff's verdict on June 18th, 2010.  Those are the only

16  trial settings of which counsel is aware at this time, your Honor.

17          With regard to a master database of motions pending

18  before your Honor, they have been delivered to your Honor this

19  week.  At page 7 there are a number of insurance issues regarding

20  jurisdiction, both as to CGL policies, excess policies and

21  homeowner's policies, and I believe your Honor has indicated that

22  you'll meet with the parties following the status conference.

23          THE COURT:  Yes.  I got some initial drafts from the

24  parties, I'll meet with them following this status conference and

25  deal with a final draft of that discovery.

1          What about the jurisdictional discovery for Knauf?

2          MR. HERMAN:  Your Honor, yes, at page 8 we need a

3     scheduling order with regard to depositions, and as I understand

4     it, liaison counsel for builders and liaison counsel for Knauf and

5     the manufacturers and representatives of the PSC will meet

6     following this status conference to suggest dates, and Ms. Bass is

7     here on behalf of builders and of course Mr. Miller is here on

8     behalf of manufacturers.  I don't know whether they want to address

9     this issue or not.

10         THE COURT:  Okay.  Fine.  What we'll do, when you get the

11    dates, alert me to them and I'll put it out in a minute entry.

12    We'll reserve the dates.  If you feel that you need some structure

13    to that from the standpoint of any rules or procedures that need to

14    be in place, let me know.  If not, you all can handle it, that's

15    fine.

16         MR. HERMAN:  Your Honor, we anticipate we'll be able to

17    resolve most of the procedures.  There are going to be some

18    questions of interpreters, whether the folks produced are fluent in

19    English, those sort of things, and streaming the depositions.  I

20    believe after discussing with learned counsel we'll be able to work

21    those out.

22         THE COURT:  Okay.

23         MR. HERMAN:  There is nothing new, your Honor, under item

24    No. 9, the Freedom of Information Act.  There's nothing new under

25    Trial Settings other than at page 11, the status report indicates

1   that Taishan Gypsum has filed a notice of appeal in the *Germano*

2   proceeding and also filed an appearance in this MDL forum, your

3   Honor.

4            THE COURT:  I have set a hearing on the *Hernandez*

5   attorney's fees for July 28th, and I've alerted Taishan regarding

6   *Germano*, given them an opportunity to respond to the briefing

7   schedule for attorney's fees in the *Germano* case.  As you know, the

8   cases, both cases are on appeal, but I retain jurisdiction for the

9   sole purpose of dealing with the attorneys fees; so even though

10  they're on appeal, I can move forward on the attorneys fees and I'd

11  like to do that.

12           MR. HERMAN:  Knauf has also appealed the *Hernandez*

13  judgment, your Honor.

14           THE COURT:  Right.

15           MR. HERMAN:  As your Honor superintended the case of

16  *Clement v. KPT* and the *Campbell* cases, the cases were resolved on

17  June 24th, 2010.

18           There are no new filings in the MDL, although lead

19  counsel for plaintiffs Arnold Levin, who is on the phone, has

20  indicated to the court that there will be between 500 and 700

21  additional claimants filed into the proper Omni complaints within

22  the next two weeks.

23           THE COURT:  How about any homeowner and installer issues,

24  anybody have any problems?

25           MR. HERMAN:  Your Honor, the installers, homeowners, many

1    of them have indicated they have a jurisdictional issue, and your

2    Honor has indicated that your Honor will review those and advise

3    counsel as to how to proceed.

4         THE COURT:  Okay.

5         MR. HERMAN:  On insurance issues, the PSC met with

6    Ms. Barrasso, Judy Barrasso yesterday in a meet and confer.  Those

7    issues involve jurisdiction and venue and scheduling orders and

8    potential discovery needed, and as I understand it, we will be

9    meeting with you later today.

10        Under Service of Pleadings Electronically, your Honor has

11   directed that LexisNexis be in court today in order to give

12   training.

13        THE COURT:  Are we prepared to do that, is there anybody

14   from LexisNexis here?  Do you want to tell us?

15        REPRESENTATIVE OF LEXISNEXIS:  After this hearing at

16   10:30 as Judge Fallon mentioned earlier in courtroom C-311, we will

17   be holding a training until noon today.

18        THE COURT:  I please suggest to you that if you're not

19   familiar with LexisNexis that you attend.  It will be meaningful to

20   you and be very helpful I'm sure.

21        MR. HERMAN:  Your Honor, with regard to a master

22   complaint, nothing is new until the Omni complaint s are in shape

23   then to be formulated into the procedural device of a master

24   complaint.

25        THE COURT:  If anybody is interested in the master

1    complaint, I've written on that, it's a procedural vehicle, it's an

2    opportunity to group issues so that an opinion on a particular

3    issue will deal with the issue, we won't have to file it in 1,000

4    cases and clutter up the docket, so it's an opportunity to deal

5    with the issue at one time.

6         MR. HERMAN:  Your Honor, with respect to item Roman

7    numeral XVII, Indeterminate Defendant Complaint, 18, omnibus class

8    action complaints, we've already addressed that.  And if folks want

9    further elucidation, they can access the status report, which your

10   Honor posts on the web site.  In summary, they're in the process of

11   being served, and as soon as they're served then Pretrial Order 1G

12   will be in effect and we will advise the court as service is made.

13        With regard to the special master, there's nothing new,

14   your Honor.  And I don't think Mr. Rosen's in court this morning.

15        THE COURT:  No.

16        MR. HERMAN:  Under item No. 20, Roman numeral XX, Knauf

17   Gips personal jurisdiction issue, there's nothing new other than

18   the fact that we contemplate in the scheduling order discovery as

19   to both jurisdiction and alter ego; and we have some things to work

20   out, but we believe we can reach agreement and hopefully move

21   forward in the month of August to take those depositions.

22        There's nothing new at Roman numeral XXI.  The frequently

23   asked questions and answers and advices can be found at

24   www.laed.uscourts.gov/drywall/faq.htm.  And I'll repeat that

25   slowly, www.laed.uscourts.gov/drywall/faq.htm.  And it is also

1    listed in the status report under item Roman numeral XXII, can be

2    accessed in the status report as well.

3         Your Honor, we have nothing new on hearings following the

4    status conference report.  Warehouse inspections have proceeded and

5    are proceeding.

6         And that brings us to the next status conference date,

7    your Honor.

8         THE COURT:  August 12th, 2010.

9         And I've been talking with my colleagues in state court

10   and hopefully soon, maybe the next meeting, but soon if not, we'll

11   be meeting as a group and they will be able to hopefully give

12   advice and input as to their proceedings and see whether or not we

13   can have an opportunity to focus on this matter in a global

14   fashion.

15        Anything else from anyone?  Okay, folks, thank you very

16   much.  The court will stand in recess.

17        THE DEPUTY CLERK:  Everyone rise.

18      (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)

19

20                         *  *  *  *  *  *

21

22

23

24

25

```
1
2
3                         REPORTER'S CERTIFICATE
4
5        I, Karen A. Ibos, CCR, Official Court Reporter, United
6   States District Court, Eastern District of Louisiana, do hereby
7   certify that the foregoing is a true and correct transcript, to the
8   best of my ability and understanding, from the record of the
9   proceedings in the above-entitled and numbered matter.
10
11
12                          _____
13                          Karen A. Ibos, CCR, RPR, CRR
14                          Official Court Reporter
15
16
17
18
19
20
21
22
23
24
25
```