007028.000004

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Hobbie, et al. v. RCR Holdings II, LLC, et al.<br>No. 10-1113 | |

_____/

**COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS REPLY, OBJECTIONS, AND
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. (Coastal), by and through undersigned counsel, hereby files its Memorandum of Law in Support of its Reply, Objections, and Opposition to Plaintiffs' Motion for Partial Summary Judgment against Defendant, Coastal Construction of South Florida, Inc., Document 12209, and states the following:

**INTRODUCTION AND GENERAL OBJECTIONS**

Plaintiffs state in their opening paragraph to their Motion for Partial Summary Judgment against Defendant, Coastal Construction of South Florida, Inc. and Memorandum of Law in support of the Motion for Partial Summary Judgment, that the Motion is filed on behalf of the named plaintiffs.  See Doc 12210 and 12210-1.  However, Plaintiff's Second Amended Complaint lists numerous plaintiffs as well as "all others similarly situated."  See Plaintiff's Second Amended Complaint.  Therefore the named plaintiffs would include more than 181 individuals and 131 condominium units, as the plaintiffs' class should include all owners of

condominium units in Villa Lago at Renaissance Commons. See 28 U.S.C. §1332(d)(1)(D); In re Hannaford Bros. Co. Customer Data Security Breach Litigation , 564 F.3d 75, 78 (C.A.1 (Me.) 2009).

This matter was originally filed in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida. It was then improperly removed to the Southern District Court and then transferred to the MDL as a tag-along action in Conditional Transfer Order (CTO-16) under 28 U.S.C. §1407. Coastal has an outstanding Motion to Remand the case back to the original court, the pursuant to 28 U.S.C. §1332. Coastal's Motion to Remand should be granted and these issues properly brought before the Judge in the 15th Judicial Circuit for resolution. Coastal therefore objects to any hearings or rulings on the matters raised in Plaintiffs' Motion for Partial Summary Judgment for those reasons.

Coastal objects to Plaintiff's presentation of the facts contained in the Introduction section of their Memorandum of Law. Plaintiffs allege that, "Coastal would not settle this case until it could resolve its issues regarding the liability of Coastal unique to this litigation…" Costal has participated and continues to participate in settlement discussions with Plaintiffs and all affected parties. Coastal was not the only defendant participating in the mediations and settlement conference and the issues raised by the Plaintiffs in their Motion to Strike Affirmative Defenses and Motion for Summary Judgment are not unique to Coastal, but affect all defendants in this matter. Plaintiffs continue to try to paint these issues as roadblocks to settlement and claim to want to have them decided. However, if Plaintiffs truly desired a the resolution of these issues, they would concur with Coastal's Motion to Remand and assist in sending the case back to state court where it can be set for trial and a full scheduling order can be addressed to resolve the case in its entirety. Coastal also denies all factual allegations and conclusions of law not

specifically denied herein.

## ARGUMENTS

Fed. R. Civ. P. 56 (c) provides that summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden is on the moving party to demonstrate that there is no genuine dispute respecting any material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v Catrett, 477 U.S. 317, 323 (1986) (emphasis added). Prior to entering the Scheduling Order, this Court advised that it would open discovery and motion practice as to issues of law only, not to issues of fact. As the parties have not been able to complete discovery as to issues of fact, a Motion for Summary Judgment is inappropriate at this time. Coastal has also been unable to get discovery or set deposition from co-defendant Banner due to a stay of all discovery pending settlement approval.

Coastal has not had the opportunity to challenge the affidavit of Ray Burroughs and supporting materials filed in support of Plaintiff's Motion for Summary Judgment. "The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits." See Snook v. Trust Company of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988) (citing Parrish v. Board of Commissioners of the Alabama State Bar, 533 F.2d 942, 948 (5th Cir.1976). Plaintiffs' Motion and Affidavit were filed after the discovery cut-off date contained in the Court's Scheduling Order and there fore Coastal cannot depose or request documents to challenge the affidavit. Coastal also has further objections to the Affidavit of Mr. Burroughs as set forth below.

Plaintiffs Motion is based on the allegation and assumption that "most" of the drywall installed in the units (without specification of what units) did not meet ASTM standards. These allegations demonstrate a clear issue of material fact from the inception of Plaintiff's arguments. Plaintiffs allege that ASTM C 36, section, 12.1, requires that "**each board or package**" contain markings that contain the thickness, name of the producer or supplier, the brand name, and the ASTM designation. Plaintiffs did not attach these alleged requirements form ASTM or produce an affidavit from anyone with authority to swear on behalf of ASTM that these were indeed the requirements for drywall at the time of the alleged incident. For this reason alone, Plaintiffs have failed to meet their burden to sustain a Motion for Summary Judgment. Costal would state that there is no section 12.1 in ASTM C 36 and therefore there is an undeniable issue of material fact.

Further, Plaintiffs then allege that the boards they inspected do not contain all of these markings. Plaintiffs own allegations do not state that the markings must be stamped on each board, merely on the packaging. The Affidavit presented in support of the Motion is based on Mr. Burroughs review of the reports and photographs created by another party and not on any direct inspection made by him. His affidavit states that based on his review of the hearsay documents, he would state that the drywall does not meet code. He does not state that he personally inspected the board <u>and all packaging</u> and there were no markings that would meet ASTM. He merely states that the partial information he reviewed suggests that the board did not meet his alleged ASTM standards. The photographs on the MDL website that demonstrate the markings of Knauf board that would comply with the alleged ASTM standards set forth by Mr. Burroughs.[1]

---

[1] See http://www.laed.uscourts.gov/Drywall/images/DrywallMarkings/09_KNAUF_TIANJIN.pdf

There is a genuine material fact issue as to what standards are set forth by ASTM C 36; whether Chinese drywall meets the standards of ASTM C 36; which boards in each unit, if any, allegedly do not meet Florida Building Code; and all of the other issues raised in this reply. For this reason, and all reasons stated above, Plaintiffs Motion for Partial Summary Judgment should be denied.

