007028.000004

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Hobbie, et al. v. RCR Holdings II, LLC, et al.<br>No. 10-1113 | |

_____/

**COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS REPLY TO PLAINTIFFS' MOTION
TO STRIKE AFFIRMATIVE DEFENSES**

COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC. (Coastal), by and through undersigned counsel, hereby files its Memorandum of Law in Support of its Reply to Plaintiffs' Motion to Strike Affirmative Defenses Asserted in Defendant Coastal Construction of South Florida, Inc.'s Answer, Document 12210, and states the following:

**INTRODUCTION AND GENERAL OBJECTIONS**

Plaintiffs state in their opening paragraph to their Motion to Strike Affirmative Defenses and Memorandum of Law in support of the Motion to Strike Affirmative Defenses, that the Motion is filed on behalf of the named plaintiffs. *See* Doc 12210 and 12210-1. However, Plaintiff's Second Amended Complaint lists numerous plaintiffs as well as "all others similarly situated." *See* Plaintiff's Second Amended Complaint. Therefore the named plaintiffs would include more than 181 individuals and 131 condominium units, as the plaintiffs' class should include all owners of condominium units in Villa Lago at Renaissance Commons. *See* 28 U.S.C. §1332(d)(1)(D); In re Hannaford Bros. Co. Customer Data Security Breach Litigation, 564 F.3d 75, 78 (C.A.1 (Me.) 2009).

This matter was originally filed in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida. It was then improperly removed to the Southern District Court and then transferred to the MDL as a tag-along action in Conditional Transfer Order (CTO-16) under 28 U.S.C. §1407. Coastal has an outstanding Motion to Remand the case back to the original court, the pursuant to 28 U.S.C. §1332. Coastal's Motion to Remand should be granted and these issues properly brought before the Judge in the 15th Judicial Circuit for resolution. Coastal therefore objects to any hearings or rulings on the matters raised in Plaintiffs' Motion to Strike Affirmative Defenses Asserted in Defendant Coastal Construction of South Florida, Inc.'s Answer for those reasons.

Coastal objects to Plaintiff's presentation of the facts contained in the Introduction section of their Memorandum of Law. Plaintiffs allege that, "Coastal would not settle this case until it could resolve its issues regarding the liability of Coastal unique to this litigation…" Costal has participated and continues to participate in settlement discussions with Plaintiffs and all affected parties. Coastal was not the only defendant participating in the mediations and settlement conference and the issues raised by the Plaintiffs in their Motion to Strike Affirmative Defenses and Motion for Summary Judgment are not unique to Coastal, but affect all defendants in this matter. Plaintiffs continue to try to paint these issues as roadblocks to settlement and claim to want to have them decided. However, if Plaintiffs truly desired a the resolution of these issues, they would concur with Coastal's Motion to Remand and assist in sending the case back to state court where it can be set for trial and a full scheduling order can be addressed to resolve the case in its entirety.

**ARGUMENTS**

The affirmative defenses presented in Coastal's Answer are legally sufficient, present

questions of law and fact, and should not be stricken. Motions to strike affirmative defenses are generally disfavored and should be granted only when the affirmative defenses are insufficient on the face of the pleading. *See* Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir.1991), cert. denied, 504 U.S. 957 (1992); Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir.1989). Affirmative defenses are tested under a standard identical to that applied to motions to dismiss under Rule 12(b)(6) and are not to be stricken if they are sufficient as a matter of law or present questions of law or fact. *See* Heller, 883 F.2d at 1294; Sayad v. Dura Pharm., Inc., 200 F.R.D. 419, 421 (N.D.Ill.2001). Motions to strike under Rule 12(f) "should be used sparingly by the courts" because they are a "drastic remedy to be resorted to only when required for the purposes of justice." *See* Pan-Am. Life Ins. Co. v. Gill, 1990 WL 58133, 2 (E.D. La. Apr. 27, 1990) (internal quotations omitted). A motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. *See* Augustus v. Board of Public Instruction of Escambia County, Florida, 306 F.2d 862, 868 (5th Cir.1962) (citing Brown & Williamson Tobacco Corp. v. United States 201 F.2d 819, 822 (6th Cir.1953). A disputed question of fact cannot be decided on a motion to strike. Id.; *See also* Gonzalez v. State Farm Mut. Auto. Ins. Co., 2011 WL 2607096, at 5 (E.D. La. July 1, 2011).

