UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * | MDL No. 2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO ALL CASES**

## SCHEDULING ORDER AS TO
## PERSONAL JURISDICTION OVER TAISHAN DEFENDANTS

On June 15, 2009, this Court was designated as the transferee court for federal cases involving Chinese-manufactured drywall, creating Multi-District Litigation 2047 ("MDL 2047"). Since the inception of MDL 2047, numerous cases have been consolidated before this Court. Several of these cases involve claims against Taishan Gypsum Co. Ltd. ("TG") and Taian Taishan Plasterboard Co., Ltd. ("TTP") (collectively referred to as "Taishan Defendants") for their alleged role as manufacturers of a certain amount of this Chinese drywall. The Taishan Defendants have filed Notices of Appearance in certain of these cases. *See Germano v. Taishan Gypsum Co., Ltd.*, No. 09-6687 ("*Germano*"); *Mitchell Company, Inc. v. Knauf Gips KG*, No. 09-4115 ("*Mitchell*"); *Steiner v. Beijing New Bldg. Material, PLC*, No. 09-6545; *Gross v. Knauf Gips KG*, No. 09-6690; *La. State v. Knauf Gips KG*, No. 10-340; *Wiltz v. Beijing New Bldg. Material Pub. Ltd. Co.*, No. 10-361. There are also state court cases that have been filed against the Taishan Defendants.

In MDL 2047, the Court has ordered the parties to engage in discovery for the purpose of determining whether there is personal jurisdiction over the Taishan Defendants. As part of that, the Court has held a number of regularly-scheduled conferences with the parties in an effort to keep the parties on track to resolve their discovery and deposition disputes. The first of these conferences occurred on June 9, 2011. *See* (R. Docs. 9170, 9524). At that time, the Court determined the discovery dispute should be resolved first, then the deposition issues. With regard to written discovery, the Court directed TG and TTP to formulate a list of documents requested which they have already produced, then the PSC was to determine which document requests are still outstanding and provide such to TG and TTP. Thereafter, if there were are any disputes regarding production, the parties were to meet-and-confer to attempt to resolve such, but if they were unable to do so, they were to submit letters to the Court detailing their respective positions on why or why not certain documents are discoverable. The Court has since received extensive correspondence from the parties regarding these discovery issues and has conducted numerous conferences with the parties to address and resolve discovery disputes.

On January 5, 2012, the Court entered and Order Regarding Authenticity and Admissibility of Certain Documents Identified by Parties for Use at Depositions in Hong Kong the Week of January 9, 2012 [Rec. Doc. 12126], and an Order Regarding Use of Depositions in MDL and State Court Proceedings [Rec. Doc. 12127].

With regard to the depositions, the Court directed the parties who intended on questioning the TG and TTP witnesses to work together and coordinate efforts as the Questioners.[1]

---

[1] The Questioners are comprised of the various parties who submitted Motions and/or Joinders in connection with the PSC's Motion to Compel Production of Documents and Further Jurisdictional Depositions of the Taishan Defendants and for Sanctions (Rec. Doc. 8685); see also, (Rec. Docs. 8695, 8755, 8765, 8758, 8792). Venture Supply, Inc., Porter Blaine Corp. and Tobin Trading originally were excluded as Questioners in preparation for Hong Kong depositions but later participated as a Questioner at the Hong Kong depositions during the week of January 9, 2012.

The Questioners were directed by the Court in late August, early September 2011 to designate: (1) a limited number of designated counsel to ask questions at the depositions; (2) deposition topics; (3) Rule 30(b)(6) witnesses who are knowledgeable and prepared to address the noticed deposition topics; (4) coordinate with TG and TTP to select a single, mutually agreeable translator with the proper training and skills to translate at the depositions, or alternatively, request the Court to contact the State Department for a translator; (5) coordinate with TG and TTP a mutually agreeable location with the appropriate amenities for the deposition; (6) coordinate with TG and TTP the length of the depositions; and (7) coordinate with TG and TTP a mutually agreeable, qualified court reporter. Additionally, the Court declared its intent to personally supervise the Hong Kong depositions. Thereafter, the Questioners and TG and TTP advised the Court that it had accomplished the foregoing directives and during the week of January 9, 2012, the parties completed depositions of the Taishan Defendants by completing the depositions of the following witnesses:

   a. Peng Wenlong (Frank Clem)
   b. Jia Tongchun
   c. Che Gang (Bill Cher)
   d. Peng Shi Liang
   e. Fu Tinghuan

With this, the parties are nearing the completion of discovery regarding the issue of personal jurisdiction over the Taishan Defendants.

At the January 26, 2012 status conference, counsel for the PSC indicated to the Court that after consultation with the Questioners group and having met and conferred with the Taishan Defendants, that some additional depositions in the United States were either noticed or were in the process of being noticed by the PSC. Further, counsel for the PSC and the Taishan Defendants informed the Court that it is expected that jurisdiction discovery will be complete after: (1) the parties determine the proper translation for the documents relevant to the personal jurisdiction issue;

(2) the deponents review the deposition transcripts as they become available and provide any necessary errata sheets; and (3) the PSC completes certain customer depositions as referenced above. Counsel for the PSC and the Taishan Defendants anticipate that these items should be completed by the end of February, 2012, and all parties shall report at the next status conference on February 23, 2012 a projected date when these items will be completed.

Based upon the completion of jurisdictional discovery by the end of February 2012, the Court hereby orders the following deadlines with respect to the issue of personal jurisdiction over the Taishan Defendants:

| **Date Due By** | **Description** |
| --- | --- |
| April 2, 2012 | The Taishan Defendants shall file the necessary motions to vacate defaults and/or to dismiss complaints and/or memoranda to raise the issue of personal jurisdiction over them as relevant in *Germano*, *Mitchell,* and certain other agreed-upon and appropriate cases that will address otherwise unresolved issues of personal jurisdiction over the Taishan Defendants.  . |
| May 1, 2012 | Any opposition to the Taishan Defendants' motions regarding personal jurisdiction shall be filed. |
| June 1, 2012 | Any reply by the Taishan Defendants to these oppositions shall be filed. |

Briefs or memorandum filed pursuant to this Scheduling Order shall not be subject to the page limitations set forth in Local Civil Rule 7.7.  However, the length of the briefs shall be no more than is reasonably necessary to address the issues presented.  Neither this scheduling order nor the Taishan Defendants' actions in compliance therewith shall constitute or be considered a waiver of any objections to service of process, venue, or jurisdiction, or any other defense on the part of the Taishan Defendants or preclude the Taishan Defendants from making any other motions allowed by law.

New Orleans, Louisiana, this 10th day of February, 2012.

                                                       _____
                                                       Eldon E. Fallon
                                                       United States District Court Judge