IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | : | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | : | Section L |
| LITIGATION | : | |
| _____ / | : | |
| | : | |
| This Document Relates to All Cases: | : | JUDGE FALLON |
| | : | MAGISTRATE JUDGE WILKINSON |

**LA SUPREMA ENTERPRISE, INC. AND LA SUPREMA TRADING, INC.'S
RESPONSE TO THE COURT'S FEBRUARY 13, 2012 ORDER**

Defendants, LA SUPREMA ENTERPRISE, INC. and LA SUPREMA TRADING, INC. (collectively, "La Suprema"), by and through undersigned counsel, hereby respond to the Court's February 13, 2012 Order ("February 13th Order", D.E.12482) and show cause why they should not be held in contempt:

The February 13th Order requires certain Defendants to appear in open court on February 23, 2012 to show cause why they should not be held in contempt and sanctioned for violation of the Court's prior Order ("Confidential Mediation Order", D.E. 11881) requiring submission of a confidential mediation affidavit to the Court-appointed mediator, John Perry. La Suprema is among the defendants required by the February 13th Order to appear on February 23rd.

La Suprema concedes that it has not submitted a confidential mediation affidavit, although it disputes that it was required to do so under the Confidential Mediation Order. Specifically, said Order is expressly applicable to "installer[s], builder[s], or supplier[s]". As reflected by the Revised Exporter, Importer or Broker Defendant Profile forms submitted on behalf of each entity (copies attached hereto as composite exhibit "A"), La Suprema has maintained throughout this proceeding that it acted solely as a broker in connection with

Chinese-manufactured drywall. Accordingly, La Suprema believed in good faith that it was not implicated by the Confidential Mediation Order.

Indeed, the Court has recognized the distinction between the various defendants involved in this consolidated action pursuant to the various pretrial Orders requiring submission of separate profile forms for installers, builders, distributors, manufacturers, importers, exporters and brokers (see, e.g., PTO 11, 12, 12A, 14 and 14A). La Suprema was therefore justified in concluding that it was outside the scope of the Confidential Mediation Order to the extent same relates solely to installers, builders and suppliers.

As a practical matter, La Suprema has nothing to offer by way of settlement. Both entities have ceased operating as going concerns, and lack assets, revenue or insurance. Since it did not transact business with the general public during the period in which it brokered Chinese-manufactured drywall, La Suprema has no records or other means of determining the homes in which the subject drywall was ultimately installed. Its responses to the Confidential Mediation Affidavit, therefore, would either be "unknown" or "none" to each particular inquiry. The Court-appointed mediator is well aware of the foregoing. Specifically, Mr. Perry presided over the August 31, 2010 mediation ordered by Judge Farina in the Miami-Dade Circuit Court case styled as *Jason and Melissa Harrell v. South Kendall Construction Corp., et al.*, 09-08401 CA 42. Upon learning that La Suprema carried no insurance, it was promptly excused from the mediation by Mr. Perry pursuant to his conclusion that no useful purpose would be served by La Suprema's continued participation.

It would therefore be patently inequitable to require La Suprema to travel to New Orleans and appear in open court on February 23, 2012 pursuant to the February 13th Order, to the extent

it is neither an installer, builder or supplier and furthermore lacks insurance or any assets with which to offer or accept settlements.

WHEREFORE, Defendants, LA SUPREMA ENTERPRISE, INC. and LA SUPREMA TRADING, INC. respectfully request that they be excused from complying with the Confidential Mediation Order (D.E. 11881) and from having to appear in open court on February 23rd, 2012, and such other and further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of February, 2012.

Respectfully Submitted,

>ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
>*Attorneys for Defendants* **LA SUPREMA ENTERPRISE, INC. AND LA SUPREMA TRADING, INC.**
>One Aventura, Suite 600
>20900 Northeast 30th Avenue
>Aventura, FL 33180
>Tel: (305) 937-0300   Fax: (305) 937-1311
>
>By:   /s/ Steve Bimston
>   EDUARDO I. RASCO, ESQUIRE
>   Florida Bar No. 646326
>   STEVE BIMSTON, ESQUIRE.
>   Florida Bar No. 179205

# 190239 - 1

3