UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 2:09-MD-02047<br><br>SECTION L<br><br>JUDGE: FALLON |
| **This document related to:** ALL CASES | * | MAG: WILKINSON |

*******************************************************************************

## CAPITAL CONSTRUCTION, INC.'S MOTION FOR CLARIFICATION

**NOW INTO COURT**, comes defendant, Capital Construction, Inc. ("Capital"), who hereby submits this Motion for Clarification regarding the Court's Rule to Show Cause for failure to produce a Confidential Mediation Affidavit. The Rule to Show Cause does not specifically list "Capital Construction, Inc.," but merely "Capital Construction." Rec. Doc. 12,482. Thus, the Court may have intended to Rule an entirely different party into Court to show cause on this issue. However, out of an abundance of caution, Capital files this Motion for Clarification, showing that Capital has been dismissed from this case and therefore did not file a Confidential Mediation Affidavit.

On February 13, 2012, this Honorable Court handed down an Order requiring "Capital Construction," among others, to appear before the Court to show cause why "Capital Construction" should not be held in contempt of court for failing to produce a confidential mediation affidavit. Rec. Doc. 12,482, p. 5. The affidavit was to identify the number of unique addresses in the United States for which "Capital Construction" may be liable because of the presence of Chinese drywall. *Id*. at p. 1.

Capital was originally named in the *Gross* class action complaint, Case No. 09-6690, via the *Benes* intervention. *See* Rec. Doc. 2187, ¶ 1349. In *Gross*, three class representatives asserted claims against Capital – Quaintrell T. Anderson, Orlesa W. Brackett, and Shirley A. McBride.

00306258-1

Rec. Doc. 2187—4, p. 61.[1] In response, the undersigned filed a Notice of Appearance on behalf of Capital on August 5, 2010. Rec. Doc. 4866. Shortly thereafter, the undersigned engaged in an investigation of Plaintiffs' claims against Capital, and found that while Plaintiffs alleged the installation of Chinese drywall in their Mobile-area homes, Capital never performed any work in the Mobile, Al., area. *See* email correspondence from A. Weinstock to C. Coffin, dated Aug. 19, 2010, attached as Exhibit "A." The undersigned then communicated this information to counsel for the Plaintiffs via email, pointing out that Plaintiffs may actually be seeking a different "Capital Construction" (specifically one with a business identity other than "Inc."). *See id.*

In response, Plaintiffs Quaintrell T. Anderson, Orlesa W. Brackett, and Shirley A. McBride voluntarily dismissed their claims against Capital on October 6, 2010. *See* Rec. Doc. 5789 (moving to dismiss the claims of Orlesa W. Brackett); Rec. Doc. 5792 (moving to dismiss the claims of Quaintrell T. Anderson); Rec. Doc. 5794 (moving to dismiss the claims of Shirley A. McBride). The Court granted the voluntary dismissals on October 7, 2010. *See* Rec. Doc. 5909 (dismissing the claims of Orlesa W. Brackett); Rec. Doc. 5912 (dismissing the claims of Quaintrell T. Anderson); Rec. Doc. 5913 (dismissing the claims of Shirley A. McBride).

Therefore, with respect to Capital, the *Gross* complaint no longer states a cause of action against that defendant. Since the dismissal of the plaintiffs identified above, no additional plaintiffs have brought suit against Capital. Thus, Capital is no longer a viable defendant in this lawsuit, and consequently had no obligation to provide a confidential mediation affidavit. Capital brings this to the Court's attention merely out of an abundance of caution because "Capital Construction" was listed in the Court's Order. This Honorable Court may not have intended its Rule to apply to Capital at all. But to the extent the Order actually commands Capital to show

---

[1] Capital was also named by these three plaintiffs in the *Allen* claim, 09-5844. However, Capital was not served in that lawsuit, and the *Allen* suit was then consolidated with numerous other cases in the Chinese drywall MDL. Capital was then served in the *Gross* matter. Rec. Doc. 4020, 4175.

00306258-1

cause regarding why it did not submit a mediation affidavit, Capital shows that it was dismissed from the litigation, and therefore did not prepare an affidavit.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

*s/Andrew D. Weinstock*
_____
**ANDREW D. WEINSTOCK (#18495)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
andreww@duplass.com
pverlander@duplass.com
**Counsel for Defendant, Capital Construction, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and/or e-mail and e-mail upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of February, 2012.

*s/Andrew D. Weinstock*
_____
ANDREW D. WEINSTOCK
