IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR MIAMI-DADE COUNTY, FLORIDA

IN RE: CHINESE DRYWALL LITIGATION

CASE NO.: 09-08401 CA (42)

_____/

JASON HARRELL and MELISSA HARRELL, Individually and on behalf of all others similarly situated,

        Plaintiffs,

vs.

SOUTH KENDALL CONSTRUCTION CORP., a Florida corporation; PALM ISLES HOLDINGS, LLC, a Florida limited liability company; KEYS GATES REALTY, INC., a Florida corporation; BANNER SUPPLY CO., a Florida corporation,

        Defendants.

_____/

ORDER PRELIMINARILY APPROVING SETTLEMENT

This cause came before the Court on the Joint Motion for Preliminary Approval of Settlement filed by Plaintiffs and SOUTH KENDALL CONSTRUCTION CORP. and PALM ISLES HOLDINGS, LLC ("the SKCC Parties"), and the Court, having reviewed and considered the Joint Motion, heard argument of counsel, and otherwise being fully informed in the premises, it is hereby ORDERED and ADJUDGED as follows:

1. The Joint Motion is GRANTED.

2. The Court finds that it has jurisdiction over this action.

3. On May 27, 2010, the Court entered its Order Granting Plaintiffs' Motion for Class Certification and Providing for Notice ("Class Certification Order"). The Settlement Class for all the proposed settlement consists of: "ALL NATURAL PERSONS

**EXHIBIT "F"**

AND BUSINESSES WHO PURCHASED HOMES FROM DEFENDANT SOUTH KENDALL CONSTRUCTION CORPORATION ("SOUTH KENDALL") AND/OR ITS ASSIGNS OR AFFILIATED COMPANIES BETWEEN JANUARY 2004 AND THE PRESENT AND WHOSE HOMES CONTAIN CHINESE-MANUFACTURED DRYWALL SUPPLIED BY DEFENDANT BANNER SUPPLY CO. ("BANNER") WHICH HAS PROVEN TO BE DEFECTIVE." Excluded from the Class are the Defendants, and all of the Defendants' alter-ego entities, all employees or agents of Defendants and agents of the Defendants' alter-ego entities, all subsidiaries and affiliates of the Defendants, the Defendants' officers, agents, and employees, and any agents or brokers.

4. Plaintiffs have separately moved for approval of the form of the Notice of Pendency of Class Action, Proposed Settlements, and Fairness Hearing ("Class Notice"). By separate Order this Court has granted that Motion.

5. The primary terms of the settlement are as follows: First, the SKCC Parties, will pay Four Million Dollars ($4,000,00.00), to be paid to the trust account of Podhurst Orseck, P.A., five (5) business days after the entry of an Order Preliminarily approving the Settlement and Providing For Notice. Second, as additional consideration for a total global settlement, SKCC will assign to Plaintiffs all claims and causes of action that the SKCC Parties have asserted or may otherwise have of whatever nature against any other parties responsible for Plaintiffs' damages or responsible to the SKCC Parties in any manner arising from "Chinese Drywall" claims for further prosecution by Lead Plaintiffs and the Plaintiff Class at their sole

2

expense, any recoveries against such other parties for the use and benefit of the Plaintiff Class. Third, the SKCC Parties and/or its carrier will assign any first party bad faith action they may have against one of its insurers, Mid-Continental Insurance Company.

6. The Settlement Funds shall be held in an interest-bearing trust account by the law firm of Podhurst Orseck, P.A. pending further Order of the Court as to distribution to Qualified Class Members.

7. Any award made by the Court in response to any Fee Request shall be paid from the Settlement Funds. The fairness, reasonableness, and adequacy of the Settlement will be considered and ruled upon by the Court independently of any award of attorneys' fees and costs. In addition, all costs for administration of the Settlement shall be paid out of the Settlement Funds.

8. The Court finds that the proposed Settlement is fair, reasonable, and adequate and merit this Court's preliminary approval, issuance of Class Notice, and the scheduling of a Final Approval Hearing, as set forth in the Class Notice.

## Other Provisions

9. Terms used in this Order that are defined in the Settlement Agreement, unless otherwise defined in this Order, are used in this Order as defined in the Settlement Agreement.

10. In the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection

3

therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement.

