UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION "L" |
| THIS DOCUMENT RELATES TO:<br>Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.,<br>Case No. 2:10-cv-00361 (E.D.La.) | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| Rogers, et al. v. Knauf GIPS KG, et. al., Case No. 2:10-cv-00362 (E.D.La.) | |
| Abel, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al. Case No. 2:11-cv-080 (E.D.La.) | |

### DEFENDANT PALM ISLES' OBJECTION TO PLAINTIFFS' OMNIBUS MOTION FOR DEFAULT

Defendant Palm Isles Holdings, LLC ("Palm Isles"), by and through undersigned counsel, submits this objection to the Plaintiffs' Omnibus Motion for Preliminary Default Judgment as to Palm Isles and also moves for award of sanctions. In support, Palm Isles states these grounds to set aside any default against it:

1. Plaintiffs in several of these consolidated MDL Chinese Drywall cases have named Palm Isles as a homebuilder-defendant, however, as explained below any continuing claims against Palm Isles are knowingly improper as having been earlier settled and dismissed.

2. Palm Isles settled all possible claims against it well over a year ago as part of a resolution of the Florida Class Action involving this Defendant and any claims involving its affiliated entity, South Kendall Construction.

3. Plaintiffs by motion filed November 18, 2011, seek entry of default judgment against Palm Isles in the three above-referenced Class Actions.

**EXHIBIT "J"**

4. Any such default directed against Palm Isles was believed filed in error but does plainly reflect a lack of diligence on the part of Plaintiffs' counsel since such motions are plainly in contravention of prior executed settlement documents as well as repeat requests by the undersigned that Palm Isles (and South Kendall) be removed from all further pleadings in these drywall cases.

5. Palm Isles was the developer/seller of a small number of homes solely in a subdivision of the Kendall, Florida "Keys Gate" community. South Kendall Construction was the builder of these homes. Palm Isles had no involvement with any other properties in or outside of Florida thus, any possible class action participant was necessarily a homeowner in a Palm Isles property built by South Kendall Construction.

6. Some of these same PSC attorneys representing the class-action plaintiffs involved in the above-styled actions were participants in suits against Palm Isles and South Kendall Construction as part of the Miami-Dade County Florida State Court Class Action styled as Jason Harrell and Melissa Harrell, individually, on behalf of their minor children, and on behalf of all others similarly situated, Plaintiffs, v. South Kendall Construction Corp., a Florida corporation, Palm Isles Holdings, LLC, a limited liability Company, Keys Gate Realty, Inc., a Florida corporation, Banner Supply Co., a Florida corporation, Defendants., Chinese Drywall Litigation Case No. 09-200,000 (42), specifically relating to Case No. 09-08401-CA 01 (42) ("Harrell"). With the agreement and consent of these same MDL PSC attorneys, in May, 2010, Palm Isles (and its affiliated entity South Kendall Construction) entered into a global settlement with all potential class action plaintiffs in any Florida State Court or Federal MDL actions. Included at the time of the drafting of that settlement agreement were the Miami-Dade County Florida cases of Harrell as well as the MDL actions of Payton v. Knauf, et al.; Rogers v. Knauf,

2

et al.; and, Wiltz v. Beijing New Building Materials Public Limited Co., et al. The above-noted Abel action had not yet been filed but any of its potential class participant members having any possible claim against Palm Isles necessarily overlapped with those having any such claims as alleged as part of Harrell, Payton, Rogers, and/or Wiltz.

7. While the settlement agreement was to remain confidential and is not attached as an exhibit to this submission out of continuing respect for that confidentiality agreement, this Court should be aware that in addition to lead Harrell counsel Victor Diaz and PSC counsel Ervin Gonzalez, PSC attorneys Arnold Levin as well as PSC attorney Russ Herman both endorsed the global settlement agreement. If there is any challenge to this submission, undersigned counsel will provide under seal if need be a copy of the Confidential Settlement Agreement executed by PSC counsel.

8. As part of the class action settlement in the Harrell case, Harrell being the lead action for all of these potential claims against Palm Isles, the class action settlement on global basis was approved by Order of Court, the Honorable Judge Joseph Farina presiding, a copy of this Harrell Settlement Approval Order as entered June 23, 2010 and the Final Order entered May 27, 2011 are attached as **Composite Exhibit A.**

9. Shortly following the settlement among Plaintiffs and the undersigned, counsel was advised of improperly noticed depositions involving Palm Isles. See email to Russ Herman dated May 8, 2010 attached as **Exhibit B.** Later in December, 2010, PSC counsel mistakenly named both South Kendall and Palm Isles in new MDL litigation. Another email was sent to PSC counsel Herman advising of this mistake. See December 28, 2010 email attached as **Exhibit C.** Months later the same mistake was repeated when PSC counsel filed their Abel Omnibus Class Action in this Court. Yet another letter was sent to PSC lead counsel Herman on

3

June 30, 2011 trying to correct this repeat mistake of lawsuits against Palm Isle once and for all. See **Exhibit D.** Attempts to resolve these repeat mistakes of suing Palm Isles despite a settlement agreement by follow-up phone call have been without success.

10. Plainly Palm Isles should never have been sued in some of these MDL cases and as to any actions against it pending at the time of the May, 2010 global settlement, those select actions naming Palm Isles should have been dismissed.

11. All prior attempts to engage lead PSC counsel in New Orleans to rectify these continuing mistakes have been ignored.

12. Undersigned counsel wishes to make plain that neither attorney Victor Diaz nor attorney Ervin Gonzalez, both of whom involved in negotiating the global settlement on behalf of Florida litigants, should in any manner be admonished for these errors. Each has referred the undersigned to lead New Orleans PSC counsel in the MDL to rectify these problems without success.

13. Any motion by Plaintiffs in these omnibus actions seeking entry of default against Palm Isles is knowingly without merit and has caused substantial needless attorney time and expense to address.

14. Undersigned counsel would wish to be heard on a Motion for Sanctions and to present evidence of reasonable attorneys' fees and expenses incurred in regard to these matters.

WHEREFORE, Defendant Palm Isles Holdings, LLC, by and through undersigned counsel, objects to any entry of default against Palm Isles by reason of its prior agreed settlement as to all potential class action plaintiffs, for entry of final order of dismissal with prejudice of Palm Isles and South Kendall Construction in all MDL proceedings, for award of appropriate

sanctions by reason of this improperly filed Motion for Default Judgment, and, for all other relief as justice requires under these circumstances.

          Respectfully submitted,

          PALM ISLES HOLDINGS, LLC,
          Defendant

          By:   /s/ Steven G. Schwartz
               Steven G. Schwartz, Esquire
               Schwartz Law Group
               6751 N. Federal Highway, #400
               Boca Raton, FL 33487
               Ph: 561-395-4747
               Fx: 561-367-1550
               sgs@theschwartzlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Appearance and Request for Service of All Documents and Pleadings has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail **and** upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of December, 2011.

               /s/ Steven G. Schwartz
               Steven G. Schwartz, Esq.

L:\OPEN FILES\100405\Pleadings\Palm Isles Obj to M-Default-Jg.doc