UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | Case No. 11-1077 <br><br> MDL No. 09-2047 |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| Docket # 11-1077 (Omni IX) <br> Laura Haya, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al. | MAGISTRATE WILKINSON |

**COMMON GROUND RELIEF, INC.'S RESPONSE TO
ORDER FOR RULE TO SHOW CAUSE AND
NOTICE OF SUBMISSION OF CONFIDENTIAL AFFIDAVIT**

NOW COMES Common Ground Relief, Inc., who respectfully represents as follows in response to this Honorable Court's Order (Rec. Doc. No 11881):

1. Common Ground Relief, Inc. ("CGR") is a 501(c)(3) nonprofit community development and hurricane recovery organization located in New Orleans' Lower 9th Ward, which has been named as a "Distributor/ Exporter/ Importer/ Broker" of allegedly problematic drywall by one Plaintiff, Mr. Eric Bienemy (Rec. Doc. No. 10732-1 at 24).

2. Neither Mr. Bienemy nor any other Plaintiff has provided CGR a Plaintiff Profile Form clarifying the basis for any claim against CGR.

3. CGR has never distributed, imported, exported, brokered or otherwise supplied drywall to any person; nor been part of the drywall supply chain in any way.

4. CGR believes the only possible basis for the claim against it rests in its role having previously provided income eligibility screening to local residents participating in a

1

drywall distribution program wholly administered and monitored by Plaintiff Habitat for Humanity using documents generated by Habitat for Humanity for that purpose.

5. CGR never had involvement in any other process supplying drywall to end users or intermediaries.

6. CGR had no contractual privity for the supply of drywall with any resident participating in the Habitat for Humanity program.

7. On information and belief, all drywall supplied to local residents by Habitat for Humanity based on the income screening program was provided directly to those homeowners, or their mandataries/agents.

8. CGR did not take delivery of or otherwise facilitate supply of any Habitat for Humanity drywall.

9. CGR had neither obligation nor means to determine whether any individual participating in the Habitat for Humanity program actually received drywall after qualifying in the income-screening phase.

10. CGR had no obligation nor means to inspect, test, or otherwise assess potential problems with the drywall supplied directly to residents by Habitat for Humanity.

11. CGR had neither obligation nor means to determine the provenance of any particular batch of drywall supplied to income-screened participants to determine its country of origin.

12. CGR had neither obligation nor means to determine which, if any, drywall supplied by Habitat for Humanity may have been the Chinese drywall at issue.

13. CGR has no internal records of conducting income eligibility screening nor performing any work for Mr. Bienemy, and has never conducted any work nor supplied any materials whatsoever for the property allegedly at issue.

14. Because CGR cannot discern the basis for its characterization as a "supplier," it was presented with substantial difficulty in determining which Profile Form to complete.

15. Repeated attempts to clarify the issue with counsel for Mr. Bienemy did not result in elucidation regarding which type of supplier CGR is alleged to be.

16. Repeated attempts to clarify the issue with Plaintiffs' Liaison Counsel resulted in a conversation in which CGR was informed, through counsel, that it should "probably" complete a Builder's profile, despite not being named as a builder; but that the appropriate course of action was to seek guidance from Defense Liaison Counsel.

17.  Repeated attempts to contact Defense Liaison Counsel regarding this issue did not result in any guidance or direct communication whatsoever.

18. Ultimately, recognizing it had been named as a "supplier" and not a "builder," CGR submitted an "Exporter/Importer/Broker" Profile form supplemented with four pages of direct response and explaining its position with additional specific information.

19. Accordingly, CGR asserts:
    a. That it is not an "installer, builder or supplier" for the purposes of the Court's Order of December 15, 2011 (Rec. Doc. No. 11881).
    b. That even if CGR is considered a "supplier" for purposes of the Order, it is not aware of, and has no means to become aware of, which if any unique addresses participating in the Habitat for Humanity program or otherwise may contain alleged Chinese drywall.

    c. That CGR is not aware whether Mr. Bienemy or any other person actually received Chinese drywall from Habitat for Humanity or any other supplier.

    d. That CGR has no awareness relating to the status of drywall or its remediation referenced in the allegation against it beyond that embodied in the Complaint, to wit, the complainant's name, address, and property address as provided therein.

    e. That even if CGR did have awareness of addresses containing alleged Chinese drywall, it is not aware of any such addresses for which it "may have alleged responsibility," as it has found no statute, jurisprudence or doctrine which would assign CGR any responsibility based on its limited role screening resident income for drywall supplied by Plaintiff Habitat for Humanity.

20. Accordingly, CGR was neither required nor able to take any action in response to the Court's Order (Rec. Doc. No. 11881).

21. Out of an abundance of caution, and without admission of liability or concession of any kind, CGR has today provided a document to the mediator clarifying that it is aware of no addresses of properties containing allegedly problematic drywall for which it may have responsibility, confirming that it is alleged to have some unspecified responsibility by one MDL participant, and further providing to the mediator the number of unique addresses it does have in its records for which *any* income screening was conducted, without representation whether these homes may or may not contain Chinese drywall.

22. Even if this Honorable Court sees fit to characterize CGR as a supplier bound by the Order to submit an affidavit, CGR respectfully asserts:

a) That the affidavit now provided out of caution renders the issue moot;

b) CGR should not be considered in contempt where those parties having an interest in the claim against CGR were given ample notice during the Profile Form phase that CGR did not have and could not provide information relating to actions which it had never taken (and that it did not have the capacity to perform);

c) the Complaint already on the record contains the only information available to CGR about the only property presently at issue; and

d) CGR has diligently attempted to seek clarity on this matter and pursuant to Pretrial Order 1 is presently awaiting the appropriate opportunity to demonstrate that no Plaintiff has properly stated any cognizable claim against it.

This 16th day of February, 2012.

          Respectfully submitted,

          */s/ Benjamin C. Varadi*

          Benjamin C. Varadi (#33421)
          Varadi, Hair & Checki, LLC
          650 Poydras St., Ste. 1535
          New Orleans, LA 70130
          Telephone: (504) 684-5200
          Fax: (310) 893-6726
          Email: varadi@vhclaw.com

          **Attorney for Common Ground Relief, Inc.**

**NOTICE OF SUBMISSION**

Defendant Common Ground Relief, Inc., by and through undersigned counsel, hereby files this Notice of Submission and certifies that its Confidential Mediation Affidavit was submitted to the Court-appointed mediator on February 16, 2012.

Respectfully submitted,

*/s/ Benjamin C. Varadi*

Benjamin C. Varadi (#33421)
Varadi, Hair & Checki, LLC
650 Poydras St., Ste. 1535
New Orleans, LA 70130
Telephone: (504) 684-5200
Fax: (310) 893-6726
Email: varadi@vhclaw.com

***Attorney for Common Ground Relief, Inc.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 16, 2012, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, by email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

*/s/ Benjamin C. Varadi*

Benjamin C. Varadi (#33421)
Varadi, Hair & Checki, LLC
650 Poydras St., Ste. 1535
New Orleans, LA 70130
Telephone: (504) 684-5200
Fax: (310) 893-6726
Email: varadi@vhclaw.com

***Attorney for Common Ground Relief, Inc.***