UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES**

**MOTION BY IMPROPERLY NAMED DEFENDANTS BAUHAUS, INC., LANCER ENTERPRISES AND SOUTH KENDALL CONSTRUCTION TO BE EXCUSED FROM FEBRUARY 23 SHOW CAUSE HEARING**

Defendants or former Defendants, Bauhaus, Inc., Lancer Enterprises, Inc., and, South Kendall Construction Corporation, by and through their undersigned counsel, hereby move for entry of appropriate Order granting them leave not to be compelled to attend this Court's February 23, 2012 Status Conference/Show Cause Hearing concerning Mediation disclosure requirements as directed in the Court's Order entered February 13, 2012 (Rec. Doc 12482). In support each of these Defendants represent that each should be excused from such Show Cause hearing and from any Mediation and as grounds submit the following:

**BAUHAUS, INC.:**

1.     The only Chinese Drywall case which earlier named Florida Home Builder Bauhaus, Inc. (and a predecessor entity Bauhaus Solutions) was Payton, Case No. 09-CV-7628.

2.     Both Bauhaus entities were dismissed from these proceedings by Plaintiffs' counsel as of May 25, 2010. See Rec. Doc 3263, a copy of which attached as **Exhibit A**. There are no known claims involving Bauhaus, Inc. in any MDL Chinese Drywall actions. It is not

known under what circumstances the Mediator listed Bauhaus in his February 10, 2012 Status Report (Rec. Doc 12482) as one of the non-compliant parties but such reference to Bauhaus is in error because it is <u>not</u> a defendant nor should it be bound by the Order directing Mediation or the submission of interested parties' Affidavits (Rec. Doc 11881).

3. Bauhaus must be excused from all further activities in these federal actions. Any order directing counsel for Bauhaus to appear at the Show Cause Hearing should be vacated.

**LANCER ENTERPRISES:**

4. Lancer Enterprises, a Florida contractor, never installed any defective Chinese Drywall in any homes at issue in these proceedings. Rather, Lancer was hired to install <u>replacement U.S.-made drywall</u> as part of <u>remediation</u> after demolition of defective drywall at a home located at 10591 SW Sarah Way in Port St. Lucie, Florida, apparently owned by Nerio and Heidi Garcia and Clara Mazzarri, listed as plaintiffs in the <u>Abreu</u> Class Action, Case No. 11-CV-252.

5. Plaintiffs' counsel improperly sued Lancer in these proceedings without any reasonable due diligence as to responsible parties for the installation of Chinese drywall even after being advised that Lancer was a remediation contractor.

6. Despite repeat requests to the PSC for the voluntary dismissal of Lancer and the production of Lancer's records showing it was involved in <u>remediation</u>, not original Chinese drywall services, Plaintiffs have failed to do so. Attached hereto as **Exhibit B** is the undersigned's email communications with PSC counsel requesting Lancer's dismissal.

7. As an example of the height of needless litigation, after wrongly suing Lancer, PSC counsel insisted an Installer Profile Form be filed only after which the Plaintiffs would

dismiss Lancer. Lancer reluctantly complied. See Installer Profile Form filed herein on February 10, 2012, attached as **Exhibit C**.

8. Despite this abusive demand for a needless profile form, thereafter no notice of voluntary dismissal was filed.

9. Out of abundance of precaution, without prejudice to objections that Lancer had been improperly named in these proceedings and without waiver of Rule 11 Sanctions believed warranted, the undersigned <u>did</u> furnish the Mediator with Lancer's confidential Affidavit on January 11, 2012 (see letter to Mediator attached as **Exhibit D**). Lancer's notice of the prior submitted Affidavit was later docketed in these proceedings on January 30, 2012, but in any event well in advance of the Mediator's February 10, 2012 Status Report advising this Court of various parties non-compliance. In keeping with the confidentiality provisions of the Mediation process, Lancer's actual disclosure is not attached. See Lancer Notice of Submission of its Affidavit to the Mediator (Rec. Doc 12396) attached as **Exhibit E**.

