UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL Docket No. 2047 |
| | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |

**JOINT REPORT NO. 30 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 30. All Pre-Trial Orders are posted on the court's website located at www.laed.uscourts.gov which has a tab that links directly to "Drywall MDL". The Court's website also includes other postings relevant to the litigation.

I.  PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No. 1 to clarify the preservation of physical evidence during home remediation.

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion practice, but continuing all motions filed in the MDL without date. Pursuant to a November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is stayed.

1

1085346v1

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 1E entered February 12, 2010 – Regarding stay of responsive pleadings in *Gross.*

Pre-Trial Order No. 1F entered March 9, 2010-Clarifying the deadline dates for responsive pleadings, notices of appearance, profile forms, and alleviating the need to file motions for extensions in all cases.

Pre-Trial Order No. 1G entered May 27, 2010-Further clarifying deadlines for notices of appearances, profile forms, and responsive pleadings in all cases.

Pre-Trial Order No. 1H entered October 22, 2010-Regarding the PSC's Notice of Completion to the Omni Complaints

Pre-Trial Order No. 1I entered January 24, 2012 – Preservation of Physical Evidence

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 8A entered January 11, 2011 – Appointing Plaintiffs' Steering Committee for a one year term, beginning January 11, 2011.

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests.  Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

Pre-Trial Order No. 19 entered March 18, 2010—Appointing a State and Federal Coordination Committee.

Pre-Trial Order No. 20 entered April 6, 2010 – Appointment of Insurer Steering Committee.

Pre-Trial Order No. 21 entered April 6, 2010 – Retailer Profile Form.

Pre-Trial Order No. 22 entered April 27, 2010 – Privileged communications relating to PTO 20.

Pre-Trial Order No. 23 entered April 27, 2010 – Insurer Profile Form.

Pre-Trial Order No. 24 entered April 27, 2010 – Subpoenas/30(b)(6) depositions issued re insurance.

Pre-Trial Order No. 25 entered November 3, 2011 – Setting November 15, 2011 deadline for submission of profile forms.

II.   STATE COURT TRIAL SETTINGS

The remaining portions of *Harrell* involving Knauf, which were scheduled for trial in February 2012, were continued by Judge Farina to October 29, 2012. The *Mackle* trial is still set for March 2012. Judge Farina has also set the following trials:

1.   *Frank Mackle, et al, v. CDC Builders, Inc., et al,* case no. 09-56362-CA-42, set for three week trial period beginning March 19, 2012;

2.   *Puckett, Charles A. & Sandra C. v. Grove Hammocks Investments, LLC*, et al., case no. 2010-026825-CA-42, set for three week trial period beginning April 16, 2012;

3.   *Dabalsa, Ricardo v. Banner Supply Co.*, et al., case no. 2009-055898-CA-42, set for three week trial period beginning April 16, 2012;

4. *Calvo v. Banner Supply Co., et al.*, case no. 2010-003371-CA-42, set for three week trial period beginning April 16, 2012;

5. *Mark Lann v. Caribe East, LLC, et al*, case no. 2010-64747-CA-42, set for two week trial period beginning May 14, 2012;

6. *Brad Singer, et al v. Allsteel & Gypsum Products, Inc., et al*, case no. 2011-16019-CA-42, set for two week trial period beginning May 14, 2012; and

7. *Aracelys Armelo, et al v. Deer Creek Estates II, LLC, et al*, case no. 2010-64739-CA-42, set for two week trial period beginning May 14, 2012.

8. *Camposano v. Knauf Gips, et al.,* case no. 10-45796-CA-42, set for trial beginning July 16 through July 27, 2012.

9. *Alvarez v. Knauf GIPS, KG, et al.*, case no. 09-071623 CA 42, set for trial period beginning July 16 through July 27, 2012.

The case of *James DeBruin II, et al vs. K. Hovnanian II, LLC*, 11-CV-0741, 212nd District Court, Galveston County, was set for trial on March 5, 2012, before Judge Susan Criss, but has been continued.

The following cases have also been scheduled for trial in Mobile County, Alabama:

1. *Bradbury v. Gulf Coast Shelter and Shelter Products, Inc.*, CV 2009-901971, set for trial on June 5, 2012.

