**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY**
**MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAYS [Doc. No. 12459]**

**I.   INTRODUCTION**

The PSC hereby submits this reply in support of its Motion to Lift Stay.  The North River Insurance Company has responded to the PSC's motion by asserting three principal arguments in opposition: (1) that the motion is premature because the future standing of <u>all</u> class members to prosecute an assignment from InEx is unknown; (2) that the motion is also premature because some <u>but not all</u> InEx class members may assign their claims to the Knauf defendants under the Knauf Settlement Agreement; and (3) that discovery against North River should not proceed unless the stay imposed by the Order Preliminarily Approving the Knauf Settlement is also lifted.  Each of North River's arguments is unsound and therefore the PSC's motion should be granted.

**II.   ARGUMENT**

On May 13, 2011, this Court preliminarily approved the Settlement Agreement between the Plaintiffs' Steering Committee and Interior/Exterior Building Supply LP, Arch Insurance Company ("Arch"), and Liberty Mutual Fire Insurance Company ("Liberty Mutual").[1]  The

---

[1] Capitalized terms used in this reply memorandum have the same meaning as those defined in the Settlement Agreement Regarding Claims Against Interior/Exterior in MDL 2047, filed April 26, 2011 [Doc. No. 8628-3].

Conditional Settlement Class consists of:

> All persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by Interior/Exterior Building Supply, L.P.

In addition, the Court has conditionally certified two subclasses: Subclass (1) consists of all Class Members with claims arising from property located in Louisiana ("Louisiana Subclass") and Subclass (2) consists of all Class Members with claims arising from property located in states other than Louisiana (the "Non-Louisiana Subclass").

The Settlement provides for the creation by the Insurers (Arch and Liberty Mutual), following final approval by the Court, of a settlement fund in the aggregate amount of $8 million minus payments made in prior Chinese Drywall settlements with InEx and minus the costs of Notice advanced by the Insurers in settlement of all claims of the Class Members against InEx arising from InEx's sale, marketing, distribution and/or supply of Chinese Drywall. For purpose of the settlement, Chinese Drywall is defined as:

> Any and all drywall products sold, marketed, distributed and/or supplied by InEx and which are alleged to be defective, and which were manufactured, in whole or in part, in China, or that include components manufactured, in whole or in part, in China, including, but not limited to, drywall manufactured by (i) Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Knauf Plasterboard (Dongguan) Co., Ltd.; Knauf International GmbH; Knauf Insulation GmbH; Knauf AMF GmbH & Co. KG; Knauf do Brasil Ltda., Gebr.; Knauf Verwaltungsgesellschaft; P.T. Knauf Gypsum Indonesia (collectively, "Knauf") and (ii) Taishan Gypsum Co., Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Pingyi Zhongxin Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc.; Beijing New Building Materials Public Ltd. Co.; and any other manufacturer of Chinese Drywall, whether reactive or not.

In addition, InEx has assigned to members of the non-Louisiana Subclass its rights and claims for $72 million of excess insurance and for damages of bad faith or extra-contractual conduct against its Excess Insurance Carrier, the North River Insurance Company ("North

2

River"). Also, the settlement reserves the right of the Louisiana Subclass to pursue a claim against North River to the extent that the Available Policy Limits of the Excess Policies.

The InEx settlement relates to several actions on file in this MDL, including the insurance class action of *Amato, et al. v. Liberty Mutual Insurance Co.*, No. 2:10-cv-00932 (E.D.La.). In that action, plaintiffs asserted both direct and indirect claims against the relevant insurance carriers, including North River. Those claims remain extant irrespective of the pleadings applicable to proposed settlement class. The *Amato* claims relate to insurance coverage associated with the sale of not only KPT Chinese Drywall, but also non-KPT Chinese Drywall, including that of Taishan Gypsum Co., Ltd. ("Taishan"). As discussed below, North River's argument focuses upon the settlement class member's potential assignment of claims related to KPT all the while ignoring that class members living in mixed homes (*i.e.*, homes with KPT and non-KPT Chinese Drywall) and those with only non-KPT drywall who have claims that are not fully resolved by the Knauf settlement. For example, property owners with Taishan board only do not have claims that will be resolved in the context of the KPT settlement. Accordingly, North River's argument that the Court must await the determination of the Knauf settlement class for such property owners is unfounded.

In the *Amato* class action, the plaintiffs asserted direct and indirect actions against various insurers, including North River, for coverage claims associated with the homeowners' Chinese Drywall claims. *See Amato v. Liberty Mutual Ins. Co.*, No. 10-932, Plaintiffs' Amended Omnibus Class Action Complaint (V), ¶645 (E.D.La.). North River ignores these existing claims and contends that until the assignment of the proposed InEx settlement class becomes final it would be premature for the Court to permit discovery against North River. North River assumes that until that time the PSC would not have a present right to prosecute, and may never have a right to prosecute, a direct action against North River. The express and existing claims

asserted in the *Amato* action give lie to the fallacy of North River's argument.

Moreover, North River's argument that finality of the proposed assignment within the InEx class settlement is required before discovery directed to North River can take place is misplaced. On July 28, 2009, the Court issued Pre-Trial Order No. 8 appointing the PSC and setting forth certain responsibilities for the PSC. These responsibilities include discovery on behalf of Plaintiffs in all actions which are consolidated within the multi-district litigation and to conduct discovery on behalf of all plaintiffs, participate in hearings and examine witnesses on behalf of all plaintiffs, act as spokesperson for all plaintiffs in pre-trial proceedings, enter into stipulations, pursue settlement options and to perform other functions as authorized by the Court. The PSC has broad responsibilities and does not represent only those individuals that intend to participate in the InEx class settlement. Thus, to the extent that some class members may not participate in the InEx settlement and need discovery against InEx's excess carrier, an order lifting the stay of such discovery is appropriate. InEx and its primary insurance carriers have proven that they are ready and willing to participate in a settlement to resolve class member's claims against InEx. North River's intransigence and unwillingness to participate in settlement highlights the need to permit claims against North River to proceed expeditiously. To maintain the stay applicable to the settling defendants against North River would merely delay inevitable proceedings, much to the prejudice of non-participating class members and the Settlement Class assuming it is finally approved by the Court.

