UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) ) _____) | MDL No. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**

PAYTON    NO. 09-07628

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS ON BEHALF OF
DEFENDANT, ALVIN G. ROYES, JR., LLC**

MAY IT PLEASE THE COURT:

### I.  RELEVANT FACTS/PROCEDURAL HISTORY

On December 9, 2009, **or more than 2 years ago**, Plaintiff, Vickie T. Egan Miller, along with several other plaintiffs filed the instant Complaint against several defendants, including this Defendant, Alvin G. Royes, Jr., LLC.  In this Complaint, Plaintiff contends that she is a resident of Louisiana and owns real property located at 27332 Gregory Lane, Pontchatoula, Louisiana 70454, that she is participating as a class representative in the class and subclasses in the above captioned matter [See R. Doc. 1, p: 68, subsection 360], that this Defendant is an entity or individual with a principal place of business at 226 Simalusa Drive, Covington, Louisina, 70435, that this Defendant is organized under the laws of Louisiana, and that this Defendant built certain Subclass Members' homes and, directly or through agents, installed defective

1

drywall in plaintiff's home, which has resulted in harm and damages to plaintiff as described in the Complaint [See R. Doc. 1, p: 402, subsection 2138].

On March 19, 2010, Darren J. Harper, who is employed by APS International located in Minneapolis, executed an 'Affidavit Of Service' stating in pertinent part as follows: that on March 13, 2010 at 9:30 a.m. at 226 Simalusa Dr., in Covington, Louisiana, 70435, he served the summons and complaint on Alvin Royes, Jr. LLC by delivering them into the hands of Marta, a person of suitable age, who verified, or who upon questioning stated, that she resides with Alvin Royes, Jr. LLC at the place of service, and whose relationship to Alvin Royes, Jr. LLC is co-resident [See attached Defendant's Exhibit "A"]**.**  To date, **almost 2 years since Darren J. Harper made the foregoing service**, the record is devoid of any evidence that Plaintiff attempted to serve this Defendant again.

On April 23, 2010, Defendant's counsel sent a letter to several counsel of record, including Plaintiff's counsel specifically stating:

> "Alvin Royes, Jr. sold 226 Simalusa Drive in Covington, LA 70435 on 10/29/07 and has not resided there since.  A copy of the Act of Sale is attached for your review.  **This letter is to place you on notice that the service as reflected in the Affidavit of Service executed by Darren J. Harper is incorrect, inaccurate misrepresentative, improper, etc."**

[See attached Defendant's Exhibit "B"]; Emphasis Added.

On October 11, 2010, Alvin G. Royes, Jr. executed an Affidavit stating in part as follows:

1. that he has reviewed the Affidavit of Service signed by Darren J. Harper attesting that Alvin G. Royes, Jr., LLC was served on March 13, 2010 at 9:30 a.m. at 226 Simalusa Drive in Covington, Louisiana.

2. that he and his wife, Gidget Wright Royes, sold 226 Simalusa Drive in Covington, Louisiana to Delmy Aracely Cruz and Michael Steve Moguel, Sr. on October 29, 2007; a copy of the 'Cash Sale' attached to Royes' affidavit supports his testimony; further, a copy of the same indicates being registered in the registrars office of St. Tammany Parish on November 2, 2007.

3. that although the Affidavit of Service executed by Darren J. Harper shows that Marta resides with Alvin G. Royes, Jr., LLC as a co-resident at 226 Simalusa Drive in Covington, Louisiana, he, his wife, and his family have **not** lived at 226 Simalusa Drive in Covington, Louisiana since the sale of the residence on October 29, 2007; further, he has **not** resided with a person named Marta.

4. that Alvin G. Royes, Jr. and Alvin G. Royes, Jr., LLC has **never** been served with the Complaint in the matter entitled "Sean and Beth Payton, et al vs. Knauf Gips KG, et al", USDC No. 2:09-cv-07628.

5. that he was the registered agent for service of process and member/officer of Alvin G. Royes, Jr., LLC and has personal knowledge regarding the matters set forth above.

[See attached Defendant's Exhibit "C"].

