UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL            MDL NO. 2047
PRODUCTS LIABILITY LITIGATION                  SECTION: L

                                               JUDGE FALLON
                                               MAG. JUDGE WILKINSON
_____

THIS DOCUMENT RELATES TO:
Rogers et al. v. Knauf GIPS KG et al.; Case No. 2:10-CV-362-EEF-JCW

### DAVIS GENERAL CONTRACTING CORPORATION'S RESPONSE IN OPPOSITION TO OMNIBUSS MOTION FOR PRELIMINARY DEFAULT JUDGMENT

DAVIS GENERAL CONTRACTING CORPORATION ("DAVIS GENERAL CONTRACTING "), by and through undersigned counsel, responds in opposition to the Omnibus Motion for Preliminary Default Judgment as follows:

1. Davis General Contracting, Inc. (DCG) has been served with process in the Rogers et al. v. Knauf GIPS KG, et al., case. The complaint alleged claims against DCG by plaintiff Lori Sutton of Port St. Lucie, Florida.

2. In response to that DCG filed a motion to dismiss the complaint against it under Fed.R.Civ.P. 12(b)(6) for lack of personal jurisdiction on October 21, 2010. (Doc. 6038, 6060, 6060-1, 6060-2, 6060-3.) In short, as set forth in the motion, plaintiff has the wrong defendant. DCG has never done any business with plaintiff Lori Sutton or at her property allegedly located at 526 SW Whitmore Drive, Port St. Lucie, Florida.

1. Subsequently, in response to a succession of amended complaints in the case (none of which amended any of the allegations relating to DCG or plaintiff Lori Sutton), DCG filed successive restated motions to dismiss on January 5, 2012 (Doc. 6768, 6768-1, 6768-2), on

March 9, 2011 (7936, 7936-1, 7936-2), and again on April 25, 2011 (Doc. 8621, 8621-1, 8621-2).

2. On November 18, 2011, the plaintiffs filed an Omnibus Motion for Preliminary Default Judgment alleging, among other things, that DCG should be default for not have appeared or responded to the complaints. This motion was not served on DCG and DCG did not become aware of it until on or around February 28, 2012.

3. As shown by the successive motions to dismiss filed by DCG based on lack of personal jurisdiction, DCG has appeared and responded to the complaint on four separate occasions. Accordingly, no default or default judgment should be entered against it. Rather, the Court should rule on DCG's motion to dismiss, grant it as requested, and dismiss the claims against DCG.

WHEREFORE, DCG opposes the Omnibus Motion for Preliminary Default Judgment and requests that the court deny the motion and grant DCG's motion to dismiss the complaint against it for the grounds stated in its motions to dismiss and accompanying memoranda, and award it costs of defending against the action.

/s/ John C. Davis
JOHN C. DAVIS
Fla. Bar No. 0827770
Law Office of John C. Davis
623 Beard Street
Tallahassee, FL 32303
(850) 222-4770
(850) 222-3119 (fax)
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiff's Liaison Counsel, Russ Herman at drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and Homebuilder Steering Committees' Liaison Counsel, Phillip A. Wittmann at pwittmann@stonepigman.com, and Robert Brown, Baron and Budd at sfarmer@baronbudd.com by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 2nd day of March 2012.

                                              /s/ John C. Davis
                                              JOHN C. DAVIS