UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..<br>THIS DOCUMENT RELATES TO ALL CASES. | : |  |

**ORDER STAYING CLAIMS INVOLVING KPT CHINESE DRYWALL**

On December 20, 2011, the PSC and the Knauf Defendants[1] filed a Joint Motion for an Order (1) Preliminarily Approving the Knauf Settlement; (2) Conditionally Certifying a Settlement Class; (3) Issuing Class Notice; (4) Scheduling a Fairness Hearing; and (5) Staying Claims as to the Knauf Defendants [Rec. Doc. No. 12061].[2] On January 10, 2012, the Court entered an Order Preliminarily Approving the Knauf Settlement, Conditionally Certifying a Knauf Settlement Class, Issuing Class Notice, Scheduling a Settlement Fairness Hearing, and Staying Claims as to the Knauf Defendants [Rec. Doc. No. 12138] ("Preliminary Approval Order").

In the Preliminary Approval Order, the Court entered a stay that, among other things, "extend[ed] to all cases involving KPT Chinese Drywall filed on or before December 9, 2011,

---

[1]  The Knauf Defendants are:  Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; Guangdong Knauf New Building Material Products Co., Ltd.; Knauf Gips KG; Gebrueder Knauf Verwaltungsgesellschaft KG; Knauf International GmbH; Knauf Insulation GmbH; Knauf UK GmbH; Knauf AMF GmbH & Co., KG; Knauf do Brasil Ltda.; and PT Knauf Gypsum Indonesia.

[2]  Capitalized terms used in this Order have the same meaning as those defined in the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047, dated December 20, 2011 (the "Knauf Settlement"), attached as Exhibit A to the Memorandum of Law in Support of the Joint Motion.

whether or not a Knauf Defendant is a party to the case, unless an objection [wa]s filed with the Court by January 16, 2012." Various state court plaintiffs[3] and builder-defendants, Southern Homes,[4] Lennar,[5] G.L. Homes[6] and Meritage,[7] filed objections to the stay. In addition, supplier-defendant Banner previously filed an objection to the stay.[8]

The Court ordered the settling parties and the objectors to meet and confer concerning the objections. As a result of those discussions, all objections have been resolved or deferred and this Order is submitted on consent of the settling parties and the objectors.

Therefore, pursuant to the Court's authority under the All Writs Act (28 U.S.C. § 1651) in aid of its jurisdiction, IT IS ORDERED THAT:

1.   With respect to actions pending in federal court, subject to paragraphs 4 through 6 below, prosecution against the Knauf Defendants, Banner, InEx, and L&W,[9] of any federal case

---

[3]   Rec. Doc. Nos. 12174 and 12183.

[4]   Southern Homes' objection was filed on behalf of Southern Homes, LLC, Tallow Creek, LLC and Springhill, LLC, collectively [Rec. Doc No. 12185].

[5]   Lennar's objection was filed on behalf of Lennar Corporation, Lennar Homes, LLC f/k/a Lennar Homes, Inc. and U.S. Home Corporation, collectively [Rec. Doc. No. 12215].

[6]   G.L. Homes' objection was filed on behalf of G.L. Building Corporation, G.L. Homes of Florida Corporation, G.L. Homes Limited Corporation, G.L. Homes of Boynton Beach Associates IX, Ltd., Boynton Beach Associates KVI, LLP, Boynton Beach Associates XVI Corporation, Miramar Associates IV, LLP, Miramar IV Corporation, G.L. Homes of Davie Associates II, Ltd., G.L. Homes of Davie Associates III, Ltd. and G.L. Homes of Davie IV Corporation, collectively [Rec. Doc. No. 12213].

[7]   Meritage's objection was filed on behalf of Meritage Homes of Florida, Inc. and Meritage Homes of Texas, LP, collectively [Rec. Doc. No. 12214].

[8]   Banner's objection was filed on behalf of Banner Supply Company, Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, Banner Supply Company Tampa, LLC, Banner Supply Company Port St. Lucie, LLC and Banner Supply International, LLC, collectively [Rec. Doc. No. 12085].

