UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| | JUDGE FALLON MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:
Rogers et al. v. Knauf GIPS KG et al.; Case No. 2:10-CV-362-EEF-JCW

### DAVIS GENERAL CONTRACTING CORPORATION'S RESPONSE TO ENTRY OF PRELIMINARY DEFAULT

DAVIS GENERAL CONTRACTING CORPORATION ("DAVIS GENERAL CONTRACTING "), by and through undersigned counsel, submits this response[1] to the Entry of Preliminary Default as follows:

**A. Factual and Procedural Background**

1. Davis General Contracting Corporation (DCG) was served with process in the Rogers et al. v. Knauf GIPS KG, et al., case. The complaint alleged claims against DCG by plaintiff Lori Sutton of Port St. Lucie, Florida.

2. In response to that, DCG filed a motion to dismiss the complaint against it under Fed.R.Civ.P. 12(b)(6) for failure of service of process and lack of personal jurisdiction on October 21, 2010. (Doc. 6038, 6060, 6060-1, 6060-2, 6060-3.) A set forth in the motion, in addition to failure of service of process and lack of personal jurisdiction, the plaintiff simply has

---

[1] DCG has denominated this filing a "response" rather than a motion based on the suggestion of Dean Oser, the Court's Case Manager in this matter, whom the undersigned spoke with by telephone today, March 7, 2012. In any event, DCG requests that the Court set aside the default and rule on its motions to dismiss and, if necessary, will supplement this filing with a motion and memorandum to that effect.

sued the wrong defendant. DCG has never done any business with plaintiff Lori Sutton or at her property allegedly located at 526 SW Whitmore Drive, Port St. Lucie, Florida.

3. Subsequently, in response to a succession of amended complaints in the case (none of which amended any of the allegations relating to DCG or plaintiff Lori Sutton), DCG filed successive restated motions to dismiss on January 5, 2012 (Doc. 6768, 6768-1, 6768-2), on March 9, 2011 (Doc. 7936, 7936-1, 7936-2), and again on April 25, 2011 (Doc. 8621, 8621-1, 8621-2).

4. On November 18, 2011, the plaintiffs filed an Omnibus Motion for Preliminary Default Judgment alleging, among other things, that DCG should be defaulted for not having appeared or responded to the complaints. This motion was not served on DCG and DCG did not become aware of it until on or around February 28, 2012.

5. On Friday, March 2, 2012, the undersigned spoke with Sara Farmer of Plaintiff's counsel, Baron and Budd, explaining the mistake that had been made, and followed that with an e-mail attaching copies of the successive motions to dismiss that had been filed with the Court's file stamp at the top of each. DCG further filed an opposition to the motion for preliminary default on the same day. (Doc. 12718.)

6. On February 24, 2012, the Clerk entered its Entry of Preliminary Default against DCG, among other defendants. (Doc. 12599.) DCG received a copy of the entry of default on Monday, March 5, 2012.

**B. The Preliminary Default Against DCG Must Be Set Aside**

Fed.R.Civ.P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(c) states that "[t]he court may set aside an entry of default for good cause."

Here, there was no basis for entry of default because DCG had not "failed to plead or otherwise defend." The docket in the case shows that DCG filed four (4) successive motions to dismiss based on failure of service of process and lack of personal jurisdiction in opposition to the complaint and amended complaints filed against it. No default should have been entered against DCG because there was no basis whatsoever for its entry. The Plaintiff obviously failed to consult the docket in this case. If it had, it would have found the successive filings by DCG in opposition to the original and amended complaints. Accordingly, there is unmistakably "good cause" to set aside the preliminary default in this case.

Even had DCG not filed four successive motions to dismiss, "good cause" would still exist for setting aside the preliminary default. As stated in U.S. v. One Parcel Realty, 763 F.2d 181, 183 (5th Cir. 1985),

> Fed.R.Civ.P. 55(c) provides that default decrees may be set aside if the party seeking relief shows good cause. The decision to set aside a default decree lies within the sound discretion of the district court. Traquth v. Zuck, 710 F.2d 90, 94 (2d Cir.1983). However, because modern federal procedure favors trials on the merits, "[a]n abuse of discretion need not be glaring to justify reversal." Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373-74 (D.C.Cir.1980). In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. Meehan v. Snow, 652 F.2d at 277. Although a motion to set aside a default decree under Fed.R.Civ.P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed.R.Civ.P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect. Id. at 276.

The default was not willful because DCG made successive filing opposing the complaints. There can be no prejudice to the Plaintiff because, if the successive filings of DCG could somehow be deemed a default, they nonetheless alerted Plaintiff to the basis for DCG's defense against the complaint such that Plaintiff was fully aware of it and could have

3

investigated it.  Finally, DCG has meritorious defenses to the complaint, including failure of service of process, lack of personal jurisdiction and, most importantly, liability, which are set forth in its successive motions to dismiss.   The fundamental problem with Plaintiff's claim against DCG is that Plaintiff has sued the wrong entity.  As established by the affidavit of Hugh C. Davis, the principal of DCG, DCG has not at any time done any work for or provided any services to the Plaintiff, one Lori Sutton alleged to own property located at 526 SW Whitmore Drive, Port St. Lucie, Florida; nor has DCG ever done any work or provided any services at this address.  (Doc. 6060-1.)  In short, Sutton is an absolute stranger to DCG.

Based upon the foregoing, the Court should set aside the entry of preliminary default against DCG, grant DCG's motion to dismiss the complaint against it for the grounds stated in its motions to dismiss and accompanying memoranda, and award it its attorney's fees and costs of defending against the action.

/s/ John C. Davis
JOHN C. DAVIS
Fla. Bar No. 0827770
Law Office of John C. Davis
623 Beard Street
Tallahassee, FL 32303
(850) 222-4770
(850) 222-3119 (fax)
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiff's Liaison Counsel, Russ Herman at drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and Homebuilder Steering Committees' Liaison Counsel, Phillip A. Wittmann at pwittmann@stonepigman.com, and Robert Brown, Baron and Budd at sfarmer@baronbudd.com by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of March 2012.

/s/ John C. Davis
JOHN C. DAVIS