UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL )    MDL No. 2047
PRODUCTS LIABILITY LITIGATION        )
                                      )    SECTION: L
                                      )
                                      )    JUDGE FALLON
                                      )    MAG. JUDGE WILKINSON
                                      )

**THIS DOCUMENT RELATES TO:**

PAYTON     NO. 09-07628

## ANSWER

Summit Contractors, Inc., defendant, answers the Complaint of Wavi Lee Bonnecarrere, Lily Rose Chutz, Juanita DiMaggio, Senora B. Jackson, and Calvin and Sara LeBlanc, and in the alternative, of James and Cynthia Galloway and Willie L. Johnson, Jr., as follows:

I.

According to the Amended Schedule "3" - Builder/Developer List of Subclasses to Plaintiffs' Omnibus Class Action Complaint (I) on page 60 of 70, the claims of James and Cynthia Galloway and of Willie L. Johnson, Jr. are "lined through" which defendant assumes means that those claims have been dismissed or dropped but if they have not been dismissed or dropped, this answer is deemed to include the claims of James and

Cynthia Galloway and of Willie L. Johnson, Jr. (page 60 of 70).

## FIRST DEFENSE

The claims of  Wavi Lee Bonnecarrere, Calvin and Sara LeBlanc, and Senora B. Jackson are barred by res judicata:

   a.    Summit Contractors, Inc. was dismissed with prejudice in "Wavi Lee Bonnecarrere vs. Summit Contractors, LLC, et al", 22nd JDC No. 2009-16853 "A" by Judgment signed 11/19/10;

   b.    Summit Contractors, Inc. was dismissed with prejudice in "Calvin J. LeBlanc, et al vs. Summit Contractors, LLC, et al", 22nd JDC No. 2009-16897 by Judgment signed 5/4/11; and

   c.    Summit Contractors, Inc. was dismissed with prejudice in "Senora B. Jackson vs. Nautilus Insurance Company, et al", 22nd JDC No. 2009-17305 "D" by Judgment signed 5/2/11.

## SECOND DEFENSE

The Complaint is premature as any plaintiff failed to give the builder written notice and a reasonable opportunity to comply with the provisions of the New Home Warranty Act, Louisiana R.S. 9:3145, or to give the seller notice with an opportunity to repair.

## THIRD DEFENSE

The class action allegations in the Complaint fail to meet the prerequisites for a Class Action as to the claims against this defendant, and more generally, in that:

a)     The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable as to the claims made against this defendant;

b)     The questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly with regard to individual liability, causation, and damages issues;

c)     The named plaintiffs do not fairly and adequately protect the interest of the alleged class members and do not have claims typical of the other alleged class members, particularly as applied to this defendant;

d)     Other grounds to be proven at the trial of this matter.

## FOURTH DEFENSE

This Honorable Court is without jurisdiction as there is no diversity of citizenship and/or the amount in controversy does not exceed $75,000.00, exclusive of interest and costs.

## FIFTH DEFENSE

The Complaint fails to state a claim against this defendant upon which relief can be granted.

## SIXTH DEFENSE

The Complaint fails to state a claim against this defendant for negligence, negligence per se, strict liability, breach of express and/or implied warranties, breach of

contract, redhibition, Louisiana Products Liability Act liability, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of the Louisiana Unfair Trade Practices Act, equitable and injunctive relief, medical monitoring, punitive damages, and attorney's fees.

## SEVENTH DEFENSE

The exclusive remedy of any plaintiff against defendant is under the Louisiana New Home Warranty Act, Louisiana R.S. 9:3144.

## EIGHTH DEFENSE

The claims have prescribed based on the time limit of the warranties provided by Louisiana R.S. 9:3144.

## NINTH DEFENSE

The claims are perempted by the peremption period provided in Louisiana R.S. 9:3146 and the warranty time limits provided by Louisiana R.S. 9:3144.

