UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | JUDGE ELDON E. FALLON |
| | * | |
| This Document Relates to: | * | SECTION "L" |
| | * | |
| *Sean and Beth Payton, et al* | * | MAGISTRATE JUDGE |
| v. | * | WILKINSON |
| *Knauf GIPS KG, et al.; Cause No. 09-7628* | * | |
| | * | |
| | * | |
| | * | |

*********************************************

### GENE BRELAND'S DRYWALL SERVICES' ANSWER AND DEFENSES

COMES NOW, Defendant, Gene Breland's Drywall Services ("Drywall Service"), by and through undersigned counsel, George W. Healy, IV & Associates, and hereby files this Answer to Plaintiffs' Omnibus Class Action Complaint, and would respectfully show unto Court as follows:

### DEFENDANT'S AFFIRMATIVE DEFENSES

#### First Defense

Plaintiffs' Complaint fails to state s claim against this Defendant upon which any relief may be granted in law or in equity.

#### Second Defense

Plaintiffs' claims are barred by waiver or estoppel, or both.

#### Third Defense

Plaintiffs' claims are barred by the equitable doctrine of laches.

**Fourth Defense**

Defendant is not a proper party to the Omnibus Class Action.  Defendant is not in the business of designing, manufacturing, importing, distributing, delivering, supplying, marketing, inspecting, selling or installing drywall of any kind.  Rather, Defendant's business simply floats drywall with mud.  Defendant has never installed drywall of any kind, whether Chinese or otherwise.  Moreover, Defendant is a drywall finisher who does business in the Saucier, Mississippi, area.  Defendant has never done business in Louisiana, Alabama or Florida in any manner whatsoever.  Defendant did not service any of the homes that are the subject of this class action.

**Fifth Defense**

Because Defendant is not a proper party to this action, the Complaint against Defendant should be dismissed for lack of personal and subject matter jurisdiction.

**Sixth Defense**

Plaintiffs' Complaint fails to stat a proper cause of action

**Seventh Defense**

Plaintiffs' Complaint fails to state a proper cause of action for any class action certification as pertains to Defendant.  Specifically, the class action allegations in the Complaint fail to meet the prerequisites for a Class Action as to the claims against Defendant in that:

a)   The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable as to the claims made against Defendant:

b)   The question of law or common fact to the alleged members of the class do not predominate over individual questions of law and fact, particularly with regard to

individual liability, causation and damages issues;

c)      The named plaintiffs do not fairly and adequately protect the interests of the

alleged class members and do not have claims typical of the other alleged class

members, particularly as applied to Defendant;

d)      Other grounds to be proven at the trial of this matter.

## Seventh Defense

In all respects, Defendant acted in good faith, without malice, and non-negligently with

respect to all matters encompassed by the Complaint.

## Eighth Defense

Any damages alleged to have been sustained by Plaintiffs were caused in whole or in part

by the acts or omissions of persons other than Defendant over whom Defendant had no and has no

control, or by superseding intervening causes outside the control of Defendant.

## Ninth Defense

Plaintiffs have failed to mitigate their damages.

## Tenth Defense

The terms, provisions and conditions of any and all contracts entered into between

Defendant and any other parties, including but not limited to any warranty provisions, operate as a

bar to all or part of Plaintifs' claims.

## Eleventh Defense

Any award of punitive damages under the facts of this case would be impermissible under

Mississippi or Federal Law.

## Twelfth Defense

There are inadequate safeguards with respect to the imposition of punitive damages

against Defendant under Federal Law as presently applied to meet the requirements of duc process

of law under the Fourteenth Amendment of the Constitution of the United States.  Accordingly,

the imposition of punitive damages in this case against Defendant would violate that Amendment

of the Constitution of the United States.

## Thirteenth Defense

Plaintiffs' Complaint seeks to make Defendant liable for punitive damages.  This

Defendant adopts by reference whatever defenses, criteria, limitations and standards are mandated

by the United States Supreme Court's decision in *BMW of North America, Inc. v. Gore*, 517 U.S.

559, 116 S. Ct. 1589, 134 L. Ed 2d 809 (1996).

## Fourteenth Defense

Defendant reserves all right to assert other or different defenses as additional facts or

information are discovered.

## Fifteenth Defense

Defendant incorporates herein by reference each and every affirmative defense pleaded by

similarly situated defendants.

## Sixteenth Defense

Defendant incorporates herein by reference all affirmative defenses contained in Federal

Rule of Civil Procedure 8(c), to the extent that same apply.

