UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|                                          |                      |
|------------------------------------------|----------------------|
|                                          | MDL NO. 09-2047      |
| IN RE: CHINESE-MANUFACTURED DRYWALL      | SECTION: L           |
| PRODUCTS LIABILITY LITIGATION            | JUDGE FALLON         |
|                                          | MAG. JUDGE           |
|                                          | WILKINSON            |

**************************************************

**KENNETH AND BARBARA WILTZ, ET AL. vs. BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO., ET AL; CASE NO. 10-361**

<u>MEMORANDUM IN SUPPORT OF
MOTION TO DIMISS</u>

**MAY IT PLEASE THE COURT:**

Defendants, Venture Supply, Inc. (hereinafter sometimes "Venture Supply" or "Venture"), and The Porter Blaine Corporation (hereinafter "Porter Blaine"), through undersigned counsel, appearing solely for the purpose of this Motion to Dismiss, move this Honorable Court to issue an Order dismissing the claims of the intervening plaintiffs in *Plaintiffs', Clifford Abromatts and Janice Worobec Omnibus Class Action Complaint in Intervention (II(C))* (Rec. Doc. 7182) under Fed. R. Civ. Pro. Rule 12 (b)(2) and (3) for the reasons articulated below. Specifically, Venture Supply, Inc. and Porter Blaine are not subject to,

1

nor have they submitted to, the jurisdiction of this Court, and the Eastern District of Louisiana is an improper venue for the proceedings against Venture Supply, Inc. and Porter Blaine.

Subsequent to the filing of the previous Motion to Dismiss, on or about January 24, 2011, over 248 additional plaintiffs intervened in this matter along with Abromatts and Worobec (Rec. Doc.7182). Accordingly, Venture Supply, Inc. and Porter Blaine file this Motion to Dismiss so as to apply the arguments previously set forth against the original plaintiffs, to the plaintiffs intervening in this matter through *Plaintiffs', Clifford Abromatts and Janice Worobec Omnibus Class Action Complaint in Intervention (II(C))* (Rec. Doc. 7182).

## I.     BACKGROUND FACTS

This case includes numerous and varying claims arising out of the importation, installation, and use, of allegedly tainted dry wall. Venture Supply and Porter Blaine are alleged to be distributors or brokers of the potentially hazardous drywall. On March 15, 2010, plaintiffs filed an amended "Class Action Complaint" naming Venture Supply, Porter Blaine, and many other entities as defendants. (Rec. Doc. 1). Venture Supply and Porter Blaine are correctly alleged to be Virginia corporations, with their principle place of business located in Norfolk, Virginia. (Rec. Doc. 1). The plaintiffs' allegations against Venture Supply and porter Blaine are primarily contained within paragraph 547 and 548 of the Plaintiffs Amended Omnibus Class Action Complaint (I), including allegations that Venture and Porter Blaine, "is an importer, exporter, distributor, supplier or broker of drywall and related building products, and engaged in these practices, which has resulted in harm and damages to subclass members." (Rec. Doc. 1, Paragraph 547, 548).

Thereafter, on or about January 24, 2011, over 248 additional plaintiffs intervened in this matter along with Clifford Abromatts and Janice Worobec. (Rec. Doc.7182). These intervening

plaintiffs claim similar damage as the plaintiffs in the original lawsuit. Venture Supply and Porter Blaine were named as defendants in the intervention. Importantly there are no allegations in the intervening complaint that would allow this Court to exercise jurisdiction over Venture Supply or Porter Blaine.

As this Court is aware, this class action suit filed by the plaintiffs is related to numerous other filings across the country, all arising out of similar allegations that certain drywall, imported from China, is potentially hazardous. It is believed that Venture Supply and Porter Blaine were originally named as defendants as they are distributors of drywall.

However, neither Venture Supply nor Porter Blaine maintain minimum contacts with the State of Louisiana sufficient to allow jurisdiction by this Honorable Court. Accordingly, Venture Supply and Porter Blaine move this Court to issue an Order dismissing the intervening plaintiffs' Complaint for lack of personal jurisdiction, and/or for improper venue.


