```
 1                UNITED STATES DISTRICT COURT

 2                EASTERN DISTRICT OF LOUISIANA

 3


 4
     IN RE:   CHINESE MANUFACTURED        *   Docket 09-MD-2047
 5            DRYWALL PRODUCTS            *
              LIABILITY LITIGATION        *   Judge Fallon
 6                                        *
     This Document Relates to:            *   Magistrate Wilkinson
 7                                        *
     Wiltz v. Beijing New Building        *   September 22, 2011
 8   Materials Public Limited Co.         *
     No. 10-361                           *   9:00 a.m.
 9                                        *
     Payton v. Knauf Gips, KG             *
10   No. 09-7628                          *
                                          *
11   Silva v. Arch Insurance Co.          *
     No. 09-8034                          *                         *
12                                        *
     Silva v. Interior Exterior           *
13   Building Supply, LP                  *
     No. 09-8030                          *
14                                        *
     Gross v. Knauf Gips, KG              *
15   No. 09-6690                          *
                                          *
16   Rogers v. Knauf Gips, KG             *
     No. 10-362                           *
17                                        *
     Amato v. Liberty Mutual              *
18   Insurance Co.                        *
     No. 10-932                           *
19                                        *
     Abel v. Taishan Gypsum Co., Ltd.     *
20   No. 11-80                            *
                                          *
21   Abreu v. Gebrueder Knauf             *
     Verwaltungsgesellschaft, KG          *
22   No. 11-252                           *
     * * * * * * * * * * * * * * * * * *
23
             HEARING ON MOTION TO SET EVIDENTIARY HEARING
24              BEFORE THE HONORABLE ELDON E. FALLON
                    UNITED STATES DISTRICT JUDGE
25
```

JODI SIMCOX, RMR, FCRR - OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

APPEARANCES:

For the Plaintiffs:         Herman Herman Katz & Cotlar
                            BY:  RUSS M. HERMAN, ESQ.
                            BY:  LEONARD A. DAVIS, ESQ.
                            820 O'Keefe Avenue
                            New Orleans, Louisiana 70113


For the Plaintiffs:         Levin, Fishbein, Sedran & Berman
                            BY:  ARNOLD LEVIN, ESQ.
                            BY:  FREDERICK S. LONGER, ESQ.
                            510 Walnut Street
                            Suite 500
                            Philadelphia, Pennsylvania 19106


For Knauf Entities:         Frilot, LLC
                            BY:  KERRY J. MILLER, ESQ.
                            1100 Poydras Street, Suite 3700
                            New Orleans, Louisiana 70163


For Interior Exterior:      Galloway, Johnson, Tompkins,
                            Burr & Smith
                            BY:  BENJAMIN GRAU, ESQ.
                            701 Poydras Street
                            Suite 4040
                            New Orleans, Louisiana 70130


For Southern Homes:         Sher, Garner, Cahill, Richter,
                              Klein, McAlister & Hilbert
                            BY: MARTHA YOUNG CURTIS, ESQ.
                            909 Poydras Street
                            28th Floor
                            New Orleans, Louisiana 70112

```
 1  APPEARANCES CONTINUED:

 2  For the Homebuilders:        Greenberg Traurig PA
                                 BY: HILARIE BASS, ESQ.
 3                               1221 Brickell Avenue
                                 Miami, Florida 33131
 4

 5
    Also Present:                Daniel E. Becnel, Jr., Esq.
 6

 7
    Official Court Reporter:     Jodi Simcox, RMR, FCRR
 8                               500 Poydras Street
                                 Room B-406
 9                               New Orleans, Louisiana 70130
                                 (504) 589-7780
10

11

12

13  Proceedings recorded by mechanical stenography, transcript

14  produced by computer.

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                          PROCEEDINGS
 2                       (September 22, 2011)
 3                             ******
 4                     (COURT CALLED TO ORDER)
 5            THE DEPUTY CLERK:  All rise.
 6            THE COURT:  All right.  Let me hear from that first
 7   motion, Southern Homes.
 8            MS. CURTIS:  Good morning, Your Honor.  Martha Curtis
 9   on behalf of Southern Homes.
10                We're here on a motion to set an evidentiary
11   hearing on security.  When Your Honor issued your order on our
12   motion for new trial, you specifically said that Rule 65 of the
13   Federal Rules needed to be followed.  Rule 65(c), security,
14   says that when an injunction is issued, it can only be issued
15   only if the movant gives security in an amount the Court
16   considers proper.
17                That's our argument, that you issued an order;
18   you said, "I'm doing it under Rule 65."  Rule 65 has to be
19   followed.  65(c) requires security.  It's an injunction against
20   us.  We're a party.  It's an injunction stopping us from
21   prosecuting claims against people, who aren't even here, in
22   state court.  The people who have opposed our motion have said
23   that somehow the All Writs Act overcomes the statute Federal
24   Rule 65(c).
25                I'd like to show Your Honor *Florida Medical*
```

