# EXHIBIT J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEROY BOLDEN ET AL.                                  CIVIL ACTION

VERSUS                                               NO. 06-4171

FEDERAL EMERGENCY MANAGEMENT AGENCY                  SECTION "C" (2)

### ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:        Plaintiffs' Motion to Strike Errata Sheet and for Sanctions, Record Doc. No. 55

O R D E R E D:

XXX : GRANTED IN PART AND DENIED IN PART. The motion is denied insofar as it seeks to strike the errata sheet. Fed. R. Civ. P. 30(e) neither expressly permits nor prohibits substantive changes to deposition testimony of the sort made here by the designated Rule 30(b)(6) representative of the Federal Emergency Management Agency ("FEMA"). No binding Fifth Circuit precedent has been cited by either party, nor has my research located any. Accordingly, the errata sheet will not be stricken.

However, the revisions by FEMA are so obnoxiously contradictory to its original substantive deposition testimony that the court finds FEMA's conduct in this regard egregious and in cavalier disregard of its obligation to provide a knowledgeable, truthful Rule 30(b)(6) designee. Accordingly, the motion is granted to the extent it seeks sanctions against FEMA for its conduct in providing originally inaccurate testimony and an inadequate designee, as follows:

IT IS ORDERED that plaintiffs must submit the original deposition transcript and the original errata sheet to the court for filing in the record so that FEMA's original testimony, in its unaltered form as it was transcribed from the oral testimony, will be made a permanent part of this record. The errata sheet will merely be attached to the transcript of the original deposition, so that the original testimony and the errata sheet

may be compared by the factfinder at trial and used for impeachment and for any other purposes permitted by the Federal Rules of Civil Procedure. In this way, the factfinder may weigh FEMA's credibility and determine whether FEMA's conduct in originally providing inaccurate testimony constituted mere mistake or incompetence, as opposed to self-serving hindsight or the provision of false testimony.

Because FEMA's substantive changes to its testimony are so glaring, I also find that plaintiffs must be given the opportunity to depose FEMA further to explore the reasons for these drastic changes in testimony, if plaintiffs wish to do so. Accordingly, IT IS FURTHER ORDERED that, if plaintiffs desire to depose FEMA further, FEMA must produce its designated witness in New Orleans within ten (10) days of FEMA's counsel's receipt of a written request by plaintiffs' counsel to do so (which must be filed in the record). The reopening of the deposition, if any, is to be limited in scope to the alterations FEMA made to its original testimony, the reasons for the changes and any follow-up questions necessitated by the new answers. The reopening does not permit plaintiffs to begin the entire deposition anew or to inquire into subject areas unaffected by FEMA's corrections. All expenses associated with this further deposition, including the court reporter's fees and costs and plaintiffs' reasonable attorney's fees, in an amount to be fixed by the court upon subsequent motion by plaintiffs, supported by the affidavit of their counsel and in compliance with Local Rule 54.2, must be paid by FEMA. Medina v. Horseshoe Entertainment, No. 05-0097, 2006 WL 2038057, at *4 (W.D. La. July 19, 2006) (Hayes, M.J.) (citing Reilly v. TXU Corp., 230 F.R.D. 486, 491 (N.D. Tex. 2005); Lugtig v. Thomas, 89 F.R.D. 639, 641, 642 (N.D. Ill. 1981)); accord Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 103 (2d Cir. 1997).

New Orleans, Louisiana, this ___7th___ day of February, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2