# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Payton, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 09-cv-07628 (E.D. La.)**<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:09-cv-06690 (E.D. La.)**<br><br>*Rogers, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:10-cv-00362 (E.D. La.)**<br><br>*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 2:11-00252 (E.D. La.)**<br><br>*Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 11-cv-1363 (E.D. La.)**<br><br>*Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 11-cv-2349 (E.D. La.)**<br><br>*Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 11-cv-3023 (E.D. La.)**<br><br>*Vickers, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:09-cv-04117 (E.D. La.)** | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**ORDER PRELIMINARILY APPROVING THE L&W CLASS SETTLEMENT, CONDITIONALLY CERTIFYING AN L&W SETTLEMENT CLASS, ISSUING CLASS NOTICE, SCHEDULING A JOINT FAIRNESS HEARING, AND STAYING CLAIMS AGAINST L&W, USG, AND THE KNAUF DEFENDANTS**

Upon consideration of the Joint Motion of proposed L&W Class Counsel, the Plaintiffs' Steering Committee (the "PSC"), USG Corporation ("USG"), its subsidiary L&W Supply

Corporation ("L&W"), and the Knauf Defendants[1] (collectively, the "Settling Parties"), for Preliminary Approval of the L&W Settlement and Conditional Certification of an L&W Settlement Class, brought pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e), it is hereby,

      ORDERED, ADJUDGED AND DECREED that:

      1.    Capitalized terms used in this Order have the same meaning as those defined in the Class Action Settlement Agreement Regarding KPT Drywall Claims Against USG and L&W in MDL No. 2047 (the "L&W Settlement"), attached as Exhibit A to the Memorandum of Law in Support of the Joint Motion for an Order:  (1) preliminarily approving the L&W Settlement; (2) certifying an L&W Settlement Class; (3) approving the form of Notice to L&W Class Members; (4) scheduling a joint Settlement Fairness Hearing to consider the Knauf Class Settlement and the L&W Settlement; and (5) staying claims against L&W, USG, and the Knauf Defendants.

      2.    The L&W Settlement Agreement, including all exhibits attached thereto, is preliminarily approved by the Court as fair, reasonable and adequate, as negotiated and entered into at arm's length, in good faith, and free of collusion to the detriment of the L&W Class, and as being within the range of possible judicial approval at a prospective joint Settlement Fairness Hearing.

      3.    The following nationwide L&W Class is conditionally certified and shall consist of:

---

[1] The "Knauf Defendants" are defined to mean all Knauf entities, including Knauf Gips KG, Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., Gebrueder Knauf Verwaltungsgesellschaft, KG, and P.T. Knauf Gypsum Indonesia.  *See* Knauf Class Settlement, Section 1.1.1 [Rec. Doc. No. 12080-2]; L&W Settlement, Section 1.1.1.

>All persons or entities who are Participating Class Members in the Knauf Class Settlement and who (a) as of December 9, 2011, is a named plaintiff in the Litigation (*i.e.*, not an absent class member) asserting claims arising from, or otherwise related to L&W Supplied KPT Chinese Drywall, whether or not L&W and/or USG are named parties to the lawsuit, and (b) own Affected Property.

4. Paul and Therese Petkin are appointed as Representatives for the L&W Class.

5. Russ Herman and Arnold Levin are appointed as L&W Class Counsel, and the Plaintiffs' Steering Committee ("PSC") are appointed as Of-Counsel.

6. The opt-out procedure set forth in Section 8 of the L&W Settlement is approved.

7. The procedure for lodging objections to the L&W Settlement as set forth in Section 9 of the L&W Settlement is approved.

8. The Notice attached as Exhibit C to the Memorandum of Law is approved.

9. The protocol for dissemination of Notice to L&W Class Members as set forth in Section 7 of the L&W Settlement is approved.

10. On or before, _____, 2012, L&W Class Counsel shall cause the Notice attached as Exhibit C to the Memorandum of Law to be sent via first-class mail, postage prepaid to: (i) all plaintiffs in the Litigation who, as of December 9, 2011, asserted claims arising from, or otherwise related to L&W Supplied KPT Chinese Drywall, (ii) all named plaintiffs in the Omni complaints in MDL No. 2047 who, as of December 9, 2011, asserted claims arising from, or otherwise related to L&W Supplied KPT Chinese Drywall, (iii) all named plaintiffs in all Related Actions who, as of December 9, 2011, asserted claims arising from, or otherwise related to L&W Supplied KPT Chinese Drywall, and (iv) the counsel of all the foregoing. Where an attorney represents more than one Plaintiff or claimant with claims against L&W and/or USG, it shall be sufficient to provide that attorney with a single copy of the Notice. Notice to an L&W

Class Member's counsel of record shall constitute Notice to the L&W Class Member even if the L&W Class Member does not receive independent Notice.

