UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 2047 |
| | * | SECTION "L" |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * * | |
| *Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG et al.* Case No. 2:11-cv-00252-EEF-JCW (E.D.La.) | * * * * * | MAG. DIV. "2" MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO
VACATE AND SET ASIDE PRELIMINARY DEFAULT JUDGMENT
AND MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

Respectfully submitted,

STEVEN F. GRIFFITH, JR. (27232)
LAURA E. CARLISLE (33760)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
sgriffith@bakerdonelson.com
lcarlisle@bakerdonelson.com

**ATTORNEYS FOR UNIVERSAL
CONSTRUCTION COMPANY, INC.**

## **TABLE OF CONTENTS**

Introductory Statement ........................................................................................... 1

I. Opposing Counsel's Failure to Withdraw Claims Against Universal After Acknowledging that Universal was Incorrectly Served Results in Improper Entry of Preliminary Default. ...................... 1

    A. The First Request to Be Dismissed. ............................................... 1

    B. The Second Request to Be Dismissed. ........................................... 2

    C. The Third Request to Be Dismissed. .............................................. 3

    D. The Fourth Request to Be Dismissed. ............................................ 3

    E. The Fifth Request to Be Dismissed. ................................................ 4

    F. The Sixth Request to Be Dismissed; The First Request to Set Aside the Preliminary Default. .............................. 5

    G. The Seventh Request to Be Dismissed; The Second Request to Set Aside the Preliminary Default. ......................... 5

    H. The Third Request to Set Aside the Preliminary Default. .......................... 6

II. The Default Judgment Against Universal Must Be Vacated and Set Aside. ........... 6

    A. Motion to Vacate and Set Aside Standard Under Rules 55(c) and 60(b). ... 6

    B. Good Cause Exists For Vacating and Setting Aside the Preliminary Default Judgment Against Universal. ....................... 8

III. Sanctions Are Warranted Under 28 U.S.C. § 1927 for Plaintiffs' Counsel's Vexatious and Unreasonable Litigation Tactics. ................................ 9

    A. 28 U.S.C. § 1927 Standard. ........................................................ 9

    B. Plaintiffs' Counsel's Conduct Merits § 1927 Sanctions. ........................... 10

Conclusion ........................................................................................................ 12

**MAY IT PLEASE THE COURT:**

Defendant, Universal Construction Company, Inc. ("Universal"), submits this memorandum of points and authorities in support of its Motion to Vacate and Set Aside Preliminary Default Judgment and Motion for Sanctions Pursuant to 28 U.S.C. § 1927.

**Introductory Statement**

In this matter, given the number of parties and the scope of the problematic drywall at issue, counsel for the plaintiffs have done a yeoman's job on the overall management of this multi-district litigation. But, as can be expected in any MDL of this size, some defendants were named as defendants in error. Universal was one of those defendants, and little fault, if any, should be cast on plaintiffs' counsel solely as a consequence of such an error. It is because of the utter refusal of plaintiffs' counsel to remedy that error that the Court should set aside the preliminary default and award Universal its fees and costs for appearing in this action.

**I.  Opposing Counsel's Failure to Withdraw Claims Against Universal After Acknowledging that Universal was Incorrectly Served Results in Improper Entry of Preliminary Default.**

*A.  The First Request to Be Dismissed.*

Universal received service of the *Abreu* Plaintiffs' Omnibus Class Action Complaint ("Omnibus Class Action Complaint VIII," hereinafter "Omnibus Complaint") on May 25, 2011. The Omnibus Complaint named Universal as a defendant with respect to claims brought by members of Subclass 126, specifically the following: Kevin and Kristy Chavis, Cynthia Helms, Jeremy Landry, Obyster and Javodia Moore, John Robertson, Warren Sholz, and Ashley Sloan. These plaintiffs were listed as being represented at the time by the law firm of Collins &

1

Horsley, PC.[1]  Believing that the plaintiffs had sued the wrong "Universal Construction Company," counsel for Universal reached out to plaintiffs' counsel who requested an affidavit explaining Universal's position.

