UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION "L" |
| *THIS DOCUMENT PERTAINS TO*: | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| **RUSS M. HERMAN AND ARNOLD LEVIN** | |
| Plaintiffs, | Case No. 2:12-00497 |
| **VERSUS** | |
| **CATAPHORA, INC. AND ROGER CHADDERDON** | |
| Defendants. | |

**CATAPHORA, INC. AND ROGER CHADDERDON'S
MEMORANDUM IN SUPPORT OF MOTION TO DE-CONSOLIDATE ABOVE
ACTION FROM CHINESE DRYWALL MDL AND TRANSFER**

**NOW INTO COURT**, through the undersigned counsel, comes defendants, Cataphora, Inc. and Roger Chadderdon (hereinafter, collectively, "Cataphora") who respectfully submit this memorandum in support of their Motion to De-Consolidate the above referenced action with the Chinese Drywall Multi-District Litigation, MDL No. 2047. The claims presented in this action for defamation and interference with prospective advantage arise out of a breach of contract claim, previously litigated in California.

The issues presented in this case do not arise out of the same common questions of fact as the Chinese drywall suits consolidated before this Honorable Court. The drywall cases all share common factual questions concerning the drywall manufactured in China, imported to and

distributed in the United States, and its impact in the houses it was used in. This action has absolutely nothing to do with any alleged damage caused by the Chinese drywall itself.

This crux of this matter centers around the damages caused by the allegedly defamatory statements made by Cataphora employee, Roger Chadderdon, after the plaintiffs herein lost a breach of contract suit brought in California. This it is not a related action, nor is it a "tag along" matter. As such, for the reasons briefly set forth above and explained in depth below, Cataphora respectfully requests that this matter be De-Consolidated from MDL 2047 as it is not a related action and transferred back to the original assigned judge, Judge Engelhardt.

I.      **Factual Background**

As this Court is likely aware, this case arises out of a breach of contract suit filed by defendant herein, Cataphora, Inc., against various members of the Plaintiffs' Steering Committee of MDL 2047, including Russ Herman and Arnold Levin.[1] Cataphora entered into a contract with the PSC to provide litigation support and document retrieval services. The contract was executed by all parties in October 2009. The contract contained provisions that the PSC alleges it found objectionable after execution of the contract. These provisions and the enforceability of the contract were the subject of extensive litigation in the United States District Court for the Northern District of California. The jury in that case found in Cataphora's favor and that Court entered judgment

---

[1] Because the substantive issues of the breach of contract action are not at issue in *this* suit and are being litigated in the United States Court of Appeals for the 9th Circuit and/or the United States District Court for the Northern District of California, only the most salient facts are provided herein. If the Court wishes a more detailed factual background, Cataphora would happily provide one.

against the Plaintiffs' herein in September 2011.[2]  It also awarded attorneys' fees and interest to Cataphora in January 2012.  The defendants in the California suit, including the Plaintiffs herein, are in the process of appealing both judgments to the United States Court of Appeals for the Ninth Circuit.

Following the entry of Judgment in September 2011 against the plaintiffs herein, certain statements were made by parties to the California lawsuit in response to a reporter for a legal interest/law community "blog" published to the internet.  This blog is known as "Above the Law."  The Plaintiffs allege that the statements made by defendant herein, Roger Chadderdon, technology counsel to Cataphora, were defamatory and made with malicious intent.[3]  Further, Plaintiffs herein allege that as a result of the allegedly defamatory statements made by Chadderdon and/or Cataphora, they have encountered difficulty settling with major defendants in MDL 2047 and thus, have had interference with their "reasonable expectation of economic advantage or benefit."[4]

---

[2] *See,* Amended Complaint, ECF R. Doc. 6 at ¶20.

[3] *See, Id.* at ¶¶24-27.

[4] *See, Id.* at ¶¶53-56.  As this Court knows, in addition to the Knauf settlement mentioned by the plaintiffs in the Amended Complaint, the PSC, with Herman and Levin at the helm, have been able to settle with at least two of the major U.S. drywall distributors (INEX and Banner).  The PSC is in the process of working through the details of a settlement with distributor L&W.  The PSC has already reached settlement with various Homebuilder defendants who have remediated plaintiff properties. The possibility of a global settlement with the remaining installer and homebuilder defendants, as well as their insurers, is currently being explored through the Office of the Court Appointed Mediator.  The inability of the plaintiffs herein to settle with the other major Chinese drywall manufacturer, Taishan, is as a result of personal jurisdiction challenges and a refusal by the Taishan defendants to discuss settlement.  The lack of settlement with Taishan is not a result of any alleged defamatory statements.

