A CERTIFIED TRUE COPY
ATTEST
By Darion Payne on Jun 15, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JUN 15  PM 4: 55

LORETTA G. WHYTE
CLERK

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 15, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL No. 2047

### TRANSFER ORDER

**Before the entire Panel:** Plaintiffs in two Southern District of Florida actions move, respectively, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of certain actions listed on Schedule A in the Southern District of Florida. The two motions collectively encompass ten actions, four actions in the Southern District of Florida, three actions in the Middle District of Florida and one action each in the Northern District of Florida, Eastern District of Louisiana, and Southern District of Ohio.[1]

Taylor Morrison Services, Inc., a defendant in a Middle District of Florida action (*Culliton*), initially opposed the motion and supported centralization in the Middle District of Florida in the alternative; at oral argument this defendant appeared to fully support centralization in the Middle District of Florida. Venture Supply, Inc., and Porter-Blaine Corp., two defendants in the related action in the Eastern District of Virginia, oppose inclusion of that action, which is not embraced by either motion, in any multidistrict proceedings at this time and ask that any transfer of the action be considered at a later date.

Plaintiff in the Southern District of Ohio action supports centralization but suggests the Southern District of Ohio as the transferee district. Plaintiffs in a related action in the Southern District of Alabama initially suggested centralization in that district, but at oral argument these plaintiffs seemed to support centralization in the Middle District of Florida or the Eastern District of Louisiana. All other responding parties support centralization in the Middle District of Florida, the Southern District of Florida or the Eastern District of Louisiana.

On the basis of the papers filed and hearing session held, we find that these ten actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient

---

[1] The parties have notified the Panel of 67 related actions pending in numerous federal districts. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

EXHIBIT
1

-2-

conduct of this litigation. All actions share factual questions concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses; plaintiffs in all actions allege that the drywall emits smelly, corrosive gases. Centralization under Section 1407 will eliminate duplicative discovery, including any discovery on international parties; prevent inconsistent pretrial rulings, particularly those with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary. Also, we concur with the request of the defendants in the Eastern District of Virginia related action to consider transfer of that action in the normal course.

No district is a clear focal point of this litigation. The common manufacturing defendant and its affiliates are foreign entities without a major presence in any of the suggested transferee districts. Most actions also name local entities, such as builders and suppliers, as defendants. All of the suggested districts, particularly those in the southeastern region, have a nexus to the litigation through allegedly affected houses built with the drywall at issue. On balance, we are persuaded that the Eastern District of Louisiana is a preferable transferee forum for this litigation. Centralization in this district permits the Panel to effect the Section 1407 assignment to a judge who has extensive experience in multidistrict litigation as well as the ability and temperament to steer this complex litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz     Robert L. Miller, Jr.
Kathryn H. Vratil     David R. Hansen
W. Royal Furgeson, Jr.     Frank C. Damrell, Jr.

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION  MDL No. 2047

## SCHEDULE A

EDLA
SEC.L/3

### Middle District of Florida

| | |
|---|---|
| Shane M. Allen, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 2:09-54 | 09-4112 |
| Duane Ankney v. Knauf Gips KG, et al., C.A. No. 2:09-166 | 09-4113 |
| Kristin Morgan Culliton v. Taylor Morrison Services, Inc., et al., C.A. No. 8:09-589 | 09-4114 |

### Northern District of Florida

| | |
|---|---|
| The Mitchell Co., Inc. v. Knauf Gips KG, et al., C.A. No. 3:09-89 | 09-4115 |

### Southern District of Florida

| | |
|---|---|
| Lawrence Riesz, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 0:09-60371 | 09-4116 |
| Karin Vickers, et al. v. Knauf Gips KG, et al., C.A. No. 1:09-20510 | 09-4117 |
| Lorena Garcia, et al. v. Lennar Corp., et al., C.A. No. 1:09-20739 | 09-4118 |
| Janet Morris-Chin, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 1:09-20796 | 09-4119 |

### Eastern District of Louisiana

Jill M. Donaldson, et al. v. Knauf Gips KG, et al., C.A. No. 2:09-2981

### Southern District of Ohio

| | |
|---|---|
| Steven Minafri v. M/I Homes, Inc., et al., C.A. No. 2:09-167 | 09-4120 |

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 05, 2010

FILED
CLERK'S OFFICE

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION
Builders Mutual Insurance Co. v. Dragas Management Corp., et al.,
E.D. Virginia, C.A. No. 2:09-185

MDL No. 2047

## ORDER DENYING TRANSFER

**Before the entire Panel**[*]: Plaintiffs' liaison counsel in MDL No. 2047 moves, pursuant to 28 U.S.C. § 1407 (c), to transfer this Eastern District of Virginia action to the Eastern District of Louisiana for inclusion in MDL No. 2047. The National Association of Home Builders responded in support of the motion. Plaintiff Builders Mutual Insurance Co., defendant Firemen's Insurance Company of Washington, D.C., and third-party defendants Hanover Insurance Co. and Citizens Insurance Company of America oppose the motion to transfer.

