**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L** |
| **THIS DOCUMENT RELATES TO:**<br>**ALL CASES AND**<br><br>*Payton, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 09-cv-07628 (E.D. La.)**<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:09-cv-06690 (E.D. La.)**<br><br>*Rogers, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:10-cv-00362 (E.D. La.)**<br><br>*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 2:11-00252 (E.D. La.)**<br><br>*Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 11-cv-1363 (E.D. La.)**<br><br>*Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 11-cv-2349 (E.D. La.)**<br><br>*Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**Case No. 11-cv-3023 (E.D. La.)**<br><br>*Vickers, et al. v. Knauf Gips, KG, et al.*<br>**Case No. 2:09-cv-04117 (E.D. La.)** | **JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

**NOTICE OF PENDENCY AND PROPOSED**
**SETTLEMENT OF L&W CLASS ACTION**

TO THE CONDITIONAL L&W CLASS, CONSISTING OF:

> All persons or entities who are Participating Class Members in the Knauf Class Settlement and who (a) as of December 9, 2011, is a named plaintiff in the Litigation (*i.e.*, not an absent class member) asserting claims arising from, or otherwise related to L&W Supplied KPT Chinese Drywall, whether or not L&W and/or USG are named parties to the

lawsuit, and (b) own Affected Property.

"L&W" refers to L&W Supply Corporation.  L&W has also done business as Seacoast Supply Company.  "USG" refers to USG Corporation.

For purposes of the L&W Settlement, "L&W Supplied KPT Chinese Drywall" is defined as:

> Any and all drywall purchased from, or distributed, supplied, sold, and/or delivered by USG and/or L&W, that was manufactured by KPT and is alleged to be defective.

L&W Supplied KPT Chinese Drywall does not include drywall that was manufactured, sold, marketed, distributed and/or supplied by any Knauf Defendant other than Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT").  The "Knauf Defendants" are defined as all Knauf entities, including KPT, Knauf Gips KG, Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., Gebrueder Knauf Verwaltungsgesellschaft, KG, and P.T. Knauf Gypsum Indonesia.

L&W Supplied KPT Chinese Drywall bears the marking "TIANJIN CHINA."  Plaintiffs with drywall bearing the lower-case "TianJin China" marking will be eligible for Settlement benefits only on certain conditions specified in the interrelated Knauf Class Settlement.  The Knauf Class Settlement was preliminarily approved by the Court on January 10, 2012, and is posted on the Court's website at: http://www.laed.uscourts.gov/drywall/Settlements/12-21-11.kpt.global.settlement.pdf.

The L&W Class includes Multiple Unit Property Governing Bodies to the extent that any unit(s) of a Multiple Unit Property is the subject of a filed lawsuit in the Litigation.

The L&W Class does not include any person or entity who, as of December 9, 2011, has settled claims against L&W and/or USG under the Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall (the "Pilot Program") or under any other settlement with L&W and/or USG (including claims assigned by L&W Class Members that were later settled by the assignee).

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY:  YOU MAY BE ENTITLED TO RECEIVE BENEFITS PURSUANT TO THE PROPOSED L&W SETTLEMENT DESCRIBED HEREIN IF YOU ARE A MEMBER OF THE CONDITIONAL L&W CLASS.**

THIS IS A SUMMARY OF THE L&W SETTLEMENT.  THE FULL SETTLEMENT AGREEMENT MAY BE OBTAINED FROM THE COURT'S WEBSITE AT http://www.laed.uscourts.gov/drywall/Settlements.htm.

The purpose of this Notice is to inform you that:  (a) an L&W Class of which you may be a member has been conditionally certified for consideration of a proposed settlement with L&W, USG, and the Knauf Defendants; (b) a Class Action Settlement Agreement Regarding KPT Drywall Claims Against USG and L&W in MDL No. 2047 (the "L&W Settlement"), which provides a Cash Payment towards Remediation Fund Benefits to Participating L&W Class Members and dismissal of the above-captioned actions as to L&W and USG, was entered into on March 19, 2012, and submitted to the Court for its approval; and (c) a joint hearing on the fairness, reasonableness and adequacy of the proposed L&W Settlement and the Knauf Class Settlement will be held at 9:00 a.m. on June 20-21, 2012, in the United States Courthouse, 500 Poydras Street, Room C-456, New Orleans, Louisiana  70130.

