UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * | MDL No. 2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * ** * * * * * ** * * * * * * ** * *

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co. Ltd., et al.,* Case No. 09-6687

### DECLARATION OF FRANK T. SPANO IN SUPPORT OF TAISHAN GYPSUM CO. LTD.'S RENEWED MOTION TO VACATE THE DEFAULT JUDGMENT AND DISMISS THE COMPLAINT

I, Frank T. Spano, declare, under penalty of perjury, that the following statements are true and correct:

1.  I am a partner of the firm of Hogan Lovells US LLP, counsel for Defendant Taishan Gypsum Co. Ltd. ("TG" or "Defendant"). I am fully familiar with the facts set forth herein. I affirm that I am not a party to the action. I respectfully submit this declaration in support of TG's renewed motion to vacate the default judgment against TG and to dismiss this action for lack of personal jurisdiction over TG.

2.  Attached hereto as **Exhibit 1** is a true and correct copy of the Declaration of Jia Tongchun, Chairman, General Manager and Senior Engineer of TG, dated August 15, 2010, which was submitted in support of TG's original motion to vacate and dismiss in this matter. (*See* Doc. No. 5515).

3. Attached hereto as **Exhibit 2** is a true and correct copy of the transcript of the deposition of Jia Tongchun, including Defendants' Exhibits 1 through 47A,[1] and Plaintiffs' Exhibits 1 through 36, which took place on April 4 and 5, 2011 and January 9 and 10, 2012.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the transcript of the deposition of Peng Wenlong, including Exhibits 1 through 23, which took place on April 7 and 8, 2011 and January 13, 2012.

5. Attached hereto as **Exhibit 4** is a true and correct copy of the transcript of the deposition of Zhang Jianchun, including Exhibits 13 through 17 which took place on April 6, 2011.

6. Attached hereto as **Exhibit 5** is a true and correct copy of the transcript of the deposition of Che Gang, including Defendants' Exhibits 1 and 2 and Plaintiffs' Exhibits 1 through 32, which took place on and January 11 and 12, 2012.

7. Attached hereto as **Exhibit 6** is a true and correct copy of the deposition of Fu Tinghuan, including Exhibits 1 through 4, which took place on and January 10, 2012.

8. Attached hereto as **Exhibit 7** is a true and correct copy of relevant excerpts from the transcript of the deposition of Sam Porter, President of Venture Supply, Inc. ("Venture Supply"), which took place on December 16 and 17, 2009 ("Porter Tr.").

---

[1] Prior to the January 2012 depositions, the parties agreed to exchange and review each other's existing translations of Chinese language documents, with a view towards reaching an agreement as to the accuracy and admissibility of the translations. Because the number and content of translations was so voluminous, the parties were unable to reach agreement prior to the January 2012 depositions, and instead, used draft translations for many of the deposition exhibits marked with the suffix "A" (*e.g.* Defendants' Exhibit 3 to the Jia deposition was the underlying Chinese language document and Defendants' Exhibit "3A" was the draft translation). For purposes of the Court's evidentiary hearing on the issue of personal jurisdiction, the parties have come to an agreement on the accuracy and admissibility of substantially all of the translations, and have consented to entry of an "Order Regarding Accuracy of Translations of Certain Documents Identified by Parties for Use in Jurisdictional Motions" (the "Translations Order"). As of the date of filing of this motion, the parties were still conferring on the form of the proposed order and schedules thereto. The pre-deposition draft translations have been replaced with the revised, updated translations as agreed by the parties, and, once the Translations Order is signed and entered by the Court, the updated translations will be admissible to the same extent as their underlying Chinese language counterparts.

9. Attached hereto as **Exhibit 8** is a true and correct copy of TG's Manufacturer's Profile Form, dated October 13, 2010.

10. Attached hereto as **Exhibit 9** is a true and correct copy of an email, dated November 30, 2005 and Bates numbered TG 0000084–TG 0000085, from Peng Wenlong to Phillip Perry of Venture Supply and Tobin Trading Inc. ("Perry").

11. Attached here to as **Exhibit 10** is a true and correct copy of an email, dated December 17, 2005 between Perry and Porter, which was also Exhibit 100 to the Porter Tr.

12. Attached hereto as **Exhibit 11** is a true and correct copy of a fax, dated December 19, 2005, from Perry to Porter, which was also Exhibit 24 to the Porter Tr.

13. Attached hereto as **Exhibit 12** is a true and correct copy of the first contract between TG and Venture Supply, dated November 17, 2005 and Bates numbered TG 0001567–TG 0001568.

