| | **LOBMAN, CARNAHAN, BATT, ANGELLE & NADER** | |
|---|---|---|
| DAVID V. BATT | A PROFESSIONAL CORPORATION | EDWARD P. LOBMAN (1941-2004) |
| SIDNEY J. ANGELLE | | BURT K. CARNAHAN (RETIRED) |
| JAMES P. NADER † | ATTORNEYS AT LAW | |
| JOSEPH M. MESSINA | 400 POYDRAS STREET | † CHARLES R. RUMBLEY |
| BRANT J. CACAMO | SUITE 2300 | DANIEL M. REDMANN |
| PAMELA K. RICHARD | NEW ORLEANS, LOUISIANA 70130-3425 | BRADLEY S. GROCE |
| ERIC B. BERGER † | | JONATHAN R. DETRINIS |
| JAMES J. YOUNG, IV | TELEPHONE (504) 586-9292 | CAROLINE M. JONES |
| | FACSIMILE (504) 586-1290 | |
| †ALSO ADMITTED IN TEXAS | | WRITER'S E-MAIL ADDRESS: |
| | WWW.LCBA-LAW.COM | SJA@LCBA-LAW.COM |

March 27, 2012

***Via Email***
RUSS M. HERMAN
RHERMAN@hhkc.com
LEONARD A. DAVIS
LDAVIS@hhkc.com
Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

        Re:   *Stephen and Isis Silva v. Arch Insurance Company, et al*
               22nd JDC, No. 2009-17087
               Our File No.: 2.10-9961

               And

               *Dawn and Dean Amato, individually and on behalf of others*
               *similarly situated v. Liberty Mutual Insurance Company, et al*
               USDC No: 10-932
               Our File No: 2.10-1092

Dear Russ and Lenny:

        We write in response to the PSC's proposed Rule 30(b)(6) Corporate Deposition Notice to The North River Insurance Company ("North River"). We propose holding a Rule 37.1 conference on Friday, March 30, 2012, at 1:00 p.m. to discuss these matters as we believe, the deposition notice is overbroad and cannot stand as submitted. Please accept this letter as an effort to seek a common ground for appropriate areas of deposition.

        North River has produced, in accompaniment with its Defendant Profile Form, its insurance policies issued to Interior Exterior Building Supply for the periods January 1, 2006 - January 1, 2007, January 1, 2007 – January 1, 2008, January 1, 2008 – January 1, 2009, and January 1, 2009 - January 1, 2010. Certified copies have been produced.

Chinese Drywall 9961
March 27, 2012
Page 2 of 2

North River will stipulate as to the authenticity of the policies it produced. If you believe any portion of the policy is missing from what has been produced, or if you believe the policies that have been produced contain extraneous matters which should not belong in the policy, please let us know. Otherwise the policies speak for themselves, and Topic No. 13 is unnecessary.

Further, the policies listed in your notice with effective dates of December 1, 2003 – January 1, 2005 and January 1, 2005 - January 1, 2006 do not apply as no "Chinese drywall" was imported into the United States by Interior Exterior Building Supply during that policy period. Therefore, these earlier policies are not pertinent to this matter.

All of the remaining topics in your proposed Notice relate to bad faith claims. No allegations of bad faith have been pled against North River.

We further object to topics 3 and 4. Even if the PSC is asking purely about the organizational structure of the company, such topics are irrelevant and non-discoverable.

North River does not object to Topic No. 17.

Your proposed Rule 30(b)(6) Corporate Notice to North River is vastly overbroad. However, as a predicate to filing any Motion to Quash the topics therein, we invite you to explain your inclusion of Topics Nos. 1, 2, 3, 4. 5, 6, 7, 8, 9, 10, 11, 12, 14, 15 and 16 in this Notice.

We look forward to hearing from you at the Rule 37.1 conference at 1:00 p.m., on March 30, 2012.

Sincerely,

SIDNEY J. ANGELLE
ERIC B. BERGER

Cc: Brian Martin, via email
    Kevin Risley, via email