UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | *  MDL No. 2047 <br> * <br> *  SECTION L <br> * <br> *  JUDGE ELDON E. FALLON <br> * <br> *  MAGISTRATE JUDGE <br> *  JOSEPH C. WILKINSON, JR. <br> * |

* * * * * * * * * * * * * * * * * * * * ** * * * * * * * ** * *

**THIS DOCUMENT RELATES TO:** *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Case No. 09-4115

### TAISHAN GYPSUM CO. LTD.'S RENEWED MOTION PURSUANT TO RULES 55(C) AND 12(B)(2) TO VACATE THE ENTRY OF DEFAULT AND DISMISS THIS ACTION

Defendant Taishan Gypsum Co. Ltd. ("TG") hereby moves (1) pursuant to Rule 55(c) of the Federal Rules of Civil Procedure for an order vacating the September 23, 2009 order of this Court holding TG in preliminary default; and (2) pursuant to Rule 12(b)(2) for an order dismissing this action for lack of personal jurisdiction.

The preliminary default is void for lack of personal jurisdiction because TG is not subject to jurisdiction under the long-arm statute of Florida, the forum State where Plaintiff filed its original complaint. In addition, the Due Process Clause of the Fourteenth Amendment of the United States Constitution precludes the Court's exercise of personal jurisdiction over TG because TG lacked minimum contacts with Florida, and Plaintiff cannot show its causes of action arose out of or resulted from TG's alleged contacts with Florida. In addition, even if Plaintiff could satisfy the long-arm statute and demonstrate that TG had minimum contacts with Florida, the assertion of personal jurisdiction over TG would not be fair and reasonable, in violation of the Due Process Clause.

1

The preliminary default is also void for the independent reasons that (1) Plaintiff did not properly serve TG with its Amended Complaint on which the default was entered; and (2) even assuming the Court has jurisdiction over TG, the default should be vacated because any failure by TG to timely respond was excusable.

WHEREFORE, TG respectfully requests an Order (a) vacating the preliminary default order dated September 23, 2009; and (b) dismissing this action because this Court does not have personal jurisdiction over TG.

Dated: April 4, 2012

Respectfully submitted,

/s/ Thomas P. Owen Jr.
Joe Cyr
Frank T. Spano
Eric Statman
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: 212-918-3000
Facsimile: 212-918-3100
Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON
& ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
rcs@stanleyreuter.com
tpo@stanleyreuter.com

**Attorneys for Defendant Taishan Gypsum Co. Ltd.**

2

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Renewed Motion to Vacate the Preliminary Default and Dismiss the Complaint has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of April, 2012.

                                                                                                    */s/*  Thomas P. Owen Jr.