UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * MDL No. 2047 <br> * <br> * SECTION L <br> * <br> * JUDGE ELDON E. FALLON <br> * <br> * MAGISTRATE JUDGE <br> * JOSEPH C. WILKINSON, JR. <br> * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO: *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Case No. 09-4115

## DECLARATION OF FRANK T. SPANO IN SUPPORT OF TAISHAN GYPSUM CO. LTD.'S RENEWED MOTION TO VACATE THE DEFAULT JUDGMENT AND DISMISS THE COMPLAINT

I, Frank T. Spano, declare, under penalty of perjury, that the following statements are true and correct:

1. I am a partner of the firm of Hogan Lovells US LLP, counsel for Defendant Taishan Gypsum Co. Ltd. ("TG" or "Defendant"). I am fully familiar with the facts set forth herein. I affirm that I am not a party to the action. I respectfully submit this declaration in support of TG's renewed motion to vacate the default judgment against TG and to dismiss this action for lack of personal jurisdiction over TG.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Declaration of Jia Tongchun, Chairman, General Manager and Senior Engineer of TG, dated September 16, 2010 submitted in support of TG's original motion to vacate in this matter ("Jia Decl.").

3. Attached hereto as **Exhibit 2** is a true and correct copy of the transcript of the deposition of Jia Tongchun, including Defendants' Exhibits 1 through 47A and Plaintiffs'

Exhibits 1 through 36,[1] which took place on April 4 and 5, 2011 and January 9 and 10, 2012 ("Jia Tr."). Some of the testimony and exhibits to the Jia Tr. have been designated "Highly Confidential" and will be filed under seal in accordance with Pre-Trial Order No. 16.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the transcript of the deposition of Peng Wenlong, including Exhibits 1 through 23, which took place on April 7 and 8, 2011 and January 13, 2012 ("Peng Tr."). Some of the testimony and exhibits to the Peng Tr. have been designated "Highly Confidential" and will be filed under seal in accordance with Pre-Trial Order No. 16.

5. Attached hereto as **Exhibit 4** is a true and correct copy of the transcript of the deposition of Zhang Jianchun, including Exhibits 13 through 17 which took place on April 6, 2011 ("Zhang Tr."). Some of the testimony and exhibits to the Zhang Tr. have been designated "Highly Confidential" and will be filed under seal in accordance with Pre-Trial Order No. 16.

6. Attached hereto as **Exhibit 5** is a true and correct copy of the transcript of the deposition of Che Gang, including Defendants' Exhibits 1 and 2 and Plaintiffs' Exhibits 1 through 32, which took place on January 11 and 12, 2012.

---

[1] Prior to the January 2012 depositions, the parties agreed to exchange and review each other's existing translations of Chinese language documents, with a view towards reaching an agreement as to the accuracy and admissibility of the translations. Because the number and content of translations was so voluminous, the parties were unable to reach agreement prior to the January 2012 depositions, and instead, used draft translations for many of the deposition exhibits marked with the suffix "A" (*e.g.* Defendants' Exhibit 3 to the Jia deposition was the underlying Chinese language document and Defendants' Exhibit "3A" was the draft translation). For purposes of the Court's evidentiary hearing on the issue of personal jurisdiction, the parties have come to an agreement on the accuracy and admissibility of substantially all of the translations, and have consented to entry of an "Order Regarding Accuracy of Translations of Certain Documents Identified by Parties for Use in Jurisdictional Motions" (the "Translations Order"). As of the date of filing of this motion, the parties were still conferring on the form of the proposed order and schedules thereto. The pre-deposition draft translations have been replaced with the revised, updated translations as agreed by the parties, and, once the Translations Order is signed and entered by the Court, the updated translations will be admissible to the same extent as their underlying Chinese language counterparts.

7. Attached hereto as **Exhibit 6** is a true and correct copy of the transcript of the deposition of Fu Tinghuan, including Exhibits 1 through 4, which took place on and January 10, 2012.

8. Attached hereto as **Exhibit 7** is a true and correct copy of the transcript of the deposition of Peng Shiliang, including Exhibits 1 through 10, which took place on January 11, 2012 ("Shiliang Tr."). Some of the testimony and exhibits to the Shiliang Tr. have been designated "Highly Confidential" and will be filed under seal in accordance with Pre-Trial Order No. 16.

9. Attached hereto as **Exhibit 8** is a true and correct copy of the original Complaint filed by Plaintiff in the Northern District of Florida on March 6, 2009.

10. Attached hereto as **Exhibit 9** is a true and correct copy of TG's Manufacturer's Profile Form, dated October 13, 2010.

