AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Florida

| | |
|---|---|
| THE MITCHELL COMPANY, INC. | ) |
| *Plaintiff* | ) |
| v. | ) |
| KNAUF GIPS, KG, a German corporation; et al. | ) |
| *Defendant* | ) |

Civil Action No. 3:2009-cv-00089 /mc R/mD

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Taishan Gypsum Co. Ltd.
Dawenkou Daiyue District
RC-271026 Tai'an Shandong, China

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Steven L. Nicholas
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama  36604
251-471-6191

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  3/12/09

Signature of Clerk or Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| THE MITCHELL COMPANY, INC., individually and on behalf of others similarly situated | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. _____ |
| KNAUF GIPS KG, a German corporation; KNAUF PLASTERBOARD (TIANJIN) CO., LTD., a Chinese limited liability corporation; TAISHAN GYPSUM CO., LTD. (f/k/a Shandong Taihe Dongxin Co., Ltd.), a Chinese limited liability corporation); INTERIOR & EXTERIOR BUILDING SUPPLY, L.P., a limited partnership; and RIGHTWAY DRYWALL, INC., a Georgia corporation, | * * * * * * | PLAINTIFF DEMANDS TRIAL BY JURY. |
| Defendants. | * | |
| | * | |

## COMPLAINT

Comes now The Mitchell Company, Inc. ("Mitchell"), individually and on behalf of

others similarly situated, and for its complaint against Defendants Knauf Gips KG ("Knauf

Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin"); Taishan Gypsum Co. Ltd.

-1-

(f/k/a Shandong Taihe Dongxin Co. Ltd.) ("Taishan"); Interior & Exterior Building Supply, L.P. ("Interior & Exterior"); and Rightway Drywall. Inc.. ("Rightway") alleges as follows:

## INTRODUCTION

1.      Plaintiff Mitchell brings this action for actual damages, equitable relief (including restitution and disgorgement of profits), and all other available relief on behalf of itself and a Class composed of all persons and entities in the States of Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida who (a) constructed an improvement to real estate using drywall manufactured or distributed by Defendants, and (b) incurred any expense associated with (1) repair or replacement of all or part of the drywall, and/or (2) other property damaged by the defective drywall, and/or (3) is liable to the owners of the property for said damages.

2.      All of the claims asserted herein arise out of Defendants' design, manufacture, marketing, warranting, distribution, and sale to Plaintiff and the Class of imported drywall that Defendants knew or should have known was fundamentally unsuitable for its intended purpose.

3.      As a direct and proximate result of Defendants' negligent and otherwise culpable misconduct, Plaintiff and Class members purchased and installed defective drywall that has damaged or is presently damaging other components of properties built by Plaintiff and Class members.  Plaintiff and Class members throughout the States of Alabama, Mississippi, Louisiana, Georgia. Texas. and Florida have had to replace, and will continue

to have to replace, Defendants' defective drywall at their expense, and to repair or replace other property as a result of the Defendants' misconduct alleged herein.

## PARTIES, JURISDICTION, AND VENUE

4.      Mitchell is an Alabama corporation with its principal place of business in Mobile County, Alabama. Mitchell is a construction company and has built homes and/or apartments in several states, including Alabama, Mississippi, Louisiana, Georgia, and Florida.

5.      Defendant Knauf Gips is a German corporation doing business in the State of Florida. Knauf Gips is a manufacturer of building materials and systems. Knauf Gips, together with its affiliates, including Knauf Tianjin, provides building materials and systems to customers in over 50 countries, including the United States. Upon information and belief, at all material times hereto, Knauf Gips supervised, operated, trained and otherwise exercised control and/or had the right to control the operations of Knauf Tianjin, and its agents, apparent agents, and employees.

