**May v. Osako & Co., Ltd, 2011 WL 4544889 (2011)**

2011 WL 4544889 (Va.Cir.Ct.) (Trial Order)
Circuit Court of Virginia.
Roanoke City

Janet MAY,
v.
OSAKO & CO., LTD et al.

No. CL08002245-00.
September 12, 2011.

**Final Disposition Order**

Charles N. Dorsey, Judge.

John P. Fishwick, Jr., Esquire

Monica L. Mroz, Esquire

LichtensteinFishwick, PLC

101 S. Jefferson St., Ste. 500

Roanoke, VA 24011

Christopher C. Spencer, Esquire

O'Hagan Spencer, LLP

6806 Paragon Pl., Ste. 200

Richmond, VA 23230

Thomas P. Lloyd, Esquire

Law Offices of Thomas P. Lloyd

204 McClanahan Ave.

Roanoke, VA 24014

C. Kailani Memmer, Esquire

Guynn, Memmer & Dillon, PC

415 S. College Ave.

Salem, VA 24153

Jason Guy Moyers, Esquire

Frankl, Miller & Webb, LLP

P.O. Box 4126

**May v. Osako & Co., Ltd, 2011 WL 4544889 (2011)**

Roanoke, VA 24015

Dear Counsel:

This case is before the Court regarding Osako's Special Plea to Contest Personal Jurisdiction. After reviewing the briefs and hearing oral argument, the Court sustains the plea and dismisses the suit against Osako for lack of jurisdiction.

*Facts and Disposition*

Osako & Co. and Osako-Seiko Co. (Osako) are Japanese manufacturing companies with their principal places of business in Japan. At the time this cause of action arose, Consolidated International Corporation (Consolidated) was the exclusive North American distributor for Osako's products. Consolidated sold a saddle stitcher machine to Progress Press in Roanoke, Virginia.

On October 30, 2006, Janet May was employed at Progress Press, operating the stitching machine. May alleges that, while using it, the machine injured her due to an improper conveyor belt. May has brought suit against Osako, among others, alleging negligence and breach of warranties.

Osako contests jurisdiction in Virginia.

*Analysis*

The facts of this case are virtually identical to those of *J. McIntyre Machinery v. Nicastro*,[1] a recent United States Supreme Court decision changing how courts look at jurisdiction in what were formerly "chain of commerce" cases. In both *Nicastro* and the instant case, a foreign manufacturer used an American based company as its exclusive distributor in this country. The manufacturers had no physical locations in the United States and the chosen distributors were not sub-entities of the manufacturers. Neither McIntyre Machinery nor Osako specifically targeted the state where the suit was brought, but each knew that their product would be sold in the United States generally. Each manufacturer made changes to their product in order to better appeal to an American market, though unlike McIntyre, Osako attended no trade shows in Virginia. Finally, Osako sent at least one machine to Virginia, while McIntyre sent no more than four to New Jersey.

Footnotes
In Plaintiff's brief, which relied heavily on the New Jersey Supreme Court *Nicastro* opinion,[2] May asserts that the two cases are remarkably similar. In fact, May argues that the cases are so similar that this Court has no way to find differently than the New Jersey court. Subsequent to Plaintiff's brief, however, the Supreme Court of the United States reversed the New Jersey Supreme Court in *Nicastro*. May has been unable to factually distinguish the New Jersey opinion from the Supreme Court opinion.

1       564 U.S. ___ (2011).

Therefore, applying the reasoning of *Nicastro* to the comparable facts of this case, this Court lacks jurisdiction. In *Nicastro*, the Supreme Court of the United States strongly affirmed Justice O'Connor's substantial connection analysis set forth in *Asahi Metal Industry Co. v. Superior Court of California* over Justice Brennan's foreseeability test. The Supreme Court of the United States decided that the mere placing of a product into the stream of commerce is not enough to subject the sender to jurisdiction in any place where the product ends up. The Court emphasized the need to concentrate on the Defendant's intent to serve a particular state. The jurisdictional ties of this case are just as tenuous as they were in *Nicastro*. Osako simply does not have enough connection to the forum state.

Therefore this Court lacks jurisdiction over Osako, and suit must be dismissed against Osako.

If Mr. Spencer would please prepare an order, preserving objections, and incorporating this opinion, and submit it after endorsement, it would be appreciated.

Very truly yours

<<signature>>

Charles N. Dorsey

**May v. Osako & Co., Ltd, 2011 WL 4544889 (2011)**

2      Nicastro v. McIntyre Mach. Am., Ltd., 201 N.J. 48 (2010), *rev'd, Nicastro,* 564 U.S. at

**End of Document**                                                                 © 2012 Thomson Reuters. No claim to original U.S. Government Works.