UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Cassidy, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, Case No.: 11-cv-3023 (E.D.La.)<br><br>*Abner, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No.: 11-3094 (E.D.La.)<br><br>*Almeroth, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No.: 12-cv-498 (E.D.La.) | |

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF
LAW IN SUPPORT OF ITS RULE 6(b) MOTION FOR EXTENSION
OF TIME FOR SERVICE OF PROCESS UNDER RULE 4(m)**

**I.     INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") hereby requests a stay or an extension of the 120 day period for service of the complaints in *Cassidy, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, Case No.: 11-cv-3023 (Omni XIV); *Abner, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 11-3094; and *Almeroth, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 12-cv-498 (Omni XIII).  The 120 day period for service of these complaints is set to expire on April 6, 2012 (Omni XIV), April 26, 2012 (*Abner*), and June 22, 2012 (Omni XIII).  Plaintiffs

1

do not believe they will be successful in fully serving any of these complaints before the 120 day period for service expires in light of their past difficulties in serving class action complaints.

Given the hardships that Plaintiffs anticipate in seeking to accomplish effective service of the Omni XIII, Omni XIV, and *Abner* complaints, the PSC requests that the Court stay and/or extend the 120 day period for service of process, as it has for other similar complaints. For the reasons set forth in detail below, there is good cause for an extension of time and/or a stay of the 120 day period for service of process.

## II. FACTS AND PROCEDURAL HISTORY

The PSC has filed omnibus class action complaints during the course of this litigation in order to streamline plaintiffs onto consolidated complaints that are organized by the manufacturing defendants responsible for the defective drywall in the plaintiffs' homes. In addition to asserting claims against manufacturing defendants, these omnibus complaints are also designed as a vehicle for plaintiffs to bring claims against the non-manufacturing defendants in the stream of distribution of the defective drywall in their homes. The pertinent omnibus complaints involving homeowners' claims against the manufacturers and other defendants responsible for the defective drywall at issue in this litigation are:

1. *Payton, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-07628 (E.D.La.) (Omni I) (involving claims against the Knauf defendants);

2. *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.*, Case No. 2:10-cv-00361 (E.D.La.) (Omni II) (involving claims against non-Knauf manufacturers such as Taishan and BNBM);

3. *Gross, et al. v. Knauf Gips KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.) (Omni III) (asserting alternative liability theory against all known manufacturers for drywall that cannot be traced to a particular manufacturer);

  4. *Rogers, et. al. v. Knauf GIPS KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.) (Omni IV) (involving claims against the Knauf defendants);

  5. *Abel, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-080 (E.D.La.) (Omni VII) (involving claims against Taishan and related entities);

  6. *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*, Case No. 2:11-cv-00252 (E.D.La.) (Omni VIII)(involving claims against the Knauf defendants);

  7. *Haya, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No.: 11-cv-1077 (E.D.La.) (Omni IX)(involving claims against the Taishan defendants);

  8. Block, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al., Case No.: 11-cv-1363 (E.D.La.) (Omni X)(involving claims against the Knauf defendants);

  9. *Benoit, et al v. Lafarge S.A., et al*, Case No.: 11-cv-1893 (E.D.La.) (Omni XI) (involving claims against the Lafarge, Boral, and other related entities);

  10. *Arndt, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*, Case No.: 11-cv-2349 (E.D.La.) (Omni XII)(involving claims against the Knauf defendants);

  11. *Cassidy, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, Case No.: 11-cv-3023 (E.D.La.) (Omni XIV)(involving claims against the Knauf defendants); and

  12. *Almeroth, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 12-cv-498 (E.D.La.)(Omni XIII) (involving claims against the Taishan defendants).

Because hundreds of plaintiffs participated in each of these omnibus class action complaints, several hundred defendants have been sued in each of these complaints. The Omni complaints have already presented claims for approximately 8,000 plaintiffs in this MDL proceeding. By way of example, five-hundred and seventeen (517) defendants were sued in the *Payton* complaint which involves the claims of more than a thousand plaintiffs. The PSC has experienced extreme difficulty in serving the omnibus class action complaints in part due to the large number of defendants who have been sued in each of the complaints. For instance,

although the *Payton* complaint was filed on December 9, 2009, Plaintiffs have been unable to serve thirty-six (36) of the defendants named in the complaint. *See* the PSC's eighteenth status report pursuant to pre-trial order 1H [Doc. No. 13371]. The PSC has also experienced difficulty in serving the omnibus class action complaints since they involve claims against foreign defendants who must be served in compliance with the Hague Convention.

