UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | MDL No. 2047 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE <br> JOSEPH C. WILKINSON, JR. |

\* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \*\* \* \* \* \* \* \* \*\* \* \*

THIS DOCUMENT RELATES TO:   *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.,*  **Case No. 10-00361**

**DECLARATION OF FRANK T. SPANO IN SUPPORT OF
TAISHAN GYPSUM CO. LTD. AND TAI'AN TAISHAN PLASTERBOARD CO., LTD.'S
MOTION TO DISMISS THE COMPLAINT**

I, Frank T. Spano, declare, under penalty of perjury, that the following statements are true and correct:

1.     I am a partner of the firm of Hogan Lovells US LLP, counsel for Defendants Taishan Gypsum Co. Ltd. ("TG") and Tai'an Taishan Plasterboard Co., Ltd. ("TTP") (together, "Defendants"). I am fully familiar with the facts set forth herein. I affirm that I am not a party to the action. I respectfully submit this declaration in support of TG and TTP's motion to dismiss this action for lack of personal jurisdiction.

2.     Attached hereto as **Exhibit 1** is a is a true and correct copy of the Affidavit of Jia Tongchun, Chairman, General Manager and Senior Engineer of Taishan ("Jia Aff."), dated September 16, 2010, which was filed in support of TG and TTP's motion to dismiss in the matter

of *Southern Homes, LLC, et al. v. Interior/Exterior Bldg. Supply, LP et al.*, No 2009-6564 (La. Civ. Dist. Ct.) in September 2010.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of the transcript of the deposition of Jia Tongchun, including Defendants' Exhibits 1 through 47A and Plaintiffs' Exhibits 1 through 36,[1] which took place on April 4 and 5, 2011 and January 9 and 10, 2012. ("Jia Tr.")  Some of the testimony and exhibits to the Jia Tr. have been designated "Highly Confidential" and will be filed under seal in accordance with Pre-Trial Order No. 16.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of the transcript of the deposition of Peng Wenlong, including Exhibits 1 through 23, which took place on April 7 and 8, 2011 and January 13, 2012 ("Peng Tr.").  Some of the testimony and exhibits to the Peng Tr. have been designated "Highly Confidential" and will be filed under seal in accordance with Pre-Trial Order No. 16.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of the transcript of the deposition of Zhang Jianchun, including Exhibits 13 through 17 which took place on April 6, 2011 ("Zhang Tr.").  Some of the testimony and exhibits to the Zhang Tr. have been designated "Highly Confidential" and will be filed under seal in accordance with Pre-Trial Order No. 16.

---

[1] Prior to the January 2012 depositions, the parties agreed to exchange and review each other's existing translations of Chinese language documents, with a view towards reaching an agreement as to the accuracy and admissibility of the translations. Because the number and content of translations was so voluminous, the parties were unable to reach agreement prior to the January 2012 depositions, and instead, used draft translations for many of the deposition exhibits marked with the suffix "A" (*e.g.* Defendants' Exhibit 3 to the Jia deposition was the underlying Chinese language document and Defendants' Exhibit "3A" was the draft translation). For purposes of the Court's evidentiary hearing on the issue of personal jurisdiction, the parties have come to an agreement on the accuracy and admissibility of substantially all of the translations, and have consented to entry of an "Order Regarding Accuracy of Translations of Certain Documents Identified by Parties for Use in Jurisdictional Motions" (the "Translations Order"). As of the date of filing of this motion, the parties were still conferring on the form of the proposed order and schedules thereto. The pre-deposition draft translations have been replaced with the revised, updated translations as agreed by the parties, and, once the Translations Order is signed and entered by the Court, the updated translations will be admissible to the same extent as their underlying Chinese language counterparts.

6.      Attached hereto as **Exhibit 5** is a true and correct copy of the transcript of the deposition of Che Gang, including Defendants' Exhibits 1 and 2 and Plaintiffs' Exhibits 1 through 32, which took place on and January 11 and 12, 2012.

7.      Attached hereto as **Exhibit 6** is a true and correct copy of the transcript of the deposition of Fu Tinghuan, including Exhibits 1 through 4, which took place on and January 10, 2012.

