UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSS M. HERMAN AND ARNOLD LEVIN,** : | Case No. 2:12-cv-00497-EEF-JCW |
| : | |
| Plaintiffs, : | |
| : | SECT. N MAG 1 |
| v. : | |
| : | |
| **CATAPHORA, INC. AND ROGER** : | |
| **CHADDERDON,** : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' OPPOSITION TO CATAPHORA, INC. AND ROGER CHADDERDON'S
MOTION TO DE-CONSOLIDATE ABOVE ACTION FROM CHINESE DRYWALL
MDL AND TRANSFER**

**I.    INTRODUCTION.**

Defendants, Cataphora, Inc. ("Cataphora") and Roger Chadderdon ("Chadderdon") have moved to de-consolidate this action from MDL 2047 and to transfer it back to the Honorable Kurt D. Engelhardt. The premise of defendants' motion is unfounded. This action was never transferred to or consolidated with MDL 2047 as a "tag-along action" pursuant to 28 U.S.C. § 1407. Rather, this action was transferred to this Court as a "collateral proceeding" in accordance with Eastern District of Louisiana Local Rule 3.1.1. The collateral proceeding transfer was proper and should not be disturbed.

Defendants' motion is effectively seeking to reconsider Judge Engelhardt's March 1, 2012 transfer order. Reconsideration of that order should be denied since the transfer was proper as this action involves "a material part of the subject matter or operative facts" of *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047 (E.D.La). *See* LR 3.1.1.

1

Specifically, this action relates to this Court's supervisory roles over the members of the Plaintiffs' Steering Committee ("PSC"), its ultimate authority over all reimbursable litigation charges, and its supervision over any unauthorized notice to putative class members of the pending settlements.

While Defendants attempt to characterize this action as arising out of a breach of contract case, in reality this case involves Defendants' attempts to harm Plaintiffs' standing before the Court and to disparage the terms of the Knauf Settlement Agreement that is presently under review by this Court.[1]  Indeed, Defendants have attacked the competency of Plaintiffs as class counsel – a matter which will be under review by the Court when it addresses the adequacy and fairness of the pending settlements. Accordingly, given the overlap between this slander action and MDL 2047, the transfer order was proper since it promotes judicial economy and conserves judicial resources.

## II.     FACTS.

Plaintiffs, Russ M. Herman and Arnold Levin, respectively, are the Court appointed Plaintiffs' Liaison and Lead Counsel in MDL No. 2047.  *See* Complaint at ¶¶ 4 and 5 [document # 1].  Plaintiffs are also members of the PSC in the Chinese Drywall Litigation.  *Id*.  *See also* http://www.laed.uscourts.gov/Drywall/Orders/PTO.8B.pdf .  MDL No. 2047 was begun on June 15, 2009.[2]

---

[1] It's curious that counsel has agreed to undertake the representation of Defendants in the present matter given their representation of Landmark American Insurance Company and BJ & K Condo Construction, Inc. in the Chinese Manufactured Drywall Litigation.  Each of these entities is seeking to participate in the very settlement agreement that has been criticized by Defendants.

[2] *See* http://www.laed.uscourts.gov/Drywall/MinuteEntries/transorder1.pdf.  As such, between the two cases, MDL 2047 is the lowest docket number.  *See* L.R. 3.3.1.

As members of the PSC, Plaintiffs are required to report to this Court on a monthly basis regarding the status of the Chinese Manufactured Drywall Litigation. *See* Pretrial Orders 8 and 9.[3] This Court also oversees and regularly monitors the expenses incurred by the PSC for matters related to the prosecutorial efforts of the PSC, including the hiring of vendors such as Cataphora. *Id*.

Defendants executed a contract with the PSC to provide litigation support services. This expense was ultimately subject to review by this Court in accordance with Pretrial Orders 8 and 9. Shortly after the contract was executed by all parties, a dispute arose between the PSC and Cataphora over the validity of the contract since Defendants inserted, without the knowledge of any PSC member, various contractual provisions that materially altered the terms of the agreement that had been negotiated by the parties (*i.e.*, Defendants inserted a term that made an initial fixed fee non-refundable[4] and included an illegal success fee in the contract). *See* Complaint at ¶ 17. The PSC promptly terminated the contract consistent with a termination provision in the contact and before Defendants provided any services to the PSC. *Id*. at ¶ 19.

