

April 6, 2012

*Via U.S. Mail*

Russ M. Herman
Herman, Herman, Katz,
and Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

      Re:    *In re Chinese Manufactured Drywall Prod. Liab. Lit.*
             *U.S. District Court for the Eastern District of Louisiana, Case No. MDL 2047*
             (Internal Reference Number: 201193)

Dear Mr. Herman:

Yahoo! Inc. ("Yahoo!") is in receipt of a subpoena dated February 29, 2012, in the above-referenced matter. As we understand it, you are seeking the email of a Yahoo! subscriber.

Please be advised that the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, et seq., prohibits Yahoo! from disclosing the information you seek. Specifically, the SCA prohibits Yahoo! from disclosing "contents" of electronic communications, e.g., "all e-mails generated by or received," unless one of the specifically enumerated exceptions to the prohibition is satisfied. None of these exceptions provide a basis for disclosure in response to legal process, even a court order, secured at a civil litigant's (or other non-governmental entity's) request. See, e.g., *Suzlon Energy Ltd. v. Microsoft Corp.*, --- F.3d ----, 2011 WL 4537843 (9th Cir. 2011) (affirming lower court's decision to deny a request to order production of emails to a non-governmental entity because the emails were protected from such disclosure by the SCA); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606 (E.D. Va. 2008) (holding that "the clear and unambiguous language" of the SCA prohibited AOL from divulging communications contents because the SCA "does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas").

To the extent that you have made an effort to obtain the consent of the Yahoo! subscriber at issue for purposes of the exception set forth in 18 U.S.C. § 2702(b)(3), please note that Yahoo! verifies the identity of its subscribers through the use of secret questions and answers established by a subscriber and retained by Yahoo!. If you have provided a purported consent without the correct secret questions and answers, Yahoo! is unable to act in response to it because we cannot be certain that the consent of the subscriber has been obtained. If you have provided a form of consent with the correct secret questions and answers, you already have access to the information sought through the person that provided that consent. In such a case, Yahoo! objects to the request as it seeks information and documents which are readily obtainable from another party, and the requestor has failed to establish that it has taken reasonable steps to avoid imposing undue burden or expense upon Yahoo!. For these reasons, Yahoo! will not be producing any information in response to the subpoena.

By this response, Yahoo! does not waive any objection to further proceedings in this matter.

Sincerely,

Yahoo! Legal Compliance Team