IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED | * | MDL NO. 09-2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO | * | |
| ALL CASES | * | MAG. JUDGE WILKINSON |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF  OBJECTIONS OF THE NORTH RIVER INSURANCE COMPANY TO THE PROPOSED 30(b)(6) DEPOSITION NOTICE OF THE PSC**

MAY IT PLEASE THE COURT:

Defendant, The North River Insurance Company ("North River"), filed Objections to a Proposed Notice of Deposition by Federal Rule of Civil Procedure 30(b)(6) on April 11, 2012 [Document No. 13731].  After reviewing the PSC's response to North River's Objections [Document No. 13767] and seeing that the PSC is still attempting to take discovery for a nonexistent bad faith claim, North River wishes to bring to this Honorable Court's attention a recent decision from the Fifth Circuit, *New England Ins. Co. v. Barnett,* 2012 WL 715261 (5th Cir. 3/6/12).[1]

The facts of *New England Insurance Company v. Barnett* have relevance to this matter.  While *Barnett* did not involve a discovery dispute, it explains that an

---

[1]  The case was not selected for publication in the Federal Reporter.  Per Fifth Circuit Rule 47.5.4, the case is cited as persuasive and not as precedent.  However, Fifth Circuit Rule 47.5.1 explains that opinions are not published when they "merely decide particular cases on the basis of well settled principals of law", and would "impose needless expense on the public and burden on the legal profession".  A copy of the referenced decision, *New England Ins. Co. v. Barnett,* is attached hereto as Exhibit "A".

"adjudicated excess judgment" against the insured is a prerequisite for bringing a bad faith claim against the insurer. North River has argued that the PSC's proposed deposition notice, to the extent it attempts bad-faith-type discovery must be stricken as there is neither a pending bad faith claim, nor can there be a bad faith claim against North River or an "adjudicated excess judgment" against Interior Exterior. *Barnett* supports North River's position because a bad faith claim does not and cannot exist in relation to the Interior Exterior settlement.

In *Barnett*, an insurance company filed a Declaratory action to bar enforcement of a Consent Judgment reached by its insured (Parker), a defendant in underlying litigation, and the plaintiff in underlying litigation (Barnett). "The terms of the settlement call for Parker to pay $100, assign to Barnett his rights against New England, and agree to entry of a Consent Judgment for about $4,000,000, from which Parker was released from liability beyond $100 (the "Consent Judgment"). See *id* at *2. The insurer was not a party to the Consent Judgment and filed a declaratory action. Barnett, the plaintiff in the underlying suit, filed a counter-claim to enforce the Consent Judgment; he added a bad faith claim. The bad faith claim is discussed at *8 through *11 of the *Barnett* opinion.

*Barnett* holds that without an "adjudicated excess judgment," there is no claim for bad faith failure to settle against the insured:

> Courts have consistently concluded that an insurer cannot be liable for a bad faith failure to settle claim in the absence of an adjudicated excess judgment. In *Ragas v. MGA Insurance Co.,* No. 96–2263, 1997 WL 79357 (E.D.La. Feb. 21, 1997), the court considered whether a bad faith action required an "adjudicated" excess judgment, or whether a consent judgment between the plaintiff and the insured sufficed. *Id.* at *2. Making an *Erie* guess, the court held that "the Louisiana Supreme Court would ... find that in a bad faith failure to settle action, the underlying excess judgment against the insured must be *adjudicated,*" because without such a requirement, a plaintiff could

> "engage in collusion with the insured to fix and perhaps bootstrap damages, without ever having a judge or jury determine the amount of those damages." *Id.* Furthermore, "[i]t would also create in the insured the ability to escape all liability for his own wrongdoing while imposing on the insurer (who neither participated nor consented to the Consent Judgment) unsupported liability." *Id.*
>
> Both this court and the Louisiana First Circuit Court of Appeal have agreed with *Ragas. See Louque v. Allstate Ins. Co.,* 314 F.3d 776, 783 (5th Cir.2002) (holding that plaintiff could not state a claim for breach of fiduciary obligations, as she had "neither an 'adjudicated excess judgment' nor even any claim that Allstate's decision to go to trial exposed her to excess liability"); *Mathies v. Blanchard,* 959 So.2d 986, 988–89 (La.App. 1 Cir.2007) ("[A] ... cause of action ... based on an insurer's bad faith failure to settle a claim ..., does not arise until the entry of a judgment against the insured in excess of the policy limits. It is the entry of the judgment on the principal demand in excess of the policy limits that harms the insured and gives rise to the right to enforce the cause of action for damages.").

