UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br><br>SECTION "L"<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| *THIS DOCUMENT PERTAINS TO*: | |
| RUSS M. HERMAN AND ARNOLD LEVIN | |
| Plaintiffs, | *Case No. 2:12-00497* |
| VERSUS | |
| CATAPHORA, INC. AND ROGER CHADDERDON | |
| Defendants. | |

CATAPHORA, INC. AND ROGER CHADDERDON'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF MOTION TO DE-CONSOLIDATE
<u>ABOVE ACTION FROM CHINESE DRYWALL MDL AND TRANSFER</u>

**NOW INTO COURT**, through the undersigned counsel, comes defendants, Cataphora, Inc. and Roger Chadderdon (hereinafter, collectively, "Cataphora") who respectfully submit this reply memorandum in further support of their Motion to De-Consolidate the above referenced action with the Chinese Drywall Multi-District Litigation, MDL No. 2047.

The comments made by the Plaintiffs' in opposition to the Motion to De-Consolidate and Transfer highlight the very reasons why this case should not be here. The Plaintiffs' allege that the allegedly defamatory statements made by the defendants herein were made to "harm Plaintiffs' standing before the Court and to disparage the terms of the Knauf Settlement Agreement that is

presently under review by this Court" and to "attack the competency of plaintiffs as class counsel."[1] *See,* ECF R. Doc. 13698, Opposition at p. 2. This is simply not the case.[2]

First of all, it is the effect and purported damage caused by the allegedly defamatory remarks that is the subject of this litigation. The subject matter of the allegedly defamatory remarks is irrelevant to whether or not the statements were defamatory in nature and caused any damage. If there was an on-going murder trial, and, during the murder trial, Jane Doe made comments to the Times Picayune about a defense attorney's behavior during trial causing the defense attorney to bring a suit for defamation, that defamation case would not be transferred and consolidated with the murder trial. There mere fact that the comments were about the defense attorney's actions during the murder trial does not mean that the subject matter of the defamation suit is the murder trial. Rather, the subject matter of the defamation trial is the defamatory statements and any damage they may have caused. It would make no sense to transfer and consolidate the defamation trial with the murder trial since they involve completely different facts and legal analyses. The same is true in the instant case. This case does not belong with the Chinese drywall litigation, when the subject matter of the allegedly defamatory remarks arose out of an ancillary contract.

---

[1] Further, this Honorable Court has appointed Plaintiffs as class leadership in the Chinese Drywall MDL, actions which clearly demonstrates that this Court finds both Levin and Herman competent to serve as class counsel.

[2] As a preliminary matter, it is important to note that the comments made by Chadderdon that are allegedly defamatory in nature were made in response to a request from a reporter. They were not done with the intention of damaging the MDL litigation in anyway. These comments did not directly reference the Chinese Drywall MDL, nor the plaintiffs' role in that specific litigation.

Second, any alleged defamatory statements and remarks arose out of litigation in a separate suit. That suit was heard in California and arose out of a breach of contract claim between lawyers and a litigation services vendor. It did not arise out of litigation in the Chinese Drywall MDL.

Transfer pursuant to Local Rule 3.1. is not and was not appropriate. As stated by the Plaintiffs, Local District Court Rule 3.1 E allows for the transfer of "collateral" proceedings to the Section or Division in which a related case is currently pending. Specifically, Local Rule 3.1 states that when a civil matter is filed that "involves subject matter that either comprises all or a material part of the subject matter or operative facts of another action" currently pending before the court, counsel has an obligation to bring that to the court's attention. This is not a collateral proceeding. It does not involve the same subject matter that comprises the Chinese drywall litigation.

This case involves completely different parties than does the Chinese Drywall MDL - Herman and Levin are not plaintiffs in the MDL but rather class counsel.[3] The defendants herein, Roger Chadderdon and Cataphora, Inc. are not parties to any case in the Chinese Drywall MDL.[4] The subject matter of this case is the allegedly defamatory statements made by the Defendants. Just as with the murder trial example given above, the alleged defamation is the subject of the instant lawsuit, not the subject matter of the allegedly defamatory statements. This is a critical distinction.

---

[3] In their Opposition brief, the plaintiffs suggest a possible conflict due to the undersigned's representation of defendants in the Chinese drywall MDL. *See,* Opposition at p. 1, FN 1. The essence of a conflict is that one is adverse to one's client. Certainly Mr. Herman and Mr. Levin are not clients of this law firm in the Chinese Drywall litigation since they are not parties to it, as discussed *supra*.

[4] This is of course, notwithstanding the instant case. Defendants maintain that this case should not have been transferred and consolidated with the MDL.

It is clear that this action does not involve a similar, or even substantially similar subject matter as the Chinese drywall MDL.

The plaintiffs failed to cite any case law to support their argument that transfer and consolidation was appropriate under Local Rule 3.1E. That is because it is abundantly clear from the jurisprudence applying Local Rule 3.1 E that transfer of Cataphora Defamation case to this Honorable Court was not warranted. Accordingly, this case should be re-transferred back to Judge Engelhardt, where it was originally assigned through the random allocation process.

        **Respectfully submitted**:

        /s/ *Nancy J. Marshall*
        NANCY J. MARSHALL (#8955)
        KAREN P. HOLLAND (#22440)
        MELISSA M. SWABACKER (#32710)
        DEUTSCH, KERRIGAN & STILES, L.L.P.
        755 Magazine Street
        New Orleans, LA 70130
        Telephone: (504) 581-5141
        Facsimile:  (504) 566-1201
        nmarshall@dkslaw.com
        kholland@dkslaw.com
        mswabacker@dkslaw.com
        Attorneys for Cataphora, Inc. and
        Roger Chadderdon

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been forwarded to all counsel of record via the Court's electronic filing system on this April 18, 2012.

        /s/ *Nancy J. Marshall*
        NANCY J. MARSHALL