

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF LOUISIANA

RICHARD and CONSTANCE ALMEROTH, et al          CIVIL ACTION: 12-0498

versus                                          SECTION L

TAISHAN GYPSUM CO., LTD. f/k/a                  MAGISTRATE 2
SHANDONG TAIHE DONGXIN CO. LTD., et al

### ANSWER TO COMPLAINT BY ANDREA VARUSO CORNE AND SCOTT M. CORNE

**Now Into Court,** in proper person, come **Andrea Varuso Corne** and **Scott M. Corne** (hereinafter sometimes referred to as "Corne"), both competent persons of the full age of majority, domiciled and residing in the Parish of Orleans, State of Louisiana, sought to be made defendants in the above entitled and numbered lawsuit, who answer the Complaint of plaintiff, **Charles H. Prosser** (hereinafter "Prosser") as follows:

-1-

All allegations contained in the Complaint are denied.

-2-

Further answering and pleading same as an affirmative defense, respondents aver that in the Louisiana Residential Agreement To Buy Or Sell, wherein Corne agreed to sell to the plaintiff Prosser, the immovable property bearing the municipal address 725 Navarre Road, New Orleans, Louisiana (hereinafter the "Property"), the parties agreed that the Property would be sold and accepted in "As-Is" condition after purchaser's inspection. The Cash Sale of Property by Andrea Varuso Corne, wife of/and Scott M. Corne to Charles Harris Prosser passed before Robert J. Bergeron, Notary Public, dated August 29, 2008, in Orleans Parish, Louisiana, notes and contains a specific Waiver Of Warranty And Redhibition Rights Addendum As-Is Clause, signed by Corne and Prosser at closing.

-3-

Respondent pleads as an affirmative defense extinguishment of the obligations of warranty and redhibition, in that plaintiff, Prosser, waived all warranties and rights to redhibition and accepted the Property in As-Is condition.

```
___ Fee _____
___ Process _____
_X_ Dktd _____
_X_ CtRmDep _____
    Doc No. _____
```

-4-

Further answering, Corne avers they had no knowledge defective drywall was installed at the property, and are not realtors, contractors, manufacturers, importers, distributors or installers of drywall products. That the plaintiff Prosser was allowed unlimited access to the Property prior to its purchase, inspected the Property on several occasions and secured a professional home inspection from 21st Century Home Inspections, L.L.C. The supposed defective drywall should have been discovered by a reasonably prudent purchaser and or purchaser's professional inspector.

-5-

Respondent pleads as an affirmative defense that Corne owes no warranty for defects that should have been discovered by a reasonably prudent purchaser or purchaser's inspectors, in accordance with the provisions of Louisiana Civil Code Article 2521.

-6-

Respondent pleads as an affirmative defense negligence of the plaintiff's professional home inspector, 21st Century Home Inspections, L.L.C., including without limitation, not discovering an apparent defect or the extent of an apparent defect, which is imputed to plaintiff, and is a total or partial bar to the plaintiff's claims.

**Wherefore,** respondent prays:

I.  That this answer be deemed good and sufficient, and, after due proceedings had, that there be Judgment herein in favor of defendants, Corne, and against plaintiff, **Prosser,** dismissing the latter's Complaint at its cost.

II.  For all such additional relief as law, equity and the nature of the case may permit.

Respectfully submitted:

*Andrea Varuso Corne*
Andrea Varuso Corne
6663 Vicksburg Street
New Orleans, LA 70124

*Scott Corne*
Scott M. Corne
6663 Vicksburg Street
New Orleans, LA 70124

**Certificate of Service**
I hereby certify that I have served a copy of this document on all counsel of record either in person or my mailing it postage prepaid on this _25_ day of _April_, 20_12_.

_____
Signature