## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

DANIEL ABREU, individually and on behalf
of all others similarly situated, ADDITIONAL
PLAINTIFFS LISTED ON SCHEDULE OF
PLAINTIFFS]

               Plaintiffs,

v.

GERBRUEDER KNAUF
VERWALTUNGSGESELLSCHAT, KG, et al,
and [ADDITIONAL DEFENDANTS LISTED
ON SCHEDULE OF DEFENDANTS,
including, MERCEDES HOMES, LLC]

               Defendants

_____/.

MDL No. 2047
CASE NO.  11-252
SECT. L MAG 2


JURY TRIAL DEMAND

### NOTICE OF APPEARANCE

Without waiving any jurisdictional or other defenses, the undersigned attorney and the law firm of Shutts & Bowen, LLP, hereby gives notice that it is counsel for Defendant, Mercedes Homes, LLC ("Mercedes") and that all future filings and correspondence should be sent to the office listed below.

SIGNED THIS 7th day of May, 2012.

           */s/Amanda Simmons, Esq.*

**AMANDA G. SIMMONS, ESQ.**
Florida Bar No.  0728020
**JOHN H. DANNECKER, ESQ.**
Florida Bar No.:  745030
Shutts & Bowen, LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone:  407-423-3200
Facsimile:  407-237-2202
Email:  asimmons@shutts.com
*Counsel for Mercedes Homes, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May, 2012, this document has been served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and e-mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/Amanda Simmons, Esq.
**AMANDA SIMMONS, ESQ.**
Florida Bar No.: 0728020
**JOHN H. DANNECKER, ESQ.**
Florida Bar No.: 745030
SHUTTS & BOWEN, LLP
300 S. Orange Avenue, Suite 1000
Orlando, Florida 32802
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
ATTORNEYS FOR DEFENDANT

# Corporate Warranty Deed

**This Indenture**, made , June 29, 2006 A.D.

**Between**

**Mercedes Homes, Inc., a Florida Corporation** whose post office address is: 3585 SW Corporate Parkway, Palm City, Florida 34990 a corporation existing under the laws of the State of Florida, Grantor and **Jocelyn Edwards and Janet Edwards, husband and wife** whose post office address is: 7845 103rd Court, Vero Beach, Florida 32967, Grantee,

**Witnesseth**, that the said Grantor, for and in consideration of the sum of Ten and No/100 Dollars ($10.00 ), to it in hand paid by the said Grantee, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said Grantee forever, the following described land, situate, lying and being in the County of Indian River, State of Florida, to wit:

Lot 5, in Block D, of VERO BEACH ESTATES, UNIT R, according to the Plat thereof, as recorded in Plat Book 6, at Page 51, of the Public Records of Indian River County, Florida.

Subject to taxes for the current year, covenants, restrictions and easements of record, if any.

Parcel Identification Number: **31-38-33-00008-0040-00005/**

**And** the said Grantor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

**In Witness Whereof**, the said Grantor has caused this instrument to be executed in its name by its duly authorized officer and caused its corporate seal to be affixed the day and year first above written.

Mercedes Homes, Inc.

*Signed and Sealed in Our Presence:*

By: _____
Jeffery R. King
Its Division President

Witness Print Name: H. Clarke

Witness Print Name: N. Ghent

(Corporate Seal)

State of        Florida
County of      Martin

The foregoing instrument was acknowledged before me this 29th day of June ,2006   by Jeffery R. King, the Division President of **Mercedes Homes, Inc.** A corporation existing under the laws of the State of Florida, on behalf of the corporation. He/She is personally known to me or has produced a driver's license as identification.

_____ (Seal)
Notary Public
Notary Printed Name: _____

My Commission Expires:: _____

Prepared by:
Resa Ghent, an employee of
RECORD & RETURN TO:
B-D-R Title,
3575 SW Corporate Parkway
Palm City, Florida 34990

File Number: 5821PSE

N. Ghent
Commission # DD340410
Expires July 22, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

**EXHIBIT**

Composite "A"



## RESTRICTIVE COVENANTS AND CONDITIONS

**In consideration of** the conveyance made in the deed ("Deed") to which these Restrictive Covenants and Conditions ("RCCs") are attached, Grantor hereby establishes, declares and prescribes that the Property shall be owned, held, transferred and conveyed subject to the restrictive covenants and conditions hereinafter set forth, which shall apply to and be covenants running with the Property; Grantee, its successors and assignees, and every owner, present or past of the Property or any part thereof, including any purchaser at a judicial sale (whether or not it shall be so expressed in any deed of conveyance) hereby covenants and agrees to covenant, to comply with, abide and be bound by these Restrictive Covenants and Conditions.

**1.      SIGNS.** No sign advertising the Property for sale or for rent shall be erected, placed or maintained where it can be seen by the public, unless it has been approved in writing by Grantor. The terms of this Section 1 shall expire and automatically terminate without further action by Grantor one (1) year after the date of the Deed.

**2.      WARRANTIES CONTAINED IN LIMITED WARRANTY AGREEMENT; DISCLAIMER OF WARRANTIES.** The Limited Warranty describes all the warranties Original Grantee is receiving for the physical condition of the Property. Accordingly, the acceptance of title to the Property shall constitute a full and complete waiver and release by or on behalf of Grantee of any and all claims, damages or liabilities against or of Grantor and its Related Parties now accrued or hereafter to accrue, including without limitation, those arising on account of, or in any way growing out of, concerning, relating to, arising out of, or in any way connected with the development, installation, improvement, construction, maintenance, repair, operation, or use of any portion of the Property or any buildings, structures, landscaping or improvements thereon, including but not limited to claims for damages arising from defects in construction or materials whether latent, observable, unobservable, known or unknown.  The Limited Warranty is not assignable without the builder's consent. **EXCEPT AS EXPRESSLY STATED IN THE LIMITED WARRANTY AGREEMENT, GRANTEE IS ACQUIRING THE PROPERTY "AS IS, WHERE IS, AND WITH ALL FAULTS."** The Limited Warranty is not assignable without Grantor's written consent.

**3.      MANDATORY BINDING ARBITRATION**

**a.**      Any and all claims and disputes between Grantee and Grantor or Grantor's Affiliate, shall be submitted to final and binding arbitration and not to a court for determination, including without limitation those claims and disputes that may have accrued before, during or after the delivery of the Deed, which arise from or are in any way related to: (a) the Limited Warranty or the Sales Agreement; (b) the Grantee's purchase, ownership or use of the Property; (c) the construction of improvements on the Property or the improvement, maintenance or operation of any part of the Property, even if the claim or dispute arises after the termination, expiration or lapse of any coverage under the Limited Warranty; (d) personal injuries or wrongful death; (e) damage to any part of the Property or to property other than the Property; (f) the development or maintenance of property owned, maintained or administered by any homeowner association; (g) any breach of or default under the Limited Warranty Agreement, the Sales Agreement, or any other contract between the Grantee and the Grantor or Grantor's Affiliate; (h) earnest money deposits delivered pursuant to the Sales Agreement; (i) negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract between the Grantee and the Grantor or Grantor's Affiliate, including the Warranty and the Sales Agreement; (j) breach of any alleged duty of good faith or fair dealing; (k) violation of any law, rule or regulation; (l) negligence or willful misconduct; or (m) defects, conditions, losses, injuries, damages and costs that are excluded from the coverage of the Limited Warranty. Notwithstanding the foregoing, Grantee or Grantor may seek injunctive relief from a court of competent jurisdiction as an interim remedy pending arbitration.  Arbitration means there will be a fair hearing before a neutral arbitrator instead of in a court by a judge or jury.

**b.**      Arbitration shall be conducted by a single arbitrator from:

Construction Arbitration Services, Inc. ("CAS")
2777 Stemmons Freeway,
Suite 1452, Dallas, TX 75207
214-638-2700
www.cas-usa.org

July 1, 2005 Version

CAS may designate another neutral arbitration service to conduct the arbitration.  Arbitration will be conducted in accordance with the rules of the arbitrator that are in effect during the arbitration proceedings.

**c.**     Exclusive venue for the arbitration proceedings shall be in Brevard County, Florida, unless the arbitrator requires the arbitration to occur at the Property and the Property is not in Brevard County, Florida.

**d.**     Each party will be responsible to pay its own attorneys' fees, costs and expenses arising as a result of any suit or arbitration proceeding and neither the Grantee, nor the Grantor will be entitled to recover their respective attorneys' fees, costs or expenses from one another, unless required by statute.

**e.**     The decision rendered by the arbitrator may be entered in any court having jurisdiction thereof, and reduced to a judgment which will bind the parties as to all issues and matters that were brought before, or could have been brought before, the arbitrator.  Upon request by either party, the arbitrator will provide a brief statement of the reasons for the award.

**f.**     If Grantor or its Affiliate is subject to arbitration for any claim by a third party which could involve Grantee's material rights or obligations, then Grantee may be joined in such arbitration for final and binding determination of Grantee's rights and obligations.  Grantee may not object to the joinder of any parties to the arbitration proceedings who are deemed appropriate for the full and complete resolution of any issues that could be raised in arbitration, and such joinder shall not constitute a reason to release Grantee or Grantor from the obligation hereunder to arbitrate.  For example, Grantee will not object if Grantor or Grantor's Affiliate joins in the arbitration an Affiliate or subcontractors, vendors, suppliers, agents, design professionals and insurers.

**g.**     Any disputes concerning the interpretation or the enforceability of this arbitration agreement, including without limitation, its revocability or voidability for any cause, the scope of arbitral issues, unconscionability of the clause, fraudulent inducement related to the clause, and any defense based upon waiver, estoppel or laches, shall be decided by the arbitrator.  The initiation of or participation by Grantee or Grantor in any judicial proceeding concerning any matter arbitrable hereunder shall not be deemed a waiver of the right to enforce this arbitration agreement, and notwithstanding any provision of law to the contrary, shall not be asserted or accepted as a reason to delay, to refuse to participate in, or to refuse to enforce this arbitration agreement.  Any party who shall commence a judicial proceeding concerning a dispute which is arbitrable hereunder shall also be deemed to be a party requesting arbitration within the meaning of this arbitration agreement.

**h.**     Grantor or its Affiliate shall have the right, in advance of the arbitration proceeding, to inspect the Property.  No arbitration proceeding shall involve more than one single-family detached dwelling or more than one multi-family building.

