IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL     :MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION           :Section L

                                        :JUDGE FALLON
                                        :MAG. JUDGE WILKINSON


******************************************

THIS DOCUMENT RELATES TO:

RICHARD AND CONSTANCE ALMEROTH, ET AL. vs. TAISHAN GYPSUM CO.,
LTD., ET AL.

CASE #: 2012 CV 498

---

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BUILDERS PLASTER & DRYWALL, LLC'S MOTION TO DISMISS

COMES NOW, the Defendant, Builders Plaster & Drywall, LLC (hereinafter, "Builders"), by counsel, appearing solely for the purpose of this Motion to Dismiss, and submits the following Memorandum of Law in Support of its Motion to Dismiss.  Builders respectfully moves the Court to issue an Order dismissing the claims of the plaintiffs pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3), the reasons for which are more fully set forth below. The exercise of personal jurisdiction over Builders does not comport with due process, because Builders has no contact with the State of Louisiana.  Nor is the Eastern District of Louisiana a proper venue in which to bring these proceedings.

I.      STATEMENT OF THE FACTS AND CASE

On February 23, 2012, the plaintiffs filed "Plaintiffs' Omnibus Class Action Complaint (XIII)" naming Builders as a defendant.  This lawsuit stems from the manufacturing,

1

importation, distribution, sale, inspection, and installation of allegedly defective drywall imported from China.  The plaintiffs allege that Builders is a Contractor/Installer with its principal place of business at 324 Louise Avenue, Suite 110, Virginia Beach, Virginia 23454, and incorporated in Virginia.  (See Exhibit B to Plaintiffs' Complaint, at p. 6).  The plaintiffs make no assertions regarding Builders' contact with Louisiana in order to support the exercise of personal jurisdiction.  As set forth in the Declaration of Bonnie Gimbert, attached as Exhibit 1, Builders is a company organized under the laws of the Commonwealth of Virginia, and it has its principal place of business in Virginia.  Builders has no office or physical presence in the state of Louisiana, nor does it transact any business in Louisiana.  Builders is a building contractor; it does not manufacture or sell products separate and apart from the components incorporated into the residential housing construction projects to which Builders is a part.  Builders has not done any contracting work or performed installation work in Louisiana, nor does it advertise or solicit any business from customers in the state of Louisiana.  Builders has not received business from any contacts located within the state of Louisiana.  Finally, Builders has never maintained insurance, of any type, that was written, delivered, or contracted for in the state of Louisiana.

This action was filed in the Eastern District of Louisiana, with which Builders has no contact whatsoever with Louisiana, and therefore insufficient minimum contacts for this Court to exercise personal jurisdiction over Builders.  Furthermore, the U.S. District Court for the Eastern District of Louisiana is not a forum where these claims could have originally been brought against Builders, and it is therefore an improper and inconvenient forum.

Therefore, Builders respectfully moves this Court to enter an order dismissing the plaintiffs' Complaint for lack of personal jurisdiction and alternatively, because this Court is an improper venue for these proceedings against Builders.

## II.     ARGUMENT

The exercise of personal jurisdiction over Builders violates the due process requirements of the U.S. Constitution, because Builders does not have sufficient minimum contacts with the forum.  The allegations in the plaintiffs' complaint do not arise out of any contact Builders has with the forum, nor does Builders have contact with the forum sufficient to be deemed "continuous and systematic."  Alternatively, the Eastern District of Louisiana is an improper venue, because it is inconvenient for both the parties and the witnesses.  The conduct of the parties giving rise to the allegations in the plaintiffs' complaint regarding Builders all occurred in Virginia.

### A.     Builders is not subject to personal jurisdiction in the State of Louisiana.

This District Court has previously explained that "[i]f a nonresident defendant protests the exercise of personal jurisdiction, the burden falls on its opponent to make a prima facie showing that personal jurisdiction exists." *Simmons v. Seatide International, Inc.*, 693 F. Supp. 510, 513 (E.D. La. 1988) (citing *Rittenhouse v. Mabry*, 832 F.2d 1380, 1382 (5th Cir. 1987)). The Court further held that "[a] federal court may exercise personal jurisdiction over a nonresident defendant only if . . . state law confers such jurisdiction and only if the exercise of such jurisdiction comports with due process under the Constitution." *Simmons*, 693 F. Supp. at 513 (citation omitted).

