# EXHIBIT B

# APS International, Ltd.

APS International Plaza • 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

www.CivilActionGroup.com

January 5, 2012

Attn: Ms. Jennifer Lascio
LEVIN, FISHBEIN, ET AL
510 Walnut St., Ste. 500
Philadelphia, PA 19106-3697

RE:   Gross v Knauf Gips KG   [ OMNIBUS (III) ]
      Country: China
      APS File #259122-0043

Dear Ms. Lascio:

Enclosed is documentation relating to China's response to the request for service of process pursuant to the Hague Service Convention on **Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.** in the above referenced matter.

The documents can be considered served even though the defendant refused to accept them. Since China allows only this one method for proper service of U.S. legal documents within its territory (service pursuant to Article 5 of the Hague Service Convention), U.S. courts have previously ruled that if a Chinese defendant refuses to accept legal documents from the process server, then that is considered valid service of process under the terms of the Hague Service Convention, and the U.S. court will normally proceed as if the defendant had accepted the documents.

We also note that the Chinese Central Authority has informed us that the defendant always has the right to refuse the documents, however, the judge also holds the right to consider the effectiveness of the service regardless if the defendant is willing to accept or not. In these situations, if the case were tried in China, the Chinese judge could consider the service valid even though they refused to accept, according to the Chinese Civil Proceeding Law. We imagine there is similar U.S. civil procedure law regarding these types of situations.

If you file the documentation as proof of service and proceed with the matter against the Chinese defendant you should send/courier, fax or email them a notice stating that you are proceeding with the case against them. You should also provide the defendant with a courtesy copy of the pleadings, as it is in the defendant's best interest to be in possession of/review the documents and have U.S. counsel represent them in the matter so they can be informed of the particulars of the case from the U.S. Court.

The Chinese defendant should be informed that the U.S. Court can and will proceed against them regardless of whether or not they accept the documents, and also, if the defendant believes that they should not be a defendant in this action, then they must appear before the U.S. court to make that argument. Refusal of the documents will not provide them any protection from a U.S. judgment and the case will proceed against them.

Please feel free to contact me with any questions.

Sincerely,

Jeff Karsten
International Division
APS International, Ltd.

JKarsten@CivilActionGroup.com

# REQUEST

SX-10-2016

## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the Service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile*
*ou commerciale, signée à La Haye, le 15 Novembrè 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| Josh R. Cobb<br>APS INTERNATIONAL, LTD<br>APS International Plaza<br>7800 Glenroy Road<br>Minneapolis, Minnesota 55439-3122<br>U.S.A.<br>Tel. 952.831.7776  Fax: 952.831.8150<br>Email: JCobb@CivilActionGroup.com | Ministry of Justice<br>Department of Judicial Assistance and Foreign Affairs<br>Division of Judicial Assistance<br>No 6, Chaoyangmen Nandajie<br>Chaoyang District<br>Beijing<br>100020<br>China |

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
(identity and address)
*Le requérant soussigné a l'honneur de faire parvenir -- en double exemplaire -- a l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

(identité et adresse)  __Taishan Gypsum Co., Ltd. formerly known as Shandong Taihe Dongxin Co., Ltd.__
__Dawenkou Daiyue District, Taian, Shandong 271026, China__
Tel:

[X] (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
  a) *selon les formes légales (article 5, alinéa premier, lettre a).*
[ ] (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
  b) *selon la forme particulière suivante (article 5, alinéa premier, lettre b):*_____

[ ] (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
  c) *le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents -- and of the annexes* -- with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte -- et de ses annexes -- avec l'attestation figurant au verso.*

List of documents
*Enumération des pièces*

--Summons in a Civil Action (Complaint in Intervention)
--Plaintiff, Mary Anne Benes' Substituted and Amended Omnibus Class Action Complaint in Intervention (III)
--Exhibits "A" - "C"
--Schedules 1 - 3
--Translations
--Summary of the Document to be Served

Done at , the 12/17/10
*Fait à* Minneapolis, Minnesota, U.S.A. , *le*

Signature and/or stamp.
*Signature et/ou cachet.*



APS INTERNATIONAL
APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439

(Formerly OBD-116 which was formerly LAA-116,   USM-94
both of which may still be used)               (Est. 11/22/77)

* Delete if inappropriate.
. *Rayer les mentions inutiles*

证　明　书
# CERTIFICATE

根据公约第六条，签署本证明书的机关荣幸地证明：
The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,

1、文书已予送达* 1.that the document has been served*

—日期：the (date) _____

—地点(城镇、街、号)：at (place, street, number) _____

—采用的第五条所规定的送达方法为：in one of the following methods authorized by article 5:

① 依公约第五条第一款(一)项的规定。* a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*

② 依下述特定方法：* b) in accordance with the following particular method*:
_____

③ 交付给自愿接受的收件人。* c) by delivery to the addressee, who accepted it voluntarily*.

