# SPECIAL WARRANTY DEED

This Special Warranty Deed is made and executed this 31st day of October, 2007, by:

Mercedes Homes, Inc.

whose post office address is: 6905 N. Wickham Road Suite 201
Melbourne, Florida 32940

a corporation existing under the laws of the State of Florida, GRANTOR, to

Randy I. Lapriola and Amy E. Lapriola, husband and wife

whose post office address is: 230 Pearl Street, Lock Haven, PA 17745, GRANTEE:
Property and mailing Address: 186 Spring Valley Avenue Sebastian, FL 32958

(Wherever used herein the terms "Grantor" and "Grantee" shall include singular and plural, heirs, legal representatives, and assigns of individuals, and the successor and assigns of corporations, wherever the context so admits or requires).

*Witnesseth*, that the said Grantor, for and in consideration of the sum of TEN AND NO/10 DOLLARS ($10.00), in hand paid by the said Grantee, the receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto to the Grantee, all of the following described land, situate, lying and being in the County of Indian River County, Florida, to wit:

Lot 34, Block 594, SEBASTIAN HIGHLANDS UNIT-17, according to the Plat thereof, recorded in Plat Book 8, Page 46, of the Public Records of Indian River County, Florida

Parcel Identification Number: 31-39-19-00001-5940-00034/

Subject to taxes for the current year, covenants, conditions, restrictions, including those in the Restrictive Covenants and Conditions and/or Deed Addendum attached hereto and made a part hereof, reservations, limitations, easements of record, if any, and all applicable zoning ordinances and/or restrictions and prohibitions imposed by governmental authorities, if any.
Together with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.
**To Have and To Hold** the same in fee simple forever.
And the Grantor will only warrant and defend the right and title to the above described property unto the Grantee against the lawful claims of those persons claiming by, through or under Grantor, but not otherwise.
**In Witness Whereof**, the said Grantor has caused this instrument to be executed in its name by its duly authorized officer and caused its corporate seal to be affixed the day and year first above written.

*Signed, sealed and delivered in our presence:*  **Mercedes Homes, Inc.**

_____
SHELIA M. McCANE
Witness Print Name:

By: _____
Todd Foley
Its: Vice President of Construction

_____
KATHLEEN M. WEBSTER
Witness Print Name:

State of Florida
County of Brevard

EXHIBIT
Composite "B"

The foregoing instrument was acknowledged before [me this 31st day of Oc]tober, 2007, by Todd Foley, Vice President of Construction, of Mercedes Homes, Inc., a corp[oration existing under the] laws of the State of Florida, on behalf of the corporation, who is personally known to me.

In consideration of the conveyance made in the deed ("Deed") to which these Restrictive Covenants and Conditions ("RCCs") are attached, Grantor hereby establishes, declares and prescribes that the Property shall be owned, held, transferred and conveyed subject to the restrictive covenants and conditions hereinafter set forth, which shall apply to and be covenants running with the Property; Grantee, its successors and assignees, and every owner, present or past of the Property or any part thereof, including any purchaser at a judicial sale (whether or not it shall be so expressed in any deed of conveyance) hereby covenants and agrees to covenant, to comply with, abide and be bound by these Restrictive Covenants and Conditions.

1. **SIGNS.** No sign advertising the Property for sale or for rent shall be erected, placed or maintained where it can be seen by the public, unless it has been approved in writing by Grantor. The terms of this Section 1 shall expire and automatically terminate without further action by Grantor one (1) year after the date of the Deed.

2. **WARRANTIES CONTAINED IN LIMITED WARRANTY AGREEMENT; DISCLAIMER OF WARRANTIES.** The Limited Warranty describes all the warranties Original Grantee is receiving for the physical condition of the Property, and all other warranties, both express and implied, are waived and disclaimed. Accordingly, the acceptance of title to the Property shall constitute a full and complete waiver and release by or on behalf of Grantee of any and all claims, damages or liabilities against or of Grantor and its Related Parties now accrued or hereafter to accrue, including without limitation, those arising on account of, or in any way growing out of, concerning, relating to, arising out of, or in any way connected with the development, installation, improvement, construction, maintenance, repair, operation, or use of any portion of the Property or any buildings, structures, landscaping or improvements thereon, including but not limited to claims for damages arising from defects in construction or materials whether latent, observable, unobservable, known or unknown. **EXCEPT AS EXPRESSLY STATED IN THE LIMITED WARRANTY AGREEMENT, GRANTEE IS ACQUIRING THE PROPERTY "AS IS, WHERE IS, AND WITH ALL FAULTS."** The Limited Warranty is not assignable without Grantor's written consent.

