UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL ABREU, individually and on behalf of all others similarly situated, ADDITIONAL PLAINTIFFS LISTED ON SCHEDULE OF PLAINTIFFS]<br><br>Plaintiffs,<br><br>v.<br><br>GERBRUEDER KNAUF VERWALTUNGSGESELLSCHAT, KG, et al, and [ADDITIONAL DEFENDANTS LISTED ON SCHEDULE OF DEFENDANTS, including, MERCEDES HOMES, LLC]<br><br>Defendants<br>_____/. | CASE NO. 11-252<br>SECT. L MAG 2<br>Chinese Drywall MDL Case No. 2047<br><br><br>JURY TRIAL DEMAND<br>OMNIBUS COMPLAINT (VIII) |

### DEFENDANT MERCEDES HOMES, LLC'S MOTION TO DISMISS WITH PREJUDICE OMNIBUS CLASS ACTION COMPLAINT VIII

Mercedes Homes, LLC, Subclass # 73 Defendant and the successor-by-merger to Mercedes Homes, Inc.[1] in the aforestyled Omnibus Complaint (VIII) (hereafter, "Mercedes Homes"), and pursuant to Fed. R. Civ. P. 12(b)(2), hereby moves to dismiss the Omnibus Class Action Complaint (VIII) filed by Joslyn and Janet Edwards (the "Edwards") and Randy and Amy Lapriola (the "Lapriolas") (collectively, the Plaintiffs), and in furtherance thereof, states as follows:

---

[1] The Plan of Merger was authorized and approved on behalf of Mercedes Homes, Inc. by Order Confirming Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, entered September 30, 2009, as supplemented by Stipulated Order Granting the Emergency Motion, Authorizing and Approving the Sequence of Transactions Necessary to Effectuate Debtors' First Amended Joint Plan of Reorganization, entered October 15, 2009 (collectively, the "Order"), under Section 1129 of the United States Bankruptcy Code in a proceeding styled In re Mercedes Homes, Inc., et al., Debtors, Case No. 09-11191 (the "Case"). The Plan of Merger was approved by Mercedes Homes, LLC in accordance with applicable provisions of the Florida Limited Liability Company Act, as amended, Florida Statutes, Chapter 608.

ORLDOCS 12499461 1

1

A. **Summary of Motion.**

1. On or about February 7, 2011, the Plaintiffs filed suit against Mercedes Homes, LLC, the successor-by-merger to Mercedes Homes, Inc., the builder-developer of the Plaintiffs homes. The Plaintiffs are seeking monetary damages arising out of and related to the alleged installation of defective Chinese Drywall in their residences.

2. The Plaintiffs' Complaint must be dismissed because the claims therein have been enjoined by the Bankruptcy Court for the Southern District of Florida. This Court does not have jurisdiction to determine the claims raised in the Complaint and by filing the Complaint the Plaintiffs have violated certain Orders of the Bankruptcy Court.

B. **Background Facts.**

3. On or about June 29, 2006, Mercedes Homes sold to the Edwards the residence located at: 7845 103rd Court, Vero Beach, Florida 32967. A true and correct copy of the Contractor's Final Affidavit and Warranty Deed are attached hereto as ***Composite Exhibit "A"*** and incorporated herein by reference.

4. On or about October 31, 2007, Mercedes Homes sold to the Lapriolas the residence located at: 186 Spring Valley Avenue, Sebastian, Florida 32958. A true and correct copy of the Contractor's Final Affidavit and Warranty Deed are attached hereto as ***Composite Exhibit "B"*** and incorporated herein by reference.

5. On January 26, 2009 (the "Petition Date"), Mercedes Homes and several of its affiliates (the "Debtors") filed for bankruptcy protection under the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, Case No. 09-11191-PGH (the "Bankruptcy Case").

6. On or about March 16, 2009, the Edwards and Lapriolas received notice of the Bankruptcy Case. A true and correct copy of the Notice of Chapter 11 Bankruptcy Case, Meeting of the Creditors & Deadlines is attached hereto as ***Exhibit "C"*** and incorporated herein by reference.

7. On March 25, 2009, the Notice of Bar Date for filing Proof of Claims was filed with the Bankruptcy Court (the "Bar Date Notice"). The Edwards and Lapriolas were served with copies of the Bar Date Notice. A true and correct copy of the Bar Date Notice is attached as ***Exhibit "D"*** and incorporated herein by reference.

