IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047<br><br>SECTION L<br><br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | MAG. JUDGE WILKINSON |

OBJECTIONS OF THE NORTH RIVER INSURANCE
COMPANY TO THE AMENDED RULE 30(b)(6)
DEPOSITION NOTICE SERVED BY THE PLAINTIFFS STEERING
COMMITTEE SERVED ON MAY 1, 2012

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant The North River Insurance Company ("North River") lodges the objections set forth below in response to the Amended Notice of Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) served on North River by the Plaintiffs Steering Committee in May 1, 2012.  A true and correct copy of the deposition notice is attached as Exhibit "A" to these objections.  By making these objections prior to the deposition, North River is specifically reserving the right to object to individual questions or documents that may arise at the deposition.

1. **Objections to the definition of "You" and "Your"**

The deposition notice defines "You" and "Your" to refer to North River and several parent corporations and "any and all employees, adjustors, outside adjustors, consultants, agents and attorneys therefor."  Other than North River, none of the entities or individuals contained in that definition are parties to this suit, and North River has neither the right nor the duty to testify on their behalf.  North River is designating a representative to provide testimony only on behalf

of North River, pursuant to Fed. R. Civ. P. 30(b)(6). This objection applies to the use of "You" or "Your" in Deposition Topics 2, 3, 4, 5, 6, 7, and 11.

**2. Objections to Deposition Topics 2 and 3**

Deposition Topic 2 asks North River to present a representative to discuss "Your corporate structure" and Deposition Topic 3 asks about "Your relationship with your parent, subsidiaries and affiliates, including Crum & Foster [sic], a Fairfax company, and all other insurance companies within the Crum & Foster[sic] family." From conversations with the PSC, North River understands this request to include the identification of any individual or entity involved in handling the claims against INEX that are at issue in this proceeding and the relationship of any such person or entity to North River. North River does not object to providing a witness on the specific issue of the identity of individuals or entities involved in the handling of Chinese-manufactured drywall claims involving INEX and the relationship between North River and such individuals or entities. North River objects to any broader use of these topics as undertaking a fishing expedition into the relationship between North River and other companies. North River is a separate corporate entity that issued certain policies of insurance to Interior/Exterior Building Supply Company ("INEX") that have given rise to claims at issue in this proceeding. No other company was involved in the issuance of those policies and no other affiliated company is a party to this litigation. Any question about corporate structure or corporate relationships that does not relate to the policies issued to INEX and the claims arising out of the sale of Chinese-manufactured drywall by INEX are not relevant and are outside the scope of discovery allowed under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1) and Fed. R. Evid. 401.

**3. Objection to Deposition Topics 4 and 5**

Deposition Topics 4 and 5 seek deposition testimony on North River's "regulatory compliance regimen . . . with respect to The Defender type policies" in states in which INEX

does business and any and all "complaints, inquiries, coverage questions or other communications" between North River and any insurance commission "regarding The Defender type policies where [INEX] transacts business." Those topics have no relevance to any issue in this case and constitute an impermissible fishing expedition. *See Woods v. P.A.M. Transport, Inc.-L.U.*, 440 Fed. Appx. 265, 268 (5th Cir. 2011), *quoting Lyeth v. Chrysler Corp.,* 929 F.2d 891, 899 (2d Cir.1991) (discovery cannot be used as a "fishing expedition in an attempt to determine if there is some basis, however farfetched, to prosecute a claim . . . ."); *Crosby v. Louisiana Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011), *quoting Murphy v. Deloitte & Touche*, 619 F.3d 1151, 1163 (10th Cir. 2010) (**"**Rule 26(b) 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'")

**4. Objection to Deposition Topic 6**

Deposition Topic 6 asks for a witness to discuss North River's "handling of insurance" for INEX drywall claims. North River objects to Deposition Topic 6 because it is vague and unclear. The phrase "handling of insurance" potentially goes far beyond the handling of claims involving INEX, which Judge Fallon has indicated is the permissible scope of the deposition. North River has no objection to presenting a corporate representative to discuss the handling of Chinese-drywall claims made against INEX or the handling of direct action claims based upon the fact that North River is an excess insurer of INEX. This area of discussion is covered by Deposition Topics 8 and 13. North River has no objection to present a witness to verify the issuance of the policies to INEX, which is covered by Deposition Topics 8, 10, and 12. If Deposition Topic 6 is intended to go any further than these areas of inquiry, the topic is overbroad and outside the bounds of permissible discovery.

