## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL
        PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

RICHARD and CONSTANCE ALMEROTH,
et al.,

v.

TAISHAN GYPSUM CO., LTD. f/k/a
SHANDONG TAIHE DONGXIN CO., LTD., et al.

                                     /

MDL No.: 02047
Case No.: 12-0498
Section L

JUDGE FALLON
MAG. JUDGE WILKINSON

### DEFENDANT, MANAGEMENT SERVICES OF LEE COUNTY, INC.'S MOTION TO DISMISS, WITH PREJUDICE, THE CLAIMS BROUGHT AGAINST IT IN THE ALMEROTH OMNIBUS CLASS ACTION COMPLAINT (OMNI XIII) AND TO STRIKE DEMAND FOR TRIAL BY JURY

Defendant Management Services of Lee County, Inc., f/k/a Paul Homes, Inc. ("Paul Homes"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss with prejudice all claims against Paul Homes in the Almeroth Omnibus Class Action Complaint (Omni XIII) brought by plaintiffs **Gerard and Nancy Roy** (collectively, "Plaintiffs" or "the Roys") for failure to state a claim upon which relief can be granted, and to strike their demand for trial by jury.

### INTRODUCTION AND BACKGROUND

Plaintiffs have added Paul Homes – the Florida builder that constructed their home – to the hundreds of defendants named in the Almeroth Omnibus Class Action Complaint (Omni XIII) (the "Omnibus Complaint")[1] even though there is no evidence, and indeed no allegation, that the construction of their home was in any way deficient. Plaintiffs seek to hold Paul Homes

---

[1]     This Motion and the attached Memorandum of Law cite to the Omnibus Complaint as "Cmplt. ¶ __."

liable for allegedly defective drywall supplied to and installed in their home by other co-defendants named in this action – despite the fact that there is no evidence, and indeed no factual basis upon which to allege, that Paul Homes was in any way involved in the manufacture, distribution or sale of the allegedly defective drywall; had any knowledge of the alleged defects in the drywall at any time material to this lawsuit; or that Paul Homes' construction techniques were in any way deficient. Indeed, to the contrary, the Omnibus Complaint establishes that the alleged defects were "latent" and only manifested after Plaintiffs purchased the property.

In a shotgun pleading that makes no effort to distinguish between Paul Homes and the entities actually responsible for the drywall, Plaintiffs have offered a laundry list of generic common law and statutory theories. The Omnibus Complaint heedlessly lumps together hundreds of parties over truly boilerplate allegations. Specifically, Plaintiffs allege the following ten claims[2] against Paul Homes:  Negligence (Count I, ¶¶ 41-48); Negligence Per Se (Count II, ¶¶ 49-55); Strict Liability (Count III, ¶¶ 56-73); Breach of Express and/or Implied Warranties (Count IV, ¶¶ 74-81); Breach of Implied Warranty of Habitability (Count VI, ¶¶ 94-100); Breach of Contract (Count VII, ¶¶ 101-104); Private Nuisance (Count XI, ¶¶ 136-142); Unjust Enrichment (Count XII, ¶¶ 143-146); Violation of Florida's Deceptive and Unfair Trade Practices Act (Count XIII, ¶¶ 147-151); and Equitable and Injunctive Relief and Medical Monitoring (Count XIV, ¶¶ 152-164). Each of these claims is governed by and arises under the

