UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED | * | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION: "L" (2) |
| | * | |
| THIS DOCUMENT APPLIES TO: | * | JUDGE ELDON E. FALLON |
| *JESSICA CASSIDY V. GEBRUEDER KNAUF* | * | |
| (2:11-cv-3023) | * | MAG. JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * *

### ANSWER TO
### PLAINTIFFS OMNIBUS CLASS ACTION COMPLAINT (XIV)
### BY JVP DRYWALL, INC.

**NOW INTO COURT**, through undersigned counsel, comes JVP DRYWALL & FINISH, INC.  ("JVP DRYWALL" or "defendant"), sought to be made defendant herein, who answers the Plaintiffs' Omnibus Class Action Complaint (XIV) (the "Complaint") filed herein as follows:

### First Affirmative Defense

The Court lacks subject-matter jurisdiction.

### Second Affirmative Defense

The Complaint fails to state a claim or cause of action against your answering defendant upon which relief can be granted.

### Third Affirmative Defense

The Complaint fails to meet the prerequisites for a Class Action as to the claims against your answering defendant.

### Fourth Affirmative Defense

The Complaint fails to state a claim or cause of action against your answering defendant for negligence, negligence per se, strict liability, breach of express and/or implied warranties, breach of implied warranty of habitability, breach of contract, redhibition, Florida Products Liability liability, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of any consumer protection acts, equitable and injunctive relief, medical monitoring, punitive damages, and attorney's fees.

### Fifth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their alleged damages, if any, and which are specifically denied.

### Sixth Affirmative Defense

At all material times herein, your answering defendant, and any persons or entities from whom it is legally responsible, were free from fault, negligence or other culpable conduct.

### Seventh Affirmative Defense

Plaintiffs' damages, if any, and which are specifically denied, were caused, or contributed to, by the negligence, fault, strict liability, and/or other culpable conduct of third persons for whom your answering defendant has no legal responsibility, or were caused by or contributed to by acts and circumstances outside the control of your answering defendant.

### Eighth Affirmative Defense

Your answering defendant further avers that plaintiffs' damages, if any, and which are specifically denied, were caused, or contributed to, by plaintiffs' negligence, comparative fault, voluntary assumption of a known risk and/or other culpable conduct, which are pleaded in bar or diminution of plaintiffs' recovery herein.

**Ninth Affirmative Defense**

At all material times herein, your answering defendant acted in a reasonable and proper manner, and in accordance with and in satisfaction of the standards of the industry in which it operates, and further satisfied any and all requirements of that industry for any entity or entities of its kind, and in performance of, or in connection with, any acts which form the basis of this claim and further in connection with the acts and transactions as outlined in the allegations which form the subject of this litigation.

**Tenth Affirmative Defense**

Your answering defendant further avers that plaintiffs' homes are free from any defect due to non-compliance with any applicable building code and/or industry standard.

**Eleventh Affirmative Defense**

Your answering defendant further avers that there is no defect in the design or construction of plaintiffs' homes.

**Twelfth Affirmative Defense**

Your answering defendant further avers that the materials used in the construction of plaintiffs' homes were not defective and complied with any applicable building code and/or industry standard.

**Thirteenth Affirmative Defense**

Your answering defendant affirmatively pleads that there is no causal relation between the use of the complained of materials in the construction of plaintiffs' homes and plaintiffs' damages, if any, and which are specifically denied.

**Fourteenth Affirmative Defense**

Your answering defendant affirmatively pleads that should plaintiffs be found to be entitled to any relief whatsoever, which is strenuously denied, your answering defendant is entitled to a reduction of or credit against, or setoff, of any award for the value and benefits of the use of the homes derived by plaintiffs.

**Fifteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, statue of repose, prescription period, peremption period, warranty period, and/or the doctrine of laches.

**Sixteenth Affirmative Defense**

Your answering defendant further avers that the drywall in plaintiffs' homes was reasonably fit for its ordinary and intended purpose.

**Seventeenth Affirmative Defense**

Your answering defendant further avers that if any defect, vice and/or deficiency made the basis of this litigation exists in the drywall, which is in fact denied, such defect, vice and/or deficiency did not exist at the time the drywall was installed in plaintiffs' homes.

**Eighteenth Affirmative Defense**

Your answering defendant further avers that if any defect, vice and/or deficiency exists in the drywall made the basis of this litigation, which is in fact denied, your answering defendant was not aware of, nor have knowledge of, such defect, vice and/or deficiency at the time the drywall was installed in plaintiffs' homes.

### Nineteenth Affirmative Defense

Your answering defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated builder and installer defendants.

### Twentieth Affirmative Defense

Your answering defendant is entitled to the protections of the Florida product liability statutes, F.S. §768.1256 and F.S. §768.1257.

### Twenty-First Affirmative Defense

Your answering defendant pleads common law indemnity, and should be indemnified from any and all builders, contractors, and distributors that are already named defendants.

### Twenty-Second Affirmative Defense

Your answering defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery and further investigation.

AND NOW, answering the specific allegations of the Complaint, your answering defendant avers as follows:

1. The allegations of fact and law contained in the Complaint are denied, with the exception that JVP Drywall, Inc., is a Florida corporation licensed to do business in Florida, with its principal place of business in Florida.

### Demand for Jury Trial

JVP DRYWALL, INC. requests a trial by jury as to all issues so triable as a matter of right.

WHEREFORE, defendant, JVP DRYWALL, INC., prays that this Answer and Affirmative Defenses to Plaintiffs Omnibus Class Action Complaint (X) be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of your

F:\DOCS\12000's\12200-12299\12232\Answer.sff.doc

answering defendant and against plaintiffs, denying the requested class certification, and dismissing Plaintiffs Omnibus Class Action Complaint (XIV), with prejudice, and at plaintiffs' costs.

FURTHER, JVP DRYWALL, INC. prays for all general and equitable relief to which he may be entitled, and further reserves the right to amend this Answer to Plaintiffs Omnibus Class Action Complaint (XIV), or file incidental pleadings, if appropriate, as prescribed by law, as discovery continues.

> **UNGARINO & ECKERT, L.L.C.**
>
> By: /s/ Matthew J. Ungarino
> **MATTHEW J. UNGARINO (#15061)**
> 3850 N. Causeway Boulevard
> Suite 1280
> Metairie, LA   70002
> Telephone:  (504) 836-7565
> Facsimile:  (504) 836-7566
> E-Mail: mungarino@ungarino-eckert.com
> *Attorney for JVP Drywall & Finishing, Inc.*
>
> COUNSEL FOR JVP DRYWALL, INC.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing JVP DRYWALL, INC. ' Answer to Plaintiffs Omnibus Class Action Complaint (I) has been served on Plaintiffs' Liaison Counsel, Russ Herman, and the Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th of May, 2012.

> /s/ Matthew J. Ungarino
> MATTHEW J. UNGARINO

F:\DOCS\12000's\12200-12299\12232\Answer.sff.doc