UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL ABREU, individually and on behalf of all others similarly situated, ADDITIONAL PLAINTIFFS LISTED ON SCHEDULE OF PLAINTIFFS] <br><br> Plaintiffs, <br><br> v. <br><br> GERBRUEDER KNAUF VERWALTUNGSGESELLSCHAT, KG, et al, and [ADDITIONAL DEFENDANTS LISTED ON SCHEDULE OF DEFENDANTS, including, MERCEDES HOMES, LLC] <br><br> Defendants <br> _____/. | CASE NO.   11-252 <br> SECT. L MAG 2 <br> Chinese Drywall MDL Case No.  2047 <br><br><br><br> JURY TRIAL DEMAND <br> OMNIBUS COMPLAINT (VIII) |

**DEFENDANT MERCEDES HOMES, LLC'S
MOTION TO DISMISS WITH PREJUDICE
OMNIBUS CLASS ACTION COMPLAINT VIII**

Mercedes Homes, LLC, Subclass # 73 Defendant and the successor-by-merger to Mercedes Homes, Inc.[1] in the aforestyled Omnibus Complaint (VIII) (hereafter, "Mercedes Homes"), and pursuant to Fed. R. Civ. P. 12(b)(1), hereby moves to dismiss the Omnibus Class Action Complaint (VIII) filed by Joslyn and Janet Edwards (the "Edwards") and Randy and Amy Lapriola (the "Lapriolas") (collectively, the Plaintiffs), and in furtherance thereof, states as follows:

---

[1] The Plan of Merger was authorized and approved on behalf of Mercedes Homes, Inc. by Order Confirming Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, entered September 30, 2009, as supplemented by Stipulated Order Granting the Emergency Motion, Authorizing and Approving the Sequence of Transactions Necessary to Effectuate Debtors' First Amended Joint Plan of Reorganization, entered October 15, 2009 (collectively, the "Order"), under Section 1129 of the United States Bankruptcy Code in a proceeding styled In re Mercedes Homes, Inc., et al., Debtors, Case No. 09-11191 (the "Case").  The Plan of Merger was approved by Mercedes Homes, LLC in accordance with applicable provisions of the Florida Limited Liability Company Act, as amended, Florida Statutes, Chapter 608.

ORLDOCS 12499461 1

1

**A.     Summary of Motion – Claims Are Barred By Mercedes Homes' Bankruptcy.**

1.     On or about February 7, 2011, the Plaintiffs filed suit against Mercedes Homes, LLC, the successor-by-merger to Mercedes Homes, Inc., the builder-developer of the Plaintiffs' homes.  The Plaintiffs, whose homes were constructed in 2006-2007, are seeking monetary damages arising out of and related to the alleged installation of defective Chinese Drywall in their residences which are located in Florida.   However, Mercedes Homes filed for Chapter 11 bankruptcy in January 2009 and, pursuant to the approved plan of reorganization, the Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, retained exclusive jurisdiction to resolve all claims against Mercedes Homes.  As a result, the Plaintiffs' Complaint must be dismissed because the claims therein have been enjoined by the Bankruptcy Court.

**B.     The MDL Does Not Have Jurisdiction Over Claims Against Mercedes Homes, LLC.**

2.     On or about June 29, 2006, Mercedes Homes sold to the Edwards the residence located at: 7845 103rd Court, Vero Beach, Florida 32967.  A true and correct copy of the Contractor's Final Affidavit and Warranty Deed are attached hereto as ***Composite Exhibit "A"*** and incorporated herein by reference.

3.     On or about October 31, 2007, Mercedes Homes sold to the Lapriolas the residence located at:  186 Spring Valley Avenue, Sebastian, Florida 32958.   A true and correct copy of the Contractor's Final Affidavit and Warranty Deed are attached hereto as ***Composite Exhibit "B"*** and incorporated herein by reference.

4.     On January 26, 2009 (the "Petition Date"), Mercedes Homes and several of its affiliates (the "Debtors") filed for bankruptcy protection under the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, Case No. 09-11191-PGH (the "Bankruptcy Case").

5. On or about March 16, 2009, the Edwards and Lapriolas received notice of the Bankruptcy Case. A true and correct copy of the Notice of Chapter 11 Bankruptcy Case, Meeting of the Creditors & Deadlines is attached hereto as ***Exhibit "C"*** and incorporated herein by reference.

6. On March 25, 2009, the Notice of Bar Date for filing Proof of Claims was filed with the Bankruptcy Court (the "Bar Date Notice"). The Edwards and Lapriolas were served with copies of the Bar Date Notice. A true and correct copy of the Bar Date Notice is attached as ***Exhibit "D"*** and incorporated herein by reference.

7. In the Bar Date Notice, creditors holding claims, as that term is defined in the Bankruptcy Code, *infra,* were required to file a proof of claim asserting such claim with the claims agent no later than June 29, 2009 (the "Bar Date"). The Plaintiffs never filed proofs of claim.

8. On July 21, 2009, after the expiration of the Bar Date, the Debtors filed with the Bankruptcy Court the Debtors' Joint Plan of Reorganization pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"). A copy of the Plan is attached hereto as ***Exhibit "E"*** and incorporated herein by reference.

9. Section 12.3 of the Plan permanently enjoins the any holder of a "Claim" from taking any action to collect on such a Claim. The term Claim is defined in the Plan as any type of Claim as defined in § 101(5) of the Bankruptcy Code, including:

> **(A)** any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or **(B)** right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

ORLDOCS 12499461 1

10. Moreover, Section 15.1 of the Plan states that the Bankruptcy Court shall have the exclusive jurisdiction with respect to:

> (b) … proceedings to adjudicate the allowance of Disputed Claims and Disputed Interests…
> (c) …to hear and determine any and all objections to the allowance or estimation of Claims…
> (j) … to hear and determine disputes arising in connection with the interpretation, implementation or enforcement of this Plan or the Confirmation Order…
> (q) … to hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan…
> (s) …to enforce all orders previously entered by the Bankruptcy Court.

11. On September 30, 2009, the Bankruptcy Court issued its Order Confirming the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Confirmation Order"). A true and correct copy of the Confirmation Order is attached hereto as ***Exhibit "F"*** and incorporated herein by reference.

12. Section 1 of the Confirmation Order grants the Debtors their request to confirm the Plan and further fully incorporates the Plan and the terms reflected therein as part of the Confirmation Order. Section 13 re-states the permanent injunction of any actions with respect to any Claims. Section 29 of the Confirmation Order reaffirms the Bankruptcy Court's retention of jurisdiction under Article 15 of the Plan.

C. **Conclusion.**

13. Given the aforementioned facts, the US District Court for the Eastern District of Louisiana does not have subject matter jurisdiction over the claims that the Plaintiffs have asserted against Mercedes Homes. The Bankruptcy Court has exclusive jurisdiction. As such, the Complaint must be dismissed for lack of jurisdiction.

SIGNED this 15th day of May, 2012.

        */s/ Amanda Simmons, Esq.*
**JOHN H. DANNECKER, ESQ.**
Florida Bar No.: 745030
**AMANDA G. SIMMONS, ESQ.**
Florida Bar No. 0728020
Shutts & Bowen, LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone: 407-423-3200
Facsimile: 407-237-2202
Email: jdannecker@shutts.com
Email: asimmons@shutts.com
*Counsel for Mercedes Homes, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of May, 2012, this document has been served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and e-mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

*/s/Amanda Simmons, Esq.*
**JOHN H. DANNECKER, ESQ.**
**AMANDA SIMMONS, ESQ.**