# Exhibit "A"

# Corporate Warranty Deed

**This Indenture,** made, June 29, 2006 A.D.

**Between**

**Mercedes Homes, Inc., a Florida Corporation** whose post office address is: 3585 SW Corporate Parkway, Palm City, Florida 34990 a corporation existing under the laws of the State of Florida, Grantor and **Joscelyn Edwards and Janet Edwards, husband and wife** whose post office address is: 7845 103rd Court, Vero Beach, Florida 32967, Grantee,

**Witnesseth,** that the said Grantor, for and in consideration of the sum of Ten and No/100 Dollars ($10.00), to it in hand paid by the said Grantee, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said Grantee forever, the following described land, situate, lying and being in the County of Indian River, State of Florida, to wit:

Lot 5, in Block D, of VERO BEACH ESTATES, UNIT R, according to the Plat thereof, as recorded in Plat Book 6, at Page 51, of the Public Records of Indian River County, Florida.

Subject to taxes for the current year, covenants, restrictions and easements of record, if any.

Parcel Identification Number: **31-38-33-00008-0040-00005/**

**And** the said Grantor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

**In Witness Whereof,** the said Grantor has caused this instrument to be executed in its name by its duly authorized officer and caused its corporate seal to be affixed the day and year first above written.

Mercedes Homes, Inc.

Signed and Sealed in Our Presence:

By: _____
Jeffery R. King
Its Division President

Witness Print Name: H. Clarke

Witness Print Name: N. Ghent

(Corporate Seal)

State of     Florida
County of    Martin

The foregoing instrument was acknowledged before me this 29th day of June, 2006 by Jeffery R. King, the Division President of **Mercedes Homes, Inc.** A corporation existing under the laws of the State of Florida, on behalf of the corporation. He/She is personally known to me or has produced a driver's license as identification.

_____ (Seal)
Notary Public
Notary Printed Name:
My Commission Expires::

N. Ghent
Commission # DD340410
Expires July 22, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

Prepared by:
Resa Ghent, an employee of
RECORD & RETURN TO:
B-D-R Title,
3575 SW Corporate Parkway
Palm City, Florida 34990

File Number: 5821PSE

## RESTRICTIVE COVENANTS AND CONDITIONS

**In consideration of** the conveyance made in the deed ("Deed") to which these Restrictive Covenants and Conditions ("RCCs") are attached, Grantor hereby establishes, declares and prescribes that the Property shall be owned, held, transferred and conveyed subject to the restrictive covenants and conditions hereinafter set forth, which shall apply to and be covenants running with the Property; Grantee, its successors and assignees, and every owner, present or past of the Property or any part thereof, including any purchaser at a judicial sale (whether or not it shall be so expressed in any deed of conveyance) hereby covenants and agrees to covenant, to comply with, abide and be bound by these Restrictive Covenants and Conditions.

1.  **SIGNS.** No sign advertising the Property for sale or for rent shall be erected, placed or maintained where it can be seen by the public, unless it has been approved in writing by Grantor. The terms of this Section 1 shall expire and automatically terminate without further action by Grantor one (1) year after the date of the Deed.

2.  **WARRANTIES CONTAINED IN LIMITED WARRANTY AGREEMENT; DISCLAIMER OF WARRANTIES.** The Limited Warranty describes all the warranties Original Grantee is receiving for the physical condition of the Property. Accordingly, the acceptance of title to the Property shall constitute a full and complete waiver and release by or on behalf of Grantee of any and all claims, damages or liabilities against or of Grantor and its Related Parties now accrued or hereafter to accrue, including without limitation, those arising on account of, or in any way growing out of, concerning, relating to, arising out of, or in any way connected with the development, installation, improvement, construction, maintenance, repair, operation, or use of any portion of the Property or any buildings, structures, landscaping or improvements thereon, including but not limited to claims for damages arising from defects in construction or materials whether latent, observable, unobservable, known or unknown. The Limited Warranty is not assignable without the builder's consent. **EXCEPT AS EXPRESSLY STATED IN THE LIMITED WARRANTY AGREEMENT, GRANTEE IS ACQUIRING THE PROPERTY "AS IS, WHERE IS, AND WITH ALL FAULTS."** The Limited Warranty is not assignable without Grantor's written consent.

