UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL ABREU, individually and on behalf of all others similarly situated, ADDITIONAL PLAINTIFFS LISTED ON SCHEDULE OF PLAINTIFFS] | CASE NO.   11-252 <br> SECT. L MAG 2 <br> Chinese Drywall MDL Case No.  2047 |
| Plaintiffs, | |
| v. | JURY TRIAL DEMAND <br> OMNIBUS COMPLAINT (VIII) |
| GERBRUEDER KNAUF VERWALTUNGSGESELLSCHAT, KG, et al, and [ADDITIONAL DEFENDANTS LISTED ON SCHEDULE OF DEFENDANTS, including, MERCEDES HOMES, LLC] | |
| Defendants _____/. | |

**DEFENDANT MERCEDES HOMES, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS WITH PREJUDICE
OMNIBUS CLASS ACTION COMPLAINT VIII**

Mercedes Homes, LLC, Subclass # 73 Defendant and the successor-by-merger to Mercedes Homes, Inc.[1] in the aforestyled Omnibus Complaint (VIII) (hereafter, "Mercedes Homes"), and pursuant to Fed. R. Civ. P. 12(b)(1),  hereby submits this Memorandum of Law in Support of its Motion to Dismiss Omnibus Class Action Complaint (VIII) filed by Joslyn and Janet Edwards (the "Edwards") and Randy and Amy Lapriola (the "Lapriolas") (collectively, the Plaintiffs), and in furtherance thereof, states as follows:

---

[1] The Plan of Merger was authorized and approved on behalf of Mercedes Homes, Inc. by Order Confirming Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, entered September 30, 2009, as supplemented by Stipulated Order Granting the Emergency Motion, Authorizing and Approving the Sequence of Transactions Necessary to Effectuate Debtors' First Amended Joint Plan of Reorganization, entered October 15, 2009 (collectively, the "Order"), under Section 1129 of the United States Bankruptcy Code in a proceeding styled In re Mercedes Homes, Inc., et al., Debtors, Case No. 09-11191 (the "Case").   The Plan of Merger was approved by Mercedes Homes, LLC in accordance with applicable provisions of the Florida Limited Liability Company Act, as amended, Florida Statutes, Chapter 608.

1

1. The Plaintiffs' claims in the Complaint are barred because those claims are subject to the exclusive jurisdiction of the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, In re Mercedes Homes, Inc., et al, Case No. 09-11191-PGH (the "Bankruptcy Case").

2. Claims are defined in the Bankruptcy Code as a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

3. The actions allegedly giving rise to the Plaintiffs' claims, *i.e.* the construction of their homes with defective Chinese Drywall, occurred in 2006-2007, before Mercedes Homes' bankruptcy Petition Date (January 26, 2009). "While an underlying claim may be a creature of state law, the existence of a claim in bankruptcy and question of when the claim arose, whether pre- or post-petition is a question of federal bankruptcy law." See, In re Pan American Hospital Corporation, 364 B.R. 839, 843 (S.D. Fla. 2007).

4. This extensive definition of "claim" includes claims that have not yet accrued or become cognizable. 2 King, Colliers on Bankruptcy, ¶ 101.05[1] (16th ed. 2011). By enactment of section 101(5), Congress intended to define the term "claim" as broadly as possible in order to allow contingent and unmatured liabilities of a debtor, no matter how remote or contingent, to be recognized and dealt with in the bankruptcy. See, In re Piper Aircraft Corp., 162 B.R. 619, 623 (S.D. Fla. 1994), discussing legislative intent behind H.R. Rep. No. 95-595, at 309 (1978).

5. In order to receive a distribution with respect to a claim, a creditor must file a proof of claim with the Bankruptcy Court. 4 Colliers at ¶ 501.01[2][a]; Fed. R. Bankr. P. 3002(a) and 3003(c)(2). By filing a proof of claim, the creditor submits itself to the jurisdiction of the Bankruptcy Court. 11 U.S.C. § 1104(b). Bar dates to file a proof of claim are strictly enforced and the failure to file a proof of claim results in the loss of the ability to make a recovery with respect to that claim. See, In re The Charter Co., 113 B.R. 725, 728 (M.D. Fla. 1990); 4 Colliers at ¶ 501.02[5][b]; see also, 11 U.S.C. §502(b)(9). The reasons for this are manifest:

> The creditors and bankruptcy court must be able to rely on a fixed financial position of the debtor in order to evaluate intelligently the proposed plan of reorganization for plan approval or amendment purpose. After initiating a carefully orchestrated plan of reorganization, the untimely interjection of an unanticipated claim, particularly a relatively large one, can destroy the fragile balance struck by all interested parties.

Colliers at ¶ 501.02[5][b] (quoting, In re Analytical Systems, Inc., 933 F.3d 939 (11th Cir. 1991)).

6. In March 2009, the Plaintiffs were given notice of Mercedes Homes' bankruptcy and the opportunity to submit proofs of claim. See Ex. D to the Motion to Dismiss, the Bar Date Notice. However, the Plaintiffs never submitted proofs of claim.

7. After the deadline for submitting Proofs of Claim expired and in accordance with an order issued on September 30, 2009 (the "Confirmation Order"), the Bankruptcy Court approved the implementation of the Debtors' Joint Plan of Reorganization filed on July 21, 2009 pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"). The Plan and the Confirmation Order are incorporated as Exhibits E and F, respectively, to Mercedes Homes' Motion to Dismiss.

8. The Plan and Confirmation Order specifically granted the Bankruptcy Court the exclusive jurisdiction to interpret the Plan, to determine Claims under the Plan, and to determine

any and all disputes with respect to the implementation and interpretation of the Plan. See also, In re Piper Aircraft Corp., 162 B.R. at 623.

9. By filing the Omnibus Complaint, the Plaintiffs have attempted to circumvent the bankruptcy process and have violated the Confirmation Order. Had the Plaintiffs timely filed their respective proofs of claim in the Bankruptcy Court, their claims related to Chinese Drywall would have been handled there. Nonetheless, only the Bankruptcy Court has the jurisdiction to make a determination whether the Plaintiffs' claims are now permanently barred because of their failures to act. See, In re The Charter Co., 113 B.R. at 728.

10. As a result, even if this Court were willing to consider the claims raised in the Complaint, in light of Mercedes Homes' assertion that the claims are subject to the Plan and Confirmation Order, this Court cannot move forward until the Bankruptcy Court makes a determination that the claims raised in the Complaint do not fall within its exclusive jurisdiction.

11. Moreover, all claims that arose before the Petition Date are dischargeable in bankruptcy. See, Ohio v. Kovacs, 469 U.S. 274, 278, 105 S.Ct. 705, 707 (1985). The "discharge operates on all claims that arose before the date of confirmation." 8 Colliers at ¶ 1141.05[2][c]. The receipt of notice of the bankruptcy case and the Claims Bar Date results in the discharge of a creditor's claim under § 1141 of the Bankruptcy Code. See, Sanchez v. Northeast Airlines, Inc., 659 F.3d 671 (8th Cir.2011) and Jaurdon v. Cricket Comm. Inc., 412 F.3d 1156 (10th Cir. 2005). The effect of a discharge is that, among other things, any judgment with respect to formerly discharged debt is void and any action to collect on a discharged debt is enjoined by operation of law. See, 11 U.S.C. § 524.

12. The Plaintiffs' claims emanate from conduct that occurred prior to the commencement of the Bankruptcy Case and well before confirmation. As a matter of law, the

case at bar is enjoined due to the Bankruptcy Court's exclusive jurisdiction, the matters asserted in the Complaint have been discharged in the Bankruptcy Case, and any judgment or order issued in the Chinese Drywall matter in the Plaintiffs' favor would be void.

WHEREFORE, Defendant, Mercedes Homes, LLC, requests that this Court GRANT its Motion to Dismiss With Prejudice, and enter such other and further relief as this Court deems just and proper.

SIGNED this 15th day of May, 2012.

*/s/ Amanda Simmons, Esq.*
**JOHN H. DANNECKER, ESQ.**
Florida Bar No.:  745030
**AMANDA G. SIMMONS, ESQ.**
Florida Bar No.  0728020
Shutts & Bowen, LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone:  407-423-3200
Facsimile:  407-237-2202
Email:  jdannecker@shutts.com
Email:  asimmons@shutts.com
*Counsel for Mercedes Homes, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of May, 2012, this document has been served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and e-mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

*/s/Amanda Simmons, Esq.*
**JOHN H. DANNECKER, ESQ.**
**AMANDA SIMMONS, ESQ.**

5