UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * MDL NO.: 2:09-MD-02047 <br> * <br> * SECTION L <br> * |
| **This document relates to:** | * JUDGE FALLON <br> * MAG. JUDGE WILKINSON |
| *Richard and Constance Almeroth, et.al. v. Taishan Gypsum Co., Ltd. et.al.* <br> Case No.: 12-0498 | * <br> * <br> * |

*************************************************

### DEFENDANT BOARDWALK DRYWALL, INC.'S MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (XIII)[1]

COMES NOW the Defendant, BOARDWALK DRYWALL, INC. ("BOARDWALK"), by and through its undersigned counsel and appearing solely for purposes of this pleading, and files this Motion to Dismiss the Plaintiffs' Omnibus Class Action Complaint (XIII) against BOARDWALK for reasons outlined below, and, in support, states as follows:

1. Pursuant to Federal Rule of Civil Procedure 12(b)(2), BOARDWALK moves this Court for an Order dismissing the Omnibus Class Action Complaint (XIII) for lack of personal jurisdiction.

2. Pursuant to Federal Rule of Civil Procedure 12(b)(3), BOARDWALK moves this Court for an Order dismissing the Omnibus Class Action Complaint (XIII) for reasons of improper venue in the Eastern District of Louisiana.

---

[1] By filing this Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint (XIII), Boardwalk Drywall, Inc., does not waive any and specifically reserves all of its objections to the jurisdiction of this Honorable Court.

3. Pursuant to Federal Rule of Civil Procedure 12(b)(6), BOARDWALK moves this Court for an Order dismissing the Omnibus Class Action Complaint (XIII) for failure to state a claim upon which relief can be granted for Counts I, II, III, IV, IX, XI, XII, XIII, and XIV.

4. Alternatively, BOARDWALK moves to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404. The Property(ies) in question, Plaintiffs, and BOARDWALK are all in Florida; therefore, all claims are based in Florida.

5. Several Florida courts have already dismissed several of these claims, founded on nearly identical allegations of Florida Homeowners, for failure to state a claim under Florida law. *See Bennett v. Centerline Homes, Inc.*, No. 2009 CA 014458 (Fla. 15th Jud. Cir., Nov. 5, 2010)(the "Fla. 15th Cir. Omnibus Order")(dismissing all strict liability and private nuisance claims brought by homeowners against their builders for allegedly defective Chinese drywall).

6. Plaintiffs' tort claims (Counts I, II, III, IV, IX, XI, XII, XIII, and XIV) are barred in whole or in part by the economic loss rule. *See Indemnity Ins. Co. of North Am. v. Am. Aviation Inc.*, 891 So.2d 532, 536 (Fla. 2004). Tort claims seeking economic recovery are barred. *See* Fla. 15th Cir. Omnibus Order (dismissing, on an omnibus basis, all strict liability and private nuisance claims brought by homeowners against their builders seeking economic losses are dismissed on the basis of the economic loss rule); *Henderson v. Douglas B. Francis*, Case No. 09-CA-001280 (Fla. 20th Jud. Cir., Sept. 9, 2009)(granting a defendant-subcontractor's motion to dismiss the homeowner's drywall-related negligence claim to the extent defendant sought economic losses). Accordingly, Plaintiffs' tort claims must be dismissed.

7. BOARDWALK did not owe the Plaintiffs a duty in negligence (Count I). The Court in Banner ruled that the homebuilders did not have a duty "to inspect, test[,] or warn" the Plaintiffs

about the allegedly defective drywall in their homes. *See* Fla. 15th Cir. Second Omnibus Order at 2. *See also O'Connor v. Kawasaki Motors Corp.*, 699 F. Supp. 1538, 1542–43 (S.D. Fla. 1988) (dismissing negligence claims as manufacturer had no duty to warn); *Mendez v. Honda Motor Co.*, 738 F. Supp. 481–84 (S.D. Fla. 1990) ("[A] distributor need not inspect for latent defects unless the product is inherently dangerous."). Because drywall does not fit into the narrow "inherently dangerous" category, the builders had no duty to inspect the drywall, to test it, or to warn the Plaintiffs about it. *See* Fla. 15th Cir. Second Omnibus Order at 2. Further, because the drywall defects at issue were indisputably latent (see Complaint ¶ 70), Plaintiffs' negligence claim fails insomuch that it cannot be alleged in good faith that there was "actual or implied notice" of the defects. Plaintiffs' allegations are nothing more than naked assertions and legal conclusions. *See* Fla. 15th Cir. Second Omnibus Order at 2 (requiring more specific allegations).

8. Plaintiffs' negligence per se claim (Count II) fails to state a cause of action insomuch as it does not contain the essential elements for this tort. This cause of action is based on the violation of statute establishing a duty to protect or take precautions to protect a particular class of persons from a particular type of injury. *DeJesus v. Seaboard Coast Line R.R. Co.*, 281 So. 2d 198, 201 (Fla. 1973). Plaintiffs do not identify an applicable statute nor are there any statements whatsoever of how BOARDWALK violated any such statute.

9. Plaintiffs' claim for strict liability (Count III) fails because BOARDWALK did not manufacture or distribute the allegedly defective drywall. *See* Fla. 15th Cir. Omnibus Order at 9 (dismissing all plaintiffs' claims of strict liability against builders because "the defendant homebuilders did not manufacture the drywall at issue."); Fla. 19th Cir. Order (granting builder's motion to dismiss stating that "although Plaintiff[s'] strict liability claims do allege defective

product distribution, permanent improvements to real property are not products for purposes of product strict liability actions."). Further, the alleged defective drywall is not a "product" for purposes of this tort. *See* Fla. 15th Omnibus Order at 8 ("The law in Florida appears well stated that strict liability does not apply to improvements to real property as improvements to real property are not considered products."). Florida courts have declined to extend the principle of strict liability to structural improvements to real estate. *Federal Ins. Co. v. Bonded Lighting Port Systems, Inc.* No. 07-80767-CIV, 2008 WL 5111260, at *4 (S.D. Fla. 2008).

10.  Plaintiffs' claims for breach of express and/or implied warranties (Count IV) fail to state a cause of action in that the Omnibus Class Action Complaint does not identify the source of the purported warranties nor how BOARDWALK breached any such warranties. *Canal Elec. Co. v. Westinghouse Elec. Co.*, 973 F.2d 988, 933 (1st Cir. 1992)(holding that, as a matter of law, the express warranty did not cover latent defects which existed during the warranty period but did not manifest until after the warranty period had expired.). Additionally, "[u]nder Florida law, contractors are viewed as service providers, not merchants." *In re: Sunshine-Jr. Stores, Inc.*, 240 B.R. 788, 794 (Bankr. M.D. Fla. 1999).

11.  With regard to Count IX, BOARDWALK did not perform any work in Louisiana and, therefore, said Count should be dismisses as to this Defendant.

12.  Plaintiffs' claim for private nuisance (Count XI) is barred by the economic loss doctrine and, further, Florida law does not provide for a cause of action on private nuisance. *See* Fla. 15th Omnibus Order at 7 (dismissing all plaintiffs' private nuisance claims against homebuilders because "neither [Florida] case law nor the policy underpinnings of the nuisance doctrine support such a cause of action for private nuisance"); *accord* Fla. 17th Cir. Order

(dismissing a private nuisance claim based on defective drywall stating that "[t]his Court finds Judge Kelly's ruling [in the Banner case] to be persuasive in his findings that neither the case law nor the policy underpinnings of the nuisance doctrine support such a cause of action for private nuisance in this case.").

13. Plaintiffs' claim for unjust enrichment (Count XII) fails insomuch as adequate remedies at law exist. *American Honda Motor Co. v. Motorcycle Infa. Network*, 390 F.Supp 2d 1170, 1178 (M.D. Fla. 2005). Further, Plaintiffs fail to plead the necessary elements for a claim of unjust enrichment. *Commerce Partnership 8098 Ltd. v. Equity Contracting Co.*, 695 So. 2d 383, 386 (Fla. 4th DCA 1997).

14. Plaintiffs claims for deceptive and unfair trade practices/consumer protection acts (Count XIII), fail to state a cause of action against BOARDWALK. Claims arising under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be plead with particularity. *Wrestlereunion, LLC v. Live Nation TV Holdings, Inc.*, No. 8:07-cv-2093-JDW-MSS, 2008 WL 3048859, at *3 (M.D. Fla. 2008). Such claims arising under the FDUTPA must "do more than merely allege in conclusory fashion that a defendant's actions constituted as unfair or deceptive act or that the defendant acted wrongfully, unreasonably[,] and unjustly and for a deceptive and improper purpose." *Infinity Global LLC v. Resort at Singer Island, Inc.*, No. 07-80690-CIV, 2008 WL 1711535, at *4 (S.D. Fla. 2008)(internal citation omitted). The allegations do not support a theory that BOARDWALK's actual physical work caused or was responsible for the alleged defective drywall.

15. Plaintiffs' claims for equitable relief and medical monitoring (Count XIV) fails to state a distinguishable cause of action against BOARDWALK and, further, the allegations are so

vague and ambiguous as to BOARDWALK that it cannot properly formulate any response. "For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Federal Rule of Civil Procedure 12(b)(6)." *See e.g., Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1097 (11th Cir. 2004)(holding that to state a cause of action for injunctive relief in Florida, a plaintiff must allege ultimate facts which, if true, would establish (1) irreparable injury, (2) a clear legal right, (3) lack of an adequate remedy at law, and (4) that the required injunction would not be contrary to the interest of the public generally.) *See also Tucker v. Citigroup Global Mkts., Inc.*, No 2:06-cv-585 FtM-34DNF, 2007 WL 2071502, at *6 (M.D. Fla. 2007). Plaintiffs fail to establish the aforementioned requirements. Additionally, Plaintiffs' claim for medical monitoring fails to provide the necessary elements in order to state a cause of action.

**WHEREFORE**, Defendant, BOARDWALK DRYWALL, INC., requests that this Honorable Court grant this Motion to Dismiss Counts I, II, III, IV, IX, XI, XII, XIII, and XIV of the Plaintiffs' Omnibus Class Action Complaint against BOARDWALK, pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) and all other relief deemed just and proper.

[SIGNATURE AND CERTIFICATE OF SERVICE ON NEXT PAGE]

Respectfully submitted,

DERREVERE, HAWKES, BLACK & COZAD

*/s/ Bryan W. Black*

---

BRYAN W. BLACK (#573868)
JON D. DERREVERE (#330132)
2005 Vista Parkway, Suite #210
West Palm Beach, FL  33411
Telephone:  561/684-3222
Facsimile:   561/640-3050
bwb@derreverelaw.com
fminchew@derreverelaw.com
**Counsel for BOARDWALK DRYWALL**

## CERTIFICATE OF SERVICE

I hereby certify that that above and foregoing Boardwalk Drywall's Motion To Dismiss Plaintiffs' Omnibus Class Action Complaint (XIII)  has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this  16th   day of May, 2012.

*/s/ Bryan W. Black*

---