UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

RICHARD and CONSTANCE ALMEROTH,
et al. v.
TAISHAN GYPSUM CO., LTD. f/k/a
SHANDONG TAIHE DONGXIN CO., LTD., et al.
_____/

MDL No.: 02047
Case No.: 12-0498
Section L

JUDGE FALLON
MAG. JUDGE WILKINSON

**DEFENDANT, WOODLAND ENTERPRISES, INC.'S
MOTION TO DISMISS, WITH PREJUDICE,
THE CLAIMS BROUGHT AGAINST IT IN THE
ALMEROTH OMNIBUS CLASS ACTION COMPLAINT (OMNI XIII)**

Defendant Woodland Enterprises, Inc. ("Woodland"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss with prejudice all claims against Woodland in the Almeroth Omnibus Class Action Complaint (Omni XIII) brought by plaintiff **Patrick Gorie** ("Plaintiff") for failure to state a claim upon which relief can be granted.

**INTRODUCTION AND BACKGROUND**

Plaintiff has added Woodland – the Florida builder that constructed the Plaintiff's home – to the hundreds of defendants named in the Almeroth Omnibus Class Action Complaint (Omni XIII) (the "Omnibus Complaint")[1] even though there is no evidence, and indeed no allegation, that the construction of Plaintiff's home was in any way deficient. Plaintiff seeks to hold Woodland liable for allegedly defective drywall supplied to and installed in his home by other co-defendants named in this action – despite the fact that there is no evidence, and indeed no factual basis upon which to allege, that Woodland was in any way involved in the manufacture,

---

[1] This Motion and the attached Memorandum of Law cite to the Omnibus Complaint as "Cmplt. ¶ ___."

distribution or sale of the allegedly defective drywall; had any knowledge of the alleged defects in the drywall at any time material to this lawsuit; or that Woodland's construction techniques were in any way deficient. Indeed, to the contrary, the Omnibus Complaint establishes that the alleged defects were "latent" and only manifested after Plaintiff purchased the property.

In a shotgun pleading that makes no effort to distinguish between Woodland and the entities actually responsible for the drywall, Plaintiff has offered a laundry list of generic common law and statutory theories. The Omnibus Complaint heedlessly lumps together hundreds of parties over truly boilerplate allegations. Specifically, Plaintiff alleges the following ten claims[2] against Woodland: Negligence (Count I, ¶¶ 41-48); Negligence Per Se (Count II, ¶¶ 49-55); Strict Liability (Count III, ¶¶ 56-73); Breach of Express and/or Implied Warranties (Count IV, ¶¶ 74-81); Breach of Implied Warranty of Habitability (Count VI, ¶¶ 94-100); Breach of Contract (Count VII, ¶¶ 101-104); Private Nuisance (Count XI, ¶¶ 136-142); Unjust Enrichment (Count XII, ¶¶ 143-146); Violation of Florida's Deceptive and Unfair Trade Practices Act (Count XIII, ¶¶ 147-151); and Equitable and Injunctive Relief and Medical Monitoring (Count XIV, ¶¶ 152-164). Each of these claims is governed by and arises under the

---

[2] There are fourteen Counts in the Omnibus Complaint, but only ten of them arguably apply to Woodland. The four remaining Counts do not. Specifically, Count V (for breach of warranty under Florida's condominium code) does not apply to Woodland because Plaintiff purchased a residential home, not a condominium. Cmplt. ¶¶ 82-93. Count VIII applies to "Louisiana Builders Only," and no one disputes that Woodland resides in Florida. *Id.* ¶¶ 105-111; Exh. B at ¶ 207 (page 25 of 35). Count IX ("Redhibition – by Louisiana Plaintiffs"), which requires a showing that the allegedly defective product— here, drywall—failed for its intended purpose, is barred by this Court's prior determination that the drywall is "serving its intended structural purpose." *See In Re Chinese Manufactured Drywall Products Liability Litig.*, 680 F. Supp. 2d 780, 799 (E.D. La. 2010); *Benoit v. Ryan Chevrolet*, 428 So. 2d 489, 492 (La. App. 2d Cir. 1982). Moreover this claim does not apply because the claims are Florida-based. Finally, Count X (Louisiana Products Liability Act) applies solely to "Manufacturing" or "Distributor" Defendants (*see* Cmplt. ¶¶ 122-135), whereas the Omnibus Complaint identifies Woodland as a "Builder" Defendant, *see id.* Exh. B at ¶ 207 (page 25 of 35).

laws of Florida.[3] As detailed in the accompanying memorandum of law in support of this Motion, every one of these claims should be dismissed as fatally defective pursuant to Rule 12(b)(6) and Florida law.[4]

WHEREFORE, for the reasons set forth above and in the accompanying memorandum of law in support, Woodland Enterprises, Inc., respectfully requests that the Court enter an order dismissing the claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6), and awarding Woodland its fees in defending this action against the Plaintiff pursuant to Florida's Deceptive and Unfair Trade Practices Act.

Respectfully submitted: May 17, 2012

| | |
|---|---|
| **PHELPS DUNBAR, LLP** | **AKERMAN SENTERFITT** |
| By: /s/ Brent B. Barriere | By: /s/ Stacy Bercun Bohm |
| Brent B. Barriere (La. Bar No. 2818) | Stacy Bercun Bohm (Fla. Bar No. 022462) |
| D. Skylar Rosenbloom (La. Bar No. 31309) | Valerie B. Greenberg. (Fla. Bar No. 26514) |
| Canal Place Suite 2000 | Leslie Miller Tomczak (Fla. Bar No. 126489) |
| 365 Canal Street | Las Olas Centre II, Suite 1600 |
| New Orleans, Louisiana 70130-6534 | 350 East Las Olas Boulevard |
| Telephone: (504) 566-1311 | Fort Lauderdale, Florida 33301-2229 |
| Telecopier: (504) 568-9130 | Telephone: (954) 463-2700 |
| Email: Brent.barriere@phelps.com | Telecopier: (954) 463-2224 |
| Skylar.rosenbloom@phelps.com | Email: stacy.bohm@akerman.com |
| | valerie.greenberg@akerman.com |
| | leslie.tomczak@akerman.com |
| *LOCAL COUNSEL FOR DEFENDANT WOODLAND ENTERPRISES, INC.* | *LEAD COUNSEL FOR DEFENDANT WOODLAND ENTERPRISES, INC.* |

---

[3] If Plaintiff filed his claims against Woodland directly in the Eastern District of Louisiana, this Court should apply the choice-of-law rules of Louisiana. *See Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 n.6 (5th Cir. 1981). If Plaintiff filed in a Florida court and then transferred the matter to this forum, Florida's choice-of-law rules apply. Under either analysis, however, Florida has, by far, the most significant relationship with the dispute. Plaintiff's alleged drywall injuries occurred in Florida, the subject property is located in Florida, and Woodland resides in Florida. *See* Complt. Exh. A at ¶¶ 547; Exh. B at ¶ 207; *Gulf States Utilities Co. v. NEI Peebles Elec. Prods., Inc.*, 819 F. Supp. 538, 552-53 (M.D. La. 1993) (discussing Louisiana choice of law factors and statutes). Florida substantive law therefore governs Plaintiff's claims against Woodland.

[4] Per the Local Rules, a Notice of Submission has been filed contemporaneously with this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and exhibits have been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA 70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA 70163 (kmiller@frilot.com), by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of May, 2012.

/s/ Stacy Bercun Bohm

{23987198;2}