UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

**THE PLAINTIFFS' STEERING COMMITTEE'S
MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
30(b)(6) DEPOSITION DISCOVERY FROM
THE NORTH RIVER INSURANCE COMPANY**

**I.     INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC"), pursuant to Fed.R.Civ.P. 37 hereby moves this Honorable Court to compel The North River Insurance Company ("North River") to produce a competent witness to participate in discovery and to fully and sufficiently respond to topics set forth in the Amended Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) that was served in this matter on May 1, 2012 and such other questions that the Court deems proper at this time.  The PSC requests that a competent 30(b)(6) designee appear in New Orleans, Louisiana, before the Court and in the chambers of Judge Eldon Fallon on May 31, 2012, following the North River mediation, until such deposition is completed.  The PSC files this motion to compel discovery of North River because North River obstructed efforts by the PSC at the 30(b)(6) deposition on May 15, 2012 and refused to allow its corporate designee to answer proper questions.

1

## II.  FACTUAL BACKGROUND

The Court is intimately familiar with the issues and efforts that have been necessary to have North River cooperate and/or participate in this litigation. North River has refused to cooperate and fully participate in discovery as excess insurer of Interior Exterior ("InEx"). After lengthy delays, on February 28, 2012, the Plaintiffs' Steering Committee ("PSC") filed a Motion to Lift the Stay of discovery [Rec. Doc. 12459]. Following a Court conference, the Court indicated that it would lift the stay. On March 19, 2012, the Court issued an Order which directed the PSC to commence discovery directed to North River. That day, the PSC served a First Set of Requests for Production to The North River Insurance Company. North River was ordered to produce documents responsive to the request by April 18, 2012 [Rec. Doc. 13570]. North River disregarded the Order and did not produce documents until it made a data dump on the PSC just a day or two before the deposition. The data dump essentially consisted of complaints filed in federal court, with minimal, if any, North River corporate documents, emails or communications regarding the InEx complaint. A Privilege Log was produced.[1]

On March 20, 2012, the PSC forwarded to North River an advance draft of a Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6). On March 27, 2012, North River provided written objections to the draft Notice and requested a Rule 37.1 conference and the Court was required to intervene at a hearing. The Court directed North River to proceed with the deposition. A meet and confer took place between the parties and on May 1, 2012, the PSC issued an Amended Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) for the deposition to take place on May 15, 2012.

---

[1]  The PSC reserves its rights to challenge the Privilege Log and any privileges asserted.

Discovery requires candor in responding. The Federal Rules require that a response be an accurate statement of either information sought or an objection to furnishing the information. Partial answers are neither candid nor accurate, but are evasive. *See* Fed.R.Civ.P. 33, 34, 36 and 37. The Federal Rules of Civil Procedure relating to oral and written discovery are accorded broad treatment. *See* Fed.R.Civ.P. 26 through 37. The purpose of discovery is to make a trial "less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble Co.,* 556 U.S. 677 (1958).

A full disclosure of the relevant facts that North River possesses is essential. To that end, the PSC may compel North River to disgorge whatever relevant facts North River may have in its possession. This will reduce the possibility of surprise. *Hickman v. Taylor*, 329 U.S. 495 (1947). The PSC is entitled to discover North River's defenses, discoverable facts and documents. Unfortunately, North River would not allow the PSC to discover such information at the May 15, 2012 deposition.

Further, the PSC was not provided North River documents to enable the PSC to question regarding North River's claims handling policies, procedures and guidelines, and North River did not produce documents such as reservation of rights letters, acceptance of the claim or evaluations of exposure. Such documents should have been produced in response to the First Set of Requests for Production well in advance of the deposition. North River chose not to produce such documents; and therefore, should be held accountable.

**III.    ARGUMENT**

Despite repeated road blocks by North River, the Court ordered that North River's 30(b)(6) deposition proceed. Unfortunately, North River refused to participate in meaningful discovery and

3

obstructed the PSC's efforts. On numerous occasions, counsel for North River instructed its corporate designee not to answer questions. Attached as Exhibit "A", filed under seal, is an excerpt from the May 15, 2012 30(b)(6) deposition of Agnes A. Reiss, Esquire, who was put forth as the corporate designee.[2] North River's corporate designee, Attorney Reiss, refused to answer a number of questions that were within the topics set forth in the Amended Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6). For instance, Attorney Reiss refused to answer questions regarding the following:

- Page 14 - Claims level authority.
- Page 17 - Penalty provisions under Louisiana Law as to an insurer's failure to pay.
- Page 40 - Consultations with contractors or estimators to determine an estimate of repair or reconstruction cost.
- Page 43 - The value of claims asserted against InEx and whether such claims exceed the coverage of the underlying insurance.
- Page 44 - Reservation of rights letter to InEx.
- Page 45 - Advice in writing to InEx that InEx did not report timely claims made in the litigation.
- Page 45 - North River's exposure if it is liable in the litigation.
- Page 64 - Who is responsible for underwriting the policies of North River.
- Pages 70 thru 71 - Whether and when North River first became aware of a demand from InEx.
- Pages 81 thru 82 - Whether the alleged amount of damage exceed the underlying policies.
- Page 82 - The process by which reservation of rights letters are issued by North River.
- Pages 90 thru 91 - Whether the risk undertaken in connection with the North River policies have been reinsured.
- Pages 106 thru 109 - Whether the Louisiana Bad Faith Statutes have been considered.
- Page 134 - Whether certain individuals with decision making authority will appear at the Court ordered mediation.

These examples are but a few of the road blocks North River set forth at the May 15, 2012 deposition.

---

[2] Also attached as Exhibit "B", under seal, is a complete copy of the May 15, 2012 deposition.

Rule 37(a) authorizes Plaintiffs to move to compel discovery in the form of more complete discovery and deposition answers. *See* Fed.R.Civ.P. 37(a)(1) and (3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *See* Fed.R.Civ.P. 37(a)(4).

Attorney Reiss was questioned regarding the hierarchy at North River and who has ultimate authority to resolve claims. Attorney Reiss is not an officer of North River. North River has no employees, yet its officers have ultimate authority, including authority to settle cases. Attorney Reiss indicated that her immediate superior at United States Fire Insurance Company ("U.S. Fire") (the company that actually oversees the North River policy) is Patricia Noll, Vice-President (see page 11 of deposition). Patricia Noll's immediate supervisor is Steve Eisenmann, Vice-President, and he reports directly to the President, Douglas Libby. Douglas Libby makes decisions and has ultimate responsibility and authority as to whether a claim is paid or not (see pages 12 thru 13 of deposition). Attorney Reiss has low level authority and any authority for larger claims needs input from President Libby (see pages 14 thru 15 of deposition). Attorney Reiss works for U.S. Fire which has a Claims Service Agreement with North River to provide claims handling (see page 135 of deposition). The individuals in charge of claims for North River are Steve Eisenmann and Patricia Noll (see page 134 of deposition). Douglas Libby should be ordered to appear at the mediation on May 31, 2012. Mr. Libby has "ultimate authority" and, therefore, he appears to be the individual at North River who has sufficient knowledge and can answer the PSC's 30(b)(6) deposition topics. Mr. Libby should be ordered to be deposed as the North River corporate designee in New Orleans, Louisiana, following the mediation on May 31, 2012.

At the deposition on May 15, 2012, Attorney Reiss discussed an agreement that exists

between U.S. Fire and North River.  According to her testimony, U.S. Fire and North River are affiliated companies and the agreement, which has not been seen by Attorney Reiss, is located in the corporate secretary's office.  That agreement has not been produced to the PSC, along with other North River documents, all of which were properly requested in advance of the deposition in the PSC's First Set of Requests for Production to Defendant North River Insurance Company, issued March 19, 2012.  Again, Douglas Libby, who has ultimate responsibility, should be ordered to appear in New Orleans, Louisiana, on May 31, 2012, with the agreement, so that the PSC can discover whatever agreement exists between the affiliated companies.

The PSC requests that a person with full authority that can bind North River be present at the mediation on May 31, 2012, and be ordered to appear at a deposition immediately following the mediation.  If documents exist that are responsive to the PSC's First Set of Requests for Production, then such documents should be produced in advance of May 31, 2012 and the PSC given the opportunity to depose a North River designee that can fully and completely respond to questioning.

## IV.    CONCLUSION

For the reasons set forth above, the PSC's motion to compel should be granted and North River should be compelled to appear at a 30(b)(6) deposition and answer all appropriate questions

6

in New Orleans, Louisiana, before the Court and in the chambers of Judge Eldon Fallon on May 31, 2012, following the North River mediation, until such deposition is completed..

                    Respectfully submitted,

Dated: May 21, 2012

                    /s/ Russ M. Herman
                    Russ M. Herman, Esquire (LA Bar No. 6819)
                    Leonard A. Davis, Esquire (LA Bar No. 14190)
                    Stephen J. Herman, Esquire (LA Bar No. 23129)
                    HERMAN, HERMAN & KATZ, LLP
                    820 O'Keefe Avenue
                    New Orleans, Louisiana 70113
                    Phone: (504) 581-4892
                    Fax: (504) 561-6024
                    ldavis@hhklawfirm.com
                    *Plaintiffs' Liaison Counsel*
                    *MDL 2047*

                    Arnold Levin
                    Fred S. Longer
                    Matthew C. Gaughan
                    Levin, Fishbein, Sedran & Berman
                    510 Walnut Street, Suite 500
                    Philadelphia, PA 19106
                    215-592-1500 (phone)
                    215-592-4663 (fax)
                    Alevin@lfsblaw.com
                    *Plaintiffs' Lead Counsel*
                    *MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Victor M. Diaz, Jr.
119 Washington Avenue
Suite 402
Miami Beach, FL 33139
PH: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 (mailing address)
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Memorandum in Support of Motion to Compel 30(b)(6) Deposition Discovery from The North River Insurance Company has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 21st day of May, 2012.

       /s/ Leonard A. Davis
       Leonard A. Davis, Esquire
       Herman, Herman & Katz, LLP
       820 O'Keefe Avenue
       New Orleans, Louisiana 70113
       Phone: (504) 581-4892
       Fax: (504) 561-6024
       ldavis@hhklawfirm.com
       Plaintiffs' Liaison Counsel
       MDL 2047