# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Payton, et al. v. Knauf Gips, KG, et al.*<br>Case No. 09-cv-07628 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-06690 (E.D. La.)<br><br>*Rogers, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:10-cv-00362 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Insurance Company*, Case No. 2:10-cv-00932 (E.D.La.)<br><br>*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 2:11-00252 (E.D. La.)<br><br>*Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 11-cv-1363 (E.D. La.)<br><br>*Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 11-cv-2349 (E.D. La.)<br><br>*Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 11-cv-3023 (E.D. La.)<br><br>*Vickers, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**ORDER PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT IN MDL NO. 2047 REGARDING CLAIMS INVOLVING BUILDERS, INSTALLERS, SUPPLIERS AND PARTICIPATING INSURERS; CONDITIONALLY CERTIFYING A SETTLEMENT CLASS; APPROVING CLASS NOTICE; SCHEDULING A JOINT FAIRNESS HEARING; AND STAYING CLAIMS AGAINST BUILDERS, INSTALLERS, SUPPLIERS AND PARTICIPATING INSURERS**

Upon consideration of the Motion of proposed Class Counsel and the Plaintiffs' Steering Committee (the "PSC"), for Preliminary Approval of the Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers,[1] brought pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e), it is hereby,

ORDERED, ADJUDGED AND DECREED that:

1. Capitalized terms used in this Order have the same meaning as those defined in the Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers (hereafter the "Global Settlement"),[2] attached as Exhibit A to the Memorandum of Law in Support of the Motion for an Order: (1) preliminarily approving the Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers; (2) conditionally certifying a settlement class; (3) approving the form of Notice to Class Members; (4) scheduling a Joint Fairness Hearing; and (5) staying claims against Participating Defendants and Participating Insurers.

2. The Global Settlement, including all exhibits attached thereto, is preliminarily approved by the Court as fair, reasonable and adequate, as negotiated and entered into at arm's-length, in good faith, and free of collusion to the detriment of the Class, and as being within the range of possible judicial approval at a prospective Joint Fairness Hearing.

3. The following nationwide Class is conditionally certified and shall consist of:

---

[1] The Participating Defendants are identified in Exhibit 1 to the Global Settlement. The Participating Insurers are identified in Exhibit 2 to the Global Settlement.

[2] This agreement is referred to in the Knauf Defendants' Settlement Agreement as the "Prospective Insurance Agreement."

> All persons or entities, along with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown, arising from or related to actual or alleged Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of any Participating Defendant. A Participating Defendant shall also be a Class Member to the extent the Participating Defendant has remediated the Chinese Drywall in one or more Affected Properties or repurchased an Affected Property. Participating Insurers are not Class Members. Class Members do not include persons or entities with claims involving an Affected Property in the Commonwealth of Virginia.

4. Paul and Therese Petkin; Felix Diaz; Amelia De Jesus; Richard Sage; Villa at Oak Hammock, LLC; WM Townhomes, LLC; Dean and Dawn Amato; Byron and Debra Byrne; Donald and Marcelyn Puig; Edward and Susan Beckendorf; and Danny and Celeste O'Keefe and each class representative identified in each Omni Complaint and each Complaint in Intervention to an Omni Complaint in MDL 2047 are appointed as Representatives for the Class.

5. Russ Herman and Arnold Levin are appointed as Class Counsel, and the Plaintiffs' Steering Committee ("PSC") are appointed as Of-Counsel.

6. The opt-out procedure set forth in Section 8 of the Global Settlement is approved.

7. The procedure for lodging objections to the Global Settlement as set forth in Section 9 of the Global Settlement is approved.

8. The Notice presented to the Court for approval is hereby approved.

9. The Summary Notice presented to the Court for approval is hereby approved.

10. The protocol for dissemination of Notice to Class Members as set forth in Section 7 of the Global Settlement is approved.

11. On or before, _____, 2012, Settlement Class Counsel shall (a) cause the

Notice to be sent via first-class mail, postage prepaid to Class Members with claims in the Litigation or in CDW-Related Actions and who are identifiable through Plaintiff Profile Forms and other available records, and their counsel; and (b) request that said Notice be posted on federal and state court websites where the Litigation or where CDW-related Actions are pending and on other publicly available websites and other public places.

12. On or before, _____, 2012, Settlement Class Counsel shall initiate efforts to disseminate the Summary Notice: (a) in newspapers and periodicals as set forth in Section 7 of the Global Settlement; (b) in a press release; (c) by television as set forth in Section 7 of the Global Settlement; and (d) in on-line media.

13. The cost of Notice shall be paid in accordance with sections 4.1.1 and 16.4 of the Global Settlement.

14. The Notice shall be posted on the Court's Chinese Drywall MDL website so as to commence the Notice period.

15. Any Class Member wishing to opt out of the Global Settlement must notify Class Counsel, Arnold Levin (LEVIN, FISHBEIN, SEDRAN & BERMAN, 510 Walnut Street, Suite 500, Philadelphia, PA 19106), and Russ M. Herman (HERMAN, HERMAN & KATZ, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113) in writing, within sixty (60) days after the last date to provide Notice to the Class, *i.e.*, postmarked no later than _____, 2012, which is the last day of the Opt-Out/Objection Period, of their intention to opt out of the Settlement. No opt-out will be effective if filed earlier than 30 days after the last date to provide notice to the Class, *i.e.*, if filed before _____, 2012. To be effective, the opt-out notice must set forth the full name and current address of the person electing to opt out, the address of the property allegedly

4

damaged by Chinese Drywall and/or the address of the property from which the Class Member alleges injurious exposure to Chinese Drywall, to the best of the Class Member's knowledge, the identities or every supplier, installer, builder, developer and its/their insurers, and any other Participating Defendant and Participating Insurer against which the Class Member intends to pursue his, or her, or its claims, and a sentence stating: "The undersigned hereby opts out from the Builder, Installer, Supplier and Participating Insurer Settlement Class in the Chinese Drywall Action." The opt-out notice must be signed by the individual Class Member.

16. All objections to the proposed Global Settlement shall be mailed to Class Counsel, Arnold Levin (LEVIN, FISHBEIN, SEDRAN & BERMAN, 510 Walnut Street, Suite 500, Philadelphia, PA 19106), and Russ M. Herman (HERMAN, HERMAN & KATZ, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113), in writing, postmarked no later than sixty (60) days after the last date to provide Notice to the Class, *i.e.*, postmarked no later than _____, 2012, or they will be deemed waived. All objections must be signed by the individual Class Member and by his or her counsel, if any.

17. The Settling Parties shall file any response to the objections or other papers in support of final approval of the Settlement on or before _____, 2012.

18. A formal Joint Fairness Hearing shall take place on November 13, 2012, beginning at 9 o'clock in the a.m., and continuing to November 14, 2012, if necessary, in order to consider comments on and objections to the proposed Global Settlement and to consider whether (a) to approve thereafter the class settlement as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, (b) to finally certify the Settlement Class, and (c) to enter the Order and Judgment provided in paragraph 1.14 of the Global Settlement.

19. Prosecution of all claims and CDW-Related Actions against the Participating Defendants and Participating Insurers, except for Reserved Claims, shall be stayed and enjoined pending the settlement proceedings involving the Global Settlement and further Orders of the Court.

20. The Settling Parties have reserved all claims and defenses in the Litigation should the proposed Global Settlement not become final for whatever reason.

21. The Participating Defendants and Participating Insurers have reserved all defenses, including the right to contest certification of the Class *de novo* should the proposed Global Settlement not become final for whatever reason. If the proposed Global Settlement does not become final, the conditional certification of the Class will be null and void, and the Litigation will proceed as if there had been no Settlement or conditional certification of a Class.

This _____ day of _____, 2012, at New Orleans, Louisiana

_____
ELDON E. FALLON
United States District Court Judge