**MINUTE ENTRY**
**FALLON, J.**
**MAY 17, 2012**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | **MDL NO. 2047** |
| **IN RE: CHINESE-MANUFACTURED DRY WALL** | : | |
| **PRODUCTS LIABILITY LITIGATION** | : | **SECTION:  L** |
| | : | |
| | : | **JUDGE FALLON** |
| | : | **MAG. WILKINSON** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : 

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  Prior to the conference, the Court met with liaison counsel and the chairs of the steering committees.  Liaison Counsel reported to the Court on the topics set out in Joint Report No. 33. (R. Doc. 14345).  The conference was transcribed by Ms. Jodi Simcox, Official Court Reporter. Counsel may contact Ms. Ibos at (504) 589-7780 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.      PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No. 1 to clarify the preservation of physical evidence during home remediation.

JS10(00:14)

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion practice, but continuing all motions filed in the MDL without date.  Pursuant to a November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is stayed.

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 1E entered February 12, 2010 – Regarding stay of responsive pleadings in *Gross.*

Pre-Trial Order No. 1F entered March 9, 2010-Clarifying the deadline dates for responsive pleadings, notices of appearance, profile forms, and alleviating the need to file motions for extensions in all cases.

Pre-Trial Order No. 1G entered May 27, 2010-Further clarifying deadlines for notices of appearances, profile forms, and responsive pleadings in all cases.

Pre-Trial Order No. 1H entered October 22, 2010-Regarding the PSC's Notice of Completion to the Omni Complaints

Pre-Trial Order No. 1I entered January 24, 2012 – Preservation of Physical Evidence

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants'

Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 8A entered January 11, 2011 – Appointing Plaintiffs' Steering Committee for a one year term, beginning January 11, 2011.

Pre-Trial Order No. 8B entered March 19, 2012 – Appointing Plaintiffs' Steering Committee for a one year term, beginning March 19, 2012.

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 9A entered March 16, 2012 – Reporting of Common Benefit Time by State Court Counsel.

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009. PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 - Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP). Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter,

Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests. Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

Pre-Trial Order No. 19 entered March 18, 2010—Appointing a State and Federal Coordination Committee.

Pre-Trial Order No. 20 entered April 6, 2010 – Appointment of Insurer Steering Committee.

Pre-Trial Order No. 21 entered April 6, 2010 – Retailer Profile Form.

Pre-Trial Order No. 22 entered April 27, 2010 – Privileged communications relating to PTO 20.

Pre-Trial Order No. 23 entered April 27, 2010 – Insurer Profile Form.

Pre-Trial Order No. 24 entered April 27, 2010 – Subpoenas/30(b)(6) depositions issued re insurance.

Pre-Trial Order No. 25 entered November 3, 2011 – Setting November 15, 2011 deadline for submission of profile forms.

Pre-Trial Order No. 26 entered March 29, 2012 – Appointing a self-remediated homes committee, creating a self-remediated homes pilot program, and setting April 28, 2012 deadline for submission of documentation for self-remediated homes.

II.     STATE COURT TRIAL SETTINGS

Judge Farina has set the following trials:

1. *Frank Mackle, et al, v. CDC Builders, Inc., et al,* case no. 09-56362-CA-42, set for three week trial period beginning March 19, 2012 [continued];

2. *Puckett, Charles A. & Sandra C. v. Grove Hammocks Investments, LLC,* et al., case no. 2010-026825-CA-42, set for three week trial period beginning April 16, 2012 [CONTINUED];

3. *Dabalsa, Ricardo v. Banner Supply Co.*, et al., case no. 2009-055898-CA-42, set for three week trial period beginning April 16, 2012 [CONTINUED];

4. *Calvo v. Banner Supply Co., et al.*, case no. 2010-003371-CA-42, set for three week trial period beginning April 16, 2012 [CONTINUED];

5. *Brad Singer, et al v. Allsteel & Gypsum Products, Inc., et al*, case no. 2011-16019-CA-42, stayed through 8/31/12, set for trial period beginning 1/22/13;

6. *Camposano v. Knauf Gips, et al.,* case no. 10-45796-CA-42, CONTINUED through 5/18/12, Set for trial period beginning October 1, 2012;

7. *Pena v. Banner Supply Co, et. al.*, case no. 10-05092, set for trial period beginning April 16, 2012 [CONTINUED];

8. *Mejia v. Banner Supply Co, et. al.*, case no. 10-64739, set for trial period beginning May 14, 2012. A Motion to Strike from Trial Docket is pending;

9. *1100 Valencia, LLC  v. Bauhaus, Inc., et. al.*, case no. 10-34242, set for trial period beginning June 11, 2012 [CONTINUED through 9/7/12];

10. *Gonzalez v. Banner Supply Co., et. al.*, case no. 10-051516, set for trial period beginning July 16, 2012;

11. *Barragan v. Pride Homes of Lakes by the Bay Parcel H LLC, et. al.*, Case No. 10-3357-CA-42, stayed through 8/31/12, set for trial period beginning 1/22/13;

12. *Flores v. Pride Homes of Lakes by Bay Parcel H LLC, et. al.*, Case No. 10-003353-CA-42, stayed through 9/7/12, set for trial period beginning 1/22/13;

13. *Harrell v. South Kendall Construction Corp, et. al.*, Case No. 09-08401-CA-42, set for trial period beginning 10/24/12;

14. *Helmick v. Pride Homes of Lakes by the Bay Parcel H LLC, et. al.*, Case No. 10-3361-CA-42, stayed through 8/31/12, set for trial period beginning 1/22/13;

15. *Powell v. Pride Homes of Lakes by the Bay Parcel H LLC, et. al.*, Case No. 10-3349-CA-42, stayed through 8/31/12, set for trial period beginning 1/22/13; and

16. *Restrepo v. Pride Homes of Lakes by the Bay Parcel H LLC, et. al.*, Case No. 10-3343-CA-42, stayed through 8/31/12, set for trial period beginning 1/22/13.

The case of *James DeBruin II, et al vs. K. Hovnanian II, LLC*, 11-CV-0741, 212nd District Court, Galveston County, was set for trial on March 5, 2012, before Judge Susan Criss, but has been continued.

### III.   INSURANCE ISSUES

On March 3, 2011 the Court issued a scheduling Order allowing for hearing certain CGL insurance motions [Rec. Doc. 7793]. The PSC and the Insurer Steering Committee have had numerous meet and confers since the issuance of the scheduling order.

### IV.   HOME BUILDERS FEES AND COSTS

On March 9, 2011, the Court entered a Fee Order [Rec. Doc. 8006] requiring all home builders to share responsibility for the fees and expenses of their liaison counsel appointed pursuant to Pre-Trial Order 7B. The Court directed the parties to contact Dorothy Wimberly, dwimberly@stonepigman.com, with any questions about the Fee Order. Additionally, the Court clarified that these payments constituted costs of defense. [Rec. Doc. 8331, p. 31]. Thereafter, the Court further clarified the Fee Order to confirm that compliance by any builder does not constitute a waiver of any pending defenses and objections, including objections to the jurisdiction of the Court

[Rec. Doc. 8401]. On August 22, 2011, the Court entered a Supplemental Fee Order [Rec. Doc. 10147] requiring all homebuilders who have not yet complied with the March 9 Fee Order to deposit their respective contributions to the fees and expenses of Homebuilders' Liaison Counsel on or before August 31, 2011. All homebuilders are reminded of the payments due pursuant to the Fee Order and the Supplemental Fee Order, which apply to all home builders in this MDL, including newly added builders, who should promptly comply. Homebuilders' Liaison Counsel provided the Court with the names of those builders who have failed to comply with the Fee Order. On February 22, 2012, the Court issued an Order to All Home Builders [Rec. Doc. 12546]. Each home builder subject to the Court's Fee Orders [Rec. Docs. 8006 and 10147] and who appears on Exhibit A attached to the Order identifying those home builders in OMNI 1-12 and 14, as failing to comply with the Fee Order(s), was ordered to appear and show cause following the status conference on March 22, 2012, why such party should not be held in contempt of this Court and sanctioned accordingly. Builders who complied with the Fee Order by March 20, 2012 were relieved of the requirement to appear and show cause. A number of builders still have not complied. Accordingly, by Order entered May 1, 2012 [Rec. Doc. 14080] the Court continued the deadline for compliance until the May 17, 2012 monthly status conference. At the May 17, 2012 monthly status conference, Homebuilders' Liaison Counsel will provide the Court with a revised schedule of those builders who still have not complied and ask that those non-complying builders be held in contempt and that judgment be entered against them for the Fee Order.

Further, since the Show Cause Order was issued, a number of additional home builders have been served with process in the MDL. These builders are reminded that the Fee Order applies to all newly added builders as well.

V.     STATE/FEDERAL COORDINATION

On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committees.  Dawn Barrios, Chair of this Committee, provided an update to the Court.  She provided information to the Court regarding a motion to lift a stay imposed by a preliminary approval order and the status of the *Ard* case from Alabama state court.

VI.    OMNIBUS CLASS ACTION COMPLAINTS

The following is a list of filed Omni Complaints and Complaints in intervention:

Omni I:    *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.).  Omni IA, IB and IC have been filed;

Omni II:   *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.).  Omni IIA, IIB and IIC have been filed;

Omni III:  *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.),  the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention,  *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* (E.D.La.) (Omni III).  Omni IIIA has been filed;

Omni IV:   *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.) (Omni IV).  Omni IVA, IVB and IVC have been filed;

Omni V:    *Amato v. Liberty Mutual Ins. Co., et al*., Case No. 10-932;

Omni VI:   *Charlene and Tatum Hernandez v. AAA Insurance*, Case No. 10-3070.  This Omni VI Complaint has been dismissed;

Omni VII:  *Kenneth Abel v. Taishan Gypsum Co., Ltd., et al,* No. 11-080 ;

Omni VIII: *Daniel Abreu v. Gerbrueder Knauf, et al,* No. 11-252 ; and

Omni IX:   *Laura Haya, et al, v. Taishan Gypsum Co., Ltd., et al,* No. 11-107.

Omni X:    *Block v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al*, No. 11-1363.

Omni XI:   *Benoit, et al v. Lafarge, S.A., et al*, No. 11-1893.

Omni XII:    *Arndt, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-2349.

Omni XIII:    *Richard and Constance Almeroth, et al, v. Taishan Gypsum Co., Ltd., et al,* No. 12-0498.

Omni XIV:    *Jessica Cassidy, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-3023.

On April 5, 2012, the PSC filed a Rule 6(b) Motion for Extension of Time for Service of Process Under Rule 4(m) [Rec. Doc. 13567].

VII.    <u>PLAINTIFFS' MOTIONS TO ESTABLISH A PLAINTIFFS' LITIGATION FEE AND EXPENSE FUND</u>

On March 22, 2011, the PSC filed a Motion to Establish a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel [Rec. Doc. 8308].    The PSC filed the motion because many of the settling parties have approached the PSC about the prospect of setting aside a portion of the settlement proceeds to preserve a *res* to compensate and reimburse common benefit counsel.  On April 13, 2011, the Court entered an Order directing that any party may voluntarily deposit seventeen percent (17%) of settlement proceeds for comment benefit fees (12%) and costs (5%) into the registry of the Court [Rec. Doc. 8545.]    A number of voluntary deposits have been made to the Clerk of Court pursuant to the motion.

VIII.    <u>PILOT PROGRAM</u>

On October 14, 2010, Knauf and the PSC announced the creation of a 300 home remediation pilot program.  The Settlement Agreement for the pilot program can be found on the Court's website at www.laed.uscourts.gov. The agreed contractor, Moss & Associates, has begun estimating the cost of remediation for a number of homes, and continues to do so as Homeowner

Affirmations are received from pilot program claimants.  Remediation is complete on 234 homes,

work has begun on 134 homes, and 60 more remediations are set to begin soon.

IX.   TERM SHEET AGREEMENT BETWEEN PSC AND THE KNAUF
ENTITIES REGARDING SETTLEMENTS WITH HOMEBUILDERS

On September 1, 2011, a Joint Motion for Approval of Term Sheet Agreement with

the Knauf Entities Regarding Their Settlement With Homebuilders was filed [Rec. Doc. 10227-3].

On November 16, 2011, the Court approved the Term Sheet Agreement [Rec. Doc. 11279].  Counsel

for the Knauf Entities, the PSC, and certain homebuilders are in the process of implementing the

Term Sheet Agreement.

X.   KNAUF DEFENDANTS

On July 16, 2010 [Rec. Doc. 4440], the Court issued a Scheduling Order for

Jurisdictional Discovery.  The following depositions of Knauf representatives have been taken:

1. August 18 and 19, 2010 – 30(b)(6) Deposition of Knauf Gips, Deponent:  Martin
   Stuermer;

2. September 20 and 21, 2010 – 30(b)(6) Deposition of Knauf Gips, Deponent:  Oliver
   Froehlich;

3. October 15, 2010 – 30(b)(6) Deposition of Knauf Gips, Deponent:  Martin Stuermer;

4. October 19 and 20, 2010 - 30(b)(6) deposition of Knauf Gips, Deponent: Hans Hummel;

5. September 27, 2010 – 30(b)(6) deposition of Knauf Insulation GMBH, Deponent:  Jeff
   Brisley;

6. September 28, 2010 – 30(b)(6) deposition of Knauf Insulation GMBH, Deponent:
   Robert Claxton;

7. November 11 and 12, 2010 – Deponent:  Mark Norris;

8. November 17, 2010 – Deponent:  Tony Robson;

9. December 7 and 8, 2010 – Deponent:  Isabel Knauf;

-10-

10. December 15, 2010 – Deponent:  Manfred Grundke;

11. June 8 and 9, 2011 (New York) – Deponent:  Martin Halbach; and

12. June 29, 2011 – Continuation of 30(b)(6) deposition of Knauf Gips, Deponent:  Hans Hummel.

13. July 21 and 22, 2011 (Germany) – Deponent:  Baldwin Knauf;

14. July 25 and 26, 2011 (Germany) – Deponent:  Hans Peter Ingenillem;

15. July 27, 2011 (Germany) - Deponent: Martin Halbach (continuation of his prior deposition);

16. August 11 and 12, 2011 (Hong Kong) – Deponent:  Ann Zhong;

17. August 10, 2011 (Hong Kong) – Deponent:  Zhang Fudong;

18. August 10, 2011(Hong Kong) – Deponent:  Mark Norris (continuation of his prior deposition);

19. September 12, 2011 (London) – Deponent:  Ann Zhong (continuation of her prior deposition); and

20. September 13 and 14, 2011 (London) – Deponent:  David Gregory.

On December 20, 2011, a Joint Motion of Proposed Settlement Class Counsel, the PSC, and the Knauf Defendants for an Order:  (1) Preliminarily Approving the Knauf Settlement; (2) Conditionally Certifying a Settlement Class; (3) Issuing Class Notice; (4) Scheduling a Fairness Hearing; and (5) Staying Claims Against the Knauf Defendants was filed [Rec. Doc. 12061-3].  On January 10, 2012, the Court entered an Order Preliminarily Approving Knauf Settlement, Conditionally Certifying a Knauf Settlement Class, Issuing Class Notice, Scheduling a Settlement Fairness Hearing, and Staying Claims as to the Knauf Defendants [Rec. Doc. 12138].  On March 13, 2012, the joint parties filed a Motion to Substitute Exhibit A (Signed Knauf Settlement Agreement with attached Knauf Powers of Attorney) [Rec. Doc. 12918].  On March 14, 2012, the

Court entered an Order [Rec. Doc. 12936] granting the substitution of Exhibit A (Signed Knauf Settlement Agreement with attached Knauf Powers of Attorney). On May 7, 2012, the Court entered an Order Regarding Opt Out, Objection and Fairness Hearing Dates [Rec. Doc. 14197] temporarily adjourning the opt out, objection and fairness hearing dates.

On March 2, 2012, the Court entered an Order Staying Claims Involving KPT Chinese Drywall [Rec. Doc. 12770].

On December 28, 2011, the Plaintiffs' Steering Committee filed a Motion to Establish a Shared Costs Fund [Rec. Doc. 12086] in compliance with the Knauf Settlement. On December 29, 2011, the Court entered an Order [Rec. Doc. 12102] authorizing Russ M. Herman, Plaintiffs' Liaison Counsel, and Arnold Levin, Plaintiff's Lead Counsel, to establish a Shared Costs Fund with Esquire Bank. The Shared Costs Fund has been established.

On December 16, 2011, Judge Farina, presiding judge in the Circuit Court of the Eleventh Judicial Court in and for Miami-Dade County, Florida, conducted a status conference to address the Knauf Settlement. Further status conferences before Judge Farina were held on January 20, 2012, February 17, 2012, March 16, 2012, and May 4, 2012. Another status conference is scheduled on May 18, 2012.

## XI.    TAISHAN DEFENDANTS

The PSC and others noticed the 30(b)(6) depositions of Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd. (collectively "Taishan" or the "Taishan Defendants"), which were conducted in Hong Kong between April 4, 2011 and April 8, 2011 [Rec. Doc. 7549 and 7550]. Taishan made four document productions and produced four additional pages of documents immediately prior to the commencement of the 30(b)(6) depositions on April 4, 2011. On July 29,

-12-

2011, Taishan produced a fifth set of documents, on August 5, 2011  made a sixth production of documents, and on November 3, 2011 made an additional production of documents in an attempt to further comply with this Court's September 9, 2011 Order & Reasons.  Taishan has also produced confidentiality and privilege logs.

On December 9, 2011, the Court entered an additional Order [Rec. Doc. 11664] regarding its attendance at the depositions in Hong Kong  and the costs of the Court's travel and accommodations in Hong Kong.  On December 21, 2011, the Court entered an Order [Rec. Doc. 12094] outlining the splitting of travel costs to the Hong Kong depositions.  The PSC is in the process of assembling the costs.

On January 5, 2012, the Court entered an Order Regarding Authenticity and Admissibility of Certain Documents Identified by Parties for Use at Depositions in Hong Kong the Week of January 9, 2012 [Rec. Doc. 12126], and an Order Regarding Use of Depositions in MDL and State Court Proceedings [Rec. Doc. 12127].

During the week of January 9, 2012 the parties participated in depositions of Taishan employees in Hong Kong, which were presided over by the Honorable Eldon E. Fallon.      The following 30(b)(6) witnesses depositions were taken:

      a.      Peng Wenlong (Frank Clem)
      b.      Jia Tongchun
      c.      Che Gang (Bill Cher)

Additionally, the following individual witnesses depositions were taken:

      a.      Peng Shi Liang
      b.      Fu Tinghuan

On February 10, 2012, the Court issued a Scheduling Order As to Personal Jurisdiction Over Taishan Defendants [Rec. Doc. 12480].    On April 9, 2012, the Court entered a

-13-

Revised Scheduling Order as to Personal Jurisdiction Over Taishan Defendants [Rec. Doc. 13596] and on May 1, 2012, the Court entered a Second Revised Scheduling Order as to Personal Jurisdiction Over Taishan Defendants [Rec. Doc. 14088].

On April 2, 2012, Defendant Taishan Gypsum Co., Ltd. filed a Renewed Motion to Vacate the Default Judgment and Dismiss the Complaint [Rec. Doc. 13490] relating to *Germano, et al vs. Taishan Gypsum Co., Ltd., et al* (EDLA No. 09-6687).   On April 4, 2012, Defendant Taishan Gypsum Co., Ltd. filed a Renewed Motion Pursuant to Rules 55(C) and 12(B)(2) to Vacate Entry of Default and Dismiss This Action [Rec. Doc. 13566] relating to *The Mitchell Co., Inc. vs. Knauf Gips KG, et al* (EDLA No. 09-4115).   On April 6, 2012, Defendants Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. filed a Motion Pursuant to Rule 12(B)(2) to Dismiss the Complaint relating to *Gross vs. Knauf Gips KG, et al* (EDLA No. 09-6690) [Rec. Doc. 13590] and *Wiltz vs. Beijing New Building Materials Public, Ltd. Co., et al* (EDLA No. 10-361) [Rec. Doc. 13591].   On May 8, 2012, the PSC filed its Response in Opposition to Taishan Gypsum Co. Ltd.'s Renewed Motion to Vacate the Default Judgment and Dismiss the Complaint in the *Germano* matter [Rec. Doc. 14202].   On May 8, 2012, the PSC filed its Expert Declarations of Professor Liu Junhai, Bing Cheng, and Professor James V. Feinerman in Support of the PSC's Response in Opposition to:  (1) Taishan's Renewed Motions to Vacate the Default Judgments and Dismiss the Complaints in *Germano* and *Mitchell* and (2) Taishan's Motions to Dismiss the Complaints in *Gross* and *Wiltz* [Rec. Doc. 14203].   On May 8, 2012, the PSC filed its Response in Opposition to Taishan's Motions Pursuant to Rule 12(B)(2) to Dismiss Complaints in the *Gross* and *Wiltz* matters [Rec. Doc. 14204]. On May 8, 2012, the PSC filed a Notice of Filing of Declarations of Mike Jenkins, Kristen Law Sagafi and Chuck Stefan in Support of the PSC's Response in Opposition to Taishan's Renewed

Motion Pursuant to Rules 55(C) and 12(B)(2) to Dismiss and Amicus Brief on Florida Law Relating to Jurisdictional Issues Raised by Taishan in the *Mitchell* matter [Rec. Doc. 14207].   On May 8, 2012, the PSC filed Additional Jurisdictional Deposition Transcripts of Jia Tonghchun (4/4-5/2011) and Donald H. Wilson, Jr./BNBM of America (12/12/2011) Not Cited by the PSC in its Response in Opposition to:  (1) Taishan's Renewed Motions to Vacate the Default Judgments and Dismiss the Complaints in *Germano* and *Mitchell* and (2) Taishan's Motions to Dismiss the Complaints in *Gross* and *Wiltz* [Rec. Doc. 14208-2].  On May 8, 2012, the PSC filed its Global Memorandum of Law in Opposition to:  (1) Taishan's Renewed Motions to Vacate the Default Judgments and Dismiss the Complaints in *Germano* and *Mitchell* and (2) Taishan's Motions to Dismiss the Complaints in *Gross* and *Wiltz* [Rec. Doc. 14209].   On May 8, 2012, the PSC filed its Global Statement of Facts in Opposition to:  (1) Taishan's Renewed Motions to Vacate the Default Judgments and Dismiss the Complaints in *Germano* and *Mitchell* and (2) Taishan's Motions to Dismiss the Complaints in *Gross* and *Wiltz* [Rec. Doc. 14215-2].   On May 8, 2012, the PSC filed its Response in Opposition to Taishan's Renewed Motion Pursuant to Rules 55(C) and 12(B)(2) to Vacate the Entry of Default and to Dismiss and Amicus Brief on Florida Law Relating to Jurisdictional Issues Raised by Taishan [Rec. Doc. 14216].  The Court issued an Order scheduling the hearing on these motions for June 29, 2012.

The PSC has recently filed three complaints, (1) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 2:11-cv-377, United States District Court, Eastern District of Virginia; (2) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 1:11-cv-22408-MGC, United States District Court, Southern District of Florida; and (3) *Eduardo and Carmen*

*Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 2:11-cv-1395, United States District Court, Eastern District of Louisiana, against Taishan and allegedly related companies that the PSC claims reinforces the purposeful availment of these companies to federal jurisdiction by marketing their products to the United States.  These cases will be served pursuant to the Hague Convention in due course.  The *Amorin* complaints filed in Florida and Virginia were transferred to the MDL on July 19, 2011.

On January 20, 2012, the PSC served a third-party subpoena on CNBM (USA) Corp. to produce certain documents and appear for a Rule 30(b)(6) deposition on February 22, 2012 to obtain additional discovery regarding the issue of personal jurisdiction over the Taishan Defendants. [Rec. Doc. 12496].  On February 28, 2012, after CNBM (USA) Corp. failed to appear for the deposition or produce documents, the PSC filed a Motion to Compel and For Costs/Sanctions against CNBM (USA) Corp. [Rec. Doc. 12641].  The Court entered an Order setting the Motion to Compel for hearing on April 26, 2012, following the status conference [Rec. Doc. 12776].    On March 14, 2012, the Court entered an Order granting Banner and Chartis' Motion to Join [Rec. Doc. 12937].  On March 22, 2012, the Court entered a Minute Entry granting the PSC's Motion to Compel and For Costs/Sanctions against CNBM (USA) Corp. and directing the movants to provide affidavits detailing the expenses and fees incurred in subpoenaing and traveling for the deposition [Rec. Doc. 13299].  On April 5, 2012, the an Affidavit of Leonard A. Davis in Support of the Plaintiffs' Steering Committee's Motion to Compel and For Costs/Sanctions was filed with the Court [Rec. Doc. 13585].  This matter was set for hearing following the monthly status conference on May 17, 2012.

XII.    <u>INTERIOR EXTERIOR DEFENDANT</u>

On April 26, 2011, a Joint Motion for an Order:  (1) Preliminarily Approving INEX Settlement Agreement; (2) Conditionally Certifying INEX Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing [Rec. Doc. 8628] was filed with the Court. On May 13, 2011, the Court issued a Preliminary Approval Order [Rec. Doc. 8818] relating to a Class Action Settlement Agreement, which involved the tendering of all of INEX's primary insurance funds, setting deadlines for notice and a fairness hearing to take place on October 27, 2011, and staying certain actions pending the settlement proceeding.  On August 24, 2011, the Court entered an Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 10185].  On November 18, 2011, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11299].    On December 16, 2011, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11911].  On February 10, 2012, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period to April 11, 2012 [Rec. Doc. 12478].  On April 5, 2012, the Court entered an Order extending the deadline for the Allocation Committee to submit their written recommendation to May 3, 2012 [Rec. Doc.13569].  On May 7, 2012, the Court entered an Order Regarding Opt Out, Objection and Fairness Hearing Dates [Rec. Doc. 14197] temporarily adjourning the opt out, objection and fairness hearing dates and further stating it will reschedule the deadline for the Allocation Committee to reach an agreement on a proposed allocation plan.

INEX has moved, based on this Court's Preliminary Approval Order, to stay litigation pending against it in Alabama and Louisiana state courts.  On June 9, 2011, Judge Still held a hearing on INEX's motions in cases pending in Jefferson County, Alabama, and took the matter

under advisement.  On June 24, 2011, Judge Still granted INEX's motion and stayed all cases pending in Jefferson County in which INEX is a party pending further order of the Court.

On January 23, 2012, the Court entered an Order & Reasons [Rec. Doc. 12246] denying the Motion to Set Evidentiary Hearing to Determine Security [Rec. Doc. 9501] filed by Southern Homes, LLC, Tallow Creek, LLC, and Springhill, LLC.  On January 27, 2012, Southern Homes, LLC, Tallow Creek, LLC, and Springhill, LLC filed a Notice of Appeal [Rec. Doc. 12388].

On February 8, 2012, the PSC filed a motion to lift the Court's stay to proceed against INEX's excess insurer, North River [Rec. Doc. 12459].    On March 19, 2012, the Court entered an Order granting the PSC's motion to lift the stay and authorizing it to proceed against The North River Insurance Company.   On March 19, 2012, the Plaintiffs' Steering Committee propounded a First Set of Requests for Production on Defendant, The North River Insurance.  On April 18, 2012, North River propounded its responses to the PSC's first set of discovery requests. On April 4, 2012, the PSC filed a Motion to Establish Expedited Schedule Re: 30(b)(6) Notice to North River Insurance Company [Rec. Doc. 13545].  On April 5, 2012, the Court entered an Order outlining certain deadlines Re: 30(b)(6) Notice to North River Insurance Company [Rec. Doc. 13570].   A Notice to take the 30(b)(6) Deposition of North River Insurance Company on May 15, 2012 in New Jersey was agreed to by the parties and filed on May 1, 2012 [Rec. Doc. 14073].  On May 10, 2012, the Court entered a Mediation Order [Rec. Doc. 14259] scheduling a mediation in court before the court-appointed mediator, John Perry, on May 31, 2012.  On May 11, 2012, North River filed Objections to the Amended Rule 30(b)(6) Deposition Notice Served by the Plaintiffs' Steering Committee on May 1, 2012 [Rec. Doc. 14309].  The first deposition occurred on May 15, 2012, and the PSC intends to file a motion to schedule a second deposition.  Also, the Court has

scheduled a medication for the claims against North River for May 31, 2012.

XIII.    BANNER DEFENDANTS

The deposition of a 30(b)(6) witness for Banner took place on May  25, 2011.  The deposition was limited to the facts of the Florida state court case in which it was originally noticed.

On June 14, 2011, a Joint Motion for an Order:  (1) Preliminarily Approving Stipulation and Agreement of Settlement; (2) Conditionally Certifying Class; (3) Issuing Class Notice; and (4) Scheduling a Fairness Hearing [Rec. Doc. 9470] was filed with the Court.  The Court issued a Minute Entry on June 14, 2011 setting the Joint Motion [Rec. Doc. 9470-3] for hearing following the monthly status conference on August 24, 2011.  On June 15, 2011, the Court issued an Order Staying Claims as to Banner and Its Insurers [Rec. Doc. 9527].  On August 8, 2011, a Joint Motion to Substitute Amended Exhibit A (Stipulation and Agreement of Settlement) [Rec. Doc. 9470-5]; Exhibit B (Order Preliminarily Approving Stipulation and Agreement of Settlement, Conditionally Certifying Class, Issuing Class Notice and Scheduling Fairness Hearing) [Rec. Doc. 9470-11]; Exhibit C (Notice of Pendency and Proposed Settlement of Banner Class Action) [Rec. Doc. 9470-12]; and Exhibit D (Summary Notice of Banner Class Action Settlement) [Rec. Doc. 9470-13] was filed with the Court [Rec. Doc. 10033].  On August 10, 2011, the Court issued an Order substituting the amended exhibits [Rec. Doc. 10059].  On August 11, 2011, the Court entered an Order preliminarily approving the Banner settlement, and set a fairness hearing on February 3, 2012 [Rec. Doc. 10064].  On November 18, 2011, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11298].    On December 16, 2011, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11910].  The formal Fairness Hearing is

-19-

adjourned until a date to be set forth in a later order of the Court.  On January 12, 2012, the Court entered an Order [Rec. Doc. 12196] amending Paragraph 5 of the Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11910].  On February 10, 2012, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period to April 11, 2012 [Rec. Doc. 12478].  On March 23, 2012, the Court entered an Order setting the deadline for opt outs and objections to the Banner settlement for May 11, 2012 [Rec. Doc. 13239].  The Court also ordered that all participating parties in the Banner Allocation Committee shall meet and confer at the offices of Defendants' Liaison Counsel on February 23, 2012 to follow up on the parties' prior discussions.  On March 12, 2012, the Allocation Committee filed a Proposed Allocation Plan – Banner MDL Settlement [Rec. Doc. 12912].  On May 7, 2012, the Court entered an Order Regarding Opt Out, Objection and Fairness Hearing Dates [Rec. Doc. 14197] temporarily adjourning the opt out, objection and fairness hearing dates.

### XIV.   VENTURE SUPPLY & PORTER BLAINE DEFENDANTS

On July 14, 2011, the Court held a hearing on the PSC's Motion to Lift Stay and for approval of proposed Scheduling Order for Plaintiffs' Motion for Class Certification of Plaintiffs' Claims for Damages against Venture Supply [Rec. Doc. 9549].  On July 19, 2011, the Court granted the Motion only insofar as it pertains to the cases filed in other district courts which were consolidated with the MDL litigation, namely, *Germano v. Taishan Gypsum Co., Ltd.,* Case No. 09-6687 and *Hinkley v. Taishan Gypsum Co., Ltd.*, Case No. 09-6686 and the Court recognized that the ruling may require amendment of the present Motion for Class Certification against Venture. [Rec. Doc. 9863].  Additionally, on July 14, 2011, the Court held a hearing on defendant Venture Supply

Inc.'s Motion to Lift Stay on its Motion to Dismiss for Lack of Personal Jurisdiction [Rec. Doc. 9653] and on July 19, 2011, issued an Order granting the Motion so as to allow Venture to pursue its personal jurisdiction challenges in the cases directly filed in the MDL court, namely, *Wiltz v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361; *Gross v. Knauf Gips, KG*, Case No. 09-6690; and *Abel v. Taishan Gypsum Co., Ltd.,* Case No. 11-80.  The parties have agreed to continue the hearing on  these motions until after the Court addresses the jurisdictional motions filed by Taishan.  With respect to both motions, the Court indicated its intent that discovery, briefing and hearings proceed concurrently and as soon as practicable and therefore, ordered the parties to meet and confer.  The parties have met and conferred and continue to discuss a proposed Scheduling Order.

XV.   <u>L&W DEFENDANT</u>

On March 27, 2012, a Joint Motion for Leave of Court to Exceed Page Limit and to File Exhibits Under Seal relating to Joint Motion for an Order:  (1) Preliminarily Approving the L&W Class Settlement; (2) Conditionally Certifying an L&W Class Settlement; (3) Issuing Class Notice; and (4) Scheduling a Joint Fairness Hearing; and Staying Claims Against L&W, USG and the Knauf Defendants [Rec. Doc. 13307] was filed with the Court.  On March 28, 2012, the Court issued an Order granting leave [Rec. Doc. 13374].  The Joint Motion for an Order (1) Preliminarily Approving the L&W Class Settlement; (2) Conditionally Certifying an L&W Class Settlement; (3) Issuing Class Notice; and (4) Scheduling a Joint Fairness Hearing; and Staying Claims Against L&W, USG and the Knauf Defendants [Rec. Doc. 13375] was filed with the Court.  On April 25, 2012, a Joint Motion for Leave to File Substituted Exhibit A, a completely signed Settlement Agreement, was filed [Rec. Doc. 13913].  The Joint Motion was heard by the Court on April 26,

-21-

2012 and the Court entered a Minute Entry dated April 26, 2012 granting the motion [Rec. Doc. 14033].

XVI. <u>PLAINTIFF AND DEFENDANT PROFILE FORMS</u>

On November 3, 2011, the Court entered Pre-Trial Order No. 25 [Rec. Doc. 11151] setting a deadline of November 15, 2011 for the completion and submission of profile forms.  On February 6, 2012, the PSC filed a Motion to Compel or Alternatively For Sanctions in Accordance With PreTrial Order No. 25 for Certain Defendants to Produce Completed Profile Forms [Rec. Doc. 12435].  On February 22, 2012, the PSC filed a First Notice of Errata to the Motion to Compel or Alternatively For Sanctions in Accordance with PreTrial Order No. 25 for Certain Defendants to Produce Completed Profile Forms [Rec. Doc. 12548].

XVII. <u>FREQUENTLY ASKED QUESTIONS</u>

The "MDL FAQs" may be found at www.laed.uscourts.gov/Drywall/FAQ.htm. Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel.

XVIII. <u>MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE</u>

1.  Rule to Show Cause [Rec. Doc. 14089] why CNBM should not be imposed expenses and costs incurred by the PSC and Banner entities in preparing for and attending the noticed deposition in the amounts indicated in the filed affidavits [Rec. Docs. 13585, 13935]; and

2.  Rule to Show Cause on Homebuilders' Fees and Costs [Rec. Doc. 12546].

XIX. *<u>PRO SE</u>* <u>CLAIMANTS</u>

On November 8, 2011, the Court issued an Order [Rec. Doc. 11327] appointing Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, 400 Poydras Street, Suite 2450, New

Orleans, Louisiana  70130, as a *pro se* curator to assist the growing number of *pro se* claimants in the MDL litigation who are seeking information and/or representation.  Robert Johnston, the pro se curator filed and provided an oral report to the Court.

### XX.   LIAISON COUNSEL MEETING WITH MEDIATOR

On December 2, 2011, the Court entered an Order [Rec. Doc. 11503] requiring Liaison Counsel to meet with mediator, John Perry, to discuss possible global resolution of the MDL litigation.  On December 15, 2011, the Court issued an Order [Rec. Doc. 11881] requiring each installer, builder, or supplier, except for Interior Exterior (and its Downstream Releasees as defined in the Interior Exterior Settlements), Banner and L&W, provide the mediator, John Perry, with a confidential mediation affidavit by January 12, 2012.  On March 8, 2012, the Court entered an Order [Rec. Docs. 12900 and 12935 requiring each party listed on the Mediator's report, along with the insurers listed for that party in the report, to appear with their counsel and a person with full authority to discuss this litigation and the claims against that party, in open court on March 22, 2012, at assigned times.

### XXI.   PHYSICAL EVIDENCE PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order 1(B) relating to the preservation of physical evidence from properties that may be repaired during the course of these MDL proceedings.  The PSC, HSC and Knauf have agreed on a revised evidence preservation order, proposed Pre-Trial Order No. 1(I), that reduces the amount of physical evidence required to be preserved from a repaired home.  The proposed order was submitted to the Court on January 24, 2012.  Pre-Trial Order 1I was entered by the Court on January 24, 2012 [Rec. Doc. 12257].

XXII.  <u>ENTRY OF PRELIMINARY DEFAULT</u>

Pursuant to Minute Entry dated February 23, 2012 [Rec Doc. 12687], the Plaintiffs' Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 11234] and errata thereto [Rec. Doc. 11773, 12265, 12551] was granted.  On February 24, 2012, the Court signed an Entry of Preliminary Default [Rec. Doc. 12599] of defendants listed on Exhibit A attached to the Entry of Preliminary Default.

XXIII.  <u>ALREADY REMEDIATED HOMES</u>

The Already Remediated Homes Committee has met on several occasions to review submissions posted by counsel.

XXIV. <u>NEXT STATUS CONFERENCE</u>

The Court has scheduled the next monthly status conference on June 14, 2012 at 10:00 am CT.  Subsequent monthly status conferences are scheduled for July 26th and August 30th.  The conference call numbers for auditing these conferences can be found on the Court's MDL website at http://www.laed.uscourts.gov/Drywall/Calendar.htm.