UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047<br>SECTION: L<br>JUDGE FALLON<br>MAGISTRATE WILKINSON |
| THIS DOCUMENT RELATES TO: | CASE NO.: 12-0498 |
| RICHARD and CONSTANCE ALMEROTH, ET AL., individually, and on behalf of all others similarly situated v. BOULANGER DRYWALL CORP., et al. | |
| _____/ | |

## DEFENDANT, BOULANGER DRYWALL CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, BOULANGER DRYWALL CORP., by and through its undersigned counsel moves this Honorable Court for an Order dismissing Plaintiffs' Omnibus Class Action Complaint (XIII) and action against BOULANGER DRYWALL CORP. for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12(b)(2) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), or alternatively, to transfer venue to the Southern District of Florida pursuant to 288 U.S.C. § 1406(a), and 288 U.S.C. § 1401.

Plaintiffs have filed their Complaint in the Eastern District of Louisiana, where, by June 15, 2009 Transfer Order of the Judicial panel of Multidistrict Litigation, other actions involving Chinese-manufactured drywall had previously been transferred only for pretrial proceedings pursuant to 28 U.S.C. § 1407.

## ARGUMENT

Contrary to Plaintiff's allegations, this court does not have personal jurisdiction over BOULANGER DRYWALL CORP. When personal jurisdiction is challenged by the defendant, it is the plaintiff's burden to establish it. *See Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980). In the present matter, the plaintiff has failed to meet its burden to demonstrate that this Court has personal jurisdiction over BOULANGER DRYWALL CORP. There are two well established jurisdictional analyses that may apply depending on the relationship between the defendant's contacts with the forum and the cause of action. When the cause of action arises out of the defendant's forum contacts, the court conducts a "specific" jurisdiction analysis. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). When the cause of action does not arise out of the defendant's forum contacts, the court must determine whether the defendant's forum contacts support the exercise of "general" jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984). "General jurisdiction" requires a higher level of contact with the forum to support jurisdiction over the defendant. In this case, this Court lacks personal jurisdiction under either analysis because BOULANGER DRYWALL CORP. has absolutely no contacts with the forum State of Louisiana.

I.   **This Court May Not Assert Specific Jurisdiction.**

In order to exercise specific jurisdiction over a nonresident defendant, two requirements must be met. "First, the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute. Second, the exercise of jurisdiction under this statute must comport with norms imposed by the due process clause of the fourteenth amendment." *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990); *see Ruston Gas Turbines, Inc. v.*

The Fourteenth Amendment's Due Process Clause was enacted to protect a defendant's interest by not being subject to the binding judgments of a forum in which he has no meaningful contacts. *Nuovo Pignone, Spa v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002). A court may constitutionally assert personal jurisdiction over a nonresident defendant only when that defendant has such "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *accord Dalton*, 897 F.2d at 1361.

The Fifth Circuit has developed a three part test in order to determine whether jurisdiction is appropriate under the Due Process clause. *See Nuovo Pignone*, 310 F.3d at 378. First, the Court analyzes whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there. *Id.* Second, the appropriate inquiry is whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts. *Id.* Lastly, the Court must consider whether the exercise of personal jurisdiction is fair and reasonable. *Id.* Under this three-prong approach, this Court lacks personal jurisdiction over BOULANGER DRYWALL CORP.

> A. **BOULANGER DRYWALL CORP. Has Not Purposely Directed Business in Louisiana Nor Conducted Any Activities in Louisiana.**

To support an assertion of personal jurisdiction over BOULANGER DRYWALL CORP. plaintiff must "identify some act whereby [BOULANGER DRYWALL CORP.] 'purposefully avail[ed] itself of the privilege of conducting activities [in Louisiana], thus invoking the benefits and protections of its laws.'" *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469-70 (5th Cir.

2006); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The question for the Courts' Analysis is whether the defendant's forum contacts are such that *Luv n' Care, Ltd. v. Insta-Mix, Inc.* would "reasonably anticipate [] being haled into court" in Louisiana. *Luv n' Care*, 438 F.3d at 470; *World Wide Volkswagon*, 444 U.S. at 297.

However, BOULANGER DRYWALL CORP. has no contacts with Louisiana, never considered it would be haled into court in Louisiana.

BOULANGER DRYWALL CORP. has never installed drywall, contracted or subcontracted with businesses in Louisiana, conducted any business, sought to conduct any business, advertised, or in any way targeted its activities toward Louisiana. BOULANGER DRYWALL CORP. has never been licensed or registered to do business in Louisiana, nor has BOULANGER DRYWALL CORP. ever had any offices, headquarters or any other facilities, or employees in Louisiana. BOULANGER DRYWALL CORP. does not have an agent for service of process in Louisiana. BOULANGER DRYWALLC ORP. does not have any bank accounts in Louisiana or own any property in Louisiana. BOULANGER DRYWALLC ORP. has never maintained a telephone line or kept a post office box or otherwise received mail in Louisiana.

Plaintiffs have failed to meet their burden of proof of demonstrating the kind of minimum contacts which support personal jurisdiction against BOULANGER DRYWALLC ORP. Thus, this motion to dismiss should be granted in favor of BOULANGER DRYWALLC ORP.

B. **Plaintiffs' Claims Do Not Arise Out of Any Contact Within the State of Louisiana.**

The second prong of the inquiry under *Nuovo Pignone, SpA* is whether the plaintiff's cause of action arises from the defendant's contacts with the forum. *Nuovo Pignone, SpA*, at 378. As previously stated BOULANGER DRYWALLC ORP. has no contacts with the State of

Louisiana. Therefore, plaintiff's claims cannot arise from nonexistent contacts with the Forum State.

    **C.**    **Louisiana is Contrary to Traditional Notions of Fair Play and Substantial Justice.**

The last prong of the jurisdictional inquiry under *Nuovo Pignone, Spa* is whether the court's exercise of jurisdiction would "offend traditional notions of fair play and substantial justice." *Nuovo Pignone, Spa*, 310 F.3d at 378. Here, plaintiff's assertion of personal jurisdiction over BOULANGER DRYWALL CORP. would violate all notions of fair play and substantial justice. Wherefore, this Motion to Dismiss should be granted in favor of BOULANGER DRYWALL CORP..

**II.**    **Courts May Not Assert General Jurisdiction.**

Since there is a complete lack of contact between BOULANGER DRYWALL CORP. and the State of Louisiana, this Court also lacks general jurisdiction over BOULANGER DRYWALL CORP. Where the plaintiff's cause of action does not arise from the defendant's contacts with the forum, due process permits the exercise of jurisdiction only when the defendant has "continuous and systematic contacts" with the forum. *Helicopteros Nacionales*, 466 U.S. at 414. "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contactsbetween a defendant and forum." *Olagues v. Lousharina*, 557 F. Supp. 2d 731, 738 (E.D. La. May 27, 2008). Here, the fact remains that BOULANGER DRYWALL CORP. had zero contacts by the State of Louisiana.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, BOULANGER DRYWALL CORP., respectfully states that the undisputed facts establish that it did business wholly in the State of Florida and has no contacts with the State of Louisiana. BOULANGER DRYWALL CORP. therefore respectfully states that there is no genuine issue of material fact as to the lack of personal jurisdiction, and that it is entitled to be dismissed from this action. For the foregoing reasons, BOULANGER DRYWALL CORP. respectfully requests that this Honorable Court grant this Motion to Dismiss.

Respectfully submitted,

FULMER LeROY ALBEE BAUMANN, P.L.C.
Attorneys for Defendant,
BOULANGER DRYWALL CORP.
2866 East Oakland Park Boulevard
Fort Lauderdale, FL  33306
(954) 707-4430  phone
(954) 707-4431  fax


BY: /s/ Gary F. Baumann
      GARY F. BAUMANN
      Fla. Bar. No.: 089052

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 22, 2012, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller by e-mail and e-mail upon all parties by electronically uploading same to Lexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

BY: /s/ *Gary F. Baumann*
GARY F. BAUMANN