## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL ABREU, individually and on behalf of all others similarly situated, ADDITIONAL PLAINTIFFS LISTED ON SCHEDULE OF PLAINTIFFS]<br><br>Plaintiffs,<br><br>v.<br><br>GERBRUEDER KNAUF VERWALTUNGSGESELLSCHAT, KG, et al, and [ADDITIONAL DEFENDANTS LISTED ON SCHEDULE OF DEFENDANTS, including, MERCEDES HOMES, LLC]<br><br>Defendants | CASE NO.   11-252<br>SECT. L MAG 2<br>Chinese Drywall MDL Case No.  2047<br><br><br>JURY TRIAL DEMAND<br>OMNIBUS COMPLAINT (VIII) |

_____/.

## DEFENDANT, MERCEDES HOMES, LLC'S
## MOTION TO QUASH SERVICE OF PROCESS

Mercedes Homes, LLC, successor-by-merger to Mercedes Homes, Inc. ("Mercedes Homes")[1] and Subclass # 73 Defendant in the aforestyled Omnibus Complaint (VIII) (the "Complaint") filed by homeowners, Joslyn and Janet Edwards (the "Edwards") and Randy and Amy Lapriola (the "Lapriolas") (collectively, the Plaintiffs), and pursuant to Fed. R. Civ. P. 12(b)(5), hereby moves to quash the service of process, and in furtherance thereof, states as process:

---

[1] The Plan of Merger was authorized and approved on behalf of Mercedes Homes, Inc. by Order Confirming Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, entered September 30, 2009, as supplemented by Stipulated Order Granting the Emergency Motion, Authorizing and Approving the Sequence of Transactions Necessary to Effectuate Debtors' First Amended Joint Plan of Reorganization, entered October 15, 2009 (collectively, the "Order"), under Section 1129 of the United States Bankruptcy Code in a proceeding styled In re Mercedes Homes, Inc., et al., Debtors, Case No. 09-11191 (the "Case").  The Plan of Merger was approved by Mercedes Homes, LLC in accordance with applicable provisions of the Florida Limited Liability Company Act, as amended, Florida Statutes, Chapter 608.

ORLDOCS 12504930 1

1

A.      **Brief Summary of Motion.**

1.      On January 26, 2009, Mercedes Homes filed for bankruptcy protection in the US Bankruptcy Court in the Southern District of Florida, West Palm Beach Division, Case No.. 09-11191-PGH.   The Bankruptcy Court approved an order of discharge, which the Plaintiffs' Complaint violates.   Nevertheless, the Summons must be quashed since the Plaintiffs' process server gave the Summons and Complaint to a temporary, part-time receptionist who was not authorized to accept service on behalf of Mercedes Homes.

B.      **Factual Basis Supporting Motion to Quash Summons and Service of Process.**

1.      Mercedes Homes is a Florida limited liability company with no offices, agents, accounts, or other activities/assets or authorized persons who act on its behalf in Louisiana. Mercedes Homes does not conduct business in Louisiana.   See, the Affidavit of Marcus A. Watson, Sr. dated May 23, 2012 (the "Watson Affidavit"), filed contemporaneously hereto and attached as *Exhibit "A"* and incorporated herein by reference.

2.      The Plaintiffs are residents of Florida.   The causes of action allegedly giving rise to their Complaint occurred in Florida.   Mercedes Homes constructed and sold the Plaintiffs their homes which are at issue in the Chinese Drywall litigation. (Watson Affidavit, ¶ 2).

3.      On or about May 20, 2011, Joseph E. Carrano of APS International, Ltd., purportedly effectuated service of process on Mercedes Homes by serving a Ms. Rita Gettings at Mercedes Homes' principal place of business located at 6905 North Wickham Road, Suite 501, Melbourne, Florida 32940.   A true and correct copy of the Affidavit of Service dated May 20, 2011 obtained from Pacer is attached hereto as *Exhibit "B"* and incorporated herein by reference.

4.     However, Ms. Gettings was a temporary, part-time receptionist who was never authorized to accept service of process on behalf of Mercedes Homes.  (Watson Affidavit, ¶¶ 6-7).  Moreover, Ms. Gettings was not responsible for sorting or delivering mail within the company.  (Watson Affidavit, ¶ 7).  Ms. Gettings never gave the Summons and the Complaint to any authorized officer of Mercedes Homes and there is nothing in the Affidavit of Service that reflects otherwise.  (Watson Affidavit, ¶¶ 8-9).

5.     To date, no officer, director, owner, or manager at Mercedes Homes has ever seen the original Summons that was purportedly served on it.  (Watson Affidavit, ¶ 9).

6.     In late February 2012, Mercedes Homes learned through word-of-mouth in the industry that it had been named as a Defendant in the Complaint.  (Watson Affidavit, ¶ 10).  On or about March 13, 2012, Mercedes Homes had undersigned counsel send written correspondence to the Plaintiffs' Steering Committee ("PSC") and the Plaintiffs' individual attorneys to advise them of the bankruptcy and to cease all efforts to serve Mercedes Homes.  A true and correct copy of this correspondence dated March 13, 2012 is attached hereto as **_Exhibit "C"_** and incorporated herein by reference.

7.     On or about April 10, 2012, eleven months since the purported date of service, the Affidavit of Service was filed.  See, MDL Docket Entry ("DE") No. 13694.

8.     On May 7, 2012, despite receiving absolutely no response to their correspondence from any of the Plaintiffs' many attorneys, undersigned counsel reviewed the docket and noticed, for the first time, that an Affidavit of Service had been filed.

9.     That same day, Mercedes Homes' attorneys entered a Notice of Appearance, reserving all jurisdictional defenses, and filed a Notice of Bankruptcy.  (DE Nos. 14199 and 14205, respectively).

10.     On May 11, 2012, Mercedes Homes filed a Motion to Dismiss for lack of subject matter jurisdiction in light of the Bankruptcy Court's exclusive jurisdiction over all claims against Mercedes Homes.   (MDL DE No. 14307).

11.     The Affidavit of Service is completely void of any language that the process server attempted to serve the officers, managers, directors, or registered agent prior to serving the office temp.

12.     Not only does this Court lack subject matter jurisdiction, but it lacks personal jurisdiction given that the Summons was never served on any Mercedes Homes' authorized agent.

WHEREFORE, Defendant, Mercedes Homes, LLC, hereby requests that this honorable Court GRANT this Motion to Quash Service of Process, and for such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of May, 2012.

<div style="margin-left:50%">

___/s/ Amanda Simmons, Esq.___
**JOHN H. DANNECKER, ESQ.**
Florida Bar No.:  745030
**AMANDA G. SIMMONS, ESQ.**
Florida Bar No.  0728020
Shutts & Bowen, LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone:   407-423-3200
Facsimile:   407-237-2202
Email:  jdannecker@shutts.com
Email:  asimmons@shutts.com
*Counsel for Mercedes Homes, LLC*

</div>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of May, 2012, this document has been served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and e-mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/Amanda Simmons, Esq.
**JOHN H. DANNECKER, ESQ.**
**AMANDA SIMMONS, ESQ.**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

DANIEL ABREU, individually and on behalf
of all others similarly situated, ADDITIONAL
PLAINTIFFS LISTED ON SCHEDULE OF
PLAINTIFFS]

                  Plaintiffs,

v.

GERBRUEDER KNAUF
VERWALTUNGSGESELLSCHAT, KG, et al,
and [ADDITIONAL DEFENDANTS LISTED
ON SCHEDULE OF DEFENDANTS,
including, MERCEDES HOMES, LLC]

                  Defendants

_____/.

CASE NO.  11-252
SECT. L MAG 2
Chinese Drywall MDL Case No.  2047

JURY TRIAL DEMAND
OMNIBUS COMPLAINT (VIII)

## DEFENDANT, MERCEDES HOMES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH SERVICE OF PROCESS

Mercedes Homes, LLC, successor-by-merger to Mercedes Homes, Inc. ("Mercedes Homes")[2] and Subclass # 73 Defendant in the aforestyled Omnibus Complaint (VIII) (the "Complaint") filed by homeowners, Joslyn and Janet Edwards (the "Edwards") and Randy and Amy Lapriola (the "Lapriolas") (collectively, the Plaintiffs), and pursuant to Fed. R. Civ. P. 12(b)(5), hereby submits this Memorandum of Law in Support of Its Motion to Quash Service of Process, and in furtherance thereof, states as process:

---

[2] The Plan of Merger was authorized and approved on behalf of Mercedes Homes, Inc. by Order Confirming Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, entered September 30, 2009, as supplemented by Stipulated Order Granting the Emergency Motion, Authorizing and Approving the Sequence of Transactions Necessary to Effectuate Debtors' First Amended Joint Plan of Reorganization, entered October 15, 2009 (collectively, the "Order"), under Section 1129 of the United States Bankruptcy Code in a proceeding styled In re Mercedes Homes, Inc., et al., Debtors, Case No. 09-11191 (the "Case").  The Plan of Merger was approved by Mercedes Homes, LLC in accordance with applicable provisions of the Florida Limited Liability Company Act, as amended, Florida Statutes, Chapter 608.

ORLDOCS 12504930 1

1.      The proper mechanism to test the sufficiency of service of process is by way of a Motion to Quash pursuant to Fed. R. Civ. P. 12(b)(5). <u>See</u>, <u>Thomas v. New Leaders for New Schools</u>, 278 F. R. D. 347 (E.D. La. 2011) and <u>Hodge v. Layrisson</u>, 1998 WL 564263 (E.D. La. 1998). Once the defendant has challenged the validity of process, the plaintiff has the burden of proving that process was sufficient. <u>See</u>, <u>Currie v. Wal-Mart Louisiana, LLC</u>, 2009 WL 1505606 (W.D. La. 2009) and <u>Maale v. Francis</u>, 258 F.R.D. 533, 541 (S.D. Fla. 2009).

2.      Rule 4(h)(1) of the Federal Rules of Civil Procedure provides the basis for serving a corporation:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in the judicial district of the United States:
>
> > (A)    in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > (B)    by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and –if the agent is one authorized by statute and the statute so requires---by also mailing a copy of each to the defendant.

3.      Rule 4(e)(1) instructs that service may be made in accordance with the state law in the jurisdiction where the district court is located or where service is made.

### A.      Service Was Not Made In Accordance With Florida Law.

4.      To effectuate service on a Florida corporation in Florida, service efforts must be made, in descending order, on the hierarchy of individuals identified in Fla. Stat. § 48.081(1). If service cannot be effectuated in that way, the process server should attempt service on the registered agent. Fla. Stat. § 48.081(2). Only if service on the registered agent fails because of

the company's failure to comply with Fla. Stat. § 48.091 is the process server permitted to serve any employee at the corporation's principal place of business or on any employee of the registered agent.

5.     There is absolutely nothing in the Affidavit of Service that supports going directly to the temp to effectuate service of process.  See, Maale at 541-542; and, Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229 (M.D. Fla. 1993), citing, Dade Erection Serv. Inc. v. Sims Crane Serv., Inc., 379 So.2d 423, 425 (Fla. 2d DCA 1980) (motion to quash granted because return of service failed to identify how service upon an inferior officer was warranted).

6.     As such, service of process on Mercedes Homes was ineffective and it should be quashed.

**B.     Service Was Not Made In Accordance With Louisiana Law.**

7.     Under Louisiana law, service upon a foreign corporation that is not required to maintain an agent in Louisiana may be made upon any employee or agent *if*:  (A) it is carrying on business within Louisiana, (B) through its own employees or agents and (C) the cause of action results from or are related to acts performed in the state. See, Stanga v. McCormick Shipping Corp., 268 F.2d 544, 549-550 (5th Cir. 1959).

8.     Mercedes Homes is not required to maintain an agent in Louisiana since it does not conduct business in Louisiana.  Moreover, and most critically, the cause of action does not arise out of conduct or acts that allegedly occurred in Louisiana, thus any service on an employee is improper.

9.     When service of process was insufficient, the district court lacks jurisdiction and the matter must be dismissed. See, Woodbury at 236; See also, Hayward v. Douglas, 2010 WL 128320 (M.D. La. 2010).

ORLDOCS 12504930 1

8

WHEREFORE, Defendant, Mercedes Homes, LLC, requests that this court GRANT its Motion to Quash Service of Process, and for such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of May, 2012.

<div style="text-align: right;">

*/s/ Amanda Simmons, Esq.*
**JOHN H. DANNECKER, ESQ.**
Florida Bar No.: 745030
**AMANDA G. SIMMONS, ESQ.**
Florida Bar No. 0728020
Shutts & Bowen, LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone: 407-423-3200
Facsimile: 407-237-2202
Email: jdannecker@shutts.com
Email: asimmons@shutts.com
*Counsel for Mercedes Homes, LLC*

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of May, 2012, this document has been served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and e-mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

<div style="text-align: right;">

*/s/Amanda Simmons, Esq.*
**JOHN H. DANNECKER, ESQ.**
**AMANDA SIMMONS, ESQ.**

</div>