UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL ABREU, individually and on behalf of all others similarly situated, ADDITIONAL PLAINTIFFS LISTED ON SCHEDULE OF PLAINTIFFS] <br><br>                Plaintiffs,<br><br>v.<br><br>GERBRUEDER KNAUF VERWALTUNGSGESELLSCHAT, KG, et al, and [ADDITIONAL DEFENDANTS LISTED ON SCHEDULE OF DEFENDANTS, including, MERCEDES HOMES, LLC]<br><br>                Defendants<br>_____/. | CASE NO.  11-252<br>SECT. L MAG 2<br>Chinese Drywall MDL Case No.  2047<br><br><br><br>JURY TRIAL DEMAND<br>OMNIBUS COMPLAINT (VIII) |

## MERCEDES HOMES, LLC'S OBJECTION TO DOCKET ENTRY # 14404, MOTION FOR AN ORDER PRELMININARILY APPROVING THE SETTLEMENT AGREEMENT IN MDL NO. 2047

Mercedes Homes, LLC, successor-by-merger to Mercedes Homes, Inc. ("Mercedes Homes")[1] and Subclass # 73 Defendant in the aforestyled Omnibus Complaint (VIII) (the "Complaint") filed by homeowners, Joslyn and Janet Edwards (the "Edwards") and Randy and Amy Lapriola (the "Lapriolas") (collectively, the Plaintiffs), hereby **OBJECTS** to the Motion for An Order: (1) Preliminarily Approving the Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers; (2)

---

[1] The Plan of Merger was authorized and approved on behalf of Mercedes Homes, Inc. by Order Confirming Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, entered September 30, 2009, as supplemented by Stipulated Order Granting the Emergency Motion, Authorizing and Approving the Sequence of Transactions Necessary to Effectuate Debtors' First Amended Joint Plan of Reorganization, entered October 15, 2009 (collectively, the "Order"), under Section 1129 of the United States Bankruptcy Code in a proceeding styled In re Mercedes Homes, Inc., et al., Debtors, Case No. 09-11191 (the "Case").  The Plan of Merger was approved by Mercedes Homes, LLC in accordance with applicable provisions of the Florida Limited Liability Company Act, as amended, Florida Statutes, Chapter 608.

1

Conditionally Certifying a Settlement Class; (3) Approving the Form Notice to Class Members; (4) Scheduling a Joint Fairness Hearing; and (5) Staying Claims Against Builders, Installers, Suppliers and Participating Insurers filed by Proposed Class Counsel and the Plaintiffs' Steering Committee (the "Motion"), and in furtherance thereof, states as follows:

1.   In the Motion, Mercedes Homes is wrongfully identified in Exhibit A-1 as a "Participating Defendant." Mercedes Homes cannot be a Participating Defendant because the MDL court does not have personal or subject matter jurisdiction over Mercedes Homes. Moreover, any ongoing efforts to pursue Mercedes Homes in the MDL are a violation of the Bankruptcy Court's injunction on claims brought against Mercedes Homes. Unfortunately, the Plaintiffs and their attorneys continue to ignore Mercedes' Homes repeated advisements that they should cease all efforts to pursue Mercedes Homes in the MDL.

2.   In January 2009, Mercedes Homes filed for bankruptcy in the US Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, In re Mercedes Homes, Inc., *et al.*, Case No. 09-11191-PGH. The Plaintiffs were notified of the bankruptcy and given the opportunity to submit proofs of claim, which they failed to do. Since that time, Mercedes Homes has continued to go through the bankruptcy process, liquidate its assets and wind down its affairs.

3.   In late February 2012, Mercedes Homes learned through its bankruptcy counsel that it had been named as a defendant in the MDL Chinese Drywall action.

4.   Thus, on March 13, 2012, Mercedes Homes' undersigned counsel sent written correspondence to the Plaintiffs' Steering Committee ("PSC") and the Plaintiffs' individual attorneys, advising them of the bankruptcy and to cease all efforts trying to serve Mercedes

Homes (since, at the time, Mercedes Homes had absolutely no knowledge that it had purportedly been served).

5. This correspondence was ignored.

6. On April 23, 2012, Mercedes Homes sent a second letter to the PSC, referencing the prior letter and requesting that a formal Notice of Dismissal be filed given the bankruptcy.

7. This correspondence was also ignored.

8. On May 7, 2012, undersigned counsel was reviewing the docket and noticed, for the first time, that an Affidavit of Service had been filed on April 10, 2012, eleven months from the date service of process was purportedly made! (MDL Docket Entry No. 13694).

9. Mercedes Homes' attorneys immediately entered a Notice of Appearance, reserving all jurisdictional defenses, and filed a Notice of Bankruptcy. (MDL DE Nos. 14199 and 14205, respectively).

10. On May 11, 2012, Mercedes Homes filed a Motion to Dismiss for lack of subject matter jurisdiction in light of the Bankruptcy Court's exclusive jurisdiction over all claims against Mercedes Homes. (MDL DE No. 14307). The terms of that Motion to Dismiss are incorporated herein by reference. By filing the Omnibus Complaint and by continuing to pursue Mercedes Homes in the MDL, the Plaintiffs and their attorneys have attempted to circumvent the bankruptcy process. They have violated the automatic stay and the Confirmation Order, as that term is defined in the Motion to Dismiss, and are subjecting themselves to the contempt of Bankruptcy Court.

11. Mercedes Homes' attorneys have repeatedly advised the Plaintiffs' attorneys of the bankruptcy, but the lawsuit still has not been dismissed despite assurances that it would be.

The correspondence with the Plaintiffs' attorneys is attached hereto as *Composite Exhibit "A"* and incorporated herein by reference.

12. Additionally, and contemporaneously to the filing of this Objection, Mercedes Homes has filed a Motion to Quash Service of Process in light of the fact that the Affidavit of Service reflects that service on Mercedes Homes was made on a front desk person named Rita Gettings. (MDL DE No. 14423) As the Motion to Quash describes in more detail, Ms. Gettings was a temporary receptionist with no authority to accept service of process. Service of process on Mercedes Homes was ineffective as a matter of law. The terms of that Motion to Quash are incorporated herein reference.

13. Given the foregoing, Mercedes Homes cannot be bound by any global settlement agreement without the approval of the Bankruptcy Court and respectfully submits that it cannot, under any circumstances, be considered a "Participating Defendant." Moreover, unless the claims against Mercedes Homes are promptly dismissed, Mercedes Homes will have no choice but to pursue the Plaintiffs and their attorneys for sanctions given the ongoing violation of the Bankruptcy Court's Orders.

RESPECTFULLY SUBMITTED this 23rd day of May, 2012.

                                                  /s/ Amanda Simmons, Esq.
**JOHN H. DANNECKER, ESQ.**
Florida Bar No.: 745030
**AMANDA G. SIMMONS, ESQ.**
Florida Bar No. 0728020
Shutts & Bowen, LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone:  407-423-3200
Facsimile:   407-237-2202
Email:  jdannecker@shutts.com
Email:  asimmons@shutts.com
*Counsel for Mercedes Homes, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of May, 2012, this document has been served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/*Amanda Simmons, Esq.*
JOHN H. DANNECKER, ESQ.
AMANDA SIMMONS, ESQ.