# EXHIBIT 2

1

1    UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF LOUISIANA

3

4    *************************************************************

   IN RE CHINESE-MANUFACTURED
5    DRYWALL PRODUCTS LIABILITY
   LITIGATION
6
                              CIVIL DOCKET NO. 09-MD-2047-EEF-JCW
7                              NEW ORLEANS, LOUISIANA
                              THURSDAY, APRIL 19, 2012, 10:00 A.M.
09:44AM  8
   THIS DOCUMENT RELATES TO
9    ALL CASES

10   *************************************************************

11

12          TRANSCRIPT OF ORAL ARGUMENT PROCEEDINGS
        HEARD BEFORE THE HONORABLE ELDON E. FALLON
13               UNITED STATES DISTRICT JUDGE

14

15   APPEARANCES:

16

17   FOR THE PLAINTIFFS'
   STEERING COMMITTEE:          HERMAN HERMAN KATZ & COTLAR
18                              BY:  RUSS M. HERMAN, ESQUIRE
                                     LEONARD A. DAVIS, ESQUIRE
19                              820 O'KEEFE AVENUE
                              NEW ORLEANS LA  70113
20

21

22                              LEVIN FISHBEIN SEDRAN & BERMAN
                              BY:  ARNOLD LEVIN, ESQUIRE
23                              510 WALNUT STREET, SUITE 500
                              PHILADELPHIA PA  19106
24

25

2

```
 1    APPEARANCES CONTINUED:

 2

 3    FOR THE KNAUF ENTITIES:      KAYE SCHOLER
                                   BY:  STEVEN GLICKSTEIN, ESQUIRE
 4                                      ROBERT GRASS, ESQUIRE
                                   425 PARK AVENUE
 5                                 NEW YORK, NY  10022

 6

 7    FOR THE NORTH RIVER
      INSURANCE COMPANY:           THOMPSON COE COUSINS & IRONS
 8                                 BY:  KEVIN RISLEY, ESQUIRE
                                   BRIAN S. MARTIN, ESQUIRE
 9                                 ONE RIVERWAY, SUITE 1600
                                   HOUSTON, TX  77056
10

11
                                   LOBMAN CARNAHAN BATT ANGELLE
12                                 & NADER
                                   BY:  SIDNEY J. ANGELLE, ESQUIRE
13                                      ERIC B. BERGER, ESQUIRE
                                   400 POYDRAS STREET, SUITE 2300
14                                 NEW ORLEANS, LA  70130

15

16    FOR INTERIOR/EXTERIOR
      BUILDING SUPPLY COMPANY:     GALLOWAY, JOHNSON, TOMPKINS,
17                                 BURR & SMITH
                                   BY:  RICHARD DUPLANTIER JR., ESQUIRE
18                                 701 POYDRAS STREET, SUITE 4040
                                   ONE SHELL SQUARE
19                                 NEW ORLEANS, LA  70139

20

21

22

23

24

25
```

10:42AM 1   parties or those claims that have not been a part or are not

10:42AM 2   presently a part of the settlement.

10:43AM 3            With regard to allowing proceedings against the

10:43AM 4   individuals who are now involved in the settlement, I'm not

10:43AM 5   going to do that.  It's appropriate, in my judgment, to stay

10:43AM 6   the proceedings against those entities for the time being -- I

10:43AM 7   emphasize that, *for the time being* -- to allow them to seek

10:43AM 8   Court approval to allow them to get all of the ducks in order,

10:43AM 9   particularly in a case of this sort.

10:43AM 10            I'm dealing in this case with at least 1,000

10:43AM 11   defendants, and the participation of all of those defendants is

10:43AM 12   a hard, time-consuming and laborious process.  The Court

10:43AM 13   participated in one aspect of it most recently.  I met with

10:43AM 14   about 40 or 50 insurers one at a time and discussed the issues

10:44AM 15   with them, and, by and large, the large majority of them have

10:44AM 16   come aboard.

10:44AM 17            It's been a laborious process and it's still

10:44AM 18   ongoing, and to take the time, to take the energy, to take the

10:44AM 19   resources from those individuals who are daily, if not hourly,

10:44AM 20   involved in this process would be a distraction, it would be

10:44AM 21   disruptive, it would be destructive of the process, and I don't

10:44AM 22   think it would be helpful to the litigation.

10:44AM 23            This approach does not mean in any way, shape,

10:44AM 24   or form that the claims of those entities who are not

10:44AM 25   participating in the settlement are being dismissed.  They are

10:44AM 1   not.  I'm going to get to those claims.  There are no rights

10:44AM 2   that have been or will be violated without due process because

10:45AM 3   the claims are stayed.  They are not resolved.  There is no

10:45AM 4   prejudice in a case like this that I can see.

10:45AM 5         From the standpoint of whether it's better to

10:45AM 6   proceed altogether or in stages, in my judgment looking at this

10:45AM 7   case, living with it for over two years, it's my feeling that

10:45AM 8   the only way it can be proceeded is in stages.  It's like how

10:45AM 9   do you eat an elephant?  It's one bite at a time.  You can't

10:45AM 10   eat the whole elephant; otherwise, it won't work.  I'm trying

10:45AM 11   to eat this elephant one bite at a time; therefore, I'm going

10:45AM 12   to maintain the stay on those individuals or entities that have

10:45AM 13   participated and are participating in the settlement at this

10:45AM 14   stage.

10:45AM 15         Now, with regard to the claims against

10:45AM 16   North River, these claims, as I see them at this stage, are

10:46AM 17   claims that the PSC is trying to ferret out to see whether or

10:46AM 18   not there is a claim against North River that INEX has for a

10:46AM 19   violation or potential violation of their duty and

10:46AM 20   responsibility under the contracts of insurance which INEX and

10:46AM 21   North River have entered into.

10:46AM 22         The thrust of those claims, as I see it, are

10:46AM 23   the structure of North River, who made the decisions to

10:46AM 24   participate, what was the basis of those decisions, or is it

10:46AM 25   consistent with or not consistent with the policies or past

| | | |
|---|---|---|
| 10:46AM | 1 | actions of North River, how long have they handled the INEX |
| 10:46AM | 2 | claims or the claims against INEX, is that procedure that they |
| 10:47AM | 3 | have been dealing with INEX claims in the past as well as in |
| 10:47AM | 4 | the present reasonable under the terms of their policies.  I |
| 10:47AM | 5 | think that those items are discoverable so that a determination |
| 10:47AM | 6 | can be made as to whether or not INEX, through the PSC, has any |
| 10:47AM | 7 | potential at all for a bad-faith claim. |
| 10:47AM | 8 | I don't feel that they can try that case now. |
| 10:47AM | 9 | I don't think that they can even make that case now without |
| 10:47AM | 10 | some basis for it.  For somebody to say that somebody is in bad |
| 10:47AM | 11 | faith and have no evidence to show that they are in bad faith |
| 10:47AM | 12 | is potentially Rule 11 conduct that I would have to take a |
| 10:47AM | 13 | serious look at.  It's particularly so when it's an assignment. |
| 10:48AM | 14 | There has been no negotiations over the years |
| 10:48AM | 15 | between the PSC and North River regarding the policies.  Those |
| 10:48AM | 16 | negotiations and opportunities exist between INEX and |
| 10:48AM | 17 | North River.  So for the PSC to come in and say that |
| 10:48AM | 18 | North River at this stage is in bad faith is meaningless to me. |
| 10:48AM | 19 | How can they possibly say that? |
| 10:48AM | 20 | They are entitled to at least some basic |
| 10:48AM | 21 | discovery to see whether or not they could or should go forward |
| 10:48AM | 22 | with it.  After that discovery, if they happen to amend their |
| 10:48AM | 23 | pleadings, and I don't see any basis for it, I'll dismiss that |
| 10:48AM | 24 | potential claim.  To dismiss a claim, if they try to file it |
| 10:48AM | 25 | now, I would probably dismiss it because there is no basis for |

10:48AM 1    it.  So I have to allow them to do some discovery to decide

10:49AM 2    whether or not they are going to make any potential claim for

10:49AM 3    penalties or bad faith.  It seems to me that is appropriate.

10:49AM 4         With that basic thought in mind, I move to the

10:49AM 5    next objections that North River has made.  The objections

10:49AM 6    concern me a little bit because North River takes the

10:49AM 7    position -- and frankly, in some aspects they are right -- the

10:49AM 8    claims are broad.  The questions are broad.  They need to be a

10:49AM 9    little bit more streamlined.  I think the parties have to have

10:49AM 10   some kind of meet and confer and say, This is what we want.  Do

10:49AM 11   you understand this is what we want?  If you understand and

10:49AM 12   object, that's fine.  If you don't understand it, then the

10:49AM 13   plaintiff is going to have to say, Well, let me try it again.

10:49AM 14   This is what we want and this is why we want it.

10:49AM 15        It's not helpful to me when the plaintiffs ask

10:50AM 16   for something very broad and then INEX says that it's too broad

10:50AM 17   for us to even understand.  Either the plaintiffs have to be a

10:50AM 18   little bit more specific, or North River, if they know what

10:50AM 19   they want, then let's not say I don't know if you know.  I

10:50AM 20   can't tell, frankly, whether -- there are some areas that it

10:50AM 21   seems to me that North River agrees to allow a person to

10:50AM 22   testify.

10:50AM 23        UNIDENTIFIED SPEAKER:  That's correct, Your Honor.

10:50AM 24        THE COURT:  I don't know in some of these whether there

10:50AM 25   is any basis for an objection, I mean, for me to look at it at

10:50AM 1    this time.  North River says, We understand this and we're

10:51AM 2    willing to give you the information, the corporate structure.

10:51AM 3    I find that they say they are willing to do it.  Handling the

10:51AM 4    drywall, North River has no objection on this topic as I

10:51AM 5    understand it.  Claims involving Chinese drywall, a method that

10:51AM 6    they've handled the claims, North River has no objection.

10:51AM 7    There is a development, writing, marketing, and sale of the

10:51AM 8    defendant policy in Louisiana, and North River says, I don't

10:51AM 9    understand the request.  What information do you need?

10:51AM 10              I think that's a valid question; so, Lennie, I

10:51AM 11   think you and somebody from North River have to get together

10:52AM 12   and flesh this out a little bit more for me, so I can make some

10:52AM 13   meaningful rules.

10:52AM 14         MR. ANGELLE:  Your Honor, this is Sidney Angelle.  What

10:52AM 15   I've heard from the Court just now is a couple of comments that

10:52AM 16   I would like to try and get some clarification on.  You've

10:52AM 17   indicated that it sounds like there should be some restriction

10:52AM 18   of the inquiries that the PSC has into the INEX claims;

10:52AM 19   whereas, clearly many of these topics go into any and all

10:52AM 20   claims against anybody who might be insured by North River in

10:52AM 21   all 50 states, and I don't know if you would like to see them

10:52AM 22   restrict their inquiries to this claim as to INEX --

10:52AM 23         THE COURT:  Yes.

10:52AM 24         MR. ANGELLE:  -- talked about they are entitled to

10:52AM 25   basic discovery --

|        |    |                                                              |
|--------|----|--------------------------------------------------------------|
| 10:52AM | 1  | THE COURT:  Wait, wait, wait.  Hold on.  Look, Sidney, |
| 10:52AM | 2  | I think you're right at this point.  I think it ought to be |
| 10:52AM | 3  | restricted to the INEX situation.  Let's take a look at that |
| 10:52AM | 4  | first. |
| 10:52AM | 5  | Now, if the plaintiffs take the position, well, |
| 10:53AM | 6  | they are doing one thing in INEX, and this is totally out of |
| 10:53AM | 7  | kilter or out of character, then I'll look at that, but we |
| 10:53AM | 8  | first have to find out what they did in INEX, it seems to me. |
| 10:53AM | 9  | I don't think it's helpful to focus on the whole world at this |
| 10:53AM | 10 | point.  Again -- |
| 10:53AM | 11 | MR. ANGELLE:  The other troubling part, Your Honor, is |
| 10:53AM | 12 | by the plain the language in some of their topics, it would |
| 10:53AM | 13 | sound as though they believed they are entitled to review even |
| 10:53AM | 14 | attorney-client communications as between North River and his |
| 10:53AM | 15 | counsel. |
| 10:53AM | 16 | THE COURT:  No, I think that's clearly privileged, but |
| 10:53AM | 17 | I think that they are entitled to know who it is. |
| 10:53AM | 18 | MR. ANGELLE:  I think we've agreed we'll be happy to |
| 10:53AM | 19 | identify who the players are. |
| 10:53AM | 20 | THE COURT:  Right. |
| 10:53AM | 21 | MR. DAVIS:  Your Honor, we're prepared to meet Monday |
| 10:54AM | 22 | or Tuesday so we can address this by the status conference and |
| 10:54AM | 23 | give the Court a report at that time so that we can move |
| 10:54AM | 24 | forward.  We're hopeful that we get documents responsive to the |
| 10:54AM | 25 | document request, and we hope that we'll get through that, and |

37

10:54AM 1     we will be able to report, as I say, at the status conference.

10:54AM 2         THE COURT: Sidney, you or Richard meet with Lenny, or

10:54AM 3     both, and just get me a little bit closer package so that I can

10:54AM 4     look at it.

10:54AM 5         MR. ANGELLE: So, Your Honor, you're asking us to have

10:54AM 6     a meet and greet with Lennie on Monday or Tuesday. I'll check

10:54AM 7     my calendar. I think Monday is fine. Kevin, if that's okay

10:54AM 8     with you. To discuss the Judge's comments on the 30(b)(6)

10:54AM 9     notice. As to the -- Judge, are you also asking us to meet and

10:54AM 10     confer over the responses to request for production?

10:54AM 11         THE COURT: Yes. I just need to know whether there is

10:54AM 12     an objection or not. Some of your objections are, We don't

10:55AM 13     object unless they are asking this, and then if they ask this,

10:55AM 14     then we're objecting for this reason. I don't know whether

10:55AM 15     they are asking it.

10:55AM 16         MR. ANGELLE: Right.

10:55AM 17         MR. DAVIS: We will be prepared to discuss both of

10:55AM 18     those issues Monday.

10:55AM 19         THE COURT: All right.

10:55AM 20         MR. ANGELLE: Lennie, when we break up, I'll call you

10:55AM 21     right back to schedule a time.

10:55AM 22         MR. DAVIS: I'm not in my office. If you e-mail me,

10:55AM 23     that's the best way. I'm traveling. I'm sorry.

10:55AM 24         MR. ANGELLE: That's all right.

10:55AM 25         THE COURT: All right. Folks, thank you very much for

38

10:55AM  1    your time.

10:55AM  2              VOICES:   Thank you, Your Honor.

        3              (WHEREUPON, the proceedings were concluded at

        4    0:55 a.m.)

        5                        *     *     *

        6

        7

        8                   REPORTER'S CERTIFICATE

        9

       10      I, Cathy Pepper, Certified Realtime Reporter, Registered

       11    Merit Reporter, Certified Court Reporter of the State of

       12    Louisiana, Official Court Reporter for the United States

       13    District Court, Eastern District of Louisiana, do hereby

       14    certify that the foregoing is a true and correct transcript, to

       15    the best of my ability and understanding, from the record of

       16    the proceedings in the above-entitled and numbered matter.

       17

       18

       19                        _s/Cathy Pepper_____

       20                        Cathy Pepper, CRR, RMR, CCR
                                 Certified Realtime Reporter
       21                        Registered Merit Reporter
                                 Official Court Reporter
       22                        United States District Court
                                 Cathy_Pepper@laed.uscourts.gov
10:55AM 23

       24

       25