**EXHIBIT 3**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047 |
| | SECTION L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | MAG. JUDGE WILKINSON |

### AFFIDAVIT OF AGNES A. REISS

| | |
|---|---|
| STATE OF NEW JERSEY | § |
| | § |
| COUNTY OF MORRIS | § |

Before me, the undersigned authority, on this day personally appeared Agnes A. Reiss who, after being duly sworn upon her oath, stated as follows:

1.   My name is Agnes A. Reiss.  I am over the age of twenty-one, of sound mind, and in all ways competent to make this affidavit.

2.   I am employed as a Manager of Latent Claims by United States Fire Insurance Company ("U.S. Fire").  I have been employed in this position since November, 2006.

3.      U.S. Fire provides claims services for certain insurance companies including The North River Insurance Company ("North River").

4.   As part of my job duties, I am responsible for handling certain insurance claims involving insureds of North River.  Among the claims which I have handled are claims relating to Interior/Exterior Building Supply Company ("INEX") arising out of the sale or alleged sale by INEX of Chinese-manufactured drywall ("CDW").

5.   The first notice from INEX relating to claims arising out of its sale of CDW was received in North River's offices on March 30, 2009.  On March 30, 2009, Brian Martin and the law firm of Thompson, Coe, Cousins & Irons, L.L.P. were retained to represent North River in connection with those claims.  I was assigned to handle the CDW claims involving INEX by March 31, 2009.   Thereafter, Sidney Angelle and the firm of Lobman, Carnahan, Batt, Angelle & Nader were also retained to represent North River in connection with those claims.

6.   Since March 31, 2009, I have been the person primarily responsible for handling the CDW claims involving INEX, including direct action claims filed against North River as an insurer of INEX.  This has included maintaining documents in the possession of North River relating to the CDW claims involving INEX, and I am personally familiar with the manner in which the files relating to those claims are created and maintained.

7.   Based on my involvement in handling the CDW claims involving INEX, I have become aware that North River issued six liability policies to INEX which were in effect at various times between December 1, 2003 and January 1, 2010.

8.   The list attached as Exhibit A to this affidavit is a list of items maintained in the electronic claims file relating to the CDW claims involving INEX and same are maintained on behalf of North River. Each of those items was placed into the file by me or others at U.S. Fire who have been involved with the CDW claims involving INEX. All of the items relate to the litigation against INEX and North River arising out of the sale of CDW by INEX. The earliest entry on the list was entered on March 30, 2009, the same date counsel was retained to represent North River in these matters. That initial item relates to notice North River received of litigation against INEX based on its alleged sale of CDW. In addition, I became aware on April 21, 2009, that direct action lawsuits were being filed against the insurers of INEX, including North River.

9.   In the list attached as Exhibit A, the column headed "Date" indicates the date that the item was entered into the electronic claim system at U. S. Fire. The column headed "Author" identifies the employee of U.S. Fire who made the entry into the claims file.

10.   Under the "Author" column on Exhibit A, "Reiss" refers to me. The others identified in that column are all persons who were employees of U.S. Fire at the time the document was posted:

a.  "Tyrone" refers to Michelle Tyrone, Claims Assistant.

b.  "RCOLACF" refers to Rebecca Colabaugh, Claims Associate.

c.  "Noll" refers to Patricia L. Noll, Vice-President, CD/Latent Claims.

d.  "Willis" refers to Sharon Willis, Paralegal.

e.  "TEGETHOFF" refers to Cheryl Tegethoff, Claims Assistant.

f.  "SALBECF" refers to Steven Albertson, Claims Specialist.

11.   Each and every item listed on Exhibit A relates to one of four categories:

a.   Communications between  representatives of North River (including employees of U.S. Fire) and its attorneys relating to direct actions claims that have been filed against North River based on the sale of CDW by INEX;

b.   Communications between representatives of North River (including employees of U.S. Fire) and its attorneys relating to claims that have been filed against INEX based on the sale of CDW by INEX;

c.   Communications between one or more representatives of INEX (including its officers, agents, employees, and/or counsel for INEX involved the CDW litigation, or one of the insurers of INEX involved in the CDW litigation) and one or more representatives of North River

(including employees of U.S. Fire and counsel retained to represent North River in the CDW litigation) or

d. Communications between one or more representatives of INEX (including its officers, agents, employees, and/or counsel for INEX involved the CDW litigation, or one of the insurers of INEX ) that have been provided to North River in its capacity as one of the insurers for INEX.

12. Each of the items listed on Exhibit A was entered into the electronic claims file by an employee of U.S. Fire who has been involved in managing the claims file and/or handling the CDW claims relating to INEX or provided support to the manager, including both claims asserted and filed against INEX and direct action claims filed against North River. Each item relates to litigation involving either INEX or North River and each item was placed into the electronic claims file after the date of the litigation to which the item relates. The contents of each item has remained confidential and has been available only to (a) employees of U.S. Fire and others acting with or on behalf of North River concerning the CDW claims filed against INEX and the direct action claims filed against North River as a result of the sale of CDW by INEX and (b) in some instances, outside counsel and others who have been retained to represent North River in these matters. None of the documents has been provided to any other person or entity.

13. All of the information contained in this affidavit is within my personal knowledge and is true and correct.

AGNES A. REISS

Subscribed and sworn to before me on May _10_, 2012.

Notary Public in and for the State
Of New Jersey

GAIL N. STEVANCSECZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires March 16, 2013