# EXHIBIT 4

## Sidney Angelle

**From:** Risley, Kevin [KRisley@thompsoncoe.com]
**Sent:** Wednesday, April 25, 2012 3:58 PM
**To:** Lenny Davis
**Cc:** Sidney Angelle
**Subject:** CDW: North River deposition

Lenny-

We have received the revised proposed deposition notice for North River. We appreciate your efforts in trying to reduce the scope of the notice and, we hope, reduce the issues that may arise at the deposition. We recognize that in discussing the topics, neither side is intending to waive any position or right it may have. With that recognition, and in furtherance of our discussions on Monday, we have the following comments:

1. One of the recurring issues we discussed on Monday involved several areas of potential inquiry which we believed were too broad in light of Judge Fallon's comments on Thursday. On some of those topics, you proposed one or two hypothetical questions which we thought might be proper. You would then say that meant the topic was acceptable, and our response was that the fact that there might be some questions within the topic that would not be improper did not make the entire topic permissible. You repeatedly stated that we were not dealing with specific questions yet and that the best way for both sides to preserve their rights was to put something early in the notice that all topics were subject to the scope and limitations contained in Judge Fallon's statements on Thursday. We agreed that such a statement would be the best way to preserve positions at this point and thought you had agreed repeatedly to put such language in the notice. We do not see any such language. The first sentence in the final paragraph on page 2 simply refers to "directives" and is not specific as to what that means. The second sentence of that paragraph refers to "full reservation of all rights to the noticing party" and no mention of the reservation of rights and objections by North River. We made it clear during our conversation that we were not agreeing that the deposition topics as written were within the judge's ruling. Please let us know whether our understanding was not correct, whether you have changed your position, or whether there is some other explanation for the difference between what we discussed on Monday and what appears on page 2 of the deposition notice.

2. On Monday we asked about the definition of "You" and "Your" which references "Fidelity and Deposit Company of Maryland, Defendant herein," and explained to you that we were not aware of any relationship between North River and Fidelity and Deposit Company of Maryland. Your response was that you did not know if there was a relationship and were entitled to find out if there was one. You have not changed the definition. As the notice currently stands, with that definition, you are entitled to ask only about North River's knowledge of policies issued by Fidelity and Deposit Company of Maryland and actions taken by that unrelated company. We want to make sure you realize that North River has no relationship with Fidelity and Deposit Company of Maryland and has no knowledge of anything Fidelity and Deposit Company of Maryland may or may not have done in connection with claims against INEX arising out of Chinese drywall.

3. Topics 2 and 3 remain broader than we believe appropriate. As we have indicated, we understand that, by those topics, you are interested in inquiring about the identity of those involved with the INEX claims on behalf of North River and, if those people are not employees of North River, their relationship to North River. Proposed topic 3 now refers not only to the relationship between North River and other companies, but "dealings with" other companies. Can you explain what you intend by that phrase?

4. On the topics dealing with regulatory issues, we believe that neither topic is relevant to the litigation. You have indicated a willingness to limit the inquiry to places where Interior/Exterior transacts business, but that leaves things a little unclear. Because the policy was issued to Interior/Exterior in Louisiana, we are unsure why any other state would be a legitimate source of inquiry at this time. Can you explain?

5. As we stated, we are preparing a proposed stipulation on the authenticity of all six policies issued by North River to Interior/Exterior. The discovery to date has conclusively shown that Interior/Exterior did not import any Chinese-manufactured drywall during the time the first two policies were in effect. You have indicated that you intended to try to "push back" coverage into the earlier periods as you have tried to do with other carriers, but by

4/26/2012

producing the first two policies we are not agreeing that those policies have any application to the litigation.

7. Topic 13 is "Claims handling of the InEx Chinese Drywall Claims.' Is this topic intended to include what other insurers may have done?

We have confirmed that the corporate representative has several scheduling conflicts that make travel problematic. However, the representative is available to be deposed in New Jersey on May 15 or 16 and has availability to travel to New Orleans for deposition on May 31 or June 1.

On the document issue, we are working on a privilege log but it will take some time to complete. The first knowledge that North River received of any claims against Interior/Exterior appears to be the same date that North River was notified of litigation against Interior/Exterior, which was by necessity after litigation was commenced. All communications were made not only in anticipation of litigation but after actual litigation commenced.

Most, if not all, of the nonprivileged items that North River has are copies of petitions filed in the underlying suits against Interior/Exterior and various pleadings, other court filings, and depositions relating to the MDL litigation. We suspect that you already have these. If you want us to produce another copy to you, please let us know.

Sincerely,

Kevin

**THOMPSON COE**

Kevin F. Risley
**Thompson Coe Cousins & Irons, L.L.P.**
One Riverway | Suite 1600 | Houston, TX 77056
Ph: 713.403.8295 | Fax: 713.403.8299
krisley@thompsoncoe.com
bio | vcard | web

**Confidentiality Notice:** This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law. Unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message. Thank you.

Tax Advice Disclosure: Any U.S. federal tax advice contained in this communication, including any attachment(s), unless expressly stated otherwise, was and is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

4/26/2012