UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>**Laura Haya, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.**; Docket # 11-1077 (Omni IX)<br>**Payton, et al. v. Knauf Gips, KG, et al.**<br>Case No. 09-cv-07628 (E.D. La.)<br>**Gross, et al. v. Knauf Gips, KG, et al.**<br>Case No. 2:09-cv-06690 (E.D. La.)<br>**Rogers, et al. v. Knauf Gips, KG, et al.**<br>Case No. 2:10-cv-00362 (E.D. La.)<br>**Amato, et al. v. Liberty Mutual Insurance Company**, Case No. 2:10-cv-00932 (E.D.La.)<br>**Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.**<br>Case No. 2:11-00252 (E.D. La.)<br>**Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.**<br>Case No. 11-cv-1363 (E.D. La.)<br>**Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.**<br>Case No. 11-cv-2349 (E.D. La.)<br>**Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.**<br>Case No. 11-cv-3023 (E.D. La.)<br>**Vickers, et al. v. Knauf Gips, KG, et al.**<br>Case No. 2:09-cv-04117 (E.D. La.) | MDL No. 09-2047<br><br>JUDGE FALLON<br><br>MAGISTRATE WILKINSON |

**COMMON GROUND RELIEF, INC.'S OBJECTION TO
MOTION FOR ORDER: PRELIMINARILY APPROVING THE SETTLEMENT
AGREEMENT; (2) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS; (3)
APPROVING THE FORM NOTICE; (4) SCHEDULING A FAIRNESS HEARING; AND
(5) STAYING CLAIMS**

1

NOW COMES Common Ground Relief, Inc. ("CGR"), which respectfully brings the objection as follows in conformity with this Honorable Court's Order (Rec. Doc. No 14432) and represents that the proposals therein contemplated (Rec. Docs. No. 14474, 14373) should not be approved; effected; nor otherwise addressed at least until such time as the concerns below have been addressed. In support of this objection, CGR states as follows:

## I.  BACKGROUND

Common Ground Relief, Inc. ("CGR") is a 501(c)(3) nonprofit community development and hurricane recovery organization located in New Orleans' Lower 9th Ward, which has been named as a supplier of allegedly problematic drywall by one Plaintiff, Mr. Eric Bienemy (Rec. Doc. No. 10732-1 at 24).

CGR has never supplied drywall to any party nor member of the proposed settlement class; nor been part of the drywall supply chain. CGR believes the only possible basis for the claim against it rests in its role having previously provided income eligibility screening to local residents participating in a drywall distribution program wholly administered and monitored by Plaintiff Habitat for Humanity using documents generated by Habitat for Humanity for that purpose. CGR never had involvement in any other process supplying drywall to end users or intermediaries. CGR has no right, obligation, nor basis to determine the source, nature, or problematic nature of any current or proposed Plaintiff's drywall.

CGR attempted, through counsel, to communicate to the PSC, DSC, Class Counsel, the Mediator, and the Court its position and the difficulties it faces defending itself on a claim where procedural steps have been standardized on the assumption that all parties have been properly categorized (as "Builders," "Suppliers," etc.) without formal definition of those terms; and that the sole issues in the case are causation, liability, and damages on a presumption that at least one

2

category applies to each Defendant (*see, e.g.* Rec. Doc. No. 12515, "Common Ground Relief, Inc.'s Response to Order for Rule to Show Cause and Notice of Submission of Confidential Affidavit," delineating CGR's challenges attempting to submit a confidential affidavit and profile form where none of the questions or categories were of relevance to its operations).

## II.  INTEREST

The proposed Settlement and accompanying Motion define Class Members as,

> All persons or entities, along with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown, arising from or related to actual or alleged Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of any Participating Defendant. A Participating Defendant shall also be a Class Member to the extent the Participating Defendant has remediated the Chinese Drywall in one or more Affected Properties or repurchased an Affected Property.  Participating Insurers are not Class Members. Class Members do not include persons or entities with claims involving an Affected Property in the Commonwealth of Virginia.

Rec. Doc. No. 14373-4 at 7 *citing* Rec. Doc. No. 14373-5 at 2-3.  To the extent CGR may have any potential responsibility for allegedly defective drywall, which it vigorously denies (but has not yet had the opportunity to argue), such potential responsibility would necessarily and automatically give rise to claims ("known or unknown") against all those other entities within any such chain of causation who actually did supply drywall to intermediaries or end users, potentially including the Participating Defendants and/or Insurers sufficient to constitute membership by CGR in the class.

## III. ARGUMENT

CGR respectfully asserts that granting of the Motion is premature where CGR's status within the instant suit is essentially undefined.  If CGR is not a "supplier" and bears no liability

whatsoever; this objection is moot; however if it is later determined to bear liability, its claims and defenses against any relevant Participating Defendants or Insurers are not typical nor predominantly related to those of the class, as they arise from a determination what responsibility as-yet undetermined suppliers may have to a nonprofit organization providing income screening services to individuals in accordance with a third-party program.

Within the Memorandum in support of the instant motion, counsel defines, for the first time, "distributors and suppliers" as those who **bought** drywall from or by way of exporters, and "**resold** to builders and installers…" Rec. Doc. No. 14373-4 at 11 (emphasis added). The relevant complaint (Omni IX) previously did not elucidate what if anything constituted or distinguished an entity as a "Distributor / Exporter/ Importer/ Broker" at all, save some discussion related to those Distributors also considered manufacturers (Rec. Doc. No. 10732). Presumably the other Defendants to these actions are in such businesses that the appropriate classifications simply suggested themselves.

To the extent this new definition constitutes an acknowledgement that "suppliers" are those who actually bought or sold drywall, CGR has a new avenue to seek resolution: if, as a matter of law, the complaints against it apply only to those meeting this definition, it can provide ample argument and evidence showing that it does not meet the definition with regard to Mr. Bienemy nor any other current or prospective class member and is not properly a party to the MDL or any of its component cases.

CGR had previously considered its status and actions a factual issue and therefore withheld filing on this point in accordance with the procedural guidelines, however asks that this Honorable Court defer ruling on the instant Motion until CGR has had an opportunity to submit and be heard on a Motion to Dismiss. While CGR has no other opinion as to the dollar amounts

4

and classifications in the Settlement as drafted, its concern is temporal- under the proposed structure, important deadlines may pass before it has been clarified what, if any rights CGR may have as a Class Member, and it would therefore be prejudiced in exercising them.

This 25th day of May, 2012.

    Respectfully submitted,

    */s/ Benjamin C. Varadi*

    Benjamin C. Varadi (#33421)
    Varadi, Hair & Checki, LLC
    650 Poydras St., Ste. 1535
    New Orleans, LA 70130
    Telephone: (504) 684-5200
    Fax: (310) 893-6726
    Email: varadi@vhclaw.com

    **Attorney for Common Ground Relief, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 25, 2012, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, by email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

*/s/ Benjamin C. Varadi*

Benjamin C. Varadi (#33421)
Varadi, Hair & Checki, LLC
650 Poydras St., Ste. 1535
New Orleans, LA 70130
Telephone: (504) 684-5200
Fax: (310) 893-6726
Email: varadi@vhclaw.com

***Attorney for Common Ground Relief, Inc.***