MINUTE ENTRY
FALLON, J.
MAY 24, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRY WALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES**

     A telephonic hearing was held on this date in the Chambers of Judge Eldon E. Fallon. The conference was transcribed by official Court reporter, Arlene Movahed, who can be reached at 504-589-7777.  Russ Herman, Arnold Levin, Lenny Davis, and Fred Longer participated on behalf of the Plaintiff's Steering Committee ("PSC").  Sydney Angelle and Kevin Risley participated on behalf of North River Insurance Company.

     The hearing was scheduled to address the PSC's Motion to Compel 30(b)(6) Deposition Discovery from the North River Insurance Company (R. Doc. 14395).  The parties presented their respective arguments to the Court.  After considering these arguments under the applicable law the Court ordered that the PSC's Motion was granted in part and denied in part for oral reasons given, including:

          North River's objections based upon questions seeking information outside the scope of the amended deposition notice are denied;

JS10(00:45)

North River is authorized to select the Rule 30(b)(6) designee, not the PSC, with the understanding that this designee is to be knowledgeable and prepared to answer questions about the noticed topics;

The Motion is denied insofar as the following topics on the basis of irrelevance: (2) the designee's knowledge of penalty provisions under Louisiana law as to an insurer's failure to pay; (5) reservation of right letter to InEx; (13) whether Louisiana bad faith statutes haven been considered; and (14) whether certain individuals with decision-making authority will appear at the Court-ordered mediation;

The Motion is granted insofar as all other topics raised in the Motion;

A second Rule 30(b)(6) deposition of North River's corporate designee is to be scheduled at any time after the mediation on May 31, 2012 and is to take place at the Court to allow the Court to supervise the deposition and rule on any objections at the time they are raised;

At the second deposition, the Court will review any allegedly privileged documents in camera and render a ruling on privilege;

The Court withholds a ruling on costs at this time.