# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |охо
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Payton, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-07628 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*<br>Case No. 2:10-cv-00361 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-06690 (E.D. La.)<br><br>*Rogers, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:10-cv-00362 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Ins. Co., et al.*<br>Case No. 2:10-cv-00932 (E.D. La.)<br><br>*Hernandez, et al. v. AAA Insurance, et al.*<br>Case No. 2:10-cv-3070 (E.D. La.)<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 2:11-cv-00080 (E.D. La.)<br><br>*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 2:11-cv-00252 (E.D. La.)<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 2:11-cv-01077 (E.D. La.)<br><br>*Vickers, et al. v. Knauf Gips KG, et al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AGAINST BUILDERS, INSTALLERS, SUPPLIERS AND PARTICIPATING INSURERS

TO THE CONDITIONAL SETTLEMENT CLASS, CONSISTING OF:

All persons or entities, along with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown, arising from or related to actual or alleged Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of any Participating Defendant.

A Participating Defendant shall also be a Class Member to the extent the Participating Defendant has remediated or participated in the settlement of claims related to the Chinese Drywall in one or more Affected Properties or repurchased an Affected Property.

Participating Insurers are not Class Members.

Class Members do not include persons or entities with claims involving an Affected Property in the Commonwealth of Virginia.[1]

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY: YOU MAY BE ENTITLED TO RECEIVE A PAYMENT OR OTHER BENEFITS FROM FUNDS TO BE CREATED PURSUANT TO THE PROPOSED GLOBAL SETTLEMENT DESCRIBED HEREIN IF YOU ARE A MEMBER OF THE CONDITIONAL SETTLEMENT CLASS.**

The purpose of this Notice is to inform you that: (a) a class of which you may be a member has been conditionally certified for consideration of a proposed settlement with the Participating Defendants and the Participating Insurers; (b) a Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers (the "Global Settlement"), which provides for the creation of a settlement fund (the "Settlement Funds") and dismissal of all actions against the Participating Defendants and Participating Insurers (the Participating Insurers are being released to the extent of the Participating Insurers' obligations relating to any policies alleged to provide insurance coverage to any Participating Defendants), was entered into on **Month Day**, 2012, and submitted to the Court for its approval; and (c) a joint hearing[2] on the fairness, reasonableness, and adequacy of the proposed settlement will be held on **Month Day**, 2012, in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, LA 70130.

---

[1] The Participating Defendants and the Participating Insurers are set forth in Exhibits 1 and 2 to the Global Settlement. A copy of the Global Settlement may be obtained at http://www.laed.uscourts.gov/drywall/Settlements.htm.

[2] The Settling Parties have requested a joint fairness hearing with respect to the Global Settlement as well as other class settlements involving the Knauf Defendants (the "Knauf Class Settlement") and certain distributors/suppliers of defective Chinese drywall (*i.e.*, InEx, L&W, and Banner). Copies of the settlement agreements involving these parties are available at http://www.laed.uscourts.gov/drywall/Settlements.htm.

Capitalized terms in this Notice have the same meaning as those defined in the Global Settlement.

### Description of the Litigation

On June 15, 2009, the Judicial Panel on Multidistrict Litigation created MDL 2047 in order to consolidate lawsuits brought in several federal district courts in the Gulf Coast and mid-Atlantic regions of the United States by property owners whose homes or other properties were damaged by Chinese Drywall. Plaintiffs sued the manufacturers of Chinese Drywall as well as homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, and distributors that were involved with Chinese Drywall, and their insurers. Because Participating Defendants either built the subject properties with the defective Chinese Drywall, installed the defective Chinese Drywall in the subject properties, or supplied the drywall that is installed in the subject properties, complaints were filed against Participating Defendants and Participating Insurers, as well as other defendants, including companies responsible for manufacturing Chinese Drywall. The Litigation seeks relief on behalf of a class of persons and entities with claims against all of these entities, including Participating Defendants and their insurers, arising out of Chinese Drywall.

The complaints make claims based on strict liability; violations of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. §501.203, *et seq.*), other state consumer protection laws, and laws against unfair trade practices; negligence; private and public nuisance; tort; equity and medical monitoring; breach of contract; loss of use; loss of enjoyment; personal injury and related statutory violations; bodily injury; indemnity; contribution; breach of express or implied warranty; redhibition; negligence per se; violation of the Louisiana New Home Warranty Act (La. R.S. 9:3141, *et seq.*), the Louisiana Products Liability Act (La. R.S. 9:28000.51, *et seq.*) and the Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 51:1401, *et seq.*); negligent discharge of a corrosive substance; unjust enrichment; breach of implied warranty of fitness and merchantability (Fla. Stat. § 718.203); breach of implied warranty of habitability; negligent misrepresentation; building code violations (Fla. Stat. § 553.84); and relief by way of subrogation, contractual indemnity, common law indemnity, and/or contribution against Participating Defendants and Participating Insurers.

Participating Defendants and Participating Insurers deny any wrongdoing whatsoever, and specifically deny having committed any violation of any law, claiming that the manufacturers are ultimately responsible for selling Participating Defendants products that the manufacturers certified were safe and fit for use, when in fact the products were defective. The Participating Insurers also deny coverage and liability for Participating Defendants' conduct. Participating Defendants and the Participating Insurers likewise deny the existence of any class except for purposes of this Global Settlement, assert certain affirmative defenses, and deny any liability to any member of the Settlement Class.

The Court has not certified a class in the Litigation, other than conditionally for settlement purposes (the "Settlement Class"), and has made no determination that any class could be certified if the Litigation is not settled hereby. The Court has not determined the merits of any claims or defenses in the Litigation. This Notice does not imply that there has been any finding of any violation of the law by Participating Defendants or the Participating Insurers or that recovery could be had in any amount.

Counsel for the Settlement Class ("Class Counsel") entered into the Global Settlement after weighing the substantial benefits that Class Members will receive as a result of the Global Settlement against the probabilities of success and failure in securing any recovery from Participating Defendants or the Participating Insurers by means of further litigation and delay. Class Counsel consider it to be in the best interests of the Settlement Class that all of the above-captioned actions and all other claims be settled in accordance with the terms of the Global Settlement as to Participating Defendants and Participating Insurers and believe that the proposed Global Settlement is fair, reasonable, and adequate for the Settlement Class.

Although Participating Defendants and Participating Insurers deny all liability and the existence of any class (other than for settlement purposes) in the Litigation, Participating Defendants and Participating Insurers consider it desirable to settle the Litigation on the terms proposed, to avoid further expense and inconvenience.

## Summary of the Proposed Global Settlement

The Global Settlement is subject to, and becomes effective only upon, final approval by the United States District Court for the Eastern District of Louisiana (the "Court"), the Honorable Eldon E. Fallon presiding. Set forth below is a summary of the principal terms and conditions of the Global Settlement. The complete Global Settlement is on file with the Court; posted in the Clerk's offices at the United States District Courthouse for the Eastern District of Louisiana, Florida courts, and the 34th Judicial District Court, Parish of St. Bernard; published on the District Court's Chinese Drywall MDL website at http://www.laed.uscourts.gov/drywall/Settlements.htm; and available for your inspection as described below.

Amount of Settlement

The Global Settlement provides for the contribution by Participating Defendants and the Participating Insurers, following final approval by the Court, of Settlement Funds in the aggregate amount of $80,000,000.00, including credits described within the Global Settlement, in full settlement of all claims of the Class Members against Participating Defendants and the Participating Insurers (the Participating Insurers are being released to the extent of the Participating Insurers' obligations relating to any policies alleged to provide insurance coverage to any Participating Defendants) arising from or otherwise related to Chinese Drywall that was purchased from, supplied, distributed, marketed, used, sold, delivered, installed and/or in any way alleged to be within the legal responsibility of any Participating Defendant.

For Affected Properties containing KPT Chinese Drywall, an appropriate portion of the Settlement Funds will be provided to the Knauf Defendants in order to provide remediation benefits to Class Members pursuant to the Knauf Class Settlement and also to compensate Class Members for other losses, including personal injuries. In some instances, Class Members must use the Settlement Funds to assist in the remediation of their Affected Properties.

Definition of "Chinese Drywall"

For purposes of the Global Settlement, "Chinese Drywall" is defined as:

4

any and all drywall products actually or allegedly purchased from, imported, supplied, distributed, marketed, installed, used, sold and/or delivered prior to the Effective Date of this Settlement by or in any way alleged to be within the legal responsibility of any Participating Defendant, which drywall product was allegedly manufactured, in whole or in part, in China, or that include components manufactured, in whole or in part, in China, including, but not limited to, drywall manufactured by Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Guangdong Knauf New Building Materials Products Co., Ltd.; Knauf Gips KG; Gebrueder Knauf Verwaltungsgesellschaft, KG; Knauf International GmbH; Knauf Insulation GmbH; Knauf UK GmbH; Knauf AMF GmbH & Co. KG; Knauf do Brasil Ltd.; PT Knauf Gypsum Indonesia; Beijing New Building Materials Public Ltd. Co.; CNBM; Taishan Gypsum Co., Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Pingyi Zhongxin Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc.; The China Corporation, Ltd.; Run & Fly (Jinan) New Building Material Co., Ltd; Baier Building Materials Co. Ltd.

"Chinese Drywall" shall also include any and all drywall products at issue in the Litigation whose origin or manufacturer is not ascertainable.

Purpose of Settlement

In summary, the Settlement Funds will be allocated to pay for and/or reimburse Class Members for the costs of remediating Affected Properties and for other damages with respect to reactive Chinese Drywall. The Settlement Funds will also be allocated to compensate Class Members for personal injury claims, provided such Class Members meet criteria approved by the Court to determine the validity of any such claims.

Allocation Committee

The Court will appoint an Allocation Committee, which will prepare a recommended allocation plan for consideration by the Court. By no later than **Month Day**, 2012, the Allocation Committee shall publish on the Court's website, http://www.laed.uscourts.gov/Drywall/Drywall.htm, its written recommendation as to: (i) a fair and equitable plan of allocation of the Settlement Funds; and (ii) the evidence that Class Members will need to provide as part of their Proof of Claim to submit a valid claim.

Following approval of the Global Settlement, the Court will determine a fair and equitable allocation of Settlement Funds, after considering the recommendation of the Allocation Committee, Class Members will have an opportunity to comment on or object thereto.

Proof of Claim Forms

If the Court finally approves the Global Settlement, Proof of Claim forms will be mailed to known Class Members who have not opted out of the Class. Proof of Claim forms will also be available at http://www.laed.uscourts.gov/drywall/Settlements.htm. Proof of Claim forms may also be obtained from Russ M. Herman (Herman, Herman & Katz, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113, telephone no. (504) 581-4892).

All Class Members who receive in excess of the Section 111 threshold of the Medicare, Medicaid & SCHIP Extension Act of 2007 ("MMSEA") in effect at the time the Settlement is Final must provide the Participating Defendants and Participating Insurers with their full name, date of birth, social security number, and gender, as well as any other information necessary for the Participating Defendants and Participating Insurers to comply with their reporting obligations under the MMSEA.

Knauf Class Settlement

The Global Settlement is designed to operate in conjunction with the Knauf Class Settlement. A copy of the Knauf Class Settlement is posted on the District Court's Chinese Drywall MDL website at http://www.laed.uscourts.gov/drywall/Settlements.htm. Settlement Funds from the Global Settlement are to be initially allocated between claims that involve KPT Chinese Drywall and claims that do not involve KPT Chinese Drywall.

The Settlement Funds that are allocated to claims that do not involve KPT Chinese Drywall will be further allocated to eligible Class Members in a procedure to be established by the Court.

The Settlement Funds that are allocated to claims involving KPT Chinese Drywall are to be deposited 50% into the Remediation Fund and 50% into the Other Loss Fund, which are to be established pursuant to the Knauf Class Settlement. For additional details concerning the Remediation Fund and the Other Loss Fund, Class Members should refer to the Knauf Class Settlement.

Attorneys' Fees

The Global Settlement provides that the Plaintiffs' Steering Committee ("PSC") appointed by the Court, Class Counsel, common benefit attorneys, and private counsel for Class Members may petition the Court for an award of attorneys' fees constituting, in the aggregate, no more than 32% of the Settlement Funds, with no more than 15% of the Settlement Funds reserved for common benefit fees, plus reimbursement of reasonable expenses, excluding the costs of Notice. The fees and costs incurred in the administration of the Settlement Funds (including the cost of Notice) are to be paid out of the Settlement Funds. The Court will determine the allocation of any fees awarded. Such costs, expenses, attorneys' fees, and administration fees as the Court may award shall be paid out of the Settlement Funds. Participating Defendants and Participating Insurers will not be responsible for any payments beyond their initial contribution to the Settlement Funds.

## **Conditional Class Certification**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, dated **Month Day**, 2012, the Court has preliminarily approved the terms of the Global Settlement to the extent that this Notice is being sent to the Settlement Class, which has been determined by such Order to exist for settlement purposes only. The Settlement Class shall consist of:

> All persons or entities, along with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown, arising from or related to actual or alleged Chinese Drywall purchased, imported, supplied, distributed, marketed,

installed, used, sold or in any way alleged to be within the legal responsibility of any Participating Defendant.

A Participating Defendant shall also be a Class Member to the extent the Participating Defendant has remediated or participated in the settlement of claims related to the Chinese Drywall in one or more Affected Properties or repurchased an Affected Property.

Participating Insurers are not Class Members.

Class Members do not include persons or entities with claims involving an Affected Property in the Commonwealth of Virginia.

The Court has not certified a class in the Litigation for any other purpose and has made no determination that any class could be certified if these litigations are not settled hereby. Although the Court has indicated such preliminary approval of the Global Settlement, this Notice is not an expression of any opinion by the Court as to the merits of the claims and defenses which have been asserted in the Litigation. If the Global Settlement is not finally approved, the conditional certification of the Settlement Class will be null and void, and the Litigation will proceed as if there had been no settlement, conditional certification, or notice.

### **Opt-Out Process**

Class Members may opt out of the Class. If you elect to opt out, you will be excluded from sharing in the benefits of this Global Settlement and from the binding effect of final approval of this Global Settlement and dismissal of the Litigation as to Participating Defendants and the Participating Insurers.

If you are eligible to participate in the Knauf Class Settlement, you will not be eligible to participate in the Knauf Class Settlement if you opt out of the Global Settlement. Any opt-out from the Global Settlement by a Class Member otherwise eligible to participate in the Knauf Class Settlement will be invalid if the Class Member does not timely opt out of the Knauf Class Settlement.

**IF YOU DO NOT WISH TO OPT OUT, YOU DO NOT HAVE TO DO ANYTHING AT THIS TIME.**

To opt out, a written notice signed by the individual Class Member must be sent by first-class mail, post-marked on or before **Month Day**, 2012, to Class Counsel, Arnold Levin (Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106) and Russ M. Herman (Herman, Herman & Katz, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113) in writing, within sixty (60) days after the last date to provide Notice to the Class, *i.e.*, postmarked no later than **Month Day**, 2012, which is the last day of the Opt-Out/Objection Period, of their intention to opt out of the Settlement. To be effective, the opt-out notice must set forth the full name and current address of the person electing to opt out, the address of the property allegedly damaged by Chinese Drywall and/or the address of the property from which the Class Member alleges injurious exposure to Chinese Drywall, to the best of the Class Member's knowledge, the identities or every purchaser, supplier, marketer, installer, builder, developer and its/their insurers, and any other Participating Defendant and Participating Insurer against which the Class Member intends to pursue his, or her, or its claims, and a sentence stating: "The undersigned

hereby opts out from the Builder, Installer, Supplier and Participating Insurer Settlement Class in the Chinese Drywall Action." The opt-out notice must be signed by the individual Class Member.

**IF YOU WISH TO PURSUE AN INDIVIDUAL CLAIM AGAINST PARTICIPATING DEFENDANTS OR PARTICIPATING INSURERS BY LITIGATION, ARBITRATION, OR OTHERWISE, YOU MUST OPT OUT; OTHERWISE, IF THE GLOBAL SETTLEMENT IS APPROVED, YOU WILL NOT BE ABLE TO PURSUE CLAIMS AGAINST PARTICIPATING DEFENDANTS OR PARTICIPAING INSURERS ARISING OUT OF, IN ANY MANNER RELATED TO, OR CONNECTED IN ANY WAY WITH CHINESE DRYWALL.**

Persons who opt out will not be entitled to share in the benefits of this Global Settlement nor will they benefit or be bound by further orders or judgments in the Litigation concerning the Global Settlement, if any. Participating Defendants and Participating Insurers have reserved the right to terminate or withdraw from the Global Settlement in the event any Class Member opts out.

### Settlement Hearing

Notice is further hereby given that, pursuant to the Court's Order, a hearing will be held in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, LA 70130, at 9:00 a.m., on **Month Day**, 2012 (the "Joint Fairness Hearing"), for the purpose of determining whether the Global Settlement is fair, reasonable, and adequate and should be approved finally by the Court and the Litigation dismissed on the merits and with prejudice as to Participating Defendants and Participating Insurers. The Joint Fairness Hearing may be adjourned from time to time by the Court without further notice.

**GLOBAL SETTLEMENT CLASS MEMBERS WHO DO NOT OPPOSE THE PROPOSED GLOBAL SETTLEMENT DO NOT NEED TO APPEAR AT THE HEARING OR FILE ANY PAPERS.**

You will be represented at the Joint Fairness Hearing by Class Counsel, Russ Herman, telephone no. (504) 581-4892 and Arnold Levin, telephone no. (215) 592-1500, unless you enter an appearance in person or through your own counsel. As a member of the Conditional Settlement Class, you will not be personally responsible for attorneys' fees, costs or disbursements except those of your own counsel.

Class Members may object to the Global Settlement, in whole or in part, by providing written notice of their intention to object, setting forth all objections and the reasons for such objections and, if applicable, the Class Member's intention to appear at the Joint Fairness Hearing, in accordance with the following procedure. The objection must be signed by the Class Member and his or her counsel, if any. The objection must contain the caption of the Litigation and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the Class Member. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Joint Fairness Hearing. All objections to the proposed Settlement shall be mailed to Plaintiffs' Lead Counsel, Arnold Levin (Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106), and Russ M. Herman (Herman, Herman & Katz, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113), in writing, postmarked no later than

sixty (60) days after the commencement of the Class Settlement Notice Period, *i.e.*, postmarked no later than **Month Day**, 2012, or they will be deemed waived.

At the Joint Fairness Hearing, any Class Member who has provided written notice of the intention to object to the Global Settlement may appear in person or by counsel and show cause why the Global Settlement should not be approved and why this action should not be dismissed on the merits with prejudice. Such Class Member may present any admissible evidence relevant to the issues to be heard, provided that such Class Member has timely provided any and all papers in opposition to the Global Settlement upon which the objection may be based.

Any Class Member who does not so object to the matters noted above shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to such matters.

### Effect of Final Court Approval

If the Global Settlement is approved, the Court will enter an Order and Judgment dismissing the Litigation on the merits with prejudice as to Participating Defendants and as to the Participating Insurers (the Participating Insurers are being released to the extent of the Participating Insurers' obligations relating to any policies alleged to provide insurance coverage to any Participating Defendant) and discharging Participating Defendants and Participating Insurers (the Participating Insurers are being released to the extent of the Participating Insurers' obligations relating to any policies alleged to provide insurance coverage to any Participating Defendant) from all claims which were, or could have been, asserted by you or on your behalf arising from, concerning, or related to Chinese Drywall. To the extent each Participating Defendant and Participating Insurer is participating in the Global Settlement as a Class Member, the Court's Order and Judgment will similarly dismiss the Litigation on the merits with prejudice as to the Participating Defendants' and the Participating Insurers' claims against the Knauf Released Parties and will discharge the Knauf Released Parties from all claims which were, or could have been, asserted by the Participating Defendants and Participating Insurers arising from, concerning, or related to Chinese Drywall.

Litigation will continue against the other Non-Participating Defendants who are not released by the Global Settlement.

**IF YOU ARE A MEMBER OF THE CLASS, UNLESS YOU HAVE CHOSEN AFFIRMATIVELY TO OPT OUT OF THE CLASS, UPON COURT APPROVAL OF THE GLOBAL SETTLEMENT YOU WILL BE BOUND BY THE GLOBAL SETTLEMENT, INCLUDING THE JUDGMENT OF DISMISSAL.**

If the Court approves the Global Settlement, each Class Member who did not opt out of the Conditional Settlement Class will receive a Court Notice with final instructions and a Proof of Claim form in the mail.

### Examination of Papers

The foregoing is only a summary of the Litigation, the claims, and the Global Settlement. The Global Settlement and documents incorporated therein, as well as the pleadings and other papers filed in the Litigation, may be inspected at the office of the Clerk of the Court, United States Courthouse, Room C-151, 500 Poydras Street, New Orleans, LA 70130, or during regular

business hours at the offices of Russ M. Herman, Herman, Herman & Katz, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113, telephone number (504) 561-6024, commencing on **Month Day**, 2012. Any papers Class Counsel and counsel for Participating Defendants and Participating Insurers shall file in support of the Global Settlement will be made available for inspection at these locations at the time they are filed. Any questions that any person to whom this Notice is addressed may have with respect thereto or with respect to the right to opt out should be directed to Class Counsel, or his or her own counsel.

### Schedule of Important Dates

| | |
|---|---|
| Beginning **Month Day**, 2012 | Settlement papers may be examined at the offices of Russ M. Herman |
| On or before **Month Day**, 2012 | Notice of Opt Out of the Settlement Class must be mailed to Arnold Levin and Russ Herman |
| On or before **Month Day**, 2012 | Objections to the Global Settlement must be mailed to Arnold Levin and Russ Herman |
| **Month Day**, 2012 at 9:00 a.m. central time | Joint Fairness Hearing at United States Courthouse for the Eastern District of Louisiana, 500 Poydras Street, Room C-456, New Orleans, LA 70130 |

Dated: New Orleans, Louisiana
**Month Day**, 2012

/s/ ELDON E. FALLON
Judge, United States District Court
for the Eastern District of Louisiana

# EXHIBIT B

# A Class Action Settlement About Chinese Drywall May Affect You

A Settlement has been reached in a class action lawsuit involving drywall imported to the U.S. from China. The lawsuit claims that this Chinese Drywall caused property damage and personal injuries.

The companies being sued are distributors, suppliers, builders, developers, and installers who were associated with Chinese Drywall ("Participating Defendants"), along with their insurance companies ("Participating Insurers"). This Settlement is with the Participating Defendants and the Participating Insurers; all deny they did anything wrong.

### Who's Included?

You are likely included in the Class if you have any claim for property damage or personal injuries related to Chinese Drywall installed anywhere in the U.S., except for in Virginia. For the specific legal definition of the Class, please visit the website or call the phone number below.

### What Can You Get?

Under the Settlement, Participating Insurers will contribute $80 million into a Settlement Fund. At a later date, after other Chinese Drywall Settlements are resolved, the Court will approve a plan to distribute the Settlement Fund to Class Members. At that time, Class Members may receive payments for their damages. You can register at the website below to be updated when a claims process is available.

### Your Other Rights

If you do nothing, you remain in the Class and you may be eligible to receive Settlement benefits. You will be bound by all the Court's decisions. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement. The deadline to exclude yourself is **Month Day, 2012**. If you do not exclude yourself you will not be able to sue the Participating Defendants or the Participating Insurers for any claim relating to the lawsuit. If you stay in the Settlement, you may object to all or part of it by **Month Day, 2012**. The Court will hold a hearing on **Month Day, 2012** to consider whether to approve the Settlement and a request for attorneys' fees up to 32% of the Settlement Fund. The Court has appointed attorneys to represent the Class. If you wish, you or your own attorney may ask to appear and speak at the hearing at your own cost.

This notice is only a summary. Use the information below to get detailed information, and to register to receive future notifications about this Settlement and related Chinese Drywall Settlements.

**Call: 1-8xx-xxx-xxxx or Visit www.[SettlementWebsite].com**

# EXHIBIT C

# Notice Program Estimate
*In re Chinese-Manufactured Drywall Products*
**Insurers Settlement**
5/25/2012



## Program Summary

This program will reach an estimated 85% of adults 18 and older nationwide, and over 87% of adults 35 and older in the selected local markets as shown below. (Most homeowners are 35 and older.)

National reach is being reported against Adults 18 and older to include demographic targets beyond homeowners (visitors, renters, etc.).

## Paid Media Components

### Local Market Media
**Television and Local Newspaper in the following 16 markets, with media weighted based on relative number of prior claims received:**

| 90% Overall Reach Markets | | 87% Overall Reach Markets |
|---|---|---|
| Birmingham (AL) | West Palm Beach (FL) | Baton Rouge (LA) |
| Mobile-Pensacola (AL-FL) | New Orleans (LA) | Houston (TX) |
| Ft. Myers-Naples (FL) | Biloxi-Gulfport (MS) | Huntsville-Decatur (AL) |
| Jacksonville (FL) | | Gainesville (FL) |
| Miami-Ft. Lauderdale (FL) | | Orlando-Daytona (FL) |
| Tampa-St. Petersburg (FL) | | Panama City (FL) |
| | | Tallahassee (FL) |

1) <u>Local Television</u>: Thirty-second television spot for 2-3 weeks. (Pricing based on Q2 2012 rates. Due to 2012 elections, television costs and inventory beyond Q2 are subject to availability.)

2) <u>Local Newspapers</u>: One-sixth page insertion in one daily and one Sunday insertion in the highest circulating local newspaper in each market.

3) <u>Local Ethnic Newspapers</u>: One-sixth page insertion in African-American and Hispanic newspapers. The Notice will appear in multicultural newspapers in markets with substantial African-American or Hispanic populations.

### National Media

| Print Media | Ad Type/Size | Insertions |
|---|---|---|
| **Newspaper Supplements** | | |
| *Parade* | 1/2 Page | 1 |
| *USA Weekend* | M Page | 1 |
| **Magazine(s)** | | |
| Better Homes & Gardens | 2/3 Page | 1 |
| National Geographic | Full Page | 1 |
| People | Full Page | 2 |
| Reader's Digest | Full Page | 1 |
| Sports Illustrated | 2/3 Page | 1 |

| **Online Media** | **Ad Type/Size** | **Estimated Impressions** |
|---|---|---|
| *24/7 Network* | 728x90, 300x250, 120x600 | TBD |
| *Quadrant One* | 728x90, 300x250, 120x600 | TBD |
| *Yahoo!* | 728x90, 300x250, 120x600 | TBD |
| *Facebook* | 100x100 | TBD |

| **Broadcast Media** | **Ad Type/Size** | **Estimated GRPs** |
|---|---|---|
| National Network & Cable Television | :30 second spot | 35 |

## Other Media Program Components

Earned Media: Flex Press Release Creation & Distribution (National)
  Release includes national press release distribution, Twitter post to reporters, video distribution of TV spot, selected image distribution, and distribution to select microlists including Construction & Building, Banking, and Real Estate.

Earned Media: Blog Outreach
Keyword Search Campaign (billed at actual cost)
Keyword Search Campaign: set-up & management fee
Production and Distribution: Print Ad
Production and Distribution: Web Ad
Production and Distribution: TV spot
Plain Language Services (publication notice and review long form notice)

Research: Zip code-county-DMA conversion
Notice Materials: Translation

## Notice Administration Components

Settlement Website:
  Includes setup and nine months of hosting; English and Spanish; site would include online registration form to register to receive case updates; site would also include photos of Chinese Drywall for easy reference by Class Members, key court documents and deadlines, answers to frequently asked questions, and additional contact information

Phones:
  Interactive Voice Recording setup, hosting, and reporting for nine months; English and Spanish
Phones:
  Live operators; assumes 80% of callers reach customer service agent