**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

**THIS DOCUMENT RELATES TO:**
**ALL CASES AND**

*Payton, et al. v. Knauf Gips, KG, et al.*
**Case No. 09-cv-07628 (E.D. La.)**

*Gross, et al. v. Knauf Gips, KG, et al.*
**Case No. 2:09-cv-06690 (E.D. La.)**

*Rogers, et al. v. Knauf Gips, KG, et al.*
**Case No. 2:10-cv-00362 (E.D. La.)**

*Amato, et al. v. Liberty Mutual Insurance Company*, **Case No. 2:10-cv-00932 (E.D.La.)**

*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
**Case No. 2:11-00252 (E.D. La.)**

*Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
**Case No. 11-cv-1363 (E.D. La.)**

*Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
**Case No. 11-cv-2349 (E.D. La.)**

*Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
**Case No. 11-cv-3023 (E.D. La.)**

*Vickers, et al. v. Knauf Gips, KG, et al.*
**Case No. 2:09-cv-04117 (E.D. La.)**

**THE PLAINTIFFS' STEERING COMMITTEE'S OMNIBUS RESPONSE
TO THE OBJECTIONS TO ITS MOTION FOR AN ORDER PRELIMINARILY
APPROVING THE GLOBAL SETTLEMENT AGREEMENT, CONDITIONALLY
CERTIFYING GLOBAL SETTLEMENT CLASS, ISSUING CLASS NOTICE,
SCHEDULING A SETTLEMENT FAIRNESS HEARING AND STAYING
<u>CLAIMS AGAINST THE PARTICIPATING DEFENDANTS AND INSURERS</u>**

**I.     <u>INTRODUCTION</u>**

In response to this Court's Order and Amended Order setting for hearing the Plaintiffs'

Steering Committee's ("PSC") Motion addressing the proposed Settlement Agreement in MDL

No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers

(the "Global Settlement Agreement")[Rec. Doc. #14373], only three interested parties filed

position papers or objections.  The PSC hereby submits this response to these objections in an

omnibus fashion.  As discussed below, none of the objections present good grounds to warrant

the cessation of the <u>preliminary</u> settlement approval process requested by our motion.  Rather,

their substantive objections – for example, the breadth of the releases –  address the merits of the

settlement, a matter for <u>final</u> consideration of the settlement; or the merits of their substantive

defenses, a matter for a dispositive motion rather than an objection to a settlement.   Accordingly,

the PSC submits that the Settlement Agreement easily satisfies the threshold preliminary fairness

evaluation to warrant both notice to the class and a final fairness hearing.

Since the objectors have failed to pose any valid objection addressing the procedural

correctness of preliminary approval, the PSC submits that our motion should be granted and the

objections raised be deferred until the Final Fairness Hearing.

**II.     <u>FACTUAL BACKGROUND</u>**

On May 18, 2012,  the PSC filed its motion for preliminary approval of the Global

Settlement Agreement it entered with Participating Defendants and their Participating Insurers [Rec. Doc. 14373].  Therein, the PSC requested an order that would (1) preliminarily approve the Global Settlement Agreement; (2) conditionally certify the settlement class; (3) approve the proposed class notice; (4) schedule a settlement Fairness Hearing; and (5) stay certain claims. Thereafter, this Court issued a scheduling order for briefing and a preliminary approval hearing to take place on May 31, 2012. [Rec. Doc. 14407].  Due to delays between issuing its original scheduling order and the entry of that order by the Clerk of the Court, an Amended Order was issued on May 22, 2012 to allow additional time for interested persons to respond to the motion. [Rec. Doc. 14432].  In response to these Orders, only three separate objections were lodged with the Court.[1]

None of the objectors address any grounds sufficient to interfere with preliminary approval of the Settlement Agreement.   Their objections pertain virtually exclusively to the fairness, reasonableness and adequacy of the settlement, a substantive question regarding its merits that will be addressed at the Final Fairness Hearing.  For example, the WCI Trust

---

[1]*See* (1) Mercedes Homes, LLC's Objection to Docket Entry #14404, Motion for an Order Preliminarily Approving the Settlement Agreement in MDL No. 2047 (Doc. No. 14427); (2) Objection by WCI Chinese Drywall Property Damage and Personal Injury Settlement Trust to the Preliminary Approval of the Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers (Doc. No. 14429); Common Ground Relief, Inc.'s Objection to Motion for Order: Preliminarily Approving the Settlement Agreement; (2) Conditionally Certifying a Settlement Class; (3) Approving the Form Notice; (4) Scheduling a Fairness Hearing; and (5) Staying Claims (Doc. No. 14488).

The PSC was also provided with NPG Chinese Drywall Property Damage and Personal Injury Settlement Trust's Joinder to the Objection by the WCI Chinese Drywall Property Damage and Personal Injury Settlement Trust to Preliminary Approval of the Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers.  The PSC was informed, however, that NPG's Joinder would not be filed with the Court.  As the paper merely adopts WCI's position, the PSC submits that our responses to WCI's objections suffice to address NPG's Joinder.

3

contends that WCI debtors are improperly identified as a Participating Defendant.  Other merit

based objections include the inability of certain parties to evaluate their position in the

settlement.  But these objections also speak to the merits of the settlement and would be expected

to be addressed at the Final Fairness hearing.

Since the objections to preliminary approval are misplaced or premature or both, the

motion for preliminary approval should be granted.

## III.   ARGUMENT

### A.     The WCI Trust Objections are Without Merit

The WCI Trust raises a number of objections to the agreement because it allegedly fails

to provide adequate information and purportedly has numerous problems on the merits.  None of

the objections has merit.  The proposed settlement fairly informs Class Members of their

recovery and permits them to opt-out.  Objections addressing the merits of the settlement are not

a barrier to preliminary approval.  Furthermore, the objections themselves are without basis.

#### 1.     The Proposed Settlement Properly Apprises Class Member
#### of Their Recovery and Gives Them the Right to Opt Out.

The WCI Trust contends that the proposed settlement fails to disclose important

information, including which insurers are paying, how much they are paying and the impact on

the policy limits.  It claims that without this information it cannot determine whether the

settlement is fair and reasonable and whether each contribution is fair and reasonable.    The

proposed Settlement Agreement, however, provides Class Members all of the necessary

information about their recovery.  For example, the notice informs Class Members that a

$80,000,000 settlement fund, with identified credits, is available and that the fund may be

reduced by payment of certain costs and counsel fees up to thirty-two percent.  It advises Class

Members that a fair and equitable procedure will be established to allocate the settlement funds

among the Class Members.  It is anticipated that the allocation plan will be available to Class

Members before the deadline for opting out of the settlement.  With this information, Class

Members will have sufficient information regarding the settlement to decide whether to object to

the settlement or opt out.  They have no need to know the impact the settlement will have on

Participating Insurers to make that determination.

Demanding details of specific recovery is not now, nor has it ever been required in class

notices.  *See In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 197-98 (5th Cir. 2010)("We have

previously held, in the context of non-mandatory class settlements, that a notice is not required to

provide a complete source of settlement information, and that a court does not abuse its

discretion by omitting estimates of unit recovery if it concludes that such estimates were too

unreliable to submit")(citations omitted).  Thus, the objectors' arguments have no sound legal

basis.

Given all of this information, class members are reasonably informed of the terms of the

settlement sufficiently for them to decide whether to object to the settlement.  The exact

precision sought by the objectors is misplaced.

**2.      The Objections Addressing the Merits of the Settlement are**
**Not an Impediment to Preliminary Approval.**

As set forth in our Motion, the standard for preliminary approval is "whether the

proposed settlement appears fair on its face."  *Cope v. Duggins*, 2001 WL 333102 at *1 (E.D. La.

April 4, 2001) (Fallon, J.).  As this Court has previously observed in connection with the

preliminary approval of the INEX settlement, "[a]t the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval." *In re Chinese-Manufactured Drywall Products Liability Litig.*, MDL No. 2047, Preliminarily Approval Order at 4 (E.D.La. May 31, 2011)[Rec. Doc. No. 8818].  *See also Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980) (noting that the purpose of the pre-notification hearing is "to determine whether the proposed settlement is 'within the range of possible approval.'").  Under this standard, any merit-based objections regarding the release of claims and the rights of opt-outs, for example, are premature.  Provided the Settlement purports to be the result of arm's length negotiations, free of collusion, and fair, reasonable and adequate on its face, it should be preliminarily approved so that notice can be given to the class.  Class Members will then have ample time to review all aspects of the Settlement to determine whether to participate in it.

Not only are the WCI Trust's objections on the merits premature, they are without basis for the following reasons:

a.     The WCI Trust complains that the WCI Debtors are identified as Participating Defendants even though the WCI Debtors have allegedly transferred their claims against insurers and defendants to the WCI Trust.  According to the WCI Trust, the WCI Debtors cannot release claims against certain Participating Defendants and Participating Insurers because the WCI Trust, not the WCI Debtors own those rights.  To the extent that those rights have been transferred, there can be no concern that the WCI Debtors are improperly releasing any claims.  The WCI Debtors cannot release claims that they do not have.

b.     The WCI Trust contends throughout its Objection that the Settlement Agreement

requires it to release claims against others regardless of whether it decides to opt-out of the

Settlement.  This objection is without merit for several reasons.  First, the WCI Trust is not a

party to the Settlement Agreement, and is not a Participating Defendant or Participating Insurer

releasing claims.  Second, the Settlement Agreement provides that only those Class Members

who do not opt out will release any claims against others and obtain a release of claims against

them.  *See* Settlement Agreement at Sections 3.1, 8.  Only those Class Members who do not opt

out will be bound by the Settlement Agreement.

       c.      According to the WCI Trust, the Settlement Agreement is overbroad because it

releases claims against Participating Insurers involving homes with Chinese drywall

manufactured by entities other than Knauf.  Objection at 13.  The Settlement Agreement does not

limit potential allocation of settlement funds to class members whose properties contain only

Knauf Chinese drywall, or which qualify for Knauf remediation.   The Settlement Agreement

merely provides for a release of claims against Participating Insurers that are contributing funds

to settle claims regardless of the type of Chinese drywall installed in a class member's property.

This objection is not a basis to deny preliminary approval of the Settlement Agreement.

       d.      The WCI Trust also objects that the Settlement Agreement, which includes the

WCI Debtors as Participating Defendants, improperly contemplates that the WCI Debtors, their

insurers or both will contribute toward the Settlement.  It asserts that claims against the WCI

Debtors have been discharged, and the WCI Trust now controls all aspects of the WCI Debtors'

Chinese drywall claims.  The WCI Debtors are making no contribution to the Settlement.

Rather, the settlement contribution will be made by the WCI Debtors' insurers, who are free to

exercise their rights under the applicable policies to settle claims within their policy limits as they

7

deem appropriate.[2]

   e.  In addition to its other complaints, the WCI Trust is not satisfied with the amount of the Settlement Fund, which it deems to be insufficient.  As discussed in our Motion, the settlement provides a significant recovery for Class Members in light of the posture of the litigation, the estimated damages, the financial conditions of Participating Defendants, the significant risks and uncertainty of apportioning liability to builders, installers and suppliers, and all other material facts available.  For example, a number of Participating Insurers have prevailed on coverage defenses through motions for summary judgment.  The Settlement involves participation by insurers who have denied coverage and might otherwise successfully litigate those issues, limiting the availability of policy proceeds for Class Members.  To the extent that the WCI Trust qualifies as a Class Member, it can opt out of the settlement if it chooses to do so.  That it does not believe the Settlement Fund is adequate to fully compensate it is not a basis to deny preliminary approval to the Settlement Agreement.[3]

---

[2]This same argument is also advanced by Mercedes Homes and addressed further below.

[3]By advancing these arguments, the WCI Trust is potentially placing into jeopardy the ability of its beneficiaries –  the claimants within the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization with homes containing Chinese Drywall – to recover under the Global Settlement.  By pursuing its objection that the Global Settlement is insufficient even to warrant notice to the class, the WCI Trust's agenda is being acted upon at the expense of WCI homeowners with Chinese Drywall Claims within the Trust's Plan.  A real and disqualifying conflict presents itself in this situation.  *In re Corn Derivatives Antitrust Litigation*, 758 F.2d 157, 163 (3d Cir. 1984)("where two clients retained the same law firm to file suit, and where, later, that law firm chose to represent one of those clients against the other in the course of the same litigation," a disqualifying conflict is present).  The WCI Trust is ill-advised to continue its campaign to advance its personal agenda of self-aggrandizement at the cost of WCI homeowner's reimbursement and remediation as its placing the very claimants it purports to represent at risk of losing their entitlements to major benefits from the Knauf, Banner, INEX, and L&W preliminarily approved settlements.  As such, the WCI Trust has jeopardized clients who are absent from their homes for years, many of whom are hurricane victims, from the ability to once again regain their homes for themselves and their families.

f.      Finally, the WCI Trust raises two concerns regarding technical issues.  First, it notes that Section 5.3.4 of the Settlement Agreement requires that all Participating Defendants warrant that they have not assigned their claims against Participating Insurers.  This section was not meant to address the unique situation involving the WCI Trust to which certain rights of the WCI Debtors were transferred as part of a bankruptcy reorganization.  Second, it contends that Section 5.6.10, which addresses deductible and fronting policies, would require the WCI Debtors to release their claim to recover the collateral provided with respect to a fronting policy issued on their behalf.  Section 5.6.10 does not provide for such an outcome.  It merely preserves the Participating Defendants' and Participating Insurers' rights with respect to deductibles and fronting policies as provided by the applicable policy language.

It therefore abundantly clear that WCI's objections are not sufficient to defeat the preliminary fairness evaluation to be made by the Court.  The matters raised by WCI are more appropriately addressed at the Final Fairness Hearing.

## B.      The Mercedes Homes Objection is Without Merit

Mercedes Homes objects to the Settlement Agreement because it is concerned that it may not be able to be a Participating Defendant.  It asserts that claims against it have been discharged in bankruptcy and including it in the Omnibus Complaints violates the permanent injunction imposed by the Bankruptcy Court.  An entity, however, can be a Participating Defendant under the Settlement Agreement whether or not it is a proper defendant in the MDL actions.  The entity or its insurer simply has to be willing to participate in the Settlement.  In this case, the insurers for Mercedes Homes are exercising their rights under the applicable policies to settle the claims.  Mercedes Homes will not be required to make any contribution to the Settlement.  It will suffer

9

no harm by virtue of being treated as a Participating Defendant.

As is evident, the objections raised do not argue against preliminary approval.  They might raise issues to be addressed at the final Fairness Hearing, but not now.[4]

### C.    The Common Ground Relief, Inc. Objections Are Without Merit

Common Ground Relief, Inc. ("CGR") objects to the motion for preliminary approval being ruled upon until such time as its motion to dismiss is resolved.  CGR complains of "the difficulties it faces defending itself on a claim where procedural steps have been standardized," CGR Brf. at 2, and "vigorously denies [liability] (but has not yet had the opportunity to argue)," CGR Brf. at 3.  CGR's objection is procedurally misplaced.

At the onset of this litigation, the Court issued several Pre-trial Orders that were designed to carefully administer what was clearly becoming a burgeoning and prolix docket.  Through PTO No. 1, the court imposed a stay on dispositive motion practice to address the potential onslaught of papers bound for the clerk's office.  Thereafter, the Court permitted discrete motions to be heard provided they were administered through the Motions Committee appointed to oversee the process.  CGR apparently complains that its motion has not been addressed but the PSC is unaware of any motion being presented to the Motions Committee for triage.   CGR apparently is attempting to hijack the preliminary approval of the Global Settlement in order to have its defenses heard.  This Court has presided over prolix litigation involving over 1000 defendants and has guided the litigants (for approximately 50% of the homeowners involved) to a major settlement involving 4 separate defendants that will enable homeowners, many of whom

---

[4]The PSC is informed that Mercedes Homes has expressed an intent to withdraw its objections. Should such withdrawal occur, obviously the PSC's arguments will become moot.

were hurricane victims, to return to a habitable dwelling.  One defendant with one outstanding motion cannot and should not be entitled to forestall thousands of homeowners from the just relief they deserve.

By definition CGR's motion is based upon a purely substantive argument addressing the merits of its defense.  The motion has nothing to do with this Court's preliminary fairness evaluation.  As such, like the other objectors, CGR's objection should not be considered at the preliminary approval stage.  If at all, CGR's objections are best tended to at the Final Fairness Hearing.

## IV.   **CONCLUSION**

For the reasons set forth above, as well as in our moving papers, the PSC respectfully requests that preliminary approval of the Global Settlement and the settlement class be approved and notice should be permitted to be published to the class.

Respectfully submitted,


Dated: May 29, 2012                     /s/ Russ M. Herman
                                        Russ M. Herman, Esquire (Bar No. 6819)
                                        Leonard A. Davis, Esquire (Bar No. 14190)
                                        Stephen J. Herman, Esquire (Bar No. 23129)
                                        HERMAN, HERMAN & KATZ, LLP
                                        820 O'Keefe Avenue
                                        New Orleans, LA 70113
                                        Phone: (504) 581-4892
                                        Fax: (504) 561-6024
                                        Ldavis@hhklawfirm.com
                                        *Plaintiffs' Liaison Counsel in MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Matthew C. Gaughan (On the Brief)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
BECNEL LAW FIRM, LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
COLSON, HICKS, EIDSON, COLSON
  MATTHEWS, MARTINEZ, GONZALES,
  KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS, MITCHELL
  ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
 & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
PARKER, WAICHMAN, ALONSO, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
LUMPKIN & REEVES
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
SEEGER WEISS, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
WHITFIELD BRYSON & MASON LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
dan@wbmllp.com

Richard J. Serpe
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, NW, Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**PROPOSED CLASS COUNSEL**

Arnold Levin
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

Russ M. Herman, Esquire (Bar No. 6819)
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Rherman@hhklawfirm.com

14

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Omnibus Response to the Objections to its Motion for an Order Preliminarily Approving the Global Settlement Agreement, Conditionally Certifying a Settlement Class, Issuing Class Notice, Scheduling a Fairness Hearing and Staying Claims Against the Participating Defendants and Insurers has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 29th day of May, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*
*Co-counsel for Plaintiffs*

-15-