**HOGAN LOVELLS ENGLISH TRANSLATION OF EXHIBIT D**

(Excerpts of "What Happened to Zijin Mining's 2499 Legal Entanglements?" from http://www.legalweekly.cn/content.jsp?id=170515&lm=%E5%85%AC%E5%8F%B8%E4%B8%8E%E6%B3%95)

紫金矿业 2499 起诉讼纠结在哪

## What Happened to Zijin Mining's 2499 Legal Entanglements?

根据公司法，当股东滥用公司法人独立地位和股东有限责任、逃避债务，严重损害公司债权人利益时，可以否定其法人人格，直究公司面纱背后的股东的法律责任。

Pursuant to the Company Law, where a company shareholder abuses the company's independent legal personality or the shareholder limited liability status to evade debts, thereby seriously prejudicing the interests of the company's creditors, the legal personality of the company may be disregarded, and the shareholder who is hiding behind the veil of the company may be pursued directly for legal liability.

对于子公司信宜紫金所面临的赔偿，紫金矿业是否需承担连带责任，尚未可知

It is still not known whether or not Zijin Mining will be required to assume joint and several liability with respect to the damages its subsidiary, Xinyi Zijin, is currently facing.

…

2010 年 9 月 21 日，受台风"凡亚比"带来的罕见特大暴雨影响，信宜紫金所属银岩锡矿高旗岭尾矿库发生溃坝，导致尾矿库下游达垌村 5 位村民死亡。同时，与尾矿库同属钱排河领域的石花地水电站也发生溃坝，石花地水电站下游村庄双合村 17 条生命被卷入洪水。

On September 21, 2010, as a result of the rare, but particularly severe, storm accompanying Typhoon "Fanapi", the Yinyan Tin Mine Gaoqiling Tailing Pool Dam (owned by Xinyi Zijin) collapsed, causing the deaths of 5 villagers in Datong Village, which was located downstream from the tailings dam. In addition, a dam collapse also occurred at the Shihuadi Hydropower Station which, along with the tailing pool dam, is also located in the Qianpai River area. In Shuanghe Village, located downstream from the Shihuadi Hydropower Station, 17 lives were swept away by the ensuing floods.

事发后，22 名死亡村民家属认为，事故发生的主要原因是高旗岭尾矿库溃坝，并因此提起了对信宜紫金及其母公司紫金矿业的民事赔偿诉讼，要求紫金矿业承担连带赔偿责任，索赔金额为 1.17 亿元。

Following the incident, family members of the 22 deceased villagers, believing that the primary cause of the incidents was the collapse of the Gaoqiling Tailing Pool Dam, filed a civil suit for damages against Xinyi Zijin and its parent company, Zijin Mning Group Limited, demanding that Zijin Mining be held jointly and severally liable for RMB 117 million in damages.

…

## 紫金矿业应否承担连带责任

## Should Zijin Mining Assume Joint and Several Liability?

双合村村民家属在起诉之初就把紫金矿业列为被告，也一直质疑紫金矿业在投资信宜紫金过程中涉嫌虚假出资、抽逃出资等问题。

Family members of the [deceased] villagers of Shuanghe Village initially named Zijin Mining as a defendant when filing the lawsuit.  Villagers had always suspected Zijin Mining of making false capital contributions, surreptitiously withdrawing capital contributions and committing other such acts when investing in Xinyi Zijin.

此次的审理过程中，法院应原告申请，调取了一份由信宜市公安局委托鉴定的《司法会计鉴定书》。该鉴定书认定，紫金矿业在对信宜紫金投资中，涉嫌"虚假出资、抽逃注册资本"且存在母公司与信宜紫金等投资企业人员混同、财产边界不清等情况，认为应当对信宜紫金适用法人人格否认制度，使信宜紫金母公司紫金矿业承担"9·21"事故的连带赔偿责任。

During the course of the proceedings, the court, upon the petition of the plaintiff, obtained a copy of a Judicial Accounting Assessment Report commissioned by the Xinyi Public Security Bureau.  The Assessment Report determines that during its investment in Xinyi Zijin, Zijin Mining is suspected of "making false capital contributions and surreptitiously withdrawing the registered capital"; the report also finds commingling between the personnel of the parent company, Xinyi Zijin and other investing enterprises, and that ownership of the property of such enterprises is not clearly defined.  The report finds for the application of a system to disregard the legal personality of Xinyi Zijin, thereby causing Xinyi Zijin's parent company, Zijin Mining, to be held jointly and severally liable for the damages in connection with the "9-21" incident.

…

"一般来说，股东只需根据出资额为有限责任公司承担责任，这是公司法的基础之一。"中国人民大学法学院教授叶林告诉法治周末记者，"但 2005 年公司法修订后新设了法人人格否定制度，又称揭开公司面纱制度，规定当股东滥用公司法人独立地位和股东有限责任，逃避债务，严重损害公司债权人利益时，可以通过揭开公司法人这层面纱，直索公司法人面纱背后股东的法律责任。"

"Generally speaking, shareholders are only required to assume liability for a limited liability company to the extent of their capital contributions.  This is one of the basic features of the Company Law," YE Lin, a professor at Renmin University of China Law School, told reporters at Legal Weekly, adding "However, the 2005 revision of the Company Law established a system for disregarding legal personality, also known as 'the system of lifting the corporate veil', which provides that whenever a shareholder abuses a company's independent legal personality or the shareholder limited liability status to evade debts, thereby seriously prejudicing the interests of the company's creditors, the legal personality of the company may be disregarded, the corporate veil of the company may be lifted and the shareholder behind such corporate veil will be directly pursued for legal liability."

…

不过叶林告诉法治周末记者，虽然公司法设立了法人人格否认制度，但法律和司法解释都未对这一制度的使用制定相应细则，对法条中的"滥用"、"严格损害"等都没有界定，在司法实践中主要还要看法官的裁量。

However, YE Lin also told reporters from Legal Weekly that although the Company Law has established a system to disregard the legal personality of a company, there have not been any

laws or judicial interpretations that set out the detailed rules pertaining to the use of such system; nor have concepts such as "abuse" and "seriously prejudicing" set out in the provisions been defined.  Thus, in judicial practices, [the application of such system] is still primarily dependent on the discretion of the judges.

中国人民大学民商法研究所所长刘俊海教授则认为，从欧美的经验来看，股东有限责任依然是公司法的原则，而法人人格否认制度是例外。倘若股东恶意滥用法人人格，导致公司丧失公司应有的独立性，揭开公司面纱是可以的，但在司法实践中也存在法官滥用自由裁量权的风险，应当注意的是，对公司法人人格可否定也可不否定的情况，应不否定。

Professor LIU Junhai, director of the Institute of Civil and Commercial Law of Renmin University of China, believes that when looking at Europe or North America, the limited liability of shareholders is still a principle of the Company Law, while the system for disregarding the legal personality is an exception.  If a shareholder maliciously abuses the company's legal personality, thereby resulting in the company losing its independence, the corporate veil may then be lifted.  However, in judicial practices, the risk of judges abusing their discretionary powers also exists.  It should be noted that in cases where a company's legal personality can either be disregarded or not be disregarded, the company's legal personality should not be disregarded.

# 法制周末

- 首页
- 案件
- 评论
- 社会
- 国际视野
- 文化
- 公司与法
- 资本市场
- 人物
- 深度阅读
- 文化
- 律所

## >> 公司与法

您现在所在位置：>>公司与法

**紫金矿业2499起诉讼纠结在哪**

日期：2012-01-10 点击次数:315

　　根据公司法，当股东滥用公司法人独立地位和股东有限责任、逃避债务，严重损害公司债权人利益时，可以否定其法人人格，直究公司面纱背后的股东的法律责任。

　　对于子公司信宜紫金所面临的赔偿，紫金矿业是否需承担连带责任，尚未可知

　　　　　　　　　　　　　　　　　　　　　　　　　　法治周末记者　肖　莎

　　2011年最后一天，紫金矿业的一份公告，开启了紫金矿业及其子公司信宜紫金对2010年信宜紫金所属尾矿库溃坝引发的伤亡事件的法律赔偿大幕。

　　2010年9月21日，受台风"凡亚比"带来的罕见特大暴雨影响，信宜紫金所属银岩锡矿高旗岭尾矿库发生溃坝，导致尾矿库下游达垌村5位村民死亡。同时，与尾矿库同属钱排河领域的石花地水电站也发生溃坝，石花地水电站下游村庄双合村17条生命被卷入洪水。

　　事发后，22名死亡村民家属认为，事故发生的主要原因是高旗岭尾矿库溃坝，并因此提起了对信宜紫金及其母公司紫金矿业的民事赔偿诉讼，要求紫金矿业承担连带赔偿责任，索赔金额为1.17亿元。

　　紫金矿业在去年12月31日的公告中称，2011年12月27日，广东省信宜市法院开庭审理了达垌村5名死亡村民家属提起的民事赔偿案，考虑到案件诉讼程序较长，不利于受灾群众尽快得到赔偿，信宜紫金向信宜法院提出调解要求。

1月6日，紫金矿业董事会秘书郑于强告诉法治周末记者，信宜紫金和紫金矿业对达垌村5名死亡村民家属提出的请求全部答应，已支付村民家属提出的赔偿金额318万元，由于信宜紫金的现金有限，紫金矿业对其进行了赔偿支援。

但对于1月4日开庭审理的、双河村17名村民家属提起的民事赔偿案，郑于强却表示，由于事故责任尚未厘清，紫金矿业和信宜紫金尚未提出调解请求，且郑于强认为，信宜紫金作为紫金矿业的子公司，具有独立法人资格，母公司紫金矿业不应承担连带责任。

双合村17名村民死亡引发的15宗案件自1月4日开庭起，截至1月9日仍在审理。

信宜法院新闻发言人杨洪波告诉法治周末记者，由于案件复杂、涉及到的被告众多，法院初步计划在农历新年之前走完法律程序，但或许不会宣判。杨洪波说，应原告要求，现在这15宗案件的被告已经增至28个。

## 紫金矿业应否承担连带责任

双合村村民家属在起诉之初就把紫金矿业列为被告，也一直质疑紫金矿业在投资信宜紫金过程中涉嫌虚假出资、抽逃出资等问题。

此次的审理过程中，法院应原告申请，调取了一份由信宜市公安局委托鉴定的《司法会计鉴定书》。该鉴定书认定，紫金矿业在对信宜紫金投资中，涉嫌"虚假出资、抽逃注册资本"且存在母公司与信宜紫金等投资企业人员混同、财产边界不清等情况，认为应当对信宜紫金适用法人人格否认制度，使信宜紫金母公司紫金矿业承担"9·21"事故的连带赔偿责任。

记者致电信宜市公安局，对公安局出面委托相关部门进行司法会计鉴定（是指在诉讼中，为了查明案情，指派或聘请具有司法会计专门知识的人员，对案件中需要解决的财务会计问题进行鉴别判定的一项司法会计活动）的缘由等问题进行采访，信宜市公安局办公室工作人员告诉记者，该局目前正在办理跟信宜紫金相关的案件，司法会计鉴定书是在办案过程中委托相关部门出具的，但由于案件仍在办理中，细节不便透露。

"一般来说，股东只需根据出资额为有限责任公司承担责任，这是公司法的基础之一。"中国人民大学法学院教授叶林告诉法治周末记者，"但2005年公司法修订后新设了法人人格否定制度，又称揭开公司面纱制度，规定当股东滥用公司法人独立地位和股东有限责任，逃避债务，严重损害公司债权人利益时，可以通过揭开公司法人这层面纱，直索公司法人面纱背后股东的法律责任。"

然而，紫金矿业在法庭上否认了关于虚假出资等指控。

紫金矿业称，在投资信宜紫金过程中已足额缴纳了注册资本金，且目前向信宜紫金提供的股东借款余额仍达2.38亿元；信宜紫金下属的两个项目已经基本建成，所形成的资产都是客观真实的，从主观上和客观上均不存在股东虚假出资和抽逃注册资本问题；信宜紫金旗下的经营实体都有完整的财务账册和财务报表，清晰地记载了信宜紫金的各项经营活动，信宜紫金的财务报表足以证明信宜紫金的财产完全独立于紫金矿业。

在接受法治周末记者采访时，紫金矿业董事会秘书郑于强称已请法学专家做过论证，专家论证的观点和法庭上律师陈述的观点一致。1月8日，紫金矿业还发表声明再次表达此观点。

不过叶林告诉法治周末记者，虽然公司法设立了法人人格否认制度，但法律和司法解释都未对这一制度的使用制定相应细则，对法条中的"滥用"、"严格损害"等都没有界定，在司法实践中主要还要看法官的裁量。

中国人民大学民商法研究所所长刘俊海教授则认为，从欧美的经验来看，股东有限责任依然是公司法的原则，而法人人格否认制度是例外。倘若股东恶意滥用法人人格，导致公司丧失公司应有的独立性，揭开公司面纱是可以的，但在司法实践中也存在法官滥用自由裁量权的风险，应

当注意的是，对公司法人人格可否定也可不否定的情况，应不否定。

"紫金矿业这个案件比较特殊，一边涉及数十个死者和数以千计的受害者，另一边紫金矿业是上市公司，还有数以万计的投资者。判决结果是否适用了法人人格否认制度并无好坏之分，这个案件中重要的是法官不应被案件两头关涉的受害者和投资者牵绊，要根据法律和证据作出经得起推敲的判决。"叶林说。

## 紫金矿业仍愿调解

郑于强告诉法治周末记者，紫金矿业及信宜紫金之所以主动针对达垌村村民的起诉请求调解，是因为达垌村位于高旗岭尾矿库的正下游，公司承认村民死亡的直接原因是尾矿库的溃坝。

"但我们认为双合村村民死亡的直接原因并非尾矿库溃坝，而是石花地水电站的溃坝。"郑于强说。

郑于强说，紫金矿业希望法院请第三方对双合村村民死亡的主要原因进行司法鉴定以分清责任。在郑于强看来，这15宗案件的判决结果很重要，还直接影响紫金矿业面临的其他的2000多宗案件。

信宜法院新闻发言人杨洪波告诉法治周末记者，因溃坝事件，紫金矿业现在面临2499起诉讼，除了近期审理的死亡村民家属提起的诉讼，还有达垌村和双合村2000多名村民提起的赔偿案，要求赔偿溃坝事件造成的财产损失，诉讼总金额高达3.4亿元。

在接受法治周末记者采访时，郑于强说，虽然紫金矿业现在并未主动提起调解，但从长远来看，考虑到诉讼的长期性以及受灾村民的利益，希望能在允许信宜紫金高标准整改、恢复生产的前提下，明确各方责任后，与原告进行调解。

"公司此前也跟信宜市政府提过调解事宜，但政府的态度是先赔偿后复产。然而现实情况是，溃坝事件发生在信宜紫金试投产期间，信宜紫金目前缺乏现金，无力当下就进行赔偿，但其资产价值足够支付应由信宜紫金需承担的合理赔偿金额。"郑于强这些表述的基础是，紫金矿业认为应由信宜紫金单独承担溃坝事件带来的索赔，紫金矿业即使对受灾村民进行资金支持也是出于社会责任考虑。

有业内人士分析称，若紫金矿业不对溃坝事件承担连带责任，在信宜紫金无资金来源、又不能复产的情况下，很可能通过破产对村民进行赔偿。

专做公司业务的律师王东告诉记者，若信宜紫金申请破产以进行赔付，对受灾村民并不一定有利，具体情况要看村民受侵害的债权在哪个等级上。

"如果公司以前有抵押债务，村民的债权就排在抵押债权之后，对村民就不是很有利，因为这样破产后能分到村民手中的款项就很难讲；若公司以前没有抵押债务，那对村民则比较有利。"王东解释说。

对此，郑于强说，无论如何处置信宜紫金的资产，资金都会优先用于灾民理赔。

"但我们不希望信宜紫金破产，希望通过盘活信宜紫金，在恢复生产后，按实现利润的一定比例，返还用于支持受灾群众和当地社区的发展。"郑于强说。

来源：[法治周末]
　　责任编辑：[李元]

版权所有：法治周末  Copyright © 2010
京ICP备10019071号