**HOGAN LOVELLS ENGLISH TRANSLATION OF EXHIBIT E**

(Excerpts of ZHU, Ciyun, "Piercing the Corporate Veil: From Legal Rules to Practices." *Qinghau Law Review*, 2007 Vol. II, pp. 111-125)

无论从境外公司法人格否认的实践经验来看，还是从我国现实经济生活中滥用公司人格的普遍现象来看，公司资本不足或者公司空壳、股东存在欺诈或者虚假、股东过度控制公司或者象对待个人财产那样处置公司财产，是滥用公司独立人格和股东有限责任的主要事实要件，发生这些现象应当适用公司法人格否认规则。而本案中这三个滥用事实都已存在，即股东过度控制公司，将公司资产置于自己的控制之中，恶意抽逃资本导致公司空壳化，欺诈债权人，故意逃避公司债务，已经构成对债权人恶意侵害，显失公平。因此，法院应当在本案中揭开公司面纱，将 JX 建材公司与钢构公司视为一体，要求钢构公司对 JX 建材公司的债务承担连带责任。

Whether from the perspective of the actual practice of disregarding the legal personality of a foreign company, or from the perspective of the common phenomenon of abusing corporate personality in the economic life of China, the following elements are essential in [determining] abuse of separate corporate personality and shareholders' limited liability: the company lacks sufficient capital or the company is a shell company; any of the shareholders have committed fraud or the company has a false shareholder; any of the shareholders have excessive control over the company or treat the company's property as their own.  If any of the above elements exist, the rules of disregarding corporate legal personality shall apply.  In the present case, all of the three elements mentioned above exist – the shareholders had excessive control over the company; they subjected the company's assets under their control, and maliciously and surreptitiously withdrew capital from the company, thereby turning the company into a shell company; they defrauded the company's creditors and willfully evaded the company's debts.  All of the above constitute malicious torts against the company's creditors, and are evidently unfair. In view of this, the court should pierce the corporate veil of the company, deem JX Building Materials and Steel Structure one and the same entity, and require that Steel Structure assume joint and several liability for the debts of JX Building Materials.

| 学堂首页 | 明理论法 | 水木法意 | 紫荆教室 | 学人新斋 | 荷声书馆 | 藤影别院 |



首页　　　学人新斋　　　学者文集　　　朱慈蕴　　　公司法人格否认：从法条跃入实践

## 公司法人格否认：从法条跃入实践

2010-05-09 14:21

关键词：　滥用公司人格 ｜ 公司法人格否认 ｜ 案例指导 ｜ 谨慎适用 ｜ 朱慈蕴

【摘要】滥用公司人格的普遍性与严重性是我国公司法引入"公司法人格否认"规则的诱因，但是，国外公司法人格否认规则向来适用的，因而该规则采用制定法形式的缺陷是显而易见的。为了克服这一缺陷，宜采用判例指导制度。同时，要密切关注公司法中国实践中的特殊性，注意欺诈、资本严重不足和过度控制在公司法人格适用中的关键作用。在司法审判中，应谨慎适用这一规

【英文摘要】The reason why"piercing the corporation veil"principle has been introduced into Chinese Corporation misuse of corporation legal personality is so serious and common that there is a need for doing so. In common la the principle is applied case by case. In order to apply the principle in China, the best solution is to accept guidance of preceding cases. At the same time, we have to pay much attention to reality in which the principle i as well as the key role that fraud. serious undercapitalization and complete dominance play during the applicati comes to the jurisdictions, the principle should be applied in a very cautious way.

2005年修订的《公司法》（以下称《公司法》）第20条第3款规定：公司股东滥用公司法人独立地位和股东有限责任，逃避债务，司债权人利益的，应当对公司债务承担连带责任。"这是在成文法中最明确地规定公司法人格否认（揭开公司面纱）的立法例。"实务界对这一规定都给予了不同寻常的关注。《公司法》寥寥几十字，就将英美判例法上发展了几十年的一项判例制度以成文法入，不能不说是一个创举。但是，自从公司法实施以来，该规定究竟应如何适用，依然没有一个能被人们普遍认可的标准。一时者撰文，一方面积极肯定我国公司法对公司法人格否认规则的引入，另一方面则批评该规则依然原则、抽象，难以操作。而在实法官对这一规则还不十分了解或不能准确把握，大都就该条的适用仍在观望，等待着最高法院司法解释的出台。也有法院因种种为而致债权人利益严重受损，为救济债权人利益而小心翼翼地尝试适用这一规则。一句话，自我国公司法以成文法的方式引入公认规则以来，对其具体适用的问题，无论从理论上还是实务上都还处于进一步探索的阶段。那么，怎样才能更好地运用这一规则司法中纸面的"公司法人格否认"走向活生生的司法实践；怎样才能完善这一规则，是不是只能通过制定法的方式将这一规则再具可以通过司法解释甚或判例指导来引导司法实践；怎样才能在积极运用这一规则的同时又能有效地防止该规则在司法实践中被滥望对此进行一些有益的探讨。

### 一、滥用公司人格的普遍性、严重性是制定法引入"公司 法人格否认"规则的诱因

国内外的公司法研究成果表明，公司制度是通过确立公司独立人格来隔离股东对公司行为的直接责任，从而成为鼓励投资者创业是，这一利器却存在自身难以克服的缺陷，即无法遏制公司人格制度被滥用。权衡公司人格制度促进经济发展的效率性和公司债司风险的合理性与公司人格滥用导致的公司股东与债权人利益失衡的非公正性之利弊，维护公司制度是市场经济中的一种理性选们解决滥用公司人格的各种弊害时，除了通过填补公司制度本身的漏洞予以防范外，最重要的还可以通过揭开公司面纱的事后救

个案中否认公司的独立人格而将股东置于债权人面前承担责任，从而达致公司大厦中利益失衡的股东与债权人再度获得利益平衡方国家伴随公司制度的迅猛发展，创设了"揭开公司面纱"的规则。

我国虽然实行公司制度时间不长，但滥用公司人格的现象却是与公司制度的发展相伴而生，甚至在我国公司制度不缜密、信用体及滥用公司人格、侵害债权人利益的违法成本过低的环境下，滥用公司人格现象极为普遍：第一，设立空壳公司，诸如出具虚假虚假验资、领取营业执照后以各种名义抽逃资金，致使公司并无真实资本或注册资本实际为零。第二，公司资本严重不足，即以本从事规模、风险都不能与之相适应的事业。虽这种行为不同于设立空壳公司，欺诈意图明显，但在大多数场合下，公司资本严公司过分依靠大量借入资本维持公司的正常经营，一旦在资金链条上出现一个裂痕，就可能引发多米诺骨牌效应，致使公司大厦塌。这无疑加大了公司失败的风险，对债权人十分不利。第三，公司在形式上的形骸化，诸如股东虚化、公司不具备完善的组织或者虚设股东会或董事会，控制股东直接控制，只不过利用公司的外壳锁定自己的责任。第四，利用公司于不正当目的，主要指司故意逃避合同义务或者法定义务。如使用"金蝉脱壳"之伎俩，将具有经营价值的资产转投资到一家新公司，而将债务全部留下不年检，致使原公司被吊销营业执照，或者不投入必要环保设施、不给职工投保险或只投最低险等，致使债权人无法得到债务清到必要救济。第五，股东与公司或者姐妹公司之间的混同，如资产不分、账簿联合、人事交叉、业务混同，甚至注册地、营业地户、电话号码完全相同，以致外界完全无法分清是与股东还是公司打交道。以上诸种情况，多数都伴有欺诈，对公司债权人极为此，引入公司法人格否认规则实属必要。

公司法人独立人格、独立责任和股东仅在出资范围内承担责任的规则始终是公司法律制度的基石，具有不可动摇的地位。而通过纱的适用，也仅仅是修复公司法人独立人格和股东有限责任之墙上的破损之洞，并不是要将这座坚固的大厦摧毁，因此，决不允规则。这样，作为不具有判例制度的国家，当然需要对"公司法人格否认"规则以法律明示的方式予以引入。所以，我国在修改公地引入了公司法人格否认规则，恰恰是为了应对中国现实中公司法人独立人格被滥用的严峻事实而作出的明智选择。

**二、公司法人格否认规则的特点与制定法的缺陷**

说到公司法人格否认规则，我们必然会想到以首开"公司法人格否认"之先河者而著称于世界的美国法官桑伯恩（Sanborn），他在沃基冷藏运输公司（U. S. v. Milwaukee Refrigerator Transit Co）一案中如此描述这一规则："一般规则是公司将被认为是法是当有足够的理由认为相反情况存在时，法人的存在被用来损害公共利益，将错误行为合理化，保护欺诈，或者保护犯罪，法律为人的集合。"[2]然而，这只是从该规则适用于何种场合的角度对揭开公司面纱规则进行的一种现象描述，并不是一种定义或者上，即使作为美国这个大量运用揭开公司面纱规则的国家，该规则依然被包裹在比喻的迷雾中，法院至今仍然不愿意对这一原则界定，也很少有人对揭开公司面纱进行精确地论述，也许是因为这个规则变化太快了。到了20世纪80年代后期和90年代前期，随面纱案件的数量和种类不断增多，无论积极赞同的学者还是消极反对的学者，都试图为这一规则确立更为明确的标准。"时常有人公司面纱原则进行综合论述，但这些尝试无一例外都失败了。"[3]

那么，为什么揭开公司面纱规则难以被明确地阐述？原因至少有两个：第一，揭开公司面纱的规则是与公司本质密切相连的概念对公司的本质和公司需要达成的目标处于若干不同的理论中并且这些理论还在不断变化，那么这一规则就会不断地变化，其真谛者们轻易所捕捉到。"如果要想理解揭开公司面纱原则，最好的办法就是明白：可能对于揭开这一问题的解决方式来说，有几乎同公司的理论和个人观点。只要我们对于公司的理论在不断的变化，或者关于公司的理论彼此存在争论，那么就会有关于这一规则不同意见，因此任何学者想要让揭开原则完全明确的努力都注定失败。"[4]第二，揭开公司面纱的规则和欺诈在很大程度上有重此我们很容易理解人们为什么不愿对这一非常难以表述的规则进行界定：即即防止那些不法之徒在遵守规则字面意思的同时，进行[5]举例而言，比如，现确定若干公司住址、电话、银行账号同一，或者人事交叉、财务不分、业务趋同即构成人格混同之表征，回避这些表征，将上述事实状态间接化，但依然保有实质混同，不过就是导致股东控制多家公司的成本略增，而同时也使债权人法院判断多家公司人格混同或者母子公司人格混同的难度增加罢了。所以，我们发现，"在这样一个制定法主导的年代，揭开公司一个非常有活力的普通法原则。"[6]

另外，我们从制定法的角度看，制定法最优越之处即在于它的可预测性。因为其具有法律内容确定、体系完整、逻辑清晰之特点为人迅速地把握规范，对照践行，避免违法之风险，并保证执法的统一、公正。因此，我们通过公司法的制定法形态确立了公司规则，用以规范利用公司形式进行投资的股东行为，防止股东滥用公司合法目的攫取不当利益，实现公司股东与公司债权人之间衡。显然，这将引导投资者正当地利用公司形式实现自己的营利目标，并有助于公司法人制度之大厦稳固、夯实。但是，制定法比较突出。表现为：一般规则对个别案件之局限；有限规则对无限客体之局限；模糊规则对确定事项之局限；刻板规则对丰富内[7]其实，制定法由于其内涵僵化和列举不周延，往往在司法实践中难以面对纷繁复杂的社会实践。

因此，作为传统的大陆法系国家，为了完善公司法人制度，防止或者减少公司独立人格被滥用的现象，促进经济发展，我们不得法的方式原则性地引入揭开公司面纱规则；但是，我们必须清醒地认识到，除了制定法本身有着难以克服的局限性外，公司法人自身的难以描述、归纳、界定的特点，也使其无法在制定法中对具体适用标准进行详尽规定。所以，我国修改公司法时，考虑到因，采纳了对这一规则进行原则性规定的做法。

### 三、确立公司法人格否认规则的案例指导以弥补制定法的缺陷

法律的本质是对相互冲突的利益进行分配，无论是立法活动还是司法活动都实现着对冲突的利益进行分配和再分配的功能。区别体现的是大多数人的意志或者强者的意志，并在不特定的社会成员中分配利益，后者往往针对个案中特定的社会成员之冲突利益且特别关注的是对弱者的救济。结合"公司法人格否认"规则来看，《公司法》第20条第3款所作的规定，体现了社会中绝大多数人的意愿，希望对那些不诚实守信、滥用公司独立人格和股东有限责任损害债权人或者其他相关利益群体的"害群之马"进行"制裁利益受到侵害的债权人或者社会公众寻求救济的一管通道，以使公司组织健康发展，实现促进经济长足进步的目的。而当法院在进行裁判时，针对特定的滥用公司人格者，"挪开"其有限责任的"庇护屏障"，令其对债权人直接负责，以重新分配股东与债权人利益。因此，立法活动和司法活动在整合各种利益冲突关系中实际上各有各的功能。

司法的功能分析，需要关注司法判决的理由和根据，更需要关注不同判决之间的相互协调、相互包容与相互支撑程度，特别是为问题同样对待，不同问题不同对待的公平、公正目标，需要考察司法判决对社会的影响以及社会对司法活动提出的要求。[8]但是目标仅依靠制定法达致是不可能的，即使成文法规定非常完备。那么，在司法实践中，法院除遵从制定法的明确规定外，往往还的一般原则、一般条款，通过法院的司法解释，通过类推制度以及必要的案例指导的适用来对十分复杂的、多变的、个性化极案。而其中，案例指导具有不可忽视的特殊意义。这些特殊意义就在于，其尊重了经验，即通过把握牢固的法学理论基础并结合使法律得以复现；其实现了平等，即要求同样问题同样对待，不同问题不同对待，以便将立法上的平等贯彻到司法领域中；其维即通过判例的引证实现同类型案件大体一致的裁判结果，并使人们对司法公正产生一种合理的预期。因此，案例指导在弥补制定全面性、深刻性、渐进性、便利性、灵活性、修正性等方面具有司法解释、类推制度以及一般原则或者一般条款所不具备的优点

就公司法人格否认规则而言，"关于这一法理的适用范围，多数人认为它是基于正义、衡平的理念，作为例外的判例法理而存在的......"[10]但我国作为大陆法系国家，无采用判例法之习惯。如若选择彻底采用英美法系国家的判例法规则，无论是法官素质境都不允许，而且也不是一蹴而就的易事。因此，实行案例指导，由最高法院通过定期发布的方式，选择带有指导意义的典型案人民法院起着某些示范的作用，确实是一个明智的选择。结合我国《公司法》第20条第3款关于"公司法人格否认"的规定来看，内则，使得运用这一规则的司法实践明显地受到制定法的局限。各级法院适用该规则也十分谨慎，甚至依然心存疑虑。特别是出于格否认制度滥用的担心，更让处于审判一线的法官不敢轻易挥舞法人格否认的利剑，以免错斩公司之法人独立地位和股东有限责那么，通过最高法院发布案例指导来引导这一规则的司法适用，无疑是一座推动"纸面上的"公司法人格否认规则走向实践的桥梁

### 四、关注公司法人格否认在中国实践的特殊性

显然，我国公司制度整体上来说还很不完善，公司运行机制、文化背景等等与市场经济发达国家和地区比较有着不同的特点。同法人格否认规则的实际适用也应有其特殊之处。

（一）适用公司法人格否认的公司类型

一般而言，揭开公司面纱多发生在闭锁公司中，这已为美国的汤普森（Robert Thompson）教授和澳大利亚的拉姆齐（Ian Ramsa所做的实证研究证明，[11]并且公司股东的数目与揭开公司面纱的几率呈反向相关。[12]这是因为，美国公众公司股权结构相对股东很难控制公司。而相比之下，封闭公司股权集中，股东通常都在公司任职，比较容易形成对公司的不当控制，从而导致揭开发生。但是在中国，问题就变得复杂得多。由于上市公司中普遍存在着控股股东，截至2006年8月，中国上市公司共发行股份108股，其中不流通的发起人股达5146．76亿股，占全部股份的47．3％。[13]而发起人股大多数是国有控股公司或者国有控股的企然我国已经成功地进行了股权分置改革，使流通股和非流通股之间分裂的现象得以改变，但并不意味着股权高度集中的局面有所去的几年中，上市公司大股东掏空上市公司的报道不绝于耳，中小股东和债权人束手无策。面对这样的经济现状，境外的统计数为一种现象的综述，而远非一种原则。就是说，在中国，股东控制公司且滥用公司法人独立人格和股东有限责任的现象，不仅大闭的有限责任公司中，在股份有限公司，甚至在上市公司中都普遍存在。因此，只要符合第20条第3款的条件，不论是什么类型自以适用法人格否认。当然，对大型的公众公司适用公司法人格否认规则应当慎重。

（二）适用公司法人格否认的债的类型

揭开公司面纱的制度是债权人利益保护的尚方宝剑，但是这一事后救济原则是否对自愿债权人和非自愿债权人同等适用，学者观一。在美国，很多学者或基于统计数字得出结论，或经研究提出自己的主张，强调揭开公司面纱的适用几率在自愿之债和非自愿下应有所不同，或者说法院面对自愿债权人和非自愿债权人的诉求，往往更应倾向于支持非自愿债权人。[14]对于非自愿债权人公司面纱的标准应该从宽，而对于自愿债权人，除非在极端恶劣的情况下，有限责任原则应当被维护。例如，Powell教授在讨论情况下揭开公司面纱的第二项标准"欺诈或者不公平行为"时，强调母公司利用子公司进行侵权行为被认为违反了公平原则，但是约却不违反。[15]但是，实际调查的数据恰好相反，在法院判决揭开公司面纱的案例中，自愿债权人诉求之胜诉比率高于非自愿的胜诉比率。[16]Thompson发现在非自愿的债权人诉求的情况下，法院并不情愿揭开公司的面纱。Thompson并没有为这一结论提因，事实上，他认为这是不应该出现的、错误的结果，并建议立法或者通过公司法的原则对此予以修正。[17]而另一个著有揭开作的美国学者Stephen Presser则断言：在Thompson的研究结束后的很多年内，侵权债权人事实上比自愿债权人更有能力引起公开。[18]

从中国《公司法》第20条第3款"......逃避债务，严重损害公司债权人利益的......"的规定来看，一方面本款未就债的类型进行的划分，按照学理解释，这里的债务应是广义的，包括合同之债、侵权之债、劳动之债、税收之债等。[19]这里需要强调的是劳权人职工，虽然其与公司签有劳动合同，形式上看属于自愿债权人，但由于劳动合同中的企业一方往往处于强势地位，导致职工接受苛刻的劳动契约。在劳动合同的执行过程中，职工利益的维护也比较困难，故而通常将职工视为非自愿债权人。另一方面，强调公司股东滥用公司独立地位而对公司债权人利益的损害应当达到严重程度的同时，亦未区分是指手段恶劣，如欺诈，还是结使债权人损失惨重，因此，当然应理解为两者皆有。由此可以得出结论，我国《公司法》第20条第3款关于揭开公司面纱的有关规实际上是更有利于侵权债权人提起诉求。换言之，当自愿债权人提起揭开公司面纱之诉时，法院可以从严把握，因为自愿债权人愿选择与公司进行交易而承担风险，除非其能够证明公司有欺诈行为而致其无法恰当地评估风险；而当非自愿债权人提起揭开公司时，因为他们受到侵害之前对公司毫无了解，很难掌握股东滥用公司独立法人人格的恶劣行为，而根据公司法的这一规定，其只与股东在人格上难以区分且自己受到严重的损害即可。

事实上，我国公司法的这一立法状况更符合中国目前所处的市场经济发展初级阶段的基本国情，因为在中国，公司实施不当行为务、侵害员工利益、肆意污染环境以使公司之股东获取不当利益的现象非常普遍，而且公司的非自愿债权人作为股东滥用公司人限责任的受害人，根本没有任何机会事先予以防范，特别是环境污染或者员工危险作业案件中的受害者人身伤害之严重程度往往因此，根据新《公司法》第20条第3款的规定，我们应肯定在中国，法院更应倾向于利用公司法人格否认原则对非自愿债权人予以，应当认为《公司法》第20条第3款可以适用任何类型的债权人揭开公司面纱之诉求。

（三）反向揭开公司面纱和姊妹公司之间揭开公司面纱

公司法人格否认是一种衡平法上的救济措施。法院的态度是承认公司法人实体一般意义上的独立法人资格，但是在有充分证据表司形式为欺诈、不法行为或者其他不当行为时，或者有压倒性的公共政策存在的情况下，允许否认该公司法人资格。[20]在美国公司面纱规则司法实践的发展过程中，曾出现通过揭开公司面纱让公司承担股东的债务以及否认姊妹公司各自的独立人格而被视例，这意味着公司法人格否认法理适用范围的扩大。前者是指公司股东滥用其控制权，将公司股东的利益非法输送给公司（或者的利益非法输送给子公司），造成公司股东的债权人利益受到损害，公司股东或者母公司的债权人要求子公司承担母公司的债务是指公司股东滥用其对若干公司的支配权，为达到规避法定义务或者合同义务，利用多个姐妹公司之间的关联性转移利益或者费中一个或者若干个公司的利益以求其作为控制股东在公司集团中的利益最大化，而应其中某个公司债权人之请求，否认姊妹公司独立性，共同对发生的债务承担责任。[22]显然，这并不是随意的一种主张，而是严格遵循法解释学的规则，对公司法之基本原的结果。

在中国，同一股东或者有着极其密切关系的股东设立若干公司，并完全控制这些公司的运营，诸如"一套人马，若干牌子"的姐妹非常普遍的。股东们经常根据逃避合同义务或者法定义务和获取不当利益的需要，在这些公司中调动资产、输送利益，完全忽略公司的独立人格，造成对某一公司的债权人之利益侵害。因此，虽然我国《公司法》第20条第3款关于"公司法人格否认"规则的表传统的公司法人格否认的场合，即公司股东滥用公司独立人格和股东有限责任，严重损害公司债权人利益时，公司股东应当对公连带责任。但是，根据姐妹公司的大量存在且独立性难以保障的情况，将这一规则适用扩展至姐妹公司之间的人格否认，应符合确立这一规则的立法意图。之所以如此，是源于姐妹公司的同一股东或者有着密切关联度的股东滥用了这些姐妹公司的人格，在玩耍公司的幻影，致使这些姐妹公司不过就是股东们逃避义务的工具。那么，否认姐妹公司各自的独立人格，将各个姐妹公司视

其中特定公司的债权人之请求承担连带责任，不过就是将滥用姐妹公司人格之股东的责任延伸到完全由他们控制的姐妹公司上，股东滥用若干姐妹公司实现逃避债务或损害公共政策目标的违法行为，救济利益受损的债权人。同样，在公司集团中，由于母公子公司，为了达到逃避债务的目的，也有将不当利益从母公司输送到子公司的情况。因此，在特定场合下反向适用公司法人格否子公司承担母公司的债务，保护债权人的利益，同样符合立法意图，具有合理性。

（四）把握一人公司场合下适用公司法人格否认规则的特殊性

在西方揭开公司面纱的实践中，"法院对一人公司的态度与其他任何公司并无任何不同，并适用相同的标准。但是，很显然，在一下，更容易导致揭开面纱。其中的道理与封闭公司相同。"[23]但在我国，由于市场信用体系不健全，一人公司与其股东之分离十人股东滥用公司人格的现象更为普遍。因此，我国《公司法》在64条对一人公司适用这一规则进行了特别规定，即"一人有限责任不能证明公司财产独立于股东自己财产的，应当对公司债务承担连带责任。"那么，第64条与第20条第3款的关系是怎样的呢？是是需要满足第20条第3款的条件下才能适用？

首先，从体系解释的角度，第20条第3款规定在公司法的总则部分，其应当具有统领的作用，即无论有限责任公司还是股份有限公多名股东的公司还是只有一个股东的公司，出现公司独立人格被股东滥用的问题，都可以适用《公司法》第20条第3款；而第64条限责任公司中一人有限公司的特别规定一节中，其与第20条第3款的规定类似于总则和分则的关系。因此，欲揭开一人公司的面纱第20条第3款的条件。

其次，之所以立法者在一人公司中专门规定公司法人格否认制度，当然具有特殊性，即这一规定抓住一人公司中股东滥用公司人的现象就是公司与股东的财产不分离。那么，通过加重股东的举证责任，要求一人公司的股东证明公司财产独立于自己的财产，公司债务承担连带责任的规定，就可以有效遏制这种现象，以促使一人公司健康发展。应该说，公司财产不足或者不独立，对揭的影响很大，尤其在一人公司的场合下，公司资产证明至关重要。而将公司财产独立于股东财产的举证责任倒置给一人股东，充人公司的特点。但这是否意味着债权人只需要依据第64条到法院提起诉讼就可以了呢？答案是否定的。根据第20条第3款的规定，要证明其债权受到了严重的损害，具体表现为公司不履行或者不能履行到期债务，公司的账面资产已经严重不足等。

再次，只有当一人公司出现股东与公司的财产混同时，可以适用第64条规定，要求一人股东承担自己的财产与公司财产分离的举证不能即可适用公司法人格否认规则。除此之外，一人公司出现其他股东滥用公司人格的现象，诸如人事和业务混同、公司形骸同样适用《公司法》第20条第3款的规定，举证责任无需倒置。

**五、欺诈、资本显著不足与过度控制在公司法人格否认规则**

适用中具有关键作用

自从我国新公司法实施以来，利益受损的债权人向法院提起揭开公司面纱之诉的案件时有发生，但是，被法院支持诉讼请求而揭的案件并不多，有一些法院驳回诉讼请求而否定公司面纱揭开之诉，或者通过其他法律规定、一般规则进行救济。下面引用一个明：

原告建材公司以行使代位求偿权和公司法人格否认为诉讼请求，要求钢构公司代替JX建材公司偿还债务163万元，并将JX建材公司参加诉讼。

经查明，JX建材公司的注册资本100万元，由A、B、C、D、E五名自然人股东分别出资20万元、20万元、25万元、25万元、10万元材公司成立后，与当地政府签订《征用地协议书》一份，约定征地面积约为30亩，征地费用为50万元。《征用地协议书》签订后司以银行转账方式向当地政府支付征地款50万元，但却将该宗土地登记在钢构公司名下。钢构公司系在JX建材公司之后的1998年注册资本300万元，股东为6位自然人，除JX建材公司的五位股东A、B、C、D、E外，还增加了F，其中货币资本30万元（B拥有20万10万元），实物资本270万元（上述六位股东分别拥有60、40、75、15、20、60万元）。但是，该公司股东用于出资的资本均来源司。前者在JX建材公司下属一服务中心出具的《转款说明》中载明为欠B和E货款，因此应B和E的要求代其将款转至钢构公司账户JX建材公司下属一销售服务中心的《转款说明》中得以证明，实物资本（包括前述的征地电费用）系由JX建材公司支付。

现原告诉称：第三人JX建材公司至今并未履行2003年业已经过两审终审判决确定的债务131万元，致使原债务加上诉讼费用及迟延损失，共计达163万元。而导致JX建材公司无法履行债务的原因是，JX建材公司自成立以后，为达到逃避债务之目的，不仅将征用构公司名下，而且钢构公司的全部注册资金300万元均来源于JX建材公司，钢构公司一直未归还上述款项（包括征地款）。上述款

材公司对钢构公司的债权。由于JX建材公司既没有主张被告清偿上述债权，也未履行对建材公司的相关债务，故建材公司依法要偿，即要求钢构公司给付诉请金额163万元。庭审中原告还明确表示，主张钢构公司代JX建材公司承担还款责任的理由还基于该二司法人人格混同的情况。

被告辩称：1．钢构公司对JX建材公司不负有任何到期债务，钢构公司设立时的注册资本金是钢构公司股东对钢构公司的投资款，如何取得该笔资产与钢构公司无关。2．原告提出的法人人格混同在我国现行法律法规中并无任何规定，于法无据且无任何证据支人人格混同一般存在于母子公司，一公司为另一公司的股东，或表现为两公司股东完全一致，营业场所一致，财务账簿不分或一全相同，本案中JX建材公司与钢构公司并不存在上述情况。3．钢构公司成立于1998年，而原告与JX建材公司债权债务的形成时间司成立之后累计形成的，二者显然不具有因果关系。

法院认为，本案中原告在起诉状中提出的诉讼请求及所陈述的事实和理由，系代位权之诉。原告对第三人JX建材公司享有合法到各方当事人无争议的事实。但原告认为，第三人对被告也享有债权，理由是被告钢构公司注册成立时无偿从第三人处取得了300万金。而法院经审理查明300万元注册资本是以6名自然人股东的名义投入被告公司的，与被告无关，不能作出第三人怠于行使其债于行使而侵害原告债权的结论。

关于原告提出自己利益受损的原因还基于被告与第三人之间存在公司法人人格混同的事实。对此，法院认为，在我国现行《公司法律规范中，对公司法人人格混同的概念、特征及法律责任等问题并无明确界定，审判实务中亦欠缺明确的判断依据，结合本案供的证据也不能充分证明被告与第三人之间存在公司资产混同、财务管理混同、办公地址和人员混同等事实，并遵循《公司法》格独立的基本立法精神，本院对本案所涉钢构公司与JX建材公司两公司存在法人人格混同的事实不予认定。[24]

在此，我们忽略本案原告申请代位求偿权的主体错误问题，法院未支持原告关于揭开公司面纱的诉讼请求，是值得商榷的。

我们先来看看境外一些国家和地区最常用的请求公司法人格否认之诉并获得成功的主要理由：

1．美国：其相关实证分析表明，在当事人提起揭开公司面纱之诉的判例中，申诉理由中提到存在虚伪陈述事实的，法院判定揭开比例高达94％，而提到公司资本显著不足理由的，公司面纱最终被揭开的比例也达到了73％。当然，除了虚伪陈述外，公司是否的另一个自我或工具，往往都是法院重点考虑的因素。如果原告提出公司为控制股东的另一个自我的证据，法院揭开公司面纱的6％。而如果公司被证明只不过是控制股东的工具，则揭开公司面纱的比例可高达97．3％[25]

2．澳大利亚：有实证分析表明，不公平或者不公正是胜诉最多的诉由，在胜诉案例中约有60％提到这一诉由。欺诈（大约41．5类（大约39．5％）的刺破比率都接近总的平均水平。有关公司只是一个伪品或提包公司的诉求的刺破比率较低（37．5％）。最企业（大约24％）。[26]

3．日本：在日本的公司法人格否认的司法实践中，一般强调两个基本要件：一是"控制要件"，即法人格被其背后的控制人的意志是"目的要件"，即法人格被违法或者不当目的所利用。[27]并且，该法理的适用通常发生在两种场合中：其一是法人格完全沦为合，即公司形态只是稻草人，其实质上只是个人营业或者母公司营业的一部分。如全部股份实质上为一人所有，股东控制公司的股东与公司或者公司之间主体混同，公司财产与个人财产的区分不分明，不遵守公司法上的程序，空壳公司或者榨取公司利益等人格被滥用的场合，如规避法律（包括规避法定竞业禁止义务、公司作为被投保人参加保险而由股东故意制造事故、为解雇劳动而伪装解散公司），逃避合同义务（包括逃避合同上的竞业禁止义务、为逃避公司债务而设立其他公司），设立资本过小公司来为责任的减少等等。

4．韩国：在韩国适用公司法人格否认规则中，被认为是最重要且最难的问题就是适用要件。可能在不同的案件中，法官主张公司的适用要件不统一，但具备股东控制要件和被视为不公正要素的资本显著不充分要件，几乎是被公认的。[28]

综上，虽然各国在适用公司法人格否认规则时所依据的要件并不统一，但下列因素一般在法官审理这类案件并最终成功地揭开公别考虑：（1）公司资本严重不足，这可能是诈骗；（2）股东和公司之间财产混同；（3）股东像对待个人财产一样对待公司财产瞒或歪曲公司的真正信息；（5）公司控制股东与公司进行了大量的关联交易；（6）公司没有必要的记录等等。这其中，如果存司债权人实施虚伪陈述或其他诈欺行为，几乎绝大多数国家和地区都会力主揭开公司面纱。

现在我们再来看看本案的情况：

首先，资本不足的问题突出。本案的第三人JX建材公司是因为公司资本不足而无法偿还原告的债务，而导致JX建材公司资本不足公司股东将公司资本"掏出"成立了钢构公司，包括其支付了土地征用费的土地也被登记在钢构公司名下。显然，对于JX建材公司股东恶意抽逃资本，使得公司资本"亏空"，无法兑现其偿债能力，当然应当由恶意的股东对公司债务承担连带责任。所以，如果不足作为一种足以揭开公司面纱的行为，那么这种行为必须足够严重，以致可以被认为是对于公众的欺诈。[29]

其次，欺诈或者虚假贯穿了本案的全过程。本案的股东们无视JX建材公司的独立人格，随意挪用公司的资本，使得公司的注册资虚设，而且"转投资"规模大大超过其自身的100万元注册资本数额，达到300万元。这意味着成立JX建材公司的目标令人怀疑。就JX建材公司如果以公司的名义将自己的资金进行转投资，不仅公司法上不禁止，而且也是投资者为了分散自己的投资风险经常采性的经济行为。但仔细分析，本案的转投资行为却充满了令人疑惑的问题。（1）本案中组建钢构公司的资本来源于JX建材公司，的股东不是JX建材公司，而是该公司的全体股东。很明显，通过一个公司与股东之间简单的"借款"行为，就轻而易举地将公司资股东名下。而且，JX建材公司的股东们在1998年底"借用"公司资产去投资，经过2003年底本案原告获得法院二审终审的胜诉判决们一直没有偿还公司"借款"，显然是打算永久地占用这些资产，不过就是用借款形式障人耳目从而达到抽逃资本的目的罢了。（活动彻底改变了JX建材公司的资本结构，使公司资本大量地表现为债权，大大降低了公司资产的运营能力和信用能力，对本公司活动造成重大影响。（3）股东们"挪用"公司资本组建钢构公司，大大超过JX建材公司的自有资本，这意味着股东们不仅动用了本的"自有资本"，而且动用了本公司的各种"借入资本"或者未分配利益，大有"分光吃净"之势，对本公司的债权人极其不利。（4）并不是一个投资公司，但是却将全部家底以股东名义对外进行投资，以致公司本身的经营活动难以为继，甚至将自己支付了土地地使用权登记于钢构公司名下，欺诈债权人的意图昭然若之。

再次，股东对公司的控制极其明显。本案的JX建材公司和钢构公司的股东重合度极高，虽然不能因此而简单确定两个公司人格混从基本事实来看，股东对公司的控制度是非常高的。比如，JX建材公司将达到自有资本300％的资产借给自己的各位股东，并以他立钢构公司，对JX建材公司而言是典型的关联交易。如果不是股东们控制公司，何以能使这种可以致本公司彻底丧失偿债能力的而易举地得以实施呢。并且，两个公司之间股东基本雷同。可以设想，股东们对JX建材公司如此控制，为所欲为，将其资本随意损害JX建材公司的债权人，谁能保证日后根据"需要"，股东们不会如法炮制钢构公司的资本大转移，再去置钢构公司的债权人于然，JX建材公司的股东们过度控制了公司，对待公司的财产就像对待自己的财产那样随意处置，实际上将公司变成自己获取不当偶。

无论从境外公司法人格否认的实践经验来看，还是从我国现实经济生活中滥用公司人格的普遍现象来看，公司资本不足或者公司存在欺诈或者虚假、股东过度控制公司或者象对待个人财产那样处置公司财产，是滥用公司独立人格和股东有限责任的主要事实这些现象应当适用公司法人格否认规则。而本案中这三个滥用事实都已存在，即股东过度控制公司，将公司资产置于自己的控制抽逃资本导致公司空壳化，欺诈债权人，故意逃避公司债务，已经构成对债权人恶意侵害，显失公平。因此，法院应当在本案中纱，将JX建材公司与钢构公司视为一体，要求钢构公司对JX建材公司的债务承担连带责任。

### 六、司法实践中应当谨慎运用公司法人格否认规则

公司法人格否认规则是为维护公司法人制度、修正实践中股东滥用公司独立人格和股东有限责任制度并保护债权人的一把利剑。所有法律制度一样，公司法人格否认规则也不得滥用，否则将危及公司制度的大厦。

（一）严格把握公司法人格否认规则的构成要件

在有些美国学者的眼中，揭开公司面纱"恰似闪电……罕见，剧烈，不规则"，[30]这在一定角度说明了揭开公司面纱适用标准如美国最著名的大法官本杰明·卡多佐所指明，法院在适用揭开公司面纱时所采的标准也似雾里看花，比喻的迷雾中让人们迷失部问题"仍被包裹于比喻的迷雾中"。[31]显然，几十年过去了，这种状况并未改变。我国没有判例法的传统，因此，我们选择了定来减少公司法人格否认适用标准的不确定性。然而，成文法规定根本无法将所有或者至少绝大部分可以适用公司法人格否认的举，为避免挂一漏万，也为防止当事人对既定法律的规避，而不得不采用极为抽象的描述规定这样一个复杂的制度。当然，立法认为："这里对公司法人人格否定的适用条件仅作出两项原则规定，主要是因为实际中股东滥用公司法人独立地位或者股东权利也很复杂，难以一一列举，在法律中确定适用的原则，主要是为司法机关提供具体适用法律的依据，具体情况可由司法机关认定判。"[32]因此，在我国，依然存在对《公司法》第20条第3款规定的如何解释的问题。根据"公司股东滥用公司法人独立地位和股任，逃避债务，严重损害公司债权人利益的"，至少在适用公司法人格否认原则时，其构成要件包括三个基本部分：

1．滥用公司法人独立地位和股东有限责任的事实

这是公司法人格否认的客观要件，"一般是指公司法人格被滥用和公司法人格徒具形式。前者，如像股东过度控制与支配公司、 
不足、为不法目的设立公司、利用公司法人格对债权人欺诈等；后者，如像公司与股东在财产、业务、账目等持续混同，以及完 
法关于股东大会等关于股东大会等组织机构的强制性规范等。"[33]除了这些表现以外，还有"股东为赚取高额利润或逃避债务， 
用公司的财产。"[34]

值得探讨的是，面对自愿债权人和非自愿债权人，在确定公司股东是否滥用公司法人独立地位和股东有限责任的客观要件时是否 
分。Easterbrook和Fischel也认为有限责任引发了道德危险，公司的管理层知道风险最终将由某人承担，将可能会进行一些风险 
为。但是，这些学者认为，对于非自愿的债权人这是个问题（比如对公司提起侵权诉讼的人），但对于自愿的债权人来说这并非 
（比如对公司提起合同诉讼的人）。他们断言：当有侵权债权人，以及当公司资本不足时，法院将会更倾向于揭开闭合公司和子 
纱。当风险落在那些不能与公司进行协商，或者与恶意的公司进行协商的人身上时，法院就将揭开公司面纱。这也是为什么法院 
讼者以及在欺诈或者误解的情况下揭开公司面纱的原因，特别是当公司资本不足时，法院会揭开公司面纱，因为资本数额越低， 
险行为的动力就越大。[35]

应当强调的是，"滥用"要件是用来惩罚坏人的，而不是为了从公司股东手中将财富再分配到债权人手中，无论债权人是自愿债权 
愿债权人。事实上，如果存在其他更好的、更符合道德标准的方法来赔偿侵权受害人，比如说保险计划，或者法律强制要求的资 
或者风险经营的足额保险，应当尽量运用这些制度保护债权人。如果允许过于容易的揭开公司面纱，允许抛弃滥用标准，会使潜 
限责任背后的良好的政策考虑受到减损。[36]所以，严格掌握"滥用"要件或者"滥用"标准至关重要。

2．为了逃避债务的目的

这是公司法人格否认的主观要件，即股东必须有逃避债务的故意。但是这一故意毕竟是主观方面的内容，应当采用何种方式予以 
问题的关键，是实质证明滥用之股东存在主观故意，还是通过对滥用股东的一定行为进行推断予以确认？我个人认为，应当采用 
式。

3．使公司债权人利益受到严重损害

这是公司法人格否认的结果要件，即无论股东的行为如何，必须造成了严重损害债权人利益的结果才需要对公司的债务承担连带 
债权人利益是指股东滥用公司法人独立地位和股东有限责任的行为导致公司财产不足以偿还债权人的债权。但是何谓严重？法无 
司不能履行的债务部分必须超过一定金额为严重？抑或是超过一定比例为严重？实践中的关键是具体标准如何确定？例如，在An 
的文中提出，按照澳国Corporations Act 2001 in s.459A，不能偿付的部分应达到2000澳元以上。[37]那么，在中国，这一标 
比照？是否还需要考虑经济发展不平衡的事实。例如，在经济相对落后的地区，近万元的损失对于一些债权人，特别是侵权行为 
劳动债权的债权人，这些损失可能是他们债权的全部，或者年收入的全部。当具体数额达不到规定数额，便不认为是严重损害债 
而不能适用法人格否认，对于他们而言太不公平。

（二）证明责任的分配

《公司法》第20条第3款仅仅规定了公司法人格否认的条件，并未就证明责任作出任何表述，因此，法院在适用《公司法》第20条 
关审查时，应当根据《民事诉讼法》第64条的规定，由提出公司法人格否认诉求主张的当事人举证，而且有责任提供初步证据， 
的债权人必须证明公司股东具有滥用公司法人独立地位和有限责任的行为，甚或其主观故意，以及自己的利益遭受严重损害。而 
于自己的债权受到损害容易提供证明，即自己的债权到期得不到清偿，但是，充分证明股东有滥用公司法人独立人格和股东有限 
以及有逃避债务的故意，则相对困难。因此，是否可以适当减轻公司债权人的举证责任，即只要公司债权人可以证明股东有出资 
假，公司资本严重不足，财产、业务及人事混同，以及股东与公司之间存在大量交易行为等即可。而进一步的证明责任应当转至 
至于股东是否具有逃避债务之目的，即主观故意，则以债权人已经提供的上述行为来推断。当债权人的证明责任完成后，如果公 
能够提出相反的证据证明股东不存在20条第3款所描述的情况，则有可能导致公司的法人格被否认。

（三）从严控制提起公司法人格否认规则的主体范围

公司法人格否认规则是一项保护债权人利益的措施，通常由受害的自愿债权人或者非自愿债权人或者公共利益的代表提起诉讼。们考察美国的揭开公司面纱的诉讼案件时，我们发现，常有公司自己或公司股东，为某种利益提起适用公司法人格否认法理之请例如，美国的明尼苏达州法院就在一系列案件中支持了由股东或者公司提起揭开公司面纱的诉讼请求，并对其支持的理由进行了些判例还对其它州法院产生影响。[38]笔者认为，美国作为普通法国家，其衡平法理念就是追求个案中当事人的利益平衡，只要案判决遭受不利影响，法官们就会根据诚实信用和公平、公正原则进行判决。但是，我国不具备如此灵活运用基本原则的判例司之法官知识背景、自我约束以及外部监控的条件不够完备，一旦不加严格限制，扩大公司法人格否认规则的适用范围和场合，将规则被滥用的机率。而且，就公司而言，公司提起法人格否认法理之请求，就意味着公司在主张自己不是"人"，这无论从法理上上都难以说通。就股东而言，公司之独立人格和股东之有限责任制度，使他们成为最大的受益人，但不排除公司制度对其要求的如公司税赋，甚至不排除公司形式有时置利用者于不利之境地。但既然股东选择了以公司形态进行经营，依公平、正义之目标，在享受公司制度带来好处的同时，承担相应的负担，接受公司作为独立法律主体的一切法律后果，包括对其不利之后果，而不能利益主张公司法人格否认法理的适用排除对之不利的后果。否则，有失于公司法人制度的公平、正义的价值目标。[39]所以，除权人，包括自愿和非自愿债权人，代表公共利益的政府之外，不允许公司自身或者公司股东为了某种利益申请揭开公司面纱之诉司小股东因大股东滥用公司人格而利益受到损害，应当通过直接诉讼或者股东代表诉讼寻求救济，也不可利用揭开公司面纱之诉益。

（四）公司法人格否认的判决效力

公司的法人格被否认，是从实体法的角度将该公司和股东视为同一体，而且仅在本次案件中适用。司法实践中应当防止仅在执行将公司判决的既判力及执行力扩张至股东。或者说，法院判决公司法人格否认，是为了解决公司被股东操控而逃避公司债务之不义的现象，但是，未经公司法人格否认之审判，在执行阶段时发现公司无力偿债或者难以偿债，或者发现公司在诉讼阶段有转移疑，而直接以公司与股东被视为同一体为由，执行股东的财产，应当被严格禁止。因为公司法人格否认规则的运用，将对滥用公的股东"苛以责任"，当然应当给予其为自己作无滥用公司独立人格之事实的辩护机会，这对防止滥用该规则意义重大。

---

【注释】

[1]王保树、崔勤之：《中国公司法原理》，社会科学文献出版社2006年版，第48页。

[2]Sanborn, J. , in United States v. Milwaukee Reifrigerator Transit Co. , 142 F. 247, 255（C. C. E. D. wis1905）

[3]Stephen B. Presser, Piercing the Corporate Veil, Thomson West, pp. 1～8, 2004.

[4]Ribstein, Limited Liability and Theories of the Corporation, 50 Md. L. Rev. 8D（1991）

[5]See Stephen B. Presser, Piercing the Corporate Veil, Thomson West, pp. 1～7, 2004 Ibid.

[7]参见董嗥：《司法解释论》，中国政法大学出版社1999年版，第89—100页。

[8]参见汪世荣：《判例与法律发展——中国司法改革研究》，法律出版社2006年版，"自序"第3页。

[9]参见徐景和编著：《中国判例制度研究》，中国检查出版社2006年版，第33页。

[10]（日）森木滋："法人格的否认"，李凌燕译，《外国法译评》1994年第3期。

[11]See Robert B. Thompson：Piercing the Corporate Veil：An Empirical Study, Cornell Law Review, Vol. 76. 1036, M Ramsay；and David B Noakes, Piercing the Corporate Veil in Australia, Company and Securities Law Journal, Volu 250～267. 在美国，汤普森教授的实证分析样本中，没有公众公司被揭开公司面纱的成功案例，甚至在闭锁公司中，股东人数超被成功地揭开公司面纱的案例几乎不存在；而在拉姆齐教授的分析样本中，私人公司和公众公司被刺破面纱的比率分别为42％和

[12]See Gregory W. Wix, Piercing the Cooperate Veil：Should Michigan Consider Statutory Solutions? 79 U Det. Me Rev. 637.

[13]数据来源：中国证券监督管理委员会网站http：//www. csrc. gov. cn/cn/statinfo/index. jsp？path＝ ROOT＞CN＞%CD C6%，DO%C5%CF%A2。

[14]See. John P. Glode，Piercing the Corporate Veil in wyoming——an Update，3 Wyo L. Rev. 133. Also see note2.

[15]See Krendl and Krendl，Piercing the Corporate Veil：Focusing the Inquiry, 55 Den. L. J. I（1978）.

[16]See Robert B. Thompson：Piercing the Corporate Veil：An Empirical Study，Cornell Law Review，Vol. 76. 1036, M Ramsay and David B Noakes，Piercing the Corporate Veil in Australia，Company and Securities Lau Journal，Volum 250～267.

[17]See Robert B. Thompson，Piercing the Corporate Veil：An Empirical Study，76 Cornell L. Rev. 1073（1991）

[18]See David L Cohen，Theories of the Corporation and the Limited Liability Company：How Should Courts and Legi Articulate Rules for Piercing the Veil. Fiduciary Responsibility and Securities Regulation for the Limited Lia b Company，51 Oklca L Rev. 427（1998）. p. 442.

[19]参见王保树、崔勤之：《中国公司法原理》，中国社会科学文献出版社2006年版，第48页。

[20]See Gregory S. Crespi，The Reverse Pierce Doetrine：Applying Appropriate Standards，Journal of Corporation L 1990，p. 35.

[21]参见（日）井上和彦："水俣病奇索子公司的责任与法人格否认法理——关于法人格否认法理客观滥用论、一人公司单独股东论、完全子公司责任论的展开"，《高冈法学》1992年第3卷第2号，第25—71页。

[22]参见朱慈蕴：《公司法人格否认法理研究》，法律出版社1998年版，第329～331页。

[23]施天涛：《公司法论》，法律出版社2006年版，第32页。

[24]改编自"法人之间出资股东相同不是认定法人人格混同的依据——上海晓宝公司诉钢构公司、建祥公司代位权纠纷案"，载成 http：//cdfy. chinacourt. org/public/detail. php？id＝6354。

[25]See Robert B. Thompson，Piercing the Corporate Veil：An Empirical Study，Cornell Lau，Review，Vol. 76. 1063.

[26]See Ian M Ramsay and David B Noakes，Piercing the Corporate Veil in Australia，Company and Securities Law Jo Volume 19，pp. 250～267.

[27]参见河本一郎、岸田雅雄、森田章、川口恭弘：《日本公司法》，商事法务出版社2003年版，第92页。

[28]参见韩国高丽大学法学院郑灿亨教授的论文：《法人格否认论在韩国的适用案例》。

[29]See Elizabeth Diane Clark，Piercing the Corporate Veil in Florida：The Requirement of"Improper"Conduct，16 S Rev. 107（1986）.

[30]See Stephen B. Presser，Piercing the Corporate Veil §1. 01（2002），at 1—7，quoted from. John P. Glode， Pi Corporate Veil in Wyoming——an Update. 3 Wyo. Rev. 133.

[31]Berkey v. Third Avenue Ry. ，244 N. Y. 84，94，155 N. E. 58，61（1926）.

[32]李飞、王学政主编：《中华人民共和国公司法释义》，中国市场出版社2005年版，第104页。

[33]王保树、崔勤之：《中国公司法原理》，中国社会科学文献出版社2006年版，第48页。

[34]安建主编：《中华人民共和国公司法释义》，法律出版社2005年版，第42．43页。

[35]See Frank H. Easterbrook & Daniel R Fischel，The Economic Structure of Corporate Law 4（1991）at 50，pp. 55

[36]See Stephen B. Presser，Back Towards A Unitary"Abuse"Theory of Piercing the Corporate Veil. 100 Nw.  UL. Rev（2006）．

[37]Angus Corbett，Application of Piercing the Corporate Veil，载清华大学商法研究中心举办的21世纪商法论坛2006年"司法"国际研讨会论文集。

[38]在1981年的Roepke v. Western National Mutual Insurance一案中，该公司董事会主席，也是公司的唯一股东在一次交通事公司对该董事会主席事故中驾驶的汽车以及其他5辆汽车拥有所有权。根据汽车保险协议，公司已经就6辆车分别向保险公司支付保单将公司作为唯一被保险人，并为事故幸存者提供每辆车最高10，000美元的保险金。该案争议的核心问题是根据明尼苏达州死者的妻子是否应该被允许累计每辆车的保险金从而获得高达60，000美元的保险金，还是仅可就发生事故的那一辆车获得10，0险金。法院认为经对事实认定并参考其他州的判例，支持了死者妻子的请求，刺破了公司面纱。法院认为：本案中，（1）死者是长和唯一股东；（2）死者将投保的汽车视作自己的财产，并作为家用，无论是死者本人还是其他家庭成员都不拥有此外的其他汽在本案中，没有股东或者债权人会因为刺破公司面纱而受到不利影响；（4）明尼苏达州无过错保险法案的目的将会通过刺破公司者作为保险合同的被保险人而获得实现。参见Gregory S. Crespi，The Reverse Pierce Doctrine：Applying Appropriate StaJournal of Corporation Law，Fall，1990，p. 38。

[39]参见朱慈蕴：《公司法人格否认法理研究》，法律出版社1998年版，第155～156页。

相关文章：
- 02/01/2011 22:28 - 构建中国案例指导制度研讨会暨周道鸾先生八十华诞庆祝会在我校举行
- 09/05/2010 14:29 - 公司作为普通合伙人投资合伙企业引发的法律思考
- 09/05/2010 14:26 - 营业规制在商法中的地位
- 09/05/2010 14:23 - 公司的社会责任：游走于法律责任与道德准则之间
- 09/05/2010 14:17 - 论中央政府与地方政府事权和财权的划分——从交叉性公共产品提供的视角展开

更近的文章：
- 27/05/2010 20:07 - 评注册会计师对第三人的民事责任——围绕会计界与法律界的观点冲突展开

更早的文章：
- 09/05/2010 14:17 - 论中央政府与地方政府事权和财权的划分——从交叉性公共产品提供的视角展开
- 09/05/2010 14:14 - 公司章程两分法论——公司章程自治与他治理念的融合
- 09/05/2010 14:10 - 我国《公司法》应确立揭开公司面纱规则
- 09/05/2010 14:08 - 公司资本理念与债权人利益保护
- 09/05/2010 14:05 - 论控制股东的义务

版权所有©2010 清华大学法学院
Copyright© 2010 Tsinghua Law School　　　　Email: lawnet@mail.tsinghua.edu.cn