HOGAN LOVELLS ENGLISH TRANSLATION OF EXHIBIT B

(Excerpts of Legislative Affairs Committee of the Standing Committee of the National People's Congress, *Interpretation of the People's Republic of China Company Law*, Law Press China, 1st ed. (2005))

pp. 17 – 18

**(VIII)      On Disregarding Corporate Personality (Lifting the Corporate Veil)**

The amended Company Law added several provisions to facilitate the establishment of a company and entitle companies to many more rights.  In addition to this, the law also takes into consideration the interests of the counterparties to the transactions with a company, and prevents the corporate system from being abused, the security of transactions from being compromised and the normal social and economic order from being jeopardized.  One major revision in this regard was the addition of the "Disregarding Corporate Personality" provision (otherwise known as "Lifting the Corporate Veil") to the amended Company Law.

A company's independent legal personality and the limited liability of the company's shareholders—that is, a company has the status of a legal person and is liable to the company's debts to the extent of its corporate property, whereas the company's shareholders are only liable to the company to the extent of their capital contributions to the company or the shares for which they have subscribed—are the most basic feature of the corporate system, or to put it another way, the cornerstone of the corporate system.  However, as the history of corporate development indicates, the absoluteness of shareholders' limited liability can also exert a negative impact on the life of an economy, thus making it necessary to adopt appropriate measures to correct such impact.  In the UK, the US and several civil law countries, while adhering to the principles of the independency of corporate personality and the limited liability of shareholders, there are specific cases in which shareholders abuse their rights by way of transferring company property, commingling company property with the shareholders' own property or that of an affiliated party, thereby causing a great reduction of the property which the company can use to fulfil its debt obligations, and seriously prejudicing the interests of the company's creditors.  In such cases, the court may, at the request of the company's creditors, order the shareholders who have abused their rights to assume joint and several liability with respect to discharging the company's debts.  This, in theory, is the so-called "Disregarding Corporate Personality" or "Lifting the Corporate Veil" concept in the Company Law. The amended Company Law added the following provisions by focusing on the realities of China, summarizing the judicial practices and experience of the People's Courts in China and referencing relevant legal precedents from other countries: "*In the event that a shareholder of a company misuses the independent legal personality of the company or its shareholder limited liability status in order to evade debts, thereby seriously prejudicing the interests of the company's creditors, such shareholder must bear joint and several liability for the company's debts.*"  Provisions pertaining to the specific circumstances under which to apply the "Disregarding Corporate Personality" principle and hold shareholders jointly and severally liable for the company's debts are to be formulated by the Supreme People's Court by way of judicial interpretations based on the principle of strict control.

pp. 41 – 45

**Article 20**  **The shareholders of a company must comply with laws, administrative regulations and the company's articles of association, exercise shareholder rights in accordance with law, and must not abuse their rights as shareholders to prejudice the interests of the company or other shareholders; they must not abuse the independent legal personality of the company or shareholder limited liability status to prejudice the interests of the company's creditors.**

**In the event that an abuse of shareholder rights by a shareholder of a company causes the company or any other shareholder to suffer losses, the [first-named] shareholder must bear liability for compensation in accordance with law.**

**In the event that a shareholder of a company misuses the independent legal personality of the company or its shareholder limited liability status in order to evade debts, thereby seriously prejudicing the interests of the company's creditors, such shareholder must bear joint and several liability for the company's debts.**

**[Interpretation]**

This Article stipulates that the shareholders of a company must exercise their rights in accordance with law.

The basic obligation of a shareholder is to legitimately exercise its rights in accordance with law and the company's articles of association. Based on the principle of balance between rights and obligations, company shareholders are obligated to exercise the various rights to which they are entitled in an appropriate manner. The legitimate exercise of such rights is protected by law, while the abuse of such rights will be subject to sanctions by law. In light of the actual needs of corporate practices in China, this Article stipulates the general principles by which company shareholders are to legitimately exercise their rights and the civil liability for shareholders abusing such rights. When compared with the pre-amended Company Law, the amended Law confers much more substantive rights on shareholders for the purpose of adequately protecting the lawful interests of shareholders. When exercising their rights, shareholders must (1) observe the provisions of relevant laws concerning the exercise of such rights; and (2) exercise such rights in accordance with the procedures specified by law. Shareholders must not prejudice the interests of the company or other shareholders when exercising their rights. For example, the Law stipulates that a shareholder must abstain from voting in any matters where the company would provide security for such shareholder; if the shareholder violates this provision by forcing its participation in the voting process, such act will constitute an abuse of shareholder rights. In another instance, the Law stipulates that the shareholders of a limited liability company have the right to examine the company's accounts, provided that the shareholders have a legitimate reason for doing so, which reason is generally that the operational activities of the company—particularly in terms of financial affairs—are suspected of prejudicing the interests of the shareholders. If a shareholder, for the purpose of seeking personal gains, examines the company accounts to steal the commercial secrets of the company, such act would constitute an abuse of shareholder rights. In a further example, if a company's articles of association stipulate that the company may only sell major assets upon the passage of a special resolution at a shareholders' general meeting, but the controlling shareholder of the company disregards the articles of association and, bypassing legal procedures, compels the company's management to sell off such assets, this too would constitute an abuse of shareholder rights. Any shareholder who abuses its rights as a shareholder and thus causes the company and other shareholders to suffer losses as a result shall be held liable for damages. Such provisions are beneficial to

regulating the actions of shareholders and procuring that shareholders exercise their rights lawfully and legitimately.

A shareholder must not abuse the company's status as an independent legal person or the shareholder limited liability status to prejudice the interests of the company's creditors.  The Company Law has formulated a system under which shareholders have limited liability and a company has an independent legal personality, for the purposes of protecting and encouraging investment, while also guaranteeing the flexibility and high efficiency of a company's operations.  For shareholders, once they pay in full the capital contributions agreed upon, they then will be entitled to limited liability treatment and will no longer be liable for the debts of the company.  Shareholders must exercise their rights through the highest organ of authority of the company in accordance with legal procedures, and must not directly intervene in the company's operations.  The company, on the other hand, may independently use the assets injected into the company by the shareholders to engage in business operations and generate profits.  If a company independently forms a creditor-debtor relationship with a creditor during the course of operations, the company should assume all civil liabilities arising in connection therewith.  However, in everyday economic life, some company shareholders employ a variety of means to control the company, and often misappropriate the company's property or commingle the company's property with their own property, accounts or business activities for the purpose of gaining high profits or evading debt obligations.  Some shareholders achieve their unlawful goals by setting up a shell company to engage in illegal activities, and although they are the actual controller of such company, they evade liability under the guise of having limited liability.   Under such circumstances, a company has in reality lost its independency, and its independent legal personality has in fact been abused by the shareholders. In addition, if a shareholder evades any liability it is required to assume through employing the aforementioned methods, this too is an abuse of such shareholder's limited liability treatment, while the company's creditors will face an enormous trading risk.  In confronting this reality and in order to effectively protect the interests of creditors and safeguard the normal order of trading, certain countries have formulated a system to disregard corporate personality (known in common law jurisdictions as "lifting the corporate veil") based on the principle of balance between rights and obligations, while continuing to safeguard the basic principles pertaining to the limited liability of company shareholders.  This means that once legal requirements have been satisfied and it has been determined that a shareholder has abused the company's independent legal personality and the shareholder limited liability status, the "corporate veil may be lifted", in which case the shareholder and the company will be deemed a single entity, and both the shareholder and the company will be pursued for legal liability.

Where a shareholder abuses the company's independent legal personality and the shareholder limited liability status, the shareholder must assume joint and several liability for the company's debts.  China does not have a long history of corporate practice, and due to several reasons, the ownership and operating rights of some companies are not completely separate—despite such companies having sound organizational structure.  This, coupled with the lack of commercial integrity, has pushed the serious problems of shareholders' taking advantage of their companies' independent status to embezzle company property, evading debts and prejudicing the interests of creditors to a rather acute level.  The current revision of the Company Law, while further relaxing the relevant rules pertaining to the establishment and regulation of companies, also needed to introduce a system that allows for the disregard of corporate personality, so as to prevent shareholders from abusing the company's corporate personality and their limited liability as shareholders to acquire illicit benefits, and to protect creditors and safeguard the normal order of trading.  When applying such a rule, the following principles must be ascertained: (i) adherence to limited liability, the cornerstone of the corporate system.  The application of the Company Law must safeguard the limited liability of shareholders, with the company assuming civil liability independently in accordance with law.  Thus, the application of a system to disregard corporate

personality must be limited to certain specific cases in judicial practice, and the scope of application must not be arbitrarily expanded; (ii) China's system for disregarding corporate personality primarily applies to shareholders who abuse a company's independent legal personality or the shareholder limited liability status to evade debt obligations (i.e., the shareholder in question has subjective malice to evade debt obligations and has committed the specific act); and this test would only be passed if the shareholder's abusive act would result in serious prejudice to the interests of the company's creditors.   In which case, creditors may directly request a People's Court to recover the debts from the shareholder(s); (iii) the specific criteria for determining that a shareholder of a company has abused the company's independent legal personality or the shareholder limited liability status are to be formulated by the Supreme People's Court based on the basic principles of this Article [i.e., Article 20 of the Company Law]. People's Courts should universally observe the relevant provisions during the adjudication of company-related cases.

During the course of researching and formulating this Article [i.e., Article 20 of the Company Law], there was at one time a divergence of opinions mainly in the following two aspects: one was whether or not to establish a system to disregard corporate personality in the Company Law, and whether or not to expressly provide for the liability to be assumed by shareholders under such circumstances; the second was whether or not to stipulate specific criteria for determining that a shareholder of a company has abused the company's independent legal personality or the shareholder limited liability status.   As for the first issue, some were of the opinion that a system for disregarding corporate personality is not expressly provided for in the statute laws of other countries, and such countries only apply such a system in the form of legal precedents in judicial practices, and yet act with extreme prudence when doing so.   Thus, some were concerned that were China to establish such a system, due to irregularities in the level of China's judicial practices, such system would be abused, thereby undermining the cornerstone of the corporate limited liability system and causing an adverse effect on the normal and orderly development of companies.   After having thoroughly studied the matter in this respect, the majority came to the conclusion that: (i) although quite a few countries do not have statue laws expressly providing for such a system, the system has been widely used (and has become relatively mature through experience) in judicial practices, and many countries expressly elaborate on such system's scope of application and the criteria adopted for the use of the system in their judicial documentation; (ii) some countries have regulations concerning the civil liability to be assume by shareholders abusing their rights.   For instance, the U.S. Model Business Corporation Act provides that if a shareholder is personally responsible for the acts of a company, it shall assume liability.   The Argentine Company Law provides that if a shareholder (or member) or controlling party directly participates in any company's actions which stray from its corporate purpose, or which uses the company as a means to break the law, disrupt public order or infringe upon the rights of third parties, such shareholder (or member) or controlling party shall be held jointly and severally liable for any damages arising therefrom; (iii) the establishment of such a system satisfies the actual needs of China and will be beneficial in resolving issues existing in corporate practices; moreover, China has already begun using such principles in judicial practices.   Therefore, such a system should be established in the new Company Law, and the new Company Law should expressly stipulate the liability which shareholders are required to assume vis-à-vis the company.   As for how shareholders should be pursued for their liability under such circumstances, theoretical circles have different understandings: the first view is that shareholders ought to be directly pursued for liability; the second view is that the company should first be pursued for liability, and the shareholders should assume secondary liability for discharging the company's debts; the third view is that due to the fact that the company has lost its legal personality in effect, both the shareholder and the company should be jointly pursued for liability, as the majority of foreign judicial practices tend to adopt this option.   After the matter was studied, the third view above was adopted in formulating this Article [i.e., Article 20 of the Company Law], which provides that shareholders who abuse a company's independent legal personality and the shareholder limited

liability status must assume joint and several liability for the debts of the company.  As for the second issue, several ministries, localities and specialists suggest that laws expressly set out the specific types of shareholders' actions that would contribute an abuse of a company's independent legal personality or the shareholder limited liability status, so as to prevent this principle from being misused in judicial practices.  Upon study, it was agreed that, in practice, a shareholder's abuse of a company's independent legal personality or the shareholder limited liability status can be manifested through a variety of forms, making it difficult to enumerate every example from a legal standpoint.  China has only recently begun to implement such a system, and the law only address such issues in principle; thus, to err on the side of caution, the Supreme People's Court should formulate specific regulations targeting these issues based on judicial practices.  For this reason, this Article [i.e., Article 20 of the Company Law] has not set forth any specific criteria for determining a shareholder's abuse of a company's independent legal personality and the shareholder limited liability status.

pp 98-99

**Article 68   If the sole shareholder of a single-person limited liability company is unable to prove that the property of the single-person limited liability company is separate from the shareholder's own property, the shareholder must bear joint liability for the debts of the company.**

**[Interpretation]**

This Article provides that if the shareholder of a single-person limited liability company is unable to prove that the company's property is independent from the shareholder's own property, the shareholder must assume joint and several liability for the company's debts.

That the shareholders of a company should assume limited liability for the company's debts is a fundamental principle of the Company Law.  However, in reality, there are certain shareholders who use the company's independent legal personality and their own limited liability status to abuse their rights and evade debt obligations through means such as commingling the property of the company with their own property.  This greatly reduces the property that the company may use to fulfil its debts and seriously prejudices the interests of the company's creditors.  Under such circumstances, shareholders must assume joint and several liability for discharging the company's debts.

In order to safeguard the interests of a company's creditors and the normal economic order, [the Company Law] has made reference to certain legally effective precedents and the relevant legal provisions of various market-economy countries, and summarized the judicial practice and experience of China's People's Courts.  The amended Company Law, on one hand, adheres to the basic legal principle that the shareholders of a company are to assume limited liability to the extent of their contributions to the company; on the other hand, certain provisions are added to provide that any shareholder who abuses the company's independent legal personality and the shareholder limited liability status to evade debt obligations, thereby seriously prejudicing the interests of the company's creditors, must assume joint and several liability for the company's debts.  Such a principle should likewise apply to single-person limited liability companies.  In addition, this Article also provides that the shareholder of a single-person limited liability company must bear the burden of proof as to whether its personal property is kept separate from that of the company (i.e., the shareholder of a single-person limited liability company must itself/himself/herself prove that the company's property is independent from its/his/her own property).  This is different from common debt-related disputes that companies are involved in, in that in such disputes, it is the party asserting its claims who bears the burden of proof.  In fact,

this actually adds to the legal obligations of the sole shareholders of single-person limited liability companies.  In the special case of single-person limited liability companies, such a provision is completely necessary in order to better protect the interests of the companies' creditors and reduce trading risks.   Its basic purpose is to strengthen the requirements that the sole shareholder of a single-person limited liability company must strictly separate the company's property from the shareholder's own property.

中华人民共和国法律释义丛书

全国人民代表大会常务委员会
法制工作委员会编

# 中华人民共和国
# 公司法释义

## （2005年版）

### 安建/主编



法律出版社
LAW PRESS CHINA

第一部分　绪　论　　　　　　　　　　　　　　　　　　　　17

司拒绝或者怠于提出诉讼的(如公司大股东的关联方侵犯公司的知识产权,公司拒绝提起诉讼),股东也可以依照上述规定向人民法院提起诉讼。

5.增加了"打破公司僵局"的规定。实际中,有的公司因股东之间分歧严重,股东会或股东大会、董事会不能形成有效决议,经营管理出现严重困难,继续维持只会使公司和股东利益受到更大损失,而股东会或股东大会又不能形成公司解散清算的有效决议,使公司处于僵局状态。修订后的公司法针对实际中的问题,研究借鉴其他国家的立法例,在坚持公司解散在正常情况下应由公司自行决定的原则下,增加规定:公司经营管理发生严重困难,继续存续会使股东利益受到重大损失,通过其他途径不能解决的,持有公司全部股东表决权10%以上的股东,可以请求人民法院解散公司。

(八)关于公司法人人格的否定(揭开公司面纱)

修订后的公司法增加了若干方便公司设立、赋予公司更多权利的规定。与此同时,也应充分考虑与公司交易的相对人的利益,防止滥用公司制度、损害交易安全、危害正常的社会经济秩序。在这方面,一条重要的修改,是在修订后的公司法中,增加了"法人人格否定"或称为"揭开公司面纱"的规定。

公司的独立法律人格和公司股东的有限责任,即公司具有法人地位,以其法人财产对公司债务承担责任,公司的股东只以其对公司的出资或者认购的股份为限对公司承担责任,是公司制度最基本的特征或者说是公司制度的基石。但公司发展的历史表明,股东有限责任的绝对化,对经济生活也会产生负面影响,有必要采取适当措施予以补正。英、美和一些大陆法系国家在坚持公司人格独立和股东有限责任原则的同时,在具体案件中,对股东滥用权利,采用转移公司财产、将公司财产与股东本人或其关联方的财产混同等手段,造成公司可用于履行债务的财产大量减少,严重损害

公司债权人利益时,法院可以根据公司债权人的请求,判决由滥用权利的股东对公司债务承担连带清偿责任,即公司法理论上所称的"公司法人人格否定"或"揭开公司面纱"。修订后的公司法针对我国实际,总结我国人民法院的审判实践经验,借鉴国外有关判例,增加规定:公司股东滥用公司法人独立地位和股东有限责任,逃避债务,严重损害公司债权人利益的,应当对公司债务承担连带责任。至于适用公司法人人格否定即股东对公司债务承担连带责任的具体情形,则需要由最高人民法院按照严格掌握的原则,通过司法解释做出规定。

的社会主义国家。宪法的规定,明确指出了中国共产党在我国政治生活和经济建设中的领导地位。为了更好地发挥党的基层组织和党员在公司发展、经济建设中的作用,本法依据宪法规定的原则,对公司中党的基层组织活动做了进一步具体的规定。这一规定包括两层含义:一是在公司中设立党的组织,开展党的活动,应当遵守中国共产党章程的规定。按照中国共产党章程的规定,企业、农村、机关、学校、科研院所、街道、人民解放军连队和其他基层单位,凡有正式党员 3 人以上的,都应当成立党的基层组织。公司是企业的一种,公司中如果有正式党员 3 人以上的,应当成立党的基层组织。党的基层组织应当按照党章的规定开展活动。二是公司要为公司中党组织开展活动提供支持,如提供必需的活动场所等。

**第二十条  公司股东应当遵守法律、行政法规和公司章程,依法行使股东权利,不得滥用股东权利损害公司或者其他股东的利益;不得滥用公司法人独立地位和股东有限责任损害公司债权人的利益。**

**公司股东滥用股东权利给公司或者其他股东造成损失的,应当依法承担赔偿责任。**

**公司股东滥用公司法人独立地位和股东有限责任,逃避债务,严重损害公司债权人利益的,应当对公司债务承担连带责任。**

【释义】  本条是关于公司股东应当依法行使权利的规定。

公司股东依法和依章程正当行使权利,是股东的基本义务。本着权利、义务平等的原则,公司股东在享受各项权利的同时,负有正当行使权利的义务。其正当行使权利受法律保护,滥用权利将受到法律的制裁。结合我国公司实践的实际需要,本条规定了公司股东正当行使权利的一般原则及其股东滥用权利的民事责任。与修订前的公司法相比,为了充分地保护股东的合法利益,本

法赋予了股东较多的实质性权利。股东在行使权利时，一是要遵守法律有关权利行使的规定；二是要依照法律规定的程序行使。股东行使权利不得损害公司和其他股东的利益。例如，本法规定，股东在涉及公司为其担保事项进行表决时，应当回避；如股东违反这一规定强行参与表决，则构成滥用股东权利。又如，本法规定有限责任公司股东有查账权；但前提是股东应当有正当的理由，一般为公司的经营活动特别是在财务处理上有损害股东利益之嫌。如果股东为个人经营的目的，以查账为由，窃取公司商业秘密，则构成股东滥用权利。再如，公司章程规定公司出售重大资产需股东大会特别决议通过；公司的控股股东无视章程的规定，不经法定程序，强令公司经营管理层出售该资产，也构成股东权利的滥用。对股东滥用权利的行为，给公司和其他股东造成损失的，滥用权利的股东应承担赔偿责任。这样规定有利于规范股东行为，促使股东依法、正当行使权利。

　　股东不得滥用公司法人独立地位和股东有限责任损害公司债权人的利益。公司法为保护和鼓励投资，同时也保证公司经营的灵活性和高效性，创制了股东有限责任和公司独立法人地位的制度。对股东而言，股东依约定足额出资后，即享受有限责任的待遇，不再对公司的债务承担责任；股东通过公司权力机关依法定程序行使其权利，不直接插手公司的经营。公司则独立地运用股东投入到公司中的财产从事经营，创造利润。公司在经营活动中，与债权人独立地发生债权、债务关系，承担由此产生的民事责任。但是，实际经济生活中，有的公司的股东通过各种途径控制着公司，为赚取高额利润或逃避债务，常常擅自挪用公司的财产，或者与自己的财产混同、账目混同、业务混同。有的股东为达到非法目的，设立一个壳公司从事违法活动，实际控制该公司，但又以有限责任为掩护逃避责任。在这些情况下，公司在实际上已失去了独立地位，该独立法人地位被股东滥用了。同时，股东利用上述方式逃避

其应承担的责任,也滥用了其有限责任的待遇;而公司的债权人将面临着极大的交易风险。面对这一现实问题,一些国家在维护公司股东有限责任的基本原则的同时,本着权利和义务相一致的原则,为切实保护债权人的利益、维护正常的交易秩序,创制了公司法人人格否认(在普通法系国家称为"揭开公司面纱")的制度。即当符合法定条件,认定股东滥用公司法人独立地位和有限责任时,可以"揭开公司的面纱",将公司股东和公司视为一体,追究股东和公司共同的法律责任。

股东滥用公司法人独立地位和股东有限责任的,应当对公司债务承担连带责任。我国公司的实践不长,由于各方面的原因,一些公司虽然有健全的组织机构,但所有权和经营权并未完全分离。加之缺乏商业诚信,股东利用公司独立地位侵占公司财产,逃避债务,损害债权人利益的情况比较严重。这次修改公司法在进一步放宽公司设立和有关管制的同时,有必要引进公司法人人格否认制度,防止股东滥用公司法人人格、有限责任获取非法利益,以保护债权人、维护正常的交易秩序。适用这一规定,应把握以下几个原则:一是坚持有限责任这一公司制度的基石。适用公司法应当维护股东的有限责任,由公司依法独立承担民事责任。因此,公司法人人格否认制度的适用应当限制在司法审判中针对某一具体案件适用,不得任意扩大其适用范围。二是我国的公司法人人格否认制度主要适用于股东滥用公司法人独立地位和股东有限责任,逃避债务的行为,即股东有逃避债务的主观恶意和具体行为;应当有严重损害公司债权人利益的后果。债权人可以直接请求人民法院向股东追偿。三是具体认定公司股东滥用公司法人独立地位和股东有限责任行为的标准由最高人民法院根据本条的基本原则做出具体规定;人民法院在审理公司案件中应统一遵守有关规定。

在研究制定本条规定的过程中,曾有过不同意见,主要集中在两个方面:一是是否应在公司法中确立法人人格否认制度,是否对

44　　　　　　　　　　　　　　　　　中华人民共和国公司法释义

股东在此情形下应当承担的责任做出明确规定;二是是否应当在法律中规定具体认定公司股东滥用公司法人独立地位和股东有限责任的标准。就第一个问题,有意见认为,其他国家一般不在成文法中明确规定公司法人人格否认制度,只在司法审判中以判例形式运用,且非常谨慎;担心我国公司法确立这一制度后,因我国的司法审判水平参差不齐而被滥用,动摇公司有限责任这一基石,不利于公司的正常、有序发展。对此,经过认真研究,多数意见认为:一是虽然不少国家没有明确的成文法规定,但在司法实践中已广泛运用这一制度,有较成熟的经验,许多国家在其司法文书中对这一制度的适用范围、掌握的标准均有明确的阐述。二是有些国家对股东滥用权利应当承担民事责任做出了规定。如美国示范公司法规定,股东对公司行为有个人责任的,应当承担责任。阿根廷公司法规定,公司的行为脱离公司的目的,或者把公司作为破坏法律和公共秩序或侵害第三人的权利的手段而加以利用的,直接参与该行为的股东(社员)或者控制方,对于其行为所产生的损害承担连带责任。三是确立这一制度符合中国的实际需要,有利于解决公司实践中存在的问题,并且我国在司法审判实践中已经开始运用这一原则。因此,应当在新公司法中建立这一制度,并明确规定股东对公司承担的责任。关于在这种情况下应如何追究股东的责任,理论界有不同的认识:第一种意见认为,应当直接追究股东的责任;第二种意见认为,应当先追究公司责任,股东承担补充清偿责任;第三种意见认为,基于公司已失去法人人格的现实,应当追究股东和公司的共同责任,国外的审判实践多数采用这种意见。经过研究,本条采用上述第三种意见,规定股东滥用公司法人独立地位和股东有限责任,对公司债务承担连带责任。对于第二个问题,许多部门、地方和专家建议在法律中明确规定股东滥用公司独立法人地位和有限责任的具体行为,避免司法审判实践中对这一原则的滥用。经研究认为,实践中股东滥用公司法人独立地位和

有限责任的表现形式多样,在法律中难以一一列举。我国刚刚开始实行这一制度,法律只做原则规定,由最高人民法院根据审判实践的情况做出具体规定较为稳妥。因此,本条并未列举确定股东滥用公司法人独立地位和有限责任的具体标准。

**第二十一条　公司的控股股东、实际控制人、董事、监事、高级管理人员不得利用其关联关系损害公司利益。**

**违反前款规定,给公司造成损失的,应当承担赔偿责任。**

【释义】　本条是对公司关联交易的规定。

公司的关联交易一般是指具有投资关系或合同关系的不同主体之间所进行的交易,又称为关联方交易。公司关联交易是一种经济行为。正常的关联交易,可以稳定公司业务,分散经营风险,有利于公司的发展;但实务中常有控制公司利用与从属公司的关联关系和控制地位,迫使从属公司与自己或其他关联方从事不利益的交易,损害从属公司和少数股东利益的现象。为此,各国公司法中对关联交易都有或繁或简的相关规定,调整关联关系,保护从属公司及少数股东的利益。在大陆法系国家,一般在人事控制、会计原则、公司财务控制等方面有较为详细的规定,法院也可以根据法律原则规定做出裁决;在英美法系国家,由于法官的自由裁量权较大和其造法功能,通常可以由法官根据案件的具体情况做出裁判,所以后者对关联交易的控制多表现在判例法中。

我国的公司关联交易现象是随着经济的发展、公司规模逐渐扩大、公司内部结构逐渐复杂而逐步增多的;特别是在较大的公司和上市公司中,这一现象更是较多。一些公司的大股东、实际控制人和管理层通过与公司的关联交易,随意挪用公司资金,为自己或关联方提供担保,通过操纵交易条件等将公司的利润转移至关联方,严重地损害公司、少数股东和债权人的利益。为此,中国证监会、财政部门、税务部门从财政、税收、上市公司监管等方面对公司

金投向经济领域、有利于扩大就业和企业发展的,但是同时为了更好地保护交易相对人的利益,降低交易风险,法律也应当对一人有限责任公司做出特别的限制性规定,以取得保护与规范的平衡,本条就是对一人有限责任公司实行法定审计的特别规定,既是一人有限责任公司治理结构中的一项基本制度配置,也是加强对其规制、严格管理的一项重要法律措施。

　　这里还需要说明的是,本条的规定与公司法公司财务、会计一章中第一百六十五条明确规定的"公司应当在每一会计年度终了时编制财务会计报告,并依法经会计师事务所审计"含义是不同的,那一条是对所有类型公司的一般原则性规定,其中"依法经会计师事务所审计"并不是说对所有公司都必须要经过会计师事务所进行年度审计,而是根据公司法、会计法和其他有关法律的规定,明确要求必须进行审计的公司,其财务会计报告才要经过会计师事务所审计。而按照本条的规定,一人有限责任公司应当在每一会计年度终了时编制财务会计报告,并经会计师事务所审计。这属于法律的强制性规范,表明对一人有限责任公司是实行法定审计的,一人有限责任公司的财务会计报告必须经会计师事务所审计。

**第六十四条**　一人有限责任公司的股东不能证明公司财产独立于股东自己的财产的,应当对公司债务承担连带责任。

　　【释义】　本条是对一人有限责任公司股东不能证明公司财产独立于自己财产应当对公司债务承担连带责任的规定。

　　公司股东对公司债务承担有限责任是公司法的基本原则。但在现实生活中确实存在有的股东利用公司独立法人地位和自己的有限责任,滥用权利,采用将公司财产与本人财产混同等手段,逃避债务,造成公司可以用于履行债务的财产大量减少,严重损害公司债权人的利益。有这种情形的,股东理应对公司债务承担连带

清偿责任。

　　为了维护公司债权人的利益和正常的经济秩序,借鉴一些市场经济国家具有法律效力的判例和有关法律规定,总结我国人民法院的审判实践经验,修订后的公司法一方面坚持公司股东以其对公司的出资额为限承担有限责任的基本法律原则;另一方面增加规定,公司股东滥用公司独立法人地位和股东有限责任,逃避债务,严重损害公司债权人利益的,应当对公司债务承担连带责任。这一原则同样适用于一人有限责任公司。同时,本条还规定了一人有限责任公司的股东应就其个人财产是否与公司财产相分离负举证的责任,即由一人有限责任公司的股东自己来证明公司财产与本人财产是否独立,这就与一般公司发生债务纠纷由权利主张者举证不同,实际上加重了一人有限责任公司股东的法律义务。针对一人有限责任公司的特殊情况,为了更好地保护公司债权人的利益,降低交易风险,这一规定是完全必要的,其根本目的就在于强化要求一人有限责任公司的股东必须将公司财产与本人财产严格分离。

### 第四节　国有独资公司的特别规定

　　**第六十五条**　国有独资公司的设立和组织机构,适用本节规定;本节没有规定的,适用本章第一节、第二节的规定。

　　**本法所称国有独资公司,是指国家单独出资、由国务院或者地方人民政府授权本级人民政府国有资产监督管理机构履行出资人职责的有限责任公司。**

　　【释义】　本条是对国有独资公司设立和组织机构的法律适用及国有独资公司含义的规定。

　　原公司法关于国有独资公司的规定,对国有企业改革起到了积极推动作用,这次公司法修改保留了国有独资公司一节的规定,