

44364330

May 21 2012
10:18AM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - | SECTION: L |
| THIS DOCUMENT RELATES TO: | |
| THE MITCHELL COMPANY, INC. v. KNAUF GIPS, KG; et al.; Case No. 09-cv-4115 | JUDGE FALLON MAG. JUDGE WILKINSON |

## DECLARATION OF KRISTEN LAW SAGAFI

STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

     I, Kristen Law Sagafi, after having been first duly sworn, state and affirm as follows:

     1.    My name is Kristen Law Sagafi, and I am counsel for The Mitchell Co., Inc. ("Mitchell") in the above-captioned matter. I am over the age of nineteen (19) years and make this declaration upon my personal knowledge.

     2.    Mitchell perfected service of its original Complaint on defendant Taishan on May 8, 2009. Documents memorializing effective service on Taishan are attached hereto as Exhibit 1

     3.    Attached hereto as Exhibit 2 are documents Bates stamped Devon 0002 - Devon 00017, which appear to comprise Devon International Group's submission to the U.S. Consumer Product Safety Commission, dated June 17, 2009.

4.      Attached hereto as Exhibit 3 are documents Bates stamped Devon-00438, Devon-00449-50, Devon-00452, Devon-00645, Devon-00658, and Devon-00663, which depict packaged drywall bearing the Devon logo and imprinted with the words: "MADE IN CHINA MEET OR EXCEEDS ASTM 01396 04 STANDARD."

5.      Attached hereto as Exhibit 4 is a document Bates stamped Devon 00951, which appears to be a letter dated July 21, 2006 from Frank Johnston of North Pacific Group to Ruth Wu of Devon International Trading.

6.      Attached hereto as Exhibit 5 are documents Bates stamped Devon-00571-77 and Devon-00581-86, which appear to detail discharge of drywall from the ship Sanko Rally in the Port of Pensacola, FL between June 15, 2006 and July 12, 2006.

7.      Attached hereto as Exhibit 6 are documents Bates stamped SM0033-SM0130, which appear to be two submissions on behalf of Emerald Coast Building Materials to the U.S. Consumer Products Safety Commission - one dated August 7, 2009 and another dated August 20, 2009.

I swear under penalty of perjury of the laws of California and the United States that the foregoing is true and accurate to the best of my ability.

Kristen Law Sagafi

Sworn to and declared before me on this 17ᵗʰ day of May, 2012.

DOUGLAS CLEVENGER
COMM. #1858979
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm. Expires Aug. 21, 2013

NOTARY PUBLIC
My commission expires August 21, 2013

1036941.1                                     2

# EXHIBIT 1

Case Name: The Mitchell Company, Inc.  v.  Knauf Gips KG
Defendant:  Taisan Gypsum Co., Ltd.
Court Case No.:  3:09-cv-00089-MCR-MD

### CERTIFICATE
### *ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1)   that the document has been served*
*1.*   *que la demande a été exécutée*
    - the (date)    8/5, 2009
    *- le (date)*
    - at (place, street, number)
    *- à (localité, rue numéro)*    Taian Intermediate People's Court, Shandong Province

    - in one of the following methods authorised by article 5-
    *- dans une des formes suivantes prévues à l'article 5:*
      [X] (a)   in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
        *a)   selon les formes légales (article 5, alinéa premier, lettre a).*
      [ ] (b)   in accordance with the following particular method*:
        *b)   selon la forme particulière suivante:* _____

      [ ] (c)   by delivery to the addressee, who accepted it voluntarily.*
        *c)   par remise simple*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*
    - (identity and description of person)
    *- (identité et qualité de la personne)*    Zhang Wenjun

    - relationship to the addressee (family, business or other):
    *- liens de parenté, de subordination ou autres, avec le destinataire de l'acte:*    staff of the branch for law affairs.

2)   that the document has not been served, by reason of the following facts*:
*2.*   *que la demande n'a pas été exécutée, en raison des faits suivants:*

_____
_____
_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

LIST OF DOCUMENTS: Summary of the Document to be Served,  Complaint, Summons in a Civil Action, Translations

**Annexes**
*Annexes*
**Documents returned:**
*Piéces renvoyées:*

_____
_____

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

_____
_____

Done at    Beijing   , the    9/16, 2009
*Fait à*               *, le*

Signature and/or stamp.
*Signature et/ou cachet.*

[stamp: 中华人民共和国 司法部 司法协助专用章]

*   Delete if inappropriate.
   *Rayer les mentions inutiles.*

2

APPLICANT IS AUTHORIZED TO SERVE JUDICIAL PROCESS UNDER THE UNITED STATES FEDERAL RULES OF CIVIL PROCEDURE AND UNDER THE RULES OF CIVIL PROCEDURE OF THE STATE OF:  Florida

## REQUEST

## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*

*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the Service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matierè civile*
*ou commerciale, signée à La Haye, le 15 Novembre 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| **Josh R. Cobb**<br>**APS INTERNATIONAL, LTD**<br>**APS International Plaza**<br>**7800 Glenroy Road**<br>**Minneapolis, Minnesota  55439-3122**<br>**U.S.A.**<br>**Tel. 952.831.7776       Fax: 952.831.8150**<br>**Email: JCobb@CivilActionGroup.com** | **DIVISION OF JUDICIAL ASSISTANCE**<br>**Ministry of Justice**<br>**No.10, Chaoyangmen, Nandajie**<br>**Chaoyang District**<br>**Beijing**<br><br>**100020**<br>**China** |

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
   **(identity and address)**
*Le requérant soussigné a l'honneur de faire parvenir -- en double exemplaire -- a l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

   *(identité et adresse)*      Taisan Gypsum Co., Ltd.
_____Dawenkou Daiyue District,  RC-271026 Tai'an Shandong, China_____
                        Tel:
[X]  (a)   in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
   *a)     selon les formes légales (article 5, alinéa premier, lettre a).*
[ ]  (b)   in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
   *b)     selon la forme particuliére suivante (article 5, alinéa premier, lettre b):*_____
_____

[ ]  (c)   by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
   *c)     le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents -- and of the annexes* -- with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte -- et de ses annexes -- avec l'attestation figurant au verso.*

List of documents
*Enumération des pièces*

| | |
|---|---|
| Complaint | **Done at** |
| Summons in a Civil Action | *Fait à* Minneapolis, Minnesota, U.S.A.           , the  3/30/09<br>                                                                                          *le* |
| Translations | |
| Summary of the Documents to be Served | |
| | **Signature and/or stamp.**<br>*Signature et/ou cachet.* |

(Formerly OBD-116 which was formerly LAA-116,        USM-94
both of which may still be used)                                  (Est. 11/22/77)

\* Delete if inappropriate.
. *Rayer les mentions inutiles*

山东省泰安市中级人民法院

# 送 达 回 证

（各类案件通用）

FX-09-660
SX-09-567

| 案　　由 | 协助送达 | 案　号 | (2009)鲁高法协字第29号 |
|---|---|---|---|
| 送达文书名称和件数 | 美国联邦地区法院佛罗里达州北部管区 传票一份，诉状一份（共计47页） | | |
| 受送达人 | 泰山石膏股份有限公司 | | |
| 送达地址 | 本院 | | |
| 受送达人签名或盖章 | 张文君（该公司法规部职员）09 年 5 月 8 日 | | |
| 代收人及代收理由 | | | 年　　月　　日 |
| 备　　考 | | | |

填发人　　　　　　　　　　　送达人　　　

注：①送达刑事诉讼文书，按照刑事诉讼法第五十七条的规定办理；送达民事、
　　行政诉讼文书，按照或参照民事诉讼法第七十八条、第七十九条的规定
　　办理。
　　②代收诉讼文书的，由代收人签名或盖章后，还应注明其与受送达人的关
　　系及代收理由。



# EXHIBIT 2

Kevin G. Sugg
*Counsel*

phone: 610-757-4147
fax: 610-768-4509
e-mail: ksugg@devonhealth.com

**DEVON**
INTERNATIONAL
GROUP

June 17, 2009

<u>Via Overnight Delivery</u>

Office of Compliance and Field Operations
U.S. Consumer Product Safety Commission
Attention: Mary Kroh, Compliance Officer
Room 613-15
4330 East West Highway
Bethesda, MD 20814-4408

RE:   Devon International Trading, Inc.
      CPSC File No. PI090017

Dear Ms. Kroh,

Enclosed please find Devon International Trading, Inc.'s Response to the CPSC's Request For Information dated May 18, 2009. This response is made pursuant to section 15(b) of the Consumer Product Safety Act, 15 U.S.C. §2064 (a). Should you have any questions regarding Devon International Trading, please do not hesitate to contact me.

Sincerely,

Kevin G. Sugg
Counsel
Devon International Trading, Inc.

KGS/pld
Enclosures

p| 800•431•2273

a| 1100 first avenue
suite 100
king of prussia, pa
19406


PLAINTIFF'S
EXHIBIT
80

w| devonintlgroup.com

Devon - 00002

## DEVON INTERNATIONAL TRADING INC.'S RESPONSE
## TO REQUEST FOR INFORMATION DATED MAY 18, 2009
## CPSC FILE NO. PI090017

1.      Identify the person providing the answer(s) contained in your response to this letter.

        Answer:  Ruth Wu
                Vice-President of Operations
                Devon International Trading, Inc.
                1100 First Avenue
                King Of Prussia, PA 19406
                610-757-4103
                rwu@devonintlgroup.com

                Kevin G. Sugg, Esquire
                Counsel for Devon International Trading, Inc.
                1100 First Avenue
                King Of Prussia, PA 19406
                610-757-4147
                ksugg@devonintlgroup.com

2.      Did you sell, offer for sale, manufacture for sale, distribute in commerce, purchase, transfer, deliver, install, or import, in any way product during the relevant time frame?

        Answer:  Yes.  Devon International Trading ("Devon") imported and sold the product to distributors and wholesalers.

3.      If you answered "yes" to request No. 2, list all such shipments of product including, for each individual shipment:

        Answer:  Devon imported three shipments of drywall from China between June 1, 2006 and July 7, 2006.  The primary shipment arrived in Pensacola, Florida on or about June 16, 2006 (hereinafter referred to as "Shipment No. 1").  The second shipment arrived in Elizabeth, New Jersey on or about June 27, 2006 (hereinafter referred to as "Shipment No. 2").  The third shipment arrived in Chicago, Illinois on or about July 7, 2006 (hereinafter referred to as "Shipment No. 3").

        a. The name of the manufacturer of the product;

        Answer:  Shandong Taihe Dongxin Co., Ltd. for all three shipments.

            i. Any identifying marks or brands on the product, including any date codes and style numbers;

1

Answer:  Individual sheets of drywall contained the following statement: "MADE IN CHINA MEET OR EXCEEDS ASTM C1396 04 STANDARD."  In Shipment No. 1, drywall sheets were packaged in seven thousand one hundred thirty-three (7,133) bundles containing sixty-eight (68) sheets of drywall each.  Packaging on the outside of the bundles contained a logo stated as "Devon Building Products."

    ii.  The date of manufacture;

Answer:  Between March 15, 2006 and May 31, 2006.  The exact dates of manufacture are unknown.

    iii.  The location of manufacture, including the name of the gypsum mine, or other mine, if known;

Answer:  Unknown.

b.  The amount of product in the shipment;

Answer:  Shipment No. 1 contained 485,044 (+/-3%) sheets of drywall.  In the course of ocean transit from China to Pensacola, Florida, Shipment No. 1 was significantly damaged.  As a result of the damage, 255,680 sheets of drywall (3,760 bundles) were declared to be unusable, and 229,364 sheets of drywall (3,373 bundles) were determined to be available for sale.   Shipment No. 2 contained 658 sheets of drywall.  Shipment No. 3 contained 650 sheets of drywall.

c.  The retail price of the product;

Answer:  For Shipment No. 1, see Exhibit "A".  For Shipment No. 2, the wholesale price was $2.00 per sheet for a total sale price of $1,316.00.  For Shipment No. 3, the wholesale price was $4.27 per sheet for a total sale price of $1,024.80.

d.  The type or character of the product in the shipment including the dimensions, whether the product was synthetic or non-synthetic or a mixture of both, and the component materials of the product;

Answer:  The product was gypsum board.  The exact composition and component materials of the product are unknown.  The dimensions were 4' x 12' x 12.7mm.

e.  Identify the person or entity from whom you received the product;

Answer:  The manufacturer of the drywall was Shandong Taihe Dongxin Co., Ltd., Dawenkou, Daiye District, Taian City, Shandong Province, China 271026, phone: 86-538-8811449, fax:  86-538-8811323.  The product was purchased through a trading company, Shanghai Yu Yuan Import & Export Company, No. 19, Wenchang Road, Shanghai City, China, phone: 021-63550563.

Devon - 00004

i. The nature of the transaction by which you received the product such as importation, sale, consignment, etc;

Answer:  Devon purchased the product in China and transported it to the United States.

ii.  The date on which you received the product;

Answer:  Devon received Shipment No. 1 at the port of Qingdao, China on or about May 1, 2006.  Devon received Shipment No. 2 at the port of Qingdao, China on or about May 28, 2006.  Devon received Shipment No. 3 at the port of Qingdao, China on or about June 1, 2006.

iii.  The manner in which you transferred the product (e.g. ship, rail, truck, etc.) and the name, address, and telephone number of the carrier;

Answer:  Shipment No. 1 was transported by ship from the port of Qingdao, China to the port of Pensacola, Florida by China National Chartering Corp., Beijing, China.  Shipment No. 2 was transported by ship from the port of Qingdao, China to the port of Elizabeth, New Jersey by Mediterranean Shipping (address unknown). Shipment No. 3 was transported from the port of Qingdao, China to Chicago, Illinois by ship and rail (carrier unknown).

f. Identify the person or entity to or for whom you sold, distributed, purchased, transferred, delivered, installed, or imported the product;

Answer: For Shipment No. 1, see Exhibit "A".  Shipment No. 2 was sold to Associated Auctioneers, 2400 E. Tioga Street, Philadelphia, PA 19134.  From Shipment No. 3, 240 sheets of drywall were sold to Greenwood Products, Inc., 15895 SW 72nd Avenue, Portland, Oregon 97224.  The remaining 410 sheets of drywall from Shipment No. 3 remain unsold.

i. The nature of the transaction by which you sold, distributed, purchased, transferred, delivered or installed the product;

Answer:  The products in all three Shipments were sold to distributors or wholesalers, except for 2,380 sheets of drywall from Shipment No. 1 that were sold to individuals via ebay.

ii. The date on which you sold, distributed, purchased, transferred, delivered, installed, or imported the product;

Answer:  For Shipment No. 1, see Exhibit "A".  Shipment No. 2 was sold to Associated Auctioneers on or about December 8, 2006.  From Shipment No. 3, 240 sheets of drywall were sold to Greenwood Products on or about July 7, 2006.

3

iii. The manner in which you transferred the product (e.g. ship, rail, truck, etc.) and the name, address, and telephone number of the carrier.

Answer: For Shipment No. 1, see Exhibit "A". For Shipment No. 2, Associated Auctioneers received possession of the drywall at the marine terminal or warehouse in New Jersey. For Shipment No. 3, Greenwood Products received possession of the drywall at the warehouse of PacTrans Air & Sea, Inc. in Elk Grove Village, Illinois.

4.      Provide all documents and records related to the transactions identified in Request No. 3.

Answer: See documents attached hereto as Exhibit "B".

5.      Provide the following:

a. Address(es) where you currently store and maintain any drywall imported from China, and identify the person(s) who supervises your drywall inventory at that location(s).

Answer: For Shipment No. 3, the unsold 410 sheets of drywall are in the possession and control of PacTrans Air & Sea, Inc., 950 Thorndale Avenue, Elk Grove Village, Illinois, 60007, phone 847-766-9988, fax 847-766-9020.

b. Amount of drywall imported from China currently in your inventory?

Answer: None.

6.      Identify any communication your firm has had with any Chinese manufacturer, distributor or exporter, either through a representative in China or outside of China, about the product or the drywall problem? For any such communication, state:

a. The identity of any person or entity involved in such communication;

Answer: Devon has not had any communication with the manufacturer regarding the "drywall problem." Devon communicated with the manufacturer regarding the purchase of the drywall. Devon's representatives were Robert Scharf and Julian Chu.

b. The date of any such communication;

Answer: Between January 2006 and May 2006, Devon had numerous communications regarding the purchase of the drywall.

c. The substance of any such communication; and

Devon - 00006

Answer: Purchase of the drywall.

    d. If your communication related to a purchase of product, describe the process by which your firm made the transaction including:

        i. Is the product manufactured to your firm's requested specification?

Answer: Yes.

        ii. Does your firm place the order from a catalog?

Answer: No.

7.     Provide all documents and records related to the communications identified in Request No. 6.

Answer: See the documents attached hereto as Exhibit "C".

8.     Identify any persons or entities other than your firm who sold, offered for sale, manufactured for sale, distributed in commerce, purchased, transferred, delivered, installed, or imported any product during the relevant time frame.

Answer: None.

9.     Identify all complaints or claims of any sort related to the drywall problem including but not limited to, warranty or insurance claims, legal actions, repair, refund, or injury claims, comments related to quality or conformity of the drywall, or customer complaints, made by your firm, or received by your firm, including any internal complaints or claims, in any manner. Include information related to any such complaint or claims received by your firm from any person or entity identified in your response to Request Nos. 3 or 8. For each such complaint or claim, provide:

Answer: Devon has been advised by its customer, North Pacific Group, Inc., of several potential Chinese drywall claims. No direct claims have been made against Devon.

    a. The identity of any person or entity making such complaint or claim;

Answer: 1. ENAP, Inc., 555 Hudson Valley Avenue, Suite 200, New Windsor, NY 12553-5509. 2. Adams Homes (address unknown).

    b. The person or entity receiving such complaint or claim;

Devon - 00007

Answer:  North Pacific Group, Inc.

c.   The date of such complaint or claim;

Answer:  Devon was advised on or about June 9, 2009 regarding the claim by ENAP.  With regard to the Adams Homes claim, Devon was first advised on or about April 1, 2009.

d.   The substance of such complaint or claim;

Answer:  Apparent odor problems and suspected corrosion of wiring.

e.   The means of communication of such complaint or claim; and

Answer:  Devon was advised by email.

f.   All actions taken in response or the resolution of any such complaint or claim.

Answer:  None by Devon.


10.     Provide all documents and records related to the complaint or claims identified in Request No. 9.

Answer:  See the documents attached hereto as Exhibit "D".

Devon - 00008

# EXHIBIT A

Devon - 00009

## EXHIBIT A

1.      Product from Shipment No. 1 was sold to the following purchasers:

a.      North Pacific Group, Inc.
        10200 S.W. Greenburg Road
        Portland, OR 97233
        Ph:  503-231-1166

        Dates of Purchase:  8/1/2006 to 9/5/2006.

        Amount Purchased:  27,195 sheets (approximate).

        Price:  $8.50 per sheet.
        Total payments received from North Pacific equaled $231,158.39.

        Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of
        Pensacola.


b.      Mazer Discount Home Center
        2 South 41st Street
        Birmingham, AL 55222-1929
        Ph:  205-595-5521

        Dates of Purchase:  8/9/2006 to 5/7/2007

        Amount Purchased:  84,121 sheets (approximate).

        Price:  6,188 sheets at $9.00 per sheet and 248,234 sheets (approximate) at $3.50
        per sheet.  Total payments received from Mazer equaled $294,426.

        Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of
        Pensacola.


c.      Gulf Coast Shelter
        P.O. Box 1372
        Fairhope, AL 36533
        Ph:  866-517-1240

        Dates of Purchase:  12/14/2006 to 5/31/2007

        Amount Purchased:  132,685 sheets (approximate)

Price: $4.00 per sheet.
   Total payments received from Gulf Coast equaled $530,740.

Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.

d.   Caremia Builders, LLC
     P.O. Box 6482
     Slidell, LA 70469

     Date of Purchase: 4/17/2007

     Amount Purchased:  476 sheets.

     Price:  $2,000 (total purchase).

     Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.

e.   Maga Material Supply, Inc.
     542 McGuire Road
     Pelham, AL 35124

     Date of Purchase: 4/27/2007

     Amount Purchased:  476 sheets.

     Price:  $476 (total purchase).

     Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.

f.   Omega Steel Co.
     10 Washington Street
     Madison, Illinois 62060

     Date of Purchase:  3/9/2007

     Amount Purchased:   476 sheets.

     Price:  $2,000 (total purchase).

Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.

g.    Charles Nicholas
      Address Unknown

      Date of Purchases:  4/9/2007 and 4/27/2007

      Amount Purchased:  2,856 sheets.

      Price:  $15,535 (total purchase).

      Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.

h.    Sharkey Sales
      Address Unknown

      Date of Purchase:  4/25/2007

      Amount Purchased:  952 sheets.

      Price:  $3,808 (total purchase).

      Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.

i.    Rick Stockett
      Address Unknown

      Date of Purchase:  4/25/2007

      Amount Purchased: 476 sheets.

      Price:  $1,904 (total purchase).

      Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.

j.    Between 3/16/2007 and 4/22/2007, Devon sold approximately 2,380 sheets of drywall to five individuals via ebay.  The sales were in lots of 476 sheets each. The sale price for each lot was $2,000. These purchases were made by the

following individuals:  Brian Yarbor, 5579 Douglas Ferry Rd., Caryville, FL 32427 on 3/16/2007; Tommie Jones, Airport Firehouse, 900 Airline Highway, Kenner, LA 70062 on 3/29/2007; Timothy Ducey, 128, N. 82nd Street, Belleville, IL 62223 on 4/5/2007; Phillip Tencer (address unknown) on 4/12/2007; and Emily Peterson (APS Elevator Company, Inc.) (address unknown) on 4/22/2007. Devon believes that the Buyers picked up their purchases at the Port of Pensacola.

# EXHIBIT B

*To: 516-599-8228*

*Bob Scharf*

*2 pages*



DEVON INTERNATIONAL TRADING

## Order Request (PO# D0603019)

**From:**    Devon International Trading, Inc
Devon Building Products
1100 First Ave, Suite 100
King of Prussia, PA 19406
Ruth Wu/U.S. office         610-757-4103 (Phone)
                            610-930-4035 (Fax)
Julian Chu/Shanghai office  21-62717110 x115 (phone)
                            21-62716166 (fax)

**To:**      Shandong Taihe Dongxin Co.,Ltd.
Dawenkou, Daiyue District, Taian City, Shandong Province. China 271026
                            86-538-8811449 (phone)
                            86-538-8811323 (fax)

**Date:**    March 15, 2006

**Description:**   485,044 (+/-3%) sheets of Drywalls
**Quantity:**      4 ft (W) x 12 ft (L), **12.7 mm (thickness)** per sheet, **tapered**
No more than 94.50 lbs per sheet,
please see the attached documents for more product specs
EXW $3.05 per sheet
Total: $1,479,384.20

**Packaging**        <u>Per Sheet:</u>
**requirements:**    4'(W) x 12' (L) x 12.7mm (thickness) per sheet
93.6 lbs (the less the better) per sheet,

<u>Per Bundle:</u>
68 sheets per bundle,
1.24m(W)x 3.68m(L)x 0.989m(H), 4.513 CBM per bundle including pallet
Total: 7133 bundles, 3.25 Metric Tons/bundle, 3.575 short tons/bundle

*Drywalls are bundled by metal bands, covered by carboards on
all sides, bundled by metal bands again,
Wooden feet are added to palletize each bundle.
Devon Building Product logo to be imprinted on the cardboards

**Shipipng**    Breakbulk
**Method:**

**Destination:**   ~~Mobile, Alabama~~ *Pensacola, FL* *Ruth W.*

**Latest shipping**   All cargo should be ready at the port by April 10-15, 2006
**date:**

**.onsignee:**    Devon International Trading, Inc
1100 First Ave, Suite 100, King of Prussia, PA 19406

07/07 2006 18:44 FAX 86 21 62716166   DEVEN INC   ☑001

TO: Ruth: 3 pages. Julan.

傅貨確認書

**SALES CONFIRMATION**

No. 06JYUN-DEV001

Date: MAR 30,2006

To Messrs.

**Devon International Trading , Inc**
**1100 First Ave, Suite 100, King of Prussia, PA 19406**

For account of:

We hereby confirm having sold you the following goods on terms and conditions as specified below:

Your Cable/ contract No.

| (1) 貨物之種類規格及裝運嘜頭<br>Name of Commodity, Specifications and Shipping Mark | (2) 數量<br>Quantity | (3) 單價<br>Unit Price | (4) 總值<br>Total Amount |
|---|---|---|---|
| | | **FOB SHANGHAI** | |
| **Drywalls**<br>4 ft (W) x 12 ft (L), 12.7mm(thickness)<br>93.60 lbs per sheet (no more than 94.50 lbs)<br>68 sheets per bundle, total 7133 bundles<br>bundled by metal bands,covered by carboards<br><br>*tapered* | 485044 sheets | usd 2.99 | USD 1450281.56 |
| | | | USD 1450281.56 |

(5) 裝運期<br>Time of Shipment:
☐ 收到信用證後_____天內裝運.
Within_____days after receipt of L/C.
☒ 30% shipment should be ready at the port within 15 days after 30% T/T payment received
35% shipment should be ready at the port within 15 days after next 35% T/T payment received
Surplus products should be ready at the port within 15 days after all remain payment received

(6) 付款方式<br>Terms of Payment:
☐ 買方應於_____年_____月_____日前將保兌的,不可撤銷的.可轉讓的.可分割的即期信用證開到賣方.該信用證議付有效期應為裝運期後第十五天在中國到期.
By L/C: Customed, irrevocable Letter of Credit to be opened before_____ and to be available by sight draft, to remain valid for negotiation in China until the 15th day after the Date of shipment. Allowing transshipment and partial shipment, mentioning relative S/C number.

Pensacola, FL →

☒ **T/T PAYMENT**

(7) 保險<br>Insurance:
☒ 由_____加成按發票金額投保_____險.   By Seller
Cover all risks and war risk as covered transportation all risks.
☐ 由買方自理.
To be effected by the Buyer.

(8) 附註<br>Addimitas:
☐ 本確認書項下的全部交易內容,以本確認書之規定為準,如買方對本確認書之內容有任何異議,必須在收到本確認書後立即提出,否則即認為買方已接受本確認書所規定之條款.關於履行本合同所引起的一切爭議,雙方應通過友好協商解決,如協商不能解決,應提交中國國際經濟貿易仲裁委員會.
All disputes arising from the execution of or in connection with this contract shall be settled amicably through friendly negotiation, in case no settlement can be reached through negotiation, the case shall then be submitted to China International Economic and Trade Arbitration Commission Shanghai Commission for arbitration in accordance with The Rules of Arbitration of China International Economic & Trade Arbitration Commission. The award rendered by the said commission shall be final and binding upon both parties.

(9) 對於貨物上述其它情況.買方應憑信用證分批進行議付.若賣方保留向違約方索賠之權利,並不影響本確認書其它條款之執行.
The Buyer shall complete the covering Letter of Credit before the above-stipulated time, failing which the Seller reserves the right to rescind without further notice, or to accept whole or any part of this Sales Confirmation non-fulfilling by the Buyer, or to lodge a claim for direct losses sustained, if any.

(10) 買方如要求投保高於上述之保險金額或保其它險別,所增加之保險費由買方承擔.
In case the Buyer asks to increase the insurance amount or to cover additional risks, the additional insurance premium incurred shall be borne by the Buyer.
If the insurance requested on C.I.F. basis, it is understood that the insurance amount will be for 110% of the invoice value against the risks specified in the Sales Confirmation. If additional insurance amount or coverage is required, the Buyer must have the consent of the Seller before shipment; and the additional premium is to be borne by the Buyer.

(11) 品質/數量異議: 如買方提出異議,凡屬品質異議須於貨到目的口岸之日起30天內提出,凡屬數量異議須於貨到目的口岸之日起15天內提出,對所裝貨物所提任何異議屬於保險公司,輪船公司等其他有關運輸機構所負責者,賣方不負任何責任.
QUALITY/QUANTITY DISCREPANCY:This case of quality discrepancy, the Buyer should claim within 30 days after the arrival of the goods at port of destination; while for quantity discrepancy, the Buyer should claim within 15 days after the arrival of the goods at port of destination. It is understood that the Seller shall not be liable for any discrepancy of the goods shipped due to the causes for which the Insurance Company, Shipping Company, other transportation organization, or Post Office is liable.

(12) 本確認書內所述全部或部分商品,如因人力不可抗拒的原因,致使賣方不能交貨.賣方不負任何責任.
The Seller shall not be held liable for failure or delay in delivery of the entire lot or a portion of the goods under this Sales Confirmation in consequence of any Force Majeure incidents.

(13) 買方收到本確認書後立即簽回一份,如買方對本確認書有異議,應在收到本確認書後立即以書面提出,否則賣方即認為買方已接受本確認書之規定.
The Buyer is requested to sign and return one copy of this Sales Confirmation immediately after receipt of the same. Objection, if any, should be raised by the Buyer within_____days, otherwise it is understood that the Buyer has accepted the terms and conditions of this Sales Confirmation. In the absence of which it is understood that the Buyer has accepted the terms and conditions of this Sales Confirmation.

(14) 本確認書須經買賣雙方簽字後,如蓋章方能生效.
The effectiveness of the contract is subject to the Seller's signature as well as the seal that is stamped by the responsible authority for the Sales Confirmation.

Confirmed by Sellers:

Confirmed by Buyers:

# Order Contract
(Translation)

Supplier: Taian City Taishan Gypsum Board Inc.
Buyer: Shanghai Yu Yuan Import & Export Company

Contract Number:
Location:

1. Product name, specs, quantity and amount:

| Product Name | Specifications (unit: mm) | Quantity (unit: sheet) | EXW unit price (yuan/sheet) | Total Amount (unit: RMB yuan) |
|---|---|---|---|---|
| Regular gypsum board | 3660x1220x12.7 | 485044 | 26.30 | ¥12756657.20 |
| Total Amount: Twelve Million Seven Hundred Fifty Six Thousand Six Hundred and Fifty Seven 20/100 Yuans | | | | |

2. Quality Standard: Use United States' ASTM C36 and C1396 as production standards to enforce strictly. Every piece of drywall board is imprinted "Made in China Meet or Exceeds ASTM C1396 04 Standard". Also the packaging has shipping mark to include logo provided by U.S. Devon company and the related specs information (see point 4 in this contract). Each of the two sides of the drywalls needs a 40-50 mm wedge-shaped edge. Each board weights less than 42 kg, thickness allowance 0 to -0.4mm.

3. Packaging requirement: Every two pieces' shorter sides (1220mm) need white paper without imprint to seal them. Use plywood-made pallet base. Each pallet loads 68 sheets. Every bundle of drywalls needs two layers of plastic film to wrap it up well. 6 sides of the bundle use drywalls and use metal band to wrap the bundle up.

4. Shipping mark: On the package it should imprint buyer's designated shipping mark.

Devon Company Logo:



Buyer's designated shipping mark:

| Shipping Marks: L/C-022006 | |
|---|---|
| Goods Name: GYPSUM BOARD | |
| Size: 1220×3660×12.7mm | |

Devon - 00017

# EXHIBIT 3

PLAINTIFF'S
EXHIBIT
81

Blumberg No. 5113

2006/04/19 17:57

Devon - 00438

Devon - 00449



Devon - 00450

Devon - 00452



MADE IN CHINA MEET OR EXCEEDS ASTM C1396 OR STANDARD

Devon - 00645



Devon - 00658

Devon - 00663

# EXHIBIT 4

07/21/2006 10:15 FAX 601 735 2602      NORTH PACIFIC GROUP                    ☒001



# North Pacific

July 21, 2006

Ms. Ruth Wu
Devon International Trading

Via facsimile : 610 930-4035

Dear Ms. Wu:

We are returning your invoice unpaid along with a copy of an email transmitted to Bob
Scharf. This material was supposed to have shipped back in March. All along we have
been telling Bob that the market may drop and the material needs to be shipped. Once
the vessel finally arrived we again asked to ship as fast as possible but we were held up
an additional month due to the damage and slow off loading as well as legal and
insurance holds on the material. Finally we were given the go ahead to begin shipping
but by this time, some four months after the intended shipment date, our customers
cancelled their orders to us due to the late shipping. North Pacific Group had no
alternative but to cancel the purchase due to late shipment.

We have communicated with Bob repeatedly during this process concerning the
timeliness of shipment. We have told Bob that North Pacific will assist Devon in
marketing the material, however the market has dropped and the sales value will be less
than our original orders contained. We have salvaged a small number of orders and we
will honor our original purchase price for these loads only. Any future shipments will be
at an agreed upon price at the time of shipment. If you would like us to continue to
market the material we will do all we can to help you with disposing of the material.

Sincerely,

*Frank Johnston*

Frank Johnston
Division Manager
North Pacific Group
Southern



PLAINTIFF'S
EXHIBIT
77

SOUTHERN

P.O. Drawer 391, 797 Industrial Park Drive | Waynesboro, MS 39367 | 601.735.5051
www.northpacific.com

DEVON 00951

# EXHIBIT 6



**FOWLER WHITE**

ATTORNEYS AT LAW

**BURNETT**

MIAMI • FORT LAUDERDALE • WEST PALM BEACH • ST. PETERSBURG • VERO BEACH

ESPIRITO SANTO PLAZA
FOURTEENTH FLOOR
I 395 BRICKELL AVENUE
MIAMI, FLORIDA 33 I 3 I
TELEPHONE (305) 789-9200
FACSIMILE (305) 789-920 I

WWW.FOWLER-WHITE.COM

EDWARD J. BRISCOE
DIRECT PHONE No.: (305) 789-9252
DIRECT FACSIMILE No.: (305) 789-920 I
EBRISCOE@FOWLER-WHITE.COM

August 7, 2009

*Via Certified Mail, Return Receipt Requested*

PRIVILEGED AND CONFIDENTIAL

Mary Kroh
Compliance Officer
Office of Compliance and Field Operations
U.S. Consumer Product Safety Commission
Room 613-15
4330 East West Highway
Bethesda, MD 20814-4408

Re:    CPSC File No. PI090017
       Drywall Imported from the People's Republic of China

Dear Ms. Kroh:

Please allow this letter to serve as a response on behalf of Emerald Coast Building Materials to the U.S. Consumer Product Safety Commission's request for information regarding Chinese drywall. While not conceding to application of the Consumer Product Safety Act to this case, we provide the following confidential itemized responses to your requests:

*1.    Identify the person providing the answer(s) contained in your response to this letter.*

William B. Batting, General Manager, Emerald Coast Building Materials, 8040 N. Palafox Street, Suite B, Pensacola, FL 32534, with the assistance of the undersigned counsel.

*2.    Did you sell, offer for sale, purchase, transfer, delivery, or install in any way, any product during the relevant time frame?*

Yes.

*3.    If you answered "Yes" to Request No. 2, provide the following information concerning the product:*

*a.    Identify all the person(s) or entity(ies) from whom you received the product and for each person or entity provide:*

*i.    The nature of the transaction(s) by which you received the product such as importation, purchase, consignment, etc.;*

FOWLER WHITE BURNETT P.A.   CONFIDENTIAL – SUBJECT
TO PROTECTIVE ORDER

SM0033

cb:  Drywall - MDL 2047

100033 - Smoky Mountain Materials, Inc.

U.S. Consumer Product Safety Commission
Page 2

    ii.    *The name of the manufacturer(s) of the product;*

    iii.    *The total amount of product received;*

    iv.    *The type or character of the product in each shipment including the dimensions, whether the product was synthetic or non-synthetic or a mixture of both, and the component materials of the product, if known, and*

    v.    *The date on which you received the product.*

a.    North Pacific Group, Inc

    i.    Purchased from North Pacific.

    ii.    Uncertain of Manufacturer. Believed to be manufactured in China.

    iii.    571,200 square feet.

    iv.    20 truck loads consisting of 11,900 pieces of 1/2"x4'x12' Gypsum Wallboard

    v.    First truckload received on July 27, 2006. Last truck received on August 23, 2006.

b.    *Identify all person(s) or entity(ies) to or for whom you sold, offered for sale, distributed in commerce, purchased, transferred, delivered, installed, or imported the product and for each person or entity provide:*

    i.    *The nature of the transaction(s) by which you transferred the product such as sale, installation, etc.;*

    ii.    *The name of the manufacturer(s) of the product;*

    iii.    *The total amount of product sold, offered for sale, distributed in commerce, purchased, transferred, delivered, installed, or imported;*

    iv.    *The type or character of the product in each shipment including the dimensions, whether the product was synthetic or non-synthetic or a mixture of both, and the component materials of the product, if known, and*

    v.    *The date on which you received the product.*

b.    We did not track to whom we sold this specific product as we sold other brands of product during this time as well.  See also Response to Question 3a (i-v) above.

4.    *Provide all documents and records related to the transactions identified in Request No. 3.*

Emerald Coast Building Materials has been granted an extension of time in which to respond to this particular request, and will therefore provide same on the agreed upon date of August 21, 2009.

FOWLER WHITE BURNETT P.A.    **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

U.S. Consumer Product Safety Commission
Page 3

5.   Provide the following:
    a.   Amount of drywall imported from China currently in your inventory.
    b.   Address(es) of where you currently store and maintain any drywall
    imported from China, and identify the person(s) who supervises your
    drywall inventory at that location(s).

a.   None.
b.   Not applicable.


6.   Has your firm had communication with any Chinese manufacturer,
distributor or exporter, either through a representative in China or outside of China,
about the product or the drywall problem?  If so, describe.


North Pacific Group, Inc. has been advised of claims being asserted against Emerald
Coast Building Materials.


7.   Identify all complaints or claims of any sort related to the drywall problem
including but not limited to warranty or insurance claims, legal actions, repair,
refund, or injury claims, comments related to quality or conformity of the drywall,
or customer complaints, received or made by your firm, including any internal
complaints or claims, in any manner.  Include information related to any such
complaint or claims received or made by your firm from or to any person or entity
identified in your response to Request No. 3.  For each such complaint or claim,
provide:

    a.   The identity of any person or entity making such complaint or claim;
    b.   The person or entity receiving such complaint or claim;
    c.   The date of such complaint or claim;
    d.   The substance of such complaint or claim;
    e.   The means of communication of such complaint or claim (e.g. letter,
    etc.); and
    f.   All actions taken in response or the resolution of any such complaint
    or claim.

a.   Adams Homes of North West Florida, Inc.

    Rightway Drywall, Inc.

    Mitchell Homes

FOWLER WHITE BURNETT P.A.   CONFIDENTIAL – SUBJECT
TO PROTECTIVE ORDER

SM0035

cb:  Drywall - MDL 2047
100035 - Smoky Mountain Materials, Inc.

U.S. Consumer Product Safety Commission
Page 4

Heritage Homes of NW Florida, LLC

Solid Construction of the Gulf Coast, Inc. d/b/a Westerheim Homes

Mitchell Company, Inc. v. Rightway Drywall, Inc. et al., currently pending
in U.S. District Court for the Eastern District of Louisiana (MDL 2047)
(Smoky Mountain/Emerald Coast was brought into the case via third-party
complaint by Rightway Drywall).

Diges E. Little, et. al. v. Mitchell Company, Inc. et al., currently pending in
the Circuit Court of Mobile Alabama (Case No.: 901153).

Informal claim by Ryan and Danielle Willey regarding home located at 1722
Graduate Way, Pensacola FL 32514.

Informal claim by Carson Fluharty regarding home located at 1706 Graduate
Way, Pensacola FL 32514.

Informal claim by Heritage Homes on behalf of Blake Weekley regarding
home located at 6227 Clear Creek Road, Milton, FL 32570.

Informal claim by Heritage Homes on behalf of James and Sarah Knowles
regarding home located at 4355 Highway 4, Jay, FL 32565.

Informal claim by Heritage Homes on behalf of Mr. and Mrs. I. D. Brewton
regarding home located at 8804 Jernings Road, Pensacola, FL 32514.

Informal claim by Mid-Continent on behalf of Solid Construction of the Gulf
Coast, Inc. the general contractor for the Fluharty residence at 1706 Graduate
Way, Pensacola FL 32514.

b.  Emerald Coast Building Materials.

c.  Adams Homes - September 2, 2008
Rightway Drywall/Mitchell Homes - March 3, 2009
Heritage Homes - April 22, 2009
Solid Construction/Westerheim Homes - April 22, 2009
Mitchell Company, Inc. v. Rightway Drywall, Inc. et al. - May 14, 2009
Little, et. al. v. Mitchell Company, Inc. et al. - June 23, 2009
Willey Residence (Westerheim Homes) - April 20, 2009
Fluharty Residence (Westerheim Homes) - April 17, 2009
Weekley Residence (Heritage Homes) - June 22, 2009
Knowles Residence (Heritage Homes) - April 22, 2009
Brewton Residence (Heritage Homes) - May 26, 2009

FOWLER WHITE BURNETT P.A.

CONFIDENTIAL – SUBJECT
TO PROTECTIVE ORDER

cb:  Drywall - MDL 2047
100036 - Smoky Mountain Materials, Inc.

U.S. Consumer Product Safety Commission
Page 5

Mid-Continent on behalf of Solid Construction of the Gulf Coast, Inc. - June 7, 2009

d.    Claimants complained that the homeowners had notified them of sulfur-like odors, corrosion to copper wiring, premature corrosion of air conditioning coils, corrosion of other metal objects in the homes, etc.

e.    Correspondence from claimants as well as service of suit in the Mitchell and Little matters, as referenced above.

f.    Emerald Coast Building Materials notified its supplier, North Pacific Group, Inc. of said claims and tendered defense to same.

8.    *Provide all documents and records related to the complaint or claims identified in Request No. 7.*

Emerald Coast Building Materials has been granted an extension of time in which to respond to this particular request, and will therefore provide same on the agreed upon date of August 21, 2009.

If we can be of any further assistance in this matter, please do not hesitate to contact us.

Very truly yours,

Edward J. Briscoe
Attorney for Smoky Mountain Materials, Inc.
d/b/a Emerald

WA78688\LETTR404-Resp to CPSC Inquiry re Emerald Coast.SMH



CONFIDENTIAL – SUBJECT
TO PROTECTIVE ORDER

FOWLER WHITE BURNETT P.A.

SM0037

cb:  Drywall - MDL 2047
100037 - Smoky Mountain Materials, Inc.

# FOWLERWHITE

## ATTORNEYS AT LAW

# BURNETT

MIAMI • FORT LAUDERDALE • WEST PALM BEACH • ST. PETERSBURG • VERO BEACH

ESPIRITO SANTO PLAZA
FOURTEENTH FLOOR
1395 BRICKELL AVENUE
MIAMI, FLORIDA 33131
TELEPHONE (305) 789-9200
FACSIMILE (305) 789-9201

WWW.FOWLER-WHITE.COM

EDWARD J. BRISCOE
DIRECT PHONE NO.: (305) 789-9252
DIRECT FACSIMILE NO.: (305) 789-9201
EBRISCOE@FOWLER-WHITE.COM

August 20, 2009

_Via Certified Mail, Return Receipt Requested_

**PRIVILEGED AND CONFIDENTIAL**

Mary Kroh
Compliance Officer
Office of Compliance and Field Operations
U.S. Consumer Product Safety Commission
Room 613-15
4330 East West Highway
Bethesda, MD 20814-4408

Re:  CPSC File No. PI090017
     Drywall Imported from the People's Republic of China

Dear Ms. Kroh:

In follow-up to our prior correspondence to you dated August 7, 2009, this will confirm that we previously requested and obtained an extension of time in which to provide responses to numbers 4 and 8 below, on behalf of Emerald Coast Building Materials.  Accordingly, please allow this to serve as Emerald Coast Building Materials' supplemental response to the U.S. Consumer Product Safety Commission's request for information regarding Chinese drywall.  While not conceding to application of the Consumer Product Safety Act to this case, we provide the following confidential itemized responses to your requests:

_1.      Identify the person providing the answer(s) contained in your response to this letter._

William B. Batting, General Manager, Emerald Coast Building Materials, 8040 N. Palafox Street, Suite B, Pensacola, FL 32534, with the assistance of the undersigned counsel.

_2.      Did you sell, offer for sale, purchase, transfer, delivery, or install in any way, any product during the relevant time frame?_

Yes.

_3.      If you answered "Yes" to Request No. 2, provide the following information concerning the product:_

FOWLER WHITE BURNETT P.A.   CONFIDENTIAL – SUBJECT
                            TO PROTECTIVE ORDER

SM0038

cb:  Drywall - MDL 2047
     100038 - Smoky Mountain Materials, Inc.

U.S. Consumer Product Safety Commission
Page 2

    *a.*    *Identify all the person(s) or entity(ies) from whom you received the product and for each person or entity provide:*

        *i.*    *The nature of the transaction(s) by which you received the product such as importation, purchase, consignment, etc.;*

        *ii.*    *The name of the manufacturer(s) of the product;*

        *iii.*    *The total amount of product received;*

        *iv.*    *The type or character of the product in each shipment including the dimensions, whether the product was synthetic or non-synthetic or a mixture of both, and the component materials of the product, if known, and*

        *v.*    *The date on which you received the product.*

**a.**    North Pacific Group, Inc

    i.    Purchased from North Pacific.

    ii.    Uncertain of Manufacturer. Believed to be manufactured in China.

    iii.    571,200 square feet.

    iv.    20 truck loads consisting of 11,900 pieces of 1/2"x4'x12' Gypsum Wallboard

    v.    First truckload received on July 27, 2006. Last truck received on August 23, 2006.

    *b.*    *Identify all person(s) or entity(ies) to or for whom you sold, offered for sale, distributed in commerce, purchased, transferred, delivered, installed, or imported the product and for each person or entity provide:*

        *i.*    *The nature of the transaction(s) by which you transferred the product such as sale, installation, etc.;*

        *ii.*    *The name of the manufacturer(s) of the product;*

        *iii.*    *The total amount of product sold, offered for sale, distributed in commerce, purchased, transferred, delivered, installed, or imported;*

        *iv.*    *The type or character of the product in each shipment including the dimensions, whether the product was synthetic or non-synthetic or a mixture of both, and the component materials of the product, if known, and*

        *v.*    *The date on which you received the product.*

**b.**    We did not track to whom we sold this specific product as we sold other brands of product during this time as well.  See also Response to Question 3a (i-v) above.

FOWLER WHITE BURNETT P.A.   CONFIDENTIAL – SUBJECT
TO PROTECTIVE ORDER

SM0039

cb:  Drywall - MDL 2047
100039 - Smoky Mountain Materials, Inc.

U.S. Consumer Product Safety Commission
Page 3

4.    *Provide all documents and records related to the transactions identified in Request No. 3.*

Attached are invoices from North Pacific for gypsum drywall sold to Smoky Mountain Materials, Inc. for the periods of 7/31/06 to 8/30/06. (See Tab 1).

5.    *Provide the following:*
   a.    *Amount of drywall imported from China currently in your inventory.*
   b.    *Address(es) of where you currently store and maintain any drywall imported from China, and identify the person(s) who supervises your drywall inventory at that location(s).*

a.    None.
b.    Not applicable.

6.    *Has your firm had communication with any Chinese manufacturer, distributor or exporter, either through a representative in China or outside of China, about the product or the drywall problem? If so, describe.*

North Pacific Group, Inc. has been advised of claims being asserted against Emerald Coast Building Materials.

7.    *Identify all complaints or claims of any sort related to the drywall problem including but not limited to warranty or insurance claims, legal actions, repair, refund, or injury claims, comments related to quality or conformity of the drywall, or customer complaints, received or made by your firm, including any internal complaints or claims, in any manner. Include information related to any such complaint or claims received or made by your firm from or to any person or entity identified in your response to Request No. 3. For each such complaint or claim, provide:*

   a.    *The identity of any person or entity making such complaint or claim;*
   b.    *The person or entity receiving such complaint or claim;*
   c.    *The date of such complaint or claim;*
   d.    *The substance of such complaint or claim;*
   e.    *The means of communication of such complaint or claim (e.g. letter, etc.); and*
   f.    *All actions taken in response or the resolution of any such complaint or claim.*

FOWLER WHITE BURNETT P.A.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

SM0040

cb: Drywall - MDL 2047
100040 - Smoky Mountain Materials, Inc.

U.S. Consumer Product Safety Commission
Page 4

a.    Adams Homes of North West Florida, Inc.

Rightway Drywall, Inc.

Mitchell Homes

Heritage Homes of NW Florida, LLC

Solid Construction of the Gulf Coast, Inc. d/b/a Westerheim Homes

Mitchell Company, Inc. v. Rightway Drywall, Inc. et al., currently pending in U.S. District Court for the Eastern District of Louisiana (MDL 2047) (Smoky Mountain/Emerald Coast was brought into the case via third-party complaint by Rightway Drywall).

Diges E. Little, et. al. v. Mitchell Company, Inc. et al., currently pending in the Circuit Court of Mobile Alabama (Case No.: 901153).

Informal claim by Ryan and Danielle Willey regarding home located at 1722 Graduate Way, Pensacola FL 32514.

Informal claim by Carson Fluharty regarding home located at 1706 Graduate Way, Pensacola FL 32514.

Informal claim by Heritage Homes on behalf of Blake Weekley regarding home located at 6227 Clear Creek Road, Milton, FL 32570.

Informal claim by Heritage Homes on behalf of James and Sarah Knowles regarding home located at 4355 Highway 4, Jay, FL 32565.

Informal claim by Heritage Homes on behalf of Mr. and Mrs. I. D. Brewton regarding home located at 8804 Jernings Road, Pensacola, FL 32514.

Informal claim by Mid-Continent on behalf of Solid Construction of the Gulf Coast, Inc. the general contractor for the Fluharty residence at 1706 Graduate Way, Pensacola FL 32514.

b.    Emerald Coast Building Materials.

c.    Adams Homes - September 2, 2008
Rightway Drywall/Mitchell Homes - March 3, 2009
Heritage Homes - April 22, 2009
Solid Construction/Westerheim Homes - April 22, 2009
Mitchell Company, Inc. v. Rightway Drywall, Inc. et al. - May 14, 2009
Little, et. al. v. Mitchell Company, Inc. et al. - June 23, 2009

FOWLER WHITE BURNETT **P.A.**   CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

SM0041

cb: Drywall - MDL 2047
100041 - Smoky Mountain Materials, Inc.

U.S. Consumer Product Safety Commission
Page 5

      Willey Residence (Westerheim Homes) - April 20, 2009
      Fluharty Residence (Westerheim Homes) - April 17, 2009
      Weekley Residence (Heritage Homes) - June 22, 2009
      Knowles Residence (Heritage Homes) - April 22, 2009
      Brewton Residence (Heritage Homes) - May 26, 2009
      Mid-Continent on behalf of Solid Construction of the Gulf Coast, Inc. - June 7, 2009

d.     Claimants complained that the homeowners had notified them of sulfur-like odors, corrosion to copper wiring, premature corrosion of air conditioning coils, corrosion of other metal objects in the homes, etc.

e.     Correspondence from claimants as well as service of suit in the Mitchell and Little matters, as referenced above.

f.     Emerald Coast Building Materials notified its supplier, North Pacific Group, Inc. of said claims and tendered defense to same.

8.    *Provide all documents and records related to the complaint or claims identified in Request No. 7.*

Attached are the materials regarding the following claims, as referenced in response to number 7 above:

Mitchell Company, Inc. v. Rightway Drywall, Inc. et al., currently pending in U.S. District Court for the Eastern District of Louisiana (MDL 2047) (Smoky Mountain/Emerald Coast was brought into the case via third-party complaint by Rightway Drywall). (See Tab 2).

Diges E. Little, et. al. v. Mitchell Company, Inc. et al., currently pending in the Circuit Court of Mobile Alabama (Case No.: 901153). (See Tab 3).

Informal claim by Ryan and Danielle Willey regarding home located at 1722 Graduate Way, Pensacola FL 32514. (See Tab 4).

Informal claim by Carson Fluharty regarding home located at 1706 Graduate Way, Pensacola FL 32514. (See Tab 5).

Informal claim by Heritage Homes on behalf of Blake Weekley regarding home located at 6227 Clear Creek Road, Milton, FL 32570. (See Tab 6).

Informal claim by Heritage Homes on behalf of James and Karah Knowles regarding home located at 4355 Highway 4, Jay, FL 32565. (See Tab 7).

FOWLER WHITE BURNETT P.A.  CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

cb: Drywall - MDL 2047
100042 - Smoky Mountain Materials, Inc.

U.S. Consumer Product Safety Commission
Page 6

Informal claim by Heritage Homes on behalf of Mr. and Mrs. I. D. Brewton regarding home located at 8804 Jerningan Road, Pensacola, FL 32514. (See Tab 8).

Informal claim by Mid-Continent on behalf of Solid Construction of the Gulf Coast, Inc. the general contractor for the Fluharty residence at 1706 Graduate Way, Pensacola FL 32514. (See Tab 9).

Correspondence dated March 12, 2009 from counsel for Emerald Coast Building Materials to North Pacific Group, Inc. notifying North Pacific Group, Inc. of said claims and tendering defense to same. (See Tab 10).

Correspondence dated July 14, 2009 from counsel for Emerald Coast Building Materials to North Pacific Group, Inc. providing second notification to North Pacific Group, Inc. of said claims and reiterating tender of defense to same. (See Tab 11).


If we can be of any further assistance in this matter, please do not hesitate to contact us.

Very truly yours,

Edward J. Briscoe
Attorney for Smoky Mountain Materials, Inc.
d/b/a Emerald Coast Building Materials

W:\78688\LETTR322-Supp Resp to CPSC Inquiry.SMH



CONFIDENTIAL – SUBJECT
TO PROTECTIVE ORDER

FOWLER WHITE BURNETT P.A.

SM0043

cb:  Drywall - MDL 2047
100043 - Smoky Mountain Materials, Inc.

JUL-31-2006(MON) 09:10                                                      P. 003/007
    Rx Date/Time    JUL-31-2006(MON) 07:53      8778812331                  P. 001
07/31/06 05:54AM PST  ->  8656378762                        Pg 1/1

## North Pacific

SOUTHERN
P. O. Box 391
Waynesboro, MS 39367
Tel 601-735-5051
Fax 601-735-2602
www.northpacific.com

| INVOICE |
| --- |
| 0043750101 |

Invoice Date: 07/31/06
Account #: SMOKY001 0001
Branch/Division: 40301001
Phone #: (850)471-6281
Fax #: (865)637-8762
Page: 1 of 1

**PLEASE REMIT TO:**
North Pacific
PO. Box 643228
Cincinnati, OH 45264-3228
USA

**BILL TO:**

Smoky Mountain Materials Inc
521B S National Dr
Knoxville TN 37914

**SHIP TO:**

Smoky Mountain Materials Inc
8040 N Palafox St
Pensacola FL 32526

| P.O.#: 707424 | | Job #: 216 | | Ordered By: Bill | | | |
|---|---|---|---|---|---|---|---|
| Ship Date: 07/28/06 | | Ship Via: Truck | | B/L #: | | | |
| Frt. Term: Cust Pickup | | Ref. #: Pensacola/#37501 | | Sales Agent: TRowell | | Orig. Inv #: | |
| QUANTITY SHIPPED | UOM | ITEM / DESCRIPTION | | CONVERTED QUANTITY | PRICE / UOM | | EXTENDED AMOUNT |
| 476 | PC | BGWGYAAA120504   1/2 4x12 | | 22.8480 | 200.00 | /MSF | 4,569.60 |
| | | Gypsum Drywall A Grade | | | | | |
| | | SUBTOTAL: | | | | | 4,569.60 |
| | | THANK YOU FOR THE ORDER! | | | | | |
| | | A cash discount is not an automatic discount. It is an incentive to | | | | | |
| | | pay within specified time. Unearned discounts will not be allowed. | | | | | |

NET 30 DAYS

TERMS:  1% CD ADF 10 days ADI, net 15 days ADI
        You may deduct $45.70 if paid by 08/10/06

| TOTAL DUE: | 54,569.60 |
|---|---|

Invoice payable in U.S. funds unless otherwise noted. To ensure proper credit, please include invoice number with your payment. A service charge of 1.5% per month will be assessed on past due accounts. If this exceeds legal limits in your province/state, then the maximum legal rate for your province/state will be assessed. Any deduction made from this invoice will be rejected unless approved by our office before your deduction is made. No authorization for a deduction will be made by our office unless a complaint is registered within five (5) business days after arrival of shipment. These commodities are licensed by the U.S. for ultimate destination to the above port. Diversion contrary to the U.S. law prohibited. This is your original invoice and the only copy you will receive. E.&O.E. This sale is subject to the terms and conditions of our Order Acknowledgment issued in connection with this sale.

Received Time Jul 31    9:33AM

cb:  Drywall - MDL 2047
    100044 - Smoky Mountain Materials, Inc.

# Purchase Order 707424-A

**Vendor Number   NORTHP**

Emerald Coast Bldg Materials Pcola
40 North Palafox Street
Pensacola, FL. 32534

Telephone 850/471-6291

To:

North Pacific Group, Inc.
P.O. Drawer 391
Waynesboro, MS 39367

Ship To:

Emerald Coast Bldg Materials Pcola
8040 North Palafox Street
Pensacola, FL. 32534

**** THIS IS A CHANGE ORDER ****

| Ship Date | Ship Via | | FOB | Terms |
|---|---|---|---|---|
| 7/26/06 | | | Origin | 1% 10 net 30 |
| Freight | Req Date | Confirmed To | Remarks | N |
| | 07/26/06 | 437501 | | |

| Qty Required | UM Code / Rec'd | Qty / Item NO. Description | | Unit Cost | Extended |
|---|---|---|---|---|---|
| 476 | EA    1 / 07/26/06 | DW1212 1/2" 4 X 12 REGULAR DRYWALL | | 9.600 | 4569.60   0.00 |

RECEIVED

JUL 2 8 2006

BY: _____

| | |
|---|---|
| | 4569.00 |
| Non Taxable Subtotal | 0.00 |
| Taxable Subtotal | 0.00 |
| Tax | 0.00 |
| Total | 0.00 |

Page   1

Duplicate Copy  (Reprinted)                              Authorized Signature

SM0045

cb:  Drywall - MDL 2047
100045 - Smoky Mountain Materials, Inc.

# Purchase Order 707424

## Vendor Number  NORTHP

Emerald Coast Bldg Materials Pcola
8040 North Palafox Street
Pensacola, FL  32534

Telephone 850/471-6291

To:

**North Pacific Group, Inc.**
**P.O. Drawer 391**
**Waynesboro, MS 39367**

Ship To:

**Emerald Coast Bldg Materials Pcola**
**8040 North Palafox Street**
**Pensacola, FL  32534**

| P.O. Date | Ship Via | F.O.B | Terms |
|---|---|---|---|
| 07/26/06 | | Origin | 1% 10 net 30 |

| Buyer | Ship Date | Req. No. | Confirm To | Remarks | |
|---|---|---|---|---|---|
| | 07/26/06 | | | | N |

| Qty Required | Unit / Date Required | Item No. / Description | Unit Price | Extended Cost |
|---|---|---|---|---|
| 612 | EA  /<br>07/26/06 | DW1212<br>1/2" 4 X 12 REGULAR DRYWALL | 9.600 | 5875.20 |

| | | |
|---|---|---|
| | Non Taxable Subtotal | 5875.20 |
| | Taxable Subtotal | 0.00 |
| | Tax | 0.00 |
| | Total | 5875.20 |

Page   1

Vendor Original _____        Authorized Signature _____

SM0046

cb:  Drywall - MDL 2047
100046 - Smoky Mountain Materials, Inc.

# Purchase Order 707424

## Vendor Number  NORTHP

:merald Coast Bldg Materials Pcola
)40 North Palafox Street
'ensacola, FL  32534

:lephone 850/471-6291

To:

**North Pacific Group, Inc.**
**P.O. Drawer 391**
**Waynesboro, MS 39367**

Ship To:

**Emerald Coast Bldg Materials Pcola**
**8040 North Palafox Street**
**Pensacola, FL  32534**

| P.O. Date | Ship Via | | F.O.B. | Terms |
|---|---|---|---|---|
| 7/26/06 | | | Origin | 1% 10 net 30 |

| | Req Date | Bill | Confirm To | Reprice | |
|---|---|---|---|---|---|
| | | 07/26/06 | 437501 | | N |

| Qty Ordered | U/M  Req Date Dh Requested | Description | Unit Cost | Extended Cost |
|---|---|---|---|---|
| 612 | EA      /  07/26/06 | DW1212 1/2" 4 X 12 REGULAR DRYWALL | 9.600 | 5875.20 |

| | | |
|---|---|---|
| | Non Taxable Subtotal | 5875.20 |
| | Taxable Subtotal | 0.00 |
| | Tax | 0.00 |
| | Total | 5875.20 |

ge    1

Duplicate Copy                              Authorized Signature

SM0047

cb:  Drywall - MDL 2047
100047 - Smoky Mountain Materials, Inc.

3-PART STOCK FORM NO. B-3876

Shipper's No. 43750/

Carrier's No.

**THIS SHIPPING ORDER** must be legibly filled in, in ink, in indelible Pencil, or in Carbon, and retained by the Agent.

Carrier's Name: Emerald Coast 37/37

RECEIVED, subject to the classifications and tariffs in effect on the date of the issue of this Shipping Order...

at Port of Pensacola (Date) 7-27-06 FROM 2041 S. Barracks St. Pen

Consigned TO Emerald Coast Building Materials

On Collect on Delivery Shipments

Destination 2940 Palafox Street Pens

County _____ State _____ City _____ Only _____ Zip _____

Route _____

Delivery Address ★

Delivering Carrier _____                    Car or Vehicle Initials and No.

Collect on Delivery $ _____

| No. Packages | H.M. | *(apt. Mfg. article may be described as subjected) (Mark...)* | *Weight (Sub. to Cor.)* | Class or Rate | Check Column |
|---|---|---|---|---|---|
| 7 Bnd | | 1/2x4'x12 Gypsum Drywall 45,988 lbs | | | |
| | | 2476 pcs | | | |
| | | Customer PO B41 | | | |
| | | Time 8:90 AM | | | |
| | | Load Must be tarped | | | |

C.O.D. charges to be
paid by: ☐ Shipper ☐ Consignee

Ta1c Stevedore Co Shipper Shawn David

SM0048