UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D. La.) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| The Mitchell Co., Inc. v. Knauf Gips KG, et al., Case No. 09-4115 (E.D. La.) | |
| Wiltz v. Beijing New Building Materials Public Ltd. Co., et al., Case No. 10-361 (E.D. La.) | |
| Gross v. Knauf Gips KG, et al., 2:09-cv-06690 (E.D. La.) | |

**THE PLAINTIFFS' STEERING COMMITTEE'S GLOBAL STATEMENT OF FACTS IN OPPOSITION TO: (1) TAISHAN'S RENEWED MOTIONS TO VACATE THE DEFAULT JUDGMENTS AND DISMISS THE COMPLAINTS IN GERMANO AND MITCHELL AND (2) TAISHAN'S MOTIONS TO DISMISS THE COMPLAINTS IN GROSS AND WILTZ**[1]

---

[1] This Global Statement of Facts addresses common factual issues raised in Taishan's renewed motions to vacate the default judgments and dismiss the complaints in *Germano* [Rec. Doc. No. 13490] and *Mitchell* [Rec. Doc. No. 13566] and in Taishan's motions to dismiss the complaints in *Gross* [Rec. Doc. No. 13590] and *Wiltz* [Rec. Doc. No. 13591] (collectively, "Taishan's jurisdictional motions"). In order to avoid duplication of the record and for the convenience of the Court and the parties, the Plaintiffs' Steering Committee ("PSC") incorporates this Global Statement into each response to Taishan's individual jurisdictional motions, as if fully set forth therein.

the Court directs Taishan to submit an affidavit under penalty of perjury and punitive action, stating unequivocally that such discovery is not within its control."[404]

On November 16, 2011, Jia Tongchun supplied an affidavit claiming that Taishan submitted to BNBM a request for the documents sought by the PSC, but that no documents were provided by BNBM and that Taishan has no control over these documents.[405] With regard to U.S. affiliates of CNBM, the PSC filed a motion to compel and for sanctions for CNBM USA's failure to appear at a deposition on February 22, 2012, which has resulted in a grant of the PSC's motion to compel and for sanctions.[406] Subsequently, the parties agreed that the jurisdictional contacts of upstream entities, such as BNBM and CNBM, would not be briefed as part of the analysis of the current motions regarding jurisdiction, but would be raised at a later date after jurisdiction over TG and TTP has been addressed by the Court.[407]

The PSC's efforts to obtain information regarding the Luneng mine in China have also been thwarted. The Luneng mine appears to be the source of the contaminated gypsum or other material that was used in the manufacture of problematic Chinese Drywall that is the subject of this

---

[404] Rec. Doc. No. 10269, at pp. 25-26.

[405] Declaration of Jia Tongchun dated November 16, 2011, at ¶¶ 13-16 (Herman Aff. Ex. "147").

[406] Rec. Doc. No. 13585.

[407] In advance of the submission of Taishan's jurisdictional motions, Taishan's counsel "wanted to make sure that . . . while briefing the personal jurisdiction issues [the PSC] [would] not be contending that the jurisdictional contacts of the upstream entities (including CNBM and BNBM) should be imputed to TG and TTP. . . . If that is the case, it will simplify the briefing for the Court." Email dated 3/23/2012 from Tom Owen to Lenny Davis (Herman Aff. Ex. "148"); *see also* Email dated 3/22/2012 from Tom Owen to Lenny Davis ("In order to avoid any unnecessary briefing for the Court . . . I wanted to confirm the representation made at the meeting before the status conference today that the parties . . . will not be arguing . . . that the jurisdictional contacts of any entity upstream of Taishan Gypsum (including but not limited to CNBM and BNBM and their subsidiaries), should be imputed to either TG or TTP. . . .") (Herman Aff. Ex. "149").

litigation. The Luneng mine is not believed to be owned by any of the manufacturers of the drywall, including Knauf Plasterboard Tianjin or Taishan Gypsum. The PSC is aware that the CPSC made an investigation of Chinese Drywall within China. The CPSC in its Investigation of Imported Drywall Status Update August 2009 reported that it had received approval from the Chinese for a visit to China and that it was working to arrange an investigative visit of several sites it believed to be of interest beginning August 17, 2009.[408] Thereafter, in the Investigation of Imported Drywall Status Update September 2009, the CPSC reported that its "staff visited China and met with Chinese government officials, as well as management from several sites that we [CPSC] believe to be of interest" and that "[t]he team inspected gypsum mines and drywall manufacturing plants in China with Chinese government officials."[409] The CPSC also collected samples from mines/manufacturing establishments and retailers, and met with China Building Materials Academy, a state owned research and development institute. The PSC was advised that the CPSC attempted to make a visit to the Luneng mine, but the PSC understands that the CPSC was denied access to the Luneng mine. The PSC submitted FOIA requests to the CPSC which proved to be fruitless.[410] The PSC attempted on numerous times to secure the information from the CPSC through FOIA requests, but no information regarding the Luneng mine has been forthcoming. Additionally, the PSC also attempted to obtain the information during the corporate

---

[408] CPSC Investigation of Imported Drywall Status Update August 2009 (Herman Aff. Ex. "188").

[409] CPSC Investigation of Imported Drywall Status Update October 2009 – Imported Drywall Fact Sheet dated September 2009 (Herman Aff. Ex. "189").

[410] *See* PSC FOIA request dated 7/17/2009 (Herman Aff. Ex. "190"); PSC FOIA request dated 7/20/2009 (Herman Aff. Ex. "191"); PSC correspondence dated 11/2/2009 (Herman Aff. Ex. "192"). *See also* U.S. Consumer Products Safety Commission letter dated 11/3/2009 (Herman Aff. Ex. "193"); PSC correspondence dated 12/3/2009 (Herman Aff. Ex. "194").

30(b)(6) depositions of Taishan[411] and Knauf.[412] The questioning during the depositions on issues regarding the Luneng mine were met with objections, non-responsiveness and imposition of the "Chinese State Secrets" law was invoked. As a result, the PSC has been unable to discover this information properly.

## IV. CONCLUSION

The sum of all of Taishan's activities, transactions and contacts beginning in 2005 and continuing through 2009, which were directed to sales of Taishan's problematic drywall and related building products in Virginia, Florida, Louisiana, California, and elsewhere in the United States, permit the exercise of jurisdiction over Taishan in these proceedings. Taishan would like to avoid this litigation by suggesting (1) that "Taishan's two sales [of drywall] to Venture Supply [in Virginia]... are the only sales of drywall Taishan has made to any customer based in the United States"[413]; (2) that although "TTP made a few isolated sales of drywall in China to two companies that advised TTP they intended to ship the drywall they purchased to Louisiana[,] TTP was not aware that those companies would later market the drywall in Louisiana"[414]; and (3) that Taishan did not sell any drywall in Florida.[415] These incredible claims, however, simply do not hold up in light of the overwhelming evidence, established through discovery and public records, of Taishan's

---

[411] *See, e.g.*, Peng I Dep. at 238:5-244:6.

[412] *See, e.g.*, Deposition of Mark Patrick Norris dated 11/11/2010 ("Norris Dep.") (Herman Aff. Ex. "195"), at 133:17-134:12, 135:7-10, 246:16-249:8, 330:24-333:5.

[413] *See* Declaration of Jia Tongchun, Chairman, General Manager, and Senior Engineer of Taishan ("Jia Decl.") at ¶ 38, attached as Ex. 1 to declaration of Frank T. Spano, dated 4/2/2012 ("Spano Decl."), filed in support of Taishan's jurisdictional motion in *Germano*.

[414] *Gross* Br. at 1.

[415] *Mitchell* Br. at 1.