related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

536. Defendant, Dalessio Drywall & Painting Corporation is an entity or individual with a principal place of business at 39406 Rock Ford Avenue, Zephyrhills, Forida 33542. Defendant is organized under the laws of Florida. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

537. Defendant, Drive Enterprises, Inc. is an entity or individual with a principal place of business at 2101 Walkers Lane, Meraux, Louisiana 70075. Defendant is organized under the laws of Louisiana. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

538. Defendant, Gulf Sales & Import Company, Inc. is an entity or individual with a principal place of business at 1600 N. Upland Avenue, Metairie, Louisiana 70003. Defendant is organized under the laws of Louisiana. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

539. Defendant, Home Depot USA, Inc. is an entity or individual with a service address at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Defendant is organized under the laws of Delaware. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

540.  Defendant, Interior/Exterior Building Supply, LP is an entity or individual with a principal place of business at 727 S. Cortez Street, New Orleans, Louisiana 70119.  Defendant is organized under the laws of Louisiana.  Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

541.  Defendant, Interior/Exterior Enterprises, LLC is an entity or individual with a principal place of business at 727 S. Cortez Street, New Orleans, Louisiana 70119.  Defendant is organized under the laws of Louisiana.  Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

542.  Defendant, Millennium Builders, Inc. is an entity or individual with a service address at Justin Mire, 310 Pinehurst Street, Suite 3, Lafayette, Louisiana 70508.  Defendant is organized under the laws of Louisiana.  Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

543.  Defendant, Osprey-Gulf Shore Building Materials, Inc. is an entity or individual with a principal place of business at 4328 Domestic Avenue, Naples, Florida 34104.  Defendant is organized under the laws of Florida.  Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

544.  Defendant, RJL Drywall, Inc. is an entity or individual with a principal place of business at 8181 Bayshore Road, Fort Myers, Florida 33917.  Defendant is organized under the

laws of Florida. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

545. Defendant, Rosen Building Supplies, Inc. is an entity or individual with a principal place of business at 5310 NW 33 Avenue, Suite 100, Ft. Lauderdale, Florida 33309. Defendant is organized under the laws of Florida. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

546. Defendant, Stock Building Supply, LLC is an entity or individual with a principal place of business at 8020 Arco Corporate Drive, Raleigh, North Carolina 27617. Defendant is organized under the laws of North Carolina. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

547. Defendant, the Porter-Blaine Corporation is an entity or individual with a principal place of business at 1140 Azalea Garden Road, Norfolk, Virginia 23502. Defendant is organized under the laws of Virginia. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

548. Defendant, Venture Supply, Inc. is an entity or individual with a principal place of business at 1140 Azalea Garden Road, Norfolk, Virginia 23502. Defendant is organized under the laws of Virginia. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and

damages to Subclass Members.

549. Defendant, Tobin Trading, Inc. is an entity or individual with a principal place of business at 5008 Gatehouse Way, Virginia Beach, Virginia 23455. Defendant is organized under the laws of Virginia. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

550. Defendant, Wholesale Direct Lumber, LLC is an entity or individual with a principal place of business at 2728 Conti Street, New Orleans, Louisiana 70119. Defendant is organized under the laws of Louisiana. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

### The Developer/Builder Defendants

551. Defendant, A & D Homes, Inc. is an entity or individual with a principal place of business at 25 Homestead Road, Suite 5, Lehigh Acres, Florida 33936. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

552. Defendant, A.R.B.C. Corporation is an entity or individual with a principal place of business at 5645 Strand Boulevard, Naples, Florida 34110. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

553. Defendant, Ainslie Group, Inc. is an entity or individual with a principal place of business at 389 Edwin Drive, Virginia Beach, Virginia 23462. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

554. Defendant, Albanese-Popkin The Oaks Development Group, L.P. is an entity or individual with a principal place of business at 1200 S. Rogers Circle, Suite #11, Boca Raton, Florida 33487. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

555. Defendant, Alvian Homes, Inc. is an entity or individual with a service address at Robert Rimany, Jr., 3812, SW 3rd Terrace, Cape Coral, Florida 33991. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

556. Defendant, American Eastern, Inc. is an entity or individual with a principal place of business at 632 Hampton Highway, Yorktown, Virginia 23693. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

557. Defendant, Wellington, LLC is an entity or individual with a principal place of business at 632 Hampton Highway, Yorktown, Virginia 23693. Defendant is organized under

the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

558. Defendant, American Gallery Development Group, LLC is an entity or individual with a principal place of business in Cape Coral, Florida during all periods relevant to the instant cause of action who no longer does business in Florida and pursuant to F.S. Chapter 48 has authorized service to be made upon the Secretary of State of the State of Florida, P.O. Box 6327, Tallahassee, Florida 32314. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

559. Defendant, American Homes is an entity or individual with a service address at 25167 North Toledo Blade Boulevard, #2, North Port, Florida 34289. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

560. Defendant, Antilles Vero Beach, LLC is an entity or individual with a principal place of business at 202 SE 5th Street, Delray Beach, Florida 33483. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

561. Defendant, Aranda Homes, Inc. is an entity or individual with a principal place of business at 1310 SW4th Terrace, Cape Coral, Florida 33991. Defendant is organized under the

laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

562.  Defendant, Arizen Homes, Inc. is an entity or individual with a principal place of business at 2700 W. Cypress Creek Road, Suite B-111, Ft. Lauderdale, Florida 33309. Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

563.  Defendant, Atlantic Homes Development Corporation is a service address at Kenneth L. Allen, 109 Nat Turner Boulevard, Newport News, Virginia 23606.  Defendant is organized under the laws of Virginia.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

564.  Defendant, Atlantic Homes, LLC is an entity or individual with a principal place of business at 2 Eaton Street, Suite 1100, Hampton, Virginia 23606.  Defendant is organized under the laws of Virginia.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

565.  Defendant, HHJV, LLC is an entity or individual with a principal place of business at 729 Thimble Shoals Boulevard, Suite 4A, Newport News, Virginia 23606.  Defendant is organized under the laws of Virginia.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm

and damages to Subclass members as described herein.

566.  Defendant, AHJV, LLC, is an entity or individual with a principal place of business at 2 Eaton Street, Suite 1100, Hampton, Virginia 23669.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

567.  Defendant, Kensington Woods, LLC, is an entity or individual with a principal place of business at Drawer 18, Parkview Station, Newport News, Virginia 23606.  Defendant is organized under the laws of Virginia.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

568.  Defendant, Atlantic Homes, LLC is an entity or individual with a principal place of business at 1877 Harbor Point Circle, Weston, Florida 33327.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

569.  Defendant, Barony Homes, Inc.  is an entity or individual with a principal place of business at 2508 Del Prado Boulevard South, Cape Coral, Florida 33904.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

570.  Defendant, Bass Homes, Inc. is an entity or individual with a service address at

112

William L. Bass, P.O. Box 344, Stapleton, Alabama 36578. Defendant is organized under the laws of Alabama. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

571. Defendant, Bay Colony - Gateway, Inc. is an entity or individual with a service address at Vivien Hastings, 24301 Walden Center Drive, Suite 300, Bonita Springs, Florida 34134 . Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

572. Defendant, Baywood Construction, Inc. is an entity or individual with a principal place of business at 3515 Del Prado Boulevard, #107, Cape Coral, Florida 33990. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

573. Defendant, BDG Waterstone, LLC is an entity or individual with a principal place of business at 12098 SW 133 Ct., Miami, Florida 33186. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

574. Defendant, Beazer Homes Corp. is an entity or individual with a principal place of business at 1000 Abernathy Road, Suite 1200, Atlanta, Georgia 30328. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or

113

through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

575. Defendant, Breakwater Homes Association is an entity or individual with a principal place of business at 2621 SW21st Street, Ft. Lauderdale, Florida 33316. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

576. Defendant, Brighton Home Builders, Inc. is an entity or individual with a principal place of business at 3082 SW Savona Boulevard, Port Saint Lucie, Florida 34953. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

577. Defendant, Bristol Corner, LLC is an entity or individual with a principal place of business at 5115 16th Avenue South, Tampa, Florida 33619. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

578. Defendant, Brothers Properties LA, LLC, is an entity or individual with a principal place of business at 3440 East St. Bernard Highway, Meraux, Louisiana 70075. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

114

579.  Defendant, Calvin P. Williams is an entity or individual with a principal place of business at 1020 Red Barn Road, Breaux Bridge, Louisiana 70517.  Defendant is organized under the laws of Louisiana.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

580.  Defendant, CB Creek, Inc. is an entity or individual with a service address at Nelson Pinney, 405 SE 31st Street, Cape Coral, Florida 33904.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

581.  Defendant, Chase Construction, Inc. is an entity or individual with a principal place of business at 4237 SW 23rd Avenue, Cape Coral, Florida 33914.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

582.  Defendant, Core Construction Services Southeast, Inc. is an entity or individual with a principal place of business at 4227 Exchange Avenue, Naples, Florida 34104.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

583.  Defendant, Country Walk Sales, LLC is an entity or individual with a principal place of business at 12610 Race Track Rod, Tampa, Florida 33626.  Defendant is organized

115

under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

584. Defendant, Crossroad Homes, Inc. is an entity or individual with a principal place of business at 5946 Northwest Batchelor Terrace, Port St. Lucie, Florida 34986. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

585. Defendant, Curb Appeal Home Builders, Inc. is an entity or individual with a principal place of business at 2425 Casey Court, Virginia Beach, Virginia 23454. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

586. Defendant, D.R. Horton, Inc. is an entity or individual with a principal place of business at 301 Commerce Street, Suite 500, Fort Worth, Texas 76102. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

587. Defendant, Daniel Wayne Homes, Inc. is an entity or individual with a principal place of business at 12860 Banyan Creek Drive, Fort Myers, Florida 33908. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm

116

and damages to Subclass members as described herein.

588. Defendant, Deangelis Diamond Homes, Inc. is an entity or individual with a principal place of business at 6635 Willow Park Drive, Naples, Florida 34109. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

589. Defendant, Delta Eden, Inc. is an entity or individual with a principal place of business at 2269 South University Drive, Suite 148, Ft. Lauderdale, Florida 33324. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

590. Defendant, Devonshire Properties, Inc. is an entity or individual with a principal place of business at 3412 Bay to Bay, Tampa, Florida 33629. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

591. Defendant, E.B. Developers, Inc. is an entity or individual with a principal place of business at 7200 W. Camino Real Road, Suite 302, Boca Raton, Florida 33433. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

592. Defendant, Eastmond Enterprises, Inc. is an entity or individual with a principal

117

place of business at 314 Gunnery Road South, Lehigh Acres, Florida 33971. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

593. Defendant, Enchanted Homes, Inc. is an entity or individual with a principal place of business at 260 B Professional Place, North Ft. Myers, Florida 33903. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

594. Defendant, Franciscus Homes, Inc. is an entity or individual with a principal place of business at 616 Village Drive, Suite G, Virginia Beach, Virginia 23454. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

595. Defendant, Bush Construction Corp. is an entity or individual with a principal place of business at 4029 Ironbound Road, Suite 200, Williamsburg, Virginia 23185. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

596. Defendant, Plantation Group, LLC is an entity or individual with a principal place of business at 4029 Ironbound Road, Suite 200, Williamsburg, Virginia 23185. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and,

directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

597.  Defendant, Greensprings Plantation, Inc. is an entity or individual with a principal place of business at 4029 Ironbound Road, Suite 200, Williamsburg, Virginia 23185.  Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

598.  Defendant, Greensprings Condominiums, LLC is an entity or individual with a principal place of business at 4029 Ironbound Road, Suite 200, Williamsburg, Virginia 23185. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

599.  Defendant, G.L. Homes of Boynton Beach Associates IX, Ltd. is an entity or individual with a principal place of business at 1600 Sawgrass Corp. Parkway, Suite 400, Sunrise, Florida 33323. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

600.  Defendant, Grand Harbour Homes, Inc. is an entity or individual with a principal place of business at 4722 SW 29th Avenue, Cape Coral. Florida 33914.  Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

601. Defendant, Groff Construction, Inc. is an entity or individual with a principal place of business at 6728 Willow Lake Circle, Fort Myers, Florida 33912. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

602. Defendant, Gryphon Corporation is an entity or individual with a principal place of business at 3635 Bougainvillea Road, Miami, Florida 33133. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

603. Defendant, Development Co. of Boca, Inc. d/b/a Boca Developers is an entity or individual with a principal place of business at 321 E. Hillsboro Boulevard, Deerfield Beach, Florida 33441. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

604. Defendant, Hansen Homes of South Florida, Inc. is an entity or individual with a principal place of business at 1436 SE 16th Place, Cape Coral, Florida 33990. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

605. Defendant, Harbor Walk Development, LLC is an entity or individual with a principal place of business at 404 Oakmears Crescent, Suite 101, Virginia Beach, Virginia 23462.

Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

606. Defendant, Genesis Group, Inc. is an entity or individual with a service address at Paul Gerhardt, 4801 Courthouse Street, Suite 300, Virginia Beach, Virginia 23188. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

607. Defendant, Wermers Development, Inc. is an entity or individual with a principal place of business at 404 Oakmears Crescent, Suite 101, Virginia Beach, Virginia 23462. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

608. Defendant, Clark-Whitehill Enterprises, Inc. is an entity or individual with a principal place of business at 4224 Holland Road, Suite 102, Virginia Beach, Virginia 23452. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

609. Defendant, Traderscove Corporation d/b/a The Henin Group is an entity or individual with a principal place of business at 228 Annie Street, Orlando, Florida 32806. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has

resulted in harm and damages to Subclass members as described herein.

610. Defendant, Premier International Realty d/b/a Henin Realty is an entity or individual with a service address at Paul Gerhardt, 4801 Courthouse Street, Suite 300, Virginia Beach, Virginia 23188. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

611. Defendant, International Property Investments of Central Florida, Inc. d/b/a Henin International Services is an entity or individual with a service address at Paul Gerhardt, 4801 Courthouse Street, Suite 300, Virginia Beach, Virginia 23188. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

612. Defendant, Jerome Henin is an entity or individual with a principal place of business at 228 Annie Street, Orlando, Florida 32806. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

613. Defendant, David Daniels is an entity or individual with a service address at 15 Landings Lane, Ormond Beach, Florida 32174. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

614. Defendant, Holiday Builders Construction of Florida, Inc. is an entity or individual with a principal place of business at 1801 Penn Street, Suite 1A, Melbourne, Florida 32901. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

615. Defendant, Home DevCo., LLC is an entity or individual with a principal place of business at 5350 West Atlantic Avenue, Suite 101, Delray Beach, Florida 33484. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

616. Defendant, Inman Construction Services, Inc. is an entity or individual with a service address at Kenneth L. Inman, 618 Central Avenue, Jefferson, Louisiana 70121. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

617. Defendant, Ironwood Properties, Inc. is an entity or individual with a principal place of business at 202 SE 5th Avenue, Delray Beach, Florida 33483-5207. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

618. Defendant, J. Galloway Construction, Inc. is an entity or individual with a principal place of business at 1146 Highway 20, Interlachen, Florida 32148. Defendant is organized under

123

the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

619. Defendant, Jim Morris & Sons, Inc. is an entity or individual with a principal place of business at 235 West Drive, Melbourne, Florida 32904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

620. Defendant, Joseph Scott, is an entity or individual with a principal place of business at 4967 Brittany Court, New Orleans, Louisiana 70124. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

621. Defendant, K. Hovnanian First Homes, LLC d/b/a First Home Builders of Florida is an entity or individual with a service address at NRAI Services, Inc., 2731 Executive Park Drive, Suite 4, Weston, Florida 33331. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

622. Defendant, FHBF Partners, LLP f/k/a First Home Builders of Florida is an entity or individual with a service address at Patrick Logue, 6076 Eagle Watch Court, N. Fort Myers, Florida 33917. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these

124

homes, which has resulted in harm and damages to Subclass members as described herein.

623. Defendant, K&B Homes, Inc. is an entity or individual with a principal place of business at 1121 Lumsden Trace Circle, Valrico, Florida 33594. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

624. Defendant, Kaye Homes of South Florida, Inc. is an entity or individual with a service address at John C. Kaye, 3979 Pine Ridge Road, Naples, Florida 34119. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

625. Defendant, KB Home Florida, LLC is an entity or individual with a principal place of business at 10475 Fortune Parkway, #100, Jacksonville, Florida 32256. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

626. Defendant, KB Home Tampa, LLC is an entity or individual with a principal place of business at 3450 Buschwood Park Drive, Suite 250, Tampa, Florida 33618. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

627. Defendant, KB Home Orlando, LLC is an entity or individual with a principal place

of business at 9102 South Park Center Loop, Suite 140, Orlando, Florida 32819. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

628. Defendant, Lavish Holding Corp. is an entity or individual with a principal place of business at 2070 N. Ocean Boulevard, #3, Boca Raton, Florida 33431. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

629. Defendant, Lee Harbor Homes, Inc. is an entity or individual with a principal place of business at 1708 Lincoln Avenue, Leigh Acres, Florida 33970. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

630. Defendant, Lennar Corporation, is an entity or individual with a principal place of business at 700 NW 107th Avenue, Suite 400, Miami, Florida 33172. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

631. Defendant, Lennar Homes, LLC, is an entity or individual with a principal place of business at 700 NW 107th Avenue, Suite 400, Miami, Florida 33172. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or

126

through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

632.  Defendant, Littles Construction of Central Florida, Inc. is an entity or individual with a principal place of business at 1316 Arrowhead Court, Auburndale, Florida 33823.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

633.  Defendant, LTL Construction, Inc. is an entity or individual with a principal place of business at 2601 East 4th Avenue, Tampa, Florida 33629.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

634.  Defendant, MacGlen Builders, Inc. is an entity or individual with a principal place of business at 5985 South River Circle, Macclenny, Florida 32063.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

635.  Defendant, Majestic Homes of Port St. Lucie, Inc. is an entity or individual with a principal place of business at 4061 Royal Palm Beach Boulevard, Royal Palm Beach, Florida 33411.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

127

636. Defendant, Mandalay Homes, Inc. is an entity or individual with a principal place of business at 16759 S.R. 54, Lutz, Florida 33558. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

637. Defendant, Mariner Village Townhomes, Inc. is an entity or individual with a principal place of business at 7975 NW 154th Street, Suite 400, Miami Lakes, Florida 33016. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

638. Defendant, United Homes International, Inc. is an entity or individual with a principal place of business at 7975 NW 154th Street, Suite 400, Miami Lakes, Florida 33016. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

639. Defendant, McCar Homes, Inc. is an entity or individual with a principal place of business at 4125 Old Milton Parkway, Alpharetta, Georgia 30005. Defendant is organized under the laws of Georgia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

640. Defendant, Merit Homes, Inc. is an entity or individual with a principal place of business at 2436 Park Road, Lehigh Acres, Florida 33971. Defendant is organized under the laws

128

of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

641.  Defendant, Meritage Homes of Florida, Inc. is an entity or individual with a principal place of business at 17851 N. 85th Street, #300, Scottsdale, Arizona 85255.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

642.  Defendant, Midwest Construction & Development, LLC is an entity or individual with a principal place of business at 1016 Clemons Street, Suite 305, Jupiter, Florida 33477.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

643.  Defendant, Milenium Homes & Development, Inc. is an entity or individual with a principal place of business at 110 W. Reynolds Street, #104, Plant City, Florida 33563.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

644.  Defendant, Monopoly Builders, Inc. is an entity or individual with a principal place of business at 1924 SE 13th Street, Cape Coral, Florida 33990.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to

Subclass members as described herein.

645. Defendant, MW Johnson Construction of Florida, Inc. is an entity or individual with a principal place of business at 17645 Juniper Path, Suite 100, Lakeville, Minnesota 55044. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

646. Defendant, Northstar Holdings at B & A, LLC is an entity or individual with a principal place of business at 1732 S. Congress Avenue, Suite 335, Palm Springs, Florida 33461-2140. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

647. Defendant, Oscar Jiles d/b/a JJ Construction is an entity or individual with a principal place of business at 108 Jiles Lane, Braithwaite, Louisiana 70040. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

648. Defendant, Overlook, LLC is an entity or individual with a principal place of business at 9030 Stony Point Parkway, Suite 490, Richmond, Virginia 23235. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

649. Defendant, Parellel Design and Development, LLC is an entity or individual with a principal place of business at 2627 Landview Circle, Virginia Beach, Virginia 23454. Defendant

is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

650. Defendant, Overlook Point, LLC is an entity or individual with a principal place of business at 10 San Jose Drive, Suite 4C, Newport News, VA 23606. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

651. Defendant, Oyster Bay Homes, Inc. is an entity or individual with a principal place of business at 4207 Lee Boulevard, Lehigh Acres, Florida 33971. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

652. Defendant, Palm Isles Holdings, LLC is an entity or individual with a principal place of business at 888 Kingman Road, Miami, Florida 33035. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

653. Defendant, South Kendall Construction Corporation, is an entity or individual with a principal place of business at 888 Kingsman Road, Homestead, Florida 33035. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm

131

and damages to Subclass members as described herein.

654. Defendant, Par-Self, Inc. is an entity or individual with a principal place of business at 2525 SE 20th Place, Cape Coral, Florida 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

655. Defendant, Peak Building Corporation, is an entity or individual with a principal place of business at 308 Sturgeon Lane, Virginia Beach, Virginia 23456. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

656. Defendant, Stone Development, LLC is an entity or individual with a principal place of business at 112 73rd Street, Virginia Beach, Virginia 23451. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

657. Defendant, Portofino Homes, Inc. is an entity or individual with a principal place of business at 611 SE 11th Street, Suite A, Cape Coral, Florida 33990. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

658. Defendant, Pride Homes of Lakes By the Bay - Parcel H, LLC is an entity or

132

individual with a principal place of business at 12248 SW 127th Avenue, Miami, Florida 33186. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

659. Defendant, Pukka Development, Inc. is an entity or individual with a principal place of business at 252 Ocean Bay Drive, Jensen Beach, Florida 34957. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

660. Defendant, R.A. Grant Corporation is an entity or individual with a principal place of business at 860-A S.E. 46th Lane, Cape Coral, Florida 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

661. Defendant, R. Fry Builders, Inc. is an entity or individual with a principal place of business at 1508 SE 12th Terrace, Cape Coral, Florida 33990. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

662. Defendant, RCR Holdings, II, LLC is an entity or individual with a principal place of business at 1500 Gateway Boulevard, Suite 200, Boynton Beach, Florida 33426. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and,

directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

663. Defendant, Renar Development Company is an entity or individual with a principal place of business at 3731 NE Pineapple Avenue, Jensen Beach, Florida 34957. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

664. Defendant, Rivercrest, LLC/The St. Joe Company is an entity or individual with a principal place of business at 245 Riverside Avenue, Suite 500, Jacksonville, Florida 32202. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

665. Defendant, Rottlund Homes of Florida, Inc. is an entity or individual with a principal place of business at 2637 McCormick Drive, Clearwater, Florida 33759. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

666. Defendant, S. Petersen Homes, Inc. is an entity or individual with a principal place of business at 1217 East Cape Coral Parkway, Cape Coral, Florida 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

134

667. Defendant, Safeway Contractors, LLC is an entity or individual with a principal place of business at 705 Florida Street, River Ridge, Louisiana 70123. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

668. Defendant, Santa Maria Builders, LLC is an entity or individual with a principal place of business at 2100 Trade Center Way, Suite D, Naples, Florida 34109. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

669. Defendant, Southern Bay Homes, Inc. is an entity or individual with a principal place of business at 9990 Coconut Road, Bonita Springs, Florida 34135. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

670. Defendant, Southern Community Homes, Inc. is an entity or individual with a principal place of business at 3624 Del Prado Boulevard South, Cape Coral, Florida 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

671. Defendant, Southern Homes of Broward XI, Inc. is an entity or individual with a principal place of business at 12895 SW 132nd Street, Suite 200, Miami, Florida 33186.

Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

672. Defendant, Southern Star Construction Company, Inc. is an entity or individual with a principal place of business at 950 West Causeway Approach, Mandeville, Louisiana 70471. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

673. Defendant, Laporte Family Properties is an entity or individual with a principal place of business at 950 West Causeway Approach, Mandeville, Louisiana 70471. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

674. Defendant, Leroy Laporte, Jr. is an entity or individual with a principal place of business at 950 West Causeway Approach, Mandeville, Louisiana 70471. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

675. Defendant, Standard Pacific of South Florida GP, Inc. is an entity or individual with a principal place of business at 9900 SW 107th Avenue, Miami, Florida 33176. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

136

676. Defendant, Stuart South Group, L.C. is an entity or individual with a principal place of business at 918 Southeast Lincoln Avenue, Stuart, Florida 34994. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

677. Defendant, Suarez Housing Corporation is an entity or individual with a principal place of business at 9950 Princess Palm Avenue, #212, Tampa, Florida 33619. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

678. Defendant, Sunrise Homes is an entity or individual with a principal place of business at 62250 West End Boulevard, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

679. Defendant, Sunrise Construction & Development, LLC is an entity or individual with a principal place of business at 62250 West End Boulevard, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

680. Defendant, Sunrise Construction, LLC is an entity or individual with a principal place of business at 62250 West End Boulevard, Slidell, Louisiana 70461. Defendant is

organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

681. Defendant, Suntree Homes, Inc. is an entity or individual with a service address at George H. Barin, 2113 Greenview Cove Drive, West Palm Beach, Florida 33414. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

682. Defendant, Tapia Brothers Construction, Inc. is an entity or individual with a principal place of business at 4289 Lac St. Pierre, #205, Harvey, Louisiana 70058. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

683. Defendant, Taylor Morrison of Florida, Inc. is an entity or individual with a principal place of business at 4905 West Laurel Street, Suite 100, Tampa, Florida 33607. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

684. Defendant, Three J's Remodeling, Incorporated is an entity or individual with a principal place of business at 134 Valencia Drive, Fort Walton Beach, Florida 32548. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm

138

and damages to Subclass members as described herein.

685. Defendant, Timberline Builders, Inc. is an entity or individual with a principal place of business at 3618 Del Prado Boulevard, Cape Coral, Florida 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

686. Defendant, Toll Estero, Ltd. Partnership d/b/a Toll Brothers is an entity or individual with a service address at CT Corporation Systems, 1200 S. Pine Island Road, Plantation, Florida 33324. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

687. Defendant, Tony Helton Construction, LLC is an entity or individual with a service address at Tony Helton. Sr., 230 Black Fin Cove, Slidell, Louisiana 70458. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

688. Defendant, Touchstone at Rapallo, Inc. is an entity or individual with a principal place of business at 8551 Via Rapallo, Estero, Florida 33928. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

689. Defendant, Turn Key Home Builders, Inc. is an entity or individual with a principal

139

place of business at 350 S. County Road, Suite 102-136, Palm Beach, Florida 33480. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

690. Defendant, United Homes, Inc. is an entity or individual with a principal place of business at 7975 NW 154th Street, Suite 400, Miami Lakes, Florida 33016. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

691. Defendant, Vasquez Construction Company, LLC is an entity or individual with a principal place of business at 806 Young Street, Ypsilanti, Mississippi 48198. Defendant is organized under the laws of Mississippi. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

692. Defendant, Venus Street, LLC is an entity or individual with a principal place of business at 19080 NE 29th Avenue, Aventura, Florida 33180. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

693. Defendant, Vernon Construction Corporation is an entity or individual with a service address at William G. Vernon, 3201 Bayou Sound, Longboat Key, Florida 34228. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and,

directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

694. Defendant, Vet Construction, Inc. is an entity or individual with a principal place of business at 709 North Armanda Road, Venice, Florida 34285. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

695. Defendant, Vizcaya Custom Homes,. Inc. is an entity or individual with a principal place of business at 3311 Oakellar Avenue, Tampa, Florida 33611. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

696. Defendant, Walker Homes, Inc. is an entity or individual with a service address at Kenneth Walker, 141 W. Baffin Drive, Venice, Florida 33595. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

697. Defendant, Preserve Development, LLC is an entity or individual with a principal place of business at 404 Oakmears Crescent, Suite 101, Virginia Beach, Virginia 23462. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

698. Defendant, Governor's Pointe, LLC is an entity or individual with a principal place of business at 4953 Exeter Drive, Suffolk, Virginia 23434. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

699. Defendant, Woodall, LLC is an entity or individual with a principal place of business at 7919 Ardmore Rod, Norfolk, Virginia 23518. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

700. Defendant, Woodside Homes of Southeast Florida, LLC is an entity or individual with a principal place of business at 2540 Metro Centre Boulevard, Suite 3, West Palm Beach, Florida 33407. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

701. Defendant, Deangelis Diamond Construction, Inc. is an entity or individual with a principal place of business at 6635 Willow Park Drive, Naples, Florida 34109. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

702. Defendant, Riverstreet Homes, Inc. is an entity or individual with a principal place of business at 4105 West San Pedro Street, Tampa, Florida 33629. Defendant is organized under the

142

laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

703. Defendant, Holiday Builders, Inc. is an entity or individual with a principal place of business at 1801 Penn Street, Suite 1A, Melbourne, Florida 32901. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

704. Defendant, Wyndwil, LLC is an entity or individual with a principal place of business at 4190 South Plaza Trail, Virginia Beach, Virginia 23452. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

**The Contractor/Installer Defendants**

705. Defendant, AI Brothers, Inc., is an entity or individual with a principal place of business at 2512 SW 22nd Place, Cape Coral, Florida 33914. Defendant is organized under the laws of Florida . Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

706. Defendant, American Building Materials, Inc. is an entity or individual with a principal place of business at 30427 Commerce Drive, San Antonio, Florida 33576. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or

installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

707. Defendant, BelTex Contracting, Inc. is an entity or individual with a principal place of business at 330 Eden Isles, Slidell, Louisiana 70458. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

708. Defendant, Beta Drywall, LLC is an entity or individual with a principal place of business at 6586 Hypoluxo Road #306, Lake Worth, Florida 33467. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

709. Defendant, Better Boxing is an entity or individual with a service address at 1600 N. Upland Avenue, Metairie, Louisiana 70033. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

710. Defendant, D&A Construction Services, Inc. is an entity or individual with a principal place of business at 3341 Southwest Islesworth Circle, Palm City, Florida 34990. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

711. Defendant, Delgado's Painting is an entity or individual with a principal place of

business at 422 Terry Parkway, Gretna, Louisiana 70056. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

712. Defendant, Drywall Experts, Inc. is an entity or individual with a principal place of business at 5695 52nd Drive South, Lake Worth, Florida 33463. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

713. Defendant, Five-Star Drywall, Inc. is an entity or individual with a principal place of business at 6901 North Drive, Ft. Myers, Florida 33905. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

714. Defendant, G. Drywalls Corporation is an entity or individual with a principal place of business at 12951 SW 124 Street, Miami, Florida 33186. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

715. Defendant, G&B Roofing & Construction, Inc. is an entity or individual with a service address at Barbaro Hernandez, 503 DuMonde Drive, Westwego, Louisiana 70094. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant

constructed or installed defective drywall in the homes of certain Subclass Members, which has

resulted in harm and damages to Subclass Members.

716.  Defendant, Harrell's Drywall, Inc. is an entity or individual with a principal place of

business at 1225-B 131 St. Avenue, Tampa, Florida 33612.  Defendant is organized under the

laws of Florida.  Upon information and belief, Defendant constructed or installed defective

drywall in the homes of certain Subclass Members, which has resulted in harm and damages to

Subclass Members.

717.  Defendant, HC Seals Drywall Partners is an entity or individual with a principal

place of business at 125 George Mitchell Road, Carriere, Mississippi 39426.  Defendant is

organized under the laws of Mississippi.  Upon information and belief, Defendant constructed or

installed defective drywall in the homes of certain Subclass Members, which has resulted in harm

and damages to Subclass Members.

718.  Defendant, Hinkle Drywall, Inc. is an entity or individual with a principal place of

business at 1460 Booth Drive, Valrico, Florida 33594.  Defendant is organized under the laws of

Florida.  Upon information and belief, Defendant constructed or installed defective drywall in the

homes of certain Subclass Members, which has resulted in harm and damages to Subclass

Members.

719.  Defendant, J. Wade Payne, LLC is an entity or individual with a principal place of

business at 900 South Bengal Road, Metairie, Louisiana 70003.  Defendant is organized under the

laws of Louisiana.  Upon information and belief, Defendant constructed or installed defective

drywall in the homes of certain Subclass Members, which has resulted in harm and damages to

Subclass Members.

146

720. Defendant, J.W. Hodges Drywall, Inc. is an entity or individual with a principal place of business at 2771 Vista Parkway, Ste. F4, West Palm Beach, Florida 33411. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

721. Defendant, Jose Lopez is an entity or individual with a principal place of business at 1311 Mandeville Street, New Orleans, Louisiana 70126. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

722. Defendant, Joseph Jones is an entity or individual with a principal place of business at 1838 St. Roch Avenue, New Orleans, Louisiana 70122. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

723. Defendant, Kevin Burton is an entity or individual with a principal place of business at 11120 S. Idlewood Court, New Orleans, Louisiana 70128. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

724. Defendant, Lopez Drywall, Inc. is an entity or individual with a service address at David King, Esq., 1416 Kingsly Avenue, Orange Park, Florida 32073. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

147

725. Defendant, Banner Supply Company Ft. Myers, LLC is an entity or individual with a principal place of business at 2910 Cargo Street. Fort Myers, Florida 33916. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

726. Defendant, O.C.D. of S. Florida, Inc. is an entity or individual with a principal place of business at 3431 SW 11 St. #11, Deerfield Beach, Florida 33442. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

727. Defendant, Mesa Construction Group, Inc. is an entity or individual with a principal place of business at 7300 SW 8 Ct., N. Lauderdale, Florida 33068. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

728. Defendant, P.D.C. Drywall Contractors, Inc. is an entity or individual with a principal place of business at 3489 SE Gran Parkway, Stuart, Florida 34997. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members

729. Defendant, Preferred Homes, Inc. is an entity or individual with a principal place of business at Highway 190 East, Slidell, LA 70458. Defendant is organized under the laws of

Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

730. Defendant, Ray Turner Drywall, LLC is an entity or individual with a principal place of business at 10736 Jacamar Drive, New Port Richey, Florida 34654. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

731. Defendant, Residential Drywall, Inc. is an entity or individual with a principal place of business at 9237 Lazy Lane, Tampa, Florida 33614. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

732. Defendant, RJL Drywall, Inc. is an entity or individual with a principal place of business at 8181 Bayshore Road, Fort Myers, Florida 33917. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

733. Defendant, S3 Enterprises, Inc., d/b/a AL Brothers Metal Framing and Drywall is an entity or individual with a principal place of business at 8695 College Parkway, Suite 434, Fort Myers, Florida 33919. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass

149

Members, which has resulted in harm and damages to Subclass Members.

734. Defendant, Schear Corp. is an entity or individual with a principal place of business at 5490 Lee Street, Lehigh Acres, Florida 33971. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

735. Defendant, South Florida Custom Trim, Inc. is an entity or individual with a principal place of business at 4860 Mahogany Ridge Drive, Naples, Florida 34119. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

736. Defendant, Speedy Drywall is an entity or individual with a service address at Cassie Zeledon, 600 Justice Court, Marrero, Louisiana 70072. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

737. Defendant, Stock Building Supply, LLC.is an entity or individual with a principal place of business at 8020 Arco Corporate Drive, Raleigh, North Carolina 27617. Defendant is organized under the laws of North Carolina. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

738. Defendant, The Porter Blaine Corporation is an entity or individual with a principal

150

place of business at 1140 Azalea Garden Road, Norfolk, VA 23502. Defendant is organized under the laws of Virginia. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

739. Defendant, Upscale Properties, Inc. is an entity or individual with a principal place of business at 401 Hooper Drive, Kenner, Louisiana 70065. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

740. Defendant, Wolf & Bear Distributors is an entity or individual with a principal place of business at 2881 East Oakland Park Blvd., Ft. Lauderdale, Florida 33306. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

## FACTS REGARDING PRODUCT DEFECT

741. Upon information and belief, Defendants' drywall contains gypsum.

742. In "defective drywall" (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold by Defendants herein), the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or "off-gassed") from the drywall.

743. Sulfides and other noxious gases, such as those emitted from Defendants' drywall, cause corrosion and damage to personal property (such as air conditioning and refrigerator coils,

151

faucets, utensils, electrical wiring, copper, electronic appliances and other metal surfaces and property).

744. Exposure to sulfide and other noxious gases, such as those emitted from Defendants' drywall, causes personal injury resulting in eye irritation, sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

745. As a direct and proximate result of Defendants' actions and omissions, Plaintiffs' and the Class Members' structures, personal property, and bodies have been exposed to Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from Defendants' defective drywall.

746. Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall, which was unfit for its intended purpose and unreasonably dangerous in its normal use in that the drywall caused corrosion and damage to personal property in Plaintiffs' and Class Members' homes, residences or structures and/or caused personal injury resulting in eye irritation, a sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

747. Defendants recklessly, wantonly, and/or negligently manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall at issue in this litigation.

748. Defendants recklessly, wantonly and/or negligently implement faulty, procedures for purposes of formulating, preparing, testing, and otherwise ensuring the quality and/or character of the defective drywall at issue in this litigation.

749. As a direct and proximate result of Defendants' defective and unfit drywall and the

152

corrosive and harmful effects of the sulfide and other noxious gases being released from these
products, Plaintiffs and Class Members have suffered, and continue to suffer economic harm
and/or personal injury.

750.   As a direct and proximate result of Defendants' defective and unfit drywall and the
corrosive and harmful effects of the sulfide and other noxious gases being released from these
products, the Plaintiffs and the Class Members have suffered, and continue to suffer damages.
These damages include, but are not limited to, costs of inspection; costs and expenses necessary to
remedy, replace and remove the defective drywall and other property that has been impacted; lost
value or devaluation of their homes, residences or structures and property as a direct result of
damage caused to the property and indirect damage resulting from perceived defects to the
property, including stigma damages; loss of use and enjoyment of their home and property; and/or
damages associated with personal injuries.

751.   As a direct and proximate result of Defendants' defective and unfit drywall and the
corrosive and harmful effects of the sulfide and other noxious gases being released from these
products, Plaintiffs and the Class Members have been exposed to toxic gases, suffered personal
injury, have been placed at an increased risk of disease, and have need for injunctive relief in the
form of repair and remediation of their home, recision of their home purchase contracts, the
ordering of emergency/corrective notice, the ordering of environmental testing and monitoring,
and/or the ordering of medical monitoring.

### FACTS REGARDING INVESTORS WHO AIDED AND ABETTED DEFENDANTS

752.   J.P. Morgan Chase & Co. ("J.P. Morgan"), and certain other corporations and
entities (collectively the "Investing Entities"), engaged in a deliberate and/or reckless course of

153

conduct designed to aid and abet Defendants in the manufacture, exporting, importing, distribution, delivery, supply, marketing, and/or sale of the defective drywall at issue in this litigation.

753. By information and belief, but for these investments by the Investing Entities, Defendants would not have been able to manufacture, export, import, distribute, deliver, supply, market, and/or sell of the defective drywall at issue in this litigation.

754. The Investing Entities were aware or should have been aware that Defendants were manufacturing, exporting, importing, distributing, delivering, supplying, marketing, and/or selling the defective drywall at issue in this litigation in a manner that would make it difficult for injured consumers (located in the United States) to accomplish service on the foreign defendants.

755. Notwithstanding their apparent knowledge and/or negligent failure to discover the tortious scheme by the foreign defendants, the Investing Entities purposefully made investments with these foreign defendants in a manner that was designed to shield them from liability to American property owners.

756. For instance, J.P. Morgan acquired a 12.3% interest in China National Building Materials Co. Ltd.'s ("CNBM") tradeable shares with the understanding that this entity would profit from its exploitation of homeowners seeking to rebuild their lives after the devastation of hurricanes Rita and Katrina. Because CNBM holds a controlling stake in BNBM, this type of investment was ideal to the Investing Entities since these investments could be very profitable while avoiding the risk of loss where the foreign defendants can avoid the service of process by American consumers and responsibility for their tortious conduct.

757. Other entities that are known to own an interest in CNBM are Atlantis Investment

154

Management Ltd., Schroder Investment Management Limited, Baillie Gifford & Co., Callander Alex, Menzies Robin, Plowden Charles, Telfer Andrew, Warden Alison, Whitley Sarah, and Government of Singapore Investment Corporation Pte Ltd.

758. Entities that are known to own an interest in BNBM are China Construction Bank, Cha Genlou, Industrial and Commercial Bank of China, Aerospace Science & Technology Finance Co., Ltd., China Social Insurance Fund Portfolia 108, Bank of China, Agricultural Bank of China, Zhongrong International Trust Co., Ltd.

759. By investing in entities such as CNBM and BNBM, the Investing Entities put themselves in a position to profit from the exploitation of American Consumers who were injured by Defendants.

760. Accordingly, the Investing Entities engaged in a course of conduct, individually and/or collectively, that caused the Plaintiffs' and Class Members' exposure to the defective drywall at issue in this litigation by virtue of their interdependent conscious parallel conduct in investing in foreign entities responsible for the manufacture, exporting, importing, distribution, delivery, supply, inspection, marketing, and/or sale of the defective drywall.

761. Additional discovery will reveal the full role and responsibility of the Investing Entities for the damages incurred by Plaintiffs and Class Members and their potential as party defendants.

## CLASS ACTION ALLEGATIONS

### The Manufacturing Classes (Classes 1, 7, 9 and 11)

762. The representative Plaintiffs with claims against the manufacturing defendants set forth in the attached Schedule "1" (the alignment of Plaintiffs and Defendants is depicted in

Schedule 1 for each class), assert classes pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated, against the manufacturing defendants for whom they have standing. The designated Plaintiffs in Schedule 1 define their classes to be as follows:

> All owners and residents (past or present) of real property located in the United States containing defective Chinese drywall manufactured, sold, distributed, and/or supplied by each manufacturing defendant identified in Schedule 1.

763. The Manufacturing Defendant classes identified in Schedule 1 are comprised as follows:

| | |
|---|---|
| Class #1: | Beijing New Building Materials Public Limited Co. |
| Class #7: | Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd. |
| Class #9: | Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd. |
| Class #11: | Taishan |

### The Unascertainable Manufacturing Defendant Classes (Classes 2-6, 8, 10 and 12)

764. The representative Plaintiffs with claims against the unascertainable manufacturing defendants set forth in the attached Schedule "1" (the alignment of Plaintiffs and Defendants is depicted in Schedule 1 for each class), assert classes pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated, against the unascertainable manufacturing defendants for whom they have standing. The designated Plaintiffs in Schedule 1 define their classes to be as follows:

> All owners and residents (past or present) of real property located in

156

the United States containing defective Chinese drywall that was manufactured, sold, distributed, supplied, marketed, inspected, imported, exported, brokered, or delivered by each unascertainable manufacturing defendant identified in Schedule 1.

765. The Unascertainable Manufacturing Defendant classes identified in Schedule 1 are comprised as follows:

| | |
|---|---|
| Class #2: | Gridmarx |
| Class #3: | Gypsum Board |
| Class #4: | IMT |
| Class #5: | Pabco |
| Class #6: | Panel Rey |
| Class #8: | Pro Wall |
| Class #10: | Shamrock Gold |
| Class #12: | USB |

### The Distributor/Supplier/Importer/Exporter/Broker Subclasses (Subclasses 13-41)

766. The representative Plaintiffs with claims against their distributors/suppliers, set forth in the attached Schedule "2" (the alignment of Plaintiffs and Defendants is depicted in Schedule 2 for each subclass), assert subclasses pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated, against the distributors/suppliers for whom they have standing. The designated Plaintiffs in Schedule 2 define their subclasses to be as follows:

All owners and residents (past or present) of real property located in the United States containing defective Chinese drywall that was sold, distributed, supplied, marketed, inspected, imported, exported, brokered, or delivered by each defendant identified in Schedule 2.

767. The Distributor/Supplier/Importer/Exporter/Broker subclasses identified in Schedule 2 are comprised as follows:

Subclass #13:  Ace Hardware Corporation

Subclass #14:  Aces Towing Enterprises, LLC

Subclass #15:  All Florida Drywall Supplies, Inc.

Subclass #16:  Banner Supply Company Fort Myers, LLC

Subclass #17:  Banner Supply Co.

Subclass #18:  Banner Supply Company Pompano, LLC

Subclass #19:  Banner Supply International, LLC

Subclass #20:  BE Wholesale

Subclass #21:  Black Bear Gypsum Supply, Inc.

Subclass #22:  Black Bear Gypsum, LLC

Subclass #23:  Cajun Construction & Design, Inc.

Subclass #24:  City Salvage, Inc.

Subclass #25:  Dalessio Drywall & Painting Corporation

Subclass #26:  Drive Enterprises, Inc.

Subclass #27:  Gulf Sales & Import Company, Inc.

Subclass #28:  HLP/GAC International, Inc.

Subclass #29:  Home Depot U.S.A., Inc.

Subclass #30:  Interior/Exterior Building Supply, LP

Subclass #31:  Interior/Exterior Enterprises, LLC

Subclass #32:  L&W Supply Corporation d/b/a Seacoast Supply Company

158

Subclass #33:  Millennium Builders, Inc.

Subclass #34:  Osprey-Gulf Shore Building Materials, Inc.

Subclass #35:  RJL Drywall, Inc.

Subclass #36:  Rosen Building Supplies, Inc.

Subclass #37:  Stock Building Supply, LLC

Subclass #38:  The Porter-Blaine Corporation

Subclass #39:  Tobin Trading, Inc.

Subclass #40:  Venture Supply, Inc.

Subclass #41:  Wholesale Direct Lumber, LLC

### The Builder/Developer Subclasses (Subclasses 42-195)

768.  The representative Plaintiffs with claims against their builders/developers, set forth
in the attached Schedule "3" (the alignment of Plaintiffs and Defendants is depicted in Schedule 3
for each subclass), assert subclasses pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4)
of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated,
against the builders/developers for whom they have standing.  The designated Plaintiffs in
Schedule 3 define their subclasses to be as follows:

> All owners and residents (past or present) of real property located in
> the United States containing defective Chinese drywall where each
> of the defendants identified in Schedule 3 was the builder or
> developer of the property.

769.  The builder/developer subclasses identified in Schedule 3 are comprised as follows:

Subclass #42:        A & D Homes, Inc.

Subclass #43:        A.R.B.C. Corporation

159

Subclass #44:        AHJV, LLC

Subclass #45:        Ainslie Group, Inc.

Subclass #46:        Albanese-Popkin the Oaks Development Group, L.P.

Subclass #47:        Alvian Homes, Inc.

Subclass #48:        American Eastern, Inc.

Subclass #49:        American Gallery Development Group, LLC

Subclass #50:        American Homes

Subclass #51:        Antilles Vero Beach, LLC

Subclass #52:        Aranda Homes, Inc.

Subclass #53:        Arizen Homes, Inc.

Subclass #54:        Atlantic Homes Development Corporation

Subclass #55:        Atlantic Homes, LLC

Subclass #56:        Barony Homes, Inc.

Subclass #57:        Bass Homes, Inc.

Subclass #58:        Bay Colony-Gateway, Inc.

Subclass #59:        Baywood Construction, Inc.

Subclass #60:        BDG Waterstone, LLC

Subclass #61:        Beazer Homes Corp.

Subclass #62:        Breakwater Homes Association

Subclass #63:        Brighton Home Builders, Inc.

Subclass #64:        Bristol Corner, LLC

Subclass #65:        Brothers Properties LA, LLC

| | |
|---|---|
| Subclass #66: | Bush Construction Corp. |
| Subclass #67: | Calvin P. Williams |
| Subclass #68: | CB Creek, Inc. |
| Subclass #69: | Chase Construction, Inc. |
| Subclass #70: | Clark-Whitehill Enterprises, Inc. |
| Subclass #71: | Core Construction Services Southeast, Inc. |
| Subclass #72: | Country Walk Sales, LLC |
| Subclass #73: | Crossroad Homes, Inc. |
| Subclass #74: | Curb Appeal Home Builders, Inc. |
| Subclass #75: | D.R. Horton, Inc. |
| Subclass #76: | Daniel Wayne Homes, Inc. |
| Subclass #77: | David Daniels, individually |
| Subclass #78: | Deangelis Diamond Construction, Inc. |
| Subclass #79: | Deangelis Diamond Homes, Inc. |
| Subclass #80: | Delta- Eden, Inc. |
| Subclass #81: | Development Co. of Boca, Inc. d/b/a Boca Developers |
| Subclass #82: | Devonshire Properties, Inc. |
| Subclass #83: | E.B. Developers, Inc. |
| Subclass #84: | Eastmond Enterprises, Inc. |
| Subclass #85: | Enchanted Homes, Inc. |
| Subclass #86: | FHBF Partners, LLP, f/k/a First Home Builders of Florida |
| Subclass #87: | Franciscus Homes, Inc. |

161

| | |
|---|---|
| Subclass #88: | G.L. Homes of Boynton Beach Associates IX, Ltd. |
| Subclass #89: | Genesis Group, Inc. |
| Subclass #90: | Governor's Pointe, LLC |
| Subclass #91: | Grand Harbour Homes, Inc. |
| Subclass #92: | Greensprings Condominiums, LLC |
| Subclass #93: | Greensprings Plantation, Inc. |
| Subclass #94: | Groff Construction, Inc. |
| Subclass #95: | Gryphon Corporation (GC) |
| Subclass #96: | Hansen Homes of South Florida, Inc. |
| Subclass #97: | Harbor Walk Development, LLC |
| Subclass #98: | HHJV, LLC |
| Subclass #99: | Holiday Builders Construction of Florida, Inc. |
| Subclass #100: | Holiday Builders, Inc. |
| Subclass #101: | Home DevCo, LLC |
| Subclass #102: | Inman Construction Services |
| Subclass #103: | International Property Investments of Central Florida, Inc. d/b/a Henin International Services |
| Subclass #104: | Ironwood Properties, Inc. |
| Subclass #105: | J. Galloway Construction, Inc. |
| Subclass #106: | Jerome Henin, individually |
| Subclass #107: | Jim Morris & Sons, Inc. |
| Subclass #108: | Joseph Scott |

Subclass #109:       K. Hovnanian First Homes, LLC d/b/a First Home Builders of

Florida

Subclass #110:       K&B Homes, Inc.

Subclass #111:       Kaye Homes of South Florida, Inc.

Subclass #112:       KB Home Florida, LLC

Subclass #113:       KB Home Orlando, LLC

Subclass #114:       KB Home Tampa, LLC

Subclass #115:       Kensington Woods, LLC

Subclass #116:       Laporte Family Properties

Subclass #117:       Lavish Holding Corp.

Subclass #118:       Lee Harbor Homes, Inc.

Subclass #119:       Lennar Corporation

Subclass #120:       Lennar Homes, LLC

Subclass #121:       Leroy Laporte, Jr.

Subclass #122:       Littles Construction of Central Florida, Inc.

Subclass #123:       LTL Construction, Inc.

Subclass #124:       MacGlen Builders, Inc.

Subclass #125:       Majestic Homes of Port St. Lucie, Inc.

Subclass #126:       Mandalay Homes, Inc.

Subclass #127:       Mariner Village Townhomes, Inc.

Subclass #128:       McCar Homes, Inc.

Subclass #129:       Merit Homes, Inc.

Subclass #130:    Meritage Homes of Florida, Inc.

Subclass #131:    Midwest Construction & Development LLC

Subclass #132:    Millennium Homes & Development, Inc.

Subclass #133:    Monopoly Builders, Inc.

Subclass #134:    MW Johnson Construction of Florida, Inc.

Subclass #135:    Northstar Holdings at B & A, LLC

Subclass #136:    Oscar Jiles d/b/a. JJ Construction

Subclass #137:    Overlook, LLC

Subclass #138:    Overlook Point, LLC

Subclass #139:    Oyster Bay Homes, Inc.

Subclass #140:    Palm Isles Holdings, LLC

Subclass #141:    Parellel Design and Development LLC

Subclass #142:    Par-Self, Inc.

Subclass #143:    Peak Building Corporation

Subclass #144:    Plantation Group, LLC

Subclass #145:    Portofino Homes, Inc.

Subclass #146:    Premier International Realty d/b/a Henin Realty

Subclass #147:    Preserve Development, LLC

Subclass #148:    Pride Homes of Lakes by the Bay - Parcel H, LLC

Subclass #149:    Pukka Development, Inc.

Subclass #150:    R A Grant Corporation

Subclass #151:    R. Fry Builders, Inc.

| | |
|---|---|
| Subclass #152: | RCR Holding II LLC |
| Subclass #153: | Renar Development Company |
| Subclass #154: | Rivercrest, LLC/The St. Joe Company |
| Subclass #155: | Riverstreet Homes, Inc. |
| Subclass #156: | Rottlund Homes of Florida, Inc. |
| Subclass #157: | S. Petersen Homes, Inc. |
| Subclass #158: | Safeway Contractors, L.L.C. |
| Subclass #159: | Santa Maria Builders, LLC |
| Subclass #160: | South Kendall Construction Corporation |
| Subclass #161: | Southern Bay Homes, Inc. |
| Subclass #162: | Southern Community Homes, Inc. |
| Subclass #163: | Southern Homes of Broward XI, Inc. |
| Subclass #164: | Southern Star Construction Company, Inc. |
| Subclass #165: | Standard Pacific of South Florida GP, Inc. |
| Subclass #166: | Stone Development, LLC |
| Subclass #167: | Stuart South Group, L.C. |
| Subclass #168: | Suarez Housing Corporation |
| Subclass #169: | Sunrise Construction, LLC |
| Subclass #170: | Sunrise Construction and Development, LLC |
| Subclass #171: | Sunrise Homes |
| Subclass #172: | Suntree Homes, Inc. |
| Subclass #173: | Tapia Brothers Constructions, Inc. |

| Subclass #174: | Tapia Construction, Inc. |
|---|---|
| Subclass #175: | Taylor Morrison of Florida, Inc. |
| Subclass #176: | Three J's Remodeling, Incorporated |
| Subclass #177: | Timberline Builders, Inc. |
| Subclass #178: | Toll Estero Ltd. Partnership, d/b/a Toll Brothers |
| Subclass #179: | Tony Helton Construction, LLC |
| Subclass #180: | Touchstone At Rapallo, Inc. |
| Subclass #181: | Traderscove Corporation d/b/a the Henin Group |
| Subclass #182: | Turn Key Home Builders, Inc. |
| Subclass #183: | United Homes, Inc. |
| Subclass #184: | United Homes International, Inc. |
| Subclass #185: | Vasquez Construction Company, LLC |
| Subclass #186: | Venus Street, LLC |
| Subclass #187: | Vernon Construction Corporation |
| Subclass #188: | Vet Construction, Inc. |
| Subclass #189: | Vizcaya Custom Homes, Inc. |
| Subclass #190: | Walker Homes, Inc. |
| Subclass #191: | Wellington LLC |
| Subclass #192: | Wermers Development, Inc. |
| Subclass #193: | Woodall, LLC |
| Subclass #194: | Woodside Homes of Southeast Florida, LLC |
| Subclass #195: | Wyndwil, LLC |

## The Contractor/Installer Subclasses (Subclasses 196-231)

770.  The representative Plaintiffs with claims against their contractors/installers, set forth in the attached Schedule "4" (the alignment of Plaintiffs and Defendants is depicted in Schedule 4 for each subclass), assert subclasses pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated, against the contractors/installers for whom they have standing.  The designated Plaintiffs in Schedule 4 define their subclasses to be as follows:

> All owners and residents (past or present) of real property located in the United States containing defective Chinese drywall where each of the defendants identified in Schedule 4 was the contractor or installer of the drywall for the property.

771. The contractor/installer subclasses identified in Schedule 4 are comprised as follows:

Subclass #196:     AI Brothers Inc.

Subclass #197:     American Building Materials, Inc.

Subclass #198:     Banner Supply Company Fort Myers, Inc.

Subclass #199:     Bel-Tex Contracting, Inc.

Subclass #200:     Beta Drywall, LLC

Subclass #201:     Better Boxing

Subclass #202:     D&A Construction Services, Inc.

Subclass #203:     Delgado's Painting

Subclass #204:     Drywall Experts, Inc.

Subclass #205:     Five-Star Drywall, Inc.

Subclass #206:     G. Drywalls Corporation

167

| | |
|---|---|
| Subclass #207: | G&B Roofing and Construction, Inc. |
| Subclass #208: | Harrell's Drywall, Inc. |
| Subclass #209: | HC Seals Drywall Partners |
| Subclass #210: | Hinkle Drywall, Inc. |
| Subclass #211: | J. Wade Payne, LLC |
| Subclass #212: | J.W. Hodges Drywall, Inc. |
| Subclass #213: | Jose Lopez |
| Subclass #214: | Joseph Jones |
| Subclass #215: | Kevin Burton |
| Subclass #216: | Lopez Drywall, Inc. |
| Subclass #217: | Mesa Construction Group, Inc. |
| Subclass #218: | O.C.D. of S. Florida, Inc. |
| Subclass #219: | P.D.C. Drywall Contractors, Inc. |
| Subclass #220: | Preferred Homes, Inc. |
| Subclass #221: | Ray Turner Drywall, LLC |
| Subclass #222: | Residential Drywall, Inc. |
| Subclass #223: | RJL Drywall Inc. |
| Subclass #224: | S3 Enterprises, Inc. d/b/a Al Brothers Metal Framing and Drywall |
| Subclass #225: | Schear Corp. |
| Subclass #226: | South Florida Custom Trim, Inc. |
| Subclass #227: | Speedy Drywall |
| Subclass #228: | Stock Building Supply, LLC |

Subclass #229:        The Porter-Blaine Corporation

Subclass #230:        Upscale Properties, Inc.

Subclass #231:        Wolf & Bear Distributors

**General Class Allegations and Exclusions from the Class Definitions**

772. The following Persons shall be excluded from the Class and Subclasses: (1) Defendants and their subsidiaries, affiliates, officers and employees; (2) all Persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof.

773. Upon information and belief, the defective and unfit drywall in Plaintiffs' homes or other structures was installed in at least hundreds of homes, residences, or other structures owned by Plaintiffs and Class Members. Therefore, the Classes and Subclasses are sufficiently numerous such that the joinder of all members of the Classes and Subclasses in a single action is impracticable.

774. There are numerous common questions of law and fact that predominate over any questions affecting only individual members of the Classes and/or Subclasses. Among these common questions of law and fact are the following:

a.     whether Defendants' drywall products that release sulfide and other noxious gases are defective and/or unfit for their intended purpose;

b.     whether Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold defective drywall products;

c.     whether Plaintiffs are entitled to recover compensatory, exemplary, incidental, consequential, and/or other damages as a result of Defendants' unlawful and tortious conduct; and

169

     d.    whether Plaintiffs are entitled to recover injunctive and/or equitable relief as a result of Defendants' unlawful and tortious conduct.

775. The legal claims of named Plaintiffs are typical of the legal claims of other Class and Subclass Members. Additionally, for each of the subclasses that named Plaintiffs seek to participate in, the legal claims of the named Plaintiffs are typical of the legal claims of other Subclass Members. Named Plaintiffs have the same legal interests and need for legal remedies as other Class and/or Subclass Members.

776. Named Plaintiffs are adequate representatives of the Class and Subclasses in which they participate, together with their legal counsel, each will fairly and adequately protect the interests of Class and Subclass Members. Named Plaintiffs have no known conflict with the Class or Subclasses and are committed to the vigorous prosecution of this action.

777. The undersigned counsel are competent counsel experienced in class action litigation, mass torts, and complex litigation involving defective and harmful products. Counsel will fairly and adequately protect the interests of the Classes and/or Subclasses.

778. The various claims asserted in this action are certifiable under the provisions of Federal Rules of Civil Procedure 23(b)(1) because prosecuting separate actions by or against individual Class and/or Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class and Subclass members that would establish incompatible standards of conduct for the party opposing the Class and Subclass; or adjudications with respect to individual Class and Subclass members that, as a practical matter, would be dispositive of the interests of the other Class and Subclass members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

779.  The claims for injunctive relief in this case are certifiable under Fed. R. Civ. P. 23(b)(2).  Defendants have acted or refused to act on grounds that apply generally to the Class and/or Subclass, so that final injunctive relief is appropriate respecting the Class and/or Subclass as a whole.

780.  A class action is superior in this case to other methods of dispute resolution.  The Class and Subclass members have an interest in class adjudication rather than individual adjudication because of their overlapping rights.  It is highly desirable to concentrate the resolution of these claims in this single forum because it would be difficult and highly unlikely that the affected Class and Subclass Members would protect their rights on their own without this class action case.  Management of the class will be efficient and far superior to the management of individual lawsuits.  Accordingly, Plaintiffs' legal claims are properly certified pursuant to Rule 23(b)(3).

781.  The issues particularly common to the Class and Subclass members' claims, some of which are identified above, are alternatively certifiable pursuant to Fed. R. Civ. P. 23(c)(4), as resolution of these issues would materially advance the litigation, and class resolution of these issues is superior to repeated litigation of these issues in separate trials.

## COUNT I
### NEGLIGENCE
### (Against All Defendants)

782.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

783.  Defendants owed a duty to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, i) installing, j) marketing, and/or k) selling this drywall, including a duty

171

to adequately warn of their failure to do the same.

784. Defendants knew or should have known that their wrongful acts and omissions would result in harm and damages in the manner set forth herein.

785. Defendants breached their duty to exercise reasonable care in the designing, manufacturing, exporting, importing, distributing, delivering, supplying, inspecting, marketing, and/or selling this drywall.

786. Defendants likewise breached their duties to Plaintiffs and Class Members by failing to warn about the defective nature of the drywall. Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

787. Defendants breached their duty to exercise reasonable care to timely remove and/or recall from the market and/or otherwise prevent the continued contact of Plaintiffs and Class Members with the drywall, upon leaning it had been sold in an unreasonably dangerous condition.

788. Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

789. As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

## COUNT II
## NEGLIGENCE PER SE
### (Against All Defendants)

790. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

791. Defendants owed statutory duties to Plaintiffs and Class Members to exercise reasonable

care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall.

792. Defendants breached their statutory duties to the Plaintiffs and Class Members by failing to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall.

793. Defendants likewise breached their statutory duties, including but not limited to those imposed under the International Building Code ("IBC") and other State and local Building Codes, to Plaintiffs and Class Members by failing to warn about the defective nature of the drywall. For instance, it is specifically alleged that Defendants furnished the drywall in violation of ASTMC C 1396/C 1396M-069, and its predecessor(s).

794. Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

795. Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

796. As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

<u>**COUNT III**</u>
**STRICT LIABILITY**
**(All Defendants)**

797. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

798. At all times relevant hereto, Defendants were in the business of distributing, delivering,

173

supplying, inspecting, marketing, and/or selling drywall for sale to the general public.

799. The drywall, including that installed in the homes of Class Members was placed by Defendants in the stream of commerce.

800. Defendants knew that the subject drywall would be used without inspection for defects by consumers.

801. Defendants intended that the drywall reach the ultimate consumers, such as Class Members, and it indeed reached Class Members when it was installed in their homes.

802. When installed in Class Members' homes, the drywall was in substantially the same condition as it was in when Defendants manufactured, sold, and/or delivered it.

803. At all times relevant hereto the subject drywall was used in a manner consistent with the uses intended by, or known to Defendants, and in accordance with the Defendants' directions and instructions.

804. The subject drywall was not misused or altered by any third parties.

805. The Defendants' drywall was defectively manufactured, designed, inspected, tested, marketed, distributed, and sold.

806. The design defect was in designing drywall that allowed high levels of sulfur and/or other chemicals to emit through off-gassing.

807. The manufacturing defect was in improperly selecting, testing, inspecting, mining, making, assembling, and using, gypsum for drywall with levels of sulfur that were too high and emitted various sulfide gases and/or other chemicals through off-gassing.

808. The drywall was also defective because it was improperly exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold in a defective condition, as described

174

above.

809. The Defendants' defective manufacturing, designing, inspecting, testing, marketing, distributing, and selling of the drywall rendered it unsafe and unreasonably dangerous for its intended use and to Class Members.

810. The drywall is also defective and unreasonably dangerous because Defendants failed to adequately warn and instruct Class Members of the defective design, inspection, testing, manufacturing, marketing, and selling of the drywall.

811. Class Members were unaware of the unreasonably dangerous propensities and defective condition of the drywall, nor could Class Members, acting as reasonably prudent people discovery that Defendants' drywall was defective, as set forth herein, or perceive its danger.

812. Defendants' defective drywall was much more dangerous and harmful than expected by the average consumer and by Class Members.

813. Defendants' defective drywall benefit to Class Members, if any, was greatly outweighed by the risk of harm and danger to them.

814. The defects in the drywall, as well as Defendants' failure to adequately warn Class Members of the defects rendered the drywall unreasonably dangerous and was the direct and proximate cause of damages and/or personal injuries to Class Members.

**COUNT IV**
**BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**
**(All Defendants)**

815. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

816. Defendants and/or their agents were in privity with Plaintiffs and Class Members and/or Plaintiffs and Class Members were foreseeable third party beneficiaries of any warranty.

175

817. At the times Defendants utilized, supplied, inspected, and/or sold this drywall for use in structures owned by Plaintiffs and Class Members, Defendants knew, or it was reasonably foreseeable, that the drywall would be installed in structures owned by Plaintiffs and Class Members for use as a building material, and expressly or impliedly warranted the product to be fit for that use.

818. Defendants placed their drywall products into the stream of commerce in a defective condition and these products were expected to, and did, reach users, handlers, and persons coming into contact with said products without substantial change in the condition in which they were sold.

819. The drywall was defective and not merchantable because it was unfit for the uses intended or reasonably foreseeable by Defendants; to wit, the installation of the drywall in structures owned by Plaintiffs and Class Members for use as a building material, because it contained defects as set forth herein.

820. The Defendants breached their warranty because the drywall was not fit and safe for the particular purposes for which the goods were required (to be installed in structures owned by Plaintiffs and Class Members as a building material) due to the defects set forth herein.

821. Defendants had reasonable and adequate notice of the Plaintiffs' and the Class Members' claims for breach of warranty and failed to cure.

822. As a direct and proximate cause of Defendants' breach of warranties, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

## COUNT V
### BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203
### (On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)
### (Against Builders Only)

823. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

176

824. Subclass Members who own condominiums in Florida, are owners of condominiums as that term is defined by Florida Statutes section 718.503.

825. Such Subclass Members, as owners, are entitled to the benefit of the statutory warranties of fitness and merchantability pursuant to Florida Statutes section 718.203.

826. Each of the builders who are subject to this claim are developers, as defined by Florida Statutes section 718.203(16), as they created condominiums or offered condominiums for sale in the ordinary course of business.

827. Pursuant to Florida Statutes section 718.203(1)(a-e), each of the builders who are subject to this claim is deemed to have granted Subclass Members, who own condominiums in Florida, an implied warranty of fitness and merchantability for the purposes or uses as follows:

> a. As to each unit, a warranty for 3 years commencing with the completion of the building containing the unit.
>
> b. As to the personal property that is transferred with, or appurtenant to, each unit, a warranty which is for the same period as that provided by the manufacturer of the personal property, commencing with the date of closing of the purchase or the date of possession of the unit, whichever is earlier.
>
> c. As to all other improvements for the use of unit owners, a 3 year warranty commencing with the date of completion of the improvements.
>
> d. As to all other personal property for the use of unit owners, a warranty which shall be the same as that provided by the manufacturer of the personal property.
>
> e. As to the roof and structural components of a building or other improvements and as to mechanical, electrical, and plumbing elements serving improvements or a

177

building, except mechanical elements serving only one unit, a warranty for a period beginning with the completion of construction of each building or improvement and continuing for 3 years thereafter or 1 year after owners other than the developer obtain control of the association, whichever occurs last, but in no event more than 5 years.

828.   At all times relevant hereto, routine maintenance was performed by Subclass Members and/or the builders who are subject to this claim or by an association controlled by such builders.

829.   At the times the builders who are subject to this claim installed, utilized, supplied, inspected, and/or sold drywall for use in the Subclass Members' homes, the builders knew, or it was reasonably foreseeable, that the drywall would be installed in the Subclass Members' homes for use as a building material, and warrantied the product be fit and merchantable for that use.

830.   Defendants' drywall product was placed into the stream of commerce by the builders who are subject to this claim in a defective condition and was expected to, and did, reach users, handlers, and persons coming into contact with said product without substantial change in the condition in which it was sold.

831.   The drywall was defective because it was not fit for the uses intended or reasonably foreseeable by the builders; to wit, the installation of the drywall in Subclass Members' homes for use as a building material, because it contained defects as set forth herein.

832.   The builders who are subject to this claim breached the implied warranty of merchantability and fitness because the drywall was not fit to be installed in Subclass Members' homes as a building material due to the defects set forth herein.

178

833.  The builders who are subject to this claim had reasonable and adequate notice of the

Subclass Members' claims for breach of implied warranty of fitness and merchantability and failed to

cure.

834.  As a direct and proximate cause of the builders' breach of the warranties under Florida

Statutes section 718.203, Subclass Members have incurred harm and damages and/or personal injuries

as described herein.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

835. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

836. The Builder Defendants were in direct contractual privity with their Subclass Members.

837. The drywall that the Builder Defendants installed in the homes of Subclass Members was placed into the stream of commerce by the Builder Defendants in a defective condition and was expected to, and did, reach users, handlers, and persons coming into contact with said drywall product without substantial change in the condition in which it was sold.

838. Certain Subclass Members bought their homes containing defective drywall based upon the judgment of the Builder Defendants.

839. The Builder Defendants breached the implied warranty of habitability because the defective drywall causes Subclass Members homes not be meet ordinary, normal standards reasonably to be expected of living quarters of comparable kind and quality due to the defects set forth herein.

840. The Builder Defendants had reasonable and adequate notice of the claims of the Subclass Members for breach of implied warranty of habitability and failed to cure.

841. As a direct and proximate cause of the Builder Defendants' breach of the implied warranty of habitability, Plaintiffs and Subclass Members have incurred harm and damages and/or personal injuries as described herein.

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

842. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

180

843. As part of the agreements to purchase real properties from the Builder Defendants, for which Subclass Members paid valuable consideration, the Builder Defendants contracted with Subclass Members to construct homes that would be free of defects.

844. The Builder Defendants materially breached their contracts by providing Subclass Members with defective homes; to wit, the homes contained drywall that is inherently defective because it emits various sulfide and other noxious gases through off-gassing that causes harm and damage as described herein.

845. As a direct and proximate cause of the Builder Defendants' breach of contract, Plaintiffs and Subclass Members have incurred harm and damages as described herein.

## COUNT VIII
### VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
(on Behalf of Plaintiffs Who Own Homes in the State of Louisiana)
(Against Louisiana Builders Only)

846. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

847. The Louisiana New Home Warranty Act provides protection to owners of homes against builders in connection with the construction of the homes.

848. For each applicable subclass, every subclass plaintiff is an "owner," as that term is defined by LSA-R.S. 9:3143(3), who is asserting a claim under the New Home Warranty Act against their "builder," as that term is defined by LSA-R.S. 9:3143(1).

849. Implicit in every Builder Defendant's building contract is the requirement that the work to be completed be performed in a workmanlike manner that is free from defects in material and workmanship.

181

850. Each of the Builders who are subject to this claim violated their duty to use materials that are free from defects. The drywall used by these Builders is defective for the reasons set forth above.

851. Given the defect in the drywall, the Builders knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

852. As a direct and proximate cause of the Builders' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

853. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

854. The drywall manufactured, distributed and/or sold by Defendants was not reasonably fit for its ordinary and intended purpose.

855. Defendants are therefore liable to Louisiana Plaintiffs for all damages reasonable in the premises, in accordance with La. Civ. Code art. 2524.

856. In addition, or in the alternative, the drywall manufactured, distributed and/or sold by Defendants contained redhibitory defects, in that, at the time of delivery, the propensity to emit or off-gas Sulfer compounds and/or other potentially harmful, irritating and/or corrosive substances renders the drywall so useless and/or inconvenient that it must be presumed that Plaintiffs would not have purchased the drywall had they known of the defect or defects.

857. In the alternative, the defects are redhibitory in that, while not rendering the drywall totally useless, diminish the drywall's use and/or value to such an extent that it must be presumed that

182

the buyer would have bought it, but for a lesser price.

858. The Manufacturing Defendants are conclusively presumed to know of the defects in the drywall manufactured by them.

859. In addition, it is believed and alleged that All Defendants knew of the defects in the drywall at the time the drywall was delivered and/or sold.

860. Defendants have had numerous opportunities to repair and/or replace the drywall and associated fixtures and/or building components and have failed to do so; in addition, and/or in the alternative, such requests have been, would have been and/or would be futile; Manufacturing Defendants and/or Distributor Defendants are, moreover, deemed to be placed on notice when notice is provided to Builder Defendants (and/or Distributor Defendants); and All Defendants, in addition, or alternatively, had actual knowledge of the problems in the drywall and the need for replacement, remediation and/or repair.

861. All Defendants are therefore liable to all Louisiana Plaintiffs for a return of the purchase price, (with interest from the time it was paid), reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the drywall and associated items, for damages, and for reasonable attorneys' fees, in accordance with La. Civ. Code art. 2545.

862. In the alternative, to the extent that any Distributor Defendant and/or Builder Defendant did not know of the defects in the drywall at the time of delivery and/or sale, those defendants are liable to Louisiana Plaintiffs to repair, remedy or correct the defect; and/or, if unable to do so, for a return of the purchase price, (with interest from the time it was paid), reimbursement of the reasonable expenses occasioned by the sale, and those expenses incurred for the preservation of the drywall and associated items, in accordance with La. Civ. Code art. 2531.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

863. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

864. In addition to any and all damages, attorneys fees and other remedies made available to Louisiana Plaintiffs under the warranty of fitness and/or warranty against redhibitory defects, the Manufacturing Defendants are liable to Louisiana Plaintiffs under the Louisiana Products Liability Act, ("LPLA"), La. R.S. 9:2800.51, *et seq.*

865. The LPLA is also pleaded in the alternative with respect to any Distributor Defendant who might be considered a "manufacturer" under La. R.S. 9:2800.53(1)(a) (labels or otherwise holds the drywall out as his own), 9:2800.53(1)(b) (exercises control over or influences a characteristic of the drywall causing damage), 9:2800.53(1)(c) (the manufacturer of a product which contains the drywall as a component part), and/or 9:2800.53(1)(d) (a seller of a product of an alien manufacturer where the seller is in the business of importing or distributing the drywall for resale and is the *alter ego* of the alien manufacturer).

866. The Manufacturing Defendants, upon information and belief, expressly warranted that "the gypsumboards manufactured and sold ... are guaranteed to be free from defects in materials and workmanship."

867. The Manufacturing Defendants expressly warranted that "the gypsumboards were manufactured in accordance to ASTM C36."

868. The drywall at issue is, in all cases, unreasonably dangerous by virtue of the unreasonable off-gassing and/or emission of Sulfer compounds and/or other corrosives, toxins and/or

184

irritants, which do not in any way contribute to or enhance the utility of the drywall, yet pose a risk to

the wiring, plumbing, appliances, personal property, overall economic value of the property and

financial security of the owner, and/or the health of the residents of the property.

869. At all times pertinent and material hereto, there existed alternative feasible

manufacturing processes and/or designs of drywall which perform all of the functions and utility of

traditional drywall, without emitting unreasonable levels of Sulfer and/or other toxic and/or corrosive

compounds.

870. At all times pertinent and material hereto, Manufacturing Defendants (and/or Distributer

Defendants who may be considered "manufacturers" under the LPLA) knew that their drywall was

unreasonably dangerous and/or defective as set forth herein.

871. In the alternative, Manufacturing Defendants (and/or Distributer Defendants who may be

considered "manufacturers" under the LPLA) should have, at all times pertinent and material hereto,

known of the unreasonably dangerous and/or defective characteristics and/or conditions, had they

reasonably employed then-existing scientific and/or technical knowledge, reasonable testing, and/or

other reasonable and then-accepted methods of quality assurance and/or quality control.

872. Defendants' drywall is unreasonably dangerous in composition or construction in that, at

the time it left Defendant's control, it deviated in a material way from Defendant's own specifications

or performance standards.

873. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous in

design, in that, at the time the drywall left Defendant's control, there existed an alternative design for

the product that was capable of preventing Plaintiffs' damage, and the likelihood of causing the

plaintiffs' damage and the gravity of that harm outweighed the burden (if any) on the Defendant in

adopting such alternative design and the adverse effect (if any) on the utility of the drywall.

874. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous in that it fails to conform to an express warranty about the product which induced the use of the product and caused damage to Plaintiffs to the extent that the warranty was untrue.

875. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous due to an inadequate warning, in that, at the time the drywall left Defendant's control, the drywall possessed a characteristic that might cause damage and yet Defendant failed to use reasonable care to provide an adequate warning of such characteristics and/or dangers to users and/or handlers of the drywall.

876. Defendants are therefore liable to Louisiana Plaintiffs for all damages reasonable in the premises.

**COUNT XI**
**PRIVATE NUISANCE**
**(All Defendants)**

877. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

878. The Defendants' tortious or wrongful acts or omissions have caused sulfide gas and/or other chemical leaching into structures owned by Plaintiffs and Class Members which has unreasonably interfered, and continues to interfere, with the Plaintiffs' and Class Members' use and enjoyment of their properties and caused them harm and damage as discussed herein.

879. Defendants' interference has impaired the rights of Plaintiffs' and Class Members' health, comfort, safety, free use of their property, and/or peaceful enjoyment of their property.

880. Defendants' invasions were intentional and unreasonable, and/or unintentional but otherwise negligent or reckless.

186

881. The interference with Plaintiffs' and Class Members' use of their property caused by Defendants is substantial and is ongoing.

882. Defendants' private nuisance was the direct, proximate, and foreseeable cause of Plaintiffs' and Class Members' damages, injuries, harm, loss, and increased risk of harm, which they suffered and will continue to suffer.

883. As a direct and proximate cause of Defendants' creation of a private nuisance, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

**COUNT XII**
**NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE**
**(All Defendants)**

884. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

885. Defendants had actual or constructive knowledge of the extremely corrosive and dangerous propensities of the drywall at issue in this litigation.

886. Notwithstanding their actual or constructive knowledge of the corrosive and dangerous propensities of the drywall, Defendants nevertheless designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold the drywall for use in the homes or other structures owned by Plaintiffs and class members.

887. By causing the sale, distribution, delivery, and/or supply of the drywall under these circumstances, Defendants breached their duty to exercise reasonable care and created a foreseeable zone of risk of injury to Plaintiffs and class members.

888. Defendants likewise breached their duties to Plaintiffs and Class Members by failing to warn about the corrosive and dangerous propensities of the drywall. Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse

187

effects that it could have on the property and bodies of Plaintiffs and Class Members.

889.   Plaintiffs and class members have suffered injuries by virtue of their exposure to the defective drywall at issue in this litigation.  Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

890.   As a direct and proximate result of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.  The injuries sustained by Plaintiffs and Class Members are within the foreseeable zone of risk created by Defendants.

## COUNT XIII
## UNJUST ENRICHMENT
### (All Defendants)

891.   Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

892.   Defendants received money as a result of Plaintiffs' and Class Members' purchases of Defendants' defective drywall, or purchases of structures containing this drywall, either directly or through an agent, and Defendants wrongfully accepted and retained these benefits to the detriment of Plaintiffs and Class Members.

893.   Defendants' acceptance and retention of these benefits under the circumstances make it inequitable and unjust for Defendants to retain the benefit without payment of the value to the Plaintiffs and the Class Members.

894.   Defendants, by the deliberate and tortious conduct complained of herein, have been unjustly enriched in a manner which warrants restitution.

188

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

895. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

896. This is an action for relief under the various Consumer Protection Acts of the jurisdictions in which affected properties are present, including but not limited to, L.SA-R.S. 51:1401, *et seq.* (Louisiana Unfair Trade Practices and Consumer Protection Law); Ala. Code 1975 § 8-19-1, *et seq.* (Alabama Deceptive Trade Practices Act); G.S. § 75-1.1, *et seq.* (North Carolina Consumer Protection Act); F.S. § 501.201, *et seq.* (Florida Deceptive and Unfair Trade Practices Act); Va. Code. Ann. § 59.1-196, *et seq.* (Virginia Consumer Protection Act); Tex. Bus. Com. Code Ann. § 17.41, *et seq.* (Texas Deceptive Trade Practices-Consumer Protection Act); Miss. Code Ann. § 75-24-1, *et seq.* (Mississippi Consumer Protection Act).

897. The Defendants' acts and omissions as well as their failure to use reasonable care in this matter as alleged in this amended complaint, including but not limited to, the knowing misrepresentation or failure to disclose the source, affiliation, origin, characteristics, ingredients, standards and quality of defective drywall constitute violation of the provisions of the Consumer Protection Acts of the Relevant States.

898. Plaintiffs and Class Members have suffered actual damages as a result of Defendants' violation of these Consumer Protection Acts and are entitled to relief.

899. As a direct and proximate cause of Defendants' violations of the Consumer Protection Acts of the Relevant States, Plaintiffs and Class Members have incurred harm and damages as described herein.

189

<u>COUNT XV</u>
**EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING**
**(All Defendants)**

900.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

901.  Plaintiffs and the Class Members are without adequate remedy at law, rendering injunctive and other equitable relief appropriate.

902.  Plaintiffs and the Class Members will suffer irreparable harm if the Court does not render the injunctive relief and medical monitoring relief set forth herein, and if defendants are not ordered to recall, buy back, rescind, and/or repair the structures owned by Plaintiffs and Class Members.

903.  Plaintiffs, on behalf of themselves and all others similarly situated, demand injunctive and equitable relief and further, that defendants be ordered to: (1)  to buy back or rescind the contracts for Plaintiffs' and Class Members' homes or other structures, or  in the alternative, remediate, repair and/or replace the drywall in such structures upon proof by the defendants of the feasibility of such remedy or repair; (2) cease and desist from misrepresenting to the Class and the general public that there is no defect in, or danger associated with, the drywall; (3) institute, at their own cost, a public awareness campaign to alert the Class and general public of the defect and dangers associated with the drywall; and (4) create, fund, and support a medical monitoring program.

904.  Until Defendants' defective drywall has been removed and remediated, Defendants must provide continued environmental and air monitoring in the structures owned by Plaintiffs and Class Members.

190

905. Plaintiffs and Class Members have been exposed to greater than normal background levels of sulfides and other hazardous chemicals as a result of exposures to Defendants' defective and unfit drywall and have suffered personal injuries as a result.

906. The sulfides and other noxious gases which have been released from Defendants drywall and to which Plaintiffs and Class Members have been exposed are proven hazardous, dangerous, or toxic substances.

907. Plaintiffs' and Class Members' exposures were caused by the Defendant's negligent or otherwise tortious conduct.

908. Plaintiffs' and Class Members' exposure may lead to serious health problems, diseases, and medical conditions that may be prevented by timely medical diagnosis and treatment.

909. The method and means for diagnosing the Plaintiffs' and Class Members' potential medical problems are well accepted in the medical and scientific community and will be of great benefit to the Plaintiffs and Class Members by preventing or minimizing health problems that they may encounter as a result of the defective and unfit drywall.

910. As a proximate result of their exposure to sulfide and other noxious gases from Defendants' defective and unfit drywall, Plaintiffs and Class Members have developed a significantly increased risk of contracting a serious latent disease.

911. Monitoring procedures exist that make the early detection of any latent disease possible that are different from those normally recommended in the absence of the exposure.

912. The prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

191

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the Class and Subclass Members, hereby demand a trial by jury as to all issues so triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situated demand upon Defendants jointly and severally for:

a.    an order certifying the case as a class action;

b.    an order certifying the Class and each of the Subclasses;

c.    an order appointing Plaintiffs as the Class Representatives of the Class;

d.    an order appointing undersigned counsel and their firms as counsel for the Class;

e.    compensatory and statutory damages;

f.    punitive damages as allowed by law;

g.    pre and post-judgment interest as allowed by law;

h.    injunctive relief;

I.    an award of attorneys' fees as allowed by law;

j.    an award of taxable costs; and

k.    any and all such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: 3/15/10

By: _____

Russ M. Herman
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

193

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

194

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

195

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W.
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

**COUNSEL FOR INDIVIDUAL PLAINTIFFS[1]**

---

[1] Attached hereto as Exhibit "C" is the contact information for each plaintiff's counsel and pro se plaintiff.

196

## Alters, Boldt, Brown, Rash & Culmo
*Counsel on Behalf of the Following Individual Plaintiffs*:

Cherba, Alexander
Garcia, Armando
Gil, Franklin
Marchese, Troy & Dina
Parra, Judy
Smith-Jacob, Shakira

## Alters, Boldt, Brown, Rash & Culmo and
## Shapiro, Blasi, Wasserman & Gora, P.A.
*Counsel on Behalf of the Following Individual Plaintiffs*:

Ankiel, Richard
Arguello, John & Laura
Auker, Dan & Frances
Baker. Keith
Bdaiwi, Dirar
Belfour, Ed & Ashli
Bennett, Marlene
Blue Water Condominium Assoc.
Blue Water of Cape Coral, Inc.
Bookman, Sheryl & Jarrod
Brik, Beni
Cardenas, Edward
Cardoza, Robert
Catalfamo, Edmondo
Cherba, Alexander
Cohen, Lawrence
Defrancesco, Joyce
Delgado, Pedro & Margarita
Fenalson, Jarred & Rochelle
Filardo, Thomas & Thomas Jr.
Forte, Louise M.
Frankhouser, Roy & Mary
Gallacher, Michael & Baker, Randall
Gianetti, Dominic & Lauren
Gonzalez, Barbara
Harryspersad, Roy

Heinemann, Bernard & Barbara
Holloway, Sylvia & Louis
Jacko, Jan
Jackson, Leonard
Jamison, Steve & Kim
Kessler, Katherine & Andrew
LaGambina, Angelo & Anna
Lalwani, Gul & Deborah
Lamour, Guy
Lynch, Robert & Colette
Magdalena Gardens Condo Association
Manzur, Mohammed & Kamrun
Marin, Cassandra
Marston, Claire
Marzulff, Paul
Miranda, Jose
Monge, Giraldo & Kelly
Morakis, Nick & Karen
Morales, Jose & Dawn
Nguyen, Thai & Lieu
Olschewski, Krzysztof & Prandi, Chad
Osicki, Sieward
Perez, Adela
Pigna, Francisco & Ewa
Poggio, James & Janice

Popov, Alexander & Susan
Raymond, Davidson & Jean Robert
Reckseit, Ronald & Jacqueline
Reeves, Michael & Kathryn
Rismiller, Todd
Roy, Sandy
Santimauro, Robert
Santos, Hector & Fenta, Nigest
Scott, Fay & Benjamin
Serbin, Bruce & Susan
Siegel, Wayne & Mandy
Sitaras, Mindy
Smith, Scott & Wendy
Spiga, Saturnino
Sponsel, David & Julia
Spotts, Russ
Steiner, Stephanie
Teixeira, Peter & Janet
Valdes, Michael
Walker, Andrew & Cathy

## Baron & Budd
*Counsel on Behalf of the Following Individual Plaintiffs*:

Rondeno, Colleen
Stanich, Dorothy
Utterback, John & Beverly

197

**Barrios, Kingsdorf & Casteiz,** *Counsel on Behalf of the Following Individual Plaintiffs*:

Lee, Dorothy
Leftwich, Mary
Leftwich, Brian
Leftwich, Owen
Coleman, Kerry
LeBlanc, Erin
Moritz, Christy
Salzer, Doug & Lisa

## Becnel Law Firm
*Counsel on Behalf of the Following Individual Plaintiffs*:

Elias, Mark
Hite, Tonya
Jackel, Jon

**Bencomo & Associates,** *Counsel on Behalf of the Following Individual Plaintiffs*

Bienemy, Eric

## Berniard Law Firm, Gregory DiLeo and Kanner & Whiteley,
*Counsel on Behalf of the Following Individual Plaintiffs*:

Wiltz, Kenneth & Barbara

**Gould Cooksey Fenne, P.A.,** *Counsel on Behalf of the Following Individual Plaintiffs*:

Lindsay, Horace & Donna
Morgan, Keith & Shirley

**Lewis & Roberts, PLLC,** *Counsel on Behalf of the Following Individual Plaintiffs*

| | | |
|---|---|---|
| Brice, Philip | DeNavea, Martha Lisa | Leone, Michael |
| Almeida, Ximena | Dickey, Jeremy | Luntz, George & Adrienne |
| Barry Litwin & Mel Litwin (A/K/A | Ditianquin, Marlon | Madero, Fernando & Bridget |
| Melvin Litwin) as Trustee of the | Ercolino, Vincent | Maness, Danielle Lee |
| Mel Litwin (A/K/A Melvin | Fatta, Joseph & Tracy | Martin Riback, as Trustee of the |
| Litwin) Declaration of Trust, | Flaherty, Sean | Martin Riback Revocable Trust |
| u/a/d 02/28/06 | Foster, Van | Agreement dated April 4, 1997 |
| Bast, Peter & Robin | Gani, Jacques & Rose | McMurray, Jason Scott |
| Bragoli, Frank & Carolyn | Hampton, Vernon | Molina, Carlos & Margarita |
| Casalengo, Roger & Betty Ann | Herrington, Jason & Cassie | Murray, Paul & Lois |
| Kramer | Hobbie, Wendy Lee | Norris, Melissa |
| Cohen, Jay & Shari | Irvin, Timothy & Karen | Okaily, Rhoda & Aly |
| Collins, Braxton & Kerrie | Jioia, Perry & Alice | Pereca, Joel |
| Conlin, Patrick | Kellner, Alan & Ilana | Renzetti, Nicholas & Adrienne |
| D'Ambrosio, Angelo & Deborah | Kolich, John & Susanna | Richman, Steven & Marsha |
| Dalal, Arish Peter & Alpa | Kovens, Arthur & Martha | RMM Investments, LLC |
| Dawson, Robert | Kropf, Leneva Jean | Santillo, Keith |
| DeNavea, Marta | Lemberg, Mark & Diana | Schour, Stephen & Susan Mitchell |

Seymore, Melvin  
Shiyou, Norman  
Siegel, Sandra  
Tilmann, Stacey Ann & Kimberly  
Noah  

Tuller Investments, LLC  
Vargas, Odilio  
Verderame, Frances  
Wiggins, Greg & Sherry  
Wiley, John  

Zagalsky, Yefim & Yelena  
Alekseyeva  
Zitner, Sheldon  

### deGravelles, Palmintier, Holthaus & Furge, LLC *Counsel on Behalf of the Following Individual Plaintiffs*:

Turner, Tyrone C.

### Diliberto & Kirin, *Counsel on Behalf of the Following Individual Plaintiffs*:

Serio, Joseph

### Herman, Herman, Katz & Colar, LLP, *Counsel on Behalf of the Following Individual Plaintiffs*:

Hughes, Mathew and Jan  
Peterson, John and Sydna  
Quartararo, Joseph  
Simon, Catherine  
Vapy, Cathy Parker  

### Krupnick, Campbell, Malone, *Counsel on Behalf of the Following Individual Plaintiffs*:

Adams, John & Andrea  
Andrade, Sean & Katie  
Anise, Maikel & Karen  
Areces, Miguel & Jacqueline  
Bertram, Beresford & Theresa  
Boersma, Kenneth & Victoria  
Brynn, Gerald & Betty  
Campola, Patsy & Maureen  
Catalano, Pete & Annett  
Cheeran, Mary & David  
Cuellar, Javier  
Dion, David, Parks, Eunice  

Elliott, Roger & Allison  
Estadt, Barry  
Floyd, Leroy & Bernadette  
Gall, Earl & Gwynn  
Gatto, Charles  
Harikrishnan, Sundaram & Jeeva  
Kim, Charles  
Lippold, Patricia, Hibbs, Janet  
Lizotte, Ricahrd, Robichaux, Ronald  

Machado, William Bicelis & Lopez, Franyelina  
Peloquin, Michael  
Perone, Samuel  
Pratts, Norberto & Belgica  
Romain, Doug  
Russo, Charles & Josephine  
Stewart, Chester  
Valentine, David & Donna  
Vasquez, Claudia  

### Lambert & Nelson, PLC, *Counsel on Behalf of the Following Individual Plaintiffs*:

Carol, Cindy

199

**Levin, Fishbein, Sedran & Berman**
**Colson, Hicks, Eidson, Colson, Matthews, Martinez, Gonzales,**
**Kalbac & Kane; and Hausfeld, LLP,**
*Counsel on Behalf of the Following Individual Plaintiffs*:

| | | |
|---|---|---|
| Alvarez, Barbara R. | Gelman, Aleksandra & Roza | Raphael, Gene & Que |
| Barriento, Marc | Hernandez, Yenny, Perez, Jorge | Ratliff, Duane & Beth |
| Bell, Peter & Karen | Johnson, Marjorie | Resnick, Jonathan S. & Diane |
| Coombs, Thomas & Sheri | Kennard, Rick | Rosen, Kevin |
| D'Agostino, Luis | Lugo, Marcela & Rafael | Rubin, Mitchell |
| Delayo, William & Jennifer | Mendez, Lincoln & America | Saliba, Dawn |
| Dwight, Randy, Hutchinson, | Necastro, Daniel CC & Mary Jo | Talavera, LLC |
| Mercedes | Octobre, Marie | Tataris, Anna, DeJesus, Roy |
| Ellington, Peter & Robyn | Peek, William & Stacy | Willett, Keith |
| Fong, Charmaine | Perez, Jorge, JP Real Estate | Wruble, Aaron & Wendy |
| Frankze, Julianne & Joshua | Development | |
| Gallardo, Arledys | Quittner, Lee & Alyssa | |

**Levin, Fishbein, Sedran & Berman**
**Colson, Hicks, Eidson, Colson, Matthews, Martinez, Gonzales, Kalbac & Kane;**
**Hausfeld, LLP and Law Offices of Richard J. Serpe,**
*Counsel on Behalf of the Following Individual Plaintiffs*:

| | | |
|---|---|---|
| Allen, Philip & Clarine | Fontenot, Perry & Cassandra | Kim, Soon |
| Anderson, Alexander | Fowle, Amanda | Knight, Asa Holden |
| Anello, Joe & Delma | Freeman, Carol | Leach, Joe & Cathy |
| Atkins, Taddarreio & Mattea | Galanda, John & Margaret | Lee, Hoo Suk |
| Atwell, Roger | Galgano, Barbara & Peter | Lee, Marianna |
| Bailey, Eric | Gandy, Tappan | Lenander, Jon & Suzanne |
| Baldwin, Jerry & Inez | Germano, Michelle | Levine, Michael |
| Barnes, Gerald & Michelle | Goboy, Arvin & Clarissa | Levy, Christopher |
| Barrett, Robert | Griffin, James & Kristin | Loper, Calvin & Tammy |
| Berry, Keith & Elizabeth | Gulledge, Roy & Juanita | Mackall, Turner & Juanita |
| Blount, Demitrous, Rivera, Brian | Hand, Bryon | Madzuma, Jason & Jessica |
| Bonsoulin, Brad | Harry, Joshua & Sharntay | Matulenas, Elizabeth & Joseph |
| Brown, Craig & Angela | Havrilla, John | McKellar, Preston & Rachel |
| Burgohy, Demetria | Heischober, Steve & Liz | McLaain, Jason |
| Cain, Victoria | Higgs, Warren & Ann Marie | McLenaghan, Jessica |
| Campana, Ronald, Jr. | Hinkley, Curtis & Lynn & Hinkley- | Michaux, Fred & Vannessa |
| Charsagua, Lupe & Joseph | Lopez, Stephanie | Morgan, William & Deborah |
| Cousins, Edwin, III | Hollingsworth, Michael | Myott, Frances |
| Crist, Byron & Maria | Hong, Yeong Hee | Nguyen, Colleen & Tuan |
| Curtis, Gregory & Nancy | Hrishikesh, Papansam & P. Ahalya | Nolan, Daniel & Lillian |
| Darst, Matt & Candi | & Rajiv | Oh, Guman |
| Day, Dan & Maureen | Jackson, Dennis & Sharon | Orlando, Robert & Lisa |
| Dillard, Vida | Jarrett, Scott & Margaret | Pagano, Sara & Geoffrey |
| Dolan, Christopher & Carrie | Johnson, Kenneth & Jeri & Johnson | Page, Dwight & psyche |
| Dunaway, Lisa & Jason | Family Living Trust | Palamidessi, Anthony & Caroline |
| Dunn, Jeffrey | Johnson, Pryncess | Parker, Marlon & Latosha |
| Edmonds, Rick | Jones, Paul & Janet | Perez, Zenaida |
| Estes, Jeffrey | Jones, Richard & Delores & | Phillips, Jacqueline & Rodney |
| Evans, Cassie | Anderson, Valerie | Popovitch, Robert |
| Fields, Jamell & Sheri | Kiewiet, Nathan & Elizabeth | Purse, Jason |

200

Riedl, Anton & Melissa
Sakony, Karen & Vincent
Sakowski, Mark
Sherwood, Karl
Simpson, Catherine
Smith, Andrew & Linda
Smith, Juanita
Starnes, David

Stevenson, Marcus & Debbie
Tierney, Susan & Jeffrey
Tomas, Noel & Coates, Lance   &
Masana, Virginia & Villania,
Flor & Nestib, Joan
Topf, Frank & Yvonne
Vest, Hugh & Tracy

Walker, Ben
Ward, Lawrence
Whittington, Brenda & Charles
Wood, Bryand Kimberly
Woodson, Gregory & Flordeliza

### The Law Office of Joseph M. Bruno, APLC,
*Counsel on Behalf of the Following Individual Plaintiffs*:

Bailey, Delores
Gordon, Patricia
Holloway, Virgie
Jones, Daphne
Joseph, Louise
LeBlanc, Beatrice
Louis, Leonard
Nelson, Frances

Perez, Sandra
Smith, Gary
Smith, Tarika
Thomas, Herman
Zubrowski, Linda

### Law Offices of Sidney D. Torres, III,
*Counsel on Behalf of the Following Individual Plaintiffs*:

Arnold, Gloria
Bean, Marquesa & Shantez
Evans, Jamie Lynn
Gundorf, Hazel Mae
Lewis, Torrey & Vondria
Ludwig, Donald J., Sr.
Moran, Shawn & Jill
Sigur, Kenneth M.
Vucinovich, Thomas F.

### Leopold-Kuvin, P.A., *Counsel on Behalf of the Following Individual Plaintiffs*:

Deeg, David & Hooker, Deborah
Lefton, David & Garcia, Michelle

### Levin, Papantonio, Thomas, Mitchell Echsner & Proctor, P.A.
*Counsel on Behalf of the Following Individual Plaintiffs*:

Mendez, Claudia
Nudleman, Gene & Levina, Tatyana
Scott, Cynthia & Jonathan
Torres-Lutz, Marcelo & Cecilia
Wilcox, Eric & Karen

201

**Martzell & Bickford.** *Counsel on Behalf of the Following Individual Plaintiffs*:

Fisher, Donald & Nadja
Johnson, Audrey Mae
Long, Kenneth
Lubrano, Raymond & Mary
Marullo, Jude
Pennington, Dorothy
Walker, Alphonso & Nora

**Milstein, Adelman & Kreger and Roberts & Durkee**,
*Counsel on Behalf of the Following Individual Plaintiffs*:

Hamwee, Mark
Suarez, Humberto

**Morgan and Morgan**, *Counsel on Behalf of the Following Individual Plaintiffs*:

| | | |
|---|---|---|
| Antinarelli, Paulett | Harrison, Wesley | Mendel/Debbie |
| Avery, Janet | Himmelberger, Kyle/Mamie | Nichols, James/Kathleen |
| Baker, Garry/Lynn | Hipps, Edd/Mary | Nuqui, Magno/Aracelli |
| Bowen, Casel | Jablonski, Robert/Colleen | Patterson, Joan |
| Bynoe, Robert & Little-Bynoe, Jennifer | James, Jason/Jessica | Perga, Anthony/Marcia |
| Carr, David | Johansson, Henrik/Jennifer | Raucci, Steven/Dorothy |
| Chimelis, Ariel/Michelle | Kaufman/Manley | Rivas, Rigoberto/Maria, Mitjans, Luis, Loynaz, Arturo |
| Cirinelli, Alfred/Lorraine | Khatamian, Houchang/Hazel | Rivera, Damian/Sonia |
| Clark, James | Kotajarvi, Peter | Rosko, Ann |
| Clark, Jimmy/Patricia | Lang, Dennis/Karen | Salman, Samir/Julia |
| Colello, Jenine | Latona, Giovanni/Christine | Santana, Francisco/Maricellis |
| Cotraccia, Manfredo/Maria | Lester, John/Jacine & Schiller, Larry | Sonnie, Eric/Andrea |
| Daley, Donnett | Londono, Mauricio | Sulen, Francisco, King, Diana |
| Desire, Marie | Madrigal, Wsvaldo/Martha | Teague, Eddie/Michele |
| DeYoung, John C. | McKinnon, Joseph/Christina | Valcq, Stephen |
| Dixon, Demetrius | McLendon, Brian/Stephanie | Valle, Gladys |
| Dorman, Timothy/Melissa | McNeill, Michael/Stephanie | Watson, Joan - Trust |
| Edwards, Richard | Medina, Nelson | Whitlock, Scott/Lucille |
| Emandez, Vincent/Doren | Meyers, Stuart/Lee | Winsome, Russell |
| Foster, William/Vicki | Mirakian, Samuel | Yost, Lee/Kimberly |
| Gallucci, Gary/Patricia | Mohammed, Imtiaz/Sabita | |
| Garrity, Scott/Amy | Morton, Tony/Veronica & Tipton, | |
| Gody, Anthony/Candace | | |

**Morris Bart**, *Counsel on Behalf of the Following Individual Plaintiffs*

Bierria, Cindy & Nathaniel
Hall, Mary & Lorne
Johnson, Barbara & Herbert
Taylor, Willie

**James, Hoyer, Newcomer & Smiljanich, P.A. and**

202

**Norton, Hammersley, Lopez & Skokos, P.A.,**
*Counsel on Behalf of the Following Individual Plaintiffs*:

Haseltime, James & Joanne

**Parker, Waichman, Alonso, LLP**, *Counsel on Behalf of the Following Individual Plaintiffs*:

| | | |
|---|---|---|
| Amaral, Antonio & Isabel | Henson, Shawn | Murphy, William |
| Avner, Brett & Wendy | James & Barbara Walsh | Paskow, Ross & Jacyln |
| Barnes, Arlana | Jones, Brian, Davis, Kimberly | Pena, Orlando |
| Bartschat, Eric & Anne Marie | Junco, Jorge | Quaranta, Benito |
| Brown, Lacy | Karcher, John, Coaker, Deborah | Quinn, Chris & Kate |
| Cardenas, Francisco | Keeling, Danny | Rappa, Erasmo & Kathleen |
| Cardenas, Frank III | Knight, Christopher & Rosemary | Saltzman, Scott, Mondschein, |
| Corea, Edgar, Gilmore, Elsie | Krause, Donald & Bobby | Jordana |
| Cruz, Robert & Sandra | Marinell, Derek | Scott, Denise |
| De Leon, Gordon | Mattesich, John and Maria, | Turckes, George |
| Earley, Peter & Amanda | Johnson, Rosemary, Morin, | Vayda, Richard & Rita |
| Fluence, Joseph | Barbara | Young, Elizabeth |
| Gittens, Dian | Mattia, Michael & Mary Ellen | Zavala, Carlos |
| Guerriero, Michael & Nancy | McKnight, Ashley & Gloria | |
| Guzman, Fernando | Mosley, Toni | |
| Hanlon, Patrick & Ann | Mundy, Terry | |

**Podhurst Orseck, PA**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Anise, Maikel & Karen
Johnson, Travis C. & Kelly E.
Mitchell, Paul & Tellina
Querol, Damien

**Reich & Binstock**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Bland, Elbert & Gloria
Frazier, Debra
Givins, Larry & Rose

**Shapiro, Blasi, Wasserman & Gora, PA**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Marlinga, Don & Janice

**Taylor, Martino Zarzaur**, *Counsel on Behalf of the Following Individual Plaintiffs*:

St. Martin Lions Club
c/o Don Richardson

**The Thornhill Law Firm, APLC**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Almeida Properties, L.L.C.
McLain, Jon Scott

      **Watts Hilliard, LLC**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Braden, Tiffany, as Representative of the
   Estate of Jane Bienemey, Deceased

      **Webb & Scarmozzino**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Ball, Ashley
Cruz, Cristina
Destacamento, Marilou & Aladin
Distel, Matthew & Stephanie
Foster, Mark Alan & Sandra
Meehan, William & Virginia
Morris, Joyce & James
Pinney, Nelson & Losi
Pollux, LLC
Randazzo, Antonio & Deborah
Sangiovanni, Ralph & Catherine
Santos, Luis & Odette
Williams, David & Cassidy

      **Willis & Buckley APC**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Alveris, Lucille
Hadley, Stephnea
McCallum, Lona

      **Zimmerman Reed**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Ghafari, David

## Pro Se Plaintiffs

Webley, Symone Mcqueen