UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES AND  *Amato, et al. v. Liberty Mutual Insurance Company, et al.,* **Civ. Action No. 10-932 (E.D.La.)** | |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION TO INTERVENE**

**I.     INTRODUCTION**

Plaintiffs, Byron and Debra Byrne, Edward and Susan Beckendorf, New Orleans Area Habitat for Humanity, Inc.("NOAHH")[1], Jason and Heather Kokoszka, John and Virginia Barranco, and Thomas and Lisa Rose, hereby move pursuant to Fed.R.Civ.P. 24 to intervene in the above captioned action.  Plaintiffs are Louisiana, Alabama and Mississippi homeowners whose properties were constructed of drywall supplied by Interior/Exterior Building Supply, LP ("InEx") and thus plaintiffs have an interest in the class relief sought as they are absent class members.  The North River Insurance Company's ("North River") refusal to contribute funds to the InEx settlement impairs these plaintiffs' rights to remediation benefits in the Knauf

---

[1] NOAHH moves on behalf of the following addresses: (1)1229 Port, New Orleans, LA; (2) 4559 America, New Orleans, LA 70126; (3) 1921 Alvar, New Orleans, LA 70117; (4) 1829 Alvar, New Orleans, LA 70117; (5) 1929 Alvar, New Orleans, LA 70117; (6) 1909 Alvar, New Orleans, LA 70117; (7)1925 Alvar, New Orleans, LA 70117; (8) 1837 Alvar, New Orleans, LA 70117; and (9) 3918 N. Johnson, New Orleans, LA 70117.

1

settlement. Thus, the Byrnes, Beckendorfs, NOAHH, Kokoszkas, Barrancos, and Roses are voluntarily presenting themselves as trial plaintiffs to pursue the claims set forth in the Amended Omnibus Class Action Complaint (V).[2] For the reasons set forth in this memorandum of law, Plaintiffs' motion to intervene should be granted.

## II.     FACTUAL BACKGROUND

On May 11, 2010, the PSC filed the Plaintiffs' Amended Omnibus Class Action Complaint (V) in *Amato, et al. v. Liberty Mutual Insurance Co., et al.* The Omni V Complaint was intended to marry the several class representative plaintiff claims in the underlying Omni I thru IV Complaints with a declaratory judgment action for both direct claims and derivative claims against insured defendants and their insurers. InEx and its insurers, including its excess insurer, North River, are defendants in the Omni V Complaint.

In early 2011, litigation against InEx was the focus of attention in MDL 2047. The Court had entered scheduling orders regarding class certification and trial against InEx was imminent. Faced with trial on the near horizon, InEx and its primary insurers recognized the benefits of immediately settling to avoid the prospects of an almost certain defeat at trial. Thus, on April 26, 2011, the PSC and InEx and its primary insurers presented to the Court a Settlement Agreement regarding claims against Interior/Exterior in MDL No. 2047.

On May 13, 2012, this Court preliminarily approved the InEx class action settlement. One of the significant components to the InEx settlement was the Assignment of Insurance to the

---

[2]The Plaintiffs' Steering Committee ("PSC") also intends to nominate Donald and Marcelyn Puig to act as additional trial plaintiffs in the North River trial. The Puigs, however, are already representative plaintiffs in the *Amato* action and therefor it is unnecessary to have them intervene into the action.

Non-Louisiana Subclass by InEx of any and all rights of InEx against its Excess Carrier to (i) insurance coverage for Chinese Drywall claims of the Non-Louisiana Subclass against InEx but only to the extent that such claims of the Non-Louisiana Subclass exceed $8 million but do not exceed the Available Policy Limits and (ii) damages for bad faith and extra-contractual conduct.[3] The Louisiana subclass was permitted to reserve its right to pursue a claim against the excess carrier to the extent of the Available Policy Limits under the Louisiana Direct Action Statute.

Since the preliminary approval of the InEx settlement, the Court has overseen the amalgam of other inter-related class action settlements including, the Banner Settlement, the L&W Settlement, the Knauf Settlement and the Global Settlement. The Knauf Settlement provides that the Knauf defendants may obtain as a contingency certain recoveries by the class members of the Louisiana Subclass and Non-Louisiana Subclass's direct and assigned claims against InEx. In an effort to close that contingency before the Final Fairness Hearing, the Court, the PSC, and other parties have focused their attention upon North River's unwillingness to contribute to the InEx Settlement. On May 31, 2012, the Court sponsored a mediation with the North River Insurance Company and the Court appointed mediator, Mr. John Perry. The mediation proved to be unsuccessful and the Court immediately issued an Order setting a trial date against North River. To prosecute the plaintiffs' claims against the North River Insurance Company, the Byrnes, Beckendorfs, NOAHH, Kokoszkas, Barrancos, and Roses now volunteer to intervene into the *Amato* action for consideration as trial plaintiffs.

Plaintiffs Donald and Marcelyn Puig, the Kokoszkas, the Barrancos, and the Roses are named plaintiffs in the Omni I Complaint of *Payton, et al. v. Knauf Gips, KG, et al.*, Civ. Action

---

[3]Capitalized terms are taken from and defined within the InEx Settlement.

No. 09-7628 (E.D.La.). Byron and Debra Byrne and Edward and Susan Beckendorf are named plaintiffs to the Omni I(B) complaint in intervention,. In the Omni I and Complaint in Intervention Omni I(B), the plaintiffs assert claims against InEx similar to those raised in the *Amato* Action.[4]

### III.   ARGUMENT

#### A.   INTERVENTION SHOULD BE GRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(b)(2).

Federal Rule of Civil Procedure 24(b) governing permissive intervention is to be given a liberal construction, although the Court in the sound exercise of its discretion must make a thoughtful determination and must consider the potential adverse impact on the original parties in its decision to allow or deny intervention. *See United States v. Grand Trunk Western Railroad Co.*, 95 F.R.D. 463, 467 (W.D.Mich.1980). Federal Rule of Civil Procedure 24(b)(1)(B) provides that intervention is permissible when an applicant "has a claim or defense that shares with the main action a common question of law or fact." The court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

---

[4] Plaintiffs incorporate by reference the Omni I and Complaint in Intervention Omni I(B) as if appended hereto. These pleadings are already on the docket and available to all parties. Because of the voluminous nature of both pleadings, they are not being appended hereto. Plaintiffs submit that their complaints adequately state their claims for which intervention is sought and further incorporate the allegations of the Omni Complaints for purposes of Fed.R.Civ.P. 24(c)(1). Under Rule 24(c), the intervenors are required to submit a motion to intervene accompanied by a pleading setting out the claims or defenses for which intervention is sought, but courts in the Fifth Circuit employ this rule leniently and some allow intervenors simply to adopt the existing pleadings of the parties. *See S.E.C. v. Funding Resource Group*, 233 F.3d 575 (5th Cir. 2000)("Although the filing of a complaint in intervention is clearly required by the language of the rule, this court has traditionally "been lenient in hearing the appeals of parties who have failed to fulfill the provisions of Rule 24(c)."), *citing, International Marine Towing, Inc. v. Southern Leasing Partners, Ltd.*, 722 F.2d 126, 129 (5 th Cir.1983); 7C Wright, Miller, Kane, *Federal Practice and Procedure* §1914 at 517 (2007).

Fed.R.Civ.P. 24(b)(3).   Stated differently, if there is a common question of law or fact, the requirement of the rule has been met and then it is within the Court's discretion to allow or refuse intervention.

In the *Amato* proceeding, the plaintiffs are absent class members that seek intervention because they are aligned with and adopted the *Amato* Amended Omnibus Class Action Complaint (V) as their proposed pleading. It would be beyond peradventure, then, that there are common legal and factual questions between the movants and the main actions instituted by the plaintiffs.

It is then left to the exercise of the Court's discretion to allow intervention. The principal consideration is whether such intervention will "unduly delay or prejudice the adjudication of the rights of the original parties".  In *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*, 207 F.Supp. 252, 257 (D.C.Ill.1962), *aff'd*, 315 F.2d 564 (7th Cir.1963), the court noted that this language is "a caution to the Court so that in its zeal to avoid a multiplicity of suits it will not hamper or vex the claims of the original parties".  The few additional plaintiff parties should not be an imposition on these proceedings.  Further, the Byrnes and Beckendorfs have participated in earlier proceedings against InEx but any interested party will be afforded the opportunity to inspect all the intervening plaintiffs' homes and have the plaintiffs participate in discovery, so that they can timely participate in the trial proceedings contemplated by the Court.  Under these circumstances, the Court should find that intervention by these plaintiffs will not unduly delay the proceedings, nor prejudice the rights of the original parties, as the intervenors will be bound by the Court's scheduling order.

**IV.     CONCLUSION**

In light of the foregoing, the Court should find that the Plaintiffs' Motion to Intervene under Federal Rule of Civil Procedure 24(b)(2) should be granted.

Dated:  June 12, 2012

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Daniel E. Becnel, Jr. |
| Barrios, Kingsdorf & Casteix, LLP | Becnel Law Firm. LLC |
| 701 Poydras Street, Suite 3650 | 425 W. Airline Highway, Suite B |
| New Orleans, LA 70139 | Laplace, LA 70068 |
| Phone: (504) 524-3300 | Phone: (985) 536-1186 |
| Fax: (504) 524-3313 | Fax: (985) 536-6445 |
| Barrios@bkc-law.com | dbecnel@becnellaw.com |

6

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Memorandum of Law in Support of Plaintiffs' Motion to Intervene was served on Defendants' Liaison Counsel, Kerry Miller, and Home Builders and Installers Liaison Counsel, Phillip Wittmann, via email and United States first class mail, and upon all represented parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 12th day of June, 2012.

          /s/ Leonard A. Davis
          Leonard A. Davis, Esquire
          Herman, Herman & Katz, L.L.C.
          820 O'Keefe Avenue
          New Orleans, Louisiana 70113
          Phone: (504) 581-4892
          Fax: (504) 561-6024
          Ldavis@hhklawfirm.com
          Plaintiffs' Liaison Counsel
          MDL 2047

*Co-counsel for Plaintiffs*