**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**THE PLAINTIFFS' STEERING COMMITTEES' RESPONSE
TO THE MOTION OF THE NORTH RIVER INSURANCE
COMPANY TO (A) LIFT THE STAY AS TO CERTAIN PARTIES, (B)
CONSOLIDATE CERTAIN CLAIMS AND (C) REALIGN PARTIES**

The Plaintiffs' Steering Committee ("PSC") hereby responds to the Motion of the North River Insurance Company to (A) Lift the Stay as to Certain Parties, (B) Consolidate Certain Claims and (C) Realign Parties.  With the trial against North River scheduled for November 26, 2012, North River is desperate to draw into the trial other players--some of whom have not even been served with pleadings by North River's insured, the Interior/Exterior Supply Co. ("InEx"). While the PSC agrees that any trial involving a direct action against North River requires the participation of its insured, InEx, the remaining desperate cries of North River should be refused.

North River contends that under the Louisiana Direct Action Statue, La. R. Stat. 22: 1269, both the insured and the insurer are both proper parties to a direct action claim.  The PSC does not disagree with North River's position.  Indeed, rather than file a separate motion, the PSC joins North River's motion to lift the stay against InEx for purposes of the direct action trial against the North River Company.

Like North River, the PSC recognizes that on April 19, 2012 [Rec. Doc. #13867], the Court ruled that a stay in favor of InEx should remain in place.  The PSC believes that in light of the Court's May 31, 2012 Order setting the matter for trial against North River, the stay against InEx is no longer viable.  InEx will become an indispensable party to the trial.  Thus, the stay

should be lifted as to InEx.

Although the PSC agrees with North River that the stay against InEx should be lifted for purposes of trial, the PSC disagrees that InEx's primary insurers, Arch and Liberty Mutual, are necessary parties to the trial.  The PSC submits that the Settlement Agreement with InEx demonstrates that the primary insurers' coverage will not be an issue thereby making their presence at the trial of InEx unnecessary. Indeed, the purpose of the settlement with InEx was to avoid further burdening these insurers.  Therefore, the stay became an essential component to the bargain.  Accordingly, the stay against InEx's primary insurers should not be disturbed.

Finally, North River makes several assertions addressing the Knauf defendants.  In particular, North River asserts that (1) the Knauf entities must be parties to the trial, (2) North River's claims against certain Knauf entities must be consolidated into the *Amato* action, and (3) that the parties must be realigned to make certain Knauf entities plaintiffs.  The irony of all of North River's arguments is that for all of North River's bluster one fact is clear--the Knauf entities are not parties to the *Amato* action and, in the case of the *North River Insurance Company v. Knauf International, GMBH, et al.*, North River has failed to perfect service against the Knauf entities.  Since Knauf is not present in any of the litigation, North River's arguments for joining the Knauf defendants at trial is fanciful but ultimately unfounded.

Similarly baseless is North River's contention that the Knauf entities should be realigned as plaintiffs.  Any monies recovered under the InEx settlement belongs solely to the class members.  Whether class members with KPT drywall choose to participate in the Knauf settlement in which case their InEx recovery is obliged to Knauf is of no relevance to whether the plaintiff homeowners possess their allocated share of the InEx recovery in the first instance.  The recovered money is owned by the InEx class members, not the Knauf entities who remain adverse to the class members.  Furthermore, certain class members have additional claims

relating to Taishan board which North River conveniently overlooks.

WHEREFORE, the PSC respectfully requests that North River's motion be granted in part as to lifting the stay against InEx and denied in all other respects.

Respectfully submitted,

Dated:  June 12, 2012

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Daniel E. Becnel, Jr. |
| Barrios, Kingsdorf & Casteix, LLP | Becnel Law Firm. LLC |
| 701 Poydras Street, Suite 3650 | 425 W. Airline Highway, Suite B |
| New Orleans, LA 70139 | Laplace, LA 70068 |
| Phone: (504) 524-3300 | Phone: (985) 536-1186 |
| Fax: (504) 524-3313 | Fax: (985) 536-6445 |
| Barrios@bkc-law.com | dbecnel@becnellaw.com |

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

<div style="margin-left:50%">

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

</div>

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W<br>Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com | Andrew A. Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com |

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiff's Steering Committees' Response to the Motion of the North River Insurance Company to (A) Lift the Stay as to Certain Parties, (B) Consolidate Certain Claims and (C) Realign Parties was served on Defendants' Liaison Counsel, Kerry Miller, and Home Builders and Installers Liaison Counsel, Phillip Wittmann, via email and United States first class mail, and upon all represented parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 12th day of June, 2012.

      /s/ Leonard A. Davis
      Leonard A. Davis, Esquire
      Herman, Herman & Katz, L.L.C.
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      Ldavis@hhklawfirm.com
      Plaintiffs' Liaison Counsel
      MDL 2047

      *Co-counsel for Plaintiffs*