IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
:
IN RE: CHINESE-MANUFACTURED : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY :
LITIGATION : SECTION:   L
:
THIS DOCUMENT RELATES TO: : JUDGE FALLON
:
*Silva v. Arch Ins. Co. et al.*, No. 09-8034 : MAG. JUDGE WILKINSON
:
*Amato v. Liberty Mut. Ins. Co., et al.*, No. 10-932 :
:
---------------------------------------------------------------x

**KNAUF DEFENDANTS' OPPOSITION TO THE MOTION OF THE NORTH RIVER INSURANCE COMPANY TO (A) LIFT THE STAY AS TO CERTAIN PARTIES, (B) CONSOLIDATE CERTAIN CLAIMS, AND (C) REALIGN PARTIES**

The Knauf Defendants submit this opposition to the motion of the North River Insurance Company ("North River") to (A) lift the stay as to the Knauf Defendants, (B) consolidate North River's claims against the Knauf Defendants with plaintiffs' claims against North River, and (C) realign the Knauf Defendants as plaintiffs in the consolidated action.[1]

Less than two months ago, this Court denied North River's identical motion to lift the stay in favor of the Knauf Defendants because doing so "would be a distraction, it would be disruptive, it would be destructive of the [settlement] process, and I don't think it would be helpful to the litigation." Transcript of Oral Argument Proceedings (April 19, 2012) at 31. The Court should deny North River's renewed motion for the same reason. The Knauf Defendants

---

[1] The Knauf Defendants identified in North River's motion are Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Gips KG ("Knauf Gips"), Knauf Plasterboard (Wuhu) Co., Ltd., ("Wuhu"); Knauf International GmbH ("Knauf International"), and Knauf Insulation GmbH ("Knauf Insulation").

incorporate their response to the prior motion [Rec. Doc. 13597] in opposition to North River's second motion.

## ARGUMENT

### A. *This Court already has found that the presence of the Knauf Defendants is not required for resolution of the PSC's claims against North River*

On April 19, 2012, this Court denied North River's prior motion [Rec. Doc. 13867]. As the Court explained:

> It's appropriate in my judgment, to stay the proceedings against those entities for the time being – I emphasize that, *for the time being* – to allow them to seek Court approval to allow them to get all of the ducks in order, particularly in a case of this sort.
>
> * * *
>
> It's been a laborious process and it's still ongoing, and to take the time, to take the energy, to take the resources from those individuals who are daily, if not hourly, involved in this process would be a distraction, it would be disruptive, it would be destructive of the process, and I don't think it would be helpful to the litigation.

Transcript of Oral Argument Proceedings (April 19, 2012) at 31 (emphasis in original).

North River offers nothing new in support of its renewed motion to lift the stay. Contrary to North River's repeated representation, the Court's stay in favor of the Knauf Defendants will not deny North River the "ability to defend itself" under Louisiana's redhibition statute. North River Mem. at 8. As the Knauf Defendants previously have made clear, under Louisiana law, the fact-finder must apportion fault among all parties found to be jointly liable to the plaintiff "regardless of whether the person is a party to the action or a nonparty." La. Civ. Code Ann. art. 2323. *See also Cargill Ferrous Int'l Div. of Cargill, Inc. v. M/V Princess Margherita*, No. Civ. A. 98-3825, 2001 WL 1426678, at *1 (E.D. La. Nov. 13, 2001) (dismissal of third-party claim

against co-defendant worked "absolutely no prejudice to the remaining defendants as they will only be liable for their respective percentages of negligence..."); *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 217 (1994) (acknowledging that a "defendant will often argue the 'empty chair' in the hope of convincing the jury that the settling party was exclusively responsible for the damage").

Further, as the Court emphasized on North River's prior motion, it was not dismissing North River's claims against the Knauf Defendants; the stay affects only the timing of North River's claims against the Knauf Defendants, a scheduling matter well within the Court's discretion.  As the Court stated in denying North River's prior motion to lift the stay, "there are no rights that have been or will be violated without due process because the claims are stayed" and "no prejudice in a case like this that I can see."  Transcript of Oral Argument Proceedings (April 19, 2012) at 32.

### B. There is no basis to consolidate North River's claims against the Knauf Defendant with plaintiffs' claims against North River

North River also requests that its claims against the Knauf Defendants be consolidated for trial with plaintiffs' claims against North River.  Because North River's claims against the Knauf Defendants are stayed and should remain stayed, there is no basis to consolidate North River's claims against the Knauf Defendants with plaintiffs' claims against North River.

The Court previously rejected North River's argument that its claims against the Knauf Defendants and plaintiffs' claims against it must be tried together.  As the Court has noted, North River's claims are stayed – not dismissed – and "in my judgment looking at this case, living with it for over two years, it's my feeling that the only way it can be proceeded is in stages."

Transcript of Oral Argument Proceedings (April 19, 2012) at 32.  The decision to try claims in stages rather than all at once is certainly within the Court's discretion.  Given the present settlement posture of the case, with fairness hearings on the various class action settlements set for November 13-14, the Court has ample basis to conclude that it would not be practical, efficient or conducive to an overall resolution of this complex mass tort, to litigate North River's claims against the Knauf Defendants at this time.  North River's claims against the Knauf Defendants can be resolved after the settlement proceedings have concluded if they have not been resolved prior to that time.

Furthermore, lifting the stay of North River's claims against the Knauf Defendants and consolidating those claims with plaintiffs' claims against North River would not avoid duplicative or piecemeal litigation (North River Mem. at 10) because North River has not served KPT, the manufacturer of the product.[2]  The Knauf Defendants who have been served by North River -- Knauf Gips, Knauf International, and Knauf Insulation -- are *not* the manufacturers of the product at issue in this litigation.  Their liability, if any, is wholly derivative of KPT's liability.[3]

---

[2]   Although InEx also sold drywall manufactured by Wuhu, there is no evidence that Wuhu drywall is reactive.  In any event, Wuhu also has not been served.

[3]   Perhaps for that reason, North River refers to a decision of the European Court of Justice. North River Mem. at 4.  But that decision bears no legal or factual relevance to the North River's claims.  The European Court of Justice considered European Union law regarding antitrust liability, which has no relationship to legal principles of any jurisdiction that might govern North River's claims.  As a matter of fact, the decision involved activity in Europe from 1992 to 1998, before KPT became affiliated with any Knauf entity in 1999. Thus, contrary to North River's representation (North River Mem. at 4) the decision does not say anything about the relationship between Knauf Gips or any other Knauf Defendant and KPT.

Moreover, the contracts between KPT and InEx, North River's insured, contain an arbitration provision calling for arbitration of disputes between InEx and KPT in Tianjin, China. For that reason, North River's claims against the manufacturer of the product can only be adjudicated in a separate action regardless of whether North River serves KPT. Accordingly, even if North River's motion were granted, North River would remain obliged to pursue its claims against the Knauf Defendants in a separate proceeding, and the goals of judicial efficiency and economy would in no way be advanced.

### C.     *There is no basis to realign the Knauf Defendants as plaintiffs*

North River also proposes to "realign" the Knauf Defendants as plaintiffs. North River Mem. at 10-11. As set forth above, the Knauf Defendants are not parties to nor should they be made parties to any case that will be tried against North River. Accordingly, there is no basis to realign them.

Also, North River continues to ignore the fact that, absent a satisfactory resolution of claims between "InEx and its insurers" and the Knauf Defendants, "the Knauf Defendants can terminate the Settlement either in its entirety, or as to all Participating Class Members who are members of or were eligible to participate in … the InEx Class Settlement (if the failure to agree is with InEx or its insurers)." Knauf Class Settlement § 4.8.6; *see also* § 13.2.1 (reaffirming the Knauf Defendants' right to terminate if there is no agreement with InEx or its insurers under § 4.8.6). Thus, there will be no Knauf Class Settlement of InEx-supplied homes without a satisfactory resolution with North River.

**CONCLUSION**

For the foregoing reasons, the Court should deny North River's renewed motion.

Respectfully submitted,

By: Kyle A. Spaulding
MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for the Knauf Defendants

Dated: June 13, 2012

**CERTIFICATE OF SERVICE**

    I certify that the above and foregoing Knauf Defendants' Opposition to the Motion of The North River Insurance Company to (A) Lift the Stay as to Certain Parties, (B) Consolidate Certain Claims, and (C) Realign Parties has been served upon Plaintiffs' Liaison Counsel and counsel for The North River Insurance Company by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 13th day of June, 2012.

                                                               /s/ Kyle Spaulding