UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                                    MDL NO. 2047

                                                              SECTION: L

                                                              JUDGE FALLON
                                                              MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF-INTERVENORS' MEMORANDUM
IN SUPPORT OF MOTION IN LIMINE

**MAY IT PLEASE THE COURT:**

The trial of this action against The North River Insurance Company [hereafter "North River"] as the excess carrier for Interior Exterior Building Supply, LP [hereafter "INEX"] is on behalf of plaintiff-homeowners damaged by contaminated Chinese drywall distributed and sold by INEX, and it is predicated upon the fault of INEX, including claims under Louisiana law of redhibition. Under the redhibition law a seller "warrants the buyer against redhibitory defects, or vices, in the thing sold...," a redhibitory defect being that which "renders the thing...so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect." *See* Art. 2520, La. Civ. Code. Moreover, the thing sold "must be reasonably fit for its ordinary use," so that "[w]hen the seller has reason to know the particular use the buyer intends for the thing, or...the buyer is relying on the seller's skill or judgment in selecting it, the thing sold must be fit for the buyer's intended use or for his particular purpose."

Art. 2524, La. Civ. Code.

The scope of damages recoverable from a seller in redhibition is determined by whether or not the seller sold the thing with knowledge of a redhibitory defect. In this case, plaintiffs-intervenors submit, and will present evidence at trial, to show that INEX was a seller with knowledge pursuant to the provisions of Article 2545:

> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sell and those incurred for the preservation of the thing, and also for damages and reasonable attorney's fees.

Art. 2545, La. Civ. Code.

It is anticipated that, in defense on behalf of INEX, the defendant insurer North River will allege fault on the part of an absent entity, i.e., the drywall manufacturer Knauf/KPT or some other entity. More specifically, it appears that North River will ask the Court to invoke and apply the comparative fault principles of Louisiana Civil Code Articles 2323 and 2324 in the process of allocating potential fault to the absent Knauf/KPT or other entity.[1]

The governing authority of Louisiana jurisprudence on this issue dictates that the principle of solidarily liability, not comparative fault allocation, applies to the redhibition fault of INEX. Such solidary liability has governed traditionally and historically with respect to manufacturer-sellers and "downstream sellers" in redhibition cases in Louisiana; and the contradictory attempt to apply the comparative fault allocation provisions of Articles 2323 and

---

[1] In its "Third Defense" set forth in its Answer to Petition for Declaratory Judgment in the case of *Silva v. Arch Insurance Co., et al* (No. 09-8034), North River affirmatively pleads the "doctrine of comparative responsibility and third party fault as embodied in Louisiana Civil Code Articles 2323 and 2324." *See* North River Answer to Petition for Declaratory Judgment [Doc. 767].

2324 in this matter accordingly should be rejected.

Long before the 1996 adoption of Louisiana Civil Code Articles 2323 and 2324 called for the allocation of fault among multiple wrongdoers based upon the percentage contributions of their respective fault to the plaintiffs' harm, redhibition cases unequivocally and without exception were deemed covered by the principle of solidary liability where multiple sellers or a manufacturer-seller and downstream seller were involved in the sale of the defective thing.  In the seminal decision of *Media Production Consultants, Inc.v. Mercedes-Benz of North America, Inc.*, the Louisiana Supreme Court held that this State has aligned itself in redhibition cases with the consumer-protection rule, allowing a buyer without privity to recover for defects in a thing purchased, whether the suit was brought "strictly in tort or upon implied warranty." 262 So.2d 377, 381 (La. 1972). On this basis, the Court concluded that a manufacturer/seller and downstream seller were solidarily liable to a buyer damaged through the purchase of a thing with a redhibitory vice or defect.  *See id.*  Relying on *Media Production*, the Supreme Court reached the same conclusion in the later case of *Rey v. Cuccia*, 298 So.2d 844 (La. S.Ct. 1974).

Subsequent Louisiana appellate jurisprudence adhered to application of the same principle of solidary liability in redhibition cases involving both a manufacturer-seller and a "downstream" seller.  *See Lehn v. Clearview Dodge Sales, Inc.,* 400 So.2d 317 (La. App. 4th Cir. 1981) *writ denied* 406 So.2d 608 (La. 1981); *Bison v. LaHood*, 390 So.2d 920 (La. App. 2d Cir. 1980).

After the 1996 adoption of the comparative fault articles, case decisions announced in two Louisiana circuits (the First and the Second) proposed, for the first time in Louisiana jurisprudence, to supplant the traditional solidary liability rule in redhibition cases, and require

that the fault in redhibition of multiple sellers, including the fault of the manufacturer-seller and a downstream seller, should be governed by the percentage fault allocation ordained by Civil Code Articles 2323 and 2324.  *See Hampton v. Cappaert Manufactured Housing, Inc.,* 839 So.2d 363 (La. App. 2d 2003); *Petroleum Rental Tools, Inc. v. Hal Oil and Gas Co.,* 701 So.2d 213 (La. App. 1st Cir. 1997).  Notably, the reasoning and holdings in these cases did not stand unchallenged for long within either Circuit:

In *Vearly v. Brunswick*, 888 So.2d 309 (La. App. 2d Cir. 2004), a Second Circuit panel, despite the earlier ruling in *Hampton, supra*, concluded that the "broad interpretation(s) of the Code's redhibition principles still [would] apply" to redhibition claims involving manufacturer/sellers, notwithstanding the enactment of the comparative fault articles.  Similarly, in *Isabelle v. Bayliner Marine Corp.*, No. 2005-CA-2593, 2006 WL 318753 (La. App. 1 Cir. 2006), a First Circuit panel, despite the earlier holding in *Petroleum Rental*, *supra*, concluded that a manufacturer/seller and a downstream seller remained solidarily liable in redhibition under Civil Code Article 2545, despite the provisions in Codal Articles 2323 or 2324.

At the same time, in both the Louisiana Third and Fourth Circuits, the traditional principle of solidary liability in redhibition cases continued to be applied even after the enactment of these comparative fault articles.[2]  The Third Circuit held in *Aucoin v. S. Quality Homes, LLC,* 984 So.2d 685 (La. App. 3 Cir. 2008) that, since "a specific statute will prevail over the more general," the provisions of Article 2545 would prevail over Articles 2323 and

---

[2]The fact that this is true in the Fourth Circuit is especially notable, since this Court in exercising diversity jurisdiction, is "in effect, sitting as a state court," so that the jurisprudential authority of the Louisiana Fourth Circuit is to be given the same deference a Louisiana district judge in this venue would give it.  *See Durandy v. Fairmont Roosevelt Hotel*, *Inc.,* 523 F.Supp. 1382, 1388 (EDLA 1981), and cases cited therein.

2324 as being more specific in a case for redhibition.  The Court further reasoned that the contractual rather than tortious nature of redhibition claims rendered inappropriate the application of Articles 2323 and 2324 in redhibition claims, to the extent these comparative fault allocation provisions were more suitable in tort, not contract, cases.  Finally, the Court invoked the public policy argument that "unsophisticated" buyers rely "upon both the seller and manufacturer to provide a product that is free from rehibitory defect," making solidary liability to the buyers more consistent with the consumer-protection interests underlying the redhibition remedy.

When the Louisiana Supreme Court heard *Aucoin* on appeal, the Court unfortunately declined to address the issue of solidary versus comparative liability, holding instead that the manufacturer in *Aucoin* was "independently liable."  The Fourth Circuit, however, has mirrored the Third Circuit's reasoning in *Aucoin* in its decision in *Touro Infirmary v. Sizeler Architects,* 947 So. 2d 740 (La. App. 4th Cir. 2006). There, the Court decided that the 1996 revisions to Articles 2323 and 2324 "do not apply to redhibition claims against manufacturers because comparative fault applies to tort law, and redhibition is a contract law claim." It noted that Articles 2323 and 2324 are intended to apply to an entirely different type of claim than what is recognized under Article 2545, and, accordingly, the comparative fault system for tort cases and the solidary liability rule for redhibition cases did not represent a contradiction, but rather served to establish structures of liability under separate and distinguishable areas of the law, with separate and distinguishable policy considerations.  In *Nelson Radiology Associates, L.L.C. v. Integrity Medical Systems, Inc.* 16 So.2d 1197 (La. App. 4 Cir. 2009), the Fourth Circuit reiterated its reasoning that redhibition is a contractual claim, stating that "Article 2545 sounds

in redhibition and as a consumer protection article has its basis in contract, as opposed to delictual law." It concluded that the purpose of Article 2545 is to protect the consumer, and that solidary liability presents a doctrine suited to this purpose by permitting a consumer to obtain full recovery from each defendant found liable for the sale of a product causing harm due to redhibitory defect.

A recent, scholarly discussion of the matter at issue is found in Elizabeth A. Spurgeon, *All for One or Every Man for Himself? What is left of Solidarity in Redhibition*, 70 La. L. Rev. 1227 (2010), made Attachment I. The author, after an extensive review of the history of solidary liability in redhibition cases and the state of the jurisprudence in Louisiana, concludes that "solidarity has long existed and continues to exist — though, admittedly, clarification is in order — in redhibition claims under the Louisiana law." *See id.* at p. 10 [using the pagination in the printout of the article attached hereto as Attachment I].

In the final analysis, there is little to support the application of Articles 2323 or 2324 in redhibition actions, since the pertinent Codal provisions, the prevailing and governing jurisprudential authority for this Court, and the underlying consumer-protection purpose of the redhibition remedy, all call for a liability among sellers which must be solidary in nature.[3] Under the unique Louisiana remedy of redhibition, "a consumer is not required to sort out who manufactured or contributed to the defect" in the thing purchased, but instead may "bring an action...against any or all of the sellers in the chain of sale..." *See* Spurgeon, Attachment I, at p.

---

[3] Defendant may seek to invoke the provisions of redhibition Article 2538, which provides that "[t]he warranty against redhibitory vices is owed by each of multiple sellers in proportion to his interest." However, this "divisible interest" approach is limited to situations where multiple sellers arrange to "together sell" an object or thing. *See Miranda v. Toyota Motor Saales USA, Inc.*, C.A. No. 10-41555 (EDLA 12/2/10), 2010 WL 5058370.

3. Plaintiff-intervenors have elected, and are entitled, to pursue their redhibition claim against INEX and its excess insurer, North River, without having their claim or recovery diminished through a comparative allocation of fault to an absent seller, the manufacturer. The principle of solidary liability among sellers in redhibition claims is fundamental, and should be upheld herein.

                                                Respectfully submitted,

Dated: June 13, 2012                /s/ Russ M. Herman_____
                                                Russ M. Herman, Esquire (Bar No. 6819)
                                                Leonard A. Davis, Esquire (Bar No. 14190)
                                                Stephen J. Herman, Esquire (Bar No. 23129)
                                                HERMAN, HERMAN & KATZ, L.L.C.
                                                820 O'Keefe Avenue
                                                New Orleans, Louisiana 70113
                                                Phone: (504) 581-4892
                                                Fax: (504) 561-6024
                                                LDavis@hhklawfirm.com
                                                *Plaintiffs' Liaison Counsel*
                                                *MDL 2047*

                                                Arnold Levin
                                                Fred S. Longer
                                                Matthew C. Gaughan
                                                Levin, Fishbein, Sedran & Berman
                                                510 Walnut Street, Suite 500
                                                Philadelphia, PA 19106
                                                215-592-1500 (phone)
                                                215-592-4663 (fax)
                                                Alevin@lfsblaw.com
                                                *Plaintiffs' Lead Counsel*
                                                *MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
Daniel@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Victor M. Diaz, Jr.
119 Washington Avenue
Suite 402
Miami Beach, FL 33139
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony Irpino
Irpino Law Firm
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 13th day of June, 2012.

        /s/ Leonard A. Davis
        Leonard A. Davis, Esquire
        Herman, Herman & Katz, L.L.C.
        820 O'Keefe Avenue
        New Orleans, Louisiana 70113
        Phone: (504) 581-4892
        Fax: (504) 561-6024
        Ldavis@hhklawfirm.com
        Plaintiffs' Liaison Counsel
        MDL 2047

*Co-counsel for Plaintiffs*