EXHIBIT  D

## DECLARATION OF RUTH WU

**COMMONWEALTH OF PENNSYLVANIA**           )
                                                                              )
**COUNTY OF MONTGOMERY**                                )


**RUTH WU**, being first duly sworn, deposes and states as follows:

1.      My name is Ruth Wu.  I am the Chief Operating Officer for Oakwell Distribution, Inc., d/b/a Devon Medical Products.   I worked for Devon International Trading, Inc. from 2003 to 2007 as a Project Manager and then Vice President of Operations.  This affidavit is made on personal knowledge and review of business records of Devon International Trading, Inc.

2.      Attached hereto as Exhibit 1 are documents Bates stamped Devon-0002 – 00017, which is a portion of Devon's submission to the U.S. Consumer Products Safety Commission, dated June 17, 2009.

3.      Attached as Exhibit 2 are documents Bates stamped Devon-00438, Devon-00449-50, Devon-00452, Devon-00645, Devon-00658, and Devon-00663, which depict drywall purchased by Devon from Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd ("Taishan").

4.      Attached as Exhibit 3 is a document Bates stamped Devon 00951, which is a letter dated July 26, 2006 from Frank Johnston of North Pacific Group to me.

5.      Attached hereto as Exhibit 4 are documents Bates stamped Devon-00571-77 and Devon-00581-96, which are documents related to the discharge of drywall from the ship Sanko Rally in the Port of Pensacola, FL between June 15, 2006 and July 12, 2006.

6.      Attached as Exhibit 5 hereto is a copy of the deposition which I gave in the case of *Langham v. Devon International; et al.*

7.    My testimony in the *Langham* case was under oath, and my testimony was truthful to the best of my ability.  The facts set forth in the deposition are true and correct based upon my personal knowledge and recollection.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and ability.

_Ruth Wu_
Ruth Wu

Sworn to and subscribed before me on this 15th day of June , 2012.

_Pamela L. Davis_
Notary Public

[NOTARIAL SEAL]

My commission expires: July 22, 2012

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PAMELA L. DAVIS, Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires July 22, 2012

2

**Kevin G. Sugg**
*Counsel*

phone: 610-757-4147
fax: 610-768-4509
e-mail: ksugg@devonhealth.com

**DEVON**
**INTERNATIONAL**
**GROUP**

June 17, 2009

<u>Via Overnight Delivery</u>

Office of Compliance and Field Operations
U.S. Consumer Product Safety Commission
Attention:  Mary Kroh, Compliance Officer
Room 613-15
4330 East West Highway
Bethesda, MD 20814-4408

    RE:   Devon International Trading, Inc.
             CPSC File No. PI090017

Dear Ms. Kroh,

    Enclosed please find Devon International Trading, Inc.'s Response to the CPSC's Request For Information dated May 18, 2009.  This response is made pursuant to section 15(b) of the Consumer Product Safety Act, 15 U.S.C. §2064 (a).  Should you have any questions regarding Devon International Trading, please do not hesitate to contact me.

           Sincerely,

           Kevin G. Sugg
           Counsel
           Devon International Trading, Inc.

KGS/pld
Enclosures

p| **800•431•2273**

a| **1100 first avenue**
**suite 100**
**king of prussia, pa**
**19406**

w| **devonintlgroup.com**

**DEVON INTERNATIONAL TRADING INC.'S  RESPONSE
TO REQUEST FOR INFORMATION DATED MAY 18, 2009
CPSC FILE NO. PI090017**

1.     Identify the person providing the answer(s) contained in your response to this letter.

        Answer:  Ruth Wu
                Vice-President of Operations
                Devon International Trading, Inc.
                1100 First Avenue
                King Of Prussia, PA 19406
                610-757-4103
                rwu@devonintlgroup.com

                Kevin G. Sugg, Esquire
                Counsel for Devon International Trading, Inc.
                1100 First Avenue
                King Of Prussia, PA 19406
                610-757-4147
                ksugg@devonintlgroup.com

2.     Did you sell, offer for sale, manufacture for sale, distribute in commerce, purchase, transfer, deliver, install, or import, in any way product during the relevant time frame?

        Answer:  Yes.  Devon International Trading ("Devon) imported and sold the product to distributors and wholesalers.

3.     If you answered "yes" to request No. 2, list all such shipments of product including, for each individual shipment:

        Answer:  Devon imported three shipments of drywall from China between June 1, 2006 and July 7, 2006.  The primary shipment arrived in Pensacola, Florida on or about June 16, 2006 (hereinafter referred to as "Shipment No. 1").  The second shipment arrived in Elizabeth, New Jersey on or about June 27, 2006 (hereinafter referred to as "Shipment No. 2").  The third shipment arrived in Chicago, Illinois on or about July 7, 2006 (hereinafter referred to as "Shipment No. 3").

        a. The name of the manufacturer of the product;

        Answer:  Shandong Taihe Dongxin Co., Ltd. for all three shipments.

                i. Any identifying marks or brands on the product, including any date codes and style numbers;

Devon - 00003

Answer:  Individual sheets of drywall contained the following statement: "MADE IN CHINA MEET OR EXCEEDS ASTM C1396 04 STANDARD."  In Shipment No. 1, drywall sheets were packaged in seven thousand one hundred thirty-three (7,133) bundles containing sixty-eight (68) sheets of drywall each.  Packaging on the outside of the bundles contained a logo stated as "Devon Building Products."

ii.  The date of manufacture;

Answer:  Between March 15, 2006 and May 31, 2006.  The exact dates of manufacture are unknown.

iii.  The location of manufacture, including the name of the gypsum mine, or other mine, if known;

Answer:  Unknown.

b.  The amount of product in the shipment;

Answer:  Shipment No. 1 contained 485,044 (+/-3%) sheets of drywall.  In the course of ocean transit from China to Pensacola, Florida, Shipment No. 1 was significantly damaged.  As a result of the damage, 255,680 sheets of drywall (3,760 bundles) were declared to be unusable, and 229,364 sheets of drywall (3,373 bundles) were determined to be available for sale.   Shipment No. 2 contained 658 sheets of drywall.  Shipment No. 3 contained 650 sheets of drywall.

c.  The retail price of the product;

Answer:  For Shipment No. 1, see Exhibit "A".  For Shipment No. 2, the wholesale price was $2.00 per sheet for a total sale price of $1,316.00.  For Shipment No. 3, the wholesale price was $4.27 per sheet for a total sale price of $1,024.80.

d.  The type or character of the product in the shipment including the dimensions, whether the product was synthetic or non-synthetic or a mixture of both, and the component materials of the product;

Answer:  The product was gypsum board.  The exact composition and component materials of the product are unknown.  The dimensions were 4' x 12' x 12.7mm.

e.  Identify the person or entity from whom you received the product;

Answer:  The manufacturer of the drywall was Shandong Taihe Dongxin Co., Ltd., Dawenkou, Daiye District, Taian City, Shandong Province, China 271026, phone: 86-538-8811449, fax:  86-538-8811323.  The product was purchased through a trading company, Shanghai Yu Yuan Import & Export Company, No. 19, Wenchang Road, Shanghai City, China, phone: 021-63550563.

2

i. The nature of the transaction by which you received the product such as importation, sale, consignment, etc;

Answer: Devon purchased the product in China and transported it to the United States.

ii. The date on which you received the product;

Answer: Devon received Shipment No. 1 at the port of Qingdao, China on or about May 1, 2006. Devon received Shipment No. 2 at the port of Qingdao, China on or about May 28, 2006. Devon received Shipment No. 3 at the port of Qingdao, China on or about June 1, 2006.

iii. The manner in which you transferred the product (e.g. ship, rail, truck, etc.) and the name, address, and telephone number of the carrier;

Answer: Shipment No. 1 was transported by ship from the port of Qingdao, China to the port of Pensacola, Florida by China National Chartering Corp., Beijing, China. Shipment No. 2 was transported by ship from the port of Qingdao, China to the port of Elizabeth, New Jersey by Mediterranean Shipping (address unknown). Shipment No. 3 was transported from the port of Qingdao, China to Chicago, Illinois by ship and rail (carrier unknown).

f. Identify the person or entity to or for whom you sold, distributed, purchased, transferred, delivered, installed, or imported the product;

Answer: For Shipment No. 1, see Exhibit "A". Shipment No. 2 was sold to Associated Auctioneers, 2400 E. Tioga Street, Philadelphia, PA 19134. From Shipment No. 3, 240 sheets of drywall were sold to Greenwood Products, Inc., 15895 SW 72nd Avenue, Portland, Oregon 97224. The remaining 410 sheets of drywall from Shipment No. 3 remain unsold.

i. The nature of the transaction by which you sold, distributed, purchased, transferred, delivered or installed the product;

Answer: The products in all three Shipments were sold to distributors or wholesalers, except for 2,380 sheets of drywall from Shipment No. 1 that were sold to individuals via ebay.

ii. The date on which you sold, distributed, purchased, transferred, delivered, installed, or imported the product;

Answer: For Shipment No. 1, see Exhibit "A". Shipment No. 2 was sold to Associated Auctioneers on or about December 8, 2006. From Shipment No. 3, 240 sheets of drywall were sold to Greenwood Products on or about July 7, 2006.

3

Devon - 00005

iii.  The manner in which you transferred the product (e.g. ship, rail, truck, etc.) and the name, address, and telephone number of the carrier.

Answer:  For Shipment No. 1, see Exhibit "A".  For Shipment No. 2, Associated Auctioneers received possession of the drywall at the marine terminal or warehouse in New Jersey.  For Shipment No. 3, Greenwood Products received possession of the drywall at the warehouse of PacTrans Air & Sea, Inc. in Elk Grove Village, Illinois.

4.    Provide all documents and records related to the transactions identified in Request No. 3.

Answer:  See documents attached hereto as Exhibit "B".

5.    Provide the following:

a.  Address(es) where you currently store and maintain any drywall imported from China, and identify the person(s) who supervises your drywall inventory at that location(s).

Answer:  For Shipment No. 3, the unsold 410 sheets of drywall are in the possession and control of PacTrans Air & Sea, Inc., 950 Thorndale Avenue, Elk Grove Village, Illinois, 60007, phone 847-766-9988, fax 847-766-9020.

b.  Amount of drywall imported from China currently in your inventory?

Answer:  None.

6.    Identify any communication your firm has had with any Chinese manufacturer, distributor or exporter, either through a representative in China or outside of China, about the product or the drywall problem?  For any such communication, state:

a.  The identity of any person or entity involved in such communication;

Answer:  Devon has not had any communication with the manufacturer regarding the "drywall problem."  Devon communicated with the manufacturer regarding the purchase of the drywall.  Devon's representatives were Robert Scharf and Julian Chu.

b.  The date of any such communication;

Answer:  Between January 2006 and May 2006, Devon had numerous communications regarding the purchase of the drywall.

c.  The substance of any such communication; and

4

Answer:  Purchase of the drywall.

    d.  If your communication related to a purchase of product, describe the process by which your firm made the transaction including:

        i.  Is the product manufactured to your firm's requested specification?

        Answer:  Yes.

        ii.  Does your firm place the order from a catalog?

        Answer:  No.

7.      Provide all documents and records related to the communications identified in Request No. 6.

    Answer:  See the documents attached hereto as Exhibit "C".

8.      Identify any persons or entities other than your firm who sold, offered for sale, manufactured for sale, distributed in commerce, purchased, transferred, delivered, installed, or imported any product during the relevant time frame.

    Answer:  None.

9.      Identify all complaints or claims of any sort related to the drywall problem including but not limited to, warranty or insurance claims, legal actions, repair, refund, or injury claims, comments related to quality or conformity of the drywall, or customer complaints, made by your firm, or received by your firm, including any internal complaints or claims, in any manner.  Include information related to any such complaint or claims received by your firm from any person or entity identified in your response to Request Nos. 3 or 8. For each such complaint or claim, provide:

    Answer:  Devon has been advised by its customer, North Pacific Group, Inc., of several potential Chinese drywall claims.  No direct claims have been made against Devon.

    a.  The identity of any person or entity making such complaint or claim;

    Answer:  1.  ENAP, Inc., 555 Hudson Valley Avenue, Suite 200, New Windsor, NY 12553-5509.  2. Adams Homes (address unknown).

    b.  The person or entity receiving such complaint or claim;

5

Answer:  North Pacific Group, Inc.

c.   The date of such complaint or claim;

Answer:  Devon was advised on or about June 9, 2009 regarding the claim by ENAP.  With regard to the Adams Homes claim, Devon was first advised on or about April 1, 2009.

d.   The substance of such complaint or claim;

Answer:  Apparent odor problems and suspected corrosion of wiring.

e.   The means of communication of such complaint or claim; and

Answer:  Devon was advised by email.

f.   All actions taken in response or the resolution of any such complaint or claim.

Answer:  None by Devon.


10.   Provide all documents and records related to the complaint or claims identified in Request No. 9.

Answer:  See the documents attached hereto as Exhibit "D".

Devon - 00008

# EXHIBIT A

Devon - 00009

## EXHIBIT A

1.      Product from Shipment No. 1 was sold to the following purchasers:

a.      North Pacific Group, Inc.
        10200 S.W. Greenburg Road
        Portland, OR 97233
        Ph:  503-231-1166

        Dates of Purchase:  8/1/2006 to 9/5/2006.

        Amount Purchased:  27,195 sheets (approximate).

        Price:  $8.50 per sheet.
        Total payments received from North Pacific equaled $231,158.39.

        Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of
        Pensacola.


b.      Mazer Discount Home Center
        2 South 41st Street
        Birmingham, AL 55222-1929
        Ph:  205-595-5521

        Dates of Purchase:  8/9/2006 to 5/7/2007

        Amount Purchased:  84,121 sheets (approximate).

        Price:  6,188 sheets at $9.00 per sheet and 248,234 sheets (approximate) at $3.50
        per sheet.  Total payments received from Mazer equaled $294,426.

        Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of
        Pensacola.


c.      Gulf Coast Shelter
        P.O. Box 1372
        Fairhope, AL 36533
        Ph:  866-517-1240

        Dates of Purchase:  12/14/2006 to 5/31/2007

        Amount Purchased:  132,685 sheets (approximate)

Price: $4.00 per sheet.
    Total payments received from Gulf Coast equaled $530,740.

Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.


d.       Caremia Builders, LLC
          P.O. Box 6482
          Slidell, LA 70469

          Date of Purchase: 4/17/2007

          Amount Purchased:  476 sheets.

          Price:  $2,000 (total purchase).

          Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.


e.       Maga Material Supply, Inc.
          542 McGuire Road
          Pelham, AL 35124

          Date of Purchase: 4/27/2007

          Amount Purchased:  476 sheets.

          Price:  $476 (total purchase).

          Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.


f.       Omega Steel Co.
          10 Washington Street
          Madison, Illinois 62060

          Date of Purchase: 3/9/2007

          Amount Purchased:    476 sheets.

          Price:  $2,000 (total purchase).

Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.

g.   Charles Nicholas
     Address Unknown

     Date of Purchases:  4/9/2007 and 4/27/2007

     Amount Purchased:  2,856 sheets.

     Price:  $15,535 (total purchase).

     Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.

h.   Sharkey Sales
     Address Unknown

     Date of Purchase:  4/25/2007

     Amount Purchased:  952 sheets.

     Price:  $3,808 (total purchase).

     Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.

i.   Rick Stockett
     Address Unknown

     Date of Purchase:  4/25/2007

     Amount Purchased: 476 sheets.

     Price:  $1,904 (total purchase).

     Manner of Transfer:  Product delivered to Buyer or Buyer's carrier at the Port of Pensacola.

j.   Between 3/16/2007 and 4/22/2007, Devon sold approximately 2,380 sheets of drywall to five individuals via ebay.  The sales were in lots of 476 sheets each. The sale price for each lot was $2,000. These purchases were made by the

following individuals:  Brian Yarbor, 5579 Douglas Ferry Rd., Caryville, FL 32427 on 3/16/2007; Tommie Jones, Airport Firehouse, 900 Airline Highway, Kenner, LA 70062 on 3/29/2007; Timothy Ducey, 128, N. 82nd Street, Belleville, IL 62223 on 4/5/2007; Phillip Tencer (address unknown) on 4/12/2007; and Emily Peterson (APS Elevator Company, Inc.) (address unknown) on 4/22/2007. Devon believes that the Buyers picked up their purchases at the Port of Pensacola.

# EXHIBIT B

*To 516-599-8228*
*Bob Scharf*
*2 pages*



DEVON INTERNATIONAL TRADING

## Order Request (PO# D0603019)

**From:**  Devon International Trading, Inc
Devon Building Products
1100 First Ave, Suite 100
King of Prussia, PA 19406
Ruth Wu/U.S. office          610-757-4103  (Phone)
                             610-930-4035 (Fax)
Julian Chu/Shanghai office   21-62717110 x115 (phone)
                             21-62716166 (fax)

**To:**  Shandong Taihe Dongxin Co.,Ltd.
Dawenkou, Daiyue District, Taian City, Shandong Province. China  271026
                             86-538-8811449 (phone)
                             86-538-8811323 (fax)

**Date:**          March 15, 2006

**Description:**   485,044 (+/-3%) sheets of Drywalls
**Quantity:**      4 ft (W) x 12 ft (L), **12.7 mm (thickness)** per sheet, **tapered**
                   No more than 94.50 lbs per sheet,
                   please see the attached documents for more product specs
                   EXW $3.05 per sheet
                   Total: $1,479,384.20

**Packaging**      <u>Per Sheet:</u>
**requirements:**  4'(W) x 12' (L) x 12.7mm  (thickness) per sheet
                   93.6 lbs (the less the better) per sheet,

                   <u>Per Bundle:</u>
                    68 sheets per bundle,
                   1.24m(W)x 3.68m(L)x 0.989m(H), 4.513 CBM per bundle including pallet
                   Total: 7133 bundles, 3.25 Metric Tons/bundle, 3.575 short tons/bundle

                   *Drywalls are bundled by metal bands, covered by carboards on
                   all sides, bundled by metal bands again,
                   Wooden feet are added to palletize each bundle.
                   Devon Building Product logo to be imprinted on the cardboards

**Shipipng**       Breakbulk
**Method:**

**Destination:**   ~~Mobile, Alabama~~ *Pensacola, FL Ruth Wu*

**Latest shipping**  All cargo should be ready at the port by April 10-15, 2006
**date:**

**Consignee:**     Devon International Trading, Inc
                   1100 First Ave, Suite 100, King of Prussia, PA 19406

06/09/2009   09:37   6102637999                PAUL CROWLEY                PAGE   06

07/07 2005 18:44 FAX 86 21 62716166         DEVEN INC                              ☑ 001

*To: Ruth:   3 pages.   Julian.*

To Messrs.

储 货 确 认 书

## SALES CONFIRMATION

No. 06JYUN-DEV001

Date. MAR 30,2006

For account of:

**Devon International Trading , Inc**
**1100 First Ave, Suite 100, King of Prussia, PA 19406**

兹确认售与下列货品，其条件如次如下：
We hereby confirm having sold the following goods on
terms and conditions as specified below:

Your Cable/Letter/Indent:

| （1） 货名及规格及麦头 Name of Commodity, Specifications and Shipping Mark | （2）数 量 Quantity | （3）单 价 Unit Price | （4）总 值 Total Amount |
|---|---|---|---|
| | | | **FOB SHANGHAI** |
| Drywalls | 485044 sheets | usd 2.99 | USD 1450281. 56 |
| 4 ft (W) x 12 ft (L), 12.7mm(thickness) | | | |
| 93.60 lbs per sheet (no more than 94.50 lbs) | | | |
| 68 sheets per bundle, total: 7133 bundles | | | |
| bundled by metal bands, covered by carboards | | | |
| *tapered* | | | |
| | | | USD 1450281. 56 |

**(5)** 装 运 期 限
Time of Shipment:

☐ 比期装运
Within _____ days after receipt of L/C

☑ 30% shipment should be ready at the port within 15 days after 30% T/T payment received
35% shipment should be ready at the port within 15 days after next 35% T/T payment received
Surplus products should be ready at the port within 15 days after all remain payment received

**(6)** 付 款 条 件
Terms of Payment:

**Pensacola, FL**

☐ 凭保兑的不可撤销的信用证 ... 须在装运前 ... 日以不可撤销即期信用证并须于上月 ... 日前送达卖方，并须注明于装运后 ... 日在中国议付有效。
By 100% Confirmed, Irrevocable Letter of Credit to be opened before _____ and to be available
by sight draft, to remain valid for negotiation in China until the 15th day after the Date of shipment, allowing transshipment and
partial shipment, mentioning relative S/C number.

☑ **T/T PAYMENT**

**(7)** 保 险
Insurance:

☑ 由卖方按发票金额加一成投保。 By Seller
Covers all risks and war risk or overland transportation all risks.

☐ 由买方自理。
To be effected by the Buyer.

**(8)** 仲 裁
Arbitration:

☐ 凡因执行本约或有关本约所发生的一切争执，双方应以友好方式协商解决；如果协商不能解决，则应提交中国国际经济贸易仲裁委员会，根据该会的仲裁规则进行仲裁，仲裁裁决是终局的，对双方都有约束力。
All disputes arising from the execution of or in connection with this contract, shall be settled amicably through friendly negotiation. In case no
settlement can be reached through negotiation, the case shall then be submitted to China International Economic and Trade Arbitration
Commission Shanghai Commission for arbitration in accordance with The Rules of Arbitration of China International Economic & Trade
Arbitration Commission. The award rendered by the said commission shall be final and binding upon both parties.

**(9)** 对未能于上述规定时间内，申请本确认书所指之项目，卖方...

The Buyer shall establish the covering Letter of Credit before the above-stipulated time, failing which the Seller reserves the right to rescind without
further notice, or to accept whole or any part of this Sales Confirmation non-fulfilling by the Buyer, or to lodge a claim for direct losses sustained, if any.

**(10)** 凭T/T条件之贸易，如发生货价比公司所订保费超过110%之风险另行投保所增费用须由买方负担，额需卖方在装运前获得买方同意。

For transactions transacted on C.I.F. basis. It is understood that the insurance amount will be for 110% of the invoice value against the risks specified in
the Sales Confirmation. If additional insurance amount or coverage is required, the Buyer must have the consent of the Seller before shipment, and the
additional premium is to be borne by the Buyer.

**(11)** 品质/数量异议：如在品质方面，买方须于货到目的港之日起30天内提出，凡涉及数量异议，买方须于货到目的港之日起15天内提出。对特定货物如保险公司，
轮船公司等其他有关运输机构所负责者，卖方不负任何责任。

QUALITY/QUANTITY DISCREPANCY: In case of quality discrepancy, the Buyer should claim within 30 days after the arrival of the goods at port of
destination; while for quantity discrepancy, the Buyer should claim within 15 days after the arrival of the goods at port of destination. It is understood that
the Seller shall not be liable for any discrepancy of the goods shipped due to the causes for which the Insurance Company, Shipping Company, other
transportation organization, or Post Office is liable.

**(12)** 卖方对因不可抗力而引起的货物交货全部或部分的延误或不能交货不负任何责任。
The Seller shall not be held liable for failure or delay in delivery of the entire lot or a portion of the goods under this Sales Confirmation in consequence of
any Force Majeure incident.

**(13)** 买方于收到本确认书后应立即返回签字的副本一份。如有异议，应于收到后 ... 日内提出，否则即认为买方已接受本确认书的条款和条件。
The Buyer is required to return one copy of this Sales Confirmation immediately after receipt of the same. Objection, if any, should be raised by
the Buyer within _____ days of this Sales Confirmation. In the absence of which it is understood that the Buyer has accepted the terms and
conditions of this Sales Confirmation.

**(14)** 本确认书之效力、解释、... 签字以及盖章为准，特别是本确认书中有关...
The effectiveness of the contract is subject to the Seller's signature as well as the seal that is stamped by the representative especially for the Sales
Confirmation.

买方确认盖章
Confirmed by the Buyer:

卖方确认盖章
Confirmed by the Seller:

Devon - 00016

# Order Contract
### (Translation)

Supplier: Taian City Taishan Gypsum Board Inc
Buyer: Shanghai Yu Yuan Import & Export Company

Contract Number:
Location:

1. Product name, specs, quantity and amount:

| Product Name | Specifications (unit: mm) | Quantity (unit: sheet) | EXW unit price (yuan/sheet) | Total Amount (unit: RMB yuan) |
|---|---|---|---|---|
| Regular gypsum board | 3660x1220x12.7 | 485044 | 26.30 | ¥12756657.20 |
| Total Amount: Twelve Million Seven Hundred Fifty Six Thousand Six Hundred and Fifty Seven 20/100 Yuans | | | | |

2. Quality Standard: Use United States' ASTM C36 and C1396 as production standards to enforce strictly. Every piece of drywall board is imprinted "Made in China Meet or Exceeds ASTM C1396 04 Standard". Also the packaging has shipping mark to include logo provided by U.S. Devon company and the related specs information (see point 4 in this contract). Each of the two sides of the drywalls needs a 40-50 mm wedge-shaped edge.  Each board weights less than 42 kg, thickness allowance 0 to -0.4mm.

3. Packaging requirement: Every two pieces' shorter sides (1220mm) need white paper without imprint to seal them. Use plywood-made pallet base. Each pallet loads 68 sheets. Every bundle of drywalls needs two layers of plastic film to wrap it up well. 6 sides of the bundle use drywalls and use metal band to wrap the bundle up.

4. Shipping mark: On the package it should imprint buyer's designated shipping mark.

Devon Company Logo:



Buyer's designated shipping mark:

| Shipping Marks:  L/C-022006 | |
|---|---|
| **Goods Name:**  GYPSUM BOARD | |
| **Size:** 1220×3660×12.7mm | |

Devon - 00017