## OBJECTIONS TO PLAINTIFFS' STATEMENT OF UNCONTESTED FACTS

Coastal objects to Plaintiffs' Statement of Uncontested Facts, filed in support of their Motion, in its entirety. These alleged uncontested facts were not presented to Coastal prior to filing for review or acceptance and contain many facts that are incorrect. In paragraph 3 of the Plaintiffs' Statement of Uncontested Facts, Plaintiffs state that "Chinese drywall emits several sulfur compounds..." Evidence suggests that not all drywall imported from China contains the alleged "off-gassing" issues.

In paragraph 7, Plaintiffs state that the absence of markings is a requirement of the Florida Building Code. This statement is not fact but an allegation of the Plaintiffs that has not been properly verified. In paragraph 12, Plaintiffs again try to state their allegations as fact that "the only identifying marks on the Knauf Drywall was the Knauf label" based on Mr. Abadi's testimony. This is a misrepresentation of his testimony and the facts. Mr Abadi was presenting his recollection of the markings. The photographs of the markings from Chinese Drywall available on the Court's website[2] show that there are many other markings on the drywall from different manufacturers. Paragraph 13 again tries to paint their allegations as fact regarding the markings, and states that "Most of the drywall boards used in the plaintiffs' residences do not

---

[2] http://www.laed.uscourts.gov/Drywall/Drywallmarkings.htm

contain all of the markings…" This statement gives no indication as to what "most" means as it is their estimation or guess, and as stated above, the "plaintiffs" are an undefined term as plaintiffs' class would include more than the 181 plaintiff's named to date.

Paragraphs 14, 15, and 16 also contain conclusory opinions not supported by fact and seek to use the deposition of Salvatore Reale, which has not been completed and Coastal objects to its use for that reason. In paragraph 17, Plaintiffs assert that Coastal was in "the best position to observe" the markings on the drywall. This statement is false as the co-defendants, and some of the plaintiffs, had the best position to examine the drywall as it was manufactured, shipped, and installed. For these reasons and all others not expressly stated above Coastal objects to Plaintiffs Statement of Uncontested Facts and its application to this or any other Motion or proceeding.

## OBJECTIONS TO THE AFFIDAVIT OF RAY BURROUGHS

Plaintiffs also attached the Affidavit of Ray Burroughs in support of their Motion for Summary Judgment. Coastal objects to his qualifications and the entire Affidavit and reserves the right to depose and challenge Mr. Burroughs testimony. Coastal would also note that Mr. Burroughs' Affidavit states that his curriculum vitae is attached as Exhibit "A", but no such document is attached to the pleading. Paragraphs 12 and 13 of Mr. Burroughs' Affidavit make allegations regarding the ASTM requirements for drywall. However, Mr. Burroughs does not provide any documents to support his allegations regarding ASTM Standards. Neither Mr. Burroughs, not the Plaintiffs, have attached any documentation or supporting affidavits from ASTM verifying the requirements for the drywall or the markings. ASTM C 36 does not contain a section 12.1 as reference by Mr. Burroughs.

Paragraph 14 of Mr. Burroughs' Affidavit contains a legal conclusion of Mr. Burroughs not supported by the facts or documentation.  In paragraph 15, Mr. Burroughs makes reference to Exhibit C-1 which is not attached to the Affidavit.  Mr. Burroughs then contends in paragraph 16 that "most of the drywall inspected does not contain the markings required by the Building Code."  This statement again is based on unsupported conclusions and does not provide any indication as to what he defines as "most."  The remainder of Mr. Burroughs' Affidavit continues to make unsupported allegations and in paragraph 20 Mr. Burroughs makes the same allegation regarding Coastal's position to notice the markings on the drywall.  Costal restates its same objections as above and objects to the entirety of Mr. Burroughs' Affidavit.

Pursuant to Fed. R. Civ. P. 56(e)(1), an "affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Mr. Burroughs' Affidavit and exhibits fail this test and should not be considered when ruling on the Motion.  Mr. Burroughs' Affidavit lacks specificity and fails to establish that he has personal knowledge of the assertions he makes regarding the ASTM standards or any supporting documentation regarding the same.  He is relying on the hearsay from another inspector and failed to review all of the markings on all of the subject boards for which we has testifying.  He failed to state what specific markings were present and or missing from these boards and relied on the summary of unidentified individuals regarding the amount of drywall in the units. Coastal also objects to the use of this affidavit as it has not had the opportunity to challenge the affidavit and supporting materials.  See Snook v. Trust Company of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988) (citing Parrish v. Board of Commissioners of the Alabama State Bar, 533 F.2d 942, 948 (5th Cir.1976).

**WHEREFORE**, COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC., respectfully requests the Court deny Plaintiffs' Motion for Summary Judgment against Defendant, Coastal Construction of South Florida, Inc., and grant any further relief this Court finds proper.

Respectfully submitted,

Dated: February 7, 2012

/s/ Addison J. Meyers
Addison J. Meyers, Esq.
Fl Bar No. 267041
MINTZER SAROWITZ ZERIS LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:  305-774-9966
Fax:  305-774-7743
ameyers@defensecounsel.com

/s/ Brian A. Eves
Brian A. Eves, Esq.
FL Bar No. 43794
MINTZER SAROWITZ ZERIS LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:  305-774-9966
Fax:  305-774-7743
beves@defensecounsel.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email and upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing

was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this February 7, 2012.

/s/ Addison J. Meyers
Addison J. Meyers