In determining the sufficiency of an affirmative defense, the well-pleaded allegations of the defendant's first affirmative defense must be accepted as true. *See* Talarowski v. Pennsylvania R Co., 135 F.Supp. 503, 504 (D.C.Del. 1955) (citing Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953). The Court must also draw all reasonable inferences in favor of the non-moving party. *See* Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, the Court should look only to the facts alleged in the pleading and its attachments without reference to other parts of the record. *See* Jordan v.

Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Plaintiffs' disputes with Coastal's Affirmative Defenses all contain legal arguments and references to documents outside of the pleadings. The fact that plaintiffs are required to present such lengthy and protracted arguments regarding the affirmative defenses shows that the defenses plead by Coastal are legally sufficient and contain important questions of law and fact that must be decided on their merits and not on a Motion to Strike.

### COASTAL'S AFFIRMATIVE DEFENSES REGARDING THE ECONOMIC LOSS RULE

Coastal has properly alleged that Plaintiffs' tort claims are barred by the Economic Loss Rule as Plaintiffs do not allege to have purchased the allegedly defective drywall directly; rather, Plaintiffs allege that they purchased condominiums that were constructed with allegedly defective drywall and are seeking damages related to repair or replacement of their homes or individual components thereof. Accordingly, damages related to repair/replacement of Plaintiffs' homes as well as the integral components thereof, are merely economic losses for which recovery in tort is unavailable. Since the Plaintiffs purchased completed dwellings, the allegedly defective drywall is an integrated component of the product purchased by Plaintiffs. Any claimed damages relating to repair or replacement of the homes or the integral components thereof are recoverable only via contract remedies against those parties in privity with Plaintiffs. This defense is properly plead and should not be stricken.

As this Court stated in In re Chinese Manufactured Drywall Products Liability Litig., 680 F. Supp. 2d 780, 799 (E.D. La. 2010):

> In their capacity as defendants, whether the Homebuilders will be susceptible to Plaintiffs' tort claims for economic losses is determined by the contractual privity ELR established by the Florida Supreme Court in Indemnity Ins. Co. of North

<u>America v. American Aviation, Inc.</u>, 891 So.2d 532 (Fla. 2004). The contractual privity ELR provides that parties in privity in contract are barred from bringing a tort action for economic damages, unless the economic damage is a result of a tort committed independently of the contract breach, and in other limited circumstances. <u>Id.</u> at 536-37. ….Accordingly, under the contractual privity ELR, the terms of those contracts will generally determine the remedies available to Plaintiffs. <u>Id.</u>

Whether or not all Plaintiffs have or do not have contractual privity with Coastal is an issue of fact that cannot be decided without further discovery. The Plaintiffs named in the complaint include the 181 named Plaintiffs "all others similarly situated.", which would include RCR Holdings Plaintiff objects to the inclusion and use of Salvatore Reale's deposition as the deposition has not yet been concluded and is not final. Prior to the issuance of the Scheduling Order this Court advised that discovery and motions would proceed as to issues of law only and not issues of fact. Until the class of plaintiffs is determined in this matter, the contractual privity issue cannot be determined as well.

As cited above the Court must also draw all reasonable inferences in favor of the non-moving party and the Court should look only to the facts alleged in the pleading and its attachments without reference to other parts of the record. See <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) and <u>Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250</u>, 1261 (3d Cir. 1994). Coastal has properly alleged that Plaintiffs' tort claims are barred by the Economic Loss Rule and therefore this affirmative defense should not be stricken.

### **COASTAL'S AFFIRMATIVE DEFENSES REGARDING BREACH OF IMPLIED WARRANTY OF FITNESS**

Coastal has properly alleged the affirmative defenses that for Plaintiffs to maintain their claims for Breach of Warranty and/or Fitness claim there must be privity of contract which is a prerequisite to recovery under a claim for breach of either express or implied warranty and that

there is no privity between this Defendant and the Plaintiffs. Further Coastal has raised the affirmative defense that Plaintiff's Breach of Warranty and/or Fitness claims are time barred pursuant to §718.203 of the Florida Statues.

Plaintiffs relay upon <u>Grovenor House, LLC. v. E.I. Du Pont De Nemours and Co.</u>, 2010 WL 883647, 2 (S.D.Fla. 2010), in their assertion that privity is not required and do not address the defense that the claim is time barred. <u>Grovenor</u> is distinguishable in that it involves a claim against a supplier and not a homebuilder or contractor. Florida case law is clear, to prevail on a claim for breach of warranty in Florida a plaintiff must be in privity of contract with the defendant. See <u>Ocana v. Ford Motor Co.</u>, 992 So.2d 319, 325 (Fla. 3d DCA 2008) (Florida law requires privity of contract to maintain an action for breach of an implied warranty); <u>Weiss v. Johansen</u>, 898 So.2d 1009 (Fla. 4th DCA 2005); <u>T.W.M. v. Am. Med. Sys., Inc.</u>, 886 F.Supp. 842, 844 (N.D. Fla. 1995); <u>Federal Insurance Company v. Bonded Lightning Protection Systems, Inc.</u>, 2008 WL 5111260 at 7 (S.D. Fla. 2008); <u>Kramer v. Piper Aircraft Corp.</u>, 520 So.2d 37 (Fla. 1988); and <u>West v. Caterpillar Tractor Co.</u>, 336 So. 3d 80 (Fla. 1976). Coastal has properly alleged that Plaintiffs' lack of privity bars plaintiff's claims for breach of implied warranty, and that such claims are time barred, and therefore these affirmative defenses should not be stricken.

## COASTAL'S AFFIRMATIVE DEFENSES REGARDING STRICT LIABILITY

Coastal has properly alleged the affirmative defenses that for Plaintiffs to maintain their claims for Breach of Warranty and/or Fitness claim there must be privity of contract which is a prerequisite to recovery under a claim for breach of either express or implied warranty and that there is no privity between this Defendant and the Plaintiffs. Further Coastal has raised the affirmative defense that Plaintiff's Breach of Warranty and/or Fitness claims are time barred pursuant to §718.203 of the Florida Statues.

Plaintiffs rely upon Judge Green's ruling regarding an installer's motion to dismiss Plaintiff's claims for Strict Liability. This ruling is distinguishable because it dealt solely with an installer claims and not a home builder. Judge Kelly's Omnibus Order on Pending Motions to Dismiss is directly on point on this issue. In his ruling, Judge Kelley stated, "[t]he law in Florida appears to be well settled that strict liability does not apply to improvements to real property as improvements to real property are not considered products." See Plaza v, Fisher Developments, Inc., 971 So.2d 918 (Fla. 3rd DCA 2007); Neuman v. Davis Water & Waste, Inc., 971 So.2d 559 (Fla. 2d DCA 1983); Easterday v. Masiello, 518 So.2d 260 (Fla. 1988); and Jackson v, L.A.W. Contracting Corp., 481 So.2d 1290 (Fla. 5th DCA 1986). Judge Kelley went on to find that the defendant homebuilders were not within the distribution chain for the drywall. Coastal shares the same position and therefore its affirmative defense regarding strict liability should not be stricken.

**WHEREFORE**, COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, INC., respectfully requests the Court deny Motion to Strike Affirmative Defenses Asserted in Defendant Coastal Construction of South Florida, Inc.'s Answer, and grant any further relief this Court finds proper.

Respectfully submitted,

Dated: January 17, 2012

/s/ Addison J. Meyers
Addison J. Meyers, Esq.
Fl Bar No. 267041
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126

Tel: 305-774-9966
Fax: 305-774-7743
ameyers@defensecounsel.com

/s/ Brian A. Eves
Brian A. Eves, Esq.
FL Bar No. 43794
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel: 305-774-9966
Fax: 305-774-7743
beves@defensecounsel.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email and upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this February 7, 2012.

/s/ Addison J. Meyers
Addison J. Meyers