11. If the Settlement is terminated or ultimately not approved, the Court will modify any existing scheduling order to ensure that the parties will have sufficient time to prepare for the resumption of litigation.

WHEREUPON it is hereby ORDERED AND ADJUDGED:

A. The Court finds that it has jurisdiction over this Action.

B. The Court preliminarily approves the Settlement embodied in the parties' Stipulation of Settlement attached as Exhibit A to the Joint Motion for Preliminary Approval of Settlement and Memorandum of Law.

DONE AND ORDERED in Chambers at Miami, Florida, this 23 day of JUNE, 2010.

THE HONORABLE JOSEPH P. FARINA
CIRCUIT COURT JUDGE

4



May 27 2011
2:24PM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT OF FLORIDA IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JASON HARRELL and MELISSA HARRELL,
Individually and on behalf of all others similarly
situated,

    Plaintiffs,

vs.

SOUTH KENDALL CONSTRUCTION CORP., a
Florida corporation; PALM ISLES HOLDINGS,
LLC, a Florida limited liability company; KEYS
GATES REALTY, INC., a Florida corporation;
BANNER SUPPLY CO., a Florida corporation,

    Defendants.
_____/

CASE NO. 09-08401 CA (42)

CHINESE DRYWALL DIVISION

## FINAL ORDER GRANTING LEAD CLASS COUNSEL'S MOTION FOR APPROVAL OF PROPOSED PLAN OF ALLOCATION AND DISTRIBUTION OF NET SETTLEMENT PROCEEDS

THIS CAUSE having come before the Court on May 27th, 2011 on Plaintiffs' Proposed Plan of Allocation And Distribution of Net Settlement Proceeds and the Court, having previously reviewed and approved Plaintiffs' Proposed Plan of Allocation and Distribution of Net Settlement Proceeds, having heard argument of counsel, having been advised that no class member has objected to Plaintiffs' Proposed Plan of Allocation and Distribution of Net Settlement Proceeds and having otherwise been fully informed in the premises, it is hereby ORDERED and ADJUDGED as follows:

1. The Court hereby adopts, as modified below, Plaintiffs' Proposed Plan of Allocation and Distribution of Net Settlement Proceeds as the Class' Final Plan of Allocation and Distribution of Net Settlement Proceeds. The Court notes the error, announced by Lead Class Counsel at the Fairness Hearing and set forth in the May 20th, 2011 Class Notice, in the total amount of Net Settlement Proceeds available for distribution to the Class after deduction for Lead Plaintiffs'

Incentive Award. The total amount of Lead Plaintiffs' Incentive Award, having been the subject of prior Court orders dated June 23, 2010 and December 17, 2010, the subject of the February 4th, 2011 and February 8th, 2011 Fairness Hearing and having been publically announced at the noticed Fairness Hearing, the Court finds that due process regarding Lead Plaintiffs Incentive Award has been afforded the Class. Further, the Court finds that the amount of the error is *de minimus* and notes the delay and additional notice costs associated with reissuing class notice are not in the best interest of the Class. Finally, the Court notes the lack of any objection to the correction and the stated support of Lead Plaintiffs and other members of the Plaintiffs Class present at the Fairness Hearing. Accordingly, the corrected total amount per square foot to be distributed to Qualified Settlement Class Members shall be a minimum of $25.10.

2. The Court awards past Notice and Administration Costs in the amount $69,479.17, to be disbursed from the Net Settlement Fund, to the law firm of Podhurst Orseck, P.A.

3. The Court awards past Notice and Administration Costs in the amount $3,062.76, to be disbursed from the Net Settlement Fund, to the law firm of VM Diaz & Partners, LLC.

4. The Court awards future Notice and Administration Costs in the amount $3,800.00, to be disbursed from the Net Settlement Fund, to the law firm of VM Diaz & Partners, LLC.

5. The Court orders Lead Class Counsel to distribute the Net Settlement Funds to Qualified Settlement Class Members in accordance with the Court's orders preliminarily approving settlements and the Final Plan of Allocation and Distribution of Net Settlement Proceeds.

DONE AND ORDERED in Chambers in Miami-Dade, County, Florida, this 27 day of May, 2011.

HONORABLE JOSEPH P. FARINA
CIRCUIT COURT JUDGE

2