10. Due to understandably large burdens on the Mediator's office it is believed the listing of Lancer in his Status Report giving rise to this Court's Show Cause Order was inadvertent.

11. Under these circumstances where all known evidence establishes Lancer as a remediation contractor was part of the drywall <u>solution</u>, not the cause of the original problems, Lancer has no business being forced to defend itself in these proceedings. In any event, having complied with this Court's Mediation Order while awaiting Plaintiffs' nonsuit, and the mention of Lancer as a noncompliant defendant noted in error by the Mediator, Lancer's counsel should be excused from the Show Cause Hearing.

**SOUTH KENDALL CONSTRUCTION:**

12. The continued involvement of former Florida Builder South Kendall Construction and its affiliate Palm Isles Holdings in these cases is the most outrageous of all.

13. It is uncertain under what circumstances the Mediator listed South Kendall (or Palm Isles) for his Mediation fact gathering nor why South Kendall has been listed as a party whose affidavit would even be required.

14. South Kendall and/or Palm Isles were named as defendants in several of these drywall cases when this litigation began in 2009. They were also named as defendants in the earlier filed Miami State Court Harrell Class Action, <u>Jason Harrell and Melissa Harrell, Representative Class Plaintiffs v. South Kendall Construction Corp., Palm Isles Holdings, LLC, Keys Gate Realty, Inc., Banner Supply Co. and Knauf, Defendants</u>, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 09-08401-CA-01 (42), Judge Farina presiding.

15. The Harrell Class Action necessarily included all potential claimants with homes built by South Kendall or Palm Isles. Neither entity built homes anywhere else.

16. While South Kendall and Palm Isles were also named in various of these MDL Actions, any of those interested homeowner plaintiffs in the MDL overlapped with the Harrell Plaintiffs.

17. South Kendall filed for bankruptcy and was later dissolved in mid-2010. Continued suit against this bankrupt entity in the MDL at this late date is on its own a gross impropriety but there are far more fundamental grounds to merit award of sanctions for continued prosecution of claims against South Kendall or the related entity Palm Isles.

18. The Harrell case was the first Chinese Drywall Class Action in the nation to proceed toward trial. Prior to trial, in May, 2010, with special relief from the Bankruptcy Court, Plaintiffs/homeowners as a class settled all claims against South Kendall and Palm Isles.

19. To avoid the very problems now facing these defendants due to some within the PSC often acting at cross-purposes within their group and to prevent later confusion, the Settlement Agreement discharging all homeowners' claims involving the South Kendall/Palm Isles community was executed not only by the plaintiffs' Florida lead counsel Victor Diaz and Ervin Gonzalez, but by MDL PSC attorneys Russ Herman and Arnold Levine as well.

20. The Harrell action against South Kendall and Palm Isles was thereafter dismissed following Court approval of this Class Action settlement. See Orders Approving Settlement and Dismissal, attached as **Exhibit F**.

21. Thereafter, despite repeat requests over the past 18 months, MDL PSC counsel have failed to submit to this Court appropriate Orders dismissing these settled claims against these former defendants.

22. In November, 2010, Plaintiffs served these earlier-settling defendants with a new Omnibus Class Action. The undersigned asked local Florida members of the PSC to get their New Orleans brethren to dismiss these new, improper suits. See 11/9/10 email, **Exhibit G.** Direct request was then sent to PSC's Russ Herman. See 12/28/10 email, **Exhibit H.** New Orleans Plaintiffs' counsel ignored these requests.

23. Yet another suit was served on Palm Isles in June, 2011 in the MDL Abel Class Action, Case No. 2:11-CV-080. Yet another attempt to get this additional improper lawsuit dismissed was made by contact with Mr. Herman as well as with Mr. Levin. See 6/30/11 email, **Exhibit I.** Plaintiffs' counsel again ignored this request.

24. Then in November, 2011, adding insult to injury, Plaintiffs sought entry of default against Palm Isles in these improperly served lawsuits.

25. The undersigned was obligated to file an objection to such Omnibus Motion for Default as to Palm Isles (and its affiliate South Kendall) including a request for Court consideration of sanctions. See **Exhibit J** attached, Rec. Doc 11516, 12/5/11. See also 12/7/11 email, **Exhibit K** attached, sent to Plaintiffs' counsel seeking immediate dismissal of Palm Isles (and South Kendall). All of these requests for a simple correction in counsel's matrix of its list of proper Defendants were ignored. Then the issue of Mediator Affidavits arose prompting another round of ignored requests to have South Kendall and Palm Isles dismissed.

26. Palm Isles was therefore forced to file a completely needless Mediation Affidavit also noting South Kendall's need for dismissal. (See Exhibit D). It was believed in any event that the PSC had at least finally advised the Mediator to drop South Kendall from his list. To the contrary, when the Mediator's report to this Court was presented, advising of non-compliant parties, South Kendall's continued involvement resurfaced.

27. While the Settlement term sheet endorsed by PSC counsel was to remain confidential it is now public record that South Kendall and Palm Isles paid several Million Dollars in exchange for full release of all claims against them.

28. Continued litigation against them is a violation of our Settlement Agreement. Continuing legal fees and costs to defend these grossly improper, post-settlement proceedings is truly an abuse of unequal magnitude.

29. Neither South Kendall nor Palm Isles should be required to participate in any further activities in any aspect of these actions, least of all for South Kendall to appear for a

Show Cause Hearing to explain why, having <u>settled</u> all claims against it 18 months ago, its counsel is being compelled at great expense to come to New Orleans for this hearing.

30. Federal Rules of Civil Procedure, Rule 11(b) provides in pertinent part:

> (b) **Representation to the Court.** By presenting to the court a pleading, written motion, or other paper…certified that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented…to harass,…or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law…
> (3) the factual contentions have evidentiary support…

This Rule provides that the Court on its own initiative may order an attorney or firm to show cause why such conduct should not warrant imposition of sanctions, including the award to the aggrieved party reasonable attorneys' fees and expenses resulting from the violation [Rule 11(c)(3) and (4)].

31. Continued prosecution of claims against South Kendall Construction or Palm Isles Holdings despite prior global settlement of these claims warrants Rule 11 inquiry and sanctions.

32. MDL PSC counsel (excluding Messrs. Diaz and Gonzalez) should be directed to appear at a show cause hearing why sanctions not be awarded for continued contempt of the prior Settlement Agreement and prior dismissal order.

33. Likewise, having repeatedly requested Plaintiffs' counsel for any factual support for Chinese drywall claims against Lancer Enterprises and having been advised without any such evidence that Lancer should continue to defend these claims, the prosecution of claims against Lancer Enterprises also warrants Rule 11 inquiry and sanctions.

8

WHEREFORE, Defendant Lancer Enterprises, Inc. and former Defendants Bauhaus, Inc.. South Kendall Construction, Inc. and Palm Isles Holdings, each pray for an Order excusing each of them from any Show Cause Hearing attendance, any Mediation or other further involvement in these MDL proceedings, for award of sanctions; and, for all other relief as justice and this Motion require.

Dated:  February   16  , 2012.

        LANCER ENTERPRISES, INC.,
        BAUHAUS, INC., SOUTH KENDALL
        CONSTRUCTION CORP. and PALM
        ISLES HOLDINGS, LLC,
        Defendants

        By:   s/ Steven G. Schwartz
            Steven G. Schwartz, Esquire
            Schwartz Law Group
            6751 N. Federal Highway, #400
            Boca Raton, Florida 33487
            Ph:  (561) 395-4747
            Fx:  (561) 367-1550
            sgs@theschwartzlawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to be Excused from February 23 Show Cause Hearing and Supportive Memorandum of Law has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of February, 2012.

        s/ Steven G. Schwartz
        Steven G. Schwartz, Esq.

L:\OPEN FILES\CDW001\Mediation\M-to be Excused-Show Cause Hrg-jg.doc