2. *S&T Investments and Southeast Development v. Gulf Coast Shelter and Shelter Products, et al.*, CV 2010-900766, set for trial on April 30, 2012.

3. *Stiles, Sandra v. Gulf Coast Shelter and Shelter Products, et al*; 10-901286, set for trial April 30, 2012.

The following case has also been scheduled for trial in California:

1. *Monks, Richard D. vs. Xuam Duy Nguyen*; 2011-00437959-CU-PL-CJC, trial continued from February 27, 2012 to April 16, 2012.

The parties will be prepared to discuss the foregoing at the monthly status conference on February 23, 2012.

5

### III. INSURANCE ISSUES

On March 3, 2011 the Court issued a scheduling Order allowing for hearing certain CGL insurance motions [Rec. Doc. 7793]. The PSC and the Insurer Steering Committee have had numerous meet and confers since the issuance of the scheduling order and the parties will be prepared to discuss this at the monthly status conference on February 23, 2012.

### IV. HOME BUILDERS FEES AND COSTS

On March 9, 2011, the Court entered a Fee Order [Rec. Doc. 8006] requiring all home builders to share responsibility for the fees and expenses of their liaison counsel appointed pursuant to Pre-Trial Order 7B. The Court directed the parties to contact Dorothy Wimberly, dwimberly@stonepigman.com, with any questions about the Fee Order. Additionally, the Court clarified that these payments constituted costs of defense. [Rec. Doc. 8331, p. 31]. Thereafter, the Court further clarified the Fee Order to confirm that compliance by any builder does not constitute a waiver of any pending defenses and objections, including objections to the jurisdiction of the Court [Rec. Doc. 8401]. On August 22, 2011, the Court entered a Supplemental Fee Order [Rec. Doc. 10147] requiring all homebuilders who have not yet complied with the March 9 Fee Order to deposit their respective contributions to the fees and expenses of Homebuilders' Liaison Counsel on or before August 31, 2011. All homebuilders are reminded of the payments due pursuant to the Fee Order and the Supplemental Fee Order, which apply to all home builders in this MDL, including newly added builders, who should promptly comply. Homebuilders' Liaison Counsel is providing the Court with the names of those builders who have failed to comply with the Fee Order and will request that the Court issue a Show Cause Order for February 29, 2012, as to why any non-complying party should not be held in contempt of court.

V.    STATE/FEDERAL COORDINATION

On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committees. The parties will be prepared to discuss State/Federal coordination at the monthly status conference on February 23, 2012.

VI.    OMNIBUS CLASS ACTION COMPLAINTS

The following is a list of filed Omni Complaints and Complaints in intervention:

Omni I: *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.). Omni IA, IB and IC have been filed;

Omni II: *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.). Omni IIA, IIB and IIC have been filed;

Omni III: *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention, *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* (E.D.La.) (Omni III). Omni IIIA has been filed;

Omni IV: *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.) (Omni IV). Omni IVA, IVB and IVC have been filed;

Omni V: *Amato v. Liberty Mutual Ins. Co., et al.*, Case No. 10-932;

Omni VI: *Charlene and Tatum Hernandez v. AAA Insurance*, Case No. 10-3070. This Omni VI Complaint has been dismissed;

Omni VII: *Kenneth Abel v. Taishan Gypsum Co., Ltd., et al,* No. 11-080 ;

Omni VIII: *Daniel Abreu v. Gerbrueder Knauf, et al,* No. 11-252 ; and

Omni IX: *Laura Haya, et al, v. Taishan Gypsum Co., Ltd., et al,* No. 11-107.

Omni X: *Block v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al*, No. 11-1363.

Omni XI: *Benoit, et al v. Lafarge, S.A., et al*, No. 11-1893.

Omni XII: *Arndt, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-2349.

Omni XIV: *Jessica Cassidy, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-3023.

VII. PLAINTIFFS' MOTIONS TO ESTABLISH A PLAINTIFFS' LITIGATION FEE AND EXPENSE FUND

On March 22, 2011, the PSC filed a Motion to Establish a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel [Rec. Doc. 8308]. The PSC filed the motion because many of the settling parties have approached the PSC about the prospect of setting aside a portion of the settlement proceeds to preserve a *res* to compensate and reimburse common benefit counsel. On April 13, 2011, the Court entered an Order directing that any party may voluntarily deposit seventeen percent (17%) of settlement proceeds for comment benefit fees (12%) and costs (5%) into the registry of the Court [Rec. Doc. 8545.] A number of voluntary deposits have been made to the Clerk of Court pursuant to the motion.

VIII. PILOT PROGRAM

On October 14, 2010, Knauf and the PSC announced the creation of a 300 home remediation pilot program. The Settlement Agreement for the pilot program can be found on the Court's website at www.laed.uscourts.gov. The agreed contractor, Moss & Associates, has begun estimating the cost of remediation for a number of homes, and continues to do so as Homeowner Affirmations are received from pilot program claimants. Remediation is complete on 152 homes, work has begun on 67 homes, and 23 more remediations are set to begin soon.

The parties will be prepared to discuss this further at the monthly status conference on February 23, 2012.

IX. TERM SHEET AGREEMENT BETWEEN PSC AND THE KNAUF ENTITIES REGARDING SETTLEMENTS WITH HOMEBUILDERS

On September 1, 2011, a Joint Motion for Approval of Term Sheet Agreement with the Knauf Entities Regarding Their Settlement With Homebuilders was filed [Rec. Doc. 10227-3]. On November 16, 2011, the Court approved the Term Sheet Agreement [Rec. Doc. 11279]. Counsel for the Knauf Entities, the PSC, and certain homebuilders are in the process of implementing the Term Sheet Agreement.

### X.     KNAUF DEFENDANTS

On July 16, 2010 [Rec. Doc. 4440], the Court issued a Scheduling Order for Jurisdictional Discovery. The following depositions of Knauf representatives have been taken:

1. August 18 and 19, 2010 – 30(b)(6) Deposition of Knauf Gips, Deponent:  Martin Stuermer;

2. September 20 and 21, 2010 – 30(b)(6) Deposition of Knauf Gips, Deponent:  Oliver Froehlich;

3. October 15, 2010 – 30(b)(6) Deposition of Knauf Gips, Deponent:  Martin Stuermer;

4. October 19 and 20, 2010 - 30(b)(6) deposition of Knauf Gips, Deponent:  Hans Hummel;

5. September 27, 2010 – 30(b)(6) deposition of Knauf Insulation GMBH, Deponent: Jeff Brisley;

6. September 28, 2010 – 30(b)(6) deposition of Knauf Insulation GMBH, Deponent: Robert Claxton;

7. November 11 and 12, 2010 – Deponent:  Mark Norris;

8. November 17, 2010 – Deponent:  Tony Robson;

9. December 7 and 8, 2010 – Deponent:  Isabel Knauf;

10. December 15, 2010 – Deponent:  Manfred Grundke;

11. June 8 and 9, 2011 (New York) – Deponent:  Martin Halbach; and

12. June 29, 2011 – Continuation of 30(b)(6) deposition of Knauf Gips, Deponent:  Hans Hummel.

13. July 21 and 22, 2011 (Germany) – Deponent: Baldwin Knauf;

14. July 25 and 26, 2011 (Germany) – Deponent: Hans Peter Ingenillem;

15. July 27, 2011 (Germany) - Deponent: Martin Halbach (continuation of his prior deposition);

16. August 11 and 12, 2011 (Hong Kong) – Deponent: Ann Zhong;

17. August 10, 2011 (Hong Kong) – Deponent: Zhang Fudong;

18. August 10, 2011(Hong Kong) – Deponent: Mark Norris (continuation of his prior deposition);

19. September 12, 2011 (London) – Deponent: Ann Zhong (continuation of her prior deposition); and

20. September 13 and 14, 2011 (London) – Deponent: David Gregory.

On December 20, 2011, a Joint Motion of Proposed Settlement Class Counsel, the PSC, and the Knauf Defendants for an Order: (1) Preliminarily Approving the Knauf Settlement; (2) Conditionally Certifying a Settlement Class; (3) Issuing Class Notice; (4) Scheduling a Fairness Hearing; and (5) Staying Claims Against the Knauf Defendants was filed [Rec. Doc. 12061-3]. On January 10, 2012, the Court entered an Order Preliminarily Approving Knauf Settlement, Conditionally Certifying a Knauf Settlement Class, Issuing Class Notice, Scheduling a Settlement Fairness Hearing, and Staying Claims as to the Knauf Defendants [Rec. Doc. 12138]. The Fairness Hearing is set for June 20-21, 2012.

On December 28, 2011, the Plaintiffs' Steering Committee filed a Motion to Establish a Shared Costs Fund [Rec. Doc. 12086] in compliance with the Knauf Settlement. On December 29, 2011, the Court entered an Order [Rec. Doc. 12102] authorizing Russ M. Herman, Plaintiffs' Liaison Counsel, and Arnold Levin, Plaintiff's Lead Counsel, to establish a Shared Costs Fund with Esquire Bank. The Shared Costs Fund has been established.

On December 16, 2011, Judge Farina, presiding judge in the Circuit Court of the Eleventh Judicial Court in and for Miami-Dade County, Florida, conducted a status conference to address the Knauf Settlement. The next status conference before Judge Farina was held on January 20, 2012. Judge Farina has scheduled another status conference on February 17, 2012.

The parties will be prepared to discuss this further at the monthly status conference on February 23, 2012.

XI.  TAISHAN DEFENDANTS

The PSC and others noticed the 30(b)(6) depositions of Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd., which were conducted in Hong Kong between April 4, 2011 and April 8, 2011 [Rec. Doc. 7549 and 7550]. Taishan made four document productions and produced four additional pages of documents immediately prior to the commencement of the 30(b)(6) depositions on April 4, 2011. On July 29, 2011, Taishan produced a fifth set of documents, on August 5, 2011 made a sixth production of documents, and on November 3, 2011 made an additional production of documents in an attempt to further comply with this Court's September 9, 2011 Order & Reasons. Taishan has also produced confidentiality and privilege logs.

On December 9, 2011, the Court entered an additional Order [Rec. Doc. 11664] regarding its attendance at the depositions in Hong Kong and the costs of the Court's travel and accommodations in Hong Kong. On December 21, 2011, the Court entered an Order [Rec. Doc. 12094] outlining he splitting of travel costs to the Hong Kong depositions. The PSC is in the process of assembling the costs.

On January 5, 2012, the Court entered and Order Regarding Authenticity and Admissibility of Certain Documents Identified by Parties for Use at Depositions in Hong Kong

11

the Week of January 9, 2012 [Rec. Doc. 12126], and an Order Regarding Use of Depositions in MDL and State Court Proceedings [Rec. Doc. 12127].

During the week of January 9, 2012 the parties participated in depositions of Taishan employees in Hong Kong, which were presided over by the Honorable Eldon E. Fallon. The following 30(b)(6) witnesses depositions were taken:

a. Peng Wenlong (Frank Clem)
b. Jia Tongchun
c. Che Gang (Bill Cher)

Additionally, the following individual witnesses depositions were taken:

a. Peng Shi Liang
b. Fu Tinghuan

On February 10, 2012, the Court issued a Scheduling Order As to Personal Jurisdiction Over Taishan Defendants [Rec. Doc. 12480] that contemplates completion of jurisdictional discovery by the end of February 2012, and sets a briefing schedule for the issue of personal jurisdiction over the Taishan Defendants.

The PSC has recently filed three complaints, (1) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 2:11-cv-377, United States District Court, Eastern District of Virginia; (2) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 1:11-cv-22408-MGC, United States District Court, Southern District of Florida; and (3) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 2:11-cv-1395, United States District Court, Eastern District of Louisiana, against Taishan and allegedly related companies that the PSC claims reinforces the purposeful availment of these companies to federal jurisdiction by marketing their products to the United States. These cases

will be served pursuant to the Hague Convention in due course. The *Amorin* complaints filed in Florida and Virginia were transferred to the MDL on July 19, 2011.

## XII. INTERIOR EXTERIOR DEFENDANT

On April 26, 2011, a Joint Motion for an Order: (1) Preliminarily Approving INEX Settlement Agreement; (2) Conditionally Certifying INEX Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing [Rec. Doc. 8628] was filed with the Court. On May 13, 2011, the Court issued a Preliminary Approval Order [Rec. Doc. 8818] relating to a Class Action Settlement Agreement, which involved the tendering of all of INEX's primary insurance funds, setting deadlines for notice and a fairness hearing to take place on October 27, 2011, and staying certain actions pending the settlement proceeding. On August 24, 2011, the Court entered an Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 10185]. On November 18, 2011, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11299]. On December 16, 2011, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11911]. On February 10, 2012, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period to April 11, 2012 [Rec. Doc. 12478]. The Court also ordered that all participating parties in the Banner Allocation Committee shall meet and confer at the offices of Defendants' Liaison Counsel on February 23, 2012 to follow up on the parties' prior discussions. The deadline for the Allocation Committee to submit their written recommendation is March 5, 2012. If the parties do not reach an agreement, each party shall submit a proposed allocation plan and reasons therefore on or before March 5, 2012. The formal Fairness Hearing is adjourned until a date to be set forth in a later order of the Court.

INEX has moved, based on this Court's Preliminary Approval Order, to stay litigation pending against it in Alabama and Louisiana state courts. On June 9, 2011, Judge Still held a hearing on INEX's motions in cases pending in Jefferson County, Alabama, and took the matter under advisement. On June 24, 2011, Judge Still granted INEX's motion and stayed all cases pending in Jefferson County in which INEX is a party pending further order of the Court.

On January 23, 2012, the Court entered an Order & Reasons [Rec. Doc. 12246] denying the Motion to Set Evidentiary Hearing to Determine Security [Rec. Doc. 9501] filed by Southern Homes, LLC, Tallow Creek, LLC, and Springhill, LLC. On January 27, 2012, Souther Homes, LLC, Tallow Creek, LLC, and Springhill, LLC filed a Notice of Appeal [Rec. Doc. 12388].

On February 8, 2012, the PSC file a motion to lift the Court's stay to proceed against INEX's excess insurer, North River [Rec. Doc. 12459]. On February 10, 2012, the Court issued an Order setting a hearing on the motion following the status conference on February 23, 2012, and ordered that responses in opposition are to be filed by February 17, 2012 [Rec. Doc. 12470].

The parties will be prepared to discuss this further at the monthly status conference on February 23, 2012.

XIII. BANNER DEFENDANTS

The deposition of a 30(b)(6) witness for Banner took place on May 25, 2011. The deposition was limited to the facts of the Florida state court case in which it was originally noticed. The parties will be prepared to discuss this further at the monthly status conference on January 26, 2012.

1085346v1

On June 14, 2011, a Joint Motion for an Order: (1) Preliminarily Approving Stipulation and Agreement of Settlement; (2) Conditionally Certifying Class; (3) Issuing Class Notice; and (4) Scheduling a Fairness Hearing [Rec. Doc. 9470] was filed with the Court. The Court issued a Minute Entry on June 14, 2011 setting the Joint Motion [Rec. Doc. 9470-3] for hearing following the monthly status conference on August 24, 2011. On June 15, 2011, the Court issued an Order Staying Claims as to Banner and Its Insurers [Rec. Doc. 9527]. On August 8, 2011, a Joint Motion to Substitute Amended Exhibit A (Stipulation and Agreement of Settlement) [Rec. Doc. 9470-5]; Exhibit B (Order Preliminarily Approving Stipulation and Agreement of Settlement, Conditionally Certifying Class, Issuing Class Notice and Scheduling Fairness Hearing) [Rec. Doc. 9470-11]; Exhibit C (Notice of Pendency and Proposed Settlement of Banner Class Action) [Rec. Doc. 9470-12]; and Exhibit D (Summary Notice of Banner Class Action Settlement) [Rec. Doc. 9470-13] was filed with the Court [Rec. Doc. 10033]. On August 10, 2011, the Court issued an Order substituting the amended exhibits [Rec. Doc. 10059]. On August 11, 2011, the Court entered an Order preliminarily approving the Banner settlement, and set a fairness hearing on February 3, 2012 [Rec. Doc. 10064]. On November 18, 2011, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11298]. On December 16, 2011, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11910]. The formal Fairness Hearing is adjourned until a date to be set forth in a later order of the Court. On January 12, 2012, the Court entered an Order [Rec. Doc. 12196] amending Paragraph 5 of the Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11910]. On February 10, 2012, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period to

April 11, 2012 [Rec. Doc. 12478]. The Court also ordered that all participating parties in the Banner Allocation Committee shall meet and confer at the offices of Defendants' Liaison Counsel on February 23, 2012 to follow up on the parties' prior discussions. The deadline for the Allocation Committee to submit their written recommendation is March 5, 2012. If the parties do not reach an agreement, each party shall submit a proposed allocation plan and reasons therefore on or before March 5, 2012. . At the status conference the Court shall set a firm date for the submission of the Allocation Committee's proposed plan of allocation.

### XIV. VENTURE SUPPLY & PORTER BLAINE DEFENDANTS

On July 14, 2011, the Court held a hearing on the PSC's Motion to Lift Stay and for approval of proposed Scheduling Order for Plaintiffs' Motion for Class Certification of Plaintiffs' Claims for Damages against Venture Supply [Rec. Doc. 9549]. On July 19, 2011, the Court granted the Motion only insofar as it pertains to the cases filed in other district courts which were consolidated with the MDL litigation, namely, *Germano v. Taishan Gypsum Co., Ltd.,* Case No. 09-6687 and *Hinkley v. Taishan Gypsum Co., Ltd.*, Case No. 09-6686 and the Court recognized that the ruling may require amendment of the present Motion for Class Certification against Venture. [Rec. Doc. 9863]. Additionally, on July 14, 2011, the Court held a hearing on defendant Venture Supply Inc.'s Motion to Lift Stay on its Motion to Dismiss for Lack of Personal Jurisdiction [Rec. Doc. 9653] and on July 19, 2011, issued an Order granting the Motion so as to allow Venture to pursue its personal jurisdiction challenges in the cases directly filed in the MDL court, namely, *Wiltz v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361; *Gross v. Knauf Gips, KG*, Case No. 09-6690; and *Abel v. Taishan Gypsum Co., Ltd.,* Case No. 11-80. The parties have agreed to continue the hearing on these motions until after the Court addresses the jurisdictional motions filed by Taishan. With respect to both

motions, the Court indicated its intent that discovery, briefing and hearings proceed concurrently and as soon as practicable and therefore, ordered the parties to meet and confer. The parties have met and conferred and continue to discuss a proposed Scheduling Order.

### XV. PLAINTIFF AND DEFENDANT PROFILE FORMS

On November 3, 2011, the Court entered Pre-Trial Order No. 25 [Rec. Doc. 11151] setting a deadline of November 15, 2011 for the completion and submission of profile forms. On February 6, 2012, the PSC filed a Motion to Compel or Alternatively For Sanctions in Accordance With PreTrial Order No. 25 for Certain Defendants to Produce Completed Profile Forms [Rec. Doc. 12435], which is set for hearing following the status conference on February 23, 2012.

### XVI. FREQUENTLY ASKED QUESTIONS

The "MDL FAQs" may be found at www.laed.uscourts.gov/Drywall/FAQ.htm. Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel. The parties will be prepared to discuss this issue at the monthly status conference on February 23, 2012.

### XVII. MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

1. Motion to Compel or Alternatively For Sanctions in Accordance With PreTrial Order No. 25 for Certain Defendants to Produce Completed Profile Forms [Rec. Doc. 12435].

2. Motion to Lift Stay by Plaintiff (regarding proceedings against North River) [Rec. Doc, 12459].

3. Each Party Required by the Court's Orders at Rec. Doc. 11881 and/or 12239 and Who Appears on the Memorandum from the Mediator Regarding Failure to Provide the Required Affidavit, to Appear on February 23, 2012 Following the Monthly Status Conference to Show Cause Why It Should Not Ne Held in

17

1085346v1

> Contempt of Court and Sanctioned Accordingly [Rec. Doc. 12482].

4. Continued from January 26, 2012 status conference – Second Amended Errata by Plaintiff to Omnibus Motion for Preliminary Default Judgment as to Defendants who have failed to timely enter an appearance after being served with Plaintiffs' Omnibus Class Action Complaints [Rec. Doc. 12265].

5. Continued from January 26, 2012 status conference - Objections to Order Granting Preliminarily Approving Knauf Settlement, Conditionally Certifying a Knauf Settlement Class, Issuing Class Notice, Scheduling a Settlement Fairness Hearing, and Staying Claims as to the Knauf Defendants [Rec. Doc.12138].

The parties will be prepared to discuss this issue at the monthly status conference on February 23, 2012.

### XVIII. *PRO SE* CLAIMANTS

On November 8, 2011, the Court issued an Order [Rec. Doc. 11327] appointing Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, 400 Poydras Street, Suite 2450, New Orleans, Louisiana  70130, as a *pro se* curator to assist the growing number of *pro se* claimants in the MDL litigation who are seeking information and/or representation.

### XIX. LIAISON COUNSEL MEETING WITH MEDIATOR

On December 2, 2011, the Court entered an Order [Rec. Doc. 11503] requiring Liaison Counsel to meet with mediator, John Perry, to discuss possible global resolution of the MDL litigation.  On December 15, 2011, the Court issued an Order [Rec. Doc. 11881] requiring each installer, builder, or supplier, except for Interior Exterior (and its Downstream Releasees as defined in the Interior Exterior Settlements), Banner and L&W, provide the mediator, John Perry, with a confidential mediation affidavit by January 12, 2012.  On January 20, 2012, the Court entered an Order [Rec. Doc. 12239] providing that who has not provided the Mediator with an affidavit shall provide such an affidavit to the Mediator by January 25, 2012 or be

subject to a Rule to Show Cause Hearing as to why that party is not in contempt of court. On February 13, 2012, the Court ordered each party required by the Court's Orders at Rec. Doc. 11881 and/or 12239 and who appears on the Memorandum from the Mediator regarding failure to provide the required affidavit, to appear on February 23, 2012 following the monthly status conference to show cause why it should not be held in contempt of Court and sanctioned accordingly [Rec. Doc. 12482]. The court then updated this list in an Amended Order on February 16, 2012. Only those entities listed in the attachment to the Amended Order are required to appear on February 23, 2012. The parties will be prepared to discuss this further at the monthly status conference on February 23, 2012.

## XX.   PHYSICAL EVIDENCE PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order 1(B) relating to the preservation of physical evidence from properties that may be repaired during the course of these MDL proceedings. The PSC, HSC and Knauf have agreed on a revised evidence preservation order, proposed Pre-Trial Order No. 1(I), that reduces the amount of physical evidence required to be preserved from a repaired home. The proposed order was submitted to the Court on January 24, 2012. Pre-Trial Order 1I was entered by the Court on January 24, 2012 [Rec. Doc. 12257]. The parties will be prepared to address this matter at the status conference on February 23, 2012.

## XXI.   NEXT STATUS CONFERENCE

The Court has scheduled the next monthly status conference on March 22, 2012 at 9:00 am CT.

1085346v1

Respectfully submitted,

| | |
|---|---|
| */s/ Russ M. Herman*_____ | */s/ Kyle A. Spaulding*_____ |
| Russ M. Herman (Bar No. 6819) | Kerry Miller (Bar No. 24562) |
| Leonard A. Davis (Bar No. 14190) | Kyle Spaulding (Bar No. 29000) |
| **Herman, Herman, Katz & Cotlar, LLP** | **Frilot L.L.C.** |
| 820 O'Keefe Avenue | 1100 Poydras Street |
| New Orleans, LA  70113 | Suite 3700 |
| PH:  (504) 581-4892 | New Orleans, LA  70613-3600 |
| FAX:  (504) 561-6024 | PH:    (504) 599-8000 |
| | FAX:   (504) 599-8100 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

## **CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 30 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 17th  day of February, 2012.

/s/  Kyle A. Spaulding

1085346v1