Similarly, North River's argument that because some of the InEx class plaintiffs will participate in the Knauf settlement, and therefore will be required to assign their claims against InEx relating to KPT Chinese Drywall over to Knauf, demands that all InEx plaintiffs must be stifled in their quest for discovery against North River is specious. As made obvious by the Knauf settlement, and proceedings in this Court, not all property owners who received Chinese

drywall from InEx, have only KPT drywall in their homes. Some have both KPT and non-KPT drywall, *i.e.*, mixed homes, and some property owners have only non-KPT drywall. For example, some property owners have only Taishan drywall in their homes that was purchased from InEx. Since these class members have claims unrelated to KPT drywall, the assignment of claims in the KPT settlement that North River relies upon to support its argument is not an effective grounds for staying discovery against North River. The PSC is conducting litigation on behalf of all of InEx plaintiffs. The fact that some may assign their claims to KPT does not diminish the fact that others without KPT Chinese Drywall will remain with valid claims against North River. Delaying discovery as to these property owners is prejudicial to their interests. Accordingly, the PSC should be permitted to proceed with discovery against North River.

North River's final argument suggests that the stay imposed by the Knauf settlement necessarily demands that all discovery against North River should be stayed. As evidenced by the Court-supervised negotiations of the PSC, KPT, and others, however, the breadth of the stay order imposed by the Court following the KPT settlement will be narrowed to permit certain litigation related to non-KPT drywall to proceed. To this end, the PSC submits that discovery against North River related solely to Taishan Drywall and other non-KPT drywall should be permitted to proceed. *See, e.g.,* Fed.R.Civ.P. 26(d)(2) (methods of discovery may be used in any sequence and discovery by one party does not require any other party to delay its discovery). Thus, although the discovery against KPT may be stayed, discovery related to non-KPT drywall should be permitted to proceed. North River should have no objection to permitting efficient and expeditious discovery related to those non-KPT Chinese Drywall claims from going forward.[2]

---

[2] In the event the Court finds that the stay imposed by the Knauf settlement is effective as to InEx plaintiffs for their claims against North River, then the PSC requests that the Knauf stay be lifted on a limited basis to permit discovery against North River only.

### III. **CONCLUSION**

For the reasons set forth above, the PSC's Motion to Lift Stay should be granted.

Respectfully submitted,

Dated: February 22, 2012                  /s/ Russ M. Herman
                                          Russ M. Herman, Esquire (Bar No. 6819)
                                          Leonard A. Davis, Esquire (Bar No. 14190)
                                          Stephen J. Herman, Esquire (Bar No. 23129)
                                          HERMAN, HERMAN, KATZ & COTLAR, LLP
                                          820 O'Keefe Avenue
                                          New Orleans, Louisiana 70113
                                          Phone: (504) 581-4892
                                          Fax: (504) 561-6024
                                          LDavis@hhkc.com
                                          *Plaintiffs' Liaison Counsel*
                                          *MDL 2047*

                                          Arnold Levin (On the Brief)
                                          Fred S. Longer (On the Brief)
                                          Matthew C. Gaughan (On the Brief)
                                          Levin, Fishbein, Sedran & Berman
                                          510 Walnut Street, Suite 500
                                          Philadelphia, PA 19106
                                          215-592-1500 (phone)
                                          215-592-4663 (fax)
                                          Alevin@lfsblaw.com
                                          *Plaintiffs' Lead Counsel MDL 2047*

### **PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Phone: (985) 536-1186 |
| Barrios, Kingsdorf & Casteix, LLP | Fax: (985) 536-6445 |
| 701 Poydras Street, Suite 3650 | dbecnel@becnellaw.com |
| New Orleans, LA 70139 | |
| Phone: (504) 524-3300 | Robert C. Josefsberg |
| Fax: (504) 524-3313 | Podhurst Orseck, P.A. |
| Barrios@bkc-law.com | 25 Flagler Street, 8th Floor |
| | Miami, FL 33130 |
| Daniel E. Becnel, Jr. | Phone: (305) 358-2800 |
| Becnel Law Firm. LLC | Fax: (305) 358-2382 |
| P.O. Drawer H | rjosefsberg@podhurst.com |
| 106 W. Seventh Street | |
| Reserve, LA 70084 | |

6

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134

Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
Daniel@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

### OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

### **CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Reply Memorandum in Support of Motion to Lift Stays [Doc. No. 12459] was served on Defendants' Liaison Counsel, Kerry Miller, and Home Builders and Installers Liaison Counsel, Phillip Wittmann, via email and United States first class mail, and upon all represented parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this on this 22nd day of February, 2012.

                          /s/ Leonard A. Davis
                          Leonard A. Davis, Esquire
                          Herman, Herman, Katz & Cotlar, LLP
                          820 O'Keefe Avenue
                          New Orleans, Louisiana 70113
                          Phone: (504) 581-4892
                          Fax: (504) 561-6024
                          Ldavis@hhkc.com
                          Plaintiffs' Liaison Counsel
                          MDL 2047

                          *Co-counsel for Plaintiffs*