On February 22, 2012, undersigned counsel printed the attached document from the Louisiana Secretary of State database [See attached Defendant's Exhibit "D"]. A review of this document reveals that Alvin G. Royes, Jr., LLC is currently **inactive**, that its last report was filed on September 25, 2006, and that the registered agent for this Defendant was Alvin G. Royes, Jr.

## II.  LAW & ARGUMENT

Fed. R. Civ. Pro. 4(h) provides that, absent waiver of service, service on a corporation may be made (1) pursuant to the law of the state in which the district court is located or service is effected; or (2) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process; or (3) if the agent is one authorized by statute to receive service, by also mailing a copy to the defendant. La.C.C.P. art. 1261(A) provides that service on a domestic or foreign corporation may be by personal service on any one of its agents for service of process. *Bailey v. Atmos Energy*, CIV. A. 06-7482, 2007 WL 2710944 at *2 (E.D. La. Sept. 12, 2007); *Matthews v. Int'l House of Pancakes, Inc.,* CIV.A. 07-2869, 2008 WL 217173 at *3-4 (E.D. La. Jan. 23, 2008).

Louisiana courts require diligent efforts to serve a designated agent before a plaintiff may afford himself of the alternate methods of service provided in articles 1261 and 1262. *O'Meara v. New Orleans Legal Assistance Corp.*, CIV.A . 90-4893, 1991 WL 110401 at *3 (E.D. La. June 10, 1991).  To survive a motion to dismiss for insufficient service of process, plaintiff must demonstrate good cause for his failure to properly

4

serve the defendants. *Bailey, supra*, 2007 WL 2710944 at *2. Good cause requires *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance with the time specified' is normally required. *O'Meara, supra*, 1991 WL 110401 at *2. When plaintiffs fail to serve a defendant corporation as required by law, the court has no personal jurisdiction over the defendant corporation. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 212 (5th Cir. 2005), citing *Anderson Mercantile Co. v. Cudahy Packing Co.,* 127 Miss. 301, 90 So. 11 (1921).[1]

In *Matthews, supra,* a 2008 Eastern District of Louisiana case wherein the court granted defendant's motion to dismiss plaintiff's claim for failure to properly serve the defendant, a corporation, within 120 days, plaintiff's filed their claim against defendant, Jamal & Kamal Inc. ("J&K"), on May 14, 2007.  2008 WL 217173 at *1.  However, as of September 25, 2007 (more than 4 months after filing the instant law suit), there was no evidence that plaintiffs had effected service on any of the defendants.  Shortly thereafter, counsel for plaintiffs filed five returns of service declaring that J&K had been

---

[1] **In *Anderson Mercantile Co. v. Cudahy Packing Co.,* 127 Miss. 301, 90 So. 11 (1921), an individual received service for the corporation (apparently, though the case does not provide detailed facts). The return of service indicated personal delivery on the corporation, without identifying who received service. The court determined that service was insufficient, so there was no personal jurisdiction over the defendant corporation. *See also, Whitehurst v. A-1 Affordable Siding, Inc.,* 2006-1321 (La. App. 3 Cir. 3/7/07), 953 So. 2d 111, 114 writ denied, 2007-1092 La. 9/14/07, 963 So. 2d 998; Emphasis Added (wherein court held that service upon wife of corporation's agent was insufficient to gain jurisdiction over corporation)**

served through a Mr. Seymore, a manager on duty at the IHOP restaurant owned by J&K.  *Id*. at *2.

In response, J&K filed a motion contending that plaintiffs' attempted service upon J&K was defective because plaintiffs failed to serve J&K's agent for service of process. *Id*. at *3.  In opposition, plaintiffs contended that the address on the Corporation Database maintained by the Secretary of State of Louisiana for defendant, Sbih who was the Co-director/President of J&K, was the same as the address for the IHOP restaurant and that other than this address, no publicly available information containing another address for Sbih existed.  *Id*.  Consequently, the court granted J&K's motion. To support its ruling, the court specifically stated:

> …***Plaintiffs did not effectively serve Jamal & Kamal under the law for service of process upon a corporation***. First, based on the data from the Louisiana Secretary of State, Sbih is the registered agent for service of process for Jamal & Kamal. (R. Doc. 15-3, p. 3.) However, ***as discussed above, the Plaintiffs did not effectively serve Sbih with process***.
>
> ***Second…***the ***individual attempting to serve Jamal & Kamal, has not certified that he was unable to effect service after exercising due diligence.*** Rather, the facts illustrate that Brown did not act diligently in attempting to serve Sbih because he served Mr. Seymore with process for Sbih and Jamal & Kamal on September 11, 2007, exactly 120 days from when the Plaintiffs filed suit on May 14, 2007. *See* Fed.R.Civ.P. 4(m) (providing plaintiffs 120 days to serve the defendants with the complaint). He also served the other IHOP Defendants on September 11, 2007, precisely on the 120 day deadline. ***His dilatory behavior in waiting until the day of the expiration of the deadline to serve the Defendants with process reveals that he did not act diligently, and therefore, the Plaintiffs cannot serve process under this provision.***

6

> Here, the ***Plaintiffs are represented by counsel and had 120 days under Rule 4(m) to effect proper service of process on all the Defendants. However, the Plaintiffs still failed to serve process properly. Furthermore, the Plaintiffs have not made any showing of good cause for their failure to properly serve the Movants in response to the Court's orders.***

*Matthews, supra*, 2008 WL 217173 at *5; Emphasis Added.

In *Bailey, supra*, a 2007 Eastern District of Louisiana wherein the court granted defendant's motion to dismiss for insufficiency of service of process, plaintiff filed his lawsuit against defendant on October 6, 2006.  2007 WL 2710944 at *1.  On June 15, 2007, plaintiff filed into the record executed returns of service on all defendants indicating that all defendants were served by a private server who left all summons and complaints with a C. LeBoeuf, an employee of Atmos Energy at a particular address. According to each return, LeBoueuf accepted copies of the complaint" on behalf of each defendant. *Id*. at *1.

In response, defendants filed a motion to dismiss for insufficiency of service of process, arguing that the individual defendants, who were all Louisiana residents, were not served at their domicile, and none worked at the location where copies of service were left.  *Bailey, supra*, 2007 WL 2710944 at *2.  Further, defendants argued that Atmos Energy had a registered agent for service of process, which did not receive service, and that LeBoeuf was merely an employee at the location where services took place and was not authorized to accept service of process for the defendants.  *Id*.  Consequently, the court **granted** defendant's motion to dismiss for insufficiency of service of process.  To support its holding, the court stated:

7

> "In this case, **plaintiff** is **represented by counsel who had**, by leave of court, ***283 days to effect proper service of process on all defendants, more than twice the time allowed by Rule 4, and still failed to do so***. Plaintiff has offered ***no explanation to show good cause for his failure to effect proper service. To allow this lawsuit to proceed under this circumstance would render the plain language of the rules meaningless***."

*Bailey, supra*, 2007 WL 2710944 at *2-3.

In *O'Meara, supra*, a 1991 Eastern District of Louisiana case wherein the court also granted defendant's motion to dismiss for insufficiency of service of process, plaintiff filed the complaint against defendants, New Orleans Legal Assistant Corporation (NOLAC) and Mark Moreau, on December 12, 1990.  NOLAC was a non-profit corporation organized under Louisiana law and Moreau was the registered agent for service of process for NOLAC.  1991 WL 110401 at *1.  Returns of service upon Moreau and NOLAC were entered into the record on April 12, 1991.  Each return reported that the manner of service was service upon F. Davis who indicated accepting service on April 11, 1991.  April 11, 1991 was 120 days after December 12, 1990, and therefore was the last day on which defendants could be served, absent a showing of good cause for a delay.  *Id*.

In light of the foregoing, defendants filed a joint motion to dismiss for insufficiency of service of process.  *Id*.  To support its claim, defendants submitted an affidavit executed by Moreau (registered agent of defendant) attesting that when plaintiff executed the alleged service, he was at lunch and that F. Davis (person who accepted service) was neither his appointed agent for service of process nor that of NOLAC.  *O'Meara, supra*, 1991 WL 110401 at *2.  In response, plaintiff submitted the affidavit of

their process server, Palestino, attesting that he went to NOLAC's office to serve Moreau individually and as agent for NOLAC, that he informed the receptionist that he was there to serve Moreau, that the receptionist paged F. Davis, who came to the reception area, reviewed the documents and accepted service. *Id*. Consequently, the court **granted** defendant's motion to dismiss, without prejudice, for insufficiency of service of process. To support its holding, the court stated:

> …apparent authority to accept service of process is insufficient to support service made on an unauthorized agent. *Scott Fence,* 490 So.2d at 1135. The ***record shows that plaintiff made one attempt to serve Moreau, NOLAC's agent for service, on the final day it could do so. There is no showing that the process server sought to determine whether or not Moreau was unavailable and, if so, for how long. In fact, Moreau was at lunch. These were not diligent efforts to comply with the dictates of art. 1261.***

*O'Meara, supra,* 1991 WL 110401 at *3; Emphasis Added.

****

> In any case, because Moreau was ***not unavailable for the reasons listed in art. 1261, death, resignation or removal, the only alternative manner of service available after diligent efforts to serve Moreau would have been service on the Secretary of State under art. 1262. Gerhardt's, 569 So.2d at 82. Service on Davis was therefore insufficient to effect service on NOLAC under Louisiana law…***

*Id.*; Emphasis Added.

In this case, like in *Matthews, Bailey*, and *O'Meara*, *supra*, the record also supports that Defendant's motion to dismiss for insufficiency of service of process and lack of personal jurisdiction should also be granted. As noted earlier, Plaintiff filed the instant claim against this Defendant **more than 2 years ago**, or on December 9, 2009. Since this claim was filed, the record shows that only one attempt, on March 13, 2010, has been made to serve this Defendant with a copy of the Complaint and summons.

9

This service, however, is defective because it was **not** performed on this Defendant's registered agent, Alvin G. Royes, Jr., **_nor_** was it performed at a location where this Defendant regularly does business.  To support this fact, Defendant submits the affidavit of Alvin G. Royes, Jr., which states in part that i) the property, 226 Simalusa Dr., in Covington, Louisiana, 70435, where a so called "Marta" was served by Harper was **not** owned by Alvin G. Royes, Jr. on March 13, 2010; as indicated by the 'Cash Sale' attached to Royes' affidavit, he and his wife sold this property on October 29, 2007; ii) since Alvin G. Royes, Jr. and his wife sold 226 Simalusa Dr. on October 29, 2007, they have **not** lived at this property; and iii) Royes has **not** resided with the so called "Marta" described in Harper's affidavit.

It should also be noted that on April 23, 2010, **or approximately 1 month after Harper executed the 'Affidavit of Service',** Defendant's counsel sent a letter to several counsel of record, including Plaintiff's counsel specifically stating: **_"[t]his letter is to place you on notice that the service as reflected in the Affidavit of Service executed by Darren J. Harper is incorrect, inaccurate misrepresentative, improper, etc."_**  Despite this letter, Plaintiff failed to perfect service on this Defendant as required by law.

In light of these undisputed facts, Defendant, Alvin G. Royes, Jr., LLC, respectfully request that Plaintiff's, Vickie T. Egan Miller, claim against Defendant be dismissed at Plaintiff's cost.

**GAUDRY, RANSON,
HIGGINS & GREMILLION, L.L.C.**

**/s/ Thomas L. Gaudry, Jr.**
_____
THOMAS L. GAUDRY, JR., T.A. (La. Bar #5980)
WADE A. LANGLOIS, III (La. Bar # 17681)
JAIRO F. SANCHEZ (La. Bar # 31954)
OAKWOOD CORPORATE CENTER
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Phone: (504)362-2466
Fax: (504) 362-5938
Emails: tgaudry@grhg.net
　　　　　wlanglois@grhg.net
　　　　　jsanchez@grhg.net
Attorneys for Defendant,
Alvin G. Royes Jr., LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the **23rd** day of **February, 2012**, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all participating parties and/or counsel of record by operation of the Court's electronic filing system.

　　　　　　　　　　　　　　　　　　　/s/ Thomas L. Gaudry, Jr.