[9]   L&W means L&W Supply Corporation and USG Corporation.

seeking recovery for damage allegedly caused by KPT Chinese Drywall, whether or not a Knauf Defendant is a party to the federal case, shall be stayed pending the settlement proceedings and further Orders of the Court.

      2.     Prosecution of federal court actions against any defendants or third-party defendants (collectively "defendants") eligible to participate in the Prospective Insurer Agreement or Major Builder Settlement Agreement of any federal case seeking recovery for damage allegedly caused by KPT Chinese Drywall shall be stayed for 45 days from the entry of this Order.  No later than 45 days after the entry of this Order, the PSC will provide a list of those defendants that have committed to settle pursuant to the Prospective Insurer Agreement, those defendants that have committed to settle pursuant to the Major Builder Settlement Agreement, and those defendants that have not committed to settle pursuant to either Agreement; for this purpose, a failure to respond one way or the other will be treated as non-commitment.  At the end of the 45-day period, the stay of federal court litigation will be extended as to those defendants that have committed to settle pursuant to the Prospective Insurer Agreement or Major Builder Settlement Agreement, and will end as to those defendants that have not committed to settle pursuant to either Agreement.  A defendant that has not committed to settle pursuant to the Prospective Insurer Agreement or Major Builder Settlement Agreement may seek to extend the stay of federal court litigation beyond the 45-day period only for good cause shown.  Any party may oppose such application for an extension.

      3.     Without objection, with respect to actions pending in any state court, subject to paragraphs 4 through 6, prosecution against any defendant or third-party defendant of any state case seeking recovery for damage allegedly caused by KPT Chinese Drywall, whether or not a Knauf Defendant is a party to the state case, shall be stayed for 45 days from the entry of this

Order. Each party's position on the propriety of a non-consensual stay of state court litigation is explicitly preserved; consent to the 45-day stay herein shall not be deemed a waiver in any court of any jurisdictional or other arguments in opposition to entry of a stay of state court litigation beyond 45 days. The Court reserves decision on whether it can or will issue a non-consensual stay beyond 45 days, and will decide de novo any application for an extension of the stay beyond 45 days, without regard to any party's prior consent to this 45-day stay.

4. The stay of federal court litigation and the 45-day stay of state court litigation does not extend to the following: (i) claims against manufacturers of Non-KPT Chinese Drywall in cases seeking recovery for damage allegedly caused by both KPT Chinese Drywall and Non-KPT Chinese Drywall; and (ii) claims or litigation involving a builder that has remediated homes containing KPT or Non-KPT Chinese Drywall and its insurer(s) regarding insurance coverage.

5. The Court does not decide at this time whether the stay of federal court litigation and the 45-day stay of state court litigation apply to class members, if any, who timely opt out of the Knauf, Banner, InEx, L&W and/or Prospective Insurer Agreement Settlements. Each party's position on the issue of whether the stays apply to class members, if any, who opt out of the settlements is explicitly preserved, including each party's position concerning the jurisdiction of any Court to consider that issue.

6. Banner's claims against the Knauf Defendants are not subject to the stay, as Banner and the Knauf Defendants have voluntarily agreed to a temporary postponement of litigation with respect to Banner's claims against the Knauf Defendants. In light of that agreement, the portion of Banner's objection asserting that the stay should not apply to Banner absent its consent is MOOT and each party's position on the issue is explicitly preserved.

7. Any party may move to expand, narrow, modify or vacate the stay upon good

cause shown.

8. The stay orders entered in the InEx Class Settlement (Rec. Doc. No. 8818) and the Banner Class Settlement (Rec. Doc. No. 9489) remain in full force and effect. This Order supplements, but does not alter, the stay orders in favor of InEx and Banner.

New Orleans, Louisiana this 2nd day of March 2012.

*Eldon E. Fallon*

U.S. District Judge