## TENTH DEFENSE

The remedies and warranties of the New Home Warranty Act are exclusive relative to home construction and no other provisions of law relative to warranties and redhibitory devices and defects apply and the New Home Warranty Act warranties are limited exclusively to those provided by Louisiana R.S. 9:3144.

## ELEVENTH DEFENSE

AND NOW ANSWERING the specific allegations of the Complaint, defendant avers:

1.

The allegations of paragraphs 1 through 4, 283, 286, 288, 338, 366, 367, 656, 2472, 2610-2620, 2621-2629, 2631-2639, 2641-2647, 2649-2654, 2656-2672, 2674-2680, 2694-2699, 2701-2703, 2705-2710, 2712-2720, 2722-2734, 2736-2741, 2743-2748, 2750-2752, 2754-2757, and 2759-2770 of the Complaint are denied.

2.

The allegations of paragraphs 5-282, 284-285, 287, 289-337, 339-365, 368-655, 657-2072, 2073, 2074-2079, 2080-2128, 2129-2471, 2472-2516, and 2517-2609 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of paragraphs 2630 and 2682-2692 of the Complaint require no answer but, in an abundance of caution, they are denied.

4.

As to paragraphs 2640, 2648, 2655, 2673, 2681, 2693, 2700, 2704, 2711, 2721, 2735, 2742, 2749, 2753, and 2758 of the Complaint, defendant adopts herein by reference its answer and/or response to the allegations of its answer to each of the prior paragraphs and incorporates its answer and/or response herein by reference; alternatively, the allegations of the paragraphs require no answer, but in an abundance of caution, they are denied.

## TWELFTH DEFENSE

Defendant has an indemnity claim or alternatively a contribution claim from any manufacturer, any distributor, any seller, including any seller or distributor in the chain from the manufacturer to defendant and any settlement of any plaintiff with any manufacturer, distributor, or seller bars such plaintiff's claims against this defendant.

## THIRTEENTH DEFENSE

The claims are barred by the time limits provided for in Louisiana R.S. 9:3144.

## FOURTEENTH DEFENSE

Any plaintiffs have no claims for the warranties set forth in Louisiana R.S. 9:3144 as their claims have been perempted as set forth in Louisiana R.S. 9:3146.

## FIFTEENTH DEFENSE

Any plaintiff has not given written notice as required by Louisiana R.S. 9:3144B(4)(c) and Louisiana R.S. 9:2144 and any claims are barred.

## SIXTEENTH DEFENSE

Alternatively, any plaintiff's claims are barred, reduced, or mitigated for any or all of the following reasons:

a)   The damages were caused by defective products for which this defendant is not responsible or liable;

b)   The damages were caused by the fault, negligence, or want of due care of others for whom this defendant is not responsible or liable;

-6-

c)      The damages were caused by nature, weather, or other conditions not the responsibility, fault, or liability of this defendant;

d)      The damages were caused by the failure of the owner to maintain the residence;

e)      The damages were caused by the failure of the owner to minimize or mitigate damages;

f)      The damages complained of are not recoverable under the New Home Warranty Act;

g)      Damages for costs of shelter, transportation, food, moving, storage, or other incidental expenses related to relocation during repair are not recoverable;

h)      Consequential damages are not recoverable; and

i)      Mold and mold damages are not recoverable.

## SEVENTEENTH DEFENSE

Any damages to which any plaintiff is entitled to recover are limited to reasonable costs of repair or replacement necessary to cure any defects or the original purchase price of the home, as set forth in Louisiana R.S. 9:3149.

## EIGHTEENTH DEFENSE

Sheetrock is subject to a one (1) year warranty per the Louisiana New Home Warranty Act and the claims are barred by the time limitations of the Louisiana New Home Warranty Act.

## NINETEENTH DEFENSE

The remedies and warranties of the New Home Warranty Act are exclusive relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects apply and the New Home Warranty Act warranties are limited exclusively to those provided by Louisiana R.S. 9:3144.

## TWENTIETH DEFENSE

The Complaint has prescribed by the prescription of one year, Louisiana C.C. Art. 2534.

## TWENTY-FIRST DEFENSE

Any warranties by defendant are limited to those warranties provided for in the Louisiana New Home Warranty Act.

## TWENTY-SECOND DEFENSE

Any claims are barred by the time limits provided for in Louisiana R.S. 9:3144.

## TWENTY-THIRD DEFENSE

Any claims for the warranties set forth in Louisiana R.S. 9:3144 are barred as any claims have been perempted as set forth in Louisiana R.S. 9:3146.

## TWENTY-FOURTH DEFENSE

Any claims are barred by the failure of any plaintiff to give written notice as required by Louisiana R.S. 9:3144B(4)(c) and Louisiana R.S. 9:3145.

## TWENTY-FIFTH DEFENSE

Any claims are barred or reduced for any or all of the following reasons:

a)   Any action for alleged defects is prescribed under Louisiana C.C. Art. 2534;

b)   Any alleged defects were not redhibitory defects;

c)   Any alleged defects could have been repaired;

d)   Any alleged defects did not exist at the time of delivery;

e)   The seller did not know of any alleged defects;

f)   Any alleged defects were discoverable by simple inspection; and

g)   The seller owes no warranty for defects that should have been discovered by a reasonably prudent buyer.

## TWENTY-SIXTH DEFENSE

Any claims are barred or reduced for any or all of the following reasons:

a)   The product did not deviate in any material way from the manufacturer's specifications or performance standards;

b)   There did not exist an alternative design;

c)   There was no feasible alternative design;

d)   The product conformed to any express warranty;

e)   Defendant could not have known of any unreasonably dangerous design characteristic;

f)   Defendant did not know and could not have known of any reasonably

dangerous characteristic; and

g)      At the time the product left defendant's control, defendant could not have

known of any design that caused damage.

## TWENTY-SEVENTH DEFENSE

Any and all work performed by defendant or on defendant's behalf, or by any

subcontractor, was performed in a workmanlike manner and/or in accordance with the

standards of the trade in the community and any plaintiff's claims are barred.

II.

Defendant desires and is entitled to trial by jury.

WHEREFORE, defendant, Summit Contractors, Inc., prays that there be judgment

in its favor and against the plaintiffs, Wavi Lee Bonnecarrere, Lily Rose Chutz, Senora B.

Jackson, and Calvin and Sara LeBlanc, and, in the alternative, against James and Cynthia

Galloway and against Willie L. Johnson, Jr., if they have not already dismissed or dropped

their claims, dismissing the Complaint, with prejudice, at the costs of any plaintiff.

Defendant prays for trial by jury.

Respectfully submitted,

**GAUDRY, RANSON,**
**HIGGINS & GREMILLION, L.L.C.**


_____
**THOMAS L. GAUDRY, JR. T.A. (#5980)**
**WADE A. LANGLOIS, III (#17681)**
**JAIRO F. SANCHEZ (#31954)**
Oakwood Corporate Center
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Tele: (504) 362-2466   Fax: (504) 362-5938
Emails: tgaudry@grhg.net;
wlanglois@grhg.net, and jsanchez@grhg.net
Attorneys for defendant,
Summit Contractors, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **ANSWER** has been served on

Plaintiffs' Liaison Counsel, Russ Herman and Leonard Davis, and Defendants' Liaison

Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically

uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6,

and that the foregoing was electronically filed with the Clerk of Court of the United States

District Court for the Eastern District of Louisiana by using the CM/ECF System, which will

send a notice of electronic filing in accordance with the procedures established in MDL

2047, on this _8th_ day of _March_, 2012.

_____
Thomas L. Gaudry, Jr., LSBA #5980

G:\2918\0059\Pleadings\Answer.wpd

-11-