## Seventeenth Defense

Defendant does not now, nor has defendant ever, performed any work of the nature

complained of in this Complaint as being tortious or having caused damages.  This Defendant is

not a proper party to this lawsuit and reserves all rights to pursue sanctions in order to recover all

costs incurred in the defense of this Defendant's improper and frivolous inclusion in the Omnibus

Class Action, including but not limited to attorney's fees.

## Eighteenth Defense

The summons served on Defendant names "Drywall Service" as a Defendant.  In fact, this Defendant does business as Gene Breland's Drywall Services.  As such, service on this Defendant was improper.

## Eighteenth Defense

Without waving any of the above enumerated or other defenses, Defendant responds to the numbered allegations contained in Plaintiffs' Complaint as follows:

## DEFENDANT'S ANSWER

1.

The allegations set forth in this paragraph contain legal conclusions to which no response is required and further contain factual allegations which Defendant is unable to admit or deny for want of knowledge.  To the extent a response is required, Defendant denies the allegations.

2.

The allegations set forth in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

3.

The allegations set forth in this paragraph contain legal conclusions to which no response is required and further contain factual allegations which Defendant is unable to admit or deny for want of knowledge.  To the extent a response is required, Defendant denies the allegations.

## PLAINTIFFS

4.

The allegations contained in this paragraph contain legal conclusions to which no response

is required and further contain factual allegations which defendant is unable to admit or deny for want of knowledge.  To the extent a response is required, Defendant denies the allegations.

5 - 2072.

Defendant is unable to admit or deny the allegations contained in paragraphs 5 - 2072. Out of an abundance of caution, Defendant denies the same.

## DEFENDANTS

2073.

The allegations set forth in this paragraph contain legal conclusions to which no response is required and further contain factual allegations which Defendant is unable to admit or deny for want of knowledge.  To the extent a response is required, Defendant denies the allegations.

### The Manufacturing Defendants

2074 - 2079.

Defendant is unable to admit or deny the allegations contained in paragraphs 2074 - 2079 for want of knowledge. Out of an abundance of caution, Defendant denies the same.

### The Distributor and Supplier Defendants

2080 - 2123.

Defendant is unable to admit or deny the allegations contained in paragraph 2080 - 2123 for want of knowledge.  Out of an abundance of caution, Defendant denies the same.

### The Importer/Exporter/Broker Defendnats

2124 - 2128.

Defendant is unable to admit or deny the allegations contained in paragraphs 2124 - 2128 for want of knowledge. Out of an abundance of caution, Defendant denies the same.

**The Developer/Builder Subclasses**

2129 - 2516.

Defendant is unable to admit or deny the allegations contained in paragraphs 2129 - 2516 for want of knowledge. Out of an abundance of caution, Defendant denies the same.

**The Contractor/Installer Subclasses**

2517 - 2609.

Defendant is unable to admit or deny the allegations contained in paragraphs 2517 - 2609 for want of knowledge.  Out of an abundance of caution, Defendant denies the same.

**Facts Regarding Product Defect**

2610.

Defendant denies the allegations contained in this paragraph.  Additionally, Defendant states that it never purchased, sold, designed, produced, manufactured, distributed, supplied or installed any drywall at issue in this litigation.  Moreover, Defendant states that it did not perform any work of the nature complained in this Complaint on any of Plaintiffs' properties.  This Defendant is merely a drywall finisher.

2611 - 2620.

Defendant denies every allegation contained in paragraphs 2611 - 2620.

**CLASS ACTION ALLEGATIONS**

**The Knauf Class**

2621.

The allegations set forth in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

**The Distributor/Supplier Subclasses (Subclasses 1-43)**

2622.

The allegations set forth in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

2623.

The allegations contained in this paragraph do not require an answer.  To the extent a response is required, Defendant denies the allegations.

**The Importer/Exporter/Broker Subclasses (Subclasses 44-48)**

2624.

The allegations set forth in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

2625.

The allegations set forth in this paragraph do not require an answer.  To the extent a response is required, Defendant denies the allegations.

**The Builder/Developer Subclasses (Subclasses 49-436)**

2626.

The allegations set forth in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

2627.

The allegations set forth in this paragraph do not require an answer.  To the extent a response is required, Defendant denies the allegations.

**The Contractor/Installer Subclasses (Subclasses 437-529)**

2628.

The allegations set forth in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

2629.

The allegations contained in this paragraph are denied.  This Defendant is listed as Subclass # 461, Drywall Services, Inc., and was served as Drywall Services, Inc.  This Defendant would state that it is neither a contractor nor an installer.  Rather, this Defendant is simply a drywall finisher that floats drywall with mud AFTER the drywall has been installed.

**General Class Allegations and Exclusions from the Class Definitions**

2630.

The allegations contained in this paragraph do not require an answer.  To the extent a response is required, Defendant denies the allegations.

2631 - 2634.

Defendant denies the allegations contained in paragraphs 2631 - 2634.

2635.

Defendant is unable to admit or deny the allegations contained in this paragraph for want of knowledge.

2636 - 2639.

Defendant denies the allegations contained in paragraphs 2636 - 2639.

## COUNT I
### Negligence
### (AGAINST ALL DEFENDANTS)

2640.

Defendant incorporates by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2641.

Defendant denies the allegations contained in this paragraph and generally denies that it

owed the enumerated duties set forth herein.  This Defendant would further state that it does not

now, nor did it ever, design, manufacture, export, import, distribute, deliver, supply, inspect,

install, market, or sell drywall.  To the extent it is determined that Defendant owed any such

duties enumerated in this paragraph, Defendant avers that it exercised reasonable care at all times.

2642 - 2647.

Defendant denies the allegations contained in paragraphs 2642 -2647.

## COUNT II
### Negligence Per Se
### (AGAINST ALL DEFENDANTS)

2648.

Defendant incorporates by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2649.

Defendant denies the allegations contained in this paragraph and generally denies that it

owed the enumerated duties set forth herein.  This Defendant would further state that it does not

now, nor did it ever, design, manufacture, export, import, distribute, deliver, supply, inspect,

install, market, or sell drywall.  To the extent it is determined that Defendant owed any such

duties enumerated in this paragraph, Defendant avers that it exercised reasonable care at all times.

2650 - 2654.

Defendant denies the allegations contained in paragraphs 2650 - 2654.

## COUNT III
### Strict Liability
### (AGAINST ALL DEFENDANTS)

2655

Defendant incorporates by reference its affirmative defenses and responses to the preceding paragraphs as if fully set forth herein.

2656 - 2672.

Defendant denies the allegations contained in paragraphs 2656 - 2672.  This Defendant would further state that it does not now, nor did it ever, design, manufacture, export, import, distribute, deliver, supply, inspect, install, market, or sell drywall.  As such, the allegations contained in paragraphs 2656 - 2672 are not applicable to Defendant and do not assert any allegations for which it could be liable.

## COUNT IV
### Breach of Express and/or Implied Warranties
### (AGAINST ALL DEFENDANTS)

2673.

Defendant incorporates by reference its affirmative defenses and responses to the preceding paragraphs as if fully set forth herein.

2674 - 2680.

Defendant denies the allegations contained in paragraphs 2674 - 2680.  Further, Defendant did not make any warranties, express or implied, relating to any of the drywall complained of in this litigation.  Defendant does not now, nor did it ever, design, manufacture, export, import,

distribute, deliver, supply, inspect, install, market, or sell drywall.  As such, the allegations

contained in paragraphs 2674 - 2680 are not applicable to Defendant and do not assert any

allegations for which it could be liable.

**COUNT V**
**Breach of the Implied Warranty of Fitness and Merchantability**
**Pursuant to Florida Statutes Section 718.203**
**(ON BEHALF OF PLAINTIFFS WHO OWN CONDOMINIUMS IN THE STATE OF FLORIDA**)
**(AGAINST BUILDERS ONLY)**

2681.

Defendant incorporates by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2682 - 2692.

Defendant denies the allegations contained in paragraphs 2682 - 2692. Further, Defendant

is neither a builder nor has Defendant ever performed any work in the State of Florida.  The

allegations contained in paragraphs 2682 - 2692 are not applicable to Defendant and do not assert

any allegations for which it could be liable.

**COUNT VI**
**Breach of the Implied Warranty of Habitability**
**(AGAINST BUILDERS ONLY)**

2693.

Defendant incorporates by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2694 - 2699.

Defendant denies the allegations contained in paragraphs 2694 - 2699.  Further, this

Defendant is not a builder.  The allegations contained in paragraphs 2694 - 2699 are not

applicable to Defendant and do not assert any allegations for which it could be liable.

## COUNT VII
### Breach of Contract
### (AGAINST BUILDERS ONLY)

2700.

Defendant incorporates by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2701 - 2703.

Defendant denies the allegations contained in paragraphs 2701 - 2703.  Further, this

Defendant is not a builder.  The allegations contained in paragraphs 2701 - 2703 are not

applicable to Defendant and do not assert any allegations for which it could be liable.

## COUNT VIII
### Violation of the Louisiana New Home Warranty Act
### (AGAINST LOUISIANA BUILDERS ONLY)

2704.

Defendant incorporates by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2705 - 2710.

Defendant denies the allegations contained in paragraphs 2705 - 2710.  Further, this

Defendant is not a builder nor has it ever performed any work of the nature complained in the

State of Louisiana.  The allegations contained in paragraphs 2705 - 2710 are not applicable to

Defendant and do not assert any allegations for which it could be liable.

## COUNT IX
### Redhibition
### (BY LOUISIANA PLAINTIFFS AGAINST ALL DEFENDANTS)

2711.

Defendant incorporates by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2712 - 2720.

Defendant denies the allegations contained in paragraphs 2712 - 2720.  Further, Defendant

does not now, nor has this Defendant ever, manufacture, distribute or sell drywall, nor has this

Defendant ever performed work in the State of Louisiana.  The allegations contained in

paragraphs 2712 - 270 are not applicable to Defendant and do not assert any allegations for which

it could be liable.

## COUNT X
### Louisiana Products Liability Act
### (MANUFACTURING DEFENDANTS)
### (PLEADED IN THE ALTERNATIVE AGAINST DISTRIBUTOR DEFENDANTS)

2721.

Defendant incorporates by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2722 - 2734.

Defendant denies the allegations contained in paragraphs 2722 - 2734.  Further, Defendant

does not now, nor did it ever, manufacture or distribute drywall.  The allegations contained in

paragraphs 2722 - 2734 are not applicable to Defendant and do not assert any allegations for

which it could be liable.  To the extent a response is required, Defendant denies the allegations.

## COUNT XI
### Private Nuisance
### (ALL DEFENDANTS)

2735.

Defendant incorporates by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2736 - 2741.

Defendant denies the allegations contained in paragraphs 2736 - 2741.

## COUNTY XII
### Negligent Discharge of a Corrosive Substance
### (ALL DEFENDANTS)

2742.

Defendant incorporates by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2743 - 2748.

Defendant denies the allegations contained in paragraphs 2743 - 2748.

## COUNT XIII
### Unjust Enrichment
### (ALL DEFENDANTS)

2749.

Defendant incorporates herein by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2750 - 2752.

Defendant denies the allegations contained in paragraphs 2750 - 2752.  Further, Defendant

did not sell any of the drywall complained of nor did Defendant sell any structures containing the

drywall complained of.  The allegations contained in paragraphs 2722 - 2734 are not applicable to

Defendant and do not assert any allegations for which it could be liable.

## COUNT XIV
### Violation of Consumer Protection Acts
### (ALL DEFENDANTS)

2753.

Defendant incorporates by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2754 - 2757.

Defendant denies the allegations contained in paragraphs 2754 - 2757.

**COUNT XV**
**Equitable and Injunctive Relief and Medical Monitoring**
**(ALL DEFENDANTS)**

2758.

Defendant incorporates by reference its affirmative defenses and responses to the

preceding paragraphs as if fully set forth herein.

2759 - 2770.

Defendant denies the allegations contained in paragraphs 2759 - 2770.

To the extent an allegation in the complaint has not been controverted, admitted or denied,

said allegation is hereby denied.

WHEREFORE DEFENDANT PRAYS:

1. That all claims against Defendant be dismissed with costs taxed against Plaintiffs;

2. That Defendant be reimbursed for their attorney's fees, costs and expenses;

3. That the Court award any additional relief against Plaintiffs that it deems

    appropriate.

Respectfully submitted, this the 14ᵗʰ day of March, 2012.

BY:   GEORGE W. HEALY, IV & ASSOCIATES
      /s/ George W. Healy, IV
      George W. Healy, IV
      (MS Bar No. 2154) (LA Bar No. 14991)
      George W. Healy, IV & Associates
      1323 28ᵗʰ Avenue, Suite A
      Gulfport, MS 39501
      (t) 228-575-4005 / (f) 228-575-4006
      gwhealyiv@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Answer and Defenses have been served on Plaintiff's Liaison Counsel, Russ Herman, and Defendants Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of March, 2012.

/s. George W. Healy, IV
George W. Healy, IV
(MS Bar No. 2154)
(LA Bar No. 14991)

George W. Healy, IV & Associates
1323 28th Avenue, Suite A
Gulfport, MS 39501
(t) 228-575-4005
(f) 228-575-4006
gwhealyiv@aol.com