## II.      LAW AND ARGUMENT

### A.   Defendants are not subject to personal jurisdiction in Louisiana.

On March 15, 2010, plaintiffs filed an amended "Class Action Complaint" naming Venture Supply, Porter Blaine, and many other entities as defendants. (Rec. Doc. 1).  In the Complaint, the plaintiffs allege, Venture Supply and Porter Blaine are "an importer, exporter, distributor, supplier or broker of drywall and related building products, and engaged in these practices, which has resulted in harm and damages to subclass members." (Rec. Doc. 1, Paragraph 547, 548).  Plaintiffs correctly state that Venture Supply and Porter Blaine are Virginia corporations, with their principle place of business located at 1140 Azalea Garden Road, Norfolk, Virginia, 23502. (Rec. Doc. 1, Paragraph 547, 548).

Similar allegations are made against Venture Supply and Porter Blaine in *Plaintiffs', Clifford Abromatts and Janice Worobec Omnibus Class Action Complaint in Intervention (II(C))* (Rec. Doc. 7182) filed on or about January 24, 2011.  This complaint incorporates, from the *Wiltz* Complaint, "the substantive allegations of…paragraphs 505-912, as amended" which includes the claims against Venture Supply and Porter Blaine.  (Rec. Doc.7182).   The Intervention filed on behalf of Abromatts and Worobec, *et al.* does not assert any allegations that would purport to allow for this Court to exercise personal jurisdiction over Venture Supply, Inc. or Porter Blaine.   Accordingly, Venture Supply Inc. and Porter Blaine now files a Motion to Dismiss in order to apply the arguments previously set forth against the original plaintiffs, to the plaintiffs intervening through *Plaintiffs', Clifford Abromatts and Janice Worobec Omnibus Class Action Complaint in Intervention (II(C))* (Rec. Doc. 7182).

Venture Supply and Porter Blaine are not authorized to do, and have never done, any business in the State of Louisiana. (Exhibits "A" and "B"). Venture Supply and Porter Blaine are not aware of any of their products making their way to Louisiana. (Exhibits "A" and "B"). Additionally, Venture Supply and Porter Blaine have never advertised in any publications targeted to the State of Louisiana, have never received any business from any contacts in Louisiana, do not maintain an office in Louisiana, and do not solicit any business in Louisiana. (Exhibits "A" and "B").

Initially, it is clear that when the jurisdiction of the Court over the defendant is challenged, the burden rests with the plaintiffs to prove there is personal jurisdiction.  *Familia De Boom v. Arosa Mercantil*, S.A., 629 F.2d 1134 (5th Cir. 1980). Therefore, in the present matter, the burden rests with the plaintiffs/intervening plaintiffs to demonstrate to this Court that

there is personal jurisdiction over Venture Supply and Porter Blaine. However, as will be demonstrated below, the plaintiffs/intervening plaintiffs are unable to meet their burden of proof.

As this Court is aware, there are two types of analyses that are applied to issues of jurisdiction, "specific" and "general". When a cause of action arises out of a defendant's purposeful contacts with the forum, the appropriate consideration is "specific" jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, however, due process requires that the defendant have engaged in "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Essentially, "general jurisdiction" requires a higher level of contact with the forum to support jurisdiction over the defendant. However, as detailed below, Venture Supply and Porter Blaine are not subject to the jurisdiction of this Honorable Court under either a specific or general jurisdiction analysis.

### 1) SPECIFIC JURISDICTION

The Fourteenth Amendment's Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 10/31/2002); citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Fifth Circuit has clarified that when determining whether a court may assert jurisdiction over a non-resident defendant there are two components. *Dalton v. R&W Marine, Inc.,* 897 F.2d 1359, 1360 (5th Cir. 4/13/1990). Initially, the defendant must be amenable to

service of process under the forum state's jurisdictional long-arm statute. *Id*. Second, the exercise

of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *Id*; *See*

*Stuart v. Spademan,* 772 F.2d 1185 (5th Cir.1985). Louisiana's long-arm statute, La. R.S.

13:3201, provides in pertinent part,

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

"In addition to the provisions of Subsection A, a court of this state may exercise personal

jurisdiction over a nonresident on any basis consistent with the constitution of this state and of

the Constitution of the United States." La. R.S. 13:3201 (B).

Accordingly, under the applicable case law and the Louisiana long-arm statute the proper

analysis is whether exercising jurisdiction would violate the Due Process clause. The pertinent

consideration regarding jurisdiction over Venture Supply and Porter Blaine is whether either has

"certain minimum contacts with [the forum] such that the maintenance of the suit does not

offend 'traditional notions of fair play and substantial justice.'" *See International Shoe Co. v.*

*Washington,* 326 U.S. at 316 (citations omitted).  The Fifth Circuit has developed a three part test in order to determine whether jurisdiction is appropriate under the Due Process Clause and *International Shoe. Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 10/31/2002). First, the Court analyzes whether the defendant has minimum contacts with the forum state, i.e. whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. Second, the appropriate inquiry is whether the plaintiff's cause of action arises out of, or results from, the defendant's forum-related contacts. The last consideration is whether the exercise of personal jurisdiction is fair and reasonable.

   a) **Defendants did not purposefully direct its activities toward Louisiana.**

      In order to determine whether Venture Supply or Porter Blaine has minimum contacts with Louisiana, the Court, "must identify some act whereby [these defendants] 'purposely avail[ed] itself of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws.'" *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469-470 (5th Cir. 1/25/2006). In other words, the conduct of Venture Supply and Porter Blaine must show that it "reasonably anticipates being haled into Court" in Louisiana. *Id.* at 470; citing *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). However, **neither Venture Supply nor Porter Blaine has not committed <u>any</u> act to show that it reasonably anticipates being haled into court in Louisiana, and the burden is on the plaintiffs to prove to the contrary.**

      Plaintiffs are unable to meet their burden of proof as established by this Court and the United States Fifth Circuit.  As stated above, <u>Venture Supply and Porter Blaine have not sold any of its products to any customers in the State of Louisiana.</u> (Exhibits "A" and "B").   <u>Venture</u>

Supply and Porter Blaine have not targeted any of its activities towards the State of Louisiana. (Exhibits "A" and "B"). Venture Supply and Porter Blaine are unaware, and it has not been established, that any of their products even entered Louisiana.   (Exhibits "A" and "B"). Plaintiffs have not established any fact to the contrary, and it is their burden to make such a showing to this Court.

> **b) Plaintiff's/Intervening Plaintiff's claims do not arise out of any contact with Louisiana by Venture.**

The second inquiry under the Fifth Circuit's test established in *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 10/31/2002), is whether plaintiff's/intervening plaintiff's cause of action relates to the defendant's forum-related contacts. This case involves allegedly defective drywall.  Venture Supply and Porter Blaine are not aware of any of their products making their way to Louisiana. (Exhibits "A" and "B").  Although plaintiffs/intervening plaintiffs have made vague and generic allegations about "distributing defective drywall to Class Members," plaintiffs/intervening plaintiffs have no information or evidence to show that this litigation relates to any contacts with Louisiana by Venture or Porter Blaine.  Consequently, the plaintiff's/intervening plaintiff's cause of action cannot arise from or relate to these non-existent contacts.

> **c) Exercising jurisdiction over Venture and Porter Blaine would violate the dictates of *International Shoe*.**

Lastly, the Court must inquire into whether the exercise of jurisdiction in Louisiana would "offend traditional notions of fair play and substantial justice." *Id.*; citing *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154.  Venture Supply and Porter Blaine are not authorized to do, and have never done, any business in the State of Louisiana. (Exhibits "A" and "B"). Venture Supply and Porter Blaine are not aware of any of their products making their way to Louisiana.

(Exhibits "A" and "B").  Additionally, <u>Venture Supply and Porter Blaine have never advertised in any publications targeted to the State of Louisiana, has never received any business from any contacts in Louisiana, do not maintain an office in Louisiana, and do not solicit any business in Louisiana</u>. (Exhibits "A" and "B").

Venture Supply and Porter Blaine incorporate all of the previous arguments and submits to this Court, that requiring them to defend a suit in a state where they have absolutely no contacts, and the plaintiffs/intervening plaintiffs have failed to establish that any products distributed by Venture Supply or Porter Blaine have entered the forum or caused injury, would "offend traditional notions of fair play and substantial justice." Furthermore, the burden and expense of litigating in Louisiana, and the expected heavy amount of travel from Virginia in order to defend the allegations in this complex litigation outweighs the benefit of exercising jurisdiction. See in general: *Felch v. Transportes Lar-Mex SA De CV*, 92 F.3d 320, 324 (5th Cir. 1996) (Wherein the Fifth Circuit announces the reasonableness factors discussed *infra*). While Louisiana has an interest in protecting its citizens, and both Venture Supply and Porter Blaine acknowledge this fact, Venture Supply and Porter Blaine have never directed any activity to the citizens of Louisiana (Exhibits "A" and "B"), and plaintiffs/intervening plaintiffs must satisfy their *prima facie* showing prior to this Court considering Louisiana's interest in adjudicating this matter. Next, the plaintiff may secure relief in a proper forum, other than the Eastern District of Louisiana. Venture Supply and Porter Blaine are Virginia corporations with their principle place of business in Virginia. Accordingly, the plaintiffs have already filed a complaint against Venture Supply and Porter Blaine in Virginia. Lastly, the shared interests of the several states would be furthered by adhering to the long-held requirements that a defendant maintain minimum contacts with a forum prior to being subject to the jurisdiction of that forum's courts.

For the reasons set forth above, the plaintiffs have not satisfied their burden of proof in justifying this Court's exercise of jurisdiction over Venture Supply, Inc. or Porter Blaine under a specific jurisdiction analysis.

### 2) *GENERAL JURISDICTION*

It is anticipated that the plaintiffs/intervening plaintiffs will also argue that this Court should exercise jurisdiction over Venture Supply and Porter Blaine even in the event that the cause of action did not arise out of their contacts with Louisiana.

As previously set forth, where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, due process requires that the defendant have engaged in the higher standard of "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

The Louisiana Eastern District addressed the issue of general jurisdiction in *Olagues v. Kousharian*, 557 F.Supp.2d 731 (E.D. La. 5/27/2008). In *Olagues*, the Eastern District stated that general jurisdiction may be exercised over a defendant where that defendant has "continuous and systematic general business contacts with the forum state." *Id.* at 738; citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. at 416.  Consequently, the plaintiffs would be subject to a higher burden of proving that Venture Supply and Porter Blaine engaged in, "continuous and systematic" contacts.  The *Olagues* court found, "**The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and forum**." (Emphasis Added). *Id*; citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). As discussed above, 1) Venture Supply and Porter Blaine are not aware of any of their products making their way to Louisiana, 2) They never advertised in any

publications targeted to the State of Louisiana, 3) <u>Venture Supply and Porter Blaine have never</u> <u>received any business from any contacts in Louisiana</u>, 4) <u>They do not maintain any offices in</u> <u>Louisiana</u>, and 5) <u>Venture Supply and Porter Blaine do not solicit any business in Louisiana</u>. (Exhibits "A" and "B").

Further, even repeated contacts by Venture Supply and Porter Blaine, which at all times is vehemently denied, with Louisiana, "may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Id.*; citing *Revell v. Lidov*, 317 F.3d 467, 471 (5th. Cir. 2002). Even if the plaintiffs were able to establish some of the products Venture Supply and Porter Blaine distributed ultimately found their way to Louisiana, this Court has found that, random, fortuitous, or attenuated contacts will not be sufficient for the Court to find that general jurisdiction exists. *Id.* at 738.

### 3) EFFECT OF THESE PROCEEDINGS AS A CLASS ACTION OR MULTI-DISTRICT LITIGATED MATTER

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on a class certification. *In Re: train Derailment Near Amite, Louisiana, on October 12, 2002*; 2004 WL 224573 (E.D. La. 2/3/2004). In that case, the plaintiff brought suit against two railroad defendants arising out of a train derailment in Louisiana. *Id.* at *1. The plaintiff asserted individual and class claims. The defendant asserted that it was not amenable to suit in Louisiana. In opposition, the plaintiff asserted that the Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." *Id.* at *1. Following the analysis of jurisdiction, the Court concluded, "Finally, this Court is unpersuaded that the certification of a class in this case has any bearing on [the defendant's] motion to dismiss for lack of personal

jurisdiction. **The personal jurisdiction determination depends solely on [the defendant's] conduct in and contacts with the forum state.**" *Id*. at *3.

### B. The Eastern District of Louisiana is an improper forum for any claims brought against Venture Supply, Inc. and Porter Blaine

Alternatively, should this court find that Venture Supply and Porter Blaine are subject to personal jurisdiction, the Eastern District of Louisiana is not the proper forum for the claims against these defendants.

28 U.S.C.A. § 1404 states in pertinent part:

**(a)** For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**(b)** Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings *in rem* brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

Additionally, 28 U.S.C.A. § 1406 states in pertinent part:

**(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

As is discussed at length above, the Eastern District of Louisiana does not possess jurisdiction over Venture Supply or Porter Blaine. Additionally, or in the alternative, the Eastern District of Louisiana is an improper venue for any and all claims brought against Venture Supply or Porter Blaine. 1) Venture Supply and Porter Blaine are not aware of any of their products making their way to Louisiana, 2) They never advertised in any publications targeted to the State of Louisiana, 3) Venture Supply and Porter Blaine have never received any business from any

contacts in Louisiana, 4) <u>They do not maintain any offices in Louisiana</u>, and 5) <u>Venture Supply and Porter Blaine do not solicit any business in Louisiana</u>. (Exhibits "A" and "B"). The plaintiffs/intervening plaintiffs are unable to establish that any activities on behalf of Venture Supply or Porter Blaine occurred in the state of Louisiana, that any of their products ended up in the forum, or that either is even subject to jurisdiction in this district. If this court does not dismiss the claims against Venture and Porter Blaine for lack of personal jurisdiction, the convenience of the parties and witnesses and interests of justice require a transfer of this case. Venture Supply and Porter Blaine pray that this Honorable Court dismiss the plaintiffs' claims against them, or transfer said claims to a venue where they could have originally been brought, namely Virginia.

### III.    CONCLUSION

On March 15, 2010, plaintiffs filed an amended "Class Action Complaint" naming Venture Supply, and many other entities as a defendant. (Rec. Doc. 1). Thereafter on January 24, 2011, over 248 plaintiffs intervened in *Plaintiffs', Clifford Abromatts and Janice Worobec Omnibus Class Action Complaint in Intervention (II(C))* (Rec. Doc. 7182). However, neither Venture Supply nor Porter Blaine have minimum contacts within Louisiana sufficient to be subject to the Jurisdiction of this Honorable Court. Neither the original complaint nor the interventions demonstrate any evidence for the exercise of jurisdiction over Venture Supply or Porter Blaine by this Honorable Court. The Fifth Circuit is clear that when the jurisdiction of the Court over the defendant is challenged, the burden rests with the plaintiffs to prove there is personal jurisdiction. *Familia De Boom v. Arosa Mercantil*, S.A., 629 F.2d 1134 (5th Cir. 1980). In the present matter, Venture Supply and Porter Blaine have demonstrated to this Court that the

exercise of jurisdiction would be improper.  In the alternative, Venture Supply and Porter Blaine argue that venue is also improper in the Eastern District of Louisiana.

Accordingly, defendants, Venture Supply, Inc., and Porter Blaine pray that its Motion to Dismiss pursuant to Fed. R. Civ. Pro. Rule 12 be granted, and that this Honorable Court dismiss the intervening plaintiffs' claims made in *Plaintiffs', Clifford Abromatts and Janice Worobec Omnibus Class Action Complaint in Intervention (II(C))* (Rec. Doc. 7182) against Venture Supply, Inc. and Porter Blaine as this Court does not have personal jurisdiction over them and the Eastern District of Louisiana is an improper venue for any claims against them.

Respectfully submitted,

/s/   Brett M. Bollinger
Brett M. Bollinger, LSBA #24303
Mark W. Verret, LSBA #23853
Dax C. Foster, LSBA #30506
Allen & Gooch
3900 North Causeway Boulevard, Ste. 1450
Metairie, Louisiana 70002
Telephone:  (504) 836-5285
Facsimile:   (504) 836-5289
Attorneys for Venture Supply, Inc. and
Porter Blaine Corporation

And

Mark C. Nanavati, Esq. (VSB #38709)
Kenneth F. Hardt, Esq. (VSB #23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mille Drive
Midlothian, Virginia 23114
Telephone: (804) 378-7600
Facsimile:  (804) 378-2610
Attorneys for Venture Supply, Inc. and
Porter Blaine Corporation

14

**C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of March, 2012.

/s/   Brett M. Bollinger____
Brett Bollinger