1  *Association, Inc. v U.S. Department of Health, Education and*
2  *Welfare*, 601 F.2d 199.  This is a Fifth Circuit case from 1979.
3  I have copies for everyone with the highlighted portion.
4  Anyone who's going to be arguing gets one.
5              In this case, the Fifth Circuit said -- it said
6  the All Writs Act does not free --
7          **THE COURT:**  You can put it there and show everybody,
8  if you'd like.  Just put it up.
9          **MS. CURTIS:**  Oh, okay.
10         **THE COURT:**  That's it.
11         **MS. CURTIS:**  Here it is.  I got it.  Thanks.
12             The Fifth Circuit says:  "Similarly the All
13 Writs Act does not free a district court from the restraints of
14 Rule 65. The statute authorizes federal district courts to
15 'issue all writs necessary or appropriate in aid of their
16 respective jurisdictions and agreeable to the useages and
17 principles of law.'"  That's quoting the All Writs Act.
18             The Fifth Circuit says:  "While the All Writs
19 Act empowers a district court to fashion extraordinary remedies
20 when the need arises, it does not authorize a district court to
21 promulgate an ad hoc procedural code whenever compliance with
22 the Rules" -- capital "rules", meaning federal rules -- "proves
23 inconvenient."
24             So the Fifth Circuit has said, "Yes, you have
25 powers in the All Writs Act, but the powers in the All Writs

1  Act doesn't relieve you from Rule 65, which was passed by
2  Congress and clearly says that security has to be determined."
3              Again, we're not here -- we have a motion to set
4  a hearing on what the security should be, not to decide the
5  security at this point.
6              Besides that case, I have several other cases.
7  The Tenth Circuit says, and this is 456 F.2d 1352: "Issuance
8  of the order was not in compliance with Federal Rules of Civil
9  Procedure 65(b) and (d), nor was security posted as required by
10 65(c)." Again, this is an All Writs Act case, 456 F.2d 1352
11 from the Tenth Circuit.
12             We can only reiterate that Rule 65 must be
13 strictly complied with. And in that case, the Tenth Circuit in
14 1972 reversed the action of the trial court and dissolved the
15 restraining order.
16             There's this case from the Northern District of
17 Illinois that again says: "This Court regards use of the All
18 Writs Act to avoid the bond requirement of Rule 65(c) as
19 unjustifiable. If Congress had meant for district courts to
20 have the power to waive a bond" -- for those who could not put
21 up the money in that case -- "it could have said so in Rule 65.
22 To use the All Writs Act to achieve the same purpose would be
23 to circumvent the clear intent of Congress." Again, citing the
24 All Writs Act, and that's citing a Fifth Circuit case.
25             I have another case. Three from the Southern

1  District of New York. This is an All Writs case that says:
2  "Under 65(c), you must post security of $50,000." Another one.
3  This again says: "Under 65(c), you must post security and
4  $50,000." Another one: "Under 65(c), you must post an
5  additional $10,000 to supplement the $5,000."
6        It's clear from the Fifth Circuit, the Tenth
7  Circuit, these district court cases that Rule of Civil
8  Procedure 65(c), which Your Honor in your ruling said, that all
9  the requirements, and I'm quoting your ruling: "The statutory
10  requirements of Rule 65 are to be satisfied for an injunction
11  to issue under the All Writs Act." That's Your Honor's ruling,
12  docket 9415 at page 15.
13        We're just asking you to enforce your own
14  ruling. You said that 65 is applicable, Federal Rule of Civil
15  Procedure 65. Federal Rule of Civil Procedure 65 says security
16  must be determined by Your Honor. We're asking for an
17  evidentiary hearing to determine that security.
18        **THE COURT:** Okay.
19        **MS. CURTIS:** Thank you, Your Honor.
20        **THE COURT:** Thank you very much.
21        Let me hear from the other side.
22        **MR. LONGER:** Good morning, Your Honor. Fred Longer
23  on behalf of the Plaintiff's Steering Committee.
24        In Your Honor's order of June 9th, you found
25  that the stay you imposed because of the settlement -- and this

1  was a settlement with INEX -- that Your Honor had a res before
2  you, and you were trying to wrap your authority around this
3  settlement and the res itself, gave you the authority under the
4  All Writs Act and the Anti-Injunction Act to issue a stay in
5  furtherance of Your Honor's jurisdiction over the res.
6            What we just heard from Ms. Curtis was that,
7  Your Honor, she believes that the injunction, and this is her
8  words, "Was an injunction against us."  It was not against
9  Southern Homes.  It was an injunction as to the entirety of the
10 res, not as to any specific entity.  It was Your Honor's
11 authority to assert your jurisdiction over the -- as an
12 umbrella over the entire matter.
13           So the premise by which Southern Homes enters
14 this court and presents its motion is mistaken and misplaced.
15 In the instance where there are settlements and federal courts
16 are trying to protect the settlement and the court's
17 jurisdiction over the settlement, it's well recognized that the
18 court has All Writs Act authority.
19           Your Honor, we cited at least nine cases to you.
20 We cited *Baldwin-United; Corrugated Containers*, which is a
21 Fifth Circuit case; *James versus Bellotti*, the *Diet Drugs* case,
22 *White versus NFL*, the *Carlough* case, *Class Plaintiffs versus
23 Seattle*, *Granada Partnership*, *Joint Eastern/Southern District
24 Asbestos* cases.
25           And perhaps this should not be overlooked, but

1  we also cited the United States Supreme Court, who a long time
2  ago in 1922 in the *Kline versus Burke Construction Company* case
3  said that:  "It is settled that where a federal court has first
4  acquired jurisdiction of the subject-matter of a cause, it may
5  enjoin the parties from proceeding in a state court of
6  concurrent jurisdiction where the effect of the action would be
7  to defeat or impair the jurisdiction of the federal court.
8            "Where the action is in rem, the effect is to
9  draw to the federal court the possession or control, actual or
10 potential, of the res, and the exercise by the state court of
11 jurisdiction over the same res necessarily impairs, and may
12 defeat, the jurisdiction of the federal court already
13 attached."
14            The essence of Southern Homes' argument is that
15 Your Honor issued its injunction under Rule 65 and, therefore,
16 Rule 65(c) must apply.  But the reality is is that Your Honor
17 did go through an analysis of Rule 65 and you found that you
18 need not satisfy the traditional requirements for injunctive
19 relief under Rule 65.
20            But even as to Rule 65, Your Honor found at
21 least two reasons for affording the injunction, which was that
22 it was in furtherance of the settlement, and that the terms of
23 the stay were specific, and you listed the specific parties
24 that the injunction was applicable to.
25            So what we have found -- and, Your Honor, I also

1  note that INEX cited to Your Honor the *Delgado* case, which was
2  also the Fifth Circuit affirming a district court where it
3  issued an All Writs Act injunction against a parallel state
4  court action that was interfering with the settlement and it
5  did not require a bond.
6        In fact, it's interesting that Ms. Curtis
7  provides Your Honor the *Florida Medical Association* case at the
8  Fifth Circuit and says, "Well, you have to apply Rule 65."  The
9  interesting thing about this -- two things I'll point out to
10 Your Honor is:  One, you did look at Rule 65 and you considered
11 Rule 65.  The Fifth Circuit case that Ms. Curtis provided to
12 you did not require or even address the issue of security.
13       So, Your Honor, under all the reasons that we've
14 provided in our briefs and the fact that every court that's
15 addressing a settlement that we've cited to Your Honor does not
16 require a bond, we ask that you deny their motion.
17       **THE COURT:**  Is this case on appeal now?
18       **MS. CURTIS:**  Yes, Your Honor.
19       **MR. LONGER:**  Yes, sir.
20       **THE COURT:**  Well, do I have jurisdiction over it if
21 it's on appeal?
22       **MS. CURTIS:**  What's on appeal, Your Honor, is your
23 motion on -- it's your order on the injunction.  This is a
24 separate issue on whether we have a right to security in
25 support of the injunction.

1		**THE COURT:** Yeah. But once you appeal --
2		**MS. CURTIS:** It was from the original preliminary
3	approval of the settlement.
4		**THE COURT:** My understanding always is that once
5	you've appealed the case, I don't have jurisdiction over it
6	anymore.
7		**MR. LONGER:** Your Honor, I think generally that's
8	accurate. But I think as to bond, you may actually retain
9	jurisdiction to at least set a bond. And here, I'd suggest
10	that there's no basis for setting a bond.
11		Even if Rule 65(c) were to apply, you could
12	employ your discretion to deny the requirement of a bond since
13	you have the authority under the All Writs Act to do so anyway.
14		**THE COURT:** All right. I'll look over this -- do you
15	want to respond to him first?
16		**MS. CURTIS:** Just briefly, Your Honor.
17		**THE COURT:** Sure.
18		**MS. CURTIS:** I just wanted to point out your order
19	says: "Prosecution of the related actions identified in
20	Exhibit 1.25 to the INEX settlement." Southern Homes' cases
21	are listed there. It is a prohibition against Southern Homes.
22	So to say it's not directed at us, it's clearly directed at us.
23		**THE COURT:** How do you deal with his argument that
24	this is in protection of the res as opposed to other matters
25	that --

1    **MS. CURTIS:** I believe you have -- I'm not going to
2 argue again that you don't have the authority to issue the
3 injunction under the All Writs Act.
4    **THE COURT:** Right.
5    **MS. CURTIS:** But the Fifth Circuit says the All Writs
6 Act doesn't relieve you of all the requirements of Rule 65.
7 And you say in your order Rule 65 should be complied with, and
8 one of the rules is security.
9             It protects the person. You know, we say we're
10 wrongfully enjoined, and now we don't even have security, if
11 we're correct; if we're not correct -- you know, the security
12 is to protect someone from wrongfully enjoining them.
13    **THE COURT:** Right.
14    **MS. CURTIS:** I want to point out this Southern
15 District case that we've cited. It's after *Baldwin*. So when
16 it's requiring security, it's after *Baldwin*. The issue has --
17 I believe the Fifth Circuit has clearly said that All Writs Act
18 does not overcome Federal Rule of Civil Procedure 65(c). And
19 whether and how much or whatever the bond is, that may be in
20 your discretion, but we should have the right to have the
21 evidentiary hearing to set the bond.
22    **THE COURT:** Okay. I understand. You need something.
23    **MR. GRAU:** Your Honor, Ben Grau on behalf of Interior
24 Exterior.
25    **THE COURT:** Yes, Ben.

1              **MR. GRAU:**  Just really briefly.  I think Mr. Longer
2  hit all the points that we would make.  I would draw special
3  attention to the *Delgado* decision.  It's a 2000 decision from
4  the Fifth Circuit affirming a lower court decision, Southern
5  District of Texas, where the Southern District of Texas
6  specifically held that no bond was required under the All Writs
7  Act for a very similar injunction.
8              Then secondly, Mr. Longer briefly touched on the
9  fact that it's within Your Honor's discretion to require no
10 bond amount at all.  Even if Your Honor looks at Rule 65(c),
11 the Fifth Circuit addressed this in 1996 in the *Kappa* decision.
12 What's particularly interesting about that decision is it's a
13 similar injunction enjoining a party from pursuing a parallel
14 action in another court, and there the Fifth Circuit clearly
15 held that no security was required.
16             **THE COURT:**  Okay.
17             **MR. GRAU:**  In case Your Honor didn't hear, it's
18 Benjamin Grau on before of Interior Exterior.
19             **THE COURT:**  Yes.  Right.
20             All right.  Thank you very much.  I'll do some
21 writing on this one so that we have it because it is an
22 interesting nuance from my standpoint.
23             The next motion was the Steering Committee and
24 Knauf Entities' joint motion for approval of term sheet.  I
25 think we've discussed that and it's not necessary that that be

```
 1  moved at this time.
 2          MR. LEVIN:  That's correct, Your Honor.
 3          MR. HERMAN:  Your Honor, after Your Honor advises us
 4  of the date for the next conference --
 5          THE COURT:  There being no further motions, then the
 6  next conference is October the 18th.
 7              There was some interest in setting a November
 8  date.  I'm available on the 9th, 10th or 16th.  What's a good
 9  date for the parties in November?  9th, 10th or 16th?
10          MR. LEVIN:  The 9th is good for me.
11          THE COURT:  Is that okay with everybody?  Hilarie?
12          MS. BASS:  Is the 10th a possibility?  We have a
13  mediation set in one of these cases on the 9th.
14          THE COURT:  The 10th, is that what I'm hearing?
15          MS. BASS:  Can we try the 10th?
16          MR. LEVIN:  I'll just call my doctor and go another
17  day, Your Honor.
18          THE COURT:  Okay.
19          MR. DAVIS:  That's on the record.
20          MR. LEVIN:  That's okay.  At my age you have doctors.
21          THE COURT:  You do that as a favor to Hilarie.  I
22  appreciate that.
23          MS. BASS:  Thank you, Your Honor.  I'm sure the
24  parties in that mediation we've been trying to set up for six
25  months will appreciate it.  Thank you.
```

1      **THE COURT:**  All right.  November the 10th then.
2      **MR. HERMAN:**  It'll be the 10th, Your Honor?
3      **THE COURT:**  So October the 18th and November the
4  10th.
5             Okay.  We have another matter that --
6      **MR. HERMAN:**  Yes.  I've spoken with Mr. Miller and if
7  Your Honor would take that in the conference room --
8      **THE COURT:**  Okay.  Fine.
9      **MR. HERMAN:**  -- I could bring Mr. Nunez back.
10      **THE COURT:**  I can do that.
11      **MR. BECNEL:**  Could Mr. Longer, Mr. Herman, Mr. Levin
12  and Kerry just approach the bench on that issue that we had,
13  Your Honor?
14      **THE COURT:**  All right.  Do we need this on the
15  record, Danny?
16      **MR. BECNEL:**  No.
17      **THE COURT:**  Okay.
18                    **(OFF THE RECORD)**
19      **THE COURT:**  Okay.  That completes our meeting, except
20  for the meeting in the back.
21             Court will stand in recess.  Thank you very
22  much.
23             (WHEREUPON, the proceedings were concluded.)
24
25

*****

## CERTIFICATE

I, Jodi Simcox, RMR, FCRR, Official Court Reporter for the United States District Court, Eastern District of Louisiana, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of the proceedings in the above-entitled and numbered matter.

    S/ Jodi Simcox, RMR, FCRR
    Jodi Simcox, RMR, FCRR
    Official Court Reporter