11. The cost of Notice shall be paid by the Knauf Defendants.

12. The Notice shall be posted on the Court's Chinese Drywall MDL website so as to commence the Notice period.

13. Any L&W Class Member wishing to opt out of the L&W Settlement must notify L&W Class Counsel, Arnold Levin (LEVIN, FISHBEIN, SEDRAN & BERMAN, 510 Walnut Street, Suite 500, Philadelphia, PA 19106) and Russ M. Herman (HERMAN, HERMAN, KATZ & COTLAR, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113), counsel for USG and L&W, W. David Conner (Haynsworth Sinkler Boyd, P.A., P.O. Box 2048, Greenville, SC 29602), and counsel for the Knauf Defendants, Kerry J. Miller (Frilot LLC, 1100 Poydras Street, Suite 3700, New Orleans, Louisiana 70163) in writing, within forty-five (45) days after the last date to provide Notice to the L&W Class, *i.e.*, postmarked no later than _____, 2012, which is the last day of the Opt-Out/Objection Period, of their intention to opt out of the L&W Settlement.  To be effective, the opt-out notice must set forth the full name and current address of the person electing to opt out and a sentence stating: "The undersigned hereby opts out of the L&W Class in the Chinese Drywall Action and acknowledges that by opting out, the undersigned may not receive any benefits under the L&W Settlement or the Knauf Class Settlement."  The opt-out notice must be signed by the individual L&W Class Member.

14. L&W Class Members who opt out of this L&W Settlement will not be entitled to receive any benefits under the Knauf Class Settlement.

15. Any opt-out from this L&W Settlement will be null and void if the L&W Class

Member does not also timely opt out of the Knauf Class Settlement.

16. All objections to the proposed L&W Settlement shall be filed and served in compliance with Section 9 of the L&W Settlement within forty-five (45) days after the last date to provide Notice to the L&W Class, *i.e.*, postmarked no later than _____, 2012, or they will be deemed waived. All objections must be signed by the individual L&W Class Member and by his or her counsel, if any.

17. The Settling Parties shall file any response to the objections or other papers in support of final approval of the L&W Settlement on or before _____, 2012.

18. A formal joint Fairness Hearing shall take place on June 20, 2012, beginning at 9 o'clock in the a.m., and continuing to June 21, 2012, if necessary, in order to consider comments on and objections to the proposed Knauf Class Settlement and the L&W Settlement and to consider whether (a) to approve thereafter the class settlements as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, (b) to finally certify the Knauf Class and the L&W Class, and (c) to enter the Order and Judgment provided in paragraph 1.43 of the Knauf Class Settlement and the Order and Judgment provided in paragraph 1.24 of the L&W Settlement.

19. Prosecution of all claims arising out of L&W Supplied KPT Chinese Drywall, which have been asserted against L&W, USG, and/or the Knauf Defendants in the Litigation, all Related Actions, and all Related Claims, whether or not the Settling Parties are named parties to the lawsuit, shall be stayed and enjoined pending the L&W Settlement and Knauf Class Settlement proceedings and further Orders of the Court, consistent with the provisions of the stay order entered by the Court on March 2, 2012 [Rec. Doc. No. 12770].

20. The Settling Parties have reserved all claims and defenses in the Litigation should the proposed L&W Settlement not become final for whatever reason.

21. L&W, USG, and the Knauf Defendants have reserved all defenses, including the right to contest certification of the L&W Class *de novo* should the proposed L&W Settlement not become final for whatever reason. If the proposed L&W Settlement does not become final, the conditional certification of the L&W Class will be null and void, and the Litigation will proceed as if there had been no L&W Settlement, conditional certification of an L&W Class or Notice.

This _____ day of _____, 2012, at New Orleans, Louisiana

_____
ELDON E. FALLON
United States District Court Judge