### B. *The Second Request to Be Dismissed.*

Universal followed up by submitting a letter and the affidavit of Universal Contracts Manager, Tara MaGinn, which explained that:

- Universal had never contracted with any of the named plaintiffs in Subclass 126;

- Universal had not performed any construction work in Texas within the last ten years; and

- Universal had not performed work on any residential free-standing homes, ever.

With this information, Universal could not possibly be the proper defendant.  *See* Email and Affidavit, attached as Exhibit 1.

Upon reviewing the materials provided by Universal, plaintiffs' counsel realized he had named the wrong defendant and assured Universal that he would take the proper steps to have the claims against it dismissed.  *See* Collins Email, June 13, 2011, attached as Exhibit 2.  Writing to Universal on June 13, 2011, Plaintiffs' counsel apologized to Universal for the oversight and inconvenience and stated that he would promptly see to the matter:

---

[1] The *Abreu* case was filed on February 7, 2011.  Mr. and Mrs. Chavis were listed therein as being represented by Collins and Horsley, PC.  As Universal would later learn, however, the Chavis' signed a contract for representation with Baron & Budd, P.C. on April 7, 2011, two months after the lawsuit was filed.  No motion to withdraw and substitute counsel was ever filed, leaving Collins & Horsley as attorneys of record for the Chavis' when service was made upon Universal in May 2011.  *See* Steckler Email, February 29, 2012, Feb./March Email Chain, attached as Exhibit 6.  As of the date of the entry of preliminary default against Universal on February 23, 2012, Collins & Horsley, PC. was still counsel of record for Kevin and Kristy Chavis.  *Id.*

> I apologize for any inconvenience this may have caused your client. We would never knowingly sue the wrong entity. Please give me a couple of days to perform my due diligence for dismissal or substitution and I will provide [lead plaintiffs' counsel's] office with the proper paperwork to effectuate dismissal of your client.

*Id*. Mistakes happen, and Plaintiffs' counsel had acted appropriately – to this point.

### C. The Third Request to Be Dismissed.

In fact, the claims against Universal were not withdrawn or dismissed as promised. So, on November 23, 2011, plaintiffs' counsel Matthew Gaughan served Universal with the Plaintiffs' Omnibus Motion for Preliminary Default, filed with the Court on November 18, 2011, in which Universal was named a defaulting party. [R. Doc. 11234].

Following service of the Plaintiffs' Omnibus Motion for Preliminary Default Judgment, counsel for Universal promptly contacted plaintiffs' attorney Brian Collins concerning the apparent mistake. Mr. Collins' assistant responded with the following email:

> Thank you for the information you have provided our firm. It has been determined your client was erroneously named in the MDL Chinese Drywall Litigation in Omnibus Complaint VIII. <u>Forthcoming will be copies of the Voluntary Dismissal forms for each plaintiff for which your client was named as the applicator of effective drywall.</u> The forms will be forwarded to the Plaintiff's Steering Committee via email and U.S. Mail for filing in Judge Fallon's Court. Thank you for your patience in this matter.

*See* Collins Email, Nov. 28, 2011, attached as Exhibit 3.

On November 30, 2011, Mr. Collins forwarded to lead plaintiffs' counsel and liaison counsel release letters and accompanying notices of voluntary dismissal. *See* Collins Email and Attachments, Nov. 30, 2011, attached as Exhibit 4.

### D. The Fourth Request to Be Dismissed.

By February 9, 2012, plaintiffs' liaison counsel had still not filed the notices of voluntary dismissal provided by Brian Collins nearly two months earlier. In the meantime, lead plaintiffs'

3

counsel had served on Universal some two amended, proposed Preliminary Default Orders. In each proposal, Universal remained a named defaulting party. [R. Docs. 11773, 12265].

On February 9, 2012, Universal again contacted attorney Brian Collins concerning the failure to file the dismissals and remove Universal from the case. *See* Vargo Letter, Feb. 9, 2012, attached as Exhibit 5. Mr. Vargo received an email in response from lead plaintiffs' counsel Matthew Gaughan on February 10, 2012, stating that he had requested revisions prior to filing but that, in any case, opposing counsel would "clear[] up" the matter. *See* Gaughan Email, Feb. 10, 2012, Feb./March Email Chain, attached as Exhibit 6. Plaintiffs' liaison counsel finally filed the notices of dismissal on February 14, 2012. Unbeknownst to Universal, however, the filings had the effect of dismissing the claims on behalf of some plaintiffs, *but not all*. Nevertheless, once again, Universal believed the matter resolved.

### E.     *The Fifth Request to Be Dismissed.*

On February 28, 2012, lead plaintiffs' counsel served Universal with the Third Amended Errata to Plaintiffs' Omnibus Motion for Preliminary Default Judgment. *See* Service of Process and Third Amended Errata, attached as Exhibit 7. Much to Universal's surprise and frustration, Universal was *still* named as a defaulted party. Counsel for Universal immediately contacted both Brian Collins and Matthew Gaughan <u>yet again</u>, advising that, unless Universal was dismissed and properly removed from the suit, it would be forced to take appropriate action to protect its interests:

> Despite repeated acknowledgements from your office that Universal Construction was sued in error and that Universal would be dismissed from this lawsuit, your office has failed to properly remove Universal as a defendant. We have been patient thus far, but this is entirely unacceptable and is rising to the level of frivolous litigation. Be advised that if Universal is not voluntarily dismissed from this lawsuit by March 2, 2012, we will instruct counsel to appear in the class

4

> action litigation and seek a proper dismissal. In such case, not only will we seek attorneys' fees and costs associated with such dismissal, but we will aggressively seek sanctions against all Plaintiffs and their respective counsel in accordance with the Federal Rules of Civil Procedure.

*See* Vargo Email, Feb. 28, 2012, Feb./March Email Chain, attached as Exhibit 6. Unbeknownst to Universal at this point, however, the Court had already granted the Plaintiffs' Omnibus Motion for Preliminary Default Judgment, and entered a preliminary default judgment against it on February 24, 2012. [R. Doc. 12599].

      F.    *The Sixth Request to Be Dismissed;*
             *The First Request to Set Aside the Preliminary Default.*

Now that Universal was defaulted, it contacted Mr. Gaughan and Mr. Collins yet again on March 1, 2012, requesting assistance in removing the default. *See* Vargo Email, March 1, 2012, Feb./March Email Chain, attached as Exhibit 6. Apparently unmoved by the burden already placed on Universal, Mr. Gaughan responded:

> I think we will end up cleaning up the default at some point but this is likely several months down the road. For now you should probably do a stipulation with counsel for Mr. and Mrs. Chavis.

*See* Gaughan Email, March 1, 2012, Feb./March Email Chain, attached as Exhibit 6. Forced to protect its interests, Universal retained undersigned counsel.

      G.    *The Seventh Request to Be Dismissed;*
             *The Second Request to Set Aside the Preliminary Default.*

On March 2, 2012, undersigned counsel contacted Plaintiffs' counsel and requested immediate dismissal and the setting aside of the preliminary default. Plaintiffs' counsel represented that the final dismissal of Universal would occur that day (March 2) and that a Motion to Set Aside would occur early the week of March 5, 2012. Neither commitment was upheld.

As to dismissal, plaintiffs' counsel did finally file a notice of voluntary dismissal of Universal on behalf of Kevin and Kristy Chavis on March 5, 2012. [R. Doc. 12763].

As for the preliminary default, on March 3, 2012, undersigned counsel contacted Mr. Gaughan again regarding the motion to set aside or vacate the preliminary default judgment. *See* Griffith-Gaughan Emails, March 3, 2012, attached as Exhibit 8.  Mr. Gaughan responded indicating that he was "<u>working on a motion</u>," though he thought Universal "should be the one to file it. It would be an unopposed motion to remove the preliminary default." *Id*.  In fact, Universal would later learn that he apparently was not working on a motion at all.

### H. *The Third Request to Set Aside the Preliminary Default.*

Following several days without further response, undersigned counsel again contacted Mr. Gaughan on March 9, 2012, requesting a copy of the Motion. *See* Griffith Email, March 9, 2012, March Email Chain, attached as Exhibit 9.  This time, Mr. Gaughan insisted that he had "other urgent matters that [he was] attending to," and that he could not correct the improperly entered default. *See* Gaughan Email, March 9, 2012, March Email Chain, attached as Exhibit 9. Opposing counsel's failure to assist in "clearing up" the improper default against Universal has required that undersigned counsel appear in this action on Universal's behalf and prepare this Motion.

## II. **The Default Judgment Against Universal Must Be Vacated and Set Aside.**

### A. *Motion to Vacate and Set Aside Standard Under Rules 55(c) and 60(b).*

Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that, "on motion and just terms," a court may vacate and set aside a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  The

6

decision whether to set aside a default judgment rests with the discretion of the court, though such discretion operates against the backdrop that default judgments are generally disfavored among the federal courts. *See, e.g., Rossignol v. Tillman, et al.*, No 10-3044, 2011 WL 1193017, at *1 (E.D. La. 3/25/11) (collecting cases). The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *See Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir. 1998); *see also, e.g., Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

The Fifth Circuit has provided three factors for consideration in determining whether to set aside a default judgment under Rule 60(b): (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct in failing to act. *See, e.g., Gullick v. Maritech Resources, Inc.*, No. 11-117KS, at *2 (S.D. Miss. 9/16/11) (citing 5th Circuit precedent and collecting cases). Similarly, under Rule 55(c), which permits a court to set aside a default judgment upon a showing of "good cause" or pursuant to Rule 60(b), a court will consider: (1) whether the default was willful; (2) whether setting aside the judgment would prejudice the adversary; and (3) whether the defense presented is meritorious. *Id.* Under either rule, such factors are neither dispositive nor exclusive, and a court may consider others, such as "whether the defendant acted expeditiously to correct the default." *Id.* (*citing Lacy*, 227 F.3d at 292). The ultimate inquiry remains whether there exists "good cause" to set aside the default. *See, e.g., CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

      B. *Good Cause Exists For Vacating and Setting*
        <u>*Aside the Preliminary Default Judgment Against Universal.*</u>

  All parties agree that the preliminary default judgment entered against Universal on February 24, 2012 was improper and that it must be vacated and set aside. All parties further agree that Universal should have never even been named as a defendant in this case, and that failure to dismiss the claims against it prior to the entry of preliminary default rests with opposing counsel. Since first receiving service of the plaintiffs' Omnibus Complaint in May 2011, Universal has acted diligently and expeditiously, if not doggedly, to see itself removed from the case and to avoid the entry of default against it. Similarly, once learning of the entry of preliminary default, Universal has acted promptly to correct the default.

  Fifth Circuit jurisprudence weighs overwhelmingly in favor of setting aside the default judgment under Rules 55(c) and 60(b). First, the plaintiffs will suffer no prejudice as a result of setting aside the judgment because all claims against Universal are frivolous. Second, Universal's defense is entirely meritorious, as it has never contracted with any of the respective plaintiffs, has not performed in Texas within the past ten years, and should never have been named as a defendant. Quite simply, the plaintiffs sued the wrong defendant. All parties acknowledge as such. Finally, Universal's failure to act in avoiding the entry of default was in no way a deliberate attempt to avoid litigation or cause harm to the plaintiffs or this Court. On the contrary, Universal has at all times acted diligently and in good faith. On the date of entry of preliminary default, moreover, Universal had every reason to believe that all claims against it had been dismissed and that plaintiffs' counsel was no longer pursuing a preliminary default judgment against it.

In short, good cause exists for vacating and setting aside the preliminary default judgment entered against Universal on February 24, 2012. *See generally, e.g., Gullick*, 2011 WL 4356618, at *2. The defendant's Motion should be granted pursuant to Rules 55(c) and 60(b), and the judgment against Universal set aside.

### III. Sanctions Are Warranted Under 28 U.S.C. § 1927 for Lead Plaintiffs' Counsel's Multiplying of Vexatious and Unreasonable Litigation.

#### A. 28 U.S.C.§ 1927 Standard.

The United States Code provides for the awarding of excess costs, expenses, and attorney's fees against any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Section 1927 does not require a showing of bad faith or intent to harass; it merely requires unreasonable and vexatious conduct.

Unreasonable conduct consists in the commencement or pursuit of a meritless or unwarranted claim. *See, e.g., Ratliff v. Stewart*, 508 F.3d 225, 235 (5th Cir. 2007); *Hahn v. City of Kenner*, 1 F. Supp. 2d 614, 618 (E.D. La 1998). "Vexatious" litigation is that which has an "improper purpose." However, while "improper purpose" here may refer to bad faith or intent to harass, "vexatious" extends more broadly than that, and covers, among other things, conduct that irritates or annoys, or troubles or distresses, a party. *See, e.g., Ratliff*, 508 F.3d at 235 n.13. Any conduct evidencing "reckless disregard of the duty owed to the court" can also suffice. *Id.* (*quoting Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998)). In certain cases, moreover, an attorney's conduct might be so obviously unreasonable that the court may infer improper purpose merely from the fact that the attorney persists in it. *Id.* at 234. Stated another way, the "persistent prosecution of a meritless claim" can suffice as unreasonable and vexatious conduct warranting sanctions. *See, e.g., Hahn*, 1 F. Supp. 2d at 618 (internal citations omitted).

9

Voluntary dismissal of an action, moreover, does not cure or otherwise protect from sanctions conduct that triggers § 1927, and a court's power to impose § 1927 costs, expenses, and fees extends beyond dismissal or resolution of an action. *See Ratliff*, 508 F.3d at 231. At base, "§ 1927 is concerned with 'baseless' filings' that 'burden [] courts and individuals alike with needless expense and delay,' and 'a litigant who violates [§1927, like one who violates rule 11], merits sanctions even after a dismissal." *Id.* at 232 (*citing Cooter & Gell v. Hartmax*, 496 U.S. 384, 398 (1990)).

    B. <u>*Plaintiffs' Counsel's Conduct Merits § 1927 Sanctions.*</u>

Plaintiffs' counsel's continued pursuit of a preliminary default judgment against Universal after learning that Universal was sued in error and receiving repeated pleas from Universal to remove it from the lawsuit, *and then* refusal to assist with undoing the default once via a motion to vacate or set aside, clearly rises to the level of sanctionable conduct under § 1927. Indeed, there is support for the proposition that the mere *institution* of legal action against a defendant without first confirming that one has the right defendant rises to the level of sanctionable conduct under § 1927. *Ratliff*, 508 F.3d at 234 ("The [district] court rightly noted that '[i]t is plaintiff's counsel's obligation to confirm that he has sued the right person even before such is called into question but surely after questions are raised."). Where counsel's conduct is "totally without basis in law or fact" and unnecessarily and vexatiously increases litigation *at the expense of* the opposing party, sanctions are clearly appropriate. *Id.* at 227.

In *Ratliff*, the Fifth Circuit affirmed the award of sanctions against counsel who sued the wrong defendant and then continued to pursue action against that individual after learning that

they had the wrong person. Noting that the decision to impose § 1927 sanctions "[was] not even a close question," the court found that the plaintiff's attorneys had:

> unreasonably and vexatiously multiplied the proceedings in [the] case before the court by failing to respond to numerous efforts of defense counsel to convince plaintiff's counsel that he had sued the wrong [defendant]; by forcing the defendant to file a motion to dismiss…;and by responding to that motion and waiting for over a month to confess same."

*Id*. at 234. Indeed, found the court, "[the plaintiff's] attorneys had misused the judicial process by failing to verify that they had sued the correct defendant, especially when the wrongfully-sued defendant repeatedly informed them of their mistake." *Id*.

The case here also presents "not even a close question." Beginning in June 2011, Universal informed opposing counsel that the plaintiffs had sued the wrong entity, and plaintiffs' counsel *acknowledged that he had sued the wrong entity*. By late November 2011, plaintiffs' counsel was most certainly on notice that the wrong party was sued and was incorrectly listed as a defaulting party, yet notices of voluntary dismissal remained unfiled for nearly two months (even after promised). While plaintiffs' counsel have done good work in this MDL in representing their clients, they do have duties to the Court *and* the entities they sue to do so in good faith. Failure to remove Universal from the plaintiffs' motion for preliminary default was nothing short of reckless.

Even more, plaintiffs' counsel's refusal to correct the improper entry of default via a motion to vacate or set aside evidences complete and total disregard for his duties to the Court and the opposing party. Universal repeatedly warned plaintiffs' counsel that it would be forced to hire local counsel and file this Motion if the various plaintiffs' attorneys involved could not, or would not, "clear up" the default as promised. Once contacted by undersigned counsel,

11

plaintiffs' counsel further saw fit to push the burden of drafting and filing a motion to vacate or set aside onto Universal, dismissing Universal's concern over the default as a mere "inconvenience" that he "th[ought]" would get "clean[ed] up…at some point but this is likely several months down the road." *See* Gaughan Email, March 1, 2012, Feb./March Email Chain, attached as Exhibit 6.  Not only did plaintiffs' counsel "unnecessarily and vexatiously multipl[y] the proceedings in this matter at the expense of defendant [Universal]," they did so knowingly. *Ratliff*, 508 F.3d at 227.

Sanctions pursuant to § 1927 are entirely appropriate given the conduct of lead plaintiffs' counsel.  Accordingly, Universal respectfully requests reasonable costs, expenses, and attorneys' fees to be awarded following a Motion to Set Fees and Costs.

## Conclusion

Good cause exists for vacating and setting aside the preliminary default judgment entered against Universal on February 24, 2012.  As all parties have acknowledged, the plaintiffs simply sued the wrong defendant.  Failure to remove Universal from the lawsuit prior to the entry of preliminary default rests squarely with opposing counsel.  Opposing counsel's conduct, moreover, unreasonably and vexatiously multiplied the proceedings in this case and resulted in excessive costs and fees to Universal.  For all the foregoing reasons, Universal requests that the preliminary default judgment against it be vacated and set aside.  In addition, Universal requests that the Court award appropriate costs, expenses, and fees pursuant to 28 U.S.C. § 1927.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**


By: _s/Steven F. Griffith, Jr._
STEVEN F. GRIFFITH, JR. (27232)
LAURA E. CARLISLE (33760)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
TELEPHONE:  (504) 566-5200
FACSIMILE:  (504) 636-4000
sgriffith@bakerdonelson.com
lcarlisle@bakerdonelson.com

**ATTORNEYS FOR UNIVERSAL
CONSTRUCTION COMPANY, INC.**

13

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March, 2012, the above and foregoing Memorandum in Support of Motion to Vacate and Set Aside Preliminary Default Judgment and Request for Sanctions Pursuant to 28 U.S.C. § 1927 has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

                                                    *s/Steven F. Griffith, Jr.*
                                                 STEVEN F. GRIFFITH, JR.