The instant suit was filed in February 2012 by Russ Herman and Arnold Levin. It was originally assigned to the Honorable Kurt D. Engelhardt, District Court Judge for Section N. Judge Engelhardt entered an Order of Transfer on March 1, 2012 transferring the case to this Honorable Court. In doing so, Judge Engelhardt stated that "the subject matter of the above-captioned matter is related to that of MDL 2047, *In re: Chinese-Manufactured Drywall Products Liability Litigation*..."[5]

It is understandable that Judge Engelhardt would, at first glance, have thought that this action was related to and arose out of similar facts as the Chinese drywall MDL. However, that is simply not the case. As discussed below, the factual and legal issues that form the crux of this case (the "Cataphora Defamation" case) are not related to the issues currently being litigated in MDL 2047. The Cataphora Defamation case is not a related case and does not arise out of the manufacture and distribution of Chinese drywall. Rather, this case arises out of allegedly defamatory statements made after separate breach of contract litigation in another district court, in another state. The breach of contract suit was not transferred to the MDL because it was not a related action; to find that the Cataphora Defamation case is a related action would be even more problematic as it is one more step removed from the drywall litigation in MDL 2047. Accordingly, this action should be de-consolidated from the MDL and transferred back to Judge Engelhardt, where it was originally assigned.

---

[5] *See,* Order of Transfer, ECF R. Doc. 7.

**II.     Law and Argument**

    **A.     This Matter is Not a Related Action**

The claims presented in this suit, the Cataphora Defamation suit, are as a result of defamation and interference with prospective advantage and do not arise out of a common question of fact as the Chinese drywall litigation in MDL 2047. The claims herein have nothing to do with any damage sustained as a result of the installation of Chinese manufactured drywall and the resultant damage from the same.

The Judicial Panel on Multidistrict Litigation has regularly denied transfer requests to MDL 2047 for insurance coverage actions finding that those actions, which arise out of obligations to entities who supplied and installed the defective drywall, were not sufficiently related to warrant transfer to this Honorable Court and consolidation with the MDL. If the drywall coverage actions were not sufficiently related to MDL 2047, there is simply no way that this action for defamation and interference with prospective advantage, is a related, "tag-along" action that would warrant the transfer to this Honorable Court.

Furthermore, the Judicial Panel on Multidistrict Litigation denied the Plaintiffs' requests to transfer the underlying breach of contract action with Cataphora to the MDL since it was not a related action.

Congress has authorized the centralization of "civil actions involving one or more common questions of fact...for coordinated or consolidated pretrial proceedings," when the centralization will be "for the convenience of parties and witnesses and will promote the just efficient conduct of such actions." 28 U.S.C. §1407(a). Pursuant to the Rules of Procedure promulgated by the Judicial Panel

on Multidistrict Litigation, an action filed in another court may be identified as a "tag-along" action which would warrant transfer to an existing MDL. "Tag-along" actions can be identified because they "involv[e] common questions of fact with actions previously transferred under Section 1407." Rules of JPML Procedure 1.1. The United States Judicial Panel on Multidistrict Litigation ("The Panel") consistently denies the transfer of cases to existing MDLs when they do not involve common questions of fact, as it did with the underlying Cataphora contract . *See, e.g., In re Not For Profit Hospitals/Uninsured Patient's Litigation,* 341 F. Supp. 2d 1354, 1356 (J.P.M.L., 2004) ("Notwithstanding the numerosity of actions, movants have failed to persuade us that these actions share sufficient common questions of fact to warrant Section 1407 transfer"). *See also,* The Panel's Orders denying transfer of insurance coverage actions arising out of the Chinese drywall litigation, discussed *infra* and attached as Exhibits 1-5 hereto.

The Panel issued a Transfer Order on June 15, 2009 which transferred ten (10) drywall cases to what would become MDL 2047, to this Honorable Court. In doing so, the Panel held that all ten (10) cases shared:

> factual questions concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses; plaintiffs in all actions allege that the drywall emits smelly, corrosive gases. Centralization under Section 1407 will eliminate duplicative discovery...prevent inconsistent pretrial rulings, especially with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary....[6]

---

[6] *See,* Transfer Order, attached hereto as Exhibit 1 at p. 2.

In doing so, the Panel recognized that the plaintiffs in the majority of the actions consolidated in MDL 2047 "are individuals who seek relief related to property damage or personal injuries arising from drywall manufactured in China and installed in their homes."[7]

### 1. Drywall Insurance Coverage Actions Were Not Deemed Transferable Because There Was Little Or No Discovery Common to the MDL

As a result of the litigation in MDL 2047, many insurance companies filed actions across the country to determine their respective obligations to their insureds ("coverage actions"). Despite Motions to Transfer filed by various plaintiffs and the PSC of MDL 2047, the Panel has consistently denied the transfer of coverage actions to MDL 2047.[8] When the PSC sought to transfer approximately 23 coverage actions to MDL 2047, the Panel denied the transfer finding that the fact that the coverage actions would involve little or no discovery common to the MDL which was the "most important consideration in the Panel's decision to deny transfer...."[9] The Panel recognized that while the loose factual background of the actions may be similar, the fact that they did not involve common legal questions or discovery made the transfer unwarranted.[10] Further, the Panel has also vacated prior transfer orders that sought to consolidate coverage actions with MDL 2047 finding that

---

[7] *See,* Order Denying Transfer as to *Builders Mutual Insurance Company v. Dragas Management Corp.,* dated February 5, 2010, attached hereto as Exhibit 2.

[8] A few declaratory judgment actions were transferred to the MDL due to the existence of a similar or identical suit already in the MDL, based on the "first filed rule."

[9] *See,* Order Denying Transfer dated June 15, 2010 attached hereto as Exhibit 3.

[10] *See e.g.,* Order Denying Transfer dated August 9, 2010 Transfer Order, attached hereto as Exhibit 4.

the coverage action "raises distinctly different factual and legal questions from the core allegations at issue in MDL 2047..."[11]

### 2. The Underlying Breach of Contract Case Was Not Deemed To Involve Common Questions of Fact to Justify Inclusion Into the MDL

Furthermore, the plaintiffs in the underlying breach of contract case which include plaintiffs herein, Russ Herman and Arnold Levin, sought to have the breach of contract case transferred from the Northern District of California to the Chinese drywall MDL. In denying the transfer the Panel stated as follows:

> The *Cataphora* action before the Panel involves an alleged breach of contract between members of the plaintiffs' steering committee and Cataphora. Section 1407 authorizes the Panel to transfer actions involving one or more common questions of fact. <u>Given that the *Cataphora* action involves contract claims relating to the performance of litigation services and does not concern products liability claims related to any alleged defectiveness in drywall, the Panel is not persuaded that the *Cataphora* action shares factual questions with the actions previously centralized in MDL No. 2047</u>. Accordingly, we are not convinced that inclusion of this action in MDL No. 2047 is warranted.[12]

(Emphasis added).

### 3. The Defamation Cause of Action Does Not Have Common Factual Questions to Justify Inclusion in the MDL

It is clear that if the drywall coverage actions and the underlying breach of contract case were not sufficiently related to the drywall products liability MDL to justify transfer thereto, this

---

[11] *See,* Order Vacating Conditional Transfer Order, as to *General Fidelity Insurance Co. v. Katherine L. Foster, et al,* dated December 2, 2009, attached hereto as Exhibit 5.

[12] *See,* Order Denying Transfer as to *Cataphora, Inc. v. Jerrold Seth Parker, et al,* attached hereto as Exhibit 6.

case, a case of defamation arising out of comments allegedly made to a blog reporter as a result of a breach of contract case involving litigation management, is not sufficiently related either. This lawsuit involves fact questions and legal issues simply not at issue in MDL 2047. Neither the underlying breach of contract claim, as made clear by the Panel's decision, nor the current suit, involve any claims of damages as a result of personal injury or property damage from the installation of Chinese manufactured drywall. The factual basis of this suit, the Cataphora Defamation suit, arises from the breach of contract action, the alleged defamatory statements and the resultant harm.[13] Moreover, this litigation will have very little, if any, common discovery with MDL 2047. This was identified as the Panel's most important consideration for the transfer of related or tag-along actions to the MDL. Thus, it is clear that since this case does not involve common questions of fact, common questions of law, nor common discovery, it should not have been transferred to this Honorable Court. It is not a related action and as such, should be transferred back to the original, randomly assigned judge in accordance with normal case distribution procedures.

>    **B.**    **The Transfer of This Case Will Not Further the Purpose Behind the Formation of MDLs**

The purpose of the centralization accomplished by MDLs is to avoid duplicative discovery, prevent inconsistent pretrial rulings, to preserve judicial resources, and, for the convenience of the parties. Specifically, §1407(a) calls for the formation of an MDL when the centralization of the

---

[13] From a common sense standpoint, if transfer of this case was warranted, the most logical place to transfer it to would be to the Northern District of California, which is where the underlying breach of contract action was filed and litigated.

related cases will be "for the convenience of parties and witnesses and will promote the just efficient conduct of such actions." These purposes will not be accomplished through the consolidation of <u>this</u> case with MDL 2047.

As stated above, there will be no shared discovery. The defamation action has nothing in common with drywall products liability litigation. Any rulings issued in this case will not contradict pretrial rulings in MDL 2047 since this case arises out of entirely different factual and legal basis. Furthermore, since the discovery and pretrial proceedings in this case cannot be consolidated with that of MDL 2047, it does not promote judicial economy. Thus, the stated purpose behind the formation of an MDL and the consolidation of related cases is not accomplished through the transfer of this case. Accordingly, this case should be de-consolidated from the MDL and transferred back to the original judge, assigned at random, Judge Engelhardt.

### C.    This is Not a Collateral Action Pursuant to Local Rule 3.1E

Local District Court Rule 3.1 E allows for the transfer of "collateral" proceedings to the Section or Division in which a related case is currently pending. Specifically, Local Rule 3.1 states that when a civil matter is filed that "involves subject matter that either comprises all or a material part of the subject matter or operative facts of another action" currently pending before the court, counsel has an obligation to bring that to the court's attention. Local 3.1E states that such an action should be transferred to the section with the lowest docketed related case "[i]n order to promote judicial economy and conserve judicial resources, and to avoid the potential for forum shopping and conflicting court rulings..."

It is clear that this action does not involve a similar, or even substantially similar subject matter as the Chinese drywall MDL. They do not share a common basis of operative facts, nor are any of the same parties involved in the MDL litigation.[14] Although cases need not be identical to warrant transfer pursuant to Local Rule 3.1E, they should have at least *some* overlap in terms of parties, issues or facts. For example, in *Buck v. Deutsche Bank,* transfer pursuant to Local Rule 3.1E was appropriate because "[b]oth the plaintiff and the defendant in that suit were parties to the previous suit, and this action arises out of the same factual scenario that gave rise to the earlier one." 2009 WL 3199184 (E.D. La, 2009)(Vance, J.). Similarly, in *Shadow Lake,* 3.1E transfer was warranted where [t]he Court determined that these matters should be consolidated in accordance with Local Rule 3.1.1. E, because they shared many parties, issues and facts. Specifically the Court is concerned with the potential for inconsistent rulings on matters that are central to all of these similar cases." *Shadow Lake Management Co., Inc. v. Landmark American Insurance Company,* 2007 WL 203971 (E.D. La., 2007)(Berrigan, J.). Here, because there is no overlap in terms of parties, issues or facts, there is simply no risk of inconsistent rulings on any issues. It is clear from the jurisprudence applying Local Rule 3.1 E that transfer of Cataphora Defamation case to this Honorable Court was not warranted. Accordingly, this case should be re-transferred back to Judge Engelhardt, where it was originally assigned through the random allocation process.

### III.   Conclusion

The claims presented in this action are for defamation and interference with prospective

---

[14] The plaintiffs herein are members of the PSC and hold positions of leadership therein. However, they are not plaintiffs in the Chinese drywall MDL litigation.

advantage arise out of a breach of contract claim, previously litigated in California. The legal and factual issues presented in this action do not arise out of the same common questions of fact as the Chinese drywall suits consolidated before this Honorable Court. The crux of this matter centers around the alleged defamatory statements made by a Cataphora employee and the alleged damages caused by the same. This it is not a related action, nor is it a "tag along" matter, nor is it a "collateral action." Accordingly, this matter should not have been transferred before this Honorable Court. As such, for the reasons briefly set forth above, Cataphora respectfully requests that this matter be De-Consolidated from MDL 2047 as it is not a related action and transferred back to the original assigned judge, Judge Engelhardt.

**Respectfully submitted**:

/s/ *Nancy J. Marshall*
NANCY J. MARSHALL (#8955)
MELISSA M. SWABACKER (#32710)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Facsimile:   (504) 566-1201
nmarshall@dkslaw.com
mswabacker@dkslaw.com
Attorneys for Cataphora, Inc. and
Roger Chadderdon

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been forwarded to all counsel of record via the Court's electronic filing system on this March 27, 2012.

*/s/ Nancy J. Marshall*