After considering all argument of counsel, we will deny the motion to transfer. This action does not share sufficient questions of fact with previously centralized actions to warrant inclusion in MDL No. 2047. Plaintiffs in the majority of the actions in MDL No. 2047 are individuals who seek relief related to property damage or personal injuries arising from drywall manufactured in China and installed in their homes. The plaintiff insurance company in the declaratory judgment action before the Panel seeks to determine its rights and obligations under a commercial general liability policy in advance of any underlying litigation filed against its insured. Resolution of this action will require interpretation and construction of multiple contracts of insurance issued by different insurance carriers. While MDL No. 2047 encompasses some insurance issues already, given that this declaratory judgment action is not related to any action pending in MDL No. 2047, transfer would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407(a).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. § 1407 is denied.

---

[*] Judge Hansen took no part in the decision of this matter.


EXHIBIT 2

-2-

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

John G. Heyburn II
Chairman

Robert L. Miller, Jr.         Kathryn H. Vratil
David R. Hansen*          W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.      David G. Trager

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 15, 2010

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION                    MDL No. 2047

ORDER DENYING TRANSFER

**Before the entire Panel**: Before the Panel are three motions for transfer brought, respectively, pursuant to 28 U.S.C. § 1407(c), for transfer of the three declaratory judgment actions listed on Schedule A. In all three cases, entities with potential liability exposure in IN RE: Chinese-Manufactured Drywall Products Liability Litigation seek to move their insurance coverage litigation to MDL No. 2047 apparently in an effort to more directly coordinate that litigation with the underlying MDL liability proceedings.

Plaintiff Taylor Woodrow Communities at Vasari, LLC, moves for transfer of a Middle District of Florida action (*Taylor Woodrow Communities at Vasari, LLC*). Banner Supply Co. and its related entities[1] move for transfer of a Southern District of Florida action (*Chartis Specialty Insurance Co.*) in which they are named as defendants. The plaintiffs' steering committee in MDL No. 2047 has responded in support of transfer of this action.[2] Similarly, NorthStar Holdings, Inc., NorthStar Homes, Inc., and Northstar Holdings at B&A, LLC, move for transfer of a Southern District of Florida action (*General Fidelity Insurance Co*). The National Association of Home Builders supports transfer of this action. In every instance, the insurance companies on the other side of the litigation oppose the transfer. Also, thirteen insurance companies[3] ask the Panel to preclude

---

[1] Banner Supply Co., Inc.; Banner Supply Company Fort Myers, L.L.C.; Banner Supply Company Tampa, L.L.C.; Banner Supply Company Pompano, L.L.C.; Banner Supply Company Port St. Lucie, L.L.C.; and Banner International, L.L.C.

[2] The plaintiffs' steering committee has also notified the Panel of the pendency of numerous other insurance coverage actions arising from allegedly defective Chinese drywall.

[3] Chartis Specialty Insurance Company, Illinois National Insurance Company, National Union Fire Insurance Company of Pittsburgh PA, American Home Assurance Company, Granite State Insurance Company, Mid-Continent Casualty Company, Liberty Mutual Insurance Company, Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property & Casualty Insurance Company, ACE American Insurance Company, Westchester Fire Insurance Company and Builders Mutual Insurance Company.

EXHIBIT 3

- 2 -

transfer to MDL No. 2047 of these and any other declaratory judgment actions arising from insurance coverage.

These motions present interesting questions about the scope and role of Section 1407 centralization. That governing statute focuses on convenience for the involved parties and witnesses as well as judicial efficiencies in cases with common questions of fact. Though we have decided not to transfer the cases at issue in these motions, centralization of insurance litigation with the underlying claims will always depend on the particular facts and circumstances of the litigation.

These cases do have a common factual backdrop involving the general circumstances of imported Chinese drywall and the damage it is alleged to have caused. However, the cases seem to present strictly legal questions which require little or no centralized discovery. Different circumstances could create a stronger case for transfer. Where insurance coverage actions require and rely on the same factual discovery as the underlying tort actions, transfer may be warranted.[4] That does not appear to be true here. This is probably the most important consideration in the Panel's decision to deny transfer of these cases.

The declaratory judgment actions do appear to implicate similar legal issues. Consistent legal rulings are often a thankful by-product of centralization, but Section 1407 does not, as a general rule, empower the Panel to transfer cases solely due to the similarity of legal issues. Each of the insurance coverage questions in these cases is likely to be decided by an application of the complaint to the policy language under the applicable state law. Significantly, the insurance companies that might benefit the most from the efficiencies of centralization, all oppose these motions. The similarity of legal issues alone is not enough to justify transfer in these circumstances.

Transfer of these insurance actions could also provide the transferee court with greater leverage within the inevitable settlement discussions. As with consistent legal rulings, settlement of multidistrict litigation is a sometime by-product, not a statutory rationale, for transfer under Section 1407. Settlement of the underlying products liability claims can proceed quite well without transfer of the insurance actions. The parties can engage in settlement discussions regardless of the pendency of the declaratory judgment actions in other courts.

For all of these reasons, the Panel concludes that inclusion of these actions in MDL No. 2047 would not achieve sufficient conveniences or other benefits to justify transfer under 28 U.S.C. § 1407.

IT IS THEREFORE ORDERED that the motions, pursuant to 28 U.S.C. § 1407(c), for transfer of these actions are denied.

---

[4] *See, e.g., IN RE: Helicopter Crash Near Weaverville, California, on August 5, 2008*, 626 F.Supp.2d 1355 (J.P.M.L. 2009) (finding all actions, including declaratory judgment action involving insurance coverage, will involve factual questions related to the same contract between the U.S. Forest Service and a defendant).

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Aug 09, 2010

FILED
CLERK'S OFFICE

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION
    Amerisure Insurance Co., et al. v. Albanese Popkin
        The Oaks Development Group, LP, et al.,
    S.D. Florida, C.A. No. 9:09-81213

MDL No. 2047

ORDER DENYING TRANSFER

**Before the entire Panel**: Before the Panel are motions brought, pursuant to 28 U.S.C. § 1407(c), for transfer of this Southern District of Florida action to the Eastern District of Louisiana. Defendant Albanese Popkin The Oaks Development Group, LP, and the defendant homeowners each seek to transfer this insurance coverage litigation to MDL No. 2047 – IN RE: Chinese-Manufactured Drywall Products Liability Litigation, apparently in an effort to more directly coordinate this declaratory judgment action with the underlying products liability proceedings in the MDL.

Section 1407 focuses on convenience for the involved parties and witnesses as well as judicial efficiencies in cases with common questions of fact. Centralization of insurance litigation with the underlying claims will always depend on the particular facts and circumstances of the litigation. Here, we have decided not to transfer the case at issue in these motions.

This case has a common factual backdrop involving the general circumstances of imported Chinese drywall and the damage it is alleged to have caused; however, the case appears to present strictly legal questions that require little or no centralized discovery. Different circumstances could create a stronger case for transfer. Where insurance coverage actions require and rely on the same factual discovery as the underlying tort actions, transfer may be warranted. That does not appear to be true here and is an important consideration in the Panel's decision to deny transfer of this case.

The declaratory judgment actions related to the use of Chinese-manufactured drywall may implicate similar legal issues, but while consistent legal rulings are often a thankful by-product of centralization, Section 1407 does not, as a general rule, empower the Panel to transfer cases solely due to the similarity of legal issues. The insurance coverage questions in this case are likely to be decided by an application of the complaint to the policy language under the applicable state law, and the insurance companies that might benefit the most from the efficiencies of centralization oppose these motions. In these circumstances, the similarity of legal issues alone is not enough to justify transfer.


EXHIBIT 4

- 2 -

Transfer of this insurance action and other similar actions could also provide the transferee court with greater leverage within the inevitable settlement discussions. As with consistent legal rulings, settlement of multidistrict litigation is a sometime by-product, not a statutory rationale, for transfer under Section 1407. Settlement of the underlying products liability claims can proceed, and the parties can engage in settlement discussions regardless of the pendency of this declaratory judgment action in another court.

For all of these reasons, the Panel concludes that inclusion of this action in MDL No. 2047 would not achieve sufficient conveniences or other benefits to justify transfer under 28 U.S.C. § 1407.

IT IS THEREFORE ORDERED that the motions, pursuant to 28 U.S.C. § 1407(c), for transfer of this action are denied.

PANEL ON MULTIDISTRICT LITIGATION

*John G. Heyburn II*

John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen                W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.          Barbara S. Jones

**IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2047

## SCHEDULE A

<u>Middle District of Florida</u>

Taylor Woodrow Communities at Vasari, LLC v. Mid-Continent Casualty Co., C.A. No. 2:09-823
Chartis Specialty Insurance Co., et al. v. Banner Supply Co., et al., C.A. No. 8:10-339

<u>Southern District of Florida</u>

General Fidelity Insurance Co. v. Katherine L. Foster, et al., C.A. No. 9:09-80743

## MDL-2047

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**Dec 02, 2009**

FILED
CLERK'S OFFICE

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION
General Fidelity Insurance Co. v. Katherine L. Foster, et al., )
S.D. Florida, C.A. No. 9:09-80743 ) MDL No. 2047

### ORDER VACATING CONDITIONAL TRANSFER ORDER

Before the entire Panel[*]: Plaintiff in this Southern District of Florida action moves, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the action to the Eastern District of Louisiana for inclusion in MDL No. 2047. The individual defendant in the action and the plaintiffs' liaison counsel in MDL No. 2047 oppose the motion to vacate.

After considering all argument of counsel, we will grant the motion to vacate. This action does not share sufficient questions of fact with previously centralized actions to warrant inclusion in MDL No. 2047. Plaintiffs in the majority of the actions in MDL No. 2047 are individuals who seek relief related to property damage or personal injuries arising from drywall manufactured in China and installed in their homes. The plaintiff insurance company in the declaratory judgment action before the Panel seeks to determine its rights and obligations under a commercial general liability policy. Accordingly, this action raises distinctly different factual and legal questions from the core allegations at issue in MDL No. 2047, and transfer would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407(a).

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-6" is vacated insofar as it relates to this action.

Pleading No. 150

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*
John G. Heyburn II
Chairman

Robert L. Miller, Jr.       Kathryn H. Vratil
David R. Hansen             W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.       David G. Trager[*]

---

[*] Judge Trager took no part in the decision of this matter.

## OFFICIAL FILE COPY

IMAGED DEC 02 2009

EXHIBIT
5

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION
    Cataphora, Inc. v. Jerrold Seth Parker, et al., N.D. California, )
        C.A. No. 3:09-5749                                 )        MDL No. 2047

ORDER DENYING TRANSFER

**Before the entire Panel**[*]: Members of the plaintiffs' steering committee in MDL No. 2047[1] move, pursuant to 28 U.S.C. § 1407(c), for transfer of a Northern District of California action (*Cataphora*), in which they are named as defendants, to the Eastern District of Louisiana for inclusion in MDL No. 2047. Plaintiff Cataphora, Inc. (Cataphora) opposes the motion for transfer.

After reviewing the argument of counsel, we find that Section 1407 transfer of this action to the Eastern District of Louisiana would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. The individual plaintiffs in MDL No. 2047 allege that drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses, emits smelly, corrosive gases. These plaintiffs primarily bring claims against entities that manufactured, distributed, sold or installed the allegedly defective drywall or otherwise were involved in the construction of homes with the drywall.

The *Cataphora* action before the Panel involves an alleged breach of contract between the members of the plaintiffs' steering committee and Cataphora. Section 1407 authorizes the Panel to transfer actions involving one or more common questions of fact.[2] Given that the *Cataphora* action involves contract claims relating to the performance of litigation services and does not concern products liability claims related to any alleged defectiveness in drywall, the Panel is not persuaded that the *Cataphora* action shares factual questions with the actions previously centralized in MDL

---

[*]    Judge Damrell took no part in the decision of this matter.

[1]    Dawn M. Barrios, Daniel E. Becnel, Jr., Victor Manuel Diaz, Ervin Amanda Gonzalez, Ben Gordon, Russ M. Herman, Hugh P. Lambert, Arnold Levine, Gerald E. Meunier, Jerrold Seth Parker, James Robert Reeves, Christopher Seeger, Bruce William Steckler and Scott Weinstein.

[2]    "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a).



- 2 -

No. 2047. Accordingly, we are not convinced that inclusion of this action in MDL No. 2047 is warranted.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407(c), for transfer of this action is denied.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Robert L. Miller, Jr.  Kathryn H. Vratil
David R. Hansen  W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.*  Barbara S. Jones