Capitalized terms in this Notice have the same meaning as those defined in the L&W Settlement.

## Description of the Litigation

On June 15, 2009, the Judicial Panel on Multidistrict Litigation created MDL 2047 in order to consolidate lawsuits brought in several federal district courts in the Gulf Coast and mid-Atlantic regions of the United States by property owners whose homes and other properties were allegedly damaged by KPT Chinese Drywall.  Plaintiffs sued the manufacturer of KPT Chinese Drywall and other Knauf entities (collectively, the "Knauf Defendants"), as well as homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, and distributors that were involved with KPT Chinese Drywall. USG and its subsidiary L&W sold and supplied KPT Chinese Drywall for installation in Affected Properties.  The Litigation seeks relief on behalf of persons and entities with claims against L&W, USG and/or the Knauf Defendants arising out of L&W Supplied KPT Chinese Drywall.

The complaints make claims based on:  strict liability; violations of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201, *et seq.*), Alabama Deceptive Trade Practices Act (Ala. Code 1975 § 8-19-1, *et seq.*), the Louisiana Unfair Trade Practices and Consumer Protection Law (LSA-R.S. 51:1401, *et seq.*), the Texas Deceptive Trade Practices-Consumer Protection Act (Tex. Bus. Com. Code Ann. § 17.41, *et seq.*), the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1, *et seq.*), other state or federal Consumer Protection laws and unfair trade practices laws; negligence; private and public nuisance; tort; equity and medical monitoring; breach of contract; loss of use; loss of enjoyment; personal injury and related statutory violations; indemnity; contribution; breach of express or implied warranty; redhibition; negligence per se;

violation of Louisiana New Home Warranty Act (LSA-R.S. 9:3141, *et seq.*); Louisiana Products Liability Act (LSA-R.S. 9:2800.51, *et seq.*); negligent discharge of a corrosive substance; unjust enrichment; breach of implied warranty of fitness and merchantability; breach of implied warranty of habitability; negligent misrepresentation; building code violations; relief by way of subrogation, contractual indemnity, common law indemnity and/or contribution against L&W, USG and the Knauf Defendants; attorneys' fees; fraud; and punitive damages, exemplary damages, multiplication of damages and fines.

L&W, USG and the Knauf Defendants deny any wrongdoing whatsoever, and specifically deny having committed any violation of any law. The Settling Defendants likewise deny the existence of any class except for purposes of this settlement, assert certain affirmative defenses and deny any liability to any member of the conditional L&W Class.

The Court has not certified any class in the Litigation, other than conditionally for settlement purposes, and has made no determination that any class could be certified if the Litigation is not settled by this L&W Settlement. The Court has not determined the merits of any claims or defenses in the Litigation. This Notice does not imply that there has been any finding of any violation of the law by L&W, USG or the Knauf Defendants, or that recovery could be had in any amount.

Counsel for the conditional L&W Class ("L&W Class Counsel") entered into the L&W Settlement after weighing the substantial benefits that the members of the L&W Class will receive as a result of the settlement against the probabilities of success and failure in securing any recovery from L&W or USG by means of further litigation and delay. L&W Class Counsel consider it to be in the best interests of the L&W Class that the Litigation be settled in accordance with the terms of the L&W Settlement and believe that the proposed settlement is fair, reasonable and adequate for the conditional L&W Class.

Although L&W, USG and the Knauf Defendants deny all liability and the existence of any class (other than for settlement purposes) in the Litigation, they consider it desirable to settle the Litigation on the terms proposed, to avoid further expense and inconvenience.

## **Summary of the Proposed L&W Settlement and Settlement Benefits**

The L&W Settlement is interrelated with the Knauf Class Settlement. L&W Class Members, by definition, are also Participating Class Members in the Knauf Class Settlement, which the Court preliminarily approved on January 10, 2012. The L&W Settlement covers all plaintiffs in the Chinese Drywall Litigation who are Participating Class Members in the Knauf Class Settlement, who filed cases in either federal or state court on or before December 9, 2011, and whose homes or businesses contain or contained L&W Supplied KPT Chinese Drywall. Also included in the L&W Class are condominium associations or similar entities that govern multiple-unit structures.

<u>In order to receive Knauf Class Settlement benefits, L&W Class Members must remain in the L&W Class</u>.  The Knauf Class Settlement provides numerous benefits, which are set forth in the Knauf Class Settlement Agreement posted on the Court's website at: http://www.laed.uscourts.gov/drywall/Settlements/12-21-11.kpt.global.settlement.pdf.

The Knauf Class Settlement benefits include:

- complete remediation of Affected Properties;
- reimbursement for alternative living expenses;
- reimbursement for personal property damage;
- reimbursement for maintenance costs, including utility bills, insurance, property taxes and maintenance of landscaping, and moving and storage expenses during remediation;
- recovery of economic losses from foreclosures and short sales caused by KPT Chinese Drywall; and
- compensation for bodily injury caused by KPT Chinese Drywall.

In order to determine eligibility for benefits under the L&W Settlement and the Knauf Class Settlement, L&W Class Members must submit proof of L&W Supplied KPT Chinese Drywall in their properties.  The properties will be inspected pursuant to the Inspection Protocol of the Knauf Class Settlement to confirm the presence of and determine the percentage of KPT Chinese Drywall in the property in comparison to the total amount of reactive Chinese drywall.  That percentage will be rounded to the next highest 10% increment (the "KPT Drywall Percentage").

If the KPT Chinese Drywall Percentage exceeds 90%, the property will be classified as a "KPT Property."  If the KPT Chinese Drywall Percentage is less than or equal to 90%, the property will be classified as a "Mixed Property."  If the property has no KPT Chinese Drywall, the claim will be rejected.

For qualifying KPT Properties (having a KPT Drywall Percentage greater than 90%), USG and L&W will pay to the Knauf Defendants a Cash Payment for the KPT Property (equal to $7 per square foot of "Under Air Area"), less attorneys' fees and costs awarded by the Court.  The resulting Net KPT Property Cash Payment will be applied toward Remediation Settlement Benefits for the Participating L&W Class Member.

For qualifying Mixed Properties (having a KPT Drywall Percentage of 90% or less), USG and L&W will pay to the Knauf Defendants a Mixed Property Cash Payment (equal to $7 per square foot of "Under Air Area" multiplied by the KPT Drywall Percentage), less attorneys' fees and costs awarded by the Court.  The resulting Net Mixed Property Cash Payment will be applied toward Remediation Settlement Benefits for the Participating L&W Class Member.

In exchange for making these Cash Payments, L&W and USG will receive a full release from Participating L&W Class Members, and Participating L&W Class Members will receive all of the benefits that Class Members may be entitled to under the Knauf Class Settlement, described above.

Attorneys' Fees:  The Settling Parties have agreed to pay attorneys' fees and reasonable and appropriate expenses (collectively "Attorneys' Fees") (to be allocated among the PSC, common benefit counsel authorized by and working at the direction of the PSC, L&W Class Counsel and individual retained counsel), in an amount to be negotiated by and among the parties in a separate agreement from the L&W Settlement.  The separate agreement on Attorneys' Fees will be submitted to the Court for approval.  The Attorneys' Fees obligation, if approved by the Court, will be deducted by L&W from the Cash Payment (or Mixed Property Cash Payment in the case of a Mixed Property Owner) for each Participating L&W Class Member and deposited into an L&W Attorneys' Fees and Cost Fund to be established.  Individual L&W Class Members will not be obligated to pay any attorneys' fees or costs under the L&W Settlement.

Termination Rights:  The Settling Defendants can terminate the L&W Settlement if, among other reasons, (i) the Knauf Class Settlement does not receive final approval from the Court, or (ii) in the sole discretion of the Settling Defendants there are too many opt-outs.

## Conditional L&W Class Certification

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, dated _____, 2012, the Court has preliminarily approved the terms of the L&W Settlement to the extent that this Notice is being sent to the conditional L&W Class, which has been determined by the Court to exist for settlement purposes only.  As set forth in detail above, the conditional L&W Class shall consist of:

> All persons or entities who are Participating Class Members in the Knauf Class Settlement and who (a) as of December 9, 2011, is a named plaintiff in the Litigation (*i.e.*, not an absent class member) asserting claims arising from, or otherwise related to L&W Supplied KPT Chinese Drywall, whether or not L&W and/or USG are named parties to the lawsuit, and (b) own Affected Property.

Under the L&W Settlement, the Settling Defendants are not permitted to receive any Settlement benefits.

The Court has not certified the L&W Class in the Litigation for any other purpose and has made no determination that any class could be certified if the Litigation is not settled hereby.  Although the Court has indicated such preliminary approval of the L&W

Settlement, this Notice is <u>not</u> an expression of any opinion by the Court as to the merits of the claims and defenses which have been asserted in the Litigation. If the proposed settlement is not finally approved, the conditional certification of the L&W Class will be null and void, and the Litigation will proceed as if there had been no settlement, conditional certification or notice.

## **Opt-Out Process**

L&W Class Members may opt out of the L&W Class. However, persons who opt out of the L&W Settlement will not be entitled to share in the benefits of this settlement or the Knauf Class Settlement, nor will they benefit or be bound by further orders or judgments in the Litigation concerning the L&W Settlement or the Knauf Class Settlement, if any.

If you are a member of the L&W Class, by definition, you are a Participating Class Member in the Knauf Class Settlement. Therefore, if you timely opt out of the Knauf Class Settlement, you will <u>not</u> be able to participate in the L&W Settlement. Also, because the two settlements are interrelated, to be able to opt out of the L&W Settlement, you MUST also timely opt out of the Knauf Class Settlement. If you do not timely opt out of the Knauf Class Settlement, you may not opt out of the L&W Settlement.

**IF YOU DO NOT WISH TO OPT OUT YOU DO NOT HAVE TO DO ANYTHING AT THIS TIME.**

If the Settlement is approved, additional information will be provided about how to claim benefits.

To opt out, a written notice signed by the individual L&W Class Member must be sent by first-class mail, post-marked on or before _____, 2012, to L&W Class Counsel, Arnold Levin (LEVIN, FISHBEIN, SEDRAN & BERMAN, 510 Walnut Street, Suite 500, Philadelphia, PA 19106) and Russ M. Herman (HERMAN, HERMAN, KATZ & COTLAR, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113), counsel for USG and L&W, W. David Conner (HAYNSWORTH SINKLER BOYD, P.A., P.O. Box 2048, Greenville, SC 29602), and to counsel for the Knauf Defendants, Kerry Miller (FRILOT L.L.C., 1100 Poydras Street, Suite 3700, New Orleans, LA 70163). The notice must set forth the full name and current address of the person electing to opt out and a sentence stating: "The undersigned hereby opts out of the L&W Class in the Chinese Drywall Action and acknowledges that by opting out, the undersigned may not receive any benefits under the L&W Settlement or the Knauf Class Settlement."

**IF YOU WISH TO PURSUE AN INDIVIDUAL CLAIM AGAINST THE SETTLING DEFENDANTS BY LITIGATION, ARBITRATION OR OTHERWISE, YOU MUST OPT OUT OF <u>BOTH</u> THE L&W SETTLEMENT <u>AND</u> THE KNAUF CLASS SETTLEMENT; OTHERWISE, IF THE L&W**

**SETTLEMENT AND THE KNAUF SETTLEMENT ARE APPROVED, YOU WILL NOT BE ABLE TO PURSUE CLAIMS AGAINST L&W, USG OR THE KNAUF DEFENDANTS ARISING OUT OF KPT CHINESE DRYWALL.**

## Settlement Fairness Hearing

Notice is further hereby given that, pursuant to the Court's Order, a joint fairness hearing will be held in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, Louisiana 70130, at 9:00 a.m., on June 20-21, 2012 (the "Fairness Hearing"), for the purpose of determining whether the proposed L&W Settlement and the Knauf Class Settlement are fair, reasonable and adequate and should be approved finally by the Court and the Litigation dismissed on the merits and with prejudice as to the Settling Defendants. The Fairness Hearing may be adjourned from time to time by the Court without further notice.

**CONDITIONAL L&W CLASS MEMBERS WHO DO NOT OPPOSE THE PROPOSED SETTLEMENT DO NOT NEED TO APPEAR AT THE FAIRNESS HEARING OR FILE ANY PAPERS.**

You will be represented at the hearing on the fairness of the settlement by L&W Class Counsel, Russ Herman, telephone no. (504) 581-4892 and Arnold Levin, telephone no. (215) 592-1500, unless you enter an appearance in person or through your own counsel. As a member of the conditional L&W Class, you will not be personally responsible for attorneys' fees, costs or disbursements.

L&W Class Members may object to the L&W Settlement, in whole or in part, by providing written notice of their intention to object, setting forth the reasons for such objections and, if applicable, the L&W Class Member's intention to appear at the Fairness Hearing, in accordance with the following procedure. The objection must be signed by the L&W Class Member and his or her counsel, if any. The objection must contain the caption of the Litigation and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the L&W Class Member.

At the Fairness Hearing, any L&W Class Member who has provided written notice of the intention to object to the L&W Settlement may appear in person or by counsel and show cause why the L&W Settlement should not be approved and why this action should not be dismissed on the merits with prejudice. Such L&W Class Member may present any admissible evidence relevant to the issues to be heard, provided that such L&W Class Member has timely provided any and all papers in opposition to the L&W Settlement upon which the objection may be based. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Fairness Hearing.

8

Any intention to object, all related materials, and any admissible evidence sought to be presented at the Fairness Hearing must be mailed and post-marked by _____, 2012, to L&W Class Counsel, Arnold Levin (LEVIN, FISHBEIN, SEDRAN & BERMAN, 510 Walnut Street, Suite 500, Philadelphia, PA 19106), to Counsel for USG and L&W, W. David Conner (HAYNSWORTH SINKLER BOYD, P.A., P.O. Box 2048, Greenville, SC 29602), and to counsel for the Knauf Defendants, Kerry Miller (FRILOT L.L.C., 1100 Poydras Street, Suite 3700, New Orleans, LA 70163), who shall be obliged to file the objection, along with any submitted materials or evidence, with the Court.

Any L&W Class Member who does not so object to the matters noted above shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to such matters.

### Effect of Final Court Approval

If the L&W Settlement is approved, the Court will enter an order and judgment dismissing the Litigation on the merits with prejudice to the extent that it asserts claims against the Settling Defendants, and discharging the Settling Defendants from all claims which were, or could have been, asserted by you or on your behalf in the Litigation concerning L&W Supplied KPT Chinese Drywall.

**IF YOU ARE A MEMBER OF THE CONDITIONAL L&W CLASS, UNLESS YOU HAVE CHOSEN AFFIRMATIVELY TO OPT OUT FROM BOTH THE L&W CLASS AND THE KNAUF CLASS SETTLEMENT, UPON COURT APPROVAL OF THE SETTLEMENT YOU WILL BE BOUND BY THE L&W SETTLEMENT, INCLUDING THE JUDGMENT OF DISMISSAL.**

If the Court approves the L&W Settlement, each L&W Class Member who did not opt out from the conditional L&W Class will receive a Court Notice with final instructions.

### Examination of Papers

The foregoing is only a summary of the Litigation, the claims and the L&W Settlement. The L&W Settlement Agreement and documents incorporated therein and the pleadings and other papers filed in the Litigation may be inspected at the office of the Clerk of the Court, U.S. Courthouse, Room C-151, 500 Poydras Street, New Orleans, Louisiana 70130 or during regular business hours at the offices of L&W Class Counsel, Russ Herman, HERMAN, HERMAN, KATZ & COTLAR, LLP, 820 O'Keefe Avenue, New Orleans, Louisiana 70113, commencing on _____, 2012. Any papers L&W Class Counsel and counsel for the Settling Defendants shall file in support of the L&W Settlement will be made available for inspection at this location at the time they are filed. Any questions that any person to whom this Notice is addressed may have with respect thereto or with respect to the request for exclusion should be directed to L&W Class

9

Counsel, or his or her own counsel.

## **Schedule of Important Dates**

| | |
|---|---|
| Beginning _____, 2012 | Settlement papers may be examined at the offices of L&W Class Counsel, Russ Herman |
| On or before _____, 2012 | Opt-Out Requests from the L&W Class must be mailed to L&W Class Counsel (Arnold Levin and Russ Herman), to Counsel for USG and L&W (W. David Conner), and to Counsel for the Knauf Defendants (Kerry Miller) |
| On or before _____, 2012 | Objections to the Settlement must be mailed to L&W Class Counsel (Arnold Levin), to Counsel for USG and L&W (W. David Conner), and to Counsel for the Knauf Defendants (Kerry Miller) |
| June 20-21, 2012 at 9:00 a.m. | Fairness Hearing at United States Courthouse for the Eastern District of Louisiana, 500 Poydras Street, Room C-456, New Orleans, Louisiana  70130 |

If the L&W Settlement is approved, the Court will establish dates for filing a proof of claim.

New Orleans, Louisiana this \_\_\_ day of _____, 2012

/s/ ELDON E. FALLON
U.S. District Judge