14. Attached hereto as **Exhibit 13** is a true and correct copy of the second contract between TG and Venture Supply, dated December 16, 2005 and Bates numbered TG 0001572–TG0001573.

15. Attached hereto as **Exhibit 14** is a true and correct copy of an Invoice and Packing List, dated December 13, 2005, which was also Exhibit 102 to the Porter Tr.

16. Attached hereto as **Exhibit 15** is a true and correct copy of a Packing List, dated June 18, 2006, which was also an excerpt from Exhibit 129 to the Porter Tr.

17. Attached hereto as **Exhibit 16** are true and correct copies of various communications related to Venture Supply's shipments of TG's drywall to the U.S. consisting of the following:

   a. email, Bates numbered TG 0000151, from Perry to Peng Wenlong, dated November 17, 2005, requesting names and information regarding shipping companies in China;

b. email, dated November 22, 2005 and Bates numbered TG 0000070–TG 0000071, from Peng Wenlong to Perry regarding negotiation of the letter of credit and providing information on shipment availability;

c. email, Bates numbered TG 0000188, from Perry to a "Mr. Zhang", dated November 24, 2005, requesting that Mr. Zhang coordinate land transport with TG and other miscellaneous questions regarding shipping;

d. email, dated November 24, 2005 from Perry to a "Mr. Zhang" regarding shipment and requesting that the shipping company coordinate land transport of drywall with TG, which was also Exhibit 84 to the Porter Tr.;

e. email, dated February 3, 2006, from John Schools of Lambert Point Docks, Inc. to Perry and others regarding status of the vessel containing Venture Supply's shipment, which was also Exhibit 107 to the Porter Tr.;

f. email, dated March 6, 2006, from Perry to "Lei" at Waterfront Beijing requesting shipment information, which was also Exhibit 115 to the Porter Tr.;

g. email, dated March 10, 2006 and Bates numbered TG 0000331, from Perry to Peng Wenlong advising of his communications with shipping companies;

h. email, dated March 16, 2006 and Bates numbered TG 0000405, from Perry to Peng Wenlong regarding arrangements made by Venture Supply for shipment;

i. email, dated April 21, 2006 and Bates numbered TG 0000390, from Perry to Peng Wenlong requesting assistance for locating available ocean freight;

j. email, dated May 9, 2006, from Perry to a Porter Blaine employee regarding shipping arrangements, which was also Exhibit 123 to the Porter Tr.;

k. email, dated May 16, 2006 and Bates numbered TG 0000406, from Perry to Peng Wenlong regarding delivery of drywall by truck to the China port;

l. email, dated June 2, 2006, from Perry to Chris Paras at The Penrod Company regarding shipping information, which was also Exhibit 127 to the Porter Tr.;

m. email, dated June 5, 2006 and Bates numbered TG 0000392, from Peng Wenlong to Don Woods and Perry providing information on possible shipment availability;

n. email, dated June 10, 2006 and Bates numbered TG 0000391, from Peng Wenlong to Don Woods and Perry regarding delivery of drywall by truck to China port; and

o. email, dated July 20, 2006, from Perry to Charlie Barker at Norfolk Southern Corp regarding shipment of drywall to arrive at Camden, NJ Port, which was also Exhibit 131 to the Porter Tr.

18. Attached hereto as **Exhibit 17** is a true and correct copy of the Bill of Lading prepared by SK Shipping in relation to Venture Supply's first purchase of drywall from TG, Bates numbered TG 0000308.

19. Attached hereto as **Exhibit 18** is a true and correct copy of the Bill of Lading prepared by SK Shipping in relation to Venture Supply's second purchase of drywall from TG, Bates numbered TG 0001576.

20. Attached hereto as **Exhibit 19** is a true and correct copy of a letter, dated January 23, 2006 from RBC Centura to Venture advising of payment on the letter of credit and acknowledging the documentation received, which was also Exhibit 106 to the Porter Tr.

21. Attached hereto as **Exhibit 20** is a true and correct copy of Special Export Invoices, dated February 24, 2006 and July 20, 2006, Bates numbered TG 0001543–TG 0001544 related to the sales of drywall to Venture Supply.

22. Attached hereto as **Exhibit 21** is a true and correct copy of a Fixture Note, dated December 1, 2005 and Bates numbered TG 0000125.

23. Attached hereto as **Exhibit 22** is a true and correct copy of emails, Bates numbered TG 0000289–TG 0000290, TG 0000351–TG 0000352 and TG 0000407, and Exhibit 116 from the Porter Tr., evidencing Venture Supply's contemplation of shipping drywall to other ports outside of Virginia.

New York, New York
Date: April 2, 2012

_____
Frank T. Spano