11. Attached hereto as **Exhibit 10** are true and correct copies of contracts for the only two sales TG ever made to a company based in the U.S.: Venture Supply, Inc. ("Venture Contracts"). The Venture Contracts are dated November 17, 2005 and December 16, 2005 and are Bates numbered TG 0001567 – TG 0001568 and 0001572 – TG 0001573, respectively.

12. Attached hereto as **Exhibit 11** are true and correct copies of the Bills of Lading for drywall sold by TG to Venture Supply and shipped by Venture Supply to Norfolk, Virginia (Bates numbered TG 0000308) and to Camden, New Jersey (Bates numbered TG 0001576).

13. Attached hereto as **Exhibit 12** is a true and correct copy of relevant excerpts from the transcript of the deposition of Sam Porter, President of Venture Supply, Inc., which took place on December 16 and 17, 2009 ("Porter Tr.").

14. Attached hereto as **Exhibit 13** are true and correct copies of all of the "Builder Defendant Profile Forms" submitted by Plaintiff, the Mitchell Company, Inc., all dated March 17, 2010.

15. Attached here to as **Exhibit 14** are true and correct copies of the "Contractor/Installer Defendant Profile Forms" submitted by Rightway Drywall Inc., dated September 1, 2009.

16. Attached hereto as **Exhibit 15** is a true and correct copy of the "Distributor Profile Forms" submitted by Interior/Exterior Building Supply, L.P., dated September 9, 2009.

17. Attached hereto as **Exhibit 16** is a true and correct copy of the Manufacturer's Profile Form submitted by Tai'an Taishan Plasterboard Co., Ltd. ("TTP"), dated October 14, 2010.

18. Attached hereto as **Exhibit 17** is a true and correct copy of an email, Bates numbered TG 0000680, from Bill Che to a customer based in New York, dated February 23, 2009.

19. Attached hereto as **Exhibit 18** are various communications demonstrating how potential foreign customers typically initiated contact with TTP directly or through representatives:

   a. email, Bates numbered TG 0000904 from Michael Hsu of Pacific Products, LLC, dated March 20, 2006;

   b. email, Bates numbered TG 0023790 from Russell Ionin, dated March 30, 2006;

   c. email, Bates numbered TG 0000963 from "Syvco@msn.com", dated April 11, 2006;

   d. email, Bates numbered TG 0000421 from Darren Dai, dated May 11, 2006;

   e. email, Bates numbered TG 0000417-TG 0000418 from Darren Dai, dated May 16, 2006;

   f. email, Bates numbered TG 0021467 from Chen Zhi Ji, dated June 7, 2006;

   g. email, Bates numbered TG 0000482 from Joseph M. Lovell of Greywolfe International, dated June 27, 2006;

   h. email, Bates numbered TG 0021439 from Florence Ma, dated July 11, 2006;

    i. email, Bates numbered TG 0019348–TG 0019352 from Tanader Tang of Bluefire International, dated July 27, 2006;

    j. email, Bates numbered TG 0019796 from Josephine Wang of Switzenbaum & Associates, dated August 9, 2006;

    k. email, Bates numbered TG 0000537 from Ivan Gonima, dated August 30, 2006;

    l. email, Bates numbered TG 0001266–TG 0001267 from Rafael Cerna, dated February 6, 2007.

20. Attached hereto as **Exhibit 19** are true and correct copies of excerpts from the transcript of the deposition of Richard Hannam, corporate representative of Wood Nation, taken February 14, 2011 ("Hannam Tr. A").

21. Attached hereto as **Exhibit 20** are true and correct copies of excerpts from the transcript of the deposition of Richard Hannam, taken February 13, 2012 ("Hannam Tr. B").

22. Attached hereto as **Exhibit 21** is a true and correct copy of an email Bates numbered TG 0000481, from David Wei to Peng Wenlong, dated April 9, 2006.

23. Attached hereto as **Exhibit 22** is a true and correct copy of a contract between TTP and Wood Nation, Bates numbered TG 0001482-TG 0001484, dated June 6, 2010, which was also Exhibit 13 to the Hannam Tr. A.

24. Attached hereto as **Exhibit 23** is a true and correct copy of an Invoice, dated August 1, 2006 for Wood Nation's purchase of drywall from TTP FOB China. This document was part of Exhibit 28 to the Hannam Tr. A.

25. Attached hereto as **Exhibit 24** are true and correct copies of shipping documents and emails related to the sale of drywall by TTP to Wood Nation. These documents were part of Exhibit 28 to the Hannam Tr. A and include the following:

    a. email from David Wei to Richard Hannam, dated July 28, 2006 with shipping information;

    b. email from David Wei to Richard Hannam, dated August 4, 2006 with shipping information;

    c. letter from Richard Hannam to TTP, dated July 30, 2006 with shipping information;

    d. Freight Invoice from North China Cargo Service Inc.;

    e. Bills of Lading prepared by North China Cargo Service Inc.;

    f. Packing Lists, dated July 28, 2006.

26. Attached hereto as **Exhibit 25** is a true and correct copy of an email, Bates numbered TG 0022664, from Peng Wenlong to Richard Hannam, dated August 18, 2006 regarding presentation of shipping documents to bank to collect on the letter of credit, which was also part of Exhibit 14 to Hannam Tr. A.

27. Attached hereto as **Exhibit 26** are true and correct copies of Export Invoices, Bates numbered TG 0001545–TG 001546, for TTP's sale of drywall to Wood Nation, dated August 2 and 8, 2006, respectively, which were also Exhibit 15 to Hannam Tr. A.

28. Attached hereto as **Exhibit 27** is a true and correct copy of an email, Bates numbered TG 0000575, from Ivan Gonima, corporate representative of Oriental Trading Company, to Bill Che, dated August 30, 2006.

29. Attached hereto as **Exhibit 28** are true and correct copies of relevant excerpts from the transcript of the deposition of Ivan Gonima on December 13, 2011.

30. Attached hereto as **Exhibit 29** are true and correct copies of relevant excerpts from the transcript of the deposition of Ivan Gonima on February 14, 2012.

31. Attached hereto as **Exhibit 30** are true and correct copies of two emails, Bates numbered TG 0000568–TG 0000569 and TG 0000552 from Ivan Gonima to TTP, dated September 22 and 25, 2006, respectively.

32. Attached hereto as **Exhibit 31** are true and correct copies of a series of emails, Bates numbered, TG 0000532–TG 0000536 and TG 0000606–TG 0000609 between Ivan Gonima and TTP between September and November 2006.

33. Attached hereto as **Exhibit 32** is a true and correct copy of an email, Bates numbered TG 0000624–TG 0000626, from Ivan Gonima to TTP, dated February 25, 2007.

34. Attached hereto as **Exhibit 33** are true and correct copies of Export Invoices, Bates numbered TG 0001661, TG 0001663–TG 0001670, for TTP's sales of drywall to Oriental Trading.

35. Attached hereto as **Exhibit 34** is a true and correct copy of a letter, Bates numbered TG 0021501, from Oriental Trading to TTP demanding return of a $100,000 deposit, dated November 26, 2008.

36. Attached hereto as **Exhibit 35** are true and correct copies of emails demonstrating TTP and Oriental Trading's discussions of the $100,000 deposit, which include:

   a. email chain, Bates numbered TG 0021517–TG 0021521 between Oriental Trading and TTP, between September 23, 2008 and October 6, 2008;

   b. email chain, Bates numbered TG 0021470–TG 0021474 between Oriental Trading and TTP, between December 1, 2008 and March 6, 2009;

   c. email chain, Bates numbered TG 0001726–TG 0001727 from Ivan Gonima to TTP, dated March 9, 2010.

37. Attached hereto as **Exhibit 36** is a true and correct copy of an email, Bates numbered TG 0021311–TG 0021312, from Oriental Trading to TTP regarding authorization of transfer of $100,000 to Yin Hong Bing, dated July 15, 2010.

38. Attached hereto as **Exhibit 37** are true and correct copies of relevant excerpts from the transcript of the deposition of Rafael Sardi, representative of Onyx GBH Corp. on February 9, 2012 ("Sardi Tr.").

39. Attached hereto as **Exhibit 38** is true and correct copy of an email, dated November 24, 2006, Bates numbered TG 0021702–TG 0021705 between TTP and B America Corporation ("B America").

40. Attached hereto as **Exhibit 39** is a true and correct copy of an Invoice, issued by TTP for the sale of drywall to B America, dated April 7, 2007, which was attached to the Sardi Tr. as Ex. 8.

41. Attached hereto as **Exhibit 40** is a true and correct copy of an Insurance Certificate in relation to TTP's sale of drywall to B America, dated May 7, 2007, which was attached to the Sardi Tr. as part of Ex. 2.

42. Attached hereto as **Exhibit 41** is a true and correct copy of the Bill of Lading prepared by Oriental Air Transport Service for TTP's sale of drywall to B America, dated May 1, 2007, which was attached to the Sardi Tr. as part of Ex. 2.

43. Attached hereto as **Exhibit 42** is a true and correct copy of an email, Bates numbered TG 0000855 from B America to TTP discussing drywall samples, dated April 22, 2008.

New York, New York
Date: April 4, 2012

_____
Frank T. Spano