6.      Upon information and belief, Knauf Gips, together with its affiliates and/or actual or apparent agents, including Knauf Tianjin, manufactured, sold, distributed, marketed and placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within the States of Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida. Upon information and belief, Knauf Gips and/or Knauf Tianjin has continuously and systematically distributed and sold

-3-

drywall to numerous purchasers in the States of Alabama, Mississippi, Louisiana, Georgia,

Texas, and Florida, and their drywall is installed in numerous homes in those states built by

Mitchell and Class members.  As discussed more fully below, Knauf Gips and/or Knauf

Tianjin manufactured and sold, directly and indirectly, to certain suppliers, including

Defendants Interior & Exterior and Rightway.  Moreover, Knauf Gips and/or Knauf Tianjin

purposefully availed themselves of the jurisdiction of this Court by selling and shipping

substantial quantities of drywall into the State of Florida and by hiring agents within the State

of Florida to investigate the very allegations at issue in this lawsuit.

7.        Defendant Knauf Tianjin is a Chinese corporation doing business in the State

of Florida.  Knauf Tianjin is involved in the manufacturing and sale of gypsum drywall.

Knauf Tianjin is the actual agent and/or apparent agent of Knauf Gips.  Upon information

and belief, Knauf Tianjin, individually and/or together with and at the direction and control

of its principal, Knauf Gips, manufactured, sold, distributed, marketed and placed within the

stream of commerce gypsum drywall with the expectation that the drywall would be

purchased by thousands of consumers, if not more, within the States of Alabama,

Mississippi, Louisiana, Georgia, Texas, and Florida.  Knauf Tianjin and/or Knauf Gips has

continuously and systematically distributed and sold drywall to numerous purchasers in the

State of Florida and their drywall is installed in numerous homes in Florida.  As discussed

more fully below, Knauf Tianjin and/or Knauf Gips manufactured and sold, directly and

indirectly, to certain suppliers in the States of Alabama, Mississippi, Louisiana, Georgia,

Texas, and Florida defective gypsum drywall that was installed in homes being built by

Mitchell and Class members, thereby causing substantial damage. Knauf Tianjin and/or Knauf Gips purposefully availed themselves of the jurisdiction of this Court by selling and shipping substantial quantities of drywall into the State of Florida and by hiring agents within the State of Florida to investigate the very allegations at issue in this lawsuit.

8.      Defendant Taishan is a Chinese corporation doing business in the State of Florida. Taishan is involved in the manufacturing and sale of gypsum drywall. Upon information and belief, Taishan manufactured, sold, distributed, marketed and placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within the States of Alabama, Mississippi, Louisiana, Georgia, and Florida. Taishan has continuously and systematically distributed and sold drywall to numerous purchasers in the State of Florida and Taishan's drywall is installed in numerous homes in Florida. As discussed more fully below, and upon information and belief, Taishan manufactured and sold to certain suppliers in the States of Alabama, Mississippi, Louisiana, Georgia, and Florida, defective gypsum drywall that was installed in homes being built by Mitchell and Class members, thereby causing substantial damage. Taishan purposefully availed itself of the jurisdiction of this Court by selling and shipping substantial quantities of drywall into the State of Florida.

9.      Defendant Interior & Exterior is a limited partnership with its principal place of business in Louisiana. Interior & Exterior is a building supply company with offices in four states, and has shipped and/or supplied building products in the State of Florida such that it is doing business in that State.

-5-

10.     Defendant Rightway is a corporation organized in Georgia, with its principal place of business in Georgia. Rightway is a building supply company with offices in Georgia, and has shipped and/or supplied building products in the State of Florida such that it is doing business in that State.

11.     This Court has personal jurisdiction over Defendants because they are engaged in substantial and not isolated activity within this state. Additionally, Plaintiff's causes of action arise from Defendants personally or through their agents, causing injury to property within the State of Florida arising out of acts or omissions of Defendants outside the State of Florida, and at the time of the injury, products, materials, or things manufactured by Knauf Gips, Knauf Tianjin, and Taishan were used and consumed within the State of Florida in the ordinary course of commerce, trade, or use. Said products were distributed by Defendants Interior Exterior and Rightway in the ordinary course of commerce, trade or use and shipped into the State of Florida.

12.     This Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

13.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the citizenship of the Plaintiff is diverse from the citizenship of each of the Defendants and the amount in controversy exceeds $75,000.

-6-

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Northern District when defendants sold, marketed, distributed and/or warranted the defective products at issue here.

## FACTUAL ALLEGATIONS

15.    In connection with the construction of homes in the States of Alabama and Florida, Plaintiff purchased and installed gypsum drywall distributed by Interior & Exterior and Rightway.

16.    Upon information and belief, Plaintiff's seller purchased, directly and/or indirectly, gypsum drywall that was manufactured in China by Defendants Knauf Gips, Knauf Tianjin, and Taishan (collectively, the "Manufacturers"), which was imported and/or distributed by Defendants Interior & Exterior and Rightway.

17.    Defendants improperly designed, formulated, tested, manufactured, inspected, marketed, distributed, warranted, advertised, and sold to the Plaintiff and Class members drywall made from materials that are so high in sulfur that the drywall is unsuitable for its intended purposes.

18.    This drywall is uniformly and inherently defective in that even when properly installed and used for its intended purpose, the drywall chemically reacts with the metals and causes corrosion of other metal products. This incompatibility results in physical damage to other products (the "Defect").

-7-

19.    After building houses with the drywall manufactured by Manufacturers, Plaintiff was notified by its customers of HVAC system problems in certain homes it constructed in the States of Alabama and Florida. As a result, Plaintiff began an investigation into the source of the problem. Through scientific testing and analysis, Plaintiff has determined that HVAC coils and components, and other affected materials and items (the "Other Property"), are being attacked by a chemical reaction causing extensive corrosion. This corrosion and damage is observable as a black surface accumulation on the Other Property. The damage to the Other Property is a direct consequence of a defect in the drywall manufactured and sold by Defendants.

20.    As a direct consequence of the defective product installed in the homes built by Plaintiff, Plaintiff was obligated to, and did, replace affected Other Property at its own expense. Further, Plaintiff has incurred time and expense investigating the source of the problem and in testing to determine the cause and extent of the problem. Furthermore, Plaintiff is obligated to repair and replace the defective product and will incur substantial future expenses and damages.

21.    The defective drywall in the affected homes was supplied by Interior & Exterior and Rightway. Upon information and belief, Interior & Exterior and Rightway received the defective drywall directly or indirectly from the Manufacturers, who manufactured the defective drywall in China.

22.    Upon information and belief, Defendants knew, or were extremely reckless in not knowing, at or before the time they sold the drywall that the drywall contained the

-8-

Defect and that the Defect would cause damage to Other Property. Defendants had exclusive possession of this information and knowledge.

23.    At all times, Defendants concealed from and/or failed to disclose to Plaintiff and the Class the Defect, and failed to remove the drywall from the marketplace or take remedial action.

## CLASS ACTION ALLEGATIONS

24.    Plaintiff brings this action as a proposed class action under Federal Rule of Civil Procedure 23 on behalf of itself and all other persons similarly situated.

25.    Plaintiff seeks to represent a Class defined as:

> All persons and entities in the States of Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida who used drywall manufactured by Knauf Gips Kg, Knauf Plasterboard (Tianjin) Co., Ltd., or Taishan Gypsum Co., .Ltd., for the construction, repair, or remodeling of any improvement to real property and who incurred any expense associated with (1) repair or replacement of all or part of the drywall, and/or (2) other property damaged by the defective drywall, and/or (3) is liable to the owners of the property for said damages.

Plaintiff further seeks to represent a subclass of the above defined class as follows:

> Those persons in the above-described Class whose drywall was distributed by Defendants Interior & Exterior and/or Rightway.

Excluded from the Class are the Defendants, their legal representatives, officers, directors, assigns, and successors, or any entity in which any Defendant has a controlling interest; the judge to whom this action is assigned, and members of the judge's immediate family; claims

for personal injury. wrongful death and/or emotional distress: and all persons or entities who properly execute and timely file a request for exclusion from the Class.

26.     On information and belief, the defective drywall was installed in thousands of homes and apartments throughout the States of Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida. The estimate of the number of affected homes is based on reports of the quantity of imported gypsum drywall manufactured by the Manufacturers and imported into the United States. The thousands of homes affected by the Defect were constructed by at least hundreds of contractors, such that the Class is so numerous and geographically dispersed that joinder of all members in one action is impracticable.

27.     The Class is composed of an easily ascertainable, self-identifiable set of individuals and entities who constructed houses or other structures with the defective product.

28.     The claims of the representative Plaintiff is typical of the claims of the Class in that the representative Plaintiff, like all Class members, purchased and installed drywall that suffers from a common Defect into homes or other improvements it constructed. Plaintiff and the Class have repaired or replaced Other Property damaged by the Defect, and/or are obligated to repair and replace the Other Property as well as the defective property.

29.     Defendants have acted uniformly with respect to the Plaintiff and Class members, and in a manner generally applicable to all of them.

-10-

30.     There are numerous questions of law and fact common to Plaintiff and the Class, which predominate over any questions that might affect individual Class members, including:

    a.    Whether the Defendants owed a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, and marketing of the drywall;

    b.    Whether the Defendants breached their duty to Plaintiff and the Class by designing, manufacturing, advertising, and selling to Plaintiff and the Class defective drywall and by failing promptly to remove the drywall from the marketplace or take other appropriate remedial action;

    c.    Whether the drywall is defectively designed and manufactured in that it is chemically incompatible with other building components, and generally is not suitable for its intended use;

    d.    Whether the Defendants knew or should have known of the Defect;

    e.    Whether the Defendants owed a duty to Plaintiff and the Class to disclose the Defect in the drywall;

    f.    Whether the drywall fulfills Defendants' implied and express warranties;

    g.    Whether Plaintiff and the Class are entitled to compensatory and punitive damages and the amount thereof;

    h.      Whether the Defendants should be declared financially responsible for notifying all Class members of the defective drywall; for replacing all drywall; and for remediating all damage to other property resulting from the drywall Defect;

    i.      Whether Defendants have been unjustly enriched and should be ordered to disgorge, for the benefit of the Plaintiff and Class, all or part of the profits they received from the defective drywall, and/or to make full restitution to Plaintiff and the Class; and

    j.      Whether any other relief is appropriate and what it should be.

31.    The representative Plaintiff will fairly and adequately represent and protect the interests of the Class members. The representative Plaintiff's interests are coextensive with, and do not conflict with, the interests of the members of the proposed Class. Plaintiffs have retained counsel with considerable experience in prosecuting class actions and complex litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.

32.    Class members are construction companies which built the impacted structures and are responsible for the repairs and replacement of the defective drywall and the damaged other property. The expense Class members would have to incur if they were to attempt individually to obtain relief from the Defendants would dwarf the value of their claims, which accordingly do not warrant separate actions. Due to the expense of individual litigation, few if any Class members could otherwise afford to seek legal redress for the

-12-

wrongs complained of in this Complaint. Absent a class action, Class members will continue to suffer losses. Defendants' misconduct will continue without remedy, and Defendants will retain the economic benefits of their wrongdoing.

33.     Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation because it economizes public and private resources and promotes consistency and efficiency of adjudication.  Disposing of the claims of the instant Class members in a single action will provide substantial benefits to all parties and the courts, and is a fair and efficient method for adjudicating this controversy.

**COUNT I**
**(Negligence/ Gross Neglgence)**

34.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

35.     Defendants owed a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, marketing, advertising, and sale of the drywall.

36.     Defendants breached their duty to Plaintiff and the Class by designing, manufacturing, marketing, advertising, and selling to Plaintiff and the Class defective drywall that is unfit for its intended purpose; by failing to warn of the defective nature of the drywall; and by failing promptly to remove the drywall from the marketplace or take other appropriate remedial action.

-13-

37.    Defendants knew or reasonably should have known that the drywall was defective, would cause other building components to fail prematurely, was not suitable for its intended use in construction and otherwise was not as warranted and represented by the Defendants.

38.    Defendants not only possessed superior knowledge about the composition and defective nature of the drywall, but also knew or reasonably should have known that the Defect would cause physical damage to Plaintiff's and Class members' houses and properties; require additional monitoring; require repair and/or replacement of prematurely failed components; and inflict significant losses on Plaintiff and Class members.

39.    As a direct and proximate result of the Defendants' negligence, Plaintiff and the Class have sustained actual damages in that they have suffered, or are substantially certain to suffer, damage to houses and properties, or are substantially certain to incur, the costs of repairing and replacing defective drywall and other components, remediating consequent property damage, as well as resulting business disruption losses and diminished consumer confidence in Plaintiff's business.

40.    Defendants' employees also engaged in this wrongful conduct, with the active and knowing participation of Defendant entities and/or the knowing endorsement, ratification, and consent of Defendants' officers, directors, or managers.

41.    Defendants' conduct constituted also gross negligence, in that it was so willful, wanton, reckless, or wanting in care that it constituted a conscious disregard or indifference to the rights of Plaintiff and the Class.

-14-

## COUNT II
### (Strict Products Liability)

42      Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

43.     At all relevant times, Defendants were engaged in the business of designing, manufacturing, marketing, advertising, and/or selling into the stream of commerce the drywall that is the subject of this action.

44.     The drywall purchased by Plaintiff and the Class, and/or installed by them in homes and real estate improvements constructed by them, was and is defective and unfit for its intended use.

45.     Defendants knew and expected that the drywall would reach, and it did reach, the Plaintiff and Class members without any substantial change in its condition.

46.     Under normal use, as alleged above, the drywall fails to perform in accordance with the reasonable expectations of Plaintiff, the Class and ordinary consumers.

47.     The risks of harm posed by the failure of the drywall outweigh the benefits of its design.

48.     The Manufacturers, in exercising reasonable care, should have produced properly-designed drywall. Had they done so, this would have prevented the injury and damages suffered by Plaintiff and the Class resulting from the Defect.

49.     As a direct and proximate cause of the Manufacturers' defective design, and/or manufacture of the drywall, and the Defendants' sale of the drywall into the stream

-15-

of commerce, Plaintiff and the Class have suffered or are substantially certain to suffer damages, including damage to property, and have incurred, or are substantially certain to incur, the costs of testing, repairing and replacing defective drywall and other components, remediation of consequent property damage, as well as resulting business disruption losses and diminished consumer confidence in Plaintiff's and Class members' business.

50.     Defendants knew or should have known of the risks posed by the drywall, and the risks of property damage posed to those who purchased and installed the drywall, but failed to provide adequate warnings of the known or foreseeable risks. Defendants had a duty not to put on the market products that posed a serious danger without issuing warnings to the Plaintiff and the Class.

51.     Defendants breached their duty to warn by unreasonably failing to provide warnings concerning any of the facts alleged herein to the Plaintiff and the Class.

52.     Defendants' failure to warn, as alleged herein, proximately caused reasonably foreseeable injuries to Plaintiff and the Class. The Plaintiff would have heeded legally adequate warnings, and not purchased the Defendants' drywall, but would have purchased another drywall product. The absence of warnings by the Defendants was the proximate cause of present and future damages sustained by Plaintiff and the Class.

53.     As a direct and proximate result of Defendants' above-described failure to warn, Plaintiff and the Class have suffered or are substantially certain to suffer damages, including damage to property, and have incurred, or are substantially certain to incur, the costs of testing, repairing and replacing defective drywall and other components, remediation

-16-

of consequent property damage, as well as resulting business disruption losses and diminished consumer confidence in Plaintiff and Class members' business.

54.     Defendants' wrongful conduct, alleged in the foregoing paragraphs, was intentional, in that Defendants' managing agents, primary owners, and/or other officers or directors acted with knowledge of the wrongfulness of their conduct and of the high probability that injury or damage to the Plaintiff and members of the Class would result and, despite that knowledge, intentionally sold drywall without proper testing, concealed the Defect, and failed to warn purchasers of the Defect.

55.     Defendants' employees also engaged in this wrongful conduct, with the active and knowing participation of Defendant entities and/or the knowing endorsement, ratification, and consent of Defendants' officers, directors, or managers.

56.     Defendants' conduct also constituted gross negligence, in that it was so willful, wanton, reckless, or wanting in care that it constituted a conscious disregard or indifference to the rights of Plaintiff and the Class.

**COUNT III**
**(Unjust Enrichment)**

57.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

58.     Defendants have been unjustly enriched in that they have wrongfully acquired a benefit, i.e., funds and profits, by their wrongful behavior described above.

-17-

59.    Defendants have continued to acquire funds and profits despite their knowledge of the defectiveness of. and risks posed by. the defective drywall.

60.    The circumstances under which Defendants profited from the sale of the drywall make it inequitable for them to retain those funds and profits.

61.    Plaintiff, on behalf of itself and all other similarly situated, demands that Defendants be ordered to disgorge, for the benefit of the Plaintiff and Class, all or part of their ill-gotten profits received from the sale of the defective drywall, and/or make full restitution to Plaintiff and the members of the Class.

## COUNT IV
### (Indemnity)

62.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

63.    Manufacturers manufactured the defective gypsum drywall that was installed in certain of the affected homes.

64.    The deficient and defective gypsum drywall manufactured by the Manufacturers and distributed by Interior & Exterior and Rightway has caused damage to Other Property within the affected homes.

65.    Because of the defective drywall installed in the affected homes, Mitchell and Class members have been, or will be, forced to undertake an expensive and time-consuming process to thoroughly and completely repair the affected homes, which may include replacing

-18-

Case 2:09-md-02047-EEF-MBN Document 13566-16 Filed 04/04/12 Page 20 of 26

the defective gypsum drywall and repairing or replacing the Other Property and other materials damaged as a result of the defective drywall.

66. Mitchell and Class members have incurred and will continue to incur monetary damages from the repair and replacement of defective drywall and Other Property in the affected homes.

67. Mitchell and Class members are entirely without fault for the damage to the affected homes and Other Property.

68. As the manufacturers and distributors of the defective gypsum drywall, Defendants are wholly at fault and responsible for all damages resulting from the defective gypsum drywall.

69. As a result of Defendants' wrongful conduct, Mitchell and Class members have been damaged. These damages include, but are not limited to, the cost to fully repair the affected homes, which may include replacing the defective gypsum drywall and repairing and replacing the damage to the Other Property in the affected homes as a result of the deficient and defective gypsum drywall. These damages shall also include all costs incurred by Mitchell and Class members in relocating their homeowners to suitable temporary housing facilities while the affected homes are undergoing such repairs, as well as damages for loss of goodwill and reputation.

70. Because Mitchell and Class members, through no fault of their own, are vicariously, constructively, derivatively, or technically responsible for the defective gypsum drywall manufactured or distributed by Defendants and installed in the affected homes, a

special relationship exists between Mitchell and Class members and Defendants pursuant to which Mitchell and Class members have the right to be indemnified for all damages sustained as a result of Defendants' defective gypsum drywall, including all attorneys' fees and costs incurred in connection with this lawsuit.

## COUNT V
### (Implied Warranty of Merchantability)

71.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

72.     Each of the Defendants are merchants of gypsum drywall.

73.     Under the laws of Alabama, Mississippi, Louisiana, Georgia, Florida, and Texas, Defendants impliedly warranted directly to Mitchell and Class members, or to their predecessors in title, that the gypsum drywall was merchantable and reasonably fit for the ordinary purpose for which gypsum drywall is used.

74.     Mitchell and Class members are an intended third party beneficiary of the warranty given by Defendants to their predecessors in title and the clear and manifest intent of the Defendants sales contracts were to primarily and directly benefit Mitchell and Class members.

75.     Defendants breached the implied warranty of merchantability by selling certain gypsum drywall that was defective and not reasonably fit for the ordinary purpose for which gypsum drywall is used.

-20-

76.     Specifically, certain of the drywall supplied by Defendants and installed in the affected homes is defective because it has caused damage to Other Property in the affected homes.

77.     Mitchell timely notified Defendants of the defective gypsum drywall, but Defendants have failed to repair or replace the defective gypsum drywall.

78.     As a result of Defendants' breaches of the implied warranty of merchantability, Mitchell has been damaged. These damages include, but are not limited to, the costs of fully repairing the affected homes, which may include replacing the defective gypsum drywall and repairing or replacing the damage to the Other Property in the affected homes as a result of the deficient and defective gypsum drywall. These damages shall also include all costs incurred by Mitchell in relocating its homeowners to suitable temporary housing facilities while the affected homes are undergoing such repairs, as well as damages for loss of goodwill and reputation.

## COUNT VI
### Express Warranty

79.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

80.     Defendants expressly affirmed that the product they were selling to Plaintiff and the Class was gypsum drywall. By trade custom and practice, said warranty included an affirmation that the product was essentially gypsum, a paper backing, and nothing else. That

affirmation constitutes an express warranty under the laws of Alabama, Mississippi, Louisiana, Georgia, Florida. and Texas. Plaintiff and the Class relied on said express warranty in selecting and utilizing the subject drywall.

81. Defendants breached said express warranty by selling a product that did not conform to said affirmation, namely that the product was contaminated with a compound containing a high sulfur content such that it is not essentially gypsum.

82. Specifically, certain of the drywall supplied by Defendants and installed in the affected homes is defective because it has caused damage to Other Property in the affected homes.

83. Mitchell timely notified Defendants of the defective gypsum drywall, but Defendants have failed to repair or replace the defective gypsum drywall.

84. As a direct consequence of said breach, Plaintiff and the Class have been damaged. These damages include, but are not limited to, the costs of fully repairing the affected homes, which may include replacing the defective gypsum drywall and repairing or replacing the damage to the Other Property in the affected homes as a result of the deficient and defective gypsum drywall. These damages shall also include all costs incurred by Mitchell in relocating its homeowners to suitable temporary housing facilities while the affected homes are undergoing such repairs, as well as damages for loss of goodwill and reputation.

-22-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the proposed Class, prays that this Court enter judgment against the Defendants and in favor of the Plaintiff and award the following relief:

A.    Certification of the proposed Class and any necessary subclass(es);

B.    A declaration that the Defendants are financially responsible for notifying all Class members of the Defect;

C.    A declaration that the Defendants are responsible for the costs and expenses of monitoring, repairing, and replacing of drywall;

D.    Compensatory damages;

E.    Consequential damages, including but not limited to business disruption costs suffered by the Plaintiff and Class members as a result of their purchase of the drywall;

F.    Punitive damages;

G.    A declaration that the Defendants must disgorge, for the benefit of the Class, all or part of their ill-gotten profits received from the sale of defective drywall and/or make full restitution to Plaintiff and the Class;

H.    An award of costs and attorneys' fees, as allowed by law, and/or from a common fund created hereby;

-23-

I.  A permanent injunction mandating that Defendants replace all defective drywall with equivalent products that are free from defects;

J.  A permanent injunction mandating that Defendants remediate all damage caused from the defective drywall;

K.  Leave to amend the Complaint to conform to the proof presented at trial; and

L.  Such other or further relief, including equitable relief, as this Court deems appropriate under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

/s/  Steven L. Nicholas
STEVEN L. NICHOLAS (ASB-2021-N35S)
R. EDWIN LAMBERTH
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama  36604
251-471-6191
251-479-1031 (fax)

JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, New York  10017-2024
212-355-9500
212-355-9592 (fax)

ELIZABETH J. CABRASER
KRISTEN E. LAW
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, California 94111-3339
415-956-1000
415-956-1008 (fax)

Attorneys for Plaintiff

**DEFENDANTS TO BE SERVED AS FOLLOWS:**

Knauf Gips KG
Ridham Dock, Kemsley
Sittingbourne, Kent ME9 8SR, UK

Knauf Plasterboard (Tianjin) Co., Ltd.
North Yinhe Bridge, East Jingjin Road
RC-300400 Tianjin, China

Taishan Gypsum Co. Ltd.
Dawenkou Daiyue District
RC-271026 Tai'an Shandong, China

Interior & Exterior Building Supply, L.P.
727 South Cortez Street
New Orleans, Louisiana 70119

Rightway Drywall, Inc.
c/o Michael S. Jenkins, Registered Agent
102 Samantha Drive
Bonaire, Georgia 31005