Although not styled as omnibus class action complaint, the recently filed *Abner* complaint involves claims against some sixty defendants. The overwhelming majority of these defendants are foreign defendants who have not agreed to accept service of process in this litigation. By way of example, Taishan and entities closely related to Taishan are named defendants in the *Abner* complaint. Thus, service of the *Abner* complaint presents challenges similar to those associated with the omnibus class action complaints since the *Abner* complaint involves a large number of foreign defendants.

As the Court is well aware based on earlier motions to extend time for service, the PSC has experienced difficulties in serving both foreign and domestic defendants alike since many of these defendants are taking deliberate measures to evade service of process. The PSC has also experienced delay in serving many of the foreign defendants due to the Hague Convention's service requirements as well as the actions of protectionist governments attempting to shield their resident corporations from litigation involving foreign plaintiffs. Although some of the problems associated with serving foreign defendants have been resolved since the Knauf defendants have agreed to accept service of process in this litigation, the Taishan defendants have refused to enter such an agreement in a effort to further delay justice to the thousands of consumers who have been damaged by their defective drywall. Taishan's refusal to accept service is clearly designed

to thwart and otherwise delay these proceedings since its counsel has entered their appearance in cases where Taishan acknowledges it has been served consistent with the requirements of the Hague Convention.[1]

As a direct result of the difficulties in perfecting service of process in this litigation, the PSC has filed several motions to extend the 120 day period for service of process. *See* document #s 340 (motion to extend time for service on foreign defendants); 1098 (motion for extension of time to serve defendants in *Gross*); 2175 (motion for extension of time to serve defendants in *Payton*); 4385 (motion for extension of time to serve defendants in *Wiltz*); 4387 (motion for extension of time to serve defendants in *Rogers*); 4388 (motion for extension of time to serve defendants in *Gross* (*i.e.*, Omni III); 4443 (motion for extension of time to serve defendants in *Amato*); 6493 (motion for extension of time to serve defendants in Omni I(A), II(A), III(A), and IV(A)); 7750 (motion for extension of time to serve defendants in Omni I(B), Omni I(C), Omni II(B), Omni II(C), Omni IV(B), Omni IV(C), Omni VII, and Omni VIII); 9620 (motion for extension of time to serve defendants in Omni IX, Omni X, and the directly filed version of the *Amorin* complaint); and 10744 (motion for extension of time to serve defendants in Omni XI, Omni XII, and the transferred *Amorin* complaints).

This Court has recognized the difficulties in perfecting service of process in the past by granting each of these motions to extend the 120 day period for service of process. *See* Order dated October 21, 2009 [document # 379] (granting motion to extend time for service on foreign defendants in all cases); Order dated February 23, 2010 [document # 1285] (granting motion to

---

[1] Taishan's continuing refusal to accept service of process will end up costing plaintiffs hundreds of thousands of dollars in translation and service costs. This decision could also delay service by a year or longer.

5

extend time for service in *Gross*).  Most recently the Court granted the PSC's motions to extend the 120 day period for service of process with respect to each of the then filed omnibus class action complaints.  *See* Order dated March 31, 2010 [document # 2268] (granting motion to extend time for service in *Payton*); Order dated August 12, 2010 [document # 5207] (granting motions to extend time for service in *Rogers*, *Wiltz*, *Gross*, and *Amato*); Order dated January 21, 2011 [document # 7138] (granting motions to extend time to serve the Omni I(A), II(A), III(A), and IV(A) complaints); Minute Entry dated March 23, 2011 [document # 8325] (granting motions to extend time to serve the Omni I(B), Omni I(C), Omni II(B), Omni II(C), Omni IV(B), Omni IV(C), Omni VII, and Omni VIII complaints); Order dated June 29, 2011 [document # 9681] (granting motion to extend time to serve Omni IX, Omni X, and the directly filed version of the *Amorin* complaint); and Order dated September 30, 2011 [document # 10776] (granting motion to extend time to serve defendants in Omni XI, Omni XII, and the transferred *Amorin* complaints).

The PSC has since filed two additional Omnibus Class Action Complaints in *Cassidy* and *Almeroth* on December 8, 2011 and February 23, 2012, respectively.  The PSC also recently filed the *Abner* complaint on December 28, 2011.[2]  Accordingly, the PSC has until April 6, 2012 (Omni XIV), April 26, 2012 (*Abner*), and June 22, 2012 (Omni XIII) to serve each of these Complaints consistent with the requirements of Rule 4(m).

Despite the PSC's diligence in preparing the Omni XIV, Omni XIII, and *Abner* complaints for service, the PSC anticipates it will experience many of the same difficulties and

---

[2]The *Abner* Complaint was originally filed in the United States District Court for the Central District of California.  The Complaint was transferred and docketed in this Court on December 28, 2011.

delays it has experienced in serving its other class action complaints.[3]  Accordingly, the PSC respectfully requests that the Court grant its motion to extend the 120 day period for serving the Omni XIV, Omni XIII, and *Abner* complaints.

### III.     ARGUMENT

As with the PSC's earlier class action complaints, it is unlikely the PSC will be able to fully serve the Omni XIV, Omni XIII, and *Abner* complaints before the 120 day period for service expires.  For starters the PSC must interpret and serve the Omni XIII and *Abner* complaints consistent with the Hague requirements (*i.e.*, in light of Taishan's continuing refusal to accept service of process).  With regard to each of these complaints, the PSC anticipates it will experience significant delay in serving the foreign defendants for the same reasons discussed in its earlier motions for extension of time for service which are incorporated herein by reference. *See* document #s 340; 1098; 2175; 4385; 4387; 4388, 4443, 7750, 9620, and 10744.  The PSC also anticipates that it will experience difficulties in serving the domestic defendants for the same reasons discussed in these earlier motions for extension of time for service of process.

As was discussed in these earlier motions, the process of translating the complaints for service on the foreign defendants is time consuming and will delay the PSC's efforts to serve foreign defendants by several months.  Once translated the complaints will then need to be forwarded to the central authority responsible for serving the foreign defendants and the

---

[3] As with the earlier class action complaints, APS International, Ltd. ("APS") has been appointed to handle all matters related to the service of the Omni XIV, Omni XIII, and *Abner* complaints. The PSC has obtained summonses for the Omni XIV, Omni XIII and *Abner* complaint and APS is actively serving the defendants in these actions.  In addition, the PSC has forwarded the Omni XIII and *Abner* complaints to APS so that they can be translated for service on the foreign defendants.

complaints will languish for several months before service is even attempted. Even after service has been attempted, several months will elapse before the PSC is notified of whether service has been perfected. This type of delay as well as instances where foreign governments have refused to attempt service is well documented in the PSC's earlier motions to extend time for service.

The PSC has also experienced many instances where both domestic and foreign defendants have engaged in conduct designed to evade service of process. For instance, certain defendants have refused to accept service of process where a complaint contains minor typographical errors in the defendant's name, several defendants have relocated to unknown addresses, and the service addresses for many other defendants are either mail boxes where service cannot be perfected or located in gated communities where the PSC's process servers have been denied access. Examples of such instances are documented in the PSC's earlier motions to extend time for service of process. Thus, there are some foreign and domestic defendants that Plaintiffs will be unable to locate within the 120 days for service and/or who will be uncooperative in accepting service of process once they are located.

In light of the above impediments, there is good cause to extend the 120 day period for service of process and/or to stay the period for service of process. *See* Rule 6(b)(1) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ...").[4] Just as this Court has allowed for other extensions of time for service of process under

---

[4] It is well established that courts have the ability to stay the 120 day period for service of process under Rule 4(m). *See Snyder v. Hall*, 2008 WL 2838814, * 2 (C.D.Ill. 2008) (complete stay of the litigation operated to stay plaintiff's duty to serve the defendant within 120 days of the filing of the complaint); *Denton v. United States of America*, 2006 WL 3783595, * 1-2 (N.D.Ga. 2006) (ruling that plaintiff's attempt to serve defendants during a stay were invalid, and that the stay tolled the running of the 120 day period for service under Rule 4(m)); *Vitaich v. City of Chicago*,
(continued...)

Rule 4(m), good cause exists for extensions of time to perfect service of process of the Omni XIV, Omni XIII and *Abner* complaints.

## IV.     **CONCLUSION**

Accordingly, the PSC respectfully requests that the Court grant the relief requested in the instant motion by either extending the period of time for service of process or by staying the 120 days for service of process under Rule 4(m) with respect to the Omni XIV, Omni XIII and *Abner* complaints.

Dated: April 5, 2012

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

---

[4](...continued)
1995 WL 493468, * 5 (N.D.Ill. 1995) (determining that stay of proceedings operated to toll the running of the 120 day for service under Rule 4(m)).

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters Law Firm, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com