8.      Attached hereto as **Exhibit 7** is a true and correct copy of the transcript of the deposition of Peng Shiliang, including Exhibits 1 through 10, which took place on January 11, 2012 ("Shiliang Tr."). Some of the testimony and exhibits to the Shiliang Tr. have been designated "Highly Confidential" and will be filed under seal in accordance with Pre-Trial Order No. 16.

9.      Attached hereto as **Exhibit 8** is a true and correct copy of the Declaration of Jia Tongchun, dated August 15, 2010 originally submitted in support of TG's September 10, 2010 Motion to Vacate the Default and Dismiss the Complaint in the matter of *Germano, et. al. v. Taishan Gypsum Co., Ltd.*, Case No. 09-6687. (E.D. La.).

10.     Attached hereto as **Exhibit 9** is a true and correct copy of TG's Manufacturer's Profile Form, dated October 13, 2010.

11.     Attached hereto as **Exhibit 10** are true and correct copies of contracts for the only two sales TG ever made to a company based in the U.S.: Venture Supply, Inc. ("Venture Contracts"). The Venture Contracts are dated November 17, 2005 and December 16, 2005 and are Bates numbered TG 0001567–TG 0001568 and 0001572–TG 0001573, respectively.

12.    Attached hereto as **Exhibit 11** are true and correct copies of the Bills of Lading for drywall sold by TG to Venture Supply and shipped by Venture Supply to Norfolk, Virginia (Bates numbered TG 0000308) and to Camden, New Jersey (Bates numbered TG 0001576).

13.    Attached hereto as **Exhibit 12** is a true and correct copy of the Manufacturer's Profile Form submitted by TTP, dated October 14, 2010.

14.    Attached hereto as **Exhibit 13** are various communications demonstrating how potential foreign customers typically initiated contact with TTP directly or through representatives:

a.   email, Bates numbered TG 0000904 from Michael Hsu of Pacific Product, LLC, dated March 20, 2006;

b.   email, Bates numbered TG 0023790 from Russell Ionin, dated March 30, 2006;

c.   email, Bates numbered TG 0000963 from "Syvco@msn.com", dated April 11, 2006;

d.   email, Bates numbered TG 0000421 from Darren Dai, dated May 11, 2006;

e.   email, Bates numbered TG 0000417-TG 0000418 from Darren Dai, dated May 16, 2006;email, Bates numbered TG 0021467 from Chen Zhi Ji, dated June 7, 2006;

f.   email, Bates numbered TG 0000482 from Joseph M. Lovell of Greywolfe International, dated June 27, 2006;

g.   email, Bates numbered TG 0021439 from Florence Ma, dated July 11, 2006;

h.   email, Bates numbered TG 0019348–TG 0019352 from Tanader Tang of Bluefire International, dated July 27, 2006;

i.   email, Bates numbered TG 0019796 from Josephine Wang of Switzenbaum & Associates, dated August 9, 2006;

j.   email, Bates numbered TG 0000537 from Ivan Gonima, dated August 30, 2006;

k.   email, Bates numbered TG 0001266–TG 0001267 from Rafael Cerna, dated February 6, 2007.

15.     Attached hereto as **Exhibit 14** are true and correct copies of excerpts from the deposition of Darrin Steber, President of GD Distributors, LLC ("GD Distributors"), taken December 30, 2011 ("Steber Tr.").

16.     Attached hereto as **Exhibit 15** is a true and correct copy of an invoice, dated July 11, 2006 for the purchase of drywall by GD Distributors from TTP, which was part of Exhibit 2 to the Steber Tr.

17.     Attached hereto as **Exhibit 16** is a true and correct copy of two "Foreign Wire Transfer Slips" from Capital One Bank evidencing the payments made by GD Distributors to TTP in July 2006, which were part of Exhibit 2 of the Steber Tr.

18.     Attached hereto as **Exhibit 17** is a true and correct copy of a Guarantee Agreement, Bates numbered TG 0025560–TG 0025564, between TG and BNBM, dated February 18, 2006.

19.     Attached hereto as **Exhibit 18** are true and correct copies of excerpts from the transcript of the deposition of Richard Hannam, corporate representative of Wood Nation, taken February 14, 2011.

20.     Attached hereto as **Exhibit 19** are true and correct copies of excerpts from the transcript of the deposition of Richard Hannam, taken February 13, 2012.

New York, New York
Date:  April 6, 2012

_____
Frank T. Spano