Nevertheless, Defendants sued the PSC in the United States District Court for the Northern District of California and were awarded damages and attorney's fees against the PSC. *Id.* at ¶ 20. The PSC is presently appealing these judgments to the United States Court of Appeals for the Ninth Circuit (Dkt. Nos. 12-15072, 12-15149, 12-15567, and 12-15602).

Shortly after the jury verdict against the PSC, the Defendants commenced a deliberate

---

[3] *See* http://www.laed.uscourts.gov/Drywall/Orders/PTO9.pdf

[4] This fixed fee was later determined to be an unenforceable penalty in proceedings in the United States District Court for the Northern District of California. *See* Doc. No. 5-1.

campaign designed to defame and commercially disparage Plaintiffs and other members of the PSC and ultimately attempted to adversely impact the Chinese Drywall Litigation. *Id.* at ¶¶ 21-23.  This campaign seeks to harm Plaintiffs' standing before prospective jurors in the Chinese Drywall Litigation, before this Court, and in any case transferred pursuant to *Lexicon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).  *See* Complaint at ¶¶ 30-31.  Plaintiffs' lawsuit seeks to recover damages attributable to Defendants' efforts to defame and commercially disparage Plaintiffs.

### III. ARGUMENT.

Defendants' motion fails for at least two reasons.  First, the transfer by Judge Engelhardt to this Court was made pursuant to Local Rule 3.1.1, not § 1407.  Therefore, Defendants' argument, based upon rulings by the Judicial Panel on Multi-District Litigation are totally irrelevant.  Second, Defendants' argument that these proceedings do not involve a material part of the subject matter of the MDL proceedings is erroneous.  Defendants are clearly attacking Plaintiffs' standing before this Court – specifically with respect to the proceedings in MDL 2047 and the settlement with the Knauf Defendants.  Notwithstanding Defendants' efforts to mischaracterize this action as one involving an unrelated contract dispute (as the Panel on Multi-district Litigation determined), this case clearly involves matters that overlap with the Chinese Drywall proceedings currently before this Court.

#### A. No Section 1407 Transfer Occurred.

Defendants argue *ad nauseam* that this action was improperly transferred to the Court as a

tag-along pursuant to § 1407.  Not so.[5]  Judge Engelhardt's transfer does so "in accordance with Local Rule 3.1.1."  *See* Transfer Order, document # 7.  Section 1407 was not addressed by Judge Engelhardt, nor was this action consolidated with the Chinese Drywall proceedings following transfer.  Accordingly, Defendants' argument about the propriety of a transfer under § 1407 is confected from whole cloth and specious.

        **B.**    **The L.R. 3.1.1 Transfer was Proper.**

Defendants have failed to establish, or even allege for that matter, that Judge Engelhardt abused his discretion by transferring the instant matter to this Court.  A review of the applicable local rules establishes that the transfer by Judge Engelhardt was proper.

Local Rules 3.1 and 3.1.1 establish the procedure and standard governing the transfer of the instant matter to this Court.  Pursuant to Local Rule 3.1, "[w]hen a civil matter ... involves subject matter that comprises all or a material part of the subject matter or operative facts of another action ... then or previously pending in any court ... counsel must file a list and description of all such actions then known to counsel and a brief summary of the relationship between the cases."  *See* LR 3.1.  Local Rule 3.1.1 further provides, "[t]o promote judicial economy, conserve judicial resources, and avoid potential forum shopping and conflicting court rulings, all actions described in LR 3.1 must be transferred to the section with the lowest docket number, unless the two judges involved determine that some other procedure is in the interest of justice."  *See* LR 3.1.1.

---

[5]Plaintiffs do not understand this action to be consolidated with MDL 2047.  The Clerk, however, appears to have treated this action as being consolidated with MDL 2047 for administrative purposes.  To the extent that Cataphora seeks to de-consolidate the action administratively, plaintiffs take no position as to how the action is treated by the Clerk on the docket.

Given the relationship of Lead and Liaison Counsel to MDL 2047 and the disparaging comments of the defendant against these counsel, there is no doubt that this action comprises a material part of the subject matter of MDL 2047.  This Court has been overseeing the Chinese Manufactured Drywall Litigation for more than two and a half years.  During this time period this Court has managed all aspects of the Chinese Manufactured Drywall Litigation in an effort to bring about a global settlement.  This Court's efforts have been successful and have resulted in settlements with the Knauf Defendants, as well as the largest distributors in the states of Louisiana and Florida (*i.e.*, Interior Exterior Building Supply, Banner Supply and L&W).

This Court's management of the Chinese Drywall Litigation and its supervisory powers over Plaintiffs as PSC members has provided the Court with considerable exposure to Plaintiffs and their involvement with Cataphora.  During the course of the Chinese Drywall Litigation, Plaintiffs regularly reported to the Court on the status of Cataphora's breach of contract lawsuit against the PSC in the Northern District of California.  Therefore, this Court is well informed of the status of that case from the time of filing, up to and involving the PSC's appeal to the Ninth Circuit.  In fact, this Court recently approved a motion for disbursement of funds from the MDL 2047 Shared Costs Fund for posting appeal bond so that the PSC could post a supersedeas bond while the PSC pursued their appeal to the Ninth Circuit.  *See* Order dated January 5, 2012 ("IT IS ORDERED BY THE COURT that Russ M. Herman, Plaintiffs' Liaison Counsel, and Arnold Levin, Plaintiffs' Lead Counsel, be and they are hereby authorized to disburse from the Shared Costs Fund the amount required for the posting of a bond in connection with the matter entitled *Cataphora, Inc. v. Jerrold Seth Parker, et al,* Case No. CV09-5749-BZ, pending in the United States District Court for the Northern District of California.") [Doc. No. 5-2].

Plaintiffs have been disparaged by Defendants in press releases and other communications. Some of the Defendants' misleading and wildly inaccurate communications address the propriety of the Knauf Settlement Agreement, which settlement has been preliminarily approved by this Court and is set for a final fairness hearing in June 2012. *See* February 22, 2012 correspondence from Lauren Vilders, Cataphora's marketing associates, to a CBS affiliate in Miami Florida, WFOR ("These local plaintiffs' attorneys have already collected over $1 billion from defendant companies on behalf of the victims of Chinese drywall. However, it is estimated that close to half of that money goes [to] plaintiff expense funds and contingency fees. In other words, upwards of $500 million has gone to these plaintiffs' attorneys ..."), Amended Complaint Exb. "D" [Doc. No. 8-2]. Defendants are acting with malice in an attempt to collect on a non-final judgment by disparaging Plaintiffs as well as the terms of the Knauf settlement. This Court may reasonably determine that it should enjoin Defendants from further interfering with the fairness hearing as well as the class notice and opt out period that is ongoing. Moreover, since this Court will ultimately rule on the fairness and propriety of the Knauf Settlement Agreement, as well as the adequacy of Plaintiffs as class counsel, it is respectfully submitted that judicial economy is best served by the transfer of this matter to this Court, not Judge Engelhardt.

This Court's familiarity with the dispute between Plaintiffs and Cataphora, as well as its familiarity with the Chinese Drywall Litigation generally, puts it in a unique position to evaluate Plaintiffs' claims. Given the overlap between the instant lawsuit and the preexisting MDL proceedings before this Court, the transfer by Judge Engelhardt was clearly warranted pursuant to Local Rule 3.1.1.

## IV. CONCLUSION.

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' motion to de-consolidate and transfer.

Respectfully submitted,

By: /s/ Arnold Levin
Arnold Levin
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Pro se

Dated: April 10, 2012

By: /s/ Russ M. Herman
Russ M. Herman
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Pro se

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Plaintiffs' Opposition to Cataphora, Inc. and Roger Chadderdon's Motion to De-Consolidate Above Action From Chinese Drywall MDL and Transfer has been served on each of the Defendants via United States First Class Certified Mail, Return Receipt Requested at the addresses listed below on this 10th day of April, 2012.

Cataphora, Inc.
CT Corporation System
818 W. Seventh Street
Los Angeles, CA 90017

Cataphora, Inc.
3425 Edison Way
Menlo Park, CA 94025

Mr. Roger Chadderdon
3425 Edison Way
Menlo Park, CA 94025

Nancy J. Marshall
Deutsch, Kerrigan & Stiles, LLP
755 Magazine Street
New Orleans, LA 70130

                                                  /s/ Arnold Levin
                                                  Arnold Levin
                                                  510 Walnut Street, Suite 500
                                                  Philadelphia, PA 19106
                                                  215-592-1500 (phone)
                                                  215-592-4663 (fax)
                                                  Pro se