*Id.* at *9.

The 5th Circuit then went one step further, also concluding that under the facts of *Barnett,* there *could be no* claim for bad faith failure to settle due to the terms of the consent judgment reached in that matter: "Under the settlement, Parker had 'no personal obligation to fund the payment of any amount to plaintiff other than [$100] and [Barnett] will not execute on any judgment against Parker.' As such, there is no possibility of an adjudicated excess judgment against Parker in this case*." Id.,* at *10.

In the present matter, the PSC and Interior Exterior Building Supply, L.P., ["InEx"] have proposed to settle for the $8,000,000 underlying policy limits of the primary policies, and InEx further attempts to assign its rights in $72,000,000 of potential insurance coverage provided by North River. *However,* not only is the amount of this purported assignment less than all of the policy limits of the North River policies that the PSC believes to be triggered in the first excess layer, but the proposed settlement did not reach the second layer of excess coverage. The proposed Settlement Agreement attempts

to assign[2] the "Available Policy Limits," which is defined in Section 1.5 of the proposed Settlement Agreement[3] as $72,000,000 of a possible $80,000,000 in four excess policies issued by North River that the PSC believes triggered by Chinese Drywall litigation. **Section 1.5 continues:** "The Settlement Class will not seek to access, and will waive any right to access or make claim against any excess insurance of InEx other than the Available Policy Limits." This language plus the release of InEx for all Chinese Drywall claims[4] protects Interior Exterior from any potential of an excess judgment. As in *Barnett,* there can be no "adjudicated excess judgment" against InEx, and thus no claim for bad faith failure to settle.

The ruling of the Fifth Circuit in *Barnett* is relevant to the present matter because the PSC is attempting to take discovery of North River that would normally be reserved for a bad faith claim. However, there is no bad faith claim against North River. PSC has brought two class actions against North River in this MDL. *Silva v. Arch Ins. Co., et al.*, Case No. 09-08034, and *Amato v. Liberty Mutual Insurance Co., et al.*, Case No. 10-932, are third-party actions against InEx and North River, among others, as InEx's insurer. In these actions, neither Interior Exterior nor PSC has filed a bad faith claim against North River. A bad faith claim does not exist.

Applying *Barnett* to the arena of a discovery dispute, where there is no bad faith claim, and a claim for bad faith for failure to settle cannot come into being, there should be no discovery into alleged bad faith. Discovery of North River must be limited to the claims that have been filed in this MDL by the PSC, which involve only InEx's alleged

---

[2] See Doc. No. 8628-3, §1.4
[3] See Doc. No. 8628-3.

liability and North River's alleged coverage of InEx. The PSC's attempt to take discovery on any grounds other than the substance of the claims that had been filed by the PSC against Interior Exterior and North River in the *Amato* and *Silva* matters is irrelevant. Such discovery will not lead to the discovery of relevant information under FRCP 26. Much of the discovery the PSC is seeking in topics 1- 16 will never be relevant. Discovery into topics such as North River's regulatory compliance, complaints made to insurance commissioners in 50 states, the company's "placement of insurance policies, etc., have no relevance to the issues in the *Silva* and *Amatto* lawsuits, which are purely third party actions by plaintiffs against Interior Exterior for liability. Subject to the areas North River stated it did not oppose in the Objections [Doc. No. 13731], the PSC's proposed 30(b)(6) topics are irrelevant and must be stricken.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS LLP

By: _____/s Eric B. Berger_____
BRIAN S. MARTIN, ESQ.
KEVIN RISLEY, ESQ.
RODRIGO "DIEGO" GARCIA, JR., ESQ.
One Riverway, Suite 1600
Houston, Texas 77056
Phone: (713) 403-8206
Fax: (713) 403-8299
bmartin@thompsoncoe.com

LOBMAN CARNAHAN BATT ANGELLE & NADER, PLC

SIDNEY J. ANGELLE, ESQ.
La. Bar No. 1002
ERIC B. BERGER, ESQ.

---

[4] See Doc. No. 8628-3, §4.1

                                          La. Bar No. 26196
                                          400 Poydras Street, Suite 2300
                                          New Orleans, Louisiana 70130
                                          Phone: (504) 586-9292
                                          Fax:    (504) 586-1290
                                          sja@lcba-law.com
                                          ebb@lcba-law.com

                                          ATTORNEYS FOR THE NORTH RIVER
                                          INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on April 18, 2012.

                                          _____/s Eric B. Berger_____
                                          ERIC B. BERGER