**i.**     Grantee and Grantor expressly agree that the Sales Agreement, Deed and Limited Warranty involve and concern interstate commerce and are governed by the provisions of the Federal Arbitration Act (9 U.S.C. §1, et seq.) now in effect and as the same may from time to time be amended, to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule; and to the extent that any state or local law, ordinance or judicial rule shall be inconsistent with any provision of the rules of the arbitration service under which the arbitration proceeding shall be conducted, the rules of the arbitration service shall govern the conduct of the proceeding.

**j.**     If the foregoing obligation to arbitrate a claim or dispute between Grantee and the Grantor's Affiliate is unenforceable, inapplicable, void, released or waived for any reason, whether voluntarily or involuntarily, then Grantee and Grantor agree to all of the following:

**i.**     Venue for judicial determination of such claim or dispute will reside exclusively in Brevard County, Florida; and

**ii.**     **Grantee and Grantor waive any right to trial by jury,** regardless of the nature of such claim, controversy or dispute, including without limitation, those that were or were not arbitrable and those that were or were not covered by the Limited Warranty; and

**iii.**     No judicial action shall involve more than one single-family detached dwelling or more than one multi-family building; and

**iv.**     **Neither Grantee nor Grantor will voluntarily join, or participate as a member of, a class in any judicial action.  There shall be no right or authority for any claims to be adjudicated on a class or consolidated basis or on a basis involving claims brought in a purported representative capacity on behalf of the general public, other property owners or contractors, or other persons similarly situated;** and

**k.**     Before Grantee can bring a dispute against Grantor or any of Grantor's Affiliates based on a construction defect in the Property, Grantee must follow the requirements set forth in Florida Statutes §558.004, which requires that Grantee provide Grantor or its Affiliate with notice of the defect at least sixty (60) days before initiating arbitration of the dispute.

**l.**     The terms of this Section 3 shall survive any termination, expiration or lapse of any coverage under the Limited Warranty. Grantee and Grantor agree that if any portion of, or provision contained in, this Section 3 is determined to be unenforceable or void, then the unenforceable or void portion shall be removed from the RCCs, and the remaining portions shall remain in force and effect as if the removed portion had never existed.

**4.     RIGHT OF REPURCHASE FOR MISREPRESENTATION OF USE.**     If Original Grantee represents to Grantor in the Sales Agreement that Original Grantee will use the Property as Original Grantee's primary residence, and if the Property does <u>not</u> qualify as Original Grantee's primary residence, Grantor shall have the right, in its sole discretion, to purchase the Property if Original Grantee sells, offers to sell or solicits offers to purchase the Property at any time within 365 days after the date of the Deed.  To qualify as Original Grantee's primary residence, Original Grantee will apply with the local tax collector for a homestead exemption.  If the Property is intended to be a vacation home or if it will be rented to others by Original Grantee, it will not be considered to be Original Grantee's primary residence for the purposes of this Agreement.  Grantor's right to repurchase the Property will terminate when Original Grantee delivers to Grantor verification that the local tax collector recognizes the Property as Original Grantee's homestead. Grantor's right to purchase the Property shall be exercised in accordance with the following provisions:

**a.**     <u>Election Notice</u>.  Grantor may elect to exercise its right of purchase by giving written notice thereof ("Election Notice") to Grantee.

**b.**     <u>Purchase Price</u>.  The purchase price ("Purchase Price") to be paid by Grantor to Grantee shall be equal to (a) the Total Purchase Price stated in the Sales Agreement, less (b) the amount of any mortgages, mechanic's liens, judgment liens and other matters that are unpaid or not released, or that are paid or assumed by the Grantor. If the result of this calculation is a negative amount, the Grantee shall pay that deficit to Grantor. Following the determination of the Purchase Price of the Property, Grantor may at any time elect in its sole and absolute discretion to rescind the election to purchase the Property by giving written notice to Grantee.

**c.**     <u>Closing</u>.  Closing on the purchase of the Property shall occur at an office designated by Grantor in the county where the Property is located.  The date and time for closing on the purchase shall be specified by Grantor in the Election Notice and be no sooner than ten (10) days thereafter.

**d.**     <u>Title Insurance</u>.  At the closing of the purchase, Grantee shall pay for an owner's title insurance policy (ALTA Form B) issued by a duly licensed title insurer insuring title of the Property in the Grantor's name subject only to those matters of record (a) existing prior to the Original Grantee's purchase, or (b) that Grantor may agree to assume.  Cost of said title insurance, costs of clearing title, and all other costs incurred incidental to conveyance of the Property (including without limitation, recording fees and documentary stamp tax) shall be paid by Grantee.  Property taxes and association dues will be prorated.  Grantor may inspect the Property at any time up until the closing.

**e.**     <u>Rights and Remedies Cumulative</u>.  The rights, remedies, elections and options granted to Grantor pursuant to this Section 4 are in addition to, and not exclusive of, any other rights or remedies to which Grantor is entitled by contract, at law or in equity.

**f.**     <u>Termination of Repurchase Right</u>.     The terms of this Section 4 shall expire and automatically terminate without further action by Grantor one (1) year after the date of the Deed.

**5.     RESTRICTIONS AND COVENANTS RUNNING WITH THE LAND.**  The restrictions, covenants, conditions, obligations, reservations, rights, powers and charges herein provided for shall constitute a servitude in and upon the Property and every part thereof, and shall run with the Property and inure to the benefit of and be enforceable by Grantor, it successors and assignees (as described hereinabove).  Any failure to enforce any restriction, covenant, condition, obligation, reservation, right, power, or charge herein contained shall in no event be deemed a waiver of the right to thereafter enforce any such restriction, covenant, condition, obligation, reservation, right, power or charge.

**6.     REMEDIES FOR VIOLATION.**  Violation or breach of any restriction, covenant, condition, obligation, reservation, right, power or charge herein set forth shall give Grantor, in addition to all other remedies, the right to proceed at law or in equity to compel a compliance with the terms of such violated or breached covenant, condition, obligation, reservation, right, power or charge, and to prevent the violation or breach thereof.

**7.     DURATION.** Unless otherwise stated herein, these restrictions shall remain in effect from the date of recording in the public records of the County for a term of twenty-five (25) years.

July 1, 2005 Version

3

8.    **PARTIES WHO MAY ENFORCE.**  These restrictions shall be enforceable by all available legal and equitable means by Grantor, its successors and such of its assignees to which Grantor specifically assigns its rights hereunder in a written instrument.  Such an assignment may be of all or only certain rights hereunder and may be made on an exclusive or non-exclusive basis, in any event without the necessity of any joinder or consent of Grantee.  Absent an express assignment as aforesaid (and in the event of same, except to the extent specifically provided herein), no person or entity (including, without limitation, any owners of adjacent or nearby property, any homeowners', condominium, merchants or other association, or governmental or quasi-governmental authority) shall be deemed a third party beneficiary hereof or have any rights to enforce any of the provisions contained herein, nor shall Grantor have any duty to such persons or entities to do so.

9.    **AMENDMENTS.**  Grantor, its successors and assignees, may add to, subtract from, or amend the foregoing covenants and restrictions in any manner which is not inconsistent with and which does not increase the standards or restrictions of the covenants and restrictions herein set forth.  Grantor may, with the approval and joinder of Grantee, otherwise wholly or partially modify, waive, or cancel the restrictive covenants and conditions herein set forth, at any time or from time to time.

10.    **GENERAL.**     Should any provisions of the RCCs be deemed by an arbitrator or a court of competent jurisdiction to be unenforceable, that determination will not affect the enforceability of the remaining provisions.  Use of one gender in the RCCs includes all other genders, and use of the plural includes the singular as may be appropriate.  The RCCs shall be construed and governed exclusively in accordance with the laws of the state in which the Property is located.

11.    **DEFINITIONS.**  The following words or combinations of words shall have the following meanings for the purposes of interpreting these RCCs:

a.    **Property.**  "Property" means the real property described in the Deed.

b.    **Deed.**  "Deed" means the deed to which these RCCs are attached.

c.    **RCCs.**  "RCCs" means these Restrictive Covenants and Conditions.

d.    **Related Party.**  "Related Party" shall mean any partner (whether general or limited), manager, owner, shareholder, subsidiary or affiliate, including officers, directors, employees, agents, contractors, consultants and attorneys and any Related Party to all or any of the foregoing.

e.    **Affiliate.**  "Affiliate" of a specified person or entity means a person or entity which (either directly or indirectly, through one or more intermediaries) controls, is under common control with or is controlled by, the specified person or entity.  For purposes of this definition, control of a specified person or entity (including the correlative terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of the specified person or entity, whether through ownership of voting securities, the ability to appoint one or more of an entity's officers, trustees, directors or persons in a similar capacity, by contract or otherwise.

f.    **Grantee.**  "Grantee" is the person or entity named as the "Grantee," "Buyer" or "Purchaser" in the Deed and who is acquiring title of the Property through the Deed, as well as all such person's or entity's successors-in-title and all other parties occupying or dealing with the Property on behalf or under the authority of Grantee or such successors.  The Original Grantee is the Grantee named in the Deed.

g.    **Grantor.**  "Grantor" is the person or entity named as the "Grantor" or "Seller" in the Deed and who is conveying title of the Property through the Deed.

h.    **Limited Warranty.**     "Limited Warranty" is the written Mercedes Homes Limited Home Warranty delivered to the Grantee named in the Deed.

i.    **Sales Agreement.**     "Sales Agreement" means the written contract pursuant to which Grantee agreed to sell the Property to Grantee or Grantee's predecessor.



July 1, 2005 Version

CONTRACTOR'S FINAL AFFIDAVIT AND RELEASE OF LIEN

STATE OF FLORIDA
COUNTY OF BREVARD

Before me, the undersigned authority, personally appeared, **Todd Foley**, as **Vice President of Construction** of **Mercedes Homes, Inc.**, who, after being by me first duly sworn, deposes and says of his personal knowledge that:

1. He/She is the **Vice President of Construction** of **Mercedes Homes, Inc.** which does business in the State of **Florida** (hereinafter called the "Contractor").

2. Contractor, pursuant to the Notice of Commencement   (hereinafter referred to the "Contractor") with Mercedes Homes, Inc.  (hereinafter referred to as the"Owner"), has heretofore furnished or caused to be furnished labor, materials and services for the construction of certain improvements as more particularly set forth in the Notice of Commencement filed in Official Records Book **2095** , Page **863**,  as recorded in the Public Records of **Indian River** County, **Florida**.

3. Contractor represents that all work to be performed under the aforesaid Contract has been duly completed and that all lienors under the direct contract have been paid in full.

4. In consideration of final payment of the Contractor and all other previous payments paid be the Owner to the Contractor, the undersigned does hereby for and in behalf of the Contractor, waive, release and relinquish the Contractor's right to any claim or demand or right to impose a lien or liens for work done or materials or services furnished or any other class of lien whatsoever, on any of the property owned by Owner on which improvements have been completed in connection with the aforementioned Notice of Commencement.

5. The Affiant represents that he has authority to execute a full and final release of lien for and on behalf of the Contractor.

6. The Affiant makes this Affidavit and Release of Lien, pursuant to Chapter 713, F.S., for the express purpose of inducing the Owner to make final disbursement and payment to the Contractor.

MERCEDES HOMES, INC.

BY: Todd Foley, Vice President of Construction

State of **Florida**
County of **Brevard**

Sworn to and subscribed before me this October 31, 2007, by **Todd Foley, Vice President of Construction** of Mercedes Homes, Inc., on behalf of the corporation, who is personally known to me.

Notary Public
State of **Florida**
My Commission Expires :

Prepared by:

Resa Ghent

B-D-R Title

3575 SW Corporate Parkway, Palm City, Florida  34990

File number: 5821PSE

The Undersigned hereby gives Notice of Termination of the Notice of

Commencement recorded in O.R. Book 1900, Page 449

of the Public Records of Indian River County, Florida.

1. Description of property: Lot 5, Block D, VERO LAKE ESTATES, UNIT R, Book 6, Page 51,  Indian River County, Florida

2. Address: 7845 103rd Court, Vero Beach, Florida  32967

3. General Description of Improvements: Construction of home

4. Owner information:

a. Name and Address:

Mercedes Homes, Inc.3575 SW Corporate Parkway, Palm City, Florida  34990

b. Interest in Property: FEE SIMPLE

5. Contractor: Mercedes Homes, Inc.

6. Surety: N/A

7. Lender Name: Centerpointe Financial, Inc.

Lender Address: 831 Coral Ridge Drive, Coral Springs, Florida  33071

8. Persons within the State of Florida designated by Owner upon whom notices or other documents may be served as provided by Section 713.13 (1)(1)7, Florida Statues: Keith Buescher , 6767 North Wickham Road, Suite #500 Melbourne, Florida 32940

9. In addition to himself, Owner designates N/A to receive a copy of the Lienor Notice as provided in Section 713.13(1)(b), Florida Statutes.

10. Expiration of Commencement (the expiration date is One Year from recording unless a different date is specified). Expiration date: 06/29/2006

11. Pursuant to Florida Statutes Section 713.132, the Notice of Commencement is terminated as of 06/29/2006 (but not less than 30 days after the Notice of Termination is recorded.

12. This Notice of Termination applies to all real property subject to the Notice of Commencement.

13. To the best of Owner's knowledge, all lienor have been paid in full.

14. A copy of this document is being provided to the Contractor and to anyone who has provided Owner or its designee with a Notice to Owner as provided in Florida Statues Section 713.06(2)(c)(d).

Mercedes Homes, Inc.

Jeffery R. King, Division President

State of Florida

County of Indian River

The foregoing instrument was acknowledged before me June 29, 2006 by Jeffery R. King who is personally known to me.

Notary

Print Notary name:

# SPECIAL WARRANTY DEED

This Special Warranty Deed is made and executed this 31st day of October, 2007, by:

Mercedes Homes, Inc.

whose post office address is:  6905 N. Wickham Road Suite 201
Melbourne, Florida 32940

a corporation existing under the laws of the State of Florida, GRANTOR, to

Randy I. Lapriola and Amy E. Lapriola, husband and wife

whose post office address is: 230 Pearl Street, Lock Haven, PA 17745, GRANTEE:
Property and mailing Address:  186 Spring Valley Avenue Sebastian, FL 32958

(Wherever used herein the terms "Grantor" and "Grantee" shall include singular and plural, heirs, legal representatives, and assigns of individuals, and the successor and assigns of corporations, wherever the context so admits or requires).

**Witnesseth,** that the said Grantor, for and in consideration of the sum of TEN AND NO/10 DOLLARS ($10.00), in hand paid by the said Grantee, the receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the Grantee, all of the following described land, situate, lying and being in the County of Indian River County, Florida, to wit:

Lot 34, Block 594, SEBASTIAN HIGHLANDS UNIT-17, according to the Plat thereof, recorded in Plat Book 8, Page 46, of the Public Records of Indian River County, Florida

Parcel Identification Number:  31-39-19-00001-5940-00034/

**Subject to** taxes for the current year, covenants, conditions, restrictions, including those in the Restrictive Covenants and Conditions and/or Deed Addendum attached hereto and made a part hereof, reservations, limitations, easements of record, if any, and all applicable zoning ordinances and/or restrictions and prohibitions imposed by governmental authorities, if any.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.
**To Have and To Hold** the same in fee simple forever.
**And** the Grantor will only warrant and defend the right and title to the above described property unto the Grantee against the lawful claims of those persons claiming by, through or under Grantor, but not otherwise.
**In Witness Whereof,** the said Grantor has caused this instrument to be executed in its name by its duly authorized officer and caused its corporate seal to be affixed the day and year first above written.

*Signed, sealed and delivered in our presence:*          **Mercedes Homes, Inc.**

By: _____
Todd Foley
Its: Vice President of Construction

Witness Print Name: _____
SHELIA M. McLANE

Witness Print Name: _____
KATHLEEN M. WEBSTER

State of Florida
County of Brevard

**EXHIBIT**
Composite "B"

The foregoing instrument was acknowledged before me this 31st day of October, 2007, by Todd Foley, Vice President of Construction, of Mercedes Homes, Inc., a corporation existing under the laws of the State of Florida, on behalf of the corporation, who is personally known to me.

in consideration of the conveyance made in the deed ("Deed") to which these Restrictive Covenants and Conditions ("RCCs") are attached, Grantor hereby establishes, declares and prescribes that the Property shall be owned, held, transferred and conveyed subject to the restrictive covenants and conditions hereinafter set forth, which shall apply to and be covenants running with the Property; Grantee, its successors and assignees, and every owner, present or past of the Property or any part thereof, including any purchaser at a judicial sale (whether or not it shall be so expressed in any deed of conveyance) hereby covenants and agrees to covenant, to comply with, abide and be bound by these Restrictive Covenants and Conditions.

**1.**   **SIGNS.** No sign advertising the Property for sale or for rent shall be erected, placed or maintained where it can be seen by the public, unless it has been approved in writing by Grantor. The terms of this Section 1 shall expire and automatically terminate without further action by Grantor one (1) year after the date of the Deed.

**2.**   **WARRANTIES CONTAINED IN LIMITED WARRANTY AGREEMENT; DISCLAIMER OF WARRANTIES.** The Limited Warranty describes all the warranties Original Grantee is receiving for the physical condition of the Property, and all other warranties, both express and implied, are waived and disclaimed. Accordingly, the acceptance of title to the Property shall constitute a full and complete waiver and release by or on behalf of Grantee of any and all claims, damages or liabilities against or of Grantor and its Related Parties now accrued or hereafter to accrue, including without limitation, those arising on account of, or in any way growing out of, concerning, relating to, arising out of, or in any way connected with the development, installation, improvement, construction, maintenance, repair, operation, or use of any portion of the Property or any buildings, structures, landscaping or improvements thereon, including but not limited to claims for damages arising from defects in construction or materials whether latent, observable, unobservable, known or unknown. **EXCEPT AS EXPRESSLY STATED IN THE LIMITED WARRANTY AGREEMENT, GRANTEE IS ACQUIRING THE PROPERTY "AS IS, WHERE IS, AND WITH ALL FAULTS."** The Limited Warranty is not assignable without Grantor's written consent.

**3.**   **MANDATORY BINDING ARBITRATION.**

   **a.**   Any and all claims and disputes between Grantee and Grantor or Grantor's Affiliate, shall be submitted to final and binding arbitration and not to a court for determination, including without limitation those claims and disputes that may have accrued before, during or after the delivery of the Deed, which arise from or are in any way related to: (a) the Limited Warranty or the Sales Agreement; (b) the Grantee's purchase, ownership or use of the Property; (c) the construction or improvements on the Property or the improvement, maintenance or operation of any part of the Property, even if the claim or dispute arises after the termination, expiration or lapse of any coverage under the Limited Warranty; (d) personal injuries or wrongful death; (e) damage to any part of the Property or to property other than the Property; (f) the development or maintenance of property owned, maintained or administered by any homeowner association; (g) any breach of or default under the Limited Warranty Agreement, the Sales Agreement, or any other contract between the Grantee and the Grantor or Grantor's Affiliate; (h) earnest money deposits delivered pursuant to the Sales Agreement; (i) negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract between the Grantee and the Grantor or Grantor's Affiliate, including the Warranty and the Sales Agreement; (j) breach of any alleged duty of good faith or fair dealing; (k) violation of any law, rule or regulation; (l) negligence or willful misconduct; or (m) defects, conditions, losses, injuries, damages and costs that are excluded from the coverage of the Limited Warranty. Notwithstanding the foregoing, Grantee or Grantor may seek injunctive relief from a court of competent jurisdiction as an interim remedy pending arbitration. Arbitration means there will be a fair hearing before a neutral arbitrator instead of in a court by a judge or jury.

   **b.**   Arbitration shall be conducted by a single arbitrator from:

Construction Arbitration Services, Inc. ("CAS")
2777 Stemmons Freeway,
Suite 1452, Dallas, TX 75207
214-638-2700
www.cas-usa.org

CAS may designate another neutral arbitration service to conduct the arbitration. Arbitration will be conducted in accordance with the rules of the arbitrator that are in effect during the arbitration proceedings.

   **c.**   Exclusive venue for the arbitration proceedings shall be in Brevard County, Florida, unless the arbitrator requires the arbitration to occur at the Property and the Property is not in Brevard County, Florida.

   **d.**   Each party will be responsible to pay its own attorneys' fees, costs and expenses arising as a result of any suit or arbitration proceeding and neither the Grantee, nor the Grantor will be entitled to recover their respective attorneys' fees, costs or expenses from one another, unless required by statute.

   **e.**   The decision rendered by the arbitrator may be entered in any court having jurisdiction thereof, and reduced to a judgment which will bind the parties as to all issues and matters that were brought before, or could have been brought before, the arbitrator. Upon request by either party, the arbitrator will provide a brief statement of the reasons for the award.

   **f.**   If Grantor or its Affiliate is subject to arbitration for any claim by a third party which could involve Grantee's material rights or obligations, then Grantee may be joined in such arbitration for final and binding determination of Grantee's rights and obligations. Grantee may not object to the joinder of any parties to the arbitration proceedings who are deemed appropriate for the full and complete resolution of any issues that could be raised in arbitration, and such joinder shall not constitute a reason to release Grantee or

contrary, shall not be asserted or accepted as a reason to delay, to refuse to participate in, or to refuse to enforce this arbitration agreement.  Any party who shall commence a judicial proceeding concerning a dispute which is arbitrable hereunder shall also be deemed to be a party requesting arbitration within the meaning of this arbitration agreement.

h.        Grantor or its Affiliate shall have the right, in advance of the arbitration proceeding, to inspect the Property.  No arbitration proceeding shall involve more than one single-family detached dwelling or more than one multi-family building.

i.        Grantee and Grantor expressly agree that the Sales Agreement, Deed and Limited Warranty involve and concern interstate commerce and are governed by the provisions of the Federal Arbitration Act (9 U.S.C.  §1, et seq.) now in effect and as the same may from time to time be amended, to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule; and to the extent that any state or local law, ordinance or judicial rule shall be inconsistent with any provision of the rules of the arbitration service under which the arbitration proceeding shall be conducted, the rules of the arbitration service shall govern the conduct of the proceeding.

j.        If the foregoing obligation to arbitrate a claim or dispute between Grantee and the Grantor's Affiliate is unenforceable, inapplicable, void, released or waived for any reason, whether voluntarily or involuntarily, then Grantee and Grantor agree to all of the following:

    i.        Venue for judicial determination of such claim or dispute will reside exclusively in Brevard County, Florida; and

    ii.       **Grantee and Grantor waive any right to trial by jury**, regardless of the nature of such claim, controversy or dispute, including and without limitation, those that were or were not arbitrable and those that were or were not covered by the Limited Warranty; and

    iii.      No judicial action shall involve more than one single-family detached dwelling or more than one multi-family building; and

    iv.      **Neither Grantee nor Grantor will voluntarily join, or participate as a member of, a class in any judicial action.  There shall be no right or authority for any claims to be adjudicated on a class or consolidated basis or on a basis involving claims brought in a purported representative capacity on behalf of the general public, other property owners or contractors, or other persons similarly situated; and**

k.        Before Grantee can bring a dispute against Grantor or any of Grantor's Affiliates based on a construction defect in the Property, Grantee must follow the requirements set forth in Florida Statutes §558.004, which requires that Grantee provide Grantor or its Affiliate with notice of the defect at least sixty (60) days before initiating arbitration of the dispute.

l.        In no event will either Grantor or Grantee be awarded (1) punitive or exemplary damages of any sort; or (2) treble damages or any other damages which are greater than compensatory damages or which are based on a multiple of compensatory damages.

m.        The terms of this Section 3 shall survive any termination, expiration or lapse of any coverage under the Limited Warranty.  Grantee and Grantor agree that if any portion of, or provision contained in, this Section 3 is determined to be unenforceable or void, then the unenforceable or void portion shall be removed from the RCCs, and the remaining portions shall remain in force and effect as if the removed portion had never existed.

**4.        RIGHT OF REPURCHASE FOR MISREPRESENTATION OF USE.**        If Original Grantee represents to Grantor in the Sales Agreement that Original Grantee will use the Property as Original Grantee's residence, and if the Property does <u>not</u> qualify as Original Grantee's residence, Grantor shall have the right, in its sole discretion, to purchase the Property if Original Grantee sells, offers to sell or solicits offers to purchase the Property at any time within 365 days after the date of the Deed.  For example, the Property will qualify as Original Grantee's residence if Original Grantee is granted a homestead exemption by the local tax collector.  If the Property will be rented to others by Original Grantee, it will not be considered to be Original Grantee's residence.  Grantor's right to purchase the Property shall be exercised in accordance with the following provisions:

a.        **Election Notice.**  Grantor may elect to exercise its right of purchase by giving written notice thereof ("Election Notice") to Grantee.

b.        **Purchase Price.**  The purchase price ("Purchase Price") to be paid by Grantor to Grantee shall be equal to (a) the "Total Purchase Price" stated in the Sales Agreement, less (b) the amount of any mortgages, mechanic's liens, judgment liens and other matters that are unpaid or not released, or that are paid or assumed by the Grantee.  If the result of this calculation is a negative amount, the Grantee shall pay that deficit to Grantor.  Following the determination of the Purchase Price of the Property, Grantor may at any time elect in its sole and absolute discretion to rescind the election to purchase the Property by giving written notice to Grantee.

c.        **Closing.**  Closing on the purchase of the Property shall occur at an office designated by Grantor in the county where the Property is located.  The date and time for closing on the purchase shall be specified by Grantor in the Election Notice and be no sooner than ten (10) days thereafter.

d.        **Title Insurance.**  At the closing of the purchase, Grantee shall pay for an owner's title insurance policy (ALTA Form B) issued by a duly licensed title insurer insuring title of the Property in the Grantor's name subject only to those matters of record (a) existing prior to the Original Grantee's purchase, or (b) that Grantor may agree to assume.  Cost of said title insurance, costs of clearing title, and all other costs

g.   **Subordination of Repurchase Right.** This right of repurchase is subordinate, inferior and subject to the rights of the holder of a mortgage or deed of trust made to secure a loan for the acquisition of the Property, or construction of approved improvements thereon, or both.

5.   **RESTRICTIONS AND COVENANTS RUNNING WITH THE LAND.**  The restrictions, covenants, conditions, obligations, reservations, rights, powers and charges herein provided for shall constitute a servitude in and upon the Property and every part thereof, and shall run with the Property and inure to the benefit of and be enforceable by Grantor, its successors and assignees (as described hereinabove).  Any failure to enforce any restriction, covenant, condition, obligation, reservation, right, power, or charge herein contained shall in no event be deemed a waiver of the right to thereafter enforce any such restriction, covenant, condition, obligation, reservation, right, power or charge.

6.   **REMEDIES FOR VIOLATION.**  Violation or breach of any restriction, covenant, condition, obligation, reservation, right, power or charge herein set forth shall give Grantor, in addition to all other remedies, the right to proceed at law or in equity to compel a compliance with the terms of such violated or breached covenant, condition, obligation, reservation, right, power or charge, and to prevent the violation or breach thereof.

7.   **DURATION.**  Unless otherwise stated herein, these restrictions shall remain in effect from the date of recording in the public records of the County for a term of twenty-five (25) years.

8.   **PARTIES WHO MAY ENFORCE.**  These restrictions shall be enforceable by all available legal and equitable means by Grantor, its successors and such of its assignees to which Grantor specifically assigns its rights hereunder in a written instrument.  Such an assignment may be of all or only certain rights hereunder and may be made on an exclusive or non-exclusive basis, in any event without the necessity of any joinder or consent of Grantee.  Absent an express assignment as aforesaid (and in the event of same, except to the extent specifically provided therein), no person or entity (including, without limitation, any owners of adjacent or nearby property, any homeowners', condominium, merchants' or other association, or governmental or quasi-governmental authority) shall be deemed a third party beneficiary hereof or have any rights to enforce any of the provisions contained herein, nor shall Grantor have any duty to such persons or entities to do so.

9.   **AMENDMENTS.** Grantor, its successors and assignees, may add to, subtract from, or amend the foregoing covenants and restrictions in any manner which is not inconsistent with and which does not increase the standards or restrictions of the covenants and restrictions herein set forth.  Grantor may, with the approval and joinder of Grantee, otherwise wholly or partially modify, waive, or cancel the restrictive covenants and conditions herein set forth, at any time or from time to time.

10.   **GENERAL.**  Should any provisions of the RCCs be deemed by an arbitrator or a court of competent jurisdiction to be unenforceable, that determination will not affect the enforceability of the remaining provisions. Use of one gender in the RCCs includes all other genders, and use of the plural includes the singular as may be appropriate.  The RCCs shall be construed and governed exclusively in accordance with the laws of the state in which the Property is located.

11.   **DEFINITIONS.**  The following words or combinations of words shall have the following meanings for the purposes of interpreting these RCCs:

a.   **Property.** "Property" means the real property described in the Deed.

b.   **Deed.** "Deed" means the deed to which these RCCs are attached.

c.   **RCCs.** "RCCs" means these Restrictive Covenants and Conditions.

d.   **Related Party.** "Related Party" shall mean any partner (whether general or limited), manager, owner, shareholder, subsidiary or affiliate, including officers, directors, employees, agents, contractors, consultants and attorneys and any Related Party to all or any of the foregoing.

e.   **Affiliate.** "Affiliate" of a specified person or entity means a person or entity which (either directly or indirectly, through one or more intermediaries) controls, is under common control with or is controlled by, the specified person or entity.  For purposes of this definition, control of a specified person or entity (including the correlative terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of the specified person or entity, whether through ownership of voting securities, the ability to appoint one or more of an entity's officers, trustees, directors or persons in a similar capacity, by contract or otherwise.

f.   **Grantee.** "Grantee" is the person or entity named as the "Grantee," "Buyer" or "Purchaser" in the Deed and who is acquiring title of the Property through the Deed, as well as all such person's or entity's successors-in-title and all other parties occupying or dealing with the Property on behalf or under the authority of Grantee or such successors.  The Original Grantee is the Grantee named in the Deed.

g.   **Grantor.** "Grantor" is the person or entity named as the "Grantor" or "Seller" in the Deed and who is conveying title of the Property through the Deed.

h.   **Limited Warranty.**  "Limited Warranty" is the written limited warranty delivered to the Grantee named in the Sales Agreement.

i.   **Sales Agreement.**  "Sales Agreement" means the written contract pursuant to which Grantee agreed to sell the Property to Grantee or Grantee's predecessor.

# CONTRACTOR'S FINAL AFFIDAVIT

STATE OF FLORIDA
COUNTY OF MARTIN

BEFORE ME, the undersigned authority, personally appeared, Jeffery R. King, its Division President, of Mercedes Homes, Inc. ., who after being by me duly sworn, states the following:

1. The undersigned is the general contractor doing business in the State of Florida.

2. The undersigned as a contractor entered into a contract with for improvements to be made to certain property located in Indian River County, Florida, as set forth in that certain Notice of Commencement recorded in Official Records Book 1900, at Page 449, Public Records of Indian River, Florida.

3. The undersigned contractor has caused labor, materials, and/or services to be furnished to said property pursuant to said contract. The undersigned contractor hereby states that all work performed under said contract has been fully completed and that all lienors have been paid in full, except the following:

   NAME OF LIENOR                     AMOUNT DUE

   *NONE*

4. For and in consideration of payment to the undersigned contractor, the undersigned does hereby waive and release the undersigned rights to any claim or rights to a claim of lien for any Work performed or materials furnished whatsoever, on any of the property owned by the aforesaid Owner in connection with the aforesaid contract.

Dated this 06/29/2006

Mercedes Homes, Inc.

BY: _____
Jeffery R. King, its Division President

The Foregoing instrument was acknowledged before me this 06/29/2006 by Jeffery R. King, Division President of Mercedes Homes, Inc. on behalf of the corporation, who is personally known to me.

_____
Notary Public

(Seal)



N. Ghent
Commission # DD340410
Expires July 22, 2008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**West Palm Beach Division**
www.flsb.uscourts.gov

In re

MERCEDES HOMES, INC., *et al.*

Debtors.

Chapter 11 Cases

Case No. 09-11191 (PGH)

(Jointly Administered)

## CERTIFICATE OF SERVICE

I, Staci McFadden, hereby certify that, on or before the 30th day of March, 2009, I caused the following documents to be served via First Class mail on the parties attached hereto as **Exhibit A**:

- **Notice of Bar Date for Filing Proofs of Claim** [Docket No. 393]

- **(Blank) Proof of Claim** [Form B10]

- **Order Re Instructions to Pro Se Litigants** [Docket No. 276]

Furthermore, on or before the 30th day of March, 2009, I caused the following documents to be served via First Class mail on the parties attached hereto as **Exhibit B**:

- **Notice of Bar Date for Filing Proofs of Claim** [Docket No. 393]

- **Order Re Instructions to Pro Se Litigants** [Docket No. 276]

Furthermore, on or before the 30th day of March, 2009, I caused the following documents to be served via First Class mail on the parties attached hereto as **Exhibit C** and **Exhibit D**:

- **Notice of Bar Date for Filing Proofs of Claim** [Docket No. 393]

- **(Customized) Proof of Claim** [Form B10]

- **Order Re Instructions to Pro Se Litigants** [Docket No. 276]

Dated: March 31, 2009

Staci McFadden



**EXHIBIT**

Composite "C"

Case 09-11191-PGH   Doc 411   Filed 03/31/09   Page 203 of 604

Exhibit D

| CreditorNoticeName | CreditorName | Address | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| | EDDIE HUGGINS LAND GRADING CO INC | 2520 SE WILLOUGHBY BLVD | | | STUART | FL | 34994 | |
| | EDDIE HUGGINS LAND GRADING CO LLC | 2520 SE WILLOUGHBY BLVD | | | STUART | FL | 34994 | |
| | EDDIE PIECARA CUSTOM PAINTING INC | 4587 LAKE JAMES CIR | | | EDGEWATER | FL | 32141 | |
| | EDDINGER CHARLOTTE | 2782 GLENRIDGE DR | | | MERRITT ISLAND | FL | 32953 | |
| | EDDY R RESNICK ESQ | 2020 ASHLEY OAKS CIR STE101 | | | WESLYEY CHAPEL | FL | 33544 | |
| | EDEN HAGGIS TESFAMICHAEL AMINE & | 7100 CANYONBROOK DR | | | PLANO | TX | 75074 | |
| | EDENS SHANNON | 10514 BERMUDA ISLEDR | | | TAMPA | FL | 33647 | |
| | EDGAR OLMOS | 206 N COLORADO AVE | | | DELAND | FL | 32724 | |
| | EDGAR ORTIZ | 700 N COURTENAY PKWY APT 124 | | | MERRITT ISLAND | FL | 32953 | |
| | EDGAR RODRIGUEZ | 700 N COURTENAY PKWY | NO 124 | | MERRITT ISLAND | FL | 32953 | |
| | EDGAR VEGA | 9506 SCHMIDT LN | | | MANOR | TX | 78653 | |
| | EDGAR VERDUJO | 1709 MERCER AVE APT NO 1 | | | WEST PALM BEACH | FL | 33401 | |
| | EDGARD BECERRIL | 502 B ALBATROSS | | | KISSIMMEE | FL | 34759 | |
| | EDGARS CLEANING SERVICE | 9506 SCHMIDT LN | | | MANOR | TX | 78653 | |
| VEGA GRACE | EDGE INFORMATION MANAGEMENT INC | PO BOX 3378 | | | MELBOURNE | FL | 32902-3378 | |
| | EDGE RICHARD | 762 SE ALBATROS | | | PORT ST LUCIE | FL | 34982 | |
| | EDI EXPRESS | PO BOX 2149 | | | GARDENA | CA | 90247-0149 | |
| | EDILBERTO GUTIERREZ | 300 S W 40TH ST | | | OCALA | FL | 34474 | |
| | EDINSON ANDREW | 2844 SW 24 AVE | | | CAPE CORAL | FL | 33914 | |
| | EDINSON ANDREW | 2844 SW 24TH AVE | | | CAPE CORAL | FL | 33914 | |
| | EDITH RAMOS | 119 LODGE POLE CIR | | | GEORGETOWN | TX | 32139 | |
| | EDITH SPAULDING | PO BOX 2303 | | | KELLER | TX | 76244 | |
| | EDMUND JOHN | 2892 LOUISE CIR SW WEST | | | PORT ST LUCIE | FL | 34953 | |
| | EDMUND CAROL | 930 ALBERTVILLE DR | | | KISSIMMEE | FL | 34759 | |
| | EDMUND KENDRICK | 2627 LYNDSGAGE ST | | | ORLANDO | FL | 32833 | |
| | EDNA LEVENTHAL | 2568 SW DECKARD ST | | | PORT ST LUCIE | FL | 34953 | |
| | EDUARD DUDELINE | 4713 PLAYSCHOOLDR | | | JACKSONVILLE | FL | 32210 | |
| | EDUARD FRANCOIS GUSNER FLORANCE | 1384 DARROW RD NW | | | PALM BAY | FL | 32908 | |
| | EDRAS LOPEZ | 1435 KING ST LOT A 12 | | | COCOA | FL | 32922 | |
| | EDUARD ABRAMOV | 521 EVERGREEN TERRACE SE | | | PORT ST LUCIE | FL | 34983 | |
| | EDUARDO ALVAREZ | 4413 IXORA CIR | | | LAKE WORTH | FL | 33461 | |
| | EDUARDO CORDON | 87 FERNE LN | | | LAKE WORTH | FL | 33467 | |
| | EDUARDO GOMEZ | 849 BAY LN APT NO 2 | | | CRESCENT CITY | FL | 32112 | |
| | EDUARDO LOPEZ | 1107 WILLOW LN | | | COCOA | FL | 32922 | |
| | EDUARDO RENATA C | 1038 PROVINCETOWN LN SW | | | PORT ST LUCIE | FL | 34953 | |
| | EDUARDO RODRIGUEZ | 187 COLONIAL BLVD | | | GREENACRES | FL | 33463 | |
| | EDWARD & SUSAN HALL | 5425 ARECA PALM ST | | | COCOA | FL | 32927 | |
| | EDWARD BEAUDRY | 4803 SANDTYN DR | | | WAYHAW | NC | 28173 | |
| | EDWARD C PADEN JR JOHN W BRIGHT & | 6109 FAIROAK DR | | | VILLA RICA | GA | 30180 | |
| | EDWARD FARNSCHLADER FRAMING INC | 465 ONTARIO ST NW | | | PALM KAY | FL | 32907 | |
| | EDWARD FARNSCHLADER FRAMING INC | PO BOX 110141 | | | | FL | 12911-0141 | |
| | EDWARD GARCIA | 1126 SW 8TH PLACE | | | CAPE CORAL | FL | 33991 | |
| | EDWARD GARCIA | 1126 SW 8TH PLACE | | | CAPE CORAL | FL | 33991 | |
| | EDWARD JAYNES & CO INC | 358 HIBISCUS AVE STE C | | | MERRITT ISLAND | FL | 32953 | |
| | EDWARD JAYNES AND COMPANY | 358 HIBISCUS AVE STE C | | | MERRITT ISLAND | FL | 32953 | |
| | EDWARD KLISH | 3300 DEER LAKES DR | | | MELBOURNE | FL | 32940 | |
| | EDWARD LUTZ | 2911 TENNISER RIVER RD | | | LANSING | MI | 48906 | |
| | EDWARD RITENOUR | 1902 MANOR DR | | | COCOA | FL | 32926 | |
| | EDWARD ROTH | 830 LAKEVIEW ST | | | PALM BAY | FL | 32909 | |
| | EDWARD RYCKMAN INC | PO BOX 13869 | | | MERRITT ISLAND | FL | 32954 | |
| | EDWARD SCHULTZ | 5761 CAPE HARBOUR DR UNIT 1207 | | | FORT PIERCE | FL | 34979-3969 | |
| | EDWARD TEKEL JR | 27609 FIREWOOD DR | | | CAPE CORAL | FL | 33914 | |
| | EDWARD WILLIAMS | PO BOX 8524 | | | DAPHNE | AL | 36526 | |
| | EDWARDS AUDREY | 2364 FLEMING AVE SW | | | PALM BAY | FL | 32908 | |
| | EDWARDS EXTERMINATING INC | 3815 N U S HWY 1 | | | COCOA | FL | 32926 | |
| | EDWARDS GLORIA | 442 CREMONA AVE NE | | | PALM BAY | FL | 32907 | |
| | EDWARDS IFRAING | 1337 WILLOW BRANCHDR | | | JACKSONVILLE | FL | 32211 | |
| | EDWARDS JASON | 13950 NE 190TH AVE | | | BUNNELL | FL | 32110 | |
| | EDWARDS JOSLYN | 7845 103RD COURT | | | ST CLOUD | FL | 34772 | |
| | EDWARDS KAYLA | 3484 LIVE OAK HOLLOW DR | | | MCCOY | VA | 24134 | |
| | EDWARDS KRISTINE | 1238A COUNTRY OAK CR | | | VERO BEACH | FL | 32967 | |
| | EDWARDS LENNOX VELMA | 1301 GILPIN ST NW | | | ORANGE PARK | FL | 32065 | |
| | EDWARDS MARTIN & SHARON | 5288 BRIGHTON PARK LN | | | FORT MYERS | FL | 33913 | |
| | EDWARDS MICHAEL BRENT & LAURAL | 1252 W WEAVER ST | | | PALM BAY | FL | 32907 | |
| | EDWARDS ORNAMENTAL IRON | PO BOX 1637 | | | MELBOURNE | FL | 32901 | |
| | EDWARDS RICHARD | 2836 LAFAYETTE TRACEDR | | | JACKSONVILLE | FL | 32210 | |
| | EDWARDS RODRIGUEZ SAMUEL INGRID | 15765 SILENT TREE PLACE | | | JACKSONVILLE | FL | 32204 | |
| | EDWARDS ROGER CARRIE | 10171 GARDEN HOUSE CT | | | WOODBRIDGE | VA | 22191 | |
| | EDWARDS RONNIE | 928 FOX CHAPEL LN | | | JACKSONVILLE | FL | 32221 | |
| | EDWARDS SABRINA | 8818 SHINDLER CROSSING | | | JACKSONVILLE | FL | 32221 | |
| | EDWARDS STEVE DOROTHY | | | | JACKSONVILLE | FL | 32222 | |

In re Mercedes Homes, Inc., et al.,
Case No. 09-11191

158 of 559

Matrix

| CreditorName | CreditorNoticeName | Address | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| LANG TERENCE | | 10650 LEADEN LN | | | ORLANDO | FL | 32825 | |
| LANGDON CAROL | | 816 LINGARD DR | | | ORANGE PARK | FL | 32073 | |
| LANGDON OSCAR | | 623 CANVASBACK CT | | | LANCASTER | TX | 75146 | |
| ANGEL MICHAEL & SANDRA | | 5329 CONLE FOR NW | | | PORT SAINT LUCIE | FL | 34986 | |
| ANGEL MICHAEL & SANDRA | | 9121 LAKE PARK CIR NORTH | | | DAVIE | FL | 33328 | |
| LANGFORD KEITH | | 19 N SADDLE RIDGE DR | | | CEDAR PARK | TX | 78613 | |
| LANGILLE FREDD & HARRIET | | 2748 SANDSTONE TRL | | | ORANGE PARK | FL | 32073 | |
| LANGILLE HEATHER & ROGER | | 1004 SEMMES LN | | | INDIAN TRAIL | NC | 28079 | |
| LANGLADE LAURENT & SUZANNE | | 12701 MONTEREY PATH | | | AUSTIN | TX | 32073 | |
| LANGLEY CORPORATE INVESTMENTS INC | | P O BOX 120355 | | | CLERMONT | FL | 34712 | |
| LANGNER THOMAS & MARGARET | | P O BOX 120355 | | | CLERMONT | FL | 34712 | |
| LANGNER THOMAS & MARGARET | | 3650 MARBURY COURT | | | LAND O LAKES | FL | 34639 | |
| LANGTON ANDRE | | 11057 APPLE BLOSSOM TR W | | | JACKSONVILLE | FL | | |
| DUNHAM IAN & HEATHER M | | 7121 OUTRIGGER TERRACE N | | | JACKSONVILLE | FL | | |
| LANGTON ANDRE | | 1860 EL GADO PKWY | | | CITRUS SPRINGS | FL | 34434 | |
| DUNHAM STEVE & SHELBY | | 1356 | | | | FL | | |
| LANKES MICHAEL & CHERYL | | 611 WAVEVIEW DR | | | LITTLE ELM | TX | 75068 | |
| LANNUIER DEREK SHAWA | | 465 LADYSLIPPER ST SW | | | MERRITT ISLAND | FL | 32953 | |
| LANNOK MICHELETTE | | 12260 COUNTRY DAY CIR | | | ORANGE PARK | FL | 32065 | |
| LANOUETTE ALAN AND MARIAN | | 1705 SUN GLASS DR | | | PALM BAY | FL | 32908 | |
| DANYLUK ALFREDO | | 9463 JAUSE PLACE | | | FORT MYERS | FL | | |
| PANTRY NEVIN AND BEVERLY | | 6365 TAFT ST | | | MANOR | TX | 78653 | |
| LANZAFAME VINCENT AND FLORA | | 3139 ARDEN CIR | | | ORLANDO | TX | 78633 | |
| LAOS DAVID | | 865 SANDHURST CT | | | MELBOURNE | FL | 32073 | |
| LAOS ISABEL | | 6365 TAFT ST STE 3006 | | | TITUSVILLE | FL | 32935 | |
| LAOS ISABEL | | PO BOX 651817 | | | HOLLYWOOD | FL | 33024 | |
| LAOS ISABEL | | 8165 100TH COURT | | | HOLLYWOOD | FL | 33024 | |
| LAOS ISABEL | | 5639 NW 26TH CT | | | PORT ST LUCIE | FL | 34953 | |
| LAOS JOSE | | PO BOX 651817 | | | DAVIE | FL | 34953 | |
| LAOS JOSE J | | 3773 SKROPD ST SW | | | VERO BEACH | FL | 32960 | |
| LAOS JOSE LUIS | | 1533 BELLA AVE SW | | | PORT ST LUCIE | FL | 34953 | |
| LAOS JOSE LUIS | | 4275 BACHMAN ST SW | | | PORT ST LUCIE | FL | 34953 | |
| LAOS MADYN | | 234 W 66TH ST | | | PORT ST LUCIE | FL | 34953 | |
| LAPLISSA JOSEPH & DARLENE | | 261 INWOOD AVE SW | | | HIALEAH | FL | 33016 | |
| LAPOINTE MARK | | 1078 LANCASTER DR | | | PORT ST LUCIE | FL | 34953 | |
| LAPORE CHRISTOPHER | | 1941 LAZY OAKS LOOP | | | PORT ST LUCIE | FL | 34994 | |
| LAPORTOLA RANDY & AMY | | 30 JUNIPER VALE TERRACE | | | JACKSONVILLE | FL | 34771 | |
| LAQUINTA MELBOURNE | | 186 SPRING VALLEY AVE | | | SAINT CLOUD | FL | | |
| LOUISHA HOSLEY | | 7200 GEORGE T EDVARDSSON | | | ORLANDO | FL | | |
| LARA DOMINGO & MARIA | | 4705 JACKSON MEADOWS | | | SEBASTIAN | FL | 32958 | |
| LARA INOVINO | | 3029 GALT CIR SE | | | MELBOURNE | FL | | |
| LARA MELISSA | | 10225 11TH PLACE | | | SACHSE | FL | 32940 | |
| LARA NOEL | | 11306 BLACKMOOR DR | | | MELBOURNE | FL | 32968 | |
| LARA RODOLFO C | | 9215 ABBEY PARK AVE | | | OCALA | FL | 75048 | |
| CUNNINGHAM STEVE | | 901 ALBION ST NW | | | OCALA | FL | 34464 | |
| CORA ROY AND MARIBEL | | 613 APOLLO | | | AUSTIN | TX | 78749 | |
| ALEXANDRIA ANDREY | | 2987 SW 145TH CT | | | TAMPA | FL | 33647 | |
| JAQUE KARLY & DHERLY | | 837 MC HOLE AVE SW | | | PALM BAY | TX | 32907 | |
| LARGIE JUAN & KEVIN E | | 7300 CLEARWATER DR | | | ORLANDO | FL | 32829 | |
| LARKINS THOMAS & KAREY | | 1245 SUNDERWOOD DE | | | MIAMI | FL | 33175 | |
| LARON CONTRACTING INC | | 1103 DUNHAM ST SE | | | PORT ST LUCIE | FL | 34983 | |
| LAROCK DONALD & JUDITH | | 242 UMBER ST NW | | | WEST MELBOURNE | FL | 32908 | |
| LAROCK DONALD AND JUDITH | | 1600 NORTH 80TH ST | | | SPRING HILL | FL | 34606 | |
| LARKINS THOMAS & KAREY | | 26508 SHOREGRASS | | | ATLANTIC BEACH | FL | 32233 | |
| LARMIER PAULA | | 11125 CHEROKEE COVE DR | | | PALM BAY | FL | 32907 | |
| LAROSA RAOUL & IRIS | | 817 SE HAAS AVE | | | ORLANDO | FL | 32703 | |
| LARRY ADAMS | | 811 HAAS AVE SE | | | TAMPA | FL | 33544 | |
| LARRY BERG | | 20120 NW 30TH CT | | | APOPKA | FL | 33221 | |
| LARRY BLAIR JR | | 1505 REAGANOR | | | WESLEY CHAPEL | FL | 34953 | |
| LARRY C COSTEEN TAX COLLECTOR | | 1213 ROSA L JONES | | | JACKSONVILLE | FL | 34953 | |
| LARRY C BUTCHENNE | | 806 WINDSOR DR | | | PORT ST LUCIE | FL | 33056 | |
| LARRY FAVOR | | 266 LINWOOD AVE | | | PORT ST LUCIE | TX | 75098 | |
| LARRY GASSAGE | | 4440 KINGSFVLEDR | | | MIAMI GARDENS | FL | 32955 | |
| LARRY GRIFFIN | | 3485 SE WILLOUGHBY BLVD | | | WYLIE | FL | 33510 | |
| LARRY GRIFFIN | | 821 ORANGE AVE | | | ROCKLEDGE | FL | 32937 | |
| LARRY GRIFFIN | | 198 | | | BRANDON | FL | 32927 | |
| LARRY GRIFFIN | | 908 N W FIELD PLACE | | | SATELLITE BEACH | FL | 34994 | |
| LARRY J MORELLI INC | | 2066 ALAMEDA DR | | | COCOA | FL | 32112 | |
| | | | | | STUART | FL | 34994-5042 | |
| | | | | | CRESCENT CITY | FL | 34475 | |
| | | | | | OCALA | FL | 34609 | |
| | | | | | SPRING HILL | FL | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re | |
| | Case No. 09-11191-BKC-PGH |
| **MERCEDES HOMES, INC., *et al.*,** | |
| | Chapter 11 Cases |
| | (Jointly Administered) |
| Debtors. | |

**NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM**

**PLEASE TAKE NOTICE** that:

1. Mercedes Homes, Inc., *et al.*, ("MHI" or "Debtors")[1], debtors and debtors-in-possession in the above-captioned Chapter 11 cases, all filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code on January 26, 2009 ("Petition Date");

2. The Notice of Commencement of the jointly administered cases set forth a deadline for filing Proofs of Claim of June 29, 2009 ("Claims Bar Date"), in accordance with which you are receiving this Notice.

3. **BAR DATE:** The deadline for filing proofs of claim in this case is fixed as **June 29, 2009 ("Bar Date").** The Bar Date applies to any "claim," as such term is defined in Bankruptcy Code § 101(5), against any of the Debtors arising from any event occurring during the Debtors' operation of their businesses before and until the Petition Date described in paragraph 1 of this Notice, including, without limitation: (i) unsecured claims incurred by vendors, suppliers, and other trade-related entities involved in the general operation of the Debtors' businesses; (ii) litigation claims, including such claims that have been asserted in litigation where the plaintiffs have sued or joined as co-defendants present or former directors, officers, or employees of one or more of the Debtors, or other individuals or entities, who may have indemnification claims or contribution claims against one or more of the Debtors, or who may expose one or more of the Debtors to various liability under various principles or provisions of applicable state law; (iii) any worker's compensation claims; and (iv) any administrative agency claims or similar kinds of private enforcement claims, including, but not limited to, wage and hour claims, wrongful termination and discharge claims, loss of benefits claims, harassment claims, employment discrimination claims, and other employment related claims. *Furthermore, any holder of an equity interest in the Debtors need not file a proof of such equity interest, unless such holder asserts a claim against the Debtors (including a claim relating to an equity interest or the*

---

1  The debtor subsidiaries of MHI include: i) Space Coast Truss, Inc. ("Space Coast Truss"); ii) Mercedes Homes of Texas Holding Corp. ("MH Texas"); iii) Suntree Office Complex, LLC ("Suntree"); iv) Engineering and Drafting Services, Inc. ("Engineering Services"); v) Mercedes Homes of the Carolinas, Inc. dba Mercedes Homes ("MH Carolinas"); vi) Solid Wall Systems, Inc.; vii) MH Holding Company, LLC ("MH Holding"); viii) Mercedes Homes of Texas, Ltd. ("MH Texas"); ix) MHI Building Products, L.P. ("MHI Building"); and x) Dairy Towns Community Developers, Inc. ("Dairy Towns").

PHOENIX/474119.1

*purchase or sale of such equity interest).* **The deadline for governmental units to filing proofs of claims in this case is fixed as September 27, 2009 ("Governmental Bar Date").**

4. **ADDRESS FOR FILING OF PROOFS OF CLAIM:** Except as otherwise specifically provided in this Notice, all persons or entities wishing to assert a claim against either of the Debtors must file such claim, **using the proof of claim form provided with this Notice, so that it is received no later than 5:00 p.m., Pacific Time, on the Bar Date,** by Kurtzman Carson Consultants LLC ("KCC") at:

Mercedes Homes Claims Processing Center
c/o Kurtzman Carson Consultants LLC
2335 Alaska Ave.
El Segundo, CA 90245

Proofs of claim will be treated as filed only when actually received by the Kurtzman Carson Consultants LLC by mail or hand-delivery. Facsimile and e-mailed proofs of claim will not be accepted. Creditors are advised not to file or send copies of proofs of claim directly to the Debtors, counsel for the Debtors, counsel for any committees that may be appointed in these cases, or to counsel for the United States Trustee. If a creditor wishes to receive an acknowledgement of receipt of its proof of claim, the creditor must provide KCC with an additional copy of the proof of claim with a self-addressed, postage-paid return envelope.

5. **REVIEW OF SCHEDULES:** The Debtors have filed their Schedules of Assets and Liabilities with the Bankruptcy Court, setting forth claim amounts for all creditors as they appear on the Debtors' books and records. All creditors are advised to review the Schedules, which are available at the Clerk of the Court, United States Bankruptcy Court, Southern District of Florida, West Palm Beach Division, Flagler Waterview Building, 1515 N. Flagler Dr., Room 801 West Palm Beach, Florida 33401, during regular business hours. The Schedules may also be viewed and downloaded free of charge at www.kccllc.net/MercedesHomes.

6. **WHO NEED NOT FILE A PROOF OF CLAIM:** A creditor needs not file a proof of claim if: (a) it has previously filed a proof of claim in these cases in accordance with this Notice; or (b) it agrees in all respects with the information contained in the Schedules regarding the amount of its claim and such claim is not listed as contingent, unliquidated, or disputed. If a creditor's claim is listed as contingent, unliquidated, or disputed in the Schedules or is not listed at all in the Schedules, the creditor MUST file a proof of claim, using the provided proof of claim form, on or before the Bar Date. If a creditor is unsure whether its claim is listed as contingent, unliquidated, or disputed or is listed at all in the Schedules, the creditor MUST file a proof of claim by the Bar Date. If a creditor disagrees in any respect with the information contained in the Schedules, that creditor MUST file a proof of claim by the Bar Date, using the proof of claim form.

7. **EXECUTORY CONTRACT AND UNEXPIRED LEASE CLAIMS:** Any claims arising out of, or otherwise related to, the Debtors' rejection of any executory contracts or unexpired nonresidential leases must be filed on or before the earlier of: (a) 30 days following the entry of the order of the Court approving such rejection, provided the effectiveness of such order has not been stayed, and (b) 45 days following the effective date of any plan or plans of reorganization confirmed by the Bankruptcy Court in these cases.

2

PHOENIX/474119.1

8. **REQUIREMENT OF PROOF OF CLAIM FORM:** In filing their proofs of claim, all creditors are advised to use the Proof of Claim Form provided with this Notice.

9. **FAILURE TO FILE PROOF OF CLAIM:** Any holder of a claim that fails to file a proof of claim on or before <u>June 29, 2009</u>, if required to do so as set forth in this Notice is: (a) forever barred, estopped and enjoined from (i) asserting any such claim against the Debtors or their successors and assigns, and (ii) voting on or receiving any distribution under any plan or plans of reorganization for the Debtors on account of such claim; (b) bound by the terms of any plan of reorganization confirmed with respect to the Debtors; and (c) not entitled to receive any further notices or mailings in these cases.

Dated: March 24, 2009

Respectfully submitted,

**Squire, Sanders & Dempsey LLP**

By: /s/ Sean T. Cork
Craig D. Hansen (AZ Bar No. 007405)
Sean T. Cork (AZ Bar No. 022149)
40 North Central Avenue, Suite 2700
Phoenix, AZ 85004
Telephone: +1.602.528.4000
Facsimile: +1.602.253.8129
chansen@ssd.com
scork@ssd.com

Tina M. Talarchyk (FL Bar No. 794872)
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: +1.561.650.7261
Facsimile: +1.561.655.1509
ttalarchyk@ssd.com

B 10 Official Form 10 12/08

| UNITED STATES BANKRUPTCY COURT | Southern District of Florida | PROOF OF CLAIM |
|---|---|---|

Indicate Debtor against which you assert a claim by checking the appropriate box below.
**(Check ONLY one Debtor Per Claim Form.)**

☐ **Mercedes Homes, Inc.**
  (Case No. 09-11191-PGH)
☐ **Space Coast Truss, Inc.**
  (Case No. 09-11194-PGH)
☐ **Mercedes Homes of Texas Holding Corp.**
  (Case No. 09-11197-PGH)
☐ **Suntree Office Complex, LLC**
  (Case No. 09-11201-PGH)

☐ **Engineering and Drafting Services, Inc.**
  (Case No. 09-11203-PGH)
☐ **Mercedes Homes of the Carolinas, Inc. d/b/a Mercedes**
  (Case No. 09-11204-PGH)
☐ **MHI Holding Company, LLC**
  (Case No. 09-11205-PGH)
☐ **Mercedes Homes of Texas, Ltd.**
  (Case No. 09-11207-PGH)

☐ **MHI Building Products, LP**
  (Case No. 09-11208-PGH)
☐ **Solid Wall Systems, Inc.**
  (Case No. 09-11209-PGH)
☐ **Dairy Towne Community Developers, Inc.**
  (Case No. 09-11211-PGH)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:



Telephone number:

Name and address where payment should be sent (if different from above):



Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
  *(If known)*

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**     $_____
If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
    (See instruction #2 on reverse side.)
**3.** Last four digits of any number by which creditor identifies debtor:_____
**3a.** Debtor may have scheduled account as:_____
    (See instruction #3a on reverse side.)
**4. Secured Claim** (See instruction #4 on reverse side.)
    Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

    **Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
    **Describe:**

    **Value of Property:**$_____ **Annual Interest Rate**_____%

    **Amount of arrearage and other charges as of time case filed included in secured claim,**
    **if any:** $_____ **Basis for perfection:**_____

    **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____
**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier- 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan- 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use- 11 U.S.C. §507 (a)(7),

☐ Taxes or penalties owed to governmental units - 11 U.S.C. 507 (a)(8),

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(_)

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or a after the date of adjustment.*

Date: _____

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above, Attach copy of power of attorney, if any.

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

ORDERED in the Southern District of Florida on ___MAR - 5 2009___



Paul G. Hyman, Chief Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                    CASE NO.:09-11191-PGH

Mercedes Homes, Inc.,                     CHAPTER 11
        Debtor.

_____/

## ORDER RE INSTRUCTIONS TO PRO SE LITIGANTS

This matter came before the Court *sua sponte*. A "pro se litigant" is an individual who is not represented by counsel. Pro se litigants, like all litigants, are required to comply with the Federal Rules of Bankruptcy Procedures and the Local Rules for the United States Bankruptcy Court for the Southern District of Florida.[1] The Court hereby informs all pro se litigants of certain procedural requirements contained within these rules.

_____

[1] The Court's local rules and additional information can be found at www.flsb.uscourts.gov.

1. Bankruptcy Rule 9003 prohibits ex parte communications with the Court concerning matters affecting a particular case or proceeding. Ex parte communications include letters sent to Judge Hyman. Therefore, no letters, pleadings, motions, or other documents concerning the case may be sent directly to Judge Hyman. Any letters, pleadings, motions, or other documents sent directly to Judge Hyman will be returned to the pro se litigant without any action taken by the Court.

2. Instead, appropriate pleadings or motions allowed by the procedural rules must be filed with the Bankruptcy Court's Clerk of Court. Pro se litigants must mail or hand deliver the original pleading or motion directly to the Clerk of Court. All pleadings and motions must include the correct case number on the first page. All pleadings and motions must state the specific relief the pro se litigant is requesting from the Court.

3. It is the pro se litigant's responsibility to include on each pleading or motion, the full name and address of the opposing party or, if the opposing party is represented by a lawyer, his or her attorney's name and address. If service cannot be made on a party due to lack of information provided by the pro se litigant, the relief sought in the pleading or motion may be denied.

4. Under Local Rule 9010-1(B)(1), a corporation, partnership, trust, or other business entity cannot appear or act on its own behalf without an attorney in a case or proceeding, except in the following circumstances: 1) to file a request for service of notices, a proof of claim, notices filed under Local Rule 3070-

1(B), a response to an objection to its claim, or a ballot; or 2) to attend and inquire at the meeting of creditors held under 11 U.S.C. § 341. Any other pleading or motion filed by a corporation, partnership, trust, or other business entity without an attorney shall be denied without prejudice.

5. Under Local Rule 3001-1(A), pro se litigants who choose to file a proof of claim must use the official Poof of Claim Form provided to the pro se litigant by the Clerk of Court, or obtain the official Proof of Claim Form from the Court's website.

6. Pro se litigants must promptly notify the Court in writing of any changes in address. The notice must be provided on a paper entitled "Notice of Change of Address" and include the case number, pro se litigant's name, new address and contact phone number. Pro se litigants must send a copy to the opposing party, or the opposing party's attorney.

###

Copies Furnished To:

U.S. Trustee

Sean T Cork, Esq.

Glenn D Moses, Esq.



### State of Florida

### Department of State

I certify the attached is a true and correct copy of the Certificate of Merger or Articles of Merger, filed on October 21, 2009, for MERCEDES HOMES, LLC, the surviving Florida entity, as shown by the records of this office.

The document number of this limited liability company is L09000099596.

Given under my hand and the
Great Seal of the State of Florida
at Tallahassee, the Capitol, this the
Twenty-second day of October, 2009

Kurt S. Browning
Secretary of State

CR2E022 (01-07)



# Certificate of Merger
## For
## Florida Limited Liability Company

The following Certificate of Merger is submitted to merge the following Florida Limited Liability Company(ies) in accordance with s. 608.4382, Florida Statutes.

**FIRST:** The exact name, form/entity type, and jurisdiction for each **merging** party are as follows:

| Name | Jurisdiction | Form/Entity Type |
|------|-------------|------------------|
| Mercedes Homes, Inc. | Florida | corporation |
| Mercedes Homes, LLC | Florida | limited liability company |
| | | |
| | | |

**SECOND:** The exact name, form/entity type, and jurisdiction of the **surviving** party are as follows:

| Name | Jurisdiction | Form/Entity Type |
|------|-------------|------------------|
| Mercedes Homes, LLC | Florida | limited liability company |

**THIRD:** The attached plan of merger was approved by each domestic corporation, limited liability company, partnership and/or limited partnership that is a party to the merger in accordance with the applicable provisions of Chapters 607, 608, 617, and/or 620, Florida Statutes.

The attached Plan of Merger (attached as Exhibit A) was authorized and approved on behalf of Mercedes Homes, Inc. by Order Confirming Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, entered September 30, 2009, as supplemented by Stipulated Order Granting the Emergency Motion, Authorizing and Approving the Sequence of Transactions Necessary to Effectuate Debtors' First Amended Joint Plan of Reorganization, entered October 15, 2009 (collectively, the "Order"), under Section 1129 of the United States Bankruptcy Code in a proceeding styled In re Mercedes Homes, Inc., et al, Debtors, Case No. 09-11191 (the "Case"), pending before the U.S. Bankruptcy Court, Southern District of Florida, West Palm Beach Division.

The attached Plan of Merger was approved by Mercedes Homes, LLC in accordance with the applicable provisions of the Florida Limited Liability Company Act, as amended, Florida Statutes, Chapter 608.

**FOURTH:**   The attached plan of merger was approved by each other business entity that is a party to the merger in accordance with the applicable laws of the state, country or jurisdiction under which such other business entity is formed, organized or incorporated.

**FIFTH:**   If other than the date of filing, the effective date of the merger, which cannot be prior to nor more than 90 days after the date this document is filed by the Florida Department of State:

N/A                                                                                                               .

**SIXTH:**   If the surviving party is not formed, organized or incorporated under the laws of Florida, the survivor's principal office address in its home state, country or jurisdiction is as follows:

N/A

**SEVENTH:**   If the survivor is not formed, organized or incorporated under the laws of Florida, the survivor agrees to pay to any members with appraisal rights the amount, to which such members are entitles under ss.608.4351-608.43595, F.S.

**EIGHTH:**   If the surviving party is an out-of-state entity not qualified to transact business in this state, the surviving entity:

a.) Lists the following street and mailing address of an office, which the Florida Department of State may use for the purposes of s. 48.181, F.S., are as follows:

Street address: N/A

Mailing address: N/A

b.) Appoints the Florida Secretary of State as its agent for service of process in a proceeding to enforce obligations of each limited liability company that merged into such entity, including any appraisal rights of its members under ss.608.4351-608.43595, Florida Statutes.

**NINTH:** Signature(s) for Each Party:

| Name of Entity/Organization: | Signature(s): | Typed or Printed Name of Individual: |
|---|---|---|
| Mercedes Homes, Inc. | *Keith Buescher* | Keith Buescher |
| Mercedes Homes, LLC | *Keith Buescher* | Keith Buescher |
| | | |
| | | |

Corporations:                         Chairman, Vice Chairman, President or Officer
                                      *(If no directors selected, signature of incorporator.)*
General partnerships:                 Signature of a general partner or authorized person
Florida Limited Partnerships:         Signatures of all general partners
Non-Florida Limited Partnerships:     Signature of a general partner
Limited Liability Companies:          Signature of a member or authorized representative

**Fees:**   For each Limited Liability Company:     $25.00
            For each Corporation:                  $35.00
            For each Limited Partnership:          $52.50
            For each General Partnership:          $25.00
            For each Other Business Entity:        $25.00

**Certified Copy (optional):**                     $30.00

EXHIBIT "A"

PLAN OF MERGER

of

MERCEDES HOMES, INC.
with and into
MERCEDES HOMES, LLC

THIS PLAN OF MERGER (this "Plan") is by and between MERCEDES HOMES, INC., a Florida corporation (the "Merging Corporation" and a "Constituent Business Entity"), and MERCEDES HOMES, LLC, a Florida limited liability company (a "Constituent Business Entity" and the "Surviving Company"), as authorized by and pursuant to the Florida Business Corporation Act, as amended (the "FBCA"), Florida Statutes, §§ 607.1108, 607.1109 and 607.11101, and the Florida Limited Liability Company Act, as amended (the "FLLCA"), Florida Statutes, §§ 608.438, 608.4381, 608.4382 and 608.4383.

FIRST:     CONSTITUENT ENTITIES TO THE MERGER; SURVIVING ENTITY.

The name of the domestic corporation is:  MERCEDES HOMES, INC.

The name of the other business entity party to the merger and its jurisdiction of formation is:  MERCEDES HOMES, LLC, a Florida limited liability company.

The name of the surviving or resulting limited liability company shall be:  MERCEDES HOMES, LLC, a Florida limited liability company.

The Surviving Company is managed by the members thereof.

SECOND:    TERMS AND CONDITIONS OF THE MERGER.

(a)    On the Merger being Effective (as defined below), the Merging Corporation shall be merged with and into the Surviving Company and such Surviving Company shall continue to exist as a limited liability company under, and be governed by, the laws of the State of Florida.

(b)    The name of the Surviving Company shall be:  MERCEDES HOMES, LLC.

(c)    Upon the Merger being Effective, each share of the common stock of the Merging Corporation outstanding immediately prior to the filing of the Certificate of Merger shall, by virtue of the merger and without any action on the part of the holder thereof, be canceled and shall cease to exist in consideration for the cancellation of any debt owed by the Merging Corporation to the Surviving Company, and there shall be no distribution of cash or securities with respect thereto.

TAMPA/111031.4

The outstanding membership interests of the Surviving Company shall remain outstanding and shall continue to reflect the same percentage interest in the Surviving Company and there shall be no distribution of cash or securities with respect thereto.

(d)     Upon the Merger being Effective, for all purposes of the laws of the State of Florida, the separate existence of the Merging Corporation, except as provided in the FBCA, Florida Statutes, § 607.11101, shall cease while the corporate existence of the Surviving Company shall continue unaffected and unimpaired, and all of the rights, privileges and powers of the Merging Corporation, and all property, real, personal and mixed, and all debts due to the Merging Corporation, as well as all other things and causes of action belonging to the Merging Corporation, shall be vested in the Surviving Company and shall thereafter be the property of the Surviving Company as they were of the Merging Corporation, and the title to any real property vested by deed or otherwise in the Merging Corporation shall not revert or be in any way impaired by reason of the merger, but all rights of creditors and all liens upon any property of the Merging Corporation shall be preserved unimpaired, and all debts, liabilities, and duties of the Merging Corporation shall thenceforth attach to the Surviving Company and may be enforced against it to the same extent as if said debts, liabilities, and duties had been incurred or contracted by it.

(e)     The Surviving Company will carry on business with the assets of the Merging Corporation.

(f)     The Articles of Organization of the Surviving Company, as existing prior to the Merger being Effective, shall continue in full force as the Articles of Organization of the Surviving Company until altered, amended, or repealed as provided in such Articles or as provided by law.

(g)     The parties intend that, for United States federal and state income tax purposes, the Merger shall be treated as a taxable sale by the Merging Corporation of all the Merging Corporation's assets to the Surviving Company in exchange for the assumption of the Merging Corporation's liabilities and the cancellation of any debt owed by the Merging Corporation to the Surviving Company, followed by the liquidation of the Merging Corporation pursuant to Sections 331 and 336 of the Internal Revenue Code of 1986, as amended.

(h)     The Board of Directors of the Merging Corporation has reserved the right, at any time prior to the filing of the Certificate of Merger, to amend the terms of this Plan of Merger or to abandon the merger as described herein even after the shareholders of the Merging Corporation have consented to this Plan of Merger without further shareholder action as the Board of Directors may determine.

THIRD:     EFFECTIVENESS. The merger shall be effective (the "Merger being Effective") on the date and at the time of filing the Certificate of Merger executed by the parties hereto with the Department of State of the State of Florida.