The Fifth Circuit has explained that when personal jurisdiction is challenged, "[t]he district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a *prima facie* case for jurisdiction has been made.  Rather, 'the district court may consider the contents of the record at the time of the motion, including affidavits. . . .'" *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006) (quoting *Quick*

*Technologies, Inc. v. Sage Group, PLC*, 313 F.3d 338, 343 (5th Cir. 2002)).   There is no averment of personal jurisdiction over Builders in the Complaint, and the plaintiffs will not be able to make out a *prima facie* showing of personal jurisdiction.   As the declaration attached hereto, and referenced herein demonstrates, Builders has no contact with the State of Louisiana, and the plaintiffs therefore cannot establish sufficient minimum contacts in order for the court to properly exercise personal jurisdiction over Builders.

In determining whether the Court may exercise personal jurisdiction over a nonresident defendant, the Court must consider whether the conduct alleged by the nonresident defendant, with regard to the forum, meets one of two possible classifications: "specific" or "general."

When an action arises out of or is related to a defendant's contacts with the forum state, the court's jurisdiction is referred to as "specific jurisdiction."  *Hockerson-Halberstadt, Inc. v. Costco Wholesale Corporation*, 93 F. Supp. 2d 738, 741 (E.D. La. 2000)(Fallon).  *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).  When a cause of action, however, does not arise out of the defendant's contact with the forum, the exercise of "general jurisdiction" requires the defendant's contact with the forum to be "continuous and systematic" *Hockerson-Halberstadt, Inc* 93 F. Supp. 2d at 741.  *See Helicopteros Nacionales de Colombia, SJL v. Hall*, 466 U.S. 408 (1984).

### 1.       Specific jurisdiction

Personal jurisdiction over a non-resident defendant is proper only if (1) the nonresident defendant is amenable to service of process under the forum state's long-arm statute and (2) the exercise of personal jurisdiction over the non-resident defendant is consistent with due process. *Frisella v. Transoceanic Cable Ship Company*, 181 F. Supp. 2d 644 (E.D. La. 2002) (citing *Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992)).

### a.      Louisiana long-arm statute

The State of Louisiana's long-arm statute, La. R.S. 13:3201, provides, in pertinent part:

A.      A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

(1)    Transacting any business in this state.
(2)    Contracting to supply services or things in this state.
(3)    Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4)    Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5)    Having an interest in, using or possessing a real right on immovable property in this state.
…
(8)    Manufacturing of a product or component thereof which caused damage or injury in this state , if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturers marketing practices.

The statute further states:

In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

La. R.S. 13:3201(B).

This Court has previously considered the Louisiana long-arm statute, and found that it extends to the limits of constitutional due process. As such, the relevant inquiry is whether jurisdiction over the defendant satisfies the Due Process Clause of the Fourteenth Amendment. *Frisella v. Transoceanic Cable Ship Company*, 181 F. Supp. 2d 644, 647 (E.D. La. 2002) (citing *Simmons v. SeaTide International, Inc.*, 693 F. Supp. 510, 513 (E.D. La. 1988) and *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990)).

Constitutional Due Process is satisfied only where the non-resident defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

**b.     Due Process requirements**

The Fifth Circuit has set forth a three-part test in order to determine whether jurisdiction is appropriate under the Due Process Clause and *International Shoe*. *See Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002). First, the court analyzes "whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there." *Id.* at 378. Second, the court determines "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts." *Id.* Finally, the court will consider whether it is fair and reasonable to exercise personal jurisdiction over the non-resident defendant. *Id.*

**i.     Builders did not purposefully direct any activities to Louisiana.**

To determine whether Builders has minimum contacts with the State of Louisiana, the Court must determine whether "the defendant's conduct and connection with the forum Statue are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). This is determined by looking to whether the defendant took some act that indicates the defendant "purposely avails itself of the privilege of conducting activities within the forum state." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Neither the plaintiffs' Complaint nor the declaration attached  support  the  finding  that Builders took any action suggestive of purposeful availment of the privileges of conducting business in Louisiana.  As stated in Exhibit 1, Builders is a business entity organized under the laws of the Commonwealth of Virginia, not Louisiana.  Builders does not have any offices or physical locations within the State of Louisiana.  Builders is not licensed and does not have authority to transact business in the State of Louisiana.  Builders has never solicited business from customers in Louisiana.  Builders does not advertise in such a way as to reach customers in Louisiana.  Builders is not a manufacturer of products.  Furthermore, Builders has never maintained insurance of any type that was written, delivered, or contracted for in the State of Louisiana.  Builders is a building contractor for residential homes in the Commonwealth of Virginia, and does not sell any products other than those integrated into the construction or development of real property in the Commonwealth of Virginia.

> ii.     **The plaintiffs' claims against Builders do not arise out of a specific contact with the State of Louisiana.**

The second basis for a finding of "minimum contacts" is whether the plaintiffs' cause of action arises out of the defendant's contact with the forum state.  This case involves allegedly defective drywall, incorporated as a building material in new home construction.  As stated previously, the plaintiffs have not alleged that Builders had any contact with the State of Louisiana, whether or not related to the allegations set forth in this litigation.  Builders has no contact with Louisiana.  Therefore, the cause of action does not arise out of or relate to any such contact by Builders with the forum state.

Without sufficient minimum contacts, the Court cannot exercise personal jurisdiction over Builders.  In the event that the Court does determine Builder's contacts with Louisiana gave

rise to this litigation, the exercise of personal jurisdiction still offends traditional notions of fair play and substantial justice.

### iii.    Asserting personal jurisdiction over Builders would offend traditional notions of fair play and substantial justice.

The Court's final inquiry is whether the exercise of jurisdiction in Louisiana would "offend traditional notions of fair play and substantial justice." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 814 (5th Cir. 2006). Once there has been a determination that the defendant purposefully directed its activities at the forum state, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477. As stated above, there are no facts to support that Builders purposefully directed its activities to the forum; however, the additional considerations equally weigh in favor of declining to exercise personal jurisdiction over Builders.

> When determining the fundamental fairness issue this court will normally examine
>
> the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 113 (YEAR) (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 292).

Requiring Builders to defend a lawsuit in a state where it has absolutely no contacts, and where the plaintiffs have not averred that Builders performed any work in Louisiana, entered the forum for any reason or caused injury there, creates an unreasonable circumstance whereby the court must not exercise jurisdiction over Builders. For instance, Builders would have to bear the heavy burden and expense of litigating in Louisiana and the extensive amount of travel from

Virginia to Louisiana necessary to properly defend the allegations in this complex litigation. While Louisiana has an interest in protecting its own citizens, as is reflected in Exhibit 1, Builders has never directed any activity to the citizens of Louisiana.  Therefore, this action as directed to Builders does not seek to, and will not protect the citizens of Louisiana.

The plaintiffs' interests in convenient and efficient relief may be better satisfied elsewhere.  Builders is a Virginia business, principally located in Virginia, and the homes at issue are located in Virginia.  Each of the plaintiffs with claims against Builders has filed a state lawsuit in Virginia, where the plaintiffs themselves are located, where the homes are located, where the witnesses are located and where the non-resident defendant is located.  Prosecuting these state-law actions in Virginia is far more convenient and efficient for the plaintiffs than doing so in a foreign jurisdiction.  These factors clearly demonstrate that it is neither fair nor reasonable to subject Builders to personal jurisdiction in this forum.

### 2.      General jurisdiction

Builders is not subject to "general" jurisdiction in Louisiana.  Where a cause of action does not arise out of a non-resident defendant's purposeful contacts with the forum, due process requires that the defendant have engaged in the higher standard of "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

The Louisiana Eastern District addressed the issue of general jurisdiction in *Olagues v. Kousharian*, 557 F. Supp. 2d 731 (E.D. La. 2008).  In *Olagues*, the court stated that general jurisdiction may be exercised over a defendant where that defendant has "continuous and systematic general business contacts with the forum state." *Id.* at 738 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 416).  When the cause of action is unrelated to

the defendant's contact, a higher degree of contact is therefore required.   The *Olagues* court found: "[t]he continuous and systematic contacts test is a difficult one to meet requiring extensive contacts between a defendant and a forum."  (emphasis added).  *Id.* (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).   The contacts necessary are so substantial that "[e]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction. . . ." *Id.* (additional citations omitted).

Again, the declaration indicates that Builders has not, and does not have any contact with the State of Louisiana whatsoever.  Builders is a business entity organized under the laws of the Commonwealth of Virginia, not Louisiana.  Builders does not have any offices or physical locations within the State of Louisiana.  Builders is not licensed and does not have authority to transact business in the State of Louisiana.  Builders has never solicited business from customers in Louisiana.  Builders does not advertise in such a way as to reach customers in Louisiana. Builders is not a manufacturer of products.  Builders is a building contractor of real estate in the Commonwealth of Virginia, and does not sell any products other than those integrated into the construction/development of real property in the Commonwealth of Virginia.   Furthermore, Builders has never maintained insurance of any type that was written, delivered, or contracted for in the State of Louisiana.

**B.      That this is a class action does not alter the personal jurisdiction analysis.**

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on class-action certification.  *See In Re: Train Derailment Near Amite, Louisiana, on October 12, 2002*, 2004 WL 224573 (E.D. La., February 3, 2004).   In that action arising out of a train derailment in Louisiana, the plaintiff sued two railroad defendants, asserting both individual and

class action claims. *Id.* at *1. The defendant asserted that it was not amenable to suit in Louisiana. The plaintiff asserted that the defendant's Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." *Id.* After performing a jurisdictional analysis, the court concluded, "[f]inally, this Court is unpersuaded that the certification of a class in this case has any bearing on [the defendant's] motion to dismiss for lack of personal jurisdiction. The personal jurisdiction determination depends solely on the defendant's conduct in and contacts with the forum state." *Id.* at *3. Based on the analysis above, the plaintiffs cannot demonstrate that Builders had sufficient minimum contacts with the State of Louisiana to support the exercise of personal jurisdiction over it.

C. **The U.S. District Court for the Eastern District of Louisiana is an improper venue.**

For the reasons set forth above, Builders steadfastly maintains that this Court does not, and cannot assert personal jurisdiction over it, and therefore this action should be dismissed against it. Nevertheless, and in the alternative, should this Court find that Builders is subject to personal jurisdiction, it maintains that the Eastern District of Louisiana is not the proper forum for the claims against it.

In this regard, 28 U.S.C. § 1404 states the following:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

Additionally, 28 U.S.C § 1406 states as follows:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The plaintiffs have not pled, nor can they establish that any activities by or on behalf of Builders occurred in the State of Louisiana, that any of their work was performed in the forum, that any of the products utilized in their construction projects ended up in the forum, or that Builders is even subject to jurisdiction in this district. If the Court does not dismiss the claims against Builders for lack of personal jurisdiction, the convenience of the parties and witnesses and interests of justice require a transfer of this case. Wherefore, in the alternative, Builders asks this Court to transfer said claims to a venue where the claims could have originally been brought—in the Commonwealth of Virginia.

## V.      Conclusion

For the reasons set forth above, Builders Plaster & Drywall, LLC, by counsel, respectfully requests that its Motion to Dismiss pursuant to Fed R. Civ. P. 12(b)(2) and (3) be granted, and that this Court dismiss the plaintiffs' claims against it, as it does not have personal jurisdiction over Builders. Furthermore, the Eastern District of Louisiana is an improper venue for any claims against it.

BUILDERS PLASTER & DRYWALL, LLC

By:        s/ Jayne A. Pemberton

Jayne A. Pemberton (Va. State Bar No. 47277)
Sarah Warren S. Beverly (Va. State Bar No. 81867)
Sands Anderson PC
1111 East Main Street, Ste. 2400
P. O. Box 1998
Richmond, Virginia 23218-1998
Telephone: 804-648-1636
Facsimile: 804-783-7291
jpemberton@sandsanderson.com
swbeverly@sandsanderson.com
*Counsel for Defendant Builders Plaster & Drywall, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2012, the above and foregoing Memorandum of Law in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of May, 2012.

.

_____s/_____
Jayne A. Pemberton