请求书中所列文书已经交付给：The documents referred to in the request have been delivered to:

—(收件人身份和说明)：(identity and description of person)
_____

—与受送达人的关系(家庭、业务及其它)：relationship to the addressee (family, business or other):
_____

☑ 2、由于下列事实文书未能送达*：2. that the document has not been served, by reason of the following facts*:

*The addressee refused to accept the documents*

按照公约第十二条第二款，请申请者支付或补偿后附说明中开列的费用 * In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

附件 Annexes
退还的文书：Documents returned:
_____

适当时，确认送达的文件：
In appropriate cases, documents establishing the service:
_____

制于　　　　　　　年　　　月　　　日
Done at *Beijing* *July 11*, 2011
签名和（或）盖章
Signature and / or stamp.

*如不适用，则请删去。
*Delete if inappropriate.

# SHANDONG PROVINCE SUPERIOR PEOPLE'S COURT

*Judicial Association No. SX-10-2016*
*Shandong Superior Court*
*Receiving No. (2011)21*

The Supreme People's Court Foreign Affairs Bureau:

Regarding the request made by your Court's Law Association document No. [2011] 17 to serve the legal proceedings on <u>Taishan Gypsum Co., Ltd. (f/k/a Shandong Taihe Dongxin Co., Ltd.)</u> as requested by the United States, this is to inform you that Shandong Province Tai'an City Intermediate People's Court attempted to serve the said legal documents but failed due to the fact the named recipient refused to accept the same. We are now returning the attached legal materials to you.

[Seal]

Shandong Province
Superior People's Court
Foreign Affairs Office

June 30, 2011

# 山东省高级人民法院

Sx-10-2016
鲁高法协受(2011)21号

最高人民法院外事局：

贵院法协[2011]17号关于___美国___请求向 泰山石膏有限公司（原"山东泰和东新股份有限公司"）送达法律文书一事，业已经___山东省泰安市中级人民法院___将该法律文书进行了送达，因___受送达人拒绝接收___原因未能成功送达，现将所附材料退回，请查收。



2011年6月30日
外事办公室

# 送达情况说明

山东省高级人民法院：

我院收到贵院(2011)鲁高法协受第 21 号函后，由我院司法协助专办员仉磊于 2011 年 6 月 21 日电话通知（０５３８－８８１１０７９）泰山石膏股份有限公司（Taishan Gypsum Co.,Ltd.）到我院领取受送达法律文书，该公司维权部卓姓经理答复，拒绝接收该函所附法律文书，并拒绝说明拒收原因。故我院将上述法律文书作退回处理。

特此说明。



二〇一一年六月二十一日

Case 2:09-md-02047-EEF-MBN   Document 14204-2   Filed 05/08/12   Page 9 of 19

# 山东省泰安市中级人民法院函

泰中法函[2011] 12 号

山东省高级人民法院：

贵院 (2011) 鲁高法协受第 21 号关于请求向泰山石膏有限公司（Taishan Gypsum Co.,Ltd.）前称山东泰和东新有限公司地址山东省泰安市大汶口镇送达法律文书一事，因该公司拒绝接收所送达文书，未能送达，现将所附材料退回，请查收。



二〇一一年六月二十一日
（院印）

# 鲁高法协受(2011)21 号送达说明

因　　美国　　请求向泰山石膏有限公司（原"山东泰和东新股份有限公司"）送达法律文书材料较多，现分 2 个信包转递。此为第 2 包，~~请与第 1 包合并后送达。~~

# 鲁高法协受(2011)21 号送达说明

因　　美国　　请求向泰山石膏有限公司（原"山东泰和东新股份有限公司"）　送达法律文书材料较多，现分 2 个信包转递。此为第 1 包，~~请与第 2 包合并后送达。~~

APS International Plaza • 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

www.CivilActionGroup.com

January 5, 2012

Attn: Ms. Jennifer Lascio
LEVIN, FISHBEIN, ET AL
510 Walnut St., Ste. 500
Philadelphia, PA  19106-3697

RE:   Gross  v  Knauf Gips KG   [ OMNIBUS (III) ]
      Country: China
      APS File #259122-0032

Dear Ms. Lascio:

Enclosed is documentation relating to China's response to the request for service of process pursuant to the Hague Service Convention on **Taian Taishan Plasterboard Co., Ltd.** in the above referenced matter.

The documents can be considered served even though the defendant refused to accept them. Since China allows only this one method for proper service of U.S. legal documents within its territory (service pursuant to Article 5 of the Hague Service Convention), U.S. courts have previously ruled that if a Chinese defendant refuses to accept legal documents from the process server, then that is considered valid service of process under the terms of the Hague Service Convention, and the U.S. court will normally proceed as if the defendant had accepted the documents.

We also note that the Chinese Central Authority has informed us that the defendant always has the right to refuse the documents, however, the judge also holds the right to consider the effectiveness of the service regardless if the defendant is willing to accept or not. In these situations, if the case were tried in China, the Chinese judge could consider the service valid even though they refused to accept, according to the Chinese Civil Proceeding Law. We imagine there is similar U.S. civil procedure law regarding these types of situations.

If you file the documentation as proof of service and proceed with the matter against the Chinese defendant you should send/courier, fax or email them a notice stating that you are proceeding with the case against them. You should also provide the defendant with a courtesy copy of the pleadings, as it is in the defendant's best interest to be in possession of/review the documents and have U.S. counsel represent them in the matter so they can be informed of the particulars of the case from the U.S. Court.

The Chinese defendant should be informed that the U.S. Court can and will proceed against them regardless of whether or not they accept the documents, and also, if the defendant believes that they should not be a defendant in this action, then they must appear before the U.S. court to make that argument. Refusal of the documents will not provide them any protection from a U.S. judgment and the case will proceed against them.

Please feel free to contact me with any questions.

Sincerely,

Jeff Karsten
International Division
APS International, Ltd.

JKarsten@CivilActionGroup.com

APPLICANT IS AUTHORIZED TO SERVE JUDICIAL PROCESS UNDER THE UNITED STATES FEDERAL RULES OF CIVIL PROCEDURE AND UNDER THE RULES OF CIVIL PROCEDURE OF THE STATE OF: Louisiana

# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the Service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matierè civile ou commerciale, signée à La Haye, le 15 Novembrè 1965.*

5X-10-202?

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| Josh R. Cobb<br>APS INTERNATIONAL, LTD<br>APS International Plaza<br>7800 Glenroy Road<br>Minneapolis, Minnesota 55439-3122<br>U.S.A.<br>Tel. 952.831.7776    Fax: 952.831.8150<br>Email: JCobb@CivilActionGroup.com | Ministry of Justice<br>Department of Judicial Assistance and Foreign Affairs<br>Division of Judicial Assistance<br>No 6, Chaoyangmen Nandajie<br>Chaoyang District<br>Beijing<br>100020<br>China |

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
   (identity and address)

*Le requérant soussigné a l'honneur de faire parvenir -- en double exemplaire -- a l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*
   *(identité et adresse)*    Taian Taishan Plasterboard Co., Ltd.
        Beixiyao Cun/Qianzhoujiayuan Cun/Houzhoujiayuan Cun, Dawenkou Zhen, Shandong 271026, China
        Tel:

[X]  (a)  in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
     *a)  selon les formes légales (article 5, alinéa premier, lettre a).*
[ ]  (b)  in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
     *b)  selon la forme particulière suivante (article 5, alinéa premier, lettre b):*_____

[ ]  (c)  by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
     *c)  le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents -- and of the annexes* -- with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte -- et de ses annexes -- avec l'attestation figurant au verso.*

**List of documents**
*Enumération des pièces*

--Summons in a Civil Action (Complaint in Intervention)
--Plaintiff, Mary Anne Benes' Substituted and Amended Omnibus Class Action Complaint in Intervention (III)
--Exhibits "A" - "C"
--Schedules 1 - 3
--Translations
--Summary of the Document to be Served

Done at
*Fait à* Minneapolis, Minnesota, U.S.A.    , the
                                             *le* 12/17/10

Signature and/or stamp.
*Signature et/ou cachet.*



APS INTERNATIONAL
APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439

(Formerly OBD-116 which was formerly LAA-116, both of which may still be used)        USM-94
                                                     (Est. 11/22/77)

* Delete if inappropriate.
. *Rayer les mentions inutiles*

证 明 书

# CERTIFICATE

根据公约第六条，签署本证明书的机关荣幸地证明：
The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,

1、文书已予送达* 1. that the document has been served*
— 日期：the (date) _____
— 地点(城镇、街、号)：at (place, street, number) _____

_____

— 采用的第五条所规定的送达方法为：in one of the following methods authorized by article 5:
① 依公约第五条第一款(一)项的规定。* a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*
② 依下述特定方法：* b) in accordance with the following particular method*:

_____

③ 交付给自愿接受的收件人。 * c) by delivery to the addressee, who accepted it voluntarily*.
请求书中所列文书已经交付给：The documents referred to in the request have been delivered to:
— (收件人身份和说明)：(identity and description of person)

_____

— 与受送达人的关系(家庭、业务及其它)：relationship to the addressee (family, business or other):

_____

2、✓ 由于下列事实文书未能送达*：2. that the document has not been served, by reason of the following facts*:

*The addressee refused to accept the documents*

按照公约第十二条第二款，请申请者支付或补偿后附说明中开列的费用 * In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

附件 Annexes
退还的文书：Documents returned:

_____

适当时，确认送达的文件：
In appropriate cases, documents establishing the service:

_____

制于   年   月   日
Done at *Beijing July 11*, 2011
签名和 (或) 盖章
Signature and/or stamp.

*如不适用，则请删去。
*Delete if inappropriate.

## SERVICE STATEMENT

Shandong Province Superior People's Court :

After we received the Shandong Superior People's Court's Correspondence No. (2011) 10, the Judicial Assistance Representative of this court, Mr. Ni Lei made a telephone call (0538-8811079) ) on June 21, 2011 to <u>Taian Taishan Plasterboard Co., Ltd.</u>, notifying it to come to this Court to pick up the legal documents for service. Mr. Zhuo, Director of Legal Department of the said company responded that they refused to accept the attached legal and related documents and refused to state the reason(s) for refusal.

We are now returning the said documents to you.

                      [Seal]  Shandong Province Taian City
                                Intermediate People's Court

                                June 21, 2011

# 送达情况说明

山东省高级人民法院：

我院收到贵院(2011)鲁高法协受第 10 号函后，由我院司法协助专办员仉磊于2011年6月21日电话通知（０５３８－８８１１０７９）泰安泰山石膏板有限公司（Taian Taishan Plasterboard Co.,Ltd.）到我院领取受送达法律文书，该公司维权部卓姓经理答复，拒绝接收该函所附法律文书，并拒绝说明拒收原因。故我院将上述法律文书作退回处理。

特此说明。



二〇一一年六月二十一日

# 山东省高级人民法院

Sx-10-202]

鲁高法协受(2011)10号

最高人民法院外事局：

  贵院法协[2011]24号关于___美国___请求向 泰安泰山石膏板有限公司 送达法律文书一事，业已经 山东省泰安市中级人民法院 将该法律文书进行了送达，因 受送达人拒绝接收 原因未能成功送达，现将所附材料退回，请查收。



2011年6月30日

# 山东省泰安市中级人民法院函

泰中法函[2011] 8 号

山东省高级人民法院：

贵院 (2011) 鲁高法协受第 10 号关于请求向泰安泰山石膏板有限公司 (Taian Taishan Plasterboard Co.,Ltd.) 地址山东省泰安市大汶口镇送达法律文书一事，因 该公司拒绝接收所送达文书，未能送达，现将所附材料退回，请查收。



二〇一一年六月二十一日

（院印）

# 鲁高法协受(2011)10 号送达说明

因 美国 请求向泰安泰山石膏板有限公司送达法律文书材料较多,现分 2 个信包转递。此为第 2 包,请与第 1 包合并后送达。