3. **MANDATORY BINDING ARBITRATION**

   a. Any and all claims and disputes between Grantee and Grantor or Grantor's Affiliate, shall be submitted to final and binding arbitration and not to a court for determination, including without limitation those claims and disputes that may have accrued before, during or after the delivery of the Deed, which arise from or are in any way related to: (a) the Limited Warranty or the Sales Agreement; (b) the Grantee's purchase, ownership or use of the Property; (c) the construction of improvements on the Property or the improvement, maintenance or operation of any part of the Property, even if the claim or dispute arises after the termination, expiration or lapse of any coverage under the Limited Warranty; (d) personal injuries or wrongful death; (e) damage to any part of the Property or to property other than the Property; (f) the development or maintenance of property owned, maintained or administered by any homeowner association; (g) any breach of or default under the Limited Warranty Agreement, the Sales Agreement, or any other contract between the Grantee and the Grantor or Grantor's Affiliate; (h) earnest money deposits delivered pursuant to the Sales Agreement; (i) negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract between the Grantee and the Grantor or Grantor's Affiliate, including the Warranty and the Sales Agreement; (j) breach of any alleged duty of good faith or fair dealing; (k) violation of any law, rule or regulation; (l) negligence or willful misconduct; or (m) defects, conditions, losses, injuries, damages and costs that are excluded from the coverage of the Limited Warranty. Notwithstanding the foregoing, Grantee or Grantor may seek injunctive relief from a court of competent jurisdiction as an interim remedy pending arbitration. Arbitration means there will be a fair hearing before a neutral arbitrator instead of in a court by a judge or jury.

   b. Arbitration shall be conducted by a single arbitrator from:

   Construction Arbitration Services, Inc. ("CAS")
   2777 Stemmons Freeway,
   Suite 1452, Dallas, TX 75207
   214-638-2700
   www.cas-usa.org

   CAS may designate another neutral arbitration service to conduct the arbitration. Arbitration will be conducted in accordance with the rules of the arbitrator that are in effect during the arbitration proceedings.

   c. Exclusive venue for the arbitration proceedings shall be in Brevard County, Florida, unless the arbitrator requires the arbitration to occur at the Property and the Property is not in Brevard County, Florida.

   d. Each party will be responsible to pay its own attorneys' fees, costs and expenses arising as a result of any suit or arbitration proceeding and neither the Grantee, nor the Grantor will be entitled to recover their respective attorneys' fees, costs or expenses from one another, unless required by statute.

   e. The decision rendered by the arbitrator may be entered in any court having jurisdiction thereof, and reduced to a judgment which will bind the parties as to all issues and matters that were brought before, or could have been brought before, the arbitrator. Upon request by either party, the arbitrator will provide a brief statement of the reasons for the award.

   f. If Grantor or its Affiliate is subject to arbitration for any claim by a third party which could involve Grantee's material rights or obligations, then Grantee may be joined in such arbitration for final and binding determination of Grantee's rights and obligations. Grantee may not object to the joinder of any parties to the arbitration proceedings who are deemed appropriate for the full and complete resolution of any issues that could be raised in arbitration, and such joinder shall not constitute a reason to release Grantee or

contrary, shall not be asserted or accepted as a reason to delay, to refuse to participate in, or to refuse to enforce this arbitration agreement. Any party who shall commence a judicial proceeding concerning a dispute which is arbitrable hereunder shall also be deemed to be a party requesting arbitration within the meaning of this arbitration agreement.

h. Grantor or its Affiliate shall have the right, in advance of the arbitration proceeding, to inspect the Property. No arbitration proceeding shall involve more than one single-family detached dwelling or more than one multi-family building.

i. Grantee and Grantor expressly agree that the Sales Agreement, Deed and Limited Warranty involve and concern interstate commerce and are governed by the provisions of the Federal Arbitration Act (9 U.S.C. §1, et seq.) now in effect and as the same may from time to time be amended, to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule; and to the extent that any state or local law, ordinance or judicial rule shall be inconsistent with any provision of the rules of the arbitration service under which the arbitration proceeding shall be conducted, the rules of the arbitration service shall govern the conduct of the proceeding.

j. If the foregoing obligation to arbitrate a claim or dispute between Grantee and the Grantor's Affiliate is unenforceable, inapplicable, void, released or waived for any reason, whether voluntarily or involuntarily, then Grantee and Grantor agree to all of the following:

  i. Venue for judicial determination of such claim or dispute will reside exclusively in Brevard County, Florida; and

  ii. **Grantee and Grantor waive any right to trial by jury**, regardless of the nature of such claim, controversy or dispute, including and without limitation, those that were or were not arbitrable and those that were or were not covered by the Limited Warranty; and

  iii. No judicial action shall involve more than one single-family detached dwelling or more than one multi-family building; and

  iv. **<u>Neither Grantee nor Grantor will voluntarily join, or participate as a member of, a class in any judicial action. There shall be no right or authority for any claims to be adjudicated on a class or consolidated basis or on a basis involving claims brought in a purported representative capacity on behalf of the general public, other property owners or contractors, or other persons similarly situated</u>; and**

k. Before Grantee can bring a dispute against Grantor or any of Grantor's Affiliates based on a construction defect in the Property, Grantee must follow the requirements set forth in Florida Statutes §558.004, which requires that Grantee provide Grantor or its Affiliate with notice of the defect at least sixty (60) days before initiating arbitration of the dispute.

l. In no event will either Grantor or Grantee be awarded (1) punitive or exemplary damages of any sort; or (2) treble damages or any other damages which are greater than compensatory damages or which are based on a multiple of compensatory damages.

m. The terms of this Section 3 shall survive any termination, expiration or lapse of any coverage under the Limited Warranty. Grantee and Grantor agree that if any portion of, or provision contained in, this Section 3 is determined to be unenforceable or void, then the unenforceable or void portion shall be removed from the RCCs, and the remaining portions shall remain in force and effect as if the removed portion had never existed.

4. **RIGHT OF REPURCHASE FOR MISREPRESENTATION OF USE.** If Original Grantee represents to Grantor in the Sales Agreement that Original Grantee will use the Property as Original Grantee's residence, and if the Property does <u>not</u> qualify as Original Grantee's residence, Grantor shall have the right, in its sole discretion, to purchase the Property if Original Grantee sells, offers to sell or solicits offers to purchase the Property at any time within 365 days after the date of the Deed. For example, the Property will qualify as Original Grantee's residence if Original Grantee is granted a homestead exemption by the local tax collector. If the Property will be rented to others by Original Grantee, it will not be considered to be Original Grantee's residence. Grantor's right to purchase the Property shall be exercised in accordance with the following provisions:

  a. Election Notice. Grantor may elect to exercise its right of purchase by giving written notice thereof ("Election Notice") to Grantee.

  b. Purchase Price. The purchase price ("Purchase Price") to be paid by Grantor to Grantee shall be equal to (a) the "Total Purchase Price" stated in the Sales Agreement, less (b) the amount of any mortgages, mechanic's liens, judgment liens and other matters that are unpaid or not released, or that are paid or assumed by the Grantor. If the result of this calculation is a negative amount, the Grantee shall pay that deficit to Grantor. Following the determination of the Purchase Price of the Property, Grantor may at any time elect in its sole and absolute discretion to rescind the election to purchase the Property by giving written notice to Grantee.

  c. Closing. Closing on the purchase of the Property shall occur at an office designated by Grantor in the county where the Property is located. The date and time for closing on the purchase shall be specified by Grantor in the Election Notice and be no sooner than ten (10) days thereafter.

  d. Title Insurance. At the closing of the purchase, Grantee shall pay for an owner's title insurance policy (ALTA Form B) issued by a duly licensed title insurer insuring title of the Property in the Grantor's name subject only to those matters of record (a) existing prior to the Original Grantee's purchase, or (b) that Grantor may agree to assume. Cost of said title insurance, costs of clearing title, and all other costs

g. **Subordination of Repurchase Right.** This right of repurchase is subordinate, inferior and subject to the rights of the holder of a mortgage or deed of trust made to secure a loan for the acquisition of the Property, or construction of approved improvements thereon, or both.

5. **RESTRICTIONS AND COVENANTS RUNNING WITH THE LAND.** The restrictions, covenants, conditions, obligations, reservations, rights, powers and charges herein provided for shall constitute a servitude in and upon the Property and every part thereof, and shall run with the Property and inure to the benefit of and be enforceable by Grantor, it successors and assignees (as described hereinabove). Any failure to enforce any restriction, covenant, condition, obligation, reservation, right, power, or charge herein contained shall in no event be deemed a waiver of the right to thereafter enforce any such restriction, covenant, condition, obligation, reservation, right, power or charge.

6. **REMEDIES FOR VIOLATION.** Violation or breach of any restriction, covenant, condition, obligation, reservation, right, power or charge herein set forth shall give Grantor, in addition to all other remedies, the right to proceed at law or in equity to compel a compliance with the terms of such violated or breached covenant, condition, obligation, reservation, right, power or charge, and to prevent the violation or breach thereof.

7. **DURATION.** Unless otherwise stated herein, these restrictions shall remain in effect from the date of recording in the public records of the County for a term of twenty-five (25) years.

8. **PARTIES WHO MAY ENFORCE.** These restrictions shall be enforceable by all available legal and equitable means by Grantor, its successors and such of its assignees to which Grantor specifically assigns its rights hereunder in a written instrument. Such an assignment may be of all or only certain rights hereunder and may be made on an exclusive or non-exclusive basis, in any event without the necessity of any joinder or consent of Grantee. Absent an express assignment as aforesaid (and in the event of same, except to the extent specifically provided therein), no person or entity (including, without limitation, any owners of adjacent or nearby property, any homeowners', condominium, merchants' or other association, or governmental or quasi-governmental authority) shall be deemed a third party beneficiary hereof or have any rights to enforce any of the provisions contained herein, nor shall Grantor have any duty to such persons or entities to do so.

9. **AMENDMENTS.** Grantor, its successors and assignees, may add to, subtract from, or amend the foregoing covenants and restrictions in any manner which is not inconsistent with and which does not increase the standards or restrictions of the covenants and restrictions herein set forth. Grantor may, with the approval and joinder of Grantee, otherwise wholly or partially modify, waive, or cancel the restrictive covenants and conditions herein set forth, at any time or from time to time.

10. **GENERAL.** Should any provisions of the RCCs be deemed by an arbitrator or a court of competent jurisdiction to be unenforceable, that determination will not affect the enforceability of the remaining provisions. Use of one gender in the RCCs includes all other genders, and use of the plural includes the singular as may be appropriate. The RCCs shall be construed and governed exclusively in accordance with the laws of the state in which the Property is located.

11. **DEFINITIONS.** The following words or combinations of words shall have the following meanings for the purposes of interpreting these RCCs:

    a. **Property.** "Property" means the real property described in the Deed.
    b. **Deed.** "Deed" means the deed to which these RCCs are attached.
    c. **RCCs.** "RCCs" means these Restrictive Covenants and Conditions.
    d. **Related Party.** "Related Party" shall mean any partner (whether general or limited), manager, owner, shareholder, subsidiary or affiliate, including officers, directors, employees, agents, contractors, consultants and attorneys and any Related Party to all or any of the foregoing.
    e. **Affiliate.** "Affiliate" of a specified person or entity means a person or entity which (either directly or indirectly, through one or more intermediaries) controls, is under common control with or is controlled by, the specified person or entity. For purposes of this definition, control of a specified person or entity (including the correlative terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of the specified person or entity, whether through ownership of voting securities, the ability to appoint one or more of an entity's officers, trustees, directors or persons in a similar capacity, by contract or otherwise.
    f. **Grantee.** "Grantee" is the person or entity named as the "Grantee," "Buyer" or "Purchaser" in the Deed and who is acquiring title of the Property through the Deed, as well as all such person's or entity's successors-in-title and all other parties occupying or dealing with the Property on behalf or under the authority of Grantee or such successors. The Original Grantee is the Grantee named in the Deed.
    g. **Grantor.** "Grantor" is the person or entity named as the "Grantor" or "Seller" in the Deed and who is conveying title of the Property through the Deed.
    h. **Limited Warranty.** "Limited Warranty" is the written limited warranty delivered to the Grantee named in the Sales Agreement.
    i. **Sales Agreement.** "Sales Agreement" means the written contract pursuant to which Grantee agreed to sell the Property to Grantee or Grantee's predecessor.

COPY COPY COPY

# CONTRACTOR'S FINAL AFFIDAVIT

STATE OF FLORIDA
COUNTY OF MARTIN

BEFORE ME, the undersigned authority, personally appeared, Jeffery R. King, its Division President, of Mercedes Homes, Inc. ., who after being by me duly sworn, states the following:

1. The undersigned is the general contractor doing business in the State of Florida.

2. The undersigned as a contractor entered into a contract with _____ for improvements to be made to certain property located in Indian River County, Florida, as set forth in that certain Notice of Commencement recorded in Official Records Book 1900, at Page 449, Public Records of Indian River, Florida.

3. The undersigned contractor has caused labor, materials, and/or services to be furnished to said property pursuant to said contract. The undersigned contractor hereby states that all work performed under said contract has been fully completed and that all lienors have been paid in full, except the following:

   NAME OF LIENOR            AMOUNT DUE

   NONE

4. For and in consideration of payment to the undersigned contractor, the undersigned does hereby waive and release the undersigned rights to any claim or rights to a claim of lien for any Work performed or materials furnished whatsoever, on any of the property owned by the aforesaid Owner in connection with the aforesaid contract.

Dated this 06/29/2006
.

Mercedes Homes, Inc.

BY: _____
    Jeffery R. King, its Division President

The Foregoing instrument was acknowledged before me this 06/29/2006 by Jeffery R. King, Division President of Mercedes Homes, Inc. on behalf of the corporation, who is personally known to me.

_____
Notary Public

(Seal)

N. Ghent
Commission # DD340410
Expires July 22, 2008