8. In the Bar Date Notice, creditors holding claims, as that term is defined in the Bankruptcy Code, *infra,* were required to file a proof of claim asserting such claim with the claims agent no later than June 29, 2009 (the "Bar Date").

9. On July 21, 2009, after the expiration of the Bar Date, the Debtors filed with the Bankruptcy Court the Debtors' Joint Plan of Reorganization pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"). A copy of the Plan is attached hereto as ***Exhibit "E"*** and incorporated herein by reference.

10. Section 12.3 of the Plan permanently enjoins the any holder of a "Claim" from taking any action to collect on such a Claim. The term Claim is defined in the Plan as any type of Claim as defined in § 101(5) of the Bankruptcy Code, including:

> **(A)** any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or **(B)** right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11.     Moreover, Section 15.1 of the Plan states that the Bankruptcy Court shall have the exclusive jurisdiction with respect to:

> (b) ... proceedings to adjudicate the allowance of Disputed Claims and Disputed Interests...
> (c) ...to hear and determine any and all objections to the allowance or estimation of Claims...
> (j) ... to hear and determine disputes arising in connection with the interpretation, implementation or enforcement of this Plan or the Confirmation Order...
> (q) ... to hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan...
> (s) ...to enforce all orders previously entered by the Bankruptcy Court.

12.     On September 30, 2009, the Bankruptcy Court issued its Order Confirming the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Confirmation Order"). A true and correct copy of the Confirmation Order is attached hereto as ***Exhibit "F"*** and incorporated herein by reference.

13.     Section 1 of the Confirmation Order grants the Debtors their request to confirm the Plan and further fully incorporates the Plan and the terms reflected therein as part of the Confirmation Order. Section 13 re-states the permanent injunction of any actions with respect to any Claims. Section 29 of the Confirmation Order reaffirms the Bankruptcy Court's retention of jurisdiction under Article 15 of the Plan.

C.      **This Case Must Be Dismissed.**

   (1)     **This Court Does Not Have Jurisdiction with Respect to the Matters Raised in the Complaint**

14.     The Plan and Confirmation Order specifically grant the Bankruptcy Court the exclusive jurisdiction to interpret the Plan, to determine Claims under the Plan, and to determine any and all disputes with respect to the implementation and interpretation of the Plan.

15.     Here, the Plaintiffs are asserting claims that clearly fall within the definition of Claims under the Plan. See, 11 U.S.C. § 101(5). Thus, all matters raised in the Complaint must

ORLDOCS 12499461 1

4

be determined by the Bankruptcy Court. Further, to the extent the Plaintiff may claim that their claims are not subject to the Plan, under the terms of the Plan and Confirmation Order, only the Bankruptcy Court has the jurisdiction to make that determination. "While an underlying claim may be a creature of state law, the existence of a claim in bankruptcy and question of when the claim arose, whether pre- or post-petition is a question of federal bankruptcy law." See, In re Pan American Hospital Corporation, 364 B.R. 839, 843 (S.D. Fla. 2007).

16.   As a result, even if this Court were willing to consider the claims raised in the Complaint, in light of Mercedes Homes assertion that the claims are subject to the Plan and Confirmation Order, this Court cannot move forward until the Bankruptcy Court makes a determination that the claims raised in the Complaint do not fall within its exclusive jurisdiction.

**(2)   The Plaintiffs Are Violating the Bankruptcy Court's Injunction.**

17.   The Plan and Confirmation Order both specifically enjoin creditors from asserting pre-confirmation claims. The alleged conduct about which the Plaintiffs are complaining occurred well before Confirmation. As a result, the Plaintiffs have violated the Bankruptcy Court's injunction and may be subject to contempt proceedings. This Court should dismiss this case due to the standing injunction and the Bankruptcy Court's exclusive jurisdiction.

**(3)   The Plaintiffs Are Subject to the Bankruptcy Court's Claims Process.**

18.   By way of the Complaint, the Plaintiffs are seeking damages for alleged actions of the Debtor which took place prior to the Petition Date. Claims are defined in the Bankruptcy Code as a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

19. This extensive definition of "claim" includes claims that have not yet accrued or become cognizable. 2 King, Colliers on Bankruptcy, ¶ 101.05[1] (16th ed. 2011). By enactment of section 101(5), Congress intended to define the term "claim" as broadly as possible in order to allow contingent and unmatured liabilities of a debtor, no matter how remote or contingent, to be recognized and dealt with in the bankruptcy. See, In re Piper Aircraft Corp., 162 B.R. 619, 623 (S.D. Fla. 1994), discussing legislative intent behind H.R. Rep. No. 95-595, at 309 (1978).

20. In order to receive a distribution with respect to a claim, a creditor must file a proof of claim with the Bankruptcy Court. 4 Colliers at ¶ 501.01[2][a]; Fed. R. Bankr. P. 3002(a) and 3003(c)(2). By filing a proof of claim, the creditor submits itself to the jurisdiction of the Bankruptcy Court. 11 U.S.C. § 1104(b). Bar dates to file a proof of claim are strictly enforced and the failure to file a proof of claim results in the loss of the ability to make a recovery with respect to that claim. See, In re The Charter Co., 113 B.R. 725, 728 (M.D. Fla. 1990); 4 Colliers at ¶ 501.02[5][b]; see also, 11 U.S.C. §502(b)(9). The reasons for this are manifest:

> The creditors and bankruptcy court must be able to rely on a fixed financial position of the debtor in order to evaluate intelligently the proposed plan of reorganization for plan approval or amendment purpose. After initiating a carefully orchestrated plan of reorganization, the untimely interjection of an unanticipated claim, particularly a relatively large one, can destroy the fragile balance struck by all interested parties.

Colliers at ¶ 501.02[5][b] (quoting, In re Analytical Systems, Inc., 933 F.3d 939 (11th Cir. 1991)).

21. Here, the Plaintiffs are seeking to recover for conduct allegedly performed by Mercedes Homes prior to the Petition Date. The allegedly offensive conduct and claims falls squarely within the definition of "Claims" in the Bankruptcy Code and the Plan.

22.     Moreover, the Plaintiffs received the Bar Date Notice. By filing the Omnibus Complaint, the Plaintiffs have attempted to circumvent the bankruptcy process. Had the Plaintiffs timely filed their respective Proofs of Claim in the Bankruptcy Court, their claims related to Chinese Drywall would have been handled there. To the extent they failed to timely file Proofs of Claim, the Plaintiffs are now barred from seeking relief. Id.

**(4)     The Plaintiffs Are Violating the Debtors' Discharge.**

23.     All claims that arose before the Petition Date are dischargeable. See, Ohio v. Kovacs, 469 U.S. 274, 278, 105 S.Ct. 705, 707 (1985). Moreover, the "discharge operates on all claims that arose before the date of confirmation." 8 Colliers at ¶ 1141.05[2][c]. The receipt of notice of the bankruptcy case and the Claims Bar Date results in the discharge of a creditor's claim under § 1141 of the Bankruptcy Code. See, Sanchez v. Northeast Airlines, Inc., 659 F.3d 671 (8th Cir.2011) and Jaurdon v. Cricket Comm. Inc., 412 F.3d 1156 (10th Cir. 2005). The effect of a discharge is that, among other things, any judgment with respect to formerly discharged debt is void and any action to collect on a discharged debt is enjoined by operation of law. See, 11 U.S.C. § 524.

24.     The Plaintiffs' claims emanate from conduct that occurred prior to the commencement of the Bankruptcy Case and well before confirmation. As such, and as a matter of law, the matters asserted in the Complaint have been discharged in the Bankruptcy Case, the case at bar is enjoined, and any judgment in the Plaintiffs' favor would be void.

WHEREFORE, Mercedes Homes requests that this Court dismiss all claims against it with prejudice, and enter such other and further relief as this Court deems proper.

SIGNED this 11th day of May, 2012.

_/s/ Amanda Simmons, Esq._

ORLDOCS 12499461 1

**JOHN H. DANNECKER, ESQ.**
Florida Bar No.: 745030
**AMANDA G. SIMMONS, ESQ.**
Florida Bar No. 0728020
Shutts & Bowen, LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone:  407-423-3200
Facsimile:   407-237-2202
Email: asimmons@shutts.com
*Counsel for Mercedes Homes, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May, 2012, this document has been served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and e-mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

*/s/Amanda Simmons, Esq.*
**JOHN H. DANNECKER, ESQ.**
**AMANDA SIMMONS, ESQ.**