**5. Objection to Deposition Topic 7**

North River has no objection to presenting a corporate representative to discuss the handling of Chinese-drywall claims made against INEX or the handling of direct action claims

arising from the issuance of policies to INEX. North River objects to this request if the PSC intends to use it to inquire about claims involving any insured of North River other than INEX. Further, if this topic is not intended by the PSC to be limited to claims with which North River is involved because of the issuance of policies to INEX, North River objects to the overbreadth and lack of relevance of the topic.

**6. Deposition to Deposition Topic 9**

Deposition Topic 9 purports to ask about the "development, writing, marketing and sale of the Defender Policy in Louisiana to" INEX. North River has no objection to this topic if it is limited to the identification of the policies issued by North River to INEX, which is included in Deposition Topics 7, 10, and 12. North River objects if this Deposition Topic is intended to inquire into the drafting history of the policies issued to North River. *See MIE Properties-LA, L.L.C. v. Victory Physical Therapy, LLC*, 2011 WL 6742534, *3 (La. App. 1 Cir. 2011) ("In defining the respective legal rights and obligations of the parties to a . . . contract, the meaning and intent of the parties must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence, unless the contract is ambiguous"); *Guest House of Slidell v. Hills,* 76 So.3d 497, 499 (La. App. 1 Cir. 2011); *Hudson v. Progressive Sec. Ins. Co.*, 1 So.2d 627, 63043,857 (La. App. 2 Cir. 2008), *writ denied*, 5 So.3d 148 (2009). How a particular policy or policy form was prepared or marketed is not relevant to whether the policies issued by North River provide or do not provide coverage to INEX for claims arising out of the distribution or sale of Chinese-manufactured drywall.

**7. Objection to Deposition Topic 10**

North River has no objection to presenting a witness to authenticate the six policies issued to INEX. Whether coverage exists under one or more of those policies for the claims arising out of the sale of Chinese drywall will turn on the underlying facts and the terms and conditions of the policies. "In defining the respective legal rights and obligations of the parties

to a . . . contract, the meaning and intent of the parties must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence, unless the contract is ambiguous." *MIE Properties-LA, L.L.C. v. Victory Physical Therapy, LLC*, 2011 WL 6742534, *3 (La. App. 1 Cir. 2011). *See also Guest House of Slidell v. Hills,* 76 So.3d 497, 499 (La. App. 1 Cir. 2011); *Hudson v. Progressive Sec. Ins. Co.*, 1 So.2d 627, 63043,857 (La. App. 2 Cir. 2008), *writ denied*, 5 So.3d 148 (2009). Because the underwriting and negotiation of the policies has no relevance to any topic in this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence, North River objects to these two areas of inquiry.

**8. Objection to Deposition Topic 11**

Deposition Topic 11, which asks about "policies, procedures, implementation of policy and procedures, including issuing reservation of rights letters following receipt of a claim" is overly broad on its face. It greatly exceeds the directives given by Judge Fallon on April 19, 2012, in which the Court limited the scope of the deposition to matters relating to the handling of claims related to INEX. In addition, any communications between INEX and North River that occurred after the commencement of litigation against INEX or North River are privileged and not subject to discovery or disclosure.

**9. Objection to Deposition Topic 12**

North River has proposed that the parties stipulate to true and correct copies of the relevant insurance policies issued to INEX. If the PSC will not agree to stipulate, North River will produce a witness to testify and authenticate copies of those policies. However, it is completely inappropriate for the PSC to go beyond establishing what the terms of the insurance policies are. North River therefore objects to any request to produce a corporate representative to express opinions as to what any policy term or condition means or what the legal effect of any policy term and condition may be.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS LLP

By:   */s Eric B. Berger*
    BRIAN S. MARTIN, ESQ.
    KEVIN RISLEY, ESQ.
    RODRIGO "DIEGO" GARCIA, JR., ESQ.
    One Riverway, Suite 1600
    Houston, Texas 77056
    Phone: (713) 403-8206
    Fax: (713) 403-8299
    bmartin@thompsoncoe.com

    LOBMAN CARNAHAN BATT ANGELLE & NADER

    SIDNEY J. ANGELLE, ESQ.
    La. Bar No. 1002
    ERIC B. BERGER, ESQ.
    La. Bar No. 26196
    400 Poydras Street, Suite 2300
    New Orleans, Louisiana 70130
    Phone: (504) 586-9292
    Fax: (504) 586-1290
    sja@lcba-law.com
    ebb@lcba-law.com

    ATTORNEYS FOR THE NORTH RIVER INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on May 11, 2012.

               */s Eric B. Berger*
               ERIC B. BERGER