---

[2]      There are fourteen Counts in the Omnibus Complaint, but only ten of them arguably apply to Paul Homes. The four remaining Counts do not. Specifically, Count V (for breach of warranty under Florida's condominium code) does not apply to Paul Homes because Plaintiffs purchased a residential home, not a condominium. Cmplt. ¶¶ 82-93. Count VIII applies to "Louisiana Builders Only," and no one disputes that Paul Homes resides in Florida. *Id.* ¶¶ 105-111, Ex. B at ¶ 207 (page 25 of 35). Count IX ("Redhibition – by Louisiana Plaintiffs"), which requires a showing that the allegedly defective product—here, drywall—failed for its intended purpose, is barred by this Court's prior determination that the drywall is "serving its intended structural purpose." *See In Re Chinese Manufactured Drywall Products Liability Litig.*, 680 F. Supp. 2d 780, 799 (E.D. La. 2010); *Benoit v. Ryan Chevrolet*, 428 So. 2d 489, 492 (La. App. 2d Cir. 1982). Moreover this claim does not apply because the claims are Florida-based.    Finally, Count X (Louisiana Products Liability Act) applies solely to "Manufacturing" or "Distributor" Defendants (*see Cmplt.* ¶¶ 122-135), whereas the Omnibus Complaint identifies Paul Homes as a "Builder" Defendant, *see id.* Ex. B at ¶ 207 (page 25 of 35). ·

{23967237;2}

laws of Florida.[3] As detailed in the accompanying memorandum of law in support of this Motion, every one of these claims should be dismissed as fatally defective pursuant to Rule 12(b)(6) and Florida law.[4]

More importantly, all of the claims should be dismissed because the Roys are improperly splitting their causes of action. Notably, Plaintiffs asserted the same causes of action against Paul Homes in the Payton Omnibus Class Action (Omni I).[5] Under both federal and Florida law, such claim-splitting is not allowed.

Finally, the demand for a trial by jury asserted by Plaintiffs should also be stricken because they voluntarily waived any right to a jury trial with respect to the claims asserted in the Complaint.

WHEREFORE, for the reasons set forth above and in the accompanying memorandum of law in support, Defendant Paul Homes respectfully requests that the Court enter an order dismissing the claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6), striking the demand for a trial by jury asserted by Plaintiffs, and awarding Paul Homes its fees in defending this action against the Plaintiffs pursuant paragraph number 21 in the Construction Agreement and Florida's Deceptive and Unfair Trade Practices Act.

Respectfully submitted: May 14, 2012

---

[3]     If Plaintiffs filed their claims against Paul Homes directly in the Eastern District of Louisiana, this Court should apply the choice-of-law rules of Louisiana. *See Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 n.6 (5th Cir. 1981). If Plaintiffs filed in a Florida court and then transferred the matter to this forum, Florida's choice-of-law rules apply. Under either analysis, however, Florida has, by far, the most significant relationship with the dispute. Plaintiffs' alleged drywall injuries occurred in Florida, the subject properties are located in Florida, and Paul Homes resides in Florida. *See* Complt. Exh. A at ¶¶ 547; Exh. B at ¶ 207; *Gulf States Utilities Co. v. NEI Peebles Elec. Prods., Inc.*, 819 F. Supp. 538, 552-53 (M.D. La. 1993) (discussing Louisiana choice of law factors and statutes). Florida substantive law therefore governs Plaintiffs' claims against Paul Homes.

[4]     Per the Local Rules, a Notice of Submission has been filed contemporaneously with this Motion.

[5]     *See Payton v. Knauf Gip KG*, Case No. 2:09-cv-07628-EEF-JCW (E.D. La).

{23967237;2}

AKERMAN SENTERFITT

_/s/ Stacy Bercun Bohm_
Stacy Bercun Bohm (Fla. Bar No. 022462)
Valerie B. Greenberg. (Fla. Bar No. 26514
Leslie Miller Tomczak (Fla. Bar No. 126489)
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301-2229
Telephone: (954) 463-2700
Telecopier: (954) 463-2224

Email: stacy.bohm@akerman.com
       valerie.greenberg@akerman.com
       leslie.tomczak@akerman.com

**LEAD COUNSEL FOR DEFENDANT MANAGEMENT SERVICES OF LEE COUNTY, INC.**

_Co-Counsel for Management Services of Lee County, Inc.,_

Brent B. Barriere (La. Bar No. 2818)
D. Skylar Rosenbloom (La. Bar No. 31309)
**Phelps Dunbar LLP**
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: Brent.barriere@phelps.com
       Skylar.rosenbloom@phelps.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA 70163 (kmiller@frilot.com), by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of May, 2012.

_/s/ Stacy Bercun Bohm_

{23967237;2}

4