3.  **MANDATORY BINDING ARBITRATION**

    a.  Any and all claims and disputes between Grantee and Grantor or Grantor's Affiliate, shall be submitted to final and binding arbitration and not to a court for determination, including without limitation those claims and disputes that may have accrued before, during or after the delivery of the Deed, which arise from or are in any way related to: (a) the Limited Warranty or the Sales Agreement; (b) the Grantee's purchase, ownership or use of the Property; (c) the construction of improvements on the Property or the improvement, maintenance or operation of any part of the Property, even if the claim or dispute arises after the termination, expiration or lapse of any coverage under the Limited Warranty; (d) personal injuries or wrongful death; (e) damage to any part of the Property or to property other than the Property; (f) the development or maintenance of property owned, maintained or administered by any homeowner association; (g) any breach of or default under the Limited Warranty Agreement, the Sales Agreement, or any other contract between the Grantee and the Grantor or Grantor's Affiliate; (h) earnest money deposits delivered pursuant to the Sales Agreement; (i) negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract between the Grantee and the Grantor or Grantor's Affiliate, including the Warranty and the Sales Agreement; (j) breach of any alleged duty of good faith or fair dealing; (k) violation of any law, rule or regulation; (l) negligence or willful misconduct; or (m) defects, conditions, losses, injuries, damages and costs that are excluded from the coverage of the Limited Warranty. Notwithstanding the foregoing, Grantee or Grantor may seek injunctive relief from a court of competent jurisdiction as an interim remedy pending arbitration. Arbitration means there will be a fair hearing before a neutral arbitrator instead of in a court by a judge or jury.

    b.  Arbitration shall be conducted by a single arbitrator from:

    Construction Arbitration Services, Inc. ("CAS")
    2777 Stemmons Freeway,
    Suite 1452, Dallas, TX 75207
    214-638-2700
    www.cas-usa.org

July 1, 2005 Version

CAS may designate another neutral arbitration service to conduct the arbitration. Arbitration will be conducted in accordance with the rules of the arbitrator that are in effect during the arbitration proceedings.

c.  Exclusive venue for the arbitration proceedings shall be in Brevard County, Florida, unless the arbitrator requires the arbitration to occur at the Property and the Property is not in Brevard County, Florida.

d.  Each party will be responsible to pay its own attorneys' fees, costs and expenses arising as a result of any suit or arbitration proceeding and neither the Grantee, nor the Grantor will be entitled to recover their respective attorneys' fees, costs or expenses from one another, unless required by statute.

e.  The decision rendered by the arbitrator may be entered in any court having jurisdiction thereof, and reduced to a judgment which will bind the parties as to all issues and matters that were brought before, or could have been brought before, the arbitrator. Upon request by either party, the arbitrator will provide a brief statement of the reasons for the award.

f.  If Grantor or its Affiliate is subject to arbitration for any claim by a third party which could involve Grantee's material rights or obligations, then Grantee may be joined in such arbitration for final and binding determination of Grantee's rights and obligations. Grantee may not object to the joinder of any parties to the arbitration proceedings who are deemed appropriate for the full and complete resolution of any issues that could be raised in arbitration, and such joinder shall not constitute a reason to release Grantee or Grantor from the obligation hereunder to arbitrate. For example, Grantee will not object if Grantor or Grantor's Affiliate joins in the arbitration an Affiliate or subcontractors, vendors, suppliers, agents, design professionals and insurers.

g.  Any disputes concerning the interpretation or the enforceability of this arbitration agreement, including without limitation, its revocability or voidability for any cause, the scope of arbitral issues, unconscionability of the clause, fraudulent inducement related to the clause, and any defense based upon waiver, estoppel or laches, shall be decided by the arbitrator. The initiation of or participation by Grantee or Grantor in any judicial proceeding concerning any matter arbitrable hereunder shall not be deemed a waiver of the right to enforce this arbitration agreement, and notwithstanding any provision of law to the contrary, shall not be asserted or accepted as a reason to delay, to refuse to participate in, or to refuse to enforce this arbitration agreement. Any party who shall commence a judicial proceeding concerning a dispute which is arbitrable hereunder shall also be deemed to be a party requesting arbitration within the meaning of this arbitration agreement.

h.  Grantor or its Affiliate shall have the right, in advance of the arbitration proceeding, to inspect the Property. No arbitration proceeding shall involve more than one single-family detached dwelling or more than one multi-family building.

i.  Grantee and Grantor expressly agree that the Sales Agreement, Deed and Limited Warranty involve and concern interstate commerce and are governed by the provisions of the Federal Arbitration Act (9 U.S.C. §1, et seq.) now in effect and as the same may from time to time be amended, to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule; and to the extent that any state or local law, ordinance or judicial rule shall be inconsistent with any provision of the rules of the arbitration service under which the arbitration proceeding shall be conducted, the rules of the arbitration service shall govern the conduct of the proceeding.

j.  If the foregoing obligation to arbitrate a claim or dispute between Grantee and the Grantor's Affiliate is unenforceable, inapplicable, void, released or waived for any reason, whether voluntarily or involuntarily, then Grantee and Grantor agree to all of the following:

   i.  Venue for judicial determination of such claim or dispute will reside exclusively in Brevard County, Florida; and

   ii. **Grantee and Grantor waive any right to trial by jury**, regardless of the nature of such claim, controversy or dispute, including and without limitation, those that were or were not arbitrable and those that were or were not covered by the Limited Warranty; and

   iii. No judicial action shall involve more than one single-family detached dwelling or more than one multi-family building; and

   iv. **Neither Grantee nor Grantor will voluntarily join, or participate as a member of, a class in any judicial action. There shall be no right or authority for any claims to be adjudicated on a class or consolidated basis or on a basis involving claims brought in a purported representative capacity on behalf of the general public, other property owners or contractors, or other persons similarly situated**; and

k.  Before Grantee can bring a dispute against Grantor or any of Grantor's Affiliates based on a construction defect in the Property, Grantee must follow the requirements set forth in Florida Statutes §558.004, which requires that Grantee provide Grantor or its Affiliate with notice of the defect at least sixty (60) days before initiating arbitration of the dispute.

l.  The terms of this Section 3 shall survive any termination, expiration or lapse of any coverage under the Limited Warranty. Grantee and Grantor agree that if any portion of, or provision contained in, this Section 3 is determined to be unenforceable or void, then the unenforceable or void portion shall be removed from the RCCs, and the remaining portions shall remain in force and effect as if the removed portion had never existed.

4.  **RIGHT OF REPURCHASE FOR MISREPRESENTATION OF USE.** If Original Grantee represents to Grantor in the Sales Agreement that Original Grantee will use the Property as Original Grantee's primary residence, and if the Property does **not** qualify as Original Grantee's primary residence, Grantor shall have the right, in its sole discretion, to purchase the Property if Original Grantee sells, offers to sell or solicits offers to purchase the Property at any time within 365 days after the date of the Deed. To qualify as Original Grantee's primary residence, Original Grantee will apply with the local tax collector for a homestead exemption. If the Property is intended to be a vacation home or if it will be rented to others by Original Grantee, it will not be considered to be Original Grantee's primary residence for the purposes of this Agreement. Grantor's right to repurchase the Property will terminate when Original Grantee delivers to Grantor verification that the local tax collector recognizes the Property as Original Grantee's homestead. Grantor's right to purchase the Property shall be exercised in accordance with the following provisions:

   a.  **Election Notice**. Grantor may elect to exercise its right of purchase by giving written notice thereof ("Election Notice") to Grantee.

   b.  **Purchase Price**. The purchase price ("Purchase Price") to be paid by Grantor to Grantee shall be equal to (a) the "Total Purchase Price" stated in the Sales Agreement, less (b) the amount of any mortgages, mechanic's liens, judgment liens and other matters that are unpaid or not released, or that are paid or assumed by the Grantor. If the result of this calculation is a negative amount, the Grantee shall pay that deficit to Grantor. Following the determination of the Purchase Price of the Property, Grantor may at any time elect in its sole and absolute discretion to rescind the election to purchase the Property by giving written notice to Grantee.

   c.  **Closing**. Closing on the purchase of the Property shall occur at an office designated by Grantor in the county where the Property is located. The date and time for closing on the purchase shall be specified by Grantor in the Election Notice and be no sooner than ten (10) days thereafter.

   d.  **Title Insurance**. At the closing of the purchase, Grantee shall pay for an owner's title insurance policy (ALTA Form B) issued by a duly licensed title insurer insuring title of the Property in the Grantor's name subject only to those matters of record (a) existing prior to the Original Grantee's purchase, or (b) that Grantor may agree to assume. Cost of said title insurance, costs of clearing title, and all other costs incurred incidental to conveyance of the Property (including without limitation, recording fees and documentary stamp tax) shall be paid by Grantee. Property taxes and association dues will be prorated. Grantor may inspect the Property at any time up until the closing.

   e.  **Rights and Remedies Cumulative**. The rights, remedies, elections and options granted to Grantor pursuant to this Section 4 are in addition to, and not exclusive of, any other rights or remedies to which Grantor is entitled by contract, at law or in equity.

   f.  **Termination of Repurchase Right**. The terms of this Section 4 shall expire and automatically terminate without further action by Grantor one (1) year after the date of the Deed.

5.  **RESTRICTIONS AND COVENANTS RUNNING WITH THE LAND.** The restrictions, covenants, conditions, obligations, reservations, rights, powers and charges herein provided for shall constitute a servitude in and upon the Property and every part thereof, and shall run with the Property and inure to the benefit of and be enforceable by Grantor, it successors and assignees (as described hereinabove). Any failure to enforce any restriction, covenant, condition, obligation, reservation, right, power, or charge herein contained shall in no event be deemed a waiver of the right to thereafter enforce any such restriction, covenant, condition, obligation, reservation, right, power or charge.

6.  **REMEDIES FOR VIOLATION.** Violation or breach of any restriction, covenant, condition, obligation, reservation, right, power or charge herein set forth shall give Grantor, in addition to all other remedies, the right to proceed at law or in equity to compel a compliance with the terms of such violated or breached covenant, condition, obligation, reservation, right, power or charge, and to prevent the violation or breach thereof.

7.  **DURATION.** Unless otherwise stated herein, these restrictions shall remain in effect from the date of recording in the public records of the County for a term of twenty-five (25) years.

July 1, 2005 Version

3

8. **PARTIES WHO MAY ENFORCE.** These restrictions shall be enforceable by all available legal and equitable means by Grantor, its successors and such of its assignees to which Grantor specifically assigns its rights hereunder in a written instrument. Such an assignment may be of all or only certain rights hereunder and may be made on an exclusive or non-exclusive basis, in any event without the necessity of any joinder or consent of Grantee. Absent an express assignment as aforesaid (and in the event of same, except to the extent specifically provided therein), no person or entity (including, without limitation, any owners of adjacent or nearby property, any homeowners', condominium, merchants' or other association, or governmental or quasi-governmental authority) shall be deemed a third party beneficiary hereof or have any rights to enforce any of the provisions contained herein, nor shall Grantor have any duty to such persons or entities to do so.

9. **AMENDMENTS.** Grantor, its successors and assignees, may add to, subtract from, or amend the foregoing covenants and restrictions in any manner which is not inconsistent with and which does not increase the standards or restrictions of the covenants and restrictions herein set forth. Grantor may, with the approval and joinder of Grantee, otherwise wholly or partially modify, waive, or cancel the restrictive covenants and conditions herein set forth, at any time or from time to time.

10. **GENERAL.** Should any provisions of the RCCs be deemed by an arbitrator or a court of competent jurisdiction to be unenforceable, that determination will not affect the enforceability of the remaining provisions. Use of one gender in the RCCs includes all other genders, and use of the plural includes the singular as may be appropriate. The RCCs shall be construed and governed exclusively in accordance with the laws of the state in which the Property is located.

11. **DEFINITIONS.** The following words or combinations of words shall have the following meanings for the purposes of interpreting these RCCs:

    a. **Property.** "Property" means the real property described in the Deed.
    b. **Deed.** "Deed" means the deed to which these RCCs are attached.
    c. **RCCs.** "RCCs" means these Restrictive Covenants and Conditions.
    d. **Related Party.** "Related Party" shall mean any partner (whether general or limited), manager, owner, shareholder, subsidiary or affiliate, including officers, directors, employees, agents, contractors, consultants and attorneys and any Related Party to all or any of the foregoing.
    e. **Affiliate.** "Affiliate" of a specified person or entity means a person or entity which (either directly or indirectly, through one or more intermediaries) controls, is under common control with or is controlled by, the specified person or entity. For purposes of this definition, control of a specified person or entity (including the correlative terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of the specified person or entity, whether through ownership of voting securities, the ability to appoint one or more of an entity's officers, trustees, directors or persons in a similar capacity, by contract or otherwise.
    f. **Grantee.** "Grantee" is the person or entity named as the "Grantee," "Buyer" or "Purchaser" in the Deed and who is acquiring title of the Property through the Deed, as well as all such person's or entity's successors-in-title and all other parties occupying or dealing with the Property on behalf or under the authority of Grantee or such successors. The Original Grantee is the Grantee named in the Deed.
    g. **Grantor.** "Grantor" is the person or entity named as the "Grantor" or "Seller" in the Deed and who is conveying title of the Property through the Deed.
    h. **Limited Warranty.** "Limited Warranty" is the written Mercedes Homes Limited Home Warranty delivered to the Grantee named in the Deed.
    i. **Sales Agreement.** "Sales Agreement" means the written contract pursuant to which Grantee agreed to sell the Property to Grantee or Grantee's predecessor.



COPY

July 1, 2005 Version

STATE OF FLORIDA
COUNTY OF BREVARD

Before me, the undersigned authority, personally appeared, **Todd Foley**, as **Vice President of Construction** of **Mercedes Homes, Inc.**, who, after being by me first duly sworn, deposes and says of his personal knowledge that:

1. He/She is the **Vice President of Construction** of **Mercedes Homes, Inc.** which does business in the State of **Florida** (hereinafter called the "Contractor").

2. Contractor, pursuant to the Notice of Commencement (hereinafter referred to the "Contractor") with Mercedes Homes, Inc. (hereinafter referred to as the "Owner"), has heretofore furnished or caused to be furnished labor, materials and services for the construction of certain improvements as more particularly set forth in the Notice of Commencement filed in Official Records Book **2095**, Page **863**, as recorded in the Public Records of **Indian River** County, **Florida**.

3. Contractor represents that all work to be performed under the aforesaid Contract has been duly completed and that all lienors under the direct contract have been paid in full.

4. In consideration of final payment of the Contractor and all other previous payments paid be the Owner to the Contractor, the undersigned does hereby for and in behalf of the Contractor, waive, release and relinquish the Contractor's right to any claim or demand or right to impose a lien or liens for work done or materials or services furnished or any other class of lien whatsoever, on any of the property owned by Owner on which improvements have been completed in connection with the aforementioned Notice of Commencement.

5. The Affiant represents that he has authority to execute a full and final release of lien for and on behalf of the Contractor.

6. The Affiant makes this Affidavit and Release of Lien, pursuant to Chapter 713, F.S., for the express purpose of inducing the Owner to make final disbursement and payment to the Contractor.

MERCEDES HOMES, INC.

BY: Todd Foley, Vice President of Construction

State of **Florida**
County of **Brevard**

Sworn to and subscribed before me this October 31, 2007, by **Todd Foley, Vice President of Construction** of Mercedes Homes, Inc., on behalf of the corporation, who is personally known to me.

_____
Notary Public
State of **Florida**
My Commission Expires:

SHELIA M. MCLANE
MY COMMISSION EXPIRES
July 30, 2009
#DD 412667

Prepared by:

Resa Ghent

B-D-R Title

3575 SW Corporate Parkway, Palm City, Florida 34990

File number: 5821PSE

The Undersigned hereby gives Notice of Termination of the Notice of Commencement recorded in O.R. Book 1900, Page 449 of the Public Records of Indian River County, Florida.

1. Description of property: Lot 5, Block D, VERO LAKE ESTATES, UNIT R, Book 6, Page 51, Indian River County, Florida

2. Address: 7845 103rd Court, Vero Beach, Florida 32967

3. General Description of Improvements: Construction of home

4. Owner information:

a. Name and Address:

Mercedes Homes, Inc. 3575 SW Corporate Parkway, Palm City, Florida 34990

b. Interest in Property: FEE SIMPLE

5. Contractor: Mercedes Homes, Inc.

6. Surety: N/A

7. Lender Name: Centerpointe Financial, Inc.

Lender Address: 831 Coral Ridge Drive, Coral Springs, Florida 33071

8. Persons within the State of Florida designated by Owner upon whom notices or other documents may be served as provided by Section 713.13 (1)(1)7, Florida Statues: Keith Buescher, 6767 North Wickham Road, Suite #500 Melbourne, Florida 32940

9. In addition to himself, Owner designates N/A to receive a copy of the Lienor Notice as provided in Section 713.13(1)(b), Florida Statutes.

10. Expiration of Commencement (the expiration date is One Year from recording unless a different date is specified). Expiration date: 06/29/2006

11. Pursuant to Florida Statutes Section 713.132, the Notice of Commencement is terminated as of 06/29/2006 (but not less than 30 days after the Notice of Termination is recorded.

12. This Notice of Termination applies to all real property subject to the Notice of Commencement.

13. To the best of Owner's knowledge, all lienor have been paid in full.

14. A copy of this document is being provided to the Contractor and to anyone who has provided Owner or its designee with a Notice to Owner as provided in Florida Statues Section 713.06(2)(c)(d).

Mercedes Homes, Inc.

_____

Jeffery R. King, Division President

State of Florida

County of Indian River

The foregoing instrument was acknowledged before me June 29, 2006 by